Franklin Levy (BBO# 297720)
Ryan Ciporkin (BBO# 667479)
Michele A. Hunton (BBO# 667766)
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
(617) 439-4990

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV |
| **This Document Relates To:**<br><br>*Stout, et. al. v. New England Compounding Pharmacy, Inc., et. al.*, No. 13-cv-10167 | |

**MOTION OF DEFENDANT ALAUNUS PHARMACEUTICAL, LLC TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant, Alaunus Pharmaceutical, LLC ("Alaunus"), by and through its counsel, hereby moves the Court to dismiss Plaintiff's Complaint in its entirety or, in the alternative, to dismiss all claims against Alaunus, for failure to state a claim upon which relief may be granted.

Plaintiff, Julia Stout, as Personal Representative of the Estate of James Robert Stout, individually and on behalf of others similarly situated, brings this product liability action against New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), Ameridose, LLC ("Ameridose"), Alaunus Pharmaceutical, LLC ("Alaunus"), Medical Sales Management, Inc. ("MSM"), Gregory Conigliaro, Douglas Conigliaro, Carla Conigliaro, Barry J. Cadden, Lisa Cadden, and Glenn Chin. Plaintiff's Complaint asserts various causes of action

1

collectively against the Defendants arising out of alleged injuries suffered by Mr. Stout as a result of exposure to an allegedly contaminated steroid product, methylprednisolone acetate ("MPA"), compounded by NECC.  Plaintiff's Complaint is in eight (8) counts: Count I – Negligence; Count II – Negligent Infliction of Emotional Distress; Count III – Breach of Express and Implied Warranties; Count IV – Battery; Count V – Failure to Warn; Count VI – Loss of Consortium; Count VII – Limited Fund Constructive Trust; and, Count VIII – Wrongful Death.

As set forth in Alaunus' Memorandum in Support of Its Motion to Dismiss, which was filed contemporaneously with this Motion, the Complaint should be dismissed for multiple reasons.  As an initial matter, all of the allegations against Alaunus are merely conclusory assertions and the Complaint does not provide Alaunus with adequate notice of the factual basis of the liability asserted. The statement in the Complaint that Alaunus "is a pharmaceutical development company that distributes pharmaceutical products manufactured, compounded, packaged, and sold by Defendants NECC and Ameridose," *Pl. Compl.* at ¶ 11, is not a "fact" which must be taken as true on a 12(b)(6) motion because it is merely a formulaic recitation of the definition of a "manufacturer" and "seller" under the IPLA and the Complaint does not contain any factual allegations *showing* that Alaunus is a "manufacturer" or "product seller" within the meaning of the statute.  Plaintiffs do not plead sufficient facts, as opposed to conclusory assertions, to show that Alaunus is vicariously liable for NECC's alleged tortious conduct under an alter-ego liability theory. Each Complaint impermissibly "lumps" NECC, Ameridose, MSM, and Alaunus together and therefore does not provide those defendants with notice as to the specific basis of liability asserted against each individual defendant.

Moreover, the factual content in the Complaint, when taken as true, does not give rise to a plausible inference of liability against Alaunus.  There is a true conflict of laws and Indiana law governs because that is the place where the injury occurred and Massachusetts does not have a more

2

significant relationship to the underlying product liability claims in this case.  Any claim that Mr. Stout may have had against Alaunus under Indiana's Product Liability Act ("IPLA") had he survived fails because Plaintiff has not shown that Alaunus is a "manufacturer" or "seller" of the MPA product as defined under the IPLA, or had any involvement whatsoever in that products' compounding, distribution, or marketing. The common law claims for negligence, negligent infliction of emotional distress, breach of express and implied warranties, battery, failure to warn, and loss of consortium are subsumed under the IPLA, and may not be sustained as separate actions against an alleged "manufacturer" or "seller."  Even if those claims are not subsumed under the IPLA (which they are), the Complaint fails to plead sufficient facts to establish a viable claim under any of those theories of liability.  In any event, any product liability claim that accrued in favor of Mr. Stout terminated at his death under Indiana's Survival Act, leaving Mrs. Stout with a claim under Indiana's General Wrongful Death Act.  Given that the Complaint fails to state any viable claim against Alaunus on behalf of the decedent, the loss of consortium and wrongful death claims should be dismissed because Mrs. Stout's claim for damage to the marital relationship is derived from the failed claims asserted by the decedent against Alaunus and the Complaint does not show that Mr. Stout's death was caused by a wrongful act or omission by Alaunus.  Similarly, the claim for establishment of a limited fund constructive trust fails because there is no showing of any fraud, breach of fiduciary duty, or any other wrongful conduct by Alaunus.  Finally, the claim for class certification fails for lack of predominance of factual and legal issues.

    For these reasons, the Plaintiff's Complaint fails to state a claim and should be dismissed in its entirety, or at the very least as to Alaunus, pursuant to Fed.R.Civ.P. 12(b)(6).

|  |  |
|---|---|
| Dated:   February 25, 2013 | Alaunus Pharmaceutical, LLC, <br> By its Attorney, <br><br> */s/ Ryan Ciporkin* <br> _____ <br> Franklin Levy (BBO# 297720) <br> Ryan Ciporkin (BBO# 667479) <br> Michele A. Hunton (BBO# 667766) <br> Lawson & Weitzen, LLP <br> 88 Black Falcon Ave, Suite 345 <br> Boston, MA 02210 <br> Tel: (617) 439-4990 <br> flevy@lawson-weitzen.com <br> rciporkin@lawson-weitzen.com <br> mhunton@lawson-weitzen.com |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on February 25, 2013 using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Ryan Ciporkin*

Franklin Levy (BBO# 297720)
Ryan Ciporkin (BBO #667479)
Michele A. Hunton (BBO# 667766)
Lawson & Weitzen, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
Tel: (617) 439-4990
flevy@lawson-weitzen.com
rciporkin@lawson-weitzen.com
mhunton@lawson-weitzen.com