UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br><br>*Hartman, et. al. v. New England Compounding Pharmacy, Inc., et. al.*, No. 13-cv-10374-FDS | MDL No. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV |

**ALAUNUS PHARMACEUTICAL, LLC'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Alaunus Pharmaceutical LLC ("Alaunus"), by and through its counsel, hereby files this Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Harold and Catherine Hartman.

The methylprednisolone acetate ("MPA") product, around which this litigation revolves, is an injectable steroid often used for pain management, is only available to licensed healthcare providers, and was compounded and distributed by New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") in Framingham, Massachusetts.  On September 26, 2012, NECC initiated a nationwide recall of the MPA product after the Food and Drug Administration ("FDA") and the U.S. Centers for Disease Control and Prevention ("CDC") investigated multiple state reports of fungal meningitis among patients whom received an epidural steroid injection from one of three lots of MPA compounded in 2012 at NECC.  NECC voluntarily ceased operations, surrendered its license to the Massachusetts Board of Registration in Pharmacy on October 3, 2012, and subsequently initiated a voluntary recall of all its products.  On December 21, 2012, NECC filed for bankruptcy.

On December 7, 2012, Plaintiffs Harold and Catherine Hartman, husband and wife (collectively the "Plaintiffs" or the "Hartmans"), filed the original complaint that commenced this

products liability action against NECC, Alaunus, Ameridose, LLC ("Ameridose"), Gregory Conigliaro ("Conigliaro"), and Barry Cadden and Lisa Cadden (collectively the "Caddens") arising out of alleged injuries suffered by Mr. Hartman from an injection of MPA that Plaintiffs suspect was contaminated with a fungal agent and which they believe was manufactured and/or distributed by NECC (the "Original Complaint"). *See Hartman v. New England Compounding Pharmacy, Inc., et. al.,* District of Massachusetts Civ. No. 13-10374-FDS [Doc No. 1]. Plaintiffs' Original Complaint asserted seven (7) causes of action collectively against the Defendants: Count I – Strict Liability - Defective Design or Manufacture; Count II – Strict Liability - Failure to Warn; Count III – Negligence; Count IV – Breach of Warranties; Count V – Punitive Damages; Count VI – Alter-Ego, Joint Venture Liability; and, Count VII – Loss of Consortium. *Id*., generally. The primary claims belong to Mr. Hartman; Mrs. Hartman is named as a consortium plaintiff only.

On January 3, 2013, this case was removed to the U.S. District Court for the Northern District of Indiana by some of the co-defendants. [Doc No. 2]. Alaunus filed a Motion to Dismiss the Original Complaint on February 6, 2013 [Doc Nos. 20 and 21]. In response to Alaunus' Motion to Dismiss, Plaintiffs filed their FAC on February 21, 2013 [Doc No. 22]. Like the Original Complaint, the FAC asserts four (4) counts collectively against the Defendants including: Count I – Alter Ego/ Joint Venture Liability; Count II – Strict Liability – Defective Manufacture; Count III – Negligence; and, Count IV – Loss of Consortium. Unlike the Original Complaint, however, the FAC does not assert claims for strict liability based on an alleged defective design, strict liability based on an alleged failure to warn, breach of express and implied warranties, or punitive damages. No objection having been filed by the Plaintiffs, this case was transferred to the District of Massachusetts for consolidation with the other related actions in MDL No. 2419 pursuant to Conditional Transfer Order No. 1 issued by the Joint Panel on Multi-District Litigation on February 25, 2013 [Doc Nos. 23 and 24].

Plaintiffs' FAC fails to cure the deficiencies in the Original Complaint and should be dismissed for substantially the same reasons asserted in Alaunus' initial Motion to Dismiss. Plaintiffs do not plead sufficient facts to show that Alaunus is vicariously liable for NECC's alleged tortious conduct under an alter-ego or joint venture liability theory. The FAC impermissibly "lumps" NECC, Ameridose, and Alaunus together and therefore does not provide those defendants with notice as to the specific basis of liability asserted against each individual defendant.  Any claim by the Plaintiffs against Alaunus under Indiana's Product Liability Act ("IPLA") fails because they have not shown that Alaunus is a "manufacturer" or "seller" of the MPA product as defined under the IPLA, or had any involvement whatsoever in that products' compounding, distribution, or marketing. The common law claims for strict liability, negligence, and loss of consortium are subsumed under the IPLA, and may not be sustained as separate actions against an alleged "manufacturer" or "seller."  For the reasons more fully set forth in Alaunus' memorandum in support of this Motion to Dismiss, which has been filed contemporaneously herewith, the FAC should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim against Alaunus.

Respectfully Submitted,
Alaunus Pharmaceutical, LLC,
By its Attorney,

Dated:   March 6, 2013

*/s/ Ryan Ciporkin*
_____
Franklin Levy (BBO# 297720)
Ryan Ciporkin (BBO# 667479)
Michele A. Hunton (BBO# 667766)
Lawson & Weitzen, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
Tel: (617) 439-4990
flevy@lawson-weitzen.com
rciporkin@lawson-weitzen.com
mhunton@lawson-weitzen.com

3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on March 6, 2013 using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Ryan Ciporkin*

Franklin Levy (BBO# 297720)
Ryan Ciporkin (BBO #667479)
Michele A. Hunton (BBO# 667766)
Lawson & Weitzen, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
Tel: (617) 439-4990
flevy@lawson-weitzen.com
rciporkin@lawson-weitzen.com
mhunton@lawson-weitzen.com