UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 1:13-md-2419-FDS |
| This Document Relates to:<br>    All Cases | |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES | Master Docket No. 12-12052-FDS |
| This Document Relates to<br>    All Cases | |

**MEMORANDUM OF LAW IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION TO TRANSFER PERSONAL INJURY TORT AND WRONGFUL DEATH CASES TO THIS COURT PURSUANT TO 28 U.S.C. §§ 157(b)(5) AND 1334**

Paul D. Moore, the Chapter 11 Trustee for the Estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), hereby files this memorandum of law in support of his motion for entry of an order transferring to this Court the personal injury and wrongful death cases identified on Exhibit A hereto (the "Pending Actions"), pursuant to 28 U.S.C. §§ 157(b)(5) and 1334 (the "Motion").[1]  In support of the Motion, the Trustee states as follows:

---

[1]  The Pending Actions include lawsuits filed against NECC, its shareholders, directors, officers, employees, and other third parties (some of which are related to or affiliated with NECC), and include the following categories of lawsuits: (1) lawsuits pending in federal courts which have not been transferred to the multidistrict forum (listed on Exhibit A1); (2) lawsuits pending in state courts which are in the process of being removed to federal courts pursuant to 28 U.S.C. §§ 1441 and /or 1452(a) (listed on Exhibit A2); and (3) lawsuits pending in state courts for which a notice of removal has not yet been filed (listed on Exhibit A3).  The Pending Actions also include lawsuits which do not name NECC as a defendant, but which name as defendants: (a) parties related to NECC; (b) parties which may have indemnification and/or contribution claims against NECC; and/or (c) parties against which NECC may have claims to recover damages for the benefit of creditors of NECC's estate (lawsuits within categories (a) – (c) are listed on Exhibit A4).

## INTRODUCTION

Pursuant to § 157(b)(5), the Trustee seeks to transfer to this Court the Pending Actions, which are at the very heart of the Debtor's bankruptcy case (the "Bankruptcy Case"). Each of the Pending Actions involves claims based upon allegations that: (1) contaminated pharmaceuticals (*e.g.* injectable steroid methyl-prednisolone acetate) (the "Compounds") were compounded, tested, marketed and/or distributed by NECC and other third parties; and (2) the Compounds caused personal injury or death. These personal injury and wrongful death claims represent the vast majority of all the claims against the Debtor's estate. The orderly and efficient resolution of these claims is essential to the Trustee's ability to formulate and effectuate a chapter 11 plan that treats all of the claimants of the Debtor equitably, irrespective of whether a particular claimant filed a lawsuit against the Debtor. In transferring a number of personal injury and wrongful death actions to the multidistrict litigation pending in this Court relating to the Debtor, *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, 13-md-2419-FDS (D. Mass.) (the "NECC MDL"), the Judicial Panel on Multidistrict Litigation (the "JPML") has already expressly recognized that it is in the best interests of litigants to have all of such personal injury actions consolidated in one forum.

The Trustee submits that the appropriate forum for all such matters is this Court. Transfer to this Court would further § 157(b)(5)'s explicit congressional purpose of: (1) centralizing the adjudication of claims against the estate; (2) furthering the efficient administration of the Debtor's estate; (3) ensuring that the Pending Actions are resolved in an expeditious manner that minimizes the burden on the Debtor's estate and the related costs of administering the estate, thereby conserving the Debtor's limited assets and ensuring that similarly situated creditors are treated equitably. Further, centralization of the Pending Actions

in this Court will facilitate opportunities for an efficient, expeditious and economical resolution of the Pending Actions for the benefit of the Debtor's tort claimants and other creditors.[2] Transfer of the Pending Actions to this Court will not affect any substantive rights that the plaintiffs or other non-Debtor parties have or assert in their Pending Actions.  All plaintiffs and other parties will have their day in court.

As will be discussed further below, the mandatory language embodied in § 157(b)(5) creates a strong presumption in favor of transferring the Pending Actions.  While some courts have held that principles of permissive abstention may have some limited application to the § 157(b) analysis, permissive abstention is inappropriate as to any of the Pending Actions.  Indeed, even the Pending Actions that do not identify NECC as a defendant should be transferred because this Court has jurisdiction over such actions pursuant to § 1334 and transfer is otherwise appropriate.[3]

---

[2]  For example, in connection with *In re: Twinlabs Personal Injury Cases*, No. 03 Civ. 9169 (S.D.N.Y) ("*Twinlabs*"), and the *Twinlabs* related Chapter 11 Case, *In re TL Administration Corporation*, No. 03-15564 (Bankr. S.D.N.Y.), centralization of the personal injury and wrongful death cases concerning or relating to the debtor in the district court pursuant to § 157(b)(5) allowed the district court to enter orders and case procedures which facilitated and resulted in a Chapter 11 plan that satisfactorily and globally resolved all under- or non-insured personal injury and wrongful death cases against the debtor and the non-debtor co-defendants to those actions.  *See In re: Twinlabs Personal Injury Cases*, No. 03 Civ. 9169, 2004 WL 435083 (S.D.N.Y. Mar. 8, 2004) ("*Twinlabs II*") (transferring "related to" cases – cases where the debtor was not a named party but which had a conceivable effect on the bankruptcy estate – to the Southern District of New York per § 157(b)(5)); *Alcantar v. Twin Laboratories, Inc. (In re Twin Laboratories, Inc., et al.)*, 300 B.R. 836, 840-41 (S.D.N.Y. 2003) ("*Twinlabs I*") (transferring cases against debtor  to the Southern District of New York per § 157(b)(5)); Case Management Order No. 1 ¶¶ VI, VII, VIII, *In re: Ephedra Products Liability Litigation*, 04 M.D. 1598, Doc. No. 17 (S.D.N.Y. Apr. 27, 2004) (providing for, *inter alia*, partial withdrawal of the reference, claims centralization and information procedures, and temporary stay of proceedings and order of mediation in aid of global mediation of subject cases against debtor and non-debtors), attached hereto at Exhibit B; *In re TL Administration Corporation*, No. 03-15564, Doc. Nos. 787, 846 (Bankr. S.D.N.Y. June 3, 2005 & July 27, 2005) (First Amended Plan of Reorganization and Order Confirming same), attached hereto as Exhibit C.

