Franklin Levy (BBO# 297720)
Ryan Ciporkin (BBO# 667479)
Michele A. Hunton (BBO# 667766)
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
(617) 439-4990

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br><br>*Gould, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10444-FDS;<br>*Hannah v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10407-FDS;<br>*Jones v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-cv-10409-FDS;<br>*Leaverton, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10408-FDS;<br>*Letizia, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10442-FDS;<br>*Marko, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10404-FDS;<br>*Normand, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10447-FDS;<br>*Pennington v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10406-FDS;<br>*Ramos v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10410-FDS;<br>*Rios, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* 13-10411-FDS;<br>*Rivera, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10412-FDS;<br>*Tayvinsky, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10414-FDS;<br>*Tisa, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10446-FDS;<br>*Tolotti, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10413-FDS; and,<br>*Zavacki, et. al. v. New England Compounding Pharmacy, Inc., et. al.,* Civ. No. 13-10441-FDS | MDL No. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV<br><br>**PROPOSED CONSOLIDATED REPLY BRIEF IN SUPPORT OF ALAUNUS PHARMACEUTICAL, LLC'S MOTION TO DISMISS PURSUANT TO FED.R.CIV. P. 12(b)(6)** |

The Defendant, Alaunus Pharmaceutical, LLC ("Alaunus"), by and through its counsel, hereby files this reply brief in support of its Consolidated Motion to Dismiss the Complaints that were filed by the fifteen (15) plaintiffs from New Jersey (the "NJ Plaintiffs") for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

1. <u>The Pleading Standards from the State of New Jersey Do Not Apply.</u>

During the time period that the courts applied the "no set of facts" standard from *Conley v. Gibson*, 355 U.S. 41, 45- 46 (1957),[1] the pleading standard applicable to complaints removed to federal court from state court was of little import. Plaintiffs rarely objected to federal pleading standards that were often being more liberal than their state counterparts.[2] However, since the Supreme Court toughened federal pleading standards considerably in *Bell Atlantic v. Twombly*[3] and *Ashcroft v. Iqbal*,[4] plaintiffs (including the NJ Plaintiffs) now routinely advocate application of state court pleading standards on a 12(b)(6) motion to dismiss even after the action has been removed to federal court. In response to Alaunus' Consolidated Memorandum in Support of its Motion to Dismiss, the NJ Plaintiffs contend – without any supporting legal authority - that this

---

[1] *Conley v. Gibson*, 355 U.S. 41, 45- 46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim").

[2] *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) ("this 'no set of facts' language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings . . . on such a focused and literal reading of *Conley's* "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery").

[3] In *Twombly*, the Supreme Court "retired" the "no set of facts" standard and announced the now well-known "plausibility" standard. *See Twombly,* 127 S. Ct. at 1969 (stating that "*Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough . . . after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard.").

[4] In *Iqbal*, the Supreme Court held that the plausibility standard articulated in *Twombly* applies to *all* civil actions, thereby toughening the federal pleading standards applicable to all civil cases. *Iqbal*, 129 S.Ct. 1937, 1953 (2009). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (noting that after *Iqbal*, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss"); *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 262 (4th Cir. 2009) (providing that "*Twombly* and *Iqbal* announced a new, stricter pleading standard").

2

Court should apply the more lenient pleading standards from the state of New Jersey, rather than the federal pleading standards under *Twombly* and *Iqbal,* because they filed their complaints in state court in New Jersey before they were removed to the District of New Jersey.  The NJ Plaintiffs' contention is not only made without any supporting authority, but is also inconsistent with ample authority directing the application of federal pleading standards to cases removed from state to federal court.

