March 19, 2013

**Via Electronic Filing**

Honorable F. Dennis Saylor IV
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

> **In re: New England Compounding Pharmacy, Inc. Products Liability Litigation, Docket No. 1:13-md-2419-FDS**
>
> **Plaintiffs Steering Committee Structure and Slate**

Dear Judge Saylor:

On February 27, a group of 54 counsel, including the undersigned, submitted a joint proposal for consideration regarding the necessity for and the structure of a Plaintiffs' Steering Committee. We thank the Court for considering this along with a competing proposal and concluding the Plaintiff's Steering Committee should have seven (7) seats and take into account appropriate demographics of the pharmaceutical injury epidemic underlying this litigation. Further to your invitation at the March 12, 2013 Status Conference, the undersigned counsel, all of whom have long and substantial involvement in this NECC matter, submit the following suggested seven-member Plaintiff Steering Committee ("PSC") slate and PSC structure.  Attached to this letter is a document entitled Organization and Functions of the PSC that we propose for inclusion in an order establishing the PSC membership.  Much of this organizational language is taken from MDL orders in other mass tort cases.

I.        Proposed slate's membership

The following attorneys individually and as a group request appointment to the PSC seats in this matter:

- Fredric L. Ellis, Massachusetts
- Anne Andrews, California
- Christopher M. Placitella, New Jersey

March 19, 2013
Page 2

- Michael Galligan, Tennessee
- Mark R. Dancer, Michigan
- Douglas D. Small, Indiana
- Melvin B. Wright, Florida

Attached to this letter are each of the undersigned proposed slate's member's individual applications showing their experience, accomplishments and involvement in the NECP related matters before the Court.

The membership of the slate is comprised of highly accomplished lawyers who specialize in mass tort and/or complex, high stakes litigation. Many proposed individual PSC applicants have organized and/or served on both the traditional type of MDL plaintiff steering or executive committee structures, as well as the more uncommon combination of MDL and Bankruptcy coordination committee structures appropriate for the NECP and related actions. In particular, members of this slate have served on committees within bankruptcies that successfully resolved the Dow Corning Breast Implant and the Twinlabs and Metabolife MII Ephedra litigations for the benefit of injured parties and all other creditors. A number of the proposed slate members' firms are also currently serving on the Official Unsecured Creditors Committee ("Creditors Committee"), in NECP's Chapter 11 bankruptcy case as proxies for clients who were vetted and appointed to such posts by the United States Bankruptcy Trustee this past January.

II.    We have a plan for successful administration and resolution of this tragic epidemic-driven pharmaceutical mass tort.

All slate members represent deceased or seriously injured victims, as well as victims with more modest claims. Together they represent in excess of over 400 cases across the nation. The slate is geographically diverse, including lawyers practicing in and/or representing clients harmed in each of the states disproportionately affected by the outbreak, including Tennessee, Michigan, Florida, Maryland, New Jersey, Indiana, Nevada, and Delaware. Recognizing early that solvency would be an issue, many of our slate members joined other law firms in late 2012 to retain the Brown Rudnick law firm to petition for appointment of a receiver for NECP in

March 19, 2013
Page 3

Massachusetts state court. The filing of that petition was followed shortly by NECP's petition for bankruptcy protection.

We believe that strong coordination of the Chapter 11 bankruptcy proceeding and the MDL 2419 proceeding has a realistic ability to most judiciously generate a compensation fund and then equitably distribute compensation to the NECP tort victims. The NECP bankruptcy proceedings and the attorneys who have worked on it have already accomplished a great deal. Within the first week of its existence, the Creditors' Committee took action to successfully freeze and safeguard $33 million of NECP principals' and insiders' unencumbered assets. Through the labors of many of our proposed PSC applicants in cases filed in what is now the MDL court and in parallel state court proceedings, affirmative steps have already been taken to investigate NECP's compounding facility and preserve evidence. Some of the proposed slate members have already received and reviewed discovery responses, including thousands of documents and have recruited and have contacted experts who will assist in developing and proving the case.

Having worked together for many months and having forged an excellent working relationship, we believe we offer the Court immediately an organized, dedicated and cohesive group that is highly qualified, ready and able to develop the liability cases against the potentially responsible entities with assets. In addition to economically and efficiently preparing the generic aspects of the cases for individual trial if need be, we will work to drive the potentially responsible parties and related stake holders into meaningful participation in a resolution of all cases.

Our proposal for structure and operation of the PSC embraces the traditional top down administration model whereby the seven members of the PSC direct the actions of the many non-member counsel who undertake the innumerable tasks inherent in such litigations. The PSC will be responsible for equitably funding the prosecution. In this case, in particular, efficient and focused allocation of efforts and the management of cost expenditures is crucial, given the number and nature of the injury cases and the limited recoverable assets and liability insurance that is available. A lead counsel would be the contact between the Court, the Steering Committee, and all plaintiffs' counsel.

March 19, 2013
Page 4

In the event the Court combines some members of our slate with other applicants, we respectfully propose that Fredric Ellis be appointed the lead counsel. His collegial approach in consulting and sharing information with other counsel in this matter for several months and his substantial experience in similar litigation are critical to the successful and judicious resolution of this mass tort litigation.

III.    The Competing Slate's structure is not suitable for this Hybrid MDL-Bankruptcy Court situation.

The undersigned are aware that the Court will receive a second slate and structure proposal, which we understand includes separate committees for each state exploring liability. As there are victims from at least 20 states, we think there should be input from lawyers from each state under the auspices of a single state managing committee. This should be a cohesive endeavor and not an effort driven more by the differences than commonalities. We also believe that the competing proposed structure is not workable in the real world and could leave the Court and claimants in the lurch if and when it collapses.

There is a difference of opinion among the NECP victim attorneys regarding whether this case should be processed as a class action or as individual cases. The Bankruptcy of NECP may largely displace that dispute. It offers unique opportunities to assemble an adequate settlement fund. In contrast, a proposed class supported by some members of the competing slate applicants is not only inappropriate in cases involving personal injuries but also fundamentally at cross-purposes with the objectives of a Bankruptcy/MDL hybrid case.

If the implications of NECP's bankruptcy are not appreciated and properly addressed, tremendous value will be lost. Based on our collective experience in similar Bankruptcy-MDL hybrid cases, the potential funding for a Chapter 11 settlement pool may and likely will come not only from the NECP company's bankruptcy estate assets, but also from:

- Transfer claw backs from NECP's insiders under Bankruptcy

March 19, 2013
Page 5

Code claw back provisions;

- Actions against insiders;

- Adversary actions against *alter ego* companies owned and operated by non-debtor insiders;

- Insurance proceeds from Debtor or other Debtor related entities;

- Contributions from other non-debtors who distributed, sold or injected patients with NECP contaminated injectable products, possibly including but not limited to: the pain clinics, clinicians or hospitals who administered the injections; medical entities who ordered compounded drugs without compliance with state and federal statutory and regulatory safety procedures,;[1] any culpable third party suppliers of the compounded drug ingredients;

- Contributions from NECP's vendors and outside service providers possibly including, but not limited to quality or purity testing laboratories; lessors, cleaning companies; certification inspectors and providers; uniform suppliers; raw material suppliers; packing suppliers; equipment suppliers; building infrastructure companies (HVAC, roofer, clean room contractor, etc.).

Through past experience and working on the issues in this case, we not only understand the substantive liability issues underlying these "non-debtor" claims, but the implications and nuances of how claims against non-debtors will develop where, as here, the main defendant has declared bankruptcy before the MDL was even formed. Among other attributes, many of our PSC applicants and their firms represent claimant members of the Committee of Unsecured Creditors in the NECP Bankruptcy (i.e.- attorneys Andrews, Placitella, Galligan and Wright), and thus they or their partners act as day to

---

[1] The recent CBS *60 Minutes* news program interview with an NECP salesman indicated that some medical clinics ordering from NECP used fictitious patient names on order forms which may provide additional support for potential tort liability on such clinics' part.

March 19, 2013
Page 6

day proxies on the Creditors Committee.

