# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY CASES LITIGATION | MDL No. 2419<br>Master Docket No. 12-cv-12052 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**[Proposed] MDL Order No. __**

**APPOINTING LEAD/LIAISON COUNSEL,**
**STATE/FEDERAL LIAISON COUNSEL, AND**
**PLAINTIFFS' STEERING COMMITTEE**

### I.   PLAINTIFFS' LEADERSHIP

Applications/nominations for the Plaintiffs' Steering Committee (PSC) positions have been filed in accordance with the procedures set forth by this Court.  The Court, after having reviewed the applications and carefully considered the matter, hereby appoints Thomas Sobol (with Kristen Johnson Parker, as his alternate) as Lead/Liaison Counsel and Mark P. Chalos (with Elizabeth Cabraser, as his alternate) as State/Federal Liaison Counsel.

The Court hereby appoints the following members to the PSC:

*Lead and Liaison Counsel*

Thomas M. Sobol
(with Kristen Johnson Parker as his alternate)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Federal/State Liaison*

Mark P. Chalos
(with Elizabeth J. Cabraser as his alternate)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue, North
Suite 1650
Nashville, TN 37219
Phone: (615) 313.9000
Fax: (615) 313.9965
mchalos@lchb.com
ecabraser@lchb.com


*Other Members of the Plaintiffs' Steering Committee*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
Fax: (540) 400-0616
pfennell@crandalllaw.com

J. Gerard Stranch, IV
BRANSTETTER, STRANCH &
JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com


These appointments are personal in nature.  The appointees cannot be substituted by other

attorneys, including members of the appointees' law firm, to perform the appointees' exclusive

functions without court approval, except (i) the appointees' alternates may perform such

functions at the direction of the appointee, (ii) the appointees may encourage less experienced

members of firms to participate during hearings and status conferences, and (iii) the PSC may,

under its direction and ongoing supervision, appoint other qualified plaintiffs' counsel to perform

legal services for the common benefit of plaintiffs ("Designated Counsel").  The Court

acknowledges that the contours of this MDL might change significantly.  This Court may re-visit

the organizational structure and composition of the plaintiffs' leadership from time-to-time.

**A.**     **Lead/Liaison Counsel shall have the following responsibilities:**

> (1)     Chair the Plaintiffs' Steering Committee, which shall be generally responsible for coordinating the activities of the plaintiffs during pretrial proceedings.

> (2)     Determine, after consultation with the members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate, and present, in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings.

> (3)     Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically, including the creation of subject matter-specific or other working groups;

> (4)     Prepare and distribute to the parties periodic status reports, at his discretion;

> (5)     Maintain adequate time and disbursement records covering services as Designated Counsel;

> (6)     Coordinate and lead discussions with the Court, plaintiffs' counsel and other stakeholders (*e.g.*, the NECP trustee and its counsel, the creditors' committee and its counsel, other defense counsel, and non-parties) to ensure that court orders are respected, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided and that negotiations are efficient and productive;

> (7)     In order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions, and reducing duplicative questioning at depositions, coordinate and communicate through or with the assistance of the Federal/State Liaison with counsel in related litigation

(8)     Maintain an up-to-date comprehensive Service List of Plaintiffs in MDL 2419 and promptly advise the Court of changes to Plaintiffs' Service List;

(9)     Receive and distribute to plaintiffs' counsel, as appropriate, orders, notices and correspondence from the Court;

(10)    Maintain and make available to other plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings and orders filed and/or served in MDL 2419; and

(11)    In conjunction with Plaintiffs' Steering Committee and to the extent deemed desirable by Plaintiffs' Steering Committee, establish and maintain a physical or virtual depository located within the Court's jurisdiction, or otherwise accessible to all plaintiffs' counsel.

(12)    Lead counsel shall be involved in any and all global, class, or group settlement discussions, whether with a single defendant or multiple defendants, whether taking place in the MDL or the bankruptcy.

**B.      Federal/State Liaison Counsel shall have the following responsibilities:**

To the extent practicable:

(13)    Communicate with attorneys prosecuting state court actions involving contaminated pharmaceutical products manufactured by NECC, and convey information about the MDL proceedings and ascertain information about the state court proceedings;

(14)    Provide to the Court information about relevant state court proceedings;

(15)    Help coordinate discovery and trial efforts between state and federal proceedings to avoid, where possible, duplicative or conflicting efforts; and

(16)    In accordance with the terms of any common benefit orders entered by the Court, provide access to participating state court counsel to any common benefit document depository and common benefit work product.

