# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| IN RE NEW ENGLAND COMPOUNDING PHARMACY CASES LITIGATION | MDL No. 2419<br>Master Docket No. 12-cv-12052 (FDS) |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**DECLARATION OF THOMAS M. SOBOL IN SUPPORT OF APPOINTMENT AS LEAD/LIAISON COUNSEL AND MEMBER OF THE PLAINTIFFS' STEERING COMMITTEE**

I, Thomas M. Sobol, am an attorney and member of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts. I respectfully submit this declaration in support of my appointment as lead/liaison counsel and member of the Plaintiffs' Steering Committee. I have personal knowledge of the matters stated herein and, if called upon, I would competently testify thereto.

I.   **INTRODUCTION**

1. I am an attorney in good standing in the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts. I have been appointed *pro hac vice* to numerous federal district courts and circuit courts across the United States.

2. I have been the managing partner of the Boston office of Hagens Berman Sobol Shapiro LLP (HBSS) since 2002. For two years I was a partner at the national plaintiffs' firm, Lieff Cabraser Heimann and Bernstein, LLP. I spent the previous seventeen years with the Boston-based law firm of Brown Rudnick LLP, representing large and small institutions, partnerships, and individual persons in complex criminal and civil matters.[1]

---

[1] Additional information about Hagens Berman Sobol Shapiro LLP is available at: http://www.hbsslaw.com/. More information about by background is available at: http://www.hbsslaw.com/legal-team/sobol-thomas-m.

3. I have significant experience in the diverse areas of law that intersect at the heart of this tragedy. I have led many complex cases that struck right at the very heart of the pharmaceutical industry. I have taken on massive pharmaceutical frauds, including the sweeping manipulation of the average wholesale price benchmark used to set prices for prescription drugs nationwide, as well as the rampant use of co-pay subsidy cards that drive up healthcare costs across the board. I have 17 years of experience litigating corporate commercial and criminal cases, many involving bankruptcy or insurance coverage issues. I have been appointed lead, co-lead, and liaison counsel in dozens pharmaceutical MDLs and worked well with co-counsel of every stripe. And my firm has the resources – and will make the commitment – to steer this litigation through to its best possible conclusion.

4. I have significant background in the diverse legal issues presented by this case. I have significant experience with pharmaceutical matters and the supervision of large MDLs. I have handled large and small mass tort matters. I have been corporate counsel in matters where civil and criminal proceedings overlapped. I have handled debtor and creditor bankruptcy matters (although by no means do I hold myself out as a specialist in such cases), both with my former partners at Brown Rudnick and has plaintiffs' counsel in MDL matters. I also worked in conjunction with the creditors' committee in the W.R. Grace Bankruptcy for Zonolite asbestos claims, in the conjunction between the Zonolite MDL and the W.R. Grace bankruptcy. *In re W.R. Grace*, 01-cv-1139 (Bankr. D. Del. 2001).

5. I have written an article addressing the practical aspects and benefits of limited fund classes in situations where the defendant does not have adequate assets to fully compensate all tort claimants. Elizabeth J. Cabraser and Thomas M. Sobol, *Equity for the Victims, Equity for the Trangressor: The Classwide Treatment of Punitive Damages Claims*, 74 Tul. L. Rev. 2005.

6. My firm, HBSS, specializes in the representation of plaintiffs in class actions and multi-party, large-scale complex litigation and is regularly listed in the *National Law Journal's* Plaintiffs' Hot List. HBSS has significant experience representing plaintiffs in complex pharmaceutical class actions.

## II. CRITERIA FOR APPOINTMENT

   **(1)    Willingness and ability to commit to serve**

7. HBSS represents plaintiffs Michele Erkan and Robert Cole, individually and on behalf of a personal injury/wrongful death limited fund class, in filed civil actions against New England Compounding Pharmacy, Inc. (NECP), officers and employees of NECP (Barry Cadden, Lisa Conigliaro Cadden, Doug Conigliaro, Carla Conigliaro, and Glenn Chin), and related companies Ameridose LLC and Medical Sales Management, Inc. HBSS also represents about 17 additional victims who have not yet filed cases.

8. It is important to stress the representation of HBSS and Lieff Cabraser Heimann & Bernstein, LLP for the proposed class of all victims of the NECP debacle. HBSS and Lieff Cabraser observed from the very outset of this situation that there was widespread, serious harm that had been inflicted nationwide, yet the available assets for compensation were likely relatively meager.

