# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING ) 1:13-md-02419-FDS
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION )

APPLICATION AND DECLARATION OF J. GERARD STRANCH, IV
FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

I respectfully submit the following Application and Declaration for Appointment to the Plaintiffs' Steering Committee:

I. **Introduction**

1. I represent 68 injured consumers (with local or referring counsel) with clients confirmed to have been injected in the following states: Alabama (1), California (1), Florida (19), Illinois (1), Indiana (1), Maryland (1), Michigan (2), Minnesota (1), North Carolina (2), New Jersey (1), Pennsylvania (2), Rhode Island (1), Tennessee (14), and Texas (1). As of the date of this submission, I have filed one action which has been removed to this Court and folded into the MDL: *Harrison v. New England Compounding Pharmacy, Inc.*, Case No. 1:12-cv-12078-FDS. Additionally, I am actively investigating potential claims for additional potential clients that have contacted me or associated counsel but have yet to determine whether these consumers have viable claims.

2. I am a senior partner at the law firm of Branstetter, Stranch, and Jennings PLLC in Nashville, Tennessee. I have over nine years of experience in areas of complex and general litigation. I am the head of the Firm's Class Action, Complex Litigation and Mass Tort Practice Groups, and I am currently the General Counsel for the Tennessee Democratic Party.

{004663/12496/00282966.DOCX / Ver.1}

Additionally, I am currently an adjunct professor at the Vanderbilt University School of Law. I am a graduate of the Vanderbilt University School of Law. I have been listed since 2009 in Super Lawyers as a rising star, and the National Trial Lawyers Association named me one of the Top 40 Under 40 trial lawyers.

3. I have taken an active role in this litigation. I, or the attorneys my firm has partnered with, have conducted a series of confidential interviews of potential witnesses and have done significant factual inquiry into each of the relevant pharmacy dispensaries in Tennessee. We also provided significant information based on this research that was used in the inspection of the NECC facility during the four day inspection that occurred in December of 2012. I also spoke at a conference attended by numerous members of the plaintiffs' bar related to the status of the meningitis litigation in the state of Tennessee and provided updates on Tennessee law that would affect the filing of these cases for those victims located in the state of Tennessee.

4. My law firm has significant experience in litigation involving injured consumers. Since 2011, our firm has filed cases on behalf of individual consumers that are related to flawed transvaginal mesh products. The United States Judicial Panel on Multidistrict Litigation established six MDLs involving these products : American Medical Systems, Inc. (MDL No. 2325), Boston Scientific Corp. (MDL No. 2326) Ethicon, Inc./Johnson & Johnson (MDL No. 2327), C.R. Bard Inc. (MDL No. 2187), Coloplast Corp. (MDL No. 2387), and Mentor Corp., ObTape Transobturator Sling Products Liability Litigation (MDL No. 2004). Five of these MDLs are now pending before Chief Judge Joseph R. Goodwin in the U.S. District Court for the Southern District of West Virginia and one (Mentor Corp.) is pending before the U.S. District Court for the Middle District of Georgia.

5.      Counsel for other Plaintiffs in this litigation have expressed their support and approval of my serving on the PSC, including the members of the PSC, and the he following individuals: Doug Kries (Aylstock ,Witkin, Kreis, & Overholtz) , Michael Appel and Tony Agudelo (Sugarman, Rogers, Barshak & Cohen), and Pete Flowers (Meyers & Flowers). The following members of the Tennessee bar who represent individual plaintiffs have also expressed support for my inclusion in the PSC: George Nolan and William Leader (Leaders, Bulso, & Nolan), Rebecca Blair (Law Offices of Rebecca Blair), Richard Piliponis and James Higgins (Higgins Law Firm), Blair Durham, and Benjamin Winters (Durham and Dread), Bart Durham and Anthony Duncan (Bart Durham Injury Law), Tim Housholder (Gilreath and Associates), and Randal Kinnard and Daniel Clayton (Kinnard, Clayton & Beveridge).

6.      I and members of my firm have also taken active roles in other complex litigation matters. For example, we serve as lead counsel in MDLs involving antitrust claims against pharmaceutical manufacturers for the following drugs: Prograf, Wellbutrin XL, and Skelaxin. The Firm has also been appointed into leadership positions in the following MDL matters: *In re Trasylol Products Liability Litigation*, Case No. MDL-1928 (S.D. Fla) (individual mass tort and consumer protection class action claims); *In re: Morgan Keegan Closed-End Fund Litigation*, Case No. 2:07-cv-02830 (putative securities class action); *In re Nortel Networks Corp. "ERISA" Litigation*, No. 3:03-MD-1537 (M.D. Tenn.) (ERISA litigation); *In re: Qwest Savings and Investment Plan ERISA Litigation*, No. 02-RB-464, (D. Colo.) (ERISA litigation); *In re Xcel Energy, Inc. ERISA Litigation Civ.* 02-2677 (D. Minn.) (ERISA litigation). This is not an exhaustive list but does help demonstrate the breadth and depth of the firm's extensive complex litigation practice.

## II. CRITERIA FOR APPOINTMENT

**(1) Willingness and ability to commit to serve.**

a. My law firm has shown its willingness to serve by taking the lead early in this litigation and filed, to date, one lawsuit related to claims stemming from NECC's tainted pharmaceuticals. From its early investigations of the relevant dispensaries in Tennessee through its participation in the inspection of NECC's facilities and filing these cases, we are committed to serving those injured by tainted pharmaceuticals. We make this commitment fully aware of the financial and labor commitment involved in prosecuting these cases through their completion.

b. This action is a primary focus of my firm. The firm represents almost 70 people from at least 14 states who have suffered injuries as a result of receiving contaminated vials of NECC's products. Many of our clients have been diagnosed with fungal meningitis.

c. The firm is committed to this matter and is fully staffed to take on the labor and financial needs that would support my involvement. Currently, I am active in a mass tort litigation that is active (TVM), but our firm has the resources necessary to devote significant time and effort to both matters.

**(2) Ability to work cooperatively with others.**

a. As has been the case over the last several months in this litigation, I have worked cooperatively with all Plaintiffs' counsel. I have worked with Plaintiffs' lawyers on the inspection issue as well as issues relating to formation of the MDL.

b. As set forth above, lawyers involved in this litigation have expressed their support and approval of my application.

**(3) Access to sufficient resources to advance the litigation in a timely manner.**

a.  We have more than ten lawyers and six staffers ready and able to proceed on this important matter.

b.  I suggest several courses of action to advance this litigation in its early stages. From my early role in helping to investigate the dispensaries in Tennessee, it is clear that additional parties played a role in allowing this national tragedy to happen, and they must be brought into this case now.

c.  Once the PSC is appointed, it would presumably take action to include additional parties and we are committed to investigating and identifying all responsible parties that need to be added to this litigation to ensure a full recovery for all individual plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

RESPECTFULLY SUBMITTED this 19th day of March, 2013.

s/ J. Gerard Stranch, IV

J. Gerard Stranch, IV
Branstetter, Stranch, and Jennings, PLLC
227 Second Ave. N
Nashville, TN 37201
gerards@branstetterlaw.com
