

T 617.482.3700   F 617.482.3003

Kristen Johnson Parker
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA  02142
www.hbsslaw.com
**Direct (617) 475-1961**
kristenjp@hbsslaw.com

March 20, 2013

<u>Via ECF</u>

The Honorable F. Dennis Saylor
District of Massachusetts
John Joseph Moakley
United States Federal Courthouse
1 Courthouse Way, 3d Floor
Boston, MA 02210

Re:   *In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation*
<u>MDL 2419; C.A. No.: 13-md-2419-FDS</u>

Dear Judge Saylor:

I write in my capacity as interim plaintiffs' liaison counsel to inform the Court that the Chapter 11 Trustee's proposed order setting a briefing schedule for the Trustee's motion to transfer and providing notice to affected parties, submitted on Friday, March 15, 2013,[1] includes a provision permitting parties who are not formally before the Court to appear for the limited purpose of responding to the Trustee's motion to transfer[2] without having to hire local counsel.

At the March 12, 2013 status conference, I asked that the Court permit counsel for victims whose cases are not part of the MDL but wish to be heard in response to the Trustee's motion to transfer to appear for that limited purpose. I also asked that the Court permit attorneys in that position to respond without having to hire local counsel. The Court requested that my firm provide a proposed order to this effect by Friday, March 15.

In an effort to avoid filing multiple proposed orders when one would do, my firm and the Trustee worked collaboratively to ensure that the Trustee's proposed order addressing the briefing schedule and notice [Dkt. No. 58] included a provision that permitted out-of-state counsel to respond to the Trustee's motion to transfer. That proposed order includes the following provision:

---

[1] Dkt. 58, [Proposed] Order (A) Establishing Briefing Procedures and Schedule Regarding Chapter 11 Trustee's Transfer Motion and Certain Motions to Withdraw the Reference and (B) Approving Form and Manner of Notice of the Chapter 11 Trustee's Transfer Motion (Mar. 15, 2013).

[2] Dkt. 37, Chapter 11 Trustee's Motion to Transfer Personal Injury Tort and Wrongful Death Cases to This Court Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334 (Mar. 10, 2013).

March 20, 2013
Page 2

> (A)(1). Parties, whether or not a party to a proceeding currently before this Court, who now or in the future may be subject to or affected by the relief requested in the Transfer Motion, are hereby permitted to intervene in order to respond to the relief sought in the Trustee's Transfer Motion. Likewise, any such parties located outside of Massachusetts are hereby permitted to be represented by counsel in good standing in the state in which the party is located without the prior submission of an application for admission *pro hac vice* or retention of local counsel.

I believe that this paragraph addresses the concerns I raised during the status conference and I do not intend to submit a separate proposed order.

As I understand it, there exists no objection to entry of the Trustee's proposed order setting a briefing schedule and providing notice [Dkt. No. 58].[3]

                              Sincerely,

                              **/s/ Kristen Johnson Parker**
                              Kristen Johnson Parker

                              *Plaintiffs' Interim Liaison Counsel*

Cc:        All counsel (via ECF)

---

[3] This letter takes no position with respect to the Trustee's motion to transfer [Dkt. No. 37] nor the second proposed order filed by the Trustee on the same day [Dkt. No. 59, [Amended Proposed] Order Granting Chapter 11 Trustees Motion To Transfer Personal Injury Tort and Wrongful Death Cases To This Court Pursuant To 28 U.S.C. §§ 157(B)(5) and 1334 And Establishing Procedures For Subsequent Removal Of Cases (Mar. 15, 2013)].

March 20, 2013
Page 3

## CERTIFICATE OF SERVICE

     I, Kristen Johnson Parker, hereby certify that I caused a copy of the foregoing Letter from Kristen Johnson Parker Addressing the Trustee's Proposed Order Regarding Briefing Schedule and Notice [Dkt. 58] to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: March 20, 2013

                                                */s/ Kristen Johnson Parker*
                                                Kristen Johnson Parker, BBO No. 667261