UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ) | | |
| ) | | |
| IN RE:  NEW ENGLAND ) | MDL No. 1:13-md-2419-FDS | |
| COMPOUNDING PHARMACY, INC. ) | | |
| PRODUCTS LIABILITY LITIGATION ) | | |
| ) | | |
| This Document Relates To: ) | | |
| ) | | |
| All Actions ) | | |
| ) | | |
| ) | | |

MDL Order No. 3
April 11, 2013

ORDER CONCERNING SHARING AND FUNDING
OF PLAINTIFFS' PRETRIAL EXPENSES AND COSTS

This order is intended to create a structure for plaintiffs' counsel to share and fund discovery and pretrial expenses and costs in connection with this litigation.

1.   **Common Benefit Fees, Costs, and Assessments.**

The Plaintiffs' Steering Committee ("PSC") created by MDL No. 2 shall be responsible, in the first instance, for funding common discovery and pretrial costs as may be necessary and appropriate.  To do so, the PSC may request contributions from other firms or individual plaintiffs' counsel.  As soon as practicable, based upon the PSC's evaluation of the particular circumstances of this litigation, the PSC shall submit a proposal for any reasonable prospective contingent assessment upon recoveries on the claims comprising this litigation.  Such proposal will be subject to court approval (after notice and opportunity to be heard from all stakeholders) and will be implemented under the equitable principles of the common-benefit doctrine, commensurate with the benefits of economy, efficiency, and value actually conferred upon the

plaintiffs by these expenditures and services.

Although the PSC and other Designated Counsel (as defined in MDL No. 2) shall have the right to request a common-benefit assessment, it should be recognized that, given the unique circumstances of this litigation, lawyers participating in common-benefit work in the MDL may not end up being paid at usual rates or percentages of recovery.

**2.    Plaintiffs' Counsel's Time and Expense Submissions**

Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.  The following general standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

    **A.    General Standards**

        1.    These standards and procedures are intended to apply to all activities performed and expenses incurred by counsel that relate to matters common to all claimants in this litigation.  Any claimants' counsel who seeks reimbursement or compensation for common-benefit time and expenses (including any state-court counsel) shall comply with these guidelines and any submission by such counsel shall be in accordance with this order.

        2.    All claims for time and expenses submitted must be incurred only for work authorized in advance by the Lead Counsel.  Prior to the appointment of Lead Counsel, such work may only be authorized by Lead Counsel or the Court.

3. Counsel who intends to seek reimbursement shall submit time and expense reports to Lead Counsel monthly. These reports should include both time and expenses and should summarize, with back-up detail, the submissions of all firms.

4. Lead Counsel is authorized to establish on behalf of the PSC one or more bank accounts for the collection and deposit of assessments and for the payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate. Any bank statements concerning such accounts shall be periodically provided to, and reviewed by, the PSC.

5. Submission of a claim for reimbursement shall constitute a representation by the named counsel that the time and expenses are accurately reported.

**B.    Time Reporting**

1. Only time spent on matters common to all claimants in this litigation will be considered in determining fees. No time spent on developing or processing any case for an individual claimant should be submitted, unless the case is specifically determined by the PSC or the Court to be a "common-benefit case" (for example, a "test case" or "bellwether" case), as set forth below.

2. All time should be recorded on a daily basis. The failure to maintain such records, as well as insufficient description of the activity, may result in a loss of fees.

### C. Expense Reporting

1. All costs will be deemed as either "Shared Costs" or "Held Costs."

    a. Shared Costs are costs that will be paid out of a separate PSC account to be established and administered by Lead Counsel, to be funded by all members of the PSC and others as determined by the PSC (and agreed by such other counsel).

    b. Held Costs are those that will be carried by each attorney representing a client in this litigation, and reimbursed as and when determined by the PSC.

### D. Shared Costs

1. Shared Costs are costs incurred for the common benefit of the MDL plaintiffs as a whole. No individual client-related costs shall be considered as Shared Costs, unless the case is determined by the PSC or the Court to be a "common-benefit case." All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the Shared Costs account. All Shared Costs must be approved by Lead Counsel prior to being incurred and prior to payment.

2. Lead Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and any associated forms. Request for payments should include sufficient information to allow Lead Counsel to account properly for costs and to

provide adequate detail to the Court. All requests shall be subject to review and approval by Lead Counsel.

**E. Held Costs**

1. Held Costs are costs incurred for the global benefit of the MDL plaintiffs. Held Costs are those that do not qualify as Shared Costs, but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs, unless the case is determined by the PSC or the Court to be a "common-benefit case." Time spent on such a case shall be reported in a separate expense submission. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

    a. faxes;

    b. postage, shipping, courier, and certified mail;

    c. printing and photocopying (in-house);

    d. computerized research - Lexis/Westlaw;

    e. telephone - long distance (actual charges only); and

    f. travel, pursuant to travel limitations set forth below, including travel for attorney to attend depositions, court or legislative matters:

        (1) airfare

       (2)    reasonable ground transportation

       (3)    hotel

       (4)    reasonable meals and entertainment

       (5)    reasonable other (parking)

       (6)    car rental, cabs, etc.

       (7)    secretarial and clerical overtime

2.    The PSC shall propose expense limitations and guidelines for use by all plaintiffs' counsel.  Lead Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records.

**So Ordered.**

                                        /s/ F. Dennis Saylor  
                                        F. Dennis Saylor IV  
                                        United States District Judge

Dated: April 11, 2013