# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | Master File No. 1:13-MF-2419-FDS<br>MDL Docket No. 2419<br><br>This Document Relates to:<br><br>*Kathryn S. Leaverton and David W. Leaverton v. New England Compounding Pharmacy, Inc., et al.:* 1:13CV10408<br><br>*Meghan R. Jones v. New England Compounding Pharmacy, Inc., et al.:* 1:13CV10409<br><br>*Jose A. Ramos v. New England Compounding Pharmacy, Inc., et al.:* 1:13CV10410<br><br>*Naquita L. Rios and Ricky Rios v. New England Compounding Pharmacy, Inc., et al.:* 1:13CV10411<br><br>*Juanita M. Rivera and Anthony Rivera v. New England Compounding Pharmacy, Inc., et al.:* 1:13CV10412<br><br>*Robert S. Tayvinsky and Kathryn Tayvinsky v. New England Compounding Pharmacy, Inc., et al.:* 1:13CV10414<br><br>*Jennifer L. Tolotti and Joseph Tolotti v. New England Compounding Pharmacy, Inc., et al.:* 1:13CV10413<br><br>*Dawn M. Zavacki and Roger Zavacki v. New England Compounding Pharmacy, Inc., et al.:* 1:13CV10441 |

**DEFENDANT AMERIDOSE, LLC'S BRIEF OPPOSING PLAINTIFFS' MOTIONS TO REMAND**

The Motions for Remand filed by Plaintiffs in the above-referenced actions should be denied as there are several bases for federal jurisdiction. In particular, 28 U.S.C. §1334(b) and 28 U.S.C.§157(b)(5) compel this Court to exercise "related to" jurisdiction over Plaintiffs' personal injury tort claims irrespective of the diversity of the parties. Not only do these statutes compel the exercise of "related to" jurisdiction, but they enable a more complete coordination and consolidation of these proceedings in the MDL. This, in turn, will help the Court and all interested parties preserve the pool of assets that otherwise would be depleted by Defendant's need to litigate Plaintiffs' cases, and similar cases, in multiple forums. This Court and the Interim Plaintiffs' Liaison Counsel previously recognized that preserving assets is an issue important to all parties so as to assure, as much as possible, the equitable distribution of any settlement proceeds. (Transcript from 2/15/13 Status Conference at 8:2-9:3; 13:15-20, 44:12-16, relevant pages attached as Exhibit 1). Thus, federal court jurisdiction benefits all parties.

Separate and apart from the Court's "related to" jurisdiction, federal jurisdiction is proper because there is no colorable basis for Plaintiffs' product liability claims against the non-diverse healthcare providers. Plaintiffs fraudulently joined these claims solely to avoid federal jurisdiction. As a result, there is complete diversity over the properly joined defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

This Court can and should perfect its diversity jurisdiction by severing Plaintiffs' remaining negligence (i.e., medical malpractice) claims against the non-diverse healthcare providers because those claims focus on different conduct, by different parties, at different times, and in different locations than Plaintiffs' product liability claims against Ameridose. Severing Plaintiffs' negligence claims against the non-diverse healthcare providers and allowing Plaintiffs' product liability claims against Ameridose to

proceed in the MDL will accomplish the goals of judicial economy and consistency while at the same time preserving judicial resources.

Ameridose has briefed the legal bases for each of these arguments in its Brief in Opposition to the Motion to Remand filed by Plaintiffs Greta Normand and Drew Normand in *Greta Normand and Drew Normand v. New England Compounding Pharmacy, Inc., et al.:* 13-cv-10447-FDS.  In addition, Ameridose, the Chapter 11 Trustee, and Defendant GDC Properties Management, LLC have previously briefed the implications of 28 U.S.C. §1334(b) and 28 U.S.C.§157(b)(5).  (*See* Defendant Ameridose LLC's Memorandum in Support of Its Motion to Withdraw the Reference (ECF #27, filed in the United States Bankruptcy Court, District of Massachusetts, Case No. 12-19882); Chapter 11 Trustee's Motion to Transfer Personal Injury Tort and Wrongful Death Cases to This Court (ECF # 37); GDC Properties Management's Motion To Withdraw the Reference of Certain of the Adversary Proceedings (ECF # 30).)  All of these arguments apply with equal force to the within action, and thus, in the interest of preserving judicial resources, Ameridose will not submit another brief.  Instead, Ameridose attaches the *Normand* Brief and the Memorandum in Support of Its Motion to Withdraw the Reference as Exhibits 2 and 3, respectively, and incorporates by reference the arguments contained therein in support of this brief.[1]

For the foregoing reasons, Defendant Ameridose, LLC, respectfully requests that this Court deny the Motions to Remand The Case To The Superior Court of New Jersey, Law Division/Cumberland County filed by Plaintiffs Kathryn S. Leaverton and David W. Leaverton, Meghan R. Jones, Jose A. Ramos, Naquita L. Rios and Ricky Rios*,* Juanita M. Rivera and Anthony Rivera*,* Robert S. Tayvinsky and Kathryn Tayvinsky, Jennifer L. Tolotti and Joseph Tolotti, and Dawn M. Zavacki and Roger Zavacki, and instead, retain jurisdiction over Plaintiff's Complaint.

---

[1] Ameridose, LLC withdraws its assertion that the non-diverse defendants were not served before it filed its Notice for Removal.

By: /s/ Matthew P. Moriarty _____
*Attorneys for Defendant Ameridose, LLC*
Matthew Moriarty (OH 0028389)
Tucker Ellis LLP
925 Euclid Avenue
Suite 1150
Cleveland, OH 44115-1414
216.592.5000

and

/s/ Scott J. Tucker_____
Scott J. Tucker (BBO # 503940)
Tucker, Saltzman & Dyer, LLP
100 Franklin Street
Boston, MA 02110
Tel:       617.557.9696
Fax:       617.227.9191
E-mail: tucker@tsd-lawfirm.com
          mantalos@tsd-lawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on April 16, 2013 using the ECF system that sent notification of this filing to all ECF-registered counsel of record via e-mail generated by the Court's ECF system.

/s/ Matthew P. Moriarty
*Attorney for Defendant Ameridose, LLC*

013260.000001/1661742.1