# EXHIBIT 1

1

1                        UNITED STATES DISTRICT COURT
                           DISTRICT OF MASSACHUSETTS
2

3

4                                          )
      MICHELE ERKAN, on behalf of          )
5     herself, her minor child,            )
      and all others similarly             )
6     situated,                            )  No. 12-12052-FDS
                                           )
7                         Plaintiff,       )
      vs.                                  )
8                                          )
      NEW ENGLAND COMPOUNDING
9     PHARMACY, INC., d/b/a NEW
      ENGLAND COMPOUNDING CENTER,
10    et al.,
                          Defendants.
11

12
        BEFORE:   THE HONORABLE F. DENNIS SAYLOR, IV
13

14
                          STATUS CONFERENCE
15

16

17
          John Joseph Moakley United States Courthouse
18                      Courtroom No. 2
                        One Courthouse Way
19                      Boston, MA 02210

20
                        February 15, 2013
21                      10:00 a.m.

22

23                      Valerie A. O'Hara
                      Official Court Reporter
24        John Joseph Moakley United States Courthouse
                  One Courthouse Way, Room 3204
25                      Boston, MA 02210
                 E-mail: vaohara@gmail.com

1    the defendants is in bankruptcy at this stage.

2              At the risk of stating the obvious and

3    getting perhaps way ahead of myself, I want to begin

4    talking immediately about where I think this thing is

5    likely to go.  I don't have really hardly any facts at

6    all, and it's always dangerous to make a decision or to

7    begin even trying to make a decision without facts, but

8    it does look to me like we have a relatively small pool

9    of assets here or a defined pool.

10:05AM   10              We look like we're going to have a large

11   pool of claims, and my guess is that those claims are

12   going to greatly exceed the available assets, I'm

13   assuming, you know, liability here, I'm assuming it

14   away, causation and product identification.

15              There may be lots of issues here, but

16   assuming there is liability, I think, again, there's a

17   limited pool, and I think we need to be talking about

18   and thinking about from the beginning a procedure

19   perhaps through the bankruptcy court, perhaps not, where

10:05AM   20   there is a fund that could be administered to handle the

21   claims for people that want to go down that path to try

22   to reach the most equitable possible distribution of

23   whatever assets are available.

24              I'm very conscious that whatever we do in

25   litigation will diminish the insurance assets anyway and

1    perhaps all of the available assets, and, of course,

2    everyone has a right to whatever due process the law

3    allows.  I'm sure there are individual claims and

4    defenses and wrinkles that need to be thought through,

5    but, again, I think this is something we need to be

6    addressing from the beginning.

7              And, of course, also to state the obvious,

8    it is important to me to manage the case that we have

9    procedures and protocols in place so that I can imagine

10:06AM  10   the litigation.  To the extent there is litigation, I

11   have appointed interim liaison counsel for the

12   Massachusetts cases or the first dozen or so, and I need

13   to set in motion a process for appointment of lead

14   counsel.

15             We may at some point get to having

16   committees and so forth, but I think I want to start

17   with the relatively, relatively simple issue of

18   appointing lead counsel, and I don't propose to do

19   anything at this conference other than have a discussion

10:07AM  20   again about where we are and to set some initial

21   deadlines for achieving some of these things.

22             I welcome the lawyers who are appearing by

23   telephone, I've seen some of you, some of you I have

24   not, but welcome.  I hope you can hear me, and I'm going

25   to ask everyone who's in the courtroom who speaks to

1   creditors' committee to file its complaint, and the

2   creditors' committee successfully briefed and argued

3   motions for injunctive relief and attachments, so on

4   January 28th, the bankruptcy court ordered the

5   following:  Ameridose, GDC and Medical Sales Management

6   are restrained from paying Barry, Lisa, Greg or Carla up

7   to $21.1 million.  The property of the individuals is

8   attached up to $21.1 million.  The individuals are

9   restrained from spending any assets other than as

10:11AM   10   necessary for ordinary living or legal expenses, which

11   the Court noted did not include February break trips to

12   Aspen and an attachment of trustee process attached bank

13   accounts up to $21.1 million.  So that's where we are,

14   your Honor.

15          In terms of where we go from here, I think

16   that everyone on the plaintiffs' side agrees with the

17   observation that you made earlier, which is that the

18   goal here should be to minimize expenses so as to not

19   further deplete the pot while also securing a rapid

10:12AM   20   recovery for a relatively well-known class of victims.

21          As I mentioned earlier, there are some

22   strategic decisions to be made here in terms of which

23   claims against particular groups of defendants proceed

24   in which venue.  We think that the Court ought to focus

25   on appointing lead counsel or plaintiff leadership

1   lingering in the air and that we're starting to touch on

2   is where do we go from here, and I'll just note the

3   bankruptcy court has one model, and that model involves

4   expenses being incurred by the creditors' committee, the

5   trustee, respective counsel, financial advisors.  That

6   model can reduce available assets and the value of the

7   estate in principal.  The MDL has a different model, one

8   based on at least the plaintiffs' lawyers working on

9   contingency who are only paid if there is a recovery.

10:54AM   10   There are efficiencies associated with each

11   model, and we believe that we can work together to come

12   up with the most efficient resolution here.  The overall

13   notion, of course, should be to coordinate the

14   litigation and to take the steps necessary, whether here

15   or there, to foster an early fund for all claimants that

16   can be equitably distributed, and we're counting, your

17   Honor, on yourself working with Judge Boroff as well as

18   counsel in the two camps working together and hand in

19   hand with the trustee.  So far that has been a very

10:55AM   20   efficient and effective process, and we hope that it

21   will continue once the counsel is appointed.

22   THE COURT:  Thank you.  And, again, just one

23   of the odd wrinkles in this is I would imagine in the

24   normal case you would have a secured creditor or one or

25   more secured creditors who, you know, would have a first