# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| NEW ENGLAND COMPOUNDING ) | Case No. 12-19882 |
| PHARMACY, INC., ) | (Chapter 11) |
| ) | |
| Debtor. ) | |
| ) | |
| LEONARD SHAFFER and ) | |
| KAREN SHAFFER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ADVERSARY NO. 13-01023 |
| BARRY J. CADDEN, GREGORY ) | |
| CONIGLIARO, LISA C. CADDEN, ) | |
| GLENN A. CHIN, ARL BIO PHARMA, ) | |
| INC. D/B/A ANALYTICAL RESEARCH ) | |
| LABORATORIES, AMERIDOSE, LLC, ) | |
| MEDICAL SALES MANAGEMENT, ) | |
| INC. AND GDC PROPERTIES ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF AMERIDOSE, LLC'S MOTION FOR WITHDRAWAL OF REFERENCE BY UNITED STATES DISTRICT COURT**

Movant Ameridose, LLC, respectfully submits the following in support of its Motion to Withdraw the Reference.

## I. Inability Of The Bankruptcy Court To Conduct A Jury Trial Constitutes "Cause" For Withdrawal Of The Reference.

Under 28 U.S.C. § 157(d), the District Court may withdraw the reference for cause shown upon the timely motion of any party. Cause exists for withdrawing the reference in this Adversary Proceeding because it involves a personal injury lawsuit in which the Plaintiffs and Defendants have demanded a jury trial. Specifically, this Adversary Proceeding arises from a personal injury claim originally filed in the Massachusetts Superior Court (with a jury demand), in which the Plaintiffs claim that they were injured by methylprednisolone acetate allegedly manufactured and distributed by Defendants. One of the Defendants, ARL Bio Pharma, Inc., subsequently removed the case to the Bankruptcy Court.

It is undisputed that trials of personal injury tort cases must occur in the District Court, not in the Bankruptcy Court. *See* 28 U.S.C. § 157(b)(5). A number of courts have held that a bankruptcy court's inability to conduct a jury trial, standing alone, constitutes cause for withdrawal of the reference. *See, e.g., Lars, Inc., v. Taber Partners*, 290 B.R. 467 (D.P.R. 2003) ("a withdrawal of the reference is therefore required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court"); *Growers Packing Co. v. Community Bank of Homestead,* 134 B.R. 438 (S.D. Fla. 1991) ("the only bankruptcy provisions which deal specifically with the right to conduct a jury trial empower the *district court* to do so in personal injury and wrongful death cases") (emphasis supplied by the Court); *Marina Bay Drive Corp. v. FIMSA, Inc.*, 123 B.R. 222 (S.D. Tx. 1990); *In re*

30

*Transcon Lines*, 121 B.R. 837 (C.D. Cal. 1990). Accordingly, withdrawal of the reference is appropriate upon the timely filing of this motion.

## II. Uniformity of Bankruptcy Administration, Efficient Use of Judicial Resources, and Expediting the Bankruptcy Process all Support the Withdrawal of the Reference.

In addition to the overriding concerns created by the right to a jury trial, other factors considered by courts in withdrawal of the reference strongly support the withdrawal in this case. These factors include uniformity of bankruptcy administration, efficient use of legal and judicial resources, and expediting the bankruptcy process. *See, e.g. Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).

The Bankruptcy Case of New England Compounding Pharmacy, Inc. was a direct result of hundreds of personal injury tort cases – like the one brought by Plaintiffs in this Adversary Proceeding – arising from the production and sale of allegedly contaminated methylprednisolone acetate. Currently, there are 18 of these cases consolidated for trial before the Honorable F. Denis Saylor in the District Court. Withdrawal of the reference would allow this case to be consolidated with those cases.

The efficient use of judicial and legal resources, as well as expediting the bankruptcy process and maintaining uniformity of bankruptcy administration all favor withdrawal of the reference so that this case can be consolidated with similar cases now pending before the District Court. The goals of fair treatment for all claimants, including these Plaintiffs, as well as efficient and expedited resolution of these cases and the bankruptcy case itself are best served by

31

consolidation of as many of these cases as possible. Consolidation greatly simplifies and expedites discovery and other pre-trial procedures. Consolidation will also enhance the opportunity for global settlement of all similar cases, possibly in conjunction with a Chapter 11 plan of reorganization. Further advancing the consolidation of these cases, on January 31, 2013, the Judicial Panel on Multi-District Litigation conducted a hearing to determine whether pending federal cases should be designated for MDL status. All defendants and many of the plaintiffs in that litigation asked that these cases be sent to Judge Saylor. No party opposed consolidation. An order by the JPMDL is expected shortly. Thus, there are many practical benefits for withdrawing the reference in this case.

For all of the reasons set forth above, Ameridose, LLC respectfully requests that the District Court withdraw the reference for this case.

Dated: February 5, 2013

The Defendant,
Ameridose, LLC,
By its Attorneys


*s/ Matthew E. Mantalos*
Scott J. Tucker (BBO # 503940)
Matthew E. Mantalos (BBO # 669404)
Tucker, Saltzman & Dyer, LLP
100 Franklin Street
Boston, MA 02110
Tel:    617.986.4222
Fax:    617.986-6229
E-mail:  tucker@tsd-lawfirm.com
         mantalos@tsd-lawfirm.com


**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on February 5, 2013 using the ECF system that sent notification of this filing to all ECF—registered counsel of record via e-mail generated by the Court's ECF system.


*s/ Matthew E. Mantalos*
*Attorney for Defendant Ameridose, LLC*