UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No.: 1:13-md-2419-FDS |
| This Document Relates to: All Cases | |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES | Civil Action No: 7:12CV00615 Western District of Virginia |
| This Document Relates to BASIL E. PROFFITT v. NECC, et al. | |

**OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE**

Plaintiff, by her attorneys, THE MILLER FIRM, LLC, files this Brief In Opposition To Defendants' Motion to Transfer Case to the District Court for the District of Massachusetts.

Plaintiff filed a complaint in the Roanoke City Circuit Court in the Commonwealth of Virginia on October 17, 2012, against Defendants for injuries and damages suffered after Plaintiff was injected with methylprednisolone acetate, a steroid pain reliever manufactured, distributed and sold by the Defendants. Specifically, the Plaintiff alleged that the defective methylprednisolone acetate was contaminated with a fungus, causing Plaintiff to suffer from fungal meningitis. Defendant New England Compounding Pharmacy, Inc., D/B/A New England Compounding Center (hereinafter "NECC") removed the complaint to federal court on November 14, 2012. Plaintiff filed a notice of voluntary dismissal without prejudice on November 15, 2012. Plaintiff refiled her complaint in the Circuit Court for the City of Roanoke

1

on November 28, 2012 and added Defendant Image Guided Pain Management, P.C., D/B/A Insight Imaging Roanoke (hereinafter "IGPM") as a party.  Jurisdiction and venue were proper in Roanoke City Circuit Court, as Defendant IGPM, is a Virginia corporation with its principle place of business in Roanoke, Virginia and is, therefore, a citizen of Virginia. *See*, Compl. at ¶ 4.

On December 19, 2012, Defendant NECC again removed this action to Federal Court claiming that: (1) Ms. Proffitt's complaint asserts claims arising under the laws of the United States pursuant to 28 U.S.C. 1331; and (2) that Plaintiff fraudulently joined the Virginia Defendant, Insight, and as a result this Court has subject matter jurisdiction over this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff subsequently filed her Motion to Remand, arguing that Defendant IGPM was not fraudulently joined and the causes of action stated against it were supported under Virginia law. The motion to remand has not yet been ruled on.

Based on the authority set forth below, and Plaintiff's Motion to Remand previously filed, Plaintiff respectfully suggests that this Court lacks jurisdiction over this matter and the motion to transfer should be denied

**II.  ARGUMENT**

    **A.**     **The Court Lacks Jurisdiction to Consider the Defendant's Motion to   Dismiss.**

As a preliminary matter, Plaintiff requests that the Court decline to consider the Defendant's Motion to Transfer until the question of federal jurisdiction is resolved.  The plain language of 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Subject matter jurisdiction "goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir.

2008). Because subject matter jurisdiction goes to the very power of the court to act, the United States Supreme Court has emphasized that the court should determine whether or not it has subject matter jurisdiction **as a threshold matter**. *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). Absent subject matter jurisdiction, this Court cannot transfer this case. *Work/Family Directions v. Children's Discovery Ctrs. (In re Santa Clara County Care Consortium),* 223 B.R. 40 (B.A.P. 1st Cir. Mass. 1998).) ("However, if the bankruptcy court does not have subject matter jurisdiction over the removed proceeding, then it may not hear the matter and the case should be remanded pursuant to 28 U.S.C. § 1447(c) n6, which provides that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") *see also See Ni Fuel Co. v. Jackson, 257 B.R. 600, 611-12,* (N.D.Okla.,2000) ("This Court should decide the jurisdictional issues raised . . . . If there is a jurisdictional defect and the parties and the action are not properly before the Court, any action taken by the [transferee] Court would be void.")

Moreover, determining subject matter jurisdiction at the outset of litigation is usually the most efficient use of judicial resources, and, "in such cases both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue **first**." *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 587-88, 119 S.Ct. 1563, 1572, 143 L.Ed.2d 760 (1999). (Emphasis added);

The Plaintiff contests that there is federal jurisdiction in the present case and has sought remand to the Roanoke City Circuit Court, where the Complaint was initially filed prior to the bankruptcy filing. Determining jurisdiction as a preliminary matter in this case would also conserve judicial resources. Should the Court grant the Plaintiff's Motion to Remand, then the present Motion to Dismiss would become moot as the Court lacks jurisdiction to consider the merits of the claim.

Based on the foregoing, the Plaintiff respectfully requests that the Court defer ruling on the motion to remand until after a determination as to whether there is federal jurisdiction in this matter.

Respectfully Submitted by:

/s/ Jeffrey Travers
THE MILLER FIRM, LLC
Jeffrey Travers, Esq.VSB #77409
108 Railroad Ave.
Orange, VA 22960
Phone: (540) 672-4224
Fax: (540) 672-3055
jtravers@millerfirmllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that electronic notice and service will be completed through the ECF system to all counsel of record.

/s/ Jeffrey Travers, Esq.

Jeffrey Travers, Esq. VSB # 77409