IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LAIBILITY LITIGATION<br><br>This Document Relates to:<br>  All Cases | Master File No. 1:13-MD-2419-FDS<br>MDL Docket No. 2419 |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES<br><br>This Document Relates to:<br>All Cases | Master Docket No. 12-12052-FDS |

**Declaration of J. Scott Sexton Regarding Filson v. Insight Health Corp, *et al.*, in Support of Motion for Mandatory Abstention and in Opposition to Trustee's Motion to Transfer**

1. My name is J. Scott Sexton.

2. I am a lawyer representing Barbara J. Filson in this matter. I have personal knowledge of the matters set forth in this Declaration.

3. Mrs. Filson filed a lawsuit against New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC") and other defendants in the United States District Court for the Western District of Virginia on November December 14, 2012, Civ. Action No. 7:12-cv-00609. A copy of the complaint instituting this lawsuit is attached as **Exhibit A.**

4. On December 21, 2012, NECC filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Massachusetts.

1

5. On December 26, 2012, NECC filed a Notice of Stay by Reason of Bankruptcy in Mrs. Filson's pending federal court action. A copy of this Notice of Stay is attached as **Exhibit B.**

6. On December 28, 2012, Mrs. Filson filed an action against Insight Health Corp. ("Insight") and other physician defendants in the Circuit Court for the City of Roanoke, Case No. CL12-2575. A copy of the complaint instituting this lawsuit is attached as **Exhibit C.**

7. Also on December 28, 2012, my office provided counsel for Insight with a copy of the complaint. A copy of the e-mail to counsel for Insight is attached as **Exhibit D.**

8. Insight's registered agent was served on January 9, 2013. A copy of the Virginia Court Case Information System page reflecting this service is attached as **Exhibit E.**

9. Insight provided copies of pleadings to counsel for NECC, Rebecca Herbig of the firm Bowman and Brooke. Ms. Herbig has actively served as counsel for NECC throughout all of the time periods procedurally at issue in this case. Insight has provided copies of emails and pleading filing to counsel for NECC since its original demurrer (the Virginia equivalent to a motion to dismiss) on February 18, 2013. That email is attached as **Exhibit F.**

10. Insight filed a demurrer. Mrs. Filson served discovery on the defendants. Insight answered some of that discovery. Mrs. Filson also exchanged discovery with the local defendants.

11. Given the number of lawsuits proceeding against NECC, the Judicial Panel on Multidistrict Litigation ("JPML") entered an order centralizing 4 actions against NECC in a Multidistrict Litigation proceeding in the United States District Court for the District of Massachusetts (the "MDL Court") on February 12, 2013. The Multidistrict Litigation Panel case number is MDL 2419.

12. On March 10, 2013, NECC's Chapter 11 Trustee filed a Motion to Transfer Personal Injury and Wrongful Death Cases in the MDL [MDL ECF No. 37 & Master Docket ECF No. 200], along with a memorandum in support [MDL ECF No. 38 & Master Docket ECF No. 201].

13. Mrs. Filson opposed the Trustee's motion. She filed a Motion for Mandatory Abstention [Master Docket ECF No. 209] and a Memorandum of Law in Support of Motion for Mandatory Abstention and in Opposition to Trustee's Motion to Transfer [Master Docket ECF No. 210].

14. Based on Insight's discovery responses, Mrs. Filson moved for partial summary judgment against Insight in her state-court action. The local physician defendants in that action filed demurrers.

15. On April 5, 2013, the Roanoke City Circuit Court Judge heard extensive argument on the demurrers filed by the local physician defendants in this case and the other companion cases which the NECC Trustee seeks to transfer. Similarly, the state court granted Mrs. Filson's motion for partial summary judgment and similar motions in nine companion cases on Friday, April 5. Although she had never appeared before at any of the state court proceedings, counsel for NECC was present in the Roanoke City Circuit Court on April 5, 2013 and she was in the

3

gallery of the courtroom during those proceedings. Subsequently, Insight began removing the companion cases filed in Roanoke City Circuit Court.

16. On April 8, 2013, Insight filed a notice of removal purporting to remove this matter to federal court under "related to" bankruptcy jurisdiction, even though the time for doing so had expired long before. It asserted that its grounds for doing so was the Trustee's transfer motion of March 10, 2013.

17. Motions to Remand have been filed and appear likely to result in the remand to state court.

18. On April 11, 2013, following Insight's Notice of Removal in this case, Frederick Fern as counsel for NECC filed a "Notice of Potential Tag-Along Action" in the MDL, seeking to have the Clerk issue a conditional transfer order. A copy of this Notice is attached as **Exhibit G**. On April 16, 2013, the Clerk of the Panel issued a Conditional Transfer Order (CTO-9) seeking to transfer this case to the MDL. A copy is attached as **Exhibit H**. At considerable cost of additional time and effort, Mrs. Filson and the local physician co-defendants filed objections and will file motions to vacate in a timely manner.

19. By letter dated April 24, 2013, Mr. Fern has since confirmed that his actions on behalf of NECC were "initiated with the express authority and full knowledge of the Chapter 11 Trustee."

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2013.

*[signature]*