RECEIVED FEB 0 5 2013

*NECC*

# CT Packing Slip

**CT Corporation**

**FedEx Tracking # :** 794651080350
**Created By :** Lisa Howard
**Created On :** 01/31/2013 03:04 PM
**Recipient :**

**Greg Conigliaro**
Title : --
Customer : New England Compounding Pharmacy, Inc.
Address : 52 SEARS ROAD
Email : gconigliaro@neccrx.com
Phone : 508-820-0606    Fax : -

**Package Type :** Envelope
**Items shipped :** 7

| Log # | Case # | Entity Name |
|---|---|---|
| 522049584 | CL122576 | New England Compounding Pharmacy, Inc. |
| 522049647 | CL122574 | New England Compounding Pharmacy, Inc. |
| 522049688 | CL122573 | New England Compounding Pharmacy, Inc. |
| 522049704 | CL122572 | New England Compounding Pharmacy, Inc. |
| 522049722 | CL122571 | New England Compounding Pharmacy, Inc. |
| 522049795 | CL122547 | New England Compounding Pharmacy, Inc. |
| 522049906 | CL122574 | New England Compounding Pharmacy, Inc. |

 **CT Corporation**

**Service of Process Transmittal**
01/31/2013
CT Log Number 522049795

**TO:** Greg Conigliaro
New England Compounding Pharmacy, Inc.
52 SEARS ROAD
SOUTHBOROUGH, MA 01772

**RE:** Process Served in Florida

**FOR:** New England Compounding Pharmacy, Inc. (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sharon G. Wingate, Executor of the Estate of Douglas Gary Wingate, Deceased, Plf. vs. Insight Health Corp., et al., Dfts. // To: New England Compounding Pharmacy, Inc., etc. |
| **DOCUMENT(S) SERVED:** | Motion, Order, Certificate of Service, Attachment |
| **COURT/AGENCY:** | Roanoke City Circuit Court, VA
Case # CL122547 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Motion for Extension of Time to Join New England Compounding Pharmacy, Inc. as a Defendant, due to death of Douglas Gray Wingate as the result of contaminated steroid manufactured and sold by New England Compounding Pharmacy, Inc. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2013 at 14:00 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Brian J. Gerling
Bonner Kiernan Trebach & Crociata, LLP
12230 20th Street, NW
8th Floor
Washington, DC 20036
202-712-7000 |
| **REMARKS:** | Motion was highlighted prior to receipt by CT to reflect the name of the intended recipient. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 794651080350 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road
Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / LH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

VIRGINIA

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

SHARON G. WINGATE,  )
EXECUTOR OF THE ESTATE OF )
DOUGLAS GRAY WINGATE, DECEASED )
 )
Plaintiff, )
 )
v. ) Case No. CL12-2547
 )
INSIGHT HEALTH CORP., )
JOHN MATHIS, M.D., )
ROBERT F. O'BRIEN, M.D., ) DATE: 1-31-13    TIME: 2:30
And )
IMAGE GUIDED PAIN MANAGEMENT, )
P.C. ) ERIC DEAL    S.P.S. #336
 )
Defendants. )

## MOTION FOR EXTENSION OF TIME FOR JOINDER

COMES NOW, Defendant INSIGHT HEALTH CORP. ("IHC"), by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, and moves pursuant to Rules 1.9 and 3:12(b) of the Rules of the Supreme Court of Virginia, this Honorable Court to grant an Extension of Time for IHC to file its motion to join New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") to this action because it is a necessary and indispensable party, and states as follows:

1. Plaintiff served its Complaint on IHC's registered agent for service of process in Virginia on January 4, 2013. In her Complaint, plaintiff alleges that her husband died as a result of being injected with an allegedly contaminated steroid manufactured and sold by NECC. (Complaint ¶¶ 75-85.)

2. However, NECC is not a party to this action. Thus, in its absence, among other things, "complete relief cannot be accorded among those already parties." Va. Sup. Ct.

R. 3:12(a). Accordingly, NECC is a necessary and indispensable party to this action. *See Asch v. Friends of Mt. Vernon Yacht Club*, 251 Va. 89, 90 (1996) (a court lacks the power to proceed with a suit unless all necessary parties are properly before the court and, if not, the matter must be dismissed); *Gray v. Virginia Secretary of Transportation*, 77 Va. Cir. 224, 227-228 (Cir. Ct. City of Richmond, 2008) (discussing Va. Sup. Ct. R. 3:12 (a) and (c) and dismissing action because necessary and indispensable party not in the action) (*citing Mendenhall v. Cooper*, 239 Va. 71, 74 (1990) (failure to join necessary and indispensable party mandates dismissal of action)).

