VIRGINIA

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| SHARON G. WINGATE, <br> EXECUTOR OF THE ESTATE OF <br> DOUGLAS GRAY WINGATE, DECEASED <br><br> Plaintiff, <br><br> v. <br><br> INSIGHT HEALTH CORP., <br> JOHN MATHIS, M.D., <br> ROBERT F. O'BRIEN, M.D., <br> And <br> IMAGE GUIDED PAIN MANAGEMENT, <br> P.C. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CL12-2547 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION FOR EXTENSION OF TIME TO FILE THIRD PARTY COMPLAINT**

COMES NOW, Defendant INSIGHT HEALTH CORP. ("IHC"), by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, and moves pursuant to Rules 1.9 and 3:10 of the Rules of the Supreme Court of Virginia, this Honorable Court to grant an Extension of Time for IHC to file a third-party complaint against New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") to this action because it is a necessary and indispensable party, and states as follows:

1. Plaintiff served its Complaint on IHC's registered agent for service of process in Virginia on January 4, 2013. In her Complaint, Plaintiff alleges that her husband died as a result of being injected with an allegedly contaminated steroid manufactured and sold by NECC. (Complaint ¶¶ 66-107.)

2. However, NECC is not a party to this action. Thus, in its absence, among other things, "complete relief cannot be accorded among those already parties." Va. Sup. Ct.

R. 3:12(a). Accordingly, NECC is a necessary and indispensable party to this action. *See Asch v. Friends of Mt. Vernon Yacht Club*, 251 Va. 89, 90 (1996) (a court lacks the power to proceed with a suit unless all necessary parties are properly before the court and, if not, the matter must be dismissed); *Gray v. Virginia Secretary of Transportation*, 77 Va. Cir. 224, 227-228 (Cir. Ct. City of Richmond, 2008) (discussing Va. Sup. Ct. R. 3:12 (a) and (c) and dismissing action because necessary and indispensable party not in the action) (*citing Mendenhall v. Cooper*, 239 Va. 71, 74 (1990) (failure to join necessary and indispensable party mandates dismissal of action)).

3. Rule 3:13 of the Rules of the Supreme Court of Virginia sets forth, subject to the provisions of Rule 1:9, that a "third-party plaintiff need not obtain leave therefore if the third-party complaint is filed not later than 21 days after the third-party plaintiff serves an original pleading in response."

4. On January 24, 2013, IHC filed a Demurrer to Plaintiff's Complaint on the grounds that, among other things, Plaintiff failed to name a necessary and indispensable party to this action. A hearing of the Demurrer is set for February 27, 2013.

5. Accordingly, under the circumstances, and pursuant to Rule 3:13 of the Rules of the Supreme Court of Virginia, Defendant IHC's deadline for filing a third-party complaint against NECC, if that is even possible because NECC has filed for bankruptcy protection, would be due on February 14, 2013, which is before any ruling on its Demurrer to the Plaintiff's Complaint that NECC is a necessary and indispensable party.

6. In the event that the Court grants IHC's Demurrer to Plaintiff's Complaint on the ground that NECC is a necessary and indispensable party, a third-party complaint is moot.

7.      In the interests of the Court's economy, the logical sequence of pleadings and rulings thereon, and pursuant to this Court's discretionary powers conferred by Rule 1:9, Defendant IHC requests that this Court set the deadline for, to the extent it may be necessary, filing of a third-party complaint to join NECC to this action to a reasonable date after this Court has considered and ruled upon the IHC's Demurrer.

WHEREFORE, based on the foregoing, Defendant IHC respectfully requests that this Honorable Court grant its Motion for extending the deadline to file a third-party complaint to join NECC to this action, to the extent it is necessary or possible, no later than 21 days following this Court's ruling on IHC's Demurrer to the plaintiff's Complaint.

Date:   February 11, 2013

                                                    BONNER KIERNAN TREBACH & CROCIATA, LLP

                                                    _____
                                                    Christopher E. Hassell, Esquire VSB#30469
                                                    Brian J. Gerling, Esquire VSB #75817
                                                    Clinton R. Shaw, Jr. VSB#37498
                                                    1233 20th Street, NW, 8th Floor
                                                    Washington, DC  20036
                                                    p(202) 712-7000
                                                    f(202) 712-7100
                                                    chassell@bonnerkiernan.com
                                                    bgerling@bonnerkiernan.com

                                                    *Counsel for Insight Health Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I caused to be served the foregoing Motion Pursuant to R. 1:9 and 3:13 of INSIGHT HEALTH CORP. via regular mail and email this 12th day of February, 2013 to:

J. Scott Sexton
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
p540.983.9300
f540.983.9400
sexton@gentrylocke.com

    and

Rebecca Herbig
Bowman and Brooke LLP
1111 East Main Street, Suite 2100
Richmond, VA 23219
p804.649.8200
f804. 804.649.1762
rebecca.herbig@bowmandandbrooke.com

    and

New England Compounding Center
Its Registered Agent of Process: CT Corporation System
4701 Cox Road
Suite 301
Glen Allen, Virginia, 23060
    and

John Jessee
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
p540.510.3018
f540.510.3050
john.jessee@leclairryan.com

Clinton R. Shaw, Jr.