4/4/13

Case 1:13-md-02419-RWZ   Document 136-8   Filed 05/03/13   Page 1 of 55
Case 7:13-cv-00142-GCW   Document #3   Filed 04/04/13   Page 1 of 29   Pageid#: 114

LEAD,MDL2419

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:13-md-02419-FDS

In Re: New England Compounding Pharmacy, Inc. Products
Liability Litigation
Assigned to: Judge F. Dennis Saylor, IV
related Cases: <u>1:13-cv-10145-FDS</u>
               <u>1:13-cv-10151-FDS</u>
               <u>1:13-cv-10165-RWZ</u>
               <u>1:13-cv-10559-FDS</u>
               <u>1:13-cv-10565-FDS</u>
Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 02/14/2013
Jury Demand: Defendant
Nature of Suit: 367 Personal Injury: Health
Care/Pharmaceutical Personal Injury
Product Liability
Jurisdiction: Federal Question

### <u>In Re</u>

**New England Compounding Pharmacy,
Inc. Products Liability Litigation**

### <u>Consolidated Plaintiff</u>

**Consolidated Plaintiffs**

represented by **S. James Boumil**
Boumil Law Offices
100 Summit St.
Lowell, MA 01852
508-458-0507
Fax: 978-453-6785
Email: sjboumil@boumil-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark P. Chalos**
Lieff, Cabraser, Heimann & Bernstein, LLP
150 Fourth Ave North
Suite 1650
Nashville, TN 37219
615-313-9000
Fax: 615-313-9965
Email: mchalos@lchb.com *(Inactive)*
*ATTORNEY TO BE NOTICED*

### <u>Plaintiff</u>

**Edward Adams Edward Adams**

represented by **Fredric L. Ellis**



EXHIBIT

F

Ellis & Rapacki LLP
85 Merrimac Street
Suite 500
Boston, MA 02114
617-523-4800
*Fredric L. Ellis, attorney for Edward
Adams*

Ellis & Rapacki
85 Merrimac Street
Suite 500
Boston, MA 02114
617-523-4800
Fax: 617-523-6901
Email: rellis@ellisrapacki.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**George, Cary, individually and as the
personal representative of the Estate of
Lilian Cary**
Ellis & Rapacki LLP
85 Merrimac Street
Suite 500
Boston, MA 02114
617-523-4800
*Fredric L. Ellis, attorney for George
Cary*

represented by **Fredric L. Ellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Robert Schroder**
Ellis & Rapacki LLP
85 Merrimac Street
Suite 500
Boston, MA 02114
617-523-4800
*Fredric L. Ellis, attorney for Robert
Schroder and Margaret Schroder*

represented by **Fredric L. Ellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Leonard Shaffer**
Ellis & Rapacki LLP
85 Merrimac Street
Suite 500
Boston, MA 02114
617-523-4800
*Fredric L. Ellis, attorney for Leonard
Shaffer and Karen Shaffer*

represented by **Fredric L. Ellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Chad Green**

represented by **Kimberly A. Dougherty**
Janet Jenner & Suggs, LLC
75 Arlington Street

Suite 500
Boston, MA 02116
617-933-1265
Email: kdougherty@myadvocates.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julia Stout**                          represented by **Julia Stout**, IN
                                         PRO SE

**Plaintiff**

**Michele Erkan**                        represented by **S. James Boumil**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Kristen Johnson Parker**
                                         Hagens Berman Sobol Shapiro LLP
                                         55 Cambridge Pkwy
                                         Suite 301
                                         Cambridge, MA 02142
                                         617-482-3700
                                         Email: kristenjp@hbsslaw.com
                                         *ATTORNEY TO BE NOTICED*

                                         **Thomas M. Sobol**
                                         Hagens Berman Sobol Shapiro LLP
                                         55 Cambridge Parkway
                                         Suite 301
                                         Cambridge, MA 02142
                                         617-482-3700
                                         Fax: 617-482-3003
                                         Email: Tom@hbsslaw.com
                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Cole**                          represented by **Kristen Johnson Parker**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Thomas M. Sobol**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Kathleen Guzman** | represented by | **Anne Andrews** |
| | | Andrews & Thornton |
| | | 2 Corporate Park |
| | | Suite 100 |
| | | Irvine, CA 92606 |
| | | 949-748-1000 |
| | | Email: aa@andrewsthornton.com *(Inactive)* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Michael Coren** |
| | | Cohen, Placitella & Roth, P.C. |
| | | 2 Commerce Square |
| | | 2001 Market Street, Suite 2900 |
| | | Philadelphia, PA 19103 |
| | | 215-567-3500 |
| | | Email: mcoren@cprlaw.com |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Anne Andrews** | represented by | **Anne Andrews** |
| | | PRO SE |

**Plaintiff**

| | | |
|---|---|---|
| **Sandra Harrison** | represented by | **J. Gerard Stranch , IV** |
| | | Branstetter, Stranch & Jennings, PLLC |
| | | 227 Second Avenue North |
| | | 4th Floor |
| | | Nashville, TN 37201 |
| | | 615-254-8801 |
| | | Fax: 615-250-3937 |
| | | Email: gerards@branstetterlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiffs Liaison Counsel**

| | | |
|---|---|---|
| **Plaintiffs Liaison Counsel** | represented by | **Plaintiffs Liaison Counsel** |
| | | PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Alaunus Pharmaceutical, LLC** | represented by | **Ryan A. Ciporkin** |
| | | Lawson & Weitzen |
| | | 88 Black Falcon Avenue |

Suite 345
Boston, MA 02210
617-439-4990
Email: rciporkin@lawson-weitzen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**New England Compounding Pharmacy, Inc.**
*doing business as*
New England Compounding Center

represented by **Frederick H. Fern**
Harris Beach PLLC
100 Wall street
23rd Floor
New York, NY 10005
212-687-0100
Fax: 212-687-0659
Email: hbnecc@harrisbeach.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alan M. Winchester**
Harris Beach, PLLC
100 Wall Street
New York, NY 10005
212-687-0100
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel E. Tranen**
Hinshaw & Culbertson LLP
28 State Street
24th Floor
Boston, MA 02109
617-213-7000
Email: dtranen@hinshawlaw.com
*ATTORNEY TO BE NOTICED*

**Geoffrey M. Coan**
Hinshaw & Culbertson LLP
28 State Street
24th Floor
Boston, MA 02109
617-213-7000
Email: gcoan@hinshawlaw.com
*ATTORNEY TO BE NOTICED*

Judi Abbott Curry
Harris Beach, PLLC
100 Wall St
New York, NY 10005
212-687-0659
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ameridose LLC**                    represented by **Alan M. Winchester**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew P. Moriarty**
Tucker Ellis, LLP
925 Euclid Ave
Suite 1150
Cleveland, OH 44115-1414
216-592-5000
Email: matthew.moriarty@tuckerellis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard A. Dean**
Tucker Ellis, LLP
925 Euclid Ave
Suite 1150
Cleveland, OH 44115
216-592-5000
Email: richard.dean@tuckerellis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew E. Mantalos**
Tucker, Saltzman & Dyer, LLP
100 Franklin Street
Boston, MA 02110
614-986-4222
Email: mantalos@tsd-lawfirm.com
*ATTORNEY TO BE NOTICED*

**Paul Saltzman**
Tucker, Saltzman & Dyer, LLP
100 Franklin Street
Suite 801
Boston, MA 02110
617-986-6220
Fax: 617-986-6229
Email: saltzman@tsd-lawfirm.com
*ATTORNEY TO BE NOTICED*

**Scott H. Kremer**
Tucker, Heifetz & Saltzman
Three School street
Boston, MA 02108
617-557-9696
Fax: 617-227-9191
Email: kremer@ths-law.com
*ATTORNEY TO BE NOTICED*

**Scott J. Tucker**
Tucker, Saltzman & Dyer, LLP
100 Franklin Street, Suite 801
Boston, MA 02110
617-986-6220
Fax: 617-986-6229
Email: tucker@tsd-lawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Medical Sales Management, SW, Inc.**     represented by **Daniel M. Rabinovitz**
Michaels & Ward, LLP
One Beacon Street
2nd Floor
Boston, MA 02108
617-350-4040
Fax: 617-350-4050
Email: dmr@michaelsward.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan M. Winchester**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Daniel E. Tranen
(See above for address)
*ATTORNEY TO BE NOTICED*

Geoffrey M. Coan
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Barry J Cadden**                    represented by **Alan M. Winchester**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick H. Fern**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Greg Conigliaro**                   represented by **Alan M. Winchester**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick H. Fern**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lisa Conigliaro Cadden**            represented by **Alan M. Winchester**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick H. Fern**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GDC Properties Management, LLC**
    represented by **Joseph P. Thomas**
Ulmer & Berne LLP
600 Vine Street
Suite 2800
Cincinnati, OH 45202
513-698-5004
Email: jthomas@ulmer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua A. Klarfeld**
Ulmer & Berne LLP
1600 W. 2nd Street
Suite 1100
Cleveland, OH 44113
216-583-7192
Email: jklarfeld@ulmer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Curley , Jr.**
Curley & Curley P.C.
27 School Street
6th Fl.
Boston, MA 02108
617-523-2990
Fax: 617-523-7602
Email: rac@curleylaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ARL Bio Pharma, Inc.**
    represented by **Kenneth B. Walton**
Donovan & Hatem, LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500
Fax: 617-406-4501
Email: kwalton@donovanhatem.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Kristen R. Ragosta
Donovan & Hatem, LLP
Two Seaport Lane
Boston, MA 02210
617-406-4536
Fax: 617-406-4501
Email: kragosta@donovanhatem.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Douglas Conigliaro**                    represented by   **Alan M. Winchester**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick H. Fern**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carla Conigliaro**                    represented by   **Alan M. Winchester**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick H. Fern**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Glenn Chin**                    represented by   **Alan M. Winchester**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick H. Fern**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Unknown**

**Official Committee of Unsecured**
**Creditors in the Chapter 11 Case of**
**New England Compounding Pharmacy,**
**Inc.**

represented by **David J. Molton**
Brown Rudnick LLP
Seven Times Sq
New York, NY 10036
212-209-4800
Fax: 212-209-4801
Email: dmolton@brownrudnick.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca L. Fordon**
Brown Rudnick LLP
One Financial Center, 18th floor
Boston, MA 02111
617-856-8200
Fax: 617-856-8201
Email: rfordon@brownrudnick.com
*ATTORNEY TO BE NOTICED*

V.

