UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>  All Cases | MDL No. 1:13-md-2419-FDS |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES<br><br>This Document Relates to:<br>  All Cases | Master Docket No. 12-12052-FDS |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO (I) THE TRUSTEE'S MOTION TO TRANSFER PERSONAL INJURY TORT AND
WRONGFUL DEATH CASES TO THIS COURT PURSUANT TO
28 U.S.C. §§ 157(B)(5) AND 1334 AND (II) THE TRUSTEE'S MEMORANDUM IN
OPPOSITION TO MOTION FOR MANDATORY ABSTENTION AND IN
FURTHER SUPPORT OF MOTION TO TRANSFER ALL RELATED ACTIONS TO
THE DISTRICT OF MASSACHUSETTS**

The Official Committee of Unsecured Creditors (the "Official Committee") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECP" or the "Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, respectfully submits this joinder (the "Joinder") to the Trustee's (I) *Motion to Transfer Personal Injury Tort and Wrongful Death Cases to this Court Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334* (the "Transfer Motion") and (II) *Memorandum in Opposition to Motion for Mandatory Abstention and in Further Support of Motion to Transfer All Related Actions to the District of Massachusetts* (the "Abstention Opposition"). In support of this Joinder, the Official Committee respectfully states as follows:

## **PRELIMINARY STATEMENT**

1.     The Official Committee, as representative of all creditors in NECP's Chapter 11 case (including all tort victims), submits this Joinder because it believes that coordination of the Chapter 11 case with personal injury actions in the District Court is critical to the two major focuses of the Chapter 11 case – (i) the speedy recovery and collection of assets for the estate, and (ii) the subsequent distribution to creditors at maximum efficiency and minimum cost. Centralizing personal injury cases related to the Chapter 11 case in the District Court will assist parties in interest, including the Trustee and the Official Committee, to seek the expeditious confirmation of a chapter 11 plan – the most legally viable, quickest and cost-efficient way to get distributions to NECP's creditors, a group overwhelmingly composed of tort victims. Allowing individual actions to proceed piecemeal in other courts across the country will undermine these efforts and these results. Thus, the Official Committee supports the Trustee's efforts to centralize the personal injury cases in the District Court.

## **BACKGROUND**

2.     On December 21, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Massachusetts (the "<u>Bankruptcy Court</u>").

3.     On January 18, 2013, the Office of the United States Trustee (the "<u>UST</u>"), pursuant to Bankruptcy Code Section 1102(a)(1), appointed a nine-member Official Committee, eight of whom are tort claimants of the Debtor. The members of the Official Committee include: (i) Katrina Eldreth (represented by Anne Andrews of Andrews & Thornton); (ii) Robert Cole (represented by Thomas Sobol and Kristen Johnson Parker of Hagens Berman Sobol Shapiro LLP); (iii) Brenda Bansale (represented by Marc Lipton of Lipton Law); (iv) Meghan A. Handy

(represented by Harry M. Roth and Michael Coren of Cohen Placitella & Roth P.C.); (v) Victor Davis (represented by Terry Dawes of Fieger, Fieger, Kenney, Giroux & Danzig, P.C.); (vi) Kathleen Distler (represented by Melvin Wright of Colling Gilbert Wright & Carter, LLC); (vii) Danny Swartzell (represented by Greg Skikos of Skikos Crawford Skikos); (viii) Bertram Walker Bryant, Jr. (represented by Michael D. Galligan of Galligan Newman Law); and (ix) NStar Electric Company (represented by Honor Heath) [Case No. 12-19882, Dkt. No. 67].

4. On January 25, 2013, the Bankruptcy Court granted the UST's *Certificate of Appointment* appointing Paul D. Moore as Chapter 11 trustee of the Debtor (the "Trustee") [Case No. 12-19882, Dkt. No. 99].

