IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) | Case No. 1:13-md-02419-FDS |
| This document relates to all cases. | |

**MEMORANDUM OF LAW BY ROANOKE-AREA LICHTENSTEINFISHWICK INTERVENORS IN OPPOSITION TO THE CHAPTER 11 TRUSTEE'S MOTION, UNDER 28 USC §§ 157(B)(5) AND 1334, TO TRANSFER PERSONAL INJURY TORT AND WRONGFUL DEATH CASES TO THIS COURT**

The below-named intervenors ("Roanoke-Area LichtensteinFishwick Intervenors" or "these Intervenors"), by counsel and pursuant to ¶1(a) of this Court's MDL Order No. 5 [Doc. No. 87], respectfully intervene [without waiving any objections to jurisdiction] solely for the purpose of opposing the motion [Doc. No. 37] by the Chapter 11 Trustee to transfer personal injury tort and wrongful death cases to this Court. This memorandum is respectfully submitted in support of such opposition.[1]

These Intervenors received injections of contaminated methylprednelisone acetate (MPA) in Roanoke, Virginia from physicians employed by and/or princals in a Virginia entity known as Image Guided Pain Management, PC (IGPM). On information and belief, IGPM is a subsidiary of Insight Health Corporation (IHC). On further information and belief, neither IGPM, IHC nor the individual physicians is in any way affiliated with the debtor. These Intervenors are prepared to file suit against these non-debtors, asserting only claims that arise under Virginia law. In light of the recent removal by IHC of similar actions filed in the City of Roanoke (Virginia) Circuit Court by the "Roanoke Gentry Locke

---

[1] These Intervenors appear for the special and limited purpose of opposing the Trustee's transfer motion, consistent with ¶1(a) of MDL Order No. 5. This submission, and any related submissions and/or appearance at and/or participation in the hearing scheduled for May 14, 2013, is without waiver of rights and without consent to the jurisdiction of this Court, generally or specifically.

LICHTENSTEIN
FISHWICK PLC
ATTORNEYS & COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

Plaintiffs" (*see, e.g.,* Doc. No. 210 in Case No. 1:12-cv-12052-FDS for identification of these parties), these Intervenors expect that their suits will be removed almost as soon as filed, and that transfer to this Court will be sought in conjunction with the Trustee's motion in opposition to which this Memorandum is filed. Under these circumstances, these Intervenors are persons "who now or in the future may be subject to or affected by the relief requested in the Trustee's transfer motion" [*see* Doc. No. 87 at 1, ¶1(a)], and so are entitled to intervene and to submit this memorandum opposing the transfer motion.[2]

These Intervenors are similarly-situated to, and expect to file suits asserting against the described defendants claims similar in nature (and all arising under Virginia law) to those that have been asserted by the Roanoke Gentry Locke Plaintiffs.[3] These Intervenors are diverse in their ages, individual circumstances and injuries. They are unified in their determination to exercise their constitutional rights to have their cases against the above-described defendants presented to and decided by Virginia juries, rights they fear will be absolutely and wrongfully lost if the Trustee's transfer motion is granted.

### Discussion

I. **The Trustee's transfer motion, respectfully, should be denied; there is no "related to" jurisdiction over state-law actions against the described administering defendants because such actions cannot result in claims affecting the debtor's estate without the defendants/judgment debtors in such actions filing additional lawsuits against the debtor.**

---

[2] In this regard, these Intervenors endorse and adopt the Roanoke Gentry Locke Plaintiffs' analogous memorandum in support of their motion for abstention and in opposition to the Trustee's transfer motion. *See* Doc. No. 210 in Case No. 1:12-cv-12052-FDS. Endorsing and adopting the arguments there made, this memorandum is submitted to further articulate the test these Intervenors believe best governs the "related to" jurisdiction analysis.

[3] *See* Doc. No. 210 in Case No. 1:12-cv-12052-FDS at 2-4 for a description of the Virginia law claims asserted by the Roanoke Gentry Locke Plaintiffs.

LICHTENSTEIN
FISHWICK PLC
ATTORNEYS & COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

2

In *Pacor, Inc. v. Higgins,* the Third Circuit stated that the test for

> determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

743 F.2d 984, 994 (3rd Cir. 1984). By the result in *Pacor*, and expressly in its later decisions interpreting and applying *Pacor*, the Third Circuit understood that "conceivably have any effect" is not to be interpreted and/or applied so as to make "related to" jurisdiction limitless. *Cf. Celetox Corp. v Edwards*, 514 U.S. 300, 308 (1995)(stating that a bankruptcy court's "related to" jurisdiction is broad, but "cannot be limitless").

