CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**MAY 1 0 2013**

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHARON G. WINGATE,      )     Civil Action No. 7:13cv00142
           )
    Plaintiff,      )
           )
           )     **MEMORANDUM OPINION**
v.           )
           )
INSIGHT HEALTH CORP. *et al.*,  )
           )     By: Samuel G. Wilson
    Defendants.    )     United States District Judge

Plaintiff Sharon G. Wingate, acting as the executor of her husband's estate, brought this action in the Circuit Court for the City of Roanoke against defendants Insight Health Corp. ("IHC"), two IHC physicians, and Image Guided Pain Management. Ms. Wingate's state-court complaint alleges that the defendants acted negligently, fraudulently, and in violation of the Virginia Consumer Protection Act by obtaining contaminated methylprednisolone acetate ("MPA"—an injectable steroid commonly used to treat swelling and pain) from the New England Compounding Center ("NECC") and administering it to her husband, causing him to develop a strain of fungal meningitis that proved fatal. Ms. Wingate's claims are similar to those that a number of plaintiffs have recently asserted in sixteen other state-court lawsuits against IHC. After more than three months of state-court proceedings, IHC removed this action (and the sixteen others like it) to federal court pursuant to 28 U.S.C. § 1334, based on the claims' purported relation to NECC's ongoing Chapter 11 bankruptcy in the District of Massachusetts. Ms. Wingate has filed a motion to remand this action to state court in which she argues that IHC's removal petition was untimely and jurisdictionally deficient. Failing that, Ms. Wingate argues, the court should abstain from exercising related-to jurisdiction, or should remand the action on equitable grounds. IHC's codefendants, Dr. John Mathis, Dr. Robert O'Brien, and

## II.

As an initial matter, the court assumes without deciding that it has related-to jurisdiction over Ms. Wingate's claims. Section 1334 of Title 28 establishes subject matter jurisdiction in the United States District Courts for all cases "under title 11," and extends it as well to "all civil proceedings . . . related to cases under title 11." 28 U.S.C. § 1334(a)–(b). In the Fourth Circuit, "'the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" Valley Historic Ltd. P'ship v. Bank of N.Y., 486 F.3d 831, 836 (4th Cir. 2007) (emphasis removed) (quoting In re Celotex Corp., 124 F.3d 619, 625 (4th Cir. 1997)). There is conflicting authority, however, on the question of whether a state-law cause of action between non-debtors passes that test. On one hand, the Third Circuit has held that "there is no related-to jurisdiction over a third-party claim if there would need to be another lawsuit before the third-party claim could have any impact on the bankruptcy proceedings." In re W.R. Grace & Co., 591 F.3d 164, 172 (3d Cir. 2009). On the other hand, the Sixth Circuit has held that a non-debtor defendant's potential but as-yet unasserted claim against a bankruptcy estate was sufficient to establish related-to jurisdiction. See In re Dow Corning Corp., 86 F.3d 482, 494 (6th Cir. 1996).

Though the court is mindful that "common sense cautions against an open-ended interpretation of the 'related to' statutory language 'in a universe where everything is related to everything else,'" Matter of FedPak Sys., Inc., 80 F.3d 207, 214 (7th Cir. 1996) (quoting Gerald T. Dunne, The Bottomless Pit of Bankruptcy Jurisdiction, 112 Banking L.J. 957, 957 (Nov.–Dec. 1995)), the court is also mindful that it need not resolve the question here. If the court has related-to jurisdiction, it nevertheless abstains from exercising it and remands the action to state

4

Fed. R. Bankr. P. 9027(a)(3); see also In re Celotex Corp., 124 F.3d at 629 (noting that the Bankruptcy Rules apply to cases grounded on related-to jurisdiction).

