UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) Master File No. 1:13-MF-2419-FDS<br>) MDL Docket No. 2419<br>)<br>) This Document Relates to:<br>)<br>) *George Cary, et al. v. New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center, et al.*<br>) Case No. 13-cv-10228-FDS<br>)<br>) *Robert Schroder, et al. v. New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center, et al.*<br>) Case No. 13-cv-10227-FDS<br>)<br>) *Leonard Shaffer, et al. v. Barry J. Cadden, et al.*<br>) Case No. 13-cv-10226-FDS<br>)<br>) *Edward Adams v. Barry J. Cadden, et al.*<br>) Case No. 13-cv-10229-FDS<br>) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT AMERIDOSE, LLC'S MOTION TO WITHDRAW THE REFERENCE**

**INTRODUCTION**

The individual plaintiffs in *Carey*, *Schroder*, *Shaffer*, and *Adams* ("Individual Plaintiffs") have not presented a justifiable basis to allow these four cases to proceed independently in the Bankruptcy Court. Allowing these four cases to proceed independently from the more than 150 (and growing) cases in MDL 2419 would put these four plaintiffs on separate footing than the plaintiffs in the MDL, erode the limited resources of the defendants, and create a risk of inconsistent rulings in multiple courts. Such results would undermine the efficiency and consistency sought by the Judicial Panel on Multidistrict

Litigation ("JPML") when it created MDL No. 2419.  More importantly, district courts are instructed to use 28 U.S.C. § 157(d) to avoid these very problems.

Further, allowing these four cases to proceed independently in the Bankruptcy Court would create obstacles to the "clear path" to trial desired by the Plaintiffs' Steering Committee ("PSC") in the MDL.  Not surprisingly, the PSC agrees that it is appropriate for this Court to withdraw the reference in these four cases.  (*See* PSC's Response to Ameridose's Motion to Withdraw the Reference, ECF #118.)  With the exception of these four plaintiffs, withdrawal of the reference is unanimous amongst the parties.[1]  For these reasons, and for the reasons set forth in Ameridose's Consolidated Reply to Plaintiff's Memorandum in Opposition to Motions for Withdrawal of the Reference (ECF # 20 in *Leonard Shaffer, et al. v. Barry Cadden, et al., No. 13-cv-10226-FDS*) incorporated as if fully rewritten herein, Ameridose respectfully requests that the Court grant Ameridose LLC's Motion to Withdraw the Reference in the *Cary*, *Schroder*, *Shaffer*, and *Adams* cases.

## LAW AND ARGUMENT

28 U.S.C. § 157(d) is a procedural mechanism given to district courts to reclaim matters that were previously referred to the Bankruptcy Court.[2]  (*See* Ameridose LLC's Motion to Withdraw the Reference and supporting Memorandum, ECF # 1-2 in *Leonard Shaffer, et al. v. Barry Cadden, et al., No. 13-cv-10226-FDS*.)  When a district court is deciding whether to withdraw the reference it must consider the promotion of uniformity in bankruptcy administration, reduction of forum shopping, and

---

[1] In addition to the PSC supporting withdrawal of the reference, GDC Properties Management, LLC filed its own Motion to Withdraw the Reference (ECF #90).  The Chapter 11 Trustee has also requested that all personal injury and wrongful death cases arising from NECC's manufacture of methylprednisolone acetate – including *Cary*, *Shaffer*, *Schroder*, and *Adams* – be consolidated in this Court.  (Chapter 11 Trustee's Motion to Transfer Cases and supporting Memorandum, ECF #37, 38.)

[2] In this respect, it is similar to the procedural mechanism given to district courts by 28 U.S.C. § 157(b)(5) to transfer both state and federal personal injury cases "related to" a bankruptcy estate to the district court in which the bankruptcy case is pending.

the economical use of the parties' resources. *United States v. Kaplan*, 146 B.R. 500, 504 (D. Mass 1992). In other words, the purpose of Section 157(d) is to achieve efficiency and uniformity in the administration of claims that may affect a bankruptcy estate.

That the First Circuit has broadly interpreted "related to" jurisdiction demonstrates the importance that courts place on consolidating cases to achieve efficiency and economy. *See In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 68 (1st Cir. 2002) ("Related to" proceedings are those that **potentially** have **some** effect on the bankruptcy estate) (emphasis added); *Boston Reg'l Med. Ctr., Inc. v. Reynolds*, 410 F.3d 100, 105 (1st Cir. 2005) (same). *See also Abramowitz v. Palmer*, 999 F.3d 1274, 1277 (8th Cir. 1993) ("A claim is 'related to' a bankruptcy case within the meaning of §1334(b) if it 'could **conceivably** have **any effect**' on the bankruptcy estate.") (emphasis added).

Importantly, the JPML's intent in creating MDL No. 2419 is consistent with the intent behind 28 U.S.C. § 157(d). Specifically, the JPML stated:

> [T]hese actions involve common questions of fact, and [] centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. . . . **Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and discovery issues; and conserve the resources of the parties, their counsel and the judiciary.**

(2/12/13 JPML Transfer Order at pp. 1-2, ECF # 119) (emphasis added).

