UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY CASES, | ) ) ) ) ) ) Master Docket No. 12-cv-12052(FDS) ) ) ) ) ) |
| *THIS DOCUMENT RELATES TO*: | |
| All Actions | |

### CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER GRANTING LIMITED RELIEF FROM THE PRESERVATION ORDER AS TO NEW ENGLAND COMPOUNDING PHARMACY, INC.

Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), hereby files this motion (the "Motion") pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking limited relief from this Court's *Order as to the Preservation of Potential Evidence by New England Compounding Pharmacy, Inc.* (the "Preservation Order").

On December 13, 2012, the Court issued the Preservation Order which ordered NECC to preserve, among other things, "tangible things that are, or are reasonably likely to be, relevant and/or subject to discovery in this litigation." The Preservation Order also requires NECC to abstain from, among other things, removing "clean-room equipment … except at the direction of this Court or an appropriate governmental authority having jurisdiction over the matter."

The Trustee in the Debtor's bankruptcy case is seeking to reject, pursuant to 11 U.S.C. § 365, a number of leases ("Leases") entered into by and between NECC and various counterparties to the Leases pursuant to which NECC leased various equipment.

- 2 -

In connection therewith, The Trustee is seeking the authority to modify the Preservation Order so that he can obtain the benefits available to him under section 365 of the Bankruptcy Code to eliminate burdensome costs by rejecting the Leases, and establishing an orderly mechanism for the recovery of the leased equipment by the equipment lessors, while, at the same time, preserving any remaining relevant evidence. The Trustee also seeks to reduce the portion of the leased premises required by the Trustee. Specifically, the mechanism for removal of the equipment leased under the Leases requires the equipment lessors, prior to removal of any equipment, to confer with the United States Attorney, the Plaintiffs' Lead Counsel and the Individual Defendants' Liaison Counsel regarding whether they object to removal of the equipment, and, absent any objection, they will be permitted to remove the equipment as agreed by the Trustee, without further order of this Court.

The grounds for this Motion and the requested modification of the Preservation Order are set forth in greater detail in the Memorandum in Support of the Motion for Entry of an Order Granting Limited Relief from the Preservation Order as to New England Compounding Pharmacy, Inc. (the "Memorandum").

Pursuant to Rule 7.1 of the Local Rules of this Court, the Trustee has conferred with the United States Attorney, Plaintiffs' Lead Counsel and the Individual Defendants' Liaison Counsel prior to filing this motion. The Plaintiffs' Lead Counsel does not object at this time to the relief and procedures contemplated by the Motion. The Individual Defendants' Liaison Counsel is not taking a position on the Motion. The United States Attorney has advised that it is likely to propose separate notice procedures for the relief requested by the Motion.

- 3 -

**WHEREFORE**, the Trustee respectfully requests that this Court issue an order substantially in the form attached to the Memorandum.

Dated: May 13, 2013  Respectfully submitted,

DUANE MORRIS LLP

*/s/ Michael R. Gottfried*
Michael R. Gottfried
(BBO #542156)
100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Email: mrgottfried@duanemorris.com

Counsel for the Chapter 11 Trustee