UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES, | )<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | ) Master Docket No. 12-cv-12052(FDS)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF CHAPTER 11
TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
GRANTING LIMITED RELIEF FROM THE PRESERVATION
ORDER AS TO NEW ENGLAND COMPOUNDING PHARMACY, INC.**

**I.     INTRODUCTION**

Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the Estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), filed his motion (the "Motion") pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) seeking limited relief from this Court's *Order as to the Preservation of Potential Evidence by New England Compounding Pharmacy, Inc.* (the "Preservation Order"), entered before the commencement of NECC's Chapter 11 case. The Trustee is seeking modification of the Preservation Order so that he can obtain the benefits available to him under section 365 of the Bankruptcy Code to eliminate burdensome costs by rejecting leases under which the Debtor leased equipment from various equipment lessors (which equipment is located at the Debtor's leased premises), and establishing an orderly mechanism for the recovery of the leased equipment by the equipment lessors, while, at the same time, preserving any remaining relevant evidence. The Trustee also seeks to reduce the portion of the leased premises required by the Trustee. This relief will

maximize creditor recovery from NECC's bankruptcy estate and minimize the costs and expenses to creditors associated with preserving any remaining probative evidence.

Specifically, the mechanism requires the equipment lessors, prior to removal of any equipment, to confer with the United States Attorney, the Plaintiffs' Lead Counsel and the Individual Defendants' Liaison Counsel regarding whether they object to removal of their equipment, and, absent any objection, they will be permitted to remove the equipment as agreed by the Trustee, without further order of this Court.  The mechanism would permit those parties with the most interest in the preservation of the Debtor's remaining property still having evidentiary value to be preserved to be involved in resolving these issues, without the need to burden this Court with multiple requests for such relief.  Moreover, the Trustee's requested relief will also benefit the Debtor's estate by avoiding burdensome obligations and expense posed by otherwise unnecessary retention of any such leased equipment.

In support of the Motion, the Trustee states as follows:

## II.      STATEMENT OF FACTS

### A.      Background

On November 20, 2012, the plaintiff in the action styled *Green v. New England Compounding Pharmacy Inc., d/b/a New England Compounding Center*, Case No. 12-12121 (the "Green Action"), pending in this Court, filed a motion requesting that this Court adopt orders issued by the Superior Court in Middlesex County, Massachusetts to preserve evidence and to permit inspection of premises of NECC [Doc. No. 7 in Case No. 12-12121].

On November 29, 2012, this Court consolidated, for pretrial purposes only, various personal injury cases against NECC, including the Green Action, and established as the lead case the case styled *Erkan v. New England Compounding Pharmacy, Inc. et al.*, Case No. 12-12052, pending in this Court (the "Consolidated Litigations").

On November 28, 2012, during a hearing in the Consolidated Litigations, this Court directed the various parties in interest to propose an order to preserve, among other things, tangible things within the custody of NECC potentially relevant to the Consolidated Litigations [Doc. No. 69 in Case No. 12-12052]. This Court held a hearing on the Preservation Order on December 10, 2012 (the "Hearing"), and on December 13, 2012, this Court issued the Preservation Order in the Consolidated Litigations [Doc. No. 110 in Case No 12-12052]. During the Hearing, this Court noted that the Preservation Order will be subject to modification pending changed conditions. *See* Exhibit B for a true and correct copy of the transcript of the Hearing.

Subsequently, NECC filed a petition for relief under title 11 of the United States Code (the "Bankruptcy Code") on December 21, 2012 (the "Petition Date"), commencing its bankruptcy case (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"). Thereafter, on January 24, 2013, the Bankruptcy Court entered an order authorizing the appointment of a Chapter 11 Trustee. On January 25, 2013, Paul D. Moore was appointed as the Chapter 11 Trustee of NECC's estate. Pursuant to 11 U.S.C. § 323, the Trustee is the representative of NECC's bankruptcy estate and, as such representative, has the capacity to sue and be sued.

B.  **The Problem**

In connection with the operation of its business (prior to its closure), NECC entered into various leases with counterparties (the "Equipment Leases") under which it leased certain equipment ("Equipment"). A schedule of the Equipment is attached hereto as Exhibit A. The terms of the Equipment Leases require monthly payments for the Equipment to the respective lessors ("Equipment Lessors").[1]  NECC also entered into a real property lease (the "Real

---

[1] By filing this Motion, the Trustee neither concedes liability under or waives defenses to, and the Motion is without prejudice to, alleged obligations accruing either prior to or after the Petition Date and the effective date of rejection

Property Lease") for the lease of the premises formerly operated by NECC (the "Premises") from GDC Properties Management, LLC (the "Real Property Lessor"), which likewise obligates NECC to make monthly rental payments.

