UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY CASES,<br><br>*THIS DOCUMENT RELATES TO*:<br><br>All Actions | )<br>)<br>)<br>)<br>)<br>)   Master Docket No. 12-cv-12052(FDS)<br>)<br>)<br>)<br>)<br>) |

### ORDER GRANTING LIMITED RELIEF
### FROM THE PRESERVATION ORDER AS TO
### NEW ENGLAND COMPOUNDING PHARMACY, INC.

Upon consideration of the *Chapter 11 Trustee's Motion for Entry of an Order Granting Limited Relief from the Preservation Order as to New England Compounding Pharmacy, Inc.* (the "<u>Motion</u>"), for entry of an order granting the Trustee limited relief from certain provisions of the *Order as to the Preservation of Potential Evidence by New England Compounding Pharmacy, Inc.* (the "<u>Preservation Order</u>"); and this Court having found that notice of the Motion is proper and that no further notice is necessary or appropriate; and it further appearing that the relief requested in the Motion is in the best interest of NECC, its estate, creditors, claimants and parties-in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

1. **ORDERED**, that the Motion is granted; and it is further

2. **ORDERED**, that the Preservation Order is modified to add the following provisions:

    a. Nothing in this order in any way restricts, limits or impairs the Chapter 11 Trustee's ability to reject unexpired leases of NECC.

    b.    Nothing in this order shall be deemed to impose upon the Chapter 11 Trustee any obligation (including, without limitation, any payment obligation) to any lessor of equipment or the lessor of the premises operated by NECC (collectively, the "Lessor(s)"), or to entitle Lessor to any claim or administrative expense in NECC's bankruptcy case or otherwise against NECC's bankruptcy estate, including, without limitation, arising after the effective date of any rejection of any unexpired lease of NECC by the Chapter 11 Trustee under section 365 of the Bankruptcy Code.

    c.    From and after the effective date of rejection of an equipment lease under section 365 of the Bankruptcy Code, each lessor of Equipment shall be solely responsible to third parties for, and shall be deemed to have indemnified the Chapter 11 Trustee for, costs, fees and expenses related to the applicable equipment (including costs to the lessor of the premises for storage, rent and use and occupancy).

    d.    From and after the effective date of rejection of an equipment lease under section 365 of the Bankruptcy Code, any lessor seeking to recover possession of its equipment ("Requesting Lessor") shall first make written request upon the United States Attorney for the District of Massachusetts ("US Atty"), the Chapter 11 Trustee, the Plaintiffs' Lead Counsel, the Individual Defendants' Liaison Counsel and the United States Trustee (collectively, the "Notice Parties"). Each of the Notice Parties shall have seven (7) days from the receipt of the request ("Response Deadline") to deliver a written response to the Requesting Lessor, with copies to all of the other Notice Parties. No equipment shall be removed from the Premises if any of the Notice Parties object to the removal by the Response Deadline. In the event any of the Notice Parties object to the removal of equipment, the equipment at issue shall be subject to the restrictions set forth in the Preservation Order pending further order of this Court. Any removal of equipment by a Requesting Lessor (or its designees) shall be at the sole cost and expense of the Requesting Lessor. The Requesting Lessor shall be deemed to have agreed to indemnify and hold the NECC estate harmless from any and all claims related to the Requesting Lessor's removal of equipment.

    e.    Absent any objection by the Notice Parties, the Trustee shall be permitted to relocate any Personal Property that is the subject of the Preservation Order to a different area within the Premises without further order of this Court. In the event of any such objection, such Personal Property shall not be relocated without further order of this Court.

Dated: May __, 2013
       Boston, Massachusetts

                                       Judge F. Dennis Saylor
                                       United States District Court Judge