```
_____x
IN RE: NEW ENGLAND                      )        Master Docket No.
COMPOUNDING PHARMACY CASES              )        13-md-2419-FDS
_____ )
This Document Relates to:               )
                                        )
ALL CASES                               )
_____x
```

## STATEMENT OF INTEREST BY THE UNITED STATES OF AMERICA

The United States respectfully submits this statement of interest in connection with the Trustee's motion (Docket No. 147) for relief from a Protective Order presently in effect and docketed in Erkan v. New England Compounding Pharmacy, Civil Action No. 12-12052-FDS (Docket No. 110), requiring preservation of potential evidence by New England Compounding Pharmacy, Inc.  The Trustee's motion is presented to the Court in tandem with a parallel filing in the United States Bankruptcy Court for the District of Massachusetts, seeking authority under 11 U.S.C. § 365, for the Trustee to reject a number of leases entered into by and between NECC and various counterparties to the Leases pursuant to which NECC leased various equipment and real property (the Subject Property).

The United States is a party neither to this civil action, nor to the Bankruptcy Court proceeding; as referenced in prior filings, however, this Office and its law enforcement partners are actively investigating allegations concerning NECC, and this investigation presently implicates the full panoply of remedies available to the United States.  For that reason, while, owing to its non-party status, the United States takes no formal position on the motion, it writes briefly to present its views with respect to the potential impact of the requested relief on the government's investigation, and to respectfully propose a methodology whereby the Trustee's

1

concerns can properly be accommodated, without adverse impact on any future enforcement action by the Government.

**A. The Trustee's Proposal.**

As proposed by the Trustee, upon rejection of any lease for Subject Property, the lessor of the property would have the ability, just as in any bankruptcy proceeding, to reclaim or (in the case of the rented real property) re-let their property, provided that limited relief from the Court's existing Protective Order is granted. The Trustee proposes that, before reclamation or re-leasing could occur, that the Plaintiffs, the United States Trustee, and the Office of the United States Attorney would receive notice from any lessor seeking to reclaim property, and effectively offered the opportunity to oppose the disposal or release of the property through interposition of an objection within seven days of such notice. See Trustee's May 13, 2013 Motion For Relief From Protective Order (Docket No. 147) at 2; Memorandum of Law in Support of Motion For Relief From Protective Order (Docket No. 148) at 8, ¶d.

**B. The Need for the Property in Connection With the United States' Investigation and Subsequent Potential Proceedings.**

At the present time, the United States has conducted necessary inspection and testing at the NECC facility, and its ongoing investigation does not require continued retention of physical evidence that remains at the NECC site; accordingly, even in the absence of the current Protective Order, the United States would not, based on information now known to it, affirmatively seek separate relief requiring retention or preservation of the NECC facility or the equipment covered by the Trustee's motion, nor would it exercise the right to request retention of property under the regime proposed by the Trustee.

As the government's investigation remains ongoing, however, the United States has a collateral concern, which it believes appropriate to bring to the Court's attention. To the extent

that the government's investigation might in future result in the preferment of criminal charges or the filing of civil claims, the specific identities of the charged or named individuals or entities will not be known with specificity until the close of the investigation and a formal decision as to what form any claims by the United States should take.  While some potential defendants to such future actions may be aware of, or party to, the presently pending private civil actions which are before this Court, others may not.  Accordingly, to the extent any potential criminal or civil defendant may in future assert that access to or testing of the Subject Property is relevant or essential to their defense, the United States wishes to make clear that any disposal of property is at the Trustee's, and not the government's, behest.  At the same time, the United States does not believe it appropriate to bar the disposal of property that it no longer requires to be retained for the purposes of its investigation.

Accordingly, to accommodate these potential concerns, and in an abundance of caution, the United States respectfully suggests that, prior to any modification or abrogation of the Protective Order, the Court direct the Trustee to issue notice of the proposed rejection of leases and the resulting potential repossession of the Subject Property by its lessors, so that any interested party may lodge an appropriate objection or application with the Court.  The United States would respectfully suggest that such notice will be provided to all parties to the pending private civil actions by means of the present motion practice, and should additionally be made, by the Trustee, to other individuals identified in writing by the United States to the Trustee, as well as by publication in a newspaper of general circulation selected by the Court, in a manner similar to that provided by Rule C(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The Court could then specify a set period for recipients of such notice to be heard, after which the Protective Order could be lifted as to items of Subject

Property for which leases have been rejected, or could be retained in cases where an individual made a claim for retention that the Court finds meritorious.

The United States respectfully submits that the proposed procedure will appropriately balance the interest of the Trustee in not unduly burdening the Bankruptcy Estate with unnecessary financial obligations, while at the same time ensuring that any interested party who believes themselves to have an actual or potential evidentiary interest in the Subject Property to request the retention of the Court's Protective Order with respect to whatever items or real estate they deem appropriate.

Dated: May 14, 2013
      Boston, Massachusetts

                                    Respectfully submitted,

                                    CARMEN M. ORTIZ
                                  United States Attorney

           By:           */s/ Zachary A. Cunha*
                              Zachary A. Cunha
                              Assistant U.S. Attorney
                              John Joseph Moakley U.S. Courthouse
                              1 Courthouse Way, Suite 9200
                              Boston, MA 02210
                              (617) 748-3387
                              Zachary.Cunha@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by First Class Mail.

Dated: May 14, 2013

                                            */s/ Zachary A. Cunha*
                                            Zachary A. Cunha
                                            Assistant United States Attorney