UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: <br>     All Cases | ) <br> ) <br> ) <br> ) MDL No. 1:13-md-2419-FDS <br> ) <br> ) <br> ) <br> ) |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES <br><br> This Document Relates to: <br>     All Cases | ) <br> ) <br> ) <br> ) Master Docket No. 12-12052-FDS <br> ) <br> ) <br> ) |

**POST-HEARING MEMORANDUM OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION TO TRANSFER PERSONAL INJURY TORT AND WRONGFUL DEATH CASES TO THIS COURT PURSUANT TO 28 U.S.C. § 157(b)(5) AND 1334**

The Official Committee of Unsecured Creditors (the "Official Committee") in the Chapter 11 case (the "Chapter 11 Case") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECP" or the "Debtor"), by and through its undersigned counsel, respectfully submits this Post-Hearing Memorandum (the "Memorandum") pursuant to which the Official Committee joins the *Trustee's Post-Hearing Memorandum in Support of the Chapter 11 Trustee's Motion to Transfer Personal Injury Death Cases to this Court Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334* (the "Trustee's Memorandum") and provides additional arguments in support of the *Chapter 11 Trustee's Motion to Transfer Personal Injury Death Cases to this Court Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334* (the "Trustee's Transfer Motion"). In support of this Memorandum, the Official Committee respectfully states as follows:

**I.     Increasing Indemnity And Contribution Claims Against The Estate Will Likely Dilute Distributions To Tort Claimants**

1.     At the May 14th hearing (the "Hearing"), this Court posed several questions to the Trustee's counsel regarding the potential effects of contribution and indemnity claims against NECP, particularly in connection with the consequences of allowing plaintiff claims against non-Debtors (who are potentially liable for injuries resulting from the contamination of NECP products) to continue to be prosecuted in state courts outside of the centralized control and supervision of this Court.  The Official Committee respectfully submits that the increase in the number and amounts of indemnity and contribution claims against NECP resulting from the continued prosecution of these cases in state courts – including the fact that these claims will have the likely effect of diluting distributions to tort claimants in the Chapter 11 Case – require the centralization (and resulting control and supervision) of all actions in this Court, as explained more fully below, in the Trustee's post-hearing submission to this Court and in the Trustee's and Official Committee's prior submissions to this Court.

2.     At the Hearing, the Official Committee raised Bankruptcy Code Sections 509(c) and 510, and per this Court's authorization to submit supplemental briefing, the Official Committee hereby expands on the impact and meaning of these sections, as well as Bankruptcy Code Section 502(e), in the context of this particular case.

3.     If the Court does not grant the Trustee's Transfer Motion, the Trustee and the Official Committee will be compelled to monitor actions against non-Debtor third parties in other forums, because an excessive judgment in another court would impair the Trustee's ability to make fair and equitable distributions to creditors in the Chapter 11 Case, many of whom are tort victims in this MDL Proceeding.  To the extent that tort victims obtain and satisfy judgments against non-Debtor third parties, those entities would have indemnity or contribution claims

against the estate that would likely rank equally with the claims of other unsecured creditors, including tort victims, thereby reducing recoveries to these and other creditors.

4.       A review of several sections of the Bankruptcy Code assists in understanding the relative priorities of non-Debtor third parties as compared to other claimants.   Read together, Bankruptcy Code Sections 502(e)[1] and 509(c)[2] require a non-Debtor third party who is "co-liable" with the debtor to elect either (i) a claim for reimbursement or contribution under Bankruptcy Code Section 502 (where a claim is allowed if and when it becomes fixed and non-contingent), or (ii) subrogation under Bankruptcy Code Section 509(c) (which would permit the non-Debtor third party to assert the tort victim's claim).   See 11 U.S.C. § 502(e); 11 U.S.C. § 509(c); see also 4 Collier on Bankruptcy ¶ 502.06[2][e].   In either case, the non-Debtor third party's claim will be subordinated to the underlying tort victim's claim, but only until that tort victim's claim is paid in full.   See 11 U.S.C. § 509(c).

---

[1]       Pursuant to Bankruptcy Code Section 502(e):

(1) Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—

     (A) such creditor's claim against the estate is disallowed;
     (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or
     (C) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

(2) A claim for reimbursement or contribution of such an entity that becomes fixed after the commencement of the case shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of the filing of the petition.

11 U.S.C. § 502(e).

[2]       Bankruptcy Code Section 509(c) provides "[t]he court shall subordinate to the claim of a creditor and for the benefit of such creditor an allowed claim, by way of subrogation under this section, or for reimbursement or contribution, of an entity that is liable with the debtor on, or that has secured, such creditor's claim, until such creditor's claim is paid in full, either through payments under this title or otherwise."  11 U.S.C. § 509(c).

5.      Pursuant to Bankruptcy Code Section 502(e), the bankruptcy court must disallow "any claim for reimbursement or contribution" by an entity co-liable with the debtor to the extent (A) the creditor's claim has been disallowed; (B) the claim for reimbursement or contribution is contingent at the time of allowance of disallowance of the claim; or (C) the entity asserts a right of subrogation under Bankruptcy Code Section 509(c).  See 11 U.S.C. § 502(e).  The purpose of the contingent claim disallowance provision of Bankruptcy Code Section 502(e)(1)(B) is to eliminate the risk of double recovery against a debtor that could otherwise result if the underlying creditor was permitted to recover its full allowed claim and the party seeking contribution or reimbursement were allowed to recover on its claim even if it remained contingent.  S. Rep. No. 95-989, at 65 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5851 (explaining that Bankruptcy Code Section 502(e)(1)(B) was drafted to "prevent[] competition between a creditor and his guarantor for the limited proceeds in the estate").  Thus, if a claim for contribution or reimbursement has become fixed and non-contingent by the time its allowance is considered, it is allowable.

6.      It is notable that nothing in the Bankruptcy Code requires that allowance of all claims be decided prior to confirmation of a plan.  Indeed, in many cases claim resolution continues well beyond confirmation, and courts frequently consider questions as to whether claims for reimbursement or contribution are contingent under Bankruptcy Code Section 502(e) well after plan confirmation.  See, e.g., Sorensen v. Drexel Burnham Lambert Grp. (In re The Drexel Burnham Lambert Grp.), 146 B.R. 92 (S.D.N.Y. 1992) (considering disallowance of indemnification claim).  And even if a claim is disallowed as contingent pursuant to Bankruptcy Code Section 502(e)(1)(B), there is a possibility under Bankruptcy Code Section 502(j) that it might be reconsidered when the contingency is resolved.  See In re Drexel Burnham Lambert

Grp., 148 B.R. 982, 991 (Bankr. S.D.N.Y. 1992) (disallowing reimbursement claim but holding disallowance was subject to the right to have the disallowed claim reconsidered if the contingency was resolved in the future).

7.      For these reasons, any plan of reorganization likely will need to contain reserves to pay any contingent claims that subsequently become fixed.   Moreover, the necessity to maintain these reserve funds may prohibit the Trustee from making interim distributions on any claims, until all contingent claims are allowed or disallowed.   While the Bankruptcy Code does permit claim estimation for purposes of voting or distribution, see 11 U.S.C. § 502(c), bankruptcy courts rarely exercise such authority with respect to distribution.   Indeed, estimation is only appropriate when it would "unduly delay the administration of the case."  11 U.S.C. § 502(c).[3]   Thus, the very existence of contingent claims as of plan confirmation will likely delay distributions to any unsecured creditors until these claims have been resolved.   Transferring all of the cases to this Court will ensure that this Court may monitor, control and supervise the progress of all actions, including those that may lead to contingent claims in the Chapter 11 Case.

8.      Bankruptcy Code Section 509(c) is also necessary to an understanding of the treatment of claims for reimbursement and contribution.   Pursuant to Bankruptcy Code Section 509(c), the bankruptcy court will subordinate the claim of a *co-liable party* against the estate, such as a subrogation claim or the indemnity or contribution claim of a non-Debtor third party, to the claim of an underlying creditor such as a tort claimant *until the creditor is paid in full*.   See

---

[3]      To the extent that claims are disallowed under Bankruptcy Code Section 502(e)(1)(B), estimation may not be available.   See, e.g., Drexel Burnham, 148 B.R. at 991 ("[T]he claim may be estimated only if it is not disallowed by § 502(e)(1)(B).").

11 U.S.C. § 509(c); see also 4 Collier on Bankruptcy ¶ 509.04.[4]  Accordingly, if the holder of a

tort claim receives satisfaction of his claim – through a judgment or potentially even a settlement

against a jointly liable indemnity/contribution claimant – the indemnity/contribution claim is not

subordinated.   By way of example, if a tort claimant were to receive and be paid on a judgment

against a non-Debtor third party, jointly, by way of a jury verdict, the tort claimant arguably

would have received the full payment to which he was entitled (i.e. "paid in full"), and when the

non-Debtor third party filed an indemnity or contribution claim against NECP, that claim would

be pari passu (i.e. rank equally) to the claims of all other creditors.   That would then dilute

distributions to all other unsecured creditors, including other tort claimants.   Likewise, if the

non-Debtor third party were permitted to assert the claims of the underlying tort claimant

through subrogation, that claim would have a similar dilutive effect on other unsecured creditors,

notwithstanding that the underlying tort claimant herself received full payment.   Thus, under any

scenario, judgments against certain non-Debtor third parties may provide for full judgments to

some individual plaintiffs, while reducing the recovery of all other claimants in NECP's Chapter

11 Case.

---

[4]       Bankruptcy Code Sections 502(e) and 509(c) have been held to apply wherever there is "a shared liability to the same party on the same claim" by the debtor and the claimant.   See 4 Collier on Bankruptcy ¶ 502.06[2][b]; see also In re Baldwin-United Corp., 55 B.R. 885, 890 (Bankr. S.D. Ohio 1985) ("The phrase, 'an entity that is liable with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever its basis.").   Thus, courts have applied those provisions to tort-based claims.   See Juniper Dev. Grp. v. Kahn (In re Hemingway Transport, Inc.), 993 F.2d 915, 924 (1st Cir. 1993) (applying Bankruptcy Code Section 502(e)(1)(B) to "joint and several" tort-based obligations).   However, claims for "indemnification" of legal fees have been held to be outside the restrictions of Bankruptcy Code Sections 502(e) and 509(c), as the liability for such fees does not have its "origins in a primary liability to the underlying [t]ort [p]laintiff."   See In re Chemtura Corp., 436 B.R. 286, 296 (Bankr. S.D.N.Y. 2010); but see Drexel Burnham, 146 B.R. at 97 (finding that defense costs and the underlying action for indemnification were "simply different facets of the same unified whole", thus they all fell under Bankruptcy Code Section 502(e)(1)(B)).

9.      Although the rule is typically that contribution and reimbursement claims are treated *pari passu* where the underlying creditor's claim is paid in full, Bankruptcy Code Section 510(c)[5] does permit the Bankruptcy Court to equitably subordinate contribution and reimbursement claims after a trial on an adversary proceeding (a plenary action) against the subject creditor against whom subordination is sought. However, in order to equitably subordinate a claim, (i) the claimant must have engaged in inequitable conduct; (ii) the misconduct must have led to injury to creditors or given an unfair advantage to the claimant; and (iii) equitable subordination of the claim must not be inconsistent with the Bankruptcy Code. See Merrimac Paper Co. v. Harrison (In re Merrimac Paper Co.), 420 F.3d 53, 59 (1st Cir. 2005); see also In re Mobile Steel Co., 563 F.2d 692 (5th Cir. 1977).  Thus, in order to equitably subordinate indemnification and contribution claims to those of tort claims, the Trustee would be required to litigate in a plenary action whether, with respect to *each* indemnity/contribution claimant, the circumstances of each such claimant's conduct satisfy the Mobile Steel test at the expense of the estate and other creditors.

10.     These provisions regarding contribution and indemnification claims create ample opportunities for litigation and uncertainty, increasing the cost to the estate if they are not controlled and supervised by this Court through centralization in this MDL proceeding.  For example, there may be disagreement as to whether judgments with third parties satisfy the "paid in full" requirement pursuant to Section 509(c) such that the non-Debtor third party's claim is

---

[5]      Under Bankruptcy Code Section 510(c), "…after notice and a hearing, the court may—

   (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of an allowed interest; or

   (2) order than any lien securing such a subordinated claim be transferred to the estate.

11 U.S.C. § 510(c).

subordinated.  Or there may be issues as to whether such claims may be disallowed as contingent before there is any opportunity provided to resolve the contingency.  Finally, litigation as to equitable subordination will cause the estate to incur significant additional expense, particularly in light of its highly fact-specific nature.

## II.      The Court Has A Limited Ability To Control Discovery Of NECP

11.      If this Court were to deny the Trustee's Transfer Motion, and the state court actions were permitted to go forward against non-Debtor third parties, this Court would have very little ability to control discovery in those actions, including discovery against NECP.  The automatic stay imposed by NECP's Chapter 11 Case would not prevent discovery against the Debtor in connection with cases in which the Debtor is not a party.  See 3 Collier on Bankruptcy ¶ 362.03 ("Litigation in which the debtor is not a party and that only collaterally affects the debtor is not stayed.  For example, discovery against the debtor in an action against defendants other than the debtor is not stayed.") (citing In re Carlson, 265 B.R. 346 (Bankr. D.R.I. 2001)).  The only opportunity the Trustee would have to affect discovery would be through individual plenary actions, typically brought before the Bankruptcy Court, against the parties seeking discovery, by which NECP would argue that the discovery would adversely affect the debtor's estate, frustrate the statutory scheme embodied in the Bankruptcy Code or interfere with the debtor's efforts to reorganize.  See, e.g., 11 U.S.C. § 105(a); North Star Contracting Corp. v. McSpedon (In re North Star Contracting Corp.), 125 B.R. 368, 370-71 (S.D.N.Y.1991) (staying action against non-debtor president of debtor when, among other things, continuation of action would distract vital non-debtor and there was no distinct cause of action against him, but merely an action commenced solely to circumvent the stay).  Forcing the Trustee to either submit to discovery or engage in multiple, contentious and highly-litigated suits over extension of the

bankruptcy stay will cause significant expense to the estate.  If instead the cases were transferred to this Court, this Court could control and supervise discovery through case management orders, similar to those that have already been entered in this case.

