UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND
COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

This Document Relates To:

All Cases

MDL No. 1:13-md-02419

Hon. F. Dennis Saylor, IV

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION TO TRANSFER FILED ON BEHALF OF VIRGINIA PLAINTIFFS IN CASES NOT NAMING NECC AS A DEFENDANT**

The Roanoke Frith & Ellerman Plaintiffs[1] appear specially by counsel to file this supplemental memorandum in opposition to the motion of the Trustee for the Estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor") to transfer personal injury cases pending in various courts to the United States District Court for the District of Massachusetts, and in support thereof state as follows:

**Introduction**

In a proceeding on May 14, 2013, the Court requested additional briefing on the following issue: (1) Whether the Court could manage potentially duplicative discovery requests to NECC without transferring the Roanoke non-debtor cases to the MDL.

---

[1] Chance Everett Baker, Patrick Johnston, and Ferman Wertz (the "Roanoke Frith & Ellerman Plaintiffs") have filed Virginia cases naming only the non-debtor defendants – Insight Health Corp., Insight Health Services Corp., Image Guided Pain Management, P.C., John Mathis, M.D., and Robert O'Brien, M.D., (the "Insight Defendants").

1

This memorandum concludes that NECC discovery can be adequately managed without the drastic measure of transferring the Roanoke non-debtor cases to the MDL. Further, the "related to" jurisdiction under 28 U.S.C. § 1334(b) does not extend to these non-debtor cases because the Insight Defendants are unaffiliated with the debtor. Even if such jurisdiction does exist, the Court should nonetheless abstain from exercising jurisdiction under 28 U.S.C. § 1334(c)(1) because the plaintiffs' cases involve unique and novel theories of recovery under Virginia state-law and will require extensive discovery of the local non-debtor defendants best managed in state court.

## Factual Background

The Roanoke Frith & Ellerman Plaintiffs sued the Insight Defendants after they were injured by a contaminated steroid injection, methylprednisolone acetate ("MPA").[2] NECC sold MPA to the Insight Defendants – but the Insight Defendants were not mere participants in the chain of distribution. They told the plaintiffs (and their doctors and insurers) that they had been injected with Depo-Medrol, a brand name, Pfizer drug, when in fact they were exposed to contaminated MPA. This pattern of deceptive practice may have been motivated by the Insight Defendants' desire to conceal the true source of the drug it selected from the discerning scrutiny of insurers and doctors.

By bringing their claims in Virginia courts, the Roanoke Frith & Ellerman Plaintiffs have chosen a forum best suited to address these distinct, unique areas of state law against the non-debtor defendants in Roanoke, Virginia.

---

[2] The plaintiffs initially named Alaunus Pharmaceutical, LLC, as a defendant. The cases were removed to federal court. On April 29, 2013, the plaintiffs voluntarily dismissed Alaunus, and filed a motion to remand (which is pending). The remaining state law claims are exclusively focused on the Insight Defendants, who are unaffiliated, non-debtor parties.

2

**Law and Argument**

A. **Bankruptcy Code Allows Court to Manage Third-Party Discovery Requests to NECC and Associates Without Transferring the Non-Debtor Cases**

The automatic stay authorizes the Court to manage third-party discovery requests to NECC without the transferring the non-debtor cases. 11 U.S.C. § 105. The stay may be extended to cover associates of the debtor. A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986). The Court can exercise its authority under the automatic stay to manage discovery in both federal and state court cases. For example, the Court can place limits on discovery from the debtor in state and federal cases involving non-debtor parties if it would significantly distract from the debtor's attempts at reorganization. In re Towner Petroleum Co., 48 B.R. 182 (Bankr. W.D. Okla. 1985). Similarly, a non-debtor party may obtain relief from the automatic stay to depose a debtor in a third-party action. In re Bradley, 2000 WL 33710900 (D. Utah 2000).

In the event the Court lifts a stay of discovery, the federal rules and Massachusetts law provide significant protections for third-party requests.

**For non-debtor cases in federal court**, third-party discovery is governed by Rule 45, which also "applies in all cases under the [Bankruptcy] Code." Fed. R. Civ. P. 45; (applicable to bankruptcy cases by Fed. R. Bank. P. 9016). A subpoena must issue from the district where the witness is to be deposed or the documents will be produced:

> (2) *Issued from Which Court.* A subpoena must issue as follows: (A) for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held; (B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.
>
> Fed. R. Civ. P. 45(a)(2).

