IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:    NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)<br>) Case No. 1:13-md-02419-FDS<br>) |
| This document relates to all cases. | ) |

SUPPLEMENTAL POST-HEARING MEMORANDUM
BY ROANOKE-AREA LICHTENSTEINFISHWICK INTERVENORS AND
BROWN & JENNINGS INTERVENORS IN OPPOSITION
TO TRUSTEE'S TRANSFER MOTION [DOC. NO. 37]

The Roanoke-Area LichtensteinFishwick Intervenors, by counsel, and the additional Roanoke, Virginia-area intervenors also named below, who are represented by the firm of Brown & Jennings PLC ("Brown & Jennings Intervenors"), by counsel, and pursuant to the opportunity afforded by the Court during the status conference/hearing on May 14, 2013, respectfully submit this Supplemental Post-Hearing Memorandum in opposition to the Chapter 11 Trustee's transfer motion [Doc. No. 37], as that motion relates to persons like these intervenors who desire to pursue purely state law causes of action, and to exercise constitutional rights afforded them by the United States and Virginia Constitutions, respectively, including the right to a jury trial against the "Insight defendants,"[1] persons and/or entities who are "downstream of" and, more importantly, not related to the Debtor.[2]

Collectively, these Intervenors adopt and endorse the arguments on the question of "related to" jurisdiction arising from state law claims asserted against such defendants that were

---

[1] The "Insight defendants" are Insight Health Corp., Image Guided Pain Management, PC, Dr. John M. Mathis and Dr. Robert F. O'Brien, and may also include Insight Health Services Corp. and Insight Health Services Holding Corp.

[2] The Brown & Jennings Intervenors, like the Roanoke-Area LichtensteinFishwick Intervenors, are persons "who now or in the future may be subject to or affected by the relief requested in the Trustee's transfer motion" (*see* MDL Order No. 5 [Doc. No. 87 at 1, ¶1(a)], and hereby join the Roanoke-Area LichtensteinFishwick Intervenors in appearing for the special and limited purpose of opposing the Chapter 11 Trustee's transfer motion [Doc. No. 37]. This submission is without waiver of rights and without consent to the jurisdiction of the Court, generally or specifically.

advanced during the May 14 status conference/hearing (and earlier on brief) by the Roanoke Gentry Locke Plaintiffs, by the Roanoke Frith & Ellerman Plaintiffs, and by the Plaintiff's Steering Committee.[3]   These intervenors reiterate (and the Brown & Jennings Intervenors adopt) the arguments advanced in the Roanoke-Area LichtensteinFishwick Intervenors earlier memorandum [Doc. No. 129] - namely, that under the Third Circuit's analyses and case outcomes in *Pacor, Inc. v. Higgins,* 743 F.3d 984 (3rd Cir. 1984); *In re Federal-Mogul, Inc.*, 300 F.3d 368 (3rd Cir. 2002); *In re Combustion Engineering, Inc.*, 391 F.3d 190 (3rd Cir. 2004); and *W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 591 F.3d 164 (3rd Cir. 2009), there is no "related to" jurisdiction over contribution/indemnity claims that the unrelated Insight defendants might seek to assert against the Debtor.   The Debtor is protected by the automatic stay; therefore, such claims would have to be pursued against the Debtor in the bankruptcy court unless, in what would necessarily be another separate proceeding in the bankruptcy court, the Insight defendants sought relief from the automatic stay to pursue contribution claims against the Debtor in the context of pending state court actions.   In either event, the separate proceeding that the Third Circuit has repeatedly held is fatal to "related to" jurisdiction in this context would be required (and the granting of such relief from the automatic stay would be profoundly at odds with the policy arguments advanced on behalf of the Trustee at the May 14 hearing).

In any event, there are Virginia causes of action available against the Insight defendants, which would not give rise to a right on the part of the Insight defendants to seek contribution against the Debtor.   The common law rule of no contribution among joint tortfeasors has been

---

[3]   These Intervenors additionally endorse and adopt arguments advanced in filings today by the Roanoke Gentry Locke Plaintiffs and the Roanoke Frith & Ellerman Plaintiffs, *see* Docs. No. 157 and No. 158, particularly (but without limitation) the Roanoke Gentry Locke Plaintiffs' argument that §157(b)(5) does not authorize this Court to order that matters pending in state courts against non-debtors be transferred out of state court and to this Court.

relaxed in Virginia only where the claim being asserted against the putative contribution plaintiff "results from negligence and involves no moral turpitude." Va. Code §8.01-34.[4] Under this statute, claims for actual fraud (as have been asserted by the Roanoke Gentry Locke Plaintiffs and the Roanoke Frith & Ellerman Plaintiffs, and as these Intervenors would expect to assert) against the Insight defendants would not give rise to contribution claims by the Insight defendants against the Debtor. Fraud (actual or constructive) committed in the context of health care is not transformed into or subsumed within contemporaneously made claims of medical negligence. *Guilliams v. Wray*, 79 Va. Cir. 244, 250-251 (Roanoke Cir. 2009)("[T]here is nothing in the [Virginia Medical Malpractice] Act that bars a party in a medical malpractice action from proceeding against a health care provider under more than one legal theory or cause of action."). Further, actual fraud as has been alleged against the Insight defendants involves moral turpitude and so for that additional reason does not give rise to a right under the Virginia statute to seek contribution. Where there is no claim for contribution, by definition there cannot be "related to" jurisdiction.

