UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Devilli v. Ameridose, LLC, et al.*<br>Civil Action No. 1:13-11167-FDS | MDL No. 1:13-md-2419-FDS |

**PLAINTIFF'S MOTION TO SEVER AND REMAND CLAIMS AGAINST PREMIER ORTHOPEDIC ASSOCIATES SURGICAL CENTER, LLC AND RELATED PARTIES**

Parties Dale and Allison Devilli hereby move this Court to enter an Order severing plaintiffs' claims against defendant Premier Orthopedic Associates and related parties and remanding those claims to the Superior Court of New Jersey, and in support of their motion state the following:

1. Plaintiffs instituted this action by filing a Complaint in the Superior Court of New Jersey, Cumberland County, Law Division, naming as defendants Ameridose, LLC, Alanus Pharmaceutical, LLC, Medical Sales Management, Inc., Gregory Conigliaro, Barry Cadden, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, and a number of fictitious defendants permissible under the New Jersey Rules of Civil Procedure. The claims against these defendants all related to the manufacturing, compounding or distributing of contaminated methylprednisolone acetate ("MPA").

2. Plaintiffs also named as defendants in their Complaint Premier Orthopedic and Sports Medicine Associates of Southern New Jersey, LLC, d/b/a Premier Orthopedic Associates,

Premier Orthopedic Associates Surgical Center, LLC and Kimberly Yvette Smith-Martin (collectively referred to as "Healthcare Defendants"). All claims against the Healthcare Defendants relate to the administration of contaminated MPA to plaintiff Dale Devilli as part of professional medical care being rendered to plaintiff Dale Devilli.

3. On April 25, 2013 defendant Ameridose, LLC filed a Notice of Removal effecting the removal of this case from New Jersey state court to the United States District Court for the District of New Jersey. On May 10, 2013 the case was transferred to this Court pursuant to the Order of the MDL panel and made part of New England Compounding Pharmacy Products Liability Litigation, MDL No. 1:13-md-2419-FDS. The Notice of Removal filed by Ameridose, LLC alleged that removal was proper pursuant to the provisions of 28 U.S.C. §1332, diversity of citizenship. Defendant acknowledged, however, that the Healthcare Defendants were alleged by plaintiffs to be citizens of New Jersey and, therefore, not diverse to the plaintiffs who are also citizens of New Jersey.[1]

4. The Notice of Removal alleged that the Healthcare Defendants were not "properly joined" and asserted that the medical negligence claims against those defendants be severed pursuant to the provisions of Rule 21 of the Federal Rules of Civil Procedure. Defendant

---

[1] Plaintiffs acknowledge that defendant's Notice of Removal also asserted that removal was proper pursuant to the provisions of 28 U.S.C. §1334(b) as a case "related to" the pending bankruptcy. Plaintiffs do not agree that their claims against the Healthcare Defendants are related to the NECC bankruptcy proceeding, and therefore do not believe that removal was proper under 28 U.S.C. §1334(b). That issue has been extensively briefed by other parties in this MDL and plaintiffs will not burden the Court with additional arguments on that issue. Moreover, if the claims against the Healthcare Defendants are severed there would be complete diversity of citizenship between plaintiffs and the remaining defendants and plaintiffs' claims against those defendants could appropriately proceed in this Court without regard to "related case" jurisdiction..

Ameridose, LLC asserted that the severing of plaintiffs' claims against the Healthcare Defendants was warranted because:

> 41. Plaintiffs' negligence claims are significantly different that the products claims. For example, Plaintiff's claims against Ameridose involve underlying issues that allege manufacture of MPA (which Ameridose never did), compliance with federal "good manufacturing practices," and the adequacy of warnings provided with MPA. To the contrary, Plaintiffs' claims against the Healthcare Defendants involve issues relating to the Healthcare Defendants' conduct in the administration of MPA. Thus, Plaintiffs' product liability claims focus on conduct at the manufacturing plant, while **Plaintiffs' medical malpractice claims focus on the Healthcare Defendants' conduct at the point of administration.**
>
> 42. Similarly, Plaintiffs' claims against Ameridose will require the testimony of numerous individuals involved in the design, formulation, and manufacture of MPA, as well the FDA's inspection of the NECC and Ameridose facilities. These witnesses will in all likelihood be corporate representatives and employees of the manufacturing facilities, none of which are in New Jersey. These claims will also be based on documents from the facilities relating to the manufacturing process for the batches of MPA subject to the recall. To the contrary, **Plaintiffs' negligence claims against the Healthcare Defendants will require testimony from Plaintiffs, Dr. Smith, and employees of other Healthcare Defendants. Discovery of these claims can be completed through depositions of a small number of New Jersey witnesses.**
>
> 43. Such severance would not be prejudicial to Plaintiffs but failure to sever would prejudice Ameridose's ability to defend itself in this litigation and against similar claims made in multiple state and federal courts.

Ameridose Notice of Removal, pp. 10-11.(Emphasis Supplied.)

5. Plaintiffs agree that severing their claims against the Healthcare Defendants is warranted. This Court is authorized by Rule 21 of the Federal Rules of Civil Procedure to sever those claims thereby establishing diversity jurisdiction over this action. See e.g., Formosa v. Lowes Home Centers, Inc., 806 F.Supp. 2d 1181 (N.D. Ala. 2011).

6. Defendant correctly points out in the Notice of Removal that discovery related to

plaintiffs' claims against the Healthcare Defendants will require depositions and document discovery directed to New Jersey based individuals and businesses.  There is no reason for this Court to oversee that discovery and it is more appropriately conducted under the New Jersey Rules of Civil Procedure.  If this Court grants plaintiffs' motion to sever those claims, plaintiffs will agree not to conduct any discovery against NECC related entities in ths New Jersey proceedings but rather seek to obtain any necessary information through the MDL proceedings.

     WHEREFORE, it is respectfully requested that the Court enter an Order severing plaintiffs' claims against the Healthcare Defendants and remanding those claims to the New Jersey Superior Court.

**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP**

\s\ Thomas Martin
THOMAS MARTIN
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
215-567-8300
Attorney for Plaintiffs