UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Devilli v. Ameridose, LLC, et al.*<br>Civil Action No. 1:13-11167-FDS | MDL No. 1:13-md-2419-FDS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER AND REMAND CLAIMS AGAINST PREMIER ORTHOPEDIC ASSOCIATES SURGICAL CENTER, LLC AND RELATED PARTIES**

**I.     PRELIMINARY STATEMENT**

On September 12, 2012 plaintiff Dale Devilli went to his doctor at Premier Orthopedics, Dr. Kimberly Smith Martin, and received an epidural injection of methylprednisolone acetate ("MPA"). Because the MPA was contaminated Dale Devilli contracted fungal meningitis which has rendered him incapacitated and subjected him to extreme pain and suffering requiring extensive medical care. It is likely that he will need extensive medical treatment for the remainder of his life. Plaintiffs have strong medical malpractice claims against Premier Orthopedics and the related Healthcare Defendants named in their Complaint. It is presumed that those defendants have insurance adequate to provide compensation for plaintiffs' damages. Plaintiffs also have valid claims against Ameridose, LLC and other entities related to New England Compounding Center ("NECC"). In contrast to their claims against the Healthcare Defendants, however, plaintiffs' claims against the NECC related defendants are subject to

limited insurance and other asset pools which must be shared with hundreds, if not thousands, of other claimants. Plaintiffs, therefore, seek to have their claims against the Healthcare Defendants severed and remanded to state court where they can proceed in the normal course. It is submitted that plaintiffs' motion should be granted because:

- Unless the Healthcare Defendants are severed, there is not complete diversity of citizenship to support this Court's jurisdiction under 28 USC 1332;

- Plaintiffs' state law claims against Healthcare Defendants will involve questions of New Jersey state law which are more appropriately determined New Jersey state courts;

- Defendants will suffer no prejudice by severance of the claims against the Healthcare Defendants;

- If the motion is not granted plaintiffs will either be forced to try their New Jersey state law claims against New Jersey defendants in Massachusetts before a Massachusetts jury or will have the adjudication of their claims delayed until the conclusion of the pending MDL case.

## II.   PROCEDURAL HISTORY

Plaintiffs instituted this action by filing a Complaint in the Superior Court of New Jersey, Cumberland County, Law Division, naming as defendants Ameridose, LLC, Alanus Pharmaceutical, LLC, Medical Sales Management, Inc., Gregory Conigliaro, Barry Cadden, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, and a number of fictitious defendants permissible under the New Jersey Rules of Civil Procedure. The claims against these defendants all related to the manufacturing, compounding or distributing of contaminated methylprednisolone acetate ("MPA"). Plaintiffs did not name NECC as a defendant because the bankruptcy automatic stay was in effect. Plaintiffs also named as defendants in their Complaint Premier Orthopedics and Sports Medicine Associates of Southern New Jersey, LLC, d/b/a

Premier Orthopedic Associates, Premier Orthopedic Associates Surgical Center, LLC and Kimberly Yvette Smith (collectively referred to as "Healthcare Defendants"). All claims against the Healthcare Defendants relate to the administration of contaminated MPA to plaintiff Dale Devilli as part of professional medical care being rendered to plaintiff Dale Devilli.

On April 25, 2013 defendant Ameridose, LLC filed a Notice of Removal effecting the removal of this case from New Jersey state court to the United States District Court for the District of New Jersey. On May 10, 2013 the case was transferred to this Court pursuant to the Order of the MDL panel and made part of New England Compounding Pharmacy Products Liability Litigation, MDL No. 1:13-md-2419-FDS. The Notice of Removal filed by Ameridose, LLC alleged that removal was proper pursuant to the provisions of 28 U.S.C. §1332, diversity of citizenship. Defendant acknowledged, however, that the Healthcare Defendants were alleged by plaintiffs to be citizens of New Jersey and, therefore, not diverse to the plaintiffs who are also citizens of New Jersey.[1]

Defendant's Notice of Removal suggested that it would be appropriate for the Court to sever the professional negligence claims against the Healthcare Defendants and remand those claims to state court. Plaintiffs agree with defendant's suggestion and by this motion seek to

---

[1] Plaintiffs acknowledge that defendant's Notice of Removal also asserted that removal was proper pursuant to the provisions of 28 U.S.C. §1334(b) as a case "related to" the pending bankruptcy. Plaintiffs do not agree that their claims against the Healthcare Defendants are related to the NECC bankruptcy proceeding, and therefore do not believe that removal was proper under 28 U.S.C. §1334(b). That issue has been extensively briefed by other parties in this MDL and plaintiffs will not burden the Court with additional arguments on that issue. Moreover, if the claims against the Healthcare Defendants are severed there would be complete diversity of citizenship between plaintiffs and the remaining defendants and plaintiffs' claims against those defendants could appropriately proceed in this Court without regard to "related case" jurisdiction.

have the Court accomplish that.

