UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING PHARMACY CASES,

*THIS DOCUMENT RELATES TO*:

All Actions

Master Docket No. 13-md-2419(FDS)

**NOTICE OF AGREED UPON PROPOSED ORDER GRANTING LIMITED RELIEF FROM THE PRESERVATION ORDER AS TO NEW ENGLAND COMPOUNDING PHARMACY, INC.**

On May 13, 2013, Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the estate of New England Compounding Pharmacy, Inc., filed the Chapter 11 Trustee's Motion for Entry of an Order Granting Limited Relief from the Preservation Order as to New England Compounding Pharmacy, Inc. [Docket No. 147] and Memorandum in Support of Chapter 11 Trustee's Motion for Entry of an Order Granting Limited Relief from the Preservation Order as to New England Compounding Pharmacy, Inc. [Docket No. 148] (collectively, the "Motion"). The United States submitted a statement of interest in response to the Motion on May 14, 2013, in which the United States did not object to the relief sought by the Trustee, but proposed certain notice procedures in the event that the Motion were granted [Docket No. 149].

At the May 14, 2013, hearing on the Motion, the Court stated that it anticipated granting the Motion provided that the Trustee and the United States Attorney were able to agree on a form of order. Since the hearing, the Trustee and the United States Attorney have conferred and agreed upon the terms of a proposed order.

**WHEREFORE**, the Trustee and the United States Attorney respectfully request that this Court enter an order substantially in the form of the proposed order attached hereto as Exhibit A.

Dated June 10, 2013

Respectfully submitted,

UNITED STATES ATTORNEY

*/s/ Zachary A. Cunha*

Zachary A. Cunha
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02110
Phone: (617) 748-3387
Email: zachary.cunha@usdoj.gov

Dated: June 10, 2013

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Michael R. Gottfried*

Michael R. Gottfried
(BBO #542156)
100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Email: mrgottfried@duanemorris.com

*Counsel for the Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify on this day, that the Notice of Agreed Upon Proposed Order Granting Limited Relief from the Preservation Order as to New England Compounding Pharmacy, Inc. was sent a) electronically to the registered participants as identified on the Notice of Electronic Filing; b) by first class mail to those indicated as non-registered participants in the attached Service List; and c) electronically to additional parties listed in the attached Service List by email.

Dated: June 10, 2013

/s/ *Michael R. Gottfried*

Michael R. Gottfried (BBO #542156)
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel: 857-488-4200
Fax: 857-488-4201
MRGottfried@duanemorris.com

*Counsel for PAUL D. MOORE, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center*

**SERVICE LIST**

**VIA FIRST CLASS MAIL**

Anne Andrews
Andrews & Thornton
2 Corporate Park
Suite 100
Irvine, CA 92606

Barbara J. Filson
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Chester T. Kalinoski
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Dana Marlene Bradley
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

James Wirt Smith, Jr
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Joseph R. Lang
Lenox, Socey, Formidoni, Giordano, Cooley, Lang & Casey, LLC
3131 Princeton Pike
Building 1B
Suite 104
Lawrenceville, NJ 08648

Julian D. Holbrook
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast

P.O. Box 40013
Roanoke, VA 24022-0013

Odessa M. Shuck
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Pauline R. McFarlane
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Randolph Edward Smith
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Richard Alden Whitlow
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Robert Dana Bender
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Robert Earl Harris
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Sharon G. Wingate
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Trudy R Epperly
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Zachary Lucas Foutz
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Ronald T. Courtney
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Ronnie A. Brown
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

Rose M. White
GENTRY LOCKE RAKES & MOORE
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022-0013

**VIA EMAIL**

Shawn Michael Ryan shawn_ryan@baxter.com

Gail M. D'Alesandro gail_d'alesandro@baxter.com

Tom Dumond tdumond@crystalrock.com

Kimberly Park (GE Capital) Kimberly.Park@ge.com

John Conlon John.F.Conlon@wellsfargo.com

Amarilys Perez APerez@marlinleasing.com

# **Exhibit A**

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES | ) | Master Docket No. 13-md-2419-FDS |
| This Document Relates to: | ) | |
| ALL CASES | ) | |

