UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | MDL No. 1:13-md-2419-FDS |

## FURTHER ORDER CONCERNING PRESERVATION OF NECC PROPERTY

Upon consideration of the Chapter 11 Trustee's Motion (Docket No. 147) seeking partial relief from this Court's previously entered Preservation Order with respect to the property and premises of New England Compounding Pharmacy (Docket No. 110, docketed in *Erkan v. New England Compounding Pharmacy*, Civil Action No. 12-12052-FDS) (the "Preservation Order"), it is hereby:

**ORDERED** that the Chapter 11 Trustee's motion is **GRANTED**, subject to the following conditions:

1. Notice of the Court's entry of this Order and the resulting modification of the Preservation Order in the form attached as Exhibit A shall issue to all parties in each of the consolidated MDL cases, via ECF entry of this Order.

2. Notice shall also be provided, in either hard copy or electronic form, by the Office of the U.S. Attorney, to any person or entity that it believes should have notice of the Court's proposed lifting of the Preservation Order. Such notice shall be issued within three business days after the entry of this Order.

3. Within 30 days after the entry of this Order, any recipient of notice wishing to request (a "Preservation Request") that this Court not modify the Preservation Order as set forth herein as to some or all of the real or tangible property covered by the Chapter 11 Trustee's motion (identified in the Schedule of Subject Property attached as Exhibit B, and such other real and tangible property, whether leased or owned, that the Chapter 11 Trustee determines should be moved, relocated, sold and/or otherwise disposed of) shall show cause with this Court, in writing docketed in the main action, No. 13-md-2419-FDS, why the Preservation Order should not be modified, in whole or in part, in the manner requested by the Chapter 11 Trustee. Any such Preservation Request must identify the property

that the requestor seeks to have preserved under the Preservation Order. The submission of a Preservation Request shall not impose upon the Trustee an obligation to pay storage and related costs for further preservation of such property. This process shall not apply to any property not currently covered by the Preservation Order.

4. The modification to the Preservation Order requested by the Chapter 11 Trustee shall become effective upon the expiration of the 30-day period provided by Paragraph 3 if no Preservation Requests are filed with this Court with respect to any one or more items of the property, or, if Preservation Requests are received, upon this Court's determination that modification is necessary or appropriate, which shall be made by separate order.

5. From time to time hereafter, the Trustee may seek further relief from the Preservation Order with respect to any of the remaining property of the estate that is or may be subject to the Preservation Order. Notice of any such further requests shall be provided in the manner and to the parties in interest, persons and entities described in paragraphs 1 and 2 above (a "Further Notice"). Absent the filing with this Court of a Preservation Request within 14 days after the date of any such Further Notice, any such property that is not the subject of a Preservation Request may, without further order of this Court, be moved, relocated, sold or otherwise disposed of by the Trustee in such manner as he deems necessary or appropriate and in the best interest of NECC's bankruptcy estate. As to any such property which is subject to a timely Preservation Request, such property shall be dealt with as determined by further order of this Court.

6. Nothing herein shall alter, impair, or abrogate any other obligation imposed by the Preservation Order with respect to property other than the Subject Property and such other real and tangible property, whether leased or owned, that the Chapter 11 Trustee hereafter determines should be moved, relocated, sold and/or otherwise disposed of. To the extent that any of the property at issue contains electronically stored information (ESI), NECC retains the obligation to preserve and store such ESI unaltered.

IT IS FURTHER **ORDERED** that the Preservation Order is hereby modified to add the following provisions:

    a. Nothing in this order in any way restricts, limits or impairs the Chapter 11 Trustee's ability to reject unexpired leases of NECC or applies to any property not subject to the Preservation Order.

    b. Nothing in this order shall be deemed to impose upon the Chapter 11

Trustee any obligation (including, without limitation, any payment obligation) to any lessor of equipment or the lessor of the premises operated by NECC (collectively, the "Lessor(s)"), or to entitle Lessor to any claim or administrative expense in NECC's bankruptcy case or otherwise against NECC's bankruptcy estate, including, without limitation, arising after the effective date of any rejection of any unexpired lease of NECC by the Chapter 11 Trustee under section 365 of the Bankruptcy Code.

c. From and after the effective date of rejection of an equipment lease under section 365 of the Bankruptcy Code, each lessor of Equipment shall be solely responsible to third parties for, and shall be deemed to have indemnified the Chapter 11 Trustee for, costs, fees and expenses related to the applicable equipment (including costs to the lessor of the premises for storage, rent and use and occupancy).

d. Removal of Leased Property by Requesting Lessors: From and after the effective date of rejection of an equipment lease under section 365 of the Bankruptcy Code, any lessor seeking to recover possession of its equipment ("Requesting Lessor") shall first make written request upon the Chapter 11 Trustee, the Plaintiffs' Lead Counsel, the Individual Defendants' Liaison Counsel and the United States Trustee (collectively, the "Notice Parties"). Each of the Notice Parties shall have 7 days from the receipt of the request ("Response Deadline") to deliver a Preservation Request written response to the Requesting Lessor, with copies to all of the other Notice Parties.

e. No equipment or leased property shall be removed, relocated or disposed of by the Requesting Lessor, if any of the Notice Parties or a third party noticed under Paragraph 2 of this Order tenders a Preservation Request with respect to the removal of such equipment or leased property. In the event any person tenders such a Preservation Request, any such equipment or leased property shall remain subject to the restrictions set forth in the Preservation Order pending further order of this Court.

f. Any removal of equipment or leased property by a Requesting Lessor (or its designees) shall be at the sole cost and expense of the Requesting Lessor. The Requesting Lessor shall be deemed to have agreed to indemnify and hold the NECC estate harmless from any and all claims related to the Requesting Lessor's removal of equipment or leased property.

Dated: June 12, 2013  
Boston, Massachusetts

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge