UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER ON
CENTRAL ENFORCEMENT OF SUBPOENAS**

The Plaintiffs' Steering Committee ("PSC"), by its Lead Counsel, asks this Court to enter an order confirming that it will centrally enforce subpoenas issued out of the MDL.

The Court granted the Plaintiffs' Steering Committee's motion to partially lift the discovery stay to permit plaintiffs to take discovery of persons or entities – other than New England Compounding Company Pharmacy, Inc. ("NECC") and those persons and entities employed by, or, directly or indirectly, affiliated with NECC ("Unaffiliated Entities") – who may have some responsibility for the tort.  The PSC stated in its motion, and reiterated during subsequent status conferences, that it intended to issue subpoenas to:

- Pain clinics, hospitals, and other entities or individuals who purchased NECC's methyl prednisolone acetate, cardioplegic solution, or ophthalmic solution;
- Vendors and contractors who worked on or were responsible for the conditions of the NECC facility;
- Vendors who conducted sterility or other testing of NECC's products or equipment used to make the products; and
- Suppliers who provided the raw materials used to create methyl prednisolone acetate, cardioplegic solution, or ophthalmic solution.

These entities are located across the country.  For the sake of efficiency and reducing the costs associated with enforcing subpoenas, the Plaintiffs' Steering Committee asks this Court to determine that (1) it will centrally enforce subpoenas issued out of the MDL, (2) objections or motions to quash subpoenas issued out of the MDL shall be filed directly into the MDL, and (3)

objections to subpoenas served before July 10, 2013 will be heard during the July 18, 2013 status conference.

A Proposed Order is attached as Exhibit A.

**A.     The Proposed Order does not limit a subpoena recipient's ability to object to the subpoena.**

The attached proposed order addresses the central enforcement of subpoenas issued out of the MDL.  It does not restrict in any way, shape, or form a recipient's ablity to object to a subpoena, the scope of the subpoena, or the time constraints imposed by the subpoena.  Any and all legally cognizable objections to the content or form of a subpoena are available to a subpoenas receipient.

**B.     This MDL court should centrally enforce subpoenas.**

   **1.     Congress gave MDL courts authority to enforce subpoenas centrally.**

MDL courts have authority to preside over coordinated or consolidated pretrial proceedings.[1]  "Pretrial proceedings" have been liberally interpreted to give the MDL court control over all proceedings prior to trial.[2]

MDL courts have the authority to issue subpoenas pursuant to Fed. R. Civ. P. 30 & 45 and 28 U.S.C. § 1407(b).  28 U.S.C. 1407(b) explicitly references the MDL judge's enforcement power when it comes to conducting pretrial depositions: "[t]he judge or judges to whom [MDL] actions are assigned … may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."[3]  Moore's Federal Practice notes that "[t]hough the statutory language refers to

---

[1] 28 U.S.C. §1407.

[2] *See In re Neurontin Mktg., Sales Practices, and Prod. Liab. Litig.*, 245 F.D.R. 55, 57 (D. Mass. 2007).  *See also In re U.S. Office Prod. Co. Sec. Litig.,* 251 F.Supp.2d 58, 65 (D.D.C. 2003) ("In a multidistrict litigation action, the transferee judge has the same jurisdiction and power over pretrial proceedings that the transferor judge would have in the absence of the transfer.").

[3] 28 U.S.C. §1407 (b).

2

'pretrial depositions,' the statute wisely has been interpreted to embrace document production subpoenas as well."[4]

MDL courts have relied on the language of 28 U.S.C. § 1407(b) to hold that they have authority to centrally enforce subpoenas.  In the *Neurontin* MDL, Judge Sorokin concluded that the MDL court could compel production or quash a subpoena directed to an out of district nonparty:

> ...the MDL statute empowers an MDL judge to act as a judge of the deposition or discovery district. See 28 U.S.C. § 1407(b) ('The judge or judges to whom such [MDL] actions are assigned ... may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings'). A judge presiding over an MDL case therefore may compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted.[5]

