UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt.: 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**[Proposed] MDL Order No. __**
June ___, 2013

**CASE MANAGEMENT ORDER**

This order establishes case management procedures and a schedule to coordinate the efficient litigation of the cases centralized in *In re New England Compounding Pharmacy, Inc., Products Liability Litigation*, MDL No. 2419 ("MDL 2419").

**I.     SCOPE OF ORDER**

This Case Management Order ("CMO") applies to all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of February 12, 2013, any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel, all related actions originally filed in this Court or transferred or removed to this Court, and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

The proposed CMO in MDL 2419 relates to New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), various other entities or individuals affiliated with NECC ("Affiliated Defendants"), and/or various other entities not affiliated with NECC ("Unaffiliated Defendants"). The actions assigned to MDL 2419 are collectively referred

to herein as the "NECC MDL Cases."

## II.     CASE ADMINISTRATION

**A.     Status Conferences**

At a minimum, the Plaintiffs' Steering Committee, the Defendants, the chapter 11 trustee (the "Trustee")[1] appointed in the chapter 11 case of NECC (the "Chapter 11 Case")[2], and the Official Committee of Unsecured Creditors (the "Official Committee") appointed in the Chapter 11 Case will participate in a status conference with the Court about once a month, on such dates and at such times as the Court deems appropriate.

Attorneys may listen to the monthly status conference by telephone.  Plaintiffs' Lead Counsel will provide the Court with a list of plaintiffs' attorneys, Official Committee members, member representatives and attorneys, and the Trustee's representatives and attorneys who will participate by phone and will distribute the dial-in to those counsel.  Liaison Counsel for Ameridose, LLC will provide the Court with a list of defendants' attorneys who will participate by phone and distribute the dial-in to those counsel.  Any attorney who wishes to be heard by phone must obtain permission from the Court to do so before the status conference by contacting the Court's clerk.

The Plaintiffs' Steering Committee, the Defendants, the Trustee, and the Official Committee should confer on a proposed agenda in advance of the conference.  The parties shall endeavor to submit a joint agenda to the Court the day before the conference.  To the extent the parties cannot agree, separate agenda items may be submitted the day before the status conference.

---

1 All references herein to the Trustee shall, unless otherwise provided, include the Chapter 11 Trustee and his counsel.

2 All references herein to the Official Committee shall, unless otherwise provided, include members of the Official Committee and their representatives, and the Official Committee's counsel.

B.      **Master Service List and Waiver of Service of Formal Process**

Plaintiffs' Lead Counsel will create and maintain an up-to-date service list of plaintiffs' counsel in MDL 2419.  Such list shall be provided monthly to the Court, the Chapter 11 Trustee and Defense Liaison Counsel the day before the scheduled status conference.  All filings by any party shall be accomplished via ECF.

The following Defendants agree to waive formal service of process of all complaints filed in and/or transferred to the MDL in accordance with the procedure set forth herein:

1.  Ameridose, LLC
2.  Barry J. Cadden
3.  Lisa Conigliaro Cadden
4.  Glenn A. Chin
5.  Gregory Conigliaro
6.  GDC Properties Management, LLC
7.  Medical Sales Management, Inc.
9.  Doug Conigliaro
10. Carla Conigliaro
11. Alaunus Pharmaceuticals, LLC

Plaintiff's counsel wishing to obtain waiver of formal service of process from the above mentioned Defendants must provide the following to each Defendant's counsel, via first class certified mail:

      a.      Affidavit of Waiver of Service of Formal Process;

      b.      A true copy of the Complaint;

      c.      A true copy of the civil action cover sheet;

      d.      A true copy of the Summons; and

      e.      A postage pre-paid return envelope (collectively referred to herein as "Service Package").

Upon receipt of the Service Package, counsel for Defendant will execute the Affidavit of Waiver of Service of Formal Process and return it to Plaintiff's counsel within 14 days of receipt. Plaintiff's counsel is obligated to file an Affidavit of Waiver of Service of Formal Process with the Court within the timeframe required by Fed.R.Civ.P. Rule 4.

The parties agree that by complying with the procedure set forth herein, Plaintiff has fulfilled his or her obligations under Fed.R.Civ.P. Rule 4.

