UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Cases | MDL No. 1:13-md-2419-FDS |

### ARL BIOPHARMA, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER

ARL BioPharma, Inc. ("ARL") opposes the Plaintiffs' *Motion for Entry of Case Management Order* ("Motion") (DKT. NO. 185) and objects to Plaintiffs' proposed *Case Management Order* ("Proposed CMO"). ARL disagrees with certain assertions that the Plaintiffs have made in their Motion, and objects to the scope, sequence, and timeline of various provisions set forth within the Proposed CMO. If accepted, the Proposed CMO will unfairly prejudice ARL's defense and unduly burden ARL in the discovery process.

Pursuant to the Federal Rules of Civil Procedure, particularly Rules 26 and 37, the Courts have broad discretion to control the scope and timing of discovery and to prevent discovery abuse. Herbert v. Lando, 441 U.S. 153, 177, (1979); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979).

While ARL is certainly cognizant of the Court's preference to efficiently resolve this matter, ARL asks that this effort not prejudice ARL's rights and abilities to (1) prepare a defense,

and (2) participate meaningfully and equitably in discovery and/or mediation. ARL is seeking this Court's protection from the unfair, unreasonable, and unduly burdensome discovery process that the Plaintiffs have set forth in the Proposed CMO. ARL's itemized objections to Plaintiffs' Motion and ARL's recommended changes to the Proposed CMO are set forth in more detail below.

### I. Plaintiffs' Motion Misstates the Proposed CMO's impact on ARL as an Unaffiliated Defendant.

Within the Motion, Plaintiffs' assertion that "the Proposed CMO addresses primarily, but not exclusively, matters that concern the Affiliated Defendants" is not accurate. The majority of the Proposed CMO appears to exclude the Affiliated Defendants from its application and to aim directly at the Unaffiliated Defendants, including ARL. The proposed CMO concerns matters that are critical to ARL's defense and discovery obligations. Within the Proposed CMO, Plaintiffs set forth an aggressive discovery schedule that requires the Unaffiliated Defendants like ARL to provide discovery immediately, but that does not allow ARL or other Unaffiliated Defendants sufficient time to obtain reciprocal discovery that is required to timely prepare expert reports and dispositive motions and to consider settlement. Moreover, Plaintiffs seek to compel certain Unaffiliated Defendants, including ARL, to appear for depositions during the first two weeks of August, even though ARL has informed Plaintiffs that this timeframe is not feasible for ARL and/or its counsel. The specific provisions that ARL objects to are described in more detail below.

    II.    **The Proposed CMO Inappropriately Excludes ARL and other Unaffiliated Defendants from discussions regarding amendments to Existing Orders and the Proposed Mediation Order.**

Section C, page 4 of the Proposed CMO states that "the Plaintiffs' Steering Committee, NECC…, the Affiliated Defendants, and the Official Committee may, after meeting and conferring, jointly or otherwise ask the Court to modify provisions of the preservation orders…" The Proposed CMO does not require that the Unaffiliated Defendants participate in these discussions. ARL and the other Unaffiliated Defendants should not be excluded from these meet and confer processes regarding existing orders. Clearly, any Court order may impact ARL and other Unaffiliated Defendants. As such, ARL and the Unaffiliated Defendants should be included in discussions regarding existing orders.

Section J, page 10 of the Proposed CMO states that "The Plaintiffs' Steering Committee, the Trustee, and his counsel, and the Official Committee shall confer and shall submit to the court … a proposed mediation order…" The Proposed CMO leaves no room for ARL or other Unaffiliated Defendants to participate in the drafting of the Proposed Mediation Order. ARL and the Unaffiliated Defendants should be participants in preparing a document that directly impacts the process by which they may be settling their cases.

    III.    **The Proposed CMO does not provide for equitable and mutual discovery exchange and settlement discussions.**

The portions of the Proposed CMO that address settlement discussions and discovery, i.e. pages 8 through 11, 13, and 18 through 19, combine to impose inequitable and impractical requirements which compel the Unaffiliated Defendants, including ARL, to promptly produce discovery while the Plaintiffs' and Affiliated Defendants' discovery obligations are stayed. ARL and other Unaffiliated Defendants can seek protection from the proposed, unreasonable

3

discovery schedule only if they participate in mediation. These provisions unfairly allow Plaintiffs and Affiliated Defendants access to the Unaffiliated Defendants' materials well in advance of, or potentially to the exclusion of, the Unaffiliated Defendants' ability to obtain reciprocal discovery. Moreover, the Proposed CMO does not suggest when Unaffiliated Defendants may obtain access to the proposed document repository that Plaintiffs maintain. These provisions presuppose that Unaffiliated Defendants are able to meaningfully participate in mediation without discovery from the Affiliated Defendants, other non-parties, and the Plaintiffs. The proposed discovery sequence puts the Unaffiliated Defendants at a clear disadvantage in preparing for mediation and/or trial.

ARL asks that this Court enter a CMO that sets a reciprocal discovery process for all parties. A burdensome discovery schedule should not be forced on the Unaffiliated Defendants and used as a weapon to compel them to participate in mediation. If the Plaintiffs are allowed to conduct discovery, the Unaffiliated Defendants should also be allowed to conduct discovery to begin to prepare their defense and settlement strategy. Finally, the discovery schedule should be within reasonable timeframes that take into account the schedules of all parties and their counsel.

