IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:   NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This document relates to all cases. | )<br>)<br>) Case No. 1:13-md-02419-FDS<br>)<br>) |

**MEMORANDUM BY
ROANOKE-AREA LICHTENSTEINFISHWICK INTERVENORS AND
BROWN & JENNINGS INTERVENORS IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(e) OR,
IN THE ALTERNATIVE, TO CERTIFY FOR
<u>INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b)</u>**

The Roanoke-Area LichtensteinFishwick Intervenors, by counsel, and the Brown & Jennings Intervenors, by counsel, respectfully submit this memorandum in support of their motion, under Fed. R. Civ. P. 59(e), that the Court alter or amend its Memorandum and Order ("Mem. and Order") of May 31, 2013 [Doc. No. 170] or, alternatively, that the Court certify for interlocutory appeal its ruling on the question of "related to" jurisdiction with respect to state court actions against defendants unrelated to the debtor in which claims for contribution and/or indemnification have not been made.

As stated in earlier filings [Doc. Nos. 129 and 159], these Virginia Intervenors are persons who desire and plan to pursue purely state law causes of action, and to exercise constitutional rights afforded them by the United States and Virginia Constitutions, respectively, including the right to a jury trial against the "Insight defendants,"[1] persons and/or entities who are "downstream of" and, more importantly, not related to the Debtor.   Collectively, these Intervenors adopt and endorse the arguments on the issue of "related to" jurisdiction advanced by the Roanoke Gentry

---

[1] The "Insight defendants" are Insight Health Corp., Image Guided Pain Management, PC, Dr. John M. Mathis and Dr. Robert F. O'Brien, and may also include Insight Health Services Corp. and Insight Health Services Holding Corp.

Locke Plaintiffs in their corresponding motions and supporting memorandum. [Doc. Nos. 195-197].[2]

### Argument and Authorities

**I. Respectfully, the Court Should Alter or Amend the Mem. and Order Under Fed. R. Civ. P. 59(e) and Rule that the Court Does Not Have "Related To" Jurisdiction Over State Court Actions Against Defendants, Not Related to the Debtor, Who May Assert Contribution Claims Against the Debtor.**

The Court's "assumption" (*see* Mem. and Order [Doc. No. 170] at 18)[3] that it has "related to" jurisdiction under 28 U.S.C. §1334(b) over state court actions against unrelated (to the debtor) defendants, respectfully, is in error, and puts the Court at odds with the Third, Fourth and Fifth Circuits. *See* Mem. and Order [Doc. No. 170] at 14-16 (discussing these cases, without distinguishing or criticizing them).

These cases offer discernible (if not identical) analytical frameworks for assessing related to jurisdiction. The Third Circuit will not find related to jurisdiction if – as certainly would be required here – there must be "the intervention of yet another lawsuit." *E.g., In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3rd Cir. 2002). The Fourth Circuit holds that related to jurisdiction exists only if there is a prior indemnification agreement between the debtor and the unrelated state court defendant and refused to find such jurisdiction where there only was a potential claim for contribution. *A.H. Robins v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986). The Fifth Circuit similarly requires an indemnification agreement between the debtor and the

---

[2] For the reasons discussed by the Roanoke Gentry Locke Plaintiffs, the Mem. and Order is a "judgment" within the meaning of Fed. R. Civ. P. 59(e) that the Court may alter or amend.  *See* Doc. No. 197 at 8.

[3] The Court said, "However, as to state-court cases in which a claim against NECC or an affiliated entity or individual is possible, but has not yet been asserted, the Court will assume the existence of subject-matter jurisdiction, but will abstain from exercising any such jurisdiction." (Mem. and Order [Doc. No. 170] at 18). The clear implication is that as soon as such a claim is asserted, the Court will cease abstaining from the exercise of jurisdiction.

unrelated state court defendant. *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

By contrast, this Court's "assumption" that it has related to jurisdiction over state court suits in which unrelated defendants may in the future assert claims against the debtor appears to rely on numbers of claims. This approach is not analytically sound, as was noted by the district court judge in *Federal-Mogul*:

> This Court is unconvinced by the *Dow Corning* panel's main point of distinction between that case and *Pacor*. The Sixth Circuit reasoned that *Pacor* contained only one claim, whereas in *Dow Corning* many thousands of plaintiffs were suing the non-debtors. This Court regards with misgiving the proposition that mere numbers of claims should prevail over articulable principles when it comes to defining federal subject matter jurisdiction.

*In re Federal-Mogul Global, Inc.*, 282 Bankr. 301, 308 (Bankr. D. Del. 2002).

The Court's ruling on related to jurisdiction puts great pressure on these Intervenors to limit claims pursued against the unrelated non-debtor state court defendants to causes of action as to which a claim for contribution will not lie. *See* discussion in Doc. No. 159 at 2-4. This artificial limitation on the claims these Intervenors can pursue deprives them of access to the Virginia courts and, among other things, interferes additionally with federal and Virginia constitutional rights, including the right to a jury trial. Accordingly, these Intervenors join the Roanoke Gentry Locke Plaintiffs in requesting that the Court amend the Mem. and Order to find that it has no "related to" jurisdiction over state law claims asserted in Virginia state court against unrelated, non-debtor defendants.

