UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| _____ | ) | MDL No. 2419 |
| | ) | Dkt. No 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| All Actions | ) | |
| _____ | ) | |

**SPECIALTY SURGERY CENTER, PLLC'S, OBJECTIONS TO
THE PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA**

Comes Specialty Surgery Center, PLLC, ("SSC") and submits its Objections to Plaintiffs' Steering Committee's ("PSC") subpoena *ad testificandum*, which also requests the production of documents and things. PSC's subpoena should be quashed or modified pursuant to Federal Rules of Civil Procedure 45 and 26. In the alternative, the Court should issue a protective order pursuant to Federal Rule of Civil Procedure 26(c). For the reasons stated below, PSC's subpoena has the following deficiencies:

- PSC failed to provide SSC with the fee for one (1) day's attendance in violation of Federal Rule of Civil Procedure 45(b)(1).

- The subpoena exceeds the limited scope of discovery approved by the Court.

- The subpoena creates an undue burden and seeks irrelevant information in violation of Federal Rules of Civil Procedure 26(b) and 45.

- The subpoena seeks privileged information in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iii).

- The subpoena does not provide a reasonable time to comply in violation of Federal Rules of Civil Procedure 45(c)(3) and 34(b)(2)(A).

- PSC has breached its duty to take reasonable steps to avoid undue burden or expense in violation of Federal Rule of Civil Procedure 45(c)(1).
- 

## Background

On June 18, 2013, PSC served a subpoena upon SSC, which was issued from the United States District Court for the District of Massachusetts and signed by J. Gerard Stranch of the firm Branstetter, Stranch, and Jennings, in Nashville, Tennessee. The subpoena *ad testificandum* scheduled SSC's deposition at the offices of SSC on July 8, 2013, at 9:00 a.m.[1] Upon service, PSC failed to provide SSC with the fee for one (1) day's attendance in violation of Rule 45(b)(1).

## Standard of Review

The Court, under its MDL authority, has the power to issue foreign-district subpoenas pursuant to 28 U.S.C. § 1407(b).[2] However, when a court exercises its 28 U.S.C. § 1407(b) authority to issue a subpoena to a foreign-district non-party deponent, the MDL judge sits as a judge of the district court where the deponent resides.[3] In addition, because the MDL judge is acting as a judge of the deponent's district, appeal is to the circuit court of the deponent's district.[4] In regard to the subpoena issued to SSC, the Honorable Judge Saylor sits as a judge of the United States District Court for the Middle District of Tennessee and is bound by the precedent of the United States Sixth Circuit Court of Appeals.

---

[1] Presumably, PSC scheduled the deposition for 9:00 CST, but with the Court located in the Eastern time zone and SSC located in the Central time zone, this is unclear.
[2] *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006).
[3] *Id.*
[4] *Id.* at 469.

Sitting as a judge of the United States District Court for the Middle District of Tennessee, Judge Saylor must apply the privilege law of the forum state where he sits, Tennessee.[5]

## Law and Argument

### I. Failure to Issue Proper Service

PSC failed to provide SSC with the $40.00 fee required upon service of the subpoena.[6] The plain language of Fed. R. Civ. P. 45(b)(1) is simple. The Fifth Circuit Court of Appeals, quoting the Ninth Circuit Court of Appeals, stated that the correct reading of Fed. R. Civ. P. 45(b)(1) requires little comment.[7]  The court stated,

> The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. **"[T]he plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees** and the reasonably estimated mileage allowed by law **with service of a subpoena." The courts uniformly agree with this interpretation of Rule 45(b)(1), as do the leading treatises on civil procedure.**[8]

PSC was clearly aware of the need to supply SSC with the applicable fee. The Proof of Service attached to the subpoena that PSC served upon SSC states,

> Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.
>
> My fees are $_____ for travel and $_____ for services, for a total of $_____0.00_____.[9]

---

[5] *See Palmer v. Fisher*, 228 F.2d 603, 608-09 (7th Cir. 1955).
[6] Fed. R. Civ. P. 45(b)(1); *cf. Vokas Provision Co. v. NLRB*, 796 F.2d 864, 875 (6th Cir. 1986).
[7] *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).
[8] *Id.* at 704-705 (emphasis added) (internal citations omitted).
[9] PSC Subpoena (attached as Exhibit 1).

