UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) ) All Actions ) ) | MDL No. 2419<br>Dkt. No 1:13-md-2419 (FDS) |

**HOWELL ALLEN, A PROFESSIONAL CORPORATION'S OBJECTIONS
TO THE PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA**

Comes Howell Allen, a Professional Corporation ("Howell Allen") and submits its Objections to Plaintiffs' Steering Committee's ("PSC") subpoena *ad testificandum*, which also requests the production of documents and things. PSC's subpoena should be quashed or modified pursuant to Federal Rules of Civil Procedure 45 and 26. In the alternative, the Court should issue a protective order pursuant to Federal Rule of Civil Procedure 26(c). For the reasons stated below, PSC's subpoena has the following deficiencies:

- PSC failed to provide Howell Allen with the fee for one (1) day's attendance in violation of Federal Rule of Civil Procedure 45(b)(1).

- The subpoena exceeds the scope of the limited discovery approved by the Court.

- The subpoena creates an undue burden and seeks irrelevant information in violation of Federal Rules of Civil Procedure 26(b) and 45.

- The subpoena seeks privileged information in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iii).

- The subpoena does not provide Howell Allen with a reasonable period of time to comply in violation of Federal Rules of Civil Procedure 45(c)(3) and 34(b)(2)(A).

- PSC has breached its duty to take reasonable steps to avoid undue burden or expense in violation of Federal Rule of Civil Procedure 45(c)(1).

## Background

On or about June 17, 2013,[1] PSC served a subpoena upon Howell Allen, which was issued from the United States District Court for the District of Massachusetts and signed by J. Gerard Stranch of the firm Branstetter, Stranch, and Jennings, in Nashville, Tennessee. The subpoena *ad testificandum* scheduled Howell Allen's deposition at the offices of Howell Allen on July 8, 2013, at 9:00 a.m.[2] The subpoena's Notice of Service was left blank and PSC failed to provide Howell Allen with the fee for one (1) day's attendance in violation of Rule 45(b)(1).

## Standard of Review

The Court, under its MDL authority, has the power to issue foreign-district subpoenas pursuant to 28 U.S.C. § 1407(b).[3] However, when a court exercises its 28 U.S.C. § 1407(b) authority to issue a subpoena to a foreign-district non-party deponent, the MDL judge sits as a judge of the district court where the deponent resides.[4] In addition, because the MDL judge is acting as a judge of the deponent's district, appeal is to the circuit court of the deponent's district.[5] In regard to the subpoena issued to Howell Allen, the Honorable Judge Saylor sits as a judge of the United States District

---

[1] "On or about" is used because the certificate of service, attached to the subpoena, is blank.
[2] Presumably, the PSC scheduled the deposition for 9:00 CST, but with the Court located in the Eastern time zone and Howell Allen located in the Central time zone, this is unclear.
[3] *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006).
[4] *Id.*
[5] *Id.* at 469.

2

Court for the Middle District of Tennessee and is bound by the precedent of the United States Sixth Circuit Court of Appeals.

Sitting as a judge of the United States District Court for the Middle District of Tennessee, Judge Saylor must apply the privilege law of the forum state where he sits, Tennessee.[6]

## Law and Argument

### I. Failure to Issue Proper Service

PSC failed to provide Howell Allen with the $40.00 fee required upon service of the subpoena.[7] The plain language of Fed. R. Civ. P. 45(b)(1) is simple. The Fifth Circuit Court of Appeals, quoting the Ninth Circuit Court of Appeals, stated that the correct reading of Fed. R. Civ. P. 45(b)(1) requires little comment.[8] The court stated,

> The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. **"[T]he plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees** and the reasonably estimated mileage allowed by law **with service of a subpoena." The courts uniformly agree with this interpretation of Rule 45(b)(1), as do the leading treatises on civil procedure.**[9]

PSC was clearly aware of the need to supply Howell Allen with the applicable fee. The Proof of Service attached to the subpoena that PSC served upon Howell Allen states,

> Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

---

[6] See Palmer v. Fisher, 228 F.2d 603, 608-09 (7th Cir. 1955).
[7] Fed. R. Civ. P. 45(b)(1); cf. Vokas Provision Co. v. NLRB, 796 F.2d 864, 875 (6th Cir. 1986).
[8] In re Dennis, 330 F.3d 696, 704 (5th Cir. 2003).
[9] Id. at 704-705 (emphasis added) (internal citations omitted).

