**MONTGOMERY McCRACKEN WALKER & RHOADS LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, New Jersey 08002
(856) 488-7700
*Defendants Inspira Health Network, Inc.*
*and Inspira Medical Centers, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION** _____ THIS DOCUMENT RELATES TO: *Hannah v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10407; *Jones v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10409; *Ramos v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10410; *Rios v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10411; *Rivera v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10412; *Tayvinsky v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10414; *Gould v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10444; and *Normand v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10447 | **Document Electronically Filed** MDL No. 1:13-md-2419-FDS |

### OPPOSITION BY INSPIRA HEALTH NETWORK, INC. AND INSPIRA MEDICAL CENTERS, INC. TO PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR ENTRY OF PROPOSED CASE MANAGEMENT ORDER

Defendants Inspira Health Network, Inc. and Inspira Medical Centers, Inc. (formerly

known as South Jersey Health System, Inc. and South Jersey Hospital, Inc.) ("Inspira"), by and

through its undersigned attorneys, respectfully submit this Opposition to the Motion for Entry of

Case Management Order [Dkt. No. 185] ("Motion") and the Proposed Case Management Order

("proposed CMO") submitted to this Court by the Plaintiffs' Steering Committee ("PSC")

appointed in the above-captioned multi-district litigation.

Inspira has no objection to a CMO that is fair to **all** parties, as opposed to only the

Affiliated Defendants, the PSC, the Official Committee of the Unsecured Creditors, and the

Chapter 11 Trustee.  The proposed CMO does not "address[] primarily…matters that concern the

Affiliated Defendants" as represented by the PSC in the Motion.  Instead, the bulk of the

proposed CMO, particularly pages 8-20, pertain – in some cases, almost exclusively – to the

Unaffiliated Defendants and concern matters of grave importance – most importantly Discovery,

which sets forth aggressive deadlines as to the Unaffiliated Defendants only and is unilateral.

Inspira did not consent to the scope or the breadth of the proposed CMO that affects

Inspira directly, and respectfully requests, for the reasons articulated below and those set forth in

the Opposition of ARL BioPharma, Inc. [Dkt. No. 210], that the Court deny the PSC's Motion

and enter a CMO that takes into account the interests of all parties.

## A.    The Provision for Mediation with Unaffiliated Defendants Is Unilateral and Unnecessary.

As a threshold matter, this provision, despite its title, contemplates further excluding the

Unaffiliated Defendants from the process going forward.  Indeed, the proposed CMO states that

"the Plaintiffs' Steering Committee, the Trustee and his counsel, and the Official Committee

shall confer and shall submit to the Court within thirty (30) days a proposed mediation order (the

"Proposed Mediation Order") . . . pertaining to all Unaffiliated Defendants and Non-

Parties . . . ."  Section II.J.  Markedly absent from the meet and confer process are the

Unaffiliated Defendants, who wish to be – and who have every right to be – involved in the meet

and confer process, especially considering that this provision applies solely to the Unaffiliated Defendants.

Moreover, this provision goes beyond simply a statement that the PSC will submit a proposed mediation order within thirty (30) days, but instead details the procedures required for participating in mediation.  Despite the specificity in outlining the mediation procedures, the proposed CMO vaguely states that "[i]n order to participate in the mediation program, an entity or individual will be required to produce, informally, materials and information necessary for effectively mediating claims."  *Id.*  The proposed CMO makes no further mention of what "informal[] material[] and information [is] necessary [to] effectively mediat[e] claims" (*id.*), nor does it specify whether this informal discovery is in addition to or in lieu of the discovery sought under Section IV.D in the proposed CMO.

As drafted, the proposed CMO appears to seek the Court's approval of key components of the mediation – mainly participation – without the actual mediation order being submitted to the Court.  As such, Inspira objects to this provision of the proposed CMO to the extent it seeks the Court's approval beyond anything other than the timeframe within which the PSC may file their unilateral, proposed mediation order.

**B.    The Provision for an Electronically Stored Information Protocol Improperly Requests Approval of Native Format Production.**

Similar to the issue addressed above with the provision for mediation, the proposed CMO goes beyond establishing the timeline in which the PSC plans to unilaterally file an Electronically Stored Information Protocol ("ESIP") and instead appears to seek Court approval now that "[t]he default will be that all documents are produced in their native format."  Section IV.D.5.  The format of production for electronically stored information should be (a) part of a meet and confer between **all** parties, especially the Unaffiliated Defendants who are most

affected by an ESIP and from whom the PSC seeks voluminous discovery as seen in the various

subpoenas, and (b) contained in an ESIP, not a proposed CMO.  To require now – and

unilaterally – that Inspira produce ESI in native format would be unfair and extremely prejudicial

to Inspira when there are more economical production solutions that will provide the same

information embedded in a native file.  Accordingly, Inspira objects to this provision of the

proposed CMO, to the extent it seeks the Court's approval beyond anything other than the

timeframe within which the PSC may file their unilateral, Electronically Stored Information

Protocol.

**C.      The Discovery Time Frames Are Onerous, Unfair, and Prejudicial.**

Section V of the proposed CMO sets forth a series of aggressive discovery deadlines that

are onerous, unfair, and prejudicial to Inspira.  For example, despite the broad categories of

discovery sought under the Protective Order [Dkt. No. 181], the proposed CMO would require

that all discovery is returnable by July 30, 2013.  Considering that Inspira received a subpoena

on June 27, 2013 (which seeks an onerous two years of records and electronically stored

information), and that the earliest the Court will hear objections to subpoenas is at the July 18,

2013 status conference, this provision would essentially make Inspira's discovery returnable 12

days later, assuming the subpoena is enforceable or the scope is appropriate.  Such an accelerated

and short time frame is unfair and prejudicial.

The rest of the discovery deadlines set forth in Section V are similarly aggressive.

Notwithstanding the fact that cases are still being transferred into the MDL and that a master

complaint has yet to be filed, the proposed CMO would have the case move through the

summary judgment phase by the fall of 2013, a time frame approximately 4-5 months away.

This fast-tracked, unilateral litigation schedule is not in the best interests of any party, except

plaintiffs, and seeks to bully the Unaffiliated Defendants and non-parties into settlement

negotiations or mediation instead of having the measured, fair discovery process pursuant to the

Federal Rule of Civil Procedure.

**D.     Conclusion**

Inspira respectfully requests that the Court deny the PSC's Motion for Entry of Case

Management Order and enter a CMO that takes into account the interests of **all** parties.


                                                  Respectfully submitted,


                                                  MONTGOMERY, McCRACKEN, WALKER
                                                    & RHOADS LLP

Dated:  July 1, 2013                              s/*Stephen A. Grossman*
                                                  Stephen A. Grossman
                                                  Montgomery, McCracken, Walker & Rhoads, LLP
                                                  LibertyView, Suite 600
                                                  457 Haddonfield Road
                                                  Cherry Hill, NJ 08002
                                                  sgrossman@mmwr.com
                                                  (856) 488-7700
                                                  (856) 488-7720 (facsimile)

                                                  *Defendants Inspira Health Network, Inc.*
                                                  *and Inspira Medical Centers, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, **STEPHEN A. GROSSMAN**, hereby certify that I caused a true and correct copy of

the Opposition by Inspira Health Network, Inc. and Inspira Medical Center, Inc. to Plaintiffs'

Steering Committee's Motion for Entry of Proposed Case Management Order to be filed

electronically via the Court's electronic filing system.

Dated: July 1, 2013                    <u>s/ Stephen A. Grossman</u>
                                       Stephen A. Grossman