**LAW OFFICES OF JAY J. BLUMBERG, ESQ.**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>*Hannah v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10407;<br>*Jones v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10409;<br>*Ramos v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10410;<br>*Rios v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10411;<br>*Rivera v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10412;<br>*Tayvinsky New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10414;<br>*Gould v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10444; and<br>*Normand v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10447 | MDL No. 1:13-md-2419-FDS<br><br>**OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR ENTRY OF PROPOSED CASE MANAGEMENT ORDER ON BEHALF OF DEFENDANTS, PREMIER ORTHOPAEDIC and SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, trading as PREMIER ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC, and KIMBERLEY YVETTE SMITH, M.D. a/k/a KIMBERLEY YVETTE SMITH-MARTIN, M.D.** |

The defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D. ("Premier Defendants") respectfully submit this opposition to the Plaintiff's Steering Committee's motion to enter proposed case management order ("CMO") (docket entry 185). The Premier Defendants, members of

1

the "unaffiliated defendants", have not consented to the form or substance of the proposed CMO. Moreover, the CMO is a unilaterally designed document that does not take into account the interests of all parties by setting forth harsh, unrealistic deadlines for the completion of the unbalanced exchange of discovery.

### A. THE DEADLINES FOR THE COMPLETION OF DISCOVERY ARE UNFAIR, DESIGNED TO FAVOR THE PLAINTIFF AND UNREALISTICALLY SET FORTH.

As has been pointed out by so many of the unaffiliated defendants in this matter, the CMO provides for a "fast-track" discovery schedule, most of which is designed to benefit the plaintiff without providing dates for when reciprocal discovery may be obtained. For example, Plaintiffs' Steering Committee ("the committee") proposes a completion date of August 15, 2013 for all depositions of the unaffiliated defendants. However plaintiffs' case specific discovery may be completed in the "fall 2013". As a result, the unaffiliated defendants are left with slightly more than a month to complete paper discovery and depositions, while plaintiff is free to provide discovery at an arbitrary date in the "Fall".

Such a "weighted" schedule is designed only to intimidate and bully, without taking into account the logistical considerations of producing volumes of documents and multiple persons for depositions not to mention the coordination of various attorneys in the meantime. Such a proposal is contrary to the fair and equitable rules of discovery set forth in the Federal Rules of Civil Procedure.

### B. THE PLAINTIFFS' STEERING COMMITTEE'S PROPOSAL FOR MEDIATION AS SET FORTH IN THE PROPOSED CMO IS WITHOUT MERIT.

As has been pointed out previously by other unaffiliated defendants, the provision in section II. (J) of the proposed CMO is without merit and unnecessary. The Committee has not reached out to the unaffiliated defendants to confer regarding this (or any other

section of the CMO) and continues this behavior by proposing a mediation order that will govern the unaffiliated defendants, without also proposing a consultation with the unaffiliated defendants.

Furthermore, proposing a deadline for the submission of a proposed order would have been sufficient to fulfill section "J" of the CMO. Adding substantive language regarding the content of the proposed mediation order is unnecessary and should be saved for the submission of the proposed mediation order. By adding the language to the CMO here the committee is asking the Court to approve substantive portions of the mediation agreement without submitting the entirety of the mediation agreement. Of particular concern is the proposal that the unaffiliated defendants produce "informally, materials and information necessary for effectively mediating claims." This provision is inserted without reference to "what" information the CMO is referring.

### CONCLUSION

It is respectfully requested that the request to enter the proposed Case Management order submitted to the Court by way of Motion by the Plaintiffs' Steering Committee be denied.

        Respectfully Submitted,

        LAW OFFICES OF JAY J. BLUMBERG, ESQ.
        Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

Dated:                           By:_____ /s/ Jay J. Blumberg
                                     Jay J. Blumberg, Esq.

## CERTIFICATE OF SERVICE

    I, Jay J. Blumberg, Esq., hereby certify that I caused a true and correct copy of the Opposition to Plaintiffs' Steering Committee's Motion for Entry for Proposed Case Management Order on behalf of defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., to be filed electronically via the Court's electronic filing system.

Dated:  July 2, 2013                    By:      */s/ Jay J. Blumberg*
                                                    Jay J. Blumberg, Esq.