

LIPTON LAW
THE EDGE YOU NEED

18930 W Ten Mile Rd
Suite 3000
Southfield, MI 48075

Phone: 248.557.1688
Fax: 248.557.6344

www.liptonlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: All Cases | MDL No. 1:13-md-02419 <br><br> Hon. F. Dennis Saylor, IV |

### Exhibit A to Subpoena

### NOTICE OF DEPOSITION *DUCES TECUM* OF NON-PARTY LIBERTY INDUSTRIES, INC.

Please take notice that on August 5, 2013, beginning at 11:00 a.m. at the offices of LIBERTY INDUSTRIES, INC., 133 Commerce Street, East Berlin, CT 06023, the deposition of Liberty Industries, Inc. will be taken upon oral examination by one or more attorneys of the Plaintiffs' Steering Committee in the pending MDL, pursuant to Rule 30 of the Federal Rules of Civil Procedure for the purpose of discovery or for use as evidence in this action, and before an officer authorized by law to administer oaths. The deposition will be taken by stenographic and/or video means.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, the non-party deponent(s) shall produce, at the time of deposition, documents identified in the attached Exhibit B.

**Duty to designate.** By designating a representative, the organization indicates its representative has the authority to speak on its behalf on the matters listed in this Notice – not only to facts, but also to subject beliefs and opinions.[1]

---

[1] *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 20 (E.D. Pa. 1986); *See also Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 148, 151-52 (D.D.C. 1999); *Mitsui & Co. v. Puerto Rico Water Res. Autho.*, 93 F.R.D. 62, 66-67 (D.P.R. 1981).

**Duty to substitute**.  If it becomes clear that the chosen representative is unable to respond to questions on the matters for which he or she has been designated, the organization must immediately provide a substitute knowledgeable witness.  This is required even if the initial designation was made in good faith.[2]

**Duty to prepare**. The testimony elicited in the deposition represents the organization's knowledge, not the individual deponent's knowledge. The organization must conduct a thorough investigation in response to the deposition notice and must prepare any witness to testify to all matters "known or reasonably available to the organization." Therefore, if the organization's designee is not knowledgeable about the matters specified in the deposition notice, it must nonetheless prepare such designee to give knowledgeable, binding answers.[3]

"Reasonably available" information includes all documents that the organization has the authority, legal right, or practical ability to obtain.  An inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear.[4]

**Scope of inquiry**. The description contained in the deposition notice simply identifies the minimum to which a witness must be prepared to testify.  If an examining party asks

---

[2] *See Marker v. Union Fidelity Life*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

[3] *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996) .

[4] *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000) (citing *Lumber v. PPG Industries, Inc.,* 168 F.R.D. 641, 643 n. 1 (D. Minn. 1966); *See Black Horse Lane Assoc., L.P. v. Down Chem. Corp.*, 228 F. 3d 275, 303-04 (3d Cir. 2000); *Resolution Trust Corp. v. S. Union Co.,* 985 F. 2d 196, 197 (5th Cir. 1993); *Taylor,* 166 F.R.D. at 363; *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

questions outside the scope of the matters described in the notice, general deposition rules govern.

## DESIGNATION OF TESTIMONY AND PRODUCTION OF DOCUMENTS

The designated matters upon which examination is requested are as follows:

1. To provide testimony regarding those individuals involved in the production of documents.

2. To provide testimony regarding the efforts made and the time expended in the production of documents.

3. To provide testimony regarding the methods of search and methods of production of documents produced.

4. To provide testimony regarding the authenticity of documents produced.

5. To provide testimony regarding the methods of storage, entry, and use of computer data, and the method by which it has been produced.

6. To provide testimony regarding the location and methods of storage of corporate documents.

7. To provide testimony regarding the existence of documents.

8. To provide testimony regarding the electronic creation, duplication and/or storage of the documents.

9. To provide testimony regarding any and all document retention/destruction policies that would relate to any of the documents.

10. To provide testimony regarding the searchability of databases for the extraction of information.

RESPECTFULLY SUBMITTED

/s/ Marc E. Lipton
Marc E. Lipton (P43877)
LIPTON LAW
18930 West Ten Mile Road Suite 3000
Southfield, MI 48075
(248) 557-1688
(248) 557-6344 *facsimile*
marc@liptonlaw.com
