## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 1:13-md-02419 |
| This Document Relates to:  All Cases | ) ) ) | Hon. F. Dennis Saylor, IV |

## OBJECTION OF SOUTHEAST MICHIGAN SURGICAL HOSPITAL TO PLAINTIFFS' SUBPOENA TO TESTIFY AND TO PRODUCE DOCUMENTS

Respondent Southeast Michigan Surgical Hospital ("Respondent"), by its counsel, Dykema Gossett, PLLC, provides this Objection to the subpoena, dated June 21, 2013, issued to Respondent by Plaintiffs in this Multi-District Litigation.

### 1. GENERAL RESPONSE

The subpoena commands Respondent to designate corporate representatives to provide  testimony and to produce documents as described in Exhibits A and B to the subpoena. Plaintiffs seek to compel testimony concerning 10 categories of designated subject matter, and to compel the production of 21 categories of documents.  The deposition testimony categories all relate to the means by which the Respondent hospital keeps, organizes, searches, retrieves and stores documents, in electronic and hard copy form.  The document production categories seek to determine whether and how New England Compounding Pharmacy sold

medication to the Respondent hospital, to whom and when it was administered to Respondent's patients, and what insurance coverage is carried by Respondent hospital.

Respondent is unaware of any patient treated in its hospital who is a plaintiff (or otherwise a party) in the MDL litigation. No patient of Respondent has filed suit or joined the MDL litigation. No patient of Respondent has, in any forum, filed suit against Respondent relating to products manufactured and sold by New England Compounding Pharmacy. Plaintiffs have not provided any letter to Respondent indicating that any patient of Respondent's hospital is represented by counsel involved in this NECP multi-district litigation.

Because of the lack of connection between the MDL litigation and any patient of Respondent, no documents or information held by Respondent is relevant to the claims of any parties in that litigation. The subpoena, the categories of documents sought, and the categories of testimony to be compelled at deposition are not reasonably calculated to lead to the discovery of admissible evidence.

The categories of documents sought by the subpoena include patient prescriptions, patient names, addresses, dates of birth, and identification of medications administered. None of this can be relevant to the claims of Plaintiffs, not one of whom was treated at Respondent's hospital. Such information is subject to privacy law and regulation; even with a protective order in place in the MDL

2

litigation and a HIPAA-compliant vendor in place (as Plaintiffs' counsel states will be the case at some point in the future), Respondent will be required to take methodical measures to safeguard its patients' privacy rights.  The privacy safeguards will require significant expense, investment of significant time, administrative burden, and legal expense.  The production of this sensitive information will also carry with it the risk of improper disclosure.  These burdens and the attendant expense are unreasonable.  In the absence of any claims by Respondent's patients, the burden of providing this immaterial information is too great to be an appropriate exercise of subpoena power over a nonparty.

Respondent's objections to the deposition, to the designations for deposition subject matter, and to the categories of documents to be produced *duces tecum,* are set out below.

## 2. <u>OBJECTION TO SUBPOENA *DUCES TECUM*</u>

Respondent objects to that portion of the subpoena compelling production of documents.

A. The document subpoena, as a mechanism of discovery, does not comply with Fed.R.Civ.P. 26(b)(1) because there is no connection between Plaintiffs and Respondent's hospital.   Plaintiffs have identified no patient of Respondent who has filed suit or joined the MDL litigation.  Plaintiffs have identified no patient of Respondent's hospital who is being represented by any counsel in the MDL

3

Case 1:13-md-02419-RWZ   Document 236   Filed 07/03/13   Page 4 of 8


litigation.  To Respondent's knowledge, no patient of Respondent has, *in any forum*, filed suit against Respondent relating to products manufactured and sold by New England Compounding Pharmacy.  Therefore documents held by Respondent are not relevant to the claims of any parties in that litigation.  The categories of documents being sought are not reasonably calculated to lead to the discovery of evidence admissible in Plaintiffs' lawsuits.

B.  The subpoena *duces tecum* seeks documents, including prescriptions, patient names, addresses and dates of birth, that are sensitive, private, confidential, and protected by federal law.  They have no role in the trial of Plaintiffs' claims, and therefore the burden on Respondent of safeguarding the privacy interests of its patients far outweighs any utility to the parties in producing them.  Thus the subpoena does not comply with Fed.R.Civ.P. 45(c)(1):  reasonable steps were not taken "to avoid imposing undue burden or expense" on Respondent.

