UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCT ) <br> LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All Actions ) <br> ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (FDS) |

**THOREK MEMORIAL HOSPITAL'S OBJECTIONS TO AND MOTION TO QUASH THE PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA, NOTICE, AND DOCUMENT REQUESTS**

NOW COMES Thorek Memorial Hospital ("Thorek"), and submits its Objections to Plaintiff's Steering Committee's ("PSC") subpoena which also requests the production of documents and things. PSC's subpoena and production requests should be quashed or modified pursuant to Federal Rules of Civil Procedure 45 and 26. In the alternative, the Court should issue a protective order pursuant to Federal Rule of Civil Procedure 26(c). PSC's subpoena and production requests are deficient for the following reasons:

- The United States District Court for the District of Massachusetts does not have jurisdiction over Thorek;

- PSC failed to provide Thorek with the fee for one (1) day's attendance in violation of Federal Rule of Civil procedure 45(b)(1). *See* PSC's subpoena, attached hereto as Exhibit "A";

- The subpoena includes a production request, attached hereto as Exhibit "B", which is overly broad, unduly burdensome, and not calculated to lead to relevant and admissible evidence;

- The subpoena is accompanied by PSC's "Notice of Taking Videotaped Oral Deposition of Designated Representative(s) of Non Party Thorek Memorial Hospital," which includes a production request that is overly broad, unduly burdensome, and not calculated to lead to relevant and admissible evidence. A copy of the notice is attached hereto as Exhibit "C."

- The subpoena, notice and production requests violate HIPAA and Illinois privacy laws;

- The subpoena, notice and production requests exceed the scope of the limited discovery approved by the court;

- The subpoena, notice and production requests create an undue burden and seek irrelevant information in violation of Federal Rules of Civil Procedure 26(b) and 45;

- The subpoena, notice and production requests seek privileged information in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iii);

## BACKGROUND

On or about June 25, 2013, PSC served a subpoena, notice and production request upon Thorek. The subpoena was issued from the United States District Court for the District of Massachusetts and signed by Kimberly A. Dougherty. The subpoena scheduled Thorek's deposition at its address at 850 W. Irving Park Road, Chicago, Illinois 60613 on August 22, 2013.

## STANDARD OF REVIEW

The Court, under its MDL authority, has the power to issue foreign-district subpoenas pursuant to 28 U.S.C. § 1407(b). *United States ex rel. Pogue v, Diabetes Treatment Centers of America, Inc.,* 444 F.3d 462, 468 (6th Cir. 2006). However, when a court exercises its 28 U.S.C. § 1407(b) authority to issue a subpoena to a foreign-district non-party deponent, the MDL judge sits as a judge of the district court where the deponent resides. *Id.* In addition, because the MDL judge is acting as a judge of the deponent's district, appeal is to the circuit court of the deponent's district. *Id.* At 469. In regard to the subpoena issued to Thorek, the Honorable Judge Saylor sits as a judge of the United States District Court for the Northern District of Illinois and is bound by the precedent of the United States Seventh Circuit Court of Appeals.

# ARGUMENT

## I. THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS DOES NOT HAVE JURISDICTION OVER THOREK MEMORIAL HOSPITAL

Thorek is located at 850 W. Irving Park Road, Chicago, IL 60613 and sits within the jurisdiction of the United States District Court for the Northern District of Illinois. Therefore, the United States District Court for the District of Massachusetts does not have jurisdictional authority over Thorek.

## II. FAILURE TO ISSUE PROPER SERVICE

### A. Failure to Provide Required Fee

PSC failed to provide Thorek with the $40.00 fee required upon service of the subpoena. *See* Fed. R. Civ. P. 45(b)(1); *cf. Vokas Provision* Co. *v. NLRB,* 796 F.2d 864, 875 (6th Cir. 1986). The Fifth Circuit Court of Appeals has interpreted Rule 45(b)(1) as follows:

> The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. "[T]he plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." The courts uniformly agree with this interpretation of Rule 45(b)(1), as do the leading treatises on civil procedure.

*Robertson v. Dennis (In re Dennis),* 330 F.3d 696, 704-05 (5th Cir. La. 2003) (internal citations omitted). PSC's failure to effect proper service is fatal and cannot be remedied by tendering payment at a later date. *Aramark Correctional Services, LLC v. County of Cook,* 2012 WL 3792225 (D.S.D. Aug. 31, 2012) (unpublished order).

### B. Served by Improper Method

PSC served the subpoena using registered mail. Rule 45 requires personal service. *Fed. R. Civ. P. 45(b)*. Certified mail, however, is not personal service and is not sufficient. *Murray v. Nationwide Better Health*, 2011 U.S. Dist. LEXIS 64623 (C.D. Ill. June 17, 2011).

