# Exhibit "B"

THOMAS S. KALE
SCOTT N. BROWN, JR.
W. FERBER TRACY
FRED H. MOORE
DAVID C. BURGER
G. MICHAEL LUHOWIAK
ROY C. MADDOX, JR.
RALPH E. TALLANT, JR.
MARK A. RAMSEY
TERRY A. CAVETT
ARTHUR P. BROCK
LANE C. AVERY
RANDY CHENNAULT
JOSEPH R. WHITE
HOWELL DEAN CLEMENTS
CARL EUGENE SHILES, JR.
JOHN B. BENNETT
SHAREL VANSANDT HOOPER
ROBIN L. MILLER
SUE ELLEN SCRUGGS
DANIEL M. STEFANIUK
JAMES H. PAYNE
TIMOTHY J. MILLIRONS
JENNIFER KENT EXUM
BRIE ALLAMAN STEWART
WILLIAM J. RIEDER
ANNA MARIE DAVENPORT
CARA E. WEINER
LESLIE T. FOSTER
DREW H. REYNOLDS
CASSIE COOPER RIEDER
KURT A. SCHMISSRAUTER, JR.

LAW OFFICES

**SPEARS, MOORE, REBMAN & WILLIAMS**

PROFESSIONAL CORPORATION

801 BROAD STREET

SIXTH FLOOR

P. O. BOX 1749

CHATTANOOGA, TENNESSEE 37401-1749

(423) 756-7000

FACSIMILE (423) 756-4801

www.SpearsMoore.com

WILLIAM D. SPEARS
(1906-1992)

A. FRED REBMAN, III
(1917-1992)

FORD P. MITCHELL
(1930-1993)

MICHAEL W. BOEHM
(1944-1996)

ALVIN O. MOORE
(1912-1998)

WILLIAM L. TAYLOR, JR.
(1931-2006)

SILAS WILLIAMS, JR.
(1923-2011)

RETIRED:
E. BLAKE MOORE
JAMES W. GENTRY, JR.
L. HALE HAMILTON
ROBERT J. BOEHM

June 24, 2013

Thomas Sobol, Esquire
Hagan Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

*Via U. S. Mail and*
*Facsimile – 617/482-3003*

J. Gerard Stranch, IV, Esquire
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201

*Via U. S. Mail and*
*Facsimile – 615/250-3937*

Re:  New England Compounding Center Litigation, MDL No. 2419

Dear Messrs. Sobol and Stranch:

We represent Erlanger Health System ("Erlanger") in connection with responding to the subpoena duces tecum ("subpoena") that you had issued on June 17, 2013. Pursuant to *Federal Rules of Civil Procedure* 45(c), on behalf of Erlanger we hereby object to responding to the subpoena. The subpoena is overly broad and constitutes an undue burden on our client.

For instance, in your June 17, 2013 letter to Erlanger, you have referenced a preliminary investigation indicating that Erlanger purchased and received preservative-free methylprednisolone acetate from at least one of the three allegedly contaminated lots distributed by New England Compounding Center ("NECC"). However, enclosed is a copy of the pertinent page of the website maintained by the Centers for Disease Control and Prevention which sets forth the list of facilities which received allegedly tainted methylprednisolone acetate. Erlanger is not listed. Furthermore, we are informed that Erlanger did not receive cardioplegia or ophthalmic solutions from the NECC. We are confirming whether Erlanger received any preservative-free saline solution from NECC. Requiring Erlanger to gather the requested documents for inspection and copying and to appear at a deposition pursuant to the subpoena is

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 2

inherently an undue burden when Erlanger did not receive the allegedly contaminated solutions from the NECC.

Erlanger also separately objects, pursuant to *Federal Rules of Civil Procedure* 45(c), to responding to the designated items on the basis that complying with each of the separately listed items would constitute an undue burden because they are overbroad. Many of the subpoena's subparts do not have any limitation as to the time period that documents requested were generated or maintained by Erlanger. The subpoena also does not exclude production of documents that may be entitled to a privilege from discovery. The separately listed items to which this objection applies are as follows:

**As to Exhibit "A":**

- Erlanger objects to the designated testimony in paragraph 1 on the grounds it is overly broad, unduly burdensome, invades the attorney-client and/or work product privilege, it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 2 on the grounds it is overly broad, unduly burdensome, invades the attorney-client and/or work product privilege, it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 6 on the grounds it is overly broad, unduly burdensome, invades the attorney-client and/or work product privilege, it seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 10 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 11 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 3

- Erlanger objects to the designated testimony in paragraph 12 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 13 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 14 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 15 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 16 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 17 on the grounds it is overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and seeks Protected Health Information in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.501 *et seq.* and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 18 on the grounds it is overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and seeks Protected Health Information in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.501 *et seq.* and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 19 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 4

