# Exhibit "C"

THOMAS S. KALE
SCOTT N. BROWN, JR.
W. FERBER TRACY
FRED H. MOORE
DAVID C. BURGER
G. MICHAEL LUHOWAK
ROY C. MADDOX, JR.
RALPH E. TALLANT, JR.
MARK A. RAMSEY
TERRY A. CAVETT
ARTHUR P. BROCK
LANE C. AVERY
RANDY CHENNAULT
JOSEPH R. WHITE
HOWELL DEAN CLEMENTS
CARL EUGENE SHILES, JR.
JOHN B. BENNETT
SHAREL VANSANDT HOOPER
ROBIN L. MILLER
SUE ELLEN SCRUGGS
DANIEL M. STEFANIUK
JAMES H. PAYNE
TIMOTHY J. MILLIRONS
JENNIFER KENT EXUM
BRIE ALLAMAN STEWART
WILLIAM J. RIEDER
ANNA MARIE DAVENPORT
CARA E. WEINER
LESLIE T. FOSTER
DREW H. REYNOLDS
CASSIE COOPER RIEDER
KURT A. SCHMISSRAUTER, JR.

LAW OFFICES

**SPEARS, MOORE, REBMAN & WILLIAMS**

PROFESSIONAL CORPORATION

801 BROAD STREET

SIXTH FLOOR

P. O. BOX 1749

CHATTANOOGA, TENNESSEE 37401-1749

(423) 756-7000

FACSIMILE (423) 756-4801

www.SpearsMoore.com

WILLIAM D. SPEARS
(1906-1992)

A. FRED REBMAN, III
(1917-1992)

FORD P. MITCHELL
(1930-1993)

MICHAEL W. BOEHM
(1944-1996)

ALVIN O. MOORE
(1912-1998)

WILLIAM L. TAYLOR, JR.
(1931-2006)

SILAS WILLIAMS, JR.
(1923-2011)

RETIRED:
E. BLAKE MOORE
JAMES W. GENTRY, JR.
L. HALE HAMILTON
ROBERT J. BOEHM

June 25, 2013

Thomas Sobol, Esquire  
Hagan Berman Sobol Shapiro LLP  
55 Cambridge Parkway, Suite 301  
Cambridge, MA 02142  

*Via U. S. Mail and*  
*Facsimile – 617/482-3003*

J. Gerard Stranch, IV, Esquire  
Branstetter, Stranch & Jennings, PLLC  
227 Second Avenue North, 4th Floor  
Nashville, TN 37201  

*Via U. S. Mail and*  
*Facsimile – 615/250-3937*

Re: New England Compounding Center Litigation, MDL No. 2419

Dear Messrs. Sobol and Stranch:

Please accept this letter as a supplement to my June 24, 2013 letter setting forth Erlanger's objections to the subpoena issued to Erlanger in the above-referenced litigation. In addition to the previously noted objections, we further object to the subpoena on several additional grounds.

First, Erlanger objects to the subpoena in its entirety as it fails to comply with the Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information entered on June 21, 2013 which allows the subpoenaed entities to produce the requested Protected Health Information to the vendor within 30 days of receipt of the subpoena. As to Erlanger, the subpoena was received by Erlanger on June 17, 2013 and the deposition, which requires the deponent(s) to produce the items listed on Exhibit "B" of the subpoena, is scheduled for July 8, 2013. As July 8, 2013 is fewer than 30 days from the date the subpoena was served, Erlanger objects to the subpoena on the grounds that it is in contradiction to the Judge's June 21, 2013 Order.

Moreover, Erlanger objects to the subpoena in its entirety as the June 21, 2013 Order also requires a copy of the Order to be attached to any subpoenas sent by Plaintiffs. The Erlanger subpoena did not have the June 21, 2013 Order attached. As the

Thomas Sobol and J. Gerard Stranch, IV
June 25, 2013
Page 2

Erlanger subpoena did not have the required Order attached to it, Erlanger objects to the subpoena as invalid and incomplete for failure to comply with the clear language of the Order.

In addition, Erlanger has several additional specific objections to the items listed on Exhibits "A" and "B". Erlanger is capable of producing a list of patients who received certain medication preparations which combine medications; however, Erlanger cannot specify which patients received a New England Compounding Center ("NECC") product contained within the identified combined medication preparations. That is, there were medications which were given at Erlanger which were composed of several different products; Erlanger can identify which patients received the combined medications, but cannot differentiate which vendor supplied the products contained in the medication. As there were suppliers other than NECC, requiring Erlanger to provide a list of all patients who received a medication would require Erlanger, in some instances, to include on the list the name of patients Erlanger cannot specify received NECC products. Therefore, Erlanger further objects to the Paragraphs 17 and 18 of Exhibit "A" and Paragraphs 7 and 8 of Exhibit "B" to the subpoena on the grounds that responding to those paragraphs would require disclosure of Protected Health Information of patients who Erlanger cannot specify received only NECC products, in further violation of HIPAA and those patients' private privacy rights.

Lastly, it is our understanding that Erlanger is only able to identify the particular physician(s) who prescribed a particular medication by going through all of the medical charts of all of the patients who received that medication to determine which physician prescribed the medication. Going through each patient's chart to identify which physician prescribed medication would be a massive undertaking and an undue burden and expense for Erlanger, and therefore Erlanger objects to Paragraph 32 of Exhibit "A" and Paragraph 26 of Exhibit "B" to the subpoena on those grounds.

We have now had a chance to confirm that it does not appear Erlanger received any preservative-free saline solution from NECC. We reiterate that Erlanger did not receive methylprednisolone acetate, cardioplegia solution or opthalmic solution from NECC.

Based on the information contained in this letter and yesterday's letter, on behalf of Erlanger, we object to the subpoena. We remain ready and willing to discuss these issues with you over the telephone. To that end, please let us know if you are available for the conference call referenced in yesterday's letter.

Thomas Sobol and J. Gerard Stranch, IV
June 25, 2013
Page 3

Very truly yours,

SPEARS, MOORE, REBMAN & WILLIAMS, P.C.

Arthur P. Brock
*apb@smrw.com*

APB:JBB:cj

256174.docx
File# 016802-02465