**LAW OFFICES OF JAY J. BLUMBERG, ESQ.**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Hannah v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10407;<br>*Jones v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10409;<br>*Ramos v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10410;<br>*Rios v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10411;<br>*Rivera v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10412;<br>*Tayvinsky New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10414;<br>*Gould v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10444; and<br>*Normand v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10447 | MDL No. 1:13-md-2419-FDS<br><br>**OBJECTION TO PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONIC INFORMATION ON BEHALF OF DEFENDANTS, PREMIER ORTHOPAEDIC and SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, trading as PREMIER ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC, and KIMBERLEY YVETTE SMITH, M.D. a/k/a KIMBERLEY YVETTE SMITH-MARTIN, M.D.** |

## INTRODUCTION

The defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D. ("Premier Defendants") respectfully object to the Plaintiffs' Steering Committee ("PSC") Subpoena ("The Subpoena") for the production of documents and items served upon counsel as attached hereto as Exhibit "A".

The PSC's subpoena should be quashed or modified pursuant to Federal Rules of Civil Procedure 45.  Furthermore, the subpoena's scope is beyond that set forth in the Order entered by this Honorable Court regarding the "Order on Central Enforcement of Subpoenas" (Dkt. No. 192).  The Premier Defendants now move to quash the subpoena or in the alternative move to modify according to Fed. R. Civ. P. 45(B)(3).

## LEGAL ARGUMENT

I. **THE TIMEFRAME FOR ANSWERING THE PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA IS ONEROUS AND UNREASONABLE, THEREFORE THE SUBPOENA MUST BE QUASHED OR MODIFIED.**

   a. The Plaintiff's Timeline For The Production Of Documents As Set Forth In The Subpoena Violated The Federal Rules Of Civil Procedure.

The Plaintiffs' Steering Committee has failed to provide the Premier Defendants with a reasonable time to respond to the Subpoena.  According to

Fed. R. Civ. P. 45(c)(3)(A)(i) quashing or modifying a subpoena is appropriate when the subpoena fails to allow ". . . a reasonable time to comply." The PSC served the applicable subpoena on or about June 26, 2013. The PSC has requested that the subpoena be returnable on July 15, 2013. This timeline gives the respondent and moving party here, less than 20 days to respond to the document requests. Fed. R. Civ. P. 35(b)(2)(A) provides for a thirty day response time to a request for the production of documents or electronically stored information. As stated above the plaintiff's have effectively given the Premier defendants less than 20 days to respond to the subpoena. Such a timeframe is inappropriate as contemplated by the Federal Rules.

      b. *The Plaintiff's Timeline For The Production Of Documents As Set Forth In The Subpoena Is Unrealistic And Prejudicial To The Defendants.*

The plaintiff's have chosen the height of the summer/vacation season to serve a subpoena requesting years and years worth of documents, invoices, correspondence and the like making it extremely burdensome to comply with the subpoena. Specifically, the principle agents of Premier Orthopedics and anyone with authority to release and or request the information described in the subpoena are away on a pre-paid vacation until the middle of July 2013. Furthermore, counsel is scheduled to be on vacation beginning July 25, 2013. These commitments are pre-arranged and the PSC cannot expect the defendants to interrupt their pre-arranged vacation commitment to respond to this subpoena when allowing for additional time to respond would not only allow for the better flow of information but would not prejudice the PSC or their clients. It is

3

therefore respectfully requested that this Honorable Court extend the deadline to respond to the subpoena to September 1, 2013.

### II. THE SUBPOENA'S SCOPE IS WELL BEYOND THAT DESCRIBED IN THE COURT'S ORDER AND THEREFORE MUST BE LIMITED ACCORDINGLY.

*a. The Scope Of The PSC Subpoena Is Well Beyond The Scope Of The Defined Contamination Period Set Forth By The Center For Disease Control.*

The Center for Disease Control ("CDC") has set forth parameters regarding the dates when which patients, injected with a compounded agent from New England Compounding Pharmacy ("NECP") are at risk for meningitis. This controlling time period has been defined as "After May 21, 2012." (See Exhibit "B" CDC Health Advisory dated October 16, 2012). There has been no evidence or reason to believe that any product provided by NECP prior to May 21, 2012 was contaminated. In addition, no plaintiff who was also a patient of the Premier Defendants has claimed to date to have received an injection prior to the May 21, 2012 date and suffered symptoms consistent with fungal meningitis. As a result, PSC's request for information two years prior to October 6, 2012 is without any basis in fact or law. Furthermore, the subpoena's request for information outside of the defined period of contamination is nothing more than a fishing expedition whereby the PSC is asking for a "shopping list" of potential plaintiffs without a real basis for such a request. Any information related to patient's injected with products from NECP outside the period defined by the CDC is not relevant to the claims or defenses in this case.

### b. The PSC Subpoena Violates This Court's Previous Order Setting Forth The Scope Of Discovery.

The Order granting Plaintiff's Leave to Serve Subpoenas (Dkt. 192) specifically states the scope of the subpoenaed information. The Order reads in pertinent part as follows:

> Case 1:13-md-02419-FDS   Document 192   Filed 06/21/13   Page 2 of 4
>
> 2. The information requested and produced shall be limited to the names of patients that have been identified as receiving NECC solutions, medications or compounds from January, 2011 – November, 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions.

Specifically, this Honorable Court approved subpoenaed information between January 2011 and November 2012. Never did the Court allow the PSC to expand this "universe". At various requests the PSC has asked for information, some of which extend backward to 2007. The PSC has requested the following information through the subpoena at issue and attached hereto as Exhibit "A":

- Para. 1: PSC requests information regarding the procurement of Methylprednisolone Acetate ("MAP") for the two years preceding October 6, 2012.

5

- Para. 2: PSC requests information regarding the procurement of MPA from any facility other than NECP since October 6, 2007.

- Para. 3: PSC requests information regarding the procurement of cardioplegic solution from NECP in the two years preceding October 6, 2012.

- Para. 4: PSC requests information regarding the procurement of ophthalmic solution from NECP in the two years preceding October 6, 2012.

- Para. 5: PSC requests information regarding the procurement of preservative free saline from NECP in the two years preceding October 6, 2012.

- Para. 6: PSC requests information regarding the information and identity of patients administered an NECP product during the two years preceding October 6, 2012.

- Para. 7: PSC requests information regarding communication between the Premier Defendants and NECP during the two years preceding October 6, 2012.

The PSC has no authority to request information from the Premier defendants flowing back as far as 2007. The Court's order clearly set forth the timeframe governing the requested information; plaintiff's circumvention of the Order is without merit.

## CONCLUSION

Based on the foregoing, the Premier Defendants now respectfully request that this Honorable Court quash the subpoena provided by the PSC attached hereto as Exhibit "A". In the alternative, it is respectfully requested that the PSC subpoena be modified to encompass only time period after May 21, 2012 or in the alternative to hold the PSC to the timeframe previously set forth by the Court as between January 2011 and November 2012 and to provide the Premier

defendants with an additional 45 days to respond to the subpoena making the return date September 1, 2013.

          Respectfully Submitted,

**LAW OFFICES OF JAY J. BLUMBERG, ESQ.**
Attorney(s) for Defendants,
 Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

Dated: July 9, 2013        By: _/s/ **Christopher M. Wolk, Esq.**_
                                               Christopher M. Wolk, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2013, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

Dated: July 9, 2013                          By: **/s/ *Christopher M. Wolk, Esq.*__**
                                                              Christopher M. Wolk, Esq.