| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to All Cases** | IN THE<br><br>UNITED STATES DISTRICT COURT<br><br>DISTRICT OF MASSACHUSETTS<br><br>CASE NO.: MDL NO. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV |

### BALTIMORE PAIN MANAGEMENT CENTER'S OBJECTION TO AND MOTION TO QUASH PLAINTIFFS' SUBPOENA TO TESTIFY AND TO PRODUCE DOCUMENTS

Pursuant to Fed. R. Civ. Proc. 45(c), non-party Baltimore Pain Management Center (the "Respondent"), by undersigned counsel, hereby respectfully submits this Objection to and Motion to Quash the Subpoena dated June 21, 2013, issued to the Respondent by Plaintiffs in this Multi-District Litigation.

**Background**

Respondent is not a party to the above-captioned litigation. To the Respondent's knowledge, none of its patients is a party to the above-captioned litigation, nor have any of its patients been injured by product from the Defendant in the above-captioned litigation.

On June 21, 2013, the Plaintiff's Steering Committee ("PSC"), pursuant to Fed. R. Civ. Proc. 45, served a Subpoena upon Respondent to testify at a deposition. The Subpoena was issued subject to the Court's Order of the same date granting Plaintiffs leave to serve subpoenas and Qualified Protective Order Regarding Production of Health Information (Dkt #192, hereinafter "Court's Subpoena Order.") The Court's Subpoena Order specified, in part,

> The information requested and produced <u>shall be limited</u> to <u>the names of patients</u> that have been identified as receiving NECC[1] solutions, medications or

---

[1] New England Compounding Pharmacy is alternatively referred to in Court documents as NECC or NECP.

compounds from January, 2011 – November, 2012, the <u>patient's last known address</u>, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facility's NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution <u>of these actions</u>.

*Court's Subpoena Order* at Paragraph 2.  Emphasis added.

Further, it stated at Paragraph 6, in part:

The documents, data, or other information produced pursuant to the subpoenas and this Order shall be provided <u>for the sole purposes</u> of (i) investigating, litigating and resolving potential claims <u>involved in this litigation</u>; (ii) litigating and resolving potential claims in the Chapter 11 Case of NECC (the "<u>Chapter 11 Case</u>": and (iii) the administration of the Chapter 11 case, and not for any other purpose.

*Court's Subpoena Order* at Paragraph 6.  Emphasis added.

The PSC's Subpoena set forth a scope of deposition of this non-party which covers 10 categories of designated subject matter and document production consisting of 21 categories of documents. See Subpoena, attached hereto as Exhibit 1.  The deposition testimony categories to be imposed upon this non-party Respondent relate to the means by which the Respondent stores, creates uses and retains documents and computer data, as well as the means by which Respondent stores its own corporate documents.

Categories of Document Production seek to determine whether Respondent purchased product from the New England Compounding Pharmacy, related marketing materials it may have received, Respondent's patients and Respondent's insurance coverage.  The Subpoena also seeks corporate documents, including names and addresses of Respondent's officers, directors or others with an ownership interest.  Further it seeks documentation relevant to other vendors utilized by Respondent.  In short, to the extent it seeks information about products ordered from any company other than NECP and to the extent that it seeks information about non-recalled

products through NECP, the Subpoena amounts to nothing more than a fishing expedition to potentially support legal action against the Respondent or other unknown parties and should be quashed.

Respondent is unaware of any patient treated in its facility who is a plaintiff (or otherwise a party) in the MDL litigation. Respondent is unaware of any suit by a patient against Respondent relating to products manufactured and sold by New England Compounding Pharmacy. Respondent has not received any information that any of its patients are represented by counsel involved in this NECP multi-district litigation.

The subpoena, including the categories of documents sought and the categories of testimony to be compelled at the deposition, are not reasonably calculated to lead to the discovery of admissible evidence. Indeed, Plaintiff provides no evidence of a nexus between the MDL and any patient of Respondent. Therefore, no documents or information in the control of the Respondent is relevant to the claims of any parties to that litigation.

