AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| In re: New England Compounding Pharmacy, Inc. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  MDL 1:13-md-02419 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Baltimore Pain Management Center

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Baltimore Pain Management Center: 9110 Philadelphia Road, Suite 306, Baltimore, Maryland 21237 | Date and Time: 08/12/2013 2:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographically and/or Videographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   06/21/2013

_CLERK OF COURT_

_____     OR    _/s/ Elisha Hawk_____
_Signature of Clerk or Deputy Clerk_                   _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Plaintiffs' Steering Committee                                          , who issues or requests this subpoena, are:
Elisha N. Hawk, Esq., Janet, Jenner & Suggs, LLC, 1777 Reisterstown Road, Ste. 165, Baltimore, MD 21208, ehawk@myadvocates.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL 1:13-md-02419

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Baltimore Pain Management Center
was received by me on *(date)* 06/21/2013 .

☑ I served the subpoena by delivering a copy to the named individual as follows: registered mail

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:   06/21/2013

*Server's signature*

Elisha N. Hawk, Esq.
*Printed name and title*

Janet, Jenner & Suggs, LLC
1777 Reisterstown Road, Ste. 165
Baltimore, MD 21208

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit A to Subpoena

1.   Any and all documents and/or electronically stored information ("ESI") reflecting, and/or related in any way whatsoever to, the procurement of methylprednisolone acetate ("MPA") and any other injectable steroid preparations from New England Compounding Pharmacy, Inc. ("NECP") during the two-year period immediately preceding October 6, 2012, including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of steroid preparation, the cost you paid for the steroid preparation, applicable warranties, shelf life, expiration dates, requirements and instructions for shipment and/or storage, and the specific identity of the preparation being purchased. Also including account information, prescriptions submitted to NECP, prescription order forms, NECP charges for MPA (before and after any discounts applied).

2.   Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of MPA, or its generic or name-brand equivalent, from any producer, compounding facility or manufacturer other than NECP, since October 6, 2007, including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of the product, the cost you paid for the product, applicable warranties, shelf life, expiration dates, requirements and instructions for shipment and/or storage, and the specific identity of the preparation being purchased.

3.   Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of cardioplegic solution from NECP during the two-year period immediately preceding October 6, 2012, including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of cardioplegic solution, the cost you paid for the cardioplegic solution, applicable warranties, shelf life, expiration dates, and requirements and instructions for shipment and/or storage.  Also including prescriptions submitted to NECP, prescription order forms, NECP charges for cardioplegic solution (before and after any discounts applied).

4.   Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of ophthalmic solution from NECP during the two-year period immediately preceding October 6, 2012, including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of ophthalmic solution, the cost you paid for the ophthalmic solution, applicable warranties, shelf life, expiration dates, and requirements and instructions for shipment and/or storage.  Also including prescriptions submitted to NECP, prescription order forms, NECP charges for opthalmic solution (before and after any discounts applied).

5.   Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of preservative-free saline solution from NECP during the two-year period immediately preceding October 6, 2012, including without limitation of the

foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of saline solution, the cost you paid for the saline solution, applicable warranties, shelf life, expiration dates, and requirement and instructions for shipment and/or storage. Also including prescriptions submitted to NECP, prescription order forms, NECP charges for preservative-free saline solution (before and after any discounts applied).

6. Any and all documents and/or ESI reflecting, and/or related to, the identification of each and every patient that was administered an NECP product during the two-year period immediately preceding October 6, 2012, including patient name, address, date of birth, identification of product administered, and date product was administered.

7. Any and all documents and/or ESI reflecting or containing communications (written or otherwise) between NAME OF TARGET HEALTHCARE PROVIDER ("Healthcare Provider"), its employees, principals, partners, and/or agents, and NECP, its employees and/or agents, during the two-year period immediately preceding October 6, 2012, including, but not limited to, any complaints or adverse event reports made to NECP by the Healthcare Provider.

