IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| | Master Docket No. 1:13-md-2419-FDS |
| CONSTANCE GAY RHODES, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER, | ) ) ) ) |
| | This Document Relates To: Civil Action No. 1:13-cv-10504-FDS |
| and | ) ) |
| CARILION SURGERY CENTER NEW RIVER VALLEY LLC, D/B/A NEW RIVER VALLEY SURGERY CENTER, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## MOTION TO QUASH SUBPOENA

COMES NOW Defendant Carilion Surgery Center New River Valley, LLC, d/b/a New River Valley Surgery Center, LLC ("New River"), by counsel, and submits its Objections to Plaintiffs' Steering Committee's ("PSC") subpoena, which requests the production of documents and things. PSC's subpoena must be quashed or modified pursuant to Federal Rules of Civil Procedure 45 and 26. In the alternative, the Court should issue a protective order pursuant to Federal Rule of Civil Procedure 26(c). For the reasons stated below, PSC's subpoena is deficient in the following respects:

    1.    The subpoena exceeds the limited relevant time frame of discovery permitted by the Court.

2. The subpoena exceeds the limited subject matter of discovery permitted by the Court.

3. The subpoena ignores various procedural safeguard requirements imposed by the Court.

4. The subpoena seeks privileged information in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iii).

5. The subpoena is unduly burdensome, in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iv).

## Background

New River is an "unaffiliated defendant" in this MDL action. The Honorable F. Dennis Saylor, IV ordered that all discovery in the MDL action be stayed, pending further order of the Court.

On June 21, 2013, this Court entered two Orders entitled "Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information" ("Subpoena Order") (Document No. 192) and "Order on Central Enforcement of Subpoenas" ("Enforcement Order") (Document No. 193), respectively. These Orders granted the PSC **limited** permission to issue subpoenas to certain identified health care providers to discover certain **specified** information. Discovery remains stayed in the MDL action in all other respects.

On or about June 21, 2013, ostensibly pursuant to the Subpoena Order, PSC issued a subpoena upon New River, which was issued from the United States District Court for the District of Massachusetts and signed by Mark Zamora, The Zamora Firm, 6 Concourse Parkway, 22nd Floor, Atlanta, Georgia. The subpoena scheduled production of documents and things for July 15, 2013, at 9:00 a.m. at the offices of New River.

This subpoena is not in compliance with the express terms of the Court's Subpoena Order and vastly exceeds the permission granted to the PSC by the Court. Service of this subpoena should be quashed.

## Standard of Review

Under its MDL authority, the Court has the power to issue foreign-district subpoenas pursuant to 28 U.S.C. § 1407(b). When a court exercises its 28 U.S.C. § 1407(b) authority to issue a subpoena to a party deponent, the MDL judge sits as a judge of the district court where the deponent resides. In addition, because the MDL judge is acting as a judge of the deponent's district, appeal is to the federal circuit court of the deponent's district. In regard to the subpoena issued to New River, the Honorable Judge Saylor sits as a judge of the United States District Court for the Western District of Virginia and is bound by the precedents established by the United States Fourth Circuit Court of Appeals. Judge Saylor therefore must apply the privilege law of Virginia, the forum state in which he sits.

## Law and Argument

**I.     PSC Has Breached the Court's Limitation of Discovery.**

    **A.     PSC's Subpoena Violates the Time Frame of January 2011 – November 2012 Established by the Subpoena Order.**

By its express terms, Paragraph 2 of the Subpoena Order limits the time frame for PSC's subpoena requests as follows:

> The information requested and produced **shall be limited** to the names of patients that have been identified as receiving NECC solutions, medications or compounds from **January, 2011 - November, 2012**, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and

3

the PSC reasonably determine necessary to the prosecution and resolution of these actions (emphasis added).

