IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt.: 1:13-md-02419-FDS |
| This Document Relates To:<br>All Actions | |

### OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION AND NOTICE OF DEPOSITION AND MOTIONS TO QUASH

On June 21, 2013, Counsel for Plaintiff Steering Committee (PSC) directed to North Carolina Orthopaedic Clinic ("NC Orthopaedic") a copy of a subpoena to produce documents in MDL 2419, *In re New England Compounding Pharmacy, Inc. Products Liability Litigation* and a Notice of Videotaped Oral Deposition for July 15, 2013 (attached as "Exhibit A"). NC Orthopaedic is a medical practice located in Durham, North Carolina, and is not a party to the above-referenced litigation.  NC Orthopaedic objects to the subpoena and notice of deposition as follows:

1. PSC failed to properly serve subpoena and notice of deposition, failed to tender the fees for 1 day attendance and mileage allowed by law, and failed to serve each party with notice of the command for production of documents, all in violation of Federal Rule of Civil Procedure 45(b)(1).

2. The subpoena and notice of deposition are overly broad, unduly burdensome, and contemplate the production of privileged information in violation of Federal Rules of Civil Procedure 26(b) and 45.

3. The subpoena fails to allow a reasonable time to comply in violation of Federal Rules of Civil Procedure 45(c)(3).

4. The subpoena and notice of deposition exceed the scope of limited discovery approved by the court. Specifically, the Court's Order granting Plaintiff's Leave to Service Subpoenas (Dkt. 192) limits the allowable discovery to:

> the names of patients that have been identified as receiving New England Compounding Company ("NECC") Solutions, medications or compounds from January, 2011—November, 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions.

5. PSC failed to append and incorporate into the subpoena the Qualified Protective Order Regarding Protection of Health Information entered in this case, in violation of the court's June 21, 2013, order.

For the reasons stated herein NC Orthopaedic requests the court quash or modify the subpoena in accordance with the foregoing objections.

DATED this 10th day of July, 2013.

/s/ Mark E. Anderson
Mark E. Anderson (NC Bar ID No. 15764)
*Attorneys for non-party North Carolina Orthopaedic Clinic*
McGuireWoods LLP
434 Fayetteville Street, Suite 2600
P.O. Box 27507 (27611)
Raleigh, North Carolina  27601
(919) 755-6678 / Fax: (919) 755-6699
E-mail:  manderson@mcguirewoods.com

2

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on July 10, 2013.

/s/ Mark E. Anderson