## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | : | MDL No. 2419 |
| | : | Docket No. 1:13-md-2419 (FDS) |
| NEW ENGLAND COMPOUNDING | : | |
| PHARMACY, INC. PRODUCTS | : | |
| LIABILITY LITIGATION | : | Judge F. Dennis Saylor, IV |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| ALL ACTIONS | : | |
| | : | |

### NONPARTY SURGICAL PARK MEDICAL CENTER'S
### RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S SUBPOENA TO TESTIFY AND PRODUCE DOCUMENTS

Pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure,

Non-Party Surgical Park Center, Ltd. ("Surgical Park"), by its attorneys, Debevoise &

Plimpton LLP, hereby responds and objects to Plaintiffs' Steering Committee's ("PSC"

or "Plaintiffs") Subpoena To Testify at A Deposition in a Civil Action, dated June 21,

2013 (the "Subpoena").

**<u>Introductory Statement</u>**

Surgical Park seeks to comply with this Court's Order to provide Plaintiffs with relevant, non-privileged documents and information relating to the tainted NECC medications.  However, the Subpoena is overly broad and unduly burdensome and seeks documents and testimony that are not at all relevant to the recalls of NECC tainted medications nor calculated to lead to the discovery of admissible evidence.  Compliance with these requests would impose unwarranted burdens – in the form of expense, effort and time – on Surgical Park to locate and review documents that in most cases are irrelevant and immaterial to the facts at issue in the MDL litigation.

Surgical Park is not a party to the MDL litigation.  It has not been named as a party in a single suit in the MDL litigation and, as far as Surgical Park is aware, not a single Surgical Park patient is a party in the MDL litigation.  In fact, as far as Surgical Park is aware, not a single Surgical Park patient has filed suit in any forum in connection with the NECC fungal meningitis outbreak.  Nevertheless, the Subpoena compels Surgical Park to provide at least one corporate representative to testify under oath regarding 10 broad subjects and to produce 21 categories of documents.  Specifically, the Subpoena calls for testimony and documents concerning:

- Surgical Park's creation, storage and organization of electronic and hard copy patient records and other documents;

- Surgical Park's procurement of six different types of compounded medications from New England Compounding Pharmacy and any other compounding pharmacy for a five year period;

- Surgical Park's practices and procedures regarding its selection of NECC and other compounding pharmacies;

- Surgical Park's use of NECC products or other compounded medications;

- Surgical Park's communications with NECC;

- Surgical Park's communications with federal and state regulators and law enforcement agencies;

- Surgical Park's insurance policies for the hospital and its officers and directors;

- Surgical Park's corporate structure and ownership; and

- The identities of each and every patient, including their social security numbers and addresses, who received any NECC product.

With very few exceptions, the Subpoena's requests are not remotely relevant to the claims at issue in the MDL nor are they calculated to lead to the discovery of admissible evidence in the MDL litigation.  Instead, the Subpoena appears to be an improper fishing expedition to identify additional claims and clients for Plaintiffs' counsel.  Plaintiffs should not be permitted to use the power of this Court to impose these burdensome and impermissible requests on Surgical Park, which is a non-party to this action.

## Objections to the Requests for the Production of Documents[1]

Surgical Park objects to certain portions of Exhibit A to the Subpoena compelling the production of certain documents and materials.

1.     Surgical Park objects to the portions of the Subpoena that seek the discovery of documents that are neither relevant to the issues raised in this action nor are reasonably calculated to lead to the discovery of evidence admissible in this action. Plaintiffs have failed to identify a single Surgical Park patient who has filed a claim or joined the MDL litigation.  As far as Surgical Park is aware, none of its patients have contracted fungal meningitis or suffered from other injuries in connection with the tainted NECC medications.  Consequently, few if any of the documents that the Plaintiffs seek are relevant to the claims of any parties in the MDL litigations and Plaintiffs broad requests are not reasonably calculated to lead to the discovery of such evidence. Moreover, several of Plaintiffs' requests seek documents that do not involve NECC or the fungal meningitis outbreak at all.  For example, Plaintiffs seek "any and all organizational charts" and "any documents listing directors, officers, employees, and/or agents of the Healthcare Provider showing the names and positions of said directors,

---

[1] Nothing in Defendant's responses and objections herein shall be construed as a waiver of Defendant's rights to (i) object on the grounds of competency, relevance, materiality, hearsay or any other proper grounds to the use of any information provided in these responses for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents; or (iii) assert the attorney-client privilege, the work product doctrine, doctor-patient privilege, or any other privilege or right.

