# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2419 ) Master Dkt.: 1:13-md-02419-FDS ) |
| THIS DOCUMENT RELATES TO: All Actions | ) ) ) ) ) ) |

## NON-PARTY THE SOUTH BEND CLINIC, LLP'S MOTION TO QUASH AND OBJECTION TO NON-PARTY SUBPOENAS

Now comes Non-Party, The South Bend Clinic, LLP ("South Bend Clinic"), by counsel, and under the Court's June 21, 2013 "Order on Central Enforcement of Subpoenas," requests that the Court quash the subpoena issued to it for a deposition because:

1. The issuing party did not tender the required fees for one day's attendance and the mileage allowed by law; and

2. A deposition would violate the automatic stay in the Bankruptcy Court.

South Bend Clinic also requests that the Court quash those parts of the subpoena for production of documents that seek the disclosure of privileged or other protected matter, including personal health information of the South Bend Clinic's patients who are not parties to these lawsuits, and peer review information.

South Bend Clinic further objects to the document production requests and the subpoena to the extent they are overbroad and not reasonably calculated to lead to the discovery of admissible evidence regarding identification of South Bend Clinic's patients who are not parties to the suit, South Bend Clinic's business corporate structure, organization and business issues, pharmaceutical products purchased from NECC that are not subject of the underlying lawsuits,

and for documents regarding products procured from suppliers other than NECC, and for all the reasons set forth in its written objections to Plaintiff's counsel.

In support of this Motion, South Bend Clinic relies on the record, its supporting brief, and the exhibits thereto, including its July 8, 2013 written objections all filed herewith.

WHEREFORE, South Bend Clinic requests that the Court quash the deposition subpoena, not require the production of patient identification information of its patients who are not plaintiffs in these lawsuits, uphold its written objections to the subpoena for production of documents, and allow South Bend Clinic to respond to the subpoena pursuant to the proposed resolutions in its July 8, 2013 written objections.

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1

Undersigned counsel hereby certifies that Non-Party South Bend Clinic, by and through its Indiana counsel, attempted to confer with Plaintiffs' counsel in a good faith effort to narrow or resolve the areas of disagreement regarding the subpoena. These efforts include telephone messages on June 25 and June 28 and written correspondence dated July 8, 2013. Due to scheduling conflicts (that Plaintiffs' counsel is out of the office until July 15th), the parties have been unable to confer. Given this Court's scheduling order, South Bend Clinic must preserves its rights by filing this motion today, however it notes that the parties have scheduled to meet and confer on July 15, 2013 at 9:00 a.m. in attempt to narrow or resolve this dispute.

Respectfully submitted,
Non-Party, The South Bend Clinic, LLP,
By its attorney,

*/s/ David E. Fialkow*
David E. Fialkow (BBO# 666192)
david.fialkow@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
Telephone: 617.573.4700
Fax: 617.573.4710

Dated: July 10, 2013

2

**CERTIFICATE OF SERVICE**

I, David E. Fialkow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: July 10, 2013                    /s/ David E. Fialkow