UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
IN RE:  NEW ENGLAND COMPOUNDING          )
PHARMACY, INC.                                                      )  MDL No. 2419
PRODUCTS LIABILITY LITIGATION              )  Master Dkt.: 1:13-md-02419-FDS
_____)
                                                                                  )
THIS DOCUMENT RELATES TO:                     )
                                                                                  )
All Actions                                                            )
_____)

**BRIEF IN SUPPORT OF NON-PARTY THE SOUTH BEND CLINIC, LLP'S
MOTION TO QUASH AND OBJECTION TO NON-PARTY SUBPOENAS**

Non-Party The South Bend Clinic, LLP ("South Bend Clinic") submits this brief in support of its motion to quash and objection to non-party subpoena.

INTRODUCTION

South Bend Clinic received a Rule 45 non-party subpoena issued by the Plaintiffs' Steering Committee ("PSC") to produce a witness for a deposition and to produce records. (Exhibit 1).  The PSC also provided South Bend Clinic with this Court's June 21, 2013 "Order on Central Enforcement of Subpoenas" and "Order Granting Plaintiff's Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information."  South Bend Clinic understands that nothing in the Court's order deprives a subpoena recipient of an opportunity to object to a subpoena.  Accordingly, on July 8, 2013, South Bend Clinic, by and through its Indiana counsel, served written objections to the subpoena under Fed. R. Civ. P. 45 on Douglas D. Small, the State Chairperson for Indiana plaintiffs. (Exhibit 2).  Under the Court's Order, South Bend Clinic requests that the Court hear its objections at the July 18, 2013 status conference.

Prior to filing this motion, on June 25 and June 28, South Bend Clinic's Indiana counsel left voicemails for Attorney Small, requesting a meeting in an attempt to resolve or narrow the issues raised in the objections to the subpoena. Thereafter, South Bend Clinic learned that Attorney Small would be out of the office until July 15, 2013 – a date after the July 10 objection filing deadline. To preserve its objections, South Bend Clinic's Indiana counsel e-mailed its written objections and proposed resolutions to Attorney Small on July 8, 2013. (Exhibit 2). During the evening on July 9, 2013, counsel exchanged e-mails. (Exhibit 3). On July 10, 2013, counsel had a brief telephone call, and agreed to confer on July 15, 2013, in an attempt to resolve or narrow the objections. South Bend Clinic files this motion to comply with its deadlines, but intends to confer in an attempt to resolve or narrow the issues in advance of the July 18th hearing.

## ARGUMENT

A.   The Deposition Subpoena is Invalid.

As an initial matter, the subpoena demanding that South Bend Clinic appear for a deposition should be quashed because it does not comply with Fed. R. Civ. P. 45(b)(1). In addition, a deposition would violate the automatic stay affecting Defendant NECC's Chapter 11 bankruptcy case. Finally, while the Court authorized service of subpoenas for production of certain information, the Order does not specifically reference subpoenas for depositions.

The subpoena for a deposition is invalid because it did not include the requisite fee for attendance and mileage. When a party subpoenas a non-party to attend a deposition, the requesting party must "tender [ ] the fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). No fees were issued with the subpoena. Therefore, it is invalid and should be quashed.

2

The proposed deposition would violate the automatic stay imposed by NECC's bankruptcy case. Since NECC is the Defendant in this MDL action, it has a right to appear and ask questions at any deposition. The proposed deposition would affect NECC's rights and therefore potentially violate the automatic stay. *See* 11 U.S.C. §362(a); *In re Monown*, 213 B.R. 411 (Bankr. N.D. Ga. 1997) ("Discovery is considered a part of the continuation of a proceeding, and is, therefore, subject to the automatic stay.").

B.  Parts of the Subpoena for Production of Documents Should be Quashed.

   *1.  Personal Health Information*

Fed. R. Civ. P. 45(c)(3) requires a Court to quash or modify a subpoena that requires disclosure of privileged or other protected matter, when no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A)(iii). Responses to the subpoena at issue here would include medical records of South Bend Clinic patients who are not parties to this lawsuit (Request No. 6), production of prescriptions that identify patients (Request Nos. 1, 2, and 4) and other patient identifying information (Request Nos. 7 and 15). Personal health information and individually identifiable health information are protected under HIPAA, 42 U.S.C. §1320(d) *et. seq.* and the regulations promulgated there under, 45 CFR §§160, 164 *et. seq.* The subpoena for such documents should be quashed.

Prior to the issuance of the subpoena, South Bend Clinic produced medical records to Plaintiffs for the four patients who had provided a proper medical release to Attorney Small. Likewise, South Bend Clinic has offered to produce the medical records for any of its other patients who provide a proper medical release. (See Ex. 2). It has also offered to produce all documents exchanged with NECC, including prescription information, with the identification information of its patients who have not provided a release forms redacted. (See Ex. 2).

