UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>　　All Cases | MDL No. 1:13-md-2419-FDS |

### ARL BIOPHARMA, INC.'S MOTION FOR PROTECTIVE ORDER FROM JUNE 28, 2013 CASE MANAGEMENT ORDER

ARL BioPharma, Inc. ("ARL") moves for a Protective Order seeking relief from certain provisions within the June 28, 2013 Case Management Order, MDL Order No. 6, Document 209 ("CMO") or, in the alternative, asks that this Court issue a revised Case Management Order. ARL objects to the scope, sequence, and timeline of various provisions set forth within the CMO. The CMO unfairly prejudices ARL's defense and unduly burdens ARL in the discovery process. Specifically, ARL respectfully requests the Court to:

(1) require that ARL be included in discussions regarding amendments to existing orders and the Mediation Order;

(2) stay ARL's discovery obligations until it is allowed to receive reciprocal discovery from all other parties, including, but not limited to the Plaintiffs;

(3) require that Plaintiffs' submit their profile sheets and allow ARL access to the document database at least 30 days in advance of any ARL deposition;

(4) stay ARL's obligation to file expert reports or dispositive motions until it has had a meaningful opportunity to obtain reciprocal discovery from all parties; and

(5) protect ARL from having to appear for any depositions prior to September 1, 2013.

Pursuant to the Federal Rules of Civil Procedure, particularly Rules 26 and 37, the Courts have broad discretion to control the scope and timing of discovery and to prevent discovery abuse. Herbert v. Lando, 441 U.S. 153, 177, (1979); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979). Under Federal Rules of Civil Procedure, Rule 26(c), a protective order may be obtained, for good cause shown, that provides that discovery may be had only on specified terms, including a designation of a time and place, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A), (B), and (D).

While ARL is certainly cognizant of the Court's preference to efficiently resolve this matter, ARL asks that this effort not prejudice ARL's rights and abilities to (1) prepare a defense, and (2) participate meaningfully and equitably in discovery and/or mediation. ARL is seeking this Court's protection from the unfair, unreasonable, and unduly burdensome discovery process set forth in the CMO. Specifically, ARL seeks protection from the aggressive discovery schedule that requires the Unaffiliated Defendants like ARL to provide discovery immediately, but that does not allow ARL or other Unaffiliated Defendants sufficient time to respond to discovery requests or to obtain reciprocal discovery that is required to timely prepare expert reports and dispositive motions and to consider settlement. ARL's itemized objections to the CMO are set forth in more detail below.

I. **The CMO Inappropriately Excludes ARL and other Unaffiliated Defendants from discussions regarding amendments to Existing Orders and the Proposed Mediation Order.**

Section C, page 4 of the CMO states that "the Plaintiffs' Steering Committee, NECC, the Affiliated Defendants, and the Creditor's Committee may, after meeting and conferring, jointly or otherwise ask the Court to modify provisions of the preservation orders…" The CMO does not require that the Unaffiliated Defendants participate in these discussions. ARL and the other Unaffiliated Defendants should not be excluded from these meet and confer processes regarding existing orders. Clearly, any Court order may impact ARL and other Unaffiliated Defendants. As such, ARL and the Unaffiliated Defendants should be included in discussions regarding existing orders.

Section J, page 10 of the CMO states that "The Plaintiffs' Steering Committee, the Trustee, and his counsel, and the Official Committee shall confer and shall submit to the court … a proposed mediation order… concerning unaffiliated defendants …" The CMO leaves no room for ARL or other Unaffiliated Defendants to participate in the drafting of the Proposed Mediation Order. ARL and the Unaffiliated Defendants should be participants in preparing a document that directly impacts the process by which they may be settling their cases. While the CMO, page 18, requires that the unaffiliated defendants be provided the proposed mediation order on or before July 3, 2013, no such order has been provided to ARL as of July 9, 2013.

