UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING :
PHARMACY, INC. PRODUCTS :
LIABILITY LITIGATION :
 :
_____ : MDL NO.: 2419
 : DKT. NO.: 1:13-md-2419(FDS)
THIS DOCUMENT RELATES TO: :
 :
All Actions :
 :
_____ :

### FORSYTH STREET AMBULATORY SURGERY CENTER, LLC's OBJECTIONS TO PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA AND NOTICED DEPOSITION OF A FORSYTH STREET REPRESENTATIVE

COMES NOW Forsyth Street Ambulatory Surgery Center, LLC, a non-party to this litigation, and submits this objection to the subpoena of Plaintiffs' Steering Committee ("PSC") on the grounds that (1) the qualified protective order was not served with the subpoena; (2) the subpoena does not comply with the qualified protective order entered by this Court and seeks information and material outside the scope of the qualified protective order; (3) the witness fee was not provided to Forsyth Street Ambulatory Surgery Center, LLC, a non-party to this action; and (4) the subpoena is unduly burdensome and overly broad as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Statement of Facts

On June 21, 2013, Mr. Thomas M. Sobol wrote Forsyth Street Ambulatory Surgery Center, LLC, claiming that he and the Plaintiffs' Steering Committee had "designated Patrick T. Fennell to handle day-to-day litigation against Forsyth Street Ambulatory Surgery Center, LLC." (Ex. A, p. 2.) Mr. Sobol's June 21, 2013 letter enclosed a copy of a subpoena signed by Patrick T. Fennell setting the July 15, 2013 deposition of a Forsyth Street Ambulatory Surgery Center, LLC representative and demanding the production of numerous documents. (Ex. A.) By

1

separate letter, on June 25, 2013, Mr. Patrick T. Fennell sent a copy of Judge Saylor's Order on Enforcement of Subpoenas and Judge Saylor's Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information. (Ex. B.) Mr. Fennell's June 25, 2013 letter did not contain a subpoena.

To date, no lawsuit has been filed against Forsyth Street Ambulatory Surgery Center, LLC, arising out of the administration of NECC products.

1.  Mr. Fennell's Subpoena should not be enforced because it was not served properly with the applicable qualified protective order.

The June 21, 2013 subpoena, signed by Mr. Fennell and mailed as a copy by Mr. Sobol did not append the June 21, 2013 Qualified Protective Order as required by that protective order. (Ex. A; Doc. 192 ¶15.)

2.  Mr. Fennell's Subpoena should not be enforced because the subpoena does not comply with the qualified protective order entered by this Court and seeks information and material outside the scope of the qualified protective order.

This Court's June 21, 2013 Qualified Protective Order ("QPO") provides that "[t]he information requested and produced shall be limited to the names of patients that have been identified as receiving NECC solutions, medications or compounds from January 2011 – November 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions." Despite the limitations presented in this Court's QPO, the June 21, 2013 subpoena requests documents related to the purchase of methylprednisolone acetate going back to October 6, 2007. (Ex. A, "Exhibit B to

Subpoena" ¶2.) Furthermore, the subpoena seeks documents going back to October 6, 2010. (Ex. A, "Exhibit B to Subpoena" ¶¶1, 3-7, 9.) Many requests in the subpoena have no time limit at all. (Ex. A, "Exhibit B to Subpoena" ¶¶8, 10-16, 20-21.) Others seek information for the full calendar years 2011 and 2013. ((Ex. A, "Exhibit B to Subpoena" ¶¶ 17-19.) Finally, the Vendor contemplated in the QPO has not been identified. (Ex. A; Doc. 192 ¶3.) As a result, Forsyth Street Ambulatory Surgery Center, LLC, objects to the subpoena in its entirety.

3. <u>Mr. Fennell's Subpoena should not be enforced because the witness fee was not provided to Forsyth Street Ambulatory Surgery Center, LLC, a non-party to this action.</u>

The Proof of Service portion of Mr. Fennell's June 21, 2013 Subpoena for a deposition and the production of documents was not completed as required by the Federal Rules of Civil Procedure. (Ex. A.) Additionally, no fee was provided to Forsyth Street Ambulatory Surgery Center, LLC, an entity that is not a party to this action.

4. <u>Mr. Fennell's Subpoena should not be enforced because the subpoena is unduly burdensome and overly broad seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.</u>

It is of the utmost importance that it be clear that Forsyth Street Ambulatory Surgery Center, LLC, is a non-party to this action and has not been sued by any plaintiff claiming he or she was a victim of the fungal meningitis outbreak. Still, even though there is no meningitis litigation involving a Forsyth Street Ambulatory Surgery Center, LLC, patient, the PSC seeks information concerning Forsyth Street's purchases from various pharmacies. (Ex. A, "Exhibit B to Subpoena".) The PSC seeks "all documents . . . containing communications [with] any federal or state agency . . . in connection with the procurement of products from any compounding pharmacy," "any and all policies of insurance, including without limitation of the foregoing, professional liability, malpractice, products liability, general liability, and comprehensive or umbrella policies," "Articles of Incorporation and/or By-Laws," a list of all

officers and directors of Forsyth Street, and the identity of anyone with an ownership interest in Forsyth Street (Ex. A, "Exhibit B to Subpoena" ¶¶6, 11, 17-21.) Simply put, Plaintiffs' Steering Committee is on a fishing expedition.

"The somewhat limited case law concerning non-party production of discovery materials reveals there is a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by the requests and the particularity with which the documents are described against the burden imposed on a person ordered to produce the desired information." *United Technologies Corp. v. Mazer*, 05-80980-CIV, 2007 WL 788877 (S.D. Fla. Mar. 14, 2007); *See, e.g., Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985) [1]; *American Electric Power Co., Inc. v. United States*, 191 F.R.D. 132 (S.D.Oh.1999). "Courts must also consider the status of a witness as a non-party when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure." *Id.*; American *Electric,* 191 F.R.D. at 136."

A non-party can object on the grounds of relevance. *Id.* In the matter at hand, the PSC seeks information concerning the corporate structure of Forsyth Street Ambulatory Surgery Center, LLC, its insurance information, the identity of all its owners, and other documents and pieces of information concerning purchases from medical suppliers or pharmacies that have nothing to do with any suit that is part of the MDL. These documents simply are not at all relevant to the proceedings. There is no suit against Forsyth Street Ambulatory Surgery Center, LLC, so the nature of its insurance, the identification of its owners, and the nature of its

---

[1] This Court sits as a judge of the Federal District Court for the Middle District of Georgia for purposes of this objection. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006).

4

corporate structure are not relevant to the pending actions. Plaintiffs' requests are facially overbroad and should not be enforced against Forsyth Street Ambulatory Surgery Center, LLC.

For these reasons, Forsyth Street Ambulatory Surgery Center, LLC, asks that this Court quash or modify the subpoena in accordance with Forsyth Street Ambulatory Surgery Center, LLC,'s objections.

Respectfully submitted this 9th day of July, 2013.

Emmitte H. Griggs
Ga. Bar No. 312085
3920 Arkwright Road Suite 405
Macon, Georgia 31210
Ph:   478-745-1181
Fax:  478-746-9479
sharden@chrkglaw.com

Jason D. Lewis
Ga. Bar No. 197856
3920 Arkwright Road Suite 405
Macon, Georgia 31210
Ph:   478-745-1181
Fax:  478-746-9479
jlewis@chrkglaw.com

### CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was served on Lead Counsel for the PSC and Attorney Patrick Fennell by Certified U.S. Mail with sufficient postage to ensure delivery this 9th day of July 2013.

Thomas Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016

/s/ Jason D. Lewis
Jason D. Lewis