UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION* | MDL No. 2419<br>Master Docket No. 1:13-md-2419-FDS<br><br>**PLAINTIFFS' RESPONSE TO BALTIMORE PAIN MANAGEMENT CENTER'S OBJECTION TO AND MOTION TO QUASH PLAINTIFFS' SUBPOENA TO TESTIFY AND TO PRODUCE DOCUMENTS** |
| THIS DOCUMENT RELATES TO:<br><br>All Actions. | |

Plaintiffs in the above-captioned matter, by and through undersigned counsel, hereby respectfully submit the following Response to Baltimore Pain Management Center's Objection to and Motion to Quash Plaintiffs' Subpoena to Testify and to Produce Documents, stating as follows:

**I.      Plaintiffs Agree to Continue the Deposition of Baltimore Pain Management Center.**

As a preliminary matter, Plaintiffs have agreed that no deposition of Baltimore Pain Management Center will be taken pursuant to the June 21, 2013 subpoena unless some unusual circumstance arises making it necessary to do so, such as (without limitation) the failure of Baltimore Pain Management Center to cooperate in the production of documents pursuant to subpoena.

**II.     Plaintiffs' Subpoena Complies with the Court's Subpoena Order, Dkt. 192.**

Baltimore Pain Management Center seeks to distort the intent of the Court's Subpoena Order by arguing that it should not have to comply with the subpoena unless and until it is a

Defendant in the litigation. See Objection, Dkt. 254, at pp. 2- 3. The Court's Subpoena Order does not require the names of Plaintiffs to be provided to the non-party clinic before the clinic is required to comply with the subpoena; rather the Order provides that the information requested of and produced by the clinic should be limited to patients that the clinic has identified as receiving NECC solutions, medications or compounds. Court's Subpoena Order, Dkt. 192 at ¶ 2. Moreover, undersigned counsel has since informed counsel for Baltimore Pain Management Center that at least two Plaintiffs represented by undersigned counsel received contaminated injections from Baltimore Pain Management Center in July and August, 2012. Accordingly, Baltimore Pain Management's objection that it is "unaware of any patient in its facility who is a plaintiff (or otherwise a party) in the MDL litigation" is no longer accurate, but more importantly, it is not a condition of responding to the subpoena. See Objection, Dkt. 254 at p. 3.

### III. Complying with Plaintiffs' Subpoena is neither Unduly Burdensome nor Unreasonable.

This Court has entered a protective order and has appointed a HIPAA-Compliant vendor to allow clinics to safeguard their patients' privacy rights and to avoid the risk of improper disclosure. See Court's Subpoena Order, Dkt. 192, ¶¶ 2-7; Affidavit of Brian Osborne of Rust/Omni, Dkt. 224-1 at p. 2 (containing a list of eight cases where Rust successfully used a similar HIPAA-compliant document collection protocol and repository); Corrected Notice of Identification of Document Repository Vendors, Dkt. 237.

Baltimore Pain Management Center has failed to specify any additional measures it will be required to take in order to further safeguard its patients information; nor has Baltimore Pain Management Center specified any costs associated with the production. See *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008) (noting that "if the lawyer had

paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver"); *see also Beverly v. Depuy Orthopaedics, Inc.,* No. 3:07–CV–137 AS, 2008 WL 45357, at *2 (N.D.Ind.2008) ("An underdeveloped argument, or argument not raised at all, is a waived argument."); *DL v. District of Columbia,* 251 F.R.D. 38, 43 (D.D.C.2008) ("When faced with general objections, the applicability of which to specific document requests is not explained further, '[t]his Court will not raise objections for [the responding party],' but instead will 'overrule[ ] [the responding party's] objection[s] on those grounds.' ") (quoting *Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.,* 242 F.R.D. 1, 12 (D.D.C.2007)).

