UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Docket No. 1:13-md-2419-FDS<br><br>**PLAINTIFFS' RESPONSE TO THOREK MEMORIAL HOSPITAL'S OBJECTIONS TO AND MOTION TO QUASH PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA, NOTICE, AND DOCUMENT REQUESTS** |
| THIS DOCUMENT RELATES TO:<br><br>All Actions. | |

Plaintiffs in the above-captioned matter, by and through undersigned counsel, hereby respectfully submit the following Response to Thorek Memorial Hospital's Objections to and Motion to Quash Plaintiffs' Steering Committee's Subpoena, Notice, and Document Requests, stating as follows:

**I.   Plaintiffs Properly Served Thorek Memorial Hospital with the Subject Subpoena.**

As a preliminary matter, Plaintiffs properly served Thorek Memorial Hospital ("Thorek") with the Plaintiff Steering Committee's Subpoena. Contrary to Thorek's assertions, Rule 45 does not preclude service by certified mail. See *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) ("We see no reason to inflate the costs of litigation by ruling out this sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result.") In addition, Plaintiffs have agreed that no deposition of Thorek will be taken pursuant to the June 21, 2013 subpoena unless some unusual circumstance arises making it necessary to

do so, such as (without limitation) the failure of Thorek to cooperate in the production of documents pursuant to subpoena. Accordingly, the fact that no fee was included with the subpoena is not a fatal flaw warranting quashing the subpoena. Fed. R. Civ. P. 45 (b) (1) (providing that tendering the fees for 1 day's attendance is required <u>if</u> the subpoena requires that person's attendance).

## II. Illinois Law Allows for Production of Medical Records.

This Court has entered a protective order and has appointed a HIPAA-compliant vendor to allow clinics to safeguard their patients' privacy rights and to avoid the risk of improper disclosure. See Court's Subpoena Order, Dkt. 192, ¶¶ 2-7; Affidavit of Brian Osborne of Rust/Omni, Dkt. 224-1 at p. 2 (containing a list of eight cases where Rust successfully used a similar HIPAA-compliant document collection protocol and repository); Corrected Notice of Identification of Document Repository Vendors, Dkt. 237. Moreover, the Northern District of Illinois has already approved the collection of HIPAA related documents and information under similar circumstances. *See* Affidavit of Brian Osborne of Rust/Omni, Dkt. 224-1 at p. 2 (identifying *In Re Artra Group, Ltd.*, Case No. 02-A 01086, United States Bankruptcy Court Northern District of Illinois, Eastern Division as a matter in which the Court approved Rust/Omni as the HIPAA-compliant vendor).

Thorek has failed to specify any additional measures it will be required to take in order to further safeguard its patients' information; nor has Thorek specified any costs associated with the production. See *Silverman v. Motorola, Inc.*, 07 C 4507, 2010 WL 4659535 at *2 (N.D. Ill. June 29, 2010); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008) (noting that "if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should

have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver"); *see also Beverly v. Depuy Orthopaedics, Inc.,* No. 3:07–CV–137 AS, 2008 WL 45357, at *2 (N.D.Ind.2008) ("An underdeveloped argument, or argument not raised at all, is a waived argument."); *DL v. District of Columbia,* 251 F.R.D. 38, 43 (D.D.C.2008) ("When faced with general objections, the applicability of which to specific document requests is not explained further, '[t]his Court will not raise objections for [the responding party],' but instead will 'overrule[ ] [the responding party's] objection[s] on those grounds.' ") (quoting *Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.,* 242 F.R.D. 1, 12 (D.D.C.2007)).

Particularly given that there is HIPAA-Compliant system in place that is designed to allow for electronic production of documents and information,[1] the facility's objection that complying with the subpoena is unduly burdensome or unreasonable is without merit.

### III. Thorek's General Objections to Plaintiffs' Subpoena Fail to Establish a Proper Basis for Failing to Produce Documents.

Thorek's filing consists in nearly every instance of a laundry list covering virtually the entire sweep of the Federal Rules of Civil Procedure. The fact that, in nearly every instance, Thorek has failed to state the basis for any of the objections lodged with any specificity only emphasizes that they lack even arguable merit. *F.T.C. v. Trudeau*, 03 C 3904, 2013 WL 842599 at *4 (N.D. Ill. Mar. 6, 2013); *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005) ("These are classic boilerplate objections of the type that have been condemned by courts and commentators

---

[1] Rust is creating a secure, case-specific, and HIPAA-compliant repository that will function similar to an FTP upload site but with nuanced security features, such as a secure registration process, a password-email verification at each occurrence of login, and a preset virtual data room where only that clinic's documents may be uploaded and viewed by the clinic-user. In the event that a clinic wishes to produce hard copies, they may be mailed to the address above for scanning and upload to the repository. Rust will maintain hard copies in a secure file room after upload.

for years because they fail to particularize the basis for the objections, and inevitably result in delay and expense, and promote disputes between counsel that require court resolution").

