UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC, PRODUCTS LIABILITY LITIGATION | |
| | MDL No. 2419 |
| | Master Dkt: 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO: | |
| All Actions | |

**NEUROMUSCULAR AND REHABILITATION ASSOCIATES OF NORTHERN MICHIGAN ("NRANM") OBJECTIONS TO THE PLAINTIFFFS' STEERING COMMITTEE'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

NOW COMES Neuromuscular and Rehabilitation Associates of Northern Michigan ("NRANM") by and through its attorneys, Hackney, Grover, Hoover and bean, PLC, and submits the following objections to this subpoena served upon NRANM on June 26, 2013, requesting the production of documents and things. NRANM asks that the subpoena be quashed or modified pursuant to FRCP 26 and 45(c)(3) for the reasons discussed below.

**STATEMENT OF FACTS**

NRANM is a Michigan company that operates a rehabilitation clinic in Michigan. NRANM is **not** a party to this multi-district litigation ("MDL"), but is presently a Defendant in one state court action and a Respondent named in Notices of Intent involving allegations relating to the administration of methylprednisolone acetate ("MPA") purchased from the New England Compounding Pharmacy (hereinafter referred to as "NECC"). Importantly,

HG
HB

upon information and belief the alleged NECC contaminated MPA was only allegedly administered between August 13, 2012 and September 26, 2012.

On June 26, 2013, the plaintiff's steering committee ("PSC") for the above captioned matter served a subpoena on NRANM demanding production of 21 separate categories of documents/information. (A copy of the subpoena and the exhibit to the subpoena is attached as Exhibit 1.) The subpoena requires NRANM to produce these demanded documents on July 15, 2013 in Southfield, Michigan. NRANM objects to this subpoena for the reasons discussed below.

## ARGUMENT

### A.  Relevant Standards Of Review

FRCP 45(c)(3) permits this Court to quash or modify a subpoena that fails to allow reasonable time to comply, requires the disclosure of privileged or protected matter, or subjects a party to undue burden.

FRCP 26(b)(1) limits the scope of discovery to non-privileged matters that are relevant to a party's claim or defense.

### B.  Objections

#### 1.  The Subpoena Does Not Comply With The Qualified Protective Order Issued By This Court.

On June 21, 2013, this court entered an "Order Granting Plaintiffs Leave To Serve Subpoenas And Qualified Protective Order Regarding Protection Of Health Information." In the Order, this Court provides a specific description of the documents that may be subpoenaed by the PSC. The order provides:

> 2. The information requested and produced **shall be limited to** the names of patients that have been identified as receiving NECC solutions, medications or compounds **from January 2011-November 2012**, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or

2

compound, including lot number, the hospital or healthcare facilities NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities NECC product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determined necessary to the prosecution and resolution of **these** actions. (Emphasis added.) (See this court's June 21, 2013 Order, Dkt No. 192, at ¶ 2)

The subpoena issued by the PSC far exceeds what is permitted by the Court's Order. By way of example and not limitation, the Court Order permitted the discovery of patient names and NECC purchase records related to those patients for the period of January 2011 through November 2012, yet the subpoena issued by the PSC seeks documents outside the timeframe allowed by the Court's Order (See exhibit A to subpoena at ¶ ¶ 1, 3, 4, 5, 6, 7 and 9) and one request seeks records as far back as October 6, 2007 (see Exhibit 1, that includes exhibit A to subpoena at ¶ 2).

Moreover, the subpoena goes well beyond seeking the names of patients and records reflecting the purchase of the medications from NECC. The subpoena demands all internal and external communications by NRANM relating to complaints of adverse effects of medication from NECC. (See exhibit A to subpoena at ¶ 7.) The subpoena demands a copy of all NECC marketing information in the possession of NRANM. (See exhibit A to subpoena at ¶ 12.) The subpoena demands copies of NRANM's professional liability insurance policies, corporate documents and organizational charts as well as identification of its owners. (See exhibit A to subpoena at ¶¶ 17-21.)

The PSC has abused the very limited and specific authority granted by this Court to request the names and addresses of patients who were given medications manufactured by NECC between January 2011-November 2012 and the product purchase records related to the medications used in treating those patients.

3

Not only has the PSC's subpoena clearly exceeded the scope of this Court's Order, the PSC' subpoena also fails to follow the procedural aspects of the Court's Order. Specifically, but without limitation, paragraph 3 of the Court's Order requires disclosure of the requested documents to a "third-party vendor" selected jointly by the PSC. The subpoena that was issued to NRANM, however, requires disclosure of the documents to Michigan attorney Marc Lipton, Lipton law, 18930 West Ten Mile Road, Suite 3000, Southfield, MI 48075. Attorney Marc Lipton, upon information and belief, is a member of the PSC and NRANM has not been provided with any information that would support that Mr. Lipton is the selected "third-party vendor" or that he is obligated to abide by this Court's strict requirements for confidentiality as set forth in the Court's June 21, 2013 Order.

Lastly, the PSC failed to attach a copy of the Court's June 21, 2013 Order to the subpoena as required in ¶ 15 of the Order.

### 2. The Subpoena Seeks Information That Is Clearly Irrelevant And Constitutes Nothing More Than An Improper Fishing Expedition.

