## <u>INDEX OF EXHIBITS</u>

Exhibit 1        Email dated June 26, 2013

Exhibit 2        Email dated March 14, 2013

Exhibit 3        Letter from John Diakun

Exhibit 4        Email dated June 27, 2013

Exhibit 5        Email dated July 2, 2013

Exhibit 6        Email dated July 3, 2013

Exhibit 7        Email dated July 12, 2013

Exhibit 8        Email dated July 12, 2013

# EXHIBIT 1

| From: | Nicole Dorman <ndorman@rosekallor.com> |
|---|---|
| Sent: | Wednesday, June 26, 2013 7:43 PM |
| To: | Jennifer E. Frushour |
| Cc: | Sobol Thomas Esq.; Zamora Mark; Marc Lipton (Marc@liptonlaw.com) |
| Subject: | RE: Subpoena to Liberty Industries |

Unfortunately, your position forces us to file the formal objections and motions to quash in order to preserve the right to recover costs.

**From:** Jennifer E. Frushour [mailto:jef@millerlawpc.com]
**Sent:** Wednesday, June 26, 2013 1:17 PM
**To:** Nicole Dorman
**Cc:** Sobol Thomas Esq.; Zamora Mark; Marc Lipton (Marc@liptonlaw.com)
**Subject:** Subpoena to Liberty Industries

Ms. Dorman,

Thank you for your prompt response. As Mr. Lipton stated, the PSC is more than willing to work cooperatively with Liberty to expedite production of the records Liberty intends to produce, and to meet and confer regarding any areas of concern Liberty may have, as to avoid unnecessarily burdening the court. Mr. Lipton will contact you directly to discuss any such concerns.

As far as the cost of producing the documents, I am sure Liberty can appreciate the significant concern the PSC has to investigate this matter by the most efficient and cost effective means possible. In that regard, the PSC is paying particularly close attention to the expenses incurred during the discovery process. As you are aware, as a subpoenaed third party, Liberty Industries, Inc. has an obligation under the Federal Rules to comply with the subpoena served upon it June 21, 2013. There is nothing in the Rules to suggest that a subpoenaing party has an obligation to finance a third party's compliance with a subpoena. However, the PSC *may* consider reimbursing Liberty for a portion of its cost once Liberty provides a detailed estimate of its costs to: 1) scan the five boxes of hard copy documents to a hard drive; 2) copy the CDs containing photographs; and 3) process any ESI data.

I am responsible for working out the details of the production, and look forward to doing so with an eye towards minimizing the costs to our clients, the parties, and the Court.

Please contact me to discuss this further.

Sincerely,

Jennifer E. Frushour, Esq.
THE MILLER LAW FIRM, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841.2200
(248) 652.2852 (fax)
jef@millerlawpc.com
www.millerlawpc.com

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Tuesday, June 25, 2013 6:23 PM

1

**To:** Nicole Dorman; Jennifer E. Frushour
**Cc:** Sobol Thomas Esq.; Zamora Mark
**Subject:** Re: Subpoena to Liberty Industries

Ms. Dorman,

I believe we can work out a protective order.  One is being entered over the next week or so relating to NECC documents, so we can probably craft one that is consistent with that.

As far as copying goes, I am cc'ing in Ms. Jennifer Frushour of the Miller Law firm. She is working with me on this matter, and she will coordinate with you the production of the documents.

Finally, if you want to let me know which requests you want narrowed or modified, I am willing to cooperate to the extent possible.

Thank you for your email. I am available tomorrow after 2pm.

Sincerely,

Marc Lipton
Lipton Law Center
(248) 557-1688
From my mobile

On Jun 25, 2013, at 4:57 PM, "Nicole Dorman" <ndorman@rosekallor.com> wrote:

