**LAW OFFICES OF JAY J. BLUMBERG, ESQ.**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Hannah v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10407;<br>*Jones v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10409;<br>*Ramos v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10410;<br>*Rios v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10411;<br>*Rivera v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10412;<br>*Tayvinsky New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10414;<br>*Gould v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10444; and<br>*Normand v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10447 | MDL No. 1:13-md-2419-FDS<br><br>**SUPPLEMENTAL BRIEF RE:**<br><br>**OBJECTION TO PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONIC INFORMATION ON BEHALF OF DEFENDANTS, PREMIER ORTHOPAEDIC and SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, trading as PREMIER ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC, and KIMBERLEY YVETTE SMITH, M.D. a/k/a KIMBERLEY YVETTE SMITH-MARTIN, M.D.** |

**SUPPLEMENTAL BRIEF IN OBJECTION TO PSC' SUBPOENA ON BEHALF OF PREMIER ORTHOPAEDIC and SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, trading as PREMIER ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC, and KIMBERLEY YVETTE SMITH, M.D. a/k/a KIMBERLEY YVETTE SMITH-MARTIN, M.D.**

## Introduction

The moving defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette smith, m.d. a/k/a Kimberley Yvette Smith-Martin, M.D. (hereinafter "the premier defendants) hereby incorporated and include the previously submitted arguments supporting our objection to the PSC's subpoena. Included below are supplemental arguments to the Court in support of the moving defendant's objection to the PSC's Subpoena.

### I. AS A PARTY, THE PREMIER DEFENDANTS HAVE BEEN SERVED WITH A SUBPOENA IMPROPERLY AND SHOULD HAVE BEEN SERVED WITH A NOTICE TO PRODUCE UNDER Fed. R. Civ. P. 34.

The Premier Defendants join in the objection originally espoused by defendant Inspira Health Network, previously known as, South Jersey Health Systems (Dkt. No. 273), specifically that the PSC has ignored the fact that the Premier Defendants are in fact parties to this litigation and that the proper form of request for documents and things under the Federal Civil Rules is a Request for Documents according to Fed. R. Civ. P. 34.

Discovery of documents from a party as opposed to a non-party is governed by Fed. R. Civ. P. 34 and is distinct from the service of a Subpoena. *Hasbro, Inc. v. Serafino, 168 F.R.D.* (D. Mass. 1996). The Court in *Hasbro* illustrated the difference between the rules for production of documents and those governing Subpoenas by citing the rules constant reference to non-parties.

Most importantly, the difference between requesting documents via a subpoena and a Request for Production are the available penalties. Non-compliance with a subpoena calls for contempt while non-compliance of a party to a Request for Documents is the filing of a motion to

compel. Serving the Premier Defendants with a subpoena has placed this defendant in the shoes of a non-party requiring a written motion to quash be filed with the Court rather than providing the requesting party with a written response leaving it to the requesting party to file a motion to compel if necessary. By instituting this process the burden has been shifted to the defendants. Also, there has been instituted a needless cost of responding to the Subpoena with a motion to quash or modify.

## II. THE SUBPOENA IS PROCEDURALLY DEFICIENT

Assuming *arguendo* that the subpoena is the appropriate discovery tool in this matter; the subpoena is procedurally deficient. First, the subpoena was served on counsel for the Premier Defendants via regular mail and e-mail. According to Fed. R. Civ. P. 45 a subpoena shall be served via personal service. Serving the subpoena via email, to counsel of record for the moving defendants and without consent to such service is improper. The Subpoena was not personally served upon the moving defendants and therefore is procedurally insufficient.

        Respectfully Submitted,

        LAW OFFICES OF JAY J. BLUMBERG, ESQ.
        Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

Dated: July 15, 2013         By: /s/ Christopher M. Wolk, Esq.
                                      Christopher M. Wolk, Esq.

## CERTIFICATE OF SERVICE

I, Christopher M. Wolk, Esq., hereby certify that I caused a true and correct copy of the Opposition to Plaintiffs' Steering Committee's Motion for Entry for Proposed Case Management Order on behalf of defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., to be filed electronically via the Court's electronic filing system.


Dated: July 15, 2013            By:   /s/ Christopher M. Wolk, Esq.
                                      Christopher M. Wolk, Esq.