UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION                                   ) <br> _____ ) <br>                                                           ) <br> THIS DOCUMENT RELATES TO:      ) <br>                                                           ) <br> All Cases.                                           ) | MDL No. 2419 <br><br> Dkt. No 1:13-md-2419 (FDS) |

## RESPONDENT GREENSPRING SURGERY CENTER'S OBJECTIONS TO THE PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA AND FIRST AMENDED NOTICE OF TAKING VIDEOTAPED ORAL DEPOSITION

Respondent Greenspring Surgery Center (GSC), through its undersigned counsel, submits its Objections to Plaintiffs' Steering Committee's ("PSC") Subpoena and First Amended Notice of Taking of Videotaped Oral Deposition ("Subpoena"), which also requests the production of documents and things. PSC's Subpoena should be quashed or modified pursuant to Federal Rules of Civil Procedure 45 and 26. In the alternative, the Court should issue a protective order pursuant to Federal Rule of Civil Procedure 26(c).

### I.     PRELIMINARY STATEMENT

On or about July 1, 2013, PSC served the Subpoena upon GSC, which was issued from the United States District Court for the District of Massachusetts and signed by Elisha N. Hawk, Esq. of the firm Janet, Jenner & Suggs, LLC, in Baltimore, Maryland. The Subpoena scheduled the deposition of GSC's corporate representative at the offices of GSC on August 12, 2013, at 10:00 a.m.. *See* **Exhibit 1**, Plaintiffs' Steering Committee's Subpoena and First Amended Notice of Taking of Videotaped Oral Deposition.

The Subpoena commands GSC to designate corporate representatives to provide testimony and to produce documents as described in the attachments to the Subpoena. *See* Exhibit 1.[1] Plaintiffs' subpoena seek to compel testimony concerning multiple categories of designated subject matter, and to compel the production of multiple categories of documents related to the allegedly contaminated medications compounded and distributed by New England Compounding Pharmacy ("NECP" also variously referred to as "NECC". For purposes of this filing, GSC will use "NECP".), which caused or contributed to a nationwide outbreak of fungal meningitis.

The deposition testimony categories all relate to the means by which GSC health care facility keeps, organizes, searches, retrieves and stores documents, in electronic and hard copy form. The document production categories seek to determine whether and how NECP sold medication to GSC, to whom and when it was administered to GSC's patients, and what insurance coverage is carried by GSC.

GSC is unaware of any patient treated in its facility who is a plaintiff (or otherwise a party) in this Multi-District Litigation ("MDL"). No patient of GSC has filed suit or joined the MDL litigation. No patient of GSC has, in any forum, filed suit against GSC relating to products manufactured and sold by NECP.

GSC seeks to quash or modify PSC's Subpoena or requests that this Honorable Court issue a protective order as PSC's Subpoena has the following deficiencies:

- PSC failed to provide GSC with the fee for one (1) day's attendance in violation of Federal Rule of Civil Procedure 45(b)(1).

---

[1] Ms. Hawk has since verbally advised that the PSC is not seeking an oral deposition of a representative of GSC.

- The Subpoena exceeds the scope of the limited discovery approved by the Court.

- The Subpoena creates an undue burden and seeks irrelevant information in violation of Federal Rules of Civil Procedure 26(b) and 45.

- The Subpoena seeks privileged information in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iii).

- The Subpoena fails to comply with legal standards for issuing a subpoena to a Non-Party.

- The subpoena does not provide GSC with a reasonable period of time to comply in violation of Federal Rules of Civil Procedure 45(c)(3) and 34(b)(2)(A).

- PSC has breached its duty to take reasonable steps to avoid undue burden or expense in violation of Federal Rule of Civil Procedure 45(c)(1).

## II.     OBJECTIONS

### A.     Failure To Issue Proper Service

#### 1.   Failure To Provide Required Fee

PSC failed to provide GSC with the fee required upon service of the subpoena. *See* Fed. R. Civ. P. 45(b)(1). The plain language of Fed. R. Civ. P. 45(b)(1) is simple. The Fifth Circuit Court of Appeals, quoting the Ninth Circuit Court of Appeals, stated that the correct reading of Fed. R. Civ. P. 45(b)(1) requires little comment. The court stated,

> The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. "The plain meaning of Rule 45r(b)(1)1 requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." The courts uniformly agree with this interpretation of Rule 45(b)(1), as do the leading treatises on civil procedure:"

*In re Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003) (internal citations omitted).

PSC was clearly aware of the need to supply GSC with the applicable fee. The Proof of Service attached to the subpoena that PSC served upon GSC states,

3

>Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____
>
>My fees are $_____for travel and $\_\_\_\_\_ for services, for a total of $ 0.00 .

*See* Exhibit 1. PSC's failure to effect proper service is fatal and therefore, the PSC Subpoena must be quashed.

### 2. Served By Improper Method

The Subpoena indicates it was served using registered mail. Rule 45 requires personal service. Fed. R. Civ. P. 45(b). Certified mail, however, is not personal service and is not sufficient. *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011).

### B. PSC's Breach Of The Court's Limitation Of Discovery

#### 1. PSC's Breach Of The January, 2011 — November, 2012, Timeframe

On June 21, this Court entered two Orders titled: "Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information" ("QPO") and "Order on Central Enforcement of Subpoenas" ("Enforcement Order"). The QPO limited the time frame for PSC's subpoena requests, stating,

>The information requested and produced shall be limited to the names of patients that have been identified as receiving NECP solutions, medications or compounds from January, 2011 — November, 2012, the patients' last known address, the records identifying that NECP was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECP product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECP product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions.

