UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| ———————————————————— | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| All Actions | ) ) |
| ———————————————————— | ) |

MDL No. 2419
Dkt. No 1:13-md-2419 (FDS)

## HOWELL ALLEN, A PROFESSIONAL CORPORATION'S MOTION TO QUASH AND OBJECTIONS TO THE PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA

Comes Howell Allen, a Professional Corporation ("Howell Allen") and submits its Motion and Memorandum in Support of its Motion to Quash and Objections to Plaintiffs' Steering Committee's ("PSC") subpoena *ad testificandum*,[1] which also requests the production of documents and things.[2]

PSC's subpoena should be quashed or modified pursuant to Federal Rules of Civil Procedure 45 and 26. In the alternative, the Court should issue a protective order pursuant to Federal Rule of Civil Procedure 26(c).

The subpoena has the following deficiencies:

- The subpoena is not issued from the proper court in violation of Federal Rule of Civil Procedure 45(a)(2)(B)-(C).

- The notice of subpoena was not served on each party in violation of Federal Rule of Civil Procedure 45(b)(1).

- The subpoena exceeds the scope of the limited discovery approved by the Court.

---

[1] Prior to filing this Motion to Quash, counsel for STOPNC participated in a discovery conference with PSC's local counsel, Gerard Stranch, pursuant to Local Rule 37.1.
[2] For the Court's convenience, attached as Exhibit 1 is PSC's Subpoena and Exhibit 2 is Howell Allen's objections to Exhibits A and B of PSC's subpoena.

- The subpoena creates an undue burden and seeks irrelevant information in violation of Federal Rules of Civil Procedure 26(b) and 45.

- The subpoena seeks privileged information in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iii).

- The subpoena does not provide Howell Allen with a reasonable period of time to comply in violation of Federal Rules of Civil Procedure 45(c)(3) and 34(b)(2)(A).

- PSC has breached its duty to take reasonable steps to avoid undue burden or expense in violation of Federal Rule of Civil Procedure 45(c)(1).

## Background

Howell Allen is a physician group, organized as a professional corporation, in Nashville, Tennessee that did <u>not</u> purchase any medications from New England Compounding Pharmacy d/b/a New England Compounding Center ("NECC"). Howell Allen has an ownership interest in St. Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), and was previously a party to fungal meningitis lawsuits in the Davidson County District Court cases of *Reed*, *May*, *Parman*, and *Neely*.[3] All of which were voluntarily dismissed. There are no claims of liability against Howell Allen by any injured plaintiff in the cases consolidated in the MDL or elsewhere.

On July 8, 2013, PSC served a subpoena upon Howell Allen, which was issued from the United States District Court for the District of Massachusetts and signed by J.

---

[3] *Wayne A. Reed, individually and as husband and next of kin of decedent, Diana E. Reed v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, Saint Thomas Network, Saint Thomas Health, and St. Thomas Hospital,* No. 13C417 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *Frederick May and Loduska May v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, and St. Thomas Hospital,* No. 13C606 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *May L. Parman v. Saint Thomas Outpatient Neurosurgical Center, LLC and Howell Allen Clinic, a Professional Corporation,* No. 13C1005 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *Virginia Neely v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, Saint Thomas Network, Saint Thomas Health, and St. Thomas Hospital,* No. 13C1876 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013).

Gerard Stranch of the firm Branstetter, Stranch, and Jennings, in Nashville, Tennessee.[4] The subpoena *ad testificandum* scheduled Howell Allen's deposition at the offices of Howell Allen on July 29, 2013, at 9:00 a.m.[5] However, the subpoena's Notice of Deposition scheduled the deposition for July 26, 2013, at 9:00 a.m.

The July 8, 2013 subpoena attempts to remedy numerous deficiencies in a previous subpoena, which was served upon Howell Allen on June 17, 2013. After accepting service of the June 17, 2013 subpoena, Howell Allen filed objections to it on July 1, 2013.[6] Howell Allen has also had numerous communications with Mr. Stranch regarding the deficient June 17, 2013 subpoena. Despite these objections and communications, PSC's reissued July 8, 2013 subpoena has nearly identical deficiencies and fails to comply with Federal Rules of Civil Procedure 45 and 26.

