```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

IN RE: NEW ENGLAND COMPOUNDING         MDL No. 1:13-md-02419
PHARMACY, INC. PRODUCTS LIABILITY
LITIGATION                             Hon. F. Dennis Saylor, IV
_____
```

### OBJECTIONS TO SUBPOENA

To:  Patrick T. Fennell (VSB 40393)
     Crandall & Katt
     366 Elm Avenue, S.W.
     Roanoke, Virginia 24016
     pfennell@crandalllaw.com
     (540) 342-2000

**PLEASE TAKE NOTICE**: Non-Party Rochester Brain and Spine Neurosurgery & Pain Management, LLC ("the Clinic"), by and through its undersigned counsel, objects to the attached subpoena *duces tecum* issued by counsel for the Plaintiffs' Steering Committee ("Plaintiffs") calling for testimony and the production of documents.

### GENERAL OBJECTIONS

The Clinic objects to the subpoena in its entirety, including the instructions, definitions, and documents requested, for the following reasons:

1. The subpoena does not comply with the Order of the Court filed June 21, 2013 (Document 192).

2. Service of the subpoena was improper, Fed. R. Civ. P. 45(b)(1), and the Court therefore lacks jurisdiction over the Clinic.

3. The subpoena fails to allow a reasonable time for compliance. Rule 45(c)(3)(A)(i). The Clinic is investigating coverage for the claims asserted, but the return date provides insufficient time to the Clinic to complete its review.

4. The subpoena improperly designates the Clinic's own office as the location at which the subpoena is returnable.

5. The subpoena fails to tender fees and mileage for the Clinic's representative. Fed. R. Civ. P. 45(b)(1).

6.  The Clinic is entitled to reasonable costs incurred in complying with the subpoena, including without limitation retrieval and copying costs, because the subpoena imposes undue expense upon the Clinic, *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003), especially in light of repeated requests for electronically stored information.

7.  The requested information is not vital to the underlying litigation and/or can be obtained from other sources.

8.  Even if disclosure of any of the items requested is warranted, the requests are not narrowly tailored.

9.  The subpoena exceeds the bounds of proper discovery from a non-party.

## SPECIFIC OBJECTIONS

10. The issuing party has failed to take reasonable steps to avoid imposing undue burden and expense upon the Clinic.  Fed. R. Civ. P. 45(c)(1).  For example, and without limitation:

    Item 10 requests "all documents . . . containing information obtained by, or sent to, [the Clinic] . . . from the Centers for Disease Control and Prevention, the Federal Food and Drug Administration, and/or any other Federal, state or local regulatory agency" concerning the fitness of NECP products;

    Item 11 requests "all documents . . . containing communications between [the Clinic] and any federal or state agency . . . in connection with the procurement of products from any compounding pharmacy;" and

    Item 17 requests "any and all polices of insurance . . . issued to [the Clinic], and/or its principal officers and directors and/or any physician working for [the Clinic]."

11. The subpoena purports to require the disclosure of privileged, commercially sensitive, confidential, or proprietary information, including without limitation matter protected under the Health Insurance

      Portability and Accountability Act of 1996, and no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A)(iii).  For example, and without limitation:

            Item 6 requests "the identification of each and every patient that was administered an NECP product . . . including patient name, address, date of birth, identification of product administered, and date product was administered;" and

            Items 3, 4, and 5 request "prescriptions submitted to NECP, prescription order forms, [and] NECP charges" for cardioplegic solution, ophthalmic solution, and preservative-free saline solution, respectively.

12. The subpoena, including its instructions, definitions, and documents requested, is overly broad and unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iv).  For example, and without limitation:

            Item 2 requests "[a]ny and all" documents related "in any way" to the procurement of methylprednisolone acetate ("MPA") from companies other than New England Compounding Pharmacy, Inc. ("NECP"), a task that would cause excessive searching through the Clinic's files.

13. The subpoena seeks materials that are neither relevant to the subject matter of the parties' dispute nor reasonably calculated to lead to the discovery of admissible evidence.  For example, and without limitation:

            Item 17 requires the insurance policies for the Clinic's officers and directors;

            Item 18 requests "[a]ny and all" documents "reflecting or containing the names, addresses and positions . . . within the [Clinic] of all officers and directors";

            Item 20 requests "[a]ny and all documents showing the entities or individuals with an ownership interest in the [Clinic];" and

            Item 21 requests "[a]ny and all organizational charts . . . and/or any documents listing

        directors, officers, employees, and/or agents of the [Clinic]."

        See <u>Fein v. Numex Corp.</u>, 92 F.R.D. 94, 96 (S.D.N.Y. 1981) ("Even though a nonparty may be unconcerned with the outcome of a litigation, it may legitimately oppose even slight burden upon itself where the discovery sought is irrelevant.")

14. The Clinic further objects to each of the document requests to the extent they are unreasonably cumulative or duplicative; request documents or things obtainable from some other source that is more convenient, less expensive or less burdensome, or that Plaintiffs have had an opportunity to seek from another source; or where the burden or expense to the Clinic of the proposed discovery outweighs its likely benefit to Plaintiffs.

15. Even if any production is warranted, no production should occur before entry of a confidentiality order sufficient to protect the interests of the Clinic and its patients and to ensure compliance with law.

The foregoing is not exhaustive and is intended to serve as the basis for good faith attempts to resolve this matter.  By agreement, the issuing party and the Clinic through their respective counsel will meet and confer in an attempt to resolve this matter.  Issuing counsel has indicated that he will provide revisions to counsel for the Clinic.  The issuing party and the Clinic further agree to adjourn any hearing on this matter until after their respective counsel have met and conferred.

Dated:   Buffalo, New York
         July 16, 2013

                    Respectfully submitted,

                    PHILLIPS LYTLE LLP

                    By:____s/Joanna J. Chen_____
                        Alan J. Bozer
                        Joanna J. Chen
                  One HSBC Center, Suite 3400
                  Buffalo, New York  14203-2887
                  Telephone No. (716) 847-8400
                  abozer@phillipslytle.com

                  Attorneys for the Clinic

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing **OBJECTIONS TO DOCUMENT SUBPOENA**, was served by electronic delivery to the issuing attorney of record whose address and contact information is as follows:

> Patrick T. Fennell (VSB 40393)
> Crandall & Katt
> 366 Elm Avenue, S.W.
> Roanoke, Virginia 24016
> pfennell@crandalllaw.com
> (540) 342-2000

on this 16th day of July, 2013.

s/Joanna J. Chen
Alan J. Bozer
Joanna J. Chen
One HSBC Center, Suite 3400
Buffalo, New York  14203-2887
Telephone No. (716) 847-8400
abozer@phillipslytle.com

Doc #01-2681501.2