UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | ) ) ) ) ) ) ) ) ) )   MDL No. 1:13-md-2419-FDS |

**REQUEST FOR PRESERVATION OF EVIDENCE BY DONOGHUE
BARRETT & SINGAL P.C. ON BEHALF OF JOHN DOE AND JANE DOE**

By Notice dated June 12, 2013 (the "Notice"), the United States Attorney's Office for the District of Massachusetts informed an unknown number of potentially interested parties that the government presently is conducting an investigation into events or activities that may have occurred on or involving certain property of New England Compounding Center ("NECC"). The Notice stated that the government's investigation could result in criminal, civil or administrative charges. It further stated that any individual who wished the continued preservation of NECC property for testing, evidentiary or related purposes must file a written preservation request.

The government transmitted a copy of the Notice to undersigned counsel in connection with counsel's representation of certain clients.[1] The government did not explain what criteria it applied in assembling its list of "potentially interested persons." It provided no information concerning the specific issues under investigation, how those issues may or may not relate to

---

[1] Because of the potential – albeit unwarranted and unfair – reputational impact of being publicly identified as a "potentially interested party" in a grand jury investigation, counsel has identified his clients as John Doe and Jane Doe.

each of the persons on its list, or what NECC property may be at issue or relevant to the government's investigation. It likewise provided no information concerning the nature of any NECC-related property or evidence that the government may already have preserved.

In light of the dearth of information provided by the government, the undersigned counsel lacks sufficient basis to make an informed assessment concerning what specific evidence is (or is not) relevant to whatever unspecified issues – and whatever unspecified people – might be the subject of the government's investigation. For these reasons, counsel is unable to provide a particularized list of the NECC property that he believes should be preserved pending the completion of the government's ongoing criminal, civil and administrative investigations and proceedings.

In lieu of such a list, counsel hereby requests the preservation of any and all NECC property that constitutes or contains evidence that may be relevant to any future criminal, civil, or administrative matters arising out of events at NECC. This request encompasses, but is not limited to, NECC property that might constitute or contain exculpatory evidence, as that term is defined in the Local Rules for the District of Massachusetts and/or applicable law. Undersigned counsel further requests that the government take whatever steps may be necessary to preserve such property, including through the submission of a formal preservation request of its own.

Absent preservation of such property, counsel and his clients reserve the right to seek all available remedies and relief, including but not limited to appropriate relief for any spoliation of evidence that might result.

Respectfully submitted,

JANE DOE and JOHN DOE,
By their attorney,


/s/ Bruce A. Singal_____
Bruce A. Singal (BBO) #464420)
Michelle R. Peirce (BBO# 557316)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street
Boston, MA 02108
(617) 720-5090

Dated: July 16, 2013

## CERTIFICATE OF SERVICE

    I, Bruce A. Singal, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, as well as to Assistant U.S. Attorney Zachary A. Cunha on July 16, 2013.


/s/ Bruce A. Singal_____ _____
Bruce A. Singal