UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Cases | MDL No. 1:13-md-2419-FDS |

**CHAPTER 11 TRUSTEE'S RESPONSE TO PRESERVATION REQUESTS FILED BY (I) CLEMENTS & PINEAULT, LLP, (II) K&L GATES LLP, AND (III) DONOGHUE BARRETT & SINGAL P.C.**

On May 13, 2013, Paul D. Moore, in his capacity as Chapter 11 Trustee (the "Trustee") of the Defendant New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), filed the (i) Chapter 11 Trustee's Motion for Entry of an Order Granting Limited Relief from the Preservation Order as to New England Compounding Pharmacy, Inc. [Docket No. 147] and (ii) Memorandum in Support of Chapter 11 Trustee's Motion for Entry of an Order Granting Limited Relief from the Preservation Order as to New England Compounding Pharmacy, Inc. [Docket No. 148] (together, the "Motion").  As explained more specifically in the Motion, the Trustee requested that this Court modify the existing Order as to the Preservation of Potential Evidence by New England Compounding Pharmacy, Inc. [Docket No. 110 in *Erkan v. New England Compounding Pharmacy*, Civil Action No. 12-12052-FDS] (the "Preservation Order") to allow the Trustee to "'shed burdensome contracts' and avoid unnecessary costs and expenses . . . ." Memorandum, at 7.  As this Court is aware, NECC ceased operations in October 2012 and the property in question has since been preserved for the last nine months and available for inspection by interested parties upon request, but no such requests have been received from the three law firms that filed Preservation Requests.

DM3\2598698.6

On June 12, 2013, this Court entered the Further Order Concerning Preservation of NECC Property [Docket No. 177] (the "<u>Modification Order</u>") granting the Motion, but providing parties in interest thirty (30) days to submit a "Preservation Request" and "show cause . . . with this Court, in writing . . . why the Preservation Order should not be modified." Modification Order, ¶ 3. The Modification Order further states that "[a]ny such Preservation Request <u>must identify the property</u> that the requestor seeks to have preserved under the Preservation Order" and provides that the "submission of a Preservation Request <u>shall not impose upon the Trustee an obligation to pay storage and related costs</u> for further preservation of such property." Modification Order, ¶ 3 (emphasis added).

On July 3, 2013, Clements & Pineault, LLP ("<u>C&P</u>") filed its Request for Preservation of Evidence by Clements & Pineault, LLP on Behalf of J. Does 1-4 and Other Similarly Situated Clients [Docket No. 234] (the "<u>C&P Preservation Request</u>"). On July 10, 2013 and July 16, 2013, K&L Gates LLP ("<u>K&L Gates</u>") and Donoghue Barrett & Singal P.C. ("<u>Donoghue Barrett</u>," and collectively with C&P and K&L Gates, the "<u>Requesting Firms</u>"), respectively, filed identical requests on behalf of their own unnamed clients [Docket Nos. 264, 315] (together with the C&P Preservation Request, the "<u>Requests</u>").[1]

The Requests are deficient in that they do not identify any specific property that any one of the Requesting Firms believes needs to be preserved, or what evidentiary value any particular item may have at this point in time. The requestors admit as much, stating that "counsel is unable to provide a particularized list of the NECC property that he believes should be preserved . . . ." *See* C&P Preservation Request, at 2. It is unlikely that counsel is truly unable to identify any specific items of property that must be preserved, but rather unwilling to make such a

---

[1] As the Preservation Requests filed by K&L Gates and Donoghue Barrett are identical to the C&P Preservation Request, the Trustee addresses them collectively.

determination. The Requests ignore the fact that the Motion and Modification Order (i) identify specific items of property as to which the Trustee seeks at the outset to modify the Preservation Order and (ii) establish notice procedures pursuant to which the Trustee may subsequently identify additional property that he would like excepted from the Preservation Order. No parties other than the Requesting Firms have suggested that any items retain any current evidentiary value. Indeed, the United States has said that its "ongoing investigation does not require continued retention of physical evidence that remains at the NECC site." Statement of Interest by the United States of America [Docket No. 149], at 2. Simply put, while the Trustee has, at this point, limited the scope of his Motion and identified each relevant item of property, so that parties in interest can review the list of affected property and determine which items, if any, must be preserved, it does not appear that the Requesting Firms have made reasonable efforts, if any, to do so as required by this Court's Order.

The Requesting Firms instead seek the preservation of "any and all NECC property that constitutes or contains evidence that may be relevant to any future criminal, civil or administrative matters . . . ." Id. at 2 (emphasis added). If valid reasons exist why the property identified by the Trustee must be preserved, the Requesting Firms should disclose them and agree to bear the related costs. If the firms are unable to justify the preservation of any of the specifically identified property, however, the Requests should be denied or, alternatively, the parties seeking preservation of such property should assume the associated costs. But in no event should the estate, and therefore NECC's creditors, be forced to continue to bear the cost of storing and maintaining NECC property that no longer serves any purpose.

3

WHEREFORE, the Trustee respectfully requests that this Court (i) deny the Requests, and (ii) grant the Trustee such other and further relief as this Court deems just and proper.

Dated: July 16, 2013

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Michael R. Gottfried*
Michael R. Gottfried  (BBO #542156)
Jennifer L. Mikels (BBO# 682199)
100 High Street, Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Fax: (857) 488-4201
Email: mrgottfried@duanemorris.com
jlmikels@duanemorris.com

Counsel for PAUL D. MOORE, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as unregistered participants on July 16, 2013.

/s/ Michael R. Gottfried
Michael R. Gottfried
