```
_____x
IN RE: NEW ENGLAND                        )          Master Docket No.
COMPOUNDING PHARMACY CASES                )          13-md-2419-FDS
_____ )
                                          )
This Document Relates to:                 )
                                          )
ALL CASES                                 )
_____x
```

### STATEMENT OF INTEREST BY THE UNITED STATES OF AMERICA IN CONNECTION WITH THIRD PARTY PRESERVATION REQUESTS

The United States respectfully submits this statement of interest in brief response to four Requests for Preservation of evidence (the "Requests") filed in connection with this Court's Order of June 12, 2013, and resulting notices issued to potentially interested third parties.[1]   For the reasons that follow, the United States takes no position with respect to the Requests, except insofar as they suggest that any additional disclosure or request for preservation is required of the government at this time.

### A.   The Government's Prior Application And The Requests for Preservation

As the Court is aware, the United States is a party to neither the Multidistrict Litigation nor any of the pending private civil suits that are or may be a component of this litigation, nor the bankruptcy proceeding involving NECC.  Its sole connection to the present proceeding arises out of its active investigation of NECC, which, as noted in prior filings, may implicate civil, criminal, or administrative remedies.[2]  As a result of that investigation, the United States has,

---

[1] The requests (Docket Nos. 234, 264, 289, & 315) were filed by Clements & Pineault, K&L Gates, Laredo and Smith, and Donoghue, Barrett, and Singal, respectively, on behalf of unnamed "John or Jane Doe" clients of those firms.  As the content of the notices appears to be copied verbatim from one notice to another, with the exception of the firm name, signature block, and numbering of the interested "Does," the United States believes it appropriate to respond to the filings in a single submission.

[2] In light of the government's clear and repeated position regarding the scope of potential remedies that could result from its investigation, the Requests' assertion that the use of "Doe" designations is required to avert the "unwarranted and unfair . . . reputation impact of being publically disclosed as a 'potentially interested party' in a grand jury investigation," is factually specious.  The United States has not, consistent with its obligations under

both independently, and at the invitation of the Court, previously filed statements of interest to clarify any concerns regarding the impact of this litigation on the investigation, most recently regarding the Trustee's motion to dispose of certain property on the NECC premises.  Out of an abundance of caution, the United States proposed that notice be given to third parties with potential interest in having use of, or access to, that property in a future proceeding resulting from the investigation.  In the process, the United States furnished both general notice and a specific list of the property currently subject to the Trustee's motion for relief from the Court's existing Preservation Order.

In their Requests, the "Doe" filers appear to take issue with the government's submission, asserting that the United States "did not explain what criteria it applied in assembling its list of 'potentially interested parties[,]' . . . provided no information concerning the specific issues under investigation . . . or what NECC property may be at issue or relevant to [that] investigation[,] [nor did it provide] information concerning the nature of any NECC-related property of evidence that the government may already have preserved."  Requests at 1-2. Because of this, the "Does" contend that they lack the ability to make an informed assessment of what evidence may be relevant to issues implicating their clients in connection with the investigation, but request the preservation "of any and all NECC property that constitutes or contains evidence that may be relevant to any future criminal, civil, or administrative matters arising out of events at NECC," including "property that might constitute or contain exculpatory evidence," and requests that the United States take "whatever steps may be necessary to preserve such property, including through the submission of a formal preservation request of its own." Requests at 2.  The United States will briefly address each concern in turn.

Federal Rule of Criminal Procedure 6(e), identified any potential claimant as a witness in a proceeding before a grand jury, nor is a claimant be forced to self-identify as such to tender a request for preservation to this Court.

**B.  There Is No Basis For Discovery From, or A Separate Preservation Request By, The United States.**

As a first matter, the "Does" provide no authority or articulated legal basis (and the United States is aware of none) for the novel proposition that the government bears a duty to provide a preview of discovery concerning an ongoing investigation in a separate, private, lawsuit to which it is not a party, simply because that lawsuit may involve potentially overlapping subject matter.   Accordingly, it declines to provide unidentified third parties with such information.

Secondly, it is the obligation of third-party notice recipients, not the United States, to determine if they have any basis to request the preservation of NECC property currently subject to the oversight of the Trustee.   The property that is the subject of the Trustee's motion is not within the custody or control of the United States, and accordingly the government takes no position with respect to its preservation or disposal, including with respect to the merits of the Requests tendered by the "Does."

Finally, the United States is well aware of, and will comply with, its obligations under both the law and the Local Rules to preserve and disclose evidence in connection with any proceedings that may be filed in the future as a result of its investigation, in accordance with the substantive and timing requirements of such rules.[3]   None of those obligations impose an affirmative duty on the government to obtain or preserve property not in its custody or control (*see, e.g.* Fed. R. Crim. P. 16(a)(1)(E)), or to intervene and seek the preservation of such property in a proceeding to which the United States is not a party.   Accordingly, in the absence of any articulated legal basis for their request, the United States respectfully declines the "Does" invitation to interpose a formal preservation notice in connection with the Trustee's motion, and

---

[3] The United States takes no position at this time with respect to the characterization of specific evidence or the applicability of any particular set of rules to that evidence in any future legal proceeding.

takes no position with respect to the merits of the requests for preservation that they have made

on their own behalves.

Dated: Boston, Massachusetts
      July 16, 2013

                                Respectfully submitted,

                                CARMEN M. ORTIZ
                                United States Attorney

                    By:         */s/ Zachary A. Cunha*
                                Zachary A. Cunha
                                Assistant U.S. Attorney
                                John Joseph Moakley U.S. Courthouse
                                1 Courthouse Way, Suite 9200
                                Boston, MA 02210
                                (617) 748-3387
                                Zachary.Cunha@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants, by First Class
Mail.

Dated: Boston, Massachusetts
      July 16, 2013

                                  */s/ Zachary A. Cunha*
                                Zachary A. Cunha
                                Assistant United States Attorney