

# Doylestown Hospital

595 West State Street • Doylestown, PA 18901
215-345-2200 • www.dh.org

July 16, 2013

VIA UPS

Hon. F. Dennis Saylor IV
United States District Judge
United States District Court for
 the Middle District of Massachusetts
1 Courthouse Way
Boston, MA 02210

    In re:  New England Compounding Pharmacy, Inc., Products Liability Litigation
             United States District Court, District of Massachusetts
             Case No.; 1:13-md-02419-FDS

**CORRECTED BACKGROUND STATEMENT**

Doylestown Hospital encloses one copy of its objections to certain requirements of the subpoena referenced in the enclosed materials.

Doylestown Hospital has served a copy on plaintiffs' counsel by copy of this letter and its attached Objections.

Please refer all future correspondence about this case to John B. Reiss, Vice President and General Counsel, Doylestown Hospital. Thank you.

                             Very truly yours,

                             John B. Reiss, Ph.D., J.D.

Cc:    Patrick T. Fennell, Esq.
        Crandall & Katt
        366 Elm Street, Roanoke. VA 24016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE; NEW ENGLAND COMPOUNDING : MDL No. 2419
PHARMACY, INC. PRODUCTS LIABILITY : Master Dkt. 1:13-md-02419-FDS
LITIGATION :

OBJECTION TO SUBPOENA
ISSUED TO DOYLESTOWN HOSPITAL

WHEREAS Doylestown Hospital received a subpoena by letter dated June 26, 2013;

WHEREAS the Court issued an Order concerning the Central Enforcement of Subpoenas dated June 21, 2013, sent to Doylestown Hospital by letter from Crandall & Katt dated June 26, 2013;

WHEREAS in response to said Order in which the Court permits the entry of a limited appearance for the purpose of contesting a subpoena without being deemed to otherwise consent to the jurisdiction of the Court;

NOW THEREFORE, John B. Reiss, Esq., Vice President and General Counsel, Doylestown Hospital, hereby enters his limited appearance in order to object to certain provisions of the Subpoena.

OBJECTIONS

1. Background for Objections [AMENDED: 7/16/2013]

Doylestown Hospital used none of NEC-compounded methyl prednisolone acetate, cardioplegic solution or ophthalmic solution. A small quantity of the ophthalmic solution was used at an ambulatory surgery center which was owned 60% by Doylestown Hospital and 40% by a physicians' group – but it was exclusively managed by the physicians' group under a management committee, the members of which were 50% Doylestown Hospital and 50% physicians' group. The DSC was controlled by the physicians' group, not Doylestown Hospital..

2. Objections

2.1   Doylestown Hospital objects to Questions 17 through 19 and 21 which require production of Doylestown Hospital's insurance policies, Articles of Incorporation and Bylaws, names and addresses of all officers and directors, and organizational charts.

2.2 Because Doylestown Hospital did not use the named products compounded by NEC, there is no purpose to be served by Doylestown Hospital producing the requested documents.

Averring the truth of the above stated Background and Objections.

Dated this 16th day of July, 2013

*[signature]*

John B. Reiss, Ph.D., J.D.
Attorney at Law