**PRINDLE, AMARO, GOETZ,**
**HILLYARD, BARNES & REINHOLTZ LLP**
Jack R. Reinholtz, Esq. (Bar No. 149884)
Cynthia A. Palin, Esq. (Bar No. 143486)
310 Golden Shore, Fourth Floor
Long Beach, California 90802
Telephone:  (562) 436-3946
Facsimile:  (562) 495-0564
jreinholtz@prindlelaw.com
cpalin@prindlelaw.com
ADMR 0136

Attorneys for Encino Outpatient Surgery Center

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419 <br> Dkt. No. 1:13-md-02419 |
| THIS DOCUMENTS RELATES TO: | Hon. F. Dennis Saylor, IV |
| All Cases | |

### OBJECTIONS TO AND MOTION TO QUASH PLAINTIFF'S STEERING COMMITTEE'S SUBPOENA SERVED ON ENCINO OUTPATIENT SURGERY CENTER, LLC

**I.    INTRODUCTION**

Non-party Encino Outpatient Surgery Center ("Encino") objects to and moves to quash the subpoena served on it by Plaintiffs Steering Committee ("Plaintiffs") (attached hereto as Exhibit "A").  The subpoena should be quashed because it is procedurally defective in that it was not issued from the proper court, violates this Court's discovery orders as to non-parties, seeks documents that are privileged and not relevant, and because Plaintiffs have failed to provide a reasonable time for compliance and failed to take reasonable steps to avoid undue burden and expense.

1

## II.     BACKGROUND

Encino is a medical facility and healthcare provider located in Los Angeles County, California. Los Angeles County, California is within the jurisdictional boundary of the Central District Court of California, and part of the Ninth Circuit.

On July 10, 2013, Encino was served with the subpoena issued by Plaintiffs. The subpoena demands production of 21 categories of documents on July 31, 2013, and for testimony by Encino's person most knowledgeable ("PMK") on ten subject matters on Saturday, August 10, 2013. Both the document production and deposition were noticed for Encino's office. It is believed the subpoena is the same or similar subpoena served on approximately 80 other non-party healthcare providers. The subpoena was issued by this District Court.

Encino received three lots of methylprediasdone acetate ("steroid medication") by the Centers for Disease Control and Prevention ("CDC"), all manufactured by New England Compounding Pharmacy, Inc. ("NECC"), and subject to the nationwide recall. Encino did not open or use two of the three lots. Neither did Encino purchase or receive cardioplegic solution, ophthalmic solution or preservative free saline solution from NECC.

As evidenced by the CDC web site, there are no reported cases of persons contracting fungal or bacterial meningitis in the State of California. Likewise, no patient who was administered steroid medication at Encino contracted fungal or bacterial meningitis.

## III.    LEGAL ARGUMENT

### A.     Applicable Law

The Court, under its multi-district litigation ("MDL") authority, has the power to enforce foreign-district subpoenas pursuant to 28 U.S.C. § 1407(b). When a court exercises its 28 U.S.C. § 1407(b) authority to enforce a subpoena served upon a foreign-district non-party deponent, the

2

MDL judge sits as a judge of the district court where the deponent resides.  In addition, because the MDL judge is acting as a judge of the deponent's district, appeal is to the circuit court of the deponent's district.  In regard to the subpoena issued to Encino, the Honorable Judge Saylor sits as a judge of the United States District Court for the Central District of California, and is bound by the precedent of the United States Ninth Circuit Court of Appeals.  As such, the privilege law of the State of California applies.  (FRCP 501.)

**B.**     **The Subpoena Fails to Comply with FRAP 45(a)(2)(b) and 45(a)(2)(c)**

The subpoena fails to comply with FRCP 45(a)(2)(b)-(c), that requires a subpoena be issued "from the court for the district where the deposition is to be taken" or "where the production or inspection is to be made."  The Court's ability to enforce foreign-district subpoenas does not alter the requirements of FRCP 45(a)(2)(b)-(c).  For this reason, the subpoena fails to comply with FRCP 45(a)(2)(b)-(c) and should be quashed.

**C.**     **The Subpoena Fails to Comply with Federal Rules of Civil Procedure, Rule 45(a)(1)**

FRCP Rule 45(b)(1) requires that notice of subpoenas commanding the production of documents, electronically stored information or tangible things be served on each party. (*Biocore Med. Technologies, Inc. v. Khosrow Shahi* (DKS 1998) 181 FRD 660, 667.)  Notice of the subpoena to Encino has not been provided in the MDL Master Docket and, upon information and belief, Plaintiffs have not provided notice to the MDL parties by mail or electronic communications.  Such notice should have been provided *before* service of the subpoena. Therefore, the subpoena served upon Encino is procedurally deficient under FRCP 45(b)(1).

