PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP
Jack R. Reinholtz, Esq. (Bar No. 149884)
Cynthia A. Palin, Esq. (Bar No. 143486)
310 Golden Shore, Fourth Floor
Long Beach, California 90802
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
jreinholtz@prindlelaw.com
cpalin@prindlelaw.com
ADMR 0136

Attorneys for Encino Outpatient Surgery Center

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENTS RELATES TO:<br><br>All Cases | MDL No. 2419<br>Dkt. No. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV |

ENCINO OUTPATIENT SURGERY CENTER'S BRIEF
REGARDING ITS PATIENTS' RIGHT TO PRIVACY
UNDER CALIFORNIA LA

I.  **INTRODUCTION**

Non-party Encino Outpatient Surgery Center (Encino) files this brief in support of its motion to quash Plaintiffs Steering Committee ("Plaintiffs") subpoena for production of:

> 6. Any and all documents and/or ESI reflecting, and/or related to, the identification of each and every patient that was administered an NECP product during the two-year period immediately preceding October 6, 2012, including patient name, address, date of birth, identification of product administered, and date product was administered.

1

The documents and information sought are protected under various provisions of California law, which controls pursuant to FRCP 501.

## II. CALIFORNIA LAW

Plaintiffs' subpoena seeks documents evidencing the identity and contact information of Encino's patients. Thus, the subpoena intrudes on those patients' right to privacy as recognized by the California Constitution, California statutes, and the physician-patient privilege.

Article I, Section I of the California Constitution, prescribes a right to privacy. Preserving confidential, personnel information of non-witness third parties generally outweighs a party's interest in attaining such information. (*Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App.4th 640, 652.) The party seeking disclosure of the confidential information must show a "compelling need" for the information. (*Life Technologies, id.,* at p. 652 ) This right to privacy covers a person's medical records and is grounds for refusal to answer questions regarding those records. (*John B. v. Superior Court* (2006) 38 Cal.4th 1177; *Board of Medical Quality Assurance* (1979) 93 Cal.App.3d 669, 678 ["a person's medical profile is an area of privacy infinitely more intimate, more personal in quality and nature than many areas already judicially recognized and protected".].) The patients of Encino are non-witness third parties and the subpoena seeks disclosure of their personal information. This personal information is protected by their constitutional right to privacy. Plaintiffs have not shown a "compelling need" for obtaining this confidential and constitutionally-protected information relevant to their claims against NECC.

In addition to the protection provided by California's constitution, patients' personal information is protected by California's physician-patient privilege. Information protected by a statutory privilege is not discoverable. (Cal. Code Civ. Proc. § 2017.010.) California Evidence Code section 994 gives a patient a "privilege to refuse to disclose, and to prevent another from

disclosing, a confidential communication between patient and physician". When applied, this privilege prevents discovery of even relevant information. (*Slagle v. Superior Court* (1989) 211 Cal.App.3d 1309, 1313, citing *Rudnick v. Superior Court* (1974) 11 Cal.3d 924, 929 ["There can be no discovery of matter which is privileged."].) As with the right of privacy, the physician-patient privilege gives the patient the sole authority to disclose his/her confidential information. California Evidence Code section 994 makes this information privileged and protected from discovery. Because, Encino is not the holder of the privilege it cannot be compelled to reveal the personal information of its patients.

Encino is also required, by California statute, to protect disclosure of a patient's information. California requires a clinic or health facility to prevent "unlawful or unauthorized access to, and use or disclosure of, patients' medical information". (Cal. Health & Saf. Code §1280.15(a).) Therefore, Encino is not only required to protect patients' information from disclosure, but it is also prevented from disclosing the information itself.

### III. CONCLUSION

FRCP 501 requires application of California law. Under California law, the documentation sought is protected from disclosure. Therefore, as to demand/category number 6, the subpoena should be quashed.

DATED: July 23, 2013

PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP

By: /s/ Cynthia Palin
JACK R. REINHOLTZ
CYNTHIA A. PALIN
Attorneys for Encino Outpatient
Surgery Center

3

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on July ___, 2013 using the CM/EFC system which sent notifications of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

DATED: July 23 2013

PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP

By: _____
JACK R. REINHOLTZ
CYNTHIA A. PALIN
Attorneys for

4