UNITED STATES DISTRICT COURT
FOR THE DISTRICT MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt.: 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## OBJECTION TO SUBPOENA AND MOTION TO QUASH

Harford County Ambulatory Surgery Center, LLC, ("Objector") by its attorney, Thomas J. Althauser, objects to the Subpoena served upon it by the Plaintiffs' Steering Committee and moves to quash the same:

**I.    OVERVIEW OF MOTION**

First, the subpoena should be quashed because it was incomplete and the Plaintiff's Steering Committee lawyer has declined to confer as required by this court's local rules. Second, the subpoena is overly broad in seeking errors and omissions policy information because any claims against the Harford County Ambulatory Surgery Center, LLC could not be brought in this court. Instead, exclusive jurisdiction for any such claim is Maryland's Health Care Alternative Dispute Resolution Office. Accordingly, the Plaintiff's Steering Committee (the "PSC") is not entitled to the errors and omissions policies it seeks in request no. 17.

**II.    THE PSC HAS NOT COMPLIED WITH THE LOCAL RULES**

A Subpoena was personally served upon the Objector the afternoon of Friday, July 12, 2013. The undersigned received and reviewed the documents on Monday July 15th and observed that the subpoena and attached notice of videotaped deposition appeared to be incomplete because they referred to documents that had to be produced as being attached as Exhibit A.

However, there was no such exhibit attached.  A copy of what was served upon the Objector is attached hereto as Exhibit 1.  On Monday, July 15, 2013, the undersigned counsel for the Objector telephoned the office of Elisha Hawk, Esquire, the attorney for the PSC who issued the subpoena.  Upon being told that she was not expected back that day, the undersigned left her a voicemail explaining that the subpoena appeared to be incomplete and, among other issues that he wished to speak about was the date of the videotaped deposition.  The undersigned followed up that voicemail with an email of the same day in which he enclosed a PDF version of the incomplete subpoena that had been served upon his client, again asking to discuss objections to the subpoena and to also discuss its apparent incompleteness.  See email attached to Exhibit 2.  Again, there was no response from the PSC lawyer to either the voicemail or to the email.  Consequently, on Wednesday, July 17, 2013, the undersigned wrote and mailed by first class mail a letter to the PSC lawyer, including the email previously sent was enclosed, as well as the PDF copy of what was served upon the Movant.  Again, there was no response from the PSC counsel.  A copy of that letter and the email is attached hereto as Exhibit 2.

This District's Local Rule 37.1 makes it clear that counsel issuing subpoenas on behalf of parties have an obligation to attempt to narrow disputes and confer in such an attempt.  Despite the undersigned utilizing three methods of communication to attempt to obtain a response, counsel for the PSC has steadfastly declined to discuss with counsel for the Objector regarding any of the issues raised.  It has been more than seven days since the undersigned's first two attempts to confer with the PSC counsel.  Accordingly, on that ground alone, the Subpoena should be quashed.[1]

---

[1] Notably, only by searching and purchasing documents filed with and by this court did the undersigned learn that after serving the subpoena, the PSC then limited the scope of subpoenas it had already served by filing the PSC's Consolidated Response to Subpoena Objections (ECF Document 325).  Without conducting such a search, this Objection would have had to be considerably longer.  The undersigned suggests that parties subject to subpoena

2

### III. THE ERRORS AND OMISSIONS POLICIES SHOULD NOT BE PRODUCED

Although the exhibit to the subpoena that was supposed to list the categories of testimony was missing, the undersigned has, through the Pacer system, obtained copies of similar exhibits issued by the PSC in which they all appear to seek the same 21 categories of documents. Moreover, the undersigned has reviewed the PSC's Consolidated Response to Subpoena Objections (ECF Document 325) filed with this Court on July 17, 2013 and it is clear from that filing that the missing exhibit sought those 21 categories of documents. Request No. 17, even with modifications, apparently requires the Objector to produce its errors and omissions insurance policies for the calendar years 2011, 2012 and 2013. Such production is premature because the Objector is not a party to any litigation. Moreover, the request is overly broad because, as discussed below, the Objector cannot be subject to a lawsuit in the pending multi-district litigation.

Maryland requires claims against healthcare providers to be arbitrated in a special forum. As a healthcare provider, the Objector is only subject to claims which are filed in Maryland's Health Claims Alternative Dispute Resolution Office. That special jurisdiction of healthcare malpractice claims was established pursuant to Article 2A of Maryland Courts & Judicial Proceedings Code. See § 3-2A-01, et seq. "So strong is the public policy [requiring arbitration] that this Court will, *sua sponte*, vacate judgment and order an action dismissed where the litigants have not followed the special statutory procedure." *Oxtoby v. McGowan*, 294 Md. 83 (1982).

