# EXHIBIT 1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| In re: New England Compounding Pharmacy, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL 1:13-md-02419 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Harford County Ambulatory Surgery Center

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Harford County Ambulatory Surgery Center: 1952 A. Pulaski Highway, Edgewood, Maryland 21040 | Date and Time:<br>08/14/2013 2:00 pm |
|---|---|

The deposition will be recorded by this method:  **Stenographically and/or Videographically**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  06/21/2013

*CLERK OF COURT*

OR  *[signature]*

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Plaintiffs' Steering Committee                              , who issues or requests this subpoena, are:
Elisha N. Hawk, Esq., Janet, Jenner & Suggs, LLC, 1777 Reisterstown Road, Ste. 165, Baltimore, MD 21208, ehawk@myadvocates.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL 1:13-md-02419

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  Harford County Ambulatory Surgery Center

was received by me on *(date)*   06/21/2013   .

☑ I served the subpoena by delivering a copy to the named individual as follows: registered mail

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:   06/21/2013

*Server's signature*

Elisha N. Hawk, Esq.
*Printed name and title*

Janet, Jenner & Suggs, LLC
1777 Reisterstown Road, Ste. 165
Baltimore, MD 21208

*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: All Cases | MDL No. 1:13-md-02419 <br><br> Hon. F. Dennis Saylor, IV |

### NOTICE OF TAKING VIDEOTAPED ORAL DEPOSITION OF DESIGNATED REPRESENTATIVE(S) OF NON PARTY HARFORD COUNTY AMBULATORY SURGERY CENTER

Please take notice that on August 14, 2013 beginning at 2:00 p.m. at the offices of Harford County Ambulatory Surgery Center: 1952 A. Pulaski Highway, Edgewood, Maryland 21040, the deposition of a designated corporate representative will be taken upon oral examination by one or more attorneys of the Plaintiffs' Steering Committee in the pending MDL, pursuant to Rule 30 of the Federal Rules of Civil Procedure for the purpose of discovery or for use as evidence in this action, and before an officer authorized by law to administer oaths.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, the non-party deponent(s) shall produce at the deposition the documents identified in Exhibit 1 attached to this Notice.

**Duty to designate.** By designating a representative, the organization indicates its representative has the authority to speak on its behalf about the matters listed in this deposition notice – not only to facts, but also to subject beliefs and opinions.[1]

---

[1] *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 20 (E.D. Pa. 1986); *See also Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 148, 151-52 (D.D.C. 1999); *Mitsui & Co. v. Puerto Rico Water Res. Autho.*, 93 F.R.D. 62, 66-67 (D.P.R. 1981).

**Duty to substitute**. If it becomes clear that the chosen representative is unable to respond to questions on the matters for which he or she has been designated, the organization must immediately provide a substitute knowledgeable witness. This is required even if the initial designation was made in good faith.[2]

**Duty to prepare**. The testimony elicited in the deposition represents the organization's knowledge, not the individual deponent's knowledge. The organization must conduct a thorough investigation in response to the deposition notice and must prepare any witness to testify to all matters "known or reasonably available to the organization." Therefore, if the organization's designee is not knowledgeable about the matters specified in the deposition notice, it must nonetheless prepare such designee to give knowledgeable, binding answers.[3]

"Reasonably available" information includes all documents that the organization has the authority, legal right, or practical ability to obtain. An inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear.[4]

**Scope of inquiry** The description contained in the deposition notice simply identifies the minimum to which a witness must be prepared to testify. If an examining

---

[2] *See Marker v. Union Fidelity Life*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

[3] *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

[4] *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000) (citing *Lumber v. PPG Industries, Inc.*, 168 F.R.D. 641, 643 n. 1 (D. Minn. 1966); *See Black Horse Lane Assoc., L.P. v. Down Chem. Corp.*, 228 F. 3d 275, 303-04 (3d Cir. 2000); *Resolution Trust Corp. v. S. Union Co.*, 985 F. 2d 196, 197 (5th Cir. 1993); *Taylor*, 166 F.R.D. at 363; *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

party asks questions outside the scope of the matters described in the notice, the general deposition rules govern.

