**MONTGOMERY McCRACKEN WALKER & RHOADS LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, New Jersey 08002
(856) 488-7700
*Counsel for Defendants Inspira Health Network, Inc.*
*and Inspira Medical Centers, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Hannah v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10407;<br>*Jones v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10409;<br>*Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410;<br>*Rios v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10411;<br>*Rivera v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10412;<br>*Tayvinsky v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10414;<br>*Gould v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10444; and<br>*Normand v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10447 | **Document Electronically Filed**<br><br>MDL No. 1:13-md-2419-FDS |

**INSPIRA HEALTH NETWORK, INC. AND INSPIRA MEDICAL CENTERS, INC.'S**
**SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S**
**<u>JULY 18, 2013 ELECTRONIC ORDER</u>**

Defendants Inspira Health Network, Inc. and Inspira Medical Centers, Inc. (formerly known as South Jersey Health System, Inc. and South Jersey Hospital, Inc.) (collectively, "Inspira"), by and through their undersigned attorneys, respectfully submit this Supplemental Brief in Response to the Court's July 18, 2013 Electronic Order as to whether, under Fed. R. Civ.

P. 26 or 45, or otherwise, the Court may enforce a subpoena seeking non-party patient and medical information intended to assist in the provision of notice to potential claimants in the bankruptcy court.

As a result of the hearing held before Hon. Henry J. Boroff in the United States Bankruptcy Court for the District of Massachusetts, *In re New England Compounding Pharmacy, Inc.*, No. 12-19882, on Wednesday, July 24, 2013, Inspira respectfully submits that this question is now moot. Judge Boroff has provided for a comprehensive notice regime that expressly limits and directs actual notice to patients who received an injection of preservative-free methylprednisolone acetate ("MPA") that came, or likely came, from one of the following three lots produced by NECC: 05212012@68, 06292012@26, 08102012@51 (the "Affected Lots"). Judge Boroff ordered, among other things, that all healthcare providers, such as Inspira, must provide to the bankruptcy trustee a list of all patients who received an injection of MPA from one of the Affected Lots on or before August 16, 2013, for notice purposes. Because the bankruptcy court has created a mechanism for and defined the scope of notice, the question raised by this Court – whether it may enforce a subpoena intended to obtain information to assist in the provision of notice to potential claimants in the bankruptcy court – is now moot.

## OVERVIEW OF PROCEEDINGS

On June 26, 2013, the Plaintiff's Steering Committee ("PSC") sent a copy of a Subpoena addressed to South Jersey Healthcare. Following an unsuccessful attempt to meet and confer, Inspira filed its Motion to Quash the PSC's Subpoena and accompanying objections on July 10, 2013. (Dkt. No. 273.)[1] Along with a host of procedural and substantive objections, the crux of

---

[1] A number of other non-parties/parties also filed objections to the PSC's subpoenas. (*See* Dkt. Nos. 218, 219, 220, 221, 222, 231, 236, 241, 244, 246, 250, 252, 254, 256, 257, 259, 260, 261, 266, 269, 273, 275, 279, 288, 300, 303, 304, 305, 306, 307, 308, 311, 314, 317, 327.)

Inspira's argument was that the PSC's subpoena should be quashed because it sought protected patient information from Inspira, as well as non-parties, that exceeded the scope of patients at potential risk of harm as defined by the Centers for Disease Control and Prevention ("CDC"). *See* CDC, Case Definitions for Meningitis and Other Infections, http://www.cdc.gov/hai/outbreaks/clinicians/casedef_multistate_outbreak.html (last visited July 9, 2013) ("A person who received a preservative-free methylprednisolone acetate (MPA) injection, **with preservative-free MPA that definitely or likely came from one of the following three lots produced by the New England Compounding Center (NECC) [05212012@68, 06292012@26, 08102012@51]**…")

