**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt No. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**THE PLAINTIFFS' STEERING COMMITTEE'S SUPPLEMENTAL SUBMISSION REGARDING PRIVILEGE OBJECTIONS TO SUBPOENAS**

The Plaintiffs' Steering Committee ("PSC") has served subpoenas on 85 medical clinics, doctors, and/or healthcare providers that were involved in selling and administering contaminated NECP products. One category of information sought by the subpoenas is the "Identification of exposed patients," i.e. the names, addresses, and birth dates of patients that received a contaminated NECP product, identification of the contaminated product received, and the date the product was administered to the patient. *See* Dkt. 325-3. The primary reason for this request is so that the exposed patients could be notified of the potentially life-threatening exposures they have suffered and that their rights could be adversely affected by the passage of time and other events in this litigation. Several subpoena recipients objected to subpoenas on a variety of grounds, including objecting to those portions of the subpoenas on the ground that the patient information was not discoverable under federal and state patient privacy laws, notwithstanding the protections this Court has implemented for patient information. *See, e.g.*, Dkt 192 (Qualified Protective Order re Health Information).

At the July 18, 2013, Status Conference and hearing regarding the subpoena objections, the Court announced its intention to refer all objections to the subpoenas to the Magistrate Judge for resolution, with the exception of the issues of (1) whether the Court has the authority to order disclosure of certain patient information and (2) whether federal or state patient privacy law precluded disclosure of such information.  Hearing Tr. 71:24-72:12.  The Court permitted the parties and other interested entities to provide supplemental briefing on those issues.  Hearing Tr. 75:13-76:5.

Meanwhile, in the bankruptcy court, the Trustee had filed a motion seeking to impose a bar date for all claims against the bankruptcy estate, which included proposed mechanisms for determining the names of exposed patients and providing to those patients notice of the impending potential bankruptcy bar date.  The PSC filed a response to that motion seeking, *inter alia*, that pursuant to applicable law, including Fed. R. Bankr. 2002, the bankruptcy court order the clinics and other healthcare providers to disclose the names of exposed patients so that those patients could receive adequate notice of any bar date in the bankruptcy.

On July 24, 2013, Judge Boroff held a hearing on the Trustee's motion to set a bar date.  Judge Boroff ruled, from the bench, that those entities that had provided contaminated NECP products to their patients would be required to produce to the Trustee, the PSC, and the Creditor's Committee, for all patients who received contaminated NECP products: the patient's name, address, and last four digits of SSN, as well as what contaminated product(s) were administered to the patient, when, and by whom.  Judge Boroff asked the Trustee to draft and submit a proposed order reflecting Judge Boroff's ruling by the end of this week.

In light of these recent events in the bankruptcy proceeding, the PSC agrees to suspend any enforcement efforts for the portions of the subpoenas seeking the patient information that the

2

bankruptcy court ordered disclosed under applicable law, including under Fed. R. Bankr. 2002. Accordingly, the PSC respectfully states that the dispute before the Court as to those portions of the PSC's subpoenas requesting patient information appears to be moot at this time and that this Court need not take any further action on this issue now, with the caveat that the parties and the Court might revisit this issue should future events require any additional action.[1]

The PSC requests that the Court refer the remaining issues regarding the objections to the subpoenas to the Magistrate Judge, as the Court suggested during the July 18, 2013 hearing.

Respectfully Submitted,

/s/ Thomas M. Sobol
Thomas M. Sobol (BBO# 471770)
Kristen Johnson Parker (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

---

[1] In the alternative, the PSC requests that, if this Court intends to decide this issue, the Court extend the deadline for supplemental briefing until 7 days after the bankruptcy court issues its written order, which would give all interested parties sufficient opportunity digest and brief their positions in view of the precise language of the bankruptcy court's order.

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue
Suite 365
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

4

## **CERTIFICATE OF SERVICE**

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing Plaintiffs' Steering Committee's Supplemental Submission Regarding Privilege Objections to Subpoenas to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: July 26, 2013

                */s/ Thomas M. Sobol*
                Thomas M. Sobol, BBO # 471770