UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: NEW ENGLAND COMPOUNDING
PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

MDL NO. 2419
Master Dkt. No. 1:13-md-02419-FDS

THIS DOCUMENT RELATES TO:
All Actions

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION OF DR. O'CONNELL'S PAIN CARE CENTER AND DR. O'CONNELL'S PAIN CARE CENTER, INC. TO SUBPOENAS SEEKING NON-PARTY PATIENT AND MEDICAL INFORMATION**

NOW COME Non-Parties Dr. O'Connell's Pain Care Center, and Dr. O'Connell's Pain Care Center, Inc. (collectively "PainCare"), by and through counsel, Shaheen & Gordon, P.A., and submit this Supplemental Memorandum in Support of Objection of Dr. O'Connell's Pain Care Center and Dr. O'Connell's Pain Care Center, Inc. to Subpoenas Seeking Non-Party Patient and Medical Information and, in support thereof, state as follows:

On July 18, 2013, this Court held a status conference and heard argument regarding whether the court may enforce a subpoena seeking non-party patient and medical information. The Court entered an Order directing the filing of supplemental memoranda concerning this issue by July 26, 2013.  Dkt. No. 340.

In lieu of filing a complete supplemental memorandum, we respectfully refer the Court to, and incorporate by reference, our Objection and Motion to Quash, Dkt. No. 311, at 3-11 (filed July 16, 2013).  Our Objection asserts the applicability of the New Hampshire physician-patient privilege to the requested information and discusses the procedural safeguards required by New Hampshire courts before that privilege may be abrogated, including the opportunity of a patient to object.  *See id.*

1

We note that subsequent to PainCare's filing, but prior to the hearing, the PSC expressed a willingness to narrow its prior demand that PainCare disclose the patient names and identifying information of all persons who received any NECC product over a two year period, instead requesting only the names and identifying information of those who received a product identified by the CDC as contaminated.  *See* Dkt. No. 325 (filed July 17, 2013).  While this change ameliorates some of the burden on PainCare with regard to the need to search through two years' worth of patient records, it does not address PainCare's concerns regarding the New Hampshire physician-patient privilege, which PainCare reasserts at this time.

## CONCLUSION

For the reasons stated in our Objection and Motion to Quash, Dkt. No. 311, PainCare requests that this Court issue an order quashing the subpoena insofar as it demands that PainCare disclose the names and personal identifying information of PainCare patients who received products that the CDC identified as contaminated.  Such information is protected under the New Hampshire physician-patient privilege and cannot be disclosed without a showing of compelling countervailing considerations or essential need, neither of which has been made here.

Respectfully submitted,

Dr. O'Connell's Pain Care Center
Dr. O'Connell's Pain Care Center, Inc.
By Their Attorneys:

DATED:  July 26, 2013

/s/ William E. Christie
William E. Christie, Esquire
B.B.O. No. 566896
Benjamin T. Siracusa Hillman, Esquire (of counsel)*
B.B.O. No. 672597
Shaheen & Gordon, P.A.
107 Storrs Street/P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
wchristie@shaheengordon.com

*Not admitted in federal court

## **CERTIFICATE OF SERVICE**

I hereby certify that the within SUPPLEMENTAL MEMORANDUM filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED:  July 26, 2013

/s/ William E. Christie
William E. Christie, Esquire
B.B.O. No. 566896
Shaheen & Gordon, P.A.
107 Storrs Street/P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
wchristie@shaheengordon.com