UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND
COMPOUNDING PHARMACY, INC.
PRODUCT LIABILITY LITIGATION

This Document Relates To: All Cases.

MDL NO. 13-md-2419
Master Dkt.: 1:13-md-02419

Hon. F. Dennis Saylor, IV

**SUPPLEMENTAL BRIEF ON PHYSICIAN-PATIENT PRIVILEGE FROM OBJECTOR SOUTHEAST MICHIGAN SURGICAL HOSPITAL**

Non-party and Objector Southeast Michigan Surgical Hospital ("the Hospital") provides this supplemental brief, pursuant to the Court's direction during a July 18, 2013 Status Conference. During that Conference, the Court asked that parties and non-parties file appropriate supplemental briefs focusing on the patient-physician privilege, to assist the Court in ruling on the various objections to subpoenas and (in some cases) motions to quash those subpoenas, issued to non-parties such as the Hospital.

Michigan's statutory patient-physician privilege prohibits the disclosure of the medical and identifying information that Plaintiffs seek through the subpoena issued to the Hospital. The statute is an absolute bar to disclosure of that non-party patient information.[1]

### I. Michigan's Patient-Physician Privilege Applies to this Case.

Federal Rule of Evidence 501 provides that "with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed.R.Evid. 501. *See Chauvin v. State Farm Mut. Auto. Ins. Co.*, 10-CV-11735, 2011 WL 2580660, *2 (E.D. Mich. June 29, 2011) (citing *Schuler v. U.S.*, 113 F.R.D. 518, 520–21

---

[1] The Hospital has filed a Motion to Quash which includes reasons why other portions of the subpoena – not directed to patient information – should also be quashed.

(W.D.Mich.1986)). Accordingly, "Michigan's physician-patient privilege applies in this diversity action." *Chauvin, supra.* (citing Mich. Comp. Laws Ann. § 600.2157).

The lawsuits in this MDL action are before the Court as a function of diversity jurisdiction. Thus, the state's statutory privilege applies to this litigation, and to the discovery and evidentiary questions that arise.

## II. The Hospital is Barred from Disclosing Patient Information to Plaintiffs.

### A. The Michigan Statute

The Hospital is expressly and absolutely prohibited from supplying the information sought. A Michigan statute accords each of the Hospital's patients a full protection from disclosure of medical information without authorization. That statute provides in pertinent part:

> Except as otherwise provided by law, a person duly authorized to practice medicine or surgery **shall not disclose any information** that the person has acquired in attending a patient in a professional character, if the information was necessary to enable the person to prescribe for the patient as a physician, or to do any act for the patient as a surgeon. If the patient brings an action against any defendant to recover for any personal injuries, or for any malpractice, and the patient produces a physician as a witness in the patient's own behalf who has treated the patient for the injury or for any disease or condition for which malpractice is alleged, the patient shall be considered to have waived the privilege provided in this section as to another physician who has treated the patient for the injuries, disease, or condition. . . .

M.C.L. § 600.2157

The Hospital is not a party to this litigation. Not one of the Hospital's patients is a party to this MDL litigation. Indeed, not one of those patients has become a part of the fungal meningitis outbreak; Michigan's Department of Community Health has confirmed that to the Hospital again recently. Yet Plaintiffs seek confidential information about the Hospital's

2

patients without any authorization from those patients allowing release of that information. Such a disclosure by the Hospital is barred by Michigan law.

### B. *Dorris, Gregory,* and *Porter.*

The Michigan Supreme Court has held in clear and unambiguous terms that Michigan's physician-patient statute precludes hospitals from providing information about their patients. *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26 (1999). The *Dorris* court noted that, in Michigan's common law there was no such privilege; it is entirely a creature of statute: "The physician-patient privilege was not recognized at common law, and, thus, its scope is controlled by the language of the statute." *Id.* at 33 (citations omitted). The purpose of that privilege is to safeguard the private and confidential nature of the physician-patient relationship, thereby encouraging patients to make full disclosure of their medical conditions, symptoms and concerns. *Id.* "It prohibits the physician from disclosing, in the course of any action wherein his patient or patients are not involved and do not consent, even the names of such noninvolved patients." *Dorris, supra* at 33. And the doctor or hospital cannot supply that consent; it must come from the patient. "The privilege of confidentiality belongs to the patient; it can be waived only by the patient." *Id.* at 34.

The Supreme Court decision in *Dorris* adjudicates two different cases, combined before the court because the issues were overlapping. The decision is a good parallel to this litigation, relevant in its critical components. Ms. Dorris sued a hospital for medical malpractice occurring in the emergency room. During discovery, she moved to compel disclosure by the defendant hospital of another patient's medical information; that other patient was not a party to the suit. Ms. Dorris believed that the other patient had heard a critical conversation between plaintiff and the ER doctor, in which plaintiff refused a medicine out of concern for a possible allergic

3

reaction. That medication was later administered, and plaintiff had an anaphylactic reaction. In seeking the name of a patient who shared her room, plaintiff argued that the information was necessary to corroborate her claim against the hospital.

