**LAW OFFICES OF JAY J. BLUMBERG, ESQ.**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Hannah v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10407;<br>*Jones v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10409;<br>*Ramos v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10410;<br>*Rios v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10411;<br>*Rivera v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10412;<br>*Tayvinsky New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10414;<br>*Gould v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10444; and<br>*Normand v. New England Compounding Pharmacy, Inc., et al.*, Docket No. 13-cv-10447 | MDL No. 1:13-md-2419-FDS<br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONIC INFORMATION ON BEHALF OF DEFENDANTS, PREMIER ORTHOPAEDIC and SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, trading as PREMIER ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC, and KIMBERLEY YVETTE SMITH, M.D. a/k/a KIMBERLEY YVETTE SMITH-MARTIN, M.D.** |

### Introduction

It is respectfully requested that your Honor accept the following supplemental briefing in support of Defendant, Premier Orthopedic and Dr. Kimberly Yvette Smith's (hereinafter "Premier" or "Premier Defendants") motion to quash or otherwise modify the subpoena served by the Plaintiff's Steering Committee. The Premier defendants have

1

previously submitted briefs in support of a motion to quash or otherwise modify on the issue of the (1) scope of the subpoena, (2) time frame for complying with the subpoena, (3) form of the subpoena and (4) service of the subpoena.  Since that time the Court held a management conference and at such time the Court was concerned with the application of the physician/Patient privilege, specifically with regard to the PSC's request for the names, addresses, and other contact information for non-party patients injected with a potentially contaminated methylprednisolone ("MAP") or other drug.

The Court in this instance should strike any request for the disclosure of non-party patient identification or any information that would lead to the identification of the names of patients who have been injected or potentially injected with a contaminated steroid or other drug obtained from New England Compounding Pharmacy ("NECP"). For the following reasons:

- According to FRE 501, ". . . in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501

- New Jersey Law as codified under 2A:84A-22.2 provides for privilege in communications between a physician and patient. Furthermore, this privileged has been upheld by Federal Courts in cases where Federal Question Jurisdiction was applicable and where state law also supplied the rule of decision.

- Releasing the names and contact information of non-party patients to the Plaintiff Steering Committee will violate the New Jersey Physician/Patient Privilege and the patient's expectation to privacy.

In light of the above and with support from the legal arguments to follow, New Jersey State Law and Common Law must be applied to the case at bar.  The instant case is one rooted in diversity jurisdiction and the rule of substantive decision is that of

the individual state. Therefore, under the circumstances state law governs the use of privilege.

## Legal Argument

### I. STATE LAW GOVERNS PRIVILEGE REGARDING A CLAIM OR DEFENSE IN FEDERAL CIVIL CASES WHERE STATE LAW ALSO SUPPLIED THE RULE OF DECISION.

In civil actions and proceedings, where the rule of decision as to a claim or defense or as to an element of a claim or defense is supplied by state law, the rule requires that state privilege law apply. Fed. R. Evid. 501. The case at bar is one in which state law will supply the rule of decision. Therefore, state law of privilege will apply to the subpoena and the requested information therin.

The case at bar is one based in diversity. In fact the plaintiffs have argued against Federal Question Jurisdiction in the motions previously filed for remand to State Court.[1] In addition the complaints filed against the Premier Defendants are based on the New Jersey State Products Liability Act (2A:58C-1 through 7). No complaint is based on the federal products liability statute. Other claims included negligence and medical malpractice – each a common law claim.

According to Fed. R. Evid. 501 in a civil case where "state law supplied the rule of decision" state law governing privilege also governs that civil case. It is clear from the instant case that Federal Jurisdiction is based on diversity. Therefore, according to Fed. R. Evid. 501, the state law and precedent governing privilege must apply.

---

[1] Prior to the consolidated Multi-District Litigation the plaintiffs filed a motion in all cases related to the Premier Defendants to remand the cases to State Court and argued that there was no subject matter jurisdiction (Federal Question Jurisdiction) and that diversity was destroyed because the Premier Defendants were also citizens of New Jersey.

## II. THE NAMES AND CONTACT INFORMATION OF INDIVIDUAL NON-PARTY PATIENTS CANNOT BE PRODUCED IN RESPONSE TO THE PLAINTIFF STEERING COMMITTEE'S SUBPOENA AS IT WILL VIOLATE NEW JERSEY'S PHYSICIAN/PATIENT PRIVILEGE AND THE PATIENT'S EXPECTATION TO PRIVACY.

A patient is afforded the right to privacy in his/her communication with a physician. In addition there is an expectation that the information is being exchanged for the furtherance of and provision of medical care. Any other use or disclosure violates that privilege. The privilege is the patient's to violate – not the physician's. In the instant case the need to obtain the names and contact information of non-party patients who potentially received an injection of MAP is neither compelling under the circumstances nor is it appropriate to violate the privilege between the non-party patient and the physician under a clear reading of the case law and applicable state.

