```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

IN RE: NEW ENGLAND COMPOUNDING            MDL No. 1:13-md-02419
PHARMACY, INC. PRODUCTS LIABILITY
LITIGATION                                Hon. F. Dennis Saylor, IV
_____

THIS DOCUMENT RELATES TO:

All Actions
_____
```

**MEMORANDUM OF REASONS
TO QUASH SUBPOENA *DUCES TECUM* BY
NON-PARTY ROCHESTER BRAIN & SPINE PAIN MANAGEMENT LLC**

```
                              Alan J. Bozer, admitted pro hac vice
                              Joanna J. Chen, admitted pro hac vice
                              PHILLIPS LYTLE LLP
                              3400 HSBC Center
                              Buffalo, NY 14203
                              (716) 847-7400
                              Attorneys for Defendant.
                              Rochester Brain & Spine Pain
                              Management LLC
```

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES........................................... ii

PRELIMINARY STATEMENT.......................................... 1

    I)    Discovery Conference ................................. 1

    II)   The following discovery matters and requests raise
        issues to be decided by this Court. .................. 2

        Enforceability of subpoena:.......................... 2

        Objections to Particular Requests.................... 3

CONCLUSION..................................................... 6

**TABLE OF AUTHORITIES**

**CASES**

Agran v. City of N.Y.,
   1997 WL 107452 (S.D.N.Y. 1997) ................................2

Bristol Heights Associates, LLC v. Chicago Title Ins. Co.,
   2013 WL 1342288 (D. Conn. 2013) ..............................3

Desiano v. Warner-Lambert & Co.,
   467 F.3d 85 (2d Cir. 2006) ...................................4

Khachikian v. BASF Corp.,
   1994 WL 86702 (N.D.N.Y. 1994) ................................2

King v. Crown Plastering Corp.,
   1997 WL 34915 (E.D.N.Y. 1997) ................................2


**STATUTES**

N.Y. Civil Practice Law § 4504...................................4


**OTHER AUTHORITIES**

9 Wright & Miller Federal Practice & Procedure, § 2461
   (1971) .......................................................2

Fed. R. Civ. Proc. Rule 4........................................2

Fed. R. Civ. Proc. Rule 45....................................1, 6

Local Rule 37.1(b)...............................................1

**PRELIMINARY STATEMENT**

Rochester Brain & Spine Pain Management Clinic LLC (the "Witness") is a not a party in this case.  The Witness has filed Objections (Document 314) to a subpoena requiring it to produce a witness and a broad range of documents.  The Witness now moves to quash the subpoena.

The Subpoena should be quashed because, among other things, it requires the production of privileged matter in violation of Rule 45(c)(3)(A)(iii) of the Fed. R. Civ. Proc. (FRCP), and because it is not enforceable in any event.

I)   Discovery Conference

The Witness states the following pursuant to Local Rule 37.1(b):

(1)   A discovery conference was held.
(2)   The discovery conference was held on July 16, 2013.

   The parties participated in the conference by telephone, each from his own office.  The conference lasted approximately 20 minutes.

   Representing the Witness Alan J. Bozer and Joanna J. Chen.

   Representing the PSC:  Patrick Fennell.

   The matters on which parties reached agreement are set forth below, together with the issues remaining to be decided by the Court.

- 1 -

(3) The nature of the current controversy has to do with a subpoena issued in error out of this district, that was not served pursuant to the law of the issuing/transferor district, that was unaccompanied by the necessary fee resulting in a conceded "defect," and that required the production of a representative of the Witness for deposition together with the production of documents.

**II) The following discovery matters and requests raise issues to be decided by this Court.**

The Subpoena was issuable in the Western District of New York. Consequently, the law as interpreted in the Second Circuit governs the enforceability of the Subpoena.

Enforceability of subpoena:

Service of the Subpoena was not made personally. Contrary to the PSC Response, the "weight of authority is that a subpoena *duces tecum* must be served personally" in the Second Circuit. See Khachikian v. BASF Corp., 1994 WL 86702 *1 (N.D.N.Y. 1994) (requiring service under FRCP 4), citing 9 Wright & Miller Federal Practice & Procedure, § 2461 (1971); Agran v. City of N.Y., 1997 WL 107452, *1 (S.D.N.Y. 1997) (same); but see King v. Crown Plastering Corp., 1997 WL 34915 (E.D.N.Y. 1997) (service

by any means reasonably calculated to insure actual receipt is acceptable).

Enforceability is not assisted by the PSC's concession that its failure to tender the required fee is a "defect," PSC Response p. 17 (though it claims it intends at some point to "cure" the defect). Bristol Heights Associates, LLC v. Chicago Title Ins. Co., 2013 WL 1342288, *3 (D. Conn. 2013) ("without a fee, [the subpoenas] are invalid and unenforceable").

Objections to Particular Requests

In the event the subpoena is not quashed in its entirety, then the following discovery matter raise issues to be decided by the Court.  The enumerated paragraphs correspond to those listed under "Exhibit B to Subpoena."

Request No.s 1, 2, 3 and 4 concern products involved in commerce between the Witness and NECP.

**Moving party's position**: The Witness accepts the accommodations set forth on pp. 5 - 6 of the PSC Response limiting the information to be produced.  The Witness agrees to produce the information provided that it will redact any information that identifies its patients.

Request No. 5 has been withdrawn.  See PSC Response, p. 6.

- 3 -

Request No. 6 requires the identification of patients who received particular medical treatment.

**Moving party's position**: New York vigilantly protects it citizens from disclosure of the requested health care information. See section 4504 of the N.Y. Civil Practice Law and Rules.

> It has long fallen within the province of states to safeguard the health and safety of their citizens. Consonant with the "historic primacy of state regulation" of these matters, the power of states to govern in this field is considerable and undisputed. Historically, common law liability has formed the bedrock of state regulation, and common law tort claims have been described as "a critical component of the States' traditional ability to protect the health and safety of their citizens.

Desiano v. Warner-Lambert & Co., 467 F.3d 85, 86 (2d Cir. 2006) (citations omitted).

The Witness opposes the release of such information as it would violate the law and its fiduciary duty to its patients. This issue is addressed at length in the Supplemental Memorandum being filed today by the Witness. Further, the issue of notification for purposes of the Bankruptcy Proceeding claim bar date may be resolved by having the Witness certify that it has served the appropriate notice on its affected patients.

Request No.s 7, 8, 9 and 10:  This item requests information concerning communications by the Witness with NECP.

**Moving party's position**: The information can be produced, but information identifying patients who receive particular medical treatment shall be redacted.  The Witness accepts the limitation conceded by the PSC.  PSC Response, p. 6.

Request 11:  Withdrawn by the PSC.  PSC Response, p. 6.

Request 16, 17 and 18:  Seeks documents concerning investigations or inquiries by the Witness.

**Moving party's position**: The Witness is not a party to this proceeding.  Accordingly, its own internal investigations and inquiries concerning NECP are not relevant to this case.

Requests 19, 20 and 21:  Withdrawn by the PSC.  PSC Response, p. 6.

- 5 -

**CONCLUSION**

The Subpoena should be quashed under Rule 45(c)(3) because it seeks information protected as privileged under New York law.

Respectfully submitted,

Rochester Brain & Spine Pain Management LLC
 by their counsel,

/s/ Alan J. Bozer
Alan J. Bozer, admitted *pro hac vice*
Joanna J. Chen, admitted *pro hac vice*
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203
(716) 847-7400

Dated: July 26, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Alan J. Bozer
                    Alan J. Bozer