```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

IN RE: NEW ENGLAND COMPOUNDING          MDL No. 1:13-md-02419
PHARMACY, INC. PRODUCTS LIABILITY
LITIGATION                              Hon. F. Dennis Saylor, IV
_____

THIS DOCUMENT RELATES TO:

All Actions
_____
```

**SUPPLEMENTAL MEMORANDUM OF REASONS
NOT TO ENFORCE SUBPOENA SEEKING
NON-PARTY PATIENT AND MEDICAL INFORMATION**

```
                              Alan J. Bozer, admitted pro hac vice
                              Joanna J. Chen, admitted pro hac vice
                              PHILLIPS LYTLE LLP
                              3400 HSBC Center
                              Buffalo, NY 14203
                              (716) 847-7400
                              Attorneys for Defendant.
                              Rochester Brain & Spine Pain
                              Management LLC
```

**TABLE OF CONTENTS**

   Page

TABLE OF CONTENTS............................................... i

TABLE OF AUTHORITIES........................................... ii

PRELIMINARY STATEMENT.......................................... 1

    I.)   The Law of the Transferor Court Applies to Issues
         Concerning the Enforceability of the Subpoena........ 1

         Privileges Apply Under New York Law.................. 2

         HIPAA Does Not Preempt the New York Privilege........ 2

    II)   New York Law Prevents The Clinic From Disclosing
         Patient Information Sought Under the Subpoena........ 3

CONCLUSION..................................................... 7


**TABLE OF AUTHORITIES**

CASES

Gunn v. Sound Shore Med. Ctr. of Westchester,
   5 A.D.3d 435 (2d Dep't 2004) ..............................4, 5

In re City Council of N.Y. v. Goldwater,
   248 N.Y. 296 (1940) .........................................3

In re Grand Jury Investigation in New York County,
   98 N.Y.2d 525 (2002) ........................................4

In re Grand Jury Investigation in Onondaga County
   59 N.Y.2d 130 (1983) ......................................3, 4

In re Rezulin Prod. Liability Litig. (MDL No. 1348),
   178 F. Supp. 2d 412 (S.D.N.Y. 2001) .........................2

Nat'l Abortion Fed'n v. Ashcroft,
   2004 U.S. Dist. LEXIS 4530 (S.D.N.Y. 2004) ..................3

Olkovetsky v. Friedwald Ctr. for Rehabilitation and Nursing,
   LLC, 84 A.D.3d 900 (2d Dep't 2011) ..........................5

Pal v. New York Univ.,
   2007 U.S. Dist. LEXIS 45374 (S.D.N.Y. 2007) ...............3, 4

STATUTES

42 U.S.C. § 1320d-7(a)..........................................2

42 U.S.C. § 1320d-7(a)(2)(B)....................................2

CPLR 4504.......................................................3

CPLR 4504(a)...........................................3, 4, 5, 6

Health Insurance Portability
   and Accountability Act of 1996 ............................2, 3

**OTHER AUTHORITIES**

45 C.F.R. § 160.203..........................................2

45 C.F.R. § 164.512(e)(1)....................................3

Civil Practice Law and Rules § 4504(a).......................3

Fed. R. Civ. P. 45(c)(3).....................................7

Fed. R. Evid. 501............................................2

Fed. Rule Civ. Proc.Rule 45(c)(3)(A)(iii)....................1

**PRELIMINARY STATEMENT**

Rochester Brain & Spine Pain Management LLC (the "Witness") submits this Supplemental Memorandum pursuant to the Court's invitation in its Text Order of July 24, 2013 (Document 340) to address the enforcement of the Subpoena insofar as it seeks non-party patient and medical information to assist in the provision of notice to potential claimants in the bankruptcy court.

New York public policy prevents the release of such information by strongly defending the confidentiality of the physician-patient relationship.  Except in certain circumstances, none of which are present here, healthcare information must not be divulged by a healthcare provider without the consent of the patient.

The Subpoena served by the Plaintiffs Steering Committee, attached to the Objections filed by the Witness (Document 314), requires the disclosure of privileged matter contrary to Rule 45(c)(3)(A)(iii) of the Fed. Rule Civ. Proc. ("FRCP").

The Subpoena should therefore be quashed.

**I.)  The Law of the Transferor Court Applies to Issues Concerning the Enforceability of the Subpoena**

The Subpoena was issuable in the Western District of New York (it was issued in error by the PSC out of this Court). Consequently, the law as interpreted in the Second Circuit governs the enforceability of the Subpoena.

### Privileges Apply Under New York Law

In diversity cases, state law applies to privilege issues related to subpoenas of non-party witnesses. Fed. R. Evid. 501. See, e.g., In re Rezulin Prod. Liability Litig. (MDL No. 1348), 178 F. Supp. 2d 412, 413 (S.D.N.Y. 2001) (applying Texas state law in deciding Texas medical doctors' motion to quash subpoena). The cases here are based upon diversity jurisdiction, and it is undisputed that the Clinic and its doctors and patients are all located in New York. See Affidavit of Roger Ng, M.D., sworn to July 25, 2013 (Document 358-3) (the "Ng Affidavit") ¶¶ 2, 4, 5. Therefore New York law applies to privilege issues related to the Subpoena.

