UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING :<br>PHARMACY, INC. PRODUCTS          :<br>LIABILITY LITIGATION             :<br>_____ :<br>                                 :<br>THIS DOCUMENT RELATES TO:        :<br>                                 :<br>All Actions                      :<br>_____ : | MDL NO.: 2419<br>DKT. NO.: 1:13-md-2419(FDS) |

**FORSYTH STREET AMBULATORY SURGERY CENTER, LLC's
SUPPLEMENTAL BRIEF ADDRESSING PRIVACY CONCERNS RAISED BY
PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA AND NOTICED
DEPOSITION OF A FORSYTH STREET REPRESENTATIVE**

COMES NOW Forsyth Street Ambulatory Surgery Center, LLC, (hereinafter "Forsyth Street"), a non-party to this litigation, and, as requested by the Court, submits this supplemental brief addressing privacy concerns raised by the subpoena of Plaintiffs' Steering Committee ("PSC").

Statement of Facts

On July 18, 2013, this Court held a status conference that addressed, among other things, the subpoenas sent by the PSC to over 80 healthcare providers, including Forsyth Street Ambulatory Surgery Center, LLC. The letter accompanying the subpoena to Forsyth Street stated that the PSC had "designated Patrick T. Fennell to handle day-to-day litigation against Forsyth Street Ambulatory Surgery Center, LLC." There is no such litigation. No action has been filed. Mr. Sobol's June 21, 2013 letter enclosed a copy of a subpoena signed by Patrick T. Fennell setting the July 15, 2013 deposition of a Forsyth Street Ambulatory Surgery Center, LLC representative and demanding the production of numerous documents, including private medical

1

records of Forsyth Street patients who are in no way involved in the any litigation arising from NECC's allegedly adulterated products.

To date, no lawsuit has been filed against Forsyth Street Ambulatory Surgery Center, LLC, arising out of the administration of NECC products. Furthermore, upon information and belief, no Forsyth Street patient actually contracted meningitis from NECC products.

Argument and Citation of Authority

**Georgia law requires that non-party medical records are not discoverable unless the non-party patients are afforded notice and opportunity to object to disclosure.**

Federal Rule of Civil Procedure 45 provides that, in multi-district litigation, the MDL Judge acts as a judge in the discovery district for purposes of enforcing a subpoena for documents. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006). In this case, the subpoena at issue is to be served in Macon, Georgia. It follows that this Court acts as a Federal District Court in the Middle District of Georgia in deciding whether to require production of documents in response to the subpoena.

Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Therefore, in this case, Georgia law concerning medical record privilege applies because Forsyth Street is a non-party located in Macon, Georgia.

Personal medical records are protected by Georgia's constitutional right of privacy and cannot be disclosed without the consent of the patient unless their production is otherwise required by Georgia law. *Ussery v. Children's Healthcare of Atlanta, Inc.*, 289 Ga. App. 255, 270, 656 S.E.2d 882, 894-95 (2008). A non-party patient must be given notice and an opportunity to object "prior to the disclosure of his or her medical records via civil discovery requests." *Id.* citing *King v. State*, 272 Ga. 788, 793(1), 535 S.E.2d 492 (2000).

It should be noted that in both *King* and *Ussery*, the party seeking the medical records sought those records from either a Defendant party or the medical records of an actual party to the suit. In *King*, the Supreme Court of Georgia found that it was a violation of a criminal defendant's constitutional right to privacy for the prosecution to seek his medical records through an ex parte subpoena. *King*, 272 Ga. 788. In *Ussery*, the party seeking non-party medical records actually had a pending civil lawsuit against the healthcare provider from whom the non-party medical records were sought. *Ussery*, 289 Ga. App. 255. In the matter at hand, given the constitutional protections afforded patient healthcare information in Georgia and the fact that Forsyth Street is not a party to the action, nor are any of its patients, the medical records of non-parties patients should not be produced.

Respectfully, if this is such a case where the non-party records are truly needed, the proper course is for "written notice to issue from the Court by certified mail, return receipt requested to the [non-party patients] that the medical records have been requested." *Ussery*, 289 Ga. App. at 270, 656 S.E.2d at 895. The notice should give the non-party patients a deadline by which they are to object to the request in writing addressed to the Court. *Id.* Where the non-party patients do not object, then their healthcare information can be produced for in camera inspection by the Court. *Id.*

For these reasons, Forsyth Street Ambulatory Surgery Center, LLC, asks that this Court quash the subpoena in accordance with Forsyth Street Ambulatory Surgery Center, LLC's objections and Georgia privacy law.

Respectfully submitted this 26th day of July, 2013.

/s/Emmitte H. Griggs
Emmitte H. Griggs
Ga. Bar No. 312085
3920 Arkwright Road Suite 405

Macon, Georgia 31210
Ph:     478-745-1181
Fax:    478-746-9479
sharden@chrkglaw.com

/s/Jason D. Lewis
Jason D. Lewis
Ga. Bar No. 197856
3920 Arkwright Road Suite 405
Macon, Georgia 31210
Ph:     478-745-1181
Fax:    478-746-9479
jlewis@chrkglaw.com

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was served on Lead Counsel for the PSC and all parties to this litigation by filing through the electronic filing system to ensure delivery this 26th day of July 2013.


/s/ Jason D. Lewis
Jason D. Lewis