# EXHIBIT B

**PROPOSED INTERIM ORDER REGARDING CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND FOR RELATED RELIEF CONCERNING NOTICE BY NOTICE INTERMEDIARIES**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-19882 (HJB) |

**INTERIM ORDER REGARDING CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND FOR RELATED RELIEF CONCERNING NOTICE BY NOTICE INTERMEDIARIES**

Upon (i) the Chapter 11 Trustee's Motion For An Order (I) Establishing Bar Dates For Filing Proofs Of Claim; (II) Approving Certain Additional Documentation Requirements And Procedures For Personal Injury Tort And Wrongful Death Claims (III) Approving The Form And Manner Of Notice Thereof, And (IV) Granting Additional Related Relief ("Bar Date Motion"), (ii) the filing of various objections thereto, and (iii) the Court having heard argument of counsel, and after due deliberation, the Court hereby ORDERS and DETERMINES as follows:

1. Those customers of NECC who received products identified by the CDC as contaminated are identified on attached Exhibit A (the "NECC Contaminated Product Recipients"). The NECC Contaminated Product Recipients shall each prepare a list (each, a "List"), using best efforts to ensure completeness and accuracy, of all persons to whom the recipient administered methylprednisolone acetate that came, or likely came, from one of the following three lots produced by New England Compounding Company, Inc. ("NECC"): 05212012@68, 06292012@26, and 08102012@51 ("Lots"). The list shall include the following with respect to each such person:

    a. Name;

DM3\2612968.4

  b. Address, telephone number and e-mail address;

  c. Last four digits of such individual's social security number;

  d. Product(s) from the Lots that was (were) administered (including the Lot number(s) of the Lot(s) in which such product(s) was (were) included);

  e. The date(s) on which such product(s) was (were) administered; and

  f. the identity of the facility and the person or persons who administered such product(s).

  2. Each <u>NECC Contaminated Product Recipient</u> shall submit to the Trustee, counsel to the Official Committee of Unsecured Creditors ("<u>Committee</u>") and Plaintiffs' Lead Counsel of the Plaintiff's Steering Committee established in the MDL Proceeding ("<u>PSC</u>"), as set forth below, its completed List (which may be provided in electronic format, such as Excel) so that it is received no later than August 16, 2013.

  3. The Court shall hold a further hearing to consider the Bar Date Motion, and revised forms of the proposed notices and order (revised in accordance with the Court's instructions on the record at the hearing in this case held on July 24, 2013), on August 22, 2013 at 10:00 a.m. at the United States Bankruptcy Court for the District of Massachusetts, 300 State Street, Springfield, MA 01105.

  4. The Trustee, counsel for the Committee and Lead Plaintiffs' Counsel for the PSC shall hold the list in the strictest of confidence, and shall neither disclose to any entities nor use the Lists for any purpose other than as authorized by further order of this Court, <u>provided, however</u>, that the Trustee, counsel for the Committee and Lead Plaintiffs' Counsel for the PSC may share the Lists with a HIPAA-qualified agent. Further use of the Lists is subject to further order of this Court.

DM3\2612968.4

5. This Court has determined that this Order satisfies the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and constitutes an order permitting disclosure of otherwise protected health information within the meaning of 45 C.F.R. 164.512(e)(1)(i).

6. This Court has determined that the objections to disclosure by the NECC Contaminated Product Recipients of the Lists (including objections based on state law) are without merit, and those objections are overruled.

7. The Trustee, counsel for the Committee and Plaintiffs' Lead Counsel for the PSC shall meet and confer and attempt in good faith to reach agreement prior to the August 22 hearing regarding a joint list of such persons who should receive actual notice of any proposed bar dates. This list may include other persons who do not appear on any List received from a Contaminated Product Recipients, but who are known to the Trustee, counsel to the Committee or Plaintiffs' Lead Counsel.

8. For purposes of transmitting the Lists, a NECC Contaminated Product Recipient shall be deemed to have fulfilled its obligations under this Order by (i) providing a sworn certification that such List is accurate and complete, (ii) preparing and completing the List in accordance with this Order, and (iii) sending the List by mail, overnight delivery or e-mail so as to be received on or before August 16, 2013, as follows:

    a. **To the Trustee:**

        Paul D. Moore, Esq.
        Duane Morris, LLP
        Suite 2400
        100 High Street
        Boston, MA 02110
        pdmoore@duanemorris.com

    b. **To counsel for the Committee:**

>William R. Baldiga Esq.
>Brown Rudnick LLP
>One Financial Center
>Boston MA 02111
>E-mail: Wbaldiga@brbilaw.com

c. **To Lead Plaintiffs' Counsel for the PSC:**

>Thomas M. Sobol Esq.
>Hagens Berman Sobol Shapiro LLP
>55 Cambridge Parkway, Suite 301
>Cambridge MA 02142
>E-mail: tom@hbsslaw.com

9. Nothing in this Order is intended to be, or shall be construed as, a determination by the Court or admission by any party that any of the Lots in fact are contaminated or adulterated, and all parties reserve all rights, claims and defenses regarding the alleged contamination of some or all of the Lots.

SIGNED AND DATED ON THIS THE ___ DAY OF JULY, 2013

>HON. HENRY J. BOROFF
>UNITED STATES BANKRUPTCY
>JUDGE

# EXHIBIT A

## NOTICE INTERMEDIARIES

**(EXHIBIT A HAS BEEN EXCLUDED)**