UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| _____ | ) | MDL No. 2419 |
| | ) | Dkt. No 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| All Actions | ) | |
| _____ | ) | |

**NON-PARTY HIGH POINT SURGERY CENTER'S OBJECTIONS TO THE PLAINTIFFS' STEERING COMMITEE'S SUBPOENA TO TESTIFY AND TO PRODUCE DOCUMENTS**

COMES NOW Non-Party High Point Surgery Center, by and through its counsel, and submits these Objections to the subpoena, dated July 12, 2013, issued to it by the Plaintiffs' Steering Committee (the "PSC") in this multidistrict litigation ("the Subpoena"), a copy of which is attached hereto as "Exhibit A."

## GENERAL OBJECTIONS

Subject to and without waiving the Motion to Quash above, High Point Surgery Center makes the following General Objections with respect to each of the Subpoena's document requests and notice of deposition as if fully set forth in response thereto:

1.      High Point Surgery Center objects to the Subpoena on the ground that it exceeds the limitations on discovery imposed by the Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information ("QPO") because the Subpoena seeks documents outside of the January 2011 to November 2012 timeframe imposed by the QPO and seeks documents outside of the categories authorized in the QPO.

2.      High Point Surgery Center objects to the Subpoena to the extent production of the requested documents or information violates the Health Insurance Portability and Accountability

Act and the regulations enacted under the Health Insurance Portability and Accountability Act (collectively "HIPAA").  High Point Surgery Center further objects to the Subpoena on the ground that it seeks information protected by applicable North Carolina  privacy and confidentiality laws and regulations.  *See* N.C. Gen. Stat. § 8-53; *Sims v. Charlotte Liberty Mut. Ins. Co.*, 257 N.C. 32, 125 S.E.2d 326 (1962).  High Point Surgery Center understands that the QPO has established a procedure for the production of patients' protected health information so that the information will remain protected from unlawful disclosure and in recognition of the non-party healthcare providers' obligations under HIPAA.  However, PSC's Subpoena exceeds the scope of discovery authorized under the QPO, and thus it is unclear whether any production of such additional information would be permitted under HIPAA.  Non-party High Point Surgery Center should not be required to violate, or incur the risk of violating, HIPAA and state privacy and confidentiality laws, particularly given the lack of relevance and cumulative and duplicative nature of the information sought from High Point Surgery Center.

3.     High Point Surgery Center objects to the Subpoena on the ground that it seeks the production of documents that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence and thereby imposes undue burden and expense on High Point Surgery Center.  At issue in the cases pending in this multidistrict litigation ("MDL") are the harms to the individual Plaintiffs caused by the administration of the preservative-free methylprednisolone acetate ("MPA") produced and distributed by the New England Compounding Pharmacy ("NECP"), also known as New England Compounding Center, in the three identified lots.  Rather than seeking information reasonably calculated to lead to the discovery of evidence related to that issue, the Subpoena seeks the identification of High Point Surgery Center's patients who are not plaintiffs in the pending cases, High Point Surgery

Center's dealings with NECP in general, High Point Surgery Center's organizational structure, and information pertaining to High Point Surgery Center's insurance policies.  This information has no bearing on the claims pending in the MDL.  In its Consolidated Response to Subpoena Objections filed on July 17, 2013, (Dkt. No. 325) ("the Consolidated Response"), the PSC asserted that the information sought is needed for three reasons: "(1) to establish or bolster its liability case against NECC, (2) to understand the role clinics, doctors, and/or health care providers played in the unfolding of the NECC-related debacle (including whether they or others share any liability) and (3) for purposes of providing actual notice of the bar date to potential claimants."  (Consolidated Response at 8.)  The first two purported grounds, for which PSC provides no elaboration, are too vague and speculative for PSC to meet its burden of demonstrating relevance of the information sought from High Point Surgery Center.  With respect to the third purpose, High Point Surgery Center understands that the identification of potential claimants is being addressed by the bankruptcy court overseeing NECP's bankruptcy filing and such purpose is properly addressed in that forum.  The only conceivable purpose for which the PSC could want this information in this MDL is to identify other potential plaintiffs. The Federal Rules of Civil Procedure do not allow for discovery prior to the assertion of a claim to determine whether one has a claim.  Such a "fishing expedition" is not an appropriate basis for third-party subpoena.  Moreover, the relevant patient information can be obtained from government agencies – a point PSC admitted when it represented that it was working with the Centers for Disease Control and Prevention ("CDC") to gain access to such information. (Consolidated Response at 11.)  High Point Surgery Center should not be required to incur the burden, expense, and risks of improper disclosure from producing this information in the MDL

