UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Cases | )<br>)<br>)   MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON MOTIONS TO QUASH
SUBPOENAS TO NON-PARTY HEALTH CARE PROVIDERS

**SAYLOR, J.**

Between July 3 and July 18, 2013, various non-party entities filed 33 motions to quash and objections to discovery subpoenas served by the Plaintiffs' Steering Committee.[1] Among other things, various subpoena recipients objected to the fact that the subpoenas sought to compel the production of information from non-party health care providers concerning non-party patients, as well as materials protected by the physician-patient privilege and medical privacy statutes, including HIPAA.

The Court held a status conference in this matter on July 18, 2013, during which it heard argument as to those objections. The PSC contended that the Court had the authority to enforce, and should enforce, subpoenas seeking non-party patient and medical information, even when

---

[1] After the status conference on July 18, 2013, three subsequent motions to quash were filed by Encino Outpatient Surgery Center, Harford County Ambulatory Surgery Center, LLC, and Rochester Brain and Spine Neurosurgery and Pain Management, LLC. Four subsequent objections were also filed by High Point Surgery Center, Sahara Outpatient Surgery Center, Ltd., Interventional Spine & Sports Medicine, PC, and Allegheny Pain Management, PC. Those motions and objections will be subject to this order.

the information sought was solely intended to assist in the provision of notice to potential claimants in the Bankruptcy Court.  The Court did not resolve the issue, and ordered that any supplemental memoranda concerning that issue be filed by July 26, 2013.

In the meantime, the Bankruptcy Court held a hearing on the trustee's motion to set a bar date, at which the issue of providing notice to potential creditors was discussed.  The Bankruptcy Court determined that neither HIPAA nor any relevant physician-patient privilege would be violated if medical providers were required to disclose limited identifying information, as long as that information was kept confidential by the recipients and used only for the purpose of effectuating notice of the bar date.  The Bankruptcy Court further held that identifying information should only be provided for recipients of the tainted lots identified by the Center for Disease Control ("CDC"), and not all persons who received any NECC products over the prior two years.  The Bankruptcy Court ordered that the trustee submit a proposed order that would require medical providers, no later than August 16, 2013, to forward to the trustee the names and addresses of their patients who had received the tainted lots identified by the CDC.

The PSC, the trustee, and various objectors submitted supplemental filings to this Court on July 26.  The PSC reported that it had decided to suspend any efforts to enforce the subpoenas in light of the Bankruptcy Court's action, and that the motions had therefore been rendered "moot at this time," but "with the caveat that the parties and the Court might revisit this issue should future events require any additional action."  The PSC requested in the alternative that "if this Court intends to decide this issue, the Court [should] extend the deadline for supplemental briefing until 7 days after the bankruptcy court issues its written order."  The trustee reported on the Bankruptcy Court's ruling as to the notice procedures described above.  Various objectors

continued to maintain that the subpoenas, to the extent that they were still in effect, were improper and required the disclosure of information protected by patient-physician privilege in contravention of Fed. R. Civ. P. 45(c)(3)(A)(iii) and therefore should be quashed.

Under the circumstances, the issue does not appear to be moot, and the Court sees no reason to leave it unresolved. After careful review, the Court is not convinced that it has the authority under Fed. R. Civ. P. 26 and 45 to require a non-party health-care provider to produce medical information concerning non-party patients, solely for the purpose of providing notice to potential claimants in a bankruptcy proceeding where the reference has not been withdrawn, and particularly where such information is protected by privilege or medical privacy laws. Furthermore, and in any event, if the Court has that authority, it is not persuaded that it is appropriate to exercise that authority here.

The Court will therefore GRANT the motions to quash to the extent that any relevant subpoena seeks to obtain patient medical records or other patient information as to individuals who are not parties to any action presently pending in this Court for the purpose of providing notice to possible claimants. The Court takes no position as to whether the Bankruptcy Court can require the production of any patient information pursuant to its own lawful authority. All pending motions to quash and objections to subpoenas are hereby REFERRED to Magistrate Judge Jennifer C. Boal for final resolution consistent with this order.

