UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) | MDL No. 1:13-md-02419 |
| PHARMACY, INC. PRODUCTS ) | |
| LIABILITY LITIGATION ) | Hon. F. Dennis Saylor, IV |

**PAIN ASSOCIATES OF CHARLESTON, LLC D/B/A INTERVENEMD'S OBJECTIONS TO PLAINTIFFS' STEERING COMMITTEE'S ("PSC") SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION (HEREINAFTER, "SUBPOENA") AND MOTION TO QUASH.**

Pain Associates of Charleston, LLC d/b/a InverveneMD ("Pain Associates of Charleston"), having previously filed its Notice of Limited Appearance, hereby files its objections to the subpoena for a deposition and the production of documents, dated July 19, 2013 ("the subpoena"). This subpoena was issued on behalf the Plaintiffs' Steering Committee ("PSC") in the above-referenced case ("MDL"). The Subpoena commands a deposition to take place on August 15, 2013 along with production of twenty-one (21) categories of documents. Pain Associates of Charleston respectfully files these objections and requests that the Court quash or modify the subpoena or, in the alternative, issue a protective order under Rule 26(c), FRCP.

**PRELIMINARY STATEMENT**

Pain Associates of Charleston, LLC is a medical practice located in Mt. Pleasant, SC. The PSC served its subpoena upon Pain Associates of Charleston on July 19, 2013. (Exhibit A) Pain Associates of Charleston is a non-party to the MDL action. Upon information and belief, none of the Pain Associates of Charleston patients that were exposed to the tainted product produced by defendant New England Compounding Pharmacy, Inc. ("NECC") are a part of the pending MDL for which the subpoena was issued.

The subpoena is a blatant and improper attempt to obtain discovery from Pain Associates of Charleston for the purpose of either preparing for claims against Pain Associates of Charleston and/or reaching additional potential claimants. This purpose is revealed in the press release that accompanied some early correspondence about the subpoena, which is tantamount to advertising for clients. (Exhibit B). Further, the subpoena seeks information about Pain Associates of Charleston's organizational structure and insurance coverage; information that has no bearing on the liability of NECC or other defendants in the MDL. In short, the PSC is improperly using the Court's consent to limited discovery to demand a broad range of documents and information from a non-party to determine whether there may be additional claims against that non-party (and insurance coverage for such claims) or to drum up potential new clients.

Accordingly, for these reasons and the reasons set forth below, Pain Associates of Charleston objects to the subpoena in its entirety.

**GENERAL OBJECTIONS**

1. In objecting to this subpoena, Pain Associates of Charleston does not concede the existence, relevance, materiality, or admissibility of the subpoena, the information, the documents or the testimony to which the subpoena refers or relates.

2. Pain Associates of Charleston objects to PSC's Requests under Fed. R. Civ. P. 26(b)(2)(C)(i) to the extent that the information sought from a third party to the litigation is unreasonably cumulative or duplicative of information already provided to the PSC by New England Compounding Pharmacy, Inc.

3. Pain Associates of Charleston objects to PSC's Requests under Fed. R. Civ. P. 26(b)(2)(C)(i) to the extent that the information sought from a third party to the litigation can be obtained from some other source such as public records and/or New

England Compounding Pharmacy, Inc. that is more convenient, less burdensome or less expensive.

4. Pain Associates of Charleston objects to PSC's Requests to the extent they seek to impose on Pain Associates of Charleston any obligations or responsibilities other than those required by the Federal Rules of Civil Procedure or the applicable Local Civil Rules of the United States District Court for the District of South Carolina.

5. Pain Associates of Charleston objects to PSC's Requests to the extent they seek production of documents protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Nothing contained in these objections is intended to be, or in any way constitutes, a waiver of any such applicable privilege or immunity.

6. An objection asserting that a Request seeks privileged information or documents should not be construed as a representation that such information or documents exist or existed. Such objections indicate only that the Requests are of such a scope as to embrace subject matter protected by the attorney-client privilege, the work-product doctrine or other applicable privilege or immunity.

7. Pain Associates of Charleston objects to PSC's Requests to the extent they seek production of documents and things subject to confidentiality rights of third parties not affiliated with Pain Associates of Charleston.

8. Pain Associates of Charleston objects to PSC's Requests to the extent they seek to require Pain Associates of Charleston to produce documents requiring more than a reasonable search to identify.

9. Pain Associates of Charleston objects to PSC's Requests to the extent they seek production of duplicative materials.

10. Pain Associates of Charleston objects to PSC's Requests as vague, ambiguous, and unduly burdensome to the extent they seek the production of "any and all documents."

11. Pain Associates of Charleston objects to PSC's Requests to the extent they seek the production of documents that contain information that is not relevant to a claim or defense of the parties or is not reasonably calculated to lead to the discovery of admissible evidence. Pain Associates of Charleston reserves the right to mask or redact such information before producing documents to PSC.

