UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)     MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>) |

## JOINT MOTION OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING MEDIATION PROGRAM

The chapter 11 Trustee (the "Trustee") appointed in in the Chapter 11 case (the "Chapter 11 Case") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Official Committee") of NECC in the Chapter 11 Case, by and through their respective undersigned counsel, hereby submit this joint motion (the "Motion") for entry of an order (the "Mediation Order") attached hereto as **Exhibit A** approving a mediation program (the "Mediation Program") jointly proposed by the Official Committee and the chapter 11 Trustee appointed in the Chapter 11 Case (the "Trustee"), to be subsequently submitted to the bankruptcy court supervising the Chapter 11 Case (the "Bankruptcy Court") for its review and approval.

The submission of this order to the Court is required by Section II.J. of MDL Order No. 6, titled "Case Management Order," ("MDL No. Order 6") [Dkt. No. 209], entered by this Court on June 28, 2013. Pursuant to MDL Order No. 6, the Trustee, the Official Committee, and the Plaintiffs' Steering Committee ("PSC") appointed in this MDL case were to confer and submit "to the Court within 30 days a proposed mediation order to be entered in this Court and the Bankruptcy Court concerning all unaffiliated defendants and non-parties." See MDL Order No.

6 at 10.[1]  In accordance with MDL Order No. 6, the Trustee, PSC and Official Committee have been engaged for the last several weeks in negotiations regarding a form of mediation order. Despite extensive discussions, the PSC has decided not to fully join the Trustee and the Official Committee with respect to a number of issues (as will be identified below). Further, to the extent that comments were received from Unaffiliated Defendants prior to today's date, all were considered and some incorporated, as described below. The Trustee and the Official Committee remain open to hearing and considering comments from other interested parties.

Through this Motion, the Trustee and Official Committee jointly request that this Court adopt procedures relating to the establishment and implementation of the Mediation Program, to be administered in the Bankruptcy Court (with the Bankruptcy Court thereafter permitted to take such actions as necessary to implement the Mediation Program, including making such modifications of the Mediation Program as the Bankruptcy Court deems necessary or appropriate to facilitate the mediation). The Mediation Program will seek to mediate claims between NECC and third parties (other than "Affiliated Defendants," as that term is defined in MDL Order No. 6, with which the Trustee is already negotiating pursuant to the Bankruptcy Court's April 18, 2013 Agreed-Upon Order Establishing Protocol for Settlement Negotiations and Communications) who may share liability for personal injury and wrongful death claims related to NECC's products and who therefore may have indemnification, contribution or other reimbursement claims against NECC - these parties are referred to in the Mediation Program as the "Unaffiliated Non-Debtor Claimants." The Mediation Program is crucial to the success of the chapter 11 plan that the Trustee and Official Committee (and, we believe, the PSC) envision in this case, and essential critical step towards implementation of that plan. Under that plan,

---

[1] Pursuant to Fed. R. Civ. P. 6(a)(1)(C), as the thirtieth day after June 28, 2013 was Sunday, July 28, 2013, the deadline became Monday, July 29, 2013. See Fed. R. Civ. P. 6(a)(1)(C). By joint motion of the Official Committee, the Trustee and the PSC, that deadline was extended by the Court to Monday, August 5, 2013.

potentially liable parties, including the allegedly culpable insiders of NECC as well as Unaffiliated Non-Debtor Claimants, would contribute funds in amounts to be negotiated into a common fund.  To ensure finality, and to induce potentially liable parties to contribute to the fund, the Trustee and Official Committee contemplate the chapter 11 plan would provide third party releases, and injunctions in furtherance thereof, to those potentially liable parties who make substantial contributions to the fund.

