# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND ) MDL No. 2419
COMPOUNDING PHARMACY, INC. ) Master Dkt: 1:13-md002419-FDS
PRODUCTS LIABILITY )
LITIGATION )
)
)
)
_____ )

## OBJECTIONS TO AND MOTION TO QUASH PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA SERVED ON UNIVERSAL PAIN MANAGEMENT

Nonparty healthcare provider Universal Pain Management Medical Corporation d/b/a Universal Pain Management ("UPM") hereby objects to the subpoena served on it by the Plaintiffs' Steering Committee ("PSC") (attached hereto as Exhibit "A"). UPM objects to the subpoena and moves to quash the subpoena because it is procedurally defective, appears to contravene this Court's discovery orders relating to non-parties, seeks documents which are private, privileged and not relevant, and places an undue burden on this nonparty.

## STATEMENT OF FACTS

UPM is a medical corporation operating pain management clinics in Los Angeles County, California. UPM is not a party to the above-referenced multi-district litigation. UMP did purchase Methylprednisolone Acetate ("MPA") from New England Compounding Pharmacy ("NECC") which was subject to a recall. As of August 5, 2013, according to the Centers for Disease Control there are no reported cases of persons contracting fungal or bacterial meningitis in the State of California as a result of the

1

recalled MPA.  Accordingly, there are <u>no</u> patients of UPM who have contracted fungal or bacterial meningitis from MPA purchased from NECC.

On July 10, 2013, correspondence was sent to Universal Pain Management advising them of this MDL and summarizing the role of the Plaintiffs' Steering Committee ("PSC") and Lead Counsel.  (See Exhibit "A")  The July 10, 2013, correspondence from Lead Counsel stated that a subpoena would be received by UPM "shortly" and enclosed a copy of the subpoena for the "convenience" of UPM.  However, no subpoena was formally served on UPM.  No witness fees have been tendered to UPM. UMP was never provided a copy of the Court's June 21, 2013 Order Granting Plaintiffs Leave to Serve Subpoenas as required by said order.

Ultimately, given UPM only received a cover letter indicating a subpoena would be forthcoming, without subsequent receipt of a subpoena, UPM now files this Objection out of an abundance of caution.  Given the Court's August 1, 2013 Order granting various motions to quash as it relates to patient information and medical records and referring the remaining matters to Magistrate Judge Jennifer C. Boal for final resolution UPM seeks clarification of its obligations.  To the extent that the PSC asserts that a subpoena was properly served on UPM, UPM disputes this and requests that the any subpoena purportedly served be quashed.

## GENERAL OBJECTIONS

1. UPM disputes that it was served with a valid subpoena, and to the extent a cover letter attaching a copy for the convenience of UMP purports to be valid service, UPM asserts it was not in compliance with Fed. R. Civ. P.

2

45(b)(1).  (*Omikoshi Japanese Restaurant v. Scottsdale Insurance Co.*, No. 08-3657, 2008 WL 4829583, at 1 (E.D. La. Nov. 5, 2008), requiring personal service of a subpoena to a non-party.)

2. No fee has been tendered to UPM as required by Fed. R. Civ. P. 45(b)(1). (*CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983), holding subpoenas were invalid because no witness fees or mileage allowances were tendered when the subpoenas were served.).

3. Because the MDL Master Docket does not contain a copy of any subpoena purportedly served on UPM the PSC has not complied with Fed. R. Civ. P. 45(b)(1).

4. The PSC has not complied with the June 21, 2013 Order Granting Plaintiffs Leave to Serve Subpoenas requiring it to provide a copy of the Order with any subpoena.

