HALLEY M. STEPHENS
FULLER, MITCHELL, HOOD &
STEPHENS, LLC
2565 Barrington Circle
Tallahassee, FL 32308

August 8, 2013

**VIA ECF**
The Honorable Jennifer C. Boal
District of Massachusetts
John Joseph Moakley Federal Courthouse
1 Courthouse Way, 5th Floor
Boston, MA 02210

Re:   *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*;
      Master Dkt.: 1:13-md-02419-FDS; MDL No. 2419

Dear Judge Boal,

This letter is in response to the letter from the Plaintiffs' Steering Committee ("PSC") dated August 6, 2013 and served by ECF (Document 377). We represent a non party clinic located in Pensacola, Florida, Pain Consultants of West Florida ("PCWF") and appear *pro hac vice*.

The purpose of this letter is to address PSC's chart attached as Attachment 1 to their letter of August 6th. I am writing because I wanted your Honor to be aware that this chart is not an accurate representation of the objections made on behalf of my client, PCWF. For your reference, I previously filed PCWF's Motion to Quash Subpoena and Objections (Document 317) and PCWF's Memorandum in Support of Its Motion to Quash and Objections to Plaintiffs' Steering Committee's Subpoena (Document 355). In the chart recently filed by PSC as Attachment 1 to their letter, they failed to include and mischaracterized multiple objections raised on behalf of my client. By way of one example, I raised an objection that my client was not a party to the MDL which was omitted from the chart. Although PCWF's objections are included in the above referenced pleadings, for the Court's benefit, I have included a more complete and accurate summary below.

> PSC failed to provide PCWF with the fee for one day's attendance as required by Rule 45(b)(1) (Document 317, pg. 5);
>
> The Subpoena imposes burdens beyond those imposed by the Order on Central Enforcement and the Qualified Protective Order (Document 317, pg. 6-7);
>
> The Subpoena requests production of documents which are overly broad and unduly burdensome (Document 317, pg. 9-10);

The Honorable Jennifer C. Boal
*In re New England Compounding Pharmacy, Inc. Products Liability Litigation*;
Master Dkt.: 1:13-md-02419-FDS; MDL No. 2419
August 8, 2013
Page 2

> The Subpoena requests production of documents which are not relevant (Document 317, pg. 10-12; Document 355, pg. 4-8);
>
> The Subpoena requests production of documents which can be obtained from more convenient sources (Document 317, pg. 12-13);
>
> The Subpoena requests production of documents protected by HIPAA (Document 317, pg. 13-15; Document 355, pg. 12-14);
>
> PCWF, nor any of its patients, are parties to this litigation (Document 317, pg. 11, 15-17);
>
> The Subpoena is an attempt to identify new clients (Document 317, pg. 15-17);
>
> The Subpoena should be modified to allow a reasonable period of time to comply (Document 317, pg. 17);
>
> The Subpoena calls for the production of documents outside the PCWF's possession, custody, or control (Document 317, pg. 17, incorporating Exhibit D, pg. 2-4, 6-10, 12-20);
>
> The Subpoena fails to define various vague and ambiguous terms (Document 317, pg. 17, incorporating Exhibit D, pg. 2-3, 5-7, 9, 11-19); and
>
> The Subpoena requests production of documents protected from disclosure under Florida's Medical Privacy Privilege (Document 355, pg. 8-12).

Lastly, I would disagree with PSC's proposal that these objections be heard and resolved on the same day as the upcoming case management conference scheduled for tomorrow, August 9, 2013. This notice is simply too short. PSC's subpoenas to the clinics have undergone significant changes such that I believe it would be a worthwhile endeavor to have the parties meet and confer regarding which requests still stand in order to allow these nonparties to adequately respond and prepare for a scheduling conference.

The Honorable Jennifer C. Boal
*In re New England Compounding Pharmacy, Inc. Products Liability Litigation*;
Master Dkt.: 1:13-md-02419-FDS; MDL No. 2419
August 8, 2013
Page 3

                      Sincerely,

                      FULLER, MITCHELL, HOOD & STEPHENS, LLC

                      */s/ Halley M. Stephens*
                      HALLEY M. STEPHENS
                      Fla. Bar No.: 0154725
                      hstephens@fmhslaw.com
                      2565 Barrington Circle
                      Tallahassee, FL 32308
                      *Attorneys for Non-Party Pain Consultants of West Florida*