IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LAIBILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | MDL Docket No. 2419 |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES<br><br>This Document Relates to:<br>All Cases | Master File No. 1:13-MD-2419-FDS |

## ROANOKE GENTRY LOCKE PLAINTIFFS' OBJECTION TO PROPOSED MEDIATION ORDER

COME NOW, Sandra F. Artis, Dana Marlene Bradley, Ronnie A. Brown, Ronald T. Courtney, Trudy R. Epperly, Barbara J. Filson, Zachary Lucas Foutz, a minor, by his parents and next friends, Benjamin T. Foutz and Andrea L. Foutz, Robert Earl Harris, Jr., Julian D. Holbrook, Robert Dana Bender, Executor of the Estate of Ralph James Irace, Jr., deceased, Chester T. Kalinoski, Pauline R. McFarlane, Odessa M. Shuck, James Wirt Smith, Jr., Randolph E. Smith, Patricia S. Brown, John D. Spicer and Jenae S. Patsell, Executors of the Estate of Louise B. Spicer, deceased, Rose M. White, Richard A. Whitlow and Sharon G. Wingate, Executor of the Estate of Douglas G. Wingate, deceased ("Roanoke Gentry Locke Plaintiffs"), by counsel, and file their objection to the proposed mediation order.

Background

On August 5, 2013, the Trustee and Creditors' Committee filed a Joint Motion for Order Approving Mediation Program. That motion acknowledged that parties who had received a pre-

filing opportunity to comment had been given "relatively short notice," and others had received no pre-filing opportunity to comment. Specifically, the Trustee and Creditors' Committee acknowledged that they could not represent that all parties had sufficient time or opportunity to review the proposed Mediation Program document that is proposed as part of the Court's order. Accordingly, the Motion asserted that the Trustee and Creditors' Committee welcome post-filing comments.

<u>Observations, Objections, and Requests</u>

The Roanoke Gentry Locke Plaintiffs offer the following observations, objections, and requests for alteration of the proposed order(s).

First, the stated goal of mediation is to reach a global settlement of victim's claims against NECC, principals of NECC, affiliates of NECC, and third-parties unaffiliated with NECC. To achieve that goal requires as many parties to be at the table as possible. As such, the mediation order should encourage participation by eliminating barriers or disincentives to participation. Unfortunately, certain provisions in the proposed order do just the opposite.

As a threshold matter, the proposed mediation order requires participants to file a proof of claim to participate. Apparently, this procedural requirement is primarily imposed to trigger potential transfer status under the language of the MDL Court's prior order abstaining from transferring a certain class of state court cases. But, there is no need to transfer these cases to allow meaningful participation in the mediation process. Indeed, if the goal is broad participation, then any such unnecessary pre-condition to participation is a potential impediment to the very thing that is sought. As mediation is a voluntary process, there is no need for this Court to have jurisdiction over the parties who are not participating in the MDL. To the extent the Court disagrees, it should be sufficient for the parties to file some acknowledgment that they have a legal and factual basis to file a proof of claim, and may do so in the future.

2

Implicit in the requirement that parties file a proof of claim (and the corresponding plan by the Trustee to move to transfer those cases to the MDL), is the assumption that the state court parties want to be in the MDL. In the Virginia cases, the opposite is true for all of the plaintiffs and most (and perhaps all) of the state court defendants. Thus, including a provision that a motion to transfer would occur is an impediment to participation. Accordingly, the Gentry Locke Plaintiffs propose that the Order state precisely the opposite of what is proposed, i.e., that participation in the mediation will exempt the parties from contending with any motion to transfer their cases to the MDL. In other words, if parties engaged in state court proceedings elect to participate in the mediation process, the Trustee, the Creditors' Committee and/or the Plaintiffs' Steering Committee will not attempt to transfer such cases to the MDL, nor will the MDL Court pursue such a transfer *sua sponte*. This still leaves open the option that a state court defendant could ask for a transfer of the state court cases, but that matter would have to be heard and decided independently.

