# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. O'CONNELL'S PAIN CARE CENTER ET AL., <br><br> Appellants, <br><br> v. <br><br> NEW ENGLAND COMPOUNDING PHARMACY, INC., <br><br> Appellee. | Case No.: 13-cv-11956 (FDS) <br><br> Related Case No.: 12-19882 (HJB) |

## PLAINTIFFS' STEERING COMMITTEE'S MOTION TO INTERVENE

The Plaintiffs' Steering Committee ("PSC") respectfully moves for leave to intervene in the captioned case, and in support thereof states the following:

Background

1.  On April 9, 2013, in the case In re: New England Compounding Pharmacy, Inc. Production Liability Litigation, MDL No. 1:13-md-2419-FDS, the United States District Court for the District of Massachusetts ("District Court") entered its MDL Order No. 2, appointing Lead Counsel and the PSC. Among the responsibilities assigned to the PSC in MDL Order No. 2 are the following:

    a.  Initiate, coordinate and conduct all pretrial discovery on behalf of plaintiffs in all actions subject to the order;

    b.  Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions and subpoenas concerning any witnesses and documents needed to prepare for the trial of the MDL litigation;

    c.  Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs;

       d.     Speak for all plaintiffs at pretrial proceedings. (MDL 2419 Dkt. No. 82, pp. 6-8).

2.     On June 21, 2013 the District Court entered its Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information ("QPO"). Among other things, the District Court clearly contemplated the production of certain protected health information pursuant to subpoenas to be issued by the PSC, including the following:

> [T]he names of patients that have been identified as receiving NECC solutions, medications or compounds from January 2011-November, 2012, the patients' last known address, the records identifying that NECC was the supplier of the solution, medication or compound, including lot number, the hospital or healthcare facilities' NECC product purchase records, including order forms, prescriptions, billing and accounts receivable, the hospital or healthcare facilities' product storage and patient distribution records, and any other information that lead counsel and the PSC reasonably determine necessary to the prosecution and resolution of these actions.

(MDL 2419 Dkt. No. 192, ¶ 2).

3.     Starting on June 21, 2013, the PSC, through its members and various other attorneys working on behalf of the PSC, began issuing a series of subpoenas to healthcare providers around the county that were identified by the United States Centers for Disease Control and Prevention ("CDC") as having purchased methylprednisolone acetate ("MPA") from New England Compounding Pharmacy, Inc. ("NECP"). Pursuant to the subpoenas, the recipients were required to produce certain protected health information relating to non-parties. Many of the recipients objected to, and/or filed motions to quash, the subpoenas on grounds, *inter alia*, that they called for the production of personal health information protected under the provisions

of the federal Health Insurance Portability and Accountability Act ("HIPAA") and its associated regulations, and/or equivalent state laws and physician-patient privilege.

4. On July 18, 2013 the District Court held a hearing on the objections and motions, and ordered that all objections concerning the jurisdiction or centralized authority of the Court to issue and enforce the subpoenas would be denied. The Court heard argument as to whether under Fed. R. Civ. P. 26 and 45, or otherwise, it may enforce a subpoena seeking non-party protected health information in order to assist in the provision of notice to potential claimants in the Bankruptcy Court. The Court ordered that any supplemental memoranda concerning that issue should be filed by July 26, 2013.

5. On July 24, 2013 the United States Bankruptcy Court for the District of Massachusetts, Eastern Division ("Bankruptcy Court"), heard oral argument on the Motion of the Trustee to establish bar dates in the New England Compounding Pharmacy bankruptcy case. During that hearing the Bankruptcy Court ruled from the bench that clinics would have to produce patient identifying information in order to facilitate compliance with anticipated future notice requirements.

6. On July 26, 2013 the PSC filed its Supplemental Submission Regarding Privilege Objections to Subpoenas, in which it agreed to suspend any enforcement efforts for the portions of the subpoenas seeking non-party protected health information, in light of the previous ruling of the Bankruptcy Court. (MDL 2419 Dkt. No. 352).

7. On July 29, 2013 the Bankruptcy Court entered its interim bar date order ("Interim Bar Date Order") requiring the clinics identified therein to provide to the Trustee, Counsel for the Creditors' Committee and Lead Counsel for the PSC a list of persons who

received administrations of contaminated MPA, along with other personal information about those persons, no later than August 16, 2013. (Bankr. Dkt. No. 412).

8.     On August 1, 2013 the District Court entered its Order on Motions to Quash Subpoenas to Non-Party Health Care Providers, in which it granted motions to quash "to the extent that any relevant subpoena seeks to obtain patient medical records or other patient information as to individuals who are not parties to any action presently pending in this Court for the purpose of providing notice to possible claimants." The District Court expressly disavowed any position on whether the Bankruptcy Court can require the production of any patient information pursuant to its own lawful authority. Finally, the District Court referred all pending motions to quash and objections to Magistrate Judge Jennifer C. Boal for final resolution consistent with the Order. (MDL 2419 Dkt. No. 370).

9.     On August 6, 2013 the Appellants filed a motion asking the Bankruptcy Court to reconsider its Interim Bar Date Order. (Bankr. Dkt. No. 434). On August 7, 2013 the Bankruptcy Court denied the motion for reconsideration. (Bankr. Dkt. No. 441).

10.    On August 9, 2013 the Appellants filed their Notice of Filing of Appeal to District Court. (Bankr. Dkt. No. 463).

11.    On August 13, 2013 the Appellants filed their Motion for Stay Pending Appeal Pursuant to Rule 8005. (Bankr. Dkt. No. 476).

12.    On August 14, 2013 the Bankruptcy Court denied the Motion for Stay. (Bankr. Dkt. No. 479).

13.    On August 15, 2013 the Appellants filed their Memorandum of Reasons for an Order Allowing a Stay During the Pendency of This Appeal of the Final Order of the Bankruptcy Court Compelling Appellants to Divulge Privileged and Confidential Information. (Dkt. No. 1).

14. Contemporaneously with this Motion to Intervene, the PSC will file its opposition to the proposed stay.

Argument

15. Pursuant to Fed. R. Civ. P. 24(a)(2), on timely motion the court must permit anyone to intervene who:

> claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, . . .

13. As the District Court's designated representative of all plaintiffs in the MDL, appointed, *inter alia*, to act and speak for all plaintiffs in pretrial proceedings, the Plaintiffs' Steering Committee has an interest in the outcome of the motion to stay and the appeal. Disposition of this matter may impair or impede the ability of claimants to obtain notice of any bar date that may be imposed by the Bankruptcy Court. Furthermore, this Motion to Intervene is timely. Other than the Trustee's objection and a similar motion to intervene filed by the Official Committee of Unsecured Creditors, no responsive pleadings have been filed, and no party will be prejudiced by the PSC's intervention.

WHEREFORE, the Plaintiffs' Steering Committee respectfully moves the Court for leave to intervene in this appeal and grant such other relief as it may determine is appropriate.

Date:  August 19, 2013               Respectfully submitted:

/s/ **Thomas M. Sobol**
Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

6

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

CERTIFICATE OF SERVICE

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing *Plaintiffs' Steering Committee's Motion to Intervene* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   August 19, 2013

/s/Thomas M. Sobol
Thomas M. Sobol (BBO # 471770)