EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. O'CONNELL'S PAIN CARE CENTER ET AL., <br><br> Appellants, <br><br> v. <br><br> NEW ENGLAND COMPOUNDING PHARMACY, INC., <br><br> Appellee. | Case No.: 13-cv-11956 (FDS) <br><br> Related Case No.: 12-19882 (HJB) |

**PLAINTIFFS' STEERING COMMITTEE'S OBJECTION TO APPELLANTS' MOTION FOR STAY PENDING APPEAL OF AUGUST 7, 2013 BANKRUPTCY COURT ORDER**

The Plaintiffs' Steering Committee ("PSC") respectfully objects to the Appellants' motion to stay the order directing the identification of certain of their patients and patient information, and in support thereof states the following:

Background

The PSC incorporates by reference the "Background" information stated in its Motion to Intervene previously filed. In addition, it is noteworthy that in their Memorandum of Reasons for an Order Allowing a Stay During the Pendency of this Appeal of the Final Order of the Bankruptcy Court Compelling Appellants to Divulge Privileged and Confidential Information ("Memorandum of Reasons"), the Appellants state that

> The Appellants are clinics and healthcare providers [] that, while otherwise providing palliative care, administered a medicine to their patients that came from batches manufactured by the debtor in bankruptcy that were later identified as having been tainted. At issue in this case is not whether notice shall be given to those patients of a deadline for proofs of claim (that has not been set yet), but how and by whom, and to whom the patient's confidential medical information should be given and under what conditions.

(Dkt. No. 1, p. 1).

Argument

I.  Whether the applicants have made a strong showing that they are likely to succeed on the merits.

The Appellants are not likely to succeed on the merits for the simple reason that they have misidentified (i) who the real parties in interest are in this debate, and (ii) who most reliably represents the interests of those parties. The Appellants themselves are not the true parties in interest in this matter. The real parties in interest are "those patients" who were "administered a medicine . . . that came from batches manufactured by the debtor in bankruptcy that were later identified as having been tainted". See Memorandum of Reasons, p. 1. The party that most reliably represents the best interests of these patients is not the Appellants, but rather the PSC.

The Appellants agree that "those patients", who were "administered a medicine . . . that came from batches manufactured by the debtor in bankruptcy that were later identified as having been tainted" are entitled to actual notice of a bar date. Id. They have said that the real issues are how to give these patients notice, and who should the court rely upon to give them that notice. The first question, how to give notice, is yet to be resolved, and is the subject of further hearings in the Bankruptcy Court. Indeed, the question of how to give notice is not even properly part of this appeal, because it was not addressed in the order under consideration in the appeal.

The issue, who should the Court rely upon to give notice to these patients, has two possible answers: either the Appellants themselves should give notice, or some party other than the Appellants should give notice. The best way to protect the interests of the patients is to allow the PSC the information it needs (defined very narrowly by the Bankruptcy Court in its Interim Order) to provide notice to the patients.

The Appellants state that they "are prepared voluntarily to furnish notices to their patients, . . . ." Memorandum of Reasons, p. 1. Entrusting the Appellants with the responsibility for providing notice to these patients would be unfair to both the Appellants and the patients. It is unfair to the Appellants because it would require them to act against their own self-interest. They would be required to notify their own patients that they may have a cause of action against New England Compounding Center and, by association, they may also have a cause action against the very healthcare provider (Appellant) who has sent the notice. This is a little like putting the fox in charge of the henhouse. The PSC, on the other hand, has been created solely for the purpose of representing the best interests of plaintiffs in this litigation.

Moreover, the Bankruptcy Court has defined the required information very narrowly in order to cause the least amount of disclosure necessary to fulfill the purpose, which is to give these patients notice of a bar date.

The Bankruptcy Court took adequate steps, reflected in its Interim Order, to protect the patient information from inappropriate and unnecessary disclosure. It has ordered that the information be disclosed only to three people (Lead Counsel, counsel for the Official Committee of Unsecured Creditors, and the Trustee), and that these people "shall hold the list in the strictest confidence, and shall neither disclose to any entities nor use the [patient information] for any purpose other than as authorized by further order of this Court, provided, however, that [they] may share the [information] with a HIPAA-qualified agent." Bankr. Dkt. No. 412, ¶ 4. The Bankruptcy Court also specifically found that the Interim Order "satisfies the requirements of [HIPAA] and constitutes an order permitting disclosure of otherwise protected health information within the meaning of 45 C.F.R. 164.512(e)(1)(i)." Id., at ¶ 5.

For all of the foregoing reasons, the Appellants are not likely to succeed on the merits of their appeal.

II. <u>Whether the applicants will be irreparably injured absent a stay</u>.

In this case it is difficult, if not impossible, for the Appellants to demonstrate any harm they will suffer in the absence of a stay pending this appeal. It is not their information that they seek to protect from disclosure. It is their patients' information. Assuming, arguendo, that the harm to the patients is the issue, one must again ask the question whether the narrow disclosure of patient information, under the secure circumstances imposed in the Bankruptcy Court's Interim Order, is better than relying upon the Appellants to undertake all the necessary steps to ensure actual notice of a bar date to their own patients, who may then have a cause of action against the Appellants. The answer to this question is a resounding "yes".

III. <u>Whether issuance of the stay will substantially injure the other parties interested in the proceeding</u>.

The Appellants cannot demonstrate any substantial harm to themselves arising from the Bankruptcy Court's Interim Order. The only harm that may arguably be caused to the patients is the limited disclosure of their personal information to a tightly controlled, limited group of people under direct orders from the court to limit access to, and use of, the information. On the other hand, if the proceedings are stayed pending the appeal, the entire bar date and notice process will be significantly delayed.

IV. <u>Where the public interest lies</u>.

The gravest threat of injury to the public interest lies in the continued delay of these proceedings for reasons that support only the interests of the Appellants. The imposition of a bar date is inevitable. The PSC's opposition to a stay in the enforcement of the Bankruptcy Court's Interim Order is grounded in the need to provide actual notice to those patients identified in the

Interim Order. It serves the interest of no one save the Appellants to postpone the required disclosures until such time as this meritless appeal is resolved.

Finally, not all healthcare providers subject to the Bankruptcy Court's Interim Order have objected to it and filed motions to stay its enforcement. In fact, approximately 20 healthcare providers have already provided their lists in compliance with the order. Evidently those healthcare providers have satisfied themselves that the narrow scope of the required disclosures, combined with the protections imposed by the Bankruptcy Court against unlawful or unnecessary use or access to the information, serves the best interests of all parties involved.

WHEREFORE, the Plaintiffs' Steering Committee hereby moves the Court to deny Appellants' motion to stay enforcement of the Bankruptcy Court's order pending the outcome of this appeal.

Date: August 19, 2013    Respectfully submitted:

/s/ Thomas M. Sobol
Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415/956-1000
Facsimile: 415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

CERTIFICATE OF SERVICE

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing *Plaintiffs' Steering Committee's Objection to Appellant's Motion for Stay Pending Appeal of August 7, 2013 Bankruptcy Court Order* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   August 19, 2013

/s/Thomas M. Sobol
Thomas M. Sobol (BBO # 471770)