UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)   MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>) |

### STATEMENT

In response to a question raised by a participant in the September 12, 2013 status conference before this Court, the Official Committee of Unsecured Creditors (the "Official Committee") appointed in the chapter 11 case of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") respectfully submits the following list of parties subject to the Interim Order[1] from whom counsel to the Official Committee has not yet received any communication in response to the Interim Order. (Certain other clinics have not yet complied or not fully complied, but have been in communication with the Official Committee and/or the Trustee.)

1. Comprehensive Pain Management

2. Encino Outpatient Surgicenter

3. Marion Pain Clinic

4. New England Anesthesiology

5. PARS Interventional Pain

---

[1] On July 29, 2013, the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") administering the chapter 11 case of NECC entered the *Interim Order Regarding Chapter 11 Trustee's Motion for an Order Establishing Bar Dates for Filing Proofs of Claim and for Related Relief Concerning Notice by Notice Intermediaries* [Doc. No. 412] (the "Interim Order"). Pursuant to the Interim Order, each of the NECC Contaminated Product Recipients (as defined therein)[1] was required to prepare a List containing certain patient information and provide such List to counsel for the Official Committee, the Chapter 11 trustee appointed in the Debtor's Chapter 11 case (the "Trustee"), and Lead Plaintiffs' Counsel for the Plaintiff's Steering Committee so that it would be received no later than August 16, 2013.

6. Surgery Center of Ocala

7. Ukiah Valley Medical Center

8. Universal Pain Management

9. Walter Knox Memorial Hospital

Upon information and belief, the Trustee re-served these parties with both the Interim Order and the Contempt Motion[2] on September 12, 2013.

Dated: September 13, 2013
Boston, Massachusetts

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ David J. Molton
David J. Molton, Esq.
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Rebecca L. Fordon, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
rfordon@brownrudnick.com
ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

---

[2] On August 21, 2013, the Trustee and the Official Committee jointly filed the *Emergency Joint Motion of the Chapter 11 Trustee and Official Committee of Unsecured Creditors for Finding of Civil Contempt* (the "Contempt Motion"), seeking sanctions against the NECC Contaminated Product Recipients who had not provided their Lists as of that date.

2

61431126

## **CERTIFICATE OF SERVICE**

      I, Carol S. Ennis, hereby certify that on September 13, 2013, I caused a copy of the foregoing Statement to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.

Dated: September 13, 2013
        New York, New York                                /s/ Carol S. Ennis
                                                                     Carol S. Ennis