UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| This Document Relates To: | ) ) |
| All Cases | ) ) |

MDL No. 1:13-md-2419-FDS

## ARL BIOPHARMA, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF REVISED CASE MANAGEMENT SCHEDULE

ARL BioPharma, Inc. ("ARL") opposes the plaintiffs' *Motion for Entry of Revised Case Management Schedule* ("Motion," Document No. 421) and objects to plaintiffs' *Proposed MDL Order No. 6A* ("Proposal," Document No. 421-1). ARL disagrees with certain assertions that the plaintiffs have made in their Motion, and objects to the scope, sequence, and timeline of various provisions set forth within the Proposal.

Pursuant to the Federal Rules of Civil Procedure, particularly Rules 26 and 37, the Courts have broad discretion to control the scope and timing of discovery and to prevent discovery abuse. Herbert v. Lando, 441 U.S. 153, 177, (1979); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979).

If accepted, the Proposal will unfairly prejudice ARL's defense and unduly burden ARL in the discovery and mediation processes. ARL voiced certain of its concerns at the September 9, 2013 meet and confer session and has discussed other of its concerns at length with plaintiffs in conjunction with ARL's *Motion for Protective Order* (Document No. 276) filed in response to

*Case Management Order, MDL Order No. 6*, (CMO 6, Document No. 209); however ARL's concerns have not been adequately addressed in the Proposal. As such, ARL respectfully requests that this Court exercise its discretion over the discovery process and protect ARL from the unfair and unduly burdensome Proposal. ARL's itemized objections are set forth in more detail below.

      I.    **All responsive pleadings should be stayed until a Master Complaint is filed, Plaintiffs should not be allowed to use the complaint process as a discovery tool, and ARL should not be required to deplete its eroding insurance policy in order to respond to complaints multiple times.**

ARL asks that it not be required to file multiple, responsive pleadings. In CMO 6, plaintiffs proposed that the defendants' obligations to file responsive pleadings should be stayed pending plaintiffs' Master Complaint. As such, as complaints have been filed against ARL, ARL has refrained from filing responsive pleadings. Now, plaintiffs seek to have ARL first respond all at one time to certain complaints that have been filed, and then to respond again after a Master Complaint is filed. As such, the Proposal asks ARL to deplete its eroding insurance policy to respond to multiple, duplicative filings multiple times, to the detriment of not only ARL but of every Plaintiff that seeks to recover from ARL.

The deadline that plaintiffs propose for ARL's initial responsive pleadings is only a few days after defendants are required to opt in or out of mediation. This allows ARL only a very short time to finalize its decision as to whether to participate in mediation and then, if necessary, to turn around and respond to multiple complaints. If plaintiffs' Proposal is allowed, not only will ARL incur unnecessary defense costs preparing multiple filings, but it will be prejudiced because it will be forced to respond very quickly to complaints without sufficient opportunity to consider and properly prepare a response – vetting each response with its counsel, insurer, and principals.

Plaintiffs have expressly stated that their reason for imposing this cost and burden on the defendants it essentially to obtain discovery regarding the potential defenses to the pending claims.   In other words, plaintiffs blatantly seek to put defendants, including ARL, at a disadvantage, asking that they incur unnecessary and duplicative defense costs, solely to give the plaintiffs an advantage in the litigation.   ARL seeks this Court's protection from this unduly burdensome, costly, unfair, and wasteful process and asks that it be required to file its responsive pleadings only once after the Master Complaint is filed.

## II.      Fact discovery should not be allowed as to ARL "for all purposes" but then limited as to plaintiffs, NECC, and Affiliated Defendants.

ARL objects to plaintiffs' Proposal insomuch as it purports to allow plaintiffs to request discovery from Unaffiliated Defendants, i.e. ARL, and non-parties but it denies ARL the opportunity to seek discovery from plaintiffs, Affiliated Defendants, or NECC.  By not allowing ARL the opportunity to conduct reciprocal discovery, the Proposal does not allow ARL time to meet the deadlines set forth in the Proposal, particularly the deadlines for filing dispositive motions, expert reports, or dispositive motions, or to prepare a defense or for trial.  The Proposal does not include any reference to when ARL may obtain discovery "for all purposes" from plaintiffs, NECC, or the Affiliated Defendants and plaintiffs have yet to provide for global access to the document repository containing discovery for this case.  It is not rational, fair, or just to require that ARL participate in a one-sided litigation with no opportunity to participate in full discovery and with an open, unfettered, opportunity for the plaintiffs to seek discovery from ARL.

ARL proposes that, if it must produce discovery, it should also be entitled to reciprocal discovery from the other parties and non-party entities.  If plaintiffs, Affiliated Defendants, and

NECC are not required to participate in discovery, then ARL cannot complete fact discovery, produce expert reports, file summary judgment and Daubert briefings, or participate in trial according to the deadlines in the Proposal.

**III.     The Proposal does not account for the impact that the discovery deadlines may have on parties that opt in to the mediation program and it does not exempt parties participating in mediation from any deadline except the fact discovery deadline.**

If any revised schedule is adopted, ARL objects to that schedule's application, in any way, to ARL if ARL chooses to participate in mediation.  Currently, the Proposal only exempts mediation participants from fact discovery obligations.  None of the other deadlines exclude mediation participants from their application.  ARL requests that any revised schedule should expressly exempt parties that participate in mediation from <u>any</u> of the deadlines set forth therein, including the deadlines for responding to complaints and filing expert reports or dispositive motions.

ARL further objects to the Proposal insomuch as it fails to account for the impact that any discovery, testimony, reports, filings, decisions, judgments, or otherwise may have on mediating parties that have not participated in the litigation process.  ARL will be prejudiced if it chooses to participate in mediation - forgoing participation in depositions, discovery, and other litigation activities - and then mediation efforts fail because, in that case, it will find itself subject to the activities that have gone on without its participation and it will not have had an opportunity to defend itself during those processes.  As such, ARL requests that this Court include in any revised schedule a reservation of rights for those parties participating in mediation so that, in the event that mediation is not successful, mediating parties may be able to re-open or continue

certain discovery activities, such as depositions, that go on while the mediation process is taking place.

**IV.    Request for Relief**

WHEREFORE, for the reasons discussed here, ARL respectfully requests that this honorable Court (1) DENY plaintiffs' *Motion for Entry of Revised Case Management Schedule*, and (2) enter a schedule that provides for mutual, reciprocal, fair, and just discovery and settlement processes.

Respectfully submitted,

**ARL BIOPHARMA, INC. d/b/a
ANALYTICAL RESEARCH LABORATORIES**

By its attorneys,

*/s/ Kenneth B. Walton*

_____
Kenneth B. Walton, BBO #562174
kwalton@donovanhatem.com
Kristen R. Ragosta, BBO #664362
kragosta@donovanhatem.com
DONOVAN HATEM LLP
Two Seaport Lane, 8th Floor
Boston, MA  02210
Tel:  (617) 406-4500
Dated:  September 16, 2013        Fax: (617) 406-4501

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on September 16, 2013 using the ECF system that sent notification of this filing to all ECF— registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Kristen R. Ragosta*

_____
*Attorney for ARL Bio Pharma, Inc. d/b/a
Analytical Research Laboratories*

01554244.DOC