UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2419 ) Master Dkt.: 1:13-md-02419-FDS ) |
| v. | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| All Actions | ) ) |

## THE SOUTH BEND CLINIC, LLP's REPORT OF REMAINING DISCOVERY ISSUES

Non-party subpoena recipient, The South Bend Clinic, LLP (the "South Bend Clinic"), by counsel, provides this status report to the Court to identify the remaining discovery issues applicable to it. As shown in the e-mail exchange with Plaintiff's counsel (Exhibit 1), only Document Request No. 2 and Document Request No. 17 are at issue with respect to The South Bend Clinic.

The South Bend Clinic incorporates its prior objections and motion to quash, and reproduces the original Request, its July 8, 2013 written objection, and its August 15, 2013 Response below, followed by its current position:

**REQUEST 2:** Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of MPA, or its generic or name-brand equivalent, from any producer, compounding facility or manufacturer other than NECP, since October 6, 2007, including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of the product, the cost you paid for the product, applicable warranties, shelf life, expiration dates, requirements and instructions for shipment and/or storage, and the specific identity of the preparation being purchased.

OBJECTION (July 8, 2013 letter): The Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the January 2011 – November 2012 time period established in the Court's June 21, 2013 order [Dckt. 192, ¶2], and is not limited to MPA procured from Defendant New England Compounding Pharmacy,

Inc. Information regarding the costs paid for the MPA is also not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE (August 15, 2013): You agreed to limit the request to procurement of preservative free MPA equivalents from other sources. SBC did not purchase preservative free MPA equivalents from other sources, so no responsive documents exist.

SOUTH BEND CLINIC'S POSITION: The Plaintiff's Steering Committee cannot expand the request to include drugs not identified in the original request, without an additional subpoena. Even if the request could be unilaterally expanded, the request would not be reasonably calculated to lead to the discovery of admissible evidence when it asks non-party South Bend Clinic to produce documents regarding its purchase of drugs from non-parties to the MDL actions, which do not involve the plaintiffs in the MDL. The expanded request would also be unduly burdensome because The South Bend Clinic would have to review its entire medication purchasing history for the time at issue, identify the drugs on those records, and determine if they are "equivalent" to any of the expanded list of drugs.

**REQUEST 17:** Any and all policies of insurance, including without limitation of the foregoing, professional liability, malpractice, products liability, general liability, and comprehensive or umbrella policies, issued to the Healthcare Provider and/or its principal officers and directors and/or any physician working for or on behalf of the Healthcare Provider, for the policy periods including calendar years 2011, 2012 and 2013.

OBJECTION (July 8, 2013 letter): The Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The South Bend Clinic is not a Defendant in any of the lawsuits that comprise the MDL, so its insurance policies are not discoverable.

RESPONSE (August 15, 2013): OBJECTION: The Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. SBC is not a defendant in any of the lawsuits that comprise the MDL, so its insurance policies are not discoverable.

SOUTH BEND CLINIC'S POSITION: Requests for non-party South Bend Clinic's liability insurance policies are not reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, non-party subpoena recipient The South Bend Clinic, LLP requests that the Court sustain its objections to Requests Nos. 2 and 17 of the subpoena.

Respectfully submitted,

/s/ David E. Fialkow
David E. Fialkow (BBO# 666192)
david.fialkow@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
Telephone: 617.573.4700
Fax: 617.573.4710

Dated: September 24, 2013

## CERTIFICATE OF SERVICE

I, David Fialkow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: September 24, 2013                             /s/ David E. Fialkow