# EXHIBIT 1

**David Fialkow**

| | |
|---|---|
| **From:** | Fullenkamp, Joseph <Joseph.Fullenkamp@btlaw.com> |
| **Sent:** | Wednesday, September 11, 2013 5:02 PM |
| **To:** | Douglas D. Small; Seng, Laura |
| **Cc:** | David Fialkow |
| **Subject:** | RE: Regarding: NECC |

Doug:

Thanks.   That helped me understand, and shows our remaining disputes are limited.

We objected to protect our interest, and to make sure the objection was timely.   But, as we prepared responses and worked through issues, we realized that The South Bend Clinic had no responsive documents, because it did not buy preservative free  MPA equivalents from others. So we did not raise the objection in the final response.  We meant to withdraw that part of the initial objection.  So this part should be moot.

So, our remaining issue is 2-fold:  (1) Whether the PSC can expand the Request to include the other drugs without an additional subpoena; and if it could,  (2): whether a non-party should have to produce documents regarding its purchases of drugs that are not contaminated, which were purchased from non-parties to the MDL actions, which do not involve the Plaintiffs in the MDL.

The South Bend Clinic did not buy cardioplegia from NECC.  So this part is moot.

The South Bend Clinic never bought triamcinolone from NECC.  And The South Bend Clinic never bought contaminated betamethasone from NECC.  The Clinic would have to review its entire medication purchasing history, identify the drugs on those records, and determine if they are an equivalent to any of these.

The insurance dispute is also clear.

Thank you.

Joe Fullenkamp

---

**From:** Douglas D. Small [mailto:dsmall@foleyandsmall.com]
**Sent:** Wednesday, September 11, 2013 4:26 PM
**To:** Fullenkamp, Joseph; Seng, Laura
**Subject:** RE: Regarding: NECC

Joe,

Here is the excerpt from your letter.  It just asks that the request be withdrawn.

Douglas D. Small, Esq.
July 8, 2013
Page 3

2.      Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of MPA, or its generic or name-brand equivalent, from any producer, compounding facility or manufacturer other than NECP, since October 6, 2007, including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of the product, the cost you paid for the product, applicable warranties, shelf life, expiration dates, requirements and instructions for shipment and/or storage, and the specific identity of the preparation being purchased.

*OBJECTION*:  The Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the January 2011 – November 2012 time period established in the Court's June 21, 2013 order [Dckt. 192, ¶2], and is not limited to MPA procured from Defendant New England Compounding Pharmacy, Inc.  Information regarding the costs paid for the MPA is also not reasonably calculated to lead to the discovery of admissible evidence.

**Proposed Resolution**:  The South Bend Clinic does not understand why MPA procured by a non-party from another non-party compounding facility is relevant to your clients' lawsuits against NECP.  Please withdraw Request No. 2.

The PSC response to the subpoena objections, page 6, indicated the following:

Request 2 is limited to information relating to equivalents to MPA that the clinics

obtained from other compounders or manufacturers since January 1, 2012.  But it is clarified also

include the same information relating to equivalents the clinics obtained for Triamcinolone,

Cardioplegia solution, and Betamethasone.

Perhaps the Clinic's response to the document request meets the terms set forth above.  If so, then there is no issue.

website  |  bio  |  vCard  |  map  |  email



## FOLEY & SMALL
PERSONAL INJURY ATTORNEYS

### DOUGLAS D. SMALL

P (574) 288-7676       dsmall@foleyandsmall.com
F (574) 288-4939              1002 E. Jefferson Blvd.
(800) 276-2525         South Bend, Indiana 46617

**www.foleyandsmall.com**

Plymouth (574) 936-9343 ▫ Knox (574) 772-7636
LaPorte (219) 326-8888 ▫ Nappanee (574) 773-7808
Rochester (574) 223-2066

This e-mail is confidential and is intended only for the person(s) named above. Its contents may also be protected by privilege, and all rights to privilege are expressly claimed and not waived. If you have received this e-mail in error, please call us immediately and destroy the entire e-mail. If this e-mail is not intended for you, any reading, distribution, copying, or disclosure of this e-mail is strictly prohibited.

**From:** Fullenkamp, Joseph [mailto:Joseph.Fullenkamp@btlaw.com]
**Sent:** Wednesday, September 11, 2013 4:18 PM
**To:** Douglas D. Small; Seng, Laura
**Subject:** RE: Regarding: NECC

Doug:

Thank you.

I am not sure I understand the issue on Req. No. 2. The Request relates to the procurement of preservative free MPA equivalents from sources other than NECP. In our response, we said that we did not purchase preservative free MPA or equivalents from other sources. The request doesn't refer to other injectable purchases. Which other injectable purchases do you mean?

Please hit "reply to all" so Laura gets this.

I apologize—I never had a chance to resend a copy of the letter to you. Do you still need it?

Thanks.

Joe Fullenkamp

P.S.--We've never passed our limit. We hit it once—or thought we did. We miscounted and were one short.

**From:** Douglas D. Small [mailto:dsmall@foleyandsmall.com]
**Sent:** Wednesday, September 11, 2013 3:44 PM
**To:** Fullenkamp, Joseph; Seng, Laura
**Subject:** Regarding: NECC

Joe & Laura,

Followed up with PSC counsel, but was only able to speak with a paralegal. I did confirm, as you may also know, that the subpoena, discovery issues have been referred to the magistrate with the federal court in Boston for resolution.

In my review of our discussions and with the information I have obtained from the PSC, there appears to be only two points of dispute. One being the insurance coverage information, which was request number seventeen, and the other one I see, which we did not discuss, was the Clinic's objection to request number two, relating to the production of other injectable purchases. I see that the PSC is still requesting that information and that the Clinic objected. Accordingly, I will need to follow the PSC lead as to that issue.

Would seem appropriate for you to direct your local counsel to do a filing with the court indicating that these two issues remain outstanding for decision.

Call if you have questions. Remember the daily limit rules by your fishing up in Minnesota.



website | bio | vCard | map | email

FOLEY & SMALL
PERSONAL INJURY ATTORNEYS

DOUGLAS D. SMALL

P (574) 288-7676        dsmall@foleyandsmall.com
F (574) 288-4939        1002 E. Jefferson Blvd.
(800) 276-2525          South Bend, Indiana 46617
    *www.foleyandsmall.com*

Plymouth (574) 936-9343 ▪ Knox (574) 772-7636
LaPorte (219) 326-8888 ▪ Nappanee (574) 773-7808
Rochester (574) 223-2066

This e-mail is confidential and is intended only for the person(s) named above. Its contents may also be protected by privilege, and all rights to privilege are expressly claimed and not waived. If you have received this e-mail in error, please call us immediately and destroy the entire e-mail. If this e-mail is not intended for you, any reading, distribution, copying, or disclosure of this e-mail is strictly prohibited.

CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and
promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this message. TAX ADVICE
NOTICE: Tax advice, if any, contained in this e-mail does not
constitute a "reliance opinion" as defined in IRS Circular 230 and
may not be used to establish reasonable reliance on the opinion of
counsel for the purpose of avoiding the penalty imposed by Section
6662A of the Internal Revenue Code. The firm provides reliance
opinions only in formal opinion letters containing the signature of a
partner.

CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and

promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this message. TAX ADVICE
NOTICE: Tax advice, if any, contained in this e-mail does not
constitute a "reliance opinion" as defined in IRS Circular 230 and
may not be used to establish reasonable reliance on the opinion of
counsel for the purpose of avoiding the penalty imposed by Section
6662A of the Internal Revenue Code. The firm provides reliance
opinions only in formal opinion letters containing the signature of a
partner.