UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br><br>This Document Relates To:<br><br>   All Cases | MDL No. 1:13-md-2419-FDS |

**ARL BIO PHARMA, INC. ASSENTED-TO MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE A PROOF OF CLAIM**

ARL Bio Pharma, Inc. ("ARL") hereby moves for an order extending for thirty days the time within which it may file a proof of claim ("Motion").  The Plaintiffs' Steering Committee ("PSC"), Creditor's Committee ("CC"), and New England Compounding Pharmacy, Inc.'s ("NECC") Trustee ("Trustee") have assented to this Motion.  ARL states as follows in support of this motion:

1.      NECC compounded many different products.

2.      ARL provided limited testing services for NECC product samples, including samples from certain lots of methylprednisolone acetate ("MPA").

3.      ARL has been sued in over 60 lawsuits, and is the subject of almost 300 claims, asserted by individuals who allege they were injured from contaminated MPA that NECC compounded.  ARL is alleged to have tested samples from certain lots of NECC's MPA.

4.     ARL is aware that there are many more plaintiffs and/or claimants, potentially up to 14,000, that intend to assert claims or file lawsuits against ARL in the future.  As recently as September 27, 2013, a plaintiff's attorney contacted ARL counsel seeking a waiver of service for multiple new lawsuits

5.     The lawsuits and claims filed against ARL to date allege various theories of recovery and contend ARL breached duties it had in connection with NECC compounded MPA.  None of the lawsuits filed against ARL to date quantify the claims asserted against ARL.

6.     ARL disputes it is liable for any of the claims made against it.

7.     Additional suits against ARL related to NECC's products are highly likely, but ARL has no way of knowing which NECC products may be involved, what theories of recovery future plaintiffs may allege, what duties future plaintiffs may allege ARL breached, or the amounts the current and future plaintiffs may be seeking from ARL.

8.     ARL may hold various claims against NECC's estate related to: (1) NECC's products; and (2) current and future claims against ARL related to those products.

9.     Pursuant to this Court's Order on Mediation Program [Doc. 394], ARL is required to file a proof of claim within ten days of electing to participate in

mediation.  ARL elected to participate in mediation on September 20, 2013, and is therefore required to file a proof of claim by September 30, 2013, 2013.

10.    ARL's claims against the estate are and will be largely based on claims made against ARL by individuals who allege they were injured by NECC products.  At this time, the nature and scope of many of these claims is unknown and none of these claims have been quantified.

11.    The general bar date is not until January 15, 2014.

12.    Given how claims have been pled against ARL to date, the certainty that additional claims will be made against ARL, and the long time period before the general bar date, ARL has no meaningful basis upon which to quantify the claims it may hold against the estate.  An extension of time to file its proof of claim, and the additional information ARL is likely to garner during the extension, will provide ARL more of a basis upon which to file a meaningful proof of claim.

13.    Given length of time before the general bar date, granting the relief requested in this motion will not delay the progress of this bankruptcy case.  At a minimum, the general bar date will have to pass before the claims against the estate will be subject to quantification.

14.    ARL respectfully submits that, under the circumstances, no legitimate purpose will be being served by requiring ARL to file a proof of claim before the general bar date in this case, and that extending the time within which ARL may

file a proof of claim until the general bar date would be in the best interest of all parties in interest, as it would increase the likelihood that the claim filed by ARL would be meaningful.

15.   Based on the foregoing, ARL submits good cause exists to grant the requested relief.

16.   Counsel for ARL has spoken with counsel for the PSC and has provided a copy of this Motion to the PSC which has indicted that it, the CC, and the Trustee assent to this Motion subject to further discussions between ARL and the Trustee regarding additional extensions.

WHEREFORE, ARL prays for an order extending the time within which it may file a proof of claim for 30 days, until October 30, 2013.

Respectfully submitted,

**ARL BIOPHARMA, INC. d/b/a**
**ANALYTICAL RESEARCH LABORATORIES**

By its attorneys,

*/s/ Kenneth B. Walton*

_____
Kenneth B. Walton, BBO #562174
kwalton@donovanhatem.com
Kristen R. Ragosta, BBO #664362
kragosta@donovanhatem.com
DONOVAN HATEM LLP
Two Seaport Lane, 8th Floor
Boston, MA  02210
Tel:  (617) 406-4500
Dated:  September 30, 2013                Fax: (617) 406-4501

4

**CERTIFICATE OF SERVICE**

     This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on September 30, 2013 using the ECF system that sent notification of this filing to all ECF— registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Kristen R. Ragosta*

_____

*Attorney for ARL Bio Pharma, Inc. d/b/a*
*Analytical Research Laboratories*

5