UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt.: 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## DECLARATION OF KRISTEN JOHNSON PARKER

I, Kristen Johnson Parker, declare, under penalty of perjury, as follows:

1.  I am an attorney with Hagens Berman Sobol Shapiro, LLC and am duly licensed to practice law in the State of Massachusetts. I am alternate lead counsel in *In re: New England Compounding Pharmacy, Inc. Products Liability Litigation,* MDL No. 2419. I make this declaration in support of the Plaintiffs' Steering Committee's Response to the Saint Thomas Entities Motion to Reconsider MDL Order No. 7.

2.  In the process of crafting the proposed schedule which formed the basis of MDL Order No. 7, I and other members of the Plaintiffs' Steering Committee (the "PSC"), solicited comments on multiple occasions from NECC, the Affiliated Defendants, the Unaffiliated Defendants,[1] and counsel for clinics, hospitals, and doctors who had filed limited notices of appearance in the MDL for the purposes of objecting to the PSC's subpoenas ("subpoena objectors") but had not then been named as a defendant. This included counsel for Saint Thomas Hospital West, Saint Thomas Network, and Saint Thomas Health (collectively the "Saint Thomas Entities").

---

[1] For consistency, this response will use the Definitions in MDL Order No. 7.

3. On September 4, 2013, I sent an email to counsel for Affiliated Defendants, Unaffiliated Defendants, and Subpoena Objectors that included a copy of the proposed schedule. I suggested a date and time for a conference call where email recipients could provide feedback on the proposed schedule. Yvonne Puig, counsel for the St. Thomas Entities, was copied on the email. A copy of this email is attached as Exhibit A.

4. Later in the day on September 4, 2013, I sent a follow up email to the same distribution list, rescheduling the meet and confer to avoid the holiday and stating:

> Since we hope to get a joint CMO turned around by Wednesday, I strongly encourage those with comments to send them to me before the Monday call.

Yvonne Puig, counsel for the St. Thomas Entities, was copied on the email. A copy of this email is attached as Exhibit B.

5. On September 6, 2013, Kim Dougherty, another member of the PSC, sent a revised schedule to the defendants and subpoena objectors and once again sought to schedule a conference call where defendants and subpoena objectors could comment or voice concerns. Yvonne Puig, counsel for the St. Thomas Entities, and I were both copied on the email. A copy of this email is attached as Exhibit C.

6. On September 9, 2013, just prior to the scheduled conference call, counsel for some several unaffiliated defendants and subpoena recipients (including Inspira Health Network, Inc., Inspira Medical Centers, Inc., Carilion Surgery Center New River Valley, LLC d/b/a New River Valley Surgery Center, LLC, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberly Yvette Smith, M.D.) provided specific feedback on the proposed schedule and sought clarification of numerous items. Yvonne Puig, counsel for the St. Thomas Entities, was copied on the email. A copy of this email is attached as Exhibit D.

7. On September 9, 2013 the PSC held a conference call where several defendants provided feedback on the proposed schedule.

8. On September 10, 2013 the PSC circulated a modified schedule that took into account issues raised by the defendants and subpoena objectors on the September 9, 2013 conference call. Yvonne Puig, counsel for the St. Thomas Entities, was copied on the email. A copy of this email is attached as Exhibit E.

9. In response to this modified schedule, several subpoena objectors responded that they were not a defendant, had filed only a limited appearance in the MDL, and did not agree to the proposed schedule. Yvonne Puig, counsel for the St. Thomas Entities, was copied on multiple emails to this effect.

10. Also on September 10, 2013, I sent an email sent an email to the same distribution list explaining that I would not represent that any objector approved the schedule unless they explicitly gave their approval:

> "As a courtesy, the PSC usually copies those clinics/doctors/entities who filed limited notices of appearance for purposes of objecting to subpoenas on matters relating to defendants. I hoped that this would go without saying, but the PSC will not represent that any entity has agreed/stipulated to a filing unless that entity has actually informed us that they so agree/stipulate. Silence will not be taken as consenting to the Court's jurisdiction, signing on, etc. With this understanding, I hope that we can dispense with some of the emails about not signing on. Thanks."

Yvonne Puig, counsel for the St. Thomas Entities, was copied on the email. A copy of this email is attached as Exhibit F.

11. The PSC included counsel for the Saint Thomas Entities, Yvonne Puig, on each of these email solicitations. Despite having the opportunity to provide feedback on the proposed

schedule, the Saint Thomas Entities never raised any of the concerns that are now the subject of their Motion to Reconsider (Dkt. No. 457).

12. During the September status conference, I stated the following to the Court:

> In terms of the schedule itself, the plaintiffs' steering committee undertook to reach out to all defendants. That includes NECC, the affiliated defendants, the unaffiliated defendants, and also nondefendants, pain clinics and others who had filed limited notices of appearance in the MDL for the purposes of quashing or objecting to subpoenas, so that is to say, your Honor, we cast a very broad net with this, and we sought input from anyone to speak with us about it. We held a very productive I think meet and confer on the Monday of this week in an effort to put together a joint submission to the Court. We received some comments during that meet and confer, also some e-mail traffic afterwards. The schedule is an effort to accommodate all of the comments that we have received to date. I won't say though that anyone signs off on the schedule.
>
> I thought as of this morning that we had an agreement with NECC, I thought until we walked into this courtroom, frankly, that we had an agreement with NECC and the affiliated defendants as to the dates set forth in the schedule and the provisions included in the schedule….

13. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of October 2013 at Boston, Massachusetts.

10/7/2013

Kristen Johnson Parker