UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND ) <br> COMPOUNDING PHARMACY, INC. ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> This Document Relates to: ) <br> ) <br> Wiley et al v. Ameridose, LLC et al., ) <br> 1:13-cv-12305-FDS ) <br> ) | MDL No. 1:13-md-2419-FDS <br><br> F. Dennis Saylor, IV, presiding |

___

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF THE STATE OF TENNESSEE**
___

The State of Tennessee, by and through the Attorney General and Reporter, submits the following Memorandum of Law in Support of its Motion to Dismiss.

**PRELIMINARY STATEMENT**

Plaintiffs have filed a personal injury claim regarding the fungal meningitis outbreak. In pursuing this claim, they request a declaratory judgment that Tennessee's statutory caps on damages, found under Tenn. Code Ann. § 29-39-102 and § 29-39-104, are unconstitutional. (Doc. 1, Complaint, ¶ 267-271). A copy of the complaint was sent to the Tennessee Attorney General's Office, as required by Fed. R. Civ. P. 5.1(a)(2).

This claim was initially filed in the Middle District of Tennessee, Case No. 3:13-cv-00891. It was transferred to this Court for coordination or consolidation of pretrial proceedings as part of the *New England Compounding Pharmacy, Inc. Products Liability Litigation*. (Doc. 8, Order Transferring Case).

**ARGUMENT**

The State of Tennessee should be permitted to intervene in this lawsuit to defend the constitutionality of Tenn. Code Ann. § 29-39-102 and § 29-39-104.  Rule 5.1 governs the procedure for challenging the constitutionality of a statute.  It requires that notice be given to the state's Attorney General if a state statute is challenged.  Fed. R. Civ. P. 5.1(a)(2).  Upon receiving notice, the Attorney General may intervene within 60 days of the notice, "[u]nless the court sets a later time."[1]  Fed. R. Civ. P. 5.1(c).  Rule 5.1(c) is consistent with Tenn. Code Ann. § 29-14-107(b), which provides that the State of Tennessee is entitled to be heard whenever a statute of statewide effect is alleged to be unconstitutional.

In this case, Plaintiffs have challenged the constitutionality of Tenn. Code Ann. § 29-39-102 and § 29-39-104.  (Doc. 1, Complaint, ¶ 267-271).  Plaintiffs notified Tennessee's Attorney General, Robert E. Cooper, Jr., as required under Fed. R. Civ. P. 5.1(a)(2).  The State of Tennessee now moves to intervene to defend the constitutionality of the state statutes.

**CONCLUSION**

For the foregoing reason, the State of Tennessee's motion to intervene should be granted.

---

[1] Rule 5.1(c) states, "Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier." Fed. R. Civ. P. 5.1(c)

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General and Reporter

WILLIAM E. YOUNG
Solicitor General

s/ Mary M. Bers
Mary M. Bers, BPR # 013159
Senior Counsel
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-1845

s/Joseph Ahillen
Joseph Ahillen, BPR # 028378
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P. O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-2558

## CERTIFICATE OF SERVICE

I certify that on this 7th day of October, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. This document was originally filed on October 2, 2013 in case number 1:13-cv-12305-FDS. It is now being filed in the lead case, No. 1:13-md-2419, in compliance with MDL Order No. 1 from February 15, 2013.

s/Joseph Ahillen
JOSEPH AHILLEN