UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)    MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>) |

**JOINT MOTION OF THE CHAPTER 11 TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE PLAINTIFFS' STEERING COMMITTEE TO EXTEND DEADLINES IN MEDIATION ORDER**

The Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC" or the "Debtor"), the Plaintiffs' Steering Committee appointed in this case (the "PSC"), and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case (the "Official Committee" and together with the Trustee and the PSC, the "Movants"), by and through their undersigned counsel, hereby move (this "Motion") this Court to extend certain deadlines contained in this Court's *Order on Mediation Program* [Dkt. No. 394] (the "Mediation Order"). In support of this Motion, the Movants respectfully state as follows:

1.  On August 5, 2013, the Trustee and the Official Committee jointly submitted a proposed mediation order concerning potential tort defendants unaffiliated with NECC and other non-parties, and outlining the protocol for establishing and conducting a mediation program including those parties. See *Joint Motion of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors for Order Approving Mediation Program* [Dkt. No. 374] (Aug. 5, 2013). The PSC subsequently submitted a proposed mediation order that differed in very few respects.

See *Plaintiffs' Steering Committee's Proposed Mediation Order and Memorandum in Support* [Dkt. No. 380] (Aug. 8, 2013).

2. On August 15, 2013, after reviewing the joint submission by the Trustee and Official Committee and the submission of the PSC, this Court entered the Mediation Order, adopting some aspects of both the PSC's proposed order and the joint proposed order of the Trustee and the Official Committee.

3. The Mediation Order established a program (the "Mediation Program") that will seek to resolve the claims of those parties (1) who are non-debtors and who are not NECC-affiliated defendants, as defined by MDL Order No. 6; (2) who have or may have claims asserted against them as defendants by personal-injury and wrongful-death plaintiffs that arise out of or relate to NECC products; and (3) who, as a result of claims or potential claims against them, have or may have indemnification, contribution, reimbursement or other claims against the NECC estate. Mediation Order ¶ C. This Court retained the authority to modify the terms of the Mediation Program "as necessary or appropriate to facilitate the mediation process." Mediation Order ¶ T.

4. The Mediation Order required any party choosing to participate in the mediation program to file a notice and agreement by September 23, 2013 (the "Opt-In Date"). See Mediation Order ¶ D. The Mediation Order also established additional dates and deadlines (the "Additional Deadlines"), including:

- October 7, 2013: Deadline for parties to the mediation to submit a joint proposal to the District Court for a mediator and a proposal for a fee-sharing structure. See Mediation Order ¶ E.[1]

---

[1] Cognizant of this deadline, on October 7, 2013, the PSC filed a motion notifying this Court of the Movants' intent to file this Motion. See *Plaintiffs' Steering Committee's Motion to Briefly Extend Deadlines Set Forth in the Order on Mediation Program* [Dkt. No. 487] (Oct. 7, 2013).

- October 14, 2013: Deadline for any party to submit a proposal regarding the appointment of a mediator (if parties to the mediation have not agreed as to a mediator by October 7). See Mediation Order ¶ E.

- October 21, 2013: Deadline for parties to the mediation to meet and confer regarding any procedures that may be necessary and appropriate to govern any disputes that may arise in the mediation. See Mediation Order ¶ F.

5. The Movants' goal is to open the Mediation Program to as many willing defendant participants as possible. Five (5) parties filed their notice and agreement by the Opt-In Date.[2] The Movants understand that additional parties, who for various reasons did not file their notice and agreements by the Opt-In Date, are presently considering participation in the Mediation Program, and are engaged in ongoing discussions with one or more of the Movants regarding their participation. The Movants believe it appropriate and important to allow the process to remain open for a discrete period of time in order to permit the discussions between the parties to continue.

6. A short extension of the Opt-In Date will not result in prejudice to any party. The bar date by which all claims against the Debtor must be filed, although approaching, is not until January 15, 2014, at which time the universe of claims will be known for the purposes of mediation. Moreover, the requested extension serves each party's interest in expanding mediation to as many parties as possible. Accordingly, the Movants believe that a *nunc pro tunc* extension of the Opt-In Date to **October 28, 2013** is appropriate and warranted here.

7. Additionally, with respect to parties that have agreed to mediation, the Movants and those parties are still engaged in discussions as to an appropriate mediator and have yet to arrive at a consensual decision – a modest extension of that deadline and related deadlines will facilitate the selection of a mediator satisfactory to all parties, and likewise will not result in

---

[2] See Dkt. Nos. 442, 445, 447, 448, and 463.

3

prejudice to any party. Furthermore, the requested extensions will provide potential participants the opportunity to give input into the mediation procedures – including an opportunity to participate in an effort to consensually select the mediator – to ensure that there are no unnecessary disincentives to engaging in the voluntary Mediation Program.

8. Accordingly, the Movants request: 1) an extension of the deadline for proposal of a mediator to **October 28, 2013**; 2) an extension for the deadline for any party to submit a proposal regarding the appointment of a mediator (if parties to the mediation have not agreed as to a mediator by the proposed October 28 deadline) to **November 4, 2013**; 3) an extension of the deadline for proposal of a fee-sharing structure to **November 11, 2013**; and 4) an extension of the deadline for parties to the mediation to meet and confer regarding any procedures that may be necessary and appropriate to govern any disputes that may arise in the mediation to **November 11, 2013**.

**WHEREFORE**, the Movants respectfully request that this Court (i) extend the date by which parties must file a notice and agreement to participate in the Mediation Program to October 28, 2013, *nunc pro tunc* to September 23, 2013, without prejudice to any party's right to seek a further extension, and (ii) extend each of the Additional Deadlines to the dates requested herein.

Dated: October 8, 2013
       Boston, Massachusetts

By: /s/ Michael R. Gottfried
Michael R. Gottfried, Esq.
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
(857) 488-4230
mrgottfried@duanemorris.com

*Counsel to Paul D. Moore, Chapter 11 Trustee for New England Compounding Pharmacy, Inc.*


By: /s/ Thomas M. Sobol
Thomas M. Sobol, Esq.
Kristen Johnson Parker, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
(617) 482-3700
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel, for the PSC*

By: /s/ David J. Molton
David J. Molton, Esq.
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Rebecca L. Fordon, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
rfordon@brownrudnick.com
ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

## CERTIFICATE OF SERVICE

I, Carol S. Ennis, hereby certify that on October 8, 2013, I caused a copy of the foregoing Joint Motion to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.


Dated: October 8, 2013
      New York, New York                                                      /s/ Carol S. Ennis
                                                                                   Carol S. Ennis