UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION | MDL NO. 13-md-2419 Master Dkt.: 1:13-md-02419 |
| This Document Relates To: All Cases. | Hon. F. Dennis Saylor, IV Hon. Jennifer C. Boal |

**OBJECTIONS OF SOUTHEAST MICHIGAN SURGICAL HOSPITAL
TO PLAINTIFFS' REVISED SUBPOENA**

Non-Party Objector Southeast Michigan Surgical Hospital ("the Hospital"), by its counsel, Shatz, Schwartz and Fentin, P.C., and Dykema Gossett, PLLC, submits these Objections to Plaintiff's Revised Subpoena, dated September 27, 2013. [*See* Dkt. No. 464, Notice of Revised Subpoena].[1]

### I.   GENERAL OBJECTIONS

**A.   Neither Relevant Nor Reasonably Calculated to Lead to the Discovery of Admissible Evidence:** The Hospital is not a party to this litigation. Plaintiffs have identified no patient of the Hospital who has filed suit, joined in the MDL litigation, or given notice of a claim against any party relating to the sale of medications by the New England Compounding Center ("NECC"). In other words, there is no connection between Plaintiffs in this or any other litigation and the Hospital. Therefore, no documents held by the Hospital are relevant to the claims of any party in this case and none will lead to the discovery of admissible evidence. By

---

[1] This filing is not an objection to the Chart filed by the Plaintiffs' Steering Committee on October 16, 2013 [Dkt. No. 514]. This filing preserves the Hospital's objections to the Revised Subpoena (Dkt. No. 464).

requesting such documents, Plaintiffs violate the Court's June 21, 2013 Order and Federal Rule of Civil Procedure 26, both of which state that only relevant discovery requests are proper.

**B.     Overly Broad and Unduly Burdensome:**  The Revised Subpoena generally seeks documents about the medications-at-issue, such as prescription, procurement, communication and marketing information.  None of these records would be admissible to adjudicate the claims made by Plaintiffs who were not patients of the Hospital.

The requested documents contain confidential patient information, otherwise known as protected health information ("PHI").  If compelled to produce the requested irrelevant documents, the Hospital would be burdened with having to analyze each of the documents, redact PHI, and produce redacted documents that are inadmissible in any lawsuit.  The Hospital's burden far outweighs any marginal utility Plaintiffs might gain by receiving them.

Plaintiffs' revised Subpoena violates Federal Rule of Civil Procedure 45(c)(1), which requires Plaintiffs to take reasonable steps to "avoid imposing undue burden or expense" on Respondent.

**C**.     **Violation of Michigan Physician-Patient Privilege, HIPAA and this Court's Order.**  The Revised Subpoena requires the Hospital to violate Michigan and federal law, and its privacy obligations to its patients, by disclosing protected PHI.  In response to this Court's August 1, 2013 order in which Judge Saylor quashed Plaintiffs' original subpoena demand for protected PHI, Plaintiffs removed certain direct requests for PHI, but left in other categories that seek PHI.  The documents sought by the Revised Subpoena still contain PHI, such as patient names, addresses and dates of birth, which are protected by state and federal law and by Judge Saylor's Order.

Because the Revised Subpoena continues to demand PHI, the Revised Subpoena violates Michigan and federal law, and this Court's August 1, 2013 Order.

**D.     Violation of Attorney-Client Privilege.**  The subpoena calls for the production of hard-copy or electronic documents that are subject to the attorney-client privilege and the work-product protection. To require the Hospital to analyze, redact and log protected material when the records are irrelevant and inadmissible to begin with is an improper and undue burden.

