UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
---------------------------------------x
IN RE: NEW ENGLAND COMPOUNDING :
PHARMACY, INC. PRODUCTS LIABILITY : MDL No. 2419
LITIGATION : Master Dkt. No.: 1:13-md-02419-FDS
:
--------------------------------------- : **NON-PARTY INTERVENTIONAL**
THIS DOCUMENT RELATES TO: : **SPINE & SPORTS MEDICINE, PC'S**
ALL ACTIONS : **RESPONSE TO JOINT CHART OF**
: **SUBPOENA OBJECTIONS**
---------------------------------------x

Pursuant to the Court's Scheduling Order, dated July 26, 2013 [Doc. No. 455], non-party Interventional Spine & Sports Medicine, PC ("ISSM"), by and through its attorneys, Golenbok Eiseman Assor Bell & Peskoe LLP, respectfully submits this response to the joint chart of subpoena objections ("Joint Chart") filed by Plaintiffs' Steering Committee ("PSC") on October 16, 2013 [Doc. No. 514].[1] This response supplements and incorporates by reference ISSM's Objections to Subpoena, dated July 24, 2013 [Doc. No. 345], and Supplemental Objections to Subpoena, dated July 26, 2013 [Doc. No. 354] (collectively, ISSM's "Objections"). ISSM continues to maintain each of its previously-asserted Objections. However, because the Joint Chart summarizes ISSM's Objections in a very general, high-level manner, the purpose of this response is to set out the facts particular to ISSM that underlie ISSM's Objections and show why the PSC's Subpoena to ISSM should be quashed.[2]

At all relevant times, ISSM was a one-physician practice located only in Connecticut. ISSM is not a party to the MDL or any related action. Moreover, none of ISSM's patients is a

---

[1] Pursuant to the Court's Order on Central Enforcement of Subpoenas, dated June 21, 2013 [Doc. No. 193], ISSM's counsel has made a limited appearance solely for purposes of contesting the PSC's Subpoena to ISSM, without consenting to the jurisdiction of this Court.

[2] The PSC's Subpoena to ISSM, with accompanying cover letter, dated July 12, 2013, are attached as Exhibit 1 to ISSM's Supplemental Objections. To the extent any of ISSM's particular Objections are not specifically discussed in this response, that is not intended to be, and shall not be deemed to be, a waiver of any of those Objections.

party to the MDL or any related action. Indeed, ISSM has been in communication with each of its patients who may have been exposed to tainted product from defendant New England Compounding Center ("NECC") to ensure the safety of those patients, and none of them has experienced any adverse reaction.

While the PSC asks this Court to impose considerable burdens on ISSM in responding to the Subpoena, the PSC has not complied with its own obligations. The PSC never formally served the Subpoena on ISSM, but rather simply sent it by certified mail; did not include any witness fee, notwithstanding that the Subpoena sought ISSM's deposition; and did not include a copy of the Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order, dated June 21, 2013 [Doc. No. 192], as required by that Order.[3] Moreover, the PSC clearly has not made any effort to tailor the Subpoena to ISSM, because the PSC is using exactly the same form of subpoena for non-party ISSM that it is using for party healthcare providers. Additionally, the PSC has never contacted ISSM to meet and confer about the Subpoena or to attempt to explain why the PSC is pursuing the Subpoena against ISSM. The PSC's true purpose, however, is revealed in its cover letter to ISSM, which states: "Lead Counsel and the PSC have designated me, Patrick T. Fennell of Crandall & Katt, to handle the day-to-day *litigation of claims against Interventional Spine & Sports Medicine, PC.*" (Emphasis added.) As there are no such claims against ISSM, the PSC's purpose must be to improperly attempt to fish for potential claims against ISSM.[4]

Because ISSM is a non-party with no patients who are parties, the information sought by

---

[3] While ISSM understands that the PSC has universally revised its form of subpoena to healthcare providers, the PSC has never formally served a revised subpoena on ISSM.

