UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

IN RE: NEW ENGLAND COMPOUNDING          MDL No. 1:13-md-02419
PHARMACY, INC. PRODUCTS LIABILITY
LITIGATION                               Hon. F. Dennis Saylor, IV
_____

THIS DOCUMENT RELATES TO:

All Actions
_____

## RESPONSE TO REVISED CHART BY
## NON-PARTY ROCHESTER BRAIN & SPINE PAIN MANAGEMENT LLC

Non-Party Objector Rochester Brain & Spine Pain
Management LLC ("RBS"), by its counsel Phillips Lytle LLP,
submits this Response to the Chart filed by the Plaintiffs'
Steering Committee ("PSC") on October 16, 2013 [Dkt. No. 514]
("Revised Chart") and states as follows:

1.   Notwithstanding the filing of the Revised Chart,
this filing preserves RBS' Objections [Dkt. No. 314] and Motion
to Quash [Dkt. No. 358] against the Subpoena dated June 16,
2013, and the PSC's Revised Subpoena, dated September 27, 2013
[*See* Dkt. No. 464, Notice of Revised Subpoena].  A true and
correct copy of RBS' Motion to Quash, which incorporates RBS'
Objections, is attached for convenience as **Exhibit A**.  RBS
incorporates the Motion to Quash and Objections herein by
reference.

2.   RBS is not a party nor connected in any way to
this litigation.  The PSC has not identified any RBS patient who
has filed suit, joined the MDL litigation, or filed a notice of
claim relating to the use of any New England Compounding Center
drug.  Thus, none of RBS' materials are relevant to any claims
of any party, and discovery of RBS' materials will not lead to
the discovery of admissible evidence.

3.   By correspondence dated September 27, 2013
(attached as **Exhibit B**), the PSC withdrew its request under the
Subpoena for patient names and contact information.  However,
the Revised Subpoena's Requests Nos. 1, 2, 3, 4, 7, 8, 9, 10,
12, 13, 14, and 15 remain overly broad, unduly burdensome, and
may be construed as impermissibly seeking protected health
information ("PHI") in violation of New York and federal law,
and is contrary to the Court's August 1, 2013 Order quashing
Plaintiffs' request under the Subpoena for PHI.  Thus, RBS
retains its right to redact PHI from any document responsive to
the above Requests under the Revised Subpoena.

4.   Request No. 17 under the Revised Subpoena
continues to seek materials, namely insurance policies, that are
neither relevant to the subject matter of the parties' dispute
nor reasonably calculated to lead to the discovery of admissible
evidence.  The PSC has failed to satisfy its burden of
demonstrating the relevancy of the insurance policies sought

- 2 -

under Request No. 17, and therefore discovery of these materials should not be allowed. *Zoological Society of Buffalo, Inc. v. Carvedrock, LLC*, 2013 WL 5652759, at *3 (W.D.N.Y. 2013)(quashing subpoena seeking insurance policy which would only be relevant if the insured prevailed in the underlying litigation); *see also Corbett v. eHome Credit Corp.*, 2010 WL 3023870, at *2 (E.D.N.Y. 2010); *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *4 (S.D.N.Y. 2008).

5.    Regarding the balance of the Requests under the Revised Subpoena, RBS expressly relies upon its previously submitted Objections and Motion to Quash.


Respectfully submitted,

Rochester Brain & Spine Pain Management LLC
 by their counsel,

/s/ Joanna J. Chen_____
Alan J. Bozer, admitted *pro hac vice*
Joanna J. Chen, admitted *pro hac vice*
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203
(716) 847-7400

Dated: October 23, 2013

Doc #01-2718912.2

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Alan J. Bozer_____
Alan J. Bozer