Case 1:13-md-02419-FDS   Document 358   Filed 07/26/13   Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV |

---

THIS DOCUMENT RELATES TO:

All Actions

---

### MOTION BY ROCHESTER BRAIN AND SPINE NEUROSURGERY AND PAIN MANAGEMENT, LLC TO QUASH SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(c)(3),

Rochester Brain and Spine Neurosurgery and Pain Management, LLC,

a witness (the "Witness") moves to quash a subpoena.

As grounds for this motion, the Witness states as follows:

1.    The subpoena at issue is attached to the Objections

that were filed by the Witness on July 16, 2013 (Document 314)

(the "Subpoena")[1].  A true and correct copy of the Objections is

attached for convenience as **Exhibit A**.  The Witness incorporates

the Objections herein by reference.

2.    The Plaintiffs' Steering Committee (PSC) filed a

consolidated response on July 17, 2013 that addressed some

matters in the Objections, but not all (Document 325) (the "PSC

Response").

---

[1]   The Subpoena's caption shows the issuing district as the
District Of Massachusetts, but the place for the deposition and
production is in the Western District of New York.  It is the
law of the issuing/transferor court (New York) that will control
legal issues.

3.     The Subpoena is without force.   Attached as **Exhibit B**
is a true and correct copy of the Certificate of Service
evidencing that service was not made personally.   The PSC
concedes the defect of sending the Subpoena without a witness
fee. See PSC Response p. 17.

4.     The Court held a status conference in this MDL
proceeding on July 17, 2013.   Among other matters, the Court
considered issues of privilege arising in the Subpoena and
similar subpoenas issued against other non-party witnesses.   One
issue concerned whether non-party patient and medical
information was necessary to assist in the provision of notice
to potential claimants in the bankruptcy court proceedings
involving New England Compounding Pharmacy, Inc.

5.     On July 24, 2013, the Court ordered that supplemental
memoranda concerning the issue should be filed by July 26, 2013
(Document 340).

6.     The Witness respectfully submits that the issue of
privilege invasion may be avoided by having the Witness serve
the claim notice on its patients directly, with a certification
to the Court upon its completion.

7.     The Witness is a non-party and objects to the
disclosure of privileged and other protected matter.   No
exception or waiver applies. See FRCP 45(c)(3)(A)(iii).

8.     Filed in support of this motion are the following:

        A.     Declaration of Roger Ng, M.D.; and

B.    Memorandum of Reasons to Quash Subpoena.

**WHEREFORE**, for these reasons set forth in the supporting papers, including the Objections as filed, the Witness requests that the Court quash the Subpoena.

DATED:     Buffalo, New York
           July 26, 2013

                         Respectfully submitted,

                         PHILLIPS LYTLE LLP

                         _____/s/ Alan J. Bozer_____
                         Alan J. Bozer, Admitted Pro Hac Vice
                         Joanna J. Chen, Admitted Pro Hac Vice
                         Attorneys for Witness
                         3400 HSBC Center
                         Buffalo, New York 14203
                         Telephone No. (716) 847-8400

                   _____

**CERTIFICATION PURSUANT TO LOCAL RULES 7.1(a)(2) and 37.1(b)**

I, Alan J. Bozer, hereby certify that on July 16, 2013, I conferred with counsel for the Plaintiffs Steering Committee (PSC), Patrick Fennell, and attempted in good faith to resolve or narrow the issues raised by this motion. Some issues were resolved, some were not. The matters remaining in dispute are set forth above and in the accompanying Memoranda.

The provisions of Local Rule 37.1 have been complied with.

                         _____/s/ Alan J. Bozer_____
                                 Alan J. Bozer

Doc #01-2684979.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

IN RE: NEW ENGLAND COMPOUNDING            MDL No.  1:13-md-02419
PHARMACY, INC. PRODUCTS LIABILITY
LITIGATION                                Hon.  F. Dennis Saylor, IV

---

THIS DOCUMENT RELATES TO:

All Actions

---

## MEMORANDUM OF REASONS
## TO QUASH SUBPOENA *DUCES TECUM* BY
## NON-PARTY ROCHESTER BRAIN & SPINE PAIN MANAGEMENT LLC

Alan J. Bozer, admitted pro hac vice
Joanna J. Chen, admitted pro hac vice
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203
(716) 847-7400
Attorneys for Defendant.
Rochester Brain & Spine Pain
Management LLC

## TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................... ii

PRELIMINARY STATEMENT......................................... 1

    I)    Discovery Conference ................................. 1

    II)   The following discovery matters and requests raise
          issues to be decided by this Court. .................. 2

          Enforceability of subpoena:........................... 2

          Objections to Particular Requests..................... 3

CONCLUSION.................................................... 6

## TABLE OF AUTHORITIES

CASES

Agran v. City of N.Y.,
    1997 WL 107452 (S.D.N.Y. 1997) ...............................2

