T 617.482.3700   F 617.482.3003



Kristen Johnson Parker
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com
**Direct (617) 475-1961**
kristenjp@hbsslaw.com

September 27, 2013

<u>**VIA EMAIL**</u>

      Re:    *In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation*
                MDL 2419; C.A. No.: 13-md-2419-FDS

Dear Subpoena Recipient:

      I write on behalf of the Plaintiffs' Steering Committee ("PSC") to all clinics, doctors, and hospitals that received subpoenas from the PSC.

      During the September 25, 2013 status conference on objections to the PSC's subpoenas, some subpoena recipients told the Court that they were not aware that the PSC had agreed to further limit the documents and information sought by its subpoenas. As explained below, the PSC described these accommodations in detail in submissions filed with the Court back in July.[1]

      I now write to ensure that every subpoena recipient is aware of these accommodations. A copy of a revised subpoena exhibit reflecting these modifications is attached.

**Background**

      On June 21, 2013, attorneys acting on behalf of the Plaintiffs' Steering Committee served subpoenas on clinics, doctors, and hospitals identified by the United States Centers for Disease Control and Prevention ("CDC") as having received medication from any of three recalled lots of Methylprednisolone Acetate ("MPA") from New England Compounding Pharmacy, Inc. ("NECC"). A number of subpoenas were served on additional clinics as the PSC became aware of patients who received notice that they had been exposed to contaminated NECC medication by and from clinics that were not among the CDC's Identified Clinics.

      The subpoenas were virtually identical. All contained both a notice of deposition (to take the deposition of a designated Records Custodian) and a demand for production of certain documents identified in an exhibit to the subpoena.[2]

---

[1] 12-md-2419, ECF #325; ECF # 340 (Minute entry for July 18, 2013 status conference); ECF #352.

[2] Some subpoenas served on clinics in the State of Tennessee contained additional requirements in the request for production of document due to unique circumstances arising from the statutory environment in that state.

September 27, 2013
Page 2

Several subpoena recipients filed objections to, or motions to quash, the subpoenas. Others raised objections informally with plaintiffs' counsel. Many of these objections are now pending before the Honorable Jennifer C. Boal.

In response to these objections, the PSC met and deliberated – both internally and with some subpoena recipients – and agreed to further refine our requests in order to minimize the burden on clinics. The specific changes to the subpoena exhibit were first reflected, in redline, in a revised subpoena exhibit attached to the PSC's July 17, 2013 Consolidated Response to Subpoena Objections as Exhibit B.[3]

In late July, the Honorable Henry J. Boroff – the judge presiding over the NECC bankruptcy – issued an order requiring customers of NECC that received products identified by the CDC as contaminated to produce a list of persons who were administered MPA from the three contaminated lots to the Trustee, the Creditors' Committee, and the Plaintiffs' Steering Committee by August 16, 2013.[4] On July 26, 2013, in response to Judge Boroff's preliminary ruling from the bench, the PSC advised Judge Saylor that we would not try to enforce the specific subpoena requests that sought the same information Judge Boroff had already ordered be produced.[5]

On August 3, 2013, the PSC wrote to subpoena objectors to inform them about Judge Boroff's order, Judge Saylor's order, and the PSC's position.

**The Revised Exhibit**

The PSC agreed to make three accommodations:

(i)     Reduce the production of documents required pursuant to the subpoenas, including narrowing time periods and restricting certain requests to products that the CDC identified as contaminated;[6]

(ii)    Forego the noticed "Records Custodian" depositions (except for unique circumstances); and

---

[3] ECF # 325.

[4] 12-19882(bankruptcy), ECF # 412.

[5] On August 1, 2013, Judge Saylor issued an order granting subpoena recipients' motions to quash to the extent that a subpoena seeks to obtain patient medical records or other patient information as to individuals who are not parties to any action presently pending in the MDL court for the purpose of providing notice to possible claimants in the bankruptcy court.

[6] http://emergency.cdc.gov/HAN/han00337.asp.

September 27, 2013
Page 3

    (iii)    Extend the deadline for producing documents to August 15, 2013 (then the close of discovery) for those objectors who agreed to produce documents on a rolling basis.

Attached is a revised exhibit to the subpoena you were served with earlier. It reflects these accommodations described in the PSC's July filings, including the withdrawal of the request seeking patient names and contact information. This revised exhibit is identical to the version filed back in July, except that it deletes request #6 and strikes the reference to "triamcinalone" in request #2.[7]

We offer this revision in the spirit of compromise and in response to those concerns and objections raised by clinics. The revised subpoena exhibit deletes and narrows the original requests; it does not add. The PSC therefore does not intend to re-serve subpoenas on the more than 80 recipients. Our sincere hope is that this revised exhibit will resolve objections related to burden, scope, and patient privilege/privacy.

**Next steps**

You will be hearing from counsel tasked to follow up on outstanding subpoenas soon. But please do not hesitate to contact me or Lead Counsel Tom Sobol (tom@hbsslaw.com, 617-482-3700) directly with any questions or concerns. We are also happy to discuss the logistics of producing documents to our designated vendor.

Thanks very much.

Sincerely,

/s/ **Kristen Johnson Parker**
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP

*On Behalf of the Plaintiffs' Steering Committee*

Cc:    The Honorable Jennifer C. Boal

---

[7] Though the PSC does not expect to do so, we reserve the right to subpoena documents relating to triamcinolone if later developments in this litigation prove such discovery warranted.