UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| | ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| All Actions | ) | |

**(1) DONALD JONES, M.D., (2) SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC, (3) SPECIALTY SURGERY CENTER, CROSSVILLE, PLLC, (4) THE NEUROSURGICAL GROUP OF CHATTANOOGA D/B/A CHATTANOOGA NEUROSURGERY AND SPINE, AND (5) HOWELL ALLEN CLINIC, A Professional Corporation's, RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S CHART OF SUBPOENA OBJECTIONS**

Come Donald Jones, M.D., Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), Specialty Surgery Center, Crossville, PLLC ("SSC"), the Neurosurgical Group of Chattanooga d/b/a Chattanooga Neurosurgery and Spine ("CNS"), and Howell Allen Clinic, A Professional Corporation ("Howell Allen") (collectively "Tennessee Health Care Providers"), and file this Response to Plaintiffs' Steering Committee's ("PSC") Chart of Subpoena Objections.[1]

PSC's chart fails to account for (1) case developments following the initial service of subpoenas upon Tennessee Health Care Providers and (2) differences in what law controls.[2]

### Background

The relevant procedural history is as follows:

| | |
|---|---|
| June 17, 2013 | PSC served Rule 45 non-party subpoenas on Tennessee Health Care Providers. |
| July 1, 2013 | Tennessee Health Care Providers filed objections to the June 17, 2013, subpoenas.[3] |

---

[1] Dkt. 514.
[2] *E.g.*, Rule 45 subpoenas served upon Tennessee Health Care Providers are controlled by Sixth Circuit precedent. Rule 45 subpoenas served upon Illinois health care providers are controlled by Seventh Circuit precedent.
[3] Dkts. 218-222.

| July 8, 2013 | PSC, through local counsel, amended the June 17, 2013, subpoenas. |
| July 16, 2013 | Tennessee Health Care Providers filed objections and motions to quash the July 8, 2013, amended subpoenas.[4] Those objections and motions to quash provide Tennessee Health Care Providers' full objections to the subpoenas. |
| July 17, 2013 | PSC filed another amended version of the subpoenas.[5] The July 17, 2013, subpoena was not served on Tennessee Health Care Providers. |
| August 7, 2013 | STOPNC and Howell Allen became parties to the MDL.[6] |
| Sept. 27, 2013 | PSC sent counsel, via email, amended Rule 45 subpoenas directed to STOPNC, SSC, CNS, and Dr. Jones.[7] |
| | Also on September 27, 2013, counsel for Tennessee Health Care Providers sent an email to PSC's Tennessee counsel requesting PSC clarify which subpoena PSC was seeking to enforce against Tennessee Health Care Providers.[8] PSC has not responded. |
| October 1, 2013 | SSC became a party to the MDL.[9] [10] |
| October 9, 2013 | PSC served interrogatories, requests for production, and requests for admissions upon STOPNC and Howell Allen.[11] |
| October 16, 2013 | PSC served interrogatories, requests for production, and requests for admissions upon SSC.[12] |

---

[4] Dkts. 304-308.

[5] Dkt. 325 Ex. C.

[6] Transfer Order, *Bland et al. v. Ameridose et al.*, Civil Action No. 13-11881-FDS (D. Mass. Aug. 7, 2013) (Dkt. 10).

[7] Also on September 27, 2013, PSC sent counsel amended subpoenas for Saint Thomas Health, Saint Thomas Network, and PCA Pain Care Center, Oak Ridge. In a letter to Kristen Johnson Parker dated October 1, 2013, counsel explained that counsel does not represent Saint Thomas Health, Saint Thomas Network, or PCA Pain Care Center, Oak Ridge. The October 1, 2013, letter also stated that the PSC did not provide counsel with an amended subpoena for Howell Allen. Counsel still has not received an amended subpoena addressed to Howell Allen.

[8] Attached as **Exhibit A**.

[9] Dkt. 511.

[10] Dr. Jones and CNS are not parties to the MDL. However, Dr. Jones is a named party to a fungal meningitis lawsuit in Tennessee state court.

[11] STOPNC received 25 interrogatories, 59 requests for production, and 128 requests for admission. Howell Allen received 27 interrogatories, 63 requests for production, and 128 requests for admission. Many of the requests and interrogatories include numerous subparts.

[12] SSC received 24 interrogatories, 57 requests for production, and 70 requests for admission. Many of the requests and interrogatories include numerous subparts.

## Law and Argument

### I. PSC's Use of Rule 45 Subpoenas to Seek Discovery from Parties is Improper

It is improper for PSC to continue to seek enforcement of Rule 45 subpoenas against parties.

Since PSC served their original Rule 45 subpoenas on June 17, 2013, STOPNC, Howell Allen, and SSC have become parties to the MDL, and PSC has served written discovery upon Howell Allen, STOPNC, and SSC. In addition to PSC's written discovery requests, PSC still wishes to have their Rule 45 subpoenas enforced.

It is settled in the District of Massachusetts that the use of Rule 45 subpoenas for the purpose of seeking the production of documents from *parties* is improper.[13]

Counsel has requested PSC withdraw the Rule 45 subpoenas, and PSC has refused. Therefore, STOPNC, Howell Allen, and SSC request the Court quash PSC's Rule 45 subpoenas.

### II. PSC's Chart Fails to Account for Different Controlling Precedents

PSC's chart gives the improper impression that all of PSC's subpoenas are controlled by the same law.

While the Massachusetts District Court's case law regarding Rule 45 subpoenas is similar to the Middle and Eastern Districts of Tennessee's,[14] pursuant to the Sixth Circuit's holding in *Pogue*, when an MDL court enforces Rule 45 subpoenas, the court sits as the district court where the deponent resides.[15] Because the MDL judge is acting as a judge of the

---

[13] *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000); *See Stokes v. Xerox Corporation*, Civil Action No. 05-CV-71683-DT (E.D. Mich. Oct. 5, 2006) ("[T]he Court finds that the majority view is that a party should not be permitted to circumvent the requirements and protections of Rule 34 by proceeding under Rule 45 for the production of documents belonging to a party.").

[14] *See LSI Corp. v. Vizio, Inc.*, No. 12-mc-91068-DJC (D. Mass. May 24, 2012) (Dkt. 17) (unpublished order); *Stratienko v. Hamilton County Hosp. Auth.*, 2008 WL 4442492 at *6 (E.D. Tenn. Sept. 25, 2008) (unpublished order); *Topolewski v. Quorum Health Res., LLC,* 2013 WL 99843 at *3 (M.D. Tenn. Jan. 8, 2013) (unpublished order) (slip copy).

[15] *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.,* 444 F.3d 462, 468 (6th Cir. 2006).

deponent's district court, appeal is to the circuit court of the deponent's district.[16] Therefore, in ruling on PSC's numerous Rule 45 subpoenas, the Court will sit as various district courts and be bound by the precedent of different circuit courts, depending on where the deponent resides.[17]

**Conclusion**

For the reasons stated herein, STOPNC, Howell Allen, and SSC request PSC's Rule 45 subpoenas be quashed as they improperly seek information and documents from parties. In addition, the PSC's chart does not account for differences in binding precedents, depending on where a deponent resides.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**Chris J. Tardio, #23924**
Suite 1100
315 Deaderick Street
Nashville, TN 37238
(615) 254-0400

***Attorney for STOPNC, Howell Allen, CNS, SSC, and Dr. Jones***

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be served via electronic mail or regular U.S. mail to those participants identified as unregistered this 23rd day of October, 2013.

/s/ Chris J. Tardio
**Chris J. Tardio**

---

[16] *Id.* at 469.
[17] In regard to the subpoenas issued to STOPNC, Howell Allen, and SSC, the Court sits as the United States District Court for the Middle District of Tennessee and is bound by the precedent of the Sixth Circuit Court of Appeals. For the Rule 45 subpoenas issued to Dr. Jones and CNS, the Court sits as the United States District Court for the Eastern District of Tennessee and is likewise bound by the precedent of the Sixth Circuit Court of Appeals.