UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. No. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**The Plaintiffs' Steering Committee's Memorandum in Support of Its Motion to Partially Lift Discovery Stay**

Plaintiffs, through the Plaintiffs' Steering Committee ("PSC"), respectfully request that this Court partially lift the discovery stay to permit the discovery of those defendants directly or indirectly affiliated with NECP (the "Affiliated Defendants") who may have some responsibility for the tort Plaintiffs' injuries. The Affiliated defendants include: Ameridose, LLC, Medical Sales Management, Inc., Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chin, GDC Properties Management, LLC, and Medical Sales Management SW, Inc.

The Affiliated Defendants have all been named in numerous lawsuits that are currently pending in this Court. *See, e.g. Erkan v. New England Compounding Pharmacy, Inc., et al.*, No. 1:12-cv-12052-FDS (Nov. 2, 2012); *Parman v. Ameridose, LLC, et al.,* No. 1:13-cv-12433-FDS (Oct. 2, 2013).

At the September 12, 2013, status conference, the PSC advised the Court that it would move to lift the stay of discovery as to the Affiliated Defendants if mediation talks did not yield sufficient progress toward resolution. Now, after another month of talks, there are still no resolutions in place with any of the Affiliated Defendants, and so it is time to move forward with the real work of this MDL – efficiently developing facts and the legal claims and defenses of current and prospective parties to achieve the just adjudication of claims – and the necessary first step is to begin coordinated discovery of the Affiliated Defendants.

I.     **PROCEDURAL HISOTRY**

On November 2, 2012, the first civil action alleging injuries caused by NECP was filed in the District of Massachusetts. Other actions soon followed. On December 21, 2012, NECP filed for bankruptcy. The bankruptcy filing triggered an automatic stay of actions against NECP or property of its estate.

On February 12, 2013, the Judicial Panel on Multidistrict Litigation created an MDL and transferred all actions pending in federal court against NECP to this district for coordinated pretrial proceedings before this Court.

All discovery in all MDL actions has been functionally stayed since December 2012. The Court formalized and extended the stay of discovery during subsequent status conferences.

Settlement negotiations between the PSC, the Trustee, the Official Creditors' Committee, and various defendants, including the Affiliated Defendants, began in April 2013, after the Bankruptcy Court entered an order establishing an agreed-

upon protocol for such negotiations. *See* Dkt. No. 99, *In re New England Compounding Pharmacy, Inc.*, Adv. Pro. No. 13-01040-HJB (Apr. 23, 2013).

At the September 12, 2013, status conference, the Court inquired about the PSC's expectations for the discovery of the Affiliated Defendants. Tr. 19:3-19:6. The PSC told the Court that the PSC would move to lift the stay of discovery against the Affiliated Defendants if the PSC was not satisfied with the progress of the settlement talks by the time of the October status conference. Tr. 19:13-19:25.

Over the past month, the PSC and the Affiliated Defendants have continued to negotiate, and, while progress was made on some fronts, no resolution has been reached with any of the Affiliated Defendants. The PSC believes the time has come for the litigation to move forward, beginning with the discovery of the Affiliated Defendants.

## II. ARGUMENT

This litigation is nearing its one-year anniversary; resolution has not been reached through informal settlement talks; so now it is time to begin the real work of advancing the claims against these Affiliated Defendants, developing a factual record regarding their respective liability for the Plaintiffs' injuries, and ultimately resolving this litigation. The necessary and appropriate first step is to permit discovery of the Affiliated Defendants. There is no reason to continue to stay it.

### A. Discovery stays are disfavored.

The First Circuit has cautioned that a stay cannot be cavalierly dispensed: there must be good cause for its issuance; it must be reasonable in duration; and the Court must ensure that competing equities are weighed and balanced. *See Marquis*

*v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1155 (1st Cir. 1992). It is well-settled that staying discovery is "disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future." *See, e.g., O'Neal v. NCO Fin. Sys., Inc.*, Case No. 06cv16, 2006 U.S. Dist. LEXIS 83505, *5 (S.D. Cal. Nov. 16, 2006) (citing *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997).

Stays should only be granted when a party seeking the stay meets the "heavy burden of making a 'strong showing' why discovery should be denied… [by showing] a particular or specific need for the stay, as opposed to making stereotyped or conclusory statements," *Skellerup v. City of L.A.*, 163 F.R.D. 598, 600 (C.D. Cal. 1995), and where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Qwest Commc'ns Corp. v. Herakles, LLC*, No. 2:07-cv-00393, 2007 U.S. Dist. LEXIS 57757 (E.D. Cal. Aug. 8, 2007).

**B.    It is Appropriate to Permit Coordinated Discovery of the Affiliated Defendants Now.**

The PSC seeks leave to conduct efficient, coordinated discovery of the Affiliated Defendants. Regardless of how the claims against NECP itself may resolve, many of the parties to this action still need information concerning the respective liability of the various Affiliated Defendants. This coordinated discovery will aid the evaluation of the claims against the Affiliated Defendants and will help the PSC in drafting a master complaint.

The PSC will coordinate with those other parties to ensure that this discovery is efficient and streamlined and to avoid duplicative paper discovery and

depositions.  For example, the PSC intends to serve a master set of requests on the Affiliated Defendants and will collect the documents produced into a single document repository where all parties can have access to them.

Allowing this coordinated discovery to proceed at this time would serve the interests of efficiency and judicial economy while moving the litigation forward towards resolution.

### III.     CONCLUSION

Accordingly, based on the above, the PSC respectfully requests that the Court lift the discovery stay for the limited purpose of allowing Plaintiffs to obtain discovery from the Affiliated Defendants.

Dated:  October 28, 2013                              Respectfully submitted,


                                                      */s/ Kristen Johnson Parker*
                                                      Thomas M. Sobol
                                                      Kristen Johnson Parker
                                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                                      55 Cambridge Parkway, Suite 301
                                                      Cambridge, MA 02142
                                                      Phone: (617) 482-3700
                                                      Fax: (617) 482-3003
                                                      tom@hbsslaw.com
                                                      kristenjp@hbsslaw.com

                                                      *Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone: (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*