UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) MDL No. 1:13-md-2419-FDS |
| This Document Relates to:  All Cases | ) ) ) ) |

**JOINT PROPOSAL TO APPOINT RESOLUTIONS, LLC AS
MEDIATOR IN THE MEDIATION PROGRAM**

The Plaintiffs' Steering Committee appointed in this case (the "PSC"), the Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC" or the "Debtor"), and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case (the "Official Committee", and together with the PSC and the Trustee, the "Consenting Mediation Participants"),[1] by and through their undersigned counsel, hereby jointly propose that this Court appoint Resolutions, LLC ("Resolutions"), headed by Eric Green, Esq., as mediator pursuant to this Court's Mediation Order (as defined herein) (this "Proposal"). In support of this Proposal, the Consenting Mediation Participants respectfully state as follows:

---

[1] At this time, the following Unaffiliated Non-Debtor Defendants have elected to participate in the Mediation Program (each as defined herein): Carlos Jassir, M.D., Pain Management Center of West Orange, ARL BioPharma, Inc. d/b/a Analytical Research Laboratories ("ARL BioPharma"), Victory Mechanical Services, Inc., Victory Heating & Air Conditioning Co., Inc., Orlando Center for Outpatient Surgery, LP, and South Bend Clinic.

The Unaffiliated Non-Debtor Defendants that have assented to this Proposal are: Carlos Jassir, M.D., Pain Management Center of West Orange, Orlando Center for Outpatient Surgery, LP, and ARL BioPharma. Victory Mechanical Services and Victory Heating & Air Conditioning have been involved in the selection process, and have, subject to final confirmation by their counsel, agreed to the appointment of Resolutions, LLC.

Counsel for South Bend Clinic advised the Official Committee today that the clinic will be withdrawing from the mediation process since, according to the clinic's counsel, no plaintiff lawsuits have been filed against it relating to NECC or NECC's products. Except as provided herein, nothing in this Proposal is intended to affect the parties' rights under the Mediation Order, including any party's right to withdraw from mediation.

1.      These proceedings involve claims for wrongful death and personal injury arising principally out of the administration of defective products sold by NECC, including an injectable steroid, methylprednisolone acetate ("MPA").  The complaints allege, in substance, that, *inter alia*, NECC produced contaminated MPA that led to serious fungal infections and, in some instances, death.

2.      On August 15, 2013, this Court entered the *Order on Mediation Program* [Dkt. No. 394] (the "Mediation Order").  The Mediation Order established a program (the "Mediation Program") pursuant to which the parties to the program would attempt to resolve the claims of those parties  (1) who are non-debtors and who are not NECC-affiliated defendants, as defined by MDL Order No. 6; (2) who have or may have claims asserted against them as defendants by personal-injury and wrongful-death plaintiffs that arise out of or relate to NECC products; and (3) who, as a result of claims or potential claims against them, have or may have indemnification, contribution, reimbursement or other claims against the NECC estate (the "Unaffiliated Non-Debtor Defendants").  See Mediation Order at 1.

3.      Pursuant to the Mediation Order, the participants in the Mediation Program were to submit a joint proposal to this Court for a mediator no later than October 7, 2013.  See Mediation Order at 4.  Upon a joint motion by the Trustee, the Official Committee, and the PSC, see Dkt. No. 502, this Court extended the deadline to submit that proposal to October 28, 2013.

4.      Since this Court entered the Mediation Order, the Consenting Mediation Participants have engaged in fruitful discussions between and among themselves, and the Trustee, the Official Committee, and the PSC continue to engage in good faith discussions with Unaffiliated Non-Debtor Defendants (in addition to those who have elected to participate in the

Mediation Program) that have indicated a desire to participate in mediation. Together, the Consenting Mediation Participants have agreed to utilize Resolutions as their proposed mediator.

5. The Consenting Mediation Participants believe Resolutions is well-suited to act as mediator under the Mediation Program. Resolutions is a leading, nationally-known provider of mediation, arbitration, and other alternative dispute resolution services for complex, legally-intensive disputes. Founded in 1997 by nationally-recognized mediator Professor Eric D. Green and mediator and attorney Carmin C. Reiss, and headquartered in Boston, Massachusetts, Resolutions has helped to resolve thousands of difficult contract, construction, environmental, securities, anti-trust, intellectual property, international, employment, mass-tort, class-action and other cases requiring a high level of legal, dispute resolution, and interpersonal expertise.

6. Resolutions' specific relevant experience includes settlement of multiple multi-party and class action cases involving alleged exposure to toxic products and environmental releases or other mass torts, including manufacturing fumes and chemicals, mercury, and asbestos. Attached hereto as Exhibit A are profiles of Resolutions' mediators' extensive experience in mass tort cases. As a result of its extensive experience in this area, and its Boston base, Resolutions is uniquely qualified to evaluate and aid in resolving the claims arising out of or relating to tainted NECC products.

7. The Consenting Mediation Participants propose that Professor Green and Ms. Reiss will act as the primary mediators under the Mediation Order on behalf of Resolutions, and it has been agreed that Ms. Reiss will be conducting the mediations with respect to ARL BioPharma, Victory Mechanical Services, and Victory Heating & Air Conditioning. The Consenting Mediation Participants further propose that Resolutions may, with the input and agreement of the relevant mediating parties, make use of other mediators affiliated with

Resolutions, including the Honorable Nancy Gertner (Ret.), formerly of this District Court, and the Honorable Hiller B. Zobel (Ret.), who served as an Associate Justice of the Massachusetts Superior Court for more than 26 years.  Attached hereto as <u>Exhibit B</u> are the curricula vitae of Professor Green, Ms. Reiss, and Judges Gertner and Zobel.

8. In light of the tragic circumstances of these proceedings, the limited resources of NECC's estate, and the significant public interest in ensuring the success of the Mediation Program, Resolutions has agreed to discount the daily fees and hourly rates of its mediators, as reflected in the Rate Schedule attached hereto as <u>Exhibit C</u>.  Professor Green has agreed to discount his hourly rate for study and preparation by 10% for mediations where he is called to mediate to $720 per hour, and has he agreed to discount (i) his Boston daily rate for in-person mediation meetings by 10% from $10,000 to $9,000, and (ii) his out of town daily rate for in-person mediation meetings from $12,500 to $10,000.  In addition, where appropriate, and with the consent of the mediating parties, Resolutions will deploy Ms. Riess and/or Judges Gertner and Zobel as mediators.  Ms. Riess and Judge Zobel have agreed to participate in the Mediation Program at a discounted $400 hourly rate, which applies for all purposes (they have no daily rates), and Judge Gertner has agreed to participate in the Mediation Program at discounted hourly rate of $500 (for preparation and study) and a discounted daily rate of $5,000 for in-person mediation meetings, representing a significant discount from each of their standard hourly rates.  Plaintiffs' Lead Counsel for the PSC will supervise the billings and payments to Resolutions.

9. Finally, the Consenting Mediation Participants respectfully request that this court extend the deadline by which parties to the mediation must submit a joint proposal for a fee-

sharing structure to **November 15, 2013**.[2]  To date, the Consenting Mediation Participants have been engaged in the selection process and related issues, and believe that additional time may be necessary to finalize a fee-sharing proposal among the Consenting Mediation Participants (possibly with the aid of the chosen mediator).  The Consenting Mediation Participants respectfully submit that a brief extension of this deadline will facilitate the proposal of a thoroughly-vetted and consensual fee-sharing structure and will not result in prejudice to any party.

**WHEREFORE**, the Consenting Mediation Participants respectfully request that this Court enter an order (i) appointing Resolutions as mediator under the Mediation Program pursuant to the Mediation Order, and (ii) extending until November 15, 2013 the date for the parties to the Mediation Program to submit a joint proposal for a fee-sharing structure for the Mediation Program.

*[Remainder of this page intentionally left blank]*

---

[2] The deadline to submit a fee-sharing proposal is currently **November 11, 2013**.

Dated: October 28, 2013
         Boston, Massachusetts

By: /s/ Michael R. Gottfried
Michael R. Gottfried, Esq.
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
(857) 488-4230
mrgottfried@duanemorris.com

*Counsel to Paul D. Moore, Chapter 11 Trustee for New England Compounding Pharmacy, Inc.*

By: /s/ Thomas M. Sobol
Thomas M. Sobol, Esq.
Kristen Johnson Parker, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
(617) 482-3700
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel, for the PSC*

By: /s/ David J. Molton
David J. Molton, Esq.
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

and

Rebecca L. Fordon, Esq.
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
rfordon@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

**CERTIFICATE OF SERVICE**

      I, Carol S. Ennis, hereby certify that on October 28, 2013, I caused a copy of the foregoing Joint Proposal to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.

Dated: October 28, 2013
      New York, New York                              /s/ Carol S. Ennis
                                                           Carol S. Ennis

61538576