**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419 |
| | Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:  All Actions | |

**JOINT EMERGENCY MOTION OF THE CHAPTER 11 TRUSTEE AND THE PLAINTIFFS' STEERING COMMITTEE TO EXTEND THE DEADLINE FOR FILING OF A MASTER COMPLAINT AS RELATED TO AFFILIATED DEFENDANTS AND ENTITIES WHO HAVE AGREED TO MEDIATION AND CONTINUE MOTION <u>REGARDING AFFILIATE DISCOVERY</u>**

The Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of New England Compound Pharmacy, Inc. d/b/ New England Compounding Center ("NECC" or the "Debtor"), and the Plaintiffs' Steering Committee appointed in this case (the "PSC"), by and through their undersigned counsel, hereby move the Court to extend the deadline set in the Court's Further Case Management Order [Dkt. No. 438] (the "Scheduling Order") for filing a Master Complaint and form of Short Form Complaint containing counts against the Affiliated Defendants[1] and entities that have elected to participate in mediation.  The deadline for filing the Master Complaint and Short Form Complaint is currently set for November 5, 2013. Movants request that the deadline for filing a Master Complaint that names the Affiliated Defendants and mediating entities be extended 60 days, until January 5, 2014.

---

[1] Affiliated Defendants include Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chin, Alaunus Pharmaceutical, LLC; Ameridose, LLC, Medical Sales Management, Inc., GDC Properties Management, LLC , and  Medical Sales Management SW, Inc.

The Trustee and PSC are not asking for the deadline to file a Master Complaint and Short form complaint against other, unaffiliated entities be extended.  That deadline will remain November 5, 2013.

If the Court extends the deadline as requested, then the PSC also respectfully moves the Court to continue the hearing on the PSC's pending Motion to Partially Lift Discovery Stay with respect to the Affiliated Defendants, and the deadline for any responses or objections to such motion, for one month.

In support of this Motion, the Movants respectfully state as follows:

1.      Settlement negotiations among the PSC, the Trustee and the Official Committee, and various defendants, including the Affiliated Defendants, began in April 2013 after the Bankruptcy Court entered an order establishing an agreed-upon protocol for such negotiations. *See* Dkt. No. 99, *In re New England Compounding Pharmacy, Inc.,* Adv. Pro. No. 13-01040-HJB (Apr. 23, 2013).  Although no resolution has yet been reached, negotiations are ongoing and Movants believe them to be at an advanced stage.

2.      On August 15, 2013, after various proposals by the Trustee, Official Committee and the PSC, this Court entered an Order on Mediation Program (the "Mediation Order") [Dkt. No. 502].  The Mediation Order established a mediation program seeking to resolve the claims of those parties (1) who are non-debtors and who are not NECC affiliated defendants, as defined by MDL Order No. 6; (2) who have or may have claims asserted against them as defendants by peron— personal injury and wrongful-death plaintiffs that arise out of or relate to NECC products; and (3) who, as a result of claims or potential claims against them, have or may have indemnification, contribution, reimbursement or other claims against the NECC estate. Mediation Order ¶C.

3.      At the September 12, 2013, status conference, the PSC advised the Court that it would move to lift the stay of discovery as to the Affiliated Defendants if mediation talks did not yield sufficient progress toward resolution.

4.      On September 18, 2013 this Court entered the Scheduling Order.  The Scheduling Order provides, *inter alia*, that all fact discovery related to NECC and the Affiliated Defendant is stayed until further order of the Court and that the PSC must file a Master Complaint and form of Short Form Complaint on November 5, 2013.  NECC and the Affiliated Defendants are relieved, until further order of the Court, from filing an answer or other responsive pleading to the Master Complaint, while unaffiliated Defendants are required to file a responsive pleading on December 2, 2013.

5.      On October 28, 2013 the PSC filed a Motion to Partially Lift the Discovery Stay ("PSC's Discovery Motion")[Dkt. No 534] seeking an order lifting the stay of discovery as it relates to the Affiliated Defendants and allowing fact discovery to proceed against the Affiliated Defendants.

6.      Since the filing of the PSC's Discovery Motion, the PSC has conferred with the Trustee both concerning the status of negotiations with the Affiliated Defendants and certain agreements made with those entities who have agreed to mediation under the mediation program established by this Court's Mediation Order.

7.      Given the status of negotiations with the Affiliated Defendants and the agreement of other non-affiliated defendants to participate in mediation, the filing of a Master Complaint that includes counts against the Affiliated Defendants and those entities who have agreed to participate in mediation would be counter-productive to those settlement discussions.

8.      A delay in the filing of a Master Complaint as to the Affiliated Defendants and

those entities who have agreed to participate in mediation will not prejudice any party.  Affiliated

Defendants are not currently require to respond to the Master Complaint, and the Movants

believe the resources of those entities who have agreed to participate in mediation are better

spent mediating their claims rather than responding to allegations of a Master Complaint.

9.      The Movants believe that an order extending for 60 days the date for the filing of

allegations  relate to Affiliated Defendants and any entity that has agreed to mediate in a Master

Complaint would help facilitate resolution of the claims against those individuals and entities.

10.     The deadline for filing of a Master Complaint as it relates to non-affiliated

defendants who have not agreed to mediate would not be affected by such an order and would

remain November 5, 2013.

11.     If the Court grants to the 60 day extension for the filing of a Master Complaint

against the Affiliated Defendants, the PSC also respectfully requests that the Court continue the

hearing on the PSC's Discovery Motion, and deadline for any related responses or objections, for

a period of one month from the date of the Court's order on this Motion.  Pending this Court's

ruling on this Motion, the PSC has agreed to extend such deadline until noon on November 6,

2013.

12.     Movants have styled this Motion as an emergency motion because of the

proximity in time to the deadline for the filing of a Master Complaint.

13.     Movants have filed a proposed order for the Court's consideration and

convenience.  The proposed order is attached hereto as Exhibit A.

Dated:  October 31, 2013                              Respectfully submitted,

                                                      */s/ Thomas M. Sobol*
                                                      Thomas M. Sobol
                                                      Kristen Johnson Parker
                                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                                      55 Cambridge Parkway, Suite 301
                                                      Cambridge, MA 02142
                                                      Phone: (617) 482-3700
                                                      Fax: (617) 482-3003
                                                      tom@hbsslaw.com
                                                      kristenjp@hbsslaw.com

                                                      *Plaintiffs' Lead Counsel*

                                                      */s/ Michael R. Gottfried*
                                                      Michael R. Gottfried, Esq.
                                                      DUANE MORRIS LLP
                                                      100 High Street, Suite 2400
                                                      Boston, MA 02110-1724
                                                      Phone:  (857) 488-4212
                                                      Fax:  (857) 401-3030
                                                      mrgottfried@duanemorris.com

                                                      *Counsel to Paul D. Moore, Chapter 11 Trustee for*
                                                      *New England Compounding Pharmacy, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing *Joint Emergency Motion Of The Chapter 11 Trustee And The Plaintiffs' Steering Committee To Extend The Deadline For Filing Of A Master Complaint As Related To Affiliated Defendants And Entities Who Have Agreed To Mediation And Continue Motion Regarding Affiliate Discovery* to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.


Date:   October 31, 2013

**/s/Thomas M. Sobol**
Thomas M. Sobol (BBO # 471770)
