UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PROCUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    All actions. | )<br>)<br>)<br>) MDL No.: 2419<br>) Master Docket No.: 1:13-md-2419-FDS<br>)<br>)<br>)<br>) |

**PLAINTIFFS' STEERING COMMITTEE'S SUPPLEMENTAL
CONSOLIDATED RESPONSE TO SUBPOENA OBJECTIONS**

The Plaintiffs' Steering Committee ("PSC") submits this, its Supplemental Consolidated Response to Subpoena Objections, in order to present to the Court:

1. A summary of the timeline of relevant events leading to the present state of the PSC's subpoena and the various healthcare providers' objections thereto;

2. A newly revised "Joint Chart" reflecting additional changes necessitated by developments (primarily eliminating several healthcare providers from the chart because issues between them and the PSC have been resolved);

3. Additional arguments

    a. In response to additional objections and responses to the Joint Chart filing;

    b. In response to objections that were not timely filed; and

    c. On adequacy of service of the subpoenas by certified U.S. Mail and by Federal Express.

**Timeline of Relevant Events**

1. On July 17, 2013 the PSC filed its Consolidated Response to Subpoena Objections, which contains the PSC's arguments in opposition to the objections filed by the

1

objecting healthcare providers. The Consolidated Response also outlined for the court several Accommodations that the PSC agreed to in response to many of the objections. The Accommodations included significant reductions in the scope of the documents and information requested, additional time in which to produce documents pursuant to the subpoena, and forbearance from taking depositions of records custodians.

2. On September 27, 2013, the PSC mailed a letter to counsel of record for all of the recipient healthcare providers confirming once again the Accommodations and clarifying the changed scope of the subpoena. Following this mailing the PSC received some requests for additional objections to be placed on the PSC's preliminary spreadsheet of healthcare providers and objections ("requests for additional objections").

3. On September 30, 2013, the PSC filed its Notice of Revised Subpoena Exhibit, which memorialized for the court the fact that the PSC had sent a letter to the subpoenaed healthcare providers, dated September 27, 2013

4. On October 3, 2013, a conference call was conducted between Patrick T. Fennell, a member of the PSC, and counsel for various healthcare providers concerning updates to the spreadsheet showing healthcare providers and objections (the precursor to the "Joint Chart").

5. Following the October 3 conference call, the PSC received input from various participants representing healthcare providers, asking that additional marks be placed in the spreadsheet to reflect additional objections by such healthcare providers (collectively, the "requests for additional objections on the Joint Chart").

6. On October 11, 2013, Thorek Memorial Hospital filed its Objections to and Motion to Quash the PSC's revised subpoena exhibit.

7. On October 16, 2013, pursuant to the order of this court dated September 26, 2013, the Plaintiffs' Steering Committee ("PSC") filed its Notice of Filing of Joint Chart Showing Healthcare Providers Objections to Plaintiffs' Steering Committee's Subpoenas. In the Notice of Filing of the Joint Chart, and consistent with applicable rules, the PSC specifically reserved for itself the right to move to overrule, on the basis of lack of timeliness, any request for additional objections on the Joint Chart, "if such objection was first received by the PSC pursuant to the recent discussions or written submissions." Notice of Filing of Joint Chart, Doc. 514, p. 3.

8. On October 22, 2013, Southeast Michigan Surgical Hospital filed its Objections to the revised subpoena.

9. On October 23, 2013 the following healthcare providers filed responses to the Joint Chart of Subpoena Objections: (i) Interventional Spine & Sports Medicine, PC (Doc. 527); (ii) Rochester Brain & Spine Pain Management LLC (Doc. 528); (iii) Insight Health Corp. (Doc. 529), (iv) Donald Jones, M.D., Saint Thomas Neurosurgical Center, LLC, Specialty Surgery Center, Crossville, PLLC, The Neurosurgical Group of Chattanooga, and Howell Allen Clinic (Jones, St. Thomas, Specialty, Chattanooga and Howell Allen collectively the "Tennessee Objectors", Doc. 530); (v) Dr. O'Connell's Pain Care Centers and Dr. O'Connell's Pain Care Centers, Inc. (Doc. 532); and (vi) Universal Pain Management (Doc. 533). All six of these responses may hereafter be referred to collectively as the "Responses to Joint Chart".

## **Revised Joint Chart**

A revised Joint Chart is attached to this pleading. The revised Joint Chart reflects the removal of the following healthcare providers because issues between them and the PSC have been resolved:

    a.      High Point Surgery Center;

    b.      Premier Orthopedic and Sports Medicine Associates of Southern New Jersey, LLC, Premier Orthopedic Associates Surgical Center, LLC and Kimberly Yvette Smith, MD;

    c.      Inspira Health Network, Inc.; and

    d.      Insight Health Corp.

## Arguments

For its Supplemental Arguments the PSC states the following:

### The objections and motion to quash of Thorek Memorial Hospital, and the objections of Southeast Michigan Surgical Hospital to the revised subpoena.

In response to the objections and motion to quash filed by Thorek Memorial Hospital and Southeast Michigan Surgical Hospital, the PSC adopts the arguments put forth in opposition to objections and motions to quash in its Consolidated Response to Subpoena Objections dated July 17, 2013 (Doc. 325), as supplemented herein, and moves to overrule such objections and deny such motions to quash.

### The Responses to Joint Chart.

Again the PSC adopts the arguments put forth in opposition to objections and motions to quash in its Consolidated Response to Subpoena Objections, as supplemented herein, and moves to overrule such objections and deny such motions to quash as are contained in the Responses.

### Certain objections that were not filed in a timely manner and should be overruled.

The following healthcare providers made requests for additional objections on the Joint Chart, which the PSC feels were not filed in a timely manner:

    a.      By email to the PSC following receipt of the PSC's September 27, 2013 letter with the revised subpoena and the spreadsheet, Interventional Spine & Sports Medicine ("ISSM"), PC requested the addition on the chart, *inter alia*, of an objection on the basis that the

subpoena is a thinly-veiled attempt to identify new clients (Joint Chart Objection IV. Q.).  The PSC moves to overrule this objection as to ISSM as not timely filed.  ISSM did not make this objection in its initial filing dated July 24, 2013.

      b.      By email to the PSC dated October 7, 2013, Neuromuscular and Rehabilitation Associates of Northern Michigan ("NRAMN") requested the addition on the chart of the following objections, *inter alia*:

      (i)      The subpoena calls for the production of documents protected from disclosure as reflective of attorney-client communications and/or attorney work product (Joint Chart Objection II. H.);

      (ii)      Rule 45(b)(1) requires that subpoenas be served on each party to the MDL.  Comments to the Rule say that parties should have been given notice before service of the subpoenas on third parties (Joint Chart Objection II. N.); and

      (iii)      The PSC's subpoenas are thinly-veiled attempts to identify new clients (Joint Chart Objection IV. Q.).

The PSC moves to overrule these objections as to NRAMN.  NRAMN did not make these objections in its initial filing dated July 12, 2013 (Doc. 288).

      c.      By letter to the PSC dated October 7, 2013, Rochester Brain and Spine Neurosurgery and Pain Management, LLC ("RBS") requested the addition on the chart of an objection, *inter alia*, on the basis that the subpoena is a thinly-veiled attempt to identify new clients (Joint Chart Objection IV. Q.).  The PSC moves to overrule this objection as to RBS as not timely filed.  RBS did not make this objection in its initial filing dated July 16, 2013 (Doc. 314), or in its Motion to Quash dated July 26, 2013 (Doc 358).

d.      By email to the PSC dated October 8, 2013, Dr. O'Connell's Pain Care Center and Dr. O'Connell's Pain Care Center, Inc. ("Pain Care") requested the addition on the chart the following objections, *inter alia*:

(i)     Many of the documents sought by the subpoena are more appropriately sought from NECC, thus reducing the burden and expense on the clinics (Joint Chart Objection I. D.);

(ii)    The clinic is not a party to any litigation and/or has no injured patients, and exceeds the proper scope of discovery from a non-party (Joint Chart Objection II. F.);

(iii)   The subpoena calls for the production of documents protected from disclosure as reflective of attorney-client communications and/or attorney work product (Joint Chart Objection II. H.);

(iv)    The subpoena calls for the production of documents outside the clinic's possession, custody or control (Joint Chart Objection II. L.); and

(v)     The subpoena calls for the production of confidential or proprietary business information (Joint Chart Objection III. O.).

The PSC moves to overrule these objections as to Pain Care. Pain Care did not make these objections in its initial filing dated July 16, 2013 (Doc. 311), or in its Supplemental Memorandum dated July 26, 2013 (Doc. 353).

### The Objections and Motions to Quash of various healthcare providers based on inadequacy of service of the subpoena.

Many of the subpoenas delivered to the recipient healthcare providers were delivered via U.S. Mail (certified) and Federal Express. Several healthcare providers voiced objections and motions to quash on the basis that this was inadequate service under the applicable rules. In its Consolidated Response to Subpoena Objections the PSC argues that under Rule 45 service by

Federal Express and by certified U.S. Mail is adequate. Consolidated Response, Doc. 325, p. 19. The PSC reiterates that argument as though fully set forth herein, and offers the following additional analysis in support thereof:

Objections and motions to quash based on allegedly inadequate service have been voiced by healthcare providers in the 2nd Circuit (Connecticut, New York), 3rd Circuit (Pennsylvania, New Jersey), 4th Circuit (South Carolina, Maryland (2)), 6th Circuit (Michigan), and 9th Circuit (California (2)). These healthcare providers argue that personal service is required under the circumstances of this case. The PSC suggests to the court that service by certified U.S. Mail and Federal Express is adequate under Rule 45, and in support thereof states the following:

a. <u>When considering whether the method of service complies with Federal Rule 45, this Court applies the federal law of the First Circuit, not the jurisdiction of the objecting party</u>.

A threshold question for this Court when considering objections to the method of service is which jurisdiction's law to apply, given that 28 U.S.C. § 1807 endows this Court with the power to enforce subpoenas and consider objections. Numerous objectors have argued that in considering their objections to the method of service of the subpoenas, this Court should apply the law of their home districts. Resolving these objections requires the Court to interpret the word "delivering" in F.R.C.P. 45(b)(1), which states in part: "Serving a subpoena requires delivering a copy to the named person…" In the unique context of multi-district litigation consolidated in a transferee court, courts hold that when interpreting federal rules of procedure, such as those regarding subpoenas and other discovery, the transferee court applies the law of its home Circuit to this analysis.

This district has observed, in consideration of procedural disputes under federal law in multi-district litigation, that "[i]n the ordinary course, questions of federal law in MDL-

7

transferred cases are governed by the law of the transferee circuit." *In re New England Mut. Life Ins. Co. Sales Practices Litig.,* 324 F. Supp. 2d 288, 297, 2004 WL 1567871 (D. Mass. 2004) (citations omitted); *accord In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. & Sales Practices Litig.,* 2013 DNH 038, 2013 WL 1124081 (D.N.H. 2013) ("I apply the First Circuit factors because, in multidistrict litigation, the transferee court ordinarily applies the substantive and procedural federal law of the circuit in which it sits."); *Patterson v. Novartis Pharm. Corp.*, 909 F. Supp. 2d 116, 120, 2012 WL 6618397 (D.R.I. 2012) ("Multidistrict litigation transferee courts apply interpretations of federal law of the circuit in which they sit.").

The rule naturally governs the application of federal, procedural rules in discovery. "It appears to be well-settled that with respect to discovery disputes and other pretrial issues, section 1407 'requires the application of the law of the transferee circuit where the motions are being considered.'" *In re Digitek Prod. Liab. Litig.*, 648 F. Supp. 2d 795, 796, 2009 WL 2224646 (S.D.W. Va. 2009) ("the undersigned will apply the law of the Fourth Circuit."); *accord In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 241 F.R.D. 185, 193, 2007 WL 541954 (S.D.N.Y. 2007) ("[T]he law of the transferee circuit controls discovery issues such as whether to compel a deposition or documents pursuant to a subpoena."); *Founds v. Foster Wheeler LLC, MDL 875*, 2012 WL 7763398 (E.D. Pa. 2012) ("In matters of federal law, the MDL transferee court applies the law of the circuit where it sits, which in this case is the law of the U.S. Court of Appeals for the Third Circuit.").

> b. <u>This Court should follow the well-reasoned and demonstrated trend of district courts throughout the country in ruling that Rule 45 allows certified mail and Federal Express as compliant means of service of subpoenas.</u>

The first source of guidance on whether "deliver[y]" of a subpoena in F.R.C.P. 45(b)(2) must be personal service, as the objectors contend, would be courts in the District of

Massachusetts or the First Circuit. There do not appear to be any published decisions on point here. But there are numerous cases from federal courts in other Circuits that do consider the issue. Applying a rational, textual analysis of the rule that this Court would likely begin with in the absence of governing, appellate precedent, they rule that mail or Federal Express can satisfy the rule's requirement of "delivering a copy to the named person."

As federal courts in the Second Circuit have observed in considering analogous service by certified mail, the developing trend of holdings is that "the language of Rule 45 does not explicitly demand personal service of a subpoena." *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 73 Fed. R. Serv. 3d 778, 2009 WL 1313259 (S.D.N.Y. 2009) (citations omitted). Rather, Rule 45 "neither requires in-hand service nor prohibits alternative means of service." *Id.* Observing that there was "no Second Circuit case law" interpreting "'deliver[y]' as requiring personal service," *JPMorgan Chase* ruled that "this Court joins other courts in this District in 'holding that effective service under Rule 45 is not limited to personal service.'"); *see also King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y.1997) (mailed subpoenas sufficient, as no need for personal service of Rule 45 subpoena "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness").

One of the more oft-cited decisions emerged from a district court in the Seventh Circuit, which reasoned that "[n]othing in this language suggests that in-hand, personal service is required to effectuate 'delivery,' or that service by certified mail is *verboten*." *Doe v. Hersemann*, 155 F.R.D. 630, 630–631 (N.D.Ind. 1994) (certified mail complied with plain language of Rule 45(b)(1), which requires only that a subpoena be delivered to the person being served). Engaging in numerous comparative analyses of the text of the federal rules, *Doe* pointed to the language of Rule 4(e)(1), requiring service of the summons and complaint on an

9

"individual *personally*." The court concluded that rather than render this as meaningless surplusage (in violation of the canons of statutory construction), "the better conclusion is that the drafters knew how to indicate a personal service requirement and that they chose not to do so when they created Rule 45." *Id.*, 155 F.R.D. at 631.

In *Ultradent Products, Inc. v. Hayman*, M8-85 RPP, 2002 WL 31119425 (S.D.N.Y. 2002), the court summarized multiple reasons why certified mail satisfied Rule 45: "Given that certified mail return receipt requested requires delivery to the addressee and proof of delivery, that the text of Rule 45 only requires delivery and not personal service, the precedent of *Cordius*, the verified actual receipt of the Subpoena by SDM, and the practical circumstances supporting Discus' counsel's actions in this case, Discus' May 15, 2002 service of the Subpoena by certified mail on SDM was valid." Logically, the same principles have been applied to uphold delivery by Federal Express. *Western Resources v. Union Pacific R.R.*, 2002 WL 1822432 (D.Kan. 2002) (delivery of subpoena via Federal express was sufficient because effective service under Rule 45 is not limited to personal service).

Recent decisions in other Circuits besides the Second and Seventh agree. The two most recent cases addressing this issue in the Fourth Circuit have referenced those above. The District of Maryland cited these precedents as the "minority of better reasoned cases [that] recently have challenged the wisdom of the majority view and have instead held that personal service is not required." *Hall v. Sullivan*, 229 F.R.D. 501, 503-04, 2005 WL 1902127 (D. Md. 2005) (citing *Doe v. Hersemann, supra,* as "particularly persuasive," along with the New York federal decisions). Six years later, the Eastern District of Virginia noted that "[n]either the Fourth Circuit nor this Court appears to have addressed whether FedEx/certified mail service is proper under Rule 45(b). *Bland v. Fairfax Cnty., Va.*, 275 F.R.D. 466, 468, 2011 WL 2491356 (E.D.

10

Va. 2011). Exploring the reasoning of *Hall v. Sullivan, supra*, and the other district court decisions from New York, the court agreed that where a witness "actually received the at-issue subpoenas in advance of trial, and the non-personal service was effected by means reasonably sure to complete delivery," Federal Express-delivery of a subpoena satisfied Rule 45. *Id.,* 2011 WL 2491356 at *471.

A Third Circuit court recently proclaimed: "Certified mail serves the same purpose as Rule 45(b) which is to mandate effective notice to the subpoenaed party, rather than slavishly adhere to one particular type of service." *New Jersey Bldg. Laborers Statewide Benefit Funds v. Torchio Bros.*, No. 08–552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009) (internal quotation marks and citations omitted). Sixth Circuit district courts have also joined these holdings in the last several years. *See Powell v. Time Warner Cable, Inc.*, No. 2:09cv006, 2010 WL 5464895, at *3 (S.D.Ohio Dec. 30, 2010); *Halawani v. Wolfenbarger*, No. 07–15483, 2008 WL 5188813, at *3 (E.D.Mich. Dec. 10, 2008) (personal delivery is not required by Rule 45 and that certified mail may assure proper delivery service of a subpoena duces tecum). A court from the Eleventh Circuit recently "reject[ed] as antiquated the so-called majority position interpreting Rule 45 as requiring personal service, and instead chooses to adopt the better-reasoned, modern, emerging minority position, which holds that substitute service of a subpoena is effective on a nonparty witness under Rule 45." *In re Falcon Air Exp., Inc.*, No. 06–11877, 2008 WL 2038799, at *2–3 (Bankr.S.D.Fla. May 8, 2008).

In considering whether certified mail is a compliant method of delivery under the circumstances, the courts focus upon the primacy of actual receipt of the subpoena as well as fair and timely notice. The Court explained this rationale in *JP Morgan Chase, supra*: because "alternative service by means of certified mail reasonably insures actual receipt of the subpoena

11

by the witness, the 'delivery' requirement of Rule 45 will be met, and [Zulpo] will be provided with fair and timely notice of [her] obligation to appear at a deposition." *Id.*, 73 Fed. R. Serv. 3d 778, 2009 WL 1313259 (citing *Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200(DLC), 2000 WL 10268 (S.D.N.Y. 2000)); *Accord First Nationwide Bank v. Shur*, 184 B.R. 640, 642 (E.D.N.Y.1995) (" 'delivering' a copy of a subpoena, for the purposes of Rule 45 includes any act or series of acts that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect").

Other courts have discussed F.R.C.P. Rule 1's insistence upon efficiency, and reasoned that "requiring personal service in order to effectuate delivery, even where the party served has not denied it received the subpoena and had an opportunity to protect its interests, 'would only serve to torture the rules and drive up the expense of litigation'—a conclusion that would be in direct contradiction to the directive of Rule 1." *Hall v. Sullivan, supra*, 229 F.R.D. at 504 (adopting the rationale of *Doe v. Herseman, supra*, and ruling that private delivery service satisfied rule).

Another rationale that drives these holdings is that an interpretation of Rule 45 to authorize personal service exclusively "would also render superfluous that part of Rule 45 indicating that '[p]roving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service.'" *A. Renfroe & Company, Inc. v. Moran*, No. 08–cv–00733, 2008 WL 1806200 at *5 (D.Colo. 2008)(quoting Fed.R.Civ.P. 45(b)(4)). "If the only manner of service permitted under the rule were by hand," then "no statement of the manner of service would be necessary." *Id.*; *see also Doe v. Herseman, supra* (same rationale).

Allowing alternate means of delivering subpoenas is the progressive and growing trend among district courts interpreting Rule 45. But not all district courts agree, and "there is a split

in authority as to this issue." *Monex Fin. Servs. Ltd. v. Nova Info. Sys., Inc*., 608-MC-137-ORL-31KRS, 2008 WL 5235135 (M.D. Fla. 2008) ("Plaintiffs cite no controlling authority that service of the subpoena may be effected through delivery of a subpoena through Federal Express."). But it is a likely conclusion that of the district courts addressing this issue in the last decade, most have decided to permit alternative delivery methods of certified mail or Federal Express as long as they effect actual receipt, particularly because there is no reasonable policy reason or cognizable prejudice in doing so. *See Hall v. Sullivan, supra*, 229 F.R.D. at 505 (finding "service of a subpoena duces tecum on Sodexho by less than personal, but nonetheless effective service, in no way prejudices Sodexho)."

The PSC requests that the District of Massachusetts reach the same conclusion as these "better reasoned cases," and conclude that the First Circuit would embrace a common-sense, textually sound interpretation of Rule 45's "deliver[y]" requirement as authorizing service by certified mail or Federal Express. Particularly in the unique context of multi-district litigation involving dozens of subpoenas, a restrictive demand of personal service on every deponent would create an untenable, costly, and inefficient bottleneck. This tramples the intent of Federal Rule 1, as courts like *Doe* have discussed. These means of service have affected actual delivery on every targeted deponent in this case. There is no conceivable reason why personal service should be required, because each party received prior, fair and adequate notice.

## Conclusion

For the foregoing reasons, and the reasons set forth in the PSC's Consolidated Response to Subpoena Objections, the objections to, and motions to quash, the PSC subpoena, including objections to the revised subpoena and the Responses to Joint Chart, should be overruled and/or denied.

WHEREFORE, the Plaintiffs' Steering Committee hereby moves the court to overrule all objections to its revised subpoena and all objections to the Joint Chart, and moves the court to deny all motions to quash its revised subpoena.

Date: November 5, 2013	Respectfully submitted:

**/s/ Patrick T. Fennell**
Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415/956-1000
Facsimile: 415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW

18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

CERTIFICATE OF SERVICE

    I, Patrick T. Fennell, hereby certify that I caused a copy of the foregoing *Plaintiffs' Steering Committee's Supplemental Consolidated Response to Subpoena Objections* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:  November 5, 2013

                                                /s/Patrick T. Fennell
                                                Patrick T. Fennell (VSB 40393))