UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: NEW ENGLAND COMPOUNDING :
PHARMACY, INC. PRODUCTS LIABILITY : MDL No. 2419
LITIGATION           : Master Dkt. No.:  1:13-md-02419-FDS
               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - : **NON-PARTY INTERVENTIONAL**

THIS DOCUMENT RELATES TO:  : **SPINE & SPORTS MEDICINE, PC'S**
ALL ACTIONS        : **REPLY TO PLAINTIFFS' STEERING**
               : **COMMITTEE'S "SUPPLEMENTAL**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x **CONSOLIDATED RESPONSE TO**
                **SUBPOENA OBJECTIONS"**

   Non-party Interventional Spine & Sports Medicine, PC ("ISSM"), by and through its

attorneys, Golenbok Eiseman Assor Bell & Peskoe LLP, respectfully submits this Reply to the

Plaintiffs' Steering Committee's ("PSC") "Supplemental Consolidated Response to Subpoena

Objections," which the PSC filed on November 5, 2013 [Doc. No. 544] ("PSC's Supplemental

Consolidated Response").[1]  This Reply supplements ISSM's Objections to Subpoena, dated July

24, 2013 [Doc. No. 345] ("ISSM's Objections"), Supplemental Objections to Subpoena, dated

July 26, 2013 [Doc. No. 354], and Response to Joint Chart of Subpoena Objections, dated

October 23, 2013 [Doc. No. 527].[2]  ISSM submits this Reply because the PSC's Supplemental

Consolidated Response contains a brazen misstatement concerning ISSM's Objections.

   On September 27, 2013, counsel for the PSC emailed counsel for ISSM with a copy of

the joint chart and requested a response as to whether any additional "X"s should be added or

removed.  Later that day, counsel for ISSM emailed counsel for the PSC and advised them that

an "X" should be placed, among other places, in the row labeled "The PSC's subpoenas are

---

[1] Pursuant to the Court's Order on Central Enforcement of Subpoenas, dated June 21, 2013 [Doc. No. 193], ISSM's counsel has made a limited appearance solely for purposes of contesting the PSC's Subpoena to ISSM, without consenting to the jurisdiction of this Court.

[2] The PSC's Subpoena to ISSM, with accompanying cover letter, dated July 12, 2013, are attached as Exhibit 1 to ISSM's Supplemental Objections.

thinly-veiled attempts to identify new clients" (row IV.Q in the joint chart annexed to the PSC's Supplemental Consolidated Response). In the PSC's Supplemental Consolidated Response, the PSC requests that the Court overrule this objection as untimely on the purported ground that "ISSM did not make this objection in its initial filing dated July 24, 2013." (PSC's Supp. Consol. Resp. 4-5.) That is plainly wrong.

While ISSM's July 24, 2013 Objections of course did not use the exact language of row IV.Q, which language was drafted by the PSC as an attempt to summarize numerous objectors' positions, ISSM's Objections clearly asserted the substance of row IV.Q's objection. The substance of row IV.Q's objection is that, because the information sought from ISSM and similarly-situated healthcare providers, which are not parties and have no patients who are parties, could not have any relevance to the claims of patients of *other healthcare providers* who the PSC represents, the PSC's true purpose of such Subpoenas is clearly an attempt to fish for claims against the non-party providers and identify patients in whose names the PSC can assert those claims. ISSM's Objections expressly included that ground in numerous places. At pp. 2-3, the Objections stated:

> PSC's Subpoena to ISS is ***an improper attempt to obtain discovery from ISSM for the purpose of determining whether PSC may be able to assert claims against ISSM.*** PSC's purpose is revealed in the cover letter to ISSM enclosing the Subpoena, in which Patrick T. Fennell of Crandall & Katt states "Lead Counsel and the PSC have designated me, Patrick T. Fennell of Crandall & Katt, to handle the day-to-day litigation of *claims against Interventional Spine & Sports Medicine, PC*." (See Exhibit A at 2 (emphasis added).) There are no such claims against ISSM, but PSC admittedly is fishing for them. Indeed, the Subpoena seeks information about ISSM's insurance coverage, its organizational structure, and its communications with patients. Such information could have no bearing on the liability of NECC or the other defendants in the MDL.
>
> There is no provision in the FRCP for such a pre-claim subpoena to a non-party to obtain broad discovery to determine whether there may be a claim against that

2

non-party (or to determine whether there may be insurance coverage for such hypothetical claim).  [Bold type added.]

ISSM reiterated this objection again at pp. 6-7:

> Accordingly, the information sought by the Subpoena to ISSM, which includes the identification of ISSM's patients, ISSM's dealings with NECC, and ISSM's organization and insurance information, has no bearing on the claims in the MDL. . . .  PSC admitted in its cover letter to ISSM that its true reason for issuing the Subpoena to ISSM was the speculative and hypothetical "litigation of claims against" ISSM (*See* Exhibit A at 2.)  That is not an appropriate ground for the Subpoena because there is no provision in the FRCP or other applicable rules for discovery prior to the assertion of a claim to determine whether one has a claim and, additionally, there is no basis to believe that there may be a claim against ISSM.  Such a "fishing expedition" is not an appropriate basis for a third-party subpoena.[3]

Accordingly, the PSC's claim that ISSM did not timely object that "[t]he PSC's subpoenas are thinly-veiled attempts to identify new clients" is disingenuous and would require an absurdly narrow interpretation of the label that the PSC chose as a summary of this objection.[4]

Indeed, it is telling that, rather than attempting to provide any legitimate justification for the Subpoena to ISSM, the PSC requests that the Court overrule ISSM's objection solely based on this frivolous assertion of untimeliness.  As ISSM stated in its Response to Joint Chart of Subpoena Objections, dated October 23, 2013, the PSC has *never* attempted, whether through meet and confer or otherwise, to provide ISSM with any explanation as to why the information sought from ISSM could be relevant to any pending claims or defenses, or why ISSM is pursuing the same form of Subpoena against non-party ISSM that it is pursuing against party healthcare providers.   ISSM's Response to Joint Chart of Subpoena Objections explains why the

---

[3] ISSM also reiterated this objection in its Response to Joint Chart of Subpoena Objections, dated October 23, 2013 [Doc. No. 527].

[4] Prior to the PSC's filing of its Supplemental Consolidated Response on November 5, 2013, the PSC never notified ISSM that the PSC considered ISSM's assertion of row IV.Q's objection to be untimely.  If ISSM had been aware that the PSC was going to adopt such a hyper-technical reading of the label on row IV.Q, ISSM would have requested during the meet and confer process that the PSC revise that label.

1884856.1

information sought from ISSM could have no relevance, given that neither ISSM nor any of its patients is a party. Although the PSC's Supplemental Consolidated Response purports to respond to ISSM's Response to Joint Chart of Subpoena Objections, the PSC still does not even attempt to provide a justification for its Subpoena to ISSM. Instead, the PSC relies solely on its hyper-technical untimeliness argument, which confirms that there is no proper purpose for the PSC's Subpoena to ISSM. Accordingly, the Court should quash the Subpoena.

ISSM, of course, continues to assert all of its other objections to the Subpoena, which further warrant an order quashing the Subpoena.

Respectfully submitted,

Dated:   New York, New York          GOLENBOCK EISEMAN ASSOR BELL
    November 6, 2013    & PESKOE LLP

By: _____
        Martin S. Hyman
        Matthew C. Daly

        437 Madison Avenue
        New York, New York 10022
        (212) 907-7300

        *Attorneys for Non-Party Interventional*
        *Spine & Sports Medicine, PC*

4

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew C. Daly, hereby certify that on November 6, 2013, a true and correct copy of the foregoing was served on all counsel of record by virtue of the Court's electronic filing system.

Dated: November 6, 2013

_____
Matthew C. Daly

1884856.1