UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Cases | MDL No. 1:13-md-2419-FDS |

**ARL BIO PHARMA, INC.'S MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO FILE A PROOF OF CLAIM**

ARL Bio Pharma, Inc. ("ARL") hereby moves for an order extending the time within which it may file a proof of claim ("Motion") until January 15, 2014 at 4:00 pm Eastern Time, which is the General Bar Date that the United States Bankruptcy Court ("USBC") established. See USBC Case 12-19882, Doc 582. ARL states as follows in support of this motion:

## I.     Background

New England Compounding Pharmacy, Inc. ("NECC") compounded many different products. ARL provided limited testing services for certain NECC products. ARL has been sued in over 140 lawsuits, and is the subject of almost 300 claims, asserted by individuals who allege they were injured from products that NECC compounded, including Methylprednisolone Acetate ("MPA") and cardioplegia solution. ARL is alleged to have tested samples from certain lots of NECC's products. ARL is aware that there are many more plaintiffs and/or claimants, potentially up to 14,000, that intend to assert claims or file lawsuits against ARL in the future. The lawsuits and claims filed against ARL to date allege various theories of recovery and contend ARL breached duties it had in connection with NECC compounded products. None of the lawsuits filed against ARL to date quantify the claims asserted against ARL.

Additional suits against ARL related to NECC's products are highly likely, but ARL has no way of knowing which NECC products may be involved, what theories of recovery future plaintiffs may allege, what duties future plaintiffs may allege ARL breached, or the amounts future plaintiffs may be seeking from ARL.

ARL disputes it is liable for any of the claims made against it and ARL may hold various claims against NECC's estate related to: (1) NECC's products; and (2) current and future claims against ARL related to those products.

## II. ARL's Contingent Agreement to Mediate

Pursuant to this Court's Order on Mediation Program [Doc. 394], ARL was required to file a proof of claim within ten days of electing to participate in mediation. On September 18, 2013, prior to agreeing to mediate, ARL informed the Plaintiffs' Steering Committee ("PSC") that, among other things, ARL objected to the proof of claim deadline set forth in the Order on Mediation Program, but did not want to miss the deadline for participating in mediation. Later that day, the PSC and the Creditor's committee agreed not to object if ARL filed a Motion to Extend the Time to File a Proof of Claim for approximately 30 days while the parties continued discussions on the proof of claim issue.

ARL filed its Notice of Intent to Mediate on September 20, 2013 and was, therefore, required to file a proof of claim by September 30, 2013. However, ARL filed, and Counsel for the PSC and NECC's Trustee ("Trustee") assented to, motions [Docs. 465 and 535] seeking orders extending the time in which ARL may file a proof of claim until November 12, 2013 [Docs. 519 and 539].

The PSC will not agree to any further extensions of time for ARL to file a proof of claim, but ARL is not yet in a position to file a meaningful claim. Since September 20, 2013, ARL has

received over 80 Complaints, some of which include multiple claimants/plaintiffs and it is unknown how many additional claims or Complaints will be received before the January 15, 2014 general bar date.

### III. Argument

In Chapter 11 cases, proofs of claim are required within a specified time to: a) identify and quantify all claims against the bankruptcy estate for purposes of timely proposing a plan; and b) identify who is entitled to vote on the plan and participate in distributions under it.  Requiring ARL to file a proof of claim in advance of the General Bar Date does not further those objectives and will inappropriately and needlessly prejudice ARL's rights.

**A.      Requiring ARL to file a proof of claim before the General Bar Date will not serve any legitimate purpose.**

ARL has agreed to participate in mediation and understands that it must ultimately submit to the jurisdiction of the USBC in order to benefit from confirmation of a Chapter 11 plan, which ARL understands would include a global release and a channeling injunction for the benefit of those who successfully mediate.  However, there is no benefit to ARL's filing a proof of claim at this time and forcing ARL to submit to the jurisdiction of the USBC in all respects where the mediation process is still in its beginning stages and the prospects of such a Chapter 11 plan being proposed, let alone being confirmed, are unknown and unknowable.

ARL's claims against the estate are, and will be, largely based on claims made against ARL by individuals who allege they were injured by NECC products.  At this time, the nature and scope of many of these claims is unknown and none of these claims have been quantified. The General Bar Date is not until January 15, 2014.  Given how claims have been pled against ARL to date, the certainty that additional claims will be made against ARL, and the long time

period before the General Bar Date, ARL has no meaningful basis upon which to quantify the claims it may hold against the estate. At this point, ARL would have no choice but to file an unliquidated, contingent claim in an unknown amount, which will do nothing to advance the legitimate objectives of a claim bar date.

An extension of time to file its proof of claim, and the additional information ARL is likely to garner during the extension, will provide ARL more of a basis upon which to file a meaningful proof of claim. Given the length of time before the General Bar Date, granting the relief requested in this motion will not delay the progress of this bankruptcy case. At a minimum, the General Bar date will have to pass before the claims against the estate will be subject to quantification. To date, neither the PSC nor the Trustee have provided ARL with any legitimate reason for denying ARL's requested extension.

### B. Requiring ARL to file a proof of claim before the bar date will harm ARL.

In contrast to the minimal, if any, effect that postponing the filing of ARL's proof of claim would have on any aspect of the pending actions, requiring ARL to file a speculative proof of claim before the General Bar Date could prejudice ARL. Such a claim would do nothing toward quantifying the claims against the estate; would presumably draw an objection or motion to estimate from the Trustee or others; and would force ARL to give up certain rights, including jury trial rights and jurisdictional objections, all without serving any legitimate purpose.

### C. Conclusion.

Based on the foregoing, ARL submits good cause exists to grant the requested relief.

WHEREFORE, ARL prays for an order extending the time within which it may file a proof of claim until the January 15, 2014 general bar date.

>Respectfully submitted,
>
>**ARL BIOPHARMA, INC. d/b/a
>ANALYTICAL RESEARCH LABORATORIES**
>
>By its attorneys,
>
>*/s/ Kenneth B. Walton*
>_____
>Kenneth B. Walton, BBO #562174
>kwalton@donovanhatem.com
>Kristen R. Ragosta, BBO #664362
>kragosta@donovanhatem.com
>DONOVAN HATEM LLP
>Two Seaport Lane, 8th Floor
>Boston, MA  02210
>Tel:  (617) 406-4500
>Fax: (617) 406-4501

Dated:  November 12, 2013

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on November 12, 2013 using the ECF system that sent notification of this filing to all ECF—registered counsel of record via e-mail generated by the Court's ECF system.

>*/s/ Kristen R. Ragosta*
>_____
>*Attorney for ARL Bio Pharma, Inc. d/b/a
>Analytical Research Laboratories*