**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| )<br>IN RE:  NEW ENGLAND )<br>COMPOUNDING PHARMACY, INC. )<br>PRODUCTS LIABILITY LITIGATION )<br>)<br>This Document Relates To: )<br>)<br>    All Actions )<br>) | MDL No. 1:13-md-2419-FDS |

**MDL Order No. 2**
April 9, 2013

**ORDER APPOINTING LEAD COUNSEL,**
**FEDERAL-STATE LIAISON COUNSEL, AND**
**PLAINTIFFS' STEERING COMMITTEE**

This order is intended to create a leadership structure for plaintiffs' counsel in order to

organize, simplify, and streamline the handling of these matters on behalf of all plaintiffs,

consistent with the fair administration of justice.

**1.      Lead Counsel**

The Court hereby appoints the following individual as Lead Counsel:

Thomas M. Sobol
(with Kristen Johnson Parker as his alternate)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone:(617)482-3700
Fax:(617)482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

The responsibilities of Lead Counsel are set forth in section 7 of this order.

**2.      Federal-State Liaison Counsel**

The Court hereby appoints the following individual as Federal-State Liaison Counsel:

Mark P. Chalos
(with Elizabeth J. Cabraser as his alternate)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue, North
Suite 1650
Nashville, TN 37219
Phone:(615)313.9000
Fax:(615)313.9965
mchalos@lchb.com
ecabraser@lchb.com

The responsibilities of Lead Counsel are set forth in section 8 of this order.

3.     **Plaintiffs' Steering Committee**

The Court hereby appoints the following individuals to the Plaintiffs' Steering

Committee ("PSC"):

Thomas M. Sobol
(with Kristen Johnson Parker as his alternate)

Mark P. Chalos
(with Elizabeth J. Cabraser as his alternate)

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone: (540) 342-2000
Fax: (540) 400-0616
pfennell@crandalllaw.com

J. Gerard Stranch, IV
BRANSTETTER, STRANCH &
JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

2

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

The responsibilities of the PSC are set forth in section 9 of this order.

**4.      Changes in Membership**

These appointments are personal in nature, and may not be changed without court order.

**5.      Alternates**

The two alternate members may perform responsibilities under this order at the direction

of the appointed member.

**6.      Designated Counsel**

The PSC may appoint other qualified plaintiffs' counsel to perform legal services for the

common benefit of plaintiffs ("Designated Counsel").

**7.      Responsibilities of Lead Counsel**

Lead Counsel shall have the following responsibilities:

1.      to chair the PSC, which shall be generally responsible for coordinating the

activities of plaintiffs' counsel during pretrial proceedings;

2.      to present, after consultation with the PSC and other counsel as may be

appropriate, personally or by a designee, the position of the plaintiffs on

any matter arising during pretrial proceedings;

3.      to delegate specific tasks to other counsel in a manner to ensure that

pretrial preparation for the plaintiffs is conducted effectively, efficiently,

and economically, including the creation of subject matter-specific or other working groups;

4.      to prepare and distribute to the parties periodic status reports, as appropriate;

5.      to maintain adequate time and disbursement records covering services as Designated Counsel;

6.      to coordinate and lead discussions with the Court, plaintiffs' counsel and other stakeholders (for example, the NECP trustee and its counsel, the creditors' committee and its counsel, other defense counsel, and non-parties) to ensure that court orders are followed, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive;

7.      to coordinate, with the assistance of the Federal-State Liaison Counsel, with counsel in related state-court litigation, in order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions, and reducing duplicative questioning;

8.      to maintain an up-to-date comprehensive service list of plaintiffs' counsel in MDL 2419 and promptly advise the Court of any changes;

9.      to receive and distribute to plaintiffs' counsel, as appropriate, orders, notices and correspondence from the Court;

4

10.  to maintain and make available to other plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings and orders filed and/or served in MDL 2419; and

11.  to establish and maintain, in conjunction with the PSC and to the extent deemed desirable by the PSC, a physical or virtual depository located within the Court's jurisdiction, or otherwise accessible to all plaintiffs' counsel.

Lead counsel shall be involved in any class or group settlement discussions, whether with a single defendant or multiple defendants, whether taking place in the MDL or the bankruptcy.

8.  **Responsibilities of Federal-State Liaison Counsel**

Federal-State Liaison Counsel shall have the following responsibilities:

1.  where practicable, to communicate with attorneys prosecuting related state-court actions in order to ascertain their status;

2.  to provide information about related state-court proceedings to the Court and counsel;

3.  to help coordinate discovery and litigation efforts between state and federal proceedings to avoid, where possible, duplicative or conflicting efforts; and

4.  to assist in providing access to participating state-court counsel to any common-benefit document depository and common-benefit work-product, in accordance with the terms of any common-benefit orders entered by the Court.

Should the need for a Federal-State Liaison become unnecessary, the person holding that position shall retain his appointment to the plaintiffs' steering committee.

**9.      Responsibilities of PSC**

The PSC shall have the following responsibilities:

**A.      Discovery**

    1.      to initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions subject to this order;

    2.      to develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

    3.      to cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims); and

    4.      to conduct all discovery, by members or their designees approved by Lead Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**B.      Hearings and Meetings**

    1.      to call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the

Court;

2.      to initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters concerning pretrial proceedings;

3.      to examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

4.      to speak for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**C.    Trial**

1.      to coordinate the selection, management, and presentation of any common issue, "bellwether" and/or "test" case trials.

**D.    Settlement and Miscellaneous**

1.      to negotiate and propose settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all settlement options concerning any claim or portion thereof of any case filed in this litigation;

2.      to litigate any motions presented to the Court that involve matters within the sphere of the responsibilities of the PSC;

3.      to negotiate and enter into stipulations with defendants concerning this litigation; provided, however, that all stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has

7

ratified the stipulation, and that any attorney not in agreement with a

non-administrative stipulation shall file with the Court a written objection

thereto within five days after he/she knows or should have reasonably

become aware of the stipulation, and that failure to object within the term

allowed shall be deemed a waiver and the stipulation will automatically be

binding on that party;

4.      to maintain adequate files of all pretrial matters, including establishing

and maintaining a document or exhibit depository, in either real or virtual

format, and having those documents available, under reasonable terms and

conditions, for examination by all plaintiffs' counsel;

5.      to perform any task necessary and proper for the PSC to accomplish its

responsibilities as defined by the Court's orders, including organizing

subcommittees or workgroups comprised of plaintiffs' attorneys not on the

PSC and assigning them tasks consistent with the duties of the PSC; and

6.      to perform such other functions as may be expressly authorized by further

orders of this Court.

**10.     Privileged Communications.**

Because cooperation among counsel and the parties is essential for the orderly and

expeditious resolution of the litigation, the communication, transmission, or dissemination of

information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and

the protections afforded by the attorney work-product doctrine; provided, however, that the

conditions necessary to create such a privilege or protection have been satisfied and the privilege

8

or protection has not been waived.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  April 9, 2013