UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PROCUCTS LIABILITY LITIGATION | ) ) ) ) MDL No.: 2419 ) Master Docket No.: 1:13-md-2419-FDS ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
|     All actions. | ) |

**MOTION TO EXTEND DEADLINE FOR FILING LIST OF
SUBPOENA RECIPIENTS THAT HAVE NO PATIENTS
WHO ARE EITHER PLAINTIFFS OR NON-PARTY VICTIMS**

The Plaintiffs' Steering Committee ("PSC") hereby moves the court to extend the deadline for filing a list of subpoena recipients who were named as defendants in this MDL, and in support thereof states the following:

1. On November 7, 2013, a hearing was conducted by this court, Hon. Jennifer C. Boal, United States Magistrate Judge presiding, in order to address and resolve objections and motions to quash arising in response to subpoenas served by the PSC on clinics, hospitals, doctors, and/or healthcare providers ("subpoena recipients") believed to have purchased contaminated methylprednisolone acetate from NECC. During the hearing, the Court asked the PSC to produce a list of subpoena recipients that were in the MDL. At the time, members of the PSC understood the Court to be asking for a list of subpoena recipients who were named as defendants in at least one case pending in the MDL.

2. On November 13, 2013 the court issued its Order on Motions to Quash and Objections to Subpoenas (Document 572) ("Order"). In its ruling, the Court determined that

> It is appropriate to make a distinction between clinics that have no
> patients who have become plaintiffs in the MDL and have received
> no notices of claim or letters of representation from any potential

1

> plaintiff, on the one hand, and clinics who have patients who are plaintiffs in the MDL or have received notices of claim or letters of representation from potential plaintiffs, on the other.

Order, p. 19. The court also quashed, in large part, "the subpoenas that are directed to respondents who have no patients who have filed suit, joined in the MDL litigation, or given notice of a claim against that respondent relating to NECC medications." Order, p. 20. By elimination, and subject to certain limitations and exceptions, the court therefore denied motions to quash and objections based on relevance, raised by healthcare providers that treated patients (i) who have filed suit, (ii) joined in the MDL litigation, or (iii) given notice of a claim against that subpoena recipient relating to NECC medications.

Accordingly, in response to the Court's order, the PSC intends to provide the Court with the following three lists:

(i) A list of subpoena recipients that treated patients who have filed suit in any court -- state or federal -- relating to NECC medications (whether or not the subpoenaed healthcare provider is named as a defendant);[1]

(ii) A list of subpoena recipients that treated patients who have cases currently pending in the MDL (again, regardless of whether the subpoenaed healthcare provider is a named defendant); and

(iii) A list of subpoenaed healthcare providers who have – according to representations made to the PSC by counsel for victims – received notice of a claim, letter of representation, or similar communication from a patient concerning a claim relating to NECC medications.

---

[1] The PSC will provide information about state court cases to the best of its ability, but recognizes that its knowledge of those actions is not perfect.

These three lists are, based on the PSC's recollection, somewhat different from the list the Court originally asked the PSC to provide during oral argument.  In order to provide an accurate, comprehensive list of these groups of respondents it is necessary for the PSC to reach out to many plaintiffs' attorneys throughout the country for additional information.  The PSC therefore requests an extension of the deadline to provide such lists, to Wednesday, November 20, 2013.[2]

WHEREFORE, the Plaintiffs' Steering Committee hereby moves the court to extend the deadline for providing lists of respondents in the above categories to Wednesday, November 20, 2013.

Date:  November 14, 2013     Respectfully submitted:

**/s/ Patrick T. Fennell**
Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*


Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

---

[2] The PSC is providing these lists in response to the Court's request and in an effort to assist the Court, plaintiffs, and the subpoena recipients by aggregating this information.  Each subpoena recipient knows, or should know, whether it falls within the three categories identified in the Court's order.

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

CERTIFICATE OF SERVICE

     I, Patrick T. Fennell, hereby certify that I caused a copy of the foregoing *Plaintiffs' Steering Committee's Motion to Extend Deadline for Filing List of Subpoena Recipients that have no Patients Who are Either Plaintiffs or Non-party Victims* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   November 14, 2013

                                      /s/Patrick T. Fennell
                                      Patrick T. Fennell (VSB 40393))