UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br><br>Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**OBJECTION OF CHAPTER 11 TRUSTEE OF NEW ENGLAND COMPOUNDING PHARMACY, INC., TO ARL BIO PHARMA, INC.'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE A PROOF OF CLAIM**

**I.   INTRODUCTION AND SUMMARY OF OBJECTION**

1. Paul D. Moore, the Chapter 11 Trustee ("Trustee") of New England Compounding Pharmacy, Inc., d/b/a New England Compounding Company ("NECC"), objects to ARL Bio Pharma, Inc.'s ("ARL") Motion for Extension of Time Within Which to File a Proof of Claim ("Motion") and respectfully requests that it be denied.

2. The Mediation Order provides (at section L. 1. at 8-9) that parties such as ARL participating in the contemplated mediation "shall, if it has not already done so, file a proof of claim with the Bankruptcy Court within ten days of the effective date of [its] participation notice and agreement." ARL elected to participate in mediation pursuant to the Mediation Order without objection.

3. Thereafter, ARL requested various extensions of time for it to file a proof of claim, all of which the Trustee readily assented to, as a courtesy, based on ARL's representations that it indeed needed the time to complete drafting its claim.[1]  However, this is ARL's third

---

[1] In its Motion ARL asserts that it told the Plaintiffs Steering Committee it objected to the "proof of claim deadline set forth in the Order on the Mediation Program" prior to agreeing to participate in mediation pursuant to the Mediation Order. For clarity, at that time ARL never told the Trustee that it did not want to file a proof of claim until after the mediation is concluded and it can see whether it achieves a successful result, but rather it needed more time to quantify its claim.

request for an extension of time to file its proof of claim as required by the Mediation Order, but the first that reveals its true goal is to avoid filing a proof of claim, if at all, until after the mediation is concluded and it can see whether it achieves a successful result. The Trustee consented to all of ARL's prior requests for additional time to file its proof of claim and was willing to agree to another short extension, but does not agree that the Mediation Order should be modified to permit ARL to avoid a pre-mediation filing and condition any such filing on whether it is successful in that mediation.

4. As an inducement to "Potentially Responsible Parties," such as ARL, to participate in the mediation, the Mediation Order confers substantial benefits on parties electing to participate in the mediation, including a stay of discovery against such parties pursuant to section L. 2. of the Mediation Order.

5. Potentially Responsible Parties, such as ARL, do not obtain the benefits conferred by the Mediation Order if they do not "opt-in" and satisfy all of the requirements set forth in the Mediation Order, including, without limitation, filing of a proof of claim prior to the mediation.

6. Filing of a proof of claim prior to the mediation ensures that Trustee is aware of the basis and estimated amount of any claim asserted by mediation participants prior to the commencement of the mediation. If ARL asserts a contractual indemnification or contribution claim, or other claim based upon a writing, then ARL will be required to file a copy of such writing with the proof of claim pursuant to Fed.R.Bankr.P. 3001(c)(1). The advance disclosure of details about the claim, and documentation underlying the claim, allows all parties to prepare meaningfully for the mediation. Conditioning mediation on the filing of a proof of claim also ensures that the Trustee and counsel for the NECC Creditors Committee do not unnecessarily

spend time and limited estate resources mediating with parties who have no intention of participating in NECC's Chapter 11 case or contributing to the plan funding process.

7. The principal reason ARL claims it should be permitted to opt in to mediation without filing a proof of claim is that it claims it is unable to quantify the amount of its potential claim and will be deprived of jury trial rights and jurisdictional arguments if it is forced to file a proof of claim. Neither of these contentions have merit.

8. First, in point of fact, ARL can estimate its claim, assert the basis for its claim and attach any writings upon which the claim is based (Fed.R.Bankr.P. 3001 (c)(1)) so that the parties can prepare for and discuss the alleged basis of its claim intelligently at the mediation.

9. That the amount of liability is contingent, or is not fixed, known or certain by the Bar Date does not relieve the creditor from its obligation to file a proof of claim before the Bar Date, and it should not relieve ARL of the requirements in the Mediation Order. In such cases, "The bankruptcy court simply estimates the amount of the claim for purposes of its allowance [as it is authorized to do pursuant to 11 U.S.C. § 502(c)], discounting its value to reflect the uncertainty of the contingency, in order to enable the holder to share in the distribution of the insolvent estate." *Juniper Dev. Group, Inc. v. Kahn* (In re Hemingway Transport, Inc.), 993 F.2d 915, 923 (1st Cir. 1993) (citations omitted).

10. Second, as ARL concedes, in order to obtain the benefits of a successful mediation, such as a global release and channeling injunction, it will have to file a proof of claim. Thus, if it wants to settle, ARL will confront the alleged consequences triggered by its filing of a proof of claim regardless of when it files its proof of claim. Granting ARL the requested extension of the deadline to file a proof of claim will not provide ARL with a solution

3

to its alleged dilemma.  Fundamentally, ARL must make a choice whether to file a proof of claim.  If ARL wants to enjoy the benefits of the Mediation Order, it must make that choice now.

11. By seeking "enlargement" of the deadline to file a proof of claim in NECC's bankruptcy case to January 15, 2014, ARL is seeking to obtain the benefits of the Mediation Order and avoid filing a proof of claim, if at all, until after it knows the result of its mediation efforts.  This is both unfair to the parties who have abided by the Mediation Order and deprives the Trustee, and others, of one of the important benefits of the Mediation Order.  Therefore, the Trustee respectfully requests that the Motion be denied

**WHEREFORE**, the Trustee prays that this Court deny the Motion, and award him such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 20, 2013
Boston, Massachusetts

**DUANE MORRIS LLP**

By: /s/ *Michael R. Gottfried*
Michael R. Gottfried  (BBO #542156)
Jennifer L. Mikels (BBO# 682199)
100 High Street, Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Fax: (857) 488-4201
Email: mrgottfried@duanemorris.com
jlmikels@duanemorris.com

*Counsel for PAUL D. MOORE, in his capacity as Chapter 11 Trustee of the Defendant New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center*

**CERTIFICATE OF SERVICE**

I, Michael R. Gottfried, hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 20, 2013.

/s/ Michael R. Gottfried
Michael R. Gottfried

DM3\2744882.2