UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | MDL No. 2419<br>Dkt. No 1:13-md-2419 (FDS) |

**DONALD JONES, MD'S MOTION FOR SPECIFIC RULING QUASHING SUBPOENA TO HIM CONSISTENT WITH COURT'S NOVEMBER 13, 2013, "ORDER ON MOTIONS TO QUASH AND OBJECTIONS TO SUBPOENAS"**

Donald Jones, MD (hereinafter "Dr. Jones") moves this honorable Court for a ruling specifically quashing the subpoena issued to him by the Plaintiff's Steering Committee (hereinafter the "PSC").

As explained below, the District Court's "Order Granting Plaintiffs Leave to Serve Subpoenas" specifically authorized the PSC to issue subpoenas only to "entities listed in NECC's Customer List located at http://www.fda.gov/downloads/Drugs/DrugSafety/FungalMeningitis/UCM325466.pdf as well as Pharmacy Support, Inc., Cura Script, Inc., and Clint Pharmaceuticals."[1]

While the facility at which Dr. Jones worked bought from NECC, Dr. Jones *was not* a customer of NECC and is thus *not on the customer list*.[2][3] As such, the PSC simply did not have authority to issue the subpoena to Dr. Jones. The subpoena should be quashed.

---

[1] Dkt. 192, ¶10.
[2] *See* Exhibit 1 to this motion excerpts from the alphabetized list that demonstrate Dr. Jones is not on the list.
[3] His employer at the time, PCA Pain Care, is on the list. Dr. Jones was a physician employed by and practicing at PCA Pain Care at the time. The PSC has issued a subpoena to PCA Pain Care. The subpoena to Dr. Jones seems to be an "end-run" around obtaining documents from PCA Pain Care.

Notably, in the Court's "Order on Motions to Quash and Objections to Subpoenas," the Court quashed the subpoena to Neurosurgical Group of Chattanooga d/b/a Chattanooga Neurosurgery and Spine (hereinafter "CNS"), ruling, "Because CNS is not listed on the FDA list, the PSC had no authority to subpoena it and the subpoena to CNS must be quashed."[4]

Dr. Jones' posture is the same as CNS. The PSC did not have the authority to subpoena him. Like CNS, the subpoena to Dr. Jones must be quashed.

## BRIEF INTRODUCTION

The Court has recently considered and ruled on numerous motions to quash, including CNS's motion to quash[5], which set forth the same argument as Dr. Jones sets forth herein. Thus, Dr. Jones will not spend extensive time describing the procedural background. Summarily, the following is the relevant procedural course as it relates to Dr. Jones and this subpoena:

| | |
|---|---|
| June 17, 2013 | PSC served discovery subpoenas on numerous health care providers directly and tangentially involved in NECC's sale of contaminated medications across the country, including Dr. Jones |
| June 21, 2013 | The District Court issued two orders[6] that defined the PSC's authority to issue these subpoenas[7] |
| July 1, 2013 | Dr. Jones filed first objections to subpoena, asserting (among other objections) that he is not within the group of authorized subpoena recipients[8] |
| July 16, 2013 | Dr. Jones filed objections and a motion to quash the revised subpoena, again asserting that he is not within the group of authorized subpoena recipients[9] |
| September 27, 2013 | PSC issued another revised subpoena to Dr. Jones |

---

[4] Dkt. 572, page 16-17.
[5] Dkts. 218, 307.
[6] Dkts. 192, 193.
[7] These orders were, in essence, preemptive protective orders setting reasonable limits on the PSC's discovery efforts as they related to unaffiliated defendants and non-party health care providers. *See generally* FED. R. CIV. P. 26(c). The PSC was required to comply with these orders in having the subpoenas issued.
[8] Dkt. 222.
[9] Dkt. 306.

| | |
|---|---|
| November 7, 2013 | This Court heard argument on the pending objections to the subpoenas and motions to quash |
| November 13, 2013 | This Court issued its "Order on Motions to Quash and Objections to Subpoenas."[10] |

## LAW AND ARGUMENT

### 1. Identity of Dr. Jones

Dr. Jones is a Tennessee physician.[11] He was employed by PCA Pain Care Center, Oak Ridge during the time that PCA Pain Care Center purchased product from NECC.[12] [13] PCA Pain Care Center began purchasing MPA from NECC in July 2012.[14] It placed three orders for MPA, shipped on 7/12/12, 8/21/12, and 9/18/12.[15]

Dr. Jones is no longer employed by PCA Pain Care Center.[16] The facility in Oak Ridge is now owned by Comprehensive Pain Specialists (hereinafter "CPS").[17] Dr. Jones is now employed by CPS.[18]

Dr. Jones is not a defendant in any federal court case in Tennessee or in the MDL. He was named in one state court suit, but the plaintiff voluntarily dismissed the suit on November 8, 2013. Thus, Dr. Jones is presently not a defendant in any lawsuit related to the NECC outbreak.

---

[10] Dkt. 572.
[11] See Affidavit of Donald Jones, MD, attached as Exhibit 3 to Dkt. 306.
[12] See Affidavit of Donald Jones, MD, attached as Exhibit 3 to Dkt. 306.
[13] See Exhibit 2 to this motion, which is the PCA Pain Care Center entries on "New England Compounding Center (NECC) Customer List Since 5/21/2012, Sorted by Customer – With Product Information" (available at: http://www.fda.gov/downloads/Drugs/DrugSafety/FungalMeningitis/UCM325466.pdf).
[14] See Affidavit of Donald Jones, MD, attached as Exhibit 3 to Dkt. 306.
[15] See Exhibit 2 to this motion.
[16] See Affidavit of Donald Jones, MD, attached as Exhibit 3 to Dkt. 306.
[17] See Affidavit of Donald Jones, MD, attached as Exhibit 3 to Dkt. 306.
[18] Affidavit of Donald Jones, MD, attached as Exhibit 3 to Dkt. 306.

3

Additionally, while Dr. Jones has received two notices of potential claims[19], he is aware of just one confirmed "case" related to the MPA, and that patient did not, to the knowledge of counsel, require any treatment, nor has that patient asserted a potential claim against Dr. Jones.

Despite the express limitations the District Court placed on the PSC's authority to issue subpoenas and the PSC's efforts to subpoena Dr. Jones contrary to the limitations, the PSC has consistently refused to withdraw it.[20]

### 2. District Court's Orders

As this Court knows, the District Court issued two orders on June 21, 2013, that defined the limits of the PSC's subpoenas to party and non-party health care providers.

In the preamble to its "Order on Central Enforcement of Subpoenas," Judge Saylor stated specifically the PSC's representation that "it intends to issue subpoenas to: Pain clinics, hospitals, and other entities or individuals who purchased NECC's methylprednisolone acetate, cardioplegic solution, or ophthalmic solution...."[21] Based on this representation, the District Court ordered that it would centrally enforce the subpoenas.[22]

---

[19] In Tennessee, a plaintiff filing a health care liability action must provide notice of the intent to sue at least 60 days prior to filing suit. See TENN. CODE ANN. § 29-26-121. But, notably, providing the notice of intent does not require a plaintiff to file suit. Oftentimes, a notice is sent, and no suit is filed.
[20] Counsel for Dr. Jones attempted one last time to obtain an agreement to withdraw the subpoena to Dr. Jones after this Court's quashing of the subpoena to the similarly-situated CNS. (See, attached as Exhibit 3, an email exchange between counsel) However, the PSC refuses to withdraw it.
[21] Dkt. 193.
[22] Dkt. 193.

Then, in paragraph 10 of the District Court's "Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information," which set the parameters within which the District Court authorized the PSC to issue the subpoenas, Judge Saylor ordered:

> Plaintiffs' Counsel are authorized to serve subpoenas issued by this Court on the entities listed in NECC's Customer [L]ist located at: http://www.fda.gov/downloads/Drugs/DrugSafety/FungalMeningitis /UCM325466.pdf as well as Pharmacy Support, Inc., CuraScript, Inc. and Clint Pharmaceuticals.[23]

The PSC plainly represented that it intended to issue subpoenas *to purchasers* of NECC MPA, cardioplegic solution, and ophthalmic solution. The District Court's order clearly only authorizes the PSC to issue subpoenas *to entities on the NECC Customer List*.

### 3. Ruling regarding CNS and argument regarding Dr. Jones

In Dr. Jones' serial oppositions to the subpoena, he has asserted that, because he is not on the FDA's NECC Customer List, the PSC had no authority to subpoena him.[24]

As referenced above, Dr. Jones is in the same position as CNS, another Tennessee health care provider that the PSC went beyond the authority granted by the District Court and subpoenaed anyway. In its November 13, 2013, order, this honorable Court quashed the subpoena to CNS, ruling:

> Entities Not Found On The FDA's List
>
> Respondent Neurosurgical Group of Chattanooga d/b/a Chattanooga Neurosurgery and Spine ("CNS") objects to the subpoena because it is not on the FDA's list of entities receiving NECC products. The District Court's Order Authorizing Subpoenas specifically limits the entities that may receive subpoenas to "entities listed in NECC's Customer List located at: http://www.fda.gov.downloads/Drugs/DrugSafety/FungalMeningitis/UCM325466.pdf as well as Pharmacy Support, Inc., Cura Script, Inc., and Clint Pharmaceuticals." Docket No. 192 at ¶10. Because CNS is not listed on the FDA list, the PSC had no authority to subpoena it and the subpoena to CNS must be quashed.[25]

---

[23] Dkt. 192.
[24] Dkt. 222, 306.
[25] "At oral argument, the PSC suggested that CNS was not on the FDA list because of confusion regarding its corporate structure. CNS disputed the PSC's statements. The Court, however, will not enforce the subpoena solely on oral representations made during argument." (This footnote is in original order. Dkt. 572.)

Thus, the Court, in its November 13, 2013, ruling, properly held the PSC to the limits of the authorization in the District Court's original order and quashed the subpoena to CNS because it is not on the FDA's list of NECC customers.

Similarly, Dr. Jones is not on the FDA's list of NECC customers. The PSC did not have the authority under the District Court's original order to serve the subpoena on Dr. Jones.

As such, the subpoena to Dr. Jones should be quashed.

### 4. "Meet and Confer"

Pursuant the requirements of the local rules, the parties have conferred about this issue.[26] The PSC refuses to withdraw the subpoena, necessitating this motion.[27] The PSC's position is apparently that, because Dr. Jones worked at a facility that purchased from NECC and it has "been told" that unspecified "files" have been "transferred" to Dr. Jones, he is subject to subpoena.[28]

Whether Dr. Jones has available to him limited documents related to his former employer's purchase of product from NECC is irrelevant to the question of whether the PSC had the authority, pursuant the June 21, 2013, order, to subpoena him. It did not. The District Court obviously did not wish to expand the authority to serve subpoenas beyond NECC customers to individuals working at or for NECC customers, no matter what knowledge they might have.[29] [30]

The District Court defined the authority of the PSC to serve subpoenas. The PSC went beyond that authority in subpoenaing Dr. Jones. The subpoena should be quashed.

---

[26] See Exhibit 3.
[27] See Exhibit 3.
[28] See Exhibit 3.
[29] Additionally of note, this Court made a significant distinction between parties to lawsuits and non-parties in the Court's November 13 order. Although Dr. Jones has two notices of intent, he is not a defendant in any federal or state lawsuit. He is much more similar to the non-parties described in the order than the parties to lawsuits. As such, any balancing of interests of the PSC's need for information from Dr. Jones, a non-party employee of an entity that received three shipments of MPA in 2012, against the burden on Dr. Jones in providing the information should weigh in favor of Dr. Jones as a non-party to any suit.
[30] If subpoenas to physicians employed or affiliated with entities that purchased from NECC are allowed, the list of potential subpoena recipients is virtually endless, as numerous physicians worked for or at the 1,000+ NECC customers. It is reasonable to conclude that, with its order, the District Court felt a reasonable line to draw when authorizing the subpoenas was at the actual customers of NECC.

6

## CONCLUSION

The analysis for this motion is simple. The District Court granted the PSC the authority to serve subpoenas on the FDA's list of identified NECC customers. The PSC ignored the District Court's order and had issued subpoenas to CNS and to Dr. Jones. This Court has already properly quashed the subpoena to CNS. Dr. Jones respectfully requests an order specifically quashing the subpoena to him for the reasons outlined above.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**Chris J. Tardio, #23924**
Suite 1100
315 Deaderick Street
Nashville, TN 37238
(615) 254-0400

***Attorney for STOPNC, Howell Allen, CNS, SSC, and Dr. Jones***

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be served via electronic mail or regular U.S. mail to those participants identified as unregistered this 25th day of November, 2013.

/s/ Chris J. Tardio
**Chris J. Tardio**