# Chris J. Tardio

| | |
|---|---|
| **From:** | Gerard Stranch <gerards@branstetterlaw.com> |
| **Sent:** | Tuesday, November 19, 2013 10:20 AM |
| **To:** | Chris J. Tardio |
| **Cc:** | Lisa A. Ohman; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com) |
| **Subject:** | RE: NECC cases - Judge Boal's ruling on subpoenas |

Chris see below in red.

**From:** Chris J. Tardio [mailto:chris@gideoncooper.com]
**Sent:** Tuesday, November 19, 2013 9:26 AM
**To:** Gerard Stranch
**Cc:** Lisa A. Ohman; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com)
**Subject:** RE: NECC cases - Judge Boal's ruling on subpoenas

Gerard:

Can I get a response on this, please, to avoid filing a motion?

Chris J. Tardio, Esq.
Member // Gideon, Cooper & Essary, PLC

**From:** Chris J. Tardio
**Sent:** Thursday, November 14, 2013 6:28 PM
**To:** gerards@branstetterlaw.com
**Cc:** Lisa A. Ohman; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com)
**Subject:** NECC cases - Judge Boal's ruling on subpoenas

Gerard:

I presume you have had a chance to read Judge Boal's order on the subpoenas, issued yesterday, or that you will read it soon.

Two issues that were not specifically addressed but seem relatively clear to me:

1. Judge Boal ruled at page 11-12 that the subpoenas to entities that are now parties to the MDL are not quashed on that ground, but, "[t]o the extent that the written discovery requests overlap with the Rule 45 subpoenas, they would violate Rule 26's prohibition on duplicative discovery. Accordingly, the Court finds that any respondent who is a party need not answer to the same requests twice."

    In footnote 10, she cites STOPNC and HA as falling in this category but fails to list Specialty Surgery Center. As you know, SSC falls in the same category, as was mentioned at the hearing and in the papers. <u>Please confirm for me that you agree SSC should be treated the same as STOPNC and HA for purposes of this specific ruling at page 11-12, *i.e.*, that the subpoena to SSC is not quashed but SSC "need not answer to the same requests twice."</u>

    I can file a motion for a specific finding as to SSC, but it seems that it would be a waste of time as the same reasoning/ruling should apply.

    We agree that SSC should be treated the same as STOPNC and HA as to answering the same requests twice.

2. Judge Boal, at page 16-17, specifically quashed the subpoena to Chattanooga Neurosurgery & Spine, ruling that, "[b]ecause CNS is not listed on the FDA list, the PSC had no authority to subpoena it[.]"

RESPONDENT'S EXHIBIT 3

1

Although Her Honor did not specifically cite Dr. Jones in this section, he falls in the same category. He is not on the FDA list of NECC customers at http://www.fda.gov/downloads/Drugs/DrugSafety/FungalMeningitis/UCM325466.pdf. Thus, I think it reasonable to conclude the same logic applies to Dr. Jones.

<u>Please confirm for me that you agree that Dr. Jones should be treated the same as CNS and that the subpoena is withdrawn.</u>

The Subpoena against Dr. Jones will not be withdrawn. As you know, Dr. Jones was the medical director at PCA pain, which is on the FDA's list. He is now the medical director at CPS pain, which is in the exact same location as PCA was prior to the sale to CPS. We have also been told that all of the PCA files were transferred to CPS and Dr. Jones. Hence, we will leave the subpoena in place and expect Dr. Jones to respond fully.

Again, I can file a motion for a specific finding as to Dr. Jones, but it seems that it would likewise be a waste of time.

\* \* \* \* \* \* \*

Please call me if you wish to discuss. Otherwise, I look forward to your response.

Thanks.

Chris J. Tardio, Esq.
Member // Gideon, Cooper & Essary, PLC
315 Deaderick Street
Suite 1100
Nashville, Tennessee 37219
(615) 254-0400 (phone)
(615) 254-0459 (fax)

NOTICE: The information in this message and any attachments are intended only for the personal and confidential use of the designated recipients. This message and any attachments may be an attorney-client communication or other legally privileged communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent permitted to receive the message, you are hereby notified that you have received this message in error, and that any review or use of this message and any attachments is strictly prohibited. If you have received this message in error, please notify me immediately at any of the numbers or addresses shown above. Thank you.

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.