Exhibit A14

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All actions pending against Saint Thomas Outpatient Neurosurgical Center, LLC, and its affiliates including:<br><br>1:13-cv-12234-FDS May et al v. Ameridose, LLC et al<br>1:13-cv-12238-FDS Carman et al v. Ameridose, LLC et al<br>1:13-cv-12305-FDS Wiley et al v. Ameridose, LLC et al<br>1:13-cv-12311-FDS Schulz et al v. Ameridose, LLC et al<br>1:13-cv-12315-FDS Hester et al v. Ameridose, LLC et al<br>1:13-cv-12426-FDS Davis et al v. Ameridose, LLC et al<br>1:13-cv-12429-FDS Bequette et al v. Ameridose, LLC et al<br>1:13-cv-12430-FDS Norwood et al v. Ameridose, LLC et al<br>3:13-cv-00918 Ziegler et al v. Ameridose, LLC et al<br>3:13-cv-00919 Martin v. Ameridose, LLC et al<br>3:13-cv-00923 Reed v. Ameridose, LLC et al<br>3:13-cv-00929 Brinton v. Ameridose, LLC et al<br>3:13-cv-00930 Lovelace v. Ameridose, LLC et al<br>3:13-cv-00931 Ragland v. Ameridose, LLC et al<br>3:13-cv-00932 Slatton et al v. Ameridose, LLC et al<br>3:13-cv-00933 Rybinski v. Ameridose, LLC et al<br>3:13-cv-00934 Lemberg et al v. Ameridose, LLC et al | MDL No. 1:13-md-2419-FDS |

| | |
|---|---|
| 3:13-cv-00935 Ruhl et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00938 McElwee v. Ameridose, LLC et al | ) |
| 3:13-cv-00940 Robnett et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00941 Sharer et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00942 Johnson et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00943 Knight v. Ameridose, LLC et al | ) |
| 3:13-cv-00951 Knihtila v. Ameridose, LLC et al | ) |
| 3:13-cv-00952 Sellers et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00953 Barger et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00954 Lodowski et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00961 Skelton et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00962 Chambers et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00963 Hill et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00964 Mathias v. Ameridose, LLC et al | ) |
| 3:13-cv-00965 Settle et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00966 Miller v. Ameridose, LLC et al | ) |
| 3:13-cv-00967 Noble et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00968 Eggleston et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00969 Meeker et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00970 Scott et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00971 McCullouch et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00972 McKee et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00973 Kirby v. Ameridose, LLC et al | ) |
| 3:13-cv-00975 Richards v. Ameridose, LLC et al | ) |

| | |
|---|---|
| 3:13-cv-00977 Youree et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00978 Koonce et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00979 Pelters et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00984 Besaw et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00985 Ferguson et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00986 Hurt et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00987 Wanta et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00988 Russell et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00989 Pruitt et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00992 Young v. Ameridose, LLC et al | ) |
| 3:13-cv-00993 Sullivan et al v. Ameridose, LLC et al | ) |
| 3:13-cv-01033 Barnard v. Ameridose, LLC et al | ) |
| 3:13-cv-01032 Berry v. Ameridose, LLC et al | ) |

## PLAINTIFFS' STEERING COMMITTEE'S FIRST SET OF REQUESTS FOR PRODUCTION TO SAINT THOMAS HEALTH

The Plaintiffs' Steering Committee, pursuant to Federal Rules of Civil Procedure 26 & 33, respectfully propounds these requests for production of documents and things to Saint Thomas Health to be answered within the time prescribed by law.

### DEFINITIONS AND INSTRUCTIONS

These requests for production are limited in time to items created on or after September 20, 2007 to the present.

As used herein, the following terms mean:

"Saint Thomas Neurosurgical" means Saint Thomas Outpatient Neurosurgical Center, LLC.

"Howell Allen Clinic" means Howell Allen Clinic A Professional Corporation.

"You" or "your" refer to Saint Thomas Health.

"NECC" means New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center.

"MPA" means methylprednisolone acetate.

"Dr. Culclasure" means John Culclasure, M.D.

"Ms. Schamberg" means Debra Schamberg, R.N.

"St. Thomas Hospital" means Saint Thomas West Hospital, formerly known as St. Thomas Hospital.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.     Produce all documents and communications regarding the procurement of steroids used in epidural steroid injections.

RESPONSE:


2.     Produce all communications between Saint Thomas Health and New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC").   Please include all e-mails, prescriptions, purchase orders, invoices, logs, messages, notes, letters, correspondence, and other documents or electronic data evidencing any such communication.

RESPONSE:


3.     Produce a copy of any communications (including emails, brochures, correspondence, prescriptions, order forms, invoices, and other documents) exchanged between

anyone associated with Saint Thomas Health and any pharmaceutical sales representative, pharmaceutical account representative, pharmaceutical wholesaler, pharmaceutical distributor, pharmaceutical reseller, or compounding pharmacy regarding the purchase or potential purchase of any type of injectable steroid.

RESPONSE:

4.    Produce a copy of any and all marketing materials provided by NECC and/or NECC's agents or representatives to Saint Thomas Health or to anyone associated with any party to this litigation.

RESPONSE:

5.    Produce a copy of any communications between anyone associated with Saint Thomas Health and anyone associated with NECC.

RESPONSE:

6.    Produce any documents or things related in any way to recalls of NECC medications in 2012.

RESPONSE:

7.      Produce all policies, procedures or guidelines relating to Saint Thomas Health's reporting of adverse events affecting patient health or safety.

RESPONSE:


8.      Produce all emails, correspondence, prescriptions, orders, invoices, memoranda, product information, brochures, promotional materials, documents and things received from or sent to any supplier of methylprednisolone.

RESPONSE:


9.      Produce all emails, spreadsheets, memoranda, comparisons, and documents pertaining to the costs associated with purchasing injectable steroids from any source.

RESPONSE:


10.     Produce a copy of all records reflecting expenditures made for injectable steroids from any source.

RESPONSE:


11.     Produce a copy of all financial records and documents regarding any samples, gifts, incentives, promotions or discounts received from or offered by the NECC or any of its agents.

RESPONSE:

12.     Produce a copy of all financial records regarding and/or reflecting revenues derived from epidural steroid injections.

RESPONSE:

13.     Produce a copy of all emails, protocols, procedures, memoranda, guidelines and/or correspondence related to notifying or contacting patients who received steroid injections obtained from the NECC.

RESPONSE:

14.     Produce copies of any reports, correspondence, memoranda or other documentation generated by any committee or person who conducted any type of inquiry or investigation into the injuries or death that are the subject of this litigation.

RESPONSE:

15.     Produce copies of any reports, correspondence, memoranda or other documentation generated by any committee or person who conducted any type of inquiry or investigation into the recent fungal meningitis outbreak.

RESPONSE:

16.     Produce any incident reports pertaining to NECC and/or the fungal meningitis outbreak.

RESPONSE:

17.     Provide copies of any statements taken by Saint Thomas Health, or by anyone on its behalf, in connection with the fungal meningitis outbreak.

RESPONSE:

18.     Produce a copy of all of Saint Thomas Health's written policies, procedures and guidelines.

RESPONSE:

19.     Produce a copy of any policies, procedures, guidelines or other material addressing the purchase, storage, prescription and/or handling of medications, including but not limited to any policies, procedures or guidelines from Ascension.

RESPONSE:

20.     Produce a copy of any emails, communications, policies, procedures, guidelines or other material addressing how patients who may have received recalled pharmaceuticals are to be contacted and/or informed of that possibility.

RESPONSE:

21.     Produce a copy of any policies, procedures, guidelines, memoranda, articles or other material addressing compounded medications, the evaluation of compounding pharmacies, and/or the purchase of pharmaceuticals or compounded medications.

RESPONSE:

22.     Produce a copy of any emails, reports, memoranda, policies, procedures, guidelines or other material that addresses the purchase, administration and/or use of MPA, Depo-Medrol or other steroids at Howell Allen Clinic and/or Saint Thomas Neurosurgical.

RESPONSE:

23.     Produce a copy of any emails, reports, memoranda, policies, procedures, guidelines or other material that addresses the purchase, administration and/or use of any medications on the St. Thomas Hospital Campus.

RESPONSE:

24.    Produce a copy of any policies, procedures, guidelines or other printed material that addresses epidural steroid injections performed at Howell Allen Clinic and/or Saint Thomas Neurosurgical.

RESPONSE:

25.    Produce a copy of any policies, procedures, guidelines or other printed material that addresses epidural steroid injections performed on the St. Thomas Hospital Campus.

RESPONSE:

26.    Produce a copy of all internal communications at Saint Thomas Health relating to NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

27.    Produce a copy of all external communications between Saint Thomas Health's employees or agents and any other person or entity relating to NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

28.     Produce all communications between Saint Thomas Health's employees or agents and the Tennessee Department of Health, the FDA, the CDC, and/or any other governmental entity relating to NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

29.     Produce all communications between Saint Thomas Health's employees or agents and anyone associated with St. Thomas Hospital and/or Saint Thomas Health relating to NECC, NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

30.     Produce all communications between Saint Thomas Health's employees or agents and anyone associated with Saint Thomas Neurosurgical and/or Howell Allen Clinic relating to NECC, NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

31.     Produce the curriculum vitae and/or resume of every person identified in response to the PSC's First Set of Interrogatories.

RESPONSE:

32.     Produce a copy of all contracts, agreements, and documents related to Saint Thomas Health's relationship with Saint Thomas Neurosurgical.

RESPONSE:

33.     Produce a copy of all contracts, agreements, and documents related to Saint Thomas Health's relationship with Howell Allen Clinic.

RESPONSE:

34.     Produce a copy of all contracts, agreements, and documents related to Saint Thomas Health's relationship with St. Thomas Hospital.

RESPONSE:

35.     Produce a copy of all contracts, agreements, and documents related to Saint Thomas Health's relationship with Saint Thomas Network.

RESPONSE:

36.     Produce a copy of all contracts or agreements between Saint Thomas Health and NECC.

RESPONSE:

37.     Produce a copy of all contracts or agreements between Saint Thomas Health and any supplier or distributor of steroids.

RESPONSE:

38.     Produce all documents, audio recordings, video recordings, visual representations, electronic data, photographs and things that are germane to this litigation.

RESPONSE:

39.     Produce all documents identified, referenced, referred to, relied upon, consulted or used in any way in answering the Plaintiffs' Steering Committee's First Set of Interrogatories.

RESPONSE:

40.     Please produce every operating agreement that has at any time governed the operation of Saint Thomas Neurosurgical.

RESPONSE:

41.     Please produce every membership agreement, membership trust instrument, or other agreement or instrument relating to ownership, governance rights, financial contributions, or membership rights in Saint Thomas Neurosurgical.

RESPONSE:

42.     Please produce every document that evidences or effected the transfer of any membership interest in Saint Thomas Neurosurgical.

RESPONSE:

43.     Please produce every document that identifies any present or previous holder of financial rights in Saint Thomas Neurosurgical.

RESPONSE:

44.     Please produce all lists maintained by Saint Thomas Health identifying its officers, members, governors, or managers.

RESPONSE:

45.     Please produce all documents evidencing the present value, as well as all documents evidencing any change in such value, of every member capital account in Saint Thomas Neurosurgical.

RESPONSE:

46.     Please produce all documents reflecting any contributions made by members of Saint Thomas Neurosurgical to that enterprise.

RESPONSE:

47.     Please produce all documents evidencing distributions made by Saint Thomas Neurosurgical to members, holders of financial rights, or other persons receiving such distributions.

RESPONSE:

48.     Please produce every return and report filed by or on behalf of Saint Thomas Neurosurgical with any taxing authority.

RESPONSE:

49.     Please produce every report submitted by or on behalf of Saint Thomas Health to any governmental agency regarding the purchase of medicines or the fungal meningitis outbreak.

RESPONSE:

50.     Please produce all corporate records of Saint Thomas Neurosurgical including all minutes, by-laws, resolutions, consent to action documents, annual reports, articles of

organization, records of board or manager action, and documents reflecting the governance of that entity.

RESPONSE:

51.     Please produce every report, spreadsheet or memoranda presented to any person associated with Saint Thomas Health (and its predecessor entities) pertaining in whole or part to Saint Thomas Neurosurgical.

RESPONSE:

52.     Please produce all financial statements, balance sheets, accounting ledgers, and financial reports for Saint Thomas Neurosurgical for any period after December 31, 2007.

RESPONSE:

53.     Please produce all financial statements, balance sheets, accounting ledgers, and financial reports for Saint Thomas Health for any period after December 31, 2007.

RESPONSE:

54.     Please produce every deed or lease agreement regarding space ever occupied by Saint Thomas Neurosurgical.

RESPONSE:

55.     Please produce every Saint Thomas Health employee handbook in force during 2012.

RESPONSE:

56.     Please produce every document creating or evidencing any ownership or security interest in each device, machine, and piece of equipment owned by Saint Thomas Health and used by Saint Thomas Neurosurgical during 2012.

RESPONSE:

57.     Please produce a copy of every sign, brochure, advertisement, web page, website, telephone directory, or other listings indicating the location of Saint Thomas Neurosurgical and/or the goods and services provided by that entity.

RESPONSE:

58.     Produce all communications between or among anyone associated with a member of Saint Thomas Neurosurgical regarding the ownership or governance of that entity.

RESPONSE:

59.    Produce all photographs taken in connection with the NECC recall and/or the fungal meningitis outbreak, including but not limited to photographs of any NECC products or Saint Thomas Neurosurgical's facilities.

RESPONSE:

60.    Produce for inspection any vials of NECC products in your possession or control.

RESPONSE:

INTERROGATORIES

1.    If any or all documents requested in the above Requests for Production of Documents or identified herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then with respect to each and every such document describe the nature of the document (e.g. letter or memorandum), state the date of the document, identify the persons who sent and received the original and a copy of the document and state the manner and date of disposition of the document.

RESPONSE:

2.    If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney-client privilege, the work-product doctrine, or some other ground, then with respect to each and every such document describe the nature of

-18-

the document (e.g. letter or memorandum), state the date of the document and the length of the document, identify the person(s) who authored, sent and received the original and a copy of the document, state the subject matter of the document and state the basis upon which you contend you are entitled to withhold the document from production.

RESPONSE:

**Dated: October 9, 2013**

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

*Tennessee Lead Counsel for PSC*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

-19-

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

Plaintiffs' Steering Committee

## CERTIFICATE OF SERVICE

I, J. Gerard Stranch, IV, hereby certify that on the 9th day of October, 2013, the foregoing document was served via hand delivery (*), electronic mail (**), and/or U.S. Mail, postage prepaid, on the following counsel:

CJ Gideon*
Chris Tardio*
Gideon Cooper & Essary
315 Deadrick St., Suite 1100
Nashville, TN 37238

Yvonne Puig
Marcy H. Greer
Eric J. Hoffman
Fulbright & Jaworski LLP
98 San Jacinto Boulevard
Suite 1100
Austin, TX 78701-4255

Sarah P. Kelly
Nutter McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210

George Nolan (gnolan@leaderbulso.com)**
William Daniel Leader, Jr.
(bleader@leaderbulso.com)**
Paul J. Krog (pkrog@leaderbulso.com)**
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219

Rebecca Blair (rblair@blair-law.com)**
The Blair Law Firm
5214 Maryland Way
Suite 207
Brentwood, TN 37027

Jason G. Denton (jdenton@rma-law.com)**
Rochelle McCullouch & Aulds
109 N. Castle Heights Avenue
Lebanon, TN 37087

B. Nathan Hunt (nhunt@pattonandpittman.com)**
Patton & Pittman
109 S. Third Street
Clarksville, TN 37040

John O. Belcher (jbelcher@lassiterlaw.com)**
William Hance Lassiter, Jr.
(blassiter@lassiterlaw.com)**
Lassiter Tidwell & Davis, PLLC
150 Fourth Ave. N., Suite 1850
Nashville, TN 37219-2408

Daniel L. Clayton (dclayton@kcbattys.com)**
Randall Loftin Kinnard (rkinnard@kcbattys.com)**
Kinnard Clayton & Beveridge
The Woodlawn
127 Woodmont Blvd.
Nashville, TN 37205

Larry Lamont Crain (larry@csafirm.com)**
American Center for Law and Justice
5214 Maryland Way, Suite 402
Brentwood, TN 37027

Kurt W. Maier (kmaier@elpolaw.com)**
J. Kyle Roby (kroby@elpolaw.com)**
Robert Arthur Young (byoung@elpolaw.com)**
English Lucas Priest & Owsley
P.O. Box 770
Bowling Green, KY 42102-0770

Edgar Taylor, III (eddie@dttlawfirm.com)**
Donoho Taylor & Taylor
P.O. Box 179
Hartsville, TN 37074


/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV