Exhibit A15

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) MDL No. 1:13-md-2419-FDS ) |
| This Document Relates to: | ) ) |
| All actions pending against Saint Thomas Outpatient Neurosurgical Center, LLC, and its affiliates including: | ) ) ) ) |
| 1:13-cv-12234-FDS May et al v. Ameridose, LLC et al | ) ) |
| 1:13-cv-12238-FDS Carman et al v. Ameridose, LLC et al | ) ) ) |
| 1:13-cv-12305-FDS Wiley et al v. Ameridose, LLC et al | ) ) ) |
| 1:13-cv-12311-FDS Schulz et al v. Ameridose, LLC et al | ) ) ) |
| 1:13-cv-12315-FDS Hester et al v. Ameridose, LLC et al | ) ) ) |
| 1:13-cv-12426-FDS Davis et al v. Ameridose, LLC et al | ) ) ) |
| 1:13-cv-12429-FDS Bequette et al v. Ameridose, LLC et al | ) ) ) |
| 1:13-cv-12430-FDS Norwood et al v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00918 Ziegler et al v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00919 Martin v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00923 Reed v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00929 Brinton v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00930 Lovelace v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00931 Ragland v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00932 Slatton et al v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00933 Rybinski v. Ameridose, LLC et al | ) ) ) |
| 3:13-cv-00934 Lemberg et al v. | ) ) |

| | |
|---|---|
| Ameridose, LLC et al | ) |
| 3:13-cv-00935 Ruhl et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00938 McElwee v. Ameridose, LLC et al | ) |
| 3:13-cv-00940 Robnett et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00941 Sharer et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00942 Johnson et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00943 Knight v. Ameridose, LLC et al | ) |
| 3:13-cv-00951 Knihtila v. Ameridose, LLC et al | ) |
| 3:13-cv-00952 Sellers et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00953 Barger et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00954 Lodowski et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00961 Skelton et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00962 Chambers et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00963 Hill et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00964 Mathias v. Ameridose, LLC et al | ) |
| 3:13-cv-00965 Settle et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00966 Miller v. Ameridose, LLC et al | ) |
| 3:13-cv-00967 Noble et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00968 Eggleston et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00969 Meeker et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00970 Scott et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00971 McCullouch et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00972 McKee et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00973 Kirby v. Ameridose, LLC et | ) |

| | |
|---|---|
| al | ) |
| 3:13-cv-00975 Richards v. Ameridose, LLC et al | ) |
| 3:13-cv-00977 Youree et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00978 Koonce et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00979 Pelters et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00984 Besaw et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00985 Ferguson et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00986 Hurt et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00987 Wanta et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00988 Russell et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00989 Pruitt et al v. Ameridose, LLC et al | ) |
| 3:13-cv-00992 Young v. Ameridose, LLC et al | ) |
| 3:13-cv-00993 Sullivan et al v. Ameridose, LLC et al | ) |
| 3:13-cv-01033 Barnard v. Ameridose, LLC et al | ) |
| 3:13-cv-01032 Berry v. Ameridose, LLC et al | ) |

**PLAINTIFFS' STEERING COMMITTEE'S FIRST SET OF REQUESTS FOR PRODUCTION TO SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC**

The Plaintiffs' Steering Committee, pursuant to Federal Rules of Civil Procedure 26 & 34, respectfully propounds these requests for production to Saint Thomas Outpatient Neurosurgical Center, LLC to be answered within the time prescribed by law.

DEFINITIONS AND INSTRUCTIONS

These requests for production are limited in time to items created on or after September 20, 2007 to the present.

As used herein, the following terms mean:

"Saint Thomas Neurosurgical" means Saint Thomas Outpatient Neurosurgical Center, LLC.

"You" or "your" refer to Saint Thomas Neurosurgical.

"Howell Allen Clinic" means Howell Allen Clinic A Professional Corporation.

"NECC" means New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center.

"MPA" means methylprednisolone acetate.

"Dr. Culclasure" means John Culclasure, M.D.

"Ms. Schamberg" means Debra Schamberg, R.N.

"St. Thomas Hospital" means Saint Thomas West Hospital, formerly known as St. Thomas Hospital.

REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.      Produce all documents and communications regarding the procurement of MPA and/or Depo-medrol.

RESPONSE:



2.      Produce all communications between Saint Thomas Neurosurgical and NECC (including its agents and sales representatives).   Please include all e-mails, prescriptions,

purchase orders, invoices, logs, messages, notes, letters, correspondence, and other documents or electronic data evidencing any such communication.

RESPONSE:

3.      Produce a copy of any communications (including emails, brochures, correspondence, prescriptions, order forms, invoices, and other documents) exchanged between anyone associated with Saint Thomas Neurosurgical and any pharmaceutical sales representative, pharmaceutical account representative, pharmaceutical wholesaler, pharmaceutical distributor, pharmaceutical reseller, or compounding pharmacy regarding the purchase or potential purchase of any type of injectable steroid.

RESPONSE:

4.      Produce a copy of any and all marketing materials provided by NECC and/or NECC's agents or representatives (including Ameridose, Medical Sales Management, and Medical Sales Management SW and their agents and employees).

RESPONSE:

5.      Produce a copy of any and all marketing materials provided by CuraScript and/or its agents or representatives.

RESPONSE:

6.      Produce a copy of any and all marketing materials provided by Clint Pharmaceuticals and/or its agents or representatives.

RESPONSE:

7.      Produce a copy of any communications between anyone associated with Saint Thomas Neurosurgical and anyone associated with NECC.

RESPONSE:

8.      Produce any documents or things related in any way to recalls of NECC medications in 2012.

RESPONSE:

9.      Produce all policies, procedures or guidelines relating to Saint Thomas Neurosurgical's reporting of adverse events affecting patient health or safety.

RESPONSE:

10.      Produce all emails, correspondence, prescriptions, orders, invoices, memoranda, product information, brochures, promotional materials, documents and things received from or sent to any supplier of methylprednisolone.

RESPONSE:

11.      Produce all emails, spreadsheets, memoranda, comparisons, and documents pertaining to the costs associated with purchasing injectable steroids from any source.

RESPONSE:

12.      Produce a copy of all records reflecting expenditures made for injectable steroids from any source.

RESPONSE:

13.      Produce a copy of all financial records and documents regarding any samples, gifts, incentives, promotions or discounts received from or offered by the NECC or any of its agents.

RESPONSE:

14.    Produce a copy of all financial records regarding and/or reflecting revenues derived from epidural steroid injections.

RESPONSE:

15.    Produce a copy of all emails, protocols, procedures, memoranda, guidelines and/or correspondence related to notifying or contacting patients who received steroid injections obtained from the NECC.

RESPONSE:

16.    Produce a copy of all invoices, shipping records, notes or other documents (excluding patient medical records) that reflect or refer to injectable steroids.

RESPONSE:

17.    Produce any incident reports or similar documents pertaining to NECC and/or the fungal meningitis outbreak.

RESPONSE:

18.    Produce a copy of all of Saint Thomas Neurosurgical's written policies, procedures and guidelines.

RESPONSE:

19.     Produce a copy of any policies, procedures, guidelines, articles or other material addressing how medications are to be purchased, stored, prescribed and/or handled.

RESPONSE:

20.     Produce a copy of any emails, communications, policies, procedures, guidelines or other material addressing how patients who may have received recalled pharmaceuticals are to be contacted and/or informed of that possibility.

RESPONSE:

21.     Produce a copy of any policies, procedures, guidelines, memoranda, articles, emails or other material addressing compounded medications, the evaluation of compounding pharmacies, and/or the purchase of pharmaceuticals or compounded medications.

RESPONSE:

22.     Produce a copy of any emails, reports, memoranda, policies, procedures, guidelines or other material that addresses the purchase, administration and/or use of MPA or other steroids at Saint Thomas Neurosurgical.

RESPONSE:

23.     Produce a copy of any policies, procedures, guidelines or other printed material that addresses epidural steroid injections performed at Saint Thomas Neurosurgical.

RESPONSE:

24.     Produce a copy of all internal communications at Saint Thomas Neurosurgical relating to NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

25.     Produce a copy of all external communications between Saint Thomas Neurosurgical and any other person or entity relating to NECC's recall of MPA and/or the fungal meningitis outbreak.

RESPONSE:

26.     Produce all communications between Saint Thomas Neurosurgical and the Tennessee Department of Health, the FDA, the CDC, and/or any other governmental entity relating to NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

27.     Produce all communications between Saint Thomas Neurosurgical and Medicare, Blue Cross Blue Shield, United Healthcare, Tricare, Aetna, CIGNA, Humana, TennCare, and/or any other payor regarding the fungal meningitis outbreak, NECC or NECC's recall of MPA.

RESPONSE:

28.     Produce all communications between Saint Thomas Neurosurgical and anyone associated with Howell Allen Clinic, St. Thomas Hospital, Saint Thomas Network and/or Saint Thomas Health relating to the procurement of medications from compounding pharmacies.  This request covers the time period from September 20, 2007 through September 20, 2012.

RESPONSE:

29.     Produce all communications between Saint Thomas Neurosurgical and anyone associated with St. Thomas Hospital, Saint Thomas Network and/or Saint Thomas Health relating to NECC, NECC's recall of MPA and/or the fungal meningitis outbreak.

RESPONSE:

30.     Produce all communications between Saint Thomas Neurosurgical and anyone associated with Howell Allen Clinic relating to NECC, NECC's recall of MPA and/or the fungal meningitis outbreak.

RESPONSE:

31.     Produce a copy of any policies, procedures, guidelines or other printed material used by Saint Thomas Neurosurgical personnel in selecting where and from whom they purchase medications.

RESPONSE:

32.     Produce the curriculum vitae and/or resume of every person identified in response to Plaintiff's First Set of Interrogatories.

RESPONSE:

33.     Produce a copy of all contracts, agreements, and documents related to Saint Thomas Neurosurgical's relationship with Howell-Allen Clinic.

RESPONSE:

34.     Produce a copy of all contracts, agreements, and documents related to Saint Thomas Neurosurgical's relationship with Saint Thomas Health Services, Saint Thomas Health, Saint Thomas Network, and/or St. Thomas Hospital.

RESPONSE:


35.     Produce a copy of all contracts or agreements between Saint Thomas Neurosurgical and NECC.

RESPONSE:


36.     Produce a copy of all contracts or agreements between Saint Thomas Neurosurgical and any supplier or distributor of injectable steroids.

RESPONSE:


37.     Produce all documents, audio recordings, video recordings, visual representations, electronic data, photographs and things that relate to the allegations in this litigation and/or any defenses thereto.

RESPONSE:


38.     Produce all documents identified, referenced, referred to, relied upon, consulted or used in any way in answering the PSC's First Set of Interrogatories.

RESPONSE:

39.    Please produce every operating agreement that has at any time governed the operation of Saint Thomas Neurosurgical.

RESPONSE:

40.    Please produce every membership agreement, membership trust instrument, or other agreement or instrument relating to ownership, governance rights, financial contributions, or membership rights in Saint Thomas Neurosurgical.

RESPONSE:

41.    Please produce every document that identifies any present or previous holder of financial rights in Saint Thomas Neurosurgical.

RESPONSE:

42.    Please produce all lists maintained by Saint Thomas Neurosurgical identifying its members, governors, or managers.

RESPONSE:

43.     Please produce all documents evidencing the present value, as well as all documents evidencing any change in such value, of every member capital account in Saint Thomas Neurosurgical.

RESPONSE:

44.     Please produce all documents reflecting any contributions made by members of Saint Thomas Neurosurgical to that enterprise.

RESPONSE:

45.     Please produce all documents evidencing distributions made by Saint Thomas Neurosurgical to members, holders of financial rights, or other persons receiving such distributions.

RESPONSE:

46.     Please produce every return and report filed by or on behalf of Saint Thomas Neurosurgical with any taxing authority.

RESPONSE:

47.    Please produce every report submitted by or on behalf of Saint Thomas Neurosurgical to any governmental agency.

RESPONSE:

48.    Please produce all corporate records of Saint Thomas Neurosurgical including all minutes, by-laws, resolutions, consent to action documents, annual reports, articles of organization, records of board or manager action, board of governor meeting minutes, and documents reflecting the governance of that entity.

RESPONSE:

49.    Please produce every report, spreadsheet or memoranda presented to the any person associated with Howell-Allen Clinic (and its predecessor entities) pertaining in whole or part to Saint Thomas Neurosurgical.

RESPONSE:

50.    Please produce all financial statements, balance sheets, accounting ledgers, and financial reports for Saint Thomas Neurosurgical for any period after December 31, 2007.

RESPONSE:

-16-

51.     Please produce every deed or lease agreement that evidences or effects the transfer of any interest in real property, regardless of whether or not that interest is a freehold, between Saint Thomas Neurosurgical and any other entity.

RESPONSE:


52.     Please produce for inspection every name tag issued to or worn by each person working at Saint Thomas Neurosurgical.

RESPONSE:


53.     Please produce every Saint Thomas Neurosurgical employee handbook in force during 2012.

RESPONSE:


54.     Please produce a complete set of all patient-intake and patient-discharge forms, including forms used for acknowledged informed consent and for providing post-operative instructions, used by Saint Thomas Neurosurgical during 2012.

RESPONSE:

55.     Please produce every document creating or evidencing any ownership or security interest in each device, machine, and piece of equipment used by Saint Thomas Neurosurgical during 2012.

RESPONSE:


56.     Please produce a copy of every sign, brochure, advertisement, web page, website, telephone directory, or other listings indicating the location of Saint Thomas Neurosurgical and/or the goods and services provided by that entity.

RESPONSE:


57.     Produce all communications between or among anyone associated with a member of Saint Thomas Neurosurgical regarding the ownership or governance of that entity.

RESPONSE:


58.     Produce all photographs taken in connection with the NECC recall and/or the fungal meningitis outbreak, including but not limited to photographs of any NECC products or Saint Thomas Neurosurgical's facilities.

RESPONSE:

59.   Produce for inspection any vials of NECC products in your possession or control.

RESPONSE:


**Dated: October 9, 2013**


/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

*Tennessee Lead Counsel for PSC*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

-19-

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

Plaintiffs' Steering Committee

## CERTIFICATE OF SERVICE

I, J. Gerard Stranch, IV, hereby certify that on the 9th day of October, 2013, the foregoing document was served via hand delivery (*), electronic mail (**), and/or U.S. Mail, postage prepaid, on the following counsel:

CJ Gideon*
Chris Tardio*
Gideon Cooper & Essary
315 Deadrick St., Suite 1100
Nashville, TN 37238

Yvonne Puig
Marcy H. Greer
Eric J. Hoffman
Fulbright & Jaworski LLP
98 San Jacinto Boulevard
Suite 1100
Austin, TX 78701-4255

Sarah P. Kelly
Nutter McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210

George Nolan (gnolan@leaderbulso.com)**
William Daniel Leader, Jr.
(bleader@leaderbulso.com)**
Paul J. Krog (pkrog@leaderbulso.com)**
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219

Rebecca Blair (rblair@blair-law.com)**
The Blair Law Firm
5214 Maryland Way
Suite 207
Brentwood, TN 37027

Jason G. Denton (jdenton@rma-law.com)**
Rochelle McCullouch & Aulds
109 N. Castle Heights Avenue
Lebanon, TN 37087

B. Nathan Hunt (nhunt@pattonandpittman.com)**
Patton & Pittman
109 S. Third Street
Clarksville, TN 37040

John O. Belcher (jbelcher@lassiterlaw.com)**
William Hance Lassiter, Jr.
(blassiter@lassiterlaw.com)**
Lassiter Tidwell & Davis, PLLC
150 Fourth Ave. N., Suite 1850
Nashville, TN 37219-2408

Daniel L. Clayton (dclayton@kcbattys.com)**
Randall Loftin Kinnard (rkinnard@kcbattys.com)**
Kinnard Clayton & Beveridge
The Woodlawn
127 Woodmont Blvd.
Nashville, TN 37205

Larry Lamont Crain (larry@csafirm.com)**
American Center for Law and Justice
5214 Maryland Way, Suite 402
Brentwood, TN 37027

Kurt W. Maier (kmaier@elpolaw.com)**
J. Kyle Roby (kroby@elpolaw.com)**
Robert Arthur Young (byoung@elpolaw.com)**
English Lucas Priest & Owsley
P.O. Box 770
Bowling Green, KY 42102-0770

Edgar Taylor, III (eddie@dttlawfirm.com)**
Donoho Taylor & Taylor
P.O. Box 179
Hartsville, TN 37074

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV