Exhibit G

| | |
|---|---|
| **From:** | Ben Gastel <beng@branstetterlaw.com> |
| **Sent:** | Friday, November 22, 2013 1:55 PM |
| **To:** | Greer, Marcy; Gerard Stranch; 'Chalos, Mark P.'; 'kristenjp@hbsslaw.com'; 'Kimberly A. Dougherty'; 'Thomas Sobol' |
| **Cc:** | 'cj@gideoncooper.com'; 'Chris J. Tardio (chris@gideoncooper.com)'; 'Matt H. Cline (matt@gideoncooper.com)'; 'Sarah Kelly (SKelly@nutter.com)'; "lhollabaugh@babc.com' (lhollabaugh@babc.com)'; Puig, Yvonne K.; Hoffman, Eric |
| **Subject:** | RE: NECC MDL follow up |
| **Attachments:** | 13-11-24 Proposed CMO Order No 8 Governing Pleadings and Discovery (00306317-2).DOCX; 13-11-21 Proposed ESI Protocol (00306376).DOCX |

Marcy,

Attached please find the PSC's proposed CMO and an ESI Protocol for your review.

Thank you,

Ben

**Ben Gastel**
**Branstetter, Stranch & Jennings, PLLC**
227 Second Ave. N.
Fourth Floor
Nashville, TN 37061-1631
P: 615.254.8801
F: 615.255.5419

---

**From:** Greer, Marcy [mailto:marcy.greer@nortonrosefulbright.com]
**Sent:** Thursday, November 21, 2013 6:41 PM
**To:** Gerard Stranch; Ben Gastel; 'Chalos, Mark P.'; 'kristenjp@hbsslaw.com'; 'Kimberly A. Dougherty'; 'Thomas Sobol'
**Cc:** 'cj@gideoncooper.com'; 'Chris J. Tardio (chris@gideoncooper.com)'; 'Matt H. Cline (matt@gideoncooper.com)'; 'Sarah Kelly (SKelly@nutter.com)'; "lhollabaugh@babc.com' (lhollabaugh@babc.com)'; Puig, Yvonne K.; Hoffman, Eric
**Subject:** RE: NECC MDL follow up

For our call tomorrow, attached are our most recent revised proposed CMOs relating to the pleadings, discovery, and bellwether issues. We look forward to discussing further with you tomorrow and hope for a good participation.

Have a wonderful evening!

Marcy

**Marcy Hogan Greer | Partner**
Fulbright & Jaworski LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701-4255, United States
Tel +1 512 536 4581 | Fax +1 512 536 4598
marcy.greer@nortonrosefulbright.com

1

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

*Our website and email addresses have changed—please update your records accordingly.*

---

**From:** Greer, Marcy
**Sent:** Tuesday, November 19, 2013 10:43 AM
**To:** 'gerards@branstetterlaw.com' (gerards@branstetterlaw.com); 'Ben Gastel' (beng@branstetterlaw.com); 'Chalos, Mark P.'; 'kristenjp@hbsslaw.com'; Kimberly A. Dougherty; Thomas Sobol
**Cc:** cj@gideoncooper.com; Chris J. Tardio (chris@gideoncooper.com); Matt H. Cline (matt@gideoncooper.com); Sarah Kelly (SKelly@nutter.com); 'lhollabaugh@babc.com' (lhollabaugh@babc.com); Puig, Yvonne K.; Hoffman, Eric
**Subject:** NECC MDL follow up

Dear Gerard—we appreciate your taking the time yesterday for a quick update call on the further responses Judge Saylor has requested as to our motion for reconsideration of MDL Order No. 7. As we discussed, we have not reached agreement on a number of important details of the proposals we circulated on October 23. You indicated that the PSC has apparently rejected our bellwether proposal and is proposing a concept like your description of the vaginal mesh and Accutane cases in which you indicated the plaintiffs essentially self-select into the bellwether pool and only if they do so will they provide a completed fact sheet and authorization for the release of full medical records and other records (social security, employment, etc.). I have not been able to find written confirmation of the process you described and have set up a call with friends of mine at Reed Smith who are representing some of the defendants in those MDLs to find out their views on the process. I also appreciate your offer to provide a written description of the bellwether process in case I missed a case management order that contained it.

We will continue our conversation on Friday after your meeting with the Trustee and the Creditors' Committee, but that is only 3 days before our responses are due to Judge Saylor are due, and we are concerned there will not be enough time to agree on the outstanding matters and avoid voluminous submissions to the court. Because the decisions thus far have required your consult with PSC members who have not been participating in our CMO and discovery calls, I am copying the other members of the PSC with whom we have had prior communications to ask them to participate in our call on Friday so that we can hopefully get as much resolved as possible.

Finally, you also indicated that the PSC has rejected our prior proposal for changes to the Protective Order because the PSC is not entertaining any changes to the Protective Order proposed by any of the Unaffiliated Defendants. As you know, none of the defendants who are represented on this email were parties to the MDL at the time the "stipulated protective order" was entered, and we had no input. As I indicated yesterday, our meet and confer obligation on this issue has been satisfied, and we will take the matter up with the court.

You also stated that the PSC might consider some Tennessee statutory language regarding communications with healthcare providers in the Protective Order, and we propose adding the following language to the Protective Order:

As authorized by T.C.A. 29-26-121, Defendants and their attorneys may obtain protected information during interviews, outside the presence of Plaintiffs or Plaintiffs' counsel, with Plaintiffs' treating healthcare providers, as defined by T.C.A. 29-26-101 and as identified by Plaintiffs in the Plaintiff Fact Sheet or as otherwise agreed between the parties or ordered by this Court, upon proper motion. Use or dissemination of any information obtained during these ex-parte communications shall be used solely for the purposes of prosecuting or defending civil claims in this Litigation or for purposes of Administering the NECP Bankruptcy Proceedings, including but not limited to the development and approval of a Chapter 11 plan, and for no other purpose without prior written approval from the Court, the Bankruptcy Court, or the prior written consent of the Plaintiffs or Plaintiffs' counsel.

We look forward to continuing the conversation on Friday.

Thanks!

Marcy

**Marcy Hogan Greer** | Partner
Fulbright & Jaworski LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701-4255, United States
Tel +1 512 536 4581 | Fax +1 512 536 4598
marcy.greer@nortonrosefulbright.com

# NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

*Our website and email addresses have changed—please update your records accordingly.*

This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure, copying or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to nrfus.postmaster@nortonrosefulbright.com.

Fulbright & Jaworski LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, and Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc), each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein. Details of each entity, with certain regulatory information, are at nortonrosefulbright.com. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.