Exhibit G2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>All Actions | ) ) ) ) ) ) ) ) ) ) )    MDL No. 1:13-md-2419-FDS |

MDL Order
No. 8
November 25, 2013

CASE MANAGEMENT ORDER

This Order establishes a discovery overview procedure in *In re New England Compounding Pharmacy, Inc., Products Liability Litigation*, MDL No. 1:13-md-2419-FDS ("the MDL"). This Order modifies or establishes certain deadlines for discovery and certain other events, and is based in part on the Court's previous Orders and proposals submitted by the Plaintiffs' Steering Committee ("PSC"). This Order amends and supersedes MDL Order No. 7.

1. **Definitions.** For purposes of this order, (a) the term "NECC" shall mean New England Compounding Pharmacy, Inc.; (b) the term "Affiliated Defendants" shall mean Barry Cadden, Lisa Cadden, Doug Conigliaro, Carla Conigliaro, Gregory Conigliaro, Glenn Chin, Alaunus Pharmaceutical, LLC, Ameridose, LLC, GDC Properties Management, Inc., Medical Sales Management and Medical Sales Management SW; (c) the term "Unaffiliated Defendants" shall mean all Defendants other than NECC or the Affiliated Defendants; (d) the term "National Defendants" shall mean all Unaffiliated Defendants who had service or consulting agreements or arrangements with NECC or the

1

Affiliated Defendants, but who did not purchase compounded product from NECC; and (e) the Plaintiff Profile Form shall mean the Confidential Personal Injury or Wrongful Death Claim Information Form required to be filed with the claim form ordered by the Bankruptcy Court in *In re New England Compounding Pharmacy, Inc.*, United States Bankruptcy Court for the District of Massachusetts, Case No. 12-19882-HJB along with a HIPAA-compliant medical release to be negotiated between the parties.

2. **Discovery from NECC and Affiliated Defendants.** This Order does not provide for discovery from NECC, which remains subject to the protections of the Bankruptcy Court, or the Affiliated Defendants. The Court recognizes that fairness requires that discovery be mutual and reciprocal, and expects to set a schedule for such discovery at a future date.

3. **Participants in Mediation Program**. The Court's Order on Mediation Program of August 15, 2013, exempts participating Defendants from various discovery obligations. In order to ensure that the litigation process is fair should attempts at mediation prove unsuccessful, the Court may find it appropriate to modify the deadlines in this Order, grant additional stays, or take such other action as justice may require.

4. **Discovery—Governing Rules.** Discovery shall be governed by the applicable Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts.

5. **Expert Discovery and Completion of Fact Discovery.** The Court will set deadlines for expert discovery and completion of fact discovery at a future date.

6. **Stipulated Protocols and Proposals.** As to the deadlines below for the parties to submit "stipulated proposals" or "stipulated protocols," the Court intends and expects that the parties will work together to address these matters. In the event, the parties are unable to

agree a stipulated proposal or protocol, they are to submit alternative proposals or protocols to the Court for resolution by the deadline provided below, absent agreement of the parties to extend those dates or further order of the Court.

7.  **Schedule**.  The Court sets the schedule below for the following events in this matter:

| Event | Dates/Deadline |
|---|---|
| Fact discovery of (1) NECC and (2) the Affiliated Defendants. | Stayed until further order of the Court. |
| Master Fact discovery of (1) the Unaffiliated Defendants, (2) non-parties, and (3) Plaintiffs. | Such discovery may continue, subject to the Mediation Order of August 15, 2013, as it may apply as to any participating Defendant. |
| Filing of Master Complaint against Affiliated Defendants | December 20, 2013 |
| Filing of short-form Complaints against the Unaffiliated Defendants for cases already pending in the MDL | December 20, 2013 |
| Filing of Master Answers, Motions to Dismiss the Master Complaint, or other omnibus, generic pleadings responsive to the Master Complaint by the Unaffiliated Defendants. | January 10, 2014, or, for Unaffiliated Defendants not yet served, thirty days from the date of service. |
| Responses to Motions to Dismiss or other responsive pleadings seeking to dismiss a party entirely from the Master Complaint. | Sixty days from the filing of the motion. |
| Filing of Answers, Motions to Dismiss, or other responsive pleadings by any Unaffiliated Defendants to Short Form Complaints | Stayed pending selection of the case as a bellwether case and filing of long form complaint. |
| Unaffiliated Defendants to provide list of cases where it alleges: 1) insufficiency of process; 2) non-compliance with state-specific pre-suit notice and expert requirements (including identifying the alleged deficiency); and 3) comparative fault (including identifying the parties alleged to be at fault). | December 11, 2013, or, for Unaffiliated Defendants not yet served, sixty days from the filing of a short form complaint |
| Parties to submit a stipulated protocol for Unaffiliated Defendants to have access to discovery previously obtained from NECC and Affiliated Defendants, additional discovery as permitted by this Court and | January 10, 2014 |

3

| Event | Dates/Deadline |
|---|---|
| the Bankruptcy Court from NECC and the Affiliated Defendants, and discovery from the National Defendants. | |
| Parties to submit a stipulated protocol for the discovery of electronically stored information (ESI), if ESI will be requested in discovery, that should include agreements reached as to: (i) the retention and production of ESI; (ii) the use of search terms or other means of forensic searches for ESI; (iii) the manner in which ESI subject to privilege and work product protection will be handled; and (iv) whether a court order will be requested (either on stipulation or otherwise) to address ESI. | December 13, 2013 |
| Parties to submit a stipulated Deposition Protocol. | December 13, 2013 |
| Service of Plaintiff Profile Form | January 29, 2014 |
| Parties to negotiate form of HIPAA release to be provided as part of Plaintiff Profile Form | December 13, 2014 |
| Parties to negotiate form of Plaintiffs' and Defendant's Fact Sheet for use after case is selected as a bellwether case. | February 28, 2014 |
| Parties to negotiate Bellwether Trial Selection protocol and discovery protocol to govern bellwether discovery | April 1, 2014 |
| Selection of six potential Bellwether Cases | May 1, 2014 |

**So Ordered.**

_____
F. Dennis Saylor IV
United States District Judge

Dated: November \_\_\_, 2013

4