UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>All Actions | MDL No. 1:13-md-2419-FDS |

[PROPOSED]
MDL Order
No. ___
November ___, 2013

## CASE MANAGEMENT ORDER
## REGARDING DISCOVERY PROTOCOLS

This order establishes a discovery overview procedure in *In re New England Compounding Pharmacy, Inc., Products Liability Litigation*, MDL No. 1:13-md-2419-FDS. This order modifies or establishes certain deadlines for discovery and certain other events, and is based in part on the **[stipulation and proposed order/proposals submitted by the Plaintiffs' Steering Committee ("PSC") and certain Unaffiliated Defendants.]** This order amends and supersedes MDL Order No. 7 to the extent that MDL Order No. 7 permits discovery.

1. **Definitions.** For purposes of this order, (a) the term "NECC" shall mean New England Compounding Pharmacy, Inc.; (b) the term "Affiliated Defendants" shall mean Barry Cadden; Lisa Cadden; Doug Conigliaro; Carla Conigliaro; Gregory Conigliaro; Glenn Chin; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, LLC; Medical Sales Management, Inc.; and Medical Sales Management

1



SW, Inc.; (c) the term "Unaffiliated Defendants" shall mean all Defendants other than NECC or the Affiliated Defendants; and (d) the term "National Defendants" shall mean all Unaffiliated Defendants who had service or consulting agreements or arrangements with NECC or the Affiliated Defendants, but who did not purchase compounded product from NECC.

2. **Scope of this Order.** This order applies only to the cases in which the following entities have been named as Defendants: Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); the Howell Allen Clinic, P.C. ("Howell Allen"); John W. Culclasure, M.D. ("Culclasure"); Debra V. Schamberg, R.N. ("Schamberg"); and Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, ~~and~~ Saint Thomas Health ("Saint Thomas Entities"), Specialty Surgery Center, Crossville, PLLC, and Kenneth R. Lister, M.D. All of these defendants will be referred to in this Order as the "Tennessee Defendants." This Order does not in any way apply to NECC, which remains subject to the protections of the Bankruptcy Court, or the Affiliated Defendants.

3. **Discovery from NECC and Affiliated Defendants.** This order does not provide for discovery from NECC, which remains subject to the protections of the Bankruptcy Court, or the Affiliated Defendants. The Court recognizes that fairness requires that discovery be mutual and reciprocal, and expects to set a schedule for such discovery at a future date.

4. **Participants in Mediation Program.** The Court's Order on Mediation Program of August 15, 2013, exempts participating defendants from various discovery obligations. In order to ensure that the litigation process is fair should attempts at mediation prove unsuccessful, the Court may find it appropriate to modify the deadlines in this order,

grant additional stays, or take such other action as justice may require.

5. **Discovery—Governing Rules.** Discovery shall be governed by the applicable Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts.

6. **Expert Discovery and Completion of Fact Discovery.** The Court will set deadlines for expert discovery and completion of fact discovery at a future date.

7. **Stipulated Protocols and Proposals.** As to the deadlines below for the parties to submit "stipulated proposals" or "stipulated protocols," the Court intends and expects that the parties will work together to address these matters. In the event that the parties are unable to agree a stipulated proposal or protocol, they are to submit alternative proposals or protocols to the Court for resolution by the deadline provided below, absent agreement of the parties to extend those dates or further order of the Court.

8. **Schedule.** The Court sets the schedule below for the following events in this matter (*initial proposals are in bold and italics/*new proposals follow):

| Event | Dates/Deadline |
|---|---|
| Parties to submit a stipulated proposal for the form of an Amended Protective Order. | *November 15, 2013*/November 25, 2013 |
| Parties to negotiate authorizations for medical and psychological/psychiatric records that comply with HIPAA and any applicable state law requirements, as well as appropriate authorizations for employment records where the Plaintiff seeks lost wages or earning capacity. | *November 15, 2013*/ December 18, 2013 |
| Parties to negotiate form of Plaintiffs' Fact Sheets | *November 20, 2013*/December 18, 2013 |
| Individual Plaintiffs to provide completed and fully executed Fact Sheets. | *TBD*/for Plaintiffs with cases against Tennessee Defendants already on file, to be provided, beginning December 20, 2013, and on a rolling basis until complete, by March 3, 2014 |

| Event | Dates/Deadline |
|---|---|
| Tennessee Defendants to provide Master Initial Disclosures that will be applicable in all cases in the MDL proceeding to which they are parties (document/ESI production is excluded from this deadline). | *December 18, 2013*/December 18, 2013 |
| PSC to provide Master Initial Disclosures for the Tennessee Defendants relating to documents and witnesses common to claims by STOPNC patients (not including documents to be produced) | *December 18, 2013*/December 18, 2013 |
| Parties to submit stipulated proposal for management of: (i) written discovery and objections, including use of master interrogatories, document requests, and requests for admission; (ii) privilege logs; and (iii) depositions, including the approximate number of depositions to be taken, the location of the depositions, a general description of the deponents, and an approximate number and type of non-party fact depositions that are anticipated.<br><br>In the cases filed against the Tennessee Defendants that are subject to bellwether orders, further discovery not addressed by this Order will be limited to cases selected for bellwether trials. All other discovery in cases involving the Tennessee Defendants is stayed until further order of this Court. | *November 20, 2013*/January 15, 2014 |
| Parties to submit a stipulated protocol for Unaffiliated Defendants to have access to discovery previously obtained from NECC and Affiliated Defendants, additional discovery as permitted by this Court and the Bankruptcy Court from NECC and the Affiliated Defendants, and discovery from the National Defendants. | *November 25, 2013*/December 20, 2013 |
| Parties to submit a stipulated protocol for the discovery of electronically stored information ("ESI"), if ESI will be requested in discovery, that should include agreements reached as to: (i) the retention and production of ESI; (ii) the use of search terms or other means of forensic searches | December 18, 2013 |

53036285.3                                            4

| Event | Dates/Deadline |
|---|---|
| for ESI; (iii) the manner in which ESI subject to privilege and work product protection will be handled; and (iv) whether a court order will be requested (either on stipulation or otherwise) to address ESI. | |
| Tennessee Defendants to serve master written discovery on PSC | December 20, 2013 |
| Parties to submit a stipulated Deposition Protocol. | January 15, 2014 |
| PSC to object and respond to Master Written Discovery from Tennessee Defendants | January 31, 2014 |
| Tennessee Defendants to begin rolling production of electronic documents[1] | March 17, 2014 **[90 days after ESI protocol is agreed or 60 days after court order on ESI is entered at January 10 status conference]** |

---

[1] The Tennessee Defendants will produce the paper documents they have previously produced in the state court proceedings after the Court has ruled on their request for a Second Amended Protective Order.

53036285.3          5

**So Ordered.**

                                                                        _____
                                                                        F. Dennis Saylor IV
                                                                        United States District Judge

Dated: November ___, 2013.