UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | )<br>)<br>)   MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

[PROPOSED]
MDL Order No. ___
November ___, 2013

CASE MANAGEMENT ORDER RELATED
TO BELLWETHER TRIAL SELECTION
FOR SPECIALTY SURGERY CENTER,
CROSSVILLE CASES

This order establishes the protocol for selecting bellwether cases for initial trials in *In re New England Compounding Pharmacy, Inc., Products Liability Litigation*, MDL No. 1:13-md-2419-FDS ("MDL") for certain cases involving Tennessee Plaintiffs, as defined below.

1. **Definitions.** For purposes of this order, (a) the term "NECC" shall mean New England Compounding Pharmacy, Inc.; (b) the term "Affiliated Defendants" shall mean Barry Cadden; Lisa Cadden; Doug Conigliaro; Carla Conigliaro; Gregory Conigliaro; Glenn Chin; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, Inc; Medical Sales Management; and Medical Sales Management SW; (c) the term "Unaffiliated Defendants" shall mean all

53036145.3


DEFENDANT'S EXHIBIT C

defendants other than NECC or the Affiliated Defendants; and (d) the term "Bellwether Cases" shall mean the first individual cases selected for trial.

2. **Scope of this Order.** This order applies only to the cases in which the following entities have been named as Defendants: ~~Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); the Howell Allen Clinic, P.C. ("Howell Allen"); John W. Culclasure, M.D. ("Culclasure"); Debra V. Schamberg, R.N. ("Schamberg"); and Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health ("Saint Thomas Entities").~~ Specialty Surgery Center, Crossville, PLLC, and Kenneth R. Lister, M.D. All of these defendants will be referred to in this Order as the "Defined Tennessee Defendants." This Order does not in any way apply to NECC, which remains subject to the protections of the Bankruptcy Court, or the Affiliated Defendants.

3. **Participants in Mediation Program.** The Court's Order on Mediation Program of August 15, 2013, exempts participating defendants from various discovery obligations. In order to ensure that the litigation process is fair should attempts at mediation prove unsuccessful, the Court may find it appropriate to modify the deadlines in this order, grant additional stays, or take such other action as justice may require.

4. **Expert Discovery and Completion of Fact Discovery.** The Court will set deadlines for expert discovery and completion of fact discovery at a future date.

5. **Schedule.** The Court hereby sets the schedule below for the following events in this matter:

| Event | Dates/Deadline |
|---|---|
| After Plaintiffs' Fact Sheets ("PFS") are provided for all Tennessee Plaintiffs with claims against the Defined Tennessee Defendants above and their medical records have been obtained, the PSC and Defendants to identify: (i) cases in which the *Lexecon* waiver applies; (ii) cases where Judge Saylor can preside in the M.D. Tenn.; or (iii) whether there are sufficient cases in either forum for an adequate bellwether pool. | April 15, 2014 |
| PSC and Defined Tennessee Defendants shall submit a proposed scheduling order that addresses: (i) the proposal for addressing *Lexecon* waivers; (ii) the size of the initial bellwether pool; and (iii) the categorical makeup of the trial pool (identify the major litigation variables, such as type of injury alleged, age group, prior health history, etc.). | April 15, 2014 |
| PSC and Defined Tennessee Defendants select ~~eight~~ four cases each as proposed bellwether trial candidates from those in the defined available pool ("Initial Pool"). Each side will have ~~up to two~~ one strikes for the cases selected by the other side. The bellwether case trial order will be determined after completion of individual discovery of the Initial Pool cases. | June 16, 2014 |
| Deadline for completion of depositions of plaintiffs, treating physicians, and other fact witnesses in Initial Pool | August 15, 2014 |
| Parties will submit an agreed upon list of ~~four~~ two recommended bellwether trial selections, or, if they are unable to reach agreement, each party will submit to the Court its ~~four~~ two selections, along with the reasons for the selections in position papers. The Court will then select ~~four~~ two representative cases for initial bellwether trials and establish the order in which these cases should be tried. Once cases have been identified for initial | August 29, 2014 |

bellwether trials, the parties will follow the protocol set forth in MDL Order No. __, Case Management Order Regarding Discovery, to the extent the parties have not reached the deadlines set forth in MDL Order No. __. The Court will adopt further orders for fact and expert discovery, motions, and other pre-trial matters in the bellwether cases.

Once a case has been selected for an initial bellwether trial, it may only be dismissed by the plaintiff with prejudice.  If a case selected for an initial bellwether trial is voluntarily dismissed by the plaintiff, then the Court shall replace that case with one selected by the Defined Tennessee Defendants.

**So Ordered.**

_____
F. Dennis Saylor IV
United States District Judge

Dated:  November ___, 2013