UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All Cases with Tennessee Defendants ) <br> _____ ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (FDS) |

**JOINDER OF TENNESSEE CLINIC AND PHYSICIAN DEFENDANTS IN
SAINT THOMAS ENTITIES' (1) MOTION TO STAY OBJECTIONS AND RESPONSES
TO DISCOVERY PENDING SUBMISSION OF A DISCOVERY PLAN
AND (2) MOTION FOR SECOND AMENDED PROTECTIVE ORDER
AND
MOTION OF THESE TENNESSEE CLINIC AND PHYSICIAN DEFENDANTS FOR
ENTRY OF DISCOVERY PLAN**

These Defendant Tennessee clinics and physicians – Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), Howell Allen Clinic, a Professional Corporation ("Howell Allen"), John W. Culclasure, M.D. ("Dr. Culclasure"), Debra V. Schamberg, R.N. ("Nurse Schamberg"), Specialty Surgery Center, Crossville, PLLC ("SSC"), and Kenneth R. Lister, M.D. ("Dr. Lister") (collectively "Tennessee Clinic and Physician Defendants") – have been named in various combinations as defendants in 100+ MDL suits.[1]

---

[1] STOPNC is Tennessee clinic that purchased MPA from NECC. It has 100+ suits pending against it. SSC is a separate and distinct Tennessee clinic that purchased MPA from NECC. It has 20+ suits pending against it. STOPNC and SSC are represented by the same counsel, but they are unrelated. The Saint Thomas Entities are a hospital represented by separate counsel. Howell Allen, Dr. Culclasure, and Nurse Schamberg, along with the Saint Thomas Entities, are named in suits against STOPNC in various combinations. Dr. Lister is named in some of the suits pending against SSC.

1

Although the Tennessee Clinic and Physician Defendants do not have identical interests in all respects, and although their interests do not align with the Saint Thomas Entities'[2] interests in all respects, the Tennessee Clinic and Physician Defendants and the Saint Thomas Entities do align in their desire to have a discovery plan put in place to efficiently manage responding to complaints, responding to written discovery, and the conduct of oral discovery.

In furtherance of that interest, the Tennessee Clinic and Physician Defendants previously joined in the Saint Thomas Entities' Motion to Reconsider MDL Order No. 7[3], filed on September 26, 2013, and in the joint efforts to reach agreements with the PSC on a more organized, efficient, and equitable protocol to manage these Tennessee Defendants' responses to complaints and responses to discovery.[4] Unfortunately, the Tennessee Clinic and Physician Defendants and Saint Thomas Entities have not agreed on a global case management plan with the PSC, necessitating these filings.

With this Joinder, the Tennessee Clinic and Physician Defendants join in the following motions of the Saint Thomas Entities:

1. Motion to Stay Objections and Responses to Discovery Pending Submission of a Discovery Plan and Amended Protective Order

2. Motion for Second Amended Protective Order.

---

[2] The "Saint Thomas Entities" are Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.
[3] Dkt. 457 (Motion to Reconsider); Dkt. 459, 506 (Joinders of these Tennessee Clinic and Physician Defendants).
[4] *See*, attached as Exhibit 1 to this Joinder, the Affidavit of Chris J. Tardio, Esq.

In addition, the Tennessee Clinic and Physician Defendants move this honorable Court to enter a "discovery plan" to govern the organized and efficient conduct of initial "master" written discovery and initial "common" depositions in Tennessee cases. With a case of this complexity and magnitude, a FRCP 26(f) "discovery plan" will organize and make more efficient the initial written and oral discovery of these Tennessee Defendants.[5]

By so joining and moving, the Tennessee Clinic and Physician Defendants request that this honorable Court:

1. Stay their obligation to provide responses to written discovery pending entry of a discovery plan and amended protective order for the reasons set out in the motion of the Saint Thomas Entities.

2. Enter the Second Amended Protective Order proposed by the Saint Thomas Entities.

3. Enter these Defendants' proposed "discovery plan," attached as Exhibit 2 to this pleading, or enter a similar plan to govern the conduct of initial "master" discovery (both written and oral) in Tennessee cases.

---

[5] For instance, STOPNC and Howell Allen answered 125 interrogatories, 251 requests for production, and 60 requests for admissions in these actions in state court before they ultimately landed in federal court in the MDL. Thus, the PSC has already "discovered" much of the information it assumedly seeks for cases involving STOPNC and Howell Allen. Yet, the PSC has now issued to these Defendants three separate subpoenas, 105 interrogatories, 188 requests for production, and 128 requests for admissions. Not counting subparts, but counting the state court discovery, that is roughly *800* total discovery requests directed to these Tennessee Defendants. *Many* of these are duplicative. But, significant time and expense is being expended determining what is duplicative, what is new, and what limits need to be placed on this initial written discovery. Plus, the PSC has begun issuing subpoenas for non-party depositions, prior to completion of even the first round of written discovery in the MDL. It is time to step back and create a plan to exchange written information and then conduct oral discovery, in an efficient and cost-effective manner.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/Chris J. Tardio_____
**C.J. Gideon, Jr.** (admitted *pro hac* vice)
**Chris J. Tardio** (admitted *pro hac* vice)
**Matthew H. Cline**
**John-Mark Zini**
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph:  (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for STOPNC, Howell Allen, John W. Culclasure, M.D., Debra V. Schamberg, R.N., SSC, and Kenneth R. Lister, M.D.***

### CERTIFICATE OF SERVICE

This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 25th day of November, 2013.

/s/Chris J. Tardio_____
**Chris J. Tardio**