UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION )
 ) MDL No. 2419
 ) Dkt. No 1:13-md-2419 (FDS)
THIS DOCUMENT RELATES TO: )
 )
All Cases with Tennessee Defendants )
 )

**Proposed FRCP 26(f)/Local Rule 16.1 Discovery Plan for
Cases Against Tennessee Health Care Providers
Specifically for Initial Written and Oral Discovery**

Come Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), Howell Allen Clinic, a Professional Corporation ("Howell Allen"), John W. Culclasure, M.D. ("Dr. Culclasure"), Debra V. Schamberg, R.N. ("Nurse Schamberg"), Specialty Surgery Center, Crossville, PLLC ("SSC"), and Kenneth R. Lister, M.D. ("Dr. Lister") (collectively, "these Defendants") and file this Proposed Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1.

Counsel for these Defendants and counsel for the Saint Thomas Entities[1] have conferred with the Plaintiffs' Steering Committee ("PSC") on multiple occasions regarding multiple issues, including discovery[2], but no agreement has been reached on a FRCP 26(f) discovery plan (or, frankly, even the need to have one in place).

---

[1] Saint Thomas West Hospital, Saint Thomas Health, and Saint Thomas Network.
[2] See Declaration of Marcy Hogan Greer (Saint Thomas Entities counsel) and Affidavit of Chris J. Tardio, Esq. (these Defendants' counsel), filed contemporaneously with this pleading, setting out the various efforts to confer on these and related issues.

DEFENDANT'S EXHIBIT 2

Accordingly, these Defendants respectfully submit this Proposed Discovery Plan in conjunction with the various Proposed Case Management Orders, including in particular a proposed CMO as to discovery, also being filed today by the Saint Thomas Entities and these Defendants:

I. **COMMON DISCOVERY**[3]

    a. **Common Initial Disclosures**

        i. The PSC and these Defendants will make Common Initial Disclosures providing the information required by FRCP 26(a)(1) by December 18, 2013.

    b. **Master Set of Written Common Discovery**

        i. The PSC and these Defendants may serve Master Common Written Discovery by December 20, 2013, subject to the limits set forth below:[4]

            1. 200 Requests for Admissions

            2. 40 Interrogatories

            3. 60 Requests for Production.

        ii. If a party wishes to exceed these limitations, it must seek leave of the Court or agreement of the parties.

        iii. Parties must respond to Master Common Written Discovery by February 20, 2014.[5]

---

[3] Common discovery is discovery that will apply to most if not all cases against these Defendants, as opposed to discovery that will apply only to a given individual case.

[4] The PSC has already served its Master Written Common Discovery on these Defendants. These Defendants are in the process of answering it. These Defendants have not yet served their initial round of written interrogatories and requests for production, choosing to (1) wait for the round of initial disclosures as contemplated by the federal rules and (2) seek entry of a plan organizing initial production before launching into sending hundreds of requests.

      iv.    Any Motions to Compel pertaining to responses to the Master Common Written Discovery must be filed by March 20, 2014.

  **c.    Common Depositions**

      i.    Depositions of witnesses regarding common Tennessee issues may begin as early as February 20, 2014, unless there are discovery disputes over the initial "master" written discovery. If there are such disputes, depositions of witnesses regarding common Tennessee issues may begin no later than 45 days after discovery disputes related to the "master" initial written discovery are resolved by agreement of the parties or by the Court.

      ii.    Absent permission from the Court or agreement of the parties, depositions shall be limited to one (1) day of seven (7) hours pursuant to FRCP 30(d)(1).

      iii.    Absent permission from the Court or agreement of the parties, parties shall be limited to ten depositions pursuant to FRCP 30(a)(2)(A)(i).

      iv.    The Plaintiffs' Steering Committee shall be limited to one questioning-attorney for each deposition.

      v.    Depositions shall occur at a time and location agreed upon by the parties for the mutual convenience of the parties and the deponent.

---

[5] The parties anticipate entering into a stipulated protocol for the production of ESI.

vi. The parties additionally need to meet and confer regarding the sequencing of depositions for Plaintiffs, parties, and non-party witnesses and the necessity of cross-noticing depositions in individual proceedings.

II. **CASE-SPECIFIC DISCOVERY**[6]

a. Case-Specific Discovery, including case-specific depositions, will commence after selection of the Initial Bellwether Pool as described in the concurrently filed Proposed Case Management Orders Regarding Bellwether Selection.

---

[6] Case-specific discovery is discovery that pertains to an individual suit.