# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | **Document Electronically Filed**<br><br>MDL No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO: *Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410 | |

## NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT

**TO:**   Michael F. Barrett, Esq.
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053
Attorney for plaintiff

## ON FURTHER NOTICE TO:

Frederick H. Fern, Esq.
Harris Beach, PLLC
One Gateway Center, Suite 2500
Newark, NJ 07102

Franklin H. Levy, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, MA 02210

Walter F. Timpose, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemle Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

Matthew Moriarty, Esq.
Tucker Ellis, LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115

Stephen A. Grossman, Esq.
Montgomery, McCracken, Walker & Rhoads, LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002

**PLEASE TAKE NOTICE THAT** the undersigned shall apply to the United States

District Court for the District of Massachusetts, at the United States District Court, 1 Courthouse

Way, Boston, Massachusetts 02210, for an Order granting the moving party Summary Judgment

and dismissing plaintiff's Complaint with prejudice for plaintiff's failure to serve a proper

Affidavit of Merit.

**TAKE FURTHER NOTICE** that this motion is submitted pursuant to FRCP 56.

Reliance shall be placed on the attached Certification, Statement of Undisputed Material Facts

and Brief.

No trial date, pretrial conference or calendar calls have been scheduled in this matter.

A proposed form of Order is submitted herewith.

LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

Joseph R. Lang, Esquire

DATED: **December 5, 2013**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC. PRODUCTS
LIABILITY LITIGATION

**Document Electronically Filed**

MDL No. 1:13-md-2419-FDS

THIS DOCUMENT RELATES TO:
*Ramos v. New England Compounding
Pharmacy, Inc. et al.*, Docket No. 13-cv-10410

## CERTIFICATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

I, Joseph R. Lang, Esquire, upon my oath, do hereby state:

1. I am an attorney-at-law licensed to practice in the State of New Jersey, and a member of the law firm of LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC, for the defendant, **Nitesh Bhagat, M.D.** As such, I am fully familiar with the facts and circumstances surrounding this case and make this Certification in support of defendant's Motion to Dismiss the Plaintiff's Complaint With Prejudice for Plaintiff's Failure to Serve a Proper Affidavit of Merit.

2. This case is a complex medical malpractice matter involving the administration of an epidural injection by Dr. Nitesh Bhagat, M.D., a board certified radiologist. See copy of Dr. Bhagat's CV attached hereto as Exhibit A.

3. An Answer to plaintiff's Complaint was filed and served upon plaintiff on July 11, 2013. See Document #40 of the Docket Sheet for electronic filed documents for this individual case.

4. Our Answer made a request for an Affidavit of Merit and this request was further made in the Notice to Produce Documents served upon plaintiff's counsel in this case by correspondence dated January 18, 2013. See copy of letter and Notice to Produce Documents attached to this Certification as Exhibit B.

5. An Affidavit of Merit was to be served by plaintiffs by no later than November 8, 2013.

6. We had previously attempted to file an Answer to the Complaint in State Court only to find out that the case had been removed to Federal Court for the District of New Jersey. Furthermore, we attempted to file an Answer in the Federal Court in New Jersey only to learn that the case had been transferred to the MDL Docket in Federal Court in the District of Massachusetts.

7. As a result, the plaintiff was well aware of our representation of Dr. Bhagat before I was able to obtain pro hac vice admission in order to formally file the Answer on behalf of Dr. Bhagat.

8. The plaintiff served an Affidavit of Merit by correspondence dated March 13, 2013. See copy of correspondence attached hereto as Exhibit C.

9. The plaintiff served the Affidavit of Merit of Brian Currie, M.D., who states in his Affidavit that he is board certified in the specialty of infectious diseases. See a copy of Dr. Currie's Affidavit of Merit attached hereto as Exhibit D.

10. By correspondence dated September 25, 2013, I advised plaintiff's counsel that I was objecting to the Affidavit of Merit of Dr. Currie due to the fact that it did not meet statutory requirements because Dr. Currie is not board certified in the same specialty as Dr. Bhagat. See copy of correspondence attached hereto as Exhibit E.

11.     Attached hereto as Exhibit F is a copy of information from the American Board of Radiology describing the specialty of Diagnostic Radiology and the subspecialty of Neuroradiology.

12. As a result of plaintiff's failure to serve a proper Affidavit of Merit as set forth above and as set forth in our accompanying brief, this defendant respectfully requests that the Court enter an Order granting this defendant Summary Judgment and dismissing the plaintiff's Complaint with prejudice for plaintiff's failure to serve a proper Affidavit of Merit.

13.     Attached hereto as Exhibit G is a Statement of Undisputed Material Facts in support of this motion.

I herby certify that the foregoing statements made by me are true. I acknowledge that if any of the foregoing are willfully false, I am subject to punishment.

LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

Joseph R. Lang, Esquire

DATED: **December 5, 2013**

# Exhibit A

# NITESH N. BHAGAT

785 Chelsea Glenn Rd. Clarksboro, NJ 08020 • Phone: (732) 824-8085
niteshbhagat@gmail.com

**WORK EXPERIENCE**

*Regional Diagnostic Imaging, LLC*                    *March 29 2010-present*
Staff Diagnostic Radiologist
1505 W. Sherman Ave
Vineland, NJ 08360

*Radiology Associates of the Mainline*               *July 1 2009-March 26 2010*
*Staff Diagnostic Radiologist*
*407 Longview Dr.*
West Chester, PA 19380

*Combined Neuro/MSK MRI Fellowship*                  *July 1 2008-June 30 2009*
Thomas Jefferson University Hospital
132 S. 10ᵗʰ St. Suite 1072
Philadelphia, PA 19107

**Diagnostic Radiology Residency**                   July 1 2004-June 30 2008
**Certified by the American Board of Radiology**              June 03, 2008
Thomas Jefferson University Hospital
132 S. 10ᵗʰ St. Suite 1072
Philadelphia, PA 19107

*Transitional Internship*                             *July 1 2003-June 30 2004*
*Detroit Medical Center/Wayne State University*
6071 W. Outer Dr., Detroit, MI 48235

*Tutor in Gross Anatomy*                              *Aug 2000-Aug 2001*
Wayne State University School of Medicine
Detroit, Michigan

**Home Health Care Worker**                           May 1997-July 1999
Interdependence Inc., Sterling Heights, Michigan
Assisted handicapped individuals with activities of daily living.

**EDUCATION**

**Doctor of Medicine**                                Aug 1999-Jun 2003
**Wayne State University School of Medicine**
**540 E. Canfield Detroit, MI 48201**

**Bachelor of Science in Biology**                    Sept 1994-May 1998
University of Michigan
Ann Arbor, Michigan 48103

| **VOLUNTEER**<br>***ACTIVITIES*** | **Hospital Volunteer**<br>*University of Michigan Hospital*<br>Ann Arbor, Michigan 48103 | Sept 1995-May 1997 |
| | **Home Construction Volunteer**<br>Habitat for Humanity, Ann Arbor, Michigan | Sept 1996-May 1997 |

**LANGUAGES**          **Hindi, Gujarati**

| ***ASSOCIATION***<br>**MEMBERSHIPS** | ***Alpha Omega Alpha Honor Medical Society*** | *2002* |
| | **Phi Kappa Phi Honor Society** | 1998 |
| | **Golden Key National Honor Society** | 1996 |
| ***AWARDS &***<br>***HONORS*** | *Year end honors after the 1st, 2nd, and 3rd years of medical school* | |
| | ***James B. Angell Scholar at the Univesity of Michigan*** | 1998 |
| | **Two time Class Honors at the University of Michigan** | 1996,1997 |

### PRESENTATIONS:

Oral Presentation:  Bhagat N, Zoga A, Morrison W. "Mensical Tear Criteria at Low Field Strength: Correlation of Findings on a 0.3T Open System with Arthroscopy". 5/10/2007. American Roentgen Ray Society. Orlando, Florida.

ACR Case in Point web based presentation:  Bhagat N, Thomas J. "Polyarteritis Nodosa".  1/09/2008. www.acr.org.

ACR Case in Point web based presentation: Bhagat N, Gupta N. "Cystic Bronchiectasis". 10/04/2006. www.acr.org.

ACR Case in Point web based presentation: Bhagat N, Kim S. "Carney Triad". 2/27/2006. www.acr.org.

# Exhibit B

# LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY

A LIMITED LIABILITY COMPANY
COUNSELLORS AT LAW
3131 PRINCETON PIKE – 1B, SUITE 104
LAWRENCEVILLE, NEW JERSEY 08648

(609) 896-2000

FAX (609) 895-1693

RUDOLPH A. SOCEY, JR., P.C.‡†
ROLAND R. FORMIDONI
ROBERT P. CASEY, P.C.
GREGORY J. GIORDANO†
JEREMY P. COOLEY*†
JOSEPH R. LANG‡

*MEMBER OF N.J. AND PA. BAR
**MEMBER OF N.J. PA & N.Y. BAR
***MEMBER OF N.J. & N.Y. BAR
‡CERTIFIED AS A CIVIL TRIAL ATTORNEY

MICHAEL J. HERON*
ROBERT F. CASEY, P.C.
PATRICK F. CARRIGG***
CASEY R. LANGEL
MICHAEL A. PATTANITE, JR.
MICHAEL J. MASELLI

GEORGE WILGUS, III*
OF COUNSEL
SAMUEL D. LENOX
1922-1975

January 18, 2013

Michael F. Barrett, Esq.
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053

> Re:  Ramos v Bhagat
> Docket No.: CUM-L-994-12

Dear Mr. Barrett:

Please be advised that I represent Dr. Nitesh Bhagat in the above-referenced matter. I enclose herewith a copy of the Answer I have sent for filing on behalf of this defendant. Please advise me of the name and address of any other attorneys representing other parties in this case.

A demand is hereby made for Answers to Uniform Interrogatories Form A(1) and Supplemental Interrogatories to be answered by your client. The Supplemental Interrogatories are enclosed. Please have the Interrogatories answered within the time prescribed by the Rules of Court. I have further enclosed a Notice for Production of Documents to be answered within the time prescribed by the Rules of Court. I have further enclosed a notice to take the videotaped deposition of the plaintiff.

Thank you for your cooperation in this regard.

Very truly yours,

Joseph R. Lang
For the Firm

JRL:ldz
Enclosures

**LENOX, SOCEY, FORMIDONI, GIORDANO,**
  **COOLEY, LANG & CASEY, LLC**
3131 Princeton Pike, Building 1B, Suite 104
Lawrenceville, New Jersey 08648
(609) 896-2000
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

| | |
|---|---|
| JOSE A. RAMOS,<br><br>                                    Plaintiff, <br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE LLC, ALAUNUS PHARMACEUTICAL, LLC, SOUTH JERSEY HEALTHCARE, SOUTH JERSEY REGIONAL MEDICAL CENTER, **NITESH BHAGAT, M.D.,** JOHN DOE(S) CORPORATIONS (1-4), and JOHN DOE(S), M.D. (1-3),<br><br>                                    Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - CUMBERLAND COUNTY<br>DOCKET NO.: CUM-L-994-12<br><br>CIVIL ACTION<br><br>**NOTICE TO PRODUCE** |

**PLEASE TAKE NOTICE** that on **February 22, 2013** at 10:00

a.m. at the offices of LENOX, SOCEY, FORMIDONI, GIORDANO,

COOLEY, LANG & CASEY, LLC, demand is hereby made pursuant

to **R.** 4:18, for the following:

**TAKE FURTHER NOTICE**, that this demand shall be a

continuing one so that any documents subsequently obtained

which are requested pursuant to the categories herein shall

be produced in accordance with the provisions of **R.** 4:18,

as soon as is practical.

1.    Affidavit of Merit;

2.    All medical records and correspondence from all
of plaintiff's treating and/or examining physicians,
dentists, chiropractors and/or other practitioners of the
medical arts relating in any way to the claims in the
instant litigation.

3.    Complete medical charts from all medical
institutions for in-patient and/or out-patient treatment
and/or diagnostic studies, including original radiographic
films and billing information.

4.    All correspondence and documents forwarded by
plaintiff or plaintiff's counsel, or on behalf of
plaintiff's counsel by third parties, to any expert
expected to testify at trial.

5.    The entire file maintained by experts whom
plaintiff intends to call at trial including, but not
limited to, any notes or draft reports, billing statements,
x-ray films and/or other studies.

6.    All documents, papers, records, photographs,
diagrams, movies and any other things which relate in any
way to this action which plaintiff intends to utilize in
any manner or offer as evidence at the trial of this
matter.

7.   All medical bills for which recovery is sought, together with all reports, studies and/or other writings which set forth the amount of medical bills which the plaintiff has incurred or may incur in the future.

8.   All bills, invoices, cancelled checks and/or any other documents, papers, records or writing, evidencing monetary expenses for which recovery is sought.

9.   All correspondence or other documents which relate to a third-party payment of medical or hospital bills or other bills for which recovery is sought, including but not limited to correspondence between treating physicians, and third-party medical, disability and workers' compensation insurance providers.

10.  All correspondence and memoranda of conversation between plaintiff and defendant and/or plaintiff's attorney and defendant.

11.  Copies of all medical records in plaintiff's possession.

12.  Reports and CV of any proposed experts.

13.  Any and all reports from treating physicians.

14.  Any and all statements taken or obtained including, but not limited to, summaries of oral statements or interviews.

15.   All records obtained from this answering party, as well as any other answering party.

16.   Copies of all correspondence and pleadings exchanged between plaintiff's counsel and any other answering defendant.

17.   Copies of the exact pages of any and all published treatises, periodicals, articles, pamphlets or any other written literature that plaintiff or plaintiff's expert(s) will offer as substantive evidence at the time of trial.

18.   Copies of the exact pages of any and all published treatises, periodicals, articles, pamphlets or any other written literature that plaintiff will offer as substantive evidence or rely upon at the time of trial to examine or cross-examine any witness or expert witness.

19.   Identify and attach hereto copies of any and all published treatises, periodicals, articles, pamphlets, or other literature authored or co-authored by plaintiff's experts which pertain to the subject matter of this case.

20.   Copies of any and all statement(s) and/or testimony under oath by defendant in plaintiff's or plaintiff's attorney's possession.

21.   A complete and true copy of plaintiff's health insurance card and/or health card in effect at the time of the alleged injury and for each year subsequent thereto.

22.   Provide all written documentation of plaintiff's entitlement to Medicare at the time of the alleged injury and for any year through the present.

23.   A complete and accurate list of any and all medical expenses paid on behalf of plaintiff by Medicare along with copies of any documentation regarding said payments.

LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

Joseph R. Lang, Esq.

DATED:   **January 18, 2013**

# Exhibit C



# SALTZ MONGELUZZI
## BARRETT & BENDESKY P.C.
### TRIAL LAWYERS

DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053
VOICE 856.751.8383
FAX 856.751.0868

MICHAEL F. BARRETT
DIRECT DIAL (215) 575-2986
MFBARRETT@SMBB.COM

MARY T. GIDARO
DIRECT DIAL (215) 575-2979
MTGIDARO@SMBB.COM

MONTGOMERY COUNTY OFFICE
43 EAST MARSHALL STREET
NORRISTOWN, PA 19401
VOICE 610.278.1591
FAX 610.272.2549

March 13, 2013

**_CERTIFIED MAIL – RETURN RECEIPT REQUESTED_**

Joseph R. Lang, Esquire
LENOX SOCEY FORMIDONI
   GIORDANO COOLEY LANG & CASEY
3131 Princeton Pike -1B
Lawrenceville, NJ 08648

Stephen A. Grossman, Esquire
MONTGOMERY, McCRACKEN,
   WALKER & RHOADS, LLP
Liberty View, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002

Re:    *Rivera v. New England Compounding Center, et al.*
       *Ramos v. New England Compounding Center, et al.*

Dear Counsel:

Pursuant to N.J.S.A. 2A-53A-26, enclosed please find the Affidavits of Merit of Brian Currie, M.D., regarding South Jersey Healthcare, South Jersey Regional Medical Center, Nitesh Bhagat, M.D. and John Doe(s), M.D., in connection with the above-referenced matters.

If you have any objections, please contact us as soon as possible to discuss same.

Very truly yours,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

MICHAEL F. BARRETT
MARY T. GIDARO

/bp
Enclosures



# Exhibit D

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
8000 Sagemore Drive
Suite 8303
Marlton, NJ 08053
856-751-8383 (tele)
856-751-0868 (fax)
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| Plaintiff, | ***SUPERIOR COURT OF NJ*** |
| JOSE A. RAMOS, | ***CUMBERLAND COUNTY*** |
| | ***LAW DIVISION*** |
| vs. | |
| Defendants, | ***Docket No. CUM-L-0904-12*** |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER; AMERIDOSE, LLC; ALAUNUS PHARMACEUTICAL, LLC; SOUTH JERSEY HEALTHCARE; SOUTH JERSEY REGIONAL MEDICAL CENTER; NITESH BHAGAT, M.D.; JOHN DOE(S) CORPORATIONS (1-4); JOHN DOE(S), M.D. (1-3). | **CIVIL ACTION**  **AFFIDAVIT OF MERIT** |

Brian Currie, M.D., of full age, being duly sworn according to law, upon his oath,

deposes and says:

1.   I am a physician currently licensed to practice medicine in New York.

2.   I have been Board Certified in Infectious Diseases since 1994.

3.   I have been the Vice President and Medical Director of Research for at least five years and have devoted the majority of my professional time for the year prior to 9/10/2012 to hospital administration and Joint Commission (JCAHO) preparedness; also I have been responsible for the oversight of infection control activities at Montefiore Medical Center since 1991; also from 2006 to the present I have been a Professor of Medicine and Professor of Epidemiology and Population Health at Albert Einstein College of Medicine.

4.      In my opinion, there exists a reasonable probability that the care, skill and knowledge exercised by South Jersey Healthcare, South Jersey Regional Medical Center, Nitesh Bhagat, M.D. and John Doe(s), M.D., in the treatment and/or care of Jose A. Ramos fell outside the acceptable professional standards and practices.

5.      I have no financial interest in the outcome of this litigation.

6.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_Brian Currie MD_

BRIAN CURRIE, M.D.

Vernell Deveaux
NOTARY PUBLIC • STATE OF NEW YORK
No. 03-4377914
Qualified in Bronx ... 2003
Comm. ... ... 2015

Sworn to and subscribed before

me this 5 day of March 2013

_Vernell Dulaux_
NOTARY PUBLIC
New York State, Bronx County

## NOTICE:

If any defendants contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit Statute _N.J.S.A._ 2A:53A-26 et seq. and/or The New Jersey Medical Care Access and Responsibility and Patients First Act of 2004, _N.J.S.A._ 2A:53A-38 et seq. in any way, demand is hereby made that the defendant immediately notify the plaintiff of any such alleged deficiencies so that same may be corrected  if necessary and within the time constraints of _N.J.S.A._ 2A:53A-26 et seq.

**Exhibit E**

# LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY

A LIMITED LIABILITY COMPANY
COUNSELLORS AT LAW
3131 PRINCETON PIKE – 1B, SUITE 104
LAWRENCEVILLE, NEW JERSEY 08648

(609) 896-2000

FAX (609) 895-1693

RUDOLPH A. SOCEY, JR., P.C.† †
ROLAND R. FORMIDONI
ROBERT P. CASEY, P.C.
GREGORY J. GIORDANO†
JEREMY P. COOLEY*†
JOSEPH R. LANG‡

*MEMBER OF N.J. AND PA. BAR
**MEMBER OF N.J. PA & N.Y. BAR
***MEMBER OF N.J. & N.Y. BAR
‡CERTIFIED AS A CIVIL TRIAL ATTORNEY

MICHAEL J. HERON*
ROBERT F. CASEY, P.C.
PATRICK F. CARRIGG***
MICHAEL A. PATTANITE, JR.
MICHAEL J. MASELLI
AMBIKA SHANI*

SAMUEL D. LENOX
1922-1975

September 25, 2013

Michael F. Barrett, Esq.
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053

      Re:   Ramos v Bhagat
            MDL No. 1:13-md-2419-FDS

Dear Mr. Barrett:

      I am in receipt of plaintiff's Affidavit of Merit from Dr. Brian Currie concerning the above referenced matter. I object to this Affidavit as it is insufficient and does not meet the statutory requirements. Specifically, based upon the New Jersey Supreme Court in the case of Nicholas v. Mynster issued in April of this year, your are required to produce an Affidavit of Merit from a physician who specializes in the same specialty as Dr. Bhagat. Dr. Currie is not board certified in the same specialty with which Dr. Bhagat is board certified. Since the Answer to your Complaint was filed on behalf of Dr. Bhagat on July 11, 2013, the plaintiff has until November 8, 2013 within which time to serve a proper Affidavit of Merit or a motion to dismiss will be filed.

      Please be guided accordingly.

                     Very truly yours,

                     Joseph R. Lang
                     For the Firm

JRL:klm
cc:   Frederick H. Fern, Esq.
      Franklin H. Levy, Esq.
      Walter F. Timpose, Esq.
      Matthew Moriarty, Esq.
      Stephen A. Grossman, Esq.

# Exhibit F



**AMERICAN BOARD of RADIOLOGY**

## General Information

### About the ABR

### RADIOLOGY SPECIALTIES AND SUBSPECIALTIES

#### What is a Radiologist?

A radiologist is a physician who uses imaging methodologies to diagnose and manage patients and provide therapeutic options. The American Board of Radiology (ABR) certifies physicians and physicists practicing in the field of radiology who specialize in diagnostic radiology, radiation oncology, or medical physics.

Diagnostic radiologists may subspecialize in neuroradiology, nuclear radiology, pediatric radiology, and vascular and interventional radiology. In addition, diagnostic radiologists and radiation oncologists may subspecialize in hospice and palliative medicine. All of these disciplines are described below.

#### Diagnostic Radiology

A diagnostic radiologist uses x-rays, radionuclides, ultrasound, and electromagnetic radiation to diagnose and treat disease. Five years of training are required: one year of clinical internship, followed by four years of radiology training. Anyone who wishes to specialize in one of the five subspecialty areas listed below must first certify in diagnostic radiology.

*Subspecialties of Diagnostic Radiology*

#### Neuroradiology

A specialist in neuroradiology diagnoses and treats disorders of the brain, sinuses, spine, spinal cord, neck, and the central nervous system, such as aging and degenerative diseases, seizure disorders, cancer, stroke, cerebrovascular diseases, and trauma. Imaging commonly used in neuroradiology includes angiography, myelography, interventional techniques, and magnetic resonance imaging (MRI). Two additional years—one year of a fellowship and one year of practice or additional approved training—are required.

#### Nuclear Radiology

A specialist in nuclear radiology uses the administration of trace amounts of radioactive substances (radionuclides) to provide images and information for making a diagnosis. Imaging that can involve nuclear radiology includes positron emission tomography (PET) and single photon emission computed tomography (SPECT) scans. One additional year of fellowship training is required.

#### Pediatric Radiology

A specialist in pediatric radiology uses imaging and interventional procedures related to the diagnosis, care, and management of congenital abnormalities (those present at birth) and diseases particular to infants and children. A

additional years—one year of a fellowship and one year of practice or additional approved training—are required.

## Vascular and Interventional Radiology

A specialist in vascular and interventional radiology diagnoses and treats diseases with use of various radiologic imaging technologies, including fluoroscopy, digital radiography, computed tomography (CT), sonography, and magnetic resonance imaging (MRI). Therapies include angioplasty, stent placement, thrombolysis, embolization, biliary and genitourinary drainages, abscess drainages, and others. Two additional years—one year of a fellowship and one year of practice or additional approved training—are required.

## Hospice and Palliative Medicine

A specialist in hospice and palliative medicine uses special knowledge and skills to prevent and relieve the suffering experienced by patients with life-limiting illnesses. This specialist works with an interdisciplinary hospice or palliative care team to maximize quality of life while addressing the physical, psychological, social, and spiritual needs of both patients and families.

## Diagnostic Radiology and Interventional Radiology

An Interventional Radiologist combines competence in imaging, image-guided minimally invasive procedures and peri-procedural patient care to diagnose and treat benign and malignant conditions of the thorax (excluding the heart), abdomen, pelvis and extremities. Therapies include embolization, angioplasty, stent placement, thrombus management, drainage and ablation, among others. Training includes a minimum of three years of Diagnostic Radiology and two years of Interventional radiology, leading to primary certification in Diagnostic Radiology and Interventional Radiology.

## Radiation Oncology

A radiation oncologist deals with the study and management of disease, especially malignant tumors, and radiological treatments of abnormal tissue through the use of x-rays or radionuclides. Training required is five years: one year of clinical internship, followed by four years of radiation oncology training. Anyone who wishes to specialize in hospice and palliative medicine must first certify in radiation oncology.

*Subspecialty of Radiation Oncology*

**Hospice and Palliative Medicine** *(see description above)*

## Medical Physics

This branch of physics includes three specific discipline areas: therapeutic medical physics, diagnostic medical physics, and nuclear medical physics. A medical physicist uses physics to aid in the diagnosis and treatment of conditions and deals with the technology of the equipment, including radiation safety. The type of training varies per discipline. A certified medical physicist must specialize in at least one of the following but may hold certification in two areas or all three. (Please note that for ABR

*Discipline Areas within Medical Physics*

### Diagnostic Medical Physics

A specialist in diagnostic medical physics uses x-rays, gamma rays from sealed sources, ultrasound, and magnetic resonance in diagnostic procedures; maintains the equipment associated with their production and use; and applies standards for the safe use of radiation.

### Nuclear Medical Physics

A specialist in nuclear medical Physics uses radionuclides (except those used in sealed sources for therapeutic purposes) for diagnosing and treating conditions; maintains the equipment associated with their production and use; and applies standards for the safe use of radiation.

### Therapeutic Medical Physics

A specialist in therapeutic medical physics uses x-rays, gamma rays, electron and other charged particle beams, neutrons, and radiations from sealed radionuclide sources in the treatment of conditions; maintains the equipment associated with their production and use; and applies standards for the safe use of radiation.

*Further Information for patients and the public can be found on these websites:*

#### RADIOLOGYINFO

website: http://www.radiologyinfo.org

Current and accurate patient information about diagnostic radiology procedures, interventional radiology, and radiation therapy.



**American Board of Medical Specialties (ABMS)**
website:
http://www.certificationmatters.org/

The American Board of Medical Specialties (ABMS), a not-for-profit organization, assists 24 approved medical specialty boards, including the ABR, in the development and use of standards for the ongoing evaluation and certification of physicians. Recognized as the "gold standard" in physician certification, ABMS believes higher standards for physicians mean better care for patients.



**image gently**
website:
http://www.pedrad.org/associations/5364/ig

The *image gently* Campaign increases awareness of the opportunities to lower radiation dose in the imaging of children. The ABR and the ABR Foundation are partners in the Alliance for Radiation Safety in Pediatric Imaging.



5441 E Williams Circle
Tucson AZ 85711-
7412   520-790-2900

© Copyright 2013The
American Board of
Radiology

Version: 2.2.20

**Exhibit G**

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      This case is a complex medical malpractice matter involving the administration of an epidural injection by Dr. Nitesh Bhagat, M.D., a board certified radiologist.

2.      An Answer to plaintiff's Complaint was filed and served upon plaintiff on July 11, 2013. See Document #40 of the Docket Sheet for electronic filed documents for this individual case.

3.      Our Answer and our Notice to Produce Documents served upon plaintiff's counsel requested an Affidavit of Merit be produced by plaintiff. See Answer and see Exhibit B of the Certification.

4.      The plaintiff served an Affidavit of Merit from Dr. Brian Currie by correspondence dated March 13, 2013. See Exhibit C and D of the Certification.

5.      Dr. Currie is board certified in the specialty of infectious diseases and is not board certified in diagnostic radiology.

6.      The defendant, Dr. Nitesh Bhagat is board certified in the field of diagnostic radiology and underwent specialized training in the field of Neuroradiology. See Exhibit A to the Certification.

7.      The date by which plaintiff was to serve an Affidavit from a like specialized expert physician was November 8, 2013. The plaintiff has failed and refused to serve a proper Affidavit of Merit pertaining to Dr. Bhagat.

LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

Joseph R. Lang, Esquire

DATED: **December 4, 2013**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION**

**Document Electronically Filed**

MDL No. 1:13-md-2419-FDS

THIS DOCUMENT RELATES TO:
*Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410

## BRIEF IN SUPPORT OF NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT

On the Brief:

Joseph R. Lang, Esq.

LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC
3131 Princeton Pike, Building 1B
Trenton, New Jersey 08648

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ............................................ ii

STATEMENT OF FACTS ............................................. 1

LEGAL ARGUMENT ................................................. 3

    I.     PLAINTIFF'S CLAIM MUST BE DISMISSED WITH
           PREJUDICE IN ACCORDANCE WITH THE STATUTE, AS
           PLAINTIFF HAS FAILED TO PROVIDE AN AFFIDAVIT OF
           MERIT ..................................................... 3

    II.    THE PLAINTIFF HAS NOT SERVED A LIKE SPECIALIZED
           EXPERT REPORT AGAINST DR. BHAGAT AND THEREFORE IS
           BARRED FROM PURSUING ANY CLAIM AGAINST DR. BHAGAT .... 5

CONCLUSION ..................................................... 8

## **TABLE OF CITATIONS**

**Page**

## **I.   CASES CITED**

Alan J. Cornblatt, P.A. v. Barow,
153 N.J. 218, 708 A.2d 401(1998).................................4

Burns v. Belafsky,
166 N.J. 466, 766 A.2d 1095 (2001)..............................4

Cornblatt v. Barow,
58 N.J. 218, 276 A.2d 377 (1998)................................4

Fink v. Thompson,
167 N.J. 551, 772 A.2d 386 (2001)...............................4

Nicholas v. Mynster,
213 N.J. 463, 64 A.3d 536 (2013)..............................5,6

Palanque v. Margaret Lambert-Wooley, M.D.,
327 N.J. Super. 158, 742 A.2d 1002 (App.Div. 2000)..............4

Palanque v. Margaret Lambert-Wooley, M.D.,
168 N.J. 398, 774 A.2d 501 (2001)...............................4

Ryan v. Renny,
203 N.J. 37, 999 A.2d 427 (2010)................................5

## **II.   STATUTES CITED**

N.J.S.A. 2A:53A-26...............................................3

N.J.S.A. 2A:53A-27.............................................3,4

N.J.S.A. 2A:53A-41.............................................5,6

## STATEMENT OF FACTS

This case is a complex medical malpractice matter involving the administration of an epidural injection by Dr. Nitesh Bhagat, M.D., a board certified radiologist. See copy of Dr. Bhagat's CV attached to my Certification as Exhibit A.

An Answer to plaintiff's Complaint was filed and served upon plaintiff on July 11, 2013. See Document #40 of the Docket Sheet for electronic filed documents for this individual case. Our Answer made a request for an Affidavit of Merit and this request was further made in the Notice to Produce Documents served upon plaintiff's counsel in this case by correspondence dated January 18, 2013. See copy of letter and Notice to Produce Documents attached to my Certification as Exhibit B. An Affidavit of Merit was to be served by plaintiffs by no later than November 8, 2013.

We had previously attempted to file an Answer to the Complaint in State Court only to find out that the case had been removed to Federal Court for the District of New Jersey. Furthermore, we attempted to file an Answer in the Federal Court in New Jersey only to learn that the case had been transferred to the MDL Docket in Federal Court in the District of Massachusetts. As a result, the plaintiff was well aware of our representation of Dr. Bhagat before I was able to obtain pro hac vice admission in order to formally file the Answer on behalf of Dr. Bhagat. The plaintiff served an Affidavit of Merit by correspondence dated March 13, 2013. See copy of correspondence attached to my Certification as Exhibit C.

The plaintiff served the Affidavit of Merit of Brian Currie, M.D., who states in his Affidavit that he is board certified in the specialty of infectious diseases. See a copy of Dr. Currie's Affidavit of Merit attached to my Certification as Exhibit D.

1

By correspondence dated September 25, 2013, I advised plaintiff's counsel that I was objecting to the Affidavit of Merit of Dr. Currie due to the fact that it did not meet statutory requirements because Dr. Currie is not board certified in the same specialty as Dr. Bhagat. See copy of correspondence attached to my Certification as Exhibit E.

Attached to my Certification as Exhibit F is a copy of information from the American Board of Radiology describing the specialty of Diagnostic Radiology and the subspecialty of Neuroradiology.

2

## LEGAL ARGUMENT

### I. Plaintiff's claim must be dismissed with prejudice in accordance with the statute, as plaintiff has failed to provide an Affidavit of Merit.

The New Jersey state legislature has placed the burden of substantiating the claims in a professional malpractice action on the plaintiff. The "Affidavit of Merit" Statute N.J.S.A. 2A:53A-26 et. seq. establishes the minimum threshold that a plaintiff must overcome in order to sustain a professional malpractice action. The Statute states that, in a malpractice action against a licensed professional:

> The plaintiff shall, within 60 days following the date of the filing of the Answer to the Complaint by the defendant, provide each defendant with an Affidavit by an appropriately licensed person, stating that there exists a reasonable probability that the care, skill or knowledge exercised, or exhibited, in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable, professional or occupational standards or treatment practices. . . The Court may grant no more than one additional period, not to exceed 60 days, to file the Affidavit pursuant to this Section upon the finding of good cause. N.J.S.A. 2A:53A-27.

On July 11, 2013, an Answer to the Complaint was filed on behalf of Dr. Bhagat. Based upon the filing date of the Answer, the plaintiff was required to serve an Affidavit of Merit as to Dr. Bhagat by no later than November 8, 2013. To date, the plaintiff has failed and refused to serve a proper Affidavit pertaining to Dr. Bhagat.

As a result of the plaintiff's failure to serve a proper Affidavit of Merit pertaining to Dr. Bhagat, this matter is now ripe for dismissal with prejudice as to Dr. Bhagat. Therefore, according to the Statute, the plaintiff has failed to state a cause of action and a dismissal under

the Statute, with prejudice is mandated as to this defendant. Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 276 A.2d 377 (1998).

In Palanque v. Margaret Lambert-Wooley, M.D. , 327 N.J. Super. 158, 742 A.2d 1002 (App.Div. 2000), as has been confirmed by our Supreme Court in Palanque v. Lambert-Woolley, 168 N.J. 398, 774 A.2d 501 (2001), a plaintiff must file an affidavit of merit within sixty days of a defendant's answer, but may file after sixty days and up to 120 days of the answer for good cause shown. N.J.S.A. 2A:53A-27; Burns v. Belafsky, 166 N.J. 466, 470-471, 766 A.2d 1095 (2001). If a plaintiff fails to file the affidavit within 120 days, her complaint will be dismissed with prejudice unless extraordinary circumstances prevented the filing. Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 247, 708 A.2d 401 (1998).

Moreover, our Supreme Court has determined that the Affidavit of Merit statute explicitly requires the plaintiff to provide an Affidavit of Merit against each defendant. Fink v. Thompson, 167 N.J. 551, 559, 772 A.2d 386 (2001). The Court further held that the Affidavit must specify that there is a reasonable probability of a claim against specified defendants. Id., at 560. In other words, each defendant must be identified by name in the Affidavit. Here, plaintiffs failed to identify any defendants by name in the two Affidavits. Therefore, the Affidavits do not meet the statutory requirements. Fink, supra.

The plaintiffs in this case did not serve a proper Affidavit of Merit as to this defendant, nor did they seek within the applicable time frame and for good cause, an additional 60 days in which to do so. Therefore, defendant, **Nitesh Bhagat, M.D.** is entitled to the protection of the Affidavit of Merit Statute, and plaintiff's Complaint should be dismissed as to him, with prejudice.

4

## **LEGAL ARGUMENT**

## **II. The plaintiff has not served a like specialized expert report against Dr. Bhagat and therefore is barred from pursuing any claim against Dr. Bhagat.**

In the recent decision of Nicholas v. Mynster, 213 N.J. 463, 64 A.3d 536 (2013), the New Jersey Supreme Court determined an issue as to the application of N.J.S.A. 2A:53A-41 otherwise known as The Patient's First Act. In that opinion, the Supreme Court ruled that the aforecited statute "requires that plaintiff's medical expert must 'have specialized at the time of the occurrence that is the basis for the (malpractice) action in the same specialty or subspecialty' as defendant physicians." Id., at 468.

There is no question that Dr. Bhagat specializes in and is board certified in diagnostic radiology with additional training in neuroradiology. The plaintiffs have been so advised on a number of occasions during the course of this case including in the Answer filed on behalf of Dr. Bhagat. However, the plaintiffs have not produced an expert report from a like specialized physician. Instead, the plaintiffs have produced an Affidavit of Merit from a physician specializing in infectious diseases. The Patient's First Act (N.J.S.A. 2A:53A-41) does establish what qualifications an expert witness in a medical malpractice case must have in order to render an opinion and testimony against a defendant physician at trial. The Supreme Court has noted that it has "viewed the Act as a framework in which only an equivalently credentialed specialist would be qualified to testify against another specialist." Id., at 483; Ryan v. Renny, 203 N.J. 37, 57-59, 999 A.2d 427, 439-41 (2010). As the Court further noted "only a specialist can testify against a specialist about the treatment of a condition that falls within the specialty area." Id., at 482.

In our case, the treatment rendered by Dr. Bhagat falls within the specialty of diagnostic radiology with additional training in neuroradiology. Therefore, the plaintiffs must produce an expert report from a specialist who is also board certified in diagnostic radiology. The Court rejected the argument made by plaintiffs in Nicholas that the physician did not need to be a like board certified physician in the same specialty if the expert was credentialed by a hospital to treat patients for the same medical condition. In that regard, the Court noted that there was no statutory exception other than the waiver provision (which does not apply in this case) that would permit a physician specializing in a different specialty than the defendant physician to provide testimony against the defendant physician even though each is qualified to treat a patient for a particular condition. Id., at 484. Our Supreme Court noted that "the apparent objective of N.J.S.A. 2A:53A-41 is to ensure that, when a defendant physician is subject to a medical-malpractice action for treating a patient's condition falling within his/her ABMS specialty, a challenging plaintiff's expert, who is expounding on the standard of care, must practice in the same specialty. Id., at 486.

The two-part question that the Supreme Court inquired to evaluate the issues before this Court are, first, whether or not the physician is a specialist or general practitioner. Obviously, Dr. Bhagat is a specialist in diagnostic radiology. The second inquiry to be addressed is "whether the treatment that is the basis of a malpractice action 'involves' the physician's specialty." Id., at 487. According to the American Board of Radiology, diagnostic radiology and Neuroradiology involve the diagnosis and treatment of diseases through the use of radiographic studies and diagnosis and treatment of disorders of the spine. Dr. Bhagat utilized fluoroscopic guidance to treat a condition of the plaintiff's spine with an epidural injection. Clearly, the treatment rendered to the decedent falls within the specialty of Dr. Bhagat.

6

In this case, the plaintiff's expert witness is not a specialist board certified in diagnostic radiology or with a subspecialty in Neuroradiology despite the fact that Dr. Bhagat is and he provided care and treatment within his specialty to this patient. Dr. Currie does not specialize in diagnostic radiology. As a result, his opinions against Dr. Bhagat must be barred and this matter is ripe for summary judgment as a matter of law since plaintiff has produced no further Affidavit of Merit.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the defendant's Motion

should be granted.

LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

Joseph R. Lang, Esquire

DATED: **December 5, 2013**

8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC. PRODUCTS
LIABILITY LITIGATION

**Document Electronically Filed**

MDL No. 1:13-md-2419-FDS

THIS DOCUMENT RELATES TO:
*Ramos v. New England Compounding
Pharmacy, Inc. et al.*, Docket No. 13-cv-10410

## ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AS TO NITESH BHAGAT, M.D. FOR PLAINTIFF'S FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT

This matter having been opened to the Court on the application of LENOX, SOCEY,

FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC, attorneys for the defendant,

**Nitesh Bhagat, M.D.,** for the entry of an Order dismissing the plaintiff's Complaint with

prejudice for plaintiff's failure to serve a proper Affidavit of Merit against Dr. Bhagat, and upon

notice to Michael F. Barrett, Esq., attorney for the plaintiffs and upon notice to all other counsel

of record, and the Court having read the moving papers and any papers submitted in opposition,

and after having heard oral argument, if any, and for good cause shown;

IT IS ON THIS            day of December, 2013;

ORDERED, that the plaintiff's Complaint and any all crossclaims against the defendant,

Nitesh Bhagat, M.D., be and are hereby dismissed with prejudice for plaintiff's failure to serve a

proper Affidavit of Merit; and it is further

ORDERED, that a copy of this Order be served upon all counsel of record within seven

(7) days of the date hereof.

\_\_\_\_\_ Opposed

\_\_\_\_\_ Unopposed

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC. PRODUCTS
LIABILITY LITIGATION

**Document Electronically Filed**

MDL No. 1:13-md-2419-FDS

THIS DOCUMENT RELATES TO:
*Ramos v. New England Compounding
Pharmacy, Inc. et al.*, Docket No. 13-cv-10410

## **PROOF OF MAILING**

I, Kathryn L. Morges, of full age, hereby certify as follows:

I am employed by the law firm of LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC, attorneys for the respondent, **Nitesh Bhagat, M.D.**, in the
above-entitled matter.

I hereby certify that this document(s) filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non registered participants on
December 5, 2013.

_Kathryn Morges_
**Kathryn L. Morges, Secretary**

DATED: **December 5, 2013**