UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING             )
PHARMACY, INC., PROCUCTS LIABILITY         )
LITIGATION                                 )
                                           ) MDL No.:  2419
                                           ) Master Docket No.: 1:13-md-2419-FDS
                                           )
THIS DOCUMENT RELATES TO:                  )
                                           )
  All actions.                             )

**PLAINTIFFS' STEERING COMMITTEE'S OPPOSITION TO DONALD JONES, MD'S MOTION FOR SPECIFIC RULING QUASHING SUBPOENA TO HIM CONSISTENT WITH COURT'S NOVEMBER 13, 2013, "ORDER ON MOTIONS TO QUASH AND OBJECTIONS TO SUBPOENAS"**

COMES NOW, the Plaintiffs' Steering Committee ("PSC") and responds to Donald Jones, MD's ("Dr. Jones") Motion for Specific Ruling.[1]

### INTRODUCTION

Judge Boal issued a very reasoned and thorough order on the outstanding subpoena objections from the PSC's subpoenas to various Unaffiliated Defendants[2] issued throughout the summer.[3] The Boal Order, in relevant part, quashed the subpoena to one clinic in Tennessee because that clinic did not appear on the FDA's list of NECC customers (the "FDA List").[4] However, the Boal Order did not quash the subpoenas issued to other Tennessee clinics that also made the same objection, including Dr. Jones.[5] Judge Boal's omission was not without purpose.

---

[1] Dkt. No. 587, the "Motion."
[2] For purposes of this response, capitalized terms not otherwise defined herein shall have the meaning as set forth in CMO 7, Dkt. No. 438.
[3] Dkt. No. 572, the "Boal Order."
[4] *Id*. at n. E(1)(a), p. 16.
[5] Howell Allen Clinic and Dr. Jones both sought quashing of subpoenas issued against them because they do not appear on the FDA list of NECC customers, but Judge Boal did not quash the PSC's subpoenas issued to these providers, presumably, as explained in greater detail below, because these individuals are clearly and unmistakably intimately associated with clinics that are on the list; but, the record before Judge Boal at the time of her order revealed that Chattanooga Neurosurgery and Spine, the entity for which Judge Boal quashed the subpoena, was not so associated.

1

As explained in greater detail below, Dr. Jones is the medical director of a pain clinic operating at 200 New York Avenue, Suite 320, Oak Ridge, TN 37830.  He directed this facility formerly under the name of PCA Pain Care Center, which, according to the FDA and the CDC, was one of three clinics in Tennessee that purchased tainted MPA from NECC.  However that entity is no longer a going concern and at the time the PSC issued the Subpoena was evading service of the Subpoena. The PSC anticipated this problem and was left with no other choice but to serve the medical director (Dr. Jones) at the pain clinic, which remains operational under a different name.

Moreover, even if in July the PSC only had authority to issue subpoenas to entities appearing on the FDA List (as Dr. Jones argues but the PSC does not concede), the PSC's current subpoena power is not so limited and it would be a waste of judicial resources to quash a subpoena on a technicality that no longer has any relevance.

## FACTUAL BACKGROUND

The FDA List identifies PCA Pain Care Center as receiving NECC-manufactured MPA, and the CDC website identifies PCA Pain Care Center as one of three Tennessee clinics confirmed to have received tainted MPA lots.[6]

According to the Tennessee Secretary of State's website, PCA Pain Care Center is an assumed name of Total Healthcare Consultants, PLLC.[7]   At the time the PSC originally issued the subpoena, Total Healthcare Consultants PLLC was an active entity in the state of Tennessee with its authorized agent, Joy Day, located at 200 New York Avenue, Suite 320, Oak Ridge, TN 37830, which is the address from which PCA Pain operated its pain care facility.[8]  According to

---

[6] Declaration of Benjamin A. Gastel, ¶ 2, the "Gastel Decl."
[7] *Id*. at ¶ 3 and Ex. 1.
[8] *Id*.

2

the Secretary of State's website, the State administratively dissolved Total Healthcare Consultants PLLC in August 2013.[9]

Comprehensive Pain Specialists now operates the facility located at 200 New York Avenue, Suite 320, Oak Ridge, TN 37830.[10] According to the Secretary of State's website, Comprehensive Pain Specialists is an assumed name of Anesthesia Services Associates, PLLC.[11] These four entities (PCA Pain Care, Total Healthcare Solution, Comprehensive Pain Specialists, Anesthesia Services Associates) have or are currently operating a pain care clinic at the facility at 200 New York Avenue, Suite 320, Oak Ridge, TN 37830, and it was unclear at the time the PSC served subpoenas last summer, which was the proper entity to serve.[12]

Nevertheless, on July 8, 2013, the PSC issued a subpoena on PCA Pain Care Center via its registered agent Joy Day.[13] This subpoena was returned as undeliverable as the registered agent was not to be found at the designated address, although the Secretary of State continued to show that Joy Day was the registered agent of service for this entity.[14] Thereafter, the PSC researched Joy Days residing in or around Oak Ridge, Tennessee and sent a process server to the only Joy Day living within a reasonable distance of Oak Ridge, Tennessee.[15] However, that Joy Day told the process server that she was not affiliated with PCA Pain Care Center and the subpoena was not served upon her.[16]

Given the information on the Secretary of State's website described above, the PSC anticipated that PCA Pain Care Center would avoid service of the subpoena, because the clinic located at 200 New York Avenue, Suite 320, Oak Ridge, TN 37830 was, by July of 2013, no

---

[9] *Id*. at ¶ 3.
[10] *Id*. at ¶ 4 and Ex. 2.
[11] *Id*.
[12] *Id*. at ¶ 5.
[13] *Id*. at ¶ 6 and Ex. 3.
[14] *Id*.
[15] *Id*.
[16] *Id*.

longer operating under the PCA Pain Care Center name.[17]  Accordingly, the PSC chose to serve the doctor identified as the Medical Director of both PCA Pain Care and Comprehensive Pain Specialists, to ensure that documents related to this litigation could be obtained from an appropriate source.[18]

## ARGUMENT

Given the above, Dr. Jones' position that he should not be required to produce documents pursuant to the Subpoena because he is not listed on the FDA List rings hollow.  Dr. Jones premises this meritless argument on a highly technical reading of Judge Saylor's June 21, 2013 order related to service of subpoenas on certain Unaffiliated Defendants.[19]  Whatever limitation Judge Saylor placed on the PSC's authority to issue subpoenas in that order, Judge Saylor could not have meant that once a corporate entity refused to accept service of a subpoena and/or ceased to exist, that entity's documents were beyond the scope of his Subpoena Order.  Surely, once a corporate entity goes into hiding or otherwise ceases to exist, the Court will allow the PSC to go directly to the individuals involved with the corporation to obtain documents otherwise discoverable under the Subpoena Order.

And the record before this Court reveals precisely that.  Dr. Jones operated PCA Pain Care Center at 200 New York Avenue, Suite 320, Oak Ridge, TN 37830; and sometime after the meningitis outbreak, PCA Pain Care Center was shuttered.  Comprehensive Pain Specialists was opened at the exact same facility, and Dr. Jones continued performing the exact same services, in his exact same role as Medical Director, he did while under the PCA Pain Care Center name. He should not now be excused from responding to a subpoena merely because of a technicality that

---

[17] *Id*. at ¶ 3 and Ex. 2.
[18] *Id*. at ¶ 7 and Ex. 4.
[19] Dkt. No. 192 at ¶ 10, the "Subpoena Order."  In relevant part, the Subpoena Order states that the PSC is "authorized to serve subpoenas issued by this Court on the entities listed in NECC's customer list located [on the FDA website]."

his name does not appear on the FDA List. After all, the PSC obviously tried to obtain documents from the FDA-identified clinic, but was unable to do so. What other choice does the PSC have but to seek documents from an actual, living, breathing person?

Moreover, Dr. Jones' position further defies understanding in light of subsequent orders by Judge Saylor. In CMO 7,[20] the Court ordered discovery, including discovery over parties and non-parties, in this MDL to proceed "forthwith." Dr. Jones, at this time, is not a party to any suit before this MDL and could be served a subpoena under the Court's directive in CMO 7. Even assuming, without conceding, that the PSC's subpoena power was limited strictly to those entities on the FDA customer list, the PSC's subpoenaing power now is certainly not so limited or restricted.

It would be an enormous waste of judicial resources and time for the PSC to re-serve the exact same subpoena and invite an entirely new round of meet and confer sessions and briefing on the appropriateness of the newly issued subpoena. The PSC served the subpoena almost four months ago, the parties have met and conferred on the subpoena, the parties have briefed Dr. Jones' objections to the subpoena, and the Court has already ruled on the merits of those objections. Why reset the clock now and force the PSC to re-serve an otherwise valid and enforceable subpoena? Judicial economy, especially in a case such as this involving a clear national tragedy with victims desperately awaiting justice, could not countenance such a useless and pointless exercise. The Court shouldn't either.

## **CONCLUSION**

The Court should deny the Motion and order Dr. Jones to provide responsive documents to the subpoena in accordance with the Court's order.

---

[20] Dkt. No. 438

Date:  December 6, 2013            Respectfully submitted:

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH & JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

CERTIFICATE OF SERVICE

I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   December 6, 2013

                                                /s/J. Gerard Stranch, IV
                                                J. Gerard Stranch, IV