UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All Cases ) <br> _____ ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (FDS) |

### Notice of Filing Competing Order Governing Identification of Individual Suits with Deficient Service or Pre-Suit Notice

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, M.D.; Debra V. Schamberg, R.N.; Specialty Surgery Center, Crossville, PLLC; and Kenneth R. Lister, M.D. (hereinafter these "Defendants") hereby file the proposed order attached as Exhibit A, which is a competing proposal to the proposed order filed by the PSC on December 16, 2013, at Docket 629.

These Defendants request entry of their proposed order rather than the PSC's proposed order.

### 1. Introduction

At the status conference on December 13, 2013, the PSC requested that the Court order the Unaffiliated Defendants, particularly those in Tennessee, to identify suits in which the Unaffiliated Defendants believed the plaintiff failed to properly achieve service of process or failed to comply with statutory pre-suit notice requirements.[1] The PSC asserted its belief that such deficiencies are curable in some circumstances.

---

[1] In Tennessee, in *any civil action* alleging injury *related to* the provision of *health care services*, "regardless of the theory of liability on which the action is based," the plaintiff *must* provide compliant

The Court instructed the PSC to submit a proposed order. The PSC submitted a proposed order on December 16, 2013 [Dkt. 629].

These Unaffiliated Defendants file their competing proposed order as Exhibit A to this Notice of Filing. These Defendants request that the Court enter their competing proposed order.[2]

### 2. Explanation of changes to PSC's proposed order in these Defendants' competing proposed order, attached as Exhibit A

As a preliminary point, Tennessee does not allow plaintiffs to cure *all* failures to comply with the Health Care Liability Act.[3] For instance, a certificate of good faith must be filed with the original complaint, and failure to file cannot be cured by amendment.[4]

Requiring Tennessee Unaffiliated Defendants to identify cases where plaintiffs have failed to comply with the certificate of good faith requirement is futile as such failure cannot be cured.

---

notice of the suit at least 60 days before filing suit. TENN. CODE ANN. § 29-26-101, -121. In addition, the plaintiff *must* file a compliant certificate of good faith, certifying that an expert has been consulted and believes the case to have merit, with the original complaint. TENN. CODE ANN. § 29-26-122. If a plaintiff fails to file the certificate of good faith with the complaint, "the complaint shall be dismissed" with prejudice. *Id.* Also, failure to follow the pre-suit notice provision makes the complaint subject to dismissal. *See Shockley v. Mental Health Cooperative, Inc.*, No. M2013-00494-COA-R3-CV, 2013 WL 5947764, at *6 (Tenn. Ct. App. Nov. 4, 2013) ("In *Myers*, our Supreme Court specifically held that the statutory requirement that any person asserting a health care liability claim 'shall' give defendant 60-day pre-suit notice of the claim was mandatory, not directory, and therefore, strict, rather than substantial compliance with the notice statute, was required in order to maintain a medical malpractice action.") (citing *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 309 (Tenn. 2012)).

[2] Exhibit A is the competing proposed order these Defendants request entry of in lieu of the PSC's proposed order. Exhibit B is a "red lined" version of the PSC's proposed order, noting the differences between the two competing orders.

[3] *See* TENN. CODE ANN. § 29-26-122 (stating that, if the certificate is not filed, "the complaint shall be dismissed[.]"); *see Vaughn v. Mountain States Health Alliance,* No. E2012-01042-COA-R3-CV, 2013 WL 817032, at *6 (Tenn. Ct. App. March 5, 2013) ("Husband contends that his amended complaint served to cure many of the deficiencies of the original complaint. The statutes at issue [Tenn. Code Ann. §§ 29-26-121 and -122], however, do not authorize a claimant to cure deficiencies by filing an amended complaint, and as '[t]he essence of Tennessee Code Annotated section 29-26-121 is that a defendant be given notice of a medical malpractice claim before suit is filed,' the intent of the legislature is not realized by allowing the practice. Furthermore, we have previously held that timing is mandatory in these statutes").

[4] TENN. CODE ANN. § 29-26-122; *Groves v. Colburn*, No. M2012-01834-COA-R3-CV, 2013 WL 3964758, *1 (Tenn. Ct. App. July 30, 2013).

Thus, these Defendants slightly modify the language in the first paragraph to more clearly indicate that the order only applies to service of process and pre-suit notice deficiencies, not failures to file a certificate of good faith.

In the second paragraph, these Defendants' proposed order gives Unaffiliated Defendants the option of identifying these issues by letter to the PSC, as proposed by the PSC, or by filing a "master" motion to dismiss, as proposed by the Saint Thomas entities[5].[6] [7] Either is acceptable to these Defendants.

In the third paragraph, the PSC's proposed order contains an *immediate* tolling provision. There is no legal basis cited for this request. And, it goes beyond the proposal discussed before the Court at the December 13, 2013, status conference.[8]

At the status conference, the Court indicated that it would probably set a deadline of January 10, 2014, for identification of these deficiencies as requested by the PSC. But, the Court also suggested that it would consider setting an earlier deadline at the request of the PSC. Counsel for the Saint Thomas entities advised the Court that a shorter deadline could be problematic given the need to consult over the holidays with hospital employees regarding receipt of service of the suits. Tolling of the statute *beyond the Court-ordered deadline to account for any extension required to provide the list* was the compromise discussed at the status hearing.

---

[5] St. Thomas West Hospital, Saint Thomas Health, and Saint Thomas Network.
[6] *Shockley*, No. M2013-00494-COA-R3-CV, 2013 WL 5947764, at *5 (noting that a motion to dismiss is the proper vehicle for challenging compliance with the Health Care Liability Act's pre-suit notice and filing requirements).
[7] These Defendants acknowledge the unusual delay in providing this information to the Plaintiffs but note that the stay of dispositive motion practice was proposed by the PSC.
[8] At the time of drafting this proposal, the transcript from the hearing has not returned.

While these Defendants agree that a tolling provision covering any extension to provide the list of deficient complaints beyond January 10, 2014, requested by these Defendants is fair and reasonable, they do not agree to the PSC's proposed immediate tolling of the statute of limitations. This provision has been removed in these Defendants' proposal.

These Defendants have also made other small, non-substantive changes to the order to improve the wording.

### 3. Conclusion

For the foregoing reasons, these Defendants respectfully request that the Court enter the proposed order attached as Exhibit A.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/Chris J. Tardio
C.J. Gideon, Jr. (admitted *pro hac* vice)
Chris J. Tardio (admitted *pro hac* vice)
Matthew H. Cline
John-Mark Zini
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for STOPNC, Howell Allen, John W. Culclasure, M.D., Debra V. Schamberg, R.N., SSC, and Kenneth R. Lister, M.D.***

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 17th day of December, 2013.

    /s/ Chris Tardio
    **Chris Tardio**