# NORTON ROSE FULBRIGHT

December 17, 2013

Fulbright & Jaworski LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701-4255
United States

Via CM/ECF

**Marcy Hogan Greer**
**Partner**
Direct line +1 512 536 4581
marcy.greer@nortonrosefulbright.com

Hon. F. Dennis Saylor IV
United States District Judge
U.S. District Court for the
  District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Tel +1 512 474 5201
Fax +1 512 536 4598
nortonrosefulbright.com

Re:    In re New England Compounding Center MDL, No. 13-2419

Dear Judge Saylor:

On behalf of Defendants Saint Thomas Network, Saint Thomas Health, and Saint Thomas West Hospital, I write to bring your attention some of our concerns as to the proposal by the Plaintiffs' Steering Committee that was filed yesterday.

We understood the PSC's tolling proposal from last Friday's hearing to apply in the context of a longer response date--i.e. after January 10--such that if we needed more time to respond for some or all cases, we could do so as long as there was a tolling agreement in effect.  The PSC's proposal filed yesterday has immediate tolling effect on all cases, which is not something that we agreed to entertain at the hearing.  We are concerned that even short tolling periods can unduly complicate the limitations picture and are willing to meet the current January 10 answer deadline for identifying the cases in which service or notice is an issue.  The January 10 answer date has been in place for some time now, so we believe it makes sense to use that date.  We have canvassed our group and are comfortable that we will have the necessary information by January 10.

Further, we propose filing a global motion to dismiss and indicate which cases are covered by it—like we are doing with the motion to dismiss on the vicarious liability claims according to your ruling from Friday—instead of simply identifying cases, as contemplated by the PSC's proposal.  This proposal will provide the PSC with the case-specific information they have informally requested.  And it is our understanding that the Tennessee courts have recently reaffirmed that the motion to dismiss is "proper way to challenge a complaint's compliance with" the Health Care Liability Act.  *Shockley v. Mental Health Cooperative, Inc.*, 2013 WL 5947764, at *5 (Tenn. Ct. App. Nov. 4, 2013).  We are concerned that the letter proposal the PSC makes is not consistent with this requirement.  Our position is that at least some of the defects are incurable at this point, and there is no reason not to proceed according to Tennessee law.  We will agree to toll the cure period for any case that is not covered by the motion to dismiss on notice and service grounds.  We have marked our changes in redline on the attached document that reflects how we believe the PSC's proposal should be modified.

We are available to provide further information or answer any questions that you may have.  Thank you for consideration of our proposal.

Fulbright & Jaworski LLP is a limited liability partnership registered under the laws of Texas.

53155860.1

Fulbright & Jaworski LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz, Inc.), each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein.  Details of each entity, with certain regulatory information, are at nortonrosefulbright.com. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

Hon. F. Dennis Saylor IV
December 17, 2013
Page 2

NORTON ROSE FULBRIGHT

Very truly yours,

*Marcy Hogan Greer*

Marcy Hogan Greer

MHG

53155860.1