UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
IN RE: NEW ENGLAND                    )
COMPOUNDING PHARMACY, INC.            )
PRODUCTS LIABILITY LITIGATION         )   MDL No. 13-2419-FDS
                                      )
This Document Relates To:             )
                                      )
    All Actions                       )
                                      )
_____)

ORDER ON DONALD JONES, MD'S MOTION FOR SPECIFIC RULING QUASHING
SUBPOENA TO HIM CONSISTENT WITH COURT'S NOVEMBER 13, 2013 ORDER
[Docket No. 587]

December 18, 2013

Boal, M.J.

On November 13, 2013, this Court issued an order granting in part and denying in part motions to quash and objections to certain subpoenas issued by the Plaintiffs' Steering Committee ("PSC").  Docket No. 572.  The District Court's order authorizing the subpoenas had specifically limited the entities that may receive subpoenas to those entities listed in the FDA's list of New England Compounding Pharmacy, Inc.'s ("NEEC") customers.  See id. at 16-17 (citing to Docket No. 192 at ¶ 10).  Therefore, the Court quashed the subpoena directed to Neurosurgical Group of Chattanooga d/b/a Chattanooga Neurosurgery and Spine ("CNS") because it was not on the FDA's list of entities receiving NECC products.  Id.

Donald Jones, M.D. ("Dr. Jones"), one of the subpoena recipients, now moves for an order specifically quashing the subpoena issued to him by the PSC on the grounds that, like CNS,  he was not a customer of NECC and was not on the FDA's customer list.  Docket No.

-1-

587.  Dr. Jones, however, was the medical director at PCA Pain Care Center, an entity on the FDA's list of NECC customers, during the time that PCA Pain Care Center purchased product from NECC, including tainted lots.  See id. at 3; Gastel Aff. at ¶ 7.[1]  PCA Pain Care Center is no longer a going concern.  Gastel Aff. at ¶ 3.  Dr. Jones purchased the facility from PCA and sold it to Comprehensive Pain Specialists, which now operates a facility there.  Jones Aff. at ¶ 4;[2] Gastel Aff. at ¶ 7.  Dr. Jones is Comprehensive Pain Specialist's medical director and appears to continue to perform the same services he performed while under the PCA Pain Care Center name.  Gastel Aff. at ¶¶ 5, 7.  Accordingly, the Court declines to quash the subpoena directed to Dr. Jones as it appears that he may have possession, custody, or control of documents formerly belonging to an entity on the FDA list.  To the extent that documents responsive to the subpoena as modified by the Court's November 13, 2013 Order are in the possession, custody, or control of Dr. Jones, he shall produce such documents to the PSC within 30 days of the date of this Order.

      SO ORDERED.

                              /s/ Jennifer C. Boal
                              JENNIFER C. BOAL
                              United States Magistrate Judge

---

[1] "Gastel Aff." refers to the Declaration of Benjamin A. Gastel.  Docket No. 612.

[2] "Jones Aff." refers to the Affidavit of Donald Jones, MD.  Docket No. 306-3.