UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10228-FDS

| | |
|---|---|
| GEORGE CARY, individually and as the personal representative of the Estate of LILIAN CARY,<br><br>Plaintiff,<br><br>v.<br><br>UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES,<br><br>Defendant. | MDL No. 2419<br>Master Docket No. 1:13-md-2419-FDS<br><br>Honorable F. Dennis Saylor, IV |

## SHORT FORM COMPLAINT

Plaintiff George Cary ("Plaintiff"), individually and in his capacity as the personal representative of the estate of his deceased wife, Lilian Cary, complaining against the defendant UniFirst Corporation a/d/b/a UniClean Cleanroom Services ("Defendant"), alleges as follows:

## FIRST COUNT

1. Pursuant to MDL Order No. 7, entered in In *Re: New England Compounding Pharmacy, Inc. Products liability Litigation*, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendant, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff is a resident of the State of Michigan.

3. Plaintiff brings this action:

1

☒  On behalf of herself/himself.

☐  As the representative of _____, who is a living person.

☒  As the Administrator, Administrator <u>ad</u> <u>Prosequendum</u>, or other representative of the Estate of Lilian Cary (hereinafter "Decedent"), who died on September 30, 2012.

4. Plaintiff asserts that the Plaintiff and Decedent were administered New England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC's drug"), causing injuries and damages.

5. With respect to Decedent, the aforesaid administration of NECC's drug occurred as follows:  On August 16, 2012, September 3, 2012 and September 18, 2012, NECC's drug was administered to Decedent by physicians at the Michigan Pain Specialists, located in Brighton, Michigan.

6. With respect to Plaintiff, the aforesaid administration of NECC's drug occurred as follows: On September 4, 2012 and September 18, 2012, NECC's drug was administered to Plaintiff by physicians at the Michigan Pain Specialists, located in Brighton, Michigan.

7. About three weeks after receiving her injections of NECC's drug, Decedent began experiencing symptoms of meningitis, including weakness, fever, sensitivity to light and headaches.

8. On September 21, 2012, Decedent was hospitalized and began treatment for meningitis.  On that date, Decedent underwent various medical tests, including a painful spinal tap procedure to determine if she had meningitis.

9. On September 24, 2012, Decedent suffered a stroke while in the hospital, and subsequently died on September 30, 2012.

10. On October 6, 2012, Plaintiff received a telephone call from the Michigan Pain Specialists and was told that NECC's drugs that were administered to Plaintiff and Decedent in August and September 2012, definitely were contaminated with a fungus.

11. On October 7, 2012, Plaintiff went to the hospital and underwent various medical tests, including a painful spinal tap procedure to determine if he had meningitis.  It took physicians several attempts in order to properly insert Plaintiff's spinal tap.

12. Since October 2012, Plaintiff has experienced symptoms of meningitis, including weakness, headaches and sensitivity to light.

13. On October 20, 2012, Plaintiff was diagnosed with meningitis, admitted to the hospital, and began treatment for meningitis with antifungal medication.

14. Plaintiff adopts and incorporates by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☐ COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendants)

☐ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiff(s) allege violation of the following consumer protection statute(s):

☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☐ COUNT VII: BATTERY (Against Clinic Related Defendants)

☐ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☐ COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)

   ☐ COUNT X: AGENCY (Against Clinic Related Defendants)

   ☐ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

   ☒ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

   ☒ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

   ☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

15. Plaintiff has sent the pre-suit notice or demand requirements necessary to bring the claims set forth herein, as required under M.G.L. c. 93A.  *See* Demand Letter to UniFirst, attached hereto as Exhibit 1 and incorporated herein by reference.  Plaintiff also has sent a Notice of Intent to Sue to the Michigan Pain Specialists pursuant to MCL 600.2912b.  *See* Notice of Intent to Sue to Michigan Pain Specialists, attached hereto as Exhibit 2 and incorporated herein by reference.  Plaintiff does not now assert, but will seek leave to amend to assert, the following claims against the Michigan Pain Specialists promptly after the time period for giving notice has expired:

 NEGLIGENCE and GROSS NEGLIGENCE;

 VIOLATION OF M.G.L.C.93A;

 BATTERY;

 FAILURE TO WARN;

 AGENCY;

 CIVIL CONSPIRACY;

 WRONGFUL DEATH PUNITIVE DAMAGES;

 LOSS OF CONSORTIUM; and/or

PUNITIVE DAMAGES.

16. Plaintiff, individually, suffered the following injuries as a result of the administration of NECC's drug: Plaintiff contracted meningitis and suffered from weakness, stiff neck, painful headaches and back pain, sensitivity to light, vision problems, extreme anxiety and neuropathy in feet.

17. Decedent suffered the following injuries as a result of the administration of NECC's drug: Decedent contracted meningitis and suffered weakness, fever, painful headaches, back pain, vision problems, extreme anxiety, stroke, conscious suffering and death.

18. Plaintiff, individually, suffered the following damages as a result of the administration of NECC's drug:  loss of work/income, multiple hospitalizations and related medical expenses, long-term drug therapy, and painful past and ongoing medical testing.

19. Decedent's Estate suffered the following damages as a result of the administration of NECC's drug: The heirs-at-law of Decedent, through Decedent's estate, are entitled to damages from Defendant for their loss of Decedent's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, as well as for the loss of reasonably expected net income of Decedent.  Decedent's estate is entitled to recovery of the reasonable medical, funeral and burial expenses, as well as recovery of damages for conscious suffering and punitive damages.

WHEREFORE, Plaintiff, individually and in his capacity and as the personal representative of the Estate of Lilian Cary, demands Judgment against the Defendant awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiff reserves the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master

Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against the Defendant named herein based, in part, on further discovery.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

                                      Respectfully submitted,
                                      For Plaintiff,

                                      /s/ Fredric L. Ellis
                                    Fredric L. Ellis, Esq., BBO # 542075
                                    Edward D. Rapacki, Esq., BBO # 411910
                                    Joseph M. Makalusky, Esq., BBO # 631240
                                    ELLIS & RAPACKI LLP
                                    85 Merrimac Street, Suite 500
                                    Boston, MA 02114
                                    (617) 523-4800
                                    Fax (617) 523-6901
                                    rellis@ellisrapacki.com
                                    erapacki@ellisrapacki.com
                                    jmakalusky@ellisrapacki.com

OF COUNSEL:

J. Douglas Peters, MI Bar No. P25686
CHARFOOS & CHRISTENSEN, P.C.
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080
Fax (313) 875-8522
jdpeters@c2law.com

Date:  December 19, 2013

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 19th day of December 2013, I caused a copy of the above Short Form Complaint to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

             /s/ Fredric L. Ellis
             Fredric L. Ellis