UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.    12-CV-12077

| | |
|---|---|
| **Muriel Armstrong** | |
| Plaintiff, | MDL No. 2419 |
| | Master Docket No. 1:13-md-2419-FDS |
| v. | |
| | Honorable F. Dennis Saylor |
| UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, | |
| | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

SHORT FORM COMPLAINT
AGAINST UNAFFILIATED DEFENDANTS

Plaintiff, Muriel Armstrong, complaining against the Defendants, alleges as follows:

**FIRST COUNT**

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiff' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff is a resident of the State of Michigan.

3. Plaintiff brings this action

☒ On behalf of herself.

4. Plaintiff asserts that the Plaintiff was administered New England Compounding

Pharmacy, Inc. ("NECC") drug Methylprednisone Acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

5. The aforesaid administration of the NECC drug occurred on: September 13, 2012 by Dr. Edward Washabaugh, at Michigan Pain Specialist, located in Brighton, Michigan

6. Plaintiff adopts and incorporates by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

> ☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)
> ☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

7. Plaintiff does not now assert but will seek leave to amend to assert the following claims promptly after the time period for giving notice has expired:

> ☒ COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendants)

8. Plaintiff Muriel Armstrong claims to have suffered the following injuries as a result of the administration of NECC's drug: meningitis, infection, pain, suffering, mental anguish, and inconvenience.

9. Plaintiff Muriel Armstrong claims to have suffered the following damages as a result of the administration of NECC's drug serious injuries, great pain of body and mind, lost earnings and earning capacity, inconvenience disability, deformity, past and future medical hospital bills all of which constitute damages in excess of the jurisdictional limitation.

WHEREFORE, Plaintiff demands Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiff reserves the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master

Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

## SECOND COUNT

Plaintiff, Muriel Armstrong had previously filed a cause of action against the New England Compounding Center, Docket # 12-cv-12077.

Plaintiff, Muriel Armstrong incorporates by reference and therefore maintains his previously asserted claims against the New England Compounding Center.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

Respectfully Submitted,

PLAINTIFF, Muriel Armstrong

By Her Attorneys,

/s/ Peter J. Ainsworth, BBO#658704

Date: December 19, 2013