**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 1:13-cv-10408-FDS

| | |
|---|---|
| **KATHRYN S. LEAVERTON and** : | |
| **DAVID W. LEAVERTON, w/h,** : | |
| : | |
| **Plaintiffs,** : | **MDL No. 2419** |
| : | **Master Docket No. 1:13-md-2419-FDS** |
| **v.** : | |
| : | **Honorable F. Dennis Saylor** |
| **UNIFIRST CORPORATION, A/D/B/A** : | |
| **UNICLEAN CLEANROOM SERVICES,** : | |
| **PREMIER ORTHOPAEDIC AND** : | |
| **SPORTS MEDICINE ASSOCIATES OF** : | |
| **SOUTHERN NEW JERSEY, LLC:** | |
| **A/T/A PREMIER ORTHOPAEDIC,** : | |
| **PREMIER ORTHOPAEDIC** : | |
| **ASSOCIATES SURGICAL CENTER,** : | |
| **LLC,** : | |
| : | **DEMAND FOR JURY TRIAL** |
| **Defendants.** : | |

**SHORT FORM COMPLAINT**
**AGAINST UNAFFILIATED DEFENDANTS**

Plaintiffs, Kathryn S. Leaverton and David W. Leaverton, w/h, complaining against the

Defendants, allege as follows:

**FIRST COUNT**

1.    Pursuant to MDL Order No. 7, entered in In Re: New England Compounding

Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the

undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the

Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master

Complaint, with attachments, and any and all amendments thereto.

2.    Plaintiff is a resident of the State of New Jersey.

3.    Plaintiff brings this action:

1

☒  On behalf of herself/himself.

☐  As the representative of _____, who is a living person.

☐  As the Administrator, Administrator ad Prosequendum, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

      4.      Additionally, David W. Leaverton, is the:

☒ Spouse

☐ Child/Children

☐ Other (Set forth) _____

of Kathryn S. Leaverton, and is a resident of the State of New Jersey, and is hereby named as an additional plaintiff, and claims damages.

      5.      Plaintiff asserts that the Plaintiff was administered New England Compounding Pharmacy, Inc. ("NECC") drug Methylprednisolone Acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

      6.      The aforesaid administration of the NECC drug occurred on May 9, 2012, June 6, 2012 and June 27, 2012, administered by Kimberley Yvette Smith, M.D. a/k/a Kimberley Yvette Smith-Martin, M.D. at Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, also trading as Premier Orthopaedic and Premier Orthopaedic Associates Surgical Center, LLC located in Vineland, New Jersey.

      7.      Healthcare facility, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, also trading as Premier Orthopaedic and Premier Orthopaedic Associates Surgical Center, LLC , are hereinafter collectively referred to as "Clinic Related

2

Defendants."

8.      Plaintiffs adopt and incorporate by reference the following Causes of Action

asserted against the Defendants in the Master Complaint:

☒      COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE
        (Against UniFirst)

☒      COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE
        (Against Clinic Related Defendants)

☒      COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES
        (Against Clinic Related Defendants)

        Plaintiffs allege violation of the following consumer protection statute:
               N.J.S.A. 56:8-1 *et seq.*

☒      COUNT VI: VIOLATION OF M.G.L. C. 93A
        (Against UniFirst)

☒      COUNT VII: BATTERY
        (Against Clinic Related Defendants)

☒      COUNT VIII: FAILURE TO WARN
        (Against Clinic Related Defendants)

☐      COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS
        (Against Tennessee Clinic Related Defendants)

☒      COUNT X: AGENCY
        (Against Clinic Related Defendants)

☒      COUNT XI: CIVIL CONSPIRACY
        (Against Clinic Related Defendants)

☐      COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES
        (Against UniFirst and Clinic related Defendants)

☒      COUNT XIII: LOSS OF CONSORTIUM
        (Against UniFirst and Clinic related Defendants)

☒      COUNT XIV: PUNITIVE DAMAGES
        (Against UniFirst and Clinic related Defendants)

9.      Plaintiffs complied with N.J.S.A 56:8-20 by serving notice of this Short Form

Complaint on the Attorney General.

10.     Plaintiff, Kathryn S. Leaverton, claims to have suffered the following injuries as a result of the administration of NECC's drug: she was caused to undergo further treatments; pain and suffering, loss of life's pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and medical anguish; she is at increased risk of contracting meningitis; she may in the future suffer from an impairment of her future earning capacity; she may in the future continue to be disabled from performing her usual duties and avocations, all to her great loss and detriment.

11.     Plaintiff, Kathryn S. Leaverton, claims to have suffered the following damages as a result of the implantation of the prior administration of NECC's drug(s): headaches, extreme anxiety and mental anguish.

12.     The additional designated Plaintiff, David W. Leaverton, has suffered/will continue to suffer the following: deprived of the aid, companionship, consortium and services of his wife, Plaintiff, Kathryn S. Leaverton.

**WHEREFORE,** Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

**SECOND COUNT**
**PLAINTIFFS v. CLINIC RELATED DEFENDANTS**
**VIOLATIONS OF THE PRODUCT LIABILITY ACT NJ. STAT. § 2A:58C-1 TO 7.**

13.     Plaintiffs incorporate by reference all other paragraphs in this Complaint as if fully set forth herein at length, and further allege:

14.     Defendants were the manufacturers and/or sellers of contaminated methylprednisolone acetate steroid administered to Plaintiff.

15.     Defendants harmed Plaintiff through the manufacture and/or sale of a methylprednisolone acetate steroid product that was not reasonably fit, suitable or safe for its intended purpose because it deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

16.     Defendants harmed Plaintiff by failing to contain adequate warnings or instructions with the methylprednisolone acetate steroid product, and/or designing the product in a defective manner. As a result, Plaintiff suffered personal physical injury, as well as pain and suffering, mental anguish and emotional harm.

17.     By reason of the defective product manufactured or sold by Defendants as aforesaid, Plaintiff was caused to sustain serious and disabling personal, permanent injuries including, but not limited to, headache; she was caused to undergo further treatments; she has suffered extreme anxiety, pain and suffering, loss of life's pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and medical anguish; she is at increased risk of contracting meningitis; she may in the future suffer from an impairment of her future earning capacity; she may in the future continue to

be disabled from performing her usual duties and avocations, all to her great loss and detriment.

18.     As a result of her exposure to the defective product as set forth above, plaintiff suffered and continues to suffer pain, mental anguish and emotional stress, loss of enjoyment of life's pleasure, embarrassment and humiliation.

**WHEREFORE,** Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

### THIRD COUNT
### PLAINTIFFS v. CLINIC RELATED DEFENDANTS
### BREACH OF EXPRESS WARRANTY

19.     Plaintiffs incorporate by reference all other paragraphs in this Complaint as if fully set forth herein at length, as further allege:

20.     Defendants expressly warranted that the methylprednisolone acetate was safe.

21.     Defendants did not conform to their expressed representations because methylprednisolone acetate was not safe.

22.     By reason of the defective product manufactured or sold by Defendants as aforesaid, Plaintiff was caused to sustain serious and disabling personal, permanent injuries including, but not limited to, headaches; she was caused to undergo further treatments; she has suffered extreme anxiety, pain and suffering, loss of life's pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and mental anguish; she is at increased risk of contracting meningitis; she may in the future suffer an impairment of her future earning capacity; she may in the future continue to be disabled from performing her usual duties and avocations, all to her great loss and detriment.

**WHEREFORE,** Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

7

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

                           **Respectfully Submitted,**

                           **PLAINTIFFS, KATHRYN S. LEAVERTON and DAVID W. LEAVERTON, w/h,**

                           **By Their Attorneys,**

                           **SALTZ, MONGELUZZI, BARRETT & BENDESKY**

                           /s/ Michael F. Barrett
                           MICHAEL F. BARRETT, ESQ.
                           MARY T. GIDARO, ESQ.

Date: December 6, 2013