UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-12658

| | | |
|---|---|---|
| BRANDY L. COOPER AND LEON D. COOPER, | : | |
| | : | |
| Plaintiffs, | : | MDL No. 2419 |
| | : | Master Docket No. 1:13-md-2419-FDS |
| v. | : | |
| | : | Honorable F. Dennis Saylor |
| | : | |
| UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, BKC PAIN SPECIALISTS, LLC AND ADIL KATABAY, M.D., | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| Defendants. | : | |

## SHORT FORM COMPLAINT

Plaintiffs, Brandy L. Cooper and Leon D. Cooper, complaining against the Defendants, allege as follows:

### FIRST COUNT

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff, Brandy L. Cooper, is a resident of the State of Ohio.

3. Plaintiff brings this action:

☒ On behalf of herself.

4. Additionally, Leon D. Cooper, is the:

1

☒  Spouse of Brandy L. Cooper, is a resident of the State of Ohio, and is hereby named as an additional plaintiff, and claims damages.

5.  Plaintiffs assert that the Plaintiff, Brandy L. Cooper, was administered New England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as the "NECC drug"), causing injuries and damages.

6.  The aforesaid administration of the NECC drug occurred on or about: March 21, 2012, May 30, 2012, and June 18, 2012 by Adil Katabay, M.D. at BKC Pain Specialists, LLC, located in Marion, Ohio.

7.  Dr. Adil Katabay, and healthcare facility BKC Pain Specialists, LLC, are hereinafter collectively referred to as "Clinic Related Defendants."

8.  Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

> ☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)
>
> ☒ COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)
>
> ☒ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)
>
> Plaintiffs allege violation of the following consumer protection statute(s): O.R.C. §§ 1345.01 et seq. and O.A.C §§ 109:4-3-01 et seq.
>
> ☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)
>
> ☒ COUNT VII: BATTERY (Against Clinic Related Defendants)
>
> ☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)
>
> ☒ COUNT IX: OHIO PRODUCT LIABILITY CLAIMS (Against Clinic Related Defendants)
>
> ☒ COUNT X: AGENCY (Against Clinic Related Defendants)

☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

9. Plaintiffs have complied with the applicable state law pre-suit requirements for filing this Short Form Complaint against the Clinic Related Defendants as required under Ohio Civil Rule 10(D)(2). See attached copy of the Affidavit of Dr. Matthew Lee, MD, RPh, MS dated September 27, 2013 at Exhibit 1.

10. Plaintiffs have sent the pre-suit demand requirement necessary to bring the claims against UniFirst set forth below, as required under Mass. Gen. Laws Ann. Ch. 93A et seq. See attached copy of the UniFirst demand letter dated December 17, 2013 at Exhibit 2. Plaintiffs do not now assert but will seek leave to amend to assert the following claims against UniFirst promptly after the time period for giving notice has expired:

☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☒ COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)

☒ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiffs allege violation of the following consumer protection statute(s): O.R.C. §§ 1345.01 et seq. and O.A.C §§ 109:4-3-01 et seq.

☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☒ COUNT VII: BATTERY (Against Clinic Related Defendants)

☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☒ COUNT IX: OHIO PRODUCT LIABILITY CLAIMS (Against Clinic Related Defendants)

☒ COUNT X: AGENCY (Against Clinic Related Defendants)

☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☒ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

11. Plaintiff, Brandy L. Cooper, claims to have suffered the following injuries as a result of the administration of NECC's drug: Plaintiff underwent a cervical epidural steroid injection procedure performed by Clinic Related Defendants on March 21, 2012 and then underwent a translaminar epidural steroid injection procedure on May 30, 2012 and June 18, 2012. According to Plaintiff's medical records, she received one or more vials of NECC's preservative free MPA. Following these procedures, Plaintiff developed pain and other symptoms including nausea and a stiff neck. She was advised to go to the Emergency Room on October 17, 2012 to be evaluated for fungal meningitis. Plaintiff was forced to undergo a course of medical care and treatment which required her to be hospitalized or attended to at various out-patient facilities. During that time, Plaintiff was also required to get numerous medical tests, including punctures and diagnostic imaging. As a result of the injuries she sustained from the tainted fungal injection, Plaintiff has experienced, and will continue to experience great pain and suffering, mental anguish and loss of life's pleasures.

12. Plaintiff, Brandy L. Cooper, suffered the following damages as a result of the administration of NECC's drug: while being treated for fungal meningitis, Plaintiff experienced mental, emotional, physical, and economic damages. She endured painful medical procedures,

trauma, headaches, and exacerbation of pre-existing medical conditions. Plaintiff has incurred and will continue to incur future expenses to obtain medical treatment and care for her injuries. As a direct result of being injected with a contaminated dose of methylprednisolone acetate, Plaintiff suffered injuries, conscious pain and suffering, emotional distress, economic loss, and other damages.

13. The additional designated plaintiff, Leon D. Cooper, has suffered the following: Plaintiff, Leon D. Cooper, as a result of the injuries sustained by Plaintiff, Brandy L. Cooper, described above, has suffered loss of consortium. Mr. Cooper has suffered mentally, emotionally, and physically watching his wife suffer and feeling frustrated at being unable to help her feel better. He has suffered: the loss of his wife's services, companionship, society, and consortium; emotional distress; and mental anguish, and he will continue to suffer such loss and damages in the foreseeable future. Mr. Cooper has also incurred and will continue to incur expenses for medical treatment and care following his wife's injuries. In addition, the marital relationship between Mr. and Mrs. Cooper has been damaged as a direct result of Mrs. Cooper being injected with contaminated methylprednisolone acetate.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, cost of suit, and such further relief as the Court deems equitable and just.

Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20, 2013) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

**SECOND COUNT**

14. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if set forth at length herein.

15. Plaintiffs incorporate by reference the entirety of Plaintiffs' First Amended Complaint and Jury Demand filed in the United States District Court for the Northern District of Ohio, Western Division on October 4, 2013, attached hereto as Exhibit 3.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

**Respectfully Submitted,**

**PLAINTIFFS BRANDY L. COOPER AND LEON D. COOPER,**

**By Their Attorneys,**

/s/ Kimberly A. Dougherty
Robert K. Jenner (Maryland) *Pro Hac Vice to Be Filed*
Kimberly A. Dougherty (BBO# 658014)
Elisha N. Hawk (Maryland) *Pro Hac Vice to Be Filed*
JANET, JENNER & SUGGS, LLC
31 St. James Avenue
Suite 365
Boston, MA 02116
T: (617) 933-1265
F: (410) 653-9030
kdougherty@myadvocates.com

Date: December 19, 2013