UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SANDERS & WILLIAM SANDERS, | CIVIL ACTION NO. 1:13-cv-12496-FDS |
| Plaintiffs, | MDL No. 2419 |
| | Master Docket No. 1:13-md-2419-FDS |
| v. | |
| | Honorable F. Dennis Saylor |
| UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, | |
| Defendants. | |

**CORRECTED SHORT FORM COMPLAINT
AGAINST UNAFFILIATED DEFENDANT**

Plaintiffs SUSAN SANDERS and WILLIAM SANDERS, complaining against the Defendant, allege as follows:

**FIRST COUNT**

1. Pursuant to the MDL Court's Order number 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, undersigned counsel submits this Short Form Complaint and Jury Demand against the stated Defendant, and adopt and incorporate by reference the allegations in their first filed Complaint, the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiffs are residents of the State of Tennessee.

3. Plaintiff brings this action on behalf of herself.

1

4. Additionally, WILLIAM SANDERS is the spouse of SUSAN SANDERS and is a resident of the State of Tennessee, and is named as an additional plaintiff, claiming consortium damages.

5. Plaintiff asserts that she was administered the New England Compounding Pharmacy, Inc. ("NECC") drug methylprednisone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

6. The aforesaid administration of the NECC drug occurred in July, August, and September of 2012, as alleged in the Complaint, at St. Thomas Outpatient Neurological Center, LLC and/or its affiliated entity as more particularly alleged in the first filed Complaint. Plaintiff was diagnosed as having fungal meningitis as alleged in the first filed Complaint.

7. Plaintiffs have sent or served the pre-suit notice or demand requirements necessary to bring the claims set forth below, as required under M.G.L. C. 93A. Plaintiffs do not now assert but will seek leave to amend to assert the following claims promptly after the time period for giving notice has expired: VIOLATION OF M.G.L. C. 93A (as set forth in Count VI of the Master Complaint).

8. Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against the Defendant, which are in addition to those set forth in their previously filed Complaint, and adopt in addition to such Complaint the later filed Master Complaint's allegations, such paragraphs deemed to relate to the "checked" Counts:

    X    COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

    X    COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

  X  COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants), as previously alleged in the first filed Complaint by these Plaintiffs

  X  COUNT X: AGENCY (Against Clinic Related Defendants)

  X  COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

  X  COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst)

  X  COUNT XIV: PUNITIVE DAMAGES (Against UniFirst)

9. Plaintiff SUSAN SANDERS claims to have suffered the injuries as alleged in the first filed Complaint as a result of the administration of NECC's drug identified above.

WHEREFORE, Plaintiffs demand Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.  Pursuant to Tenn. Code Ann. § 29-28-107, Plaintiffs pray for damages in an amount not to exceed $10,000,000.00 as set forth in Plaintiffs' Original Complaint.

Plaintiffs reserve the right to amend the filed Complaints to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20th) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

## SECOND COUNT

10. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if set forth at length herein.

11. Plaintiffs assert the following additional Causes of Action against Defendants:

Plaintiffs incorporate all allegations and counts contained in Plaintiffs' Original Complaint found at Docket No. 1, together with all attachments thereto, in the litigation styled <u>Sanders v. Ameridose LLC, et al.</u>; United States District Court, District of Massachusetts, 1:13-cv-12496-FDS (MDL No. 1:13-md-2419-FDS) together with all prayers for relief stated therein.

12. Plaintiff suffered injuries as set forth herein.

13. The additional designated plaintiff has suffered/will continue to suffer the injuries as alleged.

WHEREFORE, Plaintiffs demand Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: <u>December 19, 2013</u>

Respectfully submitted,
/s Michael Hugo,
Michael Hugo, Esquire
40 Grove Street, SUITE 270
Wellesley MA 02482
Bar #243890
TEL: 617-448 4888
mike@hugo-law.com

/s/ Mark Zamora,
Mark Zamora (GA BAR #784239)
6 Concourse Parkway #2200
Atlanta, GA 30328
mark@markzamora.com
404-451-7781
Admitted Pro Hac in 1:13-md-02419FDS