**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO: 13-10229-FDS**

| | |
|---|---|
| EDWARD ADAMS, | |
| Plaintiff, | MDL No. 2419 |
| | Master Docket No. 1:13-md-2419-FDS |
| v. | |
| | Honorable F. Dennis Saylor, IV |
| UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, | |
| Defendant. | |

**SHORT FORM COMPLAINT**

Plaintiff, Edward Adams, complaining against the defendant UniFirst Corporation a/d/b/a UniClean Cleanroom Services ("Defendant"), alleges as follows:

**FIRST COUNT**

1. Pursuant to MDL Order No. 7, entered in *In Re: New England Compounding Pharmacy, Inc. Products liability Litigation*, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendant, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff is a resident of the State of Michigan.

3. Plaintiff brings this action :

☒ On behalf of himself.

☐ As the representative of _____, who is a living person.

1

☐   As the Administrator, Administrator <u>ad</u> <u>Prosequendum</u>, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

4.   Plaintiff asserts that he was administered New England Compounding Pharmacy, Inc. ("NECC") methylprednisolone acetate (hereinafter referred to as "NECC's drug"), causing injuries and damages.

5.   The aforesaid administration of NECC's drug occurred as follows:  On August 7, 2012, August 13, 2012 and October 1, 2012, NECC's drug was administered to Plaintiff by physicians at the Michigan Pain Specialists, located in Brighton, Michigan.

6.   Following the administration of NECC's drugs, Plaintiff began experiencing symptoms of meningitis, including headaches, neck pain and light sensitivity.

7.   On October 8, 2010, concerned about his symptoms, Plaintiff went to the hospital and underwent various medical tests, including a painful spinal tap procedure to determine if he had fungal meningitis.

8.   On October 10, 2010, Plaintiff's symptoms worsened and Plaintiff went to another hospital and was given pain medication and antibiotics.

9.   On October 11, 2012, Plaintiff was admitted to the hospital and Plaintiff underwent more medical tests, including another painful spinal tap procedure.  Plaintiff was diagnosed with fungal meningitis and administered antifungal medication.  Plaintiff was discharged from the hospital on October 21, 2012, and was referred to the Fungal Outbreak Clinic for follow up care.

10.   The Centers for Disease Control and Prevention closely monitored Plaintiff's health and identified him as needing lumbar punctures every week for two months.  As directed, Plaintiff has undergone five spinal tap procedures and numerous lumbar punctures.

11. On or about December 3, 2012, Plaintiff was readmitted to the hospital with a spinal fungal abscess, and Plaintiff underwent surgery on or about December 4, 2012. Plaintiff developed an infection and underwent a second surgery on or about December 9, 2012.

12. Plaintiff has been diagnosed with a fungal abscess and remained hospitalized for an extended period of time.

13. Plaintiff adopts and incorporates by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☐ COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendants)

☐ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiff(s) allege violation of the following consumer protection statute(s):

☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☐ COUNT VII: BATTERY (Against Clinic Related Defendants)

☐ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☐ COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)

☐ COUNT X: AGENCY (Against Clinic Related Defendants)

☐ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☐ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

14. Plaintiff has sent the pre-suit notice or demand requirements necessary to bring the claims set forth herein, as required under M.G.L. c. 93A. *See* Demand Letter to UniFirst, attached hereto as Exhibit 1 and incorporated herein by reference. Plaintiff also has sent a Notice of Intent to Sue to the Michigan Pain Specialists pursuant to MCL 600.2912b. *See* Notice of Intent to Sue to Michigan Pain Specialists, attached hereto as Exhibit 2 and incorporated herein by reference. Plaintiff does not now assert, but will seek leave to amend to assert, the following claims against the Michigan Pain Specialists promptly after the time period for giving notice has expired:

NEGLIGENCE and GROSS NEGLIGENCE;

VIOLATION OF M.G.L.C.93A;

BATTERY;

FAILURE TO WARN;

AGENCY;

CIVIL CONSPIRACY; and/or

PUNITIVE DAMAGES.

15. Plaintiff suffered the following injuries as a result of the administration of NECC's drug: Plaintiff contracted fungal meningitis and developed a spinal fungal abscess, necessitating several surgeries and extended hospitalizations. Plaintiff suffered multiple infections, severe headaches, neck pain, light sensitivity, memory and cognitive deficits and severe anxiety.

16. Plaintiff suffered the following damages as a result of the administration of NECC's drug: loss of work/income, multiple hospitalizations, multiple surgeries and related

medical expenses, long-term drug therapy, and painful past and ongoing medical testing.

WHEREFORE, Plaintiff demands Judgment against the Defendant awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiff reserves the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against the Defendant named herein based, in part, on further discovery.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

                                        Respectfully submitted,
                                        For Plaintiff,
                                        /s/ Fredric L. Ellis
                                        Fredric L. Ellis, Esq., BBO # 542075
                                        Edward D. Rapacki, Esq., BBO # 411910
                                        Joseph M. Makalusky, Esq., BBO # 631240
                                        ELLIS & RAPACKI LLP
                                        85 Merrimac Street, Suite 500
                                        Boston, MA 02114
                                        (617) 523-4800
                                        Fax (617) 523-6901
                                        rellis@ellisrapacki.com
                                        erapacki@ellisrapacki.com
                                        jmakalusky@ellisrapacki.com

OF COUNSEL:
J. Douglas Peters, MI Bar No. P25686
CHARFOOS & CHRISTENSEN, P.C.
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080
Fax (313) 875-8522
jdpeters@c2law.com

Date:  December 19, 2013

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of December 2013, I caused a copy of the above Short Form Complaint to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

                                                    /s/ Fredric L. Ellis
                                                  Fredric L. Ellis