UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-11233-FDS

---

BERNEDETTE EFFENDIAN

    Plaintiff(s),

v.

UNIFIRST CORPORATION, A/D/B/A
UNICLEAN CLEANROOM
SERVICES, PREMIER
ORTHOPAEDIC AND SPORTS
MEDICINE ASSOCIATES OF
SOUTHERN NEW JERSEY, LLC, also
trading as PREMIER ORTHOPAEDIC
ASSOCIATES, PREMIER
ORTHOPPAEDIC ASSOCIATES
SURGICAL CENTER, LLC,
KIMBERLEY YVETTE SMITH, M.D.
a/k/a KIMBERLEY YVETTE
SMITH-MARTIN, M.D., JOHN DOE(S)
CORPORATIONS 1-4 and JOHN
DOE(S), M.D. 1-4

    Defendants.

MDL No. 2419
Master Docket No. 1:13-md-2419-FDS

Honorable F. Dennis Saylor

**DEMAND FOR JURY TRIAL**

---

**SHORT FORM COMPLAINT
AGAINST UNAFFILIATED DEFENDANTS**

Plaintiff(s), BERNEDETTE EFFENDIAN, complaining against the Defendants, allege(s)
as follows:

**FIRST COUNT**

1.    Pursuant to MDL Order No. 7, entered in In Re: New England Compounding
Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the

undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2.      Plaintiff is a resident of the State of New Jersey.

3.      Plaintiff brings this action :

☒ On behalf of herself/himself.

☐ As the representative of _____, who is a living person.

☐ As the Administrator, Administrator <u>ad Prosequendum</u>, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

4.      Plaintiff asserts that the Plaintiff was administered New England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

5.      The aforesaid administration of the NECC drug occurred on:  September 19, 2012 and October 3, 2012, at Premier Orthopaedics and Sports Medicine Associates of Southern New Jersey, LLC, also trading as Premier Orthopaedics, by Kimberley Yvette Smith, M.D. a/k/a Kimberley Yvette Smith-Martin, M.D., at Premier Orthopaedic Associates Surgical Center, LLC located in Vineland, New Jersey.

6.      Dr. Smith, healthcare facility Premier Orthopaedic Associates Surgical Center, LLC and Premier Orthopaedics and Sports Medicine Associates of Southern New Jersey, LLC, also trading as Premier Orthopaedics are hereinafter collectively referred to as "Clinic Related Defendants."

7.      Plaintiff(s) adopt(s) and incorporate(s) by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

☒    COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☒    COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendants)

☒    COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiff(s) allege violation of the following consumer protection statute(s): N.J.S.A. 56:8-1 et seq.

☒    COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☒    COUNT VII: BATTERY (Against Clinic Related Defendants)

☒    COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☐    COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)

☒    COUNT X: AGENCY (Against Clinic Related Defendants)

☒    COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐    COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☐    COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☒    COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

8.    Plaintiff(s) complied with the applicable state law pre-suit requirements for filing this Short Form Complaint required under N.J.S.A. 2A:53A-27 and N.J.S.A. 56:8-20 by serving notice on the Attorney General. See attached Affidavit of Merit.

9.    Plaintiff BERNEDETTE EFFENDIAN has suffered and continues to suffer the

following injuries as a result of the administration of NECC's drug: severe disabling injuries, both physical and emotional, including, but not limited to spinal fungal meningitis, paraspinal abcesses, MRSA and myocardial infarction, severe and excruciating pain, severe physical and emotional distress, pain, suffering, impairment and loss of enjoyment of life.

10.     Plaintiff BERNEDETTE EFFENDIAN has suffered and continues to suffer the following damages as a result of the administration of NECC's drug: she was caused to undergo further treatment; she has suffered extreme anxiety, pain and suffering, loss of life's pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and mental anguish; she is at increased risk of having additional severe medical problems; she has and will suffer an impairment of her future earning capacity; she has been and will be in the future disabled from performing her usual duties and avocations, all to her great loss and detriment.

WHEREFORE, Plaintiff(s) demand(s) Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiff(s) reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

## SECOND COUNT

PLAINTIFFS v. CLINIC RELATED DEFENDANTS
VIOLATIONS OF THE PRODUCT LIABILITY ACT NJ. STAT. § 2A:58C-1 TO 7.

11.     Plaintiff re-alleges and re-incorporates by reference each of the foregoing paragraphs in this Complaint as if set forth herein at length, and further allege:

12.     Defendants were the manufacturers and/or sellers of contaminated methylprednisolone acetate steroid administered to Plaintiff.

13.     Defendants harmed Plaintiff through the manufacture and/or sale of a methylprednisolone acetate steroid product that was not reasonably fit, suitable or safe for its intended purpose because it deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

14.     Defendants harmed Plaintiff by failing to contain adequate warnings or instructions with the methylprednisolone acetate steroid product, and/or designing the product in a defective manner. As a result, Plaintiff suffered personal physical injury, as well as pain and suffering, mental anguish and emotional harm.

15.     Plaintiff BERNEDETTE EFFENDIAN has suffered and continues to suffer the following injuries as a result of the administration of NECC's drug: severe disabling injuries, both physical and emotional, including, but not limited to spinal fungal meningitis, paraspinal abcesses, MRSA and myocardial infarction, severe and excruciating pain, severe physical and emotional distress, pain, suffering, impairment and loss of enjoyment of life.

16.     Plaintiff BERNEDETTE EFFENDIAN has suffered and continues to suffer the following damages as a result of the administration of NECC's drug: she was caused to undergo further treatment; she has suffered extreme anxiety, pain and suffering, loss of life's pleasures

5

and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and mental anguish; she is at increased risk of having additional severe medical problems; she has and will suffer an impairment of her future earning capacity; she has been and will be in the future disabled from performing her usual duties and avocations, all to her great loss and detriment.

17.     As a result of her exposure to the defective product as set forth above, plaintiff suffered and continues to suffer pain, mental anguish and emotional stress, loss of enjoyment of life's pleasure, embarrassment and humiliation.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## THIRD COUNT

PLAINTIFFS v. CLINIC RELATED DEFENDANTS

BREACH OF EXPRESS WARRANTY

18.     Plaintiff re-alleges and re-incorporates by reference each of the foregoing paragraphs in this Complaint as if set forth herein at length, and further allege:

19.     Defendants expressly warranted that the methylprednisolone acetate was safe.

20.     Defendants did not conform to their expressed representations because methylprednisolone acetate was not safe.

21.     Plaintiff BERNEDETTE EFFENDIAN has suffered and continues to suffer the following injuries as a result of the administration of NECC's drug: severe disabling injuries,

both physical and emotional, including, but not limited to spinal fungal meningitis, paraspinal abcesses, MRSA and myocardial infarction, severe and excruciating pain, severe physical and emotional distress, pain, suffering, impairment and loss of enjoyment of life.

22.     Plaintiff BERNEDETTE EFFENDIAN has suffered and continues to suffer the following damages as a result of the administration of NECC's drug: she was caused to undergo further treatment; she has suffered extreme anxiety, pain and suffering, loss of life's pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and mental anguish; she is at increased risk of having additional severe medical problems; she has and will suffer an impairment of her future earning capacity; she has been and will be in the future disabled from performing her usual duties and avocations, all to her great loss and detriment.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury.

Respectfully Submitted,

PLAINTIFF,

By Attorneys,

EVAN D. BAKER, ESQ.
LAW OFFICES ROSEMARIE ARNOLD
1386 Palisade Avenue
Fort Lee, New Jersey 07024
Attorneys for Plaintiff

Date: December 19, 2013

## CERTIFICATE OF SERVICE

I, EVAN D. BAKER, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

EVAN D. BAKER

Date:    December 19, 2013

**LAW OFFICES ROSEMARIE ARNOLD**
**1386 Palisade Avenue**
**Fort Lee, New Jersey 07024**
**(201) 461-1111**
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: New England Compounding
Pharmacy, Inc. Products Liability
Litigation

Action of
BERNADETTE EFFENDIAN

MDL No. 1:13-md-2419-FDS

**AFFIDAVIT OF MERIT**

STATE OF NEW JERSEY           :

                                                SS

COUNTY OF BERGEN           :

I, STEVEN P. WALDMAN, M.D. of full age, depose and say:

1.     I am a board certified pain management physician admitted to the practice of medicine in this State since 1993.

2.     This case was filed against Kimberley Yvette Smith, M.D. a/k/a Kimberley Yvette Smith-Martin, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey,LLC also trading as Premier Orthopaedic Associates and Premier Orthopaedic Associates Surgical Center, LLC.

3.     I have reviewed the medical chart of Kimberley Yvette Smith, M.D. a/k/a Kimberley Yvette Smith-Martin, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey,LLC also trading as Premier Orthopaedic Associates and Premier Orthopaedic Associates Surgical Center, LLC.

4.     I have no financial interest in the outcome of this case.

5.     In my opinion, there is a reasonable probability that the care, skill or knowledge exercised by Kimberley Yvette Smith, M.D. a/k/a Kimberley Yvette Smith-Martin, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC also trading as Premier Orthopaedic Associates and Premier Orthopaedic Associates Surgical Center, LLC, in the treatment that is the subject of the Complaint, fell outside or below acceptable professional standards.

_____
STEVEN P. WALDMAN, M.D.

Sworn and Subscribed to
before me this 15th day
of August     ,2013.

_____
Notary Public

JANE L KENT
NOTARY PUBLIC
NEW JERSEY
MY COMMISSION EXPIRES 4-19-2014