UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| SUSAN M. EDWARDS, | |
| Plaintiff, | MDL No. 2419 |
| | Master Docket No. 1:13-md-2419-FDS |
| v. | |
| | Honorable F. Dennis Saylor |
| UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, MINNESOTA SURGERY CENTER, MEDICAL ADVANCED PAIN SPECIALISTS, PA, DAVID M. SCHULTZ, M.D. | DEMAND FOR JURY TRIAL |
| Defendants. | |

### SHORT FORM COMPLAINT

Plaintiff, Susan M. Edwards, complaining against the Defendants, alleges as follows:

### FIRST COUNT

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff, Susan M. Edwards, is a resident of the State of Minnesota.

3. Plaintiff brings this action:

☒ On behalf of herself.

4. Plaintiff asserts that Plaintiff, Susan Marie Edwards, was administered New

1

England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

5. The aforesaid administration of the NECC drug occurred on or about: July 17, 2012 by David M. Schultz, M.D. at Minnesota Surgery Center, in Maple Grove, Minnesota. Minnesota Surgery Center and Dr. David M. Schultz are affiliates of Medical Advanced Pain Specialists, P.A. (hereinafter "MAPS") medical pain clinic in Maple Grove, Minnesota.

6. Dr. David M. Schultz, and healthcare facilities Maple Surgery Center and Medical Advanced Pain Specialists, PA are collectively referred to as "Clinic Related Defendants."

7. Plaintiff adopts and incorporates by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

- ☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)
- ☒ COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)
- ☒ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

  Plaintiff alleges violation of the following consumer protection statutes: Minn. Stat. §§ 325D.43 et seq. and §§ 325F.67 et seq.

- ☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)
- ☒ COUNT VII: BATTERY (Against Clinic Related Defendants)
- ☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)
- ☒ COUNT IX: MINNESOTA PRODUCT LIABILITY CLAIMS (Against Clinic Related Defendants)
- ☒ COUNT X: AGENCY (Against Clinic Related Defendants)
- ☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)
- ☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against

      UniFirst and Clinic Related Defendants)

    ☐ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

    ☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

8. Plaintiff complied with the applicable state law pre-suit requirements for filing this Short Form Complaint required under Minn. Stat. Ann. § 145.682. See attached Affidavit and Affidavit of Expert Review dated December 19, 2013, at <u>Exhibit 1</u>.

9. In addition, Plaintiff has sent the pre-suit demand requirement necessary to bring the claims against UniFirst, as required under Mass. Gen. Laws Ann. Ch. 93A et seq., however the timeframe for asserting the claim has not yet passed. *See* attached copy of the UniFirst demand letter dated December 17, 2013 at <u>Exhibit 2</u>. Plaintiff will amend to assert a claim under Mass. Gen. Laws Ann. Ch. 93A et seq. after the time period for giving notice has expired.

10. Plaintiff, Susan M. Edwards, claims to have suffered the following injuries as a result of the administration of NECC's drug: Following her injections, Plaintiff developed sharp, stabbing, throbbing, dull, and shooting pain. Plaintiff also experienced constant aching and burning, and other symptoms including muscle spasms, numbness, tingling, weakness and abnormal sleep patterns. Plaintiff went to see her doctor for treatment on August 8, 2012 and had an MRI of the lumbar spine on August 17, 2012, which was inconclusive at that time. Plaintiff's symptoms continued to worsen and, on October 4, 2012, she went to University Medical Center – Mesabi complaining of a stiff neck, headaches, photophobia, fever, and chills. The next day, Plaintiff had a Lumbar Puncture and was transferred by ambulance to Essential Health System, St. Mary's so she could be examined by an Infectious Disease Consult. At this time, Plaintiff was diagnosed with aseptic meningitis, possibly an iatrogenic aspergillosis

infection, and was started on IV 480 mg voriconazole and Rocephin 1g. The course of medical care and treatment which followed required Plaintiff to be hospitalized or attended to at various out-patient facilities. Plaintiff was also forced to undergo numerous medical tests, including diagnostic imaging. As a result of the injuries she sustained from the tainted fungal injection, Plaintiff has experienced, and will continue to experience great pain and suffering, mental anguish and loss of life's pleasures.

11. Plaintiff, Susan M. Edwards, claims to have suffered the following damages as a result of the administration of NECC's drug: While being treated for fungal meningitis, Plaintiff experienced mental, emotional, physical, and economic damages. She endured painful medical procedures, trauma, headaches, severe pain, and exacerbation of pre-existing medical conditions. Plaintiff has incurred and will incur future expenses to obtain medical treatment and care for her injuries. As a direct result of being injected with a contaminated dose of methylprednisolone acetate, Plaintiff suffered injuries, conscious pain and suffering, emotional distress, economic loss, and other damages. Plaintiff is also entitled to punitive damages.

WHEREFORE, Plaintiff demands Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, cost of suit, and such further relief as the Court deems equitable and just.

Plaintiff reserves the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20, 2013) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

**SECOND COUNT**

12. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if set forth at length herein.

13. Plaintiffs adopt additional claims against Clinic Related Defendants for negligence per se under Minn. Stat. Ann. § 151.46.

14. Upon information and belief, Clinic Related Defendants purchased steroids in bulk from NECC.

15. The Clinic Related Defendants knew, or should have known that NECC was not licensed in Minnesota as a drug manufacturer or a drug wholesaler.

16. The Clinic Related Defendants knew or should have known that, under Minnesota law, only a drug manufacturer or a drug wholesaler may sell drugs in bulk.

17. As a result of the negligence per se outlined above and in the Master Complaint, the Clinic Related Defendants caused Plaintiff to suffer physical injuries, pain, suffering, and emotional distress.

18. As a direct result of the negligence per se outlined above and in the Master Complaint, Plaintiff suffered injuries, conscious pain and suffering, emotional distress, economic loss, and other damages. Plaintiff is also entitled to punitive damages.

WHEREFORE, Plaintiff demands Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**Respectfully Submitted,**

**PLAINTIFF SUSAN M. EDWARDS,**

**By Her Attorneys,**

/s/ Kimberly A. Dougherty
Robert K. Jenner (Maryland) *Pro Hac Vice to Be Filed*
Kimberly A. Dougherty (BBO# 658014)
Elisha N. Hawk (Maryland) *Pro Hac Vice to Be Filed*
JANET, JENNER & SUGGS, LLC
31 St. James Avenue
Suite 365
Boston, MA 02116
T: (617) 933-1265
F: (410) 653-9030
kdougherty@myadvocates.com

Date: December 20, 2013