UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-12664-FDS

| | |
|---|---|
| **ROY KEIM and DORIS KEIM** : | |
| : | |
| Plaintiff(s), : | MDL No. 2419 |
| : | Master Docket No. 1:13-md-2419-FDS |
| v. : | |
| : | Honorable F. Dennis Saylor |
| : | |
| **UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES** : | |
| : | **DEMAND FOR JURY TRIAL** |
| : | |
| Defendant. : | |

**CORRECTED SHORT FORM COMPLAINT
AGAINST UNAFFILIATED DEFENDANTS**

Plaintiffs, Roy Keim and Doris Keim, complaining against the Defendants, allege(s) as follows:

**FIRST COUNT**

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff Roy Keim is a resident of the State of Indiana.

3. Plaintiff brings this action:

☒ On behalf of herself/himself.

☐ As the representative of _____, who is a living person.

1

☐   As the Administrator, Administrator <u>ad</u> <u>Prosequendum</u>, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

     4.       Additionally, Doris Keim is the:

☒ Spouse

☐ Child/Children

☐ Other (Set forth) _____

of Roy Keim, is a resident of the State of Indiana, and is hereby named as an additional plaintiff, and claims damages.

     5.       Plaintiff Roy Keim asserts that he was administered New England Compounding Pharmacy, Inc. ("NECC") drug Depo Medrol (methylprednisolone acetate) (hereinafter referred to as "NECC drug"), causing injuries and damages.

     6.       The aforesaid administration of the NECC drug occurred on:  June 29, 2012, by Jonathan D. Schrock, M.D., at ASC Surgical Ventures, LLC d/b/a O.S.M.C. Outpatient Surgery Center (hereinafter "O.S.M.C."), located in Elkhart, Indiana.

     7.       Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

          ☒     COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

          ☐     COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)

          ☐     COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

                Plaintiff(s) allege violation of the following consumer protection statute(s):  Ind. Code Ann. 24-5-0.5-1 *et seq.*

☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☐ COUNT VII: BATTERY (Against Clinic Related Defendants)

☐ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☐ COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)

☐ COUNT X: AGENCY (Against Clinic Related Defendants)

☐ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

8. Plaintiffs have sent or served the pre-suit notice or demand requirements necessary to bring the claims set forth below, as required under M.G.L.C. 93A. See attached demand letter sent on December 18, 2013, pursuant to Massachusetts General Laws, Chapter 93A, § 9. Plaintiffs do not now assert but will seek leave to amend to assert the following claims promptly after the time period for giving notice has expired:

Count VI

9. Plaintiff Roy Keim claims to have suffered the following injuries as a result of the administration of NECC's drug: scarring adhesion to the discs located at L4-L5 and L5-S1 and suspected permanent nerve injury at the injection site.

10. Plaintiff Doris Keim claims to have suffered the following injuries as a result of the administration of NECC's drug: loss of consortium.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Respectfully submitted:

PRICE WAICUKAUSKI & RILEY, LLC

/s/ Jamie R. Kendall
William N. Riley (#14941-49)
Jamie R. Kendall (#25124-49A)
301 Massachusetts Avenue
Indianapolis, Indiana 46204
(317) 633-8787
(317) 633-8797 Fax
E-Mail: wriley@price-law.com
          jkendall@price-law.com

Richard W. Crowder
211 South Third Street
Goshen, IN  46256
(574) 533-8041
Fax:  (574) 533-2108
crowderlaw@gmail.com

Counsel for Plaintiffs

Date: December 20, 2013

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of December, 2013, I caused a copy of the above Corrected Short Form Complaint Against Unaffiliated Defendants to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

        /s/ Jamie R. Kendall
        Jamie R. Kendall