UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

BERTRUM WALKER BRYANT, JR., )
individually and as husband and next of kin )
of decedent, MARGARET RHEA BRYANT, )
                                         )
    Plaintiff, )
                                         )
v. )   Case No. _____
                                         )   **JURY DEMAND**
AMERIDOSE, LLC., MEDICAL SALES )
MANAGEMENT, INC., MEDICAL SALES )
MANAGEMENT SW, INC., GDC )
PROPERTIES MANAGEMENT, LLC, ARL )
BIO PHARMA, INC., d/b/a ANALYTICAL )
RESEARCH LABORATORIES, GREGORY )
CONIGLIARO, BARRY J. CADDEN, LISA )
CONIGLIARO CADDEN, DOUGLAS )
CONIGLIARO, CARLA CONIGLIARO, )
GLENN A. CHIN, SAINT THOMAS )
OUTPATIENT NEUROSURGICAL CENTER, )
LLC, HOWELL ALLEN CLINIC, A )
Professional Corporation, JOHN )
CULCLASURE, M.D., DEBRA SCHAMBERG, )
R.N., SAINT THOMAS WEST HOSPITAL )
formerly known as ST. THOMAS HOSPITAL, )
SAINT THOMAS NETWORK, SAINT )
THOMAS HEALTH, ASCENSION HEALTH )
and ASCENSION HEALTH ALLIANCE, )
                                         )
    Defendants. )

## CERTIFICATE OF GOOD FAITH

A.   In accordance with T.C.A. §29-26-122, I hereby state the following:

    1.   I am Plaintiff's counsel in the above-styled case. I have consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

       a.    Are competent under T.C.A. §29-26-115 to express opinion(s) in the case; and
       b.    Believe, based on the information available from the medical records reviewed concerning the care and treatment of the Plaintiff for the incident(s) at issue and, as appropriate, information from the Plaintiff or others with knowledge of the incident(s) at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the Plaintiff or Plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each Defendant consistent with the requirements of §29-26-115. Refusal of the Defendant to release the medical records in a timely fashion or where it is impossible for the Plaintiff to obtain the medical records shall waive the requirement that the expert review the medical records prior to expert certification.

B.    I have never been found to be in violation of T.C.A. §29-26-122.

_____        _9/18/13_____
Michael D. Galligan #3181        Date