UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-10943-FDS

| | |
|---|---|
| CRAIG S. SIMAS, <br> JOAN SIMAS <br><br> Plaintiff(s), <br><br> v. <br><br> UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, OCEAN STATE PAIN MANAGEMENT, INC. <br><br> Defendants. | MDL No. 2419 <br> Master Docket No. 1:13-md-2419-FDS <br><br> Honorable F. Dennis Saylor <br><br> **DEMAND FOR JURY TRIAL** |

**AMENDED SHORT FORM COMPLAINT**
**AGAINST UNAFFILIATED DEFENDANTS**

Plaintiff(s), Craig S. Simas and Joan Simas, complaining against the Defendants, allege as follows:

**FIRST COUNT**

1.   Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2.   Plaintiff, Craig S. Simas, is a resident of the State of Rhode Island.

3.   Plaintiff brings this action:

☒ On behalf of herself/himself.

1

☐ As the representative of _____, who is a living person.

☐ As the Administrator, Administrator <u>ad Prosequendum</u>, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

    4.    Additionally, Joan Simas, is/are the:

☒ Spouse

☐ Child/Children

☐ Other (Set forth) _____

of Craig S. Simas, is a resident of the State of Rhode Island, and is hereby named as an additional plaintiff, and claims damages.

    5.    Plaintiff asserts that the Plaintiff was administered New England Compounding Pharmacy, Inc. ("NECC") drug Methylprednisolone Acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

    6.    The aforesaid administration of the NECC drug occurred on September 15, 2012 and September 22, 2012, administered by Dr. Adbul Barakat at Ocean State Pain Management, Inc., located in Woonsocket, Rhode Island.

    7.    Healthcare facility Ocean State Pain Management, Inc. is hereinafter collectively referred to as "Clinic Related Defendants."

    8.    Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

        ☒    COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☒ COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendants)

☒ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiffs allege violations of the following consumer protection statute: R.I. Gen. Laws. §§ 6-13.1-1 et seq. and M.G.L. C.93A

☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☒ COUNT VII: BATTERY (Against Clinic Related Defendants)

☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☐ COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)

☒ COUNT X: AGENCY (Against Clinic Related Defendants)

☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against Unifirst and Clinic Related Defedants)

☒ COUNT XIII: LOSS OF CONSORTIUM (Against Unifirst and Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against Unifirst and Clinic Related Defendants)

9. Plaintiffs have sent or served the pre-suit notice or demand requirements necessary to bring the claims set forth below, as required under M.G.L. ch. 93A §9. Attached as Exhibit A is a copy of the demand letter sent to Ocean State Pain Management, Inc. Attached as Exhibit B is a copy of the demand letter sent to Unifirst Corporation.

10. Plaintiff Craig S. Simas claims to have suffered the following injuries as a result of the administration of NECC's drug: serious and permanent injury including fungal meningitis, epidural abscess requiring surgery; severe headaches; photosensitivity; severe back, neck and hip

3

pain and stiffness; extreme anxiety and mental anguish.

11. Plaintiff Craig Simas claims to have suffered the following damages as a result of the administration of NECC's drug: he was caused to undergo further treatments including multiple hospitalizations and surgery; pain and suffering; loss of life's pleasures and other emotional distress, he has in the past and may be in the future compelled to spend money and incur obligations for future medical care and treatment; he has in the past and may continue in the future to suffer with pain and mental anguish; he is at increased risk of other medical complications; he has in the past and may in the future suffer an impairment in his future earning capacity; he has in the past and may continue in the future to be disabled from performing his usual duties and avocations all to his great loss and detriment.

12. The additional designated plaintiff, Joan Simas, has suffered/will continue to suffer the following: deprived of the aid, companionship, consortium and services of her husband, Craig T. Simas.

WHEREFORE, Plaintiffs demands Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

## SECOND COUNT

13. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs

as if set forth at length herein, and further allege:

14. Ocean State purchased contaminated Methylprednisolone Acetate from NECC.

15. Ocean State sold and/or distributed the contaminated Methylprednisolone Acetate to Craig S. Simas.

16. Ocean State breached the implied warranties that the Methylprednisolone Acetate was of merchantable quality and/or fit for the particular purpose for which it was intended as required by Massachusetts General Laws chapter 106, §2-314 and/or §2-315 and R.I. Gen. Laws §§ 6A-2-314 and 6A-2-315.

17. Ocean State breached the implied warranty of merchantability by selling and/or distributing the contaminated Methylprednisolone Acetate which did not pass without objection in the trade, was not of fair average quality and/or was not fit for the ordinary purposes for which such goods are used.

18. Ocean State breached the implied warranty of fitness for particular purpose by selling and/or distributing the contaminated Methylprednisolone Acetate which was not fit for the uses and purposes intended by Ocean State.

19. As a direct and proximate result of the breaches of warranty described above, Craig S. Simas claims to have suffered the following injuries as a result of the administration of the NECC drug: serious and permanent injury including fungal meningitis, epidural abscess requiring surgery; severe headaches; photosensitivity; severe back, neck and hip pain and stiffness; extreme anxiety and mental anguish.

20. Plaintiff Craig S. Simas claims to have suffered the following damages as a result of the administration of the NECC drug: he was caused to undergo further treatments including multiple hospitalizations and surgery; pain and suffering; loss of life's pleasures and other

emotional distress, he has in the past and may be in the future compelled to spend money and incur obligations for future medical care and treatment; he has in the past and may continue in the future to suffer with pain and mental anguish; he is at increased risk of other medical complications; he has in the past and may in the future suffer an impairment in his future earning capacity; he has in the past and may continue in the future to be disabled from performing his usual duties and avocations all to his great loss and detriment.

21. The additional designated plaintiff, Joan Simas, has suffered/will continue to suffer the following: deprived of the aid, companionship, consortium and services of her husband, Craig T. Simas.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury.

       **Respectfully Submitted,**
       **CRAIG S. SIMAS and JOAN SIMAS**
       **By Their Attorneys,**

       /s/ Timothy P. Wickstrom

       Timothy P. Wickstrom BBO 541953
       Deborah Gresco-Blackburn BBO 554782
       Wickstrom Morse, LLP
       60 Church Street
       Whitinsville, MA 01588
       Email: Timothy@wickstrommorse.com
       Email: Deb@wickstrommorse.com
       Tel. (508) 234-4551
       Fax. (508) 234-8811

Date: December 20, 2103

CERTIFICATE OF SERVICE

I, Timothy P. Wickstrom, hereby certify that on this 20th day of December, 2013 this document was filed electronically and copies will sent electronically to all registered participants.

/s/ Timothy P. Wickstrom

Timothy P. Wickstrom, Esq.
Wickstrom Morse, LLP
60 Church Street
Whitinsville, MA  01588
508-234-4551
BBO# 541053
Timothy@Wickstrommorse.com