# EXHIBIT "A"

# WICKSTROM MORSE, LLP
## Counselors at Law

Timothy P. Wickstrom
Elizabeth W. Morse
Thomas J. Wickstrom
Mark P. Wickstrom
Mary Patricia Wickstrom
Deborah Gresco-Blackburn

Of Counsel: John A. Wickstrom

60 Church Street
Whitinsville, MA 01588
Tel: (508) 234-4551
Fax: (508) 234-8811

Other Offices:
6 N. Main Street
Uxbridge, MA 01569
Tel: (508) 267-4500
Fax: (508) 278-9850

446 Main Street, 21st Floor
Worcester, MA 01608
Tel: (508) 756-7740
Fax: (508) 756-9740

Please respond to the Whitinsville Office

November 29, 2012

Certified Mail/RRR
Abdul Barakat, President
Ocean State Pain Management, P.C.
219 Cass Ave., Suite A
Woonsocket, RI 02895

RE:  Claimants:        Craig and Joan Simas
     Date of Injury:   September 15 and/or 22, 2012

NOTICE OF CLAIM/MASS. GEN. LAWS CH. 93A SETTLEMENT DEMAND

Dear Mr. Barakat:

I represent Craig and Joan Simas of Warwick, Rhode Island. On September 15 and/or 22, 2012, Mr. Simas received injections of methylprednisolone acetate, a product sold and/or distributed by Ocean State Pain Management, P.C. ("Ocean State"). The methylprednisolone acetate was contaminated. As a result of the injection(s), Mr. Simas developed intense headaches, extreme sensitivity to light and severe neck pain and stiffness. He reported to Rhode Island Hospital on November 5, 2012. Results of various tests indicated that Mr. Simas had developed fungal meningitis from the contaminated product. In addition, Mr. Simas developed an abscess at the L5 site. On November 10, 2012, Mr. Simas underwent an operation at Rhode Island Hospital to remove the abscess caused by the fungal meningitis. Mr. Simas presently remains hospitalized. Joan Simas has suffered a loss of consortium as a result of the injuries to her husband.

By selling and/or distributing the contaminated methylprednisolone acetate, Ocean State breached its implied warranty of merchantability and/or implied warranty of fitness for a particular purpose, thereby violating the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ch. 93A, §§ 2, 9 and 11, which proscribe unfair and deceptive acts or practices in the conduct of trade or commerce. Penalties for a violation of Ch. 93A include an award of double or treble damages, interest, costs and attorney's fees.

In accordance with Mass. Gen. Laws Ch. 93A, §9, demand is hereby made upon you to tender a reasonable offer of settlement within thirty (30) days after your receipt of this letter.

Thank you for your consideration.

                                                     Very truly yours,

                                                     Timothy P. Wickstrom

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Ocean State Pain Management
Street, Apt. No.; or PO Box No. 219 Cass Ave
City, State, ZIP+4 Woonsocket RI 02895

7011 1570 0001 2086 8944

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Abdul Barakat, President
   Ocean State Pain Management P.C.
   219 Cass Ave., Suite A
   Woonsocket, RI  02895

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                    12-3

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7011 1570 0001 2086 8944

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT "B"

## WICKSTROM MORSE, LLP
**Counselors at Law**

Timothy P. Wickstrom
Elizabeth W. Morse
Thomas J. Wickstrom
Mark P. Wickstrom
Mary Patricia Wickstrom
Deborah Gresco-Blackburn

Of Counsel: John A. Wickstrom

60 Church Street
Whitinsville, MA 01588
Tel: (508) 234-4551
Fax: (508) 234-8811

Other Offices:
6 N. Main Street
Uxbridge, MA 01569
Tel: (508) 267-4500
Fax: (508) 278-9850

446 Main Street, 21st Floor
Worcester, MA 01608
Tel: (508) 756-7740
Fax: (508) 756-9740

Please respond to the Whitinsville Office

December 20, 2013

Certified Mail/RRR
Unifirst Corporation
d/b/a Uniclean Cleanroom Services
c/o Roberto Braceras, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 0219

RE:  Claimants:        Craig and Joan Simas
     Date of Injury:   September 15 and 22, 2012

NOTICE OF CLAIM/MASS. GEN. LAWS CH. 93A SETTLEMENT DEMAND

Dear Attorney Braceras:

I represent Craig and Joan Simas of Warwick, Rhode Island. On September 15 and 22, 2012, Mr. Simas received an epidural steroid injection of methylprednisolone acetate, a product manufactured, produced, compounded, sold and/or distributed by New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"). Unifirst Corporation d/b/a Uniclean Cleanroom Services ("Unifirst") contracted with NECC to provide cleaning services, including cleaning the "cleanrooms" used to manufacture and/or compound drugs by NECC, including methylprednisolone acetate. Unifirst owed a duty to Craig and Joan Simas to exercise reasonable care to follow all applicable laws and standards, as well as NECC standard procedures, to prevent or eliminate contamination of NECC cleanrooms. Unifirst knew or should have known that products produced, sold, and shipped by NECC required a sterile environment, and that such products would be used by end consumers such as Craig Simas. Unifirst failed to exercise reasonable care in one or more of the following ways: Unifirst employees, contractors and/or representatives entered NECC cleanrooms without appropriate sterile or contaminant free clothing; Unifirst employees, contractors and/or representatives brought improperly sanitized or improperly cleaned equipment into NECC cleanrooms; Unifirst employees, contractors and/or representatives failed to clean or wipe footwear on mats before entering cleanrooms; and Unifirst employees, agents and/or representatives were negligently surpervised and failed to follow NECC standard operating procedures. Unifirst's actions

resulted in the contamination of methylprednisolone acetate produced by NECC and injected into Craig Simas.

As a result of the contaminated injection(s), Mr. Simas developed intense headaches, extreme sensitivity to light and severe neck pain and stiffness. He reported to Rhode Island Hospital on November 5, 2012. Results of various tests indicated that Mr. Simas had developed fungal meningitis from the contaminated product. In addition, Mr. Simas developed an abscess at the L5 site. On November 10, 2012, Mr. Simas underwent an operation at Rhode Island Hospital to remove the abscess caused by the fungal meningitis. Mr. Simas continues to suffer from the effects of receiving a contaminated epidural steroid injection. Joan Simas has suffered from a loss of consortium as a result of the injuries to her husband.

Unifirst's negligence and gross negligence as described above constitutes unfair competition or unfair and deceptive acts or practices or constitute false representations, thereby violating the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ch. 93A, §§ 2, 9 and 11, which proscribe unfair and deceptive acts or practices in the conduct of trade or commerce. Unifirst willfully and knowingly failed to abide by regulations, laws and guidelines, set forth to protect consumer safety in the cleaning and ongoing maintenance of NECC facilities, including cleanrooms. The practices described herein are unfair because they offend public policy as established by statutes, the common law, or otherwise, and Unifirst willfully engaged in the conduct described above, which they knew or should have known was deceptive, in the course of business, trade and commerce, and had a deleterious impact on the public interest. Penalties for a violation of Ch. 93A include an award of double or treble damages, interest, costs and attorney's fees.

In accordance with Mass. Gen. Laws Ch. 93A, §9, demand is hereby made upon you to tender a reasonable offer of settlement within thirty (30) days after your receipt of this letter. Craig and Joan Simas intend to hold Unifirst responsible for its actions in failing to provide appropriate cleaning services to the NECC property which resulted in contaminated methylprednisolone acetate. Upon your receipt of this correspondence, kindly forward this Notice of Claim to your insurance carrier for appropriate handling.

Very truly yours,

Timothy P. Wickstrom