UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-12187

| | |
|---|---|
| WILMA S. CARTER AND LAWRENCE CARTER, | : |
| Plaintiffs, | : MDL No. 2419 |
| | : Master Docket No. 1:13-md-2419-FDS |
| v. | : |
| | : Honorable F. Dennis Saylor |
| UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, SPECIALTY SURGERY CENTER, PLLC AND KENNETH R. LISTER, M.D., | : DEMAND FOR JURY TRIAL |
| Defendants. | : |

### SHORT FORM COMPLAINT

Plaintiffs, Wilma S. Carter and Lawrence Carter, complaining against the Defendants, allege as follows:

### FIRST COUNT

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff, Wilma S. Carter, is a resident of the State of Tennessee.

3. Plaintiff brings this action:

☒ On behalf of herself.

1

4. Additionally, Lawrence Carter, is the:

☒ Spouse of Wilma S. Carter, is a resident of the State of Tennessee, and is hereby named as an additional plaintiff, and claims damages.

5. Plaintiffs assert that the Plaintiff, Wilma S. Carter, was administered New England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

6. The aforesaid administration of the NECC drug occurred on or about: January 30, 2012, March 15, 2012, May 24, 2012 and September 13, 2012 by Kenneth R. Lister, M.D. at Specialty Surgery Center, PLLC, located in Crossville, Tennessee.

7. Dr. Kenneth R. Lister and healthcare facility Specialty Surgery Center, PLLC, are hereinafter collectively referred to as "Clinic Related Defendants."

8. Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☒ COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)

☒ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiffs allege violation of the following consumer protection statute(s): Tenn. Code Ann. §§ 47-18-101 et seq.

☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☒ COUNT VII: BATTERY (Against Clinic Related Defendants)

☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☒ COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)

☒ COUNT X: AGENCY (Against Clinic Related Defendants)

☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

9. Plaintiffs have complied with the applicable state law pre-suit requirements for filing this Short Form Complaint against the Clinic Related Defendants as required under Tenn. Code Ann. §§ 29-26-121(a)(1), 29-26-121(a)(2), 29-26-121(a)(3)(B), 29-26-121(a)(4), 29-26-121(b) and 29-26-122(a). See attached a copy of the notices sent to the Clinic Related Defendants more than 60 days before the filing of the Complaint, the Certified Mail Receipts and the Return Green Card from the United States Postal Service stamped with the date of mailing and Certificate of Good Faith signed by the undersigned counsel at Exhibit 1.

10. Plaintiffs have sent the pre-suit demand requirement necessary to bring the claim against UniFirst set forth below, as required under Mass. Gen. Laws Ann. Ch. 93A et seq., however the timeframe for asserting the claim has not yet passed. *See* attached copy of the UniFirst demand letter dated December 17, 2013 at Exhibit 2. Plaintiffs will seek leave to amend to assert a claim under Mass. Gen. Laws Ann. Ch. 93A et seq. after the time period for giving notice has expired.

11. Plaintiff, Wilma S. Carter, claims to have suffered the following injuries as a result of the administration of NECC's drug: Plaintiff was admitted to Cumberland Medical Center on October 5, 2012 complaining of a headache. She underwent a lumbar puncture which

showed white blood cells. Plaintiff was discharged home and, over the next six days, experienced aching and discomfort in her neck. Plaintiff was again admitted to Cumberland Medical Center on October 11, 2012 to undergo treatment for fungal meningitis. On October 12, 2012, Plaintiff was inserted with a PICC line that was not removed until November 19, 2012. On October 15, 2012, Plaintiff reported worsening headaches and visual hallucinations. Plaintiff was discharged from the hospital on October 18, 2012 after being diagnosed with fungal meningitis. Her symptoms persisted and on October 29, 2012, she reported significant pain in her lower back which radiated down her leg. The following day, Plaintiff underwent an MRI which revealed a probable epidural abscess secondary to tainted steroid injection. She was admitted into Cookeville Regional Medical Center that same day for treatment. Plaintiff was discharged home on November 9, 2012. Plaintiff's treatment continued and on December 26, 2012 she underwent an MRI which showed improvement, but not a resolution of the abscess in her spine. As of January 4, 2013, Plaintiff was still being followed by infectious disease and neurosurgery physicians. At that time, she was experiencing hair loss from the trauma of the incident, continued hallucinations, and remained on antifungal treatment. An MRI of Plaintiff's lumbar spine on February 25, 2013 revealed further decrease in the size of the abscess. As a result of the injuries she sustained from the tainted fungal injection, Mrs. Carter has been left with chronic pain.

    12.    Plaintiff, Wilma S. Carter, claims to have suffered the following damages as a result of the administration of NECC's drug: while being treated for fungal meningitis, Plaintiff experienced mental, emotional, physical, and economic damages. She endured painful medical procedures, trauma, headaches, hair loss, hallucinations, back pain, and exacerbation of pre-existing medical conditions. Plaintiff has been left with chronic back pain that cannot be treated

due to risk of recurrence of her abscess, as well as ongoing pain, swelling, infection, requiring ongoing medical treatment and hospital stays. Additionally, Plaintiff was forced to miss work from October 11, 2012 to January 7, 2013, and is now on light duty. As a direct result of being injected with a contaminated dose of methylprednisolone acetate, Plaintiff suffered injuries, conscious pain and suffering, lost wages, emotional distress, economic loss, and other damages. Plaintiff is also entitled to punitive damages.

13. The additional designated plaintiff, Lawrence Carter, has suffered the following: Plaintiff, Lawrence Carter, as a result of the injuries sustained by Plaintiff, Wilma Carter, described above, has suffered loss of consortium. The marital relationship between Mr. and Mrs. Carter has been damaged as a direct result of Mrs. Carter being injected with contaminated methylprednisolone acetate. Mr. Carter has suffered mentally, emotionally, and physically watching his wife suffer and feeling frustrated at being unable to help her feel better. He has suffered, and will continue to suffer in the future, mental anguish, the loss of support, love, companionship, affection, society, sexual relations, solace and other damages.

Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20, 2013) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, cost of suit, and such further relief as the Court deems equitable and just, and further, pursuant to T.C.A. § 29-28-107, Plaintiffs pray for damages in an amount not to exceed $15,000,000.

## SECOND COUNT

14. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if set forth at length herein.

15. Plaintiffs incorporate by reference the entirety of Plaintiff's Complaint and Jury Demand filed in the United States District Court for the District of Massachusetts, on September 4, 2013.

16. Plaintiffs incorporate by reference the entirety of Plaintiff's Complaint and Jury Demand filed in the United States District Court for the Middle District of Tennessee, Northeastern Division, on December 17, 2013, attached hereto as Exhibit 3.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, cost of suit, and such further relief as the Court deems equitable and just, and further, pursuant to T.C.A. § 29-28-107, Plaintiffs pray for damages in an amount not to exceed $15,000,000.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

          **Respectfully Submitted,**

          **PLAINTIFFS WILMA S. CARTER AND LAWRENCE CARTER,**

          **By Their Attorneys,**

          /s/ Kimberly A. Dougherty
          Robert K. Jenner (Maryland) *Pro Hac Vice to Be Filed*
          Kimberly A. Dougherty (BBO# 658014)
          Elisha N. Hawk (Maryland) *Pro Hac Vice to Be Filed*
          JANET, JENNER & SUGGS, LLC
          31 St. James Avenue
          Suite 365
          Boston, MA 02116
          T: (617) 933-1265
          F: (410) 653-9030
          kdougherty@myadvocates.com

Date: December 20, 2013