UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES PALMER and wife,<br>MICHELLE PALMER,<br><br>Plaintiffs,<br><br>v.<br><br>UNIFIRST CORPORATION, D/B/A UNICLEAN CLEANROOM SERVICES, and SPECIALTY SURGERY CENTER, PLLC D/B/A SPECIALTY SURGERY CENTER,<br><br>Defendants. | CIVIL ACTION NO. 1:13-cv-12688-FDS<br><br>MDL No. 2419<br>Master Docket No. 1:13-md-2419-FDS<br><br>Honorable F. Dennis Saylor<br><br>DEMAND FOR JURY TRIAL |

## SHORT FORM COMPLAINT
## AGAINST UNAFFILIATED DEFENDANTS

Plaintiffs James Palmer and wife, Michelle Palmer, complaining against Defendants, allege as follows:

### FIRST COUNT

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against Defendants, and adopt and incorporate by reference the allegations in Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff James Palmer is a resident of the State of Tennessee.

3. Plaintiff James Palmer brings this action:

☒ On behalf of himself.

☐ As the representative of _____, who is a living person.

1

☐ As the Administrator, Administrator ad Prosequendum, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

4. Additionally, Plaintiff Michelle Palmer, is the:

☒ Spouse

☐ Child/Children

☐ Other (Set forth) _____

of Plaintiff James Palmer, is a resident of the State of Tennessee, and is hereby named as an additional plaintiff, and claims damages.

5. Plaintiffs assert that Plaintiff James Palmer was administered New England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

6. The aforesaid administration of the NECC drug occurred on July 18 and September 25, 2012, by Kenneth Lister, M.D. at Defendant Specialty Surgery Center, PLLC d/b/a Specialty Surgery Center ("Clinic Related Defendant"), located in Crossville, Tennessee.

7. **Intentionally Omitted.**

8. Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against Defendants in the Master Complaint:

> ☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)
>
> ☒ COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendant)

☐    COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiff(s) allege violation of the following consumer protection statute(s): [List statutes. Note that N.J.S.A. 56:8-1*et seq.* was inadvertently omitted from the Master Complaint]

☐    COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☐    COUNT VII: BATTERY (Against Clinic Related Defendants)

☒    COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendant)

☒    COUNT IX: TENNESSEE PRODUCT LIABILITY CLAIMS (Against Clinic Related Defendant)

☐    COUNT X: AGENCY (Against Clinic Related Defendants)

☐    COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐    COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☒    COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendant)

☒    COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendant)

9. **Intentionally Omitted.**

10. On or about July 18, 2013, Plaintiffs gave pre-suit notice of their potential medical malpractice claim(s) to Clinic Related Defendant, Kenneth Lister, M.D., and Outpatient Anesthesia, P.C., and, in doing so, extended Tennessee's one (1) year medical malpractice statute of limitations by 120 days to at least January 23, 2014. Accordingly, Plaintiffs expressly reserve their rights to amend their Complaint to add allegations of medical malpractice under and in conformity with Tennessee's medical malpractice act, Tenn. Code Ann. § 29-26-101, et seq. On or about December 18, 2013, Plaintiffs sent or served pre-suit notice or demand requirements

necessary under M.G.L.C. 93A to bring a claim for violation of M.G.L.C. 93A (as set forth in Count VI of the Master Complaint) and will seek leave to assert such claim promptly after the time period for giving notice has expired.

11. Plaintiff James Palmer has suffered and continues to suffer physical injuries (including multiple spinal taps without anesthesia, constant splitting headaches, neck pain and stiffness, high fever, nausea, extreme back pain, and ineffective pain managment), physical and mental pain and suffering, mental anguish, loss of enjoyment of life, loss of earning capacity, and loss of opportunity to be treated for back pain management with steroidal injections as a result of the Defendants' negligent misconduct, acts, and omissions.

12. Plaintiff James Palmer suffered and continues to suffer the following damages as a result of the administration of NECC's drug(s): severe pain and suffering, mental anguish, disability, emotional distress, past and future medical care and treatment, increased living and support expenses, loss of enjoyment of life, and medical expenses, both past and future.

13. The additional designated plaintiff, Michelle Palmer, has suffered and will continue to suffer as her husband suffers. She has suffered and continues to suffer a loss of consortium and services and has endured and continues to endure much mental anguish.

Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

WHEREFORE, Plaintiffs demand Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the

Court deems equitable and just. Pursuant to Tenn. Code Ann. § 29-28-107, Plaintiffs pray for damages in an amount not to exceed $5,000,000.00.

## SECOND COUNT

14. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if set forth at length herein.

15. Plaintiffs incorporate all allegations and counts contained in Plaintiffs' Original Complaint found at Docket No. 1, in the litigation styled <u>James Palmer and wife, Michelle Palmer v. Ameridose LLC, et al.</u>; United States District Court, District of Massachusetts, 1:13-cv-12688, (MDL No. 1:13-md-2419-FDS) together with all prayers for relief stated therein.

16. Plaintiff James Palmer has suffered and continues to suffer injuries as set forth in Paragraph 11 herein.

17. Plaintiff James Palmer has suffered and continues to suffer damages as set forth in Paragraph 12 herein.

18. The additional designated plaintiff, Michelle Palmer, has suffered/will continue to suffer as set forth in Paragraph 13 herein.

WHEREFORE, Plaintiffs demand Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Respectfully submitted, this 19th day of December, 2013.

/s/ Christopher T. Cain
Thomas S. Scott, Jr., BPR # 1086
Christopher T. Cain, BPR # 19997
SCOTT & CAIN
*Attorneys for Plaintiffs*
Bank of America Building
550 W. Main Avenue, Suite 601
Knoxville, TN 37902
scott@scottandcain.com
cain@scottandcain.com
(865) 525-2150

### CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2013, a true and exact copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Christopher T. Cain