UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOYCE McKINNEY, | CIVIL ACTION NO. 1:13-CV-12692 FDS |
| Plaintiff, | MDL No. 2419 |
| | Master Docket No. 1:13-md-2419-FDS |
| v. | |
| | Honorable F. Dennis Saylor |
| UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES; SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC; HOWELL ALLEN CLINIC A PROFESSIONAL CORPORATION; JOHN CULCLASURE, M.D., SAINT THOMAS WEST HOSPITAL formerly known as ST. THOMAS HOSPITAL; SAINT THOMAS NETWORK; SAINT THOMAS HEALTH; ASCENSION HEALTH ALLIANCE; and ASCENSION HEALTH; | DEMAND FOR JURY TRIAL |
| Defendants. | |

SHORT FORM COMPLAINT
AGAINST UNAFFILIATED DEFENDANTS

Plaintiff Joyce McKinney, against Defendants, alleges as follows:

FIRST COUNT

1.    Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submits this Short Form Complaint and Jury Demand against Defendants, and adopts and incorporates by reference the allegations in Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

1

2. Plaintiff Joyce McKinney is a resident of the State of Tennessee.

3. Plaintiff Joyce McKinney brings this action:

☒ On behalf of herself.

☐ As the representative of _____, who is a living person.

☐ As the Administrator, Administrator <u>ad</u> <u>Prosequendum</u>, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

4. There is no spouse or person other than Joyce McKinney making a claim in this action.

5. Plaintiff asserts that Plaintiff Joyce McKinney was administered New England Compounding Pharmacy, Inc.'s ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

6. The aforesaid administration of the NECC drug occurred on August 3, 2012 and August 17, 2012, by John Culclasure, M.D., at Saint Thomas Outpatient Neurosurgical Center, LLC ("Saint Thomas Neurosurgical"), located in Nashville, Tennessee.

7. John Culclasure, M.D., Debra Schamberg, R.N., Saint Thomas Neurosurgical, together with Howell Allen Clinic a Professional Corporation, Saint Thomas West Hospital f/k/a St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health, and

Ascension Health Alliance are hereinafter collectively referred to as "Clinic Related Defendants."

8. Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against Defendants in the Master Complaint:

- ☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

- ☒ COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)

- ☐ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

  Plaintiff(s) allege violation of the following consumer protection statute(s): [List statutes. Note that N.J.S.A. 56:8-1*et seq.* was inadvertently omitted from the Master Complaint]

- ☐ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

- ☐ COUNT VII: BATTERY (Against Clinic Related Defendants)

- ☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

- ☒ COUNT IX: TENNESSEE PRODUCT LIABILITY CLAIMS (Against Saint Thomas Neurosurgical and Howell Allen Clinic)

- ☒ COUNT X: AGENCY (Against Clinic Related Defendants)

- ☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

- ☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

- ☐ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

- ☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

9. Plaintiff complied with all applicable state law pre-suit requirements for filing this litigation required under Tenn. Code Ann. §§ 29-26-121 (Written Notice of Claim) and 29-26-122 (certificates of good faith). That compliance is demonstrated in Plaintiff's Original Complaint at paragraphs 282-291 and Exhibits A-D [docket nos. 1-1 through 1-4], all of which are expressly incorporated herein by reference.

10. Plaintiff Joyce McKinney has sent or served the pre-suit notice or demand requirements necessary to bring the claims set forth below, as required under M.G.L. C. 93A. Plaintiff does not now assert but will seek leave to amend to assert the following claims promptly after the time period for giving notice has expired: VIOLATION OF M.G.L. C. 93A (as set forth in Count VI of the Master Complaint).

11. Plaintiff Joyce McKinney suffered the following injuries as a result of the administration of NECC's drug: Joyce McKinney contracted fungal meningitis, the effects of which she is still suffering. Joyce McKinney was severely ill. She was hospitalized multiple times and is still under the care of physicians for treatment of, and monitoring related to, the fungal meningitis. Brain studies initially showed some area of damage, and serial studies are being done to monitor this condition. All of these serious medical issues were from the fungal meningitis. Joyce McKinney has experienced extreme physical pain and mental suffering. She continues to suffer as a result of the Defendants' negligent misconduct, acts, and omissions.

12. Plaintiff Joyce McKinney suffered the following damages as a result of the administration of NECC's drug(s): severe pain and suffering, mental anguish, disability, emotional distress, past and future medical care and treatment, increased living and support

expenses, loss of enjoyment of life, enormous medical expenses, both past and future, lost wages, and loss of earning capacity.

13. There is no additional designated plaintiff in this matter.

Plaintiff reserves the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

WHEREFORE, Plaintiff demand Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just. Pursuant to Tenn. Code Ann. § 29-28-107, Plaintiffs pray for damages in an amount not to exceed $5,000,000.00 as set forth in Plaintiffs' Original Complaint.

## SECOND COUNT

14. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if set forth at length herein.

15. Plaintiff asserts the following additional Causes of Action against Defendants: Plaintiff incorporates all allegations and counts contained in Plaintiff's Original Complaint found at Docket No. 1, together with all attachments thereto, [see docket nos. 1-1 through 1-7] in the litigation styled Joyce McKinney v. Ameridose LLC, et al.; United States District Court, District of Massachusetts, 1:13-CV-12692, (MDL No. 1:13-md-2419-FDS) together with all prayers for relief stated therein.

16. Plaintiff Joyce McKinney suffered injuries as set forth in Paragraph 11 herein.

17. Plaintiff Joyce McKinney suffered damages as set forth in Paragraph 12 herein.

18. There is no additional designated plaintiff in this case.

WHEREFORE, Plaintiff demands Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

Butler, Vines & Babb, PLLC
/s/ *Leslie A. Muse*
Leslie A. Muse, BPR #018150
2701 Kingston Pike
Knoxville, TN 37919
(865) 637-3531

*Attorneys for Plaintiff Joyce McKinney*

Date: December 19, 2013