UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | | |
|---|---|---|
| **LESLIE G. MUSSELWHITE,** | : | |
| | : | |
| Plaintiff, | : | MDL No. 2419 |
| | : | Master Docket No. 1:13-md-2419-FDS |
| v. | : | |
| | : | Honorable F. Dennis Saylor |
| | : | |
| **UNIFIRST CORPORATION, A/D/B/A** | : | |
| **UNICLEAN CLEANROOM** | : | **DEMAND FOR JURY TRIAL** |
| **SERVICES, ADVANCED PAIN &** | : | |
| **ANESTHESIA CONSULTANTS, PC,** | : | |
| **D/B/A APAC CENTERS FOR PAIN** | : | |
| **MANAGEMENT, RANDOLPH Y.** | : | |
| **CHANG, M.D.** | : | |
| | : | |
| Defendants. | : | |

## SHORT FORM COMPLAINT

Plaintiff, Leslie G. Musselwhite, complaining against the Defendants, alleges as follows:

### FIRST COUNT

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff, Leslie G. Musselwhite, is a resident of the State of Illinois.

3. Plaintiff brings this action:

☒ On behalf of himself.

4. Plaintiff asserts that Plaintiff, Leslie G. Musselwhite, was administered New

1

England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

5. The aforesaid administration of the NECC drug occurred on or about: June 28, 2012, August 9, 2012, and September 7, 2012 by Randolph Y. Chang, M.D. at Advanced Pain & Anesthesia Consultants, PC d/b/a APAC Centers for Pain Management, located in Chicago, Illinois. Advanced Pain & Anesthesia Consultants, PC billed Mr. Musselwhite and his insurance for the three injections of NECC's drug.

6. Dr. Randolph Y. Chang and healthcare facility Advanced Pain & Anesthesia Consultants, PC d/b/a APAC Centers for Pain Management are hereinafter collectively referred to as "Clinic Related Defendants."

7. Plaintiff adopts and incorporates by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

- ☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

- ☒ COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)

- ☒ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

    Plaintiff alleges violation of the following consumer protection statutes: Ill. Comp. Stat. Ann ch. 815 , 505/1 et seq.

- ☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

- ☒ COUNT VII: BATTERY (Against Clinic Related Defendants)

- ☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

- ☒ COUNT IX: ILLINOIS PRODUCT LIABILITY CLAIMS (Against Clinic Related Defendants)

- ☒ COUNT X: AGENCY (Against Clinic Related Defendants)

☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☐ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

8. Plaintiff complied with the applicable state law pre-suit requirements for filing this Short Form Complaint required under Ill. Comp. Stat. Ann ch. 735, 5/2-622. *See* attached Written Statement of Lawrence J. Winikur, M.D., dated December 18, 2013, at Exhibit 1.

9. In addition, Plaintiff has sent the pre-suit demand requirement necessary to bring the claims against UniFirst, as required under Mass. Gen. Laws Ann. Ch. 93A et seq., however the timeframe for asserting the claim has not yet passed. *See* attached copy of the UniFirst demand letter dated December 18, 2013 at Exhibit 2. Plaintiff will seek leave to amend to assert a claim under Mass. Gen. Laws Ann. Ch. 93A et seq. after the time period for giving notice has expired.

10. Plaintiff, Leslie G. Musselwhite, claims to have suffered the following injuries as a result of the administration of NECC's drug: Plaintiff underwent three cervical epidural steroid injection procedures, all performed by Clinic Related Defendants. Following his injections, Plaintiff developed pain and other symptoms including fever, headaches, confusion, and photosensitivity. In October of 2012, Plaintiff was made aware that he had received injections from tainted steroid lots, which required follow-up diagnostic procedures, including a lumbar puncture at Advocate Illinois Masonic Medical Center on October 10, 2012. On October 16, 2012, Plaintiff was taken to the Advocate Illinois Masonic Medical Center by ambulance where

he was examined for headaches, fevers, neck pain and mild visual disturbances. The following day, Plaintiff was forced to undergo an MRI and another Lumbar Puncture to check for meningitis secondary to contaminated spinal steroid injections. He was then discharged and told to follow up if his symptoms continued to worsen. Plaintiff was admitted into Advocate Illinois Masonic Medical Center a second time on November 11, 2012 complaining of continuous headaches, light sensitivity and shoulder discomfort. During his five day hospital stay, Plaintiff had an EKG, a CT of the cervical spine, a Lumbar Puncture, and an MRI. Following these procedures, Plaintiff was diagnosed with fungal meningitis and was started on IV therapy with voriconazole in the hospital, and continued IV therapy at home for two weeks after discharge. The course of medical care and treatment which followed required constant monitoring of Plaintiff's condition and numerous medical tests, including diagnostic imaging, to rule out an abscess at the injection site. Plaintiff has been told that he may be monitored for years to come. Recently, Plaintiff was required to have his gallbladder removed and diagnosed with liver damage, believed to be a side affect of the anti-fungal medication he was forced to take to treat the meningitis. As a result of the injuries he sustained from the tainted fungal injection, Plaintiff has experienced, and will continue to experience great pain and suffering, mental anguish and loss of life's pleasures.

11.     Plaintiff, Leslie Musselwhite, has suffered the following damages as a result of the administration of NECC's drug: While being treated for fungal meningitis, Plaintiff experienced mental, emotional, physical, and economic damages. He endured painful medical procedures, trauma, headaches, and exacerbation of pre-existing medical conditions. Plaintiff has incurred and will incur future expenses to obtain medical treatment and care for his injuries. As a direct result of being injected with contaminated methylprednisolone acetate, Plaintiff suffered

injuries, conscious pain and suffering, emotional distress, economic loss, and other damages. Plaintiff is also entitled to punitive damages.

WHEREFORE, Plaintiff demands Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, cost of suit, and such further relief as the Court deems equitable and just.

Plaintiff reserves the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20, 2013) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**Respectfully Submitted,**

**PLAINTIFF LESLIE MUSSELWHITE,**

**By His Attorneys,**

/s/ Kimberly A. Dougherty
Robert K. Jenner (Maryland) *Pro Hac Vice to Be Filed*
Kimberly A. Dougherty (BBO# 658014)
Elisha N. Hawk (Maryland) *Pro Hac Vice to Be Filed*
JANET, JENNER & SUGGS, LLC
31 St. James Avenue
Suite 365
Boston, MA 02116
T: (617) 933-1265
F: (410) 653-9030
kdougherty@myadvocates.com

Date: December 20, 2013