UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| MICHAEL BABINGTON MULLINS, And KIM MULLINS, his spouse<br><br>Plaintiffs<br><br>v.<br><br>UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES; HIGH POINT SURGERY CENTER, AND JOHN DOES 1-10<br><br>Defendants | MDL No. 2419<br>Master Docket No. 1:13-md-2419-FDS<br><br>Honorable F. Dennis Saylor<br><br><br>**DEMAND FOR JURY TRIAL** |

## AMENDED SHORT FORM COMPLAINT
## AGAINST UNAFFILIATED DEFENDANTS

Plaintiffs, MICHAEL BABINGTON MULLINS and KIM MULLINS, his lawful wife, complaining against the Defendants, allege as follows:

### FIRST COUNT

1. Pursuant to MDL Order No.7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Amended Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiffs are resident citizens of the State of North Carolina.

3. Plaintiffs bring this action on behalf of themselves.

4. Plaintiff Michael Mullins asserts that the he was administered New England Compounding Pharmacy, Inc. ("NECC") drug Depo Medrol (hereinafter

1

referred to as "NECC drug"), on September 6th and 19th of 2011, at the High Point Surgical Center, in High Point, NC, causing injuries and damages. (See Exhibit "A" attached hereto.)

5. Additionally, Kim Mullins is the spouse of Michael Mullins and is also a resident of the State of North Carolina and brings forth her claims for loss of society, loss of income, mental anguish and loss of consortium as a result of this incident.

6. The aforesaid administration of the NECC drug occurred on: 09/06/12 & 09/19/12, at High Point Surgical Center located in High Point, NC, by the following physicians/healthcare professionals: William Owings, MD; Cathy Griffin, RN, Michael Shaver; Deborah Steele, L. Crisp, RN and Regina Cardwell.

7. Dr. Owings, Cathy Griffin, Michael Shaver, Deborah Steele, L. Crisp and Regina Cardwell and High Point Surgery Center are hereinafter collectively referred to as "Clinic Related Defendants."

8. Following the administration of NECC's drugs, Plaintiff, Michael Mullins, began experiencing symptoms of meningitis, including headaches, neck pain and stiffness and light sensitivity.

9. Plaintiff received a telephone call from the risk manager for High Point Regional Hospital, Rita Bunch, on or about Wednesday October 3, 2011, advising that the injections he received on September 6 & 19, 2011, might have been contaminated with a fungus and telling him the warning signs.

10. On or about Friday, October 5, 2011, Plaintiff, Michael Mullins, felt stiffness in his neck and contacted the High Point Surgical Center to schedule tests to determine whether he was infected.

11.  On Friday October 5, 2011, Plaintiff, Michael Mullins, went to the hospital and underwent various medical tests, including a painful spinal tap procedure to determine if he had meningitis.

12.  That same day, Dr. Patricia Triplett, after consultation with the CDC, diagnosed Michael with meningitis, admitted him to the hospital and began treatment for meningitis with antifungal medication. He was in the hospital for 12 days and incurred over $100,000 of medical bills. He was designated NECC Fungal Infection Patient NC-02 by the CDC.

13.  Plaintiff adopts and incorporates by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

- ☐ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)
- ☐ COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendants)
- ☐ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

    Plaintiff(s) allege violation of the following consumer protection statute(s):

- ☐ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)
- ☐ COUNT VII: BATTERY (Against Clinic Related Defendants)
- ☐ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)
- ☐ COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)
- ☐ COUNT X: AGENCY (Against Clinic Related Defendants)
- ☐ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐     COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☐     COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☐     COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

14. Plaintiffs do not now assert but will seek leave to amend to assert the following claims promptly after the time period for giving notice has expired:

NEGLIGENCE and GROSS NEGLIGENCE

VIOLATION OF CONSUMER PROTECTION STATUTES

VIOLATION OF M.G.L.C. 93A

BATTERY

FAILTURE TO WARN

AGENCY

CIVIL CONSPIRACY

LOSS OF CONSORTIUM

PUNITIVE DAMAGES

15. The plaintiffs plead the doctrine of Res Ipsa Loquitor in this matter and claim to have zero contributory negligence in this matter.

16. Plaintiff Michael Mullins claims to have suffered the following nonexclusive and non exhaustive list of injuries as a result of the administration of NECC's drug; meningitis, fungal paraspinal abscess/infection, headaches, pain, memory deficits, sensitivity to light, anxiety, pain weight loss, and other injuries which will be proven at the trail of this matter.

17. Plaintiff Michael Mullins claims to have suffered the following damages as a result of the administration of NECC's drug: Past present and future medical expenses, Loss of earnings, Loss of enjoyment of life, loss of work/income; hospitalization and related expenses; long-term drug therapy; painful past and ongoing medical testing; disfigurement; Loss of society, loss of consortium.

18. As a result of the meningitis, Plaintiff Michael Mullins' marriage, which was already suffering, finally failed resulting in his separation and presumed divorce from his spouse of 23 years.

WHEREFORE, Plaintiffs, Michael Mullins and Kim Mullins, demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

WHEREFORE, Plaintiffs, Michael Mullins and Kim Mullins, demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, cost of suit, and such further relief as the Court deems equitable and just, and further, Plaintiff prays for damages in excess of $10,000.00.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED this, the 20th day of December, 2013.

          MICHAEL BABINGTON MULLINS and
          KIM MULLINS  Plaintiffs

          By and Through Undersigned Attorneys,
          LUCKEY & MULLINS, PLLC


BY:    /s/ *Stephen W. Mullins*
        STEPHEN W. MULLINS


STEPHEN W. MULLINS (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Boulevard, Suite 102  (39564)
Post Office Box 990
Ocean Springs, MS  39566
(228) 875-3175
(228) 872-4719 (fax)
smullins@luckeyandmullins.com


**CERTIFICATE OF SERVICE**

I, STEPHEN W. MULLINS, do hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

DATED this, the 20th day of December, 2013.

          /s/ *Stephen W. Mullins*
          STEPHEN W. MULLINS