UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 4:13-cv-40079

| | |
|---|---|
| SCOTT VINCENT SHAW, Individually, As Administrator of the Estate of EFFIE ELWINA SHAW, Deceased, and on Behalf of the Beneficiaries of the Estate, REX JOHNSON SHAW, SCOTT VINCENT SHAW, ELIZABETH DAWN SHAW FRANK, and ANNA MARIA SHAW ALLRED,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNIFIRST CORPORATION, a/d/b/a UNICLEAN CLEANROOM SERVICES, HIGH POINT REGIONAL HEALTH f/k/a HIGH POINT REGIONAL HEALTH SYSTEM, d/b/a HIGH POINT REGIONAL HOSPITAL, and HIGH POINT SURGERY CENTER, a North Carolina General Partnership,<br><br>      Defendants. | MDL No. 2419<br>Master Docket No.<br>1:13-md-2419-FDS<br><br>Honorable F. Dennis Saylor<br><br>DEMAND FOR JURY TRIAL |

## SHORT FORM COMPLAINT

Plaintiffs, Scott Vincent Shaw, Individually, as Administrator of the Estate of Effie Elwina Shaw, Deceased, and on Behalf of the Beneficiaries of the Estate, Rex Johnson Shaw, Scott Vincent Shaw, Elizabeth Dawn Shaw Frank, and Anna Maria Shaw Allred, complaining against the Defendants, alleges as follows:

### FIRST COUNT

1. Pursuant to MDL Order No. 542, entered in In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopts and incorporates by reference the allegations in the Plaintiffs' Master

Complaint, with attachments, and any and all amendments thereto. A copy of Plaintiffs' Master Complaint is attached hereto as Exhibit A.

2. Plaintiffs are residents of the State of North Carolina.

3. Plaintiff Scott Vincent Shaw brings this action on behalf of himself individually as the child of Effie Elwina Shaw and as the Administrator, and Administrator <u>ad Prosequendum</u>, of the Estate of Effie Elwina Shaw (hereinafter "Decedent"), who died on October 19, 2012.

4. Additionally, Rex Johnson Shaw is the surviving spouse and Elizabeth Dawn Shaw Frank and Anna Maria Shaw Allred are children of Effie Elwina Shaw, who are all residents of the State of North Carolina, and are hereby named as additional plaintiffs, and claim damages.

5. Plaintiffs assert that the Decedent was administered New England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

6. The aforesaid administration of the NECC drug occurred on April 26, 2012, June 1, 2012 and August 28, 2012 at High Point Surgery Center, located in High Point, North Carolina.

7. Upon information and belief, at all relevant times, Defendant High Point Surgery Center was a North Carolina General Partnership, that was owned, operated and/or controlled by Defendant High Point Regional Health, f/k/a High Point Regional Health System d/b/a High Point Regional Hospital, and the above named entities are all hereinafter collectively referred to as "Clinic Related Defendants." Further, upon information and belief, during the time that the Clinic Related Defendants were purchasing methylprednisolone from NECC, and specifically the methylprednisolone that was injected into Effie Elwina Shaw at High Point Surgery Center, the

Clinic Related Defendants had entered into an principal-agent agreement with NECC whereby the Clinic Related Defendants agreed to act as principal and NECC agreed to act as agent for the purpose of supplying the principal with compounded drugs, including the methylprednisolone made by NECC, purchased by the Clinic Related Defendants and injected into Effie Elwina Shaw at High Point Surgery Center.

8. At all relevant times, NECC was an agent or servant of the Clinic Related Defendants and was acting within the course and scope of its agency with the Clinic Related Defendants when Effie Elwina Shaw was receiving methylprednisolone injections from the Clinic Related Defendants.

9. Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

- ☒ COUNT I: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)
- ☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)
- ☒ COUNT III: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)
- ☒ COUNT IV: VIOLATION OF M.G.L.C. 93A (Against UniFirst)
- ☒ COUNT V: BATTERY (Against Clinic Related Defendants)
- ☒ COUNT VI: FAILURE TO WARN (Against Clinic Related Defendants)
- ☒ COUNT VII: NORTH CAROLINA PRODUCT LIABILITY CLAIMS (Against Clinic Related Defendants)
- ☒ COUNT VIII: AGENCY (Against Clinic Related Defendants)
- ☒ COUNT IX: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☒     COUNT X:  WRONGFUL DEATH (Against All Defendants)

☒     COUNT XI:  LOSS OF CONSORTIUM (Against All Defendants)

☒     COUNT XII:  PUNITIVE DAMAGES (Against All Defendants, except Clinic Related Defendants)

10.    Plaintiffs object to the pre-filing requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure. Rule 9(j) effectively requires plaintiffs to prove their case before factual discovery is even begun, denies medical malpractice plaintiffs their rights of due process and equal protection under the law, the right to open courts, and the right to a jury trial, violates the separation of powers, and confers an exclusive advantage on health care providers in violation of the United States and North Carolina constitutions. Rule 9(j) violates the Seventh and Fourteenth Amendments of the United States Constitution, and Article I, sections 6, 18, 19, 25 and 32 and Article IV, sections 1 and 13 of the North Carolina Constitution. Without waiving these objections, counsel for plaintiffs provided the following information to comply with the requirements of Rule 9(j): the medical care rendered by defendants and all medical records pertaining to the alleged negligence that are available to plaintiffs after reasonable inquiry have been reviewed before the filing of this complaint by persons who are reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence and who are willing to testify that the care provided by defendants did not comply with the applicable standard of care. If the Court later determines that plaintiffs' 9(j) experts did not meet the requirements of Rule 702(b) or Rule 702(c), plaintiffs will seek to have that person qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence.

11.    Plaintiffs object to N.C.G.S. § 90-21.19 ("the cap on noneconomic damages") as

unconstitutional. The cap on noneconomic damages denies medical malpractice plaintiffs, including plaintiffs in this action, the right to a jury trial, due process of law, equal protection under the law, and the right to open courts, violates the separation of powers, and confers an exclusive emolument on health care providers, in violation of the United States and North Carolina constitutions. The cap on noneconomic damages violates the Seventh and Fourteenth Amendments of the United States Constitution and Article I, sections 6, 18, 19, 25 and 32 and Article IV, sections 1 and 13 of the North Carolina Constitution.

12. The medical care of Effie Elwina Shaw and all medical records pertaining to the alleged negligence that are available to the Plaintiffs after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rule of Evidence and who is willing to testify that the medical care the Clinic Related Defendants provided to Effie Elwina Shaw did not comply with the applicable standard of care. Plaintiffs have complied with the applicable State law pre-suit requirements for filing this Short Form Complaint under North Carolina N.C.G.S. § 1-1, Rule 9(j).

13. Plaintiffs' decedent, Effie Elwina Shaw, suffered the following injuries as a result of the administration of NECC's drug: nausea, headache, body aches, pain, and fever resulting in her hospitalization and ultimate diagnosis of fungal meningitis. Decedent was hospitalized on or about the time she was diagnosed with fungal meningitis until her death from fungal meningitis on October 19, 2012.

Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by

December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages from certain defendants, attorneys' fees, interest, costs and such further relief as the Court deems equitable and just. Plaintiffs pray for damages in an amount not to exceed $5,000,000.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: December 20, 2013.

**Respectfully Submitted,**

**PLAINTIFF SCOTT VINCENT SHAW,
By His Attorneys,**

/s/ Kimberly A. Dougherty
Robert K. Jenner (Maryland) *Pro Hac Vice to be Filed*
Kimberly A. Dougherty (BBO #658014)
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
T: (617) 933-1265
F: (410) 653-9030
kdougherty@myadvocates.com

and

H. Forest Horne, Jr. (NCSB #16678) *Pro Hac Vice*
MARTIN & JONES, PLLC
410 Glenwood Avenue, Suite 200
Raleigh, NC  27603
T: (800) 662-1234
F: (919) 863-6080
hfh@m-j.com