UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| KEN TODD, Personal Representative of the Estate of EMMA TODD, Deceased | |
| **Plaintiff(s),** | MDL No. 2419 |
| | Master Docket No. 1:13-md-2419-FDS |
| v. | CASE NO. 2:13-cv-12655-GAD-LJM |
| | Honorable F. Dennis Saylor |
| UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, | |
| **Defendants.** | |

**AMENDED SHORT FORM COMPLAINT
AGAINST UNIFIRST CORPORATION,
D/B/A UNICLEAN CLEANROOM
SERVICES**

Now Come Plaintiff(s), _KEN TODD_, complaining against the Defendants, allege(s) as follows:

**FIRST COUNT**

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto. Plaintiff also adopts and incorporates by reference all allegations and claims raised in the complaint filed in <u>Adair, et. al v. Ameridose, LLC, et. al,</u> Case no. 2:13-cv-12655-GAD-LJM

2. Plaintiff is a resident of the State of Michigan.

1

3. Plaintiff brings this action:

☐ On behalf of herself/himself.
☐ As the representative of _____, who is a living person.
☒ As the Personal Representative of the Estate

of _EMMA TODD_ (hereinafter "Decedent"), who died on _March 5, 2013_.

4. Additionally, _____, is the:

☐ Spouse

of __ _____, is/are a resident(s) of the State of Michigan, and is hereby named as an additional plaintiff(s), and claims damages.

5. Plaintiff asserts that the Plaintiff was administered New England Compounding Pharmacy, Inc. ("NECC") drug MPA (hereinafter referred to as "NECC drug"), causing injuries and damages.

6. The aforesaid administration of the NECC drug occurred _09/10/12_ on at Michigan Pain Specialists by Dr. Washabaugh/Chatas/Bojrab/Shalhoub located in Michigan Pain Specialists in Brighton, Michigan.

7. Plaintiff(s) adopt(s) and incorporate(s) by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☐ COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendants)

☐ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiff(s) allege violation of the following consumer protection statute(s):

☐ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

2

☐ COUNT VII: BATTERY (Against Clinic Related Defendants)

☐ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☐ COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)

☐ COUNT X: AGENCY (Against Clinic Related Defendants)

☐ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☒ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

☐ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

11. Plaintiff EMMA TODD, Dec'd claims to have suffered the following injuries as a result of the administration of NECC's drug (See Attached):

12. The additional designated plaintiff(s) has suffered/have suffered/will continue to suffer the following: (See Attached).

WHEREFORE, Plaintiff(s) demand(s) Judgment against the Defendants awarding compensatory damages in an amount in excess of $75,000.00, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

Plaintiff(s) reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

### JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury.

Respectfully Submitted,

**PLAINTIFF(S),**

By (Their) Attorneys,

LIPTON LAW

/S/ Marc Lipton

MARC LIPTON (P43877)
Attorney for Plaintiffs
18930 W. 10 Mile Road
Southfield, Michigan 48075
(248) 557-1688
marc@liptonlaw.com

Date: December 20, 2013

Plaintiff's Decedent, Emma Todd claims to have suffered the following:

     i. Fungal Meningitis
    ii. Epidural phlegmon
   iii. Spinal abscess
   iv. Altered mental status
    v. Poor wound healing
   vi. Atrial Fibrillation and DVT
  vii. Other reactions related to anti-fungal medication
 viii. Wrongful Death

Attachment – Paragraph #12

Plaintiff, Emma Todd, Decedent, was prescribed treatment for said diseases and illnesses, including but not limited to:

  i. Posterior Lumbar Decompression, L3-S1
  ii. Multiple Evacuation and Debridements of phlegmon/abscess
  iii. Removal of previously placed Interstim Device on urgent basis
  iv. Hyponatremia
  v. The administration of anti-fungal medications, both oral and IV

Further as a direct and proximate result of the steroids contamination of Plaintiff's decedent, Emma Todd and of her wrongful death, her survivors each suffered and still suffers a loss of service, gifts and other valuable gratuities, the loss of parental training and guidance, the loss of society and companionship and other elements of damages enumerated in the Michigan Wrongful Death Act. The estate has also incurred medical; funeral and other expenses as a direct and proximate result of Defendant's conduct.

**CERTIFICATE OF SERVICE**

    I, TANIA M. SALLING, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

        /S/ Tania M. Salling
        Tania M. Salling

Date: December 20, 2013