UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE:   NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>   All Actions | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 1:13-md-2419-FDS |

ORDER ON PLAINTIFF FACT SHEETS,
AUTHORIZATIONS TO RELEASE RECORDS, AND PROTECTIVE ORDERS

**SAYLOR, J.**

At the monthly status conference on December 13, 2013, the Court considered proposals from the Plaintiffs' Steering Committee ("PSC") and Saint Thomas West Hospital ("St. Thomas") as to how discovery to be obtained from plaintiffs should proceed in the near term in this litigation. In particular, both sides proposed standardized "fact sheets" to be filled out by plaintiffs as an alternative to interrogatories, requests for admissions, and requests for production of documents.

The parties agree that such fact sheets are desirable as a tool that will provide substantial initial discovery as to individual plaintiffs in a uniform and standardized format. The parties also agree that it would be desirable to require the use of standardized authorization forms for the release of individual plaintiffs' medical records and such other records (including, where applicable, such items as employment and tax records) as may be necessary and appropriate in a particular case. Finally, the parties agree that it would be desirable to use standardized forms of protective orders to prevent unnecessary disclosure and dissemination of medical information

and other private data.

Both parties appear to agree that one of the principal purposes of the fact sheets is to identify a subset of cases for selection as possible "bellwether" cases for trial. Both parties also appear to agree that additional discovery from plaintiffs will likely be necessary at a future stage, or at least as to those plaintiffs whose cases are selected as possible "bellwether" cases. At a minimum, it will likely be necessary to take depositions of plaintiffs or their representatives and certain of their medical providers, and it may be necessary in particular cases to conduct additional written discovery to supplement the information in the fact sheets.

The parties disagree, however, as to the precise form that the plaintiff fact sheets should take. The PSC has proposed that the "Confidential Personal Injury or Wrongful Death Claim Information Form" created for use in the bankruptcy proceeding concerning New England Compounding Pharmacy, Inc., be used as such a fact sheet; that proposed form is five pages long. Defendant St. Thomas has proposed a far more extensive fact sheet, and has provided samples from other cases; defendant's proposal is 18 pages long and would require the disclosure of substantially more information.

Having reviewed the competing proposals for fact sheets, the Court is of the view that the proposed form suggested by the PSC would not provide sufficient information to make a meaningful analysis of a case for purposes of selecting potential "bellwether" cases. The defendants will need substantial additional information in order to understand the history and circumstances of a particular plaintiff and his or her claim in order to evaluate whether it is a typical or representative case that could be used as a bellwether case. It is by no means clear, however, that the form proposed by defendant would provide an appropriate degree of

information, or whether it sweeps so broadly as to require the production of information that is of marginal materiality or relevance.

Rather than craft its own proposal, the Court will direct the parties to further meet and confer as to the specifics of the proposals, and will refer the issue to United States Magistrate Judge Jennifer C. Boal for resolution.  The issues of model authorization forms and protective orders, to the extent that they are disputed, will be resolved by a similar process.

Accordingly, and for the foregoing reasons, and pursuant to Fed. R. Civ. P. 26 and 28 U.S.C. §§ 636(b)(1) and 1407, the Court hereby orders as follows:

1. Each plaintiff in this MDL litigation shall, upon written request of any defendant in that plaintiff's individual case, fill out and execute a standardized court-approved fact sheet.

2. The standardized court-approved fact sheet shall make specific requests that require the plaintiff to provide various specific types of personal and medical information.

3. The precise content of the fact sheet shall be determined by United States Magistrate Judge Jennifer C. Boal, after consultation with the parties.

4. The standardized fact sheets may include variations that apply to a substantial subset of cases (for example, according to the state of plaintiff's residence) as the Magistrate Judge may determine is appropriate.

5. All such fact sheets shall be signed and sworn by the relevant individual plaintiff under the pains and penalties of perjury.

6. Each plaintiff will be required to execute only a single fact sheet, to be provided

   to all defendants; provided, however, that each plaintiff shall have a duty to supplement his or her fact sheet as required for all written discovery responses under Fed. R. Civ. P. 26(e).

7. Unless the parties agree to a different timetable, or unless otherwise ordered by the Court, all such fact sheets shall be provided within 60 days of the service of the request.

8. Pending further order of the Court, no defendant shall serve interrogatories, requests for admissions, or requests for production of documents upon a plaintiff. A request to complete a fact sheet, and requests for authorizations to release records, shall be used in lieu of those discovery devices until the litigation has progressed to a later stage.

9. Pending further order of the Court, no defendant shall serve a notice of deposition on any plaintiff. Any party seeking to take an *in extremis* deposition, or otherwise to preserve the testimony of a party or witness, shall first file a motion with the Court seeking leave to do so.

10. Each plaintiff in this MDL litigation shall, upon written request of any defendant in that individual case, execute standard court-approved authorizations for release of medical records and, where appropriate, other types of records (such as employment, insurance, worker's compensation, and tax records). Government forms, such as those employed by the Social Security Administration or Medicare, may be employed as appropriate.

11. The precise content of the authorization forms shall be determined by United

        States Magistrate Judge Jennifer C. Boal, after consultation with the parties.

12.     The standardized authorization forms may include variations that apply to a substantial subset of cases (for example, according to state of plaintiff's residence) as the Magistrate Judge may determine is appropriate.

13.     After consultation with the parties, Magistrate Judge Jennifer C. Boal shall issue standardized discovery protective orders, to protect against unnecessary or improper disclosure of information provided by the fact sheets and the records provided pursuant to authorizations, as she may determine is appropriate.

14.     The Court may modify the terms of this order upon motion and for good cause shown.

**So Ordered.**

                                               /s/ F. Dennis Saylor
                                               F. Dennis Saylor IV
Dated:  December 23, 2013                   United States District Judge