UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Cases | ) ) ) ) ) ) ) ) ) ) )  MDL No. 1:13-md-2419-FDS |

### ORDER ON CASES INVOLVING POTENTIALLY DEFECTIVE SERVICE OF PROCESS OR FAILURE TO PROVIDE PRE-SUIT NOTICE

**SAYLOR, J.**

The Federal Rules of Civil Procedure require as a general matter that defects in service of process be raised by a motion filed under Rule 12.  In addition, certain state statutes, such as Tenn. Code. § 29-26-121, require plaintiffs in certain cases to provide forms of notice prior to filing suit.  This order is intended to address the need for plaintiffs to have an opportunity to cure (if curable) any alleged deficiencies in serving complaints or satisfying pre-suit requirements, including notice, in light of the fact that the deadlines for defendants to answer or otherwise respond to complaints has been extended for considerable periods of time.

Accordingly, it is ordered as follows.

This order applies to any case pending in this Court or subject to transfer to this Court against an Unaffiliated Defendant who did not file a Notice of Participation in the Mediation Program on or before December 20, 2013.  Any such Unaffiliated Defendant who wishes to

assert a defense of insufficiency of process or failure to satisfy pre-suit notice or other requirements pursuant to state law shall file a master motion to dismiss by January 10, 2014, identifying each case that is subject to dismissal on those procedural grounds and indicating, at a minimum, the following information:

1. the case name and civil action number;
2. a brief description of the alleged problem with service of process; and
3. a brief description of the alleged problem/insufficiency in satisfying state-law pre-suit filing requirements.

As to any case subject to this Order, any limitations period, or any other period of time in which a curative action as to defective service of process or a failure to comply with state court pre-suit requirements is permitted ("the Limitations Period"), shall be tolled from the date of this order (December 23, 2013) to January 10, 2014.

As to any case subject to this Order for which an Unaffiliated Defendant has not filed a motion to dismiss by January 10, 2014, the Limitations Period shall be tolled from January 10, 2014, as to that defendant until such defendant files a motion to dismiss that includes the foregoing information.

**So Ordered.**

                                                 /s/ F. Dennis Saylor
                                               F. Dennis Saylor IV
                                               United States District Judge

Dated: December 23, 2013