UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>)<br>) |

**CHAPTER 11 TRUSTEE'S RENEWED AND SUPPLEMENTAL
MOTION TO TRANSFER ADDITIONAL PERSONAL INJURY TORT
AND WRONGFUL DEATH CASES TO THIS COURT
PURSUANT TO 28 U.S.C. §§ 157(b)(5) AND 1334**

Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334, Paul D. Moore, the Chapter 11 Trustee for the bankruptcy estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), hereby files this renewed and supplemental motion (the "Motion") for entry of an order transferring to this Court the personal injury and wrongful death cases that are identified on Exhibit 1 (the "State Court Actions") to the accompanying memorandum of law (the "Memorandum of Law"). On December 20, 2013, Insight Health Corp. ("Insight") filed a proof of claim (the "Insight Proof of Claim") seeking damages for contribution and indemnity against the NECC estate in the State Court Actions, as well as for direct claims allegedly arising from fraud, negligence, and breach of warranty.[1] As a result, the Trustee has filed this Motion.

As set forth in greater detail in the Memorandum of Law, on March 10, 2013, the Trustee filed a *Motion to Transfer Personal Injury Tort and Wrongful Death Cases to this Court pursuant to 28 U.S.C. §§ 1334 and 157(b)(5)* [MDL Doc. No. 37] (the "Transfer Motion"). The

---

[1] A true and correct copy of the Insight Proof of Claim, including the addendum thereto (the "Insight Addendum," is attached to the Memorandum of Law as Exhibit 2.

Transfer Motion sought to transfer to this Court all personal injury and wrongful death cases then pending in both state and federal courts which involved claims arising from the use of allegedly contaminated pharmaceuticals compounded and/or distributed by NECC and other third parties. Those cases fell into the four (4) following categories: (1) cases pending in other federal courts that had not yet been transferred here; (2) cases pending in state courts where removal was in process; (3) cases pending in state courts that named NECC or affiliated entities as defendants; and (4) cases pending in state courts that did not name NECC or affiliated entities as defendants.

On May 31, 2013, this Court entered a *Memorandum and Order on Trustee's Motion to Transfer* [MDL Doc. No. 170] (the "Transfer Opinion"), granting the Transfer Motion in part and denying it in part, without prejudice. *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, 496 B.R. 256, 262 (D. Mass. 2013). The Transfer Motion was granted as to cases within categories (1), (2) and (3). The Transfer Motion was denied, without prejudice, as to cases within category (4). *Id.* at 277-78.

With regard to category (4) cases, this Court assumed the existence of subject matter jurisdiction, but declined to exercise its discretion and, therefore, abstained from exercising such jurisdiction. *Id.* at 277. This Court further stated that "[t]he Court may, in the future, assert jurisdiction over [cases where a defendant asserts claims for indemnity or contribution against NECC] but will refrain from deciding that issue at this time." *Id.* at 274.

Since the entry of the Transfer Opinion, the Bankruptcy Court has entered its *Order (I) Establishing Deadline for Submitting Proofs of Claim, (II) Approving Certain Additional Requirements and Procedures for Personal Injury Tort and Wrongful Death Claims and (III) Approving Form and Manner of Notice Thereof* [Bankr. Doc. No. 582] (the "Bar Date Order"), fixing January 15, 2014 at 4:00 p.m. as the claims deadline. In response to the Bar Date Order,

2

Insight, a defendant previously identified in fourteen category (4) cases, has filed the Insight Proof of Claim.[2]  The automatic stay set forth in 11 U.S.C. § 362 prohibits Insight from naming NECC as a defendant in any civil action, and the filing of a proof of claim is Insight's only appropriate vehicle for asserting indemnity and contribution claims against NECC.

The Trustee has therefore filed this renewed and supplemental Motion in support of an Order transferring the State Court Actions.

Finally, by filing this Motion, the Trustee does not seek to waive or in any way modify the automatic stay that applies to the State Court Actions under 11 U.S.C. § 362.  Moreover, the filing of this Motion is without prejudice to any position that the Trustee may take regarding whether 11 U.S.C. §§ 105 and 362 operate to stay any State Court Action or to render null and void the post-petition filing of any State Court Action.

**WHEREFORE**, the Trustee respectfully requests that this Court grant this instant Motion, transfer the State Court Actions to this Court for all purposes, and grant the Trustee such other and further relief as this Court deems necessary or appropriate.

Dated: December 27, 2013

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Michael R. Gottfried*
Michael R. Gottfried (BBO# 542156)
100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Email: mrgottfried@duanemorris.com

*Counsel for the Chapter 11 Trustee*

---

[2] The Insight Proof of Claim identifies twenty-two current State Court Actions.

**CERTIFICATE OF SERVICE**

       I hereby certify that Chapter 11 Trustee's Renewed and Supplemental Motion to Transfer Additional Personal Injury Tort and Wrongful Death Cases to this Court Pursuant to 28 U.S.C. §§157(b)(5) and 1334 filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 27, 2013.

                                              */s/ Michael R. Gottfried*
                                              Michael R. Gottfried