UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND | : | NO.: 1:13-md-02419(FDS) |
| COMPUNDING PHARMACY, INC. | | |
| PRODUCTS LIABILITY LITIGATION | : | January 6, 2014 |

**MOTION FOR ORDER OF DISCLOSURE**

Non-party, Liberty Industries, Inc. ("Liberty") respectfully moves this Court for an order that the Plaintiffs' Steering Committee ("PSC") permit access to the repository of documents for the purposes of Liberty's participation in the court sanctioned mediation in this case. In support of this motion, Liberty, through the undersigned counsel, states:

1) Liberty designed and supervised construction of three clean rooms for NECC in 2005, 2006, and 2008. Notwithstanding that the PSC has yet to uncover evidence that Liberty was involved with ongoing maintenance, repair or operation of the clean rooms in which NECC prepared its contaminated drugs, the PSC targeted Liberty as a defendant.

2) Since Liberty is without insurance coverage and resources, Liberty opted to participate in the mediation ordered by this Court.

3) The PSC has gathered the documents compiled in U.S. Legal repository, but has not indexed or disclosed the contents of the repository. Nonetheless, the PSC determined that access to the U.S. Legal repository required an advance payment of $3000.00.

4) In order to prepare for mediation, Liberty requested access to the U.S. Legal repository of documents compiled by the PSC.  Liberty also requested, in view of its limited resources, waiver or compromise of the announced $3000.00 fee.  Exhibit A.

5) Without explanation, the PSC advised that, to access the repository, Liberty had to pay the $3000.00 fee.  Exhibit B.

6) As was the case when the PSC subpoenaed all of Liberty's files relating to NECC, Liberty has but 23 employees and is without the resources to actively defend this multi-district litigation.  In a good faith effort to address the PSC claims, Liberty agreed to participate in mediation.  But, to prepare a position statement in aid of mediation, Liberty requires access to the non-medical documents disclosed by other entities.  At a minimum, the PSC should be required to disclose an index of the documents it has gathered.  As it stands, Liberty is being asked to mediate without the benefit of knowing what came before or after the construction of NECC's clean rooms.  Absent an awareness of the full landscape, Liberty is at an unfair disadvantage.

WHEREFORE, the non-party, Liberty respectfully moves that this Court order the PSC to allow access to the U.S. Legal repository of documents for the limited purpose of participating in the mediation program established pursuant to this Court's order.

                                      LIBERTY INDUSTRIES, INC.

                                    By_____/s/_____
                                        Nicole D. Dorman [ct07030]
                                        Rose Kallor, LLP
                                        750 Main Street, Suite 606
                                        Hartford, CT  06103
                                        860-748-4660
                                        860-241-1547 (fax)
                                        E-mail:  ndorman@rosekallor.com

## **CERTIFICATION**

     This is to certify that on this 6th day of January, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                        _____/s/_____
                                          Nicole D. Dorman