# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 1:13-md-02419 |
| THIS DOCUMENT RELATES TO:<br><br>All Actions. | Hon. F. Dennis Saylor, IV |

**[PROPOSED] AMENDED ORDER ON
<u>CENTRAL ENFORCEMENT OF SUBPOENAS</u>**

WHEREAS the Plaintiffs' Steering Committee has advised the Court that it has, or intends to, issue subpoenas to the following entities:

- Pain clinics, hospitals, and other entities or individuals who purchased NECC's methyl prednisolone acetate, cardioplegic solution, or ophthalmic solution;

- Vendors and contractors who worked on or were responsible for the conditions of the NECC facility;

- Vendors who conducted sterility or other testing of NECC's products or equipment used to make the products;

- Suppliers who provided the raw materials used to create methyl prednisolone acetate, cardioplegic solution, or ophthalmic solution;

- Insurance providers, agents, adjusters, and other entities that provided coverage for the above listed entities during the relevant time periods and/or any other third party who has information regarding a party's ability to satisfy a judgment; and

- Other entities that may have information that is otherwise discoverable under the applicable Federal Rules of Civil Procedure

WHEREAS the Court has previously determined that it has the authority to enforce subpoenas issued out of the MDL and exercised that authority with respect to certain subpoenas;

WHEREAS, to date, motions to quash and other objections have been handled centrally and in an efficient manner; and

WHEREAS the Court finds that continuing to centrally enforce all subpoenas issued out the MDL will best promote efficiency and the interests of justice;

IT IS HEREBY ORDERED

1. This Court will centrally enforce all subpoenas issued out of the MDL.

2. Any objections or motions to quash subpoenas issued out of the MDL shall be filed directly into the MDL. Attorneys are permitted to make a limited appearance for the purposes of contesting a subpoena without being deemed to otherwise consent to the jurisdiction of this Court.

3. Any objections to subpoenas issued after July 10, 2013 shall be heard on such date as is convenient for the Court.

4. This Order shall in no way affect this Court's November 13, 2013 Order on Motions to Quash and Objections to Subpoenas as it currently applies.[1]

**SO ORDERED.**

Dated this_____ day of _____, 2014.

                                                         F. Dennis Saylor, IV
                                                         United States District Judge

---

[1] Order on Motions to Quash and Objections to Subpoenas (Dkt. No. 572) – ruling applied to Docket Nos. 218, 219, 220, 221, 222, 236, 241, 244, 254, 259, 261, 269, 275, 279, 288, 298, 303, 304, 305, 306, 307, 308, 311, 314, 317, 334, 338, 342, 345, 347, 348, 353, 354, 355, 356, 358, 360, 361, 368, 372, 383, 400, 405, 451, 508, 524, 527, 528, 530, 532, 533, 548.