UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:

NEW ENGLAND COMPOUNDING
PHARMACY, INC.,

Docket No: 1:13-md-2419-FDS

**Response to Joint Motion to Extend the Deadline for Filing of Master Complaint Related to the Affiliated Defendants and Cross Motion for Extension of Deadline to File responsive pleadings to Short form Complaints and/or Leave to File Third Party Complaint against the Affiliated Defendants.**

## INTRODUCTION

By way of background, New England Compounding Pharmacy (hereinafter "NECP"), over a stretch of years supplied preservative free Methylprednisolone Acetate (MPA) to various hospitals, pain clinics and other medical providers. On or about September 26, 2012 a recall of that medication was issued out of concern for fungal contamination of the medication in three "lots" provided to these facilities. Litigation ensued and various parties, including NECP were named as defendants. Also named were various hospitals, pain clinics and medical providers across the country. The litigation was consolidated through the Judicial Panel on Multi District Litigation in the

1

District Court of Massachusetts before The Honorable Dennis Saylor.

Since that time the Court has entertained several Case Management Conferences with all interested parties in attendance. According to MDL Case Management Order No.: 7 the plaintiff steering committee (Hereinafter "PSC") was charged with preparing and filing a "Master Complaint". The Master Complaint was filed timely in November 2013. The Master Complaint identified Unifirst Corp. and Liberty Services by name only and specifically did not name any of the affiliated defendants including New England Compounding Pharmacy, Ameridose, Alaunus Pharmaceutical, Douglas Conigliaro, Gregory Conigliaro, Lisa Conigliaro, Carla Conigliaro, Glenn Chin, Barry Cadden, ARL Bio Pharma and others. It was represented to the Court that the PSC did not name these affiliated defendants because of settlement negotiations that were ongoing.

The Procedural history regarding certain deadlines for when the master complaint and short form complaints were to be filed is spelled out the in the joint motion of the Chapter 11 Trustee and PSC to extend the time to file a Master Complaint against the Affiliated Defendants by an additional 60 days. (Dkt. No. 741).

### Reply To The Chapter 11 Trustee And Plaintiff Steering Committee's Emergency Motion To Extend The Deadline For Filing A Master Complaint As To The Affiliated Defendants And Cross Motion To Extend The Deadline To Answer.

On December 13, 2013 a status conference was held with the Court at which time the PSC reported that it had not yet reached a settlement agreement with the affiliated defendants but that the parties were very close to an agreement. At that time the deadline for naming NECC and the affiliated defendants to the master complaint was set for January 8, 2014. The deadline for answering the amended complaints was extended to January 10, 2014 giving the defendants only two (2) days to file an answer with cross claims against the newly added defendants or to file a third party complaint against the affiliated defendants. At the December 2013 conference the undersigned addressed the Court to express concern with the deadline for filing an answer, specifically due to the short amount of time between the amendment and the answer deadlines. The court indicated at that time that an emergency motion could possibly be entertained if necessary to address the timing issues.

The PSC and Chapter 11 Trustee now move to extend the deadline for filing an amended master complaint to March 10, 2014. The undersigned does not object to the extension of time to name the affiliated defendants to the Master complaint. However, it is respectfully requested that the deadline for

3

answering and/or otherwise responding to the short form complaints be extended to April 10, 2014.

The PSC and Chapter 11 trustee indicate in their moving papers that the extension of time will not affect the unaffiliated defendants. However, whether there is a settlement between the affiliated defendants and the PSC and Chapter 11 trustee makes a big difference in how the unaffiliated defendants will proceed procedurally.

Whether there is a settlement or not the unaffiliated defendants maintain cross-claims against the affiliated defendants as part of their defense. Those cross claims cannot be asserted unless the affiliated defendants are a party to the case. If the affiliated defendants are not named as parties the unaffiliated defendants are required to file third-party complaints, naming the affiliated defendants to the case alleging claims for contribution and indemnification. In order to make this decision the unaffiliated defendants must know when and if the complaint will be amended. If the Court grant's plaintiff's request to extend the amendment deadline to March 10, 2013 the unaffiliated defendants may go through the exercise and expense of filing third party claims against the affiliated defendants unnecessarily. If the settlement does not come to fruition, the plaintiffs will amend to name the affiliated

4

defendants and there will be no need for the unaffiliated defendants to file third party complaints.

Memorializing the agreement to settle is something that will undoubtedly take time and attention away from the everyday tasks of litigation in this matter. As such, forcing the unaffiliated defendants to answer the short form complaints and also file third party complaints at this juncture would at the very least distract the attention of the affiliated defendants and PSC from the task of formalizing their settlement. By the same breath, forcing the unaffiliated defendants to file third party complaints when such a task may not be necessary will prejudice and burden the defense with additional costs.

Undoubtedly too, any plaintiff who has already filed a short form complaint will want to amend their short form to include the newly added affiliated defendants thus requiring an answer to the amended complaint – yet another expense for all parties involved.

Finally, if the affiliated defendants are removed from the case by way of settlement the unaffiliated defendants can potentially move to have the matter transferred from the MDL Court back to their local jurisdiction. Without knowing if the Affiliated Defendants will be in the case it will be impossible to bring this motion regarding jurisdiction and venue. As such,

5

any responsive pleadings must be stayed until after the PSC decides whether it is appropriate to name the affiliated defendants.

Therefore, in keeping with the tenor of the Court's previous rulings any answer to the short form complaints by the unaffiliated defendants should logically follow the decision whether an amendment of the complaint to name the affiliated defendants will be filed. In short, the unaffiliated defendants deserve to know the landscape before they are required to put their plow into the dirt.

WHEREFORE, Defendants, Premier Orthopedic Associates of Southern New Jersey, Premier Orthopedic Associates Surgical Center, and Kimberly Smith-Martin, MD (The Premier Defendants) respectfully request that this Court:

Grant this motion to extend the deadline to answer the short form complaints and/or file third party complaints against the affiliated defendants to April 10, 2014.

Dated: January 7, 2014  **BLUMBERG & WOLK, LLC**

                                                */S/Christopher M. Wolk, Esq.*
Christopher M. Wolk, Esquire
(Atty. No. 012832007)

Jay J. Blumberg, Esquire
(Atty. No. 029071983)
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472

Attorneys for Movants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

CERTIFICATE OF SERVICE

I hereby certify that the within STATEMENT OF ELECTION filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). A courtesy copy will be emailed only to the Trustee or his representative, and members of the PSC only.

DATED: January 7, 2014              **BLUMBER & WOLK, LLC**


                                    /S/Christopher M. Wolk, Esq.

                                    Jay J. Blumberg, Esquire
                                    Christopher M. Wolk, Esquire
                                    158 Delaware Street
                                    P. O. Box 68
                                    Woodbury, New Jersey 08096
                                    (856) 848-7472

                                    Attorneys for Movants Premier
                                    Orthopaedic and Sports Medicine
                                    Associates of Southern New Jersey,
                                    LLC, trading as Premier
                                    Orthopaedic Associates, Premier
                                    Orthopaedic Associates Surgical
                                    Center, LLC, and Kimberley Yvette
                                    Smith, M.D., a/k/a Kimberley
                                    Yvette Smith-Martin, M.D.

EXHIBT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

In re:                                          :

NEW ENGLAND COMPOUNDING                         :
PHARMACY, INC.,                                 :
                                                       Docket No: 1:13-md-2419-FDS
                                                :

**(Proposed)ORDER EXTENDING TIME FOR THE UNAFFILIATED DEFENDANTS TO FILE RESPONSIVE PLEADINGS**

This Honorable Court having considered the Response to plaintiff's emergency motion to extend the deadline for filing of the master complaint by the PSC as to the Affiliated Defendants by defendant Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D, it is hereby ordered:

The deadline for filing responsive pleadings to the Plaintiff Steering Committee's Master Complaint and any short form complaints adopting same is hereby extended to April 10, 2014.

**So Ordered.**

                                                        _____
                                                        **F. Dennis Saylor, IV**
                                                        United States District Judge
Dated:_____