UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419 Master Dkt. No. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO: All Actions | |

**MEMORANDUM OF LAW OF CHAPTER 11 TRUSTEE IN RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO PARTIALLY LIFT DISCOVERY STAY**

In its motion filed with this Court on October 28, 2013, the Plaintiffs' Steering Committee ("PSC") moved to partially lift the existing discovery stay and permit discovery of the Affiliated Defendants. The PSC argued that discovery stays are generally disfavored and cited to several irrelevant cases where discovery stays were sought pending motions to strike or dismiss. *See, e.g.*, *O'Neal v. NCO Fin. Sys. Inc.*, Case No. 06-cv-16, 2006 U.S. Dist. LEXIS 83505 (S.D. Cal. Nov. 16, 2006); *Skellerup v. City of L.A.*, 163 F.R.D. 598 (C.D. Cal. 1995). This Court issued the stay to facilitate the Chapter 11 Trustee's (the "Trustee") settlement discussions with the Affiliated Defendants of New England Compounding Center ("NECC") and their insurers, in an effort to effectuate a prompt, global resolution for the benefit of NECC's creditors, without the burden, delays, expenses and risks of protracted litigation.

These negotiations, which occurred without contemporaneous discovery obligations, proved fruitful. As noted in the January 6, 2014 Joint Emergency Motion of the Chapter 11 Trustee and the Plaintiffs' Steering Committee to Extend the Deadline for Filing a Master Complaint Related to Affiliated Defendants (the "Affiliated Defendants' Master Complaint Motion"), those efforts have been successful. On December 23, 2013, the PSC and the Trustee announced an agreement in principle concerning settlement with the Affiliated Defendants, and their insurers, to contribute an amount estimated to exceed $100 million to a compensation fund

to be distributed to NECC creditors, including patients who received allegedly tainted MPA injections distributed by NECC.  The parties are diligently working to finalize and document the agreement in principle reached, and to obtain Bankruptcy Court approval.

Despite the pending settlement in principle, and the reasons set forth by the PSC in their recently allowed motion to extend the deadline for filing the Master Complaint against the Affiliated Defendants, the PSC seeks to lift the discovery stay.  The Trustee believes that opening formal discovery at this time would be counterproductive to his settlement efforts, and unnecessary given the informal discovery that has previously occurred and is continuing. Generating litigation activity for formal discovery and for costly document processing and production before the settlement is completed, and the scope of the issues in dispute clarified or narrowed, is not cost-effective, and outright wasteful of the precious available resources. Continuing the stay until at least the date granted the PSC to file its Master Complaint, while the parties work towards completion of the settlement appropriately balances the competing equities. The PSC has not met the burden of the requisite "good cause" required by Case Management Order No. 6 to lift the stay.  Engaging in discovery would necessarily shift the focus away from finalizing the settlement for the benefit of NECC's creditors.

## I.  <u>ARGUMENT</u>

As the First Circuit noted in a decision cited by the PSC, "[i]t is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention."  *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1154 (1st Cir. 1992).  PSC Mot. at 3 – 4.  Deferring discovery against the Affiliated Defendants was and continues to be prudent and necessary to allow the Trustee and the PSC to finalize the settlement for the benefit of those who will partake of the compensation fund.

### A.  Significant Progress Towards Resolution

The Trustee embraces the PSC's goal to expeditiously resolve this litigation.  The Trustee is working diligently to augment the funds available for NECC's creditors, and develop a satisfactory bankruptcy plan.  The Trustee, the Official Committee, and the PSC have begun, through the initial round of settlements with NECC's insiders and insurers, to build a "Claimants' Compensation Fund", for distribution to claimants through a Chapter 11 plan, to benefit those injured by exposure to NECC's MPA.  See Preliminary Settlement Agreements Establish $100M Fund for Victims of Tainted Steroids Traced to NECC, Reuters (Dec. 23, 2013)[1] (describing the preliminary agreements of NECC's insiders and insurers to contribute an amount exceeding $100 million to "a compensation fund to be distributed to NECC creditors, including victims who received injections of tainted steroids traced to NECC"); see also New Eng. Compounding Pharm. Prods. Liab. Litig., 496 B.R. at 273 (the "primary focus" of the chapter 11 plan will be "satisfying, to the maximum extent possible, the unsecured claims of injured plaintiffs for damages").

Based upon the agreement in principle reached, the PSC stated in the Affiliated Defendants' Master Complaint Motion that the deadline for the PSC to file those complaints should be extended 60 days, until March 10, 2014 "in order to provide the parties sufficient time to finalize and execute a full settlement agreement."  It would be counterproductive, and contrary to this worthy goal, for the PSC to simultaneously seek to lift the discovery stay, thus diverting the attention and efforts of the Trustee and the Affiliated Defendants from finalizing the settlement.

The PSC concedes that costly discovery should be avoided in light of the agreement in principle reached.  At the MDL status conference on September 12, 2013, the issue of initiating

---

[1] Available at http://www.reuters.com/article/2013/12/23/ma-necc-settlement-idUSnPnNEg2mBD+163+PRN20131223

medical record collection was raised by counsel for Ameridose. Lead counsel to the PSC objected, arguing "if the affiliated defendants are settling, they have no dog in this fight . . . if the affiliated defendants are going to be out of this case in 30 days, two months, I'm not saying they are, but if that comes to pass, then starting this process of collecting medical records and expending great sums of money, doing that becomes hard to understand why the affiliated defendants have an interesting pushing that." September 12, 2013 Status Conference, Tr. 48:19 – 49:10. The flip side of the PSC's position should apply to the Affiliated Defendants. There is no sense in pursuing discovery, when a settlement is within grasp. The current Court Ordered stay only pertains to parties that might seek discovery of the Affiliated Defendants.

Notwithstanding the existence of the stay, the Trustee, through his Specially Retained Counsel, has provided "informal" discovery to the PSC and non-affiliated defendants through twelve separate productions, encompassing over 5,100 documents and nearly 40,000 pages. Indeed, throughout the litigation, in a measure of good faith, counsel has responded expeditiously to each request by the PSC for additional documents, formulated and executed searches and expended time and resources to respond to requests, without any obligation to do so.

### B.  The PSC Has Not Demonstrated Good Cause Necessary to Lift the Stay

Formal discovery of NECC and the Affiliated Defendants is presently stayed by the Court's Order. *See* Case Management Order 6, dated June 28, 2013 (Dkt. 209). Per the highly negotiated CMO-6, a showing of "good cause" is required to initiate formal discovery. *Id*. The PSC has not met their burden of demonstrating good cause to lift the stay. The PSC cannot unilaterally decide that "the time has come for the litigation to move forward" and that "there is no reason to continue to stay it." Sufficient reasons do not exist to disrupt the status quo, particularly where the parties unanimously acknowledge the substantial progress made in

reaching a settlement in principle and the Trustee has fully cooperated in providing informal discovery.  PSC Mot. at 3.

### C.  Continued Cooperation of the Affiliated Defendants

Finally, the stay is critical to the continued cooperation of the Affiliated Defendants. Generating litigation activity for discovery and for costly document processing, review and production makes no sense for parties that are cooperating and negotiating in good faith.

## II.  <u>CONCLUSION</u>

In light of the significant progress the parties have made in reaching a settlement in principle, and the current efforts to finalize the agreement, lifting the stay would significantly disrupt those efforts.  As such, the Trustee respectfully requests that the Court deny the PSC's motion to lift the discovery stay.


Dated: January 8, 2014                          Respectfully Submitted,


                                                By: <u>/s/ Frederick H. Fern     </u>
                                                     Frederick H. Fern

                                                HARRIS BEACH PLLC
                                                100 Wall Street, 23rd Floor
                                                New York, New York 10005
                                                (P) 212-687-0100
                                                (F) 212-687-0659
                                                (E) HBNECC@harrisbeach.com

                                                *Specially Retained Coordinating Defense*
                                                *Counsel for Chapter 11 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I, Frederick H. Fern, hereby certify that on the 8th day of January, 2014, the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/ Frederick H. Fern</u>
Frederick H. Fern