UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br>_____ )<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>Suits Identified in the Exhibit to this Motion )<br>_____ ) | MDL No. 2419<br>Dkt. No 1:13-md-2419 (FDS) |

### The Tennessee Defendants'
### Motion to Dismiss Global Claims

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), Howell Allen Clinic, a Professional Corporation ("Howell Allen"), John W. Culclasure, M.D. ("Dr. Culclasure"), Debra V. Schamberg, R.N. ("Ms. Schamberg"), Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, M.D. ("Dr. Lister"), and Kenneth Lister, M.D., P.C. ("Dr. Lister's Practice") (collectively "the Tennessee Defendants") respectfully move the Court to dismiss the Plaintiffs' claims outlined below pursuant to Fed. R. Civ. P. 12(b)(6), Local Rule 7.1, and the authority cited in the contemporaneously-filed Memorandum in Support of this Motion to Dismiss.

There are two (2) distinct groups of Tennessee health care providers named as defendants[1]:

1.    STOPNC (and its related entities/physicians, Howell Allen, Dr. Culclasure, and Ms. Schamberg

---

[1] A third Tennessee clinic-defendant, PCA Pain Care Center, Oak Ridge has also been named in two suits filed on behalf of a single patient, _Seiber v. Ameridose, et al._, No. 1:13-cv-11868-FDS and _Seiber v. Ameridose, et al._, No. 3:13-cv-00706-CLC-CCS (EDTN). The suits also name Donald E. Jones, M.D., who is represented by the same counsel as the Tennessee Defendants. The suit currently pending in the MDL adds Dr. Jones by amendment with the Short Form Complaint, and it also incorporates the complaint filed in the EDTN by reference. Dr. Jones has not yet been served with either suit, but they allege the same causes of action as the cases to which the current motion applies. Counsel intends to ask the Court to expand its decision on this Motion to Dismiss to apply to the _Seiber_ case once Dr. Jones is served.

2.      SSC (and one of its physician-owners who performed the epidural steroid injection procedures at SSC, Dr. Lister, and, in some cases, Dr. Lister's Practice).

While these two (2) groups of defendants are not related (except in that they are represented by the same counsel), all complaints against the Tennessee Defendants assert all or a subset of the same nine (9) causes of action:

1.      Products Liability

2.      Tennessee Consumer Protection Act

3.      Battery

4.      Failure to Warn

5.      Ordinary Negligence

6.      Duty to Prevent Foreseeable Harm

7.      Civil Conspiracy

8.      Agency Relationship with NECC

9.      Health Care Liability.

At the December 13, 2013, status conference the Court directed defendants to file motions to dismiss "global" claims, *i.e.*, claims against defendants alleged in all or a substantial number of cases, by January 10, 2014, the deadline for responding to the Master Complaint. Subsequently, on December 23, 2013, the Court ordered Unaffiliated Defendants to file a master motion to dismiss by January 10, 2014, identifying each case in which the Unaffiliated Defendant intends to assert a defense of insufficiency of service of process or failure to comply with pre-suit notice requirements, including the pre-suit filing requirements contained in Tennessee's Health Care Liability Act[2].[3]

---

[2] TENN. CODE. ANN. § 29-26-121.

[3] [Dkt. 723].

Consistent with those instructions, the Tennessee Defendants move to dismiss claims one (1) through eight (8) of the "common" claims, for the reasons summarized in this Motion and discussed in the Memorandum in Support. In addition, consistent with the Court's December 23, 2013 Order, the Tennessee Defendants are submitting a separate motion to dismiss identifying the suits that fail to satisfy the pre-suit notice requirements of Tenn. Code. Ann. § 29-26-121. The Tennessee Defendants file these two (2) motions to dismiss in lieu of filing an answer or answers to individual complaints, as all claims against the Tennessee Defendants are addressed in these motions.

**<u>MOTION TO DISMISS</u>**

### I. Products Liability Claims

The Plaintiffs' claims for products liability fail to state a claim upon which relief can be granted because:

1. The Plaintiffs have failed to comply with Tennessee's Health Care Liability Act[4] in attempting to plead their health care liability action as a product liability action; and

2. These Defendant health care providers are not "sellers" of products.

Therefore, the Court should dismiss the Plaintiffs' claims for products liability pursuant to Federal Rule of Civil Procedure 12(b)(6) in the suits identified in the Exhibit to this Motion.[5][6][7][8][9]

---

[4] TENN. CODE. ANN. § 29-26-101, *et seq.*

[5] *O'Brien v. Ameridose, et al.*, No. 1:13-cv-12759-FDS is included on the case list, but the Plaintiffs filed a Notice of Voluntary Dismissal in that case on October 31, 2013. [Dkt. 13]. No order of dismissal was entered, but the case is listed as terminated on Pacer. Additionally, the same Plaintiffs, in a separate suit pending in the MDL, *O'Brien v. NECC, et al.*, No. 1:13-cv-10460-FDS, have filed a Short Form Complaint naming the Tennessee Defendants and alleging substantially the same causes of action as the complaint in the nonsuited case. [Dkt. 33]. The Tennessee Defendants have not been served with the amended complaint in that suit.

## II.   Tennessee Consumer Protection Act Claims

The Plaintiffs' Tennessee Consumer Protection Act[10] claims fail to state a claim upon which relief can be granted because:

1.     The Plaintiffs have failed to comply with Tennessee's Health Care Liability Act[11] in attempting to plead their health care liability action as a Tennessee Consumer Protection Act claim;

2.     The Tennessee Consumer Protection Act does not provide a remedy for personal injury and wrongful death claims; and

3.     The Tennessee Consumer Protection Act does not apply to a health care provider's delivery of medical care.

Therefore, the Court should dismiss the Plaintiffs' Tennessee Consumer Protection Act claims pursuant to Federal Rule of Civil Procedure 12(b)(6) in the suits identified in the Exhibit to this Motion.

---

[6] *Patel v. Ameridose, et al.*, No. 3:13-cv-01416 (MDTN) is included on the case list, but the Tennessee Defendants have not yet been served. There is also a suit pending in the MDL filed on behalf of the same Plaintiff, *Patel v. Ameridose, et al.*, No. 1:13-cv-12061-FDS, in which the Plaintiff filed a Short Form Complaint adding the Tennessee Defendants, and incorporating the complaint filed in the Middle District of Tennessee by reference. [Dkt. 13]. The Tennessee Defendants have not been served in that suit either.

[7] *Sawyers v. Ameridose, et al.*, No. 3:13-cv-01452 (MDTN) is included on the case list, but it has not yet been transferred to the MDL, the Tennessee Defendants have not been served, and no Short Form Complaint has been filed. The suit brings the same causes of action as those already pending in the MDL against the Tennessee Defendants.

[8] *Potts v. Ameridose, et al.*, No. 3:14-cv-00025 (MDTN) is included on the case list, but it has not yet been transferred to the MDL, the Tennessee Defendants have not been served, and no Short Form Complaint has been filed. The suit brings the same causes of action as those already pending in the MDL against the Tennessee Defendants.

[9] *Taylor v. Ameridose, et al.*, No. 1:13-cv-12673-FDS is included on the case list, but the Tennessee Defendants have not yet been served. They were not named in the original complaint [Dkt. 1] but were added by an amended complaint filed December 19, 2013, [Dkt. 16] and were also named in the Short Form Complaint filed December 20, 2013, [Dkt. 17].

[10] TENN. CODE. ANN. § 47-18-101, *et seq.*

[11] TENN. CODE. ANN. § 29-26-101, *et seq.*

### III.    Battery

The Plaintiffs' battery claims fail to state a claim upon which relief can be granted because:

1.    The Plaintiffs have failed to comply with Tennessee's Health Care Liability Act[12] in attempting to plead their health care liability action as a battery claim; and

2.    The Plaintiffs have not pled facts necessary to state a claim for medical battery.

Therefore, the Court should dismiss the Plaintiffs' battery claims pursuant to Federal Rule of Civil Procedure 12(b)(6) in the suits identified in the Exhibit to this Motion.


### IV.    Failure to Warn

The Plaintiffs' "failure to warn" claims fail to state a claim upon which relief can be granted because:

1.    The Plaintiffs have failed to comply with Tennessee's Health Care Liability Act[13] in attempting to plead their informed consent claim as a "failure to warn" claim; and

2.    The Plaintiffs cannot maintain an action for failure to obtain informed consent against a health care facility.

Therefore, the Court should dismiss the Plaintiffs' "failure to warn" claims pursuant to Federal Rule of Civil Procedure 12(b)(6) in the suits identified in the Exhibit to this Motion.

---

[12] TENN. CODE. ANN. § 29-26-101, *et seq.*
[13] TENN. CODE. ANN. § 29-26-101, *et seq.*

## V.    Ordinary Negligence

The Plaintiffs' ordinary negligence claims fail to state a claim upon which relief can be granted because Tennessee's Health Care Liability Act[14] requires proof of a violation of the recognized standard of acceptable professional practice, not mere ordinary negligence. Therefore, the Court should dismiss the Plaintiffs' ordinary negligence claims in the suits identified in the Exhibit to this Motion.

## VI.   Duty to Prevent Foreseeable Harm

The Plaintiffs' claims for breach of an alleged "special duty" to prevent a third party, NECC, from harming the Plaintiffs fails to state a claim upon which relief can be granted because:

1.    Tennessee's Health Care Liability Act[15] sets out the elements of a health care liability action and the Plaintiffs attempt to impermissibly alter one of those elements;

2.    Tennessee law does not impose a "special duty" on a health care provider to protect a patient from the intentional actions of a third party; and

3.    The Plaintiffs have failed to plead sufficient facts supporting the imposition of joint and several liability.

Therefore, the Court should dismiss the Plaintiffs' "special duty" claims in the suits identified in the Exhibit to this Motion.

---

[14] TENN. CODE. ANN. § 29-26-101, *et seq.*
[15] TENN. CODE. ANN. § 29-26-101, *et seq.*

## VII.    Civil Conspiracy

The Plaintiffs' civil conspiracy claims fail to state a claim upon which relief can be granted because:

1.    The Plaintiffs' claims for civil conspiracy are barred by the statute of limitations, which accrued at the time of the last overt act in furtherance of the alleged conspiracy; and

2.    The Plaintiffs fail to allege facts sufficient to sustain a claim for civil conspiracy.

Therefore, the Court should dismiss the Plaintiffs' civil conspiracy claims in the suits identified in the Exhibit to this Motion.


## VIII.    Agency Relationship with NECC

The Plaintiffs' claims premised on vicarious liability for the actions of NECC fail to state a claim upon which relief can be granted because the Plaintiffs have not pled, and cannot plead, facts supporting a finding of an agency relationship between the Tennessee Defendants and NECC. Therefore, the Court should dismiss the Plaintiffs' claims premised on vicarious liability for the actions of NECC in the suits identified in the Exhibit to this Motion.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**


/s/Chris J. Tardio
C.J. Gideon, Jr. (admitted *pro hac* vice)
Chris J. Tardio (admitted *pro hac* vice)
Matthew H. Cline
John-Mark Zini
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph:  (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for STOPNC, Howell Allen,
John W. Culclasure, M.D., Debra  V.
Schamberg, R.N., SSC, Kenneth R.
Lister, M.D., and Kenneth Lister, M.D.,
P.C.***


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 10th day of January, 2014.


 /s/ Chris Tardio
**Chris Tardio**

8