UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>The cases listed in Exhibit A to the Saint Thomas Entities' and Ascension Parties' Motion to Dismiss for Failure to Comply with Tennessee Health Care Liability Act | MDL No. 2419<br>Dkt. No 1:13-md-2419 (FDS) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH TENNESSEE HEALTH CARE LIABILITY ACT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and order of this Court,[1] Saint Thomas West Hospital, formerly known as St. Thomas Hospital ("Saint Thomas Hospital"), Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities") and Ascension Health Alliance and Ascension Health (collectively referred to as the "Ascension Parties") file this Motion to Dismiss the Complaints of various MDL Plaintiffs whose cases are listed in Exhibit A[2] to the Saint Thomas Entities and Ascension Entities' Motion to Dismiss for Failure to Comply with Tennessee Health Care Liability Act. Exhibit A identifies the individual cases ("Tennessee Plaintiffs") to which this motion is applicable and the specific statutory requirements that the Tennessee Plaintiffs failed to meet.

---

[1] Order on Cases Involving Potentially Defective Service of Process or Failure to Provider Pre-suit Notice, entered 12/23/13 (Docket #723).

[2] For convenience, a courtesy copy of this list is also attached to this memorandum as Exhibit A.

53312260.1

1

**STATEMENT OF THE CASE**

The Tennessee Plaintiffs' claims are among many in this MDL arising out of injections of steroids compounded by the New England Compounding Center ("NECC") that are claimed to have caused an outbreak of fungal meningitis in the patients who received them. The Tennessee Plaintiffs include patients who received epidural injections of methylprednisolone acetate ("MPA") at Defendant Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC") who were later diagnosed with fungal meningitis, as well as their family members. The MDL Plaintiffs claim that NECC compounded the MPA in unsanitary conditions, leading to contamination with microbial contaminants. *E.g.*, Master Complaint at ¶¶ 1-3.

The Tennessee Plaintiffs' claims against the Saint Thomas Entities and Ascension Entities are governed by the Tennessee Healthcare Liability Act, TENN. CODE ANN. § 29-26-101, *et. seq.* (the "Act").[3] The Act contains pre-suit notice and good faith certification requirements that must be satisfied in order for a plaintiff to proceed with a health care liability action.

Tennessee Code Annotated § 29-26-121 sets forth the requirements that must be satisfied in order to prosecute a health care liability claim pursuant to the Act. First, § 29-26-121(a)(1) requires pre-suit notice to be provided to each potential health care provider defendant at least 60 days before a complaint is filed. Next, Sections 29-26-121(a)(2)(A) through (E) describe the information that must be contained in the pre-suit notice:

(A)  The full name and date of birth of the patient whose treatment is at issue;

(B)  The name and address of the claimant authorizing the notice and the relationship to the patient if the notice is not sent by the patient;

---

[3] Initially called the Tennessee Medical Malpractice Act, the Act was amended in 2012 to change all references of "medical malpractice" to "health care liability." The 2012 revisions "had no substantive effect on the operation of the statute." *Moses v. Dirghangi*, No. W2011-02403-COA-R3-CV, 2013 WL 5519506, at *7 (Tenn. Ct. App. Oct. 3, 2013).

53312260.1

    (C)      The name and address of the attorney sending the notice if applicable;

    (D)      A list of the name and address of all providers to whom notice is being sent; and

    (E)      A medical authorization complying with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[4] that permits the provider receiving the notice to obtain complete medical records from the other providers to whom the plaintiff has sent a pre-suit notice.

*See id.* Delivery or service of the pre-suit notice may be satisfied by either personal delivery of the notice, *id.* § 29-26-121(a)(3)(A), or by mail. *Id.* § 29-26-121(a)(3)(B). The Act further requires the plaintiff to attach proof of compliance with the pre-suit notice to the complaint, which is accomplished by attaching to the complaint an affidavit of mailing supported by actual proof that the notice was mailed. *Id.* § 29-26-121(a)(4). In addition to the proof of mailing, the plaintiff must also state in the complaint that the plaintiff has complied with the pre-suit notice requirement. *Id.* § 29-26-121(b). Finally, Section 29-26-122 requires plaintiffs to file a certificate of good faith with the complaint. The certificate of good faith must state that

---

[4] The requirements of a HIPAA-compliant authorization are set forth in 45 C.F.R. § 165.508(c)(1) as follows:

    (i)      A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.

    (ii)     A name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.

    (iii)    The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.

    (iv)    A description of each purpose of the requested use or disclosure. . . .

    (v)     An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure. . . .

    (vi)    Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided.

plaintiff's counsel has consulted with one or more experts who provided a signed statement confirming that the expert is both competent to express opinions in the case and believes there is a good faith basis to maintain the lawsuit.  The notice and certificate requirements of the Act are "substantive law," *Conrad v. Washington Cnty.*, No. 2:11-CV-106, 2012 WL 554462, at *2 (E.D. Tenn. Feb. 21, 2012) (citations omitted), and thus apply in federal court as well.

## ARGUMENT

In  *Myers v. Amisub (SFH), Inc.*, 382 S.W.3d 300 (Tenn. 2012), the Tennessee Supreme Court explained that "[t]he proper way for a defendant to challenge a complaint's compliance with [the notice and good faith certificate requirements of the Act] is to file a Tennessee Rule of Procedure 12.02 motion to dismiss." *Id.* at 307.  In the motion to dismiss, the defendant health care provider "should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint." *Id.*  Once the defendant files a motion to dismiss, "the burden shifts to the plaintiff to show either that it complied with the statutes or that it has extraordinary cause for failing to do so." *Id.*

As set forth below, failure to comply with one—or more—of the statutory requirements in the Act may result in dismissal of the claim.  The sections below describe the specific notice and certification requirements of the Act.  Exhibit A to Defendants' Motion to Dismiss for Failure to Comply with the Act sets forth the deficiencies for specific plaintiffs.  Because of the varied nature of deficiencies in the pre-suit notices and complaints, this brief will not address each matter in detail but will use certain cases as examples of deficiencies that require dismissal of the Complaints.

I. **PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE PRE-SUIT NOTICE PROVISION OF THE ACT**

As set out in the full text of the statute, relevant portions of which are set forth in the Appendix, Tennessee Code Annotated § 29-26-121(a)(1) requires the plaintiff in a health care liability action to "give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint . . . ." *Id.* In *Myers*, the Tennessee Supreme Court specifically held that the statutory requirement that any person asserting a health care liability claim "shall" give defendant 60 days' pre-suit notice of the claim was "mandatory, not directory, and therefore, strict, rather than substantial compliance," was required in order to maintain a medical malpractice action. *Myers*, 382 S.W.3d at 309 ("The essence of Tennessee Code Annotated section 29-26-121 is that a defendant be given notice of a medical malpractice claim before suit is filed.").

Since *Myers*, both the state and federal courts in Tennessee have dismissed health care liability complaints with prejudice for failure to provide the requisite 60-day notice. *See also Hawkins v. Mason*, No. W2011-02318-COAR3-CV, 2012 WL 3007680, at *4 (Tenn. Ct. App. July 24, 2012) (discussing that the timing provisions of the Act are mandatory); *Garay v. Hamblen Cnty., Tenn.*, No. 2:11-CV-128, 2013 WL 1249300, at *5 (E.D. Tenn. Mar. 26, 2013) (finding that failure to comply with the requirements of TENN. CODE ANN. § 29-26-121 where plaintiff did not send pre-suit notice to defendant added as party in amended complaint "was fatal and requires dismissal of this claim . . . with prejudice.").

A. **Failure to Satisfy the Pre-Suit Notice Requirement of § 29-26-121(a)(1) Cannot Be Cured Through Amendment**

Failure to give the requisite pre-suit notice cannot be cured through amended pleadings or late filings. *See Shockley v. Mental Health Cooperative, Inc.*, No. M2013-00494-COA-R3-CV, 2013 WL 5947764 (Tenn. Ct. App. Nov. 4, 2013). In *Shockley*, the plaintiff's decedent received

53312260.1

medical treatment at the Mental Health Cooperative, Inc. (the "Cooperative"), however, in the Complaint the plaintiff named the defendant as the Mental Health Cooperative Foundation, Inc. (the "Foundation"). *Id.*, at *1–2.  The court found that the Foundation was a separate and distinct entity from the Cooperative and that the Foundation was not the proper party to the suit because it did not render medical services to the plaintiff's decedent. *Id.*, at *2, *4.

The plaintiff in *Shockley* provided pre-suit notice to the Foundation rather than the Cooperative. *Id.*, at *2.  The Foundation and the Cooperative shared the same business address, and the same registered agent. *Id.*, at *4.  When the Foundation filed an answer asserting that the Cooperative was the proper defendant, the plaintiff filed a motion to amend the complaint to name the proper defendant pursuant to Rule 15.03 of the Tennessee Rules of Civil Procedure. *Id.*, at *4.  The Foundation filed a motion for summary judgment on the grounds that plaintiff failed to satisfy the notice requirements of the Act. *Id.*  Citing *Myers*, the *Shockley* court dismissed the complaint because "[i]t is axiomatic that the proper party be given pre-suit notice" and "[s]ending the pre-suit notice to a party that is not going to be named as a defendant is of no effect . . . ." *Id.*, at *6.

The *Shockley* court found that the plaintiff could not correct the deficiency by amending the complaint through Rule 15.03 of the Tennessee Rules of Civil Procedure because Rule 15.03 applies only to the "pleadings," and the § 29-26-121(a) pre-suit notice did not satisfy the definition of "pleading." *Id.*, at *8–9.  To the contrary, since the plain language of Section 29-26-121(a)(1) of the Act requires "notice of a potential claim 'before the filing of the complaint,'" the "pre-suit notice requirements are satisfied [or not] before the lawsuit is 'commenced.'" *Id.*, at *9; *see also Williams v. SMZ Specialists, P.C.,* No. W2012-00740-COA-R9-CV, 2013 WL 1701843 (Tenn. Ct. App., Apr. 19, 2013) (noting that the requirements of § 29-26-121 must be

met prior to the commencement of the health care liability action); *Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 WL 817032 (Tenn. Ct. App. Mar. 5, 2013) (rejecting plaintiff's argument that "his amended complaint served to cure many of the deficiencies of the original complaint" because the "statutes at issue . . . do not authorize a claimant to cure deficiencies by filing an amended complaint[.]").

Here, many Plaintiffs have attempted to remedy their failure to provide Defendants with 60 days' pre-suit notice of claim by filing an amended Short Form Complaint.  However, that purported amendment fails as a matter of law.  As an example of this particular deficiency, in *Minor*[5] the Complaint was filed on September 27, 2013 and, ***three days later***, on September 30, 2013, the Saint Thomas Entities were sent statutory notices of intent.  Plaintiffs attempted to remedy this defect by filing an amended Short Form Complaint on December 19, 2013.  As stated above, this effort fails because Section 29-26-121(a)(1) is clear that the notice of intent must be served 60 days in advance of filing the complaint.  Likewise, defects in service of a notice of intent cannot be corrected by the amendment of pleadings.  The applicable Complaints should be dismissed.  *See* Ex. A.

> **B.     Failure to Satisfy the Content Requirements of the Pre-Suit Notice set forth in § 29-26-121(a)(2) Warrants Dismissal**

Tennessee Code Annotated § 29-26-121(a)(2)(E) "requires that a plaintiff's pre-suit notice include a HIPAA compliant medical authorization that permits the healthcare provider receiving the notice to obtain complete medical records from every other provider that is being sent a notice." *Stevens v. Hickman Cmty. Health Care Servs., Inc.*, No. M2012-582-SC-S09-CV, 2013 WL 6158000, at *1 (Tenn. Nov. 25, 2013).  Sections 29-26-121(a)(2)(D) and (E) "serve an investigatory function, equipping defendants with the actual means to evaluate the substantive

---

[5] *Minor v. Ameridose, et al.*, No. 1:13-cv-12836-FDS.

merits of a plaintiff's claim by enabling early discovery of potential co-defendants and early access to a plaintiff's medical records." *Id.*

In *Stevens*, plaintiff's counsel sent letters to the health care provider defendants requesting the plaintiff's medical records from each provider and including a medical authorization that permitted the release of the plaintiff's records to plaintiff's counsel. 2013 WL 6158000, at *1. Contrary to the statutory requirement, the release "failed to authorize each medical provider receiving the notice to obtain [plaintiff's] records from each other." *Id.* The authorization also failed to provide the plaintiff's name, date of birth, the individuals or organizations authorized to disclose medical records, and the type of information to be use or disclosed. *Id.* The court in *Stevens* held that as a result of these "multiple errors," the plaintiff failed to comply with § 29-26-121(a)(2)(E) and the court dismissed the plaintiff's claims without prejudice. *Id.* at *5, *9.

As an example of the types of deficient authorizations provided by Plaintiffs, Plaintiffs listed in the *Ferguson*[6] complaint failed to provide authorizations that include the names of providers authorized to disclose their medical records. This failure requires dismissal of the applicable Complaints. *See* Ex. A.

### C. Failure to Satisfy the § 29-26-121(a)(3) Requirements Regarding Service of Pre-Suit Notice Warrants Dismissal

Delivery or service of the pre-suit notice may be satisfied by either personal delivery of the notice, TENN. CODE ANN. § 29-26-121(a)(3)(A), or by mail. *Id.* § 29-26-121(a)(3)(B). In construing these pre-suit notice service provisions, the United States District Court for the Eastern District of Tennessee dismissed a health care liability complaint where the pre-suit notice was not served on each of the health care provider defendants. *See Garay*, 2013 WL

---

[6] *Ferguson, et al. v. Ameridose, et al.*, No. 1:13-cv-12571-FDS.

1249300, at *5. The court in *Garay* noted that the plain language of the Act requires that "each health care provider that will be named as a defendant" must receive the pre-suit notice. *Id.*, at *3 (rejecting plaintiff's argument that notice to the individual nurse's employer was sufficient to constitute notice to the nurse).

While not the identical deficiency addressed by the court in *Garay*, several Plaintiffs in this litigation similarly failed to comply with the plain language of Section 29-26-121(a)(3). For example, the notice of intent in the *Sellers*[7] case was not served on Saint Thomas Health or Saint Thomas Network at their place of business as required by Section 29-26-121(a)(3)(B)(ii). Instead, Plaintiffs served only those entities' registered agent for service of process.[8] The plain language of the statute requires that notice be sent to "a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process." TENN. CODE ANN. § 29-26-121(a)(3)(B)(ii). Failure to comply with this mandatory statutory provision warrants dismissal of the applicable Complaints. *See* Ex. A.

### D. Failure to Satisfy the § 29-26-121(a)(4) and § 29-26-121(b) Requirements that Proof of Service of Pre-Suit Notice be Filed with the Complaint Warrants Dismissal

In order to maintain a health care liability action, the plaintiff must provide proof that it has complied with the pre-notice requirements. Where the pre-suit notice is mailed by Section 29-26-121(a)(3)(B), the Act sets forth two additional requirements: (1) "Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party

---

[7] *Sellers v. Ameridose, et al.*, No. 1:13-cv-12620-FDS.

[8] *Sellers*, at Compl., Exhibit 6 (Docket #1).

53312260.1

mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested[;]" and (2) "A copy of the notice sent shall be attached to the affidavit." TENN. CODE ANN. § 29-26-121(a)(4).

The Tennessee Court of Appeals has held that failure to satisfy the Section 29-26-121(a)(4) requirement that proof of service of the pre-suit notice be filed with the complaint warrants dismissal. *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, No. M2012-02270-COA-R3CV, 2013 WL 1798960 (Tenn. Ct. App. Aug. 13, 2013). In *Thurmond*, the plaintiff filed the complaint on January 5, 2012 and alleged that all requisite pre-suit notices were contained on a disc that was attached to the complaint as an exhibit. *Id.*, at *1. The disc, however, was not attached to the complaint. *Id.* The plaintiff subsequently filed the disc on January 17, 2012. *Id.* The defendants filed a motion to dismiss pursuant to Tennessee Rule 12.02(6) for failure to comply with the Act's statutory notice provisions, specifically "that the affidavit of the party mailing the notice was not filed." *Id.* The plaintiff's attorney filed an affidavit of service as to the pre-suit notices on April 5, 2012. *Id.*

The court noted that it was "not disputed that the required attachments were not filed with the Complaint." *Id.*, at *3. Thus, the court held that the plaintiff "did not comply with the mandatory requirements of Tenn. Code Ann. § 29-26-121(a) and (b)." *Id.* As a result, the *Thurmond* court affirmed the trial court's dismissal of the action. *Id.* In addition, the *Thurmond* court held that the plaintiff could not cure the deficiencies by filing an amended complaint. *Id.* (citing *Mountain States* for the proposition that the health care liability act "does not authorize a claimant to cure deficiencies by filing an amended complaint"); *see Miller v. Uchendu*, No. 2:13-cv-02149, 2013 WL 4097340, at *5 (W.D. Tenn. Aug. 13, 2013) (dismissing complaint with

prejudice for plaintiff's failure to "attach the necessary documents to his Complaint" and finding that such failure could not be cured by a subsequent filing of supplemental exhibits).

Section 29-26-121(b) also requires that a complaint state "whether each party has complied with subsection (a) and shall provide the documentation specified in subsection (a)(2)." The plain language of this section also makes this provision mandatory and not discretionary.

As an example of these deficiencies, the Original Complaint filed in the *Davis*[9] matter names the Saint Thomas Entities as parties but fails to include any documentation that Plaintiffs provided the required notices of intent to these Defendants. Plaintiffs attempt to circumvent this statutory mandate by purporting to make allegations in the Original Complaint that do not fall within the purview of Tennessee's Health Care Liability Act. *See, e.g.*, *Davis v. Ameridose, et al.*, No. 1:13-cv-12426-FDS, at Compl. ¶¶ 254–62. However, TENN. CODE ANN. § 29-26-101 expressly states that any civil action against a health care provider related to the provision of health care services, regardless of the theory of liability on which the action is based, must comply with the requirements of the Health Care Liability Act. *Id.* § 29-26-101(a)(1). Thus, the applicable Complaints must be dismissed for failure to file the required affidavit of proof of service of notice of intent and related documentation. Plaintiffs attempted to correct this failure by filing an amended Short Form Complaint that attaches the required affidavit of proof of service of notice of intent and related documentation. But again, amended pleadings cannot correct these failures to comply with TENN. CODE ANN. §§ 29-26-121(a)(4) and (b). The applicable Complaints should be dismissed. *See* Ex. A.

---

[9] *Davis v. Ameridose, et al.*, No. 1:13-cv-12426-FDS.

53312260.1

## II. FAILURE TO COMPLY WITH THE GOOD FAITH CERTIFICATE REQUIREMENT OF THE ACT WARRANTS DISMISSAL

The plaintiff's certificate of good faith must comply with Tennessee Code Annotated § 29-26-122. The certificate of good faith, which must be filed with the complaint, must state that plaintiff's counsel has consulted with one or more experts who provided a signed statement confirming that the expert is both competent to express opinions in the case under Section 29-26-115 of the Act and that he/she believes there is a good faith basis to maintain the lawsuit. *See* TENN. CODE ANN. § 29-26-122(a). The Act specifically provides that if the good faith certificate is not filed with the complaint, the complaint shall be dismissed unless the provider failed to timely provide copies of the plaintiff's medical records or due to "extraordinary cause." *Id.* §§ 29-26-122(a), (c).

The *Myers* Court held that the filing of a certificate of good faith with a complaint is mandatory, and that strict compliance is required. *Myers*, 382 S.W.3d at 308 (noting that the use of the word "shall" in TENN. CODE ANN. § 29-26-122(a) "indicates that the legislature intended the requirements to be mandatory, not directory." (citing *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009))). Indeed, the Tennessee appellate courts have routinely held that the "failure to file a certificate of good faith . . . is fatal to any claims" of healthcare liability that the plaintiff may have asserted. *Moses v. Dirghangi*, No. W2011-02403-COA-R3-CV, 2013 WL 5519506, at *10 (Tenn. Ct. App. Oct. 3, 2013); *Bullock v. Univ. Health Sys., Inc.*, No. E2012-00074-COA-R3-CV, 2012 WL 5907495, at *1 (Tenn. Ct. App. Nov. 27, 2012); *Cude v. Herren,* No. W2010-01425-COA-R3-CV, 2011 WL 4436128, at *1 (Tenn. Ct. App. Sept. 26, 2011); *DePue v. Schroeder*, No. E2010-00504-COAR9-CV, 2011 WL 538865, at *1 (Tenn. Ct. App. Feb. 15, 2011) (reversing trial court's decision not to dismiss and remanding for dismissal).

Moreover, the Tennessee Court of Appeals has held that a plaintiff who amends a complaint to add a party must contemporaneously file a certificate of good faith or the amended complaint must be dismissed. *Groves v. Colburn*, No. M2012-01834-COA-R3-CV, 2013 WL 3964758 (Tenn. Ct. App. July 30, 2013). The *Groves* Court cited *Myers* for the proposition that "strict compliance is required" because the requirements of § 29-26-122 are "mandatory, not directory." *Id.*, at *3 (citing *Myers*, 382 S.W.3d at 308).

The Plaintiffs in *Davis* failed to file a certificate of good faith with their Original Complaint. Again, Plaintiffs attempt to remedy this defect through filing an amended Short Form Complaint that attaches a certificate of good faith. As stated above, however, amended pleadings cannot cure this fatal defect and the applicable Complaints must therefore be dismissed.

## CONCLUSION

For the reasons set forth above, the Complaints of the Tennessee Plaintiffs set forth in Exhibit A should be dismissed with prejudice for failure to satisfy the pre-suit notice and good faith certificate requirements of the Tennessee Health Care Liability Act.

        SAINT THOMAS WEST HOSPITAL,
FORMERLY KNOWN AS ST. THOMAS
HOSPITAL, SAINT THOMAS NETWORK,
SAINT THOMAS HEALTH, ASCENSION
HEALTH ALLIANCE AND ASCENSION
HEALTH

By its attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
Dahlia Rin (BBO #674137)
drin@nutter.com
NUTTER McCLENNAN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

Dated: January 10, 2014

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Marcy Hogan Greer*
Texas State Bar No. 08417650
Eric J. Hoffman*
Texas State Bar No. 24074427

FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

*Appearing *Pro Hac Vice*

53312260.1

14

## **CERTIFICATE OF SERVICE**

      This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 10th day of January, 2014

                                    */s/ Sarah Kelly*
                                    SARAH KELLY

# APPENDIX

Relevant portions of TENN. CODE ANN. § 29-26-121 (emphasis added) are set forth below:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability **shall give written notice** of the potential claim to each health care provider that will be a named defendant **at least sixty (60) days before the filing of a complaint** based upon health care liability in any court of this state.

(a)(2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue;

(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

(a)(3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the **specified proof of service, which shall be filed with the complaint**:

(A) **Personal delivery of the notice to the health care provider or an identified individual whose job function includes receptionist for deliveries** to the provider or for arrival of the provider's patients at the provider's current practice location. Delivery must be established by an affidavit stating that the notice was personally delivered and the identity of the individual to whom the notice was delivered; **or**

(B) **Mailing of the notice**:

(i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health . . . ; or

To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process . . . .

53312260.1

16

(a)(4)   Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a **certificate of mailing** from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A **copy of the notice sent shall be attached to the affidavit** . . . .

(b)   If a complaint is filed in any court alleging a claim for health care liability, the **pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2)**. The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

(c)   When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. . . .

(d)(1)   All parties in an action covered by this section shall be entitled to obtain complete copies of the claimant's medical records from any other provider receiving notice. . . .

Relevant portions of Tennessee Code Annotated § 29-26-122 (emphasis added) are set forth below:

    (a)    In any health care liability action in which expert testimony is required by § 29-26-115, the **plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint**. **If the certificate is not filed with the complaint, the complaint shall be dismissed**, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

        (1)    The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

            (A)    Are competent under § 29-26-115 to express an opinion or opinions in the case; and

            (B)    Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

        (2)    The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

            (A)    Are competent under § 29-26-115 to express an opinion or opinions in the case; and

            (B)    Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records

> shall waive the requirement that the expert review the medical record prior to expert certification.
>
> * * *
>
> (c) The **failure of a plaintiff to file a certificate of good faith** in compliance with this section **shall, upon motion, make the action subject to dismissal with prejudice**. . . .  The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.