

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 1:13-md-02419 |
| | Hon. F. Dennis Saylor, IV |
| THIS DOCUMENT RELATES TO: | Magistrate Jennifer C. Boal |
| All Actions. | |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN OPPOSITION TO THE
TRAVELERS PROPERTY CASUALY COMPANY OF AMERICA'S
MOTION TO QUASH PLAINTIFFS' SUBPOENA**

**INTRODUCTION**

NOW COMES the Plaintiffs' Steering Committee ("PSC") and responds to The Travelers Property Casualty Company of America's ("Travelers") Motion to Quash. (Dkt. No. 633).

Liberty Industries, Inc. ("Liberty"), a defendant in this matter, elected to enter mediation pursuant to this Court's Order on Mediation Program (Dkt. No. 394), maintaining in its Motion for Order of Disclosure (Dkt. No. 744) that the reason for opting into mediation was due to the fact that it is without insurance coverage and resources. However, the PSC has an obligation to ensure whether Liberty maintained insurance coverage for the negligent occurrences for which it is responsible, and as such, cannot simply take Liberty at its word since it was discovered that Liberty held multiple insurance policies through multiple providers from 2005 to the present.

In its Motion to Quash, Travelers stated that "prior to 2012, Travelers provided liability insurance coverage to Liberty for a number of years." (Dkt. No. 633 at 2). During the meet and confer process that took place *after* Travelers had already filed its motion, Travelers indicated

that there were two policies in addition to the November 1, 2010 – November 1, 2011 policy ("2010-2011 policy"), attached to its Motion, providing insurance coverage to Liberty. Those policies cover the following time periods: November 1, 2005 – November 1, 2006 and November 1, 2006 – November 1, 2007. In its Master Complaint, the PSC alleged that at least some of the negligent occurrences for which Liberty is responsible occurred during the time periods that Liberty was an insured of Travelers. As such, the PSC believes that it is entitled to review these policies to determine whether coverage exists for occurrences during these periods. Presently, Travelers has refused to produce the November 1, 2005 – November 1, 2006 and November 1, 2006 – November 1, 2007 policies and applications for coverage received from Liberty for the period of 2006 to the present. After reviewing the policy attached to Travelers' Motion, it appears that the 2010-2011 policy requires an injury to occur during the policy period. The PSC is entitled to know whether the prior policies contain the same language.

Additionally, effective January 20, 2011, Travelers cancelled Liberty's November 1, 2010 – November 1, 2011 general liability coverage policy for the following reasons:

1. **Catalog products which we did not think were made by Liberty Industries have "Liberty Made" stickers on them, and are described as being manufactured by Liberty Industries in their catalog; possible products exposure; and**

2. **Supervision/monitoring of clean room construction could become a professional liability issue if constructed incorrectly.**

(Dkt. No. 633-2) (emphasis added). The facts relied upon by Travelers in making the decision to cancel Liberty's coverage, such as claims submitted by Liberty or others or investigations performed, are discoverable and the PSC is entitled to this information, as these facts speak directly to the extent of Liberty's liability, which is a major issue in the mediation.

To summarize the main allegations against Liberty made by the PSC in the Master Complaint: 1) in 2005, 2006, and 2008, Liberty manufactured, constructed, installed, and/or designed cleanrooms for NECC/Ameridose; 2) additions, rework or repair took place within these cleanrooms after certification had been issued; 3) Liberty's cleanrooms contained defects that made them unsuitable for their intended use; and 4) Liberty knew or reasonably should have known, that the cleanrooms were defective. (Dkt. No. 545 at 39-41). The Travelers insurance policies in effect from 2005 through 2007 (and applications for such periods) are directly relevant as they cover a portion of the time period during which it is alleged Liberty was negligent. Moreover, information concerning why Travelers abruptly cancelled Liberty's coverage in January 2011 could reasonably lead to the discovery of admissible evidence and should, therefore, be discoverable through a properly served third party subpoena.

As for the arguments Travelers makes in its Motion to Quash, the PSC responds as follows:

## ARGUMENT

a. **Travelers improperly relies on Rule 26(a)(1)(A)(iv)**

Travelers provides no argument as to why the issuance of the PSC's **Rule 45** Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with regard to its insured, Defendant Liberty Industries, Inc was improper, nor any argument as to why it is exempt from compliance. Instead, Travelers argues that the PSC is attempting to expand the reach of Rule 26(a)(1)(A)(iv). Rule 26(a) addresses required insurance disclosures that a *party* must provide to other parties without awaiting a discovery request, with section (1)(A)(iv) specifically stating that a party must provide:

> for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or

3

> to indemnify or reimburse for payments made to satisfy a judgment.

Simply put, Travelers is not a party to this matter and the PSC's subpoena does not require that it make Rule 26 initial disclosures (and even if it did, the authority cited by Travelers in its motion establishes that, "Rule 26(a)(1)(A)(iv) is not the ceiling for insurance-related discovery" *Honeywell Intern, Inc. v. ICM Controls Corp.*, 2013 WL 6169671 at 12 (D. Minn. Nov. 22, 2013)[1]. The PSC properly subpoenaed Travelers under Rule 45 for relevant information within its possession and control, as it is a third party that the PSC reasonably believes possesses information that is not privileged; is relevant to the claims against Liberty; and is either admissible or reasonably calculated to lead to the discovery of admissible evidence. The PSC believes that this discoverable information can be found within the documents requested through its subpoena.

In addition to the policies and any applications for policies, the PSC requests discovery of the facts underlying Travelers' decision to cancel Liberty's 2010-2011 policy. This is not a "fishing expedition" as Travelers maintains. In support of its argument, Travelers relies on *Emhart Industries, Inc. v. New England Container Company*. In *Emhart*, the court granted the motion to quash where the plaintiff asserted that the named defendant, New England Container Company, was judgment proof and that plaintiff was looking for clues as to the existence of other insurers and policies that might provide coverage for any liability of the defendant, but was, in effect, requesting discovery specifically stayed in the related direct coverage action against the insurance company. *Emhart Industries, Inc. v. New England Container Company*, 2008 WL 5340134 (D.R.I. Dec. 19, 2008). These facts are completely distinguishable from this

---

[1] *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("The general scope of discovery is defined by Fed. Rule Civ. Proc. 26(b)(1) as follows: 'parties may obtain discovery regarding any matter, not privilege, which is relevant to the subject matter involved in the pending action….' The key phrase in this definition – 'relevant to the

4

case. As previously stated, Travelers is not a party to this action. The PSC is not seeking information regarding "areas which have absolutely no relevance to the issues presented in the …action." *Id.* at 1. To the contrary, the PSC seeks information necessary and relevant to its claims against Liberty.

> **b. Travelers improperly limits the relevant time period of Liberty's potential liability, thereby improperly limiting the scope of the subpoena.**

Travelers argues that because the administration of contaminated New England Compounding Company ("NECC") drugs fell between May 21, 2012 and September 24, 2012, the scope of the PSC's subpoena should be limited to the same time period. However, as alleged in the Master Complaint, Liberty manufactured, constructed, installed, and/or designed the NECC cleanrooms between 2005 and 2008, and Travelers abruptly cancelled Liberty's policy in January 2011. The factual basis of Liberty's liability goes back to 2005.

> **c. Travelers misstates the Court's November 13, 2013 Order as it relates to the over breath of document requests.**

Travelers fails to fully cite this Court's November 13, 2013 Order in an attempt to support its argument that the PSC's document Request Nos. 1, 3 and 4 "are facially overly broad and ignore this Court's own prior ruling concerning similarly worded subpoenas." (Dkt. No. 633 at 4). First, note that Travelers only objects to the over breath of Request Nos. 1, 3 and 4, though Request 2 is worded in exactly the same fashion. Second, as Travelers quotes the majority of Section E(2)(a), Categories Seeking Documents "Related in Any Way Whatsoever" To A Topic, of the Court's November 13, 2013 Order, it fails to include that despite the fact that subpoena requests seeking "any and all" documents "related in any way whatsoever" to a topic appear overly broad on their face, this Court found that "nevertheless…reading requests to seek documents "reflecting" or "concerning" a particular topic is appropriate in this case." (Dkt. No.

---

subject matter involved in the pending action' – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

5

572 at 19). This Court then modified the subpoenas to strike the language "related in any way whatsoever" and replacing it with "concerning." *Id.*

## **CONCLUSION**

For the foregoing reasons, the PSC respectfully requests the Court to deny Travelers' Motion to Quash Plaintiffs' Subpoena.


Dated:  January 17, 2014                                     Respectfully submitted,


/s/ Marc E. Lipton
Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

*Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO


55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

6

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Marc E. Lipton, hereby certify that I caused a copy of the above Memorandum in Opposition to The Travelers Property Casualty Company of America's Motion to Quash Plaintiffs' Subpoena to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: January 17, 2014                                        /s/ Marc E. Lipton

                                                                                     Marc E. Lipton