# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PROCUCTS LIABILITY LITIGATION | ) ) ) |
| | ) MDL No.:  2419 |
| | ) Master Docket No.: 1:13-md-2419-FDS |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| All actions. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL PRODUCTION, FOR A FINDING OF CIVIL CONTEMPT, AND FOR AN AWARD OF SANCTIONS

The Plaintiffs' Steering Committee ("PSC") asks this Court to enter an order compelling Baltimore Pain Management Center ("BPMC") to produce documents in response to the PSC Subpoena, finding BPMC in civil contempt of this Court pursuant to Rule 45(e), and (iii) ordering BPMC to pay an award of attorney fees, to be paid into a common benefit fund for plaintiffs in the MDL, as a sanction for willful and knowing violation of the Court's November 13, 2013 discovery order.

## Introduction

On November 13, 2013 this Court entered an order requiring certain healthcare providers to produce documents responsive to requests contained in the PSC Subpoena[1] (Doc. 572, the "Discovery Order").  The Discovery Order expressly included healthcare providers that have received notice of a claim against them (through notice or letter of representation) related to the New England Compounding Pharmacy, Inc. products liability litigation. The order expressly

---

[1] The PSC subpoena was issued and served in its original form on or about June 21, 2013.  It was later modified by agreement of the PSC to reduce its scope through certain "accommodations" (see PSC's Consolidated Response to Subpoena Objections dated August 1, 2013, Doc. 325, pp. 4-7), certain segments of the subpoena were quashed by order of this Court on August 1, 2013 (Doc. 370), the PSC issued a Notice of Revised Subpoena Exhibit on September 30, 2013 (Doc. 464), and the subpoena was further limited in scope by this Court in its November 13, 2013 Discovery Order.  The term "PSC Subpoena" as used henceforth refers to the subpoena in its final form following entry of the Discovery Order.

contemplated the difference between healthcare providers "who have received notices of claims or letters of representation from any potential plaintiff," like BPMC and many others, and those who received no notice or such letters, when ordering production by healthcare providers like BPMC. *See id.* at p. 19. Despite numerous conference calls and receipt of written communications from plaintiffs' counsel giving BPMC unequivocal notice of claims and providing letters of representation on behalf of two named injured individuals, BPMC takes the disingenuous position that Hon. Judge Boal's clear order does not apply and refuses to respond to the PSC Subpoena as required in the Discovery Order.

In what can only be explained as a sly attempt to defy the spirit of Judge Boal's order, BPMC and other healthcare providers[2] violated her Discovery Order, causing the plaintiffs to incur unnecessary expense and delay. For the reasons set forth herein, BPMC, and other violating healthcare providers, should be compelled to produce all documents responsive to the PSC Subpoena and the plaintiffs' should be awarded attorneys' fees and any other remedy deemed just by the Court.

## General Background

1.    On or about June 21, 2013, and pursuant to the Order on Central Enforcement of Subpoenas (Doc. 193) and the Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information (Doc. 192), attorneys acting on behalf of the PSC served subpoenas on approximately 85 healthcare providers, including Baltimore Pain Management Center ("BPMC"), demanding production of documents (the "PSC Subpoena").

---

[2] Harford County Ambulatory Surgery Center, Box Hill Surgery Center and others are in precisely the same situation as BPMC here and facts related to their contempt will be set forth at the hearing scheduled for February 6, 2014, where plaintiffs will also seek to compel the withheld documents and attorneys' fees.

2.      After receiving many motions to quash and objections to the PSC Subpoena,
including BPMC's Objection to and Motion to Quash Plaintiffs' Subpoena to Testify and
Produce Documents (Doc. 254) ("BPMC's Objections and Motion to Quash"), the PSC met and
conferred with many of the movants and objectors, significantly reduced the scope of documents
requested in the PSC Subpoena, and on July 17, 2013 filed its Consolidated Response to
Subpoena Objections (Doc. 325) reflecting accommodations and limitations made by the PSC.

3.      Additional conferences between the PSC and counsel for the subpoena recipients
were held in additional attempts to resolve differences.  On August 1, 2013 the Court entered its
Order on Motions to Quash Subpoenas to Non-Party Health Care Providers (Doc. 370), referring
remaining objections and motions to quash, including BPMC's, to the Hon. Jennifer C. Boal,
United States Magistrate Judge, for final resolution.

4.      After further conferences between the PSC and counsel for the subpoena
recipients and the entry of a scheduling order, Judge Boal heard oral argument on November 7,
2013, and issued the Discovery Order. BPMC was present and heard at the hearing. In its
Discovery Order, the Court addressed all the previously filed objections and motions to quash,
including BPMC's.  Notably, the Court made a very important distinction when making her
ruling:

> The Court believes that it is appropriate to make a distinction between clinics that
> have no patients who have become plaintiffs in the MDL and have received no
> notices of claim or letters of representation from any potential plaintiff, on the one
> hand, and clinics who have patients who are plaintiffs in the MDL or have
> received notices of claim or letters of representation from potential plaintiffs, on
> the other. Discovery Order, p. 19.

5.      Bearing that distinction in mind, the court went on and quashed "the subpoenas
that are directed to respondents who have no patients who have filed suit, joined in the MDL
litigation, or given notice of a claim against that respondent relating to NECC medications"

3

except as to "communications to NECC regarding complaint or adverse reports", which all subpoena recipients were ordered to produce.  Discovery Order, p. 20.

6.      The Court required all remaining subpoena recipients, including those that are parties in the MDL, joined in the MDL litigation or been given notice of a claim or letter of representation from any potential plaintiff, to produce all documents requested in the PSC Subpoena within 30 days after issuance of the Order on Motions and Objections unless they appeal such Order.  Id.

7.      BPMC falls squarely within Judge Boal's Discovery Order as a healthcare provider required to produce documents and is in violation of the Court's order.

### Background Specific to Baltimore Pain Management Center

8.      Between July and December, 2013, many conversations took place by email and telephone between counsel for BPMC and counsel for certain plaintiffs, on the subject of the New England Compounding Pharmacy litigation, including, importantly, notification of claims and letters of representation related to patients injured when receiving an injection from BPMC, discovery and BPMC's response to the PSC Subpoena.  *See generally* Declaration of Elisha Hawk, Esq. In Support of Plaintiffs' Steering Committee's Motion of Finding of Civil Contempt, attached at Exhibit A and Declaration of Patrick T. Fennell, Esq. In Support of Plaintiffs' Steering Committee's Motion to Compel Production, for a Finding of Civil Contempt, and for an Award of Sanctions ("Fennell Declaration"), attached as Exhibit B.

9.      One email exchange between counsel on July 9, 2013 references objections to the PSC Subpoena by BPMC, and includes an acknowledgement that there were two patients who were clients of plaintiffs' counsel in the NECC litigation.  A true and complete copy of that email is attached hereto as Exhibit C.

4

10.     Another email exchange between plaintiffs' counsel and BPMC counsel on August 2, 2013 specifically mentions injured plaintiffs Ms. Rose Krol and Mr. Ian Serovy as "Baltimore Pain Plaintiffs."  A true and complete copy of this email is attached hereto as Exhibit D.

11.     On September 20, 2013, counsel for Ms. Krol and Mr. Serovy sent a letter of representation to counsel for BPMC specifically giving notice that "this office represents the clients listed below [Ms. Krol and Mr. Serovy] for personal injuries sustained as a result of contaminated injections he/she received from your client, Baltimore Pain Management, in 2012." A true and complete copy of the September 20, 2013 letter is attached hereto as Exhibit E.  The subject line of the letter also identified the New England Compounding Pharmacy MDL, BPMC and two individual clients of plaintiffs' counsel, Ms. Krol and Mr. Serovy. This letter of representation is precisely the type of notice expressly contemplated in Judge Boal's Discovery Order requiring production of documents requested in the PSC Subpoena. *See* Discovery Order p. 19-20.

12.     On or about December 3, 2013, counsel for Ms. Krol and Mr. Serovy received a letter from counsel for BPMC containing the incredible statement that BPMC "to its knowledge, has no patients who have . . . given notice of a claim against the Baltimore Pain Management Center relating to NECC medications."  A true and complete copy of the December 3, 2012 letter is attached hereto as Exhibit F.  Based on that assertion, which is patently false given the well documented knowledge of two claims, counsel for BPMC refuses to respond to the Court's Discovery Order, disingenuously stating:

> The majority of the Subpoena as to Baltimore Pain Management Center is quashed pursuant to Judge Saylor's Order in August (Dkt 370) and Judge Boal's November 13 Order at Section 2b page 20 (Dkt 572).  The narrow exception is the request for documentation reflecting or containing communications to the NECC

by Baltimore Pain Management Center regarding complaints or adverse event reports.  Without waiving the above-referenced objections and subject to them, the Response of Baltimore Pain Management Center to this narrow request is: Baltimore Pain Management Center has no documents and/or ESI responsive to this request.

13.     On December 12, 2013, the PSC, through Patrick T. Fennell, held a meet and confer to try and resolve the subpoena issue.  Michelle Marzullo, counsel for BPMC, maintained BPMC's position that BPMC never received notice of a claim against it, notwithstanding the various written communications from counsel for Ms. Krol and Mr. Serovy. *See* Fennell Declaration.

## Argument

**A.     Baltimore Pain Management Center Has Violated this Court's November 13, 2013 Discovery Order and Should Be Held in Contempt.**

14.     Having issued the PSC Subpoena, this Court is authorized to hold BPMC in contempt for failure, without adequate excuse, to obey the Discovery Order.  Rule 45(e), *Fed. R. Civ. P.*

15.     Civil contempt is committed when a person violates an order of court which requires that person in specific and definite language to do or refrain from doing an act or series of acts. *William E. Brock, etc., v. O'Brien Ambulance, Inc., et al.*, 1987 U.S. Dist. LEXIS 2780 (D. Mass. 1987); *Baumrin v. Cournoyer*, 448 F.Supp. 225, 227 (D.Mass. 1978).

16.     A finding of civil contempt is meant to compel obedience to a court order.  *U.S. v. United Mine Workers*, 330 U.S. 258, 303-04 (1947).  See also *In re Fannie Mae Secs. Litig*., 552 F.3rd 814, 823-24 (D.C.Cir. 2009)(court sanctioned nonparty for noncompliance with production deadline by ordering nonparty to provide documents withheld on basis of privilege).

17.     In the Discovery Order the Court expressly contemplated the difference between healthcare providers "who have received notices of claims or letters of representation from any

potential plaintiff," like BPMC and many others, and those who received no notice or such letters, when ordering production by healthcare providers like BPMC. Discovery Order, p. 19. Judge Boal went on to quash "the subpoenas that are directed to respondents who have no patients who have filed suit, joined in the MDL litigation, or given notice of a claim against that respondent relating to NECC medications." Discovery Order, p. 20. Thus, if a respondent such as BPMC, has a patient who has given notice of a claim or provided a letter of representation relating to NECC medications, such Ms. Krol and Mr. Serovy, the respondent must respond to the subpoena.

18.    In correspondence in or around July 9, 2013 (Exhibit C), August 2, 2013 (Exhibit D) and September 20, 2013 (Exhibit E), counsel for BPMC was clearly and unequivocally provided a letter of representation and put on notice that two named individuals had claims against BPMC related to the NECC products liability litigation. Yet, taking a position that defies the spirit of the Court's order and well documented facts, BPMC disingenuously maintains that it has never received notice of a claim against it, and refuses to produce documents in accordance with the Court's Discovery Order.

19.    BPMC is therefore in civil contempt of this Court and should be ordered to comply with the Discovery Order and compelled to produce all documents requested in the PSC Subpoena within 10 days.

**B.    The Court should award plaintiffs their reasonable attorney fees and expenses, to be paid into a common benefit fund for plaintiffs in the MDL.**

20.    The decision whether to award discovery sanctions and the choice of what sanction to impose are matters to be addressed within the sound discretion of the trial court. *Poulin v. Greer*, 18 F.3d 979, 984 (1st Cir. 1994).

21.     When imposing sanctions, a court must consider the following factors:  (1) harm from noncompliance; (2) probable effectiveness of the sanction; (3) financial resources of the party being sanctioned and the burden the sanctions may impose; and (4) willfulness of the party's conduct in disregarding the court's order.  *United Mine Workers*, 330 U.S. at 303-04.

22.     It is well established that when a person violates a discovery order and a motion to compel the discovery is granted, the movant is awarded a monetary sanction in an amount sufficient to compensate for the attorney fees[3] reasonably incurred in making the motion. *Sheppard v. River Valley Fitness One, L.P.*, 2000 U.S. App. LEXIS 19488 (1st Cir. 2005) (upholding an award of monetary sanctions for discovery violation).  See *O'Neill v. AGWI Lines*, 74 F.3rd 93, 96 (5th Cir. 1996); *Jankins v. TDC Mgmt.*, 21 F.3rd 436, 444 (D.C. Cir. 1994) (a court must require the party violating a discovery order, the attorney advising the party, or both to pay the moving party's reasonable expenses, including attorney fees, caused by the violation); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir. 1988); *Novak v. Wolpoff & Abramson LLP*, 536 F.3rd 175, 177-78 (2d. Cir. 2008)(dicta).  See also Rule 37(a)4)(a), *Fed. R. Civ. P.*

22.     In this case the harm from BPMC's noncompliance with the Court's Discovery Order includes financial harm in pursuing this motion, and additional delay in the production of documents that the Court has already determined to be relevant.  This delay contributes to lengthier, unnecessarily drawn-out litigation with increased expense for all concerned. It also prejudices the plaintiffs who have claims against BPMC from being able to move forward with them expeditiously.

23.     An order compelling BPMC to respond to the PSC Subpoena in full, along with a monetary sanction to reimburse the moving party for attorneys' fees and expenses, will hasten

---

[3] The PSC will provide the Court with an accounting of fees related to the BPMC Subpoena and its failure to comply with the Court's Discovery Order.

the completion of discovery and discourage further similar conduct by similarly situated healthcare providers.

24.     Given the obvious nature of the facts underlying BPMC's refusal to comply with the Court's Discovery Order, its conduct in doing so is willful and knowing.

25.     The PSC has conferred with counsel for BPMC in a good-faith effort to obtain proper responses to the PSC Subpoena without court action.

26.     BPMC continues to refuse to comply with the Court's Discovery Order.

WHEREFORE, the Plaintiffs' Steering Committee hereby moves the court to enter an Order holding BPMC in civil contempt, compelling full production of documents within ten days, and imposing a monetary sanction on BPMC in an amount sufficient to reimburse the Plaintiffs' Steering Committee (to be deposited in a Common Benefit Fund) for reasonable attorney fees incurred in pursuit of this Order.

Date:  January 17, 2014          Respectfully submitted:

**/s/ Patrick T. Fennell**
Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com

kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone:  615/254-8801

Facsimile:  615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

CERTIFICATE OF SERVICE

I, Patrick T. Fennell, hereby certify that I caused a copy of the foregoing *Plaintiffs'*
*Steering Committee's Motion to Compel Production, for a Finding of Civil Contempt, and for an*
*Award of Sanctions* to be filed electronically via the Court's electronic filing system.  Those
attorneys who are registered with the Court's electronic filing system may access these filings
through the Court's system, and notice of these filings will be sent to these parties by operation
of the Court's electronic filing system.


Date:   January 17, 2014

/s/Patrick T. Fennell
Patrick T. Fennell (VSB 40393)