## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## MDL ORDER NO. __
## ESTABLISHING ASSESSMENT PROCEDURES
## TO FUND COMMON BENEFIT ACCOUNT

This Order is entered pursuant to this Court's April 9, 2013 *Order Appointing Lead Counsel, Federal-State Liaison Counsel, and Plaintiffs' Steering Committee* (MDL Order No. 2, Dkt. No. 82) and April 11, 2013 *Order Concerning Sharing and Funding of Plaintiffs' Pretrial Expenses and Costs* (MDL Order No. 3, Dkt. No. 85) to establish a reasonable prospective contingent assessment of eight percent (8%) upon recoveries on Plaintiffs' claims in or related to this litigation, and to provide a procedure for the fair and equitable sharing among Plaintiffs of the cost of services performed and expenses incurred by Lead Counsel and the Plaintiffs' Steering Committee (collectively, "PSC") and other attorneys designated by that Order acting for the MDL administration and common benefit of all plaintiffs in this complex litigation ("Designated Counsel").

While the PSC and Designated Counsel have the right to a reasonable common benefit assessment as set forth below, the Court's expectation, given the unique circumstances of this litigation, is that lawyers participating in common-benefit work in the MDL may end up being paid at relatively modest rates or percentages of recovery.

Any disputes arising under this Order regarding Participating Parties, as defined in paragraph I.A. below, which cannot be resolved by agreement of Counsel will be resolved by this Court in the exercise of its jurisdiction over this complex litigation, under the equitable principles of the common benefit doctrine. *See, e.g., Sprague v. Ticonic National Bank*, 307 U.S. 161, 166 (1939); *In re Nineteen Appeals Arising out of San Juan Dupont Plaza Hotel Fire Litig.,* 982 F.2d 603, 607 n.5 (1st Cir. 1992).

The Court orders as follows:

## I.        COMMON BENEFIT FUND

In its April 11, 2013, MDL Order No. 3 [Dkt No. 85], this Court authorized Lead Counsel to establish a bank account for the collection and deposit of assessments (the "Common Benefit Fund").  The Court now authorizes and directs Lead Counsel to establish this account to receive and disburse funds for the purposes and pursuant to the limitations set forth in MDL Order No. 3 and below.

In authorizing the establishment of this account, this Court expresses no opinion or prediction regarding an amount, if any, to be awarded as common benefit fees or costs in these proceedings.

The Common Benefit Fund is subject to the direction of this Court. No party or attorney will have any individual right to any of the deposits made into or funds maintained in this Common Benefit Fund account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney, except as provided by further Order of this Court.  These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the Fund, if permitted by applicable state laws and if subject to the conditions and

contingencies of this and future Orders.

No common benefit fees and/or expenses may be paid out of the Common Benefit Fund except by formal motion, with reasonable notice and an opportunity to be heard.  All rights to seek or oppose an award of common benefit fees and/or expenses with respect to settlements, judgments, or other payments arising out of any NECC-related actions that are not subject to this Order's assessment requirement are preserved.

This Court shall have exclusive and continuing jurisdiction over the Common Benefit Fund and will retain jurisdiction over the Common Benefit Fund, any disputes that might arise under the Common Benefit Order, and the ultimate termination of the Common Benefit Fund, even after the close of this MDL.

### A.    Assessments for the Common Benefit Fund

All plaintiffs and their counsel of record in any MDL 2419 Cases, as described in paragraph I.A.1. below, or those in non-MDL cases who elect to participate in this agreement per paragraph I.A.2. below, are "Participating Parties" for the purposes of this Order.

Participating Parties who, on or after April 9, 2013, settle, compromise, dismiss, or reduce the amount of a claim against Defendants, with or without trial, with or without that claim being filed, or recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any NECC-related claims against Defendants, including through any settlement related to any bankruptcy proceedings, are subject to an assessment of the gross monetary recovery on the claims as provided below.  The gross monetary recovery excludes court costs that are to be paid by Defendants, and includes the present value of any fixed and certain payments to be made in the future.

At its discretion, this Court may alter the percentage amount of the assessment, as future

circumstances may require. The PSC retains the right to request an allocation of assessment between fees and expenses as circumstances may warrant.

These obligations attach as follows:

**1.  MDL 2419 Cases**

All cases filed in or transferred to this MDL (except those remanded for lack of jurisdiction) that are settled, compromised, dismissed, or that have had the amount of the claim reduced, with or without trial, with or without that claim being filed, or have recovered a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, will be subject to an eight percent (8%) assessment of the gross monetary recovery. This assessment will apply to all cases, whether tolled, stayed, filed, or unfiled.

**2.  Non-MDL Cases and Claims**

For cases and claims not included in paragraph I.A.1. above, plaintiffs and their counsel may elect, within 60 days of the entry of this Order, to enter into a Participation Agreement for eight percent (8%) of the gross monetary recovery.  The Participation Agreement is attached as Exhibit A.

Later Participating Parties will also be assessed a percentage of the gross monetary recovery to be established by further Order of the Court.

For purposes of Defendants' obligations under paragraph I.A.3. below, a plaintiff or claimant and his or her counsel will not be considered a Participating Party unless a copy of the executed Participation Agreement is provided to Defendants' Lead Counsel before or at the time any settlement agreement is executed.

**3.  Assessment Procedures**

From the date of this Order forward, Defendants are directed to inform the PSC ten (10)

days before paying any amounts to (1) plaintiffs in the MDL, Participating Parties, or their counsel, (2) escrow accounts intended to benefit plaintiffs in the MDL or Participating Parties, or (3) any other account intended to hold funds for the purposes of distributing funds to plaintiffs in the MDL or Participating Parties (among others).

Specific provisions for withholding the Common Benefit Fund assessment amount from amounts paid to plaintiffs and their counsel in any MDL case or case involving a Participating Party, and for paying such withheld funds directly into the Common Benefit Fund as a credit against the settlement or judgment, will be addressed in a future Order.

4.      **Advancement of Funds for Approved Common Benefit Expenses**

Designated Counsel who has advanced funds to the Common Benefit Fund during the pendency of the litigation that have been utilized to pay for common benefit expenses approved by Lead Counsel shall receive a credit against their assessment payments. The specifics of such offsets will be addressed in a future order.

B.      **Common Benefit Work Product**

All Participating Parties will have access to the document repositories (as permitted by Court Order) and to certain work product developed by, or at the direction of, the PSC and Designated Counsel for Plaintiffs' use.

C.      **Non-Participating Parties**

Counsel for any plaintiff who has a non-MDL case or claim and who chooses not to execute a Participation Agreement (a "Non-Participating Party") may seek access to MDL and/or PSC non-work product materials by written request to Plaintiffs' Lead Counsel. The PSC, however, shall have no obligation to allow such attorney access to any MDL materials.

Nothing in this Order shall limit the PSC's right or ability to seek an equitable

contribution from a Non-Participating Party who has requested and received access to MDL work product.

**D.      Coordination with State Courts**

The assessment described in this Order is not intended to be cumulative of any assessment imposed in any coordinated state proceedings. In the event there is a dispute regarding where a particular case or claim should be assessed as between this MDL or another state coordinated proceeding, Plaintiffs' Lead Counsel shall endeavor to resolve the matter with plaintiffs' counsel of record in the specific case and, if resolution cannot be reached, inform this Court of the dispute.

## II.      TIME AND EXPENSE REPORTING

MDL Order No. 3 set forth requirements for Plaintiffs' counsel's Time and Expense Submissions, including general standards, time and expense reporting requirements, and descriptions of shared and held costs.  Plaintiffs' counsel is reminded that strict compliance with MDL Order No. 3 is expected.

A sample time sheet (including litigation task codes) and sample expense reimbursement form are attached for Plaintiffs' counsel's convenience.


Dated:  _____, 2014



_____
The Honorable F. Dennis Saylor IV
United States District Judge

Exhibit "A"

**Participation Agreement**

This Agreement is made this _____ day of _____, 20___, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the District of Massachusetts in MDL No. 2419 and [FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT] (hereafter "the Participating Attorneys") on behalf of the clients listed on the attached Exhibit(s) (hereinafter "the Participating Parties").

WHEREAS, the United States District Court for the District of Massachusetts has appointed Thomas M. Sobol, Mark P. Chalos, Marc E. Lipton, Kim A. Dougherty, Patrick T. Fennell, J. Gerard Stranch, IV, and Mark Zamora, to serve as members of the PSC to facilitate the conduct of pretrial proceedings in the federal actions relating to the use of products compounded and manufactured by Defendant NECC;

WHEREAS, the PSC in association with other attorneys working for the common benefit of plaintiffs at the express written direction of the PSC have developed, and continue to develop, work product that will be valuable in the litigation of federal and state court proceedings involving injuries caused by NECC products (the "PSC Work Product"); and

WHEREAS, the Participating Attorneys wish to gain access to the PSC Work Product and establish an amicable, working relationship with the PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1.      With respect to each Participating Party who they represent in connection with a NECC-related claim, whether currently filed in state or federal court or unfiled, each of the Participating Attorneys will deposit in the MDL No. 2419 Account and Reserve for Common

Benefit Litigation Expenses (the "Common Benefit Fund") a percentage of the gross monetary recovery by each such Participating Party which is equal to eight (8%). For purposes of this Agreement, the gross monetary recovery shall not include court costs to be paid by the defendants, if any, but shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future. It is the intention of the parties that such assessment shall be in full and final satisfaction of any present or future obligation on the part of each Participating Party and/or Participating Attorney to contribute to any fund for the payment or reimbursement of any legal fees, services, or expenses incurred by, or due to, the MDL and/or any Designated Counsel.

2.      The Participating Attorneys, on behalf of themselves, their affiliated counsel, and their clients listed on the attached Exhibit(s), hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any such client in connection with any NECC-related injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement. The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3.      In accordance with the Court's Orders, the amounts deposited in the Common Benefit Fund will be available for distribution to attorneys who have performed professional services or incurred expenses for the benefit of the plaintiffs in MDL 2419 pursuant to written authorization from Plaintiffs' Lead Counsel. Such sums will be distributed only upon an Order of the Court in MDL 2419, which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit. Appropriate consideration will be given to the experience, talent, and contribution made by all of those

authorized to perform activities for the common benefit, including the Participating Attorneys.

4.      As the litigation progresses and Work Product of the same type and kind continues to be generated, the PSC will make available such Work Product and will otherwise cooperate with the Participating Attorneys to coordinate the MDL litigation and any state or other litigation for the benefit of the plaintiffs.

5.      Upon execution of this Agreement, the PSC will provide to the Participating Attorneys, to the extent developed, the PSC Work Product, including access to the PSC's virtual depository.

6.      The Participating Attorneys will have access to the following resources, for use on behalf of their clients listed in the attached Exhibit(s):

a.      Testing information and other expert discovery materials relevant to the various issues alleged in the NECC litigation;

b.      Briefing on common legal issues arising in individual cases;

c.      Deposition database of all common discovery depositions related to the MDL litigation and exemplar case-specific depositions;

d.      Transcript database of trial and court proceedings to the extent permissible;

e.      Any MDL trial package as it is developed or assistance with trial-related matters to the extent has not been completed;

f.      Any further work product developed by or in conjunction with the PSC as it relates to this litigation; and

g.      The PSC document repositories (to the extent their contents may be permissibly shared under prevailing Court Orders.

7.      The PSC and the Participating Attorneys recognize the importance of individual cases and the relationship between case-specific clients and their attorneys.  Regardless of the type of resolution eventually reached in either state or federal matters, the PSC will recommend to the Court that appropriate consideration will be given to individual case contracts between attorneys and their clients and to work that has been performed by attorneys in their individual cases.

8.      The Participating Attorneys represent that the list appended hereto as Exhibit 1 correctly sets forth the name of each client represented by them who has filed a civil action arising from the use of NECC product(s), including the Court and docket number of each such case. The Participating Attorneys further represent that the list attached hereto as Exhibit 2 contains the name of each client represented by them who has not yet filed a civil action arising from the use of NECC product(s).

9.      The Participating Attorneys shall supplement the lists appended hereto as Exhibits 1 and 2 on a quarterly basis when new retentions or associations have been entered into.

10.     This Agreement shall apply to each and every claim or action (whether state or federal, filed or unfiled) relating to the clients listed on the attached Exhibit(s) and arising from the use of NECC product(s) in which the Participating Attorneys have a right or claim to a fee recovery beginning from April 9, 2013, the date that the Plaintiffs' Steering Committee was appointed in MDL No. 2419.

PLAINTIFFS' LEAD COUNSEL, on behalf of the
PLAINTIFFS' STEERING COMMITTEE


By: _____

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO
LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone:(617)482-3700
Fax:(617)482-3003


AND


By: _____

Participating Attorney
[Firm Name]

On behalf of:

On Behalf Of Clients Listed in Attached
Exhibit(s)

Exhibit "B"

## LITIGATION TASK CODE DEFINITIONS

The Litigation Code Set is intended for use in all adversarial matters including litigation, binding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

### Case Assessment, Development, and Administration

Focuses on the case as a whole, the "forest" rather than the "trees".

**Fact Investigation/Development**.  All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

**Analysis/Strategy**.  The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

**Experts/Consultants**.  Identifying and interviewing experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

**Document/File Management**.  A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

**Budgeting**.  Covers developing, negotiating, and revising the budget for a matter.

**Settlement/Non-Binding ADR**.  All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

**CLE**.  Continuing Legal Education related specifically to this matter.

**Other Case Assessment, Development, and Administration**.  Time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

<u>**Pre-Trial Pleadings and Motions**</u>

Covers all pleadings and all pretrial motions and procedures other than discovery.

**Pleadings**.  Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims, and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

**Preliminary Injunctions/Provisional Remedies**.  Developing and discussing strategy for these remedies, preparing motions, affidavits, and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

**Court Mandated Conferences**.  Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

**Other Written Motions/Submissions**.  Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

**Class Action Certification and Notice**.  Proceedings unique to class action litigation and derivative suits such as class certification and notice.

<u>**Discovery**</u>

Includes all work pertaining to discovery according to court or agency rules.

**Written Discovery**.  Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a).

**Document Production**.  Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management" and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

**Depositions**.  All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

**Expert Discovery**.  Same as "Depositions," but for expert witnesses.

**Discovery Motions**.  Developing, responding to, and arguing all motions that arise out of the discovery process. Includes the protective order process.

**Other Discovery**.  Less frequently used forms of discovery, such as medical examinations and on-site inspections.

## Trial Preparation and Trial

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins. It continues through the trial and post-trial proceedings in the trial court. Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance." Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

**Fact Witnesses**.  Preparing for examination and cross-examination of non-expert witnesses.

**Expert Witnesses**. Preparing for examination and cross-examination of expert witnesses.

**Written Motions/Submissions**.  Developing, responding to, and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

**Other Trial Preparation and Support**.  All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

**Trial and Hearing Attendance**.  Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

**Post-Trial Motions and Submissions**.  Developing, responding to, and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees.

**Enforcement**.  All work performed in enforcing and collecting judgments and asserting or addressing defenses thereto.

## Appeal

Covers all work on appeal or before a reviewing body.

**Appellate Motions and Submissions**.  Developing, responding to, and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

**Appellate Briefs**.  Preparing and reviewing appellate briefs.

**Oral Argument**.  Preparing for and arguing an appeal before a reviewing body.

## **Travel**

Time spent traveling in connection with the litigation must be designated separately.

SAMPLE TIME SHEET
In re: New England Compounding Pharmacy, Inc. Products Liability Litigation, MDL 2419

Sample Task Codes:

The PSC suggests, but does not require, that attorneys use the following codes.

**Case Assessment, Development and Administration**

L110 - Fact Investigation/Development
L120 - Analysis/Strategy
L130 - Experts/Consultants
L140 - Documents/File Management
L150 - Budgeting
L160 - Settlement/Non-Binding ADR
L170 - Continuing Legal Education
L190 - Other Case Assessment - Development and Administration

**Trial Preparation and Trial**

L410 - Fact Witnesses
L420 - Expert Witnesses
L430 - Written Motions and Submissions
L440 - Other Trial Preparation and Support
L450 - Trial and Hearing Attendance
L460 - Post-Trial Motions and Submissions
L470 - Enforcement

**Pre-Trial Pleadings and Motions**

L210 - Pleadings
L220 - Preliminary Injunctions/Provisional Remedies
L230 - Court Mandated Conferences
L240 - Dispositive Motions
L250 - Other written motions and Submissions
L260 - Class action certification and Notice

**Appeal**

L510 - Appellate Motions and Submissions
L520 - Appellate Briefs
L530 - Oral Argument

**Discovery**

L310 - Written Discovery
L320 - Document Production
L330 - Depositions
L340 - Expert Discovery
L350 - Discovery Motions
L390 - Other Discovery

Attorney/Paralegal/Secretary: _____

Specific "Common Benefit" ("Test" or "Bellwether") Case (if any): _____

***Time must be recorded in increments of 0.25 hours (.25 hr minimum)***

| Date | Task Code | TIME | DESCRIPTION OF SERVICES |
|------|-----------|------|-------------------------|
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |
|      |           |      |                         |

### *MDL 2419: CHECK REQUEST FORM FOR SHARED EXPENSE*

| | | *GENERAL CHECK REQUEST INFORMATION* |
|---|---|---|
| 1. | **Date:** | |
| 2. | **I am requesting a check from:** | MDL 2419 Plaintiffs' Lead Counsel |
| 3. | **Payable To: (Name & Address)** | |
| 4. | **Social Security # or TIN# of the payee:** | |
| 5. | **Invoice No.:** | |
| 6. | **Date check needed (check one):** | Now __ 30 Days __ 60 Days __ 90 Days __ Other __ |
| 7. | **Purpose of Check:** | *If associated with specific "common benefit case", please identify case:* _____ |
| 8. | **Amount of Check:** | |
| 9. | **Documentation**[1] | Yes: _____        No:_____ |
| 10. | **Send Check To (check one)** | Requestor _____        OR      Payee _____ |
| 11. | **Requesting Attorney's Signature**[2] | |

Allocation of costs;

| | | | |
|---|---|---|---|
| $_____ | Court filing fees | $_____ | Common witness expense |
| $_____ | Deposition/court reporter | $_____ | Translation Costs |
| $_____ | Document depository | $_____ | Bank or financial institution charges |
| $_____ | PLC (administration) | $_____ | Investigative services |
| $_____ | PSC group administration | $_____ | Claims administrator charges |
| $_____ | Legal & accounting | $_____ | Special master charges |

_____

[1] Documentation must be provided with check request.

[2] By signing this request, you certify that the expense request is properly documented, complete, and accurate and is being incurred for the common benefit.

fees

| | Expert witness/consultant | | Other |
|---|---|---|---|
| $_____ | | $_____ | |
| | Printing, copying & scanning (bulk or 3rd party) | | |
| $_____ | | $_____ | |
| $_____ | Research (3rd party) | $_____ | |

**$_____TOTAL**

**<u>Lead Counsel Accounting Use Only</u>:**

Check #_____ Approved by:_____ Date:_____