MARC E. LIPTON
JODY B. LIPTON

STEFFANI CHOCRON
RONALD K. WEINER
KYLE J. KELLY



LIPTON LAW
*THE EDGE YOU NEED*

November 26, 2013

NICOLE K. FREY
CHRIS J. CAMPER
ASHLEY MUHLEMAN
BRAEDEN WILLOUGHBY

*Of Counsel*
WILLIAM LIPTON

Nicole D. Dorman, Esq.
Rose Kallor, LLP
750 Main Street, Suite 606
Hartford, CT 06103

> Re:   *New England Compounding Center Litigation, MDL No. 2419*
>        *Liberty Industries, Inc. Mediation*
>        **Via email ndorman@rosekallor.com and regular mail**

Dear Nicole:

In order for Plaintiffs to prepare for the upcoming mediation with Liberty, Plaintiffs request that Liberty produce, as soon as possible, the documents described below. From a review of the discovery produced to date and other information, Plaintiffs believe that additional important and responsive documents exist. These requests seek to address these responsive materials.

In preparing these requests, I have endeavored to keep them limited and specific, recognizing that we are engaging in mediation and not litigation. Plaintiffs feel strongly that these documents are necessary for both parties to properly evaluate the liability case against Liberty and to take informed positions.

I.    <u>Documents Required to be Produced Pursuant to Mediation Order</u>

With respect to the documents required to be produced pursuant to Section II.H.2 of the Mediation Order dated August 15, 2013, please produce:

    a)  Any professional liability, general liability, and comprehensive or umbrella insurance policies, issued to Liberty, any related or affiliated entity, and/or its principal officers and directors, for the policy periods of 2006 through 2013.

    b)  Any documents relating to any reservation of rights or rejection or limitation of insurance coverage relating to the claims related to or arising out of Liberty's relationship with NECC or Ameridose.

    c)  Any agreements covering calendar year 2012 whereby the participant agreed to indemnify another party (or required another party to indemnify it) in connection with the claims related to or arising out of Liberty's relationship with NECC or Ameridose.

    d)  A list of all Potentially Responsible Parties liable to tort claimants or liable to the defendants or another Potentially Responsible Party regarding injuries related to the allegedly contaminated methylprednisolone acetate and the grounds or basis of the claim.

Page **2** of **2**

II.     Documents Relevant to Liberty's Ability to Pay

To the extent that Liberty contends it has limited assets to contribute to a settlement fund, please produce comprehensive financial statements and tax returns for the last three (3) years for Liberty Industries, Inc. and any related or affiliated entities. Please also produce all documents concerning the relationship between and among Liberty and any related or affiliated entities.

III.    Documents Necessary for Plaintiffs to Review to Determine the Extent of Liberty's Liability

a)  All documents related to, including communications with, Liberty's subcontractors related to any work done at NECC's Framingham premises between 2006 and 2013, including, but not limited to, Victory HVAC.

b)  To the extent not yet produced, all documents related to, including communications with, Ameridose, NECC or any affiliated entity, regarding any work done at NECC's Framingham premises between 2006 and 2013, including by not limited to the conveyor system installed in the 2006 cleanroom. Please note that design drawings of the conveyor system were produced to Plaintiffs in Liberty's initial production. Any and all communications, work orders, purchase orders, and so on should have accompanied these drawings.

c)  To the extent not yet produced, all documents related to requests for additional materials, repairs, rework, and the like made by Ameridose, NECC, or any affiliated entity for work done by Liberty or any of its subcontractors between 2006 and 2013, including, but not limited to, Victory HVAC.

In addition to these informal discovery requests, I am also enclosing a copy of the Corrected Short Form Complaint for your reference. Please note, due to Liberty's willingness to mediate, the Plaintiffs' Steering Committee has removed Liberty from the short form complaint and is encouraging attorneys not to name Liberty as a defendant.

Please let me know if you have any questions. I look forward to your anticipated cooperation.

Sincerely,

MARC LIPTON
marc@liptonlaw.com

cc:    Thomas M. Sobol (via electronic mail)