UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 1:13-md-02419 |
| THIS DOCUMENT RELATES TO:<br><br>All Actions. | Hon. F. Dennis Saylor, IV<br>Magistrate Jennifer C. Boal |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO MOTION FOR EXTENSION OF DEADLINE TO FILE RESPONSIVE PLEADINGS TO SHORT FORM COMPLAINTS AND/OR LEAVE TO FILE 3RD PARTY COMPLAINT AGAINST AFFILIATED DEFENDANTS**

On January 8, 2014, Premier Orthopedic Associates Surgical Center, LLC, Sports Medicine Associates of Southern New Jersey, LLC and Kimberly Yvette Smith, M.D. (collectively the "New Jersey Defendants") filed a Response to [741] Joint Emergency Motion of the Chapter 11 Trustee and Plaintiffs' Steering Committee to Extend the Deadline for Filing of a Master Complaint Related to Affiliated Defendants and Cross Motion for Extension of Deadline to File Responsive Pleadings to Short Form Complaints and/or Leave to File 3rd Party Complaint against Affiliated Defendants (Dkt. No. 751), seeking, amongst other relief, an extension of the deadline to file a responsive pleading in this matter to April 2014.

At the January 10, 2014 status conference, the Plaintiffs' Steering Committee did not oppose such an extension for the New Jersey Defendants. Immediately thereafter, counsel for Saint Thomas Network, Saint Thomas Hospital, and Saint Thomas West Hospital (collectively "Saint Thomas") requested the Court extend this relief to Saint Thomas. The PSC opposed such a request and the Court requested that the PSC brief this issue by January 21, 2014 and extended the deadline

1

to file a responsive pleading and/or motion to dismiss until January 31, 2014 (the deadline was previously January 10, the day of the Status Conference).

The PSC opposes extending the relief requested for a simple reason: Saint Thomas does not need it, and any further extension will only unnecessarily delay these proceedings to the detriment of plaintiffs.  The New Jersey Defendants requested relief because of concern that they did not know whether to file a compulsory Rule 13 cross claim against the Affiliated Defendants or a third party complaint under Rule 14 against them as a result of the ongoing settlement negotiations with these entities.[1]  The relief they have requested is necessary if and only if they intend to file an answer (i.e. a responsive pleading) to the Master Complaint.[2]

Saint Thomas, on the other hand, has repeatedly taken the position that it intends to file a motion to dismiss, not an answer.  As a result, any cross claim or third party complaint Saint Thomas may need to file against the Affiliated Defendants can be postponed until resolution of their motion to dismiss and it files an answer.

It is universally recognized that filing a motion to dismiss tolls the time for filing cross claims under Rule 13.[3]  Moreover, under Rule 14, a defendant seeking to file a third-party complaint may do so anytime within 14 days of filing an answer, and even after this window by obtaining leave of court.[4]  Accordingly, Saint Thomas also does not need relief from the deadlines

---

[1] *See* Dkt. No. 751 at PageID 4-5.
[2] *See* Fed. R. Civ. P 13 and 14.
[3] *See e.g. TriState HVAC Equip., LLP v. Big Belly Solar, Inc.,* 752 F. Supp. 2d 517, 532 (E.D. Pa. 2010) ("Because a Fed. R. Civ. P. 12(b)(6) motion to dismiss is not a pleading, the compulsory-counterclaim rule of Fed. R. Civ. P. 13(a) does not come into play when a defendant files only a motion to dismiss.") citing *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993); accord *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 549, 269 U.S. App. D.C. 53 (D.C. Cir. 1988); *Lawhorn v. Atl. Refining Co.*, 299 F.2d 353, 356-58 (5th Cir. 1962); *see also Bluegrass Hosiery, Inc. v. Speizman Indus.,* 214 F.3d 770, 772 (6th Cir. 2000) ("Rule 13(a), however, only requires a counterclaim if the party who desires to assert a claim has served a pleading. In other words, Rule 13(a) does not apply unless there has been some form of pleading") (citing *Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1082 (7th Cir. 1979); *In re Tenczar*, 466 B.R. 32 (D. Bankr. Mass. 2012 (same).
[4] Fed. R. Civ. P. 14 ("Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-

imposed by the Court in the event it is required to file a third-party complaint against any of the Affiliated Defendants.

In short, Saint Thomas or any other defendant planning on filing a motion to dismiss is clearly not in need of the relief extended to the New Jersey Defendants.[5]  Accordingly, the Court should maintain the current January 31, 2014 filing deadline for Saint Thomas or any other defendant to file motions to dismiss or other responsive pleadings.

Respectfully submitted,

Dated:  January 21, 2014

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700

---

party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than **_14 days after serving its original answer_**.")

[5] Moreover, even if the Court were concerned that a defendant would be prejudice by filing an answer and having to contemporaneously file a cross claim or third-party complaint, the Court is well within its authority to extend the deadline to file such claims if judicial economy would be served by doing so.  *See e.g. Luyster v. Textron, Inc.*, 266 F.R.D. 54, 64-65 (S.D.N.Y. 2010); *Benoit v. United States*, 2013 U.S. Dist. LEXIS 64537, 6 (E.D.N.Y. May 6, 2013). Here, judicial economy would clearly be served by allowing the case to proceed against the Unaffiliated Defendants while the settlement with the Affiliated Defendants was developed.  It simply makes no sense to stay all actions against every defendant in this MDL pending a formal settlement with the Affiliated Defendants, which is what Saint Thomas now urges.  A far more judicial use of the Court's and the parties' time is for the case to proceed against the Unaffiliated Defendants and any claims that the Unaffiliated Defendants may have against the Affiliated Defendants can be brought at the appropriate time in the future.

3

Fax: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com
*Federal/State Liaison*

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781

4

Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Kristen Johnson Parker, hereby certify that I caused a copy of the above Memorandum in support of Motion to Amend Order on Central Enforcement of Subpoenas and proposed amended order to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: January 21, 2014

*/s/ J. Gerard Stranch, IV*