

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 1:13-md-02419 |
| THIS DOCUMENT RELATES TO: All Actions. | Hon. F. Dennis Saylor, IV |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN OPPOSITION TO LIBERTY INDUSTRIES, INC.'S UNTIMELY MOTION TO QUASH**

NOW COMES the Plaintiffs' Steering Committee ("PSC") and responds to Defendant Liberty Industries, Inc.'s ("Liberty") untimely Motion to Quash a subpoena issued to third-party Travelers Property Casualty Company of America ("Travelers") on December 4, 2013.

a.  **Liberty's Motion To Quash Is Untimely And Liberty Has Waived Any Objections It May Have**

Defendant Liberty's Motion to Quash is untimely. The PSC issued the subject Rule 45 subpoena to Travelers on December 4, 2013, listing a date and time to respond or comply of December 18, 2013. Pursuant to Rule 45(b)(1), on December 4, 2013, the PSC notified Liberty of the subpoena and sent copies of same via U.S. Mail and electronic mail. On December 18, 2013, Travelers filed its Motion to Quash. Over six weeks after the subpoena was issued, on January 20, 2014, Liberty filed its Motion to Quash (the "Motion"). It is clear that the Motion was not made promptly, which is counter to the intent of Rule 45. *See Burroughs Corp. v. Dataware Sources, Inc.*, 1987 WL 10190 (D. Mass. 1987) (denying a motion to quash as untimely where it was not served until a month after the subpoena issued). Further, Liberty waited to file its Motion until *after* the PSC filed its opposition to Travelers' Motion to Quash,

essentially filing an unpermitted reply, basing its entire argument on the PSC's opposition and citing no part of Rule 45(d)(3) as a basis for filing a motion to quash in the first place.

Further, Liberty waived any objections it may have to the PSC's subpoena to Travelers. Rule 45(d)(2)(B) requires that an objection "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Liberty served no objection to the Travelers Subpoena by the December 18, 2013 response date, and similarly served no objections or motions against any of the other *identical* subpoenas issued to its numerous past and present insurance providers. Only upon the filing of the PSC's Opposition to Travelers Motion to Quash did Liberty move to bar the production of potentially unfavorable documents that fall squarely under the PSC's fourth document request[1], a document request to which Liberty never objected, and has since waived any objection.

### b. The Discovery Of Unfavorable Documents Is Not Prohibited By Rule 45 And The Documents Sought Are Relevant To Plaintiffs' Claims.

Liberty contends that the PSC is not entitled to documents properly subpoenaed under Rule 45, as such documents are prejudicial to it. Obviously, Rule 45(d)(3) does not support the argument that a motion to quash should be granted because the information sought may be unfavorable to a party.

Liberty further argues, without legal support, that the PSC must elaborate as to how each piece of information sought could show how Liberty was negligent when it constructed the subject cleanrooms. The PSC does not have an obligation to elaborate as to how each specific request for documents speaks directly to Liberty's liability; that is not the nature or the purpose of discovery. The purpose of discovery is to allow the parties to obtain information regarding

---

[1] Document request number four of the PSC's December 4, 2013 subpoena to Travelers states "any and all policy related documents related to Liberty, including any reservation of rights statements and claims submissions, from 2006 to the present."

2

any matter, not privileged, which is relevant to the subject matter involved in the pending action or reasonably likely to lead to the discovery of admissible evidence. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("relevant to the subject matter involved in the pending action" – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). The factual conclusions made by Travelers regarding the cleanrooms at NECC's Framingham, Massachusetts Facility or the construction of Liberty's cleanrooms in general are discoverable, relevant, and necessary. Such information could speak directly to Liberty's liability, but at a minimum is reasonably calculated to lead to the discovery of admissible evidence.

    **c.**    **Liberty Misconstrues The Scope And Effect Of The Order on Mediation Program.**

In its Motion to Quash, Liberty attempts to limit this Court's August 15, 2013 Order on Mediation Program (Dkt. No. 394) so as to stifle the PSC's ability to properly build its proofs against it. Liberty first argues that the Order "required only that insurance policies and documents relating to reservations of rights or rejection of coverage for the plaintiffs' claims be disclosed."[2] (Dkt. No. 794 at 4). Liberty misreads the Order. Though the Order provides a list of minimum informal discovery that all defendants *must* provide in order to participate in the mediation program, it by no means absolves defendants of the obligation to produce information necessary to facilitate the mediation process. To the contrary, Section (II)(G) of the Order states

---

[2] It should be noted that, although Liberty cites to the discovery obligations under the Order, it fails to mention that it has not complied with these obligations. In its December 5, 2013 letter to the PSC, in response to Section (II)(H)(2)(a), Liberty states "[i]n view of the subpoenas served upon each of Liberty Industries, Inc.'s insurers between 2006 and 2013, and the fact that Liberty's records are not complete for the entire period, we anticipate that copies of the polices will be produced by the respective carriers." (Dkt. No. 794-3 at 1). Liberty cannot rely on its present and past insurers to produce information it is obligated to provide under court order.

3

"to the extent formal discovery is reasonably necessary to preserve evidence, the involved parties by agreement or by order of this Court may take such discovery," and Section (II)(H)(3) states:

> The mediator and/or the Court shall determine whether any additional information or documents should be provided or exchanged in order to facilitate a mediated settlement or resolution and the timing and manner of the production. The Court may in its discretion allow examinations under oath under such terms, limits, and conditions as it may prescribe…

In any event, these sections of the Order speak to the obligations of the parties participating in the mediation to exchange documents with each other (subject to the formal and informal discovery exceptions addressed above); it does not stay discovery that the PSC (or Liberty) may seek from third parties.

## CONCLUSION

For the foregoing reasons, the PSC respectfully requests the Court to deny Liberty's untimely Motion to Quash.

Dated:  January 22, 2014                                                         Respectfully submitted,

/s/ Marc E. Lipton
Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

*Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003

tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Kim Dougherty
JANET, JENNER & SUGGS, LLC
75 Arlington St.
Suite 500
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223

mark@markzamora.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, Marc E. Lipton, hereby certify that I caused a copy of the above Plaintiffs' Steering Committee's Memorandum in Opposition to Liberty Industries, Inc.'s Untimely Motion to Quash to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: January 22, 2014                                    /s/ Marc E. Lipton

                                                           Marc E. Lipton