UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br><br>Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

### DECLARATION OF BENJAMIN A. GASTEL IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF PROPOSALS FOR PLAINTIFF'S PROFILE FORM, DISCOVERY PROTOCOLS, AND RELEASES

Benjamin A. Gastel declares, under penalty of perjury on the date identified below, as follows:

    1.    I am an attorney at Branstetter, Stranch, and Jennings, PLLC, and our firm sits on the Plaintiffs' Steering Committee "(PSC") in the above-styled multi-district litigation (the "MDL"). I make this declaration in support of the contemporaneously filed Plaintiffs' Steering Committee's Memorandum of Law In Support of Proposals For Plaintiff's Profile Form, Discovery Protocols, and Releases (the "Memo"). The PSC originally planned to file the Memo on Friday, January 24, 2014, however, there appeared to be a nationwide disruption to the federal court's CM/ECF system, which also appeared to disrupt the Court's CM/ECF system. I personally, or members of my staff, attempted to access the Court's CM/ECF system throughout Friday afternoon and into Friday evening, but such attempts were unsuccessful. At approximately 6 pm central time on Friday, we made one last attempt to access the CM/ECF system to no avail. Thereafter, I instructed our staff to hold the filing and end the work day at their normally scheduled time (6pm central) with the intention of filing as soon as practicable on Monday morning.

1

2. On October 15, 2013, the PSC and certain defense counsel representing certain defendants located in Tennessee commenced a meet and confer process to discuss general case management issues, protocols, and fact sheets. On October 31, 2013, these defendants provided their first version of a plaintiff fact sheet, and on that day and November 1, 2013 the parties held a teleconference to discuss this proposal along with other case management issues.

3. The parties held another meet and confer teleconference on November 15, 2013 where members of the PSC discussed in greater detail problems with defendant's proposed fact sheet. Specifically, the members of the PSC stated their belief that providing responses to an 18 page fact sheet appended with 21 discovery requests was unprecedented in this type of mass tort litigation and provided specific problems with regard to the scope and timing of many of the requests in the fact sheet. The defendants at this meet and confer took these matters under advisement but did not commit to any changes to the proposed form.

4. On November 18, 2013, another meet and confer was held to discuss fact sheets and general case management orders. On November 22, 2013, the PSC provided a full written response to the defendant's proposal offering its own form of a plaintiff profile form, ESI protocols, and a proposed case management order. A true and correct copy of this email is attached hereto as Exhibit 1. On that same day another meet and confer was held where the PSC provided greater detail on its plan for profile forms and selection of potential bellwether cases.

5. At this time the parties were unable to agree on many substantive issues. Notwithstanding this disagreement, on November 27, 2013, the PSC invited all defense counsel to meet and confer on these issues and also provided defense counsel with the PSC's proposed ESI protocol, deposition protocol, HIPAA release, and profile form and invited all participants to hold another meet and confer conference on December 4, 2013. A true and correct copy of the

email is attached hereto as Exhibit 2. As can be seen from Exhibit 2, the PSC invited all defense counsel on this email to participate in a meet and confer on December 4, 2013. That conference was held and once again the parties were unable to agree on the substantive issues at hand. On December 13, 2013 the PSC circulated a summary of the December 4, 2013 call and offered additional compromises on many of the issues brought up on the December 4, 2013 meet and confer call. A true and correct copy of this email is attached hereto as Exhibit 3.

6. On January 2, 2014, the PSC emailed defense counsel again and invited them to participate in a meet and confer on fact sheets and discovery protocols. A true and correct copy of this email is attached hereto as Exhibit 4. On January 7, 2014, that meet and confer conference was held and the parties discussed the form of fact sheets/profile forms. The defendants at this time provided no comments whatsoever on the proposed ESI and deposition protocols. With regard to the proposed fact sheet/profile form, the PSC agreed to provide a new version of the profile form which would expand on the previous version and agreed to circulate a proposed form in the coming days.

7. On January 10, 2014, the PSC circulated a new profile form containing approximately five additional pages of material requested in defendant's original fact sheet that was not contained in plaintiff's original proposal. A true and correct copy of this email is attached hereto as Exhibit 5. This new proposed form more than doubled the length of the previous version of the profile form offered by the PSC.

8. On January 15, 2014, the PSC recirculated to defense counsel copies of its proposed deposition and ESI protocols and its proposed version of the plaintiff profile form. A true and correct copy of this email is attached as Exhibit 6. On January 15, 2014, the PSC received an updated proposed plaintiff fact sheet from defense counsel. A true and correct copy

of this email from defense counsel is attached as Exhibit 7.

9. On January 16, 2014, the parties held yet another teleconference to discuss these competing proposals. At this time, the parties were able to agree on some minor changes on the wording of requests, but defendants did not commit to any significant removal of requests from their proposed fact sheet.

10. On January 16, 2014, defense counsel, excluding the Trustee, for the first time provided substantive comments to the PSC's proposed deposition protocol, which was originally circulated on November 27, 2013. A true and correct copy of this email is attached as Exhibit 8. The PSC had previously received comments on the deposition protocol from the Trustee. A copy of this email is attached hereto as Exhibit 9. After this communication, the Trustee did not again provide written comments to the proposed deposition protocol.

11. On January 21, 2014, another meet and confer was held to discuss fact sheets and additional minor changes to language were made, but defendants once again refused to make substantive concessions on the scope and number of its requests. On January 21, 2014, the defendants circulated a final version of their proposed plaintiff fact sheet, which incorporated some of the agreed changes on verbiage but did not contain any substantive changes on the scope and number of requests. A true and correct copy of this email is attached hereto as Exhibit 10.

12. Also on January 21, 2014, the PSC circulated its final working version of the plaintiff profile form. A true and correct copy of this form is attached as Exhibit 11. Thereafter, on January 24, 2014, the PSC circulated final drafts of its proposed profile form incorporating some additional concessions to the defendants and provided copies of releases that would be used in conjunction with this profile form. A true and correct copy of this email is attached as Exhibit 12.

13. A true and correct copy of the Plaintiff Profile Form to be used in *In re Fresenius Granuflo/Naturalyte Dialsate Products Liability Litigation*, Case No. 1:13-MD-2428 is attached hereto as Exhibit 13.

14. Originally, the PSC maintained that HIV/AIDS records were not an appropriate record to disclose in this MDL. Thereafter, the PSC withdrew this position as part of negotiating an appropriate medical release and the PSC's current proposed medical release would allow the disclosure of this material.

Executed this 24th day of January, 2014 in Nashville, TN

Benjamin A. Gastel