**EXHIBIT 3**

## Ben Gastel

| | |
|---|---|
| **From:** | Kimberly A. Dougherty <KDougherty@myadvocates.com> |
| **Sent:** | Friday, December 13, 2013 8:07 AM |
| **To:** | Greer, Marcy; Ben Gastel; C.J. Gideon; Chris Tardio; Daniel Clayton; Daniel M. Rabinovitz; Edgar Taylor, III; Elizabeth J. Cabraser (ecabraser@lchb.com); Frederick H. Fern; George Nolan; Gerard Stranch; J. Kyle Roby; Jason Denton; John O. Belcher; Joseph P. Thomas; Kristin Johnson Parker; Kurt W. Maier; Larry Lamont Crain; Marc Lipton; Mark Chalos; Mark Zamora; Matthew P. Moriarty; Melinda L. Thompson; Nathan Hunt; Nicki Samson; Patrick Fennell; Paul J. Krog; Randall Kinnard; Rebecca Blair; Richard A. Dean; Robert H. Gaynor; Ryan A. Ciporkin; Thomas Sobol; Thomas W. Coffey; William Daniel Leader, Jr.; William Hance Lassier, Jr.; Fredric Ellis |
| **Cc:** | Puig, Yvonne K.; Sarah Kelly (SKelly@nutter.com); 'lhollabaugh@babc.com' (lhollabaugh@babc.com); Hoffman, Eric |
| **Subject:** | NECC: PSC follow up correpsodence re discovery |
| **Attachments:** | Correspodence to Unaffiliated defendants re Meet and Confer (12-12-13).pdf |

Please see attached letter from the PSC to the Unaffiliated Defendants. This is subject to further comment by Lead Counsel, who has not had a chance to review. Thank you.

Best, Kim

Kim Dougherty, Esquire
Janet, Jenner & Suggs, LLC
31 St. James Avenue
Suite 365
Boston, MA 02116
(617) 933-1265
kdougherty@myadvocates.com
www.myadvocates.com

**\*\*\* PLEASE NOTE OUR NEW ADDRESS**



Janet, Jenner & Suggs, LLC
ATTORNEYS AT LAW

Howard A. Janet, P.C.* | Kenneth M. Suggs• | Robert K. Jenner, P.C.*±
Dov Apfel*± | Stephen C. Offutt*±≈ | Giles H. Manley, M.D., J.D.* | Gerald D. Jowers, Jr.• | Brian D. Ketterer∆

Sharon R. Guzejko° | Kimberly A. Dougherty◊ | Francis M. Hinson, IV• | Hal J. Kleinman*∆‡ | Tara J. Posner*±† | Elisha N. Hawk*±≈
Justin A. Browne* | Joyce E. Jones* | Jessica H. Meeder*± | Leah K. Barron* | Lindsey M. Craig* | Jason B. Penn* ±
Seth L. Cardeli §≠ | Samuel M. Collings*± | William F. Burnham*

OF COUNSEL
John C. Hensley, Jr.° | Steven J. German§≠± | Joel M. Rubenstein§≠ | Thomas G. Wilson∎†•

BAR MEMBERSHIPS
* Maryland | • South Carolina | ◊ Massachusetts | ± District of Columbia | ≈ Minnesota | ∆ Pennsylvania
‡ Illinois | † Florida | ° North Carolina | § New York | ≠ New Jersey | ∎ West Virginia | • California

*Via Electronic Mail*

December 12, 2013

RE: MDL 2149

Dear Counsel for Unaffiliated Defendants,

Thank you for conferring with the Plaintiffs' Steering Committee (PSC) regarding discovery and schedule related issues last week. Below sets forth the PSC's understanding regarding the issues discussed and where things stand on each topic.

ESI Protocol:

As you know, the PSC submitted a proposed ESI protocol. The PSC discussed how the proposed protocol has been used in other mass tort complex litigations without objection from defense counsel. Defense counsel raised some concerns regarding the scope of information, i.e, voicemail messages, social media, etc. The PSC indicated that it is willing to consider suggested changes to the protocol. The unaffiliated defendants agreed to provide proposed edits to the PSC. The PSC has not received those edits to date.

Deposition Protocol:

The PSC also submitted a proposed deposition protocol to the unaffiliated defendants. Upon inquiry regarding the reference to class cases, the PSC confirmed that there are still class cases on file in the MDL. The unaffiliated defendants asked whether the PSC anticipated taking more than one 30(b)(6) deposition of the corporate representatives

MASSACHUSETTS OFFICE
Kimberly A. Dougherty, Managing Attorney

31 St. James Avenue, Suite 365 | Boston, Massachusetts 02116
617-933-1265 | Fax 410-653-6903 | 1-877-692-3862 | 1-877-MY-ADVOCATES
info@MyAdvocates.com | MyAdvocates.com

Maryland | South Carolina | Massachusetts | New York | North Carolina | Washington, D.C. | West Virginia

# Janet, Jenner & Suggs, LLC
—————— ATTORNEYS AT LAW ——————

and we indicated that we would get back to defense counsel. The PSC does NOT intend to take multiple 30(b)(6) depositions of the same corporate witness for the cases pending in the MDL. However, this agreement does not, and cannot bind, any of the state court litigations. For example, should an unaffiliated defendant choose to cross notice a MDL deposition notice in a state court litigation, any order entered in the MDL will have no effect on that state court litigation and plaintiffs' lawyers may choose to object to the cross notice if they wish. The PSC also does not waive the right to re-depose witnesses should circumstances arise where it is deemed appropriate. For example, when relevant documents are withheld from production until after the witness' deposition and the witness' testimony is important to address issues within said documents.

The parties discussed limitation of attendees and questioners at depositions. The PSC's does not believe that federal rules allow limitations on the number of attendees at depositions. The PSC indicated that it is open to hearing from defense counsel regarding their proposal on number of questioners.  The unaffiliated defendants agreed to provide edits to the protocol for the PSC's consideration. To date, no edits have been provided to the PSC by defense counsel.

<u>Plaintiffs' Medical Record Collection and Medical Authorization</u>:

As discussed, the PSC is in the process of drafting a proposed order on medical record collection. However, before drafting it, the PSC needs clarification as to whether defense counsel is willing to compromise on this issue.

By way of background, the parties discussed the PSC's vision for the proposed order: First, Plaintiffs' counsel will upload the medical and billing records of clients who have filed a lawsuit against the unaffiliated defendants that are in their possession to the HIPPA compliant vendor site held by Rust/Omni. Second, the PSC will also provide a HIPPA compliant medical record authorization (scope to either be agreed upon or subject to a court order), to defense counsel for collection of medical and billing records. However, Plaintiffs will not share in the costs of collection of such records sought by defense counsel, Defense counsel will share in the cost of holding the documents on the Rust/Omni repository. Once the records are uploaded to Rust/Omni, plaintiff counsel will be notified by the vendor and have 21 days to redact any confidential and irrelevant records and to create privilege log, if any. Defense counsel involved in a particular case will then be notified by plaintiff's counsel that the records are available for review and be provided a privilege log if any records are redacted. Defense counsel will have the opportunity to challenge the veracity of the reason for which the documents are withheld if they so choose.

The PSC's proposes that the general medical authorization will direct production of the medical records to Rust/Omni and will not allow for production of records related to HIV/Aids, sexual abuse, drug and alcohol abuse or psychiatric treatment, and also would explicitly prohibit *ex parte* communications with plaintiffs' physicians.  Defense counsel will have the opportunity to request such records on an individual, case-by-case basis once

2

# Janet, Jenner & Suggs, LLC
## —— ATTORNEYS AT LAW ——

a case is selected for a bellwether trial. Plaintiffs' reserve the right to object to such requests if they are inappropriate or not warranted.

The PSC also proposes that the medical authorization be limited in time to 3 years prior to administration of the tainted NECC product. The PSC proposed to produce the HIPPA compliant medical record authorization along with the PITWD Addendum in the end of January, 2014. The unaffiliated defendants expressed disagreement on every suggestion by the PSC and the parties are left to seek court intervention on these issues.

In a further effort to compromise, the PSC is willing to allow defense counsel to seek production of records themselves, without the involvement of Rust/Omni, if defense counsel is willing to accept the HIPPA compliant medical authorization proposed by the PSC. As the unaffiliated defendants are aware, the affiliated defendants previously agreed to the PSC proposed HIPPA compliant medical authorization.

Other Authorizations:

As discussed, the PSC is unwilling to produce blanket authorizations for documents, including, but not limited to, educational records and employment records, on a global basis. It is the PSC's position that additional authorizations beyond the medical authorization are inappropriate for each and every plaintiff and seen as a fishing expedition. As a compromise, the PSC has agreed to revisit the execution of additional authorizations on a case-by-case basis when a case is selected for a bellwether trial.

PITWD Addendum/Profile Form:

It is the PSC's position that production of the PITWD Addendum with the HIPAA compliant medical authorization executed by plaintiffs that have filed cases in the MDL on or before late January, 2014 is appropriate for an initial disclosure for use in bellwether selection. The PSC has reviewed the defendants' proposed fact sheet and finds it to be far too overbroad and burdensome and unnecessary for initial bellwether case selection. The proposed fact sheet is far longer and more burdensome than in most any other mass tort litigation. The parties discussed the transvaginal mesh litigation and that the profile form used there is 4-5 pages. The PSC offered the compromise of producing a more detailed fact sheet once a case is selected as a bellwether case. Defense counsel refused to accept that compromise. Moreover, the PSC requested that defense counsel attempt to compromise on the burdensome fact sheet, and eliminate some of the items requested, and defense counsel refused to do so.

US Legal Repository:

The PSC set forth its request of defense counsel to cost share in the use of US Legal Repository. The PSC proposes that each defendant pay $3,000 to access documents held in US Legal Repository, which will assist in covering the fees for shared documents. As you know, it hosts NECC related productions and clinic related defendants' productions and will continue to be used for additional discovery produced in the MDL litigation. The

3

# Janet, Jenner & Suggs, LLC
## ─── ATTORNEYS AT LAW ───

unaffiliated defendants expressed concern over receiving the documents informally produced by NECC, and the PSC and Trustee made it unequivocally clear that the PSC cannot allow access to those documents without prior approval from the Trustee. The PSC suggested that defense counsel confer with the Trustee.

Please contact me and other PSC members with further updates on these issues. We look forward to hearing from you on the PSC's proposed compromises and with respect to the ESI and Deposition Protocols. Thank you.

Sincerely,

Kimberly A. Dougherty, Esquire