**EXHIBIT 8**

## Beth McCullough

| | |
|---|---|
| **From:** | Greer, Marcy <marcy.greer@nortonrosefulbright.com> |
| **Sent:** | Thursday, January 16, 2014 10:14 PM |
| **To:** | Mark Zamora; Ben Gastel; Kim Dougherty |
| **Cc:** | Chris J. Tardio (chris@gideoncooper.com); Matt H. Cline (matt@gideoncooper.com); Puig, Yvonne K.; Hoffman, Eric |
| **Subject:** | RE: Meet and Confer Conference |
| **Attachments:** | NECC Proposed CMO Deposition Protocol Comparison PSC to STE.PDF; necc.cmo.protocol.depos.doc |

Attached are our comments to your proposed deposition protocol. The first is a redline, and the second is a clean copy. I attempted to combine all of our collective comments into one document to hopefully facilitate the process. Please let me know if we need to discuss further.

Thanks!

Marcy

**Marcy Hogan Greer** | Partner
Fulbright & Jaworski LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701-4255, United States
Tel +1 512 536 4581 | Fax +1 512 536 4598
marcy.greer@nortonrosefulbright.com

## NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

*Our website and email addresses have changed—please update your records accordingly.*

---

**From:** Ben Gastel [mailto:beng@branstetterlaw.com]
**Sent:** Wednesday, January 15, 2014 10:18 AM
**To:** Kristen Johnson Parker; Alan Winchester; Brady Hermann; Daniel M. Rabinovitz; Daniel Tranen; Frederick H. Fern; Geoffrey M. Coan; Heidi A. Nadel; Jeffrey Sternklar; Jessica Saunders Eichel; Joseph P. Thomas; Joshua A. Klarfeld; Judi Abbott Curry; Matthew E. Mantalos; Matthew P. Moriarty; Melinda L. Thompson; Michael Gottfried; Nicki Samson; Paul Moore; Paul Saltzman; Richard A. Dean; Robert A. Curley , Jr.; Ryan Ciporkin; Scott H. Kremer; Scott J. Tucker; Thomas W. Coffey; Adriana Suarez Desmond; Amy Mione; Anne Andrews; David Molton; Greg Skikos; Harry Roth; Honor Heath; Jessica Conte; Jim Stoll; John Thornton; Karen Schaeffer; Marc Lipton; Margaret Kitchen; Melvin Wright; Michael Coren; Michael Galligan; Rebecca Fordon; Steffani Chocron; Susan Marttala; Terry Dawes; Thomas Sobol; William Baldiga; Alan J. Bozer; Alan Winchester; Allen Neely; Brady Hermann; Brett J. Bean; C. Houston Foppiano; Clinton R. Shaw; Cynthia A. Palin; Daniel M. Rabinovitz; Daniel Tranen; David E. Fialkow; David H. Batten; Emmittee H. Griggs; Hoffman, Eric; Frederick H. Fern; G. Adam Moyers; Geoffrey M. Coan; Halley M. Stephens; Heidi A. Nadel; Jack R. Reinholtz; Jason D. Lewis; Jay Blumberg; Jessica Saunders Eichel; Joanna J. Chen; John M. Lovely; Joseph P. Thomas; Joseph R. Lang; Joshua A. Klarfeld; Judi Abbott Curry; Kenneth B. Walton; Kristen R. Ragosta; Greer, Marcy; Mark E. Anderson; Martin Hyman; Mary-Rose Watson; Matthew Daly; Matthew E. Mantalos; Matthew P. Moriarty; Melinda L. Thompson; Michael Gardner; Nicki Samson; Paul Saltzman; Richard A. Dean; Robert A. Curley , Jr.; Ryan Ciporkin; Scott H. Kremer; Scott J. Tucker; Sean E. Capplis; Stephen A. Grossman; Theresa A. Domenico; Thomas Althauser; Thomas W. Coffey; Timothy J. Dardas; William E. Christie; Puig, Yvonne K.; Chris J. Tardio (chris@gideoncooper.com); Puig, Yvonne K.; Sarah Kelly (SKelly@nutter.com); 'lhollabaugh@babc.com' (lhollabaugh@babc.com); Hoffman, Eric; Greer, Marcy; C.J. Gideon; Chris

Tardio; Daniel Clayton; Daniel M. Rabinovitz; Edgar Taylor, III; Elizabeth Cabraser; Frederick H. Fern; George Nolan; Gerard Stranch; J. Kyle Roby; Jason Denton; John O. Belcher; Joseph P. Thomas; Kurt W. Maier; Larry Lamont Crain; Marc Lipton; Mark Chalos; Mark Zamora; Matthew P. Moriarty; Melinda L. Thompson; Nathan Hunt; Nicki Samson; Patrick Fennell; Paul J. Krog; Randall Kinnard; Rebecca Blair; Richard A. Dean; Robert H. Gaynor; Thomas Sobol; Thomas W. Coffey; William Daniel Leader, Jr.; William Hance Lassier, Jr.; Fredric Ellis; jjblumberg@blumberglawoffices.com, cshorts@blumberglawoffices.com, cwolk@blumberglawoffices.com
**Cc:** Gerard Stranch; Kim Dougherty; Marc E. Lipton; Mark P. Chalos; Mark Zamora; Patrick T. Fennell; Fredric Ellis; Thomas Sobol
**Subject:** Meet and Confer Conference

All,

We will hold an additional meet and confer on Thursday January 16, 2014 at 12 est/11 cst to address the issues raised by Judge Boal's order of January 7, 2014 and the issues raised by Judge Saylor at last Friday's status conference. Once again we recirculate the proposed deposition, ESI protocols, and a working draft (with comments) of the PSC's proposed profile form for your comment and review. This call is open to all defense counsel who have appeared in the MDL Court. We encourage anyone interested in providing input on the any of these forms to be used in this litigation to participate.

To the extent that you wish to make edits, please do so in a redline and send to Kim Doughtery, Mark Zamora, and me before the call.

The dial in for the call is:

866-528-2256
Code: 4421223

Warmest Regards,

Ben Gastel
**Branstetter, Stranch & Jennings, PLLC**
227 Second Ave. N.
Fourth Floor
Nashville, TN 37061-1631
P: 615.254.8801
F: 615.255.5419

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc) and Fulbright & Jaworski LLP, each of which is a separate legal entity,

are members of Norton Rose Fulbright Verein, a Swiss Verein. Details of each entity, with certain regulatory information, are at nortonrosefulbright.com. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE:  NEW ENGLAND                  )
COMPOUNDING PHARMACY, INC.           )
PRODUCTS LIABILITY LITIGATION        )
                                     )
This matter relates to:              )          MDL No. 1:13-md-2419-FDS
                                     )
        All Actions                  )
                                     )
                                     )

MDL ORDER NO. ____
(Joint **Fact Witness** Deposition Protocol)

**I.   PURPOSE AND SCOPE OF FACT WITNESS DEPOSITION
      ~~PLAN~~PROTOCOL**

~~This Deposition Plan~~The purpose of this Order is to set forth procedures and

scheduling for the taking of fact witness depositions in the NECC Products Liability

Litigation.  This Deposition Protocol shall govern all individual personal injury and class

action cases that are presently pending or hereafter filed in this Court or subsequently

removed or transferred to this Court by the Judicial Panel on Multidistrict Litigation for

coordination of pretrial proceedings relating to this matter~~, and applies to the class action~~

~~cases~~. This Order is limited in scope to the discovery issues addressed herein.  Additional

discovery issues will be addressed in subsequent orders. For purposes of this deposition

protocol, depositions of "common" witnesses and depositions on "common" issues shall

refer to depositions of fact witnesses with knowledge of issues that affect all or virtually all

of the cases in the MDL, as opposed to depositions of witnesses with knowledge on issues

related to single cases or a small subset of cases.

## II.     GENERAL PROVISIONS

### A.     Lead Deposition Counsel

Plaintiff's depositions, third -party depositions, and depositions of employees, representatives, and former employees of the defendants in MDL actions, and matters related to samethe conduct of these depositions, shall be coordinated, to the extent possible, by Lead Deposition Counsel for plaintiffsthe MDL Plaintiffs and Lead Deposition Counsel for defendants, or their designeesthe MDL Defendants. Lead Deposition Counsel shall work with Counsel for the Deponent on ALL matters related to the deposition. The name and contact information for any designeeof the Lead Deposition Counsel for the MDL Plaintiffs, the Lead Deposition Counsel for the MDL Defendants, and the name and contact information of Counsel for the Deponent shall be promptly communicated to the other parties.all parties prior to the time the deposition is being arranged. The MDL Plaintiffs shall designate a single Lead Deposition Counsel to coordinate each individual deposition or related set of depositions.  The MDL Plaintiffs shall designate a single Lead Deposition Counsel to coordinate each individual deposition or related set of depositions.

### B.     Applicable Rules.

All fact depositions shall be conducted pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of Court, and as further specified below.

### C.     B.

**Deposition Notices**

1.    *Notice of Deposition Procedures.*  A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena to testify at a deposition, issued or served in these MDL proceedings.

~~2.~~ 2.  *Contents of Notice.* Information shall be provided as required by Fed. R. Civ. P. 30.  Each deposition notice shall include the name of each deponent ~~and~~; the date, time and place of the deposition; and, if known, (a) the general occupational description of the deponent and (b) a general description of the topic(s) for examination.  While the parties agree to provide a general description of the topics to be the subject of non-30(b)(6) depositions, such disclosure shall not serve to limit the scope of a non-30(b)(6) deposition if other relevant areas of inquiry are identified.  If the notice asks the deponent to produce documents or information, or if the witness may be asked about documents that may contain confidential information, the witness shall be provided with a copy of the Protective Order.

**D.**    ~~C.~~ **Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

**E.    Scheduling**

1.    The parties and the Court desire to minimize the expense and inconvenience of this litigation.  Accordingly, all depositions of fact and expert witnesses taken in this MDL will be treated as if cross-noticed and taken in each of the individual cases in this MDL and all actions prosecuted by the undersigned counsel.  In no event shall

witnesses be deposed on multiple occasions on the same subjects in connection with these MDL proceedings without leave of Court and for good cause shown.

    2.    Plaintiffs and Defendants' Lead Counsel shall attempt to establish by mutual agreement a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any party to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Court. Do we want to add something about the fact that if a party decides to take a deposition before all of the documents have been produced, they do so at their own risk and they will not be allowed to re-depose the witness simply because additional documents were produced after the deposition.

    3.    For Common Depositions, each side shall be notified at least forty-five (45) days in advance of a deposition, absent agreement by the parties otherwise, time constraints due to orders of the Court, or by leave of Court.

    **E.**  ~~D.~~**Attendance**

    1.    *Who May Be Present.* Unless otherwise ordered under Fed. R. Civ. P. 26 (c), depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent. While the deponent is being examined about any material designated Confidential, persons to whom disclosure is not authorized under the ~~Stipulated~~ Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing documents or information

subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

    **G.**   E. **Fed. R. Civ. P. 30(b)(6) Deposition**

A party or non-party asked to provide a designee pursuant to a Fed. R. Civ. P. 30(b)(6) deposition notice shall provide notice of the names of the individuals to be produced for deposition at least 10 days prior to commencement of the deposition, setting forth the matters upon which each person will testify.  Lead Deposition Counsel for the MDL Plaintiffs and counsel for the corporate entity on which the PSC intends to serve a 30(b)(6) notice shall meet and confer about the list of matters upon which testimony is requested, particularly the scope of the testimony, at least 30 days prior to the deposition to allow the PSC and the deponent's counsel to present any issues of disagreement to the Court before the deposition.

**III.**    **CONDUCT OF DEPOSITIONS**

    **A.**    **Examination**

Except in depositions that have been cross-noticed in actions pending in state court and without reference to the participation of coordinating counsel from the state court litigations, questioning should ordinarily be conducted by no more than two attorneys for all MDL plaintiffs.

Lead Deposition Counsel for plaintiffs may designate at least two attorneys representing personal injury plaintiffs to participate in the questioning during each deposition.  MDL counsel for Plaintiffs may designate others for specific subject areas. Counsel for plaintiffs should endeavor to avoid asking the same or substantially the same questions the MDL Plaintiffs, the PSC, and any participating attorney for an MDL plaintiff should confer and together designate a total of two attorneys to question each deponent on

behalf of the MDL Plaintiffs. MDL Plaintiffs' counsel may designate specific attorneys to question witnesses on specific designated topics, but the MDL Plaintiffs' counsel must endeavor for the attorneys questioning on specific topics to be one of the two questioning attorneys.  If MDL Plaintiffs believe additional or different attorneys are needed to question on specific issues, the PSC and/or Lead Deposition Counsel for the MDL Plaintiffs shall submit the name of the attorney and the designated topics to the deponent's counsel at least five days prior to the deposition. If the deponent's counsel does not agree to the additional attorney(s) (above and beyond the two designated) questioning on designated topics, the matter will be submitted to the Court for a ruling prior to the deposition taking place.  Repetition of questions shall be prohibited, and the questioning attorneys shall not cover the same topics with the witness.

~~Lead Deposition Counsel for defendants may designate at least two attorneys representing defendants to participate in defending a deposition.  Counsel for defendants should endeavor to avoid asking the same or substantially same questions and lodging the same or substantially the same objections.~~

Counsel for the unaffiliated defendants shall endeavor to designate two attorneys to represent the unaffiliated defendants during each deposition and participate in the deposition on behalf of all unaffiliated defendants. However, given the disparate interests of all unaffiliated defendants, this may not be possible.

Counsel for the Deponent shall "defend" the deposition.

The goals behind this section of the protocol are to (1) minimize the number of questioning/objecting attorneys while allowing all parties in the MDL to have their interests protected and (2) minimize attorneys, particularly those with the same or similar

interests, posing the same or substantially the same questions to witnesses and objections during depositions.

All deposition objections are reserved, except as to the form of the question and responsiveness of the answer.   Counsel shall otherwise comply with FED. R. CIV. P. 30(d)(1) concerning objections at depositions.   An objection by one party reserves the objection for all parties.

**B.      Documents Used in Connection with Deposition.**

1.      If requested, counsel will provide a list of the documents they intend to use for questioning at least seven days in advance of the deposition.

~~1.      Marking of Deposition Exhibits.~~ 2. All documents previously produced in the course of this litigation and used as exhibits with witnesses from a particular defendant or non-party witness shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document repositories.   Documents that have not been previously produced in the course of this litigation shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be produced at the conclusion of the deposition. Any documents marked as Exhibits during depositions shall be marked consecutively, (i.e. "Plaintiff Exhibit 1"), through the discovery phase such that if the first deposition ends with exhibit 11, then the first exhibit to the second deposition will start with exhibit 12.   Whenever possible, previously marked exhibits should be used in subsequent depositions, rather than using a new exhibit number for the same exhibit.

**C.      Limits on Duration and Number of Depositions**

~~Duration of depositions shall be governed by the Federal Rules of Civil Procedure.~~

1.      Absent permission from the Court or agreement of the parties, depositions shall be limited to one (1) day of seven (7) hours pursuant to FRCP 30(d)(1).  Depositions should not typically begin before 9:00 a.m. and should typically conclude by 5:30 p.m. in the local time zone.

2.      Depositions taken during the "common" deposition phase, *i.e.*, prior to the selection of cases for the bellwether discovery pool, shall be limited to ten (10) "common" depositions for the MDL Plaintiffs, ten (10) "common" depositions for the Affiliated Defendants, and ten (10) "common" depositions for the Unaffiliated Defendants.  More than ten (10) depositions will require leave of the Court or agreement of the parties.  If the parties can so agree, a deposition that the MDL Plaintiffs, the Affiliated Defendants, and the Unaffiliated Defendants all desire to take, may not count against the limit of ten (10).

3.      After the "common" deposition phase, parties shall be limited to ten depositions per party during discovery in the individual cases in the bellwether discovery pool.

**D.      Scheduling**

Counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expect to cooperate and coordinate the scheduling of all depositions.

**E.      Location for Depositions**

~~1.      The location of the depositions shall be as uniform as feasible within each city, so that videotape equipment, if being used, can be left in place.~~

1.    2.—Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

**F.**  **Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions**

1.  *Coordination with State Court Actions.*   In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs.   As the Court indicated at the initial case management conference, this Court intends to work actively to reach out to any State Court that is interested in coordinating discovery activities. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

2.  *Cross Noticing.*

a.  <u>Plaintiff Position</u>:  Any deposition in this MDL may be cross-noticed by any party in any _____--related action pending in state court, and any deposition in any _____--related action pending in state court may be cross-noticed by any party in this MDL.   Each deposition notice shall include the information described in section I.B.2., supra.   If a state court deposition has been cross-noticed in this MDL, then state court plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the judge presiding over the proceeding in which the deposition is sought.   In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the judge presiding over the proceeding in which the deposition is sought.

b.   <u>Defense Position</u>:  Any deposition in this MDL may be cross-noticed by any party in any _____ related action pending in state court, and any deposition in any _____ -related action pending in state court may be cross-noticed by any party in this MDL.  Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-noticed in this MDL, then state court defendants represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the Magistrate Judge, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Magistrate Judge.

3.   Nothing in F.1-2 shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

4.   Unless it is jointly noticed by plaintiffs in both the class action and personal injury matters, the noticing of a deposition by plaintiffs' counsel for personal injury matters shall not count against the limitation on numbers of deposition prescribed under the Federal Rules of Civil Procedure for plaintiffs in any consolidated class action, and vice versa.

5.   <u>The involved parties and counsel will make every effort to depose persons once.  A second deposition either before or after the selection of bellwether discovery cases will require the agreement of the parties or, in the absence of an agreement, leave of the Court for good cause shown.</u>

6.   <u>Case-specific depositions are stayed pending selection of the Initial Bellwether Pool.</u>

**G.     Early Depositions**

If the parties become aware of persons in their control who possess relevant information but, who, by reason of age, or ill health, or termination of employment with defendants may become unavailable for deposition, the deposition may be taken as soon as possible, as permitted by the Federal Rules of Civil Procedure.

## H.    Telephonic Depositions and Participation

The parties shall comply with Fed. R. Civ. P. 30(b)(4) regarding remote depositions. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel, or by agreement of counsel for the deponent and other questioning attorneys.

## I.    Disputes During Depositions

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court. If the Court is not available, or to the extent the parties are still unable to resolve the dispute, the deposition shall continue with full reservation of rights for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Court by telephone, or to present the dispute to the Court in writing.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to 1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); 2) file an appropriate motion with the Court after the deposition, and appear personally before the Court, or 3) file a motion to prevent any decision or recommendation of the Court from taking effect as may be otherwise permitted.

### J.     Video Depositions

By so indicating in its notice of a deposition, a party may, at its expense, record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1.     *Video Operator.*  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

2.     *Attendance.*  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

3.     *Interruptions.*  No attorney or party shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended during the deposition only upon agreement of counsel.

### K.     Correcting and Signing Deposition Transcripts

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition.  The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

### IV.     USE OF DEPOSITIONS

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules.  Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a) (1)-(4) or as otherwise permitted by the

Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

1. who is a party to this litigation;

2. who was present or represented at the deposition;

3. who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

4. who, within thirty (30) calendar days after the transcriptions of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

## V.    FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified ~~herein~~above, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

**So Ordered.**

_____
F. Dennis Saylor IV
United States District Judge

Dated: _____, ~~2013~~2014.

Document comparison by Workshare Compare on Thursday, January 16, 2014 10:03:32 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\Mg08586\Documents\DMS\NECC\necc.cmo.protocol.depo.psc.doc |
| Description | necc.cmo.protocol.depo.psc |
| Document 2 ID | file://C:\Users\Mg08586\Documents\DMS\NECC\necc.cmo.protocol.depos.doc |
| Description | necc.cmo.protocol.depos |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 52 |
| Deletions | 28 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 80 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND<br>COMPOUNDING PHARMACY, INC.<br>PRODUCTS LIABILITY LITIGATION<br><br>This matter relates to:<br><br>All Actions | )<br>)<br>)<br>)<br>)        MDL No. 1:13-md-2419-FDS<br>)<br>)<br>) |

MDL ORDER NO. \_\_\_\_
(Joint Fact Witness Deposition Protocol)

## I.    PURPOSE AND SCOPE OF FACT WITNESS DEPOSITION PROTOCOL

The purpose of this Order is to set forth procedures and scheduling for the taking

of fact witness depositions in the NECC Products Liability Litigation.  This Deposition

Protocol shall govern all individual personal injury and class action cases that are

presently pending or hereafter filed in this Court or subsequently removed or transferred

to this Court by the Judicial Panel on Multidistrict Litigation for coordination of pretrial

proceedings relating to this matter. This Order is limited in scope to the discovery issues

addressed herein.   Additional discovery issues will be addressed in subsequent orders.

For purposes of this deposition protocol, depositions of "common" witnesses and

depositions on "common" issues shall refer to depositions of fact witnesses with

knowledge of issues that affect all or virtually all of the cases in the MDL, as opposed to

depositions of witnesses with knowledge on issues related to single cases or a small

subset of cases.

## II.   GENERAL PROVISIONS

### A.   Lead Deposition Counsel

Plaintiff's depositions, third-party depositions, and depositions of employees, representatives, and former employees of the defendants in MDL actions, and matters related to the conduct of these depositions, shall be coordinated, to the extent possible, by Lead Deposition Counsel for the MDL Plaintiffs and Lead Deposition Counsel for the MDL Defendants. Lead Deposition Counsel shall work with Counsel for the Deponent on ALL matters related to the deposition. The name and contact information of the Lead Deposition Counsel for the MDL Plaintiffs, the Lead Deposition Counsel for the MDL Defendants, and the name and contact information of Counsel for the Deponent shall be promptly communicated to all parties prior to the time the deposition is being arranged. The MDL Plaintiffs shall designate a single Lead Deposition Counsel to coordinate each individual deposition or related set of depositions.  The MDL Plaintiffs shall designate a single Lead Deposition Counsel to coordinate each individual deposition or related set of depositions.

### B.   Applicable Rules.

All fact depositions shall be conducted pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of Court, and as further specified below.

### C.   Deposition Notices

1.   *Notice of Deposition Procedures.*  A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena to testify at a deposition, issued or served in these MDL proceedings.

2. *Contents of Notice.* Information shall be provided as required by Fed. R. Civ. P. 30. Each deposition notice shall include the name of each deponent; the date, time and place of the deposition; and, if known, (a) the general occupational description of the deponent and (b) a general description of the topic(s) for examination. While the parties agree to provide a general description of the topics to be the subject of non-30(b)(6) depositions, such disclosure shall not serve to limit the scope of a non-30(b)(6) deposition if other relevant areas of inquiry are identified. If the notice asks the deponent to produce documents or information, or if the witness may be asked about documents that may contain confidential information, the witness shall be provided with a copy of the Protective Order.

**D.     Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

**E.     Scheduling**

1. The parties and the Court desire to minimize the expense and inconvenience of this litigation. Accordingly, all depositions of fact and expert witnesses taken in this MDL will be treated as if cross-noticed and taken in each of the individual cases in this MDL and all actions prosecuted by the undersigned counsel. In no event shall witnesses be deposed on multiple occasions on the same subjects in connection with these MDL proceedings without leave of Court and for good cause shown.

2. Plaintiffs and Defendants' Lead Counsel shall attempt to establish by mutual agreement a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the

parties and third parties; (b) the objective of not subjecting any party to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Court.  Do we want to add something about the fact that if a party decides to take a deposition before all of the documents have been produced, they do so at their own risk and they will not be allowed to re-depose the witness simply because additional documents were produced after the deposition.

       3.      For Common Depositions, each side shall be notified at least forty-five (45) days in advance of a deposition, absent agreement by the parties otherwise, time constraints due to orders of the Court, or by leave of Court.

       **F.**       **Attendance**

       1.      *Who May Be Present.*  Unless otherwise ordered under Fed. R. Civ. P. 26 (c), depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent.  While the deponent is being examined about any material designated Confidential, persons to whom disclosure is not authorized under the Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

       **G.**       **Fed. R. Civ. P. 30(b)(6) Deposition**

       A party or non-party asked to provide a designee pursuant to a Fed. R. Civ. P. 30(b)(6) deposition notice shall provide notice of the names of the individuals to be

produced for deposition at least 10 days prior to commencement of the deposition, setting forth the matters upon which each person will testify.  Lead Deposition Counsel for the MDL Plaintiffs and counsel for the corporate entity on which the PSC intends to serve a 30(b)(6) notice shall meet and confer about the list of matters upon which testimony is requested, particularly the scope of the testimony, at least 30 days prior to the deposition to allow the PSC and the deponent's counsel to present any issues of disagreement to the Court before the deposition.

## III.  CONDUCT OF DEPOSITIONS

### A.  Examination

Except in depositions that have been cross-noticed in actions pending in state court and without reference to the participation of coordinating counsel from the state court litigations, questioning should ordinarily be conducted by no more than two attorneys for all MDL plaintiffs.

Lead Deposition Counsel for the MDL Plaintiffs, the PSC, and any participating attorney for an MDL plaintiff should confer and together designate a total of two attorneys to question each deponent on behalf of the MDL Plaintiffs. MDL Plaintiffs' counsel may designate specific attorneys to question witnesses on specific designated topics, but the MDL Plaintiffs' counsel must endeavor for the attorneys questioning on specific topics to be one of the two questioning attorneys.  If MDL Plaintiffs believe additional or different attorneys are needed to question on specific issues, the PSC and/or Lead Deposition Counsel for the MDL Plaintiffs shall submit the name of the attorney and the designated topics to the deponent's counsel at least five days prior to the deposition. If the deponent's counsel does not agree to the additional attorney(s) (above and beyond the two designated) questioning on designated topics, the matter will be

submitted to the Court for a ruling prior to the deposition taking place.  Repetition of questions shall be prohibited, and the questioning attorneys shall not cover the same topics with the witness.

Counsel for the unaffiliated defendants shall endeavor to designate two attorneys to represent the unaffiliated defendants during each deposition and participate in the deposition on behalf of all unaffiliated defendants. However, given the disparate interests of all unaffiliated defendants, this may not be possible.

Counsel for the Deponent shall "defend" the deposition.

The goals behind this section of the protocol are to (1) minimize the number of questioning/objecting attorneys while allowing all parties in the MDL to have their interests protected and (2) minimize attorneys, particularly those with the same or similar interests, posing the same or substantially the same questions to witnesses and objections during depositions.

All deposition objections are reserved, except as to the form of the question and responsiveness of the answer.  Counsel shall otherwise comply with FED. R. CIV. P. 30(d)(1) concerning objections at depositions.  An objection by one party reserves the objection for all parties.

**B.     Documents Used in Connection with Deposition.**

1.     If requested, counsel will provide a list of the documents they intend to use for questioning at least seven days in advance of the deposition.

2.     All documents previously produced in the course of this litigation and used as exhibits with witnesses from a particular defendant or non-party witness shall be referred to by the Bates stamp numbers appearing on the documents submitted to the

document repositories.  Documents that have not been previously produced in the course of this litigation shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be produced at the conclusion of the deposition.  Any documents marked as Exhibits during depositions shall be marked consecutively, (i.e. "Plaintiff Exhibit 1"), through the discovery phase such that if the first deposition ends with exhibit 11, then the first exhibit to the second deposition will start with exhibit 12.   Whenever possible, previously marked exhibits should be used in subsequent depositions, rather than using a new exhibit number for the same exhibit.

### C.     Limits on Duration and Number of Depositions

~~Duration of depositions shall be governed by the Federal Rules of Civil Procedure.~~

<u>1.</u>     Absent permission from the Court or agreement of the parties, depositions shall be limited to one (1) day of seven (7) hours pursuant to FRCP 30(d)(1). Depositions should not typically begin before 9:00 a.m. and should typically conclude by 5:30 p.m. in the local time zone.

2.     Depositions taken during the "common" deposition phase, *i.e.*, prior to the selection of cases for the bellwether discovery pool, shall be limited to ten (10) "common" depositions for the MDL Plaintiffs, ten (10) "common" depositions for the Affiliated Defendants, and ten (10)  "common" depositions for the Unaffiliated Defendants.  More than ten (10) depositions will require leave of the Court or agreement of the parties.  If the parties can so agree, a deposition that the MDL Plaintiffs, the

Affiliated Defendants, and the Unaffiliated Defendants all desire to take, may not count against the limit of ten (10).

3.      After the "common" deposition phase, parties shall be limited to ten depositions per party during discovery in the individual cases in the bellwether discovery pool.

**D.      Scheduling**

Counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.   Counsel are expect to cooperate and coordinate the scheduling of all depositions.

**E.      Location for Depositions**

1.      Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

**F.      Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions**

1.      *Coordination with State Court Actions.*   In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs.   As the Court indicated at the initial case management conference, this Court intends to work

actively to reach out to any State Court that is interested in coordinating discovery activities. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

    2.    *Cross Noticing.*

    a.    <u>Plaintiff Position</u>:   Any deposition in this MDL may be cross-noticed by any party in any _____--related action pending in state court, and any deposition in any _____--related action pending in state court may be cross-noticed by any party in this MDL.  Each deposition notice shall include the information described in section I.B.2., supra.  If a state court deposition has been cross-noticed in this MDL, then state court plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the judge presiding over the proceeding in which the deposition is sought.  In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the judge presiding over the proceeding in which the deposition is sought.

    b.    <u>Defense Position</u>:   Any deposition in this MDL may be cross-noticed by any party in any _____related action pending in state court, and any deposition in any _____-related action pending in state court may be cross-noticed by any party in this MDL.   Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-noticed in this MDL, then state court defendants represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause

shown as determined by the Magistrate Judge, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Magistrate Judge.

3.     Nothing in F.1-2 shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

4.     Unless it is jointly noticed by plaintiffs in both the class action and personal injury matters, the noticing of a deposition by plaintiffs' counsel for personal injury matters shall not count against the limitation on numbers of deposition prescribed under the Federal Rules of Civil Procedure for plaintiffs in any consolidated class action, and vice versa.

5.     The involved parties and counsel will make every effort to depose persons once.  A second deposition either before or after the selection of bellwether discovery cases will require the agreement of the parties or, in the absence of an agreement, leave of the Court for good cause shown.

6.     Case-specific depositions are stayed pending selection of the Initial Bellwether Pool.

## G.    Early Depositions

If the parties become aware of persons in their control who possess relevant information but, who, by reason of age or ill health may become unavailable for deposition, the deposition may be taken as soon as possible, as permitted by the Federal Rules of Civil Procedure.

## H.    Telephonic Depositions and Participation

The parties shall comply with Fed. R. Civ. P. 30(b)(4) regarding remote

depositions. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel, or by agreement of counsel for the deponent and other questioning attorneys.

### I.        Disputes During Depositions

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court.  If the Court is not available, or to the extent the parties are still unable to resolve the dispute, the deposition shall continue with full reservation of rights for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Court by telephone, or to present the dispute to the Court in writing.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.  Nothing in this Order shall deny counsel the right to 1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); 2) file an appropriate motion with the Court after the deposition, and appear personally before the Court, or 3) file a motion to prevent any decision or recommendation of the Court from taking effect as may be otherwise permitted.

### J.        Video Depositions

By so indicating in its notice of a deposition, a party may, at its expense, record a

deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

      1.    *Video Operator.* The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

      2.    *Attendance.* Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

      3.    *Interruptions.* No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon agreement of counsel.

### K.    Correcting and Signing Deposition Transcripts

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition. The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

## IV.    USE OF DEPOSITIONS

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a) (1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added

and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

1. who is a party to this litigation;

2. who was present or represented at the deposition;

3. who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

4. who, within thirty (30) calendar days after the transcriptions of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

## V.     FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified above, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

**So Ordered.**

_____
F. Dennis Saylor IV
United States District Judge

Dated: _____, 2014.