# EXHIBIT 9

**Ben Gastel**

| | |
|---|---|
| **From:** | Steven A. Stadtmauer <Sstadtmauer@HarrisBeach.com> |
| **Sent:** | Tuesday, December 10, 2013 2:48 PM |
| **To:** | Kristen Johnson Parker |
| **Cc:** | Thomas Sobol; mrgottfried@duanemorris.com; Paul Moore (PDMoore@duanemorris.com) (PDMoore@duanemorris.com); HBNECC; Thomas Sobol; Ben Gastel; Frederick H. Fern |
| **Subject:** | RE: NECC:  Recent PSC Proposals |
| **Attachments:** | HBNYC-#666296-v1-NECC_MDL_Joint_Deposition_Protocol_-_Redline_comparison.pdf; AMERIDOSE - Draft Joint Deposition Protocol.docx |

Kristen:

We have shared and discussed the PSC's proposed Deposition Protocol with Mr. Moore.  We note that the proposed protocol is significantly different from the draft protocol circulated by counsel for Ameridose after the summer.  This draft protocol was shared with the PSC but, to our knowledge, the PSC has not responded.  For your reference, we attach the latest Word version available of that proposed protocol as well as a PDF redline comparison with the PSC's most recent proposal.

The Trustee requests that the PSC comment on the earlier proposal, which appears to be practical and comprehensive.  Should further discussion be necessary, a meet and confer on the issue should be convened before a protocol is adopted.

Please advise if the PSC has comments to the Ameridose proposal and/or agrees to meet and confer on the issue.

Best regards.


**Steven A. Stadtmauer**
Partner


**HARRIS BEACH** PLLC

**ATTORNEYS AT LAW**
New York City Office
100 Wall Street
New York, NY 10005
212.313.5479  Direct
212.687.0100  Main
212.687.0659  Fax

Newark Office
One Gateway Center, Ste. 2500
Newark, NJ 07102
973.848.1244  Main

**Website  |  Bio  |  Add to Contacts**


**p r a c t i c e G R E E N**
Save a tree. Read, don't print, emails.

**From:** Kristen Johnson Parker [mailto:kristenjp@hbsslaw.com]
**Sent:** Tuesday, December 10, 2013 7:48 AM
**To:** Frederick H. Fern
**Cc:** Thomas Sobol; mrgottfried@duanemorris.com; Paul Moore (PDMoore@duanemorris.com) (PDMoore@duanemorris.com); HBNECC; Thomas Sobol; Ben Gastel
**Subject:** RE: NECC: Recent PSC Proposals

1

I have not received any comments.  When do you expect to send them?

Kristen Johnson Parker | **Hagens Berman Sobol Shapiro LLP** | Direct: (617) 475-1961

**From:** Jessica Glavan [mailto:JGlavan@Harrisbeach.com] **On Behalf Of** Frederick H. Fern
**Sent:** Monday, December 09, 2013 5:29 PM
**To:** Kristen Johnson Parker
**Cc:** Thomas Sobol; mrgottfried@duanemorris.com; Paul Moore (PDMoore@duanemorris.com)
(PDMoore@duanemorris.com); HBNECC
**Subject:** NECC: Recent PSC Proposals

Dear Kristen:

We have reviewed and discussed with Trustee Moore the Proposed CMO, deposition protocol, ESI and medical release forwarded in your letter of November 27, 2013.  Our red-lined comments will be forthcoming.

**Frederick H. Fern**
**Partner**

**HARRIS BEACH PLLC**
**ATTORNEYS AT LAW**
New York City Office
100 Wall Street
New York, NY 10005
212.313.5402   Direct
212.687.0100   Main
212.687.0659   Fax

Newark Office
One Gateway Center, Ste. 2500
Newark, NJ 07102
973.848.1244   Main

**Website** | **Bio** | **Add to Contacts**

p r a c t i c e **G R E E N**
Save a tree. Read, don't print, emails.

STATEMENT OF CONFIDENTIALITY
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender.

In accordance with Internal Revenue Service Circular 230, we inform  you that any discussion of a federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

MDL ORDER NO. __

(Joint Deposition Protocol)

## I.      SCOPE OF DEPOSITION PLAN

This Deposition Plan shall govern all individual personal injury cases that are presently pending or hereafter filed in this Court or subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation for coordination of pretrial proceedings relating to this matter, and applies to the class action cases. This Order is limited in scope to the discovery issues addressed herein.  Additional discovery issues will be addressed in subsequent orders.

## II.     GENERAL PROVISIONS

### A.  Lead Deposition Counsel

Plaintiff depositions, third party depositions and matters related to same shall be coordinated by Lead Deposition Counsel for plaintiffs and Lead Deposition Counsel for defendants, or their designees. The name and contact information for any designee shall be promptly communicated to the other parties.

### B.  Deposition Notices

1.      *Notice of Deposition Procedures.*  A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena to testify at a deposition, issued or served in these MDL proceedings.

2.      *Contents of Notice.*

a.  Information shall be provided as required by Fed. R. Civ. P. 30. Each deposition notice shall include the name of each deponent and the date, time and place of the deposition.  If the notice asks the deponent to produce documents or information, or if the witness may be asked about documents that may contain

confidential information, the witness shall be provided with a copy of the Protective Order.

b. Each deposition notice shall also include the name, address and telephone number of an attorney designated by the party noticing the deposition as Lead Examining Counsel ("LEC") for that deposition.   The LEC shall be responsible for coordinating ensuring that that the procedures of this Order are followed in the noticing, scheduling and recording of that deposition. The LEC shall also be responsible for coordinating appropriate security credentials for physical attendance and the advance dissemination of credentials for remote participation, including reasonably secure dial-in, login and/or password information.

c. The LEC shall either physically or remotely attend the proceeding in its entirety, but need not actually examine the witness.   Without regard to whether the LEC has in fact examined the witness, the LEC shall nonetheless remain responsible for the appropriate discharge of the LEC's duties under this Order.   Nothing herein shall be construed to abrogate or alter any otherwise applicable rules or procedures relating to the length and order of the questioning of any witness.

d. This order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party or non-party witness covered by its terms

e. Each Liaison Counsel shall designate an individual whose responsibility it shall be to coordinate and cooperate with other Liaison Counsel and the LEC with respect to the scheduling and other details for each deposition.   Absent extraordinary circumstances, the LEC shall consult with all Liaison Counsel and any counsel for proposed deponents in an effort to

schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3.    *Notice of Intent to Attend.*   In Order for counsel to make arrangements for adequate deposition space, whenever feasible, counsel who intend to attend a deposition noticed by MDL-2419 plaintiffs should provide notice to Plaintiffs' Liaison Counsel of their intention to attend. Counsel who intend to attend a deposition noticed by MDL-2419 defendants should send notice of their intention to Defendants' Liaison Counsel. As to all parties, notice of intention to attend shall be provided within one week of the deposition date.

## C. Avoidance of Duplicative Depositions

As a general rule, absent good cause or the agreement of the parties, no witness should be deposed on the same subject more than once in these proceedings. Defendants' Liaison Counsel shall advise the PSC of all depositions that have been taken by Plaintiff in other litigation related to Ameridose and shall provide the transcripts of such depositions to the PSC.

## D. Attendance

1.    *Who May Be Present.*   Unless otherwise ordered under Fed. R. Civ. P. 26 (c), depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent. While the deponent is being examined about any material designated Confidential, persons to whom disclosure is not authorized under the Stipulated Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

## E. Fed. R. Civ. P. 30(b)(6) Deposition

A party or non-party asked to provide a designee pursuant to a Fed. R. Civ. P. 30(b)(6) deposition notice shall provide notice of the names of the individuals to be

produced for deposition at least 10 days prior to commencement of the deposition, setting forth the matters upon which each person will testify.

## III.    CONDUCT OF DEPOSITIONS

### A.    Examination

Except in depositions that have been cross-noticed in actions pending in state court and without reference to the participation of coordinating counsel from the state court litigations, questioning should ordinarily be conducted by no more than two attorneys for all MDL plaintiffs. Lead Deposition Counsel for plaintiffs may designate at least two attorneys representing personal injury plaintiffs to participate in the questioning during each deposition. MDL counsel for Plaintiffs may designate others for specific subject areas. Counsel for plaintiffs should endeavor to avoid asking the same or substantially the same questions.

In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant matters. Therefore, other attorneys will be permitted to examine deponents on non-redundant matters. Further, even if there is no divergence of position, if a state court attorney has non-redundant questioning he or she deems necessary or appropriate, further questioning by that state court lawyer may proceed, subject to overall time limits.

When a party believes that it may be necessary to examine the deponent on non-redundant matters due to a divergence of interest, such party shall designate one attorney to conduct such non-redundant examination after the initial examination has concluded.

Counsel should cooperate in the allocation of time in order to comply with the time limits set by the Court.

### B.    Objections to Answer

Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all discovery depositions in this action:

> a)    Objections must be limited to (1) those that would be waived if not made pursuant to Fed. R. Civ. P. 32(d)(3); and (2) those necessary

to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. R. Civ. P. 30(d)(3).  No other objections can be raised during the course of the deposition.  In the event privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting privilege.

b)      Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent.

c)      Asking redundant, repetitive, multiple asked-and-answered questions in an effort to alter or amend a deponent's testimony is improper and must not be done in the deponent's presence.

**C.      Objections to Documents**

Objections as to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge.  No objections to the use of any document are necessary.

**D.      Scheduling and Location of Depositions**

1.      Each Liaison Counsel shall be responsible for coordinating with the LEC and other Liaison Counsel and for timely informing and updating each of their constituents on current deposition information.  Unless otherwise agreed, no Liaison Counsel shall be responsible for informing or updating deposition information with the constituents of any other Liaison Counsel.

2.      To the extent reasonably possible, depositions of witnesses shall take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel and the parties.  Deposition timing and locations shall be as consistent as possible so that recording equipment may be left in place and the burdens of relocating equipment may be reasonably minimized.

3.      After the LEC, Liaison Counsel and the deponent's counsel, through consultation, have agreed on a date and location for a deposition, the LEC shall serve an amended Notice reflecting the agreed upon date and location.  Non-party witnesses subpoenaed to produce documents shall be served with the document subpoena at least

thirty (30) calendar days before a scheduled deposition.  All other depositions shall be noticed at least twenty-one (21) days in advance.

4.      Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

5.      Unless otherwise provided by law or court order, attorneys attending and participating in a deposition are not required to be licensed to practice law in the state in which the deposition is being taken.

### E.        Deposition Length and Day

A deposition day shall begin as early as practicable and shall terminate no later than 5:30 p.m. (except Friday when depositions shall end no later than 1:00 p.m.), local time.  All parties shall work together and in good faith to make reasonable exceptions to the length of the deposition day as necessary.

A deposition shall last no longer than fourteen (14) hours total examination time, except upon agreement of counsel or by leave of Court.  This time includes examinations performed by all parties and does not include regular and reasonable breaks taken during the deposition.

### F.        Postponements

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement of counsel or by leave of Court for good cause.

### G.        Continuance of Deposition

If a deposition is not concluded during the time allotted in the deposition notice, and time still remains for the examining party under subsection [G], then the deposition shall be continued on a newly-noticed date or an agreed date.  In such circumstances, a ten (10) day notice will be sufficient to notice a continued deposition.

H.     **Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions**

1.     *Coordination with State Court Actions.*   In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs.   As the Court indicated at the initial case management conference, this Court intends to work actively to reach out to any State Court that is interested in coordinating discovery activities. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

2.     *Cross Noticing.*

   a.   Plaintiff Position:  Any deposition in this MDL may be cross-noticed by any party in any _____--related action pending in state court, and any deposition in any _____--related action pending in state court may be cross-noticed by any party in this MDL.  Each deposition notice shall include the information described in section [II.B.2.], *supra*. If a state court deposition has been cross-noticed in this MDL, then state court plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the judge presiding over the proceeding in which the deposition is sought.  In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the judge presiding over the proceeding in which the deposition is sought.

   b.   Defense Position:  Any deposition in this MDL may be cross-noticed by any party in any _____related action pending in state court, and any deposition in any _____-related action pending in state court may

be cross-noticed by any party in this MDL. Each deposition notice shall include the information described in section [II.B.2.], *supra*. If a state court deposition has been cross-noticed in this MDL, then state court defendants represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the Magistrate Judge, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Magistrate Judge.

3.     If counsel cannot agree on the order of questioning at a deposition, these rules shall apply:  if the deposition was originally noticed in this MDL, whether or not later cross-noticed in state court proceedings, MDL counsel shall go first in the deposition.

4.     Nothing in [H-2] shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

5.     Unless it is jointly noticed by plaintiffs in both the class action and personal injury matters, the noticing of a deposition by plaintiffs' counsel for personal injury matters shall not count against the limitation on numbers of deposition prescribed under the Federal Rules of Civil Procedure for plaintiffs in any consolidated class action, and vice versa.

I.     **Early Depositions**

If the parties become aware of persons who possess relevant information but who by reason of age, ill health, or termination of employment with defendants may become unavailable for deposition, the deposition may be taken as soon as possible, as permitted by the Federal Rules of Civil Procedure.  Before an early deposition is scheduled, the parties agree to provide information about the persons for whom an early deposition is required, including but not limited to a PFS and all medical records.

### J.     Disputes During Depositions

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court. If the Court is not available, or to the extent the parties are still unable to resolve the dispute, the deposition shall continue with full reservation of rights for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Court by telephone, or to present the dispute to the Court in writing.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to 1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); 2) file an appropriate motion with the Court after the deposition, and appear personally before the Court, or 3) file a motion to prevent any decision or recommendation of the Court from taking effect as may be otherwise permitted.

### K.     Recording of Depositions

1.     *Court Reporting Service.*  Prior to the first deposition in this matter, the parties shall jointly consider and approve one [or more] vendors to act as Designated Court Reporters ("DCR") authorized to provide deposition reporting services in this litigation. The court reporting service will be selected via competitive bids. The court reporting service shall provide:   teleconferencing services; centralized Web-based deposition scheduling; management of a secure Web-based transcript and exhibit repository; and remote Internet deposition participation via live-streaming transcript text, live audio teleconference, or other solution for remote participation as agreed upon by the parties.

2.     Any such DCR shall be competent and capable of following the procedures and providing the services described herein with respect to any proceeding in any jurisdiction within the United States.

(a) *General requirements.* The DCR shall be appropriately credentialed or certified to administer oaths and record deposition testimony as required in the jurisdiction in which the proceeding is held. The DCR shall be physically present with the deponent at the time the deposition is commenced and for the duration of the proceeding. To the extent any participant in the proceeding is not physically present, the DCR shall use best efforts to ascertain the identity of such participants according to the procedures described herein.

(b) *Stenographic Recording.* The DCR shall administer the oath or affirmation to the deponent and stenographically record all deposition proceedings and testimony. The written transcript by prepared by the DCR shall constitute the official record of the deposition for purposes of FED. R. CIV. P. 30(e) and similar state court rules addressing filing, retention, certification and the like.

(c) *Remote Access to Transcribed Testimony.* In all proceedings, the DCR shall have the capability of simultaneous transmission of deposition testimony in "real time" to participants that are physically present at the proceeding, as well as those who appropriately participate remotely. Such simultaneous transmission shall be accomplished using technology that is compatible with generally available software that may be downloaded free of charge and is compatible with both Windows and Mac operating systems. The LEC shall be responsible for coordinating the availability and operability of telephonic and/or Internet equipment at the deponent's location sufficient to enable the DCR to transmit such simultaneous "real time" transcription.

(d) *Image Recorded Depositions.* To the extent depositions are appropriately noticed and scheduled to be video-recorded in accordance with Section D, infra, an appropriate video operator shall be provided by the LEC. Such video operator shall be physically present with the DCR and the deponent at the commencement of and for the duration of the deposition. Unless otherwise agreed to and arranged by the parties and the video operator in advance of the proceeding, the neither the audio nor video need be made available in "real time" to participants. Physically present participants, however, may reasonably

ascertain the sufficiency of the quality of the audio and video prior to commencing the deposition or during appropriate breaks.

(e)     *Telephonic and/or Internet Deposition*.  By indicating in its notice of deposition that it wishes to conduct the deposition via telephone and/or Internet, a party shall be deemed to have moved for such an order under FED.R.CIV.P. 30(b)(7) and similar state court rules.  Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion.  Other physically present or remote participants may examine the deponent telephonically or in person.  All persons physically present at the proceeding shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent, and shall act in accordance with applicable federal and state rules of civil procedure and professional conduct governing interaction with the deponent.  The LEC shall be responsible for ensuring the availability and operability of telephonic and/or Internet equipment at the deponent's location sufficient to enable remote participants to participate and examine the witness.

(f)     *Remote Participation*.   In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify the LEC at least two days in advance of the start of the deposition. Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and shall not itself record the deposition, by video or audio means, except that the remotely participating party shall have access to the simultaneously broadcast transcription of the testimony.   The LEC shall be responsible for coordinating the availability and operability of technological equipment at the proceeding sufficient to enable remote participants to examine the witness.  Unless otherwise agreed in advance, the LEC need not ensure that simultaneous transmission of video of the proceeding be operable or available to any remote participant.  The party seeking to participate remotely is responsible for securing the necessary telephonic and/or internet equipment and connection at its own remote location.

L.        **Image Recorded Depositions**

Depositions may be video-recorded at the request of any party pursuant to the following terms and conditions:   Simultaneous Stenographic Recording.   All video-recorded depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.

1.      *Cost of the Deposition.*   The party requesting video-recording of the deposition shall bear the expense of both the video-recording and the stenographic recording.   Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

2.      *Video Operator.* The operator(s) of the video recording equipment shall be subject to the applicable provisions of FED. R. CIV. P. 28(c) and similar state court rules.

3.      *Attendance.* At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.   Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition. The operator shall produce both digital video and DVD formats of each deposition.

4.      *Interruptions.*  No attorney or party shall direct instructions to the video operator as to the method of operating the equipment.   The video camera operation will be suspended during the deposition only upon agreement of counsel.

5.      *Standards.* Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.   To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6.      After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the video recording in the same manner as a stenographic court reporter, and provide a true copy of the video file and

DVD to the DCR, who shall provide the official written transcript, and certificate to the LEC.

7.      Objections and instructions not to answer at videotape depositions are subject to the provisions of sections [III.B-C], *supra*. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

8.      *Technical Data*. Technical data or metadata such as recording speeds and other information needed to replay or copy the video image shall be included with the video files and DVD of the deposition.

9.      *Index*.   The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

10.     *Filing*. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for Plaintiffs and Defendants.

**M.      Exhibits**

1.      Counsel shall use best efforts to avoid the duplicative marking of exhibits at depositions.  Documents designated as exhibits at earlier depositions should not be re-designated and should be identified to the witness and on the record by the document's earliest designation.

2.      The DCR shall ensure that exhibits marked at any deposition are done so in a uniform manner.  Exhibits marked at any proceeding shall be designated with the initials of the first, middle and last names of the deponent and shall be numbered sequentially during the course of the proceeding.  (As an example, the first exhibit at the deposition of a witness named John Q. Smith shall be designated as "JQS-1.")

Subsequently marked exhibits at any continuation or subsequent deposition of this witness shall be numbered in ascending sequential order.

3.      To the extent it becomes necessary to distinguish a deponent from an earlier deponent, an additional character, beginning with the letter "A," shall be appended to the deponent's initials. (For example, the first document marked at a later deposition of the witness Judith Q. Smythe, shall be designated as "JQSA-1.")

At the conclusion of any session of a proceeding, the DCR shall take custody of any marked exhibits shown to the witness. The DCR shall ensure that such exhibits are appropriately imaged and made available for remote access on the Internet by participants in the same manner as copies of transcripts and recordings of each deposition.

**N.      Correcting and Signing Deposition Transcripts**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition.  The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

## IV.      USE OF DEPOSITIONS

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules.  Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a) (1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

1.  who is a party to this litigation;

2.  who was present or represented at the deposition;

3.  who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

4.  who, within thirty (30) calendar days after the transcriptions of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

## V.  FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

DONE and ORDERED this _ day of _____, 2013.


BY THE COURT:


_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE:  NEW ENGLAND                    )
COMPOUNDING PHARMACY, INC.             )
PRODUCTS LIABILITY LITIGATION          )

This matter relates to:                )        MDL No. 1:13-md-2419-FDS
                                       )
_____ All Actions                      )
                                       )
                                       )

**MDL ORDER NO. __**
**(Joint Deposition Protocol)**

## I.    SCOPE OF DEPOSITION PLAN

This Deposition Plan shall govern all individual personal injury cases that are presently pending or hereafter filed in this Court or subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation for coordination of pretrial proceedings relating to this matter, and applies to the class action cases. This Order is limited in scope to the discovery issues addressed herein.  Additional discovery issues will be addressed in subsequent orders.

## II.   GENERAL PROVISIONS

### A.    Lead Deposition Counsel

Plaintiff depositions, third party depositions and matters related to same shall be coordinated by Lead Deposition Counsel for plaintiffs and Lead Deposition Counsel for defendants, or their designees. The name and contact information for any designee shall be promptly communicated to the other parties.

**B.**   **Deposition Notices**

      1.   *Notice of Deposition Procedures.*   A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena to testify at a deposition, issued or served in these MDL proceedings.

      2.   *Contents of Notice.*

      a.2.   Information shall be provided as required by Fed. R. Civ. P. 30. Each deposition notice shall include the name of each deponent and the date, time and place of the deposition.   If the notice asks the deponent to produce documents or information, or if the witness may be asked about documents that may contain confidential information, the witness shall be provided with a copy of the Protective Order.

      b.   Each deposition notice shall also include the name, address and telephone number of an attorney designated by the party noticing the deposition as Lead Examining Counsel ("LEC") for that deposition.  The LEC shall be responsible for coordinating ensuring that that the procedures of this Order are followed in the noticing, scheduling and recording of that deposition.  The LEC shall also be responsible for coordinating appropriate security credentials for physical attendance and the advance dissemination of credentials for remote participation, including reasonably secure dial-in, login and/or password information.

      c.   The LEC shall either physically or remotely attend the proceeding in its entirety, but need not actually examine the witness.  Without regard to whether the LEC has in fact examined the witness, the LEC shall nonetheless remain responsible for the appropriate discharge of the LEC's duties under this Order.  Nothing herein shall be construed to abrogate or alter any otherwise applicable rules or

procedures relating to the length and order of the questioning of any witness.

d.   This order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party or non-party witness covered by its terms

e.   Each Liaison Counsel shall designate an individual whose responsibility it shall be to coordinate and cooperate with other Liaison Counsel and the LEC with respect to the scheduling and other details for each deposition.   Absent extraordinary circumstances, the LEC shall consult with all Liaison Counsel and any counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.   Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3.   *Notice of Intent to Attend.*   In Order for counsel to make arrangements for adequate deposition space, whenever feasible, counsel who intend to attend a deposition noticed by MDL 2419 plaintiffs should provide notice to Plaintiffs' Liaison Counsel of their intention to attend.   Counsel who intend to attend a deposition noticed by MDL 2419 defendants should send notice of their intention to Defendants' Liaison Counsel.   As to all parties, notice of intention to attend shall be provided within one week of the deposition date.

C.   Avoidance of Duplicative Depositions

As a general rule, absent good cause or the agreement of the parties, no witness should be deposed on the same subject more than once in these proceedings.   Defendants' Liaison Counsel shall advise the PSC of all depositions that have been taken by Plaintiff in other litigation related to Ameridose and shall provide the transcripts of such depositions to the PSC.

**C.   Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

Formatted: F

**D.** **Attendance**

  1. *Who May Be Present.*  Unless otherwise ordered under Fed. R. Civ. P. 26 (c), depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent. While the deponent is being examined about any material designated Confidential, persons to whom disclosure is not authorized under the Stipulated Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

**E.** **Fed. R. Civ. P. 30(b)(6) Deposition**

  A party or non-party asked to provide a designee pursuant to a Fed. R. Civ. P. 30(b)(6) deposition notice shall provide notice of the names of the individuals to be produced for deposition at least 10 days prior to commencement of the deposition, setting forth the matters upon which each person will testify.

**III.** **CONDUCT OF DEPOSITIONS**

  **A.** **Examination**

  Except in depositions that have been cross-noticed in actions pending in state court and without reference to the participation of coordinating counsel from the state court litigations, questioning should ordinarily be conducted by no more than two attorneys for all MDL plaintiffs. Lead Deposition Counsel for plaintiffs may designate at least two attorneys representing personal injury plaintiffs to participate in the questioning

during each deposition.  MDL counsel for Plaintiffs may designate others for specific subject areas.   Counsel for plaintiffs should endeavor to avoid asking the same or substantially the same questions,

~~In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant matters.   Therefore, other attorneys will be permitted to examine deponents on non-redundant matters.   Further, even if there is no divergence of position, if a state court attorney has non-redundant questioning he or she deems necessary or appropriate, further questioning by that state court lawyer may proceed, subject to overall time limits.~~

~~When a party believes that it may be necessary to examine the deponent on non-redundant matters due to a divergence of interest, such party shall designate one attorney to conduct such non-redundant examination after the initial examination has concluded.~~

~~Counsel should cooperate in the allocation of time in order to comply with the time limits set by the Court.~~

~~8.        Objections to Answer~~

~~Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all discovery depositions in this action:~~
~~Objections must be limited to (1) those that would be waived if not made pursuant to Fed.~~

Lead Deposition Counsel for defendants may designate at least two attorneys representing defendants to participate in defending a deposition.  Counsel for defendants should endeavor to avoid asking the same or substantially same questions and lodging the same or substantially the same objections.

a)       ~~R. Civ. P.~~ 32(d)(3); and (2) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. ~~R. Civ. P.~~ 30(d)(3).   No other objections can be raised during the course of the deposition.   In the event privilege is

~~claimed, examining counsel may make appropriate inquiry about the basis for asserting privilege.~~

~~b)      Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent.~~

~~c)      Asking redundant, repetitive, multiple asked-and-answered questions in an effort to alter or amend a deponent's testimony is improper and must not be done in the deponent's presence.~~

~~C.~~B.      ~~Objections to~~ Documents Used in Connection with Deposition.

1.      *Marking of Deposition Exhibits.* All documents previously produced in the course of this litigation and used as exhibits with witnesses from a particular defendant or non-party witness shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document repositories.  Documents that have not been previously produced in the course of this litigation shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be produced at the conclusion of the deposition. Any documents marked as Exhibits during depositions shall be marked consecutively, (i.e. "Plaintiff Exhibit 1").

C.      **Duration**

Duration of depositions shall be governed by the Federal Rules of Civil Procedure.

**Scheduling** ~~Objections as to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge.   No objections to the use of any document are necessary.~~

D.      **~~Scheduling~~ and**

Counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.

D.E.    Location ~~of~~for Depositions

1.    Each Liaison Counsel shall be responsible for coordinating with the LEC and other Liaison Counsel and for timely informing and updating each of their constituents on current deposition information.  Unless otherwise agreed, no Liaison Counsel shall be responsible for informing or updating deposition information with the constituents of any other Liaison Counsel.

1.    2.    ~~To the extent reasonably possible,~~ The location of the depositions ~~of witnesses shall take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel and the parties. Deposition timing and locations~~ shall be as ~~consistent~~uniform as ~~possible~~feasible within each city, so that ~~recording~~videotape equipment ~~may, if being used, can~~ be left in place ~~and the burdens of relocating equipment may be reasonably minimized.~~.

3.    After the LEC, Liaison Counsel and the deponent's counsel, through consultation, have agreed on a date and location for a deposition, the LEC shall serve an amended Notice reflecting the agreed upon date and location.  Non party witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.  All other depositions shall be noticed at least twenty-one (21) days in advance.

2.    4.    Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

5.     Unless otherwise provided by law or court order, attorneys attending and participating in a deposition are not required to be licensed to practice law in the state in which the deposition is being taken.

E.     Deposition Length and Day

A deposition day shall begin as early as practicable and shall terminate no later than 5:30 p.m. (except Friday when depositions shall end no later than 1:00 p.m.), local time.  All parties shall work together and in good faith to make reasonable exceptions to the length of the deposition day as necessary.

A deposition shall last no longer than fourteen (14) hours total examination time, except upon agreement of counsel or by leave of Court.  This time includes examinations performed by all parties and does not include regular and reasonable breaks taken during the deposition.

F.     Postponements

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement of counsel or by leave of Court for good cause.

G.     Continuance of Deposition

If a deposition is not concluded during the time allotted in the deposition notice, and time still remains for the examining party under subsection [G], then the deposition shall be continued on a newly-noticed date or an agreed date.  In such circumstances, a ten (10) day notice will be sufficient to notice a continued deposition.

Formatted: F

**F.      Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions**

~~H.~~

1.      *Coordination with State Court Actions.*   In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs.   As the Court indicated at the initial case management conference, this Court intends to work actively to reach out to any State Court that is interested in coordinating discovery activities. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

2.      *Cross Noticing.*

a.      Plaintiff Position:   Any deposition in this MDL may be cross-noticed by any party in any _____--related action pending in state court, and any deposition in any _____--related action pending in state court may be cross-noticed by any party in this MDL. Each deposition notice shall include the information described in section ~~III~~I.B.2.~~7.~~ supra. If a state court deposition has been cross-noticed in this MDL, then state court plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the judge presiding over the proceeding in which the deposition is sought.  In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the judge presiding over the proceeding in which the deposition is sought.

b.      Defense Position:  Any deposition in this MDL may be cross-noticed by any party in any _____ related action pending in state court, and any deposition in any _____-related action pending in state court may be cross-noticed by any party in this MDL.  Each deposition notice shall include the information described in section [II].B.2.~ supra.  If a state court deposition has been cross-noticed in this MDL, then state court defendants represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the Magistrate Judge, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Magistrate Judge.

~~3.      If counsel cannot agree on the order of questioning at a deposition, these rules shall apply:  if the deposition was originally noticed in this MDL, whether or not later cross-noticed in state court proceedings, MDL counsel shall go first in the deposition.~~

4.3.    Nothing in [II.F.1-2] shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

5.4.    Unless it is jointly noticed by plaintiffs in both the class action and personal injury matters, the noticing of a deposition by plaintiffs' counsel for personal injury matters shall not count against the limitation on numbers of deposition prescribed under the Federal Rules of Civil Procedure for plaintiffs in any consolidated class action, and vice versa.

I.G.    **Early Depositions**

If the parties become aware of persons who possess relevant information but who, by reason of age, ill health, or termination of employment with defendants may

become unavailable for deposition, the deposition may be taken as soon as possible, as permitted by the Federal Rules of Civil Procedure. ~~Before an early deposition is scheduled, the parties agree to provide information about the persons for whom an early deposition is required, including but not limited to a PFS and all medical records.~~

Formatted: F
pt

Formatted: F

**H.     Telephonic Depositions and Participation**

The parties shall comply with Fed. R. Civ. P. 30(b)(4) regarding remote depositions. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel.

**J.I.    Disputes During Depositions**

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court.  If the Court is not available, or to the extent the parties are still unable to resolve the dispute, the deposition shall continue with full reservation of rights for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Court by telephone, or to present the dispute to the Court in writing.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.  Nothing in this Order shall deny counsel the right to 1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); 2) file an appropriate motion with the Court after the deposition, and appear personally before the Court, or 3) file a motion to prevent any decision or recommendation of the Court from taking effect as may be otherwise permitted.

**K.J.    Recording of**

### Video Depositions

By so indicating in its notice of a deposition, a party may, at its expense, record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 1. ~~Court Reporting Service.~~ ~~Prior to the first deposition in this matter, the parties shall jointly consider and approve one [or more] vendors to act as Designated Court Reporters ("DCR") authorized to provide deposition reporting services in this litigation.~~ ~~The court reporting service will be selected via competitive bids. The court reporting service shall provide:  teleconferencing services; centralized Web-based deposition scheduling; management of a secure Web-based transcript and exhibit repository; and remote Internet deposition participation via live-streaming transcript text, live audio teleconference, or other solution for remote participation as agreed upon by the parties.~~

~~2.     Any such DCR shall be competent and capable of following the procedures and providing the services described herein with respect to any proceeding in any jurisdiction within the United States.~~

~~(a)     General requirements.     The DCR shall be appropriately credentialed or certified to administer oaths and record deposition testimony as required in the jurisdiction in which the proceeding is held.  The DCR shall be physically present with the deponent at the time the deposition is commenced and for the duration of the proceeding.     To the extent any participant in the proceeding is not physically present, the DCR shall use best efforts to ascertain the identity of such participants according to the procedures described herein.~~

~~(b)     Stenographic Recording.     The DCR shall administer the oath or affirmation to the deponent and stenographically record all deposition proceedings and testimony.  The written transcript by prepared by the DCR shall constitute the official record of the deposition for purposes of FED. R. CIV. P. 30(e) and similar state court rules addressing filing, retention, certification and the like.~~

~~(c)     Remote Access to Transcribed Testimony.  In all proceedings, the DCR shall have the capability of simultaneous transmission of deposition testimony in "real time" to participants that are physically present at the proceeding, as well as those who appropriately participate remotely.     Such~~

simultaneous transmission shall be accomplished using technology that is compatible with generally available software that may be downloaded free of charge and is compatible with both Windows and Mac operating systems. The LEC shall be responsible for coordinating the availability and operability of telephonic and/or Internet equipment at the deponent's location sufficient to enable the DCR to transmit such simultaneous "real time" transcription.

(d)   *Image Recorded Depositions.*   To the extent depositions are appropriately noticed and scheduled to be video-recorded in accordance with Section D, infra, an appropriate video operator shall be provided by the LEC. Such video operator shall be physically present with the DCR and the deponent at the commencement of and for the duration of the deposition. Unless otherwise agreed to and arranged by the parties and the video operator in advance of the proceeding, the neither the audio nor video need be made available in "real time" to participants. Physically present participants, however, may reasonably ascertain the sufficiency of the quality of the audio and video prior to commencing the deposition or during appropriate breaks.

(e)   *Telephonic and/or Internet Deposition.*   By indicating in its notice of deposition that it wishes to conduct the deposition via telephone and/or Internet, a party shall be deemed to have moved for such an order under FED.R.CIV.P. 30(b)(7) and similar state court rules. Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion. Other physically present or remote participants may examine the deponent telephonically or in person. All persons physically present at the proceeding shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent, and shall act in accordance with applicable federal and state rules of civil procedure and professional conduct governing interaction with the deponent. The LEC shall be responsible for ensuring the availability and operability of telephonic and/or Internet equipment at the deponent's location sufficient to enable remote participants to participate and examine the witness.

Formatted: F

(f) ~~Remote Participation. In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify the LEC at least two days in advance of the start of the deposition. Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and shall not itself record the deposition, by video or audio means, except that the remotely participating party shall have access to the simultaneously broadcast transcription of the testimony. The LEC shall be responsible for coordinating the availability and operability of technological equipment at the proceeding sufficient to enable remote participants to examine the witness. Unless otherwise agreed in advance, the LEC need not ensure that simultaneous transmission of video of the proceeding be operable or available to any remote participant. The party seeking to participate remotely is responsible for securing the necessary telephonic and/or internet equipment and connection at its own remote location.~~

L. ~~Image Recorded Depositions~~

~~Depositions may be video recorded at the request of any party pursuant to the following terms and conditions: Simultaneous Stenographic Recording. All video-recorded depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.~~

1. ~~Cost of the Deposition. The party requesting video recording of the deposition shall bear the expense of both the video-recording and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.~~

2. ~~30(b)(3) subject to the following rules:~~

*Video Operator*. ~~ _~~ The operator(s) of the video recording equipment shall be subject to the ~~applicable~~ provisions of ~~FED~~Fed. R. ~~CIV~~Civ. P. 28(c) ~~and similar state court rules.~~

1. ~~3.     ).~~ *~~Attendance~~* At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

2. *Attendance*. Each witness, attorney and other person attending the

deposition shall be identified on the record at the commencement of the deposition. ~~The operator shall produce both digital video and DVD formats of each deposition.~~

4.    *Interruptions*.  No attorney or party shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended during the deposition only upon agreement of counsel.

~~5.    *Standards*. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.~~

~~6.    After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the video recording in the same manner as a stenographic court reporter, and provide a true copy of the video file and DVD to the DCR, who shall provide the official written transcript, and certificate to the LEC.~~

~~7.    Objections and instructions not to answer at videotape depositions are subject to the provisions of sections [III.B-C], *supra*. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.~~

~~8.    *Technical Data*. Technical data or metadata such as recording speeds and other information needed to replay or copy the video image shall be included with the video files and DVD of the deposition.~~

~~9.    *Index*.  The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination~~

resumes, at which exhibits are identified, and at which any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussions, mechanical failure, or otherwise.

10. *Filing.* After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for Plaintiffs and Defendants.

M. Exhibits

1. Counsel shall use best efforts to avoid the duplicative marking of exhibits at depositions. Documents designated as exhibits at earlier depositions should not be re-designated and should be identified to the witness and on the record by the document's earliest designation.

2. The DCR shall ensure that exhibits marked at any deposition are done so in a uniform manner. Exhibits marked at any proceeding shall be designated with the initials of the first, middle and last names of the deponent and shall be numbered sequentially during the course of the proceeding. (As an example, the first exhibit at the deposition of a witness named John Q. Smith shall be designated as "JQS-1.") Subsequently marked exhibits at any continuation or subsequent deposition of this witness shall be numbered in ascending sequential order.

3. To the extent it becomes necessary to distinguish a deponent from an earlier deponent, an additional character, beginning with the letter "A," shall be appended to the deponent's initials. (For example, the first document marked at a later deposition of the witness Judith Q. Smythe, shall be designated as "JQSA-1.")

3. At the conclusion of any session of a proceeding, the DCR shall take custody of any marked exhibits shown to the witness. The DCR shall ensure that such exhibits are appropriately imaged and made available for remote access on the Internet by participants in the same manner as copies of transcripts and recordings of each deposition.

N.K. **Correcting and Signing Deposition Transcripts**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition. The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

## IV.   USE OF DEPOSITIONS

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a) (1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

1. who is a party to this litigation;

2. who was present or represented at the deposition;

3. who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

4. who, within thirty (30) calendar days after the transcriptions of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

## V.   FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

DONE and ORDERED this __ day of _____, 2013.

BY THE COURT:

**So Ordered.**

F. Dennis Saylor IV
United States District Judge

Dated: _____, 2013

Formatted: L
single

Formatted: F