**EXHIBIT 12**

## Beth McCullough

| | |
|---|---|
| **From:** | Ben Gastel |
| **Sent:** | Friday, January 24, 2014 3:50 PM |
| **To:** | Kristen Johnson Parker; Louis R. Moffa; Stephen A. Grossman; Eric Hoffman; Brett J. Bean; Brian Gerling; Christopher Hassell; Chris J. Tardio ; C. J. Gideon , Jr.; Cynthia Palin; Christopher M. Wolk; David Thomas; Jay J. Blumberg; Joseph R. Lang; John M. Lovely; John-Mark Zini; Jack Reinholtz; Kristin Mykulak; Kristen R. Ragosta ; Kenneth B. Walton ; Marcy Greer; Matthew H. Cline; Michael Hayes; C. Mark Hoover; Michael Gardner; Michael Pikiel; Louis Moffa; Michael Sams; Mary-Rose Watson; Nancy Reynolds; Nicole Dorman; Roberto Braceras; Steven Drake; Randy J. Hackney; Rhond L. Beesing; Paul Saltzman; Sean E. Capplis; Daniel Ari Shapiro; Tory Weigand; Yvonne Puig; 'mgreer@adjtlaw.com'; Jay Blumberg (jjblumberg@blumberglawoffices.com); Puig, Yvonne K.; Sarah Kelly (SKelly@nutter.com); 'lhollabaugh@babc.com' (lhollabaugh@babc.com); Hoffman, Eric; 'mgreer@adjtlaw.com'; Jay Blumberg (jjblumberg@blumberglawoffices.com) |
| **Cc:** | Thomas Sobol; Kimberly A. Dougherty; Mike Barker; Patrick T. Fennell; Gerard Stranch; Ben Gastel; Marc Lipton; Chalos, Mark P. (mchalos@lchb.com); mark@markzamora.com; Jennifer Frushour Bean; 'rellis@ellisrapacki.com'; 'gnolan@leaderbulso.com'; 'bleader@leaderbulso.com'; 'dclayton@kcbattys.com' |
| **Subject:** | NECC Proposal and Trial Selection CMO |
| **Attachments:** | 14-01-23 Joint Deposition Protocol - Proposed Order - Redline Incorporating Defendant Changes (00311611).DOC; NECC Authorization for Release of Insurance Records.doc; Request for Transcript of Tax Return form 4506-T.PDF; NECC Medical Records Authorization.docx; 14-1-24 PSC CMO on Trial_Bellwether.DOCX; 14-1-24 PSC Plaintiff Profile Form [clean] (00311741).DOCX; NECC Authorization for Release of Employment Records.doc; NECC Authorization for Release of Workers Compensation Records.doc |

All,

Attached, please see the following:

1. A proposed CMO on trial and bellwether selection;
2. The Current Version of the PSC's Proposed Plaintiff Profile Form
3. The PSC's proposed releases to be used in conjunction with this form (medical, worker's comp, employment, insurance, and tax releases)
4. An updated version of the deposition protocol with changes accepted from the changes suggested by Saint Thomas.

With regard to the deposition protocol, this is redlined against the original version we sent and the additions/deletions are those that we added or accepted.  Saint Thomas' version of the deposition protocol drastically changed the conduct of depositions under the Federal Rules of Civil Procedure.  We believe the deposition protocol is merely meant to facilitate the taking of depositions in a uniform and coherent matter in this MDL and is not intended to change the conduct of depositions.  As a result, we were simply unable to accept many of Saint Thomas' changes as they clearly were not consistent with the Federal Rules of Civil Procedure.

With regard to the medical release, the PSC's offer of December 12, 2013 still stands. To the extent that you will agree with the PSC's limitations in the release, then we will agree that production can be made directly to defendants in lieu of going through the HIPAA compliant vendor identified in the Court's Qualified Protective Order.

With regard to the profile form, we made some additional changes to the insurance/disability section to reflect the difference between being awarded benefits and receiving benefits.

We plan to submit these as part of our proposal to Judge Boal today per her order of January 7.

With regard to the CMO on trial selection and bellwether.  We will hold a meet and confer on **Monday at 2:00 cst** on this document and propose that any competing proposals be filed no later than **January 31, 2014**.  Call in information will be circulated at a later time.

Warmest Regards,

Ben



Ben Gastel
Branstetter, Stranch & Jennings, PLLC
227 Second Ave. N.
Fourth Floor
Nashville, TN 37061-1631
P: 615.254.8801
F: 615.255.5419

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE:  NEW ENGLAND<br>COMPOUNDING PHARMACY, INC.<br>PRODUCTS LIABILITY LITIGATION<br><br>This matter relates to:<br><br>   All Actions | )<br>)<br>)<br>)<br>)   MDL No. 1:13-md-2419-FDS<br>)<br>)<br>) |

**MDL ORDER NO. \_\_\_\_**
**(Joint Deposition Protocol)**

## I.      SCOPE OF DEPOSITION PLAN

This Deposition Plan shall govern all ~~individual personal injury, wrongful death, and class action~~ cases that are presently pending or hereafter filed in this Court or subsequently <u>removed or</u> transferred to this Court by the Judicial Panel on Multidistrict Litigation for coordination of pretrial proceedings relating to this matter, and applies to the class action cases. This Order is limited in scope to the discovery issues addressed herein.  Additional discovery issues will be addressed in subsequent orders.

## II.     GENERAL PROVISIONS

### A.      Lead Deposition Counsel

Plaintiff<u>'</u>s depositions, third~~-~~party depositions<u>, and depositions of employees, representatives, and former employees of the defendants in this MDL action,</u> and matters related to ~~same~~ <u>the conduct of these depositions</u> shall be coordinated<u>, to the extent possible,</u> by Lead Deposition Counsel for plaintiffs and Lead Deposition Counsel for defendants, or their designees. The name and contact information for any designee shall be promptly communicated to the other parties.

**B.**     **Deposition Notices**

1.     *Notice of Deposition Procedures.*   A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena to testify at a deposition, issued or served in these MDL proceedings.

2.     *Contents of Notice.* Information shall be provided as required by Fed. R. Civ. P. 30.  Each deposition notice shall include the name of each deponent and the date, time and place of the deposition.  If the notice asks the deponent to produce documents or information, or if the witness may be asked about documents that may contain confidential information, the witness shall be provided with a copy of the Protective Order.

**C.**     **Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

**D.**     **Attendance**

1.     *Who May Be Present.*   Unless otherwise ordered under Fed. R. Civ. P. 26 (c), depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent. While the deponent is being examined about any material designated Confidential, persons to whom disclosure is not authorized under the ~~Stipulated~~ Second Amended Protective Order (Dkt. No. 784, or any additional amendments made by the Court thereto, the "Protective Order") shall be excluded from the deposition, except that

counsel for any plaintiff or the deponent shall not be so excluded. Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

### E.      Fed. R. Civ. P. 30(b)(6) Deposition

A party or non-party asked to provide a designee pursuant to a Fed. R. Civ. P. 30(b)(6) deposition notice shall provide notice of the names of the individuals to be produced for deposition at least 10 days prior to commencement of the deposition, setting forth the matters upon which each person will testify.

## III.    CONDUCT OF DEPOSITIONS

### A.      Examination

Except in depositions that have been cross-noticed in actions pending in state court and without reference to the participation of coordinating counsel from the state court litigations, questioning should ordinarily be conducted by no more than two attorneys for all MDL plaintiffs.  Lead Deposition Counsel for plaintiffs may designate at least two attorneys representing personal injury plaintiffs to participate in the questioning during each deposition.  MDL counsel for Plaintiffs may designate others for specific subject areas.  Counsel for plaintiffs should endeavor to avoid asking the same or substantially the same questions.

Lead Deposition Counsel for defendants may designate at least two attorneys representing defendants to participate in defending a deposition.  Counsel for defendants should endeavor to avoid asking the same or substantially same questions and lodging the same or substantially the same objections.  Counsel for the Deponent shall "defend" the deposition.  An objection by one party reserves the objection for all parties.

**B.      Documents Used in Connection with Deposition.**

1.      *Marking of Deposition Exhibits.* All documents previously produced in the course of this litigation and used as exhibits with witnesses from a particular defendant or non-party witness shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document repositories.  Documents that have not been previously produced in the course of this litigation shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be produced at the conclusion of the deposition. Any documents marked as Exhibits during depositions shall be marked consecutively, (i.e. "Plaintiff Exhibit 1"), through the discovery phase such that if the first deposition ends with exhibit 11, then the first exhibit to the second deposition will start with exhibit 12.  Whenever possible, previously marked exhibits should be used in subsequent depositions, rather than using a new exhibit number for the same exhibit.

**C.      Duration**

Duration of depositions shall be governed by the Federal Rules of Civil Procedure.

**D.      Scheduling**

Counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.

**E.      Location for Depositions**

1.     The location of the depositions shall be as uniform as feasible within each city, so that videotape equipment, if being used, can be left in place.

2.     Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

**F.     Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions**

1.     *Coordination with State Court Actions.*   In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs.   As the Court indicated at the initial case management conference, this Court intends to work actively to reach out to any State Court that is interested in coordinating discovery activities. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

2.     *Cross Noticing.*

a.     <u>Plaintiff Position</u>:   Any deposition in this MDL may be cross-noticed by any party in any _____--related action pending in state court, and any deposition in any _____--related action pending in state court may be cross-noticed by any party in this MDL.  Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-

noticed in this MDL, then state court plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the judge presiding over the proceeding in which the deposition is sought.  In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the judge presiding over the proceeding in which the deposition is sought.

        b.   <u>Defense Position</u>:  Any deposition in this MDL may be cross-noticed by any party in any _____ related action pending in state court, and any deposition in any _____ -related action pending in state court may be cross-noticed by any party in this MDL.  Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-noticed in this MDL, then state court defendants represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the Magistrate Judge, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Magistrate Judge.

        3.   Nothing in F.1-2 shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

        4.   Unless it is jointly noticed by plaintiffs in both the class action and personal injury matters, the noticing of a deposition by plaintiffs' counsel for personal injury matters shall not count against the limitation on numbers of deposition prescribed under the Federal Rules of Civil Procedure for plaintiffs in any consolidated class action, and vice versa.

### G.     Early Depositions

If the parties become aware of persons who possess relevant information but, who, by reason of age, ill health, or termination of employment with defendants may become unavailable for deposition, the deposition may be taken as soon as possible, as permitted by the Federal Rules of Civil Procedure.

### H.     Telephonic Depositions and Participation

The parties shall comply with Fed. R. Civ. P. 30(b)(4) regarding remote depositions. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel or by agreement of counsel for the deponent.

### I.     Disputes During Depositions

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court.  If the Court is not available, or to the extent the parties are still unable to resolve the dispute, the deposition shall continue with full reservation of rights for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Court by telephone, or to present the dispute to the Court in writing.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.  Nothing in this Order shall deny counsel the right to 1)

suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); 2) file an appropriate motion with the Court after the deposition, and appear personally before the Court, or 3) file a motion to prevent any decision or recommendation of the Court from taking effect as may be otherwise permitted.

**J.    Video Depositions**

By so indicating in its notice of a deposition, a party may, at its expense, record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1.    *Video Operator.*  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

2.    *Attendance.*  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

3.    *Interruptions.*  No attorney or party shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended during the deposition only upon agreement of counsel.

**K.    Correcting and Signing Deposition Transcripts**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition.  The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

## IV.    USE OF DEPOSITIONS

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules.  Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a) (1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

1. who is a party to this litigation;

2. who was present or represented at the deposition;

3. who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

4. who, within thirty (30) calendar days after the transcriptions of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

## V.    FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

**So Ordered.**

_____
F. Dennis Saylor IV
United States District Judge

Dated: _____, 2013

## AUTHORIZATION FOR RELEASE
## OF DISABILITY INSURANCE ~~RECORDS~~AWARD

TO: _____
       Name

       _____
       Address

       _____
       City, State and Zip Code

    This document will authorize you to furnish a ~~copies~~ copy of all disability insurance awards and requests for disability insurance since January 1, 2009~~forms regarding insurance claims applications and benefits and all medical, health, hospital, physicians, nursing or allied health professional reports, records, notes or invoices and bills, which may be in your possession for the following insured~~: _____
[Name of Insured] whose date of birth is _____ and whose last four digits of social security number ~~is are~~   XXX-XX-_____.

    You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records:

          Yvonne K. Puig
          Fulbright & Jaworski L.L.P.
          ~~Attorneys for Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health~~
          98 San Jacinto Blvd., Suite 1100
          Austin, Texas  78701

    This authorization does not authorize you to disclose anything other than ~~documents and records~~the any disability award and requests for disability insurance since January 1, 2009 to anyone.

    This authorization is not valid unless the record requestor named above has executed the acknowledgement at the bottom of this authorization.

    This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined disability award after the date hereof.  It is expressly understood by the undersigned and you are authorized to

accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____

_____
Insured/Personal Representative Signature


Date: _____

_____
Witness Signature

Form **4506-T**
(Rev. September 2013)
Department of the Treasury
Internal Revenue Service

## Request for Transcript of Tax Return

▶ **Request may be rejected if the form is incomplete or illegible.**

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Return or Account Transcript" or call 1-800-908-9946. If you need a copy of your return, use Form 4506, Request for Copy of Tax Return. There is a fee to get a copy of your return.

| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution.** *If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.*

**6** **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶

**a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120A, Form 1120H, Form 1120L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days   .   .   .   .   .   . ☐

**b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days   . ☐

**c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days   .   .   .   .   .   . ☐

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days   .   . ☐

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days   . ☐

**Caution.** *If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.*

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.      12/31/13            12/31/12            12/31/11            12/31/10

Check this box if you have notified the IRS or the IRS has notified you that one of the years for which you are requesting a transcript involved **identity theft** on your federal tax return   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   . ☐

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note.** *For transcripts being sent to a third party, this form must be received within 120 days of the signature date.*

|  |  | Phone number of taxpayer on line 1a or 2a |
|---|---|---|

**Sign Here**

| ▶ | **Signature** (see instructions) | Date |
| ▶ | **Title** (if line 1a above is a corporation, partnership, estate, or trust) | |
| ▶ | **Spouse's signature** | Date |

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**            Cat. No. 37667N            Form **4506-T** (Rev. 9-2013)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to *www.irs.gov/form4506t*. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

# General Instructions

**CAUTION.** *Do not sign this form unless all applicable lines have been completed.*

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note.** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Return or Account Transcript" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service<br>RAIVS Team<br>Stop 6716 AUSC<br>Austin, TX 73301<br><br>512-460-2272 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service<br>RAIVS Team<br>Stop 37106<br>Fresno, CA 93888<br><br>559-456-5876 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service<br>RAIVS Team<br>Stop 6705 P-6<br>Kansas City, MO 64999<br><br>816-292-6102 |

## Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | Internal Revenue Service<br>RAIVS Team<br>P.O. Box 9941<br>Mail Stop 6734<br>Ogden, UT 84409<br><br>801-620-6922 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service<br>RAIVS Team<br>P.O. Box 145500<br>Stop 2800 F<br>Cincinnati, OH 45250<br><br>859-669-3592 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P. O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the address on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party—Business.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

***Individuals.*** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

***Corporations.*** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

***Partnerships.*** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

***All others.*** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

## AUTHORIZATION FOR RELEASE OF MEDICAL & BILLING INFORMATION

TO:     The physician, psychologist, hospital, medical provider, insurance company, private or third party payor, and/or their custodians of records:

_____   Medical Facility

_____   Address

This is authority for you to furnish to Eric Schwarz, Vice President, Rust Consulting/Omni Bankruptcy, 5955 Desoto Avenue, Suite 100, Woodland Hills, CA 91367, YVONNE K. PUIG, Fulbright & Jaworski L.L.P., 98 San Jacinto Blvd., Suite 1100, Austin, Texas, 78746, any of her legal associates, or anyone whom she may designate as her investigative agent, upon presentation of this authorization, all information, including but not limited to medical, billing and/or business records, concerning the past, present, or future physical, emotional and mental health condition of_____ ("Patient"), including full disclosure of all hospitalizations, treatments, medical records, reports, diagnostic studies, x-rays, histories, charts, and any other documentation, as well as information concerning costs and expenses incurred for treatment from January 1, 2007, to date. This authorization is further intended to specifically include disclosure of records pertaining to psychiatric, psychological, sexual abuse/assault, and/or drug or alcohol abuse treatment.

> **Formatted:** Font: Bold, Underline

The release of the matters listed above is being authorized for purposes of litigation. compliance with discovery in a lawsuit, that has been transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the District of Massachusetts as part of an MDL, styled IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION, No. No 1:13-md-2419 (FDS). In the Patient's individual lawsuit, the mental, physical, and/or emotional condition of the Patient has been placed in issue and is relevant to the claims and/or defenses of the litigants.

The undersigned understands that, with respect to this Authorization:

- the signing of this Authorization is strictly voluntary;
- treatment, enrollment, or eligibility for, or payment of, benefits may not be conditioned upon the signing of this authorization;
- the released information may not be subject to redisclosure by the recipient in conjunction with this litigation and may no longer be protected by federal or state privacy laws or regulations and may be redisclosed in conjunction with this litigation;
- the undersigned is entitled to examine and/or obtain a copy of the information described in this Authorization, for a reasonable copy fee, if requested from the covered entity receiving this Authorization; and
- the information released may consist of information regarding alcohol, drug abuse, psychiatric evaluation, HIV testing and results, or information about AIDS.

**This authorization explicitly excludes ex parte communications with the undersigned's healthcare providers.**

> **Formatted:** Font: Bold

This authorization is subject to revocation by the undersigned, if said revocation is in writing addressed to YVONNE K. PUIG, or her agent or representativethe above-named **Medical Facility**, at any time except to the extent that action has been taken in reliance on it, and if not earlier revoked, shall terminate at the conclusion of the undersigned's lawsuit. Cause No. No 1:13-md-2419 (FDS) in the United States District Court for the District of Massachusetts. Details regarding the rights of revocation and any exceptions may be found in the Notice of Privacy Practices. A photostatic copy of this Authorization is as valid and binding as an original executed by the undersigned. This authorization complies with 45 CFR 164 regarding the core elements of an authorization pursuant to HIPAA.

> **Formatted:** Font: Not Bold

The undersigned acknowledges that he/she is the individual whose protected health information is being released, or is a person authorized to act on that individual's behalf.

1

*I have read the above and authorize the disclosure of the protected health information as stated.*

_____     _____
[Signature of Patient or Representative]          [Date of Authorization]


_____
[Print Name of Patient or Representative]

<u>Last Four Digits of</u> Social Security Number of Patient  <u>XXX-XX—</u>_____

Date of Birth of Patient _____

If executed by a Representative, state the relationship of Representative to Patient:_____

_____     _____
[Witness Signature]                     [Date]

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419 Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO: All Actions | |

MDL ORDER No. __
**REGARDING INITIAL TRIAL SETTING AND PRETRIAL DEADLINES FOR THE SAINT THOMAS-RELATED DEFENDANTS**

This Order specifically relates only to the Trial Setting and Pretrial Deadlines for the Saint Thomas-Related Defendants.[1] Trial Setting and Pretrial Deadlines for additional MDL Defendants will be subject to a separate Case Management Order.

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court hereby sets the following deadlines related to pre-trial discovery and bellwether trials:

I. **Case Selection Process and Initial Discovery on Trial Candidate Case Picks**

A. The requirements of Fed. R. Civ. P. 16(b) and 26(f) have been satisfied. Fact discovery of common issues is open.

B. Defendants will serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) regarding Common Issues[2] within 30 days of entry of this Order.

---

[1] The "St. Thomas-Related Defendants, for purposes of this Order, include: Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic A Professional Corporation, John Culclasure, M.D., Debra Schamberg, R.N., Saint Thomas West Hospital Formerly Known As St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health Alliance, and Ascension Health.

[2] "Common Issues" for purposes of this Order means an issue that potentially impacts all or a substantial number of cases against a particular defendant. An example of a Common Issue would be the scope and amounts of defendants' insurance coverage available to satisfy claims made and a parent company's liability for a subsidiary company's conduct. "Case-Specific Issues" are issues that impact a single case or a small number of cases. An example of a Case-Specific Issue would be the amount of physical harm an individual patient suffered as a result of defendants' wrongdoing and statements made by Defendants to a particular plaintiff.

C.      Plaintiffs in every filed action naming one or more St. Thomas-Related Defendants will serve completed Plaintiff Profile Forms ("PPF") and medical authorizations within 60 days after a form PPF and medical authorizations are approved by the Court or the Magistrate Court.  In cases where a complaint naming one or more St. Thomas-Related Defendants is filed after the PPF and medical authorizations are approved by the Court or the Magistrate Court, any plaintiff not named in a prior pending suit must serve a completed PPF and medication authorizations within 60 days of filing

D.      Defendants will notify Plaintiffs of any claimed material deficiencies in the PPFs within 15 days after receipt of the completed PPF. Plaintiffs will have 30 days from notification to cure any claimed material defect of the PPF.

E.      No later than 30 days from the date of this Order, the Saint Thomas-Related Defendants will provide full and complete substantive responses to the Master Discovery served by the Plaintiffs on October 4, 2013.

F.      No later than 120 days after the PPF is approved by the Court or Magistrate Court, the Plaintiffs shall select four (4) cases and Defendants collectively shall select four (4) cases as candidates for initial trials ("Initial Trial Pool Cases"). Initial Trial Pool Case selections shall be exchanged in writing with opposing counsel.

G.      Only cases involving administration of NECC's methyl prednisolone acetate in which a Short Form Complaint was filed in the MDL on or before December 20, 2013 are eligible to be selected as Initial Trial Pool Cases by any party.

H.      After being selected into the Initial Trial Pool, the Parties shall be permitted to conduct Case-Specific fact discovery.  All Case-Specific fact discovery for Initial Trial Pool cases shall be completed by October 15, 2014.

I.      If any Initial Trial Pool Cases is settled or dismissed for any other reason, with or without prejudice, a replacement Initial Trial Pool Case shall be selected.

**II.      Common Issue Discovery and Common Dispositive Motions Deadlines**

A.      The Parties shall have until October 15, 2014, to complete all Common Issue fact discovery related to Initial Trial Pool cases.

B.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will testify on Common Issues related to Initial Trial Pool Cases by November 15, 2014. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

C.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose experts who will testify on Common Issues related to Initial Trial Pool cases by December 15, 2015. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

D.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose rebuttal experts who will testify on Common Issues related to Initial Trial Pool Cases by January 9, 2015. At least three proposed deposition dates for the rebuttal experts (if any) will be provided with the expert disclosure.

E.      Depositions of Common Issues experts will begin after rebuttal reports, if any, are served. The Parties will have until February 20, 2015, to complete all Common Issue Expert discovery for Initial Trial Pool cases.

**III.      Initial Trial Selections**

A.      By October 22, 2014, the Parties shall file submissions as to the order in which the eight (8) Initial Trial Pool Cases should be tried and/or remanded to the transferor courts. The Parties are directed to explain the case facts and characteristics supporting the proposed order in which the cases should be tried and/or remanded. The Court encourages the parties to agree regarding the order of the trial settings and/or remand.

B.      No later than November 5, 2014, the Court will select the order in which the Initial Trial Pool Cases will be tried and/or remanded and designate the first two cases to be tried and/or remanded (the "First Two Trial Case Picks").

C.      Within 10 days of the selection of the First Two Trial Case Picks, the parties will file a Notice of Position on Venue and Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), with the Court.

**IV.     First Two Trial Case Pick Deadlines**

A.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will testify as to Case-Specific Issues and any other issues not set forth in paragraph II ("Case-Specific Experts") for the First Two Trial Case Picks by December 5, 2014. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

B.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose Case-Specific Experts for the First Two Trial Case Picks by January 7, 2015. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

C.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will give rebuttal opinions as to Case-Specific issues for the First Two Trial Case Picks by January 28, 2015.  At least three proposed deposition dates for the experts will be provided with the expert disclosure.

D.      Depositions of Case-Specific Issues experts will begin after rebuttal reports, if any, are served.  The Parties shall have until March 10, 2015, to complete all Case-Specific fact and expert discovery as to the First Two Trial Case Picks.

E.      All motions in limine, motions to exclude or limit experts, and any dispositive motions, in the First Two Trial Case Picks, shall be filed by March 24, 2015.  Response shall be filed by than April 21, 2015.  Any replies shall be filed by April 30, 2015.

F.     The deadlines set forth in MDL Order No. ___ shall apply to Case-Specific dispositive motions [reference order with agreed/proposed deadlines form St. Thomas discussion].

G.     All other pre-trial deadlines for the First Two Trial Case Picks and the other Initial Trial Pool Cases will be set in a future order.

## V.   Trial Pick Process and Trial Date

A.     The first of the First Two Trial Case Picks Case shall be set for trial in the District of Massachusetts and/or remand for trial in May 2015. The second case shall tentatively be scheduled for trial and/or remand in June 2015. Given the potential efficiencies that might be gained, the Court will consider the possibility of presiding over cases in the appropriate venue outside of the District of Massachusetts if bellwether cases are remanded to another district for trial.

SO ORDERED:

_____
The Honorable F. Dennis Saylor IV
United States District Judge


Dated: _____, 2014

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

IN RE:  NEW ENGLAND COMPOUNDING
PHARMACY, INC. PRODUCTS LIABILITY
LITIGATION

MDL No. 1:13-md-02419

THIS DOCUMENT RELATES TO:

Hon. F. Dennis Saylor, IV

Plaintiff: _____

## PLAINTIFF'S PROFILE FORM

Plaintiff, through counsel, files the following Profile Form:

## I. CASE INFORMATION

1.   Name of person on whose behalf a claim is being made (first, middle name or initial, last), including maiden or other names used:

    a.   Were you (or the person identified above) administered the steroid methylprednisolone acetate?

       ☐ Yes ☐ No ☐ Do Not Know

    b.   Were you (or the person identified above) administered another NECC Product?

       ☐ Yes ☐ No ☐ Do Not Know

       If yes, please identify: _____

2.   Name of person signing this form, if different from above:

_____

    a.   Relationship of signer to party on behalf of whom claim is being made (such as spouse, parent, family member, adult child, guardian):

    b.   If the person completing this Fact Sheet is completing this questionnaire in a representative capacity (*e.g.*, on behalf of the estate of a deceased person or a minor) ("Representative"), please complete the following:

       1.   Representative's Social Security Number (***Last 4 digits ONLY***):

         XXX-XX-_____.

2.    Maiden or other names used or by which Representative has been known:

_____

Address:

_____

_____

3.    State which individual or estate the Representative is representing, and in what capacity the Representative is representing the individual or estate (guardian, administrator, executor, etc.)?

_____

4.    If appointed as a Representative by a court, please identify the court:

_____

Date of Appointment: _____

5.    What is the familial or other relationship between the Representative and the deceased or represented person, or person claimed to be injured?

_____

6.    If the Representative is representing a decedent's estate, please state the date of death, the address where the decedent died, and the cause of death and attach a copy of the death certificate if available:

_____

_____

3.    Please check the injuries you sustained as a result of exposure to the NECC Product(s):

☐ Death

☐ Fungal Meningitis

☐ Arachnoiditis (persistent nerve pain)

☐ Phlegmon (persistent nerve pain at base of spine)

☐ Osteomyelitis (infection in bone, including vertebral or diskitis)

☐ Sacroiliitis (pain at base of spine)

☐ Peripheral Joint Pain (at site of injection)

☐ Septic Arthritis

☐ Epidural Abscess

☐ Stroke or stroke like symptoms (Cerebral Vascular Accident)

☐ Lumbar Puncture (Spinal Tap), Subsequent Treatment

☐ Lumbar Puncture (Spinal Tap), No Subsequent Treatment

☐ Infection of any kind, describe if known: _____

☐ Injection only, no symptoms or treatment

☐ Other (describe): _____

    (Attach additional sheets if necessary to describe.)

Identify each address at which you have resided since January 1, 2009, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---------|--------------------|
|         |                    |
|         |                    |
|         |                    |
|         |                    |
|         |                    |

## II. EMPLOYMENT INFORMATION

4.    Are you making a claim for lost wages or lost earning capacity: ☐ Yes   ☐ No

If you answered "Yes," please provide:

The total amount of income you claim to have lost as a result of injuries you associate with your exposure to the NECC Product: _____ if ongoing, please so state.

Current employer and all prior employers, from 1/1/2008 to the present:

| Name | Address | Dates of Employment | Occupation/Job Title |
|------|---------|---------------------|----------------------|
|      |         |                     |                      |

## III. INSURANCE/DISABILITY

5.   Have you been awarded Social Security Disability benefits or long-term private insurance disability benefits? ☐ Yes ☐ No ☐ Don't Know. If yes, state the year of the award and the nature of the disability: _____

   a. Have you made a claim for Social Security Disability benefits or long-term private insurance disability benefits since January 1, 2009?   ☐ Yes ☐ No ☐ Don't Know.

   If you answer yes to question 5 or question 5(a), please fill out the insurance disability records release attached hereto.

6.   Have you received a worker's compensation award for permanent total or permanent partial disability? ☐ Yes ☐ No ☐ Don't Know. If you answered "Yes," to the best of your knowledge please state:

   Year claim was awarded: _____, Nature of the claim: _____

   a. Have you made a claim for worker's compensation benefits since January 1, 2009?

   If you answer yes to question 6 or question 6(a), please fill out the worker's compensation records release attached hereto.

7.   Did you have medical insurance for treatment rendered?

   [ ] Yes            [ ]   No

   a. If yes, please provide the following information for each insurance company. If more than one, please provide information for all:
   Name of Health Insurance: _____

   Policy No.: _____

   Name of Subscriber: _____

b.  If you have Medicare or Medicaid coverage, please state your ID
number: _____

c.  Has any insurance company asserted a lien on your recovery? [ ] Yes  [ ] No

If yes, please provide the name of the lienholder: _____

## IV. BACKGROUND AND FAMILY INFORMATION

8.  Identify the highest level of education (high school, college, university or other
educational institution) you have attended (even if not completed), the dates of
attendance and diplomas or degrees awarded:

| Institution | Dates Attended | Date of Graduation | Diplomas or Degrees |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

9.  As an adult, have you been convicted or plead guilty to a felony or a crime of fraud,
dishonesty, or moral turpitude in the past ten years? ☐ Yes ☐ No   If you answered
"Yes," describe where, when and the felony and/or crime. _____
_____
_____
_____

10. Are you married?  ☐ Yes ☐ No

List the name of your spouse; and the date of marriage:
_____
_____
_____

11. If applicable, for each of your children, list his/her name and age :

_____

_____

_____

_____

_____

12. Have you ever served in the military, including the military reserve or national guard?

☐ Yes  ☐ No

If you answered "Yes," answer the following question: Were you ever dishonorably discharged from military service?

☐ Yes  ☐ No

## V. MEDICAL INFORMATION

13. Date(s) you were administered or used an NECC Product:

_____

14. Hospital/clinic/physician's office where you were administered the NECC Product:

Name:_____

Full Address:

_____

_____

_____

15. Physician(s) who administered the NECC Product:

Name: _____

Full Address:

_____

_____

_____

16. What medical condition(s) did you have for which you were treated with the NECC Product (for example, osteoarthritis, back injury, etc.)?

_____

17. Identify your treating physician for the condition(s) in the preceding question if that physician is different from the one who administered the NECC Product:

Name: _____

Full Address: _____

_____

18.  Are you claiming mental and/or emotional damages as a consequence of exposure to the NECC Product?

□ Yes □ No  If you answered "Yes to #___," and if you received any type of medical care for such condition, list any provider (such as a primary care physician, psychiatrist, psychologist, counselor, or therapist) from whom you have sought treatment for any emotional condition, from 2012 until the present: _____

The condition(s) for which you were treated: _____

_____

_____

19.  If you are making a claim for emotional damages, and you received medical care prior to having received any NECC recalled product, state the condition and the medical provider(s): _____

_____

_____

_____

## VI.   MEDICAL BACKGROUND

20.  What is your height? _____; What is your weight ____

21.  Smoking/Tobacco Use History:  Do you currently use tobacco products? ___ Yes __No.
If yes, for how long: _____.

22.  Have you been diagnosed with HIV/AIDS, Lupus, Inflammatory Bowel Syndrome, Crohn's disease, and/or ulcerative colitisat any time from January 1, 2004 to the present? □ Yes □ No __ Don't know. If you answered "Yes," provide the following information:

| Condition | Date Diagnosed | Diagnosing Physician | |
|-----------|----------------|----------------------|--|
|           |                |                      |  |

| Condition | Date Diagnosed | Diagnosing Physician | |
|---|---|---|---|
| | | | |
| | | | |

23.    To the best of your knowledge, during the past five years, have you been diagnosed with:

|  |  | Yes | No | Don't Know |
|---|---|---|---|---|
| a. | Myocardial infarction (MI) or heart attack, | ____ | ____ | ____ |
| b. | Hypertension | ____ | ____ | ____ |
| c. | Stroke | ____ | ____ | ____ |
| d. | Diabetes | ____ | ____ | ____ |
| e. | Cirrhosis | ____ | ____ | ____ |
| f. | Congestive heart failure | ____ | ____ | ____ |
| g. | Hepatitis | ____ | ____ | ____ |
| h. | Chronic obstructive pulmonary disease (COPD) | ____ | ____ | ____ |
| i. | Arteriosclerosis | ____ | ____ | ____ |
| j. | Kidney Failure-Acute Renal Failure, ESRD | | | |

24.    Please list each hospitalization you have had since January 1, 2009 (if any):

| Date | Name of Hospital | Reason for Hospitalization |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## VII.    LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

25.   List the name and address of each of the following:

26.   To the best of your ability, identify each primary care physician as well as any doctor you have been treated by since January 1, 2009:

| Name | Address | Approximate Treatment Dates |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

27.   List each hospital, clinic, health care facility, or health care provider where you have received outpatient treatment (including treatment in an emergency room) since January 1, 2009:

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

28.   List each pharmacy that has dispensed medication to you since your exposure to the recalled product(s):

| Name | Address |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

## VII.    DOCUMENTS

Please produce any of the following documents and things that are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers.  Please attach all non-privileged documents and things to your responses to this Fact Sheet.

1.      If this Profile Form was completed by a Representative, any court paper that authorizes  the stated Representative to act on behalf of the person claiming injury.

2.      Death certificate, if applicable, as requested above.

## IX.    VERIFICATION

I declare that the information provided in this Plaintiff's Fact Sheet is true and correct to the best of my knowledge, information and belief, that I have supplied all the documents requested in this Plaintiff's Fact Sheet, as required above.

Signature:

_____

Print or Type Name:

_____

**AUTHORIZATION FOR RELEASE OF**
**EMPLOYMENT ~~AND UNEMPLOYMENT~~ RECORDS**
(~~Psychological Injury~~Lost Wages or Lost Earning Capacity Is Claimed)

TO: _____

Name

_____

Address

_____

City, State and Zip Code

    I _____ hereby authorize ~~all of my past and present~~the above-named employers to release to Yvonne K. Puig of Fulbright & Jaworski L.L.P., ~~or any of its legal associates or designated representative thereof,~~ copies of any and all of my personnel records including employment applications, job descriptions of all positions held, payroll/salary records, letters of commendation/discipline, performance evaluations, vacation use records, ~~workers' compensation files,~~ and any other records maintained in my personnel and human resources files concerning me from **January 1, 2007 - date**. My date of birth is _____.

> **Formatted:** Font: Bold

    This release does not authorize any past or present employer to divulge any information other than providing copies of existing written records.

    This authorization is subject to revocation by the undersigned, if the revocation is in writing addressed to ~~Yvonne K. Puig, or her agent or representative~~the above-named employer, at any time ~~except to the extent that action has already been taken in reliance on this authorization~~.

    You are authorized to release the above records to the following, who agree to pay reasonable charges made by you to supply copies of the requested records:

        Yvonne K. Puig
        Fulbright & Jaworski L.L.P.
        ~~Attorneys for Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health~~
        98 San Jacinto Blvd., Suite 1100
        Austin, Texas  78701

SIGNED on this the _____ day of _____, 20___ .

_____

XXX-XX-

_____  _____                    LAST FOUR

DIGITS OF **SOCIAL SECURITY NUMBER**

Formatted: Indent: Left:  2.5"

THE STATE OF _____ §
_____ §
COUNTY OF _____ §


_____ SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, this _____
day of _____, 201____.


_____
NOTARY PUBLIC

2

## AUTHORIZATION FOR RELEASE
## OF WORKERS' COMPENSATION ~~RECORDS~~AWARD

TO:

_____
Name

_____
Address

_____
City, State and Zip Code

    This document will authorize you to furnish a ~~copies~~ copy of any ~~and all~~ workers' compensation award or requests for permanent total or permanent partial disability benefits made since January 1, 2009~~records of any sort, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents,~~ concerning the following claimant _____ _____ whose date of birth is _____ and whose last four digits of social security number is   XXX-XX-_____.

    You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records:

               Yvonne K. Puig
               Fulbright & Jaworski L.L.P.
               ~~Attorneys for Saint Thomas West Hospital, formerly~~
               ~~known as St. Thomas Hospital, Saint Thomas Network, and~~
               ~~Saint Thomas Health~~
               98 San Jacinto Blvd., Suite 1100
               Austin, Texas 78701

    This authorization does not authorize you to disclose anything other than ~~documents and records the~~any worker's compensation award or requests for permanent total or permanent partial disability benefits made since January 1, 2009 to anyone.

    This authorization is not valid unless the record requestor named above has executed the acknowledgement at the bottom of this authorization.

    This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined award of worker's compensation after the date hereof. It is expressly understood by the undersigned and

you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____        _____
                                      Claimant/Personal Representative Signature


Date: _____        _____
                                      Witness Signature