# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

)
)
IN RE:   NEW ENGLAND          )     MDL No. 1:13-md-2419-FDS
COMPOUNDING PHARMACY, INC.  )
PRODUCTS LIABILITY LITIGATION  )
)
**This Document Relates To:**      )
)
    **All Actions**             )
)
_____)

## THIRD AMENDED PROTECTIVE ORDER OF CONFIDENTIALITY

This is an amended version of the Second Amended Stipulated Protective Order of Confidentiality, entered on January 15, 2014 (Docket # 784).  This Order is issued under Federal Rule of Civil Procedure Rule 26(c) to protect the confidentiality of non-public, confidential and sensitive information that may be disclosed in connection with the above-captioned coordinated proceedings (hereinafter the "Litigation").

This Order applies to all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of February 12, 2013, any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel, all related actions originally filed in this Court or transferred or removed to this Court, and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

Any party or person subject to this order, including, without limitation, the parties to the Litigation, their representatives, agents, experts and consultants, witnesses, non-parties who provide "Discovery Materials" as that term is defined in paragraph 1, below, and all other

interested persons with actual or constructive notice of this Order shall adhere to and abide by the following terms and conditions upon pain of contempt.

1.  This Order applies to all materials produced in this Litigation in response to document requests served under Rule 34 of the Federal Rules of Civil Procedure, answers to request for admissions served under Rule 36 of the Federal Rules of Civil Procedure, answers to interrogatories served under Rule 33 of the Federal Rules of Civil Procedure, documents produced in this Litigation pursuant to subpoenas served under Rule 45 of the Federal Rules of Civil Procedure, and transcripts (including exhibits) of depositions taken in this Litigation under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure; similar material produced in this Litigation pursuant to statutes, laws or rules of any other relevant jurisdiction; and materials produced informally in this Litigation by parties or non-parties to this Litigation (hereinafter "Discovery Material")

2.  Parties or persons producing Discovery Material, including non-parties to this litigation, ("producing party") may designate as "Confidential Discovery Material" information the producing party believes is entitled to protection pursuant to this Order. Subject to the right of a party to object to the designation of information as "Confidential Discovery Material," the following information shall be designated "Confidential Discovery Material":

     A.    Patient identifying information and healthcare information including but not limited to diagnosis, dates of treatment, treatment rendered and prescribed medication contained in any Discovery Material not otherwise authorized for disclosure pursuant to written authorization.  The producing party shall not be required to redact patient identifying information and healthcare information protected by this Order;

     B.    Trade secrets, or other confidential or proprietary research, development, manufacturing or commercial or business information;

C.     Proprietary licensing, distribution, marketing, design, development, research, testing and compounding information regarding products and compounds, whether previously or currently marketed or under development;

D      Non-public clinical studies and related documents and other information to the extent not otherwise published or previously released;

E.     Information concerning competitors;

F.     Compounding information;

G.     Personnel records and information;

H.     Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure;

I.     Personal information of a sensitive nature, including medical records, sensitive financial information and other information which justice requires to protect in order to prevent annoyance, embarrassment or oppression;

J.     Non-public sales and profits information; and

K.     Other information containing the indicia of confidential or proprietary data.

3.     A.     Confidential Discovery Material will be used only in the Litigation or the Chapter 11 proceeding of New England Compounding Pharmacy, Inc. (the "NECC Bankruptcy Proceedings"), including any appeals thereof. Confidential Discovery Material shall not be disclosed except in accordance with the terms of this Order.  Any person subject to this Order who receives from any other person any "Discovery Material" that is designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order, as set forth in paragraph 4 below, shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

B.     Prior to giving access to Confidential Discovery Material to any person

3

falling within subparagraphs 7.G., J., or K., counsel for the party or person intending to disclose such Confidential Discovery Material shall furnish a copy of this Order to the person being given access. Any person falling within subparagraphs 7.G, J., or K., being given access to Confidential Discovery Material shall execute a copy of this Protective Order in the space provided on Exhibit A. The counsel obtaining the signature on Exhibit A shall retain a signed copy during the pendency of the Litigation.

4.      A.      Confidential Discovery Material, shall be clearly marked with the designation: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter, "Confidentiality Designation").

B.      To the extent that Confidential Discovery Material consists of physical items or materials other than documents or writings, said Confidential Discovery Material shall, to the fullest extent practicable, conspicuously bear the Confidentiality Designation such that said language is readily observable and linked to the item.

C.      To the extent that matter existing, stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any party in such form, the producing party or person may designate such matters as confidential by cover letter referring generally to such matter. The producing party or person may take such measures as are reasonably necessary to ensure that said data bears the Confidentiality Designation, or is otherwise identified as Confidential

Discovery Material (*i.e.* by way of legend of transfer media, electronic watermark, or other similar means).

D.      Confidentiality Designations shall be affixed in such a manner as to not obliterate or obscure any written matter or interfere with the reading or validation of any electronic files.

E.      To the extent possible, no original documents may be altered with a Confidentiality Designation. Only copies of original documents may be marked with a Confidentiality Designation. If an original document is to be produced, the producing party must give written notice at the time of its production that the document is an original. If the producing party asserts confidentiality over the original document, that must be done at the time of production in a written statement accompanying the document.

F.      In the case of deposition testimony, confidentiality designations shall be made within 30 days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s).  Until the expiration of such 30-day period, the entire text of the deposition, including all testimony therein and exhibits thereto (except for exhibits that were previously produced without being marked confidential), shall be treated as confidential under this Order.  After the expiration of the 30-day period, only the specific page(s) and line number(s) and exhibits designated as being confidential, if any, shall be treated as confidential.

5.      In the event that any question is asked at a deposition which a party or nonparty asserts calls for confidential information, such question may nonetheless be answered by the

witness fully and completely, to the extent required by law. Counsel for the witness or counsel

for any party believing that the testimony is entitled to protection pursuant to this Order, shall,

either at the conclusion of the deposition or within 30 days after receipt of the transcript thereof,

notify all counsel on the record or in writing, that the information provided in such testimony is

confidential.

6.      A.      Confidential Discovery Material shall be used solely for the purposes of

prosecuting or defending civil claims in this Litigation or for purposes of administering the

NECC Bankruptcy Proceedings, including but not limited to development and approval of a

Chapter 11 plan, and for no other purpose without prior written approval from the Court, the

United States Bankruptcy Court for the District of Massachusetts before which the NECC

Bankruptcy  Proceeding is pending (the "Bankruptcy Court"), or the prior written consent of the

producing party or person.

B.      All parties or persons receiving or given access to Confidential Discovery

Material in accordance with the terms of this Order consent to the continuing jurisdiction of the

Court and Bankruptcy Court for the purposes of enforcing this Order and remedying any

violations thereof.  Such jurisdiction shall continue after the conclusion of the Litigation.

7.      Confidential Discovery Material shall not be disclosed except as specifically

described below:

A.      The Court and Bankruptcy Court, including court personnel, jurors,

mediators, special masters and alternate jurors, may receive Confidential Discovery Material.

B.      Any appellate courts hearing appeals arising out of the Litigation or the

NECC Bankruptcy Proceedings may receive Confidential Discovery Material.

        C.      With respect to actions transferred to this Court pursuant to order of the Judicial Panel on Multidistrict Litigation and subsequently remanded, the original transferor court, including court personnel, jurors, mediators, special masters and alternate jurors, may receive Confidential Discovery Material.

        D.      With respect to Confidential Discovery Material produced by plaintiffs,

        i.      the Chapter 11 Trustee appointed in the NECC Bankruptcy Proceedings (the "Trustee"), including counsel for the Trustee, may receive Confidential Discovery Material;

        ii.      the members of the Official Unsecured Creditors' Committee appointed in the NECC Bankruptcy Proceedings ("OCC"), including counsel for the OCC, and counsel for OCC members, may receive Confidential Discovery Material;

        iii.      any legal counsel working on behalf of any plaintiff or defendant may receive Confidential Discovery Material; and

        iv.      any and all paralegals, clerical, secretarial, and other staff employed or retained by anyone described in Paragraphs 7.D.i-iii above may receive Confidential Discovery Material.

        E.      With respect to Confidential Discovery Material produced by any defendant or any third party pursuant to subpoena,

        i.      attorneys on the Plaintiffs' Steering Committee in this Litigation may receive Confidential Discovery Material;

     ii.  the Trustee and counsel for the Trustee may receive Confidential

Discovery Material;

     iii.   the OCC and Counsel for the OCC and OCC members may

receive Confidential Discovery Material;

     iv.  any legal counsel working on behalf of any plaintiff or defendant

may receive Confidential Discovery Material; and

     v.  any and all paralegals, clerical, secretarial, and other staff

employed or retained by anyone described in Paragraphs 7.E.i-iv above may receive Confidential

Discovery Material.

    F.  Court reporters (including persons operating video recording equipment at

depositions) and persons preparing transcripts of testimony to the extent necessary to prepare

such transcripts, may receive Confidential Discovery Material.

    G.  Retained experts, advisors, and consultants, including persons directly

employed by such experts, advisors and consultants, (collectively "experts/consultants"), may

receive Confidential Discovery Material, but only to the extent necessary to perform their work

in connection with this Litigation or the NECC Bankruptcy Proceedings.  Before any

Confidential Discovery Material may be disclosed or otherwise provided, directly or indirectly,

to an Expert/Consultant such person must execute and agree to the terms of the Endorsement of

Stipulated Protective Order of Confidentiality attached hereto at Exhibit A, and shall:

     i.  maintain such Confidential Discovery Material in a manner
        calculated to prevent its public disclosure;

     ii.  destroy or return such Confidential Discovery Material to counsel
        for the Party that retained such Expert/Consultant within 90 days

of the conclusion of the Expert/Consultant's assignment or retention, but in no event shall the Expert/Consultant retain documents beyond the period set out in Para 18 below;

iii.     not disclose such Confidential Discovery Material to anyone, or use such Confidential Discovery Material, except as permitted by this Order; and

iv.     submit to the jurisdiction of this Court and the Bankruptcy Court for purposes of enforcing this Order.

H.     As to any document, its author, its addressee, or any other person indicated on the face of the document as having received a copy of same at any time may receive Confidential Discovery Material.

I.     Such persons as the producing party shall consent to in writing before the proposed disclosure may receive Confidential Discovery Material.

J.     Any person whose testimony has been noticed or subpoenaed, or who has been designated as a witness at a deposition or at trial in this Litigation may receive Confidential Discovery Material. Confidential Discovery Material may be disclosed to such persons before, during, or after their testimony, so long as the disclosure is made in good faith and prior to the disclosure, the witness has expressly agreed to abide by the terms of this Order as set forth in paragraph 3.A, or has been shown a copy of this Order, made aware of its terms, conditions, and applicability, and advised that the witness is bound thereby.

K.     The parties may view Confidential Discovery Material so long as prior to the disclosure the individual wishing to view the material has agreed to abide by the terms of this Protective Order as set forth in paragraph 3.A.

L.     Liability insurers for the parties, may view Confidential Discovery

Material so long as prior to the disclosure, the individual wishing to view the material has agreed to abide by the terms of this Order as set forth in paragraph 3.A.

        M.     Such other persons or authorities as the Court or Bankruptcy Court orders or directs may receive Confidential Discovery Material.

        8.     All outside counsel, in-house counsel, in-house paralegals and the employees and assistants of all counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in accordance with the terms of this Order.

        9.     Disclosure of Confidential Discovery Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court or Bankruptcy Court may deem appropriate.  The Court may, in its discretion, refer any such matters to Bankruptcy Court for disposition or withdraw the reference of such matter from the Bankruptcy Court.

        10.    A.     In the event that the producing party inadvertently fails to designate Discovery Material as confidential, it may at any time, make a Confidentiality Designation subsequently by notifying all parties or persons to whom such Discovery Material was produced, in writing, as soon as practicable. After receipt of such notification, the parties or persons to whom the production has been made shall treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with this paragraph. Upon written agreement or order of the Court or Bankruptcy Court that Discovery Material shall

be treated as confidential, the producing party or person shall re-produce the Discovery Material with a new bates number, and with a Confidentiality Designation.

B.     If at any time a party wishes for any reason to dispute a Confidentiality Designation, such party shall notify the designating party of such dispute in writing, specifying the Discovery Material in dispute and the nature of the dispute. If the parties are unable amicably to resolve the dispute, the disputing party may apply by motion to the Court or Bankruptcy Court for a ruling as to whether the designated Discovery Material may properly be treated as confidential. The Court may, in its discretion, refer any such matters to Bankruptcy Court for disposition or withdraw the reference of such matter from the Bankruptcy Court.

The designating party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

C.     All Discovery Material designated as confidential under this Order, whether or not such designation is in dispute pursuant to subparagraph 10.A above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

i.     the producing party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

ii.     this Court or Bankruptcy Court enters an Order that the matter shall not be entitled to confidential status and that Order is not subject to an appellate stay within 20 days after it is issued.

D.     In the event that Discovery Material marked as confidential loses its confidential status, that Discovery Material shall not be treated as confidential.  Upon request,

the producing party shall re-produce the Discovery Material with a new bates number, and without a Confidentiality Designation.

11.     Any non-party may subscribe to and invoke the terms and protections of this Order by designating Discovery Materials that the non-party is producing (whether written documents, deposition testimony, or other) as set forth in paragraph 4.

12.     Any party reasonably and in good faith wishing to file any material previously designated by any party as Confidential Discovery Material ("submitting party"), shall contemporaneously file a Motion to Seal such Confidential Discovery Material using the following procedures:

(a)     The submitting party shall fully comply with the requirements of Local Rule 7.1 and certify that it has conferred and attempted in good faith to resolve or narrow the issues on the Motion to Seal with the parties that have designated the Confidential Discovery Material ("designating parties").  Prior to such conference, the submitting party shall identify to the designating parties all papers to be filed that are designated as containing Confidential Discovery Material.  During such conference, or within three days thereof, the designating parties shall identify the specific text or content of each paper to be filed that the designating parties believe, in good faith, to constitute Confidential Discovery Material.  The submitting party may then only file versions or copies of such papers that have been sufficiently redacted to entirely remove or obscure all of the specific text or content identified by the designating parties as constituting Confidential Discovery Material.   If the designating parties have not made such

identification within the three day period, the submitting parties shall only file copies or versions of the papers that entirely redact or obscure all text and content.

(b)     Upon the filing of the redacted paper, the submitting party shall file the Motion to Seal and a supporting Declaration (1) identifying the submitting party, (2) referencing this Order, (3) describing the general nature and purpose for submitting the paper (*i.e.*, exhibit to declaration in support of motion, etc.), (4) identifying the designating parties, and (5) whether the designating parties have identified the specific text or content constituting Confidential Discovery Material.

(c)     Promptly after the filing, the submitting party shall deliver to the Court complete, unredacted versions or copies of such papers in a sealed envelope, addressed to chambers, and clearly marked, "FILED UNDER SEAL."  Such unredacted papers shall be accompanied by a copy of the Declaration supporting the Motion to Seal.

(d)     Any party shall have the opportunity to submit papers supporting or opposing the Motion to Seal. The papers supporting or opposing the Motion to Seal shall fully comply with applicable rules and orders and shall be served and filed in redacted form complying with subparagraphs (a) through (c) above.  If the redacted paper is filed in connection with a motion or proceeding for which a responding period is provided by applicable rule or order, the papers supporting or opposing the Motion to Seal shall be filed within that time period, or any extension thereof.  If no responding time period is otherwise provided, papers supporting or opposing the Motion to Seal shall be served and filed within 7 days of the filing of the redacted paper.  No additional papers may be filed in connection with the Motion to Seal

13

except upon leave of Court. Confidential Discovery Material may not be filed with, or as any part of, an emergency paper or application, unless such emergency paper or application provides sufficient notice to designating parties for full compliance with the requirements of this Order. Nothing in this paragraph shall change the deadline for the responding party to file any opposition or response to the underlying pleading filed with the Motion to Seal.

(e)     All unredacted papers containing Confidential Discovery Material submitted to the Court pursuant to this Order shall be presumptively sealed and kept under seal unless and until otherwise ordered by this Court.

(f)     The decision or Order of this Court with respect to the Motion to Seal shall not affect any designation of Confidential Discovery Material or application of any other provision of this Order, unless the Court orders the Confidential Discovery Material to be un-designated as such.

(g)      If the Court orders that papers containing Confidential Discovery Material  be sealed, the material shall remain under seal until further order of the Court. However, said Confidential Discovery Material and other papers filed under seal shall be available to the Court and to all other persons entitled to receive the Confidential Discovery Material under the terms of this Order.  Nothing contained herein shall prejudice the right of any party from subsequently challenging the propriety of any sealing upon a showing of good cause.

13.     A.      Nothing in this Order shall prevent or restrict counsel for any party or person in any way from inspecting, reviewing, using or disclosing any Discovery Material

14

produced or provided by that party or person, including Discovery Material designated as confidential.

       B.     No disclosure pursuant to this paragraph shall waive any rights, privileges or protection of any party granted by this Order.

    14.    This Order shall not:

       A.     enlarge or otherwise affect the proper scope of discovery;

       B.     restrict a party's right to object to a specific Discovery Request;

       C.     be read to imply that Discovery Material designated as confidential under the terms of this Order is properly discoverable, relevant or admissible in this or any other litigation.

    14.1    Nothing in this Order is intended to waive or affect the applicability of any privilege, work-product protection, or other protection provided by law.  The parties may redact or withhold privileged or protected items, provided that they produce a privilege log or similar accounting of such items in accordance with Fed. R. Civ. P. 26(b)(5), the Local Rules of the United States District Court for the District of Massachusetts, and any relevant order of the Court..

    15.    The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.  Any party who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to trial, serve upon counsel for the designating party a written notice stating with particularity such request and the grounds

therefore. If agreement cannot be reached promptly, the party seeking the additional or different

protection may apply by motion to the Court for a ruling as to whether the disputed material

shall be afforded the additional or different protection.

16.     All counsel of record in this Litigation shall make a good faith effort to comply

with the provisions of this Order and to ensure that their clients do so. In the event of a change in

counsel, outgoing counsel shall fully instruct new counsel of their responsibilities under this

Order.

17.     The terms of this Order shall survive and remain in effect after the termination of

this Litigation. The parties shall take such measures as are necessary and appropriate to prevent

the public disclosure of Confidential Discovery Material, through inadvertence or otherwise,

after the conclusion of this Litigation.

18.     Within 30 days of the termination of both this Litigation and NECC  Bankruptcy

Proceedings, including all remands and appeals, the parties shall return to counsel for the

producing party the Confidential Discovery Material produced by that producing party including

all copies thereof.  Alternatively, the parties may agree upon appropriate methods of destroying

Confidential Discovery Material.  However, Confidential Discovery Material that is maintained

by counsel as an exhibit to a document that had been filed with the Court and/or Bankruptcy

Court is not subject to this paragraph.  Whether the Confidential Discovery Material is returned

or destroyed, the receiving party must submit a written certification to the producing party (and,

if not the same person or entity, to the designating party) within 30 days that identifies (by

category, where appropriate) all Confidential Discovery Material that was returned or destroyed

and that affirms that the receiving party has not retained any copies, abstracts, compilations,

summaries or other forms of reproducing or capturing any of the Confidential Discovery

Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. However, except as otherwise attached to pleadings or depositions obtained pursuant to this paragraph, copies of Confidential Discovery Material shall not be retained.

19.     If Confidential Discovery Material in the possession of a receiving party is subpoenaed by any court, administrative or legislative body or authority, or any other person or organization purporting to have authority to subpoena information, other than this Court or the Bankruptcy Court, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing of:  (1) the information and documentation sought by subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.  Said notification shall be made to counsel for the producing party or person no later than 5 days from the date upon which the subpoenaed party first received notice of the subpoena.  No Confidential Discovery Material may be disclosed, if within 7 days of receipt by the producing party or person of notice of the subpoena, such producing party or person intervenes and objects to the

disclosure.

20.     Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, joint interest communication privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party or person shall promptly notify the receiving party in writing of such inadvertent production.  If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or person, or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court.  The party returning such material may move the Court or Bankruptcy Court for an order compelling production of the material.

21.     This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial.  Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern use of such Confidential Discovery Material at a hearing or trial.

21.1     Nothing in this Order is intended to waive or affect any rights provided by Tennessee Code Annotated 29-26-121 or any similar state law.  For good cause shown, the Court may issue separate and/or supplemental protective orders applicable only to cases arising in a

particular state jurisdiction.

22.     This Order shall not prevent persons bound hereby from making use of information or materials without the restrictions of this Order if the information or materials (a) are already lawfully in the public domain or are otherwise lawfully available to the public; (b) were produced in this or in any related state or federal court litigation or administrative proceeding in which such information was not designated as "confidential" or "proprietary" or subject to a protective order or court order as "confidential" or "proprietary" otherwise subject to confidential or proprietary treatment; or (c) where there has been a final determination from any Court (including any appeal from a ruling or order) that the Discovery Material is not confidential.

23.     Nothing in this Order is intended to prevent any party or other person subject to the order from seeking relief from the order, or a modification of its terms, in a particular matter should the circumstances so require.  Any party may attempt to seek relief from this Order by filing a motion with the Court or Bankruptcy court.  The Court may in its discretion refer any such matters to Bankruptcy Court for disposition or withdraw the reference of such matter from the Bankruptcy Court.

24.     Decisions made by this Court related to Confidential Discovery Material, shall be enforceable in the Bankruptcy Court, and *vice versa*, unless good cause is shown to not allow the enforcement.

25.     This Protective Order and any counterpart to this Order entered by the Bankruptcy Court shall be read *in pari materia*.

**So Ordered.**

 /s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  January 27, 2014

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ) | |
| ) | |
| **IN RE:   NEW ENGLAND** ) | **MDL No. 1:13-md-2419-FDS** |
| **COMPOUNDING PHARMACY, INC.** ) | |
| **PRODUCTS LIABILITY LITIGATION** ) | |
| ) | |
| **This Document Relates To:** ) | |
| ) | |
| **All Actions** ) | |
| ) | |
| ) | |

**ENDORSEMENT OF THIRD AMENDED**
**PROTECTIVE ORDER OF CONFIDENTIALITY**

I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Third Amended Order of Confidentiality dated January 27, 2014 (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Endorsement, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the

21

confidentiality of such Confidential Discovery Material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, District of Massachusetts, for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.


Dated: _____       Signed: _____