UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)  MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>) |

**OMNIBUS REPLY OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN FURTHER SUPPORT OF THE TRUSTEE'S RENEWED AND SUPPLEMENTAL MOTION TO TRANSFER ADDITIONAL PERSONAL INJURY TORT AND WRONGFUL DEATH CASES TO THIS COURT PURSUANT TO 28 U.S.C. §§ 1334 AND 157(b)(5) AND OPPOSITION TO THE ROANOKE GENTRY LOCKE PLAINTIFFS' RENEWED MOTION FOR MANDATORY OR PERMISSIVE ABSTENTION UNDER 28 U.S.C. § 1334**

On December 27, 2013, Paul D. Moore, the Chapter 11 Trustee for the bankruptcy Estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), filed a renewed and supplemental motion (the "Renewed Motion to Transfer")[1] to transfer to this Court, pursuant to 28 U.S.C. §§ 1334 and 157(b)(5), certain personal injury and wrongful death cases pending in Virginia state court in which the defendant, Insight Health Corp. ("Insight"), recently asserted claims for indemnity and contribution against NECC.  The Official Committee of Unsecured Creditors of NECC (the "Official Committee") filed a joinder supporting the Renewed Motion for Transfer.[2]  Several parties (collectively, the "Objectors") have opposed the Renewed Motion

---

[1]    Unless otherwise set forth herein, capitalized terms shall have the meanings ascribed to them in the Renewed Motion to Transfer.

[2]    The Official Committee's joinder supporting the Renewed Motion for Transfer was filed on January 6, 2014 [Dkt. No. 743].

to Transfer.[3]   In addition, the so-called "Roanoke Gentry Locke Plaintiffs" have filed a renewed

motion for mandatory or permissive abstention under 28 U.S.C. § 1334 [Dkt. No. 763] (the

"Renewed Motion to Abstain").   The Trustee and the Official Committee hereby set forth their

joint reply in support of the Renewed Motion to Transfer and their opposition to the Renewed

Motion to Abstain.

## INTRODUCTION

The deadline for filing proofs of claim against NECC was January 15, 2014 (the "Bar

Date").  Insight filed its proof of claim against NECC in NECC's Chapter 11 case (the "Insight

Proof of Claim") on Friday, December 20, 2013.  The Trustee filed the Renewed Motion to

Transfer shortly thereafter, on December 27, 2013.  Since the filing of the Renewed Motion to

Transfer, all of the Objectors have filed proofs of claim against NECC in NECC's Chapter 11

case.  *See* Declaration of Rommel Mapa, attached hereto as Exhibit A.

As set forth in the Trustee's original memorandum, the Insight Proof of Claim provides a

basis for the exercise of "related to" jurisdiction over the State Court Actions This Court has

---

[3]     *See* Roanoke Gentry Locke Plaintiffs' Memorandum of Law in Opposition to Trustee's
Renewed Motion to Transfer and in Support of Renewed Motion for Abstention (D.I.
764); Roanoke Frith & Ellerman Plaintiffs' Memorandum of Law in Opposition to
Trustee's Renewed Motion to Transfer (D.I. 766); Memorandum of Law by Roanoke-
Area Lichtensteinfishwick and Brown & Jennings Intervenors in Opposition to the
Chapter 11 Trustee's Renewed and Supplemental Motion, Under 28 U.S.C. §§
157(b)(5) and 1334, to Transfer Personal Injury Tort and Wrongful Death Cases to this
Court (D.I. 792).   The Plaintiffs' Steering Committee filed the Plaintiffs' Steering
Committee's Response to the Chapter 11 Trustee's Renewed Motion to Transfer (D.I.
789),which supports the Renewed Motion to Transfer, except as to one state court action
(the "Wingate Action").   The Plaintiffs' Steering Committee urges this Court to abstain
from exercising jurisdiction over the Wingate Action pursuant to both 28 U.S.C. §§
1334(c)(1) (discretionary abstention) and 1334 (c)(2) (mandatory abstention).

already ruled that mandatory abstention is inapplicable.  As the Trustee has demonstrated, this Court should not exercise discretionary abstention.

Moreover, as set forth further below, the Objectors' recently-filed proofs of claim against NECC in the bankruptcy court now provide an additional, independent basis for the exercise of "related to" jurisdiction and for a decision not to exercise discretionary abstention.

This Court should therefore transfer the State Court Actions.

## ARGUMENT

## I.    This Court has Jurisdiction Over the State Court Actions Pursuant to 28 U.S.C. § 1334.

### A.    The Insight Proof of Claim

In its Transfer Opinion, this Court stated that a claim against NECC's estate for indemnity and contribution "would probably permit the exercise of federal jurisdiction over the underlying matter." *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, 496 B.R. 256, 270 (D. Mass. 2013).  The Insight Proof of Claim, which seeks indemnity or contribution in an amount which may allegedly exceed $100 million, provides the basis for subject matter jurisdiction.  In their memoranda, the Objectors have re-stated many of the arguments they asserted in opposition to the Original Motion to Transfer.  In addition, some of the Objectors argue that the assertion of a "proof of claim"[4] for indemnity or contribution is an insufficient basis for jurisdiction.  *See* Roanoke Gentry Locke Plaintiffs' Memorandum at 9-10.  However, courts have rejected that argument.  *See Siskin Steel & Supply Co. v. Highland North LLC*, Case No. 3:12-CV-105, 2013 U.S. Dist. LEXIS 270 (W.D. Pa. Jan. 2, 2013); *In re Salem Mills, Inc.*,

---

[4]    Due to the automatic stay set forth in 11 U.S.C. § 362, a party may not commence  or continue a civil action against NECC.  To assert a claim, a party must file a proof of claim.

148 B.R. 505 (Bankr. N.D. Ill. 1992).  More importantly, as noted by the Plaintiffs' Steering Committee:

> [T]he Insight claim is *no ordinary proof of claim*; it seeks *potentially massive recovery* in circumstances of a highly limited fund.  In these truly unique circumstances, *the Insight claim can theoretically have an overwhelming effect on the claims of all victims nationwide.*  Jurisdiction should be asserted.

Plaintiffs' Steering Committee's Response to the Chapter 11 Trustee's Renewed Motion to Transfer at 8-9 (emphasis added); *see also In re Dow Corning Corp.*, 86 F.3d 482, 494 (6th Cir. 1996) ("[T]here is a qualitative difference between the single suit involved in *Pacor* and the overwhelming number of cases asserted against Dow Corning and the non-debtor defendants in this case.  A single possible claim for indemnification or contribution simply does not represent the same kind of threat to a debtor's reorganization plan as that posed by the thousands of potential indemnification claims at issue here.").

The Roanoke Gentry Locke Plaintiffs argue that Insight's claim for contribution cannot form the basis for jurisdiction because, under Virginia law: (a) a party may not pursue contribution where that party has been found liable for negligence or for an intentional tort; and (b) Insight's contribution claim is inchoate (*i.e.*, Insight cannot pursue a claim until the underlying claim is paid in full).  Roanoke Gentry Locke Plaintiffs' Memorandum at 8-9.  However, the Objectors seek recovery under a theory of negligence *per se* pursuant to Virginia Code § 8.01-221 (providing that a person harmed by violation of a statute may recover for such harm) and Virginia Code §§ 54.1-3400 *et seq*. (Virginia's Drug Control Act).  Proof of actual negligence is not necessary.  Virginia Code § 8.01-221.  Moreover, Virginia Code § 8.01-281 provides that "it shall be no defense thereto that the party asserting such claim, counterclaim,

cross-claim, or third party-claim has made not payment or otherwise discharged any claim as to him arising out of the transaction or occurrence."

The Roanoke Gentry Locke Plaintiffs also argue that Insight's claims will be subject to disallowance or subordination under the Bankruptcy Code and that the Insight Proof of Claim will, therefore, have no effect on NECC's bankruptcy estate.  As set forth in the letter from counsel to the Trustee to Counsel for the Roanoke Gentry Locke Plaintiffs (Exhibit 3 to the Roanoke Gentry Locke Plaintiffs' Memorandum), the issues of disallowance, subordination and equitable subordination implicate several sections of the Bankruptcy Code, and it is premature to determine the applicability of those sections to the Insight Proof of Claim, much less to speculate as to how the Bankruptcy Court may rule on any such objections.  Until such time as the Insight Proof of Claim is disallowed in whole or in part – and, of course, any disallowance litigation would adversely impact the estate by diverting and expending estate assets for use by the Trustee in that litigation – it stands as a massive claim on the limited funds likely to be available to NECC's creditors.  As such, having elected to pursue claims in the bankruptcy court, the Objectors are in no position to argue that the bankruptcy court should not determine the relative rights of all creditors of NECC.  Indeed, as the Plaintiffs' Steering Committee notes, the possibility of equitable subordination weighs in favor of the exercise of jurisdiction.  Plaintiffs' Steering Committee Memorandum at 14.  The interests of NECC's creditor body will be far better served if whatever amounts prove available for recovery are equitably distributed in NECC's case to all creditors holding allowed claims rather than paid to one or more claimants who succeed in a rush to the courthouse.

In any event, Objectors' arguments as to the impact and effect of the Insight Proof of Claim have been rendered irrelevant since their own recently filed proofs of claim against NECC

in the bankruptcy court provide this Court with an independent and unequivocal basis for subject matter jurisdiction over the State Court Actions.

### B.  The Objectors' Proofs of Claim

The Objectors' proofs of claim (in which the Objectors seek recovery in the bankruptcy court of the same damages asserted in the State Court Actions) provide an additional basis for jurisdiction.  *See  TD Bank, N.A. v. Sewall*, 419 B.R. 103 (Bankr. D. Me. 2009).  In *TD Bank*, the bank made loans to M.W. Sewall & Co. (the "Debtor").   Several individuals (the "Guarantors") guaranteed the Debtor's obligations.   The Debtor filed for relief under chapter 11 of the Bankruptcy Code.  TD Bank filed a secured proof of claim.  The bank also filed an action in federal district against the Guarantors to enforce the guarantees.

The Guarantors sought to transfer the civil action to the bankruptcy court.  The Guarantors argued that the bankruptcy court had "related to" jurisdiction since the Guarantors would have a claim against the Debtor for indemnity or subrogation in the event the Bank obtained a judgment against the Guarantors.  The Bank noted that the Guarantors had waived any right of indemnity or subrogation.  Further, at an evidentiary hearing, the Guarantors failed to introduce any indemnification agreement into evidence.

The *TD Bank* court was not persuaded that these purported indemnification claims provided a basis for jurisdiction.  However, since the Bank's recovery against the Guarantors would affect the Bank's claim against the Debtor, the court found that there was "related to" jurisdiction and transferred the civil action to the bankruptcy court.  Relying on the decision in *Pacor v. Higgins*, 743 F.2d 984 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995), the *TD Bank* court held that:

> [T]he creditor's lawsuit against the individual guarantors is "related to" the debtor's bankruptcy because, if successful, the

> lawsuit could reduce or eliminate the creditor's existing claim in the bankruptcy case and thus increase the amount of money available to other creditors participating in the bankruptcy. . .

*TD Bank*, 419 B.R. at 103-104.[5]

In the Transfer Opinion, this Court noted that under *Pacor*, jurisdiction exists "when recovery under an action by a creditor against a third party could reduce the amount that the creditor can claim from the estate directly." *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, 496 B.R. at 267 n. 3 (citing *TD Bank, N.A. v. Sewall*, *supra*; *In re Baptist Foundation of Arizona*, 2000 WL 35575676, at \*1 (D. Ariz. June 30, 2000)) (holding that "related to" jurisdiction exists over creditor's civil action against third party where recovery under that claim might reduce creditor's claim in bankruptcy proceeding); *In re Curran*, 157 B.R. 500 (Bankr. D. Mass. 1993) (same). At that time, this Court noted that "[n]one of the cases that the trustee seeks to have transferred to this Court present that situation." *Id.* at 267 n. 3. However, since the Transfer Opinion, the Objectors have filed their proofs of claim.[6]

In sum, in both their proofs of claim and the State Court Actions against Insight, the Objectors seek to recover damages for the same injuries. The plaintiffs' success in their civil actions against Insight will necessarily affect NECC's liabilities. The outcome of those actions

---

[5]     The *TD Bank* court noted that:

> *Pacor* stated plainly, however, that "even in the absence of an explicit indemnification agreement, an action by a creditor against a guarantor of a debtor's obligations will necessarily affect that creditor's status vis-à-vis other creditors, and administration of the estate therefore depends upon the outcome of that litigation." That, according to *Pacor*, would support "related to" jurisdiction. That description fits this case exactly.

> *TD Bank,* 419 B.R. at 109 (quoting *Pacor*, 743 F.2d at 996).

[6]     Notably, in their memoranda, all of the Objectors urge this Court to continue to adopt the court's reasoning in *Pacor*.

"could conceivably have [a]n effect the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994. Accordingly, the Objectors' proofs of claim provide an independent basis for jurisdiction under 28 U.S.C. § 1334. *See In re Boston Reg'l Med. Ctr.*, 410 F.3d 100, 105 (1st Cir. 2005); *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991).

## II.     The Mandatory Abstention Provisions of 28 U.S.C. § 1334(c)(2) Do Not Apply to the State Court Actions.

Section 1334(c)(2) states as follows:

> Upon timely motion of a party based upon a State Law claim or State Law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). 28 U.S.C. § 157(b)(4) carves out from these mandatory abstention provisions "[n]on-core proceedings under section 157(b)(2)(B)." Section 157(b)(2)(B), in turn, characterizes as "non-core" "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 57(b)(2)(B).

Following the decisions of other district courts, this Court held that claims for indemnity or contribution arising from personal injury or wrongful death claims are within the scope of Section 157(b)(2)(B). Transfer Opinion at 22-23. This Court explained:

> The phrase "personal injury tort or wrongful death claims against the estate," as used in § 157(b)(2)(B), can fairly be read to encompass not only personal injury and wrongful death claims, but also claims for contribution or indemnity that derive from personal injury or wrongful death claims. Contribution or indemnity claims are simply procedural vehicles for asserting liability against the estate for some underlying harm. If the underlying harm giving

8

rise to the estate's potential liability involves personal injury or
wrongful death, the claim against a third-party concerning that
harm is, in substance, a "personal injury tort or wrongful death
claim against the estate" and therefore covered by the exception in
§ 157(b)(2)(B).  this reading is more congruent with Congress's
motivation in crafting the exception to mandatory abstention.  A
narrower reading would create a potentially gaping loophole in the
carefully crafted system for the orderly administration of
bankruptcy estates.  *Section 157(b)(2)(B), therefore, provides an
exception from mandatory abstention for personal injury and
wrongful death claims against non-debtor third-parties for
contribution or indemnification.*

*Id*. at 22-23 (emphasis added).

The Gentry Locke Plaintiffs and the Plaintiffs' Steering Committee (as to the Wingate
Action only) urge this Court to abstain from exercising jurisdiction over the State Court Actions
pursuant to Section 157(b)(2)(B).  However, this Court has already decided this issue and should
reject the plaintiffs' argument for the reasons previously stated in the Transfer Opinion.  *See
Naser Jewelers, Inc. v. City of Concord*, 538 F.3d 17, 20 (1st Cir. 2008) ("when a court decides
upon a rule of law, that decision should continue to govern the same issues in subsequent stages
in the same case") (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).[7]

---

[7]     The Gentry Locke Plaintiffs have appealed this ruling to the United States Court of
Appeals for the First Circuit.

**III.      The Discretionary Abstention Provisions of 28 U.S.C. § 1334(c)(1) do not apply to the State Court Actions.**

In the context of discussing discretionary abstention in the Transfer Opinion, this Court noted that "the most efficient use of the limited resources of the judicial system, and the fairest and most efficient distribution of the assets of the estate, would be for all of the related cases to be consolidated in one court." Transfer Opinion at 24. The Objectors' filing of their proofs of claim renders that reasoning all the more forceful. Having elected to participate in distributions to creditors in NECC's bankruptcy proceeding, the Objectors should not be permitted to seek potential windfalls by pursuing the State Court Actions against Insight.

In the Transfer Opinion, this Court decided to abstain from exercising jurisdiction over cases against non-NECC defendants which had not yet asserted indemnity or contribution claims. The primary basis for abstention was that, in cases where defendants had not yet asserted claims against NECC, "jurisdiction is unclear at best." *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, 496 B.R. at 274. The Insight Proof of Claim and the Objectors' proofs of claim have resolved this jurisdictional issue, and this Court should not exercise discretionary abstention.

Further, as noted in the Trustee's original memorandum, in light of the mandatory provisions of Section 157(b)(2)(B) "[t]ransfer should be the rule, abstention the exception," even in the context of 28 U.S.C. § 1334(c)(1). *In re Twin Laboratories Inc.*, 300 B.R. 836, 840-841 (Bankr. S.D.N.Y. 2003) (*quoting Coker v. Pan American World Airways, Inc. (In re Pan American Corporation)*, 950 F.2d 839, 845 (2d Cir. 1991)); *see also Curran v. Bane*, 157 B.R. at 506 ("Notwithstanding [the arguments for permissive abstention], 'it must be considered that there is only a 'narrow sphere' of cases in which discretionary abstention should granted under §

1334(c)(1)'"), *quoting In re West Coast Video Enterprises, Inc.*, 145 B.R. 484, 488 (Bankr. E.D. Pa. 1992).

Finally, the Insight claim may "have an overwhelming effect on the claims of all victims nationwide."  Plaintiffs' Steering Committee's Response to the Chapter 11 Trustee's Renewed Motion to Transfer at 8-9.  Permitting the State Court Actions to proceed in Virginia will potentially interfere with  the bankruptcy court's administration of NECC's chapter 11 estate and the MDL court's consolidated supervision of cases in cooperation with the bankruptcy court.  A decision to abstain may undermine efforts to encourage parties like Insight to mediate under the supervision of the MDL judge (who can use case management stays appropriately to facilitate and encourage mediation).  It may also hinder the Trustee's ability to proceed to confirmation of a consensual chapter 11 plan which provides for: (a) the efficient and expeditious resolution of all claims against NECC; and (b) the equitable distribution of available recoveries to the competing creditors of NECC on account of the deaths and injuries suffered by them.

This Court should not abstain under 28 U.S.C. § 1334(c)(1) as to the State Court Actions or even the Wingate Action only.[8]

*[Remainder of page intentionally left blank]*

---

[8]     The Plaintiffs' Steering Committee opposes abstention for all of the State Court Actions, with one exception.  The Plaintiffs' Steering Committee notes that the Wingate Action is scheduled for trial this spring and urges this Court to abstain from exercising jurisdiction over that action so it may proceed to trial.  However, the Wingate Action is a wrongful death action in which the plaintiff may obtain a substantial judgment against Insight, which would then give Insight a substantial, liquidated claim against the NECC estate.  Such a recovery would be at the expense of other creditors who will have lost the race to the courthouse.  As sympathetic as the plaintiff in the Wingate Action may be, it would be inequitable to permit that action to proceed outside of NECC's chapter 11 proceeding.

## **CONCLUSION**

For all the foregoing reasons, the Trustee and the Official Committee of Unsecured Creditors respectfully request that this Court: (i) grant the Renewed Motion to Transfer; (ii) deny the Renewed Motion to Abstain; and (iii) enter an order transferring all the State Court Actions, including the Wingate Action, to this Court for further proceedings.

Dated: January 27, 2014
Respectfully submitted,

BROWN RUDNICK LLP

By: /s/ David J. Molton
David J. Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

and

Rebecca L. Fordon, Esq.
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
rfordon@brownrudnick.com

*Counsel to the Official Committee of*
*Unsecured Creditors of New England*
*Compounding Pharmacy, Inc.*

DUANE MORRIS LLP

/s/ Michael R. Gottfried
Michael R. Gottfried (BBO #542156)
100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Email: mrgottfried@duanemorris.com

*Counsel for Paul D. Moore, Chapter 11*
*Trustee of New England Compounding*
*Pharmacy, Inc. d/b/a New England*
*Compounding Center*

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that the *Omnibus Reply of Chapter 11 Trustee and the Official Committee of Unsecured Creditors in Further Support of the Trustee's Renewed and Supplemental Motion to Transfer Additional Personal Injury Tort and Wrongful Death Cases to this Court Pursuant to 28 U.S.C. §§157(b)(5) and 1334*, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 27, 2014.

         */s/ Michael R. Gottfried*
         Michael R. Gottfried