UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
|  | MDL No. 1:13-md-2419-FDS |
| This Document Relates to:<br>        All Cases | ) ) ) ) ) |

**RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S
MOTION FOR ENTRY OF CASE MANAGEMENT ORDER ESTABLISHING
ASSESSMENT PROCEDURES TO FUND COMMON BENEFIT ACCOUNT AND
AMENDED PROPOSED ORDERS**

The undersigned are attorneys who represent certain plaintiffs who have cases filed in this MDL and who also serve, by proxy, all of the personal injury and wrongful death representative members of Official Committee of Unsecured Creditors    (the "Official Committee")[1] of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") who do not also serve as Plaintiff Steering Committee members, respectfully submit this statement in connection with the *Plaintiffs' Steering Committee's* ("PSC") *Motion for Entry of Case Management Order Establishing Assessment Procedures to Fund Common Benefit Account* [Dkt. No. 790] (the "CBF Motion") and accompanying memorandum of law [Dkt. No. 791].

1.    Through the CBF Motion, the PSC seeks to establish procedures to fund a common benefit fund account (the "CBF Account"), specifically via an assessment of eight (8)

---

[1]    The following creditors currently serve as members of the Official Committee:  (1) Katrina Eldreth by Andrews & Thornton; (2) Meghan A. Handy by Cohen Placitella & Roth (3) Brenda Bansale by Lipton Law; (4) Robert Cole by Hagens Berman Sobol Shapiro; (5) Victor Davis by Fiefer, Fieger, Kenney & Giroux; (6) Kathleen Distler by Colling Gilbert Wright & Carter; (7) Danny Swartzell by Skikos Crawford Skikos Joseph; (8) Bertram Walker Bryant, Jr. by Galligan & Newman; and (9) NStar Electric Company by Honor Heath.  With respect to each of the eight individual members of the Official Committee, all of whom are asserting personal injury or wrongful death claims against NECC, he or she is represented on the Official Committee by his or her attorney, as indicated.

percent to be held back from every recovery by plaintiffs in these MDL proceedings and other proceedings.  In particular, the PSC's proposed *MDL Order No. __ Establishing Assessment Procedures to Fund Common Benefit Account* (the "Proposed CBF Order"), attached to the CBF Motion, provides that

> … to establish a reasonable prospective contingent assessment of **eight percent (8%)** upon recoveries on Plaintiffs' claims in or related to this litigation,… the Court's expectation, given the unique circumstances of this litigation, is that lawyers participating in common-benefit work in the MDL may end up being paid at **relatively modest rates or percentages of recovery**.

Proposed CBF Order preamble (emphasis added).    While the undersigned agree and support the establishment of a common benefit fund, we wish, for context and comparison's sake, to draw the attention of the Court to somewhat more modest common benefit holdback percentages in similar recent multidistrict litigations, including Hon. Eldon Fallon in MDL 1657 In re: Vioxx Products Liability Litigation with a final six and one-half percent (6.5%) assessment;  Hon. Jed S. Rakoff in MDL 1598 In re: Ephedra Products Liability Litigation, which also involved a concurrent bankruptcy proceeding similar to the present case, with a six percent (6%) assessment; and most recently by Hon. David A. Katz in MDL 2187 In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products with a final common benefit assessment of four percent (4%), allocated three percent for common benefit attorney's fees and one percent (1%) for costs.

2.      With respect to common benefit fee awards, the undersigned Respondents also respectfully draw this Court's attention to a letter agreement addressing and providing for the interrelationship and coordination between the PSC and the Official Committee dated June 6, 2013 (together with exhibits thereto, the "June 6 Letter", relevant portions of which are attached hereto as Exhibit A) entered into by Lead Counsel to the PSC and the Official Committee.  As part of the coordination of shared and/or overlapping duties between these two committees

charged with advancing the interests of NECC's victims, one by this Court and one by Congress via statute, Lead Counsel and the Official Committee each agreed in the June 6 Letter to seek this Court's approval of a proposed case management order attached as Exhibit A to the June 6 Letter (the "Proposed CMO"). The Proposed CMO provided in pertinent part that

> [t]he Plaintiffs' Steering Committee will file a motion (the "Common Fund Motion") requesting a common fund fee in this Court (the "Common Fund"). Common Fund participants may include members of the Plaintiffs' Steering Committee and any lawyer performing services for the benefit of multiple tort victims on reasonable terms, including work connected to resolution pursuant to a chapter 11 plan in the Chapter 11 Case, whose common benefit work is made available to the Plaintiffs' Steering Committee and the Official Committee. ***Common Fund participants may include member representatives serving on the Official Committee, to the extent the services they perform are for the common benefit of multiple tort victims***.

Proposed CMO at 17 (emphasis added).

3.     The undersigned as Official Committee's members' representatives have been actively engaged in work for the common benefit of multiple tort victims, including, without limitation, through their leadership and/or participation in the ongoing mediation processes being supervised by this Court. However, as currently drafted, the CBF Motion and Proposed CBF Order does not incorporate Lead Counsel's agreement with the Official Committee, and by extension the undersigned member's representatives, nor does it expressly contemplate the Official Committee members' representatives' participation in any distributions from the CBF Account. The undersigned respectfully requests that the Proposed CBF Order, along with the related provisions of MDL Order No. 3 be modified to provide for the Official Committee Members' representatives' ratable participation in any distributions from the CBF Account as set forth in Proposed CBF Order attached hereto as Exhibit B.

4.     The Co-chairs of Official Committee in the discharge of the Committee's statutory obligations actively assign and monitor work to committee members' representative counsel and designated counsel for the common benefit of multiple tort victims in a similar manner as PSC Lead Counsel assigns and monitors work under the provisions of proposed CBF and underlying MDL Order No. 3 to PSC members and designated counsel.  As such, in order to more accurately reflect the duties and responsibilities of the PSC and the Official committee, the undersigned member's representatives respectfully request that MDL Order No. 3 be amended as set forth in the proposed Order Amending MDL Order No. 3 attached hereto as Exhibit C.

Dated: January 31, 2014
       Irvine, CA

Respectfully submitted,

**ANDREWS & THORNTON**

By:  /s/ ANNE ANDREWS
Anne Andrews, Esq.
John C. Thornton, Esq.
Karren Schaeffer, Esq.
2 Corporate Park, Ste. 110
Irvine, CA 92606
Telephone: 949 748-1000
aa@andrewsthornton.com
jct@andrewsthornton.com
kschaeffer@andrewsthornton.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member and Co-Chair, Katrina Eldreth, obo Ari Gomez*

**COHEN PLACITELLA & ROTH P.C.**

By:  /s/ MICHAEL COREN
Michael Coren, Esq.
Harry Roth, Esq.
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103

Telephone: 215 567-3500
mcoren@cprlaw.com
hroth@cprlaw.com

*Counsel Official Committee of Unsecured Creditors
of New England Compounding Pharmacy, Inc.
Member and Co-Chair, Meghan Handy*

**COLLING GILBERT WRIGHT & CARTER
LLC**

By: /s/ MELVIN B. WRIGHT
Melvin B. Wright, Esq.
The Florida Firm
801 N. Orange Ave., Ste. 830
Orlando, FL 32801
Telephone: 407 712-7300
MWright@TheFloridaFirm.com

*Counsel Official Committee of Unsecured Creditors
of New England Compounding Pharmacy, Inc.
Member, Kathleen Distler, obo Estate of Charles F.
Distler*

**GALLIGAN & NEWMAN**

By: /s/ MICHAEL GALLIGAN
Michael Galligan, Esq.
309 West Main St.
McMinnville, TN 37110
Telephone: 931 473-8405
mgalligan@galligannewmanlaw.com

*Counsel Official Committee of Unsecured Creditors
of New England Compounding Pharmacy, Inc.
Member, Bertram Walker Bryant, Jr.*

**SKIKOS CRAWFORD SKIKOS & JOSEPH**

By: /s/ GREGORY SKIKOS
Gregory Skikos, Esq.
Adriana Suarez Desmond, Esq.
625 Market St., 11th Floor
San Francisco, CA 94105
Telephone: 415 546-7300

gskikos@skikoscrawford.com
adesmond@skikoscrawford.com

*Counsel Official Committee of Unsecured Creditors*
*of New England Compounding Pharmacy, Inc.*
*Member, Danny Swartzell*

**FIEGER FIEGER KENNEY & GIROUX**

By:  /s/ TERRY DAWES
Terry Dawes, Esq.
19390 West 10 Mile Rd
Southfield, MI 48075
Telephone: 248 355-5555
t.dawes@fiegerlaw.com

*Counsel Official Committee of Unsecured Creditors*
*of New England Compounding Pharmacy, Inc.*
*Member, Victor Davis*

EXHIBIT A

G.      **Common Fund Allocation**

The Plaintiffs' Steering Committee will file a motion (the "Common Fund Motion") requesting a common fund fee in this Court (the "Common Fund").  Common Fund participants may include members of the Plaintiffs' Steering Committee and any lawyer performing services for the benefit of multiple tort victims on reasonable terms, including work connected to resolution pursuant to a chapter 11 plan in the Chapter 11 Case, whose common benefit work is made available to the Plaintiffs' Steering Committee and the Official Committee.  Common Fund participants may include member representatives serving on the Official Committee, to the extent the services they perform are for the common benefit of multiple tort victims. Participation will permit compensation efforts related to NECP prior to the filing of the Chapter 11 Case.  All allocations of fees pursuant to the Common Fund will be subject to judicial review, as to be further proposed in the Common Fund Motion.  The Common Fund Motion will provide a time by which any party electing to participate in the Common Fund must submit to the Plaintiffs' Steering Committee a detailed statement of fees and expenses.  Any participant must also submit any work product that has been created and appropriate to share and related to the requested compensation.

17

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)   MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>) |

**MDL ORDER NO. __ ESTABLISHING ASSESSMENT PROCEDURES  TO FUND COMMON BENEFIT ACCOUNT**

This Order is entered pursuant to this Court's April 9, 2013 *Order Appointing Lead Counsel, Federal-State Liaison Counsel, and Plaintiffs' Steering Committee* (MDL Order No. 2, Dkt. No. 82) and April 11, 2013 *Order Concerning Sharing and Funding of Plaintiffs' Pretrial Expenses and Costs* (MDL Order No. 3, Dkt. No. 85) ***as amended January ___, 2014***, to establish a reasonable prospective contingent assessment of eight percent (8%) upon **post-Chapter 11 plan confirmation recoveries** on Plaintiffs' claims in or related to this litigation, and to provide a procedure for the fair and equitable sharing among Plaintiffs of the cost of services performed and expenses incurred by Lead Counsel and the Plaintiffs' Steering Committee (collectively, "PSC") and other attorneys designated by that Order acting for the MDL administration and common benefit of all plaintiffs in this complex litigation, **including, but not limited to, the attorney representatives of the individual members of the Official Creditors Committee (collectively, "OCC Representatives") and other attorneys designated by OCC** ("Designated Counsel").

While the PSC and Designated Counsel have the right to a reasonable common benefit assessment as set forth below, the Court's expectation, given the unique circumstances of this

10

litigation, is that lawyers participating in common-benefit work in the MDL may end up being paid at relatively modest rates or percentages of recovery.

Any disputes arising under this Order regarding Participating Parties, as defined in paragraph I.A. below, which cannot be resolved by agreement of Counsel will be resolved by this Court in the exercise of its jurisdiction over this complex litigation, under the equitable principles of the common benefit doctrine. *See, e.g., Sprague v. Ticonic National Bank*, 307 U.S. 161, 166 (1939); *In re Nineteen Appeals Arising out of San Juan Dupont Plaza Hotel Fire Litig.,* 982 F.2d 603, 607 n.5 (1st Cir. 1992).

The Court orders as follows:

## I. COMMON BENEFIT FUND

In its April 11, 2013, MDL Order No. 3 [Dkt No. 85], *as amended,* this Court authorized Lead Counsel to establish a bank account for the collection and deposit of assessments (the "Common Benefit Fund"). The Court now authorizes and directs Lead Counsel to establish this account to receive and disburse funds for the purposes and pursuant to the limitations set forth in MDL Order No. 3 and below.

In authorizing the establishment of this account, this Court expresses no opinion or prediction regarding an amount, if any, to be awarded as common benefit fees or costs in these proceedings.

The Common Benefit Fund is subject to the direction of this Court. No party or attorney will have any individual right to any of the deposits made into or funds maintained in this Common Benefit Fund account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney, except as provided by further Order of this Court.  These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the Fund, if permitted by applicable state laws and if subject to the conditions and contingencies of this and future Orders.

No common benefit fees and/or expenses may be paid out of the Common Benefit Fund except by formal motion, with reasonable notice and an opportunity to be heard. All rights to seek or oppose an award of common benefit fees and/or expenses with respect to settlements, judgments, or other payments arising out of any NECC-related actions that are not subject to this Order's assessment requirement are preserved.

This Court shall have exclusive and continuing jurisdiction over the Common Benefit Fund and will retain jurisdiction over the Common Benefit Fund, any disputes that might arise under the Common Benefit Order, and the ultimate termination of the Common Benefit Fund, even after the close of this MDL.

## A. Assessments for the Common Benefit Fund

All plaintiffs and their counsel of record in any MDL 2419 Cases, as described in paragraph I.A.1. below, or those in non-MDL cases who elect to participate in this agreement per paragraph I.A.2. below, are "Participating Parties" for the purposes of this Order.

Participating Parties who, on or after April 9, 2013, settle, compromise, dismiss, or reduce the amount of a claim against Defendants, with or without trial, with or without that claim being filed, or recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any NECC-related claims against Defendants, including through any settlement related to any bankruptcy proceedings, are subject to an assessment of the gross monetary recovery on the claims as provided below. The gross monetary recovery excludes court costs that are to be paid by Defendants, and includes the present value of any fixed and certain payments to be made in the future.

At its discretion, this Court may alter the percentage amount of the assessment, as future circumstances may require. The PSC retains the right to request an allocation of assessment between

fees and expenses as circumstances may warrant. These obligations attach as follows:

**1. MDL 2419 Cases**

All cases filed in or transferred to this MDL (except those remanded for lack of jurisdiction) that are settled, compromised, dismissed, or that have had the amount of the claim reduced, with or without trial, with or without that claim being filed, or have recovered a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, will be subject to an six percent (6%) assessment of the gross monetary recovery.  This assessment will apply to all cases, whether tolled, stayed, filed, or unfiled.

**2. Non-MDL Cases and Claims**

For cases and claims not included in paragraph I.A.1. above, plaintiffs and their counsel may elect, within 60 days of the entry of this Order, to enter into a Participation Agreement for six percent (6%) of the gross monetary recovery.  The Participation Agreement is attached as Exhibit A.

Later Participating Parties will also be assessed a percentage of the gross monetary recovery to be established by further Order of the Court.

For purposes of Defendants' obligations under paragraph I.A.3. below, a plaintiff or claimant and his or her counsel will not be considered a Participating Party unless a copy of the executed Participation Agreement is provided to Defendants' Lead Counsel before or at the time any settlement agreement is executed.

**3. Assessment Procedures**

From the date of this Order forward, Defendants are directed to inform the PSC ten (10) days before paying any amounts to (1) plaintiffs in the MDL, Participating Parties, or their counsel, (2) escrow accounts intended to benefit plaintiffs in the MDL or Participating Parties, or

(3) any other account intended to hold funds for the purposes of distributing funds to plaintiffs in the MDL or Participating Parties (among others).

Specific provisions for withholding the Common Benefit Fund assessment amount from amounts paid to plaintiffs and their counsel in any MDL case or case involving a Participating Party, and for paying such withheld funds directly into the Common Benefit Fund as a credit against the settlement or judgment, will be addressed in a future Order.

### 4. Advancement of Funds for Approved Common Benefit Expenses

Designated Counsel who has advanced funds to the Common Benefit Fund during the pendency of the litigation that have been utilized to pay for common benefit expenses approved by Lead Counsel shall receive a credit against their assessment payments. The specifics of such offsets will be addressed in a future order.

## B. Common Benefit Work Product

All Participating Parties will have access to the document repositories (as permitted by Court Order) and to certain work product developed by, or at the direction of, the PSC, the OCC and Designated Counsel for Plaintiffs' use.

## C. Non-Participating Parties

Counsel for any plaintiff who has a non-MDL case or claim and who chooses not to execute a Participation Agreement (a "Non-Participating Party") may seek access to MDL and/or PSC non-work product materials by written request to Plaintiffs' Lead Counsel.  The PSC, however, shall have no obligation to allow such attorney access to any MDL materials.

Nothing in this Order shall limit the PSC's right or ability to seek an equitable contribution from a Non-Participating Party who has requested and received access to MDL work product.

**D. Coordination with State Courts**

The assessment described in this Order is not intended to be cumulative of any assessment imposed in any coordinated state proceedings. In the event there is a dispute regarding where a particular case or claim should be assessed as between this MDL or another state coordinated proceeding, Plaintiffs' Lead Counsel shall endeavor to resolve the matter with plaintiffs' counsel of record in the specific case and, if resolution cannot be reached, inform this Court of the dispute.

## II. TIME AND EXPENSE REPORTING

MDL Order No. 3 set forth requirements for Plaintiffs' counsel's Time and Expense Submissions, including general standards, time and expense reporting requirements, and descriptions of shared and held costs.  Plaintiffs' counsel is reminded that strict compliance with MDL Order No. 3, as amended, is expected.

A sample time sheet (including litigation task codes) and sample expense reimbursement form are attached for Plaintiffs' counsel's convenience.

Dated: _____, 2014

The Honorable F. Dennis Saylor IV
United States District Judge

16

EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 1:13-md-2419-FDS |
| This Document Relates to: All Cases |  |  |

**PROPOSED AMENDED MDL ORDER NO. 3**

It is hereby ordered that MDL Order No. 3, Dkt. No. 85, April 11, 2013, shall remain in full force and effect except as to the following provisions which are hereby amended and superseded to provide for attorneys serving as proxies for the appointed members of the New England Compounding Pharmacy, Inc.'s Chapter 11 Official Creditors Committees ("OCC") and counsel designated by the OCC to be eligible for compensation for common benefit work duly assigned by to them by the OCC and/or the OCC Co-Chairs acting under the by-laws of the committee or the Resolutions of the OCC:

1. The preamble of ¶2. (Plaintiffs' Counsel's Time and Expense Submissions) is hereby amended to read:

    Reimbursement for costs and/or fees for services of all plaintiffs' or OCC members' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.  The following general standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

2. Paragraph A.2 is amended to read:

    All claims for time and expenses submitted must be incurred only for work authorized in advance by either the Lead Counsel or, with respect to counsel serving as OCC members' proxies, the OCC (who pursuant to the OCC's by laws

18

and resolutions may act through its C0-Chairs) .  Prior to the appointment of Lead Counsel, such work may only be authorized by Lead Counsel, the OCC or the Court.

3.  Paragraph A.3 is amended to read:

Counsel other than those serving as OCC member's proxies who intend to seek reimbursement shall submit time and expense reports to Lead Counsel monthly. The OCC shall be responsible for monitoring and collecting the time and expense reports of OCC members' attorney proxies.  These reports should include both time and expenses and should summarize, with back-up detail, the submissions of all firms.

4.  Paragraph B.1 is amended to read:

Only time spent on matters common to all claimants in this litigation or in the NECC bankruptcy matter will be considered in determining fees.  No time spent on developing or processing any case for an individual claimant should be submitted, unless the case is specifically determined by the PSC or the Court to be a "common-benefit case" (for example, a "test case" or "bellwether" case), as set forth below.

5.  Paragraph C.1.b. is amended to read:

"Held Costs are those that will be carried by each attorney representing a client in this litigation or serving as proxy for an OCC member, and reimbursed as and when determined by the Court."

6.  The last sentence of the leading full paragraph  of ¶ E.1. relating to Held Costs is amended to read:

"All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC, OCC (where applicable)  and the Court for future reimbursement.

7.  Paragraph E.2  is amended to read:

The PSC and OCC shall each propose respective expense limitations and guidelines for use by all plaintiffs' and/or OCC members' counsel serving as their proxy performing common benefit work assignments.  Lead Counsel and OCC Co-Chairs may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records.

Dated: _____, 2014


                                         The Honorable F. Dennis Saylor IV
                                         United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 31st day of January 2014, I served a true and accurate copy of the following: **RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR ENTRY OF CASE MANAGEMENT ORDER ESTABLISHING ASSESSMENT PROCEDURES TO FUND COMMON BENEFIT ACCOUNT AND AMENDED PROPOSED ORDERS;**; electronically with the Clerk of Court via the CM/ECF system which sent electronic notification of this filing to all registered counsel of record via email.

<u>*s/ Anne Andrews*</u>
Anne Andrews