# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## MDL ORDER NO. _____
## ESTABLISHING ASSESSMENT PROCEDURES
## TO FUND COMMON BENEFIT ACCOUNT

This Order is entered pursuant to this Court's April 9, 2013 *Order Appointing Lead Counsel, Federal-State Liaison Counsel, and Plaintiffs' Steering Committee* (MDL Order No. 2, Dkt. No. 82) and April 11, 2013 *Order Concerning Sharing and Funding of Plaintiffs ' Pretrial Expenses and Costs* (MDL Order No. 3, Dkt. No. 85) to establish a reasonable prospective contingent assessment of eight percent (8%) upon recoveries on Plaintiffs' claims in or related to this litigation, and to provide a procedure for the fair and equitable sharing among Plaintiffs of the cost of services performed and expenses incurred by Lead Counsel and the Plaintiffs' Steering Committee (collectively, "PSC") and other attorneys designated by that Order acting for the MDL administration and common benefit of all plaintiffs in this complex litigation ("Designated Counsel").

While the PSC and Designated Counsel have the right to a reasonable common benefit assessment as set forth below, the Court's expectation, given the unique circumstances of this

litigation, is that lawyers participating in common-benefit work in the MDL may end up being paid at relatively modest rates or percentages of recovery.

Any disputes arising under this Order regarding Participating Parties, as defined in paragraph I.A. below, which cannot be resolved by agreement of Counsel will be resolved by this Court in the exercise of its jurisdiction over this complex litigation, under the equitable principles of the common benefit doctrine. *See, e.g., Sprague v. Ticonic National Bank*, 307 U.S. 161, 166 (1939); *In re Nineteen Appeals Arising out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 607 n.5 (1st Cir. 1992).

The Court orders as follows:

## I.   COMMON BENEFIT FUND

In its April 11, 2013, MDL Order No. 3 [Dkt No. 85], this Court authorized Lead Counsel to establish a bank account for the collection and deposit of assessments (the "Common Benefit Fund"). The Court now authorizes and directs Lead Counsel to establish this account to receive and disburse funds for the purposes and pursuant to the limitations set forth in MDL Order No. 3 and below.

In authorizing the establishment of this account, this Court expresses no opinion or prediction regarding an amount, if any, to be awarded as common benefit fees or costs in these proceedings.

The Common Benefit Fund is subject to the direction of this Court. No party or attorney will have any individual right to any of the deposits made into or funds maintained in this Common Benefit Fund account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney, except as provided by further Order of this Court. These limitations do not preclude

a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the Fund, if permitted by applicable state laws and if subject to the conditions and contingencies of this and future Orders.

No common benefit fees and/or expenses may be paid out of the Common Benefit Fund except by formal motion, with reasonable notice and an opportunity to be heard. All rights to seek or oppose an award of common benefit fees and/or expenses with respect to settlements, judgments, or other payments arising out of any NECC-related actions that are not subject to this Order's assessment requirement are preserved.

This Court shall have exclusive and continuing jurisdiction over the Common Benefit Fund and will retain jurisdiction over the Common Benefit Fund, any disputes that might arise under the Common Benefit Order, and the ultimate termination of the Common Benefit Fund, even after the close of this MDL.

A.      **Assessments for the Common Benefit Fund**

All plaintiffs and their counsel of record in any MDL 2419 Cases, as described in paragraph I.A.1. below, or those in non-MDL cases who elect to participate in this agreement per paragraph I.A.2. below, are "Participating Parties" for the purposes of this Order.

Participating Parties who, on or after April 9, 2013, settle, compromise, dismiss, or reduce the amount of a claim against Defendants, with or without trial, with or without that claim being filed, or recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any NECC-related claims against Defendants, including through any settlement related to any bankruptcy proceedings, are subject to an assessment of the gross monetary recovery on the claims as provided below. The gross monetary recovery excludes court costs that are to be paid by Defendants, and

includes the present value of any fixed and certain payments to be made in the future. Notwithstanding anything contained herein to the contrary, no "property" of NECC's bankruptcy "estate", as each term is used and defined in Section 541 of Chapter 5 of Title 11 the United States Code, shall be subject to the assessment. This Court recognizes that all parties reserve their rights with respect to any attempted or actual transfer of property from NECC's estate.

At its discretion, this Court may alter the percentage amount of the assessment, as future circumstances may require. The PSC retains the right to request an allocation of assessment between fees and expenses as circumstances may warrant.

These obligations attach as follows:

1. **MDL 2419 Cases**

All cases filed in or transferred to this MDL (except those remanded for lack of jurisdiction) that are settled, compromised, dismissed, or that have had the amount of the claim reduced, with or without trial, with or without that claim being filed, or have recovered a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, will be subject to an eight percent (8%) assessment of the gross monetary recovery. This assessment will apply to all cases, whether tolled, stayed, filed, or unfiled.

2. **Non-MDL Cases and Claims**

For cases and claims not included in paragraph I.A.1. above, plaintiffs and their counsel may elect, within 60 days of the entry of this Order, to enter into a Participation Agreement for eight percent (8%) of the gross monetary recovery. The Participation Agreement is attached as Exhibit A.

Later Participating Parties will also be assessed a percentage of the gross monetary recovery to be established by further Order of the Court.

For purposes of Defendants' obligations under paragraph I.A.3. below, a plaintiff or claimant and his or her counsel will not be considered a Participating Party unless a copy of the executed Participation Agreement is provided to Defendants' Lead Counsel before or at the time any settlement agreement is executed.

3.    **Assessment Procedures**

From the date of this Order forward, Defendants are directed to inform the PSC ten (10) days before paying any amounts to (1) plaintiffs in the MDL, Participating Parties, or their counsel, (2) escrow accounts intended to benefit plaintiffs in the MDL or Participating Parties, or (3) any other account intended to hold funds for the purposes of distributing funds to plaintiffs in the MDL or Participating Parties (among others).

Specific provisions for withholding the Common Benefit Fund assessment amount from amounts paid to plaintiffs and their counsel in any MDL case or case involving a Participating Party, and for paying such withheld funds directly into the Common Benefit Fund as a credit against the settlement or judgment, will be addressed in a future Order.

4.    **Advancement of Funds for Approved Common Benefit Expenses**

Designated Counsel who has advanced funds to the Common Benefit Fund during the pendency of the litigation that have been utilized to pay for common benefit expenses approved by Lead Counsel shall receive a credit against their assessment payments. The specifics of such offsets will be addressed in a future order.

**B.    Common Benefit Work Product**

All Participating Parties will have access to the document repositories (as permitted by Court Order) and to certain work product developed by, or at the direction of, the PSC and Designated Counsel for Plaintiffs' use.

**C.**     **Non-Participating Parties**

Counsel for any plaintiff who has a non-MDL case or claim and who chooses not to execute a Participation Agreement (a "Non-Participating Party") may seek access to MDL and/or PSC non-work product materials by written request to Plaintiffs' Lead Counsel. The PSC, however, shall have no obligation to allow such attorney access to any MDL materials.

Nothing in this Order shall limit the PSC's right or ability to seek an equitable contribution from a Non-Participating Party who has requested and received access to MDL work product.

**D.**     **Coordination with State Courts**

The assessment described in this Order is not intended to be cumulative of any assessment imposed in any coordinated state proceedings. In the event there is a dispute regarding where a particular case or claim should be assessed as between this MDL or another state coordinated proceeding, Plaintiffs' Lead Counsel shall endeavor to resolve the matter with plaintiffs' counsel of record in the specific case and, if resolution cannot be reached, inform this Court of the dispute.

**E.**     **Participants in Common Benefit Fund**

The individual attorneys or firms representing members of the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") in the Chapter 11 case of NECC, to the extent the services

they perform are for the common benefit of multiple tort victims, shall be entitled to participate in any distributions from the Common Benefit Fund.

## II.    TIME AND EXPENSE REPORTING

MDL Order No. 3 set forth requirements for Plaintiffs' counsel's Time and Expense Submissions, including general standards, time and expense reporting requirements, and descriptions of shared and held costs. Plaintiffs' counsel is reminded that strict compliance with MDL Order No. 3 is expected.

A sample time sheet (including litigation task codes) and sample expense reimbursement form are attached for Plaintiffs' counsel's convenience.

Dated: _____, 2014


_____
The Honorable F. Dennis Saylor IV
United States District Judge


61591417 v1

7

| Summary Report: Litéra® Change-Pro TDC 7.0.0.375 Document Comparison done on 1/31/2014 9:49:52 AM | |
|---|---|
| **Style Name:** Standard | |
| **Original DMS:** iw://WORKSITE/WorksiteUS/61591417/1 | |
| **Modified DMS:** iw://WORKSITE/WorkSiteUS/61591417/3 | |
| **Changes:** | |
| Add | 4 |
| Delete | 1 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 5 |