UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION  ) ) ) ) | ) | MDL No. 1:13-md-2419-FDS |
| This Document Relates To: | ) ) |   |
| *Devilli v. Ameridose, LLC, et al.* Civil Action No.  1:13-11167 | ) ) ) ) |   |

**MEMORANDUM OF LAW OF PLAINTIFFS DALE AND ALLISON DEVILLI IN OPPOSITION TO MOTION OF PLAINTIFFS' STEERING COMMITTEE FOR ENTRY OF CASE MANAGEMENT ORDER ESTABLISHING ASSESSMENT PROCEDURES TO FUND COMMON BENEFIT ACCOUNT**

**I.      PRELIMINARY STATEMENT**

The plaintiffs' steering committee ("PSC") has filed a motion seeking an order from this Court establishing assessment procedures to fund a common benefit account.  Specifically, the PSC is asking for an order directing that 8% of any funds received by plaintiff in connection with any NECC related claims be paid into the common benefit account.  As a practical matter, this order is directed primarily at claims filed by plaintiffs against clinic defendants and/or their personal healthcare providers.  Claims against NECC and related parties are likely to be resolved in the recently announced settlement agreement subject to bankruptcy court approval. Responding plaintiffs, Dale and Allison Devilli, request that the Court deny the motion of the PSC because:

- The PSC has not identified any common benefit related to plaintiffs' claims against their healthcare providers;

1

- The PSC has not identified any rational basis for assessing 8% of plaintiffs' potential recoveries against the healthcare providers;

- The PSC has not established any need for an assessment at this time; and

- The motion is premature.

## II. PROCEDURAL HISTORY

Plaintiffs instituted this action by filing a Complaint in the Superior Court of New Jersey, Cumberland County, Law Division, naming as defendants Ameridose, LLC, Alanus Pharmaceutical, LLC, Medical Sales Management, Inc., Gregory Conigliaro, Barry Cadden, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, and a number of fictitious defendants permissible under the New Jersey Rules of Civil Procedure. The claims against these defendants all related to the manufacturing, compounding or distributing of contaminated methylprednisolone acetate ("MPA"). Plaintiffs did not name NECC as a defendant because the bankruptcy automatic stay was in effect. Plaintiffs also named as defendants in their Complaint Premier Orthopedics and Sports Medicine Associates of Southern New Jersey, LLC, d/b/a Premier Orthopedic Associates, Premier Orthopedic Associates Surgical Center, LLC and Kimberly Yvette Smith (collectively referred to as "Healthcare Defendants"). All claims against the Healthcare Defendants relate to the administration of contaminated MPA to plaintiff Dale Devilli as part of professional medical care being rendered to plaintiff Dale Devilli.

On April 25, 2013 defendant Ameridose, LLC filed a Notice of Removal effecting the removal of this case from New Jersey state court to the United States District Court for the District of New Jersey. On May 10, 2013 the case was transferred to this Court pursuant to the Order of the MDL panel and made part of New England Compounding Pharmacy Products Liability Litigation, MDL No. 1:13-md-2419-FDS. The Notice of Removal filed by Ameridose,

2

LLC alleged that removal was proper pursuant to the provisions of 28 U.S.C. §1332, diversity of citizenship.  Defendant acknowledged, however, that the Healthcare Defendants were alleged by plaintiffs to be citizens of New Jersey and, therefore, not diverse to the plaintiffs who are also citizens of New Jersey.

Defendant's Notice of Removal suggested that it would be appropriate for the Court to sever the professional negligence claims against the Healthcare Defendants and remand those claims to state Court.  Plaintiffs agreed with defendant's suggestion and filed a motion with the Court seeking to sever the claims against the healthcare defendants and remand them to state court.  This Court entered an order denying that motion and plaintiffs' claims against the Premier defendants remain pending in this Court.  On December 19, 2013 plaintiffs reasserted their claims against the Premier defendants by filing a Short Form Complaint which also named Unifirst Corporation as a defendant.

### III.    ARGUMENT

The PSC in its motion recognizes that "The only work entitled to compensation from a common benefit fund is work that has demonstrably provided a benefit to all plaintiffs, or to a defined group of plaintiffs as a whole – the common benefit work." PSC brief, p. 6.  The motion does not, however, identify any specific benefit to the Devillis that has been created by the PSC in connection with their claim against the Premier defendants.  Without the delineation of a specific benefit to the plaintiffs in their claim against the Premier defendants there simply is no basis for making an assessment against that claim for a common benefit fund.  The Court of Appeals for the First Circuit identified the characteristics of a case warranting a common benefit assessment as follows:

> These include ease in identifying the persons, or classes of persons, benefitted by the recovery; ease in tracking the benefit flow; the ability to trace benefits with enough accuracy that, in the end, the flow chart inspires confidence; and the ability to shift litigation costs with enough precision and reliability that cost and benefit are fairly proportionate to one another. See Boeing, 444 U.S. at 478-79, 100 S.Ct. at 749; Alyeska, 421 U.S. at 265 n. 39, 95 S.Ct. at 1625 n. 39.

In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 982 F.2d 603, 606-07 (1st Cir. 1992). There is simply no basis at this time to identify "with enough precision and reliability" any common benefit or the cost of providing that benefit.  The motion of the PSC is therefore at a minimum premature.  See In re Katrina Canal Breaches Consolidated Litigation, 2010 WL 2998848 (E. D. LA. July 28, 2010).  ("Clearly, as this matter is on appeal and there is no settlement of which the Court is aware, the funds from which a set aside might be carved is illusory at this time . . . Accordingly, it is ordered that the motion for an order that all fees be subject to court review . . . is denied as premature.").  The press has reported that the bankruptcy trustee for the NECC bankruptcy has reached an agreement in principle with NECC and related parties for a global settlement in exchange for payments in excess of $100 million.  Presumably, the bankruptcy court will make appropriate provisions for payment of fees and costs to counsel who participated in bringing about that settlement.  The PSC has not presented any reason to suspect that that settlement fund will be insufficient to compensate counsel who provided a common benefit or participate in creating the common fund.  Thus, there is no reason for the Court to enter an order providing for an assessment of potential recoveries by plaintiffs against healthcare practitioners at this time.

**IV.     CONCLUSION**

It is respectfully requested that the Court enter an order denying the motion of the plaintiff's steering committee.

4

**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP**

*[signature]*

_____
THOMAS MARTIN
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
215-567-8300
Attorney for Plaintiffs

DATE:  1/31/14

**CERTIFICATE OF SERVICE**

      I, Thomas Martin, hereby certify that on this date the within pleading was served upon counsel of record via the Court's Electronic Filing System.

_____
THOMAS MARTIN