# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**[Proposed] MDL ORDER No. \_\_**
**REGARDING INITIAL TRIAL SETTING AND PRETRIAL DEADLINES FOR THE SAINT THOMAS-RELATED DEFENDANTS**

This Order specifically relates only to the Trial Setting and Pretrial Deadlines for the Saint Thomas-Related Defendants.[1] Trial Setting and Pretrial Deadlines for additional MDL Defendants will be subject to a separate Case Management Order.

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court hereby sets the following deadlines related to pre-trial discovery and bellwether trials:

**I.  Case Selection Process and Initial Discovery on Trial Candidate Case Picks**

A. The requirements of Fed. R. Civ. P. 16(b) and 26(f) have been satisfied. Fact discovery of common issues is open.

B. Defendants will serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) regarding Common Issues[2] within 30 days of entry of this Order.

---

[1] The "St. Thomas-Related Defendants, for purposes of this Order, include: Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic A Professional Corporation, John Culclasure, M.D., Debra Schamberg, R.N., Saint Thomas West Hospital Formerly Known As St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health Alliance, and Ascension Health.

[2] A "Common Issue" for purposes of this Order means an issue that potentially impacts all or a substantial number of cases against a particular defendant. Examples of a Common Issue would be the scope and amount of defendants' insurance coverage available to satisfy claims made and or a parent company's liability for a subsidiary company's conduct. A "Case-Specific Issue" is an issue that impacts a single case or a small number of cases. An

-1-

C.     Plaintiffs in every filed action naming one or more St. Thomas-Related Defendants will serve completed Plaintiff Profile Forms ("PPF") and medical authorizations within 60 days after the form PPF and medical authorizations are approved by the Court or the Magistrate Court.  In cases where a complaint naming one or more St. Thomas-Related Defendants is filed after the PPF and medical authorizations are approved by the Court or the Magistrate Court, any plaintiff not named in a prior pending suit must serve a completed PPF and medication authorizations within 60 days of filing

D.     Defendants will notify Plaintiffs of any claimed material deficiencies in the PPFs within 15 days after receipt of the completed PPF.  Plaintiffs will have 30 days from notification to cure any claimed material defect of the PPF.

E.     No later than 30 days from the date of this Order, the Saint Thomas-Related Defendants will provide full and complete substantive responses to the Master Discovery served by the Plaintiffs on October 4, 2013.

F.     No later than 120 days after the PPF is approved by the Court or Magistrate Court, the Plaintiffs shall select four (4) cases and Defendants collectively shall select four (4) cases as candidates for initial trials ("Initial Trial Pool Cases").  Initial Trial Pool Case selections shall be exchanged in writing with opposing counsel.

G.     Only cases involving administration of NECC's methylprednisolone acetate in which a Short Form Complaint was filed in the MDL on or before December 20, 2013 are eligible to be selected as Initial Trial Pool Cases by any party.

---

example of a Case-Specific Issue would be the amount of physical harm an individual patient suffered as a result of defendants' wrongdoing or statements made by Defendants to a particular plaintiff.

H.    After being selected into the Initial Trial Pool, the Parties shall be permitted to conduct Case-Specific fact discovery.  All Case-Specific fact discovery for Initial Trial Pool cases shall be completed by October 15, 2014.

I.    If any Initial Trial Pool Cases are settled or dismissed for any other reason, with or without prejudice, a replacement Initial Trial Pool Case shall be selected.

## II.    Common Issue Discovery and Common Dispositive Motions Deadlines

A.    The Parties shall have until October 15, 2014, to complete all Common Issue fact discovery related to Initial Trial Pool cases.

B.    Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will testify on Common Issues related to Initial Trial Pool Cases by November 15, 2014.  At least three proposed deposition dates for the experts will be provided with the expert disclosure.

C.    Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose experts who will testify on Common Issues related to Initial Trial Pool cases by December 15, 2015.  At least three proposed deposition dates for the experts will be provided with the expert disclosure.

D.    Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose rebuttal experts who will testify on Common Issues related to Initial Trial Pool Cases by January 9, 2015.  At least three proposed deposition dates for the rebuttal experts (if any) will be provided with the expert disclosure.

E.    Depositions of Common Issues experts will begin after rebuttal reports, if any, are served.  The Parties will have until February 20, 2015, to complete all Common Issue Expert discovery for Initial Trial Pool cases.

## III.    Initial Trial Selections

A.    By October 22, 2014, the Parties shall file submissions as to the order in which the eight (8) Initial Trial Pool Cases should be tried and/or remanded to the transferor courts.

The Parties are directed to explain the case facts and characteristics supporting the proposed order in which the cases should be tried and/or remanded. The Court encourages the parties to agree regarding the order of the trial settings and/or remand.

B. No later than November 5, 2014, the Court will select the order in which the Initial Trial Pool Cases will be tried and/or remanded and designate the first two cases to be tried and/or remanded (the "First Two Trial Case Picks").

C. Within 10 days of the selection of the First Two Trial Case Picks, the parties will file a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), with the Court.

**IV.     First Two Trial Case Pick Deadlines**

A. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will testify as to Case-Specific Issues and any other issues not set forth in paragraph II ("Case-Specific Experts") for the First Two Trial Case Picks by December 5, 2014. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

B. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose Case-Specific Experts for the First Two Trial Case Picks by January 7, 2015. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

C. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will give rebuttal opinions as to Case-Specific issues for the First Two Trial Case Picks by January 28, 2015. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

D. Depositions of Case-Specific Issues experts will begin after rebuttal reports, if any, are served. The Parties shall have until March 10, 2015, to complete all Case-Specific fact and expert discovery as to the First Two Trial Case Picks.

  E. All motions in limine, motions to exclude or limit experts, and any case-specific dispositive motions, in the First Two Trial Case Picks, shall be filed by March 24, 2015. Response shall be filed by April 21, 2015. Any replies shall be filed by April 30, 2015.

  F. All other pre-trial deadlines for the First Two Trial Case Picks and the other Initial Trial Pool Cases will be set in a future order.

**V.** **Trials**

  A. The first of the First Two Trial Cases shall be set for trial in the District of Massachusetts and/or remand for trial in May 2015. The second case shall tentatively be scheduled for trial and/or remand in June 2015. Given the potential efficiencies that might be gained, the Court will consider the possibility of presiding over cases in the appropriate venue outside of the District of Massachusetts if bellwether cases are remanded to another district for trial.

SO ORDERED:

_____
The Honorable F. Dennis Saylor IV
United States District Judge


Dated: _____, 2014