| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | IN THE<br><br>UNITED STATES DISTRICT COURT<br><br>DISTRICT OF MASSACHUSETTS<br><br>CASE NO.: MDL NO. 1:13-md-02419<br><br>Hon. F. Dennis Saylor, IV |

### NON-PARTY BALTIMORE PAIN MANAGEMENT CENTER'S OPPOSITION TO PSC'S MOTION TO COMPEL, MOTION FOR FINDING OF CIVIL CONTEMPT AND MOTION FOR SANCTIONS WITH CROSS MOTION FOR SANCTIONS AND REQUEST FOR HEARING

Non-Party Baltimore Pain Management Center ("BPMC") by and through its undersigned counsel, hereby sets forth this memorandum in opposition to the PSC's Motion to Compel Production, For a Finding of Civil Contempt and Motion for Sanctions (the "Motions") (Dkt 786, 787, 788). BPMC states as follows:

**DISPUTE**

On November 13, 2013 Magistrate Judge Boal issued an Order on Motions to Quash and Objections to Subpoenas (the "Order"). (Dkt 572) On page 20 of the Order, Judge Boal ruled "except with respect to [a] narrow category of information, the Court quashes the subpoenas that are directed to respondents who have no patients who have filed suit, joined in the MDL litigation, or given notice of a claim against that respondent relating to NECC medications." As a result of this ruling, BPMC reasoned that the Subpoena was quashed as to them and on December 3, 2013 wrote to the local PSC with a response to the narrow category of information identified by the Court. The PSC disagrees with BPMC's interpretation of Judge Boal's order and 45 days later, on January

17, 2014, filed a Motion to Compel, Motion for a Finding of Civil Contempt and Motion for Sanctions against BPMC (the "Motions"). BPMC, a non-party respondent, maintains that the Subpoena is quashed as to them and the PSC believes it is not.

**PSC'S MOTION TO COMPEL IS MOOT**

**BPMC stands ready to produce documents as though the subpoena is not quashed**

The sole focus of PSC's Motion to Compel is that it would have the Court rule that BPMC has taken an incorrect position and violated the Judge's Order.  BPMC understands the PSC's amended Subpoena to be quashed in their regard with the exception of a narrow carve out of Request No. 7.  BPMC responded accordingly and in a timely manner. BPMC continues to hold this position.  Nonetheless, in an attempt to resolve the discovery dispute and curtail expenses on both sides of this dispute, including the expense of responding to PSC's Motions, undersigned counsel contacted the PSC within one week of receiving the Motions and offered to produce documents as though the Subpoena applied if PSC would withdraw its Motions.  Initially, BPMC offered to produce the documents no later than February 14, but as the documents were finally prepared, BPMC offered to produce them within one business day after the motions are pulled.  The fact that BPMC is willing and ready to produce the documents renders the Motion to Compel moot.

**MOTION TO COMPEL SHOULD BE DENIED**

At Page 20 of the Order, under a section entitled "Non-Parties With No Patient-Plaintiffs v. Parties and Non-Parties with Patient Plaintiffs," the Court set forth a discussion about various party distinctions.  Although at one point on page 19 the discussion references a distinction between claims in the litigation and "clinics who have

{MD069750.1}

no patients who have filed suit, joined in the MDL litigation, or given notice of a claim *against any party relating to NECC medications*" (emphasis added), at the end of the Court's analysis, the operative language of the ruling is different.  It sets forth specific elements that must be present to trigger the Subpoena.  The operative language states as follows:

> "Accordingly, except with respect to this narrow category of information, the Court quashes the subpoenas that are directed to respondents who have no patients who have filed suit, joined in the MDL or given notice of a claim *against the respondent* relating to NECC medications." (Emphasis added.)

(Dkt 572 at 20)

BPMC maintains that it is aware of no patients who have filed suit.

BPMC maintains it is aware of no patients who have joined in the MDL litigation.

BPMC maintains it has been given no notice of a claim *against BPMC* involving NECC medications.

This last sentence is at the crux of the dispute between PSC and BPMC.  The PSC attached multiple exhibits in an attempt to persuade the Court that BPMC had notice sufficient to trigger the Subpoena. Interestingly, while BPMC was informed of certain patient names, none of the communications stated there was actually a claim against BPMC.

PSC Exhibt C (Dkt 787-3) shows an email of July 9 in which undersigned counsel memorializes a conversation with Maryland PSC attorney Elisha Hawk.  The email states "You asked if it would make a difference to my objections if I knew that there are BPMC patients *who have not yet filed suit*. Specifically you referenced two patients who are clients of yours you did not name. One who was given methyprednisolone and the other *who you do not know yet what the person was given*." (Emphasis added.)   This language

does not "state a claim against the Respondent relating to NECC medications." In fact, for one patient it is not even asserted what medication the person claimed to have received or if the NECC is even involved. Also, in context, this email stemmed from a conversation about the PSC subpoena to produce documents in the NECP litigation. (PSC Exhibit A Dkt 787-1) There is no indication of a claim against BPMC.

PSC Exhibit D (Dkt 787-4) is another email, this time from Elisha Hawk to undersigned counsel. It is dated August 9, 2013 and simply lists two names with the subject heading "Baltimore Pain Plaintiffs." It provides no explanation, only two names. Again, in context of the communications this has to do with the PSC Subpoena. Further, to this date, BPMC is unaware that either of the two patients listed have actually filed suit anywhere against anyone, let alone against BPMC.

PSC Exhibit E (Dkt 787-5), dated September 20, 2013 represents what was yet another opportunity for the PSC to give "notice of a claim against the respondent relating to NECC medications" yet, conspicuously, such notice is missing from the correspondence. The letter merely states "this office represents the clients listed below for personal injuries sustained as a result of contaminated injections he/she received from your client, Baltimore Pain Management in 2012." Again, this is written in context of the MDL involving New England Compounding Pharmacy against the backdrop of the PSC Subpoena that was still an open issue at the time. It does not state there is a claim against BPMC. By way of further context, it should be noted that the date of this letter was September 20, three days prior to the September 23 opt-in date for mediation in the MDL. At the time of this letter, the PSC was attempting to convince non-party clinics to participate in mediation (See Dkt 394 Order on Mediation Program (II)(D)@3)

The PSC contends that BPMC's position is disingenuous and a "sly attempt to defy Judge Boal's Order."  BPMC argues that it has never understood there to be a claim against BPMC in this matter.  Indeed, a claim specific to BPMC is conspicuously missing from the PSC's exhibits to its Motions. The correspondence PSC attached as Exhibits make statements of purported allegations against NECC but nowhere is there a notice of a claim against BPMC.  The operative language of the order is very clear and specifically refers to a "claim against that respondent."  The balance of that section of the Order underscores the relevance of this particular element.  Immediately following that language, the Court included a footnote (Fn 14) which served to further support BPMC's understanding of the Order.  It states:  "Should a respondent's patient(s) file suit, join in the MDL, or give notice of a claim against that Respondent in the future, the the PSC may serve a subpoena on that respondent consistent with this opinion." (Dkt 572 at 20) Then, Section (c.) on page 20 follows this language with analysis as to "Requests To Parties And Clinics With Patient-Plaintiffs,"  thereafter limiting certain requests to Patient-Plaintiffs.   It is fair and reasonable to consider the Subpoena Quashed as far BPMC is concerned.

**MOTION FOR CONTEMPT SHOULD BE DENIED**

The question of whether the Order applies to BPMC hinges on the interpretation of the operative language. BPMC's interpretation was based in good faith and the context of its limited role in the MDL litigation.  Since receipt of the Subpoena back in the summer of 2013, BPMC has considered itself a non-party respondent.  At no time has BPMC understood itself to be the subject of a claim.

Rule 45 (g) addresses when it is appropriate to find a non-party respondent in contempt with regard to a subpoena, "The court . . .may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).  BPMC issued a response to the Subpoena on December 3, 2013 in accordance with the November 13 Order.  The response clearly addressed the Court's narrow carve-out for Request No. 7 of the Subpoena and explained that BPMC considered the balance of the motion quashed pursuant to Judge Boal's Order.  The rationale for such an understanding is set forth above.  Assuming, *arguendo*, that the Court determines that BPMC's interpretation is incorrect, there is no evidence that the rationale could be considered unreasonable. Further, BPMC has since attempted to resolve the dispute by offering to produce the records despite a continuing belief that the subpoena is quashed as to BPMC.  Therefore, a finding of Contempt is not warranted under this rule.

**MOTION FOR SANCTIONS SHOULD BE DENIED**

Federal Rule 37 addresses failures to cooperate in discovery.  Specifically, at (b) it addresses Failure to Comply with a Court Order:

> **(b)(2) Sanctions Sought in the District Where the Action is Pending**
>
> (A) For Not Obeying a Discovery Order.  If a party . . . fails to obey an order to provide or permit discovery . . .the court where the action is pending may issue further just orders.
>
> Federal R. Civ. P. 37(b)(2)(A)

The PSC Motions demonstrate a leap of logic, reasoning that because PSC takes a broader interpretation of the Court's Order, certain non-party respondents, such as BPMC, must have willfully and knowingly violated the Order.  However, the fact that a

respondent chooses to respond in accordance with the operative language of the Order cannot signal a violation of that Order, certainly not one which is willful or knowing. BPMC's December 3 response clearly demonstrates that the Order was read and was being addressed as it was understood. (See PSC Exhibit F, Dkt 787-6)

PSC has asked the Court to order Sanctions against BPMC.  However, although Rule 37 does provide for payment of expenses, it does so "unless the failure was substantially justified or other circumstances make an award unjust."  Federal R. Civ. P. 37(b)(2)(C).  Under the language of Rule 37, if the Court meant the Order in a different manner than the way it was interpreted by many Respondents, the appropriate remedy would be "further just orders."

In the very Order that is the subject of PSC's motions, the Court analyzed a question of sanctions raised against the PSC.  In deciding not to sanction, the Court looked at whether there was evidence of improper intentions worthy of sanctions (Order Dkt 572 at 27).  Such evidence does not exist here.  PSC has set forth a dispute as to the meaning of certain communications. As noted above, BPMC does not agree that the communications rise to the level of notice of a claim against BPMC.  At the most, this became a dispute of interpretation. However, it is not evidence of improper intentions or an unjustified failure to produce, nor is it a dispute that necessarily should still be at issue. Although BPMC maintains that the Subpoena is quashed, it has made an effort to produce pursuant to the remaining Subpoena topics. This offer was made in an effort to reduce costs to BPMC and to the PSC, but was not made without seeking protection from the PSC's Motions or the expense of responding to these Motions.  BPMC has not been offered adequate assurances, so the negotiations were fruitless.

BPMC is not aware of any claim against it. To its knowledge, none of its patients have filed suit. It remains a non-party respondent to the Subpoena. BPMC responded to the Subpoena in accordance with the Court's November 13 Order and has even offered to resolve this current dispute with additional production despite the Court quashing the Subpoena in its regard. BPMC has acted in good faith and Sanctions are not warranted.

**CONCLUSION**

Wherefore, for the reasons stated above, BPMC respectfully asks that the Court deny PSC's Motion to Compel, deny PSC's Motion for a finding of Contempt and deny PSC's Motion for Sanctions.

February 2, 2014                                    Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

_____/S/_____
Michelle J. Marzullo
USDC-MD Bar #26562
600 Baltimore Avenue, Suite 305
Towson, MD  21204
*Attorneys for Respondent Baltimore Pain Management Center*
Phone:  410-339-6880
Fax:  410-339-6881
mmarzullo@moodklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of February 2014, a copy of the foregoing Opposition to PSC's Motion to Compel Production, for finding of Civil Contempt and for an Award of Sanctions, with proposed Order was filed electronically via the Court's electronic filing system.  Notice of this filing will be sent electronically to parties and non-party attorneys who are registered with the Court's electronic filing system in this MDL.

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

_____/S/_____
Michelle J. Marzullo
USDC-MD Bar #26562
600 Baltimore Avenue, Suite 305
Towson, MD  21204
*Attorneys for Respondent Baltimore Pain Management Center*
Phone:  410-339-6880
Fax:  410-339-6881
mmarzullo@moodklaw.com