UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PROCUCTS LIABILITY LITIGATION ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) All Actions. ) | ) MDL No.: 2419 ) Master Docket No.: 1:13-md-2419-FDS |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION, FOR A FINDING OF CIVIL CONTEMPT, AND FOR AN AWARD OF SANCTIONS**

The Plaintiffs' Steering Committee ("PSC") comes before this Court in support of its Motion to Compel, for a Finding of Civil Contempt, and for an Award of Sanctions, and in reply to the opposition filed by Baltimore Pain Management Center. In support of its Motion the PSC states the following:

**I.    INTRODUCTION**

On January 17, 2014, the PSC moved the Court to enter an order (i) compelling BPMC to produce documents in response to the PSC Subpoena, (ii) finding BPMC in civil contempt of this Court pursuant to Rule 45(e), and (iii) ordering BPMC to pay an award of attorney fees as a sanction for willful violation of the Court's November 13, 2013 discovery order. ("Motion to Compel") (Doc. 786). *See also* Memorandum in Support of Plaintiffs' Steering Committee's Motion to Compel Production, for a Finding of Civil Contempt, and for an Award of Sanctions. ("PSC Memo in Support") (Doc. 787).

On February 2, 2014 BPMC filed its opposition to the Motion to Compel, maintaining that "it has been given no notice of a claim *against* BPMC involving NECC medications." Opposition of Baltimore Pain Management Center to PSC's Motion to Compel Production (Doc.

1

842, at 3) (emphasis in the original)("Opposition").  To support this assertion, BPMC disingenuously suggests that, despite the following specific references to plaintiff patients injured by BPMC, it was not on notice of a NECC-related claim against BPMC:

- August 2, 2013 email identifying Ms. Rose Krol and Mr. Ian Servoy as "Baltimore Pain Plaintiffs,"[1]

- July 9, 2013 telephonic meet and confer where plaintiffs' counsel notified BPMC counsel of  "individuals who were injured by services rendered by BPMC and its physicians and agents,"[2] and

- September 20, 2013 letter stating "this office represents the clients listed below for personal injuries sustained as a result of contaminated injections he/she received from your client, Baltimore Pain Management."[3]

BPMC's response stretches, or surpasses outright, the limits of common sense.  To argue, as it astonishingly does, that it is not aware of "a claim against" BPMC is merely playing a semantics game that flies in the face of the Court's order requiring any clinic that was sent a letter of representation or notice of claim respond to the subpoena.

## II.     The Motion to Compel is not moot.

BPMC asserts that the Motion to Compel is moot because it is now willing to produce the documents.[4]  Opposition, p. 2.  Yet, BPMC has not produced the documents or complied with the PSC Subpoena in any way.  The PSC agreed to withdraw the Motion to Compel once the documents have been received and review demonstrates BPMC's good faith response to the

---

[1] *See* PSC Memo in Support, Ex. D.
[2] *See* PSC Memo in Support, Ex. A, ¶¶ 2-3.
[3] *See* PSC Memo in Support, Ex. E.
[4] It is noteworthy that BPMC apparently never considered production of documents in response to the full PSC Subpoena until it saw the facts spelled out in the Motion to Compel.

full PSC Subpoena. As of the date of this reply however, BPMC still has not produced a single document responsive to the PSC Subpoena and refuses to produce those documents.

**III.     BPMC was given notice of claims against it and is in violation of the Court's November 13, 2013 discovery order.**

Judge Boal ordered all clinics joined in the MDL litigation or provided a letter of representation or given notice of a claim against the clinic relating to NECC medications to respond to the PSC Subpoena. *See* Order on Motions to Quash and Objections to Subpoenas (Doc. 572, p. 20). In coming to this conclusion, the order expressly contemplated the difference between healthcare providers "who have received ***notices of claims or letters of representation from any potential plaintiff***," like BPMC and many others, and those who received no notice or such letters, when ordering production by healthcare providers like BPMC. *See id.* at p. 19 (*emphasis added*). BPMC has been given notice of a claim against it in relation to NECC medications, as the documents submitted by the PSC as part of the Motion to Compel demonstrate:

- On July 9, 2013, counsel for BPMC acknowledged that there were two BPMC patients who had claims in the NECC litigation, who had not yet filed suit. PSC Memo in Support, Ex. C.

- On August 2, 2013, plaintiffs' counsel provided Counsel for BPMC with the names of two individuals "***who were injured by services rendered by BPMC and its physicians and agents***..." PSC Memo in Support, Ex. A. (*emphasis added*).

- Counsel for BPMC received the names of two individuals who were identified as "***Baltimore Pain Plaintiffs***," Ms. Rose Krol and Mr. Ian Serovy. Counsel for BPMC acknowledged receipt of that information in a responsive email. PSC Memo in Support Ex. D (*emphasis added*).

3

- On September 20, 2013, in a letter referencing NECC litigation, plaintiffs' counsel stated that "this office represents the clients listed below [Ms. Krol and Mr. Serovy] for personal injuries sustained as a result of contaminated injections he/she received from your client, Baltimore Pain Management…" PSC Memo in Support, Ex. E.

Despite its contention, this correspondence goes far beyond putting BPMC on notice of a "claim against it," and instead goes on to describe the nature of the claim and identify the "Baltimore Pain Plaintiffs." Under no reasonable interpretation of these facts could BPMC conclude that it had no notice of a NECC-related claim against it. BPMC had notice, is subject to this Court's November 13, 2013 discovery order, and is in clear and willful violation of that Order.

## IV.   CONCLUSION

For the foregoing reasons the PSC again moves the Court to enter an order holding BPMC in contempt, compelling full production of documents within ten days, and imposing a monetary sanction on BPMC in an amount sufficient to reimburse the PSC for reasonable attorney fees incurred in pursuit of such order to be deposited in a Common Benefit Fund.

Date:  February 4, 2014

Respectfully submitted,

**/s/ Kimberly A. Dougherty**
Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

*Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223

mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Kimberly A. Dougherty, hereby certify that I caused a copy of the foregoing *Plaintiffs' Steering Committee's Reply in Support of Its Motion to Compel Production, for a Finding of Civil Contempt, and for an Award of Sanctions,* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date: February 4, 2014

/s/Kimberly A. Dougherty
Kimberly A. Dougherty
BBO# 658014