UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>   All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>)<br>) |

### JOINT MOTION BY THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR LEAVE TO FILE A RESPONSE TO THE ROANOKE GENTRY LOCKE PLAINTIFFS' REPLY TO THE OMNIBUS REPLY AND OPPOSITION OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE STATEMENT OF INSIGHT HEALTH CORP.

Paul D. Moore, in his capacity as the chapter 11 trustee for New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center (the "Chapter 11 Trustee"), and the Official Committee of Unsecured Creditors (the "Official Committee") hereby move, in accordance with Rule 7.1(b)(3) of the Local Rules of the United States District Court for the District of Massachusetts, for leave to file a response to the *Roanoke Gentry Locke Plaintiffs' Reply to the Omnibus Reply and Opposition of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors and the Statement of Insight Health Corp.* [Dkt. 844], and in support thereof respectfully state as follows:

On December 27, 2013, the Chapter 11 Trustee filed his Renewed Motion to Transfer,[1] to which the Official Committee filed a joinder [Dkt. 743].[2]  In opposition to the Renewed Motion

---

[1] Unless otherwise set forth herein, capitalized terms shall have the meanings ascribed to them in the *Omnibus Reply of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors in Further Support of the Trustee's Renewed and Supplemental Motion to Transfer Additional Personal Injury Tort and Wrongful Death Cases to This Court Pursuant to 28 U.S.C. §§ 1334 and 157(b)(5) and Opposition to the Roanoke Gentry Locke Plaintiffs' Renewed Motion for*
(Continued…)

to Transfer, the Roanoke Gentry Locke Plaintiffs (the "RGL Plaintiffs") filed their *Renewed Motion for Mandatory or Permissive Abstention under 28 U.S.C. § 1334* [Dkt. 763] (the "Renewed Abstention Motion"), together with a memorandum of law in in support thereof [Dkt. 764]. In response, the Trustee and the Official Committee filed the Omnibus Reply.

On February 3, 2014, the RGL Plaintiffs filed the *Roanoke Gentry Locke Plaintiffs' Reply to the Omnibus Reply and Opposition of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors and the Statement of Insight Health Corp.* [Dkt. 844]. Although characterized as a reply, this latter submission (the "RGLP Sur-Reply") is a thinly disguised sur-reply to the Renewed Motion to Transfer, which, among other things, offers new arguments and generally exceeds the scope of a proper reply in further support of the Renewed Abstention Motion. Indeed, many of the RGL Plaintiffs' arguments should have been raised in their opposition to the Original Transfer Motion.

In light of the new arguments advanced by the RGL Plaintiffs, the Chapter 11 Trustee and the Official Committee respectfully request that this Court grant them leave to file a written response in order to address those arguments that were raised for the first time in the RGLP Sur-Reply (they do not seek to re-state the arguments previously made in the Renewed Motion to Transfer or the Omnibus Reply). The Chapter 11 Trustee and the Official Committee believe

---

(Continued…)

*Mandatory or Permissive Abstention Under 28 U.S.C. § 1334* [Dkt. 818] (the "Omnibus Reply").

[2] On March 10, 2013, the Chapter 11 Trustee filed a *Motion to Transfer Personal Injury Tort and Wrongful Death Cases Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334* [Dkt. 37] (the "Original Transfer Motion"), which this Court granted in part and denied in part in a Memorandum and Order [Dkt. 170] dated May 31, 2013.

that their joint response will be helpful to this Court in ultimately deciding the Renewed Motion to Transfer and the Renewed Abstention Motion, and is consistent with the general principles of motion practice, as both parties will have had an opportunity to brief the issues before the Court.

WHEREFORE, for all of the foregoing reasons, the Chapter 11 Trustee and the Official Committee respectfully request that this Court grant them leave to file a response to the RGLP Sur-Reply.

Dated: February 6, 2014
Respectfully submitted,

| BROWN RUDNICK LLP | DUANE MORRIS LLP |
|---|---|
| By: /s/ *David J. Molton* <br> David J. Molton, Esq. <br> Seven Times Square <br> New York, New York 10036 <br> Telephone: (212) 209-4800 <br> Facsimile: (212) 209-4801 <br> dmolton@brownrudnick.com | /s/ *Michael R. Gottfried* <br> Michael R. Gottfried (BBO #542156) <br> 100 High Street <br> Suite 2400 <br> Boston, MA 02110-1724 <br> Phone: (857) 488-4200 <br> Email: mrgottfried@duanemorris.com |
| and | *Counsel for Paul D. Moore, Chapter 11 Trustee of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center* |
| William R. Baldiga, Esq. <br> Kiersten A. Taylor, Esq. <br> One Financial Center <br> Boston, Massachusetts 02111 <br> Telephone: (617) 856-8200 <br> Facsimile: (617) 856-8201 <br> wbaldiga@brownrudnick.com <br> ktaylor@brownrudnick.com | |
| and | |
| Rebecca L. Fordon, Esq. <br> 2211 Michelson Drive, 7th Floor <br> Irvine, California 92612 <br> Telephone: (949) 752-7100 <br> Facsimile: (949) 252-1514 <br> rfordon@brownrudnick.com | |

4

*Counsel to the Official Committee of
Unsecured Creditors of New England
Compounding Pharmacy, Inc.*