# Exhibit 1

















JAH   11/4/05   12:04

3:05-CV-01802   METABOLIFE INTL INC V.

*29*

*O.*

05 NOV -3 AM 8: 22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 05cv1802-IEG(RBB) |
| METABOLIFE INTERNATIONAL, INC. and ALPINE HEALTH PRODUCTS, LLC, | Order Granting Petition of Debtors-in-Possession Pursuant to 28 U.S.C. § 157(b)(5) [Doc. No. 1] |
| Debtors/Petitioners, | |

Debtors-in-possession Metabolife International, Inc. ("Metabolife") and Alpine Health Products, LLC ("Alpine Health") (together with Metabolife, the "Debtors-in-Possession"), petition the Court pursuant to 28 U.S.C. § 157(b)(5) for an order determining that personal injury tort and wrongful death ("PITWD") claims, which cannot be tried in a bankruptcy court, shall be heard in this district court rather than in state and federal courts throughout the country. Debtors-in-Possession also seek related ancillary relief as necessary to implement the transfer the cases to this Court. Debtors-in-Possession do not, at this time, seek transfer of the approximately 200 MDL Actions currently pending before the Southern District of New York to this Court for pretrial management. Debtors-in-Possession, however, do seek immediate transfer of all other non-MDL PITWD actions to this Court. Debtors-in-Possession have served a copy of their petition upon counsel for all interested parties, including counsel for all PITWD plaintiffs.

1    Metabolife's sole shareholders, Michael Blevins, William Bradley, and Michael Ellis, have

2    joined in the petition. These parties, however, additionally ask the Court to immediately transfer to

3    this Court all Ephedra Actions, including those which are part of the S.D.N.Y. MDL Action.

4    The Official Committee of Unsecured Creditors ("Committee"), appointed in the

5    coordinated Metabolife and Alpine Health bankruptcy actions, has filed a limited opposition. The

6    Committee argues that although this Court should be designated as the proper forum for trial of all

7    PITWD ephedra actions, the existing MDL Transfer Order, as well as the "tag-along" requirements

8    of MDL Rules 1.1 and 7.4, require that all actions, once removed to this District, be transferred to

9    the MDL Proceedings for all pretrial management purposes. The Committee, therefore, opposes

10   the shareholders' proposal to immediately transfer the MDL Actions to this Court.

11   Oppositions have been filed by Christopher Harris, and Jerome and Susana Kreutzer, who

12   have PITWD actions pending before the San Diego County Superior Court as part of coordinated

13   proceeding JCCP 4360. An opposition has also been filed by certain doctors who are defendants to

14   a PITWD action that was made part of the S.D.N.Y. MDL Action.

15   The Plaintiffs' Coordinating Committee ("PCC") of the S.D.N.Y. Ephedra MDL Action

16   also filed a late "response" to Metabolife's petition. In that "response" the PCC asks the Court to

17   transfer all the "adversary proceedings" involving PITWD claims against Metabolife to the MDL

18   Judge in S.D.N.Y. pursuant to 28 U.S.C. § 1412. Debtors-in-Possession have filed a consolidated

19   reply responding to the arguments of each of these parties.

20   A hearing was held before Chief Judge Irma E. Gonzalez on October 24, 2005. Robert

21   Barnes appeared on behalf of Debtors-in-Possession. Victor Vilaplana and Peter Gurfein appeared

22   on behalf of shareholders Michael Blevins, William Bradley, and Michael Ellis. David Molton and

23   Christine Bauer appeared on behalf of the Official Committee of Unsecured Creditors. Laura

24   Taylor appeared on behalf of the Unofficial Retailers' Committee. Fernando DeLeon, Edward

25   Blizzard, and Anne Andrews appeared on behalf of the Ephedra MDL Plaintiffs' Coordinating

26   Committee. Steven Siskos appeared on behalf of the JCCP Plaintiffs' Coordinating Committee.

27   Manuel Corrales appeared on behalf of San Diego Superior Court Plaintiffs Jerome and Susana

28   Kreutzer. Thomas Tosdal appeared on behalf of San Diego Superior Court Plaintiff Christopher

- 2 -

1  Harris.  Lisa Ackley appeared on behalf of third party Chemins.  Paul LaScala appeared on behalf

2  of third party Wal-Mart.

3  *Background*

4  Debtors-in-Possession filed a petition for bankruptcy under chapter 11 of the Bankruptcy

5  Code in the United States Bankruptcy Court for the Southern District of California on June 30,

6  2005 (Case No. 05-06040).  Those bankruptcy proceedings are being jointly administered by Chief

7  Bankruptcy Judge John Hargrove .  At the time the bankruptcy petitions were filed, approximately

8  362 ephedra-based personal injury tort and wrongful death ("PITWD") actions were pending

9  against Metabolife and/or Alpine Health in state and federal courts.  These PITWD cases allege

.10  injuries resulting from the purchase and use of Metabolife's products that contained ephedra.

11  Approximately 200 Ephedra Actions have been transferred to the District Court for the

12  Southern District of New York pursuant to an April 13, 2004 MDL Transfer Order.  Judge Jed S.

13  Rakoff is presiding over the consolidated pretrial management of the MDL claims.  In addition,

14  there are approximately 90 actions pending before California state courts which have been

15  coordinated by the Judicial Council of California ("JCCP") in a single proceeding in the San Diego

16  County Superior Court before Judge Ronald Styn.[1]  There are approximately 73 additional actions

17  pending in various state or federal courts around the country.  In addition to Metabolife and Alpine

18  Health, many of the Ephedra Actions name other parties with a connection to Metabolife, such as

19  retailers or entities that sold Metabolife products to the users, manufacturers of Metabolife

20  products, distributors, and Metabolife's shareholders.

21  After Metabolife and Alpine filed their bankruptcy petitions on June 30, 2005, the

22  bankruptcy court appointed an Official Committee of Unsecured Creditors ("Committee") under

23  11 U.S.C. § 1102.  The Committee is made up of certain plaintiffs in the Ephedra Actions as well

24  as certain trade creditors of the Debtors-in-Possession.  Debtors-in-Possession have moved the

25  bankruptcy court for approval of the sale of substantially all of their assets.  That sale is currently

26  set for November 3, 2005.

27

28  [1]  On September 27, 2005, Superior Court defendants Wal-Mart, Rite-Aid Corp., Costco Wholesale Corp., and The Chemins Company removed 20 of the San Diego Superior Court JCCP actions to Southern District of California Bankruptcy Court.

- 3 -

1    Pursuant to the provisions of the bankruptcy code, all Ephedra Actions against Debtors-in-

2    Possession were automatically stayed with the filing of the bankruptcy.  On July 8, 2005, Judge

3    Styn issued an order staying the JCCP action in San Diego County Superior Court for 90 days,

4    including claims against third parties.  On August 23, 2005, Judge Rakoff entered a stipulation that

5    had been negotiated and signed by Debtors-in-Possession, the Committee, and the third parties,

6    staying the MDL Ephedra Actions for 90 days.  On September 7, 2005, Judge Hargrove granted

7    Debtors-in-Possession's motion for a preliminary injunction enjoining all proceedings in all

8    Ephedra Actions for a period of 90 days.

9    On September 16, 2005, Debtors-in-Possession filed the current petition under 28 U.S.C.

10   § 157(b)(5) for an order determining that all PITWD claims shall be tried in this District Court

11   rather than in courts scattered around the country.  Debtors-in-Possession do not seek immediate

12   transfer of the 200 or so MDL Actions pending before the Southern District of New York, but

13   instead propose that those cases remain in New York until such time as they are ready for

14   resolution by trial.  Debtors-in-Possession ask that the remaining 162 or so non-MDL cases

15   pending throughout the country, including the 90 JCCP cases before the San Diego County

16   Superior Court, be forthwith transferred to this Court.

17                                                    ***Discussion***

18   Pursuant to 28 U.S.C. § 157, "[t]he district court shall order that personal injury tort and

19   wrongful death claims shall be tried in the district court in which the bankruptcy case is pending,

20   or in the district court in the district in which the claim arose, as determined by the district court in

21   which the bankruptcy case is pending."  The purpose of § 157(b)(5) is "to centralize the

22   administration of the [bankruptcy] estate and to eliminate the 'multiplicity of forums for the

23   adjudication of parts of a bankruptcy case.'"  A.H. Robins Company, Inc. v. Piccinin, 788 F.2d

24   994, 1011 (4th Cir. 1986) (quoting 130 Cong. Rec. H.7492, June 29, 1984, *reprinted in* 1984

25   U.S.C.C.A.N. at 579); see also In re Pan Am Corp., 16 F.3d 513, 516 (2d Cir. 1994) ("Congress

26   enacted section 157(b)(5) to expand the district court's venue-fixing powers with an eye to

27   centralizing the adjudication of a bankruptcy case.").  By centralizing cases under § 157(b)(5), the

28   court "increases the debtor's odds of developing a reasonable plan of reorganization which will

- 4 -

1    'work a rehabilitation of the debtor and at the same time assure fair and non-preferential resolution

2    of the . . . claims.'" In re Dow Corning Corp., 86 F.3d 482, 496 (6th Cir. 1996) (quoting A.H.

3    Robins Co., 788 F.2d at 1011). The district court's power to fix venue under § 157(b)(5) also

4    extends to cases pending against nondebtor defendants which are "related to" a debtor's

5    bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b). In re Dow Corning Corp., 86 F.3d at

6    497.

7         Although the language of § 157(b)(5) appears to impose upon the district court a mandatory

8    duty to fix venue, the court must first determine whether it is appropriate to abstain pursuant to 28

9    U.S.C. § 1334(c). In re Dow Corning, 86 F.3d at 497 (citing In re Pan Am Corp., 950 F.2d 839,

10   844 (2d Cir. 1991)). Section 1334(c)(1) provides as follows: "[n]othing in this section prevents a

11   district court in the interests of justice, or, in the interest of comity with State courts or respect for

12   state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in

13   or related to a case under title 11." In determining whether or not to abstain from transferring

14   venue under § 157(b)(5), courts should consider twelve factors:

15       (1)  the effect or lack thereof on the efficient administration of the estate if a Court
               recommends abstention,

16       (2)  the extent to which state law issues predominate over bankruptcy issues,
         (3)  the difficulty or unsettled nature of the applicable law,

17       (4)  the presence of a related proceeding commenced in state court or other bankruptcy
               court,

18       (5)  the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
         (6)  the degree of relatedness or remoteness of the proceeding to the main bankruptcy

19             case,
         (7)  the substance rather than form of an asserted "core" proceeding,

20       (8)  the feasibility of severing state law claims from core bankruptcy matters to allow
               judgments to be entered in state court with enforcement left to the bankruptcy court,

21       (9)  the burden on [the bankruptcy court's] docket,
        (10)  the likelihood that the commencement of the proceeding in bankruptcy court

22             involves forum shopping by one of the parties,
        (11)  the existence of a right to a jury trial, and

23      (12)  the presence in the proceeding of nondebtor parties.

24   In re Pacific Gas & Electric Co., 279 B.R. 561, 569-70 (N.D. Cal. 2002) (quoting Christensen v.

25   Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1999)). Where a proper request for transfer is

26   made under § 157(b)(5), "[t]ransfer should be the rule, abstention the exception." In re Pan Am

27   Corp., 950 F.2d at 845; see also In re Twin Laboratories, Inc., 300 B.R. 836, 841 (S.D.N.Y. 2003).

28        Despite the issues raised by the San Diego Superior Court plaintiffs Harris and Kreutzer, as

1   well as the doctor defendants in the <u>Gyani v. Metabolife Int'l Inc.</u> case pending before the Southern

2   District of New York, the Court concludes that it is in the best interests of all involved parties to

3   grant the Debtors-in-Possession's motion under § 157(b)(5).  This case demonstrates the need to

4   centralize the administration of all PITWD claims against the bankruptcy estate in a single district

5   court.  Like the Dow Corning breast implant claims addressed in the <u>In re Dow Corning Corp.</u>

6   case, the Dalkon Shield IUD claims addressed in the <u>A.H. Robins Company, Inc.</u> case, the claims

7   resulting from the crash of Pan Am flight 103 in the <u>In re Pan Am. Corp.</u> case, and the similar

8   ephedra claims raised in <u>In re Twin Laboratories, Inc.</u>, the claims of the 362 PITWD plaintiffs who

9   have filed suits against Metabolife and Alpine Health need to be administered by a central court.

10  As the Fourth Circuit pointed out many years ago in the <u>A.H. Robins Company, Inc.</u> case, "[t]he

11  'single focal point' of this proceeding [the chapter 11 bankruptcy] is the development of a

12  reasonable plan of reorganization for the debtor, one which will work a rehabilitation of the debtor

13  and at the same time assure fair and non-preferential resolution of the [ephedra] claims."  788 F.2d

14  at 1012.  Although a couple of objections have been filed by individual claimants in opposition to

15  the current petition, "[i]f the claimants as a whole are to realize reasonable compensation for their

16  claims, it is obviously in the interest of the class of claimants as a whole to obviate the tremendous

17  expense of trying these cases separately."  <u>Id.</u> at 1013

18        The Court further concludes, that the opposing parties have not demonstrated that the

19  balance of factors set forth in <u>In re Pacific Gas & Electric Co.</u> favors abstention.  With regard to

20  the JCCP actions before the San Diego County Superior Court,[2] the Court concludes that the

21  balance of factors favors the exercise of jurisdiction by this Court.  On September 27, 2005, the

22  non-debtor defendants removed 20 of the JCCP cases to the Southern District of California

23  Bankruptcy Court.  With only a couple exceptions, the remaining JCCP actions have been filed

24  solely against the Debtors-in-Possession.  Because of the automatic stay under the bankruptcy

25  code, those cases will remain stayed indefinitely pending confirmation of a plan by the bankruptcy

26

27        [2] The Court notes that although counsel representing the JCCP Plaintiffs' Coordinating
    Committee appeared at the hearing, the Committee did not file a written opposition or abstention
28  motion.  No other Superior Court plaintiff filed a written opposition to the petition or motion for
    abstention.

1  court. The Kreutzer and Harris plaintiffs argue that transfer of the JCCP actions to this Court will

2  result in a monumental waste of judicial resources because much of the pretrial preparation of

3  these cases has been completed and they are simply awaiting trial. No trial will occur in those

4  cases, however, while the bankruptcy is pending. Therefore, the transfer of the actions to this

5  Court will not prejudice the rights of those plaintiffs. Furthermore, although the Kreutzer and

6  Harris plaintiffs argue that there are novel issues of California causation law to be resolved in these

7  cases, the Court believes these legal issues are not particularly difficult or unsettled. In addition,

8  the state law issues do not predominate over the bankruptcy issues. The PITWD proceedings

9  throughout the country are directly related to the bankruptcy case because the bankruptcy was

10  precipitated, in large part, by the tort claims. It is not feasible to sever the PITWD claims from the

11  core bankruptcy matters because the bankruptcy court cannot confirm a plan for administration of

12  the estate without considering the impact of these claims. The Court notes that the assets of

13  Debtor-in-Possession are pending sale, such that there will be a finite pool of money from which

14  claims can be paid. Transferring venue for trial to this Court will ensure that this pool can be fairly

15  distributed in accordance with the bankruptcy plan. The Court does not find that the initiation of

16  the bankruptcy proceedings constitutes forum shopping because the Debtors-in-Possession are

17  California corporations with their principal places of business within this District. Finally,

18  although there would be some burden on this Court associated with the transfer of venue under §

19  157(b)(5), that burden is largely ameliorated by leaving the pending MDL Actions in the Southern

20  District of New York. Therefore, upon consideration of all the factors, the Court concludes that

21  the balance tips strongly in favor of the exercise of jurisdiction by this Court under § 157(b)(5) as

22  to all of the JCCP Superior Court cases, and against abstention as requested by San Diego Superior

23  Court plaintiffs Harris and Kreutzer.

24           With regard to the Gyani case doctor defendants, these parties appear to raise valid

25  arguments regarding whether the malpractice claims against them should be severed from the MDL

26  proceeding and remanded to the originating Court. Those issues, however, need to be raised by

27  noticed motion to the appropriate court or to the Panel on Multidistrict Litigation that originally

28  ordered that the case be made part of the MDL Action. Because this Court is not ordering the

1   immediate transfer of the MDL Actions, the <u>Gyani</u> doctor defendants can proceed with such

2   motion in due course, prior to any final transfer of the case to this Court for trial.

3         With regard to the remaining 73 or so non-MDL, non-JCCP cases, the Court also finds it

4   appropriate to exercise jurisdiction under § 157(b)(5). There are currently PITWD cases pending

5   against the Debtors-in-Possession in the state and federal courts in Virginia, Texas, Pennsylvania,

6   Minnesota, Maryland, Washington, Missouri, Massachusetts, Florida, New Jersey, Ohio,

7   Oklahoma, Georgia, Illinois, Arkansas, Louisiana, Kansas, Connecticut, Utah, Mississippi,

8   Arizona, North Carolina, Alabama, and Nevada. The transfer of these cases under § 157(b)(5) will

9   promote the efficient administration of the bankruptcy estate by eliminating the need for Debtors-

10   in-Possession to litigate these claims throughout the country. In particular, although these cases

11   are currently under a stay imposed by Chief Bankruptcy Judge Hargrove, at the hearing before this

12   Court there was some indication that there continues to be some ongoing issues in these

13   proceedings. Transfer of the cases to this Court, in the district in which the bankruptcy

14   proceedings are pending, will ensure that the interests of the PITWD claimants, and the Debtors-

15   in-Possession, and the other claimants of the bankruptcy estate, are fully and fairly protected.

16         In the "response" filed by the Plaintiffs' Coordinating Committee ("PCC") of the Ephedra

17   MDL Action, the PCC alternatively asks the Court to transfer all of the PITWD claims to the

18   United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1412.

19   Besides the fact that the "response" is in fact a grossly untimely motion for affirmative relief,

20   § 1412 also does not provide the relief sought by the PCC. Section 1412 provides that "[a] district

21   court may transfer a case or proceeding under title 11 to a district court for another district, in the

22   interest of justice or for the convenience of the parties." As an initial matter, § 1412 allows only

23   the court in which a suit is pending to transfer such case to another court. <u>A.H. Robins Co.</u>, 788

24   F.2d at 1011. In particular, it is ordinarily for the bankruptcy court to determine whether such a

25   transfer of venue is appropriate. <u>Id.</u>; <u>see also</u> <u>Calumet Nat'l Bank v. Levine</u>, 179 B.R. 117, 121

26   (N.D. Ind. 1995). Because the other cases that the PCC urges the Court to transfer under § 1412

27   are not currently before this Court, this Court lacks jurisdiction to transfer them to the S.D. New

28   York. In addition, PITWD claims form a special class within the realm of bankruptcy law, and

1  § 157(b)(5) is the proper section governing the determination of venue as to such claims. Id.

2  Under § 157(b)(5), this Court can order that PITWD claims be tried only in this Court or in the

3  court in which the claim arose. The Southern District of New York, as an MDL transferee court,

4  does not fit in either of those categories.

5  *Conclusion*

6  For the reasons set forth herein, the Debtors-in-Possession's petition under 28 U.S.C.

7  § 157(b)(5) is GRANTED. Pursuant to § 157(b)(5), the Court orders that this is the appropriate

8  venue for trial of PITWD cases against the Debtors-in-Possession. Counsel for the Debtors-in-

9  Possession shall forthwith submit a proposed order to the Court providing for the immediate

10  transfer of venue all of the non-MDL Ephedra Actions against them to this Court. Upon receipt of

11  the case files by the Clerk of the Court, a new case number shall be assigned to each case. Such

12  cases shall thereafter be assigned according to the low number rule, S.D. Cal. Local Civil Rule

13  40.1(h). The MDL Actions shall remain in the United States District Court for the Southern

14  District of New York until such time, if any, that trial of the actions becomes appropriate. Trial

15  shall take place in the Southern District of California. All requests for relief regarding pretrial

16  management of non-MDL Actions are denied without prejudice.

17  **IT IS SO ORDERED**.

18

19  Dated: _Nov. 2, 2005_

20  HON. IRMA E. GONZALEZ, Chief Judge
   United States District Court

21  Southern District of California

22  cc:   Magistrate Judge Brooks
      Counsel of Record

23

24

25

26

27

28

05cv1802

USDC SCAN INDEX SHEET

















JAH    11/4/05    12:04

3:05-CV-01802    METABOLIFE INTL INC V.

*29*

*O.*

05 NOV -3 AH 8:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 05cv1802-IEG(RBB) |
| METABOLIFE INTERNATIONAL, INC. and ALPINE HEALTH PRODUCTS, LLC, | Order Granting Petition of Debtors-in-Possession Pursuant to 28 U.S.C. § 157(b)(5) [Doc. No. 1] |
| Debtors/Petitioners, | |

Debtors-in-possession Metabolife International, Inc. ("Metabolife") and Alpine Health Products, LLC ("Alpine Health") (together with Metabolife, the "Debtors-in-Possession"), petition the Court pursuant to 28 U.S.C. § 157(b)(5) for an order determining that personal injury tort and wrongful death ("PITWD") claims, which cannot be tried in a bankruptcy court, shall be heard in this district court rather than in state and federal courts throughout the country. Debtors-in-Possession also seek related ancillary relief as necessary to implement the transfer the cases to this Court. Debtors-in-Possession do not, at this time, seek transfer of the approximately 200 MDL Actions currently pending before the Southern District of New York to this Court for pretrial management. Debtors-in-Possession, however, do seek immediate transfer of all other non-MDL PITWD actions to this Court. Debtors-in-Possession have served a copy of their petition upon counsel for all interested parties, including counsel for all PITWD plaintiffs.

1   Metabolife's sole shareholders, Michael Blevins, William Bradley, and Michael Ellis, have

2 joined in the petition. These parties, however, additionally ask the Court to immediately transfer to

3 this Court all Ephedra Actions, including those which are part of the S.D.N.Y. MDL Action.

4   The Official Committee of Unsecured Creditors ("Committee"), appointed in the

5 coordinated Metabolife and Alpine Health bankruptcy actions, has filed a limited opposition. The

6 Committee argues that although this Court should be designated as the proper forum for trial of all

7 PITWD ephedra actions, the existing MDL Transfer Order, as well as the "tag-along" requirements

8 of MDL Rules 1.1 and 7.4, require that all actions, once removed to this District, be transferred to

9 the MDL Proceedings for all pretrial management purposes. The Committee, therefore, opposes

10 the shareholders' proposal to immediately transfer the MDL Actions to this Court.

11   Oppositions have been filed by Christopher Harris, and Jerome and Susana Kreutzer, who

12 have PITWD actions pending before the San Diego County Superior Court as part of coordinated

13 proceeding JCCP 4360. An opposition has also been filed by certain doctors who are defendants to

14 a PITWD action that was made part of the S.D.N.Y. MDL Action.

15   The Plaintiffs' Coordinating Committee ("PCC") of the S.D.N.Y. Ephedra MDL Action

16 also filed a late "response" to Metabolife's petition. In that "response" the PCC asks the Court to

17 transfer all the "adversary proceedings" involving PITWD claims against Metabolife to the MDL

18 Judge in S.D.N.Y. pursuant to 28 U.S.C. § 1412. Debtors-in-Possession have filed a consolidated

19 reply responding to the arguments of each of these parties.

20   A hearing was held before Chief Judge Irma E. Gonzalez on October 24, 2005. Robert

21 Barnes appeared on behalf of Debtors-in-Possession. Victor Vilaplana and Peter Gurfein appeared

22 on behalf of shareholders Michael Blevins, William Bradley, and Michael Ellis. David Molton and

23 Christine Bauer appeared on behalf of the Official Committee of Unsecured Creditors. Laura

24 Taylor appeared on behalf of the Unofficial Retailers' Committee. Fernando DeLeon, Edward

25 Blizzard, and Anne Andrews appeared on behalf of the Ephedra MDL Plaintiffs' Coordinating

26 Committee. Steven Siskos appeared on behalf of the JCCP Plaintiffs' Coordinating Committee.

27 Manuel Corrales appeared on behalf of San Diego Superior Court Plaintiffs Jerome and Susana

28 Kreutzer. Thomas Tosdal appeared on behalf of San Diego Superior Court Plaintiff Christopher

1  Harris. Lisa Ackley appeared on behalf of third party Chemins. Paul LaScala appeared on behalf

2  of third party Wal-Mart.

3                                          *Background*

4           Debtors-in-Possession filed a petition for bankruptcy under chapter 11 of the Bankruptcy

5  Code in the United States Bankruptcy Court for the Southern District of California on June 30,

6  2005 (Case No. 05-06040). Those bankruptcy proceedings are being jointly administered by Chief

7  Bankruptcy Judge John Hargrove . At the time the bankruptcy petitions were filed, approximately

8  362 ephedra-based personal injury tort and wrongful death ("PITWD") actions were pending

9  against Metabolife and/or Alpine Health in state and federal courts. These PITWD cases allege

.10  injuries resulting from the purchase and use of Metabolife's products that contained ephedra.

11          Approximately 200 Ephedra Actions have been transferred to the District Court for the

12  Southern District of New York pursuant to an April 13, 2004 MDL Transfer Order. Judge Jed S.

13  Rakoff is presiding over the consolidated pretrial management of the MDL claims. In addition,

14  there are approximately 90 actions pending before California state courts which have been

15  coordinated by the Judicial Council of California ("JCCP") in a single proceeding in the San Diego

16  County Superior Court before Judge Ronald Styn.[1] There are approximately 73 additional actions

17  pending in various state or federal courts around the country. In addition to Metabolife and Alpine

18  Health, many of the Ephedra Actions name other parties with a connection to Metabolife, such as

19  retailers or entities that sold Metabolife products to the users, manufacturers of Metabolife

20  products, distributors, and Metabolife's shareholders.

21          After Metabolife and Alpine filed their bankruptcy petitions on June 30, 2005, the

22  bankruptcy court appointed an Official Committee of Unsecured Creditors ("Committee") under

23  11 U.S.C. § 1102. The Committee is made up of certain plaintiffs in the Ephedra Actions as well

24  as certain trade creditors of the Debtors-in-Possession. Debtors-in-Possession have moved the

25  bankruptcy court for approval of the sale of substantially all of their assets. That sale is currently

26  set for November 3, 2005.

27

28     [1] On September 27, 2005, Superior Court defendants Wal-Mart, Rite-Aid Corp., Costco
       Wholesale Corp., and The Chemins Company removed 20 of the San Diego Superior Court JCCP
       actions to Southern District of California Bankruptcy Court.

1      Pursuant to the provisions of the bankruptcy code, all Ephedra Actions against Debtors-in-

2  Possession were automatically stayed with the filing of the bankruptcy.  On July 8, 2005, Judge

3  Styn issued an order staying the JCCP action in San Diego County Superior Court for 90 days,

4  including claims against third parties.  On August 23, 2005, Judge Rakoff entered a stipulation that

5  had been negotiated and signed by Debtors-in-Possession, the Committee, and the third parties,

6  staying the MDL Ephedra Actions for 90 days.  On September 7, 2005, Judge Hargrove granted

7  Debtors-in-Possession's motion for a preliminary injunction enjoining all proceedings in all

8  Ephedra Actions for a period of 90 days.

9      On September 16, 2005, Debtors-in-Possession filed the current petition under 28 U.S.C.

10  § 157(b)(5) for an order determining that all PITWD claims shall be tried in this District Court

11  rather than in courts scattered around the country.  Debtors-in-Possession do not seek immediate

12  transfer of the 200 or so MDL Actions pending before the Southern District of New York, but

13  instead propose that those cases remain in New York until such time as they are ready for

14  resolution by trial.  Debtors-in-Possession ask that the remaining 162 or so non-MDL cases

15  pending throughout the country, including the 90 JCCP cases before the San Diego County

16  Superior Court, be forthwith transferred to this Court.

17                    ***Discussion***

18      Pursuant to 28 U.S.C. § 157, "[t]he district court shall order that personal injury tort and

19  wrongful death claims shall be tried in the district court in which the bankruptcy case is pending,

20  or in the district court in the district in which the claim arose, as determined by the district court in

21  which the bankruptcy case is pending."  The purpose of § 157(b)(5) is "to centralize the

22  administration of the [bankruptcy] estate and to eliminate the 'multiplicity of forums for the

23  adjudication of parts of a bankruptcy case.'"  A.H. Robins Company, Inc. v. Piccinin, 788 F.2d

24  994, 1011 (4th Cir. 1986) (quoting 130 Cong. Rec. H.7492, June 29, 1984, *reprinted in* 1984

25  U.S.C.C.A.N. at 579); see also In re Pan Am Corp., 16 F.3d 513, 516 (2d Cir. 1994) ("Congress

26  enacted section 157(b)(5) to expand the district court's venue-fixing powers with an eye to

27  centralizing the adjudication of a bankruptcy case.").  By centralizing cases under § 157(b)(5), the

28  court "increases the debtor's odds of developing a reasonable plan of reorganization which will

05cv1802

1   'work a rehabilitation of the debtor and at the same time assure fair and non-preferential resolution

2   of the . . . claims.'"  In re Dow Corning Corp., 86 F.3d 482, 496 (6ᵗʰ Cir. 1996) (quoting A.H.

3   Robins Co., 788 F.2d at 1011).  The district court's power to fix venue under § 157(b)(5) also

4   extends to cases pending against nondebtor defendants which are "related to" a debtor's

5   bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b).  In re Dow Corning Corp., 86 F.3d at

6   497.

7        Although the language of § 157(b)(5) appears to impose upon the district court a mandatory

8   duty to fix venue, the court must first determine whether it is appropriate to abstain pursuant to 28

9   U.S.C. § 1334(c).  In re Dow Corning, 86 F.3d at 497 (citing In re Pan Am Corp., 950 F.2d 839,

10   844 (2d Cir. 1991)).  Section 1334(c)(1) provides as follows: "[n]othing in this section prevents a

11   district court in the interests of justice, or, in the interest of comity with State courts or respect for

12   state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in

13   or related to a case under title 11."  In determining whether or not to abstain from transferring

14   venue under § 157(b)(5), courts should consider twelve factors:

15      (1)   the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,

16      (2)   the extent to which state law issues predominate over bankruptcy issues,
       (3)   the difficulty or unsettled nature of the applicable law,

17      (4)   the presence of a related proceeding commenced in state court or other bankruptcy court,

18      (5)   the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
       (6)   the degree of relatedness or remoteness of the proceeding to the main bankruptcy

19          case,
       (7)   the substance rather than form of an asserted "core" proceeding,

20      (8)   the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

21      (9)   the burden on [the bankruptcy court's] docket,
      (10)   the likelihood that the commencement of the proceeding in bankruptcy court

22          involves forum shopping by one of the parties,
     (11)   the existence of a right to a jury trial, and

23      (12)   the presence in the proceeding of nondebtor parties.

24   In re Pacific Gas & Electric Co., 279 B.R. 561, 569-70 (N.D. Cal. 2002) (quoting Christensen v.

25   Tucson Estates, Inc., 912 F.2d 1162, 1167 (9ᵗʰ Cir. 1999)).  Where a proper request for transfer is

26   made under § 157(b)(5), "[t]ransfer should be the rule, abstention the exception."  In re Pan Am

27   Corp., 950 F.2d at 845; see also In re Twin Laboratories, Inc., 300 B.R. 836, 841 (S.D.N.Y. 2003).

28        Despite the issues raised by the San Diego Superior Court plaintiffs Harris and Kreutzer, as

05cv1802

1   well as the doctor defendants in the Gyani v. Metabolife Int'l Inc. case pending before the Southern

2   District of New York, the Court concludes that it is in the best interests of all involved parties to

3   grant the Debtors-in-Possession's motion under § 157(b)(5). This case demonstrates the need to

4   centralize the administration of all PITWD claims against the bankruptcy estate in a single district

5   court. Like the Dow Corning breast implant claims addressed in the In re Dow Corning Corp.

6   case, the Dalkon Shield IUD claims addressed in the A.H. Robins Company, Inc. case, the claims

7   resulting from the crash of Pan Am flight 103 in the In re Pan Am. Corp. case, and the similar

8   ephedra claims raised in In re Twin Laboratories, Inc., the claims of the 362 PITWD plaintiffs who

9   have filed suits against Metabolife and Alpine Health need to be administered by a central court.

10  As the Fourth Circuit pointed out many years ago in the A.H. Robins Company, Inc. case, "[t]he

11  'single focal point' of this proceeding [the chapter 11 bankruptcy] is the development of a

12  reasonable plan of reorganization for the debtor, one which will work a rehabilitation of the debtor

13  and at the same time assure fair and non-preferential resolution of the [ephedra] claims." 788 F.2d

14  at 1012. Although a couple of objections have been filed by individual claimants in opposition to

15  the current petition, "[i]f the claimants as a whole are to realize reasonable compensation for their

16  claims, it is obviously in the interest of the class of claimants as a whole to obviate the tremendous

17  expense of trying these cases separately." Id. at 1013

18      The Court further concludes, that the opposing parties have not demonstrated that the

19  balance of factors set forth in In re Pacific Gas & Electric Co. favors abstention. With regard to

20  the JCCP actions before the San Diego County Superior Court,[2] the Court concludes that the

21  balance of factors favors the exercise of jurisdiction by this Court. On September 27, 2005, the

22  non-debtor defendants removed 20 of the JCCP cases to the Southern District of California

23  Bankruptcy Court. With only a couple exceptions, the remaining JCCP actions have been filed

24  solely against the Debtors-in-Possession. Because of the automatic stay under the bankruptcy

25  code, those cases will remain stayed indefinitely pending confirmation of a plan by the bankruptcy

26

27      [2] The Court notes that although counsel representing the JCCP Plaintiffs' Coordinating
    Committee appeared at the hearing, the Committee did not file a written opposition or abstention
28  motion. No other Superior Court plaintiff filed a written opposition to the petition or motion for
    abstention.

1   court. The Kreutzer and Harris plaintiffs argue that transfer of the JCCP actions to this Court will

2   result in a monumental waste of judicial resources because much of the pretrial preparation of

3   these cases has been completed and they are simply awaiting trial. No trial will occur in those

4   cases, however, while the bankruptcy is pending. Therefore, the transfer of the actions to this

5   Court will not prejudice the rights of those plaintiffs. Furthermore, although the Kreutzer and

6   Harris plaintiffs argue that there are novel issues of California causation law to be resolved in these

7   cases, the Court believes these legal issues are not particularly difficult or unsettled. In addition,

8   the state law issues do not predominate over the bankruptcy issues. The PITWD proceedings

9   throughout the country are directly related to the bankruptcy case because the bankruptcy was

10  precipitated, in large part, by the tort claims. It is not feasible to sever the PITWD claims from the

11  core bankruptcy matters because the bankruptcy court cannot confirm a plan for administration of

12  the estate without considering the impact of these claims. The Court notes that the assets of

13  Debtor-in-Possession are pending sale, such that there will be a finite pool of money from which

14  claims can be paid. Transferring venue for trial to this Court will ensure that this pool can be fairly

15  distributed in accordance with the bankruptcy plan. The Court does not find that the initiation of

16  the bankruptcy proceedings constitutes forum shopping because the Debtors-in-Possession are

17  California corporations with their principal places of business within this District. Finally,

18  although there would be some burden on this Court associated with the transfer of venue under §

19  157(b)(5), that burden is largely ameliorated by leaving the pending MDL Actions in the Southern

20  District of New York. Therefore, upon consideration of all the factors, the Court concludes that

21  the balance tips strongly in favor of the exercise of jurisdiction by this Court under § 157(b)(5) as

22  to all of the JCCP Superior Court cases, and against abstention as requested by San Diego Superior

23  Court plaintiffs Harris and Kreutzer.

24       With regard to the Gyani case doctor defendants, these parties appear to raise valid

25  arguments regarding whether the malpractice claims against them should be severed from the MDL

26  proceeding and remanded to the originating Court. Those issues, however, need to be raised by

27  noticed motion to the appropriate court or to the Panel on Multidistrict Litigation that originally

28  ordered that the case be made part of the MDL Action. Because this Court is not ordering the

1   immediate transfer of the MDL Actions, the Gyani doctor defendants can proceed with such

2   motion in due course, prior to any final transfer of the case to this Court for trial.

3           With regard to the remaining 73 or so non-MDL, non-JCCP cases, the Court also finds it

4   appropriate to exercise jurisdiction under § 157(b)(5). There are currently PITWD cases pending

5   against the Debtors-in-Possession in the state and federal courts in Virginia, Texas, Pennsylvania,

6   Minnesota, Maryland, Washington, Missouri, Massachusetts, Florida, New Jersey, Ohio,

7   Oklahoma, Georgia, Illinois, Arkansas, Louisiana, Kansas, Connecticut, Utah, Mississippi,

8   Arizona, North Carolina, Alabama, and Nevada. The transfer of these cases under § 157(b)(5) will

9   promote the efficient administration of the bankruptcy estate by eliminating the need for Debtors-

10  in-Possession to litigate these claims throughout the country. In particular, although these cases

11  are currently under a stay imposed by Chief Bankruptcy Judge Hargrove, at the hearing before this

12  Court there was some indication that there continues to be some ongoing issues in these

13  proceedings. Transfer of the cases to this Court, in the district in which the bankruptcy

14  proceedings are pending, will ensure that the interests of the PITWD claimants, and the Debtors-

15  in-Possession, and the other claimants of the bankruptcy estate, are fully and fairly protected.

16          In the "response" filed by the Plaintiffs' Coordinating Committee ("PCC") of the Ephedra

17  MDL Action, the PCC alternatively asks the Court to transfer all of the PITWD claims to the

18  United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1412.

19  Besides the fact that the "response" is in fact a grossly untimely motion for affirmative relief,

20  § 1412 also does not provide the relief sought by the PCC. Section 1412 provides that "[a] district

21  court may transfer a case or proceeding under title 11 to a district court for another district, in the

22  interest of justice or for the convenience of the parties." As an initial matter, § 1412 allows only

23  the court in which a suit is pending to transfer such case to another court. A.H. Robins Co., 788

24  F.2d at 1011. In particular, it is ordinarily for the bankruptcy court to determine whether such a

25  transfer of venue is appropriate. Id.; see also Calumet Nat'l Bank v. Levine, 179 B.R. 117, 121

26  (N.D. Ind. 1995). Because the other cases that the PCC urges the Court to transfer under § 1412

27  are not currently before this Court, this Court lacks jurisdiction to transfer them to the S.D. New

28  York. In addition, PITWD claims form a special class within the realm of bankruptcy law, and

- 8 -

1  § 157(b)(5) is the proper section governing the determination of venue as to such claims.  Id.

2  Under § 157(b)(5), this Court can order that PITWD claims be tried only in this Court or in the

3  court in which the claim arose.  The Southern District of New York, as an MDL transferee court,

4  does not fit in either of those categories.

5                                          *Conclusion*

6          For the reasons set forth herein, the Debtors-in-Possession's petition under 28 U.S.C.

7  § 157(b)(5) is GRANTED.  Pursuant to § 157(b)(5), the Court orders that this is the appropriate

8  venue for trial of PITWD cases against the Debtors-in-Possession.  Counsel for the Debtors-in-

9  Possession shall forthwith submit a proposed order to the Court providing for the immediate

10 transfer of venue all of the non-MDL Ephedra Actions against them to this Court.  Upon receipt of

11 the case files by the Clerk of the Court, a new case number shall be assigned to each case.  Such

12 cases shall thereafter be assigned according to the low number rule, S.D. Cal. Local Civil Rule

13 40.1(h).  The MDL Actions shall remain in the United States District Court for the Southern

14 District of New York until such time, if any, that trial of the actions becomes appropriate.  Trial

15 shall take place in the Southern District of California.  All requests for relief regarding pretrial

16 management of non-MDL Actions are denied without prejudice.

17         **IT IS SO ORDERED.**

18

19 Dated: ___Nov. 2, 2005___

20                                          HON. IRMA E. GONZALEZ, Chief Judge
                                            United States District Court
21                                          Southern District of California

22 cc:     Magistrate Judge Brooks
           Counsel of Record
23

24

25

26

27

28

                                          - 9 -

CSD 3000A  Case A:05-cv-01963-HEA    Document 19-3    Filed 12/02/2005    Page 1 of 2

Name, Address, Telephone No. & I.D. No.

DAVID L. OSIAS / DEBRA A. RILEY (091287/151925)
ALLEN MATKINS LECK GAMBLE & MALLORY LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Attorneys for Plaintiffs

Order Entered on
November 30, 2005
by Clerk US Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>METABOLIFE INTERNATIONAL, INC., and<br>ALPINE HEALTH PRODUCTS, LLC,<br><div align="right">Debtor.</div> | BANKRUPTCY NO. 05-6040-H11 (Jointly Admin.) |
| Metabolife International, Inc., and<br>Alpine Health Products, LLC,<br><div align="right">Plaintiff(s)</div> | ADVERSARY NO. 05-90378-JH |
| v.<br>Rosemary Alaniz, an individual; et al.,<br><div align="right">Defendants(s)</div> | Date of Hearing:<br>Time of Hearing:<br>Name of Judge: |

### ORDER ON

## EX PARTE APPLICATION FOR AN ORDER EXTENDING SECTION 105 PRELIMINARY INJUNCTION THROUGH MARCH 10, 2006

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __2__ with exhibits, if any, for a total of __2__ pages, is granted. Motion/Application Docket Entry No. __27__

//

//

//

//


DATED:  November 30, 2005


Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

Allen Matkins Leck Gamble & Mallory LLP
(Firm name)


By: /s/ David L. Osias
  Attorney for ☑ Movant ☐ Respondent

Judge, United States Bankruptcy Court


CSD 3000A

ORDER ON EX PARTE APPLICATION FOR AN ORDER EXTENDING SECTION 105

DEBTOR: METABOLIFE INTERNATIONAL, INC., and
         ALPINE HEALTH PRODUCTS, LLC,

CASE NO.: 05-6040-H11 (Jointly Admin.)
ADV. NO.: 05-90378-JH

---

Based upon the ex parte application of Debtors in Possession for an order extending the section 105 preliminary injunction entered by this Court on September 9, 2005 (the "Injunction Order"), and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1. The preliminary injunction is extended from December 6, 2005, through March 10, 2006.

2. The extension of the Injunction Order does not enjoin Ephedra Claimants from filing proofs of claim or commencing adversary complaints in accordance with the Claims Bar Date Order entered by this Court on November 18, 2005.

3. Any party added to Adversary Proceeding No. 05-90378-JH shall become subject to this Order upon the giving of notice to them of this Order.

4. All other terms of the Injunction Order remain unchanged.

CSD 3000A

*Signed by Judge John J. Hargrove November 30, 2005*

# IN THE UNITED STATES DISTRICT COURT OF MISSOURI
## EASTERN DISTRICT

KIM KAEMPFE            )

                                 )     Case No. 05-cv-01963-HEA

           Plaintiff,          )

     v.                            )

                                   )

THE CHEMINS COMPANY, INC.    )

and                                  )

SCHNUCK SUPERMARKETS, INC.   )

                                   )

           Defendants.        )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
## THE CHEMINS COMPANY, INC.'S MOTION TO TRANSFER

COMES NOW, Plaintiff Kim Kaempfe, by and through counsel, and for her

Memorandum in Opposition to Defendant The Chemins Company, Inc.'s Motion to Transfer sets

forth the following:

This case should not be transferred to the Southern District of California. Judge

Gonzalez's November 2, 2005 Order (attached as Exhibit A to Defendant Chemins Company,

Inc.'s Memorandum in Support of Motion to Transfer) indicates that personal injury actions,

such as this will be transferred to the Southern District of California for trial, but not pre-trial

proceedings. See Judge Gonzalez's Order at p. 9. Pursuant to 28 U.S.C. § 157, this case must be

tried there, but the Southern District of New York will not oversee pre-trial proceedings. See

Judge Gonzalez's Order at p. 4 and 9. In the last sentence of her Order, Judge Gonzalez states:

"All requests for relief regarding pre-trial management of non-MDL Actions are denied without

prejudice." See Judge Gonzalez's Order at p. 9.

Furthermore, Judge Hargrove's November 30, 2005 Order (attached as Exhibit B to

Defendant Chemins Company, Inc.'s Memorandum in Support of Motion to Transfer) makes it

clear that this action is stayed. Ruling on these motions and transferring this case would be a

violation of that stay.

WHEREFORE, plaintiff respectfully requests that this Court overrule Defendant The

Chemins Company, Inc.'s Motion to Transfer and for such further relief as the Court deems just

and proper.

Respectfully submitted,


_____/s/Thomas J. Preuss_____

| | |
|---|---|
| Thomas P. Cartmell | MO # 45366 |
| Jeffrey M. Kuntz | MO # 52371 |
| Thomas J. Preuss | MO # 54923 |

Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO  64112
(816) 701-1100
Fax (816) 531-2372

| | |
|---|---|
| Brad Kuhlman | MO #42596 |
| Mark Evans | MO #39050 |

Evans & Kuhlman, LLC
105 E. 5th Street
Suite 102
Kansas City, MO  64106
(816) 799-0330
FAX (816) 799-0336

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2005, the foregoing was served via
U.S. Mail, postage prepaid, upon:

Edward S. Bott
Robert L. Duckels
Greensfelder and Hemker
10 S. Broadway, Suite 2000
Equitable Building
St. Louis, MO  63102
ATTORNEYS FOR DEFENDANT
SCHNUCKS SUPERMARKETS, INC.

Michael W. Newport
Foley & Mansfield
1001 Highlands Plaza Drive, West
St. Louis, MO 63110

ATTORNEYS FOR DEFENDANT
THE CHEMINS COMPANY, INC.


                                    ____/s/Thomas J. Preuss_____
                                    Attorney

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KIM KAEMPFE,                              )
                                         )
        Plaintiff,                       )        Civil Action No. 05CV01963 HEA
                                         )
v.                                       )
                                         )        (REMOVED FROM THE CIRCUIT
THE CHEMINS COMPANY,                     )        COURT OF ST. LOUIS CITY, MO,
INC., a Colorado corporation, and        )        CASE NO. 052-8939)
SCHNUCK SUPERMARKETS, INC.,              )
a Missouri corporation,                  )
                                         )
        Defendants.                      )

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND, IN SUPPORT OF DEFENDANT
CHEMINS' MOTIONS FOR STAY AND FOR TRANSFER, AND
REPLY TO PLAINTIFF'S OPPOSITION TO STAY AND TRANSFER**

COMES NOW Defendant Schnuck Markets, Inc. ("Schnucks"), misnamed in Plaintiff's

Petition, by and through its undersigned counsel, and in opposition to Plaintiff's motion to

remand, in support of Defendant The Chemins Company, Inc.'s ("Chemins") motions for stay

and transfer, and in reply to Plaintiff's opposition to stay and transfer, states as follows:

**INTRODUCTION**

Plaintiff has joined Schnucks, an innocent seller of the product Metabolife 356, to this

litigation in a transparent attempt to defeat this Court's diversity jurisdiction and, consequently,

the proper transfer of this action to either: (a) the United States District Court for the Southern

District of New York for inclusion in the Multi District Litigation entitled In re: Ephedra

Products Liability, Cause No. 04 MD 1598; or (b) the United States District Court for the

Southern District of California for inclusion in In Re: Metabolife Int'l, Inc. and Alpine Health

Prods., LLC, Cause No. 05-CV-1802-IEG(RBB) (hereinafter the **"MDL"** and the **"Bankruptcy**

850954

Case" respectively, as labeled in Chemins' motions for stay and for transfer). Notwithstanding Plaintiff's request for remand and opposition to transfer, this purpose is clear.

As will be discussed below, this matter should be transferred to either of the two jurisdictions noted above. Moreover, the question of whether remand is appropriate is properly decided by the transferee court, whichever it may be. This is the currently employed practice in the United States District Court for the Eastern District of Missouri in handling large products liability cases of this kind and it is based on sound principles of judicial economy. Plaintiff has presented no new or compelling reason why this particular case should be excepted from that practice.

Accordingly, Schnucks joins Defendant Chemins in its request that this Court stay the present action and transfer it to the appropriate court for consolidation and further consideration.

## ARGUMENT

This submission is divided into three (3) main parts: (a) adjoining in Chemins' motions for stay and for transfer; (b) a reply to Plaintiff's opposition to the same; and (c) a response to Plaintiff's motion to remand. Each subject will be addressed in turn.

**I.      Schnucks Joins in Chemins' Motions for Stay and for Transfer.**

Schnucks finds Chemins' motions for stay and for transfer well founded and, accordingly, joins in those requests. Because those matters have been addressed by Chemins, they will not be reiterated here in detail. Schnucks, therefore, incorporates herein by reference Chemins' motions to stay and to transfer and the memoranda of law and exhibits filed in support thereof.

However, Schnucks would re-emphasize that the current practice in the United States District Court for the Eastern District of Missouri with regard to products liability actions for

which there is an MDL in place, is to stay the action and transfer it to the MDL, or in this case the MDL or the Bankruptcy Case, for further proceedings. This specifically includes circumstances in which a motion for remand is pending.

**II.   Schnucks' Reply to Plaintiff's Memorandum in Opposition to Transfer.**

Plaintiff's memorandum in opposition to Chemins' motion to transfer, in effect, underscores the propriety of a transfer to either the MDL or the Bankruptcy Case through the acknowledgment that this is Metabolife litigation appropriate for either jurisdiction.

Plaintiff concedes that this case, though not directly naming Metabolife as a defendant, is a Metabolife claim subject to the orders of the Bankruptcy Case. Indeed, Plaintiff argues that this Court is not to rule on the pending motions because of the existence of Judge Hargrove's November 30, 2005, order in the Bankruptcy Case. <u>See</u> **Exhibit B** to Memorandum of the Chemins Company, Inc., in Support of Motion to Transfer.

Moreover, Plaintiff makes no argument whatsoever in response to the recent well-reasoned rulings of the United States District Court for the Eastern District of Missouri, cited by Chemins, in staying and transferring products liability actions, **specifically including those with pending remand motions**, when an MDL is in place to handle the litigation. Plaintiff appears to concede this point. It is now well-settled in this jurisdiction that judicial economy warrants such a transfer.

Plaintiff claims that Judge Gonzalez's order (hereinafter the "Bankruptcy Order") goes only to a **trial** of the present case and provides that pre-trial proceedings are to be administered by this Court. This interpretation is overly simplistic, misplaced and nonsensical in application. The Bankruptcy Order is far more complex than Plaintiff would have this Court believe. Although the Bankruptcy Order does state that "All requests for relief regarding pretrial

management of non-MDL Actions are denied without prejudice," Plaintiff avoids all discussion

of the context and meaning of that portion of the order.  Specifically, that portion goes to deny

the relief requested by the Plaintiffs' Coordinating Committee ("PCC") in the MDL that all

pending state and federal court actions subject to the Bankruptcy Order (referenced therein as

"PITWDs"), **be transferred to the MDL for pre-trial coordination**.  See pp. 2 and 8 of the

Bankruptcy Order.

    In response, Judge Gonzalez simply notes that she does not have the authority to grant the

requested relief at the time:

> Besides the fact that the "response" is in fact a grossly untimely
> motion for affirmative relief, §1412 also does not provide the relief
> sought by PCC.  Section 1412 provides that "[a] district court may
> transfer a case or proceeding under title 11 to a district court for
> another district, in the interest of justice or for the convenience of
> the parties."  As an initial matter, § 1412 **allows only the court in
> which a suit is pending to transfer such case to another court.**  [
> ] Because the other cases that the PCC urges the Court to transfer
> under § 1412 **are not currently** before this Court, **this Court
> lacks jurisdiction** to transfer them to the S.D. New York.

See Bankruptcy Order, p. 8 (emphasis added).  Judge Gonzalez is holding that until the other

state and federal court ephedra actions (PITWDs) are actually and effectively transferred to her

court pursuant to the "proposed order to the Court providing for the **immediate transfer of

venue** of all of the non-MDL Ephedra Actions against them to this Court" that she has ordered

the Debtors-in-Possession to prepare, she has no authority to grant the relief of the PCC to

transfer those actions to the MDL.  Id. at p. 9 (emphasis added).  Tellingly, Judge Gonzalez

denied that relief "without prejudice" so that it can be revisited at a later time once the transfer to

the Bankruptcy Case is effected, and jurisdiction to grant such relief is conferred.

    In short, Judge Gonzalez is not holding that these matters cannot be handled at the pre-

trial stage in her court.  Indeed, the Bankruptcy Order calls for "immediate transfer" of the

PITWDs and nowhere does it state that pre-trial matters are to be handled by the court in which the PITWD's currently reside.

Such a ruling would be nonsensical. How could Judge Gonzalez coordinate all of these pending actions into one trial when they are permitted proceed with varying degrees of speed and delay in multiple state and federal court jurisdictions around the country? The interpretation is unwieldy in application, to say the least. Pre-trial consolidation is a necessary pre-curser to a consolidated trial involving hundreds of claims and claimants.

Judge Gonzalez is simply holding that if she were inclined to transfer the PITWDs to the MDL for pre-trial matters, she simply cannot yet do so for lack of authority. This interpretation is not only the proper one on the face of the Bankruptcy Order, but is also entirely consistent with the following concerns over ongoing state and other federal court activity noted by Judge Gonzalez:

> In particular, although these cases are currently under a stay imposed by the Chief Bankruptcy Judge Hargrove, at the hearing before this Court there was some indication that **there continues to be some ongoing issues in these proceedings**. Transfer of the cases to this Court, in the district in which the bankruptcy proceedings are pending, will ensure that the interests of the PITWD claimants, and the Debtors-in-Possession, and the other claimants of the bankruptcy estate, are fully and fairly protected.

Id. at p. 8 (emphasis added).

Finally, even if Plaintiff's interpretation were the proper reading of the Bankruptcy Order, it would have no bearing on the propriety of the transfer of this action directly to the MDL by **this Court**, as would be consistent with the current rulings in the Eastern District of Missouri with regard to products liability actions for which an MDL is in place.

### III.    Schnucks' Response in Opposition to Plaintiff's Motion for Remand.

For each of the foregoing reasons, remand at this time is improper.  This matter should be stayed regardless of the pendency of Plaintiff's motion for remand and transferred to either the Bankruptcy Case or the MDL for further consideration.  Alternatively, in the event this Court is inclined to consider Plaintiff's motion for remand at this time, remand to the City of St. Louis Circuit Court would still be inappropriate.  If not transferred, this Court should retain jurisdiction over the present case.

First and foremost, Schnucks adopts herein and incorporates by reference Defendant Chemins' Response to Plaintiff's Motion to Remand.  Supplementary to the issues raised in Schnucks' Motion to dismiss, and separate and independent of Mo. Rev. Stat. § 537.762, Chemins' response outlines the fatal deficiencies of each of Plaintiff's claims against Schnucks. Essential elements of each claim are wanting.  See Response of The Chemins Company, Inc. to Plaintiff's Motion to Remand, pp. 3-6.  To date, Plaintiff has made no response to the well-reasoned and well-settled authority set forth by Chemins illustrating that no cause of action can lie against Schnucks.

Second, as to the separate and independent issue of the applicability of Mo. Rev. Stat. § 537.762 in this Court and its impact on jurisdiction, Schnucks has reviewed and acknowledges the cases Dorsey v. Sekisui America Corp., 79 F. Supp. 2d 1089 (E.D. Mo. 1999) and Pender v. Bell Asbestos Mines, Ltd., 46 F. Supp. 2d 937 (E.D. Mo. 1999).  Schnucks finds those cases well-taken as to whether or not Missouri's "innocent seller" statute can apply, independently, to create diversity jurisdiction with this Court.  However, as noted above, the remand issues in this cases are not contingent on the application of Mo. Rev. Stat. § 537.762 because Plaintiff's claims against Schnucks fail to state a claim upon which relief can be granted due to the failure of

850954                                                   6

essential elements.  Accordingly, this Court may find that Mo. Rev. Stat. § 537.762 does not

confer jurisdiction here, but may yet deny Plaintiff's motion to remand due to the other glaring

deficiencies in the complaint – deficiencies which underscore that joinder of Schnucks to this

litigation is purely an effort to defeat diversity jurisdiction.

Third, and finally, if the Court recognizes the propriety of the transfer of this action to the

Bankruptcy Case, all of the foregoing is moot.  The Bankruptcy Order, ordering that all

PITWD's be transferred to the United States District Court for the Southern District of

California, applies expressly on its face to cases pending in both federal and state courts.

Remand now would have no impact on the application of the Bankruptcy Order to this case.

Indeed, it would simply encourage judicial inefficiency through requiring these issues, as to the

Bankruptcy Case, to be addressed yet again by the City of St. Louis Circuit Court.

## CONCLUSION

For each of the foregoing reasons, Defendant Schnucks requests that: (a) this Court issue

a stay of the present action; and (b) transfer this action to either the Bankruptcy Case or the MDL

forthwith; or (c) in the alternative, deny Plaintiff's motion to remand.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


By  /s/ Robert L. Duckels
    Edward S. Bott, #34707
    E-mail: esb@greensfelder.com
    Robert L. Duckels, #100537
    E-mail: rld@greensfelder.com
    2000 Equitable Building
    10 South Broadway
    St. Louis, Missouri 63102-1774
    Telephone: (314) 241-9090
    Facsimile: (314) 241-4245

*Attorneys for Defendant Schnuck Markets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following parties:

Thomas P. Cartmell, Esq.            Michael W. Newport, Esq.
Jeffrey M. Kuntz, Esq.              Foley & Mansfield PLLP
Thomas J. Preuss, Esq.             1001 Highlands Plaza Drive West, Suite 400
Wagstaff & Cartmell LLP             St. Louis, Missouri 63110
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112

**Attorneys for Plaintiff**             **Attorney for Defendant The Chemins Company**

and I sent the foregoing via First Class Mail, postage pre-paid, to the following non CM/ECF participants:

Brad Kuhlman, Esq.
Mark Evans, Esq.
Evans & Kuhlman, LLC
105 E. 5th Street, Suite 102
Kansas City, Missouri 64106

**Attorneys for Plaintiff**

                    /s/ Robert L. Duckels

850954                          8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KIM KAEMPFE                              )
                                        )
              Plaintiff,                 )
                                        )
       v.                                )        No. 05CV01963HEA
                                        )
THE CHEMINS COMPANY, INC., et al.        )
                                        )
              Defendants                 )
                                        )

**REPLY MEMORANDUM OF THE CHEMINS COMPANY, INC.
IN SUPPORT OF MOTION TO TRANSFER**

Plaintiff admits that her claims are part of the overarching Metabolife litigation in

that she acknowledges that the Stay Order of the Metabolife Bankruptcy Court applies

to her claims. *See* "Plaintiff's Memorandum in Opposition to Defendant The Chemins

Company, Inc.'s Motion to Transfer" [Document 20] at p. 1, ¶3. ("Plaintiff's Response

on Transfer"). On the crucial point that plaintiff's claims are part of the broader

Metabolife litigation, all parties agree.

However, it is respectfully submitted that plaintiff misinterprets Chief Judge

Gonzalez' §157 Transfer Order when arguing that her Order transferring cases for

centralized administration in the Southern District of California does not apply to pre-trial

proceedings and discovery of the non-MDL cases. *See* Plaintiff's Response on

Transfer, p. 1, ¶2. Judge Gonzalez stated at pp. 4-6 of her §157 Transfer Order:

> The purpose of §157(b)(5) is "to centralize the administration of the
> [bankruptcy] estate and to eliminate the 'multiplicity of forums for the
> adjudication of parts of the bankruptcy case.'" [§157 Transfer Order p. 4,
> ¶3]

\*        \*        \*

-1-

> The district court's power to fix venue under §157(b)(5) also extends to cases pending against nondebtor defendants which are "related to" a debtor's bankruptcy proceeding pursuant to 28 USC §1334(b).  [§157 Transfer Order p. 5, ¶1]
>
> <p style="text-align:center">*    *    *</p>
>
> . . . the Court concludes that it is in the best interests of all involved parties to grant the Debtors-in-Possession's motion under §157(b)(3). This case demonstrates the need to centralize the administration of all PITWD claims against the bankruptcy estate in a single district court.  Like the Dow Corning breast implant claims address in the *In re Dow Corning Corp.* case, the Dalkon Shield IUD claims addressed in the *A.H. Robins Company, Inc.* case, and similar ephedra claims raised in *In re Twin Laboratories, Inc.*, the claims of the 362 PITWD plaintiffs who have filed suits against Metabolife and Alpine Health need to be administered by a central court.  [§157 Transfer Order p. 6, ¶1]

*See* pp. 4-6 of Ex. A to Memorandum of Defendant The Chemins Company, Inc. in Support of Motion to Transfer [Document 19].   Chief Judge Gonzalez did segregate out the MDL cases for pretrial handling in the Southern District of New York because that court is in the middle of an extensive centralized process to administer numerous pre-trial proceedings.  However, there is no mention in Judge Gonzalez §157 Transfer Order that pre-trial proceedings for the non-MDL cases will be handled by all of the disparate transferor courts pending in various state and federal courts all over the country.  To the contrary, the Conclusion of the Order requires Debtor-in-Possession counsel to ". . .  forthwith submit a proposed order to the Court <u>providing for the **immediate** transfer of venue</u> of all non-MDL Ephedra Actions . . ." [§157 Transfer Order p. 9, emphasis added.]

Judge Gonzalez' "immediate transfer" of cases is occurring during the bankruptcy stay ordered by Judge Hargrove on November 30, 2005.  Likewise, this Court's order of transfer would not violate the bankruptcy court stay because such transfer will be to the Southern District of California District Court where all of the non-MDL Ephedra Actions

are being administered consistent with the §157 Transfer Order.  *See* Plaintiff's Response on Transfer at p. 1, ¶3.

Plaintiff quotes the last sentence of the Conclusion of the §157 Transfer Order which denies without prejudice of all requests for relief regarding pre-trial management of non-MDL Actions.  *See* Plaintiff's Response on Transfer at p. 1, ¶2.  Although plaintiff does not explain why she believes this quote is important to her position, this sentence does not help plaintiff.  Counsel for Chemins does not know what pre-trial management motions had been filed with Judge Gonzalez.  However, it would seem logical that Judge Gonzalez denied, without prejudice, whatever motions may have been filed so that all of the cases can be transferred to her Court and thereafter she will address pre-trial management issues in a coordinated manner for all cases.  It is important to note that Judge Gonzalez did not deny, without prejudice, the pre-trial management motions and direct the filers to re-file their motions in the various courts where the cases are currently pending.

Finally, Plaintiff's interpretation of Judge Gonzalez §157 Transfer Order - that the transferor courts are to handle all pre-trial matters - is inconsistent with the purpose of 28 USC §157 which seeks to centralize administration of numerous claims in one court.  It is respectfully submitted that although Judge Gonzalez does reference transferring cases for "trial," her use of the term "trial" must mean pre-trial and trial matters.  Centralization of administration simply does not result from plaintiff's interpretation of the §157 Transfer Order.

In the present situation, where plaintiff asserts injury from ingestion of Metabolife 356 and "related to" jurisdiction exists due to indemnity claims against Metabolife

-3-

International, Inc., this claim will be more efficiently handled by Judge Gonzalez in the

Southern District of California.  The Southern District of California is where Metabolife

International, Inc. maintains its headquarters and document depository, where most

potential witnesses with knowledge of these claims reside, and where centralized

handling of all non-MDL claims are being administered pursuant to the §157 Transfer

Order.  Consolidating this case with all the other ephedra claims in the Southern District

of California will reduce administrative costs and promote the efficient resolution of the

claims to the benefit of all creditors.  It is clear that this case should be included in the

processing of the broader Metabolife Litigation.

 Chemins respectfully request the Court transfer this case to the Southern

District of California consistent with the Section 157 Order.  In the alternative,

Chemins request that this Court transfer this case to the MDL.

<div style="text-align:right">

FOLEY & MANSFIELD, P.L.L.P.

/s/ Michael W. Newport

Michael W. Newport, #3946
1001 Highlands Plaza Drive West, Suite 400
St. Louis, Missouri 63110-1337
PH: (314) 645-7788
FX: (314) 645-9945
e-mail: mnewport@foleymansfield.com
Attorneys for Defendant The Chemins Company, Inc.

</div>

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on this 19th day of December, 2005, the foregoing was filed with the Clerk and was served by the court's CM/ECF system on: Thomas P. Cartmell, Jeffrey Kuntz, Wagstaff & Cartmell LLP, 4740 Grand Ave., Suite 300, Kansas City, MO 64112 and Brad Kuhlman, Mark Evans, Evans & Kuhlman LLC, 105 East 5th Street, Suite 102, Kansas City, MO 64106, attorneys for plaintiff and Robert L. Duckels, Greensfelder, Hemker & Gale, P.C., 10 South Broadway, Suite 2000, St. Louis, MO 63102, attorneys for defendant Schnuck Market, Inc.

<div style="text-align:right">

/s/ Michael W. Newport

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KIM KAEMPFE                            )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )        No. 05CV01963HEA
                                       )
THE CHEMINS COMPANY, INC., et al.      )
                                       )
          Defendants                   )
                                       )

### SUPPLEMENTAL MEMORANDUM OF THE CHEMINS COMPANY, INC.
### IN SUPPORT OF MOTION TO TRANSFER

COMES NOW Defendant/Third-Party Plaintiff, The Chemins Company, Inc.

("Chemins"), through its counsel, and respectfully supplements its memorandum in

support of transfer of this case to the U.S. District Court for the Southern District of

California by filing the March 3, 2006, Order of the Honorable Gary A. Fenner, U.S.

District Judge for the Western District of Missouri.  See Ex. C attached hereto.

Although the Order of Judge Fenner is not binding precedent on this

Court, Chemins respectfully suggest that the Order of Judge Fenner is relevant

precedent.

WHEREFORE, Chemins respectfully request the Court transfer this case

to the Southern District of California consistent with the Section 157 Order.

-1-

FOLEY & MANSFIELD, P.L.L.P.

*/s/ Michael W. Newport*
Michael W. Newport, #3946
1001 Highlands Plaza Drive West, Suite 400
St. Louis, Missouri 63110-1337
PH: (314) 645-7788
FX: (314) 645-9945
e-mail: mnewport@foleymansfield.com
Attorneys for Defendant The Chemins Company, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of March, 2006, the foregoing was filed with the Clerk and was served by the court's CM/ECF system on: Thomas P. Cartmell, Jeffrey Kuntz, Wagstaff & Cartmell LLP, 4740 Grand Ave., Suite 300, Kansas City, MO 64112 and Brad Kuhlman, Mark Evans, Evans & Kuhlman LLC, 105 East 5th Street, Suite 102, Kansas City, MO 64106, attorneys for plaintiff and Robert L. Duckels, Greensfelder, Hemker & Gale, P.C., 10 South Broadway, Suite 2000, St. Louis, MO 63102, attorneys for defendant Schnuck Market, Inc.

*/s/ Michael W. Newport*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRIS IVANOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 05-3400-CV-S-GAF |
| | ) | |
| | ) | |
| THE CHEMINS COMPANY, INC., | ) | |
| and WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Presently before the Court is a Motion to Transfer filed by Defendant, Wal-Mart Stores, Inc. ("Wal-Mart").[1] (Doc. #9). Plaintiff, Chris Ivanoff ("Ivanoff") opposes this Motion. (Doc. #13). For the reasons set forth below, Wal-Mart's Motion is GRANTED.

I. **Facts**

This case was originally filed in this Court on August 25, 2005 against Chemins and Wal-Mart (collectively "Defendants"). (Doc. #1). Ivanoff alleges that he suffered heart failure as a result of ingesting an ephedra-based dietary supplement designed, manufactured, and distributed by Defendants. Id. The product that allegedly caused Ivanoff's injuries, Metabolife 356, is manufactured by Metabolife International, Inc. ("Metabolife"). (Doc. #9). Wal-Mart has informed the Court that Metabolife has a

---

[1] Co-Defendant, the Chemins Company, Inc. ("Chemins") joins in Wal-Mart's Motion to Transfer. (Doc. #19).

contractual and equitable obligation to defend, indemnify, and hold Wal-Mart harmless from the claims asserted in this action. (Doc. #10-3, Vendor Agreement).

On June 30, 2005, Metabolife filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California ("California bankruptcy court"). (Doc. #13-1). On September 16, 2005, Metabolife filed a petition with the United States District Court for the Southern District of California ("California district court") under 28 U.S.C. § 157(b)(5) (§ 157(b)(5)") for an order transferring approximately 162 personal injury or wrongful death actions pending against Metabolife and other non-debtor defendants to the California district court. (Doc. #13-3).

The Honorable Irma E. Gonzalez held a hearing on Metabolife's motion on October 24, 2005, and Judge Gonzalez granted the motion under § 157(b)(5) on November 2, 2005. (Doc. #10-4). Judge Gonzalez determined that the bankruptcy court could not confirm a plan for administration of the bankruptcy estate without considering the impact of the claims against Metabolife and other non-debtor defendants because the claims could have an effect on the administration of the bankruptcy estate. Id. Judge Gonzalez ordered the transfer of all personal injury or wrongful death Metabolife ephedra actions pending in jurisdictions throughout the country to the Southern District of California. Id.

Defendants argue that Judge Gonzalez' Order warrants transfer of this case to the Southern District of California. (Doc. #9). Defendants further argue that, even absent Judge Gonzalez' Order, transfer of venue is appropriate under 28 U.S.C. § 1404(a) ("§ 1404(a)") because the outcome of this action could have an effect on the administration of the bankruptcy estate, and transfer would serve the interests of justice and convenience because much of the information concerning Plaintiff's claim is located in the Southern District of California. Id. Plaintiff argues that the California bankruptcy court entered a

2

Stipulation and Order staying and enjoining all proceedings in any case, suit, or action against Metabolife, and therefore this case is stayed[2]. (Doc. #13-1). Plaintiff further argues that Judge Gonzalez' Order only warrants transfer of this case to the California district court for trial, not for pre-trial proceedings. Id.

## II.    Legal Standard and Analysis

Wal-Mart seeks transfer of this case under § 1404(a), which provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Accordingly, the party seeking transfer must demonstrate that: (1) venue is proper in both the transferor and the transferee court; (2) the transfer is for the convenience of the parties and witnesses and (3) transfer is in the interest of justice. See Terra Intl. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997).

On December 5, 2005, the Honorable Scott O. Wright, United States District Court Judge for the Western District of Missouri, ordered that a similar case, Paterson v. Wal-Mart Stores, Inc., No. 05-1049-CV-W-SOW, be transferred to the California district court under § 1404(a). As in this case, the plaintiff in Paterson sought monetary redress resulting from the alleged purchase and use of Metabolife 356. The Paterson plaintiff asserted similar claims of negligence and strict liability for product defect and failure to warn against Wal-Mart based upon Wal-Mart's alleged marketing, promotion, distribution, and sale of Metabolife 356. As in this case, Metabolife is not a defendant in Paterson, but Metabolife has a contractual and equitable obligation to defend, indemnify, and hold Wal-Mart harmless from the claims asserted.

---

[2]The bankruptcy court's stipulation and order is binding on "non-debtor defendants," including Wal-Mart and Chemins. (Doc. #20-4).

In ordering transfer of the <u>Paterson</u> case, Judge Wright found that venue was proper in the

Southern District of California because an indemnity claim asserted by Wal-Mart against Metabolife could

affect the administration of the Metabolife bankruptcy estate, and because considerations of convenience

and the interests of justice favored transfer. Judge Wright explained:

> First, venue is proper in the Southern District of California because the case is "related to" the Metabolife bankruptcy proceeding pending in the Bankruptcy Court in that District. *See* 28 U.S.C. § 1409(a). Although Metabolife is not a defendant, Wal-Mart will have a claim for indemnity under its agreement with Metabolife–a claim which could affect the administration of the estate and Metabolife's obligations as the debtor. Second, defendant Wal-Mart has demonstrated that transfer is for the convenience [of] the parties and witnesses. The majority of documentation as well as the witnesses in this case would be at the Metabolife headquarters in California or in the Metabolife document depository in Southern California. Finally, transfer is in the interest of justice. Approximately 162 state court actions across the United States concerning the Metabolife product are the subject of removal or transfer motions to the Southern District of California. The transfer of this case will contribute to efficient and consistent outcomes.

<u>Paterson v. Wal-Mart Stores, Inc.</u>, No. 05-1049-CV-W-SOW (W.D. Mo. Dec. 5, 2005) (Doc. #15).

In the instant case, as in <u>Paterson</u>, much of the information concerning Plaintiff's claim and many

of the witnesses are located in the Southern District of California. Both cases are subject to the same

vendor agreement between Wal-Mart and Metabolife and will involve similar indemnification issues which

could affect the administration of the estate and Metabolife's obligations as the debtor. The transfer of this

case will contribute to the efficient resolution of the litigation and consistent outcomes. As in <u>Paterson</u>,

considerations of justice and convenience justify transfer in this case as well.

Moreover, Plaintiff's arguments do not provide a basis for this Court to deny Defendants' Motion

to Transfer. Plaintiff argues that, pursuant to an Order entered on September 9, 2006 by the California

bankruptcy court, this action is stayed and Defendants' present Motion is a violation of that stay. (Doc.

#13-1). However, the California bankruptcy court specifically based its approval of a preliminary injunction for a stay on the "multi-party stipulation executed in the Ephedra Products Liability MDL...and the approval of that stipulation by the United States District Court for the Southern District of New York." (Doc. #20-4 at 2). The parties right to file "any motion, document or appropriate proceeding...relating to the choice of forum, venue, or jurisdiction with respect to any Metabolife Ephedra Litigation Cases pending or subsequently commenced" was carved out of the stay. Id. Thus, since the bankruptcy court's stay order allows parties to file venue and jurisdictional pleadings, Wal-Mart's present Motion is not a violation of that stay.

Plaintiff further argues that the Southern District of California will not oversee pretrial proceedings in the non-MDL actions that Judge Gonzalez ordered to be transferred to that District. To the contrary, Judge Gonzalez' order allows pretrial activities in non-MDL actions to be administered in the Southern District of California. (Doc. #10-4 at 8). While Judge Gonzalez established that personal injury and wrongful death actions that are in the MDL will remain in the MDL for pretrial proceedings and will eventually be tried in the Southern District of California, Judge Gonzalez ordered "immediate transfer" of 162 non-MDL ephedra actions such that all further proceedings will occur in the Southern District of California. Id. at 9. Consequently, Plaintiff's argument that the California district court will not oversee trial proceedings in the instant case is without merit.

## CONCLUSION

This case is related to the Metabolife bankruptcy proceeding and Wal-Mart has demonstrated that the transfer is for the convenience of the parties and witnesses. Accordingly, Wal-Mart's Motion to Transfer is GRANTED.

IT IS SO ORDERED.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED:   March 3, 2006

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

March 24, 2006

Thomas P. Cartmell                    Michael W. Newport
Wagstaff and Cartmell, LLP            Foley and Mansfield
4740 Grand Ave, Suite 300             1001 Highlands Plaza Drive W.
Kansas City, MO 64112                 Suite 400
                                      St. Louis, MO 63110

RE: Kaempfe vs. Chemins Company, Inc.

You are hereby notified that the above entitled case was on 03/22/06 transferred from
the United States District Court, Eastern District of Missouri to the U.S. District
Court, Southern District of California.   The case will now contain the case number
of the Southern District, and  the initial of the assigned Judge.  The case has been
assigned to the Honorable Larry A. Burns, and on all future filings please show the
case number as 06CV0645-LAB(POR).

W. Samuel Hamrick, Jr.
Clerk of Court

By: **J. PETERSEN**
_____
J. Petersen, Deputy Clerk

cc: USDC Eastern District of Missouri

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

MAR 2 2 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Kim Kaempfe

**DEFENDANTS**

Chemins Company Inc

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Thomas P Cartmell
4740 Grand Avenue #300
Kansas City MO 64112
816-531-2372

**ATTORNEYS (IF KNOWN)**

'06 CV 0645   LAB POR

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28:1332 Diversity   28:1332 p: (HP)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ OVER 75,000

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE   3/22/06

~~SIGNATURE OF ATTORNEY OF RECORD~~

ck