# **Exhibit 4**

**STERNS & WEINROTH**
**A Professional Corporation**
Simon Kimmelman, Esq. (SK-3654)
Jeffrey S. Posta, Esq.
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, New Jersey 08607-1298
(609) 392-2100

RECEIVED

MAR 3

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

Attorneys for Nutraquest, Inc., Debtor and Debtor-in-Possession

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NUTRAQUEST, INC.,<br><br>Debtor. | Civil Action No. 03-5869 (GEB)<br><br>United States Bankruptcy Court<br>Chapter 11 Case No. 03-44147 (RTL) |

**ORDER GRANTING MOTION PURSUANT TO L.**
**CIV. R. 7.1(G) TO RECONSIDER DENIAL OF**
**TRANSFER, PURSUANT TO 28 U.S.C. § 157(B)(5), OF**
***COBERLY V. CYTODYNE TECHNOLOGIES, ET AL.***

This matter having come before the Court on the motion (the "Motion") of Nutraquest, Inc. (the "Debtor"), by its attorneys, Sterns & Weinroth, A Professional Corporation, pursuant to Local Civil Rule 7.1(g), for reconsideration of that portion of the Court's January 22, 2004 Order denying transfer of the action entitled Coberly v. Cytodyne Technologies, et al.; and the Court having considered the arguments of counsel and the papers submitted in support of, and in opposition to, the Motion; and good cause having been shown,

IT IS on this 1st day of March, 2004;

**ORDERED** that

1. The Debtor's motion is GRANTED in its entirety.

2. <u>Kelly S. Coberly v. Cytodyne Technologies and General Nutrition Corp.</u> (the "Coberly Action") is hereby ordered transferred to this Court in its entirety, pursuant to 28 U.S.C. § 157(b)(5).

3. The Debtor, in coordination with and with the cooperation of counsel for Kelly Coberly and counsel for General Nutrition Corp., is directed to take whatever steps are necessary to effect the transfer as soon as possible.

4. Further proceedings in respect of the Coberly Action shall be governed by the January 22, 2004 Order Granting Motion to Transfer Personal Injury Tort and Wrongful Death Claims Pursuant to 28 U.S.C. § 157(b)(5) (but for that portion of said Order denying transfer of the Coberly Action, which is hereby vacated) and the case management order(s) heretofore and hereafter issued by the Court with respect to the Nutraquest Personal Injury Cases heretofore transferred. Except as otherwise provided therein, the Coberly Action and all proceedings therein (except as may be necessary to fully effectuate its transfer to this Court) shall remain stayed until further order of this Court.

_____
UNITED STATES DISTRICT JUDGE

2