UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ⎫<br>⎬<br>⎭<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | MDL No. 2419<br>Dkt. No 1:13-md-2419 (FDS) |

**SAINT THOMAS ENTITIES' NOTICE OF STATUS OF MEET AND CONFER**

Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health, and Ascension Health Alliance (collectively referred to as the "Saint Thomas Entities") file this Notice of Status of Meet and Confer and in support show as follows:

**INTRODUCTION**

At the last status conference in this matter, the Court directed the parties to meet and confer about a "discovery plan."[1] The Saint Thomas Entities understood the Court's direction to be to attempt to agree on a "plan for discovery" in accordance with Federal Rules of Civil Procedure 16 and 26(f) and Local Rule 16.1, that:

- schedul[es] the time and length for all discovery events; and

- conform[s] to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b)

Loc. R. 16.1(d)(1). The Court indicated that the discovery plan should include an overview of the discovery elements in the case, such as sequencing written discovery and depositions, and an "order that directs and sets deadlines and so on . . . ."[2]

---

[1] *See* Excerpts from transcript from Jan. 10, 2014, hearing ("Tr.") at 39-41, 47-50 (Exhibit A).

[2] *See id.* 48-50.

1

Immediately after the January 10, 2014, status conference, the parties met, and the PSC offered to draft the discovery plan.  In subsequent conversations, both verbal and via email, the PSC provided drafts of other documents, including the ESI and deposition protocols, but indicated that they were continuing to work on a "discovery plan."  The PSC has never circulated such a document; instead, it shifted course and presented a bellwether schedule proposal as a substitute.  On January 24, 2014, shortly before the filing deadline in accordance with Judge Boal's Scheduling Order, the PSC circulated a number of documents, including a bellwether trial and pretrial proposal and "propose[d] that any competing proposals be filed no later than January 31, 2014."[3]  The Saint Thomas Entities responded that that they did not understand the Court's directive to include bellwether proposals and asked when the discovery plan that had been repeatedly promised would be available.[4]  The PSC's response was that, "[w]ith respect to a "discovery plan," the PSC believes that all the elements required to be addressed under Fed. R. Civ. P. 26(f) and Local Rule 16.1 are addressed in substance in the various filings, both proposed and previously filed . . . .," and that a discovery plan was merely "a potential pro forma issue," inviting the defendants to come up with a counter-proposal "asap."[5]

The parties conferred, and the Saint Thomas Entities and other defendants agreed to send suggestions in writing.  Four days later, on January 31, 2014, the PSC filed a *Memorandum in Support of Plaintiffs' Steering Committee's Motion and Memo in Support of Motion for Entry of Bellwether Trial and Pre-Trial Scheduling Order* (Docket ##837 & 838) ("PSC's Second

---

[3] Declaration of Yvonne K. Puig of Jan. 31, 2014 ("Puig Decl.") (Exhibit B) at ¶ 2 & Exhibit B-1. The Puig Decl. was originally docketed as #840-2.

[4] *See id.* at Exhibit B-2.

[5] *See id.*

Bellwether Proposal"). This Second Bellwether Proposal has been listed on the agenda for tomorrow's hearing despite the fact that the 14-day response period has not run.

The Second Bellwether Proposal is premature and unworkable for a number of reasons, as will be more fully explained in the Saint Thomas Entities' response. But to the point of the Court's request, this proposal is not the discovery plan that the Court directed. Instead, it marks another rush to bellwether trials that is heavily skewed in the PSC's favor. The PSC presumably believes these overly ambitious deadlines for designating bellwether plaintiffs are realistic because it has full access to all the records necessary to make these decisions—not only of the Plaintiffs it represents, but also those currently residing in the NECC repository. Thus far, the Unaffiliated Defendants have been denied access to these critical documents. Although the PSC claims that this expedited treatment is necessary to bring justice to these Plaintiffs, the Plaintiffs are best served—and justice more promptly obtained—if the Court establishes a process for streamlined, bilateral, and coordinated discovery, allowing *all* parties to be adequately informed in making the important bellwether decisions.

With the upcoming Court's status conference, the Saint Thomas Entities feel compelled respond directly to the Court with a proposed, albeit preliminary, discovery plan. The Saint Thomas Entities are attaching as <u>Exhibit C</u> a proposed plan that sets out the elements of the type of discovery plan they understood the Court to be requesting and provides a template for further discussion. With the Court's guidance as to the overall direction this plan should take, the Saint Thomas Entities believe that the parties can have more productive conferences in an effort to narrow the issues and streamline the discovery process.

## CONCLUSION AND PRAYER

For these reasons, Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health, and Ascension Health Alliance

respectfully request that the Court: (i) order the parties to meet and confer regarding this proposed discovery plan and return to the Court with a joint proposal, if possible, or alternatives based on this procedural construction; and (ii) grant such other and further relief to which the Saint Thomas Entities are entitled.

    Respectfully submitted,

    SAINT THOMAS WEST HOSPITAL,
    FORMERLY KNOWN AS ST. THOMAS
    HOSPITAL, SAINT THOMAS NETWORK,
    AND SAINT THOMAS HEALTH

    By its attorneys,
    */s/ Sarah P. Kelly*
    Sarah P. Kelly (BBO #664267)
    skelly@nutter.com
    NUTTER McCLENNEN & FISH LLP
    Seaport West
    155 Seaport Boulevard
    Boston, Massachusetts  02210
    (617) 439-2000

Dated:  February 6, 2014

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Eric J. Hoffman*
Texas State Bar No. 24074427

FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 6th day of February, 2014.

/s/ Sarah Kelly
SARAH KELLY