# EXHIBIT “A”

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES LITIGATION ) MDL NO. 13-02419-FDS

BEFORE: THE HONORABLE F. DENNIS SAYLOR, IV

STATUS CONFERENCE

John Joseph Moakley United States Courthouse
Courtroom No. 2
One Courthouse Way
Boston, MA 02210

January 10, 2014
1:30 p.m.

Valerie A. O'Hara, FCRR, RPR
Official Court Reporter
John Joseph Moakley United States Courthouse
One Courthouse Way, Room 3204
Boston, MA 02210
E-mail: vaohara@gmail.com

APPEARANCES:

For The Plaintiffs:

Hagens, Berman, Sobol, Shapiro LLP, by THOMAS M. SOBOL, ESQ. and KRISTEN JOHNSON PARKER, ATTORNEY, 55 Cambridge Parkway, Suite 301, Cambridge, Massachusetts 02142;

Janet, Jenner & Suggs, LLC, KIMBERLY A. DOUGHERTY, ATTORNEY, 75 Arlington Street, Suite 500, Boston, Massachusetts 02116;

Crandall & Katt, by PATRICK THOMAS FENNELL, ESQ., 366 Elm Avenue, SW, Roanoke, VA 24016;

Branstetter, Stranch & Jennings, PLLC, by BEN GASTEL, ESQ., ESQ., 227 Second Avenue North, Nashville, Tennessee 37201-1631;

Law Offices of Mark Zamora and Associates, MARK ZAMORA, ESQ., 5 Concourse Parkway, Suite 2350 Atlanta, Georgia 30328

FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:

Brown Rudnick, by DAVID J. MOLTON, ESQ., Seven Times Square, New York, New York 10036;

Brown Rudnick, by KIERSTEN A. TAYLOR, ATTORNEY, One Financial Center, Boston, Massachusetts 02111;

Harris Beach PLLC, by FREDERICK H. FERN, ESQ., 100 Wall Street, New York, New York 10005;

Tucker & Ellis LLP, by MATTHEW P. MORIARTY, ESQ., 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115-1414;

Michaels, Ward & Rabinovitz LLP, by DAN RABINOVITZ, ESQ., One Beacon Street, Boston, Massachusetts 02108;

Todd & Weld LLP, by CHRISTOPHER R. O'HARA, ESQ. and CORRINA L. HALE, ATTORNEY, 28 State Street, 31st Floor, Boston, Massachusetts 02109;

Ulmer & Berne LLP, by JOSHUA A. KLARFELD, ESQ., 1660 West 2nd Street, Suite 1100, Cleveland, OH 44113-1448;

For the Defendants(CONTINUED):

Donoghue, Barrett & Singal, P.C., by MICHELLE R. PEIRCE, ATTORNEY, ESQ., One Beacon Street, Boston, Massachusetts 02108-3106;

Donovan & Hatem, LLP, by KRISTEN R. RAGOSTA, ESQ., Two Seaport Lane, Boston, Massachusetts 02210;

Nutter, McClennen & Fish LLP, by SARAH P. KELLY, ATTORNEY, World Trade Center West, 155 Seaport Boulevard, Boston, Massachusetts 02210-2604;

Fulbright & Jaworski, LLP, by MARCY H. GREER, ATTORNEY and YVONNE K. PUIG, ATTORNEY, 98 San Jacinto Blvd, Suite 1100, Austin, Texas 78701;

Law Offices of Jay J. Blumberg, ESQ., by JAY J. BLUMBERG, ESQ., 158 Delaware Street, P.O. Box 68, Woodbury, New Jersey 08096;

Curley & Curley, P.C., by LISABETH RYAN KUNDERT, ATTORNEY, 27 School Street, Boston, Massachusetts 02108;

Sloane and Walsh, ROBERT A. GAYNOR, ESQ., Three Center Plaza, Boston, Massachusetts 02108;

FOR PAUL D. MOORE, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF NECP, INC.:

Duane Morris LLP by MICHAEL R. GOTTFRIED, ESQ., 100 High Street, Suite 2400, Boston, Massachusetts 02110-1724;

VIA PHONE FOR THE PLAINTIFFS:

Melvin B. Wright
David Gibson
John Fishwick
Greg Lyons
James Stephen King
Mary Gidaro
Matthew Barsenas
Frank Federico
Michael Coren
Harry Roth
Will Riley

VIA PHONE FOR THE PLAINTIFFS (CONTINUED):

Terry Dawes
Robert Briley
Edward (Ned) Mulligan
Karren Schaeffer
Deborah Gresco-Blackburn
Chris Cain
Laura Pittner
Jonathan Griffith
Sharon Houston
Leslie Muse
Jonathan Krohnfeldt
Sean Roth
Mark Dancer
Dan Myers
Ann Mandt
Steven Resnick
Alex Apostolou
Patrick Montoya
Frederick (Rick) Ellis
Nolan Nicely
S. James Boumil
Robert Randall
Brent Brown
Amanda Williams
George Nolan
Evan Baker
Lauren Ellerman
Nicole Kreklau
Daniel Clayton
Lisa Esser-Weidenfeller
Scott Kaminski
Kristi Osterday
Douglas Mulvaney`
Ed Jazlowiecki
Stephen W. Mullins
Bill Leader
Daniel Frith
Bryan Bleichner
Rebbecca Blair
Elliot Olsen
Mark Abramowitz
Stephanie Arndt
Robert Young
Bridget Stratton
J. Kyle Roby
Mark Chalos
Ted Corvey
Nolan Nicely

VIA PHONE FOR THE PLAINTIFFS (CONTINUED):

Steffani Cochran
Rick Morgan
Anthony Agudelo
Steffani Cochran

VIA PHONE FOR THE DEFENDANTS:

Stephen A. Grossman
Nichole Dorman
Jason D Lewis
Joseph R. Lang
Chris J. Tardio
Matthew Cline

ALSO APPEARING VIA TELEPHONE:

Jacqueline Palank, Wall Street Journal

that notice has to be done in compliance with the particular requirements of one state or another.

So the PSC is conducting meet and confers and will be also preparing to file a motion to compel with respect to one such clinic here very shortly.

THE COURT: All right. Anyone else want to be heard on this topic? That's item Number 6.

Item Number 7, matters referred to by Judge Boal. Before we get into that, there are a couple 02:16PM of dangling issues raised by the St. Thomas entities. Back at the end of November, St. Thomas had as part of their -- a number of motions that it filed to reconsider, my MDL order and so forth, there was a motion to amend the protective order.

I have finally resolved that. I had hoped to have it filed before today so that you could see it. I'm technically granting it in part and denying it in part. I'm going to make some minor tweaks to that protective order, but most of the issues raised by 02:17PM St. Thomas, I think, are either covered in the order or I think it's not necessary to amend the order to address. That we'll get out shortly, hopefully even today.

Part of what St. Thomas raised was also a motion to stay discovery pending a discovery plan. I do

want to take this up at some point today. What I said about having a discovery plan for the affiliated defendants obviously applies to the unaffiliated defendants as well, some degree of planning and coordination needs to be done here. You know, even in a simple case, we have a scheduling conference where the parties have to meet and confer. That needs to be discussed as well.

We don't necessarily need to resolve it 02:18PM today, but that issue does need to be resolved, and with that as an introduction, who's going to take the lead on item 7, Ms. Parker?

MS. PARKER: Actually Ms. Dougherty I believe and Mr. Zamora will be addressing that.

THE COURT: Ms. Dougherty.

MS. DOUGHERTY: Thank you, your Honor. Travellers' motion to quash at this point in time is being negotiated by the PSC with Travellers. Travellers is the insurer for Liberty party in the mediation. At 02:19PM this point, some compromises have been made and reached.

THE COURT: I thought Liberty said it had no insurance? Well, whatever. Go ahead.

MS. DOUGHERTY: Interesting, yes, and so at this point, the plaintiffs' steering committee sought an extension of time to respond, and your Honor granted

some clarification as to whether you're going to be handling that because we're hearing a lot about meet and confer. We are working on protocols, we are exchanging them, but they're kind of in no man's land right now.

THE COURT: Why don't I do this. Certainly as to the St. Thomas entities that you represent, I'm going to direct the parties to meet and confer on the discovery plan. I may spin some of this off to Magistrate Judge Boal, I may keep it, I don't know, but certainly it makes sense for you all to get together and talk about what you think makes sense to see if you can agree, and we'll handle it that way. Okay.

02:27PM

MS. GREER: Okay.

THE COURT: Does that work?

MS. GREER: Does that go for the deposition protocol and my protocol are kind of --

THE COURT: I was thinking of discovery protocol, which, in other words, discovery from plaintiffs are going to be dealt with in the short term, the fact sheets and so forth. Discovery from your client's perspective, I want you to meet and confer and talk about a possible plan. I don't know what the ESI issues are, I don't know what the volume of documents are. I don't have any idea what the issues are, and step 1 is for you to confer with one another, and as

02:27PM

Mr. Sobol suggested, if you can agree on a plan, that's great, if you can't, let's tee it up, I may decide it, I may refer it to Magistrate Judge Boal, and we'll go from there.

MS. GREER: Our thinking, right or wrong, was that the discovery plan we talked about in sequence, you had talked about having written discovery first and then depositions, et cetera.

THE COURT: That's usually the way it works.

02:28PM MS. GREER: Usually in my experience, and then separate from that would be an ESI protocol that just deals with the ESI issue which would be cumbersome documents and just deals with the separate protocol, and we have been working on drafts of those, so I just wanted to make sure that you understood how this is playing out kind of in the real world, and we're okay with that.

THE COURT: All right. That's fine. Again, from my perspective, what I want is I want there to be some degree of planning, I want it to be fair, I want 02:29PM this to be as organized as it can be under the circumstances. Obviously, I'm doing a lot of this kind of ad hoc, but as in any case before you take discovery from the other side, there needs to be some kind of plan in place or order that directs and sets deadlines and so

on, so why don't we get working on that.

If your client is in the cross-hairs and it looks like it is, you need to meet and confer with the plaintiffs' counsel and try to come up with either a joint plan or a pair of proposals that I can choose between.

MS. GREER: Will do.

THE COURT: If you want intelligent commentary on any ESI protocol, you may have to find another Judge. I'm not sure I'm the right person for that.

02:29PM

Item 9, notice of instructions for accessing repository.

MS. PARKER: Yes, your Honor, the plaintiffs' steering committee sent a letter to all defendants in the MDL, both unaffiliated and affiliated, sharing information about the document repositories and also providing some instructions for how access to those repositories can be gained. Out of an abundance of caution, we also took the liberty of ECFing a notice of those instructions to make sure that every participant in the MDL understood how those repositories could be accessed.

02:30PM

THE COURT: Okay. Anything else on that?

(No response)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS ) ss.
CITY OF BOSTON )

I do hereby certify that the foregoing transcript, Pages 1 through 70 inclusive, was recorded by me stenographically at the time and place aforesaid in MDL NO. 13-02419-FDS, IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES LITIGATION and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

Dated this January 22, 2014.

s/s Valerie A. O'Hara

__________________________

VALERIE A. O'HARA
OFFICIAL COURT REPORTER