# EXHIBIT "C"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING          )
PHARMACY, INC. PRODUCTS LIABILITY      )
LITIGATION                             )
_____ )          MDL No. 2419
                                       )          Dkt. No 1:13-md-2419 (FDS)
THIS DOCUMENT RELATES TO:              )
                                       )
All Actions                            )
_____ )

**SAINT THOMAS ENTITIES' PROPOSED DISCOVERY PLAN**

As explained more fully in the *Saint Thomas Entities' Notice of Status of Meet and Confer*, filed contemporaneously and incorporated by reference, Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities") submit this Proposed Discovery Plan ("Plan") in accordance with Federal Rules of Civil Procedure 16(b) and 26(f) and L. R. 16.1, 16.3, 26.1, and 26.3.

**DISCOVERY PLAN**

1.      **Definitions.** For purposes of this Plan, (a) the term "NECC" shall mean New England Compounding Pharmacy, Inc.; (b) the term "Affiliated Defendants" shall mean Barry Cadden; Lisa Cadden; Doug Conigliaro; Carla Conigliaro; Gregory Conigliaro; Glenn Chin; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, Inc.; Medical Sales Management; and Medical Sales Management SW; (c) the term "Unaffiliated Defendants" shall mean all Defendants other than NECC or the Affiliated Defendants; and (d) the term "National Defendants" shall mean all Unaffiliated Defendants who had service agreements or

arrangements with NECC or the Affiliated Defendants, but who did not purchase compounded product from NECC.

2.      **Scope of this Plan.**  This Plan applies only to the cases in which the following entities have been named as Defendants:  Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); the Howell Allen Clinic, P.C. ("Howell Allen"); John W. Culclasure, M.D. ("Culclasure"); Debra V. Schamberg, R.N. ("Schamberg"); and Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health, and Ascension Health Alliance ("Saint Thomas Entities").  These defendants will be referred to in this Plan as the "Tennessee Defendants."

3.      **Discovery from NECC and Affiliated Defendants.**  This Plan does not provide for discovery from NECC, which remains subject to the protections of the Bankruptcy Court, or the Affiliated Defendants, who are subject to a stay of discovery, or those parties subject to the Court's Order on Mediation Program of August 15, 2013.

4.      **Stipulated Protocols and Proposals.**  As to the deadlines for the parties to submit "stipulated proposals" or "stipulated protocols," this term includes both alternative proposals or protocols from the various parties in the event the parties are unable to agree a stipulated proposal or protocol—absent agreement of the parties to extend those dates or order of the Court.

5.      **Common Written Discovery.**  "Common Written Discovery" is discovery that will apply to most, if not all, of the cases involving the Tennessee Defendants, as opposed to discovery that applies only to a particular Plaintiff's case.  The parties may serve Master Common Written Discovery subject to the following limits:

   **a.** 50 Requests for Admission

      **b.** 40 Interrogatories

      **c.** 2 separate sets of Requests for Production limited to a total of 100 requests

If a party wishes to exceed these limitations, that party must seek an agreement of the party(ies) answering the discovery or leave of Court.

6.      **Privilege Logs.** Parties shall provide privilege logs thirty (30) business days after they produce documents for all responsive documents that have been withheld because of a claim of privilege. Privilege logs may be produced in PDF or Excel Format. Parties are not required to log any privileged documents that were created after September 18, 2012, that are solely between any two of the following: (1) any lawyer or employee of a firm that is counsel of record in this MDL action or any state-court lawsuit; (2) in-house counsel; or (3) the parties. Absent an assertion that the information itself is privileged, for each document withheld the party shall provide: (1) a unique identifier; (2) the date of the document; (3) the author/sender; (4) the recipients (including current titles, company affiliation and if they are a lawyer); (5) the file name of the document; (6) a brief description of the document; (7) the privileges being asserted; and (8) a brief description as to why the privilege applies.

7.      **Common Fact Witness Depositions**. Depositions of witnesses regarding common Tennessee issues may begin following the completion of written discovery, including the resolution of disputes regarding written discovery. Absent agreement of the parties or permission from the Court, depositions will be limited to one (1) day of seven (7) hours pursuant to Federal Rule of Civil Procedure 30(d)(1). Absent agreement of the parties or permission from the Court, parties will be limited to ten (10) depositions. For purposes of this provision, the PSC and all other counsel for Plaintiffs having claims against the Tennessee Defendants counts as a single "party."

8.    **Common Expert Discovery.**   Common expert discovery will progress in the

sequence below.  The deadlines for filing challenges to an expert's qualifications, methodology,

and relevance will be set forth in a subsequent case management order.

   a. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B), the PSC shall
      serve expert reports for Plaintiffs' experts who will testify on common issues
      related to Initial Trial Pool Cases within 90 days of the deadline for completion of
      Common Fact Discovery.  The PSC will make all Plaintiffs' experts on common
      issues available for deposition so that the deposition can be completed within
      thirty (30) days after service of his or her report.

   b. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B), the Tennessee
      Defendants will serve expert reports for all of their defense experts who will
      testify on common issues related to Initial Trial Pool Cases within 75 days of
      receipt of the Plaintiffs' Common Expert Disclosures.  The Tennessee Defendants
      will make all such defense experts available for deposition so that the deposition
      can be completed within thirty (30) days after service of his or her report.

   c. To the extent that Plaintiffs believe rebuttal experts are necessary, the PSC will
      serve expert reports for rebuttal experts on common issues within thirty (30) days
      of the receipt of the Tennessee Defendants' Common Expert Disclosures.  The
      PSC will make all rebuttal experts on common issues available for deposition so
      that the deposition can be completed within thirty (30) days after service of his or
      her report.

9.    **Joinder and Amendment.**   Pursuant to Federal Rule of Civil Procedure 16(b),

the following deadlines will apply for amending complaints and joining new parties:

   a. Any amendments to complaints must occur within sixty (60) days of completion
      of Common Fact Discovery.

   b. Joinder of new parties must occur within sixty (60) days of completion of
      Common Fact Discovery.

10.    **Case-Specific Discovery**.   Case-specific discovery, including case-specific

depositions, will commence after selection of the initial bellwether pool that will be addressed in

a separate case-management order.  Only cases involving the administration of NECC's methyl

prednisolone acetate in which a Short-Form Complaint was filed in the MDL on or before

December 20, 2013, are eligible to be selected for the initial bellwether pool and proceed to case-specific discovery.

11.     **Schedule**.   The Plan proposes the schedule below for the following events in this matter:

| Event | Dates/Deadline |
|---|---|
| Tennessee Defendants and PSC to provide Common Initial Disclosures (that will be applicable in all cases in this MDL proceeding to which the Tennessee Defendants are parties) pursuant to Federal Rule of Civil Procedure 26(a)(1). | February ___, 2014 |
| Tennessee Defendants to serve Master Common Written Discovery on PSC[1] | February ___, 2014 |
| Parties to submit a stipulated protocol for Unaffiliated Defendants to have access to discovery previously obtained from NECC and Affiliated Defendants, additional discovery as permitted by this Court and the bankruptcy court from NECC and the Affiliated Defendants, and discovery from the National Defendants. | February ___, 2014 |
| Parties to submit a stipulated protocol for the discovery of electronically stored information (ESI), if ESI will be requested in discovery, that should include agreements reached as to: (i) the retention and production of ESI; (ii) the use of search terms or other means of forensic searches for ESI; (iii) the manner in which ESI subject to privilege and work product protection will be handled; and (iv) whether a court order will be requested (either on stipulation or otherwise) to address ESI. | February ___, 2014 |
| Individual Tennessee Plaintiffs to provide completed Fact Sheets and fully executed authorizations for release of records | The later of 60 days after entry of order approving standardized forms, or 30 days after filing suit |
| Defendants will provide notice to the PSC of incomplete or materially defective Fact Sheets | 30 days after receipt of the particular Fact Sheet |
| Plaintiffs receiving notice of incomplete or materially defective Fact Sheets can correct or cure the deficiency(ies) or be subject to having their claims dismissed | 30 days after receipt of written notice of deficiency |
| PSC to respond to Master Common Written Discovery | April __, 2014 |
| Any Motions to Compel as to Master | May ___, 2014 |

---

[1] The PSC has previously served its Master Written Common Discovery on the Tennessee Defendants, who have served their objections and responses.

7

| Common Written Discovery must be filed | |
|---|---|
| Parties to submit a stipulated deposition protocol | May ___, 2014 |
| PSC and Tennessee Defendants shall submit a proposed scheduling order that addresses bellwether selection process and timing | July ___, 2014 |
| Deadline for completion of Common Written Discovery and Common Fact Witness Depositions to begin | September ___, 2014 |
| Deadline for completion of Common Fact Witness Depositions | November ___, 2014 |

Respectfully submitted,

SAINT THOMAS WEST HOSPITAL, FORMERLY KNOWN AS ST. THOMAS HOSPITAL, SAINT THOMAS NETWORK, AND SAINT THOMAS HEALTH

By its attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000

Dated:  February 6, 2014

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Eric J. Hoffman*
Texas State Bar No. 24074427

FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 6th day of February, 2014.

_____/s/ Sarah Kelly_____
SARAH KELLY