# EXHIBIT A

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT  DISTRICT OF MASSACHUSETTS | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>**NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER**<br><br>**TAX ID. NO. 04-3407495** | Case Number:<br><br>**12-19882-HJB** |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Thomas M. Sobol, lead counsel, on behalf of all legal counsel who are or may become entitled to payment of fees in MDL No. 2419

| Name and address where notices should be sent:<br><br>Thomas M. Sobol, Esq., Lead Counsel, MDL No. 2419<br>Hagens Berman Sobol Shapiro LLP<br>55 Cambridge Parkway, Suite 301, Cambridge, MA 02142<br><br>Telephone number: 617-482-3700 email: Tom@hbsslaw.com | **COURT USE ONLY**<br><br>☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|

| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:               email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

**1. Amount of Claim as of Date Case Filed:**          $ in excess of $75,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See MDL Order No. 3 (attached) contemplating a          contingent assessment for
     (See instruction #2)   common benefit work upon recovery of claims stemming from injuries
                            due to injection of contaminated NECC products.

| **3.** Last four digits of any number by which creditor identifies debtor:<br><br>_____ | **3a. Debtor may have scheduled account as:**<br><br>N/A<br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>N/A<br>_____<br>(See instruction #3b) |
|---|---|---|

| **4. Secured Claim** (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other<br>**Describe:**<br><br>**Value of Property: $** _____<br><br>**Annual Interest Rate** _____% ☐ Fixed or ☐ Variable<br>(when case was filed) | **Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**<br><br>$ _____<br><br>**Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $ _____<br><br>**Amount Unsecured:** $ _____ |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(____).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/12)                                                                                                                      2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: N/A

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

[✓] I am the creditor.　　[✓] I am the creditor's authorized agent.　　[ ] I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)　　[ ] I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim and in the attached "PITWD Addendum" (if required and submitted) is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:　Thomas M. Sobol, Lead Counsel, MDL No. 2419

Title:　Claimant*

Company:　Hagens Berman Sobol Shapiro LLP

Address and telephone number (if different from notice address above): [add address here and phone number, NOT email]

(Signature)　　　　　　(Date) January 14, 2014

Telephone number:　　　　　email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

*IF YOU ARE ASSERTING A CLAIM FOR PERSONAL INJURY, PLEASE COMPLETE, SIGN AND RETURN THE ENCLOSED CONFIDENTIAL PERSONAL INJURY OR WRONGFUL DEATH CLAIM INFORMATION FORM (THE "PITWD ADDENDUM"). DO NOT INCLUDE ANY MEDICAL INFORMATION IN YOUR ANSWERS TO THE QUESTIONS ON THIS FORM. INSTEAD INCLUDE PRIVATE MEDICAL INFORMATION ONLY IN YOUR ANSWERS TO THE QUESTIONS IN THE PITWD ADDENDUM*

*See MDL Order No. 3, contemplating a contingent assessment
for common benefit work upon recovery of claims stemming from injuries due
to injection of contaminated NECC products. A copy of MDL Order No. 3 is
attached hereto. The claim is on behalf of all counsel who are or may become
entitled to payment of common benefit fees by order of Judge Saylor in MDL No.
2419, Master Docket No.12-md-2419-FDS.

B 10 (Official Form 10) (12/12)                                                                                         3

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

***SUBMIT CLAIM TO DONLIN, RECANO & CO. IN ACCORDANCE WITH ENCLOSED INSTRUCTIONS***

___DEFINITIONS___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

___INFORMATION___

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the claims agent's website (www.donlinrecano.com/necp) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL No. 1:13-md-2419-FDS |
| This Document Relates To: | ) ) | |
| All Actions | ) ) ) ) | |

MDL Order No. 3
April 11, 2013

ORDER CONCERNING SHARING AND FUNDING
OF PLAINTIFFS' PRETRIAL EXPENSES AND COSTS

This order is intended to create a structure for plaintiffs' counsel to share and fund discovery and pretrial expenses and costs in connection with this litigation.

1.      Common Benefit Fees, Costs, and Assessments.

The Plaintiffs' Steering Committee ("PSC") created by MDL No. 2 shall be responsible, in the first instance, for funding common discovery and pretrial costs as may be necessary and appropriate.  To do so, the PSC may request contributions from other firms or individual plaintiffs' counsel.  As soon as practicable, based upon the PSC's evaluation of the particular circumstances of this litigation, the PSC shall submit a proposal for any reasonable prospective contingent assessment upon recoveries on the claims comprising this litigation.  Such proposal will be subject to court approval (after notice and opportunity to be heard from all stakeholders) and will be implemented under the equitable principles of the common-benefit doctrine, commensurate with the benefits of economy, efficiency, and value actually conferred upon the

3.      Counsel who intends to seek reimbursement shall submit time and expense reports to Lead Counsel monthly.  These reports should include both time and expenses and should summarize, with back-up detail, the submissions of all firms.

4.      Lead Counsel is authorized to establish on behalf of the PSC one or more bank accounts for the collection and deposit of assessments and for the payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate.  Any bank statements concerning such accounts shall be periodically provided to, and reviewed by, the PSC.

5.      Submission of a claim for reimbursement shall constitute a representation by the named counsel that the time and expenses are accurately reported.

B.     **Time Reporting**

1.      Only time spent on matters common to all claimants in this litigation will be considered in determining fees.  No time spent on developing or processing any case for an individual claimant should be submitted, unless the case is specifically determined by the PSC or the Court to be a "common-benefit case" (for example, a "test case" or "bellwether" case), as set forth below.

2.      All time should be recorded on a daily basis.  The failure to maintain such records, as well as insufficient description of the activity, may result in a loss of fees.

C.     **Expense Reporting**

    1.    All costs will be deemed as either "Shared Costs" or "Held Costs."

        a.    Shared Costs are costs that will be paid out of a separate PSC account to be established and administered by Lead Counsel, to be funded by all members of the PSC and others as determined by the PSC (and agreed by such other counsel).

        b.    Held Costs are those that will be carried by each attorney representing a client in this litigation, and reimbursed as and when determined by the PSC.

D.     **Shared Costs**

    1.    Shared Costs are costs incurred for the common benefit of the MDL plaintiffs as a whole. No individual client-related costs shall be considered as Shared Costs, unless the case is determined by the PSC or the Court to be a "common-benefit case." All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the Shared Costs account. All Shared Costs must be approved by Lead Counsel prior to being incurred and prior to payment.

    2.    Lead Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and any associated forms. Request for payments should include sufficient information to allow Lead Counsel to account properly for costs and to

provide adequate detail to the Court.  All requests shall be subject to review and approval by Lead Counsel.

**E.     Held Costs**

1.     Held Costs are costs incurred for the global benefit of the MDL plaintiffs. Held Costs are those that do not qualify as Shared Costs, but are incurred for the benefit of all plaintiffs in general.  No specific client-related costs can be considered as Held Costs, unless the case is determined by the PSC or the Court to be a "common-benefit case."  Time spent on such a case shall be reported in a separate expense submission.  All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

a.     faxes;

b.     postage, shipping, courier, and certified mail;

c.     printing and photocopying (in-house);

d.     computerized research - Lexis/Westlaw;

e.     telephone - long distance (actual charges only); and

f.     travel, pursuant to travel limitations set forth below, including travel for attorney to attend depositions, court or legislative matters:

(1)     airfare

    (2)     reasonable ground transportation

    (3)     hotel

    (4)     reasonable meals and entertainment

    (5)     reasonable other (parking)

    (6)     car rental, cabs, etc.

    (7)     secretarial and clerical overtime

2.     The PSC shall propose expense limitations and guidelines for use by all plaintiffs' counsel.  Lead Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 11, 2013