# EXHIBIT C

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE: FOSAMAX PRODUCTS LIABILITY  :
LITIGATION                                                          :       MDL NO. 1789
                                                                               :       1:06-md-1789 (JFK)
------------------------------------------------------------x
This Document Relates to:                                 :
ALL ACTIONS                                                    :
------------------------------------------------------------x

## CASE MANAGEMENT ORDER NO. 17 (amended)
## (ESTABLISHING PLAINTIFFS' COMMON BENEFIT FUND)

This order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of litigation services performed and expenses incurred by attorneys acting for MDL 1789 administration and common benefit of all plaintiffs in this complex litigation. The order is presented by the Plaintiffs Steering Committee without opposition from Defendant. Accordingly, the Court **ORDERS** as follows:

1.  **The Plaintiffs Steering Committee Has Created Work Product for the Common Benefit of All Federal Litigants.**

On September 25, 2006, this Court entered Case Management Order 2 and through that CMO appointed the MDL No. 1789 Plaintiffs Executive Committee and Plaintiffs Steering Committee ("PSC"). The Court charged the PSC with the following obligations:

   (1)   Initiate, coordinate, and conduct all common benefit pretrial discovery on behalf of all plaintiffs in all actions which are consolidated with the instant MDL.

   (2)   Develop and propose to the Court schedules for the commencement, executions, and completion of all discovery on behalf of all plaintiffs.

   (3)   Cause to be issued in the name of all plaintiffs the necessary discovery requests,

-1-

    motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

(4) Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all MDL plaintiffs.

(5) Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(6) Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court.

(7) Submit and argue any motions to the Court, and file any briefs in opposition to motions, on behalf of all plaintiffs, which involve matters within the sphere of the responsibilities of the Plaintiffs' Steering Committee.

(8) Explore, develop, and pursue all settlement options pertaining to the common benefit of all plaintiffs.

(9) Maintain adequate files of all pretrial matters, including establishing and maintaining a document depository, and having those documents available, under reasonable terms and conditions, for examination by all MDL Plaintiffs or their attorneys.

(10) Perform any task necessary and proper for the Plaintiffs' Steering Committee to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys both on the PSC and not on the PSC and assigning them tasks consistent with the duties of the Plaintiffs' Steering Committee.

(11) Perform such other functions as may be expressly authorized or directed by further orders of this Court.

This Court is satisfied that the PSC has faithfully executed the duties with which it was charged and that it is appropriate to order the establishment of a common benefit fund in order to remunerate the PSC for the expenses incurred and efforts conducted on behalf of all Fosamax plaintiffs in this MDL.

2. **Plaintiffs' Litigation Expense Fund to be Established**

    a. Plaintiffs' Lead Counsel and Defendants' Lead Counsel are directed to establish an interest-bearing account to receive and disburse funds as provided in this order. Plaintiffs' Lead Counsel has nominated (without opposition from Merck) Hancock Bank as the escrow agent for purposes of this Order. This Court, accordingly, appoints Hancock Bank as the escrow agent for purposes of this Order. These funds will be held by the escrow agent as funds subject to the direction of the Court. The escrow agent fees negotiated by Plaintiffs' Lead Counsel are payable out of the escrow account funds or, in the event the escrowed funds are insufficient to cover the escrow agent fees, by the PSC: Merck will bear no liability or obligation for any escrow agent fees or expenses related in any way to the Plaintiffs' Litigation Expense Fund.

    b. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court. These funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except

when and as directed to be disbursed as provided by court order to a specific person.

3. **Assessment**

    a. All plaintiffs and their attorneys who, either agree or have agreed - for a monetary consideration - to settle, compromise, dismiss, or reduce the amount of a claim, or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to a FOSAMAX claim are subject to an assessment of the "gross monetary recovery," as provided herein.

    b. Defendants are directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment. If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the fund promptly.

    c. No orders of dismissal of any plaintiff's claim, subject to this order, shall be filed unless accompanied by a certificate of plaintiff's and defendant's counsel that the assessment has been withheld and deposited into the fund. Lead Counsel for the PSC and Defendant shall meet and confer on the appropriate form of such a certificate and submit the agreed-upon form to the Court for ratification.

    d. The Plaintiffs' Steering Committee shall provide Defense Counsel, plaintiff's counsel, the escrow agent, and the Court (or its designee) with a list of cases and/or counsel who have entered into written agreements with the Plaintiff's Steering

-4-

Committee. In the event there is a dispute as to whether a case should be on the list, the Plaintiff's Steering Committee shall resolve the matter with the particular plaintiff's counsel either informally or upon written motion. In the absence of a written agreement, Defendant shall consider the case as subject to the mandatory assessment set forth in ¶ 3(f)(3), *infra*.

e.  The "gross monetary recovery" is any and all sums paid by Defendant to settle the plaintiffs' respective claims and, in the event of any structured settlement, include the present value of any fixed and certain payments to be made in the future.

f.  This obligation attaches in the following instances:

 (1)  Assessment Option #1. For all cases whose counsel who have already agreed or who have agreed within 90 days of this Order to cooperate with the MDL PSC by signing an appropriate agreement, the assessment in such cases shall be six percent (6%) of the "gross monetary recovery" (3% fees/3% costs). The assessment shall apply to all of those cases of such Counsel with FOSAMAX cases now pending or later filed in, transferred to, or removed to this Court as well as unfiled and/or tolled cases and treated as part of the coordinated MDL 1789 proceeding known as *In re: Fosamax Products Liability Litigation* including cases later remanded to a state court or any cases on tolling agreements, filed in any state court, or clients whose cases are as yet unfiled. Three percent (3%) of the "gross monetary recovery" shall be deemed fees to be subtracted from the attorney's fee portion of the individual fee contract, and three percent (3%) of the "gross monetary

-5-

recovery" shall be deemed costs to be subtracted from the client portion of individual fee contracts. Regardless of whether any such agreement has been executed, by operation of this Order this option is deemed accepted by all members of the PSC (and their respective firms and consortiums), and MDL common benefit committee members (and their respective firms and consortiums).

(2) <u>Assessment Option #2</u>. Following the 90 day period to permit counsel to consider the Assessment Option #1, Counsel can sign an appropriate agreement to an assessment on all FOSAMAX cases now pending, or later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as *In re: Fosamax Products Liability Litigation* including cases later remanded to a state court or any cases on tolling agreements, or cases which are as yet unfiled. The assessment in such cases shall be eight percent (8%) of the "gross monetary recovery" (5% fees/3% costs). Five percent (5%) of the "gross monetary recovery" shall be deemed fees to be subtracted from the attorney's fee portion of the individual fee contract, and three percent (3%) of the "gross monetary recovery" shall be deemed costs to be subtracted from the client portion of individual fee contracts.

(3) <u>Mandatory Assessment (Option #3)</u>. The following mandatory assessment shall apply to all MDL plaintiffs' counsel who do not sign either an Assessment Option #1 agreement or Assessment Option #2 agreement.

-6-

Because the extensive litigation efforts of the PSC by necessity inure to the benefit of all Federal litigants, in the absence of a signed Assessment Option agreement, the Court mandates that the following assessment provision shall apply to all Federal Fosamax cases. Additionally, any plaintiff's counsel with cases not in the MDL who utilizes any aspect of the MDL common benefit work product, or who participates in a PSC-coordinated resolution, and who has not signed an Assessment Option agreement, shall be subject to the following assessment provision. The assessment in such cases shall be nine percent (9%) of the "gross monetary recovery" (6% fees/3% costs). Six percent (6%) of the "gross monetary recovery" shall be deemed fees to be subtracted from the attorney's fee portion of the individual fee contract, and three percent (3%) of the "gross monetary recovery" shall be deemed costs to be subtracted from the client portion of individual fee contracts.

g. For any settlement of any matter alleging ONJ or any jaw related injury in any jurisdiction in the United States, counsel for Merck shall contact the PSC Lead Counsel and identify all plaintiff's counsel involved in the settlement and the jurisdiction in which the case was pending. The PSC shall promptly respond in writing, preferably within 10 days as to whether and at what rate the PSC believes the settlement is to be assessed. If the PSC states that it believes the settlement is subject to an assessment under the terms of this CMO No. 17, Merck shall deposit a portion of the gross monetary recovery under this settlement into the escrow account at the percentage rate identified by the PSC. If any individual plaintiff counsel or firm with

-7-

whom Merck may elect to settle any particular case or cases alleging ONJ or any jaw related injury in any jurisdiction in the United States objects, absent court order providing to the contrary Merck will withhold funds citing its obligations under this Order and deposit them into the escrow account, which shall act to terminate Merck's obligations with respect to the particular case or cases. Any other obligation to enforce the terms of this Order or pursue disputes over withheld funds placed into escrow shall be the PSC's and the PSC's alone.

h.  For those counsel desiring to execute any Assessment Option agreement, the PSC has designated Anthony Irpino, Esq., as the contact person:

> Irpino Law Firm
> One Canal Place
> 365 Canal Street, 22nd Floor
> New Orleans, LA 70130
> (504) 525-1500
> irpinoanthony@hotmail.com

4.  **Disbursements**

    a.  Upon order of the Court, payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients. Attorneys eligible are limited to Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, members of the Plaintiffs' Steering Committee and other attorneys called upon by them to assist in performing their responsibilities. All time and expenses are subject to proper and timely submission (each month) of contemporaneous records certified to have been received by Plaintiffs' Administrative Committee in accord with this Court's prior orders.

-8-

b. Payments will be allowed only to entities for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs.

c. Payment may, for example, be made for services and expenses related to the obtaining, reviewing, indexing, and payment for hard copies of computerized images of documents for the defendants; to conducting "national" or "state" depositions; and to activities connected with the coordination of federal and state litigation. The fund will not, however, be used to pay for services and expenses primarily related to a particular case, such as the deposition of a treating physician, even if such activity results in some incidental and consequential benefit to other plaintiffs.

d. Payments will not exceed the fair market value for the services performed or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services and expenses. Noting this, it is the express intention for the aforementioned assessments to properly and fully compensate Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, members of the Plaintiffs' Steering Committee and other attorneys called upon by them to assist in performing their responsibilities for the common benefit work which they perform in connection with this matter.

e. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Defense Counsel shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has made an assessment. Details of any individual settlement

agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed to the Plaintiff's Steering Committee, the Court, or the Court's designee. Further, unless and until there are at least twenty settlements and assessment deposits made into the escrow account being set up pursuant to this Order, the total amounts contained in the escrow account shall remain confidential. However, once there are at least twenty settlements and assessment deposits made into the escrow account, monthly statements from the escrow agent shall be provided to Plaintiff's Lead Counsel, Defendants' Lead Counsel, the Court and/or the Court's designee showing only the aggregate total of all deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

f.  If the fund exceeds the amount needed to make payments as provided in this order, the Court may order a refund to those who have contributed to the fund. Any such refund will be made in proportion to the amount of the contributions.

## 5. Distribution of this CMO.

The Court directs the PSC to post this CMO to its website, www.fosamaxmdl.com, as well as the appropriate Assessment Option agreements referenced in this Order. The Court further understands that Merck, upon a plaintiff filing a new Fosamax case in the MDL, automatically circulates to the plaintiff's counsel documentation concerning the plaintiff's CMO 8 profile form obligations.

The Court directs Merck to include this CMO in the package circulated to plaintiff's counsel

upon the filing of a new Fosamax MDL case.

**IT IS SO ORDERED.**

Dated: New York, New York

April 28, 2011.

                                                                                  JOHN F. KEENAN
                                                                                  UNITED STATES DISTRICT JUDGE
                                                                                  SOUTHERN DISTRICT OF NEW YORK