UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) The cases listed in Exhibit A to the  ) Saint Thomas Entities' Global Motion  ) to Dismiss ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (FDS) |

**SAINT THOMAS ENTITIES' GLOBAL MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and without waiver of any service or notice defects,[1] Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities") file this Global Motion to Dismiss the Complaints of the various MDL Plaintiffs whose cases are listed in Exhibit A ("Tennessee Plaintiffs"), and in support, show the Court the following:

**GROUNDS**

1. As explained more thoroughly in the *Saint Thomas Entities' Memorandum in Support of Global Motion to Dismiss Under Rule 12(b)(6)*, filed contemporaneously and fully incorporated by reference, the Tennessee Plaintiffs have not alleged a sufficient factual basis for imposing vicarious liability against any of the Saint Thomas Entities. The allegations fail to satisfy the standards for pleading under Federal Rule of Civil Procedure 8 as interpreted by the

---

[1] These defendants have also filed a *Motion To Dismiss for Failure to Comply With Tennessee Health Care Liability Act* addressing service and notice problems with the pleadings in the individual cases filed against them, which is incorporated by reference.

1

U.S. Supreme Court in *Twombly* and *Iqbal*.  These allegations also fail to satisfy Tennessee's rigorous standards for piercing the corporate veil of a limited liability corporation, such as Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC").  *See* TENN. CODE ANN. § 48-217-101 ("[A] member . . . of an LLC does not have any personal obligation and is not otherwise personally liable for the acts, debts, liabilities, or obligations of the LLC whether such arise in contract, tort or otherwise.").

2.  Nor do the Tennessee Plaintiffs allege facts that would be sufficient to support vicarious claims against the Saint Thomas Entities under an agency theory.  As a result, all claims against the Saint Thomas Entities should be dismissed for failure to state a claim against these entities.

3.  The putative claims against the Saint Thomas Entities independently fail as a matter of law because Plaintiffs have failed to state legally viable claims against STOPNC, which are a necessary predicate for any form of vicarious liability against the Saint Thomas Entities.  Plaintiffs assert civil conspiracy, strict liability, and regular negligence claims against STOPNC under Tennessee law, but it is clear from the four corners of their respective Short-Form Complaints[2] that all claims against STOPNC stem from its administration of epidural steroid injections to the Tennessee Plaintiffs.  The Tennessee Plaintiffs' sole claim against STOPNC falls under the Tennessee Health Care Liability Act, TENN. CODE ANN. § 29-26-101, *et seq*.  In order to state a valid "health care liability action," a plaintiff must plead and prove the relevant standard of care and deviation from it.  *See* TENN. CODE ANN. § 29-2-115(a).  The Tennessee Plaintiffs have not and cannot meet this pleading requirement with respect to their

---

[2] As explained in the Saint Thomas Entities' Memo, the live pleadings against Saint Thomas in these cases are the Short-Form Complaints, some of which incorporate by reference their original complaints and all of which are insufficient as a matter of law.

civil conspiracy, products liability, and general negligence claims; thus, those claims cannot be the basis for imposing vicarious liability against the Saint Thomas Entities.

4.  Independently and in addition, Tennessee does not recognize a claim against a professional services provider, like STOPNC, for items consumed in connection with the rendition of professional services. Because the Tennessee Plaintiffs' Short-Form Complaints fail to state a claim against STOPNC under these theories, there is no basis for imputing liability to the Saint Thomas Entities.

5.  Further, to the extent any of the Tennessee Plaintiffs' claims constitute a healthcare liability action against Dr. John Culclasure, the Saint Thomas Entities cannot be vicariously liable for those claims due to Tennessee's prohibition on the corporate practice of medicine. *See* TENN. CODE ANN. § 68–11–205; *Med. Educ. Assistance Corp. v. State ex rel. East*, 19 S.W.3d 803, 813 (Tenn. Ct. App. 1999) ("The corporate practice of medicine is enjoined in Tennessee by T.C.A § 68–11–205."). Because the corporate practice of medicine doctrine prohibits the Saint Thomas Entities from directing health care decisions by Dr. Culclasure, the Saint Thomas Entities cannot be vicariously liable for his professional decisions. Thus, any healthcare liability claims based on the actions of Dr. Culclasure cannot form the predicate for imposing vicarious liability against the Saint Thomas Entities.

## CONCLUSION AND PRAYER

For these reasons, Saint Thomas West Hospital (formerly known as St. Thomas Hospital), Saint Thomas Network, and Saint Thomas Health respectfully request that the Court: (i) grant their Motion to Dismiss in its entirety and dismiss all putative claims against the Saint Thomas Entities; (ii) alternatively, and solely in the event it does not dismiss all claims against the Saint Thomas Entities, dismiss the claims against Saint Thomas West Hospital (f/k/a St. Thomas Hospital) and Saint Thomas Health neither of whom has any ownership interest in

3

STOPNC; and (iii) grant such other and further relief to which the Saint Thomas Entities are entitled.

        SAINT THOMAS WEST HOSPITAL, FORMERLY KNOWN AS ST. THOMAS HOSPITAL, SAINT THOMAS NETWORK, AND SAINT THOMAS HEALTH

        By its attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000

Dated:  February 7, 2014

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Eric J. Hoffman*
Texas State Bar No. 24074427

FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

      This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 7th day of February, 2014.

        */s/ Sarah P. Kelly*
        SARAH P. KELLY

2358099.1