UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: The cases listed in Exhibit A _____ | ) ) ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No 1:13-md-2419 (FDS) |

**ASCENSION PARTIES' GLOBAL MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and without waiver of any service or notice defects,[1] Defendants Ascension Health and Ascension Health Alliance (together referred to as the "Ascension Parties") file this Global Motion to Dismiss the Complaints of the various MDL Plaintiffs whose cases are listed in Exhibit A ("Tennessee Plaintiffs"), and in support, show the Court the following:

**GROUNDS**

1.  As explained more thoroughly in the *Saint Thomas Entities'*[2] *Memorandum in Support of Global Motion to Dismiss Under Rule 12(b)(6)* ("Saint Thomas Entities' Memo"), which is being filed contemporaneously and is fully adopted and incorporated by reference by the Ascension Parties, the Tennessee Plaintiffs have not alleged a sufficient factual basis for imposing vicarious liability against the Saint Thomas Entities. Some, but not all, of the Plaintiffs with claims against the Saint Thomas Entities have also asserted claims against the Ascension

---

[1] These defendants have also filed a *Motion To Dismiss for Failure to Comply With Tennessee Health Care Liability Act* addressing service and notice problems with the pleadings in the individual cases filed against them, which is incorporated by reference.

[2] The "Saint Thomas Entities" are Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.

1

Parties—whom they allege are vicariously liable *solely* because of their relationship to the Saint Thomas Entities.  Evidencing just how much of a stretch these Tennessee Plaintiffs are making, the sum total of their allegations against the Ascension Parties are that they "owned, operated, managed and/or simply did business, in part, as Saint Thomas Health and/or Saint Thomas Network and/or Saint Thomas West Hospital."  *Bertrum Walker Bryant, Jr. et al. v. Unifirst Corp., et al.*, No. 1:13-md-02419-FDS, filed by Galligan & Newman ("Bryant Compl.") at ¶ 5; *see also Janet M. Russell, et al. v. Unifirst Corp. et al.*, No. 1:13-cv-12794-FDS, filed by Kinnard, Clayton & Beveridge ("Russell Compl.") at ¶ 15 (incorporating by reference their original complaint, including ¶¶ 33-34).  These allegations fall far below the standards for pleading under Federal Rule of Civil Procedure 8, as interpreted by the U.S. Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  These allegations do not come close to satisfying Tennessee's rigorous standards for piercing the corporate veil of a limited liability company—which includes each of the Saint Thomas Entities.  *See* TENN. CODE ANN. § 48-217-101 ("[A] member . . . of an LLC does not have any personal obligation and is not otherwise personally liable for the acts, debts, liabilities, or obligations of the LLC whether such arise in contract, tort or otherwise.").

2. Nor do the Tennessee Plaintiffs allege facts that would be sufficient to support vicarious claims against the Ascension Parties under an agency theory.  As a result, all claims against the Ascension Parties should be dismissed for failure to state a claim against these entities.

3. The putative claims against the Ascension Parties independently fail as a matter of law because Plaintiffs have failed to state legally viable claims against Saint Thomas Outpatient Neurological Center ("STOPNC") or the Saint Thomas Entities—all of which are a necessary

predicate for any form of vicarious liability against the Ascension Parties. Plaintiffs assert civil conspiracy, strict liability, and regular negligence claims against STOPNC under Tennessee law, but it is clear from the four corners of their respective Short-Form Complaints[3] that all claims against STOPNC stem from its administration of epidural steroid injections to the Tennessee Plaintiffs. The Tennessee Plaintiffs' sole claim against STOPNC falls under the Tennessee Health Care Liability Act, TENN. CODE ANN. § 29-26-101, *et seq*. In order to state a valid "health care liability action," a plaintiff must plead and prove the relevant standard of care and deviation from it. *See* TENN. CODE ANN. § 29-2-115(a). The Tennessee Plaintiffs have not and cannot meet this pleading requirement with respect to their civil conspiracy, products liability, and general negligence claims; thus, those claims cannot be the basis for imposing vicarious liability against the Ascension Parties.

4. Independently and in addition, Tennessee does not recognize a claim against a professional services provider, like STOPNC, for items consumed in connection with the rendition of professional services. Because the Tennessee Plaintiffs' Short-Form Complaints fail to state a claim against STOPNC under these theories, there is no basis for imputing liability to the Saint Thomas Entities—much less to the Ascension Parties.

5. Further, to the extent any of the Tennessee Plaintiffs' claims constitute a healthcare liability action against Dr. John Culclasure, the Ascension Parties cannot be vicariously liable for those claims due to Tennessee's prohibition on the corporate practice of medicine. *See* TENN. CODE ANN. § 68–11–205; *Med. Educ. Assistance Corp. v. State ex rel. East*, 19 S.W.3d 803, 813 (Tenn. Ct. App. 1999) ("The corporate practice of medicine is

---

[3] As explained in the Saint Thomas Entities' Memo, the live pleadings against the Tennessee Defendants in these cases are the Short-Form Complaints, some of which incorporate by reference their original complaints and all of which are insufficient as a matter of law.

enjoined in Tennessee by T.C.A § 68–11–205."). Because the corporate practice of medicine doctrine prohibits the Ascension Parties from directing health care decisions by Dr. Culclasure, the Ascension Parties cannot be vicariously liable for his professional decisions. Thus, any healthcare liability claims based on the actions of Dr. Culclasure cannot form the predicate for imposing vicarious liability against the Ascension Parties.

## CONCLUSION AND PRAYER

For these reasons, Ascension Health and Ascension Health Alliance respectfully request that the Court: (i) grant their Global Motion to Dismiss in its entirety and dismiss all putative claims against these defendants; and (ii) grant such other and further relief to which the Ascension Parties are entitled.

By its attorneys,

*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000

Dated:  February 7, 2014

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Eric J. Hoffman*
Texas State Bar No. 24074427

FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

      This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 7th day of February, 2014

                                       */s/ Sarah P. Kelly*
                                       SARAH P. KELLY

2358106.1