| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | IN THE UNITED STATES DISTRICT COURT |
| This Document Relates to All Cases | DISTRICT OF MASSACHUSETTS |
| | CASE NO.: MDL NO. 1:13-md-02419 |

**NON-PARTY BALTIMORE PAIN MANAGEMENT CENTER'S SUR-REPLY TO PSC'S MOTION TO COMPEL, MOTION FOR FINDING OF CIVIL CONTEMPT AND MOTION FOR SANCTIONS**

Non-Party Baltimore Pain Management Center ("BPMC") by and through its undersigned counsel, hereby sets forth this memorandum in Sur-Reply to the PSC's Motion to Compel Production, For a Finding of Civil Contempt and Motion for Sanctions (the "Motions") (Dkt 786, 787, 788).  BPMC states as follows:

On November 13, 2013 Magistrate Judge Boal issued an Order on Motions to Quash and Objections to Subpoenas (the "Order"). (Dkt 572)  On December 3, 2013 BPMC issued a response to the relevant Subpoena in accordance with the Order. (See Dkt 787-6) On January 17, 2014, 45 days after BPMC responded to the Subpoena, the PSC filed its Motions.  BPMC, a non-party respondent, maintains that the Subpoena is quashed as to it, and filed an Opposition on February 2, 2014 (Dkt. 842).  The PSC filed a reply on February 4, 2014 (the "Reply") (Dkt. 849).

In reviewing the Reply filed by PSC, it is evident that they rely upon a quote from their own affidavit which, although the language was included in their affidavit, *per se*, at paragraph number 3, it is quoted in the Reply in such a fashion as to mistakenly lead the reader to believe the quoted language was part of an email or an accompanying

conversation. (See Dkt 787-1)  The PSC Reply quotes language that is nothing more than editorial commentary within the Affidavit.  It is quoted twice within the PSC's Reply, purportedly to demonstrate that notice was given. It is expressed in quotation marks, with emphasis added in bold and italic, in such a fashion that it might appear to the reader that it had been communicated to undersigned counsel.  However, a review of the Affidavit (Dkt 787-1 as PSC Exhibit A) and the correspondence (Dkt 784 as PSC Exhibit D) clearly show that the related communication did not convey such information.  It merely listed two names with a subject line that reads "Baltimore Pain Plaintiffs." This is not a statement of claim against BPMC.

**Language Quoted in Reply is Erroneous and Misleading and Should be Disregarded by the Court**

In two places, the PSC Reply relies on this specific quoted language to support its contention that Notice was given to BPMC in accordance with the requirements of the Court's November 13 Order.  At Page 2 of the PSC Reply, it is used to connect the specific quoted language to a July 9 telephone call, a connection that is simply not supported by the January 2014 Affidavit of Ms. Hawk in which she describes that call. Nor is it supported by the email written on July 9 2013 to memorialize the conversation. Next, on page 3, the PSC reply relies upon the same quoted language pulled from the same Affidavit of Ms. Hawk. This time the Reply relies on the quoted material in connection with an August 2, 2013 email providing names of individuals. The use of the quoted material in the Reply at page 3 implies that it was part of the communication between counsel that is the subject of the email and, used that way, lends its support to the PSC position about whether notice was given in accordance with the meaning in the November 13 Order.  Indeed, the language as it is presented in the Affidavit does *not*

{MD070139.1}

connote a communication, rather it is merely an editorial explanation for a sparse email. Although in paragraph 3, Ms. Hawk states that she refers back to a July 9, 2013 meet and confer, her paragraph 2, written about the July 9 meet and confer, does not elaborate on any reference to "physicians and agents," nor does she ever state affirmatively that she told undersigned counsel that there is a claim against BPMC or its physicians or agents. In fact, in reference to the July 9 telephone call, the Affidavit, which is dated five months after the call on January 7, 2014, takes care to not set forth a re-creation of the discussion, rather it refers to the July 9 email which served as a written memorialization of the conversation. That written memorialization, dated the day of the conversation, does not reference BPMC's physicians and agents, nor does it acknowledge that there was a discussion about a claim against BPMC. Indeed, that email, which clearly references the NECC matter, references patients who are Ms. Hawk's clients and refers to the fact that they have not filed suit. Ms. Hawk's Affidavit at numbered paragraph 3 then addresses an August 2 email that simply contained a subject line and two names. Aside from that and the information about sender and recipient, there was no other information contained within. The explanatory statement in the Affidavit does not attest to a conversation or to any information that was actually provided to counsel for BPMC that there was a claim against it or its physicians or agents. Ms. Hawk's editorial comment in paragraph 3 of her Affidavit does not amount to notice of a claim.

**Language Relied Upon in Reply Alters the Type of Notice Required Under Maryland Law**

Ms. Hawk's Affidavit does not specify or attest to any actual discussion or written communication about a claim against the "physicians or agents." The Court's Order concerns respondents "who have no patients who have filed suit, joined the MDL

litigation, or given notice of a claim <u>against that respondent</u> relating to NECC Medications." (Emphasis added.) Regardless of whether a product liability claim would be appropriate, this language is broad enough to cover any type of claim, including product liability causes of action, and it was in that context that BPMC complied with the Order and responded to the Subpoena.

Medical malpractice claims in Maryland require a specific type of notice. To the extent the PSC now claims that BPMC had notice of claims against its physicians or nursing staff, the term "notice of a claim" essentially becomes a term of art under Maryland law.

Claims against physicians and nursing staff ("agents") relevant to the care of a patient are more specific than the information provided by Ms. Hawk and connote medical malpractice. In Maryland, there is a mandatory requirement that medical malpractice claims against a health care provider for damage due to an injury arising or resulting from the rendering or failure to render health care *shall* be filed with the Director of the Health Care Alternative Dispute Resolution Office, supported by a certificate of merit from a qualified medical expert. Md. Code Ann. Cts & Jud. Proc., §3-2A-04(a). This is a specific type of notice requirement to be observed within a medical malpractice action in Maryland. Compliance with the Health Care Malpractice Claims statute is also a condition precedent to the bringing of a medical malpractice action in federal court. *Davison v. Sinai Hosp.*, 617 F.2d 361 (4th Cir. 1980).

The PSC has not, to the knowledge of the BPMC, filed a claim with the Health Care Alternative Dispute Resolution Office as to BPMC. Nor has the PSC provided notice of a claim against the BPMC or its physicians or nursing staff. BPMC only

received notice that two of its patients were represented by Ms. Hawk in matters against the NECC. The operative language in the Court's November 13 Order is simple and concise and BPMC responded to the PSC subpoena in a manner consistent with that language, understanding the balance of the Subpoena to be quashed.

**Conclusion**

Wherefore, for the reasons stated above, BPMC respectfully asks that the Court disregard the quoted language in PSC's Reply and deny PSC's Motion to Compel, deny PSC's Motion for a finding of Contempt and deny PSC's Motion for Sanctions.

February 11, 2014                              Respectfully submitted,

                                              **MARKS, O'NEILL, O'BRIEN,
   DOHERTY & KELLY, P.C.**

                                              _____/S/_____
Michelle J. Marzullo
USDC-MD Bar #26562
600 Baltimore Avenue, Suite 305
Towson, MD  21204
*Attorneys for Respondent Baltimore Pain Management Center*
Phone:  410-339-6880
Fax:  410-339-6881
mmarzullo@moodklaw.com

{MD070139.1}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of February 2014, a copy of the foregoing Sur-Reply to PSC's Motion to Compel Production, for finding of Civil Contempt and for an Award of Sanctions, was filed electronically via the Court's electronic filing system, as an attachment to BPMC's Motion for Leave to File a Sur-Reply.  Notice of this filing will be sent electronically to parties and non-party attorneys who are registered with the Court's electronic filing system in this MDL.

                                               **MARKS, O'NEILL, O'BRIEN,**
                                                   **DOHERTY & KELLY, P.C.**

                                            _____/S/_____
                                       Michelle J. Marzullo
                                       USDC-MD Bar #26562
                                       600 Baltimore Avenue, Suite 305
                                       Towson, MD  21204
                                       *Attorneys for Respondent Baltimore Pain*
                                       *Management Center*
                                       Phone:  410-339-6880
                                       Fax:  410-339-6881
                                       mmarzullo@moodklaw.com