UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)    MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>) |

**SUR-REPLY OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF COMMON BENEFIT ORDER**

Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the bankruptcy Estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor") and the Official Committee of Unsecured Creditors of NECC (the "Official Committee"), by and through their undersigned counsel, respectfully submit this sur-reply to the *Plaintiffs' Steering Committee's* ("PSC") *Reply in Support of Motion for Entry of Common Benefit Order* [Dkt. No. 873] (the "CBF Reply").[1]

1.  On January 17, 2014, the PSC filed the *Plaintiffs' Steering Committee's Motion for Entry of Case Management Order Establishing Assessment Procedures to Fund Common Benefit Account* [Dkt. No. 790] (the "CBF Motion") and an accompanying memorandum of law [Dkt. No. 791]. Through the CBF Motion, the PSC seeks to establish procedures to fund a common benefit fund account (the "CBF Account"), specifically via an assessment of eight (8) percent to be held back from every recovery by plaintiffs in these MDL proceedings and other proceedings, including recoveries through any settlement related to any bankruptcy proceedings.

2.  Each of the Trustee and the Official Committee has filed a limited objection to the CBF Motion. See Dkt. Nos. 833 (the "Official Committee's Limited Objection"), 834 (the

---

[1] At the status conference held before this Court on February 6, 2014, Judge Saylor granted the Trustee and the Official Committee leave to file sur-replies, or a joint sur-reply, to the CBF Reply.

"Trustee's Limited Objection"). In short, the Limited Objections posit that by seeking an assessment on the proceeds of settlements entered into by the Trustee, the CBF Motion improperly invades the jurisdiction of the bankruptcy court with respect to property of NECC's bankruptcy estate. See Official Committee's Limited Objection ¶ 5; Trustee's Limited Objection ¶ 1.

3. The CBF Reply does not directly address the points the Trustee and the Official Committee raise in the Limited Objections as to the inappropriateness of the relief sought in the CBF Motion. However, ostensibly in response to the Limited Objections, the PSC offers three possible procedural mechanisms through which this Court might accomplish the sequestration of common benefit funds:

> First, the Court could require that a percentage of the funds to be paid into the bankruptcy estate pursuant to any settlement with NECC Affiliated Defendants (or others) be set aside in a common benefit fund [("Option 1")]. Second, the Court could require the claims of attorneys in the MDL who are or may become entitled to payment of fees from a common benefit fund be recognized as a valid claim in the bankruptcy proceedings itself and paid in due course into a common benefit account [("Option 2")]. The final possibility is that if there is a tort trust created as part of an approved bankruptcy plan, the Court require that a percentage of those funds be set aside and paid into a common benefit account for later distribution [("Option 3")].

CBF Reply at 4-5.

4. Both Option 1 and Option 2 would interfere with property of NECC's estate. Thus neither resolves the central issue raised in the Trustee's and the Committee's Limited Objections, *i.e.*, that *any* attempt to interfere with property of the estate, including through a direct tax on settlement funds (Option 1) or through this Court's preemptively allowing "valid claim[s]" against the estate (Option 2), is improper. Accordingly if the Court were to entertain the CBF Motion at this time, the Trustee and Official Committee would object to Option 1 or Option 2.

5. Of the common benefit fund assessment Options presented by the PSC, only Option 3—waiting until a post-petition tort trust is funded, and seeking to apply an assessment to the funds in that trust—does not directly implicate the issues raised in the Trustee's and the Committee's Limited Objections. That said, neither the Trustee nor the Official Committee here takes a position on whether the CBF Motion should be granted or whether Option 3 is an appropriate assessment mechanism, and each reserves their rights regarding the amounts and mechanisms related to the actual establishment of the common fund.

Dated: February 13, 2014

Respectfully submitted,

BROWN RUDNICK LLP

By: /s/ David J. Molton
David J. Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

DUANE MORRIS LLP

/s/ Michael R. Gottfried
Michael R. Gottfried (BBO #542156)
100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Email: mrgottfried@duanemorris.com

*Counsel for Paul D. Moore, Chapter 11 Trustee of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center*

## **CERTIFICATE OF SERVICE**

      I, Carol S. Ennis, hereby certify that on February 13, 2014, I caused a copy of the foregoing Sur-Reply to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.


Dated: February 13, 2014
      Boston, Massachusetts                                    /s/ Carol S. Ennis
                                                                                   Carol S. Ennis

61598234