UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 1:13-md-2419-FDS |
| This Document Relates to: All Cases | ) ) ) ) | |

**RESPONDING ATTORNEYS SUR-REPLY TO PLAINTIFFS' STEERING
COMMITTEE'S RESPONSE TO MOTION FOR ENTRY OF CASE MANAGEMENT
ORDER ESTABLISHING ASSESSMENT PROCEDURES TO FUND COMMON
BENEFIT ACCOUNT AND AMENDED PROPOSED ORDERS**

## I.   INTRODUCTION

At the most recent MDL status conference on February 6, 2014, Judge Saylor granted
leave for the Official Committee of Unsecured Creditors (the "OCC"), the individual lawyers
who sit as proxy for OCC committee members and the Chapter 11 Trustee file sur-replies in
response to the Plaintiffs' Steering Committee's ("PSC") Reply in Support of Motion for Entry
of Common Benefit Order.[1] The undersigned are attorneys who represent certain plaintiffs who
have cases filed in this MDL and who also serve, by proxy, as the representatives to members of
Official Committee of Unsecured Creditors (the "Official Committee")[2] of New England
Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"). Undersigned
counsel respectfully submit this memorandum as sur-reply in connection with the *Plaintiffs'*

---

[1]      NECC 13-md-2419 Hearing Transcript (Saylor) 2-6-14 at 33:18 – 34:15

[2]      The following creditors currently serve as members of the Official Committee:  (1) Katrina Eldreth by
Andrews & Thornton; (2) Meghan A. Handy by Cohen Placitella & Roth (3) Brenda Bansale by Lipton
Law; (4) Robert Cole by Hagens Berman Sobol Shapiro; (5) Victor Davis by Fiefer, Fieger, Kenney &
Giroux; (6) Kathleen Distler by Colling Gilbert Wright & Carter; (7) Danny Swartzell by Skikos Crawford
Skikos Joseph; (8) Bertram Walker Bryant, Jr. by Galligan & Newman; and (9) NStar Electric Company by
Honor Heath.  With respect to each of the eight individual members of the Official Committee, all of whom
are asserting personal injury or wrongful death claims against NECC, he or she is represented on the
Official Committee by his or her attorney, as indicated.

*Steering Committee's* ("PSC") *Motion for Entry of Case Management Order Establishing Assessment Procedures to Fund Common Benefit Account* [Dkt. No. 790] (the "CBF Motion") and accompanying memorandum of law [Dkt. No. 791], our filed Response to CBF Motion [Dkt. No. 830] and  the PSC Reply to Response to CBF Motion [Dkt. No. 874].

## II.     FACTUAL BACKGROUND

On April 11, 2013 the Court entered MDL Order No. 3 – entitled "Order Concerning Sharing and Funding of Plaintiff's Pretrial Expenses and Costs."  On June 5, 2013 the PSC and OCC subsequently entered into a letter agreement and proposed CMO collectively delineating the relationship between the committees with respect to coordination and communication between the PSC and the OCC.  Discussion between the PSC and OCC continued regarding the resulting CMO was entered by Judge Saylor on June 28, 2013 as MDL ORDER  No. 6 – Case Management Order [Dkt. No. 209].  On January 17, 2014 the PSC filed the CBF Motion and Memorandum in Support [Dkt. No. 790, 791].  The undersigned plaintiffs, by their attorneys, consolidated only for purposes of responding to the CBF motion, responded to the CBF Motion on January 31, 2014 [Dkt. No. 830] and the PSC replies on February 6, 2014 [Dkt. No. 874].  At the Case Management Conference on February 6, 2014, Judge Saylor granted leave for sur-reply [Transcript 2014-02-06 33:18 – 34:15] and declined to rule on the underlying motion and response deferring that analysis and determination to Judge Zobel, his anticipated successor jurist in this litigation. [Transcript 2014-02-06 35: 2-13].


//

//

III.     **The PSC Reply misrepresents that the individual attorneys representing**
        **OCC committee members by proxy contend that they are "entitled to**
        **common benefit fees in the MDL for work done in their role as members of**
        **the OCC"**

Undersigned  counsel for the responding OCC member plaintiffs acknowledge that their legal

work and contributions as representatives of the plaintiff victim members of the OCC in

connection with specific statutory committee work of the OCC members in dealing with, *inter*

*alia*, the appointed Chapter 11 Trustee ( including substantive projects relating to and assisting

the Trustee's efforts  in settlement discussions with the Affiliated Defendants) are not expressly

addressed under the Bankruptcy Code.   However, payment of reasonable fees and expenses

(including attorneys' fees) of Creditors Committee Members through a bankruptcy plan of

reorganization, or common benefit under an MDL, is not precluded by statute. For example, the

*Lehman Brothers Holdings, Inc. Chapter 11 Reorganization Plan*[3] provides for the payment of

"reasonable fees and expenses (including attorneys' fees) of …(b) the individual members of the

Creditors' Committee, … incurred in their capacities as … members of the Creditors'

Committee, [as allowed] Administrative Expense Claims and paid by the Debtors in accordance

with the Debtor Allocation Agreement upon application to and subject to approval of the

Bankruptcy Court…" .  In a subsequently issued written opinion upholding that plan provision,

the Bankruptcy Court (Peck, J.) expressly rejected the very same argument raised by the PSC –

that the exclusion of individual committee members from the list of entities whose attorneys'

fees may be paid as an administrative expense claim under Section 503(b)(4) means that the

committee members' attorneys' fees cannot be paid pursuant to a Chapter 11 plan.  See *In re*

*Lehman Brothers Holdings, Inc*., 487 B.R. 181 (Bankr. S.D.N.Y. 2013).  As Judge Peck stated:

---

[3] Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors
(USBC, Southern District of New York 08-1355 (JMP) December 5, 2011) at Section 6.7 (page 85)

"- [The objection] is based on the proposition that Section 503(b) standards for allowing administrative expenses necessarily must govern the right of individual members of an official committee to receive reimbursements for their professional expenses.  That mixes up the test for being able to assert an administrative expense claim with the right to receive a payment that the Debtors voluntarily have proposed to make under the Plan and that may be authorized in accordance with Section 1129(a)(4)." Id. At 193.  *Accord In re Adelphia Commc'ns Corp*., 441 B.R. 6, 19 (Bankr. S.D.N.Y. 2010) ("to the extent that the requested fees are reasonable, and the requirements of section 1129(a)(4) likewise are complied with, [the plan provision providing for reimbursement for certain creditors' professional fees] is permissible, and the [Bankruptcy] Code permits the [applicants'] reasonable fees to be recovered under that provision without showing compliance with sections 503(b)(3) or (4).")

Significantly and similarly, there is absolutely no bar to application by the individual attorneys, who also happen to serve by proxy as OCC members, for potential reimbursement for their MDL common benefit efforts expended as contemplated by the MDL Court,  such as those mentioned in MDL Order No. 6 for the common benefit of the Plaintiffs in this MDL.[4]

**IV.   MDL Order No. 6 – Case Management orders specific authority and actions by the OCC members separate and apart from the statutory duties of the OCC in participating in settlement discussions with unaffiliated defendants and non-parties to MDL.  Tbe OCC's actions are co-equal with those assigned to the PSC within the same order.**

The provisions of MDL Order No. 6, entered June 28, 2013, at Section I – Settlement

---

[4] Manual for Complex Litigation, Fourth §22.62 pg. 407; "The cost of legal services may be apportioned among all parties who benefit from the services… (i)n general, those attorneys who provide a common benefit to a group of litigants may also receive compensation from a common fund – even if the attorneys who provide the benefit are not part of an official committee."

Discussions with Unaffiliated (page 9) provides in part that "Plaintiffs' lead counsel and the Creditors' Committee may each designate one or more members or member representatives to participate in settlement discussions with unaffiliated defendants and non-parties."   "The Plaintiffs' Steering Committee's designee(s) and the Creditors' Committee designee(s) should communicate and cooperate with respect to settlement discussions."   Further, at Section J – Mediation with Unaffiliated Defendants and Non-Parties (page 10) the Creditors' Committee is instructed to confer and submit along with the PSC a proposed mediation plan.  The Court clearly recognized the equal dignity of the two committees and instructs each to assign work specifically designated to be for the common benefit of all Plaintiffs in this MDL.

**V.   MDL Order No. 6 – Case Management Order - Section G – Reservation of Rights anticipates that the provisions of Order No. 6 are separate and apart from and not intended to "limit, restrict or other otherwise affect the authority and duties of the Creditors' Committee" under the Bankruptcy Code.**

Specific provisions of MDL Order No. 6 directs appointment of attorneys serving on or at the pleasure of the PSC and the OCC respectively to settlement and mediation groups and requires coordination and reports by those members to this Court.  The plain language of Order No. 6 clearly indicates that the appointed representatives from the PSC and the OCC are of equal dignity and ordered to engage in co-equal actions for the common benefit of all plaintiffs in the MDL.

**VI.   The provisions of MDL Order No. 3 and MDL Order No. 6 are inconsistent with respect to source of assignments of individuals and actions for the**

**common benefit of the Plaintiffs.**

MDL Order No. 3, in April 2013, provides in part at 2.A.2 that "all claims for time and expenses submitted must be incurred only for work authorized in advance by the Lead Counsel." Several months later in June 2013, MDL Order No. 6 (Sections I and J) instructs the PSC and OCC committees to make independent assignments to non-affiliated defendant and non-party mediation and settlement teams working under the auspices of the MDL.  The ensuing work of mediation and settlement are by their very nature the essence of common benefit to all plaintiffs. Since the mediation and settlement work of many attorneys, as assigned by both Committees, is currently underway and the Common Benefit Assesment  motion is requesting impounding a significant percentage of funds potentially generated by those mediation and settlement discussion, it seems an appropriate time to address the reconciliation of the two orders.  As such, the undersigned member's representatives respectfully request that previously proposed MDL Order No. 3 (Reply – Exhibit C Dkt. No. 830) be adopted.


Dated: February 13, 2014                    Respectfully submitted,
       Irvine, CA

                                        **ANDREWS & THORNTON**

                                        By:  /s/ ANNE ANDREWS
                                        Anne Andrews, Esq.
                                        John C. Thornton, Esq.
                                        Karren Schaeffer, Esq.
                                        2 Corporate Park, Ste. 110
                                        Irvine, CA 92606
                                        Telephone: 949 748-1000
                                        aa@andrewsthornton.com
                                        jct@andrewsthornton.com
                                        kschaeffer@andrewsthornton.com

                                        *Counsel for Official Committee of Unsecured*
                                        *Creditors of New England Compounding*

*Pharmacy, Inc. Member and Co-Chair, Katrina Eldreth, obo Ari Gomez*

**COHEN PLACITELLA & ROTH P.C.**

By:  /s/ MICHAEL COREN
Michael Coren, Esq.
Harry Roth, Esq.
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: 215 567-3500
mcoren@cprlaw.com
hroth@cprlaw.com

*Counsel Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member and Co-Chair, Meghan Handy*

**COLLING GILBERT WRIGHT & CARTER LLC**

By:  /s/ MELVIN B. WRIGHT
Melvin B. Wright, Esq.
The Florida Firm
801 N. Orange Ave., Ste. 830
Orlando, FL 32801
Telephone: 407 712-7300
MWright@TheFloridaFirm.com

*Counsel Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member, Kathleen Distler, obo Estate of Charles F. Distler*

**GALLIGAN & NEWMAN**

By:  /s/ MICHAEL GALLIGAN
Michael Galligan, Esq.
309 West Main St.
McMinnville, TN 37110
Telephone: 931 473-8405
mgalligan@galligannewmanlaw.com

*Counsel Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

7

*Member, Bertram Walker Bryant, Jr.*

**SKIKOS CRAWFORD SKIKOS & JOSEPH**

By: /s/ GREGORY SKIKOS
Gregory Skikos, Esq.
Adriana Suarez Desmond, Esq.
625 Market St., 11th Floor
San Francisco, CA 94105
Telephone: 415 546-7300
gskikos@skikoscrawford.com
adesmond@skikoscrawford.com

*Counsel Official Committee of Unsecured Creditors
of New England Compounding Pharmacy, Inc.
Member, Danny Swartzell*

**FIEGER FIEGER KENNEY & GIROUX**

By: /s/ TERRY DAWES
Terry Dawes, Esq.
19390 West 10 Mile Rd
Southfield, MI 48075
Telephone: 248 355-5555
t.dawes@fiegerlaw.com

*Counsel Official Committee of Unsecured Creditors
of New England Compounding Pharmacy, Inc.
Member, Victor Davis*

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of February 2014, I served a true and accurate copy of the following: **RESPONDING ATTORNEYS SUR-REPLY TO PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO MOTION FOR ENTRY OF CASE MANAGEMENT ORDER ESTABLISHING ASSESSMENT PROCEDURES TO FUND COMMON BENEFIT ACCOUNT AND AMENDED PROPOSED ORDERS**; electronically with the Clerk of Court via the CM/ECF system which sent electronic notification of this filing to all registered counsel of record via email.

*s/ Anne Andrews*
Anne Andrews