UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION

Katrina Eldreth v. Sunrise Hospital and Medical Center, LLC, et al., )
   D. Nevada, C.A. No. 2:13-01910 )   MDL No. 2419
Alan Sucharzewski v. Sunrise Hospital and Medical Center, LLC, et al., )
   D. Nevada, C.A. No. 2:13-01911 )

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, defendant Ameridose, LLC, moves to transfer two actions (*Eldreth* and *Sucharzewski*) to MDL No. 2419. The actions in MDL No. 2419 involve allegations that the New England Compounding Center ("NECC") produced and distributed contaminated lots of the injectable steroid methyl-prednisolone acetate which allegedly resulted in a multistate outbreak of fungal meningitis and other infections. The *Eldreth* and *Sucharzewski* actions are tort actions concerning another product – cardioplegia solution – produced and distributed by NECC during the same time period. The Plaintiffs' Steering Committee in MDL No. 2419, the Official Committee of Unsecured Creditors in the related NECC bankruptcy case, and plaintiffs in *Eldreth* and *Sucharzewski* support the motion to transfer. Defendants Sunrise Hospital and Medical Center, LLC, and Wilson Chu have not submitted a response.

In support of its motion to transfer, Ameridose argues that the core factual questions raised in *Eldreth* and *Sucharzewski* are the same as those in MDL No. 2419 – whether drugs compounded by NECC at the Framingham, Massachusetts facility were contaminated and resulted in the death or injury of patients receiving NECC products. Ameridose also notes that the cardioplegia solution products were part of the nationwide recall of NECC products in October 2012, and thus will focus on the same events and time period at issue in MDL No. 2419. Additionally, Ameridose represents that transfer of these actions under Section 1407 is consistent with the transferee court order providing for the transfer of certain cases to the MDL based on "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b). *See In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 265-75 (D. Mass. 2013).

After considering all argument of counsel, we find that the actions share questions of fact with actions in this litigation previously transferred to the District of Massachusetts, and that transfer of these actions to the District of Massachusetts for inclusion in MDL No. 2419 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

---

[*] Judges Paul J. Barbadoro, Marjorie O. Rendell, and Lewis A. Kaplan took no part in the decision of this matter.

-2-

Although the original transfer order defines this MDL as encompassing tort actions arising from "the alleged contamination of the injectable steroid [MPA]," the *Eldreth* and *Sucharzewski* actions, which concern a different NECC product (cardioplegia solution), share common questions of fact arising from the alleged contamination of compounded prescription drugs at the same facility during the same time period. *See In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 924 F. Supp. 2d 1380 (J.P.M.L. 2013) (finding that all actions arose from alleged contamination "at the New England Compounding Pharmacy facility in Framingham, Massachusetts"). Thus, the actions will involve the same discovery as to NECC's preparation, testing, distribution, marketing practices, and regulatory history. In these circumstances, expansion of the MDL to encompass an additional product is warranted.[1] The transferee court has the discretion to address any individualized issues as to this product by structuring pretrial proceedings to accommodate differences in the actions (*e.g.*, separate discovery tracks) or issuing a suggestion of remand in the event that the court determines the product is not appropriate for inclusion or the common pretrial proceedings are complete.[2]

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Charles R. Breyer
Ellen Segal Huvelle

I hereby certify Sarah S. Vance the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 2/18/14
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

---

[1] *See In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, MDL No. 2391, Transfer Order at 2 (J.P.M.L. Apr. 1, 2013) (transferring tag-along action involving an additional related product based on the finding that the action "shares sufficient questions of fact to merit inclusion in the MDL proceedings at this time."); *accord In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 151 F. Supp. 2d 1381, 1382 (J.P.M.L. 2001).

[2] *See In re Bridgestone/Firestone*, 151 F. Supp. 2d at 1382-83.