## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION**

Jack W. Witt, et al. v. Cincinnati Pain Management Consultants, )
Inc., et al., S.D. Ohio, C.A. No. 1:13-00655                    )      MDL No. 2419

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, defendants Cincinnati Pain Management Consultants, Inc., Cincinnati Pain Management Consultants, Ltd., and James Molnar, M.D. ("Cincinnati Defendants") move to vacate the Panel's order conditionally transferring the *Witt* action to MDL No. 2419, and sever the claims against them. The *Witt* plaintiffs, eight co-defendants,[1] and the Chapter 11 Trustee for the New England Compounding Center ("NECC") in the related bankruptcy case oppose the motion.

In support of their motion to vacate and sever, the Cincinnati Defendants primarily argue that plaintiffs' claims of medical malpractice and lack of informed consent are factually distinct from the primary claims in MDL No. 2419, which focus on NECC's conduct in manufacturing and distributing injectable steroids that were found to be contaminated. The Cincinnati Defendants further argue that transfer would not serve the convenience of parties and witnesses because the relevant evidence and witnesses are in Ohio, the site of the medical treatments. We find these arguments unpersuasive. Transfer under Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when, as here, the actions still arise from a common factual core. *See, e.g., In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012). Additionally, plaintiffs' factual allegations concerning the Cincinnati Defendants' knowledge of NECC's background and practices plainly overlap with issues in MDL No. 2419. While transfer of a particular action might inconvenience some parties to the action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

The Cincinnati Defendants also argue that federal subject matter jurisdiction over the claims against them is lacking. The Panel often has held that jurisdictional issues do not present an

---

[*] Judges Paul J. Barbadoro, Marjorie O. Rendell, and Lewis A. Kaplan took no part in the decision of this matter.

[1] Ameridose LLC; GDC Properties Management, LLC; Barry J. Cadden, Lisa Conigliaro Cadden, Carla Conigliaro, Gregory Conigliaro, Douglas Conigliaro, and Glenn A. Chin.

-2-

impediment to transfer, as such arguments can be presented to the transferee judge. *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). The transferee court has considered similar jurisdictional arguments and factual circumstances in MDL No. 2419 and is well-positioned to rule on the Cincinnati Defendants' objections. *See In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256 (D. Mass. 2013).

After considering all argument of counsel, we find that the action shares questions of fact with actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this action to the District of Massachusetts for inclusion in MDL No. 2419 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like many of the already-centralized actions, the *Witt* action shares questions of fact concerning "injuries arising from the alleged contamination of the injectable steroid methyl-prednisolone acetate at the New England Compounding Pharmacy facility in Framingham, Massachusetts, which allegedly resulted in a multistate outbreak of hundreds of cases of fungal meningitis and other infections." *See In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 924 F. Supp. 2d 1380, 1381 (J.P.M.L. 2013).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer            Sarah S. Vance
Ellen Segal Huvelle

I hereby certify on 2/18/14 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 2/18/14
☐ original filed in my office on ____

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk