UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
IN RE: NEW ENGLAND                   )
COMPOUNDING PHARMACY, INC.    )
PRODUCTS LIABILITY LITIGATION   )         MDL No. 13-2419-RWZ
                                                    )
This Document Relates To:               )
                                                    )
    All Actions                                )
                                                    )
_____)

ORDER ON PLAINTIFFS' PROFILE FORMS AND
AUTHORIZATIONS FOR RELEASE OF PLAINTIFFS' RECORDS

February 14, 2014

Boal, M.J.

    On December 23, 2013, the District Court issued an Order on Plaintiff Fact Sheets, Authorizations to Release Records, and Protective Orders.  Docket No. 722.  The District Court ordered the parties to confer in an attempt to agree on (1) a standardized court-approved fact sheet to obtain initial discovery from each of the plaintiffs (the "Fact Sheets"), (2) standard court-approved authorizations for release of medical records (the "Releases"), and (3) standardized discovery protective orders.  Id. at 3.  The District Court then referred the matter to the undersigned to determine the precise content of the Fact Sheets and Releases, and to enter appropriate discovery protective orders.  Id. at 3-5.

    On January 27, 2014, the District Court entered a Third Amended Protective Order.  Docket No. 814.  On February 6, 2014, the parties informed the Court that they see no need to enter any other protective orders at this time.

    After considering the parties' proposals (see Docket Nos. 807, 808, 810, 811) and after

oral argument on February 6, 2014, the Court rules as follows.

I.      Fact Sheets

The Court received three different proposals for Fact Sheets from the Plaintiff's Steering Committee (Docket Nos. 810, 811), the Tennessee Clinic Defendants[1] (Docket No. 807), and the Saint Thomas' Entities[2] (Docket No. 808).  After reviewing the proposals, the Court adopts the Tennessee Clinic Defendants' proposal (Docket No. 807-1) with the following modifications:

- •      Question 11 shall be limited to disability claims filed in the last ten years.

- •      Question 12 shall be limited to disability claims filed in the last ten years.

- •      Question 13 shall be limited to workers' compensation claims filed in the last ten years.

- •      Question 21 shall be limited to stating the highest level of education achieved.

- •      Question 23 shall be limited to whether the plaintiff is married, the spouse's name and age, and the date of marriage.

- •      Question 26 regarding family members' medical history shall be stricken.

II.     Authorization for Release of Medical & Billing Information

The parties' main dispute regarding the form of authorization to obtain medical records and billing information concerns the time frame of the records to be obtained and whether

---

[1] The "Tennessee Clinic Defendants" refers to Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, M.D.; Debra V. Schamberg, R.N.; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, M.D.; and Kenneth Lister, MD., PC.  See Docket No. 807 at 1.

[2] The "Saint Thomas Entities" refers to Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.  See Docket No. 808 at 1.

records regarding mental health, drug and/or alcohol treatment are discoverable.  The Court finds that the Defendants shall be entitled to medical records for the past ten years.  The Court also finds that records regarding mental health, drug and/or alcohol treatment are discoverable except that the Defendants may not obtain records regarding sexual abuse or assault.

III.     Authorization For Release Of Employment Records

The form for the authorization for the release of employment records shall include workers' compensation records kept in the employer's files.  The information requested shall be limited to records for the past ten years.

IV.     Authorization For Release Of Workers' Compensation Records

The Court adopts the Defendants' form (Docket No. 808-6) except that the information disclosed shall be limited to the past ten years.

V.     Authorization For Release Of Insurance Records

The PSC proposes a form that would allow release of disability insurance awards since January 1, 2009.  Docket No. 810-6.  The Defendants propose a form that would allow release of all insurance records, not just disability insurance awards, with no temporal limitations.  Docket No. 808-5.  The Court finds that Defendants should be able to obtain records concerning all insurance claims and applications, including disability and/or medical insurance claims, for the past ten years, except for any claims and applications related to sexual abuse or assault.

VI.     Authorization For Release Of Educational Records

The Defendants have proposed a release allowing them to obtain all of plaintiffs' educational records.  The Court finds that the Defendants are not entitled to obtain this information at this time.

VII.	Request For Transcript Of Tax Return

The PSC proposes to use IRS Form 4506-T, Request for Transcript of Tax Return. Docket No. 810-8. The Defendants do not oppose the use of that form. Accordingly, the Court adopts the form and finds that Defendants shall be entitled to obtain tax information for the last ten tax years.

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge