# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

In re:

NEW ENGLAND COMPOUNDING
PHARMACY, INC.,

Debtor.

Chapter 11

Case No. 12-19882-HJB

## ORDER (I) ESTABLISHING DEADLINE FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING CERTAIN ADDITIONAL REQUIREMENTS AND PROCEDURES FOR PERSONAL INJURY TORT AND WRONGFUL DEATH CLAIMS AND (III) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion dated June 28, 2013 (the "Motion")[1] of Paul D. Moore, as the Chapter 11 trustee (the "Trustee") in the Chapter 11 proceeding (the "Chapter 11 Case") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC" or the "Debtor"), pursuant to Sections 105, 501, 503, 1103(c)(1) and 1109(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 3003(c) and 9009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"), for entry of an order (I) establishing bar dates for filing proofs of claim; (II) approving certain additional requirements and procedures for PITWD Claims; and (III) approving the form and manner of notice thereof, all as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and having previously entered the *Interim Order Regarding Chapter 11 Trustee's Motion for an Order Establishing Bar Dates for Filing Proofs of Claim and for Related Relief*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*Concerning Notice by Notice Intermediaries* [Dkt No. 412] (the "Interim Bar Date Order"); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided; and it appearing that no

other or further notice need be provided; and this Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtor, its estate, and creditors, and all

parties in interest, and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

it is ORDERED that:

1.      The Motion is GRANTED as provided herein and all objections to the Motion are

hereby DENIED and OVERRULED.

2.      Except as otherwise provided herein, the following procedures for filing and

submitting proofs of claim are approved:

  a.    the General Bar Date is established as **January 15, 2014 at 4:00 p.m. (prevailing Eastern Time);**

  b.    the Amended Schedule Bar Date is established as **the later of (i) January 15, 2014 at 4:00 p.m. (prevailing Eastern Time) or (ii) 4:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after notice of amendment or supplement to Schedules is served;**

  c.    the Government Bar Date is established as **January 15, 2014 at 4:00 p.m. (prevailing Eastern Time); and**

  d.    the Rejection Bar Date is established as **the later of (i) the applicable bar date (see above) or (ii) thirty (30) days after the entry of an order approving the rejection of the relevant executory contract and/or unexpired lease.**

3.      Each proof of claim must: (a) be written in the English language; (b) denominate

the claim in lawful currency of the United States as of the Petition Date; (c) conform

substantially with the proof of claim form based upon the modified Official Bankruptcy Form No. 10 attached hereto as <u>Exhibit C</u> ("<u>Official Form 10</u>") and, with respect to creditors asserting a personal injury tort or wrongful death claim arising from exposure to NECC products ("<u>PITWD Claimants</u>"), be accompanied by a signed PITWD Addendum; (d) set forth the basis for the alleged claim; and (e) be signed by, or on behalf of, the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. Any claimant shall be required to transmit documentation supporting its claim to the Trustee, upon his request, no later than thirty (30) days from the date of such request.

4.      Each **original** proof of claim (and PITWD Addendum, if applicable) shall be deemed timely filed pursuant to 11 U.S.C. § 501 if it is submitted in accordance with this Order and **actually received** by Donlin, Recano & Company, Inc. ("DRC"), the court-approved claims and noticing agent in the Chapter 11 Case, on or before the applicable bar date, at the following addresses:

> If by mail:
>
> > Donlin, Recano & Company, Inc.
> > Re: New England Compounding Pharmacy, Inc.
> > P.O. Box 2053
> > Murray Hill Station
> > New York, NY  10156
>
> If by overnight courier or hand delivery:
>
> > Donlin, Recano & Company, Inc.
> > Re: New England Compounding Pharmacy, Inc.
> > 419 Park Avenue South, Suite 1206
> > New York, NY  10016

5.      The PITWD Procedures are hereby approved in all respects as set forth herein. Every PITWD Claimant must submit **both a proof of claim and a PITWD Addendum to DRC**. PITWD Claimants are directed not to file proofs of claim or PITWD Addenda with this

3

Court.  The Clerk is directed to remit to DRC all claims filed with the Clerk in this case for DRC

to handle and process in accordance with the terms of this Order.

      6.    ***A PITWD Addendum (and any supporting documentation) submitted by a***

***PITWD Claimant shall be held and treated as confidential by DRC, and will not be made***

***available to the general public.***  Such PITWD Addenda and supporting documentation will be

made available only to the Trustee, solely for the purpose of fulfilling the statutory duties of the

Trustee (see, e.g., 11 U.S.C. § 1106) and made available by the Trustee (directly or from DRC, at

the Trustee's direction) only to (i) the Trustee's professionals and experts retained by the Trustee

and (ii) the "Permitted Parties" (as defined below), subject to each Permitted Party executing and

returning to counsel to the Trustee in advance a written confidentiality agreement in form and

substance satisfactory to the Trustee, and to such other persons as this Court determines.  All

parties with access to PITWD Addenda and supporting documentation submitted by PITWD

Claimants shall agree to keep the information provided in any PITWD Addendum and

supporting documentation submitted by PITWD Claimants confidential.  ***All parties are***

***prohibited from disclosing information provided by PITWD Claimants in any PITWD***

***Addendum and supporting documentation for any purpose, except as otherwise permitted by***

***this Order or an order hereafter entered by this Court.***  The PITWD Addenda and supporting

documentation shall only be disclosed to parties who are not "Permitted Parties" (as defined

below) in the mediation program ("Mediation") established by the MDL Court (in accordance

with and subject to the provisions of the order entered by the MDL Court on August 15, 2013

and entitled "Order on Mediation Program") only upon and subject to further order of this Court,

if any, permitting such disclosure.  The Official Form 10 (but ***NOT*** any PITWD Addenda and

DM3\2675722.1

supporting documentation) submitted by each and every PITWD Claimant shall be made publicly available on DRC's website and shall not be kept confidential.

7. The "Permitted Parties" are:

    i. Insurance companies (and their professionals and third party medical experts) that provide insurance that may cover claims described in the proofs of claim and PITWD Addenda submitted by PITWD Claimants;

    ii. Counsel for, but not individual members of, the Official Committee of Unsecured Creditors of NECC;

    iii. Lead Counsel for, but not the members of, the Plaintiffs Steering Committee;

    iv. Mediators appointed by this Court or the court overseeing the Mediation; and

    v. Such other persons as this Court hereafter determines should have the information in order to evaluate the PITWD Claims, including, without limitation, and if so ordered by an order hereafter entered by this Court, the parties to the Mediation.

8. Notwithstanding the provisions of Paragraph 6, at the request of the Trustee DRC may create and maintain a registry of PITWD Claims that, with respect to each PITWD Claim, contains only information appearing on Official Form 10, and none of the personally identifiable information appearing on the PITWD Addendum.

9. If a PITWD Addendum is submitted in good faith but believed to be deficient/incomplete, then reasonable efforts shall be made by the Trustee to obtain further information or clarification to remedy the perceived deficiency.

10. Any proof of claim and PITWD Addendum submitted must be a "Single-Claimant PITWD Claim." A "Single-Claimant PITWD Claim" is a proof of claim and PITWD Addendum submitted: (i) by an individual claimant on behalf of himself or herself or on behalf of an injured minor child for whom the individual is guardian or next friend; or (ii) on behalf of

the estate of a deceased or incompetent individual. "Multi-Claimant PITWD Claims," or proofs

of claim joining or on behalf of two (2) or more claimants, may not be submitted without this

Court's prior approval.

11.     DRC shall maintain the PITWD Addenda on a server that is housed in a data

center hardened against unauthorized access via the Internet or any wireless device. The PITWD

Addenda shall be loaded to a database that is password-protected and encrypted.

12.     DRC shall maintain the proofs of claim and PITWD Addenda for a period of one

(1) year after the resolution of all PITWD Claims, or as otherwise ordered by this Court. Unless

this Court orders otherwise, at the conclusion of this one (1) year period (or such other time as

this Court may order):

> (a)     DRC will box and transport, or cause to be transported, proofs of claim
> and PITWD Addenda to the National Archives and Records
> Administration, or as otherwise directed by the Clerk of this Court,
> provided, however, that DRC shall separately box and label the boxes
> containing any original PITWD Addenda, if any, submitted by PITWD
> Claimants and supporting medical records with the legend "Confidential
> Information – Do Not Disclose" before transporting such materials
> pursuant to this paragraph; and

> (b)     DRC shall purge and destroy all records and reports not handled in
> accordance with the preceding paragraph 12(a), including electronic and
> hard copies, that contain information from the PITWD Addenda.

13.     To the extent DRC's Application conflicts with this Order specifically as to the

PITWD Procedures, this Order governs.

14.     The following persons or entities are **not** required to file or submit a proof of

claim on or before the General Bar Date or the Government Bar Date, as applicable:

> a.     Any entity that already has filed a signed proof of claim against the Debtor
> with the Clerk of this Court or DRC in a form substantially similar to
> Official Form 10, and therein (i) set forth the amount of its claim against
> NECC and (ii) indicated whether its claim is a secured, unsecured priority,
> or unsecured nonpriority claim. ***However, any such creditor with a
> PITWD Claim, or whose previously submitted proof of claim purports to***

6

> **assert PITWD Claims on behalf of other individuals, must submit a new proof of claim and a PITWD Addendum to DRC by the General Bar Date as specified in paragraphs 4 and 5 above;**

    b.    Any entity whose claim is listed on Schedules, provided that (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules;

    c.    A holder of a claim that previously has been allowed by Order of this Court on or before the applicable bar date;

    d.    A holder of a claim for which a specific deadline previously has been fixed by this Court;

    e.    A holder of a claim that has been paid in full by the Debtor or any other party in accordance with the Bankruptcy Code or an Order of this Court;

    f.    Any holder of a claim allowable under Section 503(b) of the Bankruptcy Code as an administrative expense; provided, however, that claims under Section 503(b)(9) of the Bankruptcy Code must have been asserted properly and timely on or before April 1, 2013, otherwise such claims shall not be paid or allowed; and

    g.    Any entity or person holding a claim or interest based on equity securities (including, without limitation, ownership of common or preferred stock, membership interests, partnership interests, or warrant or rights to purchase, sell or subscribe to such a security or interest); provided, however, that any such holder who wishes to assert a claim (as opposed to ownership interest) against the Debtor based on transactions in the Debtor's securities, including claims for damages or rescission based on the purchase or sale of such securities, must submit a proof of claim on or before the General Bar Date; and, provided, further, that the Trustee reserves all rights with respect to any such claims including, *inter alia*, the right to assert that such claims are subject to subordination pursuant to Section 510(b) of the Bankruptcy Code.

15.    Holders of any claims pursuant to the Debtor's corporate charters and bylaws or other organizational documents, or pursuant to any contracts or agreements, for indemnification of current and former partners, members, officers, directors, employees, agents, representatives, advisors, or professionals of the Debtor with respect to all present and future actions, suits, and proceedings against the Debtor and/or any such partners, members, officers, directors,

DM3\2675722.1

employees, agents, representatives, advisors and/or professionals, must submit proofs of claim with respect to such claims on or before the General Bar Date.

16. The Bar Date Notice and Instructions, attached as <u>Exhibit A</u>, are hereby approved.

17. The PITWD Addendum, attached as <u>Exhibit B</u>, is hereby approved.

18. The Official Form 10, attached as <u>Exhibit C</u>, is hereby approved.

19. At least twice prior to the General Bar Date, the Trustee shall publish notice of the bar date in form and substance as attached <u>Exhibit D</u> in each publication identified on the attached <u>Exhibit E</u>, which publication and form of notice is hereby approved in all respects and publication of which shall be deemed good, adequate, and sufficient publication notice of the Bar Date.

20. The Trustee shall post the Bar Date Notice, a proof of claim form, and a PITWD Addendum on the website established in the Chapter 11 Case and maintained by DRC (www.donlinrecano.com/necp) and on the section of that website maintained by the Official Committee of Unsecured Creditors for purposes of providing information to creditors in this case.

21. The Trustee is authorized to make non-material modifications to the proof of claim form, Bar Date Notice, PITWD Addendum, and publication notice, if necessary, without further order of this Court.

22. The Trustee retains all rights to (a) object to any proof of claim on any grounds and (b) dispute, or assert offsets or defenses against, any submitted or filed claim, or any claim listed or reflected in the Schedules or any amendments thereto, as to nature, amount, liability, priority, classification or otherwise.

23.    Notification of the relief granted in this Order as provided herein is fair and

reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations

in connection with claims they may have against the Debtor.

24.    Entry of this Order is without prejudice to the rights of the Trustee to seek a

further order of this Court fixing the date by which holders of claims not subject to the Bar Dates

established herein must submit such claims against the Debtor or be forever barred from voting

upon any Chapter 11 plan, from receiving any payment or distribution of property from the

Debtor, its estate, or its successors and assigns with respect to such claims, and from asserting

such claims against the Debtor.

25.    Unless otherwise ordered by this Court, any holder of a claim against the Debtor

who is required, but fails, to submit a proof of claim (and, where applicable, a PITWD

Addendum) in accordance with this Order on or before the applicable bar date, may be barred,

estopped, and enjoined from asserting such claim against the Debtor and its estate and may be

discharged from any and all indebtedness or liability with respect to such claim.[2]  Moreover,

such holder may not be permitted to vote to accept or reject any Chapter 11 plan filed in the

Chapter 11 Case, participate in any distribution in the Chapter 11 Case on account of such claim,

or receive further notices regarding such claim or any hearing that directly or indirectly may

affect the allowance of such claim.

26.    The Trustee shall cause to be deposited in the mail, **on or before October 17,**

**2013** (or such other date as this Court may order), the Official Form 10, the PITWD Addendum

---

[2] Claims may be amended after filing, in accordance with the Federal Rules of Bankruptcy
Procedure.  Further, this Court has discretion to permit late-submitted claims where the failure to
submit the claim timely was the result of "excusable neglect," in accordance with Pioneer
Investment Services Company v. Brunswick Associates LP, 507 U.S. 380 (1993).

(only as applicable), and the Bar Date Notice and Instructions (collectively, the "Bar Date

Package") for delivery by first-class United States mail, postage prepaid.

27.    Service of the Bar Date Package in accordance with this Order is approved in all

respects and shall be deemed good, adequate and sufficient notice if it is served by deposit in the

United States mail, first class postage prepaid, **on or before October 17, 2013**, upon the

following Parties:

a.    The Office of the United States Trustee for Region 1;

b.    All known holders of claims and their counsel (if known) listed on the Schedules at the addresses stated therein, or such addresses supplied by such holder (and their counsel) pursuant to Fed.R.Bankr.P. 2002(g);

c.    All counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules (including all collective bargaining agreements) at the addresses stated therein (to be amended or supplemented as necessary);

d.    All parties to litigation with the Debtor (as of the date of the entry of the Bar Date Order);

e.    Holders of PITWD Claims that are identified in the MDL Proceeding, any party that the Trustee has determined from the records of NECC or from litigation or other public filings may have been exposed to the three lots produced by NECC: 05212012@68; 06292012@26; and 08102012@51 (the "Lots"),

f.    Any NECC customer (including, without limitation, hospitals, clinics and other health care providers) who received a shipment of NECC products from and after January 1, 2011;

g.    All parties who have requested notice pursuant to Bankruptcy Rule 2002;

h.    All persons or entities that have previously filed proofs of claim in this Chapter 11 Case as of the date of the Bar Date Order;

i.    The Internal Revenue Service;

j.    All other taxing authorities for the jurisdictions in which the Debtor maintained or conducted business;

k.    All known Governmental Units that have notified the Trustee of an interest in this Chapter 11 Case;

10

l.     The United States Attorney's Office for the District of Massachusetts;

m.    All known equity holders of the Debtor as of the Petition Date; and

n.    Such additional persons and entities as deemed appropriate by the Trustee.

28.    If after October 17, 2013 and prior to January 1, 2014, the Trustee obtains (from a health care provider or otherwise) the names and addresses of any persons who were exposed to the Lots, the Trustee shall serve the Bar Date Notice on such persons by first-class United States mail, postage prepaid.

29.    The provisions of the Interim Bar Date Order shall remain in full force and effect, except as explicitly superseded by this Order or the Stipulation and Agreed Order entered into by the Trustee and certain healthcare providers and approved by this Court [see Doc. Nos. 548, 577].

30.    This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation or enforcement of this Order.

Dated: **September 27**, 2013

Springfield, Massachusetts

The Honorable Henry J. Boroff
UNITED STATES BANKRUPTCY JUDGE

11

Case 1:13-md-02419-RWZ   Document 971-3   Filed 03/05/14   Page 13 of 47

# Exhibit A

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

# <u>IMPORTANT NOTICE OF DEADLINE TO FILE CLAIMS AGAINST
NEW ENGLAND COMPOUNDING PHARMACY, INC.</u>

### Personal Injury, Death, Distress or Other Claims Against
### New England Compounding Pharmacy, Inc. Must Be Submitted
### By January 15, 2014 at 4:00 p.m. (prevailing Eastern Time)

### Please Read This Notice.  You May Have A Claim.

- Claims must be submitted in accordance with the attached "Notice of Deadlines for Submitting Proofs of Claim and Claim Procedures" ("<u>Instructions</u>").

- All forms required for submission of a claim are available at <u>http://www.donlinrecano.com/Cases/ProofOfClaim/necp</u>.

On December 21, 2012, New England Compounding Pharmacy, Inc., d/b/a/New England Compounding Center ("<u>NECC</u>") filed for bankruptcy protection in the United States Bankruptcy Court in Massachusetts.  That case is being administered from the Court's offices in Springfield, Massachusetts.  NECC filed for bankruptcy as a result of potential claims against the company for production of allegedly contaminated products that resulted in death and injuries.

> **<u>All</u> claims, including claims for personal or economic injury, death, distress, or other claims that resulted from the use of any NECC drug must be submitted in accordance with the attached Instructions by January 15, 2014 at 4:00 p.m. (prevailing Eastern Time) ("<u>Bar Date</u>").**

**If you do not submit a claim before the Bar Date, then you may never be able to recover from any person or entity (including health care providers) related in any way to the use of an NECC product. You must submit any and all claims against NECC you have before the Bar Date, even if you are not experiencing any symptoms currently or are not asserting claims due to alleged personal injuries.**

## Who is NECC and Why Did NECC File Bankruptcy?

- NECC was a compounding pharmacy. Compounding pharmacies are licensed to create medications tailored to the specialized needs of an individual patient. Ingredients are combined, mixed or altered by a pharmacist at the request of a physician.

- NECC made over 1,900 types of specialty drugs administered by medical personnel in 49 states, DC and Puerto Rico. The Massachusetts Department of Public Health and the U.S. Food and Drug Administration undertook an investigation of the NECC facilities. As a result of their findings, all of NECC's products were recalled. NECC surrendered its pharmacy license and shortly after filed a bankruptcy case in the District of Massachusetts.

- According to the Centers for Disease Control and Prevention ("CDC"), evidence indicates that an outbreak of fungal meningitis was traced to three lots of preservative-free methylprednisolone acetate ("MPA"), a steroid made by NECC ( "Lots")[3]. The CDC also found contamination in other NECC products.

- According to the CDC, as of August 5, 2013, 749 patients have developed fungal meningitis or other injuries, and 63 patients have died, as a result of receiving injections of contaminated MPA. Approximately 14,000 patients may have received contaminated injections of MPA. The injuries and costs associated with treatment, among other issues, may be the basis of a claim in the bankruptcy.

---

[3] The Lots are the following:

- Methylprednisolone Acetate (PF) 80 mg/ml Injection, Lot #05212012@68, BUD 11/17/2012
- Methylprednisolone Acetate (PF) 80 mg/ml Injection, Lot #06292012@26, BUD 12/26/2012
- Methylprednisolone Acetate (PF) 80 mg/ml Injection, Lot #08102012@51, BUD 2/6/2013

- You should contact your health care provider if you a) believe you may have been administered any NECC product, or b) have any medical questions about whether you have suffered any harm or injury due to any NECC product.

## How were NECC products administered?

- NECC drugs were administered in clinics, hospitals, doctors' offices or other medical–related facilities.

## Which NECC drugs are known by the CDC to have injured patients?

- The CDC advises that only MPA from the Lots has caused identifiable injuries and deaths to date.

  The CDC also found that other NECC drugs were contaminated. You should consult your health care provider if you believe you may have been injured by a different NECC drug.

## What is MPA and why is it used?

- MPA is an anti-inflammatory steroid used to treat swelling from arthritis and other joint disorders as well as blood disorders, severe allergic reactions, certain cancers, eye conditions, skin/intestinal/kidney/lung diseases, immune system disorders, and non-penetrating spinal cord injuries.

- Paraspinal injections include, but are not limited to, spinal facet joint injection, sacroiliac joint injection, or spinal or paraspinal nerve root/ganglion block.

## What symptoms or injuries resulted from the contamination?

*Meningitis*:
Fever, headache, stiff neck, nausea and vomiting, sensitivity to light, and altered mental status.

*Stroke*:
Altered mental status, visual disturbances, slurred speech, walking abnormalities, and weakness.

*Localized Spinal Infections*:
Infection and inflammation of the bone or bone marrow, abscess or other, in the spinal or paraspinal structures at or near the site of injection following epidural or paraspinal injection.

*Peripheral Joint Infection and/or Inflammation*:
Infection and inflammation of the bone or bone marrow or worsening inflammatory arthritis of a peripheral joint (e.g., knee, shoulder, or ankle)

> diagnosed following joint injection.
>
> *Symptoms*:  Headache, fever, nausea, and sensitivity to light, swelling, increasing pain, redness and/or warmth at injection site, visual changes, pain, redness or discharge from the eye, chest pain, fungal infections, altered mental state, or drainage from the surgical site (infection within the chest).

In some cases, you may not have symptoms. Or, you may have unexplained symptoms and not know the cause.  You should contact your health care provider if you a) believe you may have been administered any NECC product, or b) have any medical questions about whether you have suffered any harm or injury due to any NECC product.

**How would I find out if I was exposed to an NECC drug?**

- The list of facilities that received certain contaminated NECC drugs is available at http://www.cdc.gov/hai/outbreaks/meningitis-facilities-map.html.  If you find that you or family members were treated at one or more of these facilities, contact the facility and/or your doctor.  It is also possible that you may have received an NECC drug from a facility not listed.  Ask your doctor if any NECC drugs were used in your treatment.

**Can I file a claim if I received an NECC product other than MPA from the Lots?**

- Any person who suffered any injury from exposure to any NECC product or otherwise claims to have a right to payment of money from NECC may file a claim. See the section below under "Will I receive money if I file a claim?" for how questions about claim validity will be handled.

**Who can file a claim?**

- Individuals, or a guardian or on behalf of a minor.

- Family and beneficiaries of anyone who died or was injured as a result of exposure to an NECC product.

- Any person or family member who claims to have suffered any personal and non-personal injury or distress as a result of exposure to NECC products.  This includes loss of spousal and parental relations due to injury or death as well as monetary claims.

**What is the PITWD Addendum?**

- The initals, PITWD, stand for "personal injury tort wrongful death". The PITWD Addendum is a questionnaire you must complete to the best of your ability and submit with your Proof of Claim Form. The PITWD Addendum asks for information to help evaluate whether your claim is valid. It is important that you complete as much of the PITWD Addendum as you can and submit it, together with your proof of claim before January 15, 2014 at 4:00 p.m. (prevailing Eastern Time). This is the Bar Date by which all such claims must be filed.

**Will my personal medical information in the PITWD Addendum be made public?**

- It is intended that your answers to the questions in the PITWD Addendum will be kept confidential, and made available only to a limited number of people for limited purposes. The attached Instructions provide information about the steps the Court has ordered to keep your private medical information confidential.

**Will I receive money if I file a claim?**

- Not necessarily. Only valid claims, which in bankruptcy are called "allowed" claims, will be honored and paid. After the Bar Date, claims will be reviewed to ensure only valid claims are paid. Objections may be filed to claims if there are questions about the validity of such claims. You will receive notice, at the address you provide in your claim form, if an objection is filed to your claim.

- The Court will hold a hearing to determine whether to allow or disallow disputed claims. You will have an opportunity to appear and be heard by the Court at any such hearing. Your claim will be deemed allowed without further Court action if a) your claim is filed by the Bar Date, and b) no objection is filed to your claim.

**Are there other companies or people that may be held accountable for my claim?**

- Yes. It is possible that other companies or people may contribute to paying for the claims of those injured. They may include health care providers, companies that designed, installed and maintained NECC's pharmacy and property, and companies involved in the production, sale, marketing, distribution, testing, administration and consulting related to NECC's products, and the owners of NECC. These companies and people are called "**potentially responsible parties**."

**If I submit one claim will this cover claims I may have against these other potentially responsible parties?**

- No. Submission of a claim covers ONLY claims against NECC. NECC's bankruptcy Trustee is attempting to negotiate settlements with other potentially responsible parties. He is trying to obtain monetary contributions from these parties in order to increase the amount of money distributed to holders of valid claims. It is not known at this time if some, all, or none of the other potentially responsible parties will be settling their potential financial responsibility within this bankruptcy procedure. It is possible that legal action will have to be undertaken against these potentially responsible parties individually, outside the bankruptcy procedure. You should consult with your attorney regarding your legal rights, if any, against potentially responsible parties.

- Submitting a claim in the bankruptcy keeps your legal rights only against NECC. If settlements with potentially responsible parties occur within the bankruptcy, then your rights against the potentially responsible parties who participate in the settlement also may be cut off and released through a bankruptcy plan approved by the court. The bankruptcy plan approved by the court is called a "Plan". You should consult with your attorney if you have any questions.

**How do I submit a claim?**

- The documents you need to submit with your claim are attached to this notice and/or are also available at:
  http://www.donlinrecano.com/Cases/ProofOfClaim/necp.

- All claims and completed PITWD Addenda must be received on or before January 15, 2013 at 4:00 p.m. (prevailing Eastern Time). The claims and completed PITWD Addenda should be submitted as follows:

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: New England Compounding Pharmacy, Inc.
P.O. Box 2053
Murray Hill Station
New York, NY 10156

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: New England Compounding Pharmacy, Inc.
419 Park Avenue South, Suite 1206
New York, NY 10016

**What happens if I don't submit a claim on time?**

- If your claim is not submitted and received by the Bar Date, then you may be prevented from bringing a claim in the future against NECC and any settling potentially responsible party that contributes money to the bankruptcy plan.  In that case, you may receive no money and may not be able to a) vote on any plan of reorganization, or b) bring your claims against NECC and any settling potentially responsible party that contributes money to the bankruptcy plan in the future.   However, you will be bound by the terms of any plan of reorganization approved by the Court.

**How do I get more information?**

- This Notice provides only a summary of the bankruptcy proceedings and the strict deadline for filing of claims.  Complete details and information are contained in the attached instructions titled "Notice of Deadlines For Submitting Claims and Claim Procedures," which you are encouraged to read carefully. You should consult a lawyer to fully understand the attached Instructions.  Further information also is available at http://www.donlinrecano.com/necp.

- **Please Do Not Call The Trustee Or The Court, As They Are Unable To Provide You With Legal Advice.  Please Consult With Your Attorney If You Have Any Questions About Your Rights Or If You Want Any Other Legal Advice.**

Case 1:13-md-02419-RWZ Document 971-2 Filed 03/05/14 Page 21 of 47

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

## NOTICE OF DEADLINES FOR <u>SUBMITTING</u> CLAIMS <br>AND CLAIM PROCEDURES

This is an important legal notice about your rights regarding any claim you have or might have against New England Compounding Pharmacy, Inc. ("**<u>NECC</u>**").

Please read the entire notice completely as there are deadlines by which you need to act in order to preserve your claim(s).

This is an important notice. It concerns your rights about any harm that you may have suffered because of products compounded or distributed by NECC.  **THE BANKRUPTCY COURT HAS SET A DEADLINE OF JANUARY 15, 2013 AT 4:00 P.M. (PREVAILING EASTERN TIME) TO SUBMIT ALL CLAIMS AGAINST NECC.**  This deadline applies to you.  Please read this notice and consider whether to submit a claim as described below, if you believe you were harmed.

Anyone who believes that he or she may have a claim against NECC should read the entire attached notice.

**Each person who was exposed to a product of NECC, and anyone who believes he or she has a right to payment from NECC, may possibly have a claim.  Your failure to <u>submit</u> a claim against NECC before January 15, 2013 at 4:00 p.m. (prevailing Eastern Time) may affect your rights against NECC and parties other than NECC.**

**<u>By submitting a claim you are keeping your rights only against NECC.  This claim does not keep your rights against any other parties, and the submission of this claim against NECC will not</u>**

**relieve you from the need to meet any deadlines or other requirements to bring claims against any other party.**

The chapter 11 trustee of NECC has established the following website with additional information: www.donlinrecano.com/necp. Claim forms also are available at http://www.donlinrecano.com/Cases/ProofOfClaim/necp.

If you have any questions regarding this notice, please contact an attorney.

Dated: _____, 2013

21

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

**NOTICE:  FURTHER INFORMATION AND LINKS**
**DIRECTING YOU TO A PAGE WITH COPIES OF**
**REQUIRED PROOF OF CLAIM FORMS AND THE PITWD**
**ADDENDUM ARE AVAILABLE AT:**
**www.donlinrecano.com/necp**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

## NOTICE OF DEADLINES FOR <u>SUBMITTING</u> PROOFS OF <u>CLAIM AND CLAIM PROCEDURES</u>

On December 21, 2012 (the "Petition Date"), New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC" or the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

On January 18, 2013, the Office of the United States Trustee (the "UST") appointed a nine-member Official Committee of Unsecured Creditors (the "Committee").

On January 25, 2013, the Bankruptcy Court (as defined below) approved the appointment of Paul D. Moore as Chapter 11 Trustee of the Debtor (the "Trustee").

**PLEASE TAKE NOTICE THAT** on September __, 2013, the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") entered an order (the "Bar Date Order") in the Debtor's Chapter 11 case establishing certain <u>deadlines for submission of</u> claims in the Debtor's Chapter 11 case as set forth below.

## KEY DEFINITIONS

As used in this Notice, the term "Claim" shall mean, as to or against the Debtor, and in accordance with 11 U.S.C. § 101(5): (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or (b) any right to an equitable remedy for breach of performance if such breach gives right to payment, whether or not such right to an

22

equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term "Governmental Unit" shall have the meaning attributed to it in 11 U.S.C. § 101(27) and includes the United States, states, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "PITWD Addendum" shall mean the addendum titled "Confidential Personal Injury or Wrongful Death Claim Information Form," enclosed herein or otherwise available on the website maintained in this case by Donlin Recano at http://www.donlinrecano.com/Cases/ProofOfClaim/necp.

As used in this Notice, the term "PITWD Claim" shall mean a personal injury tort or wrongful death claim arising from exposure to NECC products.

As used in this Notice, the term "PITWD Claimant" shall mean a holder of a PITWD Claim.

## THE DEADLINES ("BAR DATES")

(a)     Pursuant to the Bar Date Order, the Bankruptcy Court established **January 15, 2013 at 4:00 p.m. (prevailing Eastern Time)** as the <u>deadline</u> (the "General Bar Date") for all entities, including Governmental Units, to file proofs of claim against the Debtor.

*(b)     The Bankruptcy Court approved certain requirements and procedures for PITWD Claims. Specifically, each PITWD Claimant must submit BOTH a proof of claim and a PITWD Addendum to Donlin, Recano & Company, Inc. ("DRC"), which PITWD Addendum will NOT be made available to the general public and will ONLY be made available to the Trustee, counsel for, but not individual members of, the Committee, lead counsel for, but not the members of, the Plaintiffs' Steering Committee appointed in NECC's multi-district litigation, and certain Permitted Parties (as set forth more fully below) and subject to protections to maintain confidentiality, limit access and safeguard data. DRC may make publicly available the PITWD Claimants' proof of claim forms, but NOT the accompanying PITWD Addenda.*

(c)     The General Bar Date applies to all types of Claims against NECC that arose prior to December 21, 2012 (the "Petition Date"), including secured claims, unsecured priority claims and unsecured nonpriority claims.

(d)     If the Trustee amends NECC's Schedules after the date on which this Notice and the accompanying Bar Date Order is served (the "Service Date") to change the amount, nature, classification or characterization of a debt owing to a creditor after the Service Date, the bar date for filing of proofs of claim on account of those affected Claims is on or before the later of: (a) the General Bar Date or (b) thirty (30) days from the date that notice of the amended Schedules is given to the holders of the Claims affected.

(e)     Proofs of claim for Claims arising out of the entry of an Order approved by the Bankruptcy Court rejecting an executory contract and/or an unexpired lease of the Debtor pursuant to section 365 of the Bankruptcy Code (each, a "Rejection Order") prior to the confirmation of a plan of reorganization in the Debtor's Chapter 11 case, must be filed on or before the later of: (a) the General Bar Date or (b) thirty (30) days after the entry date of the Rejection Order.

## WHO MUST FILE A PROOF OF CLAIM

You **MUST** submit a proof of claim (substantially conforming to the proof of claim form enclosed herein) if you have a Claim against the Debtor that: (a) arose prior to December 21, 2012 and (b) your Claim is not set forth as an Excluded Claim (defined below).

## HOLDERS OF PITWD CLAIMS

*PITWD Claimants MUST submit both a proof of claim and a PITWD Addendum (enclosed herein or available at* http://www.donlinrecano.com/Cases/ProofOfClaim/necp*). In order to protect confidential patient information, PITWD Claimants are directed NOT to file their proofs of claim and PITWD Addenda with the Bankruptcy Court. Instead, an original proof of claim and PITWD Addendum must be mailed or delivered to DRC (see "When and Where to Submit Claims" below).*

*The PITWD Addendum and any supporting documentation submitted by a PITWD Claimant shall be held and treated as confidential by DRC, and will not be made available to the general public, except as the Court may otherwise order. Such PITWD Addenda and supporting documentation will be made available only to the Trustee, solely for the purpose of fulfilling the statutory duties of the Trustee and made available by the Trustee (directly or from DRC, at the Trustee's direction) only to (i) the Trustee's professionals and experts retained by the Trustee, and (ii) the Permitted Parties (as defined below), subject to each Permitted Party executing and returning to counsel to the Trustee in advance a written confidentiality agreement in form and substance satisfactory to the Trustee, and to such other persons as the Bankruptcy Court determines. All parties with access to PITWD Addenda and supporting documentation submitted by PITWD Claimants shall agree to keep the information provided in any PITWD Addendum and supporting documentation submitted by PITWD Claimants confidential. All parties are prohibited from disclosing information provided by PITWD Claimants in any PITWD Addendum and supporting documentation for any purpose, except as otherwise may be permitted by an order entered by the Bankruptcy Court. Consistently, the PITWD Addenda shall only be disclosed to "Permitted Parties" (as defined below). The Official Form 10 (but NOT any PITWD Addenda and supporting documentation) submitted by each and every PITWD Claimant shall be made publicly available on DRC's website and shall not be kept confidential.*

The "Permitted Parties" are:

        i. Insurance companies (and their professionals and third party medical experts) that provide insurance that may cover claims

described in the proofs of claim and PITWD Addenda submitted by PITWD Claimants;

ii. Counsel for, but not individual members of, the Official Committee of Unsecured Creditors of NECC;

iii. Lead Counsel for, but not the Members of, the Plaintiffs' Steering Committee appointed in NECC's multi-district litigation,

iv. Mediators appointed by this Court or the court overseeing NECC's multi-district litigation; and

v. Such other persons as the Bankruptcy Court determines pursuant to an order hereafter entered by the Bankruptcy Court should have the information in order to evaluate the PITWD Claims including, without limitation, and if so ordered by an order hereafter entered by the Bankruptcy Court, the parties to the mediation program[4].

Any proof of claim and PITWD Addendum filed must be a "Single-Claimant PITWD Claim." A "Single-Claimant PITWD Claim" is a proof of claim and PITWD Addendum filed: (i) by an individual claimant on behalf of himself or herself or on behalf of an injured minor child for whom the individual is guardian or next friend; or (ii) on behalf of the estate of a deceased or incompetent individual. "Multi-Claimant PITWD Claims," or proofs of claim joining or on behalf of two (2) or more claimants, may not be filed without Bankruptcy Court approval.

## HOLDERS OF EXCLUDED CLAIMS ARE NOT REQUIRED TO <u>SUBMIT</u> A PROOF OF CLAIM ON ACCOUNT OF SUCH CLAIMS

Proofs of claim need not be <u>submitted</u> on account of the following claims (the "Excluded Claims"):

(i) Any claim for which there has already been properly filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the District of Massachusetts or with DRC, in a form substantially similar to Official Form 10. *However, any such creditor with a PITWD Claim, or whose previously submitted proof of claim purports to assert PITWD Claims on behalf of other individuals, MUST submit a new proof of claim and a PITWD Addendum to DRC by the General Bar Date in accordance with the PITWD Procedures;*

---

[4] The mediation program was established by, and will proceed in accordance with and subject to the provisions of the order entered on August 15, 2013 and entitled "Order on Mediation Program" entered in case number 1:13-md-02419-FDS, *In re New England Compounding Pharmacy, Inc. Product Liability Litigation*, in the United States District Court for the District of Massachusetts, and any further orders hereafter entered by that District Court.

(ii)    Any claim listed on the Schedules, provided that: (i) the claim is **not** listed as "disputed," "contingent" or "unliquidated;" and (ii) the holder of such claim agrees with the amount, nature and priority of the claim as established in the Schedules;

(iii)   Any claim that has been allowed by order of the Bankruptcy Court on or before the applicable Bar Date, or for which a specific filing deadline has previously been fixed by the Bankruptcy Court;

(iv)    Any claim that has been satisfied in full, pursuant to the Bankruptcy Code or in accordance with an order of the Bankruptcy Court, prior to the applicable bar date;

(v)     Any claim allowable under Section 503(b) of the Bankruptcy Code as an administrative expense; provided, however, that claims or requests for administrative expenses under Section 503(b)(9) must have been asserted properly and timely on or before April 1, 2013, otherwise such claims or requests for administrative expenses, as applicable, shall not be paid or allowed; and

(vi)    Any claim for an interest based on equity securities (including, without limitation, ownership of common or preferred stock, membership interests, partnership interests, or warrant or rights to purchase, sell or subscribe to such a security or interest); provided, however, that any claim (as opposed to ownership interest) against the Debtor based on transactions in the Debtor's securities, including claims for damages or rescission based on the purchase or sale of such securities, must be filed on or before the General Bar Date and, provided, further, that the Trustee reserves all rights with respect to any such claims including, *inter alia*, the right to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

## WHAT TO SUBMIT

*You must submit (i) the original, signed and completed proof of claim, and (ii) the original, signed and completed PITWD Addendum (if you are a PITWD Claimant) (the "Claim Package"). The Claim Package must be delivered to DRC, so as to be actually received by DRC on or before the applicable bar date or any other bar date established by the Bar Date Order, for a Claim to be deemed timely filed.* Proofs of claim must be in the English language and denominated in lawful currency of the United States.

Proofs of claim must substantially conform to the proof of claim form enclosed with this Notice, and set forth: (i) the amount of your claim against NECC; and (ii) whether your Claim is a secured, unsecured priority or unsecured nonpriority claim.

Any person or entity that submits a Claim Package and wishes to receive a copy with a stamp or other marking acknowledging DRC's receipt by return mail must include an additional

DM3\2675722.1

copy of the Claim Package with a self-addressed envelope with the sufficient and appropriate amount of postage pre-paid.

Electronic Copies of the proof of claim form and PITWD Addendum are available at http://www.donlinrecano.com/Cases/ProofOfClaim/necp. Other information concerning NECC's Chapter 11 case, is available at http://www.donlinrecano.com/necp.

## WHEN AND WHERE TO SUBMIT CLAIMS

A claimant may submit a Claim Package in person, by courier service, by hand delivery or by mail. A proof of claim (and a PITWD Addendum, if applicable) may **NOT** be delivered by facsimile or electronic mail transmission.

A Claim Package will be deemed timely submitted only if **actually received** on or before the applicable bar date by DRC, at the following addresses:

1.
2.     If by mail:

       Donlin, Recano & Company, Inc.
3.         Re: New England Compounding Pharmacy, Inc.
4.         P.O. Box 2053
5.         Murray Hill Station
6.         New York, NY  10156
7.
8.     If by overnight courier or hand delivery:
9.
10.        Donlin, Recano & Company, Inc.
11.        Re: New England Compounding Pharmacy, Inc.
12.        419 Park Avenue South, Suite 1206
13.        New York, NY  10016
           *II.*

## CONSEQUENCES OF FAILURE TO SUBMIT A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

Any claimant that fails to timely submit and serve a Claim Package in accordance with the procedures set forth in this Notice and the Bar Date Order, may, with respect to such claim(s), be barred, estopped and enjoined from participating in the above-captioned Chapter 11 case with respect to voting on any proposed plan of reorganization, participating in any distribution in this Chapter 11 case and from asserting such claims against the Debtor.[1] Nonetheless, the holder of any such unfiled claims shall be bound by the terms of any Chapter 11 plan confirmed by the Bankruptcy Court.

---

[1]     Claims may be amended afterwards, in accordance with the Federal Rules of Bankruptcy Procedure. Further, the Bankruptcy Court has discretion to permit late-submitted claims where the failure to submit a claim  timely was the result of "excusable neglect," in accordance with *Pioneer Investment Services Company v. Brunswick Associates L.P.*, 507 U.S. 380 (1993).

## THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a Claim against the Debtor in the Debtor's Schedules, which were filed with the Bankruptcy Court on January 18, 2013.

**If your Claim is not described as disputed, contingent or unliquidated in the Debtor's Schedules, and you agree with the amount and classification, you need not submit a proof of claim on account of such Claim.** If it is unclear from the Schedules whether your claim is disputed, contingent or unliquidated as to amount, or whether your claim is otherwise properly listed and classified, or if you believe you hold a claim against the Debtor which has not been scheduled, you **must** submit a Claim Package to DRC on or before the applicable bar date. Any holder of a claim that fails to submit a Claim Package in reliance upon the Schedules bears sole responsibility for determining that its claim is accurately listed therein.

Copies of the Schedules may be found on the case website, www.donlinrecano.com/necp. Copies of the Schedules may also be examined by interested parties between the hours of 8:30 a.m. and 5:00 p.m., prevailing Eastern time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109-3945.

## RESERVATION OF RIGHTS.

The Trustee retains all rights to (a) object to any proof of claim on any grounds and (b) dispute, or assert offsets or defenses against, any filed Claim, or any Claim listed or reflected in the Schedules or any amendments thereto, as to the nature, amount, liability, priority, classification or otherwise of such Claim. Nothing contained in this Notice shall preclude the Trustee from objecting to any Claim, whether scheduled or filed, on any grounds.

**Please note that the fact that you have received this notice does not mean that you have a Claim or that the Trustee, the Official Committee or the Bankruptcy Court believes that you have a Claim.**

I.     Please note that anyone who was exposed to any NECC products at any time may have a claim which may be a PITWD Claim. Your failure to submit a claim against NECC before the applicable bar date may affect your rights against parties other than NECC. **YOU SHOULD CONSULT WITH YOUR ATTORNEY IF YOU HAVE ANY QUESTIONS ABOUT WHETHER TO SUBMIT A PROOF OF CLAIM OR REGARDING THE CONTENTS OF ANY PROOF OF CLAIM YOU MAY CHOOSE TO FILE.**

If you decide to submit a Claim Package, then you must do so before the applicable bar date and comply with the procedures outlined in this Notice and the Bar Date Order.

**DO NOT CALL THE BANKRUPTCY COURT OR THE UNDERSIGNED IF YOU HAVE LEGAL QUESTIONS, AS THE BANKRUPTCY COURT AND THE UNDERSIGNED ARE PROHIBITED FROM PROVIDING YOU WITH LEGAL ADVICE. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS REGARDING ANY CLAIM THE CLAIMANT MAY HAVE**

**AGAINST NECC, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM (AND A PITWD ADDENDUM, IF APPLICABLE) TO PROTECT ITS INTERESTS.**

Dated: _____, 2013                    DUANE MORRIS LLP


_____
Jeffrey D. Sternklar, Esq. (BBO #549561)
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4216
Facsimile: (857) 401-3034
jdsternklar@duanemorris.com

*Counsel to the Chapter 11 Trustee*

29

**Exhibit B**

## IN RE: NEW ENGLAND COMPOUNDING PHARMACY INC.

### Confidential Personal Injury or Wrongful Death Claim Information Form (the "PITWD Addendum")

CLAIMANT NAME: _____

### IMPORTANT - DO NOT FILE THIS DOCUMENT WITH THE COURT – SEE SPECIAL INSTRUCTIONS TITLED "NOTICE OF DEADLINES FOR FILING CLAIMS AND CLAIM PROCEDURES."

Please provide the following information **TO THE BEST OF YOUR ABILITY** for each individual making a claim about exposure to New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") products. More information, including a list of NECC products, is available at http://www.cdc.gov/hai/outbreaks/meningitis-facilities-map.html and http://www.donlinrecano.com/necp. **SEE SPECIAL INSTRUCTIONS TITLED "NOTICE OF DEADLINES FOR FILING CLAIMS AND CLAIMS PROCEDURES."** You will need to submit this Form and your proof of claim by **January 15, 2014 at 4:00 p.m. (prevailing Eastern Time).**

- The "You" used in this Form means the person who was exposed to NECC products.

- "Product" means any medication or solution compounded by NECC.

- In filling out any section or sub-section of this Form, please submit additional sheets as necessary to provide complete information.

- If, at a later date, you learn that any of your responses are incomplete or incorrect, please submit that information as soon as you become aware of it. In addition, supplemental information and documentation will likely be requested after you submit this initial Form.

In completing this Form, you are considered to have done so under oath. You must provide information that is true and correct to the best of your knowledge information, and belief. If information is not known, remembered, or available indicate that in the appropriate location.

After reviewing your Form, additional information and documentation will likely be requested from you. Please contact the Chapter 11 Trustee immediately if you need to correct any of your answers or can provide more complete information. You may and should consult with your attorney regarding completing this Form. **IF YOU ARE NOT REPRESENTED BY COUNSEL OR OTHERWISE ARE UNABLE TO FURNISH ANY OF THE INFORMATION REQUESTED, PLEASE PROVIDE AS MUCH OF THE INFORMATION AS YOU CAN.**

31

**Please Do Not Contact The Court With Any Questions Or For Additional Information**.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I.    CASE INFORMATION

1.    Name of person on whose behalf a claim is being made (first, middle name or initial, last), including maiden or other names used: _____

    a.    Were you (or the person identified above) administered the steroid methylprednisolone acetate?

        [ ] Yes    [ ] No    [ ] Do Not Know

2.    Name of person signing this form, if different than above: _____

    a.    Relationship of signer to party on behalf of whom claim is being made: (such as spouse, parent, family member, adult child, guardian): _____

    b.    If you are filling this out on behalf of an individual who is deceased, please state the date of death, and attach a copy of a death certificate, if you have it.

3.    Please check the injuries you sustained as a result of exposure to the NECC Product(s):

    a.    [ ] Death

    b.    [ ] Fungal Meningitis

    c.    [ ] Epidural Abscess

    d.    [ ] Stroke or stroke like symptoms (Cerebral Vascular Accident)

    e.    [ ] Lumbar Puncture  (Spinal Tap), No Subsequent Treatment

    f.    [ ] Lumbar Puncture  (Spinal Tap), Subsequent Treatment

    g.    [ ] Infection of any kind, describe if known: _____

    h.    [ ] Injection only, no symptoms or treatment

    i.    [ ] Other (describe): _____

(Attach additional sheets if necessary to describe.)

4.    Was any lawsuit or civil action started based on your exposure to an NECC Product, including any claiming wrongful death or claiming on behalf of an estate or survivors?

    [ ] Yes    [ ] No

If yes, please state:

a.  Case caption: _____

b.  Court and Docket number: _____

c.  Name, address, telephone number, fax number and e-mail address of attorney representing you, if you know:

Attorney Name: _____

Firm: _____

Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Fax Number: _____

E-mail Address: _____

*THE REST OF THIS FORM REQUESTS INFORMATION ABOUT THE PERSON EXPOSED TO THE PRODUCT*

## II.  Personal Information

5.  Current address and date(s) when you lived at this address:

_____

6.  Social Security Number (***LAST 4 DIGITS*** ONLY): <u>XXX-XX-</u> _____

7.  Date of birth: _____

8.  Are you married?  [ ] Yes    [ ] No

## III.  Medical Information

9.  Date(s) you were administered or used an NECC Product:

_____

10.  Hospital / clinic / physician's office where you were administered the Product:

(Name / Full Address) _____

33

a.    Name of physician who administered the Product:_____

11.    What was the medical condition for which you were treated with the NECC Product (for example, osteoarthritis, back injury, etc.) ?

_____

12.    Have you been tested for meningitis or fungal infection?    [ ] Yes    [ ] No

a.    If yes, provide:

1.    Where? Name and full address of the facility

_____

2.    When? Date(s) of test(s) (mm/dd/yyyy):

_____

3.    Have you had a lumbar puncture/spinal tap since your exposure to an NECC Product? [ ] Yes    [ ] No

13.    Are any of the previously described physical conditions, referred to in paragraph 3, still affecting you?

[ ] Yes    [ ] No

a.    If Yes, please list and describe.

_____

## IV. EMPLOYMENT INFORMATION

14.    Are you making a claim for past lost wages or future lost earning capacity or other economic loss, other than for medical bills?

[ ] Yes    [ ] No

15.    Have you filed a disability claim with any private insurance company or local/state/federal agency?

[ ] Yes    [ ] No

If yes, when? _____

16.    Did you have medical insurance for treatment rendered?  [ ] Yes        [ ] No

34

a. If yes, please provide the following information for each insurance company. If more than one, please provide information for all:
   Name of Health Insurance: _____

   Policy No.: _____

   Name of Subscriber: _____

b. If you have Medicare or Medicaid coverage, please state your ID number:

c. Has any insurance company asserted a lien on your recovery?  [  ] Yes   [  ] No
   If yes, please provide the name of the lienholder: _____

Signature[5]: _____

Print or Type Name: _____

•

---
[5] Please note that your signature is deemed to be under oath.

DM3\2675722.1

Case 1:13-md-02419-RWZ   Document 971-3   Filed 03/05/14   Page 37 of 47

**Exhibit C**

DM3\2675722.1

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT  DISTRICT OF MASSACHUSETTS | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor:<br><br>**NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER**<br><br>**TAX ID. NO. 04-3407495** | Case Number:<br><br>**12-19882-HJB** | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): | |
|---|---|
| Name and address where notices should be sent:<br><br><br>Telephone number:          email: | **COURT USE ONLY**<br><br>☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>    *(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:          email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**          $ _____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
    (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>_____ | **3a. Debtor may have scheduled account as:**<br><br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

| **4. Secured Claim** (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other<br>**Describe:**<br><br>**Value of Property:** $ _____<br><br>**Annual Interest Rate** _____% ☐ Fixed or ☐ Variable<br>**(when case was filed)** | Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:<br><br>                    $ _____<br><br>**Basis for perfection:** _____<br><br>**Amount of Secured Claim:**  $ _____<br><br>**Amount Unsecured:**        $ _____ |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(____). | **Amount entitled to priority:**<br><br>$ _____ |

*\*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

DM3\2675722.1

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.     ☐ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)     ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim and in the attached "PITWD Addendum" (if required and submitted) is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____

Title: _____

Company: _____

Address and telephone number (if different from notice address above): _____

(Signature) _____     (Date) _____

Telephone number: _____ email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

## *IF YOU ARE ASSERTING A CLAIM FOR PERSONAL INJURY, PLEASE COMPLETE, SIGN AND RETURN THE ENCLOSED CONFIDENTIAL PERSONAL INJURY OR WRONGFUL DEATH CLAIM INFORMATION FORM (THE "PITWD ADDENDUM"). DO NOT INCLUDE ANY MEDICAL INFORMATION IN YOUR ANSWERS TO THE QUESTIONS ON THIS FORM. INSTEAD INCLUDE PRIVATE MEDICAL INFORMATION ONLY IN YOUR ANSWERS TO THE QUESTIONS IN THE PITWD ADDENDUM*

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

*SUBMIT CLAIM TO DONLIN, RECANO & CO. IN ACCORDANCE WITH ENCLOSED INSTRUCTIONS*

B 10 (Official Form 10) (12/12)

## DEFINITIONS

## INFORMATION

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**<u>Exhibit D</u>**

# New England Compounding Company, Inc., Case No. 12-19882-HJB, in the United States Bankruptcy Court for the District of Massachusetts

## *Important Notice of Deadline to Submit Claims Against New England Compounding Company, Inc.*

## Did you have a reaction to a medication (including pain injections, spinal or joint injections, topical drugs) compounded by NECC?

New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC") drugs allegedly have caused death, serious injury, infections or other medical conditions requiring treatment. If you had or have physical injuries, distress, personal losses or treatment costs caused by an NECC drug, you may have a claim in the NECC bankruptcy. The federal government has identified 750 meningitis and infection cases and 64 deaths resulting from certain contaminated products compounded by NECC

**To keep your legal rights to receive compensation, your claim must be submitted by January 15, 2014 at 4:00 p.m. (prevailing Eastern Time). You may lose valuable rights if you fail to submit a properly completed and signed claim, with required documentation, by that date and time!**

**Who Can Submit a Claim?**

- Any person claiming a right to payment from NECC for any reason
- Any person who suffered any injury from exposure to <u>any</u> NECC product;
- Family and beneficiaries of anyone who died or has been injured as a result of exposure to NECC products;
- Any person or family member who suffered any distress, personal or non-personal injury as a result of exposure to NECC products.

Contact your health care provider to find out if you were administered an NECC product. Ask your doctor if any drugs used in your treatment were made by NECC. You can also search the list of facilities that received certain contaminated NECC drugs at http://www.cdc.gov/hai/outbreaks/meningitis-facilities-map.html. More information and copies of required claim forms are available at: http://www.donlinrecano.com/necp.

## Exhibit E

**Local Newspapers In Which Trustee Must Publish Bar Date Notice**

1.      The Altoona Mirror

2.      Antelope Valley Press

3.      Baltimore Sun

4.      Chicago Tribune

5.      The Cincinnati Enquirer

6.      Columbus Republic

7.      Crossville Chronicle

8.      The Daily Journal

9.      The Dallas Morning News

10.     Democrat and Chronicle

11.     Dublin Villager

12.     Edina Sun Current

13.     Edison/Metuchen Sentinel

14.     Elkhart Truth

15.     The Elmer Times

16.     Emmett Messenger-Index

17.     Evansville Courier & Press

18.     Fort Wayne Journal Gazette

19.     Foster's Daily Democrat

20.     Fridley Sun Focus

21.     The Grand Blanc View

22.     The Herald-Sun

23.     High Point Enterprise

24.     Las Vegas Review Journal

25.     Livingston Daily

DM3\2675722.1

26.     The Macomb Daily

27.     The Marion Star

28.     Maryland Coast Dispatch

29.     Merrimack Journal

30.     Miami Herald

31.     Mineola American

32.     Moultrie News

33.     The Mount Vernon Inquirer

34.     Oak Ridge Observer

35.     Ocala Star Banner

36.     Orlando Sentinel

37.     Osseo-Maple Grove Press

38.     Parkersburg News and Sentinel

39.     The Pendulum

40.     Pensacola News Journal

41.     Pittsburgh Tribune Review

42.     Post Register

43.     The Record

44.     The Roanoke Times

45.     San Fernando Valley Sun

46.     Shakopee Valley News

47.     South Bend Tribune

48.     South Plainfield Observer

49.     Southlake Journal

50.     The Sparta Independent

45

51.    The Star Tribune

52.    The Sun Sentinel

53.    The Telegraph

54.    The Tennessean

55.    Terre Haute Tribune Star

56.    Traverse City Record Eagle

57.    The Ukiah Daily Journal

58.    Visalia Times-Delta

59.    Voices

60.    Warwick Beacon

61.    The Wilson Times

62.    The Woonsocket Call

DM3\2675722.1