# EXHIBIT D

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW ENGLAND COMPOUNDING | ) | Case No. 12-19882-HJB |
| PHARMACY, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| PAUL D. MOORE AS HE IS THE TRUSTEE OF | ) | |
| THE CHAPTER 11 ESTATE OF NEW ENGLAND | ) | |
| COMPOUNDING PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARRY CADDEN, LISA CONIGLIARO | ) | |
| CADDEN, GREGORY CONIGLIARO, and | ) | |
| CARLA CONIGLIARO, | ) | Adv. Pro. No. 13-01040-HJB |
| | ) | |
| Defendants, | ) | |
| | ) | |
| AMERIDOSE LLC, GDC PROPERTIES | ) | |
| MANAGEMENT, LLC, and MEDICAL | ) | |
| SALES MANAGEMENT, INC., | ) | |
| | ) | |
| Reach and Apply Defendants, | ) | |
| | ) | |
| BANK OF AMERICA, N.A., MIDDLESEX | ) | |
| SAVINGS BANK, MERRILL LYNCH, | ) | |
| PIERCE, FENNER & SMITH INC., and | ) | |
| CHARLES SCHWAB & CO., | ) | |
| | ) | |
| Trustee Process Defendants. | ) | |

## AGREED-UPON ORDER ESTABLISHING PROTOCOL
## FOR SETTLEMENT NEGOTIATIONS AND COMMUNICATIONS

This matter came before this Court on the Joint Motion (the "Motion") by the Plaintiff,

Paul D. Moore as he is Trustee of the Chapter 11 Estate of New England Compounding

Pharmacy, Inc. ("Trustee"), and the Defendants, Barry Cadden, Lisa Conigliaro Cadden, Gregory Conigliaro, Carla Conigliaro (collectively, "Defendants"), and the Reach-and-Apply Defendants, Ameridose LLC, GDC Properties Management, LLC and Medical Sales Management, Inc. (collectively, "Reach-and-Apply Defendants" and, together with the Trustee, and the Defendants, the "Parties"), seeking an order establishing certain protocols to ensure the confidentiality of any settlement communications by and among the Parties.  Due notice and an opportunity to be heard having been given to parties in interest and after a hearing on the Motion and due consideration having been given to any objections and to the arguments presented at such hearing, it is hereby found as follows:

## Background

### Bankruptcy Proceedings

1.      On December 21, 2012, New England Compounding Pharmacy, Inc. ("NECP") commenced its case under Chapter 11 of the United States Bankruptcy Code.

2.      On January 18, 2013, the Office of the United States Trustee appointed a Committee of Unsecured Creditors ("UCC").  Thereafter, the UCC duly retained Brown Rudnick LLP as its counsel ("Brown Rudnick").

3.      On January 24, 2013, on motion by the United States Trustee, this Court ordered the appointment of a Chapter 11 trustee, and the United States Trustee appointed Paul D. Moore as Trustee of the Chapter 11 Estate of NECP ("Trustee").

4.      On January 24, 2013, shortly before the appointment of the Trustee, this Court, on the Motion of the UCC, granted the UCC standing to bring claims on behalf of NECP and its estate against various officers and directors of NECP.

2

5.     On January 24, 2013, UCC commenced an adversary proceeding against the

Defendants seeking monetary recoveries for funds transferred by NECP to the Defendants within

one year of the commencement of NECP's case and for damages resulting from alleged breaches

of the Defendants' fiduciary duty.

6.     On January 28, 2013, this Court entered an Order on the motion of the UCC

authorizing the attachment by trustee process on the Defendants' bank accounts, an attachment

on the Defendants' real property, and a Temporary Restraining Order, restraining and enjoining

the Defendants transferring, encumbering or otherwise diminishing the value of their assets other

than in the ordinary course of business for necessary living and legal expenses and the Reach and

Apply Defendants from transferring, distributing, disbursing or alienating amounts due or to

become due to the Defendants.

7.     On February 7, 2013, a Preliminary Injunction was entered by agreement of the

relevant Parties, and the Trustee was substituted as plaintiff in this Adversary Proceeding.

8.     The deadline for answering the Adversary Proceeding has since been continued

and extended to allow the Parties to engage in settlement negotiations.

<u>United States District Court – Multi-District Litigation</u>

9.     Numerous Civil Actions have been commenced against, among others, NECP and

its officers and directors asserting claims relating to injuries arising from the alleged

contamination of the injectable steroid methyl-prednisolone acetate ("MPA") compounded at the

New England Compounding Pharmacy facility in Framingham, Massachusetts ("MPA Claims").

10.    On February 12, 2013, the Judicial Panel in Multi-District Litigation directed that

various of the MPA Claims were to be transferred to the United States District Court for the

District of Massachusetts and assigned to Judge Saylor.  To date, 134 of such MPA Claims are

3

the subject of transfer orders, 20 other such transfers are pending and many more transfers are expected in the future (the "MDL Cases").

11.    Judge Saylor has conducted various preliminary status conferences with respect to the MPA Claims and the adoption of procedures for the administration of the Multi-District Litigation involving NECP.

12.    Thomas Sobol, Esquire has been appointed as Lead Counsel and Mark P. Chalos, Esquire has been appointed as Federal/State Liaison Counsel (collectively, "MDL Counsel").

## Relief Sought

13.    In order to facilitate settlement discussions by and among the Defendants, Reach and Apply Defendants, Trustee and the plaintiffs in the MDL Cases, the Trustee has filed a Motion seeking to establish settlement protocols.

14.    The purpose for the protocols is to maintain and ensure the confidentiality of the settlement discussions so as to encourage a full, frank and free discussion among the Parties, both with respect to the claims, defenses and assets of the Defendants that may be available if the Trustee were to prevail with respect to claims against the Defendants. The likelihood of a settlement and avoiding the burden, expense and delay of protracted litigation will be greatly enhanced through complete and open disclosure that can only be achieved through ensuring the confidentiality of all Settlement Communications (as hereinafter defined) in connection with such efforts. In furtherance thereof, good cause having been shown, and in order to encourage the free, complete and open settlement negotiations, while preserving the confidentiality of same, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I.    Definitions

The following definitions will apply to this Order:

4

(a)    "Parties" shall mean Paul D. Moore, in his capacity as Trustee of the Chapter 11

Estate of New England Compounding Pharmacy, Inc., and the Defendants, Barry Cadden, Lisa

Conigliaro Cadden, Gregory Conigliaro and Carla Conigliaro, along with the Reach-and-apply

Defendants, Ameridose LLC, GDC Properties Management, LLC and Medical Sales

Management, Inc., and the Firms listed in Section IX.

(b)    "Non-party Participants" shall mean those persons who participate in the

Settlement Negotiations by assisting the Parties in Settlement Negotiations, including, but not

limited to, accountants or any other professional any Party employs to advise the Party.  The

MDL Counsel, Brown Rudnick and the UCC shall not be Non-party Participants absent the

express written consent by Defendants and Reach-and-Apply Defendants and express written

acknowledgement by such  MDL Counsel, Brown Rudnick and UCC's of this Order and their

agreement to be bound by the terms of this Order.

(c)    "Claims" shall mean those causes of action set forth in the Adversary Proceeding

commenced by the Trustee against the Defendants and Reach and Apply Defendants, Adversary

Proceeding No. 13-01040-HJB (the "Adversary Proceeding); those claims arising out of the

same operative facts in the Adversary Proceeding, and any and all civil actions brought against

any or all of the Defendants or Reach and Apply Defendants, including, but not limited to, any

third-party claims for indemnification and contribution.

(d)    "Proceeding" shall mean a judicial, administrative, arbitration, or other

adjudicative process, including related prehearing and post-hearing motions, conferences and

discovery, or a legislative hearing or similar process.

(e)    "Settlement Communication" shall mean any and all communications, whether

oral or in writing, all documents as those terms are defined in F.R.C.P. Rule 34 and Local Rule

26.5(c) of the Rules of the United States District Court for the District of Massachusetts and shall also include any and all memos, analyses, notes, referring to the Settlement Negotiations or any and all statements made or documents provided during Settlement Negotiations or made for the purposes of considering, conducting, participating in, initiating, continuing Settlement Negotiations. Settlement Communications shall also include communications by and among counsel.

(f)    "Settlement Negotiations" shall mean those communications initiated by any Party in an effort to reach a settlement of the Claims. Settlement Negotiations shall continue until terminated in writing by a Party or Parties.

## II.    Scope

This Order shall apply to all Settlement Communications occurring during Settlement Negotiations by and among the Parties.

## III.    Confidentiality

All Settlement Communications shall be confidential, and no Party shall disclose any Settlement Communication to any person other than a Party or Non-party Participant, and Settlement Communications shall be held confidential to the full extent contemplated by Fed. R. Evid. 408.

## IV.    Privilege

Settlement Communications shall be considered privileged, and the Parties, their respective counsel, and Non-party Participants shall refuse to disclose Settlement Communications and cannot be compelled, by subpoena or otherwise, to disclose any Settlement Communications in any Proceeding. In furtherance of the foregoing, the Trustee shall be deemed to be a mediator appointed by this Court for the purpose of the Settlement Negotiations,

6

and the Settlement Negotiations shall be accorded all of the privileges and confidentiality commonly associated with such mediation.

### V.    <u>Non-waiver</u>

The Confidentiality and Privilege provided in paragraphs III and IV above shall not be waived or deemed waived by any Party or Non-party Participant without the express written consent of all the Parties. Paragraphs III, IV and this paragraph V shall survive the termination of Settlement Negotiations.

### VI.    <u>Use of Settlement Communications</u>

Settlement Communications and the information contained therein shall not be used for any purpose in any Proceeding other than for Settlement Negotiations, provided, however, that nothing herein shall preclude the use of any such information independently obtained through other sources or by means of any subsequent discovery.

### VII.    <u>Destruction of Settlement Communications upon Termination of Settlement Negotiations</u>

Upon written notice of the termination of Settlement Negotiations, all Settlement Communications shall be destroyed, including written materials exchanged between the Parties and Non-party Participants along with internal memos and notes referring to or containing Settlement Communications, or any analyses of causes of action and defenses and financial information that was provided as part of a Settlement Communication. Within fourteen (14) days of the termination of Settlement Negotiations, each Party and Non-party Participant shall certify to the other that such Party has destroyed all Settlement Communications and related documents, notes and memoranda.

### VIII.    <u>Jurisdiction</u>

7

This Court retains exclusive jurisdiction as to any and all matters relating to the subject matters addressed herein and any and all issues and disputes with respect to such matters, this order and the conduct of the Parties, the Settlement Negotiations and any and all Settlement Communications.

**IX.**  **Notice**

Any and all notices, with respect to this order shall be provided by email and overnight mail as follows:

> To the Trustee:
>
> Paul D. Moore
> Michael R. Gottfried, Esq.
> Duane Morris LLP
> 100 High Street, Suite 2400
> Boston, MA 02110
> Email: pdmoore@duanemorris.com
>
> To Barry and Lisa Cadden:
>
> Harold B. Murphy
> Murphy & King
> Professional Corporation
> One Beacon Street
> Boston, MA 02108
> Email: hbm@murphyking.com
>
> With a copy to:
>
> Bruce A. Singal
> Michelle R. Pierce
> Donoghue Barrett & Singal, P.C.
> One Beacon Street, Suite 1320
> Boston, MA 02108-3113
> Email: bsingal@dbslawfirm.com
>            mpeirce@dbslawfirm.com
>
> To Carla Conigliaro:
>
> John J. Monaghan, Esq.
> Lynne B. Xerras, Esq.
> Holland & Knight

10 St. James Avenue, 11th Floor
Boston, MA 02116
Email: john.monaghan@hklaw.com
        lynne.xerras@hklaw.com

With copy to

Heidi A. Nadel
TODD & WELD LLP
28 State Street
Boston, MA  02109
Email: hnadel@toddweld.com

To Gregory Conigliaro:

Christopher J. Panos, Esq.
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Federal Reserve Plaza
Boston, MA 02210
Email: panos@craigmacauley.com

With Copy to

Daniel M. Rabinovitz, Esq.
Nicki Samson, Esq.
Brady J. Hermann, Esq.
Michaels, Ward & Rabinovitz, LLP
One Beacon Street, 2nd Floor
Boston, MA 02108
Email: dmr@michaelsward.com
        ns@michaelsward.com
        bjh@michaelsward.com

To GDC Properties:

Andrew C. Gately, Esq.
Gately Law Firm, LLC
316 Franklin Street
Newton, MA 02458
Email: agately@gately-law.com

To Medical Sales Management, Inc.:

Daniel M. Rabinovitz, Esq.

9

Nicki Samson, Esq.
Brady J. Hermann, Esq.
Michaels, Ward & Rabinovitz, LLP
One Beacon Street, 2nd Floor
Boston, MA 02108
Email:  dmr@michaelsward.com
        ns@michaelsward.com
        bjh@michaelsward.com

To Ameridose LLC:

Leon R. Barson, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998 ]
Email: LBarson@BlankRome.com


Dated at Springfield, this 23ʳᵈ day of ___April___, 2013


Henry J. Boroff
United States Bankruptcy Judge