UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt.: 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

# PLAINTIFFS' STEERING COMMITTEE'S MOTION TO EXPEDITE DISCOVERY RESPONSES

Pursuant to Rule 33(b)(2) and 34(b)(2)(A), the Plaintiffs' Steering Committee ("PSC") files this Motion to Expedite Discovery Responses and requests the Court shorten the time for certain defendants to respond to discovery from 30 days to 23 days.  In support of this Motion, the PSC states as follows:

On February 7, 2014, Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, John W. Culclasure, MD, Debra V. Schamberg, RN, Specialty Surgery Center, Crossville, PLLC, Kenneth R. Lister, MD, and Kenneth Lister, MD, PC (the "Tennessee Clinic Defendants") filed a Memorandum in Support of its Motion to Dismiss (the "Memorandum") seeking dismissal of all cases filed against the Tennessee Clinic Defendants for failure to follow Tennessee's pre-suit notice requirements contained in T.C.A. § 29-26-121 (the "Pre-Suit Notice Requirements").[1]  The Pre-Suit Notice Requirements include, in part, a requirement that plaintiffs asserting medical malpractice claims provide a HIPAA-compliant medical authorization to certain defendants sixty days prior to the plaintiff filing suit.

---

[1] Dkt. No. 898.

1

The Tennessee Clinic Defendants attached to the Memorandum an affidavit (the "First Affidavit") from the Tennessee Clinic Defendants' counsel claiming, in part, that counsel was unable to obtain medical records using medical releases provided as part of the Pre-Suit Notice Requirements.[2]  After Plaintiffs' counsel sent numerous requests to the Tennessee Clinic Defendants concerning statements in the First Affidavit and asking for documentation to support claims in the First Affidavit, counsel for the Tennessee Clinic Defendants filed a second affidavit on February 18, 2014 (the "Second Affidavit"), correcting identified misstatements in the First Affidavit.[3]

As a result of the confusion stemming from the need of the Tennessee Clinic Defendants' counsel to file two separate affidavits and concerned other misstatements may exist in the Second Affidavit, on February 19, 2014, the PSC served the Tennessee Clinic Defendants with discovery requests related to claims made in the First and Second Affidavits.[4]  These are narrowly tailored discovery requests that seek information that should be readily available based on counsel's own statements in his affidavit.[5]

In the ordinary course, the Tennessee Clinic Defendants would have until March 21, 2014, or thirty days after the PSC served the discovery, to respond.[6]  However, the PSC's response to the Motion to Dismiss is due March 28, 2014,[7] and the PSC needs the information sought by the discovery in order to respond to the Motion to Dismiss and specifically the allegations contained in the First Affidavit and the Second Affidavit.[8]  As a result, the PSC

---

[2] Dkt. No. 898-3, ¶ 6.
[3] Dkt. No. 925.
[4] A copy of this discovery is attached as Attachment 1.
[5] *See* Dkt. No. 925 at ¶¶ 7-8, 15.
[6] *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).
[7] Dkt. No. 884.
[8] In light of the case-specific nature of the issues raised in the Tennessee Clinic Defendants' Motions to Dismiss, and the enormous amount of party and judicial resources that will be expended to address the case-specific motions relating to more than 140 Tennessee case that the Tennessee Clinic Defendants have moved to dismiss, Plaintiffs

requested that the Tennessee Clinic Defendants expedite their response to this discovery, but the Tennessee Clinic Defendants refused to provide a date certain when they would provide such responses.[9]

The PSC has already learned from plaintiffs' counsel in Tennessee that the Tennessee Clinic Defendants sought and obtained medical records from at least one plaintiff listed in the First Affidavit as failing to provide a HIPAA-compliant medical records release.  In fact, counsel for the Tennessee Clinic Defendants in the cover letter sent with the request acknowledged that the patient had "executed a HIPAA-compliant release" – which is the same release that the Tennessee Clinic Defendants now allege is not HIPAA-compliant.[10]  Obviously, if the Tennessee Clinic Defendants were able to use the HIPAA releases provided as part of the Pre-Suit Notice Requirements to obtain medical records, then their claims that cases should be dismissed for failure to provide such a notice are meritless.  The PSC should be able to investigate this matter through discovery prior to having to respond to the Tennessee Clinic Defendants' motion to dismiss.

Accordingly, the PSC respectfully requests that the Court order the Tennessee Clinic Defendants to respond to the discovery requests by no later than **March 14, 2014**, or 23 days from the date the PSC served the discovery.  Further, given the nature of the relief requested, the

---

have proposed to these defendants that its case-specific motions be held in abeyance until cases are selected for inclusion in the bellwether pool.  The PSC will address this issue in more detail at the status conference on March 14, 2014.

[9] By contrast, other Tennessee defendants, Saint Thomas Hospital West Hospital formerly known St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health Alliance, and Ascension Health have agreed to provide responses to a similar discovery request based upon a similar Motion to Dismiss by Monday, March 10, 2014.

[10] A copy of this correspondence is attached as Attachment 2.

PSC respectfully requests that this Court immediately consider this motion, otherwise any relief provided by the Court may be illusory.[11]

Dated:   March 6, 2014

        */s/  J. Gerard Stranch, IV*
        J. Gerard Stranch, IV
        Benjamin A. Gastel
        BRANSTETTER, STRANCH & JENNINGS, PLLC
        227 Second Avenue North, 4th Floor
        Nashville, TN  37201-1631
        Tel.: (615) 254-8801
        gerards@branstetterlaw.com

        *Plaintiffs' Steering Committee and Tennessee State Chair*

        Thomas M. Sobol
        Kristen Johnson Parker
        HAGENS BERMAN SOBOL SHAPIRO, LLP
        55 Cambridge Parkway, Suite 301
        Cambridge, MA 02142
        Telephone:  617/482-3700
        Facsimile:  617/482-3003
        tom@hbsslaw.com
        kristenjp@hbsslaw.com

        *Plaintiffs' Lead Counsel*

---

[11] Under Local Rule 7.1(b)(2) a party normally has 14 days to file a response to a motion.  Fourteen days from the date of this motion is March 20, 2014, or just one day before the Tennessee Clinic Defendants' responses are currently due.  As a result, if the Court does not consider this motion on an expedited basis, then the customary 30 days to respond to discovery will run, mooting the need for this motion.  In an attempt to expedite the Court's review, the PSC has requested that the Tennessee Clinic Defendants consent to filing a response before next week's status conference, but the Tennessee Clinic Defendants have not responded to this request.

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

5

## **CERTIFICATE OF GOOD FAITH**

I, J. Gerard Stranch, IV, hereby certify under Local Rule 7.1(2) that I have attempted in good faith to resolve or narrow the issues with opposing counsel but have been unable to do so.

Dated: March 6, 2014

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV

## CERTIFICATE OF SERVICE

I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: March 6, 2014

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV