UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG S. SIMAS, JOAN SIMAS,<br>                Plaintiffs<br><br>V.<br><br>OCEAN STATE PAIN<br>MANAGEMENT, INC., et al<br>                Defendant | )<br>)<br>)<br>)  MDL. NO. 2419<br>)  MASTER DOCKET NO. 1:13-md-02419-RWZ<br>)<br>)<br>)<br>) |

## ANSWER OF THE DEFENDANT, OCEAN STATE PAIN MANAGEMENT, INC., TO THE PLAINTIFFS' AMENDED SHORT FORM COMPLAINT

### FIRST DEFENSE

**FIRST COUNT**

    1.  The defendant denies all allegations of negligence that may apply to it in the Master Complaint.

    2.  The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Count of the plaintiffs' Amended Short Form Complaint.

    3.  No answer required.

    4.  The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Count of the plaintiffs' Amended Short Form Complaint.

    5.  The said defendant denies the allegations contained in Paragraph 5 of the First Count of the plaintiffs' Amended Short Form Complaint.

    6.  The said defendant admits that the plaintiff was treated at its facility on the dates reflected in his treatment records and that medications were administered to him.

    7.  No answer required.

    8.  The said defendant denies the allegations contained in Paragraph 8 of the First Count of the plaintiffs' Amended Short Form Complaint.

    9.  No answer required.  The documents speak for themselves.

    10.  The said defendant denies the allegations contained in Paragraph 10 of the First

Count of the plaintiffs' Amended Short Form Complaint.

11. The said defendant denies the allegations contained in Paragraph 11 of the First Count of the plaintiffs' Amended Short Form Complaint.

12. The said defendant denies the allegations contained in Paragraph 12 of the First Count of the plaintiffs' Amended Short Form Complaint.

WHEREFORE, the said defendant denies that the plaintiff is entitled to judgment.

**SECOND COMPLAINT**

13. The said defendant repeats and reaffirms its answers to all Paragraphs of the plaintiffs' Amended Short Form Complaint.

14. The said defendant admits that it purchased Methylprednisolone Acetate from NECC that it believed was manufactured in accordance industry standards and applicable state and federal regulations and laws.

15. Denied. The said defendant is a healthcare provider not a merchant or manufacturer that sells and distributes medications.

16. The said defendant denies the allegations contained in Paragraph 16 of the Second Count of the plaintiffs' Amended Short Form Complaint.

17. The said defendant denies the allegations contained in Paragraph 17 of the Second Count of the plaintiffs' Amended Short Form Complaint.

18. The said defendant denies the allegations contained in Paragraph 18 of the Second Count of the plaintiffs' Amended Short Form Complaint.

19. The said defendant denies the allegations contained in Paragraph 19 of the Second Count of the plaintiffs' Amended Short Form Complaint.

20. The said defendant denies the allegations contained in Paragraph 20 of the Second Count of the plaintiffs' Amended Short Form Complaint.

21. The said defendant denies the allegations contained in Paragraph 21 of the Second Count of the plaintiffs' Amended Short Form Complaint.

WHEREFORE, the said defendant denies that the plaintiff is entitled to judgment.

## SECOND DEFENSE

And further answering the defendant states that it did not manufacture, sell, market or distribute the product in question and that it has no liability because it is a separate entity not responsible for the acts of other defendants.

## THIRD DEFENSE

And further answering the defendant states that the complaint fails to sufficiently identify any product, medication, or compound manufactured by this defendant.

## FOURTH DEFENSE

And further answering the defendant states that the Uniform Commercial Code M.G.L.A. Chapter 106, Section 2-314 and/or Section 2-315 and R.I. Gen. Laws Section 6A-2-314 and 6A-2-315 do not apply to the provision of medical care and treatment and that the defendant cannot be found liable for any claimed violations of these statutes.

## FIFTH DEFENSE

And further answering the defendant states that, as a provider of medical treatment, rather than a manufacturer or seller of a product, it is not subject to strict liability for a defective product that it purchased from another entity and administered to one of its patients.

## SIXTH DEFENSE

And further answering the defendant states that it is not in the business of selling products, but rather is in the profession of providing medical services and that medications are administered to its patients only as needed to deliver professional medical care.  As such, the defendant is not subject to strict product liability, or liability for alleged violations of the Uniform Commercial Code of Massachusetts or Rhode Island.

## SEVENTH DEFENSE

And further answering the defendant states that, even if the Uniform Commercial Code of Massachusetts and Rhode Island applied to the provision of medical care and treatment, the plaintiffs' complaint contains insufficient facts to establish any of the violations of the Uniform Commercial Code.

## EIGHTH DEFENSE

And further answering the defendant states that the provision of medical care is not subject to the provisions of M.G.L.A. Chapter 93A, Sections 2, 9 and 11.

**THE DEFENDANT, OCEAN STATE PAIN MANAGEMENT, INC.,
CLAIMS TRIAL BY JURY.**

/s/ Matthew R. Connors_____
MATTHEW R. CONNORS
BBO # 636358
Capplis & Connors, P.C.
18 Tremont Street – Suite 220
Boston, MA  02118
(617) 227-0722
mconnors@capplisandconnors.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2014, I served the above Answer to Amended Short Form Complaint upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Matthew R. Connors_____
MATTHEW R. CONNORS
Attorney for Defendant,
Ocean State Pain Management, Inc.