UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING )<br>PHARMACY, INC. PRODUCTS LIABILITY )<br>LITIGATION )<br>_____ )<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>Suits Naming Saint Thomas Outpatient )<br>Neurosurgical Center, LLC )<br>_____ ) | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

**The Tennessee Clinic and Health Care Provider Defendants'
Response to the PSC's Motion for Entry of Deposition Protocol**

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC (collectively "the Tennessee Defendants") file this Response to the PSC's Motion for Entry of Deposition Protocol [Dkt. 876].

## INTRODUCTION

This MDL involves dozens of Defendants, hundreds of Plaintiffs, numerous theories of liability against the Clinic Defendants (including the Tennessee Defendants), and NECC's bankruptcy proceeding. The issues thus far have been numerous and far from simple. Meaningful and significant forethought and planning are vital to avoid an inefficient trudge through discovery. This includes planning for the depositions of numerous witnesses.

On February 6, 2014, the PSC filed its Motion for Entry of Deposition and ESI Protocols, prior to any meaningful exchange of ideas between the parties regarding the content of the protocols.[1] The PSC's initial proposal reflected almost no input from any other party.[2]

Since February 6, the parties participated in a number of calls to discuss the protocols. Several drafts have been exchanged.[3] The Court has graciously extended the time to file this response so that it will address only the narrow set of issues the parties cannot agree upon.[4]

As of the time of filing this response, the parties have agreed on most of the material aspects of the deposition protocol, but some disputes remain, as discussed below.

The Tennessee Defendants respectfully request that the Court enter their proposed deposition protocol,[5] as it represents a balanced and well-reasoned plan for the efficient and orderly progression of depositions in this MDL.

## LAW AND ARGUMENT

### I. The Court should enter the proposed deposition protocol of the Tennessee Defendants.

*Depositions are often overused and conducted inefficiently, and thus tend to be the most costly and time-consuming activity in complex litigation. The judge should manage the litigation so as to avoid unnecessary depositions, limit the number and length of those that are taken, and ensure that the process of taking depositions is as fair and efficient as possible.*

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 11.45.[6]

---

[1] [Dkt. 876].
[2] The PSC stated its intention to file a draft of its most recent deposition protocol, but that has not yet occurred. Attached as Exhibit B is a redline of the most recent draft submitted to the Tennessee Defendants as of Thursday, March 6, 2014, with the Tennessee Defendants' proposed changes.
[3] Of note, the parties have agreed on the ESI protocol and will file the joint protocol with the Court.
[4] [Dkt. 963].
[5] Exhibit A.

In a case likely to involve scores of depositions, including (1) employees of a dozen or more defendants, (2) employees of a half-dozen settling parties, (3) former employees of the bankrupt entity, (4) government inspectors, (5) various third-parties, and, (6) ultimately, hundreds of plaintiffs, a well-thought-out deposition protocol that ensures depositions occur in an efficient and coordinated manner is absolutely crucial.

The Tennessee Defendants respectfully submit that the deposition protocol attached as Exhibit A will do just that.

The vast majority of the substantive provisions the Tennessee Defendants propose adding to the PSC's most recent proposal are derived directly from either (1) the Federal Rules of Civil Procedure or (2) the exemplar deposition protocol set forth in the Manual for Complex Litigation (Fourth) § 40.29.[7][8] The PSC's empty objection to most of these provisions is that "they are unnecessary." If the provisions were truly unnecessary, they would not be set forth in the Federal Rules or the Manual for Complex Litigation. Absent any compelling reason to the contrary, they should be included in the deposition protocol here.

---

[6] Relevant portions attached as Exhibit C.
[7] Included with Exhibit C.
[8] The Tennessee Defendants propose some additional minor changes not specifically discussed herein. All changes are identified in the redline protocol of the PSC's most recent draft submitted to the Tennessee Defendants as of Thursday, March 6, 2014, attached as Exhibit B. The most substantive changes are addressed herein.

> **II.  The Tennessee Defendants' proposed changes are derived from trusted sources and further the goal of the deposition protocol – to ensure efficient conduct of depositions.**

The Tennessee Defendants' proposed changes to the deposition protocol derive primarily from two sources: (1) the Federal Rules of Civil Procedure and (2) the Manual of Complex Litigation. They are explicitly designed to improve the efficiency of the deposition process in this MDL.

> **A. Provisions taken directly from the Federal Rules of Civil Procedure.**

The Defendants propose the following additions to the deposition protocol, derived from the Federal Rules of Civil Procedure:

> a)  *Absent permission from the Court or agreement of the parties, depositions shall be limited to one (1) day of seven (7) hours.*[9] [10]

<u>Reason for addition:</u>

It is important to include this basic protection in the overall protocol governing depositions in this MDL. This provision is taken directly from the federal rules. It should not be controversial.

> b)  *The involved parties and counsel will make every effort to depose persons once. A second deposition either before or after the selection of bellwether discovery cases will require the agreement of the parties or, in the absence of an agreement, leave of the Court for good cause shown. Production of additional documents alone shall not constitute good cause if the deposing party chooses to proceed with the deposition with knowledge or reason to know the documents have not yet been produced at the time of the deposition.*[11] [12]

---

[9] Fed. R. Civ. P. 30(d)(1).
[10] Ex. A at 7.
[11] Fed. R. Civ. P. 30(a)(2)(A)(ii).
[12] Ex. A at 10.

Reason for addition:

This provision builds on the similar provision in the federal rules. It provides a basic protection against multiple depositions of the same witness without a sufficient showing by the party requesting the second deposition.

At the same time, it builds in a safety net for situations when a second deposition may be necessary if documents unknown at the time of the first deposition surface or other good cause exists. The provision is fair and furthers the purpose recognized in the Manual of Complex Litigation: "to avoid unnecessary depositions, limit the number and length of those that are taken, and ensure that the process of taking depositions is as fair and efficient as possible."[13]

> c) *The PSC and each Defendant shall meet and confer to discuss a limit to the number of "common" depositions from that Defendant's employees, agents, former employees, and/or former agents. If the parties cannot agree on a limit, the Defendant may move for a protective order. After the "common" deposition phase, parties shall be limited to ten depositions per party during discovery in the individual cases in the bellwether discovery pool.*[14] [15]

Reason for addition:

This, again, builds on the federal rules, but also recognizes that additional depositions may be necessary as the MDL progresses. It sets a reasonable limit on the number of depositions in individual case discovery, which would obviously come after the vast majority of the most important witnesses would already have been deposed. The provision builds in a meet and confer process and only involves the Court if that fails. The provision is eminently reasonable.

* * * * * * *

---

[13] *See* Exhibit C.
[14] Fed. R. Civ. P. 30(a)(2)(A)(i).
[15] Ex. A at 7.

The above proposed changes track the corresponding federal rule or build upon the federal rules. They further the goal of the deposition protocol – to efficiently govern the deposition process and eliminate unnecessary cost and burden.

Frankly, the PSC has not and cannot give a compelling reason for omitting them from the deposition protocol.

**B.  Provisions intended to improve the efficiency of the deposition process.**

The remainder of the Defendants' proposed changes are derived from the exemplar deposition protocol in the Manual for Complex Litigation[16] and will improve the efficiency of the deposition process.

These include:

a)  *The parties shall attempt to establish by mutual agreement a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any party to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Court.*[17] [18]

<u>Reason for change</u>:

This provision requires the parties to plan at the outset how and when specific depositions should take place, rather than allowing the parties to notice depositions in an *ad hoc* manner that would likely result in delays or attempts to retake depositions after additional discovery is completed. It is non-controversial yet states, in simple terms, the functional goals of the deposition process in the MDL. It should be included.

---

[16] Included with Exhibit C.
[17] Ex. A at 8.
[18] Ex. C § 40.29, ¶ 3.

6

    b)    *For Common Depositions, counsel intending to take the deposition of a party in the MDL, including employees, agents, former employees, and former agents, shall request the deposition at least forty-five (45) days in advance of the anticipated deposition date, absent agreement by the parties otherwise, time constraints due to orders of the Court, or by leave of the Court. For depositions of nonparties, counsel issuing the deposition subpoena shall notify the other parties of the deposition at least thirty (30) days in advance of the anticipated deposition date, absent agreement by the parties otherwise, time constraints due to orders of the Court, or by leave of the Court.*[19][20]

Reason for change:

This provision eliminates "springing" a deposition on all parties. Allowing parties and lawyers ample time to prepare for a deposition will lead to a more thorough and prepared examination, thereby working to eliminate the need for a second deposition of the same witness. The timeframe is reasonable. The provision, again, furthers the goal of the deposition protocol – to add to the efficiency of the process and eliminate unnecessary cost, time, and burden. It likewise accommodates for the fact that coordinating schedules for so many different attorneys will require more time than a deposition in a typical case.

    c)    *The parties shall meet and confer regarding objections to the list of designated topics for a Fed. R. Civ. P. 30(b)(6) deponent, and if they cannot agree, they will submit the dispute to the Court for a decision prior to the deposition.*[21]

Reason for change:

This provision provides a mechanism for resolving disputes regarding the scope of Fed. R. Civ. P. 30(b)(6) depositions that should help avoid delay of 30(b)(6) depositions.

---

[19] Ex. A at 8.
[20] Ex. C § 40.29, ¶ 3.
[21] Ex. A at 4.

Additionally, it will help avoid disputes arising during the deposition that may lead to suspension of the deposition or submission of disputes to the Court during the deposition, a prime example of the inefficiency planning before the deposition can help avoid.

    d)   *The deposition notice shall contain, if known, a current general occupational description of the deponent and, if different, a general occupational description for the time relevant to this MDL (i.e., former NECC pharmacist responsible for compounding medication).*[22]

Reason for change:

This provision is not burdensome on the noticing party yet will allow parties to quickly determine from the notice of deposition whether they need to attend, which obviously serves to potentially avoid unnecessary client cost and attorney time.

    e)   *The MDL Plaintiffs shall designate a Lead Deposition Counsel to serve as Lead Deposition Counsel for the MDL Plaintiffs for all depositions. For each deposition or set of related depositions, to the extent possible, the Defendants will designate Lead Deposition Counsel to assist in coordinating the deposition(s). Lead Deposition Counsel for the MDL Plaintiffs, Lead Deposition Counsel for the Defendants, and counsel for the deponent, or their respective designees, shall coordinate, to the extent possible, all depositions.*[23]

Reason for change:

The PSC generally assents to the inclusion of this provision. However, the PSC's version of this proposed provision fails to address important, and foreseeable, circumstances.

---

[22] Ex. A at 2-3.
[23] Ex. A at 2.

It makes little sense to appoint a single Lead Deposition Counsel for defendants for *all* depositions given the near certainty that many depositions will have no impact on a particular defendant. This is not a typical MDL with one corporate defendant. Here, there are numerous defendants, sometimes with consistent interests, sometimes with divergent interests. It makes no sense to require a single defendant to bear the cost of coordinating scores of depositions, many of which will be immaterial to that defendant.[24]

The Tennessee Defendants' proposed language allows the defendants to appoint Lead Deposition Counsel for a single deposition or related set of depositions (*i.e.*, depositions of a given defendant's employees).

> f) *The Plaintiffs shall designate a total of two attorneys to question each deponent on behalf of the Plaintiffs.[25] Lead Deposition Counsel for the Defendants shall endeavor to designate two attorneys to represent the Unaffiliated Defendants during each deposition and participate in the deposition on behalf of all Unaffiliated Defendants. However, given the disparate interests of all Unaffiliated Defendants, this may not be possible.*[26]

Reason for change:

Again, the PSC included a similar provision, but the PSC's proposed language fails to account for the disparate interests between defendants with regard to some issues.

---

[24] For instance, it makes little sense to have counsel for a Tennessee defendant acting as lead deposition counsel coordinating a deposition of a Michigan pain clinic employee or even a UniFirst corporate representative.

[25] The Defendants' proposal also includes a process for allowing additional questioning attorneys for the Plaintiffs with permission from the Court absent agreement of the parties.

[26] Ex. B at 5-6.

There may be a dozen different Defendants attending a deposition, all interested in the deposition, but with overlapping or, even, adverse interests. To eliminate the parties' ability to question a witness arbitrarily where the party may have an interest different from or adverse to another questioning attorney is unfair. This section simply provides that it may be impossible to designate two attorneys to act on behalf of all Defendants in a deposition.

* * * * * * *

The PSC's blanket objections to these changes is that they are either unnecessary or they alter the taking of depositions under the Federal Rules of Civil Procedure. However, in many instances, the federal rules are not designed for complex MDLs. The Manual for Complex Litigation highlights the need (and the Court's authority) to issue orders to fill in the gaps.[27] The above-proposed provisions merely supplement the rules to accommodate for the increased difficulties presented in managing and coordinating the depositions of the Affiliated Defendants, the National Defendants, dozens of clinic-defendants, hundreds of plaintiffs, and an unknown number of non-party deponents.

---

[27] MANUAL FOR COMPLEX LITIGATION (Fourth) § 11.451 ("[S]ome judges issue guidelines covering the following matters: who may attend depositions, where the depositions are to be taken, who may question the witness, how the parties are to allocate the costs, and how the attorneys are to conduct themselves.").

There is nothing inherently inequitable about these proposed changes. The changes in no way affect the PSC's (or any other party's) ability to take depositions. They also do not limit the ability of a party to, in a particular circumstance, seek relief if relief is necessary from the general provision in the protocol. The above changes and additions to the protocol merely put procedures in place for the taking of depositions in a coordinated and orderly fashion. Putting the procedures in place on the front end saves the Court from entertaining serial motions for protective orders on the same issues every time a party notices a deposition.

The Tennessee Defendants respectfully submit that these proposed additions to the deposition protocol will help streamline the process, avoid unnecessary burden and expense, and serve judicial economy.

## CONCLUSION

For the foregoing reasons, the Tennessee Defendants respectfully request that this Court enter the proposed deposition protocol attached as Exhibit A.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.**[28]
**Chris J. Tardio**[28]
**Alan S. Bean**[29]
**Matthew H. Cline**[28]
**John-Mark Zini**[28]
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 7th day of March, 2014.

/s/ Chris J. Tardio
**Chris J. Tardio**

---

[28] Admitted pursuant to MDL Order No. 1.
[29] Admitted *pro hac vice*.