den or expense on the person subpoenaed.[174] Objections to production must be made in writing by the subpoenaed person; the requesting party must then move for an order to compel production.[175] If granted, the order must protect the nonparty from significant expense resulting from the inspection or copying[176]—the order may also protect against disclosure of privileged, confidential, or otherwise protected material and undue burden.[177]

## 11.45 Depositions

.451 Limitations and Controls  83
.452 Cost-Saving Measures  85
.453 Deferred Supplemental Depositions  87
.454 Scheduling  88
.455 Coordination with Related Litigation  89
.456 Control of Abusive Conduct  89

Depositions are often overused and conducted inefficiently, and thus tend to be the most costly and time-consuming activity in complex litigation. The judge should manage the litigation so as to avoid unnecessary depositions, limit the number and length of those that are taken, and ensure that the process of taking depositions is as fair and efficient as possible.

### 11.451 Limitations and Controls

The court has broad authority to limit depositions. Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A) impose a presumptive limit of ten depositions each for plaintiffs, defendants, and third-party defendants (local rules may also restrict the number of depositions). Rule 30(d)(2) presumptively limits a deposition to one 7-hour day. While the parties may stipulate around the presumptive limit (unless prohibited to do so by the court), the court always has final authority under Rule 26(b)(2) to limit the number and length of depositions. Limits on depositions may also be imposed indirectly by the setting of the trial date or a discovery cutoff date. In large-stake cases, such limits can be evaded by multitrack discovery (concurrent depositions) in the absence of a further order by the court. Despite their cost and the potential for unfairness, such multitrack depositions may be a practical necessity to expedite cases in which time is of the essence. See section 11.454.

---

174. Fed. R. Civ. P. 45(c)(1).
175. Fed. R. Civ. P. 45(c)(2)(B).
176. *Id.*
177. Fed. R. Civ. P. 45(c)(3).

In exercising its authority to limit depositions, the court should use the information provided by the parties about the need for the proposed depositions, the subject matter to be covered, and the available alternatives. The extent to which the judge considers each particular deposition, categories of depositions, or only the deposition program as a whole will depend on the circumstances of the litigation. The judge may, for example, condition the taking of certain depositions, such as those of putative class members, on prior court approval. The judge's involvement in the development of this phase of the discovery plan should be sufficient to establish meaningful control over the time and resources to be expended. Aside from setting appropriate limits, the judge should also be concerned with the time and place of the depositions, including proposed travel and the recording methods.[178]

To ensure that abusive practices do not frustrate the limits placed on depositions in the discovery plan, the judge should insist on observance of rules for the fair and efficient conduct of depositions. Rule 30(d)(1) requires that objections be stated "concisely and in a non-argumentative and non-suggestive manner"; local rules or standing orders may also establish guidelines for objections.[179] Under Rule 30(d)(1), counsel may instruct a deponent to not answer only for the purpose of enforcing a court-imposed limitation on evidence, or if preparing a motion under Rule 30(d)(3) to limit or terminate the examination for bad faith or harassment or to preserve a privilege (to the extent possible, disputed claims of privilege should be resolved in advance of the deposition). More stringent limitations may be imposed by local rule or by court order when necessary.[180] In addition, some judges issue guidelines covering the following matters:

- who may attend depositions;
- where the depositions are to be taken;
- who may question the witness;

---

178. Authority for judicial management of deposition discovery can be found in the federal rules. *E.g.*, Fed. R. Civ. P. 30(d) committee note (2000 amendment); Fed. R. Civ. P. 30(b), 30(d) committee notes (1993 amendment). For an example of comprehensive guidelines for deposition discovery not having the force of local rules or orders, but strongly encouraged by the court, see Civil Practice Fed. Court Comm., *Introduction to Civil Discovery Practice in the Southern District of Alabama* 11–16 (S.D. Ala. 1998), at http://www.als.uscourts.gov/district-court/forms/discprat.pdf (last visited Jan. 7, 2004).

179. *See, e.g.,* D.S.C. Civ. R. 30.04; N.D. Ohio Civ. R. 30.1. For a discussion of attorney conduct in depositions and citations to a number of cases construing local rules and standing orders, see *Hall v. Clifton Precision*, 150 F.R.D. 525, 527 (E.D. Pa. 1993). *But see In re* Stratosphere Corp. Sec. Litig., 182 F.R.D. 614, 621 (D. Nev. 1998) (noting that deposition conduct orders should be narrowly drawn to avoid interfering with the deponent's right to counsel).

180. *See* Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993).

- how the parties are to allocate the costs; and
- how the attorneys are to conduct themselves.[181]

Rule 30(d)(3) expressly authorizes sanctions for "impediment, delay or other conduct that has frustrated the fair examination of the deponent."

Inefficient management of documents at a deposition can interfere with the deposition's proper conduct. The discovery plan should establish procedures for marking deposition exhibits, handling copies and originals, and exchanging in advance all papers about which the examining party intends to question the witness (except those to be used for genuine impeachment).[182]

### 11.452 Cost-Saving Measures

In addition to the general discovery practices discussed in section 11.42, there are numerous techniques used to streamline deposition discovery:

- *Informal interviews.* Informal interviews of potential witnesses may be arranged with the agreement of counsel. However, an attorney may not communicate with a represented party without the consent of that party's counsel. If the represented party is an organization, the prohibition extends to persons with managerial responsibility and any other person whose act or omission may be imputed to the organization or whose statement may constitute an admission on the part of the organization.[183] The prohibition does not extend to former corporate employees.[184] Informal interviews may be useful for persons who have only limited knowledge or involvement and who are unlikely to be called as witnesses at trial. The witness may be sworn and the interview recorded electronically for possible use later in the case; by agreement or court order, the interview may also be converted into a nonstenographic deposition.

- *Nonstenographic depositions.* The party taking a deposition may record it on audio or videotape instead of stenographically without having it transcribed. With prior notice to the deponent and other parties, any other party may make its own recording of the deposition.[185] Videotaped depositions offer a number of advantages: They help deter mis-

---

181. *See* sample order *infra* section 40.22.
182. *See, e.g., In re* San Juan Dupont Plaza Hotel Fire Litig., MDL No. 721, 1989 WL 168401, at *43–44 (D.P.R. Dec. 2, 1988) (five days' advance notice).
183. Model Rules of Prof'l Conduct R. 4.2 & cmt. (2002).
184. ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 91-359 (1991). The law of the circuit should be consulted for recent developments in this area of the law.
185. Fed. R. Civ. P. 30(b)(3).

*§ 11.452*                                        *Manual for Complex Litigation, Fourth*

conduct by counsel at the deposition; they can preserve the testimony of witnesses who may be unavailable to testify at trial (such as experts with scheduling conflicts or persons suffering from an infirmity) and in dispersed litigation can avoid multiple live appearances by the same witness; they tend to hold a jury's attention better than reading a deposition transcript; they help the jury assess the witness's demeanor and credibility; and they are more effective in helping clients considering settlement to evaluate the quality of the opposition's case. Moreover, if the video recording is digital, it can be edited easily and exactly to eliminate objectionable and irrelevant material.

Measures to safeguard the accuracy of the recording may be necessary, such as having (1) the videotape operator, after being sworn, certify the correctness and completeness of the recording; (2) the deponent sworn on tape; (3) the recording device run continuously throughout the deposition; and (4) counsel agree to (or having the court order) standard technical procedures to avoid distortion. These procedures might cover such matters as the use of a zoom lens, lighting, background, and camera angle.[186] Both sides may record a deposition, each bearing its own expense.

- *Telephonic and videoconference depositions.* Telephonic or videoconferenced depositions can reduce travel costs. Federal Rule of Civil Procedure 30(b)(7) allows the court to order or the parties to stipulate to taking a deposition "by telephone or other remote electronic means." Supplemental examination by parties not present when a person was first deposed may be conducted effectively by telephone or videoconference. Through use of speaker phones, conference calls, or videoconference, distant witnesses may be examined by counsel from counsel's offices, with the court reporter located with the witness or, by stipulation, at one of the attorneys' offices (see section 11.494, extraterritorial discovery). A remote deposition may also be recorded nonstenographically. Remote depositions are most often used for relatively brief examinations that do not involve numerous documents, but may also be used to reduce travel costs or to avoid last-minute continuances or trial interruptions when deposition testimony becomes unexpectedly necessary. To ensure that deponents are not

---

186. *See* Michael J. Henke, *The Taking and Use of Videotaped Depositions*, 16 Am. J. Trial Advoc., 151, 158 (1992). Rule 30(b)(4) requires that "[t]he appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques."

coached, ground rules should specify who may be present with the deponent during the examination.
- *Conference depositions.* In special situations, such as a Rule 30(b)(6) deposition of an organization, several persons may be deposed simultaneously (in person, by telephone, or by videoconference) in a conference setting.[187]
- *Representative depositions.* Where there are many potential nonparty witnesses, typically in the case of eyewitnesses, counsel may agree on a few representative depositions and stipulate that the testimony of other named witnesses would be the same.
- *Written questions.* In some circumstances, the rarely used procedures of Federal Rule of Civil Procedure 31 for depositions on written questions may be a cost-effective means of obtaining trial evidence. For example, Rule 31 deposition questions—unlike interrogatories—may be directed to nonparties and the answers used at trial to provide evidentiary foundation for documents. Rule 31 questions may also be useful in follow-up examinations by absent or later-added parties of persons whose depositions have been taken earlier.
- *Reduction in copies.* Costs can be controlled by (1) limiting the number of copies of deposition transcripts ordered, particularly if a document depository is established; (2) waiving filing of the original with the court; and (3) not having transcripts prepared of depositions that turn out to be of no value.
- *Limited attendance.* Limits may be set on the number of attorneys for each party or each side who may attend depositions, particularly in cases in which fees may be awarded or approved by the court.

11.453 Deferred Supplemental Depositions

In multiparty cases, the court should consider issuing an order relieving parties of the risks in not attending a deposition in which they have only a peripheral interest.[188] Such an order may direct that a copy of the deposition transcript be made available promptly to nonattending parties, who within a specified period thereafter may conduct supplemental examination of the deponent, either by appearing in person at a designated time and place for resumption of the deposition or by presenting questions in written form under Rule 31 or in a telephonic deposition under Rule 30(b)(7). A stipulation or

---

187. *See supra* section 11.423.
188. *See infra* section 40.29.

court order will be required to depose a person who already has been deposed in the case.[189] The order should specify whether the absent party has the right to require resumption of the adjourned deposition or—as is usually preferable—whether it must show cause why resumption is necessary. The order should also state whether the initial examination is admissible at trial if the deponent later becomes unavailable for supplemental examination.

These procedures can relieve parties, particularly those with limited financial resources, from the expense of attending depositions in which their interest is minimal or will likely be adequately protected by others in attendance. Such procedures should not be used as a tactical device to harass witnesses or to inconvenience other parties. Counsel for litigants with a substantial interest in a deposition should attend or be represented by other counsel.

The judge should provide for the use of depositions against persons who may become parties to the litigation by later amendment of the pleadings or the filing, removal, or transfer of related cases. The pretrial order may state that all previously taken depositions will be deemed binding on new parties unless, within a specified period after their appearance in the litigation, the new parties show cause to the contrary. Even in the absence of such an order, it is best for the court to limit the resumption of earlier depositions to questioning relevant to the new parties. Like other parties who have not attended a deposition, the new parties should have a specified period of time to conduct supplemental examination of the deponents, although the court may require a showing of some need for additional questioning. Permitting repetition of earlier examinations is rarely advisable.

## 11.454 Scheduling

Scheduling depositions involves sequencing them in relation to other discovery, fixing the order in which witnesses are to be deposed, and setting times and places that are feasible for all of the attorneys and witnesses. Absent stipulation or court order, depositions may not be taken before the Rule 26(f) discovery conference unless the notice is accompanied by "a certification, with supporting facts, that the person to be examined is expected to leave the country and be unavailable for examination in this country unless deposed before that time."[190]

Ordinarily, discovery by all parties proceeds concurrently. The rules do not give priority to any party or side. One purpose of a discovery plan is to establish an orderly procedure and to avoid indiscriminate noticing of depositions,

---

189. Fed. R. Civ. P. 30(a)(2)(B).
190. Fed. R. Civ. P. 30(a)(2)(C), 26(d).

which may result in inconvenience, harassment, and inefficiency. Depositions should be scheduled to accomplish the objectives of the discovery plan while minimizing travel and other expense, and reasonably accommodating parties, counsel, and witnesses. A plan might set specific dates for specific witnesses or set aside specified time periods during which designated parties are given either exclusive or preferential rights to schedule depositions, subject to exceptions for emergencies.

When depositions cannot be scheduled at times or places convenient to all counsel, attorneys should try to arrange for participation by others from their offices or counsel representing litigants with similar interests. Moreover, to meet discovery deadlines it may be necessary to conduct depositions on a multitrack basis, with depositions of several different witnesses being taken at the same time in one or more locations. Parties should be expected to work out these arrangements with little involvement by the court.

### 11.455 Coordination with Related Litigation

In related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication. If the cases are pending before different judges, the judges should attempt to coordinate the depositions of common witnesses and other common discovery. Examination regarding subjects of interest only to a particular case may be deferred until the conclusion of direct and cross-examination on matters of common interest. Parties in related cases may also stipulate to the use of depositions taken in one particular case.

It may also be economical for the judges to afford parties in the present litigation access to depositions previously taken in other litigation (see section 11.423)—the judges can deem depositions of opposing parties and their employees admissible against parties involved in related litigation under Federal Rule of Evidence 801(d)(2). Depositions of other witnesses may be usable for impeachment under Federal Rule of Evidence 801(d)(1)(A). In other situations, such as those involving nonparties or a party's own witnesses, a new deposition may be necessary, but (with advance notice) the answers given at the earlier deposition may be adopted as the current testimony of the witness, subject to supplementation; telephonic nonstenographic depositions may be used for this purpose at little cost to either side.

See section 20 on coordination with related litigation.

### 11.456 Control of Abusive Conduct

To prevent frustration of the discovery plan, counsel must observe the rules for the fair and efficient conduct of depositions. See section 11.451. Those rules include Federal Rules of Civil Procedure 30(d)(1) and (4), local rules, and

the judge's standing orders. The court can inform counsel at the outset of the litigation, preferably by written guidelines, of the court's expectations with respect to the conduct of depositions, thereby reducing the likelihood of problematic conduct such as speaking and argumentative objections, instructions not to answer, coaching of witnesses (including restrictions during recesses in the deposition),[191] and evasive or obstructive conduct by witnesses (see sections 11.451, 40.29). A speedy and efficient procedure to resolve discovery disputes also helps (see section 11.424).

Where abuses are rampant, the court might require that depositions be videotaped for judicial review or require counsel expeditiously to deliver a copy of the transcript of each deposition for judicial review. Alternatively, the court could direct that one or more depositions be supervised in person by a judicial officer or special master. The judge or special master may need to be present only briefly, setting the tone and making a few early rulings, and then remain on call. Even where a special master exercises continuous oversight, avoiding disputes and satellite litigation may justify the cost. Some judges have required that depositions be taken in court to allow periodic monitoring.

In rare cases, sanctions may be needed. Although sanctions may have a prophylactic effect for later depositions, they will do little to cure the damage that has already occurred and may further poison relations between counsel and should therefore be a last resort. See section 10.15.

## 11.46  Interrogatories

.461 Purposes  90
.462 Limitations  91
.463 Responses  92
.464 Other Practices to Save Time and Expense  92

Because interrogatories are often poorly drafted, misused, or employed to burden and harass an opponent, courts generally restrict the number permitted, forcing counsel to make the best use of the limited number of interrogatories through skillful and thoughtful drafting designed to accomplish a legitimate purpose.

### 11.461  Purposes

Primarily, interrogatories help determine the existence, identity, and location of witnesses, documents, and other tangible evidence as a prerequisite to planning further discovery. Much of this information is subject to prediscovery

---

191.  *See* Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993).

## 40.29 Deposition Guidelines

It is ORDERED[1] that depositions be conducted in accordance with the following rules:

1. *Cooperation.* Counsel are expected to cooperate with, and be courteous to, each other and deponents.

2. *Stipulations.* Unless contrary to an order of the court, the parties (and when appropriate, a nonparty witness) may stipulate in any suitable writing to alter, amend, or modify any practice relating to noticing, conducting, or filing a deposition. Stipulations for the extension of discovery cutoffs set by the court are not valid, however, until approved by the court.

3. *Scheduling.* All depositions in this litigation may be cross-noticed in any related action pending in state court. Liaison counsel representing the side initiating a deposition shall provide to all known state liaison counsel at least ___ days notice of all depositions filed by plaintiffs and defendants, respectively. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented-proposed deponents in an effort to schedule depositions at mutually convenient times and places. [That some counsel may be unavailable shall not, however, in view of the number of attorneys involved in this litigation, be grounds for deferring or postponing a deposition if another attorney from the same firm or who represents a party with similar interests is able to attend.]

   Scheduling should take into account (a) the availability of documents from among those produced by the parties and third parties, (b) the objective of avoiding the need to subject any person to repeated depositions, and (c) the need to preserve relevant testimony. As a general rule, no witness should be deposed on the same subject more than once in this litigation. A party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception and a listing of the subjects for which it seeks to depose the witness. Second depositions on new subject matter shall be permitted only upon consent of the parties or an order of this Court issued for good cause shown.

4. *Location.* The location of depositions should be as consistent as possible within each city so that any videotape, videoconferencing, or other equipment can be left in place.

5. *Attendance*

   (a) *Who May Be Present.* Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, counsel for the deponent, and potential witnesses. While a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

*Sample Orders* § 40.29

    (b) *Unnecessary Attendance.* Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend and to conduct, pursuant to paragraph 13 of this order, supplemental interrogation of the deponent should a review of the deposition reveal the need for such examination.

    (c) *Notice of Intent to Attend a Deposition.* To allow counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in the above-captioned litigation should advise counsel for the noticing party at least three days prior to the deposition, if feasible.

6. *Conduct*

    (a) *Examination.* Each side should ordinarily designate one attorney to conduct the principal examination of the deponent, and examination by other attorneys should be limited to matters not previously covered. Counsel should cooperate so examinations by multiple attorneys do not exceed the allotted time.

    (b) *Transmittal of Copies.* The attorney who conducts the principal examination for the noticing party is responsible for assuring that a copy of the deposition transcript, diskettes, and any videotapes are provided to the document depository and to liaison counsel.

    (c) *Objections and Directions Not to Answer.* Counsel shall comply with Fed. R. Civ. P. 30(d)(1). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

    Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. All objections, except those relating to form and foundation, are preserved.

    (d) *Private Consultation.* Private conferences between deponents and their attorneys in the course of interrogation are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the court for good cause shown, such conferences may be held during normal recesses and adjournments.

    (e) *Continuation of Deposition.* If a deposition is not finished on Friday of a deposition week, it will continue on the following Monday, subject to the availability of the witness. If the witness is unavailable, it will resume on a newly noticed date.

7. *Documents*

    (a) *Production of Documents.* Witnesses subpoenaed to produce documents should ordinarily be served at least 30 days before the scheduled deposition.

757

      Arrangements should be made to permit inspection of the documents before the interrogation commences.

(b) *Confidentiality Order.* A copy of the confidentiality order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information. [Counsel shall comply with the provisions of the confidentiality order when examining a deponent about confidential information.]

(c) *Copies.* Extra copies of documents about which counsel expect to examine the deponent should ordinarily be provided to opposing counsel and the deponent. Deponents should be shown a document before being examined about it except when counsel seek to impeach or test the deponent's recollection.

(d) *Marking of Deposition Exhibits.* Documents shall be referred to by the unique alpha-numeric identifier assigned by the document depository.

8. *Depositions of Witnesses Who Have No Knowledge of the Facts.* An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party, a reasonable time before the date noticed, an affidavit so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order.

9. *Recording Depositions by Nonstenographic Means*

   (a) *Tape-Recorded Depositions.* By so indicating in its notice of a deposition, a party may record the deposition by tape recording in lieu of stenographic recording pursuant to Fed. R. Civ. P. 30(b)(2) and (3). Other parties may at their own expense arrange for stenographic recording of the deposition, may obtain a copy of the tape and transcript upon payment of a pro rata share of the noticing party's actual costs, and may prepare and file their own version of the transcript of the tape recording.

   (b) *Videotaped Depositions.* By so indicating in its notice of a deposition, a party may record the deposition by videotape pursuant to Fed. R. Civ. P. 30(b)(2) and (3).

   (1) *Rules for Videotaped Reporting*

   (i) *Video Operator.* The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

   (ii) *Attendance.* Each witness, attorney, and other person attending the deposition shall be identified on camera at the commencement of the deposition. Thereafter, only the deponent (and demonstrative materials used during the deposition) will be videotaped.

*Sample Orders* § 40.29

    (iii) *Standards.* The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. Eating and smoking by deponents or counsel during the deposition will not be permitted.

    (iv) *Interruptions.* [The videotape shall run continuously throughout the active conduct of the deposition.] [Videotape recording will be suspended during all "off the record" discussions.][2]

    (v) *Index.* The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, objections are made and examination resumes at which exhibits are identified, and any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussions, mechanical failure, or otherwise.

    (vi) *Filing.* [The operator shall preserve custody of the original videotape in its original condition until further order of the court.] [Subject to the provisions of paragraph 10 of this order, the original of the tape recording, together with the operator's log index and a certificate of the operator attesting to the accuracy of the tape, shall be filed with the clerk.] No part of a videotaped deposition shall be released or made available to any member of the public unless authorized by the court.

    (vii) *Objections.* Requests for pretrial rulings on the admissibility of evidence obtained during a videotaped deposition shall be accompanied by appropriate pages of the written transcript. If needed for an informed ruling, a copy of the videotape and equipment for viewing the tape shall also be provided to the court.

    (viii) *Use at Trial; Purged Tapes.* A party desiring to offer a videotape deposition at trial shall be responsible for having available appropriate playback equipment and a trained operator. After the designation by all parties of the portions of a videotape to be used at trial, an edited copy of the tape, purged of unnecessary portions (and any portions to which objections have been sustained), [may] [shall] be pre-

759

    pared by the offering party to facilitate continuous playback; but a copy of the edited tape shall be made available to other parties at least ____ days before it is used, and the unedited original of the tape shall also be available at the trial.

10. *Telephonic Depositions.* By indicating in its notice of a deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(7). Unless an objection is filed and served within ____ days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not, by word, sign, or otherwise, coach or suggest answers to the deponent.

11. *Waiver of Transcription and Filing.* The parties and deponents are authorized and encouraged to waive transcription and filing of depositions that prove to be of little or no usefulness in the litigation or to agree to defer transcription and filing until the need for using the deposition arises.

12. *Use.* Depositions conducted in this litigation may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)–(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this court as part of this litigation):

    (a) who was present or represented at the deposition;

    (b) who had reasonable notice thereof; or

    (c) who, within 30 days after the filing of the deposition (or, if later, within 60 days after becoming a party in this court in any action that is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

13. *Supplemental Depositions.* Each party not present or represented at a deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this court) may, within 30 days after the filing of the deposition (or, if later, within 60 days after becoming a party in this court in any action that is a part of this litigation), request permission to conduct a supplemental deposition of the deponent, including the right to take such deposition telephonically and by nonstenographic means. If permitted, the deposition shall be treated as the resumption of the deposition originally noticed; and each deponent shall, at the conclusion of the initial deposition, be advised of the opportunity of nonattending parties to request a resumption of such deposition, subject to the right of the deponent to seek a protective order. Such examination shall not be repetitive of the prior interrogation.

14. *Disputes During Depositions*

    (a) Disputes between the parties that arise during a deposition should be addressed to this [MDL] court rather than the district court in which the depo-

Sample Orders $40.29

      sition is being conducted. The undersigned will exercise by telephone the authority granted under 28 U.S.C. § 1407(b) to act as district judge in the district in which the deposition is taken.[2]

(b) *Immediate Presentation.* Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, should be presented by telephone to the court. If the judge is not available during the period while the deposition is being conducted, the dispute may be submitted to Magistrate Judge _____ by telephone or as the judge may direct.[3] The presentation of the issue and the court's ruling will be recorded as part of the deposition.[4]

Dated: _____

                                            United States District Judge

*Notes:*

1. *See supra* section 11.45.
2. The power to exercise authority over nonparty deponents outside the district is available only in multidistrict litigation, unless the judge has been given an intracircuit or intercircuit assignment.
3. *See supra* section 11.456.
4. If a simultaneous stenographic transcript is being made, the court may prefer that "off the record" discussions be eliminated from the videotape.