```
 1                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 2


 3

 4   IN RE:  NEW ENGLAND           )  MDL NO. 13-02419-FDS
     COMPOUNDING                   )
 5   PHARMACY CASES LITIGATION     )
                                   )
 6                                 )
                                   )
 7                                 )
                                   )
 8
                 BEFORE:  THE HONORABLE F. DENNIS SAYLOR, IV
 9

10

11
                         STATUS CONFERENCE
12

13

14


15        John Joseph Moakley United States Courthouse
                        Courtroom No. 2
16                     One Courthouse Way
                       Boston, MA 02210
17

18                     January 10, 2014
                          1:30 p.m.
19

20

21

22


23             Valerie A. O'Hara, FCRR, RPR
                    Official Court Reporter
24       John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 3204
25                     Boston, MA 02210
                  E-mail: vaohara@gmail.com
```

1    APPEARANCES:

2    For The Plaintiffs:

3        Hagens, Berman, Sobol, Shapiro LLP, by THOMAS M.
     SOBOL, ESQ. and KRISTEN JOHNSON PARKER, ATTORNEY,
4    55 Cambridge Parkway, Suite 301, Cambridge,
     Massachusetts  02142;

5
         Janet, Jenner & Suggs, LLC, KIMBERLY A. DOUGHERTY,
6    ATTORNEY, 75 Arlington Street, Suite 500, Boston,
     Massachusetts  02116;

7
         Crandall & Katt, by PATRICK THOMAS FENNELL, ESQ.,
8    366 Elm Avenue, SW, Roanoke, VA 24016;

9        Branstetter, Stranch & Jennings, PLLC, by BEN GASTEL,
     ESQ., ESQ., 227 Second Avenue North, Nashville,
10   Tennessee 37201-1631;

11       Law Offices of Mark Zamora and Associates,
     MARK ZAMORA, ESQ., 5 Concourse Parkway, Suite 2350
12   Atlanta, Georgia  30328

13
     FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:
14
         Brown Rudnick, by DAVID J. MOLTON, ESQ., Seven Times
15   Square, New York, New York 10036;

16       Brown Rudnick, by KIERSTEN A. TAYLOR, ATTORNEY,
     One Financial Center, Boston, Massachusetts  02111;

17
         Harris Beach PLLC, by FREDERICK H. FERN, ESQ.,
18   100 Wall Street, New York, New York  10005;

19       Tucker & Ellis LLP, by MATTHEW P. MORIARTY, ESQ.,
     1150 Huntington Building, 925 Euclid Avenue, Cleveland,
20   Ohio 44115-1414;

21       Michaels, Ward & Rabinovitz LLP, by DAN RABINOVITZ,
     ESQ., One Beacon Street, Boston, Massachusetts 02108;

22
         Todd & Weld LLP, by CHRISTOPHER R. O'HARA, ESQ. and
23   CORRINA L. HALE, ATTORNEY, 28 State Street, 31st Floor,
     Boston, Massachusetts 02109;

24
         Ulmer & Berne LLP, by JOSHUA A. KLARFELD, ESQ.,
25   1660 West 2nd Street, Suite 1100, Cleveland, OH
     44113-1448;

1   <u>For the Defendants(CONTINUED)</u>:

2       Donoghue, Barrett & Singal, P.C., by MICHELLE R.
    PEIRCE, ATTORNEY, ESQ., One Beacon Street, Boston,
3   Massachusetts  02108-3106;

4       Donovan & Hatem, LLP, by KRISTEN R. RAGOSTA, ESQ.,
    Two Seaport Lane, Boston, Massachusetts  02210;
5
        Nutter, McClennen & Fish LLP, by SARAH P. KELLY,
6   ATTORNEY, World Trade Center West, 155 Seaport
    Boulevard, Boston, Massachusetts  02210-2604;
7
        Fulbright & Jaworski, LLP, by MARCY H. GREER,
8   ATTORNEY and YVONNE K. PUIG, ATTORNEY, 98 San Jacinto
    Blvd, Suite 1100, Austin, Texas 78701;
9
        Law Offices of Jay J. Blumberg, ESQ., by JAY J.
10  BLUMBERG, ESQ., 158 Delaware Street, P.O. Box 68,
    Woodbury, New Jersey  08096;
11
        Curley & Curley, P.C., by LISABETH RYAN KUNDERT,
12  ATTORNEY, 27 School Street, Boston, Massachusetts
    02108;
13
        Sloane and Walsh, ROBERT A. GAYNOR, ESQ.,
14  Three Center Plaza, Boston, Massachusetts
    02108;
15
    FOR PAUL D. MOORE, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE
16  OF NECP, INC.:

17      Duane Morris LLP by MICHAEL R. GOTTFRIED,
    ESQ., 100 High Street, Suite 2400, Boston, Massachusetts
18  02110-1724;

19
    VIA PHONE FOR THE PLAINTIFFS:
20
    Melvin B. Wright
21  David Gibson
    John Fishwick
22  Greg Lyons
    James Stephen King
23  Mary Gidaro
    Matthew Barsenas
24  Frank Federico
    Michael Coren
25  Harry Roth
    Will Riley

1   <u>VIA PHONE FOR THE PLAINTIFFS</u> (CONTINUED):

2   Terry Dawes
    Robert Briley
3   Edward (Ned) Mulligan
    Karren Schaeffer
4   Deborah Gresco-Blackburn
    Chris Cain
5   Laura Pittner
    Jonathan Griffith
6   Sharon Houston
    Leslie Muse
7   Jonathan Krohnfeldt
    Sean Roth
8   Mark Dancer
    Dan Myers
9   Ann Mandt
    Steven Resnick
10  Alex Apostolou
    Patrick Montoya
11  Frederick (Rick) Ellis
    Nolan Nicely
12  S. James Boumil
    Robert Randall
13  Brent Brown
    Amanda Williams
14  George Nolan
    Evan Baker
15  Lauren Ellerman
    Nicole Kreklau
16  Daniel Clayton
    Lisa Esser-Weidenfeller
17  Scott Kaminski
    Kristi Osterday
18  Douglas Mulvaney`
    Ed Jazlowiecki
19  Stephen W. Mullins
    Bill Leader
20  Daniel Frith
    Bryan Bleichner
21  Rebbecca Blair
    Elliot Olsen
22  Mark Abramowitz
    Stephanie Arndt
23  Robert Young
    Bridget Stratton
24  J. Kyle Roby
    Mark Chalos
25  Ted Corvey
    Nolan Nicely

```
 1   VIA PHONE FOR THE PLAINTIFFS (CONTINUED):

 2   Steffani Cochran
     Rick Morgan
 3   Anthony Agudelo
     Steffani Cochran
 4
     VIA PHONE FOR THE DEFENDANTS:
 5
     Stephen A. Grossman
 6   Nichole Dorman
     Jason D Lewis
 7   Joseph R. Lang
     Chris J. Tardio
 8   Matthew Cline

 9   ALSO APPEARING VIA TELEPHONE:

10   Jacqueline Palank, Wall Street Journal

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1               PROCEEDINGS

2          THE CLERK:  All rise.  Thank you, all.

3    Please be seated.  Court is now in session in the matter

4    of In Re: New England Compounding Pharmacy, Incorporated

5    Products Liability Litigation.  This is Case

6    No. 13-md-02419.

7          Counsel, please note your appearances for

8    the record.  We'll start with the PSC.

9          MR. SOBOL:  Good afternoon, your Honor,

01:32PM   10   Tom Sobol for the plaintiffs' steering committee.

11          MS. PARKER:  Good afternoon, your Honor,

12   Kristen Johnson Parker for the plaintiffs' steering

13   committee.

14          MR. ZAMORA:  Mark Zamora for the PSC.

15          MS. DOUGHERTY:  Good afternoon, your Honor,

16   Kim Dougherty from Janet, Jenner & Suggs on behalf of

17   the PSC.

18          MR. GASTEL:  Good afternoon, Ben Gastel from

19   Branstetter, Stranch & Jennings on behalf of the PSC.

01:32PM   20          THE COURT:  Good afternoon, all.

21          MR. FENNELL:  Good afternoon, your Honor,

22   Patrick Fennell from Crandall & Katt, Roanoke, Virginia

23   for the PSC.

24          MR. MOLTON:  Good afternoon, your Honor,

25   David Molton and Kiersten Taylor of the creditors'

1    On November 13 last year, Judge Boal entered a discovery

2    order requiring all subpoena recipients to produce

3    documents pursuant to the PSC subpoena if they have a

4    patient who has sued them or a patient who has a case

5    pending in the MDL or given notice of a claim against a

6    clinic in the NECC litigation.

7              So far, 21 clinics have deposited documents

8    into the PSC repository at U.S. Legal Support.  That

9    includes approximately 1300 documents and approximately

02:15PM  10   7,000 pages.  There are 15, approximately 15 clinics

11   that have taken the position that they do not have any

12   such patients and are not required to produce any

13   documents except for a limited request, which Judge Boal

14   ruled applied to everybody.

15             Interestingly, some of the clinics who have

16   received notice of a claim, a standard letter saying we

17   represent the following individuals who have claims

18   against your healthcare provider in the NECC litigation,

19   some of the clinics who have received those notices

02:15PM  20   still feel that they don't have to respond to the

21   subpoena because the notice has not been properly given

22   under certain aspects of state law.

23             The PSC's position is that Judge Boal used

24   the term "notice of a claim" in its most commonly

25   understood form and didn't say anything about whether

1    that notice has to be done in compliance with the

2    particular requirements of one state or another.

3              So the PSC is conducting meet and confers

4    and will be also preparing to file a motion to compel

5    with respect to one such clinic here very shortly.

6              THE COURT:  All right.  Anyone else want to

7    be heard on this topic?  That's item Number 6.

8              Item Number 7, matters referred to by

9    Judge Boal.  Before we get into that, there are a couple

02:16PM    10    of dangling issues raised by the St. Thomas entities.

11    Back at the end of November, St. Thomas had as part of

12    their -- a number of motions that it filed to

13    reconsider, my MDL order and so forth, there was a

14    motion to amend the protective order.

15              I have finally resolved that.  I had hoped

16    to have it filed before today so that you could see it.

17    I'm technically granting it in part and denying it in

18    part.  I'm going to make some minor tweaks to that

19    protective order, but most of the issues raised by

02:17PM    20    St. Thomas, I think, are either covered in the order or

21    I think it's not necessary to amend the order to

22    address.  That we'll get out shortly, hopefully even

23    today.

24              Part of what St. Thomas raised was also a

25    motion to stay discovery pending a discovery plan.  I do

```
 1   want to take this up at some point today.  What I said
 2   about having a discovery plan for the affiliated
 3   defendants obviously applies to the unaffiliated
 4   defendants as well, some degree of planning and
 5   coordination needs to be done here.  You know, even in a
 6   simple case, we have a scheduling conference where the
 7   parties have to meet and confer.  That needs to be
 8   discussed as well.
 9            We don't necessarily need to resolve it
10   today, but that issue does need to be resolved, and with
11   that as an introduction, who's going to take the lead on
12   item 7, Ms. Parker?
13            MS. PARKER:  Actually Ms. Dougherty I
14   believe and Mr. Zamora will be addressing that.
15            THE COURT:  Ms. Dougherty.
16            MS. DOUGHERTY:  Thank you, your Honor.
17   Travellers' motion to quash at this point in time is
18   being negotiated by the PSC with Travellers.  Travellers
19   is the insurer for Liberty party in the mediation.  At
20   this point, some compromises have been made and reached.
21            THE COURT:  I thought Liberty said it had no
22   insurance?  Well, whatever.  Go ahead.
23            MS. DOUGHERTY:  Interesting, yes, and so at
24   this point, the plaintiffs' steering committee sought an
25   extension of time to respond, and your Honor granted
```

02:18PM (line 10)

02:19PM (line 20)

1          MR. SOBOL:  Right.  And how many defendants

2    there are, whether or not you've got a national

3    defendant or just a local defendant.

4          THE COURT:  Right.  Presence or absence of a

5    national defendant may make a difference.

6          MR. SOBOL:  And our proposal will consider

7    that.  I don't think necessarily people have to land on

8    a final decision on that issue on February 6th or

9    whatever the next status conference is, and we'll also

02:26PM  10    look into whether or not it makes sense for this Court

11    to sit on a trial down in the middle of Tennessee or

12    not.

13          THE COURT:  Well, I'd be amenable to

14    anyplace warmer than here, which excludes then the

15    midwest at this point in time.  I think somewhere we

16    have lawyers from Traverse City, Michigan, and my mother

17    lives in Traverse City, Michigan, and it was 10, 15

18    below zero for long stretches.  She didn't even go

19    outside to the mailbox.

02:26PM  20          All right.  Anything else on item 8?  Yes,

21    Ms. Greer.

22          MS. GREER:  It's not clear where the

23    deposition protocol and ESI and discovery plans stand at

24    this point.  There hasn't been an order on that

25    referring it to Judge Boal, and so we just would ask for

1     some clarification as to whether you're going to be

2     handling that because we're hearing a lot about meet and

3     confer.  We are working on protocols, we are exchanging

4     them, but they're kind of in no man's land right now.

5             THE COURT:  Why don't I do this.  Certainly

6     as to the St. Thomas entities that you represent, I'm

7     going to direct the parties to meet and confer on the

8     discovery plan.  I may spin some of this off to

9     Magistrate Judge Boal, I may keep it, I don't know, but

02:27PM    10     certainly it makes sense for you all to get together and

11     talk about what you think makes sense to see if you can

12     agree, and we'll handle it that way.  Okay.

13             MS. GREER:  Okay.

14             THE COURT:  Does that work?

15             MS. GREER:  Does that go for the deposition

16     protocol and my protocol are kind of --

17             THE COURT:  I was thinking of discovery

18     protocol, which, in other words, discovery from

19     plaintiffs are going to be dealt with in the short term,

02:27PM    20     the fact sheets and so forth.  Discovery from your

21     client's perspective, I want you to meet and confer and

22     talk about a possible plan.  I don't know what the ESI

23     issues are, I don't know what the volume of documents

24     are.  I don't have any idea what the issues are, and

25     step 1 is for you to confer with one another, and as

1   Mr. Sobol suggested, if you can agree on a plan, that's

2   great, if you can't, let's tee it up, I may decide it, I

3   may refer it to Magistrate Judge Boal, and we'll go from

4   there.

5          MS. GREER:  Our thinking, right or wrong,

6   was that the discovery plan we talked about in sequence,

7   you had talked about having written discovery first and

8   then depositions, et cetera.

9          THE COURT:  That's usually the way it works.

02:28PM  10          MS. GREER:  Usually in my experience, and

11  then separate from that would be an ESI protocol that

12  just deals with the ESI issue which would be cumbersome

13  documents and just deals with the separate protocol, and

14  we have been working on drafts of those, so I just

15  wanted to make sure that you understood how this is

16  playing out kind of in the real world, and we're okay

17  with that.

18          THE COURT:  All right.  That's fine.  Again,

19  from my perspective, what I want is I want there to be

02:29PM  20  some degree of planning, I want it to be fair, I want

21  this to be as organized as it can be under the

22  circumstances.  Obviously, I'm doing a lot of this kind

23  of ad hoc, but as in any case before you take discovery

24  from the other side, there needs to be some kind of plan

25  in place or order that directs and sets deadlines and so

1  on, so why don't we get working on that.

2          If your client is in the cross-hairs and it

3  looks like it is, you need to meet and confer with the

4  plaintiffs' counsel and try to come up with either a

5  joint plan or a pair of proposals that I can choose

6  between.

7          MS. GREER:  Will do.

8          THE COURT:  If you want intelligent

9  commentary on any ESI protocol, you may have to find

02:29PM  10  another Judge.  I'm not sure I'm the right person for

11  that.

12          Item 9, notice of instructions for accessing

13  repository.

14          MS. PARKER:  Yes, your Honor, the

15  plaintiffs' steering committee sent a letter to all

16  defendants in the MDL, both unaffiliated and affiliated,

17  sharing information about the document repositories and

18  also providing some instructions for how access to those

19  repositories can be gained.  Out of an abundance of

02:30PM  20  caution, we also took the liberty of ECFing a notice of

21  those instructions to make sure that every participant

22  in the MDL understood how those repositories could be

23  accessed.

24          THE COURT:  Okay.  Anything else on that?

25          (No response)

```
 1                    C E R T I F I C A T E

 2

 3    UNITED STATES DISTRICT COURT )

 4    DISTRICT OF MASSACHUSETTS ) ss.

 5    CITY OF BOSTON )

 6

 7         I do hereby certify that the foregoing

 8    transcript, Pages 1 through 70 inclusive, was recorded

 9    by me stenographically at the time and place aforesaid

10    in MDL NO. 13-02419-FDS, IN RE:  NEW ENGLAND COMPOUNDING

11    PHARMACY CASES LITIGATION and thereafter by me reduced

12    to typewriting and is a true and accurate record of the

13    proceedings.

14         Dated this January 22, 2014.

15                    s/s Valerie A. O'Hara

16              _____

17              VALERIE A. O'HARA

18              OFFICIAL COURT REPORTER

19

20

21

22

23

24

25
```