UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-12807-FDS

| | |
|---|---|
| FRANK DALE JENKINS AND BETTY JENKINS<br>Plaintiff(s),<br><br>v.<br><br>UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, AMBULATORY CARE CENTER, LLC, ST. MARY'S MEDICAL CENTER D/B/A ST. MARY'S SURGICARE, & WILLIAM A. ANTE<br><br>Defendants. | MDL No. 2419<br>Master Docket No. 1:13-md-2419-FDS<br><br>Honorable F. Dennis Saylor<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## CORRECTED SHORT FORM COMPLAINT
## AGAINST UNAFFILIATED DEFENDANTS

Plaintiff(s), Frank Dale Jenkins and Betty Jenkins, complaining against the Defendants, allege(s) as follows:

### FIRST COUNT

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against the Defendants, and adopt and incorporate by reference the allegations in the Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff is a resident of the State of Kentucky.



1

3. Plaintiff brings this action:

☒ On behalf of herself/himself.

☐ As the representative of _____, who is a living person.

☐ As the Administrator, Administrator ad Prosequendum, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

4. Additionally, Betty Jenkins, is the

☒ Spouse

☐ Child/Children

☐ Other (Set forth) _____

of Frank Dale Jenkins, is a resident of the State of Kentucky, and is hereby named as an additional plaintiff, and claims damages.

5. Plaintiffs assert that the Plaintiff, Frank Dale Jenkins, was administered New England Compounding Pharmacy, Inc.'s ("NECC") drug methylprednisolone acetate 80mL (hereinafter referred to as "NECC drug"), causing injuries and damages.

6. The aforesaid administration of the NECC drug occurred on: August 1, 2012 and September 19, 2012, was administered by Dr. William A. Ante, at St. Mary's Medical Center. Upon information and belief the contaminated steroid injected into Plaintiff, Frank Dale Jenkins, was acquired by Ambulatory Care Center, LLC.

7. Dr. William A. Ante, St. Mary's Medical Center d/b/a Surgicare Outpatient, and Ambulatory Care Center, LLC are hereinafter collectively referred to as "Clinic Related Defendants."

8. Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against the Defendants in the Master Complaint:

- ☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)
- ☒ COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendants)
- ☒ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

    Plaintiff(s) allege violation of the following consumer protection statute(s):   Ind. Code Ann §§ 24-5-0.5-1 *et seq.*

- ☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)
- ☒ COUNT VII: BATTERY (Against Clinic Related Defendants)
- ☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)
- ☐ COUNT IX: TENNESEE PRODUCT LIABILITY CLAIMS (Against Tennessee Clinic Related Defendants)
- ☒ COUNT X: AGENCY (Against Clinic Related Defendants)
- ☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)
- ☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)
- ☒ COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)
- ☒ COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

9. Plaintiffs have sent or served the pre-suit notice or demand requirements necessary to bring the claims set forth below, as required under M.G.L.C. 93A.  See attached Letter of Demand to UniFirst, attached hereto as Exhibit A.  Plaintiff(s) do not now assert but

3

will seek leave to amend to assert the following claims promptly after the time period for giving notice has expired:

      a. Count II Negligence and Gross Negligence (Against Unifirst)
      b. Violation of M.G.L.C. 93A
      c. Loss of Consortium
      d. Punitive Damages

10. Plaintiff Frank Dale Jenkins claims to have suffered the following injuries as a result of the administration of NECC's drug:

Two weeks after receiving his last injection of methylprednisolone acetate, Mr. Jenkins began experiencing symptoms of meningitis, including, but not limited to, headaches, neck pain, shoulder pain, and nausea. Subsequently, on or about October 3, 2012 Mr. Jenkins received a telephone call informing him that the steroid injections he had received came from one of the three lots of contaminated methylprednisolone acetate that NECC recalled in late September 2012.

Upon reporting symptoms consistent with meningitis, Mr. Jenkins was ordered to report to his local emergency room for further assessment. On October 3, 2012, Mr. Jenkins was hospitalized and began treatment for meningitis. On that date, Mr. Jenkins underwent various medical tests, including a painful lumbar puncture procedure to determine if he had meningitis. In fact, it took physicians several attempts in order to obtain cerebrospinal fluid from Mr. Jenkins. The lumbar puncture found signs of meningitis. As a result, Mr. Jenkins was treated for meningitis with a series of antifungal medications and antibiotics.

11. Plaintiff, Frank Dale Jenkins, claims to have suffered the following damages as a result of the administration of NECC's drug: Plaintiff seeks relief for mental, emotional, and physical damages as a result of being treated with NECC's contaminated steroid injection. As a direct result of being injected with contaminated doses of methylprednisolone acetate, Plaintiff

suffered injuries, conscious pain and suffering, emotional distress, loss of enjoyment of life and other damages.

Plaintiff, Betty Jenkins, experienced a great deal of emotional pain, anxiety, including loss of consortium as a result of watching her once active husband, Mr. Jenkins, regress from experiencing symptoms of meningitis, to hospitalization, to undergoing intense medical treatment, to having a diminished quality of life.

12. Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, cost of suit, and such further relief as the Court deems equitable and just.

## SECOND COUNT

13. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if set forth at length herein.

14. Plaintiffs incorporate by reference the entirety of Plaintiffs' Complaint and Jury Demand filed in the United States District Court for the District of Massachusetts in MDL 2419 on November 6, 2013, attached hereto as Exhibit B.

WHEREFORE, Plaintiffs demand Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, cost of suit, and such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

**Respectfully Submitted,**

***/s/ Christopher L. Coffin***
Christopher L. Coffin,  La. Bar Roll #27902
Jessica A. Perez,  La. Bar Roll #34024
PENDLEY, BAUDIN & COFFIN, L.L.P.
1515 Poydras Street, Ste. 1400
New Orleans, LA 70112
Telephone:  (225) 687-6396
Facsimile  (225) 687-6398
Email: ccoffin@pbclawfirm.com

Attorneys for Plaintiff

Dated:  December 20, 2013