UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING )
PHARMACY, INC., PROCUCTS LIABILITY )
LITIGATION )
                                                                ) MDL No.: 2419
                                                                ) Master Docket No.: 1:13-md-2419-FDS
                                                                )
THIS DOCUMENT RELATES TO: )
                                                                )
All Actions. )

## DECLARATION OF BENJAMIN A. GASTEL

Benjamin A. Gastel declares, under penalty of perjury on the date identified below, as follows:

1.     I am an attorney at Branstetter, Stranch, and Jennings, PLLC, and our firm sits on the Plaintiffs' Steering Committee "(PSC") in the above-styled lawsuit (the "MDL"). I make this declaration in support of the contemporaneously filed Plaintiffs' Steering Committee's Assented to Motion for Entry of Deposition Protocol and the Joint Motion for Entry of ESI Protocols (the "Motions").

## PSC'S SOLICITS COMMENTS FROM DEFENDANTS ON ESI AND DEPOSITION PROTOCOLS

2.     The PSC sent its initial version of the Deposition Protocol and ESI Protocols (collectively the "Protocols") to defense counsel on November 27, 2013. A copy of the cover email, letter, and relevant exhibits, is attached as Exhibit A.[1]

3.     On December 3, 2013, as outlined in the letter sent on November 27, 2013, members of the PSC held a call with defense counsel to discuss, amongst other items, the

---

[1] Unless otherwise indicated, all emails referenced in this declaration and attached as exhibits will include the email only and not any attachments thereto.

Protocols. On this call defense counsel and the PSC discussed the Protocols and the PSC invited defense counsel to provide redline comments to the Protocols.

4. Having not received any subsequent redline comments, on January 2, 2014, the PSC once again solicited comments via email on the Protocols requesting that all comments be received prior to an additional meet and confer call scheduled for January 7, 2014. A copy of this email is attached as Exhibit B.

5. The PSC held the additional meet and confer on January 7, 2014 and the participating defendants did not mention the Protocols. Thereafter, on January 9, 2014, the PSC solicited comments again from counsel seeking input on the Protocols. A copy of this email is attached as Exhibit C.

6. On January 15, 2014, the PSC once again sent the Protocols to defense counsel soliciting comments and inviting defendants to participate in a meet and confer on the Protocols. A copy of this email is attached as Exhibit D.

7. Thereafter, the PSC received redline changes from one defendant and incorporated some changes into the Deposition Protocol and recirculated the updated version, along with the original ESI Protocol, to defense counsel on January 24, 2014. A copy of this email is attached as Exhibit E.

8. On February 6, 2014, the PSC filed its Motion for Entry of Deposition and ESI Protocols (Dkt. No. 876).

8. After several meet and confers with certain defendants on both protocols, on February 28, 2014, the PSC sent a revised ESI Protocol to defendants. A copy of this email Exhibit F. The version of the ESI Protocol attached to this email, with minor changes mainly to correct typographical errors, is the version now filed with the Court for entry.

9.      Similarly, on March 3, 2014, the PSC sent a revised deposition protocol to defendants. A copy of this email is attached as Exhibit G.

### PSC'S MEET AND CONFERS ON ESI AND DEPOSITION PROTOCOLS

10.     As can be seen from above, beginning in November of last year, the PSC on numerous occasions circulated the Protocols to defense counsel soliciting comments and participation in the meet and confer process.

11.     The response from defense counsel has varied with some defendants actively engaging the PSC in the meet and confer process and others not responding. With regard to the ESI Protocol, the PSC engaged in an active meet and confer process with Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively, the "Saint Thomas Entities"), Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, P.C., John W. Culclasure, M.D., Debra V. Schamberg, R.N., Specialty Surgery Center, Crossville, PLLC, and Kenneth R. Lister, M.D., and Kenneth Lister, M.D., P.C. (collectively, the "Tennessee Clinic Defendants"), and UniFirst Corporation ("UniFirst"). As a result of these meet and confers, these defendants joined the PSC in filing the most recent ESI Protocol. The PSC does not anticipate opposition to entry of this version of the ESI Protocol.

12.     The Saint Thomas Entities, the Tennessee Clinic Defendants, and Unifirst also engaged in an active meet and confer process on the Deposition Protocol. The PSC also received comments and/or held meet and confers on the Deposition Protocol with Liberty Industries, Inc. ("Liberty") and ARL Bio Pharma, Inc. ("ARL"). As a result of these meet and confer sessions, Unifirst, Liberty, and ARL assented to the PSC's current version of the Deposition Protocol.

The Saint Thomas Entities and the Tennessee Clinic Defendants remain opposed to certain issues in the Deposition Protocol and filed oppositions on March 7, 2014 (Dkt. No. 981 and 983).

13. On December 10, 2013, the Trustee provided the PSC with comments on the deposition protocol. A copy of the email sent on behalf of the Trustee is attached as Exhibit H. Since sending this email, the Trustee has not provided any other comments on the Protocols and has not participated in a meet and confer with the PSC on the Protocols.

14. On January 7, 2014, counsel for Ameridose also provided the PSC with comments on the proposed Protocols. A copy of this email is attached as Exhibit I.

15. Although a full summary of all meet and confers held with defendants on the Protocols is not necessary at this time, since the PSC first circulated the Protocols in November of last year, the PSC estimates that it has held at least 15 teleconferences with defendants related to the Protocols and exchanged excess of 20 emails exchanging or discussing drafts and edits to the Protocols. The Saint Thomas Entities, Tennessee Clinic Defendants, and UniFirst have been the most active defendants in this meet and confer process, but counsel for the Premier Defendants, Liberty, the Trustee and ARL have also participated in teleconferences and/or exchanged emails with the PSC on the Protocols.

Executed on this 10th day of March, 2014, in Nashville, Tennessee.

_____
Benjamin A. Gastel