UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2419 ) Dkt. No. 1:13-md-2419-RWZ ) |
| This Document Relates to: | ) ) ) |
| All Actions | ) ) ) |

**The Tennessee Defendants' Response
to the PSC's Motion to Expedite Discovery Responses**

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC (collectively "the Tennessee Defendants") file this Response to the Plaintiffs' Steering Committee's Motion to Expedite Discovery Responses.[1]

Although explained more fully below, the Tennessee Defendants' position in response to the Motion is:

1. The Plaintiffs' Steering Committee ("PSC") has not demonstrated proper grounds to warrant shortening of the 30 days to respond to the discovery. Thus, the Motion should be denied.

2. In the spirit of cooperation, the Tennessee Defendants have worked diligently on responding to these requests, and anticipate serving responses by the March 14 deadline requested by the PSC.

---
[1] [Dkt. 975].

In further response to the Motion, the Tennessee Defendants state:

1.      The PSC cites two rules as support for the Motion – Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A). Admittedly, both recognize that the Court may order a shortened time to respond to interrogatories or requests for production but do not offer guidance as to the showing necessary to warrant shortening of the time. Logically, the burden must lie with the party requesting to alter the time set forth in Rules 33 and 34. Examination of the underlying facts establishes that the PSC has not made a sufficient showing to warrant setting aside the standard 30-day response period. The Motion should be denied.

2.      Tennessee Code Annotated § 29-26-121 sets out the pre-suit notice requirements for a Tennessee plaintiff filing a "health care liability action."[2] The requirements include:

a.      The plaintiff, within the statute of limitations and at least 60 days before filing suit, must send a written notice of the intent to sue to all potential health care provider defendants, setting out specific pieces of information (*e.g.*, full name and date of birth of the claimant; name and address of all potential noticed defendants). TENN. CODE ANN. § 29-26-121(a)(1)-(2).

b.      With the notice, the plaintiff "shall" provide a HIPAA-compliant medical authorization allowing potential defendants to obtain records from all other potential defendants. TENN. CODE ANN. § 29-26-121(a)(2)(E).[3]

---

[2] In Tennessee, a "health care liability action" is defined as *any* action "alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." TENN. CODE ANN. § 29-26-101(a)(1).

[3] The intent of this section, of course, is to allow potential defendants to conduct a pre-suit investigation of the claim. *See Hinkle v. Kindred Hosp.*, No. M2010-02499-COA-R3-CV, 2012 WL 3799215, at *6 (Tenn. Ct. App. Aug. 31, 2012).

2

3. The statute states that non-compliance can only be excused for extraordinary cause. TENN. CODE ANN. § 29-26-121(b).

4. Tennessee law is still developing on how exactly courts should apply the requirements of § 29-26-121, including whether a plaintiff must strictly comply with some or all parts of the section, whether a plaintiff must only "substantially" comply with some or all parts of the section, and when exactly a plaintiff's non-compliance is excused. Also, Tennessee law is still developing regarding whether a trial court must dismiss the case and, if so, whether the trial court must dismiss the case with or without prejudice upon a finding that a plaintiff has failed to comply with -121.

5. One area receiving significant attention from the Tennessee bar, and now from the courts, is the issue of what happens if a plaintiff provides a pre-suit medical authorization that does not comply with the strict requirements of HIPAA.

6. The most recent Supreme Court opinion on these issues, *Stevens v. Hickman Cmty. Health Care Servs., Inc.*, No. M20112-00582-SC-S09-CV, 2013 WL 6158000 (Tenn. Nov. 25, 2013), held that "a plaintiff must substantially comply, rather than strictly comply, with the requirements of Tenn. Code Ann. § 29-26-121(a)(2)(E)." *Id.* at *4. In evaluating substantial compliance, the *Stevens* court instructed trial courts to consider "the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance." *Id.* In *Stevens*, the Supreme Court mandated dismissal of the plaintiff's complaint where the HIPAA authorization provided did not allow the defendant to obtain records pre-suit and failed to comply with three of the six requirements of HIPAA. *Id.*

3

7.     The language of *Stevens* is somewhat at odds with previous Court of Appeals cases, which were not explicitly overturned by *Stevens*, that held prejudice should *not* be part of the trial court's determination in certain instances. *See, e.g., DePue v. Schroeder*, No. E2010-00504-COA-R9-CV, 2011 WL 538865, at *8 (Tenn. Ct. App. Feb. 15, 2011), *cert. denied*, No. E2010-00504-SC-R11-CV (Aug. 31, 2011) ("Upon review of the Trial Court's Order, it is clear that the Trial Court applied an incorrect legal standard, as the Trial Court based its decision to grant the waiver on its finding that…'no prejudice resulted to defendants' from the premature filing of the complaint. This is improper based on the plain language of the statute, which requires a showing of 'extraordinary cause', something obviously much greater than…lack of prejudice, as shown by the cases herein cited. The Trial Court's decision was an abuse of discretion and is reversed.").

8.     The Tennessee Defendants have moved to dismiss numerous complaints for failure to comply with various requirements of Tennessee Code Annotated § 29-26-121.[4] The Tennessee Defendants have briefed these issues at length at Dkt. 898. The PSC is set to respond by March 28, 2014.

9.     In support of its position, the PSC seeks discovery to establish that the Tennessee Defendants, in certain cases, were not prejudiced by the Plaintiffs' non-compliance with the requirements of -121, particularly the requirement that a compliant HIPAA authorization be provided.[5]

---

[4] [Dkt. 770].
[5] Of note, the discovery responses are presently due March 21, 2014, a week *prior to* the PSC's agreed deadline to respond to the -121 motion to dismiss.

10. Specifically, the discovery seeks information regarding records requests sent by the Tennessee Defendants and responses to those requests. It also seeks all documents related to those requests and the responses to those requests.

11. Presumably, the PSC's position in response to The Tennessee Defendants' Motion to Dismiss the Plaintiffs' Complaints for Failure to Comply with Tenn. Code. Ann. § 29-26-121[6] will be that, even if particular Plaintiffs did not comply with -121 by providing a release that complied with the requirements of HIPAA, if the Tennessee Defendants were not prejudiced, the cases should not be dismissed. The Tennessee Defendants' position, as set out at Dkt. 898, is that, despite *Stevens*, in certain cases, prejudice should not be part of the Court's analysis. *See Hawkins v. Martin,* No. W2011-02318-COA-R3-CV, 2012 WL 3007680, at *3-*4 (Tenn. Ct. App. July 24, 2012) (finding, in a case where the plaintiff failed to attach any HIPAA authorization, that "[Plaintiff] asserts that, in this case, she substantially complied with the intent of the statute and Defendants were not prejudiced by her failure to include a HIPAA compliant authorization….These arguments must fail for two reasons. First, we have held that a showing that the defendant was not prejudiced by non-compliance with the subsection 121(a) does not excuse such non-compliance under the express plain language of the statute."). Additionally, in other cases brought in this MDL (like in *Stevens*), prejudice is implicit where the release does not allow the Tennessee Defendants to obtain any records, and the Tennessee Defendants do not have the burden of establishing prejudice. *See Stevens*, 2013 WL 6158000, at *4.

---

[6] [Dkt. 770].

5

12. The Motion states succinctly that "the Tennessee Clinic Defendants refused to provide a date certain when they would provide such responses."[7] That is true, but stated without the context of the entire exchange. A copy of the email exchange is attached as an exhibit to this response.

13. The Motion also states succinctly that "the PSC has requested that the Tennessee Clinic Defendants consent to filing a response before next week's status conference, but the Tennessee Clinic Defendants have not responded to this request."[8] This is, again, true, but without context. The request was sent hours before the Motion was filed.

14. The Motion conclusively states that the discovery requests are "narrowly-tailored."[9] This is in the eye of the beholder. The discovery requests require review of the correspondence files of 100+ cases (paper and electronic), covering late-2012 forward, to ensure all records requests, follow-up correspondence, and responses to the requests are captured. This is not a small project.

---

[7] Motion, page 3.
[8] Motion, page 4, footnote 11.
[9] Motion, page 2.

6

15. The discovery was served on February 19, 2014. Since that time, in an attempt to answer the discovery, counsel for the Tennessee Defendants have worked diligently to gather the documents and re-review and double-check them to ensure accurate and complete responses. This has come at the same time as almost 50 other items have been filed in the master docket, negotiation has continued on the deposition and ESI protocols, briefing has continued on the Tennessee Defendants' three pending dispositive motions, and briefing has continued on the bellwether process, among numerous other obligations in this MDL.[10] Put simply, the requests have not remained on the corner of counsel's desk, gathering dust, while counsel willfully ignored them. They are being tended to.

16. The PSC has not set forth good cause to warrant Court intervention to expedite the responses.

17. The Motion to Dismiss was filed on January 10[11], with supporting briefing filed February 7[12]. Briefing on the Motion to Dismiss has proceeded pursuant to a schedule *agreed to by the parties*.[13] The PSC's response is not due until March *28*, two weeks after they claim they need these documents and one week after they are due per the rules.[14]

---

[10] Not to mention obligations in other matters.
[11] [Dkt. 770].
[12] [Dkt. 898].
[13] [Dkt. 845].
[14] In essence, they request expediting the responses so that they can have an extra week with them to prepare their response. This is understandable, but it does not warrant setting aside the 30-day rule.

18.     Respectfully, conclusively claiming a need to have the discovery responses two weeks before the deadline to respond to the Motion to Dismiss rather than one week is insufficient to warrant shortening the time period.

19.     Importantly, again, this discovery and request to expedite it to March 14 to assist in the PSC's response comes in the context of a briefing schedule that the *PSC proposed and agreed to.*[15] The Court should not intervene and shorten the standard 30-day period solely because the PSC now believes it needs an extra week to review documents to prepare a response *by a deadline that it agreed to.*

20.     The PSC also states, apparently as a ground for the Court to expedite the responses, that a co-defendant has agreed to an expedited timetable. This adds nothing to the analysis.

21.     Based on the above, the Court should not order expedited discovery responses. However, in the interest of good faith participation in this process, but without agreeing to the Motion, the Tennessee Defendants agree informally to serve responses by March 14. If the Tennessee Defendants believe the responses will not be completed by March 14, the Tennessee Defendants agree to notify the PSC such that the PSC can raise the issue with the Court.

---

[15] [Dkt. 845].

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.**[16]
**Chris J. Tardio**[16]
**Alan S. Bean**[17]
**Matthew H. Cline**[16]
**John-Mark Zini**[16]
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 11th day of March, 2014.

/s/ Chris J. Tardio
**Chris J. Tardio**

---

[16] Admitted pursuant to MDL Order No. 1.
[17] Admitted *pro hac vice*.