UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>JOAN HULSEY AND GUY HULSEY<br><br>　　　　Plaintiffs.<br><br>v.<br><br>MARION PAIN MANAGEMENT CENTER, INC., MANGALA J. SHETTY, MD,<br><br>　　　　Defendants. | 1:13-md-02419-FDS<br><br><br><br><br><br><br><br><br><br>1:13-cv-12961-FDS |

**DEFENDANTS, MARION PAIN MANAGEMENT CENTER, INC. AND
MANGALA J. SHETTY, M.D.'S
<u>MOTION TO DISMISS PLAINTIFFS' SHORT FORM COMPLAINT</u>**

The Defendants, Marion Pain Management Center, Inc. ("Marion") and Mangala J. Shetty, M.D., pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1, hereby move to dismiss the Plaintiffs' Corrected Short Form Complaint Against Unaffiliated Defendants (hereinafter "SFC")[1].  The Plaintiff(s), Joan Hulsey, on her own behalf and as the

---

[1] The SFC incorporates the following Counts from the Master Complaint (Dkt. No. 545) which was filed in this Multi-District Litigation on or around November 5, 2013:
- *Count II – Negligence and Gross Negligence (Against UniFirst)*
- Count III – Negligence and Gross Negligence (Against Clinic Related Defendants)
- Count IV – Violation of State Consumer Protection Statutes (Against Clinic Related Defendants)
- *Count VI – Violation of M.G.L. c. 93A (Against UniFirst)*
- Count VII – Battery (Against Clinic Related Defendants)
- Count VIII – Failure to Warn (Against Clinic Related Defendants)
- *Count IX – Tennessee Product Liability Claims (Against Tennessee Clinic Related Defendants)*
- Count X – Agency (Against Clinic Related Defendants)

Personal Representative of the Estate of Guy Hulsey, Jr. filed the SFC in the United States District Court for the District of Massachusetts on or around December 23, 2013. The Defendants were served with the SFC and accompanying Summons on or around January 22, 2014.  Shortly thereafter, the Defendants filed a Motion For Extension of Time to File an Answer or Other Responsive Pleading – With Assent, seeking until March 12, 2014 to file a responsive pleading.  See, Dkt. No. 912.   The Honorable Rya W. Zobel GRANTED the Defendants Motion on February 18, 2014. See, Dkt. No. 920.

On March 10, 2014, Marion and Dr. Shetty filed an Assented-To Motion for Leave to File Memorandum in Excess of Page Limit.  (Dkt. #991 in the Master Docket and Dkt. #23 in the Hulsey Docket).

As set forth more fully in the accompanying Memorandum of Law, the Defendants state that the Plaintiffs have failed to state claims upon which relief can be granted.  Specifically, the Defendants assert that the SFC is deficient in the following respects:

- The Plaintiffs have failed to comply with the Florida Malpractice Act and its pre-suit requirements;

- The Plaintiffs have failed to allege that the Defendants breached any duty owed to the Plaintiffs sufficient to support their claims in Count III – Negligence and Gross Negligence;

- The Plaintiffs' claims in Count IV asserting violations of the Florida Consumer Protection Statute, must fail as that statute specifically does not apply to claims for personal injuries;

---

- Count XI – Civil Conspiracy (Against Clinic Related Defendants)
- Count XII – Wrongful Death Punitive Damages (Against UniFirst and Clinic Related Defendants)
- Count XIII – Loss of Consortium (Against UniFirst and Clinic Related Defendants)
- Count XIV – Punitive Damages (Against UniFirst and Clinic Related Defendants)

The italicized Counts above (Count II, Count VI and Count IX) are not directed against Marion or Dr. Shetty and therefore they are not addressed herein.  To the extent the Plaintiffs later attempt to assert these claims against Marion and/or Dr. Shetty, the Defendants reserve the right to address the same in a subsequent Motion to Dismiss and the failure to substantively address these claims herein shall not constitute a waiver.

- The Plaintiffs' claims for Battery in Count VII must fail as Guy Hulsey, Jr. specifically consented to the procedure which forms the basis of the Plaintiffs' claims;

- The Plaintiffs' claims for Failure to Warn in Count VIII must fail as Plaintiffs admit Defendants warned Mr. Hulsey of the risks involved with the MPA injections;

- The Plaintiffs' claims of Agency in Count X must fail as they cannot establish that there was an agency relationship between the Defendants and the New England Compounding Center ("NECC");

- The Plaintiffs claims do not meet the requirements of Civil Conspiracy under Florida law and therefore, Count XI must be dismissed;

- The Plaintiffs' claims of Wrongful Death in Count XII must be dismissed because the Plaintiffs have failed to comply with the Florida Malpractice Act and its pre-suit requirements;

- The Plaintiffs' claims of Loss of Consortium in Count XIII must be dismissed because all actionable torts against Defendants will likely be dismissed and a Loss of Consortium claim is dependent upon the existence of an actionable tort;

- The Plaintiffs' claims are insufficient to support a claim for Punitive Damages under Florida law and therefore, Count XIV must be dismissed.

The Defendants, Marion and Dr. Shetty, are not responsible for any harm that the Plaintiffs allegedly suffered as a result of the preservative free methylprednisolone acetate ("MPA") that Guy Hulsey, Jr. received. The MPA that Mr. Hulsey received was manufactured, distributed and supplied by NECC. Marion and Dr. Shetty bear no responsibility for NECC's conduct, sterility practices, procedures or other methods which allegedly resulted in the production, distribution and supply of certain lots of MPA which may have contained fungal contamination. The Plaintiffs have failed to assert any cause of action that could impose liability on Marion and Dr. Shetty despite their best efforts to

impose upon the Defendants liability for the conduct of NECC and the other Affiliated Defendants, where responsibility ultimately lies.

## REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument will assist the Court in resolving this motion and therefore request that a hearing be scheduled by the Court.

WHEREFORE, the Defendants, Marion Pain Management Center, Inc., and Mangala J. Shetty, M.D., respectfully request that this Court **ALLOW** their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Local Rule 7.1.

>Respectfully Submitted,
>The Defendants,
>MARION PAIN MANAGEMENT
>CENTER, INC. and
>MANGALA J. SHETTY, M.D.
>By their Attorneys
>
>*/s/ Robert L. Boston*
>James M. Campbell (BBO#541882)
>David M. Rogers (BBO#542233)
>Robert L. Boston (BBO# 665174)
>Campbell Campbell Edwards & Conroy,
>Professional Corporation
>One Constitution Center
>Boston, MA 02129
>(617) 241-3000
>jmcampbell@campbell-trial-lawyers.com
>drogers@campbell-trial-lawyers.com
>rboston@campbell-trial-lawyers.com

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for the Defendants has discussed this matter with Plaintiffs' counsel by phone in a good faith effort to resolve or narrow the issues of dispute raised in the accompanying Motion, in accordance with Local Rule 7.1

>*/s/ Robert L. Boston*
>Robert L. Boston (BBO# 665174)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of March, 2014, a copy of the foregoing document was filed electronically with the United States District Court for the District of Massachusetts, which will send notification of such filing to all counsel of record, including below counsel:

Joshua R. Gale
Wiggins, Childs, Quinn & Pantazis, LLC
101 N. Woodland Blvd., Suite 600
Deland, FL  32720

Craig L. Lowell
*Pro Hac Vice Admission*
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

                                                    */s/ Robert L. Boston*
                                                    Robert L. Boston