# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S
SUR-SUR-REPLY IN SUPPORT OF MOTION FOR ENTRY OF
<u>COMMON BENEFIT ORDER</u>**

The Plaintiffs' Steering Committee ("PSC") respectfully submits this sur-sur-reply to make three brief points in response to the Trustee's and the OCC's joint sur-reply [Dkt 914] and the sur-reply of certain members of the OCC ("Interested OCC Counsel") [Dkt. 915].

First, the PSC's motion asks for a holdback, nothing more. No one – not the Trustee, the OCC, nor Interested OCC Counsel – opposes a holdback to fund a common benefit account. The PSC's motion should therefore be granted.

Second, the first option proposed by the PSC for effectuating a holdback of funds would not "invade the jurisdiction of the bankruptcy court," as the Trustee and OCC contend. This option would simply require a small, single-digit percentage of any funds *about to be paid* into the NECC bankruptcy estate be held back in a common benefit account *before* funds are actually paid into the bankruptcy estate. The remaining 90+ percent of the funds would then be paid into a trust for later distribution in accordance with an approved bankruptcy plan under the authority and with the approval of the bankruptcy court.

Third, this Court entered an order 11 months ago requiring all attorneys who were interested in being paid for common benefit work to submit their contemporaneously kept time

to Lead Counsel monthly.  The Court did so out of an explicit concern that lawyers avoid duplicative efforts and not squander the precious limited funds available to compensate victims.

Judge Saylor rejected Interested OCC Counsel's applications to be appointed to the PSC.[1] Interested OCC Counsel's refusal to provide monthly time or to seek approval of Lead Counsel for common benefit work while simultaneously arguing that they are entitled to common benefit fees belies their true desire:  to operate as a shadow PSC unconstrained by this Court's established rules.  Interested OCC Counsel provide no basis for altering the Court's rules regarding compensable common benefit work.

### A. The case law cited by Interested OCC Counsel is inapplicable.

Interested OCC Counsel's argument based on *Lehman*[2] and *Adelphia*[3] is misplaced – both are factually distinguishable from this case.  In *Lehman*, the court found the Bankruptcy Code did not preclude the parties from contractually agreeing to reimburse individual counsel fees in the context of the Chapter 11 reorganization plan.[4]  There is no such plan in place here.  The *Lehman* court was careful to caution that its facts made it an atypical case, "It will be the rare chapter 11 case in which individual members of an official committee … will need access to their own personal counsel in addition to committee counsel and even rarer still that a plan would include a payment provision such as the one being considered here."[5]  The *Lehman* court went on to warn that its holding "should not be viewed as an open invitation to craft similar provisions to cover the expenditures of individual committee members for their own retained

---

[1] Dkt. Nos. 63, 82.

[2] *In re Lehman Bros. Holdings, Inc*., 487 B.R. 181 (Bankr. S.D.N.Y. 2013).

[3] *In re Adelphia Communs. Corp*., 441 B.R. 6 (Bankr. S.D.N.Y. 2010).

[4] *In re Lehman Bros. Holdings, Inc.*, 487 B.R. at 185.

[5] *Id.*

professionals."[6]

*Adelphia* is also inapplicable. The case concerned unofficial committees (*i.e.*, those not appointed under 11 U.S.C. § 1102), which have different entitlements for employment of counsel and reimbursement of counsel fees than do official committees.[7] Because unofficial committees cannot employ counsel under 11 U.S.C. §§ 327, 328, and 1103 (as official committees can), counsel for unofficial committees can receive compensation for professional services rendered under 11 U.S.C. §§ 503(b)(3)(D) and (b)(4). Here, the OCC is an official committee appointed under 11 U.S.C. § 1102. The OCC has hired Brown Rudnick as counsel for the OCC and Brown Rudnick will be reasonably compensated for the work performed on behalf of the OCC.

**B.     Nothing in MDL Order No. 6 allows the individual OCC members' lawyers to circumvent the rules and procedures for compensable common benefit work established by this Court in MDL Order NO. 3.**

While the Bankruptcy Code excludes the OCC members' lawyers from reimbursement for work done representing individual committee members, the PSC has never tried to prevent Interested OCC Counsel from obtaining payment for common benefit work done in their capacity as plaintiffs' lawyers – provided that their work is done in compliance with the rules and procedures for common benefit work set forth in MDL Order No. 3.

In MDL Order No. 3, entered after briefing and oral argument, the Court set out the standards and procedures applicable to all work and expenses done for the common benefit. [Dkt. 85]. The Court established these procedures to ensure the efficient conduct of this case – especially important here in order to maximize the limited funds available for the victims. In order to avoid any duplication of efforts and cumulative work, the Court specifically directed that only common benefit work authorized in advance by Lead Counsel would be reimbursable.

---

[6] *Id.*

[7] 441 B.R. at 22.

3

Nothing in MDL Order No. 6 [Dkt. 209] supplants or even conflicts with the directives of MDL Order No. 3. The fact that MDL Order No. 6 discusses the OCC's participation in settlement discussions is irrelevant – had the Court intended anything in MDL Order No. 6 to amend or supplant the directives of MDL Order No. 3, it would have explicitly stated so. The Court did not, and no reading of MDL Order No. 6 supports the Interested OCC Counsel's argument.

For the foregoing reasons, as well as the reasons in its initial motion and its reply, the PSC requests that the Court grant the PSC's Motion for Entry of a Case Management Order Establishing Assessment Procedures to Fund the Common Benefit Account and enter the Proposed Revised Order.


Dated: March 12, 2014                     Respectfully submitted,

                                          **/s/ Thomas M. Sobol**
                                          Thomas M. Sobol
                                          Kristen Johnson Parker
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          55 Cambridge Parkway, Suite 301
                                          Cambridge, MA  02142
                                          Telephone:  (617) 482-3700
                                          Facsimile:  (617) 482-3003
                                          tom@hbsslaw.com
                                          kristenjp@hbsslaw.com

                                          *Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcentercom

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

5

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: March 12, 2014

**/s/ Thomas M. Sobol**
Thomas M. Sobol, BBO # 471770