# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE:  NEW ENGLAND | ) |
| COMPOUNDING PHARMACY, INC. | ) |
| PRODUCTS LIABILITY LITIGATION | ) |
| | ) |
| This matter relates to: | )   **MDL No. 1:13-md-2419-RWZ** |
| | ) |
| All Actions | ) |
| | ) |
| | ) |

**MDL ORDER NO. _____**
**(Deposition Protocol)**


**I.       SCOPE OF DEPOSITION PLAN**

         This Deposition Plan shall govern all cases that are presently pending or hereafter

filed in this Court or subsequently removed or transferred to this Court by the Judicial

Panel on Multidistrict Litigation for coordination of pretrial proceedings relating to this

matter, and applies to the class action cases. This Order is limited in scope to the

discovery issues addressed herein. Additional discovery issues may need to be addressed

in subsequent orders. For purposes of this deposition protocol, depositions of "Common

Witnesses" and depositions on "Common Issues" shall refer to depositions of fact

witnesses with knowledge of issues that affect all or a large subset of the cases in the

MDL, as opposed to depositions of witnesses with knowledge on issues related to single

cases or a small subset of cases.

         The Court acknowledges that it has not yet entered an overall discovery plan to

govern discovery in this case through case-specific and expert discovery. Should this

deposition plan need to be amended or additional provisions included to address issues

with case-specific discovery and expert discovery, the parties shall meet and confer to

amend or add to this protocol. If the parties cannot agree, they may submit any remaining

disputes to the Court.

## II.    GENERAL PROVISIONS

### A.    Lead Deposition Counsel

The MDL Plaintiffs shall designate a Lead Deposition Counsel to serve as Lead Deposition Counsel for the MDL Plaintiffs for all depositions. For each deposition or set of related depositions, to the extent possible, the Defendants will designate Lead Deposition Counsel to assist in coordinating the deposition(s). Lead Deposition Counsel for the MDL Plaintiffs, Lead Deposition Counsel for the Defendants, and counsel for the deponent, or their respective designees, shall coordinate, to the extent possible, all plaintiff's depositions, third-party depositions, and depositions of employees, representatives, and former employees of the defendants in this MDL action, and matters related to the conduct of these depositions. Nothing in this Deposition Protocol shall be construed to allow counsel for other parties or witnesses to participate in the preparation of a party witness already represented by counsel. The name and contact information for Lead Deposition Counsel for the Plaintiffs, Lead Deposition Counsel for the Defendants, and counsel for the deponent and/or any designee shall be promptly communicated to the other parties as soon as practicable prior to the deposition.

### B.    Deposition Notices

1.    *Notice of Deposition Procedures.* A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena to testify at a deposition, issued or served in these MDL proceedings.

2.    *Contents of Notice.* Information shall be provided as required by Fed. R. Civ. P. 30. Each deposition notice shall include the name of each deponent and

the date, time and place of the deposition and, if known, a current general occupational description of the deponent and, if different, a general occupational description for the time relevant to this MDL (*i.e.*, former NECC pharmacist responsible for compounding medication). [1] If the notice asks the deponent to produce documents or information, or if the witness may be asked about documents that may contain confidential information, the witness shall be provided with a copy of the Protective Order.

### C.     Cooperation

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

### D.     Attendance

1.     *Who May Be Present.* Unless otherwise ordered under Fed. R. Civ. P. 26 (c), depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent. Without agreement of the parties, no more than ten (10) plaintiffs' counsel, excluding members of the Plaintiffs' Steering Committee, may attend in person any deposition. Nothing in the Joint Deposition Protocol shall be construed to limit the ability of counsel for a defendant to attend a deposition. While the deponent is being examined about any material designated Confidential, persons to whom disclosure is not authorized under the Third Amended Protective Order (Dkt. No. 814, or any additional amendments made by the Court thereto, the "Protective Order") shall be excluded from

---

[1] The Saint Thomas Entities' proposal states "and, if known, a general occupational description of the deponent."

the deposition, except that counsel for any plaintiff or the deponent shall not be so excluded. Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

### E.      Fed. R. Civ. P. 30(b)(6) Deposition

A party noticing a deposition of an entity pursuant to Fed. R. Civ. P. 30(b)(6) shall provide a list of topics for the deposition with reasonable particularity at least thirty (30) days in advance of the deposition in order to allow time for the noticed party to object to any of the topics and for the identification and preparation of person(s) designated to testify on such noticed topics. The noticed party shall submit its objections, if any, within fourteen (14) days of the receipt of the 30(b)(6) deposition notice. The parties shall meet and confer regarding the objections. If they are unable to agree, the parties may submit the dispute to the Court for a decision prior to the deposition. Counsel for the deponent and counsel for the opposing party may agree to waive the aforementioned 30-day notice period. A party or non-party asked to provide a designee pursuant to a Fed. R. Civ. P. 30(b)(6) deposition notice shall provide notice of the names of the individuals to be produced for deposition at least 7 days prior to commencement of the deposition, setting forth the matters upon which each person will testify.

### III.    CONDUCT OF DEPOSITIONS

### A.      Examination

The goals behind this section of the protocol are to (1) minimize the number of questioning/objecting attorneys while allowing all parties in the MDL to have their interests protected and (2) minimize attorneys, particularly those with the same or similar

interests, posing the same or substantially the same questions to witnesses and objections during depositions.

Except in depositions that have been cross-noticed in actions pending in state court and without reference to the participation of coordinating counsel from the state court litigations, questioning should ordinarily be conducted by no more than two attorneys for all MDL plaintiffs.

Lead Deposition Counsel for plaintiffs, the PSC, and any participating attorney for an MDL plaintiff should confer and together designate a total of two attorneys representing all MDL plaintiffs to participate in the questioning during each deposition. MDL Plaintiffs' counsel may designate specific attorneys to question witnesses on specific designated topics, but the MDL Plaintiffs' counsel must endeavor for the attorneys questioning on specific topics to be one of the two questioning attorneys. If MDL Plaintiffs believe additional or different attorneys are needed to question on specific issues, the PSC and/or Lead Deposition Counsel for the MDL Plaintiffs shall submit the name of the attorney and the designated topics previously noticed to the deponent's counsel 5 days before such deposition. If the deponent's counsel does not agree to the additional attorney(s) (above and beyond the two designated) questioning on designated topics, the matter will be submitted to the Court for a ruling prior to the deposition taking place.

Lead Deposition Counsel for defendants shall endeavor to designate two attorneys to participate in the questioning during each deposition on behalf of all unaffiliated defendants. However, the Court recognizes that given the disparate interests of all

unaffiliated defendants, this may not be possible. Counsel for all other defendants may enter an appearance and examine any witness deposed.

Repetition of questions shall be prohibited, and the questioning attorneys shall not cover the same topics with the witness.

An objection by one party reserves the objection for all parties. All objections, except as to form and foundation are reserved and need not be made during the course of a deposition. Counsel shall otherwise comply with FED. R. CIV. P. 30(c)(2) concerning objections at depositions.

**B.      Documents Used in Connection with Deposition.**

1.      *Marking of Deposition Exhibits.* All documents previously produced in the course of this litigation and used as exhibits with witnesses from a particular defendant or non-party witness shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document repositories. Documents that have not been previously produced in the course of this litigation shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be produced at the conclusion of the deposition. Any documents marked as Exhibits during depositions shall be marked consecutively, (i.e. "Plaintiff Exhibit 1"), through the discovery phase such that if the first deposition ends with exhibit 11, then the first exhibit to the second deposition will start with exhibit 12. Whenever possible, previously marked exhibits should be used in subsequent depositions, rather than using a new exhibit number for the same exhibit.

2.     The party who notices a deposition and/or the selected attorneys who will handle the examination shall strive to bring at least seven (7) copies of all non-introduced exhibits anticipated to be used for the deposition. It is understood that there will be certain instances (such as follow-up or to respond to the deponent's testimony) when the examining attorney(s) may need to introduce an exhibit that he or she did not anticipate and therefore may not have multiple copies available, and failure to bring the relevant copies shall not act as a bar to the introduction of such exhibit.

**C.     Limits on Duration and Number of Depositions**

1.      Absent permission from the Court or agreement of the parties, depositions shall be limited to one (1) day of seven (7) hours pursuant to FRCP 30(d)(1). Depositions should not typically begin before 9:00 a.m. and should typically conclude by 5:30 p.m. in the local time zone.

2.     The PSC and each Defendant shall meet and confer to discuss a limit to the number of "common" depositions from that Defendant's employees, agents, former employees, and/or former agents. If the parties cannot agree on a limit, the Defendant may move for a protective order.

3.     After the "common" deposition phase, parties shall be limited to ten depositions per party during discovery in the individual cases in the bellwether discovery pool.

**D.     Scheduling[2]**

1.     Counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.

2.     The parties and the Court desire to minimize the expense and inconvenience of this litigation. Accordingly, all depositions of fact and expert witnesses taken in this MDL will be treated as if cross-noticed and taken in each of the individual cases in this MDL and all actions prosecuted by the undersigned counsel. In no event shall witnesses be deposed on multiple occasions on the same subjects in connection with these MDL proceedings without leave of Court and for good cause shown.

3.     Plaintiffs and Defendants' Lead Counsel shall attempt to establish by mutual agreement a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any party to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Court.

4.     For Common Depositions, counsel intending to take the deposition of a party in the MDL, including employees, agents, former employees, and former agents, shall request the deposition at least forty-five (45) days in advance of the anticipated deposition date, absent agreement by the parties otherwise, time constraints due to orders of the Court, or by leave of the Court. For depositions of nonparties, counsel issuing the deposition subpoena shall notify the other parties of the deposition at

---

[2]The Saint Thomas Entities' proposal has two separate "Scheduling" sections. The Tennessee Defendants' combined those sections here with no substantive changes.

least thirty (30) days in advance of the anticipated deposition date, absent agreement by the parties otherwise, time constraints due to orders of the Court, or by leave of the Court.

      **E.**     **Location for Depositions**

      1.     Defense counsel will make reasonable efforts to seek agreement of former employees of defendants to appear at designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

      **F.**     **Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions**

      1.     *Coordination with State Court Actions.* In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs. As the Court indicated at the initial case management conference, this Court intends to work actively to reach out to any State Court that is interested in coordinating discovery activities. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

      2.     *Cross Noticing.* Any deposition in this MDL may be cross-noticed by any party in any clinic-related action pending in state court, and any deposition in any clinic-related action pending in state court may be cross-noticed by any party in this MDL. Each deposition notice shall include the information described in section II.B.2., *supra.* If a state court deposition has been cross-noticed in this MDL, then state court

plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the judge presiding over the proceeding in which the deposition is sought. In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the judge presiding over the proceeding in which the deposition is sought.

3.       Nothing in III.F.1-2 shall be construed as an injunctive or equitable order affecting state court proceedings. Rather this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

4.       Unless it is jointly noticed by plaintiffs in both the class action and personal injury matters, the noticing of a deposition by plaintiffs' counsel for personal injury matters shall not count against the limitation on numbers of deposition prescribed under the Federal Rules of Civil Procedure for plaintiffs in any consolidated class action, and vice versa.

5.       The involved parties and counsel will make every effort to depose persons once. A second deposition either before or after the selection of bellwether discovery cases will require the agreement of the parties or, in the absence of an agreement, leave of the Court for good cause shown. Production of additional documents alone shall not constitute good cause if the deposing party chooses to proceed with the deposition with knowledge or reason to know the documents have not yet been produced at the time of the deposition.[3]

---

[3] The Saint Thomas Entities' proposal has a separate paragraph that states:

If a party decides to take a deposition before all of the documents have been produced, they do so at their own risk and will not be allowed to re-depose the witness simply because additional documents were produced after the deposition absent agreement of the parties or permission from the Court for good cause shown. Production of additional documents alone shall not constitute good cause.

6.      Case-specific depositions are stayed pending selection of the Initial Bellwether Pool.

### G.      Early Depositions

If the parties become aware of any person who possess relevant information but, who, by reason of age, ill health, may become unavailable for deposition, the deposition may be taken as soon as possible, as permitted by Rule 27 of the Federal Rules of Civil Procedure.

### H.      Telephonic Depositions and Participation

The parties shall comply with Fed. R. Civ. P. 30(b)(4) regarding remote depositions. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel or by agreement of counsel for the deponent and other questioning attorneys.

### I.      Disputes During Depositions

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court. If the Court is not available, or to the extent the parties are still unable to resolve the dispute, the deposition shall continue with full reservation of rights for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Court by telephone, or to present the dispute to the Court in writing.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to 1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); 2) file an appropriate motion with the Court after the deposition, and appear personally before the Court, or 3) file a motion to prevent any decision or recommendation of the Court from taking effect as may be otherwise permitted.

 **J.**  **Video Depositions**

By so indicating in its notice of a deposition, a party may, at its expense, record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

   1. *Video Operator.* The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

   2. *Attendance.* Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

   3. *Interruptions.* No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon agreement of counsel.

 **K.**  **Correcting and Signing Deposition Transcripts**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent within thirty (30) days after the end of the deposition for correction and

signature. Upon receipt of the transcript, the deponent thereafter shall have thirty (30) days to make any corrections to the transcript, sign it, and return the transcript to the deposing party. If represented by counsel, a deponent need not sign any corrected transcript before a notary. If no corrections are made during this time, the transcript will be presumed accurate absent agreement of the parties or leave of the Court to correct the transcript for good cause shown.

## IV.   USE OF DEPOSITIONS

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a) (1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

1. who is a party to this litigation;

2. who was present or represented at the deposition;

3. who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

4. who, within thirty (30) calendar days after the transcriptions of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

## V.      FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure, including the right of any party or non-party to object to or seek a protective order to prevent the deposition of any witness.

**So Ordered.**

_____
Hon. Rya W. Zobel
United States District Judge

Dated: _____, 2014

14