UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ This Document Relates to: Suits Identified in Exhibit A, ¶ 1 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) ) ) ) ) ) ) ) ) ) | MDL No. 2419 Dkt. No. 1:13-md-2419-RWZ |

### The Tennessee Defendants' AMENDED Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), Howell Allen Clinic, a Professional Corporation ("Howell Allen"), John Culclasure, M.D. ("Dr. Culclasure"), Debra Schamberg, R.N. ("Ms. Schamberg"), Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, M.D. ("Dr. Lister"), and Kenneth Lister, M.D., P.C. ("Dr. Lister's Practice") (collectively "the Tennessee Defendants"), submit this AMENDED Statement of Undisputed Material Facts, pursuant to Federal Rule of Civil Procedure 56(c)(1) and Local Rule § 56.1, in support of their Motion for Summary Judgment [Dkt. 774].

1. The Plaintiffs identified in Exhibit A, ¶ 2 received health care, including epidural steroid injections, at Saint Thomas Outpatient Neurosurgical Center, LLC.

   Source:  Affidavit of John W. Culclasure, M.D., ¶¶ 3-4, 6-9; Complaints in cases identified in Exhibit A, ¶ 2.

   **Response:**

2. The Plaintiffs identified in Exhibit A, ¶ 3 received health care, including epidural steroid injections, at Specialty Surgery Center, Crossville, PLLC:

   Source:  Affidavit of Kenneth Lister, M.D., ¶¶ 3-6; Complaints in cases identified in Exhibit A, ¶ 3.

   **Response:**

3. Plaintiff Martha Shultz did not receive New England Compounding Center preservative-free MPA from one of the three (3) recalled lots.

   Source:  Affidavit of John W. Culclasure, M.D., ¶ 5.

   **Response:**

4. The Plaintiffs identified in Exhibit A, ¶ 2 received medical care at Saint Thomas Outpatient Neurosurgical Center, LLC, including epidural steroid injections after a diagnosis of, and as treatment for, spinal nerve pain.

   Source: Affidavit of John W. Culclasure, M.D., ¶ 9.

   **Response:**

5. The Plaintiffs identified in Exhibit A, ¶ 3 received medical care at Specialty Surgery Center, Crossville, PLLC, including epidural steroid injections after a diagnosis of, and as treatment for, spinal nerve pain.

   Source: Affidavit of Kenneth Lister, M.D., ¶ 6.

   **Response:**

6. [WITHDRAWN]

   **Response:**

7. [WITHDRAWN]

   **Response:**

8.  The administration of MPA to the Plaintiffs identified in Exhibit A, ¶ 2, was part of the health care that they received at Saint Thomas Outpatient Neurosurgical Center, LLC.

    Source: Affidavit of John W. Culclasure, M.D., ¶¶ 3, 6-9.

    **Response:**

9.  The administration of MPA to the Plaintiffs identified in Exhibit A, ¶ 3, was part of the health care that they received at Specialty Surgery Center, Crossville, PLLC.

    Source: Affidavit of Kenneth Lister, M.D., ¶¶ 3, 6-9.

    **Response:**

10. Dr. Culclasure, along with Debra Schamberg, R.N., made the decision to purchase MPA from NECC for Saint Thomas Outpatient Neurosurgical Center, LLC.

    Source: Affidavit of John W. Culclasure, M.D., ¶ 10.

    **Response:**

11. At the time of the treatment at issue, Dr. Culclasure was a licensed physician.

    Source: Affidavit of John W. Culclasure, M.D., ¶ 2.

    **Response:**

12. Dr. Lister participated in the decision to purchase MPA from NECC for Specialty Surgery Center, Crossville, PLLC.

    Source: Affidavit of Kenneth Lister, M.D., ¶ 6.

    **Response:**

13. At the time of the treatment at issue, Dr. Lister was a licensed physician.

    Source: Affidavit of Kenneth Lister, M.D., ¶ 2.

    **Response:**

14. At the time of the treatment at issue, Saint Thomas Outpatient Neurosurgical Center, LLC was licensed as an ambulatory surgery center.

    Source: Affidavit of John W. Culclasure, M.D., ¶ 11.

    **Response:**

15. At the time of the treatment at issue, Specialty Surgery Center, Crossville, PLLC, was licensed as an ambulatory surgery center.

    Source: Affidavit of Kenneth Lister, M.D., ¶ 8.

    **Response:**

16. The Plaintiffs listed in Exhibit A, ¶ 1 did not file a Certificate of Good Faith with their original Complaints.

    Source: Complaints filed by Plaintiffs' identified in Exhibit A, ¶ 1.

    **Response:**

17. Each of the Plaintiffs'[1] injuries arose from exposure to Methylprednisolone Acetate used in an epidural steroid injection procedure performed by a licensed physician.[2]

    Source: Complaints filed by Plaintiffs' identified in Exhibit A, ¶ 1; Affidavit of John W. Culclasure, M.D., ¶¶ 2-4, 6-9; Affidavit of Kenneth Lister, M.D., ¶¶ 2-6.

    **Response:**

18. Each of the Plaintiffs' alleged injures was "related to" health care services.

    Source: Complaints filed by Plaintiffs' identified in Exhibit A, ¶ 1; Affidavit of John W. Culclasure, M.D., ¶¶ 2-4, 6-9; Affidavit of Kenneth Lister, M.D., ¶¶ 2-6.

    **Response:**

---

[1] Identified in Exhibit A, ¶ 1.
[2] Plaintiff Schulz was not in fact exposed to MPA from one of the three (3) lots recalled by NECC. *See* Affidavit of John W. Culclasure M.D., ¶ 5. However, for the purposes of this Motion for Summary Judgment, the only relevant material facts are the *factual nexus* of the Plaintiff's alleged injury. The factual nexus of Ms. Schultz's alleged injury is exposure to methylprednisolone acetate during an epidural steroid injection. *See* Short Form (Amended) Complaint, Case No. 1:13-cv-12311, ¶ 12.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.[3]**
**Chris J. Tardio[3]**
**Alan S. Bean[4]**
**Matthew H. Cline[3]**
**John-Mark Zini[3]**
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 14th day of March, 2014.

/s/ Chris J. Tardio
**Chris J. Tardio**

---

[3] Admitted pursuant to MDL Order No. 1.
[4] Admitted *pro hac vice*.