## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

IN RE: NEW ENGLAND                            )
COMPOUNDING PHARMACY, INC.                    )
PRODUCTS LIABILITY LITIGATION                 )
                                              )    MDL No. 13-md-2419-RWZ
v.                                            )
                                              )
This Document Relates to:                     )
                                              )
All Cases                                     )
_____)

### ASSENTED-TO MOTION TO EXTEND TIME FOR DEFENDANT, LIBERTY INDUSTRIES, INC., TO RESPOND TO MASTER COMPLAINT AND ANY OTHER COMPLAINTS FILED IN THE MDL

Defendant, Liberty Industries, Inc., ("Liberty") hereby moves for entry of an order pursuant to Fed.R.Civ.P. 6 stating the time in which Liberty must respond to the Master Complaint and any other Complaints filed against it in the MDL.  Liberty is in a unique position because it is a party that is not affiliated with New England Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") (an "Unaffiliated Defendant"), that is participating in the Mediation Program, but is also named in the Master Complaint, several Short Form Complaints, and other Complaints filed in this MDL.  Therefore, Liberty, with the assent of the Plaintiffs' Steering Committee ("PSC") respectfully seeks entry of an order clarifying the time in which Liberty must respond to the Master Complaint and any other Complaints filed against Liberty in the MDL.

On November 5, 2013, the PSC filed the Master Complaint against Unaffiliated Defendants who did not agree to mediation as of that date.  *See* Dkt. No. 545, ¶ 19.  The Master Complaint alleges Liberty "designed, manufactured, and installed the clean rooms used to compound, mix, prepare and assemble the contaminated products."  *Id*., ¶ 4.  It asserts claims of

negligence and gross negligence (Count I), and violations of M.G.L. c. 93A (Count II) against

Liberty, and wrongful death (Count XII), loss of consortium (Count XIII), and punitive damages

(Count XIV) against all defendants.  The PSC also filed the Short Form Complaint the same day,

containing the same counts for plaintiffs to use in connection with alleging claims against

defendants.  *See* Dkt. No. 546.

On November 18, 2013, a few weeks after the Master Complaint was filed, Liberty filed

its NECC Mediation Program Participation Notice and Agreement ("Mediation Notice").  *See*

Dkt. No. 580.  In light of this, on November 25, 2013, the PSC filed a Notice of Filing Corrected

Short Form Complaint.  *See* Dkt. No. 590.  The Corrected Short Form Complaint **removed the**

**counts against Liberty** because Liberty opted into the mediation. *See id.*  Despite this, eleven

(11) Short Form Complaints have since been filed that include counts against Liberty, and five

(5) additional Complaints have been filed which also include counts against Liberty.  *See*, *e.g.*

Plaintiffs' Steering Committee's Notice of Filing of Summary of Short Form Complaint, at

Dkt. No. 822.[1]  Although orders have entered with respect to the obligations of Unaffiliated

Defendants who are *not* participating in mediation to respond to the Master Complaint and Short

Form Complaints, no orders have entered to clarify whether Liberty should file answers or

responsive pleadings to the Master Complaint or any of the additional Complaints in which they

were named.  *See e.g.* Dkt. Nos. 576 and 862 (reflecting orders entered during status conferences

held on November 7, 2013and January 10, 2014, extending time to respond for Unaffiliated

Defendants not participating in mediation).

In light of the foregoing, and where Liberty continues to participate in the Mediation

Program, Liberty respectfully requests entry of an order clarifying that Liberty is not obligated to

---

[1] The complaints filed against Liberty that are not Short Form Complaints were filed by plaintiffs *Fusco* (1:13-cv-10603), *York* (1:13-cv-10626), *Driscoll* (1:13-cv-13233), *Montague* (1:13-cv-13230), *and Phillips* (1:13-cv-13232).

respond to the Master Complaint or any other Complaint filed in the MDL until Liberty

withdraws from the Mediation Program.  In the event of such withdrawal, Liberty proposes it

respond within thirty (30) days to any Complaints with which it has been served.  A proposed

order is attached hereto as Exhibit 1.

WHEREFORE, Defendant Liberty Industries, Inc., with the assent of the Plaintiffs'

Steering Committee, respectfully requests the motion be allowed and this Honorable Court enter

an order in the form attached.

Respectfully submitted,
LIBERTY INDUSTRIES, INC.,
By its attorney,

*/s/ Dianne E. Ricardo*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES NETBURN O'CONNOR
   & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
Dated:  March 17, 2014            (617) 728-0052 (F)

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District
Court for the District of Massachusetts, I hereby certify that this document, filed through the
ECF system, will be sent electronically to the registered participants as identified on the Notice
of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as
non-registered participants, if any, on March 17, 2014.

*/s/ Dianne E. Ricardo*
Dianne E. Ricardo

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for the Plaintiffs' Steering Committee and that the parties reached agreement with respect to the foregoing motion such that the Plaintiffs' Steering Committee assents to the relief sought herein.

*/s/ Dianne E. Ricardo*
Dianne E. Ricardo

Dated:  March 17, 2014

*G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Motion to Extend Time to Answer.docx*