UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>   All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF FILING OF AN AMENDED AND SUPPLEMENTAL
EXHIBIT 1 TO THE CHAPTER 11 TRUSTEE'S RENEWED AND
SUPPLEMENTAL MOTION TO TRANSFER ADDITIONAL PERSONAL
INJURY TORT AND WRONGFUL DEATH CASES TO THIS COURT**

**Introduction**

On March 10, 2013, the Trustee filed a *Motion to Transfer Personal Injury Tort and Wrongful Death Cases to this Court pursuant to 28 U.S.C. §§ 1334 and 157(b)(5)* [MDL Doc. No. 37] (the "Transfer Motion"). The Transfer Motion sought to transfer to this Court all personal injury and wrongful death cases then pending in both state and federal courts which involved claims arising from the use of allegedly contaminated pharmaceuticals compounded and/or distributed by NECC and other third parties. Those cases fell into the four (4) following categories: (1) cases pending in other federal courts that had not yet been transferred here; (2) cases pending in state courts where removal was in process; (3) cases pending in state courts that named NECC or affiliated entities as defendants; and (4) cases pending in state courts that did not name NECC or affiliated entities as defendants.

On May 31, 2013, this Court entered a *Memorandum and Order on Trustee's Motion to Transfer* [MDL Doc. No. 170] (the "Transfer Opinion"), granting the Transfer Motion in part and denying it in part, without prejudice. *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, 496 B.R. 256, 262 (D. Mass. 2013). The Transfer Motion was granted as to cases within

categories (1), (2) and (3). The Transfer Motion was denied, without prejudice, as to cases within category (4). *Id.* at 277-78.

With regard to category (4) cases, this Court assumed the existence of subject matter jurisdiction, but declined to exercise its discretion and, therefore, abstained from exercising such jurisdiction. *Id.* at 277. This Court further stated that "[t]he Court may, in the future, assert jurisdiction over [cases where a defendant asserts claims for indemnity or contribution against NECC] but will refrain from deciding that issue at this time." *Id.* at 274.

Subsequent to the entry of the Transfer Opinion, the Bankruptcy Court entered its *Order (I) Establishing Deadline for Submitting Proofs of Claim, (II) Approving Certain Additional Requirements and Procedures for Personal Injury Tort and Wrongful Death Claims and (III) Approving Form and Manner of Notice Thereof* [Bankr. Doc. No. 582] (the "Bar Date Order"), fixing January 15, 2014 at 4:00 p.m. as the claims deadline. In response to the Bar Date Order, Insight, a defendant previously identified in fourteen category (4) cases, filed the Insight Proof of Claim.[1] The automatic stay set forth in 11 U.S.C. § 362 prohibits Insight from naming NECC as a defendant in any civil action, and the filing of a proof of claim is Insight's only appropriate vehicle for asserting indemnity and contribution claims against NECC.

On December 20, 2013, Insight Health Corp. ("Insight") filed a proof of claim (the "Insight Proof of Claim") seeking damages for contribution and indemnity against the NECC

---

[1] The Insight Proof of Claim identifies twenty-two current State Court Actions. The Addendum to the Insight Proof of Claim states that, in addition to the Roanoke Suits, there may be additional, future suits ("Potential Roanoke Claims") and that "this Proof of Claim hereby asserts claims against NECC for each of the grounds set forth below on account of each Potential Roanoke Claim that becomes an actual claim against Insight." Addendum to Insight Proof of Claim at ¶ 32.

estate in the State Court Actions, as well as for direct claims allegedly arising from fraud, negligence, and breach of warranty.[2]

As a result, on December 27, 2013, Paul D. Moore, the Chapter 11 Trustee for the bankruptcy estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), pursuant to 28 U.S.C. §§ 157(b)(5) and 1334, filed his renewed and supplemental motion (the "Supplemental Transfer Motion") [MDL Doc. No. 732] for entry of an order transferring to this Court personal injury and wrongful death cases that were identified on Exhibit 1 (the "State Court Actions") [MDL Doc. No. 733-1] to the accompanying memorandum of law (the "Memorandum of Law") [MDL Doc. No. 733].  On January 27, 2014, in response to various objections to and in further support of the Supplemental Transfer Motion, the Trustee and the Official Committee of Unsecured Creditors filed an omnibus reply (the "Reply") [MDL Doc. No. 818].  Attached to the Reply was the declaration of Rommel Mapa (the "Mapa Declaration"), an employee of the Debtor's claims agent, Donlin, Recano & Company, Inc.  The Mapa Declaration verified that the plaintiffs identified on Exhibit 1 to the Supplemental Transfer Motion had filed proofs of claim in the NECC chapter 11 case.

**The Recently Filed State Court Actions**

Since the filing of the Supplemental Transfer Motion, the Trustee has become aware of three (3) additional personal injury and wrongful death cases which were filed against Insight after the dates of the Insight Proof of Claim and the Supplemental Transfer Motion:  (1) *Nora Bell, et al., v. Insight Health Corp., et al.*, Roanoke City Circuit Court, Docket No. CL14-531; (2) *Gladys Austin, et al., v. Insight Health Corp., et al.*, Roanoke City Circuit Court, Docket No.

---

[2] A true and correct copy of the Insight Proof of Claim, including the addendum thereto (the "Insight Addendum"), was attached to the Memorandum of Law as Exhibit 2.

CL14-532; and (3) *William L. Neal, et al., v. Insight Health Corp., et al.*, Roanoke City Circuit Court, Docket No. CL14-533.  As set forth in the Mapa Declaration, all of the plaintiffs in the new cases, as well as the plaintiffs in the other Virginia lawsuits, have filed proofs of claim in the NECC bankruptcy.  The Trustee seeks to transfer these actions pursuant to the Supplemental Transfer Motion.  The Trustee has therefore prepared an amended and supplemental Exhibit 1 to the Supplemental Transfer Motion, attached hereto, which identifies these new actions.

Dated: March 19, 2014               Respectfully submitted,

                                    DUANE MORRIS LLP

                                    */s/ Michael R. Gottfried*
                                    Michael R. Gottfried
                                    (BBO# 542156)

                                    100 High Street
                                    Suite 2400
                                    Boston, MA 02110-1724
                                    Phone: (857) 488-4200
                                    Email: mrgottfried@duanemorris.com

                                    *Counsel for the Chapter 11 Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing *Notice of Filing of an Amended and Supplemental Exhibit 1 to the Chapter 11 Trustee's Renewed and Supplemental Motion to Transfer Additional Personal Injury Tort and Wrongful Death Cases to this Court,* filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 19, 2014.

                                                 */s/ Michael R. Gottfried*
                                                 Michael R. Gottfried