UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419 <br><br> Master Dkt. No. 1:13-md-2419- RWZ |
| This Document Relates To: <br> All Cases |  |

## DEFENDANT UNIFIRST CORPORATION'S ASSENTED-TO MOTION FOR LEAVE TO EXCEED PAGE LIMIT

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(b)(4) of the United States District Court for the District of Massachusetts, Defendant UniFirst Corporation ("UniFirst") hereby moves this Court, with the assent of the Plaintiffs' Steering Committee ("PSC"), for leave to file a memorandum of law that exceeds the twenty-page limit imposed by Local Rule 7.1(b)(4) in support of its motion to dismiss. Specifically, UniFirst requests a limited extension of 10 additional pages for its forthcoming memorandum of law in support of its motion to dismiss, due to be filed on April 1, 2014.

In support of its motion, UniFirst states as follows:

1. UniFirst is currently the only national defendant litigating in this multidistrict litigation. UniFirst was named in the first "short form" complaint filed on December 18, 2013, and has been named in each of the ensuing 330 short form complaints filed to date.[1] Notably,

---

[1] *See* Plaintiffs' Steering Committee's Status Report, filed March 12, 2014 at page 21. (Dkt. No. 1005).

while other unaffiliated defendants—such as the hospital, clinic, and doctor defendants—are named by plaintiffs residing in only one jurisdiction, UniFirst is named in cases arising in multiple states. Indeed, not only is UniFirst the only unaffiliated defendant named in each and every short form complaint, but the plaintiffs who have filed the complaints reside in at least 17 different states.

2. The Master Complaint asserts five counts against UniFirst, including both statutory and common law claims. UniFirst opposes each and every claim and will seek the dismissal of all claims asserted against it. To do so, however, UniFirst needs to research and (likely) brief the law of multiple jurisdictions. UniFirst is the only active defendant facing this challenge.[2]

3. The number of claims, the laws of the various jurisdictions at issue, and the complexity of analysis require more than twenty pages to brief UniFirst's motion to dismiss.

4. UniFirst understands and appreciates the Court's admonition at the March 13, 2014 status conference regarding the length of the parties' submissions and will endeavor to submit a memorandum that is less than the 30 pages requested by this Motion. But UniFirst is in a unique position, as it is a defendant *in actions governed by the laws of at least 17 different states*. UniFirst's forthcoming motion to dismiss also is a critical filing that could (and should) resolve all claims brought against UniFirst, thus preventing costly discovery and litigation for the company.

5. Counsel for UniFirst and the PSC have conferred, and the PSC assents to UniFirst's request for an additional 10 pages. The PSC similarly appreciated the Court's statements at the status conference and states that it will not uniformly assent to all requests for

---

[2] It is worth noting that a number of other defendants have requested and received page extensions for their respective motions to dismiss, even though those defendants need only address the law of a single state.

additional pages.  But given the complexity of the issues to be addressed in UniFirst's motion and the numerous jurisdictions under whose laws those issues must be addressed, the PSC agreed in this instance that a limited extension of 10 pages was appropriate.

6. The parties also understand that the complexity of issues to be presented in UniFirst's forthcoming motion to dismiss may affect the briefing schedule.  The parties may return to the Court for an additional request on behalf of the PSC to extend the briefing schedule once the PSC has had an opportunity to assess the issues raised in UniFirst's motion to dismiss.

WHEREFORE, UniFirst respectfully requests, with the assent of the PSC, that the Court grant leave for 10 additional pages for its memorandum in support of its motion to dismiss.

Respectfully submitted,

DEFENDANT UNIFIRST CORPORATION

By its attorneys,

*/s/ James C. Rehnquist*

James C. Rehnquist (BBO #552602)
Roberto M. Braceras (BBO # 566816)
Abigail K. Hemani (BBO # 650721)
Damian W. Wilmot (BBO # 648693)
Josh L. Launer (BBO # 673661)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, Massachusetts 02109-2881
Telephone: 617.570.1000
Facsimile: 617.523.1231
jrehnquist@goodwinprocter.com
rbraceras@goodwinprocter.com
ahemani@goodwinprocter.com
dwilmot@goodwinprocter.com
jlauner@goodwinprocter.com

Dated: March 21, 2014

## LOCAL RULE 7.1(A)(2) CERTIFICATION
## AND CERTIFICATE OF SERVICE

I, James C. Rehnquist, hereby certify that counsel for Defendant, UniFirst Corporation, conferred by e-mail with opposing counsel in an effort to resolve or narrow the issues presented in this motion prior to filing, and opposing counsel assents to the relief sought herein.

I further certify that a copy of this document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF) will be sent to these parties by operation of the CM/ECF system on March 21, 2014.

*/s/ James C. Rehnquist*