UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> Suits Identified in the Exhibit to the ) <br> Tennessee Defendants' Previously- ) <br> Filed Motion to Dismiss [Dkt. 771] ) <br> _____ ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**Motion for Permission to Supplement the Tennessee Defendants' Memorandum of Law in Support of Their Motion to Dismiss Global Claims**

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), Howell Allen Clinic, a Professional Corporation ("Howell Allen"), John W. Culclasure, M.D. ("Dr. Culclasure"), Debra V. Schamberg, R.N. ("Ms. Schamberg"), Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, M.D. ("Dr. Lister"), and Kenneth Lister, M.D., P.C. ("Dr. Lister's Practice") (collectively "the Tennessee Defendants") move the Court, pursuant to Local Rule 7.1(b)(3), to allow them to file a Supplement to their previously-filed Memorandum of Law in Support of Their Motion to Dismiss Global Claims.[1]

---

[1] The Tennessee Defendants' Memorandum of Law in Support of Their Motion to Dismiss Global Claims is filed at Dkt. 772.

The Tennessee Defendants' Supplement seeks to:

1. Explain why the Plaintiffs' Steering Committee's ("PSC") First Amendment to the Master Complaint still fails to state a civil conspiracy claim upon which relief can be granted.[2] [3]

2. Further explain that any direct claim against Howell Allen for product liability (separate and apart from the claimed liability of Howell Allen as a part-owner of STOPNC) should be dismissed as it fails to state a claim upon which relief can be granted.[4]

3. Add two additional cases to the Summary of Case Law on Health Care Provider Products Liability Nationally, which was an exhibit to The Tennessee Defendants' Memorandum of Law in Support of Their Motion to Dismiss Global Claims, as yet more support for the near-universal rule that health care providers are not sellers of products used in the provision of medical care.[5]

The PSC will not be prejudiced by the Tennessee Defendants' Supplement because the PSC has not filed their response to the Tennessee Defendants' Motion to Dismiss Global Claims.[6] Furthermore, the Tennessee Defendants' Supplement does not significantly change the analysis of the Tennessee Defendants' grounds for dismissing the "global claims."[7] The Tennessee Defendants do not anticipate the information in the supplement will require specific response by the Plaintiffs beyond what the Plaintiffs already are responding to by the March 28 deadline. However, the supplement does

---

[2] The PSC amended the Master Complaint on January 31, 2014, at Dkt. 832.

[3] In their previously-filed Motion to Dismiss, the Tennessee Defendants explained why the civil conspiracy claims pled by various Tennessee Plaintiffs failed to state a claim upon which relief can be granted. The PSC filed the First Amendment to the Master Complaint in an apparent attempt to cure their numerous pleading deficiencies and add new factual allegations specific only to STOPNC, Howell Allen, Ms. Schamberg, and Dr. Culclasure.

[4] This ground for dismissal simply states that, to the extent the PSC alleges that Howell Allen, independent of STOPNC, sold NECC preservative-free methylprednisolone acetate to the Plaintiffs, the PSC failed to plead facts supporting the allegation.

[5] The Summary of Case Law on Health Care Provider Products Liability Nationally, with the two cases added, is attached as an exhibit to the Supplement. The Summary of Case Law on Health Care Provider Products Liability Nationally was previously filed at Dkt. 772-1. The two (2) additional cases bring to 25 the number of states specifically holding that health care providers are not sellers of the items consumed during the provision of health care services.

[6] The PSC's response is due on March 28, 2014.

[7] The Supplement only contains ten (10) pages of substantive argument.

2

contain information that the Tennessee Defendants feel should be considered by the Court in the context of deciding their Motion to Dismiss Global Claims.

The Tennessee Defendants' Supplement directly addresses the Plaintiffs' attempt to amend the civil conspiracy claim. The amendment came after the Tennessee Defendants filed their initial brief and is not addressed by the initial brief. The Supplement identifies a specific argument for dismissal of the product liability claim against a single defendant not explicitly delineated in the initial brief. Lastly, the Supplement adds two case cites to the argument that a product liability claim is not viable against a health care provider, located by the Tennessee Defendants during ongoing research on this issue.

For the foregoing reasons, the Tennessee Defendants respectfully request that the Court grant the Tennessee Defendants' request for leave to file a Supplement to the Tennessee Defendants' Memorandum of Law in Support of Their Motion to Dismiss Global Claims.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/Chris J. Tardio
**C.J. Gideon, Jr.**[8]
**Chris J. Tardio**[8]
**Alan S. Bean**[9]
**Matthew H. Cline**[8]
**John-Mark Zini**[8]
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 21st day of March, 2014.

/s/ Chris Tardio
**Chris Tardio**

---

[8] Admitted pursuant to MDL Order No. 1.
[9] Admitted *pro hac vice*.

4