UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL No. 1:13-md-02419 |
| This Document Relates To: ) ) | Hon. Rya W. Zobel |
| All Cases ) ) | |

**ROANOKE FRITH & ELLERMAN PLAINTIFFS' AMENDED AND SUPPLEMENTAL RESPONSE IN OPPOSITION TO TRUSTEE'S RENEWED MOTION TO TRANSFER**

The Trustee for the estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor") moved this Court to transfer certain personal injury cases pending in Roanoke Virginia, pursuant to 28 U.S.C. §§ 157(b)(5) and 1334(b). Trustee claims these category (4) four cases (pending in state courts that did not name NECC or affiliated entities as defendants) should be transferred because the defendant in these actions, Insight Health Services Corp., its affiliated companies, and the Plaintiffs, have filed proofs of claim against NECC.

For the reasons stated herein, counsel for Virginia Plaintiffs Chance Baker, Ferman Wertz and Patrick Johnston aver that this Court lacks jurisdiction over their claims, regardless of whether defendants or Plaintiffs filed proofs of claim against the Estate, and that this Court should chose not to exercise jurisdiction over their cases in the interest of justice.

Procedural History

With regard to category (4) cases, this Court assumed the existence of subject matter jurisdiction but abstained from exercising such jurisdiction on May 31, 2013, holding that whether this Court had jurisdiction over the State cases was "unclear at best." In re New Eng. Compounding Pharm. Prods. Liab. Litig., 496 B.R. 256, 274 (D. Mass. 2013).

Even assuming such jurisdiction existed, the Court nonetheless abstained from exercising such jurisdiction pursuant to 28 U.S.C. § 1334(a):



> [A] number of factors suggest that abstention is warranted as to some of the cases that the trustee is seeking to have transferred. The issues that will decide the debtor's liabilities and the validity of claims against the estate primarily involve state law. State-court plaintiffs, as well as the states themselves, certainly have a strong interest in having state-law claims adjudicated by the state-court system. Most importantly, the basis for asserting jurisdiction over the state-court cases at issue is confined entirely to § 1334, and that jurisdiction is unclear at best. The potential harm to federal-state comity is potentially at its greatest where the basis for federal jurisdiction is uncertain. Id.

The Insight Defendants have now filed a proof of claim against the Debtor based on theories of contribution and indemnity. The Plaintiffs, faced with a bar date, also filed proofs of claim against the Estate. Notwithstanding these filings, this Court shall decline to exercise jurisdiction over these state court claims for the following reasons:

1. Related to jurisdiction does not exist simply because one or more party has filed a proof of claim against the Estate; and

2. Justice requires this Court to abstain from exercising jurisdiction.

Accordingly, for the foregoing reasons, the Court should decline to exercise "related to" jurisdiction and the Trustee's motion should be denied.

**1. Related to jurisdiction does not exist simply because one or more party has filed a proof of claim against the Estate**

The Insight Defendants' potential unliquidated claims for contribution and indemnity against the Debtor are insufficient to confer "related to" jurisdiction over the plaintiffs' cases which do not name NECC or its affiliated companies. Therefore, as articulated in Pacor, Inc. v. Higgins, this Court does not have jurisdiction over Plaintiffs' claims. Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

The Court has original but not exclusive jurisdiction over civil proceedings that are "related to" the bankruptcy case. 28 U.S.C. § 1334(b). Section 1334(b) states in relevant part the "district courts shall have original but not exclusive jurisdiction of all civil proceedings … related to cases under title 11." Id. Such claims are "related to" the bankruptcy case if "the



2

outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, 994.

There is no "related to" jurisdiction when the non-debtor lacks an existing right to contribution or any contractual right to indemnity, as is the case here, because the Insight Defendants do not have contractual indemnity with NECC or an existing right to contribution. Federal-Mogul Global, Inc., 300 F.3d 368 (3d Cir. 2002); see, e.g., Pacor, Inc., at 994; GAF Corp. v. Johns-Manville Corp. (In re Johns Manville Corp.), 26 B.R. 405 (Bankr. S.D.N.Y. 1983).

Further, Insight's proof of claim does not create a right of contribution under Virginia law, which states such right does not accrue until the joint tortfeasor has paid or settled a claim. Sullivan v. Robertson Drug Co., 273 Va. 84 (2007). The Insight Defendants have not paid or settled any claims with the Plaintiffs. Moreover, there is no right of contribution if a joint tortfeasor has engaged in moral turpitude, such as misrepresentation. VA. CODE § 8.01-34 ("Contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude."). Accordingly, even if the Insight Defendants pay or settle a claim, the Insight Defendants will be foreclosed from seeking contribution from the Debtor because it engaged in intentional acts that violated Virginia state law and acts of moral turpitude. Additionally, a defendant's active negligence precludes claims for implied indemnification. Philip Morris, Inc. v. Emerson, 235 Va. 380 (1988).

Further, whether the Plaintiffs filed a proof of claim against NECC in no way effects the impact their state court claim against unaffiliated corporate defendants will have against NECC's Estate. They have now been listed as potential creditors for the bankrupt Estate and the outcome of their state court case in no way changes their creditor status.

In sum, it cannot be said that the Insight Defendants' claims will have any "conceivable effect" on the Debtor's reorganization. Nor will the Plaintiffs' proofs of claim have any conceivable effect on whether their state court cases effect the Debtor's reorganization.



Moreover, the Insight Defendants lack contractual indemnity with the Debtor. As Pacor concluded, a potential, unliquidated claim for contribution and indemnity is plainly insufficient to confer "related to" jurisdiction over non-debtor cases. Accordingly, the Court should deny the Trustee's motion to transfer Baker, Johnston, and Wertz because no jurisdiction exists over the cases.

### 2. Justice requires this Court to abstain from exercising jurisdiction

Federal courts are courts of limited jurisdiction and are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution. Even if this Court holds that "related to" jurisdiction exists over the plaintiffs' cases, the Court should nonetheless abstain from exercising jurisdiction "in the interest of justice," "in the interest of comity with State courts" and in the interest of "respect for State law." 28 U.S.C. § 1334(c)(1).

Plaintiffs have state court trial dates all of which are set to be heard between August of 2014 and January 2015.[1] Depositions have been taken, discovery is almost complete and expert designation deadlines are fast approaching for the Plaintiffs. Justice requires the Plaintiffs have their day in court, after months of discovery, motions and many hours spent seeking significant advice and guidance from the local court. The effect of transferring cases when the parties have already agreed upon trial dates, and the federal court has already refused to exercise jurisdiction, is significant. Essentially, the Plaintiffs will be punished by working so diligently on their cases, seeking immediate access to the courts, retaining experts, taking depositions, and narrowing their claims. Justice requires that Baker, Wertz and Johnston be allowed to seek resolution of their claims in a timely manner, in the same court they have been pursuing these cases for the last fourteen months.

---

[1] The Baker matter was improperly removed to Federal Court in March 2014, WD Va Case No. 7:14-0095 . Baker has filed a Motion to Remand back to state court which counsel reasonably anticipates will be granted for the second time as the removing party, a third party defendant, does not have the right of removal. The state court however, is preserving the August 2014 Baker trial date pending remand.

4

In addition to the factors set forth in Section 1334(c), the First Circuit has held that additional factors may weigh in favor of abstention: (a) the extent to which state law issues predominate over bankruptcy issues; (b) the presence of a related proceeding commenced in state court or other non-bankruptcy court; and, (c) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties. In re Middlesex Power Equipment & Marine, Inc., 292 F. 3d 61, 69-70 (1st Cir. 2002).

First, Virginia state law predominates over the claims and the Plaintiffs' complaint involves novel legal theories under Virginia law including violation of Virginia Code, Virginia consumer protection laws, as well as fraud and warranty claims. Insight previously attempted to remove these claims to the Western District of Virginia federal court, which abstained from exercising jurisdiction and remanded the cases back to state court in May of 2013.

Second, the Trustee admits the primary purpose of its transfer motion is to consolidate claims against NECC. See Trustee's Motion, MDL No. 38, p. 2. ("These personal injury and wrongful death claims represent the vast majority of claims against the Debtor's estate."). If the primary goal is to consolidate all of the mass tort cases pending against the Debtor, which has already been accomplished, there is no need to disrupt state court proceedings concerning non-debtor, unaffiliated defendants, especially when the Plaintiffs' cases have been proceeding through discovery for over a year and have been set for jury trial.

The First Circuit also held federal courts have broad discretion to decline from hearing "state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" Middlesex, at 69. Since the case against the non-debtor was unrelated to the bankruptcy proceedings, and indeed governed by state law, the First Circuit affirmed the district court's decision to abstain. Id.



Conclusion

The Trustee's motion should be denied because the Insight Defendants' potential, unliquidated claims for contribution and indemnity are insufficient under Pacor to invoke the Court's "related to" jurisdiction.

The mere fact the Insight Defendants asserted potential, unliquidated claims for contribution and indemnity against the Debtor is insufficient to confer "related to" jurisdiction over the Plaintiffs' cases under the Pacor case and its progeny. In addition, under Virginia law, the Insight Defendants lack existing, valid claims to a right of contribution or implied indemnity from the Debtor. The Plaintiffs' claims are based on the Insight Defendants' fraud and state-law violations constituting negligence *per se*. Their active negligence and acts of moral turpitude preclude any right to contribution or indemnity.

Even if the Court decides that "related to" jurisdiction exists over these cases, the Court should nonetheless abstain from exercising jurisdiction. The Plaintiffs' claims against the Insight Defendants involve different evidence, different witnesses, and different causes of action, than the cases that were transferred last year. Virginia law predominates over the Plaintiffs' unique, novel theories of recovery, and in the interest of comity with Virginia courts, the state court should be permitted to retain jurisdiction over the cases until trial later this year, and the Court should abstain from transferring the cases.

Plaintiffs ask this Court to conclude that the outcome of these actions will not affect the NECC bankruptcy proceedings and therefore these proceedings are not within "related to" subject matter jurisdiction. Jurisdiction cannot be found where the outcome of the removed case will create only contingent claims against a non-party debtor, and justice demands the Plaintiffs be allowed to proceed with their state court claims already set for trial.



6

For the foregoing reasons, the Plaintiffs respectfully request that the Trustee's renewed motion to transfer be denied as to Baker, Wertz and Johnston.

        Respectfully submitted,

        PLAINTIFFS

        <u>/s/ Lauren Morgan Ellerman</u>

        By Counsel

T. Daniel Frith, III, Esquire (VSB #22065)
Lauren M. Ellerman, Esquire (VSB #68464)
FRITH & ELLERMAN LAW FIRM, PC
P. O. Box 8248
Roanoke, VA 24014
Telephone: (540) 985-0098
Facsimile: (540) 985-9198
dfrith@frithlawfirm.com
lellerman@frithlawfirm.com

*Counsel for Chance Baker, Patrick Johnson, and Ferman Wertz*

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that on this 27th day of March 2014, a true and exact copy of the foregoing was filed with this Court's CM/ECF filing system, thereby providing electronic notice to those counsel of record listed below who are registered users of the system. Paper copies will be sent to non registered users.

        PLAINTIFFS BAKER, WERTZ, JOHNSTON

        <u>/s/ Lauren Morgan Ellerman</u>

        By Counsel

