**LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC**
**3131 Princeton Pike, Building 1B**
**Trenton, New Jersey 08648**
**(609) 896-2000**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | Document Electronically Filed<br><br>MDL No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO:<br>*Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410 | **NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT** |

**TO:**   Michael F. Barrett, Esq.
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
8000 Sagemore Drive, Suite 8303
Marlton, NJ  08053
Attorney for plaintiff

**ON FURTHER NOTICE TO:**

Frederick H. Fern, Esq.
Harris Beach, PLLC
One Gateway Center, Suite 2500
Newark, NJ  07102

Franklin H. Levy, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, MA  02210

Walter F. Timpose, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemle Avenue
P.O. Box 2075
Morristown, NJ  07962-2075

Matthew Moriarty, Esq.
Tucker Ellis, LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH  44115

Stephen A. Grossman, Esq.
Montgomery, McCracken, Walker & Rhoads, LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ  08002

**PLEASE TAKE NOTICE THAT** the undersigned shall apply to the United States District Court for the District of Massachusetts, at the United States District Court, 1 Courthouse Way, Boston, Massachusetts 02210, for an Order granting the moving party Summary Judgment and dismissing plaintiff's Complaint with prejudice for plaintiff's failure to serve a proper Affidavit of Merit.

**TAKE FURTHER NOTICE** that this motion is submitted pursuant to FRCP 56. Reliance shall be placed on the attached Certification, Statement of Undisputed Material Facts and Brief.

No trial date, pretrial conference or calendar calls have been scheduled in this matter.

A proposed form of Order is submitted herewith.

LENOX, SOCEY, FORMIDONI, GIORDANO,
 COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

/s/ Joseph R. Lang, Esquire

_____

Joseph R. Lang, Esquire

DATED: **March 28, 2014**

**LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC**
**3131 Princeton Pike, Building 1B**
**Trenton, New Jersey 08648**
**(609) 896-2000**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | **Document Electronically Filed** <br><br> MDL No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO: <br> *Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410 | **CERTIFICATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE** |

I, Joseph R. Lang, Esquire, upon my oath, do hereby state:

1. I am an attorney-at-law licensed to practice in the State of New Jersey, and a member of the law firm of LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC, for the defendant, **Nitesh Bhagat, M.D.** As such, I am fully familiar with the facts and circumstances surrounding this case and make this Certification in support of defendant's Motion to Dismiss the Plaintiff's Complaint With Prejudice for Plaintiff's Failure to Serve a Proper Affidavit of Merit.

2. This case is a complex medical malpractice matter involving the administration of an epidural injection by Dr. Nitesh Bhagat, M.D., a board certified radiologist. See copy of Dr. Bhagat's CV attached hereto as Exhibit A.

3. An Answer to plaintiff's Complaint was filed and served upon plaintiff on July 11, 2013. See the Defendant's Answer at MDL Docket Entry Number 40.

4. Our Answer made a request for an Affidavit of Merit and this request was further made in the Notice to Produce Documents served upon plaintiff's counsel in this case by correspondence dated January 22, 2013. See copy of letter and Notice to Produce Documents attached to this Certification as Exhibit B.

5. An Affidavit of Merit was to be served by plaintiffs by no later than November 8, 2013.

6. We had previously attempted to file an Answer to the Complaint in State Court only to find out that the case had been removed to Federal Court for the District of New Jersey. Furthermore, we attempted to file an Answer in the Federal Court in New Jersey only to learn that the case had been transferred to the MDL Docket in Federal Court in the District of Massachusetts.

7. As a result, the plaintiff was well aware of our representation of Dr. Bhagat before I was able to obtain pro hac vice admission in order to formally file the Answer on behalf of Dr. Bhagat.

8. The plaintiff served an Affidavit of Merit by correspondence dated March 13, 2013. See copy of correspondence attached hereto as Exhibit C.

9. The plaintiff served the Affidavit of Merit of Brian Currie, M.D., who states in his Affidavit that he is board certified in the specialty of infectious diseases. See a copy of Dr. Currie's Affidavit of Merit attached hereto as Exhibit D.

10. By correspondence dated September 25, 2013, I advised plaintiff's counsel that I was objecting to the Affidavit of Merit of Dr. Currie due to the fact that it did not meet statutory requirements because Dr. Currie is not board certified in the same specialty as Dr. Bhagat. See copy of correspondence attached hereto as Exhibit E.

11. The American Board of Radiology has issued written descriptions of the specialty of Diagnostic Radiology and the subspecialty of Neuroradiology. This description demonstrates significant differences from that of a physician board certified in infectious disease medicine. A copy of the information from the American Board of Radiology description of Diagnostic Radiology and the subspecialty of Neuroradiology is Attached hereto as Exhibit F.

12. As a result of plaintiff's failure to serve a proper Affidavit of Merit as set forth above and as set forth in our accompanying brief, on December 5, 2013, this defendant moved for Summary Judgment to dismiss the plaintiff's Complaint with prejudice for plaintiff's failure to serve a proper Affidavit of Merit. See Defendant's Motion for Summary Judgment at MDL Docket Entry Number 605.

13. The Plaintiff opposed this application on the basis that a short form complaint was recently filed, and that discovery was needed to determine Dr. Bhagat's role and involvement in purchasing the injectable compounds at issue in this multi-district litigation. See Plaintiff's Opposition to Defendant's Motion for Summary Judgment at MDL Docket Entry Number 628.

14. The Court denied the Defendant's motion, without prejudice to the resubmission of the motion. MDL Dkt. No. 720.

I hereby certify that the foregoing statements made by me are true. I acknowledge that if any of the foregoing are willfully false, I am subject to punishment.

LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

/s/ Joseph R. Lang, Esquire
_____
Joseph R. Lang, Esquire

DATED: **March 28, 2014**

**LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC**
**3131 Princeton Pike, Building 1B**
**Trenton, New Jersey 08648**
**(609) 896-2000**

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION** | **Document Electronically Filed** |
| | MDL No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO: *Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410 | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AS TO NITESH BHAGAT, M.D. FOR PLAINTIFF'S FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT** |

This matter having been opened to the Court on the application of LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC, attorneys for the defendant, **Nitesh Bhagat, M.D.,** for the entry of an Order dismissing the plaintiff's Complaint with prejudice for plaintiff's failure to serve a proper Affidavit of Merit against Dr. Bhagat, and upon notice to Michael F. Barrett, Esq., attorney for the plaintiffs and upon notice to all other counsel of record, and the Court having read the moving papers and any papers submitted in opposition, and after having heard oral argument, if any, and for good cause shown;

IT IS ON THIS            day of April, 2014;

ORDERED, that the plaintiff's Complaint and any all crossclaims against the defendant, Nitesh Bhagat, M.D., be and are hereby dismissed with prejudice for plaintiff's failure to serve a proper Affidavit of Merit; and it is further

ORDERED, that a copy of this Order be served upon all counsel of record within seven (7) days of the date hereof.

_____

_____ Opposed

_____ Unopposed

**LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC**
**3131 Princeton Pike, Building 1B**
**Trenton, New Jersey 08648**
**(609) 896-2000**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION** | **Document Electronically Filed** <br><br> MDL No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO: <br> *Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410 | |

## BRIEF IN SUPPORT OF NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT

On the Brief:

Michael A. Pattanite, Jr., Esq.

LENOX, SOCEY, FORMIDONI, GIORDANO,
 COOLEY, LANG & CASEY, LLC
3131 Princeton Pike, Building 1B
Trenton, New Jersey 08648

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ................................................................................................................ ii

STATEMENT OF UNDISPUTED MATERIAL FACTS............................................................. 1

LEGAL ARGUMENT.................................................................................................................. 3

    I.       PLAINTIFF'S CLAIM MUST BE DISMISSED WITH PREJUDICE IN
              ACCORDANCE WITH THE STATUTE, AS PLAINTIFF HAS FAILED
              TO PROVIDE AN AFFIDAVIT OF MERIT......................................................... 3

    II.      THE PLAINTIFF HAS NOT SERVED A LIKE SPECIALIZED EXPERT
              REPORT AGAINST DR. BHAGAT AND THEREFORE IS BARRED
              FROM PURSUING ANY CLAIM AGAINST DR. BHAGAT ............................ 4

    III.    THE PLAINTIFF'S ARGUMENT THAT DISCOVERY IS NEEDED
              FROM DR. BHAGAT PRIOR TO DECIDING THE INSTANT MOTION IS
              WITHOUT MERIT OR LEGAL
              SUPPORT……………………………………………………6

CONCLUSION ............................................................................................................................ 8

# TABLE OF CITATIONS

**Page**

## I.   CASES CITED

Alan J. Cornblatt, P.A. v. Barow,
153 N.J. 218, 708 A.2d 401(1998)................................4

Burns v. Belafsky,
166 N.J. 466, 766 A.2d 1095 (2001)..............................4

Cornblatt v. Barow,
58 N.J. 218, 276 A.2d 377 (1998)................................4

Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)………………………………………………… 3

Fink v. Thompson,
167 N.J. 551, 772 A.2d 386 (2001)...............................4

Nicholas v. Mynster,
213 N.J. 463, 64 A.3d 536 (2013)..............................5,6

Palanque v. Margaret Lambert-Wooley, M.D.,
327 N.J. Super. 158, 742 A.2d 1002 (App.Div. 2000)...............4

Palanque v. Margaret Lambert-Wooley, M.D.,
168 N.J. 398, 774 A.2d 501 (2001)...............................4

Ryan v. Renny,
203 N.J. 37, 999 A.2d 427 (2010)................................5

## II.   STATUTES CITED

N.J.S.A. 2A:53A-26...............................................3

N.J.S.A. 2A:53A-27.............................................3,4

N.J.S.A. 2A:53A-41.............................................5,6

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. This case is a complex medical malpractice matter involving the administration of an epidural injection by Dr. Nitesh Bhagat, M.D., a board certified radiologist. MDL Dkt. No.

2. An Answer to plaintiff's Complaint was filed and served upon plaintiff on July 11, 2013. MDL Dkt. No. 40.

3. An Answer and Notice to Produce Documents on behalf of Dr. Bhagat served upon plaintiff's counsel requested an Affidavit of Merit be produced by plaintiff. MDL Dkt. No. 4; Exhibit B.

4. The plaintiff served an Affidavit of Merit from Dr. Brian Currie by correspondence dated March 13, 2013. Exhibit C; Exhibit D.

5. Dr. Currie is board certified in the specialty of infectious diseases and is not board certified in diagnostic radiology. Id.

6. The defendant, Dr. Nitesh Bhagat is board certified in the field of diagnostic radiology and underwent specialized training in the field of Neuroradiology. Exhibit A.

7. The date by which plaintiff was to serve an Affidavit from a like specialized expert physician was November 8, 2013. The plaintiff has failed and refused to serve a proper Affidavit of Merit pertaining to Dr. Bhagat.

8. On or about December 5, 2013, Dr. Bhagat previously moved for summary judgment on the issue of Plaintiff's failure to serve a proper Affidavit of Merit. MDL Dkt. No. 605.

9. The Plaintiff opposed the Defendant's motion for summary judgment on the basis that short form complaints were filed, but did not name Dr. Bhagat as a Defendant. MDL Dkt. No. 628.

10. The basis of Plaintiff's opposition was that the motions should be denied without prejudice "so that the Plaintiffs could obtain discovery and documentation pertaining to Dr. Bhagat's role and involvement in purchasing the injectable compounds from New England Compounding Center." Id.

11. The Plaintiff claims that he will be prejudiced should Dr. Bhagat be dismissed from this case. Despite this claim, the Plaintiff did not name Dr. Bhagat as a defendant in the recently filed short form complaint. Id.; MDL Dkt. No. 658.

12. The Court ultimately denied the Defendant's motion without prejudice as to its renewal, The Court stated that the Plaintiff's filing of the amended short form complaints, after the filing of the motion, rendered it unnecessary for the Court to rule on any pending motion for summary judgment. MDL Dkt. No. 720.

13. The Defendant now renews his motion for summary judgment, on the basis that the Plaintiff has ignored the requirements of the Affidavit of Merit Statute as it relates to qualifications of the affiant. Further, Plaintiff's opposition to the motion for summary judgment regarding their need for discovery is not a valid reason to neglect their responsibilities under the Affidavit of Merit Statute. Finally, the basis advanced by the Court in denying Dr. Bhagat's original motion for summary judgment, that a short form complaint was filed, is rendered moot by the fact that Plaintiff did not name Dr. Bhagat as a defendant in the short form complaint.

LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

/s/ Joseph R. Lang, Esquire

_____

Joseph R. Lang, Esquire

DATED: March 28, 2014

## LEGAL ARGUMENT

### I. Plaintiff's claim must be dismissed with prejudice in accordance with the statute, as plaintiff has failed to provide an Affidavit of Merit.

A federal court sitting in diversity must apply state substantive law and federal procedural law. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). As such, the Third Circuit has unanimously held that the New Jersey affidavit of merit statute is substantive state law that must be applied by federal courts sitting in diversity. Chamberlain v. Giampapa, 210 F.3d 154, 161 (3d Cir. 2000).

The New Jersey state legislature has placed the burden of substantiating the claims in a professional malpractice action on the plaintiff.   The "Affidavit of Merit" Statute N.J.S.A. 2A:53A-26 et. seq. establishes the minimum threshold that a plaintiff must overcome in order to sustain a professional malpractice action.  The Statute states that, in a malpractice action against a licensed professional:

> The plaintiff shall, within 60 days following
> the date of the filing of the Answer to the
> Complaint by the defendant, provide each
> defendant with an Affidavit by an appropriately
> licensed person, stating that there exists a
> reasonable probability that the care, skill
> or knowledge exercised, or exhibited, in the
> treatment, practice or work that is the
> subject of the Complaint, fell outside
> acceptable, professional or occupational
> standards or treatment practices. . .  The
> Court may grant no more than one additional
> period, not to exceed 60 days, to file the
> Affidavit pursuant to this Section upon the
> finding of good cause. N.J.S.A. 2A:53A-27.

On July 11, 2013, an Answer to the Complaint was filed on behalf of Dr. Bhagat. Based upon the filing date of the Answer, the plaintiff was required to serve an Affidavit of Merit as to

Dr. Bhagat by no later than November 8, 2013. To date, the plaintiff has failed and refused to serve a proper Affidavit pertaining to Dr. Bhagat.

As a result of the plaintiff's failure to serve a proper Affidavit of Merit pertaining to Dr. Bhagat, this matter is now ripe for dismissal with prejudice as to Dr. Bhagat. Therefore, according to the Statute, the plaintiff has failed to state a cause of action and a dismissal under the Statute, with prejudice is mandated as to this defendant. Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 276 A.2d 377 (1998).

In Palanque v. Margaret Lambert-Wooley, M.D. , 327 N.J. Super. 158, 742 A.2d 1002 (App.Div. 2000), as has been confirmed by our Supreme Court in Palanque v. Lambert-Woolley, 168 N.J. 398, 774 A.2d 501 (2001), a plaintiff must file an affidavit of merit within sixty days of a defendant's answer, but may file after sixty days and up to 120 days of the answer for good cause shown. N.J.S.A. 2A:53A-27; Burns v. Belafsky, 166 N.J. 466, 470-471, 766 A.2d 1095 (2001). If a plaintiff fails to file the affidavit within 120 days, her complaint will be dismissed with prejudice unless extraordinary circumstances prevented the filing. Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 247, 708 A.2d 401 (1998).

Moreover, our Supreme Court has determined that the Affidavit of Merit statute explicitly requires the plaintiff to provide an Affidavit of Merit against each defendant. Fink v. Thompson, 167 N.J. 551, 559, 772 A.2d 386 (2001). The Court further held that the Affidavit must specify that there is a reasonable probability of a claim against specified defendants. Id., at 560. In other words, each defendant must be identified by name in the Affidavit. Here, plaintiffs failed to identify any defendants by name in the Affidavit. Therefore, the Affidavit does not meet the statutory requirements. Fink, supra.

The plaintiff in this case did not serve a proper Affidavit of Merit as to this defendant, nor did they seek within the applicable time frame and for good cause, an additional 60 days in which to do so.  Therefore, defendant, **Nitesh Bhagat, M.D.** is entitled to the protection of the Affidavit of Merit Statute, and plaintiff's Complaint should be dismissed as to him, with prejudice.

## **LEGAL ARGUMENT**

### **II.  The plaintiff has not served an Affidavit of Merit from like specialized physician against Dr. Bhagat and therefore is barred from pursuing any claim against Dr. Bhagat.**

In the recent decision of <u>Nicholas v. Mynster</u>, 213 N.J. 463, 64 A.3d 536 (2013), the New Jersey Supreme Court determined an issue as to the application of N.J.S.A. 2A:53A-41 otherwise known as The Patient's First Act. In that opinion, the Supreme Court ruled that the aforecited statute "requires that plaintiff's medical expert must 'have specialized at the time of the occurrence that is the basis for the (malpractice) action in the same specialty or subspecialty' as defendant physicians." <u>Id.</u>, at 468.

There is no question that Dr. Bhagat specializes in and is board certified in diagnostic radiology with additional training in neuroradiology. The plaintiffs have been so advised on a number of occasions during the course of this case including in the Answer filed on behalf of Dr. Bhagat. However, the plaintiffs have not produced an expert report from a like specialized physician.

Instead, the plaintiffs have produced an Affidavit of Merit from a physician specializing in infectious diseases. The Patient's First Act (N.J.S.A. 2A:53A-41) establishes what qualifications an expert witness in a medical malpractice case must have in order to render an opinion and testimony against a defendant physician at trial. The New Jersey Supreme Court has noted that it has "viewed the Act as a framework in which only an equivalently credentialed specialist would be qualified to testify against another specialist." <u>Id.</u>, at 483; <u>Ryan v. Renny</u>, 203 N.J. 37, 57-59, 999 A.2d 427, 439-41 (2010). As the Court further noted "only a specialist can testify against a specialist about the treatment of a condition that falls within the specialty area." <u>Id.</u>, at 482.

In our case, the treatment rendered by Dr. Bhagat falls within the specialty of diagnostic radiology with additional training in neuroradiology. Therefore, the plaintiffs must produce an expert report from a specialist who is also board certified in diagnostic radiology. The Court rejected the argument made by plaintiffs in Nicholas that the physician did not need to be a like board certified physician in the same specialty if the expert was credentialed by a hospital to treat patients for the same medical condition. In that regard, the Court noted that there was no statutory exception other than the waiver provision (which does not apply in this case) that would permit a physician specializing in a different specialty than the defendant physician to provide testimony against the defendant physician even though each is qualified to treat a patient for a particular condition. Id., at 484. The New Jersey Supreme Court noted that "the apparent objective of N.J.S.A. 2A:53A-41 is to ensure that, when a defendant physician is subject to a medical-malpractice action for treating a patient's condition falling within his/her ABMS specialty, a challenging plaintiff's expert, who is expounding on the standard of care, must practice in the same specialty. Id., at 486.

The two-part question that the New Jersey Supreme Court inquired to evaluate the issues before this Court are,  first, whether or not the physician is a specialist or general practitioner. Obviously, Dr. Bhagat is a specialist in diagnostic radiology. The second inquiry to be addressed is "whether the treatment that is the basis of a malpractice action 'involves' the physician's specialty." Id., at 487. According to the American Board of Radiology, diagnostic radiology and Neuroradiology involve the diagnosis and treatment of diseases through the use of radiographic studies and diagnosis and treatment of disorders of the spine. Dr. Bhagat utilized fluoroscopic guidance to treat a condition of the plaintiff's spine with an epidural injection.  Clearly, the treatment rendered to the decedent falls within the specialty of Dr. Bhagat.

In this case, the plaintiff's expert witness is not a specialist board certified in diagnostic radiology or with a subspecialty in Neuroradiology despite the fact that Dr. Bhagat is and he provided care and treatment within his specialty to this patient. Dr. Currie does not specialize in diagnostic radiology. As a result, his opinions against Dr. Bhagat must be barred and this matter is ripe for summary judgment as a matter of law since plaintiff has produced no further Affidavit of Merit.

## LEGAL ARGUMENT

### III.  The plaintiff's Argument that discovery is needed from Dr. Bhagat prior to deciding the instant motion is without merit or legal support.

In opposition to Dr. Bhagat's original motion for summary judgment, the Plaintiff argued first that they had filed a short form complaint that no longer identified Dr. Bhagat as a defendant. MDL Dkt. No. 720. This argument in no way absolves the Plaintiff from furnishing an Affidavit of Merit from an appropriately licensed physician. If it is the Plaintiff's position that the lack of naming Dr. Bhagat in a short form complaint equates to Dr. Bhagat no longer remaining as a defendant in this matter, than this motion is moot and Plaintiff should sign a stipulation of dismissal with prejudice immediately. This position is unlikely, especially when buttressed with the fact that Plaintiff's second argument that the original motion should be denied so that discovery can be obtained as to Dr. Bhagat. Despite the position that Dr. Bhagat is not named in the short form complaint, Plaintiff has served interrogatories on Dr. Bhagat. The Plaintiff's position with regard to the short form complaint is paradoxical.

The Court denied the Defendant's motion on the basis that the "plaintiffs have adopted the short-form complaint after the filing of the motion." MDL Dkt. No. 720. The Court's decision did not address the Plaintiff's obligation under the Affidavit of Merit statute, but rather denied the motion without prejudice to its renewal. Id.

Notwithstanding the above, Plaintiff's argument that because a short form complaint was filed not naming Dr. Bhagat as an individual defendant, Plaintiff is therefore not obligated to serve an appropriate Affidavit of Merit is without any legal support. Plaintiff's position regarding the short form complaint does not in any way absolve Plaintiff of her statutory requirement to

obtain an appropriate Affidavit of Merit as to Dr. Bhagat. As such, this motion must be granted as a matter of law.

In further opposition to the original motion for summary judgment, the Plaintiff has requested "sufficient time to obtain discovery and documentation pertaining to Dr. Bhagat's role and involvement in purchasing the injectible compounds from New England Compounding Center." MDL Dkt. No. 628. The Plaintiffs go on to state that no relevant documentation has been provided by another defendant, Inspira f/k/a South Jersey Healthcare, because they have agreed to participate in mediation. Id. The Plaintiff argues these facts, in conjunction, will prejudice the Plaintiff because the statute of limitations will expire in October 2014. Id.

The Plaintiff's argument is without merit or legal support. There is no valid legal basis asserted that would absolve the Plaintiff from providing an appropriate Affidavit of Merit. Further, the Plaintiff has gone so far as to obtain an Affidavit of Merit, but from an infectious disease physician, not a radiologist as required. Exhibit C; Exhibit A. Plaintiff's ability to obtain an Affidavit of Merit against Dr. Bhagat, from an unqualified physician, contradicts the very argument he makes as to why the motion should not be granted. It remains, undisputed by Plaintiff, that he has not produced an Affidavit of Merit from an appropriately licensed physician. Accordingly, without a valid legal basis or any legal support in favor of Plaintiff, Defendant's motion for summary judgment must be granted as a matter of law.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the defendant's Motion should be granted.

> LENOX, SOCEY, FORMIDONI, GIORDANO,
>  COOLEY, LANG & CASEY, LLC
> Attorneys for Defendant, **Nitesh Bhagat, M.D.**

> Michael A. Pattanite, Jr., Esquire

DATED:  **March 28, 2014**

**LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC**
**3131 Princeton Pike, Building 1B**
**Trenton, New Jersey 08648**
**(609) 896-2000**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | **Document Electronically Filed**<br><br>MDL No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO:<br>*Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410 | **PROOF OF MAILING** |

I, Danielle Cloney, of full age, hereby certify as follows:

I am employed by the law firm of LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC, attorneys for the respondent, **Nitesh Bhagat, M.D.**, in the above-entitled matter.

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 28, 2014.

_____
**Danielle Cloney, Secretary**

DATED: **March 28, 2014**