# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | : | MDL No. 2419 |
| | : | Docket No. 1:13-md-2419  (RWZ) |
| NEW ENGLAND COMPOUNDING | : | |
| PHARMACY, INC. PRODUCTS | : | |
| LIABILITY LITIGATION | : | Judge Rya W. Zobel |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| KATRINA ELDRETH, individually as | : | |
| surviving parent and heir, and on behalf of the | : | |
| Estate of ARI THOMAS GOMEZ, a minor, | : | |
| deceased, | : | |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| Sunrise Hospital and Medical Center, LLC; | : | |
| Wilson Chu; Barry J. Cadden; Gregory | : | |
| Conigliaro; Lisa Conigliaro Cadden; Douglas | : | |
| Conigliaro; Carla Conigliaro; Glenn A. Chin; | : | |
| Ameridose, LLC; GDC Properties | : | |
| Management, LLC; Medical Sales | : | |
| Management,  Inc.; Medical Sales Management | : | |
| SW, Inc.; ARL Bio Pharma, Inc.; ARL Bio | : | |
| Pharma, Inc. d/b/a Analytical Research | : | |
| Laboratories; and Does 1-100, inclusive, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS SUNRISE HOSPITAL AND MEDICAL CENTER AND WILSON CHU ANSWER TO KATRINA ELDRETH COMPLAINT

Defendants Sunrise Hospital and Medical Center ("Sunrise") and Wilson Chu

(collectively "Defendants") hereby answer Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

The Complaint in this case improperly mixes factual averments with legal argument and

rhetoric such that admissions or denials of the factual averments are difficult or impossible to

make.  Moreover, many of the allegations in the Complaint are overbroad, vague, or conclusory, and include terms that are undefined and that are susceptible to various interpretations. Accordingly, by way of a general response, all allegations in the Complaint are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or the like which are contained in the averment or in the Complaint as a whole.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

<u>**RESPONSE TO PLAINTIFF'S ALLEGATIONS**</u>

**I.  <u>INTRODUCTION</u>**

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore deny them.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore deny them, except Defendants admit that the FDA reported identifying Bacillus halmapalus/horikoshii and Brevibacillus choshinensis in a single lot of NECC cardioplegia solution.

3.      Defendants deny the allegations in Paragraph 3, except admit that NECC recalled medications compounded at its facilities.

**II.  <u>THE PARTIES</u>**

4.      Defendants admit that Katrina Eldreth is named in the Complaint as a Plaintiff in this case.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore deny the same.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore deny the same.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny the same.

7.      Defendants deny the allegations in Paragraph 7, except Defendants admit that (1) Sunrise is incorporated in Delaware; (2) Sunrise is licensed to conduct business in the State of Nevada; and (3) Sunrise has its principal place of business in Las Vegas, Nevada.

8.      Defendants are unable to respond to the allegations in Paragraph 8 in any meaningful way because no time period is specified.  To the extent a response is required, Defendants deny the allegations in Paragraph 12, except Defendants admit that (1) Chu is a registered pharmacist; (2) Chu is licensed to conduct business by the Nevada State Board of Pharmacy; and Chu is (3) currently the Director of Pharmacy at Sunrise.

9.      Defendants are unable to respond to the allegations contained in Paragraph 9 in any meaningful way because no time period is specified and because the term "for consideration" is undefined.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 9, except Sunrise admits that Sunrise treated Ari Gomez.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny the same.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny the same.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny the same.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny the same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny the same.

23. Defendants are unable to respond to the allegations contained in Paragraph 23 in any meaningful way because no time period is specified and because the terms "officers," "directors," and "Defendants" are undefined. In addition, Paragraph 23 asserts legal conclusions,

to which no response it required.  To the extent the allegations relate to defendants other than Sunrise and/or Chu, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore deny the same.  To the extent the allegations relate to Defendants and a response is required, Defendants deny the allegations in Paragraph 23.

24.     Defendants are unable to respond to the allegations contained in Paragraph 24 in any meaningful way because no time period is specified and because the terms "agents," "officers," "employees" and "defendants" are undefined.  In addition, Paragraph 24 asserts legal conclusions, to which no response it required.  To the extent the allegations relate to defendants other than Sunrise and/or Chu, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny the same.  To the extent the allegations relate to Defendants and a response is required, Defendants deny the allegations in Paragraph 24.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25, and therefore deny the same. Defendants deny the allegations in the second sentence of Paragraph 25, except Sunrise admits that Sunrise sent a letter to the parents of Ari Gomez dated October 18, 2013 and refer the court to that letter for its contents.

## III. JURISDICTION AND VENUE

26.     Paragraph 26 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.     Defendants admit the allegations in Paragraph 27.

28.     Paragraph 28 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28, except admit that

NECC filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Massachusetts on December 11, 2012, and refer this Court to the filings in that proceeding, *In re: New England Compounding Pharmacy, Inc., Debtor*, United States Bankruptcy Court for the District of Massachusetts Case No. 12:19882 HJB.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore neither admit nor deny the same.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore neither admit nor deny the same.

31.     Paragraph 31 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 31, except admits that the Judicial Panel on Multidistrict Litigation transferred these actions to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

32.     Paragraph 32 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 32.

**IV. <u>STATEMENT OF THE FACTS</u>**

**A.  RELEVANT BACKGROUND**

33.     Defendants admit that NECC was a compounding pharmacy.  But Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and therefore denies the same.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny them.  Additionally, Paragraph 34 asserts legal conclusions, to which no response is required.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore deny them.

36.     Paragraph 36 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 36, except Defendants admit that Massachusetts Regulation 247 CMR 2.00 states as follows: "<u>Manager of Record </u>or <u>Pharmacist Manager of Record </u>means a pharmacist, currently registered by the Board pursuant to 247 CMR 6.07: *Pharma<u>cist Manager of Record</u>, who is responsible for the operation of a pharmacy or pharmacy department in* conformance with all laws and regulations pertinent to the practice of pharmacy and the distribution of drugs."

37.     Paragraph 37 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them, except Defendants admit that Massachusetts Regulation 247 CMR 6.02(1) states as follows:

> <u>6.02: Conditions for Continuing Registration and Operation of a Pharmacy or Pharmacy Department</u>
>
>> Except as provided by exemptions set forth in 247 CMR 12.00: *Restricted Pharmacy* with respect to restricted pharmacies and 247 CMR 13.00: *Registration Requirements and Minimal Professional Standards for Nuclear Pharmacies* with respect to nuclear pharmacies, the following conditions shall apply to the continuing operation of a pharmacy or pharmacy department:
>>
>> (1) The premises of the pharmacy or pharmacy department shall at all times be kept in a clean and sanitary manner.

38.     Paragraph 38 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.     Paragraph 39 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.     Paragraph 40 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore deny them.

42.     The first sentence of Paragraph 42 asserts legal conclusions, to which no response is required.  To the extent a response to the first sentence of Paragraph 42 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 42, and therefore deny them.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore deny them.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny them.  Additionally, the allegation that "there were many other occasions where employees of Ameridose, MSM and/or MSMSW would perform services for NECC at the direction of NECC's principals" asserts legal conclusions to which no response is required.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore deny them.

46.     The first sentence of Paragraph 46 asserts legal conclusions, to which no response is required.  To the extent to the first sentence of Paragraph 46 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations Paragraph 46, and therefore deny them.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny them.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny them.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny them.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore deny them.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore deny them.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore deny them.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore deny them.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore deny them.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore deny them.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore deny them.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore deny them.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore deny them.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny them.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore deny them.

61.     Paragraph 61 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore deny them.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 62, and therefore deny the same, except Defendants admit that NECC distributed cardioplegia.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 63, and therefore deny the same, except Defendants admit that cardioplegia solution may be used in some open heart procedures.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore deny them.

65.     Defendants are unable to respond to the allegations in Paragraph 65 in any meaningful way because no time period is specified.  To the extent a response is required,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 65, and therefore deny the same.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore deny them.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore deny them.

68.     Defendants admit the allegations in Paragraph 68.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore deny them, except admits an NECC Press Release dated October 6, 2012 exists and refers the Court to that Press Release for the contents therein.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore deny them, except admits that an NECC Press Release dated October 6, 2012 exists and refers the Court to that Press Release for the contents therein.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and therefore deny the same, except that (1) Defendants admit that the FDA identified Sunrise as having received cardioplegia from NECC; (2) Sunrise admits that minor patient Ari Gomez was admitted to Sunrise on August 14, 2012; and (3) admits that Gomez underwent two surgical procedures on August 14, 2012.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore deny them.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore deny them.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore deny them.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore deny them.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore deny them.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore deny them.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore deny them.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore deny them.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore deny them.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore deny them.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore deny them.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore deny them.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore deny them.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny them.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore deny them.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore deny them.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one and two of Paragraph 88, and therefore deny them.  To the extent they relate to Sunrise and Chu, Defendants deny the allegations in the third sentence of Paragraph 88.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore deny them.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore deny them.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore deny them.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore deny them.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore deny them.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore deny them.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore deny them.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore deny them.

### B.     THE NECC RELATED DEFENDANTS AND DOE DEFENDANTS 1-100 IGNORED SAFETY STANDARDS BY PRODUCING DRUGS IN A NON-COMPLIANT FACILITY

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore deny them.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore deny them.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore deny them, except admit that the FDA reported identifying Bacillus halmapalus/horikoshii and Brevibacillus choshinensis in a single lot of NECC cardioplegia solution.

100.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore deny them.

101.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore deny them.

102.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore deny them.

103.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore deny them.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore deny them.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore deny them.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore deny them.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore deny them.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore deny them.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and therefore deny them.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and therefore deny them.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore deny them.

### C.    THE NECC RELATED DEFENDANTS AND DOE DEFENDANTS 1-100 DISREGARDED PRIOR COMPLAINTS AND INSPECTIONS BY CONTINUING IMPERMISSIBLE CONDUCT AND IGNORING SAFETY RISKS

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore deny them.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore deny them.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore deny them.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore deny them.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore deny them.

**D.    DEFENDANTS AND DOE DEFENDANTS 1-100 EXPOSED PLAINTIFF TO TOXIN CONTAMINATED NECC COMPOUNDED CARDIOPLEGIA SOLUTION**

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants admit the allegations in Paragraph 118.

119.    Paragraph 119 asserts legal conclusions, to which no response it required.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore deny them.

120.    Paragraph 120 asserts legal conclusions, to which no response it required.  To the extent the allegations relate to defendants other than Sunrise and/or Chu, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore deny the same.  To the extent the allegations relate to Defendants and a response is required, Defendants deny the allegations in Paragraph 120.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121, and therefore deny them, except  Defendants admit that (1) Ari Tomas Gomez was admitted to Sunrise on August 14, 2012; (2) Gomez had two heart surgeries on August 14, 2012; and three (3)  Ari Gomez died on September 24, 2012.

122.    Defendants are unable to respond to the allegations contained in Paragraph 122 as no time period is specified.  Defendants admit that Wilson Chu is currently the Director of Pharmacy at Sunrise.

123.    Defendants are unable to respond to the allegations contained in Paragraph 123 as no time period is specified.  Defendants admit that Wilson Chu is currently the Director of Pharmacy at Sunrise, but Defendants deny all other allegations in Paragraph 123.

124.    The first sentence of Paragraph 124 asserts legal conclusions, to which no response is required.  To the extent the allegations contained in the first sentence of Paragraph 124 require a response and concern Sunrise and/or Chu, Defendants deny the allegations in Paragraph 124.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124, and therefore deny the same.

125.    To the extent the allegations relate to defendants other than Sunrise and/or Chu, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore deny the same.  To the extent the allegations concern Sunrise and/or Chu Defendants, Defendants deny the allegations in Paragraph 125.

126.    To the extent the allegations concern Sunrise and/or Chu Defendants, Defendants deny the allegations in Paragraph 126.  To the extent the allegations relate to the DOE Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore deny the same.

127.    Defendants admit that Ari Tomas Gomez was admitted to Sunrise on August 14, 2012.  Defendants lack knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 127, and therefore deny the same.

128.    Paragraph 128 asserts legal conclusions, to which no response it required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 pertaining to Plaintiff's awareness and deny the remaining allegations in Paragraph 128.

129.    Paragraph 129 asserts legal conclusions, to which no response it required.  To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130.    Paragraph 130 asserts legal conclusions, to which no response it required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130.

## V.    SUBSTANTIVE COUNTS AGAINST THE NECC RELATED DEFENDANTS, ARL, AND DOE DEFENDANTS 1-100

### COUNT I – NEGLIGENCE UNDER MASSACHUSETTS OR OTHER APPLICABLE STATE LAW

131.    Defendants repeat the answers contained above.

132.    Paragraph 132 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and therefore deny the same.

133.    Defendants' responses to the allegations in Paragraph 133 are as follows:

1.    Paragraph 133.1 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.1, and therefore deny the same.

2.    Paragraph 133.2 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.2, and therefore deny the same.

3.      Paragraph 133.3 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.2, and therefore deny the same.

4.      Paragraph 133.4 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.4, and therefore deny the same.

134.    Paragraph 134 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and therefore deny the same.

135.    Paragraph 135 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and therefore deny the same.

136.    Paragraph 136 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore deny the same.

137.    Paragraph 137 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore deny the same.

138.     Paragraph 138 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and therefore deny the same.

139.     Paragraph 139 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and therefore deny the same.

140.     Paragraph 140 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and therefore deny the same.

141.     Paragraph 141 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and therefore deny the same.

142.     Paragraph 142 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and therefore deny the same.

## COUNT II – NEGLIGENCE *PER SE*

143.     Defendants repeat the answers contained above.

144.     Paragraph 144 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and therefore deny the same.

145.     Paragraph 145 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore deny the same.

146.     Paragraph 145 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore deny the same.

147.     Paragraph 147 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and therefore deny the same.

### COUNT III – NEGLIGENT SUPERVISION

148.     Defendants repeat the answers contained above.

149.     Paragraph 149 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore deny the same.

150.     Paragraph 150 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and therefore deny the same.

151.     Paragraph 151 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and therefore deny the same. Specifically, Defendants responses to the allegations in Paragraph 151 are as follows:

1.     Paragraph 151.1 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.1, and therefore deny the same.

2.     Paragraph 151.2 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 151.2, and therefore deny the same.

3.      Paragraph 151.3 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.3, and therefore deny the same.

4.      Paragraph 151.4 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.4, and therefore deny the same.

5.      Paragraph 151.5 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.5, and therefore deny the same.

152.    Paragraph 152 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and therefore deny the same.

153.    Paragraph 153 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 153.

154.    Paragraph 154 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 154.

155.    Paragraph 155 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 155.

## COUNT IV – STRICT PRODUCTS LIABILITY: DEFECTIVE MANUFACTURING LIABILITY

156.    Defendants repeat the answers contained above.

157.    Paragraph 157 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    Paragraph 160 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.    Paragraph 162 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.    Paragraph 163 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.    Paragraph 164 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 164.

## COUNT V – STRICT PRODUCTS LIABILITY: LIABILITY FOR INADEQUATE WARNING OR INSTRUCTION

165.    Defendants repeat the answers contained above.

166.    Paragraph 166 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 166.

167.     Paragraph 167 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, and therefore deny the same.

168.     Paragraph 168 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and therefore deny the same.

169.     Paragraph 169 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169, and therefore deny the same.

170.     Paragraph 170 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 170.

171.     Paragraph 171 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172.     Paragraph 172 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172.

## COUNT VI – STRICT PRODUCTS LIABILITY: DEFECT DUE TO NONCONFORMANCE WITH REPRESENTATIONS

173.     Defendants repeat the answers contained above.

174.     Paragraph 174 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and therefore deny the same.

175.     Paragraph 175 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 175.

176.     Paragraph 176 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177.     Paragraph 177 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178.     Paragraph 178 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178.

179.     Paragraph 179 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 179.

**COUNT VII – BREACH OF IMPLIED WARRANTY AND TORTIOUS BREACH OF WARRANTY**

180.     Defendants repeat the answers contained above.

181.     Paragraph 181 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and therefore deny the same.

182.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and therefore deny the same.

183.     Paragraph 183 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and therefore deny the same.

184.     Paragraph 184 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 184.

185.     Paragraph 185 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 185.

## COUNT VIII – PUBLIC NUISANCE

186.     Defendants repeat the answers contained above.

187.     Paragraph 187 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187, and therefore deny the same.

188.     Paragraph 188 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and therefore deny the same.

189.     Paragraph 189 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and therefore deny the same.

190.     Paragraph 190 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 190.

191.     Paragraph 191 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and therefore deny the same.

192.     Paragraph 192 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and therefore deny the same.

193.     Paragraph 193 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 193.

194.     Paragraph 194 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 194.

## COUNT IX – DECEPTIVE TRADE AND BUSINESS PRACTICES ACT VIOLATIONS

195.    Defendants repeat the answers contained above.

196.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, and therefore deny the same.

197.    Paragraph 197 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and therefore deny the same.

198.    Paragraph 198 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and therefore deny the same.

199.    Paragraph 199 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and therefore deny the same.

200.    Paragraph 200 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and therefore deny the same.

201.    Paragraph 201 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore deny the same.

202.    Paragraph 202 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and therefore deny the same.

203.    Paragraph 203 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 203.

204.    Paragraph 204 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and therefore deny the same.

205.    Paragraph 205 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and therefore deny the same.

206.    Paragraph 206 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and therefore deny the same.

207.    Paragraph 207 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, and therefore deny the same.

208.    Paragraph 208 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and therefore deny the same.

209.    Paragraph 209 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and therefore deny the same.

a.      Paragraph 209 a. asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 a., and therefore deny the same.

      b.      Paragraph 209 b. asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 b., and therefore deny the same.

      c.      Paragraph 209 c. asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 c., and therefore deny the same.

      d.      Paragraph 209 d. asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 d., and therefore deny the same.

210.    Paragraph 210 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 210.

211.    Paragraph 211 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211, and therefore deny the same.

212.    Paragraph 212 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and therefore deny the same.

### COUNT X – PUNATIVE DAMAGES

213.    Paragraph 213 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and therefore deny the same.

VI.   **SUBSTANTIVE COUNTS AGAINST THE SHMC DEFENDANTS AND DOE DEFENDANTS 1-100**

214.   Defendants repeat the answers contained above.

215.   Defendants are unable to respond to the allegations contained in Paragraph 215 in any meaningful way because no time period is specified.  To the extent a response is required, Defendants deny the allegations in Paragraph 215.

216.   Defendants are unable to respond to the allegations contained in Paragraph 216 in any meaningful way because no time period is specified.  To the extent a response is required, Defendants deny the allegations in Paragraph 216, except Sunrise admits that it is a health care facility.

217.   Defendants are unable to respond to the allegations contained in Paragraph 217 in any meaningful way because no time period is specified.  To the extent a response is required, Defendants deny the allegations in Paragraph 217, except admit that Wilson Chu is the current Director of Pharmacy at Sunrise.

218.   Paragraph 218 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 218.

219.   Paragraph 219 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 219.

220.   Paragraph 220 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221.   Paragraph 221 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 221.

222.    Defendants are unable to respond to the allegations contained in Paragraph 222 in any meaningful way because no time period is specified.  To the extent a response is required, Defendants deny the allegations in Paragraph 222.

223.    Paragraph 223 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 223

224.    Paragraph 224 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 224.

225.    Paragraph 225 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 225.

226.    Paragraph 226 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 226.

227.    Paragraph 227 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 227.

228.    Paragraph 228 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 228.

229.    Paragraph 229 asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 229.

        a.    Defendants deny the allegations in Paragraph 229a.

        b.    Defendants deny the allegations in Paragraph 229b.

        c.    Defendants admit the allegations in Paragraph 229c.

        d.    Defendants deny the allegations in Paragraph 229d.

        e.    Defendants deny the allegations in Paragraph 229e.

        f.    Defendants deny the allegations in Paragraph 229f.

g.      Defendants deny the allegations in Paragraph 229g.

h.      Defendants deny the allegations in Paragraph 229h.

i.      Defendants deny the allegations in Paragraph 229i.

j.      Defendants deny the allegations in Paragraph 229j.

k.      Defendants deny the allegations in Paragraph 229k.

l.      Defendants deny the allegations in Paragraph 229l.

m.      Defendants deny the allegations in Paragraph 229m.

n.      Defendants deny the allegations in Paragraph 229n.

o.      Defendants deny the allegations in Paragraph 229o.

230.    Defendants admit that Plaintiffs purport to incorporate the allegations made in the affidavits of Christine Low and Mark Haigney.

231.    Defendants deny the allegations in Paragraph 231.

**COUNT XIII – NEGLIGENCE PER SE: VIOLATION OF NEVADA PRESCRIPTION FRAUD LAW (NEV. REV. STAT. ANN. § 454.311)**

232.    Defendants repeat the answers contained above.

233.    Defendants deny the allegations in Paragraph 233.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235, except admit that Nev. Rev. Stat. Ann. § 454.311 states as follows: "A person, other than a peace officer or inspector of the Board in the performance of his or her official duty, who knowingly or intentionally obtains or attempts to obtain possession of a dangerous drug or a prescription for a dangerous drug by misrepresentation, fraud, forgery, deception, subterfuge or alteration is guilty of a category E felony. . ."

236.    Defendants deny the allegations in Paragraph 236.

237.     Defendants deny the allegations in Paragraph 237.

238.     Defendants admit that Plaintiff seeks judgment against them as set forth in the Prayer for Relief and deny that Plaintiff is entitled to the relief requested against them.

### COUNT XIV – COMMON LAW FRAUD

239.     Defendants repeat the answers contained above.

240.     Defendants deny the allegations in Paragraph 240.

241.     Defendants deny the allegations in Paragraph 241.

242.     Defendants deny the allegations in Paragraph 242.

243.     Defendants deny the allegations in Paragraph 243.

244.     Defendants admit that Plaintiff seeks judgment against them as set forth in the Prayer for Relief and deny that Plaintiff is entitled to the relief requested against them.

**VII.     SUBSTANTIVE COUNTS AGAINST ALL DEFENDANTS**

### COUNT XV – CONCERTED ACTION AND CIVIL CONSPIRACY

245.     Defendants repeat the answers contained above.

246.     Defendants deny the allegations in Paragraph 240.

247.     Defendants deny the allegations in Paragraph 240.

248.     Defendants deny the allegations in Paragraph 240.

249.     Defendants deny the allegations in Paragraph 240.

250.     Defendants deny the allegations in Paragraph 240.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief requested.

## ALLEGATIONS NOT SPECIFICALLY ADDRESSED

Defendants deny any and all allegations in the Complaint in their entirety that are not specifically admitted above, including any allegations contained in the section and subsection headings of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Court lacks subject matter jurisdiction over Plaintiffs' claims.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation or statutes of repose.

4.      Plaintiff's claims are barred because Plaintiff has not provided support for the allegations contained in the Complaint in accordance with NRS § 41A.071 or any other applicable law.

5.      Plaintiff's claims are barred because Plaintiff has not alleged the factual circumstances constituting fraud or fraudulent conduct with particularity as required by Federal Rule of Civil Procedure 9(b).

6.      Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and/or the doctrine of prohibition against splitting a cause of action.

7.      Plaintiff's claims are barred because any information allegedly not disclosed was not material.

8.      Plaintiff's claims are barred because any information allegedly not disclosed was in the public domain.

9.      Plaintiff's claims are barred because there was no legal duty to disclose any information allegedly not disclosed.

10.      Plaintiff's claims are barred because Defendants at all times discharged any duty they had to warn through appropriate and adequate warnings in accordance with federal statutes and regulations consistent with the existing state of medical and scientific knowledge.

11.     Plaintiff's claims are barred because Defendants at all times met the appropriate standard of care and relied on the Nevada Board of Pharmacy's approval and licensure of NECC and Ameridose.

12.     Plaintiff's claims are barred because she cannot establish that Plaintiff or Plaintiff Decedent's physicians relied on the alleged misrepresentations or omissions, and therefore Plaintiff cannot establish that any of the alleged conduct caused her an injury.

13.     Plaintiff's claims are barred to the extent they resulted from the conduct of third parties or entities, or from a superseding and intervening cause, including, but not limited to, the unforeseeable lapses in quality by NECC.

14.     Plaintiff's claims are barred from recovering any damages by virtue of the fact that any cardioplegia administered to Plaintiff Decedent was not defective and was not unreasonably dangerous and was fit for the ordinary purposes for which they were to be used.

15.     Plaintiff's claims are barred from recovering any damages because she, with knowledge of the nature and properties of the product at issue, consented to alleged use of the product, appreciated any risks, deliberately and voluntarily chose to expose Plaintiff Decedent to any such risks, and assumed the risk of such use.

16.     The Complaint fails to allege facts or a cause of action sufficient to support a claim for attorneys' fees.

17.     Plaintiff is not entitled to recover punitive damages under any applicable law.

18.     Plaintiff is not entitled to recover punitive damages or damages in excess of $350,000 pursuant to NRS §§ 41A.015, 41A.017, 41A.035, 41A.045 and any other applicable law.

19.     Plaintiff is not entitled to joint and several liability, but rather only to several liability for that portion of the judgment which represents the percentage of negligence attributable to Defendants pursuant to NRS §§ 41.141 & 41A.045, Nevada common law, and any other applicable law.

20.     Plaintiff is not entitled to recover punitive damages because punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Nevada and other applicable state constitutions.

21.     Plaintiff is not entitled to recover punitive damages because the standards and instructions regarding punitive damages are inadequate, vague, and ambiguous, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

22.     Defendants hereby give notice that they intends to rely on additional defenses and affirmative defenses that become available or apparent during discovery.

## **JURY DEMAND**

Defendants demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiffs as follows:

1. That the Complaint be dismissed in its entirety with prejudice;

2. That Plaintiff takes nothing by way of the Complaint; and

3. For such other and further relief as the Court deems just and proper.

Dated:    March 31, 2014                                 Respectfully submitted,

                                        _/s/ Maura K. Monaghan_
                                        Maura K. Monaghan
                                        Mark P. Goodman
                                        Debevoise & Plimpton LLP
                                        919 Third Avenue
                                        New York, NY 10022
                                        (212) 909-6000
                                        (212) 909-6836
                                        mpgoodman@debevoise.com
                                        mkmonagha@debevoise.com

## <u>CERTIFICATE OF SERVICE</u>

I, Maura Monaghan, hereby certify that this document, filed through the ECF system, will be sent electronically on March 31, 2014 to the registered participants as identified on the Notice of Electronic filing (NEF).

      DATED: March 31, 2014                    /s/ Maura K. Monaghan_____
                                          Maura K. Monaghan