| Saint Thomas Entities | Tennessee Defendants | PSC Revised Depo. Protocol |
|---|---|---|
| **Section I. Scope of Protocol** | | |
| The Court has not yet entered an overall discovery plan to govern discovery in this case through case-specific and expert discovery. Should this deposition plan need to be amended or additional provisions included to address issues with case specific discovery and expert discovery, the parties shall meet and confer to amend or add to this protocol. If the parties cannot agree, they may submit any remaining disputes to the Court. | The Court has not yet entered an overall discovery plan to govern discovery in this case through case-specific and expert discovery. Should this deposition plan need to be amended or additional provisions included to address issues with case specific discovery and expert discovery, the parties shall meet and confer to amend or add to this protocol. If the parties cannot agree, they may submit any remaining disputes to the Court. | This Deposition Plan shall govern all cases that are presently pending or hereafter filed in this Court or subsequently removed or transferred to this Court by the Judicial Panel on Multidistrict Litigation for coo ordination of pretrial proceedings relating to this matter, and applies to the class action cases. This Order is limited in scope to the discovery issues addressed herein. Additional discovery issues will be addressed in subsequent orders. |
| For purposes of this deposition protocol, depositions of "Common Witnesses" and depositions on "Common Issues" shall refer to depositions of fact witnesses with knowledge of issues that affect all or a large subset of the cases in the MDL, as opposed to depositions of witnesses with knowledge on issues related to single cases or a small subset of cases. | | |
| **Section II.A Lead Deposition Counsel** | | |
| The MDL Plaintiffs shall designate a Lead Deposition Counsel to serve as Lead Deposition Counsel for the MDL Plaintiffs for all depositions. For each deposition or set of related depositions, to the extent possible, the defendants will designate Lead Deposition Counsel to assist in coordinating the deposition(s). Lead Deposition Counsel for the MDL Plaintiffs, Lead Deposition Counsel for the Defendants, and counsel for the deponent, or their respective designees, shall coordinate, to the extent possible, all plaintiff depositions, third-party depositions, and depositions of employees, representatives, and former employees of the defendants in this MDL action, and matters related to the conduct of these depositions. The name and contact information for Lead Deposition Counsel for the Plaintiffs, Lead Deposition Counsel for the Defendants, and counsel for the deponent shall be promptly communicated to the other parties as soon as practicable, prior to the deposition. | The MDL Plaintiffs shall designate a Lead Deposition Counsel to serve as Lead Deposition Counsel for the MDL Plaintiffs for all depositions. For each deposition or set of related depositions, to the extent possible, the Defendants will designate Lead Deposition Counsel to assist in coordinating the deposition(s). Lead Deposition Counsel for the MDL Plaintiffs, Lead Deposition Counsel for the Defendants, and counsel for the deponent, or their respective designees, shall coordinate, to the extent possible, all depositions. | Plaintiff's depositions, third-party depositions, and depositions of employees, representatives, and former employees of the defendants in this MDL action, and matters related to the conduct of these depositions shall be coordinated, to the extent possible, by Lead Deposition Counsel for plaintiffs and Lead Deposition Counsel for defendants, or their designees. Additionally, counsel for a particular deponent shall be included in coordination of the deposition of that deponent. Nothing in the Joint Deposition Protocol shall be construed to allow counsel for other parties or witnesses to participate in the preparation of a party witness already represented by counsel. The name and contact information for any designee shall be promptly communicated to the other parties. |
| **Section II.B.2, Content of [Deposition] Notice** | | |
| Information shall be provided as required by Fed. R. Civ. P. 30. Each deposition notice shall include the name of each deponent and the date, time and place of the deposition and, if known, a current general occupational description of the deponent and, if different, a general occupational description for the time relevant to this MDL (i.e., former NECC pharmacist responsible for compounding medication). | The deposition notice shall contain, if known, a current general occupational description of the deponent and, if different, a general occupational description for the time relevant to this MDL (i.e., former NECC pharmacist responsible for compounding medication). | Information shall be provided as required by Fed. R. Civ. P. 30. Each deposition notice shall include the name of each deponent and the date, time and place of the deposition. |

Ex. A to PSC Reply in Support of Deposition Protocol

| Saint Thomas Entities | Tennessee Defendants | PSC Revised Depo. Protocol |
|---|---|---|
| **Section II.C Scheduling [of Depositions]** | | |
| 1. Counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. | Same as St. Thomas Entities, except listed as #1. | |
| 2. The parties and the Court desire to minimize the expense and inconvenience of this litigation. Accordingly, all depositions of fact and expert witnesses taken in this MDL will be treated as if cross-noticed and taken in each of the individual cases in this MDL and all actions prosecuted by the undersigned counsel. In no event shall witnesses be deposed on multiple occasions on the same subjects in connection with these MDL proceedings without leave of Court and for good cause shown. | | |
| 3. Plaintiffs and Defendants' Lead Counsel shall attempt to establish by mutual agreement a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any party to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Court. | Same as St. Thomas Entities, except listed as #2. | |
| | 3. If a party decides to take a deposition before all of the documents have been produced, they do so at their own risk and will not be allowed to re-depose the witness simply because additional documents were produced after the deposition absent agreement of the parties or permission from the Court for good cause shown. Production of additional documents alone shall not constitute good cause shown. | |
| 4. For Common Depositions, counsel intending to take the deposition of a party in the MDL, including employees, agents, former employees, and former agents, shall request the deposition at least forty-five (45) days in advance of the anticipated deposition date, absent agreement by the parties otherwise, time constraints due to orders of the Court, or by leave of the Court. For depositions of nonparties, counsel issuing the deposition subpoena shall notify the other parties of the deposition at least thirty (30) days in advance of the anticipated deposition date, absent agreement by the parties otherwise, time constraints due to orders of the Court, or by leave of the Court. | Same as St. Thomas Entities | |
| **Section II.E 30(b)(6) Deposition Topic Objections** | | |
| The parties shall meet and confer regarding [Rule 30(b)(6)] objections. If they are unable to agree, the parties may submit the dispute to the Court for a decision prior to the deposition. | The parties shall meet and confer regarding objections to the list of designated topics for a Fed. R. Civ. P. 30(b)(6) deponent, and if they cannot agree, they will submit the dispute to the Court for a decision prior to the deposition. | |

| Saint Thomas Entities | Tennessee Defendants | PSC Revised Depo. Protocol |
|---|---|---|
| **Section III.A Examination** | | |
| The goals behind this section of the protocol are to (1) minimize the number of questioning/objecting attorneys while allowing all parties in the MDL to have their interests protected and (2) minimize attorneys, particularly those with the same or similar interests, posing the same or substantially the same questions to witnesses and objections during depositions. | Same as St. Thomas Entities, but appears at end of section instead of beginning | |
| Lead Deposition Counsel for the MDL Plaintiffs, the PSC, and any participating attorney for an MDL plaintiff should confer and together designate a total of two attorneys to question each deponent on behalf of the MDL plaintiffs. MDL plaintiffs' counsel may designate specific attorneys to question witnesses on specific designated topics, but the MDL plaintiffs' counsel must endeavor for the attorneys questioning on specific topics to be one of the two questioning attorneys. If MDL Plaintiffs believe additional or different attorneys are needed to question on specific issues, the PSC and/or Lead Deposition Counsel for the MDL Plaintiffs shall submit the name of the attorney and the designated topics in the original notice to the deponent's counsel at least five days prior to the deposition. If the deponent's counsel does not agree to the additional attorney(s) (above and beyond the two designated) questioning on designated topics, the matter will be submitted to the Court for a ruling prior to the deposition taking place. Repetition of questions shall be prohibited, and the questioning attorneys shall not cover the same topics with the witnesses. | Same as St. Thomas Entities | Lead Deposition Counsel for plaintiffs may designate at least two attorneys representing personal injury plaintiffs to participate in the questioning during each deposition. As it relates to a deposition conducted under Rule 30(b)(6), MDL counsel for Plaintiffs may designate additional counsel for specific subject areas, and MDL counsel shall inform counsel for the deponent at least 5 days before such deposition whether additional counsel will cover specific subject areas previously noticed and the specific subject areas additional counsel will cover. Counsel for plaintiffs should endeavor to avoid asking the same or substantially the same questions. |
| Counsel for the unaffiliated defendants shall endeavor to designate two attorneys to represent the unaffiliated defendants during each deposition and participate in the deposition on behalf of all unaffiliated defendants. However, given the disparate interests of all unaffiliated defendants, this may not be possible. Any named defendants shall be able to attend any deposition and examine any deponent. | Same as St. Thomas Entities | Lead Deposition Counsel for defendants may designate at least two attorneys representing defendants to participate in the questioning during each deposition. defending a deposition. Counsel for all other defendants may enter an appearance and examine any witness deposed, but should endeavor to avoid asking the same or substantially same questions and lodging the same or substantially the same objections. Counsel for the Deponent shall "defend" the deposition. |
| All deposition objections are reserved, except as to the form and foundation of the question. Counsel shall otherwise comply with FED. R. CIV. P. 30(c)(2) concerning objections at depositions. | All objections, except those which would be waived if not made at the deposition are preserved and need not be made during the course of a deposition. | An objection by one party reserves the objection for all parties. All objections, except those which would be waived if not made at the deposition are preserved and need not be made during the course of a deposition. |

| Saint Thomas Entities | Tennessee Defendants | PSC Revised Depo. Protocol |
|---|---|---|
| **Section III. C Duration [And Number of Depositions]** | | |
| Absent Permission from the Court or agreement of the parties, depositions shall be limited to one day of seven hours pursuant to FRCP 30(d)(1). Depositions should not typically begin before 9:00 am and should typically conclude by 5:30 pm in the local time zone. | Absent Permission from the Court or agreement of the parties, depositions shall be limited to one day of seven hours. | Duration of depositions shall be governed by the Federal Rules of Civil Procedure. |
| The PSC and each Defendant shall meet and confer to discuss a limit to the number of "common" depositions from that Defendant's employees, agents, former employees, and/or former agents. If the parties cannot agree on a limit, the Defendant may move for a protective order. After the "common" deposition phase, parties shall be limited to ten depositions per party during discovery in the individual cases in the bellwether discovery pool. | Same as St. Thomas Entities | |
| After the Common-Issue deposition phase, parties shall bel imited to ten depositions per party during discovery in the individual cases in the bellwether discovery pool. | Same as St. Thomas Entities | |
| **Section III.K Correcting and Signing Deposition Transcripts** | | |
| Unless waived by the deponent, the transcript of a eposition shall be submitted to the deponent within thirty (30) days after the end of the deposition for correction and signature. Upon receipt of the transcript, the deponent thereafter shall have thirty (30) days to make any corrections to the transcript, sign it, and return the transcript to the deposing party. If represented by counsel, a deponent need not sign any corrected transcript before a notary. If no corrections are made during this time, the transcript will be presumed accurate absent agreement of the parties or leave of the Court to correct the transcript for good cause shown. | Same as SaintThomas Entities | Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent within thirty (30) days after the end of the deposition for correction and signature. Upon receipt of the transcript, the deponent thereafter shall have thirty (30) days to make any corrections to the transcript, sign it, and return the transcript to the deposing party. If represented by counsel, a deponent need not sign any corrected transcript before a notary. If no corrections are made during this time, the transcript will be presumed accurate. |

Ex. A to PSC Reply in Support of Deposition Protocol