UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br><br>Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | **Leave to File Granted on 4/1/2014** |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF ASSENTED TO MOTION FOR ENTRY OF DEPOSITION PROTOCOL AND JOINT MOTION FOR ENTRY OF ESI PROTOCOL**

The Plaintiffs' Steering Committee now files this Reply in Support of Its Assented to Motion for Entry of Deposition Protocol and Joint Motion for Entry of ESI Protocol.[1]

**PROCEDURAL BACKGROUND**

Pursuant to the Court's Minute Entry of February 6, 2014,[2] the Plaintiffs' Steering Committee (the "PSC") moved the Court to enter a deposition protocol and a separate ESI protocol.[3] Thereafter, the PSC conducted additional meet and confers with several defendants regarding both proposed protocols.[4]

**A. Revised ESI protocol.**

As a result of its efforts, on March 10, 2014, the PSC filed a Joint Motion for Entry of an ESI Protocol (the "Revised ESI Protocol") joined by counsel for St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively, the "Saint Thomas Entities"), Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, P.C., John W. Culclasure, M.D., Debra V. Schamberg, R.N., Specialty Surgery Center, Crossville, PLLC, and Kenneth R.

---

[1] Dkt. Nos. 993 and 994.
[2] Dkt. No. 862.
[3] Dkt. No. 876.
[4] For a full description of the robust meet and confer process undertaken by the PSC related to these protocols, *see* Dkt. No. 996.

1

Lister, M.D., and Kenneth Lister, M.D., P.C. (collectively, the "Tennessee Defendants"), and UniFirst Corporation ("UniFirst").[5] Given that no party has filed an objection to the Revised ESI Protocol, and responses were due on March 24, 2014, the PSC requests that the Court enter an Order adopting the ESI Protocols as filed.

### B. Revised deposition protocol.

Also, on March 10, 2014, the PSC filed an Assented to Motion for Entry of Deposition Protocol which submitted a newly revised deposition protocol (the "Revised Deposition Protocol").[6] The Revised Deposition Protocol addressed concerns raised by many defendants with the originally proposed deposition protocol.[7] After the changes were incorporated, defendants, Liberty Industries, Inc. ("Liberty"),[8] ARL Bio Pharma, Inc. ("ARL"), and UniFirst assented to the submission of the Revised Deposition Protocol.

On March 7, 2014, the Tennessee Defendants and the Saint Thomas Entities filed an opposition to the PSC's Revised Deposition Protocol and both submitted competing proposals.[9] As a result the Court now has three proposed deposition protocols to consider: 1) the PSC's Revised Deposition Protocol; 2) the Tennessee Defendants' Proposed Deposition Protocol;[10] and 3) the Saint Thomas Entities Proposed Deposition Protocol.[11] This Reply in Support is limited to the issues raised in the competing proposals filed by the Tennessee Defendants and the Saint Thomas Entities.

---

[5] Dkt. No. 993.
[6] Dkt. No. 994-1.
[7] *See* Dkt. No. 994.
[8] Liberty originally filed a response to the original deposition protocol (Dkt. No. 930). Given that the Revised Deposition Protocol addresses the concerns raised by Liberty in its response and the fact that Liberty assented to the Revised Deposition Protocol, this opposition appears to have been mooted.
[9] *See* Dkt. Nos. 981 and 983. Although these objections were filed prior to the PSC filing the Revised Deposition Protocol, counsel for both the Tennessee Defendants and the Saint Thomas Entities were active in the meet and confer process that resulted in the Revised Deposition Protocol, and both entities were aware at the time they filed their oppositions that the PSC intended to submit the Revised Deposition Protocol for approval.
[10] Dkt. No. 981-1.
[11] Dkt. No. 983-2.

**ARGUMENT**

Attached as Exhibit A is a side-by-side comparison of the competing provisions of the three proffered deposition protocols pending before the Court. The PSC's Revised Deposition Protocol presents a balanced and flexible approach to depositions that appropriately tracks the requirements of the Federal Rules of Civil Procedure while creating a structure for the efficient and proper administration of depositions in this MDL. Significantly, three Defendants (ARL, Liberty, and UniFirst) assented to the PSC's Revised Deposition Protocol. Only the Tennessee Defendants and the Saint Thomas Entities believe the PSC's proposal needs revisions. The Court should reject these defendants' proposals and adopt in full the PSC's Revised Deposition Protocol.

The Court should reject all the competing provisions contained in in the Tennessee Defendants' and Saint Thomas Entities' proposals as unnecessary either because they 1) propose functionally equivalent proposals included in the Revised Deposition Protocol; 2) have no basis in law or fact and/or 3) impose one-sided restrictions on the manner and conduct of depositions, which is unworkable in an MDL involving several defendants (and which could eventually involve up to 80 defendants).

**A. The proposed changes to Section I, scope of deposition are unnecessary.**

It is impossible to predict how discovery will progress in complex litigation. Given this basic understanding, the PSC's deposition protocol gives room for the parties to revisit, amend, and modify as needed the submitted protocol once expert discovery is underway, and once case specific depositions start. Notably, the PSC's submission acknowledges that "additional discovery issues will be addressed in subsequent orders," which should serve to address any reasonable concern the Saint Thomas Entities and the Tennessee Defendants, or any Defendant

3

for that matter have related to the Court adopting a discovery plan or other procedures to govern expert and individual discovery.  The Saint Thomas Entities and the Tennessee Defendants' competing language describing the "scope" of the deposition protocols is simply unnecessary.

The Saint Thomas Entities also propose an imprecise and unworkable definition as to what constitutes a "common witness" and "common issue" depositions as a starting point for what should be a straight forward and brief deposition protocol.  The Saint Thomas Entities' proposal invites more –briefing by the parties and likely decision by the Court about whether currently unidentified  witnesses or  issues cover a sufficient number of cases to warrant inclusion in the *common discovery phase* of this MDL.  That is unnecessary.  A far easier approach is to simply define when common discovery takes place and when individual discovery takes place, such that any party may know whether any deposition at any time is for common or individual discovery based on the timing of the deposition.  The PSC has proposed this structure in its currently pending Motion for Entry of Bellwether Trial and Pre-Trial Scheduling Order.[12]

**B.  The proposed changes to Section II.A, Lead Deposition Counsel are unworkable.**

Both Saint Thomas Entities and the Tennessee Defendants seek to force the PSC to designate one single member to handle the coordination of all depositions in this MDL so that defendants (in theory) will save time scheduling any depositions.  The PSC's proposal gives the PSC the practical and necessary flexibility to shift work assignments and to designate a point-person for any particular deposition.  The PSC's Revised Deposition Protocol also requires the PSC to "promptly" communicate its point-person for any deposition.  Such a real world based proposal should assuage the Saint Thomas Entities and Tennessee Defendants' hypothetical

---

[12] Dkt. No. 837.  According to this document, common discovery will proceed for a period of time prior to individual case-specific discovery.  Once the common discovery period closes and individual case specific discovery opens, it can be presumed that any depositions noticed during the common discovery period is for a common witness.

concerns about having "to make multiple telephone calls to various members of the PSC."[13]

Moreover, the PSC needs be free to make its own decisions on work assignments and defendants should not be permitted to dictate to the PSC its delegation of work assignments. The PSC's proposal is imminently reasonable and should be adopted.

    **C. The proposed change to Section II.B.2, Contents of [Deposition] Notice is unnecessary.**

The PSC's Revised Deposition Protocol tracks FRCP Rule 30 regarding the language of a deposition notice. Both the Tennessee Defendants and the Saint Thomas Entities propose a requirement that deposition notices contain a "general occupational description of the deponent." This is an attempt to add an unnecessary burden on a party issuing a deposition notice to include information that will already be known through ordinary due diligence by the parties involved in this litigation. The Court should reject the change as unnecessary and unsupported by the federal rules.

    **D. The proposed changes to Section II.C -- Scheduling of Depositions --invites disaster.**

The Tennessee Defendants and the Saint Thomas Entities propose a stringent, unwieldy process to govern the scheduling of depositions. If approved, the protocol would allow any party the right to object to the *timing* of any deposition if any objecting party claims that any proposed deposition was *out of sequence* with a party's understanding of the state of discovery. In an MDL with numerous defendants, and with litigation proceeding at different paces against each defendant, this proposal invites disaster. It ignores the basic realities of multi-party litigation. For example, if the PSC sought to depose a UniFirst witness early in the discovery process, any defendant would, as a matter of right, be permitted to object to the timing of that deposition because the objecting party could claim (for example) that documents from some other defendant

---

[13] Dkt. No. 983 at 7.

were not yet produced.  Adopting the proposal offered by the Saint Thomas Entities and the Tennessee Defendants simply invites months of motion practice over the scheduling of depositions.[14]  This is unnecessary, and not contemplated in any of the Rules of Civil Procedure.  Parties to any deposition should work together to on scheduling any given deposition.  The PSC's proposal is based on the federal rules and manageable:

    The Saint Thomas Entities and the Tennessee Defendants also propose that no deposition should go forward unless noticed 45 days prior to the deposition (30 days for third party witnesses).  This is unworkable.  As the Court is likely aware, modern practice requires flexibility of scheduling and often times depositions must be rescheduled at the last minute to accommodate changing work schedules, including the schedule of the witness.  In these instances, a deposition would need to be postponed a full 45 days before it could be rescheduled, even if the deponent and the noticing party are prepared to take the deposition the very next day.  This strict time period is wholly artificial and unnecessary and the Court should reject it.

    Finally, all parties agree that each should strive to ensure that deponents are only deposed a single time.  The PSC's Revised Deposition Protocol adopts the Federal Rules' plain terms regarding the taking of multiple depositions of a single deponent.  The Tennessee Defendants and the Saint Thomas Entities, however, seek to impose an additional one-sided requirement:  Their proposal limits the ability of a party to seek relief from this Court to take a subsequent deposition if additional documents are produced by the party after the deposition has taken place.  As discovery progresses documents are often produced after depositions have been taken either because of incomplete initial productions or because discovery leads to the discovery of additional sources of documents.  A blanket rule that no second deposition may be had if

---

[14] The Tennessee Defendants and the Saint Thomas Entities have put much stock in the fact that this provision appears in the manual of complex litigation.  Although this is true, this provision is tailored more to cases involving a single defendant and not one involving numerous defendants each with potentially disparate interests.

documents are produced after the first deposition does not serve the interests of fairness and fails to take into consideration the numerous instances when subsequent document productions occur through no fault of the party taking an initial deposition. The Federal Rules' "good cause" standard is universally applied in these instances and ensures that any second deposition will take place only after the Court has had an opportunity to weigh in. The Tennessee Defendants and Saint Thomas Entities have provided no reason to justify deviating from this standard.

### E. Proposed changes to Section II.E, Rule 30(b)(6) Depositions, create an unnecessary meet and confer obligation.

The Tennessee Defendants and the Saint Thomas Entities propose an additional and unnecessary meet and confer process relating to FRCP Rule 30(b)(6) depositions and objections served by a noticed party. The proposed addition would require a noticing party that served a 30(b)(6) deposition notice to meet and confer with any party that files an objection to such deposition notice(s). Although the PSC is obviously not opposed to meeting and conferring to lessen motion practice before the Court, this particular proposal is unnecessarily limiting and already contemplated by the Court's Local Rules.

Any party served with objections to a 30(b)(6) notice has the choice to proceed with the deposition subject to the objections or seek Court intervention. The Court's own Local Rules require a meet and confer prior to filing any motion with the Court, and therefore to the extent that a party wishes to seek Court intervention, the Local Rules already require a meet and confer, making the Tennessee Defendants and Saint Thomas Entities' proposal unnecessary and redundant.[15]

Moreover, to the extent that the deposing party wishes to proceed with the deposition

---

[15] Indeed in some instances, and as the Saint Thomas Entities concede, the proposal to meet and confer on objections could lead to extra meet and confers, one to meet and confer on the objections and another to meet and confer on any other motions that would be filed thereafter.

7

*subject to* objections, that choice is prohibited under the Saint Thomas Entities' and Tennessee Defendants' proposal.  There is no basis for prohibiting this choice by requiring an unnecessary meet and confer process, especially since the Local Rules already provide for this requirement.  The Court should reject this addition.

### F. Proposed changes to Section III.A are unnecessary in light of subsequent revisions to the deposition protocol.

All parties agree that examiners on behalf of plaintiffs should be limited and that all parties should endeavor to limit the repetition of questions.  The PSC's proposed limitation on the number of counsel conducting a deposition adopts the same two counsel limitation offered by the Saint Thomas Entities, with one limited exception.  The PSC proposes reserving the right to identify additional questioners in 30(b)(6) depositions on pre-identified topics. Any additional questioners would be identified within seven days of any such deposition.  This limited exception to the agreed rule that questioners should be limited to two attorneys is reasonable and should be adopted.

Although the PSC originally proposed to impose the same two person questioner limitation on defendants, the PSC understood defense counsel's point that disparate interests across defendants would make this limitation unworkable.  As a result, in the Revised Deposition Protocol, the PSC proposes that any defendant may question any deponent.

As can be seen more clearly in the attached Exhibit, the only other proposed addition proposed by the Saint Thomas Entities and the Tennessee Defendants relates to objections.  The PSC maintains that the proposals offered by Saint Thomas Entities and the Tennessee Defendants are functionally the same as the language used in the Revised Deposition Protocol and the PSC would assent to the adoption of either language.

### G. Proposed changes to Section III. C, Duration (and Number of Depositions), are unnecessary.

The PSC's proposal regarding duration of depositions is the functional equivalent of the Tennessee Defendants and Saint Thomas Entities' proposal.[16] The only possible exception is the Saint Thomas Entities' additional requirement that depositions should begin by 9:00 a.m. and end by 5:30 p.m. This provision is unnecessary and counsel charged with coordinating depositions should be given all necessary leeway to accommodate the schedules of all interested parties, including the witness.

Additionally, both the Saint Thomas Entities and the Tennessee Defendants propose restrictions on the number of depositions that can be taken by any party. The PSC's Revised Deposition Protocol does not specifically address the number of depositions a party may schedule and conduct and the PSC maintains that for the time being this should be governed by Federal Rule 30, until and unless a dispute arises related to the number of depositions taken.

### H. Proposed changes to Section III.K, Correcting and Signing Transcripts, are unnecessary and violate Rule 30.

Both the Saint Thomas Entities and the Tennessee Defendants propose a change to the section governing signing transcripts because they claim the PSC's Revised Deposition Protocol is "unbalanced." The PSC's Revised Deposition Protocol adopts the language of a well settled rule. FRCP Rule 30 plainly states that the failure to correct a deposition transcript within the 30 day window for such corrections means the transcript is presumed valid. The Saint Thomas Entities and Tennessee Defendants' objections to this language are simply unfounded, would serve to completely rewrite Rule 30 and should be rejected.

---

[16] *See* Fed. R. Civ. P 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.")

Date: April 2, 2014        Respectfully submitted:

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415/956-1000
Facsimile: 415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344

10

marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   April 2, 2014

/s/J. Gerard Stranch, IV
J. Gerard Stranch, IV