IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC. PRODUCTS LIABILITY
LITIGATION                                              Case No. 1:13-md-02419-RWZ

**This document relates to all cases.**

**RESPONSE AND OPPOSITION BY ROANOKE-AREA
LICHTENSTEINFISHWICK AND BROWN & JENNINGS INTERVENORS
TO THE CHAPTER 11 TRUSTEE'S "NOTICE OF FILING OF AN AMENDED AND
SUPPLEMENTAL EXHIBIT 1" TO HIS RENEWED AND SUPPLEMENTAL
MOTION, UNDER 28 U.S.C. §§ 157(B)(5) AND 1334,
TO TRANSFER PERSONAL INJURY TORT
AND WRONGFUL DEATH CASES TO THIS COURT**

## Introduction

The Chapter 11 Trustee's Renewed and Supplemental Motion [Doc. 732] to Transfer Personal Injury Tort and Wrongful Death Cases to this Court ("Renewed Transfer Motion") was most recently before the Court and was argued at the March 13, 2014 status conference ("the Conference").  In arguing against the Renewed Transfer Motion during the Conference, counsel for the below-named intervenors ("these Intervenors") advised the Court that these Intervenors had filed suits ("the Lawsuits") in the Circuit Court for the City of Roanoke, Virginia against Insight Health Corporation ("IHC"), Image Guided Pain Management, P.C., and Drs. John Mathis and Robert O'Brien (collectively, "State Court Defendants"), asserting causes of action that include battery, fraud, and violations of the Virginia Consumer Protection Act.   Under Virginia law, such causes of action do not give rise to claims for contribution, *see* Va. Code §8.01-34 (limiting contribution among wrongdoers to situations where "the wrong results from negligence and involves no moral turpitude"), or indemnification.  *See Carr v. Home Insurance Co*., 463 S.E.2d 457, 458 (Va. 1995)(no right under Virginia law to equitable indemnification unless the defendant/indemnification plaintiff is "free from fault"), and *Philip Morris, Inc. v.*

*Emerson*, 368 S.E.2d 268, 285 (Va. 1988)(a defendant guilty of "active negligence" may not obtain indemnification from any other defendant).[1]

On March 19, 2014, the Chapter 11 Trustee filed a supplemental Exhibit 1 to his Renewed Transfer Motion, to specifically include the Lawsuits among the actions this Court is being asked to transfer *directly* from state court in Virginia to this federal district court in Massachusetts. *See* Doc. 1027 and Doc. 1027-1 (The Lawsuits are Case Nos. 23, 24 and 25 on Doc. 1027-1). Now that the Renewed Transfer Motion directly asks for relief against these Intervenors, they renew and reassert their opposition to such Motion, including for all the reasons previously stated in their own filings, and/or verbally to the Court, and/or incorporated from the filings of other Roanoke, Virginia plaintiffs. *See* Docs. 129, 159, 764, 766, 792, and 844.[2] [3]

## Discussion

**I.     The Court Should Deny The Renewed Transfer Motion**.

The point and purpose of the Renewed Transfer Motion is to have this Court order the Circuit Court for the City of Roanoke to transfer 25 actions, in **none** of which is the Debtor a party, to this Court. For the reasons briefly reviewed here, there is no legal or factual justification for the invasion of state judicial sovereignty that results if the Court grants the additional relief the Trustee seeks.

---

[1] The Lawsuits also include alternative claims for negligence and negligence *per se,* as to which the Lawsuits expressly allege that the State Court Defendants acted with moral turpitude, making contribution unavailable as to those claims as well. *See* Va. Code §8.01-34. IHC has never claimed that NECC expressly agreed to indemnify it.

[2] As they have done previously, *see* Doc. 129, Doc. 159 and Doc. 792, these Intervenors appear for the special and limited purpose of opposing the Trustee's Renewed Transfer Motion, consistent with ¶1(a) of MDL Order No. 5 [Doc. 87]. This submission, like those earlier submissions, is without waiver of these Intervenors' rights and without consent to the jurisdiction of this Court, generally or specifically, over the Lawsuits.

[3] State Court Defendant Image Guided Pain Management, P.C. opposes the Renewed Transfer Motion. *See* Doc. No. 846.

The grant of "related to" jurisdiction under 28 U.S.C. §1334 does not change the principle that federal courts are courts of limited jurisdiction.  *E.g., Elkes Development, LLC v. Arnold* (*In re Arnold*), 407 B.R. 849, 850 (Bankr. M.D.N.C. 2009).  *Cf. In re Asbestos Litigation*, 271 B.R. 118, 126 (S.D.W.Va. 2001)("This Court believes federal courts ought not to intrude on state court proceedings, except where law and equity require it.  The limited jurisdiction of Article III courts supports this view, as does the general removal rule:  where federal jurisdiction is doubtful, remand is necessary.").  Respectfully, the assertion and exercise of "related to" jurisdiction on the ground urged by the Trustee – that IHC has filed a proof of claim in the NECC bankruptcy asserting claims against NECC for contribution and/or indemnification, that are not cognizable under Virginia law  –  are inconsistent with this fundamental principle.

      **A.**    **IHC does not have contribution or indemnity claims against NECC under Virginia law.**

As discussed briefly above and in greater detail in previous filings, *see* Docs.  129, 159 and 792, under Virginia law, the claims asserted by these Intervenors in the Lawsuits do not permit IHC to seek contribution or indemnification from NECC.  This is true even as to these Intervenors' alternative negligence claims, because IHC acted with moral turpitude.  *See* Va. Code §8.01-34 (contribution among wrongdoers is not available where the wrong in question involves moral turpitude).

      **B.**    **IHC's contribution and indemnity claims additionally do not satisfy *Pacor*, because the Trustee has acknowledged that such claims will be disallowed and/or subordinated.**

The Trustee's reliance on IHC's proof of claim in the NECC bankruptcy to establish "related to" jurisdiction is additionally and fundamentally inconsistent with the Trustee's

admission and acknowledgement that Insight's proof of claim will be disallowed and/or subordinated.  See Doc. 764-3 at 3-6 (Trustee's letter to counsel for the Roanoke Gentry Locke Plaintiffs).   IHC's contribution and/or indemnity "claims" thus (i) do not pose any threat to recovery by other unsecured creditors and (ii) certainly will not be treated *pari passu* with other creditors' claims.    Claims that will be disallowed and/or subordinated simply cannot have the effect on the bankruptcy estate of NECC that is required under *Pacor* for there to be "related to" jurisdiction.[4]

### C. "Related to" jurisdiction did not arise when these Intervenors and the other Virginia plaintiffs filed proofs of claim in the NECC bankruptcy.

"Related to" jurisdiction over the Lawsuits and the other state court actions that are the subject of the Renewed Transfer Motion was not created when these Intervenors and the other Virginia injured parties filed their proofs of claim against the debtor, NECC.  *See Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co.*, 302 B.R. 620, 625-626 (N.D. Iowa 2003)(rejecting the argument that "related to" jurisdiction existed over non-bankruptcy suits by non-debtors solely against other non-debtors just because some of the non-debtor plaintiffs had filed proofs of claim in the Enron bankruptcy seeking to recover the same damages alleged in the non-bankruptcy suits).  The filing of proofs of claim against the debtor does not relieve the Trustee or IHC of the need to establish "related to" jurisdiction under *Pacor*.   The case of *TD Bank, N.A. v. Sewell*, 419 B.R. 103 (D. Me. 2009), cited both by the Trustee[5] and by IHC,[6] supports Intervenors.  *Sewell* involved the assertion of related-to jurisdiction over a non-debtor secured creditor's suit against a non-debtor <u>guarantor</u> of the debtor's secured debt.  *Id*. at 104-105.   Applying *Pacor's*

---

[4]   *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984).

[5]   *See* Doc. No. 818 at 6-8.

[6]   *See* Doc. No. 820 at 12.

express statement that a creditor's suit against a debtor's guarantor would necessarily affect that creditor's status vis-a-vis other creditors, the court in *Sewell* found related-to jurisdiction.  *Id.* at 108-109 and n. 41 (collecting cases finding related-to jurisdiction in guarantor settings).  By contrast, IHC is not a guarantor of any tort liability NECC has to these Intervenors and the other Virginia plaintiffs.   Additionally, the court in *Sewell* rejected a claimed right of indemnification as the basis for "related to" jurisdiction, because the guarantors there did not show (just as neither the Trustee nor IHC can show here) that the debtor was "under an unconditional duty to indemnify them."   419 B.R. at 107.

## Conclusion

For the reasons set forth above, the Renewed Transfer Motion should be denied as to these Intervenors' Lawsuits, that were added to such Motion by the Trustee's "Notice of Filing of an Amended and Supplemental Exhibit 1" (Docs. 1027 and 1027-1).

[remainder of this page intentionally left blank]

Respectfully submitted,

**ROANOKE-AREA LICHTENSTEINFISHWICK INTERVENORS:**

| | |
|---|---|
| **Gladys G. Austin** | **Larry Hall** |
| **Richard Blankenship** | **Frank Haranzo, Jr.** |
| **Cheryl Brogan** | **Susanne Hastings** |
| **Kimberly Chitwood** | **Jacob Helm** |
| **Christopher Compton** | **Stuart Katz** |
| **Shirley Doyle** | **Melissa Marshall** |
| **Renate Fariss** | **John Marsinko** |
| **Nancy Goodfellow** | **Jane Mckeon** |
| **Norma Hurley** | **William L. Neal, Administrator** |
| **Mabel Hutcherson** | **Angela Norman** |
| **Arnold Moon** | **Larry Rice** |
| **Rosanne Moon** | **Deanna Smith** |
| **Sharon Overstreet** | **Stevie Thomas** |
| **Mary Radford** | **Brenda Varley** |
| **Audrey Ransome** | **Christine Wheeler** |
| **Nosworthy Reid** | |

By:  /s/ Gregory L. Lyons
       Of Counsel

John E. Lichtenstein (VSB #27048)
E-mail:  jel@vatrials.com
John P. Fishwick, Jr. (VSB #23285)
E-mail:  jpf@vatrials.com
Gregory L. Lyons (VSB #24037)
E-mail:  gll@vatrials.com
Monica L. Mroz (VSB #65766)
E-mail: Monica@vatrials.com
Joanna M. Meyer (VSB #86427)
E-mail:  jmm@vatrials.com
LICHTENSTEINFISHWICK PLC
101 South Jefferson St., Suite 400
Roanoke, VA 24011
Ph:    (540) 343-9711
Fax:   (540) 343-9713
*Counsel for Roanoke-Area LichtensteinFishwick Intervenors*

**BROWN & JENNINGS INTERVENORS:**

**Nora Bell**
**Alma Eden**
**Thomas Goodwin**
**Jimmy Green**
**Patricia Jennings**
**Susan Kincanon**
**Ashlee Lakin**
**Virginia Milne**
**Lori Morris**
**Deborah Rogers**
**David Rose**
**Joseph Smith**
**Vicki Uthus**
**Regina Waddell**
**Doris West**
**Judith Williams**

By:  /s/ Gregory L. Lyons for P. Brent Brown
Of Counsel

P. Brent Brown (VSB # 18760)
E-mail:   brent@brownjenningslaw.com
William A. Jennings (VSB # 24176)
E-mail:   andy@brownjenningslaw.com
BROWN & JENNINGS, PLC
30 Franklin Road, Suite 700
Roanoke, Virginia 24011
Telephone:    (540) 444-4010
Fax:          (540) 444-4011
*Counsel for Brown & Jennings Intervenors*

## CERTIFICATE OF SERVICE

I, Gregory L. Lyons, hereby certify that I filed this document through the CM/ECF system, thereby providing electronic notice of such filing to the registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be provided to those indicated in the NEF as non-registered participants.

   /s/   Gregory L. Lyons
Counsel for Roanoke-Area
LichtensteinFishwick Intervenors
Dated:  April 2, 2014