UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Suits Identified in the Exhibit to the Tennessee Defendants' Previously Filed Motion to Dismiss (Doc. 771) | MDL No. 2419<br>Master Docket No.: 1:13-md-2419 (RWZ) |

### RESPONSE OPPOSING TENNESSEE DEFENDANTS' MOTION TO SUPPLEMENT MEMORANDUM OF LAW

The Plaintiffs' Steering Committee respectfully opposes the Motion for Permission to Supplement the Tennessee Defendants' Memorandum of Law in Support of Their Motion to Dismiss Global Claims (Doc. 1033, the "Motion for Leave").  Through that Motion, the Tennessee Defendants request leave to "supplement" their seventy-four (74) page brief (Doc. 772) which supports their pending Motion to Dismiss Global Claims (Doc. 771).  The Tennessee Defendants' request should be granted in part and denied in part for the following reasons:

1. On January 31, 2014, the PSC filed its First Amendment to Master Complaint (Doc. 832).  That filing amended Plaintiffs' conspiracy allegations by adding specific allegations related to some of the Tennessee Defendants.  The PSC filed that amendment pursuant to F.R.C.P. 15(a)(B), which expressly authorizes amendment of pleadings as a matter of right within 21 days of service of a Rule 12(b) motion to dismiss.  The PSC acknowledges that the Tennessee Defendants should have the opportunity to address these new allegations put forth after they filed their Motion to Dismiss (the Tennessee Defendants filed their original motion to

dismiss on January 10, 2014).

The PSC proposes that the Tennessee Defendants file a supplemental brief of no more than 5 pages (in their original motion to dismiss brief, the Tennessee Defendants expended 5 pages addressing the sufficiency of Plaintiffs' conspiracy allegations), and no later than 7 days after the Court enters an order granting leave to file such supplement.  Further the PSC should then file a response to that supplemental brief of no more than 5 pages, and no more than 14 days after the Tennessee Defendants file their proposed supplement.

This procedure and schedule will ensure that a ruling on the motion to dismiss is not delayed but will grant the Tennessee Defendants an opportunity to address the new allegations contained in the Amended Master Complaint.

All other relief requested in the Motion for Relief should be denied for the reasons set forth below.

2.   The Tennessee Defendants' motion is untimely and contrary to the parties' agreed briefing schedule.  The Tennessee Defendants were required to file their pending Motion to Dismiss Global Claims by no later than January 10, 2014.[1]  On that date, the Tennessee Defendants filed a Motion to Dismiss Global Claims (Doc. 771) supported by a seventy-four (74) page memorandum (Doc. 772).  After that filing, counsel for the PSC and counsel for the Tennessee Defendants expended considerable time and effort negotiating an agreed briefing schedule.  At no point during those negotiations did the Tennessee Defendants mention any desire to "supplement" their seventy-four (74) page brief.

3.   The timing of the Tennessee Defendants' request is unfair.  The parties' agreed briefing schedule (Doc. 884) required Plaintiffs to file their response to the Motion to

---

[1] *See Electronic Clerk's Notes,* Doc. 567 ("The Court extended the deadline for filing master responses to the master complaint to 1/10/2014.").

- 2 -

Dismiss Global Claims by no later than March 28, 2014. The Tennessee Defendants waited seventy-one (71) days[2] after they filed their original brief to request permission to supplement that brief, and they made that request only seven days before Plaintiffs' response brief was due. That request circumvents the parties' agreed briefing schedule and should be denied.

4.  The Tennessee Defendants did not comply with Local Rule 7.1(a)(2) before filing the present motion. That rule requires parties to confer with opposing counsel before filing motions. The Tennessee Defendants made no effort to confer with opposing counsel. They made no effort to explain the nature of the so-called "supplement" that they wish to tender. They made no effort to explain why their request is purportedly reasonable, and they did not afford opposing counsel the opportunity to ask questions about the proposed "supplement." As demonstrated by the above, the PSC would have entertained reasonable requests to supplement, which would have obviated the need for this additional motion practice. That is the purpose of Local Rule 7.1(a)(2)'s meet and confer requirement, and parties should not be permitted to ignore their duty to confer with opposing counsel before filing motions, especially when, as here, meeting and conferring would have narrowed the scope of the issues to be decided.

5.  Given the extraordinary size (74 pages) of the Tennessee Defendants' original memorandum (Doc. 772), this Court should deny Defendants' request for even more briefing space.

6.  In their motion, the Tennessee Defendants acknowledge that their proposed supplemental filing is unnecessary. Specifically, the Tennessee Defendants assert as

---

[2] The subject motion was filed on March 21, 2014, seventy-one (71) days after the Tennessee Defendants filed their seventy-four (74) page brief on January 10, 2014.

- 3 -

follows:

> Tennessee Defendants' Supplement does not significantly change the analysis of the Tennessee Defendants' grounds for dismissing the "global claims." The Tennessee Defendants do not anticipate the information in the supplement will require specific response by the Plaintiffs beyond what the Plaintiffs already are responding to by the March 28 deadline.

In other words, the Tennessee Defendant's own motion acknowledges that the proposed supplement does not change the analysis and requires no response, and is therefore superfluous and unnecessary.

7.   Further, this is not the first time that the Tennessee Defendants have attempted to untimely supplement or amend a motion. On March 14, 2014, the Tennessee Defendants filed an Amended Statement of Material Fact (Dkt. No. 1016) that relates to their Motion for Summary Judgment over two months prior (Dkt. No. 774). This pattern of supplementing and amending motions months after filing them only invites unnecessary motion practice that consumes judicial resources. The Court should not countenance these continued tactics.

Dated:  April 4, 2014                                Respectfully submitted,

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

- 4 -

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcentercom

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

- 5 -

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

## CERTIFICATE OF SERVICE

I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: April 4, 2014

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV