UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>1:13-cv-12682; 1:13-cv-12426; 1:13-cv-12688<br>1:13-cv-12696; 1:13-cv-12738; 1:13-cv-12915<br>1:13-cv-12838; 1:13-cv-12489; 1:13-cv-12733<br>1:13-cv-12480; 1:13-cv-12596; 1:13-cv-12840<br>1:13-cv-12580; 1:13-cv-12836; 1:13-cv-12581<br>1:13-cv-12666; 1:13-cv-12583; 1:13-cv-12734<br>1:13-cv-12597; 1:13-cv-12843; 1:13-cv-12759<br>1:13-cv-12922; 1:13-cv-12428; 1:13-cv-12923<br>1:13-cv-12918; 1:13-cv-12914; 1:13-cv-12490<br>1:13-cv-12311; 1:13-cv-12491; 1:13-cv-12998<br>1:13-cv-12917; 1:13-cv-12619; 1:13-cv-12238 | |

**PLAINTIFF STEERING COMMITTEES' REPLY
IN SUPPORT OF RULE 56(d) RESPONSE**

The Plaintiffs' Steering Committee (the "PSC") now submits this Reply in Support of its Rule 56(d) Response (Dkt. No. 948, the "Rule 56(d) Response") to address arguments in the Reply To The PSC's Fed R. Civ. P. 56(d) Response (Dkt. No. 1015, the "Tennessee Defendant Reply") filed on March 14, 2014 by Saint Thomas Outpatient Neurosurgical Center, LLC ("St. Thomas Clinic"), Howell Allen Clinic, a Professional Corporation, John W. Culclasure, MD ("Dr. Culclasure"), Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC ("SSC"); Kenneth R. Lister, MD ("Dr. Lister"); and Kenneth Lister, MD, PC (collectively the "Tennessee Defendants").

1

**I.       Procedural Background**

On December 13, 2013, at the regularly scheduled monthly status conference, Judge Saylor set forth the framework he wanted to follow in this MDL.  Judge Saylor decided to (1) postpone Motions to Dismiss addressing idiosyncratic, case specific issues, (2) address issues that cut across at least 25 cases, and (3) address summary judgment issues after discovery. Specifically, he stated as follows:

> I want to do this in sort of a linear way. I want to do Rule 12(b)(6) motions. If some of them should be postponed because they are so idiosyncratic that there is no value to deciding them now, fine, we can put those on hold, but something that cuts across 100 cases or 50 cases or 25 cases, it seems to me ought to be resolved now. It's a 12(b)(6) standard. It may be that I say, you know, I can't resolve this now or it states a claim, and we'll take it up again on summary judgment, but I want to do -- conceptually we'll do motions to dismiss, we'll do discovery, we'll do summary judgment, we'll have a trial. There are lots of wrinkles along the way because it's an MDL, but that's the basic framework I want to follow here.[1]

Judge Saylor did not make this statement in a vacuum.  It was part of an ongoing exchange of how to handle motions to dismiss that tough "global" issues and those that are particular to an individual case.[2]  This conversation was spurred, in part, by the fact that the Tennessee Defendants, along with other defendants, had started filing individual motions to dismiss and motions for summary judgment.[3]  Shortly after the December status conference, Judge Saylor entered an ordering denying all those previously filed motions to dismiss and motions for summary judgment, presumably because such filings did not comport with Judge Saylor's vision for how he wanted this case to proceed.[4]

Notwithstanding Judge Saylor's clear instruction, on January 10, 2014, the Tennessee

---

[1] Transcript, Dec. 13, 2013 Hearing at 23.

[2] *See generally id.* at 20-25.

[3] *See* Dkt. No. 720.

[4] *Id.*

Defendants filed a Motion for Summary Judgment seeking summary dismissal of 33 cases for purported failures to comply with Tenn. Code Ann. § 29-26-122.[5] In support of this Motion for Summary Judgment, the Tennessee Defendants also filed a Statement of Material Facts under Local Rule 56.1,[6] supported by two separate affidavits by Dr. Culclasure, the medical director of Saint Thomas Clinic, and Dr. Lister, the Medical Director of SSC.[7]

On February 24, 2014, and cognizant of Judge Saylor's previous instruction that he intended to take things up in a "linear" fashion and address summary judgment only after discovery, the PSC filed a Rule 56(d) response to the Tennessee Defendants' Motion for Summary Judgment requesting additional time to conduct discovery prior to the Court ruling on the merits of the Tennessee Defendants' Motion for Summary Judgment. Contemporaneously with filing this Rule 56(d), the PSC filed a declaration detailing the specific discovery needed to respond to the Motion for Summary Judgment. The PSC's response identified three specific classes of discovery that the PSC needed to respond to the motion for summary judgment: 1) discovery related to Plaintiffs' claims under the Tennessee Products Liability Act; 2) discovery related to Plaintiffs' claims for civil conspiracy; and 3) discovery related to whether the Plaintiffs had in fact satisfied the "standard of care" as the Tennessee Defendants alleged through self-serving affidavits in their original Motion for Summary Judgment.[8]

Thereafter, the Tennessee Defendants filed their Reply to the PSC's Rule 56(d) Response to the Tennessee Defendants' Motion for Summary Judgment along with an Amended Statement of Undisputed Facts withdrawing two facts which formed the basis, in part, of the PSC's Rule

---

[5] Dkt. No. 774 (the "Motion for Summary Judgment").
[6] Dkt. No. 776.
[7] Dkt. Nos. 777 and 778.
[8] Dkt. No. 948 at P. 14-17.

3

56(d) Response.[9] Specifically, the Amended Statement of Undisputed Material Facts withdrew two statements claiming that Dr. Culclasure and Dr. Lister satisfied the "standard of care" in their provision of medical services to the Plaintiffs.[10] In all other respects, the Amended Statement of Undisputed Material Facts remain identical to the original Statement of Undisputed Material Facts filed with the original Motion for Summary Judgment.[11]

## II.  Argument

As should be clear from the above, the PSC's Rule 56(d) Response requesting additional time to conduct discovery prior to fully responding to the Tennessee Defendants' premature Motion for Summary Judgment is consistent with Judge Saylor's instruction on how he intended this case to move forward,. The PSC agrees with Judge Saylor's assessment that discovery should be conducted before the Court rules on any motions for summary judgment. The Tennessee Defendants disagree, and despite Judge Saylor's instruction, continue to seek summary judgment on 33 cases before any meaningful discovery has been conducted in this litigation.

The Tennessee Defendants claim that their Motion for Summary Judgment "can be resolved without further discovery" because they seek dismissal based on legal technicalities and do not request the Court reach the merits of the claims pending in the 33 lawsuits over which the Tennessee Defendants seek summary dismissal.[12] However, despite their claim that no discovery is needed, the Tennessee Defendants took the extraordinary step of amending their statement of material fact to "withdraw" two pivotal statements from the Tennessee Defendants' original statement of material fact, a tacit acknowledgment that its original Motion for Summary

---

[9] Dkt. Nos. 1015-1017.

[10] *See* Dkt. No. 1017 at Pg. 3, ¶¶ 6-7.

[11] *See* Dkt. No. 1017.

[12] *See* Dkt. No 1015 at P. 7-8.

4

Judgment relied upon disputed facts over which Plaintiffs should be given the opportunity to conduct discovery.[13]

The Tennessee Defendants did not seek permission to file this amendment and any such amendment is clearly inconsistent with Local Rule 56.1, which requires a statement of material fact be filed contemporaneously with a motion for summary judgment. As a result, the Court should not consider the amended statement of material fact -- filed well after the original motion for summary judgment -- in evaluating the PSC's Rule 56(d) Response.

In any event, the Tennessee Defendants' position that no discovery is needed to respond to the Motion for Summary Judgment is premised on a fundamental misreading of the Tennessee Healthcare Liability Act, Tenn. Code Ann. § 29-26-101, *et seq*. (the "Healthcare Liability Act"). Plaintiffs' claims under the Tennessee Products Liability Act and claims for civil conspiracy[14] are not subject to coverage under the Tennessee Healthcare Liability Act, and are certainly not subject to that act's certificate of good faith requirement. Accordingly, Plaintiffs should be permitted an opportunity to conduct merits-based discovery before all claims are considered under Rule 56.

To the extent the Court will not automatically deny the Motion for Summary Judgment based on the PSC's Rule 56(d) response, the PSC respectfully requests that the Court establish a briefing schedule to allow the PSC to address the legal insufficiencies of the Motion for Summary Judgment.[15]

---

[13] *See* Dkt. No. 1016 at P. 3. At this time, the PSC believes that it will deny or at least does not have enough information to admit or deny the following statements in the Tennessee Defendants' Statement of Material Fact: Statements 1-10, 12, 16, and 18.

[14] Other claims brought by Plaintiffs in this action may also fall outside of the coverage of the Healthcare Liability Act, but Plaintiffs 56(d) specifically highlighted the need for further discovery on Plaintiffs' claims under the Tennessee Products Liability Act and Plaintiff's claims for civil conspiracy. Accordingly, this Reply is similarly limited to these issues and will not address what if any other claims brought by Plaintiffs also fall outside of the coverage of the Tennessee Healthcare Liability Act.

[15] As just an example of the lack of legal merit in the Tennessee Defendants' position, the PSC in its response to

A. **The Tennessee Defendants' Amended Statement of Material Fact is Procedurally Improper and Should not be Considered and Demonstrates That Additional Discovery is Needed to Resolve the Motion for Summary Judgment**

The Tennessee Defendants attempt to amend its statement of undisputed facts, after submitting its Motion for Summary Judgment and after having received the Plaintiffs' Rule 56(d) response.[16] No leave of the court was sought or granted allowing the Defendant to amend its statement of undisputed facts.[17] Further, under Local Rule 56.1, a statement of material fact must be filed contemporaneously with filing of a motion for summary judgment; the Tennessee Defendants filed their amended statement of material over two months *after* they filed their Motion for Summary Judgment. These procedural irregularities render the amended statement of material fact improper and it should not be considered by the Court in ruling on Plaintiffs' Rule 56(d) response. At the very least, the Defendant's amended statement indicates that the initial statement and Motion for Summary Judgment should have never been filed.

In any event, it is well settled that when a party submits a statement of undisputed facts in compliance with a Local Rule, a party is bound by their own statement of material facts.[18] Here, the Tennessee Defendants' attempts to amend their motion to remove two pivotal statements they originally claimed were material to the resolution of their Motion for Summary Judgment is a tacit admission that Plaintiffs' Rule 56(d) response is well-supported and that the original summary judgment motion cannot be decided until and unless Plaintiffs are given the

---

the pending Global Motion to Dismiss filed by the Tennessee Defendants set forth the basis for how claims arising under the Tennessee Products Liability Act and civil conspiracy are not covered by the Tennessee Healthcare Liability Act. *See* Dkt. No. 1040 at P. 24-28.

[16] Dkt. No. 1016.

[17] *See* Local Rule 7.1(b)(3) (requiring leave of court to file any paper with the Court not styled as a motion or an opposition to a motion.)

[18] *See*, *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 888 F. Supp. 192, 201 n.7 (D. Me. 1995), aff'd, 97 F.3d 1504 (1st Cir. 1996)("Under [Local Rule 56], it is not the court's duty to go beyond the parties' statements of material facts. . . . The parties are bound by their [Local Rule 56] Statements of Fact and the court's summary judgment decision will be based solely upon facts properly presented therein."); *see also Samedi v. Miami Dade-County*, 134 F.Supp.2d 1320, 1328, fn. 8 (S.D.Fla. 2001).

opportunity to conduct discovery in this case. In other words, the Tennessee Defendants, regardless of their untimely and improper attempt to amend their statement of material fact, must live with the fact that their summary judgment motion requires resolution of material facts that require Plaintiffs be given the opportunity to conduct discovery to resolve.

### B. The Tennessee Defendants' Motion for Summary Judgment is Premised on a Fundamental Misunderstanding of the Tennessee Healthcare Liability Act.

Even if the Court did consider the untimely and improperly amended statement of material fact, Plaintiffs still need discovery before Plaintiffs' claims under the Tennessee Products Liability Act and for civil conspiracy can be subject to summary judgment. The Tennessee Defendants claim that its summary judgment motion "can be resolved without further discovery" because they seek dismissal based on legal technicalities, but this position is premised on a fundamental misunderstanding of Tennessee law.[19] If the Court chooses to take up the Defendants' summary judgment motions now, the PSC will address this legal issue in greater depth in an opposition to those motions for summary judgment. For now, we sketch the broad strokes.[20]

Specifically, the Tennessee Defendants have clearly misread the scope and import of the Tenn. Code Ann. § 29-26-122, a provision of the Healthcare Liability Act requiring parties who file certain types of healthcare liability actions (i.e. medical malpractice actions) to contemporaneously file a certificate of merit with their complaint.[21] Here, the Tennessee Defendants seek summary judgment against complaints that are not medical malpractice actions, and therefore not subject to the requirements of Tenn. Code Ann. § 29-26-122.

Specifically, Tenn. Code Ann. § 29-26-122 states as follows:

---

[19] See Dkt. No. 1015 at P. 7.

[20] The PSC made this same request in its Rule 56(d) Response. *See* Dkt. No. P. 19-20.

[21] Tenn. Code Ann. § 29-26-122.

7

> ***In any health care liability action in which expert testimony is required by § 29-26-115***, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. (emphasis added).

Tenn. Code Ann. § 29-26-115 addresses plaintiff's burden of proving a breach of the standard of care in the provision of healthcare services. Therefore, as is clear from the above-quoted language, a certificate of good faith under Tenn. Code Ann. § 29-26-122 is required if and only if two prerequisites are satisfied: 1) the plaintiff has brought a claim for health care liability; and 2) that claim requires expert proof related to defendant's breach of the standard of care.

The Tennessee Defendants claims that any claim against any healthcare provider is by definition subject to the requirements of Tenn. Code Ann. § 29-26-122 is fundamentally inconsistent with the plain language of the statute. Here, Plaintiffs' claims for violations of the Tennessee Products Liability Act and civil conspiracy are not claims for healthcare liability and, even if they were, do not require expert testimony establishing a breach of the standard of care. Therefore, Tenn. Code Ann. § 29-26-122 is simply inapplicable to those claims.

However, before the Court can rule on the merits of the Tennessee Defendant's Motion for Summary Judgment, further discovery is needed on the merits of claims before the Court can rule whether those claims can be summarily dismissed under Rule 56(d). As outlined in greater detail in the PSC's Rule 56(d) Response, at a minimum, further discovery is needed to determine the scope of the Tennessee Defendant's business of selling products to patients, and patient billing records currently available reveal that the Tennessee Defendants frequently bill separately for the medical service performed as part of the epidural steroid injections, and the steroids actually sold to patients.[22] This conduct further supports the PSC's position that Plaintiff's claims under the Tennessee Products Liability Act exist separate and apart from claims under the

---

[22] Rule 56(d) Response at P. 14-15.

Healthcare Liability Act.[23] Similarly, Plaintiffs claims for civil conspiracy fall outside of the coverage of the Healthcare Liability Act,[24] and as explained at length in the PSC's Rule 56(d) Response, discovery related to Plaintiffs' claims for civil conspiracy should also move forward before those claims are considered under Rule 56.[25]

### III.    CONCLUSION

For the foregoing reasons and as further outlined in the PSC's Rule 56(d) Response, the Court should follow the staging of the litigation as set out by Judge Saylor and Plaintiffs should be able to conduct merits-based discovery on their claims before those claims are considered under Rule 56. In any event, if the Court is not willing to immediately deny the premature Motion for Summary Judgment based on the PSC's Rule 56(d) Response, the PSC respectfully requests that the Court set a briefing schedule to allow the PSC to address the legal insufficiencies of the Tennessee Defendants' pending Motion for Summary Judgment.

Dated:  April 4, 2014                                         Respectfully submitted,

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419

---

[23] *See* Dkt. No. 1040 at P. 24-26 (arguing that claims under the Healthcare Liability Act apply to the provision for "health care ***services***," not the sale or distribution of goods or products).  Other evidence may also exist further shedding light on the Tennessee Defendants' activities that further establish they are "sellers" under the Tennessee Products Liability Act.

[24] *See id.* at P. 34-35 (arguing that claims for civil conspiracy are not affected by the Healthcare Liability Act).

[25] Dkt. No. 948 at P. 15-18. The Tennessee Defendants' amended statement of material fact only withdraws facts related to whether the Tennessee Defendants violated the "standard of care" in their provision of medical services to Plaintiffs.  Plaintiffs' claims under the Tennessee Product Liability Act and for civil conspiracy are unrelated to whether the Tennessee Defendants satisfied the standard of care and therefore the amended statement of material fact cannot change the fact that Plaintiffs are entitlted to discovery over those claims *prior to* the Court ruling on whether they should be summarily dismissed under Rule 56. Further, even accepting and considering the Amended Statement of Material Fact does not change Tennessee law that claims for medical malpractice should not be summarily dismissed at this early stage of the litigation.  *See* Dkt. No. 948 at 17-18 (discussing cases).

gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcentercom

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA 30328
Telephone: (404) 451-7781
Facsimile: (404) 506-9223
marc@markzamora.com

**CERTIFICATE OF SERVICE**

    I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: April 4, 2014

                                                    **/s/ J. Gerard Stranch, IV**
                                                  J. Gerard Stranch, IV