**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

—————————————————————
IN RE: NEW ENGLAND                              )
COMPOUNDING PHARMACY, INC.                      )
PRODUCTS LIABILITY LITIGATION                   )
                                                )       MDL No. 13-md-2419-RWZ
v.                                              )
                                                )
This Document Relates to:                       )
                                                )
All Cases                                       )
—————————————————————)

**JOINDER OF LIBERTY INDUSTRIES, INC. TO THE TENNESSEE CLINIC
DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO
RECONSIDER AND REVISE SPECIFIC PROVISION IN MDL ORDER NO. 6 TO
ALLOW ALL PARTIES EQUAL ACCESS TO THE DOCUMENTS PRODUCED
BY NECC TO THE PSC**

Defendant, Liberty Industries, Inc., ("Liberty") hereby joins in *The Tennessee Clinic*

*Defendants' Motion to Reconsider and Revise Specific Provision in MDL Order No. 6 to Allow*

*All Parties Equal Access to the Documents Produced by NECC to the PSC* (Dkt. No. 1037) and

its accompanying Memorandum in Support (Dkt. No. 1038) ("Reconsideration Motion").

Liberty supports the Reconsideration Motion for the reasons stated therein.  Liberty also

supports the Reconsideration Motion because it too has repeatedly requested access to the

production, but has not been granted such access.  Liberty is also an Unaffiliated Defendant

participating in mediation, yet unable to make a fully informed decision regarding settlement due

to the lack of access to the NECC production.[1]

**1.  Liberty's Requests for Access to NECC's Production Have Been Rebuffed by the
PSC.**

Liberty has repeatedly requested documents from the PSC that support the allegations of

the Master Complaint, and in particular, documents pertaining to the operation of NECC before

_____
[1] Liberty is also filing a Motion to Modify the Order on Mediation Program to call for the production of NECC
documents to the mediating parties.

it closed in October 2012.  The claims against Liberty are based on Liberty's limited role in constructing three of the five clean rooms at NECC.  Because the two largest sources of contamination are the people in the clean rooms and the materials brought into the clean rooms, information and documents regarding NECC's operations are relevant.  *See* United States Pharmacopeia, 35 <797> "Pharmaceutical Compounding-Sterile Preparations" ("USP 797").[2] The PSC has received approximately 5,900 documents and 42,000 pages from NECC ("NECC Production").  Presumably, the NECC Production contains documents concerning the clean rooms, including their construction and/or modification, among other documents related to the operation of NECC, such as the sterilization practices used by NECC personnel.

On January 2, 2014, counsel for Liberty requested the PSC produce documents supporting its claims.[3]  However, Liberty has not yet received any documents that pre-date the closure of NECC.[4]

On March 5, 2014, the Chapter 11 Trustee and Official Committee of Unsecured Creditors ("Creditors Committee") represented that "the Trustee…has provided informal discovery to the PSC **and non-affiliated defendants** through sixteen separate productions, encompassing over 5,900 documents and 42,000 pages."  *See* Joint Status Report of the Chapter 11 Trustee and Official Committee of Unsecured Creditors, at 13, n.11. (Dkt. No. 971) (emphasis added).

In light of this representation, on March 7, 2014, counsel for Liberty sent correspondence to counsel for the Creditors Committee, inquiring of the means and methods it may employ to

---

[2] A true copy of an excerpt of the USP 797 is attached to the Affidavit of Peter G. Hermes ("Hermes Aff."), submitted in support of this Joinder, as <u>Exhibit 1</u>.  A complete copy of the USP 797 is attached as an exhibit to the Declaration of Abigail Hemai in Support of Defendant Unifirst Corporation's Global Motion to Dismiss (Dkt. No. 1052-1).

[3] *See* Jan. 2, 2014 letter from Nicole Dorman to Marc Lipton, a true copy of which is attached to the Hermes Aff. as <u>Exhibit 2</u>.

[4] As a part of confidential mediation communications, counsel for Liberty received 960 pages of documents. However, none of them pertain to the operation of NECC prior to its filing for bankruptcy.

access the NECC Production.[5]  Liberty was redirected to counsel for the Chapter 11 Trustee and

Special Litigation Counsel, but did not receive a substantive response from either. *See id.*

Likewise, although Liberty is a non-affiliated defendant belonging to the group of defendants

who purportedly received the NECC Production, it still has not received access, despite the

representation to the Court that production was made to "non-affiliated defendants."

On March 31, 2014, Liberty again inquired of the PSC regarding the NECC Production.[6]

This time, Liberty was informed that the NECC Production is subject to an agreement between

the PSC and Trustee preventing its production.  *See id.*  Liberty's attempts to gain access to

critical information have been repeatedly thwarted.

## 2.  Liberty is Significantly Disadvantaged by Participating in Mediation Without the Benefit of Access to NECC's Production.

Unlike the Tennessee Clinic Defendants, Liberty is participating in mediation.  This

barrier to production identified by counsel for the Chapter 11 Trustee is nonexistent with respect

to Liberty (and any other Unaffiliated Defendants participating in the mediation).  Also, the

Order on Mediation Program ("Mediation Order") expressly permits for "informal discovery"

from the Unaffiliated Defendants to the Chapter 11 Trustee, Creditors Committee and PSC, and

expressly contemplated that the Court (or the mediator) may determine in the future that

"additional information or documents should be exchanged in order to facilitate a mediated

settlement or resolution []" *See* Mediation Order, at Section II(H)(1)-(3). (Dkt. No. 394).  The

time is now appropriate for this Court to make such a ruling, as participation in the mediation is

hampered by the lack of access to the NECC production which is believed to contain documents

reflecting evidence needed to evaluate liability when considering the possibility of settlement.

---

[5] *See* Mar. 7, 2014 e-mail chain, a true copy of which is attached to the Hermes Aff. as Exhibit 3.
[6] *See* Mar. 31, 2014 e-mail chain, a true copy of which is attached to the Hermes Aff. as Exhibit 4.

Liberty, like many Unaffiliated Defendants, needs to know what evidence exists to support the claims against which it is defending. However, unlike other defendants, the Master Complaint (and 18 other Complaints to date) allege that Liberty designed, manufactured and constructed three of the five clean rooms at the NECC's Framingham, Massachusetts facility in which it is alleged the tainted MPA was compounded.  Review of the NECC production may reveal that the MPA was in fact compounded in the clean rooms in which Liberty was uninvolved, demonstrating there is no basis for a finding of liability for Liberty, and hence no reason to settle at mediation.  The NECC Production may also reveal that work was performed subsequent to Liberty's work on the three clean rooms for which it contracted.  Similarly, the documents may (likely) show that the procedures used by NECC during its operation were the sole cause of the contamination and widespread outbreak.  Such information is critical in evaluating whether to settle the claims at mediation.  Simply put, it is essential for Liberty to review the NECC Production to determine in which clean rooms the tainted MPA was created, whether any subsequent work was performed to the rooms for which Liberty contracted to install, and the extent of the operational protocols and practices of NECC personnel while NECC was still in business.

WHEREFORE, Defendant Liberty Industries, Inc., respectfully seeks to join in *The Tennessee Clinic Defendants' Motion to Reconsider and Revise Specific Provision in MDL Order No. 6 to Allow All Parties Equal Access to the Documents Produced by NECC to the PSC* for the reasons stated in the Motion, it's accompanying Memorandum in Support, and the reasons stated herein.

Respectfully submitted,

LIBERTY INDUSTRIES, INC.,
By its attorneys,


*/s/ Peter G. Hermes*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
     & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
Dated:  April 7, 2014                    (617) 728-0052 (F)


## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on April 7, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes


## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for the Plaintiffs' Steering Committee, Chapter 11 Trustee, and Official Committee of Unsecured Creditors and the parties were unable to reach agreement with respect to the issues raised herein.

*/s/ Peter G. Hermes*
Peter G. Hermes


*G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Joinder in MTN to Revise MDL Order No. 6 - Revised.docx*