# EXHIBIT 2



ATTORNEYS AT LAW

Michael J. Rose
Robin B. Kallor*
Melinda A. Powell
Johanna G. Zelman
Nicole D. Dorman
Allison L. Pannozzo
Cindy A. Miller**
Dana R. McGee

Paralegals:
Amber M. Smith
Maria R. Palmer
Kiva T. Bynum

*Also admitted in New York and New Jersey
**Also admitted in Massachusetts

January 2, 2014

**VIA EMAIL AND REGULAR MAIL**
Marc E. Lipton
Lipton Law
18930 West Ten Mile Road
Southfield, MI 48075

Re:   New England Compounding Center Litigation, MDL No. 2419
      Liberty Industries, Inc.

Dear Mr. Lipton:

    In response to Ms. Frushour Bean's most recent email, enclosed please find: 1) a list of all subcontractors with whom Liberty worked on the three clean rooms installed at NECC/Ameridose; and, 2) a summary of all products purchased from Liberty by NECC/Ameridose. Since Liberty has disclosed all its files relating to the three clean rooms, any documents reflecting communications with these subcontractors were necessarily included in that disclosure.

    As for the conveyor, there is no documentation of NECC's decline of Liberty's quote. Liberty never received a response one way or the other.

    In order for Liberty to prepare for the mediation, and in accordance with the court's various orders pertaining to same, Liberty requests that plaintiffs produce, as soon as possible, the documents described below.

I.   **Documents Required To Evaluate Plaintiffs' Claims**

    As an initial consideration, the master complaint allegations consistently refer to "one or more of the Cleanrooms." Absent specification as to which of the rooms completed by Liberty

ROSE KALLOR, LLP
January 2, 2014
Page 2
Re: New England Compounding Center

incorporated which defects and were used to compound which contaminated drugs, Liberty cannot reasonably respond to plaintiffs' claims of liability.

Please produce the names and addresses of all expert witnesses who have, or are prepared to, offer opinions in support of plaintiffs' position in the mediation, including, but not limited to plaintiffs' contention that Liberty's work was defective and such work was the direct, proximate and foreseeable cause of damages incurred by the plaintiffs. For each such expert, please provide a copy of the report or opinion.

Please produce all documents or other evidence plaintiffs intend to rely upon to demonstrate that claims against Liberty Industries, Inc. are not barred by the applicable statute of limitations, including, but not limited to, all materials supporting plaintiffs' allegation that 'subsequent room additions, rework or repair (warranty or otherwise) and/or system upgrades, done by Liberty, took place within each of these Cleanrooms after certification had been issued." **Master Compl. ¶ 127.**

Please produce all documents, reports, opinions, or other evidence that support plaintiffs' claim that Liberty Industries, Inc.'s manufacture, construction, installation and/or design of the NECC/Ameridose clean rooms were defective which:

   a) made them unsuitable for their intended use. **Id. ¶ 128.**

   b) failed to prevent contamination of pharmaceuticals compounded within them. **Id.**

   c) had faulty ceiling grids, panels, light fixtures, HEPA filtration modules or other improper materials. **Id. ¶¶ 130, 213.**

   d) were prone to pressure inconsistencies, water damage and other failings that would disrupt or destroy the cleanliness of the clean rooms and made them susceptible to contamination. **Id. ¶ 130.**

   e) included an improperly designed and installed fire suppression system. **Id. ¶ 213.**

Please produce all documents or other evidence that support plaintiffs' claim that "on numerous occasions NECC requested and was denied repair of Liberty's defective work." **Id. ¶ 131.**

Please produce all documents or other evidence that supports plaintiffs' allegation that Liberty "knew that NECC and Ameridose were compounding drugs at their facility for national distribution and for use in patients such as Plaintiffs." **Id. ¶ 214.**

Please produce copies of any other documents, materials or other evidence supporting plaintiffs' factual and legal contentions as to Liberty's liability.

ROSE KALLOR, LLP
January 2, 2014
Page 3
Re: New England Compounding Center

    Please produce all records, reports, test results or other documentation relating to NECC/Ameridose maintenance and recertification of its clean rooms after the certifications completed by ENV Services on October 7, 2005, July 12, 2006, and March 6, 2008.

    Let me know if you have any questions, and thank you in advance for your cooperation.

                                        Very truly yours,

                                        Nicole D. Dorman

Cc: J. Frushour Bean, via email only
NDD/ams
Enclosure