# EXHIBIT 4

# Dianne E. Ricardo

| | |
|---|---|
| **From:** | Peter G. Hermes |
| **Sent:** | Monday, March 31, 2014 2:11 PM |
| **To:** | 'Marc Lipton'; 'pdmoore@duanemorris.com'; 'mrgottfried@duanemorris.com'; 'wbaldiga@brownrudnick.com'; 'dmolton@brownrudnick.com'; 'tom@hbsslaw.com'; 'hbnecc@harrisbeach.com' |
| **Cc:** | Scott S. Spearing; Nicole D. Dorman (ndorman@nicoledormanlaw.com); Dianne E. Ricardo |
| **Subject:** | RE: NECC/ Liberty Industries |

Marc:

My statement regarding documents was accurate as stated. Among the 900 pages downloaded by Ms. Bean, there were no historical documents, i.e. documents concerning operations before NECC's closure.

Peter

Peter G. Hermes
Hermes, Netburn, O'Connor & Spearing, P.C.



265 Franklin Street, 7th Floor | Boston, MA 02110
direct 617.210.7710 | cell 617.584.1297 | main 617.728.0050
phermes@hermesnetburn.com | www.hermesnetburn.com

Note: This electronic mail may contain information that is privileged, confidential or exempt from disclosure under applicable law. Any dissemination, copying or use of this electronic mail by or to anyone other than the designated and intended recipient(s) is unauthorized. If you received this message in error, then please delete it from your system and contact the sender immediately. E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. IRS CIRCULAR DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Marc Lipton [mailto:Marc@liptonlaw.com]
**Sent:** Monday, March 31, 2014 2:06 PM
**To:** Peter G. Hermes; 'pdmoore@duanemorris.com'; 'mrgottfried@duanemorris.com'; 'wbaldiga@brownrudnick.com'; 'dmolton@brownrudnick.com'; 'tom@hbsslaw.com'; 'hbnecc@harrisbeach.com'
**Cc:** Scott S. Spearing; Nicole D. Dorman (ndorman@nicoledormanlaw.com); Dianne E. Ricardo
**Subject:** RE: NECC/ Liberty Industries

Peter,

As far as the first part of your email NEW ACTIONS AGAINST LIBERTY IN STATE COURT, the PSC does not object to removal of these cases, which we believe is consistent with the Order entered by Judge Saylor prior to your involvement in the case.

As far as the second part of your email, relating to NECC DOCUMENTS, the PSC position is as follows.

1

1. We do not object to your joining in the TN motion on this issue. The PSC is prevented from sharing the documents under an agreement with the trustee that led to these documents being turned over. We also would not object to the Trustee modifying his agreement with us, allowing us to share them without the necessity of Court involvement.
2. I do want to clarify that it is my understanding that this particular statement is inaccurate: "Although over 40,000 pages allegedly have been produced, the production to date has been limited to certain post NECC closure reports and photographs. No historical documents have been received" It is my understanding that there are many documents that pre-date the closure of NECC (assuming that I am understanding what you mean by that). I cannot state that every document has been made available, as I do not have access to the entirety of the NECC and affiliated entity documents.

Please let me know if you have any further questions.

**Marc E. Lipton**
*Managing Partner*
**Lipton Law**
18930 West Ten Mile Road
Suite 3000
Southfield, MI 48075
(O) 248-557-1688
(F) 248-557-6344
**(F) 248-282-2466 NOTE THE NEW DIRECT FAX NUMBER**
www.liptonlaw.com

---

**From:** Peter G. Hermes [mailto:phermes@hermesnetburn.com]
**Sent:** Monday, March 31, 2014 1:12 PM
**To:** Marc Lipton; 'pdmoore@duanemorris.com'; 'mrgottfried@duanemorris.com'; 'wbaldiga@brownrudnick.com'; 'dmolton@brownrudnick.com'; 'tom@hbsslaw.com'; 'hbnecc@harrisbeach.com'
**Cc:** Scott S. Spearing; Nicole D. Dorman (ndorman@nicoledormanlaw.com); Dianne E. Ricardo
**Subject:** NECC/ Liberty Industries

Counsel:
There are two matters I wish to address before the conference call with the Mediator. I do not consider this email or subsequent communications concerning the subject matter herein to be privileged in any respect.

NEW ACTIONS AGAINST LIBERTY IN STATE COURT

Liberty was recently served with complaints that were filed in New Jersey state court on January 15, 2014, *Chambers* and *Snead* ("New Jersey Cases"). Answers are due in late April. These complaints also name NECC, in violation of the automatic stay that applies to NECC pursuant to 11 U.S.C. § 362. Also named as defendants are Alaunus, Ameridose, Uniclean, and a variety of medical providers. The Complaints are attached. Neither the plaintiffs in *Chambers*, nor *Snead* filed a proof of claim in the Bankruptcy Court. The New Jersey Cases assert personal injury claims arising from the tainted lots of MPA from NECC. The dockets indicate that no activity has occurred since the complaints were filed, *i.e.* no steps have been taken to dismiss the claims against NECC, or seek leave for relief from the automatic stay, or remove the case to federal court, despite the note on the Case Information Sheets

that a related action is pending in the MDL here in Massachusetts. Today, I became aware that Ameridose has filed Petitions for Removal in both cases.

The New Jersey Cases also do not fit into any category of cases that Judge Saylor reviewed when ruling upon the Trustee's first motion to transfer cases into the MDL, and therefore it is unclear whether they could be transferred into the MDL. If Liberty is to engage in mediation, it cannot be exposed to defending contemporaneously state court cases. What action, if any, does the Trustee or the PSC contemplate taking with respect Removal Petitions in these and similar future cases?

NECC DOCUMENTS

Liberty is aware that the Tennessee defendants have filed a motion for reconsideration of provisions of CMO No. 6 in order to obtain access to NECC documents that either have been or may be produced to the PSC. Liberty has made requests dating back almost three months for relevant documents that the PSC has received from the Trustee. Although over 40,000 pages allegedly have been produced, the production to date has been limited to certain post NECC closure reports and photographs. No historical documents have been received. Apart from all its other defenses (which Liberty preserves and does not waive), Liberty has liability only if the necessary causal connection is established between its involvement many years before the production of the contaminated MPA in mid-2012 and the injuries and deaths arising thereafter from the injection with that MPA.

Liberty is contemplating joining in that motion and serving its own motion to amend the Mediation Order to compel production of relevant documents, without which it cannot evaluate its exposure or determine whether to continue with an attempt at mediation. Please consider this email as a request for a Rule 7.1 conference.

Peter
Peter G. Hermes
Hermes, Netburn, O'Connor & Spearing, P.C.


HERMES NETBURN

265 Franklin Street, 7th Floor | Boston, MA 02110
direct 617.210.7710 | cell 617.584.1297 | main 617.728.0050
phermes@hermesnetburn.com | www.hermesnetburn.com

Note: This electronic mail may contain information that is privileged, confidential or exempt from disclosure under applicable law. Any dissemination, copying or use of this electronic mail by or to anyone other than the designated and intended recipient(s) is unauthorized. If you received this message in error, then please delete it from your system and contact the sender immediately. E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. IRS CIRCULAR DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed therein.