UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>　　All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

**CHAPTER 11 TRUSTEE'S OPPOSITION TO TENNESSEE CLINIC DEFENDANTS' MOTION TO RECONSIDER AND REVISE SPECIFIC PROVISION IN MDL ORDER NO. 6 TO ALLOW ALL PARTIES EQUAL ACCESS TO THE DOCUMENTS PRODUCED BY NECC TO THE PSC AND RESPONSE TO TENNESEE CLINIC DEFENDANTS' JOINDER IN THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO PARTIALLY LIFT THE DISCOVERY STAY**

The Tennessee Clinic Defendants[1] recently filed their (i) Joinder in the Plaintiffs' Steering Committee's Motion to Partially Lift Discovery Stay [Doc. No. 1041] (the "Joinder") and (ii) Motion to Reconsider and Revise MDL Order No. 6 to Allow All Parties Equal Access to the Documents Produced by NECC to the PSC [Doc. No. 1037] (the "Access Motion"). The Trustee opposes the relief sought by the Tennessee Clinic Defendants in these filings. Because the filings are inherently related, as they deal with discovery matters, and in order to curb the trend of voluminous filings in this MDL, the Trustee addresses both filings in this response.

I.   **Response to Tennessee Clinic Defendants' Joinder to the Lift Stay Motion**

On October 28, 2013, the Plaintiffs' Steering Committee (the "PSC") filed its Motion to Partially Lift Discovery Stay [Doc. No. 534] (the "Lift Stay Motion"), through which the PSC

---

[1] The Tennessee Clinic Defendants are: Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD.

seeks relief from the Court-imposed discovery stay so that it may initiate discovery of the Affiliated Defendants.  Oppositions to the Lift Stay Motion were filed by Paul D. Moore, chapter 11 trustee (the "Trustee") for New England Compounding Pharamcy, Inc. d/b/a New England Compounding Center ("NECC") [Doc. No. 758], the Official Committee of Unsecured Creditors (the "Committee") [Doc. No. 762], and the Affiliated Defendants [Doc. No. 757].  This Court considered the Lift Stay Motion and the related oppositions at the January 10, 2014 status conference, deciding to continue the matter to a later date in order to allow the parties to conclude their important settlement discussions without the distractions of formal discovery.

Five months after the PSC filed the Lift Stay Motion, and more than two weeks after it was represented to this Court that the Lift Stay Motion was fully briefed,[2] the Tennessee Clinic Defendants now seek to join in that motion for the first time.  The Trustee objects to the Tennessee Clinic Defendants' attempt to join in the Lift Stay Motion at this late hour (without first seeking this Court's leave to do so).  Moreover, the Trustee renews his objection to the relief sought by the PSC in its Lift Stay Motion and incorporates herein by reference the arguments made in opposition thereto in previous filings by the Affiliated Defendants [Doc. No. 757], the Official Committee of Unsecured Creditors (the "Committee") [Doc. No. 762] and the Trustee himself [Doc. No. 758].

This Court had instituted a stay of all formal discovery of NECC and the Affiliated Defendants.  See MDL Order No. 6 [Doc. No. 209].  By its Lift Stay Motion, the PSC seeks to lift the stay to initiate formal discovery.  The Trustee, the Committee and the Affiliated

---

[2] See Jointly Proposed Agenda for the March 13, 2014 Status Conference [Dkt. No. 995] at 1 n.1, 2 (listing the Lift Stay Motion under "Fully briefed motions that are ripe for oral argument" and noting that "All defendants whose counsel have filed notices of appearance in the MDL were provided an opportunity to comment on the proposed agenda").

2

Defendants have all opposed the Lift Stay Motion, in large part due to the negative impact that the commencement of formal discovery would have upon the completion of the settlement process.

In their Joinder, the Tennessee Clinic Defendants contend that "[o]nce a settlement was reached with NECC and the Affiliated Defendants in December 2013, the stay had outlived its purpose." Joinder at 1. Nothing could be farther from the truth. Indeed, at the January 10th status conference, Judge Saylor opted to defer consideration of the Lift Stay Motion, stating that, while discovery would eventually become necessary, he wanted the parties to focus on the settlements. Hearing Transcript at 31:14-16 (Jan. 10, 2014) ("I'm concerned in the very short term about burdening counsel who I do want to focus principally on the settlement agreement"). Although the settlements in principle have been announced publicly, they are not finalized. The parties and their counsel continue to work hard to finalize the agreements, which is no minor task. Once the agreements are completed and fully executed, judicial approval of the settlements from the Bankruptcy Court is required; initially on a stand-alone basis pursuant to Federal Rule of Bankruptcy Procedure 9019 and later as part of a chapter 11 plan. Without the blessing of the Bankruptcy Court, the settlements will not have their intended effect.

Thus, there is still significant work to accomplish on the settlements before they can be considered final and effective. Lifting the stay now would divert the focus of counsel, consume substantial resources (thereby limiting the funds ultimately available to compensate those injured), and further delay the finalization and approval of the settlements. Such a result is not in any party's best interest. The discovery stay should remain in place to maintain the status quo until the motions to approve such settlements have been adjudicated by the Bankruptcy Court.

Moreover, the Trustee remains willing to entertain informal discovery within the context of the mediation program.  The Trustee encouraged all defendants to participate in the mediation program, with the hope that mediation would be the most efficient and least costly route to a global settlement and confirmable chapter 11 plan.  As an incentive for parties to mediate, the Trustee indicated that limited, informal discovery would be available.  Many parties opted into the mediation process.  The Tennessee Clinic Defendants did not, but now seek to reap the benefits of participation without engaging in the mediation process.  Such an end run around the procedures established in good faith by the Trustee and approved by this Court should not be permitted.

II.     **Objection to Motion for Access to All Documents Produced to PSC**

In addition to joining in the PSC's Lift Stay Motion, the Tennessee Clinic Defendants moved this Court to grant all parties equal access to the documents that the Trustee has informally, and confidentially, produced to the PSC.  The Access Motion appears to be an attempt by the Tennessee Clinic Defendants to gain access to documents, *any documents*, in the event that the Lift Stay Motion is continued or denied.  Such imprecision is one reason why the Access Motion must be denied.

In their Joinder to the PSC's Lift Stay Motion, the Tennessee Clinic Defendants echoed Judge Saylor's words that, when the discovery stay is ultimately lifted, it will not open the floodgates, but would start with a meet and confer so that the parties can develop a plan as to how can they can proceed with discovery in a targeted and efficient manner.  See Joinder at 7.  But they take a different approach in their Access Motion, instead asking this Court to grant *all* parties in *all* cases access to the documents that the Trustee produced in response to informal requests by the PSC in order to faciliate settlement.  The relief requested in the Access Motion represents the least efficient, least targeted and most expensive way to proceed with discovery.

4

Parties would waste countless hours and funds reviewing documents that may be completely irrelevant to their cases. If the Tennessee Clinic Defendants wait until the settlements have been finalized and presented to the Bankruptcy Court for approval, the parties will be able to confer and develop an appropriate plan for targeted discovery.

Additionally, as noted above in response to the Joinder, the Trustee encouraged parties to participate in the mediation program by offering informal discovery as an incentive. Some parties opted into the program and are currently engaged in discussions seeking to resolve their actions. Other parties, like the Tennessee Clinic Defendants, have chosen to stand on the sidelines. Their attempts to obtain discovery outside of the mediation program, either through their Joinder to the Lift Stay Motion or their Access Motion, would effectively undo the Trustee's efforts to encourage participation in the mediation program by eliminating one of the primary incentives for parties to participate. The Tennessee Clinic Defendants should not be permitted to disrupt the substantial progress being made in this case, both in the settlements and through the mediation program, simply because they have grown impatient. Discovery will commence in due time. Until then, the status quo should be preserved.

## CONCLUSION

For all the foregoing reasons, the Trustee respectfully requests that this Court: (i) continue the Lift Stay Motion until the settlements have been completed and presented to the Bankruptcy Court for approval; (ii) deny the Access Motion; and (iii) grant such other and further relief as this Court determines is just and proper.

Dated: April 7, 2014

                                      Respectfully submitted,

                                      DUANE MORRIS LLP

                                      */s/ Michael R. Gottfried*
                                      Michael R. Gottfried (BBO #542156)
                                      100 High Street
                                      Suite 2400
                                      Boston, MA 02110-1724
                                      Phone: (857) 488-4200
                                      Email: mrgottfried@duanemorris.com

                                      *Counsel for Paul D. Moore, Chapter 11*
                                      *Trustee of New England Compounding*
                                      *Pharmacy, Inc. d/b/a New England*
                                      *Compounding Center*

DM3\2863165.2

**Certificate of Service**

I, Michael R. Gottfried, hereby certify that on April 7, 2014, I caused a copy of the foregoing document, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service.

/s/ *Michael R. Gottfried*
Michael R. Gottfried