# Exhibit A

**Matt H. Cline**

| | |
|---|---|
| **From:** | Chris J. Tardio |
| **Sent:** | Wednesday, April 02, 2014 3:44 PM |
| **To:** | Ben Gastel; Matt H. Cline; Alan Bean |
| **Cc:** | Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Lisa A. Ohman |
| **Subject:** | RE: Response to Amneded MSJ |

Ben:

I simply do not agree with you on these points. I do not think we changed the factual basis for our motion at all, and particularly do not agree that taking two "facts" off the table for purposes of this MSJ requires *more* briefing. Again, if anything, in my view, it should narrow the issues. We did not add or change any asserted material facts with our reply. We simply conceded two "facts" are not material to a decision on the MSJ and took the (probably unnecessary) step of formally withdrawing them.

So, I still do not consent to additional briefing on the -122 motion.

Obviously, if you feel that you need to file a motion asking for permission to further brief these issues, that is your choice. If you do, I would appreciate you attaching these emails or, at least, fairly noting the basis of my non-agreement rather than simply saying, "The Tennessee Clinic Defendants refused to consent." We have been accommodating, I believe, on deadlines, extensions, page limits, briefing issues, *etc.*, as have you. On this, however, it appears we just have a substantive disagreement.

Chris J. Tardio, Esq.
Member // Gideon, Cooper & Essary, PLC

**From:** Ben Gastel [mailto:beng@branstetterlaw.com]
**Sent:** Tuesday, April 01, 2014 4:58 PM
**To:** Chris J. Tardio; Matt H. Cline; Alan Bean
**Cc:** Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Lisa A. Ohman
**Subject:** RE: Response to Amneded MSJ

Chris,

Under Local Rule 7.2(b)(3), we think it is clear that your amended statement of material fact should only be filed with leave of court, which you did not seek. Further, because your "reply" included an amended statement of material facts you have now functionally changed the factual basis supporting your motion for summary judgment. Our Rule 56(d) response was specifically tailored to the motion for summary judgment as originally drafted, and now that you have changed the basis for your motion, you are refusing to consent to a modest proposal to file a reply to allow us to address the substantive amendments you made to your motion. Obviously had the reply not changed the basis of the motion, then we could have avoided additional motion practice on this issue, that was certainly our hope. Unfortunately, you chose to change the basis of your motion, and we believe that fairness requires that the Plaintiffs be given an opportunity to respond to your substantive amendments to the motion for summary judgment. Alternatively we can treat your amended statement as a new motion for summary judgment and respond as contemplated by Local Rule 56.1. This seems even more unnecessary, and we certainly hope to avoid that additional motion practice. Please let us know by COB tomorrow if you will consent to the reply. Otherwise we will file a motion with the Court and note your refusal to consent to the motion.

Thank you,

Ben Gastel

1

**Branstetter, Stranch & Jennings, PLLC**
227 Second Ave. N.
Fourth Floor
Nashville, TN 37061-1631
P: 615.254.8801
F: 615.255.5419

---

**From:** Chris J. Tardio [mailto:chris@gideoncooper.com]
**Sent:** Friday, March 28, 2014 5:02 PM
**To:** Ben Gastel; Matt H. Cline; Alan Bean
**Cc:** Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Lisa A. Ohman
**Subject:** RE: Response to Amneded MSJ

No, respectfully, I cannot consent to another pleading on the -122 motion for summary judgment. If you wish to try to explain why you need another pleading, I am glad to listen. But, without further explanation, I will not agree.

We filed our MSJ. You filed a response. We filed a reply. All of this was pursuant our agreed briefing schedule. The only "amendment" we made with our reply was to withdraw two facts from our statement of undisputed material facts. We did not amend our motion or memorandum of law. I do not consider our withdrawal of two statements of fact to be an "amended" summary judgment motion in that any additional briefing is required. If anything, withdrawal of those two affirmative statements should cut down on the necessary argument.

As a practical matter, I think it takes leave of court anyway (LR 7.1(b)(3)). So, my consent is probably of little value. And, if you get to file a "reply" to our "reply," do we get to file a sur-sur-reply (the fifth pleading on this)?

Chris J. Tardio, Esq.
Member // Gideon, Cooper & Essary, PLC

---

**From:** Ben Gastel [mailto:beng@branstetterlaw.com]
**Sent:** Friday, March 28, 2014 10:20 AM
**To:** Chris J. Tardio; Matt H. Cline; Alan Bean
**Cc:** Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Lisa A. Ohman
**Subject:** RE: Response to Amneded MSJ

Dkt. Nos. 1015-1017, your amendments to your motion for summary judgment.

---

**From:** Chris J. Tardio [mailto:chris@gideoncooper.com]
**Sent:** Thursday, March 27, 2014 5:55 PM
**To:** Ben Gastel; Matt H. Cline; Alan Bean
**Cc:** Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Lisa A. Ohman
**Subject:** RE: Response to Amneded MSJ

Can you tell me what you pleading you want to file a "reply" to? I am not sure exactly what you are referring to.

Chris J. Tardio, Esq.
Member // Gideon, Cooper & Essary, PLC

---

**From:** Ben Gastel [mailto:beng@branstetterlaw.com]
**Sent:** Thursday, March 27, 2014 11:27 AM
**To:** Chris J. Tardio; Matt H. Cline; Alan Bean
**Cc:** Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com)
**Subject:** Response to Amneded MSJ

2

Chris,

We would like to file a reply to your amended motion for summary judgment filed on March 14. Will you consent to the filing of our reply and that we can file by next Wednesday, April 2?

Thank you,

Ben


Ben Gastel
**Branstetter, Stranch & Jennings, PLLC**
227 Second Ave. N.
Fourth Floor
Nashville, TN 37061-1631
P: 615.254.8801
F: 615.255.5419

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.