UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: <br> All Cases | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2419 <br><br> Master Dkt. No. 1:13-md-2419- RWZ |

### DEFENDANT UNIFIRST CORPORATION'S JOINDER IN THE TENNESSEE CLINIC DEFENDANTS' MOTION TO RECONSIDER AND REVISE MDL ORDER NO. 6

Defendant UniFirst Corporation ("UniFirst") respectfully submits this joinder in the Tennessee Clinic Defendants' Motion to Reconsider and Revise MDL Order No. 6 to Allow All Parties Equal Access to the Documents Produced by NECC to the PSC, (Dkt. # 1037) ("Motion to Revise"). MDL Order No. 6 (the "Order") precludes UniFirst and other defendants not affiliated with NECC (the "Unaffiliated Defendants")[1] from accessing the over 42,000 pages of documents that the New England Compounding Center ("NECC") has produced to the Plaintiffs' Steering Committee ("PSC") and that are now housed in an electronic repository.[2]

While UniFirst maintains that it is premature to begin full-blown discovery while the universe of potential parties remains unsettled, the current state of affairs has given the PSC an unfair litigation (and mediation) advantage by effectively granting the PSC a monopoly over the

---

[1] *See* MDL Order No. 6 (Dkt. # 209), at 1-2 ("For purposes of this order . . . 'unaffiliated defendants' shall mean other entities not affiliated with NECC.").

[2] *See* Joint Status Report Of The Chapter 11 Trustee And The Official Committee Of Unsecured Creditors, at 13 n.11 (Dkt # 971).

1

only discovery to have been produced by the party at the center of this litigation.[3] Whatever reasons may have existed for this restriction when the Order was issued in June 2013, those reasons have long since passed. UniFirst, therefore, respectfully requests that the Court grant the Motion to Revise at the earliest possible opportunity, to allow the Unaffiliated Defendants access to the U.S. Legal Repository of documents produced by NECC.

In addition to those arguments set forth by certain of the defendants, UniFirst states as follows:

*First*, the current arrangement is simply unfair. It has been months since NECC provided its documents to the PSC,[4] and the Unaffiliated Defendants are at a severe disadvantage in developing their understanding of the underlying facts of the case. It is inequitable for the PSC to be the only party with access to NECC's information.

*Second*, the sole reason for restricting access to the documents—that wider access would somehow hinder settlement negotiations between NECC, the Affiliated Defendants, and the PSC—no longer applies. Nearly *four months ago*, in December 2013, those parties announced that they had reached a settlement in principle.[5] It has been almost a month since the Trustee reported to this Court that the settlement in principle was complete and that "final settlement

---

[3]  Nothing in this joinder is intended to limit discovery as the litigation proceeds. UniFirst reserves its right to seek further discovery from NECC and the other entities or individuals affiliated with NECC (the "Affiliated Defendants").

[4]  *See* Status Conf. Tr. 43:2-45:1 (Sep. 12, 2013).

[5]  Status Conf. Tr. 49:10-50:4 (Dec. 13, 2013); Status Conf. Tr. 9:14-18 (Jan. 10, 2014); *see also* CBS News, *Meningitis victims nearing settlement with New England Compounding Center for $100M*, (December 24, 2013, 10:12 AM), *available at* http://www.cbsnews.com/news/meningitis-victims-nearing-settlement-with-new-england-compounding-center-for-100m/; Joint Emergency Motion of the Chapter 11 Trustee and Plaintiffs' Steering Committee to Extend the Deadline for Filing of a Master Complaint Related to Affiliated Defendants, at 3 (Dkt. # 741); Memorandum of Law of Chapter 11 Trustee in Response to Plaintiffs' Steering Committee's Motion to Partially Lift Discovery Stay, at 1 (Dkt. # 758).

agreements for the two NECC insurers [were] out for signature."[6]  At this point, denying the Unaffiliated Defendants access to documents that NECC already has produced serves no purpose.

***Third***, allowing the Unaffiliated Defendants access to the document repository would require <u>*no additional work*</u> on the part of the PSC, NECC, or the Court.  The documents are already housed in a secure repository accessed and managed by the PSC.  Sharing access to this repository is all that is required.  Importantly, revising MDL Order No. 6 would in no way implicate the principles of the automatic stay that NECC has as a debtor in bankruptcy.  These documents have <u>*already been voluntarily produced to select third parties*</u>.  All that UniFirst asks is that it, along with the other Unaffiliated Defendants, have the same access to these documents that certain parties to the litigation, namely the PSC, have had for months.

***Fourth and finally***, in January, the Trustee represented to this Court that he had "provided 'informal' discovery to the PSC and non-affiliated defendants through twelve separate productions."[7]  Despite that report, Unaffiliated Defendants have <u>*not received any discovery*</u> (informal or otherwise), and the Unaffiliated Defendants have not been allowed access to the repository.[8]  UniFirst simply asks that NECC and the Trustee be ordered to honor their earlier assurances that their documents be produced to the defendants.

---

[6]  Status Conf. Tr. 25:21-22 (Mar. 13, 2014).

[7]  Memorandum of Law of Chapter 11 Trustee in Response to Plaintiffs' Steering Committee's Motion to Partially Lift Discovery Stay, at 4 (Dkt. # 758).

[8]  *See* The Tennessee Clinic Defendants' Memorandum in Support of their Motion to Reconsider and Revise MDL Order No. 6 to Allow All Parties Equal Access to the Documents Produced by NECC to the PSC, Exs. C, E (Dkt. # 1038).

For these reasons, UniFirst moves the Court to allow the Tennessee Defendants' Motion to Revise and grant all parties access to the document repository.

Respectfully submitted,

DEFENDANT UNIFIRST CORPORATION

By its attorneys,

*/s/ James C. Rehnquist*

James C. Rehnquist (BBO #552602)
Roberto M. Braceras (BBO # 566816)
Abigail K. Hemani (BBO # 650721)
Damian W. Wilmot (BBO # 648693)
Josh L. Launer (BBO # 673661)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, Massachusetts 02109-2881
Telephone: 617.570.1000
Facsimile: 617.523.1231
jrehnquist@goodwinprocter.com
rbraceras@goodwinprocter.com
ahemani@goodwinprocter.com
dwilmot@goodwinprocter.com
jlauner@goodwinprocter.com

Dated:  April 9, 2014

## **CERTIFICATE OF SERVICE**

      I, James C. Rehnquist, hereby certify that a copy of this document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF) will be sent to these parties by operation of the CM/ECF system on April 9, 2014.

                                            */s/ James C. Rehnquist*