UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All Cases. ) <br> ) <br> _____ ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

### SAINT THOMAS ENTITIES AND ASCENSION PARTIES' MOTION TO MODIFY MDL ORDER NO. 6 TO ALLOW EQUAL ACCESS TO NECC DOCUMENT PRODUCTION

Defendants Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities") and defendants Ascension Health and Ascension Health Alliance (collectively referred to as the "Ascension Parties") file this Motion to Modify MDL Order No. 6 to Allow Equal Access to NECC Document Production ("Motion") and in support, show the Court the following:

These MDL cases have operated under the Case Management Order, MDL Order No. 6 ("CMO") [Dkt. No. 209], since June 28, 2013. The CMO was prepared by the Plaintiffs' Steering Committee ("PSC"), presented by the PSC, the Creditors' Committee and the Chapter 11 Trustee, and entered before most of the Unaffiliated Defendants[1]—including the Saint Thomas Entities and the Ascension Parties—were brought before this Court. Partly as a result of the PSC's inability to collaborate with defendants in drafting and entering the CMO, it contains a

---

[1] The "Unaffiliated Defendants" include the hospitals, clinics, and other healthcare providers who have no corporate relationship with NECC or its affiliates. Many of the Unaffiliated Defendants were not served in the MDL until after a number of case management orders, including the CMO, had been entered.

53550349.4                                1

peculiar and unexplained provision that prohibits defendants from accessing a PSC-controlled electronic document repository storing "informal" discovery produced by bankruptcy debtor, New England Compounding Center ("NECC").

The PSC and Trustee have refused to grant the Saint Thomas Entities and Ascension Parties access to the over 40,000 NECC documents produced to the PSC by the Trustee over five months ago.

For the reasons set forth in the supporting memorandum, filed contemporaneously and incorporated by reference, the Saint Thomas Entities and Ascension Parties request that this Court, for good cause shown, revise the CMO pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Local Rule 16.1(g), and the Court's discretion to fairly manage proceedings before it.

Pursuant to Local Rule 7.1(a)(2), counsel for the Saint Thomas Entities and Ascension Parties hereby certify that they have conferred and attempted in good faith to resolve or narrow the issues presented by this Motion but have been unable to reach resolution.

Dated: April 9, 2014

By its attorneys,

 /s/ Marcy Hogan Greer
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9000 (FAX)

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

FULBRIGHT & JAWORSKI LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
    TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas  78701
(512) 482-9300
(512) 428-9303 (FAX)

*Appearing *Pro Hac Vice*

53550349.4                                3

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1, I certify that I conferred with counsel for the Plaintiffs' Steering Committee and they indicated that the PSC could not make a determination as to whether it opposes the Motion without seeing a copy of the Motion. I also certify that, at my direction, co-counsel attempted to confer with the Trustee and his counsel by electronic mail and telephone, but has not yet received a response. The Trustee is presumed to opposed the relief requested based on opposition briefs he has filed to a similar motion, as discussed above.

            */s/ Marcy Hogan Greer*
            MARCY HOGAN GREER

**CERTIFICATE OF SERVICE**

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 9th day of April, 2014

            */s/ Marcy Hogan Greer*
            MARCY HOGAN GREER