UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| _____ | ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| All Cases. | ) ) ) | |
| _____ | ) | |

**SAINT THOMAS ENTITIES AND ASCENSION PARTIES' JOINDER IN PLAINTIFFS' STEERING COMMITTEE'S MOTION TO PARTIALLY LIFT THE DISCOVERY STAY AND RELATED PLEADINGS**

Defendants Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities") and defendants Ascension Health and Ascension Health Alliance (collectively referred to as the "Ascension Parties") file this Joinder ("Joinder") in the *Plaintiffs' Steering Committee's Motion to Partially Lift the Discovery Stay* [Dkt. No. 534] and memorandum in support [Dkt. No. 534-1] ("Lift Stay Motion") and in support, show the Court the following:

**JOINDER**

As the Court is aware, on October 28, 2013, the Plaintiffs' Steering Committee ("PSC") filed the Lift Stay Motion, seeking to partially lift the discovery stay memorialized in this Court's June 28, 2013 *Case Management Order, MDL Order No. 6* ("CMO") [Dkt. No. 209]. On March 28, 2014, the "Tennessee Clinic Defendants"[1] filed their Joinder to the Lift Stay Motion ("Tennessee Clinic Defendants' Joinder") [Dkt. No. 1041]. On information and belief,

_____

[1] The "Tennessee Clinic Defendants" include Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD.

additional defendants will join in the Lift Stay Motion and/or otherwise seek to lift the discovery stay as to the Affiliated Defendants.[2]

For the reasons described in the Lift Stay Motion, any joinders by other parties, and as set forth below, the Saint Thomas Entities and Ascension Parties join in the Lift Stay Motion. This Joinder is expressly subject to, and without waiver of any and all rights, remedies, challenges and objections. By this Joinder, the Saint Thomas Entities and Ascension Parties seek to participate in any hearing or other proceeding relating to the Lift Stay Motion as if the motion was initiated by these Defendants.

## SUMMARY AND SUPPLEMENTAL BRIEFING

The Saint Thomas Entities and Ascension Parties incorporate (and therefore do not repeat) the factual assertions and legal argument set forth in the PSC's Lift Stay Motion and the Tennessee Clinic Defendants' Joinder. The Saint Thomas Entities and Ascension Parties further supplement those pleadings as follows:

In the Lift Stay Motion, the PSC argues that "it is time to move forward with the real work of this MDL—efficiently developing facts and the legal claims and defenses of current and prospective parties to achieve the just adjudication of claims—and the necessary first step is to begin coordinated discovery of the Affiliated Defendants." Lift Stay Motion at 2. The PSC made this statement more than five months ago, seeking partial relief from the CMO, which was

---

[2] The "Affiliated Defendants" means "other entities or individuals affiliated with" New England Compounding Pharmacy, Inc. ("NECC"), but does not include bankruptcy debtor NECC. CMO § I. The Affiliated Defendants include Barry Cadden; Lisa Cadden; Doug Conigliaro; Carla Conigliaro; Gregory Conigliaro; Glenn Chinn; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, Inc.; Medical Sales Management; and Medical Sales Management SW. *See* Further Case Management Order, MDL Order No. 7, ¶ 1 [Dkt. No. 438].

authored and brokered by the PSC without input from the Unaffiliated Defendants,[3] including the Saint Thomas Entities and Ascension Parties, many of which were then not parties in the MDL.

On December 23, 2013, a settlement in principle was announced between, among others, the PSC, NECC and the Affiliated Defendants. In furtherance of the settlement, at the January 10, 2013 status conference, NECC's Chapter 11 Trustee ("Trustee") advised that he intended to file a motion to approve the settlement with the Bankruptcy Court within "30 days or so." Tr. Jan. 10, 2014 Status Conf. 25:2-7 (Exhibit A). However, as of the date of this filing, no such motion has been filed, and, accordingly, no settlement has been finalized.[4]

Meanwhile, the Lift Stay Motion has been repeatedly continued, and these cases continue to progress without any non-settling defendants having access to discovery that is essential to case assessment and formulating defenses in these cases.

As set forth in the Tennessee Clinic Defendants' Joinder, the discovery stay has outlived its limited purpose.[5] A settlement has been reached in principle, and the purported intent of the

---

[3] The "Unaffiliated Defendants" include the hospitals, clinics, and other healthcare providers who have no corporate relationship with NECC or the Affiliated Defendants. Many of the Unaffiliated Defendants were not served in the MDL until after a number of case management orders, including the CMO, had been entered.

[4] The settlement is contingent upon confirmation of a chapter 11 plan that incorporates the settlement and includes various non-debtor releases and injunctions in aid thereof. Joint Status Report at ¶ 33[Dkt. No. 971]. The Trustee contemplates filing the plan "within the calendar year." *Id*. at ¶ 38.

[5] The Trustee argues that, at the January 10th status conference, "Judge Saylor opted to defer consideration of the Lift Stay Motion, stating that, while discovery would eventually become necessary, he wanted the parties to focus on the settlements. Hearing Transcript at 31:14-16 (Jan. 10, 2014) ('I'm concerned in the very short term about burdening counsel who I do want to focus principally on the settlement agreement')." *Chapter 11 Trustee's Opposition to Tennessee Clinic Defendants' Motion to Reconsider and Revise Specific Provision in MDL Order No. 6 to Allow All Parties Equal Access to the Documents Produced by NECC to the PSC and Response to Tennessee Clinic Defendants' Joinder in the Plaintiffs' Steering Committee's Motion to Partially Lift the Discovery Stay* ("Trustee Discovery Opposition") [Dkt. No. 1065]. The Trustee ignores an important qualification made by Judge Saylor. The Court explicitly focused on discovery in the "very short term," favoring continuation of the stay in light of the Trustee

stay has been realized.  However, the MDL continues to move forward because the settlement was not—and will not be in the foreseeable future—global as to all defendants.[6]

The Saint Thomas Entities and Ascension Parties, like the Tennessee Clinic Defendants and the vast majority of other defendants in these cases, need discovery from the Affiliated Defendants to, *inter alia*, (1) prove comparative fault of NECC and the Affiliated Defendants; (2) identify other potentially at-fault parties; (3) defend themselves in the multitude of pending suits before this Court; and (4) formulate an efficient and effective strategy for resolution of these matters.

Therefore, the Saint Thomas Entities and Ascension Parties respectfully join in the PSC's Lift Stay Motion and request that the Court enter an order (1) lifting the discovery stay as to the Affiliated Defendants and (2) granting such other and further relief to which the Saint Thomas Entities and Ascension Parties are entitled.  Further, the Saint Thomas Entities and Ascension Parties join in the similar request of the Tennessee Clinic Defendants and respectfully request that the parties be ordered to meet and confer regarding a cost-effective and efficient plan for discovery between the Unaffiliated Defendants and the Affiliated Defendants, including initial

---

representing that a motion would be filed in Bankruptcy Court to approve the final settlement at or near the end of January.  Months later, no such filing has been made.

[6] On April 1, 2014, Ameridose LLC, one of the Affiliated Defendants, filed its *Motion for Leave to Reply to the Tennessee Defendants Joinder* [Dkt. No. 1046].  A similar motion was filed on April 2, 2014, by GDC Properties Management, LLC [Dkt. No. 1053].  The objectors argue that the joinder is not timely because leave was not sought to make the filing, and they separately request leave to file a reply.  On April 7, 2014, the Trustee filed the Trustee Discovery Opposition, arguing, *inter alia*, that the joinders are not timely.  Anticipating a similar objection to this Joinder, the Saint Thomas Entities and Ascension Parties do not object to parties having an opportunity to file a reply to this Joinder; however, the Lift Stay Motion remains pending (by agreement of the relevant parties) and, additionally, recent developments—or lack of developments in the settlement, as the case may be—necessitate this joinder.  The Saint Thomas Entities and Ascension Parties are willing to make this accommodation in order to carry the matter forward, but they do not agree that this Joinder is untimely or otherwise filed in contravention of the rules.

disclosures, standardized discovery requests or an Affiliated Defendant Fact Sheet, targeted

follow-up discovery requests, and depositions of key witnesses.

Dated:  April 9, 2014

By its attorneys,

 */s/ Marcy Hogan Greer*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9000 (FAX)

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

FULBRIGHT & JAWORSKI LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
    TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas  78701
(512) 482-9300
(512) 428-9303 (FAX)

*Appearing *Pro Hac Vice*

<u>**CERTIFICATE OF SERVICE**</u>

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 9th day of April, 2014

_____ */s/ Marcy Hogan Greer* _____
MARCY HOGAN GREER