UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
IN RE: NEW ENGLAND                  )
COMPOUNDING PHARMACY, INC.  )
PRODUCTS LIABILITY LITIGATION   )     MDL No. 13-2419-RWZ
                                                    )
This Document Relates To:             )
                                                    )
    All Actions                              )
                                                    )
_____)

ORDER ON PLAINTIFFS' STEERING COMMITTEE'S
MOTION TO COMPEL PRODUCTION, FOR A FINDING
OF CIVIL CONTEMPT, AND FOR AN AWARD OF SANCTIONS
[Docket No. 786]

April 10, 2014

Boal, M.J.

On November 13, 2013, this Court issued an order granting in part and denying in part motions to quash and objections to certain subpoenas issued by the Plaintiffs' Steering Committee ("PSC") to pain clinics, doctors and/or healthcare providers.  Docket No. 572.  In that order, this Court noted a distinction "between clinics that have no patients who have become plaintiffs in the MDL and have received no notices of claim or letters of representation from any potential plaintiff, on the one hand, and clinics who have patients who are plaintiffs in the MDL or have received notices of claim or letters of representation from potential plaintiffs, on the other."  Id. at 19.  Accordingly, except with respect to a narrow category of information, the Court quashed the subpoenas directed to "respondents who have no patients who have filed suit, joined in the MDL litigation, or given notice of a claim against that respondent relating to NECC medications."  Id. at 20.

-1-

One of the respondents to the subpoenas, Baltimore Pain Management Center ("BPMC"), takes the position that it falls within the category of respondents for which the Court quashed the subpoenas. See Docket No. 842 at 3-5. On September 20, 2013, BPMC received a letter of representation from Janet, Jenner & Suggs, LLC ("Janet") stating that Janet represents two clients "for personal injuries sustained as a result of contaminated injections he/she received from your client, Baltimore Pain Management, in 2012." Docket No. 787-5. BPMC, however, argues that such letter does not give notice of any claim against BPMC but merely states that the named clients are being represented in connection with claims against NECC. Docket No. 842 at 4. The PSC argues that BPMC's position is disingenuous and has moved for an order compelling BPMC to comply with the subpoena directed to it, for a finding of civil contempt, and for sanctions. Docket Nos. 786, 787, 849.

The Court finds that BPMC falls within the category of respondents that must produce documents responsive to the subpoenas. However, the Court does not find that BPMC's position is so unreasonable so as to merit a finding of contempt and sanctions. In addition, BPMC did offer to produce documents responsive to the subpoena directed to it after the PSC filed the instant motion. Accordingly, the Court grants in part and denies in part the PSC's motion. BPMC shall produce all documents responsive to the subpoena as modified by the Court's November 13, 2013 Order within fourteen days of the date of this Order. The Court declines to find BPMC in contempt or to award sanctions against it.

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge