# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Ramos v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10410 | **Document Electronically Filed**<br><br>MDL No. 1:13-md-2419-FDS |

## BRIEF IN OPPOSITION OF DR. NITESH BHAGAT, M.D.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AGAINST HIM FOR PLAINTIFF'S FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT

On the Brief:

Michael F. Barrett, Esq.
Mary T. Gidaro, Esq.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
215-496-8282 (tele)
215-496-0999 (fax)
ATTORNEYS FOR PLAINTIFFS

## STATEMENT OF FACTS

The suits at bar come in the context of a public health crisis caused by the nationwide distribution of quantities of the steroid product methylprednisolone acetate found to be contaminated with a fungus.  In the instant matter, Dr. Nitesh Bhagat (herein" Dr. Bhagat") administered the methylprednisolone acetate (hereinafter "MPA") injection contaminated with fungus to Plaintiff, Jose Ramos, on or about August 23, 2012.  On or about November 16, 2012, Plaintiff filed a Complaint with the Superior Court of New Jersey, Cumberland County identifying Dr. Nitesh Bhagat and South Jersey Healthcare as Defendants.[1]   (A copy of Plaintiff's November 16, 2013 Complaint is attached hereto and marked as Exhibit "A".)  Thereafter, the Ramos matter was consolidated and transferred into Multidistrict Litigation in Massachusetts pending before this Honorable Court.  On December 5, 2013, Defendant, Dr. Bhagat filed a similar Motion to Dismiss Plaintiff's Complaint with prejudice.  Thereafter, on December 9, 2013, Plaintiff filed a Short-Form Complaint in the matter adopting the Master Complaint, and superseding the previous Complaint filed by Plaintiff, whereupon Dr. Bhagat was not named as a Defendant. (See Plaintiff's December 9, 2013 Short-Form Complaint attached hereto and marked as Exhibit "B").

On or about December 16, 2013, Plaintiff, Mr. Ramos, filed opposition to Dr. Bhagat's first Motion to Dismiss indicating the Motion was moot as Plaintiff did not identify Dr. Bhagat as a Defendant in the Short Form Complaint.  On December 23 and 27, 2013, Judge Saylor denied Dr. Bhagat's Motion to Dismiss without prejudice and noted Defendant's Motion was moot because Plaintiff did not identify Dr. Bhagat as a Defendant in his Short Form Complaint. (See Judge Saylor's Orders collectively attached hereto and marked as Exhibit "C").

---

[1] South Jersey Healthcare subsequently became known as Inspira Health Network and Inspira Medical Centers.

There have been no further developments or changes with respect to Dr. Bhagat's status since Judge Saylor's December 27, 2013, Order Denying Dr. Bhagat's Motion to Dismiss, however, Dr. Bhagat has now again filed the same Motion to Dismiss.  Plaintiff respectfully requests this Honorable Court to Deny Dr. Bhagat's Motion to Dismiss for the reasons set forth herein.

## LEGAL ARGUMENT

I.      **Dr. Nitesh Bhagat, M.D.'s Motion to Dismiss Plaintiff's Complaint with Prejudice for Plaintiff's Failure to Serve a Proper Affidavit of Merit is Moot as Dr. Bhagat is Presently No Longer a Party to this Case.**

When Plaintiff, Jose Ramos, filed his Short-Form Complaint on December 9, 2013, Dr. Bhagat was not identified as a Defendant and all previous Complaints filed by Plaintiff were superseded.  As such, Dr. Bhagat is no longer a party to this matter pending before this Court. Further, Dr. Bhagat's counsel through a signed letter unequivocally admitted that Dr. Bhagat is no longer a party. (See January 17, 2014 Defense Counsel Letter attached hereto and marked as Exhibit "D").  Accordingly, Dr. Bhagat's Motion to Dismiss Plaintiff's Complaint is moot.

II.     **An Order Granting the Dismissal of Dr. Bhagat with Prejudice is Not Proper at this Time as Dr. Bhagat is Not Presently a Party to this Litigation, the Statute of Limitations Has Not Expired and Discovery Has Been Essentially Stayed**

The Master Complaint contains allegations of additional claims against the Clinic Defendants, which include any named physicians, other than professional negligence claims, such as Civil Conspiracy.  To date, Plaintiff does not have specific, additional information regarding Dr. Bhagat's knowledge and/or involvement in Inspira's decision to purchase MPA from New England Compounding Pharmacy.  Although Plaintiff is in receipt of the relevant medical records from Inspira, these records confirm that Dr. Bhagat administered the injection at

issue, however the medical records do not provide any information with respect to Dr. Bhagat's knowledge and/or involvement in Inspira's decision to purchase preservative-free MPA from New England Compounding Pharmacy.   On or about December 18, 2013, Plaintiff served discovery upon Inspira's counsel seeking additional information regarding Dr. Bhagat's role. (See Plaintiff's Supplemental Interrogatories attached hereto and marked as Exhibit "E".) However, at or about the same time, a Private Mediation Agreement was finalized amongst Inspira, the Bankruptcy Trustee, the Plaintiffs' Steering Committee and the Official Creditor's Committee.   On January 6, 2013, an Order was entered staying discovery pending the Mediation with Inspira.   (See January 6, 2013 Order attached hereto and marked as Exhibit "F".)   In that regard, on or about January 14, 2014, Inspira's counsel confirmed that pursuant to the Court's Order Staying discovery, Inspira would not be responding to Plaintiff's Supplemental Interrogatories.   (See a copy of the January 14, 2013 correspondence attached hereto and marked as Exhibit "G".)[2]

As discovery has been stayed and the fact that the Statue of Limitations does not expire until late September, 2014, it is Plaintiff, Ramos, who will be prejudiced should the Court dismiss Dr. Bhagat with prejudice at this time.   Therefore, Plaintiff respectfully requests this Honorable Court to Deny Dr. Bhagat's Motion as moot or, in the alternative, without prejudice to be renewed if the current status of the litigation of this matter as to Dr. Bhagat changes.

---

[2] The Inspira Mediation was originally schedule to go forward on or about April 2, 2014, but was postponed. Currently, the parties are attempting to reschedule this Mediation in early June 2014.   Accordingly, Plaintiff will be unable to obtain discovery from Inspira pending the Mediation.

**CONCLUSION**

For the foregoing reasons, it is respectfully submitted that the attached proposed Order should be entered and Defendant, Dr. Nitesh Bhagat, M.D.'s Motion to Dismiss Plaintiff's Complaint be denied as moot, and/or in the alternative, denied without prejudice.

Respectfully submitted,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.


BY: /s/Michael F. Barrett _____
       MICHAEL F. BARRETT, ESQUIRE
       MARY T. GIDARO, ESQUIRE
       One Liberty Place, 52nd Floor
       1650 Market Street
       Philadelphia, PA  19103
       215-496-8282 (tel.)
       215-496-0999 (fax)
       *Attorneys for Plaintiff, Jose A. Ramos*

DATED: April 11, 2014

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | **Document Electronically Filed**<br><br>MDL No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO:<br>*Ramos v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10410 | |

### ORDER

AND NOW, this                    day of        , 2014 upon consideration of Dr. Nitesh Bhagat, M.D.'s Motion to Dismiss Plaintiff's Complaint with Prejudice for Plaintiff's Failure to Serve a Proper Affidavit of Merit, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that Dr. Nitesh Bhagat, M.D.'s Motion to Dismiss Plaintiff's Complaint is denied as moot, as Dr. Nitesh Bhagat, M.D. was not named as a Defendant in Plaintiff's Short Form Complaint filed on December 18, 2013 and/or in the alternative, Denied without Prejudice to be renewed if the status of this matter as to Dr. Nitesh Bhagat changes.

_____

                                                                                                    J.

## CERTIFICATE OF SERVICE

I, Michael F. Barrett, hereby certify that I caused a copy of the above *Brief in Opposition of Dr. Nitesh Bhagat M.D.'s Motion to Dismiss Plaintiff's Complaint with Prejudice against Him for Plaintiff's Failure to Serve a Proper Affidavit of Merit* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

DATED: April 11, 2014              /s/Michael F. Barrett
                                   Michael F. Barrett, Esquire