<table>
<tr><td>

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

<hr>

THIS DOCUMENT RELATES TO:
*Marko v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-10404;
*Pennington v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-10406;
*Leaverton v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-10408;
*Tolotti v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-10413;
*Zavacki v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-10441;
*Letizia v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-10442;
*Tisa v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-10446;
*Devilli v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-11167;
*Effendian v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 13-cv-11233; and
*Guzman v. v. New England Compounding Pharmacy, Inc., et al.*
Docket No. 12-cv-12208

</td><td>

MDL No. 1:13-md-2419-RWZ

<br><br><br>

**Declaration of Michael Coren, Esquire
pursuant to 28 U.S.C. §1746**

</td></tr>
</table>

## <u>DECLARATION OF MICHAEL COREN</u>

I, Michael Coren, Esq., hereby declare and say the following:

1.    I am an attorney at law admitted to practice in the Courts of the Commonwealth

of Pennsylvania and New Jersey, including the United States District Court for the District of

New Jersey. I serve by proxy for Ms. Meghan Handy as a co-chair of the Official Creditors

Committee ("**OCC**") of the NECC Chapter 11 Bankruptcy. I and my law firm, Cohen Placitella

& Roth, P.C., represent plaintiffs in matters before the MDL No. 2419, as well as claimants who

have claims against the Premier Orthopaedic Defendants which will be filed in the future.

2.      Following their filing of a motion to dismiss the Master Complaint the Premier
Defendants' produced documents to the MDL 2419 Plaintiff Steering Committee ("PSC"). This
production contained prescription order forms, purchase orders and invoices for NECC's
preservative free MPA ("MPA-PF"). In my capacity as one of the OCC members assigned to the
joint PSC-OCC-Trustee New Jersey mediation team, I reviewed Premier Defendants' responses
to MDL 2419 discovery for purposes of analyzing these defendants' practices relating to the
prescribing and ordering of NECC's MPA for patients. In connection with this review I was
provided with copies of the operation reports of certain MDL Plaintiffs who have sued Premier
Orthopaedic Defendants and are represented by the law firm of Saltz, Mongeluzzi, Barrett &
Bendesky, P.C. ("Saltz, Mongeluzzi"). The operative reports relate to these Plaintiffs' injections
of MPA-PF at Premier Orthopaedic Associates Ambulatory Surgical Center. Copies of these
operative reports are attached as Exhibits 1 through 6.


3.      I have prepared the following table which lists the Plaintiffs represented by the
Saltz Mongeluzzi firm who were patients of the Premier Defendants and met two criteria: (a) the
patient was administered an injection of MPA-PF at Premier Orthopaedic Associates
Ambulatory Surgical Center; and (2) the documents produced by Premier Defendants contained
a unredacted prescription submitted to NECC for MPA that NECC filled from one of the three
recalled contaminated lots of MPA-PF. Where these criteria were met the table identifies the
Plaintiff and states the date of the Premier Defendants' purported prescription of MPA-PF for
him or her according to the NECC Prescription Order form; the date of the Premier Defendants'
purchase order for the MPA; and the date of NECC's invoice and shipment of the MPA

2

prescribed for the Plaintiff. The Premier Defendants' documents supporting the Table's entries

are attached as Exhibits 7 through 11.

| MDL Plaintiff | Date of injection of MPA | Date of purported prescription | Premier's purchase order Date | NECC Invoice/Shipment Date |
|---|---|---|---|---|
| Letizia | 6/27/12 | 6/27/2012 | 6/27/2012 | 6/29/2012 |
| Marko | 9/19/12 | 9/19/2012 | 9/19/2012 | 9/20/2012 |
| Tisa | 7/25/12 | 7/25/2012 | 7/25/2012 | 8/10/2012 |
| Tisa - | 9/19/12 | 9/19/2012 | 9/19/2012 | 9/20/2012 |
| Tolotti | 7/11/12 | 7/11/12 | 7/11/2012 | 7/16/2012 |
| Zavacki | 7/18/12 | 7/18/12 | 7/18/2012 | 7/19/2012 |

4       The attached operative reports of Dr. Kimberly Y. Smith (Exhibits 1 to 6) relating

to the steroid injection administered to the above listed plaintiffs falsely assert that these

Plaintiffs were injected with "Depo-Medrol". Depo-Medrol, however, is a brand name of a

manufactured (and not compounded) MPA drug that contains, according to its FDA approved

label, a preservative against microbial contamination. Each of these Plaintiffs was advised by

the Premier Defendants at the time of NECC's recall of its MPA products on September 26,

2012 they had been administered NECC's compounded preservative-free MPA and not Depo-

Medrol.

5.       The above information reflects that (a) the Premier Defendants utilized the above

identified MDL Plaintiffs' names on NECC prescription order forms to obtain MPA from NECC

after they had already received MPA injections in order to obtain inventory supplies of MPA

from NECC in contravention of Massachusetts pharmacy laws; and (b) these above listed

Plaintiffs had been injected with fungus contaminated NECC MPA obtained through the use of

falsified prescription information using their names.

I declare under penalty of perjury that the foregoing is correct.

Michael Coren, Esq

DATE: April 1, 2014

# Exhibit 1

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 2

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 3

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 4

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 5

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 6

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 7

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 8

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 9

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 10

*[EXHIBIT TO BE FILED UNDER SEAL]*

# Exhibit 11

*[EXHIBIT TO BE FILED UNDER SEAL]*