# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This document relates to the case identified below<br><br>NORMA KING,<br>    Plaintiff,<br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC. A/K/A AND/OR D/B/A NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE, LLC., ALAUNUS PHARMACEUTICAL, LLC, HAHNEMANN UNIVERSITY HOSPITAL, TENET HEALTHSYSTEM HAHNEMANN, LLC, and PAIN CARE PROFESSIONALS – PAIN CENTER AT HAHNEMANN.<br>    Defendants. | MDL NO.: 2419<br><br><br><br>No.: 1:14-CV-10434-RWZ |

## ORDER

**AND NOW**, this _____ day of _____, 2014, upon consideration of Plaintiff's counsel's Motion to Withdraw as Counsel, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. Tucker Law Group, LLC and its attorneys are granted leave to withdraw their appearances as counsel for Plaintiff, Norma King, in the above matter. Additionally, all proceedings are stayed in this matter with Docket No. 1:14-CV-10434-RWZ for ninety (90) days.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) This document relates to the case identified below ) ) ) ) ) NORMA KING, ) Plaintiff, ) ) v. ) NEW ENGLAND COMPOUNDING ) PHARMACY, ) INC. A/K/A AND/OR D/B/A NEW ) ENGLAND COMPOUNDING CENTER, ) AMERIDOSE, LLC., ALAUNUS ) PHARMACEUTICAL, LLC, ) HAHNEMANN UNIVERSITY ) HOSPITAL, TENET HEALTHSYSTEM ) HAHNEMANN, LLC, and PAIN CARE ) PROFESSIONALS – PAIN CENTER AT ) HAHNEMANN. ) ) Defendants. | MDL NO.: 2419  No.: 1:14-CV-10434-RWZ |

## PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL

Plaintiff's counsel, Tucker Law Group, LLC, hereby moves for leave to withdraw as counsel for Plaintiff, Norma King. The bases for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

**WHEREFORE,** Plaintiff's counsel respectfully requests that this Honorable Court

grant the within Motion and permit Tucker Law Group, LLC to withdraw as counsel.

Respectfully Submitted,

**TUCKER LAW GROUP, LLC**

Dated: March 28, 2014

By: /s/Kathleen Kirkpatrick
Bernard W. Smalley, Esquire
Kathleen Kirkpatrick, Esquire
One Penn Center at Suburban Station
1617 JFK Blvd., Suite 1700
Philadelphia, PA 19103
(215) 875-0609
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This document relates to the case identified below | MDL NO.: 2419 |
| NORMA KING,<br>  Plaintiff,<br><br>    v.<br>NEW ENGLAND COMPOUNDING PHARMACY, INC. A/K/A AND/OR D/B/A NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE, LLC., ALAUNUS PHARMACEUTICAL, LLC, HAHNEMANN UNIVERSITY HOSPITAL, TENET HEALTHSYSTEM HAHNEMANN, LLC, and PAIN CARE PROFESSIONALS – PAIN CENTER AT HAHNEMANN.<br>  Defendants. | No.: 1:14-CV-10434-RWZ |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Plaintiff's counsel, Tucker Law Group, LLC, submits the foregoing memorandum of law in support of its Motion to Withdraw as Counsel for Plaintiff.

### I.     Facts and Procedural Background

This matter was filed in the Court of Common Pleas of Philadelphia, Pennsylvania, on January 15, 2014. It was subsequently removed to the United States District Court for the Eastern District of Pennsylvania. On February 26, 2014, this Court entered a Conditional Transfer Order transferring the matter to the United States Judicial Panel on Multidistrict Litigation (Doc. No. 384).

Since the filing of the Complaint, Plaintiff's counsel learned of information that suggests that some of the facts originally believed to be accurate are inaccurate. The facts now known to be true cause this matter, in Plaintiff's counsel's evaluation, cause this matter to lack viability under the law. Plaintiff's counsel's evaluation has been communicated to Plaintiff. However, Plaintiff wishes to proceed with the litigation. To that end, a conflict has arisen between Plaintiff's counsel and Plaintiff that cannot be reconciled.

## II.   Argument

The Massachusetts Rules of Professional Conduct apply to this matter. LR, D. Mass. 83.6(4). Rule 1.16(a) of the Massachusetts Rules of Professional Conduct provides that a lawyer "shall" withdraw from representation of a client if "the representation will result in violation of the rules of professional conduct or other law." Rule 1.16(a).

Alternatively, a lawyer "may" withdraw from representation of a client if "withdrawal can be accomplished without material adverse effect on the interests of the client, or if: . . . (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent; . . . (5) the representation will result in an unreasonable financial burden on the lawyer." Rule 1.16(b).

Here, Plaintiff's counsel's withdraw is required under both Rules 1.16(a) and (b). In the first instance, under Rule 1.16(a), Plaintiff's counsel's continued representation of Plaintiff "shall" be ceased because continued representation will result in a violation of Rule 3.1 pertaining to meritorious claims and contentions. Under Rule 3.1, a lawyer "shall not . . . defend a proceeding . . . unless there is a basis for doing so

that is not frivolous." Frivolity exists when the lawyer "is unable . . . to make a good faith argument on the merits of the action taken." Here, based upon the information learned after filing the Complaint in this matter, Plaintiff's counsel now believes that it cannot make good faith arguments on the merits in this matter.

Plaintiff's counsel's withdraw is also warranted under Rule 1.16(b)(3)., which provides that the lawyer may withdraw where a client "insists upon pursuing an objective that the lawyer considers repugnant or imprudent." Here, Plaintiff's counsel advised Plaintiff of the newly learned information and its effect on the case, however, Plaintiff wishes to continue to proceed with the matter. Plaintiff's counsel also seeks to withdraw under Rule 1.16(b)(5) in as much as Plaintiff's counsel's representation will result in an unreasonable financial burden to the firm. If Plaintiff's counsel is forced to continue to pursue this matter, not only will it be placed in an untenable position, but it will incur significant expense that will likely never be recovered.

Finally, Plaintiff's counsel's withdrawal should be permitted under Rule 1.16 because such withdrawal will not cause a materially adverse effect on the client's interest. This matter is in its infancy, has no pending discovery or other case scheduling deadlines, and sufficient time is available for Plaintiff to attempt to retain new counsel.

To that end, Plaintiff's counsel requests that, if the within Motion is granted, a stay be entered for ninety (90) days to allow Plaintiff to retain new counsel.

### III.   Conclusion

Based upon the Massachusetts Rules of Professional Conduct, Plaintiff's

counsel's withdrawal of representation on behalf of Plaintiff is required.

TUCKER LAW GROUP, LLC

Date: March 28, 2014   By:   /s/Kathleen Kirkpatrick
                                                 Bernard W. Smalley, Esquire
                                                 Kathleen Kirkpatrick, Esquire
                                                 One Penn Center at Suburban Station
                                                 1617 JFK Blvd., Suite 1700
                                                 Philadelphia, PA 19103
                                                 (215) 875-0609
                                                 **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served upon all counsel of record via this Court's CM/ECF system. Additionally, this motion was served upon Plaintiff via regular mail and electronic mail at:

>Norma King
>49 N. 54th Street
>Philadelphia PA  19139
>norma.king1950@msn.com

/s/Kathleen Kirkpatrick
Kathleen Kirkpatrick

Date: March 28, 2014