**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>)<br>This document relates to the case identified below )<br>)<br>)<br>)<br>NORMA KING, )<br>Plaintiff, )<br>)<br>v. )<br>NEW ENGLAND COMPOUNDING )<br>PHARMACY, )<br>INC. A/K/A AND/OR D/B/A NEW )<br>ENGLAND COMPOUNDING CENTER, )<br>AMERIDOSE, LLC., ALAUNUS )<br>PHARMACEUTICAL, LLC, )<br>HAHNEMANN UNIVERSITY )<br>HOSPITAL, TENET HEALTHSYSTEM )<br>HAHNEMANN, LLC, and PAIN CARE )<br>PROFESSIONALS – PAIN CENTER AT )<br>HAHNEMANN. )<br>)<br>Defendants. | MDL NO.: 2419<br><br><br><br><br><br><br><br>No.: 1:14-CV-10434-RWZ |

## PLIANTIFF'S COUNSEL'S REPLY TO DEFENADNTS' RESPONSE TO MOTION TO WITHDRAW AS COUNSEL

Plaintiff's counsel, Tucker Law Group, LLC, herby replies to Defendants, Tenet HealthSystem Hahnemann, LLC, Hahnemann University Hospital and Pain Care Professionals- Pain Center at Hahnemann's, Response in opposition to Plaintiff's Counsel's Motion to Withdraw as Counsel for Plaintiff (Doc. No. 14).

A careful reading of Defendants' Response to Plaintiff's Motion to Withdraw as Counsel ("Motion to Withdraw") (Doc. No. 11) makes clear that Defendants do not oppose Plaintiff's Counsel's request to withdraw. However, they do oppose Plaintiff's Counsel's request that the individual matter of King v. NECC, et al., 1:14-CV-10434-

RWZ, be stayed for ninety (90) days to allow Plaintiff to consider either retaining new counsel or voluntarily dismissing this matter.

Defendants' only argument against the imposition of a stay is that they (and this Court) will be "ill served" and suffer prejudice. (Defendants' Response to Plaintiff's Counsel's Motion to Withdraw (Doc. No. 14) ("Def. Resp."), at p. 4.)  Specifically, Defendants state that a stay would cause "delay and disruption" to the multidistrict litigation, "drive up [discovery] costs" and cause duplicative discovery. (Id.)  However, an examination of the facts and the procedural posture of this case make clear that no such problems would occur.  First, discovery has not yet begun and it is unclear when it will. To that end, and based upon the last conference held by this Court and recent pleadings, it is highly unlikely that discovery will begin in the next ninety (90) days. It is clear that Defendants' understanding of the current procedural posture of this MDL is not a clear representation of where this litigation currently stands. (Def. Resp., at p. 4, "staying the Defendants' case *while hundreds of others proceed with discovery . . .* " (emphasis added).)  Defendants have not engaged, and have made no attempts to engage, in any discovery in this matter thus far.  Upon information and belief, they have not participated in the efforts of defendants' steering committee or this Court's conferences.

Given the procedural status of the case, it is inconceivable that Defendants (or this Court) would be prejudiced simply by allowing the Plaintiff ninety (90) days to either retain new counsel, proceed *pro se* or voluntarily withdraw the case. Notably, if Plaintiff decides to withdraw the case, Defendants would be placed in a better position. Defendants simply do not want to wait the time needed for Plaintiff to make a reasoned

and informed decision. However, Defendants fail to appreciate that this matter is very important to Plaintiff and such time is in the interests of justice.

Defendants also misstate Massachusetts Rule of Professional Conduct 1.16(d). Defendants state that this Rule stands for the proposition that Plaintiff's Counsel must allow time for Plaintiff to retain new counsel *before* he can seek to withdraw. However, this reading is belied by the plain language of the Rule, which states: "*Upon termination of representation*, a lawyer shall . . . allow[] time for employment of other counsel." Rule 1.16(d). If this Court permits Plaintiff's Counsel to withdraw, along with a stay of proceedings, Rule 1.16(d) will be complied with.

As stated more fully in the Motion to Withdraw, Plaintiff's counsel has been placed in an untenable position and cannot proceed with this matter in good faith. As such, the Massachusetts Rules of Professional Conduct dictate that Plaintiff's Counsel be permitted to withdraw. Rule 1.16(a), (b).

In summary, Defendants have failed to articulate a good reason, or demonstrate and prejudice, that would warrant a denial of Plaintiff's Motion to Withdraw in any respect.

TUCKER LAW GROUP, LLC

Date: April 17, 2014     By: /s/Kathleen Kirkpatrick
                             Bernard W. Smalley, Esquire
                             Kathleen Kirkpatrick, Esquire
                             One Penn Center at Suburban Station
                             1617 JFK Blvd., Suite 1700
                             Philadelphia, PA 19103
                             (215) 875-0609
                             **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served upon all counsel of record via this Court's CM/ECF system. Additionally, this motion was served upon Plaintiff via electronic and/or regular mail at:

>Norma King
>49 N. 54th Street
>Philadelphia PA  19139
>norma.king1950@msn.com


>/s/Kathleen Kirkpatrick
>Kathleen Kirkpatrick

Date: April 17, 2014