UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br> v. <br><br> This Document Relates to: <br><br> Musselwhite , et al. v. Unifirst Corporation, et al. No: 1:13-cv-13228 –RWZ <br><br> Kennedy, et al. v. Unifirst Corporation, et al. No: 1:13-cv-13227-RWZ | MDL No: 1:13-md-2419-RWZ |

### DEFENDANTS, ADVANCED PAIN & ANESTHESIA CONSULTANTS, P.C. D/B/A APAC CENTERS FOR PAIN MANAGEMENT AND RANDOLPH Y. CHANG, M.D.'S CONSOLIDATED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

NOW COME defendants, Advanced Pain & Anesthesia Consultants, P.C. d/b/a APAC Centers for Pain Management ("APAC") and Randolph Y. Chang, M.D. ("Chang") and hereby moves, pursuant to Rule 12(b)(2) and 12(b)(6) to dismiss the complaints in the above-entitled actions for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.  As more fully set forth in the accompanying Memorandum of Law, this Court lacks personal jurisdiction over defendants, APAC and Chang.  Both defendants are Illinois based and constitute an Illinois incorporated medical pain clinic and an Illinois residing, licensed and practicing physician who provided medical care to plaintiffs, Leslie Musselwhite and William Kennedy, at all relevant times, in Illinois.  APAC's purchase of a steroid medication ("MPA") from New England Compounding Pharmacy, Inc, ("NECC"), a Massachusetts based company, that is alleged to have been contaminated due to the practices of NECC which medication was provided to plaintiffs in Illinois as part of APAC/Dr. Chang's medical care, is

1

insufficient to satisfy the due process requirements for personal jurisdiction as to either APAC or Dr. Chang.

Additionally, the Complaint otherwise fails to state a cognizable claim upon which relief can be granted as:

- Illinois does not recognize any action for gross negligence;

- The Complaint fails to set out any recognized duty of care or causal breach of any such duty necessary for an actionable negligence claim;

- The Complaint fails to allege any viable Consumer Fraud and Deceptive Business Practices Act claim;

- There can be no actionable battery claim under the undisputed facts;

- There is no cognizable claim under the Illinois Products liability law as neither APAC nor Dr. Chang can be considered "sellers" of a product and as providers of professional services they cannot be liable under Illinois product liability law;

- There is no viable failure to warn claim as there is no duty as a matter of law to warn about the use of a medication produced by a compounding pharmacy instead of an FDA regulated manufacturer;

- There is no viable "agency" or "civil conspiracy" claim as a matter of law; and

- The allegations are insufficient to support a punitive damages claim as a matter of law.

WHEREFORE, the defendants, Advanced Pain & Anesthesia Consultants, P.C. d/b/a APAC Centers for Pain Management and Randolph Y. Chang, M.D., respectfully request that their Consolidated Motion to Dismiss be Allowed.

Respectfully Submitted
The Defendants
Advanced Pain & Anesthesia Consultants, PC
 d/b/a APAC Centers for Pain Management and
Randolph Y. Chang, M.D.
By their attorney

/s/ Tory A. Weigand
_____
Tory A. Weigand, BBO #548553
Anthony E. Abeln, BBO #669207
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500
tweigand@morrisonmahoney.com
aabeln@morrisonmahoney.com

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing  (NEF) and paper copies will be sent to those indicated as non registered participants on  **May  7, 2014**

/s/ Tory A. Weigand
_____

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel for the defendant hereby certifies that he has conferred with counsel in this matter, in a good faith attempt to resolve or narrow the issues of dispute raised in the accompanying motion, in accordance with Local Rule 7.1.

/s/ Tory A. Weigand
_____