UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | § MDL No. 2419 §  § Master Docket No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO: | § § § |
| CIVIL ACTION NO. 3:13-CV-04949-P | § |

**PLAINTIFF'S RESPONSE TO DEFENDANTS GHERMAY AND DALLAS BACK PAIN MANAGEMENT'S OBJECTIONS TO PLAINTIFF'S TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 74 EXPERT REPORT AND MOTION TO DISMISS**

TO THE HONORABLE COURT:

COMES NOW Plaintiff and respectfully shows the court as follows:

**I.**

Defendants Ghermay and Dallas Back Pain Management ask this Court to dismiss Plaintiff's Complaint based on Defendants' erroneous belief that Tex.Civ.Prac. & Rem.Code § 74.351 applies to this case. Plaintiff says that it does not apply, and in the alternative that she has complied with same.

**II.**

Defendants claim that § 74.351 requires an expert report and CV be filed by Plaintiff in this case and, failing that, the case be dismissed with prejudice. Defendants' authority for this proposition is addressed in only one sentence near the bottom of page 3 of the motion:

> Furthermore, Federal courts have commonly applied Chapter 74 of the Texas Civil Practice and Remedies Code to actions against health care providers arising in the state of Texas, and although it is not a definitively settled question, courts

in this district have even applied the Expert Report requirements of Chapter 74. *Prentice v. U.S.*, 2013 WL 5878437 (N.D. Tex. 2013); *Cruz v. Chang*, 400 F.Supp.2d 906 (W.D. Tex. 2005); *Chapman v. U.S.*, 353 Fed. Appx. 911 (5th Cir. 2009).

This statement in the context of Defendants' motion suggests that it is commonplace for the expert report requirements of Chapter 74 to be applied by Federal courts. After all, that is the entire purpose of Defendants motion. But, nothing could be further from the truth. As shown below, the expert report requirements of Chapter 74 have not been commonly applied by Federal courts. The vast majority of Federal courts have refused to apply it. Defendants have failed to identify to this court the volumes of adverse authority against their position. The Defendants have failed to point out they are advocating a very small minority rule; the clear majority rule in the Fifth Circuit is that § 74.351 does not apply in Federal court.

**III.**

It is well settled that, in diversity cases based on state law, the federal court applies the state's law to substantive issues but federal law to matters of procedure. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The provision Defendants wish to impose upon this Court is a procedural provision. Indeed, it is the first section under "Subchapter H. Procedural Provisions" of Chapter 74 of the Texas Civil Practice and Remedies Code. Section 74.351 includes provisions such as deadlines for filing expert witness reports and CVs, mandatory sanctions including fees and costs, stay of discovery, definition of an "expert report," and limitations on depositions.

Importantly, Texas is in the Fifth Circuit. There is no binding Fifth Circuit precedent on the applicability of § 74.351 in Federal court proceedings.

The authority presented by Defendants that § 74.351 applies in Federal court consists of three cases that have limited precedential value: *Prentice v. US*, 2013 WL 5878437 (N.D Tex 2013), *Cruz v. Chang*, F.Supp.2d 906 (W.D.Tex. 2005), and *Chapman v. U.S.*, 353 Fed.Appx. 911 (5th Cir. 2009). *Prentice* involved a *pro se* plaintiff -- presumably with all of the deficiencies in legal briefing that one sees in such cases.

Two-years after the decision in *Cruz v. Chang*, 400 F.Supp.2d 906, 911–13 (W.D. Tex. 2005), the same district judge held that §74.351 does *not* apply in federal court. *Mason v. United States*, 486 F.Supp.2d at 625.

In *Chapman*, the mention of § 74.351 was in dicta only. *Yates-Williams v. El Nihum*, 269 F.R.D. 566, 570 (S.D. Tex. 2010)(Notably absent from the *Chapman* decision is any discussion about whether § 74.351 applied.) The *Chapman* case is also not binding precedent on this court. S*ee* 5th Cir. R. 47.5.4.

The vast majority of district court opinions both pre- and post-*Chapman* have held that neither §74.351 nor its predecessor apply to a federal suit. *See, e.g., Smallwood v. Altaris Partners*, No. 5:11-CV-00093, Document No. 92 (E.D. Tex. 2012)("The vast majority of courts that have considered this issue…hold[] that Texas' expert report requirement is inapplicable in federal court."); *Poindexter v. Bonsukan*, 145 F.Supp.2d 800 (E.D. Tex. 2001); *Castaneda v. Aetna Health Inc.*, No. 1:07-cv-532, 2008 W L 1994936, at *3 (E.D. Tex. May 2, 2008); *Beam v. Nexion Health Mgmt., Inc.*, No. 206-CV-231, 2006 W L 2844907, at *9 (E.D. Tex. October 2, 2006); *Garcia v. LCS Corrections Services, Inc.*, No. C-09-334, 2010 WL 2163284 (S.D. Tex. 2010); *Estate of*

**PLAINTIFF'S RESPONSE TO DEFENDANTS GHERMAY AND DALLAS BACK PAIN MANAGEMENT'S OBJECTIONS TO PLAINTIFF'S TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 74 EXPERT REPORT AND MOTION TO DISMISS – Page 3**

*C.A. v. Grier*, 752 F.Supp.2d 763, 770 (S.D . Tex. 2010); *Yates–Williams v. El Nihum*, 268 F.R.D. at 568–70; *Milligan v. Nueces County, Tex.*, No. C-08-118, 2010 W L 2352060, at *3 (S.D. Tex. June 9, 2010)(The *Chapman* Court's reference to § 74.351 is dicta only); *Politis v. Noblin*, No. H-08-2595, 2009 W L 3761748, at *1 (S.D. Tex. November 9, 2009), appeal dism'd, No. 09-20822 (5th Cir. July 19, 2010); *Guzman v. Mem'l Hermann Hosp. Sys.*, Civ. A. No. H–07–3973, 2008 W L 5273713, at *15 (S.D.Tex. December 17, 2008); *Toler v. Sunrise Senior Living Servs.*, No. SA-06-CV-0887-XR, 2007 W L 869581 (W.D. Tex. March 21, 2007); *Sauceda v. Pfizer, Inc.*, No. C-07-06, 2007 W L 87660, at *2 (S.D. Tex. January 9, 2007); *Mason v. United States*, 486 F.Supp.2d 621, 625 (W.D. Tex. 2007); *Hall v. Trisun*, No. SA-05-CA-984-OG, 2006 WL 2329418, at *1 (W .D. Tex. August 1, 2006); *Wakat v. Montgomery County*, No. H-05-05-0978, 2006 WL 1469669, at *3-4 (S.D. Tex. May 23, 2006); *Garza v. Scott & White Mem. Hosp.*, 234 F.R.D. 617, 623 (W.D. Tex. 2005)("The Court respectfully disagrees with the reasoning in *Cruz* and opts to apply the majority rule [that Texas' expert report requirement is inapplicable in federal court] in this case .... ").; *Brown v. Brooks County Det. Center*, No. C-04-329, 2005 WL 1515466, at *6-8 (S.D. Tex. June 23, 2005) (unpublished)( "Section 7 4.351 directly collides with the discretionary power vested in the federal court concerning experts and disclosures ... it follows that plaintiffs failure to comply with §74.351 does not entitle defendants to dismissal of plaintiffs medical malpractice claims against them."); *Nelson v. Myrick*, No. 3-04-cv-0828-G, 2005 WL 723459, at *13 (N.D. Tex. 2005)(unpublished)(There is "a 'direct collision' between section 74.351 and [Federal] Rules 26 and 37"), aff'd, No. 05-10646 (5th Cir. September 14, 2006); *Baker v. Bowles*, No. 3:05-CV-1118L, 2006 WL 740269 (N.D. Tex. March 13, 2005), aff'd, No. 07-10833, 271 Fed.

Appx. 419 (5th Cir. March 26, 2008); *McDaniel v. United States*, Civ. A. No. SA–04–CA–0314, 2004 WL 2616305, at *7 (W.D. Tex. 2004)(unpublished) ("In examining the Fifth Circuit precedents, as well as *Poindexter* and other relevant decisions, the Court is convinced that the Federal Rules pre-empt enforcement of the Texas expert report rule. As recognized by the court in *Poindexter,* the provisions of Federal Rules 26(a) and 37 are in direct collision with section 74.351.").

Some of Texas' Federal district courts have held that the §74.351 expert report requirement fatally conflicts with Federal Rule of Civil Procedure 11 because both impose sanctions for filing frivolous claims. *Poindexter v. Bonsukan*, 145 F. Supp. 2d at 808; *Mason*, 486 F. Supp. 2d at 625.

Another concern expressed by some of Texas' Federal district courts is that "the mandatory timing, report content, and sanction provisions of §74.351 conflict with the scheduling of expert witness disclosures under Rule 26(a)(2)(D), the report content requirements of Rule 26(a)(2)(B), and the discretion over discovery sanctions under Rule 37. *Poindexter*, 145 F. Supp. 2d at 808-809; *Mason*, 486 F. Supp. 2d at 625.

Furthermore, § 74.351 directs that all discovery is stayed pending service of the expert report and CV.  Do Defendants intend for this Court to be bound by this provision as well?

With such weight of authority adverse to their position, it is difficult to understand why Defendants did not identify as much in their motion. Section § 74.351 simply does not apply to this case.

**PLAINTIFF'S RESPONSE TO DEFENDANTS GHERMAY AND DALLAS BACK PAIN MANAGEMENT'S OBJECTIONS TO PLAINTIFF'S TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 74 EXPERT REPORT AND MOTION TO DISMISS –
Page 5**

### IV.

If this Court decides that § 74.351 applies to this case, Plaintiff has provided an expert report and CV in compliance with the statute. *See* attachments to Defendants' motion. The report and CV explain the witness's qualifications to speak to negligence and causation in satisfaction of the statute. Should the Court find that the report is insufficient, Plaintiffs asks for the mandatory 30-day extension to cure any defects. *See §  74.351(c).*

FOR THESE REASONS, Plaintiff requests the Court overrule Defendants' objections and deny in all things Defendants' Motion to Dismiss; in the alternative, should the Court find that the report is deficient, Plaintiff requests an opportunity to cure same.

Respectfully submitted,

**THE GIRARDS LAW FIRM**

/s/ James E. Girards
James E. Girards
Texas Bar No. 07980500
10,000 N. Central Expressway, Suite 400
Dallas, Texas 75231
Telephone:  214.346.9529
Facsimile:   214.346.9532
jim@girardslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2014, I electronically filed the foregoing Response to Defendants' Motion to Dismiss with the Clerk of the Court using the court's electronic filing system which will send notification of such filing to all registered participants. I have also served an additional copy via email to counsel below on May 13, 2014.

                                                /s/ James E. Girards
                                                James E. Girards

Elizabeth M. Fraley
901 Main St., Suite 6300
Dallas, Texas 75202

**PLAINTIFF'S RESPONSE TO DEFENDANTS GHERMAY AND DALLAS BACK PAIN MANAGEMENT'S OBJECTIONS TO PLAINTIFF'S TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 74 EXPERT REPORT AND MOTION TO DISMISS – Page 7**