IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | § § § § § § § § § § | MDL No. 2419<br><br>Master Dkt. No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO: | | |
| CIVIL ACTION NO. 3:13-CV-04949-P | | |

COPY

## DEFENDANTS ABBESELOM GHERMAY, M.D. AND DALLAS BACK PAIN MANAGEMENT/MOMENTUM PAIN MANAGEMENT'S OBJECTIONS TO PLAINTIFF'S TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 74 EXPERT REPORT AND MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management hereby file their Objections to Plaintiff's Texas Civil Practice and Remedies Code Chapter 74 Expert Report and Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") and respectfully request that this Court dismiss this action, including all claims against Defendants, with prejudice. Defendants file their objections subject to their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), and fully incorporate as if set forth at length herein their Brief in Support of Motion to Dismiss, previously filed with the Court. In support of same, Defendants would respectfully show the Court as follows:

## I.
## FACTUAL BACKGROUND

In her Short Form Complaint filed December 20, 2013, Plaintiff Brittany Henley alleges that Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management committed medical negligence when providing care and treatment to Ms. Henley.

Plaintiff asserts the following causes of action against Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management: (1) negligence and gross negligence; (2) violation of consumer protection statutes; (3) battery; (4) failure to warn; (5) agency; (6) civil conspiracy; and (7) punitive damages. Incorporating by reference the allegations in "Plaintiff's Master Complaint," Plaintiff seeks to implicate Dr. Ghermay and his medical practice in a prior lawsuit brought against the New England Compounding Company, Inc. ("NECC") for injuries resulting from the drug Methylprednisolone 80mg/ml (hereinafter referred to as "NECC drug"). Plaintiff claims Dr. Ghermay and his practice are somehow liable for the alleged injuries Ms. Henley sustained after the injection of the NECC drug, yet Plaintiff offers no factual detail as to how these Defendants are culpable.

On April 9, 2014, Plaintiff served counsel for Defendants with a copy of her statutorily mandated expert report. The report was authored by Matthew C. Lee, M.D., R.Ph., M.S., and included Dr. Lee's curriculum vitae in an attempt to comply with §74.351 of the Texas Civil Practice & Remedies Code. *See* **Exhibit A** and **Exhibit B**, attached hereto.

Because the expert is not qualified to render an opinion on the standard of care as to these defendants and because his causation opinion is fatally defective, Defendants object. Moreover, because the statutory time has elapsed for filing such a report, Defendants move to dismiss and for statutory sanctions as provided by the statute.

## II.
## APPLICABLE LAW

Plaintiff filed her claims against these Defendants under Texas state law, specifically Tex. Civ. Prac. & Rem. Code Ann. Sec. 74.001. Texas law requires that any claim arising out of healthcare against a Texas physician be filed pursuant to this statute. Chapter 74 of the Texas

Civil Practice and Remedies Code applies to this case. Federal courts sitting in diversity are required to follow the choice of law rules of the state in which they sit. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941); *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665 (5th Cir. 2003). When neither party raises a conflict of law issue in a diversity case, a federal court simply applies the law of the state in which the federal court sits. *Citadel Group Ltd. v. Washington Regional Medical Center*, 692 F.3d 580 (7th Cir. 2012). Plaintiff does not deny Chapter 74 applies in this case, as she claims to have complied with "the applicable state law pre-suit requirements for filing [her] Short Form Complaint." Compl. at ¶ 8. When the parties agree as to the substantive law that controls in a diversity case, the Court can—and ordinarily should—accept such a concession. *Moores v. Greenberg*, 834 F.2d 1105, 1107 n. 2 (1st Cir.1987); *see Sheinkopf v. Stone*, 927 F.2d 1259, 1264 (1st Cir.1991). Therefore, Chapter 74 of the Texas Civil Practice and Remedies Code applies to this case. Furthermore, Federal courts have commonly applied Chapter 74 of the Texas Civil Practice and Remedies Code to actions against health care providers arising in the state of Texas, and although it is not a definitively settled question, courts in this district have even applied the Expert Report requirements of Chapter 74. *Prentice v. U.S.*, 2013 WL 5878437 (N.D. Tex. 2013); *Cruz v. Chang*, 400 F.Supp.2d 906 (W.D. Tex. 2005); *Chapman v. U.S.*, 353 Fed. Appx. 911 (5th Cir. 2009).

### III.
### OBJECTIONS TO PLAINTIFF'S EXPERT REPORT

#### A.  The Expert Report Requirement

Chapter 74 provides that in a health care liability claim such as this one, the claimant/plaintiff must furnish an adequate "expert report" for each physician or health care

provider against whom a claim is asserted, within 120 days after suit is filed. Specifically:

> (a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.... Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.
>
> (b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:
>
> (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
>
> (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM. CODE § 74.351 (a) and (b). If Plaintiff's report does not meet the requirements set out above, their claims against Defendants must be dismissed, with the court awarding Defendant his reasonable attorneys' fees and costs of court. *Id.*

An "expert report" is defined as a good-faith effort to provide a fair summary of the expert's opinions on (1) standard of care; (2) breach of the standard of care; and (3) causation of damages for each of the claims set forth in the plaintiff's petition. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6); *see also Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). The report must also be signed by a person with knowledge, training, or experience concerning the applicable standard of care. *Hendrick Med. Ctr. v. Conger*, 298 S.W.3d 784, 787 (Tex. App.—Eastland 2009, no pet.).

A report cannot be held to be a good-faith effort unless it (1) informs the defendant of the

specific conduct at issue; and (2) provides a basis for the trial court to conclude the plaintiff's claims have merit. *Palacios*, 46 S.W.3d at 879. A report that merely states the expert's conclusions about the standard of care, breach, and/or causation does not fulfill these two purposes. *Id.* Importantly, because Chapter 74 dictates what is required in the expert report, the only information relevant in determining whether a report complies with the statute is that which is within "the four corners" of the report. *Palacios*, 46 S.W.3d at 878. This requirement precludes a court from filling gaps in a report by drawing inferences or guessing as to what the expert likely meant or intended. *Id.*

Therefore, if Dr. Lee's' report does not represent a good-faith effort to address standard of care, breach, and causation as to each Defendant and as to each specific theory alleged within its "four corners," thereby informing Defendants of the specific conduct Plaintiff has called into question, this case must be dismissed with prejudice to the re-filing of the same. *See Palacios*, 46 S.W.3d at 875.

To qualify as an expert on whether a health care provider breached the standard of care, the witness must (1) be a health care provider practicing in a field of practice that involves the same type of care or treatment as that delivered by the defendant health care provider at the time his testimony is given (or at the time the claim arose); (2) have knowledge of accepted standards of care for health care providers for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim; and (3) be qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care. *See* TEX. CIV. PRAC. & REM. CODE § 74.402(b). In determining whether the witness is qualified on the basis of training or experience, the court shall consider whether, at the time the claim arose or at the time

the testimony is given, the witness (1) is certified by a licensing agency of one or more states of the United States or a national professional certifying agency or has other substantial training or experience in an area of health care relevant to the claim; and (2) is actively practicing health care in rendering health care services relevant to the claim. *See id.* § 74.402(c).

Thus, Plaintiff is required to furnish Defendants with an expert report by a qualified expert for each act of negligence alleged, with a specific statement of the standard of care as to each act, the alleged breach thereof, the casual link for that act, and the damage resulting therefrom within 120-days of filing suit. *See id.*

### B. Dr. Lee is not qualified to serve as an expert under Chapter 74.

Dr. Lee is not qualified to opine on the standard of care applicable to Defendants. Before a document can be considered an "expert report," it must be rendered by one qualified to testify as an expert on the particular subject matter. *Chisolm v. Maron*, 63 S.W.3d 903, 907 (Tex. App.–Amarillo 2001, no pet.). Dr. Lee's report and curriculum vitae must on their face establish that he possesses the knowledge and requisite training or experience to qualify as an expert on the accepted standards of medical care for a board certified medical doctor in both pain management and anesthesia like Dr. Ghermay in the diagnosis, care, or treatment of a patient presenting such as Ms. Henley. *See* TEX. CIV. PRAC. & REM. CODE § 74.401(A)(1)-(3). Dr. Lee must make this showing within the four corners of his expert report and curriculum vitae. *Palacios*, 46 S.W.3d at 878. Dr. Lee is not qualified to render opinions as to the standard of care applicable for a medical doctor in diagnosing, caring, or treating a patient such as Ms. Henley.

Pursuant to Chapter 74, Courts should consider whether, at the time the claim arose or at the time of the testimony given, the health care provider:

---

DEFENDANTS ABBESELOM GHERMAY, M.D. AND DALLAS BACK PAIN
MANAGEMENT/MOMENTUM PAIN MANAGEMENT'S OBJECTIONS TO PLAINTIFF'S TEXAS CIVIL
PRACTICE AND REMEDIES CODE CHAPTER 74 EXPERT REPORT AND MOTION TO DISMISS

1.  Is certified by a licensing agency of one or more states of the United States or a national professional certifying agency or has other substantial training or experience in an area of health care relevant to the claim; <u>and</u>

2.  Is actively practicing health care in rendering health care services relevant to the claim.

*Id.* at § 74.402(c) (emphasis added). For Dr. Lee to qualify as an expert regarding the standard of care applicable to Dr. Ghermay, he must satisfy both prongs of Chapter 74's expert qualification requirements – certification as a medical doctor <u>and</u> regular provision of care to a patient presenting such as Ms. Henley.

Nowhere on Dr. Lee's curriculum vitae does it state he is now or was ever board certified in both pain management and anesthesia. *See Dr. Lee's expert report and curriculum vitae*, attached hereto as **Exhibits "A"** and **"B"** respectively. Based on the CV and report provided, Dr. Lee fails to meet the board certification requirement for qualifications. As such, Dr. Lee is not qualified to provide an expert opinion with regard to the care provided by Defendants; his report must necessarily be found insufficient.

Dr. Lee's CV clearly establishes that he has never undergone education, training, residency experience, fellowship, board certification or actual practice in the provision of epidural steroid injections. He does not show that he has ever performed an injection or had credentials from any hospital, surgery center or other body to provide such treatment. In short, he does not know how to perform ESI, he has never performed an ESI and he is not credentialed or qualified to do so in any state in the nation. While Dr. Lee makes the bald statement that he is "familiar with the applicable standard of care pertaining to and concerning the procurement and administration of epidural steroid injections…" neither his report nor his CV explains how. Merely stating a conclusion is not sufficient to establish qualifications.

DEFENDANTS ABBESELOM GHERMAY, M.D. AND DALLAS BACK PAIN
MANAGEMENT/MOMENTUM PAIN MANAGEMENT'S OBJECTIONS TO PLAINTIFF'S TEXAS CIVIL
PRACTICE AND REMEDIES CODE CHAPTER 74 EXPERT REPORT AND MOTION TO DISMISS

Page 7

Dr. Lee based on the CV and report provided, has never been qualified to nor has he ever performed epidural steroid injections. Review of medical records, documentation from the FDA and "certain information pertaining to NECC provided…by counsel" does not suddenly become a substitute for actual training and board certification in pain management. Dr. Lee is not qualified to provide an expert opinion with regard to the care provided by Dr. Ghermay, so his report must necessarily be found insufficient to meet the statutory requirements.

### C. Dr. Lee's report is insufficient as to the element of proximate cause, providing only a conclusory statement.

Dr. Lee's report is not a good-faith effort as to the element of proximate cause as to Defendants. Dr. Lee fails to sufficiently explain how each action (or inaction) alleged against Defendants proximately caused Plaintiff's injury. Moreover, Dr. Lee bases his entire causal link on an assumption which cannot be substantiated: namely that Brittney Henley had a positive fungal CSF culture. Under Texas law, an expert report must provide the causal relationship between the alleged breach of the standard of care and the injury, harm or damages claimed. *Russ v. Titus Hosp. Dist.*, 128 S.W.3d 332, 340 (Tex. App.—Texarkana 2004, pet. denied). A report cannot provide only conclusory insights about the plaintiff's claims; rather, the expert must explain the bases of his statements and link his conclusions to the facts. *Id.* Dr. Lee's report fails to establish a causal relationship between the alleged negligence of Defendants and Ms. Henley's claimed injury, harm, or damages; therefore, Plaintiff's claims against Defendants must be dismissed with prejudice as required by § 74.351.

To establish causation (proximate cause), an expert report must establish both: "(1) foreseeability, i.e., that the defendant should have anticipated the damages that resulted from the negligence; and (2) cause-in-fact, i.e., that the defendant's negligence was a substantial factor in

bringing about the injury and without which no harm would have occurred." *Cruz v. Paso Del Norte Health Found.*, 44 S.W.3d 622, 630 (Tex. App.—El Paso 2001, pet. denied); *see also Methodist Health Care Sys. of San Antonio, Ltd. v. Martinez-Partido*, No. 04-05-00868-CV, 2006 Tex. App. LEXIS 5125, * 10-11 (Tex. App.—San Antonio June 14, 2006, pet. filed) (holding that in order for an expert report to be found sufficient under § 74.351, the "expert's" opinion on cause-in-fact must rise above mere speculation).

Dr. Lee's report fails to establish a causal relationship between the alleged negligence of Defendants and Ms. Henley's claimed injury, harm, or damages; therefore, Plaintiff's claims against Defendants must be dismissed with prejudice as required by § 74.351.

Dr. Lee's report does not state or explain that Defendants' actions were the cause-in-fact of her injury. His report contains only a conclusory statement on causation. The entire causation opinion is set out below:

> Because of the violations of the applicable standards of care outlined above, Dr. Ghermay and Dallas Back Pain Management purchased contaminated medications from a high-risk source in bulk and stored the vial in question for over one month before injecting the medication into Brittany Henley. The injection deposited dangerous pathogens directly into Henley's epidural space causing a life-threatening fungal meningitis infection.

*See Dr. Lee's report,* attached as **Exhibit A.**

Dr. Lee does not explain how the supposed negligence of Defendants led to Ms. Henley's alleged injury, how any injury was foreseeable to Defendants, or how any different treatment likely would have prevented the outcome. In the absence of a specific description of the causal chain, addressing both foreseeability and cause in fact, the report is deficient.

Dr. Lee fails to explain how Defendants' alleged breach of the standard of care caused Ms. Henley's alleged injury; he merely concludes that it does. As such, his opinion amounts to mere speculation or conjecture and is not sufficient to establish a causal connection between Defendants' conduct and Plaintiff's alleged injuries. *See Campos v. Ysleta Gen. Hosp., Inc.*, 836 S.W.2d 791, 794 (Tex. App.—El Paso 1992, writ denied). The Court should find that Dr. Lee's report is inadequate as to causation and dismiss with prejudice the claims against Defendants.

## IV.
## MOTION TO DISMISS

Plaintiff has not complied with TEX. CIV. PRAC. & REM. CODE § 74.351(a). The 120-day deadline has expired without Plaintiff furnishing the appropriate, statutorily-mandated expert report to Defendants. Therefore, according to statute, the Court, upon motion of the affected physician or health care provider, **shall** award sanctions including dismissal of the claims with prejudice, reasonable attorneys' fees, and costs of court. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). Defendants ask the Court to take judicial notice of the reasonableness and necessity of their attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 through § 38.004.

## V.
## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management respectfully request that the Court sustain their objections to Dr. Lee's report and dismiss the claims against them. Moreover, Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management respectfully request, pursuant to Federal Rules of Civil Procedure 12(b)(6), that this Court: (1) grant their Motion to Dismiss; (2) dismiss all of Plaintiff's claims with prejudice; (3)

specifically dismiss all claims asserted against Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management; (4) enter judgment in favor of Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management and against Plaintiffs; (5) award costs against Plaintiff; and (6) grant such other and further relief to which Defendants are justly entitled.

Dated: April 30, 2014                               Respectfully submitted,

                                                    By:   /s/ *Elizabeth M. Fraley*
                                                          Elizabeth M. Fraley
                                                          State Bar No. 13180500
                                                          efraley@fraley-law.com (email)
                                                          Heather A. Kanny
                                                          State Bar No. 24070031
                                                          hkanny@fraley-law.com (email)

                                                    FRALEY & FRALEY, L.L.P.
                                                    901 Main St., Suite 6300
                                                    Dallas, Texas 75202
                                                    Telephone: (214) 761-6460
                                                    Facsimile: (214) 761-6469

                                                    ATTORNEYS FOR DEFENDANTS
                                                    ABBESELOM GHERMAY, M.D. AND
                                                    DALLAS BACK PAIN MANAGEMENT/
                                                    MOMENTUM PAIN MANAGEMENT

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2014, I electronically filed the foregoing Objections to Plaintiff's Texas Civil Practice and Remedies Code Chapter 74 Expert Report and Motion to Dismiss with the Clerk of the Court using the CM/ECF system. The document will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF) will be sent to these parties by operation of the CM/ECF system on April 30, 2014.

/s/ Elizabeth M. Fraley
Elizabeth M. Fraley

Jim Girards
Girards Law Firm
10000 N. Central Expressway
Suite 400
Dallas, TX 75231
Attorney for the Plaintiff