IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | Master File No. 1:13-MD-2419-FDS<br>MDL Docket No. 2419 |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES<br><br>This Document Relates to:<br>All Cases | |

**ROANOKE GENTRY LOCKE PLAINTIFFS' MEMORANDUM: (1) IN RESPONSE TO QUESTIONS POSED BY COURT BY MEMORANDUM OF DECISION DATED MAY 16, 2014 [ECF NO. 1131]; (2) IN OBJECTION AND RESPONSE TO TRUSTEE'S PROPOSED ORDER [ECF NO. 1137]; (3) IN SUPPORT OF MOTION TO RECONSIDER; AND (4) IN SUPPORT OF MOTION TO STAY PENDING APPEAL**

The Roanoke Gentry Locke Plaintiffs ("Plaintiffs") appear specially for the purposes of responding to questions posed by the Court in its May 16, 2014 Memorandum of Decision (the "Decision"), objecting to the Trustee's proposed order in relation thereto, requesting the Court to reconsider certain aspects of the Decision; and moving the Court to stay any removal under the Decision until after an appeal. In so doing, the Plaintiffs focus the Court's attention on certain limited issues, without waiver of previously asserted legal positions and arguments directly or indirectly rejected by the Decision. Those previous arguments and related Memoranda are, however, incorporated by reference. [Case 1:12-cv-12052-FDS, Doc. No. 210, Case 1:13-md-02419-FDS Doc. Nos. 157, 197, 763, 764, 844].

I.  **Introduction**

**Response to Court's Inquiry and Motion to Reconsider**

The Decision asks that counsel inform the court regarding any steps necessary to effectuate the transfer of cases pursuant to the court's opinion.  For purposes of this response to that inquiry and their related Motion to Reconsider, the Plaintiffs re-direct the Court's attention only to 2 issues which are illuminated by the Court's Decision:

1. 28 U.S.C. § 157(b)(5) is a venue statute.  Under the Decision, it is being used as a mechanical removal tool. When applied to state court proceedings, it is subject to the removal procedures set forth in 28 U.S.C. § 1452 (only a party may so remove); and Fed. R. Bankr. P. 9027 ("Rule 9027"), which requires that such notice of removal must be filed within 30 days.  The procedures set forth in Rule 9027 must be followed to notice removal of any cases pending in state court;
2. Here, the time deadlines under Rule 9027 have long passed for the vast majority of the Roanoke Gentry Locke Cases.  Thus, those time-barred cases may not be removed under the plain terms of Rule 9027, regardless of whether the removal is made under 28 U.S.C. § 1452 or 28 U.S.C. § 157(b)(5).

**Objection and Response to Trustee's Proposed Order**

There are notable problems with the Trustee's proposed order: (1) it bypasses the procedures of Rule 9027; (2) it provides no specific time deadlines for the removal (ECF. No. 1137, ¶3); (3) it includes the Wingate case which was long ago dismissed in Virginia (Id., ¶4, Ex. B); (4) it violates any number of rights and procedures (including Due Process under the Constitution) by purporting to enjoin the Roanoke Plaintiffs and their counsel "to take any and all actions" without any motion, hearing or proof of the need for such extraordinary relief (Id., ¶

<a>
</a>

5); and (5) it fails to allow the state courts an opportunity to handle ministerial tasks (such as entering orders denying previously ruled upon motions to dismiss by the defendants).

**Motion to Stay**

The Plaintiffs also request that this court stay any order removing and transferring these cases pending resolution of the appeal to the First Circuit.

II.   **Even as this Court finds 28 U.S.C. § 157(b)(5) applicable for venue selection of cases against non-debtors, removal of the majority of the Roanoke Gentry Locke Cases is precluded under Fed. R. Bankr. P. 9027:**

Under the analysis of the Trustee's Motion as accepted by the Decision, this Court asserts subject matter jurisdiction over these Roanoke Plaintiffs pursuant to 28 U.S.C. § 1334. The removal process for cases asserting jurisdiction under 28 U.S.C. § 1334 is contained in 28 U.S.C. § 1452.[1] Rule 9027 governs any bankruptcy-related removal from state court, specifying the form, timing and notice required for such removals.  For personal injury and wrongful death cases against the debtor, 28 U.S.C. § 157(b)(2)(B) specifically prohibits trial of such cases in the bankruptcy court. So, 28 U.S.C. § 157(b)(5) provides the special venue[2] tools that allow the home district court for the bankruptcy to then transfer venue for trial to either itself or the district in which the claim arose. This is substantially different from typical practice under 28 U.S.C. § 1412 that vests venue selection authority in the removal court.[3]

Here, the Trustee's Motion and the Decision purport to use 28 U.S.C. § 157(b)(5) as the tool for both the mechanical removal and the venue designation (which would otherwise be

---

[1] "A party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

[2] *Stern v. Marshall*, 131 S. Ct. 2594, 2606 - 2607 (2011) (section 157(b)(5) is just a venue provision).

[3] See, e.g., In Re Vencor, Inc., 284 B.R. 79, 84 (Bankr. D. Del. 2002) ("Sections 1404 and 1406 do not permit one court to transfer venue of a case to itself from another court.").

3

accomplished by "transfer" or the case from the local district court to the bankruptcy home district court). For all the reasons noted in previous filings, the Plaintiffs object to this use and application of § 157(b)(5).[4] However, setting aside those fundamental disagreements, there is no denying that the relief requested by the Trustee and granted by the Decision is <u>removal</u>. As such, even if § 157(b)(5) is properly seen as a removal tool for cases against only non-debtors, such removal must comply with Rule 9027. Therefore, in response to the Court's request that counsel inform the Court as to steps necessary for effectuating the Decision, those steps are precisely set forth in Rule 9027.

Rule 9027 also sets out time limits for removing bankruptcy-related cases. For cases such as the Plaintiffs', filed <u>after</u> the bankruptcy petition, the deadline is the shorter of 30 days after

---

[4] <u>See</u> <u>In re United States Lines, Inc.</u>, 128 B.R. 339, 341 (S.D.N.Y. 1991)("[I]t is apparent that subsection b(5) is meant to designate which court, as between the bankruptcy court and the district court, should hear personal injury claims against the debtor, and, secondarily, to identify which court should determine the venue for such claims. Nothing in either the language of the statute or its legislative history indicates that Congress intended to extend the district court's removal power."); <u>In Re Dow Corning Corp.</u>, 1995 Bankr. LEXIS 1123 at *15 (Bankr. E.D. Mich. August 9, 1995)( "What nowhere appears [in 28 U.S.C. § 157] is the word 'transfer.' For the reasons which follow, I believe that this omission was intended since the statute was meant solely to allocate the responsibility of liquidating a qualifying claim filed in the bankruptcy case between the bankruptcy and district judges."); <u>Id</u>.("it is obvious that § 1452(a) is directed at non-bankruptcy proceedings, and that it provides a mechanism to transfer those proceedings to the appropriate district court… Section 157(b)(5), on the other hand, makes no allusion to the forum in which the claim is being asserted. Nor does that statute say anything about claims being 'transferred' or 'removed' to the bankruptcy forum."); <u>Kadel v. Thompson</u>, 84 B.R. 878, 881 (N.D. Ga. 1988)("Section 157(b)(5) was not intended to expand federal court jurisdiction nor strip state court jurisdiction but rather was intended to specifically limit what the bankruptcy court shall have the power to hear."); <u>In re White Motor Credit</u>, 761 F.2d 270 (6th Cir. 1985)(Section 157(b)(5) was not intended to confer jurisdiction on federal district courts to hear cases that they would not otherwise have the power to hear); <u>Kinder v. Wisconsin Barge Line, Inc.</u>, 69 B.R. 11, 13 (E.D. Mo. 1986)( "This court…concludes that…§157(b)(5) should not be read to divest state courts of jurisdiction over personal injury claims already pending before them…Section 157 sets forth the parameters of jurisdiction of the newly-established bankruptcy courts; subsection (b)(5) delimits the scope of jurisdiction as between those courts and Article III courts…without stripping state courts of traditional jurisdictional powers.").

4

receipt of a copy or service of the state court complaint. *Fed. R. Bankr. P. 9027(a)(3)*.[5] A longer period is provided for cases pending before the bankruptcy is commenced. *Fed. R. Bank. P. 9027(a)(2)*. Here, all of the 18 Roanoke Gentry Locke Plaintiffs filed their state court cases after the NECC bankruptcy petition (December 21, 2012); and 12 filed and served their state court cases well before February 20, 2013.[6] Four[7] of the remaining 6 cases were filed and served in March 2013; one[8] was filed and served in May 2013; and one[9] was filed in March but served in June, 2013.

The Trustee is very sophisticated and understands the time deadlines for removal of state court cases under bankruptcy jurisdiction. Accordingly, on March 20, 2013, he filed an Emergency Motion for Entry of an Interim Order in the bankruptcy court to extend the Rule 9027 deadlines ("Trustee's Extension Motion"). (Case 12-19882 ECF No. 141). As to post-petition actions like the Roanoke cases, the Trustee sought only an order extending the removal deadline on all cases filed after the Petition date (December 21, 2012) ***"as to which the period for removal ha[d] not expired"*** as of March 21, 2013. (Id. at 1). The Trustee had no choice but to phrase his request in this manner because Fed. R. Bankr. P. 9006(b)(1) prohibits a court from

---

[5] Rule 9027(a)(3) states: "If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons."

[6] References to 10 of these were presented in response to the Trustee's Motion which originally named those 10 cases as the object of the motion. (See discussion at ECF No. 157, at 11; and previously filed Declarations of J. Scott Sexton, ECF Nos. 110, 112-114, 116-117, 119-121, 123-124). The facts regarding two of the twelve not included therein (Courtney and Holbrook) are set forth in ECF No. 140-1, Judge Wilson Opinion and Order on non-Wingate cases, at 5, fn. 1.

[7] Brown, Irace (dec.), Shuck, and White.

[8] Artis.

[9] Spicer (dec.).

5

entering such an extension order after the time has expired, unless there is a specific motion establishing excusable neglect.

The bankruptcy court granted the Trustee's Extension Motion on March 21, 2013, extending the removal deadlines on all post-petition actions for which the removal period had not yet expired. (Case 12-19882 ECF No. 142). Those Interim Orders have since been extended on four subsequent occasions. (Case 12-19882 ECF No. 171, 270, 600, and 702). (Case 12-19882 ECF No. 698). As with previous motions, the Trustee's last Extension Motion limited the relief sought to only post-petition actions for which the period for removal had not already expired.

Accordingly, removal of 12 of the cases[10] is plainly time-barred under Rule 9027 --- even if the Trustee has authority to request and/or execute such removals. If such removal is to be executed by any other party, such actions are time barred as to all 18 cases. This Court should not issue any order purporting to remove or transfer the 12 time-barred Roanoke cases in violation of or the requirements of Rule 9027.[11] Doing so would not only be improper, but also a likely violation of the Anti-Injunction Act. 28 U.S.C. § 2283. Moreover, the Court should reconsider and revise its Decision so as to all cases in which the time has expired for removal under bankruptcy-related jurisdiction.

III.   <u>**The Trustee's proposed order (ECF No. 1137) should not be entered**</u>:

The problems with the Trustee's proposed order are numerous.  At a core level, it wholly bypasses the procedures of Rule 9027.  It is also alarming in its effort to convert his removal and transfer motion into an injunction.  The Trustee's proposed paragraph 5 would enjoin "plaintiffs,

---

[10] Bradley, Courtney, Epperly, Filson, Foutz, Harris, Holbrook, Kalinoski, McFarlane, J. Smith, R. Smith, and Whitlow.

[11] So too, 11 U.S.C. § 105(a) (equitable powers clause) does not allow a court to disregard the plain language and meaning of bankruptcy statutes and rules. *Official Comm. Of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987).

6

defendants, and their counsel" to "take any and all actions necessary to immediately effectuate the transfer ..." Yet, the underlying motion says nothing about requesting such injunctive relief. (ECF Nos. 37, original motion, and 732, renewed motion). The Trustee's original proposed order (ECF No. 38-3) likewise contains no language purporting to impose such obligations on the plaintiffs, defendants, or their counsel.[12] The Trustee has further never purported to argue or show the extraordinary requirements of such injunctive relief in this case (e.g., no adequate remedy at law, etc.).  Obviously, due process requires substantially more respect for the parties and their counsel than to have such injunctive relief granted without motion, hearing, or evidence supporting it.

Similarly, the proposed injunctive language of the Trustee's order contains absolutely no detail or limitations on the requirements imposed on the parties and their counsel.  Rule 65(d) requires that "every" order granting an injunction must: "(A) state the reasons why it is issued; (B) state its terms specifically; and (C) describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." F.R.C.P. 65(d). No such detail is offered by the Trustee's proposed order.

The Trustee's order also fails to allow room for any pre-transfer ministerial acts necessary at the state court level to protect the interests of the plaintiffs.  Here, the 19 cases have identical substantive allegations, except for those portions relating to the individual medical conditions of the respective plaintiffs.  Accordingly, hearings on the defendants' demurrers (motions to dismiss) and other pre-trial proceedings were routinely heard together.  In particular, the hearings on the demurrers were docketed on these cases for argument on the same day.

---

[12] Notably, even though the Trustee has responded to any such suggestions by the Plaintiffs with incredulity, his original proposed order also would have expressly ordered that these cases were removed and transferred "to this Court for all purposes, including trial ..." (ECF No. 38-3, ¶2).

Thereafter, the circuit court issued a substantial 25 page opinion denying all but one point raised by the defense --- and allowing leave to amend to make the easily corrected problem. Similarly, issues relating to the defendant's request to withdraw critical responses to requests for admission were already resolved by the Roanoke court, but require orders. However, because the focus was on the "lead" Wingate case, the orders in the other cases were never presented for entry. Those are now before the Roanoke Circuit Court; but, a presentment hearing is required under Virginia procedure when all parties do not endorse the proposed order.

Therefore, without waiving any objections to the Decision or the removal and transfer generally, the Plaintiffs request that any removal and transfer order should allow for the Roanoke City Circuit Court to address these housekeeping matters before removal. Otherwise, defendant Insight has advised that it intends to ask this court to revisit the substance of all of those prior rulings. That would be unfair to the plaintiffs and would unnecessarily burden this court. Since any "related to" jurisdiction by this court is not exclusive under 28 U.S.C. § 1334(b), there appears to be no reason why an order could not allow for this type of flexibility. This is also consistent with the Trustee's underlying motion that seeks removal and transfer that "will not affect any substantive rights that the plaintiffs and other non-debtor parties have or assert in the Pending Actions." (ECF No. 37, at 2).

Of less significance, there is a typographical error in the list of cases attached to the Trustee's order. That list of cases includes the Wingate case which was dismissed from the Roanoke court's docket long ago.

IV. **The Plaintiffs request that this court stay the removal and transfer of these cases pending appeal.**

The Plaintiffs currently have an appeal pending in the First Circuit Court of Appeals, arising from Judge Saylor's original Memorandum and Order (ECF No. 176). That appeal

8

focuses largely on the denial of the Plaintiff's mandatory abstention motion. The Decision declines to revisit that prior ruling. Accordingly, it is not entirely clear whether it is necessary to notice a new appeal from any ultimate order entered on the Decision, or proceed with only the existing appeal. Either way, the briefing schedule for the present appeal has been postponed repeatedly in anticipation of this court's Decision. Now that it has been issued, the Plaintiffs anticipate filing their initial brief in the very near future.

As to the merits of that appeal, the Plaintiffs are unaware of any court that has extended the § 157(b)(4) exception to mandatory abstention to parties unrelated to the debtor.[13] In this sense, Judge Saylor's Memorandum and Order appears to represent a previously unknown high-water mark for the interpretation of 28 U.S.C. § 157(b)(4). Also, the District Court for the Western District of Virginia has considered this precise issue in these cases, finding exactly opposite to Judge Saylor's Memorandum and Order. *Wingate v. Insight Health Corp.*, 2013 U.S. Dist. LEXIS 67358 at *15 (W.D. Va. May 10, 2013) (incorporated by reference in orders pertaining to these cases at ECF No. 140-1). Practically anyone would have to at least agree that this determinative issue is at least *highly* unsettled. And, it is also of paramount importance to the rights of the Plaintiffs. Accordingly, the Plaintiffs request that this court stay the effectiveness of any removal and transfer order pending the First Circuit Appeal.

V. **Conclusion**

The Plaintiffs ask that the Court grant the relief requested herein for the reasons stated and for those previously briefed to this Court.

---

[13] See, *Berry v. Pharmacia Corp.*, 316 B.R. 883, 889 (S.D. Miss. 2004); and *Abbatiello v. Monsanto*, 2007 U.S. Dist LEXIS 19790 (S.D.N.Y. March 8, 2007) (both cases involving a trio of defendants formed from portions of Old Monsanto and with cross indemnification contracts making a lawsuit against one effectively the same as a lawsuit against the other).

ROANOKE GENTRY LOCKE PLAINTIFFS

/s/ J. Scott Sexton
Of Counsel

J. Scott Sexton, Esq. (VSB No. 29284)
Anthony M. Russell, Esq. (VSB No. 44505)
Charles H. Smith, III (VSB No. 32891)
H. David Gibson (VSB No. 40641)
Benjamin D. Byrd (VSB No. 76560)
Daniel R. Sullivan (VSB No. 81550)
GENTRY LOCKE RAKES & MOORE, LLP
10 Franklin Road, S.E., Suite 800
P. O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
FAX (540) 983-9400
sexton@gentrylocke.com
russell@gentrylocke.com
smith@gentrylocke.com
gibson@gentrylocke.com
byrd@gentrylocke.com
sullivan@gentrylocke.com

*Counsel for Roanoke Gentry Locke Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2014, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ J. Scott Sexton