UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br> All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION OF INSIGHT HEALTH CORP. FOR ENTRY OF AN ORDER IN AID OF THIS COURT'S MEMORANDUM OF DECISION TRANSFERRING ADDITIONAL PERSONAL INJURY TORT AND WRONGFUL DEATH CASES TO THIS COURT, DATED MAY 15, 2014 [MDL DOC. NO. 1131] ENJOINING GENTRY LOCKE PLAINTIFFS**

Insight Health Corp. ("**Insight**") respectfully submits this memorandum of law in support of its emergency motion for an injunction pursuant to the All Writs Act and Anti-Injunction Act (the "**Motion**").

**PRELIMINARY STATEMENT**

On May 15, 2014, this Court issued its Decision allowing the Trustee's renewed and supplemental motion (MDL Doc. No. 732) (the "**Supplemental Transfer Motion**") for entry of an order transferring to this Court 29 personal injury and wrongful death cases brought by 127 plaintiffs (the "**Virginia Plaintiffs**") against Insight and certain other defendants. See Op. at 6 & 15; see also MDL Doc. No. 1119. In allowing the Supplemental Transfer Motion and ordering the transfer of these cases to the MDL, this Court directed counsel to "inform the court regarding any steps necessary to effectuate the transfer of cases pursuant to this opinion." Op. at 15.

On May 16, 2014, the day after this Court's Decision issued and three days after informing the parties in open court on May 13th that the Trustee's Supplemental Transfer

Motion would be allowed, the Gentry Locke Plaintiffs requested a hearing before Judge Charles N. Dorsey of the Circuit Court for the City of Roanoke, Virginia (the "**Roanoke City Circuit Court**") to present orders with respect to 18 of the 29 cases that this Court transferred pursuant to the Decision.  The Gentry Locke Plaintiffs apparently seek to extend a ruling issued in the Wingate case only that was embodied in a letter opinion dated October 31, 2013 and an order entered November 13, 2013, to 18 other cases that were not mentioned in either the letter opinion or order.  See Declaration of Christopher E. Trible, Counsel for Insight Health Corp. (hereafter, the "**Trible Decl.**"), attached hereto as Exhibit A.  On May 19, 2014, the Gentry Locke Plaintiffs submitted a letter to the Clerk of the Roanoke City Circuit Court, enclosing 18 proposed orders seeking to extend the Wingate ruling to the transferred cases.  See Trible Decl. at ¶ 13. The Wingate case was settled and dismissed with prejudice. Id. at ¶ 10. Importantly, these matters were never noticed for hearing in the respective transferred cases, nor does the Wingate letter opinion mention the now-transferred cases.  Id. at ¶ 11.  These are substantive issues and not "ministerial" or "housekeeping" matters.  Therefore, moving forward with these matters now is in flagrant violation of this Court's Decision.

Counsel for Insight provided counsel for the Gentry Locke Plaintiffs with a courtesy copy of each Notice of Assertion of Bankruptcy Jurisdiction and Transfer to MDL 2419 (collectively, the "**Transfer Notices**") to be filed in the Gentry Locke Plaintiffs' cases over which this Court's jurisdiction was established by the Decision.  See Trible Decl. at ¶ 12 & Exh. 5.  Each Transfer notice included a copy of this Court's Decision.  On May 20, 2014, each Transfer Notice was docketed in the Roanoke City Circuit Court.  See Trible Decl. at ¶ 12.

On May 22, 2014, counsel for the Gentry Locke Plaintiffs filed a pleading in this Court styled as a "Motion to Reconsider and Motion to Stay Pending Appeal" (MDL Doc. No. 1141)

(the "**Motion for Reconsideration**") and supporting memorandum of law (MDL Doc. No. 1142). In these papers the Gentry Locke Plaintiffs try to cloak their request that the Roanoke City Circuit Court extend the <u>Wingate</u> ruling to 18 other cases as "ministerial." <u>See</u> MDL Doc. No. 1142 at 7 ("Trustee's order also fails to allow room for any pre-transfer ministerial acts necessary to protect the interests of the plaintiffs."). They do this in an attempt to take advantage of this Court's lack of familiarity with the detailed facts of the state court proceedings.

The Gentry Locke Plaintiffs' Motion for Reconsideration falls woefully short of satisfying the standard necessary to reconsider the Decision or obtain a stay pending appeal; and therefore presents no obstacle to this Court granting Insight's Motion to enjoin the Gentry Locke Plaintiffs.[1] At this time, Insight notes that the Gentry Locke Plaintiffs' Motion for Reconsideration is necessarily predicated on the fact that this Court's Decision granting the Supplemental Transfer Motion is now in effect.[2]

The Gentry Locke Plaintiffs should not be permitted—whether by calling proposed orders "ministerial" or otherwise—to take substantive actions in state court with respect to cases that this Court has exercised exclusive jurisdiction over and has directed be transferred to the MDL.[3] If the Gentry Locke Plaintiffs were to convince the Roanoke City Circuit Court to erroneously enter substantive rulings in cases over which this Court has exercised exclusive

---

[1]  Insight reserves the right, and fully intends, to separately object to the Motion for Reconsideration.

[2]  <u>See</u> § 3954 Motion for a Stay or Injunction, 16A Fed. Prac. & Proc. Juris. § 3954 (4th ed.) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal. Thus, the appellant who desires a stay of the lower federal court's action while the appeal is pending must seek an independent stay or injunctive order. [Fed. R. App. P.] 8 sets out the procedure appellant must follow in obtaining such an order.").

[3]  Indeed, whatever "ministerial" actions that may properly be taken by parties or the state court—after a case has been transferred and to effectuate such transfer—such actions, almost by definition, would not include actions "necessary to protect the interests" of the parties. <u>Cf.</u> MDL Doc. No. 1142 at 7.

jurisdiction, unnecessary procedural confusion and an untenable tension between a federal and state court would result.  This Court should move rapidly to avoid this result, including by adopting appropriate mechanisms to effectuate the transfer of the files to this Court.   On account of recent conduct by the Gentry Locke Plaintiffs, Insight has been forced to bring this Motion on an expedited basis to seek injunctive relief against the Gentry Locke Plaintiffs and their counsel. This Court should act to enjoin the Gentry Locke Plaintiffs, and thereby provide clarity to the parties and to the Roanoke City Circuit Court.

## RELEVANT BACKGROUND

On December 27, 2013, the Trustee, pursuant to 28 U.S.C. §§ 157(b)(5) and 1334, filed his Supplemental Transfer Motion, seeking entry of an order transferring to this Court personal injury and wrongful death cases that were identified on Exhibit 1 (MDL Doc. No. 733-1) to the accompanying memorandum of law (MDL Doc. No. 733).

On January 9, 2014, the Gentry Locke Plaintiffs filed a renewed motion for mandatory or permissive abstention under 28 U.S.C. § 1334 (MDL Doc. No. 763) (the "**Renewed Abstention Motion**").  That same day, the Gentry Locke Plaintiffs filed an objection (MDL Doc. No. 764) to the Trustee's Supplemental Transfer Motion.

On January 27, 2014, the Trustee and Official Committee filed their omnibus reply in support of the Trustee's Supplemental Transfer Motion and in opposition to the Gentry Locke Plaintiffs' Renewed Abstention Motion (MDL. Doc. No. 818) (the "**Omnibus Reply**").  Also on January 27, Insight filed a statement in support of the Trustee's Supplemental Transfer Motion (MDL Doc. No. 820) (the "**Insight Statement**"). On February 3, 2014, the Gentry Locke Plaintiffs filed a response (MDL Doc. No. 844) to the Omnibus Reply and the Insight Statement.

After briefing the Supplemental Transfer Motion, the Trustee subsequently became aware of three additional personal injury and wrongful death cases which were filed against Insight. On March 19, 2014, the Trustee accordingly filed an amended and supplemental Exhibit 1 to the Supplemental Transfer Motion, which identified those new actions (MDL Doc. No. 1027) (the "**First Amended and Supplemental Exhibit 1**").

Since the filing of the First Amended and Supplemental Exhibit 1, the Trustee became aware of five additional personal injury and wrongful death cases which the law firm Crandall & Katt filed against Insight.  On May 12, 2014, the Trustee accordingly filed a second amended and supplemental Exhibit 1 to the Supplemental Transfer Motion, which identifies these new actions, together with the actions identified in the First Amended and Supplemental Exhibit 1 (MDL Doc. No. 1119) (the "**Second Amended and Supplemental Exhibit 1**"). The 29 personal injury and wrongful death cases brought by Virginia Plaintiffs, as identified in the Supplemental Transfer Motion and the Second Amended and Supplemental Exhibit 1, are collectively referred to herein as the "**State Court Actions**."[4]

On May 15, 2014, this Court issued its Decision, granting the Trustee's Supplemental Transfer Motion and denying the Gentry Locke Plaintiffs' Renewed Abstention Motion. Accordingly, on May 19, 2014, counsel for Insight sent to Gentry Locke copies of Transfer Notices (which included a copy of this Court's Decision) for each of Gentry Locke Plaintiffs' cases transferred pursuant to the Decision.  See Trible Decl. at ¶ 12 & Exh. 5.  Each Transfer Notice was filed in the Roanoke City Circuit Court on May 20, 2014.  Id.

---

[4]   As noted on the Trustee's Second Amended and Supplemental Exhibit 1, the Wingate case has been settled and dismissed. See MDL Doc. No. 1119 at 5.

On May 21, 2014, the Trustee filed a proposed form of order (MDL Doc. No. 1137) (the "**Proposed Order**") with to the Supplemental Transfer Motion, granting the Supplemental Transfer Motion as of the date of the Decision and outlining the Trustee's suggested proposal for effectuating the transfer of the Virginia Plaintiffs' cases to the MDL.  Included in the Proposed Order was a form "Notice of Removal and Transfer." <u>See</u> Proposed Order at Exh. B.[5]

On May 22, 2014, the Gentry Locke Plaintiffs filed their Motion for Reconsideration and an accompanying memorandum of law (MDL Doc. No. 1142) (the "**Memorandum**") in this Court.  In the Memorandum, the Gentry Locke Plaintiffs (i) object to the Trustee's Proposed Order, (ii) request that this Court reconsider its Decision transferring the State Court Cases, and (iii) purport to move this Court to "stay any removal under the Decision until after an appeal." <u>See</u> Memorandum at 1.

Having already submitted a letter to the Clerk of the Roanoke City Circuit Court seeking entry of 18 proposed orders extending the <u>Wingate</u> ruling, the Gentry Locke Plaintiffs object to the Proposed Order because, according to the Gentry Locke Plaintiffs, it "fails to allow room for any pre-transfer ministerial acts necessary at the state court level to protect the interests of the plaintiffs," Memorandum at 7—this after the Decision was entered and after Transfer Notices have been docketed in the Roanoke City Circuit Court.  This tactic is violative of this Court's Decision.

---

[5]   Insight respectfully submits that no such notice is necessary with respect to the Gentry Locke Plaintiffs' transferred cases.  Specifically, because the Transfer Notices have already been filed with the Roanoke City Circuit Court in each of the underlying cases brought by the Gentry Locke Plaintiffs, the Trustee's request to file a second notice is now moot as to the Gentry Locke Plaintiffs' cases.

## ARGUMENT

The Gentry Locke Plaintiffs appear intent on continuing to proceed in Roanoke City Circuit Court. This despite this Court's Decision, which, to be clear, **denied** the Gentry Locke Plaintiffs' Renewed Abstention Motion and **allowed** the Trustee's Supplemental Transfer Motion. Indeed, the Gentry Locke Plaintiffs are now attempting to rush to the Roanoke City Circuit Court to present various orders to Judge Dorsey—orders that are anything but "ministerial"—in violation of this Court's Decision. See Trible Decl. at ¶¶ 22-23. Because it is well established that a decision to transfer cases vests this Court—as the transferee court—with "exclusive jurisdiction" over the transferred cases, Insight submits that an injunction in aid of this Court's jurisdiction is necessary and appropriate.[6]

Insight accordingly requests an injunction to prevent the Gentry Locke Plaintiffs from proceeding in Virginia state court with respect to the transferred State Court Actions. This Court can, and should, act to protect the integrity of its Decision. Pursuant to the All Writs Act, federal courts possess broad authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. Such "writs" include injunctions against conflicting state-court proceedings. See, e.g., Newby v. Enron Corp., 338 F.3d 467, 473-74 (5th Cir. 2003); In re Corrugated Container Antitrust Litig., 659 F.2d 1332, 1334 (5th Cir. 1981) (affirming injunction in MDL proceeding under the court's in-aid-of-jurisdiction power in part because "[t]his complicated antitrust action has required a great deal of the district court's time and [has]

---

[6] See, e.g., Manual for Complex Litigation, Fourth, § 20.131 ("A transfer under section 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court. *At that point,* the jurisdiction of the transferor court ceases and *the transferee court has exclusive jurisdiction*.") (emphasis added); In re Plumbing Fixture Cases, 298 F. Supp. 484, 495-96 (J.P.M.L. 1968) (after an order changing venue the jurisdiction of the transferor court ceases; and thereafter the transferor court can issue no further orders, and any steps taken by it are of no effect).

necessitate[d that it] maintain a flexible approach in resolving the various claims of the many parties"). Under the Anti-Injunction Act, a complement to the All Writs Act, a federal court is authorized to enjoin state proceedings where it is necessary: (1) to aid the court's jurisdiction; or (2) to protect or effectuate its judgments. 28 U.S.C. § 2283.[7] Indeed, the Revisors' Notes to 28 U.S.C. § 2283 expressly state that the phrase "in aid of its jurisdiction" was added to the Anti-Injunction Act "to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts."

The "in aid of its jurisdiction" exception is met here. See Billy Jack For Her, Inc. v. New York Coat, et al. (S.D.N.Y. 1981) 515 F. Supp. 456, 459 ("There is no doubt that a federal court to which a state court action has been removed may, pursuant to the "in aid of jurisdiction" exception to 28 U.S.C. [§] 2283, properly issue an injunction to prevent further state court proceedings in the removed action."). An order enjoining the Gentry Locke Plaintiffs from seeking entry of substantive orders in the State Court Actions would aid this Court's jurisdiction over the MDL generally and requests to enforce the Decision specifically. It is well settled that an injunction may be directed at the parties, rather than the state court itself, under the All Writs and Anti-Injunction Acts. See Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs, 398 U.S. 281, 287 (1970); Diet Drugs, 282 F.3d at 233 (affirming injunction aimed at counsel rather than the state court). Moreover, an injunction may issue against those parties even though they have no cases pending before this Court. See, e.g., Midland Funding, LLC v. Brent, 2011 WL

---

[7] In considering the interaction between the All Writs Act and Anti-Injunction Act, courts have made it clear that the parallel "necessary in aid of jurisdiction" language is construed similarly in both acts. See In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220, 239 (3d Cir. 2002) (internal quotation marks and citation omitted); In re Baldwin-United Corp., 770 F.2d 328, 335 (2d Cir. 1985). Thus, "a finding that an injunction is 'necessary in aid' of jurisdiction for purposes of one of these statutes implies its necessity for purposes of the other." Diet Drugs, 282 F.3d at 239.

1882507, at *2 (N.D. Ohio May 17, 2011) (because MDL court had "jurisdiction over this class action" and an interest in effectuating a pending settlement, "it does not need a separate basis for personal jurisdiction in order to enjoin the individual [state] lawsuits" that pose a "risk of conflicting orders"); In re Prudential Ins. Co. of Am. Sales Pracs. Litig., 314 F.3d 99, 103 n.7 (3d Cir. 2002) (MDL court had jurisdiction over attorneys, and those they represent, where the attorneys had represented parties in the MDL proceeding).

No further showing is required. Although traditional, permanent injunctions require proof of (1) success on the merits of an underlying cause of action, (2) irreparable injury absent the injunction, and (3) a net benefit to the injunction based on the balance of harms, see, e.g., Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004), these factors play no role in determining the propriety of an injunction under the All Writs Act, see generally id. at 1100-04. This is so because, "[w]hereas traditional injunctions are predicated upon some cause of action, an All Writs Act injunction is predicated upon some other matter upon which the district court has jurisdiction." Id. at 1100.[8] "[A] court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns" than those that justify traditional injunctions. Id. at 1100-01 (collecting authority). For these reasons, an injunction should issue.

---

[8] The Gentry Locke Plaintiffs' facially deficient Motion for Reconsideration provides no basis to refrain from enjoining the Gentry Locke Plaintiffs and their counsel from violating this Court's Decision. To prevail on a motion for reconsideration, the moving party must establish that one of the bases for reconsideration set forth in Fed. R. Civ. P. 65 have been met. To obtain a stay pending appeal, the moving party must show a likelihood of success on the merits or, if appropriate, post a supersedeas bond providing full security to the prevailing party. See Fed. R. App. P. 8(a); see also Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16-17 (1st Cir. 2002) (issuance of a stay pending appeal depends on "whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party].") (quoting United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987)). The Gentry Locke Plaintiffs' Motion for Reconsideration does not even attempt to satisfy either standard. Indeed, it is precisely because this Court's Decision is not currently stayed that the Gentry Locke Plainitffs should be enjoined from proceeding in the State Court Actions.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order enjoining the Gentry Locke Plaintiffs and their counsel from taking further action in the Roanoke City Circuit Court with respect to the State Court Actions.

Dated: May 27, 2014
        Boston, Massachusetts

Respectfully submitted,

/s/ *Matthew J. Matule*
Matthew J. Matule (BBO # 632075)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
Matthew.Matule@skadden.com

-and-

Albert L. Hogan, III (admitted *pro hac vice*)
Ron E. Meisler (admitted *pro hac vice*)
Carl T. Tullson
155 N. Wacker Drive
Chicago, IL 60606
(312) 407-0700
Al.Hogan@skadden.com
Ron.Meisler@skadden.com
Carl.Tullson@skadden.com

-and-

Stephen D. Busch  (admitted *pro hac vice*)
Christopher E. Trible (*pro hac vice* pending)
Samuel T. Towell (admitted *pro hac vice*)
McGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
(804) 775-1000
sbusch@mcguirewoods.com
ctrible@mcguirewoods.com
stowell@mcguirewoods.com

Counsel for Insight Health Corp.

---

**CERTIFICATE OF SERVICE**

     I, Matthew J. Matule, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 27, 2014.

Dated: May 27, 2014    /s/ *Matthew J. Matule*
                       Matthew J. Matule