**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br><br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br>All Actions | |

**THE PLAINTIFFS' STEERING COMMITTEE'S OPPOSITION TO
INSIGHT'S EMERGENCY MOTION FOR ENTRY OF ORDER
ENJOINING GENTRY LOCKE PLAINTIFFS**

The Plaintiffs' Steering Committee ("PSC") hereby opposes Insight Health Corp.'s Emergency Motion for Entry of an Order In Aid of This Court's Memorandum of Decision Transferring Additional Personal Injury Tort and Wrongful Death Cases to this Court, Dated May 15, 2014 Enjoining Gentry Locke Plaintiffs [ECF No. 1149]. While we respond only to Insight's Emergency Motion, our position is informed by, and relevant to, the Court's May 15, 2014 Memorandum of Decision [ECF No. 1131], the Trustee's Proposed Supplemental Order [ECF No. 1137], the Roanoke Gentry Locke Plaintiffs' Motion to Reconsider and Stay Pending Appeal [ECF No. 1141], and the Roanoke Gentry Locke Plaintiffs' Response to Insight's Emergency Motion [ECF No. 1160] with the supporting Sexton Declaration [ECF No. 1161].

Insight's motion and the constellation of related pleadings raise three questions:

1. Whether the Court ought to enjoin the Roanoke Gentry Locke plaintiffs from working with the Virginia state court to effectuate the ministerial entry of orders across related cases;

2. Whether the Court should enjoin plaintiffs, defendants, and their counsel to "take any and all actions necessary to immediately effectuate the transfer," as suggested by paragraph 5 of the Trustee's proposed order transferring cases; and

3. Whether the Trustee's proposed order articulated an appropriate path to effectuate removal of the cases to be transferred.

A. **The Roanoke Gentry Locke Plaintiffs ought not be enjoined from effectuating the ministerial entry of orders across related cases.**

The sound administration of justice, principles of efficiency, and the interests of comity counsel in favor of permitting the Roanoke Gentry Locke Plaintiffs to address the entry of appropriate orders across related cases with the Virginia state court before those cases are transferred to the MDL.

First, it is clear from the declarations filed with this Court that these efforts are not a subterfuge for the Roanoke Gentry Locke Plaintiffs to effectuate something that has not already occurred in substance, or to defeat this Court's jurisdiction.[1] It is uncontroverted that the Virginia court has already ruled on the demurrers and summary judgment issues. The Sexton Declaration so states, counsel for defendant Image Guided Pain Management agree, and defendant Insight has not disagreed. It seems as though the only procedural step left to be taken is the actual entry of appropriate orders in each case so that each docket correctly reflects what happened.

Since Insight does not contest these facts, one might infer that Insight is trying to prevent the entry of these unfavorable orders in order to revisit matters in the MDL that have already been resolved in the state court. On the current record, there is no reason for this Court to revisit the Virginia court's decisions.

---

[1] *See* ECF No. 1161, Declaration of J. Scott Sexton.

Second, the MDL court specifically sought direction as to how best to effectuate its substantive ruling on the Trustee's Renewed Motion to Transfer: "Counsel shall inform the court regarding any steps necessary to effectuate the transfer of cases pursuant to this opinion."[2] It is appropriate for the Roanoke Gentry Locke Plaintiffs to inform the Court about how best to effectuate this Court's ruling.  And, given the PSC's understanding of what has transpired in the Virginia court already, it seems only logical that the Roanoke Gentry Locke Plaintiffs address with the Virginia court whether previous decisions by the Virginia court appear appropriately in the record before the cases are transferred to the MDL.

Finally, the subject matter of the demurrers and summary judgment issues raise uniquely state law questions.  It makes more sense for the parties to make sure that the record reflects the Virginia court's views on these issues now, rather than deny the Virginia court the ability to do so and leave this Court to take up the issues later in a more contorted procedural approach.  This Court need not, down the road, grapple with whether the Virginia court intended for its decisions on matters of Virginia law to apply to all related cases.  Why not just hear from the Virginia court now?

**B.     On the current record, it would be wholly inappropriate to enjoin plaintiffs, defendants, and their counsel to immediately effectuate transfer.**

The Trustee's proposed order includes a broad and sweeping injunction.  But the Trustee's Renewed Motion for Transfer did not include a request to enjoin parties and their counsel to "take any and all actions necessary to immediately effectuate the transfer…."[3]  Nor did the Trustee allege, let alone show, irreparable harm if the Court did not issue such an injunction.

---

[2] ECF No.  1131 at p. 15.
[3] ECF No.1137 at ¶5.

If the proposed order were entered as drafted, the order would not only, arguably, prohibit the Roanoke Gentry Locke Plaintiffs from asking the Virginia Court to enter the orders discussed above, it would prohibit the Plaintiffs from even moving for reconsideration or appealing the order.

The Trustee's proposed order overreaches; the Court should not grant the injunction.

**C.    We leave the issue of whether the Trustee set out an appropriate procedural path for transferring the state court cases for another submission.**

The Roanoke Gentry Locke Plaintiffs' Motion for Reconsideration suggests that there may be some issues with the Trustee's proposed procedural path for transferring cases subject to the reasoning in the Court's May 15, 2014 Memorandum and Decision. We flag these potential issues for the Court, but do not believe they are properly addressed on an emergency basis. If the PSC has more to say on the matter, we will respond to the Motion for Reconsideration (due Thursday, June 5, 2014).

Dated:  June 2, 2014                                    Respectfully submitted,

                                                        **/s/ Kristen A. Johnson**
                                                        Thomas M. Sobol
                                                        Kristen A. Johnson
                                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                                        55 Cambridge Parkway, Suite 301
                                                        Cambridge, MA  02142
                                                        Telephone:  (617) 482-3700
                                                        Facsimile:  (617) 482-3003
                                                        tom@hbsslaw.com
                                                        kristenjp@hbsslaw.com

                                                        *Plaintiffs' Lead Counsel*

                                                        Elizabeth J. Cabraser
                                                        Mark P. Chalos
                                                        Annika K. Martin
                                                        LIEFF CABRASER HEIMANN &
                                                        BERNSTEIN, LLP

4

150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone: 615.313.9000
Facsimile: 615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: (248) 557-1688
Facsimile: (248) 557-6344
marc@liptonlawcentercom

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA 30328
Telephone: (404) 451-7781
Facsimile: (404) 506-9223
marc@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201

Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Kristen A. Johnson, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 6, 2014

/s/ **Kristen A. Johnson**
Kristen A. Johnson, BBO # 667261

7