UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
WITH RESPECT TO THE EMERGENCY MOTION OF INSIGHT HEALTH CORP.
FOR ENTRY OF AN ORDER IN AID OF THIS COURT'S MEMORANDUM OF
DECISION TRANSFERRING ADDITIONAL PERSONAL INJURY TORT AND
WRONGFUL DEATH CASES TO THIS COURT, DATED MAY 15, 2014
[MDL DOC. NO. 1131] ENJOINING GENTRY LOCKE PLAINTIFFS AND
THE GENTRY LOCKE PLAINTIFFS' RESPONSE THERETO**

The Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11

case of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center

("NECC"), by and through its undersigned counsel, hereby submits this statement (this

"Statement") with respect to the *Emergency Motion Of Insight Health Corp.* ("Insight") *for Entry*

*of an Order in Aid of This Court's Memorandum of Decision Transferring Additional Personal*

*Injury Tort and Wrongful Death Cases to This Court, dated May 15, 2014 [MDL Doc. No. 1131]*

(the "Memorandum of Decision") *Enjoining Gentry Locke Plaintiffs* [Dkt. No. 1149] (the

"Emergency Motion"), Insight's memorandum in support thereof [Dk. No. 1140] (the "Insight

Memorandum"), and the Gentry Locke Plaintiffs' (as defined herein) response thereto [Dkt. No.

1160] (the "RGLP Response").

The purpose of this Statement is to inform the Court of the Committee's positions with

respect to issues arising in the Emergency Motion and the RGLP Response that affect the court-

directed centralization of tort cases in this MDL proceeding through transfer under 28 U.S.C. §

157(b)(5), which the Committee has supported since the inception of this MDL and the Chapter 11 trustee of NECC's (the "Trustee") first transfer motion made over a year ago.  In doing so, the Court should be mindful that the Committee is not taking a position as to the merits of the dispute between the parties (Insight and the Gentry Locke Plaintiffs) in their cases, which dispute has now come before this Court by way of the Emergency Motion and the RGLP Response.

As more fully described herein, the Committee (i) believes that it is up to this Court, in its discretion, to decide whether to allow further orders to be entered in the State Court Actions prior to their transfer to this Court, (ii) in any event, respectfully submits that this Court should enter an order, such as that already submitted by the Trustee, effectuating the transfer of the State Court Actions to this Court, and (iii) respectfully disputes the Gentry Locke Plaintiffs' contention that the Memorandum of Decision (or any enabling order) is a final order or judgment and appealable as of right.

## INTRODUCTION

On December 13, 2013, the Trustee filed a renewed and supplemental transfer motion [Dkt No. 733], seeking the transfer of twenty-nine personal injury and wrongful death lawsuits (collectively, the "State Court Actions") pending in Virginia state court against various non-debtor defendants allegedly involved in the distribution of contaminated NECC steroidal injections (including Insight).  The plaintiffs in the State Court Actions represented by the firm of Gentry, Locke, Rakes & Moore LLP (the "Gentry Locke Plaintiffs") in turn argued, see Dkt. No. 763, that this Court should or must abstain from exercising jurisdiction over the State Court Actions under the abstention provisions of 28 U.S.C. § 1334(c)(1) and (2).  In the Memorandum of Decision, this Court determined that it has jurisdiction over the State Court Actions, allowed the Trustee's motion, and denied the Gentry Locke Plaintiffs' abstention motion, concluding that (i) the balance of factors weighed against permissive abstention with respect to the State Court

Actions, and (ii) mandatory abstention was not applicable to the State Court Actions. It is the Committee's understanding that, presently, the State Court Actions have not yet been transferred to this Court and remain pending in Virginia state court.

The Gentry Locke Plaintiffs are now seeking to present orders (the "State Court Orders") to the Circuit Court for the City of Roanoke, Virginia (the "Virginia Court") in eighteen of the State Court Actions. See Insight Memorandum at 2; RGLP Response, Exh. 1 (Declaration of J. Scott Sexton) ¶¶ 18, 24. Insight seeks, through the Emergency Motion, an order of this Court enjoining the Gentry Locke Plaintiffs from taking any further action with respect to the State Court Actions prior to the State Court Actions' transfer to this Court, including enjoining the Gentry Locke Plaintiffs from presenting the State Court Orders to the Virginia Court. See Emergency Motion at 1. In their response to the Emergency Motion, the Gentry Locke Plaintiffs assert, *inter alia*, that "the [Memorandum of] Decision . . . sets forth an appealable issue" and that the enabling order will "set forth the timeline for appeal." RGLP Response at 4-5; see also id. at 5 (suggesting that any enabling order with respect to the Memorandum of Decision will be appealable).

## STATEMENT

### A. This Committee Defers to this Court's Discretion to Decide Whether to Allow Further "Ministerial" Orders to Enter in Virginia State Court

The Committee takes no position on whether the relief requested by Insight in the Emergency Motion (*i.e.*, entry of an order enjoining the Gentry Locke Plaintiffs from, *inter alia*, presenting the State Court Orders to the Virginia Court for entry) should or should not be granted or whether this Court may, in accordance with the suggestion of the Gentry Locke Plaintiffs,

allow such orders to be considered and entered by the Virginia Court.[1]  In light of this Court's determination that it has jurisdiction over the State Court Actions (as more fully described in the Memorandum of Decision), the Committee submits that it is in this Court's sound discretion to decide whether to, on one hand, permit further "ministerial" orders to be entered in the Virginia Court prior to their transfer to this Court or, on the other hand, to consider and determine these issues itself in the MDL once transfer is completed.

**B.    The Committee Respectfully Requests Entry of an Order Transferring the State Court Actions to This Court**

However, in light of the *sturm und drang* occasioned by the lack of an order effectuating transfer of the State Court Actions to this Court, the Committee respectfully requests that this Court enter an order directing the transfer the State Court Actions.  The Trustee has submitted just such an order, see Dkt. No. 1137, and the Committee supports entry thereof, or of any other enabling order this Court deems appropriate.

**C.    This Court's Decision to Allow the Renewed Transfer Motion and Deny the Gentry Locke Plaintiffs' Motion for Mandatory Abstention is Not Appealable**

Finally, lest silence be taken as assent to the Gentry Locke Plaintiffs' contentions regarding appealability, the Committee here states its position that this Court's Memorandum of Decision (and to the extent this Court enters a further order enabling the Memorandum of Decisions, that order) is interlocutory and is <u>not</u> appealable as of right.  See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all ***final*** decisions of the district courts of the United States") (emphasis added); <u>Gentry v. Gentry (In re Gentry)</u>, No. 97-5463, 1997 U.S. App. LEXIS 30014, at **1-2 (6th Cir. Oct. 23, 1997) ("The order denying abstention was clearly interlocutory as evidenced by the trial and subsequent judgment that have

---

[1]    Insight and the Gentry Locke Plaintiffs dispute whether the State Court Orders are properly characterized as "ministerial."  The Committee takes no position on this issue.

been entered in the bankruptcy court during the pendency of this appeal.  Neither is the order appealable under the collateral order exception to the final judgment rule."); Schuster v. Mims (In re Rupp & Bowman Co.), 109 F.3d 237, 239-240 (5th Cir. 1997) (concluding that "we lack jurisdiction to entertain the . . . appeal of the bankruptcy court's decision not to abstain" under section 1334(c)(2)).

Indeed, the First Circuit Court of Appeals has, as the Court knows, already raised serious questions regarding its own jurisdiction to hear the Gentry Locke Plaintiffs' appeal of Judge Saylor's original transfer decision.  See Order of Court, Artis, et al. v. New. Eng. Compounding Pharm., Inc., et al., Case No. 13-2007 (Dec. 10, 2013) (attached hereto as **Exhibit 1**).  And what is more, before his recusal and with respect to the Gentry Locke Plaintiffs' motion for reconsideration of his transfer order, Judge Saylor expressed his own position that his order was an interlocutory one.  See Transcript of July 18, 2013 Status Conference at 37-39, In re New. Eng. Compounding Pharm., Inc. Prods. Liab. Litig., MDL No. 13-02419 ("I see no reason to . . . revise what I did *or to permit an interlocutory appeal* . . . and so those motions will be denied.") (emphasis added).[2]  Accordingly, the Committee respectfully submits that the Memorandum of Decision and any enabling order are interlocutory, not final, and cannot be appealed absent certification of both this Court and the First Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

Counsel to the Committee is available at this Court's convenience to answer any questions this Court may have with respect to this Statement or otherwise.

*[Remainder of this page intentionally left blank]*

---

[2]     Moreover, to the extent the Gentry Locke Plaintiffs seek to prosecute any such appeal, they would be required to seek certification thereof pursuant to 28 U.S.C. § 1292(b).  They have not done so in connection with their appeal of Judge Saylor's original transfer order.

Dated: June 2, 2014
Boston, Massachusetts

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ David J. Molton
David J. Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq. (BBO #542125)
Kiersten A. Taylor, Esq. (BBO #681906)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured
Creditors of New England Compounding
Pharmacy, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2014, I caused a copy of the foregoing Statement to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.


Dated: June 2, 2014
   Boston, Massachusetts     <u>/s/ Carol S,. Ennis</u>
                 Carol S. Ennisexhibit


61667570