UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>　All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>) |

**CHAPTER 11 TRUSTEE AND OFFICIAL COMMITTEE
OF UNSECURED CREDITORS' JOINT (I) OBJECTION TO
ROANOKE GENTRY LOCKE PLAINTIFFS' MOTION TO RECONSIDER
AND MOTION TO STAY PENDING APPEAL AND (II) REPLY TO
OBJECTION AND RESPONSE TO TRUSTEE'S PROPOSED ORDER**

Paul D. Moore, the Chapter 11 Trustee for the bankruptcy estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), and the Official Committee of Unsecured Creditors of NECC (the "Committee") hereby jointly object to the *Roanoke Gentry Locke Plaintiffs'* (the "RGLPs") *Motion to Reconsider and Motion to Stay Pending Appeal* (Docket # 1141) (the "RGLP Motion"), and the memorandum in support filed concurrently therewith (the "RGLP Memorandum"),[1] and in support thereof state as follows.

**INTRODUCTION**

On May 15, 2014, this Court entered its Memorandum of Decision (Docket # 1131) granting the *Trustee's Renewed and Supplemental Motion to Transfer Additional Personal Injury Tort and Wrongful Death Cases to This Court Pursuant to 28 U.S.C. §§ 1334 and 157(b)(5)*

---

[1] *Roanoke Gentry Locke Plaintiffs' Memorandum: (1) In Response To Questions Posed By Court By Memorandum Of Decision Dated May 16, 2014 [ECF No. 1131]; (2) In Objection And Response To Trustee's Proposed Order [ECF No. 1137]; (3) In Support Of Motion To Reconsider; And (4) In Support Of Motion To Stay Pending Appeal* (Docket # 1142).

DM3\2916419.9

(Docket # 732) (the "Renewed Transfer Motion").  At the conclusion of its opinion, this Court directed counsel to "inform the court regarding any steps necessary to effectuate the transfer of cases pursuant to this opinion."  Memorandum of Decision at 15.  In response, the Trustee submitted a proposed order (Docket # 1137) (the "Proposed Order") (i) providing for the transfer of the subject cases (collectively, the "Pending Actions") through counsel's filing of appropriate notices in the courts where those cases are presently pending, and (ii) directing counsel for plaintiffs in the Pending Actions to take any and all actions necessary to immediately effectuate the transfer of the Pending Actions.  *See* Proposed Order ¶¶ 2-5.  In response to the Proposed Order, the RGLPs filed the RGLP Motion.

The RGLP Motion requests, *inter alia*, that this Court reconsider its Memorandum of Decision.  In particular, although this Court has ordered the *transfer* of the Pending Actions pursuant to 28 U.S.C. § 157(b)(5) and *not* through the *removal* mechanisms incorporated into 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, the RGLPs argue (once again) that any transfers must be effected through Rule 9027.  Accordingly, the RGLPs conclude, since the deadlines for removal under 9027 have allegedly lapsed, the "vast majority" of the Pending Actions cannot now be transferred.  As described below, this argument has no basis in either the Bankruptcy Code or its enabling statutes.

Significantly, and fatally for the RGLPs, the RGLPs made this very same argument *prior* to the hearing on the Renewed Transfer Motion and entry of this Court's Memorandum of Decision.[2]  Although the RGLPs are apparently undaunted by this Court's implicit rejection of

---

[2]    *See Roanoke Gentry Locke Plaintiffs' Reply to the Omnibus Reply and Opposition of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors and the State of Insight Health Corp.* (Docket # 844) (the "RGLP Reply") at 8-12.

that argument in the Memorandum of Decision, controlling authority makes plain that reconsideration is unavailable as a remedy in these circumstances.

Moreover, although the Trustee's Proposed Order includes a standard provision that counsel shall cooperate promptly to effect its terms, the RGLPs argue that this language constitutes a mandatory injunction. This is plainly not the case, given that the Trustee's Proposed Order merely, upon the direct invitation of this Court, spells out the parties' duty to comply with a duly entered order of this Court (a duty incumbent on the RGLPs whether or not made explicit).

Finally, the RGLP Motion requests that this Court stay the transfer of the Pending Actions pending the resolution of the appeal of Judge Saylor's original transfer order (Docket # 176) to the First Circuit Court of Appeals. However, the RGLPs fail to address, much less satisfy, the requirements of Federal Rule of Civil Procedure 62(c), which governs stays pending appeal. Accordingly, the Trustee respectfully submits that this request must be denied.

For these reasons, and as more fully set forth below, the Trustee and the Committee respectfully submit that this Court should (i) deny the RGLP Motion in its entirety, and (ii) enter the Trustee's Proposed Order.

## ARGUMENT

### A. **Reconsideration of the Memorandum of Decision is Unnecessary, Unwarranted and Inappropriate.**

This Court has already determined that the Pending Actions should be transferred to this Court pursuant to 28 U.S.C. § 157(b)(5). Faced with this determination, the RGLPs repeat their earlier arguments that (i) transfer can only be effected pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, and (ii) 28 U.S.C. § 157(b)(5) does not provide a

mechanism for the transfer of cases. *See* RGLP Reply at 8-12. This Court has already rejected this argument and need not reconsider its decision.

Although neither the RGLP Motion nor the RGLP Memorandum discuss the statutory basis or standards for reconsideration of a court's order, the Trustee and the Committee infer that the RGLPs are seeking relief under Federal Rule of Civil Procedure 59(e), which provides that a federal district court has the discretion to reconsider interlocutory orders and revise or amend them prior to final judgment. *See Antony v. Duty Free Ams., Inc.*, 705 F. Supp. 2d 112, 114 (D. Mass. 2010) (citing *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)).

As an initial matter, reconsideration of a court's order is an extraordinary remedy. As the First Circuit Court of Appeals has explained,

> [M]otions for reconsideration are appropriate only in a limited number of circumstances: (1) if the moving party presents newly discovered evidence, (2) if there has been an intervening change in the law, or (3) if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. <u>These three exceptions are narrowly configured and seldom invoked</u>.

*Sarro v. Philip Morris United States, Inc.*, C.A. No. 08-10224-MLW, 2010 U.S. Dist. LEXIS 46450, at **3-4 (D. Mass. May 12, 2010) (internal citations and quotations omitted) (emphasis added); *see United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009). The United States Supreme Court has likewise admonished that courts should be loathe to revisit prior decisions "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous <u>and</u> would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (emphasis added). The RGLPs have failed to show (i) that any of the three "narrowly tailored" exceptions are present or even relevant here, (ii) that the Memorandum of Decision was "clearly erroneous," or (iii) that the Memorandum of Decision works any "manifest injustice." Their request for reconsideration should be summarily denied on those

grounds alone.

Moreover, as courts in this Circuit have repeatedly recognized, a motion for reconsideration should not be used to give a party "another bite at the apple simply because the Court did not rule in his favor." *Antony*, 705 F. Supp. 2d at 115; *see Davis*, 89 F. Supp. 2d at 147 ("[A] motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning."); *In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr. D. Mass. 1992) ("A motion for reconsideration is not a means by which parties can rehash previously made arguments"); *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991) ("Generally, a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court."); *see also In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 350 (Bankr. W.D. Penn. 1992) (noting that the court "does not have the luxury of treating its first decision as a dress rehearsal for the next time.").[3]  The RGLPs argument that the transfer of certain of the Pending Actions is time-barred under 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027 has already been presented and (implicitly) rejected. *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) ("An argument is rejected by necessary implication when the holding stated or result reached is inconsistent with the argument."); *Dubois v. United States Dept. of Agric.*, 270 F.3d 77, 82 (1st Cir. 2001) (holding that the district

---

[3]   After Judge Saylor entered his Memorandum and Order on Trustee's Motion to Transfer Cases and Related Motion (Docket # 176), the RGLPs also sought reconsideration of that order (Docket # 195), which Judge Saylor denied. *See* Transcript of July 18, 2013 Status Conference at 37-39, *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, MDL No. 13-02419 ("A motion for reconsideration . . . normally requires a decision that's clearly erroneous, and that would work a manifest injustice. . . . I see no reason to . . . revise what I did or to permit an interlocutory appeal . . . and so those motions will be denied.").

court implicitly rejected an argument asserted by the plaintiff on appeal where that argument was inconsistent with the district court's ultimate holding). There is no basis for reconsideration.

In any case, the RGLPs argument is simply misplaced. Section 1452(a) provides that "[a] party may remove any claim or cause of action . . . ." 28 U.S.C. § 1452(a) (emphasis added). The Trustee is not a party to any of the Pending Actions, and section 1452 is therefore inapplicable by its terms.[4]

Federal Rule of Bankruptcy Procedure 9027, which "provides the procedure by which the ability to remove litigation to the bankruptcy court from another court, found in 28 U.S.C. 1452, is exercised," 10 *Collier on Bankruptcy* ¶ 9027.01 (16th ed. rev. 2014) (emphasis added), is likewise inapplicable. As this Court recognized in the Memorandum of Decision, this Court's authority for transferring the Pending Actions, all of which are state court personal injury tort and wrongful death actions, arises under 28 U.S.C. § 157(b)(5). *See, e.g., In re Pan Am Corp.*, 16 F.3d 513 (2nd Cir. 1994) (transferring, pursuant to section 157(b)(5), tort actions from Florida state courts directly to the United States District Court for the Southern District of New York, where Pan Am's chapter 11 proceeding was pending); *In re Nutraquest, Inc.*, Case No. 03-5869, 2004 U.S. Dist. LEXIS 29143 (D.N.J. 2004) (transferring personal injury tort and wrongful death cases directly from Illinois state court to the United States District Court for the District of New Jersey pursuant to section 157(b)(5)); *In re Twinlabs Personal Injury Cases*, No. 03 Civ. 9169, 2004 WL 435083 (S.D.N.Y. March 8, 2004) (ruling that court had "related to" jurisdiction over case in which debtor was not named and transferring case directly from Arkansas state court to the United States District Court for the Southern District of New York pursuant to section

---

[4]   The other removal provisions of the United States Code likewise provide for removal by parties to the underlying civil actions. *See, e.g.*, 11 U.S.C. § 1441(a)(a "civil action . . . may be removed by the defendant or defendants . . .").

157(b)(5)). It is a well-established canon of statutory construction that "however inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the same enactment." *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 228 (1957) (citations omitted). "Congress, in enacting § 157(b)(5), singled out [personal injury] claims as the very ones it wanted transferred." *In re Twin Labs. Inc.*, 300 B.R. 836, 841 (S.D.N.Y. 2003). Thus, section 1452, which addresses the removal of bankruptcy related actions generally, is inapplicable to personal injury claims, which Congress chose to address specifically in section 157(b)(5).

### B. The Trustee's Proposed Order Does Not Incorporate a Mandatory Injunction.

Paragraph 5 of the Trustee's Proposed Order provides:

> **ORDERED,** that plaintiffs, defendants and their counsel are directed promptly to take any and all actions necessary to immediately effectuate the transfer of the Pending Actions pursuant to this Order.

Far from constituting a preliminary injunction, this language simply directs the parties to comply with this Court's determination that the Pending Actions be transferred. *See In re Twinlabs Personal Injury Cases*, 2004 W.L. 435083, at *2 (where the court ordered that "[c]ounsel for the Debtors . . . distribute copies [of an order granting a transfer motion] to all affected counsel within two business days hereof and to work with them to arrange the expeditious transfer [of cases] to this Court"). The RGLPs arguments in opposition to this run-of-the-mill enabling language, invited by the Court itself, suggest that they seek to delay and impede the transfer of the Pending Actions to this Court in order to obtain the entry of certain orders in the state court. This Court has ordered that those cases be transferred, and, therefore, this Court should deny the RGLPs' belated request to delay transfer to permit continued state court litigation. *See Fabrica De Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza,*

*Inc.*, 682 F.3d 26, 33 (1st Cir. 2012) ("A motion for reconsideration is not a vehicle for the introduction of arguments that could and should have been made to the court earlier").

### C. This Court Should Not Stay Transfer of the Pending Actions.

Finally, the RGLPs request a stay of this Court's order pending the disposition of the appeal of Judge Saylor's original transfer order (Docket No. 170), currently pending in the United States Court of Appeals for the First Circuit. In support of this request, the RGLPs neither cite the legal authority that may authorize such a stay, nor do they provide competent and admissible evidence sufficient to support the same.

Federal Rule of Civil Procedure 62(c) provides the standard for granting a stay pending appeal. Pursuant to Rule 62(c), a court should consider the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits[5]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The RGLPs have cavalierly ignored these standards and merely state without any support that "practically anyone would have to at least agree" that the interplay between 28 U.S.C § 1334(c)(2) (mandatory abstention) and 28 U.S.C. § 157(b)(4) (excepting "non-core" proceedings from mandatory abstention) "is at least highly unsettled." RGLP Memorandum at 9. This unsupported contention falls far short of satisfying the standards set forth in Rule 62(c). As such, the Trustee and the Committee respectfully submit that this Court should deny the RGLPs' request for a stay pending appeal.

---

[5] An appellant bears a heavy burden in showing likelihood of success on appeal, since the trial court has already considered and rejected its arguments. *See Officemax Inc. v. County Qwik Print, Inc.*, 751 F. Supp. 2d 221, 254 (D. Me. 2011).

## **CONCLUSION**

For the reasons stated herein, the Trustee and the Committee respectfully request that this Court (i) deny the RGLPs' motion for reconsideration; (ii) deny the RGLPs' request for a stay pending appeal; and (iii) enter the Trustee's Proposed Order.

*[Remainder of page intentionally left blank]*

Dated: June 2, 2014

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Michael R. Gottfried*
Michael R. Gottfried (BBO# 542156)
100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Email: mrgottfried@duanemorris.com

*Counsel for the Chapter 11 Trustee*

-and-

BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com

and

William R. Baldiga, Esq. (BBO #542125)
Kiersten A. Taylor, Esq. (BBO #681906)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: wbaldiga@brownrudnick.com
        ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

**Certificate of Service**

I, Michael R. Gottfried, hereby certify that on June 2, 2014, I caused a copy of the foregoing document, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service.

/s/ *Michael R. Gottfried*
Michael R. Gottfried