UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | ) ) ) ) ) ) ) ) ) MDL No. 1:13-md-2419-RWZ |

**CHAPTER 11 TRUSTEE'S NOTICE REGARDING**
**FURTHER RELIEF FROM PRESERVATION ORDER**

On December 13, 2012, this Court entered its *Order as to the Preservation of Potential Evidence by New England Compounding Pharmacy, Inc.* [Docket No. 110 in Case No. 12-12052] (the "Preservation Order"), which required the preservation of potential evidence within the possession, custody and/or control of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"). On May 13, 2013, Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the NECC estate, filed a motion [Docket No. 147] and memorandum in support thereof [Docket No. 148] (collectively, the "Motion") seeking relief from the Preservation Order.

The United States submitted a statement of interest in response to the Motion on May 14, 2013, in which the United States did not object to the relief sought by the Trustee, but proposed certain notice procedures in the event that the Motion were granted [Docket No. 149]. Following a hearing, the Trustee and the United States submitted a joint proposed order [Docket No. 173], which, among other things, granted the relief sought by the Trustee and established certain notice procedures should the Trustee subsequently seek to dispose of additional NECC property that may be subject to the Preservation Order, which order was subsequently entered by this Court [Docket No. 177] (the "Modifying Order").

Specifically, the Modifying Order provided as follows:

> From time to time hereafter, the Trustee may seek further relief from the Preservation Order with respect to any of the remaining property of the estate that is or may be subject to the Preservation Order. Notice of any such further requests shall be provided in the manner and to the parties in interest, persons and entities described in paragraphs 1 and 2 [herein] (a "Further Notice"). Absent the filing with this Court of a Preservation Request within 14 days after the date of any such Further Notice, any such property that is not the subject of a Preservation Request may, without further order of this Court, be moved, relocated, sold or otherwise disposed of by the Trustee in such manner as he deems necessary or appropriate and in the best interest of NECC's bankruptcy estate. As to any such property which is subject to a timely Preservation Request, such property shall be dealt with as determined by further order of this Court.

Modifying Order, ¶ 5.

The Trustee has determined that it is in the best interests of the NECC estate and its creditors to sell or otherwise dispose of all remaining NECC property and to vacate, in whole or in part, the Framingham premises leased by NECC. Subject to Bankruptcy Court approval, the Trustee intends to sell as much of the remaining property as possible to maximize the amount of funds available to creditors (particularly the personal injury tort and wrongful death claimants) and to abandon or otherwise dispose of the remainder. Similarly, the NECC estate will realize a substantial reduction in costs once it is able to avoid the ongoing costs of occupancy of the Framingham facility where the property is currently located.

**ACCORDINGLY, THE TRUSTEE HEREBY NOTIFIES ALL PARTIES TO THIS LITIGATION THAT, IN ACCORDANCE WITH THE PROCEDURES ESTABLISHED BY THIS COURT'S MODIFYING ORDER, HE INTENDS TO SELL OR OTHERWISE DISPOSE OF ALL REMAINING NECC PROPERTY AND TO VACATE THE FRAMINGHAM FACILITY.**

**TO THE EXTENT THAT A PARTY OR OTHER PERSON OR ENTITY RECEIVING THIS NOTICE OPPOSES THE RELIEF SOUGHT BY THE TRUSTEE**

AND WISHES THAT CERTAIN PROPERTY BE PRESERVED, THAT PARTY, PERSON, OR ENTITY MUST FILE A PRESERVATION REQUEST WITH THIS COURT WITHIN 14 DAYS OF SERVICE OF THIS NOTICE IN ACCORDANCE WITH THE MODIFYING ORDER.  ANY PRESERVATION REQUEST MUST SHOW CAUSE WHY THE PRESERVATION ORDER SHOULD NOT BE MODIFIED IN THE MANNER REQUESTED BY THE TRUSTEE AND IDENTIFY THE PROPERTY THAT THE REQUESTOR SEEKS TO HAVE PRESERVED.  THE SUBMISSION OF A PRESERVATION REQUEST SHALL NOT IMPOSE UPON THE TRUSTEE AN OBLIGATION TO PAY STORAGE AND RELATED COSTS FOR FURTHER PRESERVATION OF SUCH PROPERTY.  IF NO PRESERVATION REQUESTS ARE FILED WITHIN THE PRESCRIBED 14-DAY PERIOD, THE TRUSTEE SHALL PROCEED WITH THE SALE OR OTHER DISPOSITION OF THE REMAINING NECC PROPERTY.

Dated:  June 5, 2014

                              Respectfully submitted,

                              DUANE MORRIS LLP

                              */s/ Michael R. Gottfried*
                              Michael R. Gottfried (BBO #542156)
                              100 High Street
                              Suite 2400
                              Boston, MA 02110-1724
                              Phone: (857) 488-4200
                              Email: mrgottfried@duanemorris.com

                              *Counsel for Paul D. Moore, Chapter 11 Trustee of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center*

## Certificate of Service

I, Michael R. Gottfried, hereby certify that on June 5, 2014, I caused a copy of the foregoing document, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service.

/s/ *Michael R. Gottfried*
Michael R. Gottfried
