# EXHIBIT 5

**Lieff
Cabraser
Heimann &
Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2423
t 615.313.9000
f 615.313.9965

March 6, 2014

Mark P. Chalos
Partner
mchalos@lchb.com

**VIA E-MAIL**

Chris Tardio
Matthew H. Cline
GIDEON, COOPER & ESSARY, PLC
315 Deaderick St, Suite 1100
Nashville, TN 37238
matt@gideoncooper.com
chris@gideoncooper.com

Yvonne Puig
FULLBRIGHT & JAWORSKI LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
yvonne.puig@nortonrosefulbright.com

Marcy Greer
ALEXANDER DUBOSE JEFFERSON
 & TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
mgreer@adjtlaw.com

    RE: *In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL No. 2419

Dear Counsel:

   I am writing to confer with you regarding the outstanding motions to dismiss filed by your clients, in specific, the motions to dismiss for alleged failures to comply with the pre-filing notice requirements of Tenn. Code Ann. § 29-26-101 *et seq*. (Dkt. Nos. 770, 898, 925, 779, 780).

   As you know, Judge Saylor expressed his intention that case-specific motions to dismiss should be "put on hold" and that he only intended to decide issues that were "global" in the sense that they applied to "100 cases or 50 cases or 25 cases." Transcript of Status Hearing, December 13, 2013 at p. 23.

Chris Tardio
March 6, 2014
Page 2

      After reviewing your motions and supporting materials in detail, and conferring with a number of Tennessee lawyers who represent the clients specifically listed in your papers, it is our view that the motions to dismiss on notice issues largely raise case-specific issues that are not truly "global," and will instead require specific inquiries into the factual circumstances of each alleged deficiency. The motions will also require the Court to undertake a case-specific analysis of whether each plaintiff substantially complied with the applicable statutes. For example, your clients have claimed that, in several cases, the medical authorizations provided by Plaintiffs were not compliant with HIPAA's requirements. It appears, however, that your clients presented those authorizations to other providers as being "HIPAA-compliant" and, in some instances, actually received the requested medical records. Another example of the case-specific inquiry raised by the motions is where your clients are complaining about a HIPPA authorization for a client named "Bobby" where the client signed the authorization "Bob." Resolution of the motions with respect to those cases would potentially require the Court to examine the case-specific occurrences and documents, which would cause an unnecessary expenditure of resources and would not move the litigation forward in any meaningful way.

      To the extent the notice motions raise broader issues, for example whether it is permissible to file a products liability claim without complying with the pre-filing notice requirements of the Tennessee Healthcare Liability Act specifically for those claims, those issues have been raised by, and would be decided in the context of, your clients' other motions to dismiss (Dkt. Nos. 771, 772, 893, and 894).

      From a bigger picture view, even if the Court were to grant Defendants' motions to dismiss on notice grounds, there would still be claims remaining against your clients. In other words, deciding the motions would not allow any of your clients to escape accountability entirely at this point.

      Accordingly, Plaintiffs propose that the Tennessee Defendants' Motion to Dismiss the Plaintiffs' Complaints for Failure to Comply with Tennessee Code Annotated Section 29-26-121 (Dkt. No. 770) and the Motion to Dismiss for Failure to Comply with Tennessee Healthcare Liability Act (Dkt. No. 779) be held in abeyance and the March 28, 2014, deadline for responses to these motions be postponed until such time as the cases listed therein are selected for inclusion in the bellwether trial candidate pool. In the meantime, the deadline for responding to your clients' other motions to dismiss (Dkt. Nos. 771 and 893) would remain March 28, 2014, and the Court would proceed in its discretion with respect to those motions. Likewise, the Tennessee Defendants' Motion for Summary Judgment (Dkt. 774) would also proceed apace, subject to the Plaintiffs' previously-filed Rule 56(d) motion.

      We believe this proposal is consistent with Federal Rule of Civil Procedure 1 (The rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."), the intention of the Tennessee Healthcare Liability Act, and the Court's expressed intent regarding efficient case management.

Chris Tardio
March 6, 2014
Page 3

      If you would like to discuss this proposal by telephone, we will make ourselves available to do so at a mutually convenient time before the March 13, 2014 status conference. We intend to raise this with the Court at the status conference.

      Sincerely,

      Mark P. Chalos

MPC/wp

cc:   J. Gerard Stranch, IV (gerards@branstetterlaw.com)
      Daniel Clayton (dclayton@kcbattys.com)
      George Nolan (gnolan@leaderbulso.com)
      Thomas Sobol (tom@hbsslaw.com)

1164009.1