LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, LLC
3131 Princeton Pike, Building 1B
Trenton, New Jersey 08648
(609) 896-2000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | Document Electronically Filed<br><br>MDL No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO:<br>*Ramos v. New England Compounding Pharmacy, Inc. et al.*, Docket No. 13-cv-10410 | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT, Dr. BHAGAT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO SERVE
A PROPER AFFIDAVIT OF MERIT**

On the Brief:

Michael A. Pattanite, Jr., Esq.

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ............................................................................................................... ii

RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS ......................................................... 1

LEGAL ARGUMENT .................................................................................................................... 2

    I.    PLAINTIFF'S CLAIM MUST BE DISMISSED WITH PREJUDICE IN ACCORDANCE WITH THE STATUTE, AS PLAINTIFF HAS FAILED TO SERVE A PROPER AFFIDAVIT OF MERIT ................................................ 2

CONCLUSION ............................................................................................................................... 4

## TABLE OF CITATIONS

**I.   CASES CITED**

Cornblatt, P.A. v. Barow,
153 N.J. 218, 708 A.2d 401(1998)..................................4

Nicholas v. Mynster,
213 N.J. 463, 64 A.3d 536 (2013).............................…2

**II.   STATUTES CITED**

N.J.S.A. 2A:53A-27...................................................………

N.J.S.A. 2A:53A-41.............................................

## RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

In the original motion, the Defendant, Nitesh Bhagat, M.D., acknowledged that this was a renewal of his original motion to dismiss on the basis that the Plaintiff has ignored the requirements of the Affidavit of Merit Statute as it relates to qualifications of the affiant. In opposition, Plaintiff does not argue that he has met the specific requirements of the Affidavit of Merit statute. The failure to make this argument speaks volumes. This failure should be dispositive on Defendant's motion. There is no defense to Plaintiff's failure.

Plaintiff has asserted that the instant motion is moot because Dr. Bhagat is not a defendant in the matter. However, Plaintiff would not execute a stipulation of dismissal as to Dr. Bhagat, because Plaintiff has taken the position that Dr. Bhagat should remain in this matter as a dismissed party who can be brought back into the litigation if discovery produces any information that would give rise to a valid cause of action. This position is completely opposite to the law governing the Affidavit of Merit. Plaintiff's opposition to the motion for summary judgment regarding their need for discovery is not a valid reason to neglect their responsibilities under the Affidavit of Merit Statute.

For the reasons set forth more fully below, the Defendant, Nitesh Bhagat, M.D.'s Motion for to Dismiss for failure to serve a proper affidavit of merit must be granted as a matter of law.

## LEGAL ARGUMENT

### I. Plaintiff's claim must be dismissed with prejudice in accordance with the statute, as plaintiff has failed to provide a proper Affidavit of Merit.

At the outset it must be noted that the Plaintiff has not argued that he has provided a valid affidavit of merit against Dr. Bhagat. This is due to the fact that Plaintiff has not provided an affidavit from an equivalently credentialed physician as Dr. Bhagat. Nicholas v. Mynster, 213 N.J. 463, 64 A.3d 536 (2013). Plaintiff clearly was aware of their obligation under the statute, as the Plaintiff served an Affidavit of Merit from a physician, however that physician was not equivalently qualified as Dr. Bhagat. This reason serves as a valid basis to dismiss Plaintiff's complaint with prejudice. There is no defense to Plaintiff's failure.

In opposition to the Defendant's motion, the Plaintiff has argued that the matter is moot because the Defendant is not named in the short form complaint. The Defendant agrees that he is not named in the short form complaint, but further asserts that this fact does not prevent the dismissal of this matter with prejudice as to Dr. Bhagat. Plaintiff takes the position that because the statute of limitations has not run, Plaintiff should be allowed to keep Dr. Bhagat in the amorphous area of being a dismissed party that is subject to being named a Defendant should discovery produce reason to include him in the short form complaint. Plaintiff has cited to no authority whatsoever to support this position.

The PSC has previously taken the position that the failure to include a physician in the short form complaint is not dispositive because the Master Complaint plead a cause of action against the physician therefore making that physician a defendant in the matter. See generally MDL DKT. No. 980. Plaintiff here has expressly argued that Dr. Bhagat is no longer a defendant in this matter because he is not named in the short form complaint. However, the Master

Complaint names Dr. Bhagat as a Defendant in the matter. The Plaintiffs cannot argue both ways on this issue. Dr. Bhagat is a Defendant in this matter because he is named in the Master Complaint, and pursuant to New Jersey Law, Plaintiff is required to serve a proper Affidavit of Merit against Dr. Bhagat. New Jersey Statutes and Case Law make clear that Plaintiff's failure to do so results in a dismissal with prejudice as to Dr. Bhagat. Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 276 A.2d 377 (1998).

It appears that Plaintiff is attempting to subvert the requirements of the Affidavit of Merit Statute in order to keep Dr. Bhagat available as a defendant. This position is directly opposite to the governing case law that states where Plaintiff has not filed a proper affidavit of merit, he has failed to state a cause of action and a dismissal under the Statute, with prejudice, is mandated. Id. Again, it is clear that the statute and applicable case law mandates a dismissal with prejudice. Id.

Defendant is not aware of any case law that would allow Plaintiff to have Dr. Bhagat dismissed from the matter without prejudice, subject to being renamed in the matter if Plaintiff can find information that would expose Dr. Bhagat to potential liability. This is likely due to Plaintiff's apparent misunderstanding of his obligations under the Affidavit of Merit statute. Upon the filing of the Defendant's answer, Plaintiff has 60 days to investigate the matter and serve an affidavit of merit. N.J.S.A. 2A:53A-27. Plaintiff can seek an additional 60-day period in order to obtain such an affidavit. Id. However, after the 120-day time period has expired and a proper affidavit has not been served, there is no statutory provision that allows Plaintiff to continually investigate as to whether a claim exists against a physician defendant. Furthermore, Plaintiff has not provided any authority to support this position. Without support for this position

that is contrary to the very language of the statute, Plaintiff's complaint must be dismissed as a matter of law.

Finally, Plaintiff has argued that he will be prejudiced if Dr. Bhagat is dismissed from this case with prejudice. It must be highlighted to this Court that prejudice to the Plaintiff is not part of an Affidavit of Merit analysis. The analysis, expressly stated by statute, is whether within the statutory time period, Plaintiff has served an Affidavit of Merit from an equivalently credentialed physician as the physician Defendant. N.J.S.A. 2A:53A-27; N.J.S.A. 2A:53A-41. Prejudice simply is not a factor in this analysis, and does not serve as a basis to deny the Defendant's motion. Accordingly, the Defendant's motion to dismiss must be granted as a matter of law.

## CONCLUSION

The plaintiff in this case did not serve a proper Affidavit of Merit as to this defendant. Therefore, Defendant, **Nitesh Bhagat, M.D.** is entitled to the statutory protection of the Affidavit of Merit Statute, and plaintiff's Complaint should be dismissed as to him, with prejudice, as a matter of law. For all the foregoing reasons, it is respectfully submitted that the defendant's Motion should be granted.

LENOX, SOCEY, FORMIDONI, GIORDANO,
COOLEY, LANG & CASEY, LLC
Attorneys for Defendant, **Nitesh Bhagat, M.D.**

_____
Michael A. Pattanite, Jr., Esquire

DATED: **June 10, 2014**