UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| ALL ACTIONS | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR ENTRY OF CASE MANAGEMENT ORDER

The Plaintiffs' Steering Committee ("PSC"), by Lead Counsel, asks this Court to enter an order (1) granting all Virginia plaintiffs access to all documents and things (including, but not limited to, answers, cross-claims, answers to interrogatories, responses to requests for admission, responses to request for production, and deposition testimony)[1] previously served, prepared, produced, and/or given by, for, or on behalf of defendants Insight Health Corp., Image Guided Pain Management, John Mathis, M.D., and/or Robert O'Brien, M.D., as well as circuit court opinions and orders, in the cases styled *Sharon G. Wingate, Executor of the Estate of Douglas Gray Wingate, deceased v. Insight Health Corp., et al.* and *Chance E. Baker v. Insight Health Corp.*, (2) incorporating all such documents and things in all other cases in the MDL involving a Virginia plaintiff, and (3) allowing all such documents and things to be used in all other cases in the MDL involving a Virginia plaintiff to the same extent as if served, prepared, produced, given, rendered, and/or entered in each such other case.

All Virginia plaintiffs, and defendants Image Guided Pain Management, John Mathis, M.D., and Robert O'Brien, M.D. support this motion.

In support thereof, the PSC states the following:

---

[1] See Exhibit A attached hereto for a listing of some such documents and things.

## Introduction

In order to promote the efficiencies that are the primary objective of consolidation of cases into this MDL, Lead Counsel and the PSC seek to obtain for all Virginia plaintiffs (1) unfettered access to all documents and things (including, but not limited to, answers, cross-claims, answers to interrogatories, responses to requests for admission, responses to request for production, and deposition testimony) previously served, prepared, produced, and/or given by, for, or on behalf of defendants Insight Health Corp., Image Guided Pain Management, John Mathis, M.D., and/or Robert O'Brien, M.D., as well as circuit court opinions and orders, in the cases styled *Sharon G. Wingate, Executor of the Estate of Douglas Gray Wingate, deceased v. Insight Health Corp., et al.* and *Chance E. Baker v. Insight Health Corp.*, (2) incorporation of all such documents and things in all other cases in the MDL involving a Virginia plaintiff, and (3) allowing all such documents and things to be used in all other cases in the MDL involving a Virginia plaintiff to the same extent as if served, prepared, produced, given, rendered, and/or entered in each such other case.

These defendants are in virtually every case originating from the Commonwealth of Virginia, and face allegations of battery, fraud, negligence, negligence per se, violations of consumer protection laws, and/or willful and wanton conduct. In the *Wingate* and *Baker* cases against these defendants, over 20 depositions were taken, immense volumes of documents were produced, and countless responses to interrogatories, requests for production, and requests for admission were served. Much of this information remains subject to state court protective orders prohibiting the sharing of this important information with other Virginia plaintiffs. Now that all of the plaintiffs in the Virginia cases, and these defendants, are in preliminary discussions to establish procedures for the conduct of a state-wide Virginia mediation, all Virginia plaintiffs

should be given full access to and the ability to use the documents and things previously identified.

## Statement of Facts

On December 27, 2012, counsel for Sharon G. Wingate, Executor of the Estate of Douglas Gray Wingate, deceased, filed an action for death by wrongful act against defendants Insight Health Corp. ("Insight"), Image Guided Pain Management, P.C. and Drs. John M. Mathis and Robert F. O'Brien, in Roanoke City Circuit Court in Roanoke, Virginia ("Circuit Court"). On April 5, 2013 the Circuit Court entered a Protective Order identifying categories of "Protected Discovery Material" including, *inter alia*, internal policies, procedures and protocols, trade secrets and other confidential research, development and commercial information ("Protective Order"). In its Protective Order the Circuit Court restricted access to all information identified as Protected Discovery Material, including portions of deposition transcripts, documents produced pursuant to requests for production, and responses to interrogatories and requests for admission.

Litigation in *Wingate* proceeded rapidly and extensive discovery was conducted including 19 depositions and innumerable requests for production, interrogatories, and requests for admission. A substantial portion of the information disclosed by the defendants pursuant to the plaintiff's discovery requests and in depositions was identified as Protected Discovery Material, and is therefore subject to the restrictions set forth in the Protective Order.

On January 24, 2014 the parties in *Wingate* resolved the case, and on March 13, 2014 a final order was entered approving the settlement and dismissing the case.

In a similar fashion, in the case *Chance E. Baker v. Insight Health Corp., et al.*, also originating in the Roanoke City Circuit Court, extensive discovery was taken from the

defendants including many depositions, document production, answers to interrogatories, and responses to requests for admission. A protective order similar to that entered in *Wingate* applies in *Baker* (collectively, the "Circuit Court Protective Orders"). True and complete copies of the Circuit Court Protective Orders are attached hereto as Exhibit B.

There are cases originating from the Commonwealth of Virginia on behalf of an additional approximately 151 individual plaintiffs, all of whom have stated that they received injections of contaminated methylprednisolone acetate at Insight Image-Roanoke in Roanoke, Virginia, and all of whom have asserted causes of action against one or more of the defendants (the "Virginia Insight Cases").[2] All of the Virginia cases raise allegations against one or more of the defendants inclusive of those raised in *Wingate* and *Baker*. Information that was discoverable and produced by the defendants in *Wingate* and *Baker,* including the Protected Discovery Material, is discoverable and usable by the plaintiffs in the remaining 152[3] cases against them.

The parties to all the Virginia cases, including the defendants and the plaintiffs, as well as Lead Counsel, are currently engaged in preliminary discussions for the purpose of planning a mediation that will, the parties hope, resolve all allegations by Virginia plaintiffs of wrongdoing by one or more of the defendants.

The PSC believes the contemplated mediation of the Virginia cases is in the best interests of the parties involved, and that disclosure of and the ability to use all the Protected Discovery Material is an essential step in promoting the success of any mediation.

---

[2] The other 151 Virginia Insight Complaints are currently pending in three different courts, including this MDL Court, the United States District Court for the Western District of Virginia and Roanoke City Circuit Court. This Court has published its Memorandum Decision (MDL Doc. No. 1131) and entered its Order (MDL Doc. No. 1173) addressing the status of those cases currently pending in the latter two courts.
[3] As indicated, *Wingate* has been dismissed. *Baker* is still pending, and there are approximately 151 additional plaintiffs with cases against Insight in Virginia.

## Argument and Authority

1. <u>Lead Counsel and the PSC are charged by this Court with responsibility for ensuring the efficient conduct of discovery.</u>

In MDL Order No. 2 the Court appointed Lead Counsel and the PSC to, *inter alia*, coordinate discovery in order to avoid duplication, including by minimizing the number of depositions taken of each witness.[4]

2. <u>Allowing access to documents and things from the defendants in *Wingate* and *Baker* will promote the primary objective driving consolidation of cases in this MDL.</u>

The purpose of consolidating cases into an MDL is to avoid "piecemeal litigation".[5] One of the best tools for eliminating piecemeal litigation is to allow the centralization and coordination of discovery.  For this purpose the statute creating the Judicial Panel on Multidistrict Litigation ("JPML") specifically authorizes this (transferee) Court to preside over discovery.[6]  In further support for consolidating discovery efforts, the JPML has cited the Manual for Complex Litigation for its recommendation that transferee courts such as this one allow previously taken discovery to be used by all parties.[7]  When the circumstances are appropriate the Manual recommends (i) that "answers to interrogatories should generally be made available to other litigants, . . .";[8] (ii) limiting repetitive depositions to promote efficiency;[9] (iii) providing counsel in other cases with access to relevant confidential materials covered by protective orders;[10] (iv) avoiding reopening discovery that has already been

---

[4] Doc. 82, pp. 4, 6.
[5] *In re Food Lion, Inc., Fair Labor Standards Act Effective Scheduling Litigation*, 73 F.3d 528, 532 (4th Cir. 1996).
[6] 28 U.S.C. § 1407.  *See, e.g., In re Airport Car Rental Antitrust Litigation*, 448 F. Supp. 273, 275 (J.P.M.L. 1978); *In re Equity Funding Corp. of America Securities Litigation*, 375 F. Supp. 1378, 1386 (J.P.M.L. 1973) citing *Manual for Complex Litigation*,  pt. 1, § 2.31 (rev. ed. 1973).
[7] *See In re Motion Picture Licensing Antitrust Litigation*, 479 F. Supp. 581, 582 (J.P.M.L. 1979); David F. Herr, Annotated Manual for Complex Litigation 4th, §§ 21.1 (West 2013 ed.).
[8] Herr, § 22.83.
[9] Herr, § 22.84.
[10] *Id.*

competently conducted;[11] and (v) "vacating any protective orders issued in individual cases

before their consolidation and taking other actions to promote access to materials from other

litigation".[12]

      3.    <u>Any documents and things from the defendants will be subject to this Court's</u>
<u>previously entered Third Amended Protective Order of Confidentiality</u>.

     On January 27, 2014 this Court entered its Third Amended Protective Order of

Confidentiality, pursuant to which certain protections of confidentiality are afforded to

information identified by any party as "Confidential Discovery Material" (the "MDL Court

Protective Order"). [13] The protections afforded Confidential Discovery Material in the MDL

Court Protective Order are similar in degree of protection as those provided in the Circuit Court

Protective Orders, if not more protective.  The defendants, as well as the Virginia plaintiffs, will

have the opportunity to identify any documents and things disclosed pursuant to this motion as

Confidential Discovery Material.

## Conclusion

     The documents and things currently under the protection of the Circuit Court Protective

Orders should be made available to all Virginia plaintiffs in order to further a primary function of

this MDL, avoiding piecemeal litigation.  Incorporation of and the ability to use such documents

and things in all other cases in the MDL involving a Virginia plaintiff to the same extent as if as

if served, prepared, produced, given, rendered, and/or entered in each such other case, will also

enhance the efficiency of this MDL, preserve resources and reduce expenses in this case, in

which assets available to meet the demands of injured and surviving plaintiffs are scarce.

---

[11] *Id.*
[12] *Id.*
[13] Doc. 814.

WHEREFORE, Lead Counsel and the Plaintiffs' Steering Committee hereby move the

Court for entry of the case management order attached to the motion.

Dated: June 11, 2014

RESPECTFULLY SUBMITTED,

**/s/ Patrick T. Fennell**
Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*


Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW

18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

<u>**CERTIFICATE OF SERVICE**</u>

I, Patrick T. Fennell, hereby certify that I caused a copy of the above *Memorandum in Support of Plaintiffs' Steering Committee's Motion for Entry of Case Management Order* to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system, and notice of this filing will be sent to those parties by operation of the Court's CM/ECF system.

Dated: June 11, 2014                                   /s/Patrick T. Fennell
                                                      Patrick T. Fennell, VSB 40393