# Exhibit B

## Circuit Court Protective Orders

4-5
3

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

SHARON G. WINGATE, Executor of the )
Estate of Douglas Gray Wingate, Deceased, )
                                               )
     Plaintiff )
                                               )
v. )      **Case No. CL 12-2547**
                                             )
INSIGHT HEALTH CORP., )
                                             )
     Defendant/Cross-Claim Defendant )
                                             )
v. )
                                             )
JOHN M. MATHIS, M.D., ROBERT F. )
O'BRIEN, M.D., AND IMAGE GUIDED )
PAIN MANAGEMENT, P.C., )
                                             )
     Defendants/Cross-Claim Plaintiffs )

## PROTECTIVE ORDER

       The Parties to this matter, by and through their attorneys, stipulate and agree to the entry of the Protective Order set forth below.

       Pursuant to the foregoing stipulation and pursuant to Rule 4:1(c) of the Rules of the Supreme Court of Virginia, and good cause appearing as to the parties' concern that certain information sought in discovery and for preparation of the trials of the Meningitis Litigations may be confidential or proprietary, requiring protection:

### IT IS HEREBY ORDERED

that all parties to the Meningitis Litigations, through their undersigned counsel, shall be subject to this Protective Order as it relates to certain documents being produced now or in the future by the parties or others.  This Protective Order is issued pursuant to the following terms:



1

1.     As used herein "Protected Discovery Material" means documents, electronically stored information and tangible materials which contend, constitute, contain or depict protected healthcare information; personnel files; internal policies, procedures and protocols; and trade secrets or other confidential research, development, or commercial information as contemplated by Rule 4:1(c)(7) and any documents that the Court determines should be produced pursuant to the terms of a Protective Order, whether produced pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, subpoena, by agreement or otherwise.   The party claiming a document is Protected Discovery Material pursuant to Rule 4:1(c)(7) must make a good faith determination that the material is, in fact, a trade secret or other confidential research, development or commercial information the dissemination of which would significantly damage the party's business.

With regard to the Plaintiff, "Protected Discovery Material" may also include information of a personal or business nature deemed by the Plaintiff, in good faith, to be confidential (e.g., tax returns, autopsy photographs, etc.).   The parties shall not designate as Protected Discovery Material any advertising material or materials that have been published or made available to the general public.

"Protected Discovery Material" includes interrogatory answers, responses to requests for admission, deposition transcript and exhibits, pleadings, motions, affidavits and briefs or other legal documents that quote, summarize or contain information from the documents designated "Protected Discovery Material".

2.     "Protected Discovery Material" may be used solely for the purpose of prosecuting or defending this action and other actions on which counsel for the Plaintiff



heretofore have been retained to pursue the same legal claims and substantially similar factual claims presented in this action against the same parties hereto with the same defense counsel (herein referenced collectively as "the Meningitis Litigations"), but not for any other purpose whatsoever.

3.    All "Protected Discovery Material" whether originals or copies shall be stamped with the words "PROTECTED DISCOVERY MATERIAL" and in a manner that brings its attention to a reasonable examiner.

4.    Stamped "Protected Discovery Material" and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain protected and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of the Meningitis Litigations or their appeal, except with prior written consent of Defendants or as hereinafter provided under this Order.

5.    Portions of deposition transcripts containing Protected Discovery Material may be designated as subject to this Protective Order either on the record during the deposition, within 10 days following receipt of the official transcripts of the deposition, or within 10 days from the date of this Order, whichever is later, by providing written notice to the reporter and all counsel of record of the specific pages and lines that contain Protected Discovery Material.  In the event that any "Protected Discovery Material" is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with the Court Clerk, such "Protected Discovery Material" shall be filed under seal in an envelope marked "Protected Discovery Material."

3



6.  ·  Except with the prior written consent of Defendants, or pursuant to further order of the Court, "Protected Discovery Material" may not be shown, disclosed, divulged, revealed, transmitted, described or otherwise communicated to any person other than the following (hereinafter designated as "Qualified Persons") who shall be required to maintain the confidentiality of the Protected Discovery Material:

(a)    Counsel of record for the parties to the Meningitis Litigations who are actively engaged in the conduct of the Meningitis Litigations.

(b)    Partners, associates, secretaries, paralegals, assistants and employees of counsel of record for the parties.

(c)    Parties to the Meningitis Litigations and any corporate parties' directors, officers, employees, former employees, third party claims administrators and agents to the extent reasonably necessary in preparing to testify or assisting counsel in the Meningitis Litigations or in resolving or evaluating the Meningitis Litigations.

(d)    Court officials involved in the Meningitis Litigations including court reporters and persons operating video recording equipment.

(e)    To the extent permitted by the laws of the Commonwealth of Virginia, the Parties' testifying opinion witnesses or non-testifying consultants employed, retained, or otherwise consulted with or on behalf of any Party, but only to the extent such access to protected documents is provided for the purpose of permitting or assisting the testifying opinion witness or consultant to analyze information, conduct studies, formulate or render opinions or otherwise assist in this case and to the extent that such witness



or consultant signs the attached Protected Discovery Material Agreement. Defendants do not authorize the use of internal policies, procedures and protocols for standard of care opinions;

(f)    Persons noticed for deposition, witnesses the plaintiff is considering for trial testimony, and anticipated trial witnesses, to the extent reasonably necessary in preparing to testify or in determining whether the person will testify and provided that in all such cases the individual to whom disclosure is to be made during preparation for testimony has been informed of the confidential nature of the document production in this case and signs the attached Protected Discovery Material Agreement.

(g)    The Court, the jury and any person designated by the Court upon such terms as the Court may deem proper.

7.    Jurisdiction of the Meningitis Litigations is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate, including use of internal policies, procedures and protocols for standard of care opinions.

8.    If at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross examination any "Protected Discovery Material", whether as part of a document or deposition testimony, it shall not lose its protected status through such use, and the parties shall take all steps reasonably required to preserve its protected discovery material status during such use. Nothing in this Protective Order shall limit



any party in the introduction of Protected Discovery Material into evidence. The determination of how material designated as Protected Discovery Material shall be used at the trial or any hearing in the Meningitis Litigations, if any, is not made at this time. Rather, any such determination will be made prior to or at the hearing or trial.

9.       If a party believes any designation of any material as "Protected Discovery Material" is not warranted, counsel will notify the producing party's counsel in writing and shall specifically identify the challenged documents. Any such challenge must be made no later than thirty (30) days after counsel's receipt of the materials in question. Within twenty (20) days after any such written notice, counsel for the parties shall meet and confer by person or by telephone about the challenge and make a good faith effort to formally resolve the challenge. If counsel are unsuccessful in attempting to informally resolve the challenge, no later than thirty (30) days after the receipt of written notice, the producing party shall file a Motion for Protective Order pursuant to Rule 4:1(c) for the purpose of determining whether the challenged documents are entitled to the protection of this Order. Any document designated as "Protected Discovery Material" shall remain protected by this Order until the Court enters a ruling on a Motion for Protective Order filed pursuant to this paragraph. If no Motion for Protective Order is filed within thirty (30) days after the written notice, pursuant to this paragraph, the documents challenged in the written notice shall no longer be protected by this Order. Notwithstanding the procedures set forth herein, the parties are not precluded from challenging the Protected Discovery Material designations if they discover that materials have been improperly designated as Protected Discovery Material outside the timeframes set forth in this paragraph. The burden of proving that a document designated as Protected Discovery



Material contains proprietary or confidential information is on the party seeking protection of this Order.

10.     If a party inadvertently or unintentionally produces "Protected Discovery Material" without it being stamped "Protected Discovery Material," the party, upon discovery, shall give notice in writing to the receiving party or person of the inadvertent omission of the stamp and thereafter the receiving party or person shall treat the document as "Protected Discovery Material." Such inadvertent or unintentional disclosures shall not be deemed a waiver in whole or part of the "Protected Discovery Material" status of the document.

11.     The attorneys of record are responsible for employing reasonable measures to control duplication of, access to and distribution of "Protected Discovery Material," including abstracts and summaries and shall keep track of the "Protected Discovery Material" they distribute.

12.     This Protective Order shall be entered in the Meningitis Litigations. Within 60 days after final conclusion of all aspects of all of the Meningitis Litigations, including all appeals, counsel for the producing party may request that the Protected Discovery Material, including all disseminated copies, either be destroyed or returned to the party or person who produced such documents.   The Parties shall reasonably accommodate any such request.  This may include "Protected Discovery Material" or information from the "Protected Discovery Material" entered into summaries, notes, memoranda and computer databases shall be destroyed.  However, no party or counsel shall be required to turn over to any other party its attorney work product, attorney/client communication, and/or trial strategy materials nor shall counsel be required to purge its

7



files of materials reasonably necessary to be preserved in the ordinary course of the attorney's business and file retention policies.

13. Nothing in this Order shall prohibit a party from seeking admission of "Protected Discovery Material" to the extent that it is admissible or from asserting any privilege or objection to its admission, or to prohibit any party from seeking such further provisions or relief, as it deems necessary or desirable, regarding this Order or the matter of protecting the "Protected Discovery Material."

14. Additional protective orders may be entered whenever deemed appropriate and necessary, by agreement or application of the parties and order of the Court. This Protective Order is not, and shall not be construed as, a determination of what other documents, or categories of documents, requested or produced in the Meningitis Litigations, other than those identified herein, should be subject to confidentiality protection. Nothing in this order shall prevent any party from applying to the Court for a protective order to preserve the confidentiality of any other documents.

15. If protected material in the possession or control of any party in the this case is subpoenaed, requested or demanded in another action or proceeding which is not one of the Meningitis Litigations, the party in possession or control of the protected material shall give written notice of such subpoena, request or demand to all parties in the action within ten (10) days of the party's receipt of such subpoena, request or demand. Any party in this case shall have ten (10) days to move to quash or limit the information subpoenaed or requested. At the expiration of the ten (10) day period without the entry of a Court Order, or a motion seeking such an Order, the party in the possession or



control of the protected materials shall be permitted to respond to any such subpoena, request or demand.

16.    Nothing in this Protective Order shall be deemed or construed as a waiver, overruling, or abrogation of confidentiality protections otherwise provided by statute, regulation, or other state or federal law.

17.    The parties are aware that designating documents as Protected Discovery Material causes substantial extra burden to eh non-designating party,  For this reason, if a dispute as to such designation is unresolved and requires judicial review and decision, the party opposing the designation may request an award of reasonable attorney's fees and costs associated with a successful motion to remove such designation.

The Clerk of the Court is directed to send certified copies of this Order to counsel of record.

ENTER this _5 _7th_ day of ~~March~~ _April_ 2013.

_____
CIRCUIT COURT JUDGE

RESPECTFULLY REQUESTED:

_____
J. Scott Sexton (VSB No. 29284)
Anthony M. Russell (VSB No. 44505)
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, Suite 800
P.O. Box 40013
Roanoke, Virginia 24022
540-983-9300
Facsimile 540-983-9400
*Counsel for Plaintiff*

A COPY TESTE BRENDA S. HAMILTON, CLERK
By_____
Deputy Clerk

9

John T. Jessee (VSB #18745)
Nancy F. Reynolds (VSB #38236)
LeClairRyan, A Professional Corporation
1800 Wells Fargo, Drawer 1200
Roanoke, Virginia 24006
(540) 510-3000 telephone
(540) 510-3050 facsimile
*Counsel for John M. Mathis, M.D.,*
*Robert F. O'Brien, and Image Guided*
*Pain Management, P.C.*

Christopher E. Hassell (VSB No. 30469)
Brian J. Gerling (VSB No. 75817)
Clinton R. Shaw, Jr. (VSB No. 37498)
Bonner Kiernan Trebach & Crociata
1233 20th Street, NW, 8th Floor
Washington, DC 20036
202-712-7000
Facsimile 292-712-7100
*Counsel for Insight Health Corp.*

## PROTECTED DISCOVERY MATERIAL AGREEMENT

I have read the Stipulated Protective Order attached to this Protected Discovery Material Agreement and, by my signature below, I agree to be bound by its terms and I consent to the jurisdiction of the Circuit Court of the City of Roanoke, Virginia over my person for any proceedings involving alleged improper disclosure of documents or materials protected by this Stipulated Protective Order.

_____
Signature

_____
Typed or Printed name

_____
Date

_____
Witness Signature

_____
Typed or Printed Name

_____
Date



11

CIRCUIT COURT
Received Order From

WDB ☐           CRW ☐
JMA ☐           CND ☑

On   MAY 3 0 2013

By _____
           Deputy Clerk
        City of Roanoke

*Order was filed away until 5/30/13*

Regarding the decree or order to which
this stamp is affixed. I certify that on
_____May 30_____, 20 _13_
I delivered a certified copy to:
J. Sexton, N. Reynolds, C. Shaw
_____
Deputy Clerk Circuit Court, City of Roanoke

8-8
3

VIRGINIA

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | | |
|---|---|---|
| CHANCE EVERETT BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CL13-451 |
| | ) | |
| IMAGE GUIDED PAIN MANAGEMENT, P.C., | ) | |
| INSIGHT HEALTH SERVICES CORP., | ) | |
| INSIGHT HEALTH CORP., | ) | |
| INSIGHT HEALTH SERVICES HOLDING | ) | |
| CORP., AND ROBERT O'BRIEN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

The Parties to this matter, by and through their attorneys, stipulate and agree to the entry of the Protective Order set forth below.

Pursuant to the foregoing stipulation and pursuant to Rule 4:1(c) of the Rules of the Supreme Court of Virginia, and good cause appearing as to the parties' concern that certain information sought in discovery and for preparation of the trials of the Meningitis Litigations may be confidential or proprietary, requiring protection:

### IT IS HEREBY ORDERED

that all parties to the Meningitis Litigations, through their undersigned counsel, shall be subject to this Protective Order as it relates to certain documents being produced now or in the future by the parties or others.  This Protective Order is issued pursuant to the following terms:

1. As used herein "Protected Discovery Material" means documents, electronically stored information and tangible materials which contend, constitute,

contain or depict protected healthcare information; personnel files; internal policies, procedures and protocols; and trade secrets or other confidential research, development, or commercial information as contemplated by Rule 4:1(c)(7) and any documents that the Court determines should be produced pursuant to the terms of a Protective Order, whether produced pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, subpoena, by agreement or otherwise. The party claiming a document is Protected Discovery Material pursuant to Rule 4:1(c)(7) must make a good faith determination that the material is, in fact, a trade secret or other confidential research, development or commercial information the dissemination of which would significantly damage the party's business.

With regard to the Plaintiff, "Protected Discovery Material" may also include information of a personal or business nature deemed by the Plaintiff, in good faith, to be confidential (e.g., tax returns, autopsy photographs, etc.). The parties shall not designate as Protected Discovery Material any advertising material or materials that have been published or made available to the general public.

"Protected Discovery Material" includes interrogatory answers, responses to requests for admission, deposition transcript and exhibits, pleadings, motions, affidavits and briefs or other legal documents that quote, summarize or contain information from the documents designated "Protected Discovery Material".

2.    "Protected Discovery Material" may be used solely for the purpose of prosecuting or defending this action and other actions on which counsel for the Plaintiff heretofore have been retained to pursue the same legal claims and substantially similar factual claims presented in this action against the same parties hereto with the same



defense counsel (herein referenced collectively as "the Meningitis Litigations"), but not for any other purpose whatsoever.

3.    All "Protected Discovery Material" whether originals or copies shall be stamped with the words "PROTECTED DISCOVERY MATERIAL" and in a manner that brings its attention to a reasonable examiner.

4.    Stamped "Protected Discovery Material" and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain protected and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of the Meningitis Litigations or their appeal, except with prior written consent of Defendants or as hereinafter provided under this Order.

5.    Portions of deposition transcripts containing Protected Discovery Material may he designated as subject to this Protective Order either on the record during the deposition, within 10 days following receipt of the official transcripts of the deposition, or within 10 days from the date of this Order, whichever is later, by providing written notice to the reporter and all counsel of record of the specific pages and lines that contain Protected Discovery Material. In the event that any "Protected Discovery Material" is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with the Court Clerk, such "Protected Discovery Material" shall be filed under seal in an envelope marked "Protected Discovery Material."

6.    Except with the prior written consent of Defendants, or pursuant to further order of the Court, "Protected Discovery Material" may not be shown, disclosed,



divulged, revealed, transmitted, described or otherwise communicated to any person other than the following (hereinafter designated as "Qualified Persons") who shall be required to maintain the confidentiality of the Protected Discovery Material:

a) Counsel of record for the parties to the Meningitis Litigations who are actively engaged in the conduct of the Meningitis Litigations.

b) Partners, associates, secretaries, paralegals, assistants and employees of counsel of record for the parties.

c) Parties to the Meningitis Litigations and any corporate parties' directors, officers, employees, former employees, third party claims administrators and agents to the extent reasonably necessary in preparing to testify or assisting counsel in the Meningitis Litigations or in resolving or evaluating the Meningitis Litigations.

d) Court officials involved in the Meningitis Litigations including court reporters and persons operating video recording equipment.

e) To the extent permitted by the laws of the Commonwealth of Virginia, the Parties' testifying opinion witnesses or non-testifying consultants employed, retained, or otherwise consulted with or on behalf of any Party, but only to the extent such access to protected documents is provided for the purpose of permitting or assisting the testifying opinion witness or consultant to analyze information, conduct studies, formulate or render opinions or otherwise assist in this case and to the extent that such witness or consultant signs the attached Protected Discovery Material Agreement. Defendants do not authorize the use of internal policies, procedures and protocols for standard

4



of care opinions;

f) Persons noticed for deposition, witnesses the plaintiff is considering for trial testimony, and anticipated trial witnesses, to the extent reasonably necessary in preparing to testify or in determining whether the person will testify and provided that in all such cases the individual to whom disclosure is to be made during preparation for testimony has been informed of the confidential nature of the document production in this case and signs the attached Protected Discovery Material Agreement.

g) The Court, the jury and any person designated by the Court upon such terms as the Court may deem proper.

7. Jurisdiction of the Meningitis Litigations is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate, including use of internal policies, procedures and protocols for standard of care opinions.

8. If at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross examination any "Protected Discovery Material", whether as part of a document or deposition testimony, it shall not lose its protected status through such use, and the parties shall take all steps reasonably required to preserve its protected discovery material status during such use. Nothing in this Protective Order shall limit any party in the introduction of Protected Discovery Material into evidence. The determination of how material designated as Protected Discovery Material shall be

5



used at the trial or any hearing in the Meningitis Litigations, if any, is not made at this time. Rather, any such determination will be made prior to or at the hearing or trial.

9.     If a party believes any designation of any material as "Protected Discovery Material" is not warranted, counsel will notify the producing party's counsel in writing and shall specifically identify the challenged documents. Any such challenge must be made no later than thirty (30) days after counsel's receipt of the materials in question. Within twenty (20) days after any such written notice, counsel for the parties shall meet and confer by person or by telephone about the challenge and make a good faith effort to formally resolve the challenge. If counsel are unsuccessful in attempting to informally resolve the challenge, no later than thirty (30) days after the receipt of written notice, the producing party shall file a Motion for Protective Order pursuant to Rule 4:1(c) for the purpose of determining whether the challenged documents are entitled to the protection of this Order. Any document designated as "Protected Discovery Material" shall remain protected by this Order until the Court enters a ruling on a Motion for Protective Order filed pursuant to this paragraph. If no Motion for Protective Order is filed within thirty (30) days after the written notice, pursuant to this paragraph, the documents challenged in the written notice shall no longer be protected by this Order. Notwithstanding the procedures set forth herein, the parties are not precluded from challenging the Protected Discovery Material designations if they discover that materials have been improperly designated as Protected Discovery Material outside the timeframes set forth in this paragraph. The burden of proving that a document designated as Protected Discovery Material contains proprietary or confidential information is on the party seeking protection of this Order.



10.   If a party inadvertently or unintentionally produces "Protected Discovery Material" without it being stamped "Protected Discovery Material," the party, upon discovery, shall give notice in writing to the receiving party or person of the inadvertent omission of the stamp and thereafter the receiving party or person shall treat the document as "Protected Discovery Material." Such inadvertent or unintentional disclosures shall not be deemed a waiver in whole or part of the "Protected Discovery Material" status of the document.

11.   The attorneys of record are responsible for employing reasonable measures to control duplication of, access to and distribution of "Protected Discovery Material," including abstracts and summaries and shall keep track of the "Protected Discovery Material" they distribute.

12.   This Protective Order shall be entered in the Meningitis Litigations. Within 60 days after final conclusion of all aspects of all of the Meningitis Litigations, including all appeals, counsel for the producing party may request that the Protected Discovery Material, including all disseminated copies, either be destroyed or returned to the party or person who produced such documents.  The Parties shall reasonably accommodate any such request.  This may include "Protected Discovery Material" or information from the "Protected Discovery Material" entered into summaries, notes, memoranda and computer databases shall be destroyed.  However, no party or counsel shall be required to turn over to any other party its attorney work product, attorney/client communication, and/or trial strategy materials nor shall counsel be required to purge its files of materials reasonably necessary to be preserved in the ordinary course of the attorney's business and file retention policies.

7

13.   Nothing in this Order shall prohibit a party from seeking admission of "Protected Discovery Material" to the extent that it is admissible or from asserting any privilege or objection to its admission, or to prohibit any party from seeking such further provisions or relief, as it deems necessary or desirable, regarding this Order or the matter of protecting the "Protected Discovery Material."

14.   Additional protective orders may be entered whenever deemed appropriate and necessary, by agreement or application of the parties and order of the Court. This Protective Order is not, and shall not be construed as, a determination of what other documents, or categories of documents, requested or produced in the Meningitis Litigations, other than those identified herein, should be subject, to confidentiality protection. Nothing in this order shall prevent any party from applying to the Court for a protective order to preserve the confidentiality of any other documents.

15.   If protected material in the possession or control of any party in the this case is subpoenaed, requested or demanded in another action or proceeding which is not one of the Meningitis Litigations, the party in possession or control of the protected material shall give written notice of such subpoena, request or demand to all parties in the action within ten (10) days of the party's receipt of such subpoena, request or demand. Any party in this case shall have ten (10) days to move to quash or limit the information subpoenaed or requested. At the expiration of the ten (10) day period without the entry of a Court Order, or a motion seeking such an Order, the party in the possession or control of the protected materials shall be permitted to respond to any such subpoena, request or demand.

16.   Nothing in this Protective Order shall be deemed or construed as a waiver,



overruling, or abrogation of confidentiality protections otherwise provided by statute, regulation, or other state or federal law.

17.   The parties are aware that designating documents as Protected Discovery Material causes substantial extra burden to the non-designating party. For this reason, if a dispute as to such designation is unresolved and requires judicial review and decision, the party opposing the designation may request an award of reasonable attorney's fees and costs associated with a successful motion to remove such designation.

The Clerk of the Court is directed to send certified copies of this Order to counsel of record.

ENTERED this 8th day of August, 2013.

CIRCUIT COURT JUDGE

RESPECTFULLY REQUESTED:

Christopher E. Hassell, Esq. (VSB #30469)
Clinton R. Shaw, Jr., Esq. (VSB #37498)
Brian J. Gerling (VSB #75817)
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
Telephone: (202) 712-7000
Fax: (202) 712-7100
*Counsel for Defendants Insight Health Corp.,
Insight Health Services Corp., and Insight
Health Services Holding Corp.*

9

A COPY TESTE BRENDA L. HAMILTON, CLERK
By _____ Deputy Clerk

T. Daniel Frith III, Esq.
Frith & Ellerman Law Firm, P.C.
P.O. Box 8248
Roanoke, VA 24014
(540) 985-0098 telephone
(540) 985-9198 facsimile
*Counsel for Plaintiff*

John Lessee (VSB #18745)
Nancy F. Reynolds (VSB #38236)
LeClair Ryan, A Professional Corporation
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
(540) 510-3018 telephone
(540) 510-3050 facsimile
*Counsel for Robert F. O'Brien and*
*Image Guided Pain Management, P.C.*

CL13-451

## PROTECTED DISCOVERY MATERIAL AGREEMENT

I have read the Stipulated Protective Order attached to this Protected Discovery Material Agreement and, by my signature below, I agree to be bound by its terms and I consent to the jurisdiction of the Circuit Court of the City of Roanoke, Virginia over my person for any proceedings involving alleged improper disclosure of documents or materials protected by this Stipulated Protective Order.

_____
Signature

_____
Typed or Printed name

_____
Date

_____
Witness Signature

_____
Typed or Printed Name

_____
Date

11

