UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: <br>    All Cases | ) <br> ) <br> ) <br> ) MDL No. 1:13-md-2419-RWZ <br> ) <br> ) <br> ) <br> ) <br> ) |

**INSIGHT HEALTH CORP.'S REQUEST
FOR ENTRY OF SUPPLEMENTAL ORDER EFFECTUATING
THE TRANSFER OF ADDITIONAL PERSONAL INJURY TORT AND
WRONGFUL DEATH CASES TO THIS COURT PURSUANT TO 28 U.S.C. § 157(b)(5)**

Insight Health Corp. ("**Insight**"), by and through their undersigned counsel, respectfully requests that this Court enter a supplemental order transferring the cases listed on the attached Exhibit 1, pursuant to this Court's Memorandum of Decision, dated May 15, 2014 [MDL Doc. No. 1131] (the "**Decision**"), allowing the transfer of certain personal injury and wrongful death cases to MDL 2419.  In support of this request ("**Request**"), Insight states as follows:

**INTRODUCTION**

On May 15, 2014, this Court issued its Decision allowing the Trustee's Renewed and Supplemental Motion [MDL Doc. Nos. 732, 1119-1]  (the "**Supplemental Transfer Motion**") for entry of an order transferring to this Court 30 personal injury and wrongful death cases brought by 127 plaintiffs (the "**Virginia Plaintiffs**") against Insight and certain other defendants. On June 5, 2014, this Court issued an Order transferring 20 of those cases (the "**Virginia State Court Cases**") filed by the law firm of Gentry Locke Rakes & Moore LLP (18 cases) and the Frith & Ellerman Law Firm, PC (2 cases) in the Circuit Court for the City of Roanoke, Virginia [MDL Doc. No. 1173].

The Court's Decision requested that counsel inform the Court regarding any steps necessary to effectuate the transfer of cases pursuant to its Decision.  Accordingly, Insight submits the enclosed Proposed Supplemental Transfer Order to transfer to this Court all those pending cases affected by the Decision but not expressly transferred by the Court's June 5, 2014 order.

Specifically, Insight respectfully requests that the Court consider entering a supplemental order pursuant to the Decision transferring an additional ten (10) cases (the "**Virginia Removed Cases**") which were filed originally in the Circuit Court for the City of Roanoke but then removed to the U.S. District Court for the Western District of Virginia by third-party defendant, Ameridose LLC, as identified in Exhibit 1 attached to this Request.  Nine of the ten Virginia Removed Cases were subject to the Trustee's Supplemental Transfer Motion and this Court's Decision.[1]

Entry of an Order transferring the cases identified on Exhibit 1 to this Court will serve three important purposes.  First, it will serve the interests of efficiency by permitting a more timely transfer of the actions to this Court.[2]  Second, it is consistent with the Trustee's

---

[1]     Ameridose LLC removed these cases based upon related-to jurisdiction as an NECC Affiliate.  However, the fact that a separate and independent mechanism is available to effectuate the (eventual) transfer of the Virginia Removed Cases does not obviate this Court's ability to promptly effectuate the transfer of these cases pursuant to 28 U.S.C. § 157(b)(5), for the reasons set forth in the Decision.  Indeed, while a Conditional Transfer Order has been entered in each of these cases, the Judicial Panel on Multidistrict Litigation ("**JPMDL**") has not yet ruled on pending objections to the respective Conditional Transfer Orders in nine (9) of the ten (10) cases.  One case, *Chance E. Baker v. Alaunus Pharmaceutical, LLC, et al.*, Case No. 7:14-cv-00095-MFU, was transferred to MDL 2419 on June 4, 2014 by order entered by the JPMDL.  Because *Baker* already has been transferred by the JPMDL to MDL 2419, Insight does not request transfer of this case, only recognition by this Court via the Proposed Supplemental Order that related-to jurisdiction exists based upon the proofs of claim filed by Baker and Insight in NECC's bankruptcy.

[2] Third-party Defendant Ameridose removed the *Baker* case on March 11, 2014.  The JPMDL

(Continued…)

Supplemental Transfer Motion, which identified nine of the ten Virginia Federal Court Cases as subject to the Supplemental Transfer Motion, and the Decision, which acknowledged these cases in evaluating related-to jurisdiction.  Third, it will clarify any confusion resulting from the June 5, 2014 Order and whether this Court is exercising related-to jurisdiction over these cases based on the filing of proofs of claim by plaintiffs and Insight.

**RELIEF REQUESTED**

Insight requests entry of a Supplemental Order (1) effectuating the prompt transfer of the Virginia Removed Cases listed in Exhibit 1—which includes the remaining cases subject to this Court's Decision—to this Court pursuant to 28 U.S.C. § 157(b)(5), and (2) directing Insight to file a Notice of Transfer with the federal district court in Virginia and the JPMDL in all of the cases listed in Exhibit 1, with the exception of *Baker*, which the JPMDL already has transferred to MDL 2419.

**BASIS FOR RELIEF REQUESTED**

Related-to jurisdiction in this Court exists over the Virginia Removed Cases for the reasons stated in the Decision.[3]  Specifically, related-to jurisdiction exists over the claims under 28 U.S.C. § 157(b)(5).  Counsel for the plaintiffs in many of the cases listed on Exhibit 1 that Insight requests also be transferred noted their objections to the Supplemental Transfer Motion, which this Court rejected.  *See* MDL Doc. Nos. 766, 792, 1056 (the 48 plaintiffs in the *Baker*,

---

(Continued…)

denied the opposition to transfer the case to MDL 2419 by order dated June 4, 2014. Accordingly, it took 13 weeks for the case to navigate through the tag-along process, and related motions, before it arrived in MDL 2419.

[3] Related-to jurisdiction also exists because of Ameridose LLC's position as an NECC Affiliate, although this basis was not asserted in the Trustee's Supplemental Transfer Motion.

*Austin*, *Bell*, and *Neal* cases); Decision, at 12-15.  The additional cases to be transferred provide no new or different bases for the Court to revisit those rulings.

All but one of the Virginia Removed Cases was included in the Trustee's Supplemental Transfer Motion.  On March 19, 2014, the Chapter 11 Trustee filed an Amended and Supplemental Exhibit 1 to its Supplemental Transfer Motion [MDL Doc. No. 1027], which identified three of the Virginia Removed Cases as subject to its Motion.[4]  On May 12, 2014, the Trustee filed a Second Amended and Supplemental Exhibit 1 to its Supplemental Transfer Motion [MDL Docket No. 1119], identifying an additional five of the Virginia Removed Cases as subject to its Motion.[5]  The Court issued the Decision three days later, exercising jurisdiction over not only the Virginia State Court Cases but also the nine Virginia Removed Cases identified in the Trustee's original and supplemental filings.  *See* Decision, at 6 (noting that "several additional personal injury and wrongful death cases have since been filed against Insight in Virginia state court" and "the trustee seeks the transfer of those cases in addition to the twenty-two previously identified").

Since the Decision, Insight has been sued in one additional case, *Mitchell v. Insight Health Corp.*, Case No. 7:14-cv-00278-MFU, originally filed on May 20, 2014 in the Circuit Court of the City of Roanoke.  The allegations in *Mitchell* are identical in all meaningful respects

---

[4] *Gladys G. Austin, et al. v. Insight Health Corp.*, Case No. 7:14-cv-00166-MFU, *Nora Bell, et al. v. Insight Health Corp.*, Case No. 7:14-cv-00164-MFU, and *William L. Neal, Admin. of the Estate of Lucy Byrd Neal v. Insight Health Corp.*, Case No. 7:14-cv-00165-MFU.

[5] *Lisa A. Agnew, et al. v. Insight Health Corp.*, Case No. 7:14-cv-00250-MFU, *Tosha Andrews, Admin. of the Estate of Sara D. Culp a/k/a Sara D. Andrews, Deceased v. Insight Health Corp.*, Case No. 7:14-cv-00253-MFU, *Sharon W. Bishop, Executor of the Estate of Kathy W. Sinclair, Deceased v. Insight Health Corp.*, Case No. 7:14-cv-00254-MFU, *Debra P. Buchanan, Executor of the Estate of Jean R. Parsons, Deceased v. Insight Health Corp.*, Case No. 7:14-cv-00251-MFU, and *Tamela M. Miller, Executor of the Estate of Sydney M. Creasy, Deceased v. Insight Health Corp.*, Case No. 7:14-cv-00252-MFU.

to those asserted in the five cases listed in footnote 5.  Counsel for plaintiffs in all six (6) cases is Patrick Fennell of Crandall & Katt Attorneys & Counselors at Law.  Ms. Mitchell also has filed a proof of claim against NECC's estate in the bankruptcy proceeding.  *See* Exhibit 2.  Ameridose timely removed *Mitchell* to federal court based in part on related-to jurisdiction over the third-party claims Insight asserts against Ameridose and the other "NECC Affiliated Defendants." Ameridose promptly sought transfer to this Court under 28 U.S.C. § 1407.

Entry of the Supplemental Order that is the subject of Insight's Request is appropriate for three reasons.  First, entry of an Order will serve important interests of efficiency and timeliness in bringing all related cases before this Court.  There are separate and independent reasons for this Court to exercise jurisdiction, apart from the related-to jurisdiction which exists by virtue of third-party claims for contribution and indemnity against Ameridose and the NECC Affiliated Defendants.   Thus, entry of an Order on the grounds stated in the Decision is not duplicative of the issues before the JPMDL.  Entry of an Order also will clarify the process for the transfer of future state and federal court cases, where jurisdiction before this Court exists based on the plaintiffs' and Insight's proofs of claim.  Entry of an Order will avoid delays inherent in the process of transferring the Virginia Removed Cases to this Court.

Second, entry of an Order transferring these cases is consistent with the relief sought in the Supplemental Transfer Motion and the scope of the Decision.  Nine of the cases were included in the Supplemental Transfer Motion and were addressed in the Decision.  The Court's basis for transfer of the Virginia State Court Cases applies with equal force to the Virginia Removed Cases.  Insight asks the Court to enter an Order transferring these additional cases—as well as the *Mitchell* case—for the reasons stated in the Decision.

Third, entry of an Order transferring these additional cases will avoid any confusion over whether the Court is exercising jurisdiction over these matters for the reasons stated in the Decision. Insight's concerns are not theoretical; already, plaintiffs in three of the Virginia Removed Cases have sought remand of their cases to state court relying in part on the fact that "the [June 5, 2014 Order] that the MDL Court has entered addresses only cases that are currently pending in the State Court." *See* Exhibits 3-5, Pls.' Replies, at 1.  Therefore, entry of an Order is necessary to confirm that the Virginia Removed Cases are subject to this Court's jurisdiction for the reasons stated in the Decision.

Finally, Insight is involved in ongoing discussions with counsel for the Trustee and the Unsecured Creditors Committee about participating in a mediation through MDL 2419.  Thus, it is preferable to have all of the Virginia-related cases transferred at this time to MDL 2419.

## CONCLUSION

Insight respectfully requests that this Court enter an Order transferring the Virginia Removed Cases to MDL 2149.  A proposed Order and corresponding Notice of Transfer, which could be filed with the U.S. District Court for the Western District of Virginia and the JPMDL, are attached as Exhibits 6 and 7.

Dated:  June 12, 2014
        Richmond, Virginia

Respectfully submitted,

/s/ *Samuel T. Towell*
Stephen D. Busch (admitted *pro hac vice*)
Christopher E. Trible (admitted *pro hac vice*)
Samuel T. Towell (admitted *pro hac vice*)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
(804) 775-1000
sbusch@mcguirewoods.com
ctrible@mcguirewoods.com
stowell@mcguirewoods.com

Matthew J. Matule (BBO # 632075)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
Matthew.Matule@skadden.com

-and-

Albert L. Hogan, III (admitted *pro hac vice*)
Ron E. Meisler (admitted *pro hac vice*)
Carl T. Tullson
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606
(312) 407-0700
Al.Hogan@skadden.com
Ron.Meisler@skadden.com
Carl.Tullson@skadden.com

Counsel for Insight Health Corp.

---

**CERTIFICATE OF SERVICE**

    I, Samuel T. Towell, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 13, 2014.

Dated:   June 12, 2014     /s/ *Samuel T. Towell*
                               Samuel T. Towell