# EXHIBIT 5

# IN THE UNITED STATES DISCTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Roanoke Division

**WILLIAM L. NEAL**, Administrator of
the Estate of Lucy Byrd Neal
     **Plaintiff**

v.                                                                Civil Action No. 7:14-cv-00165

**INSIGHT HEALTH CORP.**, et al.         Judge Michael F. Urbanski
     **Defendants**
_____

**INSIGHT HEALTH CORP.**
     **Third-Party Plaintiff**

v.

**AMERIDOSE, LLC**, et al.
     **Third-Party Defendants**

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO REMAND AND FOR MANDATORY AND/OR PERMISSIVE ABSTENTION

The Plaintiff, by counsel, respectfully submits this reply memorandum in support of his motion [ECF No. 29] to remand this action to the Circuit Court for the City of Roanoke, Virginia (the "State Court") and for mandatory and/or permissive abstention.

### I.     The MDL Court has not entered an order transferring this case to Boston.

Defendant Insight Health Corporation's ("Defendant Insight") response [ECF No. 37 at 1] to the motion to remand begins by proclaiming that this case is "subject to" a May 15, 2014 "order" from the MDL Court that transfers this case to Boston. First, what the MDL Court issued on May 15 was a "memorandum of decision" ("the memorandum"), not an "order" and not self-effectuating. *See* Exh. A generally and at 15 ("Counsel shall inform the Court regarding any steps necessary to effectuate the transfer of cases pursuant to this opinion."). Second, the order that the MDL Court has entered addresses only cases that are currently pending in the State Court. *See* Exh. B. Therefore, this case is not yet transferred from this Court.

1

Plaintiff is aware that this case is subject to a "conditional transfer order" by the JPML and that the JPML has issued a final transfer order in the *Baker* case (Civ. Action No. 7:14-cv-00095). The JPML has not issued such an order in this case; therefore, this Court retains jurisdiction to address Plaintiff's motion to remand. *E.g.,* JPML Rule 2.1(d); *Asbury-Casto v. GlaxoSmithKline, Inc.* 352 F.Supp.2d 729, 732 (N.D.W.Va. 2005).

### II. The Court should make its own determinations about "related to" jurisdiction, remand and/or abstention.

The Plaintiff is not aware of authority that requires this Court to follow or agree with the MDL Court's conclusion in the memorandum that "related to" jurisdiction exists in these circumstances, and Defendant Insight does not cite such authority in its response. Federal courts are under an independent obligation to examine their own jurisdiction, *U.S. v. Hays,* 515 U.S. 737, 742 (1995); therefore, Plaintiff believes that this Court may reach its own independent determination on "related to" jurisdiction (and attendant abstention considerations), just as the previous MDL judge, Judge Saylor, did when he disagreed with Judge Wilson's conclusion that mandatory abstention under 28 U.S.C. §1334(c)(2) applied and required remand of the *Wingate* case that Defendant Insight had removed to this Court in April 2013. *See In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, 496 B.R. 256, 262, 271-272 (D. Mass. 2013).

### III. The MDL Court and Defendant Insight presume an effect on the NECC bankruptcy that is speculative at best.

#### A. Defendant Insight's contribution and indemnity claims.

As pointed out in Plaintiff's opening brief, the NECC bankruptcy trustee indicated months ago that Defendant Insight's claims against NECC for contribution and/or indemnification would be disallowed and/or subordinated. *See* ECF No. 30-1 at 3 ("[I]n the Trustee's judgment, it is likely Insight's claim will be disallowed, thereby obviating the need to commence litigation to subordinate that claim.") and at 5-6 ("Accordingly, even if not disallowed, Insight's claim would

2

be subordinated to general unsecured claims pursuant to the operation of §509(c)."). Plaintiff respectfully disagrees with the MDL Court that the Trustee's clear statements leave any room for "speculation." *See* Exh. A at 10 ("It is not my role to speculate now on how the bankruptcy code might apply to these questions or how the bankruptcy court may ultimately rule.").

Notwithstanding such expressed disinclination to speculate, the MDL Court was willing to assume (*see id.*) that the Plaintiff would recover against Defendant Insight *only* in negligence and that Defendant Insight acted without moral turpitude, such being the singular circumstance in which Virginia law would allow Defendant Insight a contribution claim against any other wrongdoer. *See* Va. Code §8.01-34 (allowing contribution claims among wrongdoers "when the wrong results from negligence and involves no moral turpitude").

There was moral turpitude here. For example, Defendant Insight concealed from the Plaintiff's deceased wife ("Mrs. Neal"): that she was being injected with a compounded drug, that had been produced and purchased in bulk in violation of law, that had been purchased by misusing the protected health information of past patients, and that was misrepresented in procedure notes, patient documentation, and patient and third-party payer billing to be a brand-name drug. From a practical perspective, when the wrongdoer Defendant Insight is compared to the innocent patients it injured, Defendant Insight will not recover anything from the bankruptcy estate of NECC -- either because Virginia law would preclude the claim in the first instance and/or because applicable bankruptcy law will require its disallowance and/or subordination.

### B. Plaintiff's proof of claim.

The other leg of the MDL Court's opinion, and of Defendant Insight's argument, is that the NECC bankruptcy estate will be affected if Plaintiff recovers against Defendant Insight. It is not known and has not been shown that recovery against Insight will have any effect on what Plaintiff would <u>receive</u> on his proof of claim against NECC or have any other impact on the handling of the NECC bankruptcy. The assumption of such effect and impact, which also appears to have been

3

assumed by the court in *Grant v. Arthur Andersen, L.L.P.* (*In re Baptist Foundation of Arizona*), 2000 WL 35575676 at *3-4 (D. Ariz. June 30, 2000), effectively deprives "related to" jurisdiction of any boundaries.

    **C.**    **Summary**

The MDL Court assumed the requisite effect/impact on the NECC bankruptcy estate; it assumed non-disallowance/non-subordination of Defendant Insight's proof of claim. Further, it assumed, without regard to the Plaintiff's express allegations in his Complaint and the controlling Virginia law, that Plaintiff would recover against Defendant Insight only on negligence that was unaccompanied by moral turpitude (under Va. Code §8.01-34, the only way under Virginia law that Defendant Insight could ever assert a contribution claim against NECC's bankruptcy estate). The MDL Court further assumed factually and/or legally that any recovery by Plaintiff against Defendant Insight will reduce what Plaintiff can receive under his proof of claim against NECC. Reliance on such assumptions makes "related to" jurisdiction limitless. *Cf., e.g., Celotex Corp. v Edwards,* 514 U.S. 300, 308 (1995)(stating that a bankruptcy court's "related to" jurisdiction is broad, but "cannot be limitless").

    **IV.**    **Mandatory abstention.**

The thrust of Defendant Insight's argument here is that the Plaintiff hasn't shown that this case can be "timely adjudicated" in the State Court. *See* ECF No. 37 at 5. Defendant Insight sounds like a litigant intent on making sure its argument comes true. In this regard, for example, recent court filings by counsel representing other Virginia injured patients indicate that, after the MDL Court issued its memorandum, Defendant Insight unilaterally cancelled scheduled depositions in other cases pending in the State Court. Indeed, remand would provide the forum where this matter can be timely adjudicated. Such supports mandatory abstention.

4

## V.     Permissive abstention/equitable remand.

Defendant Insight's argument (*see* ECF No. 37 at 6) that the Court should deny permissive abstention and/or equitable remand because the MDL is a more favorable forum **for it** to investigate, discover and/or prosecute **its** alleged defenses and alleged third-party claims stands permissive abstention/equitable remand analysis on its head. Permissive abstention and equitable remand analysis, however, focuses on prejudice to the party(ies) *involuntarily* removed from state court, *Martin v. Chrysler Group, LLC,* 2013 U.S. Dist. LEXIS 134763 at *19-20, n. 9 (W.D. Va. Sept. 20, 2013)(citing *In re Ahern*, 318 B.R. 638, 644 (Bankr. E.D. Va. 2003)), not on the benefits of removal to a "silent remover" like Defendant Insight. Defendant Insight's efforts here to avoid remand to the State Court (and before the JPML to promote transfer to the MDL) make it clear that Defendant Insight obviously is not an involuntarily-removed party.

## **Conclusion**

For the reasons discussed herein and in Plaintiff's opening brief, Plaintiff respectfully prays that the Court remand to the State Court, either because the Court finds there is no "related to" jurisdiction and/or because the Court finds that abstention and/or equitable remand are called for.

[remainder of this page intentionally left blank]

5

Respectfully submitted,

**WILLIAM L. NEAL, Administrator of the Estate of Lucy Byrd Neal**

By: /s/ Gregory L. Lyons
John P. Fishwick (VSB#23285)
jpf@vatrials.com
John E. Lichtenstein (VSB#27048)
jel@vatrials.com
Gregory L. Lyons (VSB#24037)
gll@vatrials.com
Monica L. Mroz (VSB#65766)
Monica@vatrials.com
Joanna M. Meyer (VSB#86427)
jmm@vatrials.com
LichtensteinFishwick PLC
Suite 400, Liberty Trust Building
101 S. Jefferson Street (24011)
P.O. Box 601
Roanoke, Virginia 24004-0601
Telephone: (540) 343-9711
Fax: (540) 343-9713
*Counsel for Plaintiff*

### Certificate of Service

I hereby certify that on June 6, 2014, I filed this pleading with the Clerk through the CM/ECF system, which will send a Notification of Electronic Filing to all counsel of record registered to receive such notice.

/s/ Gregory L. Lyons
Counsel for the Plaintiff