UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)   MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>) |

**JOINT JOINDER OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INSIGHT HEALTH CORP.'S REQUEST FOR ENTRY OF SUPPLEMENTAL ORDER EFFECTUATING THE TRANSFER OF ADDITIONAL PERSONAL INJURY TORT AND WRONGFUL DEATH CASES TO THIS COURT PURSUANT TO 28 U.S.C. § 157(b)(5)**

Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), and the Official Committee of Unsecured Creditors of NECC (the "Official Committee"), by and through their respective undersigned counsel, respectfully jointly submit this joinder (the "Joinder") to *Insight Health Corp.'s* ("Insight") *Request for Entry of Supplemental Order Effectuating the Transfer of Additional Personal Injury Tort and Wrongful Death Cases to This Court Pursuant to 28 U.S.C. § 157(b)(5)* [Dkt. No. 1193] (the "Insight Request").[1] In support of this Joinder, the Trustee and the Official Committee respectfully state as follows:

1. For the reasons set forth below, the Trustee and the Official Committee join in and support the Insight Request (the arguments and authorities of which are incorporated as if fully set forth herein), and the Trustee and the Official Committee respectfully request that this Court enter a supplemental order transferring to this Court the personal injury and wrongful death cases which are identified on Exhibit 1 to the Insight Request (the "Virginia Removed

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Insight Request.

Cases").

## BACKGROUND

2. On February 12, 2013, the Judicial Panel on Multidistrict Litigation (the "JPML") entered an order establishing this multidistrict litigation and transferring actions against NECC and/or its affiliates involving contaminated methylprednisolone acetate ("MPA") to this Court for consolidated pretrial proceedings. Since that date, the JPML has entered further Conditional and Final Transfer Orders transferring 292 additional NECC MPA-related actions to this Court.

3. On June 4, 2014, the JPML entered a Transfer Order [JPML Dkt. No. 486], attached hereto as **Exhibit A**, rejecting oppositions to the transfer to this Court of a case captioned *Chance E. Baker v. Alaunus Pharmaceutical, LLC, et al.*, Case No. 7:14-cv-00095-MFU ("Baker"), which was filed originally in the Circuit Court for the City of Roanoke but was then removed to the U.S. District Court for the Western District of Virginia by third-party defendant, Ameridose LLC.

4. On June 5, 2014, this Court entered an Order [Dkt. No. 1173] transferring to this Court twenty (20) of the personal injury and wrongful death cases against Insight and certain other defendants that were subjects of the Trustee's Renewed Transfer Motion (collectively, the "Virginia State Court Cases").

5. On June 12, 2014, Insight filed the Insight Request. Insight is a Virginia clinic that received and administered a substantial number of NECC's tainted steroidal injections. Insight is a named defendant in each of the twenty Virginia Court Cases and each of the ten Virginia Removed Cases (including Baker, each of which, like Baker, were filed originally in the Circuit Court for the City of Roanoke but were then removed to the U.S. District Court for the Western District of Virginia by Ameridose LLC). Each of the Virginia Court Cases and Virginia

Removed Cases allege injuries and, in some cases, death, resulting from the administration of injections containing contaminated MPA.

## JOINDER

6.     The Trustee and the Official Committee support Insight's request for entry of a supplemental order transferring the Virginia Removed Cases to this Court. As an initial matter, transfer of the Virginia Removed Cases will serve important interests of clarity, efficiency and timeliness. As Insight points out in the Insight Request, certain plaintiffs in the Virginia Removed Cases continue to contend before the JPML that this Court is not exercising jurisdiction over the Removed Court Cases. See Insight Request at 6. A supplemental order will conclusively resolve that question. In addition, transfer will bring all related cases before this Court and, accordingly, avoid further costly, protracted litigation before the JPML. Finally, entry of such an order will ultimately benefit the individuals injected with tainted NECC MPA by facilitating the resolution of claims against Insight through mediation.

A.     **Transfer of the Virginia Removed Cases Will Avoid Confusion, Unnecessary Costs, and Delay**

7.     Entry of a supplemental order promptly transferring the Virginia Removed Cases to this Court will serve important interests of clarity, efficiency, and timeliness. The JPML has already entered Conditional Transfer Orders in each of the Virginia Removed Cases. The JPML has also entered an order affirmatively rejecting oppositions to the transfer of the Baker case to this Court. See Exhibit A (JPML Transfer Order) at 1 (noting that this Court considered jurisdictional arguments against transfer and its decision concerning subject matter jurisdiction impacts the Virginia Removed Cases, including Baker). Notwithstanding the clear terms and reasoning of this Court's Memorandum of Decision [Dkt. No. 1131] and the JPML's Transfer Order in Baker, plaintiffs in three of the Virginia Removed Cases have sought remand of their

cases to state court relying in part on the allegation that "the [June 5, 2014 Order] that the MDL Court has entered addresses only cases that are currently pending in the State Court." See Insight Request Exs. 3-5 (Plaintiffs' Reply Memoranda in Support of Motions to Remand and for Mandatory and/or Permissive Abstention) at 1.  Entry of a supplemental order promptly transferring the Virginia Removed Cases to this Court will resolve any lingering confusion over this Court's determination that it has and will exercise jurisdiction over the Virginia Removed Cases.

8. Furthermore, the JPML has not yet ruled on pending oppositions to the Conditional Transfer Orders entered in the nine non-Baker Virginia Removed Cases.  As described in the Insight Request, opposition to the transfer of Baker resulted in a ***thirteen-week*** delay before the case was finally transferred to this Court.  See Insight Request at 2 n.2. Entry of the supplemental order Insight requests will expeditiously bring all related cases before this Court and will avoid the further costly litigation and months of delay and cost that will result from continued opposition to the JPML's Conditional Transfer Orders.  These considerations are paramount here, given that each dollar spent by Insight litigating before the JPML may be a dollar less that can be allocated to individual victims as a result of mediation and is a dollar more that Insight can add to its indemnification and contribution claims against the estate.  Moreover, to the extent that the Trustee and the Committee expend resources in connection with the disputes before the JPML, each dollar spent by them is a dollar less than can be allocated to creditors.

### B.  Transfer of the Virginia Removed Cases Will Facilitate Mediation with Insight

9. Finally, entry of such an order will ultimately benefit the individuals injected with tainted NECC MPA by facilitating the resolution of claims against Insight through mediation. As revealed in the Insight Request, Insight, one of the largest recipients of tainted MPA and an

4

organization with substantial resources, is involved in ongoing discussions with the Trustee and the Official Committee regarding its participation in mediation. See Insight Request at 6. The Trustee and the Official Committee are hopeful that shortly, Insight will formally agree to mediate, especially if provided, through an order transferring the Virginia Removed Actions, with certainty that this Court will exercise jurisdiction over the actions pending against them. Moreover, transfer will enable this Court to provide consolidated case management (such as stays of discovery pending mediation) to allow that mediation to proceed efficiently and expeditiously towards the parallel goals of (i) resolving the multitude of claims against Insight and (ii) obtaining additional, significant contributions to the Claimants' Compensation Fund for distribution to victims through the Plan.

## **CONCLUSION**

10.     For the reasons set forth in this Joinder and the Insight Request, the Trustee and the Official Committee respectfully request that this Court: (a) enter an Order transferring the Virginia Removed Cases to this Court; and (b) grant such other and further relief as this Court deems necessary or appropriate.


*[Remainder of this page intentionally left blank]*

Dated: June 13, 2014
       Boston, Massachusetts

Respectfully submitted,

**DUANE MORRIS LLP**

By: /s/ Michael R. Gottfried
Michael R. Gottfried, Esq.
100 High Street
Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4200
mrgottfried@duanemorris.com

*Counsel for Paul D. Moore, Chapter 11 Trustee of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center*

**BROWN RUDNICK LLP**

By: /s/ David J. Molton
David J. Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2014, I caused a copy of the foregoing Joint Joinder to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.

Dated: June 13, 2014
      Boston, Massachusetts                /s/ Carol S. Ennis
                                                    Carol S. Ennis
                                                    Brown Rudnick LLP
                                                    One Financial Center
                                                    Boston, MA  02111