# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2419

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff Chance Everett Baker and defendant Image Guided Pain Management, P.C., d/b/a Insight Imaging-Roanoke ("IGPM") move to vacate our order conditionally transferring the action listed on Schedule A (*Baker*) to MDL No. 2419. Third-party defendant Ameridose, LLC, opposes the motions to vacate, and represents that it has permission to request this relief for eight other third-party defendants affiliated with the New England Compounding Center ("NECC"). The Insight Health defendants/third-party plaintiffs ("Insight Health")[1] submitted a brief objecting to factual assertions in the motions to vacate, but taking no position on transfer.

In support of their motions to vacate, plaintiff and IGPM argue that federal jurisdiction does not exist in this case and that a motion to remand to state court is pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). The transferee court recently considered many of the jurisdictional arguments made by movants in MDL No. 2419 and issued a decision concerning subject matter jurisdiction that impacts several actions pending in Virginia, including the *Baker* action. *See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 2014 WL 2040139, at *1-8 (D. Mass. May 15, 2014). Thus, the transferee court is well-positioned to rule on the pending remand motion.

Plaintiffs also argue that transfer would not promote the just and efficient conduct of the litigation because the action presents unique factual questions concerning the prescription and administration of medication by healthcare provider defendants located in Roanoke, Virginia, and that

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] Insight Health Services Corporation; Insight Health Corporation; and Insight Health Services Holding Corporation.

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

proceedings on these issues will be most convenient in Virginia. We find these arguments unpersuasive. Transfer under Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when, as here, the actions still arise from a common factual core. *See, e.g., In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012). Additionally, plaintiffs' factual allegations concerning the defendants' knowledge of NECC's background and practices plainly overlap with issues in MDL No. 2419, and defendants have filed a third-party complaint against NECC affiliated individuals and entities. While transfer of a particular action might inconvenience some parties to the action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

After considering all argument of counsel, we find that the action shares questions of fact with actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this action to the District of Massachusetts for inclusion in MDL No. 2419 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[3] Like many of the already-centralized actions, the *Baker* action shares questions of fact concerning "injuries arising from the alleged contamination of the injectable steroid methyl-prednisolone acetate at the New England Compounding Pharmacy facility in Framingham, Massachusetts, which allegedly resulted in a multistate outbreak of hundreds of cases of fungal meningitis and other infections." *See In re: New England Compounding Pharm., Inc., Prods. Liability Litig.*, 924 F. Supp. 2d 1380, 1381 (J.P.M.L. 2013).

---

[3] In its May 15, 2014 decision concerning subject matter jurisdiction, the transferee court granted the Chapter 11 Trustee's motion to transfer certain additional personal injury tort and wrongful death actions to the District of Massachusetts – including the *Baker* action – based on, *inter alia*, "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b). *See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 2014 WL 2040139, at *4-8. The court deferred entry of an order effectuating transfer pending further submissions from the parties. In the past, the court has relied on the Section 1407 transfer process to ensure that related cases pending in other districts are transferred to the District of Massachusetts *See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 265- 75 (D. Mass. 2013)(stating that the court "will await the JPML's transfer orders for any cases now pending in other federal courts or that are in the process of being removed"). Thus, the Panel will continue to resolve whether transfer of these and other potential tag-along actions in federal district courts is appropriate under Section 1407.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Charles R. Breyer        Lewis A. Kaplan
Sarah S. Vance           Ellen Segal Huvelle
R. David Proctor

IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION                                MDL No. 2419

## SCHEDULE A

<u>Western District of Virginia</u>

BAKER v. ALAUNUS PHARMACEUTICAL, LLC, ET AL., C.A. No. 7:14-00095