UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

NEW ENGLAND COMPOUNDING
PHARMACY, INC.,

Chapter 11
Case No. 12-19882-HJB

Debtor

**MOTION TO TRANSFER DEFENDANT(S) CEO BARRY CADEN, AND NEW ENGLAND COMPOUNDING CENTER, TO THE MULTI-DISTRICT LITIGATION COURT IN THE DISTRICT OF MASSACHUSETTS**

COMES NOW the, Creditor, Darrel Cummings, pro se, pursuant to 28 U.S.C.S. § 1334, provides (A district court with original jurisdiction over all civil proceedings and may transfer a case or proceeding under title 11 [11 USCS § 100 et. seq.] to a district court for another district, in the interest of justice or for the convenience of the parties. Creditor hereby submits his Motion to Transfer Defendant(s) CEO Barry Caden and New England Compounding Center to the United States District Court in and for the District of Massachusetts, Eastern Division, from the United States District Court, Southern District of Florida, and states the following in support:

1. Creditor/Plaintiff, Darrel Cummings, on December 20, 2012 submitted and commenced his civil rights action under 28 USC §1983 with an incorporated Florida **State Law Tort claim** ("The Cummings Action"). The Cummings action was filed prior to the subsequent shutdown of operations and the magnitude of the personal injury claims against NECC, which resulted in the company filing for relief under Chapter 11, on December 21, 2012. See: Haag v. State, 591

So.2d 614, 617 (Fla. 1992). The Supreme Court held, ("The mail box Rule of Florida that, when a prisoner place legal mail into the hands of correctional official for mailing, that mail is deemed filed at that time, not from the time the court receives the mail."). Thus, the Creditor's claim was filed on December 20, 2012.

2. Shortly thereafter, on December 26, 2012, the United States District Court for the Southern District of Florida received and docketed "The Cummings Action" against CEO Barry Caden and the New England Compounding Center under Florida State Law Tort, and certain other correctional officials, under §1983, in Case No. 12-81413 (S.D. Fla. December 27, 2012)("The Florida Court") [Doc. 1].

3. On December 28, 2012, a Notice of stay by reason of Bankruptcy by New England Compounding Center was filed with the "Florida Court" by NECC'S representative, Charles Bavol, Esq. [Doc. 6], and see: [Doc. 18]. The "Florida Court" retained jurisdiction over state law claims under 28 U.S.C. §1332 for diversity and 28 U.S.C. 1367 for supplement claims.

4. On January 18, 2013, the Office of the United States Trustee (The "UST") appointed the nine (9) member committee [BankR. Dkt. No. 67].

5. On January 25, 2013, Paul D. Moore was appointed as the Chapter 11 Trustee of Debtor's Estate.

6. On February 11, 2013, Creditor wrote the United States Bankruptcy Court for the District Court of Massachusetts, stating in pertinent parts that, his circumstance were unique because he could not inspect any documents regarding the case in the Bankruptcy Clerk's Office in Massachusetts or the website listing as was ordered by the Court. Because he was incarcerated in Florida and had not access to the website references listed.

7. On February 12, 2013, the JPML entered an order transferring action to the District Court. The ("District Court") for consolidated pretrial proceedings in the MDL proceeding. See: In re New England Compounding Pharmacy, Inc., Products Liability LITG., "MDC" No. 2419 (JPML)(The "JPML" proceedings [MDL No. 2419, Dkt. No. 119].

8. If this Court would review the "Florida Court's" docket for the "Cummings Action" Case No. 9:12-cv-81413-Dimitrouleas-White, it would discover that on February 15, 2013, prior to the "JPML" evaluation of the "Cummings Action." The Honorable Magistrate Judge P.A. White dismissed CEO of New England Compounding Center [Doc. 11].

9. The Plaintiff/Creditor in this case was promptly notified of the "Florida Courts" finding and reasons for the court's denial. Further, Creditor was given an ample opportunity to respond to a 14 day notice and filed objections. As it pertains to CEO Barry Caden, New England Compounding Center. See: [Doc. 14]. Plaintiff filed objections to the "Florida Courts" Report and Recommendation. In response to Plaintiff's objection, on March 13, 2013, the Honorable District Court Judge W.P. Dimitrouleas stated, *". . . the claim against CEO of New England Compounding Center should not be dismissed for lack of jurisdiction, but does continued to stay the action due to Bankruptcy."* [Doc. 18. p. 9].

10. On February 21, 2013, it is alleged by the Chapter 11 Trustee's Office that, the "Cummings Action" was subsequently included in a notice of potential tag-alone actions submitted to the "JPML," but the "JPML" denied the "Cummings Action" sua sponte, having concluded that his action was not appropriate for inclusion in the MDL pursuant to Rule 7.1(b)(i). It is undetermined how the "Cummings Action" was considered a tag-alone action, when it was actually a pre-petition action filed in the Southern District of Florida (The "Florida Court"), prior to the petition date of December 21, 2012.

11. It is further undetermined what type of evaluation was made upon the "Cummings Action" by the "JPML," in denying the action as not being appropriate for inclusion into the "MDL". However, what is apparent is the date of the "JPML" evaluation of the "Cummings Action" taken on February 21, 2013.

12. Thus, the "JPML" dismissed the "Cummings Action" as not being appropriate for inclusion in the MDL, because during the relevant period of February 12, 2013 thru February 21, 2013 of the "JPML" evaluation of all pending actions to be transferred in to the MDL, "The Cummings Action" had been recommended to be dismiss for lack of jurisdiction by the Florida Court on February 15, 2013.  However, this was only a recommendation, not a dismissal.  See Incorporated Memorandum of Law:

## MEMORANDUM OF LAW

The Court held, In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation. 2013 U.S. Dist. Lexis 76739 MDL No.1:13-md-2419-FDS, May 31, 2013, that "In February 2013, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order under 28 U.S.C. 1407 transferring various federal-court proceedings to this Court for coordinated and consolidated pretrial proceedings. Subsequent orders of the JPML have transferred other "tag-along" cases to this Court. The matters transferred to this Court typically named additional defendants other than NECC, including certain of its officers and shareholders and certain affiliated corporations. 28 U.S.C.§1407(a), Specifically provides that, "(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties

4

and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated. . . ."

However, thereafter the "Florida Court" provided a timely notification of the Magistrates recommendation to dismiss, and the Creditor promptly submitted his objections to this recommendation. The District Court Judge rather accepted jurisdiction of the "Cummings Action", which specifically named the CEO Barry Caden and New England Compounding Center as defendants.

The Creditor never move to transfer the "Cummings Action" pursuant to Rule 6.1 of the JPML Rules because the Creditor was never notified by the Chapter 11 Trustee's Offices: First, the "Cummings Action" was being evaluated by the "JPML," essentially as a Tag-alone Action; Second: that the "Cummings Action" had been denied as not being appropriate for inclusion in the MDL and, Third: that after this denial the "Cummings Action" he could have move the "JPML" to transfer his case pursuant to Rule 6.1, the distinguishing factors between the Chapter 11 Trustee's assertion and the "Cummings Action" continuing to proceed in the "Florida Court" in respect to the non-NECC related parties, is the fact that the "Florida Court" provided prompt notifications of all procedures being heard, prompt decisions and findings on the matters dismissed or denied, and afforded Creditor an ample opportunity to move by filing objections to any adverse decision as expressed above, in the "Florida Court" procedures.

However to the contrary, the Chapter 11 Trustee or the "JPML" did not notify Creditor that, the "Cummings Action" was heard by "JPML," or that he was denied transfer into the

"MDL", or that he could have move the 'JPML' to transfer his action pursuant to Rule 6.1, until March 5, 2014 [Dkt. No. 971].

28 U.S.C.§1407, Specifically provides in section (c) "Proceedings for the transfer of an action under this section may be initiated by--(i) the judicial panel on multidistrict litigation upon its own initiative, or (ii) motion filed with the panel by a party in any action in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate. A copy of such motion shall be filed in the district court in which the moving party's action is pending. The panel shall give notice to the parties in all actions in which transfers for coordinated or consolidated pretrial proceedings are contemplated, and such notice shall specify the time and place of any hearing to determine whether such transfer shall be made. Orders of the panel to set a hearing and other orders of the panel issued prior to the order either directing or denying transfer shall be filed in the office of the clerk of the district court in which a transfer hearing is to be or has been held. The panel's order of transfer shall be based upon a record of such hearing at which material evidence may be offered by any party to an action pending in any district that would be affected by the proceedings under this section, and shall be supported by findings of fact and conclusions of law based upon such record. Orders of transfer and such other orders as the panel may make thereafter shall be filed in the office of the clerk of the district court of the transferee district and shall be effective when thus filed. The clerk of the transferee district court shall forthwith transmit a certified copy of the panel's order to transfer to the clerk of the district court from which the action is being transferred. An order denying transfer shall be filed in each district wherein there is a case pending in which the motion for transfer has been made."

It was evident from this belated notification that the "Cummings Action" would have squarely fell into category (1) cases pending in other federal courts that have not yet been

transferred [to the multidistrict litigation court in Massachusetts]. See: 28 USC §§1334 and 157(b)(5); In re New England Compounding Pharm. Prods. Liab. Litig., 496 B.R. 256, 262 (D. Mass. 2013)(The transfer motion was granted as to cases falling within the following categories: (1) Cases against NECC or its affiliated defendants pending in other federal courts…); 11 U.S.C.S. 1123(a)(4) provides that any reorganization plan must provide the same treatment of each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest.).

The United States Supreme Court has held that 28 U.S.C.S. 157(b)(5) is not jurisdictional, but rather a venue provision. In reaching that conclusion, the Supreme Court reasoned that 157(b)(5) does not have the hallmarks of a jurisdictional decree. To begin, the statutory text does not refer to either district court or bankruptcy court "jurisdiction," instead addressing only where personal injury tort claims shall be tried. The statutory context also belies the jurisdictional claim. Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. 157(b)(1), (c)(1). That allocation does not implicate questions of subject matter jurisdiction. Section 157(c)(2) provides that parties may consent to entry of final judgment by bankruptcy judge in non-core cases. By the same token, 157(b)(5) simply specifies where a particular category of cases should be tried. Accordingly, this provision does not confer any additional jurisdiction on the district courts); (28 U.S.C.S. 1334 provides district courts with original, but not exclusive, jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. The scope of related-to jurisdiction is quite broad. A civil proceeding is related to bankruptcy if the outcome of that proceeding could conceivably have any effect on the bankruptcy estate. Such jurisdiction is not unlimited; however, there must be some nexus between the "related" proceeding and the

bankruptcy case, such that "the outcome of the litigation potentially could have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.); 28 U.S.C.S. 157(d) provides that a district court may withdraw, in whole or in part, any case or proceeding referred under this section on timely motion of any party, for cause shown. A motion is timely if made as promptly as possible in light of the developments in the bankruptcy proceeding or at the first reasonable opportunity.)

In the instant case, immediately after Creditor received response from Trustee regarding his inquiry about the status of the case, the United States Chapter 11 Trustee, on March 5, 2014, forwarding Creditor document [971]. Creditor immediately, on **March 14, 2014,** after this first notice of Transfer Motions, filed his Motion to Remove and/or Transfer Defendants CEO, New England Compounding Center to the Bankruptcy Court in the District of Massachusetts.

The following motions were filed in the Bankruptcy Court:

1. On March 14, 2014, Creditor filed **MOTION TO REMOVE AND/OR TRANSFER DEFENDANT(S) CEO, NEW ENGLAND COMPOUNDING CENTER, TO THE MULTI-DISTRICT LITIGATION COURT IN THE DISTRICT OF MASSACHUSETTS.**

2. On April 1, 2014, the Chapter 11 Trustee filed objections to Darrel Cummings **MOTION TO REMOVE AND/OR TRANSFER DEFENDANT(S) CEO, NEW ENGLAND COMPOUNDING CENTER, TO THE MULTI-DISTRICT LITIGATION COURT IN THE DISTRICT OF MASSACHUSETTS.**

3. On April 9, 2014, the Creditor Darrel Cummings filed a Reply **MOTION TO REMOVE AND/OR TRANSFER DEFENDANT(S) CEO, NEW ENGLAND COMPOUNDING CENTER, TO THE MULTI-DISTRICT LITIGATION COURT IN THE DISTRICT OF MASSACHUSETTS.**

4. On May 15, 2014, Creditor received notice from the Chapter 11 Trustee, Dated May 8, 2014. This notice stated that, ". . . 9019 Motions [Docket No. 715] will be held on Friday, May 30, 2014 at 10:00 am." Further, that "the above-referenced order modifies and supersedes the prior notice of none-evidentiary hearing entered by the Bankruptcy Court on May 7, 2014 [Docket No. 717], scheduling the hearing for May 27, 2014 at 2:pm. Accordingly, the May 27, 2014 hearing has been cancelled.

5. Creditor has not received [Docket No. 715], [Docket No. 717], or any other notice of hearing to be held on May 27, 2014. [Docket No. 718] was forwarded incomplete. See Attached as forwarded. This is the issue in which has created controversies and has prohibit Creditor's claims from being removed and/or transferred to the multi-district litigation court in the District Court of Massachusetts.

6. On May 16, 2014, Creditor Darrel Cummings filed Objections to **CHAPTER 11 TRUSTEE'S MOTION FOR ORDER DESIGNATING MANNER OF SERVICE OF 9019 MOTIONS AND APPROVING FORM AND MANNER OF SERVICE OF NOTICE OF HEARINGS ON 9019 MOTIONS.**

7. On May 20, 2014, Creditor Darrel Cummings filed Supplemental Objection to **CHAPTER 11 TRUSTEE'S MOTION FOR ORDER DESIGNATING MANNER OF SERVICE OF 9019 MOTIONS AND APPROVING FORM AND MANNER OF SERVICE OF NOTICE OF HEARINGS ON 9019 MOTIONS.**

8. On May 30, 2014, a hearing was held in the United States Bankruptcy Court where the United States Trustee presented his objections to the Court in regards to Creditor's Transfer Motion; however, none of the Trustee's objections were of merits, with the exception that the venue pertaining to the Transfer of the "Cummings Action" from the United States District Court of Florida, Southern District, will have to be address by this Court, as the Judge so ruled.

The Creditor has refuted the trustee's objections to his motion [Doc. 704] as it is procedurally proper for this court to accept jurisdiction and venue to this Multi-District Litigation, pending before the United States District Court for the District of Massachusetts (The District Court).

Substantively, the Creditor's case is a case that should be justly joined in the M.D.L. Moreover, Creditor has never submitted a prior request to join his case in the M.D.L., nor was he ever made aware of anyone else's submission of such request or the alleged fact that this request was denied.

> However, contrary to the Trustee's only assertions that:
>
> "Although the treatment provided to Mr. Cummings at the correctional facility allegedly included some type of epidural injection, no plausible connection to NECC has been established. To the contrary, Mr. Cummings Conceded in his initial complaint that he was informed by at least one Doctor that "[t]he medication in question that led to infections was not utilized in your lumber [sic] injection . . . civil rights complaint at 29, Cummings v. New England Compounding Center, et al., Case No. 12-81413 (S.D. Fla. December 27, 2012). '**Note 1**., This admission was removed from Mr. Cummings' second amend complaint.'"

The correct facts are, orthopedic specialist, Dr. Robert Lin, M.D., who is not a correctional physician, but an outside specialist conducted three (3) epidural steroid injection on

creditor. These epidural injections were conducted on April 11, 2012, August 1, 2012 and on August 22, 2012 at the Wellington Regional Medical Center. **First**, the plausible connection to NECC is the dates of August 1, 2012 and August 22, 2012. These last two injections were conducted during the contaminated periods of July-September 2012. **Second**, the medical records obtained from Wellington Regional Medical Center. In regards to the administered medication used in the epidural injections for the above mentioned dates. Disclose that it was: Methylprednosolone acetate/Depo-medrol, on all the above mentioned dates. This was the contaminated medication as was distributed by NECC, and the exact medication that Dr. Lins informed Creditor was recalled by the company out of an abundance of precaution.

It should further be noted that contrary to the trustee's seemingly intentional misinterpretation that "Mr. Cummings conceded in his initial complaint that he was informed by at least one doctor that the medication in question that led to infections was not utilized in your lumber [sic] injection . . . civil rights complaint at 29 . . ." These misrepresentations are refuted by the complaint itself, [Doc. 1. P. 29] paragraphs specifically states that in,

> "**140** Dr. Heller retaliated against me and acted maliciously and sadistically for the very purpose of causing harm where in his response regarding the deadly outbreak of fungal meningitis he selectively adopted the initial portion of Dr. [Robert] Lins' assumption that "the medication in question that led to infections was not utilized in your lumber injection . . ."
>
> **142**. What Dr. Heller intentionally failed to mention was the fact that Dr. Lins also stated, ". . . as a safety precaution, if you develop any fevers, chills, headaches, nausea, vomiting, neck stiffness, worsen spine pains or any unusual symptoms" (Like burning ankles and legs) (Letter).
>
> **143.** Dr. Lins further stated, It is safest to report to the nearest emergency room for evaluation. An omission which is undoubtedly an outrage against an otherwise just society where he was informed I am experiencing 3 of these symptoms . . .

Nowhere in Creditor/Plaintiff's complaint does he concede that the medication that led to the infections was not utilized in his lumber injection. He rather stated, he was experiencing 3 of the symptoms listed, to included burning in the ankles and legs.

The instant case is actually titled: <u>Cummings v. New England Compounding Center et. al.</u>, Case No. 12-81413 (SD FLA. 2012). This Caption also includes: The CEO Barry Caden. Further, it is indicated in the Chapter 11 Trustee's objection to creditors removal and/or transfer of CEO, NECC TO THE MDL [Dkt. No. 706] that on March 10, 2013, the Trustee filed his Motion to Transfer personal injury tort and wrongful death cases to this court pursuant to 28 U.S.C.§§1334 157(b)(5) [MDL Doc. No. 37] (the <u>Transfer Motion</u>). The Transfer Motion excluded the "Cummings Action" from notice of filing as it had been previously alleged to have been dismissed or terminated. But it was only a recommendation by the Magistrate Judge of Florida, and the service of the Transfer Motions should have been issued, but was excluded because the "Cummings Action" was inappropriately evaluated by the JPML and the Chapter 11 Trustee. In addition, it was excluded from notice on the status of complaint transferred to the MDL list. See: 1:13-MD-02419-RWZ [Dkt. No. 971-1¶¶ 1-4].

The Chapter 11 Trustee never revisited this matter for Creditor's inclusion into the 'JPML' or the 'MDL' after the "Cummings Action" had been held appropriate by the "Florida Court," retaining jurisdiction of this matter on March 13, 2013. [Doc. 18] Creditor was thus never notified of proceedings held on the transfer motion submitted by the Trustee on March 10, 2013, and was further excluded from the transfer opinion issue by this court on March 31, 2013. [MDL Doc. No. 170].

This exclusion in notice was done in spite of the fact that on February 26, 2013 the Honorable U.S. Bankruptcy Judge Henry J. Boroff had forwarded Creditor's letter [See: Attached] to the Chapter 11 Trustee identifying Creditor and claim to be included on certificate of service list to receive all documents via U.S. mail. However, the Creditor did not receive all documents from this Court. More specifically, he did not receive any documents from the

"JPML" proceedings. In addition, he did not receive any of the Transfer Motions from the Trustee nor the opinions on those Motions from this Court. This was done despite the fact that he was a known Creditor whose identity and claim was known to the debtor who served him a stay as early as December 28, 2012. See: [Doc. 6 "The Florida Court"]. "a "known" creditor is one whose claim and identity is either known or "reasonably ascertainable by the debtor." *Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490, 99 L. Ed.2d 565, 108 S. Ct. 1340 (1988).* An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950), *Paging Network, Inc. v. Arch Wireless (In re Arch Wireless), 534 F.3d at 81 (citations omitted).*

In the instant case, it is undisputed that creditor was "known" for the purpose of receiving notice of transfer motions from the Trustee, opinions from the "JPML", the Bankruptcy and the District courts in a timely manner. However to the contrary very material and relevant documents were excluded from notice and has cause extreme prejudice to the creditors' claims, transfer to the MDL, and to be considered as part of the settlement plan.

*Jeremiah v. Richardson, 148 F.3d 17 (1st Cir. 1998); see In re Genesis Health Ventures, Inc., 266 B.R. 591, 619* (BankR. D. Del. 2001)(settlements are favored because they serve to minimize litigation, provide a means for efficient resolution of disputes, and help to expedite the administration of the bankruptcy estate).

The District Court is overseeing efforts to resolve claims against [NECC] for serious personal injury or wrongful death claims and compensate victims like Mr. Cummings who have suffered significant damage and pain for years and is still suffering. Creditor/Plaintiff's Second

Amended Complaint, specifically, asserts a state tort, for negligence product liability [Doc. 48], to which "The Florida Court" retained jurisdiction [Doc. 18]. The Creditor should be permitted to be joined into the MDL, with the other Chapter 11 case through which the limited estate resources will be distributed to him. As he has suffered, equal to, or greater than most of the victims, with the exception of those who died and their families, because of this disaster to which the estate resources should have been in excess, considering all the people that were hurt and died.

In re NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION. 2013 U.S. Dist. LEXIS 76739 MDL No. 1:13-md-2419-FDS May 31, 2013,the Honorable Judge Saylor held the following in

> "<u>Since the date of the initial</u> transfer order, the JPML has transferred to this Court more than 100 "tag-along" cases that had been pending in other federal district courts. The Court has no reason to believe that any federal cases that are the subject of the trustee's transfer motion will not receive similar treatment from the JPML and be transferred to this Court in due course. However, should the situation arise that a case pending in federal court, over which this Court could properly exercise related-to jurisdiction, is not transferred by an order of the JPML, this Court will presumably act to assert jurisdiction over it. Until the Court is made aware of such a situation, it will simply await the JPML's transfer orders for any cases now pending in other federal courts or that are in the process of being removed."

The "Cummings Action" pending in the Southern District Court of Florida, presents such a situation.

### **Conclusion**

For all the foregoing reasons, the Creditor respectfully request this Honorable Court **grant** his Motion and Transfer this case to the MDL in the interest of justice, or in the alternative

14

remove stay so that this case may proceed in the Florida Court," and/or any other relief the court deems just and/or proper. See Id. NECC n5:

> "To be clear, transfer of the federal cases that are currently before the Court (whether filed here or transferred under the JPML) is squarely addressed by 157(b)(5). Section 157(b)(5) states that "personal injury tort and wrongful death claims" are to be tried by a federal district court either in the district where the claim arose or the district where the bankruptcy case is pending, giving the district court in the district where the bankruptcy case is pending discretion to choose between the two venue options. NECC filed for bankruptcy in the District of Massachusetts, which gives this Court the discretion under 157(b)(5) to determine the appropriate venue for personal injury and wrongful death cases pending in the federal courts related to contaminated MPA manufactured and/or sold by NECC or its affiliates."

Respectfully Submitted,

I HEREBY CERTIFY that a true and correct copy was furnished to Counsel for Paul D. Moore (Jeffrey D. Sternklar BB0#549561) at 100 High Street, Suite 2400, Boston, MA 02110-1724 on this 2nd day of June 2014 by Placement into the hands of Correctional Official for mailing via U.S. Mail.

cc: United States District Court
    Southern District of Florida

Darrel Cummings, #088532
South Bay Corr. Fac.
P. O. Box 7171
South Bay, FL 33493