IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION § § § § § § THIS DOCUMENT RELATES TO: § § Henley v. UniFirst Corporation, et al. § Civil Action No. 14-CV-10373-RWZ § | MDL No. 2419 Dkt. No. 1:13-md-2419-RWZ |

**DEFENDANTS ABBESELOM GHERMAY, M.D. AND DALLAS BACK PAIN MANAGEMENT/MOMENTUM PAIN MANAGEMENT'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT <u>PURSUANT TO RULE 12(b)(6)</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management, and file this Brief in Support of their Motion to Dismiss Plaintiff's Complaint for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), and respectfully show the Court as follows:

## I. <u>INTRODUCTION</u>

In her Short Form Complaint, Plaintiff asserts the following causes of action against Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management: (1) negligence and gross negligence; (2) violation of consumer protection statutes; (3) battery; (4) failure to warn; (5) agency; (6) civil conspiracy; and (7) punitive damages. Incorporating by reference the allegations in "Plaintiff's Master Complaint," Plaintiff seeks to

implicate Dr. Ghermay and his medical practice in a prior lawsuit brought against the New England Compounding Company, Inc. ("NECC") for injuries resulting from the drug Methylprednisolone 80mg/ml (hereinafter referred to as "NECC drug"). Plaintiff claims Dr. Ghermay and his practice are somehow liable for the alleged injuries Ms. Henley sustained after the injection of the NECC drug, yet Plaintiff offers no factual detail as to how these Defendants are culpable.

Despite her many claims, Plaintiff's pleading is woefully deficient and devoid of actual allegations against Defendants. She fails to even recite the elements of the causes of action she asserts as to Dr. Ghermay and his medical practice. Under the standards of Rule 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted for any of her seven causes of action. Moreover, the conduct she alleges is not of the type contemplated by the Texas Civil Practice and Remedies Code Chapter 74. All of Plaintiff's claims against Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management should be dismissed for failure to state a claim upon which relief can be granted.

## II.
## STANDARD FOR DISMISSAL

A.   **Rule 8 and Rule 12(b)(6) Applicable Legal Standards**

FEDERAL RULE OF CIVIL PROCEDURE Rule 8(a)(2) requires that a pleading state a claim showing that the pleader is entitled to relief. Failure to do so is grounds for dismissal. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss"). To satisfy this requirement, a complaint "must supply facts sufficient to state a claim that is plausible on its face." *Local 38N Graphic Communs. Conference/IBT v. St. Louis Post-Dispatch, LLC*, 638 F.3d

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**                                          Page 2

824 (8th Cir. 2011) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 596 (8th Cir. 2009) ("This standard requires us to determine whether the complaint 'assert[s] facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right.'") (citing *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Where well-pled facts fail to allege one or more elements of the cause of action, dismissal is proper. *Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007) ("To state a claim upon which relief can be granted, each element of the claim must be pled in the complaint."); *see also, Dura Pharms., Inc. v. Broudo,* 544 U.S. 336 (U.S. 2005) (finding a complaint "legally insufficient" where it failed to allege the element of "loss-causation"). Therefore, where the facts alleged negate any element of the cause of action, the plaintiff has failed to comply with Rule 8(a)(2) and dismissal is required under Rule 12(b)(6). *Id.*

### III.
### ARGUMENTS AND AUTHORITIES

A. **Plaintiff Fails to State any Claim upon which Relief may be Granted.**

   1. **Failure to Plead Negligence and Gross Negligence against Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management.**

Plaintiff fails to state a claim for medical negligence or gross negligence against Dr. Ghermay or Dallas Back Pain Management. To maintain a suit for medical negligence, a plaintiff must allege four elements: (1) a legally cognizable duty; (2) a breach of that duty; (3) actual injury; and (4) a reasonably close causal connection between the breach and the alleged harm. *In Re Norplant Contraceptive Products Liability Litigation,* 898 F. Supp. 426, 428 (E.D. Tex. 1995) citing *Flores v. Center for Spinal Evaluation and Rehabilitation,* 865 S.W.2d 261,

264 (Tex. App.—Amarillo 1993, no writ). In Texas, "gross negligence" means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. CODE § 41.001(11).

To maintain a suit for gross negligence against a health care provider under Texas law, a plaintiff must first allege that the physician's act or omission fell below the standard of care an ordinary physician would have fulfilled under the same or similar circumstances; the plaintiff must then allege and prove that the physician's act or omission departed from that standard to such an extent that the patient was subjected to an extreme degree of risk of harm. *Nowzardan, M.D. v. Ryans*, 374 S.W.3d 734 (Tex. App.—Houston [14th Dist.], 2011, no pet.) Under Texas law, gross negligence with respect to a medical malpractice claim has been described as "the entire want of care which would raise the belief that the act or omission complained of was the result of conscious indifference to the right or welfare of the person or persons affected by it." *Jackson v. Taylor, M.D.,* 912 F.2d 795, 798 (5th Cir. 1990) citing *McPherson v. Sullivan*, 463 S.W.2d 174, 174 (Tex. 1971).

Plaintiff does not sufficiently allege any of the elements for negligence or gross negligence. In her Complaint, Plaintiff simply checks a box under "COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)." Compl. at ¶ 7. Nowhere in the Short Form Complaint or the Master Complaint does Plaintiff allege or identify the standard of care, any breach of the standard of care or proximate cause of damages as to Dr.

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**  **Page 4**

Ghermay and his practice. Nor does she allege Dr. Ghermay had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Ms. Henley. Without identifying the elements of negligence and gross negligence, and the factual allegations to support each element as to Defendants, Plaintiff has failed to comply with Rule 8(a)(2) and dismissal is required under Rule 12(b)(6).

### 2. Failure to Plead "Violation of Consumer Protection Statutes" against Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management.

Nowhere in the Short Form Complaint or the Master Complaint does Plaintiff allege or identify any consumer protection statute she claims Defendants violated. Ostensibly, the only consumer protection statute Plaintiff could recover under pursuant to Texas law is Chapter 17 of the Texas Business and Commerce Code (commonly known as the "DTPA"). Plaintiff fails to state a claim for recovery under the Texas Consumer Protection Statutes (presumably the Texas Deceptive Trade Practices Act) against Dr. Ghermay and Dallas Back Pain Management. Under the Texas Business and Commerce Code § 17.50, a consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

> (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:
>     (A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and
>     (B) relied on by a consumer to the consumer's detriment;
> (2) breach of an express or implied warranty;
> (3) any unconscionable action or course of action by any person; or
> (4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code.

TEX. BUS. & COM. CODE § 17.50.

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**                                  **Page 5**

The DTPA defines consumer, in relevant part, as: "an individual ... who seeks or acquires by purchase or lease, any goods or services...." Tex.Bus. & Com.Code § 17.45(4).  Texas courts have consistently held that in order to establish consumer status under the DTPA, a plaintiff must show: (1) that he acquired goods or services by purchase or lease, and (2) that the goods or services purchased or leased form the basis of the complaint. *Rojas v. Wal-Mart Stores, Inc.*, 857 F. Supp. 533, 536 (N.D. Tex. 1994) and *Simon Enter. Inc. v. Lorac Serv. Corp.,* 724 S.W.2d 13 (Tex. 1987).

Plaintiff fails to allege that she is a consumer, and she has also failed to allege any facts under the Texas Business and Commerce Code § 17.50.  In her Complaint, Plaintiff checks a box entitled "COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES" (Against Clinic Related Defendants)."  Compl. at ¶ 7.  Nowhere in the Short Form Complaint or the Master Complaint does Plaintiff allege or identify any consumer protection statute she claims Defendants violated.  Nor does she allege any facts to show any purported violation.  Without identifying the actual consumer protection statute Plaintiff seeks relief under, the elements of the statute, and the factual allegations to support each element as to Defendants, Plaintiff has failed to comply with Rule 8(a)(2) and dismissal is required under Rule 12(b)(6).

**3. Failure to Plead Battery against Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management.**

Plaintiff next checks a box entitled "COUNT VII: BATTERY" (Against Clinic Related Defendants)."  Compl. at ¶ 7.  Under Texas law, a person is liable for battery if:

1. The defendant acted intentionally, knowingly, or recklessly;
2. The defendant made contact with the plaintiff's person; and
3. The defendant's contact caused bodily injury to the plaintiff.

*Moore v. City of Wylie*, 319 S.W.3d 778, 782 (Tex. App.—El Paso 2010, no pet.).  Here, Plaintiff fails to state a claim for battery against Dr. Ghermay or Dallas Back Pain Management/Momentum Pain Management.  Again, nowhere in the Short Form Complaint or the Master Complaint does Plaintiff allege or identify any of the elements of battery or any facts to show a purported battery.  Without identifying the elements of battery and the factual allegations to support each element as to Defendants, Plaintiff has failed to comply with Rule 8(a)(2) and dismissal is required under Rule 12(b)(6).

    **4. Failure to Plead "Failure to Warn" against Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management.**

Plaintiff checks a box under "COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)."  Compl. at ¶ 7.  Nowhere in the Short Form Complaint or the Master Complaint does Plaintiff allege or identify a viable cause of action for "failure to warn" under Texas law.  Indeed, Defendants are not even clear if such a separate claim is recognizable under Texas law.  Without identifying the cause of action, the elements of the cause of action, and the factual allegations to support each element as to Defendants, Plaintiff has failed to comply with Rule 8(a)(2) and dismissal is required under Rule 12(b)(6).

    **5. Failure to Plead Agency against Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management.**

Plaintiff next checked the box for "COUNT X: AGENCY (Against Clinic Related Defendants)."  Compl. at ¶ 7.  It is unclear which theory of vicarious liability Plaintiff is attempting to assert against Defendants (i.e. actual authority, apparent authority, respondeat superior, etc.).  Nowhere in the Short Form Complaint or the Master Complaint does Plaintiff allege or identify the requisite elements to prove agency or the factual allegations to support each

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**    **Page 7**

element as to Defendants.  Plaintiff has failed to comply with Rule 8(a)(2) and dismissal is required under Rule 12(b)(6).

### 6. Failure to Plead "Civil Conspiracy" against Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management.

Plaintiff has failed to allege facts supporting the existence of a conspiracy, which requires:  (1) two or more persons; (2) an objective to be accomplished; (3) a meeting of the minds on the objective; (4) one or more unlawful, overt acts; and (5) proximate damages. *Duzich v. Advantage Finance Corp.*, 395 F.3d 527, 530 (5th Cir. 2004) (applying Texas law). Plaintiff checked a box for "COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)."  Compl. at ¶ 7.  Nowhere does Plaintiff allege Dr. Ghermay and any other individual had a "meeting of the minds," and nowhere does Plaintiff explain the common objective of this supposed conspiracy.  Compl. at ¶ 7.

The 9(b) standard also applies to Plaintiff's conspiracy claims to the extent Plaintiff seeks to allege fraud.  *Castillo v. First City Bancorporation of Texas*, 43 F.3d 953, 961 (5th. Cir. 1994) (applying Texas law).  Because conspiracy is a derivative tort and not an independent cause of action, Plaintiff "must prove both civil conspiracy and the underlying fraud or concealment." *Conger v. Danek Medical, Inc.*, 27 F. Supp. 2d 717, 721 (N.D. Tex. 1998) (McBryde, J.).  By failing to allege any actionable misrepresentation, Plaintiff has thereby failed to allege a concerted action to defraud.

### 7. Failure to Plead Punitive Damages against Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management.

Finally, Plaintiff checked a box for "COUNT XIV: PUNITIVE DAMAGES (Against Clinic Related Defendants)."  Compl. at ¶ 7.  Nothing in Plaintiff's Short Form Complaint or the

Master Complaint would support a claim for punitive damages in this case. Plaintiff has failed to comply with Rule 8(a)(2) and dismissal is required under Rule 12(b)(6).

**B. Plaintiff's Attempt to Bring Claims for (1) Violation of Consumer Protection Statutes, (2) Battery, and (3) Failure to Warn Constitutes an Impermissible "Recasting" of Her Claims for Medical Negligence.**

### 1. Texas Civil Practice and Remedies Code Chapter 74 Applies in this Case.

Even if Plaintiff alleged sufficient facts to state a claim for relief, her Complaint must still be dismissed because she has improperly recast her claims for medical negligence. Lawsuits to recover for injuries sustained as a result of alleged medical malpractice are governed by Chapter 74 of the Texas Civil Practice and Remedies Code. *Cruz v. Chang, M.D.*, 400 F. Supp. 2d 906 (W.D. Tex. 2005) (Cardone, J.); *Prentice v. U.S.*, 2013 WL 5878437 (N.D. Tex. 2013) (Summings, J.) (requirement, under Chapter 74 of the Texas Civil Practice and Remedies Code, that a medical malpractice plaintiff submit a threshold expert report from a medical expert, applied in federal court).

Chapter 74 of the Texas Civil Practice and Remedies Code applies to this case. Federal courts sitting in diversity are required to follow the choice of law rules of the state in which they sit. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941); *Vasquez v. Bridgestone/Firestone, Inc.,* 325 F.3d 665 (5th Cir. 2003). When neither party raises a conflict of law issue in a diversity case, a federal court simply applies the law of the state in which the federal court sits. *Citadel Group Ltd. v. Washington Regional Medical Center*, 692 F.3d 580 (7th Cir. 2012). Neither party has raised a conflict of law issue in this case; therefore, Texas law applies. Additionally, Plaintiff and Defendant agree that Texas substantive law applies. Plaintiff does not deny Chapter 74 applies in this case, as she claims to have complied with "the

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**   Page 9

applicable state law pre-suit requirements for filing [her] Short Form Complaint." Compl. at ¶ 8. When the parties agree as to the substantive law that controls in a diversity case, the Court can—and ordinarily should—accept such a concession. *Moores v. Greenberg*, 834 F.2d 1105, 1107 n. 2 (1st Cir.1987); *see Sheinkopf v. Stone*, 927 F.2d 1259, 1264 (1st Cir.1991). Therefore, Chapter 74 of the Texas Civil Practice and Remedies Code applies to this case. Furthermore, Federal courts have commonly applied Chapter 74 of the Texas Civil Practice and Remedies Code to actions against health care providers arising in the state of Texas, and although it is not a definitively settled question, courts in this district have even applied the Expert Report requirements of Chapter 74. *Prentice v. U.S.*, 2013 WL 5878437 (N.D. Tex. 2013); *Cruz v. Chang*, 400 F.Supp.2d 906 (W.D. Tex. 2005); *Chapman v. U.S.*, 353 Fed. Appx. 911 (5th Cir. 2009).

Chapter 74 provides the statutory guidelines under which all causes of action alleging medical negligence must be filed. Namely, where the essence of the claim is related to health care or medical judgment, a claimant cannot also allege additional causes of action. Chapter 74 does not provide an exhaustive list of health care liability claims. Instead, for purposes of Chapter 74, a "health care liability claim" is

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West 2011). "Health care" is further defined as "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**               **Page 10**

medical care, treatment, or confinement." *Id.* § 74.001(a)(10). Chapter 74 defines "medical care" as "any act defined as practicing medicine under Section 151.002, Occupations Code, performed or furnished, or which should have been performed, by one licensed to practice medicine in [Texas] for, to, or on behalf of a patient during the patient's care, treatment, or confinement." *Id.* § 74.001(a)(19). "Practicing medicine" is defined as

> the diagnosis, treatment, or offer to treat a mental or physical disease or disorder or a physical deformity or injury by any system or method, or the attempt to effect cures of those conditions, by a person who (A) public professes to be a physician or surgeon; or (B) directly or indirectly charges money or other compensation for those services.

TEX. OCC. CODE ANN. § 151.002(13) (Vernon 2009). Chapter 74 does not define "treatment," but does provide that any words not defined "shall have such meaning as is consistent with common law." The court considers whether testimony from a medical or health care professional is necessary to prove the claim. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 848 (Tex. 2005). Although telling, a claim can be a health care liability claim for purposes of Chapter 74 even if no expert testimony is required to prevail at trial. *See Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005).

A plaintiff cannot, through artful pleading, avoid the strictures now codified in Chapter 74 by recasting health care liability claims as other causes of action. *Garland Community Hosp. v. Rose*, 165 S.W.3d 541, 544 (Tex. 2004). In this case, Plaintiff attempts to do just that. In addition to alleging medical negligence and gross negligence, Plaintiff attempts to bring claims against Defendants for (1) violation of consumer protection statutes; (2) battery; and (3) failure to warn. These claims constitute an impermissible recasting, and should be dismissed.

    *a. Violation of Consumer Protection Statutes*

Nowhere in the Short Form Complaint or the Master Complaint does Plaintiff allege or identify any consumer protection statute she claims Defendants violated. Ostensibly, the only consumer protection statute Plaintiff could recover under Texas State law is Chapter 17 of the Texas Business and Commerce Code (commonly known as the "DTPA"). Under § 74.004 of the Texas Civil Practice & Remedies Code, a plaintiff cannot bring a Texas Deceptive Trade Practices Act (DTPA) claim against a healthcare provider for damages resulting from medical negligence:

> Notwithstanding any other law, Sections 17.41-17.63, Business & Commerce code, do not apply to physicians or health care providers with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

TEX. CIV. PRAC. & REM. CODE § 74.004(a). *See also MacGregor Med. Ass'n v. Campbell*, 985 S.W.2d 38, 40-41 (Tex. 1998); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994). Since Defendants are a healthcare provider, they are exempt from consumer protection statutes, including the DTPA.

A plaintiff also cannot attempt to recast a medical negligence claim as a DTPA claim. *See Scientific Image Ctr. Mgmt. v. Brewer*, 282 S.W.3d 233, 238-39 (Tex. App.—Dallas 2009, pet. denied); *Mulligan v. Beverly Enters.-Tex.*, 954 S.W.2d 881, 884 (Tex. App.—Houston [14th Dist.] 1997, no pet.). For example, in *Scientific Image v. Brewer*, the plaintiff filed a medical malpractice claim and DTPA claim against healthcare provider Lifestyle Lift for a "botched face lift." *Brewer*, 282 S.W.3d at 235-36. According to the plaintiff, healthcare provider Lifestyle Lift violated the DTPA "by failing to inform the public (including Plaintiff) of the risks and complications of the procedure that it promoted through television ads and through other mediums, and by misrepresenting both the quality of the service and the benefits that the

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**  Page 12

consumers would obtain from the procedure." *Id*. at 236.  The defendant healthcare provider Lifestyle Lift, argued that the plaintiff's DTPA claim should be dismissed pursuant to Chapter 74 of the Texas Civil Practice & Remedies Code "because all of her claims stem from or are inextricably intertwined with the provider of health care by" the defendant.  *Id*.  The Dallas Court of Appeals agreed with the defendant and dismissed the plaintiff's DTPA claim accordingly.

In arriving at its decision that the plaintiff could not recast her medical malpractice claim as a DTPA claim, the *Brewer* court first determined that the plaintiff's DTPA action is a healthcare liability claim subject to Chapter 74.  *Id*.  In doing so, it reviewed the definition of healthcare and healthcare liability claim:

> "Health care" is defined in Chapter 74 as "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement."
>
> A "health care liability claim" is "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in the injury or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract."

*Id*. at 237 (citing TEX. CIV. PRAC. & REM. CODE §§ 74.001(a)(1) & (13)).  The issue of whether Lifestyle Lift was a healthcare provider was not addressed since the plaintiff served Chapter 74 expert reports – just like in this case.

The *Brewer* court explained that to determine whether the plaintiff's claim against Lifestyle Life meet the statutory definition of healthcare liability claim, it should "focus on the underlying nature of the cause of action and" not be "bound by the pleadings."  *Id*. at 238 (citing *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005)).  *See also Earle v.*

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**                                                      **Page 13**

*Radcliff*, 998 S.W.2d 882, 893 (Tex. 1999) (the underlying nature of the plaintiff's DTPA claim was medical negligence because the "gist" of the plaintiff's claims were that the defendant did not exercise the applicable standard of care); *Gormley v. Stover*, 907 S.W.2d 448, 450 (Tex. 1995) (underlying nature of DTPA claim was negligence because the plaintiff's claims were based on whether the dentist met the standard of care). Thus, the *Brewer* court considered the questioned conduct and the duties allegedly breached. *Id*. (citing *Rubio*, 185, S.W.3d at 851). The court found that "[i]f the act or omission complained of is an inseparable part of the rendition of medical care, the claim is a health care liability claim and is governed by [C]hapter 74." *Id*. (citing *Garland Community Hosp. v. Rose*, 165 S.W.3d 541, 544 (Tex. 2004); *Walden v. Jeffery*, 907 S.W.2d 446, 448 (Tex. 1995) (marketing of dentures was inseparable from the profession of dentistry and the medical services provided)). "One consideration in determining whether a claim is an inseparable part of the rendition of medical or health care services is the need for specialized or expert knowledge." *Id*. (citing *Garland*, 156 S.W.3d at 544).

The *Brewer* court also pointed out that "[t]he Texas Supreme Court repeatedly has held that plaintiffs cannot, through artful pleading, avoid the strictures now codified in [C]hapter 74 by recasting health care liability claims as other causes of action." *Id*. at 237-38.[1] Although not

---

[1] *Citing Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 845 (Tex. 2005) (patient's claim for sexual assault by another patient caused by nursing home's negligence in failing to provide adequate supervision and nursing services was health care liability claim); *Murphy v. Russell*, 167 S.W.3d 835, 839 (Tex. 2005) (claims doctor sedated patient after expressly representing and warranting he would not, could not be recast as DTPA action); *Garland Community Hosp. v. Rose*, 156 S.W.3d 541, 546 (Tex. 2004) (negligent credentialing claims centered on the quality of doctor's treatment were inextricably intertwined with the patient's medical treatment); *Earle v. Ratliff*, 998 S.W.2d 882 (Tex. 1999) (alleged representations concerning back surgeries related to treatment and surgeries performed and were not DTPA claims); *Walden v. Jeffery*, 907 S.W.2d 446, 447-48 (Tex. 1995) (dentist's failure to provide dentures that fit was a negligence claim, not DTPA claim); *MacGregor Med. Ass'n v. Campbell*, 985 S.W.2d 38, 40-41 (Tex. 1995) (clinic's statements in literature that it provided qualified personnel and resources, the best services possible, and emergency service twenty-four hours a day were not actionable under the DTPA when the complaint was negligent treatment); *Gormley v. Stover*, 907 S.W.2d 448, 449-50 (Tex. 1995) (per curiam) (dentist's statements he could perform surgery with no problems, that skin graft would work as well as bone graft, that after surgery

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**                                                    **Page 14**

bound by the pleadings, the *Brewer* court found a review of the plaintiff's allegations helpful in determining that they were a healthcare liability claim recast as a DTPA action. *Id*. The court noted that the essence of the plaintiff's claims is that the defendant "committed malpractice and she would never have consented to the face lift procedure but for the representations and omissions of both Lifestyle Lift and Standefer." *Id*. at 239. "Had the surgery been successful, she would have no DTPA claims." *Id*. Put another way, the plaintiff's damages flow from medical negligence; therefore, the injury should be brought as medical negligence claim and not as a DTPA claim.

Just like in *Brewer*, Plaintiff Brittany Henley brings claims for "violation of consumer protection statutes." Therefore, just like in *Brewer*, Plaintiff should be prohibited from recasting her healthcare liability claim as a DTPA claim.

### b. Battery

Plaintiff has also attempted to avoid or modify the applicability of Chapter 74 by recasting her claim against Defendants as a battery. Compl. at ¶ 7. Texas appellate courts have repeatedly refused to allow recasting of negligence claims in an attempt to safeguard the underlying policies of Chapter 74.[2] The Texas Supreme Court has recently clarified that a health care liability claim consists of three elements: "(1) a health care provider must be the defendant;

---

patient could wear dentures with no problems, and that patient's pain and numbness would subside following surgery, could not be recast as DTPA action).

2 *See Earle v. Ratliff*, 998 S.W.2d 882-93 (Tex. 1999); *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005); *Gormley v. Stover*, 907 S.W.2d 448, 450 (Tex. 1995) (per curiam); *Stanford*, 2011 WL 2518856, at *3; *Lee v. Boothe*, 235 S.W.3d 448, 450 (Tex. App.—Dallas, no pet.); *see also Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994); *Walden,* 907 S.W.2d 446; *Savage v. Psychiatric Institute of Bedford, Inc., 965 S.W.2d 745, 751* (Tex. App.—Fort Worth 1998)*; MacGregor Medical Ass'n v. Campbell*. 985 S.W.2d 38, 39-41 (Tex. 1998) (per curiam*); Earle*, 998 S.W.2d 892; *Waters ex rel. Walton v. Del-Ky, Inc.*, 844 S.W.2d 250, 259 (Tex. App.—Dallas 1992, no writ); *Mulligan v. Beverly Enterprises-Texas, Inc.*, 954 S.W.2d 881, 882-84 (Tex. App.—Houston [14th Dist.] 1997, no writ).

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**         **Page 15**

(2) the suit must be about the patient's treatment, lack of treatment, or some other departure from accepted standards of medical . . . or health care or safety; (3) the defendant's act, omission, or other departure must proximately cause the patient's injury." *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 662 (Tex. 2010) (plurality op.). Thus, in determining whether a claim is a health care liability claim, the Court considers the nature and essence of the claim, rather than the way the claim was pleaded. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005); *Drewery v. Adventist Health Systems/Texas, Inc.*, 344 S.W.3d 498, 501-02 (Tex. App.—Austin 2011, pet. filed) ("When the essence of the suit is a health care liability claim, a party cannot avoid the requirements of the statute through artful pleading."). *See also Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004). In other words, when the "gravamen or essence of a cause of action is a health care liability claim, . . . allowing the claim to be split or spliced into a multitude of other causes of action with differing standards of care, damages, and procedures would contravene the Legislature's explicit requirements." *Yamada v. Friend*, 335 S.W.3d 192, 197 (Tex. 2010).

Battery and assault claims that derive from a health care provider's alleged deviation from the standard of care are dismissed as impermissible attempts to recast a health care liability claim. For example, in *Lee*, the court rejected the plaintiff's assault claim (among others) against an eye surgeon that allegedly used "excessive force" during an Interlasik operation. *Lee*, 335 S.W.3d at 197. The court concluded that "whether the force used by [the doctor] was, in fact, excessive necessarily requires expert testimony on the appropriate standard of care and whether the standard of care was breached," and thus "was not an inseparable part of the rendition of medical services." *Id.* As such, the plaintiff was required to comply with the requirements of

Chapter 74, and the court affirmed dismissal of the assault claim. *Id.* In the present case, the gravamen and essence of the claim for battery stems exclusively from the health care provided by Defendants, which should therefore entitle Defendants to protection under Chapter 74 as Plaintiff is merely recasting a health care liability claim.

   c. *Failure to Warn*

Plaintiff also alleges a "failure to warn" claim against Defendants. Compl. at ¶ 7. Plaintiff provides no basis for her claim; presumably, she is alleging Defendants failed to warn her about the NECC drug. At the core of this allegation is the argument that Defendants failed to disclose and/or adequately disclose the risks and hazards involved in taking the NECC drug. Under Texas law, the only theory on which recovery may be obtained for the failure of a physician to disclose or adequately disclose the risks involved is a cause of action pursuant to Chapter 74.101 for failure to obtain informed consent. *See* TEX. CIV. PRAC. & REM. CODE ANN. §74.101. An action for failure to obtain informed consent may not be filed or "recast" as a "failure to warn" claim so as to avoid Chapter 74's requirements.[3]

---

3 See *Gaut v. Quast*, 505 S.W.2d 367 (Tex. Civ. App.—Houston [14th Dist.] 1974), writ ref'd n.r.e., 510 S.W.2d 90 (Tex. 1974); *Theroux v. Vick*, 163 S.W.3d 111, 114 (Tex. App.—San Antonio 2005, pet. denied) (a patient's claims that the doctor misrepresented his prior experience and training and misrepresented or failed to disclose the risks of need for more invasive surgery are based on "whether [the doctor] adequately disclosed the risks of the surgical procedure to her"); *Baribeau v. Gustafson*, 107 S.W.3d 52, 62 (Tex. App.—San Antonio 2003, pet. denied) ("Baribeau's fraudulent misrepresentation about the extent of the procedure he intended to perform essentially prevented [Gustafson] from making an informed choice about her medical treatment."); *Marks-Brown v. Rogg*, 928 S.W.2d 304, 306 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (allegation that the doctor misrepresented the nature of a patient's cancer and failed to disclose risks of proposed treatment based upon the patient's prior heart condition and medical history is one for lack of informed consent); *Johnson v. Whitehurst*, 652 S.W.2d 441, 446 (Tex. App.—Houston [1st Dist.] 1983, writ ref 'd n.r.e.) ("The issue of fraudulent misrepresentation by a doctor is included within the category of informed consent."); *Mahlen v. Senft*, 1996 Tex. App. LEXIS 3024, 12-14 (Tex. App.—Houston [14th Dist.] 1996) (holding that when claims are based on allegations that the physician or health care provider misled the patient into submitting to the medical procedure, the remedy for this improper disclosure is a cause of action based on lack of consent, not one cause of action for lack of consent and a second for intentional or negligent misrepresentation).

C.     **In the Alternative, Motion to Abate under Texas Civil Practice and Remedies Code Chapter 74.**

Should the Court decline to grant Defendants' Motion to Dismiss, Defendants alternatively seek a 60 day abatement pursuant to Tex. Civ. Prac. & Rem. Code §§ 74.051, 74.052(a). Under Chapter 74, a claimant must provide 1) notice of claim 60 days prior to filing suit and 2) a valid medical authorization in the form prescribed by Chapter 74. On December 20, 2013, Plaintiff filed this health care liability claim as to Defendants. Despite Plaintiff's claim to have complied with "the applicable state law pre-suit requirements for filing [her] Short Form Complaint," (see Compl. at ¶ 8), Plaintiff did not send a notice of claim or valid medical authorization 60 days prior to filing suit. Accordingly, Defendants move to abate this action for 60 days. Tex. Civ. Prac. & Rem. Code §§ 74.051, 74.052(a). When a valid notice of claim or medical authorization has not been timely provided, the court "shall abate all further proceedings against the physician or healthcare provider receiving the notice until 60 days following receipt by the physician or healthcare provider of the required authorization." Tex. Civ. Prac. & Rem. Code § 74.052(a). As such, abatement is mandatory.

### III.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management respectfully request, pursuant to Federal Rules of Civil Procedure 12(b)(6), that this Court: (1) grant their Motion to Dismiss; (2) dismiss all of Plaintiff's claims with prejudice; (3) specifically dismiss all claims asserted against Defendants Abbeselom Ghermay, M.D. and Dallas Back Pain Management/Momentum Pain Management; (4) enter judgment in favor of Defendants Abbeselom Ghermay, M.D. and

Dallas Back Pain Management/Momentum Pain Management and against Plaintiff; (5) award costs against Plaintiffs; (6) in the alternative, grant Defendants' Motion for Abatement; and (7) grant such other and further relief to which Defendants are justly entitled.

Dated:  June 19, 2014                                    Respectfully submitted,

                                                 By:   /s/  *Elizabeth M. Fraley*
                                                    Elizabeth M. Fraley
                                                    State Bar No. 13180500
                                                    efraley@fraley-law.com (email)
                                                    Heather A. Kanny
                                                    State Bar No. 24070031
                                                    hkanny@fraley-law.com (email)

                                            FRALEY & FRALEY, L.L.P.
                                            901 Main St., Suite 6300
                                            Dallas, Texas 75202
                                            Telephone:  (214) 761-6460
                                            Facsimile:  (214) 761-6469

                                            ATTORNEYS FOR DEFENDANTS
                                            ABBESELOM GHERMAY, M.D. AND
                                            DALLAS BACK PAIN MANAGEMENT/
                                            MOMENTUM PAIN MANAGEMENT

# CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2014, I electronically filed the foregoing Brief in Support of Motion to Dismiss with the Clerk of the Court using the ECF System for the U. S. District Court, District of Massachusetts which will send notification of such filing to all registered participants.

/s/  *Elizabeth M. Fraley*
Elizabeth M. Fraley

Mr. Jim Girards
Girards Law Firm
10000 N. Central Expy, Suite 400
Dallas, Texas 75231
Attorney for the Plaintiff