UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates to:<br><br>All Cases | Case No. 1:13-md-2419-RWZ |

**DEFENDANT LIBERTY INDUSTRIES, INC.'S
PRESERVATION REQUEST**

Defendant, Liberty Industries, Inc. ("Liberty") hereby responds to the *Chapter 11 Trustee's Notice Regarding Further Relief From Preservation Order* (Dkt. No. 1174) and submits the following in support of its Preservation Request:

1. Liberty is a defendant in twenty-two (22) actions pending in the MDL. The claims against Liberty are based on its alleged design, manufacture, construction, and/or installation of cleanrooms at the New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), located at 697 Waverly Street, Framingham, Massachusetts ("Property"). *See e.g.* Master Complaint, Dkt. No. 545 at ¶¶ 125 – 135.

2. Liberty was engaged in mediation however the parties reached an impasse and Liberty withdrew from mediation on June 13, 2014. *See* Dkt. No. 1196. While it participated in mediation, there was a stay of discovery pursuant to the Order on Mediation Program. *See* Dkt. No. 394 at ¶ II.L.2. Liberty and the Plaintiffs' Steering Committee ("PSC") agreed to an informal exchange of documents as permitted by the Mediation Order, however that was the extent of discovery undertaken at that time.

3.	Liberty is now actively defending itself against the Complaints and pursuing its contribution and indemnification claims against other parties. This requires that the full complement of litigation tools be utilized, including site inspections, discovery and motion practice. For example, Liberty has already contacted the PSC regarding a Rule 16 scheduling conference, and Liberty will be seeking discovery from the PSC, the Insiders and Affiliates of NECC, as well as other appropriate parties that played some role with respect to the Property and the events that led to the fungal meningitis outbreak. A task critical to Liberty's preparation of its defense is an inspection of the Property out of which NECC operated.

4.	The entire basis for the claims against Liberty rests on its role with respect to the construction of three cleanrooms at the Property in 2005, 2006, and 2008, respectively. Putting aside for the moment plaintiffs' proof problems that arise from not knowing in which cleanroom the contaminated drugs were compounded, Liberty must have access to the Property to inspect, photograph, and take measurements at the Property. Liberty is aware of and has viewed an inspection video created in December 2012 at the behest of the PSC long before Liberty was named in the Master Complaint was filed in November 2013. However, the December 2012 inspection by the PSC does not capture the type of evidence Liberty requires to prepare its defense. For example, the video does not identify in which cleanrooms it filmed, nor do the photographs taken during the inspection indicate in which rooms they were taken. Also, most importantly, Liberty was not present at this inspection.

5.	Liberty therefore requests the Property be preserved until such time as Liberty is afforded an opportunity to inspect the Property. Liberty communicated with counsel for the Chapter 11 Trustee in an attempt to effect this inspection informally, however Liberty has yet to receive a response from the Trustee. Liberty seeks only to enter the Property to view, film,

photograph, measure, and take note of its current existing condition.  After Liberty has completed its inspection, it has no objection to, and does not intend to interfere with, the Trustee's disposition of the Property.

6. Liberty does not seek preservation of the Property for an unlimited duration of time.  It is Liberty's intention that an inspection occur within thirty (30) days of this filing.  It is in Liberty's interests to expedite an inspection because it is currently defending against a declaratory judgment action initiated by the sole insurer that has agreed to defend it, albeit subject to a reservation of rights.  *See Great American E&S Insurance Company v. Liberty Industries, Inc.*, Case No. 3:14-cv-00499-VLB ("the DJ Action").  Although the DJ Action is unlikely to be resolved within thirty days, Liberty prefers to proceed with its defense as expeditiously as possible, and a Preservation Order that lasts for thirty days is unlikely to interfere in any significant way with the Trustee's disposition of the Property.

7. Liberty's need for limited access to the Property as outlined above constitutes good cause for maintaining the Preservation Order for a limited duration, and Liberty will be unfairly prejudiced if it is deprived access to the Property that forms the basis for all of the Complaints against which Liberty is defending.

WHEREFORE, Liberty Industries, Inc. respectfully requests entry of an Order in the form attached hereto as Exhibit A.

|  |  |
|---|---|
|  | Respectfully submitted |
|  |  |
|  | LIBERTY INDUSTRIES, INC., |
|  | By its attorneys, |
|  |  |
|  | */s/ Peter G. Hermes* |
|  | Peter G. Hermes, BBO No. 231840 |
|  | phermes@hermesnetburn.com |
|  | Scott S. Spearing, BBO No. 562080 |
|  | sspearing@hermesnetburn.com |
|  | Dianne E. Ricardo, BBO No. 675586 |
|  | dricardo@hermesnetburn.com |
|  | HERMES, NETBURN, O'CONNOR |
|  |     & SPEARING, P.C. |
|  | 265 Franklin Street, 7th Floor |
|  | Boston, MA 02110 |
|  | (617) 728-0050 (T) |
| Dated:  June 19, 2014 | (617) 728-0052 (F) |

## CERTIFICATE OF SERVICE

Pursuant to Rule 9013-3 of the Local Rules of the United States District Court, I hereby certify that this document is filed through the ECF system, and served electronically on all parties of record registered with the Court's electronic filing system, on June 19, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes

*G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Preservation Request.docx*