UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>All Cases | MDL No. 2419<br><br>Master Dkt. No. 1:13-md-2419- RWZ |

**DEFENDANT UNIFIRST CORPORATION'S PRESERVATION REQUEST IN RESPONSE TO THE CHAPTER 11 TRUSTEE'S NOTICE REGARDING FURTHER RELIEF FROM THE PRESERVATION ORDER**

The Chapter 11 Trustee's June 5, 2014 Notice Regarding Further Relief from the Preservation Order announces his intention to sell or otherwise dispose of all of NECC's remaining assets and to vacate its Framingham premises.  Dkt. No. 1174.[1]  Among these assets is evidence that is directly relevant to plaintiffs' claims and UniFirst's defenses – including but not necessarily limited to the clean room in which NECC made the contaminated product that is at the center of this MDL.  UniFirst has not had the opportunity to inspect any of this evidence in light of the stay of discovery against NECC.  UniFirst, therefore, objects to the Trustee's notice to the extent it seeks to alter or destroy evidence that UniFirst has not had the opportunity to inspect or review and requests that this evidence be preserved.[2]  Specifically, UniFirst requests an Order that the Trustee not be allowed to proceed until he has:  (1) allowed UniFirst to conduct

---

[1] Unless otherwise noted, all Docket Numbers refer to documents filed on the central MDL Docket, 13-md-02419.

[2] As detailed further below, the Court's Further Preservation Order (Dkt. No. 177) authorizes the Trustee to seek to remove property from the Preservation Order's protection through filing a notice and requires any party objecting to file a "Preservation Request" within fourteen days.

an inspection of the entire NECC property and to identify any items that may require further testing or inspection; and (2) produced for UniFirst's review all computer, video, or documentary evidence in NECC's possession.  As further grounds for its objection, UniFirst states as follows:

(1)   In December 2012, the Court ordered NECC to preserve all documents, electronically stored information, and tangible things within its custody and control that were reasonably likely to be relevant or subject to discovery in this case.  Order as to the Preservation of Potential Evidence by New England Compounding Pharmacy, Inc. ("Preservation Order"), Case No. 12-cv-12052, Dkt. No. 110.[3]

(2)   In May 2013, the Trustee requested modification of the Preservation Order so that it could reject certain equipment leases.  *See* Dkt. Nos. 147, 148.  At the time, many parties unaffiliated with NECC (including UniFirst) were not involved in this action.  Recognizing this, the United States raised the concern that potential future defendants may not be aware of any disposition of evidence by the Trustee that may be relevant to their defense.  *See* Statement of Interest by the United States of America, Dkt. No. 149, at 3-4 (noting potential defendants may, in the future, "assert that access to or testing of the Subject Property is relevant or essential to their defense" and proposing notice procedure).  The Court subsequently issued its Further Preservation Order, granting the Trustee's request subject to an expanded notice procedure that allows the Trustee to dispose of estate assets only if interested parties do not file a Preservation Request that shows cause as to why the Preservation Order should not be modified.  *See* Dkt. No. 177.

(3)   Many of the facts, claims, and defenses in this case revolve around what happened in the clean rooms in which NECC manufactured steroidal injections that became

---

[3]   Under MDL Order No. 6, all orders entered in *Erkan v. NECC* apply to all actions in the MDL, unless subsequently superseded.  Dkt. No. 209, at 4.

contaminated and caused injury. To date, more than 670 plaintiffs have brought claims against UniFirst, all of whom make specific allegations about the conditions of NECC's clean rooms, as well as the results of testing and other documentation that NECC was required to perform on a routine basis to verify conditions and procedures in those clean rooms.

(4) As a result of a stay of discovery as to NECC, UniFirst has not been able to inspect NECC's facilities, its clean rooms, its records, or any other potential physical evidence that may exist.[4]

(5) A sale of NECC's premises and disposal of physical and documentary evidence they contain would, at the very least, deprive UniFirst of the ability to inspect the facility, including the clean room in which the contamination allegedly occurred.[5] Nor would UniFirst have the opportunity to review records and other evidence that documented conditions in the clean rooms at the time that the products at issue were compounded. Such an inspection is necessary to enable UniFirst and its experts to explore possible factors that may have caused or contributed to the contamination of NECC's products. An inspection also may reveal certain physical evidence – from ceiling panels to pieces of equipment – or documentary evidence that should continue to be preserved. Allowing relevant evidence to be altered or conveyed without providing UniFirst a meaningful opportunity to review it would prejudice UniFirst's ability to defend itself in this litigation.

---

[4] In contrast to UniFirst, the Plaintiffs' Steering Committee and its consultants were given full access to NECC's facility, and conducted a four-day inspection. PSC Status Report, at 16-17 (Mar. 12, 2014) (Dkt. No. 1005). It would be unfair to deprive UniFirst of the discovery afforded to plaintiffs.

[5] To adequately defend itself, UniFirst needs to inspect the *entire* NECC property, including, but not limited to, the clean rooms, the roof, the HVAC structure, and the neighboring recycling plant.

(6)     A sale of NECC's assets also could potentially include computer, video, or documentary evidence that is directly relevant to this litigation.  Any such evidence should be made available to UniFirst for inspection and copying and should be excluded from any sale.[6]

(7)     UniFirst does not object to the sale of NECC's assets *after* UniFirst has had the opportunity to inspect NECC's facilities, provided that relevant physical evidence (including computer hard drives and documents) is excluded from the sale and produced for inspection and copying.

WHEREFORE, for the foregoing reasons, UniFirst respectfully requests that the Court prohibit the Trustee from selling or otherwise disposing of the remaining NECC property and from vacating the Framingham premises.  Specifically, UniFirst requests an Order that the Trustee not be allowed to proceed until he has:  (1) allowed UniFirst to conduct an inspection of the entire NECC property and identify any items that may require further testing or inspection; and (2) produced for UniFirst's review all computer, video, or documentary evidence in NECC's possession.

Respectfully submitted,

DEFENDANT UNIFIRST CORPORATION

By its attorneys,

*/s/ James C. Rehnquist*

James C. Rehnquist (BBO #552602)
Roberto M. Braceras (BBO # 566816)
Abigail K. Hemani (BBO # 650721)
Michael K. Murray (BBO # 563804)

---

[6] The Trustee has not identified the precise assets that would be included in a sale.  Unlike in May 2013, when the Trustee sought leave to partially dispose of NECC's equipment, the Trustee has not attached a schedule of affected assets to its current notice.  *Cf.* Dkt. No. 148-1 (listing equipment leases to be rejected).

4

                                    Josh L. Launer (BBO # 673661)
                                    **GOODWIN PROCTER LLP**
                                    Exchange Place
                                    53 State Street
                                    Boston, Massachusetts 02109-2881
                                    Telephone: 617.570.1000
                                    Facsimile: 617.523.1231
                                    jrehnquist@goodwinprocter.com
                                    rbraceras@goodwinprocter.com
                                    ahemani@goodwinprocter.com
                                    mmurray@goodwinprocter.com
                                    jlauner@goodwinprocter.com

Dated: June 19, 2014

## **CERTIFICATE OF SERVICE**

   I, James C. Rehnquist, hereby certify that a copy of this document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF) will be sent to these parties by operation of the CM/ECF system on June 19, 2014.

                /s/ *James C. Rehnquist*