UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Rivera v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10412 | **Document Electronically Filed**<br><br>MDL No. 1:13-md-2419-FDS |

**BRIEF IN OPPOSITION OF DR. NITESH BHAGAT, M.D.'S MOTION TO DISMISS PLAINTIFFS COMPLAINT WITH PREJUDICE AGAINST HIM FOR PLAINTIFF'S FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT**

On the Brief:

Michael F. Barrett, Esq.
Mary T. Gidaro, Esq.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
215-496-8282 (tele)
215-496-0999
ATTORNEYS FOR PLAINTIFFS

## STATEMENT OF FACTS

The suits at bar come in the context of a public health crisis caused by the nationwide distribution of quantities of the steroid product methylprednisolone acetate found to be contaminated with a fungus. In the instant matter, Dr. Nitesh Bhagat (herein "Dr. Bhagat") administered the methylprednisolone acetate (hereinafter "MPA") injections contaminated with fungus to Plaintiff, Juanita Rivera, on or about June 13, 2012; July 19, 2012; and September 12, 2012. On or about November 16, 2012, Plaintiff filed a Complaint with the Superior Court of New Jersey, Cumberland Count identifying Dr. Nitesh Bhaat and South Jersey Healthcare as Defendants.[1] (A copy of Plaintiff's November 16, 2012 Complaint is attached hereto and marked as Exhibit A"). Thereafter, the Rivera matter was consolidated and transferred into Multidistrict Litigation in Massachusetts pending before Honorable Court. On or about December 5, 2013, Defendant, Dr. Bhagat filed a similar Motion to Dismiss Plaintiffs Complaint with prejudice. On December 6, 2013, Plaintiff filed a Short-Form Complaint in the matter adopting the Master Complaint, and superseding the previous Complaint filed by Plaintiff, whereupon Dr. Bhagat was not named as a Defendant. (See Plaintiff's December 6, 2013 Short-Form Complaint attached hereto and marked as Exhibit "B").

On or about December 16, 2013, Plaintiff, Ms. Rivera filed opposition to Dr. Bhagat's first Motion to Dismiss indicating the Motion was moot as Plaintiff did not identify Dr. Bhagat as a Defendant in the Short Form Complaint. On December 27, 2013, Judge Saylor denied Dr. Bhagat's Motion to Dismiss without prejudice and noted Defendant's Motion was moot because Plaintiff did not identify Dr. Bhagat as a Defendant in his Short Form Complaint. (See Judge Saylor's Order as docketed attached hereto and marked as Exhibit "C").

---

[1] South Jersey Healthcare subsequently became known as Inspira Heath Network and Inspira Medical Centers.

2

There have been no further developments or changes with respect to Dr. Bhagat's status since Judge Saylor's December 27, 2013, Order Denying Dr. Bhagat's Motion to Dismiss. Dr. Bhagat has now again filed the same Motion to Dismiss. Plaintiff respectfully requests this Honorable Court to Deny Dr. Bhagat's Motion to Dismiss for the reasons set forth herein.

## LEGAL ARGUMENT

**I.   Dr. Nitesh Bhagat, M.D.'s Motion to Dismiss Plaintiff's Complaint with Prejudice for Plaintiffs Failure to Serve a Proper Affidavit of Merit is Moot as Dr. Bhagat is Presently No Longer a Party to this Case.**

When Plaintiff, Juanita Rivera filed her Short-Form Complaint on December 6, 2013, Dr. Bhagat was not identified as a Defendant and all previous Complaints filed by Plaintiff were superseded. As such, Dr. Bhagat is no longer a party to this matter pending before this Court. Further, Dr. Bhagat's counsel through a signed letter unequivocally admitted that Dr. Bhagat is no longer a party. (See January 17, 2014 Defense Counsel Letter attached hereto and marked as Exhibit "D"). Accordingly, Dr. Bhagat's Motion to Dismiss Plaintiff's Complaint is moot.

**II.   An Order Granting the Dismissal of Dr. Bhagat with Prejudice is Not Proper at this Time as Dr. Bhagat is Not Presently a Party to this Litigation, the Statute of Limitations Has Not Expired and Discovery Has Been Essentially Stayed**

The Master Complaint contains allegations of additional claims against the Clinic Defendants other than professional negligence claims,[2] such as Civil Conspiracy. To date, Plaintiff does not have specific, additional information regarding Dr. Bhagat's knowledge and/or involvement in Inspira's decision to purchase MPA from New England Compounding Pharmacy. Although Plaintiff is in receipt of the relevant medical records from Inspira, these records confirm that Dr. Bhagat administered the injections at issue, however the medical records do not

---

[2] An Affidavit of Merit Statute only applies to any action involving professional matlpractic. See N.J.S.A. 2A:53-A-77

3

provide any information with respect to Dr. Bhagat's knowledge and/or involvement in Inspira's decision to purchase preservative-free MPA from New England Compounding Pharmacy. On or about December 18, 2013, Plaintiff served discovery upon Inspira's counsel and Dr. Bhagat's counsel seeking additional information regarding Dr. Bhagat's role. (See Plaintiff's Supplemental Interrogatories attached hereto and marked as Exhibit "E"). However, at or about the same time, a Private Mediation Agreement was finalized amongst Inspira, the Bankruptcy Trustee, the Plaintiffs' Steering Committee and the Official Creditor's Committee. On January 6, 2014 Order attached hereto and marked as Exhibit "F"). In that regard, on or about January 14, 2014, Inspira's counsel confirmed that pursuant to the Court's Order Staying discovery, Inspira would not be responding to Plaintiff's Supplemental Interrogatories. (See a copy of the January 14, 2014 correspondence attached hereto and marked as Exhibit "G").[3] (See also Exhibit "D" wherein counsel for Dr. Bhagat confirms that the will not provide any information as he is not a Defendant).

As discovery has been stayed and the fact that the Statue of Limitations does not expire until late September, 2014, it is Plaintiff, Rivera, who will be prejudiced should the Court dismiss Dr. Bhagat with prejudice at this time. Therefore, Plaintiff respectfully requests this Honorable Court to Deny Dr. Bhagat's Motion as moot or, in the alternative, without prejudice to be renewed if the current status of the litigation of this matter as to Dr. Bhagat changes.

---

[3] The Inspira Mediation was originally scheduled to go forward on or about April 2, 2014, but was postponed. Currently, this Mediation is scheduled to go forward on July 2, 2014. Accordingly, Plaintiff will be unable to obtain discovery from Inspira pending the Mediation.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the attached proposed Order should be entered and Defendant, Dr. Nitesh Bhagat, M.D.'s Motion to Dismiss Plaintiff's Complaint be deemed moot, and/or in the alternative, denied without prejudice.

Respectfully submitted,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY: /s/*Michael F. Barrett*
    MICHAEL F. BARRETT, ESQUIRE
    MARY T. GIDARO, ESQUIRE
    One Liberty Place, 52nd Floor
    1650 Market Street
    Philadelphia, PA 19103
    215-496-8282 (tele)
    215-496-0999 (fax)
    ATTORNEYS FOR PLAINTIFFS

DATED:  June 20, 2014