# EXHIBIT A

**Appendix XII-B1**



### CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
|---|---|
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Michael F. Barrett, Esquire | (856) 751-8383 | Cumberland |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Saltz, Mongeluzzi, Barrett & Bendesky, P.C. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 8000 Sagemore Drive Suite 8303 Marlton, NJ 08053 | Complaint |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Juanita M. Rivera and Anthony Rivera, w/h | Juanita Rivera v. New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, et al. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ■ YES ☐ No |
|---|---|
| 606/604 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

---

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ■ OTHER (explain) Medical care provider |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
285 STRYKER TRIDENT HIP IMPLANTS
286 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION

291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
623 PROPECIA

**Mass Tort (Track IV)**
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM

281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
284 NUVARING
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
8000 Sagemore Drive
Suite 8303
Marlton, NJ 08053
856-751-8383 (tele)
856-751-0868 (fax)
ATTORNEYS FOR PLAINTIFF

SUPERIOR COURT OF N.J.
CUMBERLAND COUNTY
LAW DIVISION

NOV 16 2012

REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

---

Plaintiff

JUANITA M. RIVERA AND ANTHONY RIVERA, w/h
775 South 6th Street
Apt 7A-E
Vineland, NJ  08360

vs.

Defendants

NEW ENGLAND COMPOUNDING PHARMACY, INC.,
d/b/a NEW ENGLAND COMPOUNDING CENTER
697 Waverly Street
Framingham, MA 01701

    and

AMERIDOSE, LLC
205 Flanders Road
Westborough, MA  01581

    and

ALAUNUS PHARMACEUTICAL, LLC
687 Waverly Street
Framingham, MA  01701

    and

SOUTH JERSEY HEALTHCARE
1505 West Sherman
Vineland, NJ  08360

    and

---

*SUPERIOR COURT OF NJ*
*CUMBERLAND COUNTY*
*LAW DIVISION*

*Docket No.* L-989-12

**CIVIL ACTION**

**COMPLAINT**

**JURY TRIAL DEMANDED**

SOUTH JERSEY REGIONAL MEDICAL CENTER
1505 West Sherman
Vineland, NJ 08360
  and

NITESH BHAGAT, M.D.
1505 West Sherman
Vineland, NJ 08360

  and

JOHN DOE(S) CORPORATIONS (1-4)

  and

JOHN DOE(S), M.D. (1-3)

## PARTIES

    1.    Plaintiffs, **Juanita M. Rivera and Anthony Rivera,** claims of Defendants, and each of them respectively, jointly and severally, separate sums in excess of Fifty Thousand ($50,000.00) Dollars in damages upon causes of action wherein the following are true statements:

    2.    Plaintiffs, **Juanita M. Rivera and Anthony Rivera,** are wife and husband residing at 775 South 6th Street, Apt 7A-E. Vineland, NJ 08360.

    3.    Defendant, **New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center** (hereinafter referred to as "NECC"), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, with its principal place of business located at 697 Waverly Street, Framingham, MA 01701.

4.     At all times mentioned herein and material hereto, Defendant, NECC, was in the business of manufacturing, compounding, marketing, and selling medications such as methylprednisolone acetate, an injectible steroid.

5.     Defendant, **Ameridose, LLC** (hereinafter referred to as "Ameridose") is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, with its principal place of business located at 205 Flanders Road, Westborough, MA 01581.

6.     At all times mentioned herein and material hereto, Defendant, Ameridose, was in the business of manufacturing, compounding, marketing, and selling medications such as methylprednisolone acetate, an injectable steroid.

7.     Defendant, **Alaunus Pharmaceutical, LLC** (hereinafter referred to as "Alaunus") is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, with its principal place of business located at 697 Waverly Street, Framingham, MA 01701.

8.     At all times mentioned herein and material hereto, Defendant, Alaunus, was in the business of manufacturing, compounding, marketing, and selling medications such as methylprednisolone acetate, an injectable steroid.

9.     Upon information and belief, Defendants, New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center; Ameridose, LLC; and Alaunus Pharmaceutical, LLC have the same parent company and/or are subsidiaries of each other, and/or have the same

managers, owners, board of directors, officers and interlocking directorates and are interrelated entities.

10.     Defendants, New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center; Ameridose, LLC; and Alaunus Pharmaceutical, LLC are hereinafter collectively referred to as "Defendants, NECC".

11.     Defendant, **South Jersey Healthcare,** is a corporation, hospital, medical institution and medical facility, duly organized and existing under and by virtue of the laws of the state of New Jersey, with its principal place of business located at 1505 West Sherman, Vineland, NJ 08360.

12.     At all times mentioned herein and material hereto, Defendant, South Jersey Healthcare, held itself and its agents, servants, workers, representatives, physicians, nurses, staff, contractors, medical personnel and employees out to be skillful and qualified to attend, care for, treat and render medical care and services to patients such as Plaintiff, Juanita M. Rivera.

13.     Defendant, South Jersey Healthcare, is a subsidiary of **South Jersey Hospital, Inc.** and/or **John Doe Corporation.**

14.     Defendant, **South Jersey Regional Medical Center,** is a corporation, hospital, medical institution and medical facility, duly organized and existing under and by virtue of the laws of the state of New Jersey, with its principal place of business located at 1505 West Sherman, Vineland, NJ 08360.

- 4 -

15.     At all times mentioned herein and material hereto, Defendant, South Jersey Regional Medical Center, held itself and its agents, servants, workers, representatives, physicians, nurses, staff, contractors, medical personnel and employees out to be skillful and qualified to attend, care for, treat and render medical care and services to patients such as Plaintiff, Juanita M. Rivera.

16.     Defendant, South Jersey Regional Medical Center, is a subsidiary of South Jersey Healthcare and/or Joe Doe Corporation.

17.     Defendants, South Jersey Healthcare and South Jersey Regional Medical Center, will be collectively referenced as **"South Jersey Healthcare"** hereinafter.

18.     Defendants, **John Doe Corporations (1-4)**, are corporations, medical facilities and/or medical practice groups, duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts and /or the state of New Jersey, with their principal places of business at unknown addresses, whose true names are unknown to Plaintiff and are being sued by Plaintiff under fictitious names, pursuant to R.4:26-4.

19.     At all times mentioned herein and material hereto, Defendants, John Doe Corporations (1-4), held themselves and their agents, servants, workers, representatives, physicians, nurses, staff, contractors, medical personnel and employees out to be skillful and qualified to attend, care for, treat and render medical care and services to patients such as Plaintiff, Juanita M. Rivera.

20.     Defendant, **Nitesh Bhagat, M.D.** (hereinafter "Dr. Bhagat"), is a duly licensed physician, who at all times mentioned herein and material hereto, was a practicing physician in the state of New Jersey, a member of the staff of South Jersey Healthcare and/or John Doe Corporations (1-4) and was an agent, ostensible agent, servant, representative and/or employee of Defendant, South Jersey Healthcare, and/or John Doe Corporations (1-4).

21.     At all times mentioned herein and material hereto, Defendant, Dr. Bhagat, represented himself out to be a competent, skillful and qualified physician, qualified to practice, attend, treat and administer medical care and treatment upon and to patients such as Plaintiff, Juanita M. Rivera.

22.     Defendants, **John Doe(s), M.D. (1-3)**, are duly licensed physicians, who at all times mentioned herein and material hereto, were practicing physicians in the state of New Jersey, members of the staff of South Jersey Healthcare and/or John Doe Corporations (1-4) and were agents, ostensible agents, servants, representatives and/or employees of Defendant, South Jersey Healthcare and/or John Doe Corporations (1-4), whose true names are unknown to Plaintiff and are being sued by Plaintiff under fictitious names, pursuant to R.4:26-4.

23.     At all times mentioned herein and material hereto, Defendants, John Doe(s), M.D., represented themselves to be competent, skillful and qualified physicians, qualified to practice, attend, treat and administer medical care and treatment upon and to patients such as Plaintiff, Juanita M. Rivera.

## FACTS

24.    On or about June 14, 2012, Plaintiff, Juanita M. Rivera, received a lumbar epidural steroid injection, secondary to back pain; said injection was administered by Defendant, Dr. Bhagat, at Defendant, South Jersey Healthcare.

25.    The injectable steroid received by Plaintiff, Juanita M. Rivera, on June 14, 2012 was methylprednisolone acetate, which was manufactured, and/or compounded, and/or sold by Defendants, NECC.

26.    Thereafter, in or about late September 2012 and/or October 2012, Defendants, NECC, recalled the injectable steroid as it was determined that the injectable steroid compounded by Defendants, NECC, was contaminated with a fungus.

27.    On or about September 29, 2012, Plaintiff, Juanita M. Rivera, developed a severe headache and neck pain.

28.    On October 24, 2012, Plaintiff, Juanita M. Rivera, presented to Defendant, South Jersey Healthcare, and a lumbar puncture was attempted twice, then she was admitted to the hospital to undergo a lumbar puncture on the following day.

29.    On or about October 25, 2012, Dr. Bhagat performed a lumbar puncture upon Plaintiff, Juanita M. Rivera, and she was also evaluated by an infectious disease physician; final results of the lumbar puncture are pending.

30.    Since receiving the contaminated epidural steroid injection, Plaintiff, Juanita M. Rivera, has suffered with headaches and neck pain.

- 7 -

31.    Based upon information disclosed by the US Centers for Disease Control and Prevention (hereinafter referred to as "CDC"), Plaintiff, Juanita M. Rivera, is now at an increased risk of contracting meningitis which is inflammation of the lining surrounding the brain and the spinal cord.

### COUNT I – VIOLATIONS OF THE PRODUCT LIABILITY ACT, N.J. STAT. § 2A:58C-1 TO 7.

### JUANITA M. RIVERA and ANTHONY RIVERA, w/h
### V.
### NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE, LLC, ALAUNUS PHARMACEUTICAL, LLC, SOUTH JERSEY HEALTHCARE, SOUTH JERSEY REGIONAL MEDICAL CENTER AND JOHN DOE(S) CORPORATIONS (1-4)

32.    Plaintiff incorporates by reference all aforementioned paragraphs of this Complaint, the same as if fully set forth at length herein.

33.    Defendants, NECC, South Jersey Healthcare and John Doe Corporations (1-4), were the manufacturers and/or sellers of doses of methylprednisolone acetate steroid administered to Plaintiff, Juanita M. Rivera, that were contaminated with a fungus.

34.    Defendants harmed Plaintiff through the manufacture and/or sale of a methylprednisolone acetate steroid product that was not reasonably fit, suitable or safe for its intended purpose because it deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

35.     Defendants harmed Plaintiff by failing to contain adequate warnings or instructions with the methylprednisolone acetate steroid product, and/or designing the product in a defective manner. As a result, Plaintiff suffered personal physical injury, as well as pain and suffering, mental anguish and emotional harm.

36.     By reason of the defective product manufactured or sold by Defendants as aforesaid, Plaintiff, Juanita M. Rivera, was caused to sustain serious and disabling personal, permanent injuries including, but not limited to, headaches and neck pain; she was caused to undergo further treatment; she has suffered extreme anxiety, pain and suffering, loss of life's pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and mental anguish; she is at an increased risk of contracting meningitis; she has in the past and may in the future suffer an impairment of her future earning capacity; she may in the future continue to be disabled from performing her usual duties and avocations, all to her great loss and detriment.

37.     As a result of her exposure to the defective product as set forth above, plaintiff suffered and continues to suffer pain, mental anguish and emotional stress, loss of enjoyment of life's pleasure, embarrassment and humiliation.

**WHEREFORE,** Plaintiffs, Juanita M. Rivera and Anthony Rivera, w/h, claim of Defendants, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center; Ameridose, LLC, Alaunus Pharmaceutical, LLC, South Jersey Healthcare, South Jersey Regional Medical Center and John Doe Corporations (1-4), and each of them respectively,

individually, jointly and severally, separate sums and damages and brings this action to recover same.

### COUNT II – NEGLIGENCE

**JUANITA M. RIVERA AND ANTHONY RIVERA, w/h**
**V.**
**NEW ENGLAND COMPOUNDING PHARMACY, INC.,**
**d/b/a NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE, LLC,**
**ALAUNUS PHARMACEUTICAL, LLC and JOHN DOE CORPORATIONS (1-4)**

38.     Plaintiff incorporates by reference all aforementioned paragraphs of this Complaint, the same as if fully set forth at length herein.

39.     At all times mentioned herein, Defendants, NECC and John Doe Corporations (1-4), had a duty to exercise reasonable care in the manufacture, sale and/or distribution of methylprednisolone acetate steroid doses into the stream of commerce, including a duty to ensure that the product did not cause patients such as Plaintiff, Juanita M. Rivera, to be subject to an unsafe product and to be at an increased risk of contracting meningitis.

40.     Defendants, NECC and John Doe Corporations (1-4), failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control and/or distribution of methylprednisolone acetate into interstate commerce and Defendants knew or should have known that the lot numbers of the methylprednisolone acetate at issue created a high risk of harm.

41.     Defendants, NECC and John Doe Corporations (1-4), were negligent in the design, manufacture, compounding, testing, warning, marketing and selling of the lot numbers of methylprednisolone acetate at issue, in that they:

a.   failed to wait for safety results from an outside lab before shipping the methylprednisiolone acetate so as to avoid harming individuals;

b.   failed to sterilize products for the minimum 20 minutes as required so as to avoid harming individuals;

c.   failed to properly test equipment so as to avoid harming individuals;

d.   failed to clean the compounding area so as to avoid harming individuals;

e.   failing to maintain a sterile environment to avoid contamination of products and to avoid harming individuals;

f.   failing to repair a leaky boiler which caused water to pool in an area where products were being packaged;

g.   failed to use due care in designing, compounding and/or manufacturing the methylprednisolone acetate so as to avoid harming individuals;

h.   failed to conduct adequate testing to determine the safety of methylprednisolone acetate prior to distributing it to the public;

i.   failing to properly retain competent employees to compound the methylprednisolone acetate properly so as to avoid harming the public;

j.   failing to maintain adequate quality control in the manufacturing and compounding of the methylprednisolone acetate to avoid harming the public; and

k.   providing an injectable steroid which was below the standard of care in the community, thereby increasing the risk of harm to Mrs. Rivera's wellbeing;

42.   By reason of the carelessness, recklessness and negligence of Defendants as aforesaid, Plaintiff, Juanita M. Rivera, was caused to sustain serious and disabling personal, permanent injuries including, but not limited to, headaches and neck pain; she was caused to undergo further treatment; she has suffered extreme anxiety, pain and suffering, loss of life's pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and

- 11 -

may in the future continue to suffer with pain and mental anguish; she is at an increased risk of contracting meningitis; she has in the past and may in the future suffer an impairment of her future earning capacity; she may in the future continue to be disabled from performing her usual duties and avocations, all to her great loss and detriment.

43.    As a result of the negligence of the Defendants as set forth above, the plaintiff suffered and continues to suffer pain, mental anguish and emotional stress, loss of enjoyment of life's pleasures, embarrassment and humiliation.

**WHEREFORE,** Plaintiffs, Juanita M. Rivera and Anthony Rivera, w/h, claim of Defendants, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, Ameridose, LLC and Alaunus Pharmaceutical, LLC, John Doe Corporations (1-4), and each of them respectively, individually, jointly and severally, separate sums and damages and brings this action to recover same.

### COUNT III – NEGLIGENCE

**JUANITA M. RIVERA AND ANTHONY RIVERA, w/h**
**V.**
**SOUTH JERSEY HEALTHCARE,**
**SOUTH JERSEY REGIONAL MEDICAL CENTER,**
**NITESH BHAGAT, M.D., JOHN DOE CORPORATIONS (1-4) and**
**JOHN DOE, M.D. (1-3)**

44.    Plaintiff incorporates by reference all aforementioned paragraphs of this Complaint, the same as if fully set forth at length herein.

45.    At all times mentioned herein, Plaintiff's physicians and healthcare providers, Defendants, South Jersey Healthcare, South Jersey Regional Medical Center, Dr. Bhagat, John

Doe Corporations (1-4) and John Doe, M.D. (1-3), respectively, individually, jointly and severally, were charged with the professional responsibility of rendering proper medical care and treatment to Plaintiff, and of assuring that proper medical care, attention and treatment would be provided to Plaintiff during all times which he remained under Defendants' medical care and treatment.

46.     Defendants, South Jersey Healthcare, South Jersey Regional Medical Center, Dr. Bhagat, John Doe Corporations (1-4) and John Doe, M.D. (1-3), respectively, individually and severally, by and through their separate and respective agents, ostensible agents, servants, workers, representatives, physicians, nurses, staff, contractors, medical personnel, medical assistants and employees were careless and negligent in:

    a.    providing an injectable steroid which was below the standard of care in the community, thereby increasing the risk of harm to Mrs. Rivera's wellbeing; and

    b.    utilizing the methylprednisolone acetate manufactured and/or compounded by Defendants, NECC, which they knew or should have known was defective and/or contaminated.

47.     By reason of the carelessness, recklessness and negligence of Defendants as aforesaid, Plaintiff, Juanita M. Rivera, was caused to sustain serious and disabling personal, permanent injuries including, but not limited to, headaches and neck pain; she was caused to undergo further treatment; she has suffered extreme anxiety, pain and suffering, loss of life's pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and mental anguish; she is at an increased risk of contracting meningitis; she has in the past and may in the future suffer an impairment of her

- 13 -

future earning capacity; she may in the future continue to be disabled from performing her usual duties and avocations, all to her great loss and detriment.

WHEREFORE, Plaintiffs, Juanita M. Rivera and Anthony Rivera, w/h, claim of Defendants, South Jersey Healthcare, South Jersey Regional Medical Center, Dr. Bhagat, John Doe Corporations (1-4) and John Doe, M.D. (1-3), and each of them respectively, individually, jointly and severally, separate sums and damages and brings this action to recover same.

### COUNT IV – BREACH OF EXPRESS WARRANTY

**JUANITA M. RIVERA AND ANTHONY RIVERA, w/h**
**V.**
**NEW ENGLAND COMPOUNDING PHARMACY, INC.,**
**d/b/a NEW ENGLAND COMPOUNDING CENTER,**
**AMERIDOSE, LLC, ALAUNUS PHARMACEUTICAL, LLC**
**and JOHN DOE CORPORATIONS (1-4)**

48.     Plaintiff incorporates by reference all aforementioned paragraphs of this Complaint, the same as if fully set forth at length herein.

49.     Defendants, NECC and John Doe Corporations (1-4), expressly warranted that the methylprednisolone acetate was safe.

50.     Defendants, NECC and John Doe Corporations (1-4), did not conform to their expressed representations because the methylprednisolone acetate was not safe.

51.     By reason of the defective product manufactured or sold by Defendants as aforesaid, Plaintiff, Juanita M. Rivera, was caused to sustain serious and disabling personal, permanent injuries including, but not limited to, headaches and neck pain; she was caused to undergo further treatment; she has suffered extreme anxiety, pain and suffering, loss of life's

- 14 -

pleasures and other emotional distress; she has in the past and may in the future be compelled to spend money and incur obligations for further medical care and treatment; she has in the past and may in the future continue to suffer with pain and mental anguish; she is at an increased risk of contracting fungal meningitis; she has in the past and may in the future suffer an impairment of her future earning capacity; she may in the future continue to be disabled from performing her usual duties and avocations, all to her great loss and detriment.

**WHEREFORE,** Plaintiffs, Juanita M. Rivera and Anthony Rivera, w/h, claim of Defendants, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, Ameridose, LLC, Alaunus Pharmaceutical, LLC, John Doe Corporations (1-4), and each of them respectively, individually, jointly and severally, separate sums and damages and brings this action to recover same.

### COUNT V – LOSS OF CONSORTIUM

**PLAINTIFF, ANTHONY RIVERA**
**V.**
**NEW ENGLAND COMPOUNDING PHARMACY, INC.,**
**d/b/a NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE, LLC,**
**ALAUNUS PHARMACEUTICAL, LLC, SOUTH JERSEY HEALTHCARE, SOUTH**
**JERSEY REGIONAL MEDICAL CENTER, NITESH BHAGAT, M.D., JOHN DOE(S)**
**CORPORATIONS (1-4) AND JOHN DOE(S), M.D. (1-3)**

52. Plaintiffs incorporate by reference all aforementioned paragraphs of this Complaint as if fully set forth at length herein.

53. At all times mentioned, Plaintiffs, Juanita M. Rivera and Anthony Rivera, were wife and husband.

54.   As a result of the Defendants' violations of the Product Liability Act and the negligence and carelessness of the aforementioned Defendants, Plaintiff, Anthony Rivera, will be deprived of the aid, companionship, consortium and services of the Plaintiff, Juanita M. Rivera.

**WHEREFORE,** Plaintiff, Anthony Rivera, claims of Defendants, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, Ameridose, LLC, Alaunus Pharmaceutical, LLC, South Jersey Healthcare, South Jersey Regional Medical Center, Nitesh Bhagat, M.D., John Doe(s) Corporations (1-4) and John Doe(s), M.D. (1-3), and each of them respectively, individually, jointly and severally, separate sums and damages and brings this action to recover same.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By: _____

MICHAEL F. BARRETT, ESQUIRE
MARY T. GIDARO, ESQUIRE
Attorneys for Plaintiffs, Juanita M. Rivera and
Anthony Rivera

DATED:  11-16-12

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all factual issues.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By: _____

MICHAEL F. BARRETT, ESQUIRE
MARY T. GIDARO, ESQUIRE
Attorneys for Plaintiffs, Juanita M. Rivera and
Anthony Rivera

DATED: __11-16-12__

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-1(b)(14) Michael F. Barrett, Esquire is hereby designated as trial counsel for the Plaintiff.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By: _____

MICHAEL F. BARRETT, ESQUIRE
MARY T. GIDARO, ESQUIRE
Attorneys for Plaintiffs, Juanita M. Rivera and
Anthony Rivera

DATED: __11-16-12__

- 17 -

## CERTIFICATION PURSUANT TO RULE 4:51

The matter in controversy is not the subject of any other pending action in any court or of any arbitration proceeding nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By: _____

MICHAEL F. BARRETT, ESQUIRE
MARY T. GIDARO, ESQUIRE
Attorneys for Plaintiffs, Juanita M. Rivera and
Anthony Rivera

DATED: ___11-16-12___

## DEMAND FOR ANSWERS TO INTERROGATORIES

**PLEASE TAKE NOTICE** that Plaintiff demands answers from each Defendant to Uniform Interrogatories, Form C and Form C(3), if applicable as set forth in Appendix II of the New Jersey Court Rules pursuant to R. 4:17-1(b).

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By: _____

MICHAEL F. BARRETT, ESQUIRE
MARY T. GIDARO, ESQUIRE
Attorneys for Plaintiffs, Juanita M. Rivera and
Anthony Rivera

DATED: __11-16-12__

- 18 -

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

I, Michael F. Barrett, Esquire, certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(c).

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By: _____

MICHAEL F. BARRETT, ESQUIRE
MARY T. GIDARO, ESQUIRE
Attorneys for Plaintiffs, Juanita M. Rivera and
Anthony Rivera

DATED: 11-16-12

- 19 -