UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All Cases ) <br> _____ ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**The Tennessee Clinic Defendants'
Preservation Request in Response to the Chapter 11 Trustee's
Notice Regarding Further Relief from the Preservation Order**

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; Donald Jones, MD; and Vaughan Allen, MD (collectively, the "Tennessee Clinic Defendants") hereby submit this Preservation Request in response to the Chapter 11 Trustee's Notice Regarding Further Relief From Preservation Order [Dkt. 1174].[1] The Tennessee Clinic Defendants would show the Court the following in support of their Preservation Request:

The *Further Order Concerning Preservation of NECC Property* (the "Modifying Order") expressly provides that a "Preservation Request must identify the property that

---

[1] This Preservation Request follows a good faith attempt to meet and confer within the 14-day window afforded by the deadline for filing a Preservation Request. Counsel for the Tennessee Clinic Defendants wrote to counsel for the Chapter 11 Trustee on June 9, 2014, requesting to meet and confer on this matter, and offering specific dates to do so. *See* Letter from Chris Tardio to Michael Gottfried, attached as **Exhibit 1**. Counsel for the Tennessee Clinic Defendants did not receive a reply until the afternoon before the deadline, in which the Trustee offered one two-hour window for a phone call on the afternoon of the deadline. *See* Email from Steve Johnson to Chris Tardio and Matthew Cline, June 19, 2014, attached as **Exhibit 2**. Nonetheless, the Tennessee Clinic Defendants will inform the Court of any agreement reached with the Trustee subsequent to this filing.

the requestor seeks to have preserved under the Preservation Order."[2] An inspection of the NECC facility and NECC property is necessary to allow the Tennessee Clinic Defendants to identify specific property, and thus comply with the Modifying Order.

To date, the Tennessee Clinic Defendants have had no meaningful discovery of NECC and no access to any NECC property. Pursuant to Judge Boal's orders in *Erkan v. NECC*,[3] the PSC conducted a four-day inspection of NECC in December 2012.[4] Judge Boal's order specifically required the PSC's findings to be recorded in writing and provided to the defendants.[5] When the Tennessee Clinic Defendants requested these records, the PSC claimed the inspection did not result in a formal inspection report.[6] However, according to Liberty Industries, Inc.'s ("Liberty") Preservation Request, Liberty has viewed photographs and videos created during the December 2012 inspection.[7] The PSC has not shared these photographs and videos with the Tennessee Clinic Defendants as required by Judge Boal. Thus, the Tennessee Clinic Defendants have no basis with which to identify specific NECC property they wish to preserve at this time.

Further, the Tennessee Clinic Defendants were not present at the PSC's inspection. The Tennessee Clinic Defendants are entitled to the same opportunity to develop their allegations against NECC that the PSC was given, and must be given the fullest opportunity to defend against the PSC's allegations against them. For the reasons stated below, such an opportunity requires an inspection of the NECC facility and the NECC property that the Trustee proposes to dispose of.

---

[2] Dkt. 177, ¶ 3.
[3] No. 1:12-cv-12052-RWZ. Pursuant to MDL Order No. 6, all orders entered in *Erkan* are applicable to the current MDL action, unless superseded or modified by the Court. *See* MDL Dkt. 209, at 4.
[4] See PSC's Status Report, Dkt. 1005, at 16-17.
[5] *Erkan*, Dkt. 126, pp. 6, 11.
[6] *See* Letter from Ben Gastel to Chris Tardio, May 30, 2014, attached as **Exhibit 3**.
[7] Dkt. 1214, ¶ 4.

The claims against the Tennessee Clinic Defendants in this MDL center, in part, on the Tennessee Clinic Defendants' failure to adequately and appropriately scrutinize NECC's operations and activities prior to administering NECC's contaminated product to patients. These allegations include the failure to: (1) understand the source of the drugs they purchased from NECC; (2) use reasonable due diligence and investigatory tools to evaluate NECC's product and reputation; (3) ensure that NECC's product was produced in a sterile and sanitary environment; (4) inspect NECC's facility prior to purchasing; and (5) inquire into NECC's compounding practices, standard operating procedures, training, and risk management protocols.[8]

The destruction of "all remaining NECC property" prejudices the Tennessee Clinic Defendants' defense with respect to the causation element of these claims. After inspecting the NECC facility and NECC property prior to its disposal, the Tennessee Clinic Defendants will be able to determine what, if anything, they may have learned from a pre-purchase inspection of NECC, and whether this would have affected their decision to purchase medication from NECC. Without the opportunity to inspect NECC's facility and property, there is no meaningful way to make this determination.

Perhaps more significantly, the Tennessee Clinic Defendants will assert comparative fault against NECC in their Answer to the Master Complaint. This requires proof of NECC's own culpability with respect to its operations and activities involving sterile compounding. Given that no discovery of NECC has occurred, it is impossible for the Tennessee Clinic Defendants to determine what items of NECC's property may be relevant to their comparative fault defense. Without the ability to inspect NECC's facility and property prior to its disposal, the Tennessee Clinic Defendants will never have the

---

[8] *See* Master Complaint, Dkt. 545, ¶¶ 177-79, 192-95, 234.

3

ability to identify and preserve much of the physical evidence necessary to prove NECC's fault.

Provided the Tennessee Clinic Defendants are given the opportunity to inspect the NECC facility and "all remaining NECC property," including computers and hard drives on which electronic data may be stored, the Tennessee Clinic Defendants do not object to the subsequent disposal of the NECC property that is not designated for preservation. The Tennessee Clinic Defendants are conscious of the costs associated with maintaining the NECC facility and property, and thus believe an inspection should occur as soon as possible, provided all interested parties are able to be present.

WHEREFORE, the Tennessee Clinic Defendants request an Order from this Court:

A. Enjoining the Chapter 11 Trustee from disposing of any NECC property and from vacating the NECC facility, until such time as the Tennessee Clinic Defendants, and all other interested parties, may fully and completely inspect the NECC facility and NECC property.

B. Permitting the Tennessee Clinic Defendants, and all other interested parties, to file Preservation Requests on any such property they wish to preserve within 14 days from the conclusion of the inspection.

C. Requiring the inspection to take place a date as mutually agreed upon by all interested parties, but no later than September 1, 2014.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**


/s/ Chris J. Tardio              _____
**C.J. Gideon, Jr.**[9]
**Chris J. Tardio**[9]
**Alan S. Bean**[10]
**Matthew H. Cline**[9]
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***


## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 20th day of June, 2014.

/s/ Chris J. Tardio_____
**Chris J. Tardio**

---

[9] Admitted pursuant to MDL Order No. 1.
[10] Admitted *pro hac vice*.