# GIDEON, COOPER & ESSARY
A PROFESSIONAL LIMITED LIABILITY COMPANY

315 DEADERICK STREET, SUITE 1100

NASHVILLE, TENNESSEE 37238

(615) 254-0400

FAX (615) 254-0459

www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA VON KANEL
J. BLAKE CARTER[1]
MARK A. HAMMERVOLD[1]
MATT H. CLINE
SPENCER C. THOMAS[6]

[1]LICENSED IN TN & FL
[2]LICENSED IN TN, AL & TX
[3]LICENSED IN TN & GA
[4]LICENSED IN TN & KY
[5]LICENSED IN TN & WI
[6]LICENSED IN TN & MT

June 9, 2014

**_Via email only (mrgottfried@duanemorris.com)_**
Michael R. Gottfried, Esq.
Duane Morris, LLP
Suite 2400
100 High St.
Boston, MA 02110
mrgottfried@duanemorris.com

  RE: **Disposal of Remaining NECC Property [Dkt. 1174]**

Dear Mr. Gottfried:

  Our firm represents defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; Donald Jones; MD; and Vaughan Allen, MD in lawsuits currently pending in the NECC MDL.

  I write regarding the Trustee's _Notice Regarding Further Relief From Preservation Order_ [Dkt. 1174], filed June 5, 2014. Our clients have several concerns regarding the Trustee's proposal to "dispose of all remaining NECC property and to vacate, in whole or in part, the Framingham premises leased by NECC."

### 1. Identification of the remaining NECC property the Trustee intends to dispose of.

The Notice fails to specifically identify the property the Trustee intends to sell or otherwise dispose of. The Modifying Order [MDL Dkt. 177] explicitly provides, "Any such Preservation Request must identify the property that the requestor seeks to have preserved under the Preservation Order."[1] Without any information about the property the Trustee intends to dispose of, it is impossible for us to identify specific property we would like preserved, and thus impossible to comply with the Modifying Order.

In the memorandum in support of the Trustee's original motion for relief from the Preservation Order [MDL Dkt. 148], the Trustee attached a list of leased equipment as Exhibit A. He acknowledged at that time that some of this equipment must be preserved for this litigation:

> Some of the Equipment (*e.g.*, a compounder) appears to have been used by NECC in connection with compounding activities and almost certainly must be preserved, at least for the time being, to preserve its evidentiary value.

> Still other Equipment (*e.g.*, copy machines and printers, a data terminal) in themselves appear to have no evidentiary value, but may store or access electronic data that should be preserved.[2]

It is unclear whether the current Notice to "dispose of all remaining NECC property" encompasses the equipment listed in Exhibit A, which would mean the Trustee proposes disposing of equipment he has acknowledged should be preserved. Further, it is unclear whether the "remaining NECC property" encompasses property beyond that listed in Exhibit A. 148, which our clients may or may not wish to preserve.

Please identify the "remaining NECC property" that the Trustee intends to dispose of, or please direct us to a schedule filed in the Bankruptcy Court that accurately and completely identifies all of the remaining NECC property covered under the Preservation Order, so that our clients can comply with the Modifying Order and identify specific property they wish to preserve.

---

[1] MDL Dkt. 177, ¶ 3.
[2] MDL Dkt. 148, p. 4.

## 2. Request to inspect the Framingham premises and the remaining NECC property.

Even if the Trustee identifies the remaining NECC property subject to disposal, we may not be able to identify the relevant property our clients wish to preserve. We may be unable to put descriptions of the property into any useful or informative context.[3] From September 2013 to April 2014, the Trustee refused us access to the documents produced by NECC to the PSC. As a result, determining the potential evidentiary significance of any particular piece of property is a difficult task.

Moreover, the PSC has told us that, due to NECC's bankruptcy, the inspection of NECC ordered by Judge Boal in *Erkan*[4] produced no formal inspection report. This is despite the fact that the order setting the parameters of the inspection specifically requires that "Plaintiffs' Inspection findings will be recorded in writing, with sketches where appropriate."[5] Thus, while it appears an inspection took place pursuant to Judge Boal's order, we have seen no documentation from this inspection.

Put simply, we have had no meaningful discovery of NECC and its premises. Certainly, equipment or other materials maintained by NECC are potentially relevant to our client's comparative fault claim against NECC and also potentially relevant to the defense of the claims against our clients. Operating in this vacuum without any meaningful discovery of NECC, it is very difficult for us to determine what, if any, property is worth preserving.

Accordingly, we request, in addition to a list of the property the Trustee proposes to sell or otherwise dispose of, the opportunity to inspect the Framingham premises and the "remaining NECC property," prior to the Trustee disposing any of the "remaining NECC property" or vacating the Framingham premises. In particular, the clean rooms, preparation rooms, gown rooms, HVAC system, powder hoods, boilers, and autoclaves may be of evidentiary value or contain property of evidentiary value for our clients.[6] Such an inspection will provide us with some insight into which pieces of property are worth including in a Preservation Request.

---

[3] For example, "copy machine" or "compounding equipment" may fairly describe the property, but it does little to aid our determination of evidentiary value.
[4] No. 1:12-cv-12052-RWZ.
[5] *Erkan*, Dkt. 126, p. 6.
[6] This inspection request is not limited to the specific areas and items enumerated above.

3

3.  **Request to meet and confer.**

We would appreciate the opportunity to meet and confer with you on these issues prior to our June 20, 2014, deadline to file a Preservation Request. If we cannot meet some compromise or receive some information prior to June 20, we will be forced to file a broad Preservation Request that preserves access to all of the "remaining NECC property" until we are able to determine what of that property is of evidentiary value. That helps no one, frankly, and we would like to avoid having to do that.

I am available on June 11th or 12th, as well as on June 17th before noon CST. In the event those dates do not work, please feel free to contact Spencer Thomas or Matt Cline in our office.

Thank you.

Very Truly Yours,

Chris J. Tardio

SCT/CJT