UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC. PRODUCTS LIABILITY
LITIGATION

v.

This Document Relates to:

All Cases

Case No. 1:13-md-2419-RWZ

**MOTION OF DEFENDANT LIBERTY INDUSTRIES, INC.
FOR A LOCAL RULE 16.1 CONFERENCE**

Defendant, Liberty Industries, Inc. ("Liberty") hereby moves for an order setting a date for a Scheduling Conference pursuant to Local Rule 16.1. In support thereof, Liberty state as follows:

Liberty withdrew from the Mediation Program on June 13, 2014 after the parties reached an impasse. *See* Dkt. No. 1196. Liberty must now respond to the complaints pending against it, and proceed with motion practice and discovery. In accord with the *Assented-To Motion to Extend Time for Defendant, Liberty Industries, Inc. to Respond to the Master Complaint and any Other Complaints Filed in the MDL* [Dkt. No. 1019] allowed on April 10, 2014 [Dkt. No. 1082], Liberty will respond on or before July 14, 2014 to those complaints with which it was served prior to June 13, 2014, the date of Liberty's withdrawal from mediation.[1]

Liberty is a defendant in a declaratory judgment action in the United States District Court for the District of Connecticut, *Great American E&S Insurance Company v. Liberty Industries, Inc.*, Case No. 3:14-cv-00499-VLB ("the DJ Action"), commenced by the only insurer that has agreed to defend it, albeit subject to a reservation of rights. Liberty's policies contain an Organic

---

[1] Please see the attached Exhibit A for a list of all of the current cases pending against Liberty as of June 25, 2014. Liberty was served with fourteen (14) Complaints after it withdrew from mediation. The Answers to those Complaints are due mid-August 2014.

Pathogen Exclusion, a Fungi or Bacteria Exclusion, and an Exclusion for Installation. Liberty has reason to believe that the DJ Action will be resolved within 15 months after issue is joined (after the failure of the mediation, the insurer's attorney has requested that Liberty serve its Answer promptly). Once that occurs, if the insurer is successful, Liberty will not have the financial resources to defend itself and may have to resort to a Chapter 11 filing. Liberty needs to move forward with its defense without delay in order to prosecute its meritorious defenses to the civil actions commenced against it. Concomitantly with this motion, Liberty will be filing motions in the NECC Bankruptcy Proceedings and in this Court to modify the stays of discovery to allow it to serve appropriate answers, cross-claims and third party complaints, and to commence discovery of the Plaintiffs, the Insiders and Affiliated Defendants and other parties with relevant knowledge.

Local Rule 16.1(A) requires a scheduling conference to be held as soon as practicable. Such a conference should be held within one hundred twenty (120) days after service is made, or within sixty (60) days after removal or transfer from another court. *See* L.R. 16.1(A). The complaints pending against Liberty are comprised of a combination of state court cases removed to federal court and transferred to the MDL, cases first filed in other federal courts and transferred to the MDL, as well as cases filed directly in the MDL in Massachusetts. Because a majority of the cases were transferred in to the MDL from other courts, Liberty respectfully requests a scheduling conference within sixty (60) days after July 14, 2014. Counsel will confer pursuant to Local Rule 16.1(B) prior to the conference to prepare an agenda and proposed pretrial schedule to establish the timing of initial disclosures, formulate a discovery plan, agree on a schedule for motion practice, and set dates for pretrial conference and trial pursuant to Local Rule 16.1.

WHEREFORE Liberty respectfully request this Honorable Court schedule a Scheduling Conference to take place within sixty (60) days of July 14, 2014.

                                        Respectfully submitted,
                                        LIBERTY INDUSTRIES, INC.,
                                        By its attorneys,

                                        */s/ Peter G. Hermes*
                                        Peter G. Hermes, BBO No. 231840
                                        phermes@hermesnetburn.com
                                        Scott S. Spearing, BBO No. 562080
                                        sspearing@hermesnetburn.com
                                        Dianne E. Ricardo, BBO No. 675586
                                        dricardo@hermesnetburn.com
                                        HERMES, NETBURN, O'CONNOR
                                            & SPEARING, P.C.
                                        265 Franklin Street, 7th Floor
                                        Boston, MA 02110
                                        (617) 728-0050 (T)
Dated:  June 25, 2014                 (617) 728-0052 (F)

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for the Plaintiffs' Steering Committee, the Creditors' Committee, and the Trustee regarding the relief sought herein.

                                          */s/ Peter G. Hermes*
                                        Peter G. Hermes

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on June 25, 2014.

                                          */s/ Peter G. Hermes*
                                        Peter G. Hermes

*G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Status Conferences and Reports\MTN for Rule 16 Conference 6.25.14.docx*