# EXHIBIT 1

## Exhibit 1

SUITS WHERE THE PLAINTIFF EXPLICITLY ALLEGED EITHER
HEALTH CARE LIABILITY OR ORDINARY NEGLIGENCE
BUT NEVER FILED A CERTIFICATE OF GOOD FAITH.

These suits should be dismissed *with prejudice. See* footnote 33 of the Tennessee Clinic Defendants' Reply to the PSC's Response to the Tennessee Clinic Defendants' Motion to Dismiss for Failure to Comply with Tenn. Code Ann. § 29-26-121.

| MDL Case Number | Patient |
|---|---|
| 1:13-cv-12428 (RWZ) | Alexander, John |
| 1:13-cv-12918 (RWZ) | Cox, Wanda |
| 1:13-cv-12490 (RWZ) | Dingess, Wanda |
| 1:13-cv-12480 (RWZ) | Gobble, Gayla[1] |
| 1:13-cv-12922 (RWZ) | Hubbard, Georgeanne |
| 1:13-cv-12923 (RWZ) | Jackson, Linda |
| 1:13-cv-12998 (RWZ) | Keyes, Edna[2] |
| 1:13-cv-12914 (RWZ) | Lapiska, William |
| 1:13-cv-12491 (RWZ) | Nealon, Dallas[3] |
| 1:13-cv-12843 (RWZ) | Peay, Joan |
| 1:13-cv-12917 (RWZ) | Reed, Wanda |
| 1:13-cv-12489 (RWZ) | Siler, Tracey (nee Privitte)[4] |

[1] Ms. Gobble did not "check the box" for negligence against the Tennessee Clinic Defendants in her short form complaint, but she factually alleged negligence in her original complaint. Compl. ¶¶ 118-57.

[2] Ms. Keyes' original complaint alleged negligence against the Tennessee Clinic Defendants, and she did not file a certificate of good faith. Compl. ¶ 44. She did not file a short form complaint or amended complaint.

[3] The short form complaint in the *Nealon* case is missing the second page, the page with the "check box" for negligence claims against the Tennessee Clinic Defendants. Mr. Nealon's attorney represents several other Tennessee Plaintiffs who all "checked the box" for negligence against the Tennessee Clinic Defendants. Presumably, the *Nealon* short form complaint does the same. Additionally, Mr. Nealon "checked the box" for the failure to warn claim against the Tennessee Clinic Defendants in his short form complaint. As explained in the Tennessee Clinic Defendants' "global" motion to dismiss, the failure to warn claim is really a claim for lack of informed consent, which is governed by the HCLA and requires a certificate of good faith.

[4] Ms. Siler did not check the box for negligence against the Tennessee Clinic Defendants in her short form complaint, but she factually alleged negligence in her original complaint. Compl. ¶¶ 118-57.