## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br>Darrel Cummings,<br>           v.<br>New England Compounding Center, et al. | |

## CHAPTER 11 TRUSTEE'S RESPONSE TO
## DARREL CUMMING'S MOTION TO TRANSFER DEFENDANT(S)
## CEO BARRY CADDEN, AND NEW ENGLAND COMPOUNDING CENTER, TO THE
## MULTI-DISTRICT LITIGATION COURT IN THE DISTRICT OF MASSACHUSETTS

Paul D. Moore, the Chapter 11 Trustee (the "Trustee") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), hereby responds to Plaintiff Darrel Cummings' *Motion to Transfer Defendant(s) CEO Barry Cadden, and New England Compounding Center, to the Multi-District Litigation Court in the District of Massachusetts* [Doc. No. 1204] ("Plaintiff's Motion").  Plaintiff's Motion should be denied because his filing of a cause of action against NECC is void *ab initio* as it was filed after NECC's filing for bankruptcy. The JPML has already ruled Plaintiff's action is not appropriate for inclusion in this MDL.  Furthermore, the constitutional and civil rights claims, which form the basis of Plaintiff's action, are not akin to the personal injury tort claims already consolidated in the MDL.

**STATEMENT OF RELEVANT FACTS**

On December 21, 2012, NECC filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Proceeding"). On December 26, 2012, Plaintiff, an inmate at the South Bay Correctional Facility in South Bay, Florida, filed an action in the United States District Court for the Southern District of Florida (the "Florida Court"). (*See* Exhibit A, Plaintiff's December 26, 2012 Complaint.) The Complaint, which names NECC along with the prison warden and several of Plaintiff's treating physicians, is a civil rights action under 42 U.S.C. § 1983 for violation of Plaintiff's first and eight constitutional rights. (Compl. at p. 33.) Generally, Plaintiff alleges his constitutional rights were violated by the lack of adequate medical treatment he received for his back pain while incarcerated. (*See generally* Compl. at p. 9-33.) The Complaint is filed on a form titled "Civil Rights Complaint Form" with the direction "for use in actions under 42 U.S.C. § 1983." (Compl. at p. 1.) The only claim made in the Complaint is for violation of Plaintiff's first and eighth constitutional rights, and he states no cause of action against NECC. (Compl. at p. 33.)

On December 28, 2012, a Notice of Stay by Reason of Bankruptcy was filed in the Florida Court notifying the court of the automatic stay imposed by NECC's December 21, 2012 declaration of bankruptcy. (*See* Exhibit B, December 28, 2012 Notice of Stay by Reason of Bankruptcy.) On February 21, 2013, after Plaintiff's case had been noticed as a potential tag-along action, the JPML rejected transfer to the MDL Court upon its determination Plaintiff's case was "not appropriate for inclusion in this MDL." (*See* Exhibit C, February 21, 2013 JPML Order.) On March 18, 2013, Plaintiff filed a Proof of Claim in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") for his alleged personal injuries

2

caused by NECC.  (*See* Exhibit D, March 18, 2013 Proof of Claim.)  On March 25, 2013, Plaintiff attempted to file an Amended Complaint adding a tort claim for products liability and negligence against NECC.  (*See* Exhibit E, Plaintiff's March 25, 2013 Amended Complaint at p. 25-26.)  However, as discussed more fully below, this filing against NECC violates the automatic stay imposed by 11 U.S.C. § 362(a), and is thus void.

Plaintiff's case pending in the Florida Court continues to progress with respect to the non-NECC-related parties, including written discovery, motion practice, multiple Reports and Recommendations by the Magistrate Judge, and a scheduling order for pretrial proceedings.  (*See* Exhibit F, Florida Court Case Docket ("Florida Dkt.").)  However, because of the automatic stay imposed by NECC's Bankruptcy Proceeding, no discovery has been conducted as to NECC.  On March 20, 2014, Plaintiff simultaneously filed two motions with the Florida Court and the Bankruptcy Court to transfer his case against NECC to the MDL Court.  (*Id.* at Florida Dkt. No. 88; *see also* Exhibit G, Plaintiff's March 20, 2014 Motion to Remove and/or Transfer Defendant(s) CEO, New England Compounding Center, to the Multi-District Litigation Court in the District of Massachusetts filed in the Bankruptcy Court.)  Both courts denied Plaintiff's request to transfer to the MDL Court.  (Exhibit F, Florida Dkt. No. 125; *see also* Exhibit H, April 2, 2014 Bankruptcy Court Order.)

On June 18, 2014, Plaintiff filed this motion with the MDL Court to transfer his case against NECC to the MDL Court.  (MDL Doc. No. 1204.)

## ARGUMENT

I.  **Plaintiff's Filing Against NECC Violates the Automatic Stay Imposed By the NECC's Bankruptcy Proceeding**

As of December 21, 2012, the date NECC filed its Bankruptcy Proceeding, a stay as to NECC was in effect regarding "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a). "The stay created by § 362 is an automatic statutory stay. Actions taken in violation of the stay are void and without effect. Acts done in violation of the stay are void *ab initio* regardless lack of knowledge of the filing of the petition." *In re Advent Corp.*, 24 B.R. 612, 614 (B.A.P. 1st Cir. 1982) (internal citations and quotations omitted); *see also In re Roxse Homes, Inc.*, 74 B.R. 810 (Bankr. D. Mass. 1987) (holding the Court's judgment was in violation of the automatic stay imposed by 11 U.S.C. § 362, and therefore null and void).

Plaintiff's Amended Complaint, the only pleading in which Plaintiff alleges a viable cause of action against NECC, is void as it violates the automatic stay of 11 U.S.C. § 362, having been filed on March 25, 2013, after the Bankruptcy Proceeding was initiated. In fact, Plaintiff's initial Complaint, which includes NECC in the caption and identifies NECC as a defendant but states no cause of action against NECC, is also void, as it was filed on December 26, 2012, five days after the Bankruptcy Proceeding was initiated. Therefore, as Plaintiff's pleadings against NECC are void, there is no basis for transfer to the MDL as Plaintiff has no valid Complaint pending against NECC.

## II.     The MDL Court is Not the Proper Venue to Litigate Plaintiff's Civil Rights Claims

Plaintiff seeks to transfer his action from the Florida Court to the MDL Court to litigate his civil rights and tort claims.[1] However the MDL Court is not the proper forum in which to litigate his civil rights claims, which consist solely of allegations against prison officials and Florida physicians for the alleged lack of sufficient medical treatment he received at the South Bay Correctional Facility. The MDL Court has consolidated hundreds of actions pending across the country against NECC and certain affiliated defendants for pretrial proceedings. None of the actions currently pending in the MDL involve civil rights claims.

The MDL Court issued two transfer orders, May 31, 2013 and May 15, 2014, regarding transfer of cases against NECC or any of the affiliated defendants to the MDL Court. (MDL Doc. Nos. 170 & 1131.) Generally, these orders provide for the transfer of all personal injury and wrongful death cases pending in both state and federal courts which involve claims arising from the use of allegedly contaminated pharmaceuticals compounded and/or distributed by NECC or its affiliated parties. Cases that may be transferred to the MDL Court fall within the following categories: (1) cases against NECC or its affiliated defendants pending in other federal courts; (2) cases against NECC or its affiliated defendants pending in state courts in the process of removal; and (3) cases pending in state courts in which a party has made a claim

---

[1] The proper forum for Plaintiff to seek transfer of his case is the JPML, not this court. Pursuant to 28 U.S.C. § 1407(a), when "civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. *Such transfers shall be made by the judicial panel on multidistrict litigation* authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a) (emphasis added). Rule 7.1(b)(1) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation (the "JPML Rules"), cited by the JPML in its February 21, 2013 order denying transfer of Plaintiff's action to the MDL provides that if "the Clerk of the Panel determined that a potential tag-along action is not appropriate for inclusion in an MDL proceeding and does not enter a CTO, an involved party may move for its transfer pursuant to Rule 6.1." However, Plaintiff never moved the JPML to transfer the case pursuant to Rule 6.1 of the JPML Rules. Instead, Plaintiff sought transfer from the Florida Court and Bankruptcy Court, both of which denied Plaintiff's request. Plaintiff now seeks transfer from the MDL Court which should, as the Florida Court and Bankruptcy Court did, deny Plaintiff's request.

against NECC or its affiliated defendants, including any third-party claims for contribution or indemnity.

Plaintiff's case should not be transferred to the MDL because Plaintiff's primary claims are not related to the actions already consolidated in the MDL. Plaintiff argues his case should be transferred to the MDL Court as it falls under those cases "against NECC or its affiliated defendants pending in other federal courts." (Plaintiff's Motion at p. 6-7.) However inclusion in the MDL is not appropriate simply because a plaintiff names NECC or an affiliated party in their lawsuit. The basis of the lawsuit must be of the same subject matter and concerning the same issues as those pending in the MDL, specifically those for personal injury and wrongful death. That is not the case here. The civil rights violations asserted by Plaintiff bear no relation to the personal injury cases properly joined in the MDL, and thus should not be permitted to interfere with the MDL proceedings, through which the limited estate resources will be distributed to those who truly suffered from the fungal meningitis outbreak. Plaintiff's rights to disbursement of those estate resources, if any, are protected through Plaintiff's filing of a Proof of Claim with the Bankruptcy Court.[2] As the JPML already concluded, transfer of Plaintiff's action is not appropriate.

Additionally, there is no basis for inclusion of Plaintiff's claims in the MDL as he does not allege he was exposed to an NECC product. Plaintiff's only basis for including NECC in his lawsuit is that he received epidural injections during the time period of the fungal meningitis outbreak. (Plaintiff's Motion at p. 11.) Plaintiff alleges the injections were "methylprednisolone acetate/Depo-medrol," but he does not allege NECC compounded or supplied the compounded medicine. (*Id.*) In fact, Plaintiff initially alleged the exact opposite by pleading that his

---

[2] Indeed, this is the appropriate vehicle to pursue his claims, not through amending his Complaint in violation of the automatic stay and pursuing them in a non-bankruptcy proceeding.

6

physician informed him the "medication in question that led to infections was not utilized in your lumber[sic] injections . . . ." (*Id.*)  Plaintiff alleges in his Complaint he was treated and received the epidural injections at South Bay Correctional Facility, while he alleges in his Motion the injections were given at Wellington Regional Medical Center.  (Ex. A, Compl. generally at p. 17-32; Plaintiff's Motion at p. 11.)  Regardless, neither facility is identified on the CDC's official list of healthcare facilities that received lots of MPA recalled by NECC associated with the fungal meningitis outbreak.  (*See* http://www.cdc.gov/hai/outbreaks/meningitis-facilities-map.html.)  Therefore, as Plaintiff concedes his treating physician informed him he was not exposed to NECC's MPA product, and neither facility at which he was possibly exposed received lots of MPA associated with the fungal meningitis outbreak, Plaintiff's case should not be transferred to the MDL Court.

## CONCLUSION

For all of the foregoing reasons, the Trustee respectfully requests that this Court deny Plaintiff's Motion.

Respectfully Submitted,

Dated:  July 2, 2014                    HARRIS BEACH PLLC

By:    /s/ Frederick H. Fern
Frederick H. Fern, Esq.
Judi Abbott Curry, Esq.
100 Wall Street, 23rd Floor
New York, New York 10005
(P) 212-687-0100
(F) 212-687-0659
*hbnecc@harrisbeach.com*

*Counsel for Paul D. Moore, Chapter 11 Trustee of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center*

7

## CERTIFICATE OF SERVICE

  I, Frederick H. Fern, hereby certify that on the 2nd day of July, 2014, the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). This document was also served by first class mail upon:

Darrel Cummings
DC # 088532
South Bay Correctional Facility
Inmate Mail/Parcels
600 U.S. Highway 27 South
South Bay, FL 33493

                /s/ Frederick H. Fern
                Frederick H. Fern