UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION
CASE NUMBER:

MAR 20'14 PM 12:56 USB

In re:

NEW ENGLAND COMPOUNDING
PHARMACY, INC.,

Chapter 11
Case No. 12-19882-HJB

Debtor

**MOTION TO REMOVE AND/OR TRANSFER DEFENDANT(S) CEO, NEW ENGLAND COMPOUNDING CENTER, TO THE MULTI-DISTRICT LITIGATION COURT IN THE DISTRICT OF MASSACHUSETTS**

COMES NOW the, Creditor, Darrel Cummings, pro se, pursuant to 28 U.S.C.S. § 1412, governs the transfer of bankruptcy cases and adversary proceedings ... (A district court may transfer a case or proceeding under title 11 [11 USCS § 100 et. seq.] to a district court for another district, in the interest of justice or for the convenience of the parties. Creditor hereby submits his Motion to Remove and Transfer Defendant's New England Compounding Center to the United States Bankruptcy Court in and for the District of Massachusetts, Eastern Division, from the U.S. District Court, Southern District of Florida and states the following in support:

1. On December 21, 2012, the Creditor submitted his instant litigations pursuant to 42 U.S.C. 1983 Civil Right complaint against in pertinent part, Defendant(s) CEO, New England Compounding Center [NECC], which was filed by this court on December 26, 2012 [DOC 1] to which this court retains jurisdiction [DOC 6, 18].

2. On the same day, Creditor submitted his complaint to the Florida court. On December 21, 2012, Defendant(s) NECC subsequently shutdown its operations and the magnitude

of the personal injury claims against NECC resulted in the company filing for relief under Chapter 11 of Title 11 of the U.S. Bankruptcy code in the District of Massachusetts.

3. On January 25, 2013, Paul D. Moore, was appointed as the Chapter 11 Trustee of the Debtor's Estate. Thereafter, a stay of proceedings was ordered by the District of Massachusetts.

4. On February 11, 2013, Creditor wrote the United States Bankruptcy Court for the District of Massachusetts, stating in pertinent parts that, his circumstance were quite unique because he could not inspect any documents regarding the case in the Bankruptcy Clerk's Office in Massachusetts or the website listings as was ordered by that court. I explained I was incarcerated in Florida, and had no access to the website reference listed.

5. On February 26, 2013, the Honorable U.S. (Bankruptcy) Judge Henry J. Boroff forwarded Creditor's proof of claim forms and Creditor's letter, explaining his situation in the State of Florida, to the Chapter 11 Trustee, Paul D. Moore, to add to the Certificate of Service list to receive documents by U.S. Mail. However, all documents and pleadings were not forwarded to Creditor via U.S. Mail.

6. On March 10, 2013, the Trustee filed in the Bankruptcy Court of Massachusetts a Motion to Transfer Personal Injury Tort and Wrongful Death cases pursuant to 28 U.S.C. §§ 1334 and 157(b)(5) [MDL DKT. No. 37] (The "Transfer Motion") [DOC. 141, 142]. I did not receive these documents. (See Attachment, Exhibit "A").

7. The transfer motion sought to transfer to the MDL, pursuant to 28 U.S.C. § 157(b)(5), of all personal injury and wrongful death cases pending in both State and federal courts, which involved claims arising from use of allegedly contaminated pharmaceuticals

2

compounded and/or distributed by NECC and other third parties. As this court observed in its memorandum and order on Trustee's Motion to Transfer dated May 31, 2013 [MDL DKT. No. 170] (The Transfer Opinion), which Creditor neither received.

8. Never the less, the aboved-mentioned facts now made available to me on March 5, 2014 [DKT. 971] states that, the transfer motion sought the transfer of cases which fall into the four (4) following categories:

(1) Cases pending in other federal courts that have not yet been transferred here; (2) Cases pending in state courts where removal is in process; (3) Cases pending in state courts that name NECC or affiliated entities as defendants; and (4) Cases pending in state courts that do not name NECC or affiliated entities as defendants. In re New Eng. Compounding Phram. Prods. Liab. Litig. 496 B.R. 256, 262 (D. Mass. 2013).

9. The transfer motion was granted by the Massachusetts Court on May 31, 2013 as to those cases within categories (1), (2) and (3).

10. This case squarely falls into category (1), cases pending in other federal courts that have yet to be transferred [To the multi-district litigation court in Massachusetts].

11. Three hundred and twenty-one (321) lawsuits resulting from the outbreak have been consolidated in this multi-district litigation, as of March 5, 2014. The Middle District of Florida has previously transferred the other two cases existing out of the State of Florida in the case(s) of, Fusco, 1:13-cv-10603 and York, 1:13-cv-10626.

WHEREFORE, Creditor respectfully requests this Honorable Court remove and/or transfer Defendant(s) CEO, NECC to the Multi-District Litigation Court in the District of Massachusetts from the U.S. District Court, Southern District of Florida. Alternatively, Creditor asks the Court to lift the stay pending in the U.S. Bankruptcy Court for the District

3

of Massachusetts, Eastern Division, so that this case may proceed during discovery matters, which has been ordered by the Southern Court District of Florida. [DOC 79].

MAR 20'14 PM 12:56 USB

Respectfully Submitted,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was furnished to Counsel for Paul D. Moore (Jeffrey D. Sternklar BB0#549561) at 100 High Street, Suite 2400, Boston, MA 02110-1724 on this 14th day of March 2014 by Placement into the hands of Correctional Official for mailing via U.S. Mail.

Darrel Cummings, #088532
South Bay Corr. Fac.
P. O. Box 7171
South Bay, FL 33493

4

UNITED STATES BANKRUPTCY COURT
DISTRICT COURT MASSACHUSETTS
CASE NO. 12-19882

DARREL CUMMINGS,
    Creditor

MAR 20'14 PM 12:56 USB

v.

NEW ENGLAND COMPOUNDING PHARMACY, INC.
    Debtor(s)
_____/

## MOTION FOR CONTINUANCE

COMES NOW, Creditor, Darrel Cummings, pro se, and pursuant to Notice of Hearing, issued by Counsel for Chapter 11 Trustee, Jeffrey D. Sternklar. This Notice of Hearing was filed and served on March 21, 2013. However, Creditor did not receive Notice until the 27th of March 2013, and hereby file a Motion for Continuance if necessary. Creditor states the following in support:

1. Notice of Hearing is established to be set on April 3, 2013.
2. Creditor on February 11, 2013, in retrospection to hearing, contacted this Honorable Court by letter for Florida, and forwarded counsel for Debtor a true copy.
3. This letter informed the court in pertinent parts that, he could not inspect any documents regarding this case . . . his opportunity to vote on plan is hampered and will be nullified altogether if the plan and proof of claim form is not forwarded to him via U.S. Mail.
4. Your Honor's order ordered the Clerk on February 26, 2013 to send Creditor the proof of claim form, and forward letter to Chapter 11 Trustee and Counsel.

5. As such Creditor has not received any motions regarding hearing in order to provide an adequate objection or response from the Trustee or counsel. In particular, <u>DOC</u>. 141, motion as indicated on most recent notice.

WHEREFORE, Creditor would respectfully request this Honorable Court to issue a continuance only if an objection or response is necessary.

<u>3/27/13</u>
Date

Darrel Cumming pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy was furnished to: Jeffery D. Sternklar (BBO #549561) 100 High Street, Suit #2400, Boston, MA 02110-1724, on this 27<u>th</u> day of <u>March 2013</u> by U.S. Mail.

Darrel Cummings DC# 088532
South Bay Correctional Facility
P. O. Box 7171
South, Florida 33493

MAR 20 '14 PM 2:56 USB