UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

ORDER

July 9, 2014

ZOBEL, D.J.

     Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, M.D.; Debra Schamberg, R.N.; Speciality Surgery Center, Crossville, PLLC; Kenneth R. Lister, M.D.; and Kenneth Lister, M.D., P.C. (collectively, "Tennessee Clinic Defendants") filed a motion for summary judgment (Docket # 774) under Fed. R. Civ. P. 56 with respect to 33 lawsuits arising from an outbreak of fungal meningitis caused by contaminated methylprednisolone acetate ("MPA") manufactured and sold by the New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center. Tennessee Clinic Defendants argue that every claim in the plaintiffs' complaints is within the purview of the Tennessee Health Care Liability Act ("THCLA"), Tenn. Code Ann. § 29-26-101, et seq. Pursuant to Tenn. Code Ann. § 29-26-122, claimants bringing health care liability actions must file a certificate of good faith with the complaint stating that counsel has consulted with one or more experts who provided a signed statement

confirming that the expert is both competent to express opinions in the case and believes there is a good faith basis to maintain the lawsuit. Tennessee Clinic Defendants assert that because plaintiffs did not file certificates of good faith with their original complaints, the lawsuits must be dismissed.

Plaintiffs maintain that Tennessee Clinic Defendants' motion for summary judgment is premature and seek deferral or denial of the motion under Fed. R. Civ. P. 56(d) (Docket # 948) until plaintiffs have had the opportunity to conduct meaningful discovery. Plaintiffs aver, via counsel's declaration, that they have not had sufficient time (and that Tennessee Clinic Defendants have repeatedly resisted their attempts) to fully develop the facts that would allow them to respond to the summary judgment motion. Plaintiffs argue that their original complaints were not filed under the THCLA but rather asserted claims under the Tennessee Products Liability Act ("TPLA"), Tenn. Code Ann. § 29-28-101, et seq., and thus the THCLA's good faith certificate requirement did not initially apply[1]; they request discovery to establish facts demonstrating the viability of their products liability and other claims as a way of countering the Tennessee Clinic Defendants' position that all their claims fall under, and must therefore meet the prerequisites of, the THCLA.

I find that plaintiffs have adequately shown their need for additional discovery and its relevance to the issues raised on summary judgment. I also note that currently pending before the court are several motions to dismiss that center on the applicability

---

[1] Plaintiffs later amended their complaints to add claims under the THCLA, at which time they filed certificates of good faith.

2

of the THCLA and TPLA to plaintiffs' claims, the outcome of which may significantly impact summary judgment. Therefore, plaintiffs' request under Rule 56(d) is ALLOWED and the Tennessee Clinic Defendants' motion for summary judgment (Docket # 774) is DENIED WITHOUT PREJUDICE to being renewed following further discovery. Plaintiffs' motion for leave to reply in support of its Rule 56(d) response (Docket # 1061) is ALLOWED.

    July 9, 2014                                            /s/Rya W. Zobel
       DATE                                                 RYA W. ZOBEL
                                                                UNITED STATES DISTRICT JUDGE