# EXHIBIT 1

-----Original Message-----
From: Patrick T. Fennell [mailto:PFennell@crandalllaw.com]
Sent: Wednesday, June 11, 2014 11:05 AM
To: Busch, Stephen D.; Neale, James F.
Cc: Carey Hargenrader
Subject: Insight Health Corp.

Steve and Jim:   Please see the attached letter.

Thank you.

Patrick



Daniel L. Crandall*
Peter A. Katt
Danny D. Ashwell, Jr.
Patrick T. Fennell**
D. Adam McKelvey
William C. Pattisall***
John F. Pyle
David J. Crandall

\* also admitted in Washington, DC
\** also admitted in West Virginia
\*** also admitted in North Carolina

# Crandall & Katt
Attorneys & Counselors at Law
366 Elm Avenue, S.W., Roanoke, Virginia 24016

Telephone:
540-342-2000
Facsimile:
540-345-3527
email@crandalllaw.com

June 11, 2014

Stephen D. Busch, Esq.
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219-4030
sbusch@mcguirewoods.com

James F. Neale, Esq.
McGuireWoods LLP
310 Fourth Street, N.E.
Suite 300
Charlottesville, Virginia 22902-1288
jneale@mcguirewoods.com

Re: In re: New England Compounding Pharmacy, Inc., Products Liability Litigation MDL 2419

Dear Steve and Jim:

As you know, one of the primary purposes for consolidating cases within an MDL is to avoid piecemeal litigation. One of the best methods for avoiding piecemeal litigation is to allow centralization and coordination of discovery, including making discovery previously obtained available and applicable to all other cases in an MDL. Toward this end, Lead Counsel and the Plaintiffs' Steering Committee intend to ask the Court to enter a Case Management Order granting all Virginia plaintiffs access to all documents and things (including, but not limited to, cross-claims, counterclaims, responsive pleadings, answers to interrogatories, responses to requests for admission, responses to request for production and deposition testimony) previously served, prepared, produced or given by any of the defendants in the *Wingate* and *Baker* cases, incorporating all such documents, answers, etc. in all cases in the MDL involving a Virginia plaintiff, and allowing them to be used for all purposes in every such case to the same extent as if they were served, prepared, produced or given in every such case.

We believe that this efficient use of discovery previously taken will promote the most efficient application of resources, preserving assets for the victims and survivors.

I have attached a copy of the draft CMO we intend to place before the court, and hope that you will join us in presenting it to the Court as an agreed order. Counsel for Image Guide

Pain Management and Dr.'s Mathis and O'Brien has already expressed his consent to entry of this Order.

Please let me know by 3:00 p.m. this afternoon whether you intend to consent to entry of this important Case Management Order.

Thank you.

>Very truly yours,
>
>CRANDALL & KATT
>Attorneys & Counselors at Law
>
>Patrick T. Fennell

PTF/
Enclosure
c:  Thomas M. Sobol, Lead Counsel (w/enc)
    Plaintiffs' Steering Committee (w/enc)
    John T. Jessee (w/enc)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | MDL No. 1:13-md-2419-RWZ |

### MDL Order No. 8
### June ___, 2014

The Plaintiffs' Steering Committee ("PSC") has moved the Court for entry of an order (1) granting all Virginia plaintiffs access to all documents and things (including, but not limited to, cross-claims, counterclaims, responsive pleadings, answers to interrogatories, responses to requests for admission, responses to request for production, and deposition testimony)[1] previously served, prepared, produced, and/or given by the defendants Insight Health Corp., Image Guided Pain Management, John Mathis, M.D., and/or Robert O'Brien, M.D. in the cases styled *Sharon G. Wingate, Executor of the Estate of Douglas Gray Wingate, deceased v. Insight Health Corp., et al.* and *Chance E. Baker v. Insight Health Corp.*, (2) incorporating all such documents and things in all other cases in the MDL involving a Virginia plaintiff, and (3) allowing all such documents and things to be used in all other cases in the MDL involving a Virginia plaintiff to the same extent as if served, prepared, produced, and/or given in each such other case.

The Court has considered the arguments set forth in the memorandum submitted in support of the motion, as well arguments set forth in opposition to the motion. In order to promote efficiency in the conduct of this litigation, preserve scarce resources and avoid

---

[1] See Exhibit B to Memorandum in Support for a listing of some such documents and things.

23347/1/6699779v1

piecemeal litigation, it is hereby ORDERED that Plaintiffs' Steering Committee's Motion to enter the Case Management Order is granted and:

1. Insight Health Corp., Image Guided Pain Management, John Mathis, M.D., and Robert O'Brien, M.D. shall provide unredacted copies all such documents and things (including, but not limited to, cross-claims, counterclaims, responsive pleadings, answers to interrogatories, responses to requests for admission, responses to request for production, and deposition testimony) to Lead Counsel within ten (10) days of the date of entry of this order.

2. All parties shall have thirty days from the date of entry of this order in which to designate any documents and things contained in such production as "Confidential Discovery Material" in accordance with, and subject to, this Court's Third Amended Protective Order of Confidentiality.[2]

3. Upon the expiration of such 30 day period, Lead Counsel shall deposit the documents and things with the appropriate document repository and make it accessible to parties to this litigation in accordance with, and subject to, the previous orders of this Court.

4. All documents and things previously served, prepared, produced, and/or given by the defendants Insight Health Corp., Image Guided Pain Management, John Mathis, M.D., and Robert O'Brien, M.D. in the cases styled *Sharon G. Wingate, Executor of the Estate of Douglas Gray Wingate, deceased v. Insight Health Corp., et al.* and *Chance E. Baker v. Insight Health Corp.* are hereby incorporated in all other cases in the MDL involving a Virginia plaintiff.

5. All documents and things previously served, prepared, produced, and/or given by the defendants Insight Health Corp., Image Guided Pain Management, John Mathis, M.D., and Robert O'Brien, M.D. in the cases styled *Sharon G. Wingate, Executor of the Estate of Douglas Gray Wingate, deceased v. Insight Health Corp., et al.* and *Chance E. Baker v. Insight Health*

---

[2] Doc. No. 814.

*Corp.* may hereby be used in all other cases in the MDL involving a Virginia plaintiff to the same extent as if served, prepared, produced, and/or given in each such other case.

Dated: _____

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

23347/1/6699779v1