# Exhibit 2

# GIDEON, COOPER & ESSARY
A PROFESSIONAL LIMITED LIABILITY COMPANY

315 DEADERICK STREET, SUITE 1100
NASHVILLE, TENNESSEE 37238
(615) 254-0400
FAX (615) 254-0459
www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA VON KANEL
J. BLAKE CARTER[1]
MARK A. HAMMERVOLD[1]
MATT H. CLINE
JOHN-MARK ZINI[6]

[1] LICENSED IN TN & FL
[2] LICENSED IN TN, AL & TX
[3] LICENSED IN TN & GA
[4] LICENSED IN TN & KY
[5] LICENSED IN TN & WI
[6] LICENSED IN TN & KS

October 10, 2013

**VIA/HAND DELIVERY**

J. Gerard Stranch, IV
Branstetter, Stranch & Jennings
227 Second Avenue North
Nashville, TN 37201

Dear Gerard:

We received your letter of October 9, 2013, enclosing discovery requests[1] for our clients, Saint Thomas Outpatient Neurosurgical Center ("STOPNC"), Howell Allen Clinic ("Howell Allen"), John Culclasure, M.D., and Debra Schamberg, R.N.

As you are aware, the Plaintiffs' Steering Committee currently has subpoenas outstanding for STOPNC and Howell Allen. We assume that your issuance of discovery requests is a recognition that the proper method of obtaining information and documents from parties to the MDL is through discovery conducted pursuant to FRCP 26, not subpoenas issued pursuant to FRCP 45. Please withdraw the subpoenas as to STOPNC and Howell Allen so that we may avoid wasting Magistrate Judge Boal's time arguing over whether those subpoenas should be quashed.

I reviewed the guidelines for electronic production of documents supplied by US Legal Support. We are willing to produce documents in electronic PDF format, but we will not agree to produce the documents within the parameters unilaterally imposed by US Legal Support. Complying with the guidelines would be expensive and time-consuming, and we cannot agree to subject our clients to this unnecessary expense. We believe PDF is an acceptable format. It is the format used by the Court for electronic pleadings.

Regarding your request for deposition dates, you served us with 421 discovery requests and informally requested review of approximately 50,000 emails for production. I am skeptical that this process will be complete in time for depositions in December.

---

[1] The discovery requests are styled for 54 suits in the District of Massachusetts, but Judge Saylor has not yet accepted transfer of 46 of those suits.

Additionally, pursuant to MDL Order No. 7, the six bellwether cases will be chosen in January. By custom, we are given the opportunity to depose the plaintiff prior to producing our clients for depositions. Should a Tennessee case be chosen as a bellwether case, we request to depose your client prior to presenting ours for depositions. If no Tennessee case is chosen as a bellwether case, depositions of our clients are unnecessary to the resolution of the MDL, and, therefore, they should not occur prior to transfer of these suits back to the Middle District of Tennessee.

You have also requested a "30(b)(6) date." Please provide either a draft notice for the deposition or a list of topics on which you would like the deponent(s) to testify. Otherwise, it is impossible to respond because we do not know what information you seek.

You served interrogatories in excess of the twenty-five (25) allowed by FRCP 26(a)(1) and 33(a)(1), and Local Rule 26.1(c), and requests for admissions more than quintupling the twenty-five (25) permitted by Local Rule 26.1(c). Please identify the twenty-five (25) interrogatories and twenty-five (25) requests for admissions to which you would like us to respond.

We will review the discovery requests to determine which of the roughly 50,000 segregated emails have been requested. We will have to assess the most efficient and cost-effective method to search for and identify responsive emails, while maintaining privilege. We suspended reviewing the emails in connection with the suits filed in the Circuit Court for Davidson County when the plaintiffs voluntarily dismissed those suits in June 2013, after we filed motions to dismiss. The review process will take a significant amount of time.

We are working on our initial disclosures. FRCP 26(f) requires a discovery conference prior to our disclosure. I presume you are assuming that a discovery conference has already occurred via the various status conferences Judge Saylor has held. In that case, FRCP 26 mandates the same deadline for initial disclosures for all parties, including the plaintiffs. MDL Order No. 7 clearly states that discovery as to the plaintiffs is to begin "forthwith."

Local Rule 26.2 for the District of Massachusetts mandates that a party produce its initial disclosures before the party may initiate discovery. The initial disclosures were and are required within 21 days of a suit's transfer to the District of Massachusetts. You violated Local Rule 26.2 by serving discovery before serving the initial disclosures of the plaintiffs. As a result, we will not consider your discovery requests served until we receive your initial disclosures.

I propose that we have a discussion designed to agree on a date by which the plaintiffs with suits against STOPNC and Howell Allen will produce their initial disclosures, and we will serve our initial disclosures by the same deadline, consistent

2

with FRCP 26. We will begin working on our discovery responses in anticipation of receipt of your initial disclosures.

Finally, we have not received the additional disclosure of medical information required by Local Rule 35.1 within 21 days of transfer into the District of Massachusetts. Much if not all of the information will likely be contained in your initial disclosures. I suggest using the yet to be agreed upon deadline for your initial disclosures as the deadline for providing the medical information required by Local Rule 35.1.

Pursuant to Local Rule 37.1, please allow this letter to serve as our request to "meet and confer" regarding the various discovery issues described above in detail.

Sincerely,

C. J. Gideon, Jr.

CJGjr/cra