# Exhibit 3

BRANSTETTER, STRANCH & JENNINGS, PLLC

ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE (615) 254-8801 ~ FACSIMILE (615) 250-3937

CECIL D. BRANSTETTER, SR.
C. DEWEY BRANSTETTER, JR.
RANDALL C. FERGUSON
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
KARLA M. CAMPBELL
BEN GASTEL*
STACEY K. SKILLMAN **

OF COUNSEL:
ROBERT E. RICHARDSON, JR. ***

*      ALSO ADMITTED IN GA
**     ALSO ADMITTED IN KY
***    ONLY ADMITTED IN OH

October 16, 2013

**VIA UNITED STATES and ELECTRONIC MAIL**

CJ Gideon
Gideon Cooper & Essary
315 Deaderick St., Suite 1100
Nashville, Tennessee 37238

Re:   **New England Compounding Center Litigation, MDL No. 2419
Complaints filed in United States District Court for the
Middle District of Tennessee**

Dear CJ:

As you know we served discovery in the above-identified matter on behalf of the Plaintiffs' Steering Committee ("PSC") on October 9, 2013. On October 10, 2013, you sent a letter raising various issues related to that discovery. This letter is meant to respond to that communication and should be considered our attempts to meet and confer with you as required under Local Rule 37.1.

Your letter raises many odd positions that are not consistent with MDL practice and you seem somewhat confused as to the nature of the discovery served upon you. That discovery was served by the PSC and is intended to be the common discovery applicable to all Tennessee cases (as indicated by the signature blocks and the caption of the discovery). It is not intended to be the discovery served upon you in the individual cases for which I also act as Plaintiffs' counsel. I hope that clarification assuages some of the concerns raised in your letter. In any event, I will address each of the issues you raised in turn.

Subpoenas: Your position that we should now withdraw the subpoenas is not in accordance with the Federal Rules of Civil Procedure and we intend to continue to pursue enforcement of those subpoenas. Rule 45 is not limited merely to third parties and it is well-settled that a subpoena can be served on a party defendant. *Badman v. Stark*, 139 F.R.D. 601 (M.D. Pa. 1991) ("A subpoena under Rule 45 may be served upon both party and non-party witnesses."); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 n.5 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002) ("While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action . . . nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against

parties."). Nor do we think Judge Saylor, who authorized the PSC to issue the subpoenas on clinics such as your client, intended that those subpoenas would become irrelevant once actions against clinics were brought into the MDL.

<u>Electronic Production of Documents</u>: To the extent that you are not willing to comply with the proposed ESI protocol of the Court-appointed vendor, we believe that is not proper. Given the large amount of information that will be produced throughout this MDL, it is appropriate for there to be a uniform ESI protocol, which U.S. Legal has provided. We recommend that you comply with these requirements.

<u>Deposition Dates</u>: We intend to proceed with depositions in December and have now requested, three times, that you provide dates. We plan to notice depositions soon if you do not provide available dates. Your concerns about complying with discovery requests are not proper, given that you are obligated to respond to those requests within 30 days and the fact that there is at least 50 days between when we served discovery requests and when we may start taking depositions. Moreover, you have already produced discovery in state court litigation that substantially overlaps with the discovery now served on your clients, and we do not see how this is not a reasonable time frame under the circumstances.

Further your objection that your clients should not have to sit for depositions before plaintiffs sit for theirs is simply unfounded. As you know, there is no such rule that requires this process, and to the extent that you wish to take a plaintiff's deposition, you may notice a deposition in accordance with Rule 30. Contrary to your assertion, the practice of taking plaintiff's depositions before defendant's is not the customary practice in MDL litigation, nor is it the customary practice in any federal court where we regularly practice. Moreover, there are over a hundred plaintiffs likely to have cases pending in the MDL, and it would be unprecedented to allow you to depose every plaintiff before the PSC is permitted to take common depositions of your clients. Such a proposition is fundamentally absurd and we cannot imagine that Judge Saylor would acquiesce to such a request.

Finally, your position that depositions should not go forward unless a case against your clients is selected for bellwether status is unfounded and contrary to MDL practice. It is universally settled in federal MDL litigation that an MDL Court has jurisdiction over pre-trial matters, which necessarily includes pre-trial discovery. *See* 28 U.S.C. § 1407(a); *see e.g., In re Clients & Former Clients of Baron & Budd, P.C.*, 482 F.3d 835, 836 (5th Cir. 2007) ("Section 1407 provides that when civil actions are transferred to a district by the judicial panel on multidistrict litigation, the purpose of the transfer is 'for coordinated or consolidated pretrial proceedings' and to 'promote the just and efficient conduct of such actions.' Undoubtedly, Congress intended that a judge who presides over multidistrict litigation is to have broad power to conduct pretrial proceedings.") You seem to suggest that you are under no obligation to participate in depositions until cases are remanded back to the Middle District of Tennessee for trial. That is absurd and counterproductive to the purposes of the MDL. The MDL is established, at least in part, for the benefit of your clients, who, otherwise, would have to respond to discovery in each individual case and potentially sit for hundreds of depositions. The MDL

*Letter to CJ Gideon*
*October 16, 2013*
*Page 3*

process is used to limit this unnecessary and inefficient practice, and we strongly suggest that your clients act accordingly.

30(b)(6) Deposition: With respect to a 30(b)(6) deposition, you claim you need service of a list of topics before you can provide dates. We have already served a subpoena identifying topics for a Rule 30(b)(6) deposition and that has been in your possession for almost three months. We do not believe that you need any more information than what you have already; therefore, please provide dates in December for this deposition immediately or we will unilaterally notice a date.

Number of Interrogatories and RFAs: We strongly recommend that you respond to all proffered discovery requests. Undoubtedly given the size of the litigation and the number of cases pending, Judge Saylor will permit the PSC to serve common discovery in excess of the limits provided for in the Federal and Local Rules. I suggest that we come to an agreement on the number of requests that can be proffered for common discovery. We suggest 50 interrogatories and 200 RFAs. Given that there are over 100 cases now pending against your clients (meaning you could be subject to over 2,500 interrogatories and RFAs) these seem like reasonable requests.

50,000 Segregated Emails: We subpoenaed information that undoubtedly relates to these emails three months ago, so you should be well advanced in your review of that material, notwithstanding the dismissal of the state court litigation. Although we are willing to set a reasonable schedule on the production of these emails, you should be well advanced in your review of that material at this time and any such reasonable accommodation will take that into consideration. Please provide a date upon which you think those emails will be ready for production as this is now the third time we have asked you for an update on this issue.

Initial Disclosures: Judge Saylor is not going to hold a Rule 26(f) conference for every case in the MDL. Such a practice would be unheard of in this type of litigation. We already have in place 7 MDL orders, any one of which could constitute the order contemplated by Rule 26. With regard to plaintiffs' initial disclosures, for the cases in which I am counsel, we will provide those within fourteen (14) days of those cases being formally transferred into the MDL, which has not yet occurred for such cases. With regard to plaintiffs' initial disclosures for which I am not listed as counsel, to the extent that you believe those are untimely, we recommend that you take this issue up with plaintiff's counsel in those cases, as the PSC is not responsible for this type of individualized issue. Further, we are in a meet and confer process with other defense counsel on whether plaintiff fact sheets will supplant plaintiff initial disclosure requirements. If you are interested in meeting and conferring about this potential resolution of plaintiff-specific initial disclosures, please let us know.

Nevertheless, the timeliness (or untimeliness as the case maybe) of any given plaintiff's initial disclosures does not change the fact that your initial disclosures are untimely. Please provide them immediately or we will take appropriate action with the Court.

*Letter to CJ Gideon*
*October 16, 2013*
*Page 4*

Additionally, there is no basis to conclude that discovery is untimely because plaintiffs have not served initial disclosures. Your position essentially is that you have no obligation to respond to discovery until you receive initial disclosures from all plaintiffs. Judge Saylor has repeatedly indicated that discovery against clinics, such as your clients, is to move forward with all deliberate speed. This playing of games with regard to the Local Rules is unproductive, wasteful, and is threatening the very efficiencies that the MDL process is meant to achieve. We will continue to take the position that your discovery responses are due 30 days from the date on which we served them and will take appropriate action with the Court in the event we do not receive responses by that date. Notwithstanding this, we are cognizant of the fact that fully responding to the propounded discovery may take more than 30 days and are willing to work with you on a *reasonable* extension should you deem one necessary. We will not, however, agree to your suggestion that discovery is untimely because plaintiffs have not served initial disclosures.

Finally, to the extent that you believe that plaintiffs' counsel in individual litigation has failed to timely provide you a disclosure required under Local Rule 35.1, we recommend that you take that up with each individual plaintiffs' counsel. The PSC is not responsible for handling that type of individual issue. To the extent that you believe that I, as the state chair for Tennessee in this MDL litigation, can be of assistance in coordinating this effort, please let me know.

Should you have any questions or need any additional information, please do not hesitate to contact me.

Sincerely,

**J. GERARD STRANCH, IV**
**Member of PSC and Tennessee Chair**

cc:   Kristen Johnson Parker

4