# Exhibit 4

# GIDEON, COOPER & ESSARY
A PROFESSIONAL LIMITED LIABILITY COMPANY

315 DEADERICK STREET, SUITE 1100
NASHVILLE, TENNESSEE 37238
(615) 254-0400
FAX (615) 254-0459
www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA VON KANEL
J. BLAKE CARTER[1]
MARK A. HAMMERVOLD[1]
MATT H. CLINE
JOHN-MARK ZINI[6]

[1] LICENSED IN TN & FL
[2] LICENSED IN TN, AL & TX
[3] LICENSED IN TN & GA
[4] LICENSED IN TN & KY
[5] LICENSED IN TN & WI
[6] LICENSED IN TN & KS

C.J. GIDEON, JR.
CJ@gideoncooper.com

October 18, 2013

**Via e-mail only: gerards@branstetterlaw.com**
J. Gerard Stranch, IV
BRANSTETTER, STRANCH & JENNINGS
227 Second Avenue North
Nashville, TN 37201

Dear Gerard:

We received your letter of October 16, 2013, responding to our letter of October 10, 2013.

Your letter does not fulfill the "meet and confer" requirements of Local Rule 37.1. As you will note from our letter of October 10, it was not a statement of our all-inclusive objections to your discovery; it was an invitation to <u>meet</u> and <u>confer</u>. In the future, when our office invites you to "meet and confer" in compliance with Local Rule 37.1, we expect you to discuss our disagreements cordially in person or over the phone, rather than by sending a condescending letter.[1]

Please allow this letter to serve as our final request to engage in a meet and confer regarding these issues. This letter states our ongoing concerns to provide an outline for our meet and confer. If you do not believe a meet and confer can resolve any of these issues, we will consider our Local Rule 37.1 duties to be fulfilled for the purpose of filing a motion with the Court.

Please let me hear from you by Thursday, October 24, 2013.

---

[1] You will note that Local Rule 37.1 has an exception allowing "meet and confer" conferences to be conducted over the telephone. Local Rule 37.1 does not have an exception allowing "meet and confer" conferences to be conducted via letter.

**Rule 45 Non-Party Subpoenas**

The PSC continues to seek enforcement of Rule 45 non-party subpoenas against parties, Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), and Howell Allen Clinic, A Professional Corporation ("Howell Allen").

On June 17, 2013, the PSC served Rule 45 non-party subpoenas upon STOPNC and Howell Allen. The PSC subsequently amended the subpoenas on July 8 and July 17, 2013. On August 7, 2013, STOPNC and Howell Allen became parties to the MDL.[2] On September 27, 2013, the PSC amended the Rule 45 non-party subpoenas yet again, and to this day, the PSC seeks to have the Court enforce the Rule 45 non-party subpoenas against parties, STOPNC and Howell Allen.

It is well-settled in the District of Massachusetts that the use of Rule 45 subpoenas for the purpose of seeking the production of documents from parties is improper.[3] Rule 34 governs the production of documents by parties, and we request that you withdraw your Rule 45 non-party subpoenas.

**The PSC's Premature Discovery**

In serving discovery on our clients, you failed to comply with the plain language of Local Rule 26.2 and Federal Rule of Civil Procedure 26(f), the purposes of which are to mitigate the cost and expense of serving basic discovery requests.

MDL Order No. 2 requires the PSC "to initiate, coordinate, and conduct <u>all</u> pretrial discovery on behalf of <u>all</u> plaintiffs in <u>all</u> actions subject to [MDL Order No. 2]." In addition, the PSC is responsible "to call meetings of counsel for plaintiffs for <u>any</u> appropriate purpose, <u>including</u> coordinating responses to questions of other parties. . . ." MDL Order No. 2 is clear. The PSC is not responsible only for what you characterize as "common discovery." The PSC is responsible for <u>all</u> discovery. Furthermore, Ben Gastel, from your office, stated at the October 8, 2013, status conference that you are able to act on behalf of all Tennessee plaintiffs.

In MDL Order No. 7, Judge Saylor ruled that discovery is to begin forthwith *as to plaintiffs* as well as clinics, like our clients. Initial disclosures are part of discovery. Judge Saylor did not exempt any cases from the Local Rules or Federal Rules of Civil

---

[2] Transfer Order, *Bland et al. v. Ameridose et al.*, Civil Action No. 13-11881-FDS (D. Mass. Aug. 7, 2013) (Dkt. No. 10).
[3] *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000); *Murray v. Crawford*, No. 08-cv-0245-KMT-KLM, 2009 WL 1600682, at *1 (D. Colo. June 4, 2009); *Chytka v. Wright Tree Service, Inc.*, Civil Action No. 11-cv-00968-REB-KLM (D. Colo. Jan. 30, 2012); *Stokes v. Xerox Corporation*, Civil Action No. 05-CV-71683-DT (E.D. Mich. Oct. 5, 2006) ("[T]he Court finds that the majority view is that a party should not be permitted to circumvent the requirements and protections of Rule 34 by proceeding under Rule 45 for the production of documents belonging to a party.").

2

Procedure. In fulfilling its obligation to conduct all discovery, the PSC is not excused from compliance with the Local Rules and Federal Rules of Civil Procedure.[4]

The language of Local Rule 26.2 is clear. The PSC may not initiate discovery until it provides the information and materials called for by Federal Rule of Civil Procedure 26(a)(1). The PSC is prohibited from initiating discovery until the PSC has met with counsel in compliance with Federal Rule of Civil Procedure 26(f). You have failed to comply with Local Rule 26.2 and Federal Rule of Civil Procedure 26(f) in prematurely serving discovery on our clients.

The purpose of Local Rule 26.2 is to ensure that duplicative discovery described in Federal Rule of Civil Procedure 26(b)(2)(C) can be avoided. Local Rule 26.2 requires the PSC and our clients to provide initial disclosures in order to mitigate the need for generic discovery requests. Had you awaited our initial disclosures and complied with Local Rule 26.2, you probably would not have exceeded the discovery limitations set forth in Federal Rules of Civil Procedure 26(a)(1) and 33(a)(1), and Local Rule 26.1(c).

The purpose of the Federal Rule of Civil Procedure 26(f) conference between parties is to mitigate discovery disputes, and it is unfortunate that in your haste to serve discovery upon our clients,[5] you neglected to contact us regarding a Federal Rule of Civil Procedure 26(f) conference. The status conferences held by Judge Saylor are separate and distinct from the required out-of-court Federal Rule of Civil Procedure 26(f) conference between parties. Had you taken any steps to comply with Federal Rule of Civil Procedure 26(f), many of these disputes could have been resolved.

We propose that you provide us with the Plaintiffs' initial disclosures by November 8, 2013, and we will agree to provide our initial disclosures by the same day. Once the PSC has complied with the requirements of Local Rule 26.2 and Federal Rule of Civil Procedure 26(f), we will consider the PSC's discovery properly served. We will begin collecting documents responsive to your discovery requests, to the extent the requests comply with Federal Rule of Civil Procedure 26(b)(2)(C).

**<u>Medical information</u>**

Based upon the PSC's responsibilities stated in MDL Order No. 2, we request that you coordinate the production of Plaintiffs' medical information, in compliance with Local Rule 35.1.

Similar to Local Rule 26.2, the purpose of Local Rule 35.1 is to mitigate excessive discovery requests.

We propose the PSC coordinate the production of Plaintiffs' medical information to be produced by November 8, 2013, with the Plaintiffs' initial disclosures.

---

[4] To the extent that you believe the PSC is only responsible for "common discovery," The PSC has failed to provide initial disclosures for "common" issues or engage in a Rule 26(f) conference for "common discovery."

[5] A haste which resulted in the PSC styling its discovery to include 46 cases that had not yet been transferred to the MDL. The PSC's service of discovery, issued from the District Court of Massachusetts, in 46 Middle District of Tennessee cases is improper.

### Production of Approximately 50,000 Emails

You have requested production of approximately 50,000 emails. This request is in addition to the 420 other discovery requests propounded by the PSC. Your request for 50,000 emails is facially overbroad and seeks information protected by numerous privileges and statutes, including Tenn. Code Ann. §§ 63-1-150 and 68-11-272, attorney-client privilege, and HIPAA.

In order to mitigate the burdensome nature of this request, we propose that you submit twenty search terms.

### Format of Electronic Production

Producing electronic documents in compliance with the unilateral requirements imposed by US Legal Support would be unduly expensive and time-consuming. As an alternative to the requirements imposed by US Legal Support, we propose submitting documents in PDF format. PDFs are universally utilized and are used by the Court for electronic pleadings.

If the PSC insists on our clients producing documents in compliance with US Legal Support's requirements, we will seek third-party analysis of the costs associated with responding to your request, and we will expect the PSC to pay for those costs.

### Proposed Discovery Limitations

Your letter of October 16, 2013, proposed discovery limitations for "common discovery." As stated previously, MDL Order No. 2 states that the PSC is responsible for all discovery, not "common discovery." With the understanding that the PSC is responsible for all discovery, we agree to your proposed limit of 200 requests for admission, but we propose that interrogatories be limited to 35. If one of us needs additional discovery, we can "meet and confer" in compliance with Local Rule 37.1. If we cannot reach an agreement, the party seeking additional discovery may move the Court for permission to serve the additional discovery.

### Deposition Dates

You insist on deposing our clients in December 2013. Ignoring your failure to produce initial disclosures, medical information, or hold a Federal Rule of Civil Procedure 26(f) conference, we propose that you defer depositions until initial discovery has been completed and Judge Saylor has ruled on our "common" motions to dismiss. Deposition topics should be reduced by Judge Saylor's ruling on our clients' motions to dismiss.[6]

If you elect to notice December depositions, we propose that depositions follow the procedure set forth by the Honorable Joe Binkley presiding over the Fifth Circuit Court for Davidson County, Tennessee, in prior fungal meningitis state actions

---

[6] Please be reminded of your obligation to "meet and confer" with our office regarding a procedure for filing responsive pleadings and briefing dispositive motions.

4

consolidated for pretrial purposes. Judge Binkley ordered that if the plaintiffs desired to depose our clients prior to initial discovery and dispositive motions, the plaintiffs would only be allowed to depose our clients once. Judge Binkley's ruling is in accord with the intent of multidistrict litigation, which is to mitigate duplicative and expensive discovery.

If you elect to follow the procedure previously crafted by Judge Binkley, we request that you provide our clients with a Federal Rule of Civil Procedure 30(b)(6) notice.

In your response of October 16, 2013, you stated that the PSC's Rule 45 non-party subpoenas, which were served on June 17, 2013, constitute your Rule 30(b)(6) notices for the deposition of a party. However, in the PSC's Consolidated Response to Subpoena Objections, the PSC stated that it had postponed all Tennessee depositions pending a ruling from the Court. In addition, because the PSC amended the June 17, 2013, subpoena three times, our office emailed you on September 27, 2013, to determine which subpoena you were seeking to enforce against our clients. You ignored our inquiry.

In light of the improper nature of using a Rule 45 non-party subpoena as a Rule 30(b)(6) notice, the PSC's statement that it would postpone all depositions pending a ruling from the Court, and your failure to clarify which subpoena you are seeking to enforce, we request that you provide a Federal Rule of Civil Procedure 30(b)(6) notice for any proposed depositions.

***************

Please provide me with your response by Thursday, October 24, 2013.

Sincerely,

C.J. Gideon, Jr.