# Exhibit 8

# GIDEON, COOPER & ESSARY
A PROFESSIONAL LIMITED LIABILITY COMPANY

315 DEADERICK STREET, SUITE 1100
NASHVILLE, TENNESSEE 37238
(615) 254-0400
FAX (615) 254-0459
www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA VON KANEL
J. BLAKE CARTER[1]
MARK A. HAMMERVOLD[1]
MATT H. CLINE
JOHN-MARK ZINI[6]

[1]LICENSED IN TN & FL
[2]LICENSED IN TN, AL & TX
[3]LICENSED IN TN & GA
[4]LICENSED IN TN & KY
[5]LICENSED IN TN & WI
[6]LICENSED IN TN & KS

CHRIS TARDIO
chris@gideoncooper.com

December 30, 2013

**<u>Via hand delivery</u>**
J. Gerard Stranch, IV
BRANSTETTER, STRANCH & JENNINGS
227 Second Avenue North
Nashville, TN 37201

Dear Gerard:

As you have probably noticed, while Judge Saylor has issued various orders out of the December 13, 2013, status conference, he has yet to rule on our Motion to Stay Discovery Pending Entry of a Discovery Plan and Motion for Entry of a Discovery Plan [Dkt. 598].

Our understanding from the status conference was that Judge Saylor would refer those issues to Judge Boal, and that no further action was needed on these two motions. We reached out to Judge Saylor's office on Friday to ask if rulings on these motions and/or referrals to Judge Boal were coming. His clerk notified us that Judge Saylor was still "working through the discovery issues." He instructed us to check back on January 3 if there was no order issued.

I do not think we are going to be able to resolve our disagreements on the way written discovery should be conducted without ruling(s) on these two motions. However, I write one last time in an attempt to reach an agreement on how to proceed while these motions remain pending.

Mr. Stranch
December 30, 2013
Page 2

First, I enclose:

1. STOPNC's response/objection to the PSC's revised subpoena
2. Howell Allen's response/objection to the PSC's revised subpoena
3. SSC's response/objection to the PSC's revised subpoena
4. CD with STOPNC and Howell Allen state court document production[1]
5. STOPNC, et al. responses to first 25 RFAs pursuant to Local Rule 26.1(c)
6. SSC responses to first 25 RFAs pursuant to Local Rule 26.1(c)
7. Objection to further responding to written discovery to STOPNC, et al. while the Motion to Stay Discovery is pending and while the Motion for Entry of a Discovery Plan is pending
8. Objection to further responding to written discovery to SSC/Lister while the Motion to Stay Discovery is pending and while the Motion for Entry of a Discovery Plan is pending.

The CD should resolve the petty dispute about whether the documents you have from the state court litigation were served in "this" litigation. It should also, frankly, resolve virtually all of the outstanding document requests to STOPNC, et al.

Second, we are still willing to agree to the written discovery protocol we proposed with Dkt. 598, which I thought was very reasonable. However, at this point, if we plan to travel under the limits in the FRCP and the local rules, as the PSC has proposed, we are limited in all forms of discovery and cannot serve any discovery until initial disclosures are made. I propose, again, that we mutually exchange initial disclosures (a "common" PSC set for STOPNC cases and SSC cases, and "common" sets from STOPNC, et al. and SSC/Lister) in short order. We would then proceed to answer the "common" discovery that is outstanding to us, and we will serve the "common" set of written discovery on the PSC that we have been withholding pending entry of a plan setting reasonable limits on written discovery. I also think our limits of 200 RFAs/40 ROGs/60 RFPs are reasonable.

Otherwise, I suppose we can wait for Judge Boal to work through these issues and enter a discovery protocol, which will take time, and we will probably end up with something that looks like what we proposed with Dkt. 598. Under our proposal with Dkt. 598, you would already have our initial disclosures, and complete responses to the written discovery (to the extent not covered by the initial disclosures) would be forthcoming after the holidays.

Please take another look at our proposed written discovery plan with Dkt. 598. Without it, we would both launch into discovery with no limits or protocols except the FRCP and local rules, which do not contemplate this complicated and unique litigation. Let's see if we can put a reasonable agreed protocol in place while the motion to stay written discovery and motion for discovery plan are still pending.

---

[1] We have omitted the patient-specific documents from the state court cases.

Mr. Stranch
December 30, 2013
Page 3

    I look forward to hearing from you.

    Thank you.

Very Truly Yours,

*CJT* with permission *MHC*

Chris J. Tardio

CJT/lao
Enc.
cc:    Marcy Greer (with enclosures)