# Exhibit 10

BRANSTETTER, STRANCH & JENNINGS, PLLC

ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE (615) 254-8801 ~ FACSIMILE (615) 250-3937

CECIL D. BRANSTETTER, SR.
C. DEWEY BRANSTETTER, JR.
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
KARLA M. CAMPBELL
BEN GASTEL*
STACEY K. SKILLMAN **

OF COUNSEL:
ROBERT E. RICHARDSON, JR. ***

\*   ALSO ADMITTED IN GA
\*\*  ALSO ADMITTED IN KY
\*\*\* ONLY ADMITTED IN OH

April 17, 2014

**Via Electronic Mail**
Chris J. Tardio
C.J. Gideon
Matt Cline
Gideon, Cooper & Essary
315 Deaderick Street, Suite 1100
Nashville, Tennessee 37238

Re:   *New England Compounding Center Litigation*, **MDL No. 2419**

Dear Gentlemen:

This letter is being sent in reference to the various Responses and Objections ("Responses") served by Specialty Surgery Center, Crossville, and Kenneth Lister, M.D. ("SSC Defendants") as well as those served by St. Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, John W. Culclasure, M.D., and Debra V. Schamberg, R.N. ("Saint Thomas Clinic Defendants") (collectively "your clients") on December 30, 2013 in response to the Plaintiffs' Steering Committee's First Set of Requests for Admissions, Request for Production, Corresponding Interrogatories, and the Revised Subpoena (collectively "Requests").

As a general matter, your clients have failed to respond in a manner that facilitates the exchange of information intended to move towards a resolution of this litigation. Except for responses to a handful of RFAs and responses to the Revised Subpoena, your client has not provided individual written responses to the Requests posed as required by the Federal Rules of Civil Procedure. Apparently, you continue to assert that discovery is not open because a "discovery plan" is not in place because of a previously filed Motion to Stay Discovery (Dkt. Nos. 594 and 598.) The Court denied in relevant part those motions to stay discovery back in January (Dkt. No. 783.)

Further, the Court has now entered two protective orders governing discovery and just last week entered an ESI Protocol to help the parties navigate discovery over electronically stored information (Dkt. Nos. 192, 814, and 1087). The PSC maintains that discovery is fully open and the parties should proceed with full written discovery posthaste.

The PSC requests that you immediately supplement your Responses to all of the Requests immediately or the PSC will take appropriate action with the Court. Further, since you are

Gideon, Cooper & Essary
April 17, 2014
Page 2

already under an order to respond to the Revised Subpoena, the PSC will seek sanctions pursuant to Rule 37 to the extent that you fail to properly respond to the Revised Subpoena.

To be clear, the PSC requests, at a minimum, the following supplementations occur, to the extent not previously produced: 1) full written responses to all written discovery posed; 2) immediate production of all responsive documents to the Subpoena, as modified by Judge Boal, and Requests for Production (including, but not limited to, production of all insurance policies and insurance declaration sheets).

With regard to the Saint Thomas Clinic Defendants, supplementation of item number 2 above should include production of the emails previously segregated by the Saint Thomas Clinic Defendants as part of discovery in state court litigation. As the PSC has previously requested, given the relative small size of these segregated emails in relation to the size of this litigation, it makes sense to simply dispense with electronic searches of this material and simply review and produce responsive documents. To the extent that you inadvertently produce privileged documents as part of this production, the PSC will agree that the clawback provisions of the ESI Protocol will apply. Further, to the extent that other sources of ESI contain responsive documents to any of the Requests, we expect you to provide the information identified in Page 4 of the ESI Protocol no later than April 24, 2014 so that we can begin the meet and confer process on these other sources of ESI.

With regard to the SSC Defendants, supplementation of item number 2 above should include all documents responsive to the Requests. As you are aware, the SSC Defendants have not produced a single document responsive to either the Subpoena or the other Requests. To the extent that responsive documents would be covered by the Court's ESI Protocol, we expect you to provide the information identified in Page 4 of the ESI Protocol no later than April 24, 2014 so that we can begin the meet and confer process on these sources of ESI.

Please get back to me by <u>April, 21, 2014</u>, whether we can expect supplemental responses in accordance with the above requests. Further, the PSC maintains that many of your responses to the RFAs you actually answered are inappropriate. But at this time, the PSC prefers to meet and confer with you on these responses once you have provided full written responses to all Requests. I look forward to hearing from you soon.

Sincerely,

J. Gerard Stranch, IV

JGS IV/bm

cc:   Kristen Johnson Parker
      Mark Chalos
      George Nolan
      Daniel Clayton