# Exhibit 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>Suits Naming Saint Thomas Outpatient Neurosurgical Center, LLC | |

## MDL ORDER No. __
## COMMON ISSUE DISCOVERY
## FOR THE SAINT THOMAS-RELATED DEFENDANTS

This Order specifically addresses Common Issue[1] Discovery Deadlines for the Saint Thomas-Related Defendants.[2] Common Issue Discovery Deadlines for other MDL Defendants will be subject to a separate Case Management Order.

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court hereby sets the following deadlines related to common issue discovery:

I. **Common Issue Fact Discovery**

    A.    Fact discovery of common issues is open subject to the following:

    B.    The Defendants and the PSC will serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) regarding common issues within 30 days of entry of this Order.

---

[1] "Common issue" for purposes of this Order means an issue that potentially impacts all or a substantial number of cases against a particular Defendant. An example of a common issue would be a parent company's liability for a subsidiary company's conduct. "Case-specific issues" are issues that impact a single case or a small number of cases. Examples of case-specific issues would be the amount of physical harm an individual Plaintiff claims to have suffered as a result of a Defendants' alleged wrongdoing and statements allegedly made by Defendants to a particular Plaintiff.

[2] The "St. Thomas-Related Defendants, for purposes of this Order, include: Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic A Professional Corporation, John Culclasure, M.D., Debra Schamberg, R.N., Saint Thomas West Hospital Formerly Known As St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health Alliance, and Ascension Health.

C. The Plaintiffs' Steering Committee ("PSC") and the Defendants may serve Master Common Written Discovery, subject to the limits set forth below:

1. 200 Requests for Admissions
2. 40 Interrogatories
3. 60 Requests for Production.

D. If a party wishes to exceed these limitations, it must seek leave of the Court or enter into an agreement with the party from which discovery is sought.

E. Parties will provide a "privilege log" with discovery responses describing the nature of the documents, communications, or tangible things not produced or disclosed pursuant to a claim of privilege or trial preparation material, in a manner that will enable other parties to assess the claim, without revealing the information claimed to be privileged or protected.

F. Plaintiffs in every action naming one or more St. Thomas-Related Defendants will serve completed Plaintiff Profile Forms ("PPF") and medical authorizations within 60 days after a form PPF and medical authorizations are approved by the Court or entry of this Order, whichever is later. In cases where a complaint naming one or more St. Thomas-Related Defendants is filed after the PPF and medical authorizations are approved by the Court, any plaintiff not named in a prior pending suit must serve a completed PPF and medication authorizations within 60 days of filing suit.

G. The Defendants will notify Plaintiffs of any claimed material deficiencies in the PPFs within 90 days of receipt of the completed PPF and executed records releases. Plaintiffs will have 30 days from notification to cure any claimed material defect of the PPF.

H. If the Defendants discover material deficiencies with PPFs after the expiration of the 90 day period, they will meet and confer with the Plaintiffs to seek agreement on curing the deficiencies. If an agreement cannot be reached, the Defendants may move to compel the Plaintiffs to cure the deficiencies.

I. No later than ten (10) days from the date of entry of this Order, the Plaintiffs will provide the Defendants with access to all of the documents NECC has informally produced, maintained in tangible paper form or in any document repository.

J. No later than 30 days from the date of entry of this Order, the Saint Thomas-Related Defendants will be provided access to the non-privileged data, documents, photographs, and video from the PSC's 2012 inspection of NECC. If information is withheld on the claim of privilege, the PSC will provide a privilege log.

K. No later than 30 days from the date of entry of this Order, the Saint Thomas-Related Defendants will provide full and complete substantive responses to the Master Discovery served by the Plaintiffs in October 2013.[3] [4]

L. No later than 30 days from service of the Defendants' Master Discovery, the Plaintiffs will provide full and complete substantive responses to such discovery.

M. The Parties shall have 270 days[5] from entry of this Order to complete all common issue fact discovery related to Initial Trial Pool cases.

---

[3] Electronically Stored Information "ESI" will be addressed by a separate order setting forth an ESI protocol and is not covered by this deadline.
[4] The Court is aware that the PSC has issued subpoenas to many of the Defendants that are duplicative of the Master Discovery the PSC has also served. Once the Defendants respond to the Master Discovery, the Defendants shall be deemed to have responded to duplicative subpoena requests.
[5] Assuming the discovery stay as to the Affiliated Defendants is lifted at or near the time of entry of this Order.

N.  Entry of this Order is contingent on the Court lifting the stay of discovery as to the Affiliated Defendants such that the Defendants can take discovery of the Affiliated Defendants sufficient to defend the claims against them and develop any comparative fault defenses or third-party claims. Additionally, entry of this Order is contingent on the district court or bankruptcy court lifting the stay of discovery of NECC such that the Defendants can take limited document discovery and oral testimony of NECC to develop comparative fault defenses, third-party claims, and to defend the claims against them.

O.  Depositions of fact witnesses regarding common issues will be addressed by a separate order entering a deposition protocol.

II. **Joinder and Amendment**

Pursuant to Fed. R. Civ. P. 16(b), the Court hereby sets the following deadlines for amending complaints and joining new parties:

A.  Any amendments to complaints must occur within 60 days of completion of common fact discovery.

B.  Joinder of new parties must occur within 60 days of completion of common fact discovery.

III. **Common Issue Expert Discovery**

A.  Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall serve expert reports for experts who will testify on common issues related to Initial Trial Pool Cases within 90 days of the deadline for completion of common issue fact discovery. At least three proposed deposition dates for each expert will be provided with the expert's disclosure.

4

B.   Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall serve expert reports for experts who will testify on common issues related to Initial Trial Pool cases within 60 days of receipt of the Plaintiffs' Common Expert Disclosures. At least three proposed deposition dates for each expert will be provided with the expert's disclosure.

C.   If the Plaintiffs believe rebuttal experts are warranted, within 30 days of receipt of the Defendants' expert reports, the Plaintiffs shall file a motion demonstrating good cause as to why rebuttal experts are necessary. If the Court grants the Plaintiffs' motion, the Defendants may propose a corresponding deadline for sur-rebuttal experts.

D.   Depositions of the Plaintiffs' experts shall be scheduled and completed first, to be followed by the depositions of the Defendants' experts.

E.   Depositions of Common Issues experts will be complete 120 days after Defendants' expert reports or rebuttal reports, if any, are served.

## IV.   Common Dispositive Motion Deadline

A.   Dispositive motions covering common issues may be filed at any time, but shall be filed no later than 90 days after completion of all common issue expert depositions.

B.   Responses to dispositive motions are due 60 days after the motions are filed.

C.   Replies to responses are due 30 days after responses are filed.

## V.   Tennessee-Specific Mediation

A.   After the Court enters the order on the final outstanding dispositive motion, the litigation will be stayed for 30 days so that the parties can confer on the possibility of a Tennessee-specific mediation.

B.  The mediation will include all Tennessee plaintiffs, and a mutually-agreeable mediator familiar with Tennessee law will preside.

C.  Upon completion of the 30 day period, the parties will advise the Court as to whether they will pursue such a mediation program.

D.  If mediation is not pursued or fails, the parties will confer regarding the status of the cases, including the nature of the defendants at that point, and discuss whether the cases should be remanded to the Tennessee district court(s) for the case-specific discovery and trial. Should the parties not agree on these issues, the parties will brief their positions for the Court, including their positions on venue as discussed in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

E.  If the parties decide not to mediate or are unable to reach a settlement during mediation, the suits will proceed with bellwether selection and case-specific discovery, and the presiding court will set additional deadlines as necessary at that time.

SO ORDERED:

_____
Honorable Rya W. Zobel
United States District Judge


This the ___ day of _____, 2014