UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | ) ) ) ) ) ) ) ) ) MDL No. 1:13-md-2419-RWZ |

### CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT LIBERTY INDUSTRIES, INC.'S MOTION TO LIFT THE DISCOVERY STAY WITH RESPECT TO THE AFFILIATED DEFENDANTS

Paul D. Moore, the chapter 11 trustee (the "Trustee") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center, hereby opposes the of Defendant Liberty Industries, Inc.'s ("Liberty") Motion to Lift the Discovery Stay With Respect to the Affiliated Defendants [Doc. No. 1229] (the "Liberty Motion"). In opposition to the Liberty Motion, the Trustee states as follows:

This Court has stayed discovery against NECC and its "Affiliated Defendants" in the MDL, which includes the actions in which Liberty is a defendant. See MDL Order No. 6, at 13, June 28, 2013, MDL No. 13-2419 [MDL Doc. No. 209] ("Formal discovery of NECC and the affiliated defendants shall remain temporarily stayed"). That stay remains in effect.

Liberty is not the first party to seek to have the discovery stay lifted. The Trustee opposes the Liberty Motion on the same grounds that it has opposed the continued efforts of the Plaintiffs' Steering Committee to lift the discovery stay—namely, that the discovery stay should remain in place at least until the settlements currently pending before the Bankruptcy Court are adjudicated. See, e.g., Hearing Transcript at 17-19, June 19, 2014, In re New England Compounding Pharmacy Cases Litigation (MDL No. 13-02419) ("The Trustee's position has

been and continues to be that lifting the discovery stay is premature . . . the appropriate time to take this up is after Judge Boroff has either approved the settlement or not approved the settlement").

Liberty contends that the settlements do not eliminate the need for discovery from the Affiliated Defendants.  The Trustee does not disagree.  In fact, in drafting the settlement agreements, the Trustee contemplated the potential need for discovery of the Affiliated Defendants even after the settlements are approved by the Bankruptcy Court.  Specifically, the settlement agreements provide that, within ten business days of entry of an order by the Bankruptcy Court approving the settlements, the Trustee shall file a motion with this Court seeking an order staying litigation against the settling parties but permitting discovery of the settling parties in connection with the prosecution or defense of claims against third parties.  See, e.g., *Chapter 11 Trustee's Motion to Compromise Controversies and to Approve Plan Support and Funding Agreement, and Related Escrow Agreement, with Certain Insiders and Affiliates of Debtor, and for Certain Related Relief* [Doc. No. 712], at 12-13.  Thus, the Trustee's objection to the efforts of Liberty and the PSC to lift the discovery stay is with respect to **when** the discovery stay will be lifted and the scope of discovery, not whether it will be lifted at all.  The Trustee has already contemplated that the lifting of the discovery stay will be revisited following approval of the settlements and believes that his motion at that time will provide the most appropriate context and timing to address the status and scope of discovery with respect to all parties in a Case Management Order.

Additionally, this Court has already taken the discovery stay issue under advisement.  At the June 19, 2014 status conference, this Court indicated that it is considering the request to lift the discovery stay and will "make a decision one way or the other" as to whether it will await the

2

Bankruptcy Court's adjudication of the proposed settlements before taking action with respect to the discovery stay. Hearing Transcript at 32. Liberty has not introduced any new facts or raised any novel legal issues beyond those previously presented to this Court in the various parties' briefs and at oral argument that would require the Court to proceed differently.

Liberty's contention that it will be prejudiced if forced to wait any longer for the discovery stay to be lifted is misleading. Liberty has had access to a substantial amount of discovery. The Trustee provided informal discovery to parties participating in the mediation program, which included Liberty until it recently opted out of the mediation. The Trustee likewise has informally produced more than 40,000 pages of documents which are generally available to all litigants in the MDL in the document repository maintained by the PSC. Additionally, in an effort to resolve Liberty's preservation request, the Trustee accommodated Liberty's request to inspect the NECC premises. Any assertion that Liberty has been deprived access to meaningful discovery is inaccurate.

Finally, the hearing on the settlements in the Bankruptcy Court is scheduled for July 14, 2014. Until the Bankruptcy Court has ruled with respect to the settlements, the discovery stay should remain in place. The proposed settlements are an important first step in the development of a chapter 11 plan and the ultimate resolution of the case and it is important that the parties to the settlements be able to devote their full attention to obtaining Bankruptcy Court approval of the agreements without the distractions of formal discovery. Additionally, if the settlements are approved, the scope of discovery in the MDL will necessarily change to some extent since the settling parties will no longer be defendants. It is most efficient, therefore, to determine the appropriate scope of discovery before defining the paramaters that will govern discovery in all the MDL cases. Accordingly, the Liberty Motion should be denied.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that this Court deny the Liberty Motion without prejudice to its renewal at a later date.

Dated: July 11, 2014

        Respectfully submitted,

        DUANE MORRIS LLP

        */s/ Michael R. Gottfried*
        Michael R. Gottfried (BBO #542156)
        100 High Street
        Suite 2400
        Boston, MA 02110-1724
        Phone: (857) 488-4200
        Email: mrgottfried@duanemorris.com

        *Counsel for Paul D. Moore, Chapter 11 Trustee of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center*

**Certificate of Service**

I, Michael R. Gottfried, hereby certify that on July 11, 2014, I caused a copy of the foregoing document, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service. This document was also served by first class mail upon:

Darrel Cummings, DC# 088532
South Bay Correctional Facility
P.O. Box 7171
South Bay, FL 33493

/s/ *Michael R. Gottfried*
Michael R. Gottfried