UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Cases | MDL No. 1:13-md-2419-RWZ |

**PHARMACISTS MUTUAL INSURANCE COMPANY'S
LIMITED OBJECTION TO DEFENDANT
LIBERTY INDUSTRIES, INC.'S
MOTION TO LIFT THE DISCOVERY STAY
WITH RESPECT TO THE AFFILIATED DEFENDANTS**

Pharmacists Mutual Insurance Company ("PMIC"), as insurer to certain Affiliated Defendants[1], hereby files this limited objection to *Defendant Liberty Industries, Inc.'s Motion to Lift the Discovery Stay with Respect to the Affiliated Defendants* [Doc. No. 1229] (the "Liberty Motion").  As grounds therefore, PMIC states as follows:

1.  In the Liberty Motion, Liberty Industries, Inc.'s ("Liberty") makes the sweeping statement that the stay should be lifted because "the insurers for the Affiliated Defendants are continuing to pay the Affiliated Defendants' attorneys' fees and defense costs, thereby negating any claims of an inability to afford to provide discovery."  Liberty Motion, p. 4.

2.  PMIC objects to this statement to the extent it suggests that PMIC is obligated to pay defense expenses related to the relief requested in the Liberty Motion.  As an initial matter, whether the Affiliated Defendants are afforded insurance coverage under the PMIC Policies for

---

[1] PMIC issued (a) a Special Businessowners Policy to Ameridose LLC ("Ameridose"), as named insured, under policy number BOP 0083404 06, and a Commercial Umbrella/Excess Liability Policy to Ameridose as named insured under policy number UCL 0083404 05, both with a policy period of March 1, 2012 to March 1, 2013; and (b) Individual Pharmacist Professional Liability Policies to Barry J. Cadden (Policy No. PHL 0072481), Lisa M. Conigliaro Cadden (Policy No. PHL 0072480), Glenn Chin (Policy No. PHL 0072483) (collectively, the "PMIC Policies").

responding to, or providing, discovery is determined by the terms, conditions and exclusions of those policies.

3. PMIC entered into a settlement agreement with NECC, as well as certain Affiliated Defendants, which Liberty references in its motion. With respect to PMIC's continuing payment of defense costs, the settlement agreement provides as follows:

> Notwithstanding anything or provision in this Agreement to the contrary, until the Plan Effective Date, PMIC will pay the reasonable and necessary attorneys' fees and other defense costs for NECC and the Individual Insureds to defend against the Released Tort Matters pursuant to and in accordance with the terms and conditions of the Policies and applicable law and, until the Plan Effective Date or termination of this agreement pursuant to Section 12 of this Agreement, shall not seek to terminate any defense obligations under the Policies through a declaratory judgment action or otherwise.

*See Chapter 11 Trustee's Motion to Approve Compromise of Controversies and Settlements with Pharmacists Mutual Insurance Company and Maxum Indemnity Company* [Doc. No. 713], Exhibit B, p. 13 (the "Settlement Agreement"). Thus, PMIC's continuing payment of defense costs and attorneys' fees to certain Affiliated Defendants are expressly subject to the terms and conditions of the PMIC Policies and being paid in connection with the insureds' *defense* of the pending tort claims. To the extent the discovery does not bear upon the *defense* of the pending tort claims, the PMIC Policies may not provide coverage. Moreover, Ameridose is not a party to the Settlement Agreement and thus, this provision is simply not applicable to Ameridose. Therefore, Liberty's suggestion that there will be no corresponding costs to the Affiliated Defendants because the discovery will fall within the coverage afforded under the PMIC Policies is premature.

4. Accordingly, PMIC objects to Liberty's Motion to the extent Liberty suggests that PMIC is obligated to pay defense expenses related to the relief requested and also reserves all of

its rights under the PMIC Policies and applicable law to present its coverage defenses to the extent the Affiliated Defendants, Liberty or any other party seeks reimbursement or indemnity for the costs associated with the discovery sought by Liberty under the Liberty Motion.

        **PHARMACISTS MUTUAL INSURANCE COMPANY,**
        **By its attorneys**,

        */s/ Nancy D. Adams*
        Richard E. Mikels (BBO #345620)
        Nancy D. Adams (BBO #560970)
        Eric R. Blythe (BBO #680255)
        Mintz, Levin, Cohn, Ferris,
          Glovsky & Popeo, P.C.
        One Financial Center
        Boston, MA  02111
        Telephone:  617/542-6000
        Fax:  617/542-2241
        Email: rmikels@mintz.com
              nadams@mintz.com
              eblythe@mintz.com

Dated:  July 11, 2014

## CERTIFICATE OF SERVICE

I, Nancy D. Adams, do hereby certify that on July 11, 2014, I served a copy of the Pharmacists Mutual Insurance Company's Limited Objection to Defendant Liberty Industries, Inc.'s Motion to Lift the Discovery Stay with Respect to the Affiliated Defendants through the ECF system, and that copies will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Nancy D. Adams*
        Nancy D. Adams (BBO #560970)