IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**[Proposed] MDL ORDER No. __**
**REGARDING INITIAL TRIAL SETTING AND PRETRIAL DEADLINES FOR THE SAINT THOMAS-RELATED DEFENDANTS**

This Order specifically relates only to the Trial Setting and Pretrial Deadlines for the Saint Thomas-Related Defendants.[1] Trial Setting and Pretrial Deadlines for additional MDL Defendants will be subject to a separate Case Management Order.

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court hereby sets the following deadlines related to pre-trial discovery and bellwether trials:

**I.    Case Selection Process and Initial Discovery on Trial Candidate Case Picks**

A.    The requirements of Fed. R. Civ. P. 16(b) and 26(f) have been satisfied. Fact discovery of common issues is open. Master Common Written Discovery is subject to the following limitations:

    1.    100 Requests for Admissions

    2.    40 Interrogatories

If a party wishes to exceed these limitations, that party must seek an agreement of the answering party or leave of Court.

---

[1] The "St. Thomas-Related Defendants, for purposes of this Order, include: Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic A Professional Corporation, John Culclasure, M.D., Debra Schamberg, R.N., Saint Thomas West Hospital Formerly Known As St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health Alliance, and Ascension Health.

B. Defendants and the PSC will serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) regarding Common Issues[2] within 10 days of entry of this Order.

C. Plaintiffs in every filed action naming one or more St. Thomas-Related Defendants will serve completed Plaintiff Profile Forms ("PPF") and medical authorizations within 60 days after a scheduling order is entered. In cases where a complaint naming one or more St. Thomas-Related Defendants is filed after the scheduling order is entered, , any plaintiff not named in a prior pending suit must serve a completed PPF and medication authorizations within 60 days of filing

D. Defendants will notify Plaintiffs of any claimed material deficiencies in the PPFs within 30 days after receipt of the completed PPF. Plaintiffs will have 30 days from notification to cure any claimed material defect of the PPF.

E. No later than 30 days from the date of this Order, the Saint Thomas-Related Defendants will provide full and complete substantive responses to the Master Discovery served by the Plaintiffs on October 4, 2013.

F. No later than 75 days after service of the PPFs for cases filed prior to the entry of the scheduling order, the Plaintiffs shall select four (4) cases and Defendants collectively shall select four (4) cases as candidates for initial trials ("Initial Trial Pool Cases"). Initial Trial Pool Case selections shall be exchanged in writing with opposing counsel.

---

2 "Common Issues" for purposes of this Order means an issue that potentially impacts all or a substantial number of cases against a particular defendant. An example of a Common Issue would be the scope and amounts of defendants' insurance coverage available to satisfy claims made and a parent company's liability for a subsidiary company's conduct. "Case-Specific Issues" are issues that impact a single case or a small number of cases. An example of a Case-Specific Issue would be the amount of physical harm an individual patient suffered as a result of defendants' wrongdoing and statements made by Defendants to a particular plaintiff.

G.      Only cases involving administration of NECC's methyl prednisolone acetate in which a Short Form Complaint was filed in the MDL on or before December 20, 2013 are eligible to be selected as Initial Trial Pool Cases by any party.

H.      After being selected into the Initial Trial Pool, the Parties shall be permitted to conduct Case-Specific fact discovery.  All Case-Specific fact discovery for Initial Trial Pool cases shall be completed by February 15, 2015.

I.      If any Initial Trial Pool Cases is settled or dismissed for any other reason, with or without prejudice, a replacement Initial Trial Pool Case shall be selected.

## II.     Common Issue Discovery and Common Dispositive Motions Deadlines

A.      The Parties shall have until February 15, 2015, to complete all Common Issue fact discovery related to Initial Trial Pool cases.

B.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will testify on Common Issues related to Initial Trial Pool Cases by March 15 2015.  At least three proposed deposition dates for the experts will be provided with the expert disclosure.

C.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose experts who will testify on Common Issues related to Initial Trial Pool cases by April 15, 2015.  At least three proposed deposition dates for the experts will be provided with the expert disclosure.

D.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose rebuttal experts who will testify on Common Issues related to Initial Trial Pool Cases by May 15, 2015.  At least three proposed deposition dates for the rebuttal experts (if any) will be provided with the expert disclosure.

E.      Depositions of Common Issues experts will begin after rebuttal reports, if any, are served.  The Parties will have until June 20, 2016, to complete all Common Issue Expert discovery for Initial Trial Pool cases.

**III.     Initial Trial Selections**

A.      By February 22, 2015, the Parties shall file submissions as to the order in which the eight (8) Initial Trial Pool Cases should be tried and/or remanded to the transferor courts. The Parties are directed to explain the case facts and characteristics supporting the proposed order in which the cases should be tried and/or remanded.  The Court encourages the parties to agree regarding the order of the trial settings and/or remand.

B.      No later than March 15, 2015, the Court will select the order in which the Initial Trial Pool Cases will be tried and/or remanded and designate the first two cases to be tried and/or remanded (the "First Two Trial Case Picks").

C.      Within 10 days of the selection of the First Two Trial Case Picks, the parties will file a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), with the Court.

**IV.     First Two Trial Case Pick Deadlines**

A.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will testify as to Case-Specific Issues and any other issues not set forth in paragraph II ("Case-Specific Experts") for the First Two Trial Case Picks by April 5, 2015. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

B.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose Case-Specific Experts for the First Two Trial Case Picks by May 5, 2015. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

C.      Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will give rebuttal opinions as to Case-Specific issues for the First Two Trial Case Picks by May 28, 2015.  At least three proposed deposition dates for the experts will be provided with the expert disclosure.

D. Depositions of Case-Specific Issues experts will begin after rebuttal reports, if any, are served. The Parties shall have until June 10, 2015, to complete all Case-Specific fact and expert discovery as to the First Two Trial Case Picks.

E. All motions in limine, motions to exclude or limit experts, and any case-specific dispositive motions, in the First Two Trial Case Picks, shall be filed by June 24, 2015. Response shall be filed by than July 21, 2015. Any replies shall be filed by July 30, 2015.

F. All other pre-trial deadlines for the First Two Trial Case Picks and the other Initial Trial Pool Cases will be set in a future order.

**V.   Trials**

A. The first of the First Two Trial Cases shall be set for trial in the District of Massachusetts and/or remand for trial in August 2015. The second case shall tentatively be scheduled for trial and/or remand in September 2015. Given the potential efficiencies that might be gained, the Court will consider the possibility of presiding over cases in the appropriate venue outside of the District of Massachusetts if bellwether cases are remanded to another district for trial.

SO ORDERED:

_____
The Honorable Rya W. Zobel
United States District Judge


Dated:  _____, 2014