UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) |
| | ) MDL No. 2419 |
| | ) Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| All Cases | ) |
| | ) |

**TENNESSEE CLINIC DEFENDANTS FOURTH ASSENTED-TO
MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT
AMERIDOSE LLC'S MOTION TO PROCEED WITH FDA-AUTHORIZED
DESTRUCTION OF RECALLED INVENTORY**

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; Donald E. Jones, MD (collectively "the Tennessee Clinic Defendants"), hereby move, with the assent of defendant Ameridose LLC ("Ameridose"), for a fourth extension of time until August 1, 2014, to respond to Ameridose's Motion to Proceed with FDA-Authorized Destruction of Recalled Inventory (the "Motion")  (Dkt. No. 1090).

In support of this motion, the Tennessee Clinic Defendants state as follows:

1.      Ameridose filed its Motion on April 11, 2014, in which it asks the Court to authorize the destruction of various products which were returned to Ameridose in response to its voluntary recall of all products from the market ("Recalled Inventory").

2.      The Tennessee Clinic Defendants requested certain information and documents from Ameridose to assist them in determining whether, and to what extent, the Recalled Inventory is relevant to their defense (or whether examination of that

inventory may lead to the discovery of other relevant and admissible evidence).

3.      Counsel for Ameridose provided the Tennessee Clinic Defendants with a subset of the information requested, namely, spreadsheets that list all of the Recalled Inventory.

4.      To allow the Tennessee Clinic Defendants the opportunity to review the Ameridose information and to meet and confer with Ameridose to determine whether Ameridose would provide additional information, the parties agreed to extend the time to respond to Ameridose's Motion to May 9, 2014 (Dkt. Nos. 1098, 1099).

5.      After further discussions regarding the Recalled Inventory, the Tennessee Clinic Defendants and Ameridose reached an agreement with regard to the destruction of Ameridose's inventory of recalled "controlled substances."

6.      The parties also agreed to extend the time to respond to Ameridose's Motion to May 23, 2014, to further narrow any disagreement on how to handle the remaining materials in the Recalled Inventory.

7.      On May 22, 2014, the Court entered an order authorizing the destruction of these "controlled substances."  (Dkt. No. 1138).

8.      The Tennessee Clinic Defendants and Ameridose are continuing to meet and confer regarding how to handle the remainder of Ameridose's recalled product, but there are a number of factors that make this a complicated issue, and the parties believe that the additional time requested is reasonable and necessary to enable them to sift through these factors and to narrow (if not eliminate) remaining areas of disagreement on this issue.  None of the parties believe that this extension will result in any undue delay in this case.

9.     The Tennessee Clinic Defendants therefore request an extension, until August 1, 2014, to submit any papers in response to Ameridose's Motion.

10.     Ameridose assents to the relief requested herein.

WHEREFORE, the Tennessee Clinic Defendants respectfully request, with the assent of Ameridose, that the Court grant its motion and enter an Order extending UniFirst and the Tennessee Clinic Defendants' time to respond to Ameridose's Motion to August 1, 2014.

Respectfully submitted,

/s/ Chris J. Tardio
**C.J. Gideon, Jr.**[1]
**Chris J. Tardio**[1]
**Alan S. Bean**[2]
**Matthew H. Cline**[1]
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

---

[1] Admitted pursuant to MDL Order No. 1.
[2] Admitted *pro hac vice*.

3

## <u>LOCAL RULE 7.1(A)(2) CERTIFICATION</u>
## <u>AND CERTIFICATE OF SERVICE</u>

I, Chris J. Tardio, certify that our office conferred by e-mail with opposing counsel in an effort to resolve or narrow the issues presented in this motion prior to filing, and opposing counsel assents to the relief sought herein.

I further certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 18th day of July, 2014.

/s/ Chris J. Tardio
**Chris J. Tardio**