UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>   All Cases | )<br>)<br>)<br>)   MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>) |

**JOINT OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND ITS MEMBER REPRESENTATIVES TO NOTICE OF FILING
PURPORTED "JOINTLY" PROPOSED ORDER GRANTING MOTION FOR
ENTRY OF CASE MANAGEMENT ORDER ESTABLISHING ASSESSMENT
PROCEDURES TO FUND COMMON BENEFIT ACCOUNT [ECF NO. 790]
AND NOTICE OF FILING OF PROPOSED FORM OF COUNTER-ORDER**

The Official Committee of Unsecured Creditors (the "Official Committee") of New England Compounding Pharmacy, Inc. ("NECC") and the undersigned attorney representatives of the individual members of the Official Committee (the "Member Representatives")[1] respectfully (i) object to the purported "jointly" proposed order filed by the Plaintiffs Steering Committee ("PSC") [Dkt. No. 1274-1] granting the PSC's *Motion for Entry of Case Management Order Establishing Assessment Procedures to Fund Common Benefit Account [ECF No.790]* [Dkt. No. 790] the ("Assessment Motion"), and (ii) request entry of the Committee Proposed Order (as defined herein), attached hereto as **Exhibit A** (in clean copy form), with **Exhibit B** attached hereto showing in black-line the differences between the proposed order submitted by

---

[1] The members of the Committee include: (i) Katrina Eldreth (represented by Anne Andrews of Andrews & Thornton); (ii) Meghan A. Handy (represented by Harry M. Roth and Michael Coren of Cohen Placitella & Roth P.C.); (iii) Robert Cole (represented by Thomas Sobol and Kristen Johnson Parker of Hagens Berman Sobol Shapiro LLP); (iv) Brenda Bansale (represented by Marc Lipton of Lipton Law); (v) Victor Davis (represented by Terry Dawes of Fieger, Fieger, Kenney, Giroux & Danzig, P.C.); (vi) Kathleen Distler (represented by Melvin Wright of Colling Gilbert Wright & Carter, LLC); (vii) Danny Swartzell (represented by Greg Skikos of Skikos Crawford Skikos); (viii) Bertram Walker Bryant, Jr. (represented by Michael D. Galligan of Galligan Newman Law); and (ix) NStar Electric Company (the non-tort claimant member, represented by Honor Heath).

the PSC and the Committee Proposed Order.  In support thereof, the Official Committee and the Member Representatives respectfully submit as follows:

## PRELIMINARY STATEMENT

1. At the last status conference held before this Court, this Court instructed the PSC, the Official Committee, and the Chapter 11 Trustee of NECC (the "Trustee") to meet, confer, and submit a *jointly*-proposed order "that [they] all can agree to", see Transcript of Proceedings held June 19, 2014 ("Tr.") at 50:14-15,[2] on the PSC's Assessment Motion: *i.e.*, a proposed order that (i) reflected the suggestions and input of the PSC, the Official Committee and the Trustee, and (ii) was agreed-to by these parties.  Contrary to letter and the spirit of the Court's explicit directions, the PSC failed to "meet and confer" with the Official Committee and its Member Representatives, and instead submitted to this Court an order that wholly ignored the input and suggestions timely provided in good faith by the Official Committee and its members to the PSC with respect to issues pertaining to Member Representative contribution to and participation in common benefit fund awards.  Simply put, the PSC submitted to this Court a proposed order that was not "*joint*" in the manner directed by the Court (albeit disingenuously labeled as such), and the PSC knew that the Official Committee would not and did not support it in connection with its provisions related to Member Representatives' common benefit work.

2. Moreover, in obtaining the Trustee's assent to the filing of its proposed order during a "meet and confer" the PSC undertook with the Trustee, we understand that the PSC's representatives did not inform the Trustee and his counsel that the PSC intended to file its proposed order without likewise "meeting and conferring" in good faith with Committee and its Member Representatives or including *any* of the Official Committee's or its Member

---

[2]   Relevant portions of the June 19, 2014 status conference transcript are attached hereto as **Exhibit D.**

2

Representatives' timely-provided suggestions and proposed changes with respect to common benefit issues that directly affected the Member Representatives. Moreover, the PSC never advised either the Official Committee or the Member Representatives of its intent to submit a proposed order in contravention of this Court's directions.

3. It is respectfully submitted that the PSC's conduct cannot under any circumstances constitute a good faith "meet and confer" and, therefore, is inconsistent with this Court's directions at the July 19 status conference, as well as with the Letter Agreement between the Official Committee and the PSC (defined and described herein). For these reasons, and as further described herein, the Official Committee and the Member Representatives respectfully request that this Court (i) decline to enter the PSC's proposed order, and (ii) enter the alternative proposed order attached hereto as **Exhibit A** (the "Committee Proposed Order") (in clean copy form), with **Exhibit B** attached hereto showing in black-line the differences between the proposed order submitted by the PSC and the Committee Proposed Order.

## OBJECTION

4. On April 11, 2013, this Court (Saylor, J.) entered its MDL Order No. 3 [Dkt. No. 85], authorizing but not directing Lead Counsel to the Plaintiffs' Steering Committee (the "PSC") to establish a bank account for the collection and deposit of common benefit assessments (the "Common Benefit Account").

5. On June 6, 2013, the Official Committee and the PSC reached an agreement (memorialized in a "Letter Agreement" executed by Lead Counsel on behalf of the PSC and attached hereto as **Exhibit C**) that establishes the working relationship and coordination between the two Committees and their members. The Letter Agreement recognizes, with respect to NECC victims, the independent statutory duties and functions of the Official Committee

pursuant to the Bankruptcy Code and the duties and functions of the PSC in connection with this MDL proceeding and this Court's orders creating the PSC.

6.  Implicit in the Letter Agreement is the understanding that (i) the Member Representatives (all of whom are attorneys that, with one exception, represent injured NECC victims in actions in these MDL proceedings) would, in the course of exercising the Official Committee's statutory duties, from time to time undertake and share work which ultimately may be compensable "common benefit" work, and (ii) that such common benefit work by the Member Representatives would be independent of and not require prior authorization of the PSC in order to be considered for potential common benefit compensation.

7.  On January 17, 2014, the PSC filed the Assessment Motion, seeking authority to establish procedures to fund the Common Benefit Account. The Official Committee (jointly with the Trustee) and the Member Representatives (by themselves) subsequently filed pleadings in response to the Assessment Motion in an attempt to ensure that any order granting the Assessment Motion would comport with, respectively, the provisions and the spirit of the Bankruptcy Code (the Trustee's and the Official Committee's joint pleading) and the Letter Agreement (the Member Representatives' pleading).[3]

8.  On July 19, 2014, during the most recent MDL status conference, this Court stated that it would grant the Assessment Motion, but would not sign an order to that effect until

---

[3]  See, e.g., *Limited Objection of the Official Committee of Unsecured Creditors to Plaintiffs' Steering Committee's Motion for Entry of Case Management Order Establishing Assessment Procedures to Fund Common Benefit Account* [Dkt. No. 833]; *Sur-Reply of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors to the Plaintiffs' Steering Committee's Reply in Support of Motion for Entry if Common Benefit Order* [Dkt. No. 914]. To the extent that the intent of the Letter Agreement may be inconsistent with extant provisions of MDL Order No. 3, the Member Representatives' moving papers requested an amendment to that Order to clarify the relationship between the Official Committee and the PSC regarding the prior authorization requirement for work undertaken by the Official Committee which resulted in common benefit to the MDL, as well as provide for record keeping catch-ups.

the Official Committee, the Trustee, and the PSC presented this Court with a consensual, *jointly*-proposed order.  See Tr. at 50:14-15.

9. On Wednesday, July 9, the Trustee, his counsel, counsel for the Official Committee, and the Member Representatives received from representatives of the PSC a draft of the PSC's proposed order on the Assessment Motion for their review and comment.  The Official Committee, the Member Representatives, the Trustee and his counsel worked diligently, in cooperation and coordination with one another and throughout the next two business days and the first few days of the following week, to revise the PSC's proposed order (the Trustee and his counsel and the Official Committee's counsel worked together on bankruptcy-related issues, and the Member Representatives worked among themselves on issues pertaining to the Letter Agreement and their common benefit work).

10. In keeping with the Letter Agreement, the Official Committee's proposed changes to the PSC's draft order in connection with the Member Representatives' common benefit work were aimed to ensure (i) that actions, tasks and assignments of the Member Representatives would not require prior approval by the PSC in order to be ultimately considered for common benefit compensation, and (ii) that record keeping and submission of actions by the Member Representatives for ultimate consideration for common benefit compensation may be submitted in arrears and then monthly.

11. On Wednesday, July 16, counsel to the Official Committee submitted to the PSC a revised draft order on the Assessment Motion showing, in redline, the Official Committee's (including the Member Representatives') and the Trustee's suggested revisions to the PSC's July 9 draft.

12. On Friday, July 18, the PSC submitted the *Plaintiffs' Steering Committee's Notice of Filing Jointly Proposed Order Granting Motion for Entry of Case Management Order Establishing Assessment Procedures to Fund Common Benefit Account [ECF No. 790]* [Dkt. No. 1274] (the "Notice of Filing"), attaching as Exhibit A thereto a purported "*jointly*" proposed order on the Assessment Motion (the "PSC Proposed Order").

13. The PSC Proposed Order includes none of the Official Committee's proposed changes with respect to Member Representatives' common benefit work (a black-line showing the substantial differences between the draft submitted to the PSC on July 16 by the Trustee and the Official Committee and the present PSC Proposed Order is attached hereto as **Exhibit E**). Although the PSC has stated in its filed and signed pleading that it "tried to reach agreement with the Creditors Committee on a proposed order," see Notice of Filing at 1, in fact between July 16 (when the Trustee and the Official Committee sent the PSC their proposed changes to the latter's proposed order circulated on July 9) and July 18 (when the PSC filed its PSC Proposed Order), neither Lead Counsel nor any other PSC representatives e-mailed, called, or otherwise attempted to reach counsel to the Official Committee or the Member Representatives to discuss their July 16 comments and changes to the draft proposed order that the PSC circulated on July 9.

14. Counsel to the Official Committee has since been informed that Lead Counsel for the PSC had called the Trustee prior to the submission of the PSC Proposed Order, asked the Trustee which of the proposed changes in the July 16 revised draft were the his (as opposed to the Official Committee's or the Member Representatives') and proceeded to negotiate with the Trustee as to bankruptcy-related issues. These issues were also of importance to the Official Committee as demonstrated by (i) the Trustee's and the Official Committee's joint pleading on these issues, see note 3 supra, and (ii) the fact that the Trustee and his counsel and the

Committee's counsel had together and in concert made and proposed the changes regarding bankruptcy-related issues. The PSC's "meet and confer" with the Trustee was undertaken by the PSC without notice to the Official Committee or the Member Representatives, and, we understand, without notifying the Trustee of the PSC's intention to file the PSC Proposed Order without "meeting and conferring" with the Official Committee or the Member Representatives.

15. The Official Committee and the Member Representatives respectfully submit that (i) the PSC's conduct cannot, under any circumstances, constitute a good faith "meet and confer", and (ii) the PSC's Proposed Order cannot, under any circumstances, be accepted by this Court as the *jointly*-proposed order that this Court desired and directed the parties to reach and submit. The Official Committee and the Member Representatives respectfully request, therefore, that this Court decline to enter the purported "joint" PSC's Proposed Order and instead enter the Committee Proposed Order.

16. The Committee Proposed Order not only includes the bankruptcy-related provisions suggested by counsel to the Official Committee, the Trustee, and his counsel that are intended to maintain clear boundaries between these MDL proceedings and NECC's Chapter 11 case, that were agreed to by the Trustee and the PSC during their meet and confer, and that are included in the PSC Proposed Order, but also clarifies the separate and independent status of the two Committees with respect to their duties to the NECC injured victims. Moreover, in keeping with the Letter Agreement, the Committee Proposed Order also makes explicit that Member Representatives' work directed by the Official Committee which results in a common benefit to MDL plaintiffs has equal standing with work directed by the PSC for common benefit compensation consideration under MDL Order No. 3. Finally, the Committee Proposed Order

7

provides a process for the Member Representatives to submit time and expense records from inception to date under MDL Order No. 3, and contemporaneous submissions thereafter.

*[Remainder of this page intentionally blank]*

## **CONCLUSION**

WHEREFORE, the Official Committee and the Member Representatives respectfully request that this Court (i) decline to enter the purported "joint" PSC Proposed Order, (ii) enter the Committee Proposed Order attached hereto as **Exhibit A**, and (iii) grant the Official Committee and the Member Representatives such other and further relief as it deems just and appropriate.

Dated: July 21, 2014

                Respectfully submitted,

                **BROWN RUDNICK LLP**

                By: /s/ *David J. Molton*
                David J. Molton, Esq.
                Seven Times Square
                New York, New York 10036
                Telephone: (212) 209-4800
                Facsimile: (212) 209-4801
                dmolton@brownrudnick.com

                and

                William R. Baldiga, Esq.
                Kiersten A. Taylor, Esq.
                One Financial Center
                Boston, Massachusetts 02111
                Telephone: (617) 856-8200
                Facsimile: (617) 856-8201
                wbaldiga@brownrudnick.com
                ktaylor@brownrudnick.com

                *Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

**ANDREWS & THORNTON**

By: /s/ *Anne Andrews*
Anne Andrews, Esq.
John C. Thornton, Esq.
Karren Schaeffer, Esq.
2 Corporate Park, Ste. 110
Irvine, CA 92606
Telephone: 949 748-1000
aa@andrewsthornton.com
jct@andrewsthornton.com
kschaeffer@andrewsthornton.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member and Co-Chair, Katrina Eldreth obo Estate of Ari Gomez*

**COREN PLACETELLA & ROTH P.C.**

By: /s/ *Michael Coren*
Michael Coren, Esq.
Harry Roth, Esq.
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: 215 567-3500
mcoren@cprlaw.com
hroth@cprlaw.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member and Co-Chair, Meghan A. Handy*

**COLLING GILBERT WRIGHT & CARTER LLC**

By: /s/ *Melvin B. Wright*
Melvin B. Wright, Esq.
The Florida Firm
801 N. Orange Ave., Ste. 830
Orlando, FL 32801
Telephone: 407 712-7300
MWright@TheFloridaFirm.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member, Kathy Distler obo Estate of Charles F. Distler*


**GALLIGAN & NEWMAN**

By: /s/ *Michael Galligan*
Michael Galligan, Esq.
309 West Main St.
McMinnville, TN 37110
Telephone: 931 473-8405
mgalligan@galligannewmanlaw.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member, Bertram Walker Bryant, Jr.*

**SKIKOS CRAWFORD SKIKOS & JOSEPH**

By: /s/ *Gregory Skikos*
Gregory Skikos, Esq.
Adriana Suarez Desmond, Esq.
625 Market St., 11th Floor
San Francisco, CA 94105
Telephone: 415 546-7300
gskikos@skikoscrawford.com
adesmond@skikoscrawford.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member, Danny Swartzell*


**FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C**

By:  /s/ *Terry Dawes*
Terry Dawes, Esq.
19390 W 10 Mile Rd
Southfield, MI 48075
Telephone: (248) 355-5555
t.dawes@fiegerlaw.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member, Victor Davis*

## CERTIFICATE OF SERVICE

      I, Michael A. Jackson, hereby certify that on July 21, 2014, I caused a copy of the foregoing Joint Objection to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.

Dated: July 21, 2014
      New York, York                                          /s/ *Michael A. Jackson*
                                                                              Michael A. Jackson