# **EXHIBIT C**



WILLIAM R. BALDIGA
direct dial: (212) 209-4942
fax: (617) 289-0420
wbaldiga@brownrudnick.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

June 6, 2013



The Plaintiffs' Steering Committee, appointed in
In re New England Compounding Pharmacy
Cases Litigation, MDL No. 2419, Master
Docket No. 12-cv-12052 (D. Mass)
Thomas Sobol, Esq., Lead Counsel
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

RE:   In re New England Pharmacy, Inc., Case No. 12-19882-HJB (Bankr. D. Mass.) (the "Chapter
      11 Case") and In re New England Compounding Pharmacy Cases Litigation, MDL No. 2419,
      Master Docket No. 12-cv-12052 (D. Mass) (all actions assigned to MDL 2419 collectively
      referred to as the "MDL Cases")

Dear Tom:

        This Letter Agreement memorializes conversations and verbal agreements between the
Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. (the
"Official Committee"), appointed by the United States Bankruptcy Court for the District of
Massachusetts (the "Bankruptcy Court") in the Chapter 11 Case, and the Plaintiffs' Steering
Committee ("PSC" and, together with the Official Committee, the "Parties") appointed by the United
States District Court for the District of Massachusetts (the "MDL Court") in the MDL Cases with
respect to coordination and communication between the PSC and Official Committee between
Official Committee.

        1.      Contemporaneous with the execution of this Agreement, the PSC will send to the
defendants a proposed case management order to govern the MDL Cases, in the form attached hereto
as Exhibit A (in such form, the "Proposed CMO").[1] The PSC and Official Committee each agree to,
in good faith, negotiate with the defendants and seek the MDL Court's approval of the Proposed
CMO (revised to include any changes requested by the defendants that the PS and Official
Committee deem unobjectionable).

---

[1] Capitalized terms not defined herein have the meaning set forth in the Proposed CMO.



2.      The PSC and Official Committee acknowledge they share a common legal interest as to their efforts on behalf of claimants in the Chapter 11 Case and the MDL Cases and agree that information that has been and will be exchanged between the PSC and Official Committee shall be subject to such common legal interest. The Parties shall enter into a more formal joint interest agreement, in form and substance agreeable to both Parties, within 30 days hereof, but if the Parties fail to do so, this acknowledgement shall continue to apply.

3.      The PSC acknowledges that the Trustee and Official Committee intend, on or about July 15, 2013, to file a joint motion in Bankruptcy Court (the "Bar Date Motion") seeking to establish the bar date for filing proofs of claim in the Chapter 11 Case as on or around October 15, 2013 (the "Bar Date"). The PSC and Official Committee agree that the Bar Date Motion shall seek to apply a Bar Date to claims of every type whatsoever against NECC, including without any limitation personal injury and wrongful deaths claims of any kind, and shall seek to establish a Bar Date of on or around October 15, 2013. The PSC and the Official Committee agree that neither the Bar Date Motion nor any other motion shall seek to permit the filing of proofs of claims in the Chapter 11 Case after the Bar Date, except that nothing in this Letter Agreement precludes the PSC from joining in a claimant's motion for relief from the Bar Date for excusable neglect. The form of the Bar Date Motion is subject to good faith negotiation, including among the Official Committee and the PSC, as to more specific terms consistent with this Letter Agreement, the Proposed CMO, and the draft Bar Date Motion most recently distributed by counsel to the Official Committee and shall be consistent with applicable jurisprudence. The PSC agrees that it shall support such a Bar Date Motion, provided that:

> (i) the Bar Date Motion shall identify a notice and claims administrator as contemplated in paragraph 6 of this letter;

> (ii) the PSC and Official Committee shall continue to negotiate in good faith, including with the Trustee, with respect to the scope and identity of those whom the Bar Date Motion will request receive notice;

> (iii) the Bar Date Motion shall request that the Bar Date include a notice and publication plan in accordance with current state of the art in notifying consumers; the PSC and Official Committee will continue to meet and confer with respect to filing claims online and by calling the claims administrator, in accordance with court orders and to the extent permitted by law;

> (iv) the Bar Date Motion shall request a procedure whereby any claimant who submits a signed, timely proof of claim that substantially complies with Bankruptcy Rule 3001(A) but is missing any information otherwise required by the order approving the Bar Date Motion shall be given notice that such claim will be barred only upon a failure to supplement the proof of claim within thirty days; and

> (v) the Bar Date Motion shall request that the Bar Date notice state, in plain English, that everyone who was exposed to an NECC product may have a claim; if you do not file a claim





June 6, 2013
Page 3

before the Bar Date then you may never be able to recover from *any* person or entity for *any* injury related to any NECC product, including a claim for mislabeling or malpractice that you may have against a pain clinic or doctor, regardless of whether you have suffered an illness or side effect to date.

4.       Consistent with the unanimous resolution of the Official Committee dated as of February 21, 2013, any chapter 11 plan in the Chapter 11 Case (the "Plan") shall contain mechanisms that facilitate a consensual, comprehensive and global resolution of claims against NECP, Affiliated Defendants and Unaffiliated Defendants (each as defined in the Proposed CMO), including establishment of a mechanism within the Plan to enable NECP, Affiliate Defendants and Unaffiliated Defendants to contribute sums to the chapter 11 estate in exchange for non-debtor releases, a substantial part of which contribution will then be transferred pursuant to the Plan to a compensation fund for the benefit of affected victims, and that the efforts of the Official Committee and the PSC in the Chapter 11 Case and MDL Cases shall be consistent with that jointly desired outcome.  The form of the Plan and any non-debtor releases is subject to good faith negotiation of more specific terms consistent with this Letter Agreement, including among the Official Committee and the PSC.

5.       The PSC and the Official Committee shall confer, together with other plaintiff representatives experienced in such matters, regarding allocation of compensation amongst claimants that participate in the compensation fund described in paragraph 4 of this Letter Agreement.

6.       The PSC and the Official Committee, in cooperation with the Trustee, shall meet and confer regarding solicitation of competitive bids for from vendors, including with respect to service of process, victim list process, and balloting in connection with a Plan in the Chapter 11 case.

7.       The PSC and the Official Committee agree that the Bar Date Motion shall be heard by the Bankruptcy Court but with the participation of the MDL Court, to the extent the MDL Court so orders and agrees.

8.       With respect to discussions with certain Unaffiliated Defendants, as generally described in Section H of the Proposed CMO, the PSC and the Official Committee provisionally agree to coordinate such discussions as set forth in Section H.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]



Very truly yours,

**The Official Committee,
by its counsel, duly authorized:**

*William R. Baldiga*

William R. Baldiga, Esq.
**BROWN RUDNICK LLP**
One Financial Center
Boston, MA 02111

**Acknowledged and Agreed,**

**The PSC, by Lead Counsel, duly authorized:**

Thomas Sobol, Esq.
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

Very truly yours,

**The Official Committee,
by its counsel, duly authorized:**

_____

William R. Baldiga, Esq.
**BROWN RUDNICK LLP**
One Financial Center
Boston, MA 02111

**Acknowledged and Agreed,**

**The PSC, by Lead Counsel, duly authorized:**

_____

Thomas Sobol, Esq.
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

4

**<u>EXHIBIT A</u>**

DRAFT – For Discussion Purposes

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY CASES LITIGATION | MDL No. 2419 |
| | Master Docket No. 12-cv-12052 (FDS) |
| THIS DOCUMENT RELATES TO: | |
| All Actions | |

**[Proposed] MDL Order No. __**
May ___, 2013

**CASE MANAGEMENT ORDER**

This order establishes case management procedures and a schedule to organize and streamline the efficient litigation of the hundreds of cases centralized in *In re New England Compounding Pharmacy, Inc., Products Liability Litigation*, MDL No. 2419 ("MDL 2419").

**I.    SCOPE OF ORDER**

This Case Management Order ("CMO") applies to all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of February 12, 2013, any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel, all related actions originally filed in this Court or transferred or removed to this Court, and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

The actions in this MDL 2419 contain claims against New England Compounding Pharmacy ("NECP"), various other entities or individuals affiliated with NECP ("Affiliated Defendants"), and/or various other defendants not affiliated with NECP ("Unaffiliated Defendants") (collectively, the "Defendants") alleging personal injury and/or wrongful death related to the use of a product sold by NECP.  The actions assigned to MDL 2419 are

1

DRAFT – For Discussion Purposes

collectively referred to herein as the "NECP MDL Cases."

## II.     CASE ADMINISTRATION

### A.     Status Conferences

At a minimum, the Plaintiffs' Steering Committee, the Defendants, the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of NECP (the "Chapter 11 Case"), and the Official Committee of Unsecured Creditors (the "Official Committee") appointed in the Chapter 11 Case, will participate in a status conference with the Court about once a month, on such dates and at such times as the Court deems appropriate.

Attorneys may listen to the monthly status conference by telephone.  Plaintiffs' Lead Counsel will provide the Court with a list of plaintiffs' attorneys, Official Committee members, member representatives and attorneys, and the Trustee's representatives and attorneys who will participate by phone and will distribute the dial-in to those counsel.  Liaison Counsel for Ameridose, LLC will provide the Court with a list of defendants' attorneys who will participate by phone and distribute the dial-in to those counsel.  Any attorney who wishes to be heard by phone must obtain permission from the Court to do so before the status conference by contacting the Court's clerk.

The Plaintiffs' Steering Committee, the Defendants, the Trustee, and the Official Committee should confer on a proposed agenda in advance of the conference.  The parties shall endeavor to submit a joint agenda including, to the extent they cannot agree, separate agenda items the day before the status conference.

### B.     Master Service List and Waiver of Service of Formal Process

Plaintiffs' Lead Counsel will create and maintain an up-to-date service list of plaintiffs' counsel in MDL 2419.

The following Defendants agree to waive formal service of process of all complaints filed and transferred to the MDL in accordance with the procedure set forth herein:

2

DRAFT – For Discussion Purposes

1.    Ameridose, LLC

2.    ARL BioPharma, Inc. d/b/a Analytical Research Laboratories

3.    Barry J. Cadden

4.    Lisa Conigliaro Cadden

5.    Glenn A. Chin

6.    Gregory Conigliaro

7.    GDC Properties Management, LLC

8.    Medical Sales Management

Plaintiff's counsel wishing to obtain waiver of formal service of process from the above mentioned Defendants must provide the following to counsel each Defendant, via first class certified mail:

a.    Affidavit of Waiver of Service of Formal Process;

b.    A true copy of the Complaint;

c.    A true copy of the civil action cover sheet;

d.    A true copy of the Summons; and

e.    A postage pre-paid return envelope (collectively referred to herein as "Service Package").

Upon receipt of the Service Package, counsel for Defendant will execute the Affidavit of Waiver of Service of Formal Process and return it to Plaintiff's counsel within 7 days of receipt. Plaintiff's counsel is obligated to file an Affidavit of Waiver of Service of Formal Process with the Court within the timeframe required by Fed.R.Civ.P. Rule 4.

The parties agree that by complying with the procedure set forth herein, Plaintiff has fulfilled his or her obligations under Fed.R.Civ.P. Rule 4.

**C.    Existing Orders**

The orders previously entered in *Erkan v. New England Compounding Pharmacy, Inc. et al.*, 12-cv-12052, apply to all actions in MDL No. 2419 unless superseded or modified by a later

3

DRAFT – For Discussion Purposes

order of this Court. These include, but are not limited to, the preliminary injunction order (Dkt. No. 38), the inspection orders (Dkt. Nos. 100, 126), and the preservation orders (Dkt. Nos. 110, 111, 112).

The Plaintiffs' Steering Committee, NECP (through the Trustee or his counsel), the Affiliated Defendants, and the Official Committee may, after meeting and conferring, jointly ask the Court to modify provisions of the preservation orders if complying with said orders becomes unduly burdensome or unnecessary as the case progresses.

**D.      Answer Dates**

All limitations periods for responding to complaints served, filing dispositive motions, or responding to dismiss dispositive motions filed, are hereby temporarily stayed. These deadlines will be revisited as discovery progresses.

To the extent that it is within the power of the Court to stay pre-suit and post-suit filing requirements imposed by state law, those requirements are stayed and all deadlines are tolled or extended with respect to any and all state law health care provider, products liability and/or wrongful death claim requirements required under state law for all plaintiffs whose cases are in, have been, or will be transferred to this Court, pending further order by the Court. Individual plaintiffs who need further relief from any such requirements may move the Court for additional, appropriate, relief. Plaintiffs are encouraged to aggregate their requests for relief, if possible – *e.g.*, New Jersey plaintiffs may collectively move for relief. Any such motions should identify legal precedents that permit the Court to grant the relief requested. Any Defendant who wishes to participate in mediation procedures as described in Section I must agree to tolling or extension agreements as described in later in this CMO.

**E.      Tolling**

The Plaintiffs' Steering Committee and Affiliated Defendants will meet and confer about an agreement to toll claims against the Affiliated Defendants for a reasonable period of time.

4

DRAFT – For Discussion Purposes

They will jointly submit a proposed tolling agreement by June 7, 2013.

The Trustee may participate in the meet and confer to the extent that the Trustee determines that he desires the proposed tolling agreement identified herein to toll the claims of the estate against the Affiliated Defendants.  Nothing contained on this CMO shall require the Trustee to so participate or in any manner interfere with the Trustee's rights in connection with the Affiliated Defendants under the Agreed-Upon Order Establishing Protocol for Settlement Negotiations and Communications entered in the Chapter 11 Case on April 18, 2013 in <u>Moore v. Cadden</u>, Adv. Pro. No. 13-01040-HJB (Bankr. D. Mass.) [Dkt. 96] (the "<u>Affiliate Defendant Protocol Order</u>"),  which rights include, but are not limited to, entering into a separate tolling agreement with the Affiliated Defendants.

**F.      Stipulation Regarding Direct Filing of New Federal Cases into MDL 2419**

In order to eliminate the delays associated with transfer of cases filed in or removed to other federal district courts to this Court as part of MDL 2419 and to promote judicial efficiency, Defendants stipulate and agree that they will not assert any objection of improper venue pursuant to Federal Rule of Civil Procedure 12(b) as to any NECP-related case alleging personal injury and/or wrongful death filed directly in the District of Massachusetts that is properly included in MDL 2419, where venue may otherwise appropriately lie in a federal district outside the District of Massachusetts.

The Defendants' stipulation and agreement are contingent on the understanding that they do not intend to waive their rights to transfer any case in MDL 2419 to a court of proper venue under 28 U.S.C. § 1406(a) or, if applicable, under 28 U.S.C. § 1334(c)(1) (equitable remand), and that upon the completion of all pretrial proceedings applicable to a case directly filed in the District of Massachusetts pursuant to this stipulation regarding filing in MDL 2419, the Court (i) pursuant to 28 U.S.C. § 1404(a), may transfer the case filed directly in the District of Massachusetts to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based

5

DRAFT – For Discussion Purposes

on the recommendations of the parties to that case, or, if the parties cannot agree, based on its

own determination after briefing from the parties, or (ii) pursuant to 28 U.S.C. § 1334(c)(1), if

applicable, may remand the case filed directly in the District of Massachusetts to a state court of

proper venue, based on the recommendations of the parties to that case, or, if the parties cannot

agree, based on its own determination after briefing from the parties.

Any action seeking to take advantage of the venue provisions of this section must be

pursuant to a complaint filed: (i) by an individual plaintiff on behalf of him or herself or on

behalf of an injured minor child the individual is guardian or next friend; (ii) by a plaintiff and

family member plaintiffs; or (iii) on behalf of the estate of a deceased or incompetent individual,

together with any family members and/or beneficiaries of such estate.  Multi-plaintiff complaints

or complaints joining or on behalf of two or more plaintiffs other than as expressly provided

above, may not be filed without prior Court approval.

**G.**      **Settlement Discussions with the Affiliated Defendants**

The Trustee is currently engaged in settlement discussions with NECP and the Affiliated

Defendants, according to the Affiliate Defendant Protocol Order.  Plaintiffs' Lead Counsel and

the Official Committee shall be kept apprised of the status of that process.

Participation in this settlement process is at will.  Plaintiffs' Lead Counsel, the Official

Committee, the Trustee, and the Unaffiliated Defendants may withdraw from that process at any

time and proceed on a litigation track.

Any Affiliated Defendants who elects to participate in mediation shall:

- Be exempt from discovery except as required to facilitate participation in
  mediation. The exemption should continue in force so as long as (a) a mediator
  does not report to this Court and the Bankruptcy Court that the subject Defendant
  or potentially responsible party is not negotiating in good faith; (b) declares that
  the mediation as to the Defendant or potentially responsible party has reached
  impasse terminating mediation as to them; or (c) declares that the mediation as a
  whole has reached impasse and should be terminated.  The election should require
  the Defendant or potentially responsible person to submit to jurisdiction of this
  Court and Bankruptcy Court;

6

DRAFT – For Discussion Purposes

- • Voluntarily agree to a standing injunction order tolling any statutes of limitation or other applicable time bar statutes;

- • Voluntarily agree to a standing injunction order suspending or extending any and all applicable pre-suit or post-suit requirements related to health care orders, including any notices, arbitration or panel submission requirements, or affidavits of service; and

- • Provide a statement to Plaintiffs' Lead Counsel, the Trustee, and the Official Committee identifying any other potentially responsible parties liable to tort claimants or liable to the defendants or another potentially responsible party regarding injuries related to the contaminated methylprednisolone acetate and the grounds or basis of the claim.  Statements should be deemed mediation material and not admissions.

## H.    Settlement Discussions with Unaffiliated Defendants

To the extent that there are settlement discussions with Unaffiliated Defendants or entities with no asserted claims against them in MDL 2419 alleging personal injury and/or wrongful death related to the use of a product sold by NECP (the "Non-Parties") outside of the context of the Trustee's ongoing settlement discussions under the Affiliated Defendant Protocol Order, those settlement negotiations will be conducted with the cooperation and participation of the Plaintiffs' Steering Committee, the Official Committee, and the Trustee (to the extent the Trustee desires to do so) (the "Settlement Participants").

The Plaintiffs' Steering Committee and (to the extent an NECP bankruptcy case remains open) the Trustee and the Official Committee have standing to give input in any discussions of settlement, mediation, resolution through bankruptcy channels, or any other form of resolution, and the Settlement Participants shall seek to approach and engage in these discussions in a coordinated, cooperative manner.

To the extent that any communications about resolution of claims against the Unaffiliated Defendants or Non-Parties take place with designees from less than all of the Settlement Participants, the Settlement Participant(s) designee who received or was involved in said communication shall promptly notify the other Settlement Participant designee(s) about those

7

DRAFT – For Discussion Purposes

communications and shall thereafter ensure that further discussions occur with all the Settlement

Participants in accordance with this Section II.H.

Plaintiffs' Lead Counsel and the Official Committee may each designate one or more

members or member representatives to participate in settlement discussions with Unaffiliated

Defendants and Non-Parties.  Plaintiffs' Lead Counsel and the Plaintiffs' Steering Committee

have designated national defendant and state-specific defendant chairs as Plaintiffs' Lead

Counsel's designees for settlement discussions on behalf of Lead Counsel and the Plaintiffs'

Steering Committee.  The Plaintiffs' Steering Committee designee is required to consult with the

Plaintiffs' Steering Committee and Lead Counsel and cannot bind the Plaintiffs' Steering

Committee and Lead Counsel to any decision.  The Official Committee may designate one or

more members or member representatives to participate in settlement discussions with each

Unaffiliated Defendant or Non-Party.  The Plaintiffs' Steering Committee's designee(s) and the

Official Committee's designee(s) shall communicate and cooperate with respect to settlement

discussions.

I.    **Mediation with Unaffiliated Defendants and Non-Parties**

Plaintiffs' Lead Counsel, the Trustee, and the Official Committee shall confer and shall

submit to the Court within thirty (30) days a proposed mediation order (the "Proposed Mediation

Order") pertaining to all Unaffiliated Defendants and Non-Parties to be entered in this Court and

the Bankruptcy Court.

Participation in this mediation process is at will.  Plaintiffs' Lead Counsel, the Official

Committee, the Trustee, and the Unaffiliated Defendants and Non-Parties may withdraw from

that process as to any particular Unaffiliated Defendant or Non-Party at any time and proceed on

a litigation track as to such Unaffiliated Defendant or Non-Party in a manner consistent with this

Order.

The Proposed Mediation Order shall provide that any Unaffiliated Defendant or Non-

DRAFT – For Discussion Purposes

Party who elects to participate in mediation shall, *inter alia*:

- Be exempt from discovery except as required to facilitate participation in mediation. The exemption should continue in force so as long as (a) the mediator does not report to this Court and the Bankruptcy Court that the subject Defendant or potentially responsible party is not negotiating in good faith; (b) declares that the mediation as to the Defendant or potentially responsible party has reached impasse terminating mediation as to them; or (c) declares that the mediation as a whole has reached impasse and should be terminated. The election shall require the Defendant or potentially responsible person to submit to jurisdiction of this Court and Bankruptcy Court;

- Voluntarily agree to a standing injunction order tolling any statutes of limitation or other applicable time bar statutes;

- Voluntarily agree to a standing injunction order suspending or extending any and all applicable pre-suit or post-suit requirements related to health care orders, including any notices, arbitration or panel submission requirements, or affidavits of service; and

- Provide a statement to the appointed mediator, the Plaintiffs' Lead Counsel, a liaison to the Defendants, the Trustee, and the Official Committee identifying any other potentially responsible parties liable to tort claimants or liable to the defendants or another potentially responsible party regarding injuries related to the contaminated methylprednisolone acetate and the grounds or basis of the claim. Statements should be deemed mediation material and not admissions.

### III.   COORDINATION WITH OTHER ACTIONS

To the extent there are NECP-related cases pending in state courts that are not a part of

MDL 2419, but that fall within the subject matter definition of MDL 2419, this Court intends to

coordinate with the state courts presiding over such cases, to the extent such state courts so

desire. The Court may issue more detailed orders regarding such coordination, should the need

arise.

The Federal State Liaison will update the Court on the status of state court actions at each

status conference.

Each of the Plaintiffs' Steering Committee and the Official Committee shall appoint a

designee to meet telephonically or in person on a regular basis, but no less than once a week, to

discuss status and strategy of the MDL Cases and the Chapter 11 Case, including with respect to

DRAFT – For Discussion Purposes

settlement negotiations. Within thirty (30) days, the Plaintiffs' Steering Committee and the

Official Committee shall enter into a joint interest agreement in form and substance reasonably

acceptable to both parties.

## IV.   PRETRIAL PROCEDURES AND SCHEDULE

### A.   Plaintiff Profile Sheets

The Plaintiffs' Steering Committee and, the Defendants, the Trustee and the Official

Committee will meet and confer about an appropriate plaintiff profile sheet. By [June 15, 2013],

those entities will jointly file an agreed-upon proposed profile sheet, or, if they cannot agree,

separately file competing proposed profile sheets.

The profile sheets will collect basic information about the plaintiffs' claims (including the

date of exposure, location of exposure, and brief description of claimed injuries) but will not – as

an initial matter – require detailed information or information not currently in the plaintiffs'

possession.

Each plaintiff who is in an NECP MDL case as of the date of this order must complete a

profile sheet by []. Future plaintiffs must complete a profile sheet no later than 90 days after the

date their case is filed in, or transferred to, MDL 2419.

All completed profile sheets must be provided to Plaintiffs' Lead Counsel, who will make

the profile sheets available, including to the Trustee and his counsel and the Official Committee

and its counsel, through the document repository as described in Section IV.D.6. of the CMO.

These profile sheets serve a different purpose from, and are not in lieu of, information

sheets that later may be required to make a claim in the Chapter 11 Case; but the profile sheet

may be identical to the information sheet required to be attached to victim proofs of claim in the

Chapter 11 Case.

### B.   Medical Authorization Releases

The Plaintiffs' Steering Committee, the Defendants, the Trustee, and the Official

DRAFT – For Discussion Purposes

Committee will meet and confer about an appropriate medical authorization release. By [June 1, 2013], the Plaintiffs' Steering Committee, the Defendants, the Trustee, and the Official Committee will jointly file an agreed-upon proposed medical release, or, if they cannot agree, separately file competing proposed medical releases.

The Plaintiffs' Steering Committee, the Defendants, the Trustee, and the Official Committee will also meet and confer about medical records retrieval, including using a single vendor to collect and host plaintiffs' medical records. If the Plaintiffs' Steering Committee and, Defendants, the Trustee, and the Official Committee cannot agree to use a single vendor by June 15, 2013, the Defendants must propose a method for moving forward.

Each plaintiff who is in an NECP MDL case as of the date of this order must submit a medical authorization release by July 1, 2013. Future plaintiffs must submit a medical authorization release no later than 90 days after the date their case is filed in, or transferred to, MDL 2419.

## C.    Master and Short Form Complaints

The Plaintiffs' Steering Committee will file a Master Complaint by September 1, 2013. This deadline is intended to permit the Plaintiffs' Steering Committee a short period of time to conduct discovery and incorporate the fruits of that discovery into the Master Complaint.

The Plaintiffs' Steering Committee will also provide a Short Form Complaint by September 1, 2013. MDL plaintiffs may file amended complaints, short form complaints, or otherwise new complaints by October 1, 2013.

## D.    Discovery

### 1.    Discovery Schedule

Formal discovery of the Affiliated Defendants will remain temporarily stayed. The Court will revisit this temporary stay at each status conference.

Subject to stay of discovery for mediation participants in accordance with a Mediation

11

DRAFT – For Discussion Purposes

Order, formal discovery of Unaffiliated Defendants and Non-Parties will be conducted by the

Plaintiffs' Steering Committee as follows:

> a.   Written discovery (including, but not limited to, Requests for Production, Interrogatories, Requests for Admissions, and Subpoenas deuces tecum) may commence immediately and must be served in time to be returnable as soon as practicable.

> b.   Depositions of witnesses and/or corporate designees of the following entities may be taken and completed as soon as practicable: ARL Bio Pharma, Inc., Liberty Industries, Inc., UniFirst Corporation and its subsidiary UniClean, St. Thomas Outpatient Neurosurgical, Specialty Surgery Center, Curtis Pharmaceuticals, and CuraScript, Inc., and Michigan Pain Specialists, PLLC [1]

The Plaintiffs' Steering Committee, the Unaffiliated Defendants, the Trustee, and the

Official Committee will meet and confer as to the appropriate scope of discovery as to the

plaintiffs at this stage no later than June 7, 2013.  The Court expects that this discovery will

include product ID records.  This initial discovery of plaintiffs will take place during the next

three months, to be completed by August 30, 2013.  This initial discovery will not prejudice the

parties' ability to seek additional discovery at a later date, particularly after the filing of the

Master complaint and/or amended complaints.

**2.      Mandatory Production to Plaintiffs' Steering Committee**

Any formal discovery produced by any defendant or non-parties in any NECP-related

case, whether part of the MDL or not, must also be produced to the Plaintiffs' Steering

Committee no later than seven days after production elsewhere.  Documents must be sent to

Lead Counsel's attention in the format produced elsewhere (whether electronic or hard copy):

> HAGENS BERMAN SOBOL SHAPIRO LLP
> Attn: Mike Barker
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA 02142

Lead Counsel will make these documents available through a document repository, as described

below.

---

[1] The Plaintiffs' Steering Committee may conduct such depositions in any order it chooses.

DRAFT – For Discussion Purposes

The Plaintiffs' Steering Committee and the producing party may elect to meet and confer in an attempt to negotiate an Electronically Stored Information Protocol outlining the format of production. The default will be that all documents are produced in their native format (*e.g.*, in Word, Excel, or PowerPoint format for electronic documents or photocopies for hardcopy documents) in order to minimize burden and expense incurred.

### 3.     Privilege Logs

For all documents that are withheld (or redacted) on privilege or work product grounds, the following information must be provided in an Excel document:

- Privilege log reference number;

- Bates range of document;

- Author(s) (designating which, if known and if any, are attorneys);

- Recipient(s), including copyee(s) (designating which, if known and if any, are attorneys);

- Description of the documents (or redacted portion of the document) as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; and

- Basis for withholding or redacting.

The parties further agree that privilege logs will be produced in phases matching the production of documents. The privilege logs should be produced as soon after production as practicable, but no later than thirty days after the production to which it applies.

The parties agree that any party may challenge the privilege designation of any document by notifying the other party in writing of the document and the basis for the challenge. Any party receiving a challenge must respond within seven days as to whether the challenged documents were correctly designated as privileged. Documents incorrectly identified and withheld under claims of privilege should be removed from the log and produced immediately.

13

DRAFT – For Discussion Purposes

If the parties cannot agree on the propriety of a particular designation, the challenging party may submit the disagreement to the Court.

### 4.   Authentication of Documents

Documents and other materials authored and produced by any plaintiff or Defendants in connection with their plaintiff profile sheets and/or subsequent document requests are true and genuine (or correct) copies of documents and other materials from the records of such Plaintiff or Defendants and their employees, respectively.

### 5.   Enforceability

All discovery issued in this MDL will be enforced by this Court. This includes any discovery requests or subpoenas issued to the Non-Parties. Any challenges or disputes relating to discovery – including motions to quash – must be filed directly into the MDL.

Attorneys in good standing in at least one jurisdiction may appear in the MDL for the limited purposes of contesting or addressing discovery disputes and need not hire local counsel for this limited purpose. Such a limited appearance will not be considered stipulating to the Court's jurisdiction.

### 6.   Document Repository

The Plaintiffs' Steering Committee will create and maintain an online document repository accessible to the Trustee and his counsel, the Official Committee and its counsel, and plaintiffs' counsel of record in any action alleging injury related to a plaintiff's use of a product sold by New England Compounding Pharmacy, Inc. (the "NECP cases"). The Plaintiffs' Steering Committee will make all discovery produced by defendants or the non-parties in the MDL available through the online document repository, subject to certain conditions. Any plaintiffs' counsel who seeks access to the repository must comply with any Confidentiality Order and/or Protective Order entered in this case, and may be (at the Plaintiffs' Steering Committee's discretion) subject to a reasonable assessment as a condition precedent to use of the

DRAFT – For Discussion Purposes

repository.  The Plaintiffs' Steering Committee shall agree with the Trustee and the Official

Committee as to any assessment, if any, required by them.

All materials produced by defendants or the Non-Parties to the Official Committee

pursuant to formal discovery by the Official Committee will be timely provided to the Plaintiffs'

Steering Committee and made available through the repository.

Materials produced informally by the Trustee to the Plaintiffs' Steering Committee or the

Creditors' Committee will not be made available through the repository.

**E.      Protective Orders**

The two protective orders described below will apply to all informal or formal discovery

produced in the MDL.

### 1.      Qualified Protective Order Regarding Protection of Health Information

The Plaintiffs' Steering Committee has moved for the entry of an order partially lifting

discovery that will allow them to serve discovery on pain clinics and other healthcare providers

seeking information about "the patients who received NECP products during the twelve months

before the recall."  This discovery will likely include information that constitutes Protected

Health Information within the meaning of the Health Insurance Portability and Accountability

Act of 1996 ("HIPAA"), Pub. L. 1-4-191, regulations adopted thereto (*see* 45 C.F.R. § 164.501,

*et seq.*), and state laws.

HIPAA protects the confidentiality of Protected Health Information but provides

mechanisms for disclosure of such information when necessary and if sufficiently protected from

improper use.  *See* 45 C.F.R. § 164.502(a).  HIPAA regulations allow for release of information

if the request is made pursuant to a court order.  *See* 45 C.F.R. § 164.512(e)(1)(i).  A subpoena

may be issued to compel the disclosure of Protected Health Information if a "qualified protective

order" is issued prohibiting "the parties from using or disclosing the protected health information

DRAFT – For Discussion Purposes

for any purpose other than the litigation or proceeding for which such information was requested." 45 C.F.R. § 164.512(e)(1)(v)(A). The qualified protective order must require the return or destruction of the information at the end of the litigation. *See* 45 C.F.R. § 164.512(e)(1)(ii).

By __, 2013, [FIFTEEN DAYS BEFORE THE NEXT STATUS CONFERENCE] the Plaintiffs' Steering Committee will move the Court for entry of a Qualified Protective Order that will permit disclosure of Protected Health Information with the appropriate safeguards. Any objections or motions for entry of competing versions of the Qualified Protective Order must be filed by __, 2013 [DAY BEFORE THE NEXT STATUS CONFERENCE].

On or before ___, 2013, the Court will hold a hearing to address any objections to or competing versions of the Qualified Protective Order. Any motions to quash subpoenas issued before the next status conference will be heard by this Court at the same hearing.

### 2. Confidentiality/Protective Order

The Plaintiffs' Steering Committee, counsel for the Defendants, the Trustee, and the Official Committee will meet and confer about a proposed order protecting confidential information under Federal Rule of Civil Procedure 26(c). By __, 2013, [FIFTEEN DAYS BEFORE THE NEXT STATUS CONFERENCE] the parties will jointly submit a motion for entry of a confidentiality/protective order, or, if agreement cannot be reached, separately submit motions for entry of competing proposed orders.

### F.   Confidentiality of Communications with Experts

Drafts of expert reports or declarations and notes, written communications, and other types of preliminary work created or generated by or for experts or their staff (unless such notes are generated while testifying) are exempt from discovery. The following communications will not be discoverable, unless the expert specifically relied upon any such communications as a basis for any of his or her ultimate opinions or reports or the materials:

16

DRAFT – For Discussion Purposes

1.   Communications between and among experts, including their staffs, and outside counsel;

2.   Communications between and among experts, including their staffs, and other experts or consultants and their respective staffs; and/or

3.   Communications between and among experts and their respective staffs.

Suggestions from counsel regarding revisions to the form of the expert's report or additional support for the expert's ultimate opinions are examples of communications that are protected from discovery.

The parties and the Court will set deadlines for exchanging expert reports (including inspection reports) later this summer, once discovery is underway.

## G.   Common Fund Allocation

The Plaintiffs' Steering Committee will file a motion (the "Common Fund Motion") requesting a common fund fee in this Court (the "Common Fund").  Common Fund participants may include members of the Plaintiffs' Steering Committee and any lawyer performing services for the benefit of multiple tort victims on reasonable terms, including work connected to resolution pursuant to a chapter 11 plan in the Chapter 11 Case, whose common benefit work is made available to the Plaintiffs' Steering Committee and the Official Committee.  Common Fund participants may include member representatives serving on the Official Committee, to the extent the services they perform are for the common benefit of multiple tort victims. Participation will permit compensation efforts related to NECP prior to the filing of the Chapter 11 Case.  All allocations of fees pursuant to the Common Fund will be subject to judicial review, as to be further proposed in the Common Fund Motion.  The Common Fund Motion will provide a time by which any party electing to participate in the Common Fund must submit to the Plaintiffs' Steering Committee a detailed statement of fees and expenses.  Any participant must also submit any work product that has been created and appropriate to share and related to the requested compensation.

17

DRAFT – For Discussion Purposes

**H.      Chapter 11 Plan**

The Plaintiffs' Steering Committee, the Trustee and the Official Committee shall confer regarding formulation of a chapter 11 plan in the Chapter 11 Case (the "Plan").  This CMO does not withdraw, and nothing in this CMO shall withdraw, the reference to the Bankruptcy Court in connection with the Chapter 11 Case, including but not limited to negotiation and formulation of a Plan, Plan issues, Plan disclosure requirements, Plan confirmation and Plan implementation or enforcement.  The parties reserve all rights to seek, or oppose, in whole or in part, withdrawal of the reference to the Bankruptcy Court.

**I.      Reservation of Rights**

The Plaintiffs' Steering Committee duties run to all plaintiffs in any cases in the MDL current and that are later transferred to the MDL.  Except as otherwise provided herein, nothing in this order shall diminish the obligations of Lead Counsel and the Plaintiffs' Steering Committee to discharge their duties under MDL Order  No. 2.

The Official Committee's duties run to all creditors with unsecured claims against NECP. Except as otherwise provided herein, nothing in this order shall limit, restrict or otherwise affect the authority and duties of the Official Committee, as provided by 11 U.S.C. §§ 1102 and 1103, including, but not limited to, the Official Committee's statutory duties as follows: (1) to consult and participate with the Trustee concerning the administration of the Chapter 11 Case; (2) to investigate the acts, conduct, assets, liabilities, and financial condition of NECP, the operation of NECP's business and the desirability of the continuance of such business, and any other matter relevant to NECP's Chapter 11 Case or to the formulation of a Plan, including, without limitation, investigating claims by NECP against other parties or by other parties against NECP; (3) to participate in the formulation of a Plan, advise creditors on the Official Committee's determinations as to any Plan formulated, and collect and file with the court acceptances or rejections of a Plan, including, without limitation, negotiating with the Trustee, unsecured

18

DRAFT – For Discussion Purposes

creditors (including any holders of personal injury, tort, and wrongful death cases against NECP and any holders of asserted or contingent indemnity, contribution, or similar claims against NECP) and other relevant parties contemplated to be included in, part of or impacted a Plan any and all Plan or Plan-related content, provisions and related agreements; and (4) to communicate with and provide access to information to any and all unsecured creditors of NECP (including any holders of personal injury, tort, and wrongful death cases against NECP and holders of asserted or contingent indemnity, contribution, or similar claims against NECP).

## V.    TIMELINE OF EVENTS

| Event | Date / deadline |
|---|---|
| Fact discovery as to NECP and the Affiliated Defendants | Temporarily stayed. |
| Fact discovery as to Unaffiliated Defendants and non-parties | Open, subject to any Proposed Mediation Order that is entered by the Court. |
| Motion(s) for entry of a Qualified Protective Order filed | [FIFTEEN DAYS BEFORE THE NEXT STATUS CONFERENCE] |
| Motion(s) for entry of a Confidentiality Order filed | [FIFTEEN DAYS BEFORE THE NEXT STATUS CONFERENCE] |
| Objections to Qualified Protective Order filed | [DAY BEFORE THE NEXT STATUS CONFERENCE] |
| Hearing on motion(s) for Qualified Protective Order and any motions to quash subpoenas | ____ |
| Limited case-specific discovery of plaintiffs begins (scope to be defined by the parties) | [June 1, 2013] |
| Proposed tolling agreement filed | [June 1, 2013] |
| Defendants' to respond to request to permit direct filing into MDL | [June 1, 2013] |

19

DRAFT – For Discussion Purposes

| | |
|---|---|
| Proposed plaintiff profile form filed | [June 1, 2013] |
| Proposed medical release filed | [June 1, 2013] |
| Plaintiffs' Steering Committee, Defendants, Trustee, and Official Committee to meet and confer about scope of initial discovery of plaintiffs | [June 1, 2013] |
| Plaintiffs' Steering Committee, Trustee, and Official Committee to propose mediation order for Unaffiliated Defendants | June 15, 2013 |
| Defendants to propose medical records retrieval process | June 15, 2013 |
| Plaintiffs profile forms due (for plaintiffs in the MDL as of the date of this order) | July 1, 2013 |
| Fact discovery as to Unaffiliated Defendants and Non-Parties returnable by | July 30, 2013 |
| Discovery depositions as noted above | August 1, 2013 |
| Depositions as to Unaffiliated Defendants and Non-Parties complete | August 15, 2013 |
| Initial case-specific discovery of plaintiffs completed | August 30, 2013 |
| Master Complaint filed | September 1, 2013 |
| Deadline to file amended or new complaints for cases filed before September 1, 2013 | Fall 2013 |
| Additional case-specific discovery of plaintiffs | Fall 2013 |
| Summary judgment briefing | Winter 2013 |

DRAFT – For Discussion Purposes

| | |
|---|---|
| Expert reports exchanged and depositions conducted | Winter 2013 |
| Trial(s) | Spring 2014 |

IT IS SO ORDERED.


_____
The Honorable F. Dennis Saylor IV
United States District Judge


Dated:  May ___, 2013