# **EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-FDS |

THIS DOCUMENT RELATES TO:

 All Actions

**[JOINTLY PROPOSED] MDL ORDER NO. __**
**ESTABLISHING ASSESSMENT FOR COMMON BENEFIT FUND**

This Order is entered pursuant to this Court's April 9, 2013 *Order Appointing Lead Counsel, Federal-State Liaison Counsel, and Plaintiffs' Steering Committee* (MDL Order No. 2, Dkt. No. 82) and April 11, 2013 *Order Concerning Sharing and Funding of Plaintiffs' Pretrial Expenses and Costs* (MDL Order No. 3, Dkt. No. 85) to establish a reasonable prospective contingent assessment of eight percent (8%) upon recoveries on Plaintiffs' claims in or related to this litigation.

The Court recognizes in this above-captioned multi-district litigation (the "MDL") that the members or assigned delegates of the Plaintiffs' Steering Committee (the "PSC") as well as attorney representatives of the members (the "OCC Member Representatives") of the Official Committee of Unsecured Creditors (the "OCC") appointed in the "Chapter 11 Case" (as defined below) may undertake and provide services in the MDL that create or provide a common benefit to plaintiffs exposed to medication administered and compounded by New England Compounding Pharmacy, Inc. ("NECC") (the "Common Benefit Work"), and that application for compensation for this Common Benefit Work may be made to this Court in the MDL subject to this Court's approval and under the equitable principles of the common benefit doctrine, but only to the extent any such award of compensation is unrelated to and does not affect the pending

1

~~chapter 11 bankruptcy case numbered and styled Case No. 12-19882-HJB, *In re New England Compounding Pharmacy, Inc. d/b/a New England Compounding Company* (the "Chapter 11 Case") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"); and~~

~~The Court also recognizes that the PSC and OCC are independent of each other, and therefore that OCC assignments of work to OCC Member Representatives which may be compensable Common Benefit Work are not dependent on authorization by the PSC and *vice versa* with respect to the PSC and PSC member or delegate assignments. The Court expects that members and delegates of the PSC and the OCC Member Representatives shall continue to coordinate as they have privately agreed and done in the past; and~~

~~All~~ While the PSC and other attorneys ~~representing plaintiffs in the MDL and~~ designated by MDL Order No. 3 as acting for the MDL administration and common benefit of all plaintiffs ~~(all such attorneys, including those serving as PSC members and delegates or OCC Member Representatives, collectively, the~~ in this complex litigation ("Designated Counsel") ~~shall~~ have the right to a reasonable common benefit ~~compensation from this Court for the Common Benefit Work provided by them~~ assessment as set forth below~~; and~~

, the Court's expectation, given the unique circumstances of this ~~MDL, is that Designated Counsel may, in the end, be compensated~~ litigation, is that lawyers participating in common-benefit work in the MDL may end up being paid at relatively modest rates or percentages of recovery~~; and~~,

Any disputes arising under this Order regarding Participating Parties, as defined in paragraph I.A. below, ~~that arise solely under this Order~~ that cannot be resolved by agreement of counsel and that are not within the jurisdiction of the bankruptcy court in which the Chapter 11 Case is pending will be resolved ~~by this Court in the exercise of its jurisdiction over the MDL.~~

by this Court in the exercise of its jurisdiction over this complex litigation, under the equitable principles of the common benefit doctrine. *See, e.g., Sprague v. Ticonic National Bank*, 307 U.S. 161, 166 (1939); *In re Nineteen Appeals Arising out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 607 n.5 (1st Cir. 1992).

The Court orders as follows:

## ~~I.~~ I. COMMON BENEFIT FUND

In its April 11, 2013, MDL Order No. 3 [Dkt No. 85], this Court authorized Lead Counsel to establish a bank account for the collection and deposit of assessments (the "Common Benefit Fund"). The Court now authorizes and directs Lead Counsel to establish this account to receive and disburse funds for the purposes and pursuant to the limitations set forth in MDL Order No. 3 and below.

In authorizing the establishment of this account, this Court expresses no opinion or prediction regarding an amount, if any, ~~that the Court will award~~to be awarded as common benefit fees or costs in these proceedings.

The Common Benefit Fund is subject to the direction of this Court. No party or attorney will have any individual right to any of the deposits made into or funds maintained in this Common Benefit Fund account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney, except as provided by further Order of this Court. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the Fund, if permitted by applicable state laws and if subject to the conditions and contingencies of this and future Orders.

No common benefit fees and/or expenses may be paid out of the Common Benefit Fund

except by formal motion, with reasonable notice and an opportunity to be heard. All rights to seek or oppose an award of common benefit fees and/or expenses with respect to settlements, judgments, or other payments arising out of any NECC-related actions that are not subject to this Order's assessment requirement are preserved.

~~Notwithstanding any provision of any previous order, the OCC Member Representatives shall not require, per MDL Order No. 3, PSC authorization for their work and may, where assigned work or tasks by the OCC, pursue and receive compensation for their Common Benefit Work from the Common Benefit Fund.~~ This Order~~, however,~~ does not address, grant, impair, or prejudice rights in connection with compensation or reimbursement from the NECC bankruptcy estate pursuant to sections 503(b)(3),(4) and 1129(a)(4) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") or otherwise in the Chapter 11 case.

This Court shall have exclusive and continuing jurisdiction over the Common Benefit Fund and will retain jurisdiction over the Common Benefit Fund, any disputes that might arise under this order, and the ultimate termination of the Common Benefit Fund, even after the close of this MDL~~;~~, provided, however, that nothing in this Order is intended to, nor shall it, impair or limit the exercise of the Bankruptcy Court's jurisdiction pursuant to 28 U.S.C. § 1334 and this Court's and the Bankruptcy Court's local rules with respect to any and all matters arising in, arising under, and related to the Chapter 11 Case.

**~~A.~~ A.** **Assessments for the Common Benefit Fund**

All plaintiffs and their counsel of record in any MDL 2419 Cases, as described in paragraph I.A.1. below, or those in non-MDL cases who elect to participate in this agreement per paragraph I.A.2. below, are "Participating Parties" for the purposes of this Order. Paul D. Moore, in his capacity as chapter 11 trustee in the Chapter 11 Case (the "Trustee"), is not a "Participating

3

Party" for the purposes of this Order.

Participating Parties who, on or after April 9, 2013, settle, compromise, dismiss, or reduce the amount of a claim against Defendants, with or without trial, with or without that claim

being filed, or who recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any NECC-related claims against Defendants, including through any settlement to which any Participating Party is a settling party with respect to any bankruptcy proceedings other than the Chapter 11 Case (including the formation of a tort trust and/or the distribution of funds from that trust), are subject to an assessment upon the gross monetary recovery paid to a tort trust and/or a settling Participating Party on the claims if, as, when, and to the extent payable to such tort trust and/or settling Participating Party, as provided below (the "Actually Received Recoveries"). All amounts paid to or recovered by the Trustee, shall not be deemed Actual Received Recoveries, until such time, if any, as such funds are payable to a tort trust and/or a settling Participating Party pursuant to a chapter 11 plan confirmed in the Chapter 11 Case. The Actually Received Recoveries exclude court costs that are to be paid by Defendants to plaintiffs, and includes the present value of any fixed and certain payments to be made in the future.

These obligations attach as follows:

### 1. 1. MDL 2419 Cases and Related Bankruptcy Proceedings

The Actually Received Recoveries received by each Participating Party shall be assessed on a prospective, contingent eight percent (8%) assessment if, as, and when such recovery is received in all cases (regardless of whether filed in or transferred to this the MDL (except those or remanded for lack of jurisdiction) by each Participating Party. At its discretion, this Court may alter the percentage amount of the assessment, as future circumstances may require. The PSC retains the right to request an allocation of such assessment between fees and expenses as circumstances may warrant.

For the avoidance of doubt, such assessment shall be made on each Actually Received Recovery received by a paid to a tort trust and/or a settling Participating Party on account of a

Participating

Party's claim that is settled, compromised, dismissed, or that ~~has~~have had the amount of the claim reduced, with or without trial, with or without that claim being filed, or that has recovered a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, as well as any ~~funds~~Actually Received Recoveries distributed to a tort trust and/or each Participating Party (if any) on account of an allowed claim held by such Participating Party in the Chapter 11 Case.

This assessment will apply to all cases other than the Chapter 11 Case, whether tolled, stayed, filed, or unfiled; provided, however, that (i) this assessment does not and shall not apply to, or be made or imposed upon, any funds that are or remain "property of" NECC's bankruptcy "estate" as those terms are used in, *inter alia*, section 362(a) and section 541 of the Bankruptcy Code, and (ii) this assessment shall apply and become effective only if, as, and when any funds are actually distributed from the bankruptcy estate to a tort trust and/or for the benefit of plaintiffs, in the Chapter 11 Case or otherwise.

It is the intention of this Court that payment and assessment of funds pursuant to this Order shall have no effect whatsoever on the Chapter 11 Case, and, with respect to funds that are property of the Chapter 11 bankruptcy estate, that any assessment pursuant to this Order be made only on funds if, as and when such funds no longer are property of the bankruptcy estate (e.g., once they are paid to a tort trust and/or a Participating Party). This Order shall be interpreted in a manner consistent with such intention, and in such a manner as to avoid any effect on the Chapter 11 Case, the Bankruptcy ~~Court's~~Court's jurisdiction to hear and determine any contested matter or adversary proceeding within the Bankruptcy Court's jurisdiction and the application of the Bankruptcy Code to the Chapter 11 Case and the allowance and payment of any and all administrative fees and expenses payable in or with respect to the Bankruptcy Case, any

confirmed Chapter 11 plan therein, and to the claims in the Chapter 11 Case of the Participating Parties.

Moreover, and without limiting the immediately preceding two sentences, notwithstanding any provision hereof to the contrary, nothing in this Order does or is intended to (i) alter, limit, or impair in any way the exercise by the Bankruptcy Court of all jurisdiction and power it has pursuant to 28 U.S.C. § 1334 and the local rules of this Court, (ii) affect in any way the Chapter 11 Case or any matter therein, including, but not limited to, any settlement into which the Trustee has entered or may in the future enter or the proceeds, if any, thereof, or the use or disposition of all property of the estate in accordance with the Bankruptcy Code, (iii) impose any assessment on, or in any way affect any funds that are property of NECC's bankruptcy estate, or the exercise by the Trustee of all of his rights, powers and responsibilities with respect to funds that are property of the bankruptcy estate (including his rights to use or dispose of such funds, or the right to use and apply such funds for payment of allowed administrative expenses as provided in the Bankruptcy Code), or (iv) require a Chapter 11 plan for NECC to contain, or affect the confirmability of a plan that does not contain, any provisions relating to or effectuating this assessment. The Trustee has and will incur no responsibility or liability whatsoever to any party arising from or related to the assessment, payment, non-assessment, or non-payment, as applicable, of any assessment under this Order.

**2. 2.    Non-MDL Cases and Claims**

For cases and claims other than the Chapter 11 Case not included in paragraph I.A.1. above, plaintiffs and their counsel may elect, within 60 days of the entry of this Order, to enter into a Participation Agreement for eight percent (8%) of the applicable Actually Received Recoveries. The Participation Agreement is attached as Exhibit A.

Later Participating Parties will also be assessed a percentage of the applicable Actually Received Recoveries in a manner consistent with the terms and conditions of this Order pursuant to a further Order of this Court.

For purposes of Defendants' obligations under paragraph I.A.3, below, a plaintiff or claimant and his or her counsel will not be considered a Participating Party unless a copy of the executed Participation Agreement is provided to Defendants' Lead Counsel before or at the time any settlement agreement is executed.

### 3. 3. Assessment Procedures

From the date of this Order forward, Defendants are directed to inform the PSC ten (10) days before paying any amounts to (1) plaintiffs in the MDL, Participating Parties, or their counsel, (2) escrow accounts intended to benefit plaintiffs in the MDL or Participating Parties other than amounts paid or to be paid to the Trustee with respect to any settlements to which the Trustee is a party, or (3) any other account intended to hold funds for the purposes of distributing funds to plaintiffs in the MDL or to Participating Parties (among others), other than accounts containing property of NECC's bankruptcy estate.

Specific provisions for withholding the Common Benefit Fund assessment amount from Actually Received Recoveries in the MDL or case involving a Participating Party other than the Chapter 11 Case, and for paying such withheld funds directly into the Common Benefit Fund as a credit against the settlement or judgment, will be addressed in a future Order.

### 4. 4. Advancement of Funds for Approved Common Benefit Expenses

Designated Counsel who have has advanced funds to the Common Benefit Fund during the pendency of the litigation that have been utilized to pay for common benefit expenses approved by Lead Counsel shall receive a credit against their assessment payments. OCC Member Representatives who have advanced funds for the benefit of the recovery of funds in,

~~in connection with or related to the Chapter 11 Case shall receive a credit against their assessment payments (but nothing in this paragraph shall waive, alter or affect the limitations on any claims to be awarded in the Chapter 11 Case to counsel for any creditor pursuant to section 503(b)(4) of the Bankruptcy Code).~~ The specifics of such

offsets will be addressed in a future order.

**B. B.** **Common Benefit Work Product**

Subject to restrictions on disclosure of information contained in any orders of any court (including, without limitation the *Agreed-Upon Order Establishing Protocol for Settlement Negotiations and Communication* entered in the adversary proceeding styled *Moore v. Cadden, et al.*, Adversary Proceeding No. 13-01040 (Bankr. D. Mass.)) or any confidentiality agreements, All Participating Parties will have access to the document repositories (as permitted by Court Order) and to certain work product developed by, or at the direction of, the PSC and Designated Counsel for Plaintiffs' use. OCC Member Representatives will make certain of their work product created solely for and in their capacity as Designated Counsel in connection with their Common Benefit Work available to all participating parties in coordination with the PSC; however, this provision does not apply to the work product of the OCC and its counsel, Brown Rudnick, LLP.

**C. C.** **Non-Participating Parties**

Counsel for any plaintiff who has a non-MDL case or claim and who chooses not to execute a Participation Agreement (a "Non-Participating Party") may seek access to MDL and/or PSC non-work product materials by written request to Plaintiffs' Lead Counsel. The PSC, however, shall have no obligation to allow such attorney access to any MDL materials.

Nothing in this Order shall limit the PSC's or the OCC's right or ability to seek an equitable contribution from a Non-Participating Party who has requested and received access to MDL work product.

**D. D.** **Coordination with State Courts**

The assessment described in this Order is not intended to be cumulative of any assessment imposed in any coordinated state proceedings. In the event there is a dispute

regarding where a particular case or claim (other than the Chapter 11 Case or the property of

NECC's bankruptcy estate, which shall not be subject to any assessment pursuant to this Order)

should be assessed as between this MDL or another state coordinated proceeding, Plaintiffs'

Lead Counsel for the PSC shall endeavor to resolve the matter with plaintiffs' counsel of record

in the specific case and, if resolution cannot be reached, inform this Court of the dispute. The

Bankruptcy Court shall retain all jurisdiction and power to hear and determine all matters within

its jurisdiction notwithstanding the provisions of this paragraph.

## ~~II.~~ **II.** TIME AND EXPENSE REPORTING

MDL Order No. 3 set forth requirements for Plaintiffs' counsel's Time and Expense Submissions, including general standards, time and expense reporting requirements, and descriptions of shared and held costs. Plaintiffs' counsel is reminded that strict compliance with MDL Order No. 3 is expected. ~~The OCC Member Representatives shall have 90 days from the date of this order to submit time and expense submissions for their Common Benefit Work previously undertaken, and thereafter will submit contemporaneous time and expense submission in coordination with the PSC.~~

Dated: _____ , 2014

~~Dated: _____ , 2014~~

_____

_____

The Honorable Rya W. Zobel

United States District Judge

~~United States District Judge~~

Exhibit "A"

**Participation Agreement**

This Agreement is made this _____ day of _____, 20___, by and between the

Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the

District of Massachusetts in MDL No. 2419 and [FILL IN THE NAME OF THE FIRM

EXECUTING THE AGREEMENT] (hereafter "the Participating Attorneys") on behalf of the

clients listed on the attached Exhibit(s) (hereinafter "the Participating Parties").

WHEREAS, the United States District Court for the District of Massachusetts has

appointed Thomas M. Sobol, Mark P. Chalos, Marc E. Lipton, Kim A. Dougherty, Patrick T.

Fennell, J. Gerard Stranch, IV, and Mark Zamora, to serve as members of the PSC to facilitate

the conduct of pretrial proceedings in the federal actions relating to the use of products

compounded and manufactured by Defendant NECC;

WHEREAS, the PSC in association with other attorneys working for the common benefit

of plaintiffs at the express written direction of the PSC have developed, and continue to develop,

work product that will be valuable in the litigation of federal and state court proceedings

involving injuries caused by NECC products (the "PSC Work Product"); and

WHEREAS, the Participating Attorneys wish to gain access to the PSC Work Product

and establish an amicable, working relationship with the PSC for the mutual benefit of their

clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein,

and intending to be legally bound hereby, the parties agree as follows:

1.      With respect to each Participating Party who they represent in connection with a

LLP

NECC-related claim, whether currently filed in state or federal court or unfiled, each of the

Participating Attorneys will deposit in the MDL No. 2419 Account and Reserve for Common

Benefit Litigation Expenses (the "Common Benefit Fund") a percentage of the gross monetary recovery by each such Participating Party which is equal to eight (8%). For purposes of this Agreement, the gross monetary recovery shall not include court costs to be paid by the defendants, if any, but shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future. It is the intention of the parties that such assessment shall be in full and final satisfaction of any present or future obligation on the part of each Participating Party and/or Participating Attorney to contribute to any fund for the payment or reimbursement of any legal fees, services, or expenses incurred by, or due to, the MDL and/or any Designated Counsel.

2.     The Participating Attorneys, on behalf of themselves, their affiliated counsel, and their clients listed on the attached Exhibit(s), hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any such client in connection with any NECC-related injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement. The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3.     In accordance with the Court's Orders, the amounts deposited in the Common Benefit Fund will be available for distribution to attorneys who have performed professional services or incurred expenses for the benefit of the plaintiffs in MDL 2419 pursuant to written authorization from Plaintiffs' Lead Counsel. Such sums will be distributed only upon an Order of the Court in MDL 2419, which will be issued in accordance with applicable law governing

LLP

the award of fees and costs in cases involving the creation of a common benefit. Appropriate

consideration will be given to the experience, talent, and contribution made by all of those

aut
horized to perform activities for the common benefit, including the Participating Attorneys.

4.      As the litigation progresses and Work Product of the same type and kind

continues to be generated, the PSC will make available such Work Product and will otherwise

cooperate with the Participating Attorneys to coordinate the MDL litigation and any state or

other litigation for the benefit of the plaintiffs.

5.      Upon execution of this Agreement, the PSC will provide to the Participating

Attorneys, to the extent developed, the PSC Work Product, including access to the PSC's

virtual depository.

6.      The Participating Attorneys will have access to the following resources, for use

on behalf of their clients listed in the attached Exhibit(s):

a.      Testing information and other expert discovery materials relevant to the

various issues alleged in the NECC litigation;

b.      Briefing on common legal issues arising in individual cases;

c.      Deposition database of all common discovery depositions related to the

MDL litigation and exemplar case-specific depositions;

d.      Transcript database of trial and court proceedings to the extent

permissible;

e.      Any MDL trial package as it is developed or assistance with trial-related

matters to the extent has not been completed;

f.      Any further work product developed by or in conjunction with the PSC as

it relates to this litigation; and

g.      The PSC document repositories (to the extent their contents may be

permissibly shared under prevailing Court Orders.

7.      The PSC and the Participating Attorneys recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of resolution eventually reached in either state or federal matters, the PSC will recommend to the Court that appropriate consideration will be given to individual case contracts between attorneys and their clients and to work that has been performed by attorneys in their individual cases.

8.      The Participating Attorneys represent that the list appended hereto as Exhibit 1 correctly sets forth the name of each client represented by them who has filed a civil action arising from the use of NECC product(s), including the Court and docket number of each such case. The Participating Attorneys further represent that the list attached hereto as Exhibit 2 contains the name of each client represented by them who has not yet filed a civil action arising from the use of NECC product(s).

9.      The Participating Attorneys shall supplement the lists appended hereto as Exhibits 1 and 2 on a quarterly basis when new retentions or associations have been entered into.

10.     This Agreement shall apply to each and every claim or action (whether state or federal, filed or unfiled) relating to the clients listed on the attached Exhibit(s) and arising from the use of NECC product(s) in which the Participating Attorneys have a right or claim to a fee recovery beginning from April 9, 2013, the date that the Plaintiffs' Steering Committee was appointed in MDL No. 2419.

PLAINTIFFS' LEAD COUNSEL, on behalf of the
PLAINTIFFS' STEERING COMMITTEE

LLP

By: _____

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO

LLP

55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone:(617)482-3700
Fax:(617)482-3003

A N D

B y:  _____
Participating Attorney
[Firm Name]

On behalf of:
On Behalf Of Clients Listed in Attached
Exhibit(s)

| Summary report: | |
|---|---|
| **Litéra® Change-Pro TDC 7.5.0.80 Document comparison done on 7/18/2014 3:09:58 PM** | |
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** NECC - Proposed CBF Order (OCC + Trustee Comments).docx | |
| **Modified filename:** 1274-1.pdf | |
| **Changes:** | |
| Add | 160 |
| Delete | 55 |
| Move From | 5 |
| Move To | 5 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 225 |