# EXHIBIT 6

CIRCUIT COURT
Received & Filed
4:25 pm
MAY 20 2014
By _____
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

SANDRA F. ARTIS,                        )
                                        )
              Plaintiff,                )
v.                                      )
                                        )        Case No. CL13-1105
INSIGHT HEALTH CORP., et al.            )
                                        )
              Defendants.               )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

2

and on that basis allowed the Chapter 11 Trustee's motion. She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts. *See* Exhibit A.

10.    In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention. *Id.* Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.    In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim. In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.    Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants,*
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57223691_1

5

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

ROBERT DANA BENDER, EXECUTOR OF THE )
ESTATE OF RALPH JAMES IRACE, JR., )
DECEASED, )
        )
     *Plaintiff,* )
        )
v.         )
        )      Case No. CL13-577
INSIGHT HEALTH CORP., *et al.* )
        )
     *Defendants.* )

CIRCUIT COURT
Received & Filed
*4:25 pm*
MAY 2 0 2014
By *Annie Y. Lynski*
Deputy Clerk
CITY OF ROANOKE

**NOTICE OF ASSERTION**
**OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419**

  Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

  1.  In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

  2.  In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

  3.  On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.     On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.     The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.     Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.     Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.     On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.     On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants,*
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57224052_1

5

VIRGINIA:

**CIRCUIT COURT**
Received & Filed
4:25 pm
MAY 20 2014
By _Connie P. Tinsley_
Deputy Clerk
CITY OF ROANOKE

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

DANA MARLENE BRADLEY,                    )
                                         )
                    *Plaintiff,*         )
                                         )
v.                                       )
                                         )        Case No. CL12-2576
INSIGHT HEALTH CORP., *et al.*           )
                                         )
                    *Defendants.*        )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

10.   In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.   In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.   Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants,*
Image Guided Pain Management, P.C.,
John M. Mathis, M.D.

57224148_1

5

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

PATRICIA S. BROWN, JOHN D. SPICER, AND )
JENAE S. PATSELL, EXECUTORS OF THE )
ESTATE OF LOUISE B. SPICER, DECEASED, )
                                        )
                    *Plaintiffs,*       )
                                        )
v.                                      )
                                        )         Case No. CL13-607
INSIGHT HEALTH CORP., *et al.*          )
                                        )
                    *Defendants.*       )

CIRCUIT COURT
Received & Filed
4:25 pm
MAY 2 0 2014
By *Connie P. Lumley*
Deputy Clerk
CITY OF ROANOKE

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A. In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis. The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion. She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts. *See* Exhibit A.

10.    In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention. *Id.* Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.    In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim. In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.    Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants*,
Image Guided Pain Management, P.C.,
John M. Mathis, M.D.,
Robert F. O'Brien, M.D.

57224282_1

5

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

RONNIE A. BROWN,                          )
                                          )
                    *Plaintiff,*          )
                                          )
v.                                        )
                                          )        Case No. CL13-358
INSIGHT HEALTH CORP., *et al.*            )
                                          )
                    *Defendants.*         )

CIRCUIT COURT
Received & Filed
4:25pm
MAY 2 0 2014
By _____
Deputy Clerk
CITY OF ROANOKE

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

2

and on that basis allowed the Chapter 11 Trustee's motion. She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts. *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention. *Id.* Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim. In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants,*
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57224368_1

CIRCUIT COURT
Received & Filed
4:25 pm
MAY 2 0 2014
By _Connie P. Lipinski_
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

RONALD T. COURTNEY,                    )
                                       )
                    *Plaintiff,*       )
                                       )
v.                                     )
                                       )         Case No. CL13-0417
INSIGHT HEALTH CORP., *et al.*         )
                                       )
                    *Defendants.*      )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.    On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.    The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.    Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.    Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.    On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.    On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants,*
Image Guided Pain Management, P.C.,
John M. Mathis, M.D.

57224500_1

5

CIRCUIT COURT
Received & Filed
4:25 ᵖᵐ
MAY 20 2014
By_____
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

                IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

TRUDY R. EPPERLY,                          )
                                           )
                    *Plaintiff,*           )
v.                                         )
                                           )         Case No. CL12-2571
INSIGHT HEALTH CORP., *et al.*             )
                                           )
                    *Defendants.*          )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

        Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

        1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

        2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

        3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

2

and on that basis allowed the Chapter 11 Trustee's motion. She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts. *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention. *Id.* Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim. In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants,*
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57224563_1

5

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

CIRCUIT COURT
Received & Filed
4:25 PM
MAY 2 0 2014
By _Connie P. Lemley_
Deputy Clerk
CITY OF ROANOKE

| | |
|---|---|
| BARBARA J. FILSON | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) Case No. CL12-2575 |
| INSIGHT HEALTH CORP., *et al.* | ) |
| | ) |
| *Defendants.* | ) |

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached hereto as Exhibit A. In conformance with the Order, Insight states as follows:

1.     In the late summer and early fall of 2012, the Centers for Disease Control identified an outbreak of fungal meningitis. The outbreak was allegedly traced back to lots of methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC").

2.     In the wake of the outbreak, dozens of lawsuits were filed against NECC, its owners, several companies affiliated with NECC or its owners, and other companies and health care providers.

3.     On December 21, 2012, NECC filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

2

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all

other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding

for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability

Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the

District of Massachusetts concluded that mandatory abstention did not apply, and the Court

refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for

abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn,

has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In

addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding,

which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the

District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants*,
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57218734_1

5

CIRCUIT COURT
Received & Filed
4:25 pm
MAY 20 2014
By _____
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

ZACHARY LUCAS FOUTZ, A MINOR, BY HIS
PARENTS AND NEXT FRIENDS, BENJAMIN T.
FOUTZ AND ANDREA L. FOUTZ,

           *Plaintiffs,*

v.

INSIGHT HEALTH CORP., *et al.*

           *Defendants.*

)
)
)
)
)
)
)
)
)
)
)

Case No. CL13-09

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A. In conformance with the Order, Insight states as follows:

      1.     In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis. The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

      2.     In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

      3.     On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all

other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding

for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability

Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

      10.    In addition to exercising its related-to jurisdiction, the District Court for the

District of Massachusetts concluded that mandatory abstention did not apply, and the Court

refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for

abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

      11.    In this case, Plaintiff has asserted claims against Insight for which Insight, in turn,

has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In

addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding,

which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

      12.    Accordingly, this is a case which has been transferred to the District Court for the

District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

    J. Scott Sexton, Esq.
    Gentry Locke Rakes & Moore, LLP
    10 Franklin Road, S.E., Suite 800
    P.O. Box 40013
    Roanoke, Virginia 24022-0013
    Tel: (540) 983-9300
    Fax: (540) 983-9400
    sexton@gentrylocke.com

    *Counsel for Plaintiff*

    John T. Jessee, Esq.
    LeClair Ryan
    1800 Wells Fargo Tower, Drawer 1200
    Roanoke, Virginia 24006
    Tel: (540) 510-3018
    Fax: (540) 510-3050
    john.jessee@leclairryan.com

    *Counsel for Defendants,*
    Image Guided Pain Management, P.C.,
    John M. Mathis, M.D.

57224971_1

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

CIRCUIT COURT
Received & Filed
4:25 pm
MAY 20 2014
By _____
Deputy Clerk
CITY OF ROANOKE

ROBERT EARL HARRIS, JR.,                    )
                                            )
                        *Plaintiff,*        )
v.                                          )
                                            )        Case No. CL13-55
INSIGHT HEALTH CORP., *et al.*              )
                                            )
                        *Defendants.*       )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.     In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.     In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.     On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

2

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants*,
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

**CIRCUIT COURT**
Received & Filed
4:25 pm
MAY 20 2014
By _____
Deputy Clerk
CITY OF ROANOKE

JULIAN D. HOLBROOK,                )
                                   )
                    *Plaintiff,*   )
v.                                 )
                                   )          Case No. CL13-370
INSIGHT HEALTH CORP., *et al.*     )
                                   )
                    *Defendants.*  )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion. She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts. *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention. *Id.* Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim. In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants*,
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57225148_1

5

CIRCUIT COURT
Received & Filed
4:25 pm
MAY 20 2014
By _Rebecca S Taylor_
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

CHESTER T. KALINOSKI,                        )
                                             )
            *Plaintiff,*                      )
                                             )
-v.                                          )
                                             )      Case No. CL12-2574
INSIGHT HEALTH CORP., *et al.*                )
                                             )
            *Defendants.*                     )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A. In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis. The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.     On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.     The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.     Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.     Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.     On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.     On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

2

and on that basis allowed the Chapter 11 Trustee's motion. She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts. *See* Exhibit A.

10.    In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention. *Id.* Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.    In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim. In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.    Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants*,
Image Guided Pain Management, P.C.,
John M. Mathis, M.D.

57225214_1

5

CIRCUIT COURT
Received & Filed
4:25 pm

MAY 20 2014

By _____
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

PAULINE R. MCFARLANE,                    )
                                         )
            *Plaintiff,*                  )
                                         )
v.                                       )
                                         )        Case No. CL12-2573
INSIGHT HEALTH CORP., *et al.*            )
                                         )
            *Defendants.*                 )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.     On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.     The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.     Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.     Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.     On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.     On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion. She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts. *See* Exhibit A.

10.    In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention. *Id.* Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.    In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim. In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.    Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

> J. Scott Sexton, Esq.
> Gentry Locke Rakes & Moore, LLP
> 10 Franklin Road, S.E., Suite 800
> P.O. Box 40013
> Roanoke, Virginia 24022-0013
> Tel: (540) 983-9300
> Fax: (540) 983-9400
> sexton@gentrylocke.com
>
> *Counsel for Plaintiff*
>
> John T. Jessee, Esq.
> LeClair Ryan
> 1800 Wells Fargo Tower, Drawer 1200
> Roanoke, Virginia 24006
> Tel: (540) 510-3018
> Fax: (540) 510-3050
> john.jessee@leclairryan.com
>
> *Counsel for Defendants*,
> Image Guided Pain Management, P.C.,
> Robert F. O'Brien, M.D.

57225298_1

5

CIRCUIT COURT
Received & Filed
4:56 pm
MAY 2 0 2014
By _____
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

ODESSA M. SHUCK,                    )
                                    )
            *Plaintiff,*            )
                                    )
v.                                  )
                                    )        Case No. CL13-584
INSIGHT HEALTH CORP., *et al.*      )
                                    )
            *Defendants.*           )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation,* Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all

other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding

for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability

Litigation* in the United States District Court for the District of Massachusetts. *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the

District of Massachusetts concluded that mandatory abstention did not apply, and the Court

refrained from applying permissive abstention. *Id.*  Judge Zobel denied a renewed motion for

abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn,

has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In

addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding,

which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the

District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants*,
Image Guided Pain Management, P.C.,
John M. Mathis, M.D.,
Robert F. O'Brien, M.D.

57225457_1

5

**CIRCUIT COURT**
Received & Filed
*4:25pm*
MAY 2 0 2014
By _____
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

JAMES WIRT SMITH, JR.,                )
                                        )
                    *Plaintiff,*        )
                                        )
v.                                      )
                                        )        Case No. CL12-2572
INSIGHT HEALTH CORP., *et al.*          )
                                        )
                    *Defendants.*       )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.     On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.     The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.     Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.     Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.     On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.     On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

2

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants,*
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57225551_1

5

CIRCUIT COURT
Received & Filed
4:35pm
MAY 20 2014
By _____ Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

RANDOLPH E. SMITH,                    )
                                      )
            *Plaintiff,*              )
                                      )
v.                                    )
                                      )           Case No. CL13-57
INSIGHT HEALTH CORP., *et al.*        )
                                      )
            *Defendants.*             )

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.       In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.       In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.       On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all

other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding

for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability*

*Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

  10. In addition to exercising its related-to jurisdiction, the District Court for the

District of Massachusetts concluded that mandatory abstention did not apply, and the Court

refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for

abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

  11. In this case, Plaintiff has asserted claims against Insight for which Insight, in turn,

has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In

addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding,

which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

  12. Accordingly, this is a case which has been transferred to the District Court for the

District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants,*
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57225736_1

5

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

ROSE M. WHITE,                          )
                                        )
                    *Plaintiff,*        )
                                        )
v.                                      )
                                        )        Case No. CL13-606
INSIGHT HEALTH CORP., *et al.*          )
                                        )
                    *Defendants.*       )

**CIRCUIT COURT**
**Received & Filed**
4:25 pm
MAY 2 0 2014
By Glenda Thomas
Deputy Clerk
CITY OF ROANOKE

## NOTICE OF ASSERTION
## OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A. In conformance with the Order, Insight states as follows:

1.      In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis. The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.      On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.      On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.      The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.      Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.      On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.      On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

10.     In addition to exercising its related-to jurisdiction, the District Court for the District of Massachusetts concluded that mandatory abstention did not apply, and the Court refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

11.     In this case, Plaintiff has asserted claims against Insight for which Insight, in turn, has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding, which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

12.     Accordingly, this is a case which has been transferred to the District Court for the District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

_____

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants*,
Image Guided Pain Management, P.C.,
Robert F. O'Brien, M.D.

57225867_1

CIRCUIT COURT
Received & Filed

MAY 2 0 2014

By _____
Deputy Clerk
CITY OF ROANOKE

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

RICHARD A. WHITLOW,                    )
                                       )
            *Plaintiff,*                )
                                       )
v.                                     )
                                       )        Case No. CL13-54
INSIGHT HEALTH CORP., *et al.*          )
                                       )
            *Defendants.*               )

**NOTICE OF ASSERTION**
**OF BANKRUPTCY JURISDICTION AND TRANSFER TO MDL 2419**

Defendant Insight Health Corp. ("Insight") hereby informs the Court of the transfer of the

above-entitled action from this Court pursuant to the May 15, 2014 Memorandum of Decision in

*In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*, Civil Action

No. 1:13-md-02419-RWZ (D. Mass. May 15, 2014) (the "Order"), a copy of which is attached

hereto as Exhibit A.  In conformance with the Order, Insight states as follows:

1.       In the late summer and early fall of 2012, the Centers for Disease Control

identified an outbreak of fungal meningitis.  The outbreak was allegedly traced back to lots of

methylprednisolone acetate compounded by New England Compounding Pharmacy, Inc. d/b/a

New England Compounding Center ("NECC").

2.       In the wake of the outbreak, dozens of lawsuits were filed against NECC, its

owners, several companies affiliated with NECC or its owners, and other companies and health

care providers.

3.       On December 21, 2012, NECC filed a voluntary petition seeking relief under

Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

4.       On February 12, 2013, the Judicial Panel on Multidistrict Litigation created MDL 2419, *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation* in the United States District Court for the District of Massachusetts.

5.       The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407.

6.       Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order of the District Court for the District of Massachusetts to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.

7.       Initially, the District Court for the District of Massachusetts declined to exercise jurisdiction over cases filed in state court unless a plaintiff asserted a claim, or any defendant asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual, *see In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 269 (D. Mass. 2013).

8.       On December 27, 2013, the Chapter 11 Trustee renewed his request for a transfer of additional personal injury tort and wrongful death cases pending in state court in which Insight was a defendant and had asserted claims for indemnity and contribution against NECC.

9.       On May 15, 2014, Judge Zobel of the District Court for the District of Massachusetts found that related-to jurisdiction exists under the United States Bankruptcy Code,

2

and on that basis allowed the Chapter 11 Trustee's motion.  She transferred this case and all

other state court cases in which Insight is a defendant to MDL 2419, the multi-district proceeding

for the NECC litigation, *In re: New England Compounding Pharmacy, Inc., Products Liability

Litigation* in the United States District Court for the District of Massachusetts.  *See* Exhibit A.

     10.    In addition to exercising its related-to jurisdiction, the District Court for the

District of Massachusetts concluded that mandatory abstention did not apply, and the Court

refrained from applying permissive abstention.  *Id.*  Judge Zobel denied a renewed motion for

abstention filed by the law firm of Gentry, Locke, Rakes & Moore, LLP.

     11.    In this case, Plaintiff has asserted claims against Insight for which Insight, in turn,

has asserted a claim for contribution and indemnity against NECC through its Proof of Claim.  In

addition, Plaintiff also has filed a Proof of Claim against NECC in the Bankruptcy Proceeding,

which was a further basis upon which Judge Zobel found the existence of related-to jurisdiction.

     12.    Accordingly, this is a case which has been transferred to the District Court for the

District of Massachusetts.

INSIGHT HEALTH CORP.

BY COUNSEL

Stephen D. Busch, Esq. (VSB No. 19580)
Robert F. Redmond, Esq. (VSB No. 32292)
Diane Flannery, Esq. (VSB No. 85286)
Christopher E. Trible, Esq. (VSB No. 48847)
Clement D. Carter, Esq. (VSB No. 46038)
S. Virginia Bondurant, Esq. (VSB No. 76516)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
sbusch@mcguirewoods.com
dflannery@mcguirewoods.com
rredmond@mcguirewoods.com
ctrible@mcguirewoods.com
ccarter@mcguirewoods.com
vbondurant@mcguirewoods.com

James F. Neale, Esq. (VSB No. 43060)
Heather L. Carlton, Esq. (VSB No. 84752)
McGUIREWOODS LLP
Court Square Building
310 Fourth Street, N.E.
Suite 300
Charlottesville, VA 22902-1288
Tel: (434) 977-2500
Fax: (434) 980-2222
jneale@mcguirewoods.com
hcarlton@mcguirewoods.com

*Attorneys for Defendant* Insight Health Corp.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the following via First

Class U.S. Mail and via electronic mail on this 19th day of May, 2014:

J. Scott Sexton, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tel: (540) 983-9300
Fax: (540) 983-9400
sexton@gentrylocke.com

*Counsel for Plaintiff*

John T. Jessee, Esq.
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Tel: (540) 510-3018
Fax: (540) 510-3050
john.jessee@leclairryan.com

*Counsel for Defendants*,
Image Guided Pain Management, P.C.,
John M. Mathis, M.D.

57225943_1

5