# EXHIBIT 12

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

**DECLARATION OF CHRISTOPHER E. TRIBLE**

I, Christopher E. Trible, declare as follows:

1. I am over the age of eighteen years and am competent to make this Declaration.

2. I have personal knowledge of the facts set forth herein.

3. I am counsel of record for Insight Health Corp. ("Insight"), a defendant in twenty (20) cases docketed in the Circuit Court of the City of Roanoke, Virginia.[1]

4. Eighteen (18) of the twenty (20) cases docketed in the Circuit Court of the City of Roanoke were filed by the law firm of Gentry Locke Rakes & Moore LLP.

5. The names of the eighteen (18) plaintiffs represented by the law firm of Gentry Locke Rakes & Moore LLP ("GLRM cases") and the case numbers assigned to their lawsuits filed in the Circuit Court of the City of Roanoke are listed below:

> Dana Marlene Bradley v. Insight Health Corp., et al. (CL12-2576)
> Trudy R. Epperly v. Insight Health Corp., et al. (CL12-2571)
> Barbara J. Filson v. Insight Health Corp., et al. (CL12-2575)
> Zachary Lucas Foutz v. Insight Health Corp., et al. (CL13-0009)
> Robert Earl Harris v. Insight Health Corp., et al. (CL13-55)
> Chester T. Kalinoski v. Insight Health Corp., et al. (CL12-2574)
> Pauline R. McFarlane v. Insight Health Corp., et al. (CL 12-2573)
> James Wirt Smith, Jr. v. Insight Health Corp., et al. (CL12-2572)
> Randolph E. Smith v. Insight Health Corp., et al. (CL13-57)
> Richard A. Whitlow v. Insight Health Corp., et al. (CL13-54)
> Ronald R. Courtney v. Insight Health Corp., et al. (CL13-417)
> Ronnie A. Brown v. Insight Health Corp., et al. (CL13-538)
> Sandra F. Artis v. Insight Health Corp., et al. (CL13-1105)

---

[1] As Exhibit A to the Trustee's Proposed Supplemental Order (MDL Docket Number 1137) indicates, 30 cases had been filed against Insight in the Circuit Court for the City of Roanoke as of the time of this Court's May 15, 2014 decision. One, *Wingate*, has settled and been dismissed. Ameridose LLC, a third party defendant, removed nine (9) other cases to the United States District Court for the Western District of Virginia. Accordingly, the files of the twenty (20) other cases remain in the state court in Roanoke.

> Julian D. Holbrook v. Insight Health Corp., et al. (CL13-370)
> Estate of Ralph Irace v. Insight Health Corp., et al (CL13-577)
> Odessa M. Shuck v. Insight Health Corp., et al. (CL13-584)
> Estate of Louise Spicer v. Insight Health Corp., et al. (CL13-607)
> Rose M. White v. Insight Health Corp., et al. (CL13-606)

6. On Thursday, May 15, 2014, this Court issued a Memorandum of Decision ("Decision"), MDL Docket Number 1131, allowing the Chapter 11 Trustee's renewed and supplemental motion to transfer additional personal injury tort and wrongful death cases to MDL 2419. In the Decision, this Court exercised its related-to jurisdiction over the cases then pending in the Circuit Court for the City of Roanoke, Virginia, including the GLRM cases.

7. J. Scott Sexton, lead counsel for the plaintiffs in the GLRM cases, is listed as receiving Notifications of Electronic Filings of entries in MDL 2419.

8. On Friday, May 16, 2014, my colleague, Stephen D. Busch, received an email from Ms. Lauren W. Daly, a legal assistant employed by the law firm of Gentry Locke Rakes & Moore LLP, that was sent to Ms. Diana Osborne, who is employed as an administrative assistant to the Honorable Charles N. Dorsey, Judge of the Circuit Court of the City of Roanoke, who has been presiding over the GLRM cases identified above. Ms. Daly indicated that "we would like to request a hearing in front of Judge Dorsey to present orders in the following matters: [the GLRM cases]." *See* Email dated 5/16/14 from L. Daly to S. Busch, a true and accurate copy of which is attached hereto as Exhibit 1.

9. In response to this communication, Mr. Busch asked Ms. Daly via electronic mail to identify the proposed orders that her firm desires to present to Judge Dorsey on behalf of the plaintiffs in the GLRM cases. Ms. Daly responded that "We plan on presenting Orders on all of the Demurrers and Motions to Amend Request for Admission Responses in the remaining cases based on the Court's ruling in Wingate (per Scott Sexton)." *See* Exhibit 1.

10. The "ruling in Wingate" to which Ms. Daly apparently referred was a letter opinion dated October 31, 2013 issued in the *Wingate* case, and which was embodied in an order entered November 13, 2013 in the *Wingate* case only. *See* Exhibits 2 and 3, respectively. The *Wingate* case has settled and been dismissed with prejudice. While Insight has filed demurrers in the other GLRM cases, none of those demurrers have been noticed or argued.

11. Thus, any request to extend the *Wingate* ruling and order to eighteen other cases that were never noticed for hearing and not specifically mentioned in the letter opinion or order would be a substantive issue and not a "ministerial" or "housekeeping" matter.

12. On May 19, 2014, my colleague, Samuel T. Towell, emailed to Mr. Sexton Notices of Assertion of Bankruptcy Jurisdiction and Transfer to MDL 2419. A true and accurate copy of that email is attached hereto as Exhibit 4. Attached to that email were Notices

of Assertion of Bankruptcy Jurisdiction and Transfer to MDL 2419 for each of the GLRM cases, as well as a copy of the Decision.[2] An exemplar, from the *Shuck* case, is attached hereto as Exhibit 5. These Notices of Assertion of Bankruptcy Jurisdiction and Transfer to MDL 2419, along with a copy of the Decision, were filed by the Circuit Court for the City of Roanoke, Virginia, on May 20, 2014.

13. On May 21, 2014, my colleague James F. Neale received a copy of a filing made by Benjamin D. Byrd of the law firm of Gentry Locke Rakes & Moore LLP, dated May 19, 2014, presenting proposed orders for entry by the Circuit Court for the City of Roanoke, Virginia in the GLRM cases. Mr. Byrd's cover letter and an exemplar proposed order from the *White* case are attached hereto as Exhibit 6.

14. On May 22, 2014, pursuant to the Decision requesting that counsel "inform the court regarding any steps necessary to effectuate the transfer" of the GLRM cases, the Chapter 11 Trustee filed a Proposed Supplemental Order Granting Chapter 11 Trustee's Motion to Transfer Personal Injury Tort and Wrongful Death Cases in this Court ("Proposed Order"). (MDL Docket Number 1137.)

15. On May 22, 2014, plaintiffs in the GLRM cases filed a Notice of Intent to Respond. (MDL Docket Number 1140.) In that Notice, they requested that this Court refrain from entering the Proposed Order "until they have had a chance to provide the *transfer information* as directed by" the Decision, as they "intend[ed] to provide the *requested information* to the Court." *Id.* (emphasis added).)

16. On May 22, 2014, plaintiffs in the GLRM cases filed a Motion and Memorandum in this Court (MDL Docket Numbers 1141 and 1142, respectively) addressing multiple issues. In response to the Court's request for information regarding transfer, Plaintiffs reiterated their argument that transfer was inappropriate, and asked the Court to reconsider its position. In the alternative, Plaintiffs requested a stay until the resolution of their appeal pending in the First Circuit. They also objected to individual aspects of the Chapter 11 Trustee's Proposed Order.

17. As part of their Motion and Memorandum, plaintiffs in the GLRM cases seek an exception to the Proposed Order that would allow them to engage in "any pre-transfer ministerial acts." The "ministerial acts" set forth include entry by the Circuit Court for the City of Roanoke, Virginia, of plaintiffs' proposed orders.

18. In none of the GLRM cases have Insight's demurrers (motions to dismiss) been noticed for a hearing, a requirement under Rule 4:15 of the Supreme Court of Virginia. Nor have the demurrers been argued in any of the GLRM cases.

19. Judge Dorsey's opinion and order in the *Wingate* case (Exs. 2 and 3) do not purport to have any impact on the remaining eighteen (18) GLRM cases.

20. In their Memorandum in support of their Motion, plaintiffs in the GLRM cases state

---

[2] In an effort to reduce the volume of the attachments, the Decision has been removed from the exhibits to this Declaration.

that "pre-trial proceedings were routinely heard together." MDL Docket Number 1142, at 7. Such consolidation of pretrial proceedings involving six or more plaintiffs, as these cases do, is permitted only through the Virginia Multiple Claimant Litigation Act, Va. Code § 8.01-267.1 *et seq.* However, at no time have these cases been so consolidated.

21. Despite these substantive and procedural shortcomings, the plaintiffs in the GLRM cases seek entry of orders in state court that, if valid, would overrule, without hearing, Insight's legal defenses in all eighteen (18) cases.

22. On May 23, 2014, the GLRM plaintiffs noticed their hearings on the entry of their orders in state court. *See* Plaintiffs' cover letter to Judge Dorsey enclosing exemplar cover letter for Notice of Presentment of Order and Status Report, attached hereto as Exhibit 7.

23. For each of the eighteen (18) cases, the plaintiffs in the GLRM cases sent for filing a Notice of Presentment of Order, setting the hearing date at June 27, 2014. *See* Notice of Presentment of Order in the *Harris* case, provided as an exemplar, attached hereto as Exhibit 8.

24. Each of the plaintiffs in the GLRM cases also sent for filing a "Status Report." *See* Plaintiff's Status Report in the *Harris* case, provided as an exemplar, attached hereto as Exhibit 9. In this "Status Report," each plaintiff sets forth his argument supporting the entry of the proposed order without a notice of hearing or opinion by Judge Dorsey. Further, each plaintiff characterizes this Court's Decision as an opinion indicating that this Court "would grant the Trustee's motion," rather than exercising jurisdiction over the GLRM cases. Ex. 9, at 2. Each plaintiff also states that he or she "disagrees entirely with the activities and rulings that have occurred in Boston" relating to the GLRM cases. *Id.* at 3. Each plaintiff also states in his or her "Status Report" that he or she "believes that [the state] court still has jurisdiction." *Id.* at 4.

25. Insight will be harmed if it is forced to prosecute the same matter concurrently in different forums.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia and the Commonwealth of Massachusetts that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed in Richmond, Virginia on this 27th day of May, 2014.

Christopher E. Trible

57359094_3

5