# EXHIBIT A

| *Discovery Issue/Deadline* | *PSC's Position* | *Position of Saint Thomas West, formerly known as St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health, and Ascension Health Alliance* | *Position of Saint Thomas Outpatient Neurosurgical Center, LLC; the Howell Allen Clinic, P.C.; John W. Culclasure, M.D.; Debra V. Schamberg, R.N.* |
|---|---|---|---|
| **Definitions** | For purposes of this Order:<br>(a) the term "NECC" shall mean New England Compounding Pharmacy, Inc.;<br>(b) the term "Affiliated Defendants" shall mean Barry Cadden; Lisa Cadden; Doug Conigliaro; Carla Conigliaro; Gregory Conigliaro; Glenn Chin; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, Inc.; Medical Sales Management; and Medical Sales Management SW;<br>(c) the term "Unaffiliated Defendants" shall mean all Defendants other than NECC or the Affiliated Defendants;<br>(d) the term "National Defendants" shall mean all Unaffiliated Defendants who had service agreements or arrangements with NECC or the | Same as PSC's Position. | Same as PSC's Position. |

1186542.3

|  | Affiliated Defendants, but who did not purchase compounded product from NECC;<br>(e) "Common Issues" are issues that potentially impact all or a substantial number of cases against a particular defendant. Common Issues include, without limitation, matters relating to company policies and procedures, organizational structures, ownership, vicarious liability, compounding standards, pharmacy orders, NECC, the Affiliated Defendants, National Defendants (e.g., UniFirst Corporation, Liberty Industries, Inc., ARL BioPharma), general causation, scope and amount of insurance coverage, and similar issues that potentially impact all or a substantial number of cases against a particular defendant;<br>(f) "Common Fact Discovery" means the discovery and development of Common Issues;<br>(g) "Common Written Discovery" is discovery that will apply to Common Issues;<br>(g) "Case-Specific Issues" are |  |  |

1186542.3

| | | | |
|---|---|---|---|
| | those issues affecting a single case or small number of cases. Examples of Case-Specific Issues include the amount of physical harm an individual plaintiff claims to have suffered as a result of a defendant's alleged wrongdoing and statements allegedly made by a defendant to a particular plaintiff. | | |
| **Scope of Discovery Order** | Order applies only to cases naming one or more of the following entities as defendants: Saint Thomas Outpatient Neurosurgical Center, LLC; the Howell Allen Clinic, P.C.; John W. Culclasure, M.D.; Debra V. Schamberg, R.N.; Saint Thomas West Hospital, f/k/a St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health, and Ascension Health Alliance.<br><br>Order does not provide for discovery from NECC, the Affiliated Defendants, or participants in the Mediation Program. | Same as PSC's Position. | Same as PSC's Position. |

1186542.3

| | | | |
|---|---|---|---|
| **Common Initial Disclosures** per F.R.C.P. 26(a)(1) | All parties to provide by August 6, 2014 (20 days after the July 17, 2014, hearing). | Agree with PSC's Position. | Agree with PSC's Position. |
| **Common Written Discovery** | Within x+30[1] days, parties may serve Master Common Written Discovery subject to the following limits, which include requests that are currently outstanding:<br>a. 200 Requests for admission<br>b. 40 Interrogatories<br>c. 100 Requests for production<br>If a party wishes to extend these limitations, that party must seek an agreement of the party(ies) answering the discovery or leave of Court.<br><br>Defendants to respond by x+30 to Master Discovery previously served on them by PSC on October, 4, 2013.<br><br>PSC to respond to Master Common Written Discovery by x+60 days. | Within x+30 days, parties may serve Master Common Written Discovery subject to the following limits, which include requests that are currently outstanding:<br>a. 200 Requests for admission<br>b. 40 Interrogatories<br>c. 100 Requests for production<br>If a party wishes to extend these limitations, that party must seek an agreement of the party(ies) answering the discovery or leave of Court.<br><br>PSC to respond to Master Common Written Discovery by x+60 days. | Agree with Saint Thomas's Position. |

---

[1] For the purposes of this chart, x = the date of the entry of the Discovery and Bellwether Trial Scheduling Order for all cases naming Saint Thomas Outpatient Neurosurgical Center, LLC.

1186542.3

|  | | | |
|---|---|---|---|
|  | Any motions to compel as to Master Common Written Discovery to be filed by **x+90 days** .<br><br>Deadline for completion of Common Written Discovery is **x+120 days**. | Any motions to compel as to Master Common Written Discovery to be filed by **x+120 days**.<br><br>Deadline for completion of Common Written Discovery is **x+180 days**. |  |
| **Tennessee Plaintiffs' Fact Sheets and Authorizations** | Due by the later of x+60 days or 30 days after filing suit.<br><br>Defendants to provide notice to PSC of incomplete or defective Fact Sheets within **30 days** of receipt of the particular Fact Sheet.<br><br>Plaintiffs to correct Fact Sheet within 30 days of receipt of written notice of deficiency. | Due by the later of x+60 days or 30 days after filing suit.<br><br>Defendants to provide notice to PSC of incomplete or defective Fact Sheets within **60 days** of receipt of the particular Fact Sheet.<br><br>Plaintiffs to correct Fact Sheet within 30 days of receipt of written notice of deficiency, or be subject to dismissal of claims. | Agree with Saint Thomas's Position. |
| **Privilege Logs** | Agree with Saint Thomas's Position. | No later than 30 days after substantial completion of the production of their responsive documents, parties shall provide privilege logs for all responsive documents that have been withheld because of a claim of privilege. | Same as Saint Thomas's Position. |

1186542.3

|  |  | Privilege logs may be produced in PDF or Excel Format. Parties are not required to log any privileged documents that were created after September 18, 2012, that are solely between any two of the following: (1) any lawyer or employee of a firm that is counsel of record in this MDL action or any state-court lawsuit; (2) in-house counsel; or (3) the parties. Absent an assertion that the information itself is privileged, for each document withheld the party shall provide: (1) a unique identifier; (2) the date of the document; (3) the author/sender; (4) the recipients (including current titles, company affiliation and if they are a lawyer); (5) the file name of the document; (6) a brief description of the document; (7) the privileges being asserted; and (8) a brief description as to why the privilege applies. |  |
|---|---|---|---|

1186542.3

| | | | |
|---|---|---|---|
| **Common Fact Witness Discovery** | Depositions of witnesses regarding Common Issues to begin following the completion of Common Written discovery, i.e. **x+120**.<br><br>These depositions will be governed by a Deposition Protocol to be decided by the Court.<br><br>Common Fact Witness depositions to be completed by **x+240**. | Depositions of witnesses regarding Common Issues to begin following the completion of Common Written discovery, i.e. **x+180**.<br><br>These depositions will be governed by a Deposition Protocol to be decided by the Court.<br><br>Common Fact Witness depositions to be completed by **x+270**. | Agree with Saint Thomas's Position. |
| **Discovery of Common Experts** (i.e. experts who will testify on Common Issues related to Initial Bellwether Pool cases) | Plaintiffs to disclose Common Experts by **March 15, 2015**.<br><br><br><br>Defendants to disclose Common Experts by **April 15, 2015**. | PSC to serve Common Expert reports within 90 days of the deadline for completion of Common Fact Discovery (i.e. **x+300**).<br><br>Deposition of PSC's Common Experts to be completed within 30 days of service of each expert's report.<br><br>Defendants to serve Common Expert reports within 75 days of receipt of the Plaintiffs' Common Expert reports (i.e. **x+360**).<br><br>Deposition of Defendants' | |

1186542.3

| | | | |
|---|---|---|---|
| | Plaintiffs to disclose rebuttal Common Experts (if any) by **May 15, 2015**.  Depositions of Common Experts will begin after rebuttal reports, if any, are served.  All Common Issue Expert discovery for Initial Bellwether Pool cases to be completed by **June 20, 2015**. | Common Experts to be completed within 30 days of service of each expert's report.  Plaintiffs to serve reports of rebuttal Common Experts (if any) within 30 days of receipt of Defendants' Common Expert reports (i.e. **x+390**).  Deposition of PSC's rebuttal Common Experts to be completed within 30 days of service of each expert's report.  All Common Issue Expert discovery for Initial Bellwether Pool cases to be completed by **x+400**. | |
| **Completion of Common Fact Discovery** | By x+240 days. | [not specified in Proposal] | [not specified in Proposal] |
| **Joinder and Amendment** relating to Common Issues | Agree with Saint Thomas's Position. | Except for good cause shown, any amendments to complaints must occur within 60 days of the completion of Common Fact Discovery.  Joinder of new parties must occur | Agree with Saint Thomas's Position. |

1186542.3

|  |  | within 60 days of the completion of Common Fact Discovery. |  |
|---|---|---|---|
| **Selection of Initial Bellwether Pool Cases** | No later than **75 days after service** of the PPFs for cases filed prior to the entry of the scheduling order , the PSC will select ten (10) cases and Defendants will select ten (10) cases (for a total of 20 cases) as candidates for the Initial Bellwether Pool. | No later than **x+180** days, the PSC and Defendants each select between 10 and 15 cases (for a total of 20-30 cases) for the Initial Bellwether Pool. | Agree with Saint Thomas's Position. |
| **Case-Specific Discovery of Initial Bellwether Pool Cases** | The parties may conduct limited Case-Specific fact discovery as to the 20 Initial Bellwether Pool cases.<br><br>"Limited Case-Specific fact discovery" means the depositions of the Plaintiff (and spouse, if making a loss of consortium claim) and the treating physician only. | The parties may conduct limited discovery on Case-Specific Issues relating to the Initial Bellwether Pool cases, including case-specific depositions.<br><br>Depositions of Plaintiffs (including consortium plaintiffs) on Case-Specific Issues to begin on **x+180** days. *This deadline is premised upon Defendants' timely receipt of completed Fact Sheets and Authorizations in accordance with this Court's Order of February 14,* | Agree with Saint Thomas's Position. |

1186542.3

| | | | |
|---|---|---|---|
| | All Case-Specific fact discovery for Initial Bellwether Pool cases shall be completed by **February 15, 2015**. | *2014, from all Tennessee Plaintiffs.*<br><br>All Case-Specific fact discovery for Initial Bellwether Pool cases shall be completed by **x+380** days. | |
| **Selection of Bellwether Trial cases from Initial Bellwether Pool** | | By **x+270** days, the PSC and Defendants shall submit a proposed scheduling order that addresses bellwether selection process and timing, including (i) the proposal for addressing *Lexecon* waivers; (ii) the categorical makeup of the trial pool (identify the major litigation variables, such as type of injury alleged, age group, prior health history, etc.); and (iii) the selection process for choosing cases for bellwether trials from the Initial Bellwether Pool. | Agree with Saint Thomas's Position. |
| | By **February 22, 2015** the parties to each select from the Initial | By **x+420** days, the PSC and Defendants will submit an agreed- | |

1186542.3

| | | | |
|---|---|---|---|
| | Bellwether Pool six (6) cases (for a total of 12) as proposed Bellwether Trial cases.<br><br>Each side will have up to two (2) strikes for the cases selected by the other side. The Parties must indicate their strikes by March 2, 2015.<br><br>By March 6, 2015, the parties to file submissions as to the order in which the unstricken Bellwether Trial cases should be tried and/or remanded to the transferor courts.<br><br>By March 15, 2015, the Court will select the order in which the Bellwether Trial Cases will be tried and/or remanded and designate the first two cases to be tried and/or remanded (the "First Two Trial Case Picks").<br><br>Within 10 days of the selection of the First Two Trial Case Picks, the parties will file a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes &* | upon list of four recommended bellwether trial selections, or, if they are unable to reach agreement, each party will submit to the Court its four selections, along with the reasons for the selections in position papers.<br><br><br><br>The Court will then select four representative cases for initial bellwether trials and establish the order in which these cases should be tried. | |

1186542.3

|  | | | |
|---|---|---|---|
|  | *Lerach*, 523 U.S. 26 (1998), with the Court.<br><br>If any Initial Bellwether Pool case or Bellwether Trial case is settled or dismissed for any other reason, with or without prejudice, a replacement case shall be selected. | Once a case has been selected for an initial bellwether trial, it may only be dismissed by the Plaintiff with prejudice. If a case selected for an initial bellwether trial is voluntarily dismissed by the Plaintiff, then the Court shall replace that case with one selected by the Defendants. |  |
| **Date to Start Bellwether Trials** | First trial in **March 2016**. | First trial in **March 2016**, subject to and without waiver of Defendants' position that no case will proceed to trial unless and until all parties have had an adequate opportunity to obtain discovery from NECC and the Affiliated Defendants. | First trial in **2017**, subject to and without waiver of Defendants' position that no case will proceed to trial unless and until all parties have had an adequate opportunity to obtain discovery from NECC and the Affiliated Defendants. |

1186542.3