# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION )
                                    )
_____    )   MDL No. 2419
                                    )   Dkt. No 1:13-md-2419 (RWZ)
                                    )
THIS DOCUMENT RELATES TO:           )
                                    )
All Cases.                          )
                                    )
_____    )

### ~~SAINT THOMAS ENTITIES' AND ASCENSION PARTIES'~~ AGREED ORDER ON PROPOSED DISCOVERY AND BELLWETHER PLAN

~~As explained more fully in the *Saint Thomas Entities and Ascension Parties' Consolidated Brief as to Discovery Plan and Bellwether Issues*, filed contemporaneously, Defendants Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities") and defendants Ascension Health and Ascension Health Alliance (collectively referred to as the "Ascension Parties") submit this Proposed Discovery Plan ("Plan") i~~In accordance with Federal Rules of Civil Procedure 16(b) and 26(f) and Local Rules 16.1, 16.3, 26.1, and 26.3, the Court enters the following Order. ~~and protocol for selecting bellwether cases for initial trials in this MDL proceeding for certain cases involving Tennessee Plaintiffs, as defined below~~

### GENERAL PROVISIONS

1.  **Definitions.** For purposes of this Order, (a) the term "NECC" shall mean New England Compounding Pharmacy, Inc.; (b) the term "Affiliated Defendants" shall mean Barry Cadden; Lisa Cadden; Doug Conigliaro; Carla Conigliaro; Gregory Conigliaro; Glenn Chin; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, Inc.; Medical Sales Management; and Medical Sales Management SW; (c) the term "Unaffiliated Defendants"

2

shall mean all Defendants other than NECC or the Affiliated Defendants; and (d) the term "National Defendants" shall mean all Unaffiliated Defendants who had service agreements or arrangements with NECC or the Affiliated Defendants, but who did not purchase compounded product from NECC.

2.  **Scope of this Order.** This Order applies only to the cases in which one or more of the following entities have been named as Defendants: Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); the Howell Allen Clinic, P.C. ("Howell Allen"); John W. Culclasure, M.D. ("Culclasure"); Debra V. Schamberg, R.N. ("Schamberg"); and Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health, and Ascension Health Alliance. These defendants will be referred to in this Order as the "Tennessee Defendants." The Order addresses discovery of "Common Issues" and "Case-Specific Issues" as defined below. "Common Issues" for purposes of this Order are issues that potentially impact all or a substantial number of cases against a particular defendant. Common Issues include, without limitation, matters relating to company policies and procedures, organizational structures, ownership, vicarious liability, compounding standards, pharmacy orders, NECC, the Affiliated Defendants, National Defendants (*e.g.*, UniFirst Corporation, Liberty Industries, Inc., ARL BioPharma), general causation, scope and amount of insurance coverage, and similar issues that potentially impact all or a substantial number of cases against a particular defendant. "Common Fact Discovery" means the discovery and development of Common Issues. "Case-Specific Issues" are those issues affecting a single case or small number of cases. Examples of Case-Specific Issues include the amount of physical harm an individual plaintiff claims to have suffered as a result of a defendant's alleged wrongdoing and statements allegedly made by a defendant to a particular plaintiff.

2

3.  **Discovery from NECC and Affiliated Defendants.** This Order does not provide for discovery from NECC, which remains subject to the protections of the Bankruptcy Court, or the Affiliated Defendants, which are subject to a stay of discovery, or those parties subject to the Court's Order on Mediation Program of August 15, 2013. Some defendants have moved to lift the stay as to NECC and the Affiliated Defendants, and if such relief were granted, appropriate modifications would need to be made to this Order.

4.  **Participants in Mediation Program.** The Court's Order on Mediation Program of August 15, 2013 exempts participating defendants from various discovery obligations. In order to ensure that the litigation process is fair should attempts at mediation prove unsuccessful, the Court may find it appropriate to modify the deadlines in this order, grant additional stays, or take such other action as justice may require.

5.  **Stipulated Protocols and Proposals.** As to the deadlines for the parties to submit "stipulated proposals" or "stipulated protocols," this term includes both alternative proposals or protocols from the various parties in the event the parties are unable to agree upon a stipulated proposal or protocol, absent agreement of the parties to extend those dates or order of the Court.

6.  **Common Written Discovery.** "Common Written Discovery" is discovery that will apply to Common Issues. The parties may serve Master Common Written Discovery subject to the following limits, which include requests that are currently outstanding:

    a. 200 ~~50~~ Requests for Admission
    b. 40 Interrogatories
    c. 100 ~~2 separate sets of~~ Requests for Production ~~limited to a total of 100 requests~~

If a party wishes to exceed these limitations, that party must seek an agreement of the party(ies) answering the discovery or leave of Court.

2

7. **Privilege Logs.** No later than thirty (30) days after substantial completion of the production of their responsive documents, parties shall provide privilege logs for all responsive documents that have been withheld because of a claim of privilege. Privilege logs may be produced in PDF or Excel Format. Parties are not required to log any privileged documents that were created after September 18, 2012, that are solely between any two of the following: (1) any lawyer or employee of a firm that is counsel of record in this MDL action or any state-court lawsuit; (2) in-house counsel; or (3) the parties. Absent an assertion that the information itself is privileged, for each document withheld the party shall provide: (1) a unique identifier; (2) the date of the document; (3) the author/sender; (4) the recipients (including current titles, company affiliation and if they are a lawyer); (5) the file name of the document; (6) a brief description of the document; (7) the privileges being asserted; and (8) a brief description as to why the privilege applies.

8. **Common Fact Witness Depositions.** Depositions of witnesses regarding Common Issues may begin following the completion of written discovery, including the resolution of disputes regarding written discovery. These depositions will be governed by a Deposition Protocol to be decided by the Court.

9. **Common Expert Discovery.** Common expert discovery will progress in the sequence below. The deadlines for filing challenges to an expert's qualifications, methodology, and relevance will be set forth in a subsequent case management order.

   a. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B), the PSC shall serve expert reports for Plaintiffs' experts who will testify on Common Issues related to Initial Trial Pool Cases within 90 days of the deadline for completion of Common Fact Discovery. The PSC will make all Plaintiffs' experts on Common Issues available for deposition so that the deposition can be completed within thirty (30) days after service of his or her report.

b. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B), the Tennessee Defendants will serve expert reports for all of their defense experts who will testify on Common Issues related to Initial Trial Pool Cases within 75 days of receipt of the Plaintiffs' Common Expert Disclosures. The Tennessee Defendants will make all such defense experts available for deposition so that the deposition can be completed within thirty (30) days after service of his or her report.

c. To the extent that Plaintiffs believe rebuttal experts are necessary, the PSC will serve expert reports for rebuttal experts on Common Issues within thirty (30) days of the receipt of the Tennessee Defendants' Common Expert Disclosures. The PSC will make all rebuttal experts on Common Issues available for deposition so that the deposition can be completed within thirty (30) days after service of his or her report.

10. **Joinder and Amendment.** Pursuant to Federal Rule of Civil Procedure 16(b), the following deadlines will apply for amending complaints and joining new parties <u>relating to Common Issues</u>:

a. Except for good cause shown, any amendments to complaints must occur within sixty (60) days of completion of Common Fact Discovery.

b. Joinder of new parties must occur within sixty (60) days of completion of Common Fact Discovery.

11. **Case-Specific Discovery.** <u>The deadlines set forth below provide for limited discovery on</u> ~~Discovery on~~ Case-Specific Issues <u>relating to the proposed bellwether trial candidates ("Initial Bellwether Pool")</u>, including case-specific depositions. <u>No discovery on</u> Case-Specific Issues~~,~~ will commence <u>until</u> after selection of the <u>I</u>~~i~~nitial <u>B</u>~~b~~ellwether <u>P</u>~~p~~ool. <u>Further discovery on Case-Specific Issues for cases selected for bellwether trials</u> ~~that~~ will be addressed in a separate case-management order. Only cases involving the administration of NECC's methylprednisolone acetate in which a Short-Form Complaint was filed in the MDL on or before December 20, 2013, are eligible to be selected for the <u>I</u>~~i~~nitial <u>B</u>~~b~~ellwether <u>P</u>~~p~~ool ~~and proceed to Case-Specific Discovery~~.

2

## PROPOSED SCHEDULE

12. **Schedule**. The Plan proposes the schedule below for the following events in this matter, where "x" equals the date the Court enters this Order, subject to and without waiver of Defendants' position that that no case will proceed to trial unless and until all parties have had an adequate opportunity to obtain discovery from NECC and the Affiliated Defendants:

| Event | Dates/Deadline |
|---|---|
| Tennessee Defendants and PSC to provide Common Initial Disclosures (that will be applicable in all cases in this MDL proceeding to which the Tennessee Defendants are parties) pursuant to Federal Rule of Civil Procedure 26(a)(1). | x + 30 |
| Tennessee Defendants to serve Master Common Written Discovery on PSC[1] | x + 30 |
| Parties to submit a stipulated protocol for Unaffiliated Defendants to have access to discovery previously obtained from NECC and Affiliated Defendants, additional discovery as permitted by this Court and the bankruptcy court from NECC and the Affiliated Defendants, and discovery from the National Defendants. | x + 30 |
| PSC and Plaintiffs will produce documents and other discovery received formally or informally from NECC and Affiliated Defendants. | x + 60 |
| Individual Tennessee Plaintiffs to provide completed Fact Sheets and fully executed authorizations for release of records | The later of x + 60 days or 30 days after filing suit |
| Defendants will provide notice to the PSC of incomplete or materially defective Fact Sheets | 60 days after receipt of the particular Fact Sheet |
| Plaintiffs receiving notice of incomplete or materially defective Fact Sheets can correct or cure the deficiency(ies) or be subject to having their claims dismissed | 30 days after receipt of written notice of deficiency |
| PSC to respond to Master Common Written Discovery | x + 60 |
| Any Motions to Compel as to Master Common Written Discovery must be filed | x + 120 |
| Deadline for completion of Common Written Discovery and Common Fact Witness Depositions to begin | x + 180 |
| PSC and Tennessee Defendants select between 10 and 15 cases each (for a total of 20-30) for the Initial Bellwether Pool. Depositions of Plaintiffs (including consortium plaintiffs) on Case-Specific Issues | x + 180 |

---

[1] The PSC has previously served its Master Written Common Discovery on the Tennessee Defendants, who have served their objections and responses.

7

| | | |
|---|---|---|
| may begin. *This deadline is premised upon Defendants' timely receipt of completed Fact Sheets and Authorizations in accordance with this Court's Order of February 14, 2014, from all Tennessee Plaintiffs.* | | |
| Deadline for completion of Common Fact Witness Depositions | | x + 270 |
| PSC and Tennessee Defendants shall submit a proposed scheduling order that addresses bellwether selection process and timing, including (i) the proposal for addressing *Lexecon* waivers; (ii) ~~the size of the initial bellwether pool; and (iii)~~ the categorical makeup of the trial pool (identify the major litigation variables, such as type of injury alleged, age group, prior health history, etc.); and (iii) the selection process for choosing cases for bellwether trials from the Initial Pool. | | x + 270 |
| Plaintiffs to serve expert reports on experts who will testify as to Common Issues ~~(Initial Trial Pool cases)~~. | | x + 300 |
| ~~PSC and Tennessee Defendants select eight cases each (total of 16) as proposed bellwether trial candidates from those in the defined available pool ("Initial Pool"). Each side will have up to two strikes for the cases selected by the other side. The bellwether case trial order will be determined after completion of individual discovery of the Initial Pool cases.~~ | | ~~x + 320~~ |
| Defendants to serve expert reports on experts who will testify as to Common Issues ~~(Initial Trial Pool cases)~~. | | x + 360 |
| Deadline for completion of depositions of ~~plaintiffs, treating physicians, and other fact witnesses for~~ Plaintiffs in Initial Pool | | x + 380 |
| Common-Issue expert discovery to be completed. | | x + 400 |
| Dispositive Motion deadline for Common Issues. | | x + 420 |

8

| | |
|---|---|
| PSC and Tennessee Defendants will submit an agreed upon list of four recommended bellwether trial selections, or, if they are unable to reach agreement, each party will submit to the Court its four selections, along with the reasons for the selections in position papers. The Court will then select four representative cases for initial bellwether trials and establish the order in which these cases should be tried. Once cases have been identified for initial bellwether trials, the parties will follow the protocols court-ordered or agreed-to for discovery. The Court will adopt further orders for fact and expert discovery, motions, and other pre-trial matters in the Bellwether Cases. Once a case has been selected for an initial bellwether trial, it may only be dismissed by the Plaintiff with prejudice. If a case selected for an initial bellwether trial is voluntarily dismissed by the Plaintiff, then the Court shall replace that case with one selected by the Tennessee Defendants. | x + 420 |

13. **Amendments.** The parties can amend any of the timing, volume, and other limitations in this Order by agreement of the parties affected by the limitation.

14. **Bellwether Trials.** This Order sets forth a schedule that is designed to prepare the first bellwether case for trial by March 2016.

HON. JENNIFER C. BOAL
CHIEF MAGISTRATE JUDGE

9