# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>) MDL No. 1:13-md-2419-RWZ<br>)<br>) |
| This Document Relates to:<br>    All Cases | )<br>)<br>) |

**JOINT MOTION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ITS MEMBER REPRESENTATIVES FOR LEAVE TO FILE JOINT SUR-REPLY TO PLAINTIFFS' STEERING COMMITTEE'S REPLY TO JOINT OBJECTION OF THE CREDITORS' COMMITTEE AND MEMBER REPRESENTATIVES REGARDING 8% HOLDBACK ORDER [ECF NO. 1279]**

The Official Committee of Unsecured Creditors (the "Official Committee") of New England Compounding Pharmacy, Inc. ("NECC") and the undersigned attorney representatives of the individual members of the Official Committee (the "Member Representatives") respectfully jointly move, in accordance with Rule 7.1(b)(3) of the Local Rules of this Court, for leave to file a brief sur-reply, in the form attached as **Exhibit 1** hereto (the "Proposed Sur-Reply"), to the *Plaintiffs' Steering Committee's* ("PSC") *Reply to Joint Objection of the Creditors' Committee and Member Representatives Regarding 8% Holdback Order [ECF NO. 1279]* (the "Proposed Reply"), attached as Exhibit 1 to the PSC's motion for leave to file same [Dkt. No. 1290], and in support thereof respectfully state as follows:

At the last status conference held before this Court, this Court instructed the PSC, the Official Committee, and the Chapter 11 Trustee of NECC to meet, confer, and submit a ***jointly***-proposed order "that [they] all can agree to", see Transcript of Proceedings held June 19, 2014 ("Tr.") at 50:14-15, on the PSC's motion to establish a common benefit fund [Dkt. No. 790] (the "Assessment Motion"): *i.e.*, a proposed order that (i) reflected the suggestions and input of the

PSC, the Official Committee and the Trustee, and (ii) was agreed-to by these parties.

On Friday, July 18, the PSC submitted the *Plaintiffs' Steering Committee's Notice of Filing Jointly Proposed Order Granting Motion for Entry of Case Management Order Establishing Assessment Procedures to Fund Common Benefit Account [ECF No. 790]* [Dkt. No. 1274] (the "Notice of Filing"), attaching as Exhibit A thereto a purported "***jointly***" proposed order on the Assessment Motion (the "PSC Proposed Order").

Because the PSC Proposed Order was filed without notice to or consultation with the Official Committee or the Member Representatives, and because the PSC Proposed Order includes none of the Official Committee's proposed changes with respect to Member Representatives' common benefit work, on July 21, 2014, the Official Committee and the Member Representatives filed a joint objection to the Notice of Filing together with an alternative proposed order on the Assessment Motion. See Dkt. No. 1279.

On July 24, 2014, the PSC sought this Court's leave to file the Proposed Reply. The Proposed Reply contains numerous misrepresentations and inaccuracies as to the circumstances surrounding this dispute, not to mention gratuitous attacks on the professional integrity of the individual Committee Members and the Committee as a whole. Accordingly, the Official Committee and the Member Representatives respectfully request that the Court grant them leave to file their annexed brief Proposed Sur-Reply to the PSC's Proposed Reply to supplement and correct the record. The Official Committee and the Member Representatives believe that their Proposed Sur-Reply may be helpful to this Court in evaluating the context in which this unfortunate dispute has arisen and, more importantly, in evaluating the competing proposed orders before it.

*[Remainder of page intentionally left blank]*

2

WHEREFORE, for all of the foregoing reasons, the Official Committee and the Member Representatives respectfully request that this Court grant them leave to file a response to the Proposed Reply.

Dated: July 28, 2014

<div style="margin-left: 40%;">

Respectfully submitted,

**BROWN RUDNICK LLP**

By:  /s/ David J. Molton
David J. Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

</div>

**ANDREWS & THORNTON**

By: /s/ Anne Andrews
Anne Andrews, Esq.
John C. Thornton, Esq.
Karren Schaeffer, Esq.
2 Corporate Park, Ste. 110
Irvine, CA 92606
Telephone: 949 748-1000
aa@andrewsthornton.com
jct@andrewsthornton.com
kschaeffer@andrewsthornton.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member and Co-Chair, Katrina Eldreth obo Estate of Ari Gomez*

**COREN PLACETELLA & ROTH P.C.**

By: /s/ Michael Coren
Michael Coren, Esq.
Harry Roth, Esq.
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: 215 567-3500
mcoren@cprlaw.com
hroth@cprlaw.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member and Co-Chair, Meghan A. Handy*

**COLLING    GILBERT    WRIGHT    &
CARTER LLC**

By:  /s/ Melvin B. Wright
Melvin B. Wright, Esq.
The Florida Firm
801 N. Orange Ave., Ste. 830
Orlando, FL 32801
Telephone: 407 712-7300
MWright@TheFloridaFirm.com

*Counsel for Official Committee of Unsecured
Creditors of New England Compounding
Pharmacy, Inc. Member, Kathy Distler obo
Estate of Charles F. Distler*


**GALLIGAN & NEWMAN**

By:  /s/ Michael Galligan
Michael Galligan, Esq.
309 West Main St.
McMinnville, TN 37110
Telephone: 931 473-8405
mgalligan@galligannewmanlaw.com

*Counsel for Official Committee of Unsecured
Creditors of New England Compounding
Pharmacy, Inc. Member, Bertram Walker
Bryant, Jr.*


**SKIKOS    CRAWFORD    SKIKOS    &
JOSEPH**

By:  /s/ Gregory Skikos
Gregory Skikos, Esq.
Adriana Suarez Desmond, Esq.
625 Market St., 11th Floor
San Francisco, CA 94105
Telephone: 415 546-7300
gskikos@skikoscrawford.com
adesmond@skikoscrawford.com

*Counsel for Official Committee of Unsecured
Creditors of New England Compounding*

*Pharmacy, Inc. Member, Danny Swartzell*

**FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C**

By: /s/ Terry Dawes
Terry Dawes, Esq.
19390 W 10 Mile Rd
Southfield, MI 48075
Telephone: (248) 355-5555
t.dawes@fiegerlaw.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member, Victor Davis*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2014, I caused a copy of the foregoing Joint Motion to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies to be sent to those indicated as non-registered participants, by first class mail, postage prepaid.

Dated: July 28, 2014
      Boston, Massachusetts                   <u>/s/ Carol S. Ennis</u>
                                          Carol S. Ennis
                                          Brown Rudnick LLP
                                          One Financial Center
                                          Boston, MA  02111

61721309

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 1:13-md-2419-RWZ |
| This Document Relates to: All Cases | ) ) ) ) | |

**JOINT SUR-REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ITS MEMBER REPRESENTATIVES TO PLAINTIFFS' STEERING COMMITTEE'S REPLY TO JOINT OBJECTION OF THE CREDITORS' COMMITTEE AND MEMBER REPRESENTATIVES REGARDING 8% HOLDBACK ORDER [ECF NO. 1279]**

The Official Committee of Unsecured Creditors (the "Official Committee") of New England Compounding Pharmacy, Inc. ("NECC") and the undersigned attorney representatives of the individual members of the Official Committee (the "Member Representatives") respectfully submit this joint sur-reply to the *Plaintiffs' Steering Committee's* ("PSC") *Reply to Joint Objection of the Creditors' Committee and Member Representatives Regarding 8% Holdback Order [ECF NO. 1279]* [Dkt. No __] (the "PSC Reply"), and respectfully state as follows:[1]

The Official Committee and the Member Representatives have no desire to add another pleading in connection with a dispute that the parties should be able to resolve among themselves. However, lest silence be construed as assent, we believe it important to for the record to submit this brief pleading for Your Honor's consideration.  Rather than seeking to resolve disagreements over the terms of a proposed common benefit order, the PSC instead

---

[1]     Capitalized terms used and not defined herein have the meaning ascribed to them in the *Joint Objection of the Official Committee of Unsecured Creditors and its Member Representatives to Notice of Filing Purported "Jointly" Proposed Order Granting Motion for Entry of Case Management Order Establishing Assessment Procedures to Fund Common Benefit Account [ECF No. 790] and Notice of Filing of Proposed Form of Counter-Order* [Dkt No. 1279] (the "Joint Objection").

employs that last resort of lawyers who can provide no excuse for their actions: misdirection and attack.[2]  We ask the Court to consider the following:

- As an initial matter, the PSC had an obligation, per this Court's explicit directions, to meet and confer with the Chapter 11 Trustee of NECC, the Official Committee and the Member Representatives to arrive at an agreed-to, joint proposed order regarding the common benefit issues before the Court.[3]  The PSC represented to this Court in its signed and filed notice of filing [Dkt. No. 1274] that it had done so.[4]  The PSC now admits that this statement was misleading and false.[5]

- Moreover, long ago, Lead Counsel for the PSC entered into, of behalf of the PSC, a Letter Agreement with the Official Committee that acknowledged that the Official Committee and its Member Representatives were an important part of common benefit work in this MDL proceeding.[6]  The PSC does not dispute that Lead Counsel entered this agreement, and indeed all but concedes that Lead Counsel has now reneged on that Agreement.

- Finally, the PSC's conduct evidences none of the spirit of cooperation contained in the Letter Agreement or demonstrated to this Court over the past year and a half.  Although the Official Committee and its Member Representatives desire to continue what has been, from the start, a productive, cooperative relationship with the PSC (for example, Official Committee members and PSC member are presently working together on important mediations which will benefit victims), the PSC, employing vitriol and rancor, now seeks to turn that relationship adversarial for reasons that are entirely unclear to the Official Committee and its Member Representatives.  The only ones who will suffer from such tactics are the individual victims, as each minute or dollar spent "squabbling" over issues that could and should have been resolved in good faith and in the spirit of cooperation

---

[2]  See, e.g., PSC Reply at 1 (referring to "six disgruntled attorneys"), 4 (intimating that the Committee members are attempting to "line their own pockets" at the expense of victims"), 4 n.9 (positing that "Creditors' Committee values the ability to drape its machinations in a veil of secrecy over maximizing the returns to victims through the efficient coordination of all counsel across the MDL and the bankruptcy").

[3]  See Transcript of Proceedings held June 19, 2014 at 50:14-15 ("I will not now sign an order until you present one that you can all agree to.").

[4]  See Notice of Filing at 1 (alleging that the PSC "tried to reach agreement with the Creditors Committee on a proposed order").

[5]  See PSC Reply at 5-6 ("It was immediately apparent from the Creditor's Committee's comments on the PSC's latest proposed order that the parties were still at an impasse. Futility, thy name is yet-another pointless-meet-and-confer").

[6]  See Letter Agreement (attached as Exhibit C to the Joint Objection) at 1 (committing to support a case management order that provided, inter alia, that "Common Fund participants may include member representatives serving on the Official Committee, to the extent the services they perform are for the common benefit of multiple tort victims").

is a minute or a dollar that could be devoted towards resolving the case, to paraphrase the PSC's argument.  See PSC Reply at 1, 6.

In short, it is respectfully submitted that this Court should decline to tolerate the PSC's behavior and, to that end, should decline to enter the PSC Proposed Order.  Accordingly, for the reasons set forth herein, in the Joint Objection, and at oral argument before this Court on January 10, 2014 and June 19, 2014, the Official Committee and the Member Representatives respectfully request that this Court decline to enter the PSC Proposed Order and instead enter the Committee Proposed Order.

Dated: July __, 2014

Respectfully submitted,

**BROWN RUDNICK LLP**

By:  _____
David J. Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

3

**ANDREWS & THORNTON**

By: _____
Anne Andrews, Esq.
John C. Thornton, Esq.
Karren Schaeffer, Esq.
2 Corporate Park, Ste. 110
Irvine, CA 92606
Telephone: 949 748-1000
aa@andrewsthornton.com
jct@andrewsthornton.com
kschaeffer@andrewsthornton.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member and Co-Chair, Katrina Eldreth obo Estate of Ari Gomez*


**COREN  PLACETELLA  &  ROTH  P.C.**

By: _____
Michael Coren, Esq.
Harry Roth, Esq.
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: 215 567-3500
mcoren@cprlaw.com
hroth@cprlaw.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member and Co-Chair, Meghan A. Handy*

4

**COLLING    GILBERT    WRIGHT    &
CARTER LLC**

By: _____
Melvin B. Wright, Esq.
The Florida Firm
801 N. Orange Ave., Ste. 830
Orlando, FL 32801
Telephone: 407 712-7300
MWright@TheFloridaFirm.com

*Counsel for Official Committee of Unsecured
Creditors of New England Compounding
Pharmacy, Inc. Member, Kathy Distler obo
Estate of Charles F. Distler*


**GALLIGAN & NEWMAN**


By: _____
Michael Galligan, Esq.
309 West Main St.
McMinnville, TN 37110
Telephone: 931 473-8405
mgalligan@galligannewmanlaw.com

*Counsel for Official Committee of Unsecured
Creditors of New England Compounding
Pharmacy, Inc. Member, Bertram Walker
Bryant, Jr.*

**SKIKOS    CRAWFORD    SKIKOS    & JOSEPH**

By: _____
Gregory Skikos, Esq.
Adriana Suarez Desmond, Esq.
625 Market St., 11th Floor
San Francisco, CA 94105
Telephone: 415 546-7300
gskikos@skikoscrawford.com
adesmond@skikoscrawford.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member, Danny Swartzell*


**FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C**

By: _____
Terry Dawes, Esq.
19390 W 10 Mile Rd
Southfield, MI 48075
Telephone: (248) 355-5555
t.dawes@fiegerlaw.com

*Counsel for Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc. Member, Victor Davis*

61721224