UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Ramos v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10410<br>AND<br>*Rivera v. New England Compounding Pharmacy, Inc. et al.,* Docket No. 13-cv-10412 | **Document Electronically Filed**<br><br>MDL No. 1:13-md-2419-FDS |

### RESPONSE TO DR. BHAGAT'S REPLY BRIEF IN FURTHER SUPPORT OF DR. BHAGAT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AGAINST HIM FOR PLAINTIFFS' FAILURE TO SERVE A PROPER AFFIDAVIT OF MERIT

On the Brief:

Michael F. Barrett, Esq.
Mary T. Gidaro, Esq.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
215-496-8282 (tele)
215-496-0999 (fax)
ATTORNEYS FOR PLAINTIFF

1

## LEGAL ARGUMENT

### 1. Contrary to the Assertions in Dr. Bhagat's Reply Brief, He Was Not Named as a Defendant in the Master Complaint

Dr. Bhagat, M.D., is not a party to this claim. As stated in Plaintiffs' first Briefs in Opposition to this motion, Plaintiffs did not identify Dr. Bhagat as a defendant in their Short-Form Complaint. Furthermore, the Short-Form complaint superseded all previous Complaints filed by Plaintiffs. As such, Dr. Bhagat is no longer a party to this matter.

In Dr. Bhagat's Reply Brief in Further Support of Dr. Bhagat's Motion to Dismiss Plaintiffs' Complaint (hereinafter "Dr. Bhagat's Reply Brief"), Dr. Bhagat explicitly acknowledged that he had not been named as a defendant in the Short-Form Complaint. Instead, he argued that he is a Defendant because he was named in the Master Complaint.

Not only does the Master Complaint not name Dr. Bhagat as a defendant, it makes it unequivocally clear that it does not name any physicians as defendants. (*See* Master Complaint, paragraph 23, at MDL Master Dkt. 545). Specifically, the Master Complaint states:

> The above-named hospitals, clinics and healthcare facilities, and their physicians, staff, agents and employees are collectively referred to herein as "Clinic Related Defendants" and **may be named defendants in existing or subsequently filed complaints in this matter**.

*See Id.* (emphasis added)

The phrase "may be named" unambiguously indicates that the aforementioned physicians are not included as default defendants in the Master Complaint. Instead, the Master Complaint is crafted to allow the victims' attorneys to choose which defendants to include in their Short-Form Complaints. The Plaintiffs here chose not to include Dr. Bhagat as a defendant.

2

The most illustrative piece of evidence proving that Dr. Bhagat is not a defendant comes from Dr. Bhagat's counsel, Joseph Lang. In a letter dated January 17, 2014, Mr. Lang stated as follows:

> I am in receipt of Plaintiff's request for Dr. Bhagat to provide answers to supplemental interrogatories in the above referenced matter. Kindly be advised that Dr. Bhagat will not be answering any discovery requests in this case. **Since you saw fit not to name her as a defendant in the Short Form Complaint, Dr. Bhagat has no obligation to provide any discovery responses made by your firm.**

(*See* January 17, 2014 Defense Counsel Letters attached as Exhibit "A")(emphasis added)

In addition to that above letter, Mr. Lang sent another letter on that same day requesting that plaintiffs complete a fact sheet. (*See* January 17, 2014 Defense Counsel Letters attached as Exhibit "B"). In an effort to clarify Mr. Lang's letters, this Firm sent the following response on January 29, 2014:

> We are in receipt of your letters, both dated January 17, 2014, in connection with the above-referenced matter, **wherein you refuse to answer discovery on the basis that Dr. Bhagat is not a Defendant in this matter**, but then request that Plaintiff complete and provide to you the Court approved fact sheet on behalf of Defendant, Dr. Bhagat. **Kindly clarify your position in this regard**. Thank you.

(*See* January 29, 2014 Plaintiff Counsel Letters attached as Exhibit "C")(emphasis added)

Mr. Lang never responded to the January 29th letter. Through his failure to respond, Plaintiffs reasonably assumed that Mr. Lang agreed that Dr. Bhagat is not a party to this case.

Dr. Bhagat was not named in the Short-Form Complaint, he was not named in the Master Complaint, and his counsel made it unmistakably clear that he is not a defendant in this matter. For those reasons, Dr. Bhagat's Motion to Dismiss Plaintiffs' Complaint is moot.

## 2. Dr. Bhagat's Motion Should Be Denied Because It Is an Attempt to Use N.J.Stat.Ann. § 2a:53a-27 in a Manner Contrary to the Spirit of the Rule—to Dismiss an Otherwise Meritorious Claim

"The paramount goal of all statutory interpretation is to carry out the Legislature's intent." *Nicholas v. Mynster* 213 N.J. 463, 480 (2013) (citing *Wilson ex rel. Manzano v. City of Jersey City*, 209 N.J. 558 (2012)). The intent of N.J.Stat.Ann. § 2a:53a-27 is "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *In re Petition of Hall*, 147 N.J. 379, 391, (1997). Inversely, the purpose of the statute is "not to afford malpractice defendants with a sword to fight off a malpractice action . . ." *Barreiro v. Morais*, 318 N.J. Super. 461, 470, (1999).

The matter at issue is part of a large Multidistrict litigation that is undoubtedly meritorious. The New England Compounding Company Center negligently allowed three lots of medication used for epidural steroid injections to become contaminated with fungus. Doses from those three lots had been distributed to 75 medical facilities in 23 states. Between May 21, 2012, and September 24, 2012, approximately 14,000 patients had been injected by trusted medical professionals with this contaminated compound. (*See* Master Complaint, paragraph 124, at MDL Master Dkt. 545). Of those 14,000 injected, 751 people had to be treated for fungal meningitis and at least 64 people have died. (*See* Master Complaint, paragraph 124). It has not been suggested that this lawsuit lacks merit.

Dismissing this case with prejudice would violate the spirit of N.J.Stat.Ann. § 2a:53a-27. A statute enacted to protect against frivolous claims should not be used to bar a victim of large-scale and undisputed negligence from recovery.

4

Accordingly, Plaintiff respectfully requests this Honorable Court to Deny Dr. Bhagat's Motions as moot or, in the alternative, without prejudice.

### 3. Plaintiffs Have Obtained an Affidavit of Merit from a Physician That Satisfies the Requirements of the Patients First Act

Finally, and most significantly, Plaintiffs have acquired Affidavits of Merit from a physician that satisfies the requirements of the Patients First Care Act (Act), N.J.Stat.Ann. § 2a:53a-27. (*See* Affidavit of Merit, attached as Exhibit "D"). A copy of Dr. Winikur's executed Affidavit of Merit was forwarded to counsel for Dr. Bhagat on or about July 30, 2014. (*See* Exhibit "D"). In light of this recent development, Plaintiffs intends to file a Motion for Leave of Court to Amend their Short Form Complaints to add Dr. Bhagat as a Defendant.

It is anticipated that Dr. Bhagat will allege that the Affidavits of Merit are insufficient because Dr. Winiker does not possess the same board certifications. However, because Dr. Bhagat's substandard care that gave rise to this claim did not involve his specialty, the Act does not require that the Plaintiffs' testifying expert possess equivalent board certifications. N.J.Stat.Ann. § 2a:53a-27(a) (explaining that the testifying expert must have the same board certifications only if "the person against whom . . . the testimony is being offered is board certified *and* the care or treatment at issue involves that board specialty . . .) (emphasis added). The New Jersey Supreme Court concisely outlined the relevant analysis in *Buck v. Henry*:

> Under N.J.S.A. 2A:53A-41, the first inquiry must be whether a physician is a specialist or general practitioner. If the physician is a specialist, then the second inquiry must be whether the treatment that is the basis of the malpractice action "involves" the physician's specialty. When the treatment "involves" the physician's specialty the equivalency requirements apply, <u>otherwise the specialist is subject to the same affidavit requirements as if he were a general practitioner</u>. *See ibid.* . . . In the case of a general practitioner, an affidavit from another general practitioner or from a physician experienced with the treatment performed will satisfy the statute. See ibid.

207 N.J. 377, 391 (2011) (emphasis added).

The allegations in this case do not involve the specialty-specific manner or method utilized to administer the medication to the patient. Instead, they involve the decision to prescribe, dispense and administer a compounded preservative free steroid rather than a medication that was manufactured and distributed by an FDA regulated facility. When choosing between a safe and potentially deadly medication, the applicable standard of care would be the same whether the physician administering the medication is a radiologist or pain management specialist. Furthermore, the medical care at issue is not specific to radiology as is evidenced by the fact that these injections were being administered by physicians of varied specialties such as radiology, neurosurgery and/or pain management. Therefore, Dr. Bhagat's decision to use unsafe medication did not involve his Radiology specialty. Thus, an Affidavit of Merit "from a physician experienced with the treatment performed will satisfy the statute." *Buck*, 207 N.J. at 391.

Respectfully submitted,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY: */s/Michael F. Barrett*
MICHAEL F. BARRETT, ESQUIRE
MARY T. GIDARO, ESQUIRE
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
215-496-8282 (tel.)
215-496-0999 (fax)
*Attorneys for Plaintiff, Brian Pennington*

DATED: August 1, 2014