# EXHIBIT A

| *Discovery Issue/Deadline* | *PSC's Position* | *Position of Saint Thomas West, formerly known as St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health, and Ascension Health Alliance* | *Position of Saint Thomas Outpatient Neurosurgical Center, LLC; the Howell Allen Clinic, P.C.; John W. Culclasure, M.D.; Debra V. Schamberg, R.N.* |
|---|---|---|---|
| **Definitions** | For purposes of this Order:<br>(a) the term "NECC" shall mean New England Compounding Pharmacy, Inc.;<br>(b) the term "Affiliated Defendants" shall mean Barry Cadden; Lisa Cadden; Doug Conigliaro; Carla Conigliaro; Gregory Conigliaro; Glenn Chin; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, Inc.; Medical Sales Management; and Medical Sales Management SW;<br>(c) the term "Unaffiliated Defendants" shall mean all Defendants other than NECC or the Affiliated Defendants;<br>(d) the term "National Defendants" shall mean all Unaffiliated Defendants who had service agreements or arrangements with NECC or the | Same as PSC's Position. | Same as PSC's Position. |

1188459.4

|  | Affiliated Defendants, but who did not purchase compounded product from NECC;<br>(e) "Common Issues" are issues that potentially impact all or a substantial number of cases against a particular defendant. Common Issues include, without limitation, matters relating to company policies and procedures, organizational structures, ownership, vicarious liability, compounding standards, pharmacy orders, NECC, the Affiliated Defendants, National Defendants (e.g., UniFirst Corporation, Liberty Industries, Inc., ARL BioPharma), general causation, scope and amount of insurance coverage, and similar issues that potentially impact all or a substantial number of cases against a particular defendant;<br>(f) "Common Fact Discovery" means the discovery and development of Common Issues;<br>(g) "Common Written Discovery" is discovery that will apply to Common Issues;<br>(h) "Case-Specific Issues" are |  |  |
|---|---|---|---|

1188459.4

| | | | |
|---|---|---|---|
| | those issues affecting a single case or small number of cases. Examples of Case-Specific Issues include the amount of physical harm an individual plaintiff claims to have suffered as a result of a defendant's alleged wrongdoing and statements allegedly made by a defendant to a particular plaintiff. | | |
| **Scope of Discovery Order** | Order originally submitted to the Court applies to cases naming one or more of the following entities as defendants: Saint Thomas Outpatient Neurosurgical Center, LLC; the Howell Allen Clinic, P.C.; John W. Culclasure, M.D.; Debra V. Schamberg, R.N.; Saint Thomas West Hospital, f/k/a St. Thomas Hospital; Saint Thomas Network; Saint Thomas Health; Ascension Health; and Ascension Health Alliance. | As explained at the hearing, the Saint Thomas Parties and Ascension Entities agreed to a proposed order in order to further the plaintiffs' claims; however, they are also agreeable to working with other co-defendants to come up with a holistic, full-MDL plan. | |
| | Although the proposed order does not explicitly set out parameters for discovery from NECC and the insider defendants, it clearly contemplates that discovery from NECC and the Affiliated | Although the proposed order does not set out parameters for discovery from NECC and the insider defendants, it clearly contemplates that discovery from the NECC, the Affiliated | Entry of the Discovery Order is contingent on the Court lifting the stay of discovery as to the Affiliated Defendants such that the Defendants can take discovery of the Affiliated Defendants sufficient |

1188459.4

| | | | |
|---|---|---|---|
| | Defendants will be forthcoming and indicates that modifications to the order will be necessary once that occurs.<br><br>The PSC has separately moved to lift the stay of discovery against the Affiliated Defendants; recent Bankruptcy Court orders approved the insider settlement (which contemplated discovery from NECC and the Affiliated Defendants).<br><br>The PSC believes that the timeframes set out in the proposed order (as modified below) are good benchmarks for all defendants (other than mediating defendants) - though they should be recalculated from the entry date of an order addressing the Tennessee defendants.<br><br>The PSC is amenable to working with other defendants to address common discovery issues. | Defendants will be forthcoming and indicates that modifications to the order will be necessary once that occurs. | to defend the claims against them and develop any comparative fault or third-party claims. Entry of the Discovery Order is also contingent on the Court or the bankruptcy court lifting the stay of discovery of NECC such that the Defendants can take limited discovery and oral testimony of NECC to develop comparative fault defenses, third-party claims, and to defend the claims against them. |

1188459.4

| | | | |
|---|---|---|---|
| **Common Initial Disclosures** per F.R.C.P. 26(a)(1) | All parties to provide by August 6, 2014 (20 days after the July 17, 2014, hearing). | Agreed order proposal provides for x+30[1] days. These defendants are willing to engage in discovery before that point on a voluntary basis, but do not agree that any deadlines are running. | Agree with Saint Thomas's Position. |
| **Access to Discovery from NECC and Affiliated Defendants** | The PSC has already provided Defendants with this access, thus this issue is resolved and need not be included in the scheduling order. | Within x+60 days, the PSC will produce documents and other discovery received formally or informally from NECC and Affiliated Defendants. | The PSC will provide Defendants access to all documents NECC has informally produced in x+10 days.<br><br>The PSC will provide access to all non-privileged data, documents, photographs, and video from the PSC's 2012 inspection of NECC within x+30 days. |
| **Common Written Discovery** | Within x+30 days, parties may serve Master Common Written Discovery subject to the following limits, which include requests that are currently outstanding:<br>a. 200 requests for admission<br>b. 40 interrogatories<br>c. 100 requests for production<br>If a party wishes to exceed these limitations, that party must seek an agreement of the answering | Agree with PSC's position on first part. | Agree with the PSC's position on first part (scope, limitations, and timeframe for service of Master Common Written Discovery). |

---

[1] For the purposes of this chart, x = the date of the entry of the Discovery and Bellwether Trial Scheduling Order for all cases naming Saint Thomas Outpatient Neurosurgical Center, LLC.

1188459.4

| | | | |
|---|---|---|---|
| | parties or leave of Court. | | |
| | Defendants to respond by x+30 days to Master Discovery previously served on them by PSC on October 4, 2013. | Disagree that these Defendants have not fully objected and responded to Master Discovery previously served on them by the PSC, although the parties are revisiting some of the matters. | Agree with PSC on this deadline. |
| | Agree with this deadline. | Agree with this deadline. | PSC to respond to Master Common Written Discovery within 30 days of service of Defendants' Master Common Written Discovery. |
| | Any motions to compel as to Master Common Written Discovery to be filed by x+90 days. | Any motions to compel as to Master Common Written Discovery to be filed by x+120 days. | [No proposal regarding motions to compel.] |
| | Deadline for completion of Common Written Discovery is x+120 days. | Deadline for completion of Common Written Discovery is x+180 days. | Deadline for completion of all Common Fact Discovery is x+270 days. |
| **Tennessee Plaintiffs' Fact Sheets and Authorizations** | Due by the later of x+60 days or 30 days after filing suit. | Agree with PSC's deadline. | Agree with PSC's deadline. |
| | Defendants to provide notice to PSC of incomplete or defective Fact Sheets within 30 days of receipt of the particular Fact Sheet. | Defendants to provide notice to PSC of incomplete or defective Fact Sheets within 60 days of receipt of the particular Fact Sheet. | Defendants to provide notice to PSC of incomplete or defective Fact Sheets within 60 days of receipt of the particular Fact Sheet, |

1188459.4

|  |  |  | except that failure to answer a question or complete the Fact Sheet is not a "deficiency" that requires any action or written notice by Defendants to the Plaintiffs. |
|---|---|---|---|
|  | Plaintiffs to correct Fact Sheet within 30 days of receipt of written notice of deficiency. | Agree with PSC on this deadline. | If Defendants discover deficiencies after the 90-day period, the parties will meet and confer to seek an agreement on the deficiencies. Failure to reach an agreement may result in a motion to compel. |
| **Privilege Logs** | Agree with Saint Thomas's Position on privilege logs. | No later than 30 days after substantial completion of the production of their responsive documents, parties shall provide privilege logs for all responsive documents that have been withheld because of a claim of privilege.<br><br>Privilege logs may be produced in PDF or Excel Format.<br><br>Parties are not required to log any privileged documents that were created after September 18, 2012, that are solely between any two of the following: (1) any lawyer or | Agree with Saint Thomas's Position on privilege logs. |

1188459.4

| | | employee of a firm that is counsel of record in this MDL action or any state-court lawsuit; (2) in-house counsel; or (3) the parties. Absent an assertion that the information itself is privileged, for each document withheld the party shall provide: (1) a unique identifier; (2) the date of the document; (3) the author/sender; (4) the recipients (including current titles, company affiliation and if they are a lawyer); (5) the file name of the document; (6) a brief description of the document; (7) the privileges being asserted; and (8) a brief description as to why the privilege applies. | |
|---|---|---|---|
| **Common Fact Witness Discovery** | Depositions of witnesses regarding Common Issues to begin following the substantial completion of Common Written discovery, i.e. x+120.<br><br>These depositions will be governed by a Deposition Protocol to be decided by the Court.<br><br>Common Fact Witness depositions to be completed by | Depositions of witnesses regarding Common Issues to begin following the completion of Common Written discovery, i.e. x+180.<br><br>Agree with the PSC on this provision.<br><br>Common Fact Witness depositions to be completed by | [Not specified in proposal.]<br><br><br><br><br><br>All Common Fact Discovery to be completed by x+270 days. |

1188459.4

| | | | |
|---|---|---|---|
| | x+240 days. | x+270 days. | |
| **Completion of Common Fact Discovery** | By x+240 days. | By x+270 days. | By x+270 days. |
| **Discovery of Common Experts** | Plaintiffs to disclose Common Experts by x+270 days. | PSC to serve Common Expert reports within 90 days of the deadline for completion of Common Fact Discovery (i.e. x+300). Deposition of PSC's Common Experts to be completed within 30 days of service of each expert's report. | Agree with Saint Thomas on this deadline. |
| | Defendants to disclose Common Experts by x+300 days. | Defendants to serve Common Expert reports within 75 days of receipt of the Plaintiffs' Common Expert reports (i.e. x+375 days). Deposition of Defendants' Common Experts to be completed within 30 days of service of each expert's report. | Defendants to serve Common Expert reports within 60 days of receipt of the Plaintiffs' Common Expert reports. Depositions of all Common Experts within 120 days of service of Defendants' expert reports or rebuttal reports, if any. |
| | Plaintiffs to disclose rebuttal Common Experts (if any) by x+330 days. | Plaintiffs to serve reports of rebuttal Common Experts (if any) within 30 days of receipt of Defendants' Common Expert | If Plaintiffs believe rebuttal experts are warranted, Plaintiffs shall file a motion, within 30 days of receipt of Defendants' expert reports, |

1188459.4

| | | | |
|---|---|---|---|
| | Depositions of Common Experts will begin after rebuttal reports, if any, are served.<br><br>All Common Issue Expert discovery to be completed by x+390 days. | reports (i.e. x+405 days).<br><br>Deposition of PSC's rebuttal Common Experts to be completed within 30 days of service of each expert's report.<br><br>All Common Issue Expert discovery for Initial Bellwether Pool cases to be completed by x+435 days. | demonstrating good cause as to why rebuttal experts are necessary. If the Court grants the Plaintiffs' motion, Defendants may propose a corresponding deadline for sur-rebuttal experts.<br><br>While Case-Specific discovery of the Initial Bellwether Pool cases is appropriate, the Court should not set specific deadlines for Case-Specific discovery at this time. A future case management order will address Case-Specific Discovery in more detail. |
| **Deadline for Filing Common Dispositive Motions** | Within 30 days of completion of Common Issue Expert discovery (i.e. by x+420 days).<br><br>Responses are due 30 days after the motion is filed, and replies are due 15 days after the response is filed. | By x+420 days. | Within 90 days of completion of Common Expert Depositions.<br><br>Responses are due 60 days after the motion is filed, and replies are due 30 days after the response is filed. |
| **Joinder and Amendment** relating to Common Issues | Agree with Saint Thomas's Position. | Except for good cause shown, any amendments to complaints must occur within 60 days of the completion of Common Fact Discovery.<br>Joinder of new parties must occur | Agree with Saint Thomas's Position. |

1188459.4

| | | within 60 days of the completion of Common Fact Discovery. | |
|---|---|---|---|
| **Tennessee-Specific Mediation** | The PSC does not agree to an arbitrarily scheduled stay. The Parties can revisit the stay issue if, and only if, it appears that the Parties are seriously engaged in settlement talks and that a stay would advance those efforts. | [not specified in Proposal] | After the Court issues its final order on the final outstanding dispositive motion, the litigation will be stayed for 30 days so that the parties can confer on a Tennessee-specific mediation. If the parties decide not to mediate or are unable to reach a settlement during mediation, the parties will confer as to whether the cases should be remanded to the Tennessee district court(s) for case-specific discovery and trial. The cases will then proceed with bellwether selection and case-specific discovery, with the presiding court setting additional deadlines as necessary at that time. |
| **Selection of Initial Bellwether Pool Cases** | By x+150 days, the parties will file a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), with the Court.<br><br>No later than 90 days after service of the PPFs for cases filed prior to the entry of the scheduling order | No later than x+180 days, the PSC and Defendants each select between 10 and 15 cases (for a | While a bellwether framework is appropriate, the Court should not set specific deadlines for the |

1188459.4

| | | | |
|---|---|---|---|
| | (i.e. x+160 days), the PSC will select ten (10) cases and Defendants will select ten (10) cases (for a total of 20 cases) as candidates for the Initial Bellwether Pool. | total of 20-30 cases) for the Initial Bellwether Pool. | selection of the Initial Bellwether Pool at this time. The parties shall meet and confer to determine whether bellwether trials are appropriate for this MDL. If so, the PSC and Defendants shall each select eight (8) cases for the Initial Bellwether Pool. |
| **Case-Specific Discovery of Initial Bellwether Pool Cases** | The parties may conduct Limited Case-Specific fact discovery as to the 20 Initial Bellwether Pool cases.<br><br>"Limited Case-Specific fact discovery" means the depositions of the Plaintiff (and spouse, if making a loss of consortium claim) and the treating physician only. (Additional Case-Specific Fact discovery on Bellwether Trial cases may be permitted after the selection of the Trial cases from the Initial Pool (i.e. after x+310 days.) | The parties may conduct limited discovery on Case-Specific Issues relating to the Initial Bellwether Pool cases, including case-specific depositions.<br><br>Depositions of Plaintiffs (including consortium plaintiffs) on Case-Specific Issues to begin on x+180 days. This deadline is premised upon Defendants' timely receipt of completed Fact Sheets and Authorizations in accordance with | While Case-Specific discovery of the Initial Bellwether Pool cases is appropriate, the Court should not set specific deadlines for Case-Specific discovery at this time. A future case management order will address Case-Specific Discovery in more detail. |

1188459.4

|  |  |  |  |
|---|---|---|---|
|  |  | this Court's Order of February 14, 2014, from all Tennessee Plaintiffs. |  |
|  | All Limited Case-Specific fact discovery for Initial Bellwether Pool cases shall be completed by x+280 days. | All Case-Specific fact discovery for Initial Bellwether Pool cases shall be completed by x+380 days. |  |
| **Selection of Bellwether Trial cases from Initial Bellwether Pool** |  | By x+270 days, the PSC and Defendants shall submit a proposed scheduling order that addresses bellwether selection process and timing, including (i) the proposal for addressing *Lexecon* waivers; (ii) the categorical makeup of the trial pool (identify the major litigation variables, such as type of injury alleged, age group, prior health history, etc.); and (iii) the selection process for choosing cases for bellwether trials from the Initial Bellwether Pool. |  |
|  | By x+310 days, the parties to each select from the Initial Bellwether Pool six (6) cases (for a total of 12) as proposed Bellwether Trial cases. | By x+420 days, the PSC and Defendants will submit an agreed-upon list of four (4) recommended bellwether trial selections, or, if they are unable to reach agreement, each party will submit to the Court its four selections, | A total of four (4) cases shall be selected from the Initial Bellwether Pool. The PSC and the Defendants shall meet and confer on the process for selecting these four cases. However, the Court should not set any deadlines |

1188459.4

| | | along with the reasons for the selections in position papers.<br><br>Each side will have up to two (2) strikes for the cases selected by the other side. The bellwether case trial order will be determined after completion of the Case-Specific discovery in the Initial Bellwether Pool cases. | governing the selection of Bellwether Trial Cases from the Initial Bellwether Pool at this time. |
|---|---|---|---|
| | Each side will have up to two (2) strikes for the cases selected by the other side. The Parties must indicate their strikes within 10 days after the completion of Additional Case-Specific fact discovery (i.e. x+380 days). | | |
| **Additional Case-Specific Fact Discovery** for proposed Bellwether Trial cases | Additional Case-Specific fact discovery for the proposed Bellwether Trial cases to be completed by x+370 days. | | While Case-Specific discovery of the Initial Bellwether Pool cases is appropriate, the Court should not set specific deadlines for Case-Specific discovery at this time. A future case management order will address Case-Specific Discovery in more detail. |
| **Case-Specific Expert Discovery** for proposed Bellwether Trial cases | Plaintiffs to disclose Case-Specific Experts by x+410 days.<br><br>Defendants to disclose Case-Specific Experts by x+440 days.<br><br>Plaintiffs to disclose rebuttal Case-Specific Experts (if any) by x+470 days.<br><br>Depositions of Case-Specific | Further discovery on Case-Specific Issues for cases selected for Bellwether Trials to be addressed in a separate scheduling order. | While Case-Specific discovery of the Initial Bellwether Pool cases is appropriate, the Court should not set specific deadlines for Case-Specific discovery at this time. A future case management order will address Case-Specific Discovery in more detail. |

1188459.4

| | | | |
|---|---|---|---|
| | Experts will begin after rebuttal reports, if any, are served. All Case-Specific Expert discovery to be completed by x+520 days. | | |
| **Determination of the Order of Bellwether Trials** | Within 30 days of the completion of Case-Specific discovery (i.e. x+550 days), the parties to file submissions as to the order in which the unstricken Bellwether Trial cases should be tried and/or remanded to the transferor courts. The Court will then select the order in which the Bellwether Trial Cases will be tried and/or remanded. If any Initial Bellwether Pool case or Bellwether Trial case is settled or dismissed for any other reason, with or without prejudice, a replacement case shall be selected. | The Court will then select four representative cases for initial bellwether trials and establish the order in which these cases should be tried. Once cases have been identified for initial bellwether trials, the parties will follow the protocols court-ordered or agreed-to for discovery. The Court will adopt further orders for fact and expert discovery, motions, and other pre-trial matters in the Bellwether Cases. Once a case has been selected for an initial bellwether trial, it may only be dismissed by the Plaintiff with prejudice. If a case selected for an initial bellwether trial is voluntarily dismissed by the Plaintiff, then the Court shall replace that case with one selected by the Defendants. | The Court will select the order in which the first bellwether trials will be tried and/or remanded and designate the first cases to be tried or remanded. If not already resolved, the parties will file a Notice of Position on Venue and *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), with the Court. If any Initial Bellwether Pool case is settled or dismissed for any reason, with or without prejudice, the opposing party shall select a replacement to be approved by the Court. |

1188459.4

| Date to Start Bellwether Trials | First trial in March 2016. | The proposed order sets forth a schedule that is designed to prepare the first bellwether case for trial by March 2016.<br><br>This proposal is subject to and without waiver of Defendants' position that no case will proceed to trial unless and until all parties have had an adequate opportunity to obtain discovery from NECC and the Affiliated Defendants. | First trial in 2017, subject to and without waiver of Defendants' position that no case will proceed to trial unless and until all parties have had an adequate opportunity to obtain discovery from NECC and the Affiliated Defendants. |
|---|---|---|---|
| Amending the Scheduling Order | Agree with St. Thomas's Position. | The parties can amend any of the timing, volume, and other limitations in the scheduling order by agreement of the parties affected by the limitation. | Agree with St. Thomas's Position. |

1188459.4