UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: ) ) All Cases ) ) | |

### TENNESSEE CLINIC DEFENDANTS' RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO AMEND PREVIOUSLY FILED SHORT FORM COMPLAINTS [1291]

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "the Tennessee Clinic Defendants"), hereby file this *Response to the Plaintiffs' Steering Committee's Motion to Amend Previously Filed Short Form Complaints* [Dkt. 1291] (the "Motion").

1. **Introduction.**

On July 23, 2014, the PSC emailed counsel for defendants listed in the Short Form Complaints and requested that defense counsel respond by close of business that same day if they did not oppose the PSC's request to amend, with one motion and order, an unspecified number of Short Form Complaints, to assert certain "now ripe" claims.

1

The Tennessee Clinic Defendants responded, stating that they would assent to the Motion if the PSC would (1) send them a list of suits being amended; and (2) confirm that the amendments were not adding any new claims against the Tennessee Clinic Defendants.[1]

The PSC did not respond to this request and instead filed the Motion on July 24, 2014.

Because the Motion is so vague in its requested relief and the PSC refused the Tennessee Clinic Defendants' simple request for clarification, the Tennessee Clinic Defendants must file this response.

**2. The Motion as written is not limited to consumer protection claims under M.G.L. Ch. 93A and fails to list the claims it purports to encompass.**

At first blush, the PSC *appears* to be asking the Court to deem all Short Form Complaints amended to now include a consumer protection claim under M.G.L. Ch. 93A. This would not impact these Defendants.

However, the Motion and proposed order make it unclear whether their proposal is limited solely to the Ch. 93A claims. In fact, their request appears to encompass more than just those claims arising under Ch. 93A.

The Motion asks this Court for "leave to amend all short form complaints to add claims under M.G.L.C. 93A, or *any other applicable claim referenced in, but not asserted by, a Short Form Complaint*, that have now become ripe."[2]

---

[1] The email correspondence between counsel for the PSC and counsel for the Tennessee Clinic Defendants, as discussed above, is attached hereto as **Exhibit 1**.
[2] Dkt. 1291, p. 2 (emphasis added).

And, the PSC's proposed order seeks to amend "*claims* referenced in, but not originally asserted by, the short-form complaint *that have ripened as of the date of this order.*"[3]

This language does not limit the amendments to only the Ch. 93A claims and sheds no light on what the proposed amended claims are, who will assert them, and whom they will be asserted against. In short, it is incredibly vague.

If the Motion is in fact as broad-sweeping as its language appears, then it encompasses not just the Ch. 93A claims, but any claim referenced in the Short Form Complaints, irrespective of whether an amendment adding the claim is futile.

For example, Tennessee's Health Care Liability Act ("HCLA") requires a plaintiff to wait 60 days after serving presuit notice on a health care provider before filing a claim under the HCLA against that provider. Several Plaintiffs served presuit notice under the HCLA but never asserted such claims. The limitations period has long since run. The Motion, as stated, deems the Short Form Complaints amended to now add such a claim. This will not only prejudice the Tennessee Clinic Defendants, but will waste the Court's time, as it will then have to deal with a motion to dismiss those time-barred claims. *See Adorno v. Crowley Towing & Transport Co.*, 443 F.3d 122, 126-27 (1st Cir. 2006) (affirming the denial of the plaintiff's motion to amend because the statute of limitations had run on the putative amended claims, and therefore, the amendment was futile); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied in cases of "undue delay…, undue prejudice to the opposing party…, futility of amendment, etc.").

---

[3] Dkt. 1291-1 (emphasis added).

While the Plaintiffs explain the delay in asserting their *Ch. 93A claims*, they give no information as to the scope, or the limits, of their proposed amendment. By its plain language, the amendment goes well beyond the Ch. 93A claims.

Thus, the Court (and the Tennessee Clinic Defendants) cannot determine from the Motion whether any of the putatively amended claims are futile. Similarly, the Tennessee Clinic Defendants (and all other Defendants) cannot even determine if they are affected by such claims.

3. **Conclusion**

The Tennessee Clinic Defendants are willing to work with the PSC on issues like this. But, when the PSC does not respond to a simple inquiry and instead files a motion that includes broad-sweeping, vague language that potentially impacts their rights, the Tennessee Clinic Defendants have no choice but to file a formal response opposing the motion.

For the aforementioned reasons, the Tennessee Clinic Defendants oppose the Motion as currently stated. If the PSC will identify (1) the suits being amended, (2) the claims being added, and (3) the Defendants against whom those claims are being asserted, the Tennessee Clinic Defendants may be willing to withdraw this response opposing the motion.

Respectfully submitted,

/s/ Chris J. Tardio
**C.J. Gideon, Jr.**[4]
**Chris J. Tardio**[4]
**Alan S. Bean**[5]
**Matthew H. Cline**[4]
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 5th day of August, 2014.

/s/ Chris J. Tardio
**Chris J. Tardio**

---

[4] Admitted pursuant to MDL Order No. 1.
[5] Admitted *pro hac vice*.