UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION                        )    MDL No. 1:13-md-2419-RWZ
                                  )
THIS DOCUMENT RELATES TO:         )
                                  )
ALL ACTIONS                       )

**PLAINTIFFS' STEERING COMMITTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CASE MANAGEMENT ORDER AND REQUEST FOR ORAL ARGUMENT**

The Plaintiffs' Steering Committee ("PSC") hereby submits this supplemental memorandum in support of its previously filed Motion for Entry of Case Management Order (Doc. 1188) ("Motion for CMO") and moves the Court to schedule oral argument on the Motion for CMO. The PSC requests that the Court grant all plaintiffs with cases pending against defendant Insight Health Corp. ("Insight"), as well as the co-mediators, access to valuable and highly relevant discovery produced by Insight, including deposition testimony taken from its employees and representatives, answers to interrogatories, all answers to requests for admission, and all documents produced by Insight, that are currently under the protection of certain Virginia state-court-issued protective orders ("Circuit Court Protective Orders") (collectively, the "Discovery").[1] Without participants' complete access to the Discovery, mediation currently scheduled for September 11, 22 and 23, 2014, in which many parties have already invested extensive time and resources, will certainly fail.

---

[1] The scope of the relief sought in the PSC Motion for CMO is broader than just the spreading of discovery across multiple cases. For now, the PSC requests oral argument on the discovery issue in order to facilitate mediation. Argument on the other issues, including the applicability of orders issued in the *Wingate* and *Baker* cases, may be heard following the mediation.

23347/1/6699736v1

The PSC requests that the Court schedule oral argument on the Motion for CMO in late August or very early in September 2014 – in time for the parties to review the discovery materials in advance of the mediation beginning on September 11, 2014.

## Background

1.  <u>Lead Counsel's and The PSC's Responsibilities.</u>

On April 9, 2013 the Court allocated the following responsibilities, *inter alia*, to Lead Counsel and/or the PSC:

a.  Present the position of the plaintiffs on any matter arising during pretrial proceedings;[2]

b.  Coordinate and lead discussions with the Court, plaintiffs' counsel and other stakeholders to ensure that unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive;[3]

c.  Coordinate with counsel in order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions, and reducing duplicative questioning;[4]

d.  Negotiate and propose settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and pursuing all settlement options;[5] and

e.  Litigate any motions presented to the Court that involve matters within the sphere of the PSC's responsibilities.[6]

---

[2] MDL Order No. 2 (Doc. 82), p. 3.
[3] *Id.*, at 4.
[4] *Id.*
[5] *Id.*, at 7.
[6] *Id.*

2.  The Third Amended Protective Order of Confidentiality.

On January 27, 2014, this Court entered its Third Amended Protective of Confidentiality, which affords substantially the same level of protection to confidential information as the Circuit Court Protective Orders.[7]

3.  The *Wingate* and *Baker* cases.

On December 27, 2012, counsel for Sharon G. Wingate, Executor of the Estate of Douglas Gray Wingate, deceased, filed an action for death by wrongful act against defendants Insight, Image Guided Pain Management, P.C. and Drs. John M. Mathis and Robert F. O'Brien, in Roanoke City Circuit Court in Roanoke, Virginia ("Circuit Court"). On April 5, 2013 the Circuit Court entered a Protective Order identifying categories of "Protected Discovery Material" including, *inter alia*, internal policies, procedures and protocols, trade secrets and other confidential research, development and commercial information ("Protective Order"). In its Protective Order the Circuit Court restricted access to all information identified as Protected Discovery Material, including portions of deposition transcripts, documents produced pursuant to requests for production, and responses to interrogatories and requests for admission.

Litigation in *Wingate* proceeded rapidly and extensive discovery was conducted including 19 depositions and innumerable requests for production, interrogatories, and requests for admission. A substantial portion of the information disclosed by the defendants pursuant to the plaintiff's discovery requests and in depositions was identified as Protected Discovery Material, and is therefore subject to the restrictions set forth in the Protective Order.

On January 24, 2014 the parties in *Wingate* resolved the case, and on March 13, 2014 a final order was entered approving the settlement and dismissing the case.

---

[7] Doc. 814.

In a similar fashion, in the case *Chance E. Baker v. Insight Health Corp., et al.*, also originating in the Roanoke City Circuit Court, extensive discovery was taken from the defendants including many depositions, document production, answers to interrogatories, and responses to requests for admission. A protective order similar to that entered in *Wingate* applies in *Baker* (collectively, the "Circuit Court Protective Orders").[8]

4. <u>The PSC's Motion for Entry of Case Management Order (Doc. 1188)</u>.

On June 11, 2014, the PSC filed its Motion for CMO, in which it asks the Court, *inter alia*, to make the Discovery accessible to all parties in the MDL litigation.[9] The parties subsequently agreed to a briefing schedule,[10] the briefs were filed,[11] and the matter is ripe for oral argument.

5. <u>The Scheduled Mediation</u>.

Counsel from nine different Virginia law firms, representing over 150 individual plaintiffs with nearly identical claims against defendant Insight and others,[12] have been in consultation with counsel for Insight about a possible global mediation since spring, 2014. The parties and participants have agreed on many important points, including the selection of co-mediators,[13] dates of mediation,[14] location,[15] and participants. The parties have begun drafting a settlement agreement. Most importantly, there were extensive discussions beginning weeks ago concerning full access for all participants to the Discovery and disclosure of financial

---

[8] For copies of the Circuit Court Protective Orders, please see Memorandum in Support of Plaintiffs' Steering Committee's Motion for Entry of Case Management Order (Doc. 1189), Ex. B.
[9] See proposed MDL Order No. 8 (Doc. 1188-1).
[10] Joint Motion of Insight Health Corp. and the Plaintiffs' Steering Committee for Extension of Deadlines (Doc. 1225).
[11] Insight Health Corp.'s Opposition to Plaintiffs' Steering Committee's Motion for Entry of Case Management Order (Doc. 1256) and Plaintiffs' Steering Committee's Reply Memorandum in Support of Motion for Entry of Case Management Order (Doc. 1289).
[12] Other Virginia defendants and potential mediation participants include Image Guided Pain Management, P.C., Dr. John M. Mathis and Dr. Robert F. O'Brien.
[13] Prof. Eric Green of Resolutions LLC and Judge Stanley Klein of The McCammon Group.
[14] September 11, 22 and 23, 2014.
[15] Roanoke, Virginia.

information by Insight in exchange for a stay of the motions practice while preparing for and conducting mediation. Based on the perception that these discussions were taking place in good faith, many plaintiffs have already provided to counsel for Insight, in a format requested by Insight, detailed information about their individual cases, including facts relating to the basis of Insight's liability, and damages.

It has now recently come to the attention of the PSC that Insight has no intention of allowing any participant in the mediation, other than counsel who represented the plaintiffs in *Wingate* and *Baker*, access to the Discovery.[16] This includes the co-mediators.[17]

## Argument

1. <u>Without an order requiring full disclosure of the Discovery to all mediation participants, the mediation will likely fall apart before it starts, or fail once begun.</u>

Pursuant to its obligations identified in CMO No. 2, Lead Counsel and the PSC have grave concerns that the pending mediation in Virginia will be a monumental waste of time and expenditure unless all sides have a full and fair opportunity to summon all the facts in support of their respective causes. In *Wingate* and *Baker* a lot of information was disclosed by Insight. Some of it was never designated by Insight as protected information pursuant to the Circuit Court Protective Orders and can be shared freely. However some information, probably the most important and relevant, cannot currently be shared among all mediation participants because Insight designated it for protection under the Circuit Court Protective Orders.

2. <u>There is no legitimate concern for the confidentiality of the Discovery.</u>

Any concerns raised by Insight for the confidentiality of the Discovery should be put to rest by the application of this Court's Third Amended Protective Order of Confidentiality to such Discovery. Unfortunately for Insight, the difficulty with its position is not so much the

---

[16] Declaration of J. Scott Sexton, attached hereto as Exhibit A.
[17] *Id.*, p. 3.

preservation of confidentiality generally. It simply does not want these plaintiffs to have this information at one precise moment in time – during mediation.

3. <u>The Discovery was from the beginning intended to be accessible across many individual cases.</u>

The Discovery is by definition a creature of the Circuit Court Protective Orders, which allowed for the designation of "Protected Discovery Material". It is patently obvious from the text of the Circuit Court Protective Orders that the Discovery was intended to be accessible by plaintiffs in many different individual cases. Thus the provision that ". . . certain information sought in discovery and for preparation of the trials of the Meningitis Litigations may be confidential or proprietary, requiring protection: . ."[18] This is perfectly consistent with one of the primary purposes of the formation of this MDL, to preserve resources and "avoid piecemeal litigation."

4. <u>This MDL's very existence demands resolution of this issue in favor of the PSC's Motion for CMO.</u>

The PSC urges the Court to review the first page of its <u>Argument and Authority</u> in its Memorandum in Support of Plaintiffs' Steering Committee's Motion for Entry of Case Management Order.[19] The reasons for formation of this MDL and the reasons behind the PSC's motion for CMO, to avoid piecemeal litigation, have never been substantively repudiated by Insight. It has offered no substantive opposition to the overwhelming case law which says "answers to interrogatories should be made available to other litigants", that "limiting repetitive depositions to promote efficiency" is desirable, that "avoiding reopening discovery that has already been competently conducted" is a good thing, or that "vacating any protective orders

---

[18] Circuit Court Protective Orders, at p. 1.
[19] Doc. 1189, at p. 5

issued in individual cases before their consolidations and tak[e] other actions to promote access to materials from other litigation" is beneficial to the litigants.

5. <u>This issue should be resolved quickly, in time to make a difference at mediation</u>.

The need for the scheduling of oral argument on the Motion for CMO stems from (i) the recent turn of events in negotiations between Insight and counsel for the Virginia plaintiffs, in which Insight has apparently announced that nobody, not even the co-mediators, may have access to the Discovery, (ii) the short period of time available between now and the mediation; and (iii) the need to access and absorb the Discovery now in order to be fully prepared for the mediation.

6. <u>The alternatives are grim</u>.

Finally, the PSC urges the Court to consider the alternatives. If all mediation participants do not have access to the Discovery,

1. The parties may still agree to go forward with mediation. The PSC firmly believes the likelihood of success, with the plaintiffs' ability to consider all facts relevant to their cases severely constrained, is practically nil. Consequently the mediation would likely result in a waste of time and expenditures in this case in which assets available to compensate plaintiffs to some reasonable degree are already far too scarce.

2. The Virginia Plaintiffs may decide to postpone mediation until they can, through discovery, gain access to the very same information that should now be available to them from the *Wingate* and *Baker* files. This would be a tragic exercise in wastefulness and delay, caused by Insight's shortsighted view of the role of mediation.

## Conclusion

The Court should schedule oral argument on the Motion for CMO as soon as practicable. This Court should stand resolutely behind the purposes for which this MDL was formed and order full access to the Discovery for all Virginia plaintiffs who have claims against Insight.

Dated: August 6, 2014

RESPECTFULLY SUBMITTED,

**/s/ Patrick T. Fennell**
Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415/956-1000
Facsimile: 415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Patrick T. Fennell, hereby certify that I caused a copy of the above *Plaintiffs' Steering Committee's Supplemental Brief in Support of Motion Motion for Case Management Order and Request for Oral Argument* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system, and notice of this filing will be sent to those parties by operation of the Court's CM/ECF system.

Dated: August 6, 2014              /s/Patrick T. Fennell
                                   Patrick T. Fennell, VSB 40393