## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Cases. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

### DEFENDANT LIBERTY INDUSTRIES, INC.'S OPPOSITION TO THE PSC'S MOTION TO AMEND PREVIOUSLY FILED SHORT FORM COMPLAINTS

Defendant, Liberty Industries, Inc., ("Liberty") opposes Plaintiffs' Steering Committee's Motion to Amend Previously Filed Short Form Complaints [Dkt. No. 1291] ("Motion") for several reasons. First, the Motion is so vague that it is not discernable which claims are proposed to be added against which defendants by which plaintiffs, making the framing of responsive pleadings impossible. Second, even were the vagueness of the Motion not fatal, the amendment would be futile because substantive Massachusetts law does not apply to any of the cases in the MDL. Third, as a matter of law, no claim for relief under M.G.L. c.93A is stated. Fourth, the Local Rule 7.1 Certification is inaccurate as the undersigned was not contacted prior to the filing of the Motion. For all of the foregoing reasons and as more fully described herein, the Motion must be denied.

### I.      The Motion Must Be Denied Because it is Too Vague.

The Motion and Proposed Order are so vague that Liberty cannot identify exactly what claims are proposed to be added against which defendants by which individual plaintiffs. The Plaintiffs' Steering Committee ("PSC") would like the Court to "deem amended" previously filed Short Form Complaint to "add claims that were not yet ripe" when first filed without

identifying the claims in question.  *See* Motion at 1.  The PSC goes on to reference allegations that M.G.L. c.93A was violated as an "example" of one of the claims that would be "deemed" a part of the Amended Short Form Complaint, but it is not clear what other claims are also contemplated by the PSC's Motion.  The reference to "any other applicable claim referenced in, but not asserted by, a Short Form Complaint, that have now become ripe" does not describe with any particularity the claims proposed to be alleged by the amendment.

It is also unclear how defendants would know which plaintiffs are asserting such claims against them.  If the PSC can simply have the Short Form Complaint (that was not even attached to the Motion) "deemed amended," with no requirement for any individual plaintiff to perform any affirmative act to adopt the amended pleading, defendants will not know which plaintiffs are asserting such claims.   In this circumstance, it is impossible for defendants to frame responsive pleadings to unstated claims deemed to have ripened.  Counsel for individual plaintiffs cannot avoid their most basic responsibility of identifying what claims are asserted against which defendants.    The Motion is so vague that it must be denied.

## II.    The Proposed Amendment is Futile and Should be Denied.

A motion to amend a complaint may be denied when amendment would be futile.  *See Hatch v. Dept. for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (affirming denial of motion to amend complaint on grounds of futility).  The test for futility when a plaintiff proposes to amend a complaint prior to the completion of discovery is whether the proposed amended complaint states a "general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory."  *Id*.  A motion seeking to add a claim that is not applicable to the dispute between the parties should be denied as futile.  *See Shea v. Rev-Lyn Contracting Company*, 1987 WL 15887 *1 (D. Mass. Jul. 29, 1987)(Skinner, J.)

(denying motion to amend complaint to add a claim that was barred by the facts alleged in the complaint).

To the extent the Motion intimates that plaintiffs should be "deemed" to have asserted a claim for violation of M.G.L. c.93A, the proposed amendment is futile because the substantive law of Massachusetts, including claims arising under M.G.L. c.93A, will not apply in any of the cases in the MDL.  To determine what law applies to the individual complaints, this Court applies the choice of law rules of the transferor court.  *See e.g. In re Volkswagon and Audi Warranty Extension Litig.*, 692 F.3d 4, 18-19 (1st Cir. 2012).  The jurisdiction of many of the transferor courts applies one of three rules: 1) a presumption or rule of *lex loci*, or the law of the state where the injury occurred; 2) the "most significant relationship" test found in the Restatement (Second) of Conflict of Laws; or 3) the "functional approach" similar to the Restatement test.[1]  Under each of these tests, and in <u>all</u> of those cases in which Liberty is a defendant, the state where the plaintiff was injured is the relevant jurisdiction.  According to the CDC, none of the plaintiffs were injured in Massachusetts.[2]  Because the law of Massachusetts does not apply, it would be futile to permit amendment of the Short Form Complaint to allege a claim only applicable pursuant to Massachusetts law.  Therefore, the Motion must be denied.

---

[1] For example, Indiana (which has 93 recipients of the contaminated drugs, according to the CDC) applies a rebuttable presumption of *lex loci*.  *See Simon v. United States*, 805 N.E.2d 798, 805-805 (Ind. 2004).  When plaintiffs' domicile and place of injury are the same, there is no reason to disregard the presumption.  *See Alli v. Eli Lilly & Co.*, 854 N.E.2d 372, 379 (Ind. Ct. App. 2006).  Massachusetts utilizes the "functional" approach and typically looks to the Restatement (Second) Conflict of Laws for guidance.  *See e.g. Lou v. Otis Elevator Co.*, 933 N.E.2d 140, 150 (Mass. App. Ct. 2010).  The Restatement states that the applicable law is that of the place where the injury occurred unless "some other state has a more significant relationship []."  Restatement (Second) of Conflict of Laws § 146 (1971).  Other  jurisdictions also follow the Restatement, *e.g.* Florida, New Jersey, Ohio, and Texas. *See Tune v. Phillip Morris, Inc.*, 766 So.2d 350, 353 (Fla. Dist. Ct. App. 2000); *Fu v. Fu*, 733 A.2d 1133, 1138 (N.J. 1999); *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 288 (Ohio 1984); *Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, remanded after appeal, 1 F.3d 320 (5th Cir. 1993) (Texas).

[2] *See* http://www.cdc.gov/hai/outbreaks/meningitis-map-large.html (last accessed Aug. 5, 2014).

**III.    The PSC and its Plaintiffs Failed to Adequately Plead a Cause of Action Under M.G.L. c.93A.**

Amendment would also be futile because even were M.G.L. c.93A to apply to any of the cases in the MDL, the PSC and the plaintiffs have failed to plead adequately any basis for relief under the statute as to Liberty (as opposed to the NECC related parties).  A claim for a violation of M.G.L. c.93A must contain more than a general allegation of wrongdoing.  *See Woods v. Wells Fargo Bank, N.A.,* 733 F.3d 349, 358 (1st Cir. 2013) (affirming dismissal of plaintiff's claims).  Determining whether an unfair and deceptive practice occurred "requires an individualized, 'fact-specific' inquiry."  *Id*.  The failure to plead the particular acts or practices that are alleged to have violated the statute is insufficient to state a claim under M.G.L. c.93A.  *See id*.  The Motion does not identify any specific allegations to support such a claim, and the Master Complaint similarly does not contain any specific factual allegations that pertain to individual plaintiffs, nor could it.  The portion of the Master Complaint that purports to allege a claim based on Chapter 93A against Liberty is comprised of generalized conclusory statements of law, and does not identify what acts or practices Liberty performed that violated the statute, or how those acts allegedly caused any plaintiffs' injuries.  *See* Master Complaint, ¶¶ 272-283 (Dkt. No. 545).  Allegations of mere breaches of contract or negligence do not give rise to liability for unfair and deceptive acts and practices.  *See Woods*, 733 F.3d at 358.

In addition, the PSC has not proposed any allegations that even attempt to comply with pre-suit notice and demand requirements of the statute.  There are no allegations that any plaintiff sent the required demand letter prior to filing suit that sufficiently describes the allegedly unfair and deceptive practice and the plaintiff's alleged injuries.  Instead, the Master Complaint *refers to* the responsibility of each individual plaintiff to allege compliance with the pre-suit requirements of M.G.L. c.93A, however nothing in the Master Complaint, nor in the

Motion (nor any of the complaints with which Liberty has been served), makes any attempt to do so.  The purpose of the demand letter requirement is to encourage early settlement discussions and act as a control on the amount of damages a plaintiff can recover.  *See Spring v. Geriatric Authority of Holyoke*, 394 Mass. 274, 288 (1985) (affirming judgment on the pleadings where plaintiff failed to plead or prove compliance with the demand requirement of M.G.L. c.93A). The demand letter is a pre-suit necessity that must be alleged and proven at trial.  *See id*. at 287. The failure of the PSC and individual plaintiffs to plead adequately a basis for a violation of M.G.L. c.93A renders any Chapter 93A claim a nullity and the amendment futile such that the Motion must be denied.

## IV.     The Local Rule 7.1 Certification is Inaccurate.

Contrary to the Local Rule 7.1(a)(2) Certification appended to the Motion, the PSC did not confer with Liberty's counsel regarding the Motion.  The 7.1 Certification states that "[p]rior to filing this motion, the PSC attempted in good faith to contact counsel for the relevant defendants through email."  Motion at 5.  Perhaps the PSC does not consider Liberty a "relevant defendant."  However it is not at all clear against which defendants the new "claims that have since become ripe" are directed.  To the extent they will be pled against Liberty, Liberty was not provided with an opportunity to confer and disputes that the PSC should be accorded the relief sought by the Motion.

## V.     Conclusion.

The PSC must not be permitted to amend the Short Form Complaint in a manner that fails to provide the necessary description and allegations of the claims it seeks to assert, the identity or mechanism for identifying the Plaintiffs who wish to assert them, and the identity of those against whom the claims are directed.  The PSC and counsel for individual Plaintiffs cannot

avoid spending at least a modicum of time and effort to articulate their claims against the

defendants.   The Motion must be denied as a result of their utter failure to articulate any

reasonable basis for the Motion.

WHEREFORE, Defendant Liberty Industries, Inc., respectfully requests that the Court

DENY the Plaintiffs' Steering Committee's Motion to Amend Previously Filed Short Form

Complaints.

Respectfully submitted,

LIBERTY INDUSTRIES, INC.,
By its attorneys,


/s/ Peter G. Hermes
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
Dated:  August 7, 2014                  (617) 728-0052 (F)


## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District
Court for the District of Massachusetts, I hereby certify that this document, filed through the
ECF system, will be sent electronically to the registered participants as identified on the Notice
of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as
non-registered participants, if any, on August 7, 2014.

/s/ Peter G. Hermes
Peter G. Hermes

G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Amend Short Form Complaint\Liberty OPP to MTN Amend Short Form Complaint 8.6.14.docx