UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Cases. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**DEFENDANT LIBERTY INDUSTRIES, INC.'S POSITION STATEMENT REGARDING DISCOVERY AND TRIAL**

Pursuant to this Court's instructions at the July 17, 2014 hearing before Chief Magistrate Judge Boal and in accordance with the Electronic Order entered on July 18, 2014 [Dkt. No. 1276], Defendant Liberty Industries, Inc. ("Liberty") hereby submits its position regarding a discovery plan and trial schedule ("Discovery Plan"). Liberty acknowledges that the Court has already heard arguments at length by other parties regarding discovery. Therefore, Liberty briefly states the following in support of an Order adopting Liberty's proposed Discovery Plan.

This Discovery Plan is intended only for those cases in which Liberty is a named defendant ("Liberty Cases"). As of August 6, 2014, Liberty is currently named in 71 cases, all of which have been either filed directly or consolidated into the MDL. Liberty is the only defendant currently defending construction defect claims, rather than claims related to the provision of medical services. Liberty is not a defendant in any of the "Tennessee Cases" involving the "St. Thomas Defendants" or any other previously recognized grouping of defendants. Liberty is currently defending claims brought by plaintiffs injured in Florida, Indiana, New Jersey, and Ohio ("Plaintiffs").[1] Liberty is also defending a declaratory judgment

---

[1] Not every Complaint has disclosed where every plaintiff was injured. *See e.g. Cavanaugh*, Case No. 1:13-cv-10486, a class action case originally filed in Texas before it was transferred into the MDL.

action in the United States District Court for the District of Connecticut brought by its insurer seeking a declaration that there is no coverage for the tort claims brought by Plaintiffs against Liberty.  *See Great American E&S Insurance Co. v. Liberty Industries, Inc.*, Case No. 3:14-cv-00499-VLB (D. Conn.).

Liberty seeks discovery that proceeds swiftly and results in trial(s) on liability only commencing October 1, 2015.  This is a realistic schedule and Liberty is optimistic the parties can reach such a goal in light of the PSC's stated desire to proceed with litigating cases.  *See e.g.* Transcript of Jul. 17, 2014 Hearing at 27:16-17 ("We'd like full discovery to go forward on the common issues as quickly as possible.").   Fact discovery, followed by expert discovery, on the "common issues" would provide a sufficient factual basis for trials on liability only to begin in October, 2015.

I.      **COMMON ISSUE FACT DISCOVERY**

A.   Fact discovery of common issues is open.  Common Issue Fact Discovery is subject to the following limitations:

1.   50 Requests for Admissions

2.   40 Interrogatories

3.   50 Requests for Production

If a party wishes to exceed these limitations, that party must seek an agreement of the answering party or leave of Court.

B.    Defendant and the PSC will serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) regarding Common Issues[2] on or before September 5, 2014.

---

[2] "Common Issues" means an issue that potentially impacts all or a substantial number of cases against Liberty. "Case-Specific Issues" are issues that impact a single case or a small number of cases, such as medical causation and the amount of a plaintiff's alleged damages.

      C.      All Requests for Production of Documents shall be served no later than October 31, 2014.  All Requests for Admission and Interrogatories shall be served by November 28, 2014.  Responses to discovery requests shall be due in accordance with the applicable Rules of Civil Procedure.  Any Motions to Compel as to Master Common Discovery shall be served by January 23, 2015.

      D.      Plaintiffs in every filed action naming Liberty will serve completed Plaintiff Profile Forms ("PPF") and medical authorizations on or before September 19, 2014.  Any plaintiff not named in a prior pending suit must serve a completed PPF and medication authorizations within thirty (30) days of filing suit.

      E.      Defendants will notify Plaintiffs of any claimed material deficiencies in the PPFs within thirty (30) days after receipt of the completed PPF.  Plaintiffs will have thirty (30) days from notification to cure any claimed material defect of the PPF.

      F.      No later than thirty (30) days after substantial completion of the production of responsive documents, parties shall provide privilege logs for all responsive documents that have been withheld because of a claim of privilege.  Privilege logs may be produced in PDF or Excel format.  Parties are not required to log any privileged documents that were created after September 18, 2012 that are solely between or among any two or more of the following: (1) any lawyer or employee of a firm that is counsel of record in this MDL action or any state-court lawsuit; (2) in-house counsel; (3) the parties; or (4) a party's insurer, except as may relate to a declaratory judgment action.  Absent an assertion that the information itself is privileged, for each document withheld the party shall provide: (1) a unique identifier; (2) the date of the document; (3) the author/sender; (4) the recipient(s); (5) a brief description of the document; (6) the privilege(s) being asserted; and (7) a brief description why the privilege applies.  Each

identified author/sender and recipient(s) shall be identified by their current title and company affiliation, and shall indicate if they are an attorney.

    G.    Depositions of fact witnesses regarding Common Issues may begin October 1, 2014 and shall be completed by March 31, 2015. These depositions will be governed by a Deposition Protocol to be decided by the Court.[3]

    H.    All Common Issue Fact Discovery shall be completed by March 31, 2015.

## II. AMENDMENT

    A.    Except for good cause shown, any amendments to complaints must occur by January 15, 2015.

## III. COMMON ISSUE EXPERT DISCOVERY

    A.    The PSC shall serve Common Issue expert reports by May 1, 2015.

    B.    Liberty shall serve its expert reports by June 1, 2015.

    C.    The PSC shall serve reports of rebuttal experts (if any) by July 1, 2015.

    D.    The depositions of experts shall begin on July 6, 2015 and be completed within thirty (30) days.

## IV. TRIAL

Liberty proposes the parties work together to develop and propose a schedule for trials on liability to begin in October 2015.

Liberty respectfully requests this Court enter an Order adopting the Discovery Plan described herein for those cases in which Liberty is a named defendant.

---

[3] A proposed Deposition Protocol was previously submitted to the Court (Dkt. No. 994) and is presently pending before Chief Magistrate Judge Boal.

                                                        Respectfully submitted,

                                                        Defendant,
                                                        LIBERTY INDUSTRIES, INC.,
                                                        By its attorneys,

                                                        */s/ Peter G. Hermes*
                                                        Peter G. Hermes, BBO No. 231840
                                                        phermes@hermesnetburn.com
                                                        Scott S. Spearing, BBO No. 562080
                                                        sspearing@hermesnetburn.com
                                                        Dianne E. Ricardo, BBO No. 675586
                                                        dricardo@hermesnetburn.com
                                                        HERMES, NETBURN, O'CONNOR
                                                               & SPEARING, P.C.
                                                        265 Franklin Street, 7th Floor
                                                        Boston, MA 02110
                                                        (617) 728-0050 (T)
Dated:  August 7, 2014                     (617) 728-0052 (F)

## CERTIFICATE OF SERVICE

      Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on August 7, 2014.

                                                        */s/ Peter G. Hermes*
                                                        Peter G. Hermes

G:\DOCS\DER\Cases\Great American\Liberty Industries\Discovery\Liberty's Position Stmnt Regarding Discovery and Trial.docx

5