# EXHIBIT 2

| *Discovery Issue/Deadline* | *PSC's Position* | *UniFirst's Position* | *Problems Posed by PSC's Position* |
|---|---|---|---|
| **Definitions** | For purposes of this Order:<br>(a) the term "NECC" shall mean New England Compounding Pharmacy, Inc.;<br>(b) the term "Affiliated Defendants" shall mean Barry Cadden; Lisa Cadden; Doug Conigliaro; Carla Conigliaro; Gregory Conigliaro; Glenn Chin; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, Inc.; Medical Sales Management; and Medical Sales Management SW;<br>(c) the term "Unaffiliated Defendants" shall mean all Defendants other than NECC or the Affiliated Defendants;<br>(d) the term "National Defendants" shall mean all Unaffiliated Defendants who had service agreements or arrangements with NECC or the Affiliated Defendants, but who did not purchase compounded product from NECC;<br>(e) "Common Issues" are issues that potentially impact all or a substantial number of cases against a particular defendant.  Common Issues include, without limitation, matters relating to company policies and procedures, organizational structures, ownership, vicarious liability, compounding standards, pharmacy orders, NECC, the Affiliated Defendants, National Defendants (e.g., UniFirst Corporation, Liberty Industries, Inc., ARL BioPharma), general causation, scope and amount of insurance coverage, and similar issues that potentially impact all | Same as PSC's Position. | |

1

| Discovery Issue/Deadline | PSC's Position | UniFirst's Position | Problems Posed by PSC's Position |
|---|---|---|---|
| | or a substantial number of cases against a particular defendant; <br> (f) "Common Fact Discovery" means the discovery and development of Common Issues; <br> (g) "Common Written Discovery" is discovery that will apply to Common Issues; <br> (g) "Case-Specific Issues" are those issues affecting a single case or small number of cases.  Examples of Case-Specific Issues include the amount of physical harm an individual plaintiff claims to have suffered as a result of a defendant's alleged wrongdoing and statements allegedly made by a defendant to a particular plaintiff. | | |

| *Discovery Issue/Deadline* | *PSC's Position* | *UniFirst's Position* | *Problems Posed by PSC's Position* |
|---|---|---|---|
| **Scope of Discovery Order** | Order originally submitted to the Court applies to cases naming one or more of the following entities as defendants: Saint Thomas Outpatient Neurosurgical Center, LLC; the Howell Allen Clinic, P.C.; John W. Culclasure, M.D.; Debra V. Schamberg, R.N.; Saint Thomas West Hospital, f/k/a St. Thomas Hospital; Saint Thomas Network; Saint Thomas Health; Ascension Health; and Ascension Health Alliance.<br><br>Although the proposed order does not explicitly set out parameters for discovery from NECC and the insider defendants, it clearly contemplates that discovery from NECC and the Affiliated Defendants will be forthcoming and indicates that modifications to the order will be necessary once that occurs.<br><br>The PSC has separately moved to lift the stay of discovery against the Affiliated Defendants; recent Bankruptcy Court orders approved the insider settlement (which contemplated discovery from NECC and the Affiliated Defendants).<br><br>The PSC believes that the timeframes set out in the proposed order (as modified below) are good benchmarks for all defendants (other than mediating defendants) - though they should be recalculated from the entry date of an order addressing the Tennessee defendants. | This order should apply to all cases pending in this MDL, and not just to the Tennessee cases.<br><br>UniFirst agrees with STOPNC's position, namely that:<br><br>Entry of the Discovery Order is contingent on the Court lifting the stay of discovery as to the Affiliated Defendants such that the Defendants can take discovery of the Affiliated Defendants sufficient to defend the claims against them and develop any comparative fault or third-party claims. Entry of the Discovery Order is also contingent on the Court or the bankruptcy court lifting the stay of discovery of NECC such that the Defendants can take limited discovery and oral testimony of NECC to develop comparative fault defenses, third-party claims, and to defend the claims against them. | Although the PSC recognizes in the "definitions" section of its proposed schedule that all issues pertaining to UniFirst are "common" to all cases nationwide, its proposal nonetheless would limit the common discovery and bellwether selection process governed by this schedule to cases arising in Tennessee.  The PSC's implicit proposal to divide up this MDL proceeding by state would mean that UniFirst and the other National Defendants would be subjected to the same discovery on the same issues over and over again for each of the 17 different jurisdictions where these cases were originally filed.  This is both inefficient and unfair.  The PSC's proposal also would dictate that all of the initial trials in this proceeding would be from Tennessee and, thus, they necessarily would not be representative of the diverse array of cases filed against UniFirst and the other National Defendants by plaintiffs in jurisdictions across the country, which are governed by the laws of many different states, not just Tennessee. |

3

| *Discovery Issue/Deadline* | *PSC's Position* | *UniFirst's Position* | *Problems Posed by PSC's Position* |
|---|---|---|---|
| | The PSC is amenable to working with other defendants to address common discovery issues. | | |
| **Common Initial Disclosures** per F.R.C.P. 26(a)(1) | All parties to provide by **August 6, 2014** (20 days after the July 17, 2014, hearing). | All parties to provide common initial disclosures by $X^1$ + 1 month. | |
| **Access to Discovery from NECC and Affiliated Defendants** | The PSC has already provided Defendants with this access, thus this issue is resolved and need not be included in the scheduling order. | | |
| **Common Written Discovery** | Within **x+30** days, parties may serve Master Common Written Discovery subject to the following limits, which include requests that are currently outstanding:<br>a. 200 Requests for admission<br>b. 40 Interrogatories<br>c. 100 Requests for production<br><br>If a party wishes to extend these limitations, that party must seek an agreement of the answering party(ies) or leave of Court.<br><br>Defendants to respond by **x+30** days to Master Discovery previously served on them by PSC on October, 4, 2013.<br><br>Agree with this deadline [that PSC to respond to Master Common Written Discovery within 30 days of service of Defendants' Master Common Written Discovery]. | Common Issue Written Discovery to be served within X + 2 months; objections and responses to Common Issue Written Discovery by X + 3 months; production of documents completed by X + 6 months; motions to compel Common Issue Written Discovery filed by X + 7 months.<br><br>Any limitations on written discovery to be negotiated by parties, rather than set by court order. For National Defendants, including UniFirst, these limitations must apply to all plaintiffs in all cases, nationwide.<br><br>Common Issue Written Discovery to be completed once (1) the Court has ruled on any motions to compel, and (2) the parties have produced any discovery subject to any order granting any such motion to compel. | UniFirst was not included in any discussions between the PSC and the Tennessee Defendants concerning limitations on discovery, and it should have the opportunity to negotiate its own written discovery protocol. At a minimum, however, these limitations must be limitations for all cases, nationwide, so that UniFirst will not be subject to additional discovery requests from plaintiffs based in other jurisdictions at a later date. |

---

[1] For the purposes of this chart, "X" refers to the date that the Court enters a scheduling order for all cases naming UniFirst.

| *Discovery Issue/Deadline* | *PSC's Position* | *UniFirst's Position* | *Problems Posed by PSC's Position* |
|---|---|---|---|
| | Any motions to compel as to Master Common Written Discovery to be filed by **x+90** days.<br><br>Deadline for completion of Common Written Discovery is **x+120** days. | | |
| **Tennessee Plaintiffs' Fact Sheets and Authorizations** | Due by the later of **x+60** days or **30 days** after filing suit.<br><br>Defendants to provide notice to PSC of incomplete or defective Fact Sheets within **30 days** of receipt of the particular Fact Sheet.<br><br>Plaintiffs to correct Fact Sheet within 30 days of receipt of written notice of deficiency. | All plaintiffs, not just TN plaintiffs—and not just plaintiffs who served short form complaints by 12/20/2013—must complete and serve Plaintiff Profile Forms and medical records releases by X + 1 month.<br><br>Defendants to notify Plaintiffs of any material deficiencies in the PPFs and records releases by X + 4 months.<br><br>Plaintiffs to cure any claimed material deficiencies in the PPFs and records releases by X + 6 months.<br><br>For any cases filed after entry of this order, plaintiffs shall serve PPFs and medical records release forms within 2 weeks of filing suit; defendants shall notify such plaintiffs of any material deficiencies in these forms within 2 weeks of their receipt; and such deficiencies shall be cured within 2 weeks of notification. | National Defendants must be able to catalogue the entire universe of cases pending against them—including cases filed in all jurisdictions—in order to be able to select representative bellwether cases.  Accordingly, National Defendants must receive Plaintiff Profile Forms ("PPFs") and medical records releases from all plaintiffs who have claims pending against them in this MDL.<br><br>The fact that the deadlines proposed by UniFirst for this process extend further than the PSC's proposed deadlines makes good sense, given that (1) there are over 800 plaintiffs in this MDL whose PPFs and medical records the National Defendants must review before they can select representative bellwether cases; (2) new cases continue to be filed, and will continue to be filed, throughout this time period; and (3) in any event, case-specific discovery cannot proceed until common issue discovery has been completed and, thus, there is no need to finish cataloguing the cases and  select a bellwether pool until the close of common issue discovery. |

5

| *Discovery Issue/Deadline* | *PSC's Position* | *UniFirst's Position* | *Problems Posed by PSC's Position* |
|---|---|---|---|
| **Privilege Logs** | Agree with Saint Thomas's Position.<br><br>[No later than 30 days after substantial completion of the production of their responsive documents, parties shall provide privilege logs for all responsive documents that have been withheld because of a claim of privilege.<br><br>Privilege logs may be produced in PDF or Excel Format.<br><br>Parties are not required to log any privileged documents that were created after September 18, 2012, that are solely between any two of the following: (1) any lawyer or employee of a firm that is counsel of record in this MDL action or any state-court lawsuit; (2) in house counsel; or (3) the parties. Absent an assertion that the information itself is privileged, for each document withheld the party shall provide: (1) a unique identifier; (2) the date of the document; (3) the author/sender; (4) the recipients (including current titles, company affiliation and if they are a lawyer); (5) the file name of the document; (6) a brief description of the document; (7) the privileges being asserted; and (8) a brief description as to why the privilege applies.] | | |

6

| | | | |
|---|---|---|---|
| **Common Fact Witness Discovery** | Depositions of witnesses regarding Common Issues to begin following the completion of Common Written discovery, i.e. **x+120**.<br><br>These depositions will be governed by a Deposition Protocol to be decided by the Court.<br><br>Common Fact Witness depositions to be completed by **x+240** | Depositions of witnesses regarding Common Issues to begin following the completion of Common Issue Written discovery (i.e. X + 7 months).<br><br>These depositions will be governed by a Deposition Protocol to be decided by the Court.<br><br>Common Issue fact depositions will be completed within 4 months of their commencement (i.e. X + 11 months). | UniFirst agrees with the PSC that common issue fact depositions (1) should commence once Common Issue Written Discovery has concluded, (2) should be completed within 120 days of their commencement, and (3) should be governed by the Deposition Protocol. But (as noted above), UniFirst does not agree that Common Issue Written discovery will be concluded by X + 4 months. Instead, the conclusion of Common Written Discovery is dependent on the timeframe in which the Court rules on any motion to compel, and the parties subsequently produce any documents subject to such a motion. If no motions to compel are filed (or if such motions are promptly filed and addressed), then Common Written discovery will conclude by X + 7 months. |
| **Completion of Common Fact Discovery** | By x+240 days. | Common issue fact discovery closes by X + 11 months. | As with Common Written Discovery, the conclusion of common issue fact discovery is dependent on the timeframe in which the Court rules on any motions to compel, and the parties subsequently produce any documents subject to such a motion. |

| | | | |
|---|---|---|---|
| **Discovery of Common Experts** (i.e. experts who will testify on Common Issues related to Initial Bellwether Pool cases) | Plaintiffs to disclose Common Experts by **x+270** days.<br><br>Defendants to disclose Common Experts by **x+300** days.<br><br>Plaintiffs to disclose rebuttal Common Experts (if any) by **x+330** days.<br><br>Depositions of Common Experts will begin after rebuttal reports, if any, are served.<br><br>All Common Issue Expert discovery for Initial Bellwether Pool cases to be completed by **x+390** days | Plaintiffs to serve expert reports for experts who will testify on common issues within 1 month of the completion of common issue fact depositions (i.e. X + 12 months).<br><br>Defendants to serve expert reports for experts who will testify on common issues within 2 months of receiving plaintiffs' experts report (i.e. X + 14 months).<br><br>If Plaintiffs believe rebuttal experts are warranted, Plaintiffs shall file a motion, within 1 month of receipt of Defendants' expert reports (i.e. X + 15 months), demonstrating good cause as to why rebuttal experts are necessary. If the Court grants the Plaintiffs' motion, Defendants may disclose sur-rebuttal experts within 1 month (i.e. X + 16 months).<br><br>Depositions of Common Experts will begin after rebuttal reports, if any, are served, and shall be completed within 2 months of their commencement (i.e. by X + 18 months).<br><br>All Common Issue discovery will be completed by X + 18 months. | Common Issue Expert Discovery should not proceed until Common Issue Fact Discovery is complete.<br><br>The parties must produce expert reports—they cannot simply disclose the identity of their intended expert witnesses.<br><br>Given that each defendant and the PSC is likely to have a substantial number of expert witnesses opining on a range of topics from compounding standards to fungal infections, the PSC's proposal—which allows only 30 days for defendants to prepare expert reports in response to those offered by plaintiffs—is unworkable. |

| | | | |
|---|---|---|---|
| **Deadline for Filing Common Dispositive Motions** | Within 30 days of completion of Common Issue Expert discovery (i.e. by x+420 days). Responses are due 30 days after the motion is filed, and replies are due 15 days after the response is filed. | Common issue Rule 56 motions to be filed within 30 days of completion of common issue discovery (X + 19 months), responses due 30 days after the motion is filed (X + 20 months), and replies within 2 weeks of the response (X + 20.5 months). | |
| **Joinder and Amendment** relating to Common Issues | Agree with St. Thomas's Position. [Except for good cause shown, any amendments to complaints must occur within 60 days of the completion of Common Fact Discovery. Joinder of new parties must occur within 60 days of the completion of Common Fact Discovery.] | *See* Case-Specific Dispositive Motions, below. | |
| **Tennessee-Specific Mediation** | The PSC does not agree to an arbitrarily scheduled stay. The Parties can revisit the stay issue if, and only if, it appears that the Parties are seriously engaged in settlement talks and that a stay would advance those efforts. | N/A | |

| | | | |
|---|---|---|---|
| **Selection of Initial Bellwether Pool Cases** | By x+150 days, the parties will file a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), with the Court.<br><br>No later than 90 days after service of the PPFs for cases filed prior to the entry of the scheduling order (i.e. x+160 days), the PSC will select ten (10) cases and Defendants will select ten (10) cases (for a total of 20 cases) as candidates for the Initial Bellwether Pool. | The parties shall meet and confer by X + 16 months to identify relevant variables for a representative bellwether pool.<br><br>The PSC and defendants each select 20 cases to include in the case specific discovery pool and brief their selections to the Court by X + 18 months.<br><br>The Court rules on which 20 cases comprise the Initial Bellwether Pool by X + 20 months.<br><br>The 20 plaintiffs selected for the Initial Bellwether Pool shall file any amended complaints by X + 21 months (within 1 month of Court's ruling on selection). | Ninety days is far too little time to aggregate and analyze PPFs and to obtain and analyze medical records for more than 800 plaintiffs.  UniFirst's proposed deadline will allow the parties adequate time to analyze the voluminous information and to meet and confer with the PSC and other defendants prior to presenting proposals to the Court.<br><br>Additionally, in 18 months, almost all applicable statutes of limitations will have run, so the National Defendants will be able to assess and catalogue the full universe of claims against them in order to select truly representative cases.<br><br>Finally, UniFirst's proposal ensures that the bellwether pool will be selected before the close of common issue discovery and any rulings on common issue summary judgment motions, so that the parties will still be ready and able to proceed with case-specific discovery at the appropriate time. |
| **Case-Specific Motions to Dismiss** | Not addressed. | Defendants to file any motions to dismiss 20 bellwether cases by X + 22 months, responses due 1 month after the motion is filed (i.e. X + 23 months), and replies within 1 month of the responses (i.e. X + 24 months). | The defendants must be permitted to file motions to dismiss cases in the bellwether pool so that the parties don't waste their time going through discovery on meritless claims.  For example, defendants might move to dismiss individual bellwether cases because the plaintiffs failed to file within the applicable statute of limitations, failed to bring their statutory claims under the laws of the appropriate jurisdiction, etc. |

10

| | | | |
|---|---|---|---|
| **Case-Specific Discovery of Initial Bellwether Pool Cases** | The parties may conduct limited Case-Specific fact discovery as to the 20 Initial Bellwether Pool cases.<br><br>"Limited Case-Specific fact discovery" means the depositions of the Plaintiff (and spouse, if making a loss of consortium claim) and the treating physician only. (Additional Case-Specific Fact discovery on Bellwether Trial cases may be permitted after the selection of the Trial cases from the Initial Pool (i.e. after x+310 days.)<br><br>All Limited Case-Specific fact discovery for Initial Bellwether Pool cases shall be completed by **x+280** days. | Case-specific discovery to occur between X + 24 months and X + 30 months, with interim deadlines to be set at a later date. | It would be inefficient to set detailed case-specific discovery deadlines at this early stage.<br><br>UniFirst disagrees with the PSC's proposal to bifurcate case-specific discovery into two parts, and to require the parties to select cases for trial after only having had an opportunity to depose the plaintiff and his/her treating physician, without any opportunity to collect all relevant documents or to depose all relevant witnesses. |
| **Case-Specific Motions for Summary Judgment** | Not addressed. | Defendants to file any case-specific Rule 56 motions after the close of case-specific discovery (i.e. X + 31 months); responses due 1 month after the motion is filed (i.e. X + 32 months), and replies within 1 month of the responses (i.e. X + 33 months). | The case schedule must allow an opportunity for the defendants to seek summary judgment based on the evidence relevant to individual cases. For example, case-specific evidence might demonstrate that a plaintiff failed to file within the applicable statute of limitations, was not injected with contaminated MPA, has suffered no injury, etc. |
| **Selection of Bellwether Trial cases from Initial Bellwether Pool** | By x+310 days, the parties to each select from the Initial Bellwether Pool six (6) cases (for a total of 12) as proposed Bellwether Trial cases.<br><br>Each side will have up to two (2) strikes for the cases selected by the other side. The Parties must indicate their strikes | Within 2 weeks of the Court's decisions on all case-specific motions for summary judgment, the parties will each choose 10 remaining cases from the Initial Bellwether Pool for trial, and will submit a brief to the Court explaining why the cases they have selected are representative and appropriate for trial. | Cases cannot be selected for trial until after the Court rules on summary judgment motions.<br><br>The bellwether selection process proposed by the PSC—in which each side selects 6 cases for trial, 4 of these 12 cases are stricken by the other side, and the remaining 8 cases are set for trial—provides for no judicial oversight |

11

| | | | |
|---|---|---|---|
| | within 10 days after the completion of Additional Case-Specific fact discovery (i.e. x+380 days). | | or moderation of the process. Because each side inevitably will select the cases most favorable to its position, this process is likely to result in trials that are entirely unrepresentative of the majority of pending claims. Accordingly, UniFirst proposes a protocol in which the parties each select a larger number of cases for trial, those cases are winnowed down by the Court to those that are most representative, and only those cases proceed to be tried. |
| **Additional Case-Specific Fact Discovery for proposed Bellwether Trial Cases** | Additional Case-Specific fact discovery for the proposed Bellwether Trial cases to be completed by **x+370** days. | Case-specific discovery to occur between X + 24 months and X + 30 months, with interim deadlines to be set at a later date. | It would be inefficient to set detailed case-specific discovery deadlines at this early stage.<br><br>UniFirst disagrees with the PSC's proposal to bifurcate case-specific discovery into two parts, and to require the parties to select cases for trial after only having had an opportunity to depose the plaintiff and his/her treating physician, without any opportunity to collect all relevant documents or to depose all relevant witnesses. |
| **Case-Specific Expert Discovery for proposed Bellwether Trial Cases** | Plaintiffs to disclose Case-Specific Experts by **x+410** days.<br><br>Defendants to disclose Case-Specific Experts by **x+440** days.<br><br>Plaintiffs to disclose rebuttal Case-Specific Experts (if any) by **x+470** days.<br><br>Depositions of Case-Specific Experts will begin after rebuttal reports, if any, are served. | Case-specific discovery to occur between X + 24 months and X + 30 months, with interim deadlines to be set at a later date. | It would be inefficient to set detailed case-specific discovery deadlines at this early stage.<br><br>UniFirst disagrees with the PSC's proposal to bifurcate case-specific discovery into two parts, and to require the parties to select cases for trial after only having had an opportunity to depose the plaintiff and his/her treating physician, without any opportunity to collect all relevant documents or to depose all relevant witnesses. |

|  |  |  |  |
|---|---|---|---|
|  | All Case-Specific Expert discovery to be completed by **x+520** days. |  |  |
| **Determination of the Order of Bellwether Trials** | Within 30 days of the completion of Case-Specific discovery (i.e. x+550 days), the parties to file submissions as to the order in which the unstricken Bellwether Trial cases should be tried and/or remanded to the transferor courts.<br><br>The Court will then select the order in which the Bellwether Trial Cases will be tried and/or remanded.<br><br>If any Initial Bellwether Pool case or Bellwether Trial case is settled or dismissed for any other reason, with or without prejudice, a replacement case shall be selected. | Deadline to be set following resolution of case-specific motions to dismiss and case-specific Rule 56 motions. The Court should select 6 of 20 proposed cases and set trial order and dates. | The bellwether selection process proposed by the PSC—in which each side selects 6 cases for trial, 4 of these 12 cases are stricken by the other side, and the remaining 8 cases are set for trial—provides for no judicial oversight or moderation of the process. Because each side inevitably will select the cases most favorable to its position, this process is likely to result in trials that are entirely unrepresentative of the majority of pending claims. Accordingly, UniFirst proposes a protocol in which the parties each select a larger number of cases for trial, those cases are winnowed down by the Court to those that are most representative, and only those cases proceed to be tried. |
| **Date to Start Bellwether Trials** | First trial in **March 2016**. | First bellwether trial to occur in approximately late 2017. |  |
| **Amending the Scheduling Order** | Agree with St. Thomas's Position.<br><br>[The parties can amend any of the timing, volume, and other limitations in the scheduling order by agreement of the parties affected by the limitation.] | Agree with St. Thomas's and PSC's positions. |  |

13