# Exhibit 3

VIRGINIA

### IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| BARBARA J. FILSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CL12-2575 |
| | ) |
| INSIGHT HEALTH CORP., | ) |
| JOHN MATHIS, M.D., | ) |
| ROBERT F. O'BRIEN, M.D., | ) |
| And | ) |
| IMAGE GUIDED PAIN MANAGEMENT, | ) |
| P.C. | ) |
| | ) |
| Defendants. | ) |

### DEMURRER OF INSIGHT HEALTH CORP.

COMES NOW, Defendant INSIGHT HEALTH CORP. ("IHC"), by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, and as its Demurrer to the Plaintiff's Complaint states as follows:

### DEMURRER AS TO ALL COUNTS

Plaintiff has omitted the manufacturer of the alleged contaminated steroids at issue in this case, NEW ENGLAND COMPOUNDING CENTER a/k/a NEW ENGLAND COMPOUNDING PHARMACY ("NECC"), from this action. In its absence, among other things, "complete relief cannot be accorded among those already parties." Va. Sup. Ct. R. 3:12(a). Accordingly, NECC is a necessary and indispensable party to this action. Va. Sup. Ct. R. 3:12 (a) and (c); *Asch v. Friends of Mt. Vernon Yacht Club*, 251 Va. 89, 90 (1996) (a court lacks the power to proceed with a suit unless all necessary parties are properly before the court and, if not, the matter must be dismissed); *Gray v. Virginia Secretary of Transportation*, 77 Va. Cir. 224, 227-228 (Cir. Ct. City of Richmond, 2008) (discussing Va.

Sup. Ct. R. 3:12 (a) and (c) and dismissing action because necessary and indispensable party not in the action) (*citing Mendenhall v. Cooper*, 239 Va. 71, 74 (1990) (failure to join necessary and indispensable party mandates dismissal of action)).   Accordingly, Plaintiff's claims against IHC must fail.

<u>**DEMURRER AS TO COUNT I – NEGLIGENCE *PER SE***</u>

In Count I, Plaintiff contends that IHC is negligent *per se* based on a violation of various sections of Va. Code § 54.1-3400, known as the Virginia Drug Control Act ("VDCA"), including Va. Code § 54.1-3461(A)(2) (preparation or release of unsanitary drugs), Va. Code § 54.1-3461(B) (failing to meet purity or quality standards in drug compendium or under federal standard), and 54.1-3457 (1) and (3) (release of impure drug into commerce and injuring patients). (Complaint ¶¶ 171-174.)  However, the sections of the VDCA relied upon by Plaintiff do not apply to IHC because they apply only to pharmacists, and not to health care providers or other parties involved in the health care process. *See Va. Code. § 54.1-3410.2(D)* (it is the pharmacist, and not the treating or administering health care provider or other party involved in that process, who "shall personally perform or … supervise the compounding process, which shall include a final check for accuracy and conformity to the formula of the product … appropriate conditions and procedures, and appearance of the final product"), and Va. Code. § 54.1-3410.2(E) (it is only the pharmacist who "shall ensure compliance with the USP-NF standards for … sterile … compounding.").  Moreover, there is no stand-alone or separate cause of action for negligence *per se* under Virginia law; rather, any such claim must arise from a breach of a standard of care set forth by statute. *See Williams v. Old Brogue, Inc.*, 232 Va. 350 (1986) (the doctrine of negligence *per se* does not exist as a stand alone claim and cannot create a cause of action where none

otherwise exists); *Talley v. Danek Med., Inc.*, 179 F.3d 154, 158 (4th Cir. 1999) ("the negligence per se doctrine, however, is not a magic transforming formula that automatically creates a private right of action for the civil enforcement, in tort law, of every statute."). Accordingly, because the VDCA does not apply to IHC, and there can be no stand-alone claim for negligence *per se* under Virginia law, Plaintiff's negligence *per se* claim against IHC must fail.

## DEMURRER AS TO COUNT II – VIRGINIA CONSUMER PROTECTION ACT

In Count II, Plaintiff alleges that she and IHC engaged in a transaction involving the sale of the steroid that falls under the purview of Va. Code § 59.1-198, the Virginia Consumer Protection Act ("VCPA"). (Complaint ¶¶ 181-184.) Hence, Plaintiff contends that IHC is a "supplier in connection with a consumer transaction" as those terms are defined under the VCPA. However, IHC is neither a "supplier" nor was there a "consumer transaction" for the "sale of goods" such that the VCPA could apply. *See* Va. Code § 59.1-198 (a "'supplier' is defined as a seller, lessor or licensor who advertises, solicits or engages in consumer transactions."); ("'[c]onsumer transaction' [is] the advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes."); *Coffman v. Anthrex, Inc., et al.*, 69 Va. Cir. 17, 18-19 (Cir. Ct. Augusta Cty. 2005) (product liability claim involving defective medical device dismissed because a health care provider cannot be a "seller" under the Virginia Commercial Code in that context and there can be no "sale" because any such transaction was incidental to the rendering of healthcare services); *Wachovia Bank, N.A. v. Bourn*, 2003 U.S. Dist. LEXIS 519, *8-*9, Civ. No. 7:02CV00773, (W.D. Va. Jan. 7, 2003) (there must be a "transfer of title" to

the good in order for there to be a "sale."). Accordingly, Plaintiff's claim under the VCPA against IHC must fail.

## DEMURRER AS TO COUNT III – NEGLIGENCE

The Complaint fails to allege sufficient facts to demonstrate that IHC owed a duty to the Plaintiff. The Complaint alleges that the Plaintiff received an epidural steroid injection at "Insight Imaging-Roanoke." (Complaint ¶¶ 38, 39, 152.) The Complaint further alleges that the epidural steroid injection was administered by Dr. O'Brien, an employee of "Insight Imaging-Roanoke." (*Id.*) The Court may take judicial notice of the fact that the fictitious name "Insight Imagining-Roanoke" is registered to Image Guided Pain Management, P.C. *See* Va. Code §§8.01-388 and 389; *see also Station #2, LLC v. Lynch*, 75 Va. Cir. 179, 191 (Cir. Ct. City of Norfolk, April 2008) (the court may take judicial notice of public records); *Slaughter v. Commonwealth*, 54 Va. 767, 777 (1856) ("the court would take judicial notice of private corporations created under general law, whose certificates were printed with the public acts of the Legislature ...."); *see also* Virginia State Corporation Commission filing for SCCID#07221021 for Insight-Imaging Roanoke attached as Exhibit A. Accordingly, while Plaintiff's Complaint alleges that a doctor-patient relationship existed between Image Guided Pain Management/Dr. O'Brien and the Plaintiff, the Complaint fails to allege there was any such relationship between the Plaintiff and IHC. Thus, the Plaintiff's Complaint fails to allege any facts that would support a contention that there was a duty owed by IHC to the Plaintiff.

## DEMURRER AS TO COUNT IV - GROSS NEGLIGENCE

In Count IV, Plaintiff alleges a claim for Gross Negligence. This claim must similarly fail because, just like the Negligence Count, the allegations contained in Plaintiff's Complaint

4

do not allege specific facts that would support a contention that there was a duty owed by IHC to the Plaintiff to support a claim for gross negligence. *See Frazier v. City of Norfolk*, 234 Va. 388, 393 (1987); *Kennedy v. McElroy*, 195 Va. 1078, 1082, 81 S.E.2d 436, 439 (1954). Moreover, it is simply not enough to merely recite the elements of the cause of action that all defendants, for instance, were "heedless and palpable," or all acted with "such an utter disregard for prudence." (Complaint ¶¶ 203-204.)  Instead, Plaintiff must plead specific facts as to IHC. *See BB&T Ins. Servs. v. Thomas Rutherford, Inc.*, 80 Va. Cir. 174, 176 (Cir. Ct. City of Richmond, Feb. 9, 2010) (formulaic recitation of the elements of a cause of action, instead of pleading actual facts, will not suffice and the court granted the demurrer as to a claim for breach of fiduciary duty).  Therefore, Plaintiff's claim for gross negligence must fail.

## COUNT V – FRAUD

In Count V, Plaintiff alleges Fraud.  This, too, must fail because the allegations in Plaintiff's Complaint do not allege specific facts that would support a contention that, for example, there was a false representation made intentionally and knowingly by IHC, or with intent to mislead, or that there was reliance on any such purported misrepresentation. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218, 618 S.E.2d 316, 321 (2005). There are neither specific allegations that IHC made a representation of any kind, intentionally or otherwise, regarding the steroids at issue to the Plaintiff nor that the Plaintiff relied on any such purported representation allegedly made by IHC.  (Complaint ¶¶ 210-220, wherein all allegations are against "Insight-Imaging-Roanoke" and not against IHC); *see Mortarino v. Consultant Engineering Services*, 251 Va. 289, 295 (1999) (demurrer as to fraud count affirmed because the pleadings did not set forth specific allegations that a representation

had been made to the plaintiff and that the defendant "knew or had reason to know" that the plaintiff would rely upon any such representation); *see also BB&T*, 80 Va. Cir. at 176 (formulaic recitation of the elements of a cause of action, instead of actual facts plead, will not suffice and the court granted the demurrer); *Station #2*, 75 Va. Cir. at 194 (granting demurrer as to the fraud count because plaintiff failed to allege misrepresentation made to, and relied upon by, plaintiff.) Accordingly, Plaintiff's fraud claim against IHC must fail.

### DEMURRER AS TO PUNITIVE DAMAGES

Plaintiff's Complaint also seeks punitive damages against IHC. However, the Complaint fails to allege any facts against IHC that could support a claim for punitive damages; specifically, Plaintiff has failed to allege facts which would support a conclusion that IHC acted with malice or in willful and wanton disregard to Plaintiff's rights. *See, e.g., Xsepedius Management Co. of Virginia, LLC v. Stephan*, 269 Va. 421, 425 (2005); *Hogg v. Plant* 145 Va. 175 (1926). Accordingly, Plaintiff's claim for punitive damages against IHC must fail.

WHEREFORE, for the reasons stated above and in the Memorandum of Law which Defendant IHC shall supply to the Court before the hearing on its Demurrer, Defendant IHC prays this Court will sustain its Demurrer, and that the Motion for Judgment against IHC be dismissed with prejudice and that IHC be awarded its costs of this action together with whatever further relief this Court may deem just and proper.

Date: January 28, 2013

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

Christopher E. Hassell, Esquire VSB#30469
Brian J. Gerling, Esquire VSB #75817
Clinton R. Shaw, Jr. VSB#37498
1233 20th Street, NW, 8th Floor
Washington, DC  20036
p(202) 712-7000
f(202) 712-7100
chassell@bonnerkiernan.com
bgerling@bonnerkiernan.com

*Counsel for Insight Health Corp.*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY**, that I caused to be served the foregoing Demurrer of

INSIGHT HEALTH CORP.  via regular mail and email this 28th day of January, 2013 to:

J. Scott Sexton
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, Virginia 24022-0013
p540.983.9300
f540.983.9400
sexton@gentrylocke.com

    and

Rebecca Herbig
Bowman and Brooke LLP
1111 East Main Street, Suite 2100
Richmond, VA 23219
p804.649.8200
f804. 804.649.1762
rebecca.herbig@bowmandandbrooke.com

    and

John Jessee
LeClair Ryan
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
p540.510.3018
f540.510.3050
john.jessee@leclairryan.com

Christopher E. Hassell
Brian J. Gerling

8

1/23/13                                    Business Entity Search

Payment by eCheck is currently unavailable. We apologize for any inconvenience this may cause.

Home | Site Map | About SCC | Contact SCC | Privacy Policy

SCC eFile > Entity Search                                          Login | Create an Account

## SCC eFile
### Business Entity Search                    ? Help

This page will allow you to locate business entities and view their details. If you are logged in you will be
able to complete SCC eFile actions for a selected business entity.

**SCC eFile**
- SCC eFile Home Page
- Check Name
- Distinguishability
- Business Entity Search
- Certificate Verification
- FAQs
- Contact Us
- Give Us Feedback

**Business Entities**

**UCC or Tax Liens**

**Court Services**

**Additional Services**

Enter Business Entity Name or SCC ID: insight imaging                    [ Search ]

Check name distinguishability

Your Search: **insight imaging**
Your Results: (click on a business entity to view details or take action)

Show [10] entries                              Filter results: [          ]

| SCC ID | Business Entity Name | Entity Type | Status |
|--------|----------------------|-------------|--------|
| F1582438 | INSIGHT IMAGING - ARLINGTON(ARLINGTON CO) | Foreign Corporation | Fictitious name |
| F1582438 | INSIGHT IMAGING(ARLINGTON CO) | Foreign Corporation | Fictitious name |
| F1582438 | INSIGHT IMAGING CENTER OF ARLINGTON(ARLINGTON CO) | Foreign Corporation | Fictitious name |
| F1582438 | INSIGHT IMAGING - FAIRFAX(FAIRFAX CO) | Foreign Corporation | Fictitious name |
| S1725367 | INSIGHT IMAGING, L.L.C. | Limited Liability Company | Canceled |
| T0482994 | INSIGHT IMAGING, LLC | Foreign Limited Liability Company | Active |
| 07221021 | INSIGHT IMAGING - ROANOKE(ROANOKE CI) | Corporation | Fictitious name |
| F1582438 | INSIGHT IMAGING - WOODBRIDGE(PRINCE WILLIAM CO) | Foreign Corporation | Fictitious name |
| F1582438 | INSIGHT IMAGING - WOODBRIDGE(PRINCE WILLIAM CO) | Foreign Corporation | Fictitious name |
| 01850494 | INSIGHT INCORPORATED | Corporation | Active |

Showing 1 to 10 of 85 entries

[First] [Previous] [1] [2] [3] [4] [5] [Next] [Last]

The search will look for an exact match plus any business entity names that alphabetically follow (e.g.
ABC will also return ABC Contractors, Inc.).

Note: General Partnerships, including those registered for status as a Limited Liability Partnership (LLP),
are not searchable on this site. For information regarding a general partnership of record with the
Commission, please contact the Clerk's Office at (804) 371-9733 or toll-free in Virginia at 1-866-722-
2551.

Screen ID: e0800

Need additional information? Contact sccinfo@scc.virginia.gov Website questions? Contact: webmaster@scc.virginia.gov
We provide external links throughout our site. ⊕
🔲 PDF(.pdf) Reader 🔲 Excel (.xls) Viewer 🔲 PowerPoint (.ppt) Viewer 🔲 Word (.doc) Viewer
Build #: 1.0.0.12748



EXHIBIT
A

1/23/13                                                    Business Entity Details

Payment by eCheck is currently unavailable. We apologize for any inconvenience this may cause.



Home | Site Map | About SCC | Contact SCC | Privacy Policy

SCC eFile > Entity Search > Entity Details                                    Login | Create an Account

SCC eFile
**Business Entity Details**                                        ❓ Help

**Image Guided Pain Management, P.C.**

SCC eFile

SCC eFile Home Page
Check Name
Distinguishability
Business Entity Search
Certificate Verification
FAQs
Contact Us
Give Us Feedback

**Business Entities**

**UCC or Tax Liens**

**Court Services**

**Additional Services**

General

SCC ID: 07221021
Entity Type: Corporation
Jurisdiction of Formation: VA
Date of Formation/Registration: 4/19/2010
Status: Active
Shares Authorized: 5000

Principal Office

2923 FRANKLIN ROAD SW
ROANOKE VA24014

Registered Agent/Registered Office

HERMAN A MARSHALL III
10 S JEFFERSON ST
STE 1400
ROANOKE VA 24011
ROANOKE CITY       217
Status: Active
Effective Date: 4/19/2010

Select an action

File a registered agent change
File a registered office address change
Resign as registered agent
File an annual report
Pay annual registration fee
Order a certificate of good standing
Submit a PDF for processing (What can I submit?)
View eFile transaction history
Manage email notifications

[ New Search ]  [ Home ]

Screen ID: e1000
Need additional information? Contact sccinfo@scc.virginia.gov Website questions? Contact: webmaster@scc.virginia.gov
We provide external links throughout our site. ⊗
📰 PDF (.pdf) Reader 📘 Excel (.xls) Viewer 📙 PowerPoint (.ppt) Viewer 📄 Word (.doc) Viewer
Build 2.3.0.0.12748