# Exhibit 12

February 4, 2013

**REQUEST FOR FURTHER INFORMATION**
**AND RESERVATION OF RIGHTS**

VIA FACSIMILE AND REGULAR MAIL

Insight Health Services Corp
Attention: Ms. Jenni Lohse/
Center for Diagnostic Imaging
5775 Wayzata Boulevard, Suite 400
Minneapolis, MN  55416

> RE:   **Insured:  Insight Health Services Corp., d/b/a**
> **Insight Imaging in Roanoke. Va.**
> **Claims, Potential Claims  (See Exhibit 1)**
> **Policy no.: Lexington No. 6794285 (3/15/11 – 3/15/12)**
> **Our File #: 107-13466**

Dear Ms. Lohse:

AIG is the claims administrator for Lexington Insurance Company ("Lexington"), which issued the policy referenced above (the "Lexington Policy") to Insight Health Services Corp. d/b/a Insight Imaging in Roanoke. Va. ("Insight").  The purpose of this letter is to request additional information necessary for us to make a coverage determination in this matter, as well as set out our initial reservation of rights pending receipt of the requested materials.

**The Lexington Policy**

Lexington Insurance Company ("Lexington") issued a Healthcare Professional Liability Claims Made and Healthcare General Liability Occurrence Policy to Insight Health Services Corp., bearing policy number 6794285, with effective dates of March 15, 2012 to March 15, 2013 (the "Lexington Primary Policy").  Pursuant to Endorsement No. 9, Insight Health Services Corp. d/b/a Insight Imaging in Roanoke. Va., was added as a named insured.  The policy includes (1) Healthcare Professional Liability Coverage, Claims-Made ("HPL" coverage) and (2) Healthcare General Liability, Occurrence ("HGL" coverage).  Each type of coverage contains language relevant to Lexington's coverage position.  The HPL limits of liability are $1 million each medical incident and $3 million in the aggregate.  The HGL limits of liability are $1 million each occurrence and $3 million in the aggregate.

Both policy parts, pursuant to Endorsement No. 17, are subject to a $50,000 Self-insured Retention that applies per medical incident with $150,000 aggregate for the HPL coverage and applies per occurrence with a $150,000 aggregate for the HGL coverage.  Any obligation on Lexington's part to pay defense costs or indemnity associated with the above-referenced claims applies only in excess of the Self-Insured Retention.  We currently have received no information

January 15, 2013
Page 2

indicating that this Self-Insured Retention has been exhausted. We therefore assume that the notices of claims are being provided to us for informational purposes. We will continue to closely monitor the case and ask that you continue to keep us updated as to the status of these claims as well as your investigation. We also ask that you provide us with copies of any lawsuits or claims not listed on Exhibit I for which the Lexington Policy may provide coverage and notify us when the underlying limits are nearing exhaustion.

### Factual Background

Based on the information we have received to date, the plaintiffs in the above referenced claims allege that they received injections of methylprednisolone acetate (MPA) for pain management purposes at Insight Imaging of Roanoke, Va. They allege that the MPA used in their injections was contaminated with fungus and mold while it was being prepared by New England Compounding Pharmacy, Inc. also known as New England Compounding Center ("NECC"). They allege that the contaminated MPA resulted in illnesses including fungal meningitis and viral meningitis, and related headaches, nausea, hallucinations, and light sensitivity. One of the claimants, Douglas Wingate, allegedly died as a result of the contaminated MPA.

Defendants named in the above-referenced complaints include NECC, Insight Health, Image Guided Pain Management, and individual doctors. Causes of action alleged in the complaints include negligence and gross negligence, negligent misrepresentation, breach of express and implied warranties, Virginia Consumer Protection act violations, and fraud. Collectively the complaints seek tens of millions of dollars in compensatory damages. Some of the underlying claims seek punitive damages and treble damages. The complaints also seek attorney's fees and interest.

Lexington issued a Healthcare Professional Liability Claims Made and Healthcare General Liability Occurrence Policy to Insight Health Services Corp., under policy no. 6794285, with effective dates of March 15, 2012 to March 15, 2013. **Attached to this letter as Exhibit 2 are relevant policy provisions for convenient review.** Kindly refer to the policy for its complete terms and conditions.

### Request for Further Information

Please provide us with the following information as soon as practicable:

1.      Please identify all liability policies that you contend provide defense or indemnity coverage for Insight Health Services Corp. d/b/a Insight Imaging Roanoke Va., for the time period beginning March 15, 2012 to March 15, 2013. Please provide the name(s) of the insurance companies issuing such policies, the effective dates of such policies, the limits of liability of such policies, and whether any such policies provided general liability coverage or claims made coverage.

2.      Please provide copies of any policies identified in response to Request No. 1.

Services Provided by Members of
American International Group, Inc.

January 15, 2013
Page 3

3.    Please tell us whether any of the underlying claims were tendered to any policies identified in response to Request No. 1 above, including but not limited to, the date of any tenders made, the name of all carriers to whom the claim was tendered, the policy number and effective dates of all such policies under which the claim was tendered, and each carriers' response to the tender.

4.    Copies of any position letters or reservation of rights letters provided to you by any other insurer with respect to the claim at issue.

5.    Any information in your possession regarding exhaustion or erosion of the limits of any primary insurance coverage you contend may apply to the underlying claims.

6.    Please tell us whether the claimants were billed separately for the injection and the MPA.

7.    Is Insight an additional insured under NECC's insurance policies or any other entities' insurance policies with regard to the distribution or sale of MPA?  If so, please identify the policy or policies, the name(s) of the insurance companies issuing such policies, the effective dates of such policies, the limits of liability of such policies, and whether any such policies provided general liability coverage or claims made coverage.  Please provide copies of the policies, if you have them.

8.    Is Insight a party to any indemnity agreements with regard to the distribution or sale of MPA?  If so, please provide copies of the agreement(s).

9.    Has Insight requested that NECC (or its insurers) indemnify it for the claims listed on Exhibit 1?

## RESERVATION OF RIGHTS
### Healthcare Professional Liability Coverage

The Healthcare Professional Liability coverage part provides coverage for damages resulting from a medical incident arising out of professional services provided by any insured, provided that the medical incident takes place after the retroactive date and before the end of the policy period and a claim for such medical incident is first made against an insured during the policy period or extended reporting period, if applicable.  The information provided to date regarding the circumstances surrounding each underlying claim is limited.  We understand that the number of claims is expected to increase in the future.  To the extent that any of the underlying claims involve a medical incident that does not take place during the required time period, Lexington reserves the right to deny coverage for such claims.  Lexington also reserves the right to deny coverage for claims that were not first made against an insured during the policy period or any extended reporting period, if applicable.  Additionally, Lexington reserves the right to deny

Services Provided by Members of
American International Group, Inc.

January 15, 2013
Page 4

coverage for any claim that does not involve a "medical incident" arising out of "professional services", as those terms are defined in the Lexington Policy.

### Patient Bodily Injury

Endorsement 7 to the HPL coverage part, the Patient Bodily Injury endorsement, provides that Lexington will pay those sums that an insured becomes legally obligated to pay as damages because of bodily injury to a patient. The endorsement also provides that all bodily injury in any way sustained by a patient shall for the purposes of this policy be deemed a medical incident. This coverage, however, applies only if the bodily injury is caused by an occurrence that takes place in the coverage territory, the bodily injury occurs after the retroactive date but before the end of the policy period, and a claim for damages because of the bodily injury is first made against the insured during the policy period or the extended reporting period, if applicable. Lexington reserves the right to deny HPL coverage for a bodily injury to a patient claim if the facts so warrant.

### Medical Incident Limit

Endorsement 7 also provides that subject to Paragraph A of the HPL limit of liability section, the each medical incident limit stated in the Declarations is the most that Lexington will pay under the HPL coverage for damages arising out of a single medical incident, and/or all bodily injury to any one patient arising out of a single occurrence. Endorsement 7 also provides that all related or interrelated medical incidents causing bodily injury to a patient shall be deemed a single medical incident for purposes of the medical incident limit. Lexington also reserves its rights to rely on the Limits of Liability Section to limit its coverage under the HPL Coverage Part for the claims at issue to the $1 million each medical incident limit, if the facts so warrant.

### Dishonest Practices

Exclusion K., Dishonest Practices, of the Healthcare Professional Liability coverage part excludes coverage for any medical incident, claim or suit arising out of dishonest, fraudulent, criminal or malicious acts, errors, or omissions. Lexington reserves the right to deny indemnity for any of the underlying medical incidents, claims or suits that arise out of dishonest, fraudulent, criminal, or malicious acts, errors, or omissions.

### Expected or Intended Injury

Exclusion Q., Expected or Intended Injury, of the Healthcare Professional Liability coverage part excludes coverage for liability arising out of damages or harm expected or intended from an insured's standpoint. Lexington reserves the right to deny coverage to the extent that this exclusion applies.

Services Provided by Members of
American International Group, Inc.

January 15, 2013
Page 5

## Exclusion of Other Coverage Part

Exclusion R., Other Coverage Parts, of the Healthcare Professional Liability coverage part excludes coverage for any claims or suits brought under any coverage part of the Lexington Policy other than the Healthcare Professional Liability coverage part. Accordingly, Lexington reserves the right to deny coverage under the Healthcare Professional Liability coverage part to the extent that any claims are brought or are determined to fall under the Healthcare General Liability coverage part of the Lexington Primary Policy.

## Physicians

Exclusion S., Physicians, excludes coverage for any claim against any physician, including any resident, intern, extern, or fellow. Lexington reserves the right to deny coverage to the extent that this exclusion applies.

## Penalties/Punitive Damages

Exclusion U., Penalties, of the Healthcare Professional Liability coverage part, as amended by Endorsement 15, excludes coverage for any fines or penalties. Lexington reserves the right to deny coverage for any such amounts that may be awarded against Insight Health.

Additionally, some of the underlying plaintiffs may seek to recover punitive damages against Insight Health. Punitive damages often are based upon intentional and other non-fortuitous conduct. Accordingly, Lexington reserves its right to deny coverage for punitive damages under the HPL Coverage Part of the Lexington Policy to the extent they are excluded under the policy, to the extent they are not insurable under applicable state law, and/or to the extent they are based on acts or omissions that were intentional, non-fortuitous, or acts and omissions that do not otherwise constitute a "medical incident" as that term is defined in the Lexington Policy.

## Other Insurance

The Lexington Policy contains an Other Insurance provision, Condition H., which requires that other insurance that applies to a loss resulting from an occurrence or medical incident must pay first. This condition applies to both the HPL coverage and the HGL coverage. The Other Insurance provision further states that the Lexington Policy applies only to the amount of loss that is more than the limits of the other insurance and the total of all deductibles and self-insured retention amounts under all such other insurance. Lexington reserves the right to rely upon the Other Insurance provision to the extent that another policy of insurance is applicable.

## Notice Provision

The Lexington Policy requires that Insight must notify Lexington in writing of any medical incident which may be reasonably expected to give rise to a claim or suit as soon as practicable. Such notice must include to the extent possible the names and addresses of any injured persons

Services Provided by Members of
American International Group, Inc.

January 15, 2013
Page 6

as well as the nature and location of any injury or damage arising out of the medical incident or occurrence. To the extent that any notices provided to date do not constitute a claim, as that term is defined in the Policy, or do not comply with the provisions and terms requiring notice of a claim under the Policy, Lexington reserves the right to deny coverage. Lexington also reserves the right to deny coverage to the extent that any notices do not comply with the provisions and terms requiring notice of a medical incident or occurrence under the Policy.

## RESERVATION OF RIGHTS
### Healthcare General Liability Coverage

The HGL Coverage Part of the Lexington policy provides coverage for damages because of "bodily injury" caused by an "occurrence" provided the "bodily injury" takes place during the policy period. The term "bodily injury" is defined to include physical injury, and death resulting from such injury. The term "occurrence" is defined, in relevant part, as an accident, including continuous or repeated exposure to substantially the same general conditions. To the extent that the underlying claims do not involve damages because of "bodily injuries" caused by an "occurrence" as those terms are defined in the policy, Lexington reserves its rights to rely on the insuring agreement and definitions sections of the HGL Coverage Part of the Policy to deny coverage for the underlying lawsuit.

The HGL Coverage Part provides limits in the amount of $1 million each occurrence and $3 million in the aggregate. The "Limits of Liability" section of the Lexington Policy provides that the each occurrence limit is the most that Lexington will pay under the HGL Coverage Part for damages arising out of a single occurrence and that "all claims arising from continuous, related, or repeated occurrences shall be treated as arising out of one occurrence." Accordingly, Lexington reserves its rights to rely on the Limits of Liability Section to limit its coverage under the HGL Coverage Part for the claims at issue to the $1 million each occurrence limit.

The HGL Coverage Part, however, contains several exclusions that may preclude coverage for the underlying claims.

### Other Coverage Part Exclusion

The HGL Coverage Part contains a "cross-coverage part" exclusion, pursuant to Exclusion N, that precludes coverage for any claims or suits brought under any other Coverage Part. If Lexington ultimately agrees to defend under a reservation of rights under the HPL coverage part, there will be no coverage under the HGL coverage part, and Lexington reserves its rights to deny coverage on that issue.

IHC000564

January 15, 2013
Page 7

**Patient Bodily Injury Exclusion**

Additionally, the HGL Coverage Part contains a "Patient" exclusion, pursuant to Exclusion O., that precludes coverage for any occurrence, claim or suit arising out of any bodily injury sustained by a patient of any Insured.  The term "patient" is defined in the policy as "a person seeking or receiving, either on an inpatient, outpatient or emergency basis, any form of medical, surgical, dental or nursing care or any service or treatment."   The underlying claimants allege that they were patients of Insight.  Unless the allegations change and/or are amended, the claims of these patients would not be covered under the HGL Coverage Part of the Policy because of Exclusion O.   Accordingly, Lexington reserves its rights to rely on Exclusion O., to deny coverage under the HGL Coverage Part of the Lexington Policy.

**Dishonest Practices**

Exclusion G., Dishonest Practices, of the HGL coverage part excludes coverage for any medical incident, claim or suit arising out of dishonest, fraudulent, criminal or malicious acts, errors, or omissions.  Lexington reserves the right to deny indemnity for any of the underlying medical incidents, claims or suits that arise out of dishonest, fraudulent, criminal, or malicious acts, errors, or omissions.

**Expected or Intended Injury**

Exclusion R., Expected or Intended Injury, of the HGL coverage part excludes coverage for liability arising out of damages or harm expected or intended from an insured's standpoint. Lexington reserves the right to deny coverage to the extent that this exclusion applies.

**Notice**

The HGL Coverage Part requires that Insight notify Lexington in writing of any occurrence which may be reasonably expected to give rise to a claim or suit as soon as practicable.  Such notice must include to the extent possible the names and addresses of any injured persons as well as the nature and location of any injury or damage arising out of the medical incident or occurrence.  The Policy further provides for requirements in the event a claim or suit is made against Insight.  Lexington reserves the right to deny coverage to the extent that Insight has not complied with the provisions and terms regarding notice of occurrence.  Lexington also reserves the right to deny coverage to the extent that Insight has not met the requirements for providing notice of claim and/or suit and forwarding copies of demands, notices summonses or legal papers received in connection with the claim or suit.

Lexington's coverage position is based on the information presently available to us. This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the Policy, or any other policies of insurance issued by Lexington or any of its affiliates.  Lexington expressly reserves all of its rights under the Policy, including the right to

Services Provided by Members of
American International Group, Inc.

January 15, 2013
Page 8


assert additional defenses to any claims for coverage, if subsequent information indicates that such action is warranted.

Should you have any additional information that you feel would either cause us to review our position or would assist us in our investigation or determination, we ask that you advise us as soon as possible. Also, if you are served with any additional demands or amended complaints or pleadings, please forward them to us immediately, so that we can review our coverage position. If you wish to have your own personal counsel become involved in this matter, at your own expense, please feel free to do so, and we will cooperate fully with such counsel.

If you have any other insurance policies, which may respond to this claim asserted, you should notify that carrier immediately.

In closing, allow me to reiterate that we value you as a customer and encourage you to contact us should you have any questions or concerns regarding the contents of this letter. Thank you for your cooperation in this matter.

Very truly yours,


Trish Callahan
Complex Claims Director
AIG Property Casualty
Healthcare Malpractice Claims
101 Hudson Street-28th floor
Jersey City, NJ 07302
Telephone #: 201-631-7734
E-mail: trish.callahan@aig.com

IHC000566

Services Provided by Members of
American International Group, Inc.

## EXHIBIT 1

| Patient Name | File # |
|---|---|
| Bradley, Dana Marie | 107-13836 |
| Boyd, Anna Danielle          Pending | |
| Brown, Kimberly | 107-14022 |
| Brown, Ronnie | 107-15202 |
| Brumfeld, Wilma | 107-14326 |
| Carr, Carolyn Mae | 107-13466 (Various file) |
| Clark, Marvin | 107-14037 |
| Crawford, Donald | 107-14966 |
| Epperly, Trudy | 107-14782 |
| Filson, Barbara J. | 107-14225 |
| Foutz, Zachary | 107-14802 |
| Green, Jimmy Dale | 107-13840 |
| Harris, Robert E. | 107-14459 |
| Holbrook, Julian Delano | 107-14982 |
| Irace, Ralph | 107-13466 (Various file) |
| Johnston, Patrick O. | 107-15331 |
| Kalinoski, Chester | 107-14314 |
| Karkenny, Samuel H. | 107-14225 |
| Linthicum, Forrest | 107-14024 |
| McFarlane, Pauline "Polly" Reynolds | 107-14026 |
| Mowles, Joshua | 107-14804 |
| Perdue, Marget | 107-13466 (Various file) |
| Phillips, Nancy | 107-14800 |
| Powell, Michelle | 107-14027 |
| Radford, Mary | 107-14142 |
| Sherrill, Christopher | 107-14034 |
| Shuck, Odessa Mae Claypool -    Pending | |
| Sinclair, Kathy | 107-14298 |
| Smith, Jr., James Wirt | 107-13835 |
| Smith, Randolph Edward | 107-14799 |
| Spicer, Louise | 107-15333 |
| Taliaferro, Denia | 107-14026 |
| Turner, Daniel | 107-14484 |
| Walker, Mary Sharon | 107-13466 (Various file) |
| Wertz, Ferman | 107-15332 |
| West, Donna | 107-14328 |
| White, Rose | 107-15205 |
| Whitlow, Richard Alden | 107-14806 |
| Whittaker, Barbara | 107-14036 |
| Wingate, Douglas | 107-13743 |
| Woody, Beverly Belcher | 107-14114 |

IHC000567

# EXHIBIT 2

IHC000568

The following policy excerpts are from Lexington policy no. 6794285:

## HEALTHCARE PROFESSIONAL LIABIILTY – CLAIMS MADE AND HEALTHCARE GENERAL LIABILITY – OCCURRENCE DECLARATIONS

Various provisions in the General Policy Provisions and Conditions and Coverage Parts restrict coverage. There may be both occurrence coverages and claims made coverages in this Policy. Claims made coverage is limited to liability for claims first made against an Insured during the policy period or any extended reporting period, if applicable.

Please read all General Policy Provisions and Conditions and Coverage Parts carefully to determine rights, duties, and what is and what is not covered. A complete Policy includes the Declarations, General Policy Provisions and Conditions, and the applicable Coverage Parts.

POLICY NUMBER:   6794285          RENEWAL OF NUMBER:   6794285

Item 1:  FIRST NAMED INSURED:   INSIGHT HEALTH SERVICES CORP.

Item 2:  ADDRESS:   26250 ENTERPRISE COURT, SUITE 100
LAKE FOREST, CA 92630-8406

Item 3.   (a) RETROACTIVE DATE – HEALTHCARE PROFESSIONAL LIABILITY CLAIMS MADE COVERAGE PART ONLY: 6/26/1996

(b) POLICY PERIOD: From: March 15, 2012          To: March 15, 2013
At 12:01 a.m. Standard Time at your mailing address shown above.

(c) OPTIONAL EXTENDED REPORTING PERIOD: 1 Yr @ 125%, 3 Yr @ 150%, Unlimited @ 200%

Item 4.  DESCRIPTION OF OPERATIONS:  Diagnostic Imaging Services

Item 5.  LIMITS OF INSURANCE:
(a) Healthcare Professional Liability
| | |
|---|---|
| Aggregate Limit | $3,000,000 |
| Each Medical Incident | $1,000,000 |
| Deductible | $50,000 |
| Deductible Aggregate | $150,000 |

(b) Healthcare General Liability
| | |
|---|---|
| Aggregate Limit | $3,000,000 |
| Each Occurrence Limit | $1,000,000 |
| Products/Completed Operations Limit | $1,000,000 |
| Personal/Advertising Injury Limit | $1,000,000 |

1

IHC000569

| | | |
|---|---|---|
| Fire Damage Limit | $50,000 | Each Fire |
| Medical Expense Limit | $5,000 | Each Injured Person |
| Deductible | $50,000 | |
| Deductible Aggregate | $150,000 | |

## I.    INSURING AGREEMENTS

Healthcare Professional Liability

**We** will pay those sums that **you** shall become legally obligated to pay as damages resulting from a **medical incident** arising out of **professional services** provided by any **Insured**.   The amount **we** will pay for damages is limited as described in Section IV., Limits of Insurance.   The **medical incident** must take place on or after the retroactive date and before the end of the **policy period**. A **claim** for a **medical incident** must be first made against the **insured** during the **policy period** or the extended reporting period, if applicable.   A **claim** for a **medical incident** must be made within the coverage territory.

No other obligation to pay sums or perform acts or services is covered unless explicitly provided under Section II. DEFENSE AND OTHER PAYMENTS UNDER THIS POLICY – ALL COVERAGE PARTS of the GENERAL POLICY PROVISIONS AND CONDITIONS.

## II.    WHO IS AN INSURED

The following are **Insureds** under this Coverage Part:

\*       \*       \*

F.   Your **employees**, other than executive officers (if **you** are an organization other than a partnership, joint venture or limited liability company) or **your** managers (if **you** are a limited liability company), are **Insureds**, but only for acts within the scope of their employment by **you** or while performing duties related to the conduct of **your** business.

\*       \*       \*

## III.    EXCLUSIONS (HPL)

This insurance does not apply to any liability arising out of:

K.      Dishonest Practices

2

IHC000570

Dishonest, fraudulent, criminal or malicious acts, errors, or omissions; however, **we** will defend civil claims alleging such acts, errors or omissions until final adjudication.

L.    Pollution

     1.    The actual, alleged, or threatened, discharge, dispersal, seepage, migration, release, or escape of pollutants;

Q.    Expected Or Intended Injury

Damages or harm expected or intended from an **Insured's** standpoint.

R.    Other Coverage Parts

Any **claims** or **suits** brought under any Coverage Part of this Policy other than this Healthcare Professional Liability Claims Made Coverage Part.

S.    Physicians

Any **claim** against any physician, including any resident, intern, extern, or fellow. This exclusion, however, shall not apply to any physician, including any resident, intern, extern or fellow, employed by **you** with respect to the following:

1.    Charitable activities approved by the **Named Insured**;

2.    Participation in employer sponsored continuing medical education courses; or

3.    While acting within the scope of their administrative duties for **you**.

## IV.    LIMITS OF INSURANCE (HPL)

A.    The Limits of Insurance shown in Item 5(a) of the Declarations for Healthcare Professional Liability and the provisions below fix the most we will pay regardless of the number of:

     1.    **Insureds**;
     2.    **Claims** made or **suits** brought; or
     3.    Persons or organizations making **claims** or bringing **suits**.

B.    The Aggregate Limit is the most **we** will pay for damages under Section I. INSURING AGREEMENT – Healthcare Professional Liability.

3

IHC000571

C.    Subject to paragraph A. above, the each **medical incident** limit stated in the Declarations, is the most **we** will pay under this Coverage Part for damages arising out of a single **medical incident.**

D.    All **claims** arising from one **medical incident** or a series of related **medical incidents** to any one **patient** shall be treated and shall be deemed to have occurred at the time of the first **medical incident** regardless of the number of claimants, or the number of **Insureds** against whom the **claims** were made.

\*              \*              \*

C.    Duties In the Event Of A **Claim, Suit,** or **Medical Incident (HPL)**

1.    If during the **policy period**, the **First Named Insured** shall become aware of any **medical incident** which may reasonably be expected to give rise to a **claim** being made against any **Insured**, the **First Named Insured** must notify **us** in writing as soon as practicable.  To the extent possible, notice should include:

    a.    How, when, and where the **medical incident** took place;

    b.    The names and addresses of any; injured persons and witnesses; and

    c.    The nature and location of any injury or damage arising out of the **medical incident.**

        Any **claim** arising out of such **medical incident** which is subsequently made against any **Insured** and reported to **us**, shall be considered first made at the time such notice was given to us.

        Receipt by **us** of an incident report, including but not limited to variance reports, will not be considered a **claim** to **us**.

        Any observance or reporting to the **First Named Insured** by **us** of any physical condition or other circumstance as a result of inspections, audits, engineering, loss control or risk management services shall not be considered a **claim** to **us**.

2.    If a **claim** or **suit** is brought against an **Insured** arising out of a **medical incident**, the **First Named Insured** must:

4

a.  Immediately record the specifics of the **claim** or **suit** and the date received;

b.  Provide **us** with written notice of the **claim** or **suit** as soon as practicable; and

c.  Immediately send **us** copies of any demands, notices, summonses, or legal papers received in connection with the **claim** or **suit**.

C.  <u>General Provisions and Conditions</u>

The Lexington Policy also contains definitions and conditions that are applicable to all coverage parts.  They provide in part as follows:

### GENERAL POLICY PROVISIONS AND CONDITIONS

I.  DEFINITIONS APPLICABLE TO GENERAL POLICY PROVISIONS AND CONDITIONS AND TO ALL COVERAGE PARTS

C.  **Biomedical Waste** means a biological agent or condition including, but not limited to, an infectious organism or unsafe laboratory condition that may cause or result in bodily injury or property damage.

D.  **Bodily Injury** means physical injury, sickness or disease sustained by any person, including death resulting from any of these at any time.  **Bodily Injury** does not include emotional distress or mental anguish unless due to physical injury, sickness, or disease.

E.  **Claim** means a written demand against an insured for monetary damages, including a **suit.**

N.  **Medical Incident** means any act, error or omission in the providing of or failure to provide **professional services.**

P.  **Occurrence** means:

1.  As respects **bodily injury, property damage** or medical expense, an accident, including continuous or repeated exposure to substantially the same general conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **Insured.**  All such exposure to substantially the same general conditions shall be considered as arising out of one **occurrence;**

\*                              \*                              \*

5

IHC000573

Q.   **Patient** means a person seeking or receiving, either on an inpatient, outpatient or emergency basis, any form of medical, surgical, dental or nursing care or any service or treatment.

T.   **Pollutants** means any solid, liquid, gaseous, or thermal irritant or contaminant, including, but not limited to: smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes, but is not limited to, biomedical waste and materials to be recycled, reconditioned or reclaimed.

U.   **Products-Completed Operations Hazard** includes all bodily injury and property damage occurring away from premises you own or rent and arising out of your product or your work except:

   \*\*\*\*\*

   This hazard does not include bodily injury or property damage arising out of:

   1.   The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the loading or unloading of that vehicle by any insured;

   2.   The existence of tools, uninstalled equipment, or abandoned or unused materials; or

   3.   Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit

V.   **Professional Services** means:

   1.   Medical, surgical, dental, nursing or other health care services, including but not limited to the furnishing of food or beverages in connection with such services; the practice of nuclear medicine; the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or the handling or treatment of deceased human bodies, including, but not limited to, autopsies, organ donation or other procedures;

6

IHC000574

2.  Services by any person as a member of a formal accreditation, standards review or similar professional board or committee of any Insured; or

3.  Supervising, teaching, proctoring others at **your** request.

Z.  Your Product means:

1.  Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   a.  You;
   b.  Others trading under your name; or
   c.  A person or organization whose business or assets you have acquired; and

\* \* \* \* \*

Your product includes:

1.  Warranties or representations made at any time with respect to the fitness quality, durability, performance or use of your product; and

2.  The providing of or failure to provide warnings or instructions.

\* \* \*

AA.  Your Work means:

1.  Work or operations performed by you on your behalf; and

2.  Materials, parts or equipment furnished in connection with such work or operations.

Your work includes:

1.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your work; and

2.  Providing of or failure to provide warnings or instructions.

\*      \*      \*

7

IHC000575

III.   CONDITIONS APPLICABLE TO ALL COVERAGE PARTS

The following conditions apply to all coverage parts:

B.   Assistance and Cooperation

The Insured shall:

1.   Cooperate with **us** in the investigation, settlement, or defense of the claim or suit; and

2.   Assist **us**, upon **our** request, in the enforcement of any right against any person or organization which may be liable to the Insured because of injury or damage to which this insurance may also apply.

The Insured shall not, except at the Insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without **our** consent.

H.  Other Insurance

If there is other insurance which applies to the loss resulting from an occurrence, offense or medical Incident, the other insurance must pay first.  This Policy applies to the amount of the loss which is more than:

1.  The Limits of Insurance of the other insurance; and

2.  The total of all deductibles and self-insured amounts under all such other insurance.

I.   **INSURING AGREEMENTS (HGL)**

A.   Bodily Injury and Property Damage

We will pay those sums that an Insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this Coverage Part applies.  The amount we will pay for damages is limited as described in Section IV., Limits Of Insurance.

This coverage part applies to bodily injury and property damage only if:

1.   The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory; and

2.   The bodily injury or property damage occurs during the policy period.

8

IHC000576

\*\*\*\*\*

## III.   EXCLUSIONS (HGL)

This insurance does not apply to any liability arising out of:

E.   Pollution

1.   The actual, alleged, or threatened, discharge, dispersal, seepage, migration, release, or escape of pollutants;

G.   Dishonest Practices

Dishonest, fraudulent, criminal or malicious acts, errors, or omissions; however, **we** will defend civil claims alleging such acts, errors or omissions until final adjudication.

N.   Other Coverage Parts

Any **claims** or **suits** brought under any Coverage Part of this Policy other than this Healthcare General Liability Occurrence Coverage Part.

O.   Patients

Any bodily injury sustained by a patient of any Insured and any claims or suits by spouse, child, parent, grandparent, brother or sister of such patient arising out of such bodily injury.

R.   Expected Or Intended Injury

Damages or harm expected or intended from an **Insured's** standpoint.

## IV.   LIMITS OF INSURANCE (HGL)

A.   The Limits of Insurance shown in item (b) of the Declarations for Healthcare General Liability and the provisions below fix the most **we** will pay regardless of the number of:

1.   Insureds;
2.   **Occurrences, claims** submitted or **suits** brought; or
3.   Persons or organizations making **claims** or **suits.**

9

B.   The Aggregate Limit is the most we will pay for all damages covered under this policy.

C.   The **Products-Completed Operations** Limit is the most **we** will pay under Insuring Agreement A for damages because of **bodily injury** and **property damage** included in the **products-completed operations hazard**.

C.   Duties In the Event Of An Occurrence, Offense, **Claim, or Suit (HGL))**

1.   If during the **policy period**, the **First Named Insured** shall become aware of any **occurrence** or offense which may reasonably be expected to give rise to a **claim** being made against any **Insured**, the **First Named Insured** must notify **us** in writing as soon as practicable.  To the extent possible, notice should include:

   a.   How, when, and where the occurrence took place;

   b.   The names and addresses of any; injured persons and witnesses; and

   c.   The nature and location of any injury or damage arising out of the **occurrence** or offense.

2.   If a **claim** or **suit** is brought against an **Insured** arising out of an occurrence or offense, the **First Named Insured** must:

   a.   Immediately record the specifics of the **claim** or **suit** and the date received;

   b.   Provide **us** with written notice of the **claim** or **suit** as soon as practicable; and

   c.   Immediately send **us** copies of any demands, notices, summonses, or legal papers received in connection with the **claim** or **suit**.

## ENDORSEMENT NO. 7

**This endorsement, effective 12:01 AM:** March 15, 2012

**Forms a part of policy no.:** 6794285

**Issued to:**     INSIGHT HEALTH SERVICES CORP.

10

IHC000578

By:   **LEXINGTON INSURANCE COMPANY**

### PATIENT BODILY INJURY AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:
HEALTHCARE PROFESSIONAL LIABILITY CLAIMS MADE COVERAGE PART

1.   The HEALTHCARE PROFESSIONAL LIABILITY CLAIMS MADE COVERAGE PART, SECTION I, INSURING AGREEMENT is amended by adding the following coverage:

Bodily Injury to Patients

We will pay those sums that an **Insured** becomes legally obligated to pay as damages because of **bodily injury** to a **patient**. The amount we will pay for damages is limited as described in Section IV., Limits Of Insurance. All **bodily injury** in any way sustained by a **patient** shall for the purposes of this policy be deemed a **medical Incident**.

This coverage applies to **bodily injury** only if:

1.   The **bodily injury** is caused by an **occurrence** that takes place in the coverage territory; and

2.   The bodily injury occurs after the retroactive date but before the end of the **policy period**; and

3.   A **claim** for damages because of the **bodily injury** is first made against the insured during the **policy period** or the extended reporting period, if applicable.

2.   Paragraph C. of the HEALTHCARE PROFESSIONAL LIABILITY CLAIMS MADE COVERAGE PART, SECTION IV., LIMITS OF INSURANCE is deleted and replaced with the following.

C.   Subject to Paragraph A. above, the each **medical incident** limit stated in the Declarations is the most we will pay under this Coverage Part for damages arising out of a single **medical incident**, and/or all **bodily injury** to any one **patient** arising out of a single **occurrence**. All related or interrelated **medical incidents** causing **bodily injury** to a **patient** shall be deemed a single **medical incident** for the purpose of applying each **medical incident** limit.

3.   Exclusion Q. Expected or Intended Injury of the HEALTHCARE PROFESSIONAL LIABILITY CLAIMS MADE COVERAGE PART is amended by adding the following to the exclusion:

11

IHC000579

This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect person or property.

In addition to t he exclusions of the HEALTHCARE PROFESSIONAL LIABILITY CLAIMS MADE COVERAGE PART, the exclusions of the GENERAL LIABILITY COVERAGE PART, with the exception of Exclusion O. Patients, also are applicable to coverage provided by "Bodily Injury to Patients" section of the HEALTHCARE PROFESSIONAL LIABILITY CLAIMS MADE COVERAGE PART, SECTION I, INSURING AGREEMENT.

All other terms, conditions and exclusions of the policy remain unchanged.

\*\*\*\*\*

## ENDORSEMENT NO. 14

**This endorsement, effective 12:01 AM:**    March 15, 2012

**Forms a part of policy no.**    6794285

**Issued to:**    INSIGHT HEALTH SERVICES CORP.

**By:**    LEXINGTON INSURANCE COMPANY

## SEPARATE ENDORSEMENT

This policy is amended as follows:

The DECLARATIONS, Item 5. LIMITS OF INSURANCE (1) Healthcare Professional Liability is amended by adding the following:

Separate Healthcare Professional Liability Limits for Insureds listed below:

| | |
|---|---|
| Aggregate Limit | $3,000,000 |
| Each Medical Incident | $1,000,000 |
| Deductible | $50,000 |
| Deductible Aggregate | $150,000 |

Insured Named                                        Retroactive Date

Per schedule on file with the Company

12

IHC000580

\*\*\*\*\*

**ENDORSEMENT NO. 15**

**This endorsement, effective 12:01 AM:**     March 15, 2012

**Forms a part of policy no.**          6794285

**Issued to:**     INSIGHT HEALTH SERVICES CORP.

**By:**     LEXINGTON INSURANCE COMPANY

**PENALTIES AMENDATORY ENDORSEMENT**

This policy is amended as follows:

The exclusion in this policy excluding coverage for Penalties is here by deleted and replaced by the following.

> Penalties

> Any fines or penalties.

\*\*\*\*\*

**ENDORSEMENT NO. 17**

**This endorsement, effective 12:01 AM:**     March 15, 2012

**Forms a part of policy no.**          6794285

**Issued to:**     INSIGHT HEALTH SERVICES CORP.

**By:**     LEXINGTON INSURANCE COMPANY

**HEALTHCARE PROFESSIONAL LIABILITY AND GENERAL LIABILITY
SELF INSURED RETENTION – EXPENSES INCLUDED WITHIN**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

1.     The Declarations is amended as follows

13

IHC000581

The Deductible sections of Section 5 of Insurance are deleted in their entirety and replaced with the following:

(a)   Healthcare Professional Liability
      Self-Insured Retention (Per Medical Incident)     $50,000

(b)   Healthcare General Liability
      Self-Insured Retention (Per Occurrence)          $150,000

2.    The **HEALTHCARE PROFESSIONAL LIABILITY COVERGE PART** AND THE **HEALTHCARE GENERAL LIABILITY COVERAGE PART** are amended as follows.

V.    SELF-INSURED RETENTION

A.    The First Named Insured shall be responsible for the Self-Insured Retention amount shown above.  Expenses incurred by the First Named Insured in Investigating and defending claims and suits are include within the Self-Insured Retention.  The Self Insured Retention applies separately to each medical incident and occurrence to which these Coverage Parts apply and shall not be insured against without our written consent.

B.    All claims arising from a single medical incident or occurrence or continuous related or repeated medical incidents or occurrences shall be subject to one Self-Insured Retention amount.  The Self-Insured Retention Aggregate stated above is the total amount of damages arising out of all Self-Insured Retentions for all medical incidents and occurrence during the policy period.

C.    We shall pay damages in excess of the Self-Insured Retention stated above.  The First Named Insured is obligated to pay and is responsible for payment of amounts within the Self-Insured Retention.

D.    Our rights and duties with respect to the defense and settlements of claims applies only when a medical incident or occurrence is excess of the Self-Insured Retention amount stated above and only for that portion of the loss which is excess of the Self-Insured Retention.

E.    The Limits of Liability shall not be reduced by the payment of damages and expenses paid within the Self-Insured Retention.

F.    We shall handle claims within the Self-Insured Retention.

All other terms, conditions, and exclusions of the policy remain unchanged.

14

2290329v.1

IHC000582