UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

ORDER

August 12, 2014

ZOBEL, D.J.

Pursuant to the discussions of the parties' agenda at the status conference on August 7, 2014, and in response to the parties' motions and argument, the court makes the following orders.

**1.     Concerning the Status of Discovery - ¶ 3 on the Agenda**

a) Access to discovery materials for Virginia mediation (Docket # 1188). The parties agreed to resolve this issue with the help of the mediator and will request a ruling from the court only if they are unable to reach agreement. Any request to the court is hereby referred to Magistrate Judge Boal.

b) The motions listed in the schedule attached below have been or hereby are referred to Magistrate Judge Boal.

| | |
|---|---|
| Docket # 595 | Saint Thomas Entities' Motion to Stay Objections and Responses to Discovery Pending Submission of a Discovery Plan and Amended Protective Order |
| Docket # 837 | Plaintiffs' Steering Committee ("PSC") Motion for Entry of Bellwether Trial and Pre-Trial Scheduling Order. |

| | |
|---|---|
| Docket # 534 | PSC's Motion to Partially Lift Discovery Stay |
| Docket # 598 | Joinder of Tennessee Clinic and Physician Defendants in St. Thomas Entities' Motion to Stay Objections and Discovery |
| Docket ## 996, 998, 1009, 1054 | PSC's Notice Re: Joint Motion Entry of ESI Protocol |
| Docket # 1041 | Motion for Joinder in the PSC's Motion to Partially Lift Discovery Stay |
| Docket # 1053 | Motion for Leave to File Brief in Opposition to the Tennessee Clinic Defendants Joinder in the PSC's Motion to Partially Lift Discovery Stay |
| Docket # 1058 | Medical Sales Management's Joinder in Ameridose and GDC's Motions for Leave to Reply to Tennessee Defendants' Joinder in PSC's Motion to Partially Lift the Stay |
| Docket # 1060 | Motion for Joinder in Ameridose and GDC Properties' Motions for Leave to Reply to Tennessee Defendants Joinder in PSC's Motion to Partially Lift Discovery Stay |
| Docket # 1226 | Motion for Local Rule 16.1 Conference by Liberty Industries, Inc. |
| Docket # 1229 | Motion for Order to Lift Stay With Respect to Affiliated Defendants by Liberty Industries, Inc. |
| Docket # 1250 | Motion for Joinder in Defendant Ameridose's Opposition to Liberty Industries' Motion for Local Rule 16.1 Conference |
| Docket # 1253 | Motion for Joinder in Defendant Ameridose's Opposition to Liberty Industries' Motion for Local Rule 16.1 Conference |
| Docket # 975 | PSC's Motion to Expedite Discovery Responses |
| Docket # 1037 | Tennessee Clinic Defendants' Motion to Reconsider and Revise Provision in MDL Order No. 6 to Allow Parties Equal Access to Documents Produced by NECC to PSC |
| Docket # 1075 | St. Thomas Entities and Ascension Parties' Motion to Modify MDL Order No. 6 to Allow Equal Access to NECC Document Production |

**2.      Concerning the Status of the Bankruptcy - ¶ 5 on the Agenda**

The Trustee seeks to modify this court's Order concerning the Preservation of Potential Evidence by New England Compounding Pharmacy, Inc. (Docket #110 in Case No. 12-12052), entered on December 13, 2012. He does so in accordance with the terms of that Order by providing Notice to all interested parties that he "intends to sell or otherwise dispose of all remaining NECC property and to vacate the Framingham facility." (Docket #1174.)  Several parties request a continuation of the status quo (Docket ## 1214, 1215, and 1219.)

At the conference, Mr. Fern, Special Counsel to the Trustee, pointed out that he had made copies of all documents, hard drives, videos and similar items.  He shall provide a general (as opposed to document-by-document) index of the items he holds.

It is unclear how much "evidence" remains at the facility.  However, as to the items there remaining, the Trustee shall allow access to the facility for three days during the month of August to any counsel who wish to inspect the place and any items remaining there.  If any party wants to continue to maintain the status quo of the facility and its contents, the Trustee shall accommodate such party or parties upon payment by such party or parties of the costs of maintaining the facility and its contents.  If no party wishes to keep any piece of machinery or other item, the Trustee may dispose of it.

**3.      Concerning PSC's Proposed Order Granting Common Benefit Motion - ¶ 9 on the Agenda**

Early in these proceedings, Judge Saylor entered MDL Order No. 3 (Docket # 85), "to create a structure for plaintiffs' counsel to share and fund discovery and pretrial

4

expenses and costs in connection with this litigation." The PSC and other Designated Counsel now seek to build on that basic structure by establishing a Common Benefit Fund with assessments against proceeds from judgments, settlements or other recovery of damages. The Official Committee of Unsecured Creditors ("OCC") and attorney representatives of the members of OCC ("OCC Member Representatives") object to the proposed order because it makes no provision for their contributions to "the common benefit of all plaintiffs." (OCC Proposed Order # 1279-1, p. 2.) The objections are overruled. First, OCC is subject to the supervision of the bankruptcy court, and its primary obligation is to the unsecured creditors. Second, its suggested implementation for including its members in the Common Benefit Fund is simply unworkable. This does not mean that OCC and its Member Representatives will not be compensated for benefits conferred on plaintiffs by their work. The court anticipates that PSC and OCC will continue to work together for the greater good and that Member Representatives may periodically inform PSC of their common benefit work, document such claim and seek payment therefor. It further anticipates that PSC will fairly consider such claims and compensate counsel from the Common Fund. Any disputes may, of course, be presented to the court.

The court adopts the Order proposed by PSC (Docket # 1274-1) as MDL Order No. 8.

**4.    Concerning the Motion of Tucker Law Group, LLC, to Withdraw as Counsel for Norma King in C.A. 14-10434 (Docket # 11) - ¶ 13ii on the Agenda**

The motion is allowed.

A concomitant motion to extend the time for opposing the motion for summary judgment filed by defendant Tenet HealthSystem Hahnemann, LLC (Docket # 17), is allowed.

Plaintiff shall forthwith seek new counsel who shall enter an appearance by September 15, 2014.  In default thereof, the complaint will be dismissed.


    August 12, 2014                                  /s/Rya W. Zobel

        DATE                                       RYA W. ZOBEL
                                                      UNITED STATES DISTRICT JUDGE