UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

### CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER LIMITING DISCOVERY AND STAYING THESE PROCEEDINGS WITH RESPECT TO NECC INSIDERS AND RELATED SETTLING PARTIES

Paul D. Moore, the chapter 11 trustee (the "Trustee") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), hereby moves this Court (the "Motion"), in accordance with Section 3.2 of the Insiders Settlement Agreement (as defined below), for entry of an order limiting discovery of, and staying actions in this multidistrict litigation against, (i) those parties defined in the Plan Support and Funding Agreement dated May 2, 2014 (the "Insiders Settlement Agreement") executed by the Trustee and certain insiders of NECC as "Contributors"[1] and as "Contributor and Affiliate Released Parties"[2] (collectively, the "Insider Settling Parties"), (ii) NECC's affiliated landlord, and (iii) their respective insurers who have settled with the Trustee in the pending chapter 11 case (collectively, the Insider Settling Parties, NECC's landlord and the settling insurers shall be referred to as the "Settling

---

[1] The "Contributors" are Barry Cadden, Lisa Cadden, Carla Conigliaro and Gregory Conigliaro.

[2] The "Contributor and Affiliate Released Parties" are the Contributors and each of their respective spouses, children, parents, and other nuclear family members of each Contributor, all trusts under which the Contributors or their spouses or family members are settlors, trustees, or beneficiaries, the Affiliated Entities, and any other entities in which the Contributors or their spouse, children or other nuclear family members hold an interest, and those entities' successors, assigns, and predecessors.

Parties") as provided below.  In support of this Motion, the Trustee respectfully submits the accompanying Memorandum in Support of Chapter 11 Trustee's Motion for Entry of an Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties (the "Memorandum"), filed contemporaneously herewith, and represents as follows:

In early May 2014, the Trustee filed motions in NECC's chapter 11 case seeking approval of three settlements that he entered into with the Settling Parties (each a "Settlement" and collectively, the "Settlements").  *See* Notice of Chapter 11 Trustee's Motions for Bankruptcy Court Approval of Settlements with NECC "Insiders", NECC Insurers, and GDC Properties Management, LLC and its Insurer [Doc. No. 1106].  Collectively, the Settlements stand to bring a projected $100 million of assets and cash into the NECC estate and represent a significant step towards funding a chapter 11 plan that will furnish a mechanism to provide meaningful compensation to personal injury claimants with allowed claims who have suffered death, grievous injuries and illnesses from the administration of allegedly contaminated medications compounded by NECC.  The Settlements serve as the centerpiece of a chapter 11 plan, which the Trustee hopes to propose and confirm before the end of 2014, that will maximize the recovery of all creditors on account of their allowed claims.

After due notice to all interested parties and an opportunity to be heard, the Bankruptcy Court held a hearing on the Settlements on July 14, 2014.  Thereafter, on July 31, 2014, the Bankruptcy Court entered orders approving each of the Settlements [Bankruptcy Doc. Nos. 970, 971 and 972].

The orders approved the terms of each of the Settlements, each of which remains, however, subject to certain conditions.  Those conditions include, among other things,

confirmation of a plan of reorganization providing for (i) releases in favor of the Settlement Parties with respect to any and all claims relating to the NECC outbreak, and (ii) related injunctions against the prosecution of any such claims. Meanwhile, the Settlements also require the Trustee to seek in the interim, pending confirmation of such plan, a stay of these MDL proceedings with respect to the settling parties, and to address the scope of the discovery stay, once the settlements have been approved. *See, e.g.*, Insiders Settlement Agreement, Section 3.2 [Doc. No. 1106-1]; Chapter 11 Trustee's Motion to Compromise Controversies and to Approve Plan Support and Funding Agreement, and Related Escrow Agreement, with Certain Insiders and Affiliates of Debtor, and for Certain Related Relief [Bankruptcy Doc. No. 712], at 12-13. The Insiders Settlement Agreement specifically provides that, within ten business days of entry of an order by the Bankruptcy Court approving the settlements, the Trustee shall file a motion with this Court seeking an order staying litigation against the Insider Settling Parties but permitting discovery of the Insider Settling Parties in connection with the prosecution or defense of claims against third parties. Similarly, the remaining Settlements call for the Trustee to use reasonable efforts to extend the stays currently in place for the benefit of the remaining Settling Parties.

Now that the Bankruptcy Court has approved the Settlements, the Trustee respectfully requests that this Court enter an order staying these MDL proceedings as they pertain to the Settling Parties in accordance with their respective settlement agreements, the terms of which order shall include:

(i)  a prohibition against any party to the MDL seeking dispositive relief against the Settling Parties;

3

(ii)  a prohibition against any party to the MDL seeking any form of prejudgment security from or against the Insider Settling Parties or their assets, including, but not limited to, any attachments, injunctions, writs or orders of any nature; and

(iii)  the permissibility of discovery against the Insider Settling Parties (and certain "Estate Parties"), but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Insider Settling Parties (and Estate Parties).

The requested relief will preserve the benefits of the Settlements without impeding the progress (and, hopefully, resolution) of the remaining actions in the MDL that have not settled, thereby obviating the need for further litigation against the Settling Parties in these MDL proceedings and the related burden and expense.

Accordingly, for the reasons stated herein and in the supporting Memorandum, the Trustee respectfully requests that this Court (i) grant the Motion, (ii) enter an order staying these MDL proceedings, and limiting discovery therein, with respect to the Settling Parties in accordance with the terms of the Settlements, and (iii) grant the Trustee such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: August 14, 2014 | Respectfully submitted,<br><br>DUANE MORRIS LLP<br><br>*/s/ Michael R. Gottfried*<br>Michael R. Gottfried (BBO #542156)<br>100 High Street<br>Suite 2400<br>Boston, MA 02110-1724<br>Phone: (857) 488-4200<br>Email: mrgottfried@duanemorris.com<br><br>*Counsel for Paul D. Moore, Chapter 11 Trustee of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center* |

## CERTIFICATE OF SERVICE

I, Michael R. Gottfried, hereby certify that on August 14, 2014, I caused a copy of the foregoing document, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service. This document was also served by first class mail, postage prepaid, upon the entities listed on the attached Service List.

>/s/ *Michael R. Gottfried*
>Michael R. Gottfried

**SERVICE LIST**

Darrel Cummings, DC# 088532
South Bay Correctional Facility
P.O. Box 7171
South Bay, FL 33493

Alan M. Winchester
Harris Beach, PLLC
100 Wall Street
New York, NY 10005

Arthur P. Brock
Spears, Moore, Rebman & Williams, PC
801 Broad Street, 6th Floor
Chattanooga, TN 37402

Brett J. Bean
Hackney, Grover, Hoover & Bean
1715 Abbey Road, Suite A
East Lansing, MI 48823

C. Mark Hoover
Hackney, Grover, Hoover & Bean
1715 Abbey Road, Suite A
East Lansing, MI 48823

Cara E. Weiner
Spears, Moore, Rebman, & Williams, PC
801 Broad Street, 6th Floor
Chattanooga, TN 37402

Chad Trudeau
29 B Bellingham Road
Blackstone, Ma 01504

Christopher M. Wolk
Law Offices of Jay J. Blumberg, ESQ.
P.O. Box 68
Woodbury, NJ 08096

Clinton R. Shaw
Bonner, Kiernan, Trebach & Crociata, LLP
1233 20th St, N.W., Suite 800
Washington, DC 20036

Frank A. Gerolamo
Gerolamo, McNulty, Divis & Lewbart
121 South Broad Street, Suite 1400
Philadelphia, PA 19107

John B. Bennett
Spears, Moore, Rebman & Williams, PC
801 Broad Street, 6th Floor
Chattanooga, TN 37402

John T. Sly
Waranch & Brown, LLC
1301 York Road, Suite 300
Lutherville, MD 21093

Joseph R. Lang
Lenox, Socey, Formidoni, Giordano,
Cooley, Lang & Casey, LLC
3131 Princeton Pike
Building 1B, Suite 104
Lawrenceville, NJ 08648

Mary M. Bers
Office of Attorney General (TN)
P.O. Box 20207
Nashville, TN 37202

Randy J. Hackney
Hackney, Grover, Hoover & Bean
1715 Abbey Road, Suite A
East Lansing, MI 48823

Scott C. Bentivenga
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, IL 60661

Christopher T. Cain, Esq.
Thomas S. Scott, Jr., Esq.
Scott & Cain
Bank of America Building
550 W. Main Avenue, Suite 601
Knoxville, TN 37902