# **Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>) MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

### ORDER LIMITING DISCOVERY AND STAYING THESE PROCEEDINGS WITH RESPECT TO NECC INSIDERS AND RELATED SETTLING PARTIES

Paul D. Moore, the chapter 11 trustee (the "Trustee") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), has entered into three settlement agreements (the "Settlements") resolving potential claims against various parties in exchange for, among other things, substantial contributions of assets and cash to the NECC bankruptcy estate. The Settlements have been approved in NECC's pending chapter 11 case by the United States Bankruptcy Court for the District of Massachusetts.

In accordance with the Settlements, the Trustee filed his Motion for Entry of an Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties (the "Motion"), and memorandum in support thereof (the "Memorandum"), seeking to stay these MDL proceedings, and limit discovery therein, with respect to (i) those parties defined in the Plan Support and Funding Agreement dated May 2, 2014 executed by the Trustee and certain insiders of NECC (the "Insiders Settlement Agreement") as "Contributors"[1] and as "Contributor and Affiliate Released Parties"[2] (collectively, the "Insider Settling Parties"),

---

[1] The "Contributors" are Barry Cadden, Lisa Cadden, Carla Conigliaro and Gregory Conigliaro.

[2] The "Contributor and Affiliate Released Parties" are the Contributors and each of their
(Continued…)

DM3\2986415.2

(ii) NECC's affiliated landlord, GDC Properties Management, LLC ("GDC"), and (iii) their respective insurers, Preferred Mutual Insurance Company, Pharmacists Mutual Insurance Company, and Maxum Indemnity Company, who have settled with the Trustee in the pending chapter 11 case (collectively, the "Settling Insurers," and together with the Insider Settling Parties and GDC, the "Settling Parties").  Both the Official Committee of Unsecured Creditors appointed in NECC's chapter 11 case and the Plaintiffs' Steering Committee appointed in these MDL proceedings are in favor of the terms of the Insiders Settlement Agreement, including the relief requested by the Trustee in the Motion, as indicated by their execution of the Addendum to Plan Support and Funding Agreement dated May 2, 2014.  After due deliberation and sufficient cause appearing therefor, and all objections to the Motion having been withdrawn or overruled, this Court has determined that the requested stay of these MDL proceedings, and limitation of discovery, with respect to the Settling Parties is warranted.

Accordingly, it is hereby

1.      **ORDERED** that the Motion is GRANTED; and it is further

2.      **ORDERED** that these MDL proceedings are stayed, effective immediately, with respect to the Settling Parties; and it is further

3.      **ORDERED** that such stay shall remain in effect through the earlier of (a) the Plan Effective Date, as that term is defined in the Insiders Settlement Agreement or (b) termination of the Insiders Settlement Agreement pursuant to Section 11 thereof; and it is further

---

(Continued…)

respective spouses, children, parents, and other nuclear family members of each Contributor, all trusts under which the Contributors or their spouses or family members are settlors, trustees, or beneficiaries, the Affiliated Entities, and any other entities in which the Contributors or their spouse, children or other nuclear family members hold an interest, and those entities' successors, assigns, and predecessors.

DM3\2986415.2

4. **ORDERED** that while such stay is in effect, all parties to these MDL proceedings are prohibited from seeking any form of dispositive relief against the Settling Parties; and it is further

5. **ORDERED** that while such stay is in effect, all parties to these MDL proceedings are prohibited from seeking any form of prejudgment security from or against the Insider Settling Parties or their assets, including, but not limited to, any attachments, injunctions, writs or orders of any nature; and it is further

6. **ORDERED** that notwithstanding the stay of these MDL proceedings with respect to the Settling Parties, discovery shall be permitted against the Estate Parties (as defined in the Insiders Settlement Agreement) and the Insider Settling Parties, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties; and it is further

7. **ORDERED** that nothing in the Insiders Settlement Agreement, the Motion, the Memorandum or this Order shall prevent or prohibit a party from objecting to a discovery request based on any grounds ordinarily available under the Federal Rules of Civil Procedure, and all parties' rights in that respect are expressly reserved.

Dated: August __, 2014
       Boston, Massachusetts

                                      Judge Rya W. Zobel
                                      United States District Court Judge