UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>) MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

### INSIGHT HEALTH CORP.'S REQUEST FOR ENTRY OF SUPPLEMENTAL ORDER EFFECTUATING THE TRANSFER OF AN ADDITIONAL PERSONAL INJURY TORT CASE TO THIS COURT PURSUANT TO 28 U.S.C. § 157(b)(5)

Insight Health Corp. ("Insight"), by and through its undersigned counsel, respectfully requests that this Court enter a supplemental order transferring *Patricia A. Mitchell v. Insight Health Corp.*, Case No. 7:14-cv-00278-MFU, pursuant to this Court's Memorandum of Decision, dated May 15, 2014 [MDL Doc. No. 1131] (the "Supplemental Transfer Decision"), allowing the transfer of certain personal injury and wrongful death cases to MDL 2419. In support of its request, Insight states as follows:

### INTRODUCTION

On May 15, 2014, this Court issued its Supplemental Transfer Decision allowing the Trustee's Renewed and Supplemental Motion [MDL Doc. Nos. 732, 1119-1] (the "Supplemental Transfer Motion") for entry of an order transferring to this Court 30 personal injury and wrongful death cases brought by 127 plaintiffs against Insight and certain other defendants. On June 5, 2014, this Court issued an Order ("Roanoke Transfer Order") transferring 20 of those cases in the Circuit Court for the City of Roanoke, Virginia [MDL Doc. No. 1173].

The remainder of the cases were removed to the United States District Court for the Western District of Virginia by third-party defendant Ameridose LLC, an affiliate of the debtor

New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC").  All but one of those removed cases have now been transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML").  [MDL Doc. Nos. 1169 and 1328].

The Court's Supplemental Transfer Decision requested that counsel inform the Court regarding any steps necessary to effectuate the transfer of cases pursuant to its Decision. Accordingly, Insight submits the enclosed Proposed Supplemental Transfer Order to transfer to this Court one case currently pending in the U.S. District Court for the Western District of Virginia under consideration by the JPML.

## RELIEF REQUESTED

Insight requests entry of a Supplemental Order (1) effectuating the prompt transfer of the *Mitchell* case to this Court pursuant to 28 U.S.C. § 157(b)(5), and (2) directing Insight to file a Notice of Transfer with the federal district court in Virginia.

## BASIS FOR RELIEF REQUESTED

Related-to jurisdiction in this Court exists over the *Mitchell* case for the reasons stated in the Decision.[1]  Specifically, related-to jurisdiction exists over the claims under 28 U.S.C. § 157(b)(5).

The *Mitchell* case was originally filed on May 20, 2014 in the Circuit Court of the City of Roanoke.  *Mitchell* is on all fours with the personal injury and wrongful death actions previously transferred from the Roanoke City Circuit Court to this Court pursuant to the Roanoke Transfer Order.  The plaintiff in *Mitchell* has also filed a proof of claim against NECC's estate in the bankruptcy proceeding.  Ameridose timely removed *Mitchell* to federal court based in part on

---

[1] Related-to jurisdiction also exists with respect to the case because of Ameridose LLC's position as an NECC Affiliate, although this basis was not asserted in the Trustee's Supplemental Transfer Motion.

related-to jurisdiction over the third-party claims Insight asserts against Ameridose and the other "NECC Affiliated Defendants." Ameridose promptly sought transfer to this Court under 28 U.S.C. § 1407.

Insight previously sought this Court's assistance regarding the transfer of *Mitchell*. [MDL Doc. No. 1193]. This effort was supported by both the Trustee and the Official Committee of Unsecured Creditors. [MDL Doc. No. 1197]. The Court denied Insight's request because at that time *Mitchell*, along with eight other cases, was "already pending before the Judicial Panel on Multidistrict Litigation, which [had] scheduled consideration of objections to the transfers." [MDL Doc. No. 1223]. The Court determined that it was "without authority to order the transfer[]" and denied Insight's request. *Id.*

Since the Court's ruling, the JPML has transferred to this Court 8 of the 9 cases that were the subject of that request. [MDL Doc. No. 1328]. *Mitchell*, however, was a later-filed case, and the JPML will not consider the transfer of that case until October 2, 2014.

In its ruling on the other 8 cases, however, the JPML addressed the substance of Insight's former request to this Court. In Section III of its Opinion, the JPML set forth the following:

> One procedural matter that merits our attention is the transfer of actions by a district court under separate statutory authority, during the time the Panel is considering Section 1407 transfer. As this litigation has advanced, the parties have asked the transferee court to directly transfer related actions, including actions before the Panel, based principally on Section 1334(b) "related to" bankruptcy jurisdiction. We see no obstacle to transfer of an action via Section 1334(b), assuming the statutory criteria are satisfied, when a motion to vacate a conditional transfer order (CTO) covering the same action is pending but not yet ruled upon by the Panel. Moreover, such a transfer is fully consistent with Panel Rule 2.1(d), which provides: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." At the same time, the Panel continues to exercise its responsibility to resolve whether transfer of potential tag-along actions is appropriate under Section 1407 through the CTO process.[8] Therefore, in the circumstances presented here, while objections to transfer of an action are pending before the Panel, the Panel proceedings do not limit the transferee court's pretrial authority. Of course, whether to resolve transfer motions under Section 1334(b) given the status of the litigation still is committed to the sound discretion of that court.

*Id.* at 3. Insight is not unmindful that this Court has once denied a request to transfer *Mitchell*. However, given this new guidance provided by the JPML, Insight requests that the Court reconsider its prior ruling and transfer *Mitchell* to this Court.

Insight is scheduled to participate in a mediation on September 22 and 23, 2014, with the Trustee, the Official Committee of Unsecured Creditors, and counsel for all plaintiffs that currently have cases pending against Insight, including *Mitchell*. Thus, it is preferable to have all of the Virginia-related cases transferred at this time to MDL 2419.

## **CONCLUSION**

Insight respectfully requests that this Court enter an Order transferring *Mitchell* to MDL 2149. A proposed Order and corresponding Notice of Transfer, which could be filed in the U.S. District Court for the Western District of Virginia, are attached hereto.

4

Dated: August 22, 2014                    Respectfully submitted,
       Richmond, Virginia

                                        /s/ *Samuel T. Towell*
                                        Stephen D. Busch (admitted *pro hac vice*)
                                        Christopher E. Trible (admitted *pro hac vice*)
                                        Samuel T. Towell (admitted *pro hac vice*)
                                        McGUIREWOODS LLP
                                        One James Center
                                        901 East Cary Street
                                        Richmond, VA 23219
                                        (804) 775-1000
                                        sbusch@mcguirewoods.com
                                        ctrible@mcguirewoods.com
                                        stowell@mcguirewoods.com

                                        Counsel for Insight Health Corp.

## CERTIFICATE OF SERVICE

      I, Samuel T. Towell, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants, on August 25, 2014.


Dated: August 22, 2014        /s/ Samuel T. Towell
                                        Samuel T. Towell