UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Cases. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**DEFENDANT LIBERTY INDUSTRIES, INC.'S LIMITED OPPOSITION
TO THE TRUSTEE'S MOTION TO STAY DISCOVERY AND PROCEEDINGS FOR
NECC'S INSIDERS AND AFFILIATED DEFENDANTS**

Defendant, Liberty Industries, Inc., ("Liberty") opposes the *Chapter 11 Trustee's Motion for Entry of an Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties* [Dkt. No. 1342] and *Memorandum in Support of Chapter 11 Trustee's Motion for Entry of an Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties* [Dkt. No. 1343] (collectively "Motion") to the extent it conflicts with the Bankruptcy Court order allowing Liberty to seek discovery from NECC, and attempts to preempt the relief sought by Liberty's motion to lift the discovery stay as to the Affiliated Defendants.[1]  The Motion also is overbroad because it seeks relief that would apply to non-settling persons.  The Motion should be denied to the extent it seeks relief that prevents defendants such as Liberty from seeking discovery from NECC and the Affiliated Defendants, and pleading and proving allegations of fault against them as nonparties for allocation purposes at the time of trial.

---

[1] Defined terms have the same meaning as those described in Case Management Order No. 6 [Dkt. No. 209].

**ARGUMENT**

I.  **Allowing the Motion Would Interfere with the Bankruptcy Court Order Permitting Liberty to Seek Discovery from NECC.**

The relief sought by the Motion may directly impede Liberty's ability to obtain discovery from NECC – discovery that the Bankruptcy Court has ordered may be sought in an order to which the Trustee agreed. Liberty moved for, and obtained, a modification of the automatic stay so that it could seek discovery from NECC. *See* Case No. 12-19882-HJB at Dkt. No. 969 ("Automatic Stay Order") (a copy of which is attached as **Exhibit 1**).[2] The Automatic Stay Order permits Liberty to both seek discovery from NECC – including depositions and written discovery (neither of which have been provided in any forum or any manner by the Trustee) – and to assert allegations of fault against NECC as a responsible nonparty to whom an allocation of fault may be made at the time of trial. *See* Ex. 1 at ¶¶ 1 – 2.

The Trustee has now moved for an order to only permit discovery to be taken to the extent it applies to claims *against* third parties. The Trustee claims that limiting discovery from key players involved in the NECC fungal meningitis outbreak, and staying the advancement of any claims against those most responsible, will not be "impeding the progress" of the "remaining actions in the MDL that have not settled." *See* Motion at 4. This simply is wrong. It is not sufficient that Liberty obtain discovery that is relevant to claims *against third parties*. This limitation, if read broadly, would have a substantial impact on Liberty's ability to obtain an

---

[2] Despite representations to the contrary, this Court has not previously entered an Order staying discovery of NECC. Although the Trustee and other parties have indicated a belief that discovery of NECC is stayed by Case Management Order No. 6 [Dkt. No. 209] ("CMO No. 6") that is not in fact the case. *See* CMO No. 6 ("Formal discovery of NECC and the affiliated defendants shall remain temporarily stayed as set forth in this order and the previous orders of the Court." *See id*. However, CMO No. 6 does not say that discovery is stayed for NECC, and neither do any prior orders of the Court. CMO No. 7 also indicates that the only stay relevant to NECC was the automatic stay of the bankruptcy court. *See* Dkt. No. 438 ("This order does not provide for discovery from NECC, which remains subject to the protections of the Bankruptcy Court, or the Affiliated Defendants.").

allocation of fault to NECC and the Affiliated Defendants as part of its defense of the claims brought against it.

As discussed in Liberty's *Motion and Memorandum of Law in Support of its Motion to Lift the Discovery Stay with Respect to Affiliated Defendants* [Dkt. No. 1229] ("Lift Stay Motion"), which is currently pending before Chief Magistrate Judge Boal (and a copy of which is attached hereto as **Exhibit 2**), the law of each jurisdiction that governs the cases in which Liberty is a named defendant either has a statute or rule making Liberty's potential liability several, and not joint and several, and that allows a defendant to assert and prove the fault of a nonparty for purposes of allocating a percentage of responsibility to that person or those persons and thereby reduce or eliminate Liberty's liability to plaintiffs in the more than 90 cases in which Liberty is a party. *See* Ex. 2 at 5. The right to assert such allegations is rendered meaningless if Liberty is unable to seek discovery from the most culpable parties in order to prove their responsibility at trial. Any allocation will not result in a judgment against NECC or the Affiliated Defendants, but rather will serve to permit a jury to allocate fault to them as nonparties, thereby reducing the percentage of fault with which Liberty may be attributed. This issue is briefed in Liberty's *Motion to Modify the Automatic Stay*, filed in the Bankruptcy Court [Dkt. No. 870] ("Automatic Stay Motion") (and allowed as noted above) (a true copy of which is attached hereto as **Exhibit 3**), at ¶¶ 30 – 32.

Because the necessity and importance of discovery from NECC and the Affiliated Defendants is fully briefed in both the Lift Stay Motion and Automatic Stay Motion, the arguments made therein are incorporated by reference as if set forth in this Opposition. As stated in the attached filings, Liberty will be unduly prejudiced if it is unable to discover information from those most knowledgeable about the information most critical to Liberty's claims and

defenses.  *See* Ex. 2 at pp. 4 – 5, and Ex. 3 at pp. 4 – 6.  The Motion must be denied to the extent it seeks to interfere with Liberty's right to obtain discovery necessary to prove the percentage of responsibility of NECC and the Affiliated Defendants.

**II.     The Trustee's Motion Conflicts with Other Pending Motions and Ignores the Burden to Defendants like Liberty Who Must Pursue Their Claims and Defenses in Active Litigation.**

The Trustee's present Motion is also designed to negate Liberty's Lift Stay Motion, which, as noted above, is still pending.  Just as the Automatic Stay Motion was appropriately directed at discovery from NECC, the Lift Stay Motion is directed at obtaining discovery from the Affiliated Defendants.  *See* Ex. 2.  The Trustee, as a nonparty, is attempting to thwart defendants' ability to obtain necessary discovery from the Affiliated Defendants.[3]   It is inconceivable that those individuals and entities at the heart of the meningitis outbreak should never be examined at deposition, or answer a single interrogatory, that may shed light on <u>their</u> culpability, when that culpability is at the heart of Liberty's defenses to liability.

The Trustee appears to place more importance on the limited burden on the Affiliated Defendants of providing discovery, than the burden to *actual, litigating defendants* and their right to defend against claims brought about solely as a result of the culpable acts of those for whom the Trustee is advocating –the Affiliated Defendants.  The Motion ignores the warning found in the <u>Manual for Complex Litigation</u>*, Fourth,* § 13.22 (2004) that "[s]ettlement provisions that relieve a settling party from further discovery (at least in part) may be problematic if other parties need discovery from a settling party, particularly in light of the limits on nonparty discovery.  Such provisions should therefore be drafted to take into account other parties'

---

[3] This is despite the fact that it is unclear whether the Trustee has standing to seek such relief. The Trustee is not a party to any of the lawsuits in the MDL because of the automatic stay of 11 U.S.C. § 362.  The Trustee is seeking extraordinary relief that has a significant impact on the ability of the parties to the MDL to defend themselves but does not cite a single case to support his right to obtain the relief sought in the Motion.

continuing need for discovery." This is precisely the problem here. The Trustee claims to have addressed it by proposing that discovery may still be had regarding *third party claims*, but this ignores the reality that Liberty (and likely other defendants) need discovery that supports the allocation of responsibility to NECC and its Insiders and Affiliates at trial. The Trustee's Motion must be denied because it impermissibly infringes on Liberty's right and ability, as a named defendant, to pursue its claims and defenses.

### III.     The Motion Seeks an Order that Applies to Non-Settling Persons.

The Motion is also overbroad as it seeks relief for the benefit of entities and individuals who are not parties to *any* of the actions consolidated in the MDL and who have made no settlement payments. The Motion includes a proposed *Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties* ("Proposed Order") [Dkt. No. 1343-1]. The Motion and Proposed Order seek relief for "Settling Parties" and "Insider Settling Parties." *See* Proposed Order.

The definition of "Settling Parties" includes not only Barry Cadden, Lisa Cadden, Carla Conigliaro, and Gregory Conigliaro (identified by Trustee as the "Contributors"), but also "Contributor and Affiliate Released Parties," identified by the Trustee as the "Contributors and each of their respective spouses, children, parents, and other nuclear family members of each Contributor, all trusts under which the Contributors and their spouses or family members are settlors, trustees, or beneficiaries, the Affiliated Entities, and any other entities in which the Contributors or their spouse, children or other nuclear family members hold an interest, and those entities' successors, assigns, and predecessors." *See* Proposed Order at n.1 & 2. The only actual parties to the MDL litigation contained within this expansive definition are the "Contributors."

5

"Affiliated Entities" is not defined in the Motion or Proposed Order.  However, tellingly the "Insider Settlement Agreement"[4] defines "Affiliated Entities" to include not only those NECC-related entities already identified and known by this Court (*see, e.g.* CMO No. 6 at p. 3, identifying Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc., and Alaunus Pharmaceuticals, LLC as defendants who agreed to waive formal service of process), but also identifying **fourteen (14)** other "Affiliated Entities" to which the terms of the Settlement Agreement applies.  *See* Case No. 12-19882-HJB, Dkt. No. 712-2 at p. 3 and Ex. A. None of those previously unidentified and undisclosed "Affiliated Entities" are persons making a contribution to settlement of the claims asserted in the MDL cases.

"Settling Parties" also includes NECC's landlord, GDC Properties Management, LLC and its insurers, Preferred Mutual Insurance Company, Pharmacists Mutual Insurance Company, and Maxum Indemnity Company.  *See* Proposed Order at pp. 1 – 2.  Although GDC is a party in the MDL, its' insurers are not.

This Court should not enter an Order preventing a defendant from sending a subpoena, or taking other actions, with respect to entities that are not a party to this litigation, and that have not contributed to any settlement. The Trustee has not demonstrated adequate grounds for this Court to grant such protections.  Therefore, the Motion must be denied to the extent it seeks such relief.

---

[4] *See* Case No. 12-19882-HJB, Dkt. No. 712-2.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant Liberty Industries, Inc., respectfully requests that the Court DENY the *Chapter 11 Trustee's Motion for Entry of an Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties* to the extent that it seeks to limit the scope of discovery from the NECC Insiders and Related Parties related to the allocation of responsibility to them for the injuries claimed in the complaints in these MDL proceedings against Liberty.

Respectfully submitted,

LIBERTY INDUSTRIES, INC.,
By its attorneys,

*/s/ Peter G. Hermes*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
   & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
Dated:  August 27, 2014          (617) 728-0052 (F)

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on August 27, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes

G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Trustee Stay Motion\Liberty OPP to Trustee's Stay Motion.final.docx