# Exhibit # 1

Case 1:13-md-02419-RWZ    Document 1349-1    Filed 08/27/14    Page 2 of 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

## [PROPOSED] ORDER ON MOTION TO
## MODIFY THE AUTOMATIC STAY

Upon consideration of the Motion of Creditor Liberty Industries, Inc. ("Liberty") to

modify the automatic stay in effect with respect to debtor New England Compounding

Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") pursuant to 11 U.S.C. §

362(d), Fed. R. Bankr. P. 4001(a)(1), 9006(d)-(f), 9014, and MLRB 4001-1(a) and 9013-1, to

permit Liberty to seek discovery from NECC and to assert allegations against NECC as a

nonparty in Liberty's answers to complaints as required in the jurisdictions in which it is

defending against claims based on injuries alleged by tort creditor claimants of NECC [Dkt. No.

870] in those current and future actions pending in jurisdictions ("Civil Actions") which permit a

defendant to defend itself by raising the fault of a nonparty for the purposes of reducing the

percentage of fault attributable to that defendant (the "Comparative Fault Defenses"), and

consideration of the Chapter 11 Trustee's Objection to Liberty Industries, Inc.'s Motion to

Modify the Automatic Stay [Dkt. No. 937], and this Court's having jurisdiction over the motion,

and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the

motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and due and

proper notice of the motion having been provided; and it appearing that no other or further notice

need be provided; and after hearing on oral argument before me to resolve any objections; it is

1. ORDERED that the automatic stay now in effect, to the extent it may be construed to

    prevent Liberty from seeking discovery from NECC, is hereby modified to permit

    Liberty to seek limited written and oral discovery from NECC in the forms allowed by

    the Federal Rules of Civil Procedure in the Civil Actions, including but not limited to,

    deposition by oral examination, deposition by written questions, interrogatories, and

    requests for production and inspection which shall be limited solely and exclusively to

    permit Liberty to defend itself and reduce its potential liability in the Pending Actions

    based upon the Comparative Fault Defenses (collectively "Limited Discovery"); and it is

    further

2. ORDERED that Liberty may assert allegations against NECC as a nonparty responsible

    in whole or in part for injuries allegedly sustained by plaintiffs only in the Civil Actions,

    and solely for purposes of the Comparative Fault Defenses, provided that:

    a.  Neither NECC nor Paul D. Moore, as the duly appointed chapter 11 trustee of

        NECC in the above-captioned bankruptcy case ("Trustee"), is named as a party in

        any judicial proceeding by Liberty;

    b.  Judgment does not enter, and damages are not calculated, with respect to NECC;

    c.  Nothing in any judicial proceeding (other than in this Court) shall operate as an

        allowance or disallowance of any claim Liberty asserts or may hereafter assert in

        this bankruptcy case; which allowance or disallowance shall remain within this

        Court's exclusive jurisdiction; and

2

Case 12-19882    Doc 969    Filed 07/31/14    Entered 07/31/14 14:22:30    Desc Main
Document      Page 3 of 4

d. any allocation of fault to NECC in any judicial proceeding (other than a judicial

proceeding in this Court) shall only be for purposes of reducing Liberty's

potential liability due to the Comparative Fault Defenses, and shall not be given

preclusive effect with respect to the calculation, liquidation, allowance or

disallowance of any claim Liberty asserts or hereafter may assert in this

bankruptcy case, all matters relating to such calculation, liquidation, allowance or

disallowance shall remain within the exclusive jurisdiction of this Court; and it

being further

3. ORDERED, that the relief awarded pursuant to this Order is solely to permit Liberty to

assert and prove its right to reduce its potential liability in the Civil Actions due to the

Comparative Fault Defenses, and nothing in this Order alters the automatic stay to

permit, or otherwise authorizes Liberty to pursue, the prosecution of any claims for

affirmative relief against NECC or against the Trustee; and it being further

4. ORDERED that the relief granted by this Order is limited to modifying the automatic

stay as set forth above, and is not in any manner determining or implying that any

Limited Discovery sought by Liberty is appropriate or that the Trustee is required in any

fashion to comply with any Discovery request propounded by Liberty.  Without limiting

the generality of the immediately preceding sentence, it is further ORDERED that the

Trustee shall retain all rights to object to or otherwise limit, oppose or resist any and all

of the Limited Discovery sought by Liberty, and nothing in this Order is intended to be,

or shall be construed as, (i) authorizing Liberty to conduct the Limited Discovery, or

determining that Liberty is entitled to any Limited Discovery whatsoever pursuant to the

applicable Rules of Civil Procedure, against NECC, the Trustee or any other entity, (ii)

3

DM3\2963225.4

Case 1:13-md-02419-RWZ   Document 1349-1   Filed 08/27/14   Page 5 of 5

directing the Trustee to respond to any Limited Discovery propounded by Liberty or (iii)

waiving any privileges or immunities of the Trustee or NECC's bankruptcy estate with

respect to any Limited Discovery; and it is further

5. ORDERED that this Court shall retain jurisdiction with respect to all matters arising from

   or relating to the this Order, including, without limitation, relating to the allowance,

   disallowance, classification and subordination of any claim Liberty asserts or hereafter

   may assert in this bankruptcy case.

Dated: _July 31_, 2014

The Honorable Henry J. Boroff
UNITED STATES
BANKRUPTCY JUDGE

*G:\DOCS\DER Cases\Great American Liberty Industries Bankruptcy Lift Stay of NECC Proposed Order re Automatic Stay final.docx*

4

DM3\2963225.4