# Exhibit # 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates to:<br><br>All Cases | Case No. 1:13-md-2419-RWZ |

### DEFENDANT LIBERTY INDUSTRIES, INC.'S
### MOTION TO LIFT THE DISCOVERY STAY
### <u>WITH RESPECT TO THE AFFILIATED DEFENDANTS</u>

Defendant, Liberty Industries, Inc. ("Liberty") moves to lift the discovery stay currently in place with respect to Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc., Medical Sales Management SW, Inc., Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, and Glenn A. Chinn (collectively, the "Affiliated Defendants").

The Affiliated Defendants, as the owners, operators, and employees of New England Compounding Center ("NECC") and its affiliated companies, are the most likely sources of evidence relevant to Liberty's claims and defenses.  Liberty requires discovery from them regardless of any settlement reached by the Affiliated Defendants with the Plaintiffs' Steering Committee and Chapter 11 Trustee.  Because the discovery stay has outlived its usefulness and good cause exists to lift it, and for all of the reasons stated in the accompanying Memorandum of Law in Support, Liberty's Motion to Lift the Discovery Stay With Respect to the Affiliated Defendants should be ALLOWED.

Respectfully submitted,

Defendant,
LIBERTY INDUSTRIES, INC.,
By its attorneys,


/s/ Peter G. Hermes
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
  & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
Dated:  June 27, 2014                           (617) 728-0052 (F)


## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for the Affiliated Defendants and attempted in good faith to resolve or narrow the issues raised herein.

/s/ Peter G. Hermes
Peter G. Hermes


## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on June 27, 2014.

/s/ Peter G. Hermes
Peter G. Hermes


G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Lift Stay for Aff Defts\MTN to Lift Stay of Aff Defts.docx

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates to:<br><br>All Cases | Case No. 1:13-md-2419-RWZ |

**DEFENDANT LIBERTY INDUSTRIES, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO LIFT THE**
**DISCOVERY STAY WITH RESPECT TO THE AFFILIATED DEFENDANTS**

Defendant, Liberty Industries, Inc. ("Liberty") moves to lift the discovery stay currently in place with respect to Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc., Medical Sales Management SW, Inc., Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, and Glenn A. Chinn (collectively, the "Affiliated Defendants").

**INTRODUCTION**

The Affiliated Defendants have been named in several lawsuits pending in the MDL and, as of June 25, 2014, Liberty is currently a defendant in thirty-three (33) cases. The claims against Liberty are based on its alleged design, manufacture, construction, and/or installation of cleanrooms at the New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), located at 697 Waverly Street, Framingham, Massachusetts ("Property"). *See e.g.* Master Complaint, Dkt. No. 545 at ¶¶ 125 – 135. Each of the Affiliated Defendants either worked for NECC, worked in the same building as NECC, or supervised or coordinated building maintenance or property management for NECC. As a result, discovery from the Affiliated Defendants is critical to Liberty's defenses and affirmative claims for indemnity.

Liberty is a defendant in a declaratory judgment action in the United States District Court for the District of Connecticut, *Great American E&S Insurance Company v. Liberty Industries, Inc.*, Case No. 3:14-cv-00499-VLB ("the DJ Action"), commenced by the only insurer that has agreed to defend it, albeit subject to a reservation of rights. Liberty's policies contain an Organic Pathogen Exclusion, a Fungi or Bacteria Exclusion, and an Exclusion for Installation. Liberty has reason to believe that the DJ Action will be resolved within 15 months after issue is joined (after the failure of the mediation, the insurer's attorney has requested that Liberty serve its Answer promptly). Once that occurs, if the insurer is successful, Liberty will not have the financial resources to defend itself and may have to resort to a Chapter 11 filing. Liberty needs to move forward with its defense without delay in order to prosecute its meritorious defenses to the civil actions commenced against it. Concomitantly with this motion, Liberty will be filing motions in the NECC Bankruptcy Proceedings and in this Court to modify the stays of discovery to allow it to serve appropriate answers, cross-claims and third party complaints, and to commence discovery of the Plaintiffs, the Insiders and Affiliated Defendants and other parties with relevant knowledge.

## ARGUMENT

The discovery stay with respect to the Affiliated Defendants should be lifted. The Affiliated Defendants are the parties most likely to possess information relevant to Liberty's claims and defenses. The fact that the Affiliated Defendants were able to reach a settlement with the Chapter 11 Trustee does not mitigate Liberty's need for relevant evidence that only the Affiliated Defendants may be able to provide. The discovery stay has been in place long enough such that its existence is no longer justified, and in fact, good cause exists for lifting the stay.

For all of the foregoing reasons and as more fully discussed below, Liberty's motion to lift the discovery stay should be allowed.

I.    **The Affiliated Defendants Are the Most Likely Sources of Evidence Relevant to Liberty's Claims and Defenses.**

The Affiliated Defendants are in a unique position to provide evidence relevant to the claims and defenses of Liberty such that Liberty will be impermissibly prejudiced if it is denied such discovery.  NECC is in bankruptcy and therefore protected (for now) from providing discovery and the Affiliated Defendants are the next potential source of discoverable information.[1]  Liberty is alleged to have performed defective work at the Property.  The Affiliated Defendants are a combination of the owners, operators, and employees of NECC and its affiliated entities, and are reasonably believed to possess discoverable information regarding the condition of the Property, including work performed by Liberty, communications with Liberty, work performed by other contractors and subcontractors, the condition of the roof, the functionality of the HVAC system, and maintenance and repair work performed at the Property.  Such evidence is critical to Liberty's ability to defend against the claims asserted against it, as well as identifying those responsible parties that may owe indemnity to Liberty.[2]

In fact, some of the Affiliated Defendants produced some relevant documentary evidence to Liberty in connection with this Court's Mediation Program.  However, such documents are inadmissible and protected by confidentiality provisions in the Order on Mediation Program (Dkt. No. 394) ("Order") at ¶ II.H.5.  Liberty needs to obtain *admissible* evidence to support its defenses, cross-claims and third-party claims.  Liberty is willing to agree to waive the

---

[1] Liberty is also seeking to modify the automatic stay in the bankruptcy court.  However, none of the Affiliated Defendants are protected by the bankruptcy stay that shields NECC.

[2] Liberty filed a Proof of Claim for indemnity in excess of $25 million in the Chapter 11 proceeding based on the claims asserted against Liberty in the MDL.

confidentiality provisions with respect to documents exchanged by these parties in connection

with the Mediation Program (except for mediation memoranda), but Liberty also requires

supplemental production and testimonial evidence from those who know the most about the

Property.  As such, Liberty's motion to lift the discovery stay should be granted.

## II.     The Proposed Settlements Do Not Eliminate the Need for Discovery from the Affiliated Defendants.

Although the Affiliated Defendants may have reached an agreement in principal to settle

with the Plaintiffs' Steering Committee and the Chapter 11 Trustee, that has no bearing on the

need of remaining non-affiliated defendants to defend against plaintiffs' claims, or prosecute

their own cross-claims or counterclaims.  The Affiliated Defendants have argued elsewhere that

lifting the stay will negatively impact a settlement and its proceeds.  The Affiliated Defendants

have already agreed to settle for almost $100 million, executed the necessary documents, and are

awaiting approval of the settlement by the Bankruptcy Court.  *See* Dkt No. 1106 (providing

notice of filing motions in the Bankruptcy Court to approve settlements).  Although discovery

can be expensive, it is not likely to be so cost prohibitive as to impact the financial ability of the

settling Affiliated Defendants to follow through with their existing commitments to settle.[3]  In

fact, the insurers for the Affiliated Defendants are continuing to pay the Affiliated Defendants'

attorneys' fees and defense costs, thereby negating any claims of an inability to afford to provide

discovery.  *See In re New England Compounding Pharmacy, Inc.*, Case No. 12-19882-HJB, Dkt.

No. 731-2 at § 10(c) (settlement agreement with insurers submitted to the U.S. Bankruptcy Court

for approval).

In contrast, Liberty will be prejudiced if it is unable to discover information from those

believed to be the most knowledgeable about the information critical to Liberty.  It will not have

---

[3] Particularly in light of the fact that contributions by certain settling *individual* Affiliated Defendants is almost $50 million, with certain interests and benefits retained.

4

the benefit of important testimonial or documentary evidence, such as the condition of the Property, work performed by other contractors and subcontractors at the Property, work performed subsequent to Liberty's work, or any potential modification to Liberty's work after Liberty was last at the Property in 2008. Liberty needs such evidence regardless of whether the Affiliated Defendants have settled or not. The law that applies to a majority of the complaints filed against Liberty permits a defendant to assert allegations against a nonparty for purposes of allocating fault, thereby reducing that defendant's share of liability. *See e.g.* FLA. STAT. § 768.81(3)(a)(1) (2011), IND. CODE §§ 34-51-2-8 and 34-51-2-14 (1998), OHIO REV. CODE. ANN. § 2307.23(C) (2005), and TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (2011). Such statutes typically require the defendant to prove its case against the nonparty in order to be able to present the jury with the option of allocating some percentage of fault to the nonparty. *See e.g.* FLA. STAT. § 768.81(3)(a)(2) and IND. CODE §§ 34-51-2-15. Some jurisdictions also permit a defendant to assert cross-claims for contribution and indemnification against co-defendants. *See e.g.* FLA. STAT. § 768.31 (1997). Evidence obtained from the Affiliated Defendants will be used to support Liberty's cross-claims and requests to allocate a percentage of fault to nonparties as permitted in the relevant jurisdictions. Liberty will be prejudiced if it is denied the ability to do so.

**III.     The Discovery Stay Has Lasted Long Enough and Must be Lifted.**

Now is the time to lift the stay. The discovery stay has been in place since the inception of this MDL last February and since well before any of the non-affiliated defendants were named in the Master Complaint or in other civil actions. For example, two Case Management Orders were entered in the MDL, instituting and affirming the discovery stay as to the Affiliated Defendants, before Liberty was even a party. *Compare* Dkt. Nos. 209, 438, and 545 (case

management orders entered prior to Master Complaint filed naming Liberty).  However, the

Court anticipated the time would come when discovery with respect to the Affiliated Defendants

would be appropriate, and stated in MDL Order No. 7 that "[t]he Court recognizes that fairness

requires that discovery be mutual and reciprocal, and expects to set a schedule for such discovery

at a future date."  Dkt. No. 438.  It has been some nine months since the "future date" was

contemplated and the time is now to begin the process.

## IV.    Good Cause Exists to Lift the Stay.

Although Liberty does not believe good cause is required to lift the discovery stay, even

if it were, good cause exists and the stay must be lifted.  The Affiliated Defendants rely on case

law in this and other jurisdictions to lay out a stringent five-factor test to determine whether or

not a discovery stay should be granted or lifted.  *See e.g.* Dkt. No. 757 at pp. 5-6, citing

*Microfinancial, Inc. v. Premier Holidays Intern., Inc.,* 385 F.3d 72, 78 (1st Cir. 2004) *et al.*

However, all of the cases relied on by the Affiliated Defendants pertain to a stay of a civil matter

while a parallel criminal matter is proceeding.  *See id.*  Liberty is not aware of any current

criminal matters underway in which the Affiliated Defendants have been indicted warranting

application of the test touted in their opposition to the PSC's motion to lift the discovery stay.

Furthermore, regardless of whether they are the subject of a criminal investigation, all of the

Affiliated Defendants have the right to assert the Fifth Amendment in response to any deposition

questions with which they are presented.  The adverse inference that may be used in a civil case

that arises from asserting a Fifth Amendment privilege is not grounds for hindering Liberty's

ability to <u>try</u> to discover facts relevant to its claims and defenses.

Instead, when evaluating whether to grant a stay of discovery, case law appears to refer

only generally to the need for good cause, and that a stay must be reasonable in duration, and the

competing equities must be balanced.  *See e.g. Standard Fire Ins. Co. v. Andrade*, 2010 WL

1418011 *1 (D. Mass. Apr. 6, 2010) (Wolf, J.) citing *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155

(1st Cir. 1992).   Under such an analysis, lifting the stay is clearly warranted.  The Affiliated

Defendants are the only potentially available sources of information that is reasonably calculated

to lead to the discovery of admissible evidence relevant to Liberty's claims and defenses.  The

stay has been in place for at least a year, and it has been at least nine months since it was last

evaluated by the Court.  Liberty will be prejudiced by its inability to adequately prepare for trial

if the stay is not lifted.  Other parties, including the PSC and other non-affiliated defendants, are

also seeking to lift the stay.[4]  In short, the discovery stay must be lifted because good cause

exists, the stay has outlived its purpose, and Liberty's need for access to evidence that supports

its claims and defenses outweighs the Affiliated Defendants' cost concerns.

## CONCLUSION

For all of the foregoing reasons, the motion to lift the discovery stay with respect tot the

Affiliated Defendants should be ALLOWED.

WHEREFORE, Defendant Liberty Industries, Inc. respectfully requests this Honorable

Court enter an order allowing the motion and setting a date for a scheduling conference.

---

[4] *See e.g.* Dkt Nos. 534 (*Plaintiffs' Steering Committee's Memorandum of Law in Support of Motion to Partially Lift Discovery Stay*), 1041 (*Tennessee Clinic Defendants' Joinder in Plaintiffs' Steering Committee's Motion to Partially Lift Discovery Stay*), and 1077 (*St. Thomas Entities and Ascension Parties' Joinder in Plaintiffs' Steering Committee's Motion to Partially Lift Discovery Stay and Related Pleadings*).

Respectfully submitted,

Defendant,
LIBERTY INDUSTRIES, INC.,
By its attorneys,


/s/ Peter G. Hermes
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
   & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
Dated:  June 27, 2014                    (617) 728-0052 (F)


## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for the Affiliated Defendants and attempted in good faith to resolve or narrow the issues raised herein.

/s/ Peter G. Hermes
Peter G. Hermes


## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on June 27, 2014.

/s/ Peter G. Hermes
Peter G. Hermes

G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Lift Stay for Aff Defts\MLAW to Lift Stay of Aff Defts final.docx