UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)  MDL No. 1:13-md-2419-FDS<br>)<br>)<br>)<br>) |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
LIMITING DISCOVERY AND STAYING THESE PROCEEDINGS WITH
RESPECT TO NECC INSIDERS AND RELATED SETTLING PARTIES**

The Official Committee of Unsecured Creditors (the "Official Committee") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC" or the "Debtor"), by and through its undersigned counsel, respectfully submits this joinder (the "Joinder") to the *Chapter 11 Trustee's Motion for Entry of an Order Limiting Discovery and Staying These Proceedings With Respect to NECC Insiders and Related Settling Parties* [Dkt. No. 1342] (the "Stay Motion") and accompanying memorandum of law [Dkt. No. 1343] (the "Memorandum of Law") filed by the chapter 11 trustee (the "Trustee") of NECC.[1] In support of this Joinder, the Official Committee respectfully states as follows:

1. The Official Committee joins in and supports the Stay Motion and joins in the Trustee's Memorandum of Law (the arguments and authorities of each of which are incorporated as if fully set forth herein), and the Official Committee respectfully requests that this Court enter an order limiting discovery of, and staying actions in this multidistrict litigation (the "MDL Proceeding") against, (i) those parties defined in the Plan Support and Funding Agreement dated May 2, 2014 (the "Insider Settlement Agreement") executed by the Trustee and certain insiders

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stay Motion.

of NECC as "Contributors"[2] and as "Contributor and Affiliate Released Parties"[3] (collectively, the "Insider Settling Parties"), (ii) NECC's affiliated landlord, GDC Properties Management, LLC ("GDC") and (iii) their respective insurers Pharmacists Mutual Insurance Company, Maxum Indemnity Company, and Preferred Mutual Insurance Company (the "Settling Insurers", and together with the Insider Settling Parties and GDC, the "Settling Parties").

## BACKGROUND

2.  Detailed background on the posture of this MDL Proceeding and NECC's chapter 11 case is set forth in the Trustee's Memorandum of Law.  In brief, as this Court is aware, the Trustee, with the full participation and support of the Official Committee and with the approval of the Honorable Henry J. Boroff, has entered into three separate settlements (collectively, the "Settlements", each of which are evidenced by a "Settlement Agreement") with the Settling Parties.  Through the Settlements, the Trustee, the Official Committee, and this MDL's Plaintiffs' Steering Committee have taken the first steps to build a significant "Claimants' Compensation Fund" for distribution through a chapter 11 plan to NECC's creditors.[4]  In

---

[2]  The "Contributors" are Barry Cadden, Lisa Cadden, Carla Conigliaro and Gregory Conigliaro.

[3]  The "Contributor and Affiliate Released Parties" are the Contributors and each of their respective spouses, children, parents, and other nuclear family members of each Contributor, all trusts under which the Contributors or their spouses or family members are settlors, trustees, or beneficiaries, the Affiliated Entities, and any other entities in which the Contributors or their spouse, children or other nuclear family members hold an interest, and those entities' successors, assigns, and predecessors.

[4]  As the Trustee has previously described, under the plan envisioned by the Trustee and supported by the Official Committee:

> [P]otentially liable parties, including the allegedly culpable insiders of the Debtor, would contribute funds in amounts to be negotiated into a common fund.  To ensure finality, and to induce potentially liable parties to contribute to the fund, the Trustee contemplates the chapter 11 plan would provide third party releases to those potentially liable parties who make the substantial contributions the Trustee envisions will be required by such parties.

> See *Joint Motion of Plaintiff Paul D. Moore as He is Trustee of the Chapter 11 Estate of New England Compounding Pharmacy, Inc., Defendants, Barry Cadden, Lisa Conigliaro Cadden, Gregory Conigliaro, Carla Conigliaro and Reach-And-Apply Defendants, Ameridose LLC, GDC Properties Management, LLC and Medical Sales Management for Approval and Entry of Agreed-Upon Order Establishing Protocol for Settlement Negotiations and Communications,* ¶ 20, Adv. Pro. No. 13-01040 [Dkt. No. 89].

particular, the Settling Parties have agreed to contribute cash and considerations estimated to exceed ***$100 million*** in exchange for releases from liability and injunctions in aid thereof (collectively, the "Plan Releases and Injunctions") to be embodied in a chapter 11 plan that will resolve, *inter alia*, the claims against NECC, its insiders and affiliates, and other parties resulting from the nationwide dissemination of tainted preservative-free methylprednisolone acetate ("MPA") compounded by NECC.

3. The Settlement Agreements also impose certain requirements on the Trustee with respect to this MDL Proceeding. First, the Settlement Agreement between the Trustee and the Insider Settling Parties (the "Insider Settlement Agreement") requires the Trustee to seek from this Court an order prohibiting any party to these proceedings from (i) seeking dispositive relief against the Insider Settling Parties, or (ii) seeking any form of prejudgment security with regard to those parties, in each case pending the effective date of the plan (the "Insiders MDL Stay"). See Insider Settlement Agreement § 3.2.

4. Second, the Settlement Agreement between the Trustee and NECC insurers Pharmacists Mutual Insurance Company and Maxum Indemnity Company (the "PMIC/Maxum Settlement Agreement") provides that the Trustee and those insurers

> shall each use good faith commercially reasonable efforts to permit (including in connection with relief sought by any such Party in proceedings in the MDL Court and the Bankruptcy Case) the Settling Insurers to have the benefit of the stays of litigation and discovery now applicable to them in connection with the Released Tort Matters pending the Plan Effective Date (with corresponding and continuing relief to be provided thereafter by the Plan itself).

PMIC/Maxum Settlement Agreement §10(d).

5. Finally, the Settlement Agreement between the Trustee, GDC, and related parties (the "GDC Settlement Agreement") provides that the parties thereto

> shall each use good faith commercially reasonable efforts to permit (including in connection with relief sought by any such Party in proceedings in the MDL Court

and the Bankruptcy Case) GDC, Preferred Mutual and the Individual GDC Insureds to continue to have the benefit of the stays of litigation and discovery now applicable to them in connection with the Settled Claims pending the Plan Effective Date (with corresponding, continuing and permanent relief to be provided thereafter by the Plan itself).

GDC Settlement Agreement § III.f.

6. Accordingly, through the Stay Motion, the Trustee seeks entry of an order

(i) prohibiting any party to this MDL Proceeding from seeking dispositive relief against the Settling Parties;

(ii) barring any party to this MDL Proceeding from seeking any form of prejudgment security from or against the Insider Settling Parties or their assets, including, but not limited to, any attachments, injunctions, writs or orders of any nature; and

(iii) permitting discovery against the Estate Parties[5] and the Insider Settling Parties, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties.

## **JOINDER**

7. The Official Committee respectfully submits that the Trustee's request for a stay of this MDL Proceeding and for defined parameters for discovery of the Settling Parties, as contemplated by the Settlement Agreements, are essential to maximize the recoveries to the individuals injured by tainted NECC MPA, on one hand, and to minimize the burdens on and cost to NECC's bankruptcy estate pending plan confirmation, on the other hand.

8. As an initial matter, and as indicated by the Trustee, the stay contemplated by the Insider Settlement Agreement is crucial to the initial funding of the Claimant's Compensation Fund. See Memorandum of Law at 11. In pertinent part, the Insider Settlement Agreement provides that the Insider Settling Parties will fund their respective "Initial Plan Deposits," which total, in the aggregate, nearly $50 million, ***only after*** an order staying this MDL Proceeding has

---

[5] The Insider Settlement Agreement defines "Estate Parties" as "the Trustee, the Debtor, the Debtor's bankruptcy estate in the Chapter 11 case, the [Official] Committee, the Estate Representative, and each of their respective successors and assigns."

4

been entered.  See Insider Settlement Agreement § 2.1.  The Official Committee respectfully submits that this consideration – which directly benefits NECC's creditors, including its numerous tort creditors – alone justifies the imposition of the stay contemplated by the Insider Settlement Agreement.

9. In addition, as this Court is aware, further settlements with other potentially liable third parties, including NECC's vendors and clinics and health care providers that administered tainted MPA, are essential to maximizing of recoveries for the benefits of victims and to the success of the plan envisioned by the Trustee and the Official Committee.  As the Trustee notes, "[t]he failure to grant the stays would adversely impact the Trustee's ability to settle with other parties" by depriving the Settling Parties of "an important benefit they obtained as an incentive for them to settle."  Memorandum of Law at 12.  Conversely, the Official Committee respectfully submits that granting the relief requested in the Stay Motion is likely to provide other potentially liable third parties with comfort that they will enjoy the benefits of their bargains, and therefore to incentivize further settlements and further contributions to the Claimants Compensation Fund.

10. The requested relief will also minimize the burdens on and cost to NECC's bankruptcy estate pending plan confirmation.  Continued litigation and discovery in this MDL Proceeding against the Settling Parties will be both expensive and time-consuming, and those parties will undoubtedly expect NECC's estate to participate meaningfully therein.  However, such litigation and discovery (and the related expense of estate time and resources) may well prove needless, given that, if and when the Plan Releases and Injunctions become effective, the Settling Parties will effectively exit the MDL Proceeding.[6]

---

[6] By contrast, if the Plan Releases and Injunctions do not become effective (i.e., if a plan containing them is not confirmed), the stay contemplated by the Insider Settlement Agreement will terminate, the Insider

11.     Finally, the Official Committee notes that the stay of this MDL Proceeding contemplated by the Insider Settlement Agreement will <u>not</u> enjoin parties from seeking relevant discovery from the Insider Settling Parties to the extent such discovery is necessary to the prosecution or defense of claims against other defendants (for example, clinics and health care providers).  Simply put, the Insider Settlement Agreement and the Trustee's present motion pertaining thereto are crafted to preserve the rights of third parties to fully develop or defend, as applicable, any claims they may have against non-Settling Parties.

12.     Accordingly, the Official Committee respectfully submits that the stays of this MDL Proceeding with respect to Settling Parties, and the parameters for discovery thereof, contemplated by the Settlement Agreement are warranted, necessary and appropriate to preserve the limited assets of the estate pending plan confirmation, and are narrowly tailored to achieve that goal without undue prejudice to the rights of third parties.

## **CONCLUSION**

13.     For the reasons set forth in this Joinder, the Stay Motion, and the accompanying Memorandum of Law, the Official Committee respectfully requests that this Court: (a) grant the Stay Motion; (b) enter an order, substantially in the form attached to the Stay Motion as Exhibit A, staying this MDL Proceeding, and limiting discovery to the parameters defined therein, with respect to the Settling Parties; and (c) grant such other and further relief as this Court deems necessary or appropriate.

*[Remainder of this page intentionally left blank]*

---

Settling Parties will remain in the MDL Proceeding, and parties will be free to continue seeking dispositive relief or prejudgment security from them.  <u>See</u> Insider Settlement Agreement § 3.2(a).

Dated: August 27, 2014
       Boston, Massachusetts

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ *David J. Molton*
David J. Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

and

William R. Baldiga, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.*

**CERTIFICATE OF SERVICE**

   I, Carol S. Ennis, hereby certify that on August 27, 2014, I caused a copy of the foregoing Joinder to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.


Dated: August 27, 2014
   Boston, Massachusetts          /s/ *Carol S. Ennis*
                         Carol S. Ennis


61737853