UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>) | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: )<br>)<br>All Cases )<br>) | |

# TENNESSEE CLINIC DEFENDANTS' RESPONSE TO THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER LIMITING DISCOVERY AND STAYING THESE PROCEEDINGS WITH RESPECT TO NECC INSIDERS AND RELATED SETTLING PARTIES [1342]

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "the Tennessee Clinic Defendants"), file this *Response to the Chapter 11 Trustee's Motion for Entry of an Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties*.

1

1. **Introduction.**

    a. **Trustee's requested relief**

On August 14, 2014, the Chapter 11 Trustee filed a "Motion for Entry of an Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties."[1] The Trustee filed a memorandum in support on the same day.[2]

The motion is described as consistent with the settlement agreement between the PSC, the Trustee, and various "Settling Parties." The settlement is embodied, in part, in the bankruptcy court's orders granting the 9019 motions[3] and the Plan Support and Funding Agreement[4]. Pertinent to this motion, at Section 3.2, the Funding Agreement states:

> (a) Within ten (10) Business Days following entry of the Rule 9019 Order, the Trustee shall file a motion with the MDL Court (the "MDL Stay Motion") requesting entry of an order of the MDL Court staying the MDL Proceeding as to the Contributors and the Contributor and Affiliate Released Parties through the earlier of the Plan Effective Date or Termination in accordance with Section 11 ("MDL Stay Order"). The terms of the MDL Stay Order, as requested by the MDL Stay Motion, shall include, but not be limited to, the following terms:
>
>   (i) A prohibition against any party to the MDL Proceeding seeking dispositive relief;
>
>   (ii) A prohibition against any party to the MDL Proceeding seeking any form of prejudgment security, including, but not limited to, any attachments, injunctions, writs or orders of any nature with regard to the Contributors and the Contributor and Affiliate Released Parties; and

---

[1] Dkt. 1342.
[2] Dkt. 1343.
[3] Bankruptcy Docket, 972: "Within ten (10) Business Days following entry of this Order, the Trustee is authorized and directed to file the MDL Stay Motion in the MDL Proceeding requesting entry of an order of the MDL Stay Order in accordance with the Funding Agreement."
[4] Bankruptcy Docket, 712, Exhibit B.

(iii) the permissibility of discovery against the Estate Parties, the Contributors, and the Contributor and Affiliate Released Parties, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties, the Contributors, and the Contributor and Affiliate Released Parties.[5]

At Dkt. 1342, the Trustee moved for that relief.

Piecing together the various filings by the Trustee, the "Settling Parties" to whom this stay would apply appear to be:

Contributors

- Barry Cadden
- Lisa Cadden
- Carla Conigliaro
- Gregory Conigliaro

Contributors and Affiliate Release Parties

- Any spouse, child, parent, or other nuclear family member of a Contributor

- Any trust in which a Contributor or "family member" is the settlor, trustee, or beneficiary

- "Affiliated Entities"[6]:

    - 203 Flanders Road, LLC
    - 205 Flanders Road, LLC
    - Alaunus Pharmaceutical, LLC
    - Ameridose, LLC
    - Cadden Family-2012, LLC
    - Cardo Properties, LLC
    - Conigliaro Block, Inc.
    - Conigliaro Family Investments, LLC
    - GDC Holdings, Inc.
    - GDC Properties Management, LLC
    - Hunter Holdings, LLC
    - L&S Creations, Inc.
    - Medical Sales Management, Inc.
    - Medical Sales Management, SW, Inc.
    - Nationwide Foam, Inc.

---

[5] Bankruptcy Docket, 712, Exhibit B.
[6] Listed at Exhibit A to the Plan Support and Funding Agreement, found at Bankruptcy Docket, 712, Exhibit B.

- - o   Nationwide Recycling Sales Management, Inc.
  - o   Physicians Choice Medical Marketing, LLC
  - o   Stone House Realty Group, LLC

- "[A]ny other entities in which the Contributors or their spouse, children or other nuclear family members hold an interest"

- Those entities' successors, assigns, and predecessors

<u>"[T]heir respective insurers who have settled with the Trustee"</u>

- Pharmacist Mutual Insurance Company
- Maxum Indemnity Company
- Preferred Mutual Insurance Company.

The Trustee seems to be asking for (1) a stay on any party seeking "dispositive relief" against any of these "Settling Parties" and (2) a stay of discovery as to these "Settling Parties" with some room for MDL parties to conduct discovery under limited circumstances. The Trustee states that such a stay "will preserve the benefits of the Settlements without impeding the progress (and, hopefully, resolution) of the remaining actions in the MDL that have not settled, thereby obviating the need for further litigation against the Settling Parties in these MDL proceedings and the related burden and expense."[7]

### b. These Defendants

Thanks to the conduct of those sought to be protected by the Trustee's current motion, these parties are defendants in 120+ lawsuits pending in the MDL. Injured plaintiffs claim that the Tennessee Clinic Defendants (1) did not conduct proper due diligence of NECC before purchasing medication from it, causing injury, and (2) engaged in a conspiracy with NECC to violate state law, causing personal injury.[8]

---

[7] Dkt. 1342.
[8] *See* Master Complaint, Dkt. 545, Counts III and XI.

Given the vague nature of the Trustee's requested relief, the Tennessee Clinic Defendants must respond to ensure that the order entered on the Trustee's motion does not limit the Tennessee Clinic Defendants' ability to defend the cases against them.

### 2. Response to the Trustee's Motion

#### a. Procedural status

No one – not the PSC, the Trustee, nor the various defendants – can credibly contend that the cases against the Tennessee Clinic Defendants can proceed to trial without discovery of the Settling Parties.

The Tennessee Clinic Defendants are *entitled* to discovery of the Settling Parties, *especially those who are named defendants*, because they have discoverable documents and knowledge. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…."). More importantly, these Defendants simply *cannot* defend the claims against them without such discovery to support their comparative fault claims. *Banks v. Elks Club Pride of Tennessee 1102*, 301 S.W.3d 214, 225 (Tenn. 2010) (recognizing that the burden of proving comparative fault lies with the defendant asserting the defense).

Representatives of the PSC frequently repeat their goal to move the cases in the MDL forward as quickly as possible. That plan, however, is at odds with the relief requested by the Trustee, based on an agreement to which the PSC is a party. The Trustee seeks to limit discovery of more than a dozen corporate witnesses (and potential third-party defendants) that the Tennessee Clinic Defendants need to discover to defend the claims against them, using a vague standard certain to lead to unproductive disputes.[9]

### b. Response and requested relief

The Tennessee Clinic Defendants oppose the Trustee's motion.

### i. Dispositive relief

The proposed order prohibits "all parties to these MDL proceedings…from seeking any form of dispositive relief against the Settling Parties[.]"[10] Notably, "dispositive relief" is not defined.

If the Trustee intends to preclude these Defendants from asserting comparative fault claims against Settling Parties, moving for dispositive relief on a comparative fault claim, or bringing third-party claims against Settling Parties, these Defendants oppose such a provision.

---

[9] Discovery of the Settling Parties is permitted "but only to the extent that discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties." Dkt. 1343-1.

[10] Dkt. 1343-1.

6

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). But, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992).

The Trustee has failed to offer a sufficient basis for such a broad, vague prohibition against "dispositive relief." The Trustee states conclusively, "Approval of the Settlement obviates the need for the continuation of litigation against the Settling Parties."[12]

However, the Settlement certainly does not dispose of the Tennessee Clinic Defendants' comparative fault claims against the Settling Parties, which will be integral to the Tennessee Clinic Defendants' defense of the cases. Likewise, the Tennessee Clinic Defendants have not settled any of their own, more direct third-party claims against the Settling Parties. Indeed, the Trustee lacked the standing and/or authority to negotiate away either type of claim as part of the Settlement.

Accordingly, the Tennessee Clinic Defendants request that any order on the Trustee's motion not include such a blanket prohibition or include language allowing the Court, in its discretion, to allow claims and dispositive motions against Settling Defendants if appropriate.

---

[12] Dkt. 1343, p. 8.

### ii. Discovery

The Trustee's motion contemplates *some* discovery of the Settling Parties, but the ambiguous scope of that discovery is troubling.

The Trustee requests that discovery be stayed as to the "Insider Settling Parties,"[13] allows discovery "against the Estate Parties (as defined in the Insiders Settlement Agreement) and the Insider Settling Parties, but only to the extent that discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties."[14]

The Tennessee Clinic Defendants interpret this provision to permit discovery from these entities for the purpose of discovering information to support their comparative fault claims, an affirmative <u>*defense*</u>.

If the Trustee or the Court interpret this provision differently, the order must be modified to allow the Tennessee Clinic Defendants to conduct discovery of the Settling Parties, particularly NECC's individual owners, operators, and employees, and the owners, operators, and employees Medical Sales Management, in order to defend these claims. That discovery is essential to develop these Defendants' factual and legal defenses and to support affirmative defenses like comparative fault.[15] Basic discovery is necessary at this point to understand the identity of many of the Settling Parties, their relationship with NECC, and their involvement (if any) with the compounding, marketing, and sale of the drug at issue.[16]

---

[13] Listed earlier in this Response.
[14] Dkt. 1343-1.
[15] The Trustee seems to agree: "Although the Settlements resolve claims against the Settling Parties, the Trustee acknowledges that discoverable information within the possession or control of the Settling Parties still may be relevant to actions against third party, unaffiliated defendants." Dkt. 1343, pp. 8-9.
[16] The Tennessee Clinic Defendants have conducted no discovery of NECC or its Affiliates to this point beyond recently being given access to a large repository of NECC documents.

These Defendants respectfully request that any order entered by this Court in response to the Trustee's motion expressly allow non-settling defendants in the MDL (including the Tennessee Clinic Defendants) to conduct discovery of the Settling Parties where the information is discoverable to (1) defend the claims against them and (2) support any affirmative defense.

### 3. Conclusion

The Trustee, as part of a negotiated settlement between the PSC, the Trustee, and dozens of NECC affiliates (but not the Tennessee Clinic Defendants), has filed a broad motion requesting (1) a stay on any party seeking dispositive relief against more than a dozen Settling Parties and (2) a stay on discovery of Settling Parties with a limited exception.

The Tennessee Clinic Defendants request that the Court, in entering an order on this motion, (1) omit the broad prohibition on dispositive relief (or qualify it as outlined above) and (2) specify that MDL defendants still litigating shall be allowed discovery of the Settling Parties where the information is discoverable in the defense of claims or the assertion of any affirmative defense.[17]

---

[17] The Tennessee Clinic Defendants also join in the requests made by the Saint Thomas Entities and Ascension Parties at Dkt. 1351 in response to the Trustee's motion, namely (1) if the Court wishes to include a stay on dispositive relief, that the Court condition the stay on dispositive relief to all claims against Insiders and Settling Parties being tolled, and (2) that the Court make the order's terms subject to modification by the Court as the litigation progresses.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**


/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***


* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.


## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 28th day of August, 2014.


/s/ Chris J. Tardio
**Chris J. Tardio**