LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY

A LIMITED LIABILITY COMPANY

COUNSELLORS AT LAW

3131 PRINCETON PIKE – 1B, SUITE 104

LAWRENCEVILLE, NEW JERSEY 08648

(609) 896-2000

——

FAX (609) 895-1693

RUDOLPH A. SOCEY, JR., P.C.†ᵀ
ROLAND R. FORMIDONI
ROBERT P. CASEY, P.C.
GREGORY J. GIORDANO†
JEREMY P. COOLEY*†
JOSEPH R. LANG†

*MEMBER OF N.J. AND PA. BAR
**MEMBER OF N.J. PA & N.Y. BAR
***MEMBER OF N.J. & N.Y. BAR
†CERTIFIED AS A CIVIL TRIAL ATTORNEY

MICHAEL J. HERON*
ROBERT F. CASEY, P.C.
PATRICK F. CARRIGG***
CASEY R. LANGEL
MICHAEL A. PATTANITE, JR.
MICHAEL J. MASELLI

GEORGE WILGUS, III†
OF COUNSEL
SAMUEL D. LENOX
1922–1975

October 17, 2013

The Honorable Rya W. Zobel, U.S.D.J.
US District Court for the District of Massachusetts
John Josephy Moakley U.S. Courthouse
1 Courthouse Way, Ste. 2300
Northfield, NJ 08225

> Re:   New England Compounding Pharmacy, Inc. Products
>       Liability Litigation
>       Docket No: 1:13-md-2419-RWZ
>
> Re:   Ramos v. Bhagat, M.D., et. al.
>       Docket No. 1:13-cv-10410
>
> And
>       Rivera v. Bhagat, M.D., et. al.
>       Docket No. 1:13-cv-10412

Dear Judge Zobel:

Defendant, Dr. Nitish Bhagat, is in receipt of the Plaintiff's Response to Dr. Bhagat's reply brief in further support of Dr. Bhagat's motion to Dismiss Plaintiff's complaint for failure to serve a proper affidavit of merit. Please accept this correspondence in further response to Plaintiff's submission, and in support of Dr. Bhagat's motion to dismiss.

## 1. If Dr. Bhagat is not a Defendant than he must be dismissed with prejudice.

Plaintiffs are artfully attempting to subvert the New Jersey Statutory requirement that she serve an affidavit of merit from an equivalently board certified physician within 120 days of Dr. Bhagat's filed answer. N.J.S.A. 2A:53A-27 et. seq. Plaintiffs argue that the instant motion is moot because Dr. Bhagat is not a defendant in the matter.

Plaintiffs' subversive attempt is made clear by looking at the relevant procedural history. First, Plaintiffs plead Dr. Bhagat as a defendant in the initial complaint. Plaintiffs then filed a master complaint, not specifically including Dr. Bhagat, but a caveat to later use to bring Dr. Bhagat into the case. Finally, Plaintiffs filed a short form complaint again leaving Dr. Bhagat out of the pleading. Simultaneous to claiming Dr. Bhagat is not a defendant, Plaintiffs have continuously refused to execute a stipulation of dismissal. This pleading gamesmanship is entirely designed to subvert the statutory requirements of the New Jersey Affidavit of Merit Statute. Id.

Plaintiffs' actions show that Dr. Bhagat has always been a defendant in this matter, despite the pleading procedure above. Plaintiff served Dr. Bhagat with discovery. Plaintiff has opposed Dr. Bhagat's motion to dismiss for failure to serve an affidavit of merit. Critically, Plaintiffs have moved to amend to add Dr. Bhagat as a Defendant.

No case law has been cited to support Plaintiffs' procedure in adding, and removing Dr. Bhagat in order to toll the 120 day time period for filing of an Affidavit of Merit. Defendant respectfully submits that no such precedential case law in New Jersey jurisprudence exists. Plaintiff's ploy that Dr. Bhagat is not a Defendant in this matter is not sufficient to overcome Dr. Bhagat's motion for summary judgment. As such, a dismissal with prejudice is mandated.

**2. The statutory intent is fulfilled by requiring Plaintiff to comply with the dictates of the Affidavit of Merit statute.**

As aptly stated by Plaintiff, the purpose of the Affidavit of Merit statute is to remove frivolous claims and "require Plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious." In re Petition of Hall, 147 N.J. 379, 391 (1997). Plaintiff has not made such a threshold showing here, demonstrating the lack of merit of the claim as to Dr. Bhagat.

In Plaintiffs' own description of the case in general, she describes only a claim against NECC. Plaintiff's true claim in this matter is against NECC for manufacturing tainted medications that injured the patients receiving those medications. Dr. Bhagat is not mentioned once in Plaintiff's description of the case. This is because there is nothing factual to suggest that Dr. Bhagat did anything improper whatsoever in his treatment of the Plaintiffs. If he did,

Plaintiffs certainly would have been able to obtain the proper Affidavit of Merit.

Reviewing Plaintiffs' submission demonstrates the lack of claim against Dr. Bhagat. The very purpose of the statute is to "require Plaintiffs…to make a threshold showing that their claim is meritorious." Id. Plaintiffs have not made this showing within the statutory time period and with the appropriately credentialed physician. As such, Plaintiffs' complaints as to Dr. Bhagat must be dismissed with prejudice as a matter of law.

**3. Plaintiffs' new Affidavit of Merit does not meet the statutory requirements.**

With the filing of the sur reply, Plaintiffs have served an affidavit from Dr. Lawrence Jay Winikur, M.D., board certified in anesthesiology and pain management. Exhibit D to Plaintiff's submission. As previously submitted, Dr. Bhagat is board certified in radiology. Exhibit A to Dr. Bhagat's Motion to Dismiss. There is no dispute that Dr. Winikur is not board certified in the same medical specialty as Dr. Bhagat, as required by New Jersey Statute for a valid affidavit of merit. N.J.S.A. 2A:53A-41(a). Plaintiffs' affidavit of merit is precluded because it is filed late and only after the Defendant's motion, and is substantively deficient.

First, Dr. Winikur's affidavit is insufficient because it was filed well outside of the 120 day time period for filing of an appropriate affidavit of merit. N.J.S.A. 2A:53A-27. The Plaintiffs only obtained this affidavit in response to the

Defendants' motion to dismiss. The New Jersey Supreme Court has already addressed this situation and stated emphatically:" [i]f defense counsel files a motion to dismiss after the 120-day deadline and before plaintiff has forwarded the affidavit, the plaintiff should expect that the complaint will be dismissed with prejudice." Ferreira v. Rancocas Orthopedic Associates, 178 N.J. 144, 154 (2003). Plaintiffs' affidavit is well outside the 120 day time period and as such Plaintiff's complaint must be dismissed. Id.

Second, Dr. Winikur's affidavit is insufficient because it he is not equivalently board certified as Dr. Bhagat. N.J.S.A. 2A:53A-41(a). Plaintiffs do not dispute this fact, but rather that their deficient affidavit of merit should suffice because Dr. Bhagat's treatment of the Plaintiffs did not involve his medical specialty as a board certified radiologist. Plaintiffs' Brief at 6.

Plaintiffs apply the analysis from Buck to support their claim. Buck v. Henry, 207 N.J. 377 (2011). However, Buck is not the authority on this issue, and Plaintiffs' attempt to use it as such is disingenuous. Id. The New Jersey Supreme Court determined this specific issue relating to an issue as to the application of N.J.S.A. 2A:53A-41 otherwise known as The Patient's First Act regarding the requirements of an equivalently credentialed physician to issue an affidavit of

merit. <u>Nicholas v. Mynster</u>, 213 N.J. 463, 64 A.3d 536 (2013)[1] In
that precedential opinion, the New Jersey Supreme Court ruled
that the aforecited statute "requires that plaintiff's medical
expert must 'have specialized at the time of the occurrence that
is the basis for the (malpractice) action in the same specialty
or subspecialty' as defendant physicians." <u>Id.</u>, at 468. The
opinion does not allow for arguments like those presented by
Plaintiffs; i.e. that the treatment at issue did not involve the
medical specialty. <u>Id.</u> Rather, <u>Nicholas</u> unequivocally requires
that the plaintiff obtain an affiant who is equivalently board
certified as the defendant physician who is board certified in a
medical specialty. <u>Nicholas</u> did not create a novel requirement,
rather it enforced the language of the very statute it
interprets. Plaintiffs' affidavit of merit from Dr. Winikur does
not meet the statutory requirements.

Plaintiffs' affidavit of merit by Dr. Winikur is
insufficient because it is served beyond the 120 day time
period, and only in response to Defendants' motion to dismiss.
Further, the Affidavit is substantively deficient because Dr.
Winikur is not equivalently board certified as Dr. Bhagat. For
these reasons, the Defendants' motion to dismiss must be granted
as a matter of law, and Plaintiffs' complaints dismissed with
prejudice.

---

[1] Also note, <u>Nicholas</u> is a 2013 decision directly on the issue at bar, while <u>Buck</u> is a 2011 decision not directly deciding the issue presented here.

**4. <u>Conclusion</u>**

For these reasons, the Defendants' motion to dismiss the Plaintiffs' complaint for failure to serve the appropriate affidavit of merit must be granted.

Very truly yours,

<u>/s/ Joseph R. Lang, Esq.</u>
For the Firm

cc:  All counsel via ECF