UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Cases | MDL No: 1:13-md-2419-RWZ |

**OFFER OF JUDGMENT**

Defendant, Liberty Industries, Inc. ("Liberty"), hereby makes the following offer of judgment pursuant to F. R. Civ. P. 68:

1. Liberty will pay to the Trustee or the Tort Trust administrator, as directed by the Bankruptcy Court, the total sum of Five Hundred and Fifty Thousand Dollars and 00/100 ($550,000), inclusive of all costs <u>then</u> <u>accrued</u> in each case against it in these MDL proceedings and all other interest or amounts otherwise due or to become due; it being understood that the total amount to be paid by Liberty under no circumstances shall exceed $550,000. This payment shall be for the benefit of all qualified claimants of the NECC Tort Trust established by the Bankruptcy Court.

2. The payment of the sum stated in paragraph 1 is subject to the following conditions:

   (a) The inclusion in the NECC Plan of Arrangement of such releases, orders, injunctions and/or other provisions as are being given to NECC and the Affiliated Defendants and as are necessary to protect Liberty against any claim by any person or entity for damages on account of Liberty's construction of three cleanrooms at the NECC facility in Framingham, Massachusetts, any dealings of any kind or nature between Liberty and NECC and/or Ameridose and any claims of any kind or nature that have

    been or might be brought against Liberty on account of the manufacture, sale or distribution of products compounded by NECC.

  (b)  The entry of an Order in the NECC bankruptcy proceedings confirming a Plan of Arrangement providing the protections to Liberty identified in paragraph 2(a) above and the occurrence of the last event necessary for the Order confirming that Plan of Arrangement to become final without further possibility of reconsideration or appeal.

  (c)  The dismissal, with prejudice, of each claim commenced against Liberty without further recourse in any civil action pending, whether in the MDL proceedings in this Court or in any court in any other jurisdiction.

3.  The payment pursuant to this Offer of Judgment shall be made upon the satisfaction of Condition 2(c) above in such manner and to such person as may be directed by a final and binding order of the Bankruptcy Court in the NECC bankruptcy proceedings. Further, in connection with the confirmation of the Plan of Arrangement referenced in Condition 2(b) above, Liberty will withdraw or waive all claims against the NECC Bankruptcy Estate and will not seek any reimbursement for its costs, payments or attorney fees from the Estate.

    Respectfully submitted,

    LIBERTY INDUSTRIES, INC.,
    By its attorneys,

    */s/ Scott S. Spearing*
    Peter G. Hermes, BBO No. 231840
    phermes@hermesnetburn.com
    Scott S. Spearing, BBO No. 562080
    sspearing@hermesnetburn.com
    Dianne E. Ricardo, BBO No. 675586
    dricardo@hermesnetburn.com
    HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
    265 Franklin Street, 7th Floor
    Boston, MA 02110
    (617) 728-0050 (T)
Dated: September 5, 2014  (617) 728-0052 (F)

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on September 5, 2014.

                                              */s/ Scott S. Spearing*
                                              Scott S. Spearing