UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Cases. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**DEFENDANT LIBERTY INDUSTRIES, INC.'S
MOTION TO FILE UNDER SEAL
DOCUMENTS IN SUPPORT OF SUMMARY JUDGMENT
PURSUANT TO THE THIRD AMENDED PROTECTIVE ORDER
OF CONFIDENTIALITY**

NOW COMES Liberty Industries, Inc. ("Liberty"), pursuant to the Third Amended Protective Order of Confidentiality [Dkt. No. 814] ("Protective Order"), and Local Rule 7.2, and hereby moves to file certain documents under seal in accordance with the requirements and procedures of the Protective Order.  In support thereof, Liberty states as follows:

On this day, Liberty filed *Defendant Liberty Industries, Inc.'s Motion for Summary Judgment*, and *Defendant Liberty Industries, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment* ("Summary Judgment Motion") in the related matter of *Lambert v. Liberty Industries, Inc.*, *et al.*, Case No. 1:13-cv-10351-RWZ, joined in this MDL pursuant to Conditional Transfer Order No. 1.  *See* Case No. 1:13-cv-10351 at Dkt. No. 13.  In support of Liberty's Summary Judgment Motion, Liberty included statements of fact supported primarily by documents produced in connection with this litigation, and attached those documents as exhibits as required by Fed. R. Civ. P. 56(c) and Local Rule 56.1 ("Exhibits").  Certain Exhibits, and the information derived therefrom, were produced with the designation of Confidential Discovery Material pursuant to the Protective Order.  This designation required Liberty to confer with the

parties that produced the Confidential Discovery Material, identify what documents Liberty intended to use as an exhibit, and determine whether the producing party still considered the document to be Confidential Discovery Material. *See* Protective Order, ¶ 12(a). If so, such materials must be filed in redacted form, accompanied by a motion to file under seal. *See id.* at ¶ 12(c).

Liberty conferred with the parties that produced the purported Confidential Discovery Material to determine whether the producing parties believed in good faith that the documents identified by Liberty constituted Confidential Discovery Material. *See* Declaration of Peter G. Hermes, attached hereto ("Hermes Decl."). The producing parties were Liberty, The Chapter 11 Trustee of the New England Compounding Pharmacy Bankruptcy ("Trustee"), and the Plaintiffs' Steering Committee ("PSC").

Liberty no longer designates as Confidential Discovery Material those documents it produced that are submitted as Exhibits to the Summary Judgment Motion. The Trustee indicated that only certain documents of those identified by Liberty were Confidential Discovery Material pursuant to the Protective Order, ¶ 12(a). The PSC has not responded to date to Liberty's invitation to confer, and therefore all documents produced by the PSC and identified by Liberty as documents it intends to use as Exhibits will retain their designation as Confidential Discovery Material pursuant to the Protective Order, ¶ 12(a). *See* Hermes Decl.

The Confidential Discovery Material designation of Exhibits to the Summary Judgment Motion requires Liberty to file redacted copies, and present unredacted paper copies to this Court, filed under seal and so marked. *See* Protective Order, ¶ 12(c). Liberty also filed a partially redacted Summary Judgment Motion such that the information derived from the Confidential Discovery Material is redacted from *Liberty Industries, Inc.'s Memorandum of Law*

*in Support of its Motion for Summary Judgment* and the *Affidavit of Jeffrey Erickson* submitted in support of the Summary Judgment Motion.  *See* Hermes Decl.  True and correct redacted copies of all of the papers filed in support of Liberty's Summary Judgment Motion are attached to the Declaration of Peter G. Hermes, and unredacted copies will be submitted by hand to the Court for review.

Pursuant to Local Rule 7.2, Liberty respectfully requests said materials be impounded until such time as this litigation is terminated with respect to Liberty, and at which time the materials will be returned to the undersigned counsel.

WHEREFORE, Liberty respectfully requests this Court accept for filing under seal the documents submitted in support of Liberty's Summary Judgment Motion, and attached to the Declaration of Peter G. Hermes.

> Respectfully submitted,
>
> LIBERTY INDUSTRIES, INC.,
> By its attorneys,
>
>
> */s/ Peter G. Hermes*
> Peter G. Hermes, BBO No. 231840
> phermes@hermesnetburn.com
> Scott S. Spearing, BBO No. 562080
> sspearing@hermesnetburn.com
> Dianne E. Ricardo, BBO No. 675586
> dricardo@hermesnetburn.com
> HERMES, NETBURN, O'CONNOR
> & SPEARING, P.C.
> 265 Franklin Street, 7th Floor
> Boston, MA 02110
> (617) 728-0050 (T)

Dated:  September 11, 2014               (617) 728-0052 (F)

## **LOCAL RULE 7.1 CERTIFICATION**

      I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for the Chapter 11 Trustee and Plaintiffs' Steering Committee and attempted in good faith to resolve or narrow the issues raised herein.

                                                */s/ Peter G. Hermes*
                                                Peter G. Hermes

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on September 12, 2014.  An unredacted copy of the exhibits to the Declaration of Peter G. Hermes shall be delivered this day by electronic and first-class mail to counsel for the Plaintiffs' Steering Committee, and by hand delivery this day to the United States District Court for the District of Massachusetts and the chambers of The Honorable Rya W. Zobel.

                                                */s/ Peter G. Hermes*
                                                Peter G. Hermes

*G:\DOCS\DER\Cases\Great American\Liberty Industries\MSJ\MTN File Under Seal.final.docx*