UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Cases. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**DECLARATION OF PETER G. HERMES IN SUPPORT OF**
**<u>MOTION TO FILE UNDER SEAL</u>**

I, Peter G. Hermes, on oath depose and state as follows:

1. I am a principal and founding member of the law firm of Hermes, Netburn, O'Connor & Spearing, P.C. ("HNOS"). HNOS is counsel to Liberty Industries, Inc. ("Liberty") in connection with the multi-district litigation known as *New England Compounding Pharmacy Products Liability Litigation*, Case No. 1:13-md-2419-RWZ ("MDL"), and all individuals cases related to the MDL action.

2. Liberty filed *Defendant Liberty Industries, Inc.'s Motion for Summary Judgment* and *Defendant Liberty Industries, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment* ("Summary Judgment Motion") in the related matter of *Lambert v. Liberty Industries, Inc.*, *et al.*, Case No. 1:13-cv-10351-RWZ. A true and correct redacted copy of these filings are attached hereto. The *Lambert* matter was joined in this MDL pursuant to Conditional Transfer Order No. 1. *See* Case No. 1:13-cv-10351 at Dkt. No. 13. In support of Liberty's Summary Judgment Motion, Liberty included statements of fact supported primarily by documents produced in connection with the MDL litigation, and attached those documents as exhibits as required by Fed. R. Civ. P. 56(c) and Local Rule 56.1 ("Exhibits").

3. Certain Exhibits, and the information derived therefrom, were produced with the designation of Confidential Discovery Material pursuant to the Third Amended Protective Order of Confidentiality [Dkt. No. 814] ("Protective Order").  This designation required Liberty to confer with the parties that produced the Confidential Discovery Material, identify what documents Liberty intended to use as an Exhibit, and determine whether the producing party still considered the document to be Confidential Discovery Material.  If so, Liberty was required to file redacted copies of the documents with the designation, and file a motion to file under seal together with the unredacted documents.

4. The Exhibits are largely documents produced in connection with this litigation by Liberty, the Chapter 11 Trustee of the New England Compounding Pharmacy Bankruptcy ("Trustee"), and the Plaintiffs' Steering Committee ("PSC").

5. Liberty no longer designates as Confidential Discovery Material those documents it produced that are attached to the *Affidavit of Jeffrey Erickson* as Exhibits 1 – 7 in support of Liberty's Summary Judgment Motion.  As such, these documents need not be filed in redacted form and they are not subject to the Motion to File Under Seal.

6. On September 3, 2014, I contacted counsel for the Trustee to confer pursuant to Local Rule 7.1 and the Protective Order, ¶ 12(a), and identified documents produced by the Trustee that Liberty intends to use as Exhibits to determine whether the Trustee believed said documents constituted Confidential Discovery Material.  Liberty identified the following documents:

- NECC_MDL000005160-5161, 5167-5169, and 13151 (Exhibit D);
- NECC_MDL000005092 (Exhibit E);
- NECC_MDL000029314 (Exhibit F);

2

- NECC_MDL000027735-27736, 27806-27814, and 27998-28008 (Exhibit I); and
- NECC_MDL000005179-5182, 5115-5120, 5173-5178 (Exhibit J).

7. On September 8, 2014, the Trustee responded and indicated that he believed in good faith that only certain documents – Exhibits D and J – constituted or contained Confidential Discovery Material that must be filed in redacted form pursuant to the terms of the Protective Order. The Trustee no longer asserts that the documents attached as Exhibits E, F, and I are Confidential Discovery Material.

8. On September 3, 2014, I contacted counsel for the PSC to confer pursuant to Local Rule 7.1 and the Protective Order. I identified documents produced by the PSC that Liberty intends to use as Exhibits to determine whether the PSC believed said documents constituted Confidential Discovery Material. On September 8, 2014, my associate, Dianne E. Ricardo, contacted counsel for the PSC and identified additional documents produced by the PSC that Liberty intends to use as Exhibits. The following documents produced by the PSC were identified as documents Liberty intended to utilize in support of its Summary Judgment Motion:

- 000001, 000218-247 (Exhibit B); and
- PSC_Inspec_000048-79 (Exhibit K).

9. The PSC has not responded as of this date to Liberty's invitation to confer, and therefore all documents produced by the PSC and identified by Liberty as documents to be filed in support of Liberty's Summary Judgment Motion (Exhibits B and K) will retain their designation as Confidential Discovery Material pursuant to the Protective Order, ¶ 12(a).

10. Accordingly, Liberty filed its Summary Judgment Motion in partially redacted form so as to prevent the dissemination of information and documents designated as Confidential

Discovery Material.  Certain statements of fact contained in *Defendant Liberty Industries, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment*, and in the *Affidavit of Jeffrey Erickson* are redacted, as are the documents designated by the producing party as Confidential Discovery Material (Exhibits B, D, J, and K).

11.     For ease of reference, unredacted copies of all of the papers filed in support of Liberty's Summary Judgment Motion will be submitted by hand delivery to the Court for review in connection with  *Defendant Liberty Industries, Inc.'s  Motion to File Under Seal Documents In Support of Summary Judgment Pursuant to the Third Amended Protective Order of Confidentiality*.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 11th DAY OF SEPTEMBER, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes

*G:\DOCS\DER\Cases\Great American\Liberty Industries\MSJ\Dec ISO MTN File Under Seal.final.docx*