## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>MARY A. LAMBERT,<br>Plaintiff,<br><br>v.<br><br>LIBERTY INDUSTRIES, INC., *et al*.,<br>Defendants. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ<br><br><br><br><br><br>Civil Action No. 1:13-cv-10351-RWZ |

## DEFENDANT LIBERTY INDUSTRIES, INC.'S
## MOTION FOR SUMMARY JUDGMENT

Summary judgment must enter for Liberty Industries, Inc. ("Liberty") because there is no evidence to support Plaintiff Mary Lambert's ("Plaintiff") claims against Liberty. Plaintiff is trying to hold liable a company that manufactured cleanrooms for the now-defunct New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") <u>years prior</u> to the fungal meningitis outbreak that has made Framingham, Massachusetts the epicenter of a health crisis. Liberty played no role in bringing about this tragedy.

As discussed in its memorandum of law, Liberty built three cleanrooms for NECC and was last on site in 2008. There is no evidence known to Liberty concerning where the three lots of contaminated methylprednisolone acetate ("MPA") were compounded. There is conjecture the MPA was compounded in a cleanroom built by Liberty in 2006 – six years before the outbreak. All of the cleanrooms built by Liberty were constructed in compliance with regulatory and contractual requirements as evidenced by reports certifying such compliance and acceptance

by NECC of the cleanrooms. Liberty delivered certified, fully operational cleanrooms in which NECC compounded medications in violation of law for distribution without regard for the risks to human health posed by NECC's practices. NECC compounded drugs without using sterile ingredients or properly sterilizing equipment, and without following appropriate cleanroom maintenance, cleaning, or contamination control practices. Liberty had no control over NECC's use of the cleanrooms. All Liberty did was deliver fully functioning and operational cleanrooms.

In the years since Liberty's last involvement with the cleanrooms, NECC substantially modified the cleanrooms in a manner that allowed contaminants to enter the previously controlled environments. NECC's modifications included removing sealants around doors and pass-thru units, penetrating the walls and ceilings without sealing the penetrations, and blocking vents that were a critical component of filtering the air in the cleanrooms. NECC also turned off the HVAC system each night, and with each flip of the switch, NECC eliminated the cleanroom's ability to filter particles from the air and maintain the pressures required in a cleanroom.

Although there is ample evidence of NECC's wrongdoing (indeed, the arrest of its supervising pharmacist was recently in the news), there is no evidence to support Plaintiff's claims against Liberty. There is no evidence that Liberty breached any duty allegedly owed to Plaintiff, or that any act (or failure to act) by Liberty was the proximate cause of Plaintiff's injuries. For all of these reasons, and the reasons stated in the accompanying memorandum of law, there being no genuine dispute as to any material fact, Liberty is entitled to judgment as a matter of law on all of Plaintiff's claims.

WHEREFORE, Defendant Liberty Industries, Inc. respectfully requests this Court ORDER judgment for Liberty on all of Plaintiff's claims.

Respectfully submitted,

LIBERTY INDUSTRIES, INC.,
By its attorneys,


*/s/ Peter G. Hermes*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
(617) 728-0052 (F)

Dated: September 11, 2014

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for Plaintiff and attempted in good faith to resolve or narrow the issues raised herein.

*/s/ Peter G. Hermes*
Peter G. Hermes


## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4, and 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on September 11, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes

G:\DOCS\DER\Cases\Great American\Liberty Industries\MSJ\MTN for Summary Judgment.final.docx