UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| _____ | ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| All Cases | ) ) | |

**TENNESSEE CLINIC DEFENDANTS' RESPONSE TO THE
PLAINTIFFS' STEERING COMMITTEE'S MOTION TO SCHEDULE ORAL
ARGUMENT ON CERTAIN DISPOSITIVE MOTIONS [DKT. 1406]**

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "the Tennessee Clinic Defendants"), file this *Response to the Plaintiffs' Steering Committee's Motion to Schedule Oral Argument on Certain Dispositive Motions [Dkt. 1406]*.

The Tennessee Clinic Defendants object to the "motion" filed by the PSC at Dkt. 1406, to the extent the "motion" makes an attempt to unilaterally add oral argument on Tennessee discovery issues before Judge Boal to the docket for the September 17 hearing on dispositive motions before Judge Zobel. The "motion" is an impermissible attempt to backdoor argument of discovery issues already argued and expressly referred to Judge Boal into Judge Zobel's hearing designated for dispositive motions from jurisdictions outside Tennessee. The PSC filed this request despite clear

objections from counsel for the Tennessee Clinic Defendants and numerous other defense counsel.

At the August 7, 2014, status conference, Judge Zobel set the date for the next status conference (September 18 at 3:00 pm EDT).[1] The Court also set a separate hearing for September 17 at 2:00 pm EDT, to address any dispositive motions ripe for hearing.[2] In the context of the discussion at the status conference, the September 17 hearing was to address outstanding dispositive motions from states other than Tennessee.[3] No mention was made of Judge Boal hearing additional argument on Tennessee discovery issues on September 17. The "Electronic Clerk's Notes" from the status conference confirmed that the September 17 motion hearing was before Judge Zobel, not Judge Boal.[4]

Based on this schedule, counsel for the Tennessee Clinic Defendants planned to avoid the additional time and expense of appearing in person at the hearing on September 17, given that no Tennessee-specific issues were to be addressed. Counsel for the Tennessee Clinic Defendants informed the PSC of this fact, and the PSC knew this when they sent a "notice" that they intended to re-argue Tennessee discovery issues at the September 17 hearing and filed a request with the Court to that effect, styled as a motion for argument on *dispositive* motions.

The PSC sent for review just short of 4:00 pm CDT / 5:00 pm EDT on Friday, September 12 (48 business hours before the hearing) a list of motions that it intended to

---

[1] Hr'g Tr., 40:12-14 (Aug. 7, 2014 status conference); Dkt. 1320.
[2] Hr'g Tr., 16:24-17:25, 41:24-42:7, 55:10-13 (Aug. 7, 2014 status conference); Dkt. 1320.
[3] Hr'g Tr., 16:24-17:25, 41:24-42:7, 55:10-13 (Aug. 7, 2014 status conference); Proposed Agenda for August 17, 2014, Status Conference, Dkt. 1310 (identifying dispositive motions ripe for hearing, all from states outside Tennessee).
[4] Dkt. 1320.

be presented for hearing on September 17 and 18. The list inexplicably included Tennessee discovery motions that have already been argued. (In addition, the PSC stated at the August 7 status conference that it would file this list days, if not weeks, earlier.[5])

Despite the late notice, counsel for the Tennessee Clinic Defendants responded by email twice, objecting to the PSC's attempt to unilaterally add re-argument of discovery motions filed by the Tennessee Clinic Defendants.[6] Giving the PSC the benefit of the doubt, counsel pointed out again that:

1) they have not prepared for any re-argument of discovery issues on September 17 and, regardless, would not be present,

2) the hearing on September 17 was never designated to address discovery issues with Judge Boal, and

3) it is highly prejudicial and, frankly, just flat-out inappropriate to attempt to unilaterally add discovery motions to the docket of an out-of-town hearing on dispositive motions 48 hours before the hearing knowing opposing counsel will not be present.

Ignoring emails from counsel for the Tennessee Clinic Defendants and several other defendants pointing out the numerous problems with the PSC's proposal, the PSC filed the instant motion at 6:02 pm CDT / 7:02 pm EDT on Friday, September 12, making a quasi-request that discovery issues be presented on September 17: "To the extent that Judge Boal will be in attendance [on September 17], the PSC will supplement this motion and identify the motions it believes are ripe for argument when

---

[5] Hr'g Tr., 42:4-7 (Aug. 7, 2014 status conference).
[6] Email exchange attached as Exhibit.

and if the Court indicates that Judge Boal plans on hearing arguments at the September 17, 2014 hearing."[7] Again, even putting aside the fact that the hearing was never designated to (1) be before Judge Boal or (2) address any discovery issues, the PSC made this quasi-request *knowing opposing counsel would not be present.*

The Tennessee Clinic Defendants object to re-presentation of motions or issues related to the Tennessee discovery plan at the hearing on September 17:

1.  Counsel for the Tennessee Clinic Defendants will not be there in person.

2.  The hearing was never designated for these issues.

3.  The PSC unilaterally attempted to add these issues to the docket for that date at the very last minute, knowing that numerous defense attorneys will not be present.

4.  These issues have already been argued and, to the extent any argument remains, they remain expressly referred to Judge Boal.[8]

---

[7] Dkt. 1406.
[8] Dkt. 1332.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice.*

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 15th day of September, 2014.

/s/ Chris J. Tardio
**Chris J. Tardio**