UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| | ) |
| IN RE: NEW ENGLAND | ) |
| COMPOUNDING PHARMACY, INC. | ) |
| PRODUCTS LIABILITY LITIGATION | )      MDL No. 13-2419-RWZ |
| | ) |
| This Document Relates To: | ) |
| | ) |
|    All Actions | ) |
| | ) |
| | ) |

_____ )

MDL Order No. 9
ORDER REGARDING COMMON ISSUE DISCOVERY

September 18, 2014

Boal, M.J.

     This Order Regarding Common Issue Discovery is intended to provide a reasonable timetable for discovery on Common Issues[1] in order to help ensure a fair and just resolution of this matter without undue expense or delay.  This Order is entered in response to the Parties' various motions regarding a discovery schedule,[2] and after careful consideration of the arguments made by all Parties.

_____

[1] A "Common Issue" for purposes of this Order means an issue that pertains to all or a substantial number of cases in the Multidistrict Litigation ("MDL").  Examples of Common Issues include the scope and amount of Defendants' insurance coverage available to satisfy claims made or a parent company's liability for a subsidiary company's conduct.  A "Case Specific Issue" is an issue that pertains to a single case or a small number of cases.  Examples of Case-Specific Issues include the amount of physical harm an individual patient suffered as a result of Defendants' alleged wrongdoing or statements made by Defendants to a particular Plaintiff.

[2] Those motions are the Plaintiffs' Steering Committee's ("PSC") Motion to Partially Lift Discovery Stay (Docket No. 534); Saint Thomas Entities' Motion to Stay Objections and Responses to Discovery Pending Submission of a Discovery Plan and Amended Protective Order (Docket No. 595); Joinder of Tennessee Clinic and Physician Defendants in Saint Thomas

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(F) and 16.6, it is hereby ORDERED that:

I.   Applicability

This Order shall govern cases transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of February 12, 2013, entitled New England Compounding Pharmacy, Inc. Products Liability Litigation, any tag-along actions transferred by the Panel after that date, and any related actions previously assigned to this Court.  This Order applies to all parties, except that discovery against New England Compounding Pharmacy, Inc. ("NECC") and the Affiliated Defendants[3] remains stayed pending further order of the Court.[4]  In addition, Defendants participating in the mediation program are exempted from discovery in accordance with the Court's Order on Mediation Program dated August 15, 2013.  In the event that the stay of discovery as to a Defendant participating in the mediation program is lifted in

Entities' (1) Motion to Stay Objections and Responses to Discovery Pending Submission of a Discovery Plan and (2) Motion for Second Amended Protective Order (Docket No. 598); Plaintiffs' Steering Committee's Motion for Entry of Bellwether Trial and Pre-Trial Scheduling Order (Docket No. 837); Tennessee Clinic Defendants' Motion to Reconsider and Revise Provision in MDL Order No. 6 to Allow Parties Equal Access to Documents Produced by NECC to PSC (Docket No. 1037); St. Thomas Entities and Ascension Parties' Motion to Modify MDL Order No. 6 to Allow Equal Access to NECC Document Production (Docket No. 1075); Motion of Defendant Liberty Industries, Inc. for a Local Rule 16.1 Conference (Docket No. 1226); and Motion for Order to Lift Stay With Respect to Affiliated Defendants by Liberty Industries, Inc. (Docket No. 1229).

[3] The term "Affiliated Defendants" refers to entities or individuals affiliated with NECC including Barry Cadden, Lisa Cadden, Doug Conigliaro, Carla Conigliaro, Gregory Conigliaro, Glenn Chin, Alaunus Pharmaceutical, LLC, Ameridose, LLC, GDC Properties Management, Inc., Medical Sales Management, and Medical Sales Management SW.

[4] On August 14, 2014, Paul D. Moore, the chapter 11 trustee of NECC, filed a motion for entry of an order limiting discovery and staying these proceedings with respect to NECC insiders and related settling parties.  Docket No. 1342.  Among other things, the motion seeks an order allowing discovery against NECC and other related parties but with certain limitations.  That motions remains sub judice.

accordance with the Court's August 15, 2013 Order, that Defendant shall be subject to the deadlines set forth in this Order to the extent practicable.  If such a Defendant wishes to obtain a modification of the schedule set forth herein, that Defendant must seek leave of Court.

II.      Common Issue Fact Discovery[5]

     A.   To the extent that they have not already done so, the Parties will serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) regarding Common Issues within 30 days of the entry of this Order.  Plaintiffs added to this case after the entry of this Order shall serve their initial disclosures within 30 days after joining the MDL.  Defendants added to this case after the entry of this Order shall serve their initial disclosures within 30 days after filing a responsive pleading.

     B.   The Parties may serve Master Common Written Discovery, subject to the limits set forth below:

         1.   50 Requests for Admission;

         2.   40 Interrogatories;

         3.   2 separate sets of Requests for Production limited to a total of 100 requests.

If a party wishes to exceed these limitations, that party must seek an agreement of the party answering discovery, or if no agreement can be reached, leave of Court. Parties shall respond within 30 days of service or, if discovery requests were served prior to the entry of this Order, within 30 days of this Order.

---

[5] Case Specific discovery is stayed pending issuance of a bellwether trial protocol and selection of the initial bellwether pool.

C.  No later than 30 days after substantial completion of the production of their responsive documents, Parties shall provide privilege logs for all responsive documents that have been withheld because of a claim of privilege.

    1.    Privilege logs may be produced in PDF or Excel Format.

    2.    Parties are not required to log any privileged documents that were created after September 18, 2012 that are solely between any two of the following: (1) any lawyer or employee of a firm that is counsel of record in this MDL action or any state-court lawsuit; (2) in-house counsel; or (3) the parties.

D.  To the extent they have not already done so, Plaintiffs shall serve completed Plaintiff Profile Forms ("PPF") and medical authorizations within 60 days after the entry of this Order.  In cases where a complaint is filed after the entry of this Order, any Plaintiff not named in any prior suit must serve a completed PPF and medical authorization form within 60 days after joining the MDL.

E.  Defendants will notify Plaintiffs of any claimed material deficiencies in the PPFs within 60 days of receipt of the completed PPF and executed medical authorizations.  Plaintiffs will have 30 days from notification to cure any claimed material defect of the PPF.

F.  To the extent it has not already done so, the PSC will make available to the Defendants all of the documents NECC and/or Affiliated Defendants have already informally produced, maintained in tangible paper form or in any document repository, and the 2012 inspection materials in its possession, custody, or control within 30 days of the date of this Order.

4

G.  Depositions of fact witnesses regarding Common Issues will be addressed by a separate order entering a deposition protocol.  No depositions may be taken until after 60 days from the date of this Order.

H.  Common Issue fact discovery shall be completed within 270 days of the date of this Order.

III.  <u>Joinder And Amendment</u>.  Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after 60 days of the close of Common Issue fact discovery.

IV.  <u>Common Issue Expert Discovery</u>

A.   Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts that will testify on Common Issues within 30 days after the close of Common Issue fact discovery.

B.  Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose experts who will testify on Common Issues within 60 days after the close of Common Issue fact discovery.

C.  Plaintiffs may designate rebuttal experts only with leave of court.  Any motions seeking leave to designate rebuttal experts shall be filed no later than 30 days after receipt of Defendants' expert disclosures.

D.  Expert depositions shall be completed within 120 days after the close of Common Issue fact discovery.

V.  <u>Common Issue Dispositive Motions</u>

A.  Dispositive motions covering Common Issues shall be filed no later than 60 days after the completion of Common Issue discovery.

B. Responses to dispositive motions are due 30 days after the filing of any dispositive motion.

C. Replies in support of dispositive motions are due 30 days after the response is filed.

VI. Bellwether Trial Protocol

A. Within 210 days of the entry of this Order, the Parties shall meet and confer regarding whether bellwether trials are appropriate in this case and, if so, about the categories of cases that should be adequately represented in the bellwether pool.

B. Within 240 days of the entry of this Order, the Parties shall file their bellwether trial protocol proposals. These proposals should include the selection, if appropriate, of a manageable pool of cases, which reflect the various categories and contains cases that are both amenable to trial in the MDL and are close to being ready for trial. The proposals should also include who will select the cases, how they should do so and within what time frame. In addition, the proposals should include a discovery protocol for Case Specific Issues. The Court strongly encourages the Parties to work together to submit joint proposals. If the Parties are unable to agree on joint proposals, they may submit separate proposals. The Parties may also submit memoranda of law supporting their respective proposals. The Parties may file a response to each other proposals within 30 days of the

filing of any such proposal.

**So Ordered.**

        _/s/  Jennifer C. Boal_____
        JENNIFER C. BOAL
        UNITED STATES MAGISTRATE JUDGE