IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to the case identified below<br><br>WILLIAM LEWIS and NANCY LEWIS, h/w,<br>　　　　　Plaintiffs,<br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC. A/K/A AND/OR D/B/A NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE, LLC., ALAUNUS PHARMACEUTICAL, LLC, NAZARETH HOSPITAL, MERCY HEALTH SYSTEM, WILLIAM A. ANDERSON, M.D., and THE ROTHMAN INSTITUTE A/K/A AND/OR D/B/A  THE ROTHMAN INSTITUTE AT NAZARETH HOSPITAL<br>　　　　　Defendants. | MDL NO.: 1:13-md-02419-RWZ<br><br><br><br><br><br><br><br>No.: 1:14-CV-10433-RWZ |

## PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

**I.　　Standard of Review**

　　　　A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985).  A

6

valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**II.  Argument**

### A. Plaintiff's complaint sets forth sufficient facts to support punitive damages.

Pennsylvania law provides that a plaintiff need only present facts from which a jury may reasonably conclude, by a preponderance of the evidence, that defendant engaged in reckless or outrageous conduct.  Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 (Pa. 1985).  A plaintiff may recover punitive damages when the defendant's acts are the result of reckless indifference to the rights of others.  Rizzo v. Michener, 84 A.2d 973, 979 (Pa. Super. 1990).  Punitive damages may be proven by showing a "conscious disregard" for a risk of harm.

Punitive damages may be proven by showing that the defendant "failed to act" in "conscious disregard" of a particular risk.  Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 772 (Pa. 2005); see also Evans v. Phila. Transp. Co., 212 A.2d 440, 443 (Pa.1965) (reckless indifference means that the defendant acted "in disregard to a risk known to him or so obvious that he must be taken to have been aware of it"). Plaintiffs' Complaint specifically pleads specific facts establishing that Defendants failed to take proper action in the face of a serious and known risk.  Plaintiffs' Complaint alleges, in part, the following:

- Defendants injected a contaminated and unsafe steroid material into Plaintiff's lumbar spine (Cmpl., ¶ 95);

7

- Defendants failed to inquire, inspect or determine the appropriateness and safeness of the steroid material before recommending it to Plaintiff and injecting it into his lumbar spine (Cmpl., ¶95);

- The steroid that Defendants injected was defective and in an unreasonably dangerous condition (Cmpl., ¶ 40);

- The steroid that Defendants injected defective and unreasonably dangerous to foreseeable users and consumers, including Plaintiff (Cmpl., ¶ 43);

- The Defendants injected failing to adequately test the steroid material (Cmpl., ¶ 43);

- The Defendants failed to adequately inspect the steroid material (Cmpl., ¶ 43);

- The Defendants failed to test and/or inspect the steroid material to determine whether it could be used for its intended purpose without injury to those persons who would foreseeably use it (Cmpl., ¶ 43);

- Defendants owed Plaintiff a duty to render reasonable, competent and proper medical care, advice, services and treatment and to avoid harm (Cmpl., ¶ 97); and

- Plaintiff relied upon the aforesaid undertaking of Defendants in protecting him from harm.  (Cmpl., ¶ 98).

Defendants' actions and inactions, especially when subjecting a patient to a medical procedure and injecting a medical drug into his spinal area, without testing or inspecting the drug or its manufacturing environment, rises to a level of acting in conscious disregard of a known risk, warranting a claim for punitive damages for the jury to decide.

If at the close of discovery, the sworn testimony and documents produced in this matter do not sustain a claim for punitive damages, Defendants' may request summary judgment from the Court.  However, at this juncture, Plaintiff has sufficiently met the pleading requirements to sustain a claim for punitive damages.

**B. Plaintiffs do not oppose Defendants' request that they be dismissed from Counts I and II of the Complaint.**

Plaintiffs do not oppose Defendants' request that they be dismissed from Counts I and II of the Complaint.

          Respectfully submitted,

          Tucker Law Group, LLC

Date: __9/19/14___         _/s/Kathleen Kirkpatrick_____
                                      Bernard W. Smalley, Esquire
                                      Kathleen Kirkpatrick, Esquire
                                      Attorneys for Plaintiffs