UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Cases. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**DEFENDANT LIBERTY INDUSTRIES, INC.'S OPPOSITION TO THE
JOINT MOTION OF CHAPTER 11 TRUSTEE AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO STRIKE OFFER OF JUDGMENT**

Defendant, Liberty Industries, Inc., ("Liberty") opposes the *Joint Motion of the Chapter 11 Trustee and Official Committee of Unsecured Creditors to Strike Offer of Judgment Filed by Liberty Industries, Inc.* [Dkt. No. 1402] ("Motion"). The Motion should be denied as moot because the Offer of Judgment ("Offer") is considered "withdrawn" by operation of Fed. R. Civ. P. 68. The Rule requires that an offer of judgment be served, and if accepted in writing within 14 days, then either party may file the offer, acceptance, and proof of service. *See* Fed. R. Civ. P. 68(a). An offer which no party accepts in writing "is considered withdrawn." *See id.* at Fed. R. Civ. P. 68(b). Despite the purported quest for settlement funds, not a single party served written acceptance of Liberty's Offer. Instead, Liberty received written *rejections* of its Offer. Because the Offer was not accepted in writing, it is withdrawn by operation of the Rules.

In terms of the substance of the Motion, were it not moot, it should also be denied because Liberty complied with Rule 68 and "served" the offer. The Motion mischaracterizes Liberty's action as a *premature filing* of the Offer. In fact, all Liberty did was follow the Rules and *effect service electronically*. Liberty served the offer through the court's ECF system. The

Federal Rules of Civil Procedure, the Local Rules for the District of Massachusetts, and the CM/ECF Case Management/Electronic Administrative Procedures ("CM/ECF Admin.") all permit (and in fact, require) service by electronic means.  To begin with, service may be made by electronic transmission as permitted by local rules.  *See* Fed. R. Civ. P. 5(b)(3) ("If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)).  Rule 5(b)(2)(E) pertains to service by electronic means when so consented to.  *See* Fed. R. Civ. P. 5(b)(2)(E).  Registration as an ECF user (as both the Trustee and members of the Creditors' Committee have done), constitutes consent to service of "all documents by electronic means" as provided by the CM/ECF Admin. and the Federal Rules of Civil Procedure.  *See* CM/ECF Admin., ¶ E(6).  In this District, the Local Rules **require** service of documents by electronic means.  *See* Local Rule 5.4(C), which states in the entirety:

> **(C) Service of Pleadings.**  Unless exempt or otherwise ordered by the court, all pleadings and other papers **must** be served on other parties by electronic means.  Transmission of the Notice of Electronic Filing (NEF) through the court's transmission facilities will constitute service of the filed document upon a registered ECF user.  Any pleading or other paper served by electronic means must bear a certificate of service in accordance with Local Rule 5.2(b).

L.R. 5.4(C) (emphasis added).  Nothing in the Local Rules or the CM/ECF Admin. exempts offers of judgment from electronic service.  *See* L.R. 5.4(C), and CM/ECF Admin. at ¶ L.  The Offer was served electronically pursuant to the applicable Rules and electronic case filing procedures.  There is simply no basis to complain that Liberty prematurely filed the Offer, when in fact it simply followed the rules of the jurisdiction and served it electronically.[1]  There being no merit to the Trustee and Creditors' Committee's argument, the Motion must be denied.

---

[1] The authority cited in the Motion is not controlling and is similarly unpersuasive.  The case of *Webb v. James* from the Northern District of Illinois contains no discussion whatsoever of Illinois' local rules or electronic case filing procedures governing methods of service that may (or may not) be similar to those controlling in the District of Massachusetts such that this case is not on point.  *See Webb v. James*, 175 F.R.D. 311, 312 (N.D. Ill. 1997).  Also, the case of *Berberena-Garcia v. Aviles* is not helpful to movants, as the court found in that case that the defendant

WHEREFORE, Defendant Liberty Industries, Inc., respectfully requests that this Honorable Court DENY the Joint Motion of Chapter 11 Trustee and Official Committee of Unsecured Creditors to Strike Offer of Judgment Filed by Liberty Industries, Inc.

Respectfully submitted,

LIBERTY INDUSTRIES, INC.,
By its attorneys,

*/s/ Peter G. Hermes*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
   & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
(617) 728-0052 (F)

Dated: September 25, 2014

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on September 25, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes

G:\DOCS\DER\Cases\Great American\Liberty Industries\Pleadings & Motions\Offer of Judgment\Liberty OPP to MTN to Strike.final.docx

---

served the offer of judgment through the court's ECF system because electronic filing constituted service by local rule. *See Berberena-Garcia v. Aviles*, 258 F.R.D. 39, 41 (D.P.R. 2009). Although the Court had previously ruled to strike the offer of judgment for premature filing, it later stated the offer was still open for acceptance despite this ruling. *See id*. It is not clear from the decision whether the District of Puerto Rico's local rules <u>required</u> electronic service like those of this District.