UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MDL NO. 13-02419-RWZ


IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION.


<u>ORDER</u>

September 26, 2014


ZOBEL, D.J.

Before the court now are motions to dismiss brought by Nitesh Bhagat, M.D.,

Vannette Perkins, M.D., and Professional Pain Management Associates (together,

"movants"), all New Jersey-based health care providers who allegedly administered

contaminated methylprednisolone acetate ("MPA") manufactured and sold by the New

England Compounding Pharmacy, Inc., d/b/a New England Compounding Center.

Movants were initially named as defendants in certain cases filed in New Jersey

state court by patients who received the contaminated MPA: Dr. Bhagat was named in

two cases, <u>Ramos v. New England Compounding Pharmacy, Inc. et al.</u>, 1:13-cv-10410-

RWZ, and <u>Rivera, et al. v. New England Compounding Pharmacy, Inc. et al.</u>, 1:13-cv-

10412-RWZ, and Dr. Perkins and Professional Pain Management Associates were

named as defendants in <u>Pennington v. New England Compounding Pharmacy, Inc. et</u>

<u>al.</u>, 1:13-cv-10406-RWZ.[1]  However, movants were not named in short-form complaints

---

[1] Professional Pain Management Associates is Dr. Perkins' practice group.

which were subsequently filed in this multi-district litigation in December 2013 and which operated to amend the original complaints. Thus, on December 20 and 27, 2013, my predecessor in the case, Judge F. Dennis Saylor, denied then-pending motions for summary judgment by Dr. Bhagat in <u>Ramos</u> and <u>Rivera</u> as moot. <u>See</u> Docket ## 720, 728, and 729.

Movants nonetheless again seek dismissal and/or summary judgment. The basis of the present motions is that plaintiffs allegedly failed to file a proper "affidavit of merit" as required by New Jersey law in medical malpractice cases. Under N.J. Stat. Ann. § 2A:53A-27, a plaintiff must submit, within 60 days of the filing of the answer, an affidavit of "an appropriate licensed person that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." The court may grant an additional 60 days to file the affidavit upon a finding of good cause. N.J. Stat. Ann. § 2A:53A-27. "[A] plaintiff's failure to serve the affidavit within 120 days of the filing of the answer is considered tantamount to the failure to state a cause of action, subjecting the complaint to dismissal with prejudice," <u>Ferreira v. Rancocas Orthopedic Associates</u>, 836 A.2d 779, 782 (N.J. 2003) (citing N.J. Stat. Ann. § 2A:53A-29), although equitable remedies may apply where a plaintiff can show substantial compliance with the statute or extraordinary circumstances to explain noncompliance, <u>id.</u> at 783.

Movants argue that the affidavits filed following their original answers were deficient because the affiant specializes in an area of medicine different from that

practiced by Drs. Bhagat and Perkins.  The person executing the affidavit must meet the requirements of a person who provides expert testimony, i.e., he/she "shall have specialized at the time of the occurrence that is the basis for the action in the same specialty or subspecialty, recognized by the American Board of Medical Specialties or the American Osteopathic Association, as the party against whom or on whose behalf the testimony is offered."  N.J. Stat. Ann. § 2A:53A-41.  Dr. Bhagat specializes and is board certified in diagnostic radiology with additional training in neuroradiology; Dr. Perkins specializes and is board certified in anesthesiology with additional certification in pain medicine.  Plaintiffs initially filed affidavits of merit from a Dr. Brian Currie, who is board certified in infectious diseases.

Plaintiffs contend that the motions to dismiss are, as before, moot since movants are (or, at least at the time the motions were filed, were) no longer defendants and the complaints they address have long ceased to be the operative pleadings.[2]  The procedural history of this litigation indicates that plaintiffs are correct.  Movants nevertheless urge dismissal with prejudice because the 120-day period for filing a proper affidavit of merit expired *before* plaintiffs filed their short-form complaints, and thus the cases were "ripe for dismissal" while movants were still parties.  Movants ask, in effect, that the court retroactively and conclusively dismiss the claims against them on the basis of plaintiffs' prior alleged failures, notwithstanding that subsequent

---

[2] Somewhat complicating matters is the fact that plaintiffs recently moved to amend their short-form complaints to re-add movants as defendants.  Those motions were allowed during a hearing on September 17, 2014, and the amended short-form complaints naming movants were filed on September 19, 2014.

developments already discharged them, albeit not definitively, from the litigation.

I decline movants' request. Movants, though perhaps through no fault of their own, did not secure dismissal while they were yet parties and before the short-form complaints removed them from the litigation. With the recently allowed and filed amended short-form complaints, the clock is reset; having now been re-inserted as defendants, movants will presumably soon file new answers, after which plaintiffs will have 60 days (and up to 120 days) to obtain and submit affidavits of merit as required by N.J. Stat. Ann. § 2A:53A-27. See Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) ("[T]he statute's purpose is best implemented here by establishing as the beginning point of the 120-day limitations period the date on which a defendant files his answer to the *final amended complaint*.") (emphasis added); Costa v. County of Burlington, 566 F. Supp. 2d 360, 362 (D.N.J. 2008) (counting 120 days from the filing of the answer to the second amended complaint).[3] The dispute on the merits, therefore, is not yet ripe. Movants may renew their motions to dismiss (or seek summary judgment) if, at the expiration of the prescribed time period, they believe plaintiffs have still failed to comply with the statute.[4]

Movants' motions to dismiss (Docket ## 1039 and 1194, and 1:13-cv-10406,

---

[3] Movants claim that plaintiffs, through various procedural maneuvers, are strategically attempting to circumvent N.J. Stat. Ann. § 2A:53A-27. While their concerns are not completely unfounded, see, e.g., Snyder, 303 F. 3d at 276 n.3 (""We do not overlook the possibility that plaintiffs could file a series of amended complaints for the sole purpose of garnering additional time for providing an affidavit of merit."), at this stage I am not convinced that such tactics are at play. Plaintiffs would do well, however, to avoid unnecessary delays and make every effort to timely adhere to the requirements of the statute.

[4] Plaintiffs did file, with their motions for leave to amend the short-form complaints, new affidavits of merit from a Dr. Lawrence Winikur, who is board certified in anesthesiology and pain management. I will not presently evaluate whether these new affidavits are sufficient under the statute.

Docket # 59) are DENIED as moot without prejudice to their renewal.


_____September 26,2014_____                    _____/s/Rya W. Zobel_____
            DATE                                              RYA W. ZOBEL
                                              UNITED STATES DISTRICT JUDGE