UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE A. REED, individually and as husband and next of kin of decedent, DIANA E. REED, <br><br> Plaintiff, <br><br> v. <br><br> UNIFIRST CORPORATION, A/D/B/A UNICLEAN CLEANROOM SERVICES, SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC, HOWELL ALLEN CLINIC A PROFESSIONAL CORPORATION, JOHN CULCLASURE, M.D., DEBRA SCHAMBERG, R.N., SAINT THOMAS WEST HOSPITAL formerly known as ST. HOMAS HOSPITAL, SAINT THOMAS NETWORK, and SAINT THOMAS HEALTH, <br><br> Defendants. | Case No.: 1:13-cv-1265 (RWZ) <br><br> MDL No. 2419 <br> Dkt. No. 1:13-md-2419 (RWZ) |

**ANSWER OF SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC, HOWELL ALLEN CLINIC, A PROFESSIONAL CORPORATION, JOHN W. CULCLASURE, MD, AND DEBRA V. SCHAMBERG, RN**

For their Answer to the Plaintiff's Short Form Complaint, the Defendants Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC") and Howell Allen Clinic, a Professional Corporation ("Howell Allen"), John W. Culclasure, MD ("Dr. Culclasure"), and Debra V. Schamberg, RN ("Ms. Schamberg") (collectively, the "Defendants"), state as follows:

## FIRST COUNT

1. The Defendants hereby adopt and incorporate by reference the responses in the Defendants' Answer to the Master Complaint and any and all amendments thereto.

2. The Defendants admit, based upon information and belief, the allegations of paragraph 2.

3. Admitted.

4. No response is required to paragraph 4.

5. The Defendants admit that the Plaintiff makes these assertions.

6. Admitted.

7. No response is required to paragraph 7.

8. The Defendants adopt and incorporate by reference the responses and defenses set forth in their Answer to the Master Complaint to the following causes of action:

COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)

COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

COUNT IX: TENNESSEE PRODUCT LIABILITY CLAIMS (Against Clinic Related Defenses)

COUNT X: AGENCY (Against Clinic Related Defendants)

COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants)

COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related Defendants)

COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related Defendants).

9. The Defendants admit that the Plaintiff complied with Tenn. Code Ann. § 29-26-122. The Defendants deny that the Plaintiff complied with Tenn. Code Ann. § 29-26-121.

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. The Defendants admit, based upon information and belief, that methylprednisolone acetate ("MPA") from the New England Compounding Pharmacy, Inc. d/b/a the New England Compounding Center ("NECC") caused injury to the Decedent, Diana E. Reed. The Defendants admit that the Decedent is deceased. The Defendants are without knowledge or information sufficient to form a belief as to the exact scope of her other injuries and damages. The Defendants deny any and all allegations of wrongdoing and specifically deny that any of their allegedly wrongful acts or omissions were a legal cause of the Decedent's alleged injuries and damages.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12. The Defendants deny any and all allegations of wrongdoing and specifically deny that any of their allegedly wrongful acts or omissions were a legal cause of the Plaintiff's alleged injuries and damages.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13. The Defendants deny any and all allegations of wrongdoing and specifically deny that any of their allegedly wrongful acts or omissions were a legal cause of the Plaintiff's alleged injuries and damages. The Defendants deny that the Plaintiff is entitled to any recovery from them.

## SECOND COUNT

14. All responses above are incorporated herein by reference.

15. The Defendants incorporate by reference the Answer to the Plaintiff's Original Complaint attached hereto as Exhibit A.

16. The Defendants admit, based upon information and belief, that MPA from NECC caused injury to the Decedent. The Defendants admit that the Decedent is deceased. The Defendants are without knowledge or information sufficient to form a belief as to the exact scope of her other injuries and damages. The Defendants deny any and all allegations of wrongdoing and specifically deny that any of their allegedly wrongful acts or omissions were a legal cause of the Decedent's alleged injuries and damages.

17. The Defendants deny any and all allegations of wrongdoing and specifically deny that any of their allegedly wrongful acts or omissions were a legal cause of the Plaintiff's alleged injuries and damages.

## ADDITIONAL PARAGRAPHS

The Defendants hereby adopt and incorporate the section of their Answer to the Master Complaint titled "Additional Paragraphs" as if stated fully herein.

## AFFIRMATIVE DEFENSES

The Defendants hereby adopt and incorporate the section of their Answer to the Master Complaint titled "Affirmative Defenses" as if stated fully herein.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 30th day of September, 2014.

/s/ Chris J. Tardio
**Chris J. Tardio**

5