**EXHIBIT 1**

BRANSTETTER, STRANCH & JENNINGS, PLLC

ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE (615) 254-8801 ~ FACSIMILE (615) 250-3937

CECIL D. BRANSTETTER, SR., 1920- 2014
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
RAQUEL L. BELLAMY
KARLA M. CAMPBELL
BEN GASTEL*
SEAMUS T. KELLY

OF COUNSEL:
ROBERT E. RICHARDSON, JR. **

\*    ALSO ADMITTED IN GA
\*\*   ONLY ADMITTED IN OH

August 21, 2014

**VIA ELECTRONIC MAIL: chris@gideoncooper.com**

Chris J. Tardio
Gideon Cooper & Essary
315 Deaderick St., Suite 1100
Nashville, Tennessee 37238

Re:   **New England Compounding Center Litigation, MDL No. 2419**

Dear Chris:

This letter is meant to follow up on previous correspondence regarding your initial disclosures. In your initial disclosures you only produced declaration sheets for applicable insurance policies and you have taken the position that the entirety of insurance agreements (including endorsements) are not subject to Rule26(a)(1)(A)(4)'s automatic disclosure requirements. The PSC disagrees.

The rule in and of itself applies to "insurance agreements." Fed. R. Civ. P. 26(a)(1)(A)(4). Further, Judge Boal has already indicated in this case that your clients are required to produce the entire policy, not merely the declaration sheets, as part of Rule 26 initial disclosures. Specifically, Judge Boal ordered your clients to produce:

> *[A]ny insurance agreement* under which an insurance business
> may be liable to satisfy all or part of a possible judgment in the
> action or to indemnify or reimburse for payments made to satisfy
> the judgment as part of their automatic disclosure obligations.

Dkt. No. 572 at Page 21. Your clients are subject to Judge Boal's subpoena order, and Judge Boal ordered months ago that you produce this information.

Further, federal courts in virtually every circuit uniformly agree that Rule 26 demands the production of an entire insurance agreement and have categorically refused to limit Rule 26(a)(1)(a)(4) to declaration pages. *See e.g., Cmty. Ass'n Underwriters of Am. v. Queensboro Flooring Corp.*, Case No. 3:10-CV-1559, 2014 U.S. Dist. LEXIS 90939 (M.D. Pa. July 3, 2014)



*Letter to Chris Tardio*
*August 21, 2014*
*Page 2*

(granting motion to compel entire insurance agreement when party only produced declaration pages); *Kelly v. FedEx Ground Package Sys.*, Case No. 3:10-cv-01265, 2011 U.S. Dist. LEXIS 45180 (S.D. W. Va. Apr. 26, 2011) (Same); *Capozzi v. Atwood Oceanics, Inc.*, Case No. 08-776, 2009 U.S. Dist. LEXIS 91911 (W.D. La. Sept. 20, 2009); *Cessante v. City of Pontiac*, Case No. 08-CV-10497, 2009 U.S. Dist. LEXIS 30217 (E.D. Mich. Apr. 9, 2009) (Same); *Wolk v. Green*, Case No. 06-5025, 2008 U.S. Dist. LEXIS 67759 (N.D. Cal. Jan. 31, 2008); *see also Morock v. Chautauqua Airlines, Inc.*, 2007 U.S. Dist. LEXIS 74009 (M.D.Fla. 2007) (disclosure of declarations page and assurance that policy would adequately cover plaintiff's claims insufficient); *Boyer v. Riverhead Cent. School Dist.*, 2006 U.S. Dist. LEXIS 93917, (E.D.N.Y. 2006) (summaries of policies insufficient).

Accordingly, it is clear and beyond dispute that the full policy (including all endorsements), and not merely the declaration pages, should be immediately produced. Please produce these documents by no later than **August 25, 2014** or we will file an appropriate motion with the Court. George Nolan will send a separate communication to address your concerns with alleged deficiencies in our initial disclosures.

Warmest regards,

BENJAMIN A. GASTEL

BAG/bmc

cc: Kristen Johnson

2