UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Cases. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**DEFENDANT LIBERTY INDUSTRIES, INC.'S
SECOND MOTION TO FILE UNDER SEAL
DOCUMENTS IN SUPPORT OF SUMMARY JUDGMENT
PURSUANT TO THE THIRD AMENDED PROTECTIVE ORDER
OF CONFIDENTIALITY**

NOW COMES Liberty Industries, Inc. ("Liberty"), pursuant to the Third Amended Protective Order of Confidentiality [Dkt. No. 814] ("Protective Order"), and Local Rule 7.2, and hereby moves to file certain documents under seal in accordance with the requirements and procedures of the Protective Order. In support thereof, Liberty states as follows:

On this day, Liberty filed *Defendant Liberty Industries, Inc.'s Omnibus Motion for Summary Judgment in Cases Filed by Plaintiffs Injected in Indiana*, and *Defendant Liberty Industries, Inc.'s Memorandum of Law in Support of its Omnibus Motion for Summary Judgment in Cases Filed by Plaintiffs Injected in Indiana* ("Omnibus Motion") pertaining to 97 matters in which Liberty is a defendant. The attached **Appendix** indicates all cases to which the Omnibus Motion applies. In support of Liberty's Omnibus Motion, Liberty included statements of fact supported primarily by documents produced in connection with this litigation, and attached those documents as exhibits as required by Fed. R. Civ. P. 56(c) and Local Rule 56.1 ("Exhibits"). Certain Exhibits, and the information derived therefrom, were produced with the designation of Confidential Discovery Material pursuant to the Protective Order. This designation required

Liberty to confer with the parties that produced the Confidential Discovery Material, identify what documents Liberty intended to use as an exhibit, and determine whether the producing party still considered the document to be Confidential Discovery Material.  *See* Protective Order, ¶ 12(a).  If so, such materials must be filed in redacted form, accompanied by a motion to file under seal.  *See id.* at ¶ 12(c).

Liberty conferred with the parties that produced the purported Confidential Discovery Material to determine whether the producing parties believed in good faith that the documents identified by Liberty constituted Confidential Discovery Material.   *See* Declaration of Peter G. Hermes, attached hereto ("Hermes Decl.").  The producing parties were Liberty, The Chapter 11 Trustee of the New England Compounding Pharmacy Bankruptcy ("Trustee"), and the Plaintiffs' Steering Committee ("PSC").  The PSC production included documents that they received from Scientific Air Analysis, a company that tested and certified the equipment and cleanrooms at NECC ("SAA").

Liberty no longer designates as Confidential Discovery Material those documents it produced that are submitted as Exhibits to the Summary Judgment Motion.  The Trustee indicated that only certain documents of those identified by Liberty were Confidential Discovery Material pursuant to the Protective Order, ¶ 12(a).  The PSC has not responded to date to Liberty's invitation to confer, and therefore most of the documents produced by the PSC and identified by Liberty as documents it intends to use as Exhibits will retain their designation as Confidential Discovery Material pursuant to the Protective Order, ¶ 12(a).  *See* Hermes Decl. The one exception regarding documents produced by the PSC are materials the PSC received from SAA.  Liberty contacted counsel for SAA and SAA agreed to waive the Confidential Discovery Material designation for the Exhibits identified by Liberty.  *See* Hermes Decl.

2

The Confidential Discovery Material designation of Exhibits to the Summary Judgment Motion requires Liberty to file redacted copies of the Exhibits, and present unredacted paper copies to this Court, filed under seal and so marked.  *See* Protective Order, ¶ 12(c).  Information derived from the Confidential Discovery Material is redacted from *Liberty Industries, Inc.'s Memorandum of Law in Support of its Omnibus Motion for Summary Judgment in Cases Filed by Plaintiffs Injected in Florida* and the *Affidavit of Jeffrey Erickson* submitted in support of the Omnibus Motion.  *See* Hermes Decl.  A complete unredacted set of papers in support of the Omnibus Motion will be submitted by hand to the Court for review.

Pursuant to Local Rule 7.2, Liberty respectfully requests said materials be impounded until such time as this litigation is terminated with respect to Liberty, and at which time the materials will be returned to the undersigned counsel.

WHEREFORE, Liberty respectfully requests this Court accept for filing under seal the documents submitted in support of Liberty's Omnibus Motion.

Respectfully submitted,

LIBERTY INDUSTRIES, INC.,
By its attorneys,

*/s/ Peter G. Hermes*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Dianne E. Ricardo, BBO No. 675586
dricardo@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
Dated:  October 6, 2014                              (617) 728-0052 (F)

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for the Chapter 11 Trustee and Plaintiffs' Steering Committee and attempted in good faith to resolve or narrow the issues raised herein.

*/s/ Peter G. Hermes*
Peter G. Hermes

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on October 6, 2014. An unredacted copy of papers in support of the Omnibus Motion shall be delivered this day by first-class mail to counsel for Indiana Plaintiffs and the Plaintiffs' Steering Committee, and by hand delivery this day to the United States District Court for the District of Massachusetts and the chambers of The Honorable Rya W. Zobel.

*/s/ Peter G. Hermes*
Peter G. Hermes

G:\DOCS\DER\Cases\Great American\Liberty Industries\MSJ\MTN File Under Seal. Omnibus MLAW Indiana.final.docx