# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | MDL No. 2419 |

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff Patricia A. Mitchell moves to vacate our order conditionally transferring the Western District of Virginia action listed on Schedule A (*Mitchell*) to MDL No. 2419. Defendant Image Guided Pain Management ("IGPM") supports the motion to vacate. Defendant Insight Health Corporation ("Insight") and third-party defendant Ameridose, LLC, oppose the motion to vacate and support transfer of *Mitchell*.[1]

The actions comprising MDL No. 2419 share factual questions relating to injuries arising from the alleged contamination of compounded prescription drugs – principally, the injectable steroid methyl-prednisolone acetate – at the New England Compounding Center ("NECC") in Framingham, Massachusetts, which allegedly resulted in a multistate outbreak of fungal meningitis and other infections.[2] Most of the cases in the MDL are brought against NECC (which is in Chapter 11 bankruptcy proceedings) and its officers, shareholders, and corporate affiliates, and several name healthcare providers who administered the products.[3] Over the past year, the bankruptcy trustee has filed motions with the transferee court seeking transfer of all personal injury and wrongful death actions arising from the alleged contamination, wherever filed, directly to the transferee district based on "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b). The transferee court granted those motions (subject to limited exceptions) in two decisions, which recently resulted in the removal and transfer of 20 Virginia state court actions against IGPM and Insight directly to that district.[4]

---

[*] Judges Marjorie O. Rendell and Ellen Segal Huvelle took no part in the decision of this matter.

[1] Ameridose represents that it has permission to request this relief for eight other third-party defendants affiliated with the New England Compounding Center.

[2] *See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 924 F. Supp. 2d 1380 (J.P.M.L. 2013); 2014 U.S. Dist. LEXIS 19738, at *2 (J.P.M.L. Feb. 18, 2014).

[3] *See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 496 B.R. 256, 260-61 & n.1 (D. Mass. 2013).

[4] *See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 2014 WL 2040139 (D. Mass. May 15, 2014) (summarizing both decisions); *see also* Order (D. Mass. June 5,

-2-

Plaintiff argues that the *Mitchell* action is not appropriate for inclusion in MDL No. 2419 because (1) federal subject matter jurisdiction is lacking under Section 1334(b), and thus, the notice of removal was improper; (2) transfer before resolution of plaintiff's anticipated motion for remand to state court would be unjust; (3) the complaint, which is solely against defendants Insight and IGPM, does not involve parties in the MDL; and (4) the action presents unique questions of fact concerning the conduct of Virginia healthcare providers and noncompliance with Virginia law, and thus lacks common factual issues with the actions in the MDL. We recently considered these arguments with respect to nine Western District of Virginia actions against the same Virginia healthcare providers, and we transferred those actions over plaintiffs' and IGPM's objections. *See* Transfer Order (*Bell, et al.*), MDL No. 2419 (J.P.M.L. Aug. 12, 2014) (transferring eight actions); Transfer Order (*Baker*), MDL No. 2419 (J.P.M.L. June 4, 2014) (one action). The same considerations govern here.

After considering all argument of counsel, we find that this action shares questions of fact with actions in this litigation previously transferred to MDL No. 2419, and that inclusion of this action in the MDL will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like the actions in MDL No. 2419, the *Mitchell* action shares questions of fact concerning injuries arising from the alleged contamination of the injectable steroid methyl-prednisolone acetate compounded by NECC. *See In re: New England Compounding Pharm., Inc., Prods. Liability Litig.*, 924 F. Supp. 2d at 1381. Moreover, virtually identical claims concerning the conduct of the Insight and IGPM defendants in purchasing and using those NECC products for medical treatment already are pending in some 30 actions in MDL No. 2419. As to plaintiff's assertion that federal subject matter jurisdiction is lacking, the Panel often has held that jurisdictional issues do not present an impediment to transfer, as the plaintiff can present such arguments to the transferee judge. *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiff does not provide any persuasive reason for the Panel to decide her motion to vacate differently than we did in the nine recently transferred Western District of Virginia actions.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

2014) (ordering transfer of 20 actions).

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer     Lewis A. Kaplan
Sarah S. Vance     R. David Proctor

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2419

### SCHEDULE A

<u>Western District of Virginia</u>

MITCHELL v. INSIGHT HEALTH CORP., ET AL., C.A. No. 7:14-00278

I hereby certify on 10/9/14 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☒ electronically filed original filed on 10/9/14
☐ original filed in my office on _____

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: Sherry Jones
Deputy Clerk