UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

MEMORANDUM OF DECISION

October 9, 2014

ZOBEL, D.J.

Paul D. Moore, the Chapter 11 trustee ("Trustee") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), moves for entry of an order limiting discovery and staying proceedings in the multidistrict litigation ("MDL") with respect to certain individuals and entities who have settled with the Trustee in the pending bankruptcy case (collectively, the "Settling Parties").[1] The motion (Docket # 1342), which is supported by the Official Committee of Unsecured Creditors and the Plaintiffs' Steering Committee, seeks:

(i) a prohibition against any party to the MDL from seeking dispositive relief against the Settling Parties;

(ii) a prohibition against any party to the MDL seeking any form of prejudgment security from the Insider Settling Parties or their assets,

---

[1] The Settling Parties consist of parties defined in the bankruptcy Plan Support and Funding Agreement dated May 2, 2014, executed by the Trustee and certain insiders of NECC as "Contributors" and as "Contributor and Affiliate Released parties" (collectively, "Insider Settling Parties"); NECC's affiliated landlord; and their respective insurers.

> > including, but not limited to, any attachments, injunctions, writs or orders of any nature; and
>
> (iii) the permissibility of discovery against the Insider Settling Parties (and certain "Estate Parties" as defined in the settlement agreement between the Trustee and the Insider Settling Parties), but only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Insider Settling Parties and Estate Parties.

The Trustee maintains that entry of the proposed order was not only specifically contemplated by the parties in their respective bankruptcy settlement agreements, but is also critical to the implementation of those settlements and would allow the Settling Parties to receive important negotiated benefits while permitting other litigation to proceed.

The motion garnered oppositions from defendants Liberty Industries, Inc., Saint Thomas Entities, Ascension Parties, and Tennessee Clinic Defendants.[2] See Docket ## 1349, 1351, and 1356. Their objections to the Trustee's proposed order center largely on concerns that it would prevent defendants from seeking and obtaining important evidence necessary to establish their defenses or preserve their third-party claims. The opposing defendants also assert that the requested stay and limitation on discovery are overly broad and vague.

---

[2] The "Saint Thomas Entities" are Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health. The "Ascension Parties" are Ascension Health and Ascension Health Alliance. The "Tennessee Clinic Defendants" are Saint Thomas Outpatient Neurological Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD.

After review, I find that the Trustee's proposed order is sufficiently clear and reasonable in scope. It does not prohibit defendants from pressing affirmative defenses or claims against individuals or entities other than the Settling Parties, nor does it block discovery relevant to such defenses (including comparative fault or negligence) or claims from the Settling Parties. The order does bar the continued pursuit of direct claims or affirmative cases against the Settling Parties; however, as requested by the Saint Thomas Entities and Ascension Parties, the court will include a provision tolling the applicable statutes of limitations and/or state-law suit requirements on any such claims for the duration of the requested stay so that they are preserved in the event the Settling Parties do not ultimately obtain third-party releases via a plan of liquidation. Moreover – though it arguably goes without saying – the order is subject to modification as the bankruptcy case and individual MDL cases progress should the facts and circumstances so warrant.

The Trustee's motion (Docket # 1342) is ALLOWED, subject to the revisions described above.

| October 9, 2014 | /s/Rya W. Zobel q |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |