# EXHIBIT F

# Moriarty, Matthew

| | |
|---|---|
| **From:** | Moriarty, Matthew |
| **Sent:** | Thursday, June 19, 2014 6:09 PM |
| **To:** | Matthew H. Cline (matt@gideoncooper.com); Braceras, Roberto M (rbraceras@goodwinprocter.com) |
| **Cc:** | Chris J. Tardio (chris@gideoncooper.com); Kristen Johnson (kristenj@hbsslaw.com) |
| **Subject:** | recalled product |

CONFIDENTIAL

Good afternoon. I am following up on the discussions I had with several of you today.

First, the controlled substance inventory we agreed upon has now been destroyed. Everything I address here is the remaining, non-controlled inventory of recalled products. Again, none of these were made in or stored in Framingham.

Second, the numbers: the inventory covers 2,000 sq. ft. to a depth of about waist height. There are 111 shrink-wrapped pallets, each of which consists of products returned on a specific day. Among them are 67,000 boxes (average 603 boxes per pallet), which represent 850 distinct NDC numbers, 10,400 batches and 252,000 units.

Third, the reality: even though all this has been inventoried and manipulating the spreadsheets would allow us to locate things, no matter how well you do that, in order to do what some of you have asked regarding storage and retention, it still requires human beings to go into a stack, find boxes, open boxes and retrieve specific items. That is asking an awful lot of a company which has been effectively out of business for 20 months, and all that such a lack of revenue implies. I like my odds in court if we get to a benefit/burden debate.

What I'd first like to ask is that you reconsider whether long-expired drugs at AMD will give you any valuable information to prove something about drugs or processes at a different facility (NECC). If you remain resolute that it might, then please consider some way to reduce your requests to the most narrow field of drugs possible. For example, if your experts are concerned with all drugs, perhaps they would settle for a statistically significant sampling. Testing something from 10,400 batches (assuming we even had the USP minimums to do so) is not necessary. And us searching out those drugs for which we do not have USP minimums and pulling them from the boxes is still a big burden. (See Cline letter of 5/7, enumerated par. 2.)

We would like to bring this to resolution soon, one way or another. Please let me know when we can discuss this next week.

**Matthew P. Moriarty | Attorney | Tucker Ellis LLP**
950 Main Avenue, Suite 1100 | Cleveland, OH 44113
Direct: 216-696-2276 | Fax: 216-592-5009 | Cell: 216-952-2063
matthew.moriarty@tuckerellis.com        Online biography - Matthew Moriarty
tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.