# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-10404-FDS

JENNIFER L. MARKO and
ROBERT MARKO, w/h,

        MDL No. 2419
Plaintiffs,        Master Docket No. 1:13-md-2419-FDS

v.

UNIFIRST CORPORATEION, A/D/B/A
UNICLEAN CLEANROOM SERVICES,:
PREMIER ORTHOPAEDIC AND
SPORTS MEDICINE ASSOCIATES OF
SOUTHERN NEW JERSEY, LLCA/T/A
PREMIER ORTHOPAEDIC, PREMIER
OTHOPAEDIC ASSOCIATES
SURGICAL CENTER, LLC,        **AMENDED**
        **AFFIDAVIT OF MERIT**
Defendants.

Lawrence Jay Winikur, M.D., of full age, being duly sworn according to law, upon his oath, deposes and says:

1. I am a physician currently licensed to practice medicine in Virginia.

2. I have been Board Certified in Anesthesiology and Pain Management for at least five years and have devoted the majority of my professional time for the year prior to 9/19/2012 to the active clinical practice of Anesthesiology and Pain Management which continues to the present.

3. In my opinion, there exists a reasonable probability that the care, skill, and knowledge exercised by Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, also trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberley Yvette Smith, M.D. a/k/a Kimberley Yvette Smith-Martin, M.D., Thomas A. Dwyer and John Doe(s), M.D., in treatment and/or care of Jennifer L. Marko fell outside of the acceptable professional standards and practices.

4. I have no financial interest in the outcome of this litigation.

5. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAWRENCE JAY WINIKUR, M.D.

Sworn to and subscribed before

me this 19 day of August, 2014.

Sheryl Markham
NOTARY PUBLIC
County of Pittsylvania



STATE OF VIRGINIA
NOTARY PUBLIC
Sheryl Lynn Markham
REGISTRATION # 287293
COMMISSION EXPIRES DECEMBER 31, 2016

**NOTICE:**

If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit Statute *N.J.S.A.* 2A:53A-26 et seq. and/or The New Jersey Medical Care Access and Responsibility and Patients First Act of 2004, *N J.S.A.* 2A:53A-38 et seq. in any way, demand is hereby made that the defendant immediately notify the plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of *N.J.S.A.* 2A:53A-26 et seq.