UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES. | MDL No. 1:13-md-2419-RWZ |

MDL Order No. 11
STANDING ORDER GOVERNING CERTAIN
PROCEDURAL ISSUES

October ___, 2014

This Order shall govern certain procedural matters (identified below) in all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of February 12, 2013, titled New England Compounding Pharmacy, Inc. Products Liability Litigation, any tag-along actions transferred by the Panel after that date, and any related actions previously or otherwise assigned to this Court. This Standing Order may be amended if the Court deems it necessary to do so, either *sua sponte* or upon a motion filed by any party in this MDL.

For purposes of this Standing Order, the term "Impacted Parties" shall be defined as follows: For procedural matters relating to common issue discovery or common issue motion practice, Impacted Parties include (a) the Plaintiffs' Steering Committee; (b) for discovery disputes, the party seeking the discovery at issue and the party from whom discovery is sought (including third parties), and (c) for motion practice, the party filing the motion, any party opposing the motion or reasonably expected to oppose the motion, and any party that has joined in the motion or has expressed an intent to join in or object to the motion. For procedural matters

relating to discovery or motion practice that is case-specific, Impacted Parties include all parties to that case and, in the event that the procedural matter at issue pertains to third-party discovery, any relevant third-parties.

    A.    <u>Extension of deadlines for discovery and for briefing</u>.

For Impacted Parties that are actively involved in mediation with one another, all discovery deadlines are hereby extended until thirty (30) days after any mediating party provides written notice that the mediation has terminated.

Any other party to this MDL seeking extension of a deadline for issuing or responding to discovery, or for briefing a motion, shall notify all Impacted Parties of the requested extension. If all Impacted Parties agree to the extension sought, the parties may file a stipulation to that effect, and the extension will be granted without any need for further motion practice. If the Impacted Parties do not agree to the extension sought, but the requested extension is ten days or less and this is the first request for an extension, the extension will be granted by way of this Standing Order and the requesting party shall file a notice of extension pursuant to this Order. For all other deadline extension requests, the party seeking the extension shall file a motion with the Court, and the Court shall decide whether to grant the requested extension.

    B.    <u>Replies and sur-replies</u>.

For all dispositive motions and motions concerning the selection of bellwether cases for trial, the parties may file reply briefs and sur-reply briefs in accordance with the page limitations set forth in Section C, below.

For all other motions, any party seeking permission to file a reply or sur-reply shall notify all Impacted Parties of its request for additional briefing. If all Impacted Parties agree to the request, the parties may file a stipulation to that effect, and the extension will be granted without

any need for further motion practice. If the Impacted Parties do not agree to the request, then the party seeking the additional briefing shall file a motion with the Court, and the Court shall decide whether to grant the motion.

    C.    <u>Page limits</u>.

For all dispositive motions and motions concerning the selection of bellwether cases for trial, the initial supporting memorandum and memorandum in opposition shall not exceed 30 pages each in length, and all replies and sur-replies filed pursuant to Section B of this Order (above) shall not exceed ten (10) pages each in length. The Court will not permit any party to exceed these page limits absent a showing of exceptional circumstances.

Any party seeking permission to exceed page limits imposed pursuant to this Court's local rules for a non-dispositive motion shall contact all Impacted Parties concerning the request. If the request is for five or fewer additional pages and all parties agree to the request, the parties may file a stipulation to that effect, and the additional pages will be allowed without any need for further motion practice. If the Impacted Parties do not agree to the request, or the request is for more than 5 additional pages, then the party making the request shall file a motion with the Court, and the Court shall decide whether to grant the motion.

    D.    <u>Applicability of Federal Rules of Civil Procedure and Local Rules</u>.

Unless specifically modified herein, nothing in this Order shall be construed to abrogate the Federal Rules of Civil Procedure or the Local Rules of this Court.

    E.    <u>Applicability of this Order</u>.

This Order shall not, and shall cease to, apply in any case for which a trial date has been or is set. Otherwise this Order shall apply to all matters initially raised following its entry.

In the event parties are involved in a disputed matter already pending before this Court upon entry of this Order, and such matter would otherwise be addressed by this Order, the parties may by agreement withdraw their pleadings on the disputed matter and be governed by this Order.

**IT IS SO ORDERED.**

                                                                         _____

                                                                         JUDGE RYA W. ZOBEL

DATE:_____, 2014