UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br>   The cases listed in Exhibit A to the ) <br>   Ascension Parties' Global Motion to ) <br>   Dismiss ) <br> ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**MEMORANDUM IN SUPPORT OF MOTION REQUESTING FED. R. CIV. P 54(b) CERTIFICATION**

Defendants Ascension Health and Ascension Health Alliance (collectively referred to as the "Ascension Parties") respectfully submit this Memorandum in Support of their Motion Requesting FED. R. CIV. P. 54(b) Certification ("Motion"), and in support thereof show as follows:

**INTRODUCTION**

The claims in the present matter are among many in this MDL arising out of injections of steroids compounded by New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC") that caused an outbreak of fungal meningitis in the patients who received them. Exhibit A to the Motion identifies the individual cases ("Tennessee Plaintiffs") to which the Defendants' Motion Requesting FED. R. CIV. P. 54(b) Certification is applicable. The Tennessee Plaintiffs include patients who received epidural injections of methylprednisolone acetate ("MPA") at Defendant Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), as well as their family members, who have brought personal injury and wrongful death claims attributed to fungal meningitis. The MDL Plaintiffs claim that NECC compounded the MPA in unsanitary conditions, leading to contamination with microbial contaminants. *See,*

*e.g.*, Master Complaint at ¶¶ 1-3 (Dkt. No. 545).

The Ascension Parties filed their Global Motion to Dismiss on February 7, 2014. (*See* Dkt. No. 895). In their Motion, the Ascension Parties attached a chart listing pertinent details with respect to all individual cases brought by the Tennessee Plaintiffs against the Ascension Parties (Dkt. No. 895-1), which the Ascension Parties fully reincorporate herein as Exhibit A to the instant Motion. On August 29, 2014, the Court entered an order ("Order") finding that the Plaintiffs had failed to state a claim for vicarious liability against the Ascension Parties for any acts of Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities") under an alter ego theory. *See* Order at pp. 49-50 (Dkt. No. 1360). Further, in the Order, the Court found that the Plaintiffs had not sufficiently charged an agency relationship between STOPNC and the Ascension Parties, and that the Plaintiffs had failed to adequately allege agency between the Ascension Parties and the Saint Thomas Entities. *See id.* at p. 51. Accordingly, the Court allowed the Ascension Parties' motion to dismiss the global claims against them. *See id.* at pp. 51-52. As a result, all claims by all of the Plaintiffs listed in Exhibit A to the Ascension Parties' Global Motion to Dismiss have been dismissed for failure to state a claim. The Ascension Parties now ask the Court to enter an order making their dismissal final.

## STANDARD OF REVIEW

FED. R. CIV. P. 54(b) provides district courts with flexibility to determine when some, but not all, claims are ready for final judgment. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 433 (1956); *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 453 (1956). FED. R. CIV. P. 54(b) provides:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are

involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

In deciding whether to issue a Rule 54(b) certification, the Court must engage in a two-step process: "A district court must first determine that it is dealing with a "final judgment" . . . . Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980) (citing *Mackey*, 351 U.S. at 436).

## ARGUMENT

As required under FED. R. CIV. P. 54(b), the Ascension Parties may demonstrate that it is appropriate for the Court to direct the entry of a final judgment as to all claims against them, and that there is no just reason for delay in doing so.

### A. The Dismissed Claims Against the Ascension Parties are Final

It is undisputed that the Court's August 29, 2014 Order disposed of one or more, but fewer than all, claims or parties in the MDL. *See* FED. R. CIV. P. 54(b). Accordingly, the Court must proceed to the two-step process for Rule 54(b) certification. The first step requires the Court to "determine that it is dealing with a 'final judgment' that provides an ultimate disposition on a 'cognizable claim for relief' . . . ." *Bos. Prop. Exch. Transfer Co. v. Iantosca*, 720 F.3d 1, 7 (1st Cir. 2013) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7–8) (internal quotation marks omitted). To qualify as final, "a ruling must 'dispose completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally.'" *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2009) (quoting *Maldonado-Denis v.*

3

*Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1994)).

In the present matter, the Tennessee Plaintiffs have failed to state a claim for vicarious liability against the Ascension Parties.  As the Court explained, "aside from the conclusory statement that the Ascension Parties 'owned, operated, managed and/or simply did business, in part, as Saint Thomas Health, and/or Saint Thomas Network, and/or Saint Thomas West Hospital,' plaintiffs offer little to show that the Saint Thomas Entities were essentially alter egos of their parent company."  Order at p. 49.  Further, the Court found that evidence offered by the Tennessee Plaintiffs, "even if true, neither suggest[s] that the Ascension Parties exercised the kind of complete dominion over the Saint Thomas Entities necessary to find alter ego liability nor speak to the other relevant factors." *Id.* at pp. 49–50.  "At most," the facts upon which the Tennessee Plaintiffs relied in support of their alter ego vicarious liability claims "simply indicate that Saint Thomas Health is owned by Ascension Health and that STOPNC is a related entity for the purposes of federal taxation." *Id.* at p. 50.  Thus, the Court concluded that the Tennessee Plaintiffs had failed to state a claim for vicarious liability. *Id*.

Further, the Court found that the Tennessee Plaintiffs had not charged an agency relationship between STOPNC and the Ascension Parties, and that the Plaintiffs had failed to adequately allege agency between the Ascension Parties and the Saint Thomas Entities. *See id.* at p. 51.  Again, the Court concluded that "there is no indication from the complaints that the Saint Thomas Entities were acting on behalf of the Ascension Parties or that patients believed the Saint Thomas Entities were agents of the Ascension Parties." *Id.*

The Court's decision on the Ascension Parties' motion to dismiss disposed of all of the claims against them by the Tennessee Plaintiffs. *Id.* at pp. 51-52.  This determination made in the Order is the type of "final judgment" that the *Nystedt* court recognized as permitting FED. R.

CIV. P. 54(b) certification. *See Nystedt,* 700 F.3d at 29–30. In *Nystedt*, this Court granted the motions to dismiss of two defendants in a case with nine total defendants. *See Nystedt v. Munroe*, No. 10-10754 (D. Mass. July 8, 2011) (Zobel, J.)). This Court granted the dismissed defendants' motion to certify its order of dismissal as a final judgment several months later. *See id.*, No. 10-10754, Dkt. No. 110, 2012 WL 244939 (D. Mass. Jan. 26, 2012).

The First Circuit affirmed, finding that the requirement that the ruling underlying the proposed judgment was "plainly satisfied here: the order granting the . . . defendants' Rule 12(b)(6) motion to dismiss terminated all of the plaintiff's claims against them." *Nystedt v. Nigro*, 700 F.3d at 29. The First Circuit also found no error with respect to this Court's express determination that there was "no just reason for delay." *Id.* at 30. The court noted that this Court focused on the importance of protecting the defendants' reputations, and that this Court "found nothing to suggest that the immediate entry of a partial final judgment would prejudice the rights of any party."[1] *Id.* The court concluded that this Court's "assessment of the equities [was] reasonable, and that Rule 54(b) certification is appropriate in the circumstances of this case." *Id.*

Here, as with the defendants in *Nystedt*, the Court's judgment was a decision upon a cognizable claim for relief (*i.e.*, vicarious liability claims under alter ego and agency theories) and was pursuant to a Rule 12(b)(6) Motion to Dismiss. *See* Order at 29. Further, having dismissed all global claims against the Ascension Parties but permitting others to survive, the Court's decision was an ultimate disposition of the claims against the Ascension Parties entered in the course of a multiple claims action. *See id*.

### B. There is No Just Reason for Delay

The second step in certification "requires the trial court to make an express determination

---

[1] The dismissed claims in *Nystedt* consisted of claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68, that were asserted against an attorney and his law firm. *Nystedt*, 700 F.3d at 27–28.

...

that there is 'no just reason for delay.'" *Nystedt*, 700 F.3d at 29 (quoting FED. R. CIV. P. 54(b)). In this step, the "court's role becomes that of a 'dispatcher,' exercising its discretion to decide which 'final' decisions in a multi-claim action should be sent upstairs immediately and which withheld pending resolution of the entire controversy in the district court." *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir. 1988) (quoting *Mackey*, 351 U.S. at 435; citing *Pahlavi v. Palandjian*, 744 F.2d 902, 903 (1st Cir. 1984)). The process entails "an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances." *Id.*

This Court has recognized the following factors to be considered when making a Rule 54(b) determination:

> 1) whether the judgment has the requisite aspects of finality (i.e., whether any claims remain against that defendant)[;] 2) whether there is a substantial interrelationship or overlap among the various factual issues involved in the dismissed and pending claims[;] and 3) whether there are any equities or efficiencies implicated by the defendant's motion (i.e., whether entering final judgment will impede judicial economy or create piecemeal appellate review).

*DeLia v. Verizon Commc'ns, Inc.*, 682 F. Supp. 2d 58, 59–60 (D. Mass. 2010) (citing *Niemic v. Galas*, 286 Fed. App'x 738, 739 (1st Cir. 2008); *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996)). If the Court concludes that entry of judgment under Rule 54(b) is appropriate, "it should ordinarily make specific findings setting forth the reasons for its order." *Spiegel*, 843 F.2d at 43 (citing *Knight v. Mills*, 836 F.2d 659, 661 n.2 (1st Cir. 1987)).

Where, as here, all claims against a particular party are dismissed, certification of a final judgment under Rule 54(b) is particularly appropriate. *See Nystedt*, 700 F.3d at 29; *DeLia*, 682 F. Supp. 2d at 60. The rule should apply with particular force in this MDL proceeding. With a docket of this size and complexity, the Ascension Parties should not be required to continue to be a part of these proceedings until final judgments have been entered in all of the cases in which

they were sued under the groundless vicarious liability theory. The Court will not be required to consider these same issues again, and the Ascension Parties should not be required to bear the expense of continuing to participate in a large MDL like this when no claims remain pending against them.

Moreover, the factual issues involved in the claims against the Ascension Parties and those still pending do not substantially overlap. Although all cases pending in this MDL stem from the contamination of medication compounded by NECC and the fungal meningitis outbreak that followed, the Ascension Parties were sued only on vicarious liability theories. Therefore, if Plaintiffs desire to appeal this Court's order of dismissal, the only question for the First Circuit would be whether Plaintiffs had stated a claim upon which relief could be granted with respect to their allegations that the Ascension Parties were vicariously liable for the Saint Thomas Entities. While Plaintiffs assert vicarious liability claims against other defendants (such as Plaintiffs' allegations that STOPNC was the Saint Thomas Entities' apparent agent), the factual issues regarding the *Ascension Parties*' potential vicarious liability do not overlap—let alone substantially overlap—with any other claims.

Finally, entering final judgment with respect to the claims against the Ascension Parties now will in no way prejudice the rights of any party. To the contrary, all will benefit from the timely elimination of parties no longer having an interest in the matter and no longer requiring notice or consent with regard to future proceedings. The relevant factors all support a conclusion that there is no just reason for delaying the Court's final determination on the vicarious liability actions against the Ascension Parties.

## **CONCLUSION**

For these reasons, the Ascension Parties ask the Court to enter final judgment with respect to all claims against the Ascension Parties, having expressly determined that there is no just reason for delay in doing so

Dated: November 3, 2014                              ASCENSION HEALTH AND
                                                                             ASCENSION HEALTH ALLIANCE

                                                                             By their attorneys,

                                                                             _/s/ Sarah P. Kelly_____
                                                                             Sarah P. Kelly (BBO #664267)
                                                                             skelly@nutter.com

                                                                             NUTTER McCLENNEN & FISH LLP
                                                                             Seaport West
                                                                             155 Seaport Boulevard
                                                                             Boston, Massachusetts 02210
                                                                             (617) 439-2000
                                                                             (617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

FULBRIGHT & JAWORSKI LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## **CERTIFICATE OF SERVICE**

      This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 3rd day of November, 2014.

                                        */s/ Sarah P. Kelly*
                                        Sarah P. Kelly

2670562.1