UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Actions | MDL No. 13-2419-RWZ |

MDL Order No. 9A

November 10, 2014

Boal, M.J.

The Court grants the unopposed motion filed by the Plaintiffs' Steering Committee ("PSC") [Dkt. No. 1478]. The Court's MDL Order No. 9, Order Regarding Common Issue Discovery [Dkt.1425] is clarified as follows:

1. With respect to paragraphs II(A) and (D), MDL Order No. 9 is modified as follows: Plaintiffs whose individual cases only name the following defendants (who have either settled, are presently mediating, or are otherwise actively trying to resolve the claims against them) need not serve Initial Disclosures by October 17, 2014 nor Plaintiff Profile Forms ("PPFs") by November 17, 2014:

    New England Compounding Pharmacy, Inc.;

    Barry J. Cadden;

    Gregory Conigliaro;

    Lisa Conigliaro Cadden;

    Douglas Conigliaro;

    Carla Conigliaro;

1

Ameridose, LLC;

Medical Sales Management, Inc.;

Medical Sales Management SW, Inc.;

GDC Properties Management, LLC;

ARL Bio Pharma Inc. d/b/a Analytical Research Laboratories;

Liberty Industries, Inc.;

UniFirst Corporation;

Victory Mechanical Service and Victory Heating & Air Conditioning Co., Inc.;

Insight Imaging (VA);

Michigan Pain Specialists (MI);

High Point Surgery (NC); and

Inspira Medical Centers, Inc. and Inspira Health Network, Inc. (NJ).

Said plaintiffs shall instead complete Initial Disclosures within 30 days and PPFs within 60 days of the date that an above-listed defendant files a notice of withdrawal from the mediation program or otherwise notifies the PSC in writing that it is returning to active litigation against Plaintiffs.

2. With respect to Paragraph II(A), the Order is further clarified to reflect that one set of Master Initial Disclosures may be served on each defendant on behalf of all current or future MDL plaintiffs with claims against that defendant. Plaintiffs added to this case after the entry of this Order who name a new defendant shall serve Master Initial Disclosures within 30 days after joining the MDL. The sentence on page 3 of the Order that reads: "Plaintiffs added to this case after the entry of this Order shall serve their initial disclosures within 30 days after joining the MDL" is stricken.

3.	With respect to Paragraph II(B), it is hereby clarified that the limits set forth in the Order for Master Common Written Discovery (*i.e.*, 50 Requests for Admission, 40 Interrogatories, and two separate sets of Requests for Production limited to a total of 100 requests) set limits on the number of requests one party may serve on another party.

4.	Finally, it is hereby ordered that MDL Order No. 9 is now applicable to discovery against the Estate Parties (as defined in the Insiders Settlement Agreement) and the Insider Settling Parties in accordance with the District Court's Order Limiting Discovery and Staying These Proceedings with Respect to NECC Insiders and Related Settling Parties [Dkt. No. 1482].

**So Ordered.**

　　　　　　　　　　　　　　　　　　　　/s/ Jennifer C. Boal
　　　　　　　　　　　　　　　　　　　JENNIFER C. BOAL
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE