UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: <br> All Cases | ) ) ) ) MDL No. 1:13-md-2419-RWZ ) ) ) ) ) |

## [PROPOSED] AGREED ORDER GRANTING RELIEF FROM PRESERVATION ORDER TO PERMIT CHAPTER 11 TRUSTEE TO SELL OR OTHERWISE DISPOSE OF REMAINING NECC PROPERTY

On December 13, 2012, this Court entered its *Order as to the Preservation of Potential Evidence by New England Compounding Pharmacy, Inc.* [Docket No. 110 in Case No. 12-12052] (the "Preservation Order"), which required the preservation of potential evidence within the possession, custody and/or control of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"). On May 13, 2013, Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the NECC estate, filed a motion [Docket No. 147] and memorandum in support thereof [Docket No. 148] (collectively, the "Motion") seeking relief from the Preservation Order.

The United States submitted a statement of interest in response to the Motion on May 14, 2013, in which the United States did not object to the relief sought by the Trustee, but proposed certain notice procedures in the event that the Motion were granted [Docket No. 149]. Following a hearing, the Trustee and the United States submitted a joint proposed order [Docket No. 173], which, among other things, granted the relief sought by the Trustee and established certain notice procedures should the Trustee subsequently seek to dispose of additional NECC property that

DM3\3058737.6

may be subject to the Preservation Order, which order was subsequently entered by this Court [Docket No. 177] (the "Modifying Order").

On June 5, 2014, in accordance with the Modifying Order, the Trustee filed his *Notice Regarding Further Relief from Preservation Order* [Doc. No. 1174] (the "Notice"). Pursuant to the Notice, the Trustee notified all parties in interest of the Trustee's intention to sell or otherwise dispose of all remaining NECC property and to vacate, in whole or in part, the premises leased by NECC to reduce the estate's administrative costs.

In response to the Trustee's Notice, three parties—Liberty Industries, Inc., UniFirst Corp. ("UniFirst") and the so-called Tennessee Clinic Defendants—filed Preservation Requests. See *Defendant Liberty Industries, Inc.'s Preservation Request* [Doc. No. 1214] (the "Liberty Request"); *Defendant UniFirst Corporation's Preservation Request in Response to the Chapter 11 Trustee's Notice Regarding Further Relief from the Preservation Order* [Doc. No. 1215] (the "UniFirst Request"); *Tennessee Clinic Defendants' Preservation Request in Response to the Chapter 11 Trustee's Notice Regarding Further Relief from the Preservation Order* [Doc. No. 1219] (the "Tennessee Request"). The Trustee also informed this Court that he was contacted by two additional parties—the Saint Thomas Entities and Insight Health Corp.—concerning the preservation of NECC property, though neither party filed a formal Preservation Request.

On August 12, 2014, this Court entered an Order (i) directing the Trustee to make the NECC premises available for inspection by interested parties for three days and (ii) instructing Mr. Frederick Fern, special counsel to the Trustee, to filed an index of the property that had been preserved by his firm, Harris Beach PLLC ("Harris Beach"). On September 18, 2014, the Trustee filed his *Report Regarding Status of Preservation Issues* [Doc. No. 1433], in which he indicated that he had made the NECC premises available for inspection by interested parties on

2

August 20-22, 2014. Mr. Fern filed a Notice of Compliance that same day indicating that detailed indices of the documents and ESI preserved by Harris Beach had been made available on the US Legal online repository, which is being used as a centralized document repository in this case.

Since the filing of the Harris Beach indices, UniFirst and the Saint Thomas Entities have continued to seek the preservation of certain items of NECC property. The Trustee, UniFirst and the Saint Thomas Entities have conferred several times concerning the continued preservation of NECC property and have participated in hearings before this Court concerning the subject. The parties have informed the Court that they have resolved their issues and have requested the entry of this agreed upon order.

Accordingly, upon consideration of this Court's prior orders, the various filings concerning the preservation of the remaining NECC property, and oral argument advanced by counsel to the Trustee and other interested parties; and it appearing that all interested parties have been afforded the opportunity for them and their counsel and/or experts or consultants to inspect the NECC premises and take whatever photographs or video recordings they desired and have also been provided access to video of the Plaintiff Steering Committee's December 2012 inspection of the premises; and Harris Beach having provided detailed indices of the documents, ESI and other property that it has preserved; and this Court having found that the Trustee has complied with the notice procedures established by the Modifying Order; and it further appearing that the relief requested by the Trustee is in the best interest of NECC, its estate, creditors, claimants and parties-in-interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

3

1. **ORDERED** that the Trustee is granted relief from the Preservation Order, as modified by the Modifying Order, to sell or otherwise dispose of the remaining NECC property and to vacate, in whole or in part, the Framingham premises; and it is further

2. **ORDERED** that, notwithstanding anything to the contrary in this Order, the Trustee shall continue to preserve all scanned documents, ESI and other property identified in the Harris Beach indices of preserved materials; and it is further

3. **ORDERED** that, subject to further order of this Court, the Trustee shall maintain and/or store the Sanyo autoclave, model number MLS3781, previously identified by UniFirst and the Saint Thomas Entities (the "Autoclave") at a location acceptable to the Trustee, reasonably close to Boston, Massachusetts; and it is further

4. **ORDERED** that the Autoclave shall remain in the sole possession, custody and control of the Trustee; and it is further

5. **ORDERED** that UniFirst and the Saint Thomas Entities shall pay or reimburse the Trustee for any and all costs associated with the preservation, storage and relocation of the Autoclave, including, but not limited to, any necessary insurance, and such obligations to pay shall be joint and several; and it is further

6. **ORDERED** that the Trustee will allow UniFirst and the Saint Thomas Entities access to the Autoclave upon reasonable notice; and it is further

7. **ORDERED** that any other party who desires access to the Autoclave in the future shall, prior to receiving access, reimburse UniFirst and the Saint Thomas Entities, and any other participating party, their proportionate share of the preservation costs as if they had originally participated in such payments from the date of this Order; and it is further

8. **ORDERED** that if UniFirst and/or the Saint Thomas Entities fail to pay or reimburse the Trustee, or subsequently cease to pay, for the relocation and storage of the Autoclave, the Trustee is authorized, without further order of this Court, to sell or otherwise dispose of the Autoclave without prejudice to the Trustee's rights against UniFirst and/or the Saint Thomas Entities regarding any unreimbursed payments; and it is further

9. **ORDERED** that the Trustee shall preserve all original documents that have not been electronically preserved by Harris Beach unless and until the Trustee obtains an order from the United States Bankruptcy Court for the District of Massachusetts authorizing the disposal of such documents; and it is further

10. **ORDERED** that nothing in this Order shall preclude UniFirst or the Saint Thomas Entities from exercising their rights, if any, to petition the Bankruptcy Court for relief concerning the disposal of such documents at that time; and it is further

11. **ORDERED** that the UniFirst Request is hereby deemed resolved, and UniFirst waives or otherwise withdraws any and all objections to the Trustee's Notice and the relief requested therein; and it is further

12. **ORDERED** that the Saint Thomas Entities waive or otherwise withdraw any and all objections to the Trustee's Notice and the relief requested therein; and it is further

13. **ORDERED** that all other Preservation Requests and objections to the relief sought by the Trustee are hereby denied.

Dated: 11/10, 2014
Boston, Massachusetts

*/s/ Rya W. Zobel*
Judge Rya W. Zobel
United States District Court Judge

DM3\3058737.6