MDL No. 2419
August 12, 2014, Filed

Judges: John G. Heyburn II, Chairman. Charles R. Breyer, Sarah S. Vance, Lewis A. Kaplan, R. David Proctor.Opinion
Opinion by:    John G. Heyburn IIOpinion

TRANSFER ORDER
Before the Panel:* Pursuant to Panel Rule 7.1, plaintiffs in eight Western District of Virginia actions, listed on Schedule A, move to vacate our orders conditionally transferring the actions to MDL No. 2419. Defendants Image Guided Pain Management, P.C., Robert F. O'Brien, M.D., and John M. Mathis, M.D. (collectively, "IGPM") join one motion to vacate as to five actions. Defendant Insight Health Corporation ("Insight") and third-party defendant Ameridose, LLC, oppose the motions to vacate.1

I.

The actions comprising MDL No. 2419 share factual questions relating to injuries arising from the alleged contamination of compounded prescription drugs - principally, the injectable steroid methyl-prednisolone acetate - at the New England Compounding Center ("NECC") in Framingham, Massachusetts, which allegedly resulted in a multistate outbreak of fungal meningitis and other infections.2 Most of the cases in the MDL are brought against NECC (which is in Chapter 11 bankruptcy proceedings) and its officers, shareholders, and corporate affiliates, and several name healthcare providers who administered the products.3 Over the past year, the bankruptcy trustee has filed motions with the transferee court seeking transfer of all personal injury and wrongful death actions arising from the alleged contamination, wherever filed, directly to the transferee district based on "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b). The transferee court granted those motions (subject to limited exceptions) in two decisions, which recently resulted in the transfer of 20 Virginia state court actions against IGPM and Insight directly to that district.4

II.

Plaintiffs and the IGPM defendants are parties to eight actions in Virginia that have not yet been transferred to MDL No. 2419. They argue that the actions before the Panel are not appropriate for inclusion in MDL No. 2419 because (1) federal subject matter jurisdiction is lacking, and they have moved for remand to state court; (2) plaintiffs bring their claims against Virginia healthcare providers under Virginia law, which will present unique questions of fact unrelated to NECC; (3) transfer would inconvenience plaintiffs; and (4) Insight's third-party claims against NECC insiders and affiliates are irrelevant to transfer because the claims are not

3

viable and, if they are, simultaneous separation and remand of plaintiffs' claims is appropriate. We recently considered the first three arguments with regard to a similar Western District of Virginia action (Baker) against the same Virginia healthcare providers (IGPM and Insight), and we transferred that action over plaintiff's objections. See Transfer Order (Baker), MDL No. 2419 (J.P.M.L. June 4, 2014). The same considerations govern here.

After considering all argument of counsel, we find that the actions share questions of fact with actions in this litigation previously transferred to the District of Massachusetts, and that transfer of these actions to the District of Massachusetts for inclusion in MDL No. 2419 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like those in MDL No. 2419, these actions share questions of fact concerning injuries arising from the alleged contamination of the injectable steroid methyl-prednisolone acetate compounded by NECC. See In re: New England Compounding Pharm., Inc., Prods. Liability Litig., 924 F. Supp. 2d at 1381. In fact, virtually identical claims concerning the conduct of the IGPM and Insight defendants in purchasing and using those NECC products to treat patients already are pending in the MDL.5 As to plaintiffs' assertion that federal subject matter jurisdiction is lacking, the Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge. See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).6

Moreover, plaintiffs and the IGPM defendants do not provide any persuasive reason for the Panel to decide their motions to vacate differently than we did in Baker. Plaintiffs' request, in the alternative, to separate and remand their claims to the Western District of Virginia (and transfer only Insight's third-party claims) fares no better. Like the complaint in Baker, plaintiffs' factual allegations concerning the Virginia defendants' knowledge of NECC's background and practices plainly overlap with issues in MDL No. 2419.7 Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when, as here, the actions still arise from a common factual core.

III.

One procedural matter that merits our attention is the transfer of actions by a district court under separate statutory authority, during the time the Panel is considering Section 1407 transfer. As this litigation has advanced, the parties have asked the transferee court to directly transfer related actions, including actions before the Panel, based principally on Section 1334(b) "related to" bankruptcy jurisdiction. We see no obstacle to transfer of an action via Section 1334(b), assuming the statutory criteria are satisfied, when a motion to vacate a conditional

transfer order (CTO) covering the same action is pending but not yet ruled upon by the Panel. Moreover, such a transfer is fully consistent with Panel Rule 2.1(d), which provides: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." At the same time, the Panel continues to exercise its responsibility to resolve whether transfer of potential tag-along actions is appropriate under Section 1407 through the CTO process.8 Therefore, in the circumstances presented here, while objections to transfer of an action are pending before the Panel, the Panel proceedings do not limit the transferee court's pretrial authority. Of course, whether to resolve transfer motions under Section 1334(b) given the status of the litigation still is committed to the sound discretion of that court.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that movants' request for separation and remand of certain claims to the Western District of Virginia is denied.

PANEL ON MULTIDISTRICT LITIGATION
/s/ John G. Heyburn II
John G. Heyburn II
Chairman
Charles R. Breyer
Sarah S. Vance
Lewis A. Kaplan
R. David ProctorFootnotes

\*

Judges Marjorie O. Rendell and Ellen Segal Huvelle took no part in the decision of this matter.

1

Ameridose represents that it has permission to request this relief for eight other third-party defendants affiliated with the New England Compounding Center.

2

See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig., 924 F. Supp. 2d 1380 (J.P.M.L. 2013); 2014 U.S. Dist. LEXIS 19738, at \*2 (J.P.M.L. Feb. 18, 2014).

3

See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig., 496 B.R. 256, 260-61 & n.1 (D. Mass. 2013).

4

See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig., 2014 WL 2040139 (D. Mass. May 15, 2014) (summarizing both decisions); see also Order (D. Mass. June 5, 2014) (ordering transfer of 20 actions).

5

IGPM and Insight presently are defendants in over 20 actions in MDL No. 2419, following the transfer of Baker and 20 Virginia state court actions to the MDL.

6

The transferee court is well-positioned to rule on plaintiffs' pending remand motions, as plaintiffs' jurisdictional arguments are substantially the same as those the court addressed in its decisions on Section 1334(b) "related to" bankruptcy jurisdiction. See In re: New England Compounding Pharm., Inc., Prods. Liab. Litig., 2014 WL 2040139, at *1-8.

7

Thus, whether, as plaintiffs assert, Insight is barred from pursuing third-party claims against the NECC-affiliated third-party defendants is irrelevant. Additionally, the Panel does not decide the merits of the claims before it in deciding transfer under Section 1407. See In re: Maxim Integrated Prods., Inc., Patent Litig.., 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012).

8

See generally MDL No. 2419, Transfer Order (Walker and Proffitt), Doc. No. 252, at 2 n.3 (J.P.M.L. June 6, 2013).2014 U.S. Dist. LEXIS 113201::In re Flores::August 12, 2014