**BLUMBERG & WOLK, LLC**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of
Southern, LLC t/a Premier Orthopaedic Associates and/or Premier Orthopaedic
Associates Surgical Center, LLC, Kimberly Yvette Smith-Martin A/K/A Kimberly Yvette
Smith, M.D. Thomas Dwyer, M.D.,  Rahul V. Shah, M.D., Richard C. DiVerniero, and
Richard Strauss, M.D.
(JJB I.D. #029071983)

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | MDL NO. 2419<br>Master Docket No. 1:13-md-2419-FDS |
| THIS DOCUMENT RELATES TO:<br>All Actions | Honorable F. Dennis Saylor<br><br>DEMAND FOR JURY TRIAL |

**Answer to Master Complaint on Behalf Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern, LLC t/a Premier Orthopaedic Associates and/or Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith-Martin A/K/A Kimberly Yvette Smith, M.D. Thomas Dwyer, M.D.,  Rahul V. Shah, M.D., Richard C. DiVerniero, and Richard Strauss, M.D.**

The answering Defendants, Premier Orthopaedic and Sports Medicine Associates

of Southern, LLC t/a Premier Orthopaedic Associates and/or Premier Orthopaedic

Associates Surgical Center, LLC, Kimberly Yvette Smith-Martin A/K/A Kimberly Yvette

Smith, M.D. Thomas Dwyer, M.D.,   Rahul V. Shah, M.D., Richard C. DiVerniero, and

Richard Strauss, M.D., hereby answer the allegations in the plaintiff's master complaints as follows.  This answer is being filed in accordance with the Assented-to motion to allow a master answer.

## Introduction

1.   Neither admitted nor denied plaintiff is left to their proofs.

2.   Neither admitted nor denied plaintiff is left to their proofs.

3.   Neither admitted nor denied plaintiff is left to their proofs.

4.   The allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants does not respond.

5.   The allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants does not respond.

6.   Denied with respect to the answering defendants.

7.   Neither admitted nor denied.

8.   The allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants does not respond.

9.   Neither admitted nor denied.

## Jurisdiction and Venue

10. Neither admitted nor denied.

11.  Neither admitted nor denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Neither admitted nor denied

16. Neither admitted nor denied, plaintiff is left to their proofs

## Parties

17. Neither admitted nor denied, and plaintiff is left to their proofs.

18. The allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants does not respond.

## Defendants

19. The allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants do not respond.

20. The allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants do not respond.

21. The allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants do not respond.

22.  Neither admitted or denied and plaintiff is left to their proofs

23. Denied as stated.

## Factual Background
## The Conigliaro Family Business

24. With regard to paragraphs 24-42 Plaintiff makes no specific allegations in this paragraph and therefore the answering defendants does not respond.

## Background on Compounding Pharmacies

43.  Paragraphs 43 through 47 are neither admitted nor denied and plaintiff is left to their proofs.

### The Risk of Pharmacy Compounding

48.  Paragraphs 48 through 55 are neither admitted nor denied and plaintiff is left to their proofs.

### Meningitis

56.  Paragraphs 56 through 59 are neither admitted nor denied and plaintiff is left to their proofs.

### The Outbreak and Its Aftermath

60.  Paragraphs 60 through 62 are neither admitted nor denied and plaintiff is left to their proofs.

### FDA and MDPH Begin Investigating NECC

63.  Paragraphs 63 through 69 are neither admitted nor denied and plaintiff is left to their proofs.

### NECC Surrenders Its Pharmacy License and Recalls All of Its Products

70.  Paragraphs 70 through 73 are neither admitted nor denied and plaintiff is left to their proofs.

### FDA and Massachusetts Board of Pharmacy's Findings

74.  Paragraphs 74 through 75 are neither admitted nor denied and plaintiff is left to their proofs.

### MDPH's Preliminary Findings

76.  Paragraphs 76 through 100 are neither admitted nor denied and plaintiff is left to their proofs.

### The Investigation Grows, Covering Other Drugs and Related Corporate Entities

**MDPH Shuts down Ameridose and suspends insiders' pharmacy licenses.**

101. Neither admitted or denied and plaintiff is left to their proofs

**FDA Confirms Other NECC Products are Contaminated**

102. Neither admitted nor denied and plaintiff is left to their proofs.

103. Neither admitted nor denied and plaintiff is left to their proofs.

**Board of Pharmacy Revokes Cadden, Chin and Conigliaro Pharmacy Licenses.**

104. Neither admitted nor denied and plaintiff is left to their proofs.

**FDA and MDPH Investigate Ameridose and Alaunus Pharmaceuticals**

105. Paragraphs 105 through 108 are neither admitted nor denied and plaintiff is left to their proofs.

**FDA Confirms Ameridose's Products are Contaminated**

109. Paragraphs 109-118 are neither admitted nor denied and plaintiff is left to their proofs.

**Criminal and Congressional Investigations**

119. Paragraphs 119 through 122 are neither admitted nor denied and plaintiff is left to their proofs.

### Subsequent litigation

123. Admitted generally.

## Current Case Counts

124.   Neither admitted nor denied and plaintiff is left to their proofs.

## Factual Allegations
## Liberty Industries

125.    Paragraphs 125 through 135 the allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants does not respond.

## UniFirst Corporation

136.   Paragraphs 136 through 150 the allegations contained in this paragraph do not relate to the answering defendants and therefore the answering defendants does not respond.

## Clinics, Hospitals, and Physicians

151.    Neither admitted nor denied plaintiff is left to their proofs.

152.    Denied as stated.

153.   It is admitted that answering defendants administered NECC drugs. The remainder of the paragraph is neither admitted nor denied and plaintiff is left to their proofs.

154.   Neither admitted nor denied plaintiff is left to their proofs.

155.   Paragraphs 155 through 158 are denied with respect to the answering defendants.

159.   Neither admitted nor denied plaintiff is left to their proofs.

160.   Paragraphs 160 through 163 are denied with respect to the answering defendants.

164.  Paragraphs 164 through 166 are neither admitted nor denied and plaintiff is left to their proofs.

167.  Denied with respect to the answering defendants.

168.  Neither admitted nor denied plaintiff is left to their proofs.

169.  Neither admitted nor denied plaintiff is left to their proofs.

170.  Paragraphs 170 through 176 are denied with respect to the answering defendants.

177.  Neither admitted nor denied and plaintiff is left to their proofs.

178.  Neither admitted nor denied and plaintiff is left to their proofs.

179.  Denied with respect to the answering defendants.

180.  Denied with respect to the answering defendants.

181.  Neither admitted nor denied plaintiff is left to their proofs.

182.  Denied with respect to the answering defendants.

183.  Neither admitted nor denied, and plaintiff is left to their proofs.

184.  Denied with respect to the answering defendants

185.  Denied with respect to the answering defendants

186.  Neither admitted nor denied, and plaintiff is left to their proofs.

187.  Neither admitted nor denied, and plaintiff is left to their proofs.

188. Paragraphs 188 through 193 including subparts are denied with respect to the answering defendants.

194. Neither admitted nor denied, and plaintiff is left to their proofs.

195. Denied with respect to the answering defendants.

196. Neither admitted nor denied, and plaintiff is left to their proofs.

197. Neither admitted nor denied, and plaintiff is left to their proofs.

198. Paragraphs 198 through 206 are denied with respect to the answering defendants.

## General Allegations

207. Paragraphs 207 through 210 including subparts are hereby denied   with respect to the answering defendants.

## VI. Causes of Action
## Count I. Negligence and Gross Negligence
## (Against Liberty)

211. Paragraphs 211 through 217 the allegations contained in these paragraphs do not relate to the answering defendants and therefore the answering defendants does not respond.

## Count II. Negligence and Gross Negligence
## (Against Unifirst)

218. Paragraphs 218 through 225 the allegations contained in these paragraphs do not relate to the answering defendants and therefore the answering defendants does not respond.

## Count III. Negligence and Gross Negligence
### (Against Clinic Related Defendants)

226. The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

227. Neither admitted nor denied, and plaintiff is left to their proofs.

228. Neither admitted nor denied, and plaintiff is left to their proofs.

229. Neither admitted nor denied, and plaintiff is left to their proofs.

230. Neither admitted nor denied, and plaintiff is left to their proofs.

231. Neither admitted nor denied, and plaintiff is left to their proofs.

232. Neither admitted nor denied, and plaintiff is left to their proofs.

233. Paragraphs 233 through 242 including subparts are denied with respect to the answering defendants.

## Count IV – Violation of State Consumer Protection Statutes
### (Against Clinic Related Defendants)

243. The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

244. Paragraphs 244 through 271 are denied with respect to the answering defendants.

## Count V – Violation of M.G.L. c. 93A
### (Against Liberty)

272. The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

273.   Paragraphs 273 through 283 the allegations contained in these paragraphs do not relate to the answering defendants and therefore the answering defendants does not respond.

## Count VI – Violation of M.G.L. c. 93A
## (Against Unifirst)

284.   The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

285.   Paragraphs 285 through 295 the allegations contained in these paragraphs do not relate to the answering defendants and therefore the answering defendants does not respond.

## Count VII – Battery
## (Against Clinic Related Defendants)
## (Dismissed)

296.   The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

297.   These allegations have been dismissed, however, out of an abundance of caution, and without waiving that dismissal, Paragraphs 297 through 298 are denied with respect to the answering defendants.

## Count VIII – Failure to Warn
## (Against Clinic Related Defendants)

299.   The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

300.   Paragraphs 300 through 303 are denied with respect to the answering defendants.

### Count IX – Tennessee Product Liability Claims
### (Against Tennessee Clinic Related Defendants)

304.   The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

305.   Paragraphs 305-328 the allegations contained in these paragraphs do not relate to the answering defendants and therefore the answering defendants does not respond.

### Count X – Agency
### (Against the Clinic Related Defendants)
### (Dismissed)

329.   The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

330.   These allegations have been dismissed, however, out of an abundance of caution, and without waiving that dismissal, Paragraphs 330 through 336 are denied with respect to the answering defendants.

### Count XI – Civil Conspiracy
### (Against Clinic Related Defendants)
### (Dismissed)

337.   The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

338.  These allegations have been dismissed, however, out of an abundance of caution, and without waiving that dismissal, Paragraphs 338 through 342 are denied with respect to the answering defendants.

343.  Paragraphs 343 through 348 the allegations contained in these paragraphs do not relate to the answering defendants and therefore the answering defendants does not respond

348.  Paragraphs 348 through 351 are denied with respect to the answering defendants.

## Count XII – Wrongful Death
## (Against Each Defendants)

352.  The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

353.  Paragraphs 353 through 357 including subparts are denied with respect to the answering defendants.

## Count XIII – Loss of Consortium
## (Against all Defendants)

358.  The answers to the allegations of the preceding paragraphs are hereby repeated and made a part hereof in lieu of repetition.

359.  Neither admitted nor denied plaintiff is left to their proofs.

360.  Denied with respect to the answering defendants.

361.  Denied with respect to the answering defendants.

### Count XIV – Punitive Damages
### (Against all Defendants)

362.   The answers to the allegations of the preceding paragraphs are hereby repeated and made part hereof in lieu of repetition.

363.   Denied with respect to the answering defendants.

### (AFFIRMATIVEDEFENSES)

### First Affirmative Defense

The defendants(s) performed each and every duty owed to the plaintiff(s).

### Second Affirmative Defense

The defendants(s) violated no duty or obligation owed to the plaintiff(s).

### Third Affirmative Defense

The damages, if any, resulted solely and proximately from the conditions and/or parties over which the defendants(s) exercised no control.

### Fourth Affirmative Defense

The answering defendants(s) is entitled to a credit for any expenses paid by insurance or other third parties, which are claimed as damages by plaintiff(s), pursuant to N.J.S.A. 2A:15-97.

### Fifth Affirmative Defense

The injuries and losses alleged by the plaintiff(s) were caused by and arose out of risks of which the plaintiff(s) had full knowledge and had assumed.

### Sixth Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted, and the answering defendants(s) specifically reserves the right to move to dismiss the Complaint for that reason at a later time.

### Seventh Affirmative Defense

The answering defendants(s) asserts that plaintiff's(s') alleged losses and injuries are the result of an act by an independent, intervening agency or instrumentality over which the answering defendants(s) had no power or control.

### Eighth Affirmative Defense

### (Claim for Contribution or Settlement Credit)

While denying any liability to plaintiff on the Complaint, and based upon information and belief, asserting that there is no basis for liability as to the other defendants(s), the answering defendants(s) nevertheless asserts a claim for contribution from co-defendants(s) pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53-A; and in the alternative contends that in the event that proofs develop in discovery or at trial to establish a basis for liability on the part of any other defendants(s) and such defendants(s) enter into a settlement agreement with plaintiff(s), in whole or in part, then the answering defendants(s) asserts a claim for a credit reducing the amount of any judgment in favor of plaintiff(s) against the answering defendants(s) to reflect the degree of fault allocated to the settling defendants(s) pursuant to **Young v. Latta**, 123 N.J. 584 (1991) and R. 4:7-5(c).

### Ninth Affirmative Defense

Plaintiff is barred by the statute of limitations.

## Tenth Affirmative Defense

Plaintiff is barred from recovery by reason of their negligence and/or contributory negligence.

## Eleventh Affirmative Defense

This matter is governed by the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et. seq.

## Twelfth Affirmative Defense

The venue is improper and defendants reserves the right to move for change of venue.

## Thirteenth Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted

## Fourteenth Affirmative Defense

Plaintiff's complaint is barred for lack of Subject Matter Jurisdiction

## Fifteenth Affirmative Defense

Plaintiff's complaint is barred for lack of personal jurisdiction

## Sixteenth Affirmative Defense

Plaintiff's complaint is barred for improper venue

## Seventeenth Affirmative Defense

Plaintiff's complaint is barred for not joining indispensable parties

## Eighteenth Affirmative Defense

Plaintiff's complaint is barred because the answering defendants did not owe a duty to the plaintiff.

### Nineteenth Affirmative Defense

Plaintiff's complaint is barred because the answering defendants did not breach a duty owed to the plaintiff

### Twentieth Affirmative Defense

Plaintiff's complaint is barred because the alleged harm to the plaintiff was not foreseeable.

### Twenty-first Affirmative Defense

Plaintiff's complaint is barred because the answering defendants were not the cause-in-fact of the plaintiff's alleged injuries.

### Twenty-Second Affirmative Defense

Plaintiff's complaint is barred because the alleged injuries to the plaintiff were caused by the acts or omissions of third-parties for whom the answering defendants are not responsible.

### Twenty-Third Affirmative Defense

Plaintiff's complaint is barred because the alleged injuries were caused by the intervening and/or superseding acts of a third person for whom the answering defendants were not responsible.

### Twenty-Forth Affirmative Defense

If the answering defendants are liable for plaintiff's alleged injuries, which is expressly denied, the answering defendants shall only be liable for its percentage of fault as found by the trier of fact pursuant to N.J.S.A. 2A:15-5.3(c).

### Twenty-Fifth Affirmative Defense

Assuming that the plaintiff's alleged injuries were caused by a product, any common law claims of negligence or wrong doing are subsumed by the Product Liability Statute.

### Twenty-Sixth Affirmative Defense

Answering defendants are not "sellers", "Manufacturers" and/or did not design, create formulate, promote, construct, sell, assemble or rebuild any product as defined by the Product Liability Statute.

### Twenty-Seventh Affirmative Defense

Plaintiff's product liability claims fail because the plaintiff cannot prove that any of the answering defendants products failed to contain adequate warnings or instructions.

### Twenty-Eighth Affirmative Defense

Plaintiff's product liability claims fail because the plaintiff cannot prove that any of the answering defendants' products were designed in a defective in any way.

### Twenty-Ninth Affirmative Defense

Plaintiff's product liability claims fail because the plaintiff cannot prove that any of the answering defendants because at the time the product left the control of the manufacturer, there was not a practical and technically feasible alternative design that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product.

### Thirtieth Affirmative Defense

Plaintiff's product liability claims fail because the plaintiff cannot prove that any of the answering defendants because the characteristics of the product are known to the

ordinary consumer or user, and the harm was caused by an unsafe aspect of the product that is an inherent characteristic of the product and that would be recognized by the ordinary person who uses or consumes the product with the ordinary knowledge common to the class of persons for whom the product is intended.

### Thirty-First Affirmative Defense

Plaintiff's product liability claims fail because the plaintiff cannot prove that any of the answering defendants because the harm was caused by an unavoidably unsafe aspect of the product and the product was accompanied by an adequate warning or instruction as defined by the New Jersey Product Liability Act.

### Thirty – Second Affirmative Defense

Plaintiff's claims for vicarious liability fails because the answering defendants are not vicariously responsible for the actions of the other defendants.

### Thirty – Third Affirmative Defense

Plaintiff's claims for consumer fraud fail because the answering defendants are not engaged in any conduct prohibited by the New Jersey Consumer Fraud Act.

### Thirty – Fourth Affirmative Defense

Plaintiff's claims for punitive damages fail because the answering defendants acts are not willful or wanton and done with any malice and do not meet the requirements of the New Jersey Punitive Damages Act at N.J.S.A. 2A:15-5.9., et seq.

### Thirty -Fifth Affirmative Defense

Plaintiff's complaint is barred for failure to comply with the written demand requirements of M.G.L. c. 93A.

### Thirty- Sixth Affirmative Defense

Application of the M.G.L. c9aA is an unconstitutional violation of the 5th and 14th

Amendments to the United States Constitution.

### Thirty- Seventh Affirmative Defense

The answering defendants incorporates herein by reference all defenses, including affirmative defenses, that may be raised by any defendants and specifically reserves the right to amend its answer to add additional affirmative defenses should discovery in this action reveal the existence of those defenses.   The Answering defendants reserves the right to assert cross-claims against co-defendants, New England Compounding Pharmacy, Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chin, Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc, and Medical Sales Management SW, Inc., pending the stay entered on October 9, 2014 in 1:13-md-02419 at Docket No: 1481 and 1482 being lifted.

### Thirty-Eight Affirmative Defense

The answering parties hereby place the plaintiff's on notice that at the time of trial they intend to present evidence of negligence against New England Compounding Pharmacy, Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chin, Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc, and Medical Sales Management SW, Inc. and in so doing will ask the Court and/or Jury to apportion fault amongst the above named individuals and/or corporate entities (hereinafter referred to as "Affiliated Defendants").

1. In order to assert such an apportionment the answering defendants hereby reserves the right to name the above affiliated defendants as "Party for the sole purposes of a Settlement Credit/apportionment only"

2. Understanding that according to the New Jersey Joint Tortfeasor Contribution act and <u>Carter v. University of Medicine and Dentistry</u>, *at al* 854 F. Supp. 310 (D.N.J. 1994) a defendants wishing to add a non-party to any verdict sheet must first give notice to the opposing party.

3. The answering defendants now place the plaintiff's on notice that, without specifically naming as third party defendants to the case the answering defendants will seek an apportionment of fault as to the conduct of the affiliated defendants at the time of trial.

## Cross-Claim For Contribution

### (Affiliated Defendants)

The answering defendants hereby move to add as Party for the sole purposes of a Settlement Credit/apportionment only on the authority set forth in <u>Carter v. University of Medicine and Dentistry</u>, *at al* 854 F. Supp. 310 (D.N.J. 1994) the following:  New England Compounding Pharmacy, Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chin, Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc, and Medical Sales Management SW, Inc.

1. The answering defendants hereby assert a claim for indemnification and contribution for the damages sought by the plaintiff.

2. The answering defendants hereby assert a claim for an apportionment of fault to be made by the jury at the time of trial.

### Answer to Cross-Claims

Answering defendants(s) deny each and every allegation of any and all cross claims which may have been asserted or may be asserted against answering defendants.

## Specialty Certification

It is hereby certified that the answering defendants, Kimberly Yvette Smith-Martin, M.D., specializes in the field of Physical Medicine and Rehabilitation, and Thomas Dwyer, M.D., Rahul Shah, M.D., Richard DiVerniero, M.D., specialize in the field of Orthopedic Medicine and Surgery, and Dr. Richard Strauss, M.D., specializes in the field of neuroscience and all were practicing their specialty at the time of plaintiff's treatment.

## NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

TAKE NOTICE that the undersigned attorneys, counsel for the defendants(s), does hereby demand, pursuant to R.1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers, and other material referred to therein, upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

## REQUEST FOR STATEMENT OF AMOUNT OF DAMAGES CLAIMED

Pursuant to the Rules of Court, defendants demand that plaintiff serve upon the defendants within five (5) days from the date of service hereof, a written specification of the amount of money damages claimed in the within action.

## DEMAND FOR AFFIDAVIT OF MERIT

Answering defendants demand that plaintiff provide an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27.

## JURY DEMAND

The answering defendants hereby demand a trial by jury, according to Rule 1:8 and 4:35.

## **TRIAL DESIGNATION**

Jay J. Blumberg, Esq. has been designated as trial counsel in the above matter pursuant to R.4:25-4.

## **CERTIFICATION PURSUANT TO RULE 4:5-1**

1       The matter in controversy is the subject matter of the Multidistrict Litigation venued in the United States District Court – District of Massachusetts under docket No: 1:13-md-02419

BLUMBERG & WOLK, LLC
Attorneys for Defendants(s),
Premier Orthopaedic And sports Medicine
associates of Southern New Jersey, LLC A/T/A
Premier Orthopaedic, Premier Orthopaedic
Associates Surgical Center, LLC, Kimberly
Yvette Smith-Martin, M.D. A/K/A Kimberly
Yvette Smith, M.D., Thomas Dwyer, M.D.,
Rahul Shah, M.D., Richard DiVerniero, M.D.,
Dr. Richard Strauss, M.D.


By:____/s/ Jay J. Blumberg, Esq._____
        Jay J. Blumberg, Esq.

I do hereby certify that a copy of the within pleading was served via electronic filing only via the ECF System through the United States District Court – District of New Jersey to all interested parties.

BLUMBERG & WOLK, LLC
Attorneys for Defendants(s),
Premier Orthopaedic And sports Medicine
associates of Southern New Jersey, LLC A/T/A
Premier Orthopaedic, Premier Orthopaedic
Associates Surgical Center, LLC, Kimberly
Yvette Smith-Martin, M.D. A/K/A Kimberly
Yvette Smith, M.D., Thomas Dwyer, M.D.,
Rahul Shah, M.D., Richard DiVerniero, M.D.,
Dr. Richard Strauss, M.D.


By:_____/s/ Jay J. Blumberg, Esq._____
          Jay J. Blumberg, Esq.