**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>*Tallman*, 1:13-cv-10349; *Landon*, 1:13-cv-10352; *Shrock*, 1:13-cv-10353; *Rethlake*, 1:13-cv-10354; *Oblinger*, 1:13-cv-10355; *Wyres*, 1:13-cv-10356; *Geisler*, 1:13-cv-10357; *Ginther*, 1:13-cv-10363; *Klemm*, 1:13-cv-10371; *Pavlekovich,* 1:13-cv-10373; *Copsey*, 1:13-cv-10503; *Tolbert*, 1:13-cv-10507; *Huff*, 1:13-cv-10511; *Craigo*, 1:14-cv-12367; *Bostic*, 1:14-cv-12371; *Smith*, 1:14-cv-12531; *Lenhart*, 1:14-cv-12561; *Polk*, 1:14-cv-12573; *Pringle*, 1:14-cv-12574; *Elliott*, 1:14-cv-12597; *Alcozar*, 1:14-cv-12598; *Durben*, 1:14-cv-12599; *Frick*, 1:14-cv-12611; *Holden*, 1:14-cv-12616; *Wegner*, 1:14-cv-12619; *Wolfe*, 1:14-cv-12622; *Glon-Ullery*, 1:14-cv-12838; *Barnes*, 1:14-cv-12864; *Briggs*, 1:14-cv-12869; *Browning*, 1:14-cv-12872; *Hunt*, 1:14-cv-12875; *Lay*, 1:14-cv-12909; *Haas*, 1:14-cv-12912; *Konanz,* 1:14-cv-12913; *McClure*, 1:14-cv-12914; *Owen*, 1:14-cv-13006; *Pinnyei*, 1:14-cv-13010; *Robinson*, 1:14-cv-13011; *Pedler*, 1:14-cv-13012; *Probst*, 1:14-cv-13014; *Shafer*, 1:14-cv-13015; *Pletcher*, 1:14-cv-13016; *Soli*, 1:14-cv-13017; *Koziatek*, 1:14-cv-13018; *Jones*, 1:14-cv-13021; *McQueen*, 1:14-cv-13025; *Cookson*, 1:14-cv-13081; *Allen*, 1:14-cv-13082; *Garl*, 1:14-cv-13083; *Copp*, 1:14-cv-13084; *Pritchard*, 1:14-cv-13157; *Lawson*, 1:14-cv-13158; *Cobb*, 1:14-cv-13200; *Greenwood*, 1:14-cv-13202; *Grice*, 1:14-cv-13204; *Holt*, 1:14-cv-13206; *Hurst*, 1:14-cv-13207; *Ivory*, 1:14-cv-13209; *Sims*, 1:14-cv-13212; *Sinn*, 1:14-cv-13213; *Stokes,* 1:14-cv-13217; *VanSchoiack,* 1:14-cv-13218; *Dillon*, 1:14-cv-13220; *Rice*, 1:14-cv-13257; *Lock*, 1:14-cv-13262; *Reed*, 1:14-cv-13265; *Wilfing*, 1:14-cv-13267; *Yoe*, 1:14-cv-13268; *Vitou*, 1:14-cv-13294; *Tirotta*, 1:14-cv-13296; *Smith,* 1:14-cv-13304; *Robinson*, 1:14-cv-13307; *Kaser*, 1:14-cv-13322; *Hinkle*, 1:14-cv-13323; *Miller*, 1:14-cv-13324; *Kubiszewski*, 1:14-cv-13325; *Jackson*, 1:14-cv-13327; *Roark*, 1:14-cv-13329; *Romano*, 1:14-cv-13332; *Walter*, 1:14-cv-13335; *Rulli*, 1:14-cv-13411; *Behrens*, 1:14-cv-13412; *Tuff*, 1:14-cv-13413; *Frain*, 1:14-cv-13414; *Fortier*, 1:14-cv-13415; *Mohr,* 1:14-cv-13483; *Sieczko*, 1:14-cv-13484; *Surowiec,* 1:14-cv-13486; *Troxel*, 1:14-cv-13488; *Trost*, 1:14-cv-13489; *Redman*, 1:14-cv-13493; *Ross*, 1:14-cv-13494; *Reinhardt*; 1:14-cv-13495; *Jackson*, 1:14-cv-13661; *Pinkstaff*, 1:14-cv-13719; and *Calvo-Nelson*, 1:14-cv-13734; *Lambert*, 1:13-cv-10351. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**LIBERTY INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFFS' STEERING**
**COMMITTEE'S RULE 56(d) RESPONSE TO ITS**
**<u>MOTIONS FOR SUMMARY JUDGMENT</u>**

## I.     INTRODUCTION

Liberty Industries, Inc. ("Liberty") hereby opposes the Plaintiffs' Steering Committee's ("PSC") response pursuant to Fed.R.Civ.P. 56(d) ("Rule 56(d) Request") to Liberty's Omnibus Motion for Summary Judgment in Cases Filed By Plaintiffs Injected In Indiana [Dkt. Nos. 1471, 1472, 1473] and Liberty's Motion for Summary Judgment in Lambert v. Liberty Industries, Inc., et al., 1:13-cv-10351 [Dkt. No. 1401].  Because there is no evidence to support the plaintiffs' claims asserted against Liberty in the above-identified lawsuits, Liberty's motions seek summary judgment in its favor in each of those cases.  In response to Liberty's summary judgment motions, the PSC has filed a Rule 56(d) Request asking the Court to defer ruling on Liberty's motions and permit the PSC to conduct additional discovery.  Notably, the PSC has not filed an opposition to Liberty's summary judgment motions.  Because the PSC has wholly failed to demonstrate any basis for believing that facts exist that would influence the outcome of Liberty's summary judgment motions, the Court should deny the PSC's Rule 56(d) Request and, given the absence of an opposition to Liberty's motions, should grant summary judgment in favor of Liberty.

## II.    FACTUAL BACKGROUND

Liberty hereby incorporates by reference its Statements of Undisputed Material Facts contained in its Memoranda of Law In Support of Its Motions for Summary Judgment.

## III.   RULE 56(d) STANDARD

Relief under Rule 56(d) is not granted as a matter of course.  Rather, in order to gain the benefit of Rule 56(d), the party opposing the summary judgment motion must sufficiently establish "by affidavit or declaration" that 'it cannot present facts essential to justify its opposition." Rule 56(d).  The PSC has not done so.  In addition, the PSC must establish the

1

following:  (i) good cause for its inability to have discovered the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.  See Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007); Nieves–Romero v. U.S., 715 F.3d 375, 381 (1st Cir.2013) (citing Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir.2004)).  Further, the timeliness of a party's request under Rule 56(d) does not guarantee its success.  In fact, in the absence of a demonstration that specified material facts likely exist, the Rule 56(d) request should be denied, even if the motion for summary judgment was filed early in the proceedings and discovery has not yet concluded.  See Mowbray v. Waste Mgmt. Holdings, Inc., 45 F.Supp.2d 132, 142 (D.Mass. 1999) ("[T]imeliness alone does not guarantee the success of a Rule 56[(d)] motion.  In addition, the moving papers must contain a proffer which, at a bare minimum, articulates a plausible basis for the movant's belief that previously undisclosed or undocumented facts exist, that those facts can be secured by further discovery, and that, if obtained, there is some credible prospect that the new evidence will create a trialworthy issue."); see also Nieves–Romero, 715 F.3d at 380 ("the fact that discovery is still open does not bar a district court from resolving a fully briefed summary judgment motion").

     The standard for relief under Rule 56(d) requires that the party opposing summary judgment raise the plausibility of specified material facts.  As such, "[a] 'Rule 56[(d)] affidavit [that] merely conjectures that something might be discovered but provides no realistic basis for believing that further discovery would disclose evidence' is insufficient to delay summary judgment."  Mowbray, 45 F.Supp.2d  at 143 (quoting Mattoon v. City of Pittsfield, 980 F.2d 1, 8 (1st Cir.1992)); see also Rivera–Torres, 502 F.3d at 12 (1st Cir.2007) ("[s]peculative

conclusions, unanchored in facts, are not sufficient to ground a Rule 56[(d)] motion."). For instance, in Mowbray, the court addressed a defendant's Rule 56(d) request in response to a motion for summary judgment brought against it on a breach of contract claim. Mowbray, 45 F.Supp.2d at 141-44. The court denied the defendant's Rule 56(d) request on the grounds that the defendant had been in possession of thousands of documents relating to the claim at issue for several months, and based on those documents, had failed to establish a basis for believing that material facts likely exist. Id. Accordingly, the court concluded that "[a]llowing a continuance in such a case would undermine the entire summary judgment procedure." Id. at 143.

The PSC has failed to meet its burden for relief under Rule 56(d). As set forth below, it has failed to establish good cause for its inability to discover facts earlier in the proceedings. Further, it has failed to identify a single specified material fact that probably exists that would defeat Liberty's motions for summary judgment. Accordingly, the PSC's Rule 56(d) Request must be denied, and given the absence of an opposition to Liberty's summary judgment motions, summary judgment in favor of Liberty must enter.

## IV.     LEGAL ARGUMENT

**A.     The PSC Has Failed to Show by Affidavit or Declaration That, For Specified Reasons, It Cannot Present Facts Essential to Justify Its Opposition to Liberty's Motions for Summary Judgment.**

Rule 56(d) requires that the party opposing summary judgment establish "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d). In support of its Rule 56(d) Request, the PSC has proffered only the declaration of Marc Lipton, the member of the PSC who is principally in charge of developing the case against Liberty. It has provided no other affidavits or declarations to support its request.

3

Mr. Lipton's declaration is insufficient under the requirements of Rule 56(d). It fails to set forth any specified reasons, as required by Rule 56(d), to justify the PSC's failure to assemble facts to oppose Liberty's motions. Rather, the declaration merely sets forth the same general allegations against Liberty that are contained in the Master Complaint filed by the PSC on November 5, 2013 and then indicates that the PSC "needs additional discovery to investigate and/or prove" those allegations. Mr. Lipton's declaration fails to provide any specified reasons as to why the PSC has been unable to prove those allegations in the year since it filed the Master Complaint or why the discovery it has conducted in this matter to date has been insufficient to prove those allegations.[1] In light of the PSC's failure to meet the basic requirements of Rule 56(d), its Rule 56(d) Request must be denied.

B.  **The PSC Has Also Failed to Identify Any Specified Material Fact That Likely Exists That Would Defeat Liberty's Motions for Summary Judgment.**

The PSC has failed to identify a single discoverable material fact that likely exists that would defeat Liberty's motions for summary judgment. See Rivera-Torres, 502 F.3d at 12 (Rule 56(d) requires demonstration of "plausible basis for a belief that [additional discovery] would lead to material facts that might defeat summary judgment"). Rather, in seeking additional discovery, the PSC merely recites the same baseless allegations against Liberty that are contained in the Master Complaint filed by the PSC on November 5, 2013. It then bases its entire request for relief under Rule 56(d) on certain documents, attached as Exhibits 1-6 to its Rule 56(d) Request. None of these documents supports the claims asserted against Liberty, and, therefore, they provide no basis for believing that material facts against Liberty likely exist.

---

[1] See section IV.C., infra, regarding the discovery conducted by the PSC to date, including Liberty's response on July 29, 2013 to a subpoena served upon it by the PSC, wherein Liberty produced all documents in its possession, consisting of at least 9,921 pages, regarding its work at the New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") facility.

4

Accordingly, the PSC's Rule 56(d) Request is based on nothing more than pure speculation and conjecture, and it must be denied.

The PSC attaches six documents to its Rule 56(d) Request that it contends establish a plausible basis for believing that material facts against Liberty exist. They include:

(1) email correspondence in March, 2008 (attached as Exhibit 1 to PSC's Rule 56(d) Request);

(2) a facsimile dated November 22, 2005 (attached as Exhibit 2 to PSC's Rule 56(d) Request);

(3) correspondence dated November 21, 2005 (attached as Exhibit 3 to PSC's Rule 56(d) Request);

(4) ISO Standard 14644-4 (attached as Exhibit 4 to PSC's Rule 56(d) Request);

(5) email correspondence dated July 10, 2006 (attached as Exhibit 5 to PSC's Rule 56(d) Request); and

(6) photographs taken during post-outbreak inspection of the NECC facility in December, 2012 (attached as Exhibit 6 to PSC's Rule 56(d) Request).

Each document is addressed, in turn, below.

Exhibits 1 and 2 to the PSC's Rule 56(d) Request pertain to cleanrooms in which the contaminated methylprednisolone acetate ("MPA") was indisputably <u>not</u> compounded. Exhibit 1 to the PSC's Rule 56(d) Request is email correspondence from March, 2008 that pertains <u>solely</u> to the cleanroom built by Liberty in 2008. Exhibit 2 to the PSC's Rule 56(d) Request is a facsimile dated November 22, 2005 that pertains <u>solely</u> to the wall system used in the cleanroom built by Liberty in 2005. Neither document is relevant in this matter. Liberty built certain portions of three cleanrooms (walls and ceilings) for NECC and/or Ameridose in 2005, 2006,

and 2008.  See Affidavit of Jeffrey Erickson ("Erickson Aff."), attached as Exhibit A to Liberty's Motions for Summary Judgment, ¶¶ 1, 2.  As Liberty has stated in its motions for summary judgment, and as the PSC has not disputed, the PSC cannot prove in which cleanroom the contaminated MPA was compounded.  It is, however, undisputed that there is no indication that the contaminated MPA was compounded in the 2005 or 2008 cleanrooms built by Liberty.  Id. at ¶ 13.  Accordingly, any document or other evidence that relates to the 2005 cleanroom or the 2008 cleanroom is irrelevant in this matter.  Because neither Exhibit 1 nor Exhibit 2 to the PSC's Rule 56(d) Request pertains to a cleanroom for which there can be any proven connection to the subject contaminated MPA, they are immaterial and do not provide any basis for believing that material facts against Liberty likely exist.

Exhibits 3, 4, and 5 to which the PSC cites in support of its Rule 56(d) Request include correspondence from Liberty to NECC dated November 21, 2005, outlining Liberty's proposal for construction of the 2006 cleanroom; ISO Standard 14644-4; and an email from Liberty to NECC dated July 10, 2006, respectively.  None of these documents establishes a basis for believing that material facts against Liberty likely exist.  As set forth in Liberty's motion for summary judgment, the contract between Liberty and NECC for the 2006 cleanroom required Liberty to provide a cleanroom that complied with the requirements of ISO Standard 14644-1. Id. at ¶¶2, 7.  The 2006 cleanroom built by Liberty passed certification under the applicable ISO Standard 14644-1 after construction and was certified as compliant under ISO Standard 14644-1 every six months, including as late as June 22, 2012, just prior to the subject outbreak.  Id. at ¶¶10, 11, 29.  As such, the evidence unequivocally demonstrates that when Liberty delivered the 2006 cleanroom and NECC accepted it, the cleanroom was in compliance with the requirements

set forth in the applicable contract between Liberty and NECC and was fully-functioning and regulation-compliant.

Despite this, the PSC distorts Exhibits 3, 4, and 5 in an attempt to imply that Liberty may have acted improperly in scheduling the certification of the 2006 cleanroom. Exhibits 3, 4, and 5 offer no support to the PSC in this regard. Instead, they indicate that Liberty arranged for the 2006 cleanroom to be certified <u>at NECC's direction</u>. Specifically, Exhibit 5 to the PSC's Rule 56(d) Request is an email from Liberty to NECC dated July 10, 2006. In that email, Liberty expressly states to NECC that it "is scheduling the certification at your direction." Further, although Liberty was concerned that the certification testing may have been premature, NECC instructed Liberty to proceed with the certification as scheduled, and in fact, the 2006 cleanroom passed and was certified as compliant with the applicable ISO Standard 14644-1. <u>Id.</u> at ¶11, n. 2. Accordingly, all of the evidence, including Exhibits 3, 4, and 5, unequivocally demonstrates that Liberty complied with all of its obligations with respect to the 2006 cleanroom and delivered it in fully-functioning and regulation-compliant condition. The PSC's reliance on Exhibits 3, 4, and 5 is misplaced as they offer no basis for believing that material facts to the contrary exist.

Exhibit 6 to the PSC's Rule 56(d) Request is photographs taken during post-outbreak inspection of the NECC facility. These photographs document conditions at the NECC facility at the time of inspection in December, 2012, <u>not</u> at the time that Liberty completed construction and delivered the cleanrooms to NECC and/or Ameridose. As Liberty has stated in its summary judgment motions, significant modifications were made to the cleanrooms after Liberty delivered them to NECC and/or Ameridose. <u>Id.</u> at ¶¶19, 22. In fact, Liberty has stated that during post-outbreak inspection of the NECC facility, it observed several conditions, including those documented in these photographs, that were <u>not</u> present at the time that Liberty completed its

7

work at the NECC facility.  Id.   The PSC has put forth no evidence, and there is no basis for believing such evidence exists, that would suggest that the conditions documented in these photographs, which were not observed until several years after Liberty completed work at the NECC facility, were present at the time that Liberty completed construction of the cleanrooms and delivered them to NECC and/or Ameridose.  Id.  Accordingly, the photographs contained in Exhibit 6 provide no support for the claims asserted against Liberty and do not provide a basis for believing that material facts against Liberty are likely to exist.

Once the above-referenced exhibits to the PSC's Rule 56(d) Request are disregarded as immaterial, the PSC's Rule 56(d) Request is reduced to the same unsubstantiated allegations contained in the Master Complaint.  Those conclusory allegations, without any demonstrated basis in fact, do not provide a basis for relief under Rule 56(d).  See Rivera-Torres, 502 F.3d at 12 ("[s]peculative conclusions, unanchored in facts, are not sufficient to ground a Rule 56[(d)] motion").  Accordingly, the PSC's Rule 56(d) Request must be denied.

**C.    The PSC Has Also Failed to Demonstrate Good Cause for Its Failure to Have Discovered Facts to Oppose Liberty's Motions for Summary Judgment Earlier in the Proceedings.**

The PSC also has failed to demonstrate the requisite good cause for its failure to have discovered facts to oppose Liberty's motions for summary judgment earlier in the proceedings. See Rivera-Torres v. Rey-Hernandez, 502 F.3d at 10 (party seeking relief under Rule 56(d) must establish "good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings").  The PSC first focused its attention on Liberty sixteen months ago when in June, 2013, it served a subpoena upon Liberty in this matter.  See Affidavit of Nicole D. Dorman, Esq., attached hereto as Exhibit A, ¶2.  Liberty responded to that subpoena on July 29, 2013 and provided the PSC with a CD containing all documents in its possession, consisting of

8

at least 9,921 pages, relating to the three cleanrooms it built at the NECC facility.  Id. at ¶3. Those documents included all documents pertaining to the work performed by Liberty at the NECC facility and all documents evidencing communications between Liberty and NECC and/or Ameridose and/or other contractors or subcontractors regarding work at the NECC facility.  Id. at ¶4.  Accordingly, the PSC has been possession of all of Liberty's documents, in electronic format, relating to this matter for fifteen months.  Based on those documents, the PSC has failed to adduce a single issue of material fact to defeat Liberty's summary judgment motions.

     Now, the PSC, faced with Liberty's motions for summary judgment, claims that it needs additional time to assemble facts against Liberty.  It specifically claims that it needs additional time to obtain expert testimony, contending that such testimony is "imperative to determine the impact that any design and construction defects had on the integrity of the cleanrooms themselves."  Yet, the PSC had experts inspect the NECC facility in December, 2012, and following that inspection, made the allegations it now claims it cannot yet prove in the Master Complaint filed against Liberty on November 5, 2013.  Apart from the Fed.R.Civ.P. 11 implications of the chronology of events, it is clear the PSC remains in search of the basis for a claim against Liberty despite the passage of more than sixteen months since the PSC first focused on Liberty and served the subpoena on it in June, 2013.  Further, in the fifteen months since Liberty responded to that subpoena and produced all of its documents to the PSC, the PSC has had more than ample time to retain an expert to review Liberty's documents and opine on any alleged design or construction defects in the cleanrooms and the impact thereof.   The PSC's lack of an expert at this stage only indicates its inability to prove its claims.

Accordingly, having failed to demonstrate the requisite good cause for its failure to have discovered necessary facts earlier in the proceedings, the PSC's Rule 56(d) Request must be denied.

**D.     The PSC Has Also Failed to Demonstrate How the Requested Discovery Will Affect the Outcome on Liberty's Motions for Summary Judgment.**

The PSC has also failed to demonstrate how the discovery that it requests in its Rule 56(d) Request will affect the outcome on Liberty's motions for summary judgment. In addition to the expert discovery discussed above, the PSC also seeks to take the deposition of Jeffrey Erickson, Liberty's Engineering Manager who provided an affidavit in support of Liberty's motions for summary judgment. The PSC, however, has failed to set forth any facts it is likely to glean from the deposition that would contradict the facts set forth in Mr. Erickson's affidavit.

One can imagine that the PSC intends to question Mr. Erickson regarding the documents that it has attached as exhibits to its Rule 56(d) Request. However, as discussed above, none of those documents offers any facts to support the PSC's claims against Liberty. Further, Mr. Erickson, in his affidavit, has already addressed each of the arguments raised by the PSC by referring to the actual facts.  <u>See</u> Erickson Aff., ¶¶1, 2, 13 (with respect to Exhibits 1 and 2 to PSC's Rule 56(d) Request, stating no indication that contaminated MPA was compounded in the 2005 and 2008 cleanrooms to which these exhibits pertain); Erickson Aff., ¶¶2, 7, 10, 11, 29 (with respect to Exhibits 3, 4, and 5 to PSC's Rule 56(d) Request, providing evidence of compliance of 2006 cleanroom with standards set forth in contract with NECC); Erickson Aff., ¶¶19, 22 (with respect to Exhibit 6 to PSC's Rule 56(d) Request, stating that conditions documented at post-outbreak inspection differed from those present when Liberty delivered the cleanrooms and NECC and/or Ameridose accepted them). Therefore, deposition testimony from

Mr. Erickson will not and cannot affect the outcome of Liberty's summary judgment motions.[2] See Pina v. Children's Place, 740 F.3d 785, 795 (1st Cir. 2014) (upholding denial of Rule 56(d) request that was based on speculation regarding veracity of affiant because "[n]otably lacking from this speculation as to…veracity is any plausible basis for the court to conclude that specified, material facts probably existed…[and therefore, the] asserted desire to 'explore' is perhaps more accurately characterized as a desire to 'fish,' and…falls well short of establishing entitlement to Rule 56(d) relief").

## V.   CONCLUSION

As set forth above, the PSC has wholly failed to establish the requirements for relief under Rule 56(d).  Instead of identifying the likely existence of sought-after facts that would defeat Liberty's motions for summary judgment, the PSC has merely recited the same baseless allegations against Liberty that are contained in the Master Complaint that it filed against Liberty a year ago.  While the PSC claims the need for additional discovery from Liberty and experts, it has failed to show any plausible basis to believe that said discovery will likely adduce facts to defeat Liberty's motions for summary judgment.

Despite these fundamental deficiencies in its request, the PSC asks that a ruling on Liberty's motions for summary judgment be delayed.  The PSC's request is nothing more than a stalling tactic that, if granted, will waste both the parties' and the Court's resources.  Further, in the event that the PSC's request is granted, it will operate to prejudice not only Liberty, who will be forced into bankruptcy proceedings, but also the plaintiffs, who will be denied any recovery as a result of those proceedings.  For the foregoing reasons, the PSC's Rule 56(d) Request must

---

[2] Liberty has agreed to produce Mr. Erickson as well as Robert Kaiser, the President of Liberty, for depositions on November 18, 2014.  The scheduling of those depositions, however, should not delay a ruling on Liberty's motions for summary judgment.  Because the PSC has failed to meet its burden under Rule 56(d), it is not entitled to defer a ruling on Liberty's summary judgment motions.  In addition, because it has failed to file any opposition to Liberty's summary judgment motions, Liberty's motions must be allowed.

be denied. Additionally, because the PSC has failed to file an opposition to Liberty's motions for summary judgment, summary judgment in favor of Liberty must enter.

For all of the foregoing reasons, Liberty respectfully requests that the Court deny the PSC's Rule 56(d) Request. Further, given the absence of an opposition to Liberty's summary judgment motions, Liberty respectfully requests that the Court grant summary judgment in favor of Liberty.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | LIBERTY INDUSTRIES, INC., <br> By its attorneys, |
|  | */s/ Peter G. Hermes* <br> Peter G. Hermes, BBO No. 231840 <br> phermes@hermesnetburn.com <br> Scott S. Spearing, BBO No. 562080 <br> sspearing@hermesnetburn.com <br> Kara A. Loridas, BBO No. 681727 <br> kloridas@hermesnetburn.com <br> HERMES, NETBURN, O'CONNOR <br> & SPEARING, P.C. <br> 265 Franklin Street, 7th Floor <br> Boston, MA 02110 <br> (617) 728-0050 (T) |
| Dated: November 14, 2014 | (617) 728-0052 (F) |

**CERTIFICATE OF SERVICE**

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on November 14, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes

G:\DOCS\KAL\Liberty Industries\Pleadings\Oppn. PSC Rule 56(d) Response.docx