UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PROCUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    All Tennessee Actions Against The<br>    St. Thomas Entities. | )<br>)<br>)<br>) MDL No.: 2419<br>) Master Docket No.: 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF BENJAMIN A. GASTEL

Benjamin A. Gastel declares, under penalty of perjury on the date identified below, as follows:

1. I am an attorney at Branstetter, Stranch, and Jennings, PLLC, and our firm sits on the Plaintiffs' Steering Committee "(PSC") in the above-referenced lawsuit (the "MDL"). I make this declaration in support of the contemporaneously filed Plaintiffs' Steering Committee's Motion to Compel the St. Thomas Entities[1] To Respond To Certain Interrogatories (the "Motion").

2. The PSC originally served its initial common discovery requests on the St. Thomas Entities on or around October 9, 2013. The St. Thomas Entities provided initial responses on or around December 11, 2013, copies of which are attached hereto as Exhibits 1-3. The PSC sent an initial discovery deficiency letter on April 17, 2014 identifying certain deficiencies in the St. Thomas Entities' December 11, 2013 discovery responses, a copy of this letter is attached hereto as Exhibit 4. The parties then held discovery conferences on or around

---

[1] The Defendants Saint Thomas West Hospital, formerly known as St. Thomas Hospital ("[Saint Thomas Hospital]"), Saint Thomas Health ("[Saint Thomas Health]"), and Saint Thomas Network ("STN") are collectively referred to as the "St. Thomas Entities".

May 5 and 6, 2014 and again on August 4, 2014 to discuss the identified deficiencies in the original discovery responses.

3. During these meet and confer sessions, the parties were able to reach agreement on certain items, and the St. Thomas Entities agreed to supplement their initial responses upon the Court entering a common discovery order. The Court entered its Common Discovery Order on September 18, 2014. Thereafter, the St. Thomas Entities supplemented their discovery responses on November 10, 2014, but the parties continued to disagree as to the scope of discovery at issue.

4. Relevant portions of discovery responses served in a state court action related to the fungal meningitis outbreak involving the St. Thomas Entities is attached hereto as Exhibit 5.[2]

5. A copy of the name tag of Ms. Sherri DeZwaan is attached hereto as Exhibit 6.

6. The PSC also conducted several meet and confers under the Court's ESI Protocol. That meet and confer resulted in the St. Thomas Entities and the PSC agreeing to initial search terms and exclusion criteria and counsel for the St. Thomas Entities has indicated that the St. Thomas Entities may begin producing electronically stored information, and may in fact complete the initial production, by early to mid-December.

7. During the meet and confer process, the St. Thomas Entities took issue with the PSC's interrogatory's characterization of Mr. Kelvas' separation from Saint Thomas Hospital as a "termination" but the parties eventually agreed that the St. Thomas Entities could answer the interrogatory by rephrasing their answer to correspond to the St. Thomas Entities' understanding of this separation, which they characterized during the meet and confer sessions as a "reduction in force."

---

[2] *Wayne A. Reed, et al., v. Saint Thomas Outpatient Neurosurgical Center, LLC, et al.*; Davidson County Circuit Court Case No. 13C417

Executed on this 19th day of November, 2014, in Nashville, Tennessee.

/s/ Benjamin A. Gastel
Benjamin A. Gastel