## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | |
| | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) | Dkt. No 1:13-md-2419 (RWZ) |
| | ) | |
| All Suits Against the Saint Thomas Entities | ) | |
| | ) ) ) ) | |

## SAINT THOMAS ENTITIES' MOTION FOR CLARIFICATION REGARDING LIBERTY INDUSTRIES, INC.'S SUMMARY JUDGMENT BRIEFING

The Saint Thomas Entities[1] file this motion for clarification regarding the Omnibus Motion for Summary Judgment filed by Liberty Industries, Inc. ("Liberty") [Dkt. No. 1471] and related briefing [Dkt. No. 1518].

Liberty's motion for summary judgment does not concern any case in which the Saint Thomas Entities are parties.  Accordingly, as non-parties to those proceedings, the Saint Thomas Entities lack standing to participate in that briefing.  However, the Saint Thomas Entities have asserted in their cases that to the extent they have any liability for Plaintiffs' injuries, Liberty shares comparative fault for the injuries.  The Saint Thomas Entities are thus proceeding separately with discovery against Liberty and developing evidence relating to Liberty's fault.

Liberty designed and built the cleanrooms in which the lots of methylprednisolone acetate at issue were compounded.  The Saint Thomas Entities allege that Liberty's negligent and defective design and construction, combined with NECC's failure to follow appropriate compounding practices and other parties' failure to follow proper cleaning practices, combined

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

- 1 -

to proximately cause the contamination that led to the nationwide meningitis outbreak.  To date, none of the evidence of Liberty's fault has been provided to the Court in the pending summary judgment proceedings.

Given this procedural posture, the Saint Thomas Entities do not believe a ruling on Liberty's pending motion can affect their comparative fault allegations against Liberty and request that the Court expressly limit its decision to the cases in which the motion was filed.

However, if the Court intends for its ruling to have a broader effect, the Saint Thomas Entities request the opportunity, as non-parties to those proceedings, to substantively respond to the motion.  In addition, the Saint Thomas Entities request the opportunity to conduct additional discovery before responding, including without limitation on the following issues:

- Liberty's responsibilities with respect to designing a clean room intended for aseptic, sterile compounding, including NECC's and Ameridose's understanding of such obligations;

- Liberty's representations to NECC and Ameridose regarding its experience and qualifications in building clean rooms for use in aseptic, sterile compounding;

- How Liberty "proved" that the "concept" of an open conveyor belt into a clean room environment where aseptic, sterile compounding was occurring "worked" (see attached exhibit "A");

- The circumstances under which Liberty designed and sold to NECC a "temporary" pass-through that did not include an automatic sliding door; and

- Whether Liberty ever disclosed to NECC or Ameridose that known defects in the clean room it designed and installed could have been corrected if only they had asked (see Exhibit "B").

Therefore, the Saint Thomas Entities request that the Court grant their motion for clarification and expressly note in its order adjudicating Liberty's motion for summary judgment that such order has no effect on the comparative fault allegations of the Saint Thomas Entities. Alternatively, the Saint Thomas Entities request that the Court provide them an opportunity to participate in the briefing after they have been provided an opportunity to obtain further discovery as outlined herein.

Dated: December 1, 2014

By their attorneys,

 */s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

FULBRIGHT & JAWORSKI LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## CERTIFICATE OF CONFERENCE

I certify that counsel for the Plaintiffs' Steering Committee and Liberty Industries, Inc. were contacted regarding whether they opposed the relief requested in this motion for clarification. Counsel could not narrow or resolve the issues presented in this motion.

/s/ Sarah Kelly
Sarah P. Kelly

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 1st day of December, 2014.

/s/ Sarah Kelly
Sarah P. Kelly

2689916.1