**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Tennessee Actions Against Ascension. | Judge Rya Zobel |

**PLAINTIFFS' STEERING COMMITTEE'S OPPOSITION TO ASCENSION'S MOTION FOR FED. R. CIV. P. 54(b) CERTIFICATION**

The Plaintiffs' Steering Committee (the "PSC") hereby files this Opposition to Defendants Ascension Health and Ascension Health Alliance's (collectively "Ascension") Motion requesting Fed. R. Civ. P. 54(b) Certification (Dkt. No. 1521, the "Motion"). Ascension requests that the Court enter final judgment as to the Court's August 29, 2014 Order (the "Order") finding that the plaintiffs had failed to state a claim for vicarious liability against Ascension.[1]

**RELEVANT BACKGROUND**

Ascension is the parent company of Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively, the "Saint Thomas Entities"), a large hospital network operating in and around Nashville, Tennessee. Certain Tennessee plaintiffs injected at the Saint Thomas Outpatient Neurosurgical Center ("Saint Thomas Clinic") named Ascension as a defendant in cases pending in this MDL. According to the Food and Drug Administration, the

---
[1] Dkt. No. 1360 at P. 49-50.

1

Saint Thomas Clinic was the single largest customer of New England Compounding Center d/b/a New England Compounding Pharmacy ("NECC") during the period of contamination.[2]

In the Order, the Court held that plaintiffs had stated a claim for vicarious liability against the Saint Thomas Entities but determined that vicarious liability claims against Ascension must be dismissed for failure to state a claim.[3] The vicarious liability claims against Ascension substantially alleged that Ascension was liable for the actions of the Saint Thomas Clinic by and through the actions of the Saint Thomas Entities.[4] The vicarious liability claims against the Saint Thomas Entities principally allege that the Saint Thomas Entities are liable for the actions of Saint Thomas Clinic given the interrelatedness of the entities and the ostensible agency relationship between Saint Thomas Entities and the Saint Thomas Clinic.[5]

Claims involving patients injected at the Saint Thomas Clinic continue to pursue those claims against the Saint Thomas Entities and the Saint Thomas Clinic and are just now beginning to develop the factual record to support the vicarious liability claims against the Saint Thomas Entities, which necessarily substantially overlap with the vicarious liability claims asserted against Ascension.[6]

## ARGUMENT

Rule 54(b) allows for the entry of separate and final judgment as to one or more but fewer than all parties in multiparty actions when: (1) All claims have been decided as to the

---

[2] *See* https://docs.google.com/spreadsheets/d/13IuSQSkM2cd_Ip7yPkDwUijInv1LqofDQtlkZKjnn88/edit#gid=0.

[3] Dkt. No. 1360 at 49-50.

[4] Ascension is not named in the Master Complaint. For a representative complaint alleging claims against Ascension, the PSC directs the Court's attention to the complaint filed in *Scott v. Ameridose*, Case No. 13-cv-12578, Dkt. No. 1 at ¶¶ 246-248 (the "*Scott* Complaint").

[5] The Saint Thomas Entities are not named in the Master Complaint. For a representative complaint alleging claims against the Saint Thomas Entities, the PSC directs the Court's attention to *Scott* Complaint. *Scott* Complaint at ¶¶ 234-245. Plaintiffs also have direct claims against the Saint Thomas Entities, but for purposes of this Motion, this distinction is immaterial.

[6] *See generally Scott* Complaint at ¶¶ 234-248.

moving party (finality); (2) Substantial interrelationship or overlapping of legal and factual issues among the dismissed and pending claims does not exist; and (3) The granting of the motion will not create piecemeal appellate review.[7] In *Credit Francaise Int'l, S.A.* the First Circuit stated:

> In its critical role as a Rule 54(b) "dispatcher," the district court is to consider the strong judicial policy disfavoring piecemeal appellate review by carefully comparing the dismissed and the unadjudicated claims for indications of substantial overlap to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact, to the detriment of judicial efficiency.[8]

In deciding whether there are just reasons to delay appeal of individual final judgment under Rule 54(b), District Court must take into account judicial administrative interests as well as equities involved, consideration of such interests being necessary to assure that application of Rule 54 effectively preserves historic federal policy against piecemeal appeals; court may also consider such factors as whether claims are separable from others remaining to be adjudicated, and whether claims are such that no appellate court will have to decide same issues more than once even if there are subsequent appeals.[9]

In light of the foregoing, it is clear that the trial court has substantially discretion in exercising its power under Rule 54(b) and that it should be guided by the long-standing federal policy against piecemeal appeals, especially when there remains overlap between the legal and

---

[7] *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996).  For purposes of this Motion, the PSC concedes the "finality" of the Court's decision to dismiss Ascension in its entirety and challenges the Rule 54(b) strictly on the remaining two factors.

[8] *Id*.; *see also Kersey v. Dennison Manufacturing Company*, 3 F.3d 482, 487 (1993).

[9] *See Curtiss-Wright Corp. v General Elec. Co.* 446 US 1 (1980); *see also Sears, Roebuck & Co. v Mackey* 351 US 427 (1956).

factual issues between the claims sought to be appealed and the pending claims remaining in the litigation.[10]

Here, there is substantial overlap between the vicarious liability claims against Ascension that were dismissed and the vicarious liability claims that remain against the Saint Thomas Entities.[11]  Ascension's liability in this case is necessarily dependent upon and determined by the Saint Thomas Entities' liability, and therefore overlaps with the claims still being pursued in this litigation and over which only limited discovery to date has occurred.

Accordingly, the PSC maintains that the Court should refrain from entering final judgment as to the liability of Ascension until and unless a final judgment is rendered as to the Saint Thomas Entities' liability in this action.  This would avoid the piecemeal appellate review of overlapping issues that Rule 54(b) is designed to prevent and is consistent with longstanding federal policy of avoiding these types of piecemeal appellate processes.[12]

The First Circuit has held that when "the dismissed and surviving claims are interlocking, only unusual and compelling circumstances . . . [can] dictate[] entry of an early, separate judgment on the dismissed part of the case."[13]  Here, Ascension has failed to carry its burden that this case presents the unusual and compelling circumstances justifying a separate judgment on the dismissed part of this case.

---

[10] *Credit Francais*, 78 F.3d 698 at 706; *see also* Panichella v Pennsylvania R. Co. 252 F2d 452 (3rd Cir. 1958) (holding that when ruling on a request under Rule 54(b), a trial judge must exercise considered discretion weighing overall policy against piecemeal appeals against exigencies of instant case, and separate appeal should be allowed only in infrequent harsh cases).

[11] *See Scott* Complaint ¶¶ 236-248.

[12] *See Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. Mass. 1988) ("The interleaving of adjudicated and unadjudicated counts in this case is such that permitting a judgment to enter was plainly premature. There has been no demonstration whatever…that the costs and risks of multiplying the proceedings and of overcrowding the appellate docket are outbalanced by any combination of properly cognizable factors.") (internal quotations and citations omitted).

[13] *Id*. at 45.

## **CONCLUSION**

Accordingly, the PSC respectfully requests that the Court deny the Motion and only consider granting Ascension the relief requested when and if a final judgment against the Saint Thomas Entities is also entered.

Dated: December 1, 2014

Respectfully submitted,

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiff's Steering Committee and TN State Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcentercom

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: December 1, 2014

**/s/ Benjamin A. Gastel**
Benjamin A. Gastel