**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All Suits Against the Saint Thomas Entities | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**LIBERTY INDUSTRIES, INC.'S RESPONSE TO**
**SAINT THOMAS ENTITIES' MOTION FOR CLARIFICATION REGARDING**
**LIBERTY'S INDUSTRIES, INC.'S SUMMARY JUDGMENT BRIEFING**

Liberty Industries, Inc. ("Liberty") hereby files this response to the Saint Thomas Entities'[1] Motion For Clarification Regarding Liberty's Summary Judgment Briefing.  Saint Thomas Entities' motion requests that the Court, in issuing its order adjudicating Liberty's Omnibus Motion for Summary Judgment in Cases Filed by Plaintiffs Injected in Indiana [Dkt. No. 1471], expressly note that the order has no effect on the comparative fault allegations asserted by the Saint Thomas Entities against Liberty in other cases.  For the reasons set forth below, Liberty does not contend that an order allowing Liberty's Motion for Summary Judgment would have a preclusive effect on the Saint Thomas Entities' comparative fault allegations against Liberty.

Liberty's Motion for Summary Judgment seeks summary judgment on the claims asserted against Liberty by plaintiffs injected with contaminated methylprednisolone acetate ("MPA") in Indiana.[2]  It does not seek summary judgment with respect to any comparative fault

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.
[2] Appendix I to the motion contains a list of the cases to which the motion pertains.

allegations of the Saint Thomas Entities.  In fact, as the Saint Thomas Entities point out, they are

not parties to any case to which Liberty's Motion for Summary Judgment applies.  As non-

parties to the applicable cases, the grant of summary judgment in favor of Liberty in those cases

should not have an effect on the allegations asserted by the Saint Thomas Entities in other cases

in MDL No. 2419.  See Zachary B. Savage, Scaling Up:  Implementing Issue Preclusion in Mass

Tort Litigation Through Bellwether Trials, 88 N.Y.U. L. REV. 439, 454 (2013) ("[o]n occasion,

consolidated parties do agree in advance of a bellwether trial to be bound by its results, but

without such agreements, trials generally cannot exert preclusive effect over anyone other than

their named parties.") [emphasis added]; see also, e.g. Silivanch v. Celebrity Cruises, Inc., 333

F.3d 355, 359 (2d Cir. 2003) (allowing bellwether to have binding effect on non-parties only

where plaintiffs and defendants had agreed to resolve the entire matter using a bellwether trial);

DeLuca by DeLuca v. Merrell Dow Pharm., Inc., 911 F.2d 941, 952 (3d Cir. 1990) ("[p]rinciples

of issue preclusion have not developed to the point where we may bind plaintiffs by the finding

of previous proceedings in which they were not parties, even by a proceeding as thorough as the

multidistrict common issues trial").

　　　　Therefore, to the extent the Court is inclined to allow the Saint Thomas Entities' motion,

Liberty does not contend that the Court's ruling on Liberty's Motion for Summary Judgment

should have an effect on the Saint Thomas Entities' comparative fault allegations.

Respectfully submitted,
LIBERTY INDUSTRIES, INC.,
By its attorneys,


*/s/ Peter G. Hermes*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Kara A. Loridas, BBO No. 681727
kloridas@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
Dated:  December 2, 2014          (617) 728-0052 (F)


## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on December 2, 2014.


*/s/ Peter G. Hermes*
Peter G. Hermes


G:\DOCS\KAL\Liberty Industries\Pleadings\Response Saint Thomas Mot. Clarification SJ.docx