UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: Suits Naming the Tennessee Clinic Defendants | ) ) ) ) ) ) ) ) ) ) |

MDL No. 2419
Dkt. No 1:13-md-2419 (RWZ)

## MOTION ALLOWING JOINDER IN SAINT THOMAS ENTITIES' MOTION FOR CLARIFICATION [1567]

### *or, in the alternative,*

## MOTION FOR ORDER HOLDING THAT SUMMARY JUDGMENT FOR LIBERTY INDUSTRIES, INC. DOES NOT PRECLUDE TENNESSEE CLINIC DEFENDANTS FROM PROVING COMPARATIVE FAULT OF NON-PARTY LIBERTY IN TENNESSEE CASES

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants") move the Court for the following relief:

1. For permission to join in the request for relief made by the Saint Thomas Entities[1] at Dkt. 1567.

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

    2. A provision in any order granting Liberty summary judgment holding that the grant of summary judgment does not preclude the Tennessee Clinic Defendants from proving Liberty's comparative fault as a defense in the Tennessee actions.

## Introduction

The following procedural background is important to this motion:

1. The moving parties are defendants in 100+ suits presently pending in the MDL.

2. On September 30, 2014, the Tennessee Clinic Defendants filed representative answers and a Master Answer, setting out the Tennessee Clinic Defendants' responses and affirmative defenses to the Plaintiffs' collective Complaints.[2]

3. Liberty is not a party to any of the Tennessee cases.

4. In their Master Answer, the Tennessee Clinic Defendants asserted comparative fault against *non-party* Liberty.[3]

5. On October 6, 2014, Liberty filed a Motion for Summary Judgment and supporting pleadings.[4] The PSC has filed a Response to the Motion for Summary Judgment, asking (1) for the opportunity to conduct additional discovery of Liberty and, (2) if that is denied, the opportunity to brief the merits of the motion.[5] The Motion for Summary Judgment is presently pending before the Court.

---

[2] Dkt. 1455 (Master Answer of Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; and Debra V. Schamberg, RN to the Master Complaint); Dkt. 1456 (Master Answer of Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC to the Master Complaint).
[3] *See* Dkt. 1455, ¶¶107-09; Dkt. 1456, ¶¶107-09.
[4] Dkt. 1471, 1472.
[5] Dkt. 1518, p. 16.

## Grounds for Motion

### 1. Tennessee law

The law of Tennessee allows the jury to allocate fault to a non-party under principles of comparative fault. *See Volz v. Ledes,* 895 S.W.2d 677, 680 (Tenn. 1995).

The Tennessee Clinic Defendants have asserted comparative fault in their Master Answers to the Master Complaint, identifying Liberty as a potentially at-fault non-party and incorporating the facts and allegations against it pled by the Plaintiffs in the Master Complaint.[6] *See McNabb v. Highways, Inc.*, 98 S.W.3d 649, 653-54 (Tenn. 2007) (holding that defendants are permitted to allege the fault of a non-party as an affirmative defense by identifying or describing the tortfeasor).

By asserting comparative fault of non-party Liberty, the Tennessee Clinic Defendants have the burden at trial of proving the fault of Liberty. *Stanfield v. Neblett*, 339 S.W.3d 22, 29 (Tenn. Ct. App. 2010) (citing *Banks v. Elk Club Pride of Tenn. 1102*, 301 S.W.3d 214, 224 (Tenn. 2010)).

Should the Tennessee Clinic Defendants prove the fault of Liberty at trial, the jury will be allowed to allocate a percentage of the fault to Liberty, thus reducing the amount of fault allocated to other defendants.

---

[6] Dkt. 1455, ¶107-09; Dkt. 1456, ¶107-09.

### 2. Standing to oppose Liberty Motion for Summary Judgment

Liberty has filed an omnibus Motion for Summary Judgment applicable to all *Indiana* actions.[7]

The Tennessee Clinic Defendants are *not* parties to any of the cases to which the Motion for Summary Judgment applies. Additionally, Liberty is *not* a party in any case originating in Tennessee. Thus, Liberty is not a co-defendant with any of the Tennessee Clinic Defendants in any pending case.

Because the Tennessee Clinic Defendants are not "parties" to any suit in which Liberty is moving for summary judgment, even under the broadest reading of case law interpreting Rule 56, the Tennessee Clinic Defendants do not have standing to oppose the Motion for Summary Judgment. *See Fraioli v. Lemcke*, 328 F. Supp. 2d 250, 263, n. 4 (D. R.I. 2004) (holding *co-defendant* had no standing to oppose another defendant's motion for summary judgment because they were not adverse parties); *Blonder v. Casco Inn Residential Care, Inc.*, No. CIV. 99-274-P-C, 2000 WL 761895, *1 (D. Me. 2000) (same); *see also Rosenbaum v. Freight, Lime & Sand Hauling, Inc.*, No. 2:10-cv-287, 2012 WL 4832248, *2-3 (N.D. Ind. 2012) ("the weight of the authority of courts that have considered this issue have concurred with *Blonder* [and held that a co-defendant cannot oppose another defendant's motion for summary judgment because it is not a "party" to that dispute]).[8]

---

[7] Dkt. 1471 (titled "Defendant Liberty Industries, Inc.'s Omnibus Motion for Summary Judgment in Cases filed by Plaintiffs Injected in Indiana").

[8] Additionally, Rule 56(c) and (e) speak of opposition to a motion for summary judgment being filed by a "party" or "adverse party" and do not allow non-parties to interject an opposition to a motion for summary judgment. FED. R. CIV. P. 56.

### 3. A ruling on the Liberty summary judgment motion *should not* have preclusive effect on the Tennessee Clinic Defendants' ability to assert comparative fault in the Tennessee cases.

The Liberty Motion for Summary Judgment may be granted, dismissing Liberty as a matter of law from, at least, the suits originating in Indiana.

Such a ruling should *not* have any preclusive effect on the Tennessee Clinic Defendants' ability to assert comparative fault against non-party Liberty in the Tennessee cases. *See generally Lynch v. Merrell-Nat'l Labs., Div. of Richardson-Merrell, Inc.*, 830 F.2d 1190, 1192-93 (1st Cir. 1987) (noting limitations on estoppel in multi-district context); *see also Parklane Hosiery v. Shore*, 439 U.S. 322, 326-31 (1979).

However, out of an abundance of caution, the Tennessee Clinic Defendants move to join in the request by the Saint Thomas Entities for clarification that any grant of summary judgment for Liberty will not preclude the Tennessee Clinic Defendants from asserting and proving their comparative fault claim against Liberty in the Tennessee actions.[9]

**Requested Relief**

Thus, the Tennessee Clinic Defendants request:

1. Permission to join in the Motion for Clarification filed by the Saint Thomas Entities at Dkt. 1567.

2. A provision in any order granting Liberty summary judgment holding that the grant of summary judgment will not preclude the Tennessee Clinic Defendants from proving Liberty's comparative fault as a defense in the Tennessee actions.

---

[9] Notably, Liberty agrees with this position. [Dkt. 1570].

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic
Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 8th day of December, 2014.

/s/ Chris J. Tardio
**Chris J. Tardio**