UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION                                  MDL No. 2419

TRANSFER ORDER

**Before the Panel**:[*] Various anonymous healthcare provider defendants[1] in one Northern District of Indiana action and two Southern District of Indiana actions, as listed on Schedule A, move, under Panel Rule 7.1, to vacate our orders conditionally transferring the actions to MDL No. 2419, and to separate and remand the claims against them to their transferor courts. Defendants Ameridose, LLC, and UniFirst Corporation oppose the motions to vacate. Plaintiffs did not file a response.

In support of their motions, the anonymous healthcare provider defendants argue that transfer would not promote the just and efficient conduct of the litigation because of the allegedly unique pre-suit requirements of state law. They contend that a state law governing medical malpractice claims applies to all claims against them, and unlike other state malpractice laws, it requires a state medical review panel to issue an opinion before a court can rule on the claims, which will make it inefficient to litigate the actions in the transferee court. We find these arguments unconvincing. Like many actions in the MDL, the three actions before the Panel involve injuries allegedly arising from the contamination of injectable steroids at the New England Compounding Center and whether healthcare providers may be held liable for their conduct in using those products in patient treatment. Many actions in MDL No. 2419 involve claims against healthcare providers under allegedly unique state laws. *See, e.g.,* Transfer Order (*Mitchell*), MDL No. 2419 (J.P.M.L. Oct. 9, 2014). Furthermore, it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state." *In re: CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (quoting *In re: Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244 (J.P.M.L. 1976)). Additionally, notwithstanding the allegedly unique state law at issue, the actions are likely to benefit from common discovery and coordination with the bankruptcy case.

---

[*] Judges Marjorie O. Rendell and Charles R. Breyer took no part in the decision of this matter.

[1] Anonymous Sports Medicine Center; Anonymous Surgery Center; Anonymous M.D.; Anonymous M.D. 1; Anonymous M.D. 2; Anonymous Pain Clinic; and Anonymous Health Care Provider No. 1. The identifying information of Indiana healthcare providers allegedly is protected under the Indiana Medical Malpractice Act pending certain pre-suit review procedures, and thus the complaints currently identify the Indiana defendants through various "anonymous" names.

After considering the argument of counsel, we find that these actions share questions of fact with actions previously transferred to MDL No. 2419, and that transfer of these actions under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like many of the already-centralized actions, these actions share questions of fact concerning injuries arising from the alleged contamination of the injectable steroid methyl-prednisolone acetate compounded by NECC. *See In re: New England Compounding Pharm., Inc., Prods. Liability Litig.*, 924 F. Supp. 2d 1380, 1381 (J.P.M.L. 2013). Movants provide no persuasive reason for the Panel to treat these actions differently than we did numerous other actions involving healthcare providers in other states.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that movants' request for separation and remand of the claims against them to the Northern and Southern Districts of Indiana is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION                               MDL No. 2419

## SCHEDULE A

Northern District of Indiana

HANCOCK, ET AL. v. UNIFIRST CORPORATION, ET AL., C.A. No. 3:14-01770

Southern District of Indiana

BIRGE, ET AL. v. UNIFIRST CORPORATION, ET AL., C.A. No. 1:14-01203
GRIGGS v. UNIFIRST CORPORATION, ET AL., C.A. No. 3:14-00112

I hereby certify on 12/16/14 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 12/12/14
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk