UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND<br>COMPOUNDING PHARMACY, INC.<br>PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Musselwhite v. Advanced Pain &<br>Anesthesia Consultants, P.C., et al.<br>No. 1:14-cv-13676-RWZ<br><br>Kennedy, et al. v. Advanced Pain &<br>Anesthesia Consultants, P.C., et al.<br>No. 1:13-cv-13227-RWZ<br><br>Musselwhite v. Advanced Pain &<br>Anesthesia Consultants, P.C., et al.<br>No. 1:13-cv-13228-RWZ<br><br>Kennedy, et al. v. Advanced Pain &<br>Anesthesia Consultants, P.C., et al<br>No. 1:14-cv-13689-RWZ | )<br>)<br>)<br>)<br>)   MDL No: 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF ADVANCED PAIN & ANESTHESIA CONSULTANTS AND DR. RANDOLPH CHANG AND PLAINTIFFS

NOW COME Defendants, Advanced Pain & Anesthesia Consultants P.C. d/b/a APAC Centers for Pain Management and Randolph Y. Chang, M.D. (hereinafter the "APAC defendants") and Plaintiffs, Leslie G. Musselwhite, Michael R. Kennedy and Barbara Kennedy (collectively hereinafter the "Plaintiffs"), by and through their respective counsel of record, who agree and stipulate to the following:

1.     This stipulation pertains to the following actions: <u>Musselwhite v. Advanced Pain & Anesthesia Consultants, P.C., d/b/a APAC Centers for Pain Management et al.</u> No. 1:13-cv-

1

1506519v1

13228-RWZ, and; <u>Kennedy et al. v. Advanced Pain & Anesthesia Consultants, P.C. et. al</u>., No. 1:13-cv-13227-RWZ (collectively the "Directly Filed actions) and <u>Musselwhite v. Advanced Pain & Anesthesia Consultants, P.C., d/b/a APAC Centers for Pain Management et al.</u> No. 1:14-cv-13676-RWZ (Filed 9/23/2014); <u>Kennedy et al. v. Advanced Pain & Anesthesia Consultants, P.C. et al.</u>, No. 1:14-cv-13689 (Filed 9/24/2014)(collectively the "Illinois-Filed actions").

2.      In response to this Court's Order of December 11, 2014 (Document No. 1595 and attached as **Attachment A**)(hereinafter "the Order), the parties agree and stipulate that, as anticipated by the Court in its Order, the Fed. R. Civ. P. 12(b)(6) arguments in the APAC defendants Motion to Dismiss and in the Plaintiffs' Opposition to the Motions to Dismiss as to the Directly Filed actions apply equally to the Illinois-Filed actions. The parties thus have no objection to the Court's adoption of the 12(b)(6) portion of the APAC defendants' motion to the Illinois-filed actions.

3.      The parties stipulate and agree to the consolidation of the Directly Filed and Illinois-Filed actions, with the Directly Filed actions being consolidated into the Illinois-Filed actions and deemed transferred from the United Stated District Court for the District of Illinois pursuant to 28 U.S.C. §1407 for the remainder of the litigation.

4.      The parties stipulate and agree that by agreeing to the above consolidation (no. 3 above), there is no waiver of any applicable right, claim or defense including as to statute of limitations, any argument for or against any right or contention to be considered for bellwether status; and/or any argument for or against any right or contention as to appropriate or proper venue including as to the issue of whether the actions, consolidated or not, can remain with this Court or must be transferred back to Illinois for any trial. It is agreed and understood that such issues including the issue of bellwether status and venue for trial are matters that can be deferred

2

and addressed at a later time if necessary; that defendants are not in anyway by virtue of this stipulation or otherwise consenting or agreeing to any trial in this Court; and that the parties respective rights and positions as to these issues are not forfeited, waived, relinquished or adversely affected by this stipulation.

5.     The parties stipulate and agree to the dismissal of Plaintiffs' claims of conspiracy, agency and battery in both the Directly Filed and Illinois-Filed actions. It is agreed that the dismissal(s) is (are) without prejudice.

6.     The parties stipulate and agree that the Court need not rule on the Rule 12(b)(1) lack of jurisdiction arguments contained in the APAC defendants' Motion to Dismiss pertaining to the Directly Filed actions with it understood and agreed that the arguments and positions in both the Motion to Dismiss and the Opposition to the Motion to Dismiss are not in anyway forfeited, relinquished or waived and that such arguments and positions may be raised and made at a subsequent time or in a dispositive motion and opposition in the event there remains a question of proper jurisdiction.

**Respectfully Submitted,**

**PLAINTIFFS LESLIE G. MUSSELWHITE, MICHAEL R. KENNEDY AND BARBARA KENNEDY,**

**By Their Attorneys,**

/s/ Kimberly A. Dougherty
_____
Kimberly A. Dougherty, BBO# 658014
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

1506519v1

The Defendants,
**Advanced Pain & Anesthesia Consultants, PC**
**d/b/a APAC Centers for Pain Management and**
**Randolph Y. Chang, M.D.**

**By their attorney,**

/s/ Tory A. Weigand

I hereby certify that this document(s) filed
through the ECF system will be sent
electronically to the registered participants
as identified on the Notice of Electronic
Filing  (NEF) and paper copies will be sent
to those indicated as non registered
participants on **December 19, 2014**

/s/ Tory A. Weigand
_____

_____
Tory A. Weigand, BBO #548553
Anthony E. Abeln, BBO #669207
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500
tweigand@morrisonmahoney.com
aabeln@morrisonmahoney.com

4