UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Tennessee Actions Against The Saint Thomas Entities. | Judge Rya Zobel |

**PLAINTIFFS' STEERING COMMITTEE'S OPPOSITION TO SAINT THOMAS ENTITIES' MOTION FOR CLARIFICATION REGARDING LIBERTY INDUSTRIES, INC.'S SUMMARY JUDGMENT BRIEFING**

The Plaintiffs' Steering Committee (the "PSC") hereby files this Opposition to the Saint Thomas Entities' Motion for Clarification Regarding Liberty Industries Inc.'s Summary Judgment Briefing (Dkt. No. 1567).

**INTRODUCTION AND BACKGROUND**

As the Court is aware, Liberty Industries Inc. ("Liberty") filed a Rule 56 Motion for Summary Judgment seeking summary dismissal of claims against it pending in this MDL (collectively "Liberty Motion for Summary Judgment").[1]  The Liberty Motion for Summary Judgment specifically applies to cases brought by plaintiffs from Indiana, and therefore does not technically apply to cases involving defendants or plaintiffs from other states.  However, the Saint Thomas Entities,[2] along with the other clinic defendants in Tennessee, alleged comparative

---

[1] *See* Dkt. Nos. 1471 and 1472.

[2] The Saint Thomas Entities include Saint Thomas Network, Saint Thomas Health, and Saint Thomas Hospital West f/k/a Saint Thomas Hospital.  The Saint Thomas Entities are part owner of the Saint Thomas Outpatient Neurosurgical Center, which was the single largest purchase of MPA from NECC during the period of contamination.  Shortly after the Saint Thomas Entities filed this Motion, the Saint Thomas Clinic, and its related defendants, file a Motion to Join the Saint Thomas Entities Motion for Clarification.  To the extent necessary, this Opposition necessarily applies additional to the Saint Thomas Clinic and its related defendants.

1

fault claims against Liberty.[3]  The Tennessee Supreme Court adopted the doctrine of modified comparative fault in certain tort cases and abolished joint and several liability for certain claims (i.e. negligence, medical malpractice).[4]  In a trial the Saint Thomas Entities can demonstrate that Liberty shares part of the blame for the Tennessee plaintiff's injuries, then the liability of the Saint Thomas Entities may be reduced by Liberty's proportionate share of the liability to plaintiffs.[5]  Few, if any, plaintiffs in Tennessee have yet to name Liberty as a defendant in any Tennessee case.[6]

The Saint Thomas Entities' Motion for Clarification seeks a declaration from this Court that if Liberty prevails on its Motion for Summary Judgment asserted in the MDL, that order would not bar it from continuing attempt to apportion blame to Liberty and thereby potentially reduce the Saint Thomas Entities' liability to the plaintiffs suing them.

On its face, the Saint Thomas Entities' Motion for Clarification seems innocuous – it is anything but.  If the Court determines that Liberty should be granted summary judgment in the Indiana cases, there is no reason why the Court's determination should not apply to the Saint Thomas Entities' comparative fault defense.   Given the nature of Liberty's potential liability in this suit, there is virtually no set of facts under which the claims brought by plaintiffs in Indiana could not survive summary judgment, but the Saint Thomas Entities' comparative fault claims could.   The Saint Thomas Entities' Motion for Clarification is really aimed at ensuring that the

---

[3] *See* Dkt. No. 1464 at ¶¶ 300-302; Dkt. No. 1455 at ¶¶ 107-109.

[4] *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992) (adopting the system of comparative fault as part of Tennessee substantive law and discussing the doctrine).

[5] The issue of comparative fault is not at play for the Tennessee plaintiffs' product liability claims since Tennessee case law is clear that joint and several liability still applies to such claims.  *Owens v. Truckstops of Am.*, 915 S.W.2d 420 (Tenn. 1996) (discussing principles of comparative fault and joint and several liability as it relates to product liability actions and holding that joint and several liability remains applicability for product liability claims).

[6] Under Tennessee law, plaintiffs can still bring timely claims against Liberty.  *See* Tenn. Code Ann. § 20-1-119.

Saint Thomas Entities are not required to defend Liberty's Motion for Summary Judgment and still afford them the opportunity to assert Liberty's fault in the future.

## ARGUMENT

Although unacknowledged by the Saint Thomas Entities' Motion for Clarification, their motion essentially seeks a declaration that the doctrine of collateral estoppel would not apply to the Court's grant of summary judgment to Liberty (if the Court ultimately so rules) against the Saint Thomas Entities' comparative fault defense.

Because the Court has federal question jurisdiction over claims against the Saint Thomas entities, federal law, and not Tennessee state substantive law, will apply to the issue of collateral estoppel.[7] The Supreme Court has ruled that "trial courts [have] broad discretion to determine when [collateral estoppel] should be applied."[8]

The ultimate question in determining whether collateral estoppel applies to a certain issue is whether a party "received a full and fair opportunity to litigate their claims" in the previous case.[9] Four factors generally apply: (1) the issue sought to be precluded is the same as the issue in the prior proceeding; (2) the point was actually litigated in the earlier proceeding; (3) the issue was determined by a valid and binding final judgment or order; and (4) the determination of the issue in the prior proceeding was essential to the final judgment or order.[10]

Further, the Supreme Court has held that "[i]t is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an

---

[7] *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("For judgments in federal-question cases . . . federal courts participate in developing 'uniform federal rule[s]' of res judicata, which this Court has ultimate authority to determine and declare.").

[8] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979).

[9] *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 575 (1st Cir. 2003).

[10] *Id*. at 575-76.

3

opportunity to be heard."[11]   Federal courts recognize several exceptions to this rule: (1) where someone agrees to be bound by the outcome of the other parties' suit; (2) where certain close relationships exist with a party in the prior suit, such as assignor-assignee; (3) where someone was "adequately represented" by one of the parties to the suit, such as an absent class member represented by a class representative; (4) where someone "assumed control" over the litigation where a judgment was rendered; (5) where someone acts as a proxy for one of the parties involved in the previous suit who wants to sue again; and (6) where a statutory scheme, like bankruptcy, prohibits successive litigation.[12]

The question of the preclusive effect of any ruling on the Liberty Summary Judgment Motion is driven by whether the four factor *Monroig* test can be satisfied along with whether any of the six *Tayler* exceptions apply to allow the use of collateral estoppel.   The Saint Thomas Entities' Motion for Clarification does not discuss these factors, likely because to do so now is premature.   The PSC sees no reason why this analysis should be undertaken at this time, although the PSC likely can make a compelling argument that collateral estoppel could apply to this situation.   Nevertheless, the Court has issued no ruling in which to apply such factors and exceptions and any such analysis at this time would be inappropriate.

## CONCLUSION AND REQUEST FOR RELIEF

The PSC maintains that the Motion for Clarification is woefully premature.  The Court has not yet ruled on Liberty's Motion for Summary Judgment, and we simply do not know now whether or when this issue will be ripe.  The Saint Thomas Entities request that the Court enter a blanket ruling, before even issuing a substantive decision on the Liberty Summary Judgment Motion, that when the Court rules, it will not apply to the Saint Thomas Entities' comparative

---

[11] *Parklane Hosiery*, 439 U.S. at 327 n.7.

[12] *Taylor*, 553 U.S. at 893-95.

4

fault defense.  This would be improper at this stage, and the PSC respectively requests that the Court decline any such invitation.  The PSC maintains that this issue should be addressed when and if the Court rules on summary judgment and only after the issue of collateral estoppel is fully briefed in light of the principals and factors identified in the applicable case law.

     The PSC respectfully requests that the Court deny the Saint Thomas Entities Motion for Clarification to the extent that it requests the Court enter a blanket order that the Court's ruling on the Liberty Motion for Summary Judgment will have no preclusive effect on the St. Thomas Entities' comparative fault defenses.

Dated:  December 19, 2014

Respectfully submitted,

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiff's Steering Committee and TN State Chair*

Thomas M. Sobol
Kristen Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcentercom

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: December 19, 2014

                                                         **/s/ Benjamin A. Gastel**
                                                         Benjamin A. Gastel