# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

| | | | |
|---|---|---|---|
| Tory A. Weigand<br>Direct Dial: 617-737-8827<br>Direct Fax: 617-342-4947<br>tweigand@morrisonmahoney.com<br><br>Anthony E. Abeln<br>Direct Dial: 617-737-8885<br>Direct Fax: 617-342-4802<br>aabeln@morrisonmahoney.com | 250 SUMMER STREET<br>BOSTON, MASSACHUSETTS 02210-1181<br>617-439-7500 | MASSACHUSETTS<br>BOSTON<br>FALL RIVER<br>SPRINGFIELD<br>WORCESTER<br>CONNECTICUT<br>HARTFORD<br>ENGLAND<br>LONDON | NEW HAMPSHIRE<br>MANCHESTER<br>NEW JERSEY<br>PARSIPPANY<br>NEW YORK<br>NEW YORK<br>RHODE ISLAND<br>PROVIDENCE |

December 19, 2014

ELECTRONIC FILING

The Honorable Rya W. Zobel
United States District Court
for the District of Massachusetts
1 Courthouse Way
Boston, MA  02210

Re: In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation
MDL No: 1:13-md-2419-RWZ

Musselwhite v. Advanced Pain & Anesthesia Consultants, Inc., et al.
No. 1:14-cv-13676-RWZ

Kennedy v. Advanced Pain & Anesthesia Consultants, Inc., et al.
No. 1:13-cv-13227-RWZ

Musselwhite v. Advanced Pain & Anesthesia Consultants, Inc., et al.
No. 1:13:cv-13228-RWZ

Kennedy v. Advanced Pain & Anesthesia Consultants, Inc., et al.
No. 1:14-cv-13689-RWZ

Dear Judge Zobel:

We represent Advanced Pain & Anesthesia Consultants, P.C. d/b/a APAC Centers for Pain Management ("APAC") and Randolph Chang, M.D., in the above referenced Musselwhite and Kennedy actions and write in response to your December 11, 2014 Order.

The defendants have no objection to the Court's adoption of the 12(b)(6) portion of APAC and Chang's motion (Docket #1108) in the Directly filed actions to the subsequently filed Illinois filed actions. Defendants have also enclosed a copy of the recently filed Stipulation entered into between the parties which consolidates these actions and further narrows the issues to be resolved in the pending motion to dismiss including as to Rule 12(b)(1) lack of jurisdiction

1506526v1

**MORRISON MAHONEY LLP**

The Honorable Rya W. Zobel
December 19, 2014
Page 2

applicable to the Directly filed actions. As set forth in the Stipulation, "the parties stipulate and agree that the Court need not rule on the Rule 12(b)(1) lack of jurisdiction arguments contained in the APAC defendants' Motion to Dismiss pertaining to the Directly filed actions with it understood and agreed that the arguments and positions in both the Motion to Dismiss and the Opposition to the Motion to Dismiss are not in anyway forfeited, relinquished or waived and that such arguments and positions may be raised and made at a subsequent time or in a dispositive motion and opposition in the event there remains any question of proper jurisdiction."

   We appreciate the Court's courtesy and attention.

              Very truly yours,

              /s/ Tory A. Weigand

              Tory A. Weigand
              Anthony E. Abeln

TAW/ll
Encl.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No: 1:13-md-2419-RWZ |
| This Document Relates to: | |
| Musselwhite v. Advanced Pain & Anesthesia Consultants, P.C., et al. No. 1:14-cv-13676-RWZ | |
| Kennedy, et al. v. Advanced Pain & Anesthesia Consultants, P.C., et al. No. 1:13-cv-13227-RWZ | |
| Musselwhite v. Advanced Pain & Anesthesia Consultants, P.C., et al. No. 1:13-cv-13228-RWZ | |
| Kennedy, et al. v. Advanced Pain & Anesthesia Consultants, P.C., et al No. 1:14-cv-13689-RWZ | |

**STIPULATION OF ADVANCED PAIN & ANESTHESIA
CONSULTANTS AND DR. RANDOLPH CHANG AND
<u>PLAINTIFFS</u>**

NOW COME Defendants, Advanced Pain & Anesthesia Consultants P.C. d/b/a APAC Centers for Pain Management and Randolph Y. Chang, M.D. (hereinafter the "APAC defendants") and Plaintiffs, Leslie G. Musselwhite, Michael R. Kennedy and Barbara Kennedy (collectively hereinafter the "Plaintiffs"), by and through their respective counsel of record, who agree and stipulate to the following:

1. This stipulation pertains to the following actions: <u>Musselwhite v. Advanced Pain & Anesthesia Consultants, P.C., d/b/a APAC Centers for Pain Management et al.</u> No. 1:13-cv-

1

1506519v1

13228-RWZ, and; <u>Kennedy et al. v. Advanced Pain & Anesthesia Consultants, P.C. et. al.</u>, No. 1:13-cv-13227-RWZ (collectively the "Directly Filed actions) and <u>Musselwhite v. Advanced Pain & Anesthesia Consultants, P.C., d/b/a APAC Centers for Pain Management et al.</u> No. 1:14-cv-13676-RWZ (Filed 9/23/2014); <u>Kennedy et al. v. Advanced Pain & Anesthesia Consultants, P.C. et al.</u>, No. 1:14-cv-13689 (Filed 9/24/2014)(collectively the "Illinois-Filed actions").

2. In response to this Court's Order of December 11, 2014 (Document No. 1595 and attached as **Attachment A**)(hereinafter "the Order), the parties agree and stipulate that, as anticipated by the Court in its Order, the Fed. R. Civ. P. 12(b)(6) arguments in the APAC defendants Motion to Dismiss and in the Plaintiffs' Opposition to the Motions to Dismiss as to the Directly Filed actions apply equally to the Illinois-Filed actions. The parties thus have no objection to the Court's adoption of the 12(b)(6) portion of the APAC defendants' motion to the Illinois-filed actions.

3. The parties stipulate and agree to the consolidation of the Directly Filed and Illinois-Filed actions, with the Directly Filed actions being consolidated into the Illinois-Filed actions and deemed transferred from the United Stated District Court for the District of Illinois pursuant to 28 U.S.C. §1407 for the remainder of the litigation.

4. The parties stipulate and agree that by agreeing to the above consolidation (no. 3 above), there is no waiver of any applicable right, claim or defense including as to statute of limitations, any argument for or against any right or contention to be considered for bellwether status; and/or any argument for or against any right or contention as to appropriate or proper venue including as to the issue of whether the actions, consolidated or not, can remain with this Court or must be transferred back to Illinois for any trial. It is agreed and understood that such issues including the issue of bellwether status and venue for trial are matters that can be deferred

1506519v1

and addressed at a later time if necessary; that defendants are not in anyway by virtue of this stipulation or otherwise consenting or agreeing to any trial in this Court; and that the parties respective rights and positions as to these issues are not forfeited, waived, relinquished or adversely affected by this stipulation.

5. The parties stipulate and agree to the dismissal of Plaintiffs' claims of conspiracy, agency and battery in both the Directly Filed and Illinois-Filed actions. It is agreed that the dismissal(s) is (are) without prejudice.

6. The parties stipulate and agree that the Court need not rule on the Rule 12(b)(1) lack of jurisdiction arguments contained in the APAC defendants' Motion to Dismiss pertaining to the Directly Filed actions with it understood and agreed that the arguments and positions in both the Motion to Dismiss and the Opposition to the Motion to Dismiss are not in anyway forfeited, relinquished or waived and that such arguments and positions may be raised and made at a subsequent time or in a dispositive motion and opposition in the event there remains a question of proper jurisdiction.

**Respectfully Submitted,**

**PLAINTIFFS LESLIE G. MUSSELWHITE, MICHAEL R. KENNEDY AND BARBARA KENNEDY,**

**By Their Attorneys,**

/s/ Kimberly A. Dougherty

---

Kimberly A. Dougherty, BBO# 658014
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

The Defendants,
Advanced Pain & Anesthesia Consultants, PC
d/b/a APAC Centers for Pain Management and
Randolph Y. Chang, M.D.

By their attorney,

/s/ Tory A. Weigand

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on **December 19, 2014**

/s/ Tory A. Weigand

Tory A. Weigand, BBO #548553
Anthony E. Abeln, BBO #669207
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500
tweigand@morrisonmahoney.com
aabeln@morrisonmahoney.com

# ATTACHMENT A

Case 1:13-md-02419-RWZ   Document 1605   Filed 12/19/14   Page 8 of 9
Case 1:13-md-02419-RWZ   Document 1603-1   Filed 12/19/14   Page 2 of 3
Case 1:13-md-02419-RWZ   Document 1595   Filed 12/11/14   Page 1 of 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

ORDER

December 11, 2014

ZOBEL, D.J.

On May 7, 2014, defendants Advanced Pain & Anesthesia Consultants, P.C. d/b/a APAC Centers for Pain Management ("APAC") and Randolph Y. Chang, M.D. ("Chang"), sought dismissal of all claims against them in two actions direct-filed in this court through MDL short-form complaints[1] for lack of personal jurisdiction, or in the alternative, failure to state a claim under Fed. R. Civ. 12(b)(1) & (6) (Docket # 1108).

After that filing, plaintiffs brought identical suits in the Northern District of Illinois, which were subsequently transferred to this MDL (hereinafter "the Illinois-filed actions"). See Musselwhite v. Advanced Pain & Anaesthesia Consultants, P.C., d/b/a Apac Centers For Pain Management et al, No. 1:14-cv-13676-RWZ (Filed 9/23/2014), Kennedy et al v. Advanced Pain & Anesthesia Consultants, P.C. et al, No. 1:14-cv-13689 (Filed 9/24/2014).

The court is prepared to address APAC and Chang's motion in the direct-filed

---

[1] Musselwhite, et al. v. Advanced Pain & Anesthesia Consultants, P.C., et al., No. 1:13-cv-13228-RWZ, and Kennedy v. Advanced Pain & Anesthesia Consultants, P.C., et al., No. 1:13-cv-13227-RWZ (hereinafter "the direct-filed cases").

Case 1:13-md-02419-RWZ   Document 1605   Filed 12/19/14   Page 9 of 9
Case 1:13-md-02419-RWZ   Document 1603-1   Filed 12/19/14   Page 3 of 3
Case 1:13-md-02419-RWZ   Document 1595   Filed 12/11/14   Page 2 of 2

cases, but understands the issues to be identical to those in the Illinois-filed cases.[2] As such, the Plaintiff Steering Committee, Chang, and APAC are all requested to indicate any objection to this court's adoption of the 12(b)(6) portion of APAC and Chang's motion (Docket # 1108), as filed, in the Illinois-filed actions. Though none are anticipated, such objections are to be filed within <u>10 days</u> by letter <u>not to exceed 3 pages</u>.

<u>December 11, 2014</u>         <u>/s/Rya W. Zobel</u>
DATE                                  RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE

---

[2] At oral argument on this motion, defense counsel represented that a stipulation as to personal jurisdiction and partial dismissal had been agreed to and would be filed within ten days, but no such stipulation has as yet been filed.