**Blumberg & Wolk, LLC**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., Richard Strauss, M.D. and Jeffrey Catalano, M.D.

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>All New Jersey Cases | Docket No. 1:13-md-2419-RWZ<br>MDL No. 02419 |

Premier Defendants' Motion to Join in Partial Opposition filed by "the Tennessee Defendants" to Liberty's Summary Judgment Motion and/or motion for an order allowing the Premier Defendants' proportionate defenses and comparative fault defenses to continue after dismissal of claims against Liberty.

Preliminary Statement

This matter comes before the Court by way of a motion filed by Liberty Industries for Summary Judgment (Docket No.: 1471). The moving party seeks an order for Summary Judgment of all claims and cross-claims. The co-defendants from Tennessee including the St. Thomas defendants have petitioned this Court by way of partial opposition to preserve all proportionate fault defenses at the time of trial in the event Summary Judgment is granted. (Docket No.: 1567). The law in Tennessee (according to the undersigned's brief review) seems to be substantially similar to that of New Jersey.

Whereas, New Jersey law allows a defendant to assert comparative fault at the time of trial against a defendant named to the case or a former defendant who was either dismissed or who has settled.

In light of this, the Premier Defendants now seek an order preserving their rights to pursue comparative fault defenses and comparative fault allocation at the time of trial against Liberty, despite being dismissed by way of Summary Judgment.

## Legal Argument

### I. NEW JERSEY LAW ALLOWS A DEFENDANT TO ASSERT COMPARATIVE FAULT AT THE TIME OF TRIAL AGAINST A DEFENDANT NAMED TO THE CASE OR A FORMER DEFENDANT WHO WAS EITHER DISMISSED OR WHO HAS SETTLED.

The Premier Defendants must not be precluded from pursuing comparative fault defenses at the time of trial including their ability to present proof of fault as to Liberty Industries in an attempt to obtain an allocation of fault against Liberty Industries according to the Joint Tortfeasor Contribution Act and applicable Case law. These defense are available to a remaining defendant when a co-defendant is either dismissed from the case or settles. Therefore, the premier defendants now seek an order preserving this right.

The law in New Jersey allows a remaining defendant to assert proportionate fault defenses and seek an allocation of fault at the time of trial even though a defendant has been dismissed or has settled. *Burt v. West Jersey Health System, et al*, 339 N.J. Super. 296 (App. Div. 2001). In *Brodsky v. Grinnell Haulers, Inc.*, 181 N.J. 102 (2004) the Supreme Court visited the rights of remaining parties to apportion fault to parties previously dismissed and noted:

> The guiding principle of our State's comparative fault system has been the distribution of loss "in proportion to the respective faults of the parties

causing that loss." *Blazovic v. Andrich*, 124 N.J. 90, 107, 590 A.2d 222 (1991). The comparative fault scheme serves to "implement New Jersey's approach to fair apportionment of damages among plaintiffs and defendants, and among joint defendants." *Erny v. Estate of Merola*, 171 N.J. 86, 99, 792 A.2d 1208 (2002); *see also Governor's Reconsideration and Recommendation Statement to Senate Bill No. 215*, at 1 (Sept. 16, 1982) (endorsing change to Comparative Negligence Act as consistent with "policy of allocating responsibility among all negligent parties in proportion to their relative fault"). Those policies are the basis for the requirement that the trier of fact assess the negligence of a joint tortfeasor who has settled. *Young, supra*, 123 N.J. at 590, 589 A.2d 1020; *Judson, supra*, 17 N.J. at 92, 110 A.2d 24.

Id. at 114.

It is therefore well founded that the contribution rights of a defendant who remains embroiled in litigation must not be taken away as against a settling or dismissed party. The law is also clear that the remaining rights of the remaining defendant against the dismissed party is one of fault apportionment for purposes of a credit at the time of trial only. No indemnity rights will survive unless specifically alleged. No such allegations are alleged here.

This request is not unlike that of the request filed by the Tennessee Defendants as explained above, which has been filed previously with the Court.

## Conclusion

Therefore, the Premier Defendants, out of an abundance of caution are now asking this Court to enter an order preserving Premier Defendant's proportionate defenses and right to allocation of fault as to the dismissed defendant, Liberty Industries in the event such dismissal is granted.

Respectfully submitted,

Blumberg & Wolk, LLC

Attorneys for: Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

Dated: December 19, 2014

/s/Christopher M. Wolk
Christopher M. Wolk, Esq.
Blumberg & Wolk, LLC
158 Delaware Street
Woodbury New Jersey 08096
(856)848-7472 p
(856)848-8012 f

CERTIFICATE OF SERVICE

This will certify that a true and accurate copy of the foregoing was served on all parties hereto by virtue of the Court's electronic filing system this 19 day of December, 2014.

Respectfully submitted,

Blumberg & Wolk, LLC

Attorneys for: Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.

Dated: December 19, 2014

/s/Christopher M. Wolk
Christopher M. Wolk, Esq
Blumberg & Wolk, LLC
158 Delaware Street
Woodbury New Jersey 08096
(856)848-7472 p
(856)848-8012 f