**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | |
| | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) | Dkt. No 1:13-md-2419 (RWZ) |
| | ) | |
| All Suits Against the Saint Thomas Entities | ) ) | Joint Stipulation to File Reply filed Docket No. 1608 |
| | ) ) ) | |

**REPLY TO PSC'S OPPOSITION TO SAINT THOMAS ENTITIES' MOTION FOR CLARIFICATION REGARDING LIBERTY INDUSTRIES, INC.'S SUMMARY JUDGMENT BRIEFING**

The Saint Thomas Entities[1] file this reply to the Plaintiffs' Steering Committee's Opposition to Saint Thomas Entities' Motion for Clarification Regarding Liberty Industries, Inc.'s Summary Judgment Briefing [Dkt. No. 1604].

The Plaintiff's Steering Committee admits in its response the following undisputed points:

- The Liberty Motion for Summary Judgment ("Liberty MSJ") "applies to cases brought by plaintiffs from Indiana," and therefore does not apply "to cases involving defendants or plaintiffs from other states";

- Under Tennessee law, the Saint Thomas Entities are entitled "[i]n a trial" to "demonstrate that Liberty shares part of the blame for the Tennessee plaintiff's injuries";

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

- 1 -

- "Few, if any, plaintiffs in Tennessee have yet to name Liberty as a defendant in any Tennessee case" despite the fact the Saint Thomas Entities asserted the comparative fault of Liberty in their answers[2]; and

- It would be a violation of due process for non-parties to be bound by a prior judgment in which they did not have a "full and fair" opportunity to litigate their claims.

Nevertheless, the PSC asserts that "there is virtually no set of facts under which the claims brought by plaintiffs in Indiana could not survive summary judgment, but the Saint Thomas Entities' comparative fault claims could." *See* PSC Response at 4. First, as a matter of law, the issue of whether a plaintiff's claim for affirmative recovery is viable is a distinct, separate legal inquiry from whether a comparative fault claim may go to a jury. Or as the substantive law of Indiana explains, "the jury allocates fault among all who caused or contributed to cause the alleged injury or death, including designated nonparties, ***even if those nonparties may not be liable to the plaintiff***." *Bondex International et al. v. Ott*, 774 N.E.2d 82, 86-87 (Ind. Ct. App. 2002) (emphasis added). For example, a bankrupt defendant may be placed on the jury charge even though a plaintiff may not be able to assert a claim against such defendant. *Id.* at 86-87. Similarly, the laws of many states—including Tennessee—permit allocations of fault to parties who are immune from liability to plaintiff. *See, e.g., Carroll v. Whitney*, 29 S.W.3d 14, 22 (Tenn. 2000) (holding that fault could be allocated to immune parties). As the Tennessee Supreme Court has explained, a "plaintiff's ability to bring a cause of action was only important . . . in determining whether the plaintiff could recover damages, ***not whether a jury could apportion fault***." *Id.* at 17 (emphasis added).

---

[2] *See* Dkt No. 1464.

Second, the Saint Thomas Entities are not in control of the PSC's discovery, pleadings or theories of liability. Whatever evidence the PSC presents (or does not present) to the Court or arguments it makes (or does not make) in response to Liberty's MSJ in the Indiana cases is solely its own. It is this very fact that drives the "due process" concerns referenced in the PSC's Response. And whether called standing, collateral estoppel, due process or something else, the purpose of all these doctrines is to make sure a party like the Saint Thomas Entities has the chance to develop and litigate its own case against another potentially responsible party like Liberty.

The PSC's Response also took the Saint Thomas Entities to task for raising what it claims is a "premature" issue. In an MDL docket of this size and nature, the Saint Thomas Entities do not believe it was inappropriate to bring this important issue to the Court's attention in advance of its adjudication of Liberty's MSJ. Indeed, since it first raised the issue, additional parties have made filings joining or supporting the motion. *See, e.g.,* Premier Defendants' Motion to Join in Partial Opposition filed by "the Tennessee Defendants" to Liberty's Summary Judgment Motion [Dkt. 1606].

Finally, it is worth noting that Liberty agrees that its motion was never intended to address the comparative fault claims being pursued outside of Indiana. *See* Liberty Industries, Inc.'s Response to Saint Thomas Entities' Motion for Clarification Regarding Liberty Industries, Inc.'s Summary Judgment Briefing (Dkt. 1570) ("Liberty does not contend that the Court's ruling on Liberty's Motion for Summary Judgment should have an effect on the Saint Thomas Entities' comparative fault allegations."). It was because of the limited scope of its pending motion, and the short amount of time the PSC allocated for Liberty depositions, that Liberty

agreed to present its witnesses again in the future for other parties in the MDL.  *See, e.g.,* Letter from R. Braceras to P. Hermes, dated 11/17/14, attached hereto as Exhibit "A."

Accordingly, the Saint Thomas Entities respectfully request that the Court grant their motion.

Dated: December 22, 2014

By their attorneys,

_/s/ Sarah P. Kelly_
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

FULBRIGHT & JAWORSKI LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 22nd day of December, 2014.


/s/ Sarah Kelly
Sarah P. Kelly

53824485.3

- 6 -