UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>v.<br><br>This Document Relates To:<br><br>All cases referenced in MDL Dkt. Nos. 1471, 1472 and <u>Lambert</u>, 1:13-cv-10351, Dkt Nos. 29, 30. | MDL No. 2419<br>Master Docket: 1:13-md-2419-RWZ |

**LIBERTY INDUSTRIES, INC.'S MOTION FOR RECONSIDERATION
OF THE COURT'S MEMORANDUM OF DECISION DATED DECEMBER 23, 2014
DENYING LIBERTY INDUSTRIES, INC.'S MOTIONS FOR SUMMARY JUDGMENT**

Liberty Industries, Inc. ("Liberty") moves for reconsideration of the Court's Memorandum of Decision dated December 23, 2014 denying Liberty's motions for summary judgment [Dkt. No. 1613] ("the Order").  As set forth below, the Court must reconsider the Order because it is based on an Opposition to Liberty's motions that was filed <u>untimely</u> and an inadmissible, unsworn Declaration of a purported expert that does not comply with 28 U.S.C. § 1746.  In addition, the Order was entered on the same day that the PSC's Opposition was filed, denying Liberty the opportunity to file a Reply as permitted by MDL Order Nos. 9 and 11 [Dkt. Nos. 1425 and 1524].  Liberty respectfully requests that the Court reconsider its Order and grant summary judgment in favor of Liberty.

**I.     STANDARD**

The district court has substantial discretion and broad authority to grant a motion for reconsideration.  <u>U.S. v. 5 Bell Rock Rd.</u>, 896 F.2d 605, 611 (1st Cir. 1990).  "A court appropriately may grant a motion for reconsideration 'where the movant shows a manifest error of law or newly discovered evidence.'"  <u>Ruiz Rivera v. Pfizer Pharmaceuticals, LLC</u>, 521 F.3d

76, 81-82 (1st Cir. 2008), quoting Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007).  Additionally, "a motion for reconsideration should be granted if the court 'has patently misunderstood a party ... or has made an error not of reasoning but apprehension.'" Id., quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).  For the reasons set forth below, the Order is made on an error of law and a patent misunderstanding of the legal insufficiency of the PSC's filings.  Therefore, it must be reconsidered.

## II.     LEGAL ARGUMENT

A. The Order Is Based on An Untimely Opposition That Should Not Have Been Considered By the Court.

According to the Court's order dated December 17, 2014 [Dkt. No. 1601], the PSC's Opposition to Liberty's motions for summary judgment was due December 22, 2014.  In order to be considered timely filed, the PSC's Opposition had to be filed prior to 6:00 p.m. on December 22, 2014.  See Local Rule 5.4(D) ("Although the ECF system is generally available 24 hours a day for electronic filing, that availability will not alter filing deadlines, whether set by rule, court order, or stipulation.  All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day.")  In direct violation of Local Rule 5.4, the PSC waited until 11:58 p.m. to file its Opposition [Dkt. No. 1610].  Because the PSC's Opposition was filed late in violation of Local Rule 5.4(D), it should not have been considered by the Court.  Therefore, the Order, which is based upon the PSC's untimely Opposition, must be reconsidered.

B.  <u>The Order Is Also Based on An Inadmissible Declaration That Should Not Have Been Considered By the Court.</u>

The Order is based on the purported expert Declaration of Dr. Philip J. Austin ("the Declaration") filed in support of the PSC's Opposition. In the Order, the Court states:

> Though the question is a close one, summary judgment is not appropriate at this time. Despite serious questions as to the ability of plaintiffs to prove causation at trial, <u>in light of the declaration of plaintiff's expert highlighting substantial alleged design flaws</u> and testimony given by Liberty's witnesses at their deposition, genuine issues of fact remain for a jury to decide. Summary judgment would therefore be premature.

Order, p. 6 [emphasis added]. The Declaration, upon which the Court based its Order, is legally insufficient because, among things, it is not sworn or made under the penalty of perjury as required by 28 U.S.C. § 1746.[1] 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, <u>in writing of such person which is subscribed by him, as true under penalty of perjury</u>, and dated, in substantially the following form:
> …
> (2) If executed within the United States, its territories, possessions, or commonwealths: "<u>I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct</u>. Executed on (date). [emphasis added]

The Declaration is neither sworn to, nor made under the penalty of perjury. The deficient Declaration was proffered by the PSC as the sole means of establishing causation in its claims against Liberty. Because the Declaration is not legally sufficient, and therefore, not appropriate for the Court's consideration, it could provide no evidence on the causation (or any) element of

---

[1] The Declaration is also legally insufficient under Fed.R.Civ.P. 56(c)(4) and inadmissible for several other reasons, including Dr. Austin's lack of personal knowledge to support the statements made therein. These deficiencies are discussed in Liberty's Reply, which is attached hereto as Exhibit A.

the PSC's claims.  Accordingly, because the Order is based on a legally insufficient and inadmissible Declaration, it must be reconsidered by the Court.

C.     <u>Liberty Was Denied Its Right to File a Reply to the PSC's Opposition As Permitted by MDL Order Nos. 9 and 11.</u>

The timing of the Order also deprived Liberty of its right to file a Reply as permitted by MDL Order Nos. 9 and 11 [Dkt. Nos. 1425 and 1524].  MDL Order No. 11 provides:

> For all dispositive motions and motions concerning the selection of bellwether cases for trial, the parties may file reply briefs and sur-reply briefs in accordance with the page limitations set forth in Section C, below.

MDL Order No. 11, Section B, p. 2.  Further, pursuant to MDL Order No. 9, Liberty is permitted 30 days after the filing of the PSC's Opposition to file its Reply.  MDL Order No. 9, Section V.C ("Replies in support of dispositive motions are due 30 days after the response is filed."). Accordingly, under the applicable orders of this Court, Liberty was afforded the right to file a Reply to the PSC's Opposition and that Reply was not due until January 22, 2015.

The Court entered the Order on December 23, 2014 at 1:39 p.m., less than fourteen hours after the PSC's Opposition was filed at 11:58 pm on December 22, 2014.  Had Liberty been given even one day to respond, its Reply would have brought the fatal deficiencies in the Opposition to the Court's attention.  Liberty has been deprived of the opportunity to file a Reply prior to the entry of the Order denying its motion.  A copy of the Reply that Liberty intended to (and had a right to) file is attached hereto as Exhibit A.  The Reply discusses the many fatal deficiencies in the PSC's Opposition and Dr. Austin's Declaration, which render both improper for the Court's consideration.  The Reply also highlights Dr. Austin's admission that the cause of the subject fungal meningitis outbreak cannot be identified.  Dr. Austin states: "As with any biological contamination event, such as that which occurred with the contaminated vials of MPA at NECC, there are a number of possible causes…Due to the number of possible causes for

4

contamination during the compounding process, it is unlikely that any definitive path of fungal contamination from an originating source to its final destination in the vials will be able to be identified." Declaration of Dr. Philip J. Austin, Ph. D [Dkt. No. 1610-1], ¶51.  This statement by the PSC's alleged expert undermines any purported reliance by the PSC or the Court on his Declaration to establish a genuine issue of material fact with respect to causation.  Because the Order was entered prematurely and thereby deprived Liberty of its right to file its Reply (and appropriate motions to strike both the Opposition and the Declaration), the Court must reconsider the Order.

### III.  CONCLUSION

In sum, the Order denying Liberty's summary judgment motions is based on an untimely Opposition and a facially and substantively insufficient declaration that was neither sworn to nor made under the penalty of perjury.  In addition, the Order deprived Liberty of its right to file a Reply to the PSC's Opposition as permitted under MDL Order Nos. 9 and 11.  Because of these failings, the Court must reconsider its Order and, for the reasons set forth in Liberty's motions for summary judgment and Reply, the Court must grant summary judgment in favor of Liberty.

WHEREFORE, Liberty respectfully requests that the Court reconsider its Memorandum of Decision dated December 23, 2014 denying Liberty's motions for summary judgment [Dkt. No. 1613] and grant summary judgment in favor of Liberty.

Respectfully submitted,

LIBERTY INDUSTRIES, INC.,
By its attorneys,

*/s/ Peter G. Hermes*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
Kara A. Loridas, BBO No. 681727
kloridas@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
(617) 728-0052 (F)

Dated:  December 24, 2014

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for Liberty Industries, Inc. conferred with counsel for Plaintiffs and attempted in good faith to resolve or narrow the issues raised herein.

*/s/ Peter G. Hermes*
Peter G. Hermes

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on December 24, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes

G:\DOCS\KAL\Liberty Industries\Pleadings\Mot. Reconsideration.docx