UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION. ) <br> ) <br> ) <br> This Document Relates to All Cases ) <br> ) | MDL No. 1:13-md-2419-RWZ |

**ARL BIOPHARMA, INC.'S MOTION FOR ENTRY OF AN ORDER LIMITING DISCOVERY AND STAY IN THESE PROCEEDINGS WITH RESPECT TO MOVANT AND RELATED SETTLING PARTIES**

ARL BioPharma, Inc., d/b/a Analytical Research Laboratories[1] ("ARL"), moves this Court (the "Motion"), in accordance with section III(e) of the Settlement Agreement and Release (as defined below), for entry of an order limiting discovery and staying actions in this multidistrict litigation (the "MDL") against the parties to the Settlement and Release Agreement dated December 4, 2014 (the "Settlement Agreement"), executed by Paul D. Moore (the "Trustee"), as the bankruptcy trustee in the bankruptcy case styled: *In re New England Compounding Center, Inc., d/b/a New England Compounding Center*, Case No. 12-19882, pending in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Case"), Landmark American Insurance

---

[1] The Settlement Agreement defines ARL to include all of ARL BioPharma, Inc.'s directors, officers, members, shareholders, Affiliates (as defined in the Agreement), owners, principals, agents, employees, servants, attorneys, accountants, insiders, purported alter egos, predecessors, successors and assigns, and all persons alleged to be derivatively liable through any of the forgoing, except to the extent that liability of the foregoing persons or entities is based on their relationship to entities other than ARL.  The ARL Affiliates are defined to include DNA Solutions, Inc.; The Kupiec Group LLC; Woda Investments LLC; Wasser Investments LLC; Kupiec Family Succession Trust; Kupiec Dakil Investments, LLC; Kreativ LLC; Teal Water Investments LLC; and Green Harvest Investments, LLC; and shall also include all of their directors, officer, members, owners, principals, agents, employees, servants, attorneys accountants, insiders, purported alter egos, predecessors, successors and assigns.  As used in this Motion, ARL shall include the same defined parties included in the Settlement Agreement, including those of the ARL Affiliates.

1

Company ("Landmark"), and ARL and its affiliates (collectively, the "Settling Parties"). The Settlement Agreement is supported by The Official Committee of Unsecured Creditors appointed in the Bankruptcy Case (the "Committee") and the Plaintiffs' Steering Committee appointed in this MDL case (the "PSC"). In support of this Motion, ARL respectfully submits the accompanying Memorandum in Support of ARL's Motion for Entry of an Order Limiting Discovery and Stay in These Proceedings with Respect to Movant and Related Settling Parties (the "Memorandum").

1. ARL was a testing laboratory that provided various testing services to New England Compounding Pharmacy, Inc. ("NECC"), when and as requested by NECC. It is unknown by ARL whether NECC engaged other testing laboratories.

2. Prosecution of claims against ARL has been subject to a stay by virtue of its agreement to mediate the claims asserted against ARL. *See* MDL Order No. 7, September 18, 2013 [Dkt. 438]. ARL, the Trustee, the Committee and the PSC negotiated the Settlement Agreement following a multi-day mediation held in Boston, in April 2014, and months of extensive negotiations thereafter.

3. Plaintiffs in numerous lawsuits have alleged that ARL is liable to them for various acts and omissions that contributed to the alleged harm caused by NECC products. Most of those lawsuits have been consolidated in this MDL.

4. ARL disputes having liability on the claims made by and against it and is confident that if those claims were taken to trial, ARL would be found to have no liability. ARL Asserts that it did not test any of the final product that is alleged to have injured the plaintiffs. However, as with all civil complaints, the parties must consider the

economic realities associated with the cost of defending these claims and the uncertainty associated with any litigation.

5.      ARL and its insurer, Landmark entered into the Settlement Agreement, with each disputing any and all liability as to claims against ARL, and have remitted $6.4 million as part of the funding of a proposed Plan of Reorganization (the "Plan") in the Bankruptcy Case.  The $6.4 million is now held in escrow pending confirmation of the Plan and satisfaction of various other conditions set forth in the Settlement Agreement. The Trustee is seeking approval of the Settlement Agreement as part of Plan confirmation.

6.      Should the Court not grant the requested relief, the Settlement Agreement becomes null and void and of no further force or effect.

7.      The Settlement Agreement provides that ARL will seek a stay of these MDL proceedings with respect to it and its Affiliates, which will also address the scope of discovery permitted against ARL, once the Settlement Agreement has been approved by the Bankruptcy Court.  Consistent with the stay ordered on October 9, 2014 [Dkt. 1481], with respect to certain NECC insiders who had entered into a settlement agreement. ARL seeks an order staying litigation against ARL but permitting discovery of ARL in connection with the prosecution or defense of claims against third parties.  As was observed previously by the Trustee in connection with the stay sought in connection with the settlement with the NECC insiders and related settling parties, the approval of the Settlement Agreement will obviate the need for the continuation of litigation against ARL.

8. ARL requests in this Motion that this Court enter an order staying the MDL proceeding, and limiting discovery therein, with respect to ARL. Specifically, ARL requests that such order provide for:

(i) a prohibition against any party to the MDL seeking dispositive relief against ARL;

(ii) a prohibition against any party to the MDL seeking any form of prejudgment security from or against ARL or their assets, including, but not limited to, any attachments, injunctions, writs or orders of any nature; and

(iii) the permissibility of discovery against ARL, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than ARL.

9. The requested relief will preserve the benefit of the Settlement Agreement for all interested parties without impeding the progress of the remaining actions in the MDL that have not settled, thereby obviating both the need for further litigation against ARL in these MDL proceedings and the related burden and expense.

10. The stay requested herein will terminate upon the confirmation of the Chapter 11 Plan that has been proposed by the trustee and all parties' rights will be governed by the confirmed Plan thereafter. However, the applicable statute of limitations and/or state-law suit requirements on any such claims for the duration of the requested stay should be tolled so that they are preserved in the event ARL does not ultimately obtain third-party releases via a plan of reorganization. The stay granted will terminate

upon the confirmation of the Chapter 11 Plan that has been proposed by the trustee and all parties' rights will be governed by the confirmed Plan, thereafter.

Accordingly, for the reasons stated herein and in the supporting Memorandum, and with the support of the Trustee, the Committee, and the PSC, ARL respectfully requests that this Court (i) grant the Motion, (ii) enter an order staying these MDL proceedings, and limiting discovery therein, with respect to ARL as set out above, and (iii) grant ARL such other and further relief as this Court deems just and proper.

Dated:  December 31, 2014

Respectfully submitted,

DONOVAN HATEM LLP

/s/     Kenneth B. Walton
Kenneth B. Walton (BBO #562174)
Kristen Ragosta (BBO #664362)
Courtney A. Longo (BBO #666466)
Exchange Place
53 State Street, 8th Floor
Boston, MA  02109
617.406.4500 – telephone
617.406.4501 – facsimile
kwalton@donovanhatem.com
kragosta@donovanhatem.com

Case 1:13-md-02419-RWZ   Document 1620   Filed 12/31/14   Page 6 of 6

## CERTIFICATE OF SERVICE

   I hereby certify that on December 31, 2014, a true and exact copy of the foregoing was filed with the Clerk of Court using the ECF System that sent a notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

                /s/  Courtney A. Longo
                Kenneth B. Walton (BBO #562174)
                Kristen Ragosta (BBO #664362)
                Courtney A, Longo (BBO #666466)

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2014, a true and exact copy of the foregoing was filed with the Clerk of Court using the ECF System that sent a notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

/s/    Courtney A. Longo
Kenneth B. Walton (BBO #562174)
Kristen Ragosta (BBO #664362)
Courtney A, Longo (BBO #666466)