UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION. )
                                                          )
                                                          )  MDL No. 1:13-md-2419-RWZ
This Document Relates to All Cases )
                                                          )

**MEMORANDUM IN SUPPORT OF ARL BIOPHARMA, INC.'S
MOTION FOR ENTRY OF AN ORDER LIMITING DISCOVERY
AND STAY IN THESE PROCEEDINGS WITH RESPECT TO MOVANT
AND RELATED SETTLING PARTIES**

ARL BioPharma, Inc., d/b/a Analytical Research Laboratories[1] ("ARL"), respectfully submits this memorandum in support of its motion (the "Motion") for entry of an order limiting discovery and staying actions in this multidistrict litigation (the "MDL") against those parties to the Settlement and Release Agreement dated December 4, 2014 (the "Settlement Agreement"), executed by Paul D. Moore (the "Trustee"), as the bankruptcy trustee in the case styled *In re: New England Compounding Center, Inc., d/b/a New England Compounding Center*, Case No. 12-19882, now pending in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy

---

[1] The Settlement Agreement defines ARL to include all of ARL BioPharma, Inc.'s directors, officers, members, shareholders, Affiliates (as defined in the Agreement), owners, principals, agents, employees, servants, attorneys, accountants, insiders, purported alter egos, predecessors, successors and assigns, and all Persons alleged to be derivatively liable through any of the forgoing, except to the extent that liability of the foregoing persons or entities is based on their relationship to entities other than ARL.  The ARL Affiliates are defined to include DNA Solutions, Inc.; The Kupiec Group LLC; Woda Investments LLC; Wasser Investments LLC; Kupiec Family Succession Trust; Kupiec Dakil Investments, LLC; Kreativ LLC; Teal Water Investments LLC; and Green Harvest Investments, LLC; and shall also include all of their directors, officer, members, owners, principals, agents, employees, servants, attorneys accountants, insiders, purported alter egos, predecessors, successors and assigns.  As used in this Motion, ARL shall include the same defined parties included in the Settlement Agreement, including those of the ARL Affiliates.

1

Case"), Landmark American Insurance Company ("Landmark"), and ARL, including the ARL affiliates (collectively, the "Settling Parties"). The Settlement Agreement is supported by The Official Committee of Unsecured Creditors appointed in the Bankruptcy Case (the "Committee") and the Plaintiffs' Steering Committee appointed in the MDL (the "PSC").

I. Background

By way of background, ARL generally incorporates the Background recited in a similar motion filed in this matter by the Trustee in his "Trustee's Motion for Entry of an Order Limiting Discovery and Staying these Proceedings with respect to NECC Insiders and Related Settling Parties" [Dkt. 1343, filed August 14, 2014]. That motion was granted with certain modificationsby order of this Court on October 9, 2014 [Dkt. 1481]. As additional background, ARL was a testing laboratory that provided various testing services to New England Compounding Pharmacy, Inc. ("NECC"), when and as requested by NECC. It is unknown by ARL whether NECC engaged other testing laboratories.

Prosecution of claims against ARL has been subject to a stay by virtue of ARL's agreement to mediate the claims asserted and threatened against ARL in this matter. *See* MDL Order No. 7, September 18, 2013 [Dkt. 438]. ARL, the Trustee, the Committee and the PSC negotiated the Settlement Agreement following a multi-day mediation held in Boston in April 2014 and months of extensive negotiations thereafter.

Plaintiffs in numerous lawsuits have alleged that ARL is liable to them for various acts and omissions that contributed to the alleged harm caused by NECC products. Most

of those lawsuits are part of this MDL. ARL disputes having liability on the claims made and threatened against it and is confident that if those claims were taken to trial, ARL would be found to have no liability. However, as with all civil complaints, the parties must consider the economic realities associated with the cost of defending the claims and the uncertainty associated with any litigation.

II.     The Settlement

ARL and its insurer, Landmark, entered into the Settlement Agreement, with each disputing any liability as to any and all claims against ARL, and have remitted $6.4 million as part of the funding of a Plan of Reorganization (the "Plan") in the Bankruptcy Case. The $6.4 million is now held in escrow pending confirmation of the Plan and satisfaction of various other conditions set forth in the Settlement Agreement. The Trustee is seeking approval of the Settlement Agreement as part of the Plan.

The Settlement Agreement provides that ARL will seek a stay of these MDL proceedings with respect to it and its Affiliates, which will also address the scope of discovery permitted against ARL, once the Settlement Agreement has been approved by the Bankruptcy Court. Consistent with the stay ordered on October 9, 2014 [Dkt. 1481], ARL seeks an order staying litigation against ARL, but permitting discovery of ARL in connection with the prosecution or defense of claims against third parties. As was observed previously by the Trustee in connection with the stay sought in connection with the settlement with the NECC Insiders and related settling parties, the approval of the Settlement Agreement will obviate the need for continued litigation against ARL. The

Trustee, the Committee, and the PSC all support the Court granting the relief requested herein by ARL.

### III. Relief Requested

ARL respectfully requests that this Court grant the Motion and enter an order staying the MDL proceeding, and limiting discovery therein, with respect to ARL. Specifically, ARL requests that such order provide for:

(i) a prohibition against any party to the MDL seeking dispositive relief against ARL;

(ii) a prohibition against any party to the MDL seeking any form of prejudgment security from or against ARL or their assets, including, but not limited to, any attachments, injunctions, writs or orders of any nature; and

(iii) the permissibility of discovery against ARL, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than ARL.

Throughout the course of the MDL, this Court has effectively stayed all litigation pertaining to the so-called "Affiliated Defendants," which by definition included, among others, ARL, in order to afford the Trustee and ARL the ability to focus on and negotiate a settlement without the burden and expense of discovery and to defer determining the scope and manner of discovery that would be appropriate until it was known whether a settlement could be achieved, and with whom. This was accomplished through a stay of discovery as to the Affiliated Defendants and the continuance of the deadline by which the PSC must file a master complaint against the Affiliated Defendants. *See, e.g.*, MDL

Order No. 6, at 13, June 28, 2013, MDL No. 13-2419 [Doc. 209] ("Formal discovery of NECC and the affiliated defendants shall remain temporarily stayed"); Hearing Transcript at 47, May 13, 2014, *In re New England Compounding Pharmacy Cases Litigation* (MDL No. 13-2419) (continuing PSC's deadline to file master complaint against Affiliated Defendants to September 2, 2014).

In objecting to prior requests by the PSC and others to lift the discovery stay in the MDL, the Trustee noted that his objection was "with respect to when the discovery stay will be lifted and the scope of discovery, not whether it will be lifted at all." Chapter 11 Trustee's Opposition to Defendant Liberty Industries, Inc.'s Motion to Lift the Discovery Stay with Respect to the Affiliated Defendants [Doc. 1263], at 2; *see also* Hearing Transcript at 17-19, June 19, 2014, *In re New England Compounding Pharmacy Cases Litigation* (MDL No. 13-02419) ("The Trustee's position has been and continues to be that lifting the discovery stay is premature . . . the appropriate time to take this up is after Judge Boroff has either approved the settlement or not approved the settlement."). The Trustee's goal remains to finalize and obtain approval of any settlements, including the ARL Settlement Agreement, before proceeding with potentially unnecessary, time consuming and costly discovery and litigation in the MDL.

The Trustee has now submitted his proposed Plan to the Bankruptcy Court, which incorporates in part, the Settlement Agreement reached by the Trustee, the Committee, the PSC and ARL. Accordingly, ARL respectfully requests that this Court stay these MDL proceedings as they pertain to ARL.

The granting of the stay contemplated by the Settlement Agreement is critical to the implementation and consummation of the settlement terms agreed to by the Trustee,

the Committee, the PSC and ARL. Specifically, the Settlement Agreement provides that "should the MDL Court deny ARL's motion for the MDL Stay Order, [the Settlement] Agreement shall become null and void and of no further force or effect, with all Parties being restored to the positions they held immediately prior to the execution hereof." Settlement Agreement, Section III(e).

The requested relief will preserve the benefits of the Settlement Agreement without impeding the progress of the cases in the MDL against defendants that have not settled. Absent the requested stay, ARL would be forced to proceed with litigation (and to incur the associated costs), thereby depriving ARL of an important benefit it negotiated as an incentive for it to enter into the Settlement Agreement. Moreover, the denial of the requested stay, and the resulting nullity of the Settlement Agreement, would likely result in the $6.4 million that ARL and Landmark have escrowed under the Settlement Agreement being exhausted by defense costs, thereby depriving the MDL parties who have asserted or threatened claims against ARL of the ability to recover any of the escrowed $6.4 million, even if their litigation against ARL were successful. On the other hand, by permitting discovery to proceed with respect to claims by and against third parties, ARL's burden would be limited and no third party would be precluded from seeking discovery necessary for it to prosecute or defend claims against individuals and entities other than ARL. Thus, the requested stay would not delay resolution of the MDL cases that have not settled. ARL asserts that the requested stay of litigation and limitation of discovery against it is both necessary and appropriate.

IV. <u>Conclusion</u>

For all of the foregoing reasons, ARL respectfully requests that this Court grant the Motion and enter an order, substantially in the form attached hereto as Exhibit A, staying the MDL proceeding, and limiting discovery therein, with respect to ARL. Specifically, ARL requests that such order provide:

(i) a prohibition against any party to the MDL seeking dispositive relief against ARL;

(ii) a prohibition against any party to the MDL seeking any form of prejudgment security from or against ARL or their assets, including, but not limited to, any attachments, injunctions, writs or orders of any nature; and

(iii) the permissibility of discovery against ARL, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than ARL.

        Respectfully submitted,

        DONOVAN HATEM LLP

        /s/     Kenneth B. Walton
        Kenneth B. Walton (BBO #562174)
        Kristen Ragosta (BBO #664362)
        Courtney A. Longo (BBO #666466)
        Exchange Place
        53 State Street, 8th Floor
        Boston, MA  02109
        617.406.4500 – telephone
        617.406.4501 – facsimile
        kwalton@donovanhatem.com
        kragosta@donovanhatem.com

Dated:  December 31, 2014.

## CERTIFICATE OF SERVICE

    I hereby certify that on December 31, 2014, a true and exact copy of the foregoing was filed with the Clerk of Court using the ECF System that sent a notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

        /s/      Courtney A. Longo
        Kenneth B. Walton (BBO #562174)
        Kristen Ragosta (BBO #664362)
        Courtney A. Longo (BBO #666466)