UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE:  NEW ENGLAND COMPOUNDING  )
PHARMACY, INC. PRODUCTS LIABILITY  )
LITIGATION.  )
   )
   )       MDL No. 1:13-md-2419-RWZ
   This Document Relates to All Cases  )
   )

# ORDER

ARL BioPharma, Inc., d/b/a Analytical Research Laboratories[1] ("ARL"), a defendant in the multidistrict litigation ("MDL"), has moved for entry of an order limiting discovery and staying actions in this MDL against those parties to the Settlement and Release Agreement dated December 4, 2014 (the "Settlement Agreement"), executed by Paul D. Moore, as the bankruptcy trustee in the case styled *In re:  New England Compounding Center, Inc., d/b/a New England Compounding Center*, Case No. 12-19882 (the "Bankruptcy Case"), now pending in the United States Bankruptcy Court for the District of Massachusetts, Landmark American Insurance Company ("Landmark"), and ARL, including the ARL affiliates (as defined in the Settlement Agreement).  The Settlement Agreement is supported by Paul D. Moore, the Chapter 11 trustee ("Trustee")

---

[1] Including all of ARL BioPharma, Inc.'s directors, officers, members, shareholders, Affiliates (as defined in the Agreement), owners, principals, agents, employees, servants, attorneys, accountants, insiders, purported alter egos, predecessors, successors and assigns, and all Persons alleged to be derivatively liable through any of the forgoing, except to the extent that liability of the foregoing persons or entities is based on their relationship to entities other than ARL.  The ARL Affiliates are defined to include DNA Solutions, Inc.; The Kupiec Group LLC; Woda Investments LLC; Wasser Investments LLC; Kupiec Family Succession Trust; Kupiec Dakil Investments, LLC; Kreativ LLC; Teal Water Investments LLC; and Green Harvest Investments, LLC; and shall also include all of their directors, officer, members, owners, principals, agents, employees, servants, attorneys accountants, insiders, purported alter egos, predecessors, successors and assigns.  As used in this Order, ARL shall include the same defined parties included in the Settlement Agreement, including those of the ARL Affiliates.

1

of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center, the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case and the Plaintiffs' Steering Committee appointed in this MDL.  ARL's Motion, filed December 31, 2014 (Docket # \_\_\_\_), and the Memorandum in Support of ARL's Motion, filed December 31, 2014 (Docket # \_\_\_), seek, with respect to ARL:

(i) a prohibition against any party to the MDL seeking dispositive relief against ARL;

(ii) a prohibition against any party to the MDL seeking any form of prejudgment security from or against ARL or their assets, including, but not limited to, any attachments, injunctions, writs or orders of any nature; and

(iii) the permissibility of discovery against ARL, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than ARL.

Entry of this order is necessary to prevent the Settlement Agreement from becoming null and void and of no further force or effect, and allows ARL to receive important negotiated benefits while permitting other litigation to proceed.

This order is sufficiently clear and reasonable in scope.  It does not prohibit defendants from pressing affirmative defenses or claims against individuals or entities other than ARL, nor does it block discovery relevant to such defenses (including comparative fault or negligence) or claims from ARL.  The order does bar the continued

pursuit of direct claims or affirmative cases against ARL. However, the applicable statute of limitations and/or state-law suit requirements on any such claims for the duration of the requested stay shall be tolled so that they are preserved in the event ARL does not ultimately obtain third-party releases via a plan of reorganization. The stay granted will terminate upon the confirmation of the Chapter 11 Plan that has been proposed by the trustee and all parties' rights will be governed by the confirmed Plan, thereafter. ARL's Motion for Entry of an Order Limiting Discovery and Stay in These Proceedings with Respect to Movant and Related Settling Parties (Docket # ____) is ALLOWED.

Dated: _____, 20___.

                                                  Rya W. Zobel
                                                  United States District Judge