UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING | ) | MDL No. 2419 |
| PHARMACY, INC. PRODUCTS LIABILITY | ) | Dkt. No 1:13-md-2419 (RWZ) |
| LITIGATION | ) | |
| | ) | |
| | ) | |

**SAINT THOMAS ENTITIES' RESPONSE IN OPPOSITION TO PSC'S OBJECTIONS TO MAGISTRATE JUDGE BOAL'S ORDER DENYING ITS MOTION TO COMPEL PRODUCTION OF INSURANCE AGREEMENTS**

The Saint Thomas Entities[1] hereby file their response in opposition to the PSC's objection to magistrate Judge Boal's order denying its motion to compel production of their self-insurance trust documentation.

**SUMMARY**

The PSC objects to Magistrate Judge Boal's discovery order, claiming it is entitled to a second opinion because it did not like the first.  However, this Court having referred the discovery dispute to Judge Boal and pursuant to Federal Rule of Civil Procedure 72(a), the PSC must now establish that her order was clearly erroneous or contrary to law in order to obtain the relief it seeks.  The PSC's objection – which wrongly argues for *de novo* review – falls woefully short of the required showing.  Indeed, Judge Boal's order is supported by an uncontroverted affidavit establishing that the self-insurance documents the PSC sought were not "insurance agreement(s) upon which an insurance business may be liable" and thus not subject to disclosure under Rule 26.  It is also supported by advisory committee notes to Rule 26 as well as a state court appellate decision reaching the same conclusion on the precise documents at issue.  Having failed to provide Judge Boal with evidence supporting their claims or controlling case law, and

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

53859859.1                                             - 1 -

having failed to convince her despite a full oral argument, the PSC now asks this Court to conclude that Judge Boal acted contrary to law based on little more than citations to dictionary definitions and a claim of relevance based on pure speculation. This Court should overrule the PSC's objections and allow Judge Boal's ruling to stand.

## STANDARD OF REVIEW

This Court referred the PSC's motion to compel to Magistrate Judge Boal on October 23, 2014. Docket No. 1503. Judge Boal held oral argument on the motion on December 4, 2014, and issued her order denying the motion on December 9, 2014. Order on Plaintiffs' Steering Committee's Motion to Compel Production of Insurance Agreements ("Order"), Docket No. 1590.

Magistrate decisions on non-dispositive issues are subject to limited and deferential review. *See Rubin v. Valicenti Advisory Servs.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007). In accordance with 28 U.S.C. § 636, a magistrate judge may be designated to "***hear and determine*** any pretrial matter pending before the court" other than a limited number of dispositive matters.[2] 28 U.S.C. § 636(b)(1)(A) (emphasis added). A district court may reconsider a magistrate's decision on non-dispositive matters "where it has been shown that the magistrate judge's order is ***clearly erroneous or contrary to law***." 28 U.S.C. 636(b)(1)(A) (emphasis added). "Consistent with this dichotomy between dispositive and non-dispositive motions, Federal Rule of Civil Procedure 72 sets out two separate standards of review to be employed by a district judge in reviewing a magistrate judge's determinations." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010). When a magistrate judge decides a non-dispositive motion, the district judge

---

[2] The dispositive motions include a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

may, given a timely appeal, set aside the order if it "is clearly erroneous or is contrary to law." *Id.*; Fed. R. Civ. P. 72(a); *see also In re Admin. Subpoena Blue Cross Blue Shield of Mass., Inc.*, 400 F. Supp. 2d 386, 388 (D. Mass. 2005) ("If the motion is nondispositive, then the Court may only modify the order to the extent that it is 'clearly erroneous or contrary to law.'").

While the PSC acknowledges that it has filed an objection to Judge Boal's order "[p]ursuant to Federal Rule of Civil Procedure 72(a)," it inexplicably cites and briefs the *de novo* standard of review. *See* Plaintiff' Steering Committee's Objections to Magistrate Judge Boal's Order Denying its Motion to Compel Production of Insurance Agreements ("Objection"), p. 7. Such review is only available for dispositive matters on which a magistrate has made a recommendation, not entered a final order. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). And a motion to compel discovery is clearly a nondispositive matter. *See Hofland v. LaHaye*, 2010 U.S. Dist. LEXIS 2943, at * 4 (D. Me. Jan. 14, 2010) (citing *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993); 7 Moore, Lucas & Sinclair, Jr., Moore's Federal Practice ¶ 72.03, at 72-23 (2d ed. 1989); 12 Wright, Miller & Elliot, Federal Practice & Procedure § 3076.5 (Supp. 1989).

"Under the 'clearly erroneous' standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Rubin v. Valicenti Advisory Servs.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007). Instead, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008). "Pursuant to this highly deferential standard, a magistrate judge is afforded broad discretion in resolving discovery disputes, and reversal is ordinarily appropriate only if that discretion is abused." *Emerson Elec. Co. v. Ouellette*, 1998 U.S. Dist. LEXIS 23845, at *4-*5 (D.N.H. May

12, 1998). (citations omitted). "Review of a magistrate judge's order on nondispositive issues is 'extremely deferential,' and parties seeking to overturn the magistrate's discovery ruling 'bear a heavy burden.'" *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013); *Citicorp. v. Interbank Card Ass'n*, 87 F.R.D. 43, 46 (S.D.N.Y. 1980).

## RESPONSE TO OBJECTIONS

Viewed in light of the proper standard of review, the PSC's objections do not come close to establishing that Judge Boal abused her discretion or acted contrary to law.

### I. JUDGE BOAL PROPERLY APPLIED THE LIMITED SCOPE OF DISCLOSURE REQUIRED BY RULE 26

The title of the PSC's first objection alone reflects that Magistrate Boal did not clearly err in her ruling. Rather than claiming there had been a violation of the letter of the law, the PSC argues that Judge Boal failed to enforce "the intent" of Rule 26, which it states is to "advance litigation" and promote settlement. Objection, p. 7. The PSC next attempts an equitable argument, stating that the Saint Thomas Entities will not be harmed by being required to produce documents Rule 26 does not require them to produce. Objection, p. 8. The PSC's unilateral perception of a lack of harm is hardly the standard for discoverability, and the PSC does not even attempt to argue in its first objection that Judge Boal has acted contrary to law, which accordingly provides no basis for reversal of her decision.

### II. JUDGE BOAL'S CONCLUSION THAT THE DOCUMENTS CONCERN SELF-INSURANCE IS NOT CLEARLY ERRONEOUS

The PSC next objects to Judge Boal's conclusion that "the Trust Agreement is not discoverable pursuant to Rule 26(a)(1)(A)(iv)" because it is not an "insurance agreement" that was issued by an "insurance business." *See* Order, p. 4. Judge Boal specifically noted that her finding was based on "the record before the Court," which included the uncontroverted affidavit of Janet Roth, an insurance specialist. *Id.* As the affidavit explained, the Saint Thomas Entities

"have not transferred risk to Ascension Risk Services or any other third party." *Id.* (citing the Roth Affidavit at ¶ 6.).  And as the Saint Thomas Entities explained in briefing to Judge Boal, the key component of an insurance agreement is the ***transfer of risk*** to an ***insurance business*** in exchange for a premium.[3]  So not only was there uncontroverted evidence that no transfer of risk had occurred, there was uncontroverted evidence that no agreement had been issued by an "insurance business."  As the Saint Thomas Entities explained in their briefing and as Judge Boal's order confirms, there is no evidence that the Trust members, including the Saint Thomas Entities, are insurance businesses.  *See* Order at p. 5, fn. 6.  They are healthcare organizations, not insurance companies.  Further, Ascension Risk Services is the Trust administrator and is not potentially "liable to satisfy all or part of a possible judgment" in this or any other action.

Judge Boal's order and findings are supported not only by the evidence, but by other courts similarly concluding that self-insured pools like the Trust are not insurance companies and are not engaged in the business of insurance.  *See, e.g., Esposito v. Simkins Indus.*, 943 A.2d 456, 468 (Conn. 2008) (self insurer is not an "insurer" excluded from coverage under the Connecticut Insurance Guaranty Association Act); *California Pacific Homes, Inc. v. Scottsdale Ins. Co.* (1999) 70 Cal.App.4th 1187, 1193-1195 (Cal. App. 1 Dist. 1999) (holding that self-insured retentions during the period of a continuous loss were not primary insurance that must be exhausted before the insurers could have a duty to indemnify).  As one court explained, there is no "contract to indemnify another," and "the [pool] does not indemnify its member agencies in the traditional sense."  *Orange Co. Water Dist. v. Ass'n of Cal. Water etc. Authority*, Cal. Rptr. 2d 182, 185 (Cal. Cat. App. 1997).  Since all of the participants are health care organizations rather than insurance businesses, and the participants have not agreed to indemnify each other

---

[3] Appleman's treatise on insurance law plainly states that "the primary purpose of [an insurance contract] is *to transfer risk*." *New Appleman on Insurance Law, Library Edition*, vol. 1, ch. 1, § 1.03[2] (emphasis in original).

like a traditional insurance arrangement, any documents related to the Trust are not discoverable.[4]

While the PSC has cited to several cases in which insurance pool arrangements were required to be produced, these opinions are hardly dispositive. *See, e.g.,* Objection, p. 13. The predominantly state-law cases are highly fact specific, resting on their own evidentiary records. And by definition, none of the cases concerns situations where a finding has been made, based on submitted evidence, that the arrangement at issue qualifies as self-insurance and does not constitute an insurance business. Only one case was ever presented to Judge Boal adjudicating the precise self-insurance trust at issue in this matter. That case was a Michigan court of appeals decision which, like Judge Boal's order, concluded that the self-insurance trust documents were not subject to automatic disclosure and not otherwise discoverable. *See* Saint Thomas Entities' Response in Opposition to PSC's Motion to Compel Production of Self-Insurance Trust Documents ("Opposition"), Attachment Two (Court of Appeals, State of Michigan Order), ECF No. 1494-2.

In considering the PSC's latest arguments, the Court should be aware of the other arguments the PSC made to Judge Boal that were properly and soundly rejected. For example, the PSC began by arguing that Judge Boal had already decided that the self-insurance trust documents were required to be produced and that the Saint Thomas Entities were already in violation of her previous order by withholding them. Judge Boal, recognizing the gamesmanship at hand, disagreed:

> Contrary to the PSC's suggestion, this Court has not specifically ordered the Saint Thomas Entities to produce the insurance information at issue. See Docket No. 1469 at 1, 2. Rather, in a November 13, 2013 order, ***the Court found that the PSC had inappropriately attempted to subpoena insurance information from***

---

[4] *See* Fed. R. Civ. P. 26(a)(1)(A)(iv).

> ***non-parties*** to this action and noted that parties to the action were already required to provide certain insurance information pursuant to Rule 26(a)(1)(A)(iv). Docket No. 572 at 21. In that order, the Court did not rule on the issues presented by the instant motion.

Order at p. 4, fn. 5 (emphasis added). In other words, this is not the first time that Judge Boal has had to curb the PSC's attempt to overreach for information to which it was not entitled under the law. The PSC also attempted to argue that Ascension Risk Services was a registered insurance company, an argument it appears to have abandoned after the Saint Thomas Entities submitted evidence to Judge Boal that the claim was false and lacked any foundation whatsoever. *See* Opposition, p. 10; Roth Affidavit at ¶ 7.

### III. JUDGE BOAL'S CONCLUSION THAT THE DOCUMENTS ARE NOT RELEVANT TO THE PSC'S CLAIMS IS NOT CONTRARY TO LAW

In a last ditch effort, the PSC objects to Judge Boal's determination that the trust documents are not relevant to the PSC's claims. The United States Supreme Court has emphasized the substantial discretion normally given to the trial court on matters concerning relevance. *See, e.g., Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379 (2008). Here, the PSC does little more than speculate that the trust documents "will likely contain" information that some party "may refer to or rely upon." Objection at 15. Far from establishing that Judge Boal acted contrary to law, it is unclear what the PSC even means by this argument. Conceding it cannot show how the trust documents are relevant to any claim or defense, the PSC has little choice but to argue that the documents somehow have "the potential to lead to" relevant evidence, a "potential" the PSC is unable to explain.

### CONCLUSION

Having failed to establish that it was entitled to the self-insurance trust documents in the first instance before Judge Boal, the PSC has not come close to establishing that Judge Boal

made a clearly erroneous decision that is contrary to law. Accordingly, this Court should overrule its objections.

Respectfully submitted,

/s/ Sarah Kelly
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9000 (FAX)

**AND**

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

FULBRIGHT & JAWORSKI LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas  78701
(512) 482-9300
(512) 428-9303 (FAX)

*Attorneys for Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network*

*Admitted *pro hac vice*

53859859.1

- 9 -

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 2nd day of January, 2015.

                                      /s/ Sarah Kelly
                                      Sarah P. Kelly

2707643.1