UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 1:13-md-2419-RWZ |
| This Document Relates to:<br>    All Cases | ) ) ) ) | |

**JOINT JOINDER OF THE CHAPTER 11 TRUSTEE AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
ARL BIOPHARMA, INC.'S MOTION FOR ENTRY OF AN ORDER
LIMITING DISCOVERY AND STAY IN THESE PROCEEDINGS WITH
RESPECT TO MOVANT AND RELATED SETTLING PARTIES**

Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), and the Official Committee of Unsecured Creditors of NECC (the "Official Committee"), by and through their respective undersigned counsel, respectfully and jointly submit this joinder (the "Joinder") to *ARL Biopharma, Inc.'s* ("ARL") *Motion for Entry of an Order Limiting Discovery and Stay in These Proceedings With Respect to Movant and Related Settling Parties* [Dkt. No. 1620] (the "ARL Motion").[1]  In support of this Joinder, the Trustee and the Official Committee respectfully state as follows:

**BACKGROUND**

1.  As this Court is aware, the Trustee, with the full participation and support of the Official Committee and the Plaintiffs' Steering Committee, has entered into a settlement (evidenced by a "Settlement Agreement") with the Settling Parties.[2]  Through the Settlement, the

---

[1]  Capitalized terms not defined herein shall have the meaning ascribed to them in the ARL Motion.

[2]  The Settling Parties are ARL, its affiliates, and ARL's insurer, Landmark American Insurance Company. The Settlement Agreement will be publicly filed with the Plan Supplement to be filed in NECC's Chapter 11 Case no later than February 13, 2015.

Trustee, the Official Committee, and the Plaintiffs' Steering Committee have added to the significant "Claimants' Compensation Fund" intended for distribution through a chapter 11 plan to NECC's creditors. In particular, the Settling Parties have contributed cash in the amount of $6.4 million in exchange for releases from liability and injunctions in aid thereof (collectively, the "Plan Releases and Injunctions") to be embodied in a chapter 11 plan that will resolve, *inter alia*, the claims against NECC, its insiders and affiliates, and other parties resulting from the nationwide dissemination of tainted preservative-free methylprednisolone acetate ("MPA") compounded by NECC.[3] In December 2014, ARL and its insurer remitted the full amount of the settlement monies to the Trustee, to be held in in escrow pending confirmation of the Plan.

2. The Settlement Agreement provides that ARL will seek entry of an order staying litigation against ARL, but permitting discovery of ARL in connection with the prosecution or defense of claims against third parties. Accordingly, in the ARL Motion, the Settling Parties seek:

(i) a prohibition against any party to the MDL seeking dispositive relief against ARL;

(ii) a prohibition against any party to the MDL seeking any form of prejudgment security, including, but not limited to, any attachments, injunctions, writs or orders of any nature with regard to ARL; and

(iii) the permissibility of discovery against ARL, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Settling Parties,

in each case, such relief to terminate on the effective date of the Plan.

---

[3] As this Court is aware, the Trustee and the Official Committee jointly filed a proposed chapter 11 plan for NECC (the "Plan") on December 3, 2014. See *Notice Of Filing Joint New England Compounding Center, Inc. Chapter 11 Plan* [Dkt. No. 1573]. The Trustee and the Official Committee anticipate amending the Plan and the disclosure statement related thereto to encompass and describe the settlement with the Settling Parties.

2

3. The requested relief is identical to the relief granted by this Court to other parties who have entered into settlements with the Trustee in connection with contributions to the Claimants' Compensation Fund.  See <u>Order Limiting Discovery and Staying These Proceedings With Respect to NECC Insiders and Related Settling Parties</u> [Dkt. No. 1482].

**JOINDER**

4. For the reasons set forth in the ARL Motion and the memorandum in support thereof [Dkt. No. 1621], the Trustee and the Official Committee join in and support the ARL Motion (the arguments and authorities of which are incorporated as if fully set forth herein). The Trustee and the Official Committee respectfully request that this Court grant the ARL Motion and enter an order staying the MDL proceeding, and limiting discovery therein, with respect to the Settling Parties.

5. The granting of the stay and limitation of discovery requested in the ARL Motion is critical to the implementation and consummation of the settlement terms agreed to by the Trustee and the Settling Parties. In particular, the Settlement Agreement provides that the Agreement will be null and void, *i.e.*, ***that the monies already funded to escrow will be returned to the Settling Parties****,* if the Settling Parties' request for a stay and a limitation on discovery is denied. The Trustee and the Official Committee, as fiduciaries of the NECC estate and all unsecured creditors thereof, including victims of NECC's tainted drugs, respectfully submit that this consideration alone justifies the granting of the stay and limitation of discovery requested in the ARL Motion.

6. In addition, as this Court is aware, further settlements with other potentially liable third parties, including clinics and health care providers that administered tainted MPA, are essential to maximizing of recoveries for the benefits of victims and to the success of the plan

envisioned by the Trustee and the Official Committee. The failure to grant the requested stay and limitation of discovery would adversely impact the Trustee's ability to settle with other parties by depriving the Settling Parties of an important benefit they obtained as an incentive for them to settle. Conversely, the Trustee and Official Committee respectfully submit that granting the relief requested in the Stay Motion is likely to provide other potentially liable third parties with comfort that they will enjoy the benefits of their bargains, and therefore to incentivize further settlements and further contributions to the Claimants Compensation Fund.

7. The requested relief will also minimize the burdens on and cost to NECC's bankruptcy estate pending the bankruptcy court's consideration of the Plan (as noted above, the requested relief will terminate on the effective date of the Plan). Continued litigation and discovery in this MDL Proceeding against the Settling Parties in the interim threatens to be both expensive and time-consuming, and those parties will undoubtedly expect NECC's estate to participate meaningfully therein. However, if and when the Plan is confirmed, the Settling Parties' requested relief will be effectively replaced by the Plan Releases and Injunctions, and the Settling Parties will, for all intents and purposes, exit the MDL Proceeding, making such litigation and discovery (and the related expense of estate time and resources) needless.[4]

8. Finally, the Trustee and the Official Committee note that the stay of this MDL Proceeding contemplated by the Settlement Agreement will <u>not</u> enjoin parties from seeking relevant discovery from the Settling Parties to the extent such discovery is necessary to the prosecution or defense of claims against other defendants (for example, clinics and health care providers). The Settlement Agreement is instead tailored to preserve the rights of third parties to fully develop or defend, as applicable, any claims they may have against non-Settling Parties.

---

[4] By contrast, in the event that the Plan Releases and Injunctions are not approved, the Settling Parties' requested relief will terminate, the Settling Parties will remain in the MDL Proceeding, and parties will be free to continue seeking dispositive relief or prejudgment security from them.

4

And given this Court's previous entry of an order granting identical relief to other settling parties, the relief requested is unremarkable.

9.      Accordingly, the Trustee and the Official Committee respectfully submit that the stays of this MDL Proceeding with respect to Settling Parties, and the parameters for discovery thereof, contemplated by the Settlement Agreement are warranted, necessary and appropriate to preserve the limited assets of the estate pending plan confirmation, and are narrowly tailored to achieve that goal without undue prejudice to the rights of third parties.

## CONCLUSION

For the reasons set forth in this Joinder, the ARL Motion, and the memorandum in support thereof, the Trustee and the Official Committee respectfully request that this Court: (i) enter an Order granting the ARL Motion, and (ii) grant such other and further relief as this Court deems necessary or appropriate.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: January 9, 2015<br>Boston, Massachusetts | Respectfully submitted,<br><br>**DUANE MORRIS LLP**<br><br>By: <u>Michael R. Gottfried</u><br>Michael R. Gottfried, Esq.<br>100 High Street<br>Suite 2400<br>Boston, MA 02110-1724<br>Telephone: (857) 488-4200<br>mrgottfried@duanemorris.com<br><br>*Counsel for Paul D. Moore, Chapter 11 Trustee of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center*<br><br>**BROWN RUDNICK LLP**<br><br>By: <u>David J. Molton</u><br>David J. Molton, Esq.<br>Seven Times Square<br>New York, New York 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801<br>dmolton@brownrudnick.com<br><br>and<br><br>William R. Baldiga, Esq.<br>Kiersten A. Taylor, Esq.<br>One Financial Center<br>Boston, Massachusetts 02111<br>Telephone: (617) 856-8200<br>Facsimile: (617) 856-8201<br>wbaldiga@brownrudnick.com<br>ktaylor@brownrudnick.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of New England Compounding Pharmacy, Inc.* |

## **CERTIFICATE OF SERVICE**

      I, Carol S. Ennis, hereby certify that on January 9, 2015, I caused a copy of the foregoing Joinder to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by first class mail, postage prepaid.


Dated: January 9, 2015
      Boston, Massachusetts                           /s/ *Carol S. Ennis*
                                                                Carol S. Ennis