# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## PLAINTIFFS' STEERING COMMITTEE'S JOINDER IN ARL BIOPHARMA, INC.'S MOTION FOR ENTRY OF AN ORDER LIMITING DISCOVERY AND STAY IN THESE PROCEEDINGS WITH RESPECT TO MOVANT AND RELATED SETTLING PARTIES

The Plaintiffs Steering Committee ("PSC") joins ARL Biopharma, Inc.'s ("ARL") Motion for Entry of an Order Limiting Discovery and Stay in These Proceedings with Respect to Movant and Related Settling Parties [Dkt. No. 1620].

The Trustee, with the full participation and support of the Official Committee and the Plaintiffs' Steering Committee, has entered into a settlement with the ARL Settling Parties.[1] The ARL Settling Parties have contributed cash in the amount of $6.4 million to the Claimants Compensation Fund in exchange for releases from liability and injunctions in aid thereof to be embodied in a chapter 11 plan that will resolve, *inter alia*, the claims against NECC, its insiders and affiliates, and other parties resulting from the nationwide dissemination of contaminated products compounded by NECC.[2] The $6.4 Million is being held in in escrow pending confirmation of the Plan.

---

[1] The ARL Settling Parties are ARL, its affiliates, and ARL's insurer, Landmark American Insurance Company. The Settlement Agreement will be publicly filed with the Plan Supplement to be filed in NECC's Chapter 11 Case no later than February 13, 2015.

[2] Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., Dkt. No. 1054, *In re New England Compounding Pharmacy, Inc.*, 12-19882-HJB (Chapter 11).

The Settlement Agreement provides that ARL will seek entry of an order staying litigation against ARL, but permitting discovery of ARL in connection with the prosecution or defense of claims against third parties. The ARL Motion seeks:

(i) a prohibition against any party to the MDL seeking dispositive relief against ARL;

(ii) a prohibition against any party to the MDL seeking any form of prejudgment security, including, but not limited to, any attachments, injunctions, writs or orders of any nature with regard to ARL; and

(iii) the permissibility of discovery against ARL, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Settling Parties.

The requested relief is identical to the relief granted by this Court to other parties who have entered into settlements with the Trustee in connection with contributions to the Claimants' Compensation Fund.[3]

The granting of the stay and limitation of discovery requested in the ARL Motion is critical to the implementation and consummation of the settlement terms agreed to by the Trustee and the ARL Settling Parties. The Settlement Agreement provides that the Agreement will be null and void if the ARL Settling Parties' request for a stay and a limitation on discovery is denied and the $6.4 million currently being held in escrow for the benefit of claimants will be returned to the ARL Settling Parties.

The failure to grant the requested stay and limitation of discovery would also adversely impact the Trustee's ability to settle with other parties by depriving the ARL Settling Parties of an important benefit they obtained as an incentive for them to settle.

---

[3] *See* Order Limiting Discovery and Staying These Proceedings With Respect to NECC Insiders and Related Settling Parties [Dkt. No. 1482].

2

## **CONCLUSION**

For the reasons set forth in this Joinder, the ARL Motion, and the memorandum in support thereof, the PSC respectfully requests that this Court: (i) enter an Order granting the ARL Motion, and (ii) grant such other and further relief as this Court deems necessary or appropriate.

Dated:  January 9, 2015

Respectfully submitted,

**/s/ Kristen A. Johnson**
Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Ave., Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Kristen A. Johnson, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: January 9, 2015                                   */s/ Kristen A. Johnson*
                                                                           Kristen A. Johnson, BBO # 667261