UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>)  MDL No. 2419 |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | )  Dkt. No. 1:13-md-2419 (RWZ)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE BOAL'S ORDER DENYING ITS MOTION TO COMPEL PRODUCTION OF INSURANCE AGREEMENTS.**

The Plaintiffs' Steering Committee hereby requests the Court's permission to submit this reply in support of its objections to Magistrate Judge Boal's Order [Dkt. No. 1590] denying its motion to compel production of the Saint Thomas Entities' insurance agreements. Per MDL Order No. 11, the PSC has notified all Impacted Parties of its request to file additional briefing, and all Impacted Parties have agreed to the PSC's request to file this reply brief.

As argued more fully in Plaintiffs' Motion to Compel [Dkt. No. 1468] and its objections to the Magistrate Judge's Order ("Order") [Dkt. No. 1618], Plaintiffs are entitled to production of Defendants' insurance agreements under which an insurance business – here, the risk-pooling trust – may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse payments made to satisfy the judgment. Fed. R. Civ. P. 26(a)(1)(B)(1). The Order conflicts with existing caselaw ordering defendants to produce the insurance agreements underlying risk-pooling trusts, like the pooled insurance at issue here, under Rule 26. Furthermore, the Order and Defendants' Opposition wrongfully conclude that the insurance documents are not relevant

when, under Rule 26(b), discoverable documents need only be reasonably calculated to lead to information that may bear on any issue in the case.

## I. THE ORDER MISAPPLIES THE LAW GOVERNING DISCLOSURE OF INSURANCE AGREEMENTS UNDER RULE 26

Defendants' Opposition to the PSC's Objections [Dkt. No. 1622] mischaracterizes the PSC's argument. "Rather than claiming there had been a violation of the letter of the law, the PSC argues that Judge Boal failed to enforce 'the intent' of Rule 26." Def. Opp. at 4. The PSC argues that the Order both fails to follow the law governing Rule 26 disclosures and also goes against the intent of the Rule as stated by the Advisory Committee. PSC's Objections to Magistrate Judge Boal's Order Denying its Motion to Compel [Dkt. No. 1618] at 7, 10-11, 12.

The PSC cites multiple cases supporting its argument that the Agreement at issue does not constitute self-insurance under Rule 26(a), none of which Defendants address in their opposition. The PSC provides caselaw supporting its contention that Rule 26 mandates disclosure in light of:

1. other courts ordering disclosure of insurance agreements in similar circumstances, *see, e.g.*, *Cessante v. City of Pontiac*, No. 08-CV-10497, 2009 U.S. Dist. LEXIS 30217 (E.D. Mich. Apr. 9, 2009) (mandating disclosure of insurance agreements under Rule 26 where defendant characterized the insurance as a "self-insurance pool"); *In re: Asbestos Products Liability Litigation*, No. 2:02-md-875, Docket No. 875, slip op. 1-2 (E.D. Pa. July 23, 2012) (ordering defendants to produce agreements defendants maintained were not insurance but rather were "mutual protection and indemnity associations"); *Tardiff v. Knox County*, 224 F.R.D. 522 (D. Me. 2004) (holding that an agreement need not contain the exact terminology traditionally associated with insurance agreements to fall under the scope of Rule 26); and

2. the definition of insurance and self-insurance that courts have applied in the past, *see, e.g., Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119 (1982) (applying three-step test to determine whether an insurance agreement exists); *Physicians' Defense Co. v. Cooper*, 199 F. 576 (9th Cir. 1912) (applying Webster's and Standard Dictionary of insurance); *Shakman v. United States Credit System Co.*, 92 Wis. 366, 374 (Wis. 1896) (explaining that "[a]n insurance contract is a contract whereby one party agrees to wholly or partially indemnify another for loss or damage which he may suffer from a specified peril.")

Defendants neither address nor distinguish these cases. In contrast, the PSC has already shown the two cases Defendants rely on to support their contention that "courts similarly [concluded] that self-insured pools like the Trust are not insurance companies and are not engaged in the business of insurance," do not in any way stand for that argument. Defendants' Opposition to the PSC's Motion to Compel, Docket No. 1494 at ¶ 12; PSC's Objections 13. Rather, the cases Defendants cite do not involve any sort of pooled insurance, trust, or association or analysis of whether an insurance agreement should be considered self-insurance. *See Esposito v. Simkins Indus.*, 943 A.2d 456, 464 (Conn. 2008) (distinguishing self-insurance from any "reinsurer, insurer, *insurance pool*, or underwriting insurance," under a Connecticut law) (emphasis added); *California Pacific Homes, Inc. v. Scottsdale Ins. Co.*, 70 Cal. App. 4th 1187, 1189-1190 (Cal. App. 1 Dist. 1999) (determining allocation sought by a condominium manufacturer from its insurers after a judgment; the court's analysis did not involve any Federal discovery rules, any obligation to disclose insurance agreements, or the definition of self-insurance). Therefore, these cases are uninformative to the issue at hand.

Defendant's opposition cites an additional case, which actually supports the PSC's argument that the Ascension Risk Services ("ARS") pooled insurance constitutes insurance:

*Orange County Water Dist. v. Ass'n of Cal. Water etc. Auth.*, 54 Cal. App. 4th 772 (Cal. App. 4th Dist. 1997). There, the defendant argued that its coverage under a public entity insurance pool was not insurance. The court agreed because under the agreement, the member agency ultimately ***pays back amounts paid out in its behalf***, therefore ***there is no shifting of the risk***. "Because the member agency ultimately pays back to the [insurance pool] amounts paid out in its behalf, there has been no shifting of the risk of loss. Thus, the arrangement lacks a fundamental feature of 'insurance.'" *Id*. at 777. In contrast, here, the ARS insurance pool participants have no obligation to pay back amounts paid out on their behalf; therefore, unlike the insurance pool participants in *Orange County Water Dist.*, they have transferred their risk. For this reason, *Orange County Water Dist*. supports the PSC's claim that the terms and structure of the ARS insurance pool fulfills the meaning of an insurance agreement under Rule 26.

## II. THE ORDER WRONGFULLY CONCLUDES THAT THE DOCUMENTS ARE NOT RELEVANT TO THE PSC'S CLAIMS

In their Opposition, Defendants misstate the PSC's argument and the standard governing whether requested documents may be relevant. Def. Opp. at 7. "[T]he PSC does little more than speculate that the trust documents 'will likely contain' information that some party 'may refer to or rely upon.'" *Id*. The PSC need not speculate on what exactly the insurance agreement documents may contain, but only show that the information is reasonably calculated to lead to information that "could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The PSC has specified that the insurance documents may contain information that bears on Plaintiffs' vicarious liability claims, and evidence of an agency relationship between the Saint Thomas Entities and the Saint Thomas Clinic.

Under Rule 26(b), the PSC need not show how the ASR insurance Agreement and supporting documents themselves are directly relevant to any claims or defenses. Rather, the

documents need only have the potential to lead to facts, documents, or solicited testimony that supports the PSC's vicarious liability claim. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As the Supreme Court has instructed, "discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund*, 437 U.S. at 351.

Here, the Certificates of Insurance need not directly show evidence in support of Plaintiffs' vicarious liability claim or evidence of an agency relationship between the Saint Thomas Entities and the Saint Thomas Clinic; they need only present facts which may lead to other evidence in support of that claim. In this case, the Agreement will likely contain a number of terms and provisions that the Saint Thomas Clinic may refer to or rely upon although it is "not a party to the Trust." Order at 6 citing Roth Aff. at ¶ 4. The documents will undoubtedly also inform and guide Plaintiffs' discovery requests related to those two issues.

## CONCLUSION

For the foregoing reasons, the Court should reject the Order's denial of the PSC's Motion to Compel and grant the PSC's Motion to Compel the Production of Defendant's Insurance Agreements.

Dated:  January 9, 2015         Respectfully submitted,

  */s/ Mark P. Chalos*
Mark P. Chalos

Elizabeth J. Cabraser
Annika K. Martin
Jeremy J. Troxel
LIEFF CABRASER, HEIMANN  &
BERNSTEIN, LLP
150 4th Avenue North, #1650
Nashville, TN 37219
Telephone: (615) 313-9000

Facsimile: (615) 313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com
jtroxel@lchb.com

*Federal/State Liaison*


J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue
North Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee and TN Chair*


Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*


Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: (248) 557-1688
Facsimile: (248) 557-6344
marc@liptonlaw.com

        Kimberly A. Dougherty
        JANET, JENNER & SUGGS, LLC
        31 St. James Avenue, Suite 365
        Boston, MA 02116
        Telephone: (617) 933-1265
        kdougherty@myadvocates.com

        Mark Zamora
        ZAMORA FIRM
        6 Concourse Parkway, 22nd Floor
        Atlanta, GA 30328
        Telephone: (404) 451-7781
        Facsimile: (404) 506-9223
        mark@markzamora.com

        Patrick T. Fennell
        CRANDALL & KATT
        366 Elm Avenue, S.W.
        Roanoke, VA 24016
        Telephone: (540) 342-2000
        Facsimile: (540) 400-0616
        pfennell@crandalllaw.com

        *Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, Mark P. Chalos, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: January 9, 2015

    */s/ Mark P. Chalos*
    Mark P. Chalos