UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

RWZ

[~~JOINT PROPOSED~~] CASE MANAGEMENT ORDER ON REPRESENTATIVE
PREMIER DEFENDANTS' ANSWERS AND AFFIDAVITS OF MERIT

MDL Order No: ____

This matter comes before the Court on the Motion of Defendants Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D. (the "Premier Defendants") for the entry of an Order allowing them to file master answers in representative cases in lieu of answers in every case in which the stated parties have been sued [Dkt. No. 1535].

Having considered the Motion [Dkt. No. 1535] as well as the Response filed by the PSC [Dkt. No. 1553] along with a letter to the Court filed by counsel for New Jersey Plaintiffs [Dkt. No. 1540] and the parties' resolution of issues regarding same, and good cause being shown;

It is ORDERED as follows:

1

1. The Motion of the Premier Defendants [Dkt. No. 1535] to file representative master answers in representative cases in lieu of answers in each of the cases in which they have been sued is **GRANTED**.

2. The Premier Defendants within 30 days of the date of this Order shall file Answers to the MDL Long Form Master Complaint in Civil Action No. 1:14-CV-2419-RWZ and in each of the following cases, which answers shall serve as representative answers to all other complaints against the Premier Defendants and be in lieu of answers in each of the cases in which they have been sued:

| Case Name | Complaint Form | Docket No. | Defendants | Plaintiff Attorney |
|---|---|---|---|---|
| Morell | Long Form | 1:14-cv-13961-RWZ | DiVerniero, Dwyer, POASNJ, ASC, Liberty, Unifirst, Affiliated Defendants and all National Defendants | Coren |
| Chambers | Long Form | 1:14-cv-11822-RWZ | Shah, Smith, POASNJ, ASC, Affiliated Defendants and all National Defendants | Hockfield/Kasher |
| Hannah | Short | 1:13-cv-I0407-RWZ | Smith, SJH, Inspira, POASNJ, ASC, Unifirst, NECC, Affiliated Defendants and all National Defendants | Barrett |
| Marko | Short | 1:13-cv-l0404-RWZ | Smith, POASNJ, ASC, Dwyer, Affiliated Defendants and all National Defendants | Barrett |
| Warfle | Long Form | 1:14-cv-13908-RWZ | Smith, POASNJ, ASC, Dwyer, Affiliated Defendants and all National Defendants | Barrett |
| Trout | Long Form | 1:14-cv-13954-RWZ | Smith, POASNJ, ASC, Inspira, Affiliated Defendants and all National Defendants | Barrett |
| Pennington | Short | 1:13-cv-10406-RWZ | Perkins, POASNJ, ASC, Dwyer, Affiliated Defendants and all National Defendants | Barrett |

3.     In view of the similarity of the allegations and claims being asserted against the Premier Defendants which allows for representative answers, when an affidavit of merit relating to any individual Premier Defendant is filed of record in the MDL Master Docket which satisfies the provisions of the New Jersey AOM statutes' requirements as to any individual plaintiff's case (which shall thereafter be deemed to be a "Representative AOM"), such Affidavit it shall be deemed to satisfy the requirements of the New Jersey AOM statues for claims by all Plaintiffs against that Premier Defendant. No additional AOM shall be required to be filed or submitted by any other plaintiff asserting claims against that Premier Defendant in order to satisfy the requirements of the New Jersey AOM statutes. A Representative AOM shall be deemed to satisfy the New Jersey AOM requirement as to all Plaintiffs in this MDL proceeding which names the Premier Defendant(s) as a party. The Premier defendants reserve their right to object to the affidavit of merit served in accordance with this protocol or to any other affidavit of merit served in the NECC litigation on any available basis under any available statute or case law. This includes but is not limited to the affidavits' validity, wording, form and/or substance and/or the qualifications of the affiant under N.J.S.A. 2A:53A-41 et seq and/or any other available law, statute, or case law.

4.     Counsel for the Premier Defendants shall review the AOMs it has received to date and forthwith advise the PSC and all other parties via an ECF filing which Premier Defendants already has a valid representative AOM in existence and which Premier Defendants still require a representative AOM.

5.     The PSC in conjunction with the counsel representing individual Plaintiffs making claims against one or more of the Premier Defendants shall cooperatively develop and

3

produce a representative AOM for each Premier Defendant where one does not already exist or is otherwise required.

6. If any Premier Defendant contends that an AOM that has been submitted to it fails to completely satisfy the requirements of the New Jersey AOM statutes, that defendant shall immediately notify the PSC and interested New Jersey Counsel representing plaintiffs naming that defendant of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of N.J.SA. 2A:53A-26 et seq. The Premier defendants reserve their right to object to the affidavit of merit served in accordance with this protocol or to any other affidavit of merit served in the NECC litigation on any available basis under any available statute or case law. This includes but is not limited to the affidavits' validity, wording, form and/or substance and/or the qualifications of the affiant under N.J.S.A. 2A:53A-41 et seq and/or any other available law, statute, or case law.

7. The PSC and counsel for the Premier Defendants shall, until relieved by the Court of this duty, report the status of New Jersey AOM statutes' compliance to the Court within 30 days of the filing and thereafter at each MDL Status Hearing, as necessary.

BY THE COURT:

*(signature)*

Hon. Rya W. Zobel
United Stated District Court Judge

1/15/15