**EXHIBIT 4**

BRANSTETTER, STRANCH & JENNINGS, PLLC

ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE (615) 254-8801 ~ FACSIMILE (615) 250-3937

CECIL D. BRANSTETTER, SR.
C. DEWEY BRANSTETTER, JR.
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
KARLA M. CAMPBELL
BEN GASTEL*
STACEY K. SKILLMAN **

OF COUNSEL:
ROBERT E. RICHARDSON, JR. ***

*       ALSO ADMITTED IN GA
**      ALSO ADMITTED IN KY
***     ONLY ADMITTED IN OH

April 17, 2014

**VIA U.S. and ELECTRONIC MAIL**

Yvonne K. Puig (yvonne.puig@nortonrosefulbright.com)
Norton Rose Fulbright (Fulbright & Jaworski LLP)
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701

Re:     **New England Compounding Center Litigation, MDL No. 2419**
        **Discovery Requests**

Dear Yvonne:

As you are likely aware, last Friday Judge Boal entered the ESI Protocol governing electronic discovery in this case. As a result, the PSC maintains that the time is appropriate to begin full written discovery in this case.

To this end, this letter is meant to begin the meet and confer process regarding the Objections and Answers and Objections and Responses, served originally on December 11, 2013 (collectively "Responses") by Saint Thomas West Hospital ("Saint Thomas Hospital"), Saint Thomas Health ("Saint Thomas Health"), and Saint Thomas Network ("Saint Thomas Network") (collectively "Saint Thomas Entities") to Plaintiffs' Steering Committee ("PSC") in response to its First Sets of Interrogatories ("ROGs"), Requests for Production ("RFPs"), and Requests for Admissions ("RFAs") (collectively "Requests"). My hope is that we can meet and confer in person or by phone, as required by the local rules, some time next week.

**Global Objections**

Each of the Reponses considers the discovery requests premature due to pending protective orders. Those orders have now been entered and this objection should be withdrawn.

Similarly, your objections related to producing electronically-stored information ("ESI") in your client's possession, custody, or control responsive to the various Requests that call for such information is now mooted. *See, e.g.,* Saint Thomas Hospital's Objections and Answers to



*Letter to Yvonne Puig*
*April 17, 2014*
*Page 2*

PSC's First Set of ROGs 3, 9, Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 1, etc.

Additionally, I note that your clients have sought to limit their Responses in a number of Requests, *see* Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 4, Saint Thomas Network's Objections and Answers to PSC's First Set of ROGs 4 (arbitrarily shortening the timeframe of discoverable content); Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 16, Saint Thomas Network's Objections and Answers to PSC's First Set of ROGs 9 (not providing the dates, amounts and reasons for charges). Such limitations, without any justification, are not supported by the Rules. Please provide complete Responses to all of these Requests, or a date when the PSC should expect those Responses.

Given the number requests at issue, and in hopes of facilitating discussion, the below identified deficiencies are organized by the objections you raised in your responses to each of the written discovery responses you served on December 11, 2013 (collectively the "Responses"). I have done my best to identify all Responses where you posed an identified objection, but obviously to the extent that I missed on Response, please consider the below applicable to all Responses that contain the below-identified objections, even if not specifically enumerated below.

**Saint Thomas Hospital's Objections and Answers to PSC's First Set of ROGs 26-30; Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs ROG 1:**

Defendants have objected to these Requests because they exceed the 25 interrogatories provided for under Fed. R. Civ. P. 33. In an action as complex as this MDL with so many motions already pending before the court, the PSC believes it will be beneficial to all parties to utilize discovery in order to resolve material issues of fact, rather than to file yet another motion seeking permission to serve a few more Interrogatories, which exist for the very purpose of unburdening parties in the discovery process. The PSC hopes that we are able to reach a stipulation on this issue in our follow up meeting rather than going through another round of filings with the court. The PSC proposes a limitation on "global" interrogatories of 50. This is more than reasonable given the number of cases pending in this MDL against your clients.

**Saint Thomas Hospital's Objections and Answers to PSC's First Set of ROGs 2-8, 11, 12, 14, 15, 17-20, 23; Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 2-5, 7, 8, 10-13, 17, 23; Saint Thomas Network's Objections and Answers to PSC's First Set of ROGs 3-5, 7, 9, 12-14; Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 1-23, 25-31, 33-35, 37, 44-55, 58, RFP ROG 1; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 1-23, 25-31, 33-35, 37, 44-55, 58, RFP ROG 1; Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 1-32, 65, 67-112:**

Defendants have objected to these Requests as being irrelevant and beyond the scope of permissible discovery, and unlikely to lead to the discovery of relevant or admissible

information, primarily because the steroids that "it is undisputed that the MPA injected into some or all of the Plaintiffs was purchased from NECC by [Saint Thomas Clinic]." Each of these Requests has been served in order to thoroughly investigate the nature of the relationships and affiliations between Saint Thomas Clinic and the Saint Thomas Entities, and therefore any role the Saint Thomas Entities may have played in the activities giving rise to this cause of action. To the extent the Saint Thomas Entities disagree with this characterization of these Requests, we can discuss the matter during our follow up meeting.

**Saint Thomas Hospital's Objection and Answers to PSC's First Set of ROGs 2-9, 11, 12, 14-16, 18, 21, 22; Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 3, 5, 13-15; Saint Thomas Network's Objections and Answers to PSC's First Set of ROGs 3, 5, 9; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 1-5, 7-11, 18-23, 25, 26, 29, 30, 33, 34, 37, 44-50, 52, 58, ROG 1:**

Defendants have objected to these Requests as being overly broad and unduly burdensome because they are not limited in scope of time. While the PSC understands that generally when serving discovery requests providing a timeframe is a useful device to present a narrow and specific scope, a plain reading of each Request demonstrates that the scope for each Request was clearly limited to 1) the present, 2) the relatively short and manageable timeframe of NECC's operation, 3) the relatively short and manageable timeframe that compounding pharmacies have been used to mass produce medication, or 4) a specific date that has meaning based on the PSC's current information. The Requests seek discoverable evidence that will further elucidate the relationship between Saint Thomas Clinic, the Saint Thomas Entities, and the activities that led to this action. The PSC selected each timeframe, self-evident in the language of each Request, based on the relevant information sought, with the goal of facilitating the flow of information in the least obtrusive way. To the extent you disagree, we can discuss the matter during our follow up meeting.

**Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 1-23, 25-30, 33-35, 44-50, 52, 58; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs:**

Defendants have objected to these Requests as being overly broad and unduly burdensome because the timeframe provided, on or after September 20, 2007, is not appropriately limited. The PSC selected this timeframe on information and belief that it would fully encompass the relevant discoverable documents sought that will help to establish the relationship between Saint Thomas Clinic, the Saint Thomas Entities, and the activities that resulted in the harms that have led to this action. To the extent you believe a modified timeframe would be more appropriate, please propose one.

**Saint Thomas Hospital's Objection and Answers to PSC's First Set of ROGs 9, 16, 18, 23; Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 1, 2, 13; Saint Thomas Network's Objections and Answers to PSC's First Set of ROGs 1, 2, 9; Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 32, 34, 35, 37, 38;**

*Letter to Yvonne Puig*
*April 17, 2014*
*Page 4*

## Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 4-6, 32-35, 37, 38, 51:

In response to these Requests, Defendants have objected alleging certain terms are undefined or not in some way limited. The PSC requests that the Saint Thomas Entities apply the plain meaning of terms that are otherwise undefined. For example, the term "relationship" or expression "associated with" should be interpreted according to their plain meanings and based on the understanding that these Requests are designed with the goal of assisting the PSC in resolving any ambiguity regarding the nature of each of the Saint Thomas Entities' relationships to Saint Thomas Clinic. The "types of contracts, agreements, cost-sharing arrangements or profit-sharing arrangements" are those that elucidate the nature of the relationships between the Saint Thomas Entities and Saint Thomas Clinic.

## Saint Thomas Hospital's Objections and Answers to PSC's First Set of ROGs 8:

In response to this Request, Saint Thomas Hospital states that its relationship with steroid wholesalers and distributors is irrelevant, beyond the scope of and unlikely to lead to permissible discovery, and unduly burdensome because of the "expense associated with researching, reviewing, and producing information regarding unspecified wholesalers and distributors." This request is clearly relevant to the many claims for negligence and conspiracy alleged against the Saint Thomas Entities and Saint Thomas Clinic. Obviously, to the extent that Saint Thomas Hospital treated procurement differently from other compounding pharmacies than Saint Thomas Clinic did in its decision to purchase from NECC, that information is clearly relevant to claims made in this action. To the extent Saint Thomas Hospital disagrees and seeks to impose certain limitations on the scope of this Request, the PSC will consider them once proposed. But a simple blanket refusal to produce any responsive documents is not appropriate.

## Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 12; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 12:

In response to this Request, Saint Thomas Network objects because it is not limited by pharmaceutical medication or type of financial record, but this objection contradicts the wording of the Request to "Produce a copy of all financial records regarding and/or reflecting revenues derived from epidural steroid injections." The pharmaceutical medication is limited to epidural steroid injections, and the financial records are limited to those "regarding and/or reflecting revenues derived from epidural steroid injections." This objection should be withdrawn and you should produce all responsive documents immediately.

## Saint Thomas Hospital's Objection and Answers to PSC's First Set of ROGs 13; Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 6, 9, 22; Saint Thomas Network's Objections and Answers to PSC's First Set of ROGs 6, 15:

In response to these Requests, Defendants have objected due to a lack of foundation. The foundation is that based on their names, locations, financial relationships, and shared employees, there is a relationship between Saint Thomas Clinic and some or all of the Saint Thomas Entities.

*Letter to Yvonne Puig*
*April 17, 2014*
*Page 5*

These discovery requests are meant to allow the PSC to fully examine the interrelationship between the Saint Thomas Entities and the Saint Thomas Clinic. The relevancy of this information is self-evident. This objection should be withdrawn and you should produce all responsive documents immediately.

### Saint Thomas Hospital's Objection and Answers to PSC's First Set of ROGs 17; Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 12:

In response to these Requests, Defendants have objected because they are overly broad and seek confidential information while invading the privacy rights of Defendants' employees. These are narrowly tailored Requests regarding the termination of a single individual in a role closely tied to the activities giving rise to this action. Accordingly, this objection should be withdrawn and you should produce all responsive documents immediately.

### Saint Thomas Hospital's Objections and Answers to PSC's First Set of ROGs 25; Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 19; Saint Thomas Network's Objections and Answers to PSC's First Set of ROGs 17:

Your clients have objected to these Requests for being overly broad and/or unduly burdensome without further explanation. The PSC disagrees. These Requests have been tailored to create a useful and manageable transfer of information in as unobtrusive a manner as possible for all parties. Please describe in greater detail the burden imposed upon each defendant in responding to these Requests. The PSC is obviously willing to entertain reasonable restrictions on the scope of these Requests to the extent that you can demonstrate actual burden.

### Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 11:

In response to this Request, Saint Thomas Health objects that it would be unduly burdensome to provide a roster of its 2012 staff and current employment status with the company simply because there are many employees. The information requested by the PSC is simple and likely to be accessible in a database. To put it bluntly, we find it hard to believe that Saint Thomas Health's human resources department does not have this information in an easily accessible and useable form. Accordingly, this objection should be withdrawn and you should produce all responsive documents immediately.

### Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 4-6, 25, 46-48, 50; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 4, 6, 23, 25, 47, 48, 50, 52, 57:

In response to these Requests, Saint Thomas Network objects to a request of information "as vague, undefined, overly broad, and seeking information that is not in Saint Thomas Network's possession, custody, or control." The PSC obviously only seeks production of documents within the possession, custody, or control of Saint Thomas Network and its agents. This request was tailored in such a way as to include any information provided to and party or anyone associated with this litigation that has ended up in Saint Thomas Network's possession,

custody, or control. To the extent you continue to maintain that these Requests are overly broad or vague, the PSC is willing to consider reasonable restrictions on the scope of these Requests.

### Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 8; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 8, 13, 26-30, 49:

In response to this Request, Saint Thomas Network objects by claiming that the PSC is requesting HIPAA-protected content. Obviously these concerns should be assuaged by the Court's Qualified Protective Order entered in this case and responsive documents should be produced in accordance with that order.

### Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 9-10, 48, 50, 53; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 10, 48, 50, 53:

In response to these Requests, Saint Thomas Network objects by claiming that the PSC seeks confidential, proprietary, and trade secret information. The Court has entered a Protective Order in this case that should assuage these concerns. This objection should be withdrawn and documents immediately produced in accordance with the Court's applicable Protective Order.

### Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 14-17, 20-23, 25-30; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 14-17, 20-23, 25-30, 49:

In response to these Requests, Saint Thomas Network objects because it seeks information protected from discovery by Tenn. Code Ann. § 29-26-122(d) and Tenn. Code Ann. § 63-1-150(d). Please provide a log of any such privileged content so that the PSC can evaluate your claims of privilege.

### Saint Thomas Health's Objections and Answers to PSC's First Set of ROGs 4, 20; Saint Thomas Network's Objections and Answers to PSC's First Set of ROGs 4, 18; Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 1, 9, 13-17, 20-23, 25-30, 49, 51, 59, ROG 1; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 1, 5, 9, 13-17, 20-23, 26-30, 38, 49, 51, 58, 59, ROG 1:

In response to these Request, Defendants object to the extent that the PSC seeks protected information or to impose an unnecessary privilege log burden, without substantiating this accusation beyond implications that Defendants' counsel has been in contact with Defendants' staff. The PSC is unaware of any authority that would allow the Defendants to refuse to produce a privilege log because of excess burden. Obviously to the extent that you are claiming any applicable privilege, the PSC is entitled to investigate that claim via a routine privilege log. Please produce one immediately.

### Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 39; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 39:

In response to these Requests, Saint Thomas Network objects by claiming that the PSC seeks content subject to the work-product doctrine.  Please provide a log of any such privileged content so that the PSC can evaluate your claims of privilege.

### Saint Thomas Network's Objections and Answers to PSC's First Set of RFPs 1, 3, 13; Saint Thomas Health's Objections and Answers to PSC's First Set of RFPs 1, 3, 13:

Defendants have objected to these Requests as being overly broad and unduly burdensome because they are not limited in to any particular pharmaceutical steroid. These Requests were intentionally not limited in terms of steroids, as the PSC considers conduct related to all pharmaceutical steroids relevant to this matter. Accordingly, these objections should be withdrawn, or alternatively, please provide greater detail on your claims of burden so that the PSC can consider reasonable restrictions on the scope of these Requests to accommodate any undue burden suffered by your client as a result of this Request.

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 1, 6, 7, 12, 17-19, 24-26, 74, 78-80, 82, 86-89, 93, 95, 99, 102, 105, 113-118, 120-125:

In response to these Requests, Defendants object because the documents referenced were created by third parties, while claiming within the objection that each "referenced document speaks for itself." This is not in accordance with the Federal Rules. As you are aware, you are required to conduct a reasonable investigation to determine whether facts in an admission should be admitted or denied.  Your refusal to answer these Requests may require the PSC to expand considerable resources in proving the facts contained in the Requests. To the extent that you do not withdraw your objections and provide a response, the PSC will seek reimbursement of any such costs in accordance with the Federal Rules.

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 2-5, 8-11, 13-16, 20-23:

In response to these Requests, Defendants object because the Requests involve "a pure matter of law" and are improper under Fed. R. Civ. P. 36. Under Rule 36(a)(1)(A), a party may request admissions relating to the application of law to fact. Accordingly, this is not a valid objection and should be withdrawn.

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 27-32:

In response to these Requests, Defendants object because Defendants "lack sufficient information or knowledge as to the conditions of a site owned and controlled by third parties in Massachusetts." The PSC views this line of objections as a constructive admission that none of the Saint Thomas entities have ever investigated the conditions of the compounding pharmacy from which the MPA injected into Plaintiffs was purchased. To the extent you disagree or wish to amend your response in order to progress the aims of discovery and these Requests, please do so immediately.

*Letter to Yvonne Puig*
*April 17, 2014*
*Page 8*

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 46:

Defendants object to this Request for an admission that Medical Director of St. Thomas Hospital regularly attended Saint Thomas Clinic's Board of Governors meetings as being vague and ambiguous. The PSC requests that you apply the plain meaning of the term "regularly." Under Rule 36, Defendants can qualify their admission or denial if they so choose.

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 48-58, 62-64:

Defendants respond that they cannot admit or deny information regarding the staffing and operations of Saint Thomas Clinic or Howell Allen Clinic. The PSC views this line of responses as a constructive admission that none of the Saint Thomas entities have ever monitored the operating or staffing practices of both Saint Thomas Clinic and Howell Allen Clinic. To the extent you disagree or wish to amend your response in order to progress the aims of discovery and these Requests, please do so immediately.

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 58-61:

In response to these Requests, Defendants respond that they lack information or knowledge to admit or deny Scott Butler's position with Howell Allen Clinic and any comments that he has made to the *Tennessean*. Please provide details on the investigation, if any, you undertook to provide this Response.

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 100, 101, 103, 104, 106, 107:

In response to these Requests, Defendants object because "statements that are attributed to third parties are not identified as to their source." However, each of these requests attributes the statements to either the CDC or the FDA, and clearly follow upon documents included as exhibits. This objection should be withdrawn and you respond immediately to the Requests.

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 109-112:

In response to these Requests, Defendants object because each "improperly seeks an admission of an expert opinion and/or medical causation." Rule 36 permits opinions about facts and the application of law to fact. We disagree with your characterization that expert proof is required to respond to these requests, and even if they were, I am unaware of any authority suggesting that an RFA cannot request admission of this type of material. Accordingly, please withdraw your objection and respond or provide authority for your position that this is a proper objection.

*Letter to Yvonne Puig*
*April 17, 2014*
*Page 9*

### Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health's Objections and Responses to PSC's First Set of RFAs 126-128:

In response to these Requests, Defendants object because the documents referenced were compiled and produced by third parties. I am unaware of any authority suggesting that this is a proper grounds for refusing to respond to an RFA. Accordingly, please withdraw your objection and respond or provide authority for your position that this is a proper objection.

To the extent you plan on supplementing your responses in accordance with the above, please do so by **April 30, 2014**. To the extent that you continue to refuse to supplement or if you think a further meet and confer on the above issues is warranted at this time, please let me know times you are available by **April 21, 2014**.

I look forward to hearing from you soon.

Sincerely,

J. Gerard Stranch, IV

JGS IV/bmc

cc:     Kristen Johnson Parker
        Mark Chalos
        George Nolan