UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419 Master Docket No.: 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO: All Actions | Honorable Rya W.  Zobel |

## PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR CLARIFICATION REGARDING PLAINTIFF PROFILE FORM RELEASES AND RESPONSES

The Plaintiffs' Steering Committee moves this Honorable Court for clarification as to four questions that have arisen regarding releases to be produced as part of the applicable Plaintiff Profile Form and responses to certain questions therein.

Specifically, the PSC seeks clarification regarding these four questions:

1. Are plaintiffs who are not seeking lost wage or economic damage claims required to also provide a release for tax records; and

2. Are plaintiffs who testify under oath that they have not filed a worker's compensation claim still required to provide a worker's compensation release?

3. May plaintiffs provide defense counsel with record releases where the record recipient field is blank?

4. May plaintiffs write-in "unknown" on questions where no such radial button is provided?

On February 18, 2014, Magistrate Judge Boal entered an Order issuing the approved

Plaintiff Profile Form and releases to be used in this MDL (the "PPF Order").[1]

In the PPF Order, Judge Boal approved the forms for a tax records release and a workers' compensation records release, but the order is silent as to which plaintiffs are required to provide these releases, leading to the logical conclusion that releases are required only when relevant to the claims made by individual plaintiffs.[2]   Certain defendants have disputed this conclusion and in deficiency letters sent to various plaintiffs' counsel, insist on every plaintiff signing the releases, even if the plaintiff is ___not___ pursuing any economic loss or has ___not___ filed a worker's compensation claim in the past ten years.

The PSC maintains that a plaintiff who is not pursuing a lost wage or earning capacity claim should not be required to sign a release authorizing production of tax records.  This is consistent with the prevailing rule that tax records remain privileged.[3]

Additionally, a plaintiff who certifies under oath that he or she has not filed for or sought worker's compensation benefits should not be required to execute a release for records they have sworn do not exist.  To require otherwise would be unnecessary and burdensome.[4]

In addition to the tax records releases and the worker's compensation records release, Judge Boal also approved medical records releases, employment records releases, and

---

[1] Dkt. No. 923.

[2] *See id.*

[3] *See e.g.*, *Premium Serv. Corp.*, 511 F.2d at 229; *Aliotti v. The Vessel Senora*, 217 F.R.D. 496, 497 (N.D. Cal. 2003) (""[A] public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.") *quoting Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975);  *Donin v. McAloon*, 2011 U.S. Dist. LEXIS 53879, 8 (W.D.N.C. May 18, 2011) ("Courts, however, have recognized that the unnecessary disclosure of tax returns should be avoided. Accordingly, the Court may only order the disclosure of tax returns where the returns are relevant to the subject matter in dispute, and the returns are necessary because the information cannot be obtained from another source.").

[4] Even if a plaintiff were to provide a release, the defendants would not even know where to send such a release because plaintiff could not indicate which state agency would have records that do not exist.

insurance records releases but did not specify to whom such records should be sent.[5]  The PSC asked defense counsel to agree on a single vendor for the collection of such records to streamline the collection process, but defense counsel were unable to do so.[6]  As a result, and given the large number of defendants involved in this case, some plaintiffs simply executed releases with the record recipient field blank and sent them to defense counsel, so that defense counsel would in turn fill in this information.  Some defendants claim such releases are deficient.  The PSC maintains that having defense counsel simply fill in their own name and address on such releases is not burdensome and fully in accordance with the spirit and letter of the PPF Order.  This should be permitted.

Finally, the PPF contains some questions where a plaintiff is presented with only a "yes" or "no" radial option.[7]  Some plaintiffs elected to write in "unknown" and certain defendants claim that such a response is deficient.  The PSC maintains that if "unknown" is the truthful and correct answer to any question in the PPF, a plaintiff should be permitted to provide such an accurate and truthful answer, regardless of whether a radial button exists for that response.

Accordingly, the PSC respectfully requests that the Court enter an order clarifying that:

1. Plaintiffs answering "No" to question 5 on the Court-Approved Plaintiff Profile Form are not required to provide a tax record release; and

2. Plaintiffs answering "No" to question 13 on the Court-Approved Plaintiff Profile Form are not required to provide a worker's compensation record release;

3. Plaintiffs are permitted to serve on defense counsel any release where record

---

[5] Dkt. No. 923.
[6] *See* Emails Correspondence Attached Hereto As Exhibit 1.
[7] *See* e.g. 1271-1 at P. 9 and Question 33.

recipient name is blank; and

4.  Plaintiffs should be permitted to write in "unknown" to any question on the PPF form

if that is the accurate and truthful response to such question.

January 27 , 2015                                  Respectfully submitted,

                                                   /s/ J. Gerard Stranch, IV
                                                   J. Gerard Stranch, IV
                                                   Benjamin A. Gastel
                                                   BRANSTETTER, STRANCH & JENNINGS
                                                   PLLC
                                                   227 Second Avenue North
                                                   Nashville, TN  37201
                                                   Telephone:  (615) 254-8801
                                                   Facsimile:  (615) 255-5419
                                                   gerards@branstetterlaw.com
                                                   beng@branstetterlaw.com

                                                   *Plaintiffs' Steering Committee and Tennessee
                                                   State Chair*

                                                   Thomas M. Sobol
                                                   Kristen Johnson Parker
                                                   HAGENS BERMAN SOBOL SHAPIRO LLP
                                                   55 Cambridge Parkway, Suite 301
                                                   Cambridge, MA  02142
                                                   Telephone:  (617) 482-3700
                                                   Facsimile:  (617) 482-3003
                                                   tom@hbsslaw.com
                                                   kristenjp@hbsslaw.com

                                                   *Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

*Plaintiffs' Steering Committee*

## LOCAL RULES 7.1 AND 37.1 STATEMENT

The undersigned hereby certifies that Plaintiffs' counsel have conferred with counsel for the Saint Thomas Entities and have attempted, in good faith, to resolve or narrow the issues raised by this Motion but were unable to do so.  The undersigned further certifies that the PSC followed the provisions of Local Rule 37.1 prior to filing the instant motion as explained in greater detail in the contemporaneously filed memorandum of law in support of this motion.

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV

## <u>CERTIFICATE OF SERVICE</u>

  I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: January 27, 2015     /s/ J. Gerard Stranch, IV
             J. Gerard Stranch, IV