UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2419

TRANSFER ORDER

**Before the Panel:**[*] Various anonymous healthcare provider defendants[1] in one Northern District of Indiana action (*Hosea*) and one Southern District of Indiana action (*Allen*), as listed on Schedule A, move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2419. In the alternative, the *Hosea* movants request separation and remand of the claims against them to their transferor courts. Plaintiffs and defendants Ameridose, LLC, and UniFirst Corporation oppose the motions to vacate.

In support of their motions, movants argue that transfer would not promote the just and efficient conduct of the litigation because (1) the allegedly unique pre-suit requirements of state law mandate review by a state medical review panel before a court can rule on the claims, which will make transfer inefficient; and (2) as local healthcare providers in Indiana, they are only peripherally involved in the core conduct at issue in the MDL. We recently considered these arguments with respect to three substantially similar actions in the Northern and Southern Districts of Indiana, and we transferred those actions over the healthcare providers' objections. *See* Transfer Order (*Hancock, et al.*) at 1 (J.P.M.L. Dec. 12, 2014). The same considerations govern here.[2]

Like many actions in the MDL, the two actions before the Panel involve injuries allegedly arising from the contamination of injectable steroids at the New England Compounding Center and whether healthcare providers may be held liable for their conduct in using those products in patient treatment. Many actions in MDL No. 2419 involve claims against healthcare providers under

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

[1] Anonymous Health Care Provider No. 1, Anonymous Health Care Provider No. 4, Anonymous Health Care Provider No. 5, Anonymous Medical Clinic, and Anonymous M.D. The identifying information of Indiana healthcare providers allegedly is protected under the Indiana Medical Malpractice Act pending certain pre-suit review procedures, and thus the complaints currently identify the Indiana defendants through various "anonymous" names.

[2] As to the assertion in *Hosea* that subject matter jurisdiction is lacking, the Panel often has held that jurisdictional issues do not present an impediment to transfer, as such arguments can be presented to the transferee judge. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

allegedly unique state laws, and transferee judges routinely are called upon to apply the law of more than one state. *See id.* at 1; Transfer Order (*Mitchell*), MDL No. 2419 (J.P.M.L. Oct. 9, 2014). Additionally, notwithstanding the allegedly unique state law at issue, the actions are likely to benefit from common discovery and coordination with the bankruptcy case.

After considering the argument of counsel, we find that these actions share questions of fact with actions previously transferred to MDL No. 2419, and that transfer of these actions under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like many of the already-centralized actions, these actions share questions of fact concerning injuries arising from the alleged contamination of the injectable steroid methyl-prednisolone acetate compounded by NECC. *See In re: New England Compounding Pharm., Inc., Prods. Liability Litig.*, 924 F. Supp. 2d 1380, 1381 (J.P.M.L. 2013). Movants provide no persuasive reason for the Panel to treat these actions differently than we did numerous other actions involving healthcare providers transferred to MDL No. 2419.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that the request for separation and remand of the claims in *Hosea* is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Charles R. Breyer        Ellen Segal Huvelle
R. David Proctor         Catherine D. Perry

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION                                     MDL No. 2419

## SCHEDULE A

Northern District of Indiana

HOSEA, ET AL. v. UNIFIRST CORPORATION, ET AL., C.A. No. 3:14-01878

Southern District of Indiana

ALLEN v. ANONYMOUS HEALTH CARE PROVIDERS 1-8, C.A. No. 3:14-00119

I hereby certify on 2/6/15 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 2/6/15
☐ original filed in my office on ___
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: ___
Deputy Clerk