UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAYMOND McDOW, | : | CIVIL ACTION NO. 1:12-cv-12112-RWZ |
| | : | |
| Plaintiff, | : | MDL No. 2419 |
| | : | Master Docket No. 1:13-md-2419-RWZ |
| v. | : | |
| | : | Honorable Rya W. Zobel |
| UNIFIRST CORPORATION, A/D/B/A | : | |
| UNICLEAN CLEANROOM SERVICES, | : | DEMAND FOR JURY TRIAL |
| RANDOLPH CHANG, M.D., and, | : | |
| APAC CENTERS FOR PAIN | : | |
| MANAGEMENT AT THOREK | : | |
| MEMORIAL HOSPITAL, | : | |
| | : | |
| Defendants. | : | |

**SHORT FORM COMPLAINT
AGAINST UNAFFILIATED DEFENDANTS**

Plaintiff, Raymond McDow, against Defendants, alleges as follows:

### FIRST COUNT

1. Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-RWZ, the undersigned counsel hereby submits this Short Form Complaint and Jury Demand against Defendants, and adopts and incorporates by reference the allegations in Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2. Plaintiff is a resident of the State of Illinois.

3. Plaintiff brings this action:

☒ On behalf of himself.

☐ As the representative of _____, who is a living person.

1201586.1

☐ As the Administrator, Administrator <u>ad</u> <u>Prosequendum</u>, or other representative of the Estate of _____ (hereinafter "Decedent"), who died on _____.

4. **<u>Intentionally Omitted</u>.**

5. Plaintiff asserts that he was sold and administered New England Compounding Pharmacy, Inc.'s ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

6. The aforesaid administration of the NECC drug occurred on June 20, 2012, and August 31, 2012, by Randolph Chang, M.D., at APAC Centers for Pain Management at Thorek Memorial Hospital ("APAC"), located in Chicago, Illinois.

7. Randolph Chang, M.D. and APAC are collectively referred to as "Clinic Related Defendants."

8. Plaintiff adopts and incorporates by reference the following Causes of Action asserted against Defendants in the Master Complaint:

☒ COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☒ COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)

☒ COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES (Against Clinic Related Defendants)

Plaintiff(s) allege violation of the following consumer protection statute(s): Ill. Comp. Stat. Ann ch. 815, 505/1 et seq.

☒ COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☐ COUNT VII: BATTERY (Against Clinic Related Defendants)

☒ COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☐ COUNT IX: TENNESSEE PRODUCT LIABILITY CLAIMS (Against Saint Thomas Neurosurgical and Howell Allen Clinic)

☒ COUNT X: AGENCY (Against Clinic Related Defendants)

☒ COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐ COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against Clinic Related Defendants)

☐ COUNT XIII: LOSS OF CONSORTIUM (Against Clinic Related Defendants)

☒ COUNT XIV: PUNITIVE DAMAGES (Against Clinic Related Defendants)

9. Plaintiff has sent or served the pre-suit notice or demand requirements necessary to bring the claims set forth below, as required under M.G.L. C. 93A.

10. Plaintiff suffered the following injuries as a result of the administration of NECC's drug: lumbar puncture, psychological, PTSD from shots, loss of enjoyment of life, pain and suffering, and mental anguish associated with physical injuries.

11. Plaintiff suffered the following damages as a result of the administration of NECC's drug(s): severe pain and suffering, mental anguish, disability, emotional distress, past and future medical care and treatment, loss of enjoyment of life, and medical expenses, both past and future.

WHEREFORE, Plaintiff demands Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## SECOND COUNT

12. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if set forth at length herein.

13. Plaintiff asserts the following additional Causes of Action against Defendants: Plaintiff incorporates all allegations and counts contained in Plaintiff's First Amended Complaint found at Docket No. 4, in the litigation styled <u>Raymond McDow, et al. v. New England Compounding Pharmacy, Inc., et al.</u>; United States District Court, District of Massachusetts, 1:12-cv-12112-RWZ, (MDL No. 1:13-md-2419-RWZ) together with all prayers for relief stated therein.

14. Plaintiff suffered injuries as set forth in Paragraph 10 herein.

15. Plaintiff suffered damages as set forth in Paragraph 11 herein.

WHEREFORE, Plaintiff demands Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 6, 2015

Respectfully submitted,

/s/ Mark P. Chalos

Mark P. Chalos (TN BPR #19328)
mchalos@lchb.com
Annika K. Martin
akmartin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
One Nashville Place, Suite 1650
150 Fourth Avenue North
Nashville, TN  37219-2423
Telephone:  615-313-9000
Facsimile:  615-313-9965

*Counsel for Plaintiff Raymond McDow*

-5-

## CERTIFICATE OF SERVICE

      I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

                                           s/ Mark P. Chalos
                                           Mark P. Chalos