# EXHIBIT "C"

December 19, 2104

**By E-mail**

Benjamin A. Gastel
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North
Nashville, Tennessee 37201

# NORTON ROSE FULBRIGHT

Fulbright & Jaworski LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
United States

Adam T. Schramek
Partner
Direct line +1 512 536 5232
adam.schramek@nortonrosefulbright.com

Tel +1 512 474 5201
Fax +1 512 536 4598
nortonrosefulbright.com

Re:  New England Compounding Center MDL
     Saint Thomas Entities' Interrogatory Responses

Dear Ben:

I write on behalf of Saint Thomas West Hospital, Saint Thomas Health, and Saint Thomas Network (collectively the "Saint Thomas Entities") in response to your letter dated December 15, 2014, regarding the adequacy of some of the Saint Thomas Entities' amended responses to interrogatories in the NECC MDL.

You state that most of your concerns over the adequacy of the responses deal with communications and interactions with NECC. In particular, you ask that we provide the date, time and location of any NECC communications and persons participating, particularly with respect to trade shows or marketing visits.

Unfortunately, we are unable to provide the information requested. First, to the extent there are e-mails that reflect the information requested, those are governed by our agreed e-discovery protocol and will be produced in the normal course. With respect to such communications or interactions that are not reflected in e-mails, we have been unable to locate any witness who can provide the requested information. As I mentioned to you on our phone conversation prior to your letter being sent, our response is based primarily on information collected from Carmen Leffler and Marty Kelvas. While neither has a specific memory of meeting with NECC representatives at trade shows or marketing visits, they cannot discount that possibility given NECC's presence in the marketplace. Accordingly, our interrogatory responses provide all of the information we have been able to gather, which is that such conversations "may" have occurred. Similarly, promotional items such as pens or notepads "could have" been handed out by NECC to Saint Thomas Hospital representatives.

With respect to your inquiry as to why the "compilation of pharmaceuticals" was not provided, it does not contain any information from which an answer to the interrogatory may be derived. In particular, the PSC asked in Interrogatory 11 for the Hospital to explain its "policies and procedures regarding the purchase of medications . . . ." In response, we provided the "STH Formulary System policy," which explains the policies and procedures for a medication to be approved for use at the Hospital, as well as the name of the Hospital's group purchasing organization. The procedure for approving a medication is not the same thing as the list of

53816179.2

Benjamin A. Gastel
December 19, 2014
Page 2

NORTON ROSE FULBRIGHT

approved medications. And a list of medications would tell you nothing about the approval process.

Putting aside the fact the formulary does not contain any information responsive to your interrogatory, we do not object to producing the portions potentially relevant to this lawsuit (i.e., the entries concerning methylprednisolone acetate). Accordingly, as a showing of good faith and in an attempt to move past the interrogatory dispute, we are attaching formulary excerpts for the four versions that existed closest in time to the meningitis outbreak: February 22, 2012, June 29, 2012, August 12, 2012 and September 12, 2012.

With respect to the Hospital, the only other response you believe was inadequate was to Interrogatory Number 4. Because that question concerns the decisions of a former employee, we believe our response is more than sufficient.

With respect to Saint Thomas Health, you suggest the response to Interrogatory Number 17 was inadequate. We provided you the financial transactions between Saint Thomas Health and Howell Allen Clinic that relate to STOPNC. We continue to object to any discovery relating to any other transactions between Saint Thomas Health and Howell Allen Clinic as not relevant to any claim or defense.

You also question Saint Thomas Health's limitation of information on medication procurement to the Hospital's policies and procedures. Since the lawsuits against Saint Thomas Health solely concern injections occurring at STOPNC and patients treated at the Hospital, we do not believe medication policies or procedures unrelated to the Hospital are relevant to any claim or defense.

I would also like to note that our investigation is ongoing. In accordance with the Federal Rules, we will continue to supplement our interrogatory responses should we learn of additional information warranting such action.

Finally, we note that many of the PSC's interrogatories were overly broad and unduly burdensome. While we have attempted to reasonably limit them, much of the information sought is more appropriate for deposition testimony. The parties have already met once to discuss deposition dates, and the amended interrogatory responses should be more than sufficient to provide the information needed to move to the next phase of common fact discovery.

Very truly yours,

*/s/ Adam T. Schramek*

Adam T. Schramek

53816179.2