UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ──────────────────────────────── ) ) THIS DOCUMENT RELATES TO: ) ) All Suits Against the Saint Thomas Entities ) ) ) ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

### SAINT THOMAS ENTITIES' RESPONSE IN PARTIAL OPPOSITION TO PSC'S MOTION FOR CLARIFICATION REGARDING PLAINTIFF PROFILE FORM RELEASES AND RESPONSES

The Saint Thomas Entities[1] file this response in partial opposition to the PSC's motion for clarification regarding plaintiff profile form releases and responses ("Motion") [Dkt. No. 1671].

### I.   BACKGROUND

After a lengthy negotiation, several briefs, competing proposals, and oral argument, this Court entered an order approving the plaintiff profile form ("PPF") and record release authorizations for this MDL. *See* Order on Plaintiffs' Profile Forms and Authorizations for Release of Plaintiffs' Records [Docket #923]. The forms and authorizations were approved pursuant to the Court's previous order that "each plaintiff in this MDL litigation shall, upon written request of any defendant in that plaintiff's individual case, fill out and execute a standardized court-approved fact sheet" as approved by Magistrate Judge Boal. *See* Order on Plaintiff Fact Sheets, Authorizations to Release Records, and Protective Orders, p. 3 [Docket # 722]. The Court precluded defendants from serving "interrogatories, requests for admissions, or

---

[1]   Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

requests for production of documents upon a plaintiff" until a later phase of litigation in exchange for each plaintiff "complet[ing] a fact sheet, and requests for authorizations to release records" and providing them to defendants. *Id.*

The PSC has now asked this Court to "clarify" its prior orders by answering four questions regarding this process. The Saint Thomas Entities provide their response to each question below.

## II.   ANALYSIS

**1. Are plaintiffs who are not seeking lost wage or economic damage claims required to also provide a release for tax records?**

The Saint Thomas Entities are willing to forego seeking tax returns at this time for plaintiffs who are not seeking lost wage or economic damage claims. However, they are concerned about the possibility that a plaintiff will change his or her mind or subsequently claim that the "box" on the PPF relating to economic damages was mistakenly checked. Accordingly, the Saint Thomas Entities do not oppose the clarification requested, as long as the Court also orders that all Plaintiffs who fail to provide a tax form authorization will not be permitted to change their answer later and are barred from seeking such relief.

**2. Are plaintiffs who testify under oath that they have not filed a worker's compensation claim still required to provide a worker's compensation release?**

The Saint Thomas Entities are seeking worker's compensation releases from all plaintiffs claiming injury relating to NECC injections. First, worker's compensation claims and documents provide important discovery regarding pre-existing conditions and other medical information that often bears on a number of issues related to causation and damages. And it is not uncommon for a plaintiff to fail to remember or not realize that a worker's compensation claim had been filed on his or her behalf (particularly if the claim was denied and no benefits

were received).  Notably, the verification language used for the PPFs is "to the best of my knowledge, information and belief."  *See* Court-Approved Plaintiff Profile Form [Docket #1271-1].  The Saint Thomas Entities are entitled to seek discovery related to the Plaintiffs' personal injury claims, including for purposes of impeachment.  Given the fact that a worker's compensation claim could negatively impact the merit and value of a personal injury claim, the Saint Thomas Entities should be entitled to seek objective evidence of these facts, whether unknown, forgotten, or intentionally concealed.  The PSC's claim that it would be "burdensome" to require a plaintiff to sign a worker's compensation authorization at the same time he or she is completing the rest of the PPF lacks credibility.

### 3. May plaintiffs provide defense counsel with record releases where the record recipient field is blank?

The Saint Thomas Entities have no objection to authorizations with blank recipients.  They would simply ask the Court to state that such practice is approved in its clarification order.

### 4. May plaintiffs write-in "unknown" on questions where no such radial button is provided?

The Saint Thomas Entities do not agree that a Plaintiff can write "unknown" to the questions at issue, which concern key information for purposes of causation, damages, and bellwether selection.  The questions at issue concern facts such as whether individuals suffered from an injury prior to exposure to NECC's product, whether they have ever been told that their injuries were caused by exposure to an NECC product, and whether they are claiming the NECC product made previous conditions worse.  *See, e.g.*, PPF at p. 9, questions 33, 34, and 35.  These are objective questions to which a "yes" or "no" is appropriate.  In light of the fact that the Saint Thomas Entities agreed to these forms in lieu of requests for admission, interrogatories, and requests for production, Plaintiffs should not be able to avoid providing simple, direct answers to these questions.  Attempting to answer these questions as "unknown" (most likely instead of

"no") is not appropriate and is not the "truthful and correct" answer. It is evasive and inappropriate.

### III.   CONCLUSION

For these reasons, the Saint Thomas Entities respectfully request that the Court grant in part and deny in part the PSC's Motion as follows:

1.  Plaintiffs answering "No" to question 5 on the Court-Approved Plaintiff Profile Form are not required at this time to provide a tax record release, but will not be permitted to seek or recover any lost wages or economic damages in their respective lawsuits;

2.  Plaintiffs answering "No" to question 13 on the Court-Approved Plaintiff Profile Form must still provide a worker's compensation record release;

3.  Plaintiffs are permitted to serve on defense counsel releases with the recipient name left blank, and defense counsel or their agents may properly fill in the blank; and

4.  Plaintiffs may not write in "unknown" to questions on the Plaintiff Profile Form containing "yes" or "no" radial options as such questions seek objective facts to which a "yes" or "no" answer is appropriate.

| | |
|---|---|
| Dated: February 10, 2015 | By their attorneys, |
| | /s/ Sarah P. Kelly |
| | Sarah P. Kelly (BBO #664267) |
| | skelly@nutter.com |
| | |
| | NUTTER McCLENNEN & FISH LLP |
| | Seaport West |
| | 155 Seaport Boulevard |
| | Boston, Massachusetts 02210 |
| | (617) 439-2000 |
| | (617) 310-9461 (FAX) |

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 10th day of February, 2015.

>*/s/ Sarah Kelly*
>  Sarah P. Kelly

2738698.1