UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419 |
| This Document Relates To: All Cases | Master Dkt. No. 1:13-md-2419-RWZ |

**DEFENDANT UNIFIRST CORPORATION'S RESPONSE TO THE PLAINTIFF STEERING COMMITTEE'S MOTION FOR CLARIFICATION REGARDING PLAINTIFF PROFILE FORM RELEASES AND RESPONSES (ECF NO. 1671)**

Defendant UniFirst Corporation ("UniFirst") hereby responds to the Motion for Clarification Regarding Plaintiff Profile Form Releases and Responses ("Motion for Clarification"), filed by the Plaintiffs' Steering Committee ("PSC"), to address one of the issues raised by the PSC in that motion.[1] Specifically, although the PSC contends that, in filling out the Plaintiff Profile Forms ("PPFs"), plaintiffs should be permitted to indicate that they do not know the answer to a particular question, UniFirst respectfully submits that an "unknown" response is appropriate only if the plaintiff (or his or her representative), *upon the exercise of reasonable diligence and a review of pertinent materials in his or her custody or control*, cannot ascertain

---

[1] UniFirst notes that the PSC did not seek to meet and confer with UniFirst before filing the Motion for Clarification, even though the requested relief will impact UniFirst. Regardless, UniFirst does not oppose the PSC's suggestions that (1) defendants should be permitted to complete authorization forms by identifying the person to whom records should be released; (2) a plaintiff who is not claiming lost wages or economic damages need not, at this stage, fill out a tax record release; and (3) a plaintiff who has not filed a worker's compensation claim need not, at this stage, complete a worker's compensation record authorization. UniFirst reserves the right to revisit the latter two issues at a later stage of the proceedings, when discovery is proceeding in individual cases.

1

the answer to the question.[2]  The issue of what questions to include on the PPFs was extensively briefed, and the questions included on the final form were approved by the Court.  Accordingly, substantive responses should be required if the information necessary to respond is reasonably available to the person completing the form.

Respectfully submitted,

DEFENDANT UNIFIRST CORPORATION

By its attorneys,

*/s/ Michael K. Murray*

James C. Rehnquist (BBO #552602)
Roberto M. Braceras (BBO # 566816)
Abigail K. Hemani (BBO # 650721)
Michael K. Murray (BBO # 563804)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, Massachusetts 02109-2881
Telephone: 617.570.1000
Facsimile: 617.523.1231
jrehnquist@goodwinprocter.com
rbraceras@goodwinprocter.com
ahemani@goodwinprocter.com
mmurray@goodwinprocter.com

Dated: February 10, 2015

---

[2]   Plaintiffs are required to certify that their PPF responses are "true and correct to the best of [their] knowledge, information and belief," *see* ECF No. 1271-1 at 14, yet it is evident that some of the "I don't know" responses result from a lack of reasonable diligence.  For example, some plaintiffs claim not to know driver's license numbers or health insurance policy numbers—both of which can readily be ascertained.

## **CERTIFICATE OF SERVICE**

      I, Michael K. Murray, hereby certify that the foregoing document, filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 10, 2015.

                                                        */s/ Michael K. Murray*