IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br><br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

PLAINTIFFS' STEERING COMMITTEE'S REPORT
FOR THE FEBRUARY 17, 2015 STATUS CONFERENCE

At the status conference on January 14, 2015 the Court raised with the Plaintiffs Steering Committee ("PSC") the need to address certain issues concerning the coordination and possible consolidation of dispositive motions as well as the PSC's desire to expedite a trial schedule for some number of cases. In anticipation of the status conference on February 17, 2015 the PSC provides the following report to address these and other issues.

**A.    The status of mediation efforts.**

At the January status conference, the PSC indicated it hoped to report significant progress with respect to the efforts to resolve claims against certain entities prior to the February 13, 2015 deadline for the filing of supplements to the NECC bankruptcy reorganization plan (the "NECC Plan Supplement"). We are pleased to report that significant progress has been made.

**1.    Virginia plaintiffs' claims against Insight et al.**

The mediation of the Virginia cases was successful and a final settlement agreement has been executed by the plaintiffs and defendants.[1]

---

[1] 12-br-19882, ECF No. 1123-8.

2. **Plaintiffs' claims against UniFirst.**

Significant progress has been made in resolving claims against the UniFirst Corporation.

B. **Clinic case census as of January 30, 2015.**

| Defendant | State | Case Count |
|---|---|---|
| St. Thomas | TN | 89 |
| Premier Orthopaedic Assoc Surgical Ctr. | NJ | 39 |
| Specialty Surgery Center, PLLC | TN | 24 |
| Box Hill Surgery System, LLC | MD | 8 |
| Advanced Pain & Anesthesia Consultants, PC | IL | 4 |
| Cincinnati Pain Management Consultants, Inc. | OH | 4 |
| BKC Pain Specialists, LLC | OH | 5 |
| PCA Pain Care Specialists | TN | 3 |
| DBMJ Rehabilitation Services, PLLC | MI | 3 |
| Encino Outpatient Surgery Center | CA | 2 |
| Ocean State Pain Management | RI | 2 |
| Anonymous Health Care Provider | IN | 2 |
| Sunrise Hospital and Medical | NV | 2 |
| Ambulatory Care Center, LLC | IN | 1 |
| Brookwood Medical Center | AL | 1 |
| Dallas Back Pain | TX | 1 |
| Dr. O'Connell's Pain Care Centers, Inc. | NH | 1 |
| Fullerton Orthopaedic Surgery Medical Group | CA | 1 |
| Marion Pain Management Center, Inc. | FL | 1 |
| Nazareth Hospital | PA | 1 |
| Sequoia Surgery Center | CA | 1 |
| Wellspring Pain Solutions Clinic | IN | 1 |
| **Grand Total** | | **197** |

A few observations about the data above:

- The chart above does not separately track civil actions naming Affiliated Defendants, ARL, Victory, Insight, Inspira, and High Point, as claims against those entities are addressed in the bankruptcy plan.

- The PSC tracks case counts as an ongoing matter, but did not re-review the individual dockets of all 682 civil actions pending in the MDL in preparing this status report.

- The census may over-represent clinic cases by inadvertently including some cases that have been dismissed.

- The census may under-represent clinic cases to the extent that the complaint did not originally name a clinic but was later amended to name such a clinic. The PSC observed a few such instances and updated the case count accordingly.

- The census only tracks single cases. The case count for St. Thomas and Specialty Surgery does not fully represent the number of individual plaintiffs because some civil actions have multi-plaintiff complaints.

**C.    PSC's proposal for coordination of dispositive motions.**

At the January 14, 2015 status conference the Court expressed the desire to streamline the process for responding to dispositive motions and noted that the Court has received multiple motions to dismiss raising identical issues of law and, in some cases, issues that the Court has already decided. In response, the PSC circulated among all parties to the MDL a draft proposed cased management order, which is attached as Exhibit A.

The PSC scheduled a meet and confer on its proposal for plans to hold a meet and confer with all interested parties on February 18, 2015. The PSC intends to move the Court for entry of a CMO by February 24, 2015 (one week after the status conference). Hopefully, the parties will be able to jointly agree on a proposed form of order. If not, the PSC will file a motion for entry of its proposed CMO and others will have an opportunity to respond.

The PSC's draft proposed case management order would require any party filing a motion to dismiss or motion for summary judgment to certify that they have not previously identified any case in the MDL to which the same body of substantive law applies (e.g. concerns application of a substantive state law) or which involves the same or similar underlying facts (i.e. involves claims against the same clinic). The movant would be required to notify parties named

3

in a related cases and coordinate the briefing and oral argument of such motions so as to minimize duplication of effort on behalf of the parties and this Court.  A decision on such dispositive motion would then be dispositive as to the related cases or related causes of action. The PSC would also be empowered to assist movants in identifying related cases and causes of action or could, on its own and subject to objection, make such designations.

In addition, as the Court suggested, the PSC is preparing and will file an Amended Master Consolidated Complaint removing those causes of action that the Court has probably dismissed.

**D.      PSC's forthcoming motion to expedite trial for selected cases.**

During the January 14, 2015 status conference the PSC indicated to the Court it was evaluating cases filed in the MDL for possible inclusion in a proposed scheduling order that would set the first trial of these cases.  The Court suggested that such a trial could and should be scheduled for no later than December 2015.

Since then, the PSC has begun a review of cases that may be ready for trial, and the PSC intends to identify cases that may be appropriate for expedited trial and propose a schedule leading to a December trial by March 1, 2015.

The focus of any trial will likely be on the liability of particular clinic defendants.   As part of the criteria for selecting such cases, the PSC will be focusing on those clinics named in the MDL with the most number of cases (See census of cases, above).

**E.      Agreements to stay proceedings in certain individual cases.**

The PSC has undertaken efforts to obtain parties' consent to stay proceedings in cases involving clinic-defendants against which there are fewer than ten cases pending in the MDL ("Stay Cases").  The objective of staying proceedings in these cases is to allow common issue

discovery to advance against the clinics with the most number of cases. The agreements staying proceedings, and the Case Management Order referred to above, will promote efficient and fair resolution of all cases, by allowing for the resolution of legal issues in a consolidated manner rather piecemeal. Completion of common issue discovery against the clinics with the most number of cases will promote judicial economy and help ensure fair, just and consistent resolution of cases without undue duplication, expense or delay.

The PSC is currently in the process of identifying cases that are appropriate for a stay of proceedings and contacting counsel for both the plaintiffs and defendants involved to obtain their consent to the stay. To date, the PSC's efforts have resulted in conditional agreements to stay proceedings in nine cases, and the PSC is currently in communication regarding possible stays with counsel for additional cases.

Dated: February 17, 2015

Respectfully submitted,

**/s/ Kristen A. Johnson**
Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Ave., Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

      I, Kristen A. Johnson, hereby certify that I caused a copy of the above Plaintiffs' Steering Committee's Report for the 17, 2015 Status Conference to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: February 17, 2015                                            */s/ Kristen A. Johnson*
                                                                            Kristen A. Johnson, BBO # 667261