# EXHIBIT A

# Mike Barker

| | |
|---|---|
| **From:** | Kristen Johnson |
| **Sent:** | Friday, February 13, 2015 2:50 PM |
| **To:** | Abigail Hemani (Unifirst); Brian M Cullen (Travelers); Damian W Wilmot (Unifirst); James Rehnquist (UniFirst); Josh Launer (Unifirst); Kenneth Walton (ARL BioPharma); Kristen Ragosta (ARL BioPharma); Michael P Sams (Victory); Nicole E Dorman (Liberty); Peter G Hermes (Liberty); Roberto Braceras (Unifirst); Scott Spearing (Liberty); Adam Schramek (St. Thomas); Adam Moyers (Wilson Surgery); Alan J Bozer (Rochester Brain and Spine); Alan S Bean (STOPNC); Allen Neely (Allegheny Pain); Amber Garry (MAPS-Edina); Anthony E. Abeln (BKC Pain); Arthur Brock (Erlanger Health); B. Curtis Wilkinson (Union Hospital); Barbara Hayes Buell (Tenet and Hahnemann); Bartholemew Freeze (Ortho-Spine Rehab Center); Benjamin T Siracusa Hillman (Dr. O'Connell's); Brandon Kulwicki (Harris Methodist); Brett J Bean (Neuromuscular and Rehab N. Michigan); Brian Macdonald (Michigan Neuro); Brook Hastings (Rothman Ins.-Dr.Andredson); C. Houston Foppiano (Wilson Surgery); Cara E Weiner (Erlanger); Cari Wint (Surgical Park Center); Carl Tullson (Insight); Carrie Hanger (High Point Surgery); Cecily Hughes (Wilson Surgery); Chris Riegler (Wellspring); Chris Tardio (STOPNC); Chris Trible (Insight); Christopher Wolk (Premier Orthopaedic); CJ Gideon (STOPNC); Clare Carroll (MAPS); Courtney Mills (Wellspring); Cynthia Palin (Encino Outpatient); Daniel Divis (Nasareth-Mercy); Daniel Shapiro (Florida Pain); David Batten (Wilson Surgery); David M Thomas (Michigan Pain); Deanna Siegfried (Comprehensive Pain Management); Diane Flannery (Insight Health); Emmitte Griggs (Forsyth Street Ambulatory); Eric Hoffman (St. Thomas Entities); Frank Gerolamo (Nasareth-Mercy); Greg Kirby (Pain Medicine Specialists PA); Gregory Bee (Cinncinnati Pain Management); Halley Stephens (West Florida Pain); Holly Bell (Brookwood); Imran Rahman (APAC Centers for Pain Management); Jack Reinholtz (Encino); James F. Neale (Insight); Jason Lewis (Forsyth St. Ambulatory); Jay Blumberg (premier orthopaedic); Jeremiah Quane (Pain Specialists of Ohio); Joanna Chen (Rochester Brain and Spine); John Lovely (Nitesh Bhagat); John T Sly (Greenspring Surgical; John Thomas Jessee (Carilion); Joseph Cohen (Fort Wayne Phys Medicine); Joseph Fullenkamp (South Bend); Joseph Lang (Nitesh Bhagat); Justin Saar (Florida Pain); Kara Bettigole; Kathryn J. Humphrey (Southeast Michigan Surgical); Kelly Hunton (Brookwood); Kip J. Adams (Thorek Memorial); Kristen M Mykulak (South Jersey Health); Liz Fraley (Dallas Back Pain); Lou Voelker (South Bend); Louis Moffa (South Jersey Health); Luke Reilander (OSMC Outpatient); Lyle Hardman (OSMC Outpatient); Marcy H. Greer (Saint Thomas); Mark E Anderson (NC Orthopaedic); Mark Hoover (Michigan Pain); Mark P Goodman (Michigan Pain); Mark Schumacher (Ortho-Spine Rehab); Martin Hyman (Interventional Rehab); Matthew Cline (STOPNC); Matthew Connors (Ocean State Pain); Matthew Daly (Interventional Spine); Maura K. Monaghan (Sahara Surgery); Michael B Hayes (South Jersey Health); Michael Hager (Rochester Brain and Spine); Michelle J Marzullo (Baltimore Pain); Michelle Mitchell (Greenspring SurgCenter); Mike Barker; Mike Keating (IF Pain Associates); Nancy Fuller Reynolds (Image Guided Pain Management); Paul Corson (Universal Pain Management); Paul Peterson (Maps-Edina); Randy Hackney (Michigan Pain); Raymond Powers (Walter Knox Memorial); Renu Shah (Insight); Rhonda Beesing (Florida Pain); Robert Boston (Marion Pain); Robert Homes Hood (Pain Assoc of Charleston); Robert James Durant (OSMC); Samuel Towell (Insight Health); Sandra Lake (Michigan Pain Clinic); Sarah Kelly (Saint Thomas Entities); Sean Capplis (Ocean State); Stephen Brake (St. Thomas); Stephen Busch (Insight Health); Stephen Grossman (South Jersey Health); Stephen Pratt (Wellspring); Steven Weiss (SE Michigan Surgical); Terrill Harris (High Point Surgery); Theresa A Domenico (Orlando Surgery); Thomas J Althauser (Hartford Country Ambulatory); Tiffany Franc (Box Hill Surgery); Timothy Dardas (Neuro and |

| | |
|---|---|
| **To:** | Rehab of N. Michigan); Tom Kendrick (Brookwood); Tory Weigand (BKC); William Christie (Dr. O'Connell's); Yvonne Puig (Saint Thomas Entities) |
| **Cc:** | Edward Notargiacomo; Patrick T. Fennell; Linaris Falcon |
| **Subject:** | NECC:  proposed CMO |
| **Attachments:** | PSC's Proposed CMO.docx |

Counsel,

Attached is a proposed Case Management Order addressing the coordination of dispositive motions, in response to the Court's request during the last status conference.

We want to be sure that all defense counsel have an opportunity to comment on this proposal.  We propose meeting and conferring on the PSC's proposal **Wednesday February 18** at **2:00 pm Eastern**.  We will circulate a dial in before the call.

The PSC intends to move the Court for entry of a CMO by February 24, 2015 (one week after the status conference).  Hopefully, the parties will be able to jointly agree on a proposed form of order.  If not, the PSC will file a motion for entry of its proposed CMO and others will have an opportunity to respond.

**Kristen Johnson** | Partner
**Hagens Berman Sobol Shapiro LLP**
55 Cambridge Parkway, Suite 301 - Cambridge, MA  02142
Direct: (617) 475-1961
kristenj@hbsslaw.com | www.hbsslaw.com | HBSS Blog



Named to 2013 **Plaintiff's Hot List** by *The National Law Journal*

 

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## MDL ORDER No. ___
## COORDINATION OF DISPOSITIVE MOTIONS

This Court has broad authority to join for hearing and oral argument multiple actions for the purpose of addressing any or all matters for which there are common questions of law and fact.[1]  This authority is appropriately exercised when the parties involved will not be prejudiced by such consolidation and when consolidation will serve the interests of judicial economy.[2]  This Case Management Order shall apply to all motions to dismiss and motions for summary judgment, including those currently pending in this MDL, for which oral argument is not yet scheduled as of the date of this Order.

The Court hereby ORDERS the following:

1.	The Plaintiffs' Steering Committee ("PSC") shall consider the Court's earlier orders on motions to dismiss and amend the Master Complaint accordingly by February 24, 2015.

2.	Before filing a motion to dismiss or motion for summary judgment, a would-be movant or his counsel must certify in writing that he or she has done the following:

---

[1] Fed. R. Civ. P. 42(a)(1).
[2] *Id.  See also Enterprise Bank v. Saetelle*, 21 F.3d 233, 235 (8th Cir. 1994).

          a.      Reviewed the Court's earlier orders on motions to dismiss and summary judgment, including but not limited to ECF Nos. [LIST] and considered how those rulings may affect their arguments.  (For example, the Court's decision to not dismiss negligence claims will have bearing on whether counsel moves to dismiss negligence counts.  Likewise, the movant may choose to press dismissal of batter claims in light of the Court's earlier decisions addressing battery.)

          b.      Undertaken a good faith effort to identify cases in the MDL that state, based on the facts and applicable law, a same or similar cause of action for which the movant seeks dismissal or summary judgment.  Any such identified case is a "related case," and any such cause of action is a "related cause of action."[3]  Related cases will include civil actions that contain causes of action for which the same body of substantive law will apply (*e.g.*, involve interpretation of the same state law), and/or involves the same or similar underlying facts (*e.g.*, it involves claims against the same hospital or pain clinic);

          c.      Identified all related cases in a written certification attached to the motion;

          d.      Provided written notice to counsel for all parties (or, when *pro se*, the parties themselves) in all related cases ("noticed parties") and the PSC of (i) the movant's intention to file a motion to dismiss or motion for summary judgment and (ii) the nature of the motion to be filed (*e.g.*, a motion to dismiss a cause of action against Dr. Smith for allegedly violating Texas's product liability statute);

          e.      Met and conferred with noticed parties in an effort to reach an agreed on schedule for briefing and oral argument.  The goal should be to present common issues of law and/or fact in a coordinated manner, so as to eliminate duplication of effort on the part of the parties and this Court.

---

[3] If asked, the PSC will help the movant identify related cases.

3. The PSC may independently designate related cases and related causes of action pursuant to this paragraph, provided the PSC also complies with the requirement for notice to counsel for all parties (or, when *pro se*, the parties themselves).

4. Movant shall address in his or her briefing why the Court's earlier decisions on the same or similar claim (*e.g.* battery, negligence, or a product liability statute) do not dictate the outcome of the motion.

5. Any ruling of this Court arising from such motion shall be dispositive as to any such noticed party's related cause(s) of action, unless such noticed party objects to the "related cause of action" status within fifteen (15) days of the filing of the motion. Any such objection shall be accompanied by a memorandum showing cause why the relevant issues in the related cause of action are not the same as, or similar to, those raised in the movant's original motion so as to defeat the dispositive effect enumerated in this paragraph. All objections filed pursuant to this paragraph shall also be subject to consolidation for the purpose of arguing the merits of such objections.

It is so ORDERED.

Dated: _____          _____
                                       RYA W. ZOBEL
                                       UNITED STATES DISTRICT JUDGE