UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL PRODUCTION OF INSURANCE AGREEMENTS**

The Plaintiffs' Steering Committee ("PSC") moved the Court to enter an order compelling Saint Thomas Health, Saint Thomas Network, and Saint Thomas Hospital West f/k/a Saint Thomas Hospital (collectively, the "Saint Thomas Entities") to produce all insurance agreements related to claims against them in this litigation, including in particular the insurance agreement with Ascension Risk Services (the "Agreement"). [Dkt. 1468.] During oral argument on the reconsideration of the motion, Magistrate Judge Boal asked the parties to provide supplemental briefing to answer the question of whether the Agreement is required to be disclosed under Rule 26(a)(1)(A)(iv), and if it is not, whether the Agreement is otherwise discoverable. *See* Feb. 17, 2015, Hrg. Tr. 43:8-43:13.

While Plaintiffs maintain that the Agreement is an insurance agreement issued by an insurance business, and thus production of the agreement is required by Rule 26(a)(1)(A)(iv), even if it were not, the Court should still compel the Saint Thomas Entities to produce the Policies because they are discoverable under Rule 34 and are relevant to

Plaintiffs' vicarious liability claims relating to the Saint Thomas Entities' relationship with each other as well as its affiliated entity the Saint Thomas Outpatient Neurosurgical Clinic. Those claims allege that the Saint Thomas Entities' structure is merely a corporate shell game in an improper attempt to shield the Saint Thomas Entities from the liabilities of its agent, the Saint Thomas Outpatient Neurosurgical Clinic. Plaintiffs here have alleged that the Saint Thomas Entities were essentially indistinguishable from each other and from St. Thomas Clinic. They have deliberately fostered this notion in the public eye, for example, through sharing the St. Thomas name and location on the St. Thomas campus, and through advertising and self-identification as "One Name, One Healing Community." The Agreement, to the extent that it provides coverage for agents of the Saint Thomas Entities, is clearly relevant to those vicarious liabilities. In fact, the Certificates of Insurance that were produced show that Ascension Risk Services is treating the Saint Thomas Entities as one single undifferentiated corporate entity, just as Plaintiffs have alleged in this litigation. *See* [Dkt. 1470-3]. This Court found that Plaintiffs' agency and vicarious liability claims against the Saint Thomas Entities are viable and denied the Saint Thomas Entities' motion to dismiss them. [Dkt. 1360]. Thus Plaintiffs are entitled to seek discovery related to those claims.

Moreover, the Court should compel the production of the Agreement because it is responsive to specific discovery requests Plaintiffs already have made to the Saint Thomas Entities. For example, Plaintiffs Request No. 34 seeks "all contracts, agreements, and documents related to Saint Thomas Network's relationship with St. Thomas Hospital;" Request No. 35 seeks the same related to Saint Thomas Network's relationship with Saint Thomas Health. *See* Ex. A at 20. The Agreement is plainly responsive to these Requests, as

it relates to the relationship between and among the Saint Thomas Entities, and the Saint Thomas Entities have been unable to point to any legitimate harm that will come from their production of the Agreement. The Saint Thomas Entities should not be permitted to improperly shield from disclosure an Agreement that is clearly and highly relevant to the Plaintiffs' claims of agency and vicarious liability simply because such disclosure may incidentally shed light on the assets available to satisfy a judgment. Therefore the Saint Thomas Entities should be compelled to produce it.

WHEREFORE, the Plaintiffs' Steering Committee respectfully requests that this Court order the Saint Thomas Entities to produce the Agreement.

Dated:  February 24, 2015

Respectfully submitted,

*/s/ Mark Chalos*

Mark P. Chalos

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Thomas M. Sobol
Kristen Johnson
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com
enotargiacomo@hbsslaw.com

*Plaintiffs' Lead Counsel*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

- 5 -

        J. Gerard Stranch, IV
        Benjamin A. Gastel
        BRANSETTER, STRANCH & JENNINGS PLLC
        227 Second Avenue North
        Nashville, TN 37201
        Telephone: (615) 254-8801
        Facsimile: (615) 255-5419
        gerards@branstetterlaw.com
        beng@branstetterlaw.com

        *Plaintiffs' Steering Committee*

- 6 -

## CERTIFICATE OF SERVICE

I, Mark P. Chalos, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: February 24, 2015

                */s/ Mark P. Chalos*
                Mark P. Chalos