UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All Suits Against the Saint Thomas Entities ) <br> _____ ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**SAINT THOMAS ENTITIES' RESPONSE IN OPPOSITION TO PSC'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
PRODUCTION OF SELF-INSURANCE TRUST DOCUMENTS**

The Saint Thomas Entities[1] ask the Court to uphold its order[2] denying the PSC's motion to compel production of their self-insurance trust agreement ("Trust"). The PSC's supplemental brief offers nothing new for the Court to consider and simply restates unsuccessful arguments from the PSC's original motion. First, the PSC has no additional explanation as to why the Trust is discoverable under Rule 26. The Court has found that the Trust constituted self-insurance and not issued by an insurance business, as required by the Rule. The PSC notes its disagreement but makes no further argument to refute either of these findings. Next, the PSC reasserts its contention that the Trust is relevant to Plaintiffs' agency claims. Yet it still fails to explain how that can be when Saint Thomas Outpatient Neurosurgical Center ("STOPNC") is not even a party to it. Since the Court has the exact same facts and arguments before it as it did when it issued the original order, the Court has been provided no reason to change the decision it already made.

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.
[2] Order on PSC's Mot. to Compel Produc. of Insurance Agreements, Dkt. No. 1590.

53946977.3

- 1 -

# I.  ARGUMENT

## A.  The Trust is not discoverable under Rule 26(a) because it is self-insurance and it is not issued by an insurance business

1. In its previous order, the Court held that the Trust did not meet the requirements of Rule 26(a).[3] It found that the Trust is a self-insurance reserve fund and not issued by an insurance business.[4] The PSC notes its disagreement with the Court in its supplemental briefing but does not offer any reason to reverse the order.[5]

2. The federal discovery rules prohibit discovery of an opponent's current financial status "until after a judgment against the opponent has been rendered."[6] The reasoning is that the defendant's financial status is not relevant to the merits of the lawsuit and therefore not discoverable pre-judgment.[7] Federal Rule of Civil Procedure 26(a)(1)(A)(iv) provides a narrow exception to this prohibition by allowing disclosure of an "insurance agreement under which ***an insurance business*** may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."[8] But self-insurance reserve funds like the Trust do not meet the requirements for Rule 26 disclosure. In fact, the Rule 26 advisory committee removed any doubt, making it clear in its notes that self-insurance is not discoverable because "the provision does not cover the business concern that creates a reserve fund for purposes of self-insurance."[9] The Court originally concluded the Trust qualifies as self-insurance and was not an insurance policy issued by an insurance business.[10] It confirmed at the

---

[3] *Id*. at 4.
[4] *Id*.
[5] Supplemental Mem. In Supp. of PSC's Mot. to Compel at 1.
[6] *Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1547 (D.D.C. 1994); *cf.* FED. R. CIV. P. 69(a) (allowing discovery in aid of judgment).
[7] *Id*.
[8] FED. R. CIV. P. 26(a)(1)(A)(iv) (emphasis added).
[9] FED. R. CIV. P. 26(b)(2), 1970 Notes of Advisory Committee Subdivision (b)(2)—Insurance Policies.
[10] Order on PSC's Mot. to Compel Produc. of Insurance Agreements at 4.

recent discovery hearing that, having reviewed the documents *in camera*, they did not alter the Court's conclusion that each of the requirements of Rule 26 had not been met.[11]

3.   The Court has also held that Rule 26 only applies to insurance agreements issued by "persons 'carrying on an insurance business.'"[12] The Court found that none of the Trust members, including the Saint Thomas Entities, are insurance businesses.[13] Several other courts have also concluded that self-insured pools like the Trust are not insurance companies and are not engaged in the business of insurance.[14] Neither the Trust itself nor the participants are insurance businesses, making the Trust documents not subject to automatic disclosure under the plain wording of the rule.[15] The PSC has provided this Court with no factual or legal basis to change its prior conclusions.

**B.   The Trust is not relevant to Plaintiffs' claims of an agency relationship with STOPNC because STOPNC is not a party to the Trust**

4.   The PSC uses most of its brief to reargue that the Trust documents are relevant to their vicarious liability claims.[16] But as the Court has already found, STOPNC is not a party to the Trust and therefore the Trust is not relevant to Plaintiffs' claims.[17]

5.   Plaintiffs allege that the Saint Thomas Entities are liable for the actions of their purported agent, STOPNC. Plaintiffs' agency claims center on the relationship between the Saint Thomas Entities and STOPNC—not the Saint Thomas Entities and any party to the Trust. The

---

[11] *See* Transcript of Feb. 17, 2015 hearing, p. 40, lns. 17-20 ("I don't think a review of the document changes my view under Rule 26. Rule 26 and the automatic disclosures calls for production of an insurance agreement under which an insurance business may be liable.").
[12] *Id.*; *see also* FED. R. CIV. P. 26(b)(2), 1970 Notes of Advisory Committee.
[13] Order on PSC's Mot. to Compel Produc. of Insurance Agreements at 5.
[14] *See, e.g., Esposito v. Simkins Indus.*, 943 A.2d 456, 468 (Conn. 2008) (self-insurer is not an "insurer" excluded from coverage under the Connecticut Insurance Guaranty Association Act); *California Pacific Homes, Inc. v. Scottsdale Ins. Co.*, 70 Cal. App. 4th 1187, 1193-95 (Cal. Ct. App. 1999) (holding that self-insured retentions during the period of a continuous loss were not primary insurance that must be exhausted before the insurers could have a duty to indemnify).
[15] *See* FED. R. CIV. P. 26(a)(1)(A)(iv).
[16] *See* Supplemental Mem. In Supp. of PSC's Mot. to Compel; *see also* PSC Motion to Compel at ¶ 20, ECF No. 1469.
[17] Order at 6.

PSC again fails to offer any alternative explanation as to how the Trust could be evidence of agency between the Saint Thomas Entities and STOPNC, and therefore, as the Court previously ruled, it is not relevant.

6. The PSC also suggests that the Trust should be produced because the Saint Thomas Entities will not be harmed by producing it.[18] As the Saint Thomas Entities previously explained the recent discovery hearing,[19] a "lack of harm" is no basis to compel discovery. Under this analysis, Plaintiffs would be able to conduct any number of fishing expeditions that courts routinely prohibit. Moreover, the prohibition on pre-judgment financial discovery would be eviscerated since a defendant is rarely "harmed" by producing bank records, asset holdings, property records and the like.

7. While Rule 26(b) permits liberal discovery, the U.S. Supreme Court has emphasized that the requirement of relevance of material sought in discovery should be "firmly applied."[20] The Trust is not relevant to the merits of plaintiffs' claims, and is therefore not discoverable.

## II. CONCLUSION

WHEREFORE, the Saint Thomas Entities respectfully request that the Court uphold its order denying the PSC's motion to compel.

---

[18] Supplemental Mem. In Supp. of PSC's Mot. to Compel at 3.

[19] Transcript of Feb. 7, 2015 hearing at p. 44, ln. 10 to p. 45, ln. 6.

[20] *Herbert v. Lando*, 441 U.S. 153, 177(1979) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964)).

Dated: March 3, 2015

SAINT THOMAS WEST HOSPITAL f/k/a
ST. THOMAS HOSPITAL, SAINT THOMAS
HEALTH, and SAINT THOMAS NETWORK

By their attorneys,

 /s/ Sarah P. Kelly
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

FULBRIGHT & JAWORSKI LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

53946977.3

- 5 -

## **CERTIFICATE OF SERVICE**

  This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 3rd day of March, 2015.

                */s/ Sarah P. Kelly*
                Sarah P. Kelly

2752268.1