UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br>   All Cases ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**SAINT THOMAS ENTITIES' RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO ENTER CASE MANAGEMENT ORDER GOVERNING COORDINATION OF DISPOSITIVE MOTIONS**

The Saint Thomas Entities[1] file this response in opposition to the PSC's motion to the *Plaintiffs' Steering Committee's Motion to Enter Case Management Order Governing Coordination of Dispositive Motions* (Docket #1711) ("PSC's Proposed CMO").

**PRELIMINARY STATEMENT**

The PSC candidly admits that its Proposed CMO is not agreed to by the defendants. It fails to disclose that the defendants raised serious logistical and due process problems with the PSC's proposal and sent back a counter-proposal that addressed them in a much simpler, straightforward process. The Court's directive to the PSC was to work with the other parties to come up with a proposal to streamline the briefing for motions to dismiss. The PSC is once again attempting to overreach its directive, and its proposal will necessitate as much—and perhaps more—briefing for the Court than if adhering to the status quo because it contains an unprecedented and unnecessarily stringent consequence of manufacturing dispositive consequences that bind the Court and non-moving parties going forward. After receiving comments and a proposal from defense counsel, the PSC made only superficial changes to its

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

1

originally Proposed CMO and filed it—without even responding to the comments and alternative draft, thus requiring the Saint Thomas Entities to respond and involve the Court in deciding something that should have been worked out by the parties. Because the PSC's Proposed CMO is unworkable and inappropriately binding, it should be rejected. The Saint Thomas Entities respectfully propose that the attached Exhibit A sets forth an appropriate process for streamlining the briefing and argument on motions to dismiss and request that it be entered instead.[2] At a minimum, the PSC's Proposed CMO should be rejected.

## ANALYSIS

Starting with the first paragraph, the PSC's Proposed CMO overreaches the Court's directive and the boundaries of this litigation. Citing Federal Rule of Civil Procedure 42(a)(1)—the provision for consolidating cases for trial, which has not been (and should not be) done in these cases—the PSC proposes that the Court adopt language that has nothing to do with a CMO on motions to dismiss. To the Saint Thomas Entities' knowledge, there has been no motion for consolidation under Rule 42. If any prefatory language is needed, it should track 28 U.S.C. § 1407, or the Judicial Panel on Multidistrict Litigation's order, which is the source of this Court's authority in this MDL.

The PSC also asks this Court to extend the CMO to summary judgment motions, which were not part of the directive. This expansion is ill-advised. Summary judgment motions often involve more fact-specific contexts, and it would set a dangerous course to define in advance the precedential effect of, for example, the Saint Thomas Entities' intended motion for summary judgment on agency issues, for motions filed by other entities with different relationships with

---

[2] Exhibit B is a redlined comparison of the PSC's proposal and the Saint Thomas Entities' proposal.

different clinics.  The Saint Thomas Entities suggest that the discussion on how best to handle summary judgment motions be taken up when those motions are expected to be filed.

The PSC's Proposed CMO contains numerous other erroneous assumptions and inappropriate provisions, and the Saint Thomas Entities will address them in the order they appear below, consistent with the PSC's proposal.

1. The PSC's proposed paragraph 1 should also contain language to the effect that causes of action that have been "narrowed" by the Court in orders on motions to dismiss also be addressed in the PSC's amended complaint.

2. The same language should be added to Paragraph 2.  And Paragraph 2 is acceptable to the extent it applies to short-form complaints, but there are some individual complaints in this MDL that contain additional causes of action that are not covered by the PSC's Proposed CMO.  To cover these situations, the Saint Thomas Entities propose adding a provision or language (similar to paragraph 3 of Exhibit A) to make clear the effect of the Court's orders on motions to dismiss if those plaintiffs with individual complaints or counts fail or refuse to amend:

> As to all defendants for whom substantive allegations and counts are not included in the Master Complaint or in Short Form Complaints, but rather other separate specific Complaints, the Court's prior orders dismissing claims against these defendants (ECF Nos. 1255, 1360, 1451, 1556, 1613, 1642, and 1643) effectively amend the separate Complaints to delete those causes of action that the Court has ordered dismissed.  Any subsequent dispositive rulings by the Court on motions that dismiss or modify causes of action against such defendants shall likewise effectively amend the separate Complaints to delete or modify those causes of action that the Court has ordered dismissed or narrowed.

3. Paragraph 3 was added by the PSC without prior notice to the defendants and is unfair.  There is no reason to defer the Court's consideration of motions to dismiss for pending cases.  If there are truly hundreds of new cases to be added to the MDL in October, then the

influx will undoubtedly cause further delay of cases that are ripe for motions to dismiss and ought to be considered by the Court before the new cases arrive.

4. Paragraph 4 of the PSC's Proposed CMO is similar to paragraph 7 of the Saint Thomas Entities' proposal (Exhibit A). The Saint Thomas Entities have no objection to subparts a-c, except that the definition of "Related Case" and "Related Cause of Action" in subpart b should be limited to the types of claims actually described and not open to potential misunderstandings about those matters that will be invited by the use of the more expansive term, "includes." Subpart d is not necessary under the Saint Thomas Entities' proposal. Subpart e's meet and confer requirement should be limited to "the PSC and all defendants affected by a ruling."

5. Paragraph 5 is acceptable, but should have a parallel requirement that the designation be made in a response to the motion to dismiss.

6. Paragraph 6 is acceptable, but should also add: "The Court will entertain motions for extra-length briefs where necessary to accomplish this objective."

7. Paragraph 7 is the key to the PSC's Proposed CMO. It essentially sets up a process where the Court's ruling on a particular set of allegations and law may have disastrous effects on other cases. Any party may notice any other case as a "Related Case" based on any motion to dismiss that may be filed, and the burden is on the designated non-movant to file objections and briefing. Non-movants who fail to do so will be bound by the Court's ruling on a motion to which they are not a party. Considering the risk of a "dispositive" ruling, non-movants will be forced to object and brief motions based on claims against other parties potentially governed by other laws. It is axiomatic that the precedential effect of any ruling should come after, not before, the ruling. Notably, the PSC provides no authority for its unorthodox

4

suggestion that a ruling can be "dispositive" before it is even made.  The Saint Thomas Entities believe that the better route is to provide deadlines for all motions to dismiss in pending cases and those expected to be filed, and once those motions have been identified, the parties will be in a better position to coordinate briefing and argument scheduling and identify common issues:

> For all cases currently pending in this MDL, any motions to dismiss as to Common Issues[3] must be filed on or before April 15, 2015.  For all cases that have not been filed as of the date of the entry of this Order, any motions to dismiss as to Common Issues must be filed on or before November 2, 2015.

8. Several parties raised concerns about preserving error on their claims for dismissal if they are unable to file a motion to dismiss due to prior rulings of the Court.  The PSC's proposal in paragraph 8—one that also was not vetted with the other parties—appears to be an attempt to address that concern.  But it does not solve the problem.  A defendant cannot file a notice of appeal from a ruling to which it is not a party.  The Saint Thomas Entities have proposed a simple and streamlined process that will eliminate unnecessary motions and any need for the Court or the PSC to expend any resources in responding or resolving such motions that at the same time will preserve the appellate rights of the non-movant who is not able to file its own motion to dismiss due to a prior ruling:

> If the Court has previously ruled on a Common Issue in the context of a motion to dismiss, other parties may rely upon that ruling and preserve their rights to appeal such ruling without having to file an additional motion to dismiss or response as to that issue by filing a "Notice of Adoption of Dispositive Motion" or "Notice of Adoption of Opposition to Dispositive Motion," identifying the ruling for which error is to be preserved by date and docket entry and the motion(s) (or portions of motions) to which the notice relates.  The filing of such a notice will not require any action by the respondent or the Court, but will preserve all appellate rights of the noticing party as if that party had filed the same motion and adopted briefing (including any objections, responses, replies, sur-replies, and supplemental briefing) in the context of a motion to dismiss.

---

[3] "Common Issues" are defined in MDL Order No. 9 as issues that "pertain[] to all or a substantial number of cases in the" MDL (Docket No. 1425).

This reasonable proposal was made to the PSC prior to submission of its Proposed CMO, but the PSC has yet to provide any basis for rejecting this suggestion in favor of a notice of appeal process that preserves nothing.

    9.    Paragraph 9 of the PSC's Proposed CMO is acceptable.

*　　　　　*　　　　　*

The Saint Thomas Entities additionally propose the following provisions to help ensure a fair and bilateral process.

    1.    **Deadline for Filing Short-Form Complaints.**  This provision will insure that all pleadings are amended by a date certain for purposes of filing motions to dismiss:

> For all individual cases in which a Short Form Complaint has not yet been filed, the deadline for filing a Short Form Complaint is the later of: (a) 30 days after the case is filed or transferred into this MDL; or (b) 30 days after the entry date of this Order.

    2.    **Further Amendments to the Master Complaint.**  This provision is self-explanatory and designed to decrease the number of issues that will need to be brought to the Court for resolution:

> If a party believes that a dispositive ruling by the Court on a motion to dismiss, whether entered previously or after the date of the entry of this Order, necessitates a further amendment to the Master Complaint, that party may request the PSC to make such amendment, and if necessary, file a motion for further relief regarding the Master Complaint.

    3.    **Clarifications as to Scope.**  The following paragraphs should be added to avoid collision with other orders currently in place:

> This Order does not impact or affect in any way previously filed motions to dismiss that have been stayed pending the completion of Common Issue discovery.

The deadline for filing motions to dismiss as to Case Specific Issues[4] is suspended for all parties pending further order of the Court.

Nothing in this Order shall prevent a party from filing a motion to dismiss, subject to the remaining provisions of this Order, at an earlier point.

## CONCLUSION AND PRAYER

For these reasons, the Saint Thomas Entities respectfully request that the Court: (i) deny the PSC's motion to enter its Proposed CMO; (ii) enter the proposed CMO attached to this response as Exhibit A; and (ii) grant such other and further relief to which the Saint Thomas Entities are entitled.

          SAINT THOMAS WEST HOSPITAL f/k/a ST. THOMAS HOSPITAL, SAINT THOMAS HEALTH, and SAINT THOMAS NETWORK

          By its attorneys,
          */s/ Sarah P. Kelly*
          Sarah P. Kelly (BBO #664267)
          skelly@nutter.com
          NUTTER McCLENNEN & FISH LLP
          Seaport West
          155 Seaport Boulevard
          Boston, Massachusetts  02210
          (617) 439-2000
          (617) 310-9461 (FAX)

Dated:  March 6, 2015

---

[4] "Case Specific Issues" are defined in MDL Order No. 9 as issues that "pertain[] to a single case or small number of cases."

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com
FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON
& TOWNSEND L.L.P.
515 Congress Ave., Suite 2350
Austin, Texas  78701
(512) 482-9300
(512) 482-9303 (FAX)


*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

      This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 6th day of March, 2015.

                                          */s/ Sarah P. Kelly*
                                          Sarah P. Kelly