# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## MDL ORDER No. ___
## COORDINATION OF MOTIONS TO DISMISS

This Case Management Order shall apply to all motions to dismiss, including those currently pending in this MDL, for which oral argument is not yet scheduled as of the date of this Order.

The Court hereby ORDERS the following:

1. By March 6, 2015, the Plaintiffs' Steering Committee ("PSC") shall consider the Court's earlier orders on motions to dismiss and amend the Master Complaint to eliminate those causes of action dismissed or narrowed by the Court. All Short Form Complaints incorporating sections of the Master Complaint that have subsequently been withdrawn are deemed to no longer incorporate the withdrawn sections.

2. As to all defendants for whom substantive allegations and counts are not included in the Master Complaint, but are contained solely in the Short Form Complaints, the Court's prior orders dismissing claims against these defendants (ECF Nos. 1255, 1360, 1451, 1556, 1613, 1642, and 1643) effectively amend the Short Form Complaints to delete those causes of action that the Court has ordered dismissed. Any subsequent dispositive rulings by the Court on motions that dismiss or modify causes of action against such defendants shall likewise

effectively amend the Short Form Complaints to delete or modify those causes of action that the Court has ordered dismissed or narrowed.

3. As to all defendants for whom substantive allegations and counts are not included in the Master Complaint or in Short Form Complaints, but rather other separate specific Complaints, the Court's prior orders dismissing claims against these defendants (ECF Nos. 1255, 1360, 1451, 1556, 1613, 1642, and 1643) effectively amend the separate Complaints to delete those causes of action that the Court has ordered dismissed.  Any subsequent dispositive rulings by the Court on motions that dismiss or modify causes of action against such defendants shall likewise effectively amend the separate Complaints to delete or modify those causes of action that the Court has ordered dismissed or narrowed.

4. For all individual cases in which a Short Form Complaint has not yet been filed, the deadline for filing a Short Form Complaint is the later of:  (a) 30 days after the case is filed or transferred into this MDL; or (b) 30 days after the entry date of this Order.

5. For all cases currently pending in this MDL, any motions to dismiss as to Common Issues[1] must be filed on or before April 15, 2015.  For all cases that have not been filed as of the date of the entry of this Order, any motions to dismiss as to Common Issues must be filed on or before November 2, 2015.

6. If a party believes that a dispositive ruling by the Court on a motion to dismiss, whether entered previously or after the date of the entry of this Order, necessitates a further amendment to the Master Complaint, that party may request the PSC to make such amendment, and if necessary, file a motion for further relief regarding the Master Complaint.

---

[1] "Common Issues" are defined in MDL Order No. 9 as issues that "pertain[] to all or a substantial number of cases in the" MDL (Docket No. 1425).

7. Before filing or responding to a motion to dismiss, a would-be movant or respondent or their counsel must:

a. Review the Court's earlier orders on motions to dismiss and summary judgment, including but not limited to ECF Nos. 1255, 1360, 1451, 1556, 1613, 1642, and 1643, and consider how those rulings may affect their arguments. (For example, the Court's decision not to dismiss negligence claims may have a bearing on whether counsel moves to dismiss negligence counts. Likewise, the respondent may choose not to oppose dismissal of battery claims in light of the Court's earlier decisions addressing battery.)

b. Undertake a good faith effort to identify cases in the MDL that state, based on the facts and applicable state law, a same or similar cause of action for which the movant seeks dismissal. Any such identified case is a "Related Case," and any such cause of action is a "Related Cause of Action." "Related Cases" means civil actions, currently pending in this MDL, that contain causes of action for which the same body of substantive law will apply (involving interpretation of the same state law) and/or involves the same or similar underlying facts (involving claims against the same clinics or grouping of clinic defendants);

c. Identify all Related Cases in a written certification attached to the motion;

d. Meet and confer with the PSC and all defendants affected by a ruling on the proposed motion in an effort to reach an agreed-upon schedule for briefing and oral argument. The goal should be to present common issues of law and/or fact in a coordinated manner, so as to eliminate duplication of effort on the part of the parties and this Court.

8. The PSC may independently designate Related Cases and Related Causes of Action pursuant to this paragraph, provided the PSC also complies with the requirement for notice to counsel for all parties (or, when *pro se*, the parties themselves). The PSC shall

designate such Related Cases or Related Causes of Action in a written certification attached to the response to the motion to dismiss.

9. Movants and respondents shall address in their briefing why the Court's earlier decisions on the same or similar claims (*e.g.* battery, negligence, or a product liability statute) do or do not dictate the outcome of the motion. The Court will entertain motions for extra-length briefs where necessary to accomplish this objective.

10. If the Court has previously ruled on a Common Issue in the context of a motion to dismiss, other parties may rely upon that ruling and preserve their rights to appeal such ruling without having to file an additional motion to dismiss or response as to that issue by filing a "Notice of Adoption of Dispositive Motion" or "Notice of Adoption of Opposition to Dispositive Motion," identifying the ruling for which error is to be preserved by date and docket entry and the motion(s) (or portions of motions) to which the notice relates. The filing of such a notice will not require any action by the respondent or the Court, but will preserve all appellate rights of the noticing party as if that party had filed the same motion and adopted briefing (including any objections, responses, replies, sur-replies, and supplemental briefing) in the context of a motion to dismiss.

11. This Order does not impact or affect in any way previously filed motions to dismiss that have been stayed pending the completion of Common Issue discovery.

12. The deadline for filing motions to dismiss as to Case Specific Issues[2] is suspended for all parties pending further order of the Court.

13. Nothing in this Order shall prevent a party from filing a motion to dismiss, subject to the remaining provisions of this Order, at an earlier point.

---

[2] "Case Specific Issues" are defined in MDL Order No. 9 as issues that "pertain[] to a single case or small number of cases."

It is so ORDERED.

Dated: _____  _____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE