# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

MDL ORDER No. ___
COORDINATION OF ~~DISPOSITIVE~~ MOTIONS TO DISMISS

~~This Court has broad authority to join for hearing and oral argument multiple actions for the purpose of addressing any or all matters for which there are common questions of law and fact.[1] This authority is appropriately exercised when the parties involved will not be prejudiced by such consolidation and when consolidation will serve the interests of judicial economy.[2] This Case Management Order shall apply to all motions to dismiss and motions for summary judgment~~   This Case Management Order shall apply to all motions to dismiss, including those currently pending in this MDL, for which oral argument is not yet scheduled as of the date of this Order.

The Court hereby ORDERS the following:

~~1.    The~~   1.    By March 6, 2015, the Plaintiffs' Steering Committee ("PSC") shall consider the Court's earlier orders on motions to dismiss and amend the Master Complaint to~~, inter alia, eliminate certain claims previously dismissed, by March 6, 2015.~~   eliminate those causes of action dismissed or narrowed by the Court.  All Short Form Complaints

---

[1] ~~Fed. R. Civ. P. 42(a)(1).~~
[2] ~~Id.  See also Enterprise Bank v. Saetelle, 21 F.3d 233, 235 (8th Cir. 1994).~~

incorporating sections of the Master Complaint that have subsequently been withdrawn are deemed to no longer incorporate the withdrawn sections.

2. ~~To the extent any Plaintiff has asserted a cause of action by way of adoption of the cause of action set forth in the Master Complaint, elimination of the cause of action by the PSC in the Amended Master Complaint shall operate to eliminate the same cause of action in any such short form complaint without further need to file an amendment to the short form complaint. Any plaintiff who has filed a short-form complaint shall have until April 6, 2015 to amend such complaint if he or she believes it necessary to reassert claims eliminated by the filing of the Amended Master Complaint.~~

3. ~~Unless otherwise ordered by the Court, oral argument on all motions to dismiss and motions for summary judgment is hereby stayed until October 15, 2015.~~

~~4. Before filing~~ 2. As to all defendants for whom substantive allegations and counts are not included in the Master Complaint, but are contained solely in the Short Form Complaints, the Court's prior orders dismissing claims against these defendants (ECF Nos. 1255, 1360, 1451, 1556, 1613, 1642, and 1643) effectively amend the Short Form Complaints to delete those causes of action that the Court has ordered dismissed. Any subsequent dispositive rulings by the Court on motions that dismiss or modify causes of action against such defendants shall likewise effectively amend the Short Form Complaints to delete or modify those causes of action that the Court has ordered dismissed or narrowed.

3. As to all defendants for whom substantive allegations and counts are not included in the Master Complaint or in Short Form Complaints, but rather other separate specific Complaints, the Court's prior orders dismissing claims against these defendants (ECF Nos. 1255,

1360, 1451, 1556, 1613, 1642, and 1643) effectively amend the separate Complaints to delete those causes of action that the Court has ordered dismissed.  Any subsequent dispositive rulings by the Court on motions that dismiss or modify causes of action against such defendants shall likewise effectively amend the separate Complaints to delete or modify those causes of action that the Court has ordered dismissed or narrowed.

4. For all individual cases in which a Short Form Complaint has not yet been filed, the deadline for filing a Short Form Complaint is the later of:  (a) 30 days after the case is filed or transferred into this MDL; or (b) 30 days after the entry date of this Order.

5. For all cases currently pending in this MDL, any motions to dismiss as to Common Issues[3] must be filed on or before April 15, 2015.  For all cases that have not been filed as of the date of the entry of this Order, any motions to dismiss as to Common Issues must be filed on or before November 2, 2015.

6. If a party believes that a dispositive ruling by the Court on a motion to dismiss ~~or~~, whether entered previously or after the date of the entry of this Order, necessitates a further amendment to the Master Complaint, that party may request the PSC to make such amendment, and if necessary, file a motion for ~~summary judgment~~further relief regarding the Master Complaint.

7. Before filing or responding to a motion to dismiss, a would-be movant or ~~his~~respondent or their counsel must ~~certify in writing that he or she has done the following~~:

a. ~~Reviewed~~Review the Court's earlier orders on motions to dismiss and summary judgment, including but not limited to ECF Nos. 1255, 1360, 1451, 1556, 1613, 1642,

---

[3] "Common Issues" are defined in MDL Order No. 9 as issues that "pertain[] to all or a substantial number of cases in the" MDL (Docket No. 1425).

and 1643, and ~~considered~~consider how those rulings may affect their arguments.  (For example, the Court's decision ~~to~~ not to dismiss negligence claims ~~will~~may have a bearing on whether counsel moves to dismiss negligence counts.  Likewise, the respondent may choose not to oppose dismissal of battery claims in light of the Court's earlier decisions addressing battery.)

      b.      ~~Undertaken~~Undertake a good faith effort to identify cases in the MDL that state, based on the facts and applicable state law, a same or similar cause of action for which the movant seeks dismissal ~~or summary judgment.~~.  Any such identified case is a "~~related case~~Related Case," and any such cause of action is a "~~related cause~~Related Cause of ~~action."~~[4] Action."  "Related ~~cases will include~~Cases" means civil actions, currently pending in this MDL, that contain causes of action for which the same body of substantive law will apply (*e.g.*, ~~involve~~involving interpretation of the same state law~~)~~,) and/or involves the same or similar underlying facts (*e.g., it involves*involving claims against the same ~~hospital~~clinics or ~~pain~~grouping of clinic defendants);

      c.      ~~Identified~~Identify all ~~related cases~~Related Cases in a written certification attached to the motion;

~~d.  Provided written notice to counsel for all parties (or, when *pro se*, the parties themselves) in all related cases ("noticed parties") and the PSC of (i) the movant's intention to file a motion to dismiss or motion for summary judgment and (ii) the nature of the motion to be filed (*e.g.*, a motion to dismiss a cause of action against Dr. Smith for allegedly violating Texas's product liability statute);~~

~~e.  Met and conferred with noticed parties in an effort to reach an agreed on~~d. Meet and confer with the PSC and all defendants affected by a ruling on the

---

[4] ~~If asked, the PSC will help the movant identify related cases.~~

proposed motion in an effort to reach an agreed-upon schedule for briefing and oral argument. The goal should be to present common issues of law and/or fact in a coordinated manner, so as to eliminate duplication of effort on the part of the parties and this Court.

58. The PSC may independently designate ~~related cases~~Related Cases and ~~related causes~~Related Causes of ~~action~~Action pursuant to this paragraph, provided the PSC also complies with the requirement for notice to counsel for all parties (or, when *pro se*, the parties themselves).  The PSC shall designate such Related Cases or Related Causes of Action in a written certification attached to the response to the motion to dismiss.

~~6.     Movant, or respondent, as appropriate,~~9.     Movants and respondents shall address in ~~his or her~~their briefing why the Court's earlier decisions on the same or similar ~~claim~~claims (*e.g.* battery, negligence, or a product liability statute) do or do not dictate the outcome of the motion.  The Court will entertain motions for extra-length briefs where necessary to accomplish this objective.

~~7.     Any ruling of this Court arising from such motion shall be dispositive as to any such noticed party's related cause(s) of action, unless such noticed party objects to the "related cause of action" status within fifteen (15) days of the filing of the motion.  Any such objection shall be accompanied by a memorandum showing cause why the relevant issues in the related cause of action are not the same as, or similar to, those raised in the movant's original motion so as to defeat the dispositive effect enumerated in this paragraph.  All objections filed pursuant to this paragraph shall also be subject to consolidation for the purpose of arguing the merits of such objections.~~

~~8.     This Order shall not constitute a waiver of any party's appellate rights under the applicable Federal rules.  Any party whose case is adversely affected by the dispositive effect of~~

~~this Order, who wishes to preserve his appellate rights as to such effect, must do so by filing the proper notice of appeal in accordance with applicable Federal rules.~~

~~9.     This Order shall not apply to any defendants who have entered into a settlement agreement with the NECC Trustee in Bankruptcy Court (the "Settling Defendants"). If any such settlement is terminated, or if it is finally determined that the bankruptcy proceeding will not dispose of all of the claims against a Settling Defendant in the MDL proceeding, then, at such time, the Court will separately address the coordination of dispositive motions filed by such Settling Defendants.~~10.     If the Court has previously ruled on a Common Issue in the context of a motion to dismiss, other parties may rely upon that ruling and preserve their rights to appeal such ruling without having to file an additional motion to dismiss or response as to that issue by filing a "Notice of Adoption of Dispositive Motion" or "Notice of Adoption of Opposition to Dispositive Motion," identifying the ruling for which error is to be preserved by date and docket entry and the motion(s) (or portions of motions) to which the notice relates. The filing of such a notice will not require any action by the respondent or the Court, but will preserve all appellate rights of the noticing party as if that party had filed the same motion and adopted briefing (including any objections, responses, replies, sur-replies, and supplemental briefing) in the context of a motion to dismiss.

11.     This Order does not impact or affect in any way previously filed motions to dismiss that have been stayed pending the completion of Common Issue discovery.

12.     The deadline for filing motions to dismiss as to Case Specific Issues[5] is suspended for all parties pending further order of the Court.

---

[5] "Case Specific Issues" are defined in MDL Order No. 9 as issues that "pertain[] to a single case or small number of cases."

13.     Nothing in this Order shall prevent a party from filing a motion to dismiss, subject to the remaining provisions of this Order, at an earlier point.

It is so ORDERED.

Dated: _____          _____
                                                                           RYA W. ZOBEL
                                                                           UNITED STATES DISTRICT JUDGE