UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> All Cases | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**RESPONSE TO PSC'S MOTION TO ENTER CASE MANAGEMENT ORDER GOVERNING COORDINATION OF DISPOSITIVE MOTIONS**

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants") hereby submit this response to the PSC's Motion to Enter Case Management Order Governing Coordination of Dispositive Motions [Dkt. 1711].

Introduction

At the January 14, 2015 status conference, the Court expressed frustration at having to rule on multiple motions to dismiss raising similar arguments (*e.g.*, motions to dismiss the Plaintiffs' battery claims) and asked the parties to propose a method of resolving this problem going forward. On February 25, 2015, the PSC filed its proposed CMO attempting to address these issues. However, the PSC's proposal (1) goes well beyond the simple procedure necessary and (2) creates significant practical problems that undermine the Court's goals of _simplifying_ this process and _decreasing_ the amount of briefing requiring action by the Court. On March 6, 2015, the Saint Thomas Entities

1

filed a response identifying many of the practical problems with the PSC's proposal and proposed a CMO that attempts to remedy many of these problems.[1]

With this response, the Tennessee Clinic Defendants:

1) Join in the response filed by the Saint Thomas Entities and hereby adopt and incorporate those arguments;

2) Support entry of the CMO proposed by the Saint Thomas Entities;

3) Identify several additional problems with the PSC's proposal; and

4) Propose an alternative CMO in the event the Court would prefer a direct and simple solution to the underlying problem.

## Discussion

The Court has broad authority to control pretrial proceedings, including the timing for adjudication of dispositive motions.[2] This authority, however, is constrained by the Federal Rules of Civil Procedure and the United States Constitution. The Federal Rules of Civil Procedure grant a defendant the right to seek early dismissal of claims (or risk waiver in some instances).[3] The Constitution of the United States assures each defendant Due Process throughout these proceedings.[4] The PSC acknowledges the first of these three (3) considerations, but ignores the latter two, and fails to consider the practical problems assured with implementation of its proposed CMO.

---

[1] Dkt. 1721.
[2] 28 U.S.C. § 1407.
[3] Fed. R. Civ. P. 12(b); Hr'g Tr. 20:6-21:3 (Dec. 13, 2013 status conference) (J. Saylor, recognizing defendants' right to have motions to dismiss heard "without undue delay.")
[4] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327, n. 7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never has an opportunity to be heard.") (internal citations omitted).

2

### I. The PSC's proposal may abrogate the rights of parties to file or oppose motions to dismiss.

The PSC's proposal to bind all "related cases" is simply too broad. The Federal Rules of Civil Procedure grant a defendant the right to file a motion to dismiss, and require a defendant to raise certain defenses to avoid waiver. Binding defendants in "related cases" to the ruling of a motion to dismiss filed, briefed, and argued by another defendant, would deprive them of this right. Constitutional implications also arise if a defendant is denied the right to submit, brief, and argue a motion to dismiss simply because a defendant in a "related case" filed a motion to dismiss on a similar issue.[5]

Similar issues would arise if a defendant were added to a case after a motion to dismiss has been resolved. Under the PSC's proposal, the newly-added defendant could be bound by the results of a motion to dismiss in a "related case" without having the opportunity to object to that designation.

Implementing a procedure designed to bind litigants to results in ambiguously-defined "related cases" is simply not feasible in an MDL of this complexity, particularly in light of the PSC's statements at the last status conference suggesting that many additional cases may yet be filed.[6]

### II. The PSC's proposal creates more problems than it solves.

There are a host of practical problems with implementation of the CMO proposed by the PSC. For example, the PSC's proposal would require Saint Thomas Outpatient Neurosurgical Center to notify and then meet and confer with attorneys for (1) more

---

[5] See Parklane, 439 U.S. at 327, n. 7; see also Old Chief v. United States, 519 U.S. 172, 186-87 (1997) (recognizing litigants' right to prove their own case in their own way).
[6] Hr'g Tr. 10:17-20 (Feb. 17, 2015 status conference) ("...with Maryland being a state that allows for a three-year statute of limitation, what we foresee is the number of cases filed against Box Hill increasing significantly over the next few months.")

3

than 117 Plaintiffs, (2) the PSC, (3) the Saint Thomas Entities, (4) UniFirst, and (5) roughly 12 Affiliated Defendants, and <u>this does not even include "related cases."</u>

Worse still, <u>all of these parties are permitted to file briefs opposing designation as a "related case."</u> This completely undermines the Court's goal of <u>reducing</u> the amount of briefing that requires the Court's time and attention. There is a much better solution.

### III. The Tennessee Clinic Defendants' simplified CMO seeks to avoid these problems.

The Tennessee Clinic Defendants recognize that the Court is understandably frustrated with ruling on motions to dismiss the same claims over and over again. Accordingly, the Tennessee Clinic Defendants respectfully submit that the Court's goal can be accomplished with a much simpler procedure than that proposed by the PSC.

First, the Tennessee Clinic Defendants agree that the PSC should amend the Master Complaint to eliminate claims the Court has dismissed, but permit Plaintiffs to reassert those claims where appropriate.[7]

Second, the Tennessee Clinic Defendants propose eliminating the entire procedure for noticing and binding so-called "related cases" that will cause so many of the headaches described above, including the inevitable flood of briefing on whether or not a case has been appropriately designated as "related case."

Third, the Tennessee Clinic Defendants propose streamlining the meet and confer process. Movants and respondents must (1) review the Court's previous rulings on dispositive motions, (2) meet and confer to see whether they can agree that the rulings govern some or all of their dispositive motion, and (3) if they cannot agree,

---

[7] For example, a battery claim may be a cognizable cause of action under some states' laws even though it has been dismissed under Tennessee law.

explain to the Court in their briefing on the motion why the previous rulings should not apply.

Finally, the Tennessee Clinic Defendants recognize that defendants may need to file a dispositive motion in an individual case to preserve their rights on appeal, even though the defendant may not wish to contest the Court's previous rulings.[8] Accordingly, the Tennessee Clinic Defendants' proposal includes a provision that allows defendants to file a notice to preserve those rights, without actually filing a notice of appeal as required by the PSC's proposal. Notably, the notice preserving appellate rights would not require any action by the Court, as it will not be styled as a motion.

## Conclusion

The Tennessee Clinic Defendants join the response of the Saint Thomas Entities and move the Court to reject the PSC's proposal as unworkable due to its significant legal and practical problems. The Tennessee Clinic Defendants respectfully request that the Court enter either (1) the CMO proposed by the Saint Thomas Entities or (2) the CMO attached hereto as Exhibit A, both of which will be more effective and practical in accomplishing the Court's goals.

---

[8] For example, a defendant may have several cases against it and choose to file a motion to dismiss in one of those cases. If the Court denies the motion, the defendant would still have to file a motion to dismiss in all of its other cases to preserve its right to appeal the Court's ruling for those cases, or risk waiver, and the Court would have to deny the identical motions to dismiss filed in each case. The proposed CMO allows the defendant to simply file a notice to preserve their appellate rights and does not require the Court to take any action.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 10th day of March, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**

6