UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Cases | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

## MDL ORDER No. \_\_
## COORDINATION OF DISPOSITIVE MOTIONS

This Case Management Order shall apply to all motions to dismiss and motions for summary judgment, including those currently pending in this MDL, for which oral argument is not yet scheduled as of the date of this Order. The goal of this Order is to present common issues of law and/or fact in a coordinated manner, so as to eliminate duplication of effort on the part of the parties and this Court. In working toward that goal, the parties should make a good faith effort, consistent with this Order, to avoid relitigating issues already decided by the Court or, if they believe that a previous ruling on a similar issue does not control the outcome of their dispositive motion, to explain why in their briefing.

The Court hereby ORDERS the following:

1. To the extent any individual Plaintiff has asserted a cause of action by adopting the cause of action set forth in the Master Complaint, elimination of the cause of action by the Plaintiffs' Steering Committee ("PSC") in the Second Amended Master Complaint shall operate to eliminate the same cause of action in any individual case or short form complaint without further need for an individual Plaintiff to file an amended

1

complaint or short form complaint in his or her individual case. Any Plaintiff who has filed a short form complaint shall have __ days from entry of this Order to amend such complaint if he or she believes it necessary to reassert claims eliminated by the filing of the Second Amended Master Complaint.

2. When filing or responding to a motion to dismiss or motion for summary judgment, a would-be movant or respondent or his or her counsel must:

  a. Review the Court's earlier orders on motions to dismiss and summary judgment, including but not limited to ECF Nos. 1255, 1360, 1451, 1556, 1613, 1642 and 1643;

  b. Consider how those rulings may affect his or her arguments (For example, the Court's decision in an earlier order not to dismiss negligence claims may have bearing on whether counsel moves to dismiss negligence counts. Likewise, the respondent may choose not to oppose dismissal of battery claims in light of the Court's earlier decisions addressing battery.);

  c. Confer with opposing counsel in an effort to reach an agreement on:

    i. A schedule for briefing and oral argument, and

    ii. Whether any of the Court's previous rulings dictate the outcome of some or all of the motion; and

  d. If the parties cannot reach an agreement on the applicability of the Court's previous rulings, address in the briefing why the Court's earlier decisions on the same or similar claim (*e.g.* battery, negligence, or a product liability statute) do not dictate the outcome of the motion.

3. This Order shall not constitute a waiver of any party's appellate rights

under the applicable Federal Rules. If the Court has previously ruled on an issue in the context of a motion to dismiss or motion for summary judgment, other parties may rely upon that ruling and preserve their rights to appeal such ruling without having to file an additional motion or response as to that issue by filing a "Notice of Adoption of Dispositive Motion" or "Notice of Adoption of Opposition to Dispositive Motion," identifying the ruling for which error is to be preserved by date and docket entry and the motion(s) (or portions of motions) to which the notice relates. The filing of such a notice will not require any action by the respondent or the Court, but will preserve all appellate rights of the noticing party as if that party had filed the same motion and adopted briefing (including any objections, responses, replies, sur-replies, and supplemental briefing).

    It is so ORDERED.

Dated: _____

                                                RYA W. ZOBEL
                                                UNITED STATES DISTRICT JUDGE