UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO: <br><br> All Suits Against the Saint Thomas Entities | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**SAINT THOMAS ENTITIES' MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE COURT ORDER PERMITTING COMPARATIVE FAULT DISCOVERY AGAINST SETTLING PARTIES**

The Saint Thomas Entities[1] file this memorandum in support of their motion to enforce this Court's previous orders permitting defendants like the Saint Thomas Entities to obtain discovery from settling parties in support of their comparative fault defenses.

### INTRODUCTION

On October 9, 2014, this Court entered a limited stay of discovery against certain NECC "Insiders" (such as its owners) who had settled with the NECC bankruptcy estate. In connection with that order, significant briefing was submitted by various defendants focused on the fact discovery would still be needed from these parties since their comparative fault for plaintiffs' injuries would still be determined by juries determining the fault, if any, of defendants in each case. The Court ultimately entered a partial stay, clarifying that the stay would not preclude any defendant from obtaining comparative fault discovery relevant to their defense. Subsequent parties settling with the NECC estate have obtained orders with the identical operative language.

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

The Saint Thomas Entities have asserted the comparative fault of ARL BioPharma, Inc. (hererafter "ARL") as an affirmative defense in their master answer. *See* Saint Thomas Entities' Master Answer and Affirmative Defenses to Plaintiffs' Amended Master Complaint, p. 118 [Docket #1464]. On March 9, 2015, the Saint Thomas Entities issued written discovery to ARL, one of the settling parties. *See* Letter dated March 9, 2015 from S. Kelly to K. Walton attaching comparative fault discovery requests, attached hereto as Exhibit "A." ARL is the company that tested the contaminated product and issued test results declaring that it was safe and not contaminated. Counsel for ARL responded that discovery against it had been stayed and that it would not respond. *See* E-mail correspondence between S. Kelly and C. Longo, attached hereto as Exhibit "B." Despite the attempt by the Saint Thomas Entities to explain that their comparative fault discovery was clearly allowed (and had in fact already been litigated and clarified by the Court), ARL refuses to participate in comparative fault discovery and asked for the issue to be listed on the agenda for the upcoming status hearing. *Id.* For the reasons stated herein, the Court should enforce its prior order and compel ARL to participate in comparative fault discovery.

## ARGUMENT AND AUTHORITIES

The Saint Thomas Entities have been sued in dozens of cases pending in this MDL proceeding. Plaintiffs are attempting to hold the Saint Thomas Entities responsible for injuries caused by certain methylprednisolone injections that had been compounded by the New England Compounding Center ("NECC"), which has filed for bankruptcy. The Saint Thomas Entities operate in Tennessee, and the claims asserted against them are governed by Tennessee law.

Both tort claims and product liability claims are subject to Tennessee's comparative fault rules, which permit a defendant "in an answer or amended answer to the original or amended complaint that a person not a party to the suit ***caused or contributed to the injury or damage*** for

which the plaintiff seeks recovery . . . ." *See* Tenn. Code Ann. 20-1-119 (emphasis added). Non-parties are apportioned their percentages of fault and plaintiff may only recover against each defendant based on his or her allocation of fault. *See, e.g.*, *McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992) (holding that a defendant is "liable only for the percentage of a plaintiff's damages occasioned by that defendant's negligence[.]"); *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 430 (Tenn. 1996) ("[W]here the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, each tortfeasor will be liable only for that proportion of the damages attributable to its fault.").

Comparative fault makes the potential fault of non-parties not only discoverable, but an important part of the evidence considered by the jury at any defendant's trial. In fact, the relevant jury instruction states:

> You should weigh the respective contributions of the persons, considering the conduct of each as a whole, determine whether one made a larger contribution than the others, and if so, to what extent it exceeds that of the others.

Tenn. Pattern Jury Instructions § 3.51. The jury is also instructed to consider a number of factors, including "whose conduct more directly caused the injury to the plaintiff," how reasonable the person's conduct was in confronting the risk, whether the person failed to use reasonable care to avoid the risk of injury, whether there was a sudden emergency, and the significance of what the person was trying to accomplish. *Id.* at § 3.25.

Accordingly, when the Chapter 11 Trustee and PSC began negotiating settlement agreements with some parties potentially responsible for the contamination of NECC product, there was only so much relief from the litigation process it could promise settling parties since their actions would continue to be relevant and discoverable with respect to claims against, and defenses asserted by, the non-settling parties. Hence, when some settlements were reached, they included a provision for a limited, partial stay of proceedings against non-settling parties.

In connection with the Insiders' motion to obtain an order effectuating a partial stay, various defendants filed oppositions primarily focused on clarifying that the language of the order would not preclude them from conducting comparative fault discovery. *See, e.g.,* Defendant Liberty Industries, Inc.'s Limited Opposition to the Trustee's Motion to Stay Discovery and Proceedings for NECC's Insiders and Affiliated Defendants ("Liberty's Opposition") [Docket # 1349]; Partial Opposition of Saint Thomas Entities and Ascension Parties to Chapter 11 Trustee's Motion for Entry of an Order Limiting Discovery and Staying these Proceedings with Respect to NECC Insiders and Related Settling Parties ("Saint Thomas Entities' Opposition") [Docket # 1351]; Tennessee Clinic Defendants' Response to the Trustee's Motion for Entry of an Order Limiting Discovery and Staying these Proceedings with Respect to NECC Insiders and Related Settling Parties ("Tennessee Clinics' Opposition") [Docket # 1356]. In particular, the defendants wanted clarification that the allowance of discovery "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Insider Settling Parties" permitted full comparative fault discovery against settling parties. *See* Liberty's Opposition at p. 5 (explaining that "Liberty (and likely other defendants) need discovery that supports the allocation of responsibility to NECC and its Insiders and Affiliates at trial."); Tennessee Clinics' Opposition at p. 5 ("More importantly, these Defendants simply cannot defend the claims against them without such discovery to support their comparative fault claims."); Saint Thomas Entities' Opposition at p. 5 (explaining that defendants "will be seeking evidence of comparative negligence against many, if not all, of the Settling Parties . . . .").

This Court heard arguments on the matter and ultimately issued an order granting a partial stay of discovery. In its memorandum of decision, the Court clearly stated that the

language proposed by the Insiders and adopted by the Court did not preclude comparative fault discovery against settling parties. As the Court stated:

> After review, I find that the Trustee's proposed order is sufficiently clear and reasonable in scope. ***It does not prohibit defendants from pressing affirmative defenses*** or claims against individuals or entities other than the Settling Parties, ***nor does it block discovery relevant to such defenses (including comparative fault or negligence)*** or claims from the Settling Parties. The order does bar the continued pursuit of direct claims or affirmative cases against the Settling Parties.

Memorandum of Decision, p.3 [Docket # 1481] (emphasis added).

After the Court decided the issue, ARL presented the court with a motion to grant it a partial stay pursuant to its settlement agreement. As the Chapter 11 Trustee and Committee of Unsecured Creditors explained in filing their joinder to ARL's motion:

> ***The requested relief is identical to the relief granted by this Court to other parties who have entered into settlements*** with the Trustee in connection with contributions to the Claimants' Compensation Fund. *See Order Limiting Discovery and Staying These Proceedings With Respect to NECC Insiders and Related Settling Parties* [Dkt. No. 1482].

Joint Joinder of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors, p. 3 (emphasis added) [Docket # 1630]. The Trustee and Committee went on to explain that the stay "will not enjoin discovery from the Settling Parties" and that "given this Court's previous entry of an order granting identical relief to other settling parties, the relief requested is unremarkable." *Id.* at pp. 4-5. Accordingly, this Court entered its order providing ARL the same relief it had previously granted the Insiders and others. *See* Order [Docket # 1659].

Similarly, in connection with the Insiders' settlement, the Saint Thomas Entities moved the bankruptcy court for an order confirming that the automatic bankruptcy stay did not preclude them from asserting the comparative fault of NECC as a defense in the cases in this MDL. The court agreed, entering an order stating:

> . . . these Creditors ***shall be allowed to assert allegations*** against NECC as a nonparty responsible in whole or in part for injuries allegedly sustained by

plaintiffs in the MDL tort actions solely for the purpose of asserting as an *affirmative defense the comparative fault of NECC.*

Agreed Order on the Defendants' (Creditors') Motion for Relief from the Automatic Stay, p. 3, attached as Exhibit "C." The court further ordered that the "relief awarded pursuant to this order is solely to permit these Creditors to assert and prove their right to reduce their potential liability in the MDL tort actions pursuant to the principles of comparative fault . . . ." *Id.* at p. 4. In other words, the Saint Thomas Entities took the steps needed to make sure all potentially responsible parties, including NECC, will be considered by the jury in any trial in which they are involved. Accordingly, they are now conducting comparative fault discovery with respect to such parties.

Despite this history and the Court's prior clarification that the partial stays do not limit comparative fault discovery with respect to the comparative fault affirmative defenses asserted by the Saint Thomas Entities in the cases against them, counsel for ARL has inexplicably taken the position that "this matter" was stayed and that the Saint Thomas Entities must withdraw their discovery requests. Accordingly, the Saint Thomas Entities request that the Court enforce its previous order and order ARL to participate in all comparative discovery conducted by the Saint Thomas Entities in accordance with the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated herein, the Saint Thomas Entities respectfully request that the Court grant their motion to enforce and enter an order compelling ARL to fully participate in all comparative fault discovery undertaken by the Saint Thomas Entities.

<div style="display: flex; justify-content: space-between;">

Dated: March 10, 2015

By their attorneys,

 /s/ Sarah P. Kelly
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

</div>

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 10th day of March, 2015.

> */s/ Sarah Kelly*
> Sarah P. Kelly

2757850.1