# Exhibit C

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NEW ENGLAND COMPOUNDING ) | |
| PHARMACY, INC., ) | Case No 12:19882-HJB |
| ) | |
| Debtor. ) | |
| ) | |

### AGREED ORDER ON THE DEFENDANTS' (CREDITORS') MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the *Motion of Saint Thomas Entities and Ascension Parties' Pursuant to 11 U.S.C. § 362 for Relief from the Automatic Stay* (the "Motion") [Dkt. 991], filed by Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities"),[1] and the *as-yet unfiled Joinder*[2] of the creditors Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, John W. Culclasure, MD, Debra V. Schamberg, RN, Specialty Surgery Center, Crossville, PLLC, Kenneth R. Lister, MD, Kenneth R. Lister, MD, PC, and Donald E. Jones, MD (collectively, the "Tennessee Clinic Defendants"; and together

---

[1] The Motion was additionally filed by Ascension Health and Ascension Health Alliance (together referred to as the "Ascension Parties"). Since filing the Motion, as described more fully in the *Reply of Saint Thomas Entities to Chapter 11 Trustee's Objection and Joinder of the Official Committee of Unsecured Creditors to Motion Pursuant to 11 U.S.C. § 362 for Relief from the Automatic Stay* [Dkt. 1006], the Ascension Parties have been dismissed from the MDL Proceeding (as defined in the Reply) and, therefore, the relief requested in the Motion is moot as to the Ascension Parties.

[2] The Tennessee Clinic Defendants have not yet filed their *Joinder*, but sent a draft to the Trustee to initiate the meet and confer process. This Agreed Order resolves the Motion and the Tennessee Clinic Defendants presently unfiled *Joinder*, which seeks the same relief as the Motion.

1

with the Saint Thomas Entities, the "Creditors"), and the Chapter 11 Trustee's assent to entry of this order on the Motion and Joinder, the Court finds, and it is ordered:

### Findings

1. This Court has jurisdiction over modifications to the automatic stay in accordance with 28 U.S.C. § 1334, with this being a core proceeding under 28 U.S.C. § 157, and venue is proper in this Court pursuant to 28 U.S.C. § 1408, 1409.

2. These Creditors are defendants in 120+ tort actions pending in the MDL, docketed at MDL No. 2419 (Lead Case Number 1:13-md-2419). These Creditors also have asserted unsecured claims in the bankruptcy.

3. Presently pending in the MDL Court is the Trustee's *Motion for Entry of an Order Limiting Discovery and Staying these Proceedings with Respect to NECC Insiders and Related Settling Parties.*[3] The *Motion for Entry of an Order Limiting Discovery and Staying these Proceedings with Respect to NECC Insiders and Related Settling Parties* seeks an order from the MDL Court staying the MDL actions against the Debtor and other settling parties but allowing discovery of NECC and the Insider Settling Parties "to the extent discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties."[4] If that motion is granted, discovery of the Debtor and the Settling Parties will be permitted to the extent such discovery is relevant to the defense of the tort actions against these Creditors.

### Order

Consistent with the above findings, the Court hereby orders:

---

[3] MDL Dkt. 1342.
[4] MDL Dkt. 1343-1.

2

1.     To the extent the automatic stay may be construed to prevent these Creditors from asserting the comparative fault of NECC as a defense in the MDL tort action, these Creditors shall be allowed to assert allegations against NECC as a non-party responsible in whole or in part for injuries allegedly sustained by plaintiffs in the MDL tort actions solely for the purpose of asserting as an affirmative defense the comparative fault of NECC.

2.     The following provisions are in effect:

a.     Neither NECC nor Paul D. Moore, as the duly appointed chapter 11 trustee of NECC in the above-captioned bankruptcy case, shall be named as a party by these Creditors in any judicial proceeding.[5]

b.     No judgment requiring NECC to pay a damages award will be sought or entered against NECC in the MDL tort actions under the provisions of this order. This order only affirms that these Creditors can assert as a defense in the MDL tort actions the comparative fault of NECC.

c.     Nothing in any judicial proceeding (other than in this Court) shall operate as an allowance or disallowance of any claim these Creditors assert or may hereafter assert in this bankruptcy case; which allowance or disallowance shall remain within this Court's exclusive jurisdiction; and,

---

[5] This order does not address these Creditors' ability to name NECC or the Trustee as a party in the MDL tort actions in the future. However, should these Creditors wish to do so, they would need to seek further modification of the automatic stay by separate motion. This order only addresses the assertion of non-party comparative fault in defense of the MDL tort actions.

3

    d. Any allocation of fault to NECC in any of the MDL tort actions shall only be for purposes of reducing these Creditors' potential liability pursuant to the principles of comparative fault, and shall not be given preclusive effect, nor any effect whatsoever, with respect to the calculation, liquidation, allowance or disallowance of any claim these Creditors assert or hereafter may assert in this bankruptcy case. All matters relating to such calculation, liquidation, allowance, or disallowance shall remain within the exclusive jurisdiction of this Court.

  3. The relief awarded pursuant to this order is solely to permit these Creditors to assert and prove their right to reduce their potential liability in the MDL tort actions pursuant to the principles of comparative fault, and nothing in this order alters the automatic stay to permit, or otherwise authorizes these Creditors to pursue, the prosecution of any claims for affirmative relief against NECC or against the Trustee.

  4. The automatic stay now in effect, to the extent it may be construed to prevent these Creditors from seeking discovery from NECC, is hereby modified to permit these Creditors to seek limited written and oral discovery from NECC in the forms allowed by the Federal Rules of Civil Procedure in the MDL tort actions, including, but not limited to, deposition by oral examination, deposition by written questions, interrogatories, and requests for production and inspection which shall be limited solely and exclusively to permit these Creditors to defend themselves in the MDL tort actions and reduce their potential liability in the MDL tort actions based on comparative fault defenses pursuant to Tennessee law, all to the extent permitted by the District Court in which the MDL tort actions are pending.

5. The Trustee and these Creditors agree that resolution of the Trustee's pending *Motion for Entry of an Order Limiting Discovery and Staying these Proceedings with Respect to NECC Insiders and Related Settling Parties* in the MDL Court will set the parameters of allowed discovery of the Debtor in the MDL tort actions. The instant order is not intended to permit an "end-run around" the expected action of the MDL Court on the Trustee's *Motion for Entry of an Order Limiting Discovery and Staying these Proceedings with Respect to NECC Insiders and Related Settling Parties*. It is instead intended to affirm that, if or when discovery of the Debtor is allowed in the MDL Court, such discovery will not violate the bankruptcy automatic stay.

6. The relief granted by this order is limited to modifying the automatic stay as set forth above, and is not in any manner determining or implying that any limited discovery sought by these Creditors is appropriate or that the Trustee is required in any fashion to comply with any discovery request propounded by these Creditors. Without limiting the generality of the immediately preceding sentence, it is further ordered that the Trustee shall retain all rights to object to or otherwise limit, oppose, or resist any and all of the discovery sought by these Creditors, and nothing in this order is intended to be, or shall be construed as, (i) authorizing these Creditors to conduct the discovery, or determining that these Creditors are entitled to any discovery whatsoever pursuant to the applicable rules of civil procedure, against NECC, the Trustee, or any other entity, (ii) directing the Trustee to respond to any discovery propounded by these Creditors, or (iii) waiving any privilege or immunity of the Trustee or NECC's bankruptcy estate with respect to any discovery.

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to this Order, including, without limitation, relating to the allowance, disallowance, classification, and subordination of any claim these Creditors assert or hereafter may assert in this bankruptcy case.

Dated: Sep 23, 2014

/s/ Henry J. Boroff
The Honorable Henry J. Boroff
United States Bankruptcy Judge

ASSENTED TO:

/s/ Paul D. Moore
Paul D. Moore (BBO#353100)
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110
Telephone: (857) 488-4230
Facsimile: (857) 401-3057
Email: pdmoore@duanemorris.com

Chapter 11 Trustee


/s/ Chris J. Tardio
C.J. Gideon, Jr. (admitted *pro hac vice*)
Chris J. Tardio (admitted *pro hac vice*)
GIDEON, COOPER & ESSARY, PLC
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

-and-

6

/s/ John G. Loughnane
John G. Loughnane (BBO #557599)
Nutter McClennen & Fish, LLP
155 Seaport Boulevard,
Boston, MA 02210
(617) 439-2000
jloughnane@nutter.com

William R. Greendyke (admitted *pro hac vice*)
Texas State Bar No. 08390450
John D. Cornwell (admitted *pro hac vice*)
Texas State Bar No. 24050450
FULBRIGHT & JAWORSKI LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151
(713) 651 5246 (FAX)
william.greendyke@nortonrosefulbright.com
john.cornwell@nortonrosefulbright.com

*Counsel for the Saint Thomas Entities*