UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )))))))))) | MDL No. 2419<br>Dkt. No. 1:13-md-2419-RWZ |
| This Document Relates to:<br><br>All Suits | |

### The Tennessee Clinic Defendants' Notice of Joinder in the Saint Thomas Entities' Motion to Enforce Court Order Permitting Comparative Fault Discovery Against Settling Parties [1725]

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; Vaughan Allen, MD; and Donald E. Jones, MD (collectively "the Tennessee Clinic Defendants") hereby give notice to this honorable Court and all parties that they join in the Saint Thomas Entities' *Motion to Enforce Court Order Permitting Comparative Fault Discovery Against Settling Parties* (hereinafter the "Motion")[1] and request the same relief.

As further explanation, the Tennessee Clinic Defendants state:

1. The Tennessee Clinic Defendants are health care provider defendants in numerous lawsuits pending in this MDL.

---

[1] Dkt. 1725.

1

2. For purposes of the Saint Thomas Entities' *Motion to Enforce Court Order Permitting Comparative Fault Discovery Against Settling Parties*, the Tennessee Clinic Defendants are similarly situated to the Saint Thomas Entities.

3. The Tennessee Clinic Defendants, like the Saint Thomas Entities, assert comparative fault against ARL Biopharma, Inc. (hereinafter "ARL") as a defense to the numerous tort cases against them.[2] The Tennessee Clinic Defendants have consistently aligned with the Saint Thomas Entities' position that discovery of settling parties that are potentially at-fault – *e.g.*, ARL – is necessary to develop and establish comparative fault defenses.[3]

4. The Court's *Memorandum of Decision* at Dkt. 1481 addressed both the Tennessee Clinic Defendants' and the Saint Thomas Entities' (same) positions on this issue. The Court, as explained in the Motion, confirmed that non-settling defendants would maintain the right to conduct discovery of settling parties to support comparative fault defenses.[4] The Court's Order at Dkt. 1659 reaffirmed its position in allowing such discovery of ARL.[5]

5. At the time of drafting this *Notice of Joinder*, the Tennessee Clinic Defendants have not sent written discovery to ARL. However, the Tennessee Clinic Defendants intend to do so, either by joining in the recently-propounded written discovery sent by the Saint Thomas Entities (to minimize the impact on ARL in answering discovery) or by sending a focused set of requests to ARL.[6]

---

[2] *See* Answer to Master Complaint [Dkt. 1455], ¶96-99; Answer to Master Complaint [Dkt. 1456], ¶96-99.
[3] *See* Dkt. 1356, filed in response to the Trustee's Motion at Dkt. 1342.
[4] Dkt. 1481, p. 3.
[5] Dkt. 1659, p. 3.
[6] By the time the Court considers this issue, the Tennessee Clinic Defendants will likely have issued their discovery to ARL.

2

6.   In order to avoid the same dispute arising when the Tennessee Clinic Defendants send discovery to ARL and to allow the Court to make a ruling on this issue applicable to both the Saint Thomas Entities and the Tennessee Clinic Defendants, the Tennessee Clinic Defendants hereby serve notice to the Court and to all parties that they join in the Motion of the Saint Thomas Entities at Dkt. 1725. The Tennessee Clinic Defendants request the same relief for the same reasons set out in the Motion at Dkt. 1725.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.**[7]
**Chris J. Tardio**[23]
**Alan S. Bean**[8]
**Matthew H. Cline**[23]
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

---

[7] Admitted pursuant to MDL Order No. 1.
[8] Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 12th day of March, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**