UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL CASES. ) <br> ) | MDL No. 1:13-md-2419-RWZ |

### **PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF MOTION TO ENTER CASE MANAGEMENT ORDER GOVERNING COORDINATION OF DISPOSITIVE MOTIONS**

### **Introduction**

On February 25, 2015 the Plaintiffs' Steering Committee ("PSC") filed its Motion to Enter Case Management Order Governing Coordination of Dispositive Motions ("Motion") and proposed order.[1]  On March 6, 2015 the Saint Thomas Entities[2] filed their response to the Motion ("Response").  On March 10, 2015 the Tennessee Clinic Defendants[3] filed their response (hereinafter the Saint Thomas Entities and the Tennessee Clinic Defendants will be referred to as the "Tennessee Defendants").  On March 12, 2015 defendants Box Hill Surgery Center, LLC, Ritu Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively, the "Box Hill Defendants"), filed their response.[4]

---

[1] Doc.'s 1711 and 1711-1.
[2] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.
[3] Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, PC; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD.
[4] Doc. 1727.

1

The PSC's proposed CMO is the best method for accomplishing the Court's goal, explicitly set forth in open court on January 14, 2015:[5]

> There has to be a way in which we can combine the state [] defendants' motions to dismiss based on state laws that are very similar, which we can deal with one opinion . . . .[6]

The PSC's proposed CMO properly places the burden on parties involved in dispositive motions going forward, to identify cases and claims based on the same or similar substantive law and underlying facts. Those cases and claims are identified as "related cases" and "related causes of action". Once a party's case or claim is designated as a related case or a related cause of action the burden is on that party to object to such designation. If the objection has merit the Court will rule on the objection accordingly, and the objecting party's case or claim will not be affected by the dispositive effect of the PSC's proposed CMO. If no objection is made, or the Court determines the objection is without merit, the court's ruling on the underlying dispositive motion will, by operation of the PSC's proposed CMO, apply to all related cases and related causes of action. When that happens, all affected parties will have an opportunity to preserve their appeal rights pursuant to the applicable rules. The net result is the Court and counsel for the parties will spend less time and expense duplicating efforts, and nobody will be denied their day in court on any particular issue.

Despite the comparative simplicity of the PSC's proposed CMO, the Tennessee Defendants and Box Hill Defendants attack it on baseless grounds, most of which have nothing to do with the substance of the PSC's proposed CMO.

## Background

---

[5] *See* PSC's proposed CMO, attached hereto as Exhibit A. This version of the Order contains some minor changes to allow for the passage of time since the original was filed but does not change the substance of the order. A "redline" comparison between this proposed order and the PSC's original proposed order is attached hereto as Exhibit B.
[6] Transcript of Status Conference, January 14, 2015, pp. 34-5.

This Court has read briefs, heard oral argument, and issued detailed written rulings on dispositive motions in this case on at least seven (7) different occasions.[7]  On four of those occasions the Court addressed dispositive motions concerning causes of action based on the same or similar substantive law and underlying facts that have been raised (and consequently addressed by the Court) on multiple occasions.[8]  Thus, for example, the Court has addressed dispositive motions seeking dismissal of claims based on allegations of negligence and/or gross negligence, on five (5) occasions, in cases originating in five (5) different states,[9] and denied the motion to dismiss every time.[10]  In a similar fashion, the Court has addressed motions to dismiss based on allegations of agency (between multiple individual healthcare provider defendants and NECC), civil conspiracy, battery and punitive damages, each on multiple occasions, and has ruled consistently each time.[11]

The Court's two most recent rulings on these duplicative motions to dismiss were handed down on the same day, January 13, 2015.[12]  It was in this context that the Court expressed its wish to "cut down on the number of motions to dismiss."[13]

In an email sent on February 13, 2015 to all known defense counsel who have appeared in any case currently pending in the MDL, the PSC circulated a draft CMO governing dispositive motions, and scheduling a conference call to take place on February 18, 2015.  The conference call was conducted as scheduled, and numerous defense counsel participated in the call.[14]  The PSC received comments to its proposed CMO both on the conference call and in written emails, in response to which the PSC circulated to defense counsel a revised draft CMO on February 23,

---

[7] *See* Doc.'s 1225, 1360, 1451, 1556, 1613, 1642 and 1643.
[8] *See* Doc.'s 1360, 1556, 1642 and 1643.
[9] Tennessee, New Jersey, Texas, Illinois and Ohio.
[10] *See* Doc.'s 1360, pp. 37-8, 52, Doc. 1556, pp. 8-10, Doc. 1642, pp. 5-7, and Doc. 1643, pp. 5-8.
[11] *See* Doc.'s 1360, 1556, 1642 and 1643.
[12] Doc.'s 1642 and 1643.
[13] Transcript of Status Conference, January 14, 2015, p. 34.
[14] Including several counsel for the Saint Thomas Entities.

2015 at approximately 2:28 p.m. At approximately 6:58 that evening, counsel for the Saint Thomas Entities circulated its own proposal for a CMO. The Saint Thomas Entities' proposed order is essentially the same as the order attached as Exhibit A to their response to the motion (the "defendants' proposed order").[15]

Over the next few days the PSC reviewed the defendants' proposed order and made several observations about it:

    a.    It gives any previous ruling in favor of a defendant (by either dismissing or narrowing an issue) sweeping effect over the same issues of law in all other cases, whether filed before or after entry of the CMO. It does not reciprocate as to previous rulings in favor of the plaintiffs on any given issue, in effect allowing the defendants (and only the defendants) a second bite at the apple on any issue.[16]

    b.    It requires any plaintiff who has not already filed a short-form complaint to do so within 30 days (or within 30 days of filing for all future-filed cases), thus bringing all those cases within the defense-oriented sweep of the defendants' proposed order.[17]

    c.    The defendants' proposed order gives the defendants the opportunity to petition the Court to expand the dispositive effects of this CMO, but it does not reciprocate by giving the plaintiffs a similar ability.[18]

    d.    It does little to limit the number of briefs and/or motions to dismiss that will be filed.

    e.    It limits the definition of "related cases" only to those cases filed in the same state against the same defendant.[19]

---

[15] Doc. 1721-1. The Tennessee Clinic Defendants and Box Hill Defendants also support the defendants' proposed order. Doc. 1722, p. 2; Doc. 1727, p. 2..
[16] Doc. 1721-1, paragraphs 2-3.
[17] *Id.*, at paragraph 4.
[18] *Id.*, at paragraph 6.

      f.      It eliminates the requirement for moving counsel to give counsel in related cases notice, and eliminates the dispositive effect of the PSC's draft order.  Thus the only dispositive effect of the defendants' proposed order would be in the singularly defense-oriented manner of subparagraph a, *supra*.

After giving the defendants' proposed order due consideration, the PSC contacted counsel for the Saint Thomas Entities and left a voice-mail message indicating its intention to file its amended proposed CMO (reflecting some, but not all, suggestions from defense counsel), and inviting a call back if counsel for the Saint Thomas Entities wished to discuss the matter. They never called back.[20]

On February 25, 2015 the PSC filed the Motion and proposed CMO.

On March 6, March 10,  and March 12, 2015 the Tennessee Defendants and Box Hill Defendants attacked the proposed order on several grounds, stating (inaccurately) that the order raises due process and logistical issues, and alleging other less substantive problems with the order.

## **Argument**

1.      <u>Entry of the PSC's proposed CMO would be an appropriate exercise of this Court's authority under Fed. R. Civ. P. 42</u>.

This Court may order consolidation of cases for the purpose of addressing limited issues and, in particular, for the purpose of addressing dispositive motions.[21]  Where multiple cases

---

[19] *Id*., at paragraph 7.b.
[20] *See* declaration, attached hereto as Exhibit C.
[21] Fed. R. Civ. P. 42(a)(1).  *See also* 9A Charles A. Wright et al., Federal Practice and Procedure § 2384 (3d ed., Westlaw database updated Nov. 2014), and *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1326 (N.D. Ga. 2007)("Pursuant to its authority under Rule 42(a), the Court consolidates the two actions for the limited purpose of considering the two Defendants' motions for summary judgment.").

involve the same fundamental questions of fact and law, cases may be consolidated for the purpose of considering dispositive motions.[22]

Furthermore, the Court may, *sua sponte*, order consolidation for the purpose addressing dispositive motions.[23] Accordingly, consolidation of cases in this MDL, *sua sponte*, for the purpose of considering motions to dismiss and motions for summary judgment is entirely within this Court's authority.

    2.    <u>Entry of the PSC's proposed CMO would significantly reduce the amount of dispositive motions filed, briefed and argued by counsel, and analyzed and ruled upon by the Court, resulting in the preservation of scarce resources</u>.

The proposed CMO establishes a process that accomplishes the Court's objective of reducing the number of dispositive motions filed and briefed, and addressed by the Court. The process begins when a party prepares to file a dispositive motion. At that point they are required to review the Court's docket, including the Court's previous rulings on dispositive motions, and identify any pending cases with claims based on the same or similar body of law and underlying facts. These are steps that counsel would ordinarily be expected to undertake as a matter of due diligence, with or without a governing CMO, when involved in cases pending in an MDL.

Once counsel has identified related cases and related causes of action, they will give prior notice to counsel for the identified cases, inform them that their cases have been "designated" as such, and give them an opportunity to involve themselves in the briefing and argument stages of the dispositive motions.

---

[22] *Scofield v. Telecable of Overland Park, Inc.*, 751 F. Supp. 1499, 1502 (D. Kan. 1990) rev'd on other grounds, 973 F.2d 874 (10th Cir. 1992); *Nichols v. Rysavy*, 610 F. Supp. 1245, 1246-47 (D.S.D. 1985) aff'd, 809 F.2d 1317 (8th Cir. 1987).
[23] *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir.1984) ("A motion to consolidate is not required; the court may invoke Rule 42(a) sua sponte."); *Am. Home Assur. Co. v. Roxco, Ltd.*, 81 F.Supp.2d 674, 684 (S.D.Miss.1999).

The burden is then placed upon counsel in designated cases to object to their status as a related case or related cause of action. The Court may then address the objections in a consolidated fashion.

Thus, rather than facing potentially dozens of motions, briefs, arguments and rulings, all on causes of action for negligence, for example, the Court will face only one motion, fully briefed and argued with input from all counsel who wish to be heard, with few objections to be addressed separately from the dispositive motions.

On the other hand, the defendants' proposed order contemplates no reduction in the number of dispositive motions or briefs that would be filed.[24]

3.   The PSC's proposed CMO safeguards the parties' due process rights.

Under the PSC's proposed CMO, the parties in every case or cause of action designated as "related" will be given an opportunity to be heard in the briefing and argument stages, and if necessary an opportunity to object to their designation as "related", and nobody loses their right to due process. When an order is entered affecting their case in a dispositive way, they are given the opportunity to preserve an appeal under the applicable rules.

4.   The PSC's proposed CMO does not raise logistical issues.

Defendants have expressed concern about the logistical "burden" of certain obligations placed on them by the proposed CMO. They focus their concern on the obligations to familiarize themselves with the Court's prior rulings, identify related cases and related causes of action, and give the parties in such cases notice. This "burden" (if it can be accurately called that), is minimal. First, counsel already have an obligation to be familiar with the Court's prior rulings and how any such rulings might affect their cases. Second, the PSC has provided, and will continue to provide, updated email lists of counsel for all plaintiffs and defendants who have

---

[24] *See* Doc. 1721-1, paragraph 5, which merely sets a deadline for filing motions.

7

entered appearances in the MDL.  Accordingly, communication with other counsel is not difficult.

The only other "burden" placed on the parties is actually identifying which cases or causes of action are related.  In this, the proposed CMO merely calls for all counsel involved to be forthright with the Court about the nature of their cases, the body of law involved, and the underlying facts.  This is not an undue burden, particularly in this MDL, in which cases have been consolidated for all pretrial matters, and the resources for addressing dispositive motions are scarce enough for plaintiffs, defendants and the Court.  In addition, the PSC will provide assistance when asked.[25]

> 5. <u>While the PSC's proposed CMO is balanced in its treatment of parties on both sides of the bar, the defendants' proposed order would, in a very unbalanced way, give sweeping effect to prior rulings in favor of defendants only, while quickly closing the door on plaintiffs' rights</u>.

Note the language in two paragraphs of the defendants' proposed order:

> 2. As to all defendants for whom substantive allegations and counts are not included in the Master Complaint, but are contained solely in the Short Form Complaints, the Court's prior orders **<u>dismissing claims against these defendants</u>** . . . effectively amend the Short Form Complaints to delete those causes of action that the Court has ordered dismissed.  Any subsequent dispositive rulings by the Court on motions that dismiss or modify causes of action against such defendants shall likewise effectively amend the Short Form Complaints to delete or modify those causes of action that the Court has ordered dismissed or narrowed.

> 3. As to all defendants for whom substantive allegations and counts are not included in the Master Complaint or in Short Form Complaints, but rather other separate Complaints,  Court's prior orders **<u>dismissing claims against these defendants</u>** . . . effectively amend the separate Complaints to delete those causes of action that the Court has ordered dismissed.  Any subsequent dispositive rulings by the Court on motions that dismiss or modify causes of action against such defendants shall likewise effectively amend the

---

[25] Doc. 1711-1, paragraph 4.b., footnote 3.

> separate Complaints to delete or modify those causes of action that the Court has ordered dismissed or narrowed.[26]

Simply put, the defendants' proposed order would spread all rulings in favor of any defendant, whether such rulings are made before or after entry of the CMO, over all causes of action, whether enumerated in the Master Complaint, a short form complaint, or any other complaint.[27] Astonishingly, the defendants' proposed order does not give the same effect to rulings in favor of any plaintiff.[28]

Furthermore, in "one-two punch" fashion, by requiring any additional short form complaints to be filed within 30 days of entry of the CMO (or within 30 days of the filing of an original complaint or transfer into the MDL), the defendants' proposed order would give sweeping and nearly immediate effect to all rulings in favor of the defense only.[29]

The PSC's proposed CMO, on the other hand, is neutral in its application between plaintiffs and defendants.

> 6. <u>The deferral of dispositive motions until October, 2015 enhances the effectiveness of the proposed CMO by allowing cases to be filed within a three-year statute of limitation before such motions are taken up by the Court.</u>

In many states, the three-year statute of limitation for filing complaints against both national and state defendants will not begin to expire until October, 2015.[30]  It would be less efficient to go through the process of filing, briefing, arguing and ruling on dispositive motions now (even with the proposed CMO in place), and then repeat the process in six months after more cases are filed in states with a three-year statute.  The delay in filing dispositive motions

---

[26] Doc. 1721-1, paragraphs 2 and 3 (emphasis added).
[27] Adding lack of clarity to its other problems, the defendants' proposed order does not specify whether it would affect all similar causes of action against defendants other than those involved in the original dispositive motion.
[28] *Id*.
[29] *Id*., paragraph 4.
[30] New Hampshire and Maryland, for example.

9

called for in the PSC's proposed CMO[31] would not be unduly burdensome for any party, and would preserve valuable judicial resources.

      7.      <u>The Saint Thomas Entities' proposal, to "provide deadlines for all motions to dismiss in pending cases and those expected to be filed," without more, does not accomplish the goal of reducing the number of motions filed, briefed, argued, analyzed and ruled upon</u>.

Establishing a deadline for all parties to file motions to dismiss, without more, will not reduce the burden of briefing, arguing and ruling on those motions, except incidentally to the extent certain parties may fail to meet the deadline. This does not satisfy the Court's objective of reducing the number of dispositive motions that are filed and that need to be addressed by the Court.

      8.      <u>It is not necessary to provide that the "Court will entertain motions for extra-length briefs where necessary</u>."

In MDL Order No. 11, the Court established page limits for replies and sur-replies for all dispositive motions, as well as the standard applicable to any party seeking to exceed those limits.[32] Imposing different rules and standards now is unnecessary and would confuse the issue.

## Conclusion

For the foregoing reasons the Plaintiffs' Steering Committee's proposed Case Management Order Governing Coordination of Dispositive Motions should be entered by the Court.

WHERFORE, the PSC hereby moves the Court to enter the Case Management Order filed with the Motion.

Dated: March 17, 2015        RESPECTFULLY SUBMITTED,

                                  **/s/ Patrick T. Fennell**
                                  Patrick T. Fennell

---

[31] Doc. 1711-1, paragraph 3.
[32] Doc. 1524, p. 3.

CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*


Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC

11

31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
5 Concourse Parkway, # 2600
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

  I, Patrick T. Fennell, hereby certify that I caused a copy of the above *Plaintiffs' Steering Committee's Reply in Support of Motion to Enter Case Management Order Governing Coordination of Dispositive Motions*, to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system, and notice of this filing will be sent to those parties by operation of the Court's CM/ECF system.

Dated: March 17, 2015                 /s/Patrick T. Fennell
                                   Patrick T. Fennell, VSB 40393