UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**MDL ORDER No. \_\_\_**
**COORDINATION OF DISPOSITIVE MOTIONS**

This Court has broad authority to join for hearing and oral argument multiple actions for the purpose of addressing any or all matters for which there are common questions of law and fact.[1] This authority is appropriately exercised when the parties involved will not be prejudiced by such consolidation and when consolidation will serve the interests of judicial economy.[2] This Case Management Order shall apply to all motions to dismiss and motions for summary judgment, including those currently pending in this MDL, for which oral argument is not yet scheduled as of the date of this Order.

The Court hereby ORDERS the following:

~~1.     The Plaintiffs' Steering Committee ("PSC") shall consider the Court's earlier orders on motions to dismiss and amend the Master Complaint to, *inter alia*, eliminate certain claims previously dismissed, by March 6, 2015.~~

~~2.~~1.     To the extent any Plaintiff has asserted a cause of action by way of adoption of the cause of action set forth in the Master Complaint, elimination of the cause of action by the PSC in the Amended Master Complaint shall operate to eliminate the same cause of action in any

---

[1] Fed. R. Civ. P. 42(a)(1).
[2] *Id. See also Enterprise Bank v. Saetelle*, 21 F.3d 233, 235 (8th Cir. 1994).

such short form complaint without further need to file an amendment to the short form complaint.  Any plaintiff who has filed a short-form complaint shall have until ~~April 6, 2015~~ a date thirty days of the date of entry of this order to amend such complaint if he or she believes it necessary to reassert claims eliminated by the filing of the Amended Master Complaint.

~~3.~~2.  Unless otherwise ordered by the Court, oral argument on all motions to dismiss and motions for summary judgment is hereby stayed until October 15, 2015.

~~4~~3.  Before filing a motion to dismiss or motion for summary judgment, a would-be movant or his counsel must certify in writing that he or she has done the following:

   a. Reviewed the Court's earlier orders on motions to dismiss and summary judgment, including but not limited to ECF Nos. 1255, 1360, 1451, 1556, 1613, 1642 and 1643, and considered how those rulings may affect their arguments.  (For example, the Court's decision to not dismiss negligence claims will have bearing on whether counsel moves to dismiss negligence counts.  Likewise, the respondent may choose not to oppose dismissal of battery claims in light of the Court's earlier decisions addressing battery.)

   b. Undertaken a good faith effort to identify cases in the MDL that state, based on the facts and applicable law, a same or similar cause of action for which the movant seeks dismissal or summary judgment.  Any such identified case is a "related case," and any such cause of action is a "related cause of action."[3]  Related cases will include civil actions that contain causes of action for which the same body of substantive law will apply (*e.g.*, involve interpretation of the same state law), and/or involves the same or similar underlying facts (*e.g.*, it involves claims against the same hospital or pain clinic);

   c. Identified all related cases in a written certification attached to the motion;

---

[3] If asked, the PSC will help the movant identify related cases.

d.  Provided written notice to counsel for all parties (or, when *pro se*, the parties themselves) in all related cases ("noticed parties") and the PSC of (i) the movant's intention to file a motion to dismiss or motion for summary judgment and (ii) the nature of the motion to be filed (*e.g.*, a motion to dismiss a cause of action against Dr. Smith for allegedly violating Texas's product liability statute);

e.  Met and conferred with noticed parties in an effort to reach an agreed on schedule for briefing and oral argument.  The goal should be to present common issues of law and/or fact in a coordinated manner, so as to eliminate duplication of effort on the part of the parties and this Court.

5̶4.  The PSC may independently designate related cases and related causes of action pursuant to this paragraph, provided the PSC also complies with the requirement for notice to counsel for all parties (or, when *pro se*, the parties themselves).

6̶5.  Movant, or respondent, as appropriate, shall address in his or her briefing why the Court's earlier decisions on the same or similar claim (*e.g.* battery, negligence, or a product liability statute) do not dictate the outcome of the motion.

7̶6.  Any ruling of this Court arising from such motion shall be dispositive as to any such noticed party's related cause(s) of action, unless such noticed party objects to the "related cause of action" status within fifteen (15) days of the filing of the motion.  Any such objection shall be accompanied by a memorandum showing cause why the relevant issues in the related cause of action are not the same as, or similar to, those raised in the movant's original motion so as to defeat the dispositive effect enumerated in this paragraph.   All objections filed pursuant to this paragraph shall also be subject to consolidation for the purpose of arguing the merits of such objections.

87. This Order shall not constitute a waiver of any party's appellate rights under the applicable Federal rules. Any party whose case is adversely affected by the dispositive effect of this Order, who wishes to preserve his appellate rights as to such effect, must do so by filing the proper notice of appeal in accordance with applicable Federal rules.

98. This Order shall not apply to any defendants who have entered into a settlement with the NECC Trustee in Bankruptcy Court (the "Settling Defendants"). If any such settlement agreement is terminated, or if it is finally determined that the bankruptcy proceeding will not dispose of all of the claims against a Settling Defendant in the MDL proceeding, then, at such time, the Court will separately address the coordination of dispositive motions filed by such Settling Defendants.

It is so ORDERED.

Dated: _____  _____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE