UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| Suits Naming the Tennessee Clinic Defendants | ) ) ) | |

**NOTICE OF
AUTOMATIC TEN-DAY EXTENSION TO FILE RESPONSE TO
PSC MOTION AT DKT. 1716**

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants") hereby give notice to the Court and to all parties that they exercise their automatic ten-day extension of time to respond to the PSC's *Motion for Entry of Case Management Order Setting an Expedited Trial Date* [Dkt. 1716].

The background for this filing is as follows::

1.       On Friday afternoon, March 6, 2015, the PSC filed its *Motion for Entry of Case Management Order Setting an Expedited Trial Date* [Dkt. 1716]. The Motion and Memorandum of Law total over 20 pages with 20 additional pages of exhibits. The Motion requests that this Court set aside the intricate process chosen by Judge Boal on September 18, 2014 [Dkt. 1425] and instead order a single, consolidated trial of six (6) cases, unilaterally selected by the PSC, to begin in 8 ½ months, presumably in Boston.

1

2.      The Tennessee Clinic Defendants' Response to the Motion, under LR 7.1, would be due Friday, March 20. Because the Motion was filed late on a Friday, these Defendants have ten (10) business days to respond to the Motion. The first two of these business days were spent in depositions in these cases, leaving eight business days to respond to one of the more significant motions filed in these cases to date.

3.      The Tennessee Clinic Defendants do not agree to the PSC's proposal.[1] Content of the written response will require conferences with clients, insurers, and co-defendants, plus internal planning to develop a reasonable counter-proposal. Additionally, the PSC's proposal raises multiple questions, most of which have gone unanswered.[2] An informed response to this motion requires more than two weeks.

4.      Under Dkt. 1524, the protocol requested by the Court and drafted by the PSC with the agreement of the parties, the Tennessee Clinic Defendants requested a two-week extension to respond to this Motion. The PSC rejected the request.[3]

5.      Dkt. 1524 states, "[I]f the Impacted Parties do not agree to the extension sought, but the requested extension is ten days or less and this is the first request for an extension, the extension will be granted by way of this Standing Order and the requesting party shall file a notice of extension pursuant this Order."

6.      Thus, under Dkt. 1524, the Tennessee Clinic Defendants now file their notice of extension of ten days to respond to the Motion. Their response will be filed by March 30, 2015.

---

[1] Likewise, the Tennessee Clinic Defendants do not waive *Lexecon*.
[2] *See* exhibit 1 (letter to PSC regarding trial proposal).
[3] *See* exhibit 2 (email exchange).

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**


/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic
Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 18th day of March, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**

3

# EXHIBIT 1

**[LETTER TO PSC REQUESTING EXTENSION TO RESPOND AND RAISING QUESTIONS ABOUT PSC TRIAL PROPOSAL]**

# GIDEON, COOPER & ESSARY
## A PROFESSIONAL LIMITED LIABILITY COMPANY

C. J. GIDEON, JR.¹
DIXIE W. COOPER²
BRYAN ESSARY³
CHRIS J. TARDIO⁴
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER⁵
RANDA VON KANEL
J. BLAKE CARTER⁶
MARK A. HAMMERVOLD⁷
MATT H. CLINE
MATTHEW J. NATHANSON
JEREMY C. CAIN

315 DEADERICK STREET, SUITE 1100
NASHVILLE, TN 37238
(615) 254-0400
FAX (615) 254-0459
www.gideoncooper.com

¹LICENSED IN TN AND FL
²LICENSED IN TN, AL AND  TX
³LICENSED IN TN AND GA
⁴LICENSED IN TN AND KY
⁵LICENSED IN TN AND WI

March 16, 2015

Chris J. Tardio
chris@gideoncooper.com

**Via email only**
J. Gerard Stranch, IV
Branstetter, Stranch & Jennings
227 Second Avenue North
Nashville, TN 37201

### RE: Motion for Trial Setting

Dear Gerard:

This letter follows email exchanges on March 4 and 5, 2015 regarding the PSC's *Motion for Entry of Case Management Order Setting an Expedited Trial Date* [Dkt. 1716]. This letter (1) documents our request for an extension to respond to the motion and (2) outlines some of the issues that should be part of a meet and confer process before setting cases for trial in the manner unilaterally chosen by the PSC.

### 1. Extension for response

We request an extension of time through close of business on April 6, 2015, to respond to the motion under MDL Order 11 [Dkt. 1524]. This is obviously an important issue that requires an informed conference with our clients, and one that should involve discussions among the parties. The PSC filed the motion less than 72 hours after raising a modification of the current scheduling order, and approximately one day after Ben Gastel's email clarifying the proposal. This is not sufficient time to confer on this issue. I enclose a proposed stipulation granting this extension. Otherwise, we will take our "automatic" extension of ten days by notice per the protocol at Dkt. 1524. Please let me know whether the PSC will agree to the extension through April 6 so that we can file the appropriate document.

1

### 2.  Issues with the PSC's proposal

#### a.  General questions

We have read and considered your motion and trial proposal. Several questions arise before we can make an informed response.

<u>First</u>, the affidavits by Daniel Clayton, Mark Chalos, and George Nolan filed with the motion are unclear. Is the PSC making a *Lexecon* waiver entirely for *all* cases against STOPNC, *et al.*, or is the waiver only for the six (6) proposed cases, and then only if all six (6) of the cases are set in December 2015?

STOPNC, Howell Allen, Debra Schamberg, and Dr. Culclasure do *not* waive *Lexecon* in any case, and do not intend to do so.[1]

<u>Second</u>, does the PSC contend that these six (6) cases are *representative* of the full cohort of plaintiffs? If so, what are the criteria that the PSC used for selection? Or, is the PSC proposing abandoning entirely the effort to select representative cases?

<u>Third</u>, how does the PSC envision the "settling parties" participating in trial? UniFirst has taken an active role in litigation while its settlement before the bankruptcy Court remains pending. In December 2015, it is very possible that the scope and enforceability of the channeling injunction will not be resolved by the bankruptcy court or will be on appeal. Does the PSC envision UniFirst and the eleven other named affiliated and unaffiliated defendants in these cases actively participating in trial? Has this been discussed with these parties?

#### b.  Questions regarding timing

We also have several questions regarding the timing in the PSC's proposal:

<u>First</u>, is the PSC's position that, once it takes the depositions of Dr. Culclasure and the St. Thomas witnesses (Kelvas, Rudolph, Climer, Schatzlein), common discovery taken by the PSC is concluded? Does the PSC anticipate taking depositions of any additional witnesses or conducting any additional written discovery in the common discovery phase?

<u>Second</u>, how much time does the PSC expect common *expert* discovery to take? The PSC's proposal appears to build in 30 days to take depositions of common experts. *How many experts does the PSC anticipate disclosing? At least* four "parties" (STOPNC, *et al.*; STEs; UniFirst; PSC) remain actively litigating and will presumably be disclosing multiple experts each. *Does the PSC intend to take depositions of the defendants' common experts? How many common expert depositions does the PSC anticipate?*

---

[1] We take the same position on behalf of all our clients.

<u>Third</u>, how much time does the PSC expect case-specific discovery (fact + expert) in the six chosen cases to take? The PSC's proposal appears to allot 75 days for written and oral fact and expert discovery in the six chosen cases, to overlap with the time for common expert depositions. *When does the PSC propose disclosure of case-specific experts occur? How many case-specific fact witnesses and case-specific expert witnesses (requiring depositions) does the PSC anticipate for each of the six cases?*[2]

<u>Fourth</u>, how much time does the PSC anticipate briefing, argument, and resolution of dispositive motions on common issues and on case-specific issues taking? The PSC's proposal appears to allot ~30 days for briefing of dispositive motions (it is unclear whether this is for both common issues and case-specific issues). *Is the PSC assuming there will be no such motions, or that such motions will not require significant briefing and deliberation by the Court? Is the PSC proposing such an accelerated schedule in an effort to foreclose time for the preparation, submission, and argument on dispositive motions?* I remind you that the issues raised at the motion to dismiss stage took 6-8 months to brief and resolve.[3]

<u>Fifth</u>, does the PSC allot any time for filing, briefing, and resolving motions *in limine*? No time is readily apparent in the proposal.

<u>Sixth</u>, how long does the PSC anticipate this single, consolidated (x6) trial taking?

### 3. Conference with other parties

*Has the PSC had any discussion with other parties potentially impacted by this motion?* For example, there are twelve additional defendants in the *Reed* case. At least one – UniFirst – continues to actively participate in the litigation while the bankruptcy remains pending. *Have these twelve additional parties agreed to this proposal?* They should be part of these discussions, particularly UniFirst, and we copy Jim Rehnquist with this letter.

* * * * * * *

---

[2] In *Wingate*, the lead case in Virginia, we understand there were *a dozen* experts disclosed by the plaintiff, and at least *19* fact witness depositions before depositions of experts began.
[3] *See* Dkt. 771, 893 [January, February 2014], Order entered 8/29/14.

3

Please let me know about the stipulation to the extension as soon as possible. We look forward to your responses on the questions in this letter, which will permit us to make an informed response to your proposal.

Thank you.

Very truly yours,

Chris J. Tardio

Enc. Proposed Stipulation (extension of time to respond)

Cc:    George Nolan (via email); Daniel Clayton (via email); Mark Chalos (via email); Ben Gastel (via email); Yvonne Puig (via email); Adam Schramek (via email); Eric Hoffman (via email); James Rehnquist (via email)

# EXHIBIT 2

## [EMAIL EXCHANGE WITH PSC
## REGARDING EXTENSION TO RESPOND]

## Chris J. Tardio

| | |
|---|---|
| **From:** | Chris J. Tardio |
| **Sent:** | Monday, March 16, 2015 3:24 PM |
| **To:** | 'gstranch@branstetterlaw.com' (gstranch@branstetterlaw.com) |
| **Cc:** | Daniel L. Clayton (dclayton@kcbattys.com); 'George Nolan' (gnolan@LeaderBulso.com); Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); 'Ben Gastel' (beng@bsjfirm.com) (beng@bsjfirm.com); Puig, Yvonne K. (yvonne.puig@nortonrosefulbright.com); Schramek, Adam T. (adam.schramek@nortonrosefulbright.com); Hoffman, Eric (eric.hoffman@nortonrosefulbright.com); Rehnquist, James C (JRehnquist@goodwinprocter.com) |
| **Subject:** | PSC's trial proposal |
| **Attachments:** | Stipulation (proposed) on extension to respond to PSC Mot for Trial Setting 3-14-15 cjt.doc; Stranch letter 3-16-15.pdf |

Gerard:

Please see the attached letter and proposed stipulation on an extension of time to respond to the PSC's *Motion for Entry of Case Management Order Setting an Expedited Trial Date*.

I have copied those counsel most directly involved. As referenced in the letter, there are a number of affiliated and unaffiliated defendants in the proposed trial cases. I do not know whether the PSC has involved them in any discussions about the Motion. Feel free to forward this letter to anyone you believe may be impacted by the PSC's proposal.

Thanks.

Chris J. Tardio, Esq.
Member // Gideon, Cooper & Essary, PLC
315 Deaderick Street
Suite 1100
Nashville, Tennessee 37238
(615) 254-0400 (phone)
(615) 254-0459 (fax)
www.gideoncooper.com

NOTICE: The information in this message and any attachments are intended only for the personal and confidential use of the designated recipients. This message and any attachments may be an attorney-client communication or other legally privileged communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent permitted to receive the message, you are hereby notified that you have received this message in error, and that any review or use of this message and any attachments is strictly prohibited. If you have received this message in error, please notify me immediately at any of the numbers or addresses shown above. Thank you.

## Chris J. Tardio

| | |
|---|---|
| **From:** | Ben Gastel <beng@bsjfirm.com> |
| **Sent:** | Tuesday, March 17, 2015 2:58 PM |
| **To:** | Chris J. Tardio; Gerard Stranch |
| **Cc:** | Daniel L. Clayton (dclayton@kcbattys.com); 'George Nolan' (gnolan@LeaderBulso.com); Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Puig, Yvonne K. (yvonne.puig@nortonrosefulbright.com); Schramek, Adam T. (adam.schramek@nortonrosefulbright.com); Hoffman, Eric (eric.hoffman@nortonrosefulbright.com); Rehnquist, James C (JRehnquist@goodwinprocter.com); Thomas Sobol (Tom@hbsslaw.com) |
| **Subject:** | RE: PSC's trial proposal |

Chris,

The PSC does not believe that further meet and conferring is necessary on this issue.  As I stated in my email before we filed it, we invited you to provide the earliest date you thought a case could be ready for trial.  Even with your email correspondence from yesterday, you have still not answered this question.  It is clear that the defendants have a different view of the timing of a trial then the plaintiffs, and we think the issue simply needs to be decided by the judge.  Accordingly, we will not consent to the extension of the response and will continue to expect that the motion will be fully briefed and ready to be heard by Judge Zobel next week.  A two week extension would delay the hearing by over a month, which is unacceptable to the Plaintiffs.  Further, it appears that from your letter that your team has put significant thought into the PSC's proposal and that you can easily convey your thoughts on the motion in a timely fashion to Judge Zobel.

Thank You,

Ben

Ben Gastel
**Branstetter, Stranch & Jennings, PLLC**
227 Second Ave. N.
Fourth Floor
Nashville, TN 37061-1631
P: 615.254.8801
F: 615.255.5419

---

**From:** Chris J. Tardio [mailto:chris@gideoncooper.com]
**Sent:** Monday, March 16, 2015 3:24 PM
**To:** Gerard Stranch
**Cc:** Daniel L. Clayton (dclayton@kcbattys.com); 'George Nolan' (gnolan@LeaderBulso.com); Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Ben Gastel; Puig, Yvonne K. (yvonne.puig@nortonrosefulbright.com); Schramek, Adam T. (adam.schramek@nortonrosefulbright.com); Hoffman, Eric (eric.hoffman@nortonrosefulbright.com); Rehnquist, James C (JRehnquist@goodwinprocter.com)
**Subject:** PSC's trial proposal

Gerard:

Please see the attached letter and proposed stipulation on an extension of time to respond to the PSC's *Motion for Entry of Case Management Order Setting an Expedited Trial Date.*

I have copied those counsel most directly involved. As referenced in the letter, there are a number of affiliated and unaffiliated defendants in the proposed trial cases. I do not know whether the PSC has involved them in any discussions about the Motion. Feel free to forward this letter to anyone you believe may be impacted by the PSC's proposal.

Thanks.

Chris J. Tardio, Esq.
Member // Gideon, Cooper & Essary, PLC
315 Deaderick Street
Suite 1100
Nashville, Tennessee 37238
(615) 254-0400 (phone)
(615) 254-0459 (fax)
www.gideoncooper.com

NOTICE: The information in this message and any attachments are intended only for the personal and confidential use of the designated recipients. This message and any attachments may be an attorney-client communication or other legally privileged communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent permitted to receive the message, you are hereby notified that you have received this message in error, and that any review or use of this message and any attachments is strictly prohibited. If you have received this message in error, please notify me immediately at any of the numbers or addresses shown above. Thank you.

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.