AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| In re: New England Compounding Pharmacy, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL 1:13-md-02419 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts          ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Martin Kelvas, 4065 Rotterdam Pass, Hampton, Georgia, 30228

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Mark Zamora and Associates, 6 Concourse Parkway, 22nd Floor, Atlanta, GA 30328 | Date and Time: 04/09/2015 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and/or Videographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  03/19/2015

*CLERK OF COURT*

OR

_____          _____
Signature of Clerk or Deputy Clerk                        Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Plaintiffs' Steering Committee                                                   , who issues or requests this subpoena, are:
Benjamin A. Gastel, Branstetter, Stranch, and Jennings, 227 Second Ave. N, Nashville, TN 37201

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL 1:13-md-02419

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT A

1. Any and all contracts and/or agreements between Martin Kelvas and St. Thomas Hospital, Saint Thomas Network, Saint Thomas Health, Ascension Health and/or Ascension Health Alliance.

2. Any and all documents and/or electronically stored information ("ESI") reflecting, and/or related in any way whatsoever to, the procurement of methylprednisolone acetate ("MPA") and any other injectable steroid preparations from New England Compounding Pharmacy, Inc. d/b/a/ New England Compounding Center ("NECC") during the five-year period immediately preceding October 6, 2012.

3. Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of MPA, or its generic or name-brand equivalent, from any producer, compounding facility or manufacturer other than NECC, during the five-year period immediately preceding October 6, 2012.

4. Any and all documents and/or ESI reflecting, and/or related in any way whatsoever to, the procurement of methylprednisolone acetate ("MPA") and any other product from NECC during the five-year period immediately preceding October 6, 2012.

5. Any and all documents and/or ESI reflecting or containing information pertaining to Saint Thomas Outpatient Neurosurgical Center.

6. Any and all documents and/or ESI reflecting or containing information pertaining to NECC.

7. Any and all documents and/or ESI reflecting or containing information pertaining to the fitness of any products purchased or obtained from NECC.

8. Any and all documents and/or ESI reflecting or containing information pertaining to methods of acquiring medications from compounding pharmacies.

9. Any and all correspondence to or from the Centers for Disease Control and Prevention, the Federal Food and Drug Administration, and/or any other Federal, state or local regulatory agency, concerning the fitness of any products manufactured, compounded or produced by NECC and/or the fungal meningitis outbreak.

10. Any and all documents and/or ESI reflecting or containing marketing information from NECC, NECC's agents, or any sales company or person marketing, selling, or attempting to sell products on behalf of NECC.

11. Any and all documents regarding any investigation or inquiry related to NECC's compliance with USP 797.

12. Any and all documents, correspondence, and/or ESI between Martin Kelvas and any employee, director, officer and/or agent of Howell Allen Clinic.

13. Any and all documents, correspondence, and/or ESI between Martin Kelvas and any employee, director, officer and/or agent of the St. Thomas Outpatient Neurological Center.

14. Any and all documents, correspondence, and/or ESI between Martin Kelvas and any employee director, officer, and/or agent of St. Thomas Health.

15. Any and all documents, correspondence, and/or ESI between Martin Kelvas and any employee director, officer, and/or agent of St. Thomas Network.

16. Any and all documents, correspondence, and/or ESI between Martin Kelvas and any employee director, officer, and/or agent of St. Thomas Hospital.

17. Any and all documents, correspondence, and/or ESI between Martin Kelvas and Michael O'Neil.

18. Any and all documents, correspondence, and/or ESI between Martin Kelvas and Dr. John Culclasure.

19. Any and all documents, correspondence, and/or ESI between Martin Kelvas and Patricia Beckham.

20. Any and all documents, correspondence, and/or ESI between Martin Kelvas and Debra Schamberg.

21. Any and all documents, correspondence, and/or ESI regarding the fungal meningitis outbreak.