AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| In re NECC Prodocuts Liaibilty LItigation (MDL) ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. MDL No. 2419; 1:13-md-2419 |
| This document relates to all suits against the Saint Thomas Entities ) ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Victory Heating & Air Conditioning Co., Inc.
Victory Mechanical Services, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached discovery requests.

| Place: Nutter Mclennen & Fish LLP<br>155 Seaport Blvd<br>Boston, MA 02210 | Date and Time:<br>04/13/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/09/2015

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* the Saint Thomas Entities , who issues or requests this subpoena, are:

Sarah Kelly, NUTTER McCLENNEN & FISH, 155 Seaport Blvd, Boston, MA 02210, skelly@nutter.com, 617-439-2000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  MDL No. 2419; 1:13-md-2419

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:13-md-02419-RWZ   Document 1738-1   Filed 03/19/15   Page 3 of 13

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO: <br><br> All Suits Against the Saint Thomas Entities | ) ) ) ) ) ) ) ) ) ) ) ) )   MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**SAINT THOMAS ENTITIES' REQUESTS FOR PRODUCTION
TO VICTORY HEATING & AIR CONDITIONING CO., INC. AND
<u>VICTORY MECHANICAL SERVICES, INC.</u>**

Come the Defendants, Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network (collectively the "Saint Thomas Entities"), and submit the following Requests for Production to Victory Heating & Air Conditioning Co., Inc. and Victory Mechanical Services.

## DEFINITIONS

A. As used herein, "Victory," "you," and "your" refer to Victory Heating & Air Conditioning Co. Inc./Victory Mechanical Services, Inc., Massachusetts corporations with their principal offices located at 115 Mendon St., Bellingham, Massachusetts 02019, and each of their present and former owners, managers, agents, representatives, and employees, attorneys and accountants, and each person acting or purporting to act on his/her/their behalf.

B. As used herein, the term "Lawsuit" refers to all lawsuits involved in *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL No. 2419, Dkt. No. 1:13-md-2419, pending in the United States District Court for the District of Massachusetts.

C. As used herein, "Plaintiff" and "Plaintiffs" refer to the Plaintiffs in this Lawsuit who have pending and active cases, as well as their agents, heirs, personal representatives, and assigns, and each person acting or purporting to act on his/her/their behalf.

D. As used herein, "NECC" refers to New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, with its principal place of business located in Framingham, Massachusetts, and each of its present and former owners, managers, agents, representatives,

53952702.1

- 1 -

and employees, attorneys and accountants, and each person acting or purporting to act on his/her/their behalf.

E.  As used herein, "Ameridose" refers to Ameridose, LLC, a Massachusetts limited liability company with its principal offices located at 205 Flanders Road, Westborough, Massachusetts, and each of its present and former owners, managers, agents, representatives, and employees, attorneys and accountants, and each person acting or purporting to act on his/her/their behalf.

F.  As used herein, "Liberty" refers to Liberty Industries, Inc., a Connecticut corporation with its principal place of business at 133 Commerce Street, East Berlin, Connecticut 06023, and each of its present and former owners, managers, agents, representatives, and employees, attorneys and accountants, and each person acting or purporting to act on his/her/their behalf.

G.  As used herein, "HVAC system" or "HVAC systems" refers to any equipment or product related to heating, cooling, chilling, air conditioning, temperature control, air modulation, ventilation, air replacement, air exchange, air quality, air change, air flow, humidity, moisture control, or air pressurization.

H.  As used herein, the term "NECC facility" refers to the facility located on Waverly Street, Framingham, MA 01702, where compounding of the pharmaceuticals at issue in this Lawsuit occurred.

I.  As used herein, the term "MPA" means methylprednisolone acetate.

J.  As used herein, the term "USP" refers to United States Pharmacopeia, a nonprofit private group that develops standards of drug quality. "USP" followed by a chapter or section number refers to the indicated chapter or section of USP standards and/or tests.

K.  As used herein, "NECC cleanrooms" refers to the cleanrooms at the NECC facility.

For each Request or Interrogatory that seeks information about the NECC cleanrooms, please respond with respect to each cleanroom that you had any role whatsoever in designing, constructing, installing, maintaining, or servicing the HVAC systems for such cleanrooms, from 2005 to 2009.

L.  As used herein, the term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail or other delivery service, facsimile, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

M.  As used herein, the term "document" means any writing and other tangible thing in the custody, possession or control, or which was, but is no longer in the possession, custody, or control, of the answering party or known to the answering party—whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be

privileged or exempt from production for any reason—including, but not limited to, letters, reports, agreements, all official and personal communication, correspondence, telegraphs, memoranda, summaries, computer files or other electronic media, e-mails, records of personal conversations, formal or informal notes, diaries, forecasts, photographs, tape recordings, charts, plans, drawings, minutes or recordings of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, summaries of interviews, reports and/or summaries of investigations, opinions or reports of records, and drafts of any documents, including original or preliminary drafts and subsequently revised versions. Any comment or notation appearing on any document, and not part of the original text, is to be considered a separate "document." Requests for a "document" specifically includes electronic or magnetic data.

N.  As used in this document, the terms "identification," "identify," or "identity," when used in reference:

   a.  to a person, means to state his or her full name and present or last known residential address and phone number;

   b.  to a firm, company, business, trust, corporation, partnership, association, governmental agency, governmental unit, or other organization and/or entity, means to state its full name and present or last known business address and phone number;

   c.  to a statement and/or admission, means to identify who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who has present possession custody or control thereof and/or who last had possession, custody, or control thereof;

   d.  to tangible things, recordings, photographs, videotapes, motion pictures, x-rays, and/or radiographic films means to give a reasonably detailed description thereof, including, if applicable, when, where, and how made; to identify who made it, and who has present possession, custody or control thereof, and/or who last had possession, custody or control thereof; and

   e.  to any documents, writings, and/or recordings means to set forth where the document exists, the date of authorship, the name of the author(s), a reasonably detailed description of its contents and all attachments to the original document, and the number of pages in the document and all attachments to the original document, and who has present possession, custody or control thereof, and/or who last had possession, custody or control thereof.

O.  As used herein, the terms "concerning," "refer or relate," or "referring or relating" mean, without limitation, referring to, relating to, having any relationship to, pertaining to, evidencing or constituting evidence of, originated by, representing, memorializing, summarizing, describing, discussing, analyzing, evaluating, directly or indirectly, or in whole or in part, the subject matter of the particular request.

P.  As used in herein, the term "person" includes any individual, natural person, partnership, association, organization, corporation, company, joint venture, firm, proprietorship, trust, estate, agency, board, authority, commission, or other legal or business entity of any kind.

Q.  The singular includes the plural number, and vice versa. The masculine includes the feminine and neutral gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

R.  The term "any" should be construed to include the word "all," and "all" should be construed to include "any."

S.  The terms "and," "or," and "and/or" should be construed either disjunctively or conjunctively so as to bring within the scope of these Interrogatories and Requests any information that might otherwise be construed as outside their scope.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**     The complete customer file you maintain for NECC.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**     The complete customer file you maintain for Ameridose.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**     All proposals, bids, contracts and any other document containing or reflecting the terms and conditions pursuant to which you provided, or proposed providing, equipment, products or services for NECC and Ameridose.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**     All marketing materials you ever provided to NECC or Ameridose.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents related the design, construction, manufacture, installation, or servicing of the HVAC systems for the NECC cleanrooms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All communications between you and NECC or Ameridose referring or relating to any equipment, products, or services you provided to NECC or Ameridose.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All communications between you and Liberty referring or relating to any of the NECC cleanrooms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All communications between you and Gardner Engineering or PortaFab Corporation referring or relating to the NECC cleanrooms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All drawings, schematics, and diagrams concerning the NECC cleanrooms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All drawings, schematics, and diagrams concerning the HVAC systems at the NECC facility.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All repair, maintenance, and service records relating to the HVAC systems for the NECC cleanrooms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents referring or relating to the recycling center owned by Conigliaro Industries that is adjoining or near the NECC facility and that is in any way related to the products or services you provided NECC or Ameridose.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents referring or relating to damage to the walls or wall studs of any NECC cleanroom.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All manuals (including but not limited to any operator's manual, user's manual, maintenance manual, or installation manual) related to the HVAC systems for the NECC cleanrooms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents used in training your employees, NECC or Ameridose regarding the HVAC systems at the NECC facility.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All documents referring or relating to air pressure, air change, and air flow at the NECC facility.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All documents referring or relating to air pressure causing problems with the ceilings of any cleanroom at the NECC facility (such as ceiling tiles popping out of place).

**RESPONSE:**

- 7 -

**REQUEST FOR PRODUCTION NO. 18:** All documents referring or relating to any air pressure testing that you undertook in or around the NECC cleanrooms prior to, during, or after installation of the HVAC systems.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All documents referring or relating to securing the HVAC systems for the NECC cleanrooms in place, including but not limited to documents referring or relating to locking, screwing, taping, insulating, or sealing the HVAC systems into the ceiling grids or walls.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All documents referring or relating to customer complaints from NECC or Ameridose relating to any equipment, product, or service you have ever provided them.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All documents referring or relating to promises, representations, or warranties made to NECC or Ameridose regarding the services or products you provided at the NECC facility.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Each organizational chart for your company that applied during any year in which you provided HVAC systems equipment, products, or services for NECC or Ameridose.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All instructions, policies, protocols, guidelines, suggestions, and warnings that you provided to NECC or Ameridose regarding the HVAC systems for the NECC cleanrooms.

    **RESPONSE:**

- 8 -

**REQUEST FOR PRODUCTION NO. 24:** Every page of the victoryhvac.com website as it existed at any point during 2006 or 2008. If such documents are no longer available, produce documents reflecting the current content of your site.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25:** All documents and correspondence exchanged with any member of the PSC relating to NECC or Ameridose or the products or services you provided to either.

    **RESPONSE:**

Dated: March 9, 2015                              By their attorneys,

                                                   /s/ Sarah P. Kelly
                                                  Sarah P. Kelly (BBO #664267)
                                                  skelly@nutter.com

                                                  NUTTER McCLENNEN & FISH LLP
                                                  Seaport West
                                                  155 Seaport Boulevard
                                                  Boston, Massachusetts 02210
                                                  (617) 439-2000
                                                  (617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

53952702.1                         - 9 -

# CERTIFICATE OF SERVICE

I certify that the foregoing document was served in the following manner on the 9th day of March, 2015.

| | |
|---|---|
| Michael P. Sams<br>Kenney & Sams, P.C.<br>225 Turnpike Road<br>Southborough, MA 01772<br>508-490-8500<br>Fax: 508-490-8501<br>mpsams@KandSlegal.com | J. Gerard Stranch, IV<br>Benjamin A. Gastel<br>Branstetter, Stranch & Jennings PLLC<br>227 Second Avenue North<br>Nashville, TN 37201<br>gerards@bsjfirm.com<br>beng@bsjfirm.com |
| *Via U.S. Mail and Electronic Mail* | *Via Electronic Mail* |
| C.J. Gideon<br>Chris Tardio<br>Gideon, Cooper & Essary PLC<br>315 Deaderick St., Suite 1100<br>Nashville, TN 37238<br>cj@gideoncooper.com<br>chris@gideoncooper.com | Mark Zamora<br>Mark Zamora and Associates<br>5 Concourse Parkway, Suite 2350<br>Atlanta, GA 30328<br>mark@markzamora.com |
| *Via Electronic Mail* | *Via Electronic Mail* |
| Rick Ellis<br>Ellis & Rapacki LLP<br>85 Merrimac Street<br>Suite 500<br>Boston, MA 02114<br>rellis@ellisrapacki.com | James Rehnquist<br>Roberto M. Braceras<br>Goodwin Procter, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br>jrehnquist@goodwinprocter.com<br>rbraceras@goodwinprocter.com |
| *Via Electronic Mail* | *Via Electronic Mail* |

                                                  */s/ Sarah P. Kelly*
                                                  Sarah P. Kelly