UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All CASES ) | MDL No. 1:13-md-2419-RWZ |

**ARL BIOPHARMA, INC'S RESPONSE TO SAINT THOMAS ENTITIES' MOTION TO ENFORCE COURT ORDERING PERMITTING COMPARATIVE FAULT DISCOVERY AGAINST SETTLING PARTIES**

NOW COMES ARL Biopharma, Inc., d/b/a Analytical Research Laboratories[1] ("ARL") and hereby files its response to Saint Thomas Entities' Motion to Enforce Court Order Permitting Comparative Fault Discovery against Settling Parties.

**INTRODUCTION**

As this Court is aware, prosecution of claims against ARL has been subject to a stay by virtue of ARL's agreement to mediate the claims asserted and threatened against ARL in this matter. See MDL Order No. 7, September 18, 2013 [Dkt. 438]. Throughout the course of the MDL, the spirit of this Stay was to afford the Trustee and ARL the ability to focus on and negotiate a settlement without the burden and expense of discovery and to defer determining the scope and manner of discovery that would be appropriate until it was known whether a

---

[1] Including all of ARL BioPharma Inc.'s directors, officers, members, shareholders, Affiliates (as defined in the Settlement Agreement more particularly described below), owners, principals, agents, employees, servants, attorneys, accountants, insiders, purported alter egos, predecessors, successors, and assigned, and all Persons alleged to be derivatively liable through any of the foregoing except to the extent that liability of the foregoing persons or entities is based on their relationship to entities other than ARL. The ARL affiliates are defined to include SNA Solutions, Inc.: the Kupiec Group LLC: Woda Investments, LLC: Wasser Investments, LLC: Kupiec Family Succession Trust: Kupiec Dakil Investments, LLC: Kreativ LLC: Teal Water Investments, LLC: Green Harvest Investments, LLC: and shall also include all of their directors, officers, members, owners, principals, agents, employees, servants, attorneys, accountants, insiders, purported alter egos, predecessors, successors and assigns. As used in this Response, ARL shall include the same defined parties included in the Settlement Agreement, including those of the ARL Affiliates.

settlement could be achieved. In April 2014 following a multi-day mediation ARL, the Trustee, the Committee and the Plaintiffs Steering Committee ("PSC") negotiated a settlement in principle, and months of extensive negotiation followed, ultimately culminating in execution of the Settlement Agreement described below. A condition of the Settlement Agreement was that ARL seek a stay of the MDL proceedings with respect to its Affiliates, which would also address the scope of discovery permitted against ARL, once the Settlement Agreement is approved by the Bankruptcy Court. As was observed previously by the Trustee in connection with the stay sought in connection with the settlement with the NECC Insiders and related settling parties, the approval of the Settlement Agreement will obviate the need for continued litigation against ARL.

On January 15, 2015, after briefing and oral argument, this Court entered an order limiting discovery and staying actions in this MDL against those parties to the Settlement and Release Agreement dated December 4, 2014 (the "Settlement Agreement"), executed by Paul D. Moore, as the bankruptcy trustee in the case styled *In re: New England Compounding, Inc., d/b/a New England Compounding Center. Case No. 12-19882 (the "Bankruptcy Case"),* now pending in the United States Bankruptcy Court for the District of Massachusetts, Landmark American Insurance Company ("Landmark"), and ARL, including the ARL affiliates (as defined in the Settlement Agreement). [Dkt. 1659]. As stated in this Courts Order, the Settlement Agreement is supported by Paul D. Moore, the Chapter 11 trustee ("Trustee") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center, the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case and the Plaintiffs Steering Committee appointed in this MDL.

The Bankruptcy Court issued an order on March 3, 2015, approving (1) the adequacy of the amended joint disclosure statement; (II) solicitation and notice procedures with respect to

confirmation of the plan proponents' first amended joint plan of reorganization; (III) approving the form of various ballots and notices in connection therewith; (IV) scheduling certain dates with respect thereto; and (V) granting related relief.  All objections to the confirmation of the plan must be filed by May 5, 2015. The hearing to confirm the Plan is scheduled for May 19, 2015 at 10:00 a.m. before Honorable Henry J. Boroff.

## ARGUMENT

This isn't the time or way to do discovery against ARL.  The Stay entered in the MDL, and the Settlement Agreement between ARL and the Trustee, were both designed to extricate ARL from the litigation insofar as possible and to minimize ARL's burden in connection with the litigation.  Unless and until the bankruptcy Plan is confirmed, no party including ARL, knows whether ARL is an active party litigant, or only involved in discovery limited to non-recourse efforts to make comparative fault allocations.   Moreover, all comparative discovery with respect to ARL should be coordinated so that ARL is not required to respond to a barrage of discovery from a multitude of parties.  Recently, ARL has been notified that St. Thomas and other plaintiffs want to schedule the deposition of ARL's corporate representative.  Once again, ARL does not yet know if it is responding as a party defendant or in some other role, for the strategic benefit of the other party litigants. It is patently unfair to have ARL responding to discovery with that uncertainty.  Finally, the [Tennessee courts] would not seem to have jurisdiction over ARL in any regard.  ARL has never done business in Tennessee; it has never done business with any of the Tennessee plaintiffs.  ARL provided some testing of products compounded by NECC, a Massachusetts pharmaceutical compounder.  ARL did not even test any of the finished product that NECC sent to any of the Tennessee parties (or for that matter, any finished product sent by NECC to any party).

3

ARL and its insurer paid policy limits and beyond, notwithstanding the unflagging belief that ARL could successfully defend the claims made against it. ARL settled because both the defense costs and time it would have spent defending itself could have been crippling, even assuming successful defense. The settlement between NECC's bankruptcy trustee and ARL was intended to permit ARL to avoid spending both those costs and that time. The approach to discovery being taken by St. Thomas et al., is antithetical to ARL's settlement and the spirit of the stays entered.

Its arguments notwithstanding, ARL has already produced to the PSC, and St. Thomas, along with any other plaintiff, presumably already has access to, all ARL documents relevant to NECC-related claims. ARL can readily provide and is willing to provide St. Thomas or any other plaintiff, a copy of the CD or CD's previously provided to the PSC.

It is well-established that federal courts have the "inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 77 (1st Cir. 2004). Indeed, this power is broadly conferred and relies heavily upon the notion that courts are permitted, "absent a statute or rule to the contrary," to "stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." Marquis v. F.D.I.C., 965 F.2d 1148, 1154 (1st Cir. 1992). Similarly, bankruptcy courts maintain comprehensive jurisdiction conferred by section 1334, 28 U.S.C. and thus possess the inherent power of courts under their general equity powers, as well as in the efficient management of the dockets, to grant a stay. See Austin v. Unarco Industries, Inc., 705 F.2d 1, 5 (1st Cir. 1983).

While courts do have broad discretion concerning the management of their cases, it is similarly well-established that courts should not "cavalierly dispense" stays. Marquis, 965 F.2d at 1156. Instead, stays should only be issued where good cause exists. Id. In determining when

stays should be issued, courts engage in an extensive review of the case which includes an examination of a reasonable duration for the stay along with a balancing of "competing equities" to ensure both parties are fairly treated. Id.  Indeed, the determination of whether a stay is appropriate is a highly nuanced one, based upon the interests of justice. See Microfinancial, Inc., 385 F.3d at 78 (staying a civil proceeding in light of ongoing criminal proceedings is nuanced and "the decision to grant or deny such a stay involves competing interests. Balancing these interests is a situation-specific task, and an inquiring court must take a careful look at the idiosyncratic circumstances of the case before it.")

      With respect to ARL,  the Order issued by this Court on January 15, 2015, provides (i) a prohibition against any party to the MDL seeking dispositive relief against ARL; (ii) a prohibition against any party to the MDL seeking any form of prejudgment security from or against ARL or their assets, including, but not limited to, any attachments, injunctions, write or orders of any nature; and (iii) the permissibility of discovery against ARL, but only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than ARL.  The Order also states that the order does not prohibit defendants from pressing affirmative defenses or claims against individuals or entities other than ARL, not does it block discovery relevant to such defenses (including comparative fault or negligence) or claims from ARL. The Order states that the stay granted will terminate upon the confirmation of the Chapter 11 Plan that has been proposed by the trustee and all parties' rights will be governed by the confirmed plan thereafter.

Roughly two months before the Bankruptcy Court is set to confirm the Plan, St. Thomas now seeks extensive discovery from ALR.[2] Even though St. Thomas claims their discovery request is related to their affirmative defense of comparative fault, allowing their discovery should be approached with hesitation at this juncture. Allowing St. Thomas to seek extensive discovery from ARL will likely open the flood gates for other parties to engage in their own independent discovery with ARL. Engaging in this type of discovery will come at an extraordinary expense to ARL. Moreover, every meaningful document has already been provided to the PSC on a CD or CDs that involved an incredible amount or work and has been carefully reviewed. As a remedy to this dispute, ARL is willing to provide St. Thomas with the thousands of pages of documents it provided to the Plaintiffs Steering Committee previously. ARL spent a tremendous amount of time and resources in its production of documents to the Plaintiffs Steering Committee, producing all non-privileged documents in its possession, custody and control. This production represents all documents that ARL has relating to the MDL. Producing the documents already produced to the PSC is the most efficient and cost effective way of providing St. Thomas, and other parties to come, with complete discovery.

**WHEREFORE,** Request that this Honorable Court deny St. Thomas' Motion to Enforce Court Order Permitting Comparative Fault Discovery Against Settling Parties, or in the alternative allow ARL to satisfy St. Thomas' discovery requests by producing the CD or CDs containing thousands of documents that has already been produced to the Plaintiffs Steering Committee.

---

[2] Through its notice of Joinder in the St. Thomas Entities' Motion to Enforce Court Order Permitting Comparative Fault Discovery Against Settling Parties ARL has also been made aware that the Tennessee Clinic Defendants' intend on serving its own discovery on ARL. [Dkt. 1728].

ARL Bio Pharma, Inc. d/b/a<br>
Analytical Research Laboratories<br>
By its attorneys,

Dated:  March 23, 2015

*/s/ Kenneth B. Walton*
Kenneth B. Walton, BBO #562174
kwalton@donovanhatem.com
Kristen R. Ragosta, BBO #664362
kragosta@donovanhatem.com
Courtney A. Longo, BBO #666466
DONOVAN HATEM LLP
53 State Street, 8th Floor
Boston, MA  02109
P: (617) 406-4500
F: (617) 406-4501

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing has been filed with the Clerk of the Court on March 23, 2015 using the ECF system which will send notification of this filing to all ECF— registered counsel of record that are identified on the Notice of Electronic Filing.

/s/ *Kenneth B. Walton*
*Attorney for ARL Bio Pharma, Inc. d/b/a*
*Analytical Research Laboratories*

7