# EXHIBIT 1

[Illustrative "Non"-Responsive Discovery from PSC]

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**

These Defendants did not bill any Plaintiff-patients, or their third-party payors, for the methylprednisolone acetate ("MPA") from the New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") using the J1040 code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiffs are without sufficient evidence to admit or deny this statement at this time. Discovery has only recently begun and fulsome discovery has not yet taken place. Moreover, to the extent all relevant documents have not yet been produced, this knowledge is in the possession of defendants at this time.

**REQUEST FOR ADMISSION NO. 4:**

NECC and its owners, managers, employees, and agents owed a duty to the Plaintiffs to comply with the recognized standard of acceptable professional practice for compounding or manufacturing MPA and/or to exercise reasonable care when compounding or manufacturing the MPA at issue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

. Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 5:**

NECC and its owners, managers, employees, and agents breached their duty to the Plaintiffs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g.*, *Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 6:**

The breach of duty the owed by NECC and its owners, managers, employees and agents to the Plaintiffs was a proximate cause of the Plaintiffs' alleged injuries and damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g.*, *Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 7:**

Medical Sales Management, Inc. and/or Medical Sales Management SW, Inc. and their owners, managers, employees, and agents owed a duty to the Plaintiffs to exercise reasonable care when marketing and selling NECC's products, including MPA.

**REQUEST FOR ADMISSION NO. 21:**

The median response time by the FDA to federal Freedom of Information Act requests in calendar year 2011 was between 21 and 40 days for "simple" requests, and between 181 and 200 days for "complex" requests.[1]

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is sufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 22:**

The FDA's median response time to federal Freedom of Information Act requests in 2012 was between 141 and 160 days for "simple" requests and between 201 and 300 days for "complex" requests.[2]

---

[1] Exhibit A includes four charts from http://www.foia.gov/data.html which generates reports on response time to federal Freedom of Information Act requests. The data is sorted by response time for each agency and fiscal year. The four charts in Exhibit A were generated on the website by narrowing the terms to FDA data for "simple" and "complex" request response time for 2011 and 2012, respectively. Median response time is readily apparent from the chart data.

- 11 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 23:**

The FDA's admitted duty is to be "responsible for protecting the public health by assuring the safety, efficacy and security of human and veterinary drugs, biological products, medical devices, our nation's food supply, cosmetics, and products that emit radiation."[3]

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admitted that the link provided by Defendants in the footnote to Request for Admission 23 states that the FDA is "responsible for protecting the public health by assuring the safety, efficacy and security of human and veterinary drugs, biological products, medical devices, our

---

[2] Exhibit A includes four charts from http://www.foia.gov/data.html which generates reports on response time to federal Freedom of Information Act requests. The data is sorted by response time for each agency and fiscal year. The four charts in Exhibit A were generated on the website by narrowing the terms to FDA data for "simple" and "complex" request response time for 2011 and 2012, respectively. Median response time is readily apparent from the chart data.

[3] *See* the FDA's website at: http://www.fda.gov/aboutfda/whatwedo/default.htm.