## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Docket No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## REQUEST TO DEFER OR ABSTAIN
## FROM IMMEDIATELY RULING ON PENDING DISCOVERY DISPUTE

### INTRODUCTION

During the last status conference, the Honorable Judge Zobel referred a dispute relating to discovery served on ARL BioPharma, Inc. ("ARL") to the Honorable Magistrate Boal, so that Judge Boal could clarify Judge Zobel's prior order regarding the stay of discovery currently in place. Because the St. Thomas Entities[1] and Tennessee Clinic Defendants[2] have either served discovery, or indicated their intent to serve discovery on various other parties, it is anticipated that similar disputes will arise as to the meaning and application of the same or similar orders.

Defendant Medical Sales Management, Inc. ("MSM") files this request so that the Court is aware that other similar discovery disputes are looming, and to request that the Court defer or abstain from immediately ruling on the ARL dispute, so that the Court has the benefit of addressing all of the eventual disputes arising out of the interpretation and/or application of Judge Zobel's prior orders at one time. This request is also made so that MSM, or any other party

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital, Saint Thomas Health, and Saint Thomas Network.

[2] Saint Thomas Outpatient Neurological Center, LLC; Howell Allen Clinic; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughn Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth Lister, MD, PC; and Donald E. Jones, MD.

1

similarly situated, has the opportunity to be heard with regard to the effects of the Court's prior orders.

## **BACKGROUND**

On or about October 9, 2014, Judge Zobel issued an order staying discovery, except for discovery relevant to the defense or prosecution of third party claims. (*See* Memorandum of Decision [Docket No. 1481.] At that time, ARL had not settled claims against it. Thereafter, ARL settled and on January 15, 2015, Judge Zobel entered a similar order with respect to ARL. *See* Order [Docket No. 1659]. On or about March 10, 2015, the St. Thomas Entities filed a Motion to Enforce Court Order Permitting Comparative Fault Discovery Against Settling Parties (the "St. Thomas Motion") [Docket No. 1724]. Although the title of the St. Thomas Motion uses the term "Settling Parties," the motion itself is focused narrowly on only one party, ARL, and it addresses only the order entered on January 15, 2015. On March 25, 2015, Judge Zobel referred to Judge Boal "the task of clarifying [that] earlier order." *See* Transcript [Status Conference, 3/25/15, p. 30]. That clarification will determine the extent to which ARL must participate (if at all) in "comparative fault" discovery in this case.

However, ARL is only one of many parties which have entered into settlement agreements with the Chapter 11 Trustee, and which are subject to the earlier order entered by Judge Zobel staying discovery. *See* Memorandum of Decision [Docket No. 1481.] Although at this time only the ARL discovery dispute is ripe for further argument and a ruling, the issue of the interpretation and application of the exception to the discovery stay orders is much broader than the issues raised in the ARL dispute, because additional parties may soon seek court intervention with respect to very similar issues.

On March 9, 2015, the St. Thomas Entities served discovery requests on MSM, including requests for production of documents, interrogatories and requests for admission. *See* Letter to Counsel [attached hereto as Exhibit A.] On March 20, 2015, the Tennessee Clinic Defendants also served written discovery on MSM. [Docket No. 1742.][3] The undersigned counsel for MSM and the St. Thomas Entities and the Tennessee Clinic Defendants have had a very preliminary discussion about resolving discovery disputes and have agreed to further discuss the issue to attempt to resolve, limit, or narrow these discovery disputes. In the event that the parties' good faith efforts do not resolve all of these discovery issues, there will be additional discovery disputes before the Court, which will be similar to those between the St. Thomas Entities and ARL. Moreover, since to date discovery has been served approximately ten (10) other parties, it seems reasonable to assume that similar disputes will arise concerning the meaning and application of Docket No. 1481. Since those similar (and not yet ripe) disputes are likely to be impacted by Judge Boal's clarification of Judge Zobel's earlier order as applied to the arguments made by ARL, MSM requests that Judge Boal either defer or abstain from immediately ruling on the dispute between ARL the St. Thomas Entities/Tennessee Clinic Defendants.

## CONCLUSION

MSM submits this Notice (i) in the interest of judicial economy so that the Court is aware of these issues now and does not unnecessarily face the same issue multiple times in the coming months, and (ii) to ensure that MSM and any other similarly situated parties have sufficient opportunity to brief and argue the issues such that an order entered as to ARL will not potentially bind other parties who are still attempting to resolve or narrow similar discovery disputes.

---

[3] In the same notice, the Tennessee Clinic Defendants also noticed the service of discovery on other corporate parties (including UniFirst, Alaunus Pharmaceuticals, LLC, Ameridose, LLC, Liberty Industries, Inc. and Victory HVAC), and on March 31, 2015, the Tennessee Clinic Defendants noticed the service of discovery on individual parties (including Barry Cadden, Glen Chin, Gregory Conigliaro, Doulas Conigliaro, Carla Conigliaro and Lisa Conigliaro Cadden). [Docket Nos. 1742, 1756.]

Thus, MSM respectfully requests that Judge Boal defer or abstain from immediately ruling on Judge Zobel's prior order(s) until such time as (i) the issue becomes ripe with regard to all parties on which the St. Thomas Entities and Tennessee Clinic Defendants have served discovery, and (ii) MSM, or any other party similarly situated, has the opportunity to be heard with regard to the effects of the Court's prior orders.

Dated:  April 2, 2015                                Respectfully submitted,

                                                     DEFENDANT MEDICAL SALES
                                                     MANAGEMENT, INC.
                                                     By its attorneys,

                                                     /s/ Dan Rabinovitz
                                                     Dan Rabinovitz, Esq. (BBO #558419)
                                                     John K. Wells, Esq. (BBO #671345)
                                                     Michaels, Ward & Rabinovitz, LLP
                                                     One Beacon Street, 2nd Floor
                                                     Boston, MA 02108
                                                     (617) 350-4040 (phone)
                                                     (617) 350-4050 (fax)
                                                     jkw@michaelsward.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2015, a true copy of the foregoing was filed in accordance with the Court's Electronic Filing Guidelines and will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                     /s/ Dan Rabinovitz
                                                     Dan Rabinovitz, Esq.

# **EXHIBIT A**

 **Nutter**

Sarah P. Kelly
Direct Line: 617-439-2461
Fax: 617-310-9461
E-mail: skelly@nutter.com

March 9, 2015
114026-1

***Via U.S. Mail and Electronic Mail***
Daniel Rabinovitz, Esq.
Nicki Samson, Esq.
Brady Hermann, Esq.
John Wells, Esq.
Michaels, Ward & Rabinovitz, LLP
One Beacon Street, 2nd Floor
Boston, MA 02108

Re:   *In re: New England Compounding Pharmacy, Inc., Products Liability Litigation*
      *Case No. 1:13-md-02419-RWZ*

Counsel:

Regarding the above-referenced case, enclosed please find Saint Thomas Entities' First Set of Interrogatories, Requests for Production, and Requests for Admission to Medical Sales Management, Inc. and Medical Sales Management SW, Inc.

Thank you for your attention to this matter.

Sincerely,

*Sarah P. Kelly*

Sarah P. Kelly

SPK/jme
Enclosure

cc:   All Counsel on Certificate of Service (*via email*)