UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ——————————————————— THIS DOCUMENT RELATES TO: ALL CASES ——————————————————— | ) ) ) ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**SAINT THOMAS ENTITIES' OPPOSITION TO MSM'S REQUEST TO DEFER OR ABSTAIN FROM IMMEDIATELY RULING ON PENDING DISCOVERY DISPUTE**

Saint Thomas West Hospital, formerly known as St. Thomas Hospital ("Saint Thomas Hospital"), Saint Thomas Network, and Saint Thomas Health (collectively referred to as the "Saint Thomas Entities") file this Opposition to the *Request to Defer or Abstain from Immediately Ruling on Pending Discovery Dispute* filed by Defendant MSM ("Request") to show the Court as follows:

The Saint Thomas Entities have actively participated in Common Issue[1] fact discovery and the various discovery orders, schedules and protocols currently in place. When parties like MSM (which marketed the tainted steroid) and ARL (which tested it) began settling with the NECC bankruptcy estate and seeking partial stays of the litigation against them, the Saint Thomas Entities participated in briefing and oral argument to make sure they would be able to obtain full comparative fault discovery against the settling parties. *See* Saint Thomas Entities' Memorandum in Support of Motion to Enforce Court Order Permitting Comparative Fault Discovery Against Settling Parties ("Memorandum," containing summary of briefing on issues)

---

[1] "Common Issue" discovery is defined in MDL Order No. 9, entered September 18, 2014 [Dkt. 1425] ("MDL Order 9") at 1 n.1.

1

[Dkt. 1725 at p. 4].  They specifically noted their desire to make sure no settling party included any ambiguous language in its order that it could later attempt to use to try to limit comparative fault discovery.  The concern was raised, actually litigated, and Judge Zobel entered a memorandum decision and order that explained that the partial stay would have no effect on comparative fault discovery.  *Id.*  The bankruptcy trustee assured the Court the orders being sought in accordance with the settlement agreements would in no way impact comparative fault discovery.  *Id.* at 5.

And yet mere months later, the settling parties are trying to do exactly what the Saint Thomas Entities warned this Court they might try to do.  *See* Partial Opposition of Saint Thomas Entities and Ascension Parties to Chapter 11 Trustee's Motion for Entry of an Order Limiting Discovery [Dkt. 1351 at p. 5] (raising the concern that any stay would be used to "try to cut off as much discovery as possible").  They not only are making meritless arguments that they somehow "have a stay," but they are piggy-backing on each other to ask the Court to "defer" or "abstain" from ruling because other parties "may" have similar issues.  *See* Memorandum at p. 2; Request at p. 2.  In fact, at the same time MSM asks this Court to "defer" any ruling, ARL is sending e-mails confirming its "understanding" that "no discovery shall be served or exchanged" until the Court rules.  *See* E-mail from K. Ragosta to S. Kelly dated April 2, 2015, attached hereto as <u>Exhibit A</u>.  And despite Judge Zobel's instruction to produce the 28,000 documents that it had previously made available to the PSC to the litigation repository, ARL has taken no action in this regard. *See* March 25, 2015 Status Conference Transcript at p. 27-30, attached hereto as <u>Exhibit B</u> ("Transcript") ("Well, we're here and you offered to submit all of these documents to the plaintiffs' . . . repository.  So, why don't you just do that now.").

There is no stay of comparative fault discovery and no basis for any party to refuse to provide responses to discovery that has been or will be issued.  Far from requiring a delay in its ruling, the actions of these settling parties counsel in favor of the Court expediting its decision to swiftly end the gamesmanship.

As noted at the recent status conference, the Saint Thomas Entities are facing a June 15, 2015 discovery deadline.  The PSC and bankruptcy trustee agree that no stay of comparative fault discovery was promised, no settlement agreement contains such a stay, and no court order effectuates such a stay.  *See* Transcript at p. 26; Memorandum at p. 5.  And while ARL originally attempted to argue outside of Court that it somehow had a stay, it quickly dropped the groundless claim.  Memorandum at p. 2.

The Saint Thomas Entities' motion to enforce only covers ARL, not any other defendant. *See* Memorandum at p. 6.  To the extent MSM believed its interests might be affected by the motion, it was free to respond to the motion within the same 14-day response period ARL had. Similarly, it was free to raise such concerns at oral argument at the recent status hearing.  It did neither.  Instead, it waited until after the deadline to file a response passed, and after oral argument, to file a "request" that is procedurally improper and lacks any basis in the Federal Rules of Civil Procedure.  To the extent it ever had any right to be heard on the matter, it has been waived by its own inaction.

If a party wants to oppose comparative fault discovery on any legitimate grounds, the Federal Rules of Civil Procedure provide it with ample opportunity and procedurally sound ways to do so.  For example, a party can timely serve objections or file a motion for protective order if it has meritorious grounds to oppose comparative fault discovery.  What the Rules do not allow

are self-imposed stays that are directly at odds with this Court's prior orders and the rules governing discovery.

Accordingly, MSM's Request should be declined.

## CONCLUSION AND PRAYER

For these reasons, the Saint Thomas Entities request that the Court decline MSM's Request, and instead rule on the Saint Thomas Entities' pending motion to enforce against ARL as soon as the Court's schedule permits.

SAINT THOMAS WEST HOSPITAL,
FORMERLY KNOWN AS ST. THOMAS
HOSPITAL, SAINT THOMAS NETWORK,
AND SAINT THOMAS HEALTH

By its attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

Dated:  April 8, 2015

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Adam T. Schramek*
Texas State Bar No. 24033045
Eric J. Hoffman*
Texas State Bar No. 24074427

Norton Rose Fulbright US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 8th day of April, 2015.

/s/ Sarah P. Kelly
SARAH P. KELLY

2778205.1

5