# EXHIBIT A

**Motion of the Chapter 11 Trustee for an Order (a) Limiting the Parties Upon Whom the Trustee Must Serve the Joint Motion of the Trustee and the Official Committee of Unsecured Creditors for an Order Approving Plan Support and Settlement Agreement with Liberty Industries, Inc.; and (b) Approving the Form, <u>Manner and Scope of Notice of Any Hearing on the Motion.</u>**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>             Debtor. | Chapter 11<br><br>Case No. 12-19882 (HJB) |

**CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER (A) LIMITING THE PARTIES UPON WHOM THE TRUSTEE MUST SERVE THE JOINT MOTION OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING PLAN SUPPORT AND SETTLEMENT AGREEMENT WITH LIBERTY INDUSTRIES, INC.; AND (B) APPROVING THE FORM, MANNER AND SCOPE OF NOTICE OF ANY HEARING ON THE MOTION**

Paul D. Moore, the duly appointed chapter 11 Trustee ("Trustee") of New England Compounding Pharmacy, Inc. (the "Debtor" or "NECC"), hereby moves this Court (this "Motion") for entry of an order (i) limiting the parties on whom he must serve copies of the Joint Motion of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors for an Order Approving Plan Support and Settlement Agreement with Liberty Industries, Inc. (the "9019 Motion"), and (ii) approving the form, manner and scope of service of the notice of any hearings on the 9019 Motion. In support of this Motion, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Contemporaneously with the filing of this Motion, the Trustee has filed the 9019 Motion. If approved and consummated, the settlement set forth in the 9019 Motion will provide additional funding for the First Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. [Docket No. 1154] (as may be amended or supplemented, the "Plan"), which

creates a mechanism to provide meaningful compensation to personal injury claimants with allowed claims.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1001, 2002(a)(3), 9013 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Massachusetts Local Bankruptcy Rules ("MLBR") 1001-1, 2002-1(a)(2), 9013-3(a) and (b) and 9029-1(a).

## BACKGROUND

3. On December 21, 2012 (the "Petition Date"), NECC filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

4. On January 24, 2013, this Court entered an order [Docket No. 92] appointing a chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code.

5. On January 25, 2013 (the "Appointment Date"), the United States Trustee (the "UST") filed an Application for and Certificate of Appointment of Chapter 11 Trustee [Docket No. 98] (the "UST Application") requesting the appointment of the Chapter 11 Trustee. The UST Application was granted by order of this Court [Docket No. 99] entered the same day. Thereafter, on February 1, 2013, the Chapter 11 Trustee filed his Verified Statement Pursuant to Rule 2007.1 of Paul D. Moore in Support of Application for and Certificate of Chapter 11 Trustee [Docket No. 111] (the "Statement").

A. **The 9019 Motion**

6. As set forth in the 9019 Motion, the terms of the settlement (the "Settlement Agreement") between the Trustee and the Official Committee of Unsecured Creditors (the "Committee"), on the one hand, and Liberty Industries, Inc. ("Liberty") and Liberty's insurer Great American E&S Insurance Company ("Great American"), on the other, may be summarized as follows:[1]

- Settlement Payments: On or before five (5) days after entry of the Confirmation Order, Liberty and Great American will each direct a settlement payment to the Trustee, in trust, in the following amounts: (i) in the case of Liberty, $450,000; and (ii) in the case of the Great American, $550,000. The settlement payments will be held in the IOLTA Attorney Trust Account of the Trustee's counsel, Duane Morris LLP, to be released to the Trustee on the Plan Effective Date. Upon the release of the settlement funds, the Trustee shall use those monies to make distributions under the Plan, including pursuant to the Tort Trust and to satisfy the costs and expenses of the administration of the Chapter 11 case. *See* Settlement Agreement § II.

- Plan Releases/Injunctions: Upon confirmation, the Plan shall provide for a release, on the Plan Effective date, of Liberty and Great American from any and all Claims asserted or that could be asserted by any Person against Liberty and/or Great American for personal injury, tort, wrongful death, medical monitoring, or any other economic or noneconomic injury or damage, based upon, arising out of or in any way related to the preparation of or administration to Persons of injectable methylprednisolone acetate, cardioplegia solutions or any other drugs or products compounded, produced, sold or distributed by NECC. *See* Settlement Agreement § VI.

- Amendment of the Plan: The Settlement Agreement requires the Trustee to move this Court (i) for leave to amend the Plan to effectuate the terms and provisions of the Settlement Agreement (in particular, to include Liberty and Great American as among the beneficiaries of the release and injunctions of the Plan) and (ii) for an order finding that such amendment is non-material and, therefore, does not require the Movants (as Plan Proponents) to resolicit acceptances or rejections of the Plan and incur the related expense and delay. *See* Settlement Agreement § IV.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Settlement Agreement.

- <u>Plan Support</u>: Liberty and Great American agree to support and not oppose or object to the Plan. Liberty and Great American's agreement to support the Plan is not conditioned on approval of this Motion, and indeed, Liberty and Great American are bound to support the Plan even if this Motion is not approved. *See* Settlement Agreement § IV.[2]

- <u>Waiver and Assignment of Claims</u>: Upon the Plan Effective Date, each of Liberty and Great American will either (a) irrevocably waive, relinquish and release (i) any and all Claims (whether or not a proof of claim is filed) of any kind or character it holds against the Debtor or its estate and (ii) any and all rights to distributions or recoveries, of any kind or character, on account of such Claims including, without limitation, pursuant to the Plan or (b) irrevocably assign such Claims to the NECC Trustee (at the NECC Trustee's discretion). Such waiver or assignment shall be effective without regard to whether the Confirmation Order is or becomes a Final Order on the Plan Effective Date, and shall continue to remain in effect notwithstanding any appeal, modification, or reversal of the Confirmation Order. *See* Settlement Agreement § V.

- <u>Adjournment of Claim Objection</u>: The Settlement Agreement requires Liberty and the Trustee to jointly seek adjournment of the hearing on the Claim Objection, up to and including the date of the entry of an order of this Court on this Motion. *See* Settlement Agreement § IV(c).

**B.      Request to Limit Service of the 9019 Motion**

7. The Trustee requests that this Court enter an order requiring the Trustee to serve, by e-service only, the following parties:

   a. Those parties who will receive electronic service in this case through this Court's Electronic Case Filing ("<u>ECF</u>") system; and

   b. Those parties who will receive electronic service in the multi-district litigation proceeding pending in the United States District Court for the District of Massachusetts (the "<u>MDL Proceeding</u>") through the District Court's ECF system.

---

[2] Notably, Liberty had previously objected to the *Disclosure Statement for the Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1053] (as amended at Dkt. No. 1162, the "<u>Disclosure Statement</u>"). *See Objection of Liberty Industries, Inc. to the Corrected Disclosure Statement for Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. [Dkt. No. 1128]*. Liberty had also previously stated its intent to object to confirmation of the Plan.

4

DM3\3264928.4

8.      The scope of this service, while limited, will ensure that those who are most active in this case or in the MDL Proceeding will receive immediate and cost-effective electronic service. The Trustee estimates that, as of March 8, 2015, approximately 99 attorneys representing 171 parties, receive notice through this Court's ECF System.[3] These attorneys include: (a) counsel to the Committee: (b) counsel to most or all of the seven members of the Committee; (c) lead counsel for the Plaintiffs Steering Committee (the "PSC"), appointed by Judge Zobel in the MDL to represent the interests of the plaintiffs in the MDL proceedings; and most, if not all of the six remaining members of the PSC.

9.      Further, as of October 13, 2014, approximately 555 separate lawsuits had been joined in the MDL Proceeding  Disclosure Statement at 1.  Collectively, these lawsuits comprise virtually all of the cases filed in state and federal courts throughout the country since October 2102 on account of injuries and deaths alleged to have been caused by NECC and numerous other defendants.  E-service through the District Court's ECF System will reach counsel for all of the plaintiffs and defendants currently engaged in litigation relating to NECC.

10.     In sum, the proposed e-service through the District Court and this Court's ECF System will be directed to counsel who are actively involved in the case or the MDL Proceeding. These counsel can thereafter competently advise clients as to their rights relating to the 9019 Motion.  Moreover, the 9019 Motion and Hearing Notice will be available on the Donlin, Recano & Company, Inc. website.  Under these circumstances the proposed e-service is reasonable.

11.     The Trustee submits that this Court has authority to limit his obligation to serve the 9019 Motion as requested above pursuant to Bankruptcy Rule 9013 and MLBR 1001-1 and 9013-3(a).  Bankruptcy Rule 9013(b) provides in addition that the 9019 Motion must be served

---

[3] *See, e.g., BNC Certificate of Mailing – Date 3/8/15* [Docket No. 1186].

DM3\3264928.4

on "the entities the court directs if [the Federal Rules of Bankruptcy Procedure] do not require service or specify the entities to be served." None of the Bankruptcy Rules requires service or specifies the entities to be served with the 9019 Motion.[4] Thus, by the plain language of Bankruptcy Rule 9013(b), this Court has the power to direct the entities to be served with the 9019 Motion.

12.   MLBR 9013-3(a) requires that the Trustee serve the 9019 Motion "upon all interested parties and upon all parties who have filed their appearances and requested service of all pleadings filed in the case." However, this rule cannot be applied to eliminate the power conferred on this Court pursuant to Bankruptcy Rule 9013(b) to direct the entities to be served with the 9019 Motion for at least two reasons.[5] First, MLBR 9029-1(b) provides that the Bankruptcy Rules govern "[t]o the extent that a conflict appears or arises between" the Local Rules and the Bankruptcy Rules. Thus, MLBR 9013-3(a) should not operate to override the Court's power to direct the entities to receive service of the 9019 Motion conferred by Bankruptcy Rule 9013(b). Second, MLBR 1001-1 provides that the Local Rules "govern all proceedings in bankruptcy cases *insofar as is just and practicable.*" (emphasis added).

13.   Requiring the Trustee to serve the 9019 Motion other than as requested above would not be just or practicable. Wider service would be overbroad and expensive. The increased cost of broader service would materially diminish the amount of the settlement

---

[4] Bankruptcy Rule 2002(a)(3) identifies the parties that shall receive notice of the *hearing* on a motion to approve a compromise or settlement, but does not address which parties shall receive service of the motion papers.

[5] The Trustee has not been able to find any reported decisions on point regarding the interplay of the applicable Massachusetts Local Bankruptcy Rules and the Federal Rules of Bankruptcy Procedure.

DM3\3264928.4

proceeds available for distribution to creditors[6] and risk confusing *pro se* parties regarding the Settlements.

C. **The Hearing Notice**

14. For the foregoing reasons, the Trustee requests that this Court approve the form of the Hearing Notice, which provides for service as set forth above.

**NO FURTHER NOTICE IS NECESSARY**

15. The Trustee requests that this Court determine that the foregoing notice and service protocols for both the 9019 Motion and the Hearing Notice are sufficient and proper, and that no further or other notice is required.

**WHEREFORE**, the Trustee respectfully requests that this Court approve this Motion by entering an order substantially in the form attached hereto as Exhibit A and grant the Trustee such other and further relief as this Court deems just and proper.

Dated:   April 20, 2015          Respectfully submitted,
         Boston, Massachusetts

                                 **DUANE MORRIS LLP**

                                 By: /s/ *Michael R. Lastowski*
                                 Michael R. Lastowski (admitted *pro hac vice*)
                                 Duane Morris LLP
                                 222 Delaware Avenue, Suite 1600
                                 Wilmington, DE 19801
                                 Tel: (302) 657-4900
                                 Fax: (302) 657-4901
                                 mlastowski@duanemorris.com

                                 *Counsel for Paul D. Moore, Chapter 11*
                                 *Trustee of New England Compounding*
                                 *Pharmacy, Inc. d/b/a New England*
                                 *Compounding Center*

---

[6] As set forth above, under the Settlement, NECC's estate will receive $1 million.

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>                Debtor. | )<br>)<br>)   Chapter 11<br>)<br>)   Case No. 12-19882 (HJB)<br>)<br>)<br>) |

**ORDER DESIGNATING MANNER OF SERVICE THE JOINT MOTION OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING PLAN SUPPORT AND SETTLEMENT AGREEMENT WITH LIBERTY INDUSTRIES, INC. AND APPROVING FORM AND MANNER <u>OF SERVICE OF NOTICE OF HEARINGS</u>**

Upon the motion the ("<u>Motion</u>") of Paul D. Moore, the duly appointed chapter 11 Trustee ("<u>Trustee</u>") of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center (the "<u>Debtor</u>" or "<u>NECC</u>"), for entry of an order (i) designating the parties on whom he must serve copies of the Joint Motion of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors for an order Approving Plan Support and Settlement Agreement with Liberty Industries, Inc. (the "<u>9019 Motion</u>"), and (ii) designating the form, manner and scope of service of the notice of any hearings on the 9019 Motion; and no objections to the Motion having been filed; and upon notice and a hearing; it is hereby ORDERED as follows:

1.     The Motion is **GRANTED** on the terms and conditions set forth in this Order.

2.     The Trustee shall serve, or cause to be served, full copies of the 9019 Motion upon the following parties, by e-service only:

    a.     Those parties who will receive electronic service in this case through this Court's Electronic Case Filing ("<u>ECF</u>") system (which service shall occur electronically through the Court's ECF system, without the need for further action by the Trustee); and

  b.  Those parties who will receive service in the United States District Court for the District of Massachusetts through the District Court's ECF system (which service shall occur electronically through that Court's ECF system, without the need for further action by the Trustee).

  3.  The form of Hearing Notice, attached hereto as <u>Exhibit A</u>, is approved.

  4.  Service of the 9019 Motion and the Hearing Notice in accordance with this Order constitutes due and proper service and notice, and satisfies any and all applicable service and notice requirements, including, but not limited to, those prescribed in Rules 1001, 2002(a)(3), 9013 and 9019 of the Federal Rules of Bankruptcy Procedure and Massachusetts Local Bankruptcy Rules 1001-1, 2002-1(a)(2), 9013-3(a) and (b) and 9029-1.  No further or other service of the 9019 Motion or notice of any hearing to consider the 9019 Motion is necessary or required.

  5.  The Court shall commence a non-evidentiary **HEARING** on _____, 2015 at _____, before the Honorable Judge Henry J. Boroff United States Courthouse, 300 State Street, Berkshire Courtroom, Third Floor, Springfield, MA  01105-2924 to consider the 9019 Motion.  Any and all Objections to any and all of the 9019 Motion must be filed and served upon all parties entitled to receive service of such objections on or before 4:30 p.m. EDT on _____, 2015.

Dated: _____, 2015    BY THE COURT,

                 _____
                  Hon. Henry J. Boroff
                  United States Bankruptcy Judge

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>　　　　　Debtor. | )<br>)<br>)　Chapter 11<br>)<br>)　Case No. 12-19882 (HJB)<br>)<br>)<br>) |

**NOTICE OF NONEVIDENTIARY HEARING**
**ON PROPOSED SETTLEMENT**

**PLEASE TAKE NOTICE** that a **HEARING** will be held on _____, 2015 at _____, before the Honorable Judge Henry J. Boroff United States Courthouse, 300 State Street, Berkshire Courtroom, Third Floor, Springfield, MA  01105-2924 to consider the *Joint Motion of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors for an Order Approving Plan Support and Settlement Agreement with Liberty Industries, Inc.*

**OBJECTION/RESPONSE DEADLINE:**

Any and all objections/responses must be filed and served by 4:30 p.m. on _____, 2015.

**THE MOVING PARTY IS RESPONSIBLE FOR:**

1.　　Serving a copy of this notice upon only the following parties, who will receive e-service of the 9019 Motion by e-service only:

　　　a. Those parties who will receive electronic service in this case through this Court's Electronic Case Filing ("ECF") system (which service shall occur electronically through the Court's ECF system, without the need for further action by the Trustee); and

　　　b. Those parties who will receive service in the United States District Court for the District of Massachusetts through the District Court's ECF system (which service shall occur electronically through that Court's ECF system, without the need for further action by the Trustee).

2.　　Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below.  If the hearing date is less than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing.  **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing.**

DM3\3264942.1

**NOTICE TO ALL PARTIES SERVED:**

1. **Your rights may be affected.** You should read this notice, the above referenced pleadings and any related documents carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult with one. **COPIES OF THE ABOVE-REFERENCED MOTIONS ARE AVAILABLE WITHOUT CHARGE FOR DOWNLOAD AT http://www.donlinrecano.com/necp.**

*PLEASE DO NOT CALL THE COURT OR THE TRUSTEE WITH QUESTIONS ABOUT THIS NOTICE OR FOR LEGAL ADVICE.*

2. Any request for a continuance **MUST** be made by **WRITTEN MOTION** filed and served at least one (1) business day prior to the hearing date. See MLBR 5071-1.

3. The above hearing shall be **nonevidentiary**. If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule an evidentiary hearing.

DATE: _____, 2015

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(EASTERN DIVISION)**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

**CERTIFICATE OF SERVICE**

      I, Michael R. Lastowski, hereby certify that I caused a copy of the *Chapter 11 Trustee's Motion for an Order (A) Limiting the Parties Upon Whom the Trustee Must Serve the Joint Motion of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors for an Order Approving Plan Support and Settlement Agreement with Liberty Industries, Inc.; and (B) Approving the Form, Manner and Scope of Notice of any Hearing on the Motion* to be served by electronic service via this Court's ECF service to those parties registered to receive electronic notice, on April 20, 2015.

Dated April 20, 2015

                                          /s/ Michael R. Lastowski
                                          Michael R. Lastowski (*Admitted Pro Hac Vice*)
                                          Duane Morris LLP
                                          222 Delaware Avenue, Suite 1600
                                          Wilmington, DE  19801
                                          Tel:  (302) 657-4900
                                          Fax:  (302) 657-4901
                                          mlastowski@duanemorris.com