**Blumberg & Wolk, LLC**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., Jeffrey Catalano, M.D., Jeffrey Strauss, M.D.

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION  This document relates to: All New Jersey Cases | Docket No. 1:13-md-2419-RWZ MDL No. 02419 |
|---|---|

PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOURTHERN NEW JERSEY, LLC, ET. AL'S RESPONSE TO THE PLAINTIFF'S MOTION TO ENTER EXPEDITED TRIAL DATES

INTRODUCTION

As the Court is aware the PSC has filed a motion and memorandum in support of the entry of a Case Management Order Setting an Expedited Trial date in this matter [Dkts. 1716 & 1717]. The PSC requests that six cases be set down for trial dates in December 2015 and all six of these plaintiffs are located in Tennessee having brought claims against the Tennessee Clinics and St. Thomas entities. The Premier Defendants are located in New Jersey and now respond to the PSC's request for expedited trial setting as any decision by this Court will undoubtedly have an impact on the cases hailing from this state. The Premier Defendant's response is an adoption and

endorsement of the arguments set forth in the moving papers submitted by the St. Thomas Entities [Dkts. 1753] and the Tennessee Clinic Defendants [Dkts 1754]. In addition the Premier Defendants set forth the following arguments. In their submissions Counsel for St. Thomas entities points-out, quite correctly, that ". . . a great deal more work needs to be done – and many more parties should be heard – before the Court is positioned to make these decisions." [Dkt. 1753 at page 11].

## PRELIMINARY STATEMENT

The Premier Defendants were introduced to this MDL in the fall of 2013. At that time the defendants were facing a mixture of State Court complaints in need of removal and others that were already removed to the MDL. No Master Complaint or protocol for affirmative or responsive pleadings was established, but was at that time was in the works. By January 2014 a Master Complaint was filed and dispositive motions were submitted and proved to be meritorious on several issues including the dismissal of claims for Battery, Civil Conspiracy, Consumer Fraud and Agency. [Dkt. 1360 dated August 29, 2014]. Parallel to this litigation the defendants have been responding and participating in the Bankruptcy litigation so as to preserve their rights under various proportionate fault defenses. The Bankruptcy action, instituted on December 24, 2013 also stayed discovery against the Affiliated Defendants. Finally, a mediation procedure was organized to allow for the effective negotiation of settlements with the Bankruptcy Estate. Both National Defendants and Clinic Defendants participated in this mediation, constituting a stay of discovery.

Until most recently National Defendants such as ARL have been reluctant to produce responses to discovery requests. In addition, local clinic related defendants such as Inspira

Health Network in New Jersey[1] have been reluctant to voluntarily produce discovery and have indicated their intent to object to discovery requests citing their right to a stay in responding to such discovery.

Despite this stay, the Premier defendants have forged on.  We have obtained documents produced by defendants and non-parties that have been uploaded to the repository.  The depositions of the Liberty Defendants have been completed.  The deposition of Premier Orthopedics' Office Manager, Michele Cassidy has been completed.  However, despite these depositions being completed there is still work to be done.  While Premier has not taken the laboring oar in requesting the discovery depositions and documents from the remaining co-defendants, settling parties and fact witnesses/corporations – it has and/or will be joining in cross noticing these depositions and requests for documents as the issues facing New Jersey are similar to those facing Tennessee and the discovery needed to prove comparative fault amongst these national defendants and affiliated defendants is in fact, common.

The Court set forth a Case Management Order #9 and #10 in the fall of 2014.  This case management order set forth an orderly process and deadlines for when discovery should be completed.  This included a process for choosing a Bellwether process for selecting cases for trial.  Finally, this process was intended to apply to all parties and all clinics. The plaintiff's now wish to ignore the previously entered order and force these cases to trial long before the defendants have had even a fighting chance to prepare these cases for trial.  This time around, the PSC has limited their request for an expedited trial to the Tennessee Defendants however the real impact of setting an expedited trial date in December of this year for six Tennessee cases means

---

[1] Inspira Health Network is a hospital located in Vineland New Jersey and is a co-defendant to many of the cases involving Premier and has participated in Mediation and reached a settlement in principle with the Bankruptcy Trustee.

earlier trial settings across the board in all states, including New Jersey, without the opportunity to complete important discovery.  Such an impact is not what is contemplated in a complex, multidistrict litigation.

ARGUMENT

I. **The Tennessee Defendant's Argue that the PSC's Reversal of Course is Ill-Advised and the Premier Defendants Agree for Several of the Same Reasons.**

The Tennessee Clinic and St. Thomas defendants argue that developing a Bellwether process that is fair and representative is imperative and furthermore argue that the status of additional co-defendants and common discovery is still uncertain.   The Premier Defendants agree.

Recently, there have been objections filed to the Chapter 11 plan on the basis that it does not adequately protect the proportionate fault defenses and the right to obtain discovery related to these defenses.  Premier filed their objection with the Bankruptcy Court prior to the preliminary, non-evidentiary hearing and intends to do so again by the May 5, 2015 deadline prior to the evidentiary hearing.  In addition, the certainty of the channeling injunctions have been called into question, which also places the settlement status of many of the defendants into question.  Pending the resolution of these Bankruptcy issues, some National Defendants and some Clinic Defendants are taking the position against cooperating with discovery requests.  Too, the initiation of criminal charges against the NECC principals has delayed matters.

What's more, there is no proposal for a Bellwether selection process.  This argument has been laid out in great detail by the Tennessee and St. Thomas entities.  Presumably the PSC wishes to dispose of any Bellwether process as to any and all clinic defendants to pursue a trial of cases that have not shown any commonality.

Also, as pointed out above and in co-defendants' submissions, the comparative fault discovery and common discovery is in process and cannot be cut-off by this request for expedited trial, simply because the PSC represents (incorrectly) that these cases have been in suit for too long and that now is the time to focus on trial.  Admittedly, these cases will need to be tried, however the defendants deserve to pursue their defenses in accordance with this Courts previous orders.

The Premier Defendants have or will be cross noticing depositions of representatives from the FDA, Mass. Board of Pharmacy, NECC, Medical Sales Management, ARL, and Inspira Health Network, some of which have already been scheduled. This discovery is imperative in order to defend these cases.

**II.     The Tennessee and St. Thomas defendants Argue that the Proposed Schedule by the PSC is Unworkable and the Premier Defendants Agree.**

This point has been made several times and over again in the instant submissions to the Court.  The arguments set forth are adopted and given the amount of common discovery set forth above and in the co-defendant's submissions, the Premier Defendants will be significantly prejudiced by a truncated schedule to complete common discovery, which must thereafter be followed by expert discovery and plaintiff specific discovery.  Therefore an expanded scheduled and new Case management order must be issued by this Court.

The Premier Defendants therefore request the entry of an order allowing additional time for Common discovery consistent with the proposed timeline set forth by the Tennessee Clinic defendant's proposal at page 9 of their submissions [See Dkt. 1754 at pg. 9].

CONCLUSION

It is respectfully requested that the PSC's request for expedited trial listing of six Tennessee cases should be denied and an entry of an order allowing for additional time to

conduct common and fact specific discovery and the entry of a Bellwether protocol should be entered by this Honorable Court.

Respectfully submitted,
Blumberg & Wolk, LLC
Attorneys for: Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., et al

By: /s/Christopher M. Wolk

Christopher M. Wolk, Esq
Blumberg & Wolk, LLC
158 Delaware Street
Woodbury New Jersey 08096
(856)848-7472 p
(856)848-8012 f

## **CERTIFICATE OF SERVICE**

I hereby certify that the within RESPONSE TO THE PLAINTIFF'S MOTION TO ENTER EXPEDITED TRIAL DATES filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED:  April 23, 2015                                       By: /s/Christopher M. Wolk

                                                                           Christopher M. Wolk, Esq
Blumberg & Wolk, LLC
158 Delaware Street
Woodbury New Jersey 08096
(856)848-7472 p
(856)848-8012 f