UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Tennessee Actions Against<br>    St. Thomas Entities | MDL No. 13-2419-RWZ |

ORDER ON SAINT THOMAS ENTITIES' MOTION TO ENFORCE COURT ORDER
PERMITTING COMPARATIVE FAULT DISCOVERY AGAINST SETTLING PARTIES
[Docket No. 1724]

April 27, 2015

Boal, M.J.

The Saint Thomas Entities[1] have moved for an order enforcing the District Court's order allowing the defendants to take discovery relevant to certain defenses, such as comparative fault negligence, and to order ARL BioPharma, Inc. d/b/a Analytical Research Laboratories ("ARL") to fully participate in all comparative fault discovery. Docket No. 1724.[2,3] On October 9, 2014, the District Court entered a limited stay of discovery against certain NECC insiders who had settled with the NECC bankruptcy estate. Docket Nos. 1481, 1482. The District Court's memorandum clarified that the stay would not prohibit defendants from obtaining discovery from the settling parties relevant to comparative fault defenses. Docket No. 1481 at 3. Subsequent settling

---

[1] The "Saint Thomas Entities" refers to Saint Thomas Health, Saint Thomas Network, and Saint Thomas Hospital West f/k/a Saint Thomas Hospital.

[2] The District Court referred this motion to the undersigned at the March 25, 2015 status conference.

[3] The Tennessee Clinic Defendants have joined in the Saint Thomas Entities' motion. Docket No. 1728.

1

parties, including ARL, have obtained orders with the identical operative language.  Docket No. 1659.

The Saint Thomas Entities have asserted the comparative fault of ARL as an affirmative defense in their master answer.  Docket No. 1464 at 118-120.  On March 9, 2015, the Saint Thomas Entities issued written discovery requests to ARL.  Docket No. 1725-1.  ARL responded that discovery against it was stayed and that it would not respond.  Docket No. 1725-2.  It filed an opposition to the instant motion on March 23, 2015.  Docket No. 1745.  The Court heard oral argument on March 23, 2015.

Although ARL initially took the position that discovery against it was stayed, it took a different position in its opposition and oral argument.  ARL does not argue that the District Court's order prohibits comparative fault discovery against it.  Rather, it argues that discovery at this juncture would be unduly burdensome.  Docket No. 1745 at 6.[4]  It also argues that it has already provided to the Plaintiffs' Steering Committee ("PSC") all documents relevant to NECC related claims and that it is willing to provide to Saint Thomas a copy of the CDs previously produced to the PSC.  Id. at 4.

After careful consideration of all of the parties' arguments, the Court finds that the Saint Thomas Defendants should be able to propound comparative fault discovery against ARL now.[5]  The District Court's order explicitly allowed such discovery.  While ARL may and should make

---

[4] ARL also argues, in a very perfunctory manner, that the Tennessee courts do not have personal jurisdiction over ARL.  Docket No. 1745 at 3.  However, "[f]ew principles are more sacrosanct in this circuit than the principle that 'issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" Redondo-Borges v. United States Dep't of Housing and Urban Dev., 421 F.3d 1, 6 (1st Cir. 2005) (citation omitted).

[5] On April 2, 2015, defendant Medical Sales Management, Inc. ("MSM") filed a request that the Court defer or abstain from immediately ruling on this motion because other parties may raise similar issues.  Docket No. 1762.  However, the Saint Thomas Entities' motion is only directed at ARL.  To the extent MSM or any other party believes that unique issues are applicable to them, they may raise them through appropriate motion practice.

the documents produced to the PSC available to other parties in these cases, such production is not necessarily sufficient.[6] Saint Thomas is entitled to receive documents and other discovery responsive to non-objectionable requests. It is not clear how ARL determined that the documents it previously produced to the PSC were in fact all documents relevant to NECC related claims. To the extent that ARL believes that any of the Saint Thomas' discovery requests are beyond the scope of permissible discovery or otherwise objectionable, it can object to those requests. The parties should attempt to resolve those discovery disputes through the usual meet-and-confer process provided for in the Federal Rules of Civil Procedure and the Local Rules of this district. If the parties are unable to resolve such disputes, then the Court will resolve them through motion practice. Accordingly, the Court grants the Saint Thomas Entities' motion.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[6] The PSC stated that such discovery is now available. Docket No. 1789 at 2.