AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | | |
|---|---|---|
| In re: New England Compounding Pharmacy, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. MDL 1:13-md-02419 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Clint Pharmaceuticals, Inc., c/o Registered Agent, Sally L. Ebel, 629 Shute Lane, Old Hickory, TN 37138

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Exhibit A

| Place: Branstetter, Stranch & Jennings, PLLC<br>227 Second Avenue North, 4th Floor<br>Nashville, TN 37201 | Date and Time:<br>05/29/2015 9:00 am |
|---|---|

The deposition will be recorded by this method: __Stenographically and/or Videographically__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __04/27/2015__

*CLERK OF COURT*

OR _[signature]_

_Signature of Clerk or Deputy Clerk_      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiffs' Steering Committee , who issues or requests this subpoena, are:
Benjamin A. Gastel, Branstetter, Stranch, and Jennings, 227 Second Ave. N, Nashville, TN 37201

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL 1:13-md-02419

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

BRANSTETTER, STRANCH
& JENNINGS, PLLC
ATTORNEYS AT LAW
OPERATING ACCOUNT
227 SECOND AVENUE NORTH, 4TH FLOOR
NASHVILLE, TENNESSEE 37201-1631

**Pinnacle**

87-863/640

NUMBER

31425

CLINT

| DATE | AMOUNT |
|---|---|
| 04/28/15 | $49.74 |

Forty-nine and seventy-four/100 Dollars

PAY TO THE ORDER OF

**CLINT PHARMACEUTICALS, INC.**
629 Shute Lane
Old Hickory, TN 37138

BRANSTETTER, STRANCH & JENNINGS, PLLC

*Donald L. Schuler*

⑈031425⑈ ⑆064008637⑆ ⑈1257006⑈

---

BRANSTETTER, STRANCH & JENNINGS, PLLC

31425

| CLINT | CLINT PHARMACEUTICALS, INC. | | | 04/28/15 | 31425 | $49.74 |
|---|---|---|---|---|---|---|

| Invoice # | Date | Our Ref # | Reference | | | Invoice Amt |
|---|---|---|---|---|---|---|
| 04/28/2015-01 | 04/28/15 | 37511 | Witness Fee and Mileage | | | $49.74 |

SF4001-1

TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 706-327-9550

J8M4B70010000  G06SF002772

SAFEGUARD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ<br><br>Honorable Rya W. Zobel |

## NOTICE OF DEPOSITION OF CLINT PHARMACEUTICALS, INC. PURSUANT TO FED.R.CIV.P.30(B)(6)

Please take notice that the Plaintiffs Steering Committee, pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, will take the deposition of the designee(s) of Clint Pharmaceuticals, Inc. at 9:00 a.m. on May 29, 2015, at the offices of Branstetter, Stranch & Jennings, PLLC, 227 Second Avenue North, 4th Floor, Nashville, TN 37201.

Pursuant to Rule 30(b)(6), the Clint Pharmaceuticals, Inc., shall designate one or more employees, agents or representatives to testify as to the matters set forth on Attachment A.

In addition, you are requested to bring the items listed on Attachment B.

April 27 , 2015

Respectfully submitted,

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee*

1

*State Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

2

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA 30328
Telephone: (404) 451-7781
Facsimile: (404) 506-9223
marc@markzamora.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

    I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: April 27, 2015                    /s/ J. Gerard Stranch, IV
                                                      J. Gerard Stranch, IV

### Definitions

As used herein, the following terms shall have the following meanings:

**"Clint"** means Clint Pharmaceuticals, Inc.

**"Fungal meningitis catastrophe"** means the fungal meningitis outbreak that is the subject of this litigation.

**"Howell Allen"** means Howell Allen Clinic, a Professional Corporation.

**"MPA"** means methylprednisolone acetate.

**"NECC"** means New England Compounding Pharmacy, Inc.

**"Saint Thomas Neurosurgical"** means Saint Thomas Outpatient Neurosurgical Center, LLC.

**"St. Thomas Hospital"** means St. Thomas West Hospital.

**"St. Thomas Entities"** means Saint Thomas Health, Saint Thomas Network and St. Thomas Hospital.

**"You"** and **"Your"** means Clint Pharmaceuticals, Inc.

### Attachment A

1. Information regarding ownership and management of Clint for the period 2005-present.

2. Clint's practices, policies, and marketing materials regarding distributing and/or selling compounded medications.

3. Clint's ability to sell and/or distribute depo-medrol manufactured by Pfizer during 2011 and 2012 (including, but not limited to, its inventory during this time period).

4. Clint's ability to sell and/or distribute generic MPA during 2011 and 2012 (including, but not limited to, its inventory during this time period).

5. Any medication shortages regarding cortico-steroids that existed during 2011 and 2012 and Clint's understanding as to why such shortages existed.

6. Clint's sale or distribution of cortico-steroids to any customer in 2011 and 2012.

7. The company's decision to increase the price of MPA to Saint Thomas Neurosurgical as reflected on the attached Invoice marked Exhibit 1.

8. All statements made by Clint on its website, in its marketing materials, catalogues and brochures regarding cortico-steroids.

9. All statements made by Clint on its website, in its marketing materials, catalogues and brochures regarding compounded medications.

10. All communications with employees and/or representatives of Saint Thomas Neurosurgical.

11. All correspondence with employees and/or representatives of Howell Allen Clinic.

12. All invoices sent to Saint Thomas Neurosurgical.

13. Clint's policies and practices regarding ensuring the safety of the drugs it distributes.

14. Clint's ability to meet Saint Thomas Neurosurgical's medication orders in 2011 and 2012.

15. Any documents, correspondence or other materials in Clint's possession regarding NECC.

16. Any conversations that occurred between a representative of Clint and any counsel for Saint Thomas Neurosurgical and/or any of the Saint Thomas Entities.

17. Clint's relationship with Clint Ebel including his job description, duties and responsibilities.

## Attachment B

1. Inventory records for cortico-steroids in 2011 – 2012

2. Records regarding the sale and distribution of cortico-steroids during 2011 – 2012

3. Records regarding Clint's purchase of cortico-steroids during 2011 – 2012.