# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>) MDL No. 1:13-md-2419-FDS<br>) |
| This Document Relates to: | )<br>) |
| All actions pending against Box Hill Surgery Center, LLC, and its affiliates including: | )<br>)<br>)<br>) |
| 1:14-cv-14022-RWZ Armetta, et al v. Box Hill Surgery Center, LLC, et al. | )<br>)<br>) |
| 1:14-cv-14028-RWZ Bowman, et al v. Box Hill Surgery Center, LLC, et al. | )<br>)<br>) |
| 1:14-cv-14033-RWZ Davis, et al v. Box Hill Surgery Center, LLC, et al. | )<br>)<br>) |
| 1:14-cv-14029-RWZ Dreisch, et al v. Box Hill Surgery Center, LLC, et al. | )<br>)<br>) |
| 1:14-cv-14036-RWZ Farthing, et al v. Box Hill Surgery Center, LLC, et al. | )<br>)<br>) |
| 1:14-cv-14026-RWZ Kashi, et al v. Box Hill Surgery Center, LLC, et al. | )<br>)<br>) |
| 1:14-cv-14023-RWZ Torbeck, et al v. Box Hill Surgery Center, LLC, et al. | )<br>)<br>) |
| 1:14-cv-14019-RWZ Handy, et al v. Box Hill Surgery Center, LLC, et al. | )<br>)<br>) |

**PLAINTIFFS' STEERING COMMITTEE'S**
**FIRST SET OF INTERROGATORIES TO BOX HILL SURGERY CENTER, LLC;**
**<u>RITU T. BHAMBHANI, M.D., AND RITU T. BHAMBHANI, M.D., LLC</u>**

The Plaintiffs' Steering Committee, pursuant to Federal Rules of Civil Procedure 26 & 33, respectfully propounds these Interrogatories to Box Hill Surgery Center, LLC; Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC, to be answered within the time prescribed by law.

**DEFINITIONS**

As used herein, the following terms have the following definitions.

1. "Box Hill," "you," and "your" means Box Hill Surgery Center, LLC; Ritu T. Bhambhani, M.D. and Ritu T. Bhambhani, M.D., LLC, including their agents, employees, officers, and representatives.

2. "NECC" means New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center.

3. "MPA" means methylprednisolone acetate.

4. "Vial" means a unit of MPA injectable.

5. "Person includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any Court, or any other governmental entity.

6. "You" and "your" include the person(s) to whom these Interrogatories are addressed, and all of that person's agents, representatives or attorneys.

7. The terms "identify", "identity" or "identification", when used in reference to a natural person, require you to state that person's full name, job title, last known address, home

and business telephone numbers, and present business affiliation. When used in reference to a person other than a natural person, the terms "identity" or "identification" require you to describe the nature of such person (that is, whether it is a corporation, partnership, etc. under the definition of "person" above), and to state that person's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

8. The terms "identify", "identity" or "identification" when used in reference to a document, require you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letters, memoranda, telegram, chart, etc.). If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition. In lieu of so identifying a document, at your option you may attach an accurate copy of it to your answers to these Interrogatories, appropriately labeled to correspond to the Interrogatory in response to which it is being produced.

9. Unless stated otherwise, the timeframe applicable to these interrogatories is January 1, 2002 to present.

## INTERROGATORIES

1. When, how and why did Box Hill decide to purchase compounded medications from the NECC? In responding, please identify each and every individual involved in the decision, and describe each and every step in the decision making process.

RESPONSE:

2. Identify each communication (including face-to-face, telephone, email, or other communications) between NECC (including its agents, employees or representatives) and Box Hill. For each communication identified, please provide the following information:

a) the names, job titles, and contact information for each person involved in the communication;

b) the date, time, length, mode and location of each communication or discussion;

c) the notes, memoranda, recordings, writings or other records were kept of any of those conversations or communications; and

d) state as specifically as possible what each party to the communication or conversation said and state what actions Box Hill took, if any, as a result of each communication or conversation.

RESPONSE:

3. Please list the date, location, and attendees present at each and every meeting (business or social) between or among NECC (including its agents, employees or representatives) and Box Hill for the time period from January 1, 2007 through December 31, 2012.

RESPONSE:

4. Identify each and every communication (including emails, conversations, meetings, memos, etc.) that occurred between Box Hill Surgery Center, LLC; Ritu T. Bhambhani, M.D.; and/or Ritu T. Bhambhani, M.D., LLC, including any agents, employees, or

representatives of same, regarding compounding pharmacies, acquiring medication from compounding pharmacies, NECC (including its agents and representatives), and/or the acquisition of injectable steroids. For each such communication, please specify the parties to the communication, the date of the communication, the mode of the communication, and the content of the communication.

      RESPONSE:

5. Provide the total quantity of MPA purchased by you from NECC in 2012, and specify the dose and volume ordered and the price paid per vial for preservative and preservative-free MPA that you purchased.

      RESPONSE:

6. Identify each company, manufacturer, compounder or distributor from whom you purchased any steroid used in epidural steroid injections from January 1, 2008, forward. Please specify the date of each purchase, the quantity ordered, and how much Box Hill paid for each vial of injectable steroid.

      RESPONSE:

7. Describe each and every action that Box Hill took in order to ensure that MPA injected into patients was safe and free from contaminants.

      RESPONSE:

8. Describe how medication ordered from NECC medication was prescribed, ordered, received, inventoried, stored, dispensed and administered. including in your response a description of any paperwork, prescription forms, labels or forms associated with these tasks.

RESPONSE:

9. Describe in detail every gift, sample, incentive, promotion, thank you gift, and/or discount that Box Hill (or anyone associated with it) ever received from NECC (including its agents, employees or representatives) or any wholesaler or distributor of any injectable steroid.

RESPONSE:

10. Identify each Box Hill employee during 2012 by name and job title, and state whether each such employee is still employed by the company. Please also give a general description of the duties of each such person. For each person who is no longer employed by Box Hill, provide a year of birth, last known address, e-mail and telephone number.

RESPONSE:

11. Please identify every employee or agent of Ritu T. Bhambhani, M.D., LLC, who performed any duties or functions for Box Hill Surgery Center, LLC, and for each such person, please state:

    a) the person's name, job title and contact information;

    b) a description of the duties or functions performed; and

        c)      a statement of whether the person continues to be employed by or affiliated with either Box Hill Surgery Center, LLC, and/or Ritu T. Bhambhani, M.D., LLC.

      RESPONSE:

12. Describe in detail the policies, practices and procedures in place from January 2010 to date regarding the purchase of medications by Box Hill, including, but not limited to the purchase of compounded sterile preparations. Specify whether each such policy, practice, or procedure was written or oral, and identify the nature and location of any documents pertaining or relating to each such policy, practice, or procedure. In lieu of describing each such policy, practice, or procedure, you may attach a copy of the same.

      RESPONSE:

13. Please describe in detail all systems, policies and procedures used by Box Hill from January 2010 to date relative to the evaluation and/or selection of a compounding pharmacy for the purchase of medications. Specify whether each such policy, practice, or procedure was written or oral, and identify the nature and location of any documents pertaining or relating to each such policy, practice, or procedure. In lieu of describing each such policy, practice, or procedure, you may attach a copy of the same.

      RESPONSE:

14. Please indicate whether Box Hill ever consulted with any pharmacist or hospital pharmacy department regarding whether to purchase medications from NECC, or from any other

compounding pharmacy, and, if so, for each such consultation, identify the person(s) involved, the date(s) of each such consultation, the substance of each such consultation, and identify the nature and location of any and all documents evidencing each such communication.

      RESPONSE:

15.    Does Box Hill contend that any other person or entity is responsible or caused the injuries and deaths that are the subject of this litigation?  If so, identify each such person or entity and state the factual basis for a contention that any other person or entity was responsible for or caused the injuries and deaths forming the basis of this litigation.

      RESPONSE:

16.    State the name and address of any expert witness who you expect to call at the trial of this cause, and for each and every such expert witness, please provide all information and material required by Fed. R. Civ. Pro. 26(a)(2)(B).

      RESPONSE:

17.    State the name and address of any person who you expect to offer opinion testimony at the trial of this case, irrespective as to whether such individual is an "expert" as defined by Fed. R. Civ. Pro. 26.  With respect to each such individual, please state their name and address, the subject matter on which the individual is expected to testify, the substance of the facts and opinions to which the individual is expected to testify and a summary of the grounds for each opinion.

      RESPONSE:

18.     State the full name, address, telephone number, job title and employer of each and every person believed by Box Hill to have knowledge of facts regarding the claims asserted in this litigation, any defenses thereto, and/or any issues germane to this litigation.  Please include any person believed to have knowledge of rebuttal or impeachment evidence, and for each person listed, please identify the subject matter of their knowledge and provide a brief description of their knowledge.

>   RESPONSE:

19.     When and how did you become aware of the fungal meningitis outbreak associated with NECC's preservative-free MPA?

>   RESPONSE:

20.     If you became aware that Box Hill had received contaminated medication from NECC, specify when you received any and all information relative to possible contamination, the substance of all such information, the identity of each person receiving all such information, the means by which you received any and all such information, describe any and all actions taken by you in response to any such information, and identify the nature and location of any and all documents evidencing such information.

>   RESPONSE:

21.     Describe when and how you began contacting patients after learning of the fungal meningitis outbreak.

RESPONSE:


22. Please explain in detail all actions that you took in order to preserve evidence in connection with the fungal meningitis outbreak.

RESPONSE:


23. Describe in complete detail the business structure of Box Hill Surgery Center, LLC and its relationships with Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC, including but not limited to:

   a) the names and job title of each officer of Box Hill Surgery Center, LLC;

   b) the name of each manager of Box Hill Surgery Center, LLC;

   c) the name of each owner or member of Box Hill Surgery Center, LLC;

   d) all contracts, agreements, cost-sharing arrangements, profit-sharing arrangements, and patient referral arrangements existing between or among Box Hill Surgery Center, LLC and Ritu T. Bhambhani, M.D., and/or Ritu T. Bhambhani, M.D., LLC;

   e) all financial arrangements that presently exist or have previously existed between or among Box Hill Surgery Center, LLC; Ritu T. Bhambhani, M.D.; and/or Ritu T. Bhambhani, M.D., LLC; and

   f) identify and describe every lease for space occupied by Box Hill Surgery Center, LLC.

RESPONSE:

24. Describe in complete detail the business structure of Ritu T. Bhambhani, M.D., LLC, including but not limited to:

    a) the names and job title of each officer of Ritu T. Bhambhani, M.D., LLC;

    b) the name of each manager of Ritu T. Bhambhani, M.D., LLC;

    c) the name of each owner or member of Ritu T. Bhambhani, M.D., LLC; and

    d) identify and describe every lease for space occupied by Ritu T. Bhambhani, M.D., LLC.

RESPONSE:


25. Please explain how Box Hill charged and billed patients and/or their insurers (or any third party payer) for epidural steroid injections, for both in preservative and preservative-free form in 2012. Specifically, list the rate that any Box Hill charged the following payers for such epidural steroid injections, specifying which entity charged which payer:

    a) Medicare;

    b) Carefirst BlueCross BlueShield;

    c) United Healthcare;

    d) Tricare;

    e) Aetna;

    f) CIGNA;

    g) Humana;

    h) Maryland HealthChoice Program;

    i) Medicaid;

    j) uninsured patients; and

k)     patients paying out of pocket toward a deductible.

RESPONSE:


26.    With respect to plaintiffs/claimants (a) with a currently filed case against Box Hill (listed above) and (b) for whom you have received a letter of representation from the claimant's attorney, please identify or state for each:

(a) The date of prescription for the specific MPA ordered from NECC for that patient. Please attach to your response a copy the prescription or any record of the prescription pertaining to the clients;

(b) The number of MPA vials ordered from NECC as to the patient;

(c) The name of the patient appearing on the label affixed to or associated with the vial of NECC MPA preservative-free administered to the patient; and

(d) the lot number of the MPA from which each plaintiff/claimant received each of their injections, whether the steroid injection was from a recalled lot purchased and shipped from NECC, the date of shipment of the MPA used in their steroid injections, the date of any recall by governmental authorities of the lots of MPA used in their steroid injections, which, if any, of the steroid injections received were from Lot #06292012@26, BUD 12/26/2012, and the existence and description of any documents relating to your answers to this interrogatory and their current location.

RESPONSE:

27. Regarding the purchases of vials of preservative-free MPA you made from NECC that were shipped to you on 8/13/2012 and 9/25/2012, please identify the person at Box Hill who placed the order for each such vial, the date of each order, and the means by which the order for each vial was made (e.g. telephone/internet/mail), describe how the quantity was determined, whether a specific patient name was provided to NECC with respect to each vial ordered, whether the purchase was made in bulk without reference to specific patients, and the existence and description of any documents relating to your answers to this interrogatory and their current location.

RESONSE:

28. State and describe all materials and information and their source(s) you obtained in connection with determining whether NECC was an appropriate and competent supplier of preservative free MPA.

RESPONSE:

29. Identify all insurance and indemnity policies that may cover claims against you from patients claiming injury and/or wrongful death as a result of the administration of NECC's recalled MPA medication. Please include in your answer (a) the limits and available amounts of coverage; (b) whether costs of defense reduces the amount of coverage available; (c) whether any insurance carrier has disclaimed coverage on any claims or is defending you under reservation of rights, and if so (d) the basis coverage is or was disclaimed and/or you are being covered under a reservation of rights.

RESPONSE:

**Dated: April 28, 2015.**

/s/ Kimberly Dougherty

Kimberly Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue
Suite 365
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

*Maryland Lead Counsel for PSC*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

      I, Kimberly Dougherty, hereby certify that on the 28th day of April, 2015, the foregoing document was served via electronic mail and/or U.S. Mail, postage prepaid, on the following counsel:

Gregory K. Kirby
(gkirby@pklaw.com)
Pessin Katz Law, PA
901 Dulaney Valley Road, Suite 400
Towson, MD  21204

                                           /s/ Kimberly Dougherty
                                           Kimberly Dougherty