# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | MDL No. 1:13-md-2419-RWZ |

### MOTION OF THE CHAPTER 11 TRUSTEE FOR A PROTECTIVE ORDER PURSUANT TO FED R. CIV. P. 26(c) AND 45(c) PRECLUDING THE TENNESSEE CLINIC DEFENDANTS FROM CONDUCTING A DEPOSITION OF NEW ENGLAND COMPOUNDING PHARMACY, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6) AND QUASHING RELATED DEPOSITION SUBPOENA

Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the Chapter 11 estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), hereby moves this Court for the entry of a protective order precluding the Tennessee Clinic Defendants from conducting a deposition of NECC pursuant to the Fed. R. Civ. P. 30(b)(6) subpoena they served on the Trustee. This Motion is supported by an accompanying Memorandum. The Trustee is not seeking to quash the Tennessee Clinic Defendants' Subpoena Duces Tecum and is separately serving its Response and Objection.

Counsel for the Tennessee Clinic Defendants served upon the Trustee a subpoena, seeking a deposition, pursuant to Fed. R. Civ. P. 30(b)(6), on a wide array of thirty-one topics[1] relating to NECC's operations prior to the Trustee's appointment. Counsel for the Trustee spoke to counsel for the Tennessee Clinic Defendants on April 16 and April 23, 2015, to advise that: (1) the Trustee has no personal knowledge whatsoever as to the Rule 30(b)(6) topics as to which examination is requested; (2) any knowledge that the Trustee may have as to the Rule 30(b)(6) topics is protected from disclosure by the attorney-client privilege and the work-product

---

[1] A copy of the subpoena and deposition notice is attached hereto as Exhibit A.

DM3\3269825.7

doctrine; and (3) NECC has no officers, director, managing agents or others who have knowledge of the Rule 30(b)(6) topics and who will consent to testify on NECC's behalf.[2]

Further, counsel for the Tennessee Clinic Defendants advised the Trustee's counsel that: (1) the purpose of the deposition was to discover facts relating to NECC's comparative negligence; and   (2) the plaintiffs in the underlying litigation would stipulate that NECC distributed the product administered by the Tennessee Clinic Defendants.   In light of the foregoing, Counsel for the Trustee noted that discovery of NECC's negligence was not necessary.

Despite these good faith efforts, the parties could not resolve the issues raised in this Motion.


Dated:  May 1, 2015                              Respectfully submitted,
            Boston, Massachusetts

                                                 **DUANE MORRIS LLP**

                                                 By:  /s/ *Michael R. Gottfried*
                                                 Michael R. Gottfried, Esq. (BBO #542156)
                                                 100 High Street, Suite 2400
                                                 Boston, MA 02110-1724
                                                 Telephone:  (857) 488-4200
                                                 Facsimile:  (857) 488-4201
                                                 mrgottfried@duanemorris.com

                                                 Michael R. Lastowski, Esq. (admitted *pro hac vice*)
                                                 222 Delaware Avenue, Suite 1600
                                                 Wilmington, DE 19801-1659
                                                 Telephone:  (302) 657-4900
                                                 Facsimile:  (302) 657-4901
                                                 mlastowski@duanemorris.com

                                                 *Counsel to the Chapter 11 Trustee*

---

[2] The Declaration of Chapter 11 Trustee in Support of Motion of the Chapter 11 Trustee for a Protective Order Pursuant to Fed. R. Civ. P. 26(c) Precluding the Tennessee Clinic Defendants from Conducting a Deposition of New England Compounding Pharmacy, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) is attached hereto as Exhibit B.

DM3\3269825.7

**<u>Certificate of Service</u>**

I, Michael R. Gottfried, hereby certify that on this day, May 1, 2015, I caused a copy of the foregoing document, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service.

/s/ *Michael R. Gottfried*