## **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | MDL No. 1:13-md-2419-RWZ |

DECLARATION OF CHAPTER 11 TRUSTEE IN SUPPORT OF
MOTION OF THE CHAPTER 11 TRUSTEE FOR A PROTECTIVE ORDER
PURSUANT TO FED R. CIV. P. 26(c) PRECLUDING THE TENNESSEE CLINIC
DEFENDANTS FROM CONDUCTING A DEPOSITION OF NEW ENGLAND
COMPOUNDING PHARMACY, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)

I.  **INTRODUCTION**

    1.    My name is Paul D. Moore.  I am the duly-appointed chapter 11 trustee in the bankruptcy case, *In re New England Compounding Pharmacy, Inc.*, United States Bankruptcy Court for the District of Massachusetts, Eastern Division, Case No. 12-19882-HJB (the "Chapter 11 Case").  I have personal knowledge of all matters set forth in this Declaration, except for those matters stated to be upon information and belief, and I believe all such matters to be true and correct.  I am competent to testify under oath to the matters set forth in this Declaration if called to do so.  I submit this Declaration in support of my motion for the entry of a protective order precluding the Tennessee Clinic Defendants from conducting a deposition of NECC pursuant to Fed. R. Civ. P. 30(b)(6).

    2.    I am an attorney at law licensed by and practicing in the Commonwealth of Massachusetts since 1976.  I have extensive experience in complex chapter 11 cases.

II.  **HISTORICAL BACKGROUND MATTERS**

    A.    **My Appointment as Chapter 11 Trustee**

    3.    On December 21, 2012 (the "Petition Date"), the debtor, New England Compounding Pharmacy, Inc., d/b/a/ New England Compounding Company ("NECC" or the "Debtor"), filed a voluntary petition for relief pursuant to chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

    4.    On January 24, 2013, the Bankruptcy Court entered an order [Docket No. 92] ordering the appointment of a chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code.

5. On January 25, 2013 (the "Appointment Date"), the United States Trustee (the "UST") filed an Application for and Certificate of Appointment of Chapter 11 Trustee [Docket No. 98] (the "UST Application") requesting the Bankruptcy Court's approval of my appointment as Chapter 11 Trustee. The UST Application was granted by order of the Bankruptcy Court Court [Docket No. 99] entered the same day. Thereafter, on February 1, 2013, I filed the Verified Statement Pursuant to Rule 2007.1 of Paul D. Moore in Support of Application for and Certificate of Chapter 11 Trustee [Docket No. 111] (the "Statement").

### B.  Events Precipitating the Chapter 11 Case

6. Upon information and belief, prior to the Petition Date, NECC operated as a compounding pharmacy. Beginning in September 2012, reports began to surface of several patients who contracted fungal meningitis (the "Outbreak") after receiving injections of preservative-free methylprednisolone acetate ("MPA") compounded by NECC. An investigation was initiated by the Massachusetts Department of Public Health ("MDPH") and, two days later, on September 26, 2012, NECC issued a voluntary recall of three suspect lots, containing approximately 18,000 doses of MPA that NECC had distributed to hospitals, clinics, and doctor's offices, and were administered to approximately 14,000 patients. The Centers for Disease Control and Prevention ("CDC") reported that, as of October 23, 2013, 64 people had died and 751 individuals had fallen ill.[1]

7. Upon information and belief, in response to the October 2, 2012 findings from the United States Food and Drug Administration ("FDA") and the MDPH, the Massachusetts Board of Registration in Pharmacy (the "Board") voted to request a voluntary surrender of NECC's pharmacy license. NECC surrendered its license effective at noon on October 3, 2012, and further instituted a voluntary recall of all of its intrathecal medications, which are designed for injection near the spinal cord or brain. The FDA and the CDC recommended that all health care providers cease using, and remove from inventory, any NECC products. At the behest of the MDPH, NECC issued an immediate recall of all of its products. There remain ongoing proceedings to revoke or otherwise take action against the licenses of NECC's pharmacists. Approximately three months prior to the Petition Date, NECC suspended the operation of its business. NECC also surrendered its Massachusetts pharmacy license and laid off most of its employees. The MDPH has temporarily barred former pharmacists for NECC from practicing pharmacology.

8. On the Petition Date, NECC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. NECC has stated that it initiated this Chapter 11 Case in response to the volume and wide geographic distribution of the lawsuits with which it was confronted. The Outbreak has resulted in thousands of claims from personal injury claimants against NECC and others. As of April 27, 2015, approximately 686 separate lawsuits had been joined in the MDL Proceeding pending before the Honorable Rya W. Zobel, United States District Court Judge, in the MDL Court. Approximately 3,770 proofs of claims have been filed in NECC's Chapter 11 Case, approximately 3,500 of which are for damages for death or personal injuries resulting from the Outbreak.

---

[1] The CDC has not updated the case counts since October 23, 2013 and indicates that further updates to the case counts are not anticipated.

2

### C. Status of NECC at the Time of my Appointment

9. At the time of my appointment, NECC had ceased operations for 4 months. All employees had resigned or had been terminated. Prior to my appointment, I had absolutely no involvement with, or knowledge of, NECC or its operations.

10. As Trustee, my goal was to marshal all of the assets of NECC's chapter 11 estate for eventual distribution to creditors under chapter 11 of the Bankruptcy Code. In fact, I, together with the Official Committee, filed the First Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. with the Bankruptcy Court. The Bankruptcy Court has scheduled a confirmation hearing for May 19, 2015.

### D. The Federal Indictments

11. On December 16, 2014, a federal grand jury sitting in the District of Massachusetts returned a 131-count indictment against 14 individuals. Barry J. Cadden (a former director and President of NECC and former Head Pharmacist and Director of Pharmacy of NECC), Gregory A. Conigliaro (a former director and Treasurer, Secretary, and Vice President of NECC) and Carla R. Conigliaro (a former director of NECC).

12. The primary counts in the indictment charged certain of the indicted individuals with racketeering, in violation of 18 U.S.C. § 1962(c) (Count I), Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 2) and Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count 3). *United States v. Cadden, et al.,* Criminal Case No. 14-10363-RGS.

13. Upon information and belief, due to the criminal proceedings, none of these individuals is available to testify in any civil proceeding. None will consent to testify on NECC's behalf in any civil proceeding.

## III. MY LACK OF KNOWLEDGE AND THE UNAVAILABILITY OF ANY WITNESS TO TESTIFY ON BEHALF OF NECC REGARDING THE TOPICS IDENTIFIED IN THE RULE 30(b)(6) DEPOSITION NOTICE

14. I have reviewed the Rule 30(b)(6) deposition notice and the list of topics on which examination is requested (the "Deposition Topics").

15. I have no personal knowledge whatsoever of any of the Deposition Topics. Further to the extent that I have any knowledge, the source of that knowledge is pleadings filed in the MDL proceeding and communications with my counsel. Communications with my counsel are protected from disclosure by the attorney-client privilege and the work product doctrine.

16. NECC has no officers, director, managing agents or others who have knowledge of the Rule 30(b)(6) topics and who will consent to testify on NECC's behalf.

17.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 1, 2015

By:    */s/ Paul D. Moore*
       Paul D. Moore