UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Suits Against Saint Thomas Entities | MDL Docket No.: 2419<br>Dkt No.: 1:13-md-2419-RWZ |

**DEFENDANT, GLENN CHIN'S, ANSWER TO SAINT THOMAS ENTITIES FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTION**

The Defendant, Glenn Chin, objects to the Interrogatories served by the Saint Thomas Entities on the following grounds:

At the initiation of the subject lawsuits, a general stay for discovery, was issued by the United States District Court (MDL) subsequently, the Court entered an order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC insiders and related settling parties. (See MDL Doc. 1482). Pursuant to that order and the Plan Support and Funding Agreement referenced therein, (MDL Doc. 1106-1), discovery was permitted "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the estate parties or the insider settling parties". (MDL Doc. 1482).

Following that Order, by the MDL, Mr. Chin, and others, received indictments for activities relating to the manufacture, sale and distribution of MPA.

It is the position of this Defendant, Glenn Chin, that in view of the criminal indictments and the seriousness of those indictments, that the status of the overall situation has changed

926851.1

dramatically and that Mr. Chin ought to be relieved of responding to discovery without being required to respond and invoke his Fifth Amendment privileges in this civil proceeding. Mr. Chin is presently considering filing a Motion for Protective Order invoking his right that the discovery stay should be re-imposed, in his favor, given the change of circumstances relative to the recent indictments.

Without waiving his rights and notwithstanding the objections asserted hereto, Mr. Chin responds to the interrogatories as follows:

INTERROGATORY NO. 1

Identify and describe each and every business entity for which you have acted as an officer, director, manager, and/or board member from 2008 to present, and for each business entity, identify and describe the position(s) you hold/have held and the dates in which you held the position.

ANSWER NO. 1

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 2

Identify and describe each and every business entity in which you have had an ownership interest from 2008 to the present, and for each such business entity, identify the percentage(s) and dates(s) of ownership.

ANSWER NO. 2

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 3

Identify and describe your positions, roles and responsibilities with NECC, Ameridose, Alaunus, and MSM from 2008 to the present.

ANSWER NO. 3

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 4

Identify the persons between 2008 and 2012 who were responsible at NECC for each of the following tasks:

    a.    monitoring the air pressure in the NECC cleanrooms and taking corrective actions if needed;

    b.    maintaining compliance with USP Chapter 797 with respect to compounding medications;

    c.    cleaning and disinfecting the NECC clean rooms and equipment therein; and

    d.    training or ensuring that NECC pharmacists and technicians were properly trained on how to maintain a sterile environment for compounding sterile, injectable drugs.

ANSWER NO. 4

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 5

Identify the person or persons most knowledge about the procedures or work flow used by the NECC pharmacists to compound MPA.8

ANSWER NO. 5

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 6

Identify every person who compounded MPA at the NECC facility at any point in time between 2011 and 2012.

926851.1

ANSWER NO. 6

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30th DAY OF April 2015

Glenn Chin

AS TO OBJECTIONS:

/s/ Robert H. Gaynor
Robert H. Gaynor
Robert H. Gaynor
BBO# 187620
Sloane and Walsh, LLP
Three Center Plaza, Suite 850
Boston, MA 02108
Phone:      (617) 523-6010
Fax:         (617) 227-0927
e-mail:     RGaynor@sloanewalsh.com

## CERTIFICATE OF SERVICE

I, Robert H. Gaynor, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copiers will be sent to those indicated as non registered participants on May 4, 2015.

/s/ Robert H. Gaynor

Robert H. Gaynor.

926851.1