UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) |
| _____ ____ | ) |
| This Document Relates to All Suits Against Saint Thomas Entities | ) ) ) |

MDL Docket No.:  2419
Dkt No.:  1:13-md-2419-RWZ

## DEFENDANT, GLENN CHIN'S, ANSWER TO SAINT THOMAS ENTITIES FIRST SET OF INTERROGATORIES

### GENERAL OBJECTION

The Defendant, Glenn Chin, objects to the Interrogatories served by the Saint Thomas Entities on the following grounds:

At the initiation of the subject lawsuits, a general stay for discovery, was issued by the United States District Court (MDL) subsequently, the Court entered an order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC insiders and related settling parties.  (See MDL Doc. 1482). Pursuant to that order and the Plan Support and Funding Agreement referenced therein, (MDL Doc. 1106-1), discovery was permitted "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the estate parties or the insider settling parties".  (MDL Doc. 1482).

Following that Order, by the MDL, Mr. Chin, and others, received indictments for activities relating to the manufacture, sale and distribution of MPA.

It is the position of this Defendant, Glenn Chin, that in view of the criminal indictments and the seriousness of those indictments, that the status of the overall situation has changed

dramatically and that Mr. Chin ought to be relieved of responding to discovery without being required to respond and invoke his Fifth Amendment privileges in this civil proceeding.   Mr. Chin is presently considering filing a Motion for Protective Order invoking his right that the discovery stay should be re-imposed, in his favor, given the change of circumstances relative to the recent indictments.

Without waiving his rights and notwithstanding the objections asserted hereto, Mr. Chin responds to the interrogatories as follows:

INTERROGATORY NO. 1

Identify and describe each and every business entity for which you have acted as an officer, director, manager, and/or board member from 2008 to present, and for each business entity, identify and describe the position(s) you hold/have held and the dates in which you held the position.

ANSWER NO. 1

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 2

Identify and describe each and every business entity in which you have had an ownership interest from 2008 to the present, and for each such business entity, identify the percentage(s) and dates(s) of ownership.

ANSWER NO. 2

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 3

Identify and describe your positions, roles and responsibilities with NECC, Ameridose, Alaunus, and MSM from 2008 to the present.

926851.1

ANSWER NO. 3

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 4

Identify the persons between 2008 and 2012 who were responsible at NECC for each of the following tasks:

      a.     monitoring the air pressure in the NECC cleanrooms and taking corrective actions if needed;

      b.     maintaining compliance with USP Chapter 797 with respect to compounding medications;

      c.     cleaning and disinfecting the NECC clean rooms and equipment therein; and

      d.     training or ensuring that NECC pharmacists and technicians were properly trained on how to maintain a sterile environment for compounding sterile, injectable drugs.

ANSWER NO. 4

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 5

Identify the person or persons most knowledge about the procedures or work flow used by the NECC pharmacists to compound MPA.8

ANSWER NO. 5

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 6

Identify every person who compounded MPA at the NECC facility at any point in time between 2011 and 2012.

ANSWER NO. 6

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS *30th* DAY OF *April* 2015

_Glenn Chin_
Glenn Chin

928851.1

AS TO OBJECTIONS:


/s/ Robert H. Gaynor
Robert H. Gaynor
Robert H. Gaynor
BBO# 187620
Sloane and Walsh, LLP
Three Center Plaza, Suite 850
Boston, MA 02108
Phone:          (617) 523-6010
Fax:            (617) 227-0927
e-mail:         RGaynor@sloanewalsh.com

## CERTIFICATE OF SERVICE

I, Robert H. Gaynor, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copiers will be sent to those indicated as non registered participants on May 4, 2015.

/s/  Robert H. Gaynor

_____

Robert H. Gaynor.

926851.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) |
| This Document Relates to All Suits Against Saint Thomas Entities | ) ) ) |

MDL Docket No.:  2419
Dkt No.:  1:13-md-2419-RWZ

### DEFENDANT, GLENN CHIN'S, RESPONSE TO SAINT THOMAS ENTITIES REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTION

The Defendant, Glenn Chin, objects to the Request for Production of Documents served by the Saint Thomas Entities on the following grounds:

At the initiation of the subject lawsuits, a general stay for discovery, was issued by the United States District Court (MDL) subsequently, the Court entered an order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC insiders and related settling parties.  (See MDL Doc. 1482). Pursuant to that order and the Plan Support and Funding Agreement referenced therein, (MDL Doc. 1106-1), discovery was permitted "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the estate parties or the insider settling parties".  (MDL Doc. 1482).

Following that Order, by the MDL, Mr. Chin, and others, received indictments for activities relating to the manufacture, sale and distribution of MPA.

It is the position of this Defendant, Glenn Chin, that in view of the criminal indictments and the seriousness of those indictments, that the status of the overall situation has changed

928745.1

dramatically and that Mr. Chin ought to be relieved of responding to discovery without being required to respond and invoke his Fifth Amendment privileges in this civil proceeding.  Mr. Chin is presently considering filing a Motion for Protective Order invoking his right that the discovery stay should be re-imposed, in his favor, given the change of circumstances relative to the recent indictments.

Without waiving his rights and notwithstanding the objections asserted hereto, Mr. Chin responds to the Document request as follows:

REQUEST NO. 1

All documents referring to or relating to the use of expired or expiring ingredients in any product compounded or manufactured by NECC.

RESPONSE NO. 1

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 2

All documents referring or relating to the failure of any product compounded or manufactured by NECC to meet USP standards and/or guidelines.

RESPONSE NO. 2

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 3

All documents referring or relating to any contaminated product(s), drug(s), compound(s) and/or pharmaceutical(s), which were compounded by NECC.

RESPONSE NO. 3

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

928745.1

REQUEST NO. 4

All documents referring or relating to the 2012 recall of MPA compounded by NECC.

RESPONSE NO. 4

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 5

All documents referring or relating to any actual or proposed regulatory inspection of NECC, Ameridose, or Alaunus.

RESPONSE NO. 5

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 6

All documents referring or relating to any actual or proposed customer inspection of NECC, Ameridose, or Alaunus.

RESPONSE NO. 6

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 7

Each NECC, Ameridose and MSM marketing document, including without limitation marketing materials discussing USP Chapter 797 compliance, environmental monitoring programs, and end-product testing.

RESPONSE NO. 7

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

928745.1

REQUEST NO. 8

All Quality Assurance Report Cards.

RESPONSE NO. 8

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 9

All policies, procedures and training documents, referring or relating to the compounding of MPA at the NECC facility.

RESPONSE NO. 9

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 10

All policies, procedures and training documents referring or relating to the use of clean rooms at the NECC facility, including gowning procedures, use of gloves, use of "tacky mats," and the like.

RESPONSE NO. 10

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 11

All documents referring or relating to the use of fictitious, false or altered expiration dates for products compounded by NECC.

RESPONSE NO. 11

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

4

REQUEST NO. 12

All documents referring or relating to the mixing of stock solutions of different drug lots to fill customer orders for products compounded by NECC.

RESPONSE NO. 12

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 13

All documents referring or relating to the shipment of any product compounded by NECC that was never tested for sterility or for which sterility test results had not yet been received at the time the product was shipped.

RESPONSE NO. 13

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 14

All documents referring or relating to any investigation of contamination in any cleanroom at the NECC facility and/or any product compounded by NECC.

RESPONSE NO. 14

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 15

All documents referring or relating to your representation(s) to the FDA and MBP that NECC dispensed drugs only upon receipt of valid, patient-specific prescriptions.

RESPONSE NO. 15

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

928745.1

REQUEST NO. 16

All documents referring or relating to dispensing drugs based on customer patient lists.

RESPONSE NO. 16

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 17

All documents referring or relating to creating prescriptions based on customer patient lists.

RESPONSE NO. 17

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 18

All documents referring or relating to the number of doses of a prescription to allocate to each person on a patient list submitted by a customer.

RESPONSE NO. 18

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 19

All documents referring or relating to employees who were reprimanded, counseled or terminated in connection with compounding problems, errors or contamination.

RESPONSE NO. 19

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 20

All documents referring or relating to complaints or communications with UniFirst regarding the cleaning services it performed for NECC or Ameridose.

RESPONSE NO. 20

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 21

All documents referring or relating to complaints or communications with Liberty regarding the design, manufacture or installation of the cleanrooms at the NECC facility.

RESPONSE NO. 21

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 22

All documents referring or relating to complaints or communications with Victory regarding the design, manufacture or installation of the clean rooms at the NECC facility.

RESPONSE NO. 22

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 23

All documents referring or relating to complaints or communications with ARL regarding the testing services it performed on products compounded at the NECC facility.

RESPONSE NO. 23

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 24

All documents referring or relating to the design, installation or use of the pass-thru "box" referenced in Exhibit "A."

7

928745.1

RESPONSE NO. 24

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 25

All documents referring or relating to the installation of a conveyor belt at the NECC facility.

RESPONSE NO. 25

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 26

All documents referring or relating to complaints or repair requests concerning the NECC facility.

RESPONSE NO. 26

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 27

All discovery obtained from non-parties to the Litigation, whether through formal or informal discovery requests.

RESPONSE NO. 27

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available to the United States Attorney.

REQUEST NO. 28

All documents discussing or analyzing the different types of business conducted by NECC versus Ameridose.

RESPONSE NO. 28

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 29

All documents referring or relating to safety concerns over any product being compounded at the NECC facility.

RESPONSE NO. 29

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 30

All documents referring or relating to the revocation or potential revocation of your pharmacist license.

RESPONSE NO. 30

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 31

All documents referring or relating to the mislabeling or misbranding of any NECC or Ameridose product.

RESPONSE NO. 31

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 32

All documents referring or relating to the 12.5 liter stock lots of preservative-free MPA 80 mg/ml with lot numbers 05212012@68, 06292012@26, and/or 08102012@51. In particular, produce all documents referring or relating to compounding, sterilizing or attempting to sterilize, testing, labeling, and/or shipping such lots or vials containing MPA from such lots.

9

928745.1

RESPONSE NO. 32

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 33

All documents referring or relating to the creation of prescriptions at the NECC facility by NECC or Ameridose.

RESPONSE NO. 33

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 34

All documents referring or relating to the use of fictitious, false or altered patient names in connection with any product compounded and/or manufactured by NECC and/or Ameridose.

RESPONSE NO. 34

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 35

All documents referring or relating to any boiler leaks.

RESPONSE NO. 35

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 36

All documents referring or relating to the use of unlicensed pharmacists or technicians to compound medications.

928745.1

RESPONSE NO. 36

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 37

All documents referring or relating to the failure of any pharmacist or technician to compound medications in accordance with USP Chapter 797, including without limitation keeping MPA in an autoclave for the proper amount of time.

RESPONSE NO. 37

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 38

All documents referring or relating to whether a particular customer, order, client, or product should be compounded, filled, processed, assigned or sold by and/or through Ameridose versus NECC.

RESPONSE NO. 38

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 39

All documents referring or relating to the relationship between Ameridose and NECC, including without limitation joint marketing efforts, joint e-mail and computer systems, sharing of employees or management, and sharing of office space or clean rooms.

RESPONSE NO. 39

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

11

928745.1

Respectfully submitted,
The Defendant,
Glenn A. Chin
By His Attorney,


/s/ Robert H. Gaynor
Robert H. Gaynor
BBO# 187620
Sloane and Walsh, LLP
Three Center Plaza, Suite 850
Boston, MA 02108
Phone:   (617) 523-6010
e-mail:   RGaynor@sloanewalsh.com

## CERTIFICATE OF SERVICE

I, Robert H. Gaynor, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copiers will be sent to those indicated as non registered participants on May 4, 2015.

/s/  Robert H. Gaynor

Robert H. Gaynor

928745.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No.:  2419 Dkt No.:  1:13-md-2419-RWZ |
| _____ ____ | ) ) | |
| This Document Relates to All Suits Against The Saint Thomas Entities | ) ) ) | |

**DEFENDANT, GLENN CHIN'S, RESPONSE TO SAINT THOMAS ENTITIES
REQUEST FOR ADMISSIONS**

**GENERAL OBJECTION**

The Defendant, Glenn Chin, objects to the Request for Admissions served by the Saint Thomas Entities on the following grounds:

At the initiation of the subject lawsuits, a general stay for discovery, was issued by the United States District Court (MDL) subsequently, the Court entered an order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC insiders and related settling parties.  (See MDL Doc. 1482).  Pursuant to that order and the Plan Support and Funding Agreement referenced therein, (MDL Doc. 1106-1), discovery was permitted "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the estate parties or the insider settling parties".  (MDL Doc. 1482).

Following that Order, by the MDL, Mr. Chin, and others, received indictments for activities relating to the manufacture, sale and distribution of MPA.

It is the position of this Defendant, Glenn Chin, that in view of the criminal indictments and the seriousness of those indictments, that the status of the overall situation has changed

928642.1

dramatically and that Mr. Chin ought to be relieved of responding to discovery without being required to respond and invoke his Fifth Amendment privileges in this civil proceeding.  Mr. Chin is presently considering filing a Motion for Protective Order invoking his right that the discovery stay should be re-imposed, in his favor, given the change of circumstances relative to the recent indictments.

Without waiving his rights and notwithstanding the objections asserted hereto, Mr. Chin responds to the request for admissions:

REQUEST FOR ADMISSION NO. 1

You were a pharmacist at NECC.

RESPONSE NO. 1

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 2

You supervised other pharmacists at NECC.

RESPONSE NO. 2

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 3

You oversaw NECC's production and personnel in the NECC clean rooms.

RESPONSE NO. 3

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

928642.1

REQUEST FOR ADMISSION NO. 4

In 2012, you mixed steroid solutions, including but not limited to MPA, in one or more NECC cleanrooms.

RESPONSE NO. 4.

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 5

Between 2010 and 2013, you instructed one or more employees working at the NECC facility to prioritize production over cleaning and disinfecting.

RESPONSE NO. 5

Please refer to the defendant's general objection. Without waiving the objection, in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 6

Between 2010 and 2013, you instructed one or more employees working at the NECC facility to fraudulently complete cleaning logs.

RESPONSE NO. 6

Please refer to the defendant's general objection. Without waiving the objection, in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 7

Between 2010 and 2013, you instructed one or more employees working at the NECC facility to mislabel medication to indicate it was properly sterilized and tested.

RESPONSE NO. 7

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

928642.1

REQUEST FOR ADMISSION NO. 8

In 2012, NECC and/or MSM salespersons recommended Ameridose to customers who sought compounded drugs that NECC did not have available.

RESPONSE NO. 8

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 9

NECC distributed lots of MPA before receiving the results of sterility testing.

RESPONSE NO. 9

Please refer to the defendant's general objection. Without waiving the objection, the Defendant, Glenn Chin, without waiving the objection and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 10

NECC distributed compounded products directly to facilities for use on patients without requiring a prescription for each dose.

RESPONSE NO. 10

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 11

As a supervisory pharmacist, you were responsible for NECC complying with all MBP rules and regulations.

RESPONSE NO. 11

Please refer to the defendant's general objection. Without waiving the objection, the Defendant, Glenn Chin, without waiving the objection and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

928642.1

REQUEST FOR ADMISSION NO. 12

You represented to the FDA and MBP that NECC only dispensed drugs upon receipt of valid, patient-specific prescriptions.

RESPONSE: NO. 12

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 13

You instructed MSM employees to inform customers that NECC would not include patients' names on the labels affixed to any product compounded and sold by NECC.

RESPONSE NO. 13

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST NO. 14

You used, caused others to use, and/or approved the use of expired ingredients in the compounding of sterile drugs at the NECC facility.

RESPONSE NO. 14

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 15

You permitted an unlicensed pharmacy technician to use your identifying information to deceive regulators so he could work at NECC, including in NECC cleanrooms.

RESPONSE NO. 15

Please refer to the defendant's general objection. Without waiving the objection, nd in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

928642.1

REQUEST FOR ADMISSION NO. 16

Between 2004 and the present, you completed, caused others to complete, or approved completion of written documentation with fictitious expiration dates for products compounded at the NECC facility.

RESPONSE NO. 16

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 17

In 2012, you did not re-evaluate NECC's practices and procedures as required by USP Chapter 797 after you were notified of action-level sampling hits following air sampling performed in at least one cleanroom at the NECC facility.

RESPONSE NO. 17

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order, then the defendant invokes his Fifth Amendment privilege.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF _____May_____ 2015

_____Glenn Chin_____
Glenn Chin

928642.1

AS TO OBJECTIONS:

_____

/s/ Robert H. Gaynor
Robert H. Gaynor
BBO# 187620
Sloane and Walsh, LLP
Three Center Plaza, Suite 850
Boston, MA 02108
Phone:          (617) 523-6010
Fax:            (617) 227-0927
e-mail:         RGaynor@sloanewalsh.com

### <u>CERTIFICATE OF SERVICE</u>

    I, Robert H. Gaynor, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copiers will be sent to those indicated as non registered participants on May 4,  2015

                    */s/  Robert H. Gaynor.*

                           _____

                           Robert H. Gaynor.