UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No.:  2419 Dkt No.:  1:13-md-2419-RWZ |
| ———————————— ——— | ) ) | |
| This Document Relates to Suits Naming the Tennessee Clinic Defendants | ) ) | |

## DEFENDANT, GLENN CHIN'S, ANSWER TO THE TENNESSEE CLINIC DEFENDANTS' FIRST INTERROGATORIES

The Defendant, Glenn Chin, objects to the Interrogatories served by the Tennessee Clinic Defendants on the following grounds:

At the initiation of the subject lawsuits, a general stay for discovery, was issued by the United States District Court (MDL) subsequently, the Court entered an order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC insiders and related settling parties.  (See MDL Doc. 1482). Pursuant to that order and the Plan Support and Funding Agreement referenced therein, (MDL Doc. 1106-1), discovery was permitted "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the estate parties or the insider settling parties".  (MDL Doc. 1482).

Following that Order, by the MDL, Mr. Chin, and others, received indictments for activities relating to the manufacture, sale and distribution of MPA.

It is the position of this Defendant, Glenn Chin, that in view of the criminal indictments and the seriousness of those indictments, that the status of the overall situation has changed dramatically and that Mr. Chin ought to be relieved of responding to discovery without being

925410.1

required to respond and invoke his Fifth Amendment privileges in this civil proceeding. Mr. Chin is presently considering filing a Motion for Protective Order invoking his right that the discovery stay should be re-imposed, in his favor, given the change of circumstances relative to the recent indictments.

Without waiving his rights and notwithstanding the objections asserted hereto, Mr. Chin responds to the interrogatories as follows:

INTERROGATORY NO. 1

Identify and describe each and every business entity for which you have acted as an officer, director, manager, and/or board member from 2008 to present, and for each business entity, identify and describe the position(s) you hold/have held and the dates in which you held the position.

ANSWER NO. 1

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 2

Identify and describe each and every business entity in which you have had an ownership interest from 2008 to the present, and for each such business entity, identify the percentage(s) and dates(s) of ownership.

ANSWER NO. 2

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 3

Identify and describe your positions, roles and responsibilities with NECC, Ameridose, Alaunus, and MSM from 2008 to the present.

925410.1

ANSWER NO. 3

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 4

Identify the persons between 2008 and 2012 who were responsible at NECC for each of the following tasks:

    a.    monitoring the air pressure in the NECC cleanrooms and taking corrective actions
          if needed;

    b.    maintaining compliance with USP Chapter 797 with respect to compounding
          medications;

    c.    cleaning and disinfecting the NECC clean rooms and equipment therein; and

    d.    training or ensuring that NECC pharmacists and technicians were properly trained
          on how to maintain a sterile environment for compounding sterile, injectable
          drugs.

ANSWER NO. 4

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 5

Identify the person or persons most knowledge about the procedures or work flow used by the NECC pharmacists to compound MPA.8

ANSWER NO. 5

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 6

Identify every person who compounded MPA at the NECC facility at any point in time between 2011 and 2012.

ANSWER NO. 6

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATGORY NO. 7

Describe in detail your role at NECC and Ameridose, including job title, job description, and a description of your daily duties and activities in 2011 and 2012.

ANSWER NO. 7

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 8

Describe in detail the steps NECC took to compound, process, stopper, seal, package, and ship methylprednisolone acetate ("MPA") in 2011 and 2012, including but not limited to:

a.      the names of the individuals performing each step;

b.      the job titles for the individuals performing each step;

c.      the specific clean room or location in NECC's facility where each step took place;

d.      the tools, equipment, or machinery used for each step;

e.      any changes to NECC's methods of procedures for compounding MPA, or the location where compounding MPA took place, that occurred in 2011 or 2012.

ANSWER NO. 8

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 9

Identify the total amount of MPA that NECC, and separately Ameridose, produced in each quarter of 2010, 2011, and 2012.

925410.1

ANSWER NO. 9

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 10

Identify the types of vials and closures NECC used for MPA lots numbers 052122012@68, 06292012@26, and 08102012@51 (collectively "Contaminated Lots"), including whether the vials and enclosures were prewashed or pre sterilized, and identify their manufacturer(s) and from whom they were purchased by NECC.

ANSWER NO. 10

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 11

Identify any and all complaints that NECC and Ameridose received related to the sterility or safety of their products, including but not limited to complaints by customers, current and former employees, and state and federal government agencies.

ANSWER NO. 11

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 12

Identify any customers of NECC and Ameridose who performed site visits prior to placing orders with either company.

ANSWER NO. 12

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

925410.1

INTERROGATORY NO. 13

Describe any policies, procedures, or protocols relating to our regarding customer site visits to the NECC facility, including the areas you allowed customers to inspect.

ANSWER NO. 13

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 14

Identify any customers who took the following actions prior to placing orders with NECC or Ameridose:

a. verified whether NECC's quality processes demonstrated that NECC was a reputable and safe supplier of sterile injectable compounds;

b. determined if NECC was an accredited compounding pharmacy;

c. at least once annually, unannounced, visited NECC's corporate offices and compounding facilities and conferred with NECC's corporate, pharmacy, and compounding staff;

d. determined whether NECC had any product liability lawsuits filed against it for preparations compounded;

e. determined whether there had ever been recalls of any of NECC's compounded preparations;

f. evaluated NECC's standard operating procedures and manuals;

g. evaluated NECC's pharmacist technician training;

h. evaluated NECC's policies and procedures for sterility testing;

i. evaluated examples of batch reports for product being considered for outsourcing;

j. evaluated examples of quality-control reports;

k. obtained and evaluated history of the results of all NECC accreditation or regulatory surveys conducted of NECC's sites, including copies of significant regulatory actions;

925410.1

l.      determined if NECC could provide documentation of the end-product testing processes used to determine that compounded sterile preparations are sterile and free of pyrogens and unintended particulate matter;

m.      evaluated whether NECC could assure that each compounded sterile preparation was sterile and free of pyrogens and unintended particulate matter according to professional established and accepted quality monitoring data;

n.      determined whether NECC performed nonviable and viable particle testing in primary engineering controls (e.g. laminar flow workbench, biological safety cabinet) and room air according to USP chapter 797 standards;

o.      determined whether NECC performed routine surface microbiological and fungal environmental monitoring to minimize contamination;

p.      determined whether NECC had a policy that required validation of new or changed facilities, equipment, processes or container types, for sterility and repeatability;

q.      determined whether NECC met ASHP, NIOSH and USP chapter 797 guidelines for handling of hazardous agents;

r.      evaluated NECC's quality management program, specifically as it relates to facility cleaning and validation, staff training, and competency assessment;

s.      evaluated NECC's risk assessment program to ensure that medication errors are not introduced by new or increased outsourced compounding activities; or

t.      determined whether NECC had a history of disciplinary or punitive actions by any regulatory agency.

ANSWER NO. 14

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 15

Describe any information you, NECC, or Ameridose provided to each customer in response to the inquiries identified in the previous interrogatory.

925410.1

ANSWER NO. 15

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 16

Identify any and all complaints NECC or Ameridose received related to their compliance with state or federal laws and regulations, including but not limited to complaints by customers, current and former employees, and state and federal government agencies.

ANSWER NO. 16

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 17

Identify and describe any way in which NECC's clean rooms were modified, altered, or expanded by NECC or Ameridose.

ANSWER NO. 17

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 18

Identify any policies, procedures, or guidelines in place at NECC in 2012 that encouraged employees to disclose mistakes in the compounding process, even if the mistakes necessitated destruction of product or halting production.

ANSWER NO. 18

Please refer to the defendant's general objection.  Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 19

Describe all disciplinary or enforcement action taken against NECC or Ameridose by any state or federal government agency.

925410.1

ANSWER NO 19

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

INTERROGATORY NO. 20

Describe in detail Lisa Conigliaro Cadden's role at NECC in 2011 and 2012.

ANSWER NO. 20

Please refer to the defendant's general objection. Without waiving the objection and in the event that the defendant is not entitled to stay then the defendant invokes his Fifth Amendment privilege.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30th day of April 2015.

_____
Glenn Chin

9

925410.1

AS TO OBJECTIONS:


/s/ Robert H. Gaynor
Robert H. Gaynor
BBO# 187620
Sloane and Walsh, LLP
Three Center Plaza, suite 850
Boston, MA 02108
Phone:  (617) 523-6010
e-mail:  RGaynor@sloanewalsh.com

## CERTIFICATE OF SERVICE

I,  Robert H. Gaynor , hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copiers will be sent to those indicated as non registered participants on May 5, 2015

*/s/ Robert H. Gaynor*

Robert H. Gaynor

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MDL Docket No.:  2419
Dkt No.:  1:13-md-2419-RWZ

This Document Relates to Suits Naming the
Tennessee Clinic Defendants

**DEFENDANT, GLENN CHIN'S, RESPONSE TO THE TENNESSEE CLINIC
DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**

### GENERAL OBJECTION

The Defendant, Glenn Chin, objects to the Request for Production of Documents served by the Tennessee Clinic Defendants on the following grounds:

At the initiation of the subject lawsuits, a general stay for discovery, was issued by the United States District Court (MDL) subsequently, the Court entered an order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC insiders and related settling parties.  (See MDL Doc. 1482). Pursuant to that order and the Plan Support and Funding Agreement referenced therein, (MDL Doc. 1106-1), discovery was permitted "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the estate parties or the insider settling parties".  (MDL Doc. 1482).

Following that Order, by the MDL, Mr. Chin, and others, received indictments for activities relating to the manufacture, sale and distribution of MPA.

It is the position of this Defendant, Glenn Chin, that in view of the criminal indictments and the seriousness of those indictments, that the status of the overall situation has changed

dramatically and that Mr. Chin ought to be relieved of responding to discovery without being required to respond and invoke his Fifth Amendment privileges in this civil proceeding.  Mr. Chin is presently considering filing a Motion for Protective Order invoking his right that the discovery stay should be re-imposed, in his favor, given the change of circumstances relative to the recent indictments.

Without waiving his rights and notwithstanding the objections asserted hereto, Mr. Chin responds to the Document request as follows:

REQUEST NO. 1

All documents referring to or relating to the use of expired or expiring ingredients in any product compounded or manufactured by NECC.

RESPONSE NO. 1

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 2

All documents referring or relating to the failure of any product compounded or manufactured by NECC to meet USP standards and/or guidelines.

RESPONSE NO. 2

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 3

All documents referring or relating to any contaminated product(s), drug(s), compound(s) and/or pharmaceutical(s), which were compounded by NECC.

925415.1

RESPONSE NO. 3

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 4

All documents referring or relating to the 2012 recall of MPA compounded by NECC.

RESPONSE NO. 4

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 5

All documents referring or relating to any actual or proposed regulatory inspection of NECC, Ameridose, or Alaunus.

RESPONSE NO. 5

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 6

All documents referring or relating to any actual or proposed customer inspection of NECC, Ameridose, or Alaunus.

RESPONSE NO. 6

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 7

Each NECC, Ameridose and MSM marketing document, including without limitation marketing materials discussing USP Chapter 797 compliance, environmental monitoring programs, and end-product testing.

925415.1

RESPONSE NO. 7

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 8

All Quality Assurance Report Cards.

RESPONSE NO. 8

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 9

All policies, procedures and training documents, referring or relating to the compounding of MPA at the NECC facility.

RESPONSE NO. 9

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 10

All policies, procedures and training documents referring or relating to the use of clean rooms at the NECC facility, including gowning procedures, use of gloves, use of "tacky mats," and the like.

RESPONSE NO. 10

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 11

All documents referring or relating to the use of fictitious, false or altered expiration dates for products compounded by NECC.

4

RESPONSE NO. 11

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 12

All documents referring or relating to the mixing of stock solutions of different drug lots to fill customer orders for products compounded by NECC.

RESPONSE NO. 12

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 13

All documents referring or relating to the shipment of any product compounded by NECC that was never tested for sterility or for which sterility test results had not yet been received at the time the product was shipped.

RESPONSE NO. 13

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 14

All documents referring or relating to any investigation of contamination in any cleanroom at the NECC facility and/or any product compounded by NECC.

RESPONSE NO. 14

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 15

All documents referring or relating to your representation(s) to the FDA and MBP that NECC dispensed drugs only upon receipt of valid, patient-specific prescriptions.

925415.1

RESPONSE NO. 15

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 16

All documents referring or relating to dispensing drugs based on customer patient lists.

RESPONSE NO. 16

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 17

All documents referring or relating to creating prescriptions based on customer patient lists.

RESPONSE NO. 17

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 18

All documents referring or relating to the number of doses of a prescription to allocate to each person on a patient list submitted by a customer.

RESPONSE NO. 18

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 19

All documents referring or relating to employees who were reprimanded, counseled or terminated in connection with compounding problems, errors or contamination.

925415.1

RESPONSE NO. 19

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 20

All documents referring or relating to complaints or communications with UniFirst regarding the cleaning services it performed for NECC or Ameridose.

RESPONSE NO. 20

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 21

All documents referring or relating to complaints or communications with Liberty regarding the design, manufacture or installation of the cleanrooms at the NECC facility.

RESPONSE NO. 21

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 22

All documents referring or relating to complaints or communications with Victory regarding the design, manufacture or installation of the clean rooms at the NECC facility.

RESPONSE NO. 22

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 23

All documents referring or relating to complaints or communications with ARL regarding the testing services it performed on products compounded at the NECC facility.

RESPONSE NO. 23

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 24

All documents referring or relating to the design, installation or use of the pass-thru "box" referenced in Exhibit "A."

RESPONSE NO. 24

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 25

All documents referring or relating to the installation of a conveyor belt at the NECC facility.

RESPONSE NO. 25

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 26

All documents referring or relating to complaints or repair requests concerning the NECC facility.

RESPONSE NO. 26

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 27

All discovery obtained from non-parties to the Litigation, whether through formal or informal discovery requests.

925415.1

RESPONSE NO. 27

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 28

All documents discussing or analyzing the different types of business conducted by NECC versus Ameridose.

RESPONSE NO. 28

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 29

All documents referring or relating to safety concerns over any product being compounded at the NECC facility.

RESPONSE NO. 29

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 30

All documents referring or relating to the revocation or potential revocation of your pharmacist license.

RESPONSE NO. 30

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 31

All documents referring or relating to the mislabeling or misbranding of any NECC or Ameridose product.

925415.1

RESPONSE NO. 31

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 32

All documents referring or relating to the 12.5 liter stock lots of preservative-free MPA 80 mg/ml with lot numbers 05212012@68, 06292012@26, and/or 08102012@51. In particular, produce all documents referring or relating to compounding, sterilizing or attempting to sterilize, testing, labeling, and/or shipping such lots or vials containing MPA from such lots.

RESPONSE NO. 32

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 33

All documents referring or relating to the creation of prescriptions at the NECC facility by NECC or Ameridose.

RESPONSE NO. 33

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 34

All documents referring or relating to the use of fictitious, false or altered patient names in connection with any product compounded and/or manufactured by NECC and/or Ameridose.

RESPONSE NO. 34

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 35

All documents referring or relating to any boiler leaks.

RESPONSE NO. 35

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 36

All documents referring or relating to the use of unlicensed pharmacists or technicians to compound medications.

RESPONSE NO. 36

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 37

All documents referring or relating to the failure of any pharmacist or technician to compound medications in accordance with USP Chapter 797, including without limitation keeping MPA in an autoclave for the proper amount of time.

RESPONSE NO. 37

All documents referring or relating to the use of unlicensed pharmacists or technicians to compound medications.

REQUEST NO. 38

All documents referring or relating to whether a particular customer, order, client, or product should be compounded, filled, processed, assigned or sold by and/or through Ameridose versus NECC.

RESPONSE NO. 38

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 39

All documents referring or relating to the relationship between Ameridose and NECC, including without limitation joint marketing efforts, joint e-mail and computer systems, sharing of employees or management, and sharing of office space or clean rooms.

11

925415.1

RESPONSE NO. 39

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 40

Produce all correspondence between you and any of the Tennessee Clinic Defendants, their employees, agents, or representatives.

RESPONSE NO. 40

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 41

Produce all correspondence and documents referring or relating to the Tennessee Clinic Defendants' purchase of MPA from NECC in 2011 and 2012.

RESPONSE NO. 41

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 42

Produce all documents produced by the government to you during any civil criminal, or administrative proceedings related to NECC's contaminated MPA.

RESPONSE NO. 42

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 43

Produce all policies, procedures, guidelines, instructions and training documents referring or relating to the compounding of MPA at the NECC facility.

925415.1

RESPONSE NO. 43

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 44

Produce all documents referring or relating to NECC or Ameridose sending sufficient samples, by size or volume, to comply with USP 71 to ARL or any other testing laboratory.

RESPONSE NO. 44

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 45

Produce all documents referring or relating to any sterility, potency, endotoxin, or fungal testing that you received from ARL or any other laboratory related to MPA compounded by NECC or Ameridose in 2011 and 2012.

RESPONSE NO. 45

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 46

Produce all correspondence and documents referring or relating to fungal blooms or growth in or near NECC's clean rooms.

RESPONSE NO. 46

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

13

925415.1

REQUEST NO. 47

Produce all documents referring or relating to any complaints that NECC or Ameridose received related to the sterility or safety of their products, including but not limited to complaints by customers, current or former employees, or state or federal government agencies.

RESPONSE NO. 47

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 48

Produce all documents referring or relating to any complaints NECC or Ameridose received related to their compliance with state or federal laws and regulations, including but not limited to complaints by customers, current or former employees, or state or federal government agencies.

RESPONSE NO. 48

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 49

Produce all correspondence and documents referring or relating to NECC's response to the meningitis outbreak, including but not limited to, steps NECC took to prepare for any inspections of its facility.

RESPONSE NO. 49

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

REQUEST NO. 50

Produce all training and instructional material for sales staff at NECC or MSM.

925415.1

RESPONSE NO. 50

Without waiving the general objection, I am not in possession of any documents other than those which have been previously produced in the course of discovery by the trustee or those documents which have been made available by the United States Attorney.

>
> Respectfully submitted,
> The Defendant,
> Glenn A. Chin
> By His Attorney,
>
>
> /s/ Robert H. Gaynor
> Robert H. Gaynor
> BBO# 187620
> Sloane and Walsh, LLP
> Three Center Plaza
> Boston, MA 02108
> Phone:  (617) 523-6010
> e-mail:  RGaynor@sloanewalsh.com

## CERTIFICATE OF SERVICE

I, Robert H. Gaynor , hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copiers will be sent to those indicated as non registered participants on May 4, 2015

*/s/  Robert  H. Gaynor*

_____
Robert H. Gaynor

925415.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL Docket No.: 2419 Dkt No.: 1:13-md-2419-RWZ |
| _____ ___ | ) ) | |
| This Document Relates to Suits Naming the Tennessee Clinic Defendants | ) ) ) | |

**DEFENDANT, GLENN CHIN'S, RESPONSE TO THE TENNESSEE CLINIC DEFENDANTS' REQUEST FOR ADMISSIONS**

**GENERAL OBJECTION**

The Defendant, Glenn Chin, objects to the Request for Admissions served by the Tennessee Clinic Defendants on the following grounds:

At the initiation of the subject lawsuits, a general stay for discovery, was issued by the United States District Court (MDL) subsequently, the Court entered an order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC insiders and related settling parties. (See MDL Doc. 1482). Pursuant to that order and the Plan Support and Funding Agreement referenced therein, (MDL Doc. 1106-1), discovery was permitted "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the estate parties or the insider settling parties". (MDL Doc. 1482).

Following that Order, by the MDL, Mr. Chin, and others, received indictments for activities relating to the manufacture, sale and distribution of MPA.

It is the position of this Defendant, Glenn Chin, that in view of the criminal indictments and the seriousness of those indictments, that the status of the overall situation has changed dramatically and that Mr. Chin ought to be relieved of responding to discovery without being

required to respond and invoke his Fifth Amendment privileges in this civil proceeding. Mr. Chin is presently considering filing a Motion for Protective Order invoking his right that the discovery stay should be re-imposed, in his favor, given the change of circumstances relative to the recent indictments.

Without waiving his rights and notwithstanding the objections asserted hereto, Mr. Chin responds to the request for admissions:

REQUEST FOR ADMISSION NO. 1

You were a pharmacist at NECC.

RESPONSE NO. 1

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 2

You supervised other pharmacists at NECC.

RESPONSE NO. 2

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 3

You oversaw NECC's production and personnel in the NECC clean rooms.

RESPONSE NO. 3

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 4

In 2012, you mixed steroid solutions, including but not limited to MPA, in one or more NECC cleanrooms.

RESPONSE NO. 4.

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 5

Between 2010 and 2013, you instructed one or more employees working at the NECC facility to prioritize production over cleaning and disinfecting.

RESPONSE NO. 5

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 6

Between 2010 and 2013, you instructed one or more employees working at the NECC facility to fraudulently complete cleaning logs.

RESPONSE NO. 6

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 7

Between 2010 and 2013, you instructed one or more employees working at the NECC facility to mislabel medication to indicate it was properly sterilized and tested.

RESPONSE NO. 7

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 8

In 2012, NECC and/or MSM salespersons recommended Ameridose to customers who sought compounded drugs that NECC did not have available.

RESPONSE NO. 8

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 9

NECC distributed lots of MPA before receiving the results of sterility testing.

RESPONSE NO. 9

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 10

NECC distributed compounded products directly to facilities for use on patients without requiring a prescription for each dose.

RESPONSE NO. 10

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 11

As a supervisory pharmacist, you were responsible for NECC complying with all MBP rules and regulations.

RESPONSE NO. 11

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 12

You represented to the FDA and MBP that NECC only dispensed drugs upon receipt of valid, patient-specific prescriptions.

RESPONSE: NO. 12

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 13

You instructed MSM employees to inform customers that NECC would not include patients' names on the labels affixed to any product compounded and sold by NECC.

RESPONSE NO. 13

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST NO. 14

You used, caused others to use, and/or approved the use of expired ingredients in the compounding of sterile drugs at the NECC facility.

RESPONSE NO. 14

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 15

You permitted an unlicensed pharmacy technician to use your identifying information to deceive regulators so he could work at NECC, including in NECC cleanrooms.

RESPONSE NO. 15

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 16

Between 2004 and the present, you completed, caused others to complete, or approved completion of written documentation with fictitious expiration dates for products compounded at the NECC facility.

RESPONSE NO. 16

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 17

In 2012, you did not re-evaluate NECC's practices and procedures as required by USP Chapter 797 after you were notified of action-level sampling hits following air sampling performed in at least one cleanroom at the NECC facility.

RESPONSE NO. 17

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 18

Admit that you compounded the MPA lots numbered 052122012@68, 06292012@68, and 081020@51 (collectively "Contaminated Lots").

RESPONSE NO. 18

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 19

Admit that you supervised the compounding of MPA lots numbered 052122012@68, 06292012@26, and 08102012@51 (collectively "Contaminated Lots").

RESPONSE NO. 19

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 20

Admit that as a supervising pharmacist, you owed a duty to the Plaintiffs to ensure that NECC's cleanroom was sterile prior to compounding any medications, including MPA in 2012.

RESPONSE NO. 20

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 21

Admit that as a supervising pharmacist, you owed a duty to the Plaintiffs to ensure that the MPA you compounded was sterile before you distributed it to customers.

RESPONSE NO. 21

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 21

Admit that had any of the Tennessee Clinic Defendants asked for a copy of NECC's license in 2011, you would have provided a valid and up-to-date Massachusetts pharmacy license.

RESPONSE NO. 21

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 22

Admit that NECC represented to its customers, including the Tennessee Clinic Defendants, that it met or exceeded USP 797 standards.

RESPONSE NO. 22

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 23

Admit that NECC represented to its customers, including the Tennessee Clinic Defendants, that its products, including MPA, were safe and sterile.

RESPONSE NO. 23

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST NO. 24

Admit that the Massachusetts Board of Pharmacy ("Mass. BoP") inspected NECC on or about May 24, 2011.

RESPONSE NO. 24

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 25

Admit that as a result of its inspection on or about May 24, 2011 the Mass. BoP issued an inspection report documenting its findings.

RESPONSE NO. 25

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 26

Admit that NECC failed to submit a copy of the Mass. BoP's May 24, 2011 inspection report to the Tennessee Board of Pharmacy.

RESPONSE NO. 26

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 27

Admit that the documents attached as Exhibit B are NECC's Logged Formula Worksheets for the Contaminated Lots.

RESPONSE NO. 27

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQEUST FOR ADMISSION NO. 28

Admit that in each Logged Formula Worksheet in Exhibit B, the pharmacist referred to as "GC" is Glenn Chin.

RESPONSE NO. 28

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 29

Admit that the Logged Formula Worksheet for lot 06292012@26, attached as Exhibit B, states that the MPA was autoclaved for twenty (20) minutes at 121 C. and 15 PSI.

RESPONSE NO. 29

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 30

Admit that NECC's Standard Operating Procedures required that the MPA be autoclaved for fifteen (15) minutes at 121 C. and 15 PSI.

RESPONSE NO. 30

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 31

Admit that the Logged Formula Worksheets in Exhibit B state that Joseph P. Connolly was the technician for MPA lots 052122012@68 and 06292012@26.

RESPONSE NO. 31

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 32

Admit that Exhibit C is NECC's General Overview of Policies & Procedures for Compounding Sterile Products.

RESPONSE NO. 32

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 33

Admit that Exhibit C states, in part:

C.    Personnel
     a.    All sterile compounding is performed by properly trained and validated pharmacists *(no* technicians).

RESPONSE NO. 33

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 34

Admit that NECC violated its own standard operating procedures by permitting Joseph Connolly (a technician) to compound two of the three contaminated lots.

RESPONSE NO. 34

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 35

Admit that you owed a duty to NECC's  customers to ensure that NECC's MPA was sterile prior to distributing it.

RESPONSE NO. 35

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 36

Admit that NECC distributed some of the MPA from the Contaminated Lots prior to receiving final sterility, fungal, endotoxin, or potency testing results from its outside laboratory.

RESPONSE NO. 36

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 37

Admit that the documents attached as Exhibit D are reports from Analytical Research Laboratories ("ARL") related to the sterility and endotoxin testing ARL performed on NECC's MPA from the Contaminated Lots.

RESPONSE NO. 37

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 38

Admit that NECC submitted only two 5 mL vials of MPA from each of the Contaminated Lots to ARL for testing.

RESPONSE NO. 38

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST NO. 39

Admit that USP standards for sterility testing required a larger sample size than two 5 mL vials per lot of MPA.

RESPONSE NO. 39

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 40

Admit that USP 797 requires an ISO 5 space for stoppering vials of MPA

RESPONSE NO. 40

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 41

Admit that NECC stoppered the Contaminated Lots in an ISO 7 space.

RESPONSE NO. 41

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 42

Admit that the documents attached as Exhibit E are true and accurate copies of emails you received from Barry Cadden in the normal course of NECC's business.

RESPONSE NO. 42

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST NO. 43

Admit that in the email you received from Barry Cadden on Wednesday, August 10, attached as Exhibit E, Barry Cadden stated, "I am told that the lots for some drugs almost never coincide with the available test data."

RESPONSE NO. 43

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 44

Admit that in the email you received from Barry Cadden on Wednesday, August 10, attached as Exhibit E, Barry Cadden stated, "I was told that we are only testing rarely and dispensing many untested lots."

RESPONSE NO. 44

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 45

Admit that Exhibit F is a true and accurate copy of an email you sent to Barry Cadden on Monday, December 19, 2011.

RESPONSE NO. 45

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSON NO. 46

Admit that the email in Exhibit F was sent in the normal course of NECC's business.

RESPONSE NO. 46

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 47

Admit that in the email attached as Exhibit F, you indicated that you were using "MTX" that had expired in 2007 in NECC's injectable products in 2011.

RESPONSE NO. 47

Please refer to the defendant's general objection.  Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___2 nd___ day of ___May___ 2015.

Glenn Chin

AS TO OBJECTIONS:


/s/ Robert H. Gaynor
Robert H. Gaynor
BBO# 187620
Sloane and Walsh, LLP
Three Center Plaza, suite 850
Boston, MA 02108
Phone:  (617) 523-6010
e-mail:  RGaynor@sloanewalsh.com


## CERTIFICATE OF SERVICE

I,  Robert H. Gaynor , hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copiers will be sent to those indicated as non registered participants on May 4, 2015

*/s/ Robert H. Gaynor*

Robert H. Gaynor