UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(at Boston)

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) Master File No. 1:13-MD-2419-RWZ<br>) MDL Docket No. 2419<br>) This Document Relates To:<br>)   *ALL CASES*<br>)<br>) |

**DEFENDANT GDC PROPERTIES MANAGEMENT, LLC'S MOTION FOR A PROTECTIVE ORDER AND JOINDER IN DEFENDANTS BARRY J. CADDEN, LISA CONIGLIARO-CADDEN, GREGORY CONIGLIARO, CARLA CONIGLIARO, DOUGLAS CONIGLIARO AND GLENN A. CHIN'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH DEPOSITION NOTICES TO THE INVOKING DEFENDANTS**

On April 28, 2015, Defendants Saint Thomas West Hospital f/k/a St. Thomas Hospital, Saint Thomas Health, and Saint Thomas Network (collectively the "St. Thomas entities") served a deposition notice on Defendant GDC Properties Management, LLC ("GDC") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "GDC Deposition Notice"). (*See* MDL Dkt. No. 1809-3.)  Through the GDC Deposition Notice, the St. Thomas entities requested the videotaped testimony of one or more GDC corporate representatives on 13 topics. GDC, however, does not have a witness it can designate in response to the GDC Deposition Notice.

In addition to the GDC Deposition Notice, the St. Thomas entities and certain other co-defendants sought the depositions of Barry J. Cadden, Lisa Conigliaro-Cadden, Gregory Conigliaro, Carla Conigliaro, Douglas Conigliaro, and Glenn A. Chin (collectively the "Invoking Defendants") and several other corporate entities. On May 4, 2015, the Invoking Defendants filed a motion for protective order and motion to quash the deposition notices directed to them. (*See* MDL Dkt. No. 1823.)  In their motion, the Invoking Defendants explained that if forced to testify in these proceedings, they would invoke their Fifth Amendment privileged against self-incrimination in response to every substantive question directed to them, and they explained why

they are entitled to a protective order.  Among the Defendants invoking their Fifth Amendment privilege are the only individuals who are or have been officers, directors, or managing agents of GDC.  As a result, GDC is left without any witness it can designate who would be qualified and willing to testify on its behalf in response to the GDC Deposition Notice.[1]

Just as counsel for the Invoking Defendants participated in a meet and confer with counsel for the St. Thomas entities on April 28, 2015, counsel for GDC participated in that call as well, but the parties also were unable to reach an accord with respect to the GDC Deposition Notice.  Likewise, just as the Invoking Defendants did, GDC also served objections and responses to the written discovery (interrogatories, requests for production, and requests for admission) propounded on it by the St. Thomas entities.  (*See* MDL Dkt. No. 1772.)  In its discovery documents GDC, like the Invoking Defendants, also made it clear that it could not provide substantive responses to the interrogatories and requests for admission because of the Fifth Amendment concerns of the individuals with the knowledge necessary to respond to those requests.[2]  Nonetheless, the St. Thomas entities have refused to withdraw the GDC Deposition Notice.

Accordingly, because GDC has no witness it can designate in response to the GDC Deposition Notice, GDC hereby moves for a protective order.  Additionally, to the extent any witness who otherwise could act as corporate representatives for GDC already has invoked his Fifth Amendment privilege against self-incrimination, GDC specifically joins in and incorporates by reference Defendants Barry J. Cadden, Lisa Conigliaro-Cadden, Gregory

---

[1] The St. Thomas entities also have requested, informally, the deposition of a GDC employee; however, that individual is not authorized to speak on behalf of the company and, if subpoenaed to testify, he also intends to invoke his Fifth Amendment privilege.

[2] Nonetheless, because responding to requests for production is not testimonial in nature, GDC was able to (and did) provide substantive responses to those requests.

Conigliaro, Carla Conigliaro, Douglas Conigliaro and Glenn A. Chin's Motion for Protective Order and Motion to Quash Deposition Notices to the Invoking Defendants.

Dated: May 5, 2015	Respectfully submitted,

*/s/ Joshua A. Klarfeld*
Joseph P. Thomas (OH #0040379)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000/Fax: (513) 698-5001
E-mail: jthomas@ulmer.com

Joshua A. Klarfeld (OH #0079833)
Ulmer & Berne LLP
1660 W.2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7000/Fax: (216) 583-7001
E-mail: jklarfeld@ulmer.com

**Attorneys for Defendant
GDC Properties, LLC**

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on May 5, 2015, using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Joshua A. Klarfeld*