# EXHIBIT 2

## RFAs that seek admissions regarding duty, breach, and causation pertaining to other parties

### RFAs in this Sub-Category
### 4-18, 23-24, 26-28, 75-78

**REQUEST FOR ADMISSION NO. 4:**

NECC and its owners, managers, employees, and agents owed a duty to the Plaintiffs to comply with the recognized standard of acceptable professional practice for compounding or manufacturing MPA and/or to exercise reasonable care when compounding or manufacturing the MPA at issue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

. Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 5:**

NECC and its owners, managers, employees, and agents breached their duty to the Plaintiffs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 6:**

The breach of duty the owed by NECC and its owners, managers, employees and agents to the Plaintiffs was a proximate cause of the Plaintiffs' alleged injuries and damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 7:**

Medical Sales Management, Inc. and/or Medical Sales Management SW, Inc. and their owners, managers, employees, and agents owed a duty to the Plaintiffs to exercise reasonable care when marketing and selling NECC's products, including MPA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 8:**

Medical Sales Management, Inc. and/or Medical Sales Management SW, Inc., and their owners, managers, employees, and agents, breached their duty to the Plaintiffs when marketing and selling NECC's products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 9:**

Medical Sales Management, Inc. and/or Medical Sales Management SW, Inc. and their owners, managers, employees, and agents' breach of their duty to the Plaintiffs was a proximate cause of the Plaintiffs' alleged injuries and damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin*

*Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 10:**

When constructing the cleanroom(s) used to compound the MPA at issue, Liberty Industries, Inc. and its owners, managers, employees, and agents owed a duty to the Plaintiffs to exercise reasonable care when constructing the cleanroom(s).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 11:**

When constructing the cleanroom(s) used to compound the MPA at issue, Liberty Industries, Inc. and its owners, managers, employees, and agents, breached their duty to the Plaintiffs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 12:**

Liberty Industries, Inc. and its owners, managers, employees, and agents' breach of their duty to the Plaintiffs was a proximate cause of the Plaintiffs' alleged injuries and damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 13:**

UniFirst Corporation d/b/a UniClean Cleanroom Services and its owners, managers, employees, and agents owed a duty to the Plaintiffs to exercise reasonable care when servicing NECC's cleanroom(s) used to compound the MPA at issue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 14:**

UniFirst Corporation d/b/a UniClean Cleanroom Services and its owners, managers, employees, and agents breached their duty to the Plaintiffs when servicing NECC's cleanroom(s) used to compound the MPA at issue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 15:**

UniFirst Corporation d/b/a UniClean Cleanroom Services and its owners, managers, employees, and agents' breach of their duty to the Plaintiffs was a proximate cause of the Plaintiffs' alleged injuries and damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 16:**

ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories and its owners, managers, employees, and agents owed a duty to the Plaintiffs to exercise reasonable care when conducting sterility testing on MPA from NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin*

*Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 17:**

ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories and its owners, managers, employees, and agents breached their duty to the Plaintiffs when conducting sterility testing on MPA produced by NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 18:**

ARL Bio Pharma, Inc. d/b/a Analytical Research Laboratories and its owners, managers, employees, and agents' breach of their duty to the Plaintiffs was a proximate cause of the Plaintiffs' alleged injuries and damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 23:**

The FDA's admitted duty is to be "responsible for protecting the public health by assuring the safety, efficacy and security of human and veterinary drugs, biological products, medical devices, our nation's food supply, cosmetics, and products that emit radiation."[3]

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admitted that the link provided by Defendants in the footnote to Request for Admission 23 states that the FDA is "responsible for protecting the public health by assuring the safety, efficacy and security of human and veterinary drugs, biological products, medical devices, our

---

[2] Exhibit A includes four charts from http://www.foia.gov/data.html which generates reports on response time to federal Freedom of Information Act requests. The data is sorted by response time for each agency and fiscal year. The four charts in Exhibit A were generated on the website by narrowing the terms to FDA data for "simple" and "complex" request response time for 2011 and 2012, respectively. Median response time is readily apparent from the chart data.

[3] *See* the FDA's website at: http://www.fda.gov/aboutfda/whatwedo/default.htm.

nation's food supply, cosmetics, and products that emit radiation." To the extent that the Request for Admission is meant to require the Plaintiffs' Counsel to admit that the aforementioned quote establishes a legal duty upon the FDA, denied. Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 24:**

On August 6, 2009, during a speech at the Food and Drug Institute, FDA Commissioner Margaret Hamburg stated:

> When the FDA finds that a firm is significantly out of compliance, we expect a prompt response to our findings. Once the FDA provides inspection findings identifying a serious problem, the firm will generally have no more than fifteen working days in which to respond before the FDA moves ahead with a warning letter or enforcement action. This will help FDA issue warning letters on a timely basis and facilitate prompt corrective action. . . . [T]he FDA will take responsible steps to speed the issuance of warning letters. . . . The FDA is fortunate to have received significant funding increases for the current and next fiscal year that will be devoted to additional inspection and compliance activities that will support the elements of an effective enforcement strategy that I have outlined.[4]

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admit that the linked document contains the quotation contained in RFA 24. Plaintiffs object to this RFA to the extent that it seeks to establish that the quotation establishes a legal

---

[4] http://www.fda.gov/NewsEvents/Speeches/ucm175983.htm; http://oversight.house.gov/wp-content/uploads/2012/06/6-15-2012-report-fdas-contribution-to-the-drug-shortage-crisis.pdf.

- 13 -

duty or breach of that duty on behalf of the FDA because any such RFA would require Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 26:**

The FDA and its officers, employees, and agents owed a duty to the Plaintiffs to exercise reasonable care in regulating NECC, and deciding whether to permit NECC to continue to compound and manufacture medication despite repeated complaints and inspections in the years leading up to 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 27:**

The FDA and its officers, employees, and agents breached their duty to the Plaintiffs in regulating NECC and deciding to allow NECC to continue to compound medication despite repeated complaints and inspections in the years leading up to 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.,* Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin,* 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 28:**

The FDA and its officers, employees, and agents' breach of their duty to the Plaintiffs was a proximate cause of the Plaintiffs' alleged injuries and damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.,* Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin,* 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 75:**

The publicly-stated mission of the Mass. BoP is:

> To promote, preserve, and protect the public health, safety, and welfare by fostering the provision of quality pharmaceutical care to the citizens of Massachusetts through the regulation of the practice of pharmacy, the operation of pharmacies, and the distribution of prescription drugs in the public interest. The Massachusetts Board of Registration In Pharmacy will assume a leadership role in regulating the practice of pharmacy and act in accordance with the highest standards of ethics, accountability, efficiency, effectiveness, and openness.[44]

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Plaintiffs' Counsel attempted to access the link provided in Request for Admission No. 75 but was unable to do so. As a result, Plaintiffs' Counsel cannot admit or deny the Request for Admission as posed. Moreover, to the extent the RFA is meant to establish the Mass. Board of Pharmacy's duty to Plaintiffs in this case, Plaintiffs object to this Request because it requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 76:**

The Mass. BoP and its officers, employees, and agents owed a duty to the Plaintiffs to exercise reasonable care in regulating NECC and deciding whether to allow NECC to continue to compound medication despite repeated complaints and inspections before May of 2012.

---

[44] *See* the Massachusetts Board of Registration in Pharmacy website at: http://www.mass.gov/eohhs/gov/departments/dph/programs/hcq/dhpl/pharmacy/about/about-the-board.html.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 77:**

The Mass. BoP and its officers, employees, and agents breached their duty to the Plaintiffs in regulating NECC and deciding to continue to permit NECC to compound medication despite repeated complaints and inspections in the years leading up to 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 78:**

The Mass. BoP and its officers, employees, and agents' breach of their duty to the Plaintiffs was a proximate cause of the Plaintiffs' alleged injuries and damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin*

*Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).