# EXHIBIT 5

## RFAs that ask for application of the standard of care, or whether a specific act was reasonably foreseeable based on the case-specific facts

### RFAs in this Sub-Category
### 20, 125, 130

**REQUEST FOR ADMISSION NO. 20:**

The recognized standard of acceptable professional practice did not require a potential customer of NECC to submit a federal Freedom of Information Act or Massachusetts Public Records Act request for information regarding NECC prior to purchasing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

- 77 -

**REQUEST FOR ADMISSION NO. 125:**

The ASHP Research and Education Foundation's "Outsourcing Sterile Products Preparation: Contractor Assessment Tool" was developed to assist pharmacy departments in choosing a compounding pharmacy when outsourcing the facility's existing in-house compounding services, but, by its terms, "it does not purport to establish a standard of care."

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Plaintiffs object to this RFA because it requires Plaintiffs to speculate as to why a document was or was not developed. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

Further, to the extent that this RFA is meant to establish the "standard of care" applicable in any claim pending this MDL, Plaintiffs object because any such request would require Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g., Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 130:**

Fungal contamination of MPA purchased from NECC was not reasonably foreseeable to the Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g.*, *Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).