# EXHIBIT 6

**RFAs that ask the PSC to admit various events in NECC's regulatory history as documented in readily-available sources**

## RFAs in this Sub-Category
**47, 49, 51, 53-57, 60-65, 69-72, 81-89**

**REQUEST FOR ADMISSION NO. 47:**

Prior to September 18, 2012, the FDA did not take action against NECC after sending the December 4, 2006, Warning Letter, even though the Warning Letter threatened "additional regulatory action without further notice."

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 49:**

The FDA did not inspect or take action against NECC in response to the adverse event report in Request for Admission 48, despite the FDA's 2006 Warning Letter to NECC stating, "We are especially concerned with the potential microbial contamination associated with splitting Avastin — a single-use, preservative-free, vial — into multiple doses. When used intravitreally [sic] microbes could cause endophtalmitis [sic] which has a high probability for significant vision loss."[23]

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to

---

[22] *See* Exhibit C.
[23] *See* Exhibit C.

respond to an RFA.  *See e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 51:**

The FDA Center for Drug Evaluation and Research ("CDER") decided to inspect NECC as a result of the betamethasone reports and a separate report regarding mesotherapy products.[25]

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).  Plaintiffs further object to this Request to the

---

[24] *See* Exhibit C.
[25] *See* Exhibit C.

extent that it requires Plaintiffs' Counsel to speculate as to why the FDA decided to take action and fails to identify any time frame when any such decision was or was not made.  Any such Request is beyond the requirements of Rule 36.

**REQUEST FOR ADMISSION NO. 53:**

The FDA intended to seek an injunction against NECC if it was still compounding when the inspection referred to in Request for Admission 52 occurred.[27]

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to

---

[26] *See* Exhibit C.
[27] *See* Exhibit C.

respond to an RFA. *See e.g., Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 54:**

CDER's Division of Manufacturing and Product Quality planned to assist with manufacturing and sterility assurance issues during the inspection referred to in Request for Admission 52.[28]

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g., Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 55:**

On October 9, 2008, while discussions within the FDA regarding inspecting NECC were ongoing, the Los Angeles District Office of the FDA received a complaint about a patient

---

[28] *See* Exhibit C.

requiring hospitalization after receiving phosphatidylcholine, a mesotherapy product, from NECC.[29]

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Admit that the Los Angeles District Office received a complaint on October 9, 2008 about a patient requiring hospitalization after receiving phosphatidylcholine from NECC.  As to the admission or denial of any other statement contained in RFA 55, Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 56:**

According to the report referenced in Request for Admission 55, after the initial infusion period, the patient "developed [a] burning sensation" and a "swollen arm and hand." After the patient was discharged, he could not swallow food or liquid, vomited, and urinated blood. He

---

[29] *See* Exhibit C.

was "admitted to an emergency room three more times," and "[t]he physician found blood clots in his arm and hand."[30]

## RESPONSE TO REQUEST FOR ADMISSION NO. 56:

Admitted that Exhibit C contains the above-quotations.  To the extent that this RFA requests that the Plaintiffs' Counsel admit or deny that these events actually took place, Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

## REQUEST FOR ADMISSION NO. 57:

The FDA's New England District Office was informed of the facts described in Requests for Admissions 55-56 on October 16, 2008, and planned to "make sure the investigator follow[ed] up" on the report during the planned inspection of NECC.[31]

---

[30] *See* Exhibit C.
[31] *See* Exhibit C.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Plaintiffs object to this RFA as it is vague in that it is unclear in that the Request does not set forth simply and directly the matters which are to be admitted or denied.  Subject to and without waiving this objection, Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 60:**

The FDA did not perform the follow-up inspection promised in its letter of October 31, 2008, and never returned to inspect NECC until after September 18, 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 61:**

In 2009, the FDA received testing results for the phosphatidylcholine referenced in Requests for Admissions 55-57, confirming the medication was super-potent and displayed signs of degradation.[33]

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by Plaintiffs' Counsel is insufficient to enable Plaintiffs' Counsel to admit or deny this request as the document referenced in the Exhibit cannot be located. Therefore, the information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 62:**

On February 11, 2009, after receiving the testing results described in Request for Admission 61, a New England District compliance officer emailed a number of his colleagues, stating "ODER wants us to immediately (today) go [to] NECC to determine if the firm is willing to recall the Phosphatidyl choline [sic] injection it compounds. The drug is superpotent and not

---

[33] *See* Exhibit C.

approved and should be recalled. We want to determine the batch size, and where distributed. The recall part should be done immediately and can be separate from the inspection."[34]

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Admitted that the quoted email appears in the cited Exhibit C.  To the extent that the RFA requires Plaintiffs' Counsel to admit or deny whether the events cited in the report ever took place, Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 63:**

The recall referred to in Request for Admission 62 did not happen the following day, and, as of February 17, 2009, the FDA had not even informed NECC of the testing results.[35]

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to

---

[34] *See* Exhibit C.
[35] *See* Exhibit C.

enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 64:**

The planned inspection of NECC, which was rescheduled to take place "around March 23, 2009," was postponed for a second time on March 18, 2009, to allow the FDA to broaden the scope of the inspection assignment to establish that NECC was acting as a manufacturer rather than a traditional compounding pharmacy, in anticipation of the FDA having to defend enforcement actions taken against NECC in court, such as the seizure of products or an injunction.[36]

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain

---

[36] *See* Exhibit C.

documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 65:**

Near the end of 2009, the FDA received complaints about NECC's solicitation and distribution of erythromycin without patient-specific prescriptions and NECC's sale of sodium tetradecyl sulfate to a physician in North Carolina for use in treating varicose veins, when there was only one commercially-available product indicated for such treatment.[37]

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

---

[37] *See* Exhibit C.

**REQUEST FOR ADMISSION NO. 69:**

As early as May 11, 2011, the FDA had "determined that NECC was a manufacturer, not a compounding pharmacy."[41]

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 70:**

Less than two weeks later, on May 24, 2011, the Mass. BoP inspected NECC's facility after NECC updated its facility and moved into adjacent space, and the Mass. BoP allowed NECC to continue to compound medications.

---

[41] *See* Exhibit C.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 71:**

On July 16, 2012, the Denver District Office of the FDA again contacted the New England District Office to report that NECC had violated the Colorado Board of Pharmacy's cease and desist order.[42]

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain

---

[42] *See* Exhibit C.

documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 72:**

Prior to September 18, 2012, the FDA took no action against NECC in response to the Denver District Office's report.[43]

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

---

[43] *See* Exhibit C.

**REQUEST FOR ADMISSION NO. 81:**

In 1999, after receiving a report that NECC had violated Mass. BoP regulations by providing blank prescription pads in its solicitations to doctors, the Mass. BoP initiated an investigation, but allowed NECC to continue to compound medication.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

Plaintiffs object to this RFA to the extent that it fails to identify the relevant report to which it was referencing. Plaintiffs' Counsel is not in possession of the referenced report and without such reference cannot admit or deny the request as posed. Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents

within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 82:**

In 2001, after receiving a report from the Idaho Board of Pharmacy that NECC was soliciting business for drug products which should have been discontinued by the manufacturer, the Mass. BoP initiated an investigation of NECC, but allowed NECC to continue to compound medication.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Plaintiffs object to this RFA to the extent that it fails to identify the relevant report to which it was referencing. Plaintiffs' Counsel is not in possession of the referenced report and without such reference cannot admit or deny the request as posed. Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v.*

*Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 83:**

In 2002, after receiving a report from the Nevada Board of Pharmacy that NECC was selling products to physicians in Nevada which were not approved by the FDA, the Massachusetts Board of Pharmacy initiated an investigation of NECC, but allowed NECC to continue to compound medication.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

Plaintiffs object to this RFA to the extent that it fails to identify the relevant report to which it was referencing.  Plaintiffs' Counsel is not in possession of the referenced report and without such reference cannot admit or deny the request as posed.  Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 84:**

Between 2002 and 2004, the Mass. BoP received complaints from the boards of pharmacy for the states of Texas, South Dakota, Iowa, and Wisconsin reporting that NECC was illegally soliciting out-of-state prescriptions for office use, but the Mass. BoP allowed NECC to continue to compound medication.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

Plaintiffs object to this RFA as it is overly broad and unduly burdensome in that it requires Plaintiffs to review all communications from the referenced boards of pharmacy to the Massachusetts Board of Pharmacy during the relevant time period.  Plaintiffs state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

Further, to the extent that this RFA is meant to reference documents referenced in Exhibit C, those documents do not come from the "boards of pharmacy" from the states identified, but rather come from individual pharmacists.  Therefore, to the extent that this is meant to reference those complaints, this RFA is denied.

- 50 -

**REQUEST FOR ADMISSION NO. 85:**

On February 5, 2003, the FDA and Mass BoP held a joint meeting to review NECC's inspection history and to formulate a joint state-federal strategy regarding NECC; the participants decided that the Mass. BoP would be primarily responsible for achieving safe compounding practices at NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

Plaintiffs object to this RFA to the extent that it fails to identify the relevant report to which it was referencing.  Plaintiffs' Counsel is not in possession of the referenced report and without such reference cannot admit or deny the request as posed.  Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 86:**

On April 27, 2004, the FDA and Mass BoP conducted a joint inspection of NECC after receiving two (2) new complaints against NECC. The FDA and Mass BoP allowed NECC to continue to compound medication.

**RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

Plaintiffs object to this RFA to the extent that it fails to identify the relevant report to which it was referencing.  Plaintiffs' Counsel is not in possession of the referenced report and without such reference cannot admit or deny the request as posed.  Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 87:**

On September 23, 2004, the FDA and Mass BoP conducted a joint inspection of NECC after receiving a complaint that NECC was compounding Trypan Blue Dye for use as a capillary stain during ophthalmic procedures, which was not an approved use. The FDA and Mass BoP allowed NECC to continue to compound medication.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

Plaintiffs object to this RFA to the extent that it fails to identify the relevant report to which it was referencing.  Plaintiffs' Counsel is not in possession of the referenced report and without such reference cannot admit or deny the request as posed.  Plaintiffs' Counsel made

reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 88:**

In calendar year 2006, Pharmacy Support, Inc. conducted two (2) independent audits of NECC, both identifying multiple problems at NECC, but the Mass. BoP allowed NECC to continue to compound medication.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

Plaintiffs object to this RFA to the extent that it fails to identify the relevant report to which it was referencing. Plaintiffs' Counsel is not in possession of the referenced report and without such reference cannot admit or deny the request as posed. Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36

does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 89:**

In July 2011, the Mass. BoP was notified that NECC had violated a cease and desist order issued by the Colorado Board of Pharmacy; the Mass. BoP allowed NECC to continue to compound medication.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).