# EXHIBIT 7

**RFAs that ask the PSC to admit information readily available in online governmental sources or other sources provided to the PSC**

## RFAs in this Sub-Category

**21-22, 34, 94, 108, 110, 114-125, 127, 131-140**

**REQUEST FOR ADMISSION NO. 21:**

The median response time by the FDA to federal Freedom of Information Act requests in calendar year 2011 was between 21 and 40 days for "simple" requests, and between 181 and 200 days for "complex" requests.[1]

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is sufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 22:**

The FDA's median response time to federal Freedom of Information Act requests in 2012 was between 141 and 160 days for "simple" requests and between 201 and 300 days for "complex" requests.[2]

---

[1] Exhibit A includes four charts from http://www.foia.gov/data.html which generates reports on response time to federal Freedom of Information Act requests. The data is sorted by response time for each agency and fiscal year. The four charts in Exhibit A were generated on the website by narrowing the terms to FDA data for "simple" and "complex" request response time for 2011 and 2012, respectively. Median response time is readily apparent from the chart data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 34:**

From September 2012 to October 2013, Congress did not pass any laws altering or

expanding the FDA's authority to regulate or inspect compounding pharmacies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Plaintiffs object to this RFA because it is unduly burdensome in that it would require the

Plaintiffs to review every bill passed by Congress during the time period to determine whether

---

[7] http://www.fda.gov/AboutFDA/CentersOffices/OfficeofGlobalRegulatoryOperations
andPolicy/ORA/ORAElectronicReadinpRoom/ucm340853.htm.

they directly or indirectly altered or expanded the FDA's authority to regulate or inspect compounding pharmacies.  This RFA further seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is vague.

**<u>REQUEST FOR ADMISSION NO. 94</u>:**

The FDA issued the corresponding number of Warning Letters in each of the years reflected in the columns below

    a)  1998 — 814

    b)  1999 — 979

    c)  2000 — 1,188

    d)  2001 — 1,366

    e)  2002 — 724

    f)  2003 — 676

    g)  2004 — 716

    h)  2005 — 508

    i)  2006 — 468

---

[46] Review recorded statement attached as Exhibit D.

j) 2007 — 376

k) 2008 — 438

l) 2009 — 572

m) 2010 — 619

n) 2011 — 746

o) 2012 — 733.[47]

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

Plaintiffs object to this Request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence is overly broad, unduly burdensome, and not otherwise discoverable under Rule 26.  To the extent that a response is required, the RFA is denied because the referenced document does not contain the information referenced in RFA 94.

[47] *See* the DHH website at: http://www.hhs.gov/budget/fy2014/fy-2014-budget-in-brief.pdf.

**REQUEST FOR ADMISSION NO. 108:**

The FDA issued Warning Letters to Pfizer, or wholly owned subsidiaries, in July 2007, April 2008, April 2009, April 2010, August, 2011, May 2012, and June 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Plaintiffs object to this RFA in that it fails to sufficiently identify the "wholly owned subsidiaries" referenced in the RFA and therefore the Request is unduly burdensome and overly broad to the extent that it requires Plaintiffs to research every wholly owned subsidiary of Pfizer and review whether any such entity was issues a warning letter in the referenced time.  After making a reasonable inquiry, Plaintiffs are without sufficient information to admit or deny the Request as posed.

**<u>REQUEST FOR ADMISSION NO. 110</u>:**

Compounding pharmacies compound medications for drug companies for use in clinical trials.[56] [57]

---

[55] http://www.fda.gov/safety/recalls/enforcementreports/ucm234282.htm.

[56] FDA Compliance Policy Guidance on Pharmacy Compounding, CPG Sec. 460.200:

> In determining whether to initiate such an action, the Agency will consider whether the pharmacy engages in any of the following acts:
>
> ...
>
> 3. Compounding finished drugs from bulk active ingredients that are not components of FDA approved drugs without an FDA sanctioned investigational new drug application (IND) in accordance with 21 U.S.C. § 355(i) and 21 CFR 312.

**RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

Plaintiffs object to this RFA because it is vague, ambiguous, and does not identify which compounding pharmacies and/or drug manufacturers that compound medications for use in clinical trials.   Subject to and without waiving these objections, Plaintiffs state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  See e.g., *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

---

[57] *E.g.*, http://www.restorehc.com/clinical-trials; http://www.mcguffpharmacy.com/ClinicalTrials/ClinicalTrialsHome.aspx.

**REQUEST FOR ADMISSION NO. 114:**

Ninety-two percent (92%) of a representative sample of acute-care hospitals participating in Medicare used compounded sterile preparations in 2012.[58]

---

[58] Exhibit E.

**RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative sample of acute-care hospitals participating in Medicare." Plaintiffs further object because there is insufficient information available as to determine whether any survey was conducted with a sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession of sufficient information to admit or deny. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 115:**

Seventy-nine-point-four percent (79.4%) of a representative sample of acute-care hospitals participating in Medicare that used compounded sterile preparations outsourced the compounding to a supplier.[59]

---

[59] Exhibit E.

**RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative sample of acute-care hospitals participating in Medicare." Plaintiffs further object because there is insufficient information available as to determine whether any survey was conducted with a sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession of sufficient information to admit or deny. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g., Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 116:**

Sixty-eight-point-one percent (68.1%) of a representative sample of acute-care hospitals participating in Medicare reported that shortages of commercial products were a very important factor when deciding whether to outsource compounded sterile preparations.[60]

---

[60] Exhibit E.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative sample of acute-care hospitals participating in Medicare." Plaintiffs further object because there is insufficient information available as to determine whether any survey was conducted with a sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession of sufficient information to admit or deny. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 117:**

Ninety-point-eight percent (90.8%) of a representative sample of acute-care hospitals participating in Medicare reported that shortages of commercial products was a very important or somewhat important factor when deciding whether to outsource compounded sterile preparations.[61]

---

[61] Exhibit E.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative sample of acute-care hospitals participating in Medicare." Plaintiffs further object because there is insufficient information available as to determine whether any survey was conducted with a sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession of sufficient information to admit or deny. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 118:**

Seventy-six-point-three percent (76.3%) of a representative sample of acute-care hospitals participating in Medicare reported that the need for special products was a very important or somewhat important factor when deciding whether to outsource compounded sterile preparations.[62]

---

[62] Exhibit E.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative sample of acute-care hospitals participating in Medicare." Plaintiffs further object because there is insufficient information available as to determine whether any survey was conducted with a sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession of sufficient information to admit or deny. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 119:**

Eighty-five-point-nine percent (85.9%) of a representative sample of acute-care hospitals participating in Medicare reported that product cost was a very important or somewhat important factor when selecting a particular outside pharmacy to compound sterile preparations.[63]

---

[63] Exhibit E.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119**:

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative sample of acute-care hospitals participating in Medicare." Plaintiffs further object because there is insufficient information available as to determine whether any survey was conducted with a sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession of sufficient information to admit or deny. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 120**:

Following the fungal meningitis outbreak, of the hospitals in the representative sample of acute-care hospitals participating in Medicare that outsourced the compounding of compounded sterile preparations, 83% required compliance with USP 797, 71% reviewed quality reports provided by the outside pharmacy, 27% reviewed quality reports provided by a third party, 22%

conducted onsite visits at the outside pharmacy, and 9% tested the preparations provided by the outsource pharmacy.[64]

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative sample of acute-care hospitals participating in Medicare." Plaintiffs further object because there is insufficient information available as to determine whether any survey was conducted with a sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession of sufficient information to admit or deny. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 121:**

Despite the survey taking place after the 2012 fungal meningitis outbreak, "few hospitals (11 of 236) in [the] sample reported problems with product contamination. . ."[65]

---

[64] Exhibit E.
[65] Exhibit E.

**RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative sample of acute-care hospitals participating in Medicare." Plaintiffs further object because there is insufficient information available as to determine whether any survey was conducted with a sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession of sufficient information to admit or deny. Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

Plaintiffs further object to this Request as it is vague in that the term "after the 2012 fungal meningitis outbreak" is ambiguous. Plaintiffs further object to this Request as the term "the survey" is vague.

**REQUEST FOR ADMISSION NO. 122:**

"Half of all hospitals made changes or planned to make changes to CSP sourcing

practices in response to the fall 2012 outbreak[.] Overall, 56% of hospitals made changes to CSP

sourcing practices in 2012 or plan to make changes in 2013."[66]

**RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

Plaintiffs object to this RFA as it is unlimited in time and Plaintiffs cannot admit or deny

this RFA based on an unlimited timeframe.  Plaintiffs further object to this RFA as overly broad

and unduly burdensome in that it requires Plaintiffs to conduct a survey of a "representative

sample of acute-care hospitals participating in Medicare."  Plaintiffs further object because there

is insufficient information available as to determine whether any survey was conducted with a

sufficient sample to be considered a "representative sample" and Plaintiffs are not in possession

of sufficient information to admit or deny.  Plaintiffs further state that Plaintiffs' Counsel made

reasonable inquiry regarding the matters stated in this request, and the information known or

readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to

admit or deny this request.  The information necessary to respond to this RFA is in the

possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents

within its possession, and such information is insufficient to admit or deny.  Further, Rule 36

does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession

of third parties in order to obtain information necessary to respond to an RFA.  *See e.g., Henry v.

Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and

authorities).

---

[66] Exhibit E.

**REQUEST FOR ADMISSION NO. 123:**

The American Society of Health System Pharmacists ("ASHP") Research and Education Foundation's "Outsourcing Sterile Products Preparation: Contractor Assessment Tool" was not released until June 29, 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

Plaintiffs admit that there is a version of a document entitled, "Outsourcing Sterile Products Preparation: Contractor Assessment Tool" that bears a copyright date of 2011. With regard to when this document was released, Plaintiffs state Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 124:**

The ASHP Research and Education Foundation developed the "ASHP Guidelines on Outsourcing Sterile Compounding Services" to assist health care organizations in choosing a compounding pharmacy when outsourcing the facility's existing in-house compounding services.

- 76 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Plaintiffs admit that the ASHP Foundation "strongly encourages hospitals/health systems to use this tool along with site visits to ensure a comprehensive review of potential sterile products outsourcing organizations. Items that should be closely evaluated during the site visit are indicated throughout the tool."

As to any other statement contained in RFA 124, Plaintiffs object to this RFA because it requires Plaintiffs to speculate as to why a document was or was not developed.  Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 125:**

The ASHP Research and Education Foundation's "Outsourcing Sterile Products Preparation: Contractor Assessment Tool" was developed to assist pharmacy departments in choosing a compounding pharmacy when outsourcing the  facility's existing in-house compounding services, but, by its terms, "it does not purport to establish a standard of care."

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 125</u>:**

Plaintiffs object to this RFA because it requires Plaintiffs to speculate as to why a document was or was not developed.  Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

Further, to the extent that this RFA is meant to establish the "standard of care" applicable in any claim pending this MDL, Plaintiffs object because any such request would require Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs.  *See e.g.*, *Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

---

[67] http://www.ashp.org/DocLibrary/Midyear11/MCM11YellowPages.aspx.

**REQUEST FOR ADMISSION NO. 127:**

ASHP classified Ameridose and NECC as generic pharmaceutical exhibitors at the 46th ASHP Midyear Clinical Meeting & Exhibition.[68]

**RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

---

[68] http://www.ashp.org/DocLibrary/Midyear11/MCM11YellowPages.aspx.
[69] http://www.ashp.org/DocLibrary/SM2011/Exhibitor-Yellow-Pages.aspx.

**REQUEST FOR ADMISSION NO. 131:**

Exhibit F and Exhibit G identify health care providers and facilities that purchased

products from NECC as determined by the FDA in carrying out its authorized activities.

---

[70] http://www.ashp.org/DocLibrary/SM2011/SM11-YellowPages-Web.aspx.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

Admitted that Exhibits F and G are a list of customers that purchased products from NECC as compiled by either the FDA or NECC. As to the remaining allegations, Plaintiffs object to the extent that this RFA requires Plaintiffs to admit to a legal conclusion which is not a permissible use of Rule 36 RFAs. *See e.g.*, *Iantosca v. Benistar Admin Servs., Inc.*, Case No. 08-11785, 2012 U.S. Dist. LEXIS 7896 (D. Mass. 2012); *In re Tobkin*, 578 Fed. Appx. 962 (11th Cir. 2014).

**REQUEST FOR ADMISSION NO. 132:**

The health care providers and facilities identified in Exhibit G purchased the products from NECC in the amounts identified in Exhibit G.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

Admitted that Exhibit G identifies customers that purchased products from NECC as compiled by either the FDA or NECC.

**REQUEST FOR ADMISSION NO. 133:**

Exhibit H identifies health care providers and facilities that purchased MPA from NECC and received product from lots #05212012@68, #06292012@26, and #08102012@51 compounded by NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

Admitted that Exhibit H identifies customers that purchased products from NECC as compiled by the CDC.

**REQUEST FOR ADMISSION NO. 134:**

Exhibits F, G, and H are records and data compilations of public agencies as contemplated by Fed. R. Evid. 803(8).

**RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 135:**

The Plaintiffs' Steering Committee and/or individual Plaintiffs or counsel for individual Plaintiffs used or relied upon Exhibit F and/or Exhibit G to identify or allege that specific health care providers purchased medication from NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

Plaintiffs object to this RFA to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly burdensome, and vague. Plaintiffs further object to the extent that this RFA seeks information that is covered by any applicable privilege.

**REQUEST FOR ADMISSION NO. 136:**

The Plaintiffs' Steering Committee and/or the individual Plaintiffs or counsel for the individual Plaintiffs used or relied upon Exhibit H to identify or allege that specific health care providers purchased medication from NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

Plaintiffs object to this RFA to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly burdensome, and vague. Plaintiffs further object to the extent that this RFA seeks information that is covered by any applicable privilege.

**REQUEST FOR ADMISSION NO. 137:**

Between May 21, 2012, and October 6, 2012, more than 50 health care facilities/providers in Tennessee purchased medication from NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs' Counsel to conduct a survey of facilities/providers in Tennessee that purchased any medication from NECC. Subject to and without waiving this objection, after making a reasonable investigation, Plaintiffs are without sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 138:**

Between May 21, 2012, and October 6, 2012, more than 180 health care facilities/providers in the United States purchased MPA from NECC.[71]

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs' Counsel to conduct a survey of facilities/providers in the entire country that purchased any MPA from NECC.  Subject to and without waiving this objection, Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 139:**

Between May 21, 2012, and October 6, 2012, more than 90 health care facilities/providers in the United States purchased *preservative-free* MPA from NECC.[72]

---

[71] Attached as Exhibit I is a summary of the information from Exhibit G, showing only the health care providers/facilities that purchased methylprednisolone acetate from NECC.

[72] Attached as Exhibit J is a summary of the information from Exhibit G, showing only the health care providers/facilities that purchased preservative-free methylprednisolone acetate from NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs' Counsel to conduct a survey of facilities/providers in the entire country that purchased any preservative free MPA from NECC.  Subject to and without waiving this objection, Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 140:**

Between May 21, 2012, and October 6, 2012, more than 3,000 health care facilities/providers in the United States purchased medication from NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it requires Plaintiffs' Counsel to conduct a survey of facilities/providers in the entire country that purchased any MPA from NECC.  Subject to and without waiving this objection, Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to

admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA. *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

---

[73] *See* Exhibits F and G.