# EXHIBIT 8

**RFAs asking the PSC to admit what information was publicly available prior to the outbreak**

**RFAs in this Sub-Category**
**42, 45, 80**

**REQUEST FOR ADMISSION NO. 42:**

Before September 18, 2012, a search for information regarding NECC on the FDA website would have identified the FDA's 2006 Warning Letter as the only regulatory action by the FDA against NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Plaintiffs object to this Request because it is vague in that it is unlimited time and cannot admit or deny based on the timeframe covered by this RFA. Plaintiffs further object to this Request to the extent that it requires the Plaintiffs to recreate a search that could have been done over two years ago. Plaintiff further objects to this Request because it would require, even if possible, Plaintiffs' Counsel to conduct a search for every day from the time the FDA created its website through September 18, 2012

Subject to and without waiving this objection, Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request. The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny. Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in

order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 45:**

The FDA did not issue a Public Health Alert (or any other specific alert) to health care providers, warning them of the problems at NECC that the FDA identified in the Warning Letter, on December 4, 2006, or on any subsequent date, prior to September 18, 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Plaintiffs' Counsel made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a reasonable inquiry as to the documents within its possession, and such information is insufficient to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or obtain documents within the possession of third parties in order to obtain information necessary to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New York 2003) (collecting cases and authorities).

**REQUEST FOR ADMISSION NO. 80:**

Prior to September 18, 2012, a search on the Mass. BoP website for regulatory actions against NECC, Barry Cadden, Lisa Cadden, and/or Glenn Chin would have revealed no disciplinary actions.[45]

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Plaintiffs object to this Request to the extent that it requires the Plaintiffs to recreate a search that could have been done over two years ago.  Plaintiffs further state that taken literally, this Request requires Plaintiffs' Counsel to search, even if possible, the relevant website for

---

[45] *See* Office of Edward Markey, Compounding Pharmacies, Compounding Risk at pp. 3-4 (Oct. 29, 2012), *available at* http://www.snmmi.org/files/docs/Compounding%20Pharmacies%20-%20Compounding%20Risk%20FINAL_0_1382017898361_1.pdf (last visited Oct. 8, 2014).

- 46 -

every day that it existed prior to September 18, 2012.  Any such Request is unduly burdensome.

Plaintiffs further state that Plaintiffs' Counsel made reasonable inquiry regarding the matters

stated in this request, and the information known or readily obtainable by the Plaintiffs' Counsel

is insufficient to enable the Plaintiffs' Counsel to admit or deny this request.  The information

necessary to respond to this RFA is in the possession of third parties, and Plaintiffs have made a

reasonable inquiry as to the documents within its possession, and such information is insufficient

to admit or deny.  Further, Rule 36 does not impose upon Plaintiffs the duty to investigate or

obtain documents within the possession of third parties in order to obtain information necessary

to respond to an RFA.  *See e.g.*, *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (N.D. New

York 2003) (collecting cases and authorities).