# EXHIBIT 10

## RFAs in which the PSC failed to provide the basis for denials or qualifications of RFAs

**Discovery Requests in this Category**
ROG 1; RFP 1; RFAs 1-2, 39, 41, 66, 67, 107, 113

# ROG

## INTERROGATORIES

1. If the Plaintiffs' response to any of these Defendants' First Requests for Admissions propounded to the Plaintiffs is anything other than an unqualified admission, for each such Request for Admission, state (with identification of the corresponding Request for Admission):

(a) All facts (not opinions) that the Plaintiffs contend support the denial or qualification of the admission.

(b) By Bates number, if applicable, all documents, electronic and/or tape recordings, photographs, oral statements, or any other tangible or intangible thing that supports the denial or qualification of the admission.

(c) The name and address of the custodian of all tangible things identified above.

(d) The name and address of all persons, including consultants and experts, purporting to have knowledge or factual data upon which the Plaintiffs base the denial or the qualification of the admission.

ANSWER:

**Objection. This request is overly broad and unduly burdensome, and it requests information protected by the work product doctrine. These Defendants served 142 requests for admissions. Information supporting any denials of those requests is contained in the PSC's responses to those requests. Those responses are incorporated herein by reference.**

# RFP

1.  If the Plaintiffs' response to any of these Defendants' First Requests for Admissions propounded to the Plaintiffs is anything other than an unqualified admission, for each such Request for Admission, produce (or identify by Bates number(s)), organized by response number, any and all documents, electronic and/or tape recordings, photographs, or any other tangible or intangible thing that supports the Plaintiffs' denial or qualification of the admission, upon which the Plaintiffs base the denial or the qualification of the admission.

    RESPONSE:

    **Objection. This request is overly broad and unduly burdensome, and it requests information protected by the work product doctrine. These Defendants served 142 requests for admissions. Information supporting any denials of those requests is contained in the PSC's responses to those requests. Those responses are incorporated herein by reference.**

# RFAs

**REQUEST FOR ADMISSION NO. 1:**

The Health Care Procedure Coding System ("HCPCS") code, J1040, existed in 2012 for billing third-party payors and/or patients separately for the steroid administered during epidural steroid injections.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted that HSPCS code J1040 existed in 2012 for billing purposes and for providing additional detail about a procedure. Denied to the extent that the RFA implies that the use of such code would indicate and/or lead to a separate payment for the steroid administered during epidural steroid injections.

**REQUEST FOR ADMISSION NO. 2:**

No other HCPCS code existed to bill third-party payors and/or patients separately for the steroid administered during epidural steroid injections.

- 22 -

**REQUEST FOR ADMISSION NO. 39:**

Exhibit C is a majority staff report drafted by the Committee on Energy and Commerce of the U.S. House of Representatives for the 113th Congress entitled "FDA's Oversight of NECC and Ameridose: A History of Missed Opportunities?"

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Denied as phrased as the Request as posed mischaracterized the nature of Exhibit C.

**REQUEST FOR ADMISSION NO. 41:**

The presentations, emails, letters, press announcements, memoranda, drafts, and inspection requests created by governmental employees, including employees of the FDA,

during the ongoing investigation of NECC, cited within <u>Exhibit C</u>, are all records or statements of a public office as contemplated by Fed. R. Evid. 803(8).

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Denied.

**REQUEST FOR ADMISSION NO. 67:**

In September 2010, the FDA received a report that NECC was soliciting sales of an antibiotic during a shortage, along with a number of other products.[39]

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Admit that the FDA received a report in September 2010 that NECC was soliciting sales of an antibiotic during a shortage. Denied as to whether sales were also solicited for a "number of other products."

---

[38] *See* Exhibit C.
[39] *See* Exhibit C.
[40] *See* Exhibit C.

**REQUEST FOR ADMISSION NO. 107:**

Pharmacia and Upjohn, a subsidiary of Pfizer, is an FDA-registered manufacturer of MPA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

Denied as phrased.

**REQUEST FOR ADMISSION NO. 113:**

The report attached as Exhibit E is reliable.[1]

**RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

Denied.

---

[1] Exhibit E is the report from the OIG available online here: http://docs.house.gov/meetings/IF/IF02/20130416/100668/HHRG-113-IF02-20130416-SD101.pdf. (This footnote was not in the original RFA. It has been added for clarification.)

-66-