# EXHIBIT 11

ROGs and RFPs asking for information and documents supporting Plaintiffs' claims against settling Defendants

**ROGs / RFPs in this Category**
ROGs 4, 10; RFPs 3, 5, 6, 8

# ROGs

4. Provide the information required by Federal Rule of Civil Procedure 26(a)(1) for the Plaintiffs' claims against the following parties, even if those claims have been settled or are currently the subject of settlement discussions:

   (a) NECC;

   (b) Barry Cadden;

   (c) Glenn Chin;

   (d) Lisa Cadden;

   (e) Medical Sales Management;

   (f) Medical Sales Management SW;

   (g) Ameridose;

   (h) Gregory Conigliaro;

   (i) Douglas Conigliaro;

   (j) Carla Conigliaro;

   (k) Alaunus Pharmaceuticals;

   (l) GDC Properties Management;

   (m) Victory Mechanical Services/Victory Heating & Air Conditioning; and

   (n) ARL Bio Pharma.

ANSWER:

> **Objection. This Interrogatory is overly broad, unduly burdensome, vague and calls for the production of information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the PSC states**

that Rule 26(a)(1) is limited to the information a party "may use to supports its claims or defenses" against a party. Since claims against the foregoing parties have settled or otherwise resolved, the PSC at this time does not intend to use any such information and will continue to rely on the previously produced Plaintiffs' Steering Committee's Common Initial Disclosures for Cases Pending Against Tennessee Clinics (and any supplementation thereof) to identify the information required by Rule 26(a)(1), and to the extent necessary those disclosures are incorporated herein by reference.

10. Identify and describe in detail the factual basis for the allegation that "GDC maintained a high degree of control over the premises leased by NECC."

ANSWER:

    The PSC objects to this request as it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The allegation as alleged relates to GDC Holdings Inc. and GDC Properties Management LLC's (collectively, "GDC") possible liability under a joint enterprise liability theory. Such an allegation is not

- 9 -

5.  Produce copies of all documents that reflect any claim(s) or complaints (formal or informal) made by the Plaintiffs related to any of the claims of the Master Complaint and/or any individual Complaint or Amended Complaint naming any of these Defendants. (This would include, but is not limited to, any claims against NECC, NECC-related persons or entities, or any state or federal agency, but not complaints in which these Defendants are named parties.).

RESPONSE:

**Plaintiffs object to this request to the extent that it requires the production of documents protected by the attorney-client, work-product, or any other applicable privilege. Plaintiffs further object to the extent that this Request is overly broad and unduly burdensome. Plaintiffs further object to this Request to the extent that it calls for the production of individual-based discovery, as such discovery is not open and will be addressed in accordance with the Court's Common Discovery Order. Plaintiffs further object on the ground that this Request is overly broad and unduly burdensome. For example, taken literally, the Request would require Plaintiffs to produce every complaint and short form complaint and every version of the Master Complaint in this MDL. Any such request is simply unreasonable given that the Saint Thomas Clinic Defendants should readily have access to these materials either through PACER or by service of the same by other means.**

- 13 -

6. Produce copies of all documents, other than those available on the document repositories as of November 1, 2014, sent to or received from the Plaintiffs, counsel for the Plaintiffs, or any representative or agent of the Plaintiffs on the one hand, and any of the following, including any employee, representative, or agent of the following:

   (a) NECC;

(b)  Barry Cadden;

(c)  Lisa Cadden;

(d)  Gregory Conigliaro;

(e)  Douglas Conigliaro;

(f)  Carla Conigliaro;

(g)  Glenn Chin;

(h)  Joseph Connolly;

(i)  Ameridose;

(j)  GDC Properties Management;

(k)  Medical Sales Management;

(l)  Medical Sales Management, SW;

(m)  John Notarianni;

(n)  Mario Giamei;

(o)  Liberty Industries;

(p)  Victory Mechanical Services/Victory Heating & Air Conditioning Co.;

(q)  UniFirst;

(r)  ARL Bio Pharma;

(s)  Scientific Air Analysis;

(t)  Alert Scientific;

(u)  Medisca;

(v)  Professional Compounding Centers of America;

(w)  Pharmacy Support, Inc.;

(x)  United States Food and Drug Administration;

(y)  United States Centers for Disease Control;

(z)  United States Drug Enforcement Administration;

(aa)  Massachusetts Board of Pharmacy;

(bb)  Colorado Board of Pharmacy;

(cc)  Tennessee Board of Pharmacy;

(dd)  Tennessee Department of Health;

(ee)  Any other state board of pharmacy or department of health; and

(ff)  Any additional parties that the Plaintiffs believe are responsible, in whole or in part, for the Plaintiffs' injuries and/or death.

RESPONSE:

**Plaintiffs object to this request to the extent that it requires the production of documents protected by the attorney-client, work-product, or any other applicable privilege. Plaintiffs further object to the extent that this Request is overly broad and unduly burdensome.**

**Plaintiffs further object to the extent that this Request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For example, taken literally, this Request would require the production of email correspondence with the Tennessee Department of Health regarding Plaintiffs' Counsel's attempts to obtain any lists maintained by the Tennessee Department of Health related to the fungal meningitis outbreak, but these informal requests are not reasonably calculated to lead to the discovery of admissible evidence in this case.**

**The PSC further object to this Request to the extent that it calls for the production of individual-based discovery, as such discovery is not open and will be addressed in accordance with the Court's Common Discovery Order.**

**Plaintiffs further object to the extent this Request requires production of documents exchanged as part of the mediation program created by the Mediation Order. The Mediation Order specifically states that any such information exchanged during mediation is confidential and not subject to production. Accordingly, Plaintiffs' Counsel will refuse to produce any documents or information obtained as part of the mediation program in accordance with the clear directives of the Court's Mediation Order.**

8. Produce any formal or informal document request sent to NECC, NECC's Trustee, the Affiliated Defendants, or the National Defendants and identify the documents, by Bates number, that were produced in response to each request and produce any written response or letter the PSC received in response to such requests.

RESPONSE:

The PSC objects to this request to the extent that it requires the production of documents protected by the attorney-client, work-product, or any other applicable privilege. The PSC further objects to the extent that this Request is overly broad and unduly burdensome. The PSC further objects to the extent that this Request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request requires production of documents exchanged as part of the mediation program created by the Mediation Order. The Mediation Order specifically states that any such information exchanged during mediation is confidential and not subject to production. Accordingly, Plaintiffs' Counsel will refuse to produce any documents or information obtained as part of the mediation program in accordance with the clear directives of the Court's Mediation Order.

Subject to and without waiving these objections, the PSC states that responsive documents in its possession, custody, or control, are located on the U.S. Legal Document Repository and the Rust/Omni Document Repository.