# EXHIBIT 12
## ROGS the PSC claims are "contentious"

## ROGs in this Category
2, 3, 8, 11, 13

2.  Does the PSC know of any purchaser or potential purchaser of pharmaceutical products from NECC who performed any of the due diligence the PSC alleges in paragraph 193 of the Master Complaint (reproduced below) was required before purchasing? If so, (1) identify the purchaser or potential purchaser, (2) describe the date of all due diligence, and (3) the content of the due diligence activities, conducted by each purchaser or potential purchaser.

    Paragraph 193 alleges the following due diligence was required:

    a)  verify whether NECC's quality processes demonstrated that NECC was a reputable and safe supplier of sterile injectable compounds;

    b)  determine if NECC was an accredited compounding pharmacy;

    c)  at least once annually, unannounced, visit NECC's corporate offices and compounding facilities and confer with NECC's corporate, pharmacy and compounding staff;

    d)  determine whether NECC had any product liability lawsuits filed against it for preparations compounded;

    e)  determine whether there had ever been recalls of any of NECC's compounded preparations;

    f)  evaluate NECC's standard operating procedures and manuals;

    g)  evaluate NECC's pharmacist technician training;

h) evaluate NECC's policies and procedures for sterility testing;

i) evaluate examples of batch reports for product being considered for outsourcing;

j) evaluate examples of quality-control reports;

k) obtain and evaluate history of the results of all NECC accreditation or regulatory surveys conducted of NECC's sites, including copies of significant regulatory actions;

l) determine if NECC could provide documentation of the end-product testing processes used to determine that compounded sterile preparations are sterile and free of pyrogens and unintended particulate matter;

m) evaluate whether NECC could assure that each compounded sterile preparation was sterile and free of pyrogens and unintended particulate matter according to professional established and accepted quality monitoring data;

n) determine whether NECC performed nonviable and viable particle testing in primary engineering controls (e.g., laminar flow workbench, biological safety cabinet) and room air according to USP chapter 797 standards;

o) determine whether NECC performed routine surface microbiological and fungal environmental monitoring to minimize contamination;

p) determine whether NECC had a policy that required validation of new or changed facilities, equipment, processes, container types, for sterility and repeatability;

q) determine whether NECC met ASHP, NIOSH and USP chapter 797 guidelines for the handling of hazardous agents;

r) evaluate NECC's quality management program, specifically as it relates to facility cleaning and validation, staff training, and competency assessment;

s) evaluate NECC's risk assessment program to ensure that medication errors are not introduced by new or increased outsourced compounding activities; and

t) determine whether NECC had a history of disciplinary or punitive actions by any regulatory agency.

ANSWER:

> Plaintiffs object to this Interrogatory to the extent that it seeks to obtain information from consulting experts or information protected by the work product doctrine. Plaintiffs are not required to disclose the opinion of any consulting or non-disclosed expert witness at this time. Plaintiffs further object to this Interrogatory since it is a contentious Interrogatory and Plaintiffs reserve the right to respond to this Interrogatory when discovery is complete as permitted under Fed. R. Civ. P. 33(a)(2). *See e.g., In re eBay Seller Antitrust Litig.,* Case No. 07-1882 JF, 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008); *McCarthy v. Paine Webber*

- 4 -

*Group*, 168 F.R.D. 448 (D. Conn. 1996); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93 (E.D. Pa. 1992).

3. Identify the source(s) of the information provided in response to Interrogatory 2, including contact information for any individual and the location and Bates number(s) of any documents or electronically-stored information.

   ANSWER:

   **See response number 2 above.**

8.  Identify all compounding pharmacies or FDA-registered manufacturers of Depo Medrol or its generic equivalent that were producing Depo-Medrol or its generic equivalent from January 2011 to October 2012 to support the allegation that these Defendants could and/or should have purchased from another compounder or an FDA-registered manufacturer. For each compounder or manufacturer, identify the timeframe of the availability of the Depo-Medrol or its generic equivalent, the price of the Depo-Medrol or its generic equivalent during the timeframe of availability, and any distributor or supplier

- 7 -

selling the Depo-Medrol or generic equivalent to healthcare providers during the timeframe of availability.

ANSWER:

**Plaintiffs object to this Interrogatory to the extent that it seeks to obtain information from consulting experts or information protected by the work product doctrine. Plaintiffs are not required to disclose the opinion of any consulting or non-disclosed expert witness at this time and will do so in accordance with Rule 26 and the Court's Common Discovery Order. Plaintiffs further object to this Interrogatory since it is a contentious Interrogatory and Plaintiffs reserve the right to respond to this Interrogatory when discovery is complete as permitted under Fed. R. Civ. P. 33(a)(2). *See e.g., In re eBay Seller Antitrust Litig.,* Case No. 07-1882 JF, 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008); *McCarthy v. Paine Webber Group,* 168 F.R.D. 448 (D. Conn. 1996); *Fischer & Porter Co. v. Tolson,* 143 F.R.D. 93 (E.D. Pa. 1992). Plaintiffs object to this Interrogatory in that it requires Plaintiffs to review documents and statements made by Defendants. As such, discovery over the information sought by this Interrogatory can be obtained from some other source that is more convenient, less burdensome, and/or less expensive than requested, namely Defendants can review their own statements or admission in their own documents and from its own employees and agents. Accordingly, the information requested by this Interrogatory is beyond the scope of permissible discovery under Fed. Rule Civ. P. 26(b)(2)(C)(1). *See e.g. DiNapoli v. Int'l Alliance of Theatrical Stage Employees 8,* Civ. Action No. 09-5924, 2011 U.S. Dist. LEXIS 27895, 2011 WL 1004576, at \*7 (E.D. Pa. Mar. 18, 2011).**

Subject to and without waiving these or any other objection, photographs taken by Saint Thomas Clinic in 2012 inside the clinic show storage cabinet drawers stocked with Depo-Medrol made by Pfizer.

11.  Identify all information about NECC that the Plaintiffs contend the Defendants were required to obtain via the allegedly required minimum due diligence and describe in detail where the information was available, the reasonable steps necessary to obtain or locate it, and the basis for the Plaintiffs' belief that the information could have been obtained or located.

ANSWER:

**Plaintiffs object to this Interrogatory since it is a contentious Interrogatory and Plaintiffs reserve the right to respond to this Interrogatory when discovery is complete as permitted under Fed. R. Civ. P. 33(a)(2).** *See e.g.,* ***In re eBay Seller Antitrust Litig.,*** **Case No. 07-1882 JF, 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008);** ***McCarthy v. Paine Webber Group,*** **168 F.R.D. 448 (D. Conn. 1996);** ***Fischer & Porter Co. v. Tolson,*** **143 F.R.D. 93 (E.D. Pa. 1992).**

13.  Identify all persons or entities Plaintiffs believe acted wrongfully and proximately caused or proximately contributed to cause the injuries to the Plaintiffs. For each person or entity, please describe the basis of the belief that they acted wrongfully and caused or contributed to cause the injury.

ANSWER:

> **Plaintiffs object to this Interrogatory to the extent that it seeks to obtain information from consulting experts or information protected by the work product doctrine. Plaintiffs are not required to disclose the opinion of any consulting or non-disclosed expert witness at this time. Plaintiffs further object to this Interrogatory since it is a contentious Interrogatory and Plaintiffs reserve the right to respond to this Interrogatory when discovery is complete as permitted under Fed. R. Civ. P. 33(a)(2). *See e.g.*, *In re eBay Seller Antitrust Litig.*, Case No. 07-1882 JF, 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008); *McCarthy v. Paine Webber Group*, 168 F.R.D. 448 (D. Conn. 1996); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93 (E.D. Pa. 1992).**
>
> **Subject to and without waiving these or any other objection, the PSC relies on the Plaintiffs' Steering Committee's Master Complaint (Dkt. 545) and Plaintiffs' Steering Committee's First Amendment to Master Complaint (Dkt. 832). In addition, discovery in this litigation is in the beginning phases. Only two depositions have been taken in the MDL. Additional discovery is likely to reveal specific facts regarding who acted wrongly and caused Plaintiff's injuries.**