# EXHIBIT 13

## ROG seeking identification of communications with Martin Kelvas

## ROG in this Category
## 7

7.  List each and every communication (including emails, conversations, meetings, memos, etc.) between any STOPNC or Howell Allen employee or former employee, on the one hand, and Martin Kelvas, Carmine Leffler, St. Thomas Hospital, the St. Thomas Hospital pharmacy department, Saint Thomas Health, and/or Saint Thomas Network, on the other hand, regarding compounding pharmacies, acquiring medication from 'compounding pharmacies, NECC (including its agents and representatives), and/or the acquisition of injectable steroids. For each such communication, please specify the parties to the communication, the date of the communication, the mode of the communication, and the content of the communication.

ANSWER:

**Plaintiffs object to this Interrogatory in that it requires Plaintiffs to review documents and statements made by Defendants. As such, discovery over the information sought by this Interrogatory can be obtained from some other source that is more convenient, less burdensome, and/or less expensive than requested, namely Defendants can review their own statements or admission in their own documents and from its own employees and agents. Accordingly, the information requested by this Interrogatory is beyond the scope of permissible discovery under Fed. Rule Civ. P. 26(b)(2)(C)(1). *See e.g. DiNapoli v. Int'l Alliance of Theatrical Stage Employees 8*, Civ. Action No. 09-5924, 2011 U.S. Dist. LEXIS 27895, 2011 WL 1004576, at \*7 (E.D. Pa. Mar. 18, 2011).**