# EXHIBIT 14

**The PSC should be compelled to identify admissions made by these Defendants**

## ROG in this Category
5

5.  Do the Plaintiffs contend that these Defendants, or any agent or employee of these Defendants, made any statement or admission regarding alleged negligence or with respect to any allegation in the Master Complaint and/or any individual Complaint or Amended Complaint? If the answer to this question is anything other than an unqualified "No," describe in detail who made the statement, the content of the statement or admission, the date each statement was made, to whom it was made, and the circumstances surrounding each alleged statement or admission.

ANSWER:

**Plaintiffs object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and vague as the term "these Defendants" is undefined and it is unclear to which Defendants this Interrogatory is intended to apply. Plaintiffs further object to this Interrogatory in that it requires Plaintiffs to review documents and statements made by Defendants. As such, discovery over the information sought by this Interrogatory can be obtained from some other source that is more convenient, less burdensome, and/or less expensive than requested, namely Defendants can review their own statements or admission in their own documents and from its own employees and agents. Accordingly, the information requested by this Interrogatory is beyond the scope of permissible discovery under Fed. Rule Civ. P. 26(b)(2)(C)(1). *See e.g. DiNapoli v. Int'l Alliance of Theatrical Stage Employees 8*, Civ. Action No. 09-5924, 2011 U.S. Dist. LEXIS 27895, 2011 WL 1004576, at \*7 (E.D. Pa. Mar. 18, 2011).**