# EXHIBIT 17
## All disputed RFPs in numerical order

## RFPs 1, 3, 5-6, 8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) **This Document Relates to Suits Naming:** ) ) **All Cases Pending Against Saint Thomas** ) **Outpatient Neurosurgical Center And** ) **Related Defendants** ) | **MDL No. 2419** **Dkt. No. 1:13-md-2419-RWZ** |

**PLAINTIFFS' RESPONSE TO SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC; HOWELL ALLEN CLINIC, A PROFESSIONAL CORPORATION; JOHN W. CULCLASURE, MD; AND DEBRA V. SCHAMBERG, RN, FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFFS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Plaintiffs' Steering Committee hereby responds to the First Interrogatories and Requests for Production Propounded by the Defendants, Saint Thomas Outpatient Neurosurgical Center, LLC ("Saint Thomas Clinic"), Howell Allen Clinic, John W. Culclasure, MD, and Debra V. Schamberg, RN (collectively "Defendants" or "Saint Thomas Clinic Defendants").

### INSTRUCTIONS AND DEFINITIONS AND OBJECTIONS

1. The term "Plaintiffs" shall mean all Plaintiffs who have pending cases against any of the Saint Thomas Clinic Defendants in active cases in the MDL.

2. The term "Plaintiffs' Counsel" shall mean the Tennessee State Chair as designated by Plaintiffs' Steering Committee pursuant to MDL Order No. 2.

3. The term "MDL" shall mean the multidistrict litigation *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL 2419, currently pending before Judge Rya Zobel in the United States District Court for the District of Massachusetts.

1.  If the Plaintiffs' response to any of these Defendants' First Requests for Admissions propounded to the Plaintiffs is anything other than an unqualified admission, for each such Request for Admission, produce (or identify by Bates number(s)), organized by response number, any and all documents, electronic and/or tape recordings, photographs, or any other tangible or intangible thing that supports the Plaintiffs' denial or qualification of the admission, upon which the Plaintiffs base the denial or the qualification of the admission.

RESPONSE:

> **Objection. This request is overly broad and unduly burdensome, and it requests information protected by the work product doctrine. These Defendants served 142 requests for admissions. Information supporting any denials of those requests is contained in the PSC's responses to those requests. Those responses are incorporated herein by reference.**

3.  Produce all documents, photographs, recordings, or any other tangible things obtained from NECC through formal and/or informal discovery.

RESPONSE:

> **Plaintiffs object to this request to the extent that it requires the production of privileged or confidential information. Plaintiffs further object to the extent this Request requires production of documents exchanged as part of the mediation program created by the Mediation Order. The Mediation Order specifically states that any such information exchanged during mediation is confidential and not subject to production. Accordingly, Plaintiffs' Counsel will refuse to produce any documents or information obtained as part of the mediation program in accordance with the clear directives of the Court's Mediation Order. Subject to and without waiving this objection, the documents Plaintiffs' Counsel has obtained from NECC are located on the U.S. Legal Document Repository.**

5. Produce copies of all documents that reflect any claim(s) or complaints (formal or informal) made by the Plaintiffs related to any of the claims of the Master Complaint and/or any individual Complaint or Amended Complaint naming any of these Defendants. (This would include, but is not limited to, any claims against NECC, NECC-related persons or entities, or any state or federal agency, but not complaints in which these Defendants are named parties.).

RESPONSE:

**Plaintiffs object to this request to the extent that it requires the production of documents protected by the attorney-client, work-product, or any other applicable privilege. Plaintiffs further object to the extent that this Request is overly broad and unduly burdensome. Plaintiffs further object to this Request to the extent that it calls for the production of individual-based discovery, as such discovery is not open and will be addressed in accordance with the Court's Common Discovery Order. Plaintiffs further object on the ground that this Request is overly broad and unduly burdensome. For example, taken literally, the Request would require Plaintiffs to produce every complaint and short form complaint and every version of the Master Complaint in this MDL. Any such request is simply unreasonable given that the Saint Thomas Clinic Defendants should readily have access to these materials either through PACER or by service of the same by other means.**

6. Produce copies of all documents, other than those available on the document repositories as of November 1, 2014, sent to or received from the Plaintiffs, counsel for the Plaintiffs, or any representative or agent of the Plaintiffs on the one hand, and any of the following, including any employee, representative, or agent of the following:

   (a)   NECC;

- 13 -

(b)  Barry Cadden;

(c)  Lisa Cadden;

(d)  Gregory Conigliaro;

(e)  Douglas Conigliaro;

(f)  Carla Conigliaro;

(g)  Glenn Chin;

(h)  Joseph Connolly;

(i)  Ameridose;

(j)  GDC Properties Management;

(k)  Medical Sales Management;

(l)  Medical Sales Management, SW;

(m)  John Notarianni;

(n)  Mario Giamei;

(o)  Liberty Industries;

(p)  Victory Mechanical Services/Victory Heating & Air Conditioning Co.;

(q)  UniFirst;

(r)  ARL Bio Pharma;

(s)  Scientific Air Analysis;

(t)  Alert Scientific;

(u)  Medisca;

(v)  Professional Compounding Centers of America;

(w)  Pharmacy Support, Inc.;

(x)  United States Food and Drug Administration;

(y)  United States Centers for Disease Control;

(z)  United States Drug Enforcement Administration;

(aa)  Massachusetts Board of Pharmacy;

(bb)  Colorado Board of Pharmacy;

(cc)  Tennessee Board of Pharmacy;

(dd)  Tennessee Department of Health;

(ee)  Any other state board of pharmacy or department of health; and

(ff)  Any additional parties that the Plaintiffs believe are responsible, in whole or in part, for the Plaintiffs' injuries and/or death.

RESPONSE:

**Plaintiffs object to this request to the extent that it requires the production of documents protected by the attorney-client, work-product, or any other applicable privilege. Plaintiffs further object to the extent that this Request is overly broad and unduly burdensome.**

**Plaintiffs further object to the extent that this Request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For example, taken literally, this Request would require the production of email correspondence with the Tennessee Department of Health regarding Plaintiffs' Counsel's attempts to obtain any lists maintained by the Tennessee Department of Health related to the fungal meningitis outbreak, but these informal requests are not reasonably calculated to lead to the discovery of admissible evidence in this case.**

**The PSC further object to this Request to the extent that it calls for the production of individual-based discovery, as such discovery is not open and will be addressed in accordance with the Court's Common Discovery Order.**

**Plaintiffs further object to the extent this Request requires production of documents exchanged as part of the mediation program created by the Mediation Order. The Mediation Order specifically states that any such information exchanged during mediation is confidential and not subject to production. Accordingly, Plaintiffs' Counsel will refuse to produce any documents or information obtained as part of the mediation program in accordance with the clear directives of the Court's Mediation Order.**

8. Produce any formal or informal document request sent to NECC, NECC's Trustee, the Affiliated Defendants, or the National Defendants and identify the documents, by Bates number, that were produced in response to each request and produce any written response or letter the PSC received in response to such requests.

RESPONSE:

**The PSC objects to this request to the extent that it requires the production of documents protected by the attorney-client, work-product, or any other applicable privilege. The PSC further objects to the extent that this Request is overly broad and unduly burdensome. The PSC further objects to the extent that this Request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request requires production of documents exchanged as part of the mediation program created by the Mediation Order. The Mediation Order specifically states that any such information exchanged during mediation is confidential and not subject to production. Accordingly, Plaintiffs' Counsel will refuse to produce any documents or information obtained as part of the mediation program in accordance with the clear directives of the Court's Mediation Order.**

**Subject to and without waiving these objections, the PSC states that responsive documents in its possession, custody, or control, are located on the U.S. Legal Document Repository and the Rust/Omni Document Repository.**

Dated:  December 23, 2014

Respectfully submitted,

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

## CERTIFICATE OF SERVICE

I, J. Gerard Stranch, IV, hereby certify that I delivered a copy of the foregoing document via U.S. Mail and email to the attorneys listed on the attached sheet.

Dated: December 23, 2014

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV