# EXHIBIT 18

**Letter to the PSC detailing deficiencies in discovery responses and requesting meet and confer**

# GIDEON, COOPER & ESSARY
A PROFESSIONAL LIMITED LIABILITY COMPANY

315 DEADERICK STREET, SUITE 1100
NASHVILLE, TN 37238
(615) 254-0400
FAX (615) 254-0459
www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA VON KANEL
J. BLAKE CARTER[1]
MARK A. HAMMERVOLD[1]
MATT H. CLINE
MATTHEW J. NATHANSON
JEREMY C. CAIN

[1] LICENSED IN TN AND FL
[2] LICENSED IN TN, AL AND TX
[3] LICENSED IN TN AND GA
[4] LICENSED IN TN AND KY
[5] LICENSED IN TN AND WI

April 9, 2015

Matthew H. Cline
Matt@gideoncooper.com

**Via Email Only:** gerards@branstetterlaw.com
J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North
Nashville, TN 37201

***Re: PSC's Responses to Discovery Requests of STOPNC, et al.***

Dear Gerard:

Please allow this letter to serve as our formal request for a "discovery conference," as contemplated by Local Rule 37.1, regarding the deficiencies in the PSC's December 23, 2014, responses to the discovery served by STOPNC, *et al.* and SSC, *et al.* In accordance with LR 37.1, please let us hear from you by April 17. We are available for a meeting or conference call to discuss these issues on April 10 (afternoon only), April 15, April 16, April 22, and April 23. Below, I outline the deficiencies in your discovery responses. While I refer to the STOPNC discovery request numbers, the SSC discovery requests and responses are virtually identical, and the deficiencies are the same.

You lodged an objection to almost every discovery request we served and either refused to answer or offered a non-substantive response. Accordingly, I will not address the issues with each response. Instead, I have categorically addressed the objections you raised and the deficiencies in your responses.

1

## 1) Responses to Requests for Admission

### a) Objections to RFAs as requiring a "legal conclusion"[1]

You objected to more than 30 of our requests for admission on the grounds that they required admission of a legal conclusion. However, our requests do not ask for a purely legal conclusion; they ask you to apply law to fact, which is expressly permitted by FRCP 36(a)(1)(A). Specifically, they request admissions for application of law to the facts of our case. These are proper requests, and your objections are not proper.

For example, several of the requests for admissions seek admissions that various parties and nonparties (1) owed a duty to the Plaintiffs, (2) breached their duty to the Plaintiffs, and (3) caused the Plaintiffs' injuries and damages. These clearly require the application of law to fact – existence of a duty (law) to the Plaintiffs in these circumstances (fact). They do not ask for a purely legal conclusion. As the Notes of the Advisory Committee state, requests for admission of this nature help narrow the issues for trial. And, the examples in the Notes are very similar to the requests for admissions we served (*e.g.*, whether an employee (fact) was acting "within the course and scope of his employment" (law)).

### b) Objections based on information being in the possession of third parties[2]

You objected to more than 50 of our requests for admissions on the grounds that (1) the information requested was in the possession of third parties and (2) you have no obligation to obtain information in the possession of third parties. However, FRCP 36(a)(4) obligates you to make a *reasonable inquiry* and obtain information that is *readily obtainable*. FRCP 36 does not distinguish between readily-obtainable information in a respondent's possession and readily-obtainable information in the possession of third parties. The only inquiry is whether or not the information is readily obtainable.

Furthermore, for the majority of these requests for admissions, (1) we have provided you with the actual document with the source of the information,[3] (2) we have provided you with a citation to the location of the information,[4] or (3) the information is readily obtainable on the internet, if not already in your possession.[5]

Where we provide the source of the information (either directly or via citation) or the information is already in your possession, the information on which you can admit the request is clearly readily obtainable. Objecting to these requests because the information may also be in the possession of third parties is not a proper objection.

---

[1] *E.g.*, RFAs 4-18, 20, 23-24, 26-29, 74-79, 90-92, 125, 130-131.
[2] *E.g.*, RFAs 21-22, 42, 45, 47, 49, 51, 53-57, 60-65, 69-73, 80-89, 94-95, 101, 108, 110, 114-125, 127, 134, 137-140.
[3] *E.g.*, the lists of NECC customers published by the FDA.
[4] *E.g.*, the website that allows you to calculate the average length of time required for a response to a FOIA request.
[5] *E.g.*, the documents posted online in late 2012 by the Mass. Board of Pharmacy regarding NECC.

2

c) <u>Qualified admissions</u>[6]

Of the ~35 requests for admissions that you admitted, you qualified your admission in ~31 of the responses. For the vast majority of the qualified admissions, you qualified the admission by stating that a document or website contained the factual statement in the request. Basically, we need to know whether these facts are actually in dispute.[7]

Likewise, you limited your admission for several requests to admit. We need to know whether those facts are truly in dispute. For example:

- RFA 123 – Are you disputing that the ASHP Contractor Assessment Tool was released on June 29, 2011? The ASHP released a press statement on June 29, 2011, when it released the tool. Here is the link: http://www.ashpfoundation.org/MainMenuCategories/ProgramNews/PressRoom/2011-Press-Releases/SterileProductsTool.aspx. Your response is not clear as to whether you are actually disputing this rather straightforward fact.

- RFAs 95, 101 – Are you disputing that Teva and Sandoz manufactured MPA? Both Teva and Sandoz have produced manufacturing and sales data for MPA in response to subpoenas we issued in this litigation, and we provided that data to you months ago. Again, your response is not clear as to whether you are actually disputing this rather non-controversial fact.

d) <u>Other miscellaneous objections</u>

For RFA 25, you denied that FDA Commissioner Hamburg's statements are records or statements of a public office as contemplated by Fed. R. Evid. 803(8). As basis for your objection, you state that "the document is not a record within the meaning of Fed. R. Evid. 803(8)." First, we have not asked that you admit that the <u>document</u> containing the quoted language is a statement within the meaning of 803, only the <u>statement</u> of Commissioner Hamburg. Second, Commissioner Hamburg's statement "sets out the [FDA's] activities," clearly fitting the definition of a public record in 803(8). Your denial is misplaced. Please reconsider.

---

[6] *E.g.*, RFAs 23-24, 33, 35-38, 56, 62, 94, 96-106, 109, 123, 126-129, 131-134.
[7] *I.e.*, is the PSC contesting the number of compounding pharmacies inspected by the FDA between September 2012 and October 2013? *See* RFA 33.

3

For RFAs 135 and 136 pertaining to the FDA and CDC lists of NECC customers, whether the PSC or individual Plaintiffs' counsel relied on the lists to allege that specific health care providers purchased from NECC is relevant to whether or not the lists are trustworthy and admissible under Fed. R. Evid. 803(8)(B) or 807. The PSC cannot simultaneously claim that these lists are not trustworthy and inadmissible but seek to rely on them for affirmative allegations at the same time. As with the other facts in our requests to admit, we simply need to know whether you dispute that the customers on the lists actually purchased the medications listed. Having to prove this simple fact seems like an enormous waste of time.

## 2) Responses to Interrogatories and Requests for Production

### a) Failure to provide basis for denials of RFAs[8]

Our first interrogatory and request for production request that you identify the basis for any denial or qualification of your admission in your responses to our RFAs. However, you failed to do so for several of your responses. Please supplement your responses with this information.

### b) Information supporting the Plaintiffs' claims against settling parties[9] [10]

Several of our interrogatories and requests for production seek information regarding the Plaintiffs' claims against the settling Affiliated and National Defendants. There should be no real dispute that this information is discoverable. First, at this point, the claims against those parties have not yet been dismissed. Therefore, the information is directly relevant to the claims of the complaints. Second, it is relevant to our defenses.[11] We cannot be expected to try these cases unless and until we are on equal footing with the PSC in terms of information and documents from the other parties the Plaintiffs sued. For example, we learned for the first time at the March status conference that the PSC has had ~28,000 documents from ARL for *two years*, but did not make those documents available to us.[12] This information is discoverable. Please respond to these interrogatories and requests for production.

---

[8] *E.g.*, RFAs 1-3, 39, 41, 66, 67, 107, 113.
[9] *E.g.*, ROGs 4, 10.
[10] *E.g.*, RFPs 3, 5, 6, 8.
[11] Frankly, it would seem to be in the PSC's best interests to provide this information to us if the PSC truly wants to prepare these cases for trial in a timely manner.
[12] If the PSC believes some or all of these documents are privileged, it should produce a privilege log as required by MDL Order No. 9.

Relatedly, we have asked for the document requests sent to the settling Defendants and the Defendants' responses to help us understand what has (and has not) been produced by these parties. Your response referred us to the document repository, but the repository <u>does not</u> contain the document requests or the responses from the producing party identifying what is being produced.[13] Please produce the document requests and responses.

c) <u>Contention interrogatories</u>[14]

You objected to several of our interrogatories on the grounds that they are "contention" interrogatories. First, interrogatories are not objectionable simply because they ask for an opinion or contention that relates to the facts of the case or the application of law to facts. Regardless, we disagree that they are contention interrogatories that cannot be answered now. We are simply asking for the factual basis for the allegations of the complaint. If your position remains that you should not answer these until some later time, you should file a motion for a protective order explaining why. Otherwise, the PSC should answer these interrogatories. We are entitled to explore the factual basis for the allegations against our clients, and the time for doing so is now, during common discovery.

d) <u>Admissions and conversations with Martin Kelvas</u>[15]

Finally, you objected to our interrogatories requesting that you identify (1) any admissions made by our clients and (2) any conversations with Martin Kelvas.

You objected to the interrogatory requesting identification of admissions, in part, because "these Defendants" was undefined. However, that term is defined in the first paragraph of the discovery requests. And, I think it is hardly disputed whom "these Defendants" was referring to. This objection is frivolous.

Your main objection to these two interrogatories seems to be that this information is already in our possession. However, we are not aware of any admissions. And, we are not aware of any conversations between our clients and Martin Kelvas, as you know from our response to the identical interrogatory served on our clients. Hence, we served the same interrogatory to determine whether the PSC is aware of any such conversations. There should be little dispute over whether this information is discoverable, and the interrogatory requesting information regarding admissions is a standard interrogatory served (and responded to) in virtually every case. Your objection is improper.

\* \* \* \* \* \* \*

---

[13] *E.g.*, presumably, the PSC sent a request to the Trustee for certain categories of documents, and we presume the Trustee sent a cover letter or something similar with each document production identifying what was being produced. These requests and responses are not on the repository.
[14] *E.g.*, ROGs 2, 8, 11, 13.
[15] *E.g.*, ROGs 5, 7.

5

Again, we are available for a meeting or conference call to discuss these issues on April 10 (afternoon only), April 15, April 16, April 22, and April 23. Please let us hear from you by April 17. During the meet and confer, we anticipate going through each deficient discovery response to determine whether you are willing to remedy the deficiency, or whether we need to file a motion to compel, similar to the process used during the meet and confer(s) regarding our discovery responses.

Thank you.

Sincerely,

/s/ **Matthew H. Cline**
Matthew H. Cline

Cc: Ben Gastel, George Nolan, Mark Chalos, Yvonne Puig, James Rehnquist, Roberto Braceras.