[3]  By filing this Motion, the Trustee does not seek to waive or in any way modify the automatic stay that applies to the Pending Actions under 11 U.S.C. 362.  Further, the filing of this Motion is without prejudice  to any position that the Trustee may take regarding whether 11 U.S.C. §§ 105 and 362 operate to stay any Pending Action or to render null and void the post-petition filing of any Pending Action.

# BACKGROUND

On December 21, 2012 (the "Petition Date"), the Debtor commenced the Bankruptcy Case by filing with the Bankruptcy Court a voluntary petition seeking relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  Thereafter, on January 24, 2013, the Bankruptcy Court entered an order authorizing the appointment of a Chapter 11 Trustee.  On January 25, 2013, Paul D. Moore was appointed as the Chapter 11 Trustee of the Debtor's estate.

Prior to the Petition Date, NECC claims it operated as a compounding pharmacy which combined and mixed ingredients to create specific formulations of pharmaceutical products.  Since then, numerous individuals across the country were stricken with fungal meningitis (the "Outbreak").  The Centers For Disease Control and Prevention ("CDC") advises that, as of March 4, 2013, 48 people had died and over 720 individuals had fallen ill.[4]  The CDC's investigation is ongoing, and further deaths and illnesses continue to be reported.  Indeed, the tally of illnesses and deaths increased since last week.  As of February 25, 2013, 714 illnesses and 48 deaths had been reported.  As of February 18, 2013, 707 illnesses and 47 deaths had been reported.[5]

NECC avers that the CDC attributes the Outbreak of fungal meningitis to contaminated Compounds distributed by NECC.  NECC represents that, in early October, it initiated a nationwide recall of thousands of vials of the Compounds and ceased operation.

Upon information and belief, as of late January 2013, at least 170 lawsuits against NECC

---

[4] Reported at http://www.cdc.gov/HAI/outbreaks/meningitis-map-large.html#casecount_table (last visited on March 6, 2013).

[5] The CDC updates the count of cases of reported illnesses and deaths on the Monday of each week.

had been filed in state and federal courts across the country in connection with the Outbreak. Since then, the number of lawsuits has increased to at least 180. In addition, NECC has received demands from over 300 additional claimants asserting injury from the contaminated pharmaceuticals, most, if not all, of which likely will lead to further suits. A number of the personal injury and wrongful death claims have already been transferred to this Court for pretrial purposes pursuant to 28 U.S.C. § 1407. For pretrial purposes, such cases have been consolidated in the NECC MDL.

NECC claims it filed the Bankruptcy Case in response to the volume and wide geographic distribution of cases it claims it confronts in order to forge, as was successfully done in *Twinlabs* and in other bankruptcy cases predominated by personal injury and wrongful death cases,[6] a consensual, comprehensive and global resolution of these claims pursuant to a plan establishing a compensation fund for affected claimants based on agreements to be reached among them, the Debtor, its insurers and other non-Debtor parties with potential liability for claims asserted in the cases.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The statutory bases for the relief requested are set forth in 28 U.S.C. § 157(b)(5).

## ARGUMENT

### A.     Transfer of the Pending Actions to This Court Is Appropriate.

Section 157(b)(5) provides that, when a bankruptcy case is pending, the district court in which such case is pending shall order that related personal injury tort and wrongful death claims shall be tried in such district court or in the district court in the district in which the claim arose.

---

[6] *See N.V.E., Inc.* (Bankr. D.N.J.) Case No. 05-35692; *Metabolife Int'l Inc.* (Bankr. S.D. Cal.) Case No. 05-06040; *Muscletech Research and Development, Inc.* (Ont. S.C.J., Court File No 06-CL-6241), recognized as foreign main proceeding under Chapter 15, Case No 06-10092 (Bankr. S.D.N.Y).

11 U.S.C. § 157(b)(5).[7]  A debtor may therefore move to transfer such personal injury tort and wrongful death claims to one of two venues: (1) the district where the bankruptcy is proceeding; or (2) the district where the claim arose.  *In re Pan Am Corp.*, 16 F.3d 513, 516 (2d Cir. 1994) ("*Pan Am II*") (citations omitted); *accord In re Waterman S.S. Corp.*, 63 B.R. 435, 437 (Bankr. S.D.N.Y. 1986) (the district court in which the bankruptcy case is pending is in the best position to gauge whether it can handle the underlying litigations in a way that can be structured to try common issues).

The manifest purpose of § 157(b)(5) is to centralize the administration of cases arising under or related to proceedings under title 11 and to eliminate the multiplicity of forums for the adjudication of parts of a bankruptcy case.  *In re Pan Am Corp.*, 950 F.2d 839, 845 (2d Cir. 1991) ("*Pan Am I*") (citations omitted); *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986) (centralized adjudication under § 157 allows "all interests to be heard" and "the interest of all claimants [to] be harmonized" and ensures a "prompt, fair and complete resolution of all claims related to bankruptcy proceedings"); *In re Metabolife Int'l, Inc.*, S.D. Cal. Case No. 3:05-01802, Doc. No. 29 (S.D. Cal. Nov. 3, 2005) (centralizing over 70 personal injury tort and wrongful death cases against a debtor's estate in a single district court under § 157(b)(5) as being in the best interest of all involved parties).  In addition, transfers of cases create a "single focal point" for developing a reasonable chapter 11 plan.  *See A.H. Robins*, 788 F.2d at 1011, 1014 (transferring personal injury cases naming debtors and non-debtors to district court in which bankruptcy case is pending under § 157(b)(5) is conducive to interests of all concerned).

The foregoing principles and intent of § 157(b)(5) establish that transfer of the Pending

---

[7] Section 157(b)(5) states: "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."  11 U.S.C. § 157(b)(5).

Actions to this Court is appropriate.  Each of the Pending Actions is a personal injury or wrongful death case relating to or associated with the Bankruptcy Case and each involves claims against property of NECC and/or impacts claims NECC may have against other potentially responsible parties.  The Pending Actions identify NECC as a defendant and include co-defendants whom NECC has a duty to defend and indemnify or who may assert contribution claims against NECC.[8]

Furthermore, each of the Pending Actions involves claims regarding the alleged use of the Compounds and claims regarding the Outbreak.  The Pending Actions present a number of similar issues including, *inter alia*, issues relating to the compounding, preparation, manufacture, distribution and marketing of the Compounds.  Thus, not only is each of the Pending Actions associated with and/or related to the Bankruptcy Case, each also shares certain issues of fact with the proceedings pending before this Court in the NECC MDL.[9]  Indeed, a number of personal injury and wrongful death cases have already been transferred to the NECC MDL for pretrial purposes pursuant to 28 U.S.C. § 1407 [NECC MDL Doc. Nos. 2, 8].[10]  On February 15, 2013,

---

[8] Fifteen of the Pending Actions do not include NECC as a defendant.  Two of these fifteen Pending Actions name as defendants, among others, NECC's shareholders, directors and entities whom NECC is obligated to defend and indemnify.  The other fifteen Pending Actions are filed against entities (i) which may assert a contingent contribution and/or indemnification claim against NECC on the ground that their liability is directly attributable to NECC or (ii) against which the NECC estate may have claims it may assert for the benefit of NECC's estate.

[9] The presence of certain similar issues in the Pending Actions arising from or related to compounding, preparation, manufacture, distribution and marketing of the Compounds should not be interpreted as the Trustee's agreement or admission that the "class" criteria of Fed. R. Civ. P 23 are satisfied here or that a "class" vehicle is appropriate in these circumstances or superior to other available methods (such as a Chapter 11 plan) for the fair and efficient adjudication of the claims.  Indeed, the outcome of each individual case will turn on highly particularized and individualized facts including, but not limited to, the victims' diagnosis, the severity of their injuries, the impact of their injuries on their lives and work, all of which would have to be resolved in determining the amount of any allowed claim.  *See In re Ephedra Prods. Liab. Litig.* 231 F.R.D. 167 (S.D.N.Y. 2005) (denying class certification as to claims falling within the purview of 28 U.S.C. § 157(b)(5)).

[10] In addition to the two transfer orders filed in the NECC MDL, the JPML, in proceeding number 1249, has issued two additional Conditional Transfer Orders, CTO-2 and CTO-3, on February 22, 2013, and March 4, 2013, respectively transferring additional cases to the NECC MDL [JPML MDL Doc. Nos. 130 and 140].

this Court issued an order which provides that "actions transferred to this Court by the JPML pursuant to its order of February 12, 2013, entitled New England Compounding Pharmacy, Inc. Products Liability Litigation, and any tag-along actions transferred by the Panel after that date, and any related actions previously assigned to this Court" are "coordinated for pretrial purposes" [NECC MDL Doc. No. 4].

### B.   The Court Should Not Abstain from Transferring the Pending Actions.

Given the "seemingly mandatory language of § 157(b)(5) and its obvious purpose of giving particular priority to the centralization of bankruptcy-related personal injury claims in a single forum," there is a strong presumption in favor of transfer of the Pending Actions.  Indeed, abstention is the exception and should be applied sparingly.  *Twinlabs I*, 300 B.R. at 840-41. Consequently, a permissive abstention analysis should be applied with caution in this context, if at all, because of the strong legislative presumption favoring transfer under § 157(b)(5) and because many of the traditional abstention factors employed do not fit into the unique context of § 157(b)(5).[11]  *Id*. at 840-41 (relying on *Pan Am I*, 950 F.2d at 845 ("courts should not be too quick to abstain from exercising their transfer powers under 28 U.S.C. § 157(b)(5)")); *see also 1 Norton Bankruptcy Law and Practice* § 8.8 at n.91 (2d ed. 2001) ("to abstain pursuant to the discretionary abstention provision might contravene the legislative history and intent of § 157(b)(5)").  In fact, "in this context, perhaps even more than elsewhere, federal courts have a 'virtually unflagging obligation . . .  to exercise the jurisdiction given them.'"  *Twinlabs I*, 300 B.R. at 841 (quoting *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817

---

[11] Personal injury tort and wrongful death cases are not subject to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2).  *See* 28 U.S.C. § 157(b)(4); *Pan Am I*, 950 F.2d at 845.

(1976)).

The twelve factors courts consider in determining whether discretionary abstention is appropriate include:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than *28 U.S.C. § 1334*, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Twinlabs I*, 300 B.R. at 841; *Balcor/Morristown Limited Partnership v. Vector Whippany Assocs.,* 181 B.R. 781, 793 (D.N.J. 1995).

Congressional intent and the strong presumption in favor of transfer weigh strongly in favor of transfer of the Pending Actions to this District and this Court's exercise of its jurisdiction, rather than abstaining.

### 1. Transfer Will Facilitate Orderly Administration of the Debtor's Estate.

With respect to the first, fourth and sixth factors, the Pending Actions involve substantial claims (in both amount and number) against the Debtor's estate.  In light of the centrality of these claims to the Bankruptcy Case, transfer and coordination of these Pending Actions in this Court will substantially further the Bankruptcy Court's effective and efficient administration of the estate.  In particular, transfer will facilitate the claims estimation process and increase the odds that the plan will "assure fair and non-preferential resolution of outstanding claims."

*Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 496 (6th Cir. 1996) ("*Dow I*") (*quoting A.H. Robins*, 788 F.2d at 1011-12).

The JPML, in transferring cases to the NECC MDL pending in this Court, has already acknowledged that concentrating all of the personal injury and wrongful death claims in one forum in which they can be coordinated would further the effective administration of the Debtor's estate.[12]  *See* NECC MDL, Transfer Order [Doc. No. 2].  Certain of the facts and circumstances alleged by the various plaintiffs involve the same alleged conduct by the Debtor, its directors, related entities and third parties that contracted with the Debtor.  In addition, plaintiffs allege that they incurred injuries following their alleged injection of Compounds produced by the Debtor.  Coordination of these claims in this Court will permit this Court to manage the adjudication of overlapping factual and legal issues.  Expert discovery, general medical causation and other scientific matters, as well as evidentiary issues and trial issues, can be consolidated, and threshold issues can be determined in a coordinated and consistent manner, thereby saving costs and maximizing the return to all creditors.

Additionally, centralization will eliminate the possibility of inconsistent rulings on scientific or factual issues and the negative impact that rulings in one case can have on subsequent cases against the Debtor in terms of both case valuation and possible preclusive effect on the litigation.  By deciding such issues on a centralized basis in this Court, the limited estate assets will be conserved and protected.  There is limited insurance coverage to satisfy all

---

[12] The JPML's Transfer Order issued on February 12, 2013, provides:

> Centralization … will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this [MDL] litigation. … Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and discovery issues; and conserve the resources of the parties, their counsel and the judiciary.

of the claims against the estate.  Centralization of the Pending Actions will therefore assure that similarly situated creditors are treated fairly and equitably under the Bankruptcy Code.

### 2.  The Presence of State Law Issues Does Not Require Abstention.

Although state law issues predominate most of the claims in the Pending Actions (the second and third factors), and the plaintiffs in the Pending Actions have a right to a jury trial, these factors should not be given much, if any, weight in the context of a motion to transfer pursuant to § 157(b).

In *Twinlabs I*, the court ultimately dismissed arguments that the predominance of state law issues favored abstention. 300 B.R. 841.  Specifically, the court stated that:

> the Court is satisfied that none of the state law issues here involved are difficult, unsettled, or unfamiliar to a federal court, thanks to diversity jurisdiction, has its share of state-law personal injury cases.  Nor, in any event, can the predominance of state law issues be given decisive effect in analyzing transfer under § 157(b)(5), for the very subject matter of that section - personal injury claims - is almost always governed by state law, and yet Congress, in enacting § 157(b)(5), singled out such claims as the very ones it wanted transferred.

*Id.*  Because the Pending Actions do not involve "a particularly unusual  question" or "unsettled questions" of state law, the Pending Actions should be transferred.  *See Pan Am I,* 950 F.2d at 846.

### 3.  The Pending Actions are Integrally Related to the Bankruptcy Case.

In relation to the sixth factor, where, as here, the personal injury and wrongful death claims present the majority of claims against the estate, the resolution of those claims is crucial to the estate.  *See, e.g*., *A.H. Robins,* 788 F.2d 994; *Dow I,* 86 F.3d 482.  This Court is the only court that has an overall view of the Debtor's case and all aspects of that case should be before this Court.  Given the centrality of the personal injury and wrongful death claims to the Debtor's bankruptcy proceeding, the claims set forth in the Pending Actions are integrally related to the

Bankruptcy Case, and should be consolidated before this Court.

### 4.   There Will be No Additional Burden on the Court's Docket.

The ninth factor also points in favor of transferring the Pending Actions.  The NECC MDL is already before this Court, and comprises over 120 cases.  The universe of personal injury and wrongful death cases against the Debtor and related parties will be manageable if they are centralized before this Court and governed by an appropriate case management/coordination plan.  Accordingly, the Trustee respectfully suggests that any impact caused by the transfers does not warrant abstention where, as here, transfer is otherwise appropriate and would significantly aid in the administration of the Debtor's estate.

### 5.   There Is No Forum Shopping in Connection With This Matter.

This § 157(b)(5) Motion cannot be viewed as forum shopping, the tenth factor, because a change of venue was expressly contemplated and mandated by Congress in this section. Additionally, the Trustee is not seeking to transfer only select cases pending in certain forums. Instead, he is moving for the transfer of all of the Pending Actions.  Finally, the Debtor had an urgent need to file the Bankruptcy Case when it was confronted with approximately 170 personal injury and wrongful death claims alleging injury resulting from the Compounds.  Having no choice but to file for protection under chapter 11, the Debtor filed its petition in the District of Massachusetts, which is the only district in which the Bankruptcy Case could have been filed. *See* 28 U.S.C. § 1408(1).  Under these circumstances, there is simply no evidence that the filing of the Bankruptcy Case in this forum or the filing of this Motion is an attempt at forum shopping.

### 6.   The Presence of Non-Debtor Defendants Does Not Favor Abstention.

The presence of non-debtors as co-defendants, the twelfth factor, in some of the Pending Actions does not favor abstention.  These non-debtors are, for the most part, related to or

affiliated with the Debtor or connected to its pharmaceuticals.   These non-debtors include, among others: directors, officers, shareholders, and employees of the Debtor; entities related to the Debtor, or affiliated with it, that prepared, distributed, marketed and sold the Compounds and leased the premises out of which the Debtor operated; and persons and entities involved in the research, testing, purchasing and distribution of the Compounds.  The vast majority of the claims asserted against these non-debtors are directly related to the development, testing, manufacture and sale of the Compounds.   Many of these non-debtor defendants are parties to which the Debtor has contractual indemnification obligations.  Indeed, the Debtor has express, contractual indemnification obligations to the majority of the non-debtor defendants named in these actions, including, but not limited to, Barry Cadden, Greg Conigliaro, Lisa Conigliaro, Carla Conigliaro, Glenn Chin (collectively, the "Individuals"), GDC Properties Management, LLC, Medical Sales Management, SW, Inc., together with certain pain management clinics and health care providers that purchased Compounds from NECC.

The Individuals are additional insureds under at least one of the Debtor's insurance policies (which is an asset of the estate) and the Debtor's by-laws provide for indemnification of certain of these Individuals in their capacity as the Debtor's officers and directors.

In addition, other non-debtor defendants, including, but not limited to, Ameridose, LLC, Alaunus Pharmaceutical, LLC, health care providers and pain management clinics, may assert contingent contribution claims and indemnification claims against NECC (as noted in the Debtor's Schedule F of Creditors Holding Unsecured Non Priority Claims with respect to certain of such non-debtor defendants) on the ground that their liability is directly attributable to

NECC,[13] and NECC's estate likewise may assert claims against them for contribution or indemnity. In each of these instances, these indemnification and contribution claims will have a significant impact upon the Debtor's estate.

Additionally, having all of these non-debtors - against which claims have been asserted based upon the compounding, testing, manufacture and/or sale of the Compounds - before this Court will enhance the administration of the Debtor's estate by bringing all parties with alleged liability based upon the Debtor's product before this Court. Such centralization will undoubtedly aid in the negotiation of a chapter 11 plan because all potentially liable parties (and their insurers) (*i.e*, potential contributors to any trust created as part of a plan) will be before this Court. Courts have uniformly observed that the transfer and centralization of related claims against non-debtors aid in the negotiation of a plan. *See, e.g., Dow I*, 86 F.3d at 496 (centralization increases the odds of developing a reasonable plan); *In re Petroleum Tank Lines*, 10 B.R. 286, 288 (Bankr. W.D.N.Y. 1981) (Negotiation of a plan will be greatly facilitated if the cases are before a single court.). By contrast, requiring certain non-debtors to proceed with litigation in numerous forums will diminish those non-debtors' ability to contribute to a plan. *See, e.g., Nelson v. Gen. Elec. Capital Corp. (In re Steven P. Nelson, D.C., P.A.)*, 140 B.R. 814, 817 (Bankr. M.D. Fla. 1992). Likewise, it will result in the non-debtor defendants making claims and seeking and obtaining payment from NECC's insurers before NECC is able to make any claims of its own. *Dow I*, 86 F.3d at 495.

---

[13] For example, some of these entities may seek to pursue claims against NECC based upon theories of negligent misrepresentation, intentional misrepresentation and/or breach of warranties (express or implied).

### C.    <u>Transfer of Claims Against Non-Debtors Is Appropriate</u>.

Transfer pursuant to § 157(b)(5) is not limited to claims against a debtor. *See, e.g.*, *Dow I*, 86 F.3d at 497; *Twinlabs II*, 2004 WL 435083, at *2-4. Section 157(b)(5) allows the transfer of claims against non-debtor defendants that are related to the debtor's bankruptcy case where the court has jurisdiction over such claims. *Id.*; *A.H. Robins*, 788 F.2d 994.

Section 1334(b) of title 28 of the United States Code vests jurisdiction in district courts over, *inter alia*, proceedings that are "related to" a bankruptcy case.[14] "Related to" jurisdiction is construed broadly and encompasses proceedings which potentially have some effect on the bankruptcy estate, such as altering the debtor's rights, liabilities, options, or freedom of action or otherwise having an impact on the handling and administration of the bankruptcy estate. *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 68 (1st Cir. 2002); *In re G.S.F. Corp*, 938 F.2d 1467, 1475 (1st Cir. 1991) (a proceeding is related to bankruptcy where the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy (*quoting Pacor v. Higgins*, 743 F.2d 984 (3d Cir. 1984))); *accord Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr.)*, 410 F.2d 100 (1st Cir. 2005); *see Celotex Corp. v. Edwards,* 514 U.S. 300, 308 (1995) (Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate).

Where, as set forth at pages 12-13 above, the claims asserted against the non-debtors arise out of those non-debtors' association with the debtor or its products, courts have recognized

---

[14] "[D]istrict courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

that transfer of those claims is appropriate.  As the Court of Appeals for the Sixth Circuit noted

in *Lindsey v. The Dow Chemical Co. (In re Dow Corning Corp.)* ("*Dow II*"):

> it makes little practical sense to transfer the claims against [the
> debtor] while refusing to transfer those against the shareholders.
> The claims against the shareholders arise from an identical set of
> facts and are merely duplicates of those against [the debtor]. The
> shareholders have never manufactured a silicone-implant product
> and are only named in the suits because of their association with
> [the debtor]. Thus, the actions against [the debtor's] shareholders
> are essentially the same exact cases that have already been
> transferred to the [district court].

113 F.3d 565, 570 (6th Cir. 1997).  Consequently, courts have found "related to" jurisdiction

where liability for contribution or for contractual indemnity on claims of sizable magnitude will

impact a debtor's estate.  *Cambridge Place Inv. Mgmt. v. Morgan Stanley & Co., Inc.*, No. 10-

11376, 2010 U.S. Dist. LEXIS 142954, at *20 (D. Mass. Dec. 28, 2010), *adopted by* 813 F.

Supp. 2d 242 (2011); *Diversified Mortgage Co. v. Gold (In re Gold)*, 247 B.R. 574, 578 (Bankr.

D. Mass. 2000) ("related to" jurisdiction exists over proceedings where neither the debtor nor the

estate is a named defendant if the defendant has indemnification rights against the debtor or the

estate); *A.H. Robins*, 788 F.2d 994, *cert denied*, 479 U.S. 876 (same); *Dow I*, 86 F.3d at 494

("related to" jurisdiction exists over non-debtors asserting contribution and indemnification

claims); *Philippe v. Shape, Inc.*, 103 B.R. 355 (D. Me. 1989) (same); *see TD Bank, N.A. v.

Sewall, et al.*, 419 B.R. 103, 108 (D. Me. 2009) ("related to" jurisdiction exists, even in the

absence of explicit indemnification agreements, over an action by a claimant against an entity

that is liable for debtor's obligations because such action will affect that claimant's status *vis-à-

vis* other claimants thereby affecting administration of the estate); *Twinlabs II*, 2004 WL 435083,

at *2-4 (transferring "related to" case against retailer defendant, which was likely to seek

indemnity from the debtor after judgment was entered against the defendant).  *Cf. Pacor*, 743

F.2d at 995 ("related to" jurisdiction did not exist where the non-debtor's claim for indemnification was a contingent common law claim).

As in *Dow II*, the claims filed against the non-debtors here are based upon those non-debtors' relationship to the Debtor and/or the Compounds. These claims are related to the Bankruptcy Case and can impact the estate. As set forth above, the claims asserted against non-debtor defendants in the Pending Actions all arise out of the same facts as those underlying the claims against the Debtor. Moreover, because many of these non-debtors have express contractual indemnity claims and contribution claims against the Debtor, these claims would have an undeniable impact upon the estate and are, therefore, related to this Bankruptcy Case.

Further, those Pending Actions that do not name NECC as a defendant were not pending as of the Petition Date. Actions filed after the Petition Date do not name NECC as a defendant due to the automatic stay under 11 U.S.C. § 362. Nevertheless, these Pending Actions are related to this Bankruptcy Case for the reasons set forth above. These actions also include common questions of fact and transfer of these Pending Actions will serve the same purpose set forth above.

Therefore, the Trustee requests transfer of the Pending Actions. Transfer will thwart attempts to "get the jump" on other claimants and will assist in the orderly administration of the Debtor's estate, the conservation of its assets, and the fair and equitable treatment of all creditors.

## **CONCLUSION**

For all the foregoing reasons, the Trustee respectfully requests that this Court enter the attached order transferring the Pending Actions to this Court for further proceedings pursuant to 28 U.S.C. § 157(b)(5).

Dated: March 10, 2013                    Respectfully submitted,

                                         DUANE MORRIS LLP

                                         */s/ Michael R. Gottfried*
                                         Michael R. Gottfried
                                         (BBO #542156)

                                         100 High Street
                                         Suite 2400
                                         Boston, MA 02110-1724
                                         Phone: (857) 488-4200
                                         Email: mrgottfried@duanemorris.com

**<u>EXHIBIT A</u>**

The following is a list of the Pending Actions that the Trustee has moved to transfer to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 157(b)(5):

**Exhibit A1**

**Federal Cases Not in NECC MDL**

| Plaintiff(s) | Venue | Co-Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Linda S. Boggs | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:2012-cv-50132 | Russell Updike<br>Nolan Nicely<br>Jennifer K.M. Crawford<br>Wilson, Updike & Nicely<br>228 North Maple Avenue<br>PO Drawer 590<br>Covington, VA  24426 |
| Kimberly Brown | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-584 | Russell Updike<br>Nolan Nicely<br>Jennifer K.M. Crawford<br>Wilson, Updike & Nicely<br>228 North Maple Avenue<br>PO Drawer 590<br>Covington, VA  24426 |
| George Cary; Lilian Cary (Deceased) | USDC- District of Massachusetts | NECP d/b/a NECC; Barry Cadden;  Arl Bio Pharma INC d/b/a Analytical Research Laboratories; Ameridose, LLC | Adversary No: 13-01025<br>Civil Docket: 1:13-cv-10228 | Frederic L. Ellis<br>Edward D. Rapaki<br>Joseph M. Makalusky<br>Ellis & Rapaki, LLP<br>85 Merrimac Street<br>Suite 500<br>Boston, MA  02114<br><br>J. Douglas Peters<br>Charfoos & Christensen, PC<br>Hecker-Smiley Mansion<br>5510 Woodward Avenue<br>Detroit, MI  40202 |
| Marvin Clark | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00566 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |

**Exhibit A1**

**Federal Cases Not in NECC MDL**

| Plaintiff(s) | Venue | Co-Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Darrel Cummings | USDC- Southern District of Florida | NECP d/b/a NECC; GEO Group, Inc; Tom Levins, Warden; Ms. N. Finnisse, MSM, HAS; Dr. J. Dauphin, D.O.; Dr. Jules Heller, M.D.; Dr. Robert Lins, M.D.; Officer McIntire, CO1 | 9:12-cv-81413 | PRO SE |
| Roseanna Fusco | USDC- Middle District of Florida, Ocala Division | NECP d/b/a NECC | 5:13-cv-00095 | John H. Piccin, Esq. Piccin Law Firm 320 N.W. 3rd Avenue PO Box 159 Ocala, FL  34478 <br><br> Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbec & Kane |
| Coleta Ray Gipson, as Personal Respresentative to the Estate of Gayle Lynn Gipson | USDC- Eastern District of Michigan, Southern Division | NECP d/b/a NECC | 4:13-cv-10818 | Alexander & Angelas, P.C. 30200 Telegraph Road Suite 400 Bingham Farms, MI  48025 |
| Forrest Linthicum | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00585 | Russell Updike Nolan Nicely Jennifer K.M. Crawford Wilson, Updike & Nicely 228 North Maple Avenue PO Drawer 590 Covington, VA  24426 |
| Michelle Powell | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:2012-cv-00614 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA  24016 |

**Exhibit A1**

**Federal Cases Not in NECC MDL**

| Plaintiff(s) | Venue | Co-Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Basil E. Proffitt | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00615 | Willard J. Moody, Jr.<br>The Moody Law Firm, Inc.<br>500 Crawford Street<br>Suite 300<br>Portsmouth, VA   23705<br><br>The Miller Firm, LLC<br>The Sherman Building<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Mary E. Radford | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00562 | LichtensteinFishwick PLC<br>Liberty Trust Building<br>Suite 400, 101 South Jefferson Street<br>Roanoke, VA  24004-0601 |
| Robert Schroder; Margaret Schroder | USDC- District of Massachusetts | NECP d/b/a NECC; Barry Cadden; Gregory Conigliaro; Lisa Conigliaro; Glenn Chin; Medical Sales Management, Inc.; Ameridose, LLC; ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories; GDC Properties Management, LLC | Adversary No: 13-01024<br><br>Civil Docket: 1:13-cv-10227 | Ellis & Rapaki, LLP<br>85 Merrimac Street<br>Suite 500<br>Boston, MA  02114<br><br>Charfoos & Christensen, PC<br>Hecker-Smiley Mansion<br>5510 Woodward Avenue<br>Detroit, MI  40202 |
| Christopher Sherrill | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00565 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA  24016 |

**Exhibit A1**

**Federal Cases Not in NECC MDL**

| Plaintiff(s) | Venue | Co-Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Denia Taliaferro | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00586 | Russell Updike<br>Nolan Nicely<br>Jennifer K.M. Crawford<br>Wilson, Updike & Nicely<br>228 North Maple Avenue<br>PO Drawer 590<br>Covington, VA  24426 |
| Mary Sharon Walker | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12cv 00564 | Willard J. Moody, Jr.<br>The Moody Law Firm, Inc.<br>500 Crawford Street<br>Suite 300<br>Portsmouth, VA  23705<br><br>The Miller Firm, LLC<br>The Sherman Building<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Barbara Whittaker | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12cv 00563 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA  24016 |

**Exhibit A2**
**State Court Cases Pending Removal**

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Virginia Lois Neely | Davidson County, TN | NECP d/b/a NECC | 13C66 | Douglas E. Jones<br>Schulman, LeRoy & Bennett, P.C.<br>501 Union Street, 7th Floor<br>P.O. Box 190676<br>Nashville, TN  37219-0676 |

**Exhibit A3**
**State Court Cases Not Removed**

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Sara Culp Andrews | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2495 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA  24016 |
| David A. Barley, Jr. | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2437 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA  24016 |
| Virginia Law Berger | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2439 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA  24016 |
| Viola Mills Bowling | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2453 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA  24016 |
| Brenda Brewster | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2438 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA  24016 |
| Wilma Brumfield | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2399 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA  24016 |
| Kathleen Cooley and Robert Cooley | Middlesex County, MA | NECP d/b/a NECC; Barry Cadden | 12 4980-B | Harry Herzog Herzog & Carp 427 Mason Park Boulevard Katy, TX 77450<br><br>Law Offices of Thomas R. Murphy, LLC 133 Washington Street, 2nd Floor Salem, MA 01970 |

**Exhibit A3**

**State Court Cases Not Removed**

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Harry Michael English | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2435 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA  24016 |
| Carolyn Fidler, Curtis Lynn Shell, Brian Glenn Caddell, Richard Wayne Henegar, Lynda Bradfield, Elizabeth P. Kirkpatrick, Kathy N. Cole, Dana M. King | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2509 | Cranwell, Moore & Emick, P.L.C.<br>111 West Virginia Avenue<br>Vinton, VA  24179 |
| Christy Fralin | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2434 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA  24016 |
| Robin Annette Hannabass | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2436 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA  24016 |
| Magaret Hanson | Middlesex County, MA | NECP d/b/a NECC | MICV2012-04645-F | Frank Prokos, Esq.<br>Law Office of Frank Prokos, LLC<br>1600 Providence Highway<br>Walpole, MA  02081 |
| William E. Johnson and Sandra J. Johnson | Davidson County, TN | NECP d/b/a NECC | 12C4920 | Randall L. Kinnard<br>Daniel L. Clayton<br>Kinnard, Clayton & Beveridge<br>127 Woodmont Boulevard<br>Nashville, TN  37205 |
| Donna Montee | Middlesex County, MA | NECP d/b/a NECC | MICV2012-04861 | Kimberly Dougherty, Esq.<br>Janet, Jenner & Suggs, LLC<br>75 Arlington Street<br>Suite 500<br>Boston, MA  02116 |

**Exhibit A3**
**State Court Cases Not Removed**

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Jocelyn Kae Norris | Cumberland County, TN | NECP d/b/a NECC | CV0005650 | Scott & Cain<br>550 West Main Avenue<br>Suite 601<br>Knoxville, TN 37902 |
| James Palmer and Michelle Palmer | Cumberland County, TN | NECP d/b/a NECC | CV0005649 | Scott & Cain<br>550 West Main Avenue<br>Suite 601<br>Knoxville, TN 37902 |
| Nancy Phillips | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2398 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |
| Dana Scott Pruitt and Lesa Shadowhawk, surviving adult children of Elizabeth A. Pruitt (deceased) | Davidson County, TN | NECP d/b/a NECC | 12C4921 | Randall L. Kinnard<br>Daniel L. Clayton<br>Kinnard, Clayton & Beveridge<br>127 Woodmont Boulevard<br>Nashville, TN 37205 |
| Craig Simas and Joan Simas | Middlesex County, MA | NECP d/b/a NECC; Ocean State Pain Management, Inc | 12 4591 | Wickstrom Morse, LLP<br>60 Church Street<br>Whitinsville, MA 01588 |
| Kathy Sinclair | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2397 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |
| Reba M. Skelton and Roy H. Skelton | Davidson County, TN | NECP d/b/a NECC | 12C4918 | Randall L. Kinnard<br>Daniel L. Clayton<br>Kinnard, Clayton & Beveridge<br>127 Woodmont Boulevard<br>Nashville, TN 37205 |
| Lloyd Smith | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2454 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |

**Exhibit A3**
**State Court Cases Not Removed**

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Margaret Snopkowski | Suffolk County, MA | NECP d/b/a NECC | SUCV2012-03872 | Elizabeth A. Kaveny<br>Burke Wise Morrissey & Kaveny<br>161 North Clark Street<br>Suite 3250<br>Chicago, IL  60601-3330 |
| Donna West | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2396 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA  24016 |

**Exhibit A4**

**Cases Naming Non-Debtor Defendants Only**

| Case Name | Venue | Defendants | Plaintiff(s)' Counsel |
|---|---|---|---|
| Edward Adams | USDC- District of Massachusetts Adversary No: 13-01026 Civil Docket: 1:13-cv-10229 | Barry Cadden; Lisa Cadden; Gregory Conigliaro; Glenn Chin; ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories; Ameridose, LLC; Medical Sales Management, Inc.; GDC Properties Management, Inc. | Frederic L. Ellis Edward D. Rapaki Joseph M. Makalusky Ellis & Rapaki, LLP 85 Merrimac Street Suite 500 Boston, MA  02114 <br><br> J. Douglas Peters Charfoos & Christensen, PC Hecker-Smiley Mansion 5510 Woodward Avenue Detroit, MI  40202 |
| Bradley | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA  24022-0013 |
| Epperly | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA  24022-0013 |
| Filson | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA  24022-0013 |
| Foutz | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA  24022-0013 |

**Exhibit A4**

**Cases Naming Non-Debtor Defendants Only**

| Case Name | Venue | Defendants | Plaintiff(s)' Counsel |
|---|---|---|---|
| Harris | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson<br>Gentry Locke Rakes & Moore<br>10 Franklin Road Southeast<br>P.O. Box 40013<br>Roanoke, VA  24022-0013 |
| Kalinoski | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson<br>Gentry Locke Rakes & Moore<br>10 Franklin Road Southeast<br>P.O. Box 40013<br>Roanoke, VA  24022-0013 |
| May | Davidson County, TN | Saint Thomas Outpatient Neurological Center, LLC; Howell Allen Clinic A Professional Corporation | William D. Leader<br>George H. Nolan<br>Leader, Bulso & Nolan, PLC<br>414 Union Street, Suite 1740<br>Nashville, TN 37219 |
| McFarlane | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson<br>Gentry Locke Rakes & Moore<br>10 Franklin Road Southeast<br>P.O. Box 40013<br>Roanoke, VA  24022-0013 |
| Reed | Davidson County, TN | Saint Thomas Outpatient Neurological Center, LLC; Howell Allen Clinic A Professional Corporation | William D. Leader<br>George H. Nolan<br>Leader, Bulso & Nolan, PLC<br>414 Union Street, Suite 1740<br>Nashville, TN 37219<br><br>William H. Lassiter, Jr.<br>John Overton Belcher<br>Lassiter Tidwell & Davis, PLLC<br>One Nashville Place<br>150 4th Avenue North, Suite 1850<br>Nashville, TN  37219 |

**Exhibit A4**

**Cases Naming Non-Debtor Defendants Only**

| Case Name | Venue | Defendants | Plaintiff(s)' Counsel |
|---|---|---|---|
| Leonard Shaffer and Karen Shaffer | USDC- District of Massachusetts Adversary No: 13-01023 Civil Docket: 1:13-cv-10226 | Barry Cadden; Lisa Cadden; Gregory Conigliaro; Glenn Chin; ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories; Ameridose, LLC; Medical Sales Management, Inc.; GDC Properties Management, Inc. | Frederic L. Ellis Edward D. Rapaki Joseph M. Makalusky Ellis & Rapaki, LLP 85 Merrimac Street Suite 500 Boston, MA  02114<br><br>J. Douglas Peters Charfoos & Christensen, PC Hecker-Smiley Mansion 5510 Woodward Avenue Detroit, MI  40202 |
| Smith, James Wirt | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA  24022-0013 |
| Smith, Randolph | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA  24022-0013 |
| Whitlow | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA  24022-0013 |
| Wingate | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA  24022-0013 |