It is a bedrock choice of law rule that federal courts sitting in diversity must apply state substantive law and federal procedural law.  *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  Federal courts must apply the Federal Rules of Civil Procedure when the scope of the federal rule is sufficiently broad to cover the situation.  *Hanna v. Plumer*, 380 U.S. 460 (1965).  When a plaintiff files a complaint in federal court based upon diversity jurisdiction, the court should apply federal pleading standards under *Twombly* and *Iqbal* on a 12(b)(6) motion because the rules governing pleading standards and motions to dismiss are procedural rather than substantive. *See Wilkey v. Hull*, 366 F. App'x 634 (6th Cir. 2010); *Minger v. Green*, 239 F.3d 793 (6th Cir. 2001).  Thus, the question becomes whether a district court sitting in diversity should apply state court pleading standards on a motion to dismiss merely because the case was removed from state court where the complaint, according to the plaintiff, satisfies the state court pleading standards?  The overwhelming authority has answered that question in the negative.

Federal Rule of Civil Procedure 81(c)(1) states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed.R.Civ.P. 81(c).  Citing Rule 81(c)(1), the Supreme Court observed that "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438 (1974). Thus, in *Granny Goose,* the Supreme Court held that a union did not violate an *ex-parte* restraining order that was

3

issued by a state court in California with a 15 day duration under applicable state procedural rules because the shorter 10 day duration under Fed.Civ.P. 65(b) applied once the case was removed by the defendant to federal court. *Granny Goose*, 415 U.S. at 432 - 440.  And in *Willy v. Coastal Corp.*, 503 U.S. 131, 134 - 135 (1992), the Supreme Court affirmed the court's order imposing sanctions under Fed.R.Civ.P. 11 in an action removed from state court in Texas, even though the Court of Appeals found that removal was improper due to lack of subject matter jurisdiction because the "expansive language [of Rule 81(c)] contains no express exceptions and indicates a clear intent to have the Rules, including Rule 11, apply to all district court civil proceedings."

As in *Granny Goose* where the fact that an *ex-parte* temporary restraining order was issued prior to removal did not require the federal court to apply California's applicable procedural rule, the fact that the NJ Plaintiffs filed their complaints in state court prior to removal does not require the application of New Jersey's pleading standards.  A case removed from a state to federal court becomes, upon its arrival in federal court, subject to the same rules of procedure *as if it had been originally sued in federal court*.  *Freeman v. Bee Machine Co., Inc.*, 319 U.S. 448, 452 (1943) ("Congress has indeed provided that in a suit which has been removed the District Court shall 'proceed therein as if the suit had been originally commenced in said district court, and the same proceedings had been taken in such suit in said district court as shall have been had therein in said State court prior to its removal'"); *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334 (7th Cir. 1953) (citing *Freeman*), *certiorari denied* 74 S.Ct. 477, 347 U.S. 913. *Evans-Hailey Co. v. Crane Co.*, 207 F.Supp. 193 (D. Tenn. 1962), *appeal dismissed* 86 S.Ct. 10, 382 U.S. 801.  Since the district court must treat a removed action as if it had originally been filed in federal court, the court is compelled to apply the federal rules of pleading in an

action removed based upon diversity jurisdiction.[5]

Given that the district court must apply the same procedural rules upon removal *as if the action had originally been commenced by the plaintiff in federal court*, the courts have summarily rejected arguments by plaintiffs that their complaint should be evaluated under state court pleading standards merely because they filed the complaint in state court.[6] For instance, in *Wendell v. Johnson & Johnson*, 2010 WL 271423 (N.D. Cal. Jan. 20, 2010), a prescription drug product liability case that was removed to federal court based upon diversity jurisdiction, *Twombly* and *Iqbal* was applied on a 12(b)(6) motion over the plaintiff's objection:

> The parties disagree as to whether federal or state procedural law applies to this motion. Plaintiffs argue that, because the complaint was filed in state court, California's pleading rules govern. This is not correct. A Rule 12(b)(6) motion considers the substantive sufficiency of the pleadings as if the action had never been in state court. . . . Further, Federal Rule of Civil Procedure 81(c) provides, "These rules apply to a civil action after it is removed from state court." This action has now been removed; therefore, federal law, not state law, governs the specificity that Plaintiffs must plead in order to survive a 12(b)(6) motion. *Id.* at *2.

And in *Braden v. Tornier, Inc.*, 2009 WL 3188075 (W.D. Wash. Sept. 30, 2009), a medical device case, the district court stated:

---

[5] The NJ Plaintiffs have filed motions to remand their cases back to state court. Ameridose has opposed the motion to remand on the basis that the healthcare provider defendants were fraudulently joined. *Twombly* and *Iqbal* apply to the fraudulent joinder analysis for the same reasons that federal pleading standards apply to 12(b)(6) motions in actions removed to federal court. *See e.g. Johnson v. DePuy Orthopaedics, Inc.*, 2012 U.S. Dist. LEXIS 74450 (N.D. Ohio May 30, 2012) (denying plaintiff's motion to remand where application of federal pleading standards under *Twombly* and *Iqbal* demonstrated that non-diverse defendant was fraudulently joined). Applying *Twombly* and *Iqbal* to the remand motions, Alaunus agrees that the NJ Plaintiffs' complaints fail to state a plausible claim for relief against the healthcare provider defendants and that the remand motions must therefore be denied.

[6] In cases where plaintiffs apparently did not contest the applicability of federal pleading standards, federal courts routinely apply federal pleading standards under *Twombly* and *Iqbal* to cases that were removed from state court based upon diversity jurisdiction. *See Muth v. State Farm Fire & Casualty Co.*, 2010 WL 3805386, at *1 n.1 (M.D. Pa. Sept. 22, 2010); *HSBC Bank Nevada, N.A. v. Murungi*, 2010 WL 3170736, at *2-3 (E.D. La. Aug. 11, 2010); *Nordby v. Wells Fargo Home Mortgage*, 2010 WL 1539829, at *1 (E.D. Cal. April 16, 2010). *See also Blake v. Cree, Inc.*, 2010 WL 302790, at *2 (M.D.N.C. Jan. 19, 2010; *IndyMac Venture, LLC v. Silver Creek Crossing, LLC*, 2009 WL 3698513, at * 3 (W.D. Wash. Nov. 3, 2009); *Hostway Corp. v. JPMorgan Chase Bank, N.A.*, 2009 WL 2601359, at *5 (N.D. Ill. Aug. 24, 2009); *Bernegger v. Morrissette*, 2009 WL 911394, at *4 (E.D. Wis. March 31, 2009); *Ruth v. Unifund CCR Partners*, 2009 WL 585847, at *3 (N.D. Ohio, March 6, 2009); *Spence v. Brownsville Area School District*, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008); *Himmelheber v. EV3, Inc.*, 2008 WL 360694, at *1 (W.D. Ky. Feb. 8, 2008).

> Contrary to Plaintiffs' assertions, it is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal. Accordingly, the Federal Rules of Civil Procedure and the U.S. Supreme Court's holding regarding pleading requirements announced in [*Twombly* and *Iqbal*] apply.  The Court understands Plaintiffs' plight – being held to one pleading standard in state court, where they chose to file their case, and being held to another after the case is removed. However, the law is clear, Fed. R. Civ. P. 81(c)(1) states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court."  This action has now been removed and the federal rules apply.

2009 WL 3188075, at *2.

Significantly, the federal district court for the District of New Jersey – the court where these actions were pending prior to the transfer to this multi-district litigation - has routinely applied *Twombly* and *Iqbal* to complaints in cases removed from state court. *See Lin v. Chase Card Services*, 2010 WL 1265185, *2, fn. 2 (D.N.J. March 26, 2010) ("Plaintiff argues that instead of Rule 8(a)(2), the pleading requirements . . . of the New Jersey Rules . . . should apply to his complaint since it was originally filed in state court.  Plaintiff's assertion is incorrect"), aff'd, *Lin v. Chase Card Services*, 10-1612 & 10-2205, 2011 WL 1770532 (3d Cir. May 10, 2011); *Heffley v. Acme Markets, Inc.*, 2009 WL 1090660, *2  (D.N.J. April 20, 2009) ("Plaintiff's only opposition . . . argu[es] that the since the Complaint was initially filed in state court it should not be held to federal pleading standards.  This argument, however, is completely without merit.  It is axiomatic that the Federal Rules of Civil Procedure apply to actions after they are removed from state court"); *Federico v. Home Depot*, 2006 WL 624901, *2 n.4 (D.N.J. March 10, 2006), aff'd, 507 F.3d 188 (3rd Cir. 2007).

Other decisions reaching the same result abound. *See Maness v. Boston Scientific*, 2010 WL 4629984, at *5-6. (E.D. Tenn. Nov. 4, 2010) (ruling that federal pleading standards apply to complaints initially filed in state court but then removed to federal court pursuant to Rule 81(c) regardless of the nature of the claims asserted and dismissing complaint under *Twombly* and

6

*Iqbal* because it pleaded only "conclusory allegations" that a medical device was "defective" or "unreasonably dangerous"); *Provencio v. Armor Holdings, Inc.*, 2007 WL 2814650, at * 2 (E.D. Cal. Sept. 25, 2007) (citing Rule 81(c) and *Granny Goose*, the court held that, after removal, state pleading standards were "inapposite" in a product liability action reasoning "that Plaintiff's complaint was originally filed in state court and that such complaint might have been sufficient under state law does not absolve him from complying with federal pleading requirements now that he is in federal court").[7]  Indeed, MDL courts have applied federal pleading standards under *Twombly* and *Iqbal* when deciding 12(b)(6) motions in product liability actions which were removed from state court and transferred pursuant to 28 U.S.C. § 1407.  *See In re Guidant Corp., Implantable Defibrillators*, MDL No. 05-1708, 2009 WL 1921902 (D. Minn. July 1, 2009); *In re Bausch & Lomb Inc.*, MDL No. 1785, 2007 WL 3046682 (D. S.C. 2007).

    2.    <u>The New Jersey Plaintiffs' Attempt to Supplement Their Complaint by Asserting Allegations or Referencing Documents in Their Opposition Memorandum is of No Moment.</u>

In response to Alaunus' arguments that the complaints contain only conclusory assertions of liability against it, the NJ Plaintiffs attempt to supplement their complaints with new

---

[7] *See also Smith v. Local Union No. 110, International Brotherhood of Electrical Workers*, 681 F. Supp.2d 995, 1006 (D. Minn. 2010) (notwithstanding that case was removed from a state court that did not require formal pleadings at all, district court required a formal complaint that was compliant with federal pleading standards); *Rockwood Retaining Walls, Inc. v. Patterson, Thuente, Skaar & Christensen, P.A.*, 2009 WL 5185770, *6, fn. 6 (D. Minn. Dec. 22, 2009) ("[t]he Court recognizes that the Amended Complaint was filed originally in state court, but once the action was removed, that complaint must satisfy the current federal pleading standard as defined by the U.S. Supreme Court's decisions in *Twombly* and *Iqbal*"); *Rankin v. Mattamy Homes Corp.*, 2010 WL 3394036, *3 (M.D.N.C. Aug. 26, 2010) (rejecting plaintiff's argument that she should be excused from compliance with *Twombly* and *Iqbal* in case that was removed to federal court because she first brought this case in state court); *Jackson v. Mecklenburg Co.*, 2008 WL 2982468, at *2 (W.D.N.C. July 30, 2008) (state pleading requirements, so far as they are concerned with the degree of detail to be alleged, are irrelevant in federal court); *Davenport v. Sugar Mountain Retreat, Inc.*, 2009 WL 3415240, *2 (N.D. Okla. Oct. 16, 2009) (where plaintiff argued that his amended complaint "was more than sufficient in the standards applicable in Oklahoma courts where this matter was originally filed before removal," court rejected plaintiff's argument observing that "the case was removed to federal court and that the Court must apply Rule 12(b)(6), as interpreted in *Twombly*, to determine if plaintiff's amended complaint states a claim"); *Stearns v. Select Comfort Retail Corp.*, 2008 WL 4542967, * 2-3 (N.D. Cal. Oct. 1, 2008) (rejecting a plea to apply looser state law to a removed complaint since Rule 81(c)(1) of the Federal Rules of Evidence plainly states "[t]hese rules apply to a civil action once it is removed from state court").

allegations and references to websites and other documents that were not asserted in, referenced or annexed to their complaints. That attempt is to no avail.

"Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint" without converting the motion to one for summary judgment under Rule 56. *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). While there is an exception for "documents the authenticity of which are not disputed by the parties; [] official public records; [] documents central to plaintiffs' claim; or [] documents sufficiently referred to in the complaint," *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001), it is axiomatic that the complaint may not be supplemented or amended by the briefs in opposition to a motion to dismiss, *Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1988); *Car Carriers, Inc. v. Ford Motor Corp.*, 745 F.2d 1101, 1107 (7th Cir.1984).

Here, the NJ Plaintiffs' complaints fall far short of the standards required by *Twombly* and *Iqbal*. In an attempt to cure the conclusory assertions of liability against Alaunus, the NJ Plaintiffs assert new allegations and introduce other records which were not asserted in, referenced, or annexed to their complaints. However, the defects in the sufficiency of the factual allegations in the NJ Plaintiffs' complaints against Alaunus may not be supplemented by their memoranda in opposition to the Consolidated Motion to Dismiss. *See PepsiCo, Inc.*, 836 F.2d at 181; *Car Carriers, Inc.*, 745 F.2d at 1107. *See also Branch v. Tower Air, Inc.*,1995 WL 649935, at *6 (S.D.N.Y. Nov. 3, 1995) ("memoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint"); *Adler v. Aztech Chas. P. Young. Co.*, 807 F.Supp. 1068, 1072 (S.D.N.Y. 1992) ("although plaintiffs did submit affidavits with their opposition to this motion containing factual allegations that might suffice to state a claim against [defendants], those affidavits are inadmissible to cure the defect in a complaint when deciding a

8

motion to dismiss"); *Marks v. Struble*, 347 F.Supp.2d 136, 148 (D.N.J.2004) (refusing to consider plaintiff's allegations made for the first time in response to defendant's motion to dismiss); *Parastino v. Conestoga Tel. & Tel. Co.*, No. Civ.A. 99-679, 1999 WL 636664, at *2 (E.D.Pa. Aug. 18, 1999) (refusing to consider new factual allegations made for the first time in response to a motion to dismiss because "new factual allegations made in the parties' legal memoranda may not be considered in resolution of a 12(b)(6) motion to dismiss").  Whereas the NJ Plaintiffs' complaints fail to state a plausible claim for relief against Alaunus and they may not use their opposition memoranda to cure the defects in those pleadings, the complaints should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).  *See Desardouin v. United Parcel Serv., Inc.*, 285 F. Supp. 2d 153, 159 (D. Conn. 2003) (granting a Rule 12(b)(6) motion to dismiss where the plaintiff attempted to overcome his deficient pleading by introducing new facts in his opposition to the defendant's motion to dismiss because plaintiff could not assert novel facts in his opposition papers in an attempt to cure his deficient pleadings).

      3.      <u>The New Jersey Plaintiffs' Contention That They Have Asserted a Plausible Claim Against Alaunus is Without Merit.</u>

In response to Alaunus' position that the NJ Plaintiffs failed to show a plausible basis for inferring that Alaunus is merely an alter ego of NECC, the NJ Plaintiffs affirmatively disavow their reliance on any alter-ego liability theory against Alaunus and maintain that their complaints are based upon a theory that Alaunus "was *directly* involved in the manufacture, production, packaging, sale and distribution of the contaminated steroid product." *See NJ Plaintiffs' Consolidated Response in Opposition to the Motion to Dismiss of Alaunus Pharmaceutical, LLC*, Civ. No. 13-10413-FDS, Document No. 24, pp. 11 – 12 (emphasis applied).  In response to Alaunus' argument in its Consolidated Motion to Dismiss that the statement in the complaint that Alaunus was "in the business of manufacturing, compounding, marketing, and selling

medications such as methylprednisolone acetate," is a conclusory assertion which should not be taken as true on a motion to dismiss,[8] the NJ Plaintiffs nevertheless maintain in their opposition memorandum – without citing any legal authority - that they have alleged sufficient facts to raise a plausible inference of Alaunus' involvement by virtue of the factual allegations in the complaints concerning the common ownership of NECC and Alaunus, and the location of NECC's and Alaunus' principal places of business in the same building.  Given that the NJ Plaintiffs are not proceeding on an alter-ego theory, it follows that their complaints must plead facts showing that Alaunus was *directly* - by its own actions and not those attributable to NECC or some other individual or entity - involved in the manufacture or sale of MPA.  While the NJ Plaintiffs' may have a *suspicion* regarding Alaunus' involvement in the manufacture or sale of MPA based upon the common ownership of NECC and Alaunus, such suspicion does not nudge the complaint across the line of plausibility because there are **no facts** pled in the complaints showing that Alaunus was directly involved in the manufacture, sale or distribution of MPA.  *See Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) ("the make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief . . .  the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully") (*quoting Iqbal*, 129 S. Ct. at 1949).

---

[8] *See Alaunus' Memo. in Support of Mot. to Dismiss,* pp. 7 – 10.  *See also Maldonado v. Fontanes*, 568 F.3d 263, 274 (1st Cir.2009) (concluding that allegation that mayor "planned, personally participated in, and executed the raids in concert with others" was a "bare assertion[], much like the pleading of conspiracy in *Twombly*, [which] amount[ed] to nothing more than a 'formulaic recitation of the elements' of a constitutional [tort]"); *Cavallaro v. UMass Memorial Healthcare, Inc.*, Dist. MA Civ No. 09-40152 (Memorandum and Order on Defendants' Motions for Judgment on the Pleadings) (June 8, 2011) (Saylor, J.) (refusing to accept as true the allegations, among others, that "defendants are the employer (single, joint or otherwise) of the Plaintiffs and Class Members and/or alter egos of each other" and that "Ms. Webb is liable to Plaintiffs because of her active role in operating the business, her role in the violations complained of in this action, her status as an employer, and/or otherwise according to federal and state law").

10

In sum, Rule 81(c) and *Granny Goose* mandate the application of federal pleading standards to the NJ Plaintiffs' complaints since they have been removed to the District of New Jersey and transferred to this Court for consolidation with other related actions in this multi-district litigation. As Alaunus established in its original memorandum in support of its Consolidated Motion to Dismiss, the NJ Plaintiffs' Complaints fall short of the requirements of *Twombly* and *Iqbal* because they plead nothing but conclusory assertions regarding Alaunus' alleged involvement in the manufacture and distribution of MPA, they impermissibly "lump" Alaunus together with the other co-defendants, they fail to show that they have a plausible claim for relief under any theory of liability against Alaunus, and they are not entitled to proceed with discovery to cure the defects in their complaints. *See Iqbal,* 129 S. Ct. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions") (citing *Twombly*). Consequently, the Court should dismiss all 15 of the NJ Plaintiffs' Complaints as to Alaunus pursuant to Fed.R.Civ.P. 12(b)(6).

|  |  |
|---|---|
| Dated:  March 11, 2013 | Respectfully submitted,<br>Defendant Alaunus Pharmaceutical, LLC<br>By its Attorneys,<br><br>/s/ Ryan Ciporkin<br>_____<br>Franklin H. Levy (BBO# 297720)<br>Ryan Ciporkin (BBO# 667479)<br>Michele A. Hunton (BBO# 667766)<br>LAWSON & WEITZEN, LLP<br>88 Black Falcon Ave, Suite 345<br>Boston, MA 02210<br>Tel: (617) 439-4990<br>Fax: (617) 439-3987<br>flevy@lawson-weitzen.com<br>rciporkin@lawson-weitzen.com |

**CERTIFICATE OF SERVICE**

    I, Ryan Ciporkin, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 11, 2013

/s/ Ryan Ciporkin

_____

Ryan Ciporkin