Conclusion

We believe our PSC member slate is in the best position and well-suited to immediately and effectively build upon the cooperation and consensus exhibited in this case even before the MDL was established. We have proven experience in dealing with combination mass tort MDL/bankruptcy situations. We are able and willing to structure the development of the case to simultaneously and efficiently develop and produce a generic trial package enabling individual plaintiffs' counsel to try the common and generic issues in specific cases if need be and to advance the litigation to a successful global conclusion, if possible.

Thank you for your consideration of our views.

Respectfully,

/s/ Frederic Ellis
Fredric L. Ellis, Esq.
Edward D. Rapacki, Esq.
Joseph M. Makalusky, Esq.
ELLIS & RAPACKI LLP
85 Merrimac Street, Suite 500
Boston, MA 02114
fellis@ellisrapacki.com

/s/ Anne Andrews
Anne Andrews, Esq.
John Thornton, Esq.
ANDREWS & THORNTON
2 Corporate Park, Suite 110
Irvine, CA 92606
aa@andrewsthornton.com

/s/ Christopher M. Placitella, Esquire
Christopher M. Placitella, Esquire
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
Phone: (732) 747-9003
E-mail: cplacitella@cprlaw.com

/s/ Douglas D. Small
Douglas Small
Foley & Small
1002 E. Jefferson Blvd.
South Bend, IN 46617
Toll Free: 800.276.2525
dsmall@foleyandsmall.com

March 19, 2013
Page 7

/s/ Michael D. Galligan
Michael D. Galligan
Galligan and Newman Attorneys
309 West Main Street
McMinnville, TN 37110
(931) 473-8405
mgalligan@galligannewmanlaw.com

/s/ Mark R. Dancer
Mark R. Dancer
Dingerman, Dancer & Christopherson, P.L.C.
100 Park Street
Traverse City, MI 49684
Phone: (231) 929-0500
Facsimile: (231) 929-0504
E-mail: dancer@ddc-law.com
http://www.ddc-law.com

/s/ Melvin B. Wright
Melvin B. Wright
Colling Gilbert Wright & Carter, LLC
801 N. Orange Avenue
Suite 830
Orlando, FL 32801
Phone: (407) 712-7300
Facsimile: (407) 712-7301
E-mail: MWright@TheFloridaFirm.com

Attachment A

## ORGANIZATION AND FUNCTIONS OF THE PSC

The PSC would be responsible for coordinating discovery and other pre-trial proceedings on behalf of plaintiffs, including establishing a plaintiffs federal-state depository. The depository would store all materials produced by parties and non-parties that may be needed in more than a single case, including documents, answers to interrogatories, responses to requests for admissions, responses to requests for production of documents, depositions, trial transcripts, and similar materials. These materials will be made available to plaintiffs in any federal or state case involving injuries from NECP's products. Materials produced to the depository will, to the extent feasible, be stored in computerized text-readable and searchable format. The PSC would be responsible for preparing an index and summary of the materials in the depository for use by all plaintiffs' counsel. The PSC would also be responsible for conducting depositions of witnesses who have relevant evidence. All depositions would be recorded both on video-tape and stenographically.

The PSC would also be responsible for the briefing and argument of pre-trial motions, including motions relating to discovery disputes, motions to dismiss and motions for summary judgment. As there may be disagreements among plaintiffs with respect to various pre-trial matters, the designation of the PSC should not preclude the presentation to the court of divergent views from within the PSC or from plaintiffs' attorneys who are not on the PSC. However, counsel would not repeat arguments made by others.

The PSC should also be responsible for any settlement negotiations that may take place with the various defendants. The PSC will coordinate such negotiations with counsel for the Creditor's Committee and the Trustee.

The PSC would appoint subcommittees to conduct discrete tasks, such as discovery from one or more defendants or settlement negotiations with one or more defendants. The subcommittee may consist of other PSC members or other plaintiffs' counsel who are not on the PSC.

The state-federal liaison counsel would be responsible for communicating and coordinating with plaintiffs' counsel who have cases involving NECP's products pending in state courts throughout the country. State-federal liaison counsel would work with the other members of the PSC, Creditor's Committee Counsel, the Trustees' counsel and plaintiffs' counsel who have state court cases to minimize any duplication of discovery, assist in coordinating the state and federal litigation, exchange information and share resources.

Application for Appointment to Plaintiffs Steering Committee

Frederic L. Ellis, Esq.

Ellis & Rapacki, LLP

**APPLICATION AND QUALIFICATIONS OF FREDRIC L. ELLIS, ESQ.,
ELLIS & RAPACKI LLP, FOR APPOINTMENT TO PLAINTIFFS STEERING
COMMITTEE**

Fredric L. Ellis, Esq., a partner of Ellis & Rapacki LLP, submits this application for

appointment to the Plaintiffs Steering Committee ("PSC") in the New England

Compounding Pharmacy, Inc. Products Liability Litigation (Docket No. 13-MD-2419-

FDS). Attorney Ellis requests that the Court consider this application to serve on the PSC

on an individual basis and as one member of a slate of potential candidates.

A.      **Attorney Ellis' Involvement with the NECP Litigation**

Attorney Ellis represents a number of clients with claims arising from injections of

methylprednisolone acetate ("MPA") compounded by NECP, and he filed one of the first

cases involving NECP's products in Massachusetts State Court in mid-October 2012. Mr.

Ellis' clients include George Cary, individually and as the personal representative of the

Estate of his wife, Lilian Cary, who died of tainted MPA. Mr. Cary, who also received

MPA injections, has been diagnosed with meningitis and has been hospitalized. Other

clients with different types of personal injuries represented by Mr. Ellis include those who

developed a spinal fungal abscess that required surgery and those who suffered symptoms

of meningitis (headaches, neck pain and photosensitivity), and underwent a painful spinal

tap procedure but the results were inconclusive for meningitis.

As counsel in these cases, Attorney Ellis' law firm has reviewed the regulatory files

concerning NECC and Ameridose, investigated the relationships between NECC and a

number of its related corporations, and the respective roles of various contractors at the

NECP facility. He was the first attorney to name NECP's sterility testing laboratory, ARL

Bio Parma, Inc., as a defendant in any case in the country and was also the first to name

GDC Properties Management, LLC, NECP's landlord, as a defendant. Mr. Ellis was

among the attorneys who coordinated the inspection of NECP's premises in December

2012, and was responsible for administering the fund established by plaintiffs' firms to conduct the inspection. He assisted in drafting the protocol for the inspection and he also coordinated the scheduling of plaintiffs' firms from around the country to visit the site during the four-day inspection. Mr. Ellis' firm has drafted and served a number of discovery requests to various defendants, and served a number of in-state and out-of-state subpoenas on a number of NECP's vendors. The documents produced in response to these discovery requests exceed 20,000 pages, all which have been reviewed by Ellis' law firm. As additional new facts were discovered, Mr. Ellis developed additional legal theories of liability, filed a number of amended complaints, and shared these complaints freely with plaintiffs' counsel across the country.

Attorney Ellis also assisted the Creditor's Committee's counsel in the preliminary injunction hearing before Bankruptcy Judge Boroff, which resulted in the issuance of injunctions, attachments and trustee process over the assets of the individual defendants and several of NECP's related corporations.

**B.**     **Biography of Fredric L. Ellis, Esq.**

Fredric L. Ellis graduated with honors from Harvard Law School in 1983. From 1983 to 1984, Mr. Ellis was a law clerk to Justice Raya S. Dreben of the Massachusetts Appeals Court. From 1984 to 1986, he served as an Assistant District Attorney in the Middlesex County District Attorney's Office, trying cases in the District and Superior Courts and briefing and arguing cases in the Massachusetts appellate courts, including first-degree murder cases in the Massachusetts Supreme Judicial Court. In 1986, Mr. Ellis was appointed Deputy-Chief of the Appeals and Training Bureau for the Middlesex District Attorney's Office, supervising eleven attorneys in all aspects of appellate litigation.

2

From 1988 to 1996, Mr. Ellis was in private practice at the Boston law firm of Gilman, McLaughlin & Hanrahan, where he was made a partner in 1991. He handled a variety of civil and criminal cases, including business litigation, products liability and class actions. In 1992, he was appointed to several plaintiffs' counsel committees in the <u>Silicone Gel Breast Implant Product Liability Litigation</u>, MDL-926, and was later appointed by Judge Sam Pointer of the Federal District Court in the Northern District of Alabama to serve on the MDL-926 Common Fund Disbursement Advisory Committee, which recommended appropriate attorney fee payments to attorneys for common benefit work in that litigation. The Silicone Gel Breast Implant litigation involved hundreds of thousands of claimants and over twenty defendants, with tens of thousands of individual cases filed in state and federal courts throughout the country. Several of the defendants filed for bankruptcy and there was also a number of limited fund settlements, all coordinated with the MDL proceedings. Attorney Ellis had substantial involvement with all of these various proceedings for many years, including oversight of the claims processes established to distribute several settlement funds.

In 1995, Mr. Ellis was co-counsel for plaintiffs in the trial of <u>Toole v. Baxter Healthcare</u>, a breast implant case in Birmingham, Alabama, which resulted in a plaintiff's verdict of $6 million, later reduced to $1 million on remittitur. <u>See Toole v. Baxter Healthcare Corp.</u>, 235 F. 3d 1307 (11th Cir. 2000). Mr. Ellis was also lead trial counsel and lead appellate counsel in <u>Mahlum v. Dow Chemical Co.</u>, in Reno, Nevada, which resulted in a $14.15 million dollar plaintiff's verdict in October 1995, which verdict was partially affirmed on appeal. <u>Mahlum v. Dow Chemical Company</u>, 114 Nev. 1468 (1998). Mr. Ellis was also lead trial counsel and lead appellate counsel in another breast implant case in Massachusetts, which resulted in a $1.1 million plaintiff's verdict in 1996, which verdict

3

was upheld on appeal.  Vassallo v. Baxter Healthcare Corp., 428 Mass. 1 (1998).  In May 1996, Mr. Ellis founded the firm of Ellis & Rapacki LLP.  In the late 1990s, he settled over one hundred individual breast implant cases with breast implant manufacturers.  Mr. Ellis also negotiated a settlement with the U.S. Department of Health and Human Services to resolve the government's Medicare and Medicaid reimbursement claims against breast implant manufacturers and claimants.

Mr. Ellis also served as lead counsel in several bankruptcy debtor reaffirmation class actions, including In re: GECC Bankruptcy Reaffirmation Agreements Litigation, MDL-1192, where he served on the Plaintiffs Steering Committee.  Mr. Ellis was also co-lead class counsel in Roberts v. Bausch & Lomb, in the Northern District of Alabama, a nationwide consumer class action.

Mr. Ellis has served as lead class counsel in numerous other class actions, including Feiss v. MediaOne Group, U.S.D.C. N.D. Ga., Ciardi v. F. Hoffmann LaRoche, Mass. Sup. Ct., Sweeney v. BASF Corp., Mass. Sup. Ct., and Providence Steel v. Union Central Life Insurance Co., U.S.D.C. D. Mass; and Shabshelowitz v. Royal Maccabees Life Insurance Co., U.S.D.C. D. Mass, and has obtained numerous other jury verdicts and million dollar settlements in a wide range of personal injury, wrongful death cases and consumer class actions.

In 2005, Mr. Ellis was appointed by Judge Denise Page Hood of the Federal District Court in the Eastern District of Michigan as Liaison Counsel for over 600 breast implant cases which opted-out of the Dow Corning Settlement Program in the Dow Corning Bankruptcy.  He continues to serve in that role in the Dow Corning Bankruptcy proceedings today coordinating the remainder of these cases.

4

More information concerning Attorney Ellis and the Ellis & Rapacki LLP law firm may be found at www.ellisrapacki.com.

Application for Appointment to Plaintiffs Steering Committee

Anne Andrews, Esq.

Andrews & Thornton



ANDREWS THORNTON

Attorneys At Law, A Law Corporation

2 Corporate Park, Suite 110
Irvine, California 92606
Telephone: 949.748.1000
Facsimile: 949.315.3540
www.andrewsthornton.com

Anne Andrews
aa@andrewsthornton.com
John C. Thornton
jct@andrewsthornton.com
Sean T. Higgins
shiggins@andrewsthornton.com
Lila Razmara
lr@andrewsthornton.com
Of Counsel:
Karren Schaeffer
kschaeffer@andrewsthornton.com

March 19, 2013

<u>**Via Hand-Delivery and ECF**</u>

Hon. Dennis F. Saylor IV
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

      RE:   **In re: New England Compounding Pharmacy, Inc. Products Liability Litigation, Docket No. 1:13-md-2419-FDS**

             **Application – Plaintiffs' Steering Committee**

Dear Judge Saylor:

By this letter, I am respectfully submitting my application, both individually, and as part of the proposed slate, to serve on the New England Compounding Pharmacy MDL Plaintiffs' Steering Committee (the "PSC").

My name is Anne Andrews, and I am the co-founding partner of Andrews & Thornton located in Irvine, CA. Our firm represents more than 150 victims from 13 states (AL, CA, FL, IL, IN, KY, MASS, MD, MI, NJ, NV,PA, TN) with additional cases under investigation. I believe I am uniquely qualified for the NECP MDL PSC, as I have extensive tort claimant related bankruptcy litigation leadership experience that is unique, valuable and necessary for this case, coupled with wide and diverse experiences on MDL Plaintiff's Executive Committees and Plaintiff's Steering Committees. All the bankruptcy cases in which I have been involved (detailed below) were successfully resolved in global settlements after litigation and extensive negotiations resulting in plan confirmations and settlements for all plaintiff tort claimants. I currently serve as co-chair of the *Official Committee of Unsecured Creditors in the New England Compounding Pharmacy, Inc., Chapter 11 Bankruptcy* (the "Creditors' Committee").

At the virtual onset of this litigation, I filed a receivership action in Massachusetts state court to protect and preserve assets of NECP for the benefit of not only my client, Kathleen Guzman, but all victims of this tragedy. This early effort to freeze secure and protect assets for the benefit of all victims was stayed by the ensuing bankruptcy filing. Meanwhile, after the bankruptcy filing and within one week of my appointment as co-chair of the Creditors' Committee in the bankruptcy case, the Creditors' Committee

successfully obtained orders from Bankruptcy Judge Boroff following a contested hearing which enabled the Committee to attach up to twenty-one million dollars ($21 million) from each of the NECP principals (the total amount attached exceeded $30 million) and preserve such funds in the bankruptcy estate for the benefit of all creditors, including the many hundreds of victims that my firm represents.

My firm is a leader in MDL scientific issues management.  As such at the onset of this case we consulted with and retained top experts in their respective fields to advise us on the difficult diagnosis, ground breaking treatment protocols and long term prognosis of this complex and medically frustrating disease.

I have practiced in the area of pharmaceutical and medical device products liability litigation for 30 years. I have been involved in various federal multi-district litigations and state court coordinated litigations beginning with the *Dow Corning Breast Implant* litigation. I have extensive experience with and have been an active participant in virtually every recent tort claim related litigation within a bankruptcy, including *In re Ephedra* litigation (MDL 1598), *In re Metabolife* (Cal. JCCP 4360), *In re MII Liquidation, Inc.* (Metabolife) (Chapter 11),  *In re TL Administration Corporation* (Chapter 11) ("Twinlabs"), *In re N.V.E., Inc.*  (Chapter 11), *In re MuscleTech Research and Development, Inc.* (Chapter 15 and Canadian CCAA), *In re Chemtura Corporation (Chapter 11)* and *In re Silicone Gel Breast Implant*  (MDL 936).

**<u>Multidistrict Federal and Coordinated State Experience.</u>**
- I was appointed to the Plaintiff's Executive Committee (PEC) by the Honorable Robert L. Miller, Jr. and currently serve on that Committee  for *In re Biomet M2A Magnum Hip Implant* products liability litigation (MDL 2391).
- I was appointed to the PSC by the Honorable Barry Ted Moskowitz for *In re Hydroxycut* (MDL 2087).
- I served on the PSC by appointment of the Honorable Jed S. Rakoff in the *In re Ephedra* litigation (MDL 1598).
- I served as Co-Plaintiffs' Liaison Counsel in *In re Metabolife* for 356 Cases (Cal. JCCP 4360) before Honorable Ronald Styn in San Diego, CA.
- I served as Lead Counsel in *In re Quinine* (JCCP 4565).
- I have been involved in various capacities for the following pharmaceutical litigations:
  - *In re PPA* litigation (MDL 1470);
  - *In re Diet Drugs* (Phentermine / Fenfluramine / Dexfenfluramine) products liability litigation (MDL 1203);
  - *In re Silicone Gel Breast Implant* products liability litigation (MDL 936);
  - Science Committee *In re Vioxx*  (MDL 1657);
  - *In re Kugel Mesh* (MDL 1842);
  - *In re Accutane* litigation (NJ MDL 271);
  - *In re Actos* (MDL 2299 and JCCP 4696);
  - *In re Avandia* (JCCP 4578);
  - *In re Reglan Metoclopramide* (JCCP 4631);
  - *In re Yaz Yasmin* (JCCP 4608 and MDL 2100);
  - *In re Zimmer Durom Cups* (MDL 2158).

2

**Multidistrict Bankruptcy Experience**.

- I was selected by the Office of the United States Trustee for the Southern District of New York to serve in a representative capacity for my client on the Official Tort Claimants' Committee responsible for the representation of personal injury claimants in the Twinlabs bankruptcy (*In re TL Administration Corporation*).
  - o  I served the Committee as Principal Negotiator resulting in the successful global resolution of all tort claims.
  - o  The original Twinlabs case management order (CMO) that provided the initial architecture for the global resolution of the tort claims was drafted and submitted to Judge Rakoff by the debtor, the Official Tort Claimants' Committee (represented by David Molton, who is currently Counsel for the Official Committee of Unsecured Creditors in the NECP Chapter 11 case) and the Plaintiffs and Defendants Steering Committees in the MDL, and I am listed as an appointed Plaintiff's Coordinating Counsel in that CMO.
- For *In re MII Liquidation, Inc.* (Metabolife), I was selected by the Office of the United States Trustee for the Southern District of California to serve in a representative capacity for two of my clients on the Official Committee of Unsecured Creditors, and I was elected by that Committee as Committee co-chair.  In that capacity, I assisted in successfully negotiating the settlement of 700 tort claims within the Metabolife Chapter 11 bankruptcy.
- I was selected by the Office of the United States Attorney for the District of New Jersey to serve in a representative capacity for my client on the Official Committee of Unsecured Creditors for the *In re N.V.E., Inc.* Chapter 11 case, and I served as Lead Counsel in the negotiation and global resolution of tort claims in that bankruptcy case.
- I was selected, per coordinated orders of Justice Farley of the Ontario Commercial Court in Ontario, Canada and Judge Rakoff in the Southern District District of New York, to serve on the Ad Hoc Committee of Tort Claimants in the Canadian CCAA case and companion U.S. Chapter 15 case in *In re MuscleTech Research and Development, Inc.* This was one of the first Chapter 15 cases ever filed (Chapter 15 provides for ancillary U.S. proceedings in aid of foreign main insolvency proceedings).  I assisted in the negotiation and global resolution of tort claims in that case.
- I was selected by the Office of United States Trustee for the Southern District of New York to serve in a representative capacity for my client on the Official Committee of Unsecured Creditors in the *In re Chemtura Corporation* bankruptcy, which involved significant tort claims for injury resulting from exposure to diacytl.

**Multidistrict Litigation Experience**.

- Along with my partner, John Thornton, I successfully conducted an extensive FRE 702 hearing in the SD NY involving complex scientific issues in *In re Ephedra* (MDL 1598), ultimately favorably impacting the claims of over 800 victims of dangerous dietary supplements.
- In the *In re Vioxx* (MDL 1657) litigation, my firm managed the scientific issues for *Barnett v. Merck* trial in ED LA before the Honorable Eldon Fallon, returning a $51 million dollar verdict for Mr. Barnett,  which ultimately proved to be the turning point in settling the global *Vioxx* litigations.

My firm has the financial and staffing capacity to undertake and support this litigation, including trials.  We have exhibited our capability to work collegially with both our plaintiff counsel peers and with defense counsel from virtually every major pharmaceutical defense firm for successful resolution of pharmaceutical injury cases. We are committed to the efficient and effective resolution of the New England Compounding Pharmacy claims of potentially thousands of victims of this needless tragedy.

Sincerely,

ANDREWS & THORNTON

Anne Andrews

4

Application for Appointment to Plaintiffs Steering Committee

Christopher M. Placitella, Esq.

Cohen, Placitella & Roth P.C.

*In re: New England Compounding Pharmacy, Inc.*     :     **MDL No. 1:13-md-2419**
*Products Liability Litigation*                      :
                                                     :
**This Document Relates to: All Cases**              :
                                                     :

### Application and Qualification Statement of Christopher M. Placitella, Esquire, Cohen, Placitella & Roth P.C., for Appointment to Plaintiff Steering Committee

Christopher M. Placitella, Esquire, a shareholder of Cohen, Placitella & Roth P.C.

("CPR) respectfully requests appointment to the Plaintiff's Steering Committee ("PSC") of the

*New England Compounding Pharmacy, Inc. Products Liability Litigation.*

In support of this application I submit the following statement of my and CPR's

qualifications. My firm represents several victims of NECC's contaminated products, including

one of the earliest confirmed fatalities from NECC's fungal contaminated methylprenisolone

acetate product, Mrs. Brenda Rozek.  My firm has been active in protecting the rights of NECC

victims for many months preceding the MDL, including participation in the prosecution of a

Massachusetts state court equity action for appointment of a receivership prior to NECC's

Chapter 11 Bankruptcy filing and later once NECC's Chapter 11 Bankruptcy was commenced ,

having two members of my firm' splitting the duties of co-chairing of the NECC's Creditors

Committee. I believe that my personal experience and significant accomplishments in the field

pharmaceutical and toxic tort cases which I outline below, along with my firm's resources to

prosecute such matters, amply qualifies and justifies me and my firm's appointment as a member

of the captioned matter's PSC.

I am applying for this PSC position both individually and as a member of a slate of

candidates.

### *Qualifications of the CPR firm*

Cohen, Placitella & Roth, P.C. ("CPR") was founded in 1973.  It is a Pennsylvania professional corporation. Its flagship office and headquarters is located in Philadelphia, with offices located in Red Bank, NJ, Pittsburgh, PA, Bala Cynwyd PA, Lemoyne, PA and Washington, D.C.

CPR's practice is devoted to complex litigation in a variety of fields, including products liability, toxic tort, pharmaceutical/medical device and mass tort litigation. CPR has the professional experience and financial resources to investigate, litigate and resolve the most sophisticated cases.  CPR's dedicated team of professionals includes experienced trial attorneys and support staff who are at the forefront of the legal, scientific, electronic discovery and financial aspects of mass tort, pharmaceutical, securities, consumer and environmental litigation. CPR provides claimants with the personnel and financial resources to handle affirmative litigation matters all the way through trial to appeal, claim resolution and distribution. The firm has adequate resources to fund complex and protracted litigation matters in which it accepts the engagement.

CPR routinely prosecutes and actually tries a variety of complex cases before judges and juries each year in a wide array of areas, from catastrophic personal injury and, property loss mattes to antitrust, shareholder derivative, consumer and subrogation matters, as well as mass tort litigation.  In sum, our attorneys have produced outstanding results for our clients where it counts – in the courtroom.  CPR's practice and long history of success sets it apart from many of its peers. Notably the firm prides itself on taking on the fights people think can't be won, and then winning for their clients.

### *Qualifications of Christopher M. Placitella*

I am a 1978 graduate of Fordham University with a B.S. *summa cum laude* in Accounting.  I received my law degree at the Syracuse College of Law in 1981 where I graduated *cum laude*, served on the Law Review and was a member of the Legal Honors Society. I am shareholder of CPR and am admitted to practice law in New Jersey (1981) and New York (1981), as well as the U.S. District Court of New Jersey and the U.S. District Court of New York for the Southern District. I have been admitted pro hac vice in a number of other jurisdictions

I specialize in complex litigation, including environmental, product liability, toxic and mass tort litigation.  I have tried numerous cases to verdict. I am a former President of the New Jersey Association of Justice and am a member of the Board of Governors for the American Association for Justice. I work nationally fighting for the rights of asbestos and other toxic tort victims, and have won numerous jury trials for asbestos victims.

I participated as trial counsel in the largest consolidated asbestos trial in New York City history, as well as obtained the largest punitive damage verdict against an asbestos company in New Jersey's history. I also participated as one of the lead trial counsel in the largest environmental tort settlements on behalf of individuals in New Jersey history to date, the $38.5 million settlement with the Ciba Geigy Company concerning its Tom's River Plant Superfund Site. I was counsel in the damages claim suits brought against DuPont for industrial waste contamination of wells in New Jersey and represented Jersey City in its environmental damage claims against chromium companies. I was one of the appointed lead class counsel in the prosecution and eventual monumental national settlement of the Diet Drug litigation. I have been at the forefront of lead paint exposure litigation, including cases in which government entities sought nuisance abatement remedies from the lead paint industry. I also served as a member of

the litigation team that secured a $7.6 billion tobacco settlement on behalf of the State of New Jersey.

I believe I am respected for my ability to work with, organize and manage teams of diverse lawyers assembled from many other firms in mass tort and aggregate litigation matters. I am currently serving as the New Jersey State Liaison counsel in the DePuy ASR Products Liability MDL before Judge Katz in Toledo, and on several of the separate PSC's established in the Trans-Vaginal Mesh MDLs centralized in the United States District Court for the District Court of West Virginia before Chief Judge Goodwin. I also have substantial experience in addressing and resolving tort claims in situations where one or more of the key defendants or responsible parties have become bankrupt. I served as a member of the MDL committee that worked through the Johns Manville bankruptcy.

I have received numerous awards throughout my legal career, including the New Jersey Association for Justice's "Gold Medal" (the highest award that can be bestowed on a New Jersey trial attorney by his peers) for my dedication in fighting for the rights of victims of environmental pollution.  I have also received the "Pioneer Award" by Consumers for Civil Justice (New Jersey's largest consumer advocacy organization) for my efforts championing the rights of New Jersey consumers and tort victims, and the "Meritorious Service Award" presented by the New Jersey White Lung Association  for  advocating and advancing the rights of asbestos victims.  Additionally I have been named a "Best Lawyer in America" and was acclaimed as a "Top Toxic &  Mass Tort Lawyer in NJ" by the National Law Journal.  I was also nominated as National "Trial Lawyer of the Year" for my work in representing lead poisoned children.

I am frequently an invited lecturer on topics including asbestos, pharmacecitcal and medical devices and consumer advocacy. I recently presented a lecture on "*Deposing Corporate*

4

*Representatives*" before the New Jersey Attorney General's Advocacy Institute. I am also the author of numerous articles on toxic tort litigation, as well as the author and publisher of a weekly video news update concerning important events relating to class actions, mass torts and consumer protection.

With respect to public service initiatives I regularly volunteer my time to numerous causes and consumer advocacy groups which fight for the rights of people who have suffered as a result of corporate misconduct. My board and association service include: Counsel to Consumers for Civil Justice; Vice President of the New Jersey Public Interest Law Center; Advisor to Workplace Environmental Counsel; Advisor to the Coalition to End Childhood Lead Poisoning; and, Former President, New Jersey Trial Lawyers (ATLA-NJ). I am currently *pro bono* counseling and assisting hundreds of New Jersey coastal community residents whose homes and other property were extensively damaged or destroyed this past fall by Superstorm Sandy.

I have served or am serving in leadership roles in numerous complex litigations, including: Member, Steering Committee for National, Multi-District Asbestos Litigation; Special Counsel to all State Court Litigants in the National Diet Drug Litigation; Special Counsel for the Commonwealth of Pennsylvania in Vioxx Litigation; Class Counsel, Johns Manville Class Action Suit; Class Counsel, New Jersey Diet Drug Litigation; Member, Steering Committee for National 23 Multi-District TMJ litigation; Member Steering Committee in the Pelvis Repair (Trans-Vaginal Mesh) Product Liability Litigation; MDL Member, New Jersey State Liaison Counsel, DePuy ASR Hip Device Products Liability; Litigation Steering Committee for National Rezulin Litigation; and, Lead Counsel for NJ State Wide Propulsid Litigation

5

### *Qualifications of Significant Other CPR Members*

In addition to me, the following two senior CPR members are handling NECC injury matters and would assist me in my duties and functions as a member of the PSC. Both of them, I note, are currently sharing one of the Co-Chair seats of the Official Unsecured Creditors Committee of NECC's Chapter Bankruptcy Estate:

**HARRY M. ROTH** (Shareholder). Harry is a graduate of Franklin & Marshall College where he received his B.A. in 1980.  Harry received his law degree from 1983 from Hofstra University, and he also received a Masters in Law (L.L.M.) in Trial Advocacy in 1994 from the Temple University School of Law.  Harry was admitted to the Pennsylvania Bar in 1983 and the District of Columbia in 1985. He is also admitted to practice in U.S. District Court, Eastern District of Pennsylvania and the U.S. Court of Appeals, Third Circuit.

Harry is an experienced trial lawyer representing plaintiffs in complex litigation, including medical malpractice, personal injury, environmental, products liability, professional negligence, mass tort, and securities litigation. He has over twenty years of experience in complex litigation and has achieved by way of verdict or settlement several multi-million awards, including a $3.25 million recovery for a teacher seriously injured due to the medical negligence of her doctors in failing to properly administer anesthesia; a $7.5 million dollar recovery for a young girl who suffers cerebral palsy as a result of an untimely performed cesarean section delivery; a $933,000 verdict against a neurosurgeon who misplaced a shunt during brain surgery (later settled for $1.2 million); and, an $890,000 judgment in a products liability case claiming that a defectively designed high-speed roll up door struck a worker, causing him to suffer a mild traumatic brain injury with permanent cognitive deficits. Harry

recently served as lead counsel to Commonwealth's Department of Aging in its $8.25 million

Vioxx cost recovery action. Harry also served as co-counsel representing the Philadelphia School

District in its asbestos abatement cost recovery claims. Through NECC victim client *Estate of*

*Brenda Rozek* (one of the seminal fungal meningitis death case attributed to NECC's

methylprenisolone acetate), Harry was appointed by the United States Bankruptcy Trustee to

serve on the NECC Bankruptcy's Unsecured Creditors Committee. He was then elected co-chair

by the other members' proxy attorneys. He shares the duties of this co-chair seat with CPR

member Michael Coren (see below).

     Harry has been selected by his peers as one of "The Best Lawyers in America." Harry is

also a member of many community and bar association activities including: President, Board of

Trustees of The Philadelphia School; Member, Philadelphia, Pennsylvania and American Bar

Associations; Member, The District of Columbia Bar; Member, Philadelphia Trial Lawyers

Association; Board of Directors (1998 - 2008); Member, The Association of Trial Lawyers of

America; Member, International Property Investment Journal, (1982-1983); Disciplinary Board

Hearing Committee of the Pennsylvania Supreme Court, (1994-2000).

     Harry is resident in and is the Managing Shareholder of the Pennsylvania office.

**MICHAEL COREN (Member).** Michael is a graduate of Temple University where he

received his B.A. in 1974. He attended Cleveland State University, Cleveland-Marshall College

of Law where he received his J.D. *magna cum laude* in 1979. Michael received his M.B.A. from

Temple University in 1980. Michael was admitted to the Pennsylvania Bar in 1979 and the New

Jersey Bar in 1981, and is also admitted in United States Third Circuit Court of Appeals, United

States District Court for New Jersey, and United States District Court for Pennsylvania. He has

been admitted *pro hac vice* in numerous other jurisdictions, including the United States District

Court for the District of Massachusetts where he was appointed co-class counsel in the recently

settled Evergreen Ultra-short Opportunities Fund Securities Litigation before Judge Gorton.

Michael has over thirty years experience in complex pharmaceutical and mass tort

litigation. He has been a member of trial teams on environmental, pharmaceutical and securities

and consumer fraud cases. Michael also has been appointed class counsel in pharmaceutical,

securities, anti-trust and consumer fraud matters. Many of the matters Michael has handled have

been ground breaking or leading edge cases in the areas of environmental injury, employee

workplace safety, and consumer abuse.  Among the environmental, pharmaceutical and toxic tort

litigation matters Michael has served or is serving as counsel are:

- *Commonwealth of Pennsylvania MTBE litigation.*  Matter involves development and representation of the Commonwealth's damages and loss claims against gasoline refiners responsible for MTBE contamination of Commonwealth's waters.

- *Commonwealth of Pennsylvania, Department of Aging Vioxx Litigation.*  Matter involves development and representation of the Commonwealth's misrepresentation and fraud claims against MERCK regarding Commonwealth's PACE program's expenditures for VIOXX prior to the drug's recall in 2004. Matter recently settled for $8.25 million.

- *GEMS Landfill Superfund Site Litigation.* Matter involved over 300 potentially responsible parties and multiple toxic substance contaminants which caused the landfill to be ranked as the 12th worst Superfund Site on the National Priorities List. Representation included property devaluation claims of class of property owners located in "redline zone" drawn around landfill by NJ Department of Environmental Protection.

- *St Jude Medical Silzone Heart Valve Products Liability Litigation MDL.* Matter involved personal injury and consumer fraud claims arising out of defective, recalled mechanical heart valve prosthetic device that was manufactured with a toxic silver coating on the prosthetic devices' sewing cuff. Was a member of the Plaintiff Steering Committee managing and conducting the litigation of claims consolidated before the United States District Court for the District of Minnesota.

- *Diet Drug Litigation. Court* appointed co-class counsel in New Jersey and Pennsylvania class actions on behalf of patients taking "fen-phen" diet drug combination or Redux. He was a member of the trial team that tried the New Jersey class action, and also served as Adjunct Class Counsel in the National Class action. All cases settled for $3.75 Billion Dollars.

- *Thorotrast X-Ray Contrast Dye Litigation.* Matter involved representation of families of patients who died of liver cancer following administration of the radioactive thorium based contrast agent "Thorotrast". Case involved complex issues of radiation science, the state of the art of industry knowledge and corporate successor liability.

- *Pantopaque X-Ray Contrast Dye Litigation.* Pharmaceutical products liability matter involving representation of a patient receiving spinal injection of oil based contrast dye who developed *adhesive arachnoiditis*.

Michael is a frequent invited lecturer on mass tort, pharmaceutical/medical device, electronic discovery, food-borne illness and case management technique topics.  He has earned acclaim from both courts and other attorneys for his innovative and high caliber investigative, trial and appellate work in national and other large scale level class actions and mass injury cases. He often is assigned or elected in aggregate litigation matters to handle or oversee the administration of plaintiff steering or management committees or organizations.

Michael is resident in the Pennsylvania office.

Respectfully Submitted,

COHEN, PLACITELLA & ROTH, P.C.

Dated: March 19, 2013                    /s/ Christopher M. Placitella
Christopher M. Placitella
127 Maple Ave
Red Bank, New Jersey 07701
(732) 747-9003

9

Application for Appointment to Plaintiffs Steering Committee


Michael D. Galligan, Esq.

Law Offices of Galligan & Newman

LAW    OFFICES    OF

# GALLIGAN & NEWMAN

| Michael D. Galligan | Robert W. Newman | Susan N. Marttala | John P. Partin | Benjamin R. Newman | M. Trevor Galligan |

March 18, 2013

Honorable F. Dennis Saylor, IV
U. S. District Court
U. S. Courthouse
One Courthouse Way
Boston, MA 02210

Re:    MDL No. 2419,  In Re: New England Compounding Pharmacy, Inc.

Dear Judge Saylor:

I am writing to request appointment to the Plaintiff's Steering Committee (PCS) for MDL No. 2419, *In Re: New England Compounding Pharmacy, Inc* (NECP). I have become involved in this case, not as a mass torts attorney, but as a seasoned trial attorney representing several clients who were seriously injured, including a man whose wife died, as a result of receiving injections of the tainted methyl-prednisolone acetate at the St. Thomas Outpatient Neurosurgical Center in Nashville, Tennessee. I have a good reputation and working relationship with the plaintiff's bar throughout Tennessee and have spoken with many of the other attorneys representing some of the 150 injured people, including the families of 14 deceased victims, in Tennessee.

I am currently serving as a member of the Official Committee of Unsecured Creditors for the Chapter 11 bankruptcy case filed by NECP. I have been a very active member and the work of that committee will complement the responsibilities of the members of the PSC. My firm was present at the JPMDL hearing in Orlando and both hearings in Boston before your Honor in the MDL litigation. I am applying for the PSC position both individually and as a member of a slate of candidates.

I have been a practicing trial attorney representing plaintiffs for over 40 years. I have handled complex, high stakes litigation, primarily in the areas of motor vehicle and truck accidents, professional negligence, products liability, premises liability, civil rights and employment discrimination in state and federal courts. I am a member of the State Bar of Tennessee and am admitted to practice in the United States District Courts for the Middle and Eastern Districts of Tennessee, the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court.  I have been admitted pro hac vice in a number of other jurisdictions. I have tried hundreds of lawsuits and have successfully handled  multi-million dollar cases. I have an AV rating from Martindale-Hubbell and my firm has been recognized in the Bar Registry of Preeminent Lawyers.

Honorable F. Dennis Saylor, IV
March 18, 2013
Page 2


      Outside of the courtroom, I have been active in the legal profession serving as an Adjunct Professor of Law at the University of Tennessee School of Law teaching Advanced Trial Advocacy. I am a diplomat of the National Institute of Trial Advocacy.  I was appointed by the Governor of Tennessee to serve on the Tennessee Judicial Council and I am a past member of the Board of Governors of the Tennessee Association for Justice.

      I am confident my credentials qualify me to serve as a member of the PSC. I have the financial resources and will devote my time and commit the resources of my firm to further this important litigation. I will be happy to provide any further information you may need.

      Sincerely,

      Michael D. Galligan

Application for Appointment to Plaintiffs Steering Committee

Mark R. Dancer, Esq.

Dingeman, Dancer & Christopherson PLC



March 18, 2013

United States District Court
John Joseph Moakley U.S. Courthouse
Honorable Dennis F. Saylor, IV.
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:    MDL No. 2419 -- In Re: New England Compounding Pharmacy,
       Inc., Products Liability Litigation; Application of Mark R. Dancer for
       Appointment to the Plaintiffs' Steering Committee

Dear Judge Saylor:

Please accept this correspondence as my Application for Appointment to the Plaintiffs' Steering Committee in the above-referenced matter. Dingeman, Dancer & Christopherson, PLC currently represents clients in two cases filed in the Western District of Michigan which have been transferred to this court pursuant to the order of the JPML, *Briggs v. New England Compounding Pharmacy, Inc., et al.*; Case No. 1:12-cv-01363 and *Smoot v. New England Compounding Pharmacy, Inc. et al.*; Case No. 1:12-cv-01367. Both cases involve clients who suffered lengthy hospitalizations as a result of their injections. We also represent over forty individuals and continue to evaluate new inquiries from people who also received contaminated injections from a pain clinic located in Traverse City, Michigan, where I have practiced for over twenty years representing injured individuals. Our clients have suffered substantial injuries, including lengthy hospital stays, burdensome medical bills, multiple surgeries, and pain and suffering. We have already spent a substantial amount of time and effort representing our clients in this litigation both locally and in the MDL.

I am a litigation partner in the Traverse City, Michigan, law firm of Dingeman, Dancer & Christopherson, PLC. My practice since 1993 has focused on serious personal injury and wrongful death claims. Prior to that, I had extensive experience litigating insurance coverage issues in California. I have obtained some of Michigan's largest settlements and verdicts on behalf of individuals injured or killed in all types of accidents, including motor vehicle and truck accidents, elevator accidents, oil field accidents, physical and sexual assaults, premises liability claims, and product liability claims. In 2007, I obtained the 10th largest settlement in Michigan, as reported by Michigan Lawyer's Weekly. I have received an AV rating from Martindale-Hubbell, as has Dingeman, Dancer & Christopherson. I have never been sanctioned by any court

100 Park Street   Traverse City, MI 49684
440 Bridge Street NW   Grand Rapids, MI 49503

231 929 0500   800 626 0050   *fax* 231 929 0504

www.ddc-law.com

March 18, 2013
Page | 2

or bar association for any ethical violation.  I am a member of the State Bars of California and Michigan, and am admitted to practice before the United States District Courts for the Eastern and Western Districts of Michigan and the United States Court of Appeals for the Sixth Circuit and the Federal Circuit.  I am a member of the American Association for Justice, the Michigan Association for Justice, the American Bar Association, the Grand Traverse/Leelanau/Antrim County Bar Association, the Brain Injury Association of America, and the Litigation and Negligence Sections of the State Bar of Michigan.

In addition to myself, Daniel O. Myers, of counsel to Dingeman, Dancer & Christopherson, PLC, would be working with the PSC.  Mr. Myers recently returned to Northern Michigan after over fifteen years of experience in national complex litigation, first as an associate at the law firm of Ness, Motley, Loadholt, Richardson and Poole, and later as a Member of the firm of Richardson, Patrick, Westbrook and Brickman.  He has been appointed lead-class counsel or class counsel in numerous state and national class actions.  He has also been active in multi-district litigation, most recently in MDL 2015, *In re Wachovia "Pick-A-Pay" Mortgage Litigation.*  Outside the federal sphere, he has acted as national coordinating counsel working with numerous local counsel, including myself, representing over 700 individuals in informally coordinated actions filed in numerous state courts on claims arising from improper admissions to psychiatric hospitals.  He is a member of the State Bars of South Carolina and Michigan and is admitted to practice in the United States District Courts of Western Michigan, South Carolina, Northern and Southern Indiana, Southern Illinois, Colorado, Northern Florida, and Western Pennsylvania.  He is also admitted to practice in the Third, Fourth, Sixth, Seventh and Eleventh Circuit U.S. Courts of Appeals.  He has never been sanctioned by any court or bar association for any ethical violation.

Dingeman, Dancer & Christopherson, PLC is financially capable of devoting the resources needed to act as a member of the PSC.  In addition to myself and Daniel O. Myers, the firm is prepared to devote the time of a third attorney, together with a legal assistant, to assist with the responsibilities of the PSC in this litigation, and has the capability of adding additional personnel if needed.

Very truly yours,

DINGEMAN, DANCER &
CHRISTOPHERSON, P.L.C.

Mark R. Dancer

MRD:to
S:\MRD\CONTAMINATED INJECTION - MENINGITIS CASES\DISTRICT COURT MASS\Letters\Application for Steering Committee.docx

Application for Appointment to Plaintiffs Steering Committee

Douglas D. Small, Esq.

Foley & Small LLP

 FOLEY & SMALL, LLP        ATTORNEYS AT LAW

1002 EAST JEFFERSON BOULEVARD                  (574) 288-7676
SOUTH BEND, INDIANA 46617                       (800) 276-2525
WWW.FOLEYANDSMALL.COM                           TELECOPIER
                                                (574) 288-4939
EDMOND W. FOLEY                          efoley@foleyandsmall.com
DOUGLAS D. SMALL                         dsmall@foleyandsmall.com

March 18, 2013

Honorable Dennis F. Saylor, IV
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

          RE:     NECC PSC Committee Application

Dear Judge Saylor:

          I write to express my interest in serving on the Plaintiff's Steering Committee and request
appointment to a seat on the PSC individually and as a member of a slate of applicants.

**NECC Cases.**

My firm has over 60 clients who received contaminated epidural injections manufactured and
sold by the New England Compounding Center. The great majority of our clients are Indiana
residents, though we do have some Michigan clients. Our clients received their injections from
the Orthopedics Sports Medicine Center ("OSMC"), in Elkhart, Indiana, and from the South
Bend Clinic, with the largest number of clients having been injected at OSMC. We have three
wrongful death cases. For our other clients, the overwhelming majority developed spinal
meningitis or fungal infections requiring surgery. A number of our clients have medical
expenditures in the hundreds of thousands of dollars. Before NECC's bankruptcy, we had filed
cases on behalf of 10 clients in state court in Indiana, which were then removed to federal court
and are now transferred to the MDL proceeding. We intend to file claims on behalf of all our
remaining clients as soon as procedures are established through either the bankruptcy or MDL
proceeding, or both.

**Personal Background.**

Born: Knox, Indiana, November 1957 - Married with two children

Education:
          Franklin College, Franklin, Indiana, Fall Semester 1976

          Indiana University, 1977-1980, B.A., History, Honors & High Distinction, Phi Beta

Kappa

Indiana University Law School, 1980-1983, J.D., cum laude National Moot Court Team

Professional:
> Attorney (Personal Injury, Product Liability, General Litigation) Foley & Small, Partner, 1995 to present
>
> Barnes & Thornburg – South Bend Office, Associate 1983-1989; Partner 1989-1994

Admitted to Practice before the following Courts:
> State of Indiana, U.S. District Courts for the Northern and Southern Districts of Indiana, U.S. District Court for Rhode Island, U.S. District Court for Northern District of Ohio, U.S. Seventh Circuit Court of Appeals, U.S. Sixth Circuit Court of Appeals, U.S. Court of Claims, United States Supreme Court

**MDL Experience.**

Foley and Small has been involved in a number of different MDL proceedings. We represented clients in the Vioxx MDL proceeding, we represent 13 clients in the vaginal sling MDL's pending before the Southern District of West Virginia, we represent 4 clients in the two MDL's involving Fosamax claims and we represent clients in the Yaz MDL in the Southern District of Illinois, the Darvocet MDL in Kentucky and in the Kugel patch litigation pending before Judge Lisi in the Rhode Island District Court. We are also involved in the DePuy ASR Hip Implant litigation in the Indiana courts (lack of diversity of citizenship as DePuy is an Indiana corporation). I am familiar with steering committee structure and am comfortable managing complex litigation matters.

**Bankruptcy Experience.**

While an associate and partner at Barnes & Thornburg, I was involved in a number of bankruptcy court adversarial proceedings, at least two of which proceeded onto trial. Since being at Foley & Small, we have been involved in a number of bankruptcy proceedings where a defendant filed for bankruptcy and I recently was involved in a trial seeking to avoid a defendant's discharge in bankruptcy based upon the allegation that the plaintiff's claims against the defendant involved fraudulent activities.

**Trial and Appellate Experience.**

I have tried in excess of 50 cases both in state court and in federal district court. I have conducted trials in Indiana, Michigan and California. Appellate work has been undertaken both in the Indiana appellate courts and in the federal appellate courts.

**Coordination of Indiana Efforts.**

The majority of NECC and related cases in Indiana originate here in St. Joseph and Elkhart

Counties.  I have been in contact with other attorneys in this area who also have clients with such claims and with counsel in Indianapolis with such clients.  Working with counsel in Indiana, we would coordinate our efforts and actively communicate with one another in moving these cases forward and I would gladly serve as a liaison if selected to the PSC.

**Closing Comment.**

These cases have had a great and dire impact upon the people of our area and state.  One of my clients, Jack, was an acquaintance before this all started.  He has been hospitalized six times since October for more than five weeks.  His spleen has been removed, his medical bills are more than a half million dollars and his wife, Tammy, just called today to tell me he's been hospitalized again.  My goal on the Committee would be to achieve a resolution for Jack and for all claimants that maximizes their recovery and to do so in a prompt manner and with no unnecessary fees or expenses.  I would be honored to serve if selected and, if not, would gladly provide assistance to those who are selected.

Very truly yours,

FOLEY & SMALL


/s/ Douglas D. Small

DDS/pw

Application for Appointment to Plaintiffs Steering Committee


Melvin B. Wright, Esq.

Colling Gilbert Wright & Carter

# COLLING GILBERT WRIGHT & CARTER

## THE FLORIDA FIRM
### ATTORNEYS AT LAW

801 NORTH ORANGE AVENUE, SUITE 830 • ORLANDO, FLORIDA 32801
TEL: 407.712.7300 • FAX: 407.712.7301 • TOLL FREE: 1.866.FLA.FIRM
WWW.THEFLORIDAFIRM.COM



CGWC

VANESSA L. BRICE
NATHAN P. CARTER*
MICHAEL D. CERASA
STEWART L. COLLING
(1959-2009)
RONALD S. GILBERT
GARY L. LEWIS
FERMIN LOPEZ
JOSHUA A. MACHLUS
SEAN P. MCCORMACK
MELVIN B. WRIGHT*'"
WILLIAM B. YOUNG, JR.'"

---

*LICENSED IN GEORGIA
"LICENSED IN TENNESSEE
"'LICENSED IN THE
DISTRICT OF COLUMBIA
'BOARD CERTIFIED
TRIAL LAWYER

OF COUNSEL
JOHN C. WILLIS, IV

ADMINISTRATOR
KRYSTAL BELL-MYERS

PARALEGALS
LYNETTE PARKER, LPCA
LYN FRANK

OCALA OFFICE
1721 SE 16TH AVE.
SUITE 101
OCALA, FLORIDA 34471
352.861.2222

March 19, 2013

(124987CGW)
Honorable F. Dennis Saylor, IV
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

RE:    *In Re: New England Compounding Pharmacy, Inc.*
       *MDL 2419; Case No.: 13-md-2419-FDS*

Dear Judge Saylor:

This letter responds to this Court's March 12, 2013 request for submissions from any plaintiff's counsel wishing to be considered for a position on the Plaintiffs Steering Committee ("PSC") regarding *In Re: New England Compounding Pharmacy, Inc.*, MDL No. 2419.

As a licensed attorney in Florida, Georgia and Tennessee practicing law primarily in Florida since 1986, I am ready, willing and able to serve upon the Plaintiffs Steering Committee by continuing to dedicate my time and resources to this important litigation.

In December 2012, my firm participated in the NECC Inspection Cost Sharing Agreement and contributed to the common expense fund to inspect NECC's facilities. Recognizing insolvency issues early in this tragic situation, we also joined forces with eight other firms to retain Brown Rudnick privately to petition to appoint a receiver for NECC in Massachusetts state court. Filing that petition for receivership was followed shortly by NECC's petition for bankruptcy relief.

On January 18, 2013, after being interviewed in Boston by the United States Bankruptcy Trustee's office and counsel, I was appointed to the Official Unsecured Creditors Committee by the United States Trustee in the bankruptcy action, *In re: New England Compounding Pharmacy, Inc., Debtor* (Case No.: 12-19882-HJB), before Judge Henry J. Boroff, for one of my 42 clients whom have been affected by the receipt of the contaminated steroid injections. With the other members of the Creditors Committee, we retained Brown Rudnick as

Honorable F. Dennis Saylor, IV
March 19, 2013
Page 2


counsel for the bankruptcy proceedings, and the Committee successfully
procured orders freezing some $30 million in assets for the bankruptcy estate,
including substantial amounts of "insider" transfers.

### *Qualifications to Serve on the PSC and Experience in Bankruptcy Court*

As a member of the Official Creditors Committee, it is my belief that the
members of the PSC should work in close cooperation with the Creditors
Committee, its counsel, and the Debtor's Trustee in the bankruptcy action.  The
overlap in these roles would further the interests of both the members serving
on the PSC and the Creditors Committee, as their goals are aligned in finding
an efficient resolution to this litigation and affording effective relief to all tort
claimants.  The tort defendants are not national conglomerates who will have
endlessly deep pockets that will endure years of MDL litigation while
maintaining adequate solvency to satisfy the numerous tort claims nationally in
an MDL setting.  The aggressive use of the bankruptcy proceedings is critical to
achieving our timely goal of compensating victims, and in my view, it is
imperative that the PSC members be of like mind and like interest.

I have been practicing civil trial law my entire career with an emphasis in
personal injury, wrongful death, nursing home neglect and abuse, medical
malpractice, vehicular accidents, premises liability and insurance disputes.  I
have extensive experience in litigating and resolving insurance coverage
disputes, as well, which may be a collateral issue.  My experience includes
approximately eight years in defense of insurance companies and other entities
against tort claims and the remainder of my career has been dedicated to
representing consumers and injury victims and their families.

I am board certified by the Florida Bar, and the National Board of Trial
Advocacy, in civil trial law, and I have had substantial experience in dealing
with bankrupt and insolvent defendants in resolving tort claims during my
career.  Particularly, I have substantial experience with insolvent or bankrupt
limited liability companies and corporations in the nursing home industry
including Integrated Health Services, Inc., Sun Health, Kindred Health Care,
and other similar corporations and limited liability companies and partnerships
who sought bankruptcy protection or liquidated with numerous tort claims
pending in multiple states during the last 10 to 12 years.

Honorable F. Dennis Saylor, IV
March 19, 2013
Page 3

### *Florida Medical Malpractice Laws*

Although I represent 42 tort claimants and I have attended the first MDL status conference in person and the second by telephone, I have not yet formally addressed this Court as I have no cases in litigation. Under § 766.104, Fla. Stat., victims of medical malpractice negligence claims must perform a good faith investigation into the facts and circumstances surrounding the grounds for filing such a lawsuit prior to doing so. The injured party must serve a notice of intent to initiate litigation with an affidavit from an expert that has determined the treating physician's action constituted an actionable offense, supporting medical records, and authorizations directed to all known health care providers in the two-year period preceding the alleged injury. § 766.106, Fla. Stat. Under § 766.106, the defending party is then afforded an opportunity to conduct its own presuit discovery and investigation.

I have not sued on any cases, awaiting the appropriate time to file against all potential defendants at once, including medical malpractice defendants.

### *Commitment to pursuing Justice*

Colling Gilbert Wright & Carter represent 42 clients and their families who are victims of the tainted steroids compounded and sold by Defendant New England Compounding Pharmacy, Inc. All 42 of these clients have been confirmed to have been injected with the contaminated steroid serum in the course of their medical care and treatment. Other Florida tort attorneys have expressed an interest in having me handle their client's NECC related claims at some juncture, as well. I am committed to seek justice for my clients and all those similarly situated in these proceedings. I am willing to work and coordinate with any PSC structure and its members that this Court deems appropriate so that we may seek fair compensation for NECC's victims. I therefore respectfully request the opportunity to represent my clients and all victims in a leadership capacity.

### *Individual and Joint Application for Appointment*

This application for appointment is both my individual application and a joint application of the following slate of members that is being submitted in a separate letter to the Court: Fredric L. Ellis of Ellis & Rapacki, Boston; Anne Andrews, Andrews Thornton, Irvine, California; Christopher M. Placitella, Cohen Placitella & Roth, Pennsylvania and New Jersey; Michael D. Galligan,

Honorable F. Dennis Saylor, IV
March 19, 2013
Page 4

Galligan & Newman, Tennessee; Mark R. Dancer, Dingeman, Dancer & Christopherson, Michigan; Douglas D. Small, Foley & Small, Indiana; and myself. If appointed, this geographically diverse group of attorneys representing even more diverse tort victims would continue to work in tandem commonly to benefit all claimants. Please accept this application individually and consider it with the joint letter to the Court in which my colleagues and I recommended this membership slate for appointment to the seven-person Plaintiffs' Steering Committee.

Thank you for your consideration.

Respectfully submitted,

Melvin B. Wright, Esq.
Colling Gilbert Wright & Carter
801 N. Orange Avenue
Suite 830
Orlando, FL 32801
Phone: (407) 712-7300
mwright@TheFloridaFirm.com

cc: Frederic Fern, Interim liaison counsel for NECC (via e-mail)
Matthew Moriarty, Interim liaison counsel for Ameridose (via e-mail)
Heidi Nadel, Interim liaison counsel for the individual defendants (via e-mail)
All Counsel (via ECF)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of March 2013, a true and accurate copy of the forgoing document was filed with the Clerk of the Court using the CM/ECF filing system which sent electronic notification of this filing to all registered counsel or record via e-mail generated by the Court's ECF system.


*/s/Anne Andrews*
Anne Andrews