(17)    Should the need for a federal/state liaison be obviated, the persons holding that position shall retain their appointment to the plaintiffs' steering committee.

**C.**     **The PSC shall have the following responsibilities:**

The PSC shall have the following powers and responsibilities.  The PSC may create

working groups, and may elect to share those powers with any such working groups.

**1.**     **Discovery**

(18)   Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

(19)   Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(20)   Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(21)   Conduct all discovery, by members or their designees approved by Lead/Liaison Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**2.**     **Hearings and Meetings**

(22)   Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(23)   Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(24)   Act as spokesman for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**3.**     **Trial**

(25)   Coordinate trial team(s)'s selection, management and presentation of any common issue, "bellwether" and/or "test" case trial(s).

**4.**     **Settlement and Miscellaneous**

(26)   Negotiate and propose settlement(s) of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all

settlement options pertaining to any claim or portion thereof of any case filed in this litigation

(27)   Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties that involve matters within the sphere of the responsibilities of the PSC.

(28)   Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(29)   Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all MDL Plaintiffs or their attorneys.

(30)   Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

(31)   Perform such other functions as may be expressly authorized by further orders of this Court.

## D.   Privileged Communications.

The Court recognizes that cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation. The communication, transmission or dissemination of information of common interest among plaintiffs' counsel shall be protected by the attorney-client privilege, the protections afforded by the attorney work product doctrine, the protections afforded to material prepared for litigation, or any other privilege or protection from disclosure to which a party may otherwise be entitled.

## E.   Common Benefit Fees, Costs and Assessments.

Plaintiffs' Steering Committee shall be responsible, in the first instance, for funding common discovery and pretrial costs necessary and appropriate to their duties as set forth in this

Order.  To do so it may request the contributions of other firms or individual plaintiffs' counsel. As soon as practicable, based upon their evaluation of the particular circumstances of this litigation, the Plaintiffs Steering Committee shall submit a proposal for any reasonable prospective contingent assessment upon recoveries on the claims comprising this litigation. Such proposal will be subject to court approval (after ample notice and opportunity to be heard from all stakeholders) and will be implemented under the equitable principles of the common benefit doctrine that is commensurate with the benefits of economy, efficiency and value actually conferred upon the plaintiffs by these expenditures and services.

Though the Plaintiffs' Steering Committee and other Designated Counsel shall have the right to request a common benefit assessment, each member of the committee and other Designated Counsel recognizes that, given the unique challenges of this litigation, lawyers participating in common benefit work in the MDL not end up being paid at usual rates or percentages of recovery.  This MDL coordinates with a pending bankruptcy, and balancing the need for reasonable compensation for professionals against the need for fair, equitable compensation for deserving victims is a challenge all stakeholders share.

## II.    PLAINTIFFS' COUNSEL'S TIME AND EXPENSE SUBMISSIONS

Reimbursement for costs and/or fees for services of all plaintiff s' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following general standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

### A.    General Standards

(32)    All time and expenses submitted must be incurred only for work authorized in advance by the Plaintiffs' Lead/Liaison Counsel. Prior to the appointment of Lead/Liaison Counsel, such work may only be authorized by Plaintiffs' Liaison Counsel or the Court.

(33)    These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters

common to all claimants in MDL 2419. Further, any claimants' counsel that may at a later date, seek reimbursement or compensation for common benefit time and expenses (including any state court counsel) shall comply with these guidelines and any submission by such counsel shall be in accordance with this Order.

(34)     Counsel who intends to seek reimbursement shall submit time and expense reports to Plaintiffs Lead/Liaison Counsel monthly. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms.

(35)     Plaintiffs' Lead/Liaison Counsel is authorized to establish on behalf of the Plaintiffs' Steering Committee, one or more bank accounts for the collection and deposit of assessments and for the payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate. Any and all such bank statements shall be periodically provided to, and reviewed by, the Plaintiffs' Steering Committee.

(36)     Time and expense submissions must be submitted monthly.  Submission is deemed certification that the time and expenses are accurately reported.

**B.     Time Reporting**

(37)     Only time spent on matters common to all claimants in MDL 2419 will be considered in determining fees. No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted, unless the case is determined by the Plaintiffs Steering Committee or the Court to be a "common benefit case" (e.g. "test case" or "bellwether" case), and in such circumstances shall be reported in a separate time submission.

(38)     All time should generally be recorded on a daily basis. The failure to maintain such records, as well as insufficient description of the activity, may result in a forfeiture of fees.

**C.     Expense Reporting**

(39)     Advanced costs will be deemed as either "Shared" or "Held."

a.     Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 2419 Fund account to be established and administered by Plaintiffs' Lead/Liaison Counsel, to be funded by all members of the PSC and others as determined by the PSC (and agreed by such other counsel).

b.     Held Costs are those that will be carried by each attorney in MDL 2419 and reimbursed as and when determined by the PSC.

**D.      Shared Costs**

(40)   Shared Costs are costs incurred for the common benefit of the MDL as a whole. No individual client-related costs can be considered as Shared Costs, unless the case is determined by the Plaintiffs Steering Committee or the Court to be a "common benefit case" (e.g. "test case" or "bellwether" case), which, in such circumstances, shall be noted in the expense submission. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by Plaintiffs' Lead/Liaison Counsel prior to being incurred and prior to payment.

(41)   Plaintiffs' Lead/Liaison Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and the forms associated therewith. Request for payments should include sufficient information to allow Plaintiffs' Lead/Liaison Counsel to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Lead/Liaison Counsel.

**E.      Held Costs**

(42)   Held Costs are costs incurred for the global benefit of the MDL. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs, unless the case is determined by the Plaintiffs Steering Committee or the Court to be a "common benefit case" (*e.g.* "test case" or "bellwether" case), which, under such circumstances, shall be reported in a separate expense submission. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

I.      Telefax charges

II.     Postage, shipping, courier, certified mail

III.    Printing and photocopying (in-house)

IV.     Computerized research - Lexis/Westlaw

V.      Telephone - long distance (actual charges only)

VI.     Travel - pursuant to Travel Limitations set forth below, including travel for attorney to attend depositions, court or legislative matters.

A.      Airfare

        B.      Reasonable ground transportation

        C.      Hotel

        D.      Reasonable meals and entertainment

        E.      Reasonable other (parking)

        F.      Car rental, cabs, etc.

        G.      Secretarial and clerical overtime

(43)    The PSC shall propose expense limitaitons and guidelines for the use by all plaintiffs' counsel. Plaintiffs' Lead/Liaison Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records.

IT IS SO ORDERED.

_____
The Honorable F. Dennis Saylor IV
United States District Judge

Dated:  _____, 2013

Exhibit "A"

# LITIGATION TASK CODE DEFINITIONS

The Litigation Code Set is intended for use in all adversarial matters including litigation, binding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

**F.     Case Assessment. Development and Administration**

Focuses on the case as a whole, the "forest" rather than the "trees."

**Fact Investigation/Development**.  All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

**Analysis/Strategy**.  The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

**Experts/Consultants**.  Identifying and interviewing experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

**Document/File Management**.  A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

**Budgeting**.  Covers developing, negotiating, and revising the budget for a matter.

**Settlement/Non-Binding ADR**.  All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

**CLE**.  Continuing Legal Education related specifically to this matter.

**Other Case Assessment, Development and Administration**.  Time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

## G.      Pre-Trial Pleadings and Motions

Covers all pleadings and all pretrial motions and procedures other than discovery.

**Pleadings**.  Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

**Preliminary Injunctions/Provisional Remedies**.  Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

**Court Mandated Conferences**.  Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

**Other Written Motions/Submissions**.  Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

**Class Action Certification and Notice**.  Proceedings unique to class action litigation and derivative suits such as class certification and notice.

## H.      Discovery

Includes all work pertaining to discovery according to court or agency rules.

**Written Discovery**.  Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a).

**Document Production**.  Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management" and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

**Depositions**.  All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

**Expert Discovery**.  Same as "Depositions," but for expert witnesses.

**Discovery Motions**.  Developing, responding to, and arguing all motions that arise out of the

discovery process. Includes the protective order process.

**Other Discovery**.  Less frequently used forms of discovery, such as medical examinations and on-site inspections.

## I.      Trial Preparation and Trial

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins. It continues through the trial and post-trial proceedings in the trial court. Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance." Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

**Fact Witnesses**.  Preparing for examination and cross-examination of non-expert witnesses. Expert Witnesses. Preparing for examination and cross-examination of expert witnesses.

**Written Motions/Submissions**.  Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

**Other Trial Preparation and Support**.  All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

**Trial and Hearing Attendance**.  Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

**Post-Trial Motions and Submissions**.  Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees.

**Enforcement**.  All work performed in enforcing and collecting judgments and asserting or. addressing defenses thereto.

## J.      Appeal

Covers all work on appeal or before a reviewing body.

**Appellate Motions and Submissions**.  Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

**Appellate Briefs**.  Preparing and reviewing appellate briefs.

**Oral Argument**.  Preparing for and arguing an appeal before a reviewing body.

**K.** **Travel**

Time spent traveling in connection with the litigation shall be designated separately.

SAMPLE TIME SHEET

*In re: New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL 2419

## TASK CODES

**Case Assessment, Development and Administration**
L110 - Fact Investigation/Development
L120 - Analysis/Strategy
L130 - Experts/Consultants
L140 - Documents/File Management
L150 - Budgeting
L160 - Settlement/Non-Binding ADR
L170 - Continuing Legal Education
L190 - Other Case Assessment -
        Development and Administration

**Trial Preparation and Trial**
L410 - Fact Witnesses
L420 - Expert Witnesses
L430 - Written Motions and Submissions
L440 - Other Trial Preparation and Support
L450 - Trial and Hearing Attendance
L460 - Post-Trial Motions and Submissions
L470 - Enforcement

**Pre-Trial Pleadings and Motions**
L210 - Pleadings
L220 - Preliminary Injunctions/Provisional
        Remedies
L230 - Court Mandated Conferences
L240 - Dispositive Motions
L250 - Other written motions and
        Submissions
L260 - Class action certification and Notice

**Appeal**
L510 - Appellate Motions and Submissions
L520 - Appellate Briefs
L530 - Oral Argument

**Discovery**
L310 - Written Discovery
L320 - Document Production
L330 - Depositions
L340 - Expert Discovery
L350 - Discovery Motions
L390 - Other Discovery

## ACTIVITY CODES
A101 - Plan and prepare for
A102 - Research
A103 - Prepare/Revise
A104 - Review/Analyze
A105 - Communicate (in firm)
A106 - Communicate (with client)
A107 - Communicate (other outside counsel)
A108 - Communicate (other external)
A109 - Appear for/Attend
A110 - Manage data/files
A111 - Other
A112 - Travel

Attorney/Paralegal/Secretary: _____
Specific "Common Benefit" ("Test" or "Bellwether") Case (if any): _____++
*Time shall be recorded in increments of 0.25 hours (.25 hr min.)*

| Date | Task Code | Activity Code | TIME | DESCRIPTION OF SERVICES |
|------|-----------|---------------|------|-------------------------|
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |

### MDL 2419: NEW ENGLAND COMPOUNDING PHARMACY, INC.
### CHECK REQUEST FORM FOR SHARED EXPENSE

| | | GENERAL CHECK REQUEST INFORMATION |
|---|---|---|
| 1. | **Date:** | |
| 2. | **I am requesting a check from:** | MDL 2419 Lead/Liaison Counsel, Thomas Sobol and/or Kristen Johnson Parker |
| 3. | **Payable To:** (Name & Address) | |
| 4. | **Social Security # or TIN# of the payee:** | |
| 5. | **Invoice No.:** | |
| 6. | **Date check needed (check one):** | Now __ 30 Days __ 60 Days __ 90 Days __ Other __ |
| 7. | **Purpose of Check:** | *If associated with specific "common benefit case", please identify case:* _____ |
| 8. | **Amount of Check:** | |
| 9. | **Documentation**[1] | Yes: _____  No:_____ |
| 10. | **Send Check To (check one)** | Requestor _____  OR  Payee _____ |
| 11. | **Requesting Attorney's Signature**[2] | |

Allocation of costs;

| | | | |
|---|---|---|---|
| $_____ | Court filing fees | $_____ | Common witness expense |
| $_____ | Deposition/court reporter | $_____ | Translation Costs |
| $_____ | Document depository | $_____ | Bank or financial institution charges |
| $_____ | PLC (administration) | $_____ | Investigative services |
| $_____ | PSC group administration | $_____ | Claims administrator charges |
| $_____ | Legal & accounting fees | $_____ | Special master charges |
| $_____ | Expert witness/consultant | $_____ | Other |
| $_____ | Printing, copying & scanning (bulk or 3rd party) | $_____ | |
| $_____ | Research (3rd party) | $_____ | |

$_____ **TOTAL**

**Lead/Liaison Counsel Accounting Use Only:**
Check #_____

---

[1] Documentation must be provided with check request.

[2] By signing this request, you certify that the expense request is properly documented, complete and accurate and is being incurred for the common benefit.

Approved by Plaintiffs' Lead/Liaison Counsel:_____
Date:_____