9. HBSS, along with Lieff Cabraser, has filed a proof of claim in the bankruptcy on behalf of *all* victims of the NECP wrongdoing, through a class under Federal Rule of Civil Procedure 23, with proposed class representatives plaintiffs Cole, Erkan, McDow, Brooks.

10. HBSS has played a critical role in this ongoing litigation, to the benefit of all tort claimants. (The civil litigation against NECP is, of course, currently stayed by the bankruptcy.)

3

11. This court appointed HBSS, through my associate Kristen Johnson Parker, interim liaison counsel for all plaintiffs in the cases against New England Compounding Pharmacy, Inc. In that capacity, HBSS has had primary responsibility for meeting and conferring with the defendants (including NECP) on many matters.

12. HBSS has also taken primary responsibility for providing notice of, and seeking comment on, various developments in both the civil litigation and bankruptcy proceedings to plaintiffs' counsel with cases pending in other venues. HBSS maintains an email list of approximately 144 attorneys representing tort claimants with claims against the NECP. HBSS has regularly held calls (sometimes multiple times per week), open to all plaintiffs' counsel across the country, to update them about this court's status conference, orders, and proceedings as well as events in the bankruptcy court.

13. HBSS briefed, argued, and won (in part) a motion for a preliminary injunction and attachment against NECP. Judge Saylor preliminarily enjoined NECP from paying dividends, paying bonuses to officers or employees, or making any extraordinary transfers of cash or assets outside of the ordinary course of business. Judge Saylor also granted a $5 million attachment on the physical property of NECP, held jointly by plaintiffs' Erkan and Cole. *Erkan v. New England Compounding Pharmacy, Inc. et al.*, 12-cv-12052, Dkt. no. 38 (D. Mass. Nov. 21, 2012).

14. HBSS also played an instrumental role in arguing the motion for inspection of NECP's premises before the Honorable Jennifer C. Boal and in conducting the four-day inspection. *Id.*, Dkt. no. 100 (D. Mass. Dec. 10, 2012). HBSS also worked with experts and coordinated the inspections (along with other firms).

15. The U.S. Trustee appointed HBSS's client, Robert Cole, to the nine person creditors' committee in the bankruptcy. HBSS serves on the committee through a proxy from Mr. Cole. In that capacity, HBSS has attended over a dozen meetings, given input on strategy, and worked with counsel for the creditors' committee and the Chapter 11 Trustee in connection with the adversary proceeding in the bankruptcy court to claw back assets paid to principals of New England Compounding.

**(2)  Ability to work cooperatively with others.**

16. Mr. Sobol and HBSS have been appointed as lead, co-lead, and member of the Plaintiffs' steering committee in many national pharmaceutical cases.

17. Mr. Sobol and HBSS have been appointed lead, co-lead, and liaison counsel in a number of matters involving pharmaceuticals in the District of Massachusetts, including the following:

- *In re Relafen Antitrust Litig.*, District of Massachusetts, 01-cv-12239, Hon. William G. Young.

  HBSS served as liaison counsel in an action alleging GSK fraudulently obtained a patent to prevent a generic version of Relafen. After a year of litigation, HBSS announced a proposed $75 million settlement of end payers claims.

- *In re Neurontin Marketing and Sales Practices Litigation*, District of Massachusetts, MDL No. 1629, Hon. Patti B. Saris.

  HBSS served as liaison counsel, a member of the class plaintiffs' steering committee, and co-lead trial counsel in an action alleging Pfizer fraudulently manipulated scientific studies and promoted the drug Neurontin to treat off-label indications. A jury returned a $142 million RICO verdict against Pfizer. The Court also awarded $95 million in damages (not cumulative).

- *In re Pharmaceutical Industry Average Wholesale Price Litig.*, District of Massachusetts, MDL No. 1456, Hon. Patti B. Saris.

  HBSS served as liaison counsel and co-lead counsel in this litigation alleging systemic abuse through artificial inflation of the so-called "average wholesale price" or "AWP." The case included a six week trial before Judge Saris and culminated in a series of multimillion dollar settlements, including settlements of $125 million, $75 million, $22.5 million, and $12 million.

- *New England Carpenters Health Benefits Fund et al v. First DataBank, Inc. and McKesson Corp.*, District of Massachusetts, 05-cv-11148, Hon. Patti B. Saris.

  HBSS served as lead counsel in an action alleging First DataBank and McKesson Corporation agreed to raise the markup between the Wholesale Acquisition Cost ("WAC") and the Average Wholesale Price ("AWP") from 20 to 25% for more than 400 drugs, resulting in higher profits for retail pharmacies at the expense of consumers and payers. The resolution included a rollback of benchmark prices and a $350 million nationwide settlement.

- *In Re: Lupron Marketing and Sales Practices Litigation,* D. Mass., MDL No. 1430, Hon. Richard Stearns.

  HBSS served as liaison counsel and co-lead counsel in an action alleging widespread fraudulent marketing and sales practices against TAP pharmaceuticals involving the drug Lupron. The resolution included a $150 million settlement and a significant *cy pres* award to fund prostate cancer research.

18. Mr. Sobol and HBSS have also been appointed lead, co-lead, and liaison counsel in a large number of matters involving pharmaceuticals in several other districts, including the following.

- *In re Prescription Drug Co-Pay Subsidy Antitrust Litig.*, see e.g. *AFSCME DC 37 v. Pfizer*, Southern District of New York, 1:12-cv-02237.
- *In re Lipitor Antitrust Litig.*, District of New Jersey, MDL No. 2332.
- *In re Effexor Antitrust Litig.*, District of New Jersey, No. 11-5479.
- *In re Flonase Antitrust Litig.*, Eastern District of Pennsylvania, 08-cv-3149.
- *In re Wellbutrin XL Antitrust Litig.*, Eastern District of Pennsylvania, 08-cv-02431.
- *In re Augmentin Antitrust Litig.*, District of Eastern Virginia, 2:02-cv-442.
- *In re Metoprolol Succinate (Toprol) Direct Purchaser Antitrust Litig.*, District of Delaware, 06-cv-052.
- *In re Oxycontin Antitrust Litig.*, Southern District of New York, MDL No. 1603.
- *In re Paxil Direct Purchaser Litig.*, Eastern District of Pennsylvania, 03-cv-4578.
- *In re Prandin Direct Purchaser Antitrust Litig.*, Eastern District of Michigan, 2:10-cv-12141.
- *In re Tricor Indirect Purchasers Antitrust Litig.*, District of Delaware, 05-cv-0360.

19. HBSS represents individuals injured by unsafe pharmaceuticals and medical devices in a variety of mass tort matters, including *In re Accutane Litigation* (NJ Super. Ct.), *In re Actos (Pioglitazone) Products Liability Litigation* (MDL No. 2299, W.D.La.), *In re C.R. Bard, Inc. Pelvic Repair System Products Liability Litigation* (MDL no. 2187 and related MDLs, S.D.W.V.), *In re Fresenius GranuFlo/NaturaLyte Dialysate Products Liability Litigation* (MDL No. 2428), *In re Specially Assigned Taxus Stent Cases* (Mass. Super. Ct.), and *In re Yasmin and Yaz (Drosipenone) Marketing, Sales Practices and Products Liability Litigation* (MDL No. 2100, S.D.Il.).

20. In 2012, HBSS filed suit against the manufacturers and distributors of thalidomide, on behalf of several U.S. victims of the drug. New research indicates that thalidomide was distributed more broadly in the U.S. and caused far more injuries to and the deaths of children than was previously disclosed. Despite the difficulties of pursuing justice regarding a drug distributed more than 50 years ago, HBSS is aggressively pursuing this litigation to bring justice to victims long-denied any explanation of their injuries. I am *not* involved in that matter, but I describe it here to show that the firm does not shy from difficult, but important, matters.

**(3) Access to sufficient resources to advance the litigation in a timely manner.**

21. HBSS possess and is willing to devote the resources necessary to serve as lead and liaison counsel. HBSS currently has 52 lawyers in 10 offices across the United States. HBSS's business model allows its attorneys to devote their time to complex plaintiff-side actions and serving on creditors' committees.

II. <u>CONCLUSION</u>

22. I and my firm have been working and continue to work cooperatively and efficiently with all other plaintiffs' counsel, counsel for the defendants, the creditors' committee,

counsel for the creditors' committee, and the Chapter 11 trustee, both in this bankruptcy proceeding and in this civil litigation. We are prepared to coordinate with the rest of the plaintiffs' steering committee on such matters as strategy, selecting counsel, filings, and communications to assure that all unnecessary cost is avoided.

23.     Given my expertise and experience in bankruptcy law as well as civil pharmaceutical products litigation, class action practice, complex insurance issues, case investigation, settlement negotiation and trial advocacy, its size, and the quality of its lawyers across the United States, and ability to cooperate and collaborate with co-counsel, I hope and believe I am well-suited to serve as lead/liaison counsel and a member of the plaintiffs' steering committee.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 19, 2013

By: /s/ Thomas M. Sobol
Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
(617) 482-3700