3. Rule 3:12(b) sets forth, subject to the provisions of Rule 1:9, that a "motion to join an additional party shall ... be filed with the clerk within 21 days after service of the complaint and shall be served on the party sought to be joined who shall thereafter be subject to all provisions of these Rules, except the provisions requiring payment of writ tax and clerk's fees."

4. IHC has filed or is filing herewith a Demurrer to Plaintiff's Complaint on the grounds that, among other things, Plaintiff failed to name a necessary and indispensable party to this action. A Demurrer also must be filed within the 21 day requirement after service of this action. That matter has not yet been set for hearing.

5. Accordingly, under the circumstances, and pursuant to Rule 3:12(b) of the Rules of the Supreme Court of Virginia, Defendant IHC's deadline for filing a motion to join NECC would come before any ruling on its Demurrer to the Plaintiff's Complaint – something that is not logical.

6. In the event its Demurrer is granted by this Court, Defendant IHC would have no reason to file a motion to join NECC.

2

7.  In the interests of the Court's economy, the logical sequence of pleadings and rulings thereon, and pursuant to this Court's discretionary powers conferred by Rule 1:9, Defendant IHC requests that this Court set the deadline for a motion pursuant to R. 3:12(b) to join NECC to a reasonable date after this Court has considered and ruled upon the IHC's Demurrer.

WHEREFORE, based on the foregoing, Defendant IHC respectfully requests that this Honorable Court grant its Motion for extending the deadline to permit it to file a motion to join NECC, to the extent it is necessary, no later than 21 days following this Court's ruling on IHC's Demurrer to the plaintiff's Complaint.

Date: January 24, 2013

BONNER KIERNAN TREBACH & CROCIATA, LLP

_[signature]_

Christopher E. Hassell, Esquire VSB#30469
Brian J. Gerling, Esquire VSB #75817
Clinton R. Shaw, Jr. VSB#37498
1233 20th Street, NW, 8th Floor
Washington, DC  20036
p(202) 712-7000
f(202) 712-7100
chassell@bonnerkiernan.com
bgerling@bonnerkiernan.com

*Counsel for Insight Health Corp.*

3

VIRGINIA

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| SHARON G. WINGATE,<br>EXECUTOR OF THE ESTATE OF<br>DOUGLAS GRAY WINGATE, DECEASED<br><br>Plaintiff,<br><br>v.<br><br>INSIGHT HEALTH CORP.,<br>JOHN MATHIS, M.D.,<br>ROBERT F. O'BRIEN, M.D.,<br>And<br>IMAGE GUIDED PAIN MANAGEMENT,<br>P.C.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CL12-2547<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING DEFENDANT INSIGHT HEALTH CORP.'S MOTION FOR EXTENSION OF TIME TO JOIN ADDITIONAL PARTIES

Upon consideration of Defendant Insight Health Corp.'s Motion for Extension of Time to File a Motion to Join Additional Parties pursuant to Rule 3:12(b) of the Rules of the Supreme Court of Virginia, any opposition filed thereto, the record herein, and upon the argument of counsel, it is by this Court on this ____ day of _____, 2013:

**ORDERED** that the Defendant's Motion for Extension of Time to File a Motion to Join, and it is hereby **GRANTED**, and it is further,

**ORDERED** that the Defendant Insight Health Corp. file its Motion To Join ___ days following this Court's ruling on Defendant Insight's Demurrer.

_____
Circuit Court Judge

4

Copies to:

J. Scott Sexton, Esquire (via e-mail)
Rebecca Herbig, Esquire (via e-mail)
Christopher E. Hassell, Esquire (via e-mail)
John J. Jessee, Esquire (via e-mail)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I caused to be served the foregoing Motion Pursuant to R. 1:9 and 3:12 of INSIGHT HEALTH CORP. via regular mail and email this 24th day of January, 2013 to:

J. Scott Sexton
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
p540.983.9300
f540.983.9400
sexton@gentrylocke.com

and

Rebecca Herbig
Bowman and Brooke LLP
1111 East Main Street, Suite 2100
Richmond, VA 23219
p804.649.8200
f804 804.649.1762
rebecca.herbig@bowmandandbrooke.com

and

New England Compounding Center
Its Registered Agent of Process: CT Corporation System
4701 Cox Road
Suite 301
Glen Allen, Virginia, 23060
   and

John Jessee
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
p540.510.3018
f540.510.3050
john.jessee@leclairryan.com

Christopher E. Hassell
Brian J. Gerling

6