**Trustee**

**Paul D. Moore, in his capacity as**
**Chapter 11 Trustee of the Defendant**
**New England Compounding Pharmacy,**
**Inc. d/b/a New England Compounding**
**Center**

represented by **Jennifer Mikels**
Duane Morris LLP
100 High Street
Suite 2400
Boston, MA 02110-1724
857-488-4267
Email: jlmikels@duanemorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael R. Gottfried**
Duane Morris LLP
100 High Street
Suite 2400
Boston, MA 02110-1724
857-488-4200

Fax: 857-488-4201
Email: mrgottfried@duanemorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas B.K. Ringe , III**
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 01903-4196
215-979-1160
Email: tbkringe@duanemorris.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/14/2013 | 1 | ELECTRONIC NOTICE of Case Assignment. Judge F. Dennis Saylor, IV assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (Abaid, Kimberly) (Entered: 02/14/2013) |
| 02/14/2013 | 2 | Initial Transfer order in MDL 2419 dated 2/12/13 from the Judicial Panel on Multidistrict Litigation pursuant to 28 USC 1407, transferring the listed actions to the District of Massachusetts and assigned to Judge F. Dennis Saylor IV for consolidated pretrial proceedings. (Jones, Sherry) (Entered: 02/14/2013) |
| 02/14/2013 | 3 | Notice re: MDL number 2419 requesting transfer of case from the Eastern District of Michigan and District of Minnesota, case number 12-14559,12-14581 and 12-2605,12-2625 with enclosed certified copy of order of transfer from the Judicial Panel on Multidistrict Litigation in to the District of Massachusetts dated 2/12/13.. (Jones, Sherry) (Entered: 02/14/2013) |
| 02/15/2013 | 4 | Judge F. Dennis Saylor, IV: PROCEDURAL MDL ORDER No. 1 entered. Associated Cases: 1:13-md-02419-FDS et al.(Cicolini, Pietro) (Entered: 02/15/2013) |
| 02/21/2013 | 5 | NOTICE of Appearance by Ryan A. Ciporkin on behalf of Alaunus Pharmaceutical, LLC (Ciporkin, Ryan) (Entered: 02/21/2013) |
| 02/21/2013 | 6 | CORPORATE DISCLOSURE STATEMENT by Alaunus Pharmaceutical, LLC. (Ciporkin, Ryan) (Entered: 02/21/2013) |
| 02/21/2013 | 7 | MOTION for Leave to File *Memorandum in Support of Motion to Dismiss in Excess of 20 page limit pursuant to Local Rule 7.1(b)(4)* by Alaunus Pharmaceutical, LLC. (Attachments: # 1 Exhibit Proposed Memorandum in Support of Motion to Dismiss) (Ciporkin, Ryan) (Entered: 02/21/2013) |
| 02/22/2013 | 8 | Conditional Transfer order number 1 in MDL 2419 dated 2/22/13 from the Judicial Panel on Multidistrict Litigation pursuant to 28 USC 1407, transferring the listed actions to the |

| | | District of Massachusetts and assigned to Judge F. Dennis Saylor IV for consolidated pretrial proceedings. (Jones, Sherry) (Entered: 02/22/2013) |
|---|---|---|
| 02/22/2013 | 9 | Notice re: MDL number 2419 requesting transfer of case from the Northern District of Indiana, 29 cases, see mdl order for case list, with enclosed certified copy of order of transfer from the Judicial Panel on Multidistrict Litigation in to the District of Massachusetts dated 2/22/13. Additional cases requested from: Middle District of Florida, Case number 12-630 Southern District of Indiana, Case number 12-1638; Maryland, Case number 13-183; Eastern District of Michigan, Case number 22 cases; Western District of Michigan, Case number 12-1363 & 12-1367; Minnesota, Case number 3 cases; New Jersey, Case number 15 cases; Middle District of Tennessee, Case number 15 cases. Eastern District of Texas, 12-687 Northern District of Texas, 12-4200 Western District of Virginia, 7 cases. (Jones, Sherry) (Entered: 02/22/2013) |
| 02/25/2013 | 10 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 7 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Cicolini, Pietro) (Entered: 02/25/2013) |
| 02/25/2013 | 11 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *(as to Stout, et. al. v. New England Compounding Pharmacy, Inc., et. al., No. 13-cv-10167)* by Alaunus Pharmaceutical, LLC.(Ciporkin, Ryan) (Entered: 02/25/2013) |
| 02/25/2013 | 12 | MEMORANDUM in Support re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *(as to Stout, et. al. v. New England Compounding Pharmacy, Inc., et. al., No. 13-cv-10167) (Leave to File Granted February 25, 2013)* filed by Alaunus Pharmaceutical, LLC. (Ciporkin, Ryan) (Entered: 02/25/2013) |
| 02/25/2013 | 13 | MOTION for Leave to Appear Pro Hac Vice for admission of Joshua A. Klarfeld and Joseph P. Thomas Filing fee: $ 200, receipt number 0101-4337855 by GDC Properties Management, LLC. (Attachments: # 1 Declaration - Klarfeld, # 2 Declaration - Thomas) (Curley, Robert) (Entered: 02/25/2013) |
| 02/25/2013 | 14 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 13 Motion for Leave to Appear Pro Hac Vice. Attorneys Joseph P. Thomas and Joshua A. Klarfeld added. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Cicolini, Pietro) (Entered: 02/25/2013) |
| 02/26/2013 | 15 | Letter/request (non-motion) from Patrick T. Fennell. (Maynard, Timothy) (Entered: 02/26/2013) |
| 02/27/2013 | 16 | NOTICE of Appearance by Fredric L. Ellis on behalf of Edward Adams, George, Cary, individually and as the personal representative of the Estate of Lilian Cary, Robert Schroder, Leonard Shaffer (Ellis, Fredric) (Entered: 02/27/2013) |

| 02/27/2013 | 17 | Letter/request (non-motion) from Consolidated Plaintiffs . (Ellis, Fredric) (Entered: 02/27/2013) |
|---|---|---|
| 02/27/2013 | 18 | NOTICE of Appearance by Michael R. Gottfried on behalf of Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center (Gottfried, Michael) (Entered: 02/27/2013) |
| 02/27/2013 | 19 | NOTICE of Appearance by Jennifer Mikels on behalf of Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center (Mikels, Jennifer) (Entered: 02/27/2013) |
| 02/27/2013 | 20 | Letter/request (non-motion) from Thomas M. Sobol, Kristen Johnson Parker, and other plaintiffs' counsel . (Sobol, Thomas) (Entered: 02/27/2013) |
| 02/27/2013 | 21 | NOTICE of Appearance by Rebecca L. Fordon on behalf of Official Committee of Unsecured Creditors in the Chapter 11 Case of New England Compounding Pharmacy, Inc. (Fordon, Rebecca) (Entered: 02/27/2013) |
| 02/27/2013 | 22 | MOTION for Leave to Appear Pro Hac Vice for admission of David J. Molton Filing fee: $ 100, receipt number 0101-4342233 by Official Committee of Unsecured Creditors in the Chapter 11 Case of New England Compounding Pharmacy, Inc.. (Attachments: # 1 Exhibit Certification)(Fordon, Rebecca) (Entered: 02/27/2013) |
| 02/28/2013 | 23 | Letter/request (non-motion) from Paul D. Moore, Chapter 11 Trustee . (Gottfried, Michael) (Entered: 02/28/2013) |
| 03/01/2013 | 24 | ELECTRONIC NOTICE of Hearing. Case Management Conference set for 3/12/2013 at 3:00 PM in Courtroom 2 before Judge F. Dennis Saylor IV. (Cicolini, Pietro) (Entered: 03/01/2013) |
| 03/01/2013 | 25 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 22 Motion for Leave to Appear Pro Hac Vice. David J. Molton added. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Cicolini, Pietro) (Entered: 03/01/2013) |
| 03/01/2013 | 26 | NOTICE of Appearance by Kimberly A. Dougherty on behalf of Chad Green (Dougherty, Kimberly) (Entered: 03/01/2013) |
| 03/01/2013 | 27 | NOTICE of Appearance by David J. Molton on behalf of Official Committee of Unsecured Creditors in the Chapter 11 Case of New England Compounding Pharmacy, Inc. (Molton, David) (Entered: 03/01/2013) |
| 03/01/2013 | 28 | MOTION for Leave to Appear Pro Hac Vice for admission of Thomas B.K. Ringe, III Filing fee: $ 100, receipt number 0101-4344923 by Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center. (Attachments: # 1 Affidavit of Thomas B.K. Ringe, |

| | | III)(Gottfried, Michael) (Entered: 03/01/2013) |
|---|---|---|
| 03/03/2013 | 29 | CORPORATE DISCLOSURE STATEMENT by GDC Properties Management, LLC. (Thomas, Joseph) (Entered: 03/03/2013) |
| 03/03/2013 | 30 | Consent MOTION for Leave to File *MEMORANDUM IN SUPPORT OF MOTIONS TO WITHDRAW REFERENCE OR, IN THE ALTERNATIVE, MOTION TO JOIN MOTIONS TO WITHDRAW REFERENCE* by GDC Properties Management, LLC. (Attachments: # 1 Memorandum in Support of Motion, # 2 Exhibit 1 Proposed Order, # 3 Exhibit 2 In re Metabolife)(Thomas, Joseph) (Entered: 03/03/2013) |
| 03/06/2013 | 31 | NOTICE of Appearance by Matthew E. Mantalos on behalf of Ameridose LLC (Mantalos, Matthew) (Entered: 03/06/2013) |
| 03/06/2013 | 32 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiffs' First Amended Complaint (as to Baer/Civ No. 13-10361-FDS)* by Alaunus Pharmaceutical, LLC.(Ciporkin, Ryan) (Entered: 03/06/2013) |
| 03/06/2013 | 33 | MEMORANDUM in Support re 32 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiffs' First Amended Complaint (as to Baer/Civ No. 13-10361-FDS)* filed by Alaunus Pharmaceutical, LLC. (Ciporkin, Ryan) (Entered: 03/06/2013) |
| 03/06/2013 | 34 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiffs' First Amended Complaint (as to Hartman/Civ No. 13-10374-FDS)* by Alaunus Pharmaceutical, LLC.(Ciporkin, Ryan) (Entered: 03/06/2013) |
| 03/06/2013 | 35 | MEMORANDUM in Support re 34 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiffs' First Amended Complaint (as to Hartman/Civ No. 13-10374-FDS)* filed by Alaunus Pharmaceutical, LLC. (Ciporkin, Ryan) (Entered: 03/06/2013) |
| 03/08/2013 | 36 | STIPULATION re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *(as to Stout, et. al. v. New England Compounding Pharmacy, Inc., et. al., No. 13-cv-10167) and Order to Extend Time for Plaintiff to File an Opposition to Defendant Alaunus Pharmaceutical, LLC's Motion to Dismiss* by Julia Stout. (McCallister, Ian) (Entered: 03/08/2013) |
| 03/10/2013 | 37 | MOTION to Transfer Case *Motion to Transfer Personal Injury Tort and Wrongful Death Cases Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334* by Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center.(Gottfried, Michael) (Entered: 03/10/2013) |
| 03/10/2013 | 38 | MEMORANDUM in Support re 37 MOTION to Transfer Case *Motion to Transfer Personal Injury Tort and Wrongful Death Cases Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334* filed by Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Proposed Order) |

| | | (Gottfried, Michael) (Entered: 03/10/2013) |
|---|---|---|
| 03/11/2013 | 39 | NOTICE of Appearance by Kristen R. Ragosta on behalf of ARL Bio Pharma, Inc. (Ragosta, Kristen) (Entered: 03/11/2013) |
| 03/11/2013 | 40 | NOTICE of Appearance by Kenneth B. Walton on behalf of ARL Bio Pharma, Inc. (Walton, Kenneth) (Entered: 03/11/2013) |
| 03/11/2013 | 41 | NOTICE of Appearance by Thomas M. Sobol on behalf of Michele Erkan, Robert Cole (Sobol, Thomas) (Entered: 03/11/2013) |
| 03/11/2013 | 42 | NOTICE of Appearance by Kristen Johnson Parker on behalf of Robert Cole, Michele Erkan (Parker, Kristen) (Entered: 03/11/2013) |
| 03/11/2013 | 43 | STIPULATION *for Extension of Time to April 10, 2013 to Answer Plaintiffs' Complaints* by Ameridose LLC. (Tucker, Scott) (Entered: 03/11/2013) |
| 03/11/2013 | 44 | MOTION to Substitute Attorney by Tawan Jenkins and Franklin Jenkins. (Attachments: # 1 Exhibit Proposed Order for Approval)(Boumil, S.) Modified on 3/13/2013 (Jones, Sherry). (Entered: 03/11/2013) |
| 03/11/2013 | 45 | MOTION for Leave to File *Reply Brief in Support of Alaunus Pharmaceutical's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (This Document Relates To: Gould, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10444-FDS; Hannah v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10407-FDS; Jones v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-cv-10409-FDS; Leaverton, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10408-FDS; Letizia, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10442-FDS; Marko, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10404-FDS; Normand, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10447-FDS; Pennington v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10406-FDS; Ramos v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10410-FDS; Rios, et. al. v. New England Compounding Pharmacy, Inc., et. al., 13-10411-FDS; Rivera, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10412-FDS; Tayvinsky, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10414-FDS; Tisa, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10446-FDS; Tolotti, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10413-FDS; and, Zavacki, et. al. v. New England Compounding Pharmacy, Inc., et. al., Civ. No. 13-10441-FDS)* by Alaunus Pharmaceutical, LLC. (Attachments: # 1 Exhibit Proposed Reply Brief in Support of Motion to Dismiss)(Ciporkin, Ryan) (Entered: 03/11/2013) |
| 03/12/2013 | 46 | Proposed Document(s) submitted by Plaintiffs Liaison Counsel. Document received: Jointly Proposed Agenda for the March 12, 2013 Status Conference. (Parker, Kristen) (Entered: 03/12/2013) |
| 03/12/2013 | 47 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 45 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now |

| | | file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Cicolini, Pietro) (Entered: 03/12/2013) |
|---|---|---|
| 03/12/2013 | 48 | NOTICE of Appearance by Anne Andrews on behalf of Kathleen Guzman (Andrews, Anne) (Entered: 03/12/2013) |
| 03/12/2013 | | ELECTRONIC Clerk's Notes for proceedings held before Judge F. Dennis Saylor, IV: Case called. (1) The Court rules that it will establish a seven-attorney plaintiffs' steering committee, including lead and state-federal liaison counsel. Counsel is ordered to submit proposals as to how to organize the steering committee and for staffing of the committee by March 19, 2013. (2) The Court reviewed the status of bankruptcy proceedings and the bankruptcy trustee's motion to transfer all personal injury and wrongful death cases under 28 U.S.C. sec. 157(b)(5), as well as various motions to withdraw the reference to the bankruptcy court. In order to permit any interested party to respond to the trustee's motion, the motions to withdraw the reference, and any related motions, the Court will set a briefing schedule and will issue a procedural order concerning notice to affected parties. Counsel for the bankruptcy trustee shall submit a proposed form of order as to a detailed briefing schedule and method of notice for affected parties. Pending further order of the Court, responsive briefs concerning the pending motions to transfer are due April 16, 2013. Any party that has already filed responses to the pending motions to withdraw the reference may file additional or supplemental responses by April 16, 2013. (3) Because the pending motions to remand certain cases to state court will be affected by the Court's ruling on the trustee's motion to transfer, the resolution of those motions will be deferred pending a ruling on the motion to transfer. Briefs in opposition to the motions to remand shall be due April 16, 2013. Attorney Parker shall submit a proposed order concerning limited appearances for counsel to appear regarding the motions to remand. (4) Various deadlines are extended to the date of the next status conference, as follows: Responses to the pending motions to dismiss filed by Alaunus Pharmaceutical, LLC, are due April 10, 2013. All answers or other pleadings responsive to a complaint are due April 10, 2013. Discovery is stayed until April 10, 2013. (5) A further case management conference is set for April 10, 2013, at 2:00 PM. (Court Reporter: Valerie OHara at vaohara@gmail.com.)(Attorneys present: K. Parker, Ellis, Andrews, Dougherty, Sobol, Moriarty, Fern, Rabinovitz, Molton, Nadel, Ciporkin, et al) (Cicolini, Pietro) (Entered: 03/15/2013) |
| 03/13/2013 | 49 | MOTION to Substitute Attorney by Donald Floeckher and Marlene Floeckher. (Attachments: # 1 Ex A & Proposed Order)(Boumil, S.) Modified on 3/13/2013 (Jones, Sherry). (Entered: 03/13/2013) |
| 03/14/2013 | 50 | Judge F. Dennis Saylor, IV: MDL ORDER NO. 1 entered. Associated Cases: 1:13-md-02419-FDS et al.(Jones, Sherry) (Entered: 03/14/2013) |
| 03/14/2013 | 51 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 28 Motion for Leave to Appear Pro Hac Vice. Thomas B.K. Ringe, III, added. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at** |

| | | www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form. (Cicolini, Pietro) (Entered: 03/14/2013) |
|---|---|---|
| 03/14/2013 | 52 | Transcript of Status Conference held on March 12, 2013, before Chief Magistrate Judge Leo T. Sorokin. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Valerie OHara at vaohara@gmail.com Redaction Request due 4/4/2013. Redacted Transcript Deadline set for 4/15/2013. Release of Transcript Restriction set for 6/12/2013. Associated Cases: 1:13-md-02419-FDS, 1:12-cv-12052-FDS(Scalfani, Deborah) (Entered: 03/14/2013) |
| 03/14/2013 | 53 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:13-md-02419-FDS, 1:12-cv-12052-FDS(Scalfani, Deborah) (Entered: 03/14/2013) |
| 03/14/2013 | 54 | Conditional Transfer order number 2 in MDL 2419 dated 2/22/13 from the Judicial Panel on Multidistrict Litigation pursuant to 28 USC 1407, transferring the listed actions to the District of Massachusetts and assigned to Judge F. Dennis Saylor IV for consolidated pretrial proceedings. (Jones, Sherry) (Entered: 03/14/2013) |
| 03/14/2013 | 55 | Conditional Transfer order number 3 in MDL 2419 dated 3/12/13 from the Judicial Panel on Multidistrict Litigation pursuant to 28 USC 1407, transferring the listed actions to the District of Massachusetts and assigned to Judge F. Dennis Saylor IV for consolidated pretrial proceedings. (Jones, Sherry) (Entered: 03/14/2013) |
| 03/14/2013 | 56 | Letter/request (non-motion) from Stephen A. Grossman, Esq., to Hon. Dennis F. Saylor IV . (Grossman, Stephen) (Entered: 03/14/2013) |
| 03/15/2013 | 57 | NOTICE by Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center re 37 MOTION to Transfer Case *Motion to Transfer Personal Injury Tort and Wrongful Death Cases Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334* = *NOTICE OF FILING OF AMENDED SCHEDULE OF PENDING ACTIONS* (Attachments: # 1 Certificate of Service)(Gottfried, Michael) (Entered: 03/15/2013) |
| 03/15/2013 | 58 | Proposed Document(s) submitted by Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center. Document received: [PROPOSED] Order (A) Establishing Briefing Procedures And Schedule Regarding Chapter 11 Trustees Transfer Motion And Certain Motions To Withdraw The Reference And (B) Approving Form And Manner Of Notice Of The Chapter 11 Trustees Transfer Motion. (Attachments: # 1 Exhibit 1, # 2 Certificate of Service)(Gottfried, Michael) (Entered: 03/15/2013) |
| 03/15/2013 | 59 | Proposed Document(s) submitted by Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center. Document received: [Amended Proposed] Order |

| | | Granting Chapter 11 Trustees Motion To Transfer Personal Injury Tort and Wrongful Death Cases To This Court Pursuant To 28 U.S.C. §§ 157(B)(5) and 1334 And Establishing Procedures For Subsequent Removal Of Cases. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Gottfried, Michael) (Entered: 03/15/2013) |
|---|---|---|
| 03/18/2013 | 60 | NOTICE of Voluntary Dismissal by Julia Stout (McCallister, Ian) (Entered: 03/18/2013) |
| 03/19/2013 | 61 | NOTICE of Appearance by Michael Coren on behalf of Kathleen Guzman (Coren, Michael) (Entered: 03/19/2013) |
| 03/19/2013 | 62 | NOTICE by Kathleen Guzman *of Appearances of Harry M. Roth and Christopher M. Placitella* (Coren, Michael) (Entered: 03/19/2013) |
| 03/19/2013 | 63 | Proposed Document(s) submitted by Anne Andrews. Document received: Plaintiffs Steering Commitee Proposal and Slate. (Andrews, Anne) (Entered: 03/19/2013) |
| 03/19/2013 | 64 | Letter/request (non-motion) from Thomas M. Sobol and Others Proposing Slate for Plaintiffs' Steering Committee . (Attachments: # 1 Exhibit - Ex. A - Proposed Order, # 2 Exhibit - Ex. B - Case Map, # 3 Exhibit - Ex. C - Declaration of Thomas M. Sobol, # 4 Exhibit - Ex. D - Declaration of Mark P. Chalos, # 5 Exhibit - Ex. E - Declaration of Marc Lipton, # 6 Exhibit - Ex. F - Declaration of Kimberly A. Dougherty, # 7 Exhibit - Ex. G - Declaration of Patrick T. Fennell, # 8 Exhibit - Ex. H - Declaration of J. Gerard Stranch, IV, # 9 Exhibit - Ex. I - Declaration of Mark Zamora)(Sobol, Thomas) (Entered: 03/19/2013) |
| 03/19/2013 | 65 | MOTION for Leave to Appear Pro Hac Vice for admission of Mark Chalos. (Attachments: # 1 Affidavit Mark Chalos' affidavit)(Cicolini, Pietro) (Entered: 03/20/2013) |
| 03/20/2013 | 66 | Letter/request (non-motion) from Kristen Johnson Parker Addressing the Trustee's Proposed Order Regarding Briefing Schedule and Notice [Dkt. 58] . (Parker, Kristen) (Entered: 03/20/2013) |
| 03/21/2013 | 67 | Filing fee/payment: $ 100, receipt number 1BST036581 for 65 MOTION for Leave to Appear Pro Hac Vice for admission of Mark Chalos (Maynard, Timothy) (Entered: 03/21/2013) |
| 03/21/2013 | 68 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 65 Motion for Leave to Appear Pro Hac Vice. Mark Chalos added. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Cicolini, Pietro) (Entered: 03/21/2013) |
| 03/22/2013 | 69 | NOTICE of Appearance by Mark P. Chalos on behalf of Consolidated Plaintiffs (Chalos, Mark) (Entered: 03/22/2013) |

| 03/25/2013 | 70 | Conditional Transfer order number 4 in MDL 2419 dated 3/22/13 from the Judicial Panel on Multidistrict Litigation pursuant to 28 USC 1407, transferring the listed actions to the District of Massachusetts and assigned to Judge F. Dennis Saylor IV for consolidated pretrial proceedings. (Jones, Sherry) (Entered: 03/25/2013) |
|---|---|---|
| 03/25/2013 | 71 | Conditional Transfer Order lifting Stay of Consitional Transfer Orders in MDL 2419 dated 3/22/13 from the Judicial Panel on Multidistrict Litigation pursuant to 28 USC 1407, transferring the listed actions to the District of Massachusetts and assigned to Judge F. Dennis Saylor IV for consolidated pretrial proceedings. (Jones, Sherry) (Entered: 03/25/2013) |
| 03/25/2013 | 72 | NOTICE by Alaunus Pharmaceutical, LLC *of Filing of Consolidated Reply Brief in Support of Alaunus' Motion to Dismiss (Leave To File Granted By Electronic Order Dated March 12, 2013, Doc No. 47) (This Document Relates To: Gould/ 13-10444-FDS; Hannah/ 13-10407-FDS; Jones/ 13-cv-10409-FDS; Leaverton/ 13-10408-FDS; Letizia/ 13-10442-FDS; Marko/ 13-10404-FDS; Normand/ 13-10447-FDS; Pennington/ 13-10406-FDS; Ramos/ 13-10410-FDS; Rios/ 13-10411-FDS; Rivera/ 13-10412-FDS; Tayvinsky/ 13-10414-FDS; Tisa/ 13-10446-FDS; Tolotti/ 13-10413-FDS; and, Zavacki /13-10441-FDS)* (Ciporkin, Ryan) (Entered: 03/25/2013) |
| 03/25/2013 | 73 | NOTICE of Appearance by J. Gerard Stranch, IV on behalf of Sandra Harrison (Stranch, J.) (Entered: 03/25/2013) |
| 03/28/2013 | 74 | MOTION for Extension of Time to to April 16, 2013, or such later date that this Court designates as the due date for any replies to objections to the Trustee's Motion to Transfer to File Response/Reply *to the Roanoke Plaintiffs' Motion for Mandatory Abstention* by Paul D. Moore, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center. (Gottfried, Michael) (Entered: 03/28/2013) |
| 04/01/2013 | 75 | Notice re: MDL number 2419 requesting transfer of case from the Middle District of Tennessee, case number 13-00257 with certified copy of order of transfer from the Judicial Panel on Multidistrict Litigation in to the District of Massachusetts dated 4/1/13.. (Jones, Sherry) (Entered: 04/01/2013) |
| 04/01/2013 | 76 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting (Dkt #74 in case 1:13-md-02419-FDS) Motion for Extension of Time to File Response to MOTION for Mandatory Abstention re MOTION to Transfer Personal Injury Tort and Wrongful Death Cases Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334. (Docket # 211 in case 1:12-cv-12052-FDS) Motion for Extension of Time to File Response is terminated as moot because it is a duplicate motion. Responses to Motion for mandatory absention are due April 16, 2013. (Associated Cases: 1:13-md-02419-FDS, 1:12-cv-12052-FDS) (Cicolini, Pietro) (Entered: 04/01/2013) |
| 04/04/2013 | 77 | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by ARL Bio Pharma, Inc..(Ragosta, Kristen) (Entered: 04/04/2013) |

## PACER Service Center

### Transaction Receipt

| 04/04/2013 11:46:28 | | | |
|---|---|---|---|
| PACER Login: | gk0007 | Client Code: | 0116.0963 |
| Description: | Docket Report | Search Criteria: | 1:13-md-02419-FDS |
| Billable Pages: | 15 | Cost: | 1.50 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 1:13-md-2419-FDS |
| This Document Relates to: All Cases | ) ) ) ) | |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES | ) ) ) | Master Docket No. 12-12052-FDS |
| This Document Relates to All Cases | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF CHAPTER 11 TRUSTEE'S
MOTION TO TRANSFER PERSONAL INJURY TORT AND WRONGFUL
DEATH CASES TO THIS COURT PURSUANT TO
28 U.S.C. §§ 157(b)(5) AND 1334**

Paul D. Moore, the Chapter 11 Trustee for the Estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), hereby files this memorandum of law in support of his motion for entry of an order transferring to this Court the personal injury and wrongful death cases identified on Exhibit A hereto (the "Pending Actions"), pursuant to 28 U.S.C. §§ 157(b)(5) and 1334 (the "Motion").[1] In support of the Motion, the Trustee states as follows:

---

[1] The Pending Actions include lawsuits filed against NECC, its shareholders, directors, officers, employees, and other third parties (some of which are related to or affiliated with NECC), and include the following categories of lawsuits: (1) lawsuits pending in federal courts which have not been transferred to the multidistrict forum (listed on Exhibit A1); (2) lawsuits pending in state courts which are in the process of being removed to federal courts pursuant to 28 U.S.C. §§ 1441 and /or 1452(a) (listed on Exhibit A2); and (3) lawsuits pending in state courts for which a notice of removal has not yet been filed (listed on Exhibit A3). The Pending Actions also include lawsuits which do not name NECC as a defendant, but which name as defendants: (a) parties related to NECC; (b) parties which may have indemnification and/or contribution claims against NECC; and/or (c) parties against which NECC may have claims to recover damages for the benefit of creditors of NECC's estate (lawsuits within categories (a) – (c) are listed on Exhibit A4).

DM3\2470713.12



EXHIBIT
G

# INTRODUCTION

Pursuant to § 157(b)(5), the Trustee seeks to transfer to this Court the Pending Actions, which are at the very heart of the Debtor's bankruptcy case (the "Bankruptcy Case"). Each of the Pending Actions involves claims based upon allegations that: (1) contaminated pharmaceuticals (*e.g.* injectable steroid methyl-prednisolone acetate) (the "Compounds") were compounded, tested, marketed and/or distributed by NECC and other third parties; and (2) the Compounds caused personal injury or death. These personal injury and wrongful death claims represent the vast majority of all the claims against the Debtor's estate. The orderly and efficient resolution of these claims is essential to the Trustee's ability to formulate and effectuate a chapter 11 plan that treats all of the claimants of the Debtor equitably, irrespective of whether a particular claimant filed a lawsuit against the Debtor. In transferring a number of personal injury and wrongful death actions to the multidistrict litigation pending in this Court relating to the Debtor, *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, 13-md-2419-FDS (D. Mass.) (the "NECC MDL"), the Judicial Panel on Multidistrict Litigation (the "JPML") has already expressly recognized that it is in the best interests of litigants to have all of such personal injury actions consolidated in one forum.

The Trustee submits that the appropriate forum for all such matters is this Court. Transfer to this Court would further § 157(b)(5)'s explicit congressional purpose of: (1) centralizing the adjudication of claims against the estate; (2) furthering the efficient administration of the Debtor's estate; (3) ensuring that the Pending Actions are resolved in an expeditious manner that minimizes the burden on the Debtor's estate and the related costs of administering the estate, thereby conserving the Debtor's limited assets and ensuring that similarly situated creditors are treated equitably. Further, centralization of the Pending Actions

in this Court will facilitate opportunities for an efficient, expeditious and economical resolution of the Pending Actions for the benefit of the Debtor's tort claimants and other creditors.[2] Transfer of the Pending Actions to this Court will not affect any substantive rights that the plaintiffs or other non-Debtor parties have or assert in their Pending Actions. All plaintiffs and other parties will have their day in court.

As will be discussed further below, the mandatory language embodied in § 157(b)(5) creates a strong presumption in favor of transferring the Pending Actions. While some courts have held that principles of permissive abstention may have some limited application to the § 157(b) analysis, permissive abstention is inappropriate as to any of the Pending Actions. Indeed, even the Pending Actions that do not identify NECC as a defendant should be transferred because this Court has jurisdiction over such actions pursuant to § 1334 and transfer is otherwise appropriate.[3]

---

[2] For example, in connection with *In re: Twinlabs Personal Injury Cases*, No. 03 Civ. 9169 (S.D.N.Y) ("*Twinlabs*"), and the *Twinlabs* related Chapter 11 Case, *In re TL Administration Corporation*, No. 03-15564 (Bankr. S.D.N.Y.), centralization of the personal injury and wrongful death cases concerning or relating to the debtor in the district court pursuant to § 157(b)(5) allowed the district court to enter orders and case procedures which facilitated and resulted in a Chapter 11 plan that satisfactorily and globally resolved all under- or non-insured personal injury and wrongful death cases against the debtor and the non-debtor co-defendants to those actions. *See In re: Twinlabs Personal Injury Cases*, No. 03 Civ. 9169, 2004 WL 435083 (S.D.N.Y. Mar. 8, 2004) ("*Twinlabs II*") (transferring "related to" cases – cases where the debtor was not a named party but which had a conceivable effect on the bankruptcy estate – to the Southern District of New York per § 157(b)(5)); *Alcantar v. Twin Laboratories, Inc. (In re Twin Laboratories, Inc., et al.)*, 300 B.R. 836, 840-41 (S.D.N.Y. 2003) ("*Twinlabs I*") (transferring cases against debtor to the Southern District of New York per § 157(b)(5)); Case Management Order No. 1 ¶¶ VI, VII, VIII, *In re: Ephedra Products Liability Litigation*, 04 M.D. 1598, Doc. No. 17 (S.D.N.Y. Apr. 27, 2004) (providing for, *inter alia*, partial withdrawal of the reference, claims centralization and information procedures, and temporary stay of proceedings and order of mediation in aid of global mediation of subject cases against debtor and non-debtors), attached hereto at Exhibit B; *In re TL Administration Corporation*, No. 03-15564, Doc. Nos. 787, 846 (Bankr. S.D.N.Y. June 3, 2005 & July 27, 2005) (First Amended Plan of Reorganization and Order Confirming same), attached hereto as Exhibit C.

[3] By filing this Motion, the Trustee does not seek to waive or in any way modify the automatic stay that applies to the Pending Actions under 11 U.S.C. 362. Further, the filing of this Motion is without prejudice to any position that the Trustee may take regarding whether 11 U.S.C. §§ 105 and 362 operate to stay any Pending Action or to render null and void the post-petition filing of any Pending Action.

# **BACKGROUND**

On December 21, 2012 (the "Petition Date"), the Debtor commenced the Bankruptcy Case by filing with the Bankruptcy Court a voluntary petition seeking relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Thereafter, on January 24, 2013, the Bankruptcy Court entered an order authorizing the appointment of a Chapter 11 Trustee. On January 25, 2013, Paul D. Moore was appointed as the Chapter 11 Trustee of the Debtor's estate.

Prior to the Petition Date, NECC claims it operated as a compounding pharmacy which combined and mixed ingredients to create specific formulations of pharmaceutical products. Since then, numerous individuals across the country were stricken with fungal meningitis (the "Outbreak"). The Centers For Disease Control and Prevention ("CDC") advises that, as of March 4, 2013, 48 people had died and over 720 individuals had fallen ill.[4] The CDC's investigation is ongoing, and further deaths and illnesses continue to be reported. Indeed, the tally of illnesses and deaths increased since last week. As of February 25, 2013, 714 illnesses and 48 deaths had been reported. As of February 18, 2013, 707 illnesses and 47 deaths had been reported.[5]

NECC avers that the CDC attributes the Outbreak of fungal meningitis to contaminated Compounds distributed by NECC. NECC represents that, in early October, it initiated a nationwide recall of thousands of vials of the Compounds and ceased operation.

Upon information and belief, as of late January 2013, at least 170 lawsuits against NECC

---

[4] Reported at http://www.cdc.gov/HAI/outbreaks/meningitis-map-large.html#casecount_table (last visited on March 6, 2013).

[5] The CDC updates the count of cases of reported illnesses and deaths on the Monday of each week.

had been filed in state and federal courts across the country in connection with the Outbreak. Since then, the number of lawsuits has increased to at least 180. In addition, NECC has received demands from over 300 additional claimants asserting injury from the contaminated pharmaceuticals, most, if not all, of which likely will lead to further suits. A number of the personal injury and wrongful death claims have already been transferred to this Court for pretrial purposes pursuant to 28 U.S.C. § 1407. For pretrial purposes, such cases have been consolidated in the NECC MDL.

NECC claims it filed the Bankruptcy Case in response to the volume and wide geographic distribution of cases it claims it confronts in order to forge, as was successfully done in *Twinlabs* and in other bankruptcy cases predominated by personal injury and wrongful death cases,[6] a consensual, comprehensive and global resolution of these claims pursuant to a plan establishing a compensation fund for affected claimants based on agreements to be reached among them, the Debtor, its insurers and other non-Debtor parties with potential liability for claims asserted in the cases.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The statutory bases for the relief requested are set forth in 28 U.S.C. § 157(b)(5).

## ARGUMENT

### A. Transfer of the Pending Actions to This Court Is Appropriate.

Section 157(b)(5) provides that, when a bankruptcy case is pending, the district court in which such case is pending shall order that related personal injury tort and wrongful death claims shall be tried in such district court or in the district court in the district in which the claim arose.

---

[6] *See N.V.E., Inc.* (Bankr. D.N.J.) Case No. 05-35692; *Metabolife Int'l Inc.* (Bankr. S.D. Cal.) Case No. 05-06040; *Muscletech Research and Development, Inc.* (Ont. S.C.J., Court File No 06-CL-6241), recognized as foreign main proceeding under Chapter 15, Case No 06-10092 (Bankr. S.D.N.Y.).

11 U.S.C. § 157(b)(5).[7]  A debtor may therefore move to transfer such personal injury tort and wrongful death claims to one of two venues: (1) the district where the bankruptcy is proceeding; or (2) the district where the claim arose.  *In re Pan Am Corp.*, 16 F.3d 513, 516 (2d Cir. 1994) ("*Pan Am II*") (citations omitted); *accord In re Waterman S.S. Corp.*, 63 B.R. 435, 437 (Bankr. S.D.N.Y. 1986) (the district court in which the bankruptcy case is pending is in the best position to gauge whether it can handle the underlying litigations in a way that can be structured to try common issues).

The manifest purpose of § 157(b)(5) is to centralize the administration of cases arising under or related to proceedings under title 11 and to eliminate the multiplicity of forums for the adjudication of parts of a bankruptcy case.  *In re Pan Am Corp.*, 950 F.2d 839, 845 (2d Cir. 1991) ("*Pan Am I*") (citations omitted); *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986) (centralized adjudication under § 157 allows "all interests to be heard" and "the interest of all claimants [to] be harmonized" and ensures a "prompt, fair and complete resolution of all claims related to bankruptcy proceedings"); *In re Metabolife Int'l, Inc.*, S.D. Cal. Case No. 3:05-01802, Doc. No. 29 (S.D. Cal. Nov. 3, 2005) (centralizing over 70 personal injury tort and wrongful death cases against a debtor's estate in a single district court under § 157(b)(5) as being in the best interest of all involved parties).  In addition, transfers of cases create a "single focal point" for developing a reasonable chapter 11 plan.  *See A.H. Robins*, 788 F.2d at 1011, 1014 (transferring personal injury cases naming debtors and non-debtors to district court in which bankruptcy case is pending under § 157(b)(5) is conducive to interests of all concerned).

The foregoing principles and intent of § 157(b)(5) establish that transfer of the Pending

---

[7] Section 157(b)(5) states: "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 11 U.S.C. § 157(b)(5).

Actions to this Court is appropriate. Each of the Pending Actions is a personal injury or wrongful death case relating to or associated with the Bankruptcy Case and each involves claims against property of NECC and/or impacts claims NECC may have against other potentially responsible parties. The Pending Actions identify NECC as a defendant and include co-defendants whom NECC has a duty to defend and indemnify or who may assert contribution claims against NECC.[8]

Furthermore, each of the Pending Actions involves claims regarding the alleged use of the Compounds and claims regarding the Outbreak. The Pending Actions present a number of similar issues including, *inter alia*, issues relating to the compounding, preparation, manufacture, distribution and marketing of the Compounds. Thus, not only is each of the Pending Actions associated with and/or related to the Bankruptcy Case, each also shares certain issues of fact with the proceedings pending before this Court in the NECC MDL.[9] Indeed, a number of personal injury and wrongful death cases have already been transferred to the NECC MDL for pretrial purposes pursuant to 28 U.S.C. § 1407 [NECC MDL Doc. Nos. 2, 8].[10] On February 15, 2013,

---

[8] Fifteen of the Pending Actions do not include NECC as a defendant. Two of these fifteen Pending Actions name as defendants, among others, NECC's shareholders, directors and entities whom NECC is obligated to defend and indemnify. The other fifteen Pending Actions are filed against entities (i) which may assert a contingent contribution and/or indemnification claim against NECC on the ground that their liability is directly attributable to NECC or (ii) against which the NECC estate may have claims it may assert for the benefit of NECC's estate.

[9] The presence of certain similar issues in the Pending Actions arising from or related to compounding, preparation, manufacture, distribution and marketing of the Compounds should not be interpreted as the Trustee's agreement or admission that the "class" criteria of Fed. R. Civ. P 23 are satisfied here or that a "class" vehicle is appropriate in these circumstances or superior to other available methods (such as a Chapter 11 plan) for the fair and efficient adjudication of the claims. Indeed, the outcome of each individual case will turn on highly particularized and individualized facts including, but not limited to, the victims' diagnosis, the severity of their injuries, the impact of their injuries on their lives and work, all of which would have to be resolved in determining the amount of any allowed claim. *See In re Ephedra Prods. Liab. Litig.* 231 F.R.D. 167 (S.D.N.Y. 2005) (denying class certification as to claims falling within the purview of 28 U.S.C. § 157(b)(5)).

[10] In addition to the two transfer orders filed in the NECC MDL, the JPML, in proceeding number 1249, has issued two additional Conditional Transfer Orders, CTO-2 and CTO-3, on February 22, 2013, and March 4, 2013, respectively transferring additional cases to the NECC MDL [JPML MDL Doc. Nos. 130 and 140].

this Court issued an order which provides that "actions transferred to this Court by the JPML pursuant to its order of February 12, 2013, entitled New England Compounding Pharmacy, Inc. Products Liability Litigation, and any tag-along actions transferred by the Panel after that date, and any related actions previously assigned to this Court" are "coordinated for pretrial purposes" [NECC MDL Doc. No. 4].

### B. The Court Should Not Abstain from Transferring the Pending Actions.

Given the "seemingly mandatory language of § 157(b)(5) and its obvious purpose of giving particular priority to the centralization of bankruptcy-related personal injury claims in a single forum," there is a strong presumption in favor of transfer of the Pending Actions.  Indeed, abstention is the exception and should be applied sparingly.  *Twinlabs I*, 300 B.R. at 840-41.  Consequently, a permissive abstention analysis should be applied with caution in this context, if at all, because of the strong legislative presumption favoring transfer under § 157(b)(5) and because many of the traditional abstention factors employed do not fit into the unique context of § 157(b)(5).[11]  *Id.* at 840-41 (relying on *Pan Am I*, 950 F.2d at 845 ("courts should not be too quick to abstain from exercising their transfer powers under 28 U.S.C. § 157(b)(5)")); *see also 1 Norton Bankruptcy Law and Practice* § 8.8 at n.91 (2d ed. 2001) ("to abstain pursuant to the discretionary abstention provision might contravene the legislative history and intent of § 157(b)(5)").  In fact, "in this context, perhaps even more than elsewhere, federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"  *Twinlabs I*, 300 B.R. at 841 (quoting *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817

---

[11] Personal injury tort and wrongful death cases are not subject to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2).  *See* 28 U.S.C. § 157(b)(4); *Pan Am I*, 950 F.2d at 845.

(1976)).

The twelve factors courts consider in determining whether discretionary abstention is appropriate include:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than *28 U.S.C. § 1334*, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Twinlabs I*, 300 B.R. at 841; *Balcor/Morristown Limited Partnership v. Vector Whippany Assocs.*, 181 B.R. 781, 793 (D.N.J. 1995).

Congressional intent and the strong presumption in favor of transfer weigh strongly in favor of transfer of the Pending Actions to this District and this Court's exercise of its jurisdiction, rather than abstaining.

### 1. Transfer Will Facilitate Orderly Administration of the Debtor's Estate.

With respect to the first, fourth and sixth factors, the Pending Actions involve substantial claims (in both amount and number) against the Debtor's estate. In light of the centrality of these claims to the Bankruptcy Case, transfer and coordination of these Pending Actions in this Court will substantially further the Bankruptcy Court's effective and efficient administration of the estate. In particular, transfer will facilitate the claims estimation process and increase the odds that the plan will "assure fair and non-preferential resolution of outstanding claims."

*Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 496 (6th Cir. 1996) ("*Dow I*") (*quoting A.H. Robins*, 788 F.2d at 1011-12).

The JPML, in transferring cases to the NECC MDL pending in this Court, has already acknowledged that concentrating all of the personal injury and wrongful death claims in one forum in which they can be coordinated would further the effective administration of the Debtor's estate.[12] *See* NECC MDL, Transfer Order [Doc. No. 2]. Certain of the facts and circumstances alleged by the various plaintiffs involve the same alleged conduct by the Debtor, its directors, related entities and third parties that contracted with the Debtor. In addition, plaintiffs allege that they incurred injuries following their alleged injection of Compounds produced by the Debtor. Coordination of these claims in this Court will permit this Court to manage the adjudication of overlapping factual and legal issues. Expert discovery, general medical causation and other scientific matters, as well as evidentiary issues and trial issues, can be consolidated, and threshold issues can be determined in a coordinated and consistent manner, thereby saving costs and maximizing the return to all creditors.

Additionally, centralization will eliminate the possibility of inconsistent rulings on scientific or factual issues and the negative impact that rulings in one case can have on subsequent cases against the Debtor in terms of both case valuation and possible preclusive effect on the litigation. By deciding such issues on a centralized basis in this Court, the limited estate assets will be conserved and protected. There is limited insurance coverage to satisfy all

---

[12] The JPML's Transfer Order issued on February 12, 2013, provides:

> Centralization ... will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this [MDL] litigation. ... Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and discovery issues; and conserve the resources of the parties, their counsel and the judiciary.

of the claims against the estate. Centralization of the Pending Actions will therefore assure that similarly situated creditors are treated fairly and equitably under the Bankruptcy Code.

### 2. The Presence of State Law Issues Does Not Require Abstention.

Although state law issues predominate most of the claims in the Pending Actions (the second and third factors), and the plaintiffs in the Pending Actions have a right to a jury trial, these factors should not be given much, if any, weight in the context of a motion to transfer pursuant to § 157(b).

In *Twinlabs I*, the court ultimately dismissed arguments that the predominance of state law issues favored abstention. 300 B.R. 841. Specifically, the court stated that:

> the Court is satisfied that none of the state law issues here involved are difficult, unsettled, or unfamiliar to a federal court, thanks to diversity jurisdiction, has its share of state-law personal injury cases. Nor, in any event, can the predominance of state law issues be given decisive effect in analyzing transfer under § 157(b)(5), for the very subject matter of that section - personal injury claims - is almost always governed by state law, and yet Congress, in enacting § 157(b)(5), singled out such claims as the very ones it wanted transferred.

*Id.* Because the Pending Actions do not involve "a particularly unusual question" or "unsettled questions" of state law, the Pending Actions should be transferred. *See Pan Am I*, 950 F.2d at 846.

### 3. The Pending Actions are Integrally Related to the Bankruptcy Case.

In relation to the sixth factor, where, as here, the personal injury and wrongful death claims present the majority of claims against the estate, the resolution of those claims is crucial to the estate. *See, e.g., A.H. Robins*, 788 F.2d 994; *Dow I*, 86 F.3d 482. This Court is the only court that has an overall view of the Debtor's case and all aspects of that case should be before this Court. Given the centrality of the personal injury and wrongful death claims to the Debtor's bankruptcy proceeding, the claims set forth in the Pending Actions are integrally related to the

Bankruptcy Case, and should be consolidated before this Court.

### 4. There Will be No Additional Burden on the Court's Docket.

The ninth factor also points in favor of transferring the Pending Actions. The NECC MDL is already before this Court, and comprises over 120 cases. The universe of personal injury and wrongful death cases against the Debtor and related parties will be manageable if they are centralized before this Court and governed by an appropriate case management/coordination plan. Accordingly, the Trustee respectfully suggests that any impact caused by the transfers does not warrant abstention where, as here, transfer is otherwise appropriate and would significantly aid in the administration of the Debtor's estate.

### 5. There Is No Forum Shopping in Connection With This Matter.

This § 157(b)(5) Motion cannot be viewed as forum shopping, the tenth factor, because a change of venue was expressly contemplated and mandated by Congress in this section. Additionally, the Trustee is not seeking to transfer only select cases pending in certain forums. Instead, he is moving for the transfer of all of the Pending Actions. Finally, the Debtor had an urgent need to file the Bankruptcy Case when it was confronted with approximately 170 personal injury and wrongful death claims alleging injury resulting from the Compounds. Having no choice but to file for protection under chapter 11, the Debtor filed its petition in the District of Massachusetts, which is the only district in which the Bankruptcy Case could have been filed. *See* 28 U.S.C. § 1408(1). Under these circumstances, there is simply no evidence that the filing of the Bankruptcy Case in this forum or the filing of this Motion is an attempt at forum shopping.

### 6. The Presence of Non-Debtor Defendants Does Not Favor Abstention.

The presence of non-debtors as co-defendants, the twelfth factor, in some of the Pending Actions does not favor abstention. These non-debtors are, for the most part, related to or

affiliated with the Debtor or connected to its pharmaceuticals. These non-debtors include, among others: directors, officers, shareholders, and employees of the Debtor; entities related to the Debtor, or affiliated with it, that prepared, distributed, marketed and sold the Compounds and leased the premises out of which the Debtor operated; and persons and entities involved in the research, testing, purchasing and distribution of the Compounds. The vast majority of the claims asserted against these non-debtors are directly related to the development, testing, manufacture and sale of the Compounds. Many of these non-debtor defendants are parties to which the Debtor has contractual indemnification obligations. Indeed, the Debtor has express, contractual indemnification obligations to the majority of the non-debtor defendants named in these actions, including, but not limited to, Barry Cadden, Greg Conigliaro, Lisa Conigliaro, Carla Conigliaro, Glenn Chin (collectively, the "Individuals"), GDC Properties Management, LLC, Medical Sales Management, SW, Inc., together with certain pain management clinics and health care providers that purchased Compounds from NECC.

The Individuals are additional insureds under at least one of the Debtor's insurance policies (which is an asset of the estate) and the Debtor's by-laws provide for indemnification of certain of these Individuals in their capacity as the Debtor's officers and directors.

In addition, other non-debtor defendants, including, but not limited to, Ameridose, LLC, Alaunus Pharmaceutical, LLC, health care providers and pain management clinics, may assert contingent contribution claims and indemnification claims against NECC (as noted in the Debtor's Schedule F of Creditors Holding Unsecured Non Priority Claims with respect to certain of such non-debtor defendants) on the ground that their liability is directly attributable to

NECC,[13] and NECC's estate likewise may assert claims against them for contribution or indemnity. In each of these instances, these indemnification and contribution claims will have a significant impact upon the Debtor's estate.

Additionally, having all of these non-debtors - against which claims have been asserted based upon the compounding, testing, manufacture and/or sale of the Compounds - before this Court will enhance the administration of the Debtor's estate by bringing all parties with alleged liability based upon the Debtor's product before this Court. Such centralization will undoubtedly aid in the negotiation of a chapter 11 plan because all potentially liable parties (and their insurers) (*i.e*, potential contributors to any trust created as part of a plan) will be before this Court. Courts have uniformly observed that the transfer and centralization of related claims against non-debtors aid in the negotiation of a plan. *See, e.g., Dow I*, 86 F.3d at 496 (centralization increases the odds of developing a reasonable plan); *In re Petroleum Tank Lines*, 10 B.R. 286, 288 (Bankr. W.D.N.Y. 1981) (Negotiation of a plan will be greatly facilitated if the cases are before a single court.). By contrast, requiring certain non-debtors to proceed with litigation in numerous forums will diminish those non-debtors' ability to contribute to a plan. *See, e.g., Nelson v. Gen. Elec. Capital Corp. (In re Steven P. Nelson, D.C., P.A.)*, 140 B.R. 814, 817 (Bankr. M.D. Fla. 1992). Likewise, it will result in the non-debtor defendants making claims and seeking and obtaining payment from NECC's insurers before NECC is able to make any claims of its own. *Dow I*, 86 F.3d at 495.

---

[13] For example, some of these entities may seek to pursue claims against NECC based upon theories of negligent misrepresentation, intentional misrepresentation and/or breach of warranties (express or implied).

## C.     Transfer of Claims Against Non-Debtors Is Appropriate.

Transfer pursuant to § 157(b)(5) is not limited to claims against a debtor. *See, e.g., Dow I*, 86 F.3d at 497; *Twinlabs II*, 2004 WL 435083, at *2-4. Section 157(b)(5) allows the transfer of claims against non-debtor defendants that are related to the debtor's bankruptcy case where the court has jurisdiction over such claims. *Id.*; *A.H. Robins*, 788 F.2d 994.

Section 1334(b) of title 28 of the United States Code vests jurisdiction in district courts over, *inter alia*, proceedings that are "related to" a bankruptcy case.[14] "Related to" jurisdiction is construed broadly and encompasses proceedings which potentially have some effect on the bankruptcy estate, such as altering the debtor's rights, liabilities, options, or freedom of action or otherwise having an impact on the handling and administration of the bankruptcy estate. *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 68 (1st Cir. 2002); *In re G.S.F. Corp*, 938 F.2d 1467, 1475 (1st Cir. 1991) (a proceeding is related to bankruptcy where the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy (*quoting Pacor v. Higgins*, 743 F.2d 984 (3d Cir. 1984))); *accord Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr.)*, 410 F.2d 100 (1st Cir. 2005); *see Celotex Corp. v. Edwards,* 514 U.S. 300, 308 (1995) (Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate).

Where, as set forth at pages 12-13 above, the claims asserted against the non-debtors arise out of those non-debtors' association with the debtor or its products, courts have recognized

---

[14] "[D]istrict courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

that transfer of those claims is appropriate.  As the Court of Appeals for the Sixth Circuit noted

in *Lindsey v. The Dow Chemical Co. (In re Dow Corning Corp.)* ("*Dow II*"):

> it makes little practical sense to transfer the claims against [the
> debtor] while refusing to transfer those against the shareholders.
> The claims against the shareholders arise from an identical set of
> facts and are merely duplicates of those against [the debtor]. The
> shareholders have never manufactured a silicone-implant product
> and are only named in the suits because of their association with
> [the debtor].  Thus, the actions against [the debtor's] shareholders
> are essentially the same exact cases that have already been
> transferred to the [district court].

113 F.3d 565, 570 (6th Cir. 1997).  Consequently, courts have found "related to" jurisdiction

where liability for contribution or for contractual indemnity on claims of sizable magnitude will

impact a debtor's estate.  *Cambridge Place Inv. Mgmt. v. Morgan Stanley & Co., Inc.*, No. 10-

11376, 2010 U.S. Dist. LEXIS 142954, at *20 (D. Mass. Dec. 28, 2010), *adopted by* 813 F.

Supp. 2d 242 (2011); *Diversified Mortgage Co. v. Gold (In re Gold)*, 247 B.R. 574, 578 (Bankr.

D. Mass. 2000) ("related to" jurisdiction exists over proceedings where neither the debtor nor the

estate is a named defendant if the defendant has indemnification rights against the debtor or the

estate); *A.H. Robins*, 788 F.2d 994, *cert denied*, 479 U.S. 876 (same); *Dow I*, 86 F.3d at 494

("related to" jurisdiction exists over non-debtors asserting contribution and indemnification

claims); *Philippe v. Shape, Inc.*, 103 B.R. 355 (D. Me. 1989) (same); *see TD Bank, N.A. v.

Sewall, et al.*, 419 B.R. 103, 108 (D. Me. 2009) ("related to" jurisdiction exists, even in the

absence of explicit indemnification agreements, over an action by a claimant against an entity

that is liable for debtor's obligations because such action will affect that claimant's status *vis-à-

vis* other claimants thereby affecting administration of the estate); *Twinlabs II*, 2004 WL 435083,

at *2-4 (transferring "related to" case against retailer defendant, which was likely to seek

indemnity from the debtor after judgment was entered against the defendant).  *Cf. Pacor*, 743

F.2d at 995 ("related to" jurisdiction did not exist where the non-debtor's claim for indemnification was a contingent common law claim).

As in *Dow II*, the claims filed against the non-debtors here are based upon those non-debtors' relationship to the Debtor and/or the Compounds. These claims are related to the Bankruptcy Case and can impact the estate. As set forth above, the claims asserted against non-debtor defendants in the Pending Actions all arise out of the same facts as those underlying the claims against the Debtor. Moreover, because many of these non-debtors have express contractual indemnity claims and contribution claims against the Debtor, these claims would have an undeniable impact upon the estate and are, therefore, related to this Bankruptcy Case.

Further, those Pending Actions that do not name NECC as a defendant were not pending as of the Petition Date. Actions filed after the Petition Date do not name NECC as a defendant due to the automatic stay under 11 U.S.C. § 362. Nevertheless, these Pending Actions are related to this Bankruptcy Case for the reasons set forth above. These actions also include common questions of fact and transfer of these Pending Actions will serve the same purpose set forth above.

Therefore, the Trustee requests transfer of the Pending Actions. Transfer will thwart attempts to "get the jump" on other claimants and will assist in the orderly administration of the Debtor's estate, the conservation of its assets, and the fair and equitable treatment of all creditors.

**CONCLUSION**

For all the foregoing reasons, the Trustee respectfully requests that this Court enter the attached order transferring the Pending Actions to this Court for further proceedings pursuant to 28 U.S.C. § 157(b)(5).

Dated: March 10, 2013

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Michael R. Gottfried*
Michael R. Gottfried
(BBO #542156)

100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Email: mrgottfried@duanemorris.com

## EXHIBIT A

The following is a list of the Pending Actions that the Trustee has moved to transfer to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 157(b)(5):

**Federal Cases Not in NECC MDL**

| Plaintiff(s) | Venue | Co-Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Linda S. Boggs | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:2012-cv-50132 | Russell Updike<br>Nolan Nicely<br>Jennifer K.M. Crawford<br>Wilson, Updike & Nicely<br>228 North Maple Avenue<br>PO Drawer 590<br>Covington, VA 24426 |
| Kimberly Brown | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-584 | Russell Updike<br>Nolan Nicely<br>Jennifer K.M. Crawford<br>Wilson, Updike & Nicely<br>228 North Maple Avenue<br>PO Drawer 590<br>Covington, VA 24426 |
| George Cary; Lilian Cary (Deceased) | USDC- District of Massachusetts | NECP d/b/a NECC; Barry Cadden; Arl Bio Pharma INC d/b/a Analytical Research Laboratories; Ameridose, LLC | Adversary No: 13-01025<br>Civil Docket: 1:13-cv-10228 | Frederic L. Ellis<br>Edward D. Rapaki<br>Joseph M. Makalusky<br>Ellis & Rapaki, LLP<br>85 Merrimac Street<br>Suite 500<br>Boston, MA 02114<br><br>J. Douglas Peters<br>Charfoos & Christensen, PC<br>Hecker-Smiley Mansion<br>5510 Woodward Avenue<br>Detroit, MI 40202 |
| Marvin Clark | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00566 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |

## Federal Cases Not in NECC MDL

| Plaintiff(s) | Venue | Co-Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Darrel Cummings | USDC- Southern District of Florida | NECP d/b/a NECC; GEO Group, Inc; Tom Levins, Warden; Ms. N. Finnisse, MSM, HAS; Dr. J. Dauphin, D.O.; Dr. Jules Heller, M.D.; Dr. Robert Lins, M.D.; Officer McIntire, CO1 | 9:12-cv-81413 | PRO SE |
| Roseanna Fusco | USDC- Middle District of Florida, Ocala Division | NECP d/b/a NECC | 5:13-cv-00095 | John H. Piccin, Esq. Piccin Law Firm 320 N.W. 3rd Avenue PO Box 159 Ocala, FL 34478 Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbec & Kane |
| Coleta Ray Gipson, as Personal Representative to the Estate of Gayle Lynn Gipson | USDC- Eastern District of Michigan, Southern Division | NECP d/b/a NECC | 4:13-cv-10818 | Alexander & Angelas, P.C. 30200 Telegraph Road Suite 400 Bingham Farms, MI 48025 |
| Forrest Linthicum | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00585 | Russell Updike Nolan Nicely Jennifer K.M. Crawford Wilson, Updike & Nicely 228 North Maple Avenue PO Drawer 590 Covington, VA 24426 |
| Michelle Powell | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:2012-cv-00614 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |

Case 1:13-md-02419-RWZ Document 126-9 Filed 05/02/13 Page 43 of 55
Case 7:13-cv-00142-SGW Document 17 Filed 04/04/13 Page 22 of 31 Pageid#: 156
Case 1:13-md-02419-FDS Document 38 Filed 03/10/13 Page 22 of 31

**Exhibit A1**

**Federal Cases Not in NECC MDL**

| Plaintiff(s) | Venue | Co-Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Basil E. Proffitt | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00615 | Willard J. Moody, Jr. The Moody Law Firm, Inc. 500 Crawford Street Suite 300 Portsmouth, VA 23705 The Miller Firm, LLC The Sherman Building 108 Railroad Avenue Orange, VA 22960 |
| Mary E. Radford | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00562 | LichtensteinFishwick PLC Liberty Trust Building Suite 400, 101 South Jefferson Street Roanoke, VA 24004-0601 |
| Robert Schroder; Margaret Schroder | USDC- District of Massachusetts | NECP d/b/a NECC; Barry Cadden; Gregory Conigliaro; Lisa Conigliaro; Glenn Chin; Medical Sales Management, Inc.; Ameridose, LLC; ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories; GDC Properties Management, LLC | Adversary No: 13-01024 Civil Docket: 1:13-cv-10227 | Ellis & Rapaki, LLP 85 Merrimac Street Suite 500 Boston, MA 02114 Charfoos & Christensen, PC Hecker-Smiley Mansion 5510 Woodward Avenue Detroit, MI 40202 |
| Christopher Sherrill | USDC- Western District of Virginia, Roanoke | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00565 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |

Case 1:13-md-02419-FDS Document 38 Filed 03/10/13 Page 23 of 31

Exhibit A1

**Federal Cases Not in NECC MDL**

| Plaintiff(s) | Venue | Co-Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Denia Taliaferro | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12-cv-00586 | Russell Updike Nolan Nicely Jennifer K.M. Crawford Wilson, Updike & Nicely 228 North Maple Avenue PO Drawer 590 Covington, VA 24426 |
| Mary Sharon Walker | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12cv 00564 | Willard J. Moody, Jr. The Moody Law Firm, Inc. 500 Crawford Street Suite 300 Portsmouth, VA 23705

The Miller Firm, LLC The Sherman Building 108 Railroad Avenue Orange, VA 22960 |
| Barbara Whittaker | USDC- Western District of Virginia | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging, Roanoke | 7:12cv 00563 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |

Case 1:13-md-02419-FDS Document 38 Filed 03/10/13 Page 24 of 31
Exhibit A2
Case 7:13-cv-00142-SCW-BWZ Document 17 Filed 04/04/13 Page 24 of 31 Pageid#: 158
Case 1:13-md-02419-RWZ Document 126-9 Filed 05/02/13 Page 45 of 55

## State Court Cases Pending Removal

| intiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|-----------|-------|--------------|------------|----------------------|
| ely | Davidson County, TN | NECP d/b/a NECC | 13C66 | Douglas E. Jones<br>Schulman, LeRoy & Bennett, P.C.<br>501 Union Street, 7th Floor<br>P.O. Box 190676<br>Nashville, TN 37219-0676 |

## State Court Cases Not Removed

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Sara Culp Andrews | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2495 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| David A. Barley, Jr. | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2437 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| Virginia Law Berger | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2439 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| Viola Mills Bowling | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2453 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| Brenda Brewster | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2438 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| Wilma Brumfield | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2399 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| Kathleen Cooley and Robert Cooley | Middlesex County, MA | NECP d/b/a NECC; Barry Cadden | 12 4980-B | Harry Herzog Herzog & Carp 427 Mason Park Boulevard Katy, TX 77450 Law Offices of Thomas R. Murphy, LLC 133 Washington Street, 2nd Floor Salem, MA 01970 |

Page 6 of 12

**Exhibit A3**

## State Court Cases Not Removed

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Harry Michael English | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2435 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| Carolyn Fidler, Curtis Lynn Shell, Brian Glenn Caddell, Richard Wayne Henegar, Lynda Bradfield, Elizabeth P. Kirkpatrick, Kathy N. Cole, Dana M. King | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2509 | Cranwell, Moore & Emick, P.L.C. 111 West Virginia Avenue Vinton, VA 24179 |
| Christy Fralin | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2434 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| Robin Annette Hannabass | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2436 | Patrick T. Fennell, Esq. Law Offices of Crandall & Katt 366 Elm Avenue, S.W. Roanoke, VA 24016 |
| Magaret Hanson | Middlesex County, MA | NECP d/b/a NECC | MICV2012-04645-F | Frank Prokos, Esq. Law Office of Frank Prokos, LLC 1600 Providence Highway Walpole, MA 02081 |
| William E. Johnson and Sandra J. Johnson | Davidson County, TN | NECP d/b/a NECC | 12C4920 | Randall L. Kinnard Daniel L. Clayton Kinnard, Clayton & Beveridge 127 Woodmont Boulevard Nashville, TN 37205 |
| Donna Montee | Middlesex County, MA | NECP d/b/a NECC | MICV2012-04861 | Kimberly Dougherty, Esq. Janet, Jenner & Suggs, LLC 75 Arlington Street Suite 500 Boston, MA 02116 |

## State Court Cases Not Removed

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Jocelyn Kae Norris | Cumberland County, TN | NECP d/b/a NECC | CV0005650 | Scott & Cain<br>550 West Main Avenue<br>Suite 601<br>Knoxville, TN 37902 |
| James Palmer and Michelle Palmer | Cumberland County, TN | NECP d/b/a NECC | CV0005649 | Scott & Cain<br>550 West Main Avenue<br>Suite 601<br>Knoxville, TN 37902 |
| Nancy Phillips | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2398 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |
| Dana Scott Pruitt and Lesa Shadowhawk, surviving adult children of Elizabeth A. Pruitt (deceased) | Davidson County, TN | NECP d/b/a NECC | 12C4921 | Randall L. Kinnard<br>Daniel L. Clayton<br>Kinnard, Clayton & Beveridge<br>127 Woodmont Boulevard<br>Nashville, TN 37205 |
| Craig Simas and Joan Simas | Middlesex County, MA | NECP d/b/a NECC; Ocean State Pain Management, Inc | 12 4591 | Wickstrom Morse, LLP<br>60 Church Street<br>Whitinsville, MA  01588 |
| Kathy Sinclair | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2397 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |
| Reba M. Skelton and Roy H. Skelton | Davidson County, TN | NECP d/b/a NECC | 12C4918 | Randall L. Kinnard<br>Daniel L. Clayton<br>Kinnard, Clayton & Beveridge<br>127 Woodmont Boulevard<br>Nashville, TN 37205 |
| Lloyd Smith | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2454 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |

Case 1:13-md-02419-RWZ   Document 126-9   Filed 05/02/13   Page 49 of 55
Case 7:13-cv-00142-GEC   Document 17   Filed 04/04/13   Page 28 of 31   Pageid#: 162

## State Court Cases Not Removed

| Plaintiff(s) | Venue | Defendant(s) | Docket No. | Plaintiff(s)' Counsel |
|---|---|---|---|---|
| Margaret Snopkowski | Suffolk County, MA | NECP d/b/a NECC | SUCV2012-03872 | Elizabeth A. Kaveny<br>Burke Wise Morrissey & Kaveny<br>161 North Clark Street<br>Suite 3250<br>Chicago, IL 60601-3330 |
| Donna West | Roanoke, VA | NECP d/b/a NECC; Image Guided Pain Management, P.C., d/b/a Insight Imaging | CL12-2396 | Patrick T. Fennell, Esq.<br>Law Offices of Crandall & Katt<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016 |

Case 1:13-md-02419-RWZ Document 126-9 Filed 05/02/13 Page 50 of 55
Case 7:13-cv-00142-SGW Document 17 Filed 04/04/13 Page 29 of 31
Case 1:13-md-02419-FDS Document 38 Filed 03/10/13 Page 29 of 31
Exhibit A4

Cases Naming Non-Debtor Defendants Only

| Case Name | Venue | Defendants | Plaintiff(s)' Counsel |
|---|---|---|---|
| Edward Adams | USDC- District of Massachusetts Adversary No: 13-01026 Civil Docket: 1:13-cv-10229 | Barry Cadden; Lisa Cadden; Gregory Conigliaro; Glenn Chin; ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories; Ameridose, LLC; Medical Sales Management, Inc.; GDC Properties Management, Inc. | Frederic L. Ellis Edward D. Rapaki Joseph M. Makalusky Ellis & Rapaki, LLP 85 Merrimac Street Suite 500 Boston, MA 02114  J. Douglas Peters Charfoos & Christensen, PC Hecker-Smiley Mansion 5510 Woodward Avenue Detroit, MI 40202 |
| Bradley | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA 24022-0013 |
| Epperly | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA 24022-0013 |
| Filson | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA 24022-0013 |
| Foutz | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA 24022-0013 |

Exhibit A4

Case 1:13-md-02419-RWZ Document 126-9 Filed 05/02/13 Page 51 of 55
Case 7:13-cv-00142-GEC Document 17 Filed 04/04/13 Page 30 of 31

Case 1:13-md-02419-FDS Document 38 Filed 03/10/13 Page 30 of 31
Exhibit A4

Exhibit A4

## Cases Naming Non-Debtor Defendants Only

| Case Name | Venue | Defendants | Plaintiff(s)' Counsel |
|---|---|---|---|
| Harris | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson<br>Gentry Locke Rakes & Moore<br>10 Franklin Road Southeast<br>P.O. Box 40013<br>Roanoke, VA 24022-0013 |
| Kalinoski | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson<br>Gentry Locke Rakes & Moore<br>10 Franklin Road Southeast<br>P.O. Box 40013<br>Roanoke, VA 24022-0013 |
| May | Davidson County, TN | Saint Thomas Outpatient Neurological Center, LLC; Howell Allen Clinic A Professional Corporation | William D. Leader<br>George H. Nolan<br>Leader, Bulso & Nolan, PLC<br>414 Union Street, Suite 1740<br>Nashville, TN 37219 |
| McFarlane | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson<br>Gentry Locke Rakes & Moore<br>10 Franklin Road Southeast<br>P.O. Box 40013<br>Roanoke, VA 24022-0013 |
| Reed | Davidson County, TN | Saint Thomas Outpatient Neurological Center, LLC; Howell Allen Clinic A Professional Corporation | William D. Leader<br>George H. Nolan<br>Leader, Bulso & Nolan, PLC<br>414 Union Street, Suite 1740<br>Nashville, TN 37219<br><br>William H. Lassiter, Jr.<br>John Overton Belcher<br>Lassiter Tidwell & Davis, PLLC<br>One Nashville Place<br>150 4th Avenue North, Suite 1850<br>Nashville, TN 37219 |

2479725_2.XLS

Case 1:13-md-02419-RWZ Document 126-9 Filed 05/02/13 Page 52 of 55
Case 7:13-cv-00142-GEC Document 17 Filed 04/04/13 Page 31 of 31
Case 1:13-md-02419-FDS Document 38 Filed 03/10/13 Page 31 of 31

**Exhibit A4**

**Cases Naming Non-Debtor Defendants Only**

| Case Name | Venue | Defendants | Plaintiff(s) Counsel |
|---|---|---|---|
| Leonard Shaffer and Karen Shaffer | USDC- District of Massachusetts Adversary No: 13-01023 Civil Docket: 1:13-cv-10226 | Barry Cadden; Lisa Cadden; Gregory Conigliaro; Glenn Chin; ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories; Ameridose, LLC; Medical Sales Management, Inc.; GDC Properties Management, Inc. | Frederic L. Ellis Edward D. Rapaki Joseph M. Makalusky Ellis & Rapaki, LLP 85 Merrimac Street Suite 500 Boston, MA 02114  J. Douglas Peters Charfoos & Christensen, PC Hecker-Smiley Mansion 5510 Woodward Avenue Detroit, MI 40202 |
| Smith, James Wirt | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA 24022-0013 |
| Smith, Randolph | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA 24022-0013 |
| Whitlow | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA 24022-0013 |
| Wingate | Roanoke, VA | Image Guided Pain Management, P.C.; John Mathis, M.D; Robert O'Brien, M.D.; Insight Health Corporation, P.C. | H. David Gibson Gentry Locke Rakes & Moore 10 Franklin Road Southeast P.O. Box 40013 Roanoke, VA 24022-0013 |

**V I R G I N I A**

### IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| SHARON G. WINGATE, | ) |
| EXECUTOR OF THE ESTATE OF | ) |
| DOUGLAS GRAY WINGATE, DECEASED | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | )   Case No. CL12-2547 |
| | ) |
| INSIGHT HEALTH CORP., | ) |
| JOHN MATHIS, M.D., | ) |
| ROBERT F. O'BRIEN, M.D., | ) |
| And | ) |
| IMAGE GUIDED PAIN MANAGEMENT, | ) |
| P.C. | ) |
| | ) |
|        Defendants. | ) |

### NOTICE TO CLERK OF NOTICE OF REMOVAL

**PLEASE TAKE** notice that on April 4, 2013, Defendant Insight Health Corp. (hereinafter "IHC"), filed a notice of removal of the above-entitled action to the United States District Court for the Western District of Virginia, Roanoke Division.  A copy of this Notice and its accompanying exhibits is attached as (Exhibit 1).

You are also advised that IHC, on filing such notice of removal in the office of the Clerk of the United States District Court for the Western District of Virginia, also filed copies of the notice with the Clerk of Circuit Court for the City of Roanoke to effect removal pursuant to 28 U.S.C. § 1446(d).



EXHIBIT

H

Dated: <u>April 5,  2013</u>

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

Christopher Hassell, Esquire, VSB #30469
Brian Gerling, Esquire, VSB #75817
Clinton R. Shaw Jr., Esquire VSB#37498
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
chassell@bonnerkiernan.com
bgerling@bonnerkiernan.com
cshaw@bonnerkiernan.com

*Counsel for Insight Health Corp.*

2

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SHARON G. WINGATE, EXECUTOR OF THE ESTATE OF DOUGLAS GRAY WINGATE, DECEASED

### DEFENDANTS
INSIGHT HEALTH CORP.

(b) County of Residence of First Listed Plaintiff    Roanoke
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Minnesota
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
J. Scott Sexton, Gentry Locke Rakes & Moore, LLP, 10 Franklin Road, S.E., Suite 800, P.O. Box 40013, Roanoke, Virginia 24022-0013 540-983-9300

Attorneys (If Known)
Christopher E. Hassell, Esquire Bonner Kiernan Trebach & Crociata, LLP, 1233 20th Street, NW, 8th Floor, Washington, DC 20036 202-712-7000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 25,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE                      DOCKET NUMBER

DATE  04/04/2013

SIGNATURE OF ATTORNEY OF RECORD  /S/ Christopher E. Hassell

### FOR OFFICE USE ONLY

RECEIPT #  1750496    AMOUNT  350.00    APPLYING IFP                JUDGE  WILSON    MAG. JUDGE

7:13-CV-00142