5. On February 12, 2013, the Judicial Panel on Multidistrict Litigation (the "Panel") entered an initial order transferring four (4) civil actions to the District Court for the District of Massachusetts (the "District Court") for consolidated pretrial proceedings under the case name, *In re New England Compounding Pharmacy, Inc. Products Liability Litigation* (the "MDL Proceeding") [MDL No. 2419, Dkt. No. 119]. Since that time, the Panel has transferred one hundred thirty-one (131) additional actions to this MDL Proceeding pursuant to nine (9) conditional transfer orders.

6. On March 10, 2013, the Trustee filed the Transfer Motion [Case No. 13-2419, Dkt. No. 37]. On March 15, 2013, the Trustee filed an *Amended Schedule of Pending Actions* [Case No. 13-2419, Dkt. No. 57]. On April 16, 2013, the Trustee filed a *Second Amended Schedule of Pending Actions* [Case No. 13-2419, Dkt. No. 92].

7. On March 19, 2013, plaintiffs in certain Roanoke, Virginia state court cases (the "Roanoke Cases") naming non-Debtor defendants and represented by the law firm of Gentry Locke Rakes & Moore LLP (the "Roanoke Plaintiffs") filed the *Motion for Mandatory*

*Abstention Under 28 U.S.C. § 1334(c)(2) on Behalf of Roanoke, Virginia State Court Plaintiffs in Cases Not Naming NECC as a Defendant* [Case No. 12-12052, Dkt. No. 209] and the *Memorandum of Law in Support of Motion for Mandatory Abstention and in Opposition to Trustee's Motion to Transfer* (together, the "Abstention Motion") [Case No. 12-12052, Dkt. No. 210].

8. On April 9, 2013, this Court appointed a seven-member Plaintiffs' Steering Committee (the "PSC") in the MDL Proceeding [Case No. 13-2419, Dkt. No. 82].

## JOINDER

9. The Committee joins and supports the Transfer Motion, and it respectfully requests that this District Court grant the Transfer Motion for the reasons set forth therein and in the Abstention Opposition and centralize the civil actions subject to the Transfer Motion in this District Court. The Official Committee also joins and supports the Abstention Opposition, and it respectfully requests that this District Court deny the Abstention Motion for the reasons set forth in the Abstention Opposition.

10. Centralization is a critical component to and is necessary for an efficient and expeditious resolution of the Chapter 11 Case. The necessary cooperation and coordination between the District Court and the Bankruptcy Court, achieved through centralization of personal injury cases in the District Court, will also assist achieving the Trustee's and the Official Committee's announced and shared mission and objective – a consensual chapter 11 plan pursuant to which (i) potentially liable parties will contribute to a fund for the benefit of personal injury claimants and will receive appropriate releases, and (ii) the claims of personal injury claimants will then be resolved and paid from this fund.[1]

---

[1] Attached to this Joinder as **Exhibit A** is the *Statement of the Official Committee of Unsecured Creditors in Support of the Joint Motion for Approval and Entry of Agreed-Upon Order Establishing Protocol for*

11. Centralization of personal injury cases in the District Court is essential for all civil actions related to the compounding, preparation, marketing, distribution and/or manufacturing of contaminated methyl prednisolone acetate ("MPA") regardless of whether the proceeding is against (i) NECP; (ii) parties related to NECP; (iii) parties which may have indemnification and/or contribution claims against NECP; and (iv) parties against which NECP may have claims for recovery. The successful and speedy progress of the Chapter 11 Case to the Trustee's and the Official Committee's goal of achieving a consensual plan providing a fund for the benefit of personal injury claimants will be undermined if individual cases are not transferred to the District Court, and instead, are administered and tried piecemeal in individual courts across the country. Thus, the transfer of all civil actions to the District Court as requested in the Transfer Motion is warranted.

12. Congress itself recognized, in 28 U.S.C. § 157(b)(5), that the centralization of tort claims related to the bankruptcy is crucial to and will facilitate the successful resolution of bankruptcy cases for the benefit of creditors, which include the tort claimants, and the Official Committee respectfully submits that centralization served that purpose in other bankruptcy cases predominated by personal injury claims. See, e.g., Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.), 86 F.3d 482 (6th Cir. 1996); A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986); In re Twinlabs Personal Injury Cases, No. 03-9169, 2004 WL 435083 (S.D.N.Y. Mar. 8, 2004); Alcantar v. Twin Labs. Inc. (In re Twin Labs. Inc.), 300 B.R. 836 (S.D.N.Y. 2003); *Order Granting Petition of Debtors-in-Possession Pursuant to 28 U.S.C. § 157(b)(5)*, In re Metabolife Int'l, Inc., Case No. 05 Civ. 1802 (C.D. Cal. Nov. 3, 2005) [Dkt. No. 29].

---

*Settlement Negotiations and Communications* [Case No. 12-19882, Dkt. No. 94] filed in the Chapter 11 Case which further articulates the Official Committee's opinion on what is necessary for the successful resolution of the Chapter 11 Case.

13. Moreover, by granting the Transfer Motion, parties are not forever barred from seeking relief as to their cases if the particulars circumstances so warrant at some later date (e.g., transfer for trial back to the district court in the district where the action was commenced per 28 U.S.C. § 157(b)(5)). Thus, parties will not be prejudiced upon centralization in the District Court of all personal injury actions related to NECP.

14. The Official Committee also agrees with the Trustee that the adjudication of the Roanoke Cases are within the District Court's exercise of "related to" jurisdiction, contrary to the arguments made by the Roanoke Plaintiffs in the Abstention Motion. The Official Committee joins in the Trustee's assertion that the contribution and indemnity claims of non-Debtor defendants will indeed have an impact on the estate. See Abstention Opposition, at 9-15. In fact, all that is required is that such claims have a conceivable effect on the estate. See In re Dow Corning, 86 F.3d at 489; In re G.S.F. Corp., 938 F.2d 1467 (1st Cir. 1991).

15. Moreover, the Official Committee joins in the Trustee's argument that the District Court should not abstain from hearing the Roanoke Cases under mandatory abstention (28 U.S.C. § 1334(c)(2)) or permissive abstention (28 U.S.C. § 1334(c)(1)). See Abstention Opposition, at 15-22.

16. Permitting the Roanoke Cases to proceed in state court will undermine the work being done by the Trustee, the Official Committee, and other parties in interest who together are working towards an orderly administration of the Chapter 11 Case and its successful conclusion by way of a consensual Chapter 11 plan for the benefit of creditors, including the personal injury claimants – both of which require and are assisted by centralization in the District Court of personal injury cases.

## CONCLUSION

For the reasons set forth herein and stated in the Transfer Motion and in the Abstention Opposition, the Official Committee respectfully requests that the District Court (I) grant the Transfer Motion, and (II) deny the Abstention Motion.

Dated: May 2, 2013
Boston, Massachusetts

**BROWN RUDNICK LLP**

By: /s/ William R. Baldiga
William R. Baldiga, Esq. (BBO-#542125)
Rebecca L. Fordon, Esq. (BBO #664578)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
rfordon@brownrudnick.com

and

David J. Molton, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

61150450

## CERTIFICATE OF SERVICE

      I, Linda J. Charron, hereby certify that on May 2, 2013, I caused a copy of the foregoing Joinder of the Official Committee of Unsecured Creditors to (I) the Trustee's Motion to Transfer Personal Injury Tort and Wrongful Death Cases to this Court Pursuant to 28 U.S.C. §§ 157(B)(5) and 1334 and (II) the Trustee's Memorandum in Opposition to Motion for Mandatory Abstention and in Further Support of Motion to Transfer all Related Action to the District of Massachusetts to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.

Dated: May 2, 2013  
Boston, Massachusetts                                          /s/ Linda J. Charron  
                                                                          Linda J. Charron