> Their reading of the word "conceivable" ignores the precise holding of *Pacor* where, despite the seemingly broad language of the opinion, we found no "related to" jurisdiction for the Higgins lawsuit against Pacor because the outcome of that lawsuit could not result "in even a contingent claim" against the debtor (Manville); rather, "an entirely separate proceeding to receive indemnification" would have been required. [743 F.2d] at 995. The test articulated in *Pacor* for whether a lawsuit could "conceivably" have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of yet another lawsuit.

*In re Federal-Mogul Global, Inc.* 300 F.3d 368, 382 (3rd Cir. 2002). *Accord, In re Combustion Engineering, Inc.*, 391 F.3d 190, 231-232 (3rd Cir. 2004)(Finding no "related to" jurisdiction over third-party claims against non-debtor affiliates of the debtor "when the third-party claim did not directly result in liability for the debtor," but only a potential claim for contribution that "would require the intervention of another lawsuit to affect the

bankruptcy estate").

The Third Circuit has recently reaffirmed the "yet another lawsuit" limitation on "related to" jurisdiction.

> In short, our recently reaffirmed precedent dictates that a bankruptcy court lacks subject matter jurisdiction over a third-party action if the only way in which the third-party action could have an impact on the debtor's estate is through the intervention of yet another lawsuit. Here, we are presented with state court actions that have only the potential to give rise to a separate lawsuit seeking indemnification from the debtor. Accordingly, we must affirm the Bankruptcy and District Courts' conclusion that subject matter jurisdiction does not exist for the purpose of expanding the §105(a) injunction to preclude the Montana Actions.

*W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 591 F.3d 164, 173 (3rd Cir. 2009). In *W.R. Grace*, plaintiffs who had sued W.R. Grace for injuries caused by asbestos exposure at a Montana mine over a 37-year period also sued the State of Montana, alleging that the State negligently failed to warn about asbestos risks at the mine. In 2001, shortly after W.R. Grace filed bankruptcy, the plaintiffs were enjoined from proceeding with their suit against W.R. Grace. Later, in an appeal of the plaintiff's suit against the State of Montana, the Montana Supreme Court held that State in fact owed the plaintiffs a duty to disclose potentially adverse health risks and reversed for determination of whether the State had breached its duty and the plaintiffs had been damaged thereby. *Id.* at 168.

When, following such ruling, Montana moved for relief from the stay to make W.R. Grace a third-party defendant in the remanded state court suits, W.R. Grace asked the bankruptcy court to expand the historical injunction to include actions brought against the State of Montana, arguing that Grace and Montana shared such an identity of interests that the remanded state court suits were essentially suits against Grace and would be harmful to

LICHTENSTEIN
FISHWICK PLC
ATTORNEYS & COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

4

Grace's reorganization efforts. *Id.* Noting that there could not be any effect on Grace's bankruptcy estate until Montana was first found liable in state court and then pursued its claim for indemnification in bankruptcy court, the Bankruptcy Court (affirmed by the District Court) held that there was no "related to" jurisdiction. *In re W.R. Grace & Co.*, 366 Bankr. 295, 301 (Bankr. D. Del. 2007); 2008 U.S. Dist. LEXIS 61361 (D. Del. Aug. 12, 2008).

The Third Circuit affirmed.

> Turning to the facts at hand, the relationship between Grace and the State of Montana is in one crucial respect analogous to the relationships in *Pacor*, *Federal-Mogul* and *Combustion Engineering*. Like the debtors in those cases, Grace will not be bound by any judgment against the third party in question. Rather, an entirely separate action would be necessary for any liability incurred by Montana to have an impact on Grace's estate. Specifically, Montana would first have to be found liable in its state courts and then would have to successfully bring an indemnification or contribution claim against Grace in the bankruptcy court. This is precisely the situation in which we have found that related-to jurisdiction does not exist. Indeed, we have stated and restated that, in order for a bankruptcy court to have related-to jurisdiction to enjoin a lawsuit, that lawsuit must "affect the bankruptcy [] without the intervention of another lawsuit." *Federal-Mogul*, 300 F.3d at 382; *Combustion Eng'g*, 391 F.3 at 232.

591 F.3d at 172-173 ("[]" in original).

Virginia law is to the same effect. A defendant who is found liable and then seeks contribution from a joint tortfeasor must prove the other tortfeasor's concurring negligence and that such negligence proximately caused the plaintiff's injuries for which the judgment defendant paid damages. *Nationwide Mutual Ins. Co. v. Jewel T. Co.*, 202 Va. 527, 531, 118 S.E.2d 646, 649 (1961). The contribution defendant (here, NECC) would be able to defend on the issues of concurring negligence, of proximate cause, and on whether any

LICHTENSTEIN
FISHWICK PLC
ATTORNEYS & COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA  24004-0601

compromise settlement (as applicable) was unreasonable, excessive or made in bad faith. *Id.*

In short, any judgments that these Roanoke-Area LichtensteinFishwick Intervenors obtain against the administering defendants in a Virginia circuit court will not affect the NECC bankruptcy estate, until and unless those state court defendants bring a separate action against NECC in bankruptcy court. Accordingly, the merely potential contribution claims of the Roanoke state court non-debtor defendants against NECC are indeed the smae as the claims determined not to give rise to related-to jurisdiction in *Pacor*, *Federal-Mogul*, *Combustion Eng'g* and *W.R. Grace*. There is no related-to jurisdiction as to these Intervenors' purely Virginia-law claims against the nondebtor administering defendants, and the Trustee's transfer motion, respectfully, should be denied with respect to such claims and such Intervenors.

The Third Circuit analysis provides a reliable framework for assessing related-to jurisdiction. In those instances where a suit between non-debtors can affect the bankrupt without the need for intervening litigation, there will be related-to jurisdiction. On the other hand, and as is the case here, when separate intervening litigation would be required before the debtor is affected, appropriate protection is provided for the legitimate and constitutional interests of these persons, so severely affected, to pursue their respective state law claims in the proper state forum.

### Conclusion

With respect to the claims, as described, that these Intervenors intend to pursue under Virginia law, in Virginia state courts, against non-debtor defendants [and consistent with and in furtherance of the arguments of the Roanoke Gentry Locke Plaintiffs and other similarly-situated injured parties], these Intervenors respectfully request that the Trustee's transfer

LICHTENSTEIN
FISHWICK PLC
ATTORNEYS & COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA  24004-0601

6

motion be denied.

                    Respectfully submitted,

                    **GLADYS G. AUSTIN**
                    **RICHARD BLANKENSHIP**
                    **SHIRLEY DOYLE**
                    **RENATE FARISS**
                    **NANCY GOODFELLOW**
                    **NORMA HURLEY**
                    **MABEL HUTCHERSON**
                    **ARNOLD MOON**
                    **SHARON OVERSTREET**
                    **MARY RADFORD**
                    **NOSWORTHY REID**
                    **CHERYL BROGAN**
                    **CHRISTOPHER COMPTON**
                    **TERRY DUNCAN**
                    **DEBORAH HAGA**
                    **LARRY HALL**
                    **SUSANNE HASTINGS**
                    **STUART KATZ**
                    **JANE MCKEON**
                    **ANGELA NORMAN**
                    **JUDY RICE**
                    **LARRY RICE**
                    **DEANNA SMITH**
                    **STEVIE THOMAS**
                    **BRENDA VARLEY**
                    **ANN VASSAR**
                    **MIRIAM WARREN**
                    **CHRISTINE WHEELER**

By: _/s/ [signature]_
                    Of Counsel

LICHTENSTEIN
FISHWICK PLC
ATTORNEYS & COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

John E. Lichtenstein (VSB #27048)
E-mail: jel@vatrials.com
John P. Fishwick, Jr. (VSB #23285)
E-mail: jpf@vatrials.com
Gregory L. Lyons (VSB #24037)
E-mail: gll@vatrials.com
Monica L. Mroz (VSB #65766)
E-mail: Monica@vatrials.com
LICHTENSTEINFISHWICK PLC
101 South Jefferson Street, Suite 400
Roanoke, Virginia 24011
Ph:   (540) 343-9711
Fax:  (540) 343-9713
*Counsel for the Roanoke-Area LichtensteinFishwick Intervenors*

LICHTENSTEIN
FISHWICK PLC
ATTORNEYS & COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA  24004-0601

### Certificate

I hereby certify that on May 2, 2013, the foregoing was e-mailed to the Court's docket clerk, Timothy Maynard (at timothy_maynard@mad.uscourts.gov) and to counsel for the Chapter 11 Trustee, as follows:

> Michael R. Gottfried
> DUANE MORRIS LLP
> E-mail: mrgottfried@duanemorris.com
> 100 High Street
> Suite 2400
> Boston, MA 02110-1724

_____
Gregory L. Lyons

LICHTENSTEIN
FISHWICK PLC
ATTORNEYS & COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601