Here, Ms. Wingate filed her state-court action on December 27, 2012, and IHC's counsel received a copy of the complaint "through service or otherwise" on the same day.[2] Consequently, IHC's April 4, 2013, removal notice was more than two months late.  Despite that patent untimeliness, IHC argues that Ms. Wingate waived any objection to the removal's procedural defects by (1) invoking federal jurisdiction in her November 2012 lawsuit *against NECC*, and (2) engaging in limited discovery after IHC removed this action.  The first argument is wholly frivolous.  As to the second argument, it is indeed true that a plaintiff may waive her right to object to the timeliness of removal through her "affirmative activity in federal court."  In re Mutual Funds Inv. Litig., 767 F. Supp. 2d 542, 546 (D. Md. 2011) (citing Payne *ex rel.* Estate of Calzada v. Brake, 439 F.3d 198, 203–04 (4th Cir. 2006)).  In the Fourth Circuit, however, "diligent objection [to removal] renders the waiver doctrine inapplicable."  King v. Marriott Int'l Inc., 337 F.3d 421, 425 (4th Cir. 2003); see also Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 (1996) (noting that that the plaintiff, "by timely moving for remand, did all that was required to preserve his objection to removal.").  Here, Ms. Wingate filed her motion to remand, a brief in support, and nearly a dozen exhibits a mere eleven days after removal, and she has done little in this court but press the matter since that time.  The court therefore finds that Ms. Wingate did not waive her right to object to IHC's untimely removal notice and, accordingly, remands the action to state court as untimely removed.

---

[2] Ms. Wingate's counsel has filed a sworn affidavit and a copy of the e-mail to IHC's counsel, both of which indicate that IHC received a copy of the complaint on December 27, 2012.  See Aff. 2, ECF No. 10-1.

## IV.

Ms. Wingate argues that the court must abstain from exercising jurisdiction over this matter pursuant to the mandatory abstention provision that Congress included in 28 U.S.C. § 1334, the very code section that provides federal courts with related-to jurisdiction. IHC contends that the mandatory abstention provision does not actually apply to tort claims like Ms. Wingate's. The court rejects that premise, agrees with Ms. Wingate, and grants her motion to abstain.

Section 1334 establishes federal courts' related-to jurisdiction, but also mandates that "upon timely motion" the district court abstain from entertaining a case grounded only on "related to" jurisdiction if "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." § 1334(c)(2); see also In re Celotex Corp., 124 F.3d at 627 n.4. A plain reading of that rule reveals six elements: (1) a party must file a timely motion to abstain; (2) the proceeding must be based on state-law claims; (3) the proceeding must be grounded on related-to jurisdiction; (4) there must not be any basis for federal court jurisdiction other than § 1334; (5) a parallel action must have been commenced in state court; and (6) the state-court action can be timely adjudicated. See § 1334(c)(2); In re Butterfield, 339 B.R. 366, 373 (E.D. Va. 2004).

This action satisfies all six of those elements. Ms. Wingate filed a motion to abstain less than two weeks after IHC removed; the proceeding is based on state-law negligence, fraud, and Virginia Consumer Protection Act claims; the only basis for federal court jurisdiction is § 1334(b)'s "related to" provision; Ms. Wingate commenced her state-court action several months ago; and the state court has set the matter for an April 21, 2014, jury trial and has even "advised the parties that it would be reluctant to grant any continuance." Aff. 2, ECF No. 10-1.

7

IHC argues that § 1334's mandatory abstention provision does not apply.  Generally, IHC

contends that § 1334(c)(2)'s mandatory abstention provision is not applicable to personal-injury

or wrongful-death claims.  Cf. A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1010 n.14 (4th Cir.

1986) (quoting Walter J. Taggart, The New Bankruptcy Court System, 59 Am. Bankr. L.J. 231,

253 (1985)).  Specifically, IHC points to 28 U.S.C. § 157(b)(4), which provides that "non-core

proceedings under section 157(b)(2)(B) . . . shall not be subject to the mandatory abstention

provisions of section 1334(c)(2)."  Section 157(b)(2)(B), in turn, defines those "non-core

proceedings" as "the liquidation or estimation of contingent or unliquidated personal injury tort

or wrongful death claims against the estate for purposes of distribution in a case under title 11."

There is an obvious problem with IHC's argument, however: Ms. Wingate's claims are not

"against the estate" of NECC—they are against IHC and other non-debtors.  Thus, on its face, §

157's abstention-exception is inapplicable.  See, e.g., Nase v. TECO Energy, Inc., No. 09-7659,

2010 WL 924290, at *4 n.7 (E.D. La. March 9, 2010) ("Section 157(b)(4) has no application in

this case because [the plaintiff's] personal injury tort claim is not 'against' his estate.").[3]

"[I]t is a far step" indeed to find "that a claim against a non-debtor is actually a claim

directly against the estate for the purposes of section 157(b)(2)(B)."  In re Federal-Mogul Global,

Inc., 282 B.R. 301, 313 (D. Del. 2002).  And the cases IHC cites in support of extending § 157's

personal-injury-and-wrongful-death exception to a non-debtor's claim—Abbatiello v. Monsanto,

No. 1:06cv266, 2007 WL 747804 (S.D.N.Y. March 8, 2007) and Berry v. Pharmacia Corp., 316

B.R. 883, 889 (S.D. Miss. 2004)—are unpersuasive.  In both of those cases the court extended

the exception to a non-debtor third party because the debtor and the third party had negotiated an

indemnification agreement.  See Abbatiello, 2007 WL 747804, at *2; Berry, 316 B.R. at 886.  In

---

[3] The court notes that the Fourth Circuit's statement in A.H. Robins Co. v. Piccinin ("[m]andatory
abstention under section 1334(c)(2) is not applicable to personal injury claims") was a general explanatory
statement.  There is no indication that the A.H. Robins court intended to lay down a broad rule.

fact, those two cases involved *the very same trio of defendants*: Monsanto Co.; Pharmacia Corp.; and Solutia, Inc. Those three defendants were "corporations formed from portions of Old Monsanto by a series of divisions and mergers." Abbatiello, 2007 WL 747804, at *1. The Berry court summarized the decisions' rationale:

> [G]iven the nature of the relationship and degree of identity between the debtor [and the third party], the rationale for exempting personal injury and wrongful death claims against the debtor's estate from the mandatory abstention provision applies fully to the claims against [the third party]. [A] judgment against [the third party] is, in practical effect, a judgment against [the debtor].

Berry, 316 B.R. at 889. No such indemnification agreement or entity-nexus exists in this case; a judgment against one or more of the third parties is not in practical effect a judgment against NECC. Consequently, the court abides by the plain language of the statute, finds that Ms. Wingate's claims are not "against the estate" and therefore not subject to § 157's abstention-exception, and grants Ms. Wingate's motion for mandatory abstention.

## V.

Finally, Ms. Wingate argues that the court should remand this action on equitable grounds. The court agrees and remands the action on that alternative basis.

Section 1452, which provides for the removal of claims related to bankruptcy cases, also gives the court discretion to "remand such claim or cause of action on any equitable ground." § 1452(b). Here, a number of equitable considerations urge remand. First, this action proceeded in state court for more than three months before IHC removed it. Both sides had filed motions and argued them, the parties had engaged in discovery, and the state court had set the matter for trial. IHC's removal notice—which was clearly untimely and stood on dubious jurisdictional footing—put the brakes on those fast-evolving proceedings and essentially halted litigation on the merits. Second, and by the same token, the state court has invested substantial time and other

resources into this matter.  Third, this matter involves potentially thorny questions of state law and no discernible questions of federal law, bankruptcy or otherwise.  And fourth, of the five named parties (one plaintiff and four defendants), four seek remand.  Though the rules governing bankruptcy removal do not require unanimity, see In re Asbestos Litig., 271 B.R. 118, 120 n.2 (S.D.W. Va. 2001), the circumstances present here do not suggest a need to detain five parties at the behest of one.  Accordingly, the court grants Ms. Wingate's motion to remand on equitable grounds.

**VI.**

For the reasons stated, the court grants Ms. Wingate's motion and remands this action to state court.

**ENTER**: May 10, 2013.

UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| PAULINE R. McFARLANE, | ) | Civil Action No. 7:13cv00146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DANA MARLENE BRADLEY, | ) | Civil Action No. 7:13cv00147 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ROBERT EARL HARRIS, JR., | ) | Civil Action No. 7:13cv00148 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RANDOLPH E. SMITH,**        )     **Civil Action No. 7:13cv00149**
)
      **Plaintiff,**         )
)
**v.**                 )
)
**INSIGHT HEALTH CORP.** *et al.,*   )
)
      **Defendants.**     )

**RICHARD A. WHITLOW,**     )     **Civil Action No. 7:13cv00150**
)
      **Plaintiff,**         )
)
**v.**                 )
)
**INSIGHT HEALTH CORP.** *et al.,*   )
)
      **Defendants.**     )

**BARBARA J. FILSON,**      )     **Civil Action No. 7:13cv00151**
)
      **Plaintiff,**         )
)
**v.**                 )
)
**INSIGHT HEALTH CORP.** *et al.,*   )
)
      **Defendants.**     )

**CHESTER T. KALINOSKI,**    )     **Civil Action No. 7:13cv00152**
)
      **Plaintiff,**         )
)
**v.**                 )
)
**INSIGHT HEALTH CORP.** *et al.,*   )
)
      **Defendants.**     )

JAMES WIRT SMITH, JR.,     )     Civil Action No. 7:13cv00153
                     )
     Plaintiff,     )
                     )
v.     )
                     )
INSIGHT HEALTH CORP. *et al.*,     )
                     )
     Defendants.     )

TRUDY R. EPPERLY,     )     Civil Action No. 7:13cv00154
                     )
     Plaintiff,     )
                     )
v.     )
                     )
INSIGHT HEALTH CORP. *et al.*,     )
                     )
     Defendants.     )

ZACHARY LUCAS FOUTZ *et al*,     )     Civil Action No. 7:13cv00155
                     )
     Plaintiff,     )
                     )
v.     )
                     )
INSIGHT HEALTH CORP. *et al.*,     )
                     )
     Defendants.     )

RONNIE A. BROWN,     )     Civil Action No. 7:13cv00156
                     )
     Plaintiff,     )
                     )
v.     )
                     )
INSIGHT HEALTH CORP. *et al.*,     )
                     )
     Defendants.     )

| | | |
|---|---|---|
| **RONALD T. COURTNEY,** | ) | **Civil Action No. 7:13cv00163** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **JULIAN D. HOLBROOK,** | ) | **Civil Action No. 7:13cv00164** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

The plaintiffs in these thirteen separate civil actions originally filed their claims in the Circuit Court for the City of Roanoke against Insight Health Corp. ("IHC"), IHC physicians, and Image Guided Pain Management. Just as in <u>Wingate v. Insight Health Corp.</u>, 7:13cv00142 (W.D. Va. May 10, 2013), the plaintiffs' state-court complaints allege that the defendants acted negligently, fraudulently, and in violation of the Virginia Consumer Protection Act by obtaining contaminated methylprednisolone acetate (an injectable steroid commonly used to treat swelling and pain) from the New England Compounding Center ("NECC") and administering it via injections that caused fungal meningitis. After the plaintiffs filed their complaints in state court, IHC removed the actions to federal court based on the claims' purported relation to NECC's ongoing Chapter 11 bankruptcy in the District of Massachusetts. Each plaintiff has filed a motion to remand his or her cause of action to state court, each arguing that IHC's removal petition was untimely and jurisdictionally deficient. Failing that, they argue, the court should

4

abstain from exercising related-to jurisdiction, or should remand the action on equitable grounds. IHC's codefendants, Dr. John Mathis, Dr. Robert O'Brien, and Image Guided Pain Management, have joined in the plaintiffs' motions.  As in <u>Wingate v. Insight Health Corp.</u>, the court assumes without deciding that it has related-to jurisdiction over these matters, but finds that the notice of removal in each case was untimely[1] and remands the claims on that basis.  <u>See</u> 28 U.S.C. § 1334(a) (extending federal jurisdiction to proceedings that are "related to" cases under Title 11); § 1452 (providing for removal of claims based on related-to jurisdiction); Fed. R. Bankr. P. 9027(a)(3) (establishing the timing of removal); <u>In re Celotex Corp.</u>, 124 F.3d 619, 629 (4th Cir. 1997) (noting that the Bankruptcy Rules apply to cases grounded on related-to jurisdiction).  In the alternative, and essentially for the reasons the court stated in <u>Wingate v. Insight Health Corp.</u>, the court abstains from hearing these matters pursuant to the mandatory abstention provision in

---

[1] <u>See</u> <u>McFarlane v. Insight Health Corp.</u>, 7:13cv00146 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); <u>Bradley v. Insight Health Corp.</u>, 7:13cv00147 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); <u>Harris v. Insight Health Corp.</u>, 7:13cv00148 (complaint filed in state court January 7, 2013; complaint e-mailed to opposing counsel on January 8, 2013; removed to federal court April 8, 2013); <u>Smith v. Insight Health Corp.</u>, 7:13cv00149 (complaint filed in state court and e-mailed to opposing counsel January 8, 2013; removed to federal court April 8, 2013); <u>Whitlow v. Insight Health Corp.</u>, 7:13cv00150 (complaint filed in state court January 7, 2013; complaint e-mailed to opposing counsel on January 8, 2013; removed to federal court April 8, 2013); <u>Filson v. Insight Health Corp.</u>, 7:13cv00151 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); <u>Kalinoski v. Insight Health Corp.</u>, 7:13cv00152 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); <u>Smith v. Insight Health Corp.</u>, 7:13cv00153 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); <u>Epperly v. Insight Health Corp.</u>, 7:13cv00154 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); <u>Foutz v. Insight Health Corp.</u>, 7:13cv00155 (complaint filed in state court January 2, 2013; complaint e-mailed to opposing counsel January 3, 2013; removed to federal court April 8, 2013); <u>Brown v. Insight Health Corp.</u>, 7:13cv00156 (complaint filed in state court and e-mailed to opposing counsel March 1, 2013; removed to federal court April 8, 2013); <u>Courtney v. Insight Health Corp.</u>, 7:13cv00163 (complaint filed in state court February 15, 2013; complaint e-mailed to opposing counsel February 18, 2013; removed to federal court April 8, 2013); <u>Holbrook v. Insight Health Corp.</u>, 7:13cv00164 (complaint filed in state court and e-mailed to opposing counsel February 11, 2013; removed to federal court April 8, 2013).

28 U.S.C. § 1334(c)(2)[2] and also remands them on equitable grounds pursuant to 28 U.S.C.

§ 1452(b).  Accordingly, the court grants the plaintiffs' motions to remand.

     **ENTER**: May 10, 2013.

                                _____

                                UNITED STATES DISTRICT JUDGE

---

[2] All indications are that the state court will timely adjudicate these matters, along with Wingate v. Insight Health Corp.. In any event, the "correct inquiry is not where litigation would move the fastest, but whether it can be timely adjudicated in state court at all." Power Plant Entm't Casino Resort Ind., LLC v. Mangano, 484 B.R. 290, 297 (D. Md. 2012). Plaintiffs' counsel represented during oral argument that the parties had conducted a lengthy conference with the state judge and had formulated a plan in which the court would use Wingate as the lead case to address the legal and factual issues and would consolidate the rest of the cases for discovery. The affidavits and other filings in these cases show that the state proceedings were moving quickly and that the state judge had made clear his intention to move the cases forward and had even entered partial summary judgment in a number of them. In fact, it appears that the only thing impeding timely adjudication on the merits is this detour to federal court.

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT DANA BENDER,** | ) | Civil Action No. 7:13cv00157 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **ODESSA M. SHUCK,** | ) | Civil Action No. 7:13cv00158 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **ROSE M. WHITE,** | ) | Civil Action No. 7:13cv00159 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.*, | ) | |
| | ) | **By: Samuel G. Wilson** |
| Defendants. | ) | **United States District Judge** |

The plaintiffs in these three separate civil actions originally filed their claims in the

Circuit Court for the City of Roanoke against Insight Health Corp. ("IHC"), IHC physicians, and

Image Guided Pain Management.  Just as in <u>Wingate v. Insight Health Corp.</u>, 7:13cv00142

(W.D. Va. May 10, 2013), the plaintiffs' state-court complaints allege that the defendants acted

negligently, fraudulently, and in violation of the Virginia Consumer Protection Act by obtaining

contaminated methylprednisolone acetate (an injectable steroid commonly used to treat swelling and pain) from the New England Compounding Center ("NECC") and administering it via injections that caused fungal meningitis. After the plaintiffs filed their complaints in state court, IHC removed the actions to federal court based on the claims' purported relation to NECC's ongoing Chapter 11 bankruptcy in the District of Massachusetts. Each plaintiff has filed a motion to remand his or her cause of action to state court, each arguing that IHC's removal petition was jurisdictionally deficient. Failing that, they argue, the court should abstain from exercising related-to jurisdiction, or should remand the action on equitable grounds. IHC's codefendants, Dr. John Mathis, Dr. Robert O'Brien, and Image Guided Pain Management, have joined in the plaintiffs' motions. As in <u>Wingate v. Insight Health Corp.</u>, the court assumes without deciding that it has related-to jurisdiction over these matters but, essentially for the reasons the court stated in <u>Wingate</u>, the court abstains from hearing these matters pursuant to the mandatory abstention provision in 28 U.S.C. § 1334(c)(2)[1] and also remands them on equitable grounds pursuant to 28 U.S.C. § 1452(b). Accordingly, the court grants the plaintiffs' motions to remand.

   **ENTER**: May 10, 2013.

UNITED STATES DISTRICT JUDGE

---

[1] All indications are that the state court will timely adjudicate these matters, along with <u>Wingate v. Insight Health Corp.</u>. In any event, the "correct inquiry is not where litigation would move the fastest, but whether it can be timely adjudicated in state court at all." <u>Power Plant Entm't Casino Resort Ind., LLC v. Mangano</u>, 484 B.R. 290, 297 (D. Md. 2012). Plaintiffs' counsel represented during oral argument that the parties had conducted a lengthy conference with the state judge and had formulated a plan in which the court would use <u>Wingate</u> as the lead case to address the legal and factual issues and would consolidate the rest of the cases for discovery. The affidavits and other filings in these cases show that the state proceedings were moving quickly and that the state judge had made clear his intention to move the cases forward and had even entered partial summary judgment in a number of them. In fact, it appears that the only thing impeding timely adjudication on the merits is this detour to federal court.

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| PAULINE R. McFARLANE, | ) | Civil Action No. 7:13cv00146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| DANA MARLENE BRADLEY, | ) | Civil Action No. 7:13cv00147 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| ROBERT EARL HARRIS, JR., | ) | Civil Action No. 7:13cv00148 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

RANDOLPH E. SMITH,      )     Civil Action No. 7:13cv00149
                                    )
       Plaintiff,         )
                                      )
v.                            )
                                      )
INSIGHT HEALTH CORP. *et al.*,  )
                                      )
       Defendants.      )

RICHARD A. WHITLOW,      )     Civil Action No. 7:13cv00150
                                      )
       Plaintiff,         )
                                      )
v.                            )
                                      )
INSIGHT HEALTH CORP. *et al.*,  )
                                      )
       Defendants.      )

BARBARA J. FILSON,       )     Civil Action No. 7:13cv00151
                                      )
       Plaintiff,         )
                                      )
v.                            )
                                      )
INSIGHT HEALTH CORP. *et al.*,  )
                                      )
       Defendants.      )

CHESTER T. KALINOSKI,    )     Civil Action No. 7:13cv00152
                                        )
       Plaintiff,         )
                                      )
v.                            )
                                      )
INSIGHT HEALTH CORP. *et al.*,  )
                                      )
       Defendants.      )

JAMES WIRT SMITH, JR.,         )      Civil Action No. 7:13cv00153
                          )
       Plaintiff,         )
                          )
v.                    )
                          )
INSIGHT HEALTH CORP. *et al.*,  )
                          )
       Defendants.     )

TRUDY R. EPPERLY,           )      Civil Action No. 7:13cv00154
                          )
       Plaintiff,         )
                          )
v.                    )
                          )
INSIGHT HEALTH CORP. *et al.*,  )
                          )
       Defendants.     )

ZACHARY LUCAS FOUTZ *et al*,  )      Civil Action No. 7:13cv00155
                          )
       Plaintiff,         )
                          )
v.                    )
                          )
INSIGHT HEALTH CORP. *et al.*,  )
                          )
       Defendants.     )

RONNIE A. BROWN,           )      Civil Action No. 7:13cv00156
                          )
       Plaintiff,         )
                          )
v.                    )
                          )
INSIGHT HEALTH CORP. *et al.*,  )
                          )
       Defendants.     )

| | | |
|---|---|---|
| **RONALD T. COURTNEY,** | ) | **Civil Action No. 7:13cv00163** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **JULIAN D. HOLBROOK,** | ) | **Civil Action No. 7:13cv00164** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER OF REMAND** |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.*, | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

In accordance with the memorandum opinion entered on this day, it is hereby

**ORDERED** and **ADJUDGED** that these actions are **REMANDED** to the Circuit Court for the

City of Roanoke.

   **ENTER**: May 10, 2013.

                                         _____

                                         UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **SHARON G. WINGATE,** | ) | Civil Action No. 7:13cv00142 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER OF REMAND** |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

In accordance with the memorandum opinion entered on this day, it is hereby

**ORDERED** and **ADJUDGED** that this action is **REMANDED** to the Circuit Court for the City

of Roanoke.

**ENTER**: May 10, 2013.

_____

UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

MAY 10 2013

JULIA C. DUDLEY, CLERK
BY: _____
      DEPUTY CLERK

| | | |
|---|---|---|
| **ROBERT DANA BENDER,** | ) | Civil Action No. 7:13cv00157 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **ODESSA M. SHUCK,** | ) | Civil Action No. 7:13cv00158 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **ROSE M. WHITE,** | ) | Civil Action No. 7:13cv00159 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER OF REMAND** |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

In accordance with the memorandum opinion entered on this day, it is hereby

**ORDERED** and **ADJUDGED** that these actions are **REMANDED** to the Circuit Court for the

City of Roanoke.

**ENTER**: May 10, 2013.

_____
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**MAY 10 2013**

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT DANA BENDER,** | ) | Civil Action No. 7:13cv00157 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **ODESSA M. SHUCK,** | ) | Civil Action No. 7:13cv00158 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **ROSE M. WHITE,** | ) | Civil Action No. 7:13cv00159 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER OF REMAND** |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

In accordance with the memorandum opinion entered on this day, it is hereby

**ORDERED** and **ADJUDGED** that these actions are **REMANDED** to the Circuit Court for the

City of Roanoke.

**ENTER:** May 10, 2013.

_____
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT DANA BENDER,** | ) | **Civil Action No. 7:13cv00157** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| **ODESSA M. SHUCK,** | ) | **Civil Action No. 7:13cv00158** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| **ROSE M. WHITE,** | ) | **Civil Action No. 7:13cv00159** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER OF REMAND** |
| | ) | |
| **INSIGHT HEALTH CORP.** *et al.,* | ) | |
| | ) | **By: Samuel G. Wilson** |
| Defendants. | ) | **United States District Judge** |

In accordance with the memorandum opinion entered on this day, it is hereby

**ORDERED** and **ADJUDGED** that these actions are **REMANDED** to the Circuit Court for the

City of Roanoke.

**ENTER:** May 10, 2013.

_____
UNITED STATES DISTRICT JUDGE