Allowing these four cases to proceed independently in the Bankruptcy Court would undermine these goals of both the JPML and Section 157(d). The litigation of cases in different courts, under different discovery schedules would consume an unfair amount of the limited assets available to creditors. The expense of the litigation itself, the risk that important details get missed in a perfect storm of litigation in multiple venues, the impact of collateral estoppel issues, and a host of other risks of cases proceeding in disparate forums could sharply impact the recovery for other plaintiffs and diminish the defendants' already-limited resources.

The Individual Plaintiffs' suggestion that the Bankruptcy Court can remand these cases back to state courts for trial exacerbates the risk that Ameridose and other defendants will be forced to defend cases under multiple schedules. The MDL Judge, not the Bankruptcy Court, is in the best position to know when discovery is sufficiently complete such that remand of cases to their originating courts for trial is appropriate. Putting this decision in the hands of the Bankruptcy Court increases the risk that a state court may decide an issue in a stand-alone case that may have preclusive effect on the mass of cases in the MDL. This would be particularly troubling if such rulings were to arise from cases such as *Shaffer* and *Adams* where NECC is not a defendant. Courts have previously acknowledged this concern. *See Beck v. Victor Equip. Co.*, Inc., 277 B.R. 179, 180-81 (S.D.N.Y. 2002) (litigation of personal injury tort cases, especially without the participation of the debtor (who is alleged to have manufactured the products causing the injuries) can produce deleterious effects on the bankruptcy estate).[3]

These factors all lead to the inescapable conclusion that withdrawing the reference is appropriate and necessary. The Individual Plaintiffs are incorrect in arguing otherwise, and do not provide any specific examples or explanation to support their conclusory assertion that it is more efficient to keep this four cases in the Bankruptcy Court. Plaintiffs have not cited any cases arising in the personal injury tort or wrongful death context, or in which there was an established multidistrict litigation. Thus, none of the authority cited by Plaintiffs fit the procedural context of this case. Further, simply because the Bankruptcy Court **can** refrain from transferring the case until the case is ready for trial (as the Individual Plaintiffs argue), does not mean that it **should**. This is particularly true where, as here, the immediate

---

[3] Although the Individual Plaintiffs suggest that the Bankruptcy Court may find that *Adams* and *Shaffer* are not sufficiently "related to" the bankruptcy proceeding because NECC is not a defendant in those cases (Individual Plaintiffs' Brief in Opposition at p. 12), they are alone in making this argument. Notably, the PSC has expressly acknowledged that cases involving entities affiliated with NECC (such as Ameridose) are "related to" the NECC bankruptcy proceeding. (Plaintiffs' Steering Committee's Brief in Opposition to Chapter 11 Trustee's Motion to Transfer Case at p. 1.) The PSC only objects to transferring cases in which healthcare providers are the only defendants. (*Id.* at p. 2.)

transfer would allow the District Court to administer these four cases – from essentially the beginning of the MDL – in same manner as the other 150 (and growing) cases.

Finally, and contrary to the Individual Plaintiffs' contention, this is not a matter of "forum shopping" by Ameridose. It is a matter of achieving the intent of the JPML to achieve efficiency and consistency in the administration of the large number of cases that will affect the NECC bankruptcy estate. Indeed, even the PSC noted that the overwhelming number of plaintiffs in this litigation want a "clear path" to trial. (Plaintiffs' Steering Committee's Response to Chapter 11 Trustee's Motion to Transfer at p. 4, ECF #125.) Inconsistent discovery and trial schedules, and the potential for inconsistent and preclusive rulings in stand-alone cases, places unnecessary obstacles to this "clear path." If any party is forum shopping it would be the Individual Plaintiffs, who are seeking a venue in which they can be treated in a manner that is separate and distinct from other plaintiffs. Section 157(d) exists to prevent such a result. Creating an exception for these four cases would start all parties down a slippery slope that is wholly unwarranted and unnecessary.

## CONCLUSION

For the foregoing reasons, Ameridose LLC respectfully requests that the Court grant its Motion to Withdraw the Reference and transfer the *Carey*, *Schroder*, *Shaffer*, and *Adams* cases to the MDL.

By: /s/ Matthew P. Moriarty _____
*Attorneys for Defendant Ameridose, LLC*
Matthew Moriarty (OH 0028389)
Tucker Ellis LLP
925 Euclid Avenue
Suite 1150
Cleveland, OH 44115-1414
216.592.5000

and

/s/ Scott J. Tucker_____
Scott J. Tucker (BBO # 503940)
Tucker, Saltzman & Dyer, LLP
50 Congress Street
Boston, MA 02109
Tel:       617.557.9696
Fax:       617.227.9191
E-mail: tucker@tsd-lawfirm.com
            mantalos@tsd-lawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on May 13, 2013 using the ECF system that sent notification of this filing to all ECF-registered counsel of record via e-mail generated by the Court's ECF system.

>  /s/ Matthew P. Moriarty
>  *Attorney for Defendant Ameridose, LLC*

013260.000001/1687365.1