Some of the Equipment (*e.g.,* a compounder) appears to have been used by NECC in connection with its compounding activities and almost certainly must be preserved, at least for the time being, to preserve its evidentiary value. Other Equipment (*e.g.,* water coolers, postage meter) appears to be ordinary office equipment that has no evidentiary value. Still other Equipment (*e.g.,* copy machines and printers, a data terminal) in themselves appear to have no evidentiary value, but may store or access electronic data that should be preserved.

Following the outbreak of fungal meningitis allegedly due to contaminated pharmaceuticals (the "Outbreak") and the commencement of litigation across the country and investigations by government agencies in connection with the Outbreak, NECC ceased operations and commenced the Bankruptcy Case.

In addition to the Equipment, certain personal property of NECC (which is not leased) (the "Personal Property") is in the Trustee's custody throughout the Premises. The Trustee is not using the Premises, but under the Preservation Order the Trustee is prohibited from surrendering the Premises to the Real Property Lessor or consolidating all of the Personal Property and the Equipment to reduce the amount of space at the Premises that is needed to preserve tangible things pursuant to the Preservation Order.

While preservation of the Equipment prior to NECC's bankruptcy might not have been particularly burdensome (since presumably NECC would continue to use the Equipment, and operate at the Premises, before it terminated operations), now that NECC is not operating and not

---

under any unexpired leases and executory contracts to which NECC is a party, including, but not limited to, the payment of obligations pursuant to 11 U.S.C. §§ 365(d)(3), (5).

using the Equipment, the costs of preserving and retaining possession of the Equipment (which the United States Attorney, Plaintiffs' Lead Counsel and the Individual Defendants' Liaison Counsel, may no longer deem necessary) is burdensome and ultimately is at the expense of the very creditors who are the presumed intended beneficiaries of the Preservation Order in at least two identifiable respects.  First, the Trustee arguably may be obligated, pursuant to section 365(d)(5) of the Bankruptcy Code, to begin making payments to the Equipment Lessors.[2]  Second, section 365(d)(3) of the Bankruptcy Code[3] requires the Trustee to perform all obligations (with limited exceptions not relevant here) arising under the Real Property Lease after the Petition Date to the Real Property Lessor.  Thus, to comply with the Preservation Order, and subject to any and all defenses the Trustee may be able to assert, the Trustee may be required to expend limited available cash or incur obligations that have priority over payment to creditors both to the Equipment Lessors and to the Real Property Lessor to house the preserved Equipment at the Premises.

To eliminate unnecessary expense and/or the potential accrual of additional costs and the resulting obligations currently falling on the shoulders of personal injury claimants, the Trustee is filing the Motion in this Court, and, if this Motion is approved, companion motions in the Bankruptcy Court to reject relevant Equipment Leases and/or the Real Property Lease (collectively, the "Leases") under section 365 of the Bankruptcy Code.  Section 365 of the Bankruptcy Code permits a trustee to reject unexpired leases of a debtor in a bankruptcy case,

---

[2] "The trustee shall timely perform all of the obligations of [NECC] first arising from or after 60 days after the Petition Date. . . under an unexpired lease of personal property. . . until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof." 11 U.S.C. § 365(d)(5).

[3] "The trustee shall timely perform all the obligations of [NECC]. . . arising from and after the [Petition Date] under any unexpired lease of nonresidential real property, until such lease is assumed or rejected. . . ."

DM3\2491285.14

subject to approval by the Court.  11 U.S.C. § 365(a).[4]  Rejection of an agreement provides the Trustee with a powerful tool to maximize recovery to creditors, since rejection allows the Trustee to shed burdensome obligations of the estate.  *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984).  Accordingly, in order to terminate, as soon as possible, consistent with preserving evidence to the extent necessary, obligations under the Leases that lessors and the landlord may potentially seek from the Debtor pursuant to sections 365(d)(5) and 365(d)(3) of the Bankruptcy Code, the Trustee is seeking the ability to reject the Leases and the Real Property Lease in the Bankruptcy Case, with rejection effective retroactively to the Petition Date.

If the Bankruptcy Court authorizes the Trustee to reject a contract or lease, then "the contract is deemed breached on the date immediately before the [Petition Date] date, 11 U.S.C. § 365(g)(1), and the nondebtor party has a prepetition general unsecured claim for breach of contract damages, one not entitled to administrative priority."  *Mason v. Official Committee of Unsecured Creditors (In re FBI Distribution Corp.)*, 330 F.3d 36, 42 (1st Cir. 2003) (citations and internal quotations omitted).  Upon the effective date of the rejection, the Trustee's payment and other performance obligations under sections 365(d)(3) and (d)(5) terminate, and typically the automatic stay is terminated and the nondebtor lessors can recover possession of the Premises and Equipment, respectively.  *See, e.g.,* 11 U.S.C. § § 365(d)(4), (p)(1).

But for the Preservation Order, the Trustee's rejection of the Leases retroactively to the Petition Date would resolve the issue conclusively and preserve funds for the benefit of NECC's estate.  However, in connection with the Trustee's rejection of the Leases, the Trustee may need to provide the Equipment Lessors' access to recover possession of the Equipment, and make the Premises available to the Real Property Lessor for reletting.  The Preservation Order entered in

---

[4] "[T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).

the above-captioned litigations arguably prevents the Trustee from allowing third parties to recover the Equipment and removing the Personal Property (or moving it to another portion of the premises) because it requires the Trustee to preserve tangible things potentially related to discovery in litigation involving the Outbreak and to abstain from removing certain equipment from the facility's clean room.  The Preservation Order requires NECC to preserve, among other things, "tangible things that are, or are reasonably likely to be, relevant and/or subject to discovery in this litigation."  Preservation Order ¶ 2.  The Preservation Order also requires NECC to abstain from, among other things, removing "clean-room equipment … except at the direction of this Court or an appropriate governmental authority having jurisdiction over the matter."  Preservation Order ¶ 6.  The potential liability relating to the retention of the Equipment that the Trustee has a statutory right to avoid to protect creditors should not be unnecessarily borne by the claimants indirectly due to unintended consequences of the Preservation Order.  Nor should the Trustee be saddled with determining which Equipment is subject to the Preservation Order, rather than the United States Attorney, Plaintiffs' Lead Counsel and Individual Defendants' Liaison Counsel  who are the parties with the most interest relating to the Preservation Order.

  C.  **The Solution and Relief Requested**

The Trustee is seeking limited relief from the Preservation Order so that he can "shed burdensome contracts" and avoid unnecessary costs and expenses that ultimately inure only to the detriment of creditors.  *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51-2 (Bankr. S.D.N.Y. 2004); *accord Mason v. Official Comm. of Unsecured Creditors (In re FBI Distribution Corp.)*, 330 F.3d 36, 42 (1st Cir. 2003) (citing *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984)).  Pursuant to Fed. R. Civ. P. 60(b), the Trustee is seeking limited relief from the

Preservation Order that provides an orderly mechanism for the recovery of the Equipment and to reduce the amount of the Premises required by the Trustee, as follows:

    a.    The Preservation Order shall be modified to provide that nothing therein in any way restricts, limits or impairs the Trustee's ability to reject the Leases.

    b.    Nothing in the Preservation Order shall be deemed to impose upon the Trustee any obligation (including, without limitation, any payment obligation) to any Equipment Lessor or the Real Property Lessor (collectively, the "Lessors"), or to entitle any Lessor to payment or allowance of any claim or administrative expense in NECC's bankruptcy case or otherwise against NECC's bankruptcy estate, including, without limitation, arising after the effective date of any rejection of any Lease under section 365 of the Bankruptcy Code.

    c.    From and after the effective date of rejection of an Equipment Lease under section 365 of the Bankruptcy Code, each Equipment Lessor shall be solely responsible to third parties for, and shall be deemed to have indemnified the Trustee for, costs, fees and expenses related to the applicable Equipment (including costs to the Real Property Lessor for storage, rent and use and occupancy), and

    d.    From and after the effective date of rejection of an Equipment Lease under section 365 of the Bankruptcy Code, any Equipment Lessor seeking to recover possession of its Equipment ("Requesting Lessor") shall first make written request to the United States Attorney for the District of Massachusetts ("US Atty"), the Trustee, the Plaintiffs' Lead Counsel, the Individual Defendants' Liaison Counsel and the United States Trustee (collectively, the "Notice Parties"). Each of the Notice Parties shall have seven (7) days from the receipt of the request ("Response Deadline") to deliver a written response to the Requesting Lessor, with copies to all of the other Notice Parties. No Equipment shall be removed from the Premises if any of the Notice Parties object to the removal by the Response Deadline. In the event a Notice Party objects to the removal of Equipment, the Equipment at issue shall be subject to the restrictions set forth in the Preservation Order pending further order of this Court. Any removal of Equipment by a Requesting Lessor (or its designees) shall be at the sole cost and expense of the Requesting Lessor. The Requesting Lessor shall be deemed to have agreed to indemnify and hold the NECC estate harmless from any and all claims related to the Requesting Lessor's removal of Equipment.

    e.    Absent any objection by the Notice Parties, the Trustee shall be permitted to relocate any Personal Property that is the subject of the Preservation Order to a different area within the Premises without further order of this Court. In the event of any such objection, such Personal Property shall not be relocated without further order of this Court.

### III. ARGUMENT AND AUTHORITIES

#### A. Standard for Relief from a Preservation Order

The Preservation Order is akin to relief sought pursuant to a preliminary injunction. *See Waters v. Cafesjian Family Found., Inc.,* No. 12-648, 2012 U.S. Dist. LEXIS 98378, at *3-4 (D. Minn. June 27, 2012) (a motion seeking a preservation order is really a motion for preliminary injunction because it seeks injunctive relief); *Cf Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 147 (D. Mass. 2005) citing *Pueblo of Laguna v. United States,* 60 Fed. Cl. 133, 138 (2004) (adopting a streamlined test for preservation orders that requires the movant to demonstrate that the order is necessary and not unduly burdensome). The Court can "modify a preliminary injunction pursuant to Fed. R. Civ. P. 60(b)(5) where 'it is no longer equitable that the judgment should have prospective application' and there is a 'significant … change in operative facts.'" *S. New England Tel. Co. v. Global Naps Inc.*, 620 F. Supp. 2d 152, 154 (D. Mass. 2009), citing *Consilio de Salud Integral de Loiza, Inc. v. Perez Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008). During the Hearing, this Court noted that the Preservation Order is subject to modification pending changed conditions. Further, Fed. R. Civ. P. 60(b)(6) permits the Court to modify a preliminary injunction "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

#### B. Changed Circumstances Justify the Requested Modification of the Preservation Order

This Court can grant the Trustee relief from the Preservation Order because the limited relief the Trustee is seeking from the Preservation Order is justified in these circumstances. The termination by NECC of its operations, the commencement of the Bankruptcy Case and the appointment of the Trustee are all new facts. The Trustee can maximize the recovery to creditors in this case if he is able to manage the property of NECC's bankruptcy estate in a manner that is efficient and not burdensome. The proposed modifications to the Preservation Order operate to

9

ensure Equipment and Personal Property that truly must be preserved is, in point of fact, preserved, but without imposing potentially unnecessary costs on NECC's bankruptcy estate and its creditors to preserve those items that no longer need to be preserved. Modification of the Preservation Order as requested in the Motion is appropriate in light of the changed circumstances, and where the refusal to modify the Preservation Order may impose unduly burdensome and unnecessary costs and expenses on the Trustee. *See Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 147 (D. Mass. 2005) citing *Pueblo of Laguna v. United States,* 60 Fed. Cl. 133, 138 (2004).

Modification is particularly appropriate here, as failure to modify the Preservation Order harms the very parties who sought its entry in the first place. If for any reason the Trustee must pay costs or incur administrative expenses, these costs and expenses are paid in priority senior to payment to general creditors (such as the plaintiffs claim to be here). Thus, the requested relief benefits not only the Trustee, but all holders of allowed general unsecured claims in NECC's Bankruptcy Case as well.

Finally, given the passage of time since the Preservation Order was entered, circumstances have changed such that there may be little or no need to leave it in place, whether in whole or in part. On information and belief, all interested parties have had ample time and opportunity to inspect the premises and secure such evidence as they deemed necessary and appropriate. Meanwhile, in the course of time, the condition of the premises and related preserved property has changed, such that they likely have little, if any, evidentiary value with respect to their condition in or before October of last year, when NECC last operated and the premises were used and occupied on a day to day basis.

## **CONCLUSION**

For all the foregoing reasons, the Trustee respectfully requests that this Court enter the attached order granting limited relief from the Preservation Order, and granting such other and further relief as this Court deems just and proper.

Dated: May 13, 2013               Respectfully submitted,

                                  DUANE MORRIS LLP

                                  */s/ Michael R. Gottfried*
                                  Michael R. Gottfried
                                  (BBO #542156)

                                  100 High Street
                                  Suite 2400
                                  Boston, MA 02110-1724
                                  Phone: (857) 488-4200
                                  Email: mrgottfried@duanemorris.com

## **Exhibit A**

## **Schedule of Equipment**

## **Exhibit B**

**Transcript of Hearing**

DM3\2491285.14

**Proposed Order**