12.     Any discovery sought from the Trustee by a plaintiff in an action not transferred to this Court (a "<u>Non-Transferee Plaintiff</u>") would be conducted exclusively through the state court letter rogatory process, over which the Court could exercise little or no control.

13.     Under this process, a Non-Transferee Plaintiff would request that the court in which its action is pending issue a letter rogatory.  The Non-Transferee Plaintiff would then file an application in Massachusetts state court based on the letter rogatory, seeking an order allowing discovery to be conducted within the Commonwealth.  <u>See</u> G.L. c. 233, § 45; G.L. c. 233A, § 11.  The state court would then rule on the application and, if it were granted, notice would be provided only to the parties to the out-of-state action.  <u>See</u> G.L. c. 233A, § 11.

14.     In addition to limiting this Court's much-needed control over discovery sought from the Trustee, the use of the letter rogatory process would no doubt lead to waste and duplication of effort.  Not only would the Trustee have to provide documents and testimony that would likely otherwise be produced in this case, but the Trustee would be subject to individual, uncoordinated letter rogatory applications from each Non-Transferee Plaintiff.

15.     This an unreasonable burden to place on the Trustee, who will otherwise be involved in intensive discovery overseen by this Court.  Moreover, it would result in an unjustified waste of the limited resources remaining in the Debtor's estate.  In addition, discovery as to NECP's affiliates, shareholders, directors and other related parties located in Massachusetts would likely also be subject to the above process.  This would inevitably increase indemnification claims against the estate.

16.     The Official Committee, seeking not only this Court's coordination of discovery but also to avoid unnecessary waste, believes this is a further reason to grant the Trustee's Transfer Motion.

### III.    The Mechanics Of Transferring Cases To This Court

17.     The Official Committee also wishes to address the mechanics of transfer, as discussed at the Hearing.   If this Court grants the Trustee's Transfer Motion, the Official Committee suggests the following process.

18.     This Court would first enter an order (the "Transfer Order") pursuant to 28 U.S.C. § 157(b)(5) transferring the cases listed in the Trustee's *Notice of Filing of Second Amended Schedule of Pending Actions* [Case No. 13-2419, Dkt. No. 92].   See *Order Granting Petition of Debtors-in-Possession Pursuant to 28 U.S.C. § 157(b)(5)*, In re Metabolife Int'l, Inc., Case No. 05-01802 [Dkt. No. 29] (S.D. Cal. Nov. 3, 2005) attached hereto as **Exhibit A**; see also *Opinion and Order*, In re Twin Labs. Inc., Case No. M-47 (S.D.N.Y. Nov. 3, 2003) attached hereto as **Exhibit B**.

19.     Pursuant to the Transfer Order, this Court would approve the form *Notice of Removal and Transfer Pursuant to 28 U.S.C. § 157(b)(5)* (the "Notice") attached hereto as **Exhibit C**.   The Trustee would file the Notice in this Court to effect removal of all future cases filed in various state courts throughout the country.

20.     Alternatively, if needed, this Court could enter a supplemental order (the "Supplemental Order") identifying the specific actions to be transferred to this Court.   See *Supplemental Order Regarding Transfer of Cases Pursuant to 28 U.S.C. § 157(b)(5)*, In re Metabolife Int'l, Inc., Case No. 05-01802 [Dkt. No. 31] (S.D. Cal. Dec. 5, 2005) attached hereto as **Exhibit D**.

21.     Lastly, the Official Committee wishes to emphasize that the Transfer Order would, per the Trustee's representation, transfer cases to this Court for discovery purposes only. See *Memorandum of Law in Support of Chapter 11 Trustee's Motion to Transfer Personal Injury Tort and Wrongful Death Cases to this Court Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334* [Case No. 13-2419, Dkt. No. 38] at 8 (cases are coordinated for pretrial purposes); *Omnibus Memorandum in Reply to Various Oppositions and In Further Support of Chapter 11 Trustee's Motion to Transfer* [Case No. 13-2419, Dkt. No. 146] at 12 ("parallel state court actions threaten not only to undermine this Court's ability effectively to manage discovery and pretrial proceedings but also, ultimately, to achieve global settlement"); see also *Joinder of the Official Committee of Unsecured Creditors to (I) the Trustee's Motion to Transfer Personal Injury Tort and Wrongful Death Cases to this Court Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334 and (II) the Trustee's Memorandum in Opposition to Motion for Mandatory Abstention and In Further Support of Motion to Transfer All Related Actions to the District of Massachusetts* [Case No. 13-2419, Dkt. No. 138] at 6.

22.     At the proper time or if particular circumstances of their case warranted transfer, the parties can move this Court for appropriate relief.  Depending on the circumstances, parties would have the authority to move, with (or even without) the Trustee's consent, for an order

transferring or remanding the case back for trial to the initial transferor court.  See 28 U.S.C. § 157(b)(5);[6] 28 U.S.C. § 1334(c)(1);[7] 28 U.S.C. § 1404(a);[8] 28 U.S.C. § 1406(a);[9] 28 U.S.C. § 1452(b).[10]  Both 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452, as equitable remedies, would permit this Court to transfer cases from this Court back to individual state courts directly.

23.     Contrary to the suggestion of counsel for the Roanoke Plaintiffs during argument before the Court on May 14, 2013, transfer would not impair those plaintiffs' due process rights or rights to a jury trial.  See Transcript of Status Conference/Motion Hearing at 53:20-24.  Per the Trustee's Transfer Motion, transfer to this Court would be for purposes of discovery and case administration during this phase of the litigation.  Simply put, the transferred cases would be supervised, coordinated and controlled in the same manner as the cases presently before this Court in the MDL Proceeding and would be returned to their home jurisdictions for trial in the event that they were not resolved here in coordination with the Debtor's Chapter 11 Case in the manner articulated in the Trustee's submissions.  It should be noted that even if the cases were transferred to this Court *for all purposes* pursuant to Bankruptcy Code Section 157(b)(5) – which is allowed by that section but beyond the relief sought by the Trustee – the plaintiffs in the

---

[6]     28 U.S.C. § 157(b)(5): "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

[7]     28 U.S.C. § 1334(c)(1): "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court, in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

[8]     28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[9]     28 U.S.C. § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

[10]    28 U.S.C. § 1452(b): "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

transferred cases would, of course, continue to have their right to a jury trial before this Court. 28 U.S.C. § 157(b)(5); 28 U.S.C. § 1411.

24.     The Official Committee believes that this would be an appropriate process in order to expeditiously and efficiently transfer all cases to this Court.

## **CONCLUSION**

For the reasons set forth herein and in all the submissions made by the Trustee and the Official Committee in connection with the Trustee's Transfer Motion, the Official Committee respectfully requests that this Court grant the Trustee's Transfer Motion.

Dated: May 20, 2013
      Boston, Massachusetts

**BROWN RUDNICK LLP**

By:  /s/ William R. Baldiga
William R. Baldiga, Esq. (BBO #542125)
Rebecca L. Fordon, Esq. (BBO #664578)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
rfordon@brownrudnick.com

and

David J. Molton, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

## CERTIFICATE OF SERVICE

I, Carol S. Ennis, hereby certify that on May 20, 2013, I caused a copy of the foregoing Post-Hearing Memorandum of the Official Committee of Unsecured Creditors in Support of Chapter 11 Trustee's Motion to Transfer Personal Injury Tort and Wrongful Death Cases to this Court Pursuant to 28 U.S.C. § 157(B)(5) and 1334 to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.

Dated: May 20, 2013
Boston, Massachusetts                    /s/ Carol S. Ennis
                                         Carol S. Ennis

61162684

# **EXHIBIT A**

















JAH    11/4/05    12:04

3:05-CV-01802    METABOLIFE INTL INC V.

*29*

*O.*

05 NOV -3 AH 8: 22

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 05cv1802-IEG(RBB) |
| METABOLIFE INTERNATIONAL, INC. and ALPINE HEALTH PRODUCTS, LLC, | Order Granting Petition of Debtors-in-Possession Pursuant to 28 U.S.C. § 157(b)(5) [Doc. No. 1] |
| Debtors/Petitioners, | |

Debtors-in-possession Metabolife International, Inc. ("Metabolife") and Alpine Health Products, LLC ("Alpine Health") (together with Metabolife, the "Debtors-in-Possession"), petition the Court pursuant to 28 U.S.C. § 157(b)(5) for an order determining that personal injury tort and wrongful death ("PITWD") claims, which cannot be tried in a bankruptcy court, shall be heard in this district court rather than in state and federal courts throughout the country. Debtors-in-Possession also seek related ancillary relief as necessary to implement the transfer the cases to this Court. Debtors-in-Possession do not, at this time, seek transfer of the approximately 200 MDL Actions currently pending before the Southern District of New York to this Court for pretrial management. Debtors-in-Possession, however, do seek immediate transfer of all other non-MDL PITWD actions to this Court. Debtors-in-Possession have served a copy of their petition upon counsel for all interested parties, including counsel for all PITWD plaintiffs.

- 1 -

29

05cv1802

1       Metabolife's sole shareholders, Michael Blevins, William Bradley, and Michael Ellis, have

2  joined in the petition. These parties, however, additionally ask the Court to immediately transfer to

3  this Court all Ephedra Actions, including those which are part of the S.D.N.Y. MDL Action.

4       The Official Committee of Unsecured Creditors ("Committee"), appointed in the

5  coordinated Metabolife and Alpine Health bankruptcy actions, has filed a limited opposition. The

6  Committee argues that although this Court should be designated as the proper forum for trial of all

7  PITWD ephedra actions, the existing MDL Transfer Order, as well as the "tag-along" requirements

8  of MDL Rules 1.1 and 7.4, require that all actions, once removed to this District, be transferred to

9  the MDL Proceedings for all pretrial management purposes. The Committee, therefore, opposes

10  the shareholders' proposal to immediately transfer the MDL Actions to this Court.

11       Oppositions have been filed by Christopher Harris, and Jerome and Susana Kreutzer, who

12  have PITWD actions pending before the San Diego County Superior Court as part of coordinated

13  proceeding JCCP 4360. An opposition has also been filed by certain doctors who are defendants to

14  a PITWD action that was made part of the S.D.N.Y. MDL Action.

15       The Plaintiffs' Coordinating Committee ("PCC") of the S.D.N.Y. Ephedra MDL Action

16  also filed a late "response" to Metabolife's petition. In that "response" the PCC asks the Court to

17  transfer all the "adversary proceedings" involving PITWD claims against Metabolife to the MDL

18  Judge in S.D.N.Y. pursuant to 28 U.S.C. § 1412. Debtors-in-Possession have filed a consolidated

19  reply responding to the arguments of each of these parties.

20       A hearing was held before Chief Judge Irma E. Gonzalez on October 24, 2005. Robert

21  Barnes appeared on behalf of Debtors-in-Possession. Victor Vilaplana and Peter Gurfein appeared

22  on behalf of shareholders Michael Blevins, William Bradley, and Michael Ellis. David Molton and

23  Christine Bauer appeared on behalf of the Official Committee of Unsecured Creditors. Laura

24  Taylor appeared on behalf of the Unofficial Retailers' Committee. Fernando DeLeon, Edward

25  Blizzard, and Anne Andrews appeared on behalf of the Ephedra MDL Plaintiffs' Coordinating

26  Committee. Steven Siskos appeared on behalf of the JCCP Plaintiffs' Coordinating Committee.

27  Manuel Corrales appeared on behalf of San Diego Superior Court Plaintiffs Jerome and Susana

28  Kreutzer. Thomas Tosdal appeared on behalf of San Diego Superior Court Plaintiff Christopher

1  Harris.  Lisa Ackley appeared on behalf of third party Chemins.  Paul LaScala appeared on behalf

2  of third party Wal-Mart.

3  *Background*

4  Debtors-in-Possession filed a petition for bankruptcy under chapter 11 of the Bankruptcy

5  Code in the United States Bankruptcy Court for the Southern District of California on June 30,

6  2005 (Case No. 05-06040).  Those bankruptcy proceedings are being jointly administered by Chief

7  Bankruptcy Judge John Hargrove .  At the time the bankruptcy petitions were filed, approximately

8  362 ephedra-based personal injury tort and wrongful death ("PITWD") actions were pending

9  against Metabolife and/or Alpine Health in state and federal courts.  These PITWD cases allege

10  injuries resulting from the purchase and use of Metabolife's products that contained ephedra.

11  Approximately 200 Ephedra Actions have been transferred to the District Court for the

12  Southern District of New York pursuant to an April 13, 2004 MDL Transfer Order.  Judge Jed S.

13  Rakoff is presiding over the consolidated pretrial management of the MDL claims.  In addition,

14  there are approximately 90 actions pending before California state courts which have been

15  coordinated by the Judicial Council of California ("JCCP") in a single proceeding in the San Diego

16  County Superior Court before Judge Ronald Styn.[1]  There are approximately 73 additional actions

17  pending in various state or federal courts around the country.  In addition to Metabolife and Alpine

18  Health, many of the Ephedra Actions name other parties with a connection to Metabolife, such as

19  retailers or entities that sold Metabolife products to the users, manufacturers of Metabolife

20  products, distributors, and Metabolife's shareholders.

21  After Metabolife and Alpine filed their bankruptcy petitions on June 30, 2005, the

22  bankruptcy court appointed an Official Committee of Unsecured Creditors ("Committee") under

23  11 U.S.C. § 1102.  The Committee is made up of certain plaintiffs in the Ephedra Actions as well

24  as certain trade creditors of the Debtors-in-Possession.  Debtors-in-Possession have moved the

25  bankruptcy court for approval of the sale of substantially all of their assets.  That sale is currently

26  set for November 3, 2005.

27

28  [1] On September 27, 2005, Superior Court defendants Wal-Mart, Rite-Aid Corp., Costco
Wholesale Corp., and The Chemins Company removed 20 of the San Diego Superior Court JCCP
actions to Southern District of California Bankruptcy Court.

05cv1802

1        Pursuant to the provisions of the bankruptcy code, all Ephedra Actions against Debtors-in-

2 Possession were automatically stayed with the filing of the bankruptcy. On July 8, 2005, Judge

3 Styn issued an order staying the JCCP action in San Diego County Superior Court for 90 days,

4 including claims against third parties. On August 23, 2005, Judge Rakoff entered a stipulation that

5 had been negotiated and signed by Debtors-in-Possession, the Committee, and the third parties,

6 staying the MDL Ephedra Actions for 90 days. On September 7, 2005, Judge Hargrove granted

7 Debtors-in-Possession's motion for a preliminary injunction enjoining all proceedings in all

8 Ephedra Actions for a period of 90 days.

9        On September 16, 2005, Debtors-in-Possession filed the current petition under 28 U.S.C.

10 § 157(b)(5) for an order determining that all PITWD claims shall be tried in this District Court

11 rather than in courts scattered around the country. Debtors-in-Possession do not seek immediate

12 transfer of the 200 or so MDL Actions pending before the Southern District of New York, but

13 instead propose that those cases remain in New York until such time as they are ready for

14 resolution by trial. Debtors-in-Possession ask that the remaining 162 or so non-MDL cases

15 pending throughout the country, including the 90 JCCP cases before the San Diego County

16 Superior Court, be forthwith transferred to this Court.

17                                      ***Discussion***

18        Pursuant to 28 U.S.C. § 157, "[t]he district court shall order that personal injury tort and

19 wrongful death claims shall be tried in the district court in which the bankruptcy case is pending,

20 or in the district court in the district in which the claim arose, as determined by the district court in

21 which the bankruptcy case is pending." The purpose of § 157(b)(5) is "to centralize the

22 administration of the [bankruptcy] estate and to eliminate the 'multiplicity of forums for the

23 adjudication of parts of a bankruptcy case.'" A.H. Robins Company, Inc. v. Piccinin, 788 F.2d

24 994, 1011 (4th Cir. 1986) (quoting 130 Cong. Rec. H.7492, June 29, 1984, *reprinted in* 1984

25 U.S.C.C.A.N. at 579); see also In re Pan Am Corp., 16 F.3d 513, 516 (2d Cir. 1994) ("Congress

26 enacted section 157(b)(5) to expand the district court's venue-fixing powers with an eye to

27 centralizing the adjudication of a bankruptcy case."). By centralizing cases under § 157(b)(5), the

28 court "increases the debtor's odds of developing a reasonable plan of reorganization which will

1   'work a rehabilitation of the debtor and at the same time assure fair and non-preferential resolution

2   of the . . . claims.'" In re Dow Corning Corp., 86 F.3d 482, 496 (6th Cir. 1996) (quoting A.H.

3   Robins Co., 788 F.2d at 1011). The district court's power to fix venue under § 157(b)(5) also

4   extends to cases pending against nondebtor defendants which are "related to" a debtor's

5   bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b). In re Dow Corning Corp., 86 F.3d at

6   497.

7        Although the language of § 157(b)(5) appears to impose upon the district court a mandatory

8   duty to fix venue, the court must first determine whether it is appropriate to abstain pursuant to 28

9   U.S.C. § 1334(c). In re Dow Corning, 86 F.3d at 497 (citing In re Pan Am Corp., 950 F.2d 839,

10   844 (2d Cir. 1991)). Section 1334(c)(1) provides as follows: "[n]othing in this section prevents a

11   district court in the interests of justice, or, in the interest of comity with State courts or respect for

12   state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in

13   or related to a case under title 11." In determining whether or not to abstain from transferring

14   venue under § 157(b)(5), courts should consider twelve factors:

15      (1)   the effect or lack thereof on the efficient administration of the estate if a Court
            recommends abstention,

16      (2)   the extent to which state law issues predominate over bankruptcy issues,
      (3)   the difficulty or unsettled nature of the applicable law,

17      (4)   the presence of a related proceeding commenced in state court or other bankruptcy
            court,

18      (5)   the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
      (6)   the degree of relatedness or remoteness of the proceeding to the main bankruptcy

19            case,
      (7)   the substance rather than form of an asserted "core" proceeding,

20      (8)   the feasibility of severing state law claims from core bankruptcy matters to allow
            judgments to be entered in state court with enforcement left to the bankruptcy court,

21      (9)   the burden on [the bankruptcy court's] docket,
      (10)  the likelihood that the commencement of the proceeding in bankruptcy court

22            involves forum shopping by one of the parties,
      (11)  the existence of a right to a jury trial, and

23      (12)  the presence in the proceeding of nondebtor parties.

24   In re Pacific Gas & Electric Co., 279 B.R. 561, 569-70 (N.D. Cal. 2002) (quoting Christensen v.

25   Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1999)). Where a proper request for transfer is

26   made under § 157(b)(5), "[t]ransfer should be the rule, abstention the exception." In re Pan Am

27   Corp., 950 F.2d at 845; see also In re Twin Laboratories, Inc., 300 B.R. 836, 841 (S.D.N.Y. 2003).

28        Despite the issues raised by the San Diego Superior Court plaintiffs Harris and Kreutzer, as

1  well as the doctor defendants in the <u>Gyani v. Metabolife Int'l Inc.</u> case pending before the Southern

2  District of New York, the Court concludes that it is in the best interests of all involved parties to

3  grant the Debtors-in-Possession's motion under § 157(b)(5). This case demonstrates the need to

4  centralize the administration of all PITWD claims against the bankruptcy estate in a single district

5  court. Like the Dow Corning breast implant claims addressed in the <u>In re Dow Corning Corp.</u>

6  case, the Dalkon Shield IUD claims addressed in the <u>A.H. Robins Company, Inc.</u> case, the claims

7  resulting from the crash of Pan Am flight 103 in the <u>In re Pan Am. Corp.</u> case, and the similar

8  ephedra claims raised in <u>In re Twin Laboratories, Inc.</u>, the claims of the 362 PITWD plaintiffs who

9  have filed suits against Metabolife and Alpine Health need to be administered by a central court.

10 As the Fourth Circuit pointed out many years ago in the <u>A.H. Robins Company, Inc.</u> case, "[t]he

11 'single focal point' of this proceeding [the chapter 11 bankruptcy] is the development of a

12 reasonable plan of reorganization for the debtor, one which will work a rehabilitation of the debtor

13 and at the same time assure fair and non-preferential resolution of the [ephedra] claims." 788 F.2d

14 at 1012. Although a couple of objections have been filed by individual claimants in opposition to

15 the current petition, "[i]f the claimants as a whole are to realize reasonable compensation for their

16 claims, it is obviously in the interest of the class of claimants as a whole to obviate the tremendous

17 expense of trying these cases separately." <u>Id.</u> at 1013

18        The Court further concludes, that the opposing parties have not demonstrated that the

19 balance of factors set forth in <u>In re Pacific Gas & Electric Co.</u> favors abstention. With regard to

20 the JCCP actions before the San Diego County Superior Court,[2] the Court concludes that the

21 balance of factors favors the exercise of jurisdiction by this Court. On September 27, 2005, the

22 non-debtor defendants removed 20 of the JCCP cases to the Southern District of California

23 Bankruptcy Court. With only a couple exceptions, the remaining JCCP actions have been filed

24 solely against the Debtors-in-Possession. Because of the automatic stay under the bankruptcy

25 code, those cases will remain stayed indefinitely pending confirmation of a plan by the bankruptcy

26

27        [2] The Court notes that although counsel representing the JCCP Plaintiffs' Coordinating
28 Committee appeared at the hearing, the Committee did not file a written opposition or abstention
   motion. No other Superior Court plaintiff filed a written opposition to the petition or motion for
   abstention.

court. The Kreutzer and Harris plaintiffs argue that transfer of the JCCP actions to this Court will result in a monumental waste of judicial resources because much of the pretrial preparation of these cases has been completed and they are simply awaiting trial. No trial will occur in those cases, however, while the bankruptcy is pending. Therefore, the transfer of the actions to this Court will not prejudice the rights of those plaintiffs. Furthermore, although the Kreutzer and Harris plaintiffs argue that there are novel issues of California causation law to be resolved in these cases, the Court believes these legal issues are not particularly difficult or unsettled. In addition, the state law issues do not predominate over the bankruptcy issues. The PITWD proceedings throughout the country are directly related to the bankruptcy case because the bankruptcy was precipitated, in large part, by the tort claims. It is not feasible to sever the PITWD claims from the core bankruptcy matters because the bankruptcy court cannot confirm a plan for administration of the estate without considering the impact of these claims. The Court notes that the assets of Debtor-in-Possession are pending sale, such that there will be a finite pool of money from which claims can be paid. Transferring venue for trial to this Court will ensure that this pool can be fairly distributed in accordance with the bankruptcy plan. The Court does not find that the initiation of the bankruptcy proceedings constitutes forum shopping because the Debtors-in-Possession are California corporations with their principal places of business within this District. Finally, although there would be some burden on this Court associated with the transfer of venue under § 157(b)(5), that burden is largely ameliorated by leaving the pending MDL Actions in the Southern District of New York. Therefore, upon consideration of all the factors, the Court concludes that the balance tips strongly in favor of the exercise of jurisdiction by this Court under § 157(b)(5) as to all of the JCCP Superior Court cases, and against abstention as requested by San Diego Superior Court plaintiffs Harris and Kreutzer.

With regard to the Gyani case doctor defendants, these parties appear to raise valid arguments regarding whether the malpractice claims against them should be severed from the MDL proceeding and remanded to the originating Court. Those issues, however, need to be raised by noticed motion to the appropriate court or to the Panel on Multidistrict Litigation that originally ordered that the case be made part of the MDL Action. Because this Court is not ordering the

1 immediate transfer of the MDL Actions, the Gyani doctor defendants can proceed with such

2 motion in due course, prior to any final transfer of the case to this Court for trial.

3       With regard to the remaining 73 or so non-MDL, non-JCCP cases, the Court also finds it

4 appropriate to exercise jurisdiction under § 157(b)(5). There are currently PITWD cases pending

5 against the Debtors-in-Possession in the state and federal courts in Virginia, Texas, Pennsylvania,

6 Minnesota, Maryland, Washington, Missouri, Massachusetts, Florida, New Jersey, Ohio,

7 Oklahoma, Georgia, Illinois, Arkansas, Louisiana, Kansas, Connecticut, Utah, Mississippi,

8 Arizona, North Carolina, Alabama, and Nevada. The transfer of these cases under § 157(b)(5) will

9 promote the efficient administration of the bankruptcy estate by eliminating the need for Debtors-

10 in-Possession to litigate these claims throughout the country. In particular, although these cases

11 are currently under a stay imposed by Chief Bankruptcy Judge Hargrove, at the hearing before this

12 Court there was some indication that there continues to be some ongoing issues in these

13 proceedings. Transfer of the cases to this Court, in the district in which the bankruptcy

14 proceedings are pending, will ensure that the interests of the PITWD claimants, and the Debtors-

15 in-Possession, and the other claimants of the bankruptcy estate, are fully and fairly protected.

16       In the "response" filed by the Plaintiffs' Coordinating Committee ("PCC") of the Ephedra

17 MDL Action, the PCC alternatively asks the Court to transfer all of the PITWD claims to the

18 United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1412.

19 Besides the fact that the "response" is in fact a grossly untimely motion for affirmative relief,

20 § 1412 also does not provide the relief sought by the PCC. Section 1412 provides that "[a] district

21 court may transfer a case or proceeding under title 11 to a district court for another district, in the

22 interest of justice or for the convenience of the parties." As an initial matter, § 1412 allows only

23 the court in which a suit is pending to transfer such case to another court. A.H. Robins Co., 788

24 F.2d at 1011. In particular, it is ordinarily for the bankruptcy court to determine whether such a

25 transfer of venue is appropriate. Id.; see also Calumet Nat'l Bank v. Levine, 179 B.R. 117, 121

26 (N.D. Ind. 1995). Because the other cases that the PCC urges the Court to transfer under § 1412

27 are not currently before this Court, this Court lacks jurisdiction to transfer them to the S.D. New

28 York. In addition, PITWD claims form a special class within the realm of bankruptcy law, and

05cv1802

1 § 157(b)(5) is the proper section governing the determination of venue as to such claims. <u>Id</u>.

2 Under § 157(b)(5), this Court can order that PITWD claims be tried only in this Court or in the

3 court in which the claim arose. The Southern District of New York, as an MDL transferee court,

4 does not fit in either of those categories.

5 *<u>Conclusion</u>*

6 For the reasons set forth herein, the Debtors-in-Possession's petition under 28 U.S.C.

7 § 157(b)(5) is GRANTED. Pursuant to § 157(b)(5), the Court orders that this is the appropriate

8 venue for trial of PITWD cases against the Debtors-in-Possession. Counsel for the Debtors-in-

9 Possession shall forthwith submit a proposed order to the Court providing for the immediate

10 transfer of venue all of the non-MDL Ephedra Actions against them to this Court. Upon receipt of

11 the case files by the Clerk of the Court, a new case number shall be assigned to each case. Such

12 cases shall thereafter be assigned according to the low number rule, S.D. Cal. Local Civil Rule

13 40.1(h). The MDL Actions shall remain in the United States District Court for the Southern

14 District of New York until such time, if any, that trial of the actions becomes appropriate. Trial

15 shall take place in the Southern District of California. All requests for relief regarding pretrial

16 management of non-MDL Actions are denied without prejudice.

17 **IT IS SO ORDERED**.

18

19 Dated: ___Nov. 2, 2005___

20 HON. IRMA E. GONZALEZ, Chief Judge
   United States District Court

21 Southern District of California

22 cc: Magistrate Judge Brooks
      Counsel of Record

23

24

25

26

27

28

- 9 -

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
In re: TWIN LABORATORIES INC. and  :
TWINLAB CORPORATION,               :
                                   :           M-47 (JSR)
         Debtors,                  :
                                   :        OPINION AND ORDER
DAVID ALCANTAR, et al.,            :
                                   :
         Plaintiffs,               :
                                   :
     -v-                           :
                                   :
TWIN LABORATORIES INC., et al.,    :
                                   :
         Defendants.               :
------------------------------------ X

JED S. RAKOFF, U.S.D.J.

    Twin Laboratories Inc. and Twinlab Corporation, which are

Debtors in consolidated Chapter 11 proceedings before the United

States Bankruptcy Court for the Southern District of New York,

move in the District Court, pursuant to 28 U.S.C. §157(b)(5), to

transfer to this Court thirty-five personal injury cases pending

against Debtors (and therefore presently stayed) in other

jurisdictions throughout the country.[1]  The lawsuits all relate

---

[1] Although no party to the instant motion has asserted that
the motion should have been referred to the Bankruptcy Court by
virtue of the standing referral order in this District, this
Court, in an excess of caution, hereby withdraws any such
putative reference of this motion.  Cf. In re Pacific Gas &
Electric Company, 279 B.R. 561 (N.D.Cal. 2002)(claiming that the
Bankruptcy Court has coordinate power to decide such motions).  In
addition, the Court hereby withdraws the underlying reference of
the Chapter 11 proceedings to the limited extent necessary to
avoid any interference with the implementation of this order or
of any proceedings arising therefrom.  See 28 U.S.C. § 157(d)("The
district court may withdraw, in whole or in part, any case or
proceeding referred under this section, on its own motion or on
timely motion of any party, for cause shown.") The Court will

to injuries allegedly resulting from the ingestion of dietary supplements manufactured by the Debtors, most of which contained ephedra.

Section 157(b)(5) of Title 28 distinguishes personal injury claims from all other lawsuits related to a bankruptcy by providing, in seemingly mandatory language, that:

> The district court *shall order* that personal injury tort and wrongful death claims *shall be tried* in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

(emphasis supplied).  The Second Circuit has determined, however, that this section must be read in tandem with subsection 1334(c)(1) of the same title, which provides that:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Although the abstention permitted by subsection 1334(c)(1) applies on its face only to "this section" (i.e., to section 1334), the Second Circuit has read subsection 1334(c)(1) "to codify judicial abstention doctrines" of more general applicability, In re Pan American Corp., 950 F.2d 839, 845 (2d Cir. 1991), including applicability to transfers under section

_____

work closely with the Bankruptcy Court so that proceedings in the cases hereby ordered transferred – which remain stayed pending further order of this Court – will be coordinated with proceedings in the underlying bankruptcy.

2

157(b)(5), see id. Thus, the Second Circuit, like several other circuits, has held that "[a] motion under section 157(b)(5), therefore, requires an abstention analysis." Id. at 844.[1]

Nonetheless, in deference to the seemingly mandatory language of § 157(b)(5) and its obvious purpose of giving particular priority to the centralization of bankruptcy-related personal injury claims in a single forum, the Second Circuit has further instructed district courts that, so far as cases falling within the purview of that section are concerned, "[t]ransfer should be the rule, abstention the exception." Id. at 845. Accordingly, even though district courts in deciding whether or not to abstain in a bankruptcy context have frequently invoked a 12-factor test, see, e.g., In re WorldCom, Inc. Securities Litigation, 293 B.R. 308, 332 (S.D.N.Y. 2003), that test must here be applied with caution, taking account of the strong legislative presumption favoring transfer under § 157(b)(5): for in this context, perhaps even more than elsewhere, federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

The twelve factors are:

---

[1] For this reason, apparently, some of the opponents of the instant motion have styled their opposition as a cross-motion for abstention. Technically, however, no cross-motion is necessary to raise abstention as a ground for denying transfer.

3

JUDGE RAKOFF                                                    P.05

(1) the effect or lack thereof on the efficient
administration of the estate if a Court recommends abstention,
(2) the extent to which state law issues predominate over
bankruptcy issues, (3) the difficulty or unsettled nature of the
applicable state law, (4) the presence of a related proceeding
commenced in state court or other nonbankruptcy court, (5) the
jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6)
the degree of relatedness or remoteness of the proceeding to the
main bankruptcy case, (7) the substance rather than form of an
asserted "core" proceeding, (8) the feasibility of severing state
law claims from core bankruptcy matters to allow judgments to be
entered in state court with enforcement left to the bankruptcy
court, (9) the burden [on] the court's docket, (10) the
likelihood that the commencement of the proceeding in bankruptcy
court involves forum shopping by one of the parties, (11) the
existence of a right to a jury trial, and (12) the presence in
the proceeding of nondebtor parties.

In re WorldCom, Inc. Securities Litigation, 293 B.R. at 332,

quoting In re Masterwear Corp., 241 B.R. 511, 520 (Bankr.

S.D.N.Y. 1999). On their face, some of these factors (e.g., the

seventh factor, involving the difference between "core" and "non-

core" proceedings) are more directly applicable to other

situations than to a proposed transfer under § 157(b)(5).

Nevertheless, the Court has carefully considered each of these

factors and finds that, of those even arguably applicable to the

instant motion, the majority of such factors – such as the first,

third, fourth, fifth, eighth, eleventh, and (to a lesser extent)

twelfth – favor transfer.

Conversely, only the second factor – the predominance of

state law issues over bankruptcy issues – clearly favors

abstention. But after extensive oral argument on this point (and

on related considerations of state policy), see transcript

4

JUDGE PARKER                                              P.06

10/17/03, the Court is satisfied that none of the state law

issues here involved are difficult, unsettled, or unfamiliar to a

federal court that, thanks to diversity jurisdiction, has its

share of state-law personal injury cases.  Nor, in any event, can

the predominance of state law issues be given decisive effect in

analyzing transfer under § 157(b)(5), for the very subject matter

of that section ~ personal injury claims ~ is almost always

governed by state law, and yet Congress, in enacting § 157(b)(5),

singled out such claims as the very ones it wanted transferred.

Thus, application of the 12-factor test strongly favors granting

the instant motion.

    The Court has also considered the other issues raised by

opponents of the motion but finds them wholly lacking in merit.[3]

_____

    [3] Brief mention should perhaps be made of the creative
efforts made by counsel for the plaintiffs in Lugene Parsley et
al. v. Metabolife Int'l, Inc., et al., Dkt. No. 03-L-537 (St.
Clair County, Illinois) to avoid federal jurisdiction. The
proposed class in that action consists of "[a]ll persons in the
State of Illinois who purchased ephedra products from [Twinlabs
and the two other companies]," Parsley Complaint ¶ 17. The
gravamen of the complaint is that Twinlabs and the other
defendants manufactured ephedra-based products that posed a
serious risk of physical injury and that defendants "failed to
adequately and sufficiently warn of serious side effects that
were associated with the rise of their ephedra-based products
including, but not limited to, cardiac complications, stroke,
seizure, elevated blood pressure, tachycardia, heart
palpitations, irregular heartbeats, dizziness, and/or severe
headache," id. at ¶ 15. Yet (in seeming derogation of class
counsel's fiduciary duties to the class) the complaint not only
attempts to avoid diversity jurisdiction by "explicitly
disclaim[ing] damages in excess of $74,999.99...for each Class
Member," id. at ¶ 11, but also attempts to avoid transfer under
§157(b)(5) by purporting to expressly exclude "all claims for

5

Accordingly, the Debtors' motion to transfer is granted, and
opponents' motions for abstention are denied.[4] Counsel for the
Debtors is hereby directed to take whatever steps are necessary,
in coordination with counsel for the parties in the respective
actions being transferred, to (a) effect such transfers as
quickly as possible, and (b) coordinate with the Clerk of the
Court of the Southern District of New York so that all the
transferred cases will be marked as related, assigned to the
undersigned, and, in addition to retaining individual captions,
ultimately be given a common caption of "In re Twinlabs Personal
Injury Cases," with a corresponding civil docket number.

---

personal injury or wrongful death," id. at ¶ 17. Yet the first
five counts of the six-count complaint are the standard product
liability tort claims for a defective drug, to wit, strict
liability in manufacturing and labeling, negligence, and breach
of express and implied warranties, and seek unspecified damages
for the unspecified "harm" directly and proximately caused by
ephedra's alleged side-effects and the failure to warn of same.
Despite being challenged by Debtors, nowhere in their motion
papers do counsel for the Parsley plaintiffs identify what such
"harm" consists of other than personal injuries and the risk
thereof. While a plaintiff may be "master of his complaint" in
some contexts, palpably specious "artful pleading" of the kind
presented by Parsley cannot serve to overcome (or leave to state
courts to effectuate) the very strong federal policy of
§157(b)(5) favoring transfer to federal court of personal injury
actions related to a bankruptcy.

[4] Although § 157(b)(5) permits transfer either to the
district court in which the bankruptcy case is pending or to the
district court in the district in which the claim arose, neither
side here argues for the latter alternative, since the claims
arose in numerous districts. Thus, in this case, the purposes of
§ 157(b)(5) can only be achieved by transfer to this Court.

6

Once transfer is completed, Debtors' counsel should promptly advise the Court in writing, so that the Court can convene a status conference and coordinate with the Bankruptcy Court as to further proceedings in these cases. Until then, all the cases affected by this order remain stayed.

SO ORDERED.

_____
ED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         November 3, 2003

7

# **EXHIBIT C**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | Docket No. _____ <br> (Related to Docket No. 1:13-md-2419-FDS) <br><br> NOTICE OF REMOVAL AND TRANSFER PURSUANT TO 28 U.S.C. § 157(b)(5) <br><br> (Transferred from: [NAME OF STATE COURT AND STATE COURT CASE NO.] |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES | Docket No. _____ <br> (Related to Master Docket No. 12-12052-FDS) |

In accordance with the Opinion and Order issued on **[DATE]** by the Honorable Dennis F. Saylor, IV, Judge, United States District Court for the District of Massachusetts (the "Order"), notice is hereby given as follows:

1. Pursuant to 28 U.S.C. § 157(b)(5), this case is removed and transferred from the **[NAME OF STATE COURT]**, Case No. **[STATE COURT CASE NUMBER]** (the "State Court Action") to this Court. (A copy of the Order is attached as Exhibit A.)

2. The Clerk of Court in the State Court Action will be directed to transfer the entire court case filed pertaining to this action to the Clerk of the District of Massachusetts within twenty-one (21) days of filing in the State Court Action of a Notice of Filing of Notice of Removal and Transfer Pursuant to 28 U.S.C. § 157(b)(5).

3. A Notice of Filing of Notice of Removal and Transfer Pursuant to 28 U.S.C. § 157(b)(5) promptly is being filed with the Clerk of Courts in the State Court Action and provided to all parties of record.

For the foregoing reasons, this action is hereby removed and transferred from the **[NAME OF STATE COURT]** to this Honorable Court.

Dated:   [DATE OF REMOVAL]
      [LOCATION]

            Respectfully submitted,

            _____
            [REMOVING COUNSEL]

            Attorneys for [REMOVING DEFENDANT]

# **EXHIBIT D**

















JAH    12/6/05    15:38

3:05-CV-01802    METABOLIFE INTL INC V.

*31*

*O.*

05 DEC -5 PM 2:35

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

METABOLIFE INTERNATIONAL, INC.
and ALPINE HEALTH PRODUCTS, LLC,

Debtors/Petitioners,

CASE NO.  05cv1802-IEG(RBB)

Supplemental Order Regarding
Transfer of Cases Pursuant to
28 U.S.C. § 157(b)(5)

On November 3, 2005, the Court granted the Debtors-in-Possession's petition under 28 U.S.C. § 157(b)(5) and ordered that this Court is the appropriate venue for trial of personal injury tort and wrongful death cases against the Debtors-in-Possession.  Debtors-in-Possession have provided the Court with a list identifying all Ephedra Actions which were not part of the MDL proceeding as of the date of the filing of the Metabolife and Alpine Health bankruptcy petitions on June 30, 2005.  Those actions are identified in the attached list labeled Exhibit A.  Debtors-in-Possession have also identified 24 of those actions which were transferred to the MDL following the filing of the bankruptcy petitions and prior to this Court's November 3, 2005 order.  Those actions are identified in the attached list labeled Exhibit B.  Finally, Debtors-in-Possession have identified those remaining cases that are part of the Ephedra MDL Action in the Southern District of New York.

Based upon the Court's November 3, 2005 order, and to effect transfer of the relevant cases, the Court hereby orders as follows:

31

ENTERED ON 12/6/05        05cv1802

1.    Each of the non-MDL Ephedra Actions, as identified on Exhibit A hereto shall be transferred forthwith to this Court, with the exception of those cases listed on Exhibit B, which were transferred to the MDL prior to the entry of the Court's November 3, 2005 order. Counsel for the Debtors-in-Possession shall take such action as is necessary to transfer venue of the identified non-MDL Ephedra Actions to this Court.

2.    The record for each of the transferred actions shall be transmitted directly to the Clerk of Court, United States District Court for the Southern District of California, 880 Front Street, Room 4293, San Diego, CA 92101. Upon receipt of the case files by the Clerk of the Court, a new case number shall be assigned to each action. The Clerk of Court shall directly assign such cases District Judge Barry Ted Moskowitz and Magistrate Judge Jan M. Adler as related to Case No. 02cv1671-BTM(JMA).

3.    All MDL Actions, as identified in the attached lists labeled Exhibits B and C, shall remain in the United States District Court for the Southern District of New York until such time, if any, that trial of the actions becomes appropriate. Counsel for the Debtors-in-Posession, however, shall forthwith provide notice of the Court's November 3, 2005 order to counsel for plaintiffs in the MDL Action.

The Clerk shall terminate this case.

**IT IS SO ORDERED**.

Dated: _12/2/05_

_____
HON. IRMA E. GONZALEZ, Chief Judge
United States District Court
Southern District of California

cc:    Judge Moskowitz
       Magistrate Judge Brooks
       Magistrate Judge Adler
       Counsel of Record

| Non-MDL Ephedra Actions | | |
|---|---|---|
| As of Petition Date | | |
| | | |
| | | |
| **Plaintiff** | **Jurisdiction*** | **Civil Action No.** |
| Anderson, Tony | W.D. Wash. (Tacoma) | 3:05-cv-05438-JKA |
| Armbrister, Terrill | Bankr. S.D. Cal. | Adv. 05-90421 |
| Bagley, Terri | Bankr. S.D. Cal. | Adv. 05-90378 |
| Baity, Joseph | D. Minn. | 0:05-cv-00936 |
| Berckman, Phillip Shane | JCCP, Sup. Ct.; San Diego County, California | Unavailable |
| Berry, Steven | JCCP, Sup. Ct.; San Diego County, California | 4360-00088 |
| Bierig, Collette | JCCP, Sup. Ct.; San Diego County, California | 4360-00083 |
| Bolds, Marvin | JCCP, Sup. Ct.; San Diego County, California | 4360-00110 |
| Bonnette, J. | JCCP, Sup. Ct.; San Diego County, California | 4360-00029 |
| Bonnette, Robert | JCCP, Sup. Ct.; San Diego County, California | 4360-00002 |
| Bower, Barbara | Bankr. S.D. Cal. | Adv. 05-90424 |
| Braner, Gloria | Bankr. S.D. Cal. | Adv. 05-90425 |
| Brenton, Ashleigh | JCCP, Sup. Ct.; San Diego County, California | 4360-00003 |
| Bridges, Jeff | S.D. Tex. (Houston) | 4:03-cv-03847 |
| Broadus, Ronnie | JCCP, Sup. Ct.; San Diego County, California | 4360-00038 |
| Brock, Jacqueline | Bankr. S.D. Cal. | Adv. 05-90414 |
| Brown, Connie | S.D. Cal. | 05-cv-1300 |
| Brown, David | JCCP, Sup. Ct.; San Diego County, California | 4360-00050 |
| Brown, Debra | S.D. Tex. | 4:03-cv-05313 |
| Brown, Kathleen | W.D. Mo. | 05-481-cv-W-FJG |
| Brown, Samantha | JCCP, Sup. Ct.; San Diego County, California | 4360-00030 |
| Bupte, Gerald | S.D. Tex. (Galveston) | 3:05-cv-00518 |
| Byrne, Daniel | E.D. Mo. | 1:05-cv-00076CCDP |
| Cain, John Robert | DNJ (Trenton) | 3:04-cv-00686-GEB |
| Callahan, Jill | JCCP, Sup. Ct.; San Diego County, California | 4360-00055 |
| Camera, Kimberly | JCCP, Sup. Ct.; San Diego County, California | 4360-00031 |
| Carss, Patty | JCCP, Sup. Ct.; San Diego County, California | 4360-00053 |
| Carter, James | W.D. Mo. (Kansas City) | 4:05-cv-00527-FJG |

**Exhibit A**

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Casillas, Lilia | JCCP, Sup. Ct.; San Diego County, California | 4360-00074 |
| Cate, Charles | JCCP, Sup. Ct.; San Diego County, California | 4360-00051 |
| Chalvire, Grace | JCCP, Sup. Ct.; San Diego County, California | 4360-00032 |
| Chaney, Dennis | Bankr. S.D. Cal. | Adv. 05-90416 |
| Clark, Max | S.D. Tex. (Houston) | 4:05-cv-03351 |
| Colbert, Aisha | JCCP, Sup. Ct.; San Diego County, California | 4360-00089 |
| Corrasco, Angie | JCCP, Sup. Ct.; San Diego County, California | Unavailable |
| Crisp, Dorothy | S.D. Tex. (Houston) | 4:04-cv-02226 |
| Cunningham, Olivia | Cir. Ct.; St. Louis City, Missouri | Unavailable |
| Davis, Wendy | Bankr. S.D. Cal. | Adv. 05-90415 |
| Dean, Jack E. | JCCP, Sup. Ct.; San Diego County, California | 4360-00105 |
| Deaver, Michelle | JCCP, Sup. Ct.; San Diego County, California | 4360-00028 |
| Doll, Kim | JCCP, Sup. Ct.; San Diego County, California | 4360-00056 |
| Doucette, Eugene | Bankr. S.D. Cal. | Adv. 05-90428 |
| Dropp, Theodore | Cook County, Illinois | 03-L-8635 |
| Durbin, Mark | W.D. Mo. (Kansas City) | 4:05-cv-00482-DW |
| Durham, Travis | Bankr. S.D. Cal. | Adv. 05-90426 |
| Dye, Lewis | JCCP, Sup. Ct.; San Diego County, California | 4360-00005 |
| Ealy, Tyrescia | Pulaski County, Arkansas | CV-04-1195 |
| Emm, Mary | Sup. Ct.; San Diego, Califomia | GIC831450 |
| Emmert, Janet | JCCP, Sup. Ct.; San Diego County, California | 4360-00058 |
| Foley, Susan | S.D. Fla. | 05-CV-80588 |
| Fontenot, Justin | JCCP, Sup. Ct.; San Diego County, California | 4360-00097 |
| Foster, Edward | N.D. Ill. | 05C 4759 |
| Fox, David | JCCP, Sup. Ct.; San Diego County, California | 4360-00081 |
| Franklin, Judy | Bankr. S.D. Cal. | Adv. 05-90429 |
| Friddle, Dee Dee | Bankr. S.D. Cal. | Adv. 05-90412 |
| Fuss, Sherry | E.D. Pa. | 2:05-cv-5151-LDD |
| Gawlak, Catherine | Cir. Ct.; 1st Jud. Dist.; Santa Rosa, Florida | 04000395CA |
| Gentry, Nona | Bankr. S.D. Cal. | Adv. 05-90418 |
| Green, Monica | JCCP, Sup. Ct.; San Diego County, California | Unavailable |
| Green, William | S.D.S.C. (Columbia) | 3:05-cv-02226-MDL |
| Hamm, Richard Douglas | JCCP, Sup. Ct.; San Diego County, California | Unavailable |

**Exhibit A**

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Hawkins, John | Bankr. S.D. Ill. | Adv. 05-03281 |
| Hollingsworth, Michelle | Sup. Ct.; San Diego, California | GIC820375 |
| Holster, Angela | Santa Rosa, Florida | 57-2002-CA-000148 |
| Howard, Stephen | D. Mass. | 1:05-cv-10872-DPW |
| Hunt, John | JCCP, Sup. Ct.; San Diego County, California | 4360-00071 |
| Hutchinson, Robert | Bankr. S.D. Cal. | Adv. 05-90419 |
| Jackson, Shelly | Bankr. S.D. Cal. | Adv. 05-90420 |
| Jarrett, Linda | Cir. Ct.; St. Louis County, Missouri | 04CC-004894 J CV |
| Jenkins, Opal | Bankr. E.D. Ark. (Helena Division) | Adv. 2:05-ap-01265 |
| Johnson, Jennifer | JCCP, Sup. Ct.; San Diego County, California | 4360-00006 |
| Johnson, Sandra | JCCP, Sup. Ct.; San Diego County, California | 4360-00100 |
| Johnson, Tina | Hillsborough County, Florida | 01-01-2145 |
| Karsky, Gloria | D. Minn. | 0:05-cv-00935-JMR-FLN |
| Keister, Diane | N.D. Ill. | 1:05-cv-02876 |
| Kern, Cynthia | Cir. Ct.; St. Louis County, Missouri | 05CC-000111 L CV |
| King, Charlene | JCCP, Sup. Ct.; San Diego County, California | 4360-00070 |
| King, Felecia | JCCP, Sup. Ct.; San Diego County, California | 4360-00108 |
| Kreutzer, Jerome | JCCP, Sup. Ct.; San Diego County, California | 4360-00001 |
| Kuchefski, Lydia | JCCP, Sup. Ct.; San Diego County, California | 4360-00027 |
| Kujat, Donald | Bankr. S.D. Cal. | Adv. 05-90427 |
| Lane, Richard | S.D. Fla. | 05-CV-60828 |
| Lanier, Monique | JCCP, Sup. Ct.; San Diego County, California | 4360-00063 |
| LeCamu, Gary | 113th Jud. Dist. Ct.; Harris County, Texas | 2003-16665 |
| Lee, Germelita | JCCP, Sup. Ct.; San Diego County, California | 4360-00098 |
| LeGrande, Candice | 10th Jud. Dist. Ct.; Galveston County, Texas | 03-CV-0748 |
| Lewis, Leatrice | W.D. Tex. (San Antonio) | 05-CV-948 |
| Linnell, Linda | JCCP, Sup. Ct.; San Diego County, California | 4360-00086 |
| Litten, Gregory | JCCP, Sup. Ct.; San Diego County, California | Unavailable |
| Llewellyn, Linda | Bankr. S.D. Cal. | Adv. 05-90411 |
| Longoria, Kelly | 17th Jud. Dist. Ct.; Tarrant County, Texas | 017-200288-03 |
| Lopez, Martha | JCCP, Sup. Ct.; San Diego County, California | 4166 |
| Loser, Otto | E.D.N.Y. | 1:05-cv-04587 |
| Lujan, Emily | Bankr. D. N.M. | Adv. 05-1212 |

**Exhibit A**

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Maloney, Joann | Bankr. S.D. Cal. | Adv. 05-90422 |
| Markowski, King | N.D. Ohio (Cleveland) | 1:05-cv-01651-DAP |
| Martin, Gerald | W.D. Mo. | 5:05-cv-06050-ODS |
| Martin, Michelle | N.D. Ill. | 1:05-cv-03481 |
| Martinez, Gloria | JCCP, Sup. Ct.; San Diego County, California | 4360-00007 |
| Marty, Charlene | W.D. Mo. | 4:2005-cv-00461 |
| Mason, Pamela | E.D. Mo. | 4:05-cv-00913-DJS |
| Maxwell, Melissa | JCCP, Sup. Ct.; San Diego County, California | 4360-00048 |
| McAllister, Rhea | S.D. Tex. | 4:04-cv-02191 |
| McClain, Beverly | JCCP, Sup. Ct.; San Diego County, California | 4360-00049 |
| McClain, Johnny | N.D. Ala. | 2:01-cv-01801-WMA |
| McMeekin, Jason | S.D. Texas (Galveston) | 3:05-cv-00519 |
| Meadors, Audrey | JCCP, Sup. Ct.; San Diego County, California | 4360-00078 |
| Mejia, Ana | JCCP, Sup. Ct.; San Diego County, California | 4360- |
| Miles, Judith | W.D. Wash. (Seattle) | 2:03-cv-00225-BJR |
| Miller, Benita | E.D. Pa. | 2:05-cv-05153-MMB |
| Mireles, Kristen | JCCP, Sup. Ct.; San Diego County, California | 4360-00085 |
| Mitchell, Falayan | W.D. Ark. | 5:05-cv-05103-RTD |
| Morris, Dora | Bankr. S.D. Cal. | Adv. 05-90417 |
| Morris, Joyce | Jud. Dist. Ct.; Harris County, Texas | 2003-30290 |
| Moser, Bobby | N.D. Tex. (Fort Worth) | 4:2005-cv-00616 |
| Mullins, Patrick | N.D. Ill. | 1:05-cv-05579 |
| Naranjo, Ruben | JCCP, Sup. Ct.; San Diego County, California | 4360-00034 |
| Naugle, Patricia | Bankr. S.D. Cal. | Adv. 05-90413 |
| Neel, Marshall / Barbara | JCCP, Sup. Ct.; San Diego County, California | 4360-00102 |
| Neely, Hollis | W.D. Pa. | 2:05-cv-1350 |
| Norman, Sylvia | W.D. Mo. (Kansas City) | 4:05-cv-00483-ODS |
| Outlaw, Katonya | 20th Cir. Ct.; St. Clair County, Illinois | 05-L-28 |
| Overstreet, Phillip | N.D. Tex. | 3:05-1923 |
| Patterson, Pamela | E.D. Mo. (St. Louis) | 4:05-cv-00783-JCH |
| Paul, Duane | JCCP, Sup. Ct.; San Diego County, California | 4360-00084 |
| Perkins, Millicent | 3rd Jud. Cir. Ct.; Madison County, Illinois | 2004 L 001310 |
| Perlingiere, Vincent | Cir. Ct.; Sebastian County, Arkansas | CV 04-802 |

**Exhibit A**

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Petty, Tonya | Monroe County, Mississippi | CV-02-514-BM |
| Pitts, Diane | JCCP, Sup. Ct.; San Diego County, California | 4360- |
| Polys, Karen | W.D. Mo. (Jefferson City) | 2:05-cv-04158-NKL |
| Porea, Selket | Parish of Orleans, Louisiana | 2000-6723 |
| Pringle, Shannon | 157th Jud. Dist. Ct.; Harris County, Texas | 2003-36345 |
| Raines, Ronald | Cir. Ct.; Pinellas County, Florida | 05-2532-CI-20 |
| Reynoso, Lydia | JCCP, Sup. Ct. San Diego County, California | 4360-00077 |
| Richards, Melissa | 14th Jud. Dist. Ct.; Dallas County, Texas | 03-05551-A |
| Rodriguez, Ruby | JCCP, Sup. Ct.; San Diego County, California | 4360-00008 |
| Saiter, Joseph | Santa Rosa County, Florida | 04-299-CA |
| Salser, Joseph | JCCP, Sup. Ct.; San Diego County, California | 4360-00101 |
| Santiago, Jose | 280th Jud. Dist. Ct.; Harris County, Texas | 2003-30849 |
| Scheffert, Marol | W.D. Ark. (Fayetteville) | 5:05-cv-05104-RTD |
| Scholwinski, Kimberly | 221st Jud. Dist. Ct.; Montgomery County, Texas | 02-11-07633-CV |
| Schultz, Sheila | Cook County, Illinois | 03L-9428 |
| Scott, Joan | JCCP, Sup. Ct.; San Diego County, California | 4360-00075 |
| Scrivener, Kevin | W.D. Mo. (Kansas City) | 4:05-cv-00462-FJG |
| Sheard, Michelle | JCCP, Sup. Ct.; San Diego County, California | 4360- |
| Shepherd, John | Cir. Ct.; Escambia County, Florida | 2004 CA 002238 "C" |
| Sides, Cynthia | 15th Jud. Dist. Ct., Palm Beach County, Florida | 2003-CA-006003 AG |
| Simmons, Bonnie | St. Clair County, Illinois | 04-L-0039 |
| Smith, Carol | Bankr. S.D. Cal. | Adv. 05-90423 |
| Smith, Dawn | D. Minn. | 0:05-cv-00937-JRT-FLN |
| Starks, Katherine | JCCP, Sup. Ct.; San Diego County, California | 4360-00021 |
| Strother, Scott | Independence County, Arkansas | CV-2004-294-4 |
| Suarez, Ana | Jud. Dist. Ct.; Harris County, Texas | 2004-19220 |
| Summer, Renee | JCCP, Sup. Ct.; San Diego County, California | 4360-00099 |
| Tatro-Romero, Christine | JCCP, Sup. Ct.; San Diego County, California | 4360-00009 |
| Taylor, Linda | 4th Jud. Dist. Ct.; Duval County, Florida | 04-CA-008537 |
| Thomas, Paul | JCCP, Sup. Ct.; San Diego County, California | 4360-00096 |
| Thompson, Linda | W.D. Mo. (St. Joseph) | 5:05-cv-06051-HFS |
| Thompson, Linda | W.D. Ark. (Fayetteville) | 5:05-cv-05102-RTD |
| Tims, Thomas | Drew County, Arkansas | CV-2004-0211-5 |

**Exhibit A**

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Tornetta, Josephine | JCCP, Sup. Ct.; San Diego County, California | 4360-00010 |
| Tyler, Cindy | E.D. Pa. (Philadelphia) | 2:05-cv-02539-LS |
| Vertigans, Peter | JCCP, Sup. Ct.; San Diego County, California | 4360-00037 |
| Wallen, Donald | W.D. Ark. (Fayetteville) | 5:05-cv-05105-RTD |
| Warnecker, Micki | W.D. Mo. | 4:05-cv-00488-SOW |
| Watkins, Kathleen | Cir. Ct.; St. Louis County, Missouri | 04CC-002553 I CV |
| Watters, Sandra | S.D. Ohio (Cincinnati) | 1:05-cv-00444-MHW |
| Watters, Sherri | S.D. Ohio | 1:05-CV444 |
| Webb, Beverly | D. Kan. (Kansas City) | 2:05-cv-02216-KHV-DJW |
| Welty, Rebecca | JCCP, Sup. Ct.; San Diego County, California | 4360-00025 |
| Whitfield, Derrell | Dist. of Nevada | 3:04-569 |
| Williams, Jerome | Parish of Orleans, Louisiana | 2003-05595 |
| Wittneben, Constance H. | JCCP, Sup. Ct.; San Diego County, California | 4360-00104 |
| Wolter, Colleen | JCCP, Sup. Ct.; San Diego County, California | 4360-00036 |
| Wyrick, Teri & Randy | JCCP, Sup. Ct.; San Diego County, California | 4360-00022 |
| | | |

* Current jurisdiction and court to be notified. Certain of these actions were pending in state court and were removed primarily by nondebtor defendants.

Due to incomplete information, this list may exclude an action that was pending on the Petition Date but was subsequently dismissed as to all parties, or include such action without noting the subsequent dismissal.

**Exhibit A**

# Ephedra Actions Transferred to MDL Postpetition
## As of 12/01/05

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Conditional Transfer Order No. | Date Conditional Transfer Order Issued | Effective Date of Transfer Order | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|---|---|---|
| Baily, Joseph | MDL; S.D.N.Y. | 1:05-cv-06333-JSR | 20 | 06/22/05 | 07/08/05 | D. Minn. | 0:05-cv-00936 |
| Karsky, Gloria | MDL; S.D.N.Y. | 1:05-cv-06332-JSR | 20 | 06/22/05 | 07/08/05 | D. Minn. | 0:05-cv-00935-JMR-FLN |
| Smith, Dawn | MDL; S.D.N.Y. | 1:05-cv-06334-JSR | 20 | 06/22/05 | 07/08/05 | D. Minn. | 0:05-cv-00937-JRT-FLN |
| Byrne, Daniel | MDL; S.D.N.Y. | 1:05-cv-006681-JSR | 21 | 06/28/05 | 07/14/05 | E.D. Mo. | 1:05-cv-00076CCDP |
| Durbin, Mark | MDL; S.D.N.Y. | 1:05-cv-06686-JSR | 21 | 06/28/05 | 07/14/05 | W.D. Mo. (Kansas City) | 4:05-cv-00482-DW |
| Martin, Gerald | MDL; S.D.N.Y. | 1:05-cv-06688-JSR | 21 | 06/28/05 | 07/14/05 | W.D. Mo. | 5:05-cv-06050-ODS |
| Norman, Sylvia | MDL; S.D.N.Y. | 1:05-cv-06687-JSR | 21 | 06/28/05 | 07/14/05 | W.D. Mo. (Kansas City) | 4:05-cv-00483-ODS |
| Marty, Charlene | MDL; S.D.N.Y. | 1:05-cv-06836-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Mo. | 4:2005-cv-00461 |
| Mitchell, Falayan | MDL; S.D.N.Y. | 1:05-cv-06830-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Ark. | 5:05-cv-05103-RTD |
| Polys, Karen | MDL; S.D.N.Y. | 1:05-cv-06834-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Mo. (Jefferson City) | 2:05-cv-04158-NKL |
| Scheffert, Marol | MDL; S.D.N.Y. | 1:05-cv-06831-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Ark. (Fayetteville) | 5:05-cv-05104-RTD |
| Scrivener, Kevin | MDL; S.D.N.Y. | 1:05-cv-06837-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Mo. (Kansas City) | 4:05-cv-00462-FJG |
| Thompson, Linda | MDL; S.D.N.Y. | 1:05-cv-06829-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Ark. (Fayetteville) | 5:05-cv-05102-RTD |
| Wallen, Donald | MDL; S.D.N.Y. | 1:05-cv-06832-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Ark. (Fayetteville) | 5:05-cv-05105-RTD |
| Patterson, Pamela | MDL; S.D.N.Y. | 1:05-cv-07218-JSR | 25 | 07/21/05 | 08/08/05 | E.D. Mo. (St. Louis) | 4:05-cv-00783-JCH |
| Green, William | MDL; S.D.N.Y. | 1:05-cv-08402-JSR | 28 | 08/26/05 | 09/13/05 | S.D.S.C. (Columbia) | 3:05-cv-02226-MDL |

637161

**Exhibit B**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Conditional Transfer Order No. | Date Conditional Transfer Order Issued | Effective Date of Transfer Order | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|---|---|---|
| Anderson, Tony | MDL; S.D.N.Y. | 1:05-cv-09061-JSR | 29 | 09/16/05 | 10/04/05 | W.D. Wash. (Tacoma) | 3:05-cv-05438-JKA |
| Brown, Debra | MDL; S.D.N.Y. | 1:04-cv-04279-JSR | 29 | 09/16/05 | 10/04/05 | S.D. Tex. | 4:03-cv-05313 |
| Foley, Susan | MDL; S.D.N.Y. | 1:05-cv-09055-JSR | 29 | 09/16/05 | 10/04/05 | S.D. Fla. | 05-CV-80588 |
| Lane, Richard | MDL; S.D.N.Y. | 1:05-cv-09054-JSR | 29 | 09/16/05 | 10/04/05 | S.D. Fla. | 05-CV-60828 |
| Markowski, King | MDL; S.D.N.Y. | 1:05-cv-09060-JSR | 29 | 09/16/05 | 10/04/05 | N.D. Ohio (Cleveland) | 1:05-cv-01651-DAP |
| Martin, Michelle | MDL; S.D.N.Y. | 1:05-cv-09056-JSR | 29 | 09/16/05 | 10/04/05 | N.D. Ill. | 1:05-cv-03481 |
| Warnecker, Micki | MDL; S.D.N.Y. | 1:05-cv-09058-JSR | 29 | 09/16/05 | 10/04/05 | W.D. Mo. | 4:05-cv-00488-SOW |
| Clark, Max | MDL; S.D.N.Y. | N/A | 31 | 10/18/2005 | 11/3/2005 | S.D. Tex. | 4:05-3351 |

637161

2 of 2

**Exhibit B**

## MDL Ephedra Actions
## As of Petition Date

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Alaniz, Rosemary | MDL; S.D.N.Y. | 1:04-cv-04279-JSR | S.D. Tex. (Houston) | 4:03-cv-05316 |
| Alexander, Cicley | MDL; S.D.N.Y. | 1:05-cv-03026-JSR | E.D. Va. | 2:05cv00006 |
| Allen, Ronnie | MDL; S.D.N.Y. | 1:05-cv-02476-JSR | S.D. Tex. (Houston) | H-04-3659 |
| Anderson, Jacquelyn | MDL; S.D.N.Y. | 1:05-cv-00148-JSR | S.D. Miss. | 5:04-cv-00259 |
| Atwood, Channin | MDL; S.D.N.Y. | 1:05-cv-05986-JSR | E.D. Pa. | 2:05-cv-01151 |
| Ball, Teresa | MDL; S.D.N.Y. | 1:05-cv-03889-JSR | N.D. Ga. | 1:05-cv-00363 |
| Bartus, Louis | MDL; S.D.N.Y. | 1:04-cv-04275-JSR | S.D. Tex. (Houston) | 4:03-cv-03000 |
| Belew, Teresa | MDL; S.D.N.Y. | 1:05-cv-01020-JSR | N.D. Tex. (Fort Worth) | 4:04-cv-00821 |
| Bell, Bessie | MDL; S.D.N.Y. | 1:05-cv-01003-JSR | N.D. Ala. (Southern) | 2:04-cv-03000 |
| Bishop, Robert | MDL; S.D.N.Y. | 1:05-cv-05135-JSR | D. Md. (Baltimore) | 1:05-cv-00849 |
| Blevins, Mary | MDL; S.D.N.Y. | 1:05-cv-04716-JSR | E.D. Wash. | 2:05-cv-00037 |
| Bogart, James | MDL; S.D.N.Y. | 1:05-cv-02478-JSR | N.D. Okla. | 4:04-cv-00715 |
| Brandt, Joel | MDL; S.D.N.Y. | 1:05-cv-05978-JSR | D. Minn. | 0:05-cv-00480 |
| Brucato, Alicia | MDL; S.D.N.Y. | 1:05-cv-05976-JSR | D. Mass. (Boston) | 1:05-cv-10870 |
| Bryant, Jami | MDL; S.D.N.Y. | 1:05-cv-04711-JSR | E.D. Tex. (Beaumont) | 1:05-cv-0213 |
| Budwig, Laurence | MDL; S.D.N.Y. | 1:05-cv-05968-JSR | S.D. Cal. | 05-cv-847 |
| Bunger, Donna | MDL; S.D.N.Y. | 1:05-cv-04715-JSR | S.D. Tex. (McAllen Div.) | M-05-087 |
| Bunting, Marcia | MDL; S.D.N.Y. | 1:04-cv-09708-JSR | D.N.J. | 3:04-cv-04008 |
| Burney, William | MDL; S.D.N.Y. | 1:04-cv-04224-JSR | S.D. Fla. | 03-cv-62012 |
| Burton, Jennifer | MDL; S.D.N.Y. | 1:04-cv-04219-JSR | S.D. Cal. | 03-cv-00526 |
| Burton, William | MDL; S.D.N.Y. | 1:04-cv-06815-JSR | N.D. Ala. | CV-07-JEO-0574-S |

637157

1 of 9

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Busby, Shannon | MDL; S.D.N.Y. | 1:05-cv-00144-JSR | S.D. Miss. (Southern) | 1:04-cv-00754 |
| Cadet, Denise | MDL; S.D.N.Y. | 1:04-cv-04222-JSR | S.D. Fla. (Fort Lauderdale) | 03-60612 |
| Cagle, Hope | MDL; S.D.N.Y. | 1:05-cv-02994-JSR | W.D. Ark. (Fort Smith) | 2:05-cv-02011-JLH |
| Carr, Wanda | MDL; S.D.N.Y. | 1:04-cv-06944-JSR | N.D. Miss. (Delta Div.) | 2:03-cv-00265-MPM |
| Carsey, Roger | MDL; S.D.N.Y. | 1:05-cv-03906-JSR | S.D. Ohio (Columbus) | 2:05-cv-00133-JLG-TPK |
| Carter, Michael | MDL; S.D.N.Y. | 1:04-cv-04284-JSR | W.D. Va. (Danville) | 4:03-cv-00090-nkm-mfu |
| Castagne, Betty | MDL; S.D.N.Y. | 1:04-cv-04284-JSR | D. Mont. (Billings) | 1:04-cv-00129-RWA |
| Chapman, John | MDL; S.D.N.Y. | 1:05-cv-03001-JSR | E.D. Mich. (Detroit) | 2:04-cv-73841-RHC-RSW |
| Chezem, Cheryl | MDL; S.D.N.Y. | 1:04-cv-07363-JSR | N.D. Okla. (Tulsa) | 4:04-cv-00563-CVE-FHM |
| Ciocca, Dominica | MDL; S.D.N.Y. | 1:04-cv-05678-JSR | S.D.N.Y. | 1:04-cv-05678-JSR |
| Collins, Patricia | MDL; S.D.N.Y. | 1:05-cv-00154-JSR | S.D. Tex. (Houston) | 4:04-cv-3709 |
| Connolly, Karin | MDL; S.D.N.Y. | 1:04-cv-06833-JSR | S.D. Tex. (Houston) | 1:04-cv-00245-HJW |
| Crawford, Aubrey | MDL; S.D.N.Y. | 1:05-cv-04058-JSR | N.D. Ga. (Newnan) | 3:04-cv-00092-JTC |
| Crisp, Dorothy | MDL; S.D.N.Y. | 1:04-cv-07639-JSR | S.D. Tex. (Houston) | 4:04-cv-02095 |
| Davenport, David | MDL; S.D.N.Y. | 1:04-cv-07632-JSR | D. Minn. | 0:04-cv-02915-DWF-JSM |
| DeBlasis, Jacalyn | MDL; S.D.N.Y. | 1:04-cv-08208-JSR | S.D. Ohio (Columbus) | 2:04-cv-00542-ALM-NMK |
| Delk, Louis | MDL; S.D.N.Y. | 1:04-cv-06840-JSR | N.D. Tex. (Dallas) | 3:04-cv-00692 |
| Delva, Nicole | MDL; S.D.N.Y. | 1:05-cv-05981-JSR | D.N.J. | 1:05-cv-02135-JEI-JBR |
| Deng, Xiuhui | MDL; S.D.N.Y. | 1:05-cv-03027-JSR | W.D. Wash. (Seattle) | 2:05-cv-00170-MJP |
| Dodson, Carol | MDL; S.D.N.Y. | 1:04-cv-04265-JSR | E.D. Tex. (Beaumont) | 1:03-cv-0636 |
| Drewing, Stella | MDL; S.D.N.Y. | 1:04-cv-04274-JSR | S.D. Tex. (Galveston) | 3:03-cv-00700 |
| Dunham, Barbara | MDL; S.D.N.Y. | 1:05-cv-06821-JSR | D. Kan. (Kansas City) | 2:04-cv-02131-GTV-JPO |
| Edwards, Bobby | MDL; S.D.N.Y. | 1:04-cv-04264-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00584-HC |
| Ehling, Deborah | MDL; S.D.N.Y. | 1:05-cv-05984-JSR | S.D. Ohio (Columbus) | 2:05-cv-00307-MHW-NMK |

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Emmons, Elaine | MDL; S.D.N.Y. | 1:05-cv-00145-JSR | S.D. Miss. (Southern) | 1:04-cv-00759-LG-RHW |
| Estedes, Susie | MDL; S.D.N.Y. | 1:05-cv-05972-JSR | E.D. La. (New Orleans) | 05-1670 |
| Evers, M. Timothy | MDL; S.D.N.Y. | 1:05-cv-00157-JSR | S.D. Tex. (Houston) | H-04-3973 |
| Farmer, Janice | MDL; S.D.N.Y. | 1:04-cv-08206-JSR | S.D. Miss. (Southern) | 1:04-cv-00680-LG |
| Ferrell, Horace J. | MDL; S.D.N.Y. | 1:04-cv-04231-JSR | N.D. Ill. (Chicago) | 1:04-cv-01581 |
| Floro, Lauren | MDL; S.D.N.Y. | 1:05-cv-03896-JSR | D. Mass. (Boston) | 1:05-cv-10048-REK |
| Foretich, Shirley | MDL; S.D.N.Y. | 1:05-cv-04713-JSR | N.D. Tex. (Fort Worth) | 4:05-cv-00155 |
| Foster, Kathy | MDL; S.D.N.Y. | 1:05-cv-01023-JSR | W.D. Tex. (Austin) | 04-cv-689 |
| Foussadier, Erika | MDL; S.D.N.Y. | 1:05-cv-04714-JSR | S.D. Tex. (Houston) | 4:05-cv-00937 |
| Freeman, Deborah | MDL; S.D.N.Y. | 1:05-cv-03905-JSR | N.D. Ohio (Cleveland) | 1:05-cv-00171-SO |
| Gaston, Charlene | MDL; S.D.N.Y. | 1:04-cv-03565-JSR | S.D.N.Y. | 1:04-cv-03565-JSR |
| Geist, Richard | MDL; S.D.N.Y. | 1:04-cv-04243-JSR | E.D. Mo. (Hannibal) | 2:04-cv-00011-DJS |
| Glen, Marsha | MDL; S.D.N.Y. | 1:04-cv-06823-JSR | E.D. La. (New Orleans) | 2:04-cv-01414-HGB [Consolidated w/ 2:00-cv-3513] |
| Glinn, Michael | MDL; S.D.N.Y. | 1:05-cv-03000-JSR | D. Kan. (Kansas City) | 2:04-cv-02602-KHV-DJW |
| Graves, Brenda | MDL; S.D.N.Y. | 1:05-cv-03881-JSR | N.D. Ala. (Middle) | 4:05-cv-00210-RBP |
| Gyani, Gupreet | MDL; S.D.N.Y. | 1:05-cv-02367-JSR | S.D.N.Y. | 1:05-2367 |
| Haberer, Sonja | MDL; S.D.N.Y. | 1:04-cv-04217-JSR | S.D. Cal. | 03-cv-524 |
| Hague, Alexander | MDL; S.D.N.Y. | 1:04-cv-05478-JSR | S.D. Tex. (Houston) | 4:03-cv-00215 |
| Hale, Terrice | MDL; S.D.N.Y. | 1:04-cv-05468-JSR | D. Kan. (Topeka) | 5:03-cv-04153-SAC-KG |
| Hart, Phyliss | MDL; S.D.N.Y. | 1:05-cv-03907-JSR | S.D. Tex. (Galveston) | 3:05-cv-00059 |
| Hayes, Joyce | MDL; S.D.N.Y. | 1:05-cv-01014-JSR | W.D. Mo. (St. Joseph) | 5:04-cv-06079-ODS |
| Hoeft, Danielle | MDL; S.D.N.Y. | 1:05-cv-04697-JSR | D. Minn. | 0:05-cv-00479-JNE-SRN |
| Hollerbach, Patricia | MDL; S.D.N.Y. | 1:04-cv-09709-JSR | D.N.J. | 3:04-cv-04117-GEB (Nutraquest case) |
| Holmer, Debbie K. | MDL; S.D.N.Y. | 1:05-cv-02477-JSR | W.D. Wash. (Seattle) | 2:04-cv-02294-JCC |

Exhibit C

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Hudson, Barbara | MDL; S.D.N.Y. | 1:05-cv-00143-JSR | N.D. Miss. (Eastern Division) | 1:04-cv-00317-GHD-JAD |
| Iungerich, Tammy | MDL; S.D.N.Y. | 1:04-cv-06824-JSR | W.D. Mich. (Kalamazoo) | 4:04-cv-00033-WAM |
| Jackson, Sheila | MDL; S.D.N.Y. | 1:04-cv-04277-JSR | S.D. Tex. (Houston) | 4:03-cv-03898 |
| Jarreau, Vicky | MDL; S.D.N.Y. | 1:04-cv-06828-JSR | S.D. Miss. (Jackson) | 3:04-cv-00171-HTW |
| Jones, Carolyn | MDL; S.D.N.Y. | 1:05-cv-04709-JSR | W.D.N.Y. (Rochester) | 6:05-cv-06081-CJS |
| Jones, Dorothy | MDL; S.D.N.Y. | 1:05-cv-03900-JSR | N.D. Miss. (Greenville) | 4:05-cv-00041-WAP-EMB |
| Kalman, Joann | MDL; S.D.N.Y. | 1:05-cv-05983-JSR | N.D. Ohio (Cleveland) | 1:05-cv-00919-KMO |
| Kasko, Richard | MDL; S.D.N.Y. | 1:04-cv-04261-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00534-TH |
| King, Beverly | MDL; S.D.N.Y. | 1:05-cv-05966-JSR | N.D. Ala. | 2:04-cv-03468 WMA |
| Kintyhtt, Bernard | MDL; S.D.N.Y. | 1:04-cv-07633-JSR | D. Minn. | 0:04-cv-03089-DWF-JSN |
| Kress, Terry | MDL; S.D.N.Y. | 1:05-cv-03882-JSR | S.D. Cal. | 05-cv-218 |
| Kundrat, Robert | MDL; S.D.N.Y. | 1:04-cv-04249-JSR | N.D. Ohio | 1:03-cv-02231-DAP |
| Kutz, Jacqueline | MDL; S.D.N.Y. | 1:05-cv-02999-JSR | S.D. Ill. | 3:04-cv-00974-WDS-CJP |
| La Rosa, Tracey | MDL; S.D.N.Y. | 1:05-cv-01004-JSR | W.D. Ark. | 5:04-cv-05293-RTD |
| Lain, Courtney | MDL; S.D.N.Y. | 1:05-cv-02475-JSR | E.D. Tex. | 5:2004-cv-00275 |
| Lang, Joshua | MDL; S.D.N.Y. | 1:05-cv-02472-JSR | M.D. Ga. | 5:04-cv-00420-WDO |
| Langston, Larry | MDL; S.D.N.Y. | 1:04-cv-04212-JSR | N.D. Ala. | 2:02-cv-02352 LSC |
| Lebrun, Leonard | MDL; S.D.N.Y. | 1:05-cv-02995-JSR | D. Ariz. | CV 04 2668 |
| Lewicki, Francine | MDL; S.D.N.Y. | 1:05-cv-03883-JSR | D. Conn. | 3:05-cv-00278-JCH |
| Lewis, Bruce | MDL; S.D.N.Y. | 1:05-cv-01022-JSR | S.D. Tex. | 4:04-cv-04146 |
| Longoria, Leo | MDL; S.D.N.Y. | 1:04-cv-08317-JSR | Bankr. S.D. Tex. (McAllen) | 04-07011 (Adv. Proc.) |
| Lott, Karen | MDL; S.D.N.Y. | 1:04-cv-06834-JSR | S.D. Ohio | 2:04-cv-00062-EAS-NMK |
| Louis, Esther | MDL; S.D.N.Y. | 1:05-cv-05974-JSR | E.D. La. | 2:05-cv-01674-MVL-DEK |
| Lozano, Juan | MDL; S.D.N.Y. | 1:04-cv-04282-JSR | S.D. Tex. | 7:03-cv-00370 |

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Maddox, Sharon | MDL; S.D.N.Y. | 1:05-cv-03014-JSR | W.D. Mo. | 4:04-cv-01161-FJG |
| Marlow, Joanne | MDL; S.D.N.Y. | 1:04-cv-02887-JSR | S.D. Cal. | 3:2001-cv-02306 |
| Marshall, Robert | MDL; S.D.N.Y. | 1:04-cv-04276-JSR | S.D. Tex. | 4:03-cv-03058 |
| Mauldin, Linda | MDL; S.D.N.Y. | 1:04-cv-06827-JSR | S.D. Miss. | 2:04-cv-00124-WHB |
| Mayfield-Fleming, Ellen | MDL; S.D.N.Y. | 1:05-cv-00142-JSR | E.D. Mich. | 2:04-cv-73842-AJT |
| Mazola, Rhea | MDL; S.D.N.Y. | 1:04-cv-05471-JSR | D. Minn. | 0:03-cv-05777-JNE-RLE |
| McClure, Cheryl | MDL; S.D.N.Y. | 1:04-cv-09357-JSR | N.D. Okla. | 4:04-cv-00716-JOE-SAJ |
| McCollom, Scott | MDL; S.D.N.Y. | 1:05-cv-04702-JSR | W.D. Mo. | 4:05-cv-00232-SOW |
| McGuire, Peggy | MDL; S.D.N.Y. | 1:04-cv-05476-JSR | E.D. Tex. | 1:04-cv-00132-RHC |
| Missino, Rebecca | MDL; S.D.N.Y. | 1:05-cv-05975-JSR | E.D. La. | 2:05-cv-01675-MVL-ALC |
| Morgan, Chad | MDL; S.D.N.Y. | 1:05-cv-03015-JSR | W.D. Mo. | 4:05-cv-00067-HFS |
| Morgan, Jaclyn | MDL; S.D.N.Y. | 1:04-cv-04233-JSR | N.D. Ill. | 1:04-cv-01589 |
| Morrissey, Darla | MDL; S.D.N.Y. | 1:05-cv-03892-JSR | N.D. Ill. | 3:05-cv-50027 |
| Motley, Charles | MDL; S.D.N.Y. | 1:05-cv-01013-JSR | W.D. Mo. | 4:04-cv-00784-DW |
| Murray, Roy | MDL; S.D.N.Y. | 1:04-cv-06817-JSR | S.D. Ala. | 1:03-cv-00826-BHC |
| Nash, Steven | MDL; S.D.N.Y. | 1:05-cv-04701-JSR | W.D. Mo. (Kansas City) | 4:04-cv-00207-ODS |
| Nelsen, Michelle | MDL; S.D.N.Y. | 1:05-cv-03023-JSR | D. Utah (Central) | 2:04-cv-01194-TS |
| Nichols, Cheryl | MDL; S.D.N.Y. | 1:04-cv-09352-JSR | W.D. Mo. (Kansas City) | 4:04-cv-00782-HFS |
| Nix, Diane | MDL; S.D.N.Y. | 1:05-cv-03902-JSR | S.D. Miss. (Hattiesburg) | 2:05-cv-00049-KS-JMR |
| Novosel, Nancy | MDL; S.D.N.Y. | 1:05-cv-04700-JSR | D. Minn. | 0:05-cv-00543-PAM-RLE |
| Oppenheim, James | MDL; S.D.N.Y. | 1:05-cv-03891-JSR | N.D. Ill. (Chicago) | 1:05-cv-00622 |
| Ortegon, Claudia | MDL; S.D.N.Y. | 1:04-cv-04281-JSR | S.D. Tex. (McAllen Div.) | 7:03-cv-00167 |
| Parks, Johnny | MDL; S.D.N.Y. | 1:05-cv-04703-JSR | W.D. Mo. (Kansas City) | 4:05-cv-00233-DW |
| Parks, Morris J. | MDL; S.D.N.Y. | 1:05-cv-01021-JSR | S.D. Tex. (Galveston) | 3:04-cv-00556 |

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Parsley, Lugene | MDL; S.D.N.Y. | 1:03-cv-09266-JSR | Circ. Ct., Illinois (State Court Case) | 03-L-537 |
| Patterson, Henry | MDL; S.D.N.Y. | 1:05-cv-03901-JSR | S.D. Miss. (Southern) | 1:05-cv-00081-LF-RHW |
| Pawlowski, Conrad | MDL; S.D.N.Y. | 1:04-cv-09351-JSR | E.D. Mich. (Detroit) | 2:04-cv-72239-RHC-RSW |
| Pettis, Thomas | MDL; S.D.N.Y. | 1:04-cv-07625-JSR | S.D. Ala. (Mobile) | 1:04-cv-00432-CG-M |
| Portillo, Gerald | MDL; S.D.N.Y. | 1:04-cv-04239-JSR | D. Kan. (Kansas City) | 2:04-cv-2032-KHV-DJW |
| Quaile, Audrey | MDL; S.D.N.Y. | 1:05-cv-01009-JSR | D. Kan. (Kansas City) | 2:04-cv-02345-KHV-JPO |
| Ramey, Debbie | MDL; S.D.N.Y. | 1:04-cv-04218-JSR | S.D. Cal. | 03-cv-0525-BTM-RBB |
| Ramirez, Amber | MDL; S.D.N.Y. | 1:05-cv-00155-JSR | S.D. Tex. (Houston) | H-04-3721 |
| Randle, Margaret | MDL; S.D.N.Y. | 1:05-cv-01012-JSR | E.D. Mo. (St. Louis) | 4:04-cv-01540-FRB |
| Rather, Fred | MDL; S.D.N.Y. | 1:04-cv-08306-JSR | S.D. Tex. (Galveston) | 3:04-cv-00309 |
| Reynolds, Cynthia | MDL; S.D.N.Y. | 1:05-cv-03897-JSR | E.D. Mo. (Eastern Division) | 4:05-cv-00179-CAS |
| Rhome, Nancy | MDL; S.D.N.Y. | 1:04-cv-08555-JSR | W.D. Pa. (Pittsburgh) | 2:02-cv-01461-JFC |
| Richardson, Brandon | MDL; S.D.N.Y. | 1:04-cv-06844-JSR | W.D. Wash. (Tacoma) | 3:04-cv-05252-RJB |
| Riordan, Donald | MDL; S.D.N.Y. | 1:04-cv-07626-JSR | W.D. Ark. (Fayetteville) | 5:04-cv-05152-RTD |
| Roaf, Derek | MDL; S.D.N.Y. | 1:05-cv-00159-JSR | E.D. Wis. (Milwaukee) | 2:04-cv-00907-TJC |
| Robertson, Rhealene | MDL; S.D.N.Y. | 1:05-cv-03013-JSR | E.D. Mo. (St. Louis) | 4:04-cv-01823-FRB |
| Romancik, Genevieve | MDL; S.D.N.Y. | 1:04-cv-04283-JSR | W.D. Tex. (El Paso) | 03-cv-278 |
| Ross, Mearlean | MDL; S.D.N.Y. | 1:05-cv-00146-JSR | S.D. Miss. (Jackson) | 3:04-cv-00821-HTW-JCS |
| Rowe, Duane | MDL; S.D.N.Y. | 1:04-cv-04253-JSR | E.D. Pa. (Philadelphia) | 2:03-cv-043646-MMB |
| Rubio, Melissa | MDL; S.D.N.Y. | 1:05-cv-05967-JSR | D. Ariz. (Phoenix) | 2:05-cv-00669-SMM |
| Rutherford, Ken | MDL; S.D.N.Y. | 1:05-cv-00150-JSR | S.D. Ohio (Cincinnati) | 1:04-cv-00545-SSB-TSH |
| Schlafhauser, Shelli | MDL; S.D.N.Y. | 1:04-cv-02891-JSR | W.D. Pa. (Pittsburgh) | 2:02-cv-01450-DSC |
| Schmidt, Mark | MDL; S.D.N.Y. | 1:04-cv-04220-JSR | S.D. Cal. | 03-cv-730 |
| Schrader, Rebecca | MDL; S.D.N.Y. | 1:04-cv-04270-JSR | E.D. Tex. (Lufkin) | 9:03-cv-00318-TH |

6 of 9

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Shupe , Terry | MDL; S.D.N.Y. | 1:04-cv-07640-JSR | S.D. Tex. (Houston) | 4:04-cv-02525 |
| Sinegal, Sandra | MDL; S.D.N.Y. | 1:04-cv-02892-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00092-HC |
| Singleton, Marion | MDL; S.D.N.Y. | 1:04-cv-04260-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00533-HC |
| Skinner, Rosie | MDL; S.D.N.Y. | 1:05-cv-00156-JSR | S.D. Tex. (Houston) | 4:04-cv-03723 |
| Snyder, Lisa | MDL; S.D.N.Y. | 1:05-cv-00139-JSR | S.D. Ind. (Indianapolis) | 1:04-cv-01609-LJM-WTL |
| Surratt, Christopher | MDL; S.D.N.Y. | 1:05-cv-01017-JSR | W.D.N.C. (Asheville) | 1:04-cv-00232 |
| Talavera, Irene | MDL; S.D.N.Y. | 1:04-cv-06820-JSR | N.D. Ill. (Chicago) | 1:04-cv-01629 |
| Thibodaux, Flossie | MDL; S.D.N.Y. | 1:04-cv-04250-JSR | N.D., Ohio (Cleveland) | 1:04-cv-00266-DAP |
| Thomas, James | MDL; S.D.N.Y. | 1:04-cv-07628-JSR | S.D. Ill. (East St. Louis) | 3:04-cv-00439-GPM-CJP |
| Thomas, June | MDL; S.D.N.Y. | 1:04-cv-07501-JSR | S.D.N.Y. | 1:04-cv-07501-JSR |
| Thuernau, Mark | MDL; S.D.N.Y. | 1:04-cv-07634-JSR | E.D. Mo. (St. Louis) | 4:04-cv-00693-HEA |
| Tiskevich, James | MDL; S.D.N.Y. | 1:04-cv-06772-JSR | N.D. Ill. (Chicago) | 1:04-cv-01591 |
| Todd, Barbara | MDL; S.D.N.Y. | 1:05-cv-03899-JSR | N.D. Miss. (Delta Division) | 2:05-cv-00046-WAP-EMB |
| Townsend, Gary | MDL; S.D.N.Y. | 1:04-cv-02896-JSR | N.D. Tex. (Dallas) | 3:03-cv-01353 |
| Troupe, Antoinette | MDL; S.D.N.Y. | 1:04-cv-04244-JSR; 1:04-cv-04891-JSR | E.D. Mo. (St. Louis) | 4:04-cv-00232-SNL |
| Troutman, Alison | MDL; S.D.N.Y. | 1:04-cv-07629-JSR | S.D. Ind. (Indianapolis) | 1:04-cv-00875-RLY-TAB |
| Tutka, Kathleen | MDL; S.D.N.Y. | 1:04-cv-06816-JSR | N.D. Ala. (Northeastern) | 5:04-cv-00431-CLS |
| Upson, Dianna | MDL; S.D.N.Y. | 1:04-cv-04214-JSR | N.D. Ala. (Western) | 7:03-cv-01034-KOB |
| Van Buren, Gregory A. | MDL; S.D.N.Y. | 1:04-cv-08209-JSR | N.D. Tex. (Dallas) | 3:04-cv-01508 |
| Vasquez, Sergio | MDL; S.D.N.Y. | 1:05-cv-01019-JSR | N.D. Tex. (Forth Worth) | 4:04-cv-00756 |
| Vaughn, Dennis | MDL; S.D.N.Y. | 1:04-cv-04263-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00562-RC |
| Violette, Damon | MDL; S.D.N.Y. | 1:04-cv-04251-JSR | D. Or. (Portland) | 3:04-cv-00187-AS |
| Vnencak, James | MDL; S.D.N.Y. | 1:04-cv-06829-JSR | D.N.J. (Newark) | 2:04-cv-00501-HAA-GDH |
| Waltman, Michael | MDL; S.D.N.Y. | 1:05-cv-04705-JSR | S.D. Miss. (Hattiesburg) | 2:05-cv-00083-KS-JMR |

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Waltman, Willie | MDL; S.D.N.Y. | 1:04-cv-06818-JSR | S.D. Ala. (Mobile) | 1:04-cv-00080-CG-B |
| Walton, Rosie | MDL; S.D.N.Y. | 1:05-cv-03903-JSR | S.D. Miss. (Western) | 5:05-cv-00023-DCB-JCS |
| Washington, Cheryl | MDL; S.D.N.Y. | 1:05-cv-05973-JSR | E.D. La. (New Orleans) | 2:05-cv-01673-LMA-JCW |
| Watkins, Edward | MDL; S.D.N.Y. | 1:05-cv-01010-JSR | D. Md. (Baltimore) | 1:04-cv-03849-SMN |
| Watson, Charles | MDL; S.D.N.Y. | 1:04-cv-04278-JSR | S.D. Tex. (Houston) | 4:03-cv-043357 |
| Watson, William | MDL; S.D.N.Y. | 1:05-cv-04693-JSR | N.D. Ala. (Northeastern) | 5:05-cv-00298-SLB |
| Weber, Diane | MDL; S.D.N.Y. | 1:04-cv-04248-JSR | W.D.N.Y. (Rochester) | 6:03-cv-06063-MAT-JWF |
| Weeks, Cynthia | MDL; S.D.N.Y. | 1:04-cv-04221-JSR | S.D. Cal. (San Diego) | 3-cv-731 |
| Weimer, Terry | MDL; S.D.N.Y. | 1:05-cv-04698-JSR | D. Minn. | 0:05-cv-00481-JRT-FLN |
| Wellman, Linda | MDL; S.D.N.Y. | 1:04-cv-04273-JSR | S.D. Tex. (Galveston) | 3:03-cv-00574 |
| Wells, Richard | MDL; S.D.N.Y. | 1:04-cv-08204-JSR | D. Minn. | 0:04-cv-03446-MJD-JGL |
| Westfall, Willard | MDL; S.D.N.Y. | 1:04-cv-04255-JSR | E.D. Pa. (Philadelphia) | 2:04-cv-01117-SD |
| Wigginton, Elizabeth | MDL; S.D.N.Y. | 1:04-cv-05466-JSR | S.D. Ill. (East St. Louis) | 3:03-cv-00384-DRH-CJP |
| Wilfong, Saylor | MDL; S.D.N.Y. | 1:05-cv-00160-JSR | N.D.W. Va. (Clarksburg) | 1:04-cv-205 |
| Williams, Sharon | MDL; S.D.N.Y. | 1:04-cv-07638-JSR | M.D. Tenn. (Nashville) | 3:04-cv-00662 |
| Winsor, George | MDL; S.D.N.Y. | 1:04-cv-02890-JSR | D. Mass. (Boston) | 1:02-cv-10387-JLT |
| Wolf, Judith | MDL; S.D.N.Y. | 1:05-cv-03012-JSR | E.D. Mo. (St. Louis) | 4:04-cv-01822-CAS |
| Wood, Jerry | MDL; S.D.N.Y. | 1:04-cv-04245-JSR | E.D. Mo. (St. Louis) | 4:04-cv-00233-DJS |
| Wright, Paul | MDL; S.D.N.Y. | 1:04-cv-04035-JSR | M.D. Tenn. (Nashville) | 3:03-cv-00809 |
| Wright, Robert | MDL; S.D.N.Y. | 1:05-cv-05969-JSR | M.D. Fla. (Tampa) | 8:05-cv-00665-EAK-MAP |
| Yarwood, Douglas | MDL; S.D.N.Y. | 1:04-cv-06825-JSR | E.D. Mo. (St. Louis) | 4:04-cv-00133-ERW |
| | | | | |

Due to incomplete information, this list may exclude an action that was pending on the Petition Date but was subsequently dismissed as to all parties, or include such action without noting the subsequent dismissal.

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|-----------|----------|----------------------------|--------------------|---------------------------------------|
|           |          |                            |                    |                                       |
|           |          |                            |                    |                                       |
|           |          |                            |                    |                                       |

**Exhibit C**