NECC and its associates are located in the District of Massachusetts. Therefore, only this Court will have the power to enforce out-of-state requests for discovery in federal cases involving non-debtor defendants. Having temporarily lifted the stay to allow such discovery, the Court can still impose sanctions on any party responsible for issuing a subpoena who fails to take reasonable steps to avoid imposing undue expense on NECC and its associates. Fed. R. Civ. P. 45(c)(1). The Court can also quash or modify any subpoena that subjects NECC or its associates to undue burden or expense. Fed. R. Civ. P. 45(c)(3). Further, NECC can seek a protective order from the Court from unduly burdensome discovery. Fed. R. Civ. P. 26 (applicable to bankruptcy cases by Fed. R. Bank. P. 7026).

**For non-debtor cases in state court**, third-party discovery would be governed by Massachusetts law. Only a Massachusetts judge can enforce a subpoena issued to NECC or its associates. Under Mass. Gen. Laws, Chapter 223A, § 11 (2011), an out-of-state party may apply to a Massachusetts trial court to compel testimony or production of evidence:

> A court of this commonwealth may order a person who is domiciled or is found within this commonwealth to give his testimony or statement or to produce documents or other things for use in a proceeding in a tribunal outside this commonwealth. The order may be made upon the application of any interested person . . . .

See also Application of O'Brien, 403 Mass. 1005, 529 N.E. 886 (1988) (denying appeal of an order granting the application of New Jersey litigant to depose a Massachusetts resident).  The Massachusetts trial court will may then issue an order compelling discovery from the local third-party. Id.

4

Under the federal rules and Massachusetts law, the Court is well positioned to coordinate and preside over third-party discovery requests issued to NECC and its associates. Practically speaking, it is unlikely that any plaintiff will seek repetitive discovery from NECC or its associates. First, the plaintiffs will work with the federal-state liaison counsel to coordinate discovery. Second, the plaintiffs have no incentive to duplicate discovery efforts; there is little to gain from duplicate deposition testimony. Third, the depositions themselves will be limited in this case due to the nature of the pending government investigations; it is hard to imagine any testimony that would not implicate the deponent's Fifth Amendment rights. Fourth, the key documents in this case have already been obtained by government investigators and will soon be part of the public record. Simply put, the scope of NECC discovery will be limited at best.

**Conclusion**

The automatic stay permits the Court to manage third-party discovery requests to the debtor, NECC, and its associates. 11 U.S.C. § 105. The stay extends to cover proceedings pending in both state and federal court, thereby expanding the reach of the Court to oversee the debtor's reorganization while allowing the non-debtor cases to proceed in local forums. 11 U.S.C. § 362. For all practical purposes, whatever discovery is taken from the debtor can be managed by the plaintiffs through the steering committee and facilitated through its liaison counsel. The focus of the plaintiff's efforts will be in Roanoke, Virginia, where the difficult task of deposing the Insight Defendants' employees will require extensive local discovery. Accordingly, the plaintiffs ask the Court to abstain from exercising jurisdiction in these non-debtor cases.

For the foregoing reasons, the Roanoke Frith & Ellerman Plaintiffs respectfully request that the Trustee's motion to transfer the Roanoke non-debtor cases be denied.

Respectfully submitted,

ROANOKE FRITH & ELLERMAN PLAINTIFFS

/s/ Robert E. Dean, II
_____
By Counsel

T. Daniel Frith, III, Esquire (VSB #22065)
Lauren M. Ellerman, Esquire (VSB #68464)
Robert E. Dean, II, Esquire (VSB #80288)
FRITH & ELLERMAN LAW FIRM, PC
P. O. Box 8248
Roanoke, VA 24014
Telephone: (540) 985-0098
Facsimile: (540) 985-9198
Email: rdean@frithlawfirm.com

*Counsel for Roanoke Frith & Ellerman Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of May 2013, a true and exact copy of the foregoing was filed with this Court's CM/ECF filing system, thereby providing electronic notice to those counsel of record listed below who are registered users of the system. The undersigned also certifies that on this 20th day of May 2013, a true and exact copy of the foregoing was mailed to the following counsel of record:

>Christopher E. Hassell, Esq.
>Bonner Kiernan Trebach & Crociata
>1233 20th Street, NW, 8th Floor
>Washington, DC 20036
>
>*Counsel for Insight Health Corp., Insight Health Services Corp.,
>and Insight Health Services Holding Corp.*
>
>Nancy F. Reynolds, Esq.
>LECLAIRRYAN
>1800 Wells Fargo Tower, Drawer 1200
>Roanoke, VA 24006
>
>*Counsel for Robert O'Brien, MD, John M. Mathis, MD,
>and Image Guided Pain Management, PC*

>/s/ Robert E. Dean, II
>_____