Similarly, these Intervenors expect to assert battery claims against the Insight defendants, who did not obtain informed consent from these Intervenors with regard to the subject injections. Under Virginia law, the failure to obtain informed consent is tantamount to proceeding with no consent. *Rizzo v. Schiller*, 248 Va. 155, 159, 445 S.E.2d 153, 155-156 (1994). The subject injections are thus unconsented touchings, and the tort of battery "protects the individual against even the slightest unconsented touching." *Cavuto v. Buchanan County Department of Social Services*, 44 Va.App. 326, 330, 605 S.E.2d 287, 289 (2004). An operation on a patient without

---

[4] Section 8.01-34 of the Virginia Code provides that "contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude."

the patient's consent constitutes battery.  *Pugsley v. Privette*, 220 Va. 892, 899, 263 S.E.2d 69, 74 (1980).   Battery is an intentional tort and is distinguished in this regard from negligence.  *Russo v. White*, 241 Va. 23, 26, 400 S.E.2d 160, 162 (1991)(referring to battery as a "traditional intentional tort").   *See also Koffman v. Garnett*, 265 Va. 12, 18, 19, 574 S.E.2d 258, 261, 262 (2003)(Kinser, J., concurring in part and dissenting in part)(noting that battery is an intentional tort and arguing for the need to "not blur the lines between gross negligence and battery because the latter is an intentional tort").   Contribution thus will not lie with respect to battery claims against the Insight defendants.

## Conclusion

These Intervenors reiterate and adopt arguments already made by themselves and others with regard to the absence of "related to" jurisdiction under these circumstances.   Under the better-reasoned Third Circuit cases, as discussed, there is no such jurisdiction here.  Additionally, there are valid state law intentional tort claims that these Intervenors can assert, as to which Virginia law does not permit claims of contribution.  As such, there cannot be "related to" jurisdiction as to such claims, providing additional bases on which this Court, respectfully, should deny the Trustee's transfer motion.

Respectfully submitted,

**ROANOKE-AREA LICHTENSTEINFISHWICK INTERVENORS:**

| | |
|---|---|
| **GLADYS G. AUSTIN** | **DEBORAH HAGA** |
| **RICHARD BLANKENSHIP** | **LARRY HALL** |
| **SHIRLEY DOYLE** | **SUSANNE HASTINGS** |
| **RENATE FARISS** | **STUART KATZ** |
| **NANCY GOODFELLOW** | **JANE MCKEON** |
| **NORMA HURLEY** | **ANGELA NORMAN** |
| **MABEL HUTCHERSON** | **JUDY RICE** |
| **ARNOLD MOON** | **LARRY RICE** |
| **SHARON OVERSTREET** | **DEANNA SMITH** |
| **MARY RADFORD** | **STEVIE THOMAS** |
| **NOSWORTHY REID** | **BRENDA VARLEY** |
| **CHERYL BROGAN** | **ANN VASSAR** |
| **CHRISTOPHER COMPTON** | **MIRIAM WARREN** |
| **TERRY DUNCAN** | **CHRISTINE WHEELER** |

By: /s/ Gregory L. Lyons
     Of Counsel

John E. Lichtenstein (VSB #27048)
E-mail: jel@vatrials.com
John P. Fishwick, Jr. (VSB #23285)
E-mail: jpf@vatrials.com
Gregory L. Lyons (VSB #24037)
E-mail: gll@vatrials.com
Monica L. Mroz (VSB #65766)
E-mail: Monica@vatrials.com
LICHTENSTEINFISHWICK PLC
101 South Jefferson St., Suite 400
Roanoke, VA 24011
Ph: (540) 343-9711
Fax: (540) 343-9713
    *Counsel for Roanoke-Area LichtensteinFishwick Intervenors*

**BROWN & JENNINGS INTERVENORS:**

**Jacob Helm**
**Doris West**
**Thomas Goodwin**
**Jimmy Green**
**Patricia Jennings**
**Susan Kincanon**
**Ashlee Lakin**
**Virginia Milne**
**Deborah Rogers**
**David Rose**
**Regina Waddell**

By:  /s/ Gregory L. Lyons for P. Brent Brown
            Of Counsel

P. Brent Brown (VSB # 18760)
E-mail:   brent@brownjenningslaw.com
William A. Jennings (VSB # 24176)
E-mail:   andy@brownjenningslaw.com
BROWN & JENNINGS, PLC
30 Franklin Road, Suite 700
Roanoke, Virginia 24011
Telephone: (540) 444-4010
Fax:  (540) 444-4011
   *Counsel for Brown & Jennings Intervenors*

## CERTIFICATE OF SERVICE

I, Gregory L. Lyons, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be provided to those indicated in the NEF as non-registered participants.

    /s/   Gregory L. Lyons
    Counsel for Roanoke-Area
    LichtensteinFishwick Intervenors