## III.     ARGUMENT

### A.     The Healthcare Defendants Were Not Fraudulently Joined

The Notice of Removal filed by Ameridose includes an assertion that the Healthcare Defendants named by plaintiffs were "fraudulently joined" and therefore their citizenship can be ignored in determining whether diversity jurisdiction exists.  This assertion appears to be contradicted by the defendant's suggestion that claims against the Healthcare Defendants should be severed.  In any event, an examination of plaintiffs' Complaint unequivocally establishes that the Healthcare Defendants were not fraudulently joined and that plaintiffs have valid claims against them.  Thus, there is not complete diversity and unless those claims are severed and diversity of citizenship cannot provide this Court with jurisdiction over this case.

The standards for determining whether a defendant's citizenship may be disregarded because of fraudulent joinder are well settled.  First, it is clear that the removal statute must be narrowly construed "and all doubts should be resolved in favor of remand."  Abels v. State Farm Fire and Casualty Company, 770 F.2d 26, 29 (3d Cir. 1985).  "If there is even a possibility that a state court would find that the complaint states a cause of action against anyone of the resident defendants, the federal court must find that the joinder is proper and remand the case to state court."  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity jurisdiction has a heavy burden of persuasion."  Id. citing Steel Valley Authority v. Union Switch and Signal Division, American Standard, Inc., 809 F.2d 1006, 1012 (3d Cir. 1987).

New Jersey is a notice pleading state. The New Jersey Rules of Civil Procedure require a pleading that sets forth a claim for relief to "contain a statement of the facts on which its claim is based, showing that the pleader is entitle to relief, and a demand for judgment for the relief for which the pleader claims entitlement." N.J.R. Civ. P. 4:5-2. Plaintiffs' Complaint clearly alleges that defendant Smith acting on behalf of Premier injected Dale Devilli with contaminated MPA and is liable for all damages sustained either under the New Jersey Product Act, N.J. Stat. §2A:58C-8 or under principles of professional negligence. Certainly, it cannot be said that those claims are entirely frivolous. Therefore, the claims against the Healthcare Defendants destroy this Court's diversity jurisdiction.

  **B.** **This Court Has The Discretion To Sever Claims Against The Healthcare Defendants And Should Do So**

As Ameridose asserted in its Notice of Removal, this Court clearly has the power to sever the plaintiffs' claims against the Healthcare Defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure. It has been held that preserving the Court's jurisdiction is an appropriate reason to sever the claims against non-diverse parties. See e.g., <u>Formosa v. Lowes Home Centers, Inc.</u>, 806 F.Supp. 2d 1181 (N.D. Ala. 2011). It is submitted that all parties would be best served by the Court exercising that authority and severing the claims against the Healthcare Defendants in this action.

First, it is clear that the New Jersey state law claims against healthcare defendants are more appropriately determined by New Jersey courts. More importantly, however, it is certain that plaintiffs in this action will, at a minimum, be prejudiced by a substantial delay in the ability to proceed against the Healthcare Defendants if those claims remain in this forum. This Court is

faced with hundreds, and perhaps thousands, of claimants suffering injuries from the contaminated MPA and rightfully must concentrate on the issues common among those claimants in this MDL proceeding.  The plaintiffs' claims against the Healthcare Defendants in this action are individualized, however, and should not be subjugated to claims of parties having no connection with plaintiffs' healthcare providers.

As a practical matter, the most likely scenario if plaintiffs' claims against the Healthcare Defendants are not severed is that the plaintiffs will have to wait until the conclusion of the MDL proceedings and then have their claims sent back to New Jersey for resolution.  There is no good reason to support that delay and no party will be prejudiced if plaintiffs are permitted to proceed on their state law claims against the Healthcare Defendants in New Jersey state court at this time.

IV. <u>CONCLUSION</u>

It is respectfully requested that the Court enter an Order in the form attached hereto.

**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP**

\s\ Thomas Martin
THOMAS MARTIN
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
215-567-8300
Attorney for Plaintiffs