**PROPOSED ORDER**

Upon consideration of the Chapter 11 Trustee's Motion (Docket No. 147) seeking partial relief from this Court's previously entered Preservation Order with respect to the property and premises of New England Compounding Pharmacy (Docket No. 110, docketed in Erkan v. New England Compounding Pharmacy, Civil Action No. 12-12052-FDS) (the "Preservation Order"), it is hereby:

**ORDERED** that the Chapter 11 Trustee's motion is **GRANTED**, subject to the following conditions:

1) Notice of the Court's entry of this Order and the resulting modification of the Preservation Order in the form attached as Exhibit A shall issue to all parties in each of the consolidated MDL cases, via ECF entry of this Order; and

2) Notice shall also be provided, in either hard copy or electronic form, by the Office of the U.S. Attorney, to any person or entity that it believes should have notice of the Court's proposed lifting of the Preservation Order. Such notice shall be issued within three business days after the entry of this Order; and

3) Within thirty (30) days after the entry of this Order, any recipient of notice wishing to request (a "Preservation Request") that this Court not modify the Preservation Order as set forth herein as to some or all of the real or tangible property covered by the Chapter 11 Trustee's motion (identified in the Schedule of Subject Property attached as Exhibit B, and such other real and tangible property, whether leased or owned, that the Chapter 11 Trustee determines should be moved, relocated, sold and/or otherwise disposed of) shall show cause with this Court, in writing docketed in the main action, No. 13-md-2419-FDS, why the Preservation Order should not be modified, in whole or in part, in the manner requested by the Chapter 11 Trustee. Any such Preservation Request must identify the property that the requestor seeks to have preserved under the Preservation Order. The submission of a Preservation Request shall not impose upon the Trustee an obligation to pay storage and related costs for further preservation of such property. This

process shall not apply to any property not currently covered by the Preservation Order; and

4) The modification to the Preservation Order requested by the Chapter 11 Trustee shall become effective upon the expiration of the thirty (30)day period provided by Paragraph 3 if no Preservation Requests are filed with this Court with respect to any one or more items of the property, or, if Preservation Requests are received, upon this Court's determination that modification is necessary or appropriate, which shall be made by separate order; and

5) From time to time hereafter, the Trustee may seek further relief from the Preservation Order with respect to any of the remaining property of the estate that is or may be subject to the Preservation Order. Notice of any such further requests shall be provided in the manner and to the parties in interest, persons and entities described in paragraphs 1) and 2) above (a "Further Notice"). Absent the filing with this Court of a Preservation Request within fourteen (14) days after the date of any such Further Notice, any such property that is not the subject of a Preservation Request may, without further order of this Court, be moved, relocated, sold or otherwise disposed of by the Trustee in such manner as he deems necessary or appropriate and in the best interest of NECC's bankruptcy estate. As to any such property which is subject to a timely Preservation Request, such property shall be dealt with as determined by further order of this Court; and

6) Nothing herein shall alter, impair, or abrogate any other obligation imposed by the Preservation Order with respect to property other than the Subject Property and such other real and tangible property, whether leased or owned, that the Chapter 11 Trustee hereafter determines should be moved, relocated, sold and/or otherwise disposed of. To the extent that any of the property at issue contains electronically stored information (ESI), NECC retains the obligation to preserve and store such ESI unaltered.

IT IS FURTHER ORDERED that the Preservation Order is hereby modified to add the following provisions:

a. Nothing in this order in any way restricts, limits or impairs the Chapter 11 Trustee's ability to reject unexpired leases of NECC or applies to any property not subject to the Preservation Order.

b. Nothing in this order shall be deemed to impose upon the Chapter 11 Trustee any obligation (including, without limitation, any payment obligation) to any lessor of equipment or the lessor of the premises operated by NECC (collectively, the "Lessor(s)"), or to entitle Lessor to any claim or administrative expense in NECC's bankruptcy case or

otherwise against NECC's bankruptcy estate, including, without limitation, arising after the effective date of any rejection of any unexpired lease of NECC by the Chapter 11 Trustee under section 365 of the Bankruptcy Code.

c. From and after the effective date of rejection of an equipment lease under section 365 of the Bankruptcy Code, each lessor of Equipment shall be solely responsible to third parties for, and shall be deemed to have indemnified the Chapter 11 Trustee for, costs, fees and expenses related to the applicable equipment (including costs to the lessor of the premises for storage, rent and use and occupancy).

d. Removal of Leased Property by Requesting Lessors: From and after the effective date of rejection of an equipment lease under section 365 of the Bankruptcy Code, any lessor seeking to recover possession of its equipment ("Requesting Lessor") shall first make written request upon the Chapter 11 Trustee, the Plaintiffs' Lead Counsel, the Individual Defendants' Liaison Counsel and the United States Trustee (collectively, the "Notice Parties"). Each of the Notice Parties shall have seven (7) days from the receipt of the request ("Response Deadline") to deliver a Preservation Request written response to the Requesting Lessor, with copies to all of the other Notice Parties.

e. No equipment or leased property shall be removed, relocated or disposed of by the Requesting Lessor, if any of the Notice Parties or a third party noticed under Paragraph 2 of this Order tenders a Preservation Request with respect to the removal of such equipment or leased property. In the event any person tenders such a Preservation Request, any such equipment or leased property shall remain subject to the restrictions set forth in the Preservation Order pending further order of this Court.

f. Any removal of equipment or leased property by a Requesting Lessor (or its designees) shall be at the sole cost and expense of the Requesting Lessor. The Requesting Lessor shall be deemed to have agreed to indemnify and hold the NECC estate harmless from any and all claims related to the Requesting Lessor's removal of equipment or leased property.

Dated: June __, 2013
Boston, Massachusetts

___________________________________
Judge F. Dennis Saylor
United States District Court Judge

**EXHIBIT A: PROPOSED FORM OF NOTICE**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES | Master Docket No. 13-md-2419-FDS |
| This Document Relates to: | |
| ALL CASES | |

**NOTICE IS HEREBY GIVEN** that on June ____, 2013, in the case of In Re: New England Compounding Pharmacy Products Liability Litigation, Court Case Number 13-md-02419-FDS (Lead Case), the United States District Court for the District of Massachusetts entered an Order, directing any party to this case, or any interested third party, to appear and show cause why partial relief from the terms of a Preservation Order (Docket No. 110, docketed in Erkan v. New England Compounding Pharmacy, Civil Action No. 12-12052-FDS) barring the disposal or destruction of certain property that is or was in the possession of New England Compounding Pharmacy should not be granted.

If the requested relief is granted, property subject to the Preservation Order may be recovered or re-let by its owners, moved, relocated, sold or otherwise disposed of by the Chapter 11 Trustee and, therefore, may be unavailable for future examination, testing, or other evidentiary use. The property that may be disposed of is identified on the attached schedule (the "Subject Property"). Additionally requests may be made in the future by the Trustee to dispose of other real and tangible property, whether leased or owned, that the Chapter 11 Trustee hereafter determines should be relocated or disposed of.

This Notice is intended to advise potentially interested parties that the United States is presently conducting an investigation into events or activities that may have occurred on or involving the Subject Property. This investigation is ongoing, but could potentially result in pursuit of the full array of remedies available to the United States under civil, administrative, or criminal law. Any individual or entity who has an interest in, or wishes to make a claim for, the continued preservation for testing, evidentiary, or related purposes of any of the Subject Property, or any other property that is located on the Premises that may be removed, relocated, sold or otherwise disposed of, is hereby advised that they must file a written request (a "Preservation Request") NO LATER THAN ______, specifying what Subject Property, or any other property, they wish retained under the Preservation Order, so that the Preservation Request may be determined by the Court. Any such Preservation Request must be filed with the Clerk of Court for the United States District Court for the District of Massachusetts, in case Number 13-md-02419-FDS (Lead Case).