Similarly, in *In re Online DVD Rental Antitrust Litigation*, the Judicial Panel on Multidistrict Litigation found that actions involving a motion to quash, brought by a third party subpoenaed by the MDL plaintiffs, were better decided by the transferee judge rather than a judge in another district with no particular knowledge of the MDL, where the third party was found to have important information central to the issues in the MDL.  As the Panel put it,"requiring a judge in the Northern District of Texas to learn the particulars of MDL No. 2029 would not promote the just and efficient conduct of this action or the litigation as a whole[,]" and the "…litigation would be best served by allowing the transferee judge to determine the scope of discovery in the MDL."[6]

---

[4] *See also* 9-45 Moore's Federal Practice – Civil § 45.50(4).  Some transferee courts have concluded that they do not have power to enforce subpoenas seeking documents only.  *See*, *e.g.*, *Visx, Inc. v. Nidek Co.*, 208 F.R.D. 615 (N.D. Cal. 2002). This distinction has no bearing here.  All of the subpoenas that the PSC presently intends to serve seek record keeper depositions as well as documents.

[5] *In re Neurontin*, 245 F.D.R. at 58, citing *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468–469 (6th Cir. 2006).

[6] *In re Online DVD Rental Antitrust Litig.*, 744 F. Supp. 2d 1378 (J.P.M.L. 2010).

The PSC's subpoenas will seek information from entities central and necessary to the prosecution of these actions, including pain clinics and other entities or individuals. To the extent that enforcement of these subpoenas becomes necessary, this Court is statutorily and otherwise legally empowered and best suited to ensure the uniform application and enforcement of the subpoenas and promote judicial economy.

### 2. Central enforcement is more efficient than balkanized proceedings in many district courts.

28 U.S.C. 1407(a), the statute creating the Judicial Panel on Multidistrict Litigation and the Multidistrict Litigation mechanism, notes that MDLs are intended to promote the convenience of the parties and efficiency: "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings….[and] that transfers for such proceedings will be for the *convenience of parties and witnesses and will promote the just and efficient conduct of such actions*."[7] The objective of transfer "is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."[8]

Here, it will be far more efficient for this Court to centrally enforce subpoenas issued out of the MDL. This Court has familiarity with the unique issues presented by this litigation and is well positioned to centrally resolve objections to subpoenas efficiently and effectively. If enforcement is left to each local district court where a subpoena is served, there is a very real possibility that there will be conflicting decisions as to the appropriate scope of the 70+ subpoenas. The alternative would require the issuing attorneys (in this case, the PSC) to deal with objections filed in local district courts in a balkanized way. This will inevitably be more

---

[7] (emphasis added).

[8] MCL 4th § 20.131, referencing *In re Plumbing Fixture Cases*, 298 F. Supp. 458 (J.P.M.L. 1973).

4

costly and inefficient.  It would also be counter to the fundamental notion of coordinated pretrial proceedings that underlies the MDL mechanism.

### 3. The Federal Rules of Civil Procedure suggest that the MDL Court should centrally enforce subpoenas issued out of the MDL.

The Federal Rules of Civil Procedure contemplate that motions relating to non-party discovery pursuant to subpoenas be decided by the court issuing the subpoena: "a motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").[9]  Here, the PSC's subpoenas will be issued out of the MDL.  The MDL court is thus the appropriate venue for lodging motions to quash or other objections.

### CONCLUSION

For the sake of efficiency and reducing the costs associated with adjudicating subpoenas, the Plaintiffs' Steering Committee asks this Court to enter an order (1) confirming, in advance, that it will centrally enforce subpoenas issued out of the MDL, (2) requiring that objections or motions to quash subpoenas issued out of the MDL shall be filed directly into the MDL, and (3) reiterating that objections to subpoenas served before July 10, 2013 will be heard during the July 18, 2013 status conference.

Dated:  June 14, 2013

> /s/ *Thomas M. Sobol*
> Thomas M. Sobol
> Kristen Johnson Parker
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA 02142
> Phone: (617) 482-3700
> Fax: (617) 482-3003
> tom@hbsslaw.com
> kristenjp@hbsslaw.com
>
> *Plaintiffs' Lead Counsel*

---

[9] F.R.C.P. 37(a)(2).

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

      I, Kristen Johnson Parker, hereby certify that I caused a copy of the above Memorandum in support of Motion for Order Order on Central Enforcement of Subpoeanas and proposed order to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 14, 2013

                                              */s/ Kristen Johnson Parker*
                                              Kristen Johnson Parker, BBO # 667261