**C.**    **Existing Orders**

The orders previously entered in *Erkan v. New England Compounding Pharmacy, Inc. et al.*, 12-cv-12052, apply to all actions in MDL No. 2419 unless superseded or modified by a later order of this Court. These include, but are not limited to, the preliminary injunction order (Dkt. No. 38), the inspection orders (Dkt. Nos. 100, 126), and the preservation orders (Dkt. Nos. 110, 111, 112).

The Plaintiffs' Steering Committee, NECC (through the Trustee or his counsel), the Affiliated Defendants, and the Official Committee may, after meeting and conferring, jointly or otherwise ask the Court to modify provisions of the preservation orders if complying with said orders becomes unduly burdensome or unnecessary as the case progresses.

Nothing in this Order shall prevent any party from moving for a stay of discovery or other proceedings for any reason, or from opposing such a motion.

**D.    Answer Dates**

All limitations periods for responding to complaints served, filing dispositive motions, or responding to dispositive motions to dismiss filed, are hereby temporarily stayed. No defendant need Answer any Complaint served or pending against it until further Order of this Court. These deadlines will be revisited as discovery progresses. The stay on the deadlines for responding to the 12(b)(6) motions to dismiss filed by Alaunus Pharmaceutical, LLC ("Alaunus") was imposed by voluntary agreement of Alaunus. Alaunus shall have the right to terminate the stay on the deadline for responding to its 12(b)(6) motions to dismiss at will by the filing of a notice in the Master Docket for this MDL case (13-md-02419-FDS) indicating that the stay on the response deadline for responding to its 12(b)(6) motions to dismiss is terminated. Any plaintiff who has not filed an opposition to the 12(b)(6) motions to dismiss filed by Alaunus shall then have thirty (30) days from the date of the filing of the notice of termination to file any opposition to Alaunus' motions to dismiss."

**E.    Waiver of Pre-suit Notice Requirements**

Each of the following Defendants have agreed to waive the applicability of any State law or State Court rule requiring notices of intent to sue, affidavits of merit, certifications of expert review, review by any attorney, expert, tribunal and/or panel, pre-suit arbitration, or similar pre or immediate post-suit requirements concerning the substantive merit of a claim. Plaintiffs, through the Plaintiffs' Steering Committee, has agreed to waive applicability of any State law or State Court rule requiring any of the following Defendants to engage in pre-suit review or file, as a condition of answering a complaint, any response to a notice of intent to sue, affidavits of merit, certifications of expert review, review by any attorney, expert, tribunal or panel, pre-suit arbitration, or similar pre or immediate post-suit requirements concerning the substantive merit of a claim or defense. This Court hereby orders that any pleading or motion asserting the

5

applicability of any "State Law Suit Requirements" described herein, whether considered procedural or jurisdictional, is hereby null and void and deemed stricken as to these parties. Individual parties who need relief from any such requirement may move the Court for additional, appropriate relief.

The Defendants who have waived the "State Law Suit Requirements" are:

1. NECC
2. Ameridose, LLC
3. Barry J. Cadden
4. Lisa Conigliaro Cadden
5. Glenn A. Chin
6. Gregory Conigliaro
7. GDC Properties Management, LLC
8. Medical Sales Management, Inc.
9. Doug Conigliaro
10. Carla Conigliaro
11. Alaunus Pharmaceuticals, LLC

Other defendants may opt to similarly waive these requirements by notifying the Plaintiffs' Steering Committee.

**F.    Tolling**

The Plaintiffs' Steering Committee and Affiliated Defendants will meet and confer about an agreement to toll claims for claims filed in the MDL and claims that will be filed in the MDL where a one-year statute of limitations applies against the Affiliated Defendants for a reasonable period of time.  They will jointly submit a proposed tolling agreement by June 30, 2013.  [*The Trustee suggests adding:* "The parties will make every effort to implement a bar date process into the same tolling agreement."]

Nothing contained in this CMO shall require the Trustee to so participate or in any manner interfere with the Trustee's or the Affiliated Defendants' rights or obligations under the Agreed-Upon Order Establishing Protocol for Settlement Negotiations and Communications

entered in the Chapter 11 Case on April 18, 2013 in *Moore v. Cadden*, Adv. Pro. No. 13-01040-HJB (Bankr. D. Mass.) [Dkt. 96] (the "Affiliate Defendant Protocol Order"), including, but not limited to, the right to enter into a separate tolling agreement.

G.     **Stipulation Regarding Direct Filing of New Federal Cases into MDL 2419**

In order to eliminate the delays associated with transfer of cases filed in or removed to other federal district courts to this Court as part of MDL 2419 and to promote judicial efficiency, Defendants stipulate and agree that they will not assert any objection of improper venue pursuant to Federal Rule of Civil Procedure 12(b) as to any NECC-related case alleging personal injury and/or wrongful death filed directly in the District of Massachusetts that is properly included in MDL 2419, where venue may otherwise appropriately lie in a federal district outside the District of Massachusetts.

The Defendants' stipulation and agreement are contingent on the understanding that they do not intend to waive their rights to transfer any case in MDL 2419 to a court of proper venue under 28 U.S.C. § 1406(a) or, if applicable, under 28 U.S.C. § 1334(c)(1) (equitable remand), and that upon the completion of all pretrial proceedings applicable to a case directly filed in the District of Massachusetts pursuant to this stipulation regarding filing in MDL 2419, the Court (i) pursuant to 28 U.S.C. § 1404(a), may transfer the case filed directly in the District of Massachusetts to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case, or, if the parties cannot agree, based on its own determination after briefing from the parties, or (ii) pursuant to 28 U.S.C. § 1334(c)(1), if applicable, may remand the case filed directly in the District of Massachusetts to a state court of proper venue, based on the recommendations of the parties to that case, or, if the parties cannot agree, based on its own determination after briefing from the parties.

Any action seeking to take advantage of the venue provisions of this section must be

7

pursuant to a complaint filed: (i) by an individual plaintiff on behalf of him or herself or on behalf of an injured minor child for which the individual is guardian or next friend; (ii) by a plaintiff and family member plaintiffs; or (iii) on behalf of an appointed representative of the estate of a deceased or incompetent individual, together with any family members and/or beneficiaries of such estate.  Other than as expressly provided above, a complaint may not be filed without prior Court approval.  Multi-plaintiff complaints or complaints joining two or more plaintiffs not related by blood or marriage may not be filed without prior Court approval.

H.     **Settlement Discussions with the Affiliated Defendants**

The Trustee is currently engaged in settlement discussions with NECC and the Affiliated Defendants, according to the Affiliate Defendant Protocol Order.  Plaintiffs' Lead Counsel and the Official Committee shall be kept apprised of the status of that process to the extent permitted by the Affiliate Defendants' Protocol Order.

[The *Plaintiffs' Steering Committee, the Trustee, the Official Committee, and Ameridose suggest adding:* "The Plaintiffs' Steering Committee reserves the right to commence formal discovery against any one or more affiliated defendants upon a showing of good cause to the Court."]

I.     **Settlement Discussions with Unaffiliated Defendants**

To the extent that there are settlement discussions with Unaffiliated Defendants or entities with no asserted claims against them in MDL 2419 alleging personal injury and/or wrongful death related to the use of a product sold by NECC ("non-parties") outside of the context of the Trustee's ongoing settlement discussions under the Affiliated Defendant Protocol Order [*The PSC suggests adding:* "that contemplate resolution through bankruptcy channels (including the issuance of non-debtor releases or channeling injunctions by the bankruptcy court)"], those settlement negotiations will be conducted with the cooperation and participation

of the Plaintiffs' Steering Committee, the Official Committee, and the Trustee (to the extent the Trustee desires to do so) (the "Settlement Participants").

The Plaintiffs' Steering Committee and (to the extent an NECC bankruptcy case remains open) the Trustee and the Official Committee have standing to give input in any discussions of settlement, mediation, resolution through bankruptcy channels, or any other form of resolution, and the Settlement Participants shall seek to approach and engage in these discussions in a coordinated, cooperative manner.

To the extent that any communications about resolution of claims against the Unaffiliated Defendants or Non-Parties take place with designees from less than all of the Settlement Participants, the Settlement Participant(s) designee who received or was involved in said communication shall promptly notify the other Settlement Participant designee(s) about those communications and shall thereafter ensure that further discussions occur with all the Settlement Participants in accordance with this Section II.I.

Plaintiffs' Lead Counsel and the Official Committee may each designate one or more members or member representatives to participate in settlement discussions with Unaffiliated Defendants and Non-Parties. Plaintiffs' Lead Counsel and the Plaintiffs' Steering Committee have designated national defendant and state-specific defendant chairs as Plaintiffs' Lead Counsel's designees for settlement discussions on behalf of Lead Counsel and the Plaintiffs' Steering Committee. The Plaintiffs' Steering Committee designee is required to consult with the Plaintiffs' Steering Committee and Lead Counsel and cannot bind the Plaintiffs' Steering Committee and Lead Counsel to any decision. The Official Committee may designate one or more members or member representatives to participate in settlement discussions with each Unaffiliated Defendant or Non-Party. The Plaintiffs' Steering Committee's designee(s) and the

9

Official Committee's designee(s) shall communicate and cooperate with respect to settlement discussions.

### J.     Mediation with Unaffiliated Defendants and Non-Parties

The Plaintiffs' Steering Committee, the Trustee and his counsel, and the Official Committee shall confer and shall submit to the Court within thirty (30) days a proposed mediation order (the "Proposed Mediation Order") to be entered in this Court and the Bankruptcy Court pertaining to all Unaffiliated Defendants and Non-Parties [*The PSC suggests adding:* "who wish to resolve claims against them through bankruptcy channels"].

In order to participate in the mediation program, an entity or individual will be required to produce, informally, materials and information necessary for effectively mediating claims. The Plaintiffs' Steering Committee, the Official Committee, and the unaffiliated entities or individuals who wish to participate in the mediation process will discuss and agree upon what materials an entity or individual must produce in order to participate in mediation.

Participation in this mediation process is at will.  Plaintiffs' Lead Counsel, the Official Committee, the Trustee and his counsel, and the Unaffiliated Defendants and Non-Parties may withdraw from that process as to any particular Unaffiliated Defendant or Non-Party at any time and proceed on a litigation track as to such Unaffiliated Defendant or Non-Party in a manner consistent with this Order.

The Proposed Mediation Order shall provide that any Unaffiliated Defendant or Non-Party who elects to participate in mediation shall, *inter alia*:

- Be exempt from discovery except as required to facilitate participation in mediation. The exemption should continue in force so as long as (a) the mediator does not report to this Court and the Bankruptcy Court that the subject Defendant or potentially responsible party is not negotiating in good faith; (b) declares that the mediation as to the Defendant or potentially responsible party has reached impasse terminating mediation as to them; or (c) declares that the mediation as a whole has reached impasse and should be terminated. The election shall require the Defendant or potentially responsible entity/person to submit

10

   to jurisdiction of this Court and Bankruptcy Court;

- Voluntarily agree to a standing injunction order tolling any statutes of limitation or other applicable time bar statutes;

- Voluntarily agree to a standing injunction order suspending or extending any and all applicable pre-suit or post-suit requirements related to health care orders, including any notices, arbitration or panel submission requirements, or affidavits of service;

- Provide a statement to the appointed mediator, the Plaintiffs' Lead Counsel, a liaison to the Defendants, the Trustee and his counsel, and the Official Committee identifying any other potentially responsible parties liable to tort claimants or liable to the defendants or another potentially responsible party regarding injuries related to the allegedly contaminated methylprednisolone acetate and the grounds or basis of the claim. Statements should be deemed mediation material and not admissions, and are not admissible in any judicial proceeding; and

- File a proof of claim in the Chapter 11 Case.

### III. COORDINATION WITH OTHER ACTIONS

To the extent there are NECC-related cases pending in state courts that are not a part of MDL 2419, but that fall within the subject matter definition of MDL 2419, this Court intends to coordinate with the state courts presiding over such cases, to the extent such state courts are amenable.  The Court may issue more detailed orders regarding such coordination, should the need arise.

The Federal State Liaison will update the Court on the status of state court actions at each status conference.

The Plaintiffs' Steering Committee and the Official Committee shall appoint a designee to meet telephonically or in person on a regular basis, but no less than once a week, to discuss status and strategy of the MDL Cases and the Chapter 11 Case, including with respect to settlement negotiations.  Within thirty (30) days, the Plaintiffs' Steering Committee and the Official Committee shall enter into a common interest agreement in form and substance reasonably acceptable to both parties.  The Trustee may elect to participate at his option in the

11

meetings between the Plaintiffs' Steering Committee and the Official Committee (though understands that from time to time the Plaintiffs' Steering Committee and Official Committee may elect to meet without him); otherwise the Plaintiffs' Steering Committee and the Official Committee will keep the Trustee apprised of the status of the process.

### IV. PRETRIAL PROCEDURES AND SCHEDULE

#### A. Plaintiff Profile Sheets

The Plaintiffs' Steering Committee, the Defendants, the Trustee and his counsel, and the Official Committee will meet and confer about an appropriate plaintiff profile sheet, to be addressed by subsequent order.

#### B. Medical Authorization Releases

The Plaintiffs' Steering Committee, the Defendants, the Trustee, and the Official Committee will meet and confer about an appropriate medical authorization release and medical records retrieval, to be addressed by subsequent order.

#### C. Master and Short Form Complaints

The Plaintiffs' Steering Committee will file a Master Complaint by September 5, 2013, after meeting and conferring with Defendants and Trustee. This deadline is intended to permit the Plaintiffs' Steering Committee a period of time to conduct discovery and incorporate the fruits of that discovery into the Master Complaint. The Plaintiffs' Steering Committee will also provide a Short Form Complaint by September 5, 2013, after meeting and conferring with Defendants and Trustee. The filing of a Master Complaint or Short Form Complaint will not render the FRCP Rule 12(b)(6) motions of Alaunus Pharmaceutical, LLC ("Alaunus") or any other defendant as moot. Defendants reserve the right to move under FRCP Rule 12(b)(6) against plaintiffs' original complaints.

By October 1, 2013, MDL plaintiffs who have already filed a complaint as of the filing of

the Master Complaint may file short form complaints or [*The Plaintiffs' Steering Committee suggests:* "amended complaints." *The Affiliated Defendants suggest:* "or, with leave of the court if such leave is required under FRCP Rule 15, amended complaints."]  Leave of court to amend is required in those individual cases in which Alaunus has filed a FRCP Rule 12(b)(6) motion to dismiss.

**D.     Discovery**

    **1.     Discovery Schedule**

Formal discovery of the Affiliated Defendants will remain temporarily stayed as described in Paragraph II.H.

Subject to stay of discovery for mediation participants in accordance with a Mediation Order, formal discovery of Unaffiliated Defendants and Non-Parties will be conducted by the Plaintiffs' Steering Committee as follows:

    a.    Written discovery (including, but not limited to, Requests for Production, Interrogatories, Requests for Admissions, and Subpoenas deuces tecum) may commence immediately and must be served in time to be returnable as soon as practicable.

    b.    Depositions of witnesses and/or corporate designees, including but not limited to, the following entities may be taken and completed as soon as practicable: ARL Bio Pharma, Inc., Liberty Industries, Inc., UniFirst Corporation and its subsidiary UniClean, St. Thomas Outpatient Neurosurgical, Specialty Surgery Center, Curtis Pharmaceuticals, and CuraScript, Inc., and Michigan Pain Specialists, PLLC [3] The Plaintiffs' Steering Committee will consult with Liaison Defense Counsel in scheduling depositions.

    **2.     Mandatory Production to Plaintiffs' Steering Committee**

Any formal discovery produced by any plaintiff, defendant or non-parties in any of the NECC MDL Cases or any other civil actions involving allegations of injury from use of an NECC product, must also be produced to the Plaintiffs' Steering Committee no later than seven

---

[3] The Plaintiffs' Steering Committee may conduct such depositions in any order it chooses.

13

days after production elsewhere.  Documents must be sent to Lead Counsel's attention in the format produced elsewhere (whether electronic or hard copy):

> HAGENS BERMAN SOBOL SHAPIRO LLP
> Attn: Mike Barker
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA 02142

Lead Counsel will make these documents available through a document repository, as described below.

An Electronically Stored Information Protocol outlining the format of production of documents shall be addressed in a subsequent order.  The default will be that all documents are produced in their native format (*e.g.*, in Word, Excel, or PowerPoint format for electronic documents or photocopies for hardcopy documents) in order to minimize burden and expense incurred.

### 3. Privilege Logs

The form and content of privilege logs for documents withheld (or redacted) on privilege or work product grounds shall be addressed in a subsequent order.

### 4. Authentication of Documents

The process for authenticated documents produced in discovery shall be addressed in a subsequent order.

### 5. Document Repository

The Plaintiffs' Steering Committee will create and maintain an online document repository accessible (at minimum) by the Official Committee and its counsel, the Trustee, and plaintiffs' counsel of record in any action alleging injury related to a plaintiff's use of a product sold by New England Compounding Center Inc. (the "NECC cases") <u>with the understanding that access to proprietary fields of information can be restricted.</u>  The Plaintiffs' Steering Committee

14

and the Official Committee and its counsel will meet and confer with the Trustee and the Defendants with the goal of creating a single document repository that is accessible to all of those entities in order to minimize costs.

The Plaintiffs' Steering Committee will make all formal discovery produced by plaintiffs, defendants or non-parties pursuant to Paragraph IV.D.2. available through this or another online document repository, subject to certain conditions. Any plaintiffs' or defendants' counsel who seeks access to the repository must comply with any Confidentiality Order and/or Protective Order entered in this case. In addition, any counsel may be (at the Plaintiffs' Steering Committee's discretion) subject to a reasonable assessment <u>or cost-sharing arrangement</u> as a condition precedent to use of the repository. The Plaintiffs' Steering Committee shall agree with the Official Committee as to any assessment, if any, required to access the repository.

All materials produced by defendants or the Non-Parties to the Official Committee pursuant to formal discovery by the Official Committee in the MDL will be timely provided to the Plaintiffs' Steering Committee and made available through the repository.

Materials produced informally <u>or pursuant to a confidentiality or protective order</u> by the Trustee or his counsel to the Plaintiffs' Steering Committee or the Official Committee will not be made available through the repository.

**E.      Protective Orders**

The two protective orders described below will apply to all informal or formal discovery produced in the MDL.

        **1.      Qualified Protective Order Regarding Protection of Health Information**

The Plaintiffs' Steering Committee has moved for the entry of an order partially lifting discovery that will allow them to serve discovery on pain clinics and other healthcare providers

15

seeking information about the patients who were exposed to NECC products. This discovery will likely include information that constitutes Protected Health Information within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 1-4-191, regulations adopted thereto (*see* 45 C.F.R. § 164.501, *et seq.*), and state laws.

HIPAA protects the confidentiality of Protected Health Information but provides mechanisms for disclosure of such information when necessary and if sufficiently protected from improper use. *See* 45 C.F.R. § 164.502(a). HIPAA regulations allow for release of information if the request is made pursuant to a court order. *See* 45 C.F.R. § 164.512(e)(1)(i). A subpoena may be issued to compel the disclosure of Protected Health Information if a "qualified protective order" is issued prohibiting "the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested." 45 C.F.R. § 164.512(e)(1)(v)(A). The qualified protective order must require the return or destruction of the information at the end of the litigation. *See* 45 C.F.R. § 164.512(e)(1)(ii).

### 2. Confidentiality/Protective Order

The Plaintiffs' Steering Committee, counsel for the Defendants, the Trustee and his counsel, and the Official Committee will meet and confer about a proposed order protecting confidential information under Federal Rule of Civil Procedure 26(c). By June 21, 2013, the parties will jointly submit a motion for entry of a confidentiality/protective order, or, if agreement cannot be reached, separately submit motions for entry of competing proposed orders.

### F. Confidentiality of Communications with Experts

The confidentiality of communication with experts shall be addressed in a subsequent order.

**G.     Chapter 11 Plan**

The Plaintiffs' Steering Committee, the Trustee and the Official Committee shall confer regarding formulation of a chapter 11 plan in the Chapter 11 Case (the "Plan").  This CMO does not withdraw, and nothing in this CMO shall withdraw, the reference to the Bankruptcy Court in connection with the Chapter 11 Case, including but not limited to negotiation and formulation of a Plan, Plan issues, Plan disclosure requirements, Plan confirmation and Plan implementation or enforcement.  The parties reserve all rights to seek, or oppose, in whole or in part, withdrawal of the reference to the Bankruptcy Court.

**H.     Reservation of Rights**

The Plaintiffs' Steering Committee duties run to all plaintiffs with cases in the MDL currently or later filed in or transferred to the MDL.  Except as otherwise provided herein, nothing in this order shall diminish the obligations of Lead Counsel and the Plaintiffs' Steering Committee to discharge their duties under MDL Order  No. 2.

The Official Committee's duties run to all creditors with unsecured claims against NECC.  Except as otherwise provided herein, nothing in this order shall limit, restrict or otherwise affect the authority and duties of the Official Committee, as provided by 11 U.S.C. §§ 1102 and 1103, including, but not limited to, the Official Committee's statutory duties as follows: (1) to consult and participate with the Trustee concerning the administration of the Chapter 11 Case; (2) to investigate the acts, conduct, assets, liabilities, and financial condition of NECC, the operation of NECC's business and the desirability of the continuance of such business, and any other matter relevant to NECC's Chapter 11 Case or to the formulation of a Plan, including, without limitation, investigating claims by NECC against other parties or by other parties against NECC; (3) to participate in the formulation of a Plan, advise creditors on the Official Committee's determinations as to any Plan formulated, and collect and file with the

court acceptances or rejections of a Plan, including, without limitation, negotiating with the Trustee, unsecured creditors (including any holders of personal injury, tort, and wrongful death cases against NECC and any holders of asserted or contingent indemnity, contribution, or similar claims against NECC) and other relevant parties contemplated to be included in, part of or impacted a Plan any and all Plan or Plan-related content, provisions and related agreements; and (4) to communicate with and provide access to information to any and all unsecured creditors of NECC (including any holders of personal injury, tort, and wrongful death cases against NECC and holders of asserted or contingent indemnity, contribution, or similar claims against NECC).

## V. TIMELINE OF EVENTS

| Event | Date / deadline |
|---|---|
| Fact discovery as to NECC and the Affiliated Defendants | Temporarily stayed. |
| Fact discovery as to Unaffiliated Defendants and non-parties | Open, subject to any Proposed Mediation Order that is entered by the Court. |
| Motion(s) for entry of a Confidentiality Order filed | June 21, 2013 |
| Plaintiffs' Steering Committee, Defendants, Trustee, and Official Committee to meet and confer about scope of initial discovery of plaintiffs | [ July 9, 2013] |
| Plaintiffs' Steering Committee, Trustee, and Official Committee to propose mediation order for Unaffiliated Defendants | June 17, 2013 |
| Fact discovery as to Unaffiliated Defendants and non-parties returnable by | July 30, 2013 |
| Discovery depositions as noted above | August 1, 2013 |

| Depositions as to Unaffiliated Defendants and non-parites complete | August 15, 2013 |
|---|---|
| Master Complaint filed | September 1, 2013 |
| Deadline to file amended complaints for cases filed before September 1, 2013 | Fall 2013 |
| Case-specific discovery of plaintiffs[4] | Fall 2013 |
| Summary judgment briefing[4] | Fall 2013 |
| Expert reports exchanged and depositions[4] conducted | Fall 2013 |
| Trial(s)[4] | Summer 2014 |

Nothing in this Order shall prevent any party from moving for a stay of discovery or other proceedings for any reason, or from opposing such a motion

IT IS SO ORDERED.

_____
The Honorable F. Dennis Saylor IV
United States District Judge

Dated: June \_\_\_, 2013

---

[4] As the Affiliated Defendants are engaged in settlement discussions, the Plaintiffs' Steering Committee does not expect that these deadlines would pertain to claims against NECC or the Affiliated Defendants.