IV. **The Proposed CMO sets forth an unrealistic discovery timeline.**

The Proposed CMO's discovery timeline does not allow the Unaffiliated Defendants sufficient or equal time to meet the deadlines set forth therein, particularly the deadlines for filing dispositive motions and expert reports, or to prepare their defense and settlement strategies. ARL's specific objections to the timeframe in the Proposed CMO are set forth below.

The Proposed CMO orders that fact discovery of Unaffiliated Defendants will be returnable by July 30, 2013. ARL proposes that, if it must produce fact discovery, it should also be entitled to fact discovery from the other parties and non-party entities. Moreover, if ARL is

served with discovery, there is no reason why the standard timelines set forth in the Federal Rules of Civil Procedure should not be followed. At the very least, the time for returning discovery should be contingent on the date that it is served and not arbitrarily set by the Plaintiffs.

The Proposed CMO compels certain defendants, including ARL to participate in depositions during a two week timeframe between August 1 and 15, 2013. ARL's counsel has already advised Plaintiffs' counsel that ARL and its counsel are not able to participate during this two week timeframe. ARL requires certain discovery from other defendants, entities, and Plaintiffs before it will be able to meaningfully participate in a deposition. Moreover, ARL and its counsel have limited availability during this timeframe due to conflicts in their schedule which have already been raised to the Plaintiffs. The Proposed CMO suggests that the Plaintiffs' Steering Committee will consult with Liaison Defense Counsel in scheduling depositions, but to ARL's knowledge, there is no Liaison Defense Counsel yet appointed that is tasked with coordinating with the Unaffiliated Defendants.

ARL asks that the Court not compel it to participate in a deposition until it is able to adequately prepare for it. Moreover, ARL requests that the Court require Plaintiffs to provide ARL with meaningful access to portions of the joint document depository at least 30 days in advance of its deposition. In the alternative, ARL asks that the Court limit the nature and scope of any deposition that Plaintiffs are allowed to conduct considering that ARL has not had the opportunity to develop certain aspects of its defense that could impact how the deposition proceeds.

ARL further requests that the Court not compel it to participate in a deposition on a certain date but that, instead, it require the parties to agree on a date, time, and location that are

mutually convenient.  If the Court prefers to set a timeframe within which the deposition must be conducted, ARL proposes that the Court expand the timeframe and allow the parties to identify agreeable dates.

The Proposed CMO, on page 19, allows for case specific discovery of Plaintiffs to begin in Fall 2013 and then requires summary judgment briefing and expert report exchange to take place also in Fall 2013.  Footnote 4 expressly exempts NECC and the Affiliated Defendants from this process.  This timeframe and, more importantly, the exemption of NECC and the Affiliated Defendants from participating in any discovery exchange, inequitably allow Plaintiffs many more months to prepare their cases than that which is allowed for the Unaffiliated Defendants.  Further, it expressly precludes the Unaffiliated Defendants from gaining access to information from Plaintiffs and the Affiliated Defendants that is critical to their defense.  In this respect, the Proposed CMO does not account for the fact that ARL and other Unaffiliated Defendants require discovery from the Affiliated Defendants and other parties, including NECC, in order to prepare any defense and particularly to prepare any expert reports or dispositive motions.  Moreover, the limited information that the Unaffiliated Defendants are allowed to access will be provided within a condensed timeframe that does not allow adequate time to process the large amounts of information that will be received regarding the many different Plaintiffs.  The inequities have particularly grave impact on ARL because, at this time, ARL is a defendant in sic (6) lawsuits, all of which involve some combination of the Affiliated Defendants as co-defendants.

ARL proposes that the discovery process be fair and mutual.  ARL should be allowed to obtain discovery at the same time as the other parties in the cases pending against it.  If Plaintiffs and Affiliated Defendants are seeking a discovery stay while they try to settle this matter, they should not be able to use that stay as a weapon with which they can postpone providing ARL

with necessary information while at the same time building their cases against ARL. If the Court is inclined to allow Plaintiffs unreciprocated discovery, it should be limited and ARL requests access to discovery from other defendants and entities, including the Affiliated Defendants, well in advance of any deadline for filing dispositive motions or expert reports. With respect to the Expert reports, there is no apparent reason why the deadline should not be set according to the Federal Rules of Civil procedure.

V. **Request for Relief**

WHEREFORE, for the reasons discussed here, ARL respectfully requests that this honorable Court (1) DENY Plaintiffs' Motion for Entry of Case Management Order, and (2) enter a CMO that provides for mutual, reciprocal, fair, and just discovery and settlement processes.

Respectfully submitted,

**ARL BIOPHARMA, INC. d/b/a ANALYTICAL RESEARCH LABORATORIES**

By its attorneys,

*/s/ Kenneth B. Walton*

_____
Kenneth B. Walton, BBO #562174
kwalton@donovanhatem.com
Kristen R. Ragosta, BBO #664362
kragosta@donovanhatem.com
DONOVAN HATEM LLP
Two Seaport Lane, 8th Floor
Boston, MA  02210
Tel:  (617) 406-4500
Fax: (617) 406-4501

Dated:  June 28, 2013

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on June 28, 2013 using the ECF system that sent notification of this filing to all ECF— registered counsel of record via e-mail generated by the Court's ECF system.

                                          */s/ Kristen R. Ragosta*

                                          *Attorney for ARL Bio Pharma, Inc. d/b/a*
                                          *Analytical Research Laboratories*

01536425.DOC