## II. In the Alternative, the Court Should Certify the Memorandum and Order for Interlocutory Appeal Under 28 U.S.C. §1292(b).

The statutory requirements of 28 U.S.C. §1292(b) are satisfied. The Mem. and Order (i) involves a controlling question of law (2) about which there is substantial ground for difference of opinion, and (3) immediate appeal may materially advance the outcome of this litigation.

The existence of "related to" subject matter jurisdiction must be a controlling question of law; absent such jurisdiction, this Court will lack the power to act over the state court actions that these Intervenors expect to file in the near future. As the Court noted, if it lacks subject matter jurisdiction, "any action it may undertake" in these cases "will be void." *See* Doc. No. 170 at 10.

The second prong of §1292(b) – substantial ground for difference of opinion – is satisfied here, as well. There is no controlling First Circuit or U.S. Supreme Court authority on the question of related to jurisdiction, and the Third, Fourth and Fifth Circuits, on the one hand, disagree with the Sixth Circuit, on the other.

The final requirement of §1292(b) is satisfied because an immediate appeal will matierally advance termination of this litigation. When, as is the case here, there are substantial grounds for difference of opinion as to a court's subject matter jurisdiction, courts regularly hold that immediate appeal may "materially advance the ultimate termination of the litigation." *E.g.*, *APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 109 (D.D.C. 2003). If this question of related to jurisdiction is not resolved now, the Court and litigants may take substantial actions that could later be determined to have been void, resulting needlessly in great wasting of effort and expense. An immediate appeal additionally will inform these Intervenors as to the scope and breadth of claims they may be able to pursue against the unrelated, non-debtor defendants. *See Maqaleh v. Gates*, 620 F.Supp.2d 51, 55 (D. D.C. 2009) ("[I]nterlocutory appeal is warranted where the

jurisdictional determination will impact numerous cases.")

## Conclusion

For the reasons discussed, these Intervenors respectfully request that the Court alter or amend the Mem. and Order under Fed. R. Civ. P. 59(e) or, alternatively, that the Court certify for immediate interlocutory appeal under 28 U.S.C. §1292(b), the question of its related to jurisdiction over the state court actions against the unrelated, non-debtor state court defendants.

[remainder of this page intentionally left blank]

Respectfully submitted,

**ROANOKE-AREA LICHTENSTEINFISHWICK INTERVENORS:**

| | |
|---|---|
| **GLADYS G. AUSTIN** | **DEBORAH HAGA** |
| **RICHARD BLANKENSHIP** | **LARRY HALL** |
| **SHIRLEY DOYLE** | **SUSANNE HASTINGS** |
| **RENATE FARISS** | **STUART KATZ** |
| **NANCY GOODFELLOW** | **JANE MCKEON** |
| **NORMA HURLEY** | **ANGELA NORMAN** |
| **MABEL HUTCHERSON** | **JUDY RICE** |
| **ARNOLD MOON** | **LARRY RICE** |
| **SHARON OVERSTREET** | **DEANNA SMITH** |
| **MARY RADFORD** | **STEVIE THOMAS** |
| **NOSWORTHY REID** | **BRENDA VARLEY** |
| **CHERYL BROGAN** | **ANN VASSAR** |
| **CHRISTOPHER COMPTON** | **MIRIAM WARREN** |
| **TERRY DUNCAN** | **CHRISTINE WHEELER** |

By: /s/ Gregory L. Lyons
    Of Counsel

John E. Lichtenstein (VSB #27048)
E-mail:  jel@vatrials.com
John P. Fishwick, Jr. (VSB #23285)
E-mail:  jpf@vatrials.com
Gregory L. Lyons (VSB #24037)
E-mail:  gll@vatrials.com
Monica L. Mroz (VSB #65766)
E-mail: Monica@vatrials.com
LICHTENSTEINFISHWICK PLC
101 South Jefferson St., Suite 400
Roanoke, VA 24011
Ph:     (540) 343-9711
Fax:    (540) 343-9713
   *Counsel for Roanoke-Area LichtensteinFishwick Intervenors*

**BROWN & JENNINGS INTERVENORS:**

**Jacob Helm**
**Doris West**
**Thomas Goodwin**
**Jimmy Green**
**Patricia Jennings**
**Susan Kincanon**
**Ashlee Lakin**
**Virginia Milne**
**Deborah Rogers**
**David Rose**
**Regina Waddell**

By:  /s/ Gregory L. Lyons for P. Brent Brown
    Of Counsel

P. Brent Brown (VSB # 18760)
E-mail:  brent@brownjenningslaw.com
William A. Jennings (VSB # 24176)
E-mail:  andy@brownjenningslaw.com
BROWN & JENNINGS, PLC
30 Franklin Road, Suite 700
Roanoke, Virginia 24011
Telephone: (540) 444-4010
Fax:  (540) 444-4011
*Counsel for Brown & Jennings Intervenors*

### CERTIFICATE OF SERVICE

I, Gregory L. Lyons, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be provided to those indicated in the NEF as non-registered participants.

   /s/   Gregory L. Lyons
   Counsel for Roanoke-Area
   LichtensteinFishwick Intervenors