3

PSC's failure to effect proper service is fatal and cannot be remedied by tendering payment at a later date.[10] In order to cure this fatal defect, PSC must re-issue the subpoena in compliance with the plain language of Fed. R. Civ. P. 45(b)(1).[11]

## II. PSC's Breach of the Court's Limitation of Discovery

### A. PSC's Breach of the January, 2011 – November, 2012, Timeframe

On June 21, this Court entered two Orders titled: "Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information" ("QPO") and "Order on Central Enforcement of Subpoenas" ("Enforcement Order").[12] The QPO limited the time frame for PSC's subpoena requests, stating,

> The information requested and produced shall be limited to the names of patients that have been identified as receiving NECC solutions, medications or compounds from January, 2011 – November, 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and PSC reasonably determine necessary to the prosecution and resolution of these actions.[13]

However PSC requested that SSC provide documents and things for a five year period ending on October 6, 2012.[14]

---

[10] *Aramark Correctional Services, LLC v. County of Cook*, 2012 WL 3792225 (D.S.D. Aug. 31, 2012) (unpublished order).
[11] PSC delinquently tendered the witness fee on Friday, June 28, 2013. As stated, this attempt to remedy PSC's improper service is inadequate.
[12] Dkt. No. 192; Dkt. No. 193.
[13] Dkt. No. 192 ¶ 2.
[14] PSC Subpoena Exhibit B ¶¶ 1-7, 9, 11. In addition, ¶ 8 asks for all of 2012, ¶¶ 10, 12-21, 24-27 have no time limit, and ¶¶ 22-23 request documents for a three year period. None of PSC's requests comply with the timeframe limitation of the QPO.

### B. PSC's Subpoena Attempts to Circumvent the Court's Requirement that Protected Health Information be Produced to a Vendor

PSC's subpoena violates the Court's QPO by requesting SSC produce the documents directly to PSC at the deposition.[15] The Court clearly ruled that protected health information shall be produced only to a third-party Vendor.[16] PSC has prematurely subpoenaed the records of SSC (a non-party), because the Vendor has not even been retained by PSC.

### C. PSC Did Not Append the QPO to the Subpoenas

The Court ruled that its QPO order "shall be appended to the subpoenas."[17] In its rush to subpoena the records of the non-party SSC, PSC did not append the QPO to the subpoena served on SSC.[18]

## III. Undue Burden

### A. Standard for Undue Burden in the Middle District of Tennessee

In the Middle District of Tennessee, whether a motion is filed under Rule 26 or Rule 45, the Court must balance the movant's need to be protected from undue burden against the defendant's need for the deposition.[19] In addition, the Middle District of Tennessee has stated, "'Rule 45 should be read in conjunction with the limitations of discovery found in Rules 26 and 34 of the Federal Rules of Civil Procedure and, therefore, 'the court must balance the burden of production against the need for the

---

[15] PSC Subpoena.
[16] Dkt. No. 192 ¶ 3.
[17] Dkt. No. 192 ¶ 15.
[18] PSC furnished the QPO on Friday, June 28, 2013. PSC's delinquent attempt to comply with the Court's QPO does not mitigate the fact that PSC's subpoena was premature.
[19] *HCP Laguna Creek CA, LP, v. Sunrise Senior Living Management, Inc.*, 2010 WL 890874 at *3 (M.D. Tenn. Mar. 8, 2010) (unpublished order); cf. *Brumley v. Albert E. Brumley & Sons, Inc.*, 2010 WL 2696486 (M.D. Tenn. July 7, 2010) (unpublished order) (Failure to tender travel expenses is ground to quash.).

requested documents.'"[20] Consequently, the party seeking discovery must first show that the deponent's testimony is relevant to the claims or defenses in the case.[21] Once PSC has met its burden of proof for establishing relevance, SSC must establish that the deposition would impose an undue burden.

PSC cannot meet its burden establishing that SSC's testimony is relevant. SSC is not a party to any case related to the fungal meningitis outbreak, let alone any case that has been consolidated in the MDL. The only documents that are relevant to the MDL and possessed by SSC are the protected health records of the plaintiffs in the MDL that received treatment from SSC. SSC does not have any documents that would be pertinent to resolving the numerous cases of plaintiffs that were not treated at SSC. Requiring SSC to produce any documents other than the protected health information of the SSC patients in the MDL would be an undue burden to SSC.

When determining whether an undue burden exists, the Middle District has stated, "[T]he Court must consider not only the burden on [the deponent] but also the necessity for the deposition and whether the same information can be obtained from other sources."[22] In *Topolewski*, the Middle District recently stated it another way,

> A subpoena that is overbroad on its face may subject a person to undue burden. *See Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49-51 (S.D.N.Y. 1996) ("to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable").[23]

---

[20] *Universal Delaware, Inc. v. Comdata Network, Inc.*, 2011 WL 1085180 at *2 (M.D. Tenn. Mar. 21, 2011) (unpublished order) (quoting *BSN Medical, Inc. v. Parker Medical Associates, LLC*, 2011 WL 197217 at *2 (S.D.N.Y. Jan. 19, 2011).
[21] *Id.*
[22] *HCP Laguna Creek*, 2010 WL 890874 at *3.
[23] *Topolewski v. Quorum Health Resources, LLC*, 2013 WL 99843 at *3 (M.D. Tenn. Jan. 8, 2013) (unpublished order) (slip copy).

In addition to factoring (1) necessity for the information, (2) breadth of the request, and (3) alternative sources of the information, the Middle District of Tennessee also factors (4) whether the deponent is a non-party.[24]

**B. PSC's Subpoena is an Undue Burden**

When applied to the subpoena served upon SSC, the factors weigh overwhelmingly in favor of quashing the subpoena.

First, SSC is not a party to any case in the MDL or any case related to the fungal meningitis outbreak.

Second, as previously stated, the only documents that are relevant to the MDL and possessed by SSC are the protected health records of the plaintiffs in the MDL that received treatment from SSC.

Third, many of the documents requested by PSC are easily accessible from other, more appropriate, sources. PSC requested numerous documents regarding the recall of NECC's medications that can be easily obtained from the FDA, CDC, or Tennessee Department of Health. Furthermore, the overwhelming majority of the documents requested can be easily produced by NECC, an actual party to the MDL. The fact that NECC's bankruptcy case and federal investigation may somehow delay discovery from NECC is no reason to burden Tennessee healthcare providers.

Lastly, the overbreadth of PSC's 27 requests for production to SSC is a clear burden. A sampling of PSC's burdensome and irrelevant requests include:

---

[24] *Id.* (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2009 WL 2351769 (E.D. Mich. July 29, 2009); *Musarra v. Digital Dish, Inc.*, 2008 WL 4758699, *1 (S.D. Ohio Oct. 30, 2008); *American Elec. Power Co. v. United States*, 191 F.R.D. 132 (S.D. Ohio 1999); *Allen v. Howmedica Leibinger*, 190 F.R.D. 518, 521 (W.D. Tenn. 1999)).

- Any and all documents and/or ESI reflecting, and/or related to, the identification of each and every patient that was administered an NECP product during the five-year period immediately preceding October 6, 2012, including patient name, address, date of birth and identification of product administered.[25]

- Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of MPA, or its generic or name-brand equivalent, from any producer, compounding facility or manufacturer other than NECP, during the five-year period immediately preceding October 6, 2012, including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of the product, cost you paid for the product, applicable warranties, shelf life, expiration dates, requirements and instructions for shipment and/or storage, and the specific identity of the preparation being purchased.[26]

- Any and all documents and/or ESI reflecting or containing information obtained by, or sent to, the Healthcare Provider, its employees and/agents [sic], from the Centers for Disease Control and Prevention, the Federal Food and Drug Administration, and/or any other Federal, [sic] state or local regulatory agency, concerning the fitness of any products manufactured, compounded or produced by NECP for their intended purposes.[27]

**C. PSC's Fishing Expedition**

Many of PSC's requests for production, including those identified above, amount to little more than a fishing expedition for potential clients. Fishing for potential clients is completely unrelated to PSC's duty to represent the plaintiffs in the MDL, and a clear burden to SSC.

PSC does not represent a class of all patients who received NECC's medications. Having SSC provide PSC with private health information of patients not in

---

[25] PSC Subpoena Exhibit B ¶ 7.
[26] PSC Subpoena Exhibit B ¶ 2.
[27] PSC Subpoena Exhibit B ¶ 12.

the MDL is nothing more than a fishing expedition, which is prohibited by the Middle District of Tennessee.

In *Topolewski*, the court stated, "It is obvious that Plaintiff merely wishes to conduct a 'fishing expedition' into the files of [non-party]. This is simply not permitted under the Federal Rules of Civil Procedure, particularly with regard to a person who is not a party to this lawsuit."[28]

Seeking the protected health information, social security number, name, date of birth, address, and phone number for hundreds, if not thousands, of Tennesseans is grossly inappropriate, unrelated to PSC's duties, and an undue burden.[29]

## IV. PSC Seeks Privileged Information in Violation of Fed. R. Civ. P. 45(c)(3)(A)(iii)

To the extent that PSC's requests are overbroad, they seek information that is privileged by the attorney-client privilege and the work-product doctrine.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), the Court must quash of modify PSC's subpoena because it seeks privileged information.

## V. PSC Failed to Provide SSC with a Reasonable Period of Time to Comply

PSC has failed to provide SSC a reasonable period of time to comply with its requests for documents. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), a respondent gets 30 days to comply with a request for production. PSC only provided SSC 20 days to respond. Therefore, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i), the Court must quash or modify the subpoena.

---

[28] *Topolewski*, 2013 WL 99843; *See also Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 353 (6th Cir. 1984) (citing *Ghandi v. Police Dept. of City of Detroit,* 74 F.R.D. 115, 123 (E.D.Mich.1977)).
[29] Dkt. No. 192; PSC Subpoena Exhibit B ¶¶ 7-8.

However, even if PSC provided SSC with 30 days to comply, 30 days is far too short of a timeframe to comply with the overbroad and unduly burdensome requests propounded by PSC.

## VI. PSC has Breached its Duty to Take Reasonable Steps to Avoid Undue Burden and Expense

PSC's overbroad and unduly burdensome requests, which fail to provide SSC with a reasonable time to respond, and which seek, in part, privileged documents, are a clear violation of PSC's duty to take reasonable steps to avoid undue burden or expense.[30] Federal Rule of Civil Procedure 45(c)(1) states,

(c) Protecting a Person Subject to a Subpoena

(1)  Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

In light of the fact that PSC has not allowed a reasonable time to respond, exceeded its limited authority, and created an undue burden as defined by the Middle District of Tennessee, PSC has violated its duty pursuant to Federal Rule of Civil Procedure 45(c)(1).

PSC has also requested documents that are clearly not relevant to any claims or defenses currently before the MDL, including the following requests from Exhibit B of PSC's subpoena:

---

[30] Fed. R. Civ. P. 45(c)(1).

- ¶ 19   Any and all documents maintained by SSC related to Tenn. Comp. R. & Regs. R. § 1140-01-.04.
  - Tenn. Comp. R. & Regs. R. § 1140-01-.04 deals with applying for a pharmacy internship license and is inapplicable to SSC.

- ¶ 20   Any and all documents maintained by SSC evincing its compliance  with Tenn. Comp. R. & Regs. R. § 1140-01-.05.
  - Tenn. Comp. R. & Regs. R. § 1140-01-.05 deals with licensing examinations for pharmacies and is inapplicable to SSC.

- ¶ 21   Any and all policies of insurance issued to SSC and/or its principal officers and directors and/or any physician working for or on behalf    of SSC, for the policy periods including calendar years 2011, 2012    and 2013.
  - Insurance policies of non-parties are irrelevant as stated in *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

- ¶ 22   Articles of Incorporation and/or By-Laws applicable to SSC for calendar years 2011, 2012 and 2013.

- ¶ 23   Names and addresses of all officers and directors of SSC during 2011, 2012 and 2013.

- ¶ 24   Any and all documents showing entities and individuals with an ownership interest in SSC.

- ¶ 25   Any and all organizational charts and/or documents listing directors, officers, employees, and/or agents of SSC, showing the names and positions of the directors, officers, employees, and/or agents and their relationship or rank within SSC.

- ¶ 26   Any and all documents showing the relationship between SSC and Surgery Centers of America.

- ¶ 27   Any and all documents showing the names of physicians and/or pharmacists that prescribed and/or dispensed NECC products.
  - This request is overbroad.

In addition, PSC served SSC with the subpoena before the Court had issued the QPO or Enforcement Order.[31]

PSC has breached its duty to avoid imposing undue burden and expense and should be sanctioned pursuant to Federal Rule of Civil Procedure 45(c)(1).

By identifying specific deficiencies in specific paragraphs, SSC does not waive the right to object to other paragraphs, particularly those which request "Any and all documents and ESI reflecting and/or related to…" which are facially overbroad and unduly burdensome.

## VII. Conclusion

For the reasons stated herein, SSC requests the Court quash or modify the subpoena in accord with SSC's objections and impose sanctions against J. Gerard Stranch and PSC.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

*(t with permission)*

**Chris J. Tardio, #23924**
Suite 1100
315 Deaderick Street
Nashville, TN 37238
(615) 254-0400
***Attorney for Defendant SSC***

---

[31] PSC has breached its duty of good faith by scheduling SSC's deposition for the same time as four other Tennessee healthcare providers, all of which are represented by Gideon, Cooper & Essary.

## CERTIFICATE OF SERVICE

This will certify that a true and accurate copy of the foregoing was served on all

parties hereto by virtue of the Court's electronic filing system this 1ˢᵗ day of July, 2013.


**Chris J. Tardio**