My fees are $_____ for travel and $_____ for services, for a total of $\_\_\_\_0.00\_\_\_\_.[10]

PSC's failure to effect proper service is fatal and cannot be remedied by tendering payment at a later date.[11] In order to cure this fatal defect, PSC must re-issue the subpoena in compliance with the plain language of Fed. R. Civ. P. 45(b)(1).[12]

## II. PSC's Breach of the Court's Limitation of Discovery

### A. PSC's Breach of the January, 2011 – November, 2012, Timeframe

On June 21, this Court entered two Orders titled: "Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information" ("QPO") and "Order on Central Enforcement of Subpoenas" ("Enforcement Order").[13] The QPO limited the timeframe for PSC's subpoena requests, stating,

> The information requested and produced shall be limited to the names of patients that have been identified as receiving NECC solutions, medications or compounds from January, 2011 – November, 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions.[14]

In the Enforcement Order, the Court noted that PSC had advised the Court that it intended to issue subpoenas to, "Pain clinics, hospitals, and other entities or individuals who purchased NECC's methylprednisolone acetate, cardioplegic solution, or

---

[10] PSC Subpoena (attached as Exhibit 1).
[11] *Aramark Correctional Services, LLC v. County of Cook*, 2012 WL 3792225 (D.S.D. Aug. 31, 2012) (unpublished order).
[12] PSC delinquently tendered the witness fee on Friday, June 28, 2013. As stated, this attempt to remedy PSC's improper service is inadequate.
[13] Dkt. No. 192; Dkt. No. 193.
[14] Dkt. No. 192 ¶ 2.

4

ophthalmic solution."[15] Based on PSC's representations to the Court, the Court's QPO limited PSC's subpoena authority, stating,

> Plaintiffs' Counsel are authorized to serve subpoenas issued by this Court on the entities listed in NECC's Customer list located at: http://www.fda.gov/downloads/Drugs/DrugSafety/FungalMeningitis/UCM325466.pdf as well as Pharmacy Support, Inc., CuraScript, Inc., and Clint Pharmaceuticals.[16]

While the Court's directions to PSC were clear, PSC requested that Howell Allen, <u>an entity not found on the FDA's list</u>, provide documents and things for a five year period ending on October 6, 2012.[17] PSC has no authority to subpoena Howell Allen, and PSC's subpoena should be quashed.

### B. PSC's Subpoena Attempts to Circumvent the Court's Requirement that Protected Health Information be Produced to a Vendor

PSC's subpoena violates the Court's QPO by requesting Howell Allen produce the documents directly to PSC at the deposition.[18] The Court clearly ruled that protected health information shall be produced only to a third-party Vendor.[19] PSC has prematurely subpoenaed the records of Howell Allen (a non-party and a party not found on the FDA list), because the Vendor has not even been retained by PSC.

### C. PSC Did Not Append the QPO to the Subpoenas

The Court ruled that its QPO order "shall be appended to the subpoenas."[20] In its rush to subpoena the records of the non-party Howell Allen, PSC did not append the QPO to the subpoena served on Howell Allen.

---

[15] Dkt. No. 193.
[16] Dkt. No. 192 ¶ 10.
[17] PSC Subpoena Exhibit B ¶¶ 1-7, 9, 11. In addition, ¶ 8 asks for all of 2012, ¶¶ 10, 12-21, 24-33 have no time limit, and ¶¶ 22-23 request documents for a three year period. None of PSC's requests comply with the timeframe limitation of the QPO.
[18] PSC Subpoena.
[19] Dkt. No. 192 ¶ 3.
[20] Dkt. No. 192 ¶ 15.

5

## III. Undue Burden

### A. Standard for Undue Burden in the Middle District of Tennessee

In the Middle District of Tennessee, whether a motion is filed under Rule 26 or Rule 45, the Court must balance the movant's need to be protected from undue burden against the defendant's need for the deposition.[21] In addition, the Middle District of Tennessee has stated, "'Rule 45 should be read in conjunction with the limitations of discovery found in Rules 26 and 34 of the Federal Rules of Civil Procedure and, therefore, 'the court must balance the burden of production against the need for the requested documents.'"[22] Consequently, the party seeking discovery must first show that the deponent's testimony is relevant to the claims or defenses in the case.[23] Once PSC has met its burden of proof for establishing relevance, Howell Allen must establish that the deposition would impose an undue burden.

PSC cannot meet its burden establishing that Howell Allen's testimony is relevant. Howell Allen is not a party to any case related to the fungal meningitis outbreak, let alone any case that has been consolidated in the MDL. The only documents that are relevant to the MDL and possessed by Howell Allen are the protected health records of the plaintiffs in the MDL that received treatment from Howell Allen. Howell Allen does not have any documents that would be pertinent to resolving the numerous cases of plaintiffs that were not treated at Howell Allen. Requiring Howell

---

[21] *HCP Laguna Creek CA, LP, v. Sunrise Senior Living Management, Inc.*, 2010 WL 890874 at *3 (M.D. Tenn. Mar. 8, 2010) (unpublished order); cf. *Brumley v. Albert E. Brumley & Sons, Inc.*, 2010 WL 2696486 (M.D. Tenn. July 7, 2010) (unpublished order) (Failure to tender travel expenses is ground to quash.).
[22] *Universal Delaware, Inc. v. Comdata Network, Inc.*, 2011 WL 1085180 at *2 (M.D. Tenn. Mar. 21, 2011) (unpublished order) (quoting *BSN Medical, Inc. v. Parker Medical Associates, LLC*, 2011 WL 197217 at *2 (S.D.N.Y. Jan. 19, 2011).
[23] *Id.*

Allen to produce any documents other than the protected health information of the Howell Allen patients in the MDL would be an undue burden to Howell Allen.

When determining whether an undue burden exists, the Middle District has stated, "[T]he Court must consider not only the burden on [the deponent] but also the necessity for the deposition and whether the same information can be obtained from other sources."[24] In *Topolewski*, the Middle District recently stated it another way,

> A subpoena that is overbroad on its face may subject a person to undue burden. *See Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49-51 (S.D.N.Y. 1996) ("to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable").[25]

In addition to factoring (1) necessity for the information, (2) breadth of the request, and (3) alternative sources of the information, the Middle District of Tennessee also factors (4) whether the deponent is a non-party.[26]

### B. PSC's Subpoena is an Undue Burden

When applied to the subpoena served upon Howell Allen, the factors weigh overwhelmingly in favor of quashing the subpoena.

First, Howell Allen is not a party to any case in the MDL or any case related to the fungal meningitis outbreak.

Second, as previously stated, the only documents that are relevant to the MDL and possessed by Howell Allen are the protected health records of the plaintiffs in the MDL that received treatment from Howell Allen.

---

[24] *HCP Laguna Creek*, 2010 WL 890874 at *3.
[25] *Topolewski v. Quorum Health Resources, LLC*, 2013 WL 99843 at *3 (M.D. Tenn. Jan. 8, 2013) (unpublished order) (slip copy).
[26] *Id.* (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *Hansen Beverage Co. v. Innovation Ventures, LLC,* 2009 WL 2351769 (E.D. Mich. July 29, 2009); *Musarra v. Digital Dish, Inc.*, 2008 WL 4758699, *1 (S.D. Ohio Oct. 30, 2008); *American Elec. Power Co. v. United States*, 191 F.R.D. 132 (S.D. Ohio 1999); *Allen v. Howmedica Leibinger*, 190 F.R.D. 518, 521 (W.D. Tenn. 1999)).

Third, Howell Allen is a non-party deponent that has already produced hundreds, if not thousands, of pages of discovery in the Davidson County District Court cases of *Reed*, *May*, *Parman*, and *Neely*.[27] PSC is clearly aware of this discovery, as PSC requested the Court grant it permission to subpoena the records of Pharmacy Support, Inc., CuraScript Inc., and Clint Pharmaceuticals, all of which were identified in the Davidson County litigation as suppliers of St. Thomas Outpatient Neurosurgical Center, LLC ("STOPNC") (a co-defendant with Howell Allen).[28]

In addition, many of the documents requested by PSC are easily accessible from other, more appropriate, sources. PSC requested numerous documents regarding the recall of NECC's medications that can be easily obtained from the FDA, CDC, or Tennessee Department of Health. Furthermore, the overwhelming majority of the documents requested can be easily produced by NECC, an actual party to the MDL. The fact that NECC's bankruptcy case and federal investigation may somehow delay discovery from NECC is no reason to burden Tennessee healthcare providers.

Lastly, the breadth of PSC's 33 requests for production to Howell Allen is a clear burden. A sampling of PSC's burdensome and irrelevant requests include:

- Any and all documents and/or ESI reflecting, and/or related to, the identification of each and every patient that was administered an NECP product during the five-year period immediately preceding

---

[27] *Wayne A. Reed, individually and as husband and next of kin of decedent, Diana E. Reed, v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, Saint Thomas Network, Saint Thomas Health, and St. Thomas Hospital,* No. 13C417 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *Frederick May and Loduska May v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, and St. Thomas Hospital,* No. 13C606 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *May L. Parman v. Saint Thomas Outpatient Neurosurgical Center, LLC and Howell Allen Clinic, a Professional Corporation,* No. 13C1005 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *Virginia Neely, v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, Saint Thomas Network, Saint Thomas Health, and St. Thomas Hospital,* No. 13C1876 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013).
[28] Dkt. No. 192 ¶ 10.

October 6, 2012, including patient name, address, date of birth and identification of product administered.[29]

- Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of MPA, or its generic or name-brand equivalent, from any producer, compounding facility or manufacturer other than NECP, during the five-year period immediately preceding October 6, 2012, including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of the product, cost you paid for the product, applicable warranties, shelf life, expiration dates, requirements and instructions for shipment and/or storage, and the specific identity of the preparation being purchased.[30]

- Any and all documents and/or ESI reflecting or containing information obtained by, or sent to, the Healthcare Provider, its employees and/agents [sic], from the Centers for Disease Control and Prevention, the Federal Food and Drug Administration, and/or any other Federal, [sic] state or local regulatory agency, concerning the fitness of any products manufactured, compounded or produced by NECP for their intended purposes.[31]

**C. PSC's Fishing Expedition**

Many of PSC's requests for production, including those identified above, amount to little more than a fishing expedition for potential clients. Fishing for potential clients is completely unrelated to PSC's duty to represent the plaintiffs in the MDL, and a clear burden to Howell Allen.

PSC does not represent a class of all patients who received NECC's medications. Having Howell Allen provide PSC with private health information of patients not in the MDL is nothing more than a fishing expedition, which is prohibited by the Middle District of Tennessee.

---

[29] PSC Subpoena Exhibit B ¶ 7.
[30] PSC Subpoena Exhibit B ¶ 2.
[31] PSC Subpoena Exhibit B ¶ 12.

9

In *Topolewski*, the court stated, "It is obvious that Plaintiff merely wishes to conduct a 'fishing expedition' into the files of [non-party]. This is simply not permitted under the Federal Rules of Civil Procedure, particularly with regard to a person who is not a party to this lawsuit."[32]

Seeking the protected health information, social security number, name, date of birth, address, and phone number for hundreds, if not thousands, of Tennesseans is grossly inappropriate, unrelated to PSC's duties, and an undue burden.[33]

### IV. PSC Seeks Privileged Information in Violation of Fed. R. Civ. P. 45(c)(3)(A)(iii)

Similar to PSC's knowledge of STOPN's suppliers, PSC specifically requested communications between Howell Allen and Michael O'Neal and any of Howell Allen's other consultants.[34] It should be stated that Howell Allen did not have a relationship with Mr. O'Neal. However, even if Howell Allen had a relationship with Mr. O'Neal, the activities of Mr. O'Neal are privileged pursuant to the law of the forum, Tennessee, and the principle of issue preclusion, which is a component of *res judicata*.

On May 31, 2013, the Honorable Judge Binkley of the Fifth Circuit Court for Davidson County ruled that Mr. O'Neal's activities on behalf of STOPNC were privileged pursuant to the Tennessee Patient Safety and Quality Improvement Act of 2011 ("TPSQIA"), codified at Tenn. Code Ann. § 63-1-150, and § 68-11-272.[35] In addition to the privilege afforded to Mr. O'Neal's activities, the activities of all other consultants would be similarly privileged by TPSQIA.

---

[32] *Topolewski*, 2013 WL 99843; *See also Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 353 (6th Cir. 1984) (citing *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115, 123 (E.D.Mich.1977)).
[33] Dkt. No. 192; PSC Subpoena Exhibit B ¶¶ 7-8.
[34] PSC Subpoena Exhibit B ¶ 30.
[35] Order Denying Motion to Compel Production of Reports and Communications Between Howell Allen and Michael O'Neal, *Reed v. Howell Allen, et al.*, Case No. 13C417, Dkt. No. 91 (Fifth Circuit Court for Davidson County, TN May 31, 2013).

In addition to the request pertaining to Mr. O'Neal, to the extent that the PSC's requests are overbroad, they seek information protected by attorney-client privilege and the work-product doctrine.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), the court must quash or modify PSC's subpoena because it seeks privileged information.

## V. PSC Failed to Provide Howell Allen with a Reasonable Period of Time to Comply

PSC has failed to provide Howell Allen a reasonable period of time to comply with its requests for documents. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), a respondent gets 30 days to comply with a request for production. PSC only provided Howell Allen 21 days to respond. Therefore, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i), the Court must quash or modify the subpoena.

However, even if PSC had provided Howell Allen with 30 days to comply, 30 days is far too short of a timeframe to comply with the overbroad and unduly burdensome requests propounded by PSC.

## VI. PSC has Breached its Duty to Take Reasonable Steps to Avoid Undue Burden and Expense

PSC's overbroad and unduly burdensome requests, which fail to provide Howell Allen with a reasonable period of time to respond, and which seek, in part, privileged documents, are a clear violation of PSC's duty to take reasonable steps to avoid undue burden or expense.[36] Federal Rule of Civil Procedure 45(c)(1) states,

> (c) Protecting a Person Subject to a Subpoena
>
> > (1) Avoiding Undue Burden or Expense; Sanctions.

---

[36] Fed. R. Civ. P. 45(c)(1).

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

In light of the fact that it was widely reported in Nashville (the issuing attorney's home city) that the Michael O'Neal communications were privileged, PSC unreasonably requested them anyway.[37] PSC has also not allowed a reasonable time to respond, exceeded its limited authority, and created an undue burden as defined by the Middle District of Tennessee. Furthermore, PSC served Howell Allen with the subpoena before the Court had issued the QPO or Enforcement Order.[38]

PSC has also requested documents that are clearly not relevant to any claims or defenses currently before the MDL, including the following requests from Exhibit B of PSC's subpoena:

- ¶ 19   Any and all documents maintained by Howell Allen related to Tenn. Comp. R. & Regs. R. § 1140-01-.04.
    - Tenn. Comp. R. & Regs. R. § 1140-01-.04 deals with applying for a pharmacy internship license and is inapplicable to Howell Allen.

- ¶ 20   Any and all documents maintained by Howell Allen evincing its compliance with Tenn. Comp. R. & Regs. R. § 1140-01-.05.
    - Tenn. Comp. R. & Regs. R. § 1140-01-.05 deals with licensing examinations for pharmacies and is inapplicable to Howell Allen.

- ¶ 21   Any and all policies of insurance issued to Howell Allen and/or its    principal officers and directors and/or any physician

---

[37] Walter F. Roche, Jr., "'Mickey Mouse' on Saint Thomas clinic's patient list sent to compounder," THE TENNESSEAN, May 16, 2013, available at: http://www.tennessean.com/article/20130516/NEWS07/305160117/-Mickey-Mouse-Saint-Thomas-clinic-s-patient-list-sent-compounder (last accessed June 27, 2013).
[38] PSC has breached its duty of good faith by scheduling Howell Allen's deposition for the same time as four other Tennessee healthcare providers, all of which are represented by Gideon, Cooper & Essary.

working for or on behalf of Howell Allen, for the policy periods including calendar years 2011, 2012 and 2013.
- o   Insurance policies of non-parties are irrelevant as stated in *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

- ¶ 22   Articles of Incorporation and/or By-Laws applicable to Howell Allen for calendar years 2011, 2012 and 2013.

- ¶ 23   Names and addresses of all officers and directors of Howell Allen during 2011, 2012 and 2013.

- ¶ 24   Any and all documents showing entities and individuals with an ownership interest in Howell Allen.
  - o   Previously disclosed during the Davidson County litigation.

- ¶ 25   Any and all organizational charts and/or documents listing directors, officers, employees, and/or agents of Howell Allen, showing the names and positions of the directors, officers, employees, and/or agents and their relationship or rank within Howell Allen.

- ¶ 26   Any and all documents showing the relationship between Howell Allen, St. Thomas Health Network, and/or STOPNC.

- ¶ 27   Any and all documents showing the names of physicians and/or pharmacists that prescribed and/or dispensed NECC products.
  - o   This request is overbroad.

- ¶ 28   Any and all communications between Howell Allen and St. Thomas Health Network related to NECC.

- ¶ 29   Any and all communications between Howell Allen and STOPNC related to NECC.

- ¶ 30   Any and all communications between Howell Allen and Michael O'Neil [sic] or any other consultant related to NECC.
  - o   Privileged, as discussed previously.

- ¶ 31   Any and all documents related to any decisions, concerning patient care, employee relations, procurement of pharmaceuticals or medical equipment, where Howell Allen received advice or direction from St. Thomas Health Network and/or STOPNC.

- ¶ 32 Any and all documents related to any transfer of pharmaceuticals, medical equipment, office equipment, office supplies, computers, hardware, and/or software between Howell Allen, St. Thomas Health Network and/or STOPNC.

- ¶ 33 Any and all board minutes or notes of board minutes that relate to STOPNC.
    - To be clear, PSC is asking one non-party, Howell Allen, for the board minutes of another non-party, STOPNC.

PSC has breached its duty to avoid imposing undue burden and expense and should be sanctioned pursuant to Federal Rule of Civil Procedure 45(c)(1).

By identifying specific deficiencies in specific paragraphs, Howell Allen does not waive the right to object to other paragraphs, particularly those which request "Any and all documents and ESI reflecting and/or related to…" which are facially overbroad and unduly burdensome.

## VII. Conclusion

For the reasons stated herein, Howell Allen requests the Court quash or modify the subpoena in accord with Howell Allen's objections and impose sanctions against J. Gerard Stranch and PSC.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

_____ with permission _____
**Chris J. Tardio, #23294**
Suite 1100
315 Deaderick Street
Nashville, TN 37238
(615) 254-0400
***Attorney for Howell Allen***

14

**CERTIFICATE OF SERVICE**

This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 1st day of July, 2013.

/s/ with permission
Chris J. Tardio