C.  The subpoena *duces tecum* does not comply with Fed.R.Civ.P. 45(c)(1) for a second reason.  The subpoena may call for the production of documents (in hard copy or electronic) that are subject to the attorney-client privilege and the work-product protection.   In order for Respondent to comply with Fed.R.Civ.P. 45(d)(2)(A), it must search for the irrelevant information described in the subpoena, examine it for privilege, and then describe the privileged material in accordance with that subrule (often satisfied by a privilege log).  Yet even the non-

4

privileged documents being sought are irrelevant and immaterial to Plaintiffs'

claims.  To require that, in order for Respondent to *preserve* the privilege, it first

search for and log these irrelevant documents – and then bring its objections to the

scope of the subpoena – is itself an undue burden.

### 3.  <u>OBJECTION TO DEPOSITION AND DEPOSITION DESIGNATIONS</u>

Respondent objects to that portion of the subpoena compelling a deposition

by corporate representatives on designated subject areas.

A.  The deposition subpoena does not comply with Fed.R.Civ.P. 26(b)(1)

because there is no connection between Plaintiffs and Respondent's hospital.

Plaintiffs have identified no patient of Respondent who has filed suit or joined the

MDL litigation; no patient of Respondent has filed suit against Respondent relating

to products manufactured and sold by New England Compounding Pharmacy.

Plaintiffs have not provided any letter of representation or other evidence that any

patient of Respondent's hospital is represented by any counsel involved in the

MDL litigation.  Therefore Respondent's information is not relevant to the claims

of any parties in that litigation.  The testimony to be adduced at deposition is not

reasonably calculated to lead to the discovery of evidence admissible in this

litigation.

B.  The deposition subpoena does not comply with Fed.R.Civ.P. 26(b)(1)

because the testimony sought relates to the storage, retrieval and searching of

irrelevant documents. The categories of testimony to be adduced relate to the storage, searching, retrieval, production, authenticity and existence of documents being sought from Respondent. The documents sought bear no relationship to any claims by Plaintiffs in the MDL action. If the documents are not relevant to the litigation, therefore a deposition asking how Respondent keeps, searches, and retrieves paper and electronic documents will not be relevant or material to the issues in this case. The testimony sought is not relevant or material to the litigation.

C. The deposition subpoena does not comply with Fed.R.Civ.P. 45(c)(1): reasonable steps were not taken "to avoid imposing undue burden or expense" on Respondent. Respondent's hospital has no connection to Plaintiffs; nothing that Respondent can provide will relate to the claims by Plaintiffs. Nevertheless, Plaintiffs wish to have Respondent select and prepare corporate representatives (something the Notice of Deposition spends a full page describing) to testify about its document retention policies, its computer systems, its means of retaining information concerning its patients and its medication inventories, and a host of other subjects. This process imposes an undue burden on Respondent: it is endless, and it has no connection to Plaintiffs. The additional process of providing testimony at the deposition constitutes a further burden. The burden is unreasonable and should not be imposed upon Respondent.

D.   The deposition subpoena does not comply with Fed.R.Civ.P. 45(b)(1) because it was not served with the required witness fee for attendance at deposition.

For all these reasons, Respondent Southeast Michigan Surgical Hospital objects to the subpoena *duces tecum* issued to it by Plaintiffs.

**DYKEMA GOSSETT PLLC**


By: /s/Kathryn J. Humphrey
Kathryn J. Humphrey
Michigan Bar No.  (P32351)
Attorney for Respondent Southeast
 Michigan Surgical Hospital
400 Renaissance Center, 37th Floor
Detroit, MI  48243
313-568-6848
khumphrey@dykema.com


Dated:  July 3, 2013

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants identified on the Notice of Electronic Filing, and paper copies will be served via U.S. Mail, postage pre-paid, to those indicated as non-registered participants.

DYKEMA GOSSETT PLLC

By: /s/ Kathryn J. Humphrey
Kathryn J. Humphrey
Michigan Bar No. P32351
Attorneys for Southeast Michigan
Surgical Hospital
400 Renaissance Center
Detroit, MI  48243
313-568-6848
khumphrey@dykema.com