### III. THE SUBPOENA AND PRODUCTION REQUESTS VIOLATE THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT ("HIPAA") AND ILLINOIS PRIVACY LAWS

A district court must quash or modify a subpoena if it "requires disclosure of privileged or otherwise protected matter and no exception or waiver applies." *Fed. R. Civ. P. 45(c)(3)(A)(iii)*; *Abbott v. Kidder, Peabody & Co.,* 1997 U.S. Dist. LEXIS 8500, 1997 WL 337228, *2 (N.D. Ill. 1997). The medical records sought by PSC cannot be released under Illinois law, which provides for strict disclosure protections under the physician-patient privilege, and are therefore protected under HIPAA.

HIPAA allows a hospital such as Thorek to disclose patient medical records subject to a court order. *45 C.F.R. § 164.512(e)(1)(i)*. HIPAA does limit the authority of a court by requiring that the order:

> prohibit[] the parties from using or disclosing the protected health information for any purpose other than the litigation and proceeding for which such information was requested [and] requires the return . . . or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

*45 C.F.R. § 164.512(e)(1)(v)*. In other words, HIPAA's regulations clearly allow a hospital to disclose patient medical records, when ordered in judicial proceedings, subject to the above limitations. However, Illinois law concerning when nonparty patient medical records may be disclosed by hospitals or doctors is far more restrictive. The Illinois Code of Civil Procedure states that "no physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her

professionally to serve the patient unless one of eleven numerated conditions exist. *735 ILCS 5/8-802*. This medical privacy protection extends to hospitals that possess nonparty patient medical records. *Parkson v. Central DuPage Hospital,* 105 Ill. App. 3d 850, 435 N.E.2d 140, 142, 61 Ill. Dec. 651 (Ill. App. Ct. 1982). Unless one of these conditions is satisfied, absent the patients' consent, a hospital may not disclose a patients' medical records, even in response to a subpoena. *People v. Manos,* 761 N.E.2d 208, 216-17, 326 Ill. App. 3d 698, 260 Ill. Dec. 364 (Ill. App. Ct. 2001*)* (citing *People v. Bickham,* 89 Ill.2d 1, 6, 431 N.E.2d 365, 59 Ill. Dec. 80 (Ill. 1982)).

The application of Illinois' medical privacy laws is not an "obstacle" to achieving Congress' aims in enacting HIPAA, but rather appears to be Congress' desired outcome under a statute that contemplates that state medical privacy laws supersede less protective federal regulations. *Nat'l Abortion Fed'n v. Ashcroft*, 2004 U.S. Dist. LEXIS 1701, 15-17 (N.D. Ill. Feb. 5, 2004). Because HIPAA governs how individually identifiable health information, such as medical records, should be kept private, Illinois law controls. Therefore, and PSC's subpoena and production requests which request patient names and their medical records are invalid.

## IV.   PSC HAS BREACHED THE COURT'S LIMITATION OF DISCOVERY

### A.   PSC's Breach of January, 2011 – November, 2012

On June 21, 2013, the Court entered an Order entitled, "Order Granting Plaintiffs Leave to Service Subpoenas and Qualified Protective Order Regarding Protection of Health Information" ("QPO"). The QPO provides as follows:

> The information requested and produced shall be limited to the names of patients that have been identified as receiving NECC solutions, medications or compounds from January, 2011 — November, 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead

counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions.

Dkt. No. 192 ¶ 2. PSC has requested documents outside the January 2011 – November 2012 timeframe which was delineated by the Court in the above Order, including requests made in the following paragraphs of Exhibit A to the Subpoena: ¶¶ 1; 2; 3; 4; 5; 6; 7; 9; 18; and 19.

### B. PSC's Subpoena Attempts to Circumvent the Court's Requirements that Protected Health Information to Produce to Vendor

PSC's subpoena also violates the Court's QPO by requesting that Thorek produce the documents directly to PSC at the deposition, instead of a specified vendor. *See* Exhibit "A".

### C. PSC Did Not Append the QPO to the Subpoenas

The Court ruled that its QPO "shall be appended to the subpoenas." *See* Dkt. No. 192. However, PSC failed to append the QPO to the subpoena served on Thorek.

## V. FAILURE TO COMPLY WITH LEGAL STANDARD FOR ISSUING A SUBPOENA TO A THIRD-PARTY NON-DEFENDANT IN THE NORTHERN DISTRICT OF ILLINOIS

Federal Rule of Civil Procedure 45 governs subpoenas. In relevant part, it states:

> [o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

District courts have the discretion to grant, deny or modify a motion to quash a subpoena. See *Griffin v. Foley,* 542 F.3d 209, 223 (7th Cir. 2008). A party seeking to quash a subpoena bears the burden of demonstrating that the subpoena requires the disclosure of privileged information or subjects the party to an undue burden. *AF Holdings LLC v. Doe*, No. 12 C 4222, 2012 U.S. Dist. LEXIS 162487, 2012 WL 5520861, *1 (N.D. Ill. Nov. 13, 2012). When analyzing whether a burden is "undue", the Seventh Circuit employs a relative hardship test. See *Northwestern Mem. Hosp. v.*

*Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). This test takes into account a number of factors, including whether: (1) the party subpoenaed is a non-party in the underlying suit; (2) the information requested is relevant; (3) the party requesting the information has a substantial need for the documents; (4) the document request is overly broad; (5) the time period the request covers is reasonable; (6) the request is sufficiently particular; and (7) the request imposes a burden. See *Wi-Lan v. LG Electronics, Inc. et al.*, No. 10-CV-7721, 2011 U.S. Dist. LEXIS 4606, 2011 WL 148058 at *2 (N.D. Ill. Jan. 18, 2011).

In determining whether material sought in a subpoena is relevant, Rule 26 instructs "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In light of this instruction, "[r]elevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). It is worth noting, however, that non-parties "are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection." *Patterson v. Burge*, No. 03-C-4433, 2005 U.S. Dist. LEXIS 1331, 2005 WL 43240 at *1 (N.D. Ill. Jan. 6, 2005).

Here, as demonstrated below, PSC's subpoena seeks irrelevant information and imposes an undue burden.

### A.     Non-Party

It is undisputed that Thorek is a non-party to this underlying litigation. As previously mentioned, this is one factor the Court considers in determining whether an alleged burden is

undue in the relative hardship test. *See Wi-Lan*, 2011 U.S. Dist. LEXIS 4606, 2011 WL 148058 at *2.

### B. Relevance

PSC has also requested documents that are not relevant to any claims or defenses currently before the MDL, since Thorek is a nonparty and there has been no indication that any plaintiff in the MDL was a patient at Thorek during the relevant time period. *See* Exhibits B and C.

### C. Overly Broad

PSC's requests are broadly phrased. The requests are unspecific and providing answers to them would require unreasonable time and resources. *See* Exhibits B and C.

### D. Unreasonable Time Period Covered by Request

PSC's requests fail to seek information during the relevant period of the outbreak and the relevant period of the Court's QPO. The outbreak involved medications that were manufactured by NECC from May through August 2012. The requests are also not limited to the timeframe set by the Court: January 2011 – November 2012. *See* Exhibits B and C.

### E. Undue Burden

The information sought imposes an undue burden, as it requires a significant amount of time, resources, and money and will require disclosure of confidential information. First, many of the documents requested by PSC are easily obtained from other, more appropriate, sources. PSC requested numerous documents regarding recall of NECC's medications that can be easily obtained from the FDA, CDC, or Illinois Department of Health. Furthermore, the overwhelming majority of the documents requested can be easily produced by NECC, an actual party to the MDL. *See* Exhibits B and C.

## VI. PCS SEEKS PRIVILEGED INFORMATION IN VIOLATION OF FED. R. CIV. P. 45(c)(3)(A)(III)

PSC's requests also seek information that is protected by the attorney-client privilege and work product-doctrine. *See* Exhibits B and C.

## VII. PSC REQUESTED INFORMATION LISTED IN EXHIBIT 1 ALLEGEDLY ATTACHED TO ITS NOTICE OF VIDEOTAPED ORAL DEPOSITION, BUT FAILED TO ATTACH ANY SUCH EXHIBIT

In its notice of oral deposition (attached to this objection as Exhibit "C"), PSC has asked for documents "identified in Exhibit 1 attached to this notice." However, there is not an "Exhibit 1" included in any of the documents. Again, this confusion creates an undue burden for Thorek.

## VIII. REQUEST FOR COST AND FEES

PSC's overbroad and unduly burdensome requests, which fail to provide Thorek with a reasonable period of time to respond, and which seek, in part, irrelevant and privileged documents, are a clear violation of PSC's duty to take reasonable steps to avoid undue burden and expense. Fed. R. Civ. P. 45(c)(1).

Rule 45(c) allows for costs, including reasonable attorney fees, when a party has faced an undue burden or expense in objecting to a subpoenaing party who failed to take reasonable steps to ensure the subpoena would not result in an undue burden. Fed. R. Civ. P. 45(c)(1). "[G]ood faith in issuing a subpoena is not sufficient to avoid sanctions under Rule 45(c)(1) if a party has issued the subpoena in violation of the duty imposed by that Rule." *Builders Ass'n of Greater Chi.*, 2002 U.S. Dist. LEXIS 8461, 2002 WL 1008455 at *3. The Court "must determine if there has been a breach of counsel's duty to take reasonable steps to avoid imposing an undue burden or expense upon the person subject to the subpoena." *Id.*

Here, because PSC has failed to take reasonable steps to avoid undue burden and expense, Thorek is entitled to reasonable costs and fees.

## CONCLUSIONS

For the reasons stated herein, Thorek requests that the Court quash or modify the subpoena, notice of videotaped deposition, and production requests attached thereto, in accord with Thorek's objections, and assess reasonable costs and fees against PSC and in favor of Thorek.

Respectfully submitted,

By: **/s/ Thomas J. Schlesinger**
Attorneys for Thorek Memorial Hospital

Scott C. Bentivenga
Kip J. Adams
Thomas J. Schlesinger
Kevin M. Coffey
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1354
Facsimile:  212.232.1399
thomas.schlesinger@lewisbrisbois.com