- Erlanger objects to the designated testimony in paragraph 20 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 21 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 22 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 23 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 24 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 25 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 26 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence, otherwise exceeds the scope of permissible discovery and may seek information protected by the peer review statute, *Tenn. Code Ann.* § 68-11-272, the "Tennessee Patient Safety & Quality Improvement Act of 2011";

- Erlanger objects to the designated testimony in paragraph 27 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 5

- Erlanger objects to the designated testimony in paragraph 28 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 29 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 30 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 31 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 32 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 33 on the grounds it calls for a legal conclusion, is overly broad, unduly burdensome and oppressive, invades the work product and/or attorney-client privileges, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 34 on the grounds it is overly broad, unduly burdensome, invades the attorney-client and/or work product privileges, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 35 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 6

- Erlanger objects to the designated testimony in paragraph 36 on the grounds it is overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to the designated testimony in paragraph 37 on the grounds it is unlimited in time, overly broad, unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

**As to Exhibit "B":**

- Erlanger objects to item 1 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 2 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 3 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 4 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 5 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 6 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 7

- Erlanger objects to item 7 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, harassing, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence, requests protected health information in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.501 *et seq.* and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 8 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, harassing, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence, requests protected health information in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.501 *et seq.* and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 9 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 10 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 11 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, overly broad, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 12 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 13 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 8

- Erlanger objects to item 14 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 15 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 16 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 17 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence, otherwise exceeds the scope of permissible discovery and may seek information privileged by the Tennessee peer review statute, *Tenn. Code Ann.* § 68-11-272, the "Tennessee Patient Safety & Quality Improvement Act of 2011";

- Erlanger objects to item 18 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 19 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 20 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 9

- Erlanger objects to item 21 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, harassing, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 22 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, harassing, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 23 on Exhibit "B" on the grounds the request is unduly burdensome and oppressive, harassing, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 24 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, harassing, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 25 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, harassing, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery;

- Erlanger objects to item 26 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, harassing, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery; and

- Erlanger objects to item 27 on Exhibit "B" on the grounds the request is unlimited in time and therefore overly broad, unduly burdensome and oppressive, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence and otherwise exceeds the scope of permissible discovery.

Moreover, Erlanger objects because the date of the deposition, July 8, 2013, is not convenient for undersigned counsel and would pose an undue burden to counsel to arrange availability.

Thomas Sobol, Esquire
J. Gerard Stranch, IV, Esquire
June 24, 2013
Page 10


Pursuant to Local Rules 7.1 and 37.1, I would like to arrange a conference call in good faith to narrow the areas of disagreement to the greatest possible extent prior to filing a protective order or motion to quash regarding this matter. I am available for a conference call on Friday, June 28, 2013. If that date does not work for you, please provide a date and time within the next seven (7) days which you are available.

                Very truly yours,

                SPEARS, MOORE, REBMAN & WILLIAMS, P.C.

                Arthur P. Brock
                *apb@smrw.com*

APB:JBB:pc
256048.docx
016802-02465

Enclosure

CDC - HAI - Multistate Meningitis Outbreak: Healthcare Facilities    Page 1 of 4
Case 1:13-md-02419-RWZ   Document 247   Filed 07/08/13   Page 12 of 15

![CDC] Centers for Disease Control and Prevention
CDC 24/7: Saving Lives. Protecting People.™

# Multistate Fungal Meningitis Outbreak: Healthcare Facilities

OCTOBER 18, 2012 4:30 PM EDT

Map of Healthcare Facilities that Received Three Recalled Lots (#facilities_lots) * of Methylprednisolone Acetate (PF) from New England Compounding Center on September 26, 2012

See table (#facilities_table) for a complete list of health care facilities.



(/hai/outbreaks/meningitis-facilities-map-large.html)
[See Larger Map (/hai/outbreaks/meningitis-facilities-map-large.html)]

## *Recalled Lots of MPA

Lot #05212012@68, BUD 11/17/2012
Lot #06292012@26, BUD 12/26/2012
Lot #08102012@51, BUD 2/6/2013

List of Healthcare Facilities that Received Lots of Methylprednisolone Acetate (PF) Recalled from New England Compounding Center on September 26, 2012

| Facility Name | Phone Number | City | State |
|---|---|---|---|
| **California** | | | |
| CYPRESS SURGERY CENTER | 559-740-4094 | VISALIA | CA |
| ENCINO OUTPATIENT SURGICENTER | 818-986-1037 | ENCINO | CA |

| Facility | Phone | City | State |
|---|---|---|---|
| UKIAH VALLEY MEDICAL CENTER | 707-463-7345 | UKIAH | CA |
| UNIVERSAL PAIN MANAGEMENT | 661-267-6876 x166 | PALMDALE | CA |

## Connecticut

| Facility | Phone | City | State |
|---|---|---|---|
| INTERVENTIONAL SPINE AND SPORTS MED | 203-598-7246 | MIDDLEBURY | CT |

## Florida

| Facility | Phone | City | State |
|---|---|---|---|
| FLORIDA PAIN CLINIC | 352-237-5906 | OCALA | FL |
| INTERVENTIONAL REHABILITATION CENTER | 850-484-8800 | PENSACOLA | FL |
| MARION PAIN MANAGEMENT CENTER | 352-622-1845 | OCALA | FL |
| NORTH COUNTY SURGICENTER | 561-626-6446 | PALM BEACH GARDENS | FL |
| ORLANDO CENTER FOR OUTPATIENT SURGERY | 407-426-8331 | ORLANDO | FL |
| PAIN CONSULTANTS OF WEST FLORIDA | 850-494-0000 | PENSACOLA | FL |
| SURGERY CENTER OF OCALA | 352-237-5906 | OCALA | FL |
| SURGICAL PARK CENTER | 305-271-9100 x226 | MIAMI | FL |

## Georgia

| Facility | Phone | City | State |
|---|---|---|---|
| FORSYTH STREET AMBULATORY SURGURY CENTER | 478-749-1610 | MACON | GA |

## Idaho

| Facility | Phone | City | State |
|---|---|---|---|
| PAIN SPECIALISTS OF IDAHO | 208-522-7246 | IDAHO FALLS | ID |
| WALTER KNOX MEMORIAL HOSPITAL | 208-365-3561 x3342 | EMMETT | ID |

## Illinois

| Facility | Phone | City | State |
|---|---|---|---|
| APAC CENTERS FOR PAIN MANAGEMENT | 708-483-7007 | WESTCHESTER | IL |
| APAC CENTERS FOR PAIN MANAGEMENT | 773-935-2760 | CHICAGO | IL |
| THOREK MEMORIAL HOSPITAL | 773-975-6734 | CHICAGO | IL |

## Indiana

| Facility | Phone | City | State |
|---|---|---|---|
| AMBULATORY CARE CENTER LLC | 812-475-1800 | EVANSVILLE | IN |
| FORT WAYNE PHYSICAL MEDICINE | 260-436-9337 | FORT WAYNE | IN |
| OSMC OUTPATIENT SURGERY CENTER | 574-266-4173 | ELKHART | IN |
| SOUTH BEND CLINIC | 574-237-9372 | SOUTH BEND | IN |
| UNION HOSPITAL | 812-238-4964 | TERRE HAUTE | IN |
| WELLSPRING | 812-376-0700 | COLUMBUS | IN |

## Maryland

| Facility | Phone | City | State |
|---|---|---|---|
| BALTIMORE PAIN MANAGEMENT | 410-682-5040 | BALTIMORE | MD |
| BERLIN INTERVENTIONAL PAIN MANAGEMENT | 410-641-3759 | BERLIN | MD |
| BOX HILL SURGERY CENTER | 410-877-8141 | ABINGDON | MD |
| GREENSPRING SURGERY CENTER | 410-653-0077 | BALTIMORE | MD |

| | | | |
|---|---|---|---|
| HARFORD COUNTY ASC, LLC | 410-538-7000 | EDGEWOOD | MD |
| PAIN MEDICINE SPECIALISTS | 410-825-6945 | TOWSON | MD |
| SURGCENTER OF BEL AIR | 410-638-5523 | BEL AIR | MD |

## Michigan

| | | | |
|---|---|---|---|
| MICHIGAN NEUROSURGICAL INSTITUTE | 810-606-7112 | GRAND BLANC | MI |
| MICHIGAN PAIN SPECIALISTS | 734-995-7246 | BRIGHTON | MI |
| NEUROMUSCULAR & REHABILITATION | 231-935-0860 | TRAVERSE CITY | MI |
| SOUTHEAST MICHIGAN SURGICAL HOSPITAL | 586-427-1000 | WARREN | MI |

## Minnesota

| | | | |
|---|---|---|---|
| MAPS-EDINA MEDICAL PAIN CLINIC | 763-537-6000 | MINNEAPOLIS | MN |
| MAPS-MEDICAL ADVANCED PAIN | 763-537-6000 | FRIDLEY | MN |
| MEDICAL ADVANCED PAIN SPECIALISTS | 763-537-6000 x238 | SHAKOPEE | MN |
| MEDICAL ADVANCED PAIN SPECIALISTS. | 763-537-6000 | MAPLE GROVE | MN |
| MINNESOTA SURGERY CENTER | 763-767-7139 | EDINA | MN |
| MINNESOTA SURGERY CENTER- | 763-537-6000 | MAPLE GROVE | MN |

## North Carolina

| | | | |
|---|---|---|---|
| HIGH POINT SURGERY | 336-878-6048 | HIGH POINT | NC |
| NORTH CAROLINA ORTHOPAEDIC CLINIC | 919-403-5148 | DURHAM | NC |
| SURGERY CENTER OF WILSON | 252-237-5649 | WILSON | NC |

## New Hampshire

| | | | |
|---|---|---|---|
| DR. O'CONNELL'S PAIN CARE CENTER | 603-335-5070 | MERRIMACK | NH |
| DR. O'CONNELL'S PAIN CARE CENTERS, INC | 603-692-3166 | SOMERSWORTH | NH |

## New Jersey

| | | | |
|---|---|---|---|
| CENTRAL JERSEY ORTHOPEDICS SPECIALISTS PC | 908-561-2122 | SOUTH PLAINFIELD | NJ |
| EDISON SURGICAL CENTER | 732-452-0123 | EDISON | NJ |
| IF PAIN ASSOCIATES / ISAIAH FLORENCE | 201-287-1100 | TEANECK | NJ |
| PREMIER ORTHOPEDICS SURG. ASSOC., LLC | 856-690-1750 | VINELAND | NJ |
| COMPREHENSIVE PAIN MANAGEMENT | 973-796-5216 | SPARTA | NJ |
| SOUTH JERSEY HEALTH CARE | 856-363-1558 | ELMER | NJ |
| SOUTH JERSEY HEALTHCARE | 856-641-7557 | VINELAND | NJ |

## Nevada**

| | | | |
|---|---|---|---|
| SAHARA SURGERY CENTER | 702-362-7874 | LAS VEGAS | NV |

## New York

| | | | |
|---|---|---|---|
| BUTANI, SUNIL H., PHYSICIAN PC | 516-747-5042 | MINEOLA | NY |
| OBOSA MEDICAL SERVICES | 914-530-2323 | MOUNT VERNON | NY |
| ROCHESTER BRAIN AND SPINE | 585-334-5560 | ROCHESTER | NY |

## Ohio

| BKC PAIN SPECIALISTS, LLC | 740-387-7246 | MARION | OH |
|---|---|---|---|
| CINCINNATI PAIN MANAGEMENT | 513-891-0022 | CINCINNATI | OH |
| MARION PAIN CLINIC | 740-375-0200 | MARION | OH |
| ORTHO-SPINE REHABILITATION CENTER, INC. | 614-793-8817 | DUBLIN | OH |

## Pennsylvania

| ALLEGHENY PAIN MANAGEMENT | 814-940-2000 | ALTOONA | PA |
|---|---|---|---|
| SOUTH HILLS PAIN & REHAB ASSOCIATES | 412-469-7722 | JEFFERSON HILLS | PA |

## Rhode Island

| NEW ENGLAND ANESTHESIOLOGY (NEA) | 401-490-7530 | WARWICK | RI |
|---|---|---|---|
| OCEAN STATE PAIN MANAGEMENT | 401-766-7700 | WOONSOCKET | RI |
| OCEAN STATE PAIN MANAGEMENT | 401-884-6070 | EAST GREENWICH | RI |

## South Carolina

| INTERVENE MD | 843-216-4844 | MOUNT PLEASANT | SC |
|---|---|---|---|

## Tennessee

| PCA PAIN CARE CENTER | 865-835-5196 | OAK RIDGE | TN |
|---|---|---|---|
| SPECIALTY SURGERY CENTER | 931-484-2500 x125 | CROSSVILLE | TN |
| ST. THOMAS OUTPATIENT NEUROSURGICAL | 615-341-3425 | NASHVILLE | TN |

## Texas

| DALLAS BACK PAIN MANAGEMENT | 214-445-5077 | DALLAS | TX |
|---|---|---|---|
| HARRIS METHODIST SOUTHLAKE CENTER | 817-748-8778 | SOUTHLAKE | TX |

## Virginia

| INSIGHT IMAGING-ROANOKE | 540-581-0882 | ROANOKE | VA |
|---|---|---|---|
| NEW RIVER VALLEY SURGERY CENTER | 540-639-5888 | CHRISTIANSBURG | VA |

## West Virginia

| PARS INTERVENTIONAL PAIN | 304-865-7277 | PARKERSBURG | WV |
|---|---|---|---|

** All vials of methylprednisolone acetate that were sent to Nevada were recalled prior to use.

Page last reviewed: October 18, 2012
Page last updated: January 16, 2013
Content source: Centers for Disease Control and Prevention
National Center for Emerging and Zoonotic Infectious Diseases (NCEZID)
Division of Healthcare Quality Promotion (DHQP)

Centers for Disease Control and Prevention   1600 Clifton Rd. Atlanta, GA 30333, USA
800-CDC-INFO (800-232-4636) TTY: (888) 232-6348 - Contact CDC–INFO



http://www.cdc.gov/hai/outbreaks/meningitis-facilities-map.html   6/24/2013