The categories of documents sought by the Subpoena include patient prescriptions, patient names, addresses, and identification of medications administered. In an attempt to expand the boundaries of the Court's Subpoena Order, the Subpoena also requests the Patients' dates of birth. Even with the Court's protective order in place in the MDL, and the appointment of an HIPAA-Compliant vendor in place, Respondent will be required to take expensive and time consuming measures to safeguard its patients' privacy rights so as to avoid the risk of improper disclosure. These costly burdens are unreasonable, particularly given the absence of any claims by Respondents' patients, the burden of providing this material information is too great to be an appropriate exercise of subpoena power over a non-party.

In view of respondent's limited resources and inasmuch as certain requests within the Subpoena are overly broad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence in this litigation or otherwise objectionable, Respondent objects and moves that the Subpoena be quashed.

**Argument as to Deposition[2]**

PSC's Subpoena for Deposition exceeds the parameters set forth in the Court's Order dated June 21, 2013 in that it seeks information not relevant to the claims that are the subject of the above-captioned litigation, namely: it seeks information about internal corporate structure and record keeping practices of a non-party to the case.

Further, if compelled to present a representative for deposition, the Respondent will be caused undue burden and expense. Respondent's representative will be required to spend several hours preparing for and appearing at deposition. Respondent's representative will lose valuable time otherwise devoted to the Center and its patients.

The deposition of Respondent's representative will cause an undue burden and expense upon other parties this matter. The other parties will be caused to incur attorney's fees to attend this deposition on matters entirely unrelated to the subject litigation.

Respondent therefore objects to the Subpoenaed Deposition and requests that this Court quash the Defendants' subpoena.

---

[2] In a telephone conversation with PSC attorney Elisha Hauk, undersigned counsel was informally advised that the deposition testimony slated for August 12, 2013 in the Subpoena will be postponed to an indeterminate date and time if needed following production of the subpoenaed documents. Therefore, this opposition focuses attention mostly on the document portion of the Subpoena. Baltimore Pain Management Center reserves its rights to supplement its objections to the subpoenaed deposition testimony should the need arise.

**Argument as to Requests for Production**

The categories of documents being sought by the PSC are not reasonably calculated to lead to discovery of admissible evidence in the Plaintiff's lawsuits. They call for production of documents that are subject to attorney-client privilege and work product protection relating to a non-party.

PSC's document schedule relevant to the Subpoena attempts to exceed the parameters of the Court's Subpoena Order and for that reason the document requests are objectionable.

Many of the items on Exhibit A to the Subpoena seek documents outside of the time frame set forth in the Order. *See*, *e.g.*, Exhibit 1 at "Exhibit A to Subpoena" at Items 1, 3, 4, 5, 6, and 9. Others are not limited in time at all. *See*, *e.g.*, *Id.* at Items 8, 10, 11, 12, 13, 14, 15, 16, 20 and 21.

Additionally, the Subpoena seeks documents that provide private patient information protected by Federal law. Even with the Court's Order and a selected vendor to assure HIPAA compliance, review and production of these requested documents will require considerable administrative resources, time and expense.

At item 7 in Exhibit A to the Subpoena PSC purports to define the term "Healthcare Provider":

> 7. Any and all documents and/or ESI reflecting or containing communications (written or otherwise) between NAME OF TARGET HEALTHCARE PROVIDER ("Healthcare Provider"), its employees, principals, partners, and/or agents, and NECP, its employees and/or agents, during the two-year period immediately preceding October 6, 2012, including but not limited to, any complaints or adverse event reports made to NECP by the Healthcare Provider.

*Id.* At Item 7.

This document category as stated is nonsensical. While it arguably is implied through context that the "Healthcare Provider" is not NECP, that is not abundantly clear given that the

information requested involves the "TARGET HEALTHCARE PROVIDER" and the case is captioned in part, "In Re: New England Compounding Pharmacy, Inc." Respondent is not a party to the above-referenced litigation and is therefore not a "TARGET" so item 7 is confusing, at best, as to what provider the communications are to include. Further muddying the waters, item 7 clearly is intended to define the term "Healthcare Provider" as it is used in the balance of the Exhibit. The term is then referenced in items 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the 21 document categories, yet a defined term was not required in items 1-6 of the Subpoena.

      To the extent that the term TARGET HEALTHCARE PROVIDER is determined by this Court to reference the Respondent, the document categories are objected to on other grounds, as well. Items 18-21 seek corporate documents of a non-party. Such a request should be quashed in that it is over-reaching and not relevant to the above-captioned litigation. Item 17 seeks insurance policies which cover the Respondent and its employees. Respondent's insurance policies are not relevant to the issues in the above-captioned litigation, nor are they relevant to any known parties to the subject litigation. The policies and coverage information relevant to the Respondent is over reaching and outside the scope of the Court's Subpoena Order.

      Items 10 and 11 are overbroad and not confined or connected to any particular date or dates.

      Items 1, 3, 4, and 5 are more appropriately requested from the NECP as an actual party to the case than from a non-party such as the Respondent.

      Item 2 seeks records more than 5 years old from this non-party Respondent relevant to MPA which may have been purchased from a company other than the NECP. Such a request is

over broad, unduly burdensome, not relevant to the above-captioned litigation, and therefore outside the scope of the Court's Subpoena Order.

Items 8 and 16 appear to attempt to shift the Plaintiff's burden of proof onto the non-party Respondent and are therefore objectionable.

Items 14 and 15 seek information relevant to knowledge of recalls involving NECP. In that none of Respondent's patients are plaintiffs in this action, these requests appear to be fishing for non-relevant information and are outside the scope of the Court's Subpoena Order. Further, such information should be more readily available from the actual defendant in these actions: the NECP itself.

Along those lines, contracts with NECP sought in item 13, if in any way relevant to the above-captioned matter, are more appropriately requested from the NECP, as an actual party to the case, than from a non-party such as the Respondent. Similarly, communications between NECP and any company, including the Respondent, such as requested in items 7 and 9 or NECP marketing materials such as in item 12 are more appropriately asked of the NECP, an actual party to the case.

Finally, item 6 seeks the identification of every patient of the Respondent who was administered an NECP product since October 2010. Respondent is not aware that any of its patients are parties to the above-referenced lawsuit and objects that this request is not relevant to the case at bar and not calculated to lead to admissible evidence. In addition, this item, like several others, seeks documents which date back to prior to January 2011 and is objectionable as being outside the scope of the Court's Subpoena Order. The requested documents play no role in the trial of Plaintiff's claims and exceed the scope of the Court's Subpoena Order. The

Respondent's burden to safeguard the privacy interests of its patients outweighs any benefit to the PSC.

For the foregoing reasons, Respondent respectfully objects to the Subpoena Duces Tecum issued to it by Plaintiff and requests that the Court quash the objectionable document subpoena and subpoena for deposition.

July 9, 2013                                                  Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,
   DOHERTY & KELLY, P.C.**

_____/S/_____
Michelle J. Marzullo
USDC-MD Bar #26562
600 Baltimore Avenue, Suite 305
Towson, MD  21204
*Attorneys for Respondent Baltimore Pain Management Center*
Phone:  410-339-6880
Fax:  410-339-6881
mmarzullo@moodklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of July, 2013, a copy of the foregoing was served via United States Mail and/or CM/ECF upon all parties of record:

Elisha N. Hawk, Esq.
Janet, Jenner & Suggs, LLC
1777 Reisterstown Rd., #165
Baltimore, MD  21208

                                        **MARKS, O'NEILL, O'BRIEN,**
                                            **DOHERTY & KELLY, P.C.**

                                        _____/S/_____
                                        Michelle J. Marzullo
                                        USDC-MD Bar #26562
                                        600 Baltimore Avenue, Suite 305
                                        Towson, MD  21204
                                        *Attorneys for Respondent Baltimore Pain*
                                        *Management Center*
                                        Phone:  410-339-6880
                                        Fax:  410-339-6881
                                        mmarzullo@moodklaw.com