8. Any and all documents and/or ESI reflecting or containing information obtained by the Healthcare Provider, its employees and/or agents, regarding NECP, including without limitation of the foregoing, NECP's qualifications, certifications or accreditations, or lack thereof, regulatory compliance, lack of regulatory compliance, operations, enforcement actions, suitability for conducting its business, legal actions and/or warnings, brochures, policies and procedures, ordering and delivery information company overviews, standard operating procedures, executive summaries, attachments A, B or others (relating to HIPAA, NECP policies and procedures, or other information).

9. Any and all documents and/or ESI reflecting or containing information obtained by, or communications received by, the Healthcare Provider, its employees and/or agents, concerning the fitness of any products purchased or obtained from NECP for their intended use, during the two-year period immediately preceding October 6, 2012, including but not limited to any environmental testing results, microbiology reports or certificates of analysis.

10. Any and all documents and/or ESI reflecting or containing information obtained by, or sent to, the Healthcare Provider, its employees and/agents, from the Centers for Disease Control and Prevention, the Federal Food and Drug Administration, and/or any other Federal, state or local regulatory agency, concerning the fitness of any products manufactured, compounded or produced by NECP for their intended purpose.

11. Any and all documents and/or ESI reflecting or containing communications between the Healthcare Provider and any federal or state agency (including, but not limited to state licensing authorities, the Food and Drug Administration, and the Centers for Disease Control and Prevention) in connection with the procurement of products from any compounding pharmacy.

12. Any and all documents and/or ESI reflecting or containing marketing information from NECP, NECP's agents, or any sales company or person marketing, selling, or attempting to sell products on behalf of NECP.

13. Any and all documents and/or ESI reflecting or containing agreements, contracts and/or warranties between the Healthcare Provider and NECP, NECP's agents, or any sales company or person marketing, selling, or attempting to sell products on behalf of NECP.

14. Any and all documents and/or ESI reflecting or containing recall notices received by the Healthcare Provider pertaining to products produced by NECP, including without limitation of the foregoing, the date, time and manner of receipt of the recall notices, the specific person or persons within the Healthcare Provider who received the notice, and the substance of the notice.

15. Any and all documents and/or ESI reflecting or containing communications made or issued by the Healthcare Provider, its employees and/or agents, in response to any recall notice regarding NECP products, including without limitation of the foregoing, the date, time and manner of transmission of the communication, the person(s) to which the communication was directed, and the person at the Healthcare Provider who made or delivered the communication.

16. Any and all documents regarding any investigation or inquiry the Healthcare Provider performed related to attempts by NECP to comply with United States Pharmacopeia – National Formulary, Chapter 797 (USP – NF General Chapter 797, entitled "Pharmaceutical Compounding – Sterile Preparations").

17. Any and all policies of insurance, including without limitation of the foregoing, professional liability, malpractice, products liability, general liability, and comprehensive or umbrella policies, issued to the Healthcare Provider and/or its principal officers and directors and/or any physician working for or on behalf of the Healthcare Provider, for the policy periods including calendar years 2011, 2012 and 2013.

18. Articles of Incorporation and/or By-Laws applicable to the Healthcare Provider for calendar years 2011, 2012 and 2013.

19. Any and all documents and/or ESI reflecting or containing the names, addresses and positions (President, Vice-President, Director, etc.) within the Healthcare Provider of all officers and directors of the Healthcare Provider during the calendar years 2011, 2012 and 2013.

20. Any and all documents showing the entities or individuals with an ownership interest in the Healthcare Provider.

21. Any and all organizational charts maintained by the Healthcare Provider and/or any documents listing directors, officers, employees, and/or agents of the Healthcare Provider showing the names and positions of said directors, officers, employees, and/or agents and their relationship or rank within the Healthcare Provider.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To: All Cases | MDL No. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV |

## NOTICE OF TAKING VIDEOTAPED ORAL DEPOSITION OF DESIGNATED REPRESENTATIVE(S) OF NON PARTY BALTIMORE PAIN MANAGEMENT CENTER

Please take notice that on August 12, 2013 beginning at 2:00 p.m. at the offices of Baltimore Pain Management Center: 9110 Philadelphia Road, Suite 306, Baltimore, Maryland 21237, the deposition of a designated corporate representative will be taken upon oral examination by one or more attorneys of the Plaintiffs' Steering Committee in the pending MDL, pursuant to Rule 30 of the Federal Rules of Civil Procedure for the purpose of discovery or for use as evidence in this action, and before an officer authorized by law to administer oaths.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, the non-party deponent(s) shall produce at the deposition the documents identified in Exhibit 1 attached to this Notice.

**Duty to designate.** By designating a representative, the organization indicates its representative has the authority to speak on its behalf about the matters listed in this deposition notice – not only to facts, but also to subject beliefs and opinions.[1]

---

[1] *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 20 (E.D. Pa. 1986); *See also Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 148, 151-52 (D.D.C. 1999); *Mitsui & Co. v. Puerto Rico Water Res. Autho.*, 93 F.R.D. 62, 66-67 (D.P.R. 1981).

**Duty to substitute.** If it becomes clear that the chosen representative is unable to respond to questions on the matters for which he or she has been designated, the organization must immediately provide a substitute knowledgeable witness. This is required even if the initial designation was made in good faith.[2]

**Duty to prepare.** The testimony elicited in the deposition represents the organization's knowledge, not the individual deponent's knowledge. The organization must conduct a thorough investigation in response to the deposition notice and must prepare any witness to testify to all matters "known or reasonably available to the organization." Therefore, if the organization's designee is not knowledgeable about the matters specified in the deposition notice, it must nonetheless prepare such designee to give knowledgeable, binding answers.[3]

"Reasonably available" information includes all documents that the organization has the authority, legal right, or practical ability to obtain. An inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear.[4]

**Scope of inquiry** The description contained in the deposition notice simply identifies the minimum to which a witness must be prepared to testify. If an examining

---

[2] *See Marker v. Union Fidelity Life*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

[3] *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

[4] *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000) (citing *Lumber v. PPG Industries, Inc.*, 168 F.R.D. 641, 643 n. 1 (D. Minn. 1966); *See Black Horse Lane Assoc., L.P. v. Down Chem. Corp.*, 228 F. 3d 275, 303-04 (3d Cir. 2000); *Resolution Trust Corp. v. S. Union Co.*, 985 F. 2d 196, 197 (5th Cir. 1993); *Taylor*, 166 F.R.D. at 363; *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

party asks questions outside the scope of the matters described in the notice, the general deposition rules govern.

**DESIGNATION OF TESTIMONY AND PRODUCTION OF DOCUMENTS**

The designated matters upon which examination is requested are as follows:

1. To provide testimony regarding those individuals involved in the production of documents.
2. To provide testimony regarding the efforts made and the time expended in the production of documents.
3. To provide testimony regarding the methods of search and methods of production of documents produced.
4. To provide testimony regarding the authenticity of documents.
5. To provide testimony regarding the methods of storage, entry and use of computer data and the method by which it has been produced.
6. To provide testimony regarding the location and methods of storage of corporate documents.
7. To provide testimony regarding the existence of documents.
8. To provide testimony regarding the electronic creation, duplication and/or storage of the documents.
9. To provide testimony regarding any and all document retention/destruction policies that would relate to any of the documents.
10. To provide testimony regarding the searchability of databases for the extraction of information.

RESPECTFULLY SUBMITTED

*[signature]*

Elisha N. Hawk, Esq.
Janet, Jenner & Suggs, LLC
1777 Reisterstown Road, Ste. 165
Baltimore, Maryland 21208
410-653-3200
EHawk@myadvocates.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of June 2013, a true and exact copy of the foregoing was filed with this Court's CM/ECF filing system, thereby providing electronic notice to counsel of record who are registered users of the system.

*[signature]*

Elisha N. Hawk, Esq.