In essence, the Subpoena Order permits plaintiff to issue subpoenas to discovery patient identities and circumscribed, related information, for the period of January 2011 – November 2012.  Notwithstanding these Court-imposed limitations, the PSC's subpoena served upon New River seeks information well outside the limited time scope authorized by the Subpoena Order, including, but not limited to:

- All documents/information regarding the procurement of methylprednisolone acetate ("MPA") and any other injectable steroid preparations from NECP for the **two-year period preceding October 6, 2012.**

- All documents/information regarding the procurement of MPA or its generic or name-brand equivalent from any producer other than NECP **since October 6, 2007.**

- All documents/information regarding procurement of cardioplegic solution from NECP during the **two-year period immediately preceding October 6, 2012.**

- All documents/information regarding procurement of ophthalmic solution from NECP during **the two-year period immediately preceding October 6, 2012**.

- All documents/information regarding procurement of preservative-free saline solution from NECP during **the two-year period immediately preceding October 6, 2012**.

- All documents/information regarding the identification of each and every patient that [sic] was administered an NECP product during **the two-year period immediately preceding October 6, 2012.**

- Articles of Incorporation and/or By-Laws applicable to the Healthcare **Provider for calendar years 2011, 2012 and 2013.**

(Emphasis added).

In short, the PSC's subpoena basically ignores the time limitation specifically set forth in the Scheduling Order.  The subpoena should be quashed on this basis.

4

### B. PSC's Subpoena Violates the Subject Matter Limitation Established by the Subpoena Order.

Similarly, Paragraph 2 of the Subpoena Order limits the subject matter into which PSC may inquire, by means of this subpoena:

> The information requested and produced **shall be limited** to the **names of patients** that have been identified as receiving NECC solutions, medications or compounds from January, 2011 - November, 2012, **the patients' last known address**, the **records identifying that NECC was the supplier of the solution, medication or compound, including lot number**, **the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records**, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions (emphasis added).

The PSC's subpoena grossly exceeds the limited scope permitted by the Court in its Subpoena Order, in terms of the kind of information sought by the subpoena:

- **All documents/information regarding the procurement of methylprednisolone acetate ("MPA") and any other injectable steroid preparations from NECP** for the two-year period preceding October 6, 2012.

- **All documents/information regarding the procurement of MPA or its generic or name-brand equivalent from any producer other than NECP** since October 6, 2007.

- **All documents/information regarding procurement of cardioplegic solution from NECP** during the two-year period immediately preceding October 6, 2012.

- **All documents/information regarding procurement of ophthalmic solution from NECP** during the two-year period immediately preceding October 6, 2012.

- **All documents/information regarding procurement of preservative-free saline solution from NECP** during the two-year period immediately preceding October 6, 2012.

- **All documents/information regarding the identification of each and every patient that [sic] was administered an NECP** product during the two-year period immediately preceding October 6, 2012.

5

- **Articles of Incorporation and/or By-Laws applicable to the Healthcare Provider** for calendar years 2011, 2012 and 2013.

- **Any and all organizational charts maintained by the Healthcare Provider and/or any documents listing directors, officers, employees, and/or agents of the Healthcare Provider showing the names and positions of said directors, officers, employees, and/or agents and their relationship or rank within the Healthcare Provider**.

(Emphasis added).

In short, the PSC's subpoena essentially ignores the limited scope of the permission granted by the Subpoena Order and seeks wide-ranging information regarding corporate structure, the provision of medications by competitors of NECP, etc. Even the Court's catch-all phrase "and any other information that lead counsel and the PSC reasonably determine necessary" contains a "reasonableness" component, which cannot be expanded sufficiently to countenance the liberties taken by the PSC in their subpoena, with respect to the permission granted by the Court.

### C. PSC's Subpoena Ignores the Court's Requirement that Protected Health Information be Produced to a Third-Party Vendor.

Paragraph 3 of the Court's Order requires that "All protected health information produced pursuant to this order shall be produced in electronic or hard copy format only to a third party vendor." PSC's subpoena violates the Court's Order by requesting production of protected health care information documents directly to PSC. At the time of the service of this subpoena, no Vendor had been selected and approved to be the repository for this confidential health care information.

6

**D.     PSC Did Not Append the Subpoena Order to the Subpoena.**

In paragraph 15 of its Order, the Court ruled that a copy of its Subpoena Order "shall be appended to the subpoenas." PSC failed to append a copy of the Order to the subpoena at issue, and the subpoena therefore is fatally flawed.

**II.    PSC's Subpoena Improperly Seeks Information Privileged by the Attorney-Client Privilege, the Attorney Work Product Doctrine, and Information Prepared in Anticipation of Litigation in Violation of Fed. R. Civ. Pro. 45(c)(3)(A)(iii) and Therefore Should Be Quashed.**

"A court must quash or modify a subpoena that 'requires disclosure of privileged or other protected matter, if no exception or waiver applies.'" *Cappetta v. GC Servs. Ltd Partnership*, 266 F.R.D. 121, 124 (E.D.Va. 2009) (*quoting* Fed. R. Civ. P. 45(c)(3)(A)(iii)). Many of the extremely broad requests in the PSC's subpoena would require the disclosure of attorney-client privileged documents, documents protected by the work product doctrine and information prepared in anticipation of litigation. For instance, request nine (9) could easily implicate privileged or protected communications between counsel and a clinic regarding potential future litigation and legal strategy. Request thirteen (13) seeks any document even related to agreements or contracts with NECC, despite the fact that such a request would apply to correspondence between the clinic and counsel concerning those contracts and agreements. Request nineteen (19), as written, would apply to every communication between an attorney and the clinic's officers and directors in which one of the officers or directors names was used. These are just a few examples of how the broad requests will interfere with the relevant privileges and protections. Thus, the PSC's subpoena must be quashed to the extent that it seeks such information.

### III. PSC's Subpoena Improperly Imposes an Undue Burden Upon New River, in Violation of Fed. R. Civ. Pro. 45(c)(3)(A)(iv) and Therefore Should Be Quashed.

"A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena" *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.606, 612 (E.D.Va. 2008) (*quoting* Fed. R. Civ. P. 45(c)(1)). One such reasonable step would have been to comport the subpoena with the requirements that this Court set forth; instead, the PSC chose to issue a much broader set of requests. Indeed, the subpoena at issue is so overly-broad and seeks so many unnecessary documents that if it is enforceable, there would be no practical limits to an attorney's subpoena power. The subpoena seeks documents related to purchase of medications non-NECC entities, the administration of products purchased from NECC other than methylprednisolone acetate, and during time periods longer than what is relevant and longer than what this Court allowed. The subpoena seeks communications between parties and non-parties regarding interactions with federal agencies, regarding procurement from *any* compounding pharmacy, and corporate information that could have no bearing on the present litigation. Such broad requests for documents that simply cannot be relevant to this proceeding should not be condoned and constitute an undue burden. For that reason, the subpoena should be quashed.

### IV. Conclusion

For the reasons stated herein, New River requests entry of an Order quashing the PSC's subpoena, awarding it its costs and attorneys' fees associated in the prosecution of this Motion, and for such other and further relief as the needs of this case may require and which this Court deems appropriate.

        Respectfully submitted,

        CARILION SURGERY CENTER
        NEW RIVER VALLEY LLC, D/B/A
        NEW RIVER VALLEY SURGERY
        CENTER, LLC


        By:     /s/ Michael P. Gardner
                Of Counsel


Powell M. Leitch, III (VSB No. 27420)
Michael P. Gardner (VSB No. 80380)
LeClairRyan, A Professional Corporation
1800 Wells Fargo Tower
Drawer 1200
Roanoke, Virginia 24006
(540) 510-3000 (telephone)
(540) 510-3050 (facsimile)
powell.leitch@leclairryan.com
michael.gardner@leclairryan.com

*Counsel for Defendant Carilion Surgery Center New River Valley, LLC, d/b/a New River Valley Surgery Center, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of July, 2013, a true and exact copy of the foregoing was filed with the Clerk of the Court using the CM/ECF filing system, thereby providing electronic notice to jtravers@millerfirmllc.com, mmiller@millerfirmllc.com, and will@moodyrrlaw.com, counsel for plaintiff, and to rebecca.herbig@bowmanandbrooke.com, counsel for defendant NECC.  Paper copies will be sent to those indicated as non registered participants on July 9th, 2013.

                /s/ Michael P. Gardner