officers, employees, and/or agents and their relationship or rank within the Healthcare

Provider."  They likewise seek Surgical Park's articles of incorporation and by-laws for

the years 2011, 2012, and 2013.  Subpoena Ex. A Request Nos. 18 & 21.  Surgical Park's

organizational structure, leadership structure, and governance documents are impertinent

to any of the claims at issue in the MDL litigation.  Requests such as these thus do not

comply with FRCP 26(b)(1).  Accordingly, Surgical Park requests that this Court modify

the Subpoena so as to limit Plaintiffs' requests to documents that are directly relevant to

the claims at issue in the MDL litigation.

      2.      Surgical Park objects to the Subpoena to the extent it purports to impose

burdens other than or beyond those imposed by this Court's Order on Central

Enforcement of Subpoenas, dated June 21, 2013 ("Central Enforcement Order") and the

Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order

Regarding Protection of Health Information, dated June 21, 2013 ("Protective Order")

(together the "Orders").  The Protective Order limited the information to be provided and

timeframe for Plaintiffs' Subpoena to under two years, stating:

> The information requested and produced shall be limited to the names of patients
> that have been identified as receiving NECC solutions, medications or compounds
> from January 2011 – November 2012 the patients' last known address, the records
> identifying that NECC was the supplier of the solution, medications or compound,
> including lot number, the hospital or healthcare facilities' NECC product
> purchase records, including order forms, prescriptions, billing, and accounts
> receivable, the hospital or healthcare facilities' NECC product storage and patient
> distribution records, and any other information that lead counsel and the PSC
> reasonably determine necessary to the prosecution and resolution of these actions.

To the extent the Subpoena seeks documents from before January 2011 and concerning

subject matters outside the scope of the Court's Order – including for example documents

concerning Surgical Park's insurance policies, compliance procedures, and communications with regulators – it is out of compliance with the Protective Order.  In addition, Plaintiffs failed to attach the Orders to the Subpoena, in direct contravention of the Order's mandates.  Surgical Park therefore requests that this Court modify the Subpoena to limit Plaintiffs' requests solely to the subject matter and time constraints specifically enumerated in the Orders.

      3.      Surgical Park objects to the Subpoena to the extent it purports to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules of the United States District Court of Massachusetts ("Local Rules").  As noted above, none of Surgical Park's patients are parties to any of the MDL litigations, and none have filed suit against Surgical Park in any forum in relation to NECC medications.  Therefore, Surgical Park does not have any documents germane to resolving any of the claims at issue in the MDL litigation.  Rather than tailor their requests to avoid placing an undue burden on Surgical Park, Plaintiffs demand broad categories of documents that would be burdensome and expensive for Surgical Park to locate and produce.  For example, the Subpoena calls for documents and information about Surgical Park's relationships with other pharmacies and drug manufacturers spanning a five-year period.  Those vendors are not parties to the MDL actions nor have they been linked to the fungal meningitis outbreak in anyway.  Accordingly, these requests and others like them are overly broad and unduly burdensome and do not comport with FRCP 45(c)(1).  Surgical Park requests that the Court modify the Subpoena to limit Plaintiffs' requests to documents and information that are relevant to the claims at

issue in the MDL litigation, namely documents and information relating to NECC medications provided to Surgical Park that were the subject of the September and October 2012 recalls.  In addition, Surgical Park requests that the Court order Plaintiffs to reimburse Surgical Park under FRCP 45(c)(1) for costs and fees  it incurs in connection with all proceedings related to the Subpoena.

4.      Surgical Park objects to the Subpoena as overbroad under FRCP 45(c)(1) to the extent no time limitation is included in the requests or to the extent that the time limitations included are unreasonable.  Surgical Park requests that the Court modify the Subpoena to limit Plaintiffs' requests to documents and information created between January 1, 2011 and November 30, 2012.

5.      Surgical Park objects to the Subpoena to the extent it calls for disclosure of information or documents protected by the attorney-client privilege, work product doctrine, doctor-patient privilege, or any other applicable privileges ("privileged documents") on the ground that such discovery is impermissible under Rule 26(b) of the FRCP.  Surgical Park requests that the Court modify the Subpoena so as to limit Plaintiffs' requests to non-privileged documents.  In addition, Surgical Park requests the right to demand the return of any documents that inadvertently may be produced during discovery if it determines, in its sole discretion, that such documents may contain privileged information.

6.      Surgical Park objects to the Subpoena to the extent it calls for production of documents outside of Surgical Park's possession, custody, control, in Plaintiffs' possession, custody or control, readily available to Plaintiffs, or attainable by Plaintiffs

from public sources, including but not limited to the Food & Drug Administration, Centers for Disease Control, or other federal, state or local government agencies.  For example, the Subpoena seeks documents pertaining to NECC sales materials and sales agents.  Plaintiffs can and should obtain any information concerning NECC's sales force or NECC's marketing materials from NECC, which is the central party to this litigation.  Such requests are overly broad, unduly burdensome, and in excess of FRCP 45.  Surgical Park requests that the Court modify the Subpoena so as to limit Plaintiffs' requests to documents solely within Surgical Park's exclusive custody and control.

      7.     Surgical Park objects to the Subpoena to the extent it calls for disclosure of confidential protected health information protected under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. 1320d et seq. (HIPAA) and regulations promulgated thereunder or the Health Information Technology for Economic and Clinical Health (HITECH) Act, 42 U.S.C. 1176a et seq. and regulations promulgated thereunder which are not covered by the Protective Order.  The Protective Order covers only protected health information for patients who received NECC medications from October 2011 through November 2012.  Yet, several of the Subpoena's requests would require Surgical Park to produce information and documents relating to patients who did not receive NECC medications.  In addition, the Subpoena calls for specific patient information and medical records for patients who received NECC medications for four years prior to October 2011.  If Surgical Park produced such information, it would be outside the protection of the Protective Order and would violate its patients' Privacy Rights under HIPAA and HITECH.  Surgical Park requests that the Court modify the

Subpoena to require Surgical Park only to produce information protected under the Protective Order, specifically to provide the names and other information for patients who Surgical Park can confirm received NECC medications between January 1, 2011 and November 30, 2012.

8.      Surgical Park objects to the Subpoena to the extent it calls for the disclosure of confidential or proprietary business information.  For example, the Subpoena calls for documents relating to Surgical Park's compliance policies and procedures and vendor selection processes.  See, e.g., Subpoena Ex. A Request Nos. 8, 16.  These requests would call for Surgical Park to produce publicly information relating to its internal business practices.  Given that Surgical Park is not a party to the MDL and many of the documents Plaintiffs seek are wholly irrelevant, Surgical Park should not be forced to disclose this sensitive business information.  Surgical Park requests that the Court modify the Subpoena so as to limit Plaintiffs' requests to non-confidential documents.  To the extent that Plaintiffs seek information to authenticate documents to use as exhibits during trial, Surgical Park will provide Plaintiffs with a business records affidavit to aid Plaintiffs in so doing.

**Objections to the Request for Deposition Testimony**

Surgical Park objects to portions of the Subpoena compelling depositions by corporate representatives on certain designated subjects.  Surgical Park incorporates its above objections into its objections concerning the request for deposition testimony.

9.      Surgical Park objects to the Subpoena to the extent it calls for testimony relating to the existence, storage, retrieval, location, and authenticity of irrelevant or

otherwise impermissible documents that Plaintiffs' seek in violation with FRCP 26(b)(1). Where the Court modifies or limits Plaintiffs' requests for documents, Surgical Park requests that it also modify and limit Plaintiffs' corresponding requests for testimony related to those documents.

10.     Surgical Park objects to the Subpoena because Plaintiffs failed to provide Surgical Park with the $40.00 witness fee for attendance at a deposition required upon service of the Subpoena under FRCP 45(b)(1).

For all of the above reasons, nonparty Surgical Park Medical Center respectfully requests that the Court modify the Subpoena in accordance with the above stated objections.

/s/ Mark Goodman_____

Mark P. Goodman, NY 2207884
Maura K. Monaghan, NY 3042751
Cari A. Wint, NY 4684833
mpgoodman@debevoise.com
mkmonagh@debevoise.com
cawint@debevoise.com

*Of counsel*:

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY  10022
Tel.:  (212) 909–6000
Fax:  (212) 909–6836

*Attorneys for Nonparty Surgical Park Center, Ltd.*

CERTIFICATE OF SERVICE

I, Cari A. Wint, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 9, 2013.


_____/s/ Cari A. Wint_____
        Cari A. Wint