The identity of South Bend Clinic patients who are not plaintiffs in the MDL, or are not the clients of the attorneys requesting the documents, are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  South Bend Clinic is not a defendant in the MDL, and these patients are not plaintiffs.  Request for medical records of non-parties, from a non-party, are not reasonably calculated to lead to the discovery of admissible evidence to prove the Plaintiffs' claims against NECC.  Plaintiffs' cited examples of qualified protective orders entered in other Massachusetts federal court case (see PACER Doc. No. 181, Page 5) are distinguishable.  Those cases were class actions, and the patients were a part of the class.  Here, the request is for medical records from a non-party of people who are not parties. This is not a class action. South Bend Clinic has offered to produce records for any plaintiffs who provide medical releases.

2. *Peer Review Privileged Materials.*

The Requests are drafted broadly enough (though probably unintentionally), in their use of the terms "any and all documents . . . reflecting, and/or related in any way whatsoever . . .," to include information that is protected by the peer review committee privilege of Indiana Code §34-30-15-9, or the professional review activity privilege of the Healthcare Quality Improvement Act, 42 U.S.C. §11137(b).  If Plaintiffs intended the requests to be construed so broadly, they should be quashed.  *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

Indiana Code §34-30-15-1(A) governs peer review committees, and states, "All proceedings of the Peer Review Committee are confidential."  "[N]o records or determinations of or communications to a Peer Review Committee shall be: (1) subject to subpoena or discovery; or (2) admissible into evidence; in any judicial or administrative proceeding . . . without a prior waiver executed by the Committee."  IND. CODE §34-30-15-9.  "Upon its determination, the

governing body of the hospital may report, as part of the hospital's quality assessment and improvement program, a determination of a Peer Review Committee of the hospital regarding an adverse event concerning patient care to the State Department of Health or another state agency without: . . . waiving the confidentiality and privilege attached to the communications, proceedings, records, determinations or deliberations of the Peer Review Committee." IND. CODE §34-30-15-1(f). If Plaintiffs intended that these requests be construed broadly to include Peer Review Committee materials, the subpoena should be quashed pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii).

Chapter 117 of the Public Health and Welfare Act "Encouraging Good Faith Professional Review Activities," also creates a privilege. It states that "Information reported under this subchapter is considered confidential and shall not be disclosed (other than to the physician or practitioner involved) except with respect to professional review activity . . . or in accordance with regulations to the Secretary promulgated pursuant to Subsection (a) of this section." 42 U.S.C. §11137(b)(1). If Plaintiffs intended the request to be broad enough to include such information, the subpoena should be quashed. See Fed. R. Civ. P. 45(c)(3)(A)(iii).

C.   The South Bend Clinic Provided Written Objections to The Subpoenas.

Rule 45 allows a non-party commanded to produce documents in a subpoena to preserve its objections by providing them in writing. Fed. R. Civ. P. 45(c)(2)(B). South Bend Clinic raised additional objections, which do not require a motion to quash, in its July 8, 2013 letter. (See Ex. 2). South Bend Clinic incorporates those objections by reference in this motion. South Bend Clinic's objections include that the time period for documents requested by Plaintiffs is broader than the scope approved in the Court's order. In addition, the request for documents regarding South Bend Clinic's procurement from other suppliers, corporate structure and organization information, and products that are not the subject of the MDL, are overbroad.

5

South Bend Clinic's Indiana counsel and Plaintiffs' attorney have scheduled to discuss these objections and South Bend Clinic's proposed resolutions on July 15, 2013, at 9:00 a.m.

## CONCLUSION

South Bend Clinic requests that the Court quash the deposition subpoena, not require the production of patient identification information of its patients who are not plaintiffs in these lawsuits, uphold its written objections to the subpoena for production of documents, and allow South Bend Clinic to respond to the subpoena pursuant to the proposed resolutions in its July 8, 2013 written objections.

                                    Respectfully submitted,
                                    Non-Party, The South Bend Clinic, LLP,
                                    By its attorney,

                                    */s/ David E. Fialkow*
                                    David E. Fialkow (BBO# 666192)
                                    david.fialkow@nelsonmullins.com
                                    Nelson Mullins Riley & Scarborough LLP
                                    One Post Office Square, 30th Floor
                                    Boston, MA 02109
                                    Telephone: 617.573.4700
                                    Fax: 617.573.4710

Dated: July 10, 2013

## **CERTIFICATE OF SERVICE**

I, David E. Fialkow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: July 10, 2013                                    */s/ David E. Fialkow*