Moreover, section J sets forth various requirements that the Unaffiliated Defendants must fulfill in order to participate in mediation, but does require Plaintiffs to provide any information at all, let alone the information that ARL or other defendants may need to meaningfully participate. ARL requests that Plaintiffs file their Statements of Claim/Profile Sheets identifying the specific circumstances surrounding their alleged exposure to contaminated NECC products,

3

including the date of exposure and the lot from which the product was obtained, in advance of ARL having to determine if it will participate in mediation, so that ARL can appropriately evaluate the claims asserted against it.

> II.  **The CMO does not provide for equitable and mutual discovery exchange and settlement discussions.**

The portions of the CMO that address settlement discussions and discovery, i.e. pages 8 through 11, 13, and 18 through 19, combine to impose inequitable and impractical requirements which compel the Unaffiliated Defendants, including ARL, to promptly produce discovery while the Plaintiffs' and Affiliated Defendants' discovery obligations are stayed.  ARL and other Unaffiliated Defendants can seek protection from the proposed, unreasonable discovery schedule only if they participate in mediation.  These provisions unfairly allow Plaintiffs and Affiliated Defendants access to the Unaffiliated Defendants' materials well in advance of, or potentially to the exclusion of, the Unaffiliated Defendants' ability to obtain reciprocal discovery.  Moreover, the CMO does not suggest when Unaffiliated Defendants may obtain access to the proposed document repository that Plaintiffs maintain or to the Plaintiff Profile Sheets contemplated on page 12 of the CMO.  These provisions presuppose that Unaffiliated Defendants are able to meaningfully participate in mediation without discovery from the Affiliated Defendants, other non-parties, and the Plaintiffs.  While the CMO, page 18, requires that the parties meet on July 9, 2013 to confer regarding the scope of discovery of Plaintiffs, ARL has not been contacted regarding this topic as of July 9, 2013.  The proposed discovery sequence puts the Unaffiliated Defendants at a clear disadvantage in preparing for mediation and/or trial.

ARL asks that this Court issue a Protective Order and/or modify the CMO so that there is a reciprocal discovery process for all parties.  A burdensome discovery schedule should not be

forced on the Unaffiliated Defendants and used as a weapon to compel them to participate in mediation. If the Plaintiffs are allowed to conduct discovery, the Unaffiliated Defendants should also be allowed to conduct discovery to begin to prepare their defense and settlement strategy. Finally, the discovery schedule should be within reasonable timeframes that take into account the schedules of all parties and their counsel.

### III. The CMO sets forth an unrealistic discovery timeline.

The CMO's discovery timeline does not allow the Unaffiliated Defendants sufficient or equal time to meet the deadlines set forth therein, particularly the deadlines for filing dispositive motions and expert reports, or to prepare their defense and settlement strategies. ARL's specific objections to the timeframe in the CMO are set forth below.

The CMO orders that fact discovery of Unaffiliated Defendants will be returnable by July 30, 2013. ARL proposes that, if it must produce fact discovery, it should also be entitled to fact discovery from the other parties and non-party entities. Moreover, if ARL is served with discovery, there is no reason why the standard timelines set forth in the Federal Rules of Civil Procedure should not be followed. At the very least, the time for returning discovery should be contingent on the date that it is served and not arbitrarily set by the Plaintiffs.

The CMO compels certain defendants, including ARL to participate in on or before August 15, 2013 which timeframe. ARL requires certain discovery from other defendants, entities, and Plaintiffs before it will be able to meaningfully participate in a deposition. Moreover, ARL and its counsel have limited availability leading up to this timeframe due to conflicts in their schedule which have already been raised to the Plaintiffs. The combination of the accelerated document request and the short time to prepare for deposition with such short notice during the summer vacation season places an undue burden on ARL and its counsel. The

5

CMO suggests that the Plaintiffs' Steering Committee will consult with Liaison Defense Counsel in scheduling depositions, but to ARL's knowledge, there is no Liaison Defense Counsel yet appointed that is tasked with coordinating with the Unaffiliated Defendants.

ARL asks that the Court not compel it to participate in a deposition or produce documents until it is able to adequately prepare to do so.  Moreover, ARL requests that the Court require Plaintiffs to provide ARL with meaningful access to portions of the joint document depository and the Plaintiff's Profile Sheets at least 30 days in advance of its deposition.  In addition, ARL asks that the Court (1) limit the nature and scope of any deposition that Plaintiffs are allowed to take considering that ARL has not had the opportunity to develop certain aspects of its defense that could impact how the deposition proceeds; and (2) limit the documents that Plaintiffs are allowed to obtain to documents and testimony that relate to ARL's testing of NECC MPA products tested from May 2012 through December 2012.   Requests for testimony or materials beyond that scope are merely fishing expeditions that are not calculated to lead to the discovery of admissible evidence.

ARL further requests that the Court not compel it to participate in a deposition on a certain date prior to August 15, 2013, but that, instead, it require the parties to agree on a date, time, and location that are mutually convenient.  If the Court prefers to set a timeframe within which the deposition must be conducted, ARL proposes that the Court expand the timeframe and allow the parties to identify agreeable dates.

The CMO, on page 19, allows for case specific discovery of Plaintiffs to begin in Fall 2013 and then requires summary judgment briefing and expert report exchange to take place also in Fall 2013.  Footnote 4 expressly exempts NECC and the Affiliated Defendants from this process.  This timeframe and, more importantly, the exemption of NECC and the Affiliated

Defendants from participating in any discovery exchange, inequitably allow Plaintiffs many more months to prepare their cases than that which is allowed for the Unaffiliated Defendants. Further, it expressly precludes the Unaffiliated Defendants from gaining access to information from Plaintiffs and the Affiliated Defendants that is critical to their defense.  In this respect, the CMO does not account for the fact that ARL and other Unaffiliated Defendants require discovery from the Affiliated Defendants and other parties, including NECC, in order to prepare any defense and particularly to prepare any expert reports or dispositive motions.  Moreover, the limited information that the Unaffiliated Defendants are allowed to access will be provided within a condensed timeframe that does not allow adequate time to process the large amounts of information that will be received regarding the many different Plaintiffs.  The inequities have particularly grave impact on ARL because, at this time, ARL is a defendant in sic (6) lawsuits, all of which involve some combination of the Affiliated Defendants as co-defendants.

     ARL proposes that the discovery process be fair and mutual.  ARL should be allowed to obtain discovery at the same time as the other parties in the cases pending against it.  If Plaintiffs and Affiliated Defendants are seeking a discovery stay while they try to settle this matter, they should not be able to use that stay as a weapon with which they can postpone providing ARL with necessary information while at the same time building their cases against ARL.  If the Court is inclined to allow Plaintiffs unreciprocated discovery, it should be limited and ARL requests access to discovery from other defendants and entities, including the Affiliated Defendants, well in advance of mediation or any deadline for filing dispositive motions or expert reports.  With respect to the Expert reports, there is no apparent reason why the deadline should not be set according to the Federal Rules of Civil procedure.

IV. **Request for Relief**

WHEREFORE, for the reasons discussed here, ARL respectfully requests that this honorable Court (1) issue a Protective Order, and/or (2) enter a Revised CMO that provides for mutual, reciprocal, fair, and just discovery and settlement processes.

Respectfully submitted,

**ARL BIOPHARMA, INC. d/b/a
ANALYTICAL RESEARCH LABORATORIES**

By its attorneys,

*/s/ Kenneth B. Walton*
_____
Kenneth B. Walton, BBO #562174
kwalton@donovanhatem.com
Kristen R. Ragosta, BBO #664362
kragosta@donovanhatem.com
DONOVAN HATEM LLP
Two Seaport Lane, 8th Floor
Boston, MA  02210
Tel:  (617) 406-4500
Fax: (617) 406-4501

Dated:  July 10, 2013

## CERTIFICATE OF SERVICE AND RULE 26(c)(1) CONFERENCE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on July 11, 2013 using the ECF system that sent notification of this filing to all ECF— registered counsel of record via e-mail generated by the Court's ECF system.

This is to further certify, that, on Tuesday, June 18, 2013, counsel for ARL conferred in good faith the counsel for the Plaintiffs' Steering Committee in an effort to resolve this dispute without court action.

*/s/ Kristen R. Ragosta*

*Attorney for ARL Bio Pharma, Inc. d/b/a
Analytical Research Laboratories*

01539208.DOC