Particularly given that there is HIPAA-Compliant system in place that is designed to allow for electronic production of documents and information,[1] the facility's objection that complying with the subpoena is unduly burdensome or unreasonable is without merit. Moreover, as explained in section II, above, the absence of any claims by Baltimore Pain Management Center's patients, is not a proper reason to refuse to comply with Plaintiffs' non-party subpoena, particularly in this situation where undersigned counsel is representing two clients who received contaminated injections from the facility, and where counsel has since communicated as much to counsel for Baltimore Pain Management Center.

**IV.     Baltimore Pain Management Center's General Objections to Plaintiffs' Subpoena Fail to Establish a Proper Basis for Failing to Produce Documents.**

---

[1] Rust is creating a secure, case-specific, and HIPAA-compliant repository that will function similar to an FTP upload site but with nuanced security features, such as a secure registration process, a password-email verification at each occurrence of login, and a preset virtual data room where only that clinic's documents may be uploaded and viewed by the clinic-user. In the event that a clinic wishes to produce hard copies, they may be mailed to the address above for scanning and upload to the repository. Rust will maintain hard copies in a secure file room after upload.

Baltimore Pain Management Center's filing consists in nearly every instance of a laundry list covering virtually the entire sweep of the Federal Rules of Civil Procedure. The fact that, in nearly every instance, Baltimore Pain Management Center has failed to state the basis for any of the objections lodged with any specificity only emphasizes that they lack even arguable merit. See *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005) ("These are classic boilerplate objections of the type that have been condemned by courts and commentators for years because they fail to particularize the basis for the objections, and inevitably result in delay and expense, and promote disputes between counsel that require court resolution.")

Plaintiffs' subpoena is limited in scope and is designed to discover documents and information directly related to the facility's purchase and delivery via injection of NECC's solutions, medications, or compounds from January 2011 through November 2012, for the purpose of investigating, litigating and resolving potential claims involved in this litigation, which is completely appropriate. See Court's Subpoena Order at ¶¶ 2, 6.

Despite this, Baltimore Pain Management Center raises objections ranging from attorney client privilege to privacy concerns, to overly burdensome and unreasonable. However, without pointing to any specific examples or authority, these objections are meritless.

First, Plaintiffs' subpoena does not call for production of documents that are subject to attorney-client privilege and work product protection, and, although it asserts such objection to complying with the subpoena, *see* Objection, Dkt. 254 at p. 5, Baltimore Pain Management Center has failed to point to any specific request that would require such production. Moreover, Plaintiffs' subpoena seeks documents and information within the scope and time frame set forth in the Order, despite Baltimore Pain Management Center's bald assertions to the contrary. Without specific explanation as to how Plaintiffs' subpoena exceeds the scope of the Court's

Order, the facility has failed to meet its burden in objecting to Plaintiffs' subpoena. See Objection, Dkt. 254 at p. 5. Plaintiffs' subpoena seeks documents and information directly related to the facility's purchase and delivery via injection of NECC's solutions, medications, or compounds from January 2011 through November 2012, for the purpose of investigating, litigating and resolving potential claims involved in this litigation, which is completely appropriate and within the scope of the Court's Order. Dkt. 192 at ¶¶ 2, 6.

Second, given the protections provided by the Court's protective order and the appointed HIPAA-Compliant vendor, Baltimore Pain Management Center has failed to specify the resources, time and expense that would make compliance with the subpoena unduly costly or burdensome. Without such specificity, the facility has failed to lodge a meaningful objection.

Third, Baltimore Pain Management Center's objections that items 18-21 are over-reaching and are not relevant to the above-captioned litigation, are without merit, as the facility has failed to offer any specific explanation in support of its objection.[2] Similarly, the facility has failed to explain how items 10, 11 are overbroad. The fact that they are not confined or connected to any particular date or dates does not make them irrelevant to the issues in the litigation. Items 10 and 11 seek information relevant to notice to the facility of quality assurance concerns about NECC's products. This information has been reasonably determined by lead counsel and the PSC necessary to the prosecution and resolution of these actions. Similarly, the facility objects to items 8 and 16 as attempting to shift the burden of proof from the Plaintiffs to the non-party. Objection, Dkt. 254 at p. 7. The facility has failed to explain how this request seeks to shift any burden of proof, nor does the facility cite to any authority in support of such objection. Moreover, these requests are specifically regarding NECP, and are requested for the purpose of

---

[2] To the extent that "Name of Target Healthcare Provider" is confusing, Plaintiffs agree to Amend the subpoena's request for production of documents to refer directly to Baltimore Pain Management Center. See Objection, Dkt. 254 at p. 5.

investing and resolving potential claims in this litigation in accordance with the Court's Order. Dkt. 192 at ¶ 6.

Baltimore Pain Management Center's objections that items 1, 3, 4, 5, 6, 7, 9, 13, 14, 15, are more appropriately requested from the NECP than from a nonparty are not a proper basis for failing to respond to discovery.  The fact that similar categories of information may be available from a party in the litigation does not preclude plaintiffs from seeking related information from a non-party, where Baltimore Pain Management has failed to show that "(i) the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive ... [or] (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(c).  Here, Baltimore Pain Management Center has failed to lodge a supported objection as to why it would be unduly burdensome or costly to comply with the subpoena and produce the documents and information requested.

Finally, the only two requests that Baltimore Pain Management Center offers any explanation in support of relate to requests numbers 6 and 17.  With respect to request No. 6, despite the fact that this request seeks exactly the information detailed in paragraph 2 of the Court's Subpoena Order (the same paragraph Baltimore Pain Management Center quotes on pages 1 and 2 of its Objections), Baltimore Pain Management argues without authority that because it is not a defendant in the litigation and because it was not aware at the time the subpoena was issued of patients who received contaminated injections from the facility that it should not have to respond to the subpoena. See Objections, Dkt. 254 at p. 7.  As this request falls directly within scope of the Court's Subpoena Order, Dkt. 192 at ¶ 2, and as the facility has

failed to specify how responding to such a request is unduly burdensome, Baltimore Pain Management Center's objections are without merit.

With regard to request number 17, which seeks documents and information related to Baltimore Pain Management Center's insurance coverage, this request falls within the scope of the Court's Order, in that it is information that lead counsel and the PSC has reasonably determined necessary to the prosecution and resolution of these actions." Dkt. 192 at ¶ 2. Part of lead counsel's and the PSC's responsibility in this litigation is to identify potential claimants, and what policies exist for those claimants, including how they are impacted by attorney fees and notice provisions. Accordingly, identifying potential coverage issues for those claimants goes is appropriate and in accordance with the purpose of investigating, litigation and resolving potential claims in the litigation. See Order, Dkt. 192 at ¶ 6. Even if Baltimore Pain Management Center has not been, whether the facility is covered by a wasting policy that will ultimately deprive the victims in this litigation is relevant and appropriately discoverable.

## V.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court over-rule Baltimore Pain Management Center's objections to Plaintiffs' Subpoena Duces Tecum, and deny the Motion to Quash.

Dated:  July 12, 2013                                     Respectfully Submitted,

/s/ Elisha N. Hawk
Elisha N. Hawk
USDC-MD Bar # 29169
Janet, Jenner & Suggs, LLC
1777 Reisterstown Road, Ste. 165
Baltimore, MD 21209
410-653-3200, ext 1003
ehawk@myadvocates.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of July, 2013, a copy of the foregoing was served via United States Mail and/or CM/ECF upon all counsel of record, including:

Michelle J. Marzullo
600 Baltimore Avenue, Suite 305
Towson, MD 21204
*Attorneys for Respondent Baltimore Pain Management Center*
mmarzullo@moodklaw.com

/s/ Elisha N. Hawk
Elisha N. Hawk, Esq.