Plaintiffs' subpoena is limited in scope and is designed to discover documents and information directly related to the facility's purchase and delivery via injection of NECC's solutions, medications, or compounds from January 2011 through November 2012, for the purpose of investigating, litigating and resolving potential claims involved in this litigation, which is completely appropriate. See Court's Subpoena Order at ¶¶ 2, 6.

Despite this, Thorek raises objections ranging from attorney client privilege and privacy concerns, to objections based on relevance, breadth, reasonableness, and unduly burdensome. However, without pointing to any specific examples, these objections are meritless.

First, Plaintiffs' subpoena does not call for production of documents that are subject to attorney-client privilege and work product protection, and, although it asserts such objection to complying with the subpoena, *see* Objections, Dkt. 244 at p. 9, Thorek has failed to point to any specific request that would require such production, but instead cites generally to Exhibits B and C to its Objections. Plaintiffs' subpoena seeks documents and information within the scope and time frame set forth in the Order, despite Thorek's bald assertions to the contrary. Without specific explanation as to how Plaintiffs' subpoena exceeds the scope of the Court's Order, the facility has failed to meet its burden in objecting to Plaintiffs' subpoena. See Objections, Dkt. 244 at p. 8; again citing generally to Exhibits B and C and failing to identify any specific objectionable request. Plaintiffs' subpoena seeks documents and information directly related to the facility's purchase and delivery via injection of NECC's solutions, medications, or compounds from January 2011 through November 2012, for the purpose of investigating,

litigating and resolving potential claims involved in this litigation, which is completely appropriate and within the scope of the Court's Order. Dkt. 192 at ¶¶ 2, 6.

Second, given the protections provided by the Court's protective order and the appointed HIPAA-Compliant vendor, Thorek has failed to specify the resources, time and expense that would make compliance with the subpoena unduly costly or burdensome. See Objections, Dkt. 244 at p. 8. Without such specificity, Thorek has failed to lodge a meaningful objection. *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Third, Thorek's objections that the subpoena is overly broad, unreasonable and not relevant to the above-captioned litigation, are without merit, as Thorek has failed to offer any specific explanation in support of its objection. Citing generally to Exhibits B and C to its Objections, Thorek has failed to specify any specific request that is objectionable or to offer any legitimate basis for its objections. The information sought in the Subpoena has been reasonably determined by lead counsel and the PSC necessary to the prosecution and resolution of these actions. Dkt. 192 at ¶¶ 2, 6. In addition fact that similar categories of information may be available from a party in the litigation does not preclude plaintiffs from seeking related information from a non-party, where Thorek has failed to show that "(i) the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive ... [or] (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(c). Moreover, Thorek objects because it is a nonparty, stating that "there has been no indication that any plaintiff in the MDL was a patient at Thorek during the relevant time period;" however, Thorek fails to cite to any authority in support of such

objection.  Thorek has failed to lodge a supported objection as to why it should not be required to comply with Plaintiffs' Subpoena.

### IV.    Awarding Costs Under Rule 45 (c) is not Warranted and would be Unjust.

Despite the fact that Thorek has failed to specify a single objectionable request in Plaintiffs' subpoena, Thorek has moved this Court for an award of costs.  Even in its argument for costs, Thorek argues without the slightest hint of specificity that "because PSC has failed to take reasonable steps to avoid undue burden and expense Thorek is entitled to reasonable costs and fees."  Objections, Dkt. 244 at p. 9.  Thorek has offered no argument in support of its request for costs, and has failed to state how the PSC has failed to take reasonable steps to avoid undue burden and expense.  Under these circumstances, an award of costs would be unjust.[2]

### V.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court over-rule Thorek Memorial Hospital's Objections to Plaintiffs' Steering Committee's Subpoena, Notice, and Document Requests and deny the Motion to Quash.

Dated:  July 12, 2013                                  Respectfully Submitted,

/s/ Elisha N. Hawk
Elisha N. Hawk
USDC-MD Bar # 29169
Janet, Jenner & Suggs, LLC
1777 Reisterstown Road, Ste. 165
Baltimore, MD 21209
410-653-3200, ext 1003
ehawk@myadvocates.com

---

[2] Of note, the case Thorek relies upon in support of its request for costs is inapposite where it involved a year-long battle and costs over $200,000.  *See Builders Ass'n of Greater Chi.*, 2002 U.S. Dist. LEXIS 8461, 2002 WL 1008455 at *3.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 12th day of July, 2013, a copy of the foregoing was served via United States Mail and/or CM/ECF upon all counsel of record, including:

Scott C. Bentivenga
Kip J. Adams
Thomas J. Schlesinger
Kevin M. Coffey
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite 2100
New York, New York 10005
thomas.schlesinger@lewisbrisbois.com

              /s/ Elisha N. Hawk
              Elisha N. Hawk, Esq.