FRCP 26(b)(1) limits the scope of discovery to non-privileged matters that are relevant to a party's claim or defense. The subpoena served upon NRANM seeks documents that are clearly irrelevant to the above captioned litigation; litigation to which NRANM is **not** a party. By way of example and not limitation, the subpoena demands information concerning the purchase of MPA from any manufacturer other than NECC; demands all internal and external communications by NRANM relating to complaints of adverse effects of medication; demands a copy of all marketing information from NRANM; and demands copies of NRANM's professional liability insurance policies, corporate documents and organizational charts as well as identification of the owners of NRANM. None of these documents is remotely relevant to the claims pending against NECC. The subpoena also seeks documents

HG
HB

4

relating to cardioplegic solution and ophthalmic solution. There are no claims, to this entity's knowledge, pertaining to these solutions. In addition, it should be noted that many of the patients whose information is being asked to be disclosed are not parties to the MDL. It is clear that the subpoena, for the most part, is an improper fishing expedition to obtain information concerning potential new clients for the various plaintiffs' counsel.

### 3. NRANM's Disclosure Of Patient Information Is A Violation Of Michigan Law.

MCL 600.2157 prohibits a physician from disclosing any information regarding his or her patients obtained during the course of rendering treatment. This statute provides in relevant part:

> Except as otherwise provided by law, a person duly authorized to practice medicine or surgery shall not disclose any information that the person has acquired in attending a patient in a professional character, if the information was necessary to enable the person to prescribe for the patient as a physician, or to do any act for the patient as a surgeon.

This rule of nondisclosure, which is also known as the physician-patient privilege, is only waived under very limited circumstances, such as where the patient initiates a professional malpractice claim against the physician. (e.g. MCL 600.2912f(1)).

The subpoena served upon NRANM in this action is not in relation to professional malpractice claim filed by a patient against NRANM. As noted above, NRANM is not even a party to the MDL. Accordingly, disclosure of the requested patient information without a proper release signed by the patient violates MCL 600.2157.

Further, a violation of the physician-patient privilege is not excused by the Health Insurance Portability and Accountability Act ("HIPPA"). 42 USC 1320d *et seq.* The physician-patient privilege is purely a matter of state law and is controlled by state law. See, e.g., *Baker v Oakwood Hosp. Corp.*, 239 Mich App 461, 470; 608 NW2d 823 (2000); FRE

*HG*
*HB*

5

501. In *Northwest Memorial Hosp. v Ashcroft*, 362 F3d 923, 925 (7th Cir. 2004), the Seventh Circuit expressly held that HIPAA is a procedural rule and not "an act of Congress that creates a privilege." Thus, Michigan regarding the physician-patient privilege is unaffected by HIPAA. As such, and due to the fact that the subpoena does not arise out of a situation involving a claim by a patient against NRANM, the disclosure of patient information in compliance with the subpoena issued by the PSC without a properly signed release would require NRANM to violate the physician-patient privilege created by Michigan law.

### 4. The Subpoena Is Unduly Burdensome, Overly Broad And The Time Allotted For Compliance Is Unreasonable.

The sheer volume of irrelevant, unrelated and privileged documents demanded by the PSC in its subpoena to NRANM, as discussed above, makes it unduly burdensome. In addition, the subpoena is unduly burdensome to the extent that it clearly exceeds this Court's timeframe and permitted scope of discovery as set forth in the Court's June 21, 2013 Order. Further, it is unreasonable to require NRANM to divulge, in violation of HIPAA and state law the names of patients who were never administered the alleged contaminated MPA.

In addition, the PSC has failed to provide NRANM a reasonable amount of time within which to comply with the subpoena. Pursuant to FRCP 34(b)(2)(A), a party typically gets 30 days to respond to a request for documents. Here, the subpoena was served on June 26, 2013 and demands a response by July 15, 2013. (Exhibit 2 – copy of the Proof of Service and return receipt) Thus, NRANM has only been given 19 days to respond. Even if NRANM had been given 30 days, such a timeframe is far too short for the overly broad and burdensome subpoena that was issued to NRANM.

Based on all of the above, the PSC has violated its obligation to avoid imposing an undue burden or expense on a person subject to a subpoena. FRCP 45(c)(1). Moreover, if

HG
HB

6

NRANM is required to comply with such a burdensome subpoena, it is requested that the Court impose a requirement that NRANM will be reasonably compensated for the time required to respond to the subpoena FRCP 45(c)(3)(C)(ii).

### 5. The Subpoena Was Not Properly Served.

FRCP 45(b)(1) requires service of the subpoena by "delivering a copy to the named person." The person named in the subpoena is James Mackenzie, M.D., the registered agent of NRANM. The Proof of Service, however, reflects that the subpoena was served via certified mail and was not restricted to service upon Dr. Mackenzie. Instead, the subpoena was served upon an individual in the mail room. (Exhibit 2 – copy of the Proof of Service and return receipt) Thus, service was deficient under FRCP 45(b)(1).

### CONCLUSION

Based on the foregoing, NRANM requests the Court issue an Order quashing the subpoena. In the alternative, NRANM requests the court issue an order modifying the subpoena consistent with the objections raised above, provide NRANM with a reasonable amount of time to respond to the subpoena and impose a requirement that NRANM will be reasonably compensated for the time required to respond to the subpoena.

Respectfully submitted,

**Hackney Grover Hoover & Bean, PLC**
Attorneys for NRANM

/s/ Timothy J. Dardas
By:_____
Brett J. Bean (P31152)
Timothy J. Dardas (P62094)
Business Address
1715 Abbey Road, Suite A
East Lansing, Michigan 48823
Telephone: (517) 333-0306

Dated: July 12, 2013

HG
HB

7

## CERTIFICATE OF SERVICE

    This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 12th day of July, 2013.

                                              /s/ Marcia A. Fogarty

                                              Marcia A. Fogarty

*HG*
*HB*