> Good afternoon, Attorney Lipton.
>
> I met with the Liberty Industries employees most familiar with the 3 NECC/Ameridose projects this morning.
>
> Project 19822: an ISO 8 ante room and ISO 7 clean room were certified upon completion by an independent testing laboratory in October, 2005.
> Project 23875: an ISO 6 ante room , an ISO 7 prep room, an ISO 6 clean room and an ISO 8 freight ante room were independently certified in July, 2006.
> Project 35259: an ISO 7 ante room, an ISO 6 prep room, an ISO 5 clean room and ISO 8 freight ante room were independently certified in March 2008.
>
> Documents relating to these projects are voluminous: five oversize cardboard boxes and CDs with approximately 500 photos, so far, with email searches yet to be completed.  We are willing to make all these materials available for inspection at Liberty with copying of whatever materials the PSC identifies.  In view of the volume, I have told my client we will look to the PSC to cover the cost of copying.
>
> After certification, Liberty had no further involvement as NECC declined the additional service of training and demonstration for the purposes of ongoing maintenance.  NECC was, however, provided with the standard written guidelines for ongoing maintenance, including copies of the Liberty publications, which will be produced.  Liberty also has no knowledge as to which areas were used for which pharmaceutical compounding.  I do recall the FDA and Massachusetts investigations identified which areas were used in the preparation of the methylprednisolone, in the event that you wish to narrow the scope of the documents to be produced.

2

Finally, I will be entering a limited appearance for the purpose of moving that certain production requests be quashed or modified. Additionally, the cleanroom industry is a highly competitive one, so Liberty's methods, processes and techniques are treated as confidential, proprietary information. We will therefore seek to craft a protective order. I am anticipating that my motions will be filed in time for the court to address them during the 7/18 status conference.

Please let me know your thoughts.
Nicole


Nicole D. Dorman, Esq.
**Rose Kallor, LLP**
750 Main Street, Suite 606
Hartford, CT 06103
Telephone (860)748-4660 Ext. 25
Fax (860)241-1547
ndorman@rosekallor.com


**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Thursday, June 20, 2013 4:49 PM
**To:** Nicole Dorman
**Subject:** RE: Subpoena to Liberty Industries

for now, just respond to me; I am in touch with Tom Sobol of the PSC, and he may want the documents sent to Boston.

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

**From:** Nicole Dorman [mailto:ndorman@rosekallor.com]
**Sent:** Thursday, June 20, 2013 4:48 PM
**To:** Marc Lipton
**Subject:** RE: Subpoena to Liberty Industries

Shall we respond to all counsel listed on the certification of the motion for central enforcement of compliance with subpoenae?

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Thursday, June 20, 2013 4:32 PM
**To:** Jennifer E. Frushour; Nicole Dorman
**Subject:** Subpoena to Liberty Industries

Dear Ms. Dorman,

Thank you for promptly returning my call. I am confirming our conversation.

First, you will accept service of the subpoena for deposition and records on behalf of Liberty. My associate, Jennifer Frushour of the Miller Law Firm, will be sending you the documents via email and regular mail momentarily.

Second, the subpoena sets up a date for deposition and production of August 5, but it sounds as if you will be able to produce documents before that date. I thank you for your courtesy in that regard.

Third, after the PSC has had the opportunity to review the materials, I will let you know if/when we need to take any additional steps regarding discovery, and if so what they are. I will contact you to work out any issues.

Thank you again. If you have any questions or concerns, do not hesitate to contact me.

Sincerely,

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

# EXHIBIT 2

**From:** Jazlowiecki & Jazlowiecki [mailto:edjazlowiecki@yahoo.com]
**Sent:** Thursday, March 14, 2013 11:56 AM
**To:** Fredric Ellis
**Subject:** Nicole Dorman e-mail 2


From: Nicole Dorman <ndorman@rosekallor.com>
Subject: NECC
To: "edjazlowiecki@yahoo.com" <edjazlowiecki@yahoo.com>
Date: Tuesday, February 12, 2013, 4:08 PM

John,

Attached is a copy of NECC's floor plan for new space for which it applied for a license in 4/2011. The floor plan
the FDA report, which refers to Clean Rooms 1 and 2. Liberty had no involvement in the design, construction or in
certifications done by Scientific Air Analysis, Inc. of Ashland, MA.


Nicole D. Dorman, Esq.

**Rose Kallor, LLP**

750 Main Street, Suite 606

Hartford, CT 06103

Telephone (860)748-4660 Ext. 25

Fax (860)241-1547

ndorman@rosekallor.com

# EXHIBIT 3

# Jazlowiecki & Jazlowiecki
## Law Offices

Edward A. Jazlowiecki, Esq.
*Admitted to CT and United States Supreme Court*

Rodger W. Lehr, Jr.
*Admitted to CT, NM and ME*

Zak Aj. Jazlowiecki
*Admitted to CT, NY & Washington D.C.*

Christopher DeMatteo
*Admitted to CT and WI*

P.O. Box 9333
11 Lincoln Avenue –Suite 6
Forestville, CT  06010
Telephone: (860) 589-8000
Facsimile  (860) 585-1561
www.jazlowieckilaw.com

John P. Diakun
*Admitted to CT and MA*

*Via Fax & First Class Mail*
Nicole D. Dorman, Esq.
Rose Kallor, LLP
750 Main Street, Suite 606
Hartford, CT  06103
Fax: (860) 241-1547

RE:     *George Cary, individually and as the personal representative of the Estate of*
        *Lilian Cary v. New England Compounding Pharmacy, Inc. d/b/a New England*
        *Compounding Center, et al.,*

Dear Ms. Dorman:

        As you are aware, pursuant to a motion allowed by a Massachusetts court, we
were commissioned to take the deposition of the Keeper of the Records of your client,
Liberty Industries, Inc. ("Liberty"), in order to obtain from Liberty records in its
possession referring or relating to the clean room at New England Compounding
Pharmacy, Inc. d/b/a New England Compounding Center ("NECC").

        On February 12, 2013, you produced via e-mail a small number of documents, to
wit:

- Single page letter, dated February 11, 2011, letter from NECC to the
  Massachusetts Board of Registration in Pharmacy, with attachment consisting of
  two pages (letter and attachment marked "LIB 1" – "LIB 3");

- Eight page FDA Inspection Report, dated October 26, 2012 (marked "LIB 4" –
  "LIB 11");

- Single page "Cleanroom Certification Report" dated July 12, 2006, and attached "Certificate of Compliance" also dated July 12, 2006, for each of the following "clean zones": "Clean Room", "People's Ante Room", "Prep Room", and "Freight Ante Room" (collectively marked "LIB 12" – "LIB 16").

In your cover e-mail, you referenced the FDA Inspection Report, which, as you noted, refers to Clean Rooms 1 and 2. You also stated that "Liberty had no involvement in the design, construction or installation of these two rooms."

We believe that you were misinformed as to Liberty's involvement with Clean Rooms 1 and 2. Notwithstanding the February 11, 2011, letter from NECC to the Massachusetts Board of Registration in Pharmacy, which states in part that NECC "is updating its facility and moving into adjacent space on or about April 30, 2011[,]" Clean Rooms 1 and 2 were – and remain – the only clean rooms located on the premises. (One may "move into adjacent space" without moving one's clean rooms.) We believe this to be true based on a variety of factors, not the least of which is the court-ordered inspection of NECC's premises in December 2012, in which clean room components bearing Liberty's manufacturing stamp were photographed (see photocopied examples enclosed) and architectural drawings prepared for Liberty were photographed (see photocopied examples enclosed).

Because the physical evidence that the FDA inspection team observed in October 2012 and the physical evidence that we observed in December 2012 (bearing Liberty's manufacturing tags) are the same, we are led to believe that the Clean Rooms 1 and 2 at NECC's facility were in fact "designed, constructed or installed" by Liberty. Accordingly, we believe that Liberty possesses documents referring or relating to NECC that are reasonably calculated to lead to the discovery of admissible evidence.

You advised me on February 15, 2013, that the situation involved "a gross failure to maintain on the part of NECC" and that we "need their [i.e., NECC's] records of maintenance." While this may be true, it does not render Liberty's documents any less reasonably calculated to lead to the discovery of admissible evidence.

I have tried without success to reach you by telephone (office and cellphone numbers) on several occasions since February 15, 2013. Hence, this letter requesting that your client, Liberty Industries, Inc., comply with the subpoena and produce all responsive documents immediately. If your client's concern is that it possesses a voluminous number of responsive documents, I would be happy to work with you in categorizing the documents for a "staged" production.

Sincerely,

John F. Diakun, Esq.

Enclosures
cc: Fredric L. Ellis, Esq.



Liberty

Fan Filter Unit
AC: 120v 60 Hz 3.0 amps

Covered by one or more of the following patents
nos. 4,560,395 & 5,470,363

Liberty Industries
800.828.5656
www.liberty-ind.com

UL E213497

**PART NUMBER**

Order Number
212214

Serial Number
8310-00517-G09

Unit Model Number
MAX8005-VSCP

Date
03/2/2006

DEC 20 2012 11:30:51

00:50:16

CAUTION:





CUSTOMER: LIBERTY
JOB NAME: 697 WAVE
LOCATION: FRAMINGHAM
COLOR: WHITE

12" 11" 4' 9"

AVCON

DEC 21 2012

DWG: SAY501

JOB NO.
5435

SHEET
1

STRUCTURAL
METAL
INSERT

4 1/4" SQ.
DECORATIVE
COVER

3 1/2" SQ.
FLANGE PLATE
ASSEMBLY

REV. 1

APPROVED
JAN 2013
FOR MANUFACTURING

OMER: LIBERTY INDUSTRIES

AME: 697 WAVERLY ST.

ION: FRAMINGHAM, MA.

HARBOR MASTER

R: WHITE

DEC 21 2012 11:48

# EXHIBIT 4

| From: | Nicole Dorman <ndorman@rosekallor.com> |
|---|---|
| Sent: | Thursday, June 27, 2013 3:34 PM |
| To: | Jennifer E. Frushour |
| Cc: | Marc Lipton (Marc@liptonlaw.com) |
| Subject: | RE: Subpoena to Liberty Industries |

Ms. Freshie,

As I thought I made clear in my correspondence with Attorney Lipton, Liberty is ready to turn over all materials related to NECC and Ameridose. We are working on identifying commercially confidential protected information which necessarily will be subject to a protective order. We are preparing a cost estimate associated with compliance. Nicole. Dorman

**From:** Jennifer E. Frushour [mailto:jef@millerlawpc.com]
**Sent:** Thursday, June 27, 2013 3:25 PM
**To:** Nicole Dorman
**Cc:** Marc Lipton (Marc@liptonlaw.com)
**Subject:** RE: Subpoena to Liberty Industries

Ms. Dorman,

Can you please clarify your email below, as Mr. Lipton brought up essentially three areas of discussion and you provided one response?

First, is it Liberty's position that it will not produce unobjectionable materials pending the hearing?

Second, will Liberty be fulfilling its obligation to meet and confer prior to seeking aid of the Court?

And third, will Liberty be providing the PSC an estimate of its cost of production?

Your cooperation is greatly appreciated.

Thank you,

Jennifer E. Frushour, Esq.
THE MILLER LAW FIRM, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841.2200
(248) 652.2852 (fax)
jef@millerlawpc.com
www.millerlawpc.com

**From:** Nicole Dorman [mailto:ndorman@rosekallor.com]
**Sent:** Thursday, June 27, 2013 3:04 PM
**To:** Jennifer E. Frushour
**Subject:** FW: Subpoena to Liberty Industries

**From:** Nicole Dorman
**Sent:** Thursday, June 27, 2013 2:59 PM
**To:** 'Marc Lipton'
**Subject:** RE: Subpoena to Liberty Industries

No, we have pulled together everything relating to the 3 projects and are now going through them to identify and stamp confidential documents.  We also are measuring the various binders, multiplying by capacity and working with our copy vendor to prepare an estimate for copying that can be submitted to the court.

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Thursday, June 27, 2013 2:54 PM
**To:** Nicole Dorman
**Cc:** Jennifer E. Frushour
**Subject:** RE: Subpoena to Liberty Industries

File your objection if you believe that is necessary from a procedural standpoint, but is it your position that you will not produce unobjectionable materials pending a hearing?

Also, I believe you still have an obligation to "meet and confer," which I have offered to you on a few occasions now. please let me know when we can speak.

finally, as requested by my associate, please provide us what you claim to be the cost of production, so that we can consider your request.

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

**From:** Nicole Dorman [mailto:ndorman@rosekallor.com]
**Sent:** Thursday, June 27, 2013 2:51 PM
**To:** Marc Lipton
**Subject:** RE: Subpoena to Liberty Industries

I have been on the road today, but did hear your VM and see your email.  Based upon D. Mass. case law, I have to object to the subpoena in order to protect my client from the undue burden and expense associated with your subpoena.

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Thursday, June 27, 2013 11:10 AM
**To:** Nicole Dorman
**Cc:** Jennifer E. Frushour; Thomas Sobol
**Subject:** RE: Subpoena to Liberty Industries

Ms. Dorman,

2

I left you a message. Please call me to discuss. I would like to work out what, so as to minimize whatever issues we agree require Court assistance to resolve.

Sincerely,

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

**From:** Nicole Dorman [mailto:ndorman@rosekallor.com]
**Sent:** Wednesday, June 26, 2013 7:56 PM
**To:** Marc Lipton
**Subject:** RE: Subpoena to Liberty Industries

Yes

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Wednesday, June 26, 2013 6:12 PM
**To:** Nicole Dorman
**Cc:** Jennifer Frushour
**Subject:** Re: Subpoena to Liberty Industries

Ms dorman

Can you please identify the independent testing lab that certified the clean rooms?

Thank you for you anticipated cooperation

Sincerely,

Marc Lipton
Lipton Law Center
From my mobile device

On Jun 25, 2013, at 4:57 PM, "Nicole Dorman" <ndorman@rosekallor.com> wrote:

> Good afternoon, Attorney Lipton.
>
> I met with the Liberty Industries employees most familiar with the 3 NECC/Ameridose projects this morning.
>
> Project 19822: an ISO 8 ante room and ISO 7 clean room were certified upon completion by an independent testing laboratory in October, 2005.
> Project 23875: an ISO 6 ante room , an ISO 7 prep room, an ISO 6 clean room and an ISO 8 freight ante room were independently certified in July, 2006.

Project 35259: an ISO 7 ante room, an ISO 6 prep room, an ISO 5 clean room and ISO 8 freight ante room were independently certified in March 2008.

Documents relating to these projects are voluminous: five oversize cardboard boxes and CDs with approximately 500 photos, so far, with email searches yet to be completed.  We are willing to make all these materials available for inspection at Liberty with copying of whatever materials the PSC identifies.  In view of the volume, I have told my client we will look to the PSC to cover the cost of copying.

After certification, Liberty had no further involvement as NECC declined the additional service of training and demonstration for the purposes of ongoing maintenance.  NECC was, however, provided with the standard written guidelines for ongoing maintenance, including copies of the Liberty publications, which will be produced.  Liberty also has no knowledge as to which areas were used for which pharmaceutical compounding.  I do recall the FDA and Massachusetts investigations identified which areas were used in the preparation of the methylprednisolone, in the event that you wish to narrow the scope of the documents to be produced.

Finally, I will be entering a limited appearance for the purpose of moving that certain production requests be either quashed or modified.  Additionally, the cleanroom industry is a highly competitive one, so Liberty's methods, processes and techniques are treated as confidential, proprietary information.  We will therefore seek to craft a protective order.  I am anticipating that my motions will be filed in time for the court to address them during the 7/18 status conference.

Please let me know your thoughts.
Nicole


Nicole D. Dorman, Esq.
**Rose Kallor, LLP**
750 Main Street, Suite 606
Hartford, CT 06103
Telephone (860)748-4660 Ext. 25
Fax (860)241-1547
ndorman@rosekallor.com


**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Thursday, June 20, 2013 4:49 PM
**To:** Nicole Dorman
**Subject:** RE: Subpoena to Liberty Industries

for now, just respond to me; I am in touch with Tom Sobol of the PSC, and he may want the documents sent to Boston.

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688

(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

---

**From:** Nicole Dorman [mailto:ndorman@rosekallor.com]
**Sent:** Thursday, June 20, 2013 4:48 PM
**To:** Marc Lipton
**Subject:** RE: Subpoena to Liberty Industries

Shall we respond to all counsel listed on the certification of the motion for central enforcement of compliance with subpoenae?

---

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Thursday, June 20, 2013 4:32 PM
**To:** Jennifer E. Frushour; Nicole Dorman
**Subject:** Subpoena to Liberty Industries

Dear Ms. Dorman,

Thank you for promptly returning my call. I am confirming our conversation.

First, you will accept service of the subpoena for deposition and records on behalf of Liberty. My associate, Jennifer Frushour of the Miller Law Firm, will be sending you the documents via email and regular mail momentarily.

Second, the subpoena sets up a date for deposition and production of August 5, but it sounds as if you will be able to produce documents before that date. I thank you for your courtesy in that regard.

Third, after the PSC has had the opportunity to review the materials, I will let you know if/when we need to take any additional steps regarding discovery, and if so what they are. I will contact you to work out any issues.

Thank you again. If you have any questions or concerns, do not hesitate to contact me.

Sincerely,

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

# EXHIBIT 5

| From: | Marc Lipton <Marc@liptonlaw.com> |
|---|---|
| Sent: | Tuesday, July 02, 2013 6:32 PM |
| To: | Nicole Dorman |
| Cc: | Jennifer E. Frushour; Kristen Johnson Parker; Kimberly A. Dougherty; Thomas Sobol; mark@markzamora.com |
| Subject: | RE: Subpoena to Liberty Industries |

Ms. Dorman,

I am replying to your most recent email, appended below. With all due respect, your last emails did not "make it clear" that the materials were "available for inspection and copying." Instead, your emails on this topic provided:

6/27 As I thought I made clear in my correspondence with Attorney Lipton, Liberty is ready to turn over all materials related to NECC and Ameridose. We are working on identifying commercially confidential protected information which necessarily will be subject to a protective order. We are preparing a cost estimate associated with compliance. Nicole. Dorman

and:

we have pulled together everything relating to the 3 projects and are now going through them to identify and stamp confidential documents. We also are measuring the various binders, multiplying by capacity and working with our copy vendor to prepare an estimate for copying that can be submitted to the court

So, as you can see, these emails were not at all clear that you had offered to allow the PSC to enter your client's premises, inspect and copy the materials at our expense.

I also note that my most recent email below was the *fourth* time I asked that you outline whatever objections you have to producing the materials. As best I can glean from your latest, it appears that you are now objecting to the cost and to the burden of copying the materials.

In light of the foregoing, and taking you at your word that Liberty:

1. Is ready to turn over all the materials
2. Has "pulled everything together relating to the projects" (perhaps with the exception of your ESI search)

I propose that Ms. Frushour make arrangements with you for a copy service to come and copy the materials responsive to the subpoena.

To the extent that there are materials that are confidential and privileged, please handle them in conformity with the protective order that I sent earlier.

To the extent that you have other objections, I am again requesting that you identify them.

Thank you for your time and attention. Please include Ms. Frushour in any response to this email.

Sincerely

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

**From:** Nicole Dorman [mailto:ndorman@rosekallor.com]
**Sent:** Tuesday, July 02, 2013 5:16 PM
**To:** Marc Lipton
**Subject:** RE: Subpoena to Liberty Industries

Mr. Lipton,
When Attorney Freshear, you and I last communicated, everything Liberty could readily identify had been gathered and collected in a conference room. We made it clear that it was available for inspection and copying, but were advised we had to simply copy everything and the PSC "may" reimburse for copying.  As we began attempting to comply with the subpoena, it became clear that compliance was essentially going to halt the company's operations.  Thus, the motion.
Nicole Dorman

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Tuesday, July 02, 2013 4:59 PM
**To:** Nicole Dorman
**Cc:** Jennifer E. Frushour; Kristen Johnson Parker; mark@markzamora.com
**Subject:** RE: Subpoena to Liberty Industries

Ms. Dorman,

I understand that you are filing a motion. I again offer you the opportunity to meet and confer before doing so.

As I understood your prior communications, you were going to produce some materials while litigating the issue of costs so as not to delay these proceedings. Please let me know if I am mistaken.

Thank you for your anticipated attention.

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

**From:** Nicole Dorman [mailto:ndorman@rosekallor.com]
**Sent:** Tuesday, July 02, 2013 4:54 PM
**To:** Marc Lipton
**Subject:** RE: Subpoena to Liberty Industries

Attorney Lipton,

Our motion to quash or for court orders will be filed tomorrow.
Nicole

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Tuesday, July 02, 2013 4:36 PM
**To:** Nicole Dorman
**Cc:** Jennifer E. Frushour; Kristen Johnson Parker
**Subject:** Subpoena to Liberty Industries

Ms. Dorman,

I am following up on the subpoena sent to Liberty. As I understand our previous exchanges, there are three issues Liberty raises regarding full compliance with the subpoena for documents. I am emailing in an attempt to move the ball forward to the extent we can.

1. You raised the issue of needing a protective order in place as to at least some of the materials you want to produce.

   On that point, I am attaching a copy of the protective order that will be entered today by the NECC MDL court. I believe that you will find it all encompassing and protect your client's interests. Please review and let me know if you can produce the materials subject to the terms of the order.

2. You wrote that you wanted to discuss the breadth of some of the requests.

   I understand that you are currently compiling materials in compliance with the subpoena. If there are specific requests that you object to, please identify them so that we can discuss and resolve any issues.

3. Liberty asked to be reimbursed the cost of production.

   As my associate wrote previously, I do not believe we are required to reimburse Liberty the cost of production. However, the PSC strives to be reasonable in this regard. I do need to know what your client claims are the costs of production before I can agree to anything, however. I look forward to receiving that information from you soon.

I am also attaching for your review a copy of the case management order that was entered, as well as the notice of the vendor for the document repository. Please let me know if you have any other questions or concerns.

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075

# EXHIBIT 6

| | |
|---|---|
| **From:** | Jennifer E. Frushour |
| **Sent:** | Wednesday, July 03, 2013 12:24 PM |
| **To:** | ndorman@rosekallor.com |
| **Cc:** | Marc Lipton (Marc@liptonlaw.com); Kristen Johnson Parker (kristenjp@hbsslaw.com) |
| **Subject:** | Document Copying |

Ms. Dorman,

Please verify whether Liberty is amenable to having our co-counsel pick up the documents and discs for copying sometime next week.

I will be in meetings the rest of today, but will gladly set up a time for a call to discuss logistics this Friday after the holiday, or early next week.

Please let me know what works best for you.

Thanks,

Jennifer E. Frushour, Esq.
THE MILLER LAW FIRM, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841.2200
(248) 652.2852 (fax)
jef@millerlawpc.com
www.millerlawpc.com

# EXHIBIT 7

| | |
|---|---|
| **From:** | Jennifer E. Frushour |
| **Sent:** | Friday, July 12, 2013 9:43 AM |
| **To:** | ndorman@rosekallor.com |
| **Cc:** | Thomas Sobol <Tom@hbsslaw.com> (Tom@hbsslaw.com); Marc Lipton (Marc@liptonlaw.com); Kristen Johnson Parker (kristenjp@hbsslaw.com) |
| **Subject:** | Document Copying |

Ms. Dorman,

Below is the email that Mr. Lipton sent you July 9, offering to cover the costs of Liberty's oversized documents due to the unique nature of the records. Attached is your response received July 10 that fails to address whether Liberty is willing to accept the PSC's offer.

If Liberty is truly concerned about the cost of compliance with the subpoena, then a cost-sensitive approach for its document production should be considered. For example, the regular sized documents could be scanned in-house at no cost, and bates numbering software to mark Liberty's documents confidential could be purchased for a low cost (here is an example of a bates numbering software that can be purchased for $29.99: http://www.batesblaster.com/). Then, if Liberty takes the PSC's offer to cover the cost of copying the oversized documents, its out of pocket costs will be the cost of the software (around $30.00) and any tax and shipping of same.

This offer is more than generous, considering that Liberty has no compelling argument as to how producing the limited amount of materials that have already been collected is an undue burden or excessive cost, especially in light of the fact that Liberty chose to incur attorney fees in an amount higher than the cost of compliance.

As you will find in our response to Liberty's motion to quash, the case law supports our argument that the subpoenaing party will not be held responsible for costs related to a subpoenaed party's decision to seek outside counsel when answering a subpoena. This argument can reasonably extend to a subpoenaed party's decision to seek an outside vendor to process documents when the majority of the processing could feasible be done in-house for a fraction of the cost.

Please clearly state Liberty's position regarding this offer by noon today - we will be filing our response by close of business today.

Jennifer E. Frushour, Esq.
THE MILLER LAW FIRM, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841.2200
(248) 652.2852 (fax)
jef@millerlawpc.com
www.millerlawpc.com

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Tuesday, July 09, 2013 3:58 PM
**To:** Marc Lipton; Nicole Dorman; Jennifer E. Frushour
**Cc:** Kristen Johnson Parker (kristenjp@hbsslaw.com)
**Subject:** RE: Document Copying

1

Ms. Dorman,

As we discussed, on behalf of the PSC, I am willing to modify our request as follows:

1. in light of the particular nature of the Liberty oversize documents, the PSC will reimburse Liberty (or pay directly to the vendor) the cost of copying those oversize materials, consistent with the price identified in the attachment to the objection you filed. We will not pay the cost of scanning the other documents or the photographs
2. Liberty may designate all of its documents as confidential, and the PSC will treat them as such, consistent with the protective order that has already been filed in this case. If a document later needs to be "de-classified", we will contact you and discuss our position prior to releasing any materials to the general public. Based upon your motion, this concession should obviate the need for your engineers to spend time reviewing these materials.
3. Jennifer Frushour is empowered to discuss with you the specific objections you raised to 5 specific requests identified in your motion.

This offer to cover the cost of production of the oversize documents and not immediately object to a blanket designation of materials as confidential is intended to reduce unnecessary litigation and its attendant costs. I would appreciate a prompt response from your client as to its position.

I understand that you will be talking to your client regarding this issue. Please contact Ms. Frushour at 248 841 2200

Thank you for your anticipated cooperation,

Sincerely,

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

---

**From:** Marc Lipton
**Sent:** Tuesday, July 09, 2013 3:34 PM
**To:** 'Nicole Dorman'; Jennifer E. Frushour
**Cc:** Kristen Johnson Parker (kristenjp@hbsslaw.com)
**Subject:** RE: Document Copying

Ms. Dorman,

If you would like to call my office, I am available today until 4 pm.

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**

18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

---

**From:** Nicole Dorman [mailto:ndorman@rosekallor.com]
**Sent:** Tuesday, July 09, 2013 2:51 PM
**To:** Jennifer E. Frushour
**Cc:** Marc Lipton; Kristen Johnson Parker (kristenjp@hbsslaw.com)
**Subject:** RE: Document Copying

Ms. Frushour,

As attested to in our motion to quash and/or modify, we have obtained an estimate of the cost associated with copying all of Liberty's files relating to NECC/ Ameridose. We are not willing to entrust them to your co-counsel.

Additionally, while all documents and other materials have been pulled and gathered in a conference room, commercially confidential and/or proprietary information has not been identified and marked accordingly because of the time, and consequent disruption of Liberty's business activities, this would entail. Liberty has nothing to hide; but the further we attempted compliance, the clearer it became that the burdens associated with compliance would essentially shut us down for several days.

If you think there is a reasonable compromise, please let me know. NECC/Ameridose were provided with certified cleanrooms which they specified were necessary for their operations. Maintenance was the customer's responsibility. If you bought a Mercedes and never changed the oil or otherwise had it serviced, of what relevance is every part that went into construction of the car?

Nicole

---

**From:** Jennifer E. Frushour [mailto:jef@millerlawpc.com]
**Sent:** Wednesday, July 03, 2013 12:24 PM
**To:** Nicole Dorman
**Cc:** Marc Lipton (Marc@liptonlaw.com); Kristen Johnson Parker (kristenjp@hbsslaw.com)
**Subject:** Document Copying

Ms. Dorman,

Please verify whether Liberty is amenable to having our co-counsel pick up the documents and discs for copying sometime next week.

I will be in meetings the rest of today, but will gladly set up a time for a call to discuss logistics this Friday after the holiday, or early next week.

Please let me know what works best for you.

Thanks,

Jennifer E. Frushour, Esq.
THE MILLER LAW FIRM, P.C.
950 West University Drive, Suite 300
Rochester, Michigan  48307
(248) 841.2200
(248) 652.2852 (fax)
jef@millerlawpc.com
www.millerlawpc.com

# EXHIBIT 8

| | |
|---|---|
| **From:** | Marc Lipton <Marc@liptonlaw.com> |
| **Sent:** | Friday, July 12, 2013 10:17 AM |
| **To:** | Jennifer E. Frushour |
| **Subject:** | FW: Liberty |

-----Original Message-----
From: Nicole Dorman [mailto:ndorman@rosekallor.com]
Sent: Wednesday, July 10, 2013 8:39 PM
To: Marc Lipton
Subject: RE: Liberty

Liberty is willing to provide all its files on NECC.  Costs to be carried by the PSC.

-----Original Message-----
From: Marc Lipton [mailto:Marc@liptonlaw.com]
Sent: Wednesday, July 10, 2013 4:59 PM
To: Nicole Dorman
Cc: Jennifer E. Frushour (jef@millerlawpc.com); Kristen Johnson Parker
Subject: RE: Liberty

Ms. Dorman,

As I indicated, the PSC is willing to cover the costs of the oversize scanning. We will not agree to cover the cost of scanning 5000 pages.

Marc E. Lipton
Managing Partner
Lipton Law
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER www.liptonlaw.com

-----Original Message-----
From: Nicole Dorman [mailto:ndorman@rosekallor.com]
Sent: Wednesday, July 10, 2013 4:51 PM
To: Marc Lipton
Cc: Jennifer E. Frushour (jef@millerlawpc.com)
Subject: FW: Liberty

Attorney Lipton,

The auto marking of all documents as Confidential, as you suggested, has increased the cost of copying.