Dkt. No. 192 ¶ 2. PSC has requested documents outside the January 2011 – November 2012 timeframe which was delineated by the Court in the above Order.  *See* Exhibit 1.

### 2. PSC's Subpoena Attempts To Circumvent The Court's Requirement That Protected Health Information Be Produced To A Vendor

PSC's subpoena also violates the Court's QPO by requesting GSC produce the documents directly to PSC at the deposition.  The Court clearly ruled that protected health information shall be produced only to a third-party Vendor.  PSC has prematurely subpoenaed the records of GSC (a non-party), because the Vendor has not even been retained by PSC.

### 3. PSC Did Not Append The QPO To The Subpoenas

The Court ruled that its QPO order "shall be appended to the subpoenas."  *See* Dkt. No. 192. However, PSC did not append the QPO to the subpoena served on GSC.

### C. PSC's Failed To Comply With Legal Standard For Issuing Subpoena To A Non-Party

Fed. R. Civ. P. 45 governs subpoenas. In relevant part, it states:

> [o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).  District courts have the discretion to grant, deny or modify a motion to quash a subpoena.  *In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581 (4th Cir. 2007); *Int'l Agric. Corp. v. Pearce*, 113 F.2d 964 (4th Cir. 1940).

When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome.  *In re Subpoena*

*Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). Whether a subpoena subjects a witness to undue burden usually raises a question of the reasonableness of the subpoena," an analysis that requires "weighing a subpoena's benefits and burdens" and "consider[ing] whether the information is necessary and whether it is available from any other source." *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012), *quoting* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008).

Here, PSC cannot meet its burden to establish that the Subpoena is reasonable or that its benefits to the PSC outweigh the burdens imposed upon GSC. GSC is not a party to any case related to the fungal meningitis outbreak, let alone any case that has been consolidated in the MDL. Consequently, any requests pertaining to the corporate structure of GSC or its insurance policies are completely irrelevant and unnecessary to the claims or defenses in the MDL.

Further, many of the documents requested by PSC are easily obtained from other, more appropriate, sources. PSC requested numerous documents regarding the recall of NECP's medications that can be easily obtained from the FDA, CDC, or other federal or state agencies. Furthermore, the overwhelming majority of the documents requested can be easily produced by NECP, an actual party to the MDL.

Moreover, PSC's requests fail to seek information during the relevant period of the outbreak and the relevant period of the Court's QPO. The outbreak involved medications that were manufactured by NECP from May through August 2012. The requests are also not limited to the timeframe set by the Court: January 2011 – November 2012. *See* Exhibit 1.

The requested time period is entirely arbitrary, and PSC has no basis for using such a burdensome timeframe.

In addition, PSC's requests are broadly phrased. The requests are unspecific and providing answers to them would require unreasonable time and resources. *See* Exhibit 1. The requests are not specific as evidenced by the overlap of several requests, and the requests appear to have been sent to parties and non-parties alike, with no concern for the impropriety of treating a non-party like a party. The documents are so broadly requested that PSC failed to even name GSC in several of the requests, instead referring to GSC as "Healthcare Provider." As such, PSC's requests are burdensome and overly broad, and GSC would require immense time and resources to comply with PSC's requests.

### D. PSC Seeks Privileged Information In Violation Of Fed. R. Civ. P. 45(c)(3)(A)(III)

To the extent that PSC's requests are overbroad, they seek information that is protected by the attorney-client privilege and the work-product doctrine. *See* Exhibit 1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), the Court must quash or modify PSC's Subpoena because it seeks privileged information.

### E. PSC Requested Information Listed In Exhibit 1 Allegedly Attached To Its Notice Of Videotaped Oral Deposition, But Failed To Attach Any Such Exhibit

In its Amended Notice of Oral Deposition (attached as Exhibit "1"), PSC has asked for documents identified in Exhibit B to the notice. However, there is not an "Exhibit B" included in any of the documents. Again, this confusion creates an undue burden for GSC.

### F.	Request For Cost And Fees

PSC's overbroad and unduly burdensome requests, which fail to provide GSC with a reasonable period of time to respond, and which seek, in part, irrelevant and privileged documents, are a clear violation of PSC's duty to take reasonable steps to avoid undue burden and expense. Fed. R. Civ. P. 45(c)(1). Rule 45(c) allows for costs, including reasonable attorney fees, when a party has faced an undue burden or expense in objecting to a subpoenaing party who failed to take reasonable steps to ensure the subpoena would not result in an undue burden. Fed. R. Civ. P. 45(c)(1).  Here, because PSC has failed to take reasonable steps to avoid undue burden and expense, GSC is entitled to reasonable costs and fees.

### III.	CONCLUSION

For the reasons stated herein, Respondent Greenspring Surgical Center requests that the Court quash or modify the Subpoena, First Amended Notice of Videotaped Oral Deposition, and production requests attached thereto, in accord with these objections, and assess reasonable costs and fees against PSC and in favor of Greenspring Surgical Center.

Respectfully submitted,

*/s/ John T. Sly*
John T. Sly
(U.S. District Court of Maryland Bar No. 26608)
Waranch & Brown, LLC
1301 York Road, Suite 300
Lutherville, MD  21093
Email:  Jsly@waranch-brown.com
(410) 821-3511
(410) 821-3501 (Fax)

**ATTORNEYS FOR RESPONDENT GREENSPRING SURGICAL CENTER**

**CERTIFICATE OF SERVICE**

This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 16th day of July, 2013.

*/s/ John T. Sly*
John T. Sly