## Standard of Review

The Court, under its multi-district litigation ("MDL") authority, has the power to enforce foreign-district subpoenas pursuant to 28 U.S.C. § 1407(b).[7] When a court exercises its 28 U.S.C. § 1407(b) authority to enforce a subpoena served upon a foreign-district non-party deponent, the MDL judge sits as a judge of the district court where the deponent resides.[8] In addition, because the MDL judge is acting as a judge of the deponent's district, appeal is to the circuit court of the deponent's district.[9] In regard to the subpoena issued to Howell Allen, the Honorable Judge Saylor sits as a judge of

---

[4] Mr. Stranch is PSC's local counsel for Tennessee.
[5] Presumably, the PSC scheduled the deposition for 9:00 a.m. CST, but with the Court located in the Eastern time zone and Howell Allen located in the Central time zone, this is unclear.
[6] Dkt. No. 221.
[7] *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006).
[8] *Id.*
[9] *Id.* at 469.

the United States District Court for the Middle District of Tennessee and is bound by the precedent of the United States Sixth Circuit Court of Appeals.

Sitting as a judge of the United States District Court for the Middle District of Tennessee, Judge Saylor must apply the privilege law of the forum state where he sits, Tennessee.[10]

## Law and Argument

### I. The Subpoena is Procedurally Invalid

#### A. The Subpoena Fails to Comply with Federal Rules of Civil Procedure 45(a)(2)(B)-(C)

The subpoena fails to comply with Federal Rule of Civil Procedure 45(a)(2)(B)-(C), which requires that a subpoena be issued "from the court for the district where the deposition is to be taken" or "where the production or inspection is to be made." The Court's ability to enforce foreign-district subpoenas does not alter the requirements of Federal Rule of Civil Procedure 45(a)(2)(B)-(C).[11] Therefore, the subpoena must be issued from the United States District Court for the Middle District of Tennessee.

While the Court has the authority to enforce the foreign-district non-party subpoena, the Court lacks the authority to issue the foreign-district non-party subpoena.[12] For this reason, the subpoena fails to comply with Federal Rule of Civil Procedure 45(a)(2)(B)-(C) and should be quashed.

---

[10] *See Palmer v. Fisher*, 228 F.2d 603, 608-09 (7th Cir. 1955); Additionally, the only MDL plaintiffs with discovery requests relevant to Howell Allen are MDL plaintiffs that received treatment at Howell Allen. The lawsuits filed against NECC by MDL plaintiffs that received treatment at Howell Allen are based on Tennessee law. Federal Rule of Evidence 501 states, in relevant part, "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."

[11] *See Pogue*, 444 F.3d at 465, 468-469, 478 n.1 (describing that while an MDL court may enforce a foreign-district subpoena, the subpoena must still issue from the district court where the deposition is to be taken or where production or inspection is to be made pursuant to Fed. R. Civ. P. 45(a)(2)(B) and (C)).

[12] *Id.*

4

## B. The Subpoena Fails to Comply with Federal Rule of Civil Procedure 45(b)(1)

Federal Rule of Civil Procedure 45(b)(1) requires that notice of subpoenas commanding the production of documents, electronically stored information, or tangible things, be served on each party. Notice of the subpoena to Howell Allen has not been provided in the MDL Master Docket, and, upon information and belief, PSC has not provided notice to the MDL parties by mail or electronic communications. Moreover, such notice should have been provided *before* service of the subpoena.[13] Therefore, the subpoena served upon Howell Allen is procedurally deficient pursuant to Rule 45(b)(1).

## II. PSC's Breach of the Court's Limitation of Discovery

### A. PSC's Breach of the January, 2011 – November, 2012, Timeframe

On June 21, this Court entered two Orders titled: "Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information" ("QPO") and "Order on Central Enforcement of Subpoenas" ("Enforcement Order").[14] The QPO limited the timeframe for PSC's subpoena requests, stating,

> The information requested and produced shall be limited to the names of patients that have been identified as receiving NECC solutions, medications or compounds from January, 2011 – November, 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and the PSC

---

[13] *See* Fed. R. Civ. P. 45 advisory committee's note to the 2007 amendment (adopting prior court interpretation that Rule 45(b)(1) requires notice to parties before service of the subpoena on the third-party).

[14] Dkt. No. 192; Dkt. No. 193.

reasonably determine necessary to the prosecution and resolution of these actions.[15]

In the Enforcement Order, the Court noted that PSC had advised the Court that it intended to issue subpoenas to, "Pain clinics, hospitals, and other entities or individuals who purchased NECC's methylprednisolone acetate, cardioplegic solution, or ophthalmic solution."[16] Based on PSC's representations to the Court, the Court's QPO limited PSC's subpoena authority, stating,

> Plaintiffs' Counsel are authorized to serve subpoenas issued by this Court on the entities listed in NECC's Customer list located at: http://www.fda.gov/downloads/Drugs/DrugSafety/FungalMeningitis/UCM3 25466.pdf as well as Pharmacy Support, Inc., CuraScript, Inc., and Clint Pharmaceuticals.[17]

While the Court's directions to PSC were clear, PSC requested that Howell Allen, an entity not found on the FDA's list, provide documents and things for a two year period ending on October 6, 2012.[18] PSC has no authority to subpoena Howell Allen, and PSC's subpoena should be quashed.

### B. PSC's Subpoena Attempts to Circumvent the Court's Requirement that Protected Health Information be Produced to a Vendor

PSC's subpoena violates the Court's QPO by requesting Howell Allen produce the documents directly to PSC at the deposition.[19] The Court clearly ruled that protected health information shall be produced only to a third-party Vendor.[20]

---

[15] Dkt. No. 192 ¶ 2.
[16] Dkt. No. 193.
[17] Dkt. No. 192 ¶ 10.
[18] PSC Subpoena Exhibit A ¶¶ 11-17, 19, 21, and 36 have a timeframe of October 6, 2010 - October 6, 2012. In addition, ¶¶ 18 and 30 ask for all of 2012, and ¶¶ 20, 22-35, and 37-40 have no time limit. Also, PSC Subpoena Exhibit B ¶¶ 1-7, 9, 11 have a timeframe of October 6, 2010 - October 6, 2012. In addition, ¶ 8 asks for all of 2012, ¶¶ 10, 12-21, 24-33 have no time limit, and ¶¶ 22-23 request documents for a three year period. None of PSC's requests comply with the timeframe limitation of the QPO.
[19] PSC Subpoena.
[20] Dkt. No. 192 ¶ 3.

Following service of the subpoena and upon its own expense and effort, Howell Allen learned of the identification of the Vendor.[21] Howell Allen's expense and effort are undue burdens which should have been borne by PSC.[22]

## III. Undue Burden

### A. Standard for Undue Burden in the Middle District of Tennessee

In the Middle District of Tennessee, whether a motion is filed under Rule 26 or Rule 45, the Court must balance the movant's need to be protected from undue burden against the party's need for the deposition.[23] The Middle District of Tennessee has stated, "Rule 45 should be read in conjunction with the limitations of discovery found in Rules 26 and 34 of the Federal Rules of Civil Procedure and, therefore, 'the court must balance the burden of production against the need for the requested documents.'"[24]

Consequently, the party seeking discovery must first show that the deponent's testimony is relevant to the claims or defenses in the case.[25] Once PSC has met its burden of proof for establishing relevance, Howell Allen must establish that the deposition would impose an undue burden.

When determining whether an undue burden exists, the Middle District has stated, "[T]he Court must consider not only the burden on [the deponent] but also the

---

[21] Dkt. No. 237.

[22] Fed. R. Civ. P. 45(c)(1).

[23] *HCP Laguna Creek CA, LP, v. Sunrise Senior Living Management, Inc.*, 2010 WL 890874 at *3 (M.D. Tenn. Mar. 8, 2010) (unpublished order); cf. *Brumley v. Albert E. Brumley & Sons, Inc.*, 2010 WL 2696486 (M.D. Tenn. July 7, 2010) (unpublished order) (Failure to tender travel expenses is ground to quash.).

[24] *Universal Delaware, Inc. v. Comdata Network, Inc.*, 2011 WL 1085180 at *2 (M.D. Tenn. Mar. 21, 2011) (unpublished order) (quoting *BSN Medical, Inc. v. Parker Medical Associates, LLC*, 2011 WL 197217 at *2 (S.D.N.Y. Jan. 19, 2011)).

[25] *Id.*

necessity for the deposition and whether the same information can be obtained from other sources."[26] In *Topolewski*, the Middle District recently stated:

> A subpoena that is overbroad on its face may subject a person to undue burden. *See Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49-51 (S.D.N.Y. 1996) ("to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable").[27]

In addition to considering the (1) necessity for the information, (2) breadth of the request, and (3) alternative sources of the information, the Middle District of Tennessee also factors (4) whether the deponent is a non-party.[28]

## B. The Subpoena is an Undue Burden

When applied to the subpoena served upon Howell Allen, the factors weigh overwhelmingly in favor of quashing the subpoena.

First, Howell Allen is not a party to any case in the MDL or any case related to the fungal meningitis outbreak. As a non-party, it is given greater protection against overbroad subpoenas, and any discovery request of it should be viewed with more scrutiny.

Second, as previously stated, the only patient-specific documents that are relevant to the MDL and possessed by Howell Allen are the protected health records of the plaintiffs in the MDL that received treatment from Howell Allen. As such, PSC cannot meet its burden establishing that Howell Allen's testimony is relevant. Howell Allen is not a party to any case related to the fungal meningitis outbreak, let alone any

---

[26] *HCP Laguna Creek,* 2010 WL 890874 at *3.
[27] *Topolewski v. Quorum Health Resources, LLC,* 2013 WL 99843 at *3 (M.D. Tenn. Jan. 8, 2013) (unpublished order) (slip copy).
[28] *Id.* (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 424 (Fed. Cir. 1993); *Hansen Beverage Co. v. Innovation Ventures, LLC,* 2009 WL 2351769 (E.D. Mich. July 29, 2009); *Musarra v. Digital Dish, Inc.,* 2008 WL 4758699, *1 (S.D. Ohio Oct. 30, 2008); *American Elec. Power Co. v. United States,* 191 F.R.D. 132 (S.D. Ohio 1999); *Allen v. Howmedica Leibinger,* 190 F.R.D. 518, 521 (W.D. Tenn. 1999)).

case that has been consolidated in the MDL. The only patient-specific documents that are relevant to the MDL and possessed by Howell Allen are the protected health records of the plaintiffs in the MDL that received treatment from Howell Allen. Howell Allen does not have any documents that would be pertinent to resolving the numerous cases of plaintiffs that were not treated at Howell Allen. Requiring Howell Allen to produce any documents other than the protected health information of the Howell Allen patients in the MDL would be an undue burden to Howell Allen.

Third, Howell Allen has already produced hundreds, if not thousands, of pages of discovery in the Davidson County District Court cases of *Reed*, *May*, *Parman*, and *Neely*.[29] PSC is clearly aware of this discovery, as PSC requested the Court grant it permission to subpoena the records of Pharmacy Support, Inc., CuraScript Inc., and Clint Pharmaceuticals, all of which were identified in the Davidson County litigation as suppliers of STOPNC (a co-defendant with Howell Allen).[30] This production likely covers the vast majority of documents requested by the subpoena.

PSC requests numerous documents that are unreasonably cumulative, duplicative, or could be obtained from a more convenient source, which is a violation of Federal Rule of Civil Procedure 26(b)(2)(C)(i).[31]   Many of the documents requested by

---

[29] *Wayne A. Reed, individually and as husband and next of kin of decedent, Diana E. Reed, v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, Saint Thomas Network, Saint Thomas Health, and St. Thomas Hospital*, No. 13C417 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *Frederick May and Loduska May v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, and St. Thomas Hospital*, No. 13C606 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *May L. Parman v. Saint Thomas Outpatient Neurosurgical Center, LLC and Howell Allen Clinic, a Professional Corporation*, No. 13C1005 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013); *Virginia Neely, v. Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, Saint Thomas Network, Saint Thomas Health, and St. Thomas Hospital*, No. 13C1876 (Davidson County Cir. Ct. voluntarily dismissed June 18, 2013).
[30] Dkt. No. 192 ¶ 10.
[31] Federal Rule of Civil Procedure 26(b)(2)(C)(i) states,

PSC are easily accessible from other, more appropriate, sources. PSC requested documents regarding the recall of NECC's medications that can be easily obtained from the FDA, CDC, or Tennessee Department of Health.[32] Furthermore, the overwhelming majority of the documents requested can be easily produced by NECC, an actual party to the MDL. The fact that NECC's bankruptcy case and federal investigation may somehow delay discovery from NECC is no reason to burden Tennessee healthcare providers.

### C. PSC's Fishing Expedition

Many of PSC's requests for production amount to little more than a fishing expedition for potential clients. Fishing for potential clients is completely unrelated to PSC's duty to represent the plaintiffs in the MDL, and a clear burden to Howell Allen.

The Court has consistently limited the PSC's authority to the actions consolidated in the MDL. In the Court's Order creating the PSC, the Court stated that the PSC's authority was limited "to initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions subject to this order."[33] The Court reaffirmed this limitation in the QPO, stating that the PSC was limited to seeking "information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions."[34]

PSC does not represent a certified class of all patients who received NECC's medications. Having Howell Allen provide PSC with private health information of

---

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

[32] Fed. R. Civ. P. 26(b)(2)(C)(i)
[33] Dkt. No. 82.
[34] Dkt. No. 192 ¶ 2 (emphasis added).

patients not in the MDL is nothing more than a fishing expedition, which is not allowed by the law of any jurisdiction.[35]

In *Topolewski*, Mr. Topolewski, the former CEO of United Regional Medical Center, sued for wrongful termination.[36] He alleged that he was terminated for revealing "substantial financial and accounting irregularities and fraudulent misuse of hospital funds for the benefit of select investors."[37] Mr. Topolewski sought the deposition of Mr. Williams, a non-party and United Regional Medical Center's attorney during Mr. Topolewski's employment.[38] Mr. Williams objected that the subpoena was overbroad, irrelevant, burdensomely expensive, sought documents that were either publicly available or available from parties to the lawsuit, and sought documents protected by attorney-client privilege and/or the work-product doctrine.[39] Mr. Topolewski filed a motion to compel and the court stated,

> The Subpoena at issue seeks the production of thirteen categories of documents, including electronically stored information. The material listed in the Subpoena comprises three pages, single-spaced. Docket No. 100-1, p. 3-5.
>
> A brief review of the Subpoena indicates that it is completely overbroad and unduly burdensome. For example, Item 1 of the Subpoena is as follows:
>
> 1) Any and all documents relating to any contracts or agreements entered into by Coffee Medical Group, LLC d/b/a United Regional Medical Center ("URMC"), including, but not limited to, all contracts, agreements, books of account, diaries, histories, notes, correspondence, letters, facsimiles, e-mail, papers, ledgers, memoranda, minutes, resolutions, telegrams,

---

[35] Seeking the protected health information, social security number, name, date of birth, address, and phone number for hundreds, if not thousands, of Tennesseans is unrelated to PSC's duties an undue burden.

[36] *Topolewski*, 2013 WL 99843, at *1.

[37] *Id.*

[38] *Id.*

[39] *Id.* at *2

statements of witnesses or persons having knowledge of relevant facts, bills, checks, check stubs, receipts, invoices, vouchers, orders, business records, maps, charts, diagrams, blue prints, sketches, models, prototypes, audio or videotapes, computer disks or hard drives, and any tangible objects not otherwise described herein.

Item 2 of the Subpoena seeks "Any and all documents relating to any contracts or agreements entered into by investors in URMC. . . ."

Item 3 seeks "Any and all documents relating to any contracts or agreements by members of the Board of URMC. . . ."

Item 4 seeks "<u>Any and all documents relating to the corporate governance of URMC</u>, including "distribution of profits."

Incredibly, Item 6 seeks "Any and all documents relating to the corporate governance of any entities that have entered into agreements with URMC. . . ."

Item 7 seeks <u>all bills and invoices for any legal services performed by Mr. Williams on behalf of URMC</u>, any Board member or employees of URMC, and "any entity that employs or engages URMC employees and/or has UMRC [*sic*] investors as participants in the past five (5) years."

Only one of the Items, No. 7, contains a time limitation (and it is only a partial limitation).

<u>A literal reading of the items requested in the Subpoena would require Mr. Williams to produce documents that have absolutely nothing to do with the issues in this lawsuit.</u> For example, a fair reading of Item 1 would require the production of any utility bills of URMC. The boilerplate language of Item 1 also seeks documents relating to contracts or agreements entered into by URMC, "including, but not limited to . . . statements of witnesses or persons having knowledge of relevant facts. . . ." This language is essentially incomprehensible. Item 2 likely would require the production of documents related to purchase of Google stock by an investor in URMC. Under Item 6, if URMC entered into a contract with a cleaning service, Mr. Williams would be required to produce corporate information regarding the cleaning service. Finally, <u>Item 7 and 8, which relate to bills or invoices for legal services Mr. Williams performed appears to be completely improper</u>.

A subpoena that is overbroad on its face may subject a person to undue burden. *See Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49-51 (S.D.N.Y. 1996) ("to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable").

Plaintiff complains that Mr. Williams' argument that some of the documents are public is unavailing. He avers that Mr. Williams "cites no authority that holds a subpoenaed party can disregard a valid Subpoena simply because the documents are available elsewhere and Plaintiff knows of no less obtrusive means of obtaining the documents." Docket No. 100, p. 13. This argument strains credulity, however, because Fed. R. Civ. P. 26(b)(2)(C)(i) provides that the Court *must* limit the extent of discovery otherwise allowed if it determines that:

> the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. . . .

Thus, if the information is publicly available, the Court is required to limit its discovery from Mr. Williams.[40]

Comparable to the subpoena in *Topolewski*, PSC's subpoena is overbroad, unduly burdensome, and requests information that is publicly available or can be obtained from some other source that is more convenient, less burdensome, or less expensive.[41]

## IV. PSC Seeks Privileged Information in Violation of Fed. R. Civ. P. 45(c)(3)(A)(iii)

Similar to PSC's knowledge of STOPNC's suppliers, PSC specifically requested communications between Howell Allen and Michael O'Neal and any of Howell Allen's other consultants.[42] It should be stated that Howell Allen did not have a relationship with Mr. O'Neal. However, even if Howell Allen had a relationship with Mr. O'Neal, the

---

[40] *Id.* at *3-4 (emphasis added).
[41] *Topolewski*, 2013 WL 99843. *See also Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 353 (6th Cir. 1984) (citing *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115, 123 (E.D.Mich.1977)).
[42] PSC Subpoena Exhibit B ¶ 30.

activities of Mr. O'Neal are privileged pursuant to the law of the forum, Tennessee,[43] and the principle of issue preclusion, which is a component of *res judicata*.[44]

On May 31, 2013, after two lengthy hearings, the Honorable Judge Binkley of the Fifth Circuit Court for Davidson County ruled that Mr. O'Neal's activities on behalf of STOPNC were privileged pursuant to the Tennessee Patient Safety and Quality Improvement Act of 2011 ("TPSQIA"),[45] codified at Tenn. Code Ann. § 63-1-150, and § 68-11-272.[46] In addition to the privilege afforded to Mr. O'Neal's activities, the activities of all other consultants would be similarly privileged by TPSQIA.

Furthermore, to the extent that the PSC's requests are overbroad, they seek information protected by attorney-client privilege and the work-product doctrine. PSC has made numerous requests that would potentially require counsel to disclose memoranda prepared by counsel in preparation for fungal meningitis litigation and countless communications between counsel and Howell Allen related to the fungal meningitis outbreak. These requests are improper and should be stricken.

---

[43] *See Palmer v. Fisher*, 228 F.2d 603, 608-09 (7th Cir. 1955); Additionally, the only MDL plaintiffs with discovery requests relevant to Howell Allen are MDL plaintiffs that received treatment at Howell Allen. The lawsuits filed against NECC by MDL plaintiffs that received treatment at Howell Allen are based on Tennessee law. Federal Rule of Evidence 501 states, in relevant part, "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."

[44] *Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 770-771 (1st Cir. 2010) ("Collateral estoppel, now often called issue preclusion, prevents a party from relitigating issues that have been previously adjudicated. *Enica v. Principi*, 544 F.3d 328, 336 (1st Cir.2008). The doctrine serves the twin goals of 'protecting litigants from the burden of relitigating an identical issue' and 'promoting judicial economy by preventing needless litigation.' *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Collateral estoppel may be applied where '(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment.' *Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86 (1st Cir.2007). . . . We have also recognized that collateral estoppel is 'no longer limited to ultimate issues: necessary *intermediate* findings can now be used to preclude relitigation.' *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 210 (1st Cir.1997); *see also* Restatement (Second) of Judgments § 27, cmt. j (1982).").

[45] Attached hereto as Exhibit 3.

[46] Order Denying Motion to Compel Production of Reports and Communications Between Howell Allen and Michael O'Neal, *Reed v. Howell Allen, et al.*, Case No. 13C417, Dkt. No. 91 (Fifth Circuit Court for Davidson County, TN May 31, 2013).

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), the Court must quash or, in the alternative, modify PSC's subpoena because it seeks privileged information.

## V. PSC Failed to Provide Howell Allen with a Reasonable Period of Time to Comply

PSC has failed to provide Howell Allen with a reasonable period of time to comply with its requests for documents. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), a respondent gets 30 days to comply with a request for production. Depending on whether Howell Allen counts from the deposition date on the subpoena or on the Notice of Deposition, PSC only provided Howell Allen with either 21 or 18 days to respond. Therefore, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i), the Court must quash or modify the subpoena.

However, even if PSC had provided Howell Allen with 30 days to comply, 30 days is far too short of a timeframe to comply with the overbroad and unduly burdensome requests propounded by PSC. Howell Allen requests additional time to respond to these cumbersome requests.

## VI. PSC has Breached its Duty to Take Reasonable Steps to Avoid Undue Burden and Expense

PSC's overbroad and unduly burdensome requests, which fail to provide Howell Allen with a reasonable period of time to respond, and which seek, in part, privileged and irrelevant documents, are a clear violation of PSC's duty to take reasonable steps to avoid undue burden or expense. [47] Federal Rule of Civil Procedure 45(c)(1) states,

(c) Protecting a Person Subject to a Subpoena

(1)  Avoiding Undue Burden or Expense; Sanctions.

---

[47] Fed. R. Civ. P. 45(c)(1); *See* Affidavit attached hereto as Exhibit 4.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

In light of the fact that it was widely reported in Nashville (the issuing attorney's home city) that the Michael O'Neal documents were privileged, PSC unreasonably requested them anyway.[48] PSC has also not allowed a reasonable time to respond, exceeded its limited authority, and created an undue burden as defined by the Middle District of Tennessee. Furthermore, PSC has breached its duty of good faith by scheduling Howell Allen's deposition for the same time as four other Tennessee healthcare providers, all of which are represented by Gideon, Cooper & Essary.

As a result of Mr. Stranch and PSC's failure to comply with their Federal Rule of Civil Procedure 45(c)(1) duty, Howell Allen requests the Court impose an appropriate sanction to include, but not limited to, reasonable attorney's fees.

## VII. STOPNC's Request for Compensation Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B) and (c)(3)(C)

If the Court compels Howell Allen to provide documents and testimony pursuant to the subpoena, in accordance with Federal Rule of Civil Procedure 45(c)(2)(B) and (c)(3)(C), Howell Allen respectfully requests reasonable compensation for responding to the subpoena at a fair hourly rate for the Howell Allen staff member tasked with gathering responsive documents and materials.

---

[48] Walter F. Roche, Jr., "'Mickey Mouse' on Saint Thomas clinic's patient list sent to compounder," THE TENNESSEAN, May 16, 2013, available at: http://www.tennessean.com/article/20130516/NEWS07/305160117/-Mickey-Mouse-Saint-Thomas-clinic-s-patient-list-sent-compounder (last accessed June 27, 2013).

## VIII. Conclusion

For the reasons stated herein, Howell Allen requests the Court quash or, in the alternative, modify the subpoena in accordance with Howell Allen's objections and impose sanctions against J. Gerard Stranch and PSC. Additionally, should the Court order production of the portions of the information requested, in accord with Federal Rule of Civil Procedure 45(c)(2)(B) and (c)(3)(C), Howell Allen respectfully requests that it be reimbursed for the reasonable costs and hourly fees of employees for work associated with responding to the requests.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/Chris J. Tardio_____
**Chris J. Tardio, #23294**
Suite 1100
315 Deaderick Street
Nashville, TN 37238
(615) 254-0400
***Attorney for Howell Allen***

## CERTIFICATE OF SERVICE

This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 16th day of July, 2013.

/s/Chris J. Tardio_____
**Chris J. Tardio**

17