///

///

3

**D.     The Subpoena Violates This Court's June 21, 2013 Orders**

     **1.     The Subpoena is Overbroad as to Time**

This Court entered an order entitled "Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information" and "Order on Central Enforcement of Subpoenas." These orders limited Plaintiffs' subpoenas to the period January 2011 through November 2012. In contrast, the subpoena served on Encino seeks documents for the period October 6, 2010 to October 6, 2012.

     **2.     The Subpoena Requires Production of Documents to Plaintiffs' and Not a Vendor**

This Court ordered that documents sought by Plaintiffs' subpoena be produced to a third-party vendor. The subpoena served on Encino requires production directly to Plaintiffs' in violation of this Court's orders.

**E.     The Subpoena Seeks Documents That Are Privileged**

Plaintiffs' subpoena seeks documents evidencing the identity and contact information of Encino's patients. Thus, the subpoena intrudes on those patients' right to privacy as recognized by the California Constitution, California statutes, and the physician-patient privilege.

Article I, Section I of the California Constitution, prescribes a right to privacy. Preserving confidential, personnel information of non-witness third parties generally outweighs a party's interest in attaining such information. (*Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App.4th 640, 652.) The party seeking disclosure of the confidential information must show a "compelling need" for the information. (*Life Technologies, id.,* at p. 652 ) This right to privacy covers a person's medical records and is grounds for refusal to answer questions regarding those records. (*John B. v. Superior Court* (2006) 38 Cal.4th 1177; *Board of Medical Quality Assurance*

4

(1979) 93 Cal.App.3d 669, 678 ["a person's medical profile is an area of privacy infinitely more intimate, more personal in quality and nature than many areas already judicially recognized and protected".].) The patients of Encino are non-witness third parties and the subpoena seeks disclosure of their personal information. This personal information is protected by their constitutional right to privacy. Plaintiffs have not shown a "compelling need" for obtaining this confidential and constitutionally-protected information relevant to their claims against NECC.

In addition to the protection provided by California's constitution, patients' personal information is protected by California's physician-patient privilege. Information protected by a statutory privilege is not discoverable. (Cal. Code Civ. Proc. § 2017.010.) California Evidence Code section 994 gives a patient a "privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and physician". When applied, this privilege prevents discovery of even relevant information. (*Slagle v. Superior Court* (1989) 211 Cal.App.3d 1309, 1313, *citing Rudnick v. Superior Court* (1974) 11 Cal.3d 924, 929 ["There can be no discovery of matter which is privileged."].) As with the right of privacy, the physician-patient privilege gives the patient the sole authority to disclose his/her confidential information. California Evidence Code section 994 makes this information privileged and protected from discovery. Because, Encino is not the holder of the privilege it cannot be compelled to reveal the personal information of its patients.

Encino is also required, by California statute, to protect disclosure of a patient's information. California requires a clinic or health facility to prevent "unlawful or unauthorized access to, and use or disclosure of, patients' medical information". (Cal. Health & Saf. Code §1280.15(a).) Therefore, Encino is not only required to protect patients' information from disclosure, but it is also prevented from disclosing the information itself.

**F.     The Subpoena Seeks Documents That Are Not Relevant**

Encino is not a party to this litigation.  According to the CDC, no person in the State of

California has contracted fungal or bacterial meningitis.  No person who received NECC product

while at Encino contracted fungal or bacterial meningitis.  Nevertheless, the subpoena seeks the

following:

> 2.     Any and all documents and/or ESI reflecting, and/or
> relating in any way whatsoever to, the procurement of MPA, or its
> generic or name-brand equivalent, from any producers,
> compounding facility or manufacturer other then NECP, since
> October 6, 2007, including without limitation of the foregoing,
> information reflecting dates of shipment and/or receipt, quantities
> of shipment, lot numbers and other identifying labels, sizes of
> containers of the product, the cost you paid for the product,
> applicable warranties, shelf life, expiration dates, requirements and
> instructions for shipment and/or storage, and the specific identify
> of the preparation being purchased.
>
> 17.     Any and all policies of insurance, including without
> limitation the foregoing, professional liability, malpractice,
> products liability, general liability, and comprehensive or umbrella
> policies, issued to the Healthcare Provider and/or its principal
> officers and directors and/or physicians working for or on behalf of
> the Healthcare Provider, for the policy periods including calendar
> years 2011, 2012 and 2013.
>
> 18.     Articles of Incorporation and/or By-Laws
> applicable to the Healthcare Provider for calendar years 2011,
> 2012 and 2013.
>
> 19.     Any and all documents and/or ESI reflecting or
> containing the names, addresses and provisions (President, Vice-
> President, Director, etc.) within the Healthcare Provider for all
> officers and directors of the Healthcare Provider during calendar
> years 2011, 2012 and 2013.
>
> 20.     Any and all documents showing the entities or
> individuals with an ownership interest in the Healthcare Provider.
>
> 21.     Any and all organizational charts maintained by the
> Healthcare Provider and/or any documents listing directors,
> officers, employees, and/or agents of the Healthcare Provider

> showing the names and positions of said directors, officers,
> employees, and/or agents and their relationship or rank within the
> Healthcare Provider.

These documents are not relevant to any issue in the MDL litigation, of which Encino is

not a party. Further, the subpoena goes beyond the authority granted to Plaintiffs to conduct

discovery. As a non-party to the MDL action, Encino is afforded greater protection against

overbroad subpoenas.

**G.      Plaintiffs Have Failed to Provide a Reasonable Time for Compliance and**
**         Have Not Taken Steps to Avoid Undue Burden and Expense**

Plaintiffs have failed to provide Encino with a reasonable period of time to comply with

its requests for documents. Pursuant to FRCP 34(b)(2)(A), a respondent gets 30 days to comply

with a request for production. Plaintiffs' subpoena only affords Encino 21 days to comply.

Therefore, pursuant to FRCP Rule 34(b)(2)(A)(i), the Court must quash or modify the subpoena.

However, even if Plaintiffs had provided Encino with 30 days to comply, 30 days is far

too short a time frame to comply with the overbroad and unduly burdensome requests

propounded by Plaintiffs. Encino requests additional time to respond to these cumbersome

requests.

Plaintiffs' overbroad and unduly burdensome requests, which fail to provide Encino with

a reasonable period of time to respond, and which seek, in part, privileged documents, are a clear

violation of Plaintiffs' duty to take reasonable steps to avoid undue burden or expense. FRCP

45(c)(1) states:

> (c)      Protecting a Person Subject to a Subpoena
>
> (1)      Avoiding Undue Burden or Expense; Sanctions.
>
> A party or attorney responsible for issuing and
> serving a subpoena must take reasonable steps to
> avoid imposing undue burden or expense on a

> person subject to the subpoena. The issuing court
> must enforce this duty and impose an appropriate
> sanction – which may include lost earnings and
> reasonable attorney's fees – on a party or attorney
> who fails to comply.

In light of the fact that Plaintiffs have not allowed a reasonable time to respond, exceeded their limited authority, and created an undue burden, Plaintiffs have violated their duty pursuant to FRCP 45(c)(1). Furthermore, Plaintiffs breached their duty of good faith by scheduling Encino's deposition for a Saturday.

H. **Encino Requests Compensation Pursuant to FRCP 45(c)(2)(b) and (c)(3)(2)**

If the Court compels Encino to provide documents and testimony pursuant to the subpoena, in accordance with FRCP 45(c)(2)(b) and (c)(3)(c), Encino respectfully requests reasonable compensation for responding to the subpoena at a fair hourly rate for the Encino staff member tasked with gathering responsive documents and materials.

## IV. CONCLUSION

Plaintiffs' subpoena should be quashed. The subpoena is procedurally defective because it was not issued by the Central District Court of California, violates this Court's discovery orders as to non-parties, and seeks documents that are privileged and not relevant. Further, Plaintiffs have failed to take reasonable steps to avoid undue burden and expense.

DATED: July 23, 2013                      PRINDLE, AMARO, GOETZ,
                                          HILLYARD, BARNES & REINHOLTZ LLP


                                          By: _____
                                              JACK R. REINHOLTZ
                                              CYNTHIA A. PALIN
                                              Attorneys for Encino Outpatient
                                              Surgery Center

8

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on July ___, 2013 using the CM/EFC system which sent notifications of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

DATED:  July ___ 2013

PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP

By:_____
JACK R. REINHOLTZ
CYNTHIA A. PALIN
Attorneys for

9