---

should not be put in a position where they have to incur substantial fees and expenses to determine that the subpoena has been further limited in order to determine the extent of any papers that must be filed with this court. Additionally, even with the modifications, not all of the categories are clear to the undersigned and further motions may be required if the undersigned has a different interpretation of the modifications made by the PSC than the PSC intends. Speaking with the undersigned may have limited future issues.

3

And the PSC could not bring products liability actions against the Objector in this court. Although a small minority of jurisdictions have allowed such claims[2], the vast majority have not. A few examples follow. *Hector v. Cedars-Sinai Medical Center,* 180 Cal. App. 3d 493 (2d Dist. 1986) (noting that the plaintiff entered the hospital not to purchase the pacemaker, but to obtain a course of treatment that included the pacemaker); *Porter v. Rosenbert*, 650 So. 2d 79 (Fla. Dist. Ct. App. 4th Dist. 1995) (adopting a test that, if medical services could not have been rendered without utilizing a product, then products liability is not applicable); *In re TMJ Implants Products Liability Litigation,* 872 F. Supp. 1019 (D. Minn. 1995) (holding that the mere fact that the physician provided the product to the patient does not make the physician the "manufacturer" of the product); *Parker v. St. Vincent Hosp.*, 122 N.M. 39 (Ct. App. 1996) (declining, for policy reasons, to impose strict liability on a hospital); *Probst v. Albert Einstein Medical Center*, 82 N.Y.S.2d 2 (1st Dep't 1981) (noting that the insertion of the product into the patient was incidental to the medical services provided, and therefore there was no merit to the cause of action).

The Maryland courts were faced with a similar issue when tainted blood was provided as part of a medical procedure. In *Roberts v. Suburban Hosp. Ass'n, Inc.,* 73 Md. App. 1 (1987), the Court of Special Appeals addressed this issue. There, the plaintiff received a blood transfusion, but was given blood that was infected with HIV. *Id.* Thereafter, the plaintiff sued the hospital for strict liability and breach of implied warranties of merchantability and fitness. *Id.* The court focused on the distinction between the doctor as a service provider and the doctor as providing a product. *Id.* at 8. The Court of Appeals quoted, with approval, the seminal case of, *Perlmutter v. Beth David Hospital*, 308 N.Y. 100, 123 N.E.2d 729 (1954):

---

[2] *See, e.g., Rogers v. Synthes, Ltd.,* 626 So. 2d 775 (La. Ct. App. 2d Cir. 1993); *Bell v. Poplar Bluff Physicians Group, Inc.,* 879 S.W.2d 618 (Mo. Ct. App. S.D. 1994).

> The supplying of blood by the hospital was entirely subordinate to its paramount function of furnishing trained personnel and specialized facilities in an endeavor to restore plaintiff's health. It was not for blood – or iodine or bandages – for which plaintiff bargained, but the wherewithal of the hospital staff and the availability of the hospital facilities to provide whatever medical treatment was considered advisable.

*Roberts,* 73 Md. at 12. Accordingly, Maryland's Court of Special Appeals held that the plaintiffs' claims must be dismissed. *Id.* at 15-16.

Thus, the errors and omissions policies should not be produced. First, the Objector is not a party to any litigation and it should not have to produce errors and omissions policies unless it is. Second, because Maryland would not recognize a products liability action, any action would have to be brought in Maryland's Health Care Alternative Dispute Resolution Office, not in this court.[3] If and when a claim or lawsuit is filed against the Objector, the insurance policies will have to be produced during discovery but now is neither the appropriate time nor the appropriate forum.

WHEREFORE, Harford County Ambulatory Surgery Center, LLC requests that the subpoena be quashed in its entirety for failure to comply with the Local Rules or, alternatively, in addition to the limitations submitted by the PSC, the request for errors and omissions policies be stricken.

---

[3] It should also be noted that any such claims would have to be filed on behalf of individual Plaintiffs, not the PSC.

                Respectfully submitted,

                */s/ Thomas J. Althauser*
                Thomas J. Althauser, Maryland Fed. Bar No. 05770
                Eccleston and Wolf, P.C.
                7240 Parkway Drive, 4th Floor
                Hanover, MD  21076-1378
                410-752-7474
                410-752-0611 (fax)
                althauser@ewmd.com
                *Attorneys for Harford County Ambulatory Surgery Center, LLC*

## CERTIFICATE OF SERVICE

      This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 24th day of July, 2013.

                */s/ Thomas J. Althauser*
                Thomas J. Althauser (Fed. Bar No. 05770)