### DESIGNATION OF TESTIMONY AND PRODUCTION OF DOCUMENTS

The designated matters upon which examination is requested are as follows:

1. To provide testimony regarding those individuals involved in the production of documents.
2. To provide testimony regarding the efforts made and the time expended in the production of documents.
3. To provide testimony regarding the methods of search and methods of production of documents produced.
4. To provide testimony regarding the authenticity of documents.
5. To provide testimony regarding the methods of storage, entry and use of computer data and the method by which it has been produced.
6. To provide testimony regarding the location and methods of storage of corporate documents.
7. To provide testimony regarding the existence of documents.
8. To provide testimony regarding the electronic creation, duplication and/or storage of the documents.
9. To provide testimony regarding any and all document retention/destruction policies that would relate to any of the documents.
10. To provide testimony regarding the searchability of databases for the extraction of information.

RESPECTFULLY SUBMITTED

*[signature]*

Elisha N. Hawk, Esq.
Janet, Jenner & Suggs, LLC
1777 Reisterstown Road, Ste. 165
Baltimore, Maryland 21208
410-653-3200
EHawk@myadvocates.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of June 2013, a true and exact copy of the foregoing was filed with this Court's CM/ECF filing system, thereby providing electronic notice to counsel of record who are registered users of the system.

*[signature]*

Elisha N. Hawk, Esq.



T 617.482.3700   F 617.482.3003

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com
Direct (617) 482-3700
tom@hbsslaw.com

June 21, 2013

**Harford County Ambulatory Surgery Center, LLC**
**c/o Charles J. Thorne**
**Suite B**
**8019 Corporate Drive**
**Baltimore, MD 21236**

Re:   New England Compounding Center Litigation, MDL No. 2419

To Whom It May Concern,

As you are aware, last year New England Compounding Pharmacy, Inc. d/b/a the New England Compounding Center ("NECC") distributed tainted medication to various clinics throughout the country and specifically in Tennessee. Hundreds, if not thousands, of patients have been injured as a result of exposure to tainted NECC products. The most recent Center for Disease Control reports confirm that over 700 patients have confirmed illnesses related to their exposure to tainted NECC pharmaceuticals and over 240 people have confirmed cases of meningitis. Fifty-eight people have died.

According to the CDC, Harford County Ambulatory Surgery Center, LLC purchased and received preservative free methylprednisolone actetate from at least one of the three contaminated lots distributed by NECC.

The Judicial Panel on Multidistrict Litigation created a multi-district litigation forum in the United States District Court for the District of Massachusetts to address federal lawsuits alleging harm related to products manufactured by NECC (No. 1:13-md-2419-FDS). The Honorable Judge Saylor appointed seven firms to the Plaintiffs' Steering Committee (PSC) and appointed me, Thomas M. Sobol of Hagens Berman Sobol Shapiro LLP, as Lead Counsel.

Lead Counsel and the PSC are charged with:

1. Initiating, coordinating, and conducting all pretrial discovery on behalf of plaintiffs in all actions subject to this order;

010337-13 616206 V1

June 21, 2013
Page 2

2. Developing and proposing to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

3. Issuing in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims); and

4. Conducting all discovery, by members or their designees approved by Lead Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

NECC has filed for reorganization under Chapter 11 of the Bankruptcy Code. Lead Counsel and the PSC are coordinating their efforts with the Official Creditor's Committee and its counsel, and will share with the Creditor's Committee all appropriate information that you produce in response to the subpoena. The PSC and Lead Counsel are committed to working hand-in-hand with the Official Creditors' Committee. Lead Counsel and the Creditors' Committee will be involved in any settlement discussions.

Lead Counsel and the PSC have designated Elisha Hawk of Janet Jenner & Suggs, LLC to handle the day-to-day litigation of claims against Harford County Ambulatory Surgery Center, LLC.

You will receive a subpoena requesting information about your purchase, storage, and use of NECC products shortly. For your convenience, a copy of that subpoena is attached.

The subpoena requests some information that is protected under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and other privacy laws. We have asked Judge Saylor to enter an order in the MDL governing the production of this protected health information. (Dkt. No. 180-81) Once the order has been entered, we will identify a HIPAA-compliant vendor to receive (only) protected health information that is responsive to this subpoena. All other responsive information should be produced in accordance with the instructions in the subpoena.

June 21, 2013
Page 3

We have also asked Judge Saylor to enter an order confirming that he will centrally enforce all subpoenas and instructing subpoena recipients to file any objections or motions to quash directly into the MDL. (Dkt. No. 182) Judge Saylor will hear any objections to subpoenas at the July 18, 2013 MDL status conference. (Dkt. No. 183)

Thank you. Please contact me or Elisha Hawk with any questions.

Sincerely,

**/s/ Thomas M. Sobol**

Thomas M. Sobol
Partner
HAGENS BERMAN SOBOL SHAPIRO LLP

TMS:kjp
Enclosure

010337-13 616206 V1