On July 18, 2013, this Court held a status conference, at which time Your Honor posited whether, under Fed. R. Civ. P. 26 or 45, or otherwise, the Court may enforce a subpoena seeking non-party patient and medical information intended to obtain information to assist in the provision of notice to potential claimants in the bankruptcy court.  In response, the PSC reiterated that its purpose for seeking the subpoenaed information is to "provide actual notice of any bar date to tort victims" (*see* The Plaintiffs' Steering Committee's Consolidated Response to Subpoena Objections, Dkt. No. 325), which has consistently been the PSC's purported motive for seeking such broad information.  (*See also* Memorandum in Support of Plaintiffs' Motion for Entry of Qualified Protective Order for Protected Health Information, Dkt. No. 181 ("This information is critical to identify potential claimants in this MDL and Bankruptcy Actions to provide notice of potential claims against NECC, its affiliated entities, and other potential defendants.").)  Moreover, despite representations from the Chapter 11 Trustee's counsel to the contrary, and despite the fact that a bar date motion was pending in the bankruptcy court, the

PSC advocated that the MDL, and not the bankruptcy court, was the more appropriate vehicle to obtain this patient information for the Trustee for the purpose of providing notice.

The PSC took this cause up again in its brief and oral argument opposing the entry of a bar date in the bankruptcy court, (*see* Dkt. No. 365 at Docket No. 12-19882), explaining that the "discovery against the many clinics, health care providers, and others that may be responsible for the distribution and use of defective NECC products . . . would be used in part by the Trustee to provide direct notice to victims." (*Id.* at p. 6.) Judge Boroff disagreed with the PSC.

Judge Boroff heard oral argument on the Bar Date Motion on July 24, 2013. At the conclusion of the hearing, Judge Boroff limited the scope of actual notice to patients who received an injection from one of the Affected Lots and ordered that all healthcare providers, including Inspira, and NECC customers (defined as "Notice Intermediaries" in the Bar Date Motion) must provide to the bankruptcy trustee a list of all patients who received an injection of MPA from one of the Affected Lots on or before August 16, 2013, for notice purposes.

## ARGUMENT

In his ruling, Judge Boroff ordered that any hospital, clinic, physician or other health care provider who administered a MPA injection from an Affected Lot must provide a list of those patients to the bankruptcy trustee by August 16, 2013. Further, Judge Boroff defined the scope of potential claimants entitled to actual notice and created a comprehensive procedure for providing actual notice to those potential claimants.

Because the PSC has stated, on the record and on numerous occasions, that the overriding and paramount purpose of the subpoenas was to seek patient information that could be given to the Trustee in order to provide actual notice of any bar date, the fact that the Trustee has obtained this information through his power as Chapter 11 Trustee in the bankruptcy court negates any

-4-

argument that the PSC still has as to why it needs the patient information sought by the subpoenas. Indeed, Judge Boroff's ruling on July 24 moots any remaining question as to whether this Court may or needs to enforce a subpoena seeking non-party patient and medical information intended to obtain information to assist in the provision of notice to potential claimants in the bankruptcy court – the Court need not enforce such a subpoena because the bankruptcy court has already defined the potential claimants entitled to actual notice in connection with NECC's bankruptcy and established a process to obtain from healthcare providers the list of patients who received an injection from an Affected Lot for notice purposes. The PSC's subpoenas are, therefore, unnecessary and moot.

## CONCLUSION

For the reasons set forth above, and for the reasons Judge Boroff articulated at the bankruptcy hearing on July 24, 2013, Inspira respectfully submits that this Court need not enforce the PSC's subpoenas for patient information because the bankruptcy court has already ordered and put in place the process to obtain patient information related only to those patients who received an injection of an Affected Lot and to provide actual notice to those patients.

                Respectfully submitted,

                MONTGOMERY, McCRACKEN, WALKER
                  & RHOADS LLP

Dated: July 26, 2013        s/*Stephen A. Grossman*
                Stephen A. Grossman
                Montgomery, McCracken, Walker & Rhoads, LLP
                LibertyView, Suite 600
                457 Haddonfield Road
                Cherry Hill, NJ 08002
                sgrossman@mmwr.com
                (856) 488-7700
                (856) 488-7720 (facsimile)

*Counsel for Defendants*
*Inspira Health Network, Inc. and.*
*Inspira Medical Centers, Inc.*

## CERTIFICATE OF SERVICE

I, **STEPHEN A. GROSSMAN**, hereby certify that I caused a true and correct copy of Inspira Health Network, Inc. and Inspira Medical Centers, Inc.'s Supplemental Brief in Response to the Court's July 18, 2013 Electronic Order to be filed electronically via the Court's electronic filing system.

Dated: July 26, 2013                         s/ Stephen A. Grossman
                                             Stephen A. Grossman