The companion case, *Gregory,* involved an assault on Ms. Gregory by two other patients at a hospital. Ms. Gregory sought identification of the two plaintiffs, as well as investigation materials compiled by the hospital.

In *Dorris,* the trial court permitted the discovery, entering an order that compelled the defendant hospital to disclose the non-party's medical records. The appellate court reversed and the Michigan Supreme Court agreed, holding that "the names of unknown patients are protected by the physician-patient privilege, and that **defendant hospitals have a duty to refrain from disclosure.**" *Id.* at 28 (emphasis added). The information, sought without the consent of the non-party patients, could not be compelled.

In the companion case, plaintiff Gregory believed that the disclosures would allow her to identify potential defendants who ought to become parties to the litigation. She argued that the statute does not protect those parts of information not necessary to examination, diagnosis and treatment, and therefore does not prevent disclosure of a patient's identity. However, the Michigan Supreme Court concluded that permitting disclosure of identity might have as much chilling effect as allowing disclosure of more medically-related information: patients who learn "that their name may not be kept confidential may not be as willing to reveal their full medical history for fear that, ultimately, that information, too, may lose its confidential status. This chilling of the patient's desire to disclose would have a detrimental effect on the physician's ability to provide effective and complete medical treatment and is therefore 'necessary' to enable a physician 'to prescribe' for a patient." *Id.* at 38-39 (footnote omitted). **Even where a plaintiff**

4

**seeks to learn the identity of an assailant, the Michigan Supreme Court forbids disclosure of the name of a non-party patient who has not consented to its release.**

*Dorris* overruled an earlier decision from 1988, *Porter v Michigan Osteopathic Hospital Association*, 170 Mich. App. 619 (1988), a case in which an appellate court had allowed the trial court to make an in camera inspection in order to protect privileged information from disclosure. *Dorris* expressly rejected that ruling (by specifically agreeing with the dissent from the *Porter* opinion), *Dorris*, 460 Mich. 26, at 36-37, and did not permit the disclosures to be compelled.

### C. *Baker*

In a more recent decision relying on *Dorris*, the Michigan Court of Appeals held that non-party patient information is barred from being disclosed, even where patient names were not part of the requested disclosure. In *Baker v. Oakwood Hospital Corporation*, plaintiff (a registered nurse) brought an employment suit against the hospital that employed her and the doctor to whom she reported as a research nurse coordinator there at the hospital. She alleged that the doctor violated ethical constraints, FDA research rules, and project protocols in requiring plaintiff to commit inappropriate acts. She requested copies of the medical records of the patients in the research study (all Alzheimer's patients) to support that allegation. She asked that the names be replaced by numbers to preserve confidentiality.

The trial court compelled the discovery, allowing names to be replaced with initials and instituting a protective order. On interlocutory appeal, the Michigan Court of Appeals looked to parallel statutes, dealing with the privilege applicable to psychiatrists and psychologists, to determine the scope of information accorded the privilege under Michigan law. The appellate court confirmed that Michigan law prevents disclosure even of "the fact that the [psychiatric] patient has been examined or treated or undergone a diagnosis," *Baker*, 239 Mich. App. 461, 469

(2000), quoting M.C.L. § 330.1750(3), and noted that none of the patients in the study had expressly or impliedly waived their privilege. After reviewing the development of Michigan case law on the subject, the Court of Appeals ruled that the privilege barred the disclosure being sought by plaintiff in that case. The trial court had abused its discretion to compel the production:

> We conclude that under Michigan Supreme Court precedent and subsequent decisions by this Court, **the physician-patient privilege is an absolute bar that prohibits the unauthorized disclosure of patient medical records, including when the patients are not parties to the action.** We reverse the trial court's order compelling discovery of those records.

239 Mich. App. 461, 463 (2000) (emphasis added).

## CONCLUSION

*Dorris* and *Baker* govern the analysis of this case. The patients whose information is sought are not parties to the litigation. Southeast Michigan Surgical Hospital is not a party. Plaintiffs' subpoena falls squarely within the patient-physician privilege. Plaintiffs' argument that it needs this information to notify or identify potential plaintiffs to the litigation is the same argument advanced and rejected in *Dorris*.[2] That argument is not sufficient to overcome the absolute requirement that a patient consent to waive the patient-physician privilege before such a disclosure can occur. No such waiver has been given here. Michigan's statute bars the Hospital from disclosing patient information of any kind, and prohibits a court order compelling that information in discovery efforts by Plaintiffs.

---

[2] In fact, the *Dorris* and *Baker* courts reached their conclusions that the statute prohibits disclosure even though, in those lawsuits, the hospitals were parties to the litigation. Here, the Hospital being asked to make the disclosure is not even a party.

6

For these reasons, the Hospital respectfully requests that the Court grant its motion to quash Plaintiffs' non-party subpoena directed to the Hospital.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ Kathryn J. Humphrey
Kathryn J. Humphrey
Michigan Bar No. P32351
Attorneys for Southeast Michigan
Surgical Hospital
400 Renaissance Center, 37th Floor
Detroit, MI  4824  313-568-6848
khumphrey@dykema.com

Dated: July 26, 2013

7