According to N.J.S.A 2A:84A-22.1 the patient is the holder of the privilege. The statute reads in pertinent part:

> (c) "holder of the privilege" means the patient while alive and not under the guardianship or the guardian of the person of an incompetent patient, or the personal representative of a deceased patient...

N.J. Stat. Ann. § 2A:84A-22.1 (Emphasis Added). The statute is clear that a party is provided the privilege and is precluded from offering information that has been exchanged between patient and physician. The statute reads as follows in pertinent part:

> Except as otherwise provided in this act, a person, **whether or not a party,** has a privilege in a civil action or in a prosecution for a crime or violation of the disorderly persons law or for an act of juvenile delinquency **to refuse to disclose, and to prevent a witness from disclosing,** a communication, if he claims the privilege and the judge finds (a) the communication was a confidential communication between patient and physician,

4

> and (b) the patient or the physician reasonably believed the communication to be necessary or helpful to enable the physician to make a diagnosis of the condition of the patient or to prescribe or render treatment therefore, and (c) the witness (i) is the holder of the privilege or (ii) at the time of the communication was the physician or a person to whom disclosure was made because reasonably necessary for the transmission of the communication or for the accomplishment of the purpose for which it was transmitted

N.J. Stat. Ann. § 2A:84A-22.2 (Emphasis Added)

The Federal District Court for the District of New Jersey addressed the issue of physician patient privilege in a case involving both federal question jurisdiction and state law claims. Anesthesiologist, Dr. Wei brought a claim under the Sherman Act. Dr. Wei requested medical records of various, non-party patients. After determining that Federal Question Jurisdiction allowed for the application of Federal Common Law Privilege the Court still exempted the disclosure of patient's names to the requesting party and reasoned that patients had an expectation of privacy when treating with a physician. In addition, it is not only the patient's medical diagnoses, or communications with the doctor that may be an issue, but the combination of the patient's **name and the medical communication** that creates the problem. The Court wrote:

> While the communications themselves are necessary to litigate this antitrust suit, Dr. Wei has shown absolutely no need for the patients' names. Not only does the state evidentiary privilege suggest that the names should be redacted, but also the constitutional right to privacy weighs in favor of removing patients' names from all documents. The Supreme Court, while holding that a New York statute requiring the disclosure of patient names was valid, in *98 Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), recognized that patients have a constitutional interest in protecting the disclosure of private information.
>
> To protect this interest, it is sufficient for the court to have the patients' names redacted. See *Federal Trade Commission v. TRW, Inc.,* 479 F.Supp. 160 (D.D.C.1979), aff'd, 628 F.2d 207 (D.C.Cir.1980). Most people do not object solely to the disclosure

5

> of personal information. Rather it is the combination of the personal information with identifying information to which people object. *See Lora.* Once the identifying information is redacted, the majority of the privacy concerns are eliminated and the interests behind the Sherman Act, full discovery and limited privileges become predominate. *See Schachar v. American Academy of Opthalmology Inc.,* 106 F.R.D. 187 (N.D.Ill.1985). The patients' privacy interests are further protected here by the entry of a protective order limiting use of the discovery sought herein to this litigation. *See Lora.*

Wei v. Bodner, 127 F.R.D. 91, 97-98 (D.N.J. 1989).

The Wei Court clearly illustrated the privacy concerns regarding protected information. Once a person's name is redacted the majority of those privacy concerns go away. However, in the case at bar the plaintiffs are fishing for the names of the individuals who underwent treatment. The plaintiff's already know what type of treatment these individuals underwent. The plaintiffs also know with some sense of certainty that the patients are (or could be experiencing certain symptoms (i.e. headache, chills, fever, neck ache, etc...). Releasing the names of these individuals would easily place the patient's entire medical profile in the hands of the plaintiff's without their consent and more importantly without any compelling reason to do so. No credible reason has been advanced to demonstrate that the plaintiffs need those names for any reason other than creating a greater pool of potential clients. More importantly, releasing the names of the patient's whose possible symptoms and treatment are all but known will violate the patient's basic right to privacy.

Therefore it is respectfully requested that the Court strike the request of the PSC for the names and personal information of patients injected with the contaminated MAP.

Respectfully Submitted,

LAW OFFICES OF JAY J. BLUMBERG, ESQ.
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

Dated: July 26, 2013          By:_____ /s/ Christopher M. Wolk, Esq.
                                   Christopher M. Wolk, Esq.

## CERTIFICATE OF SERVICE

    I, Christopher M. Wolk, Esq., hereby certify that I caused a true and correct copy of Supplemental Brief in Opposition to Plaintiffs' Steering Committee's Subpoena for Production of Documents and Electronic Information on behalf of defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., to be filed electronically via the Court's electronic filing system.

Dated: July 26, 2013        By:   */s/ Christopher M. Wolk, Esq.*
                                               Christopher M. Wolk, Esq.