### HIPAA Does Not Preempt the New York Privilege

Moreover, New York law regarding privilege is not preempted by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Although HIPAA section 264(c)(2) states that all state laws contrary to regulations promulgated under HIPAA are preempted, see 42 U.S.C. § 1320d-7(a), this provision creates an exception to preemption where state law imposes "more stringent" requirements than HIPAA. See 42 U.S.C. § 1320d-7(a)(2)(B). 45 C.F.R. § 160.203 provides that a state law is "more stringent" if it "prohibits or restricts a use or disclosure in circumstances upon which such use or disclosure otherwise would be permitted" under HIPAA.

- 2 -

As explained below, New York law requires patient consent before any disclosure, whereas HIPAA provides for certain exceptions to that rule. See 45 C.F.R. § 164.512(e)(1); N.Y. Civil Practice Law and Rules (CPLR), § 4504(a).  Thus, New York law is more stringent than HIPAA, and New York law governs privilege issues related to the Subpoena.  Pal v. New York Univ., 2007 U.S. Dist. LEXIS 45374, *6-7 (S.D.N.Y. 2007); Nat'l Abortion Fed'n v. Ashcroft, 2004 U.S. Dist. LEXIS 4530, *9-11 (S.D.N.Y. 2004).

**II) New York Law Prevents The Clinic From Disclosing Patient Information Sought Under the Subpoena**

CPLR 4504(a) provides "[u]nless the patient waives the privilege, a person authorized to practice medicine . . . shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity."  New York courts are instructed to give "broad and liberal construction" to CPLR 4504 to carry out the policy of encouraging full disclosure from patients so that they may secure appropriate treatment from their physicians. In re Grand Jury Investigation in Onondaga County ["Onondaga County"], 59 N.Y.2d 130, 134 (1983) (citing In re City Council of N.Y. v. Goldwater, 248 N.Y. 296, 300 (1940)).

New York courts interpret CPLR 4504(a) to encompass any information regarding diagnosis and treatment that is not "plain to the observation of anyone without expert or professional knowledge." Onondaga County, 59 N.Y.2d at 134. See also In re Grand Jury Investigation in New York County, 98 N.Y.2d 525, 530, 533 (2002). In Onondaga County, the court quashed a grand jury subpoena seeking medical records of hospital patients treated with stab wounds, even though the district attorney issued the subpoena in order to identify a murder suspect who had likely been stabbed. Id. at 133. Although the district attorney subsequently limited his request to only the names and addresses of patients treated for stab wounds, the court reasoned that disclosing such information would reveal "not only the fact of treatment but also the nature of the treatment" received by the patients. Id.; see also Pal, 2007 U.S. Dist. LEXIS 45374, *4-5, 9-10 ("New York law is absolute" that medical records of patients may not be disclosed where they would reveal that the patients had received bariatric surgery).

Disclosure of even the identities of a medical provider's patients is proscribed where, due to the specialized nature of the medical provider, such disclosure would reveal the nature of the treatment received by the patients. In Gunn v. Sound Shore Med. Ctr. of Westchester, 5 A.D.3d 435, 437 (2d Dep't 2004), the Appellate Division of the Supreme Court of the State of New

York, Second Department, reversed the lower court's order to release names of the Cardiac Rehabilitation Center's patients because such disclosure would reveal that the patients were receiving treatment for cardiac-related conditions.  Id. at 436-37.  By contrast, the names and addresses of a nursing home's residents were discoverable because the nursing home provided a broad range of services.  Olkovetsy v. Friedwald Ctr. for Rehabilitation and Nursing, LLC, 84 A.D.3d 900, 901 (2d Dep't 2011).

Here, as set forth in the Witness' Objections, the Subpoena requests disclosure of several categories of information protected under CPLR 4504(a):

1. Request 6 of the Subpoena requests "the identification of each and every patient that was administered an NECP product . . . including patient name, address, date of birth, identification of product administered, and date product was administered;" and

2. Requests 3, 4, and 5[1] of the Subpoena request "prescriptions submitted to NECP, prescription order forms, [and] NECP charges" for cardioplegic solution, ophthalmic solution, and preservative-free saline solution, respectively.

Considering first the information sought under Request 6 of the Subpoena, such information falls squarely within the ambit of CPLR 4504(a) because it reveals patient identities, the

---

[1] The PSC has offered to withdraw Request 5.  See PSC Response (Document 325), p. 6.

nature of the treatment received by those patients, and not only the fact of the treatment occurring but also the date upon which that treatment was received.

Similarly, Requests 3, 4, and 5 of the Subpoena seek prescriptions for specific NECP products, which would contain information identifying patients, the nature of the treatment received by those patients, and the fact of and timing of the treatment received.

Even if the Subpoena were limited to only the names and addresses of the Witness' patients, due to the Witness' specialized nature, such information would be protected under CPLR 4504(a). The Ng Affidavit, ¶ 3, explains that the Clinic treats only adult patients with spine and musculoskeletal disorders associated with neck and back problems complaints. Thus, disclosure of any of the identities of any of the Clinic's patients would automatically reveal the diagnoses of these patients.

Based on the foregoing, Requests 3, 4, 5, and 6 of the Subpoena impermissibly seek evidence in violation of CPLR 4504(a) and the public policy of the State of New York.

**CONCLUSION**

For the foregoing reasons, this Court should quash the Subpoena pursuant to Fed. R. Civ. P. 45(c)(3).

Respectfully submitted,

Rochester Brain & Spine Pain Management LLC
Defendants, by their counsel,

/s/ Alan J. Bozer
Alan J. Bozer, admitted *pro hac vice*
Joanna J. Chen, admitted *pro hac vice*
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203
(716) 847-7400

Dated: July 26, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Alan J. Bozer
                    Alan J. Bozer