because such information will be duplicative of information that PSC admittedly is obtaining from other sources.

4.     High Point Surgery Center further objects to the extent the information is available from other sources.  It is premature for PSC to seek discovery from High Point Surgery Center to seek to "bolster its liability case against NECC" when PSC has not even sought NECP's documents or information.   PSC argues that "[t]he bankruptcy stay prohibits the plaintiffs from serving any formal discovery requests on NECC." (Consolidated Response at 12.)  However, the bankruptcy stay does not prohibit the PSC from obtaining NECP's documents and information by serving a subpoena on NECP's bankruptcy trustee.  The PSC argues that it is more appropriate for the PSC to seek the requested discovery from non-parties than from NECP because seeking the information from NECP would "further deplete the limited resources it is endeavoring to retain for the benefit of victims." (Consolidated Response at 12.)  This argument is without basis because NECP's trustee will need to review and organize NECP's documents and information in order to administer the bankruptcy and respond to claims, so the incremental cost of producing responsive information to the PSC would be minimal.  High Point Surgery Center, through no fault of its own, has been forced to expend considerable time and resources responding to the NECP recall and ensuring the safety of its patients.  High Point Surgery Center should not be forced to incur additional time and expense responding to the PSC's Subpoena when the information is already available from other sources.

5.     High Point Surgery Center objects to the Subpoena on the ground that the Subpoena's designation of the date for compliance as confusing and impossible to comply with because the cover page of the Subpoena sets one date for compliance (August 15, 2013) while the accompanying Deposition Notice sets another date for compliance (August 9, 2013).

6.      High Point Surgery Center objects to the Subpoena on the ground that it seeks proprietary and competitive information of High Point Surgery Center.  Based upon its counsel's review of the docket, High Point Surgery Center understands that a Stipulated Protective Order Governing Confidentiality ("Confidentiality Order") (Dkt. No. 280) has been entered.   High Point Surgery Center was not given the opportunity to provide input with respect to the form of the Confidentiality Order and did not agree to the Confidentiality Order.  The Confidentiality Order does not provide adequate protection for the proprietary and competitive information of High Point Surgery Center sought by the Subpoena.  In particular, the Confidentiality Order authorizes disclosure to all parties.  High Point Surgery Center understands that the parties include other health care providers, and that PSC is seeking to name additional health care providers.  High Point Surgery Center's competitive information, such as information relating to the identities of its patients and suppliers and its organizational structure and employees, should not be disclosed to other health care providers who could use the information to seek a competitive advantage over High Point Surgery Center.   High Point Surgery Center's proprietary and competitive information, if required to be produced, should be subject, at a minimum, to an attorneys' eyes only designation.

7.      High Point Surgery Center objects to the Subpoena on the grounds that its requests are vague, ambiguous, and do not specify the information sought with sufficient particularity.

8.      High Point Surgery Center objects to the Subpoena to the extent it seeks information outside of High Point Surgery Center's possession, custody or control.

9.      High Point Surgery Center objects to the Subpoena to the extent it seeks "any and all documents and/or ESI reflecting, and/or related in any way whatsoever to" a topic on the

grounds that it is overbroad, fails to identify the information sought with sufficient particularity, seeks the production of information not reasonably calculated to lead to the discovery of admissible evidence, seeks the production of documents that are duplicative and/or cumulative, and imposes undue burden and expense.

10.     High Point Surgery Center objects to the Subpoena to the extent it seeks the production of documents that are protected from disclosure by the attorney-client privilege, work product protection and/or other similar protections.  High Point Surgery Center does not waive, and intends to preserve, any and all applicable privileges and protections.  To the extent High Point Surgery Center is required to produce any documents in response to the Subpoena, any inadvertent disclosure of privileged information shall not constitute a waiver, in whole or in part, of any otherwise valid claim of privilege or protection.  Any failure to assert a privilege or protection as to one document shall not he deemed to constitute a waiver of the privilege or protection as to any other document so protected.

11.     High Point Surgery Center objects to the Subpoena to the extent it seeks the production of documents or information protected from disclosure under Federal Rule of Civil Procedure 45(d)(1)(D).

12.     High Point Surgery Center objects to the Subpoena to the extent it attempts to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of North Carolina, and/or the Local Rules of the United States District Court for the District of Massachusetts or other applicable rules.

13.     High Point Surgery Center objects to the Subpoena's request for a deposition on the ground that reasonable steps were not taken "to avoid imposing undue burden or expense" on

High Point Surgery Center pursuant Federal Rule of Civil Procedure 45(c)(1) because the record-keeping information sought by the deposition can be obtained, if necessary and appropriate, by less burdensome and expensive means than a deposition.

## SPECIFIC OBJECTIONS

Subject to, and without waiver of, High Point Surgery Center's General Objections above, High Point Surgery Center objects to the specific document requests in the Subpoena as follows, incorporating by reference the General Objections in each response:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   At issue in this MDL are the harms to the individual Plaintiffs caused by the administration of the MPA produced and distributed by NECP in three identified lots that were administered to patients between May 21, 2012 and September 24, 2012.   Information about other products High Point Surgery Center purchased from NECP or even other lots of MPA purchased from NECP have no bearing on the facts at issue and are not reasonably calculated to lead to the discovery of admissible evidence.   Additionally, High Point Surgery Center objects to the extent the Request exceeds the limitations on non-party discovery imposed by the QPO. High Point Surgery Center further objects to this Request on the ground that it seeks information protected by HIPAA and/or state privacy and confidentiality laws, such as prescription information.   High Point Surgery Center additionally objects to this Request to the extent it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECP and/or its trustee and/or the CDC.   High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative

and/or duplicative of information that is already being sought from parties and/or other non-parties.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, work product protection or other applicable protections, particularly to the extent it seeks "[a]ny and all documents and/or electronically stored information ('ESI') reflecting, and/or related in any way whatsoever to" the topics in the Request, which would purport to include privileged and protected information relating to High Point Surgery Center's response to the NECP recall and inquiries from government agencies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  At issue in this MDL are the harms to the individual Plaintiffs caused by the administration of the MPA produced and distributed by NECP in three identified lots that were administered to patients between May 21, 2012 and September 24, 2012.  Information about products High Point Surgery Center purchased from producers, compounding facilities, or manufacturers other than NECP have no bearing on the facts at issue and are not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the Request seeks information for a period of over five-and-a-half years without basis.  This time period exceeds the limitations on nonparty discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks proprietary and competitive information of High Point Surgery Center, including, without limitation, the identities of High Point Surgery Center's suppliers and information about the products and quantities ordered by High Point

Surgery Center and the prices paid by High Point Surgery Center, which information would not adequately be protected by the Confidentiality Order to which High Point Surgery Center never agreed and was never afforded an opportunity to provide input.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  At issue in this MDL are the harms to the individual Plaintiffs caused by the administration of the MPA produced and distributed by NECP in three identified lots that were administered to patients between May 21, 2012 and September 24, 2012.  Information about other products High Point Surgery Center purchased from NECP, including cardioplegic solution, has no bearing on the facts at issue and is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the time period of the Request exceeds the time period for products covered by the recall.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center also objects to this Request on the ground that it seeks information protected by HIPAA and/or state privacy and confidentiality laws, such as non-party patients' prescription information.  High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECP and/or its trustee.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  At issue in this MDL are the harms to the individual Plaintiffs caused by the administration of the MPA produced and distributed by NECP in three identified lots that were administered to patients between May 21, 2012 and September 24, 2012.  Information about other products High Point Surgery Center purchased from NECP, including ophthalmic solution, has no bearing on the facts at issue and is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the time period of the Request exceeds the time period for products covered by the recall.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks information protected by HIPAA and/or state privacy and confidentiality laws, such as prescription information.  High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECP and/or its trustee.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  At issue in this MDL are the harms to the individual Plaintiffs caused by the

administration of the MPA produced and distributed by NECP in three identified lots that were administered to patients between May 21, 2012 and September 24, 2012.  Information about other products High Point Surgery Center purchased from NECP, including ophthalmic solution, has no bearing on the facts at issue and is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the time period of the Request exceeds the time period for products covered by the recall.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks information protected by HIPAA and/or state privacy and confidentiality laws, such as prescription information.  High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECP and/or its trustee.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  At issue in this MDL are the harms to the Plaintiffs, who have brought the pending cases, caused by the administration of the MPA produced and distributed by NECP in three identified lots that were administered to patients between May 21, 2012 and September 24, 2012. Information about other patients of High Point Surgery Center is unrelated to the harms allegedly suffered by the Plaintiffs, has no bearing on the facts at issue and is not reasonably calculated to

lead to the discovery of admissible evidence.  Further, this Request seeks information about products that were not covered by the recall and includes within its scope information about patients who received products that have never been identified as contaminated.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks information protected by HIPAA and/or state privacy and confidentiality laws.  Such protected patient information should not be disclosed, particularly where this Request is not limited to patients who may have received product identified as contaminated.  High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, the CDC.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, work product protection or other applicable protections, particularly to the extent it seeks "[a]ny and all documents and/or ESI reflecting, and/or related in any way whatsoever to" the topics in the Request, which would purport to include privileged and protected information relating to High Point Surgery Center's response to the NECP recall and inquiries from government agencies.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The time period of the Request exceeds the time period for products covered by the recall.  High Point Surgery Center further objects to this Request on the ground that it exceeds

the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request to the extent it seeks information protected by HIPAA and/or state privacy and confidentiality laws.  High Point Surgery Center objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECC and/or its trustee and/or the CDC. High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  As written, the Request contains no time limitation.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including without limitation, NECC and/or its trustee.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.  High Point Surgery Center further objects to this Request on the ground that it is vague and ambiguous, including, but not limited to, the use of the phrase "attachments A, B or others."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The time period of the Request exceeds the time period for products covered by the recall, and this Request includes within its scope information about products that have never been identified as contaminated. As such, the Request seeks information that bears no relationship to the facts at issue in this MDL and is not reasonably calculated to lead to the discovery of admissible evidence. High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO. High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECC and/or its trustee. High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This Request has no time limitation and includes within its scope information about products that have never been identified as contaminated. High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO. High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other

14

persons or entities, including, without limitation, the CDC and/or the other agencies identified in the Request.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.


### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This Request includes within its scope information about products that have never been identified as contaminated and about compounding pharmacies other than NECP that are not parties to the MDL.  As such, it seeks information that has no bearing on any facts at issue in this case and that is not reasonably calculated to lead to the discovery of admissible evidence. High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on nonparty discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, the CDC and/or the other agencies identified in the Request.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.


### RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. As written, this Request contains no time limitation and includes within its scope information about products that have never been identified as contaminated. As such, it seeks information that has no bearing on any facts at issue in this case and that is not reasonably calculated to lead to the discovery of admissible evidence. High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO. High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECP and/or its trustee. High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. As written, this Request contains no time limitation and includes within its scope information about products that have never been identified as contaminated. As such, it seeks information that has no bearing on any facts at issue in this case and that is not reasonably calculated to lead to the discovery of admissible evidence. High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO. High Point Surgery Center further objects to this Request on the ground that it is vague and ambiguous, including, without limitation, the use of the phrase "agreements, contracts and/or warranties," such as, for example, whether that includes every purchase order or invoice in connection with any purchase from NECP. High Point Surgery Center further objects

to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECP and/or its trustee.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks documents that are available from, and more appropriately sought from, other persons or entities, including, without limitation, NECP and/or its trustee.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is cumulative and/or duplicative of information that is being sought from parties and/or other non-parties.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, work product protection or other applicable protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  As written, the Request does not contain any limitation as to the recipients of the

communications and thus purports to include, for example, High Point Surgery Center's communications with its counsel.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks information protected by HIPAA and/or state privacy and confidentiality laws, including, without limitation, because it includes within its scope communications with patients.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, work product protection or other applicable protections, particularly to the extent it seeks "[a]ny and all documents and/or ESI reflecting or containing communications" concerning the topics in the Request, which would purport to include privileged and protected information relating to High Point Surgery Center's response to the NECP recall and inquiries from government agencies.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, work product protection or other applicable protections.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.  As written, the Request includes within its scope information about insurance coverage unrelated to any coverage for the NECP matter.  As such, it seeks information that has no bearing on any facts at issue in this case and that is not reasonably calculated to lead to the discovery of admissible evidence.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks proprietary and confidential information of High Point Surgery Center, which information would not adequately be protected by the Confidentiality Order to which High Point Surgery Center never agreed and was never afforded an opportunity to provide input.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

High Point Surgery Center objects to this Request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  As written, the Request includes within its scope organizational documents that pre-date and post-date the NECP matter.  As such, it seeks information that has no bearing on any facts at issue in this case and that is not reasonably calculated to lead to the discovery of admissible evidence.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks proprietary and confidential information of High Point Surgery Center, which information would not adequately be protected by the Confidentiality

19

Order to which High Point Surgery Center never agreed and was never afforded an opportunity to provide input.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.  The Request contains no temporal relationship to the NECP matter and, as such, seeks information that has no bearing on any facts at issue in this case and that is not reasonably calculated to lead to the discovery of admissible evidence.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks proprietary and confidential information of High Point Surgery Center, which information would not adequately be protected by the Confidentiality Order to which High Point Surgery Center never agreed and was never afforded an opportunity to provide input.

### RESPONSE TO REQUEST FOR PRODUCTION NO.20:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.  The Request contains no temporal relationship to the NECP matter.  High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO.  High Point Surgery Center further objects to this Request on the ground that it seeks proprietary and confidential information of High Point Surgery Center,

which information would not adequately be protected by the Confidentiality Order to which High Point Surgery Center never agreed and was never afforded an opportunity to provide input.

### RESPONSE TO REQUEST FOR PRODUCTION NO.21:

High Point Surgery Center objects to this Request on the grounds that it is overbroad, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence. The Request contains no temporal relationship to the NECC matter. The Request contains no temporal relationship to the NECP matter. High Point Surgery Center further objects to this Request on the ground that it exceeds the limitations on non-party discovery imposed by the QPO. High Point Surgery Center further objects to this Request on the ground that it seeks proprietary and confidential information of High Point Surgery Center, which information would not adequately be protected by the Confidentiality Order to which High Point Surgery Center never agreed and was never afforded an opportunity to provide input.

This the 26th day of July, 2013.

/s/ Carrie A. Hanger_____
Terrill Johnson Harris
N.C. State Bar No. 17472
terri.harris@smithmoorelaw.com
Carrie A. Hanger
N.C. State Bar No. 35324
carrie.hanger@smithmoorelaw.com
*Attorneys for High Point Surgery Center*

OF COUNSEL:
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Post Office Box 21927 (27420)
Greensboro, North Carolina  27401
Telephone:  (336) 378-5200
Facsimile:  (336) 378-5400

## CERTIFICATE OF SERVICE

This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 26th day of July, 2013.

/s/ Carrie A. Hanger _____
Carrie A. Hanger
*Attorney for High Point Surgery Center*