This order applies to the following motions to quash and objections to the subpoenas:

*Liberty Industries, Inc.*, Motion to Quash and/or Modify [D.N. 231]

*Thorek Memorial Hospital*, Motion to Quash [D.N. 244]

*Baltimore Pain Management Center*, Motion to Quash [D.N. 254]

*Carilion Surgery Center New River Valley LLC, d/b/a New River Valley Surgery Center, LLC,* Motion to Quash PSC's Subpoena [D.N. 257]

*North Carolina Orthopaedic Clinic*, Motion to Quash [D.N. 259]

*Howell Allen Clinic, A Professional Corporation, St. Thomas Outpatient Neurosurgical Center, LLC*, Motion to Quash [D.N. 266]

*The South Bend Clinic, LLP*, Motion to Quash and Objection to Non-Party Subpoenas [D.N. 269]

*South Jersey Healthcare*, Motion to Quash the Plaintiffs' Steering Committee's Subpoena with Attached Objections [D.N. 273]

*Surgery Center of Wilson, LLC*, Motion to Quash [D.N. 275]

*Southeast Michigan Surgical Hospital*, Motion to Quash [D.N. 298]

*Insight Health Corp.*, Motion to Quash [D.N. 300]

*Howell Allen Clinic, A Professional Corporation*, Motion to Quash [D.N. 304] and Objection to PSC's Subpoena [D.N. 263, 221]

*St. Thomas Outpatient Neurosurgical Center, LLC*, Motion to Quash [D.N. 305] and Objection to PSC's Subpoena [D.N. 219]

*Dr. Donald Jones*, Motion to Quash [D.N. 306] and Objection to PSC's Subpoena [D.N. 222]

*Neurosurgical Group of Chattanooga*, Motion to Quash [D.N. 307] and Objection to PSC's Subpoena [D.N. 218]

*Specialty Surgery Center, PLLC*, Motion to Quash [D.N. 308] and Objection to PSC's Subpoena [D.N. 220]

*Dr. O'Connell's Pain Care Center, Inc.*, Motion to Quash [D.N. 311]

*Pain Consultants of West Florida*, Motion to Quash [D.N. 317]

*Encino Outpatient Surgery Center*, Motion to Quash [D.N. 338]

*Harford County Ambulatory Surgery Center, LLC*, Motion to Quash [D.N. 342]

*Rochester Brain and Spine Neurosurgery & Pain Management, LLC*, Motion to Quash Subpoena [D.N. 358] and Objection to PSC's Subpoena [D.N. 314]

*High Point Surgery Center*, Objections to PSC's Subpoena [D.N. 365]

*Interventional Spine & Sports Medicine, PC*, Objection To PSC's Subpoena [D.N. 345]

*Allegheny Pain Management, PC*, Objection to PSC's Subpoena [D.N. 334]

*Doylestown Hospital*, Objection to PSC's Subpoena [D.N. 332]

*Greenspring Surgical Center*, Objection to PSC's Subpoena [D.N. 303]

*Neuromuscular and Rehabilitation Associates of Northern Michigan*, Objection to PSC's Subpoena [D.N. 288]

*Forsyth Street Ambulatory Surgery Center, LLC*, Objections to Plaintiffs' Steering Committee's Subpoena and Noticed Deposition [D.N. 279]

*Surgical Park Center, Ltd.*, Objection to PSC's Subpoena [D.N. 261]

*HCA Health Services of Tennessee, Inc.*, Objection to PSC's Subpoena [D.N. 260]

*Premier Orthopaedic And Sports Medicine Associates Of Southern New Jersey, LLC, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, MD*, Objection to PSC's Subpoena and Motion to Quash or Modify [D.N. 252]

*Michigan Pain Specialists, PLLC*, Objection to PSC's Subpoena [D.N. 241]

*Southeast Michigan Surgical Hospital*, Objection to Plaintiffs' Subpoena [D.N. 236]

*Sahara Outpatient Surgery Center, Ltd.*, Objection to PSC's Subpoena [D.N. 368]

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: August 1, 2013