12. Pain Associates of Charleston objects to PSC's Requests to the extent they seek the production of electronic documents that would be unduly burdensome or costly to search for, collect and produce.

13. Pain Associates of Charleston reserves the right to supplement and/or amend these objections pursuant to Federal Rule of Civil Procedure 26(e).

**SPECIFIC OBJECTIONS**

Pain Associates of Charleston objects to the subpoena issued by the PCS on the following grounds:

- PSC violated Fed. R. Civ. P. 45(b)(1) by failing to enclose the mandatory fee for one day's attendance at a deposition.

- The subpoena exceeds the limited scope of discovery allowed by the MDL Court.

- The subpoena violates Fed. R. Civ. P. 26(b) in that it is unduly burdensome and seeks information that is wholly irrelevant to the MDL.

- The subpoena violates Fed. R. Civ. P 45(c)(1) in that it fails to take reasonable steps to avoid undue burden or expense.

- The subpoena violates Fed. R. Civ. P. 45(c)(3)(A)(iii) in that it seeks privileged information.

- The subpoena violates Fed. R. Civ. P. 45(c)(3) and 34(b)(2)(A) in that it fails to provide Pain Associates of Charleston with a reasonable period of time to comply.

### I. PSC's Subpoena was not Properly Served

PSC's Subpoena violates the plain language of Fed. R. Civ. P. 45(b)(1) as it did not enclose the required $40.00 fee. The Federal Rules of Civil Procedure require simultaneous tendering of witness fees and reasonable mileage with service of a subpoena. Because this fee was not included, service of the Subpoena upon Pain Associates of Charleston is fatally defective. *See Tyson v. Jordan*, 2010 WL 3247840 *2 (D.S.C. 2010). PSC may not cure the defect by remitting payment at a later date, but rather must re-issue a new subpoena that contemporaneously encloses this payment. Finally, though the Court's QPO order required that it be appended to the subpoenas, PSC failed to include this information with the Subpoena.

### II. PSC's Subpoena Goes Beyond the Authority granted by the Court to Conduct Discovery

On June 21, 2013, the MDL Court issued two Orders governing discovery; the "Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information" ("QPO") and the "Order on Central Enforcement of Subpoenas" ("Enforcement Order"). These Orders outline the scope of discovery Plaintiffs were permitted to seek through the issuance of non-party subpoenas. The Subpoena served by the PSC, however, far exceeds this authority.

First, the QPO provided that

> The information requested and produced shall be limited to the names of patients that have been identified as receiving NECC solutions, medications or compounds from January, 2011 – November, 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound,

> including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' NECC product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions."

(*See* June 21, 2013 Order, Dkt. No. 192, at 112).

PSC's Subpoena, however, has requested twenty-one categories of documents, including documents far outside the permitted scope of discovery. The Subpoena demands, among other documents:

- All policies of insurance, including professional liability, malpractice, products liability, general liability, and comprehensive or umbrella policies issued to Pain Associates of Charleston. ¶17

- Articles of Incorporation and/or By-Laws applicable to Pain Associates of Charleston. ¶18

- All documents reflective the names, addresses and positions within Pain Associates of Charleston. ¶19

- All documents showing entities or individuals with an ownership interest in Pain Associates of Charleston. ¶20

- All organizational charts maintained by Pain Associates of Charleston. ¶21

Further, the Order permits subpoenas for information between January 2011 and November 2012. The subpoena, however, requests information and documents from October 6, 2010 to October 6, 2012. (¶1, 3, 4, 5, 6 and 7). It also requests documents and information related to procurement of methylprednisolone acetate from any compounding facility or manufacturer since October 6, 2007. (¶2). The PSC disregarded the limitation on time frame ordered by the Court.

The PSC's subpoena requests documents and information that are far outside the scope of permitted discovery. The overreaching of the Subpoena shows PSC's intent to conduct a fishing

6

expedition for potential clients as well as its efforts to intimidate and harass healthcare providers who PSC believes may be potential defendants.

### III. PSC's Subpoena is Unduly Burdensome for Pain Associates of Charleston

Given that Pain Associates of Charleston is a non-party to the MDL action, compliance with the overly broad subpoena would require a tremendous amount of time, money and other resources. A Court is required to quash a subpoena if it "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A) (*see also S.E.C. v. White*, 2011 WL 1544202 (D.S.C. 2011).

Whether a subpoena is unduly burdensome within the meaning of Fed. R. Civ. P. 45(c)(3)(A)(iv) raises the question of the reasonableness of the subpoena, which requires that the court "[weigh] a subpoena's benefits and burdens and consider whether the information is necessary and whether it is available from any other source." *Maxtena, Inc. v. Marks*, 289 F.R.D. 427 (D.Md. 2012). The information and documents demanded by the PSC's subpoena is so overly broad that this balance weighs in favor of the subpoena being quashed. The majority of the information sought by the subpoena is not relevant and is not reasonably calculated to lead to the discovery of relevant evidence. Fed. R. Civ. P. 26. For example, Pain Management of Charleston's corporate documents and insurance policies have no relevancy to the allegations being litigated through the MDL, nor does the request for vast amounts of information about Pain Associates of Charleston's relationships with other compounding pharmacies. Further, any information that may be relevant is readily available from other sources, such as the FDA, CDC or South Carolina DHEC.

Despite having guidance from the MDL Court as to what topics and date ranges were permissible targets for discovery, the PSC has blatantly disregarded that guidance and embarked upon an attempt to obtain a massive amount of private, privileged and irrelevant information.

The PSC's subpoena is an obvious fishing expedition meant to reach additional clients. Given the overbreadth of the subpoena and the substantial cost in time and money that compliance would cost, not only is the subpoena unduly burdensome, but the PSC failed its duty to take reasonable steps to avoid imposing undue burden upon Pain Associates of Charleston, in violation of Fed. R. Civ. P 45(c)(1).

### IV. The subpoena violates Fed. R. Civ. P. 45(c)(3)(A)(iii) in that it seeks privileged information.

Fed. R. Civ. P. 45(c)(3)(A)(iii) requires that a court quash or modify a subpoena that requires disclosure of privileged or other protected matters. The PSC's subpoena calls for information that is Protected Health Information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.501 *et seq*. As a "covered entity" under HIPAA, Pain Associates of Charleston has a duty to keep patients' Protected Health Information confidential. Disclosure to third-parties may only be made under limited circumstances. Though this Court's QPO provided that "[t]he information requested an produced shall be limited to the names of patients that have been identified as receiving NECC solutions…" (Dkt. No. 192), the subpoena requests a range of patient Protected Health Information far outside that narrow scope.

Further, PSC's Subpoena does not comply with the Court's QPO as it directs the production of documents, including those documents with patients' protected health information, directly to PSC at the deposition. Pursuant to the QPO, the information is only to be produced to a third-party Vendor. It does not appear that a third-party Vendor has been retained at this point and PSC's Subpoena is not in compliance with the Court's Order.

In addition, though the Court's Order Granting Leave purported to establish a procedure for production of HIPAA-protected information to create a "safe harbor," the PSC's subpoena so far exceeds the scope of discovery authorized by the Court that the "safe harbor" is likely to be

8

ineffective. Non-party Pain Associates of Charleston should not be required to violate, or risk violating, HIPAA and state privacy and confidentiality laws, especially in light of the lack of relevance and duplicative nature of the information demanded by the subpoena.

Finally, the subpoena calls for information that may be protected by the attorney/client or work product privileges. Particularly items 15 and 16 on Exhibit B to the subpoena call for all communications on the subject of the recall and likely include attorney/client communications.

### V. The subpoena violates Fed. R. Civ. P. 45(c)(3) and 34(b)(2)(A) in that it fails to provide Pain Associates of Charleston with a reasonable period of time to comply.

The subpoena served upon Pain Associates of Charleston fails to provide a reasonable period of time to comply. The subpoena was served on July 19, 2013 and demanded production of twenty-one categories of documents and a witness to testify by August 18, 2013. Given that Pain Associates of Charleston is a busy medical practice, less than one month is not a reasonable amount of time for compliance, especially considering the vast amount of time and resources it would take for compliance with PSC's over-broad requests. Given the lack of reasonable time for compliance, the subpoena must be quashed under Fed. R. Civ. P. 45(c)(3). To the extent that the subpoena is not quashed in its entirety, Pain Associates of Charleston respectfully requests that the time for compliance be extended to a more reasonable response period.

### CONCLUSION

For the above-referenced reasons, Pain Associates of Charleston respectfully files these objections and requests that the Court quash or modify the subpoena or, in the alternative, issue a protective order under Rule 26(c), FRCP.

                                  HOOD LAW FIRM, LLC
                                  172 Meeting Street/Post Office Box 1508
                                  Charleston, SC  29402
                                  Phone: (843) 577-4435/Fax: (843) 722-1630
                                  Email: Info@hoodlaw.com

                                  **s/ Robert H. Hood, Jr.**
                                  Robert H. Hood (1939)
                                  Robert H. Hood, Jr. (6998)

                                  Attorneys for Pain Associates of Charleston, LLC
                                  d/b/a InverveneMD

**August 2, 2013**
Charleston, South Carolina

## CERTIFICATE OF SERVICE

      This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 2nd day of August, 2013.

                                  **s/ Robert H. Hood, Jr.**