The Mediation Program that the Trustee and Official Committee now propose is the product of months of collaboration, not only between the Trustee and Official Committee, but also with the PSC.  Since even before entry of MDL Order No. 6, the Trustee and Official Committee have conferred extensively with the PSC and, as to the vast majority of the proposed Mediation Program, these parties are in full agreement; indeed, the Mediation Program implements the terms contemplated by MDL Order No. 6.[2]  The Mediation Program will be open

---

[2] Paragraph II.J of MDL Order No. 6 required as follows:

> The Proposed Mediation Order shall provide that any unaffiliated defendant or non-party who elects to participate in mediation shall, among other things:
>
> 1. be exempt from discovery except as required to facilitate participation in mediation. The exemption should continue in force so as long as the mediator does not report to this Court and the Bankruptcy Court that (a) the subject defendant or potentially responsible party is not negotiating in good faith; (b) that the mediation as to the defendant or potentially responsible party has reached impasse terminating mediation as to them; or (c) that the mediation as a whole has reached impasse and should be terminated.  The election shall require the defendant or potentially responsible entity/person to submit to jurisdiction of this Court and Bankruptcy Court;
>
> 2. voluntarily agree to a standing injunction order tolling any statutes of limitation or other applicable time bar statutes;
>
> 3. voluntarily agree to a standing injunction order suspending or extending any and all applicable pre-suit or post-suit requirements related to health care orders, including any notices, arbitration or panel submission requirements, or affidavits of service;
>
> 4. provide a statement to the appointed mediator, the Plaintiffs' Lead Counsel, a liaison to the defendants, the trustee, and the Creditors' Committee identifying any other potentially responsible parties liable to tort claimants or liable to the defendants or another potentially responsible party regarding injuries related to the allegedly contaminated methylprednisolone acetate

to any entity with potential liability to claimants who have been injured by NECC's products – whether or not such an entity is yet a named defendant in any case.

While the order sets forth certain requirements for participation, the Trustee and the Committee are mindful that mediation is a voluntary endeavor and cannot succeed if participation is conditioned upon terms that create a disincentive to participate. To that end, in order to participate, an entity must (i) submit a participation notice to the Trustee, counsel to the Official Committee, and Lead Counsel for the Plaintiffs' Steering Committee, (ii) file a proof of claim in the bankruptcy, (iii) agree to toll claims and stay certain pre-suit requirements otherwise required of plaintiffs, and (iv) meet certain minimum initial disclosure requirements in order to establish their eligibility for the program. In exchange, for the duration of their participation in mediation, any cases pending in the MDL Case will be stayed. Further, by virtue of the proof of claim that the participant will be required to submit in the Chapter 11 Case, the Trustee will seek to transfer to the MDL court any cases pending against the participant in other courts, bringing those cases within this Court's mediation stay as well.

Despite extensive negotiation, however, the Trustee and Official Committee have been unable to agree with the PSC as to three discrete, but important, components of the Mediation Program. Although the Trustee and Official Committee believe the PSC's requests are well-intentioned, each of them would serve as a disincentive for Unaffiliated Non-Debtor Claimants to participate in the program, and for that reason the Trustee and Official Committee cannot agree with the PSC.

---

and the grounds or basis of the claim. Statements should be deemed mediation material and not admissions, and are not admissible in any judicial proceeding; and

5. file a proof of claim in the Chapter 11 Case."

First, the PSC believes the MDL Court should have discretion to decide which court will oversee all aspects of the Mediation Program whereas the Trustee and Committee believe the Mediation Program, as an integral component of the chapter 11 plan negotiation process, should be overseen by the Bankruptcy Court.

Nevertheless, the Trustee and Official Committee are willing to agree to confer further with the PSC and with interested participants to determine if some portion of the proceedings - namely, discovery disputes - can be handled in another manner, including by designating the mediator as special discovery master or by referring the disputes to a magistrate in the MDL.

Second, the PSC believes that participants should be required to list all parties against whom they may have comparative fault claims and that such list should be binding and not expandable should mediation fail, whereas the Trustee and Official Committee believe that any such list should be limited to those states with short (one year) statute of limitations periods and that the lists be non-binding.  Because discovery will be stayed during the Mediation Program, there is a risk to plaintiffs that failure to obtain information about comparative fault parties before the expiration of statutes of limitation could result in claims against third-parties and may be time-barred.  Recognizing the concern, the Trustee and Official Committee have agreed that comparative fault for any claims under Tennessee, Nevada, or Ohio law (each of which has a one year statute of limitations period) must be disclosed.  However, the Trustee and Official Committee do not support a provision that would make this list of comparative fault parties binding if mediation fails and preclusive of a participant ever recovering against additional parties that are not named.  The language proposed by the Trustee and Official Committee appears in paragraphs 4(b)(4) and 8(e) of the proposed Mediation Program.

Third, the PSC believes that Mediation Program should require participants to respond to any subpoenas issued out of the MDL to which the participant has not issued a timely objection. The Trustee and Official Committee do not object to permitting a participant to continue to produce documents responsive to outstanding subpoenas, but submit that in order for the Mediation Program to be an attractive option, it must allow for the cessation of all discovery except as is necessary in aid of mediation, as provided in the proposed Mediation Program. The language proposed by the Trustee and Official Committee appears in paragraph 8(b) of the proposed Mediation Program.

In addition to conferring with the PSC as required by MDL Order No. 6, the Trustee and Official Committee have shared drafts of the proposed Mediation Program with approximately twenty (20) Unaffiliated Non-Debtor Claimants, including certain unaffiliated defendants in the MDL. Although the Trustee and Official Committee cannot represent that all Unaffiliated Non-Debtor Claimants have had sufficient time or opportunity to review the attached proposed Mediation Program or have agreed to the Mediation Program, or that those who were provided it had a full opportunity to comment on relatively short notice, the Trustee and Official Committee have accepted certain comments from two defendants and have made corresponding changes, including: (i) to reduce the years for which a participant must disclose indemnity agreements; (ii) to ensure that participation notices are not filed publicly and are kept confidential; (iii) to make clear that responses to outstanding PSC subpoenas will not be required; (iv) to clearly specify which parties will be notified of the Mediation Program; (v) to provide that disclosed patient lists remain confidential in accordance with the Bankruptcy Court's orders; and (vi) to require parties to mediate in good faith. The Trustee and Official Committee also welcome post-filing comments from Unaffiliated Non-Debtor Claimants in an effort to achieve an agreed-upon order.

The Trustee and Official Committee will be prepared to address any questions or concerns that the Court may have about the Mediation Program at the status conference on August 9, 2013 at 1:30 p.m.

**WHEREFORE**, the Trustee and Official Committee jointly request that the Court grant this Motion and enter the Mediation Order which approves and serves to implement the Mediation Program.

Dated: August 5, 2013
         Boston, Massachusetts

                                                  **DUANE MORRIS LLP**

                                                  By:  /s/ Michael R. Gottfried
                                                  Michael R. Gottfried  (BBO #542156)
                                                  Jennifer L. Mikels (BBO# 682199)
                                                  100 High Street, Suite 2400
                                                  Boston, MA 02110-1724
                                                  Phone: (857) 488-4200
                                                  Fax: (857) 488-4201
                                                  Email: mrgottfried@duanemorris.com
                                                                 jlmikels@duanemorris.com

                                                  *Counsel for PAUL D. MOORE, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center*

                                                  - and -

**BROWN RUDNICK LLP**

By: /s/ David J. Molton
David J. Molton, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq. (BBO #542125)
Rebecca L. Fordon, Esq. (BBO #664578)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
rfordon@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

**CERTIFICATE OF SERVICE**

      I, Carol S. Ennis, hereby certify that on August 6, 2013, I caused a copy of the Joint Motion of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors for Order Approving Mediation Program (with all exhibits and appendices) to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.

Dated: August 6, 2013
      New York, New York                                       /s/ *Carol S. Ennis*
                                                                               Carol S. Ennis

61293689