## SPECIFIC OBJECTIONS

### A. The Subpoena Seeks Documents that are Not Relevant

Among the documents sought in the subpoena identified in the July 10, 2013 cover letter to UPM are:

- Documents related to the purchase of any NECC compounded medication identified as contaminated by the CDC from a source *other than NECC*. (¶ 2)

- Protected patient information, including patient name, address, date of birth, treatment information, and dates of treatment.  (¶ 6)

3

- Policies of insurance issued to UPM, its officers, directors and physicians for a three year period. (¶17)
- UPM's Articles of Incorporation for a three year period. (¶ 18)

This litigation relates to products manufactured, sold and distributed by NECC and other defendants. The PSC asserts that the subpoenas seek information needed to "(1) bolster its liability case against NECC, (2) to understand the role of clinics, doctors, and/or health care providers played in the unfolding of the NECC-related debacle (including whether they or any others share liability) and (3) provide actual notice of any bar date to tort victims." (See Docket 377-2, page 2)

However, the information sought above has no relevance to these inquiries and would not provide any information to achieve the three stated goals as enumerated by the PSC. Any information relating to sources of compounds purchased by UPM *other than NECC* would not bolster any liability case against NECC, would not enlighten the PSC as to what role, if any, UPM played in the "unfolding of the NECC-related debacle" and would not assist in proving notice to any bar date to potential tort victims. The same rationale applies for any insurance policies maintained by UMP and articles of incorporation.

## B. The Subpoena Seeks Documents Which are Private and Privileged

Most concerning is the PSC's request for UPM's private patient information. On July 26, 2013, the PSC filed a Supplemental Submission Regarding Privilege Objections to Subpoenas stating that it would suspend any efforts to seek private patient information. (Docket 352, p. 2) However, since the filing of the Supplemental Submission

4

representatives of UPM were contacted by members of the PSC and expressed an expectation that documents would be produced pursuant to an "updated subpoena exhibit" without any indication that patient information was no longer sought. (See Exhibit "B")

UPM will not disclose patient information absent a court order. The right of privacy is guaranteed by article I, section 1 of the California Constitution as an inalienable right. (*White v. Davis* (1975) 13 Cal.3d 757.) "Medical records are the kind of information which is protected by the right of privacy." (*Binder v. Superior Court* (1987) 196 Cal.App.3d 893, 901, citation omitted; *Board of Medical Quality Assurance v. Gherardini* (1979) 93 Cal.App.3d 669.) Parties seeking to discover private information must, among other requirements, demonstrate a *compelling* ***state*** *interest* which requires such disclosure. (*Binder, supra,* 196 Cal.App.3d 893). The requesting party must demonstrate that the material is *directly relevant*, not merely reasonably calculated to lead to the discovery of admissible evidence.

Similarly, in California there can be no discovery of a matter which is privileged. (*Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 395; *California Code of Civil Procedure*, §2016(b), 2031). The documents are privileged as medical records. (*Cal. Evid. Code*, § 994; *Binder v. Superior Court* (1987) 196 Cal.App.3d 893, 897-898.) The privilege belongs to the patients. (*Cal. Evid. Code* § 993.) Only the holder may waive the privilege. (*Rittenhouse v. Superior Court* (1991) 235 Cal.App.3d 1584, 1588, citing *Cal. Evid. Code*, § 912.) There is no indication patients of UMP have waived this privilege.

## CONCLUSION

Based on the foregoing UPM respectfully submits that the PSC's subpoena, if deemed served, should be quashed.  Furthermore, UPM requests that in the event is it required to respond to a subpoena that the scope of the requested information be clarified in light of the recent and rapid developments in this matter.

Respectfully submitted,

LAW, BRANDMEYER + PACKER, LLP

By_____

ROBERT B. PACKER, ESQ.
PAUL M. CORSON, ESQ.
Attorneys for Defendant,
UNIVERSAL PAIN
MANAGEMENT

ROBERT B. PACKER
PAUL M. CORSON
LAW, BRANDMEYER + PACKER, LLP
245 S. Los Robles Avenue, Suite 600
Pasadena, CA 91101
(626) 243-5500 Telephone

## CERTIFICATE OF SERVICE

I, Paul M. Corson, hereby certify that a true and accurate copy of the foregoing was served on all parties by virtue of the Court's electronic filing system this 7 day of August, 2013

_____
PAUL M. CORSON