Also implicit in the proof of claim/transfer motion part of the proposed Mediation Program is the desirability of a stay on discovery during the mediation process. Again, this requirement is a disincentive for the Roanoke Gentry Locke Plaintiffs to participate as they and their defendants have been actively involved in discovery, and have their first trial scheduled for next April. This part of the Mediation Program operates on the unproven, but assumed, premise that staying discovery would somehow increase the value of any settlement contribution from parties in state court litigation. Not only is there no empirical data or analysis to support this premise, but the judgment of those attorneys actually handling the state court cases is that discovery offers clarity of exposure that will serve to allow a proper valuation for the cases and increased likelihood of an "informed" settlement.

3

A second and related issue is that the Order should explicitly state that the Mediation Program and associated orders do not in any way pre-judge a subsequent transfer motion that might be filed.

In sum, there are more than 120 individual claimants in Virginia, and none of them intend to participate in the mediation program under the terms provided in the proposed mediation program and associated order. Three of the four Virginia defendants have already announced a clear intention also not to participate, and the other defendant is still undecided. Eliminating the barriers to participation discussed above would increase the likelihood the Virginia parties would participate.[1] It would allow them (not the MDL, the Creditors' Committee and the Trustee) to have a measure of control in directing the completely separate state court actions while, at the same time, participating in mediation if that choice makes sense. As it is, the admission cost for mediation is essentially forfeiture of all control for plaintiffs and defendants who are unrelated to NECC.

    Sandra F. Artis, Dana Marlene Bradley, Ronnie A. Brown, Ronald T. Courtney, Trudy R. Epperly, Barbara J. Filson, Zachary Lucas Foutz, a minor, by his parents and next friends, Benjamin T. Foutz and Andrea L. Foutz, Robert Earl Harris, Jr., Julian D. Holbrook, Robert Dana Bender, Executor of the Estate of Ralph James Irace, Jr., deceased, Chester T. Kalinoski, Pauline R. McFarlane, Odessa M. Shuck, James Wirt Smith, Jr., Randolph E. Smith, Patricia S. Brown, John D. Spicer and Jenae S. Patsell, Executors of the Estate of Louise B. Spicer, deceased, Rose M. White, Richard A. Whitlow and Sharon G. Wingate, Executor of the Estate of Douglas G. Wingate, deceased

    /s/ J. Scott Sexton
    By Counsel

---

[1] Additionally, there are significant concerns relating to allocation of proceeds, and these parties hope that the Creditors' Committee and Trustee will agree to address those issues before any proposed mediation as that issue will likely have a similar negative impact on participation.

4

J. Scott Sexton, Esq. (VSB No. 29284)
Anthony M. Russell, Esq. (VSB No. 44505)
Charles H. Smith, III, Esq. (VSB No. 32891)
H. David Gibson, Esq. (VSB No. 40641)
Benjamin D. Byrd, Esq. (VSB No. 76560)
Daniel R. Sullivan, Esq. (VSB No. 81550)
GENTRY LOCKE RAKES & MOORE, LLP
10 Franklin Road, S.E., Suite 800
P. O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com
russell@gentrylocke.com
smith@gentrylocke.com
gibson@gentrylocke.com
byrd@gentrylocke.com
sullivan@gentrylocke.com

*Counsel for Sandra F. Artis, Dana Marlene Bradley, Ronnie A. Brown, Ronald T. Courtney, Trudy R. Epperly, Barbara J. Filson, Zachary Lucas Foutz, a minor, by his parents and next friends, Benjamin T. Foutz and Andrea L. Foutz, Robert Earl Harris, Jr., Julian D. Holbrook, Robert Dana Bender, Executor of the Estate of Ralph James Irace, Jr., deceased, Chester T. Kalinoski, Pauline R. McFarlane, Odessa M. Shuck, James Wirt Smith, Jr., Randolph E. Smith, Patricia S. Brown, John D. Spicer and Jenae S. Patsell, Executors of the Estate of Louise B. Spicer, deceased, Rose M. White, Richard A. Whitlow and Sharon G. Wingate, Executor of the Estate of Douglas G. Wingate, deceased*

## Certificate of Service

I hereby certify that on the 15th day of August, 2013, the foregoing was filed through the ECF system which will send electronic notification to the registered participants identified on the Notice of Electronic Filing (NEF).

/s/ J. Scott Sexton

5002/684/6382552v1