**E.     Improper Service; No required Fee.**  Neither the June 21, 2013 Subpoena nor the September 27, 2013 Revised Subpoena were properly served by Plaintiffs on the Hospital. Rule 45(b)(1) requires that a subpoena be delivered to the person named in the subpoena. The June 21, 2013 Subpoena directed to the Hospital was sent by certified mail and not personally delivered. The Revised Subpoena was sent via US Mail and email. Neither was served in accordance with the Federal Rules of Civil Procedure. In addition, to the extent that Plaintiffs continue to seek depositions to compel testimony, Plaintiffs' June 21, 2013 Subpoena and the Revised Subpoena are improper because neither was properly served and neither was served with the required fee for attendance at a deposition, in violation of Fed. R. Civ. P. 45(b)(1).

**F.**     The Hospital specifically objects to any of its representatives being called for testimony for the reasons specified above and below.

## II.     SPECIFIC OBJECTIONS

Incorporating the definitions set forth in the Section I, Respondent further specifically objects to portions of the subpoena compelling production of documents, as follows:

- **Paragraph 1** seeks information relating to "MPA and Triamcinolone." Plaintiffs have identified no connection between the Hospital, a non-party, and this litigation such that this information is discoverable or relevant to the claims of any Plaintiff. Therefore, the Hospital objects to paragraph 1 on the ground that it is or was:

    a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

    b) Overly broad and unduly burdensome, as described in Section I.B.

    c) A violation of the physician-patient privilege and federal law, as described in Section I.C.

    d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 2** seeks information relating to "Equivalents to MPA." There is no connection between the Hospital, a non-party, and this litigation. Therefore, the Hospital objects to paragraph 2 on the ground that it is or was:

  a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

  b) Overly broad and unduly burdensome, as described in Section I.B.

  c) A violation of the physician-patient privilege and federal law, as described in Section I.C.

  d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 3** seeks documents relating to "Cardioplegic solution." The Hospital did not procure Cardioplegic solution from NECC. Therefore, the Hospital objects to paragraph 3 on the ground that it is or was:

  a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

  b) Overly broad and unduly burdensome, as described in Section I.B.

  c) A violation of the physician-patient privilege and federal law, as described in Section I.C.

  d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 4** seeks documents relating to "Betamethasone solution." The Hospital did not procure this medication from NECC. Therefore, paragraph 4 is an improper discovery request because it is or was:

  a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

  b) Overly broad and unduly burdensome, as described in Section I.B.

    c) A violation of physician-patient privilege and federal law, as described in Section I.C.

    d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 7** seeks documents relating to "Communications with NEC[C]."  Because of the lack of a connection between the Hospital and the Plaintiff-patients in this case, any communications between the Hospital and NECC are immaterial and irrelevant.  No Plaintiff in this litigation can rely upon communications made by NECC to the Hospital because no Plaintiff is suing this Hospital.  Specifically, paragraph 7 seeks improper discovery because it is or was:

    a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

    b) Overly broad and unduly burdensome, as described in Section I.B.

    c) A violation of physician-patient privilege and federal law, as described in Section I.C.

    d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 8** seeks documents relating to information about NEC[C]'s qualifications.  No Plaintiff in this litigation can rely upon communications made by NECC to the Hospital because no Plaintiff is suing this Hospital.  Therefore, paragraph 8 is improper because it seeks information that is or was:

    a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

    b) Overly broad and unduly burdensome, as described in Section I.B.

    c) A violation of physician-patient privilege and federal law, as described in Section I.C.

    d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 9** seeks documents relating to "Communications received about fitness of NEC[C]'s products."  No Plaintiff has alleged that the NECC products were administered to them by the Hospital.  Thus, representation by NECC to the Hospital are irrelevant to the claims of patients of other hospital or clinics.  The information that paragraph 9 seeks is improper because it is or was:

    a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

    b) Overly broad and unduly burdensome, as described in Section I.B.

   c) A violation of Michigan and federal law, as described in Section I.C.

   d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 10** seeks documents relating to "Information received from governmental entities" concerning the fitness of NECC products. Information, if any, in the possession of the Hospital concerning NECC is irrelevant to the claims of Plaintiffs, none of whom were patients of the Hospital. The requested information is or was:

   a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

   b) Overly broad and unduly burdensome, as described in Section I.B.

   c) A violation of Michigan and federal law, as described in Section I.C.

   d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 12** seeks "Marketing information" from NECC. Thus representations by NECC to the Hospital are irrelevant to the claims of patients of other hospitals or clinics. This is an improper discovery request because it is or was:

   a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

   b) Overly broad and unduly burdensome, as described in Section I.B.

   c) A violation of physician-patient privilege and federal law, as described in Section I.C.

   d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 13** seeks Hospital "[c]ontracts with NEC[C]." No Plaintiff is suing the Hospital, and, therefore, nothing in a contract, if any, between NECC and the Hospital is relevant or material to any Plaintiff's claim. Paragraph 13 is improper because the requested information is or was:

   a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

   b) Overly broad and unduly burdensome, as described in Section I.B.

   c) A violation of physician-patient privilege and federal law, as described in Section I.C.

   d) A violation of attorney-client privilege, as described in Section I.D.

- **Paragraph 14** seeks "Recall notices received" from NECC by the Hospital. No claim of any Plaintiff can be advanced or established based on communications by NECC to the Hosital because no Plaintiff is a Hospital patient. This is an improper discovery because the information sought  is or was:

    a) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as described in Section I.A.

    b) Overly broad and unduly burdensome, as described in Section I.B.

    c) A violation of physician-patient privilege and federal law, as described in Section I.C.

    d) A violation of attorney-client privilege, as described in Section I.D.

Dated:  October 22, 2013

**SHATZ, SCHWARTZ & FENTIN, P.C.**

By:  /s/ Steven Weiss_____
Steven Weiss
BBO No. 545619
1441 Main Street
Springfield, MA 01103
(413) 737-1131 Ext. 128
(413) 736-0375 (facsimile)
sweiss@ssfpc.com


**DYKEMA GOSSETT PLLC**

By:/s/ Kathryn J. Humphrey____
Kathryn J. Humphrey
Michigan Bar No. P32351
400 Renaissance Center. 37th Floor
Detroit, MI  48243-1668
(313) 568-6848
khumphrey@dykema.com
Admitted *pro hac vice*

Attorneys for Southeast Michigan Surgical Hospital

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2013, I electronically filed the foregoing documents with the Clerk of the Court using the Court's e-filing system which will send notification of such filing to all counsel of record, and forwarded copies of same to:

Alan M. Winchester
Harris Beach, PLLC
100 Wall Street
New York, NY 10005

Anne Andrews
Andrews & Thornton
2 Corporate Park
Suite 110
Irvine, CA 92606

Arthur P. Brock
Spears, Moore, Rebman & Williams, PC
801 Broad Street
6th Floor
Chattanooga, TN 37402

Brett J. Bean
Hackney, Grover, Hoover & Bean
1715 Abbey Rd.
Suite A
East Lansing, MI 48823

C. Mark Hoover
Hackney, Grover, Hoover & Bean
1715 Abbey Road
Suite A
East Lansing, MI 48823

John B. Reiss
Doylestown Hospital
595 West State St.
Doylestown, PA 18901

Judi Abbott Curry
Harris Beach, PLLC
100 Wall St.
New York, NY 10005

Mark P. Goodman
Debevoise & Plimpton, LLP
919 Third Ave.
New York, NY 10022

Mary M. Bers
Office of Attorney General (TN)
PO Box 20207
Nashville, TN 37202

Richard H. Ford
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
PO Box 2753
Orlando, FL 32802

Scott C. Bentivenga
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams St.
Suite 300
Chicago, IL 60661

by enclosing copies in envelopes properly addressed and by depositing said envelopes in the United States Mail with postage thereon have been fully prepaid; and

9

by forwarding copies of same to the following individuals via their email addresses:

Cara E. Weiner
Cari A. Wint
Christopher M Wolk
Clinton R. Shaw
Joana J. Chen
John B. Bennett
John B. Reiss
John T. Sly
Randy J. Hackney
Ron E. Meisler

By: /s/     Steven Weiss