[4] *See Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989) (litigants are not permitted to "undertake wholly exploratory operations in the vague hope that something helpful will turn up").

the Subpoena could not have any relevance to existing claims. For example, the Subpoena seeks documents concerning ISSM's procurement of products from NECC (Reqs. 1-4), ISSM's communications with NECC (Reqs. 7, 9, 12), information about NECC's qualifications (Req. 8), and any ISSM contracts with NECC (Req. 14). Such information in ISSM's possession could not be relevant to the claims of existing plaintiffs because ISSM did not administer any product to those plaintiffs and none of those plaintiffs could have relied on any information that NECC may have provided to ISSM. Moreover, certain of the PSC's requests have absolutely nothing to do with NECC or any other existing defendants, such as the requests seeking communications made by ISSM in response to recall notices (Req. 15); ISSM's insurance policies (Req. 17); and ISSM's articles of incorporations (Req. 18). The lack of relevance alone is a sufficient basis to quash the Subpoena.

But even if the PSC were able to show any relevance of the information sought from ISSM, that relevance would not outweigh the burden to ISSM.[5] To the extent the PSC were seeking information from ISSM for use for claims against existing defendants, the information from ISSM would be purely cumulative and/or duplicative of information that the PSC can obtain directly from those defendants and/or the more than 80 other healthcare providers that the PSC has subpoenaed, many of which are parties. Moreover, given the breadth of the Subpoena (*e.g.*, Req. 7, seeking all communications with NECC over a two-year period), responding to the Subpoena would require ISSM to incur costs and legal fees and divert the time of its employees, which would be a substantial burden on ISSM given its small size and limited resources. Additionally, not only would responding to the Subpoena impose such burden on ISSM, but it would also put patients' privacy rights at risk. As set forth in ISSM's Supplemental Objections,

---

[5] *See Heidelberg Am., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 40 (1st Cir. 2003) (quashing subpoena where burden on non-party outweighed marginal relevance).

3

1874930.2

Connecticut law imposes a strict physician-patient privilege, and there is no exception for responding to a Subpoena. While the PSC has withdrawn the Subpoena's explicit request for the identification of patients, information responsive to other requests would contain patient information covered by the Connecticut physician-patient privilege, such as the request for ISSM's communications with NECC.[6] The burden on "non-parties is a factor entitled to special weight in evaluating the balance of competing needs," *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1989), and here that balance tips strongly in favor of quashing the Subpoena.

Finally, if ISSM were to be forced to respond to all or part of the Subpoena, then the PSC should be required to pay ISSM's reasonable costs and attorneys' fees of responding pursuant to Fed. R. Civ. P. 45(d)(1). By pursuing the exact same subpoena against ISSM that the PSC is pursuing against party healthcare providers; failing to ever seek to meet and confer with ISSM or attempt to explain any proper purpose for the Subpoena; and, indeed, admitting in the cover letter to ISSM that the purpose of the Subpoena is the purely hypothetical "litigation of claims against" ISSM, the PSC has not taken "reasonable steps to avoid imposing undue burden or expense" on ISSM, and thus Fed. R. Civ. P. 45(d)(1) requires the imposition of a sanction.

Dated: New York, New York  
October 23, 2013

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: _____  
Martin S. Hyman  
Matthew C. Daly  
437 Madison Avenue  
New York, New York 10022  
(212) 907-7300  
*Attorneys for Non-Party Interventional Spine & Sports Medicine, PC*

---

[6] *See Whittingham v. Amherst College*, 164 F.R.D. 124, 127-28 (D. Mass. 1995) (denying motion to compel where plaintiff failed to show that purported need for information outweighed by privacy interests).

## CERTIFICATE OF SERVICE

I, Matthew C. Daly, hereby certify that on October 23, 2013, a true and correct copy of the foregoing was served on all counsel of record by virtue of the Court's electronic filing system.

Dated: October 23, 2013

_____
Matthew C. Daly

5

1874930.2