Bristol Heights Associates, LLC v. Chicago Title Ins. Co.,
    2013 WL 1342288 (D. Conn. 2013) ..............................3

Desiano v. Warner-Lambert & Co.,
    467 F.3d 85 (2d Cir. 2006) ...................................4

Khachikian v. BASF Corp.,
    1994 WL 86702 (N.D.N.Y. 1994) ...............................2

King v. Crown Plastering Corp.,
    1997 WL 34915 (E.D.N.Y. 1997) ...............................2


STATUTES

N.Y. Civil Practice Law § 4504...................................4


OTHER AUTHORITIES

9 Wright & Miller Federal Practice & Procedure, § 2461
    (1971) ......................................................2

Fed. R. Civ. Proc. Rule 4........................................2

Fed. R. Civ. Proc. Rule 45....................................1, 6

Local Rule 37.1(b)...............................................1

## PRELIMINARY STATEMENT

Rochester Brain & Spine Pain Management Clinic LLC (the "Witness") is a not a party in this case.  The Witness has filed Objections (Document 314) to a subpoena requiring it to produce a witness and a broad range of documents.  The Witness now moves to quash the subpoena.

The Subpoena should be quashed because, among other things, it requires the production of privileged matter in violation of Rule 45(c)(3)(A)(iii) of the Fed. R. Civ. Proc. (FRCP), and because it is not enforceable in any event.

## I)   Discovery Conference

The Witness states the following pursuant to Local Rule 37.1(b):

(1)   A discovery conference was held.

(2)   The discovery conference was held on July 16, 2013.

The parties participated in the conference by telephone, each from his own office.  The conference lasted approximately 20 minutes.

Representing the Witness Alan J. Bozer and Joanna J. Chen.

Representing the PSC:  Patrick Fennell.

The matters on which parties reached agreement are set forth below, together with the issues remaining to be decided by the Court.

(3)   The nature of the current controversy has to do with a

subpoena issued in error out of this district, that

was not served pursuant to the law of the issuing/

transferor district, that was unaccompanied by the

necessary fee resulting in a conceded "defect," and

that required the production of a representative of

the Witness for deposition together with the

production of documents.


## II)   The following discovery matters and requests raise issues to be decided by this Court.

The Subpoena was issuable in the Western District of New

York.   Consequently, the law as interpreted in the Second

Circuit governs the enforceability of the Subpoena.


Enforceability of subpoena:

Service of the Subpoena  was not made personally.   Contrary

to the PSC Response, the "weight of authority is that a subpoena

*duces tecum* must be served personally" in the Second Circuit.

See Khachikian v. BASF Corp., 1994 WL 86702 *1 (N.D.N.Y. 1994)

(requiring service under FRCP 4), citing 9 Wright & Miller

Federal Practice & Procedure, § 2461 (1971); Agran v. City of

N.Y., 1997 WL 107452, *1 (S.D.N.Y. 1997) (same); but see King v.

Crown Plastering Corp., 1997 WL 34915 (E.D.N.Y. 1997) (service

by any means reasonably calculated to insure actual receipt is acceptable).

Enforceability is not assisted by the PSC's concession that its failure to tender the required fee is a "defect," PSC Response p. 17 (though it claims it intends at some point to "cure" the defect). Bristol Heights Associates, LLC v. Chicago Title Ins. Co., 2013 WL 1342288, *3 (D. Conn. 2013) ("without a fee, [the subpoenas] are invalid and unenforceable").

Objections to Particular Requests

In the event the subpoena is not quashed in its entirety, then the following discovery matter raise issues to be decided by the Court.   The enumerated paragraphs correspond to those listed under "Exhibit B to Subpoena."

Request No.s 1, 2, 3 and 4 concern products involved in commerce between the Witness and NECP.

**Moving party's position**: The Witness accepts the accommodations set forth on pp. 5 - 6 of the PSC Response limiting the information to be produced.   The Witness agrees to produce the information provided that it will redact any information that identifies its patients.

Request No. 5 has been withdrawn.  See PSC Response, p. 6.

<u>Request No. 6</u>   requires the identification of patients who received particular medical treatment.

**Moving party's position**: New York vigilantly protects it citizens from disclosure of the requested health care information. <u>See</u> section 4504 of the N.Y. Civil Practice Law and Rules.

> It has long fallen within the province of states
> to safeguard the health and safety of their
> citizens. Consonant with the "historic primacy of
> state regulation" of these matters, the power of
> states to govern in this field is considerable
> and undisputed. Historically, common law
> liability has formed the bedrock of state
> regulation, and common law tort claims have been
> described as "a critical component of the States'
> traditional ability to protect the health and
> safety of their citizens.

<u>Desiano v. Warner-Lambert & Co.</u>, 467 F.3d 85, 86 (2d Cir. 2006) (citations omitted).

The Witness opposes the release of such information as it would violate the law and its fiduciary duty to its patients.  This issue is addressed at length in the Supplemental Memorandum being filed today by the Witness. Further, the issue of notification for purposes of the Bankruptcy Proceeding claim bar date may be resolved by having the Witness certify that it has served the appropriate notice on its affected patients.

Request No.s 7, 8, 9 and 10:  This item requests information concerning communications by the Witness with NECP.

**Moving party's position**: The information can be produced, but information identifying patients who receive particular medical treatment shall be redacted.  The Witness accepts the limitation conceded by the PSC.  PSC Response, p. 6.

Request 11:  Withdrawn by the PSC.  PSC Response, p. 6.

Request 16, 17 and 18:  Seeks documents concerning investigations or inquiries by the Witness.

**Moving party's position**: The Witness is not a party to this proceeding.  Accordingly, its own internal investigations and inquiries concerning NECP are not relevant to this case.

Requests 19, 20 and 21:  Withdrawn by the PSC.  PSC Response, p. 6.

## CONCLUSION

The Subpoena should be quashed under Rule 45(c)(3) because it seeks information protected as privileged under New York law.

Respectfully submitted,

Rochester Brain & Spine Pain Management LLC
 by their counsel,

/s/ Alan J. Bozer
Alan J. Bozer, admitted *pro hac vice*
Joanna J. Chen, admitted *pro hac vice*
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203
(716) 847-7400

Dated: July 26, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Alan J. Bozer
Alan J. Bozer

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV |

---

## OBJECTIONS TO SUBPOENA

To:   Patrick T. Fennell (VSB 40393)
      Crandall & Katt
      366 Elm Avenue, S.W.
      Roanoke, Virginia 24016
      pfennell@crandalllaw.com
      (540) 342-2000

**PLEASE TAKE NOTICE**: Non-Party Rochester Brain and Spine Neurosurgery & Pain Management, LLC ("the Clinic"), by and through its undersigned counsel, objects to the attached subpoena *duces tecum* issued by counsel for the Plaintiffs' Steering Committee ("Plaintiffs") calling for testimony and the production of documents.

## GENERAL OBJECTIONS

The Clinic objects to the subpoena in its entirety, including the instructions, definitions, and documents requested, for the following reasons:

1.   The subpoena does not comply with the Order of the Court filed June 21, 2013 (Document 192).

2.   Service of the subpoena was improper, Fed. R. Civ. P. 45(b)(1), and the Court therefore lacks jurisdiction over the Clinic.

3.   The subpoena fails to allow a reasonable time for compliance.  Rule 45(c)(3)(A)(i).  The Clinic is investigating coverage for the claims asserted, but the return date provides insufficient time to the Clinic to complete its review.

4.   The subpoena improperly designates the Clinic's own office as the location at which the subpoena is returnable.

5.   The subpoena fails to tender fees and mileage for the Clinic's representative.  Fed. R. Civ. P. 45(b)(1).

6.    The Clinic is entitled to reasonable costs incurred in
      complying with the subpoena, including without
      limitation retrieval and copying costs, because the
      subpoena imposes undue expense upon the Clinic,
      *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y.
      2003), especially in light of repeated requests for
      electronically stored information.

7.    The requested information is not vital to the
      underlying litigation and/or can be obtained from
      other sources.

8.    Even if disclosure of any of the items requested is
      warranted, the requests are not narrowly tailored.

9.    The subpoena exceeds the bounds of proper discovery
      from a non-party.

## SPECIFIC OBJECTIONS

10.   The issuing party has failed to take reasonable steps
      to avoid imposing undue burden and expense upon the
      Clinic.  Fed. R. Civ. P. 45(c)(1).  For example, and
      without limitation:

            Item 10 requests "all documents . . . containing
            information obtained by, or sent to, [the Clinic]
            . . . from the Centers for Disease Control and
            Prevention, the Federal Food and Drug
            Administration, and/or any other Federal, state
            or local regulatory agency" concerning the
            fitness of NECP products;

            Item 11 requests "all documents . . . containing
            communications between [the Clinic] and any
            federal or state agency . . . in connection with
            the procurement of products from any compounding
            pharmacy;" and

            Item 17 requests "any and all polices of
            insurance . . . issued to [the Clinic], and/or
            its principal officers and directors and/or any
            physician working for [the Clinic]."

11.   The subpoena purports to require the disclosure of
      privileged, commercially sensitive, confidential, or
      proprietary information, including without limitation
      matter protected under the Health Insurance

-2-

Portability and Accountability Act of 1996, and no
exception or waiver applies. Fed. R. Civ. P.
45(c)(3)(A)(iii).   For example, and without
limitation:

> Item 6 requests "the identification of each and
> every patient that was administered an NECP
> product . . . including patient name, address,
> date of birth, identification of product
> administered, and date product was administered;"
> and
>
> Items 3, 4, and 5 request "prescriptions
> submitted to NECP, prescription order forms,
> [and] NECP charges" for cardioplegic solution,
> ophthalmic solution, and preservative-free saline
> solution, respectively.

12.   The subpoena, including its instructions, definitions,
and documents requested, is overly broad and unduly
burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iv).   For
example, and without limitation:

> Item 2 requests "[a]ny and all" documents related
> "in any way" to the procurement of
> methylprednisolone acetate ("MPA") from companies
> other than New England Compounding Pharmacy, Inc.
> ("NECP"), a task that would cause excessive
> searching through the Clinic's files.

13.   The subpoena seeks materials that are neither relevant
to the subject matter of the parties' dispute nor
reasonably calculated to lead to the discovery of
admissible evidence.   For example, and without
limitation:

> Item 17 requires the insurance policies for the
> Clinic's officers and directors;
>
> Item 18 requests "[a]ny and all" documents
> "reflecting or containing the names, addresses
> and positions . . . within the [Clinic] of all
> officers and directors";
>
> Item 20 requests "[a]ny and all documents showing
> the entities or individuals with an ownership
> interest in the [Clinic];" and
>
> Item 21 requests "[a]ny and all organizational
> charts . . . and/or any documents listing

- 3 -

directors, officers, employees, and/or agents of the [Clinic]."

See Fein v. Numex Corp., 92 F.R.D. 94, 96 (S.D.N.Y. 1981) ("Even though a nonparty may be unconcerned with the outcome of a litigation, it may legitimately oppose even slight burden upon itself where the discovery sought is irrelevant.")

14. The Clinic further objects to each of the document requests to the extent they are unreasonably cumulative or duplicative; request documents or things obtainable from some other source that is more convenient, less expensive or less burdensome, or that Plaintiffs have had an opportunity to seek from another source; or where the burden or expense to the Clinic of the proposed discovery outweighs its likely benefit to Plaintiffs.

15. Even if any production is warranted, no production should occur before entry of a confidentiality order sufficient to protect the interests of the Clinic and its patients and to ensure compliance with law.

The foregoing is not exhaustive and is intended to serve as the basis for good faith attempts to resolve this matter.  By agreement, the issuing party and the Clinic through their respective counsel will meet and confer in an attempt to resolve this matter.  Issuing counsel has indicated that he will provide revisions to counsel for the Clinic.  The issuing party and the Clinic further agree to adjourn any hearing on this matter until after their respective counsel have met and conferred.

Dated:     Buffalo, New York
           July 16, 2013


                         Respectfully submitted,


                         PHILLIPS LYTLE LLP


                         By:____s/Joanna J. Chen_____
                              Alan J. Bozer
                              Joanna J. Chen
                         One HSBC Center, Suite 3400
                         Buffalo, New York  14203-2887
                         Telephone No. (716) 847-8400
                         abozer@phillipslytle.com

                         Attorneys for the Clinic

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **OBJECTIONS TO DOCUMENT SUBPOENA**, was served by electronic delivery to the issuing attorney of record whose address and contact information is as follows:

> Patrick T. Fennell (VSB 40393)
> Crandall & Katt
> 366 Elm Avenue, S.W.
> Roanoke, Virginia 24016
> pfennell@crandalllaw.com
> (540) 342-2000

on this 16th day of July, 2013.

> ___s/Joanna J. Chen___
> Alan J. Bozer
> Joanna J. Chen
> One HSBC Center, Suite 3400
> Buffalo, New York  14203-2887
> Telephone No. (716) 847-8400
> abozer@phillipslytle.com

Doc #01-2681501.2

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL 1:13-md-02419

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Rochester Brain & Spine Neurosurgery & Pain Managemet

was received by me on *(date)*      06/21/2013      .

☑ I served the subpoena by delivering a copy to the named individual as follows:  FedEx Overnight Delivery to

Seth M. Zeidman, M.D., Registered Agent, 400 Red Creek Drive, Suite 120, Rochester, New York 14623

_____ on *(date)*   06/21/2013   ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  _____07/12/2013_____          _____
                                                              *Server's signature*

                                                      Patrick T. Fennell, Esq.
                                                      _____
                                                          *Printed name and title*
                                                  The Law Offices of Crandall & Katt
                                                      366 Elm Avenue, S.W.
                                                      Roanoke, Virginia 24016

                                                      _____
                                                          *Server's address*

Additional information regarding attempted service, etc: