# EXHIBIT 19

**Response letter from PSC re: deficiencies in discovery responses and meet and confer**

BRANSTETTER, STRANCH & JENNINGS, PLLC
ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE: (615) 254-8801 ~ FACSIMILE: (615) 250-3937

CECIL D. BRANSTETTER, SR., 1920-2014
R. JAN JENNINGS *
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
RAQUEL L. BELLAMY
KARLA M. CAMPBELL
BEN GASTEL *
SEAMUS T. KELLY
K. GRACE STRANCH

OF COUNSEL:
ROBERT E. RICHARDSON, JR. **

\* ALSO ADMITTED IN GA
\*\* ONLY ADMITTED IN OH

May 1, 2015

**VIA ELECTRONIC MAIL**

Matthew H. Cline
Gideon Cooper & Essary, PLC
315 Deaderick St., Suite 1100
Nashville, Tennessee 37238

   Re: In Re: Meningitis Litigation; MDL No. 2419

Matt,

  This letter is meant to reply to your April 9, 2015 letter. We are open to a meet and confer, as Gerard Stranch stated in an earlier email, on May 6 or May 7.

  Response to Requests for Admission

  1.a Objections to RFAs as requiring a "legal conclusion"

  We disagree that the requests in which we have objected based on them calling for a legal conclusion are the blended questions of law or fact that require a substantive response. For example, you claim that your request that a nonparty "owed a duty to the Plaintiffs" is a blended question of law or fact. Tennessee law on this point, however, holds otherwise. Biscan v. Brown, 2003 Tenn. App. LEXIS 875, 1 (Tenn. Ct. App. Dec. 15, 2003) ("That is because the existence of a duty is a question of law to be determined by the court.). To the extent that you have case law supporting your position that the questions you ask do not call for a legal conclusion, we are happy to consider those, but based on your letter, we simply disagree that the questions posed do not require the PSC to admit or deny a legal conclusion.

  1.b Objections Based on Information Being In The Possession Of Third Parties

  To clarify our objections, we believe that to the extent that the response requires the PSC to obtain information from third parties, then we do not believe that a reasonable inquiry would require us to obtain this information from third parties. See e.g. Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73 (N.D. New York 2013 (collecting cases). For example, Requests 21 and 22 require the PSC to admit or deny the average response time for a FOIA request by the FDA for a

*Letter to Matt Cline*
*May 1, 2015*
*Page 2*

calendar year. This information is in the possession of the FDA and the PSC is not required to subpoena or depose the FDA to obtain this information. Generally speaking the type of information you request in your RFAs requires the PSC to obtain information from third parties and therefore the PSC does not believe that this information is readily obtainable as that term is used in Rule 36.

Obviously if you disagree and believe that you provided the information necessary to admit or deny the requests, the PSC is willing to reconsider its objection.

1.c Qualified Admissions

We disagree with your characterizations that we have qualified our admissions in 31 of the responses. We have adequately answered the requests for admission that you posed. For example, you identify that our response in RFA 123 is inadequate because it is not an outright admission. The PSC simply does not have the information at its hands to admit or deny the precise date upon which ASHP released the contractor tool and Rule 36 does not require us to obtain this information from ASHP. We have attempted to answer the question in good faith with the information we do have readily accessible and after making a reasonable inquiry. We have attempted to do that for these responses but more often then not your RFAs simply ask the PSC to admit or deny facts that relate to information that is beyond the possession of the PSC and we disagree with your attempts to impose upon the PSC the obligations to make an investigation for the benefit of your case. Rule 36 does not require that and your attempts to use these RFAs in that manner is not in accordance with the Federal Rules of Civil Procedure.

With that being said, if you believe that there is information the PSC has overlooked in our responses the PSC is willing to reconsider its responses.

1.d Other Miscellaneous Objections

With regard to RFP 25, we will stand by our denial as we do not think your RFA properly characterizes the statement of the FDA Commissioner.

With regard to RFPs 135 and 136 simply seek improper information and not in accordance with Rule 36, whether the PSC relied upon these documents in course of its investigation is irrelevant to claims in this litigation and would seek information that is protected by the Work-Product Privilege. We will stand by our objections.

Responses to Interrogatories and Requests for Production

2.a Failure To Provide Basis for Denials of RFAs

If you have a specific RFA to which you believe the PSC's response is inadequate, please identify that RFA and the PSC will consider supplementing its responses.

*Letter to Matt Cline*
*May 1, 2015*
*Page 3*

2.b and c Information Supporting the Plaintiffs' claims against settling parties and Contentious Interrogatories

I am confused by your request claim that we have no responded to certain interrogatories. You identify interrogatory no. 4 and 10 in this set. Interrogatory no. 4 requests us to produce the Rule 26(a) (i.e. initial disclosure) information for the identified persons and entities. Rule 26(a) is limited to the information the PSC intends to use at trial against these persons and entities. At the time we served the interrogatories and as of now, the PSC does not intend to use any information concerning the persons and entities you identified and therefore our response is complete. With regard to Interrogatory 10, as we stated, this interrogatory is clearly a contentious interrogatory and under the Federal Rules we are permitted to respond to these issues at the close of discovery and we have elected that right.

If for some reason you have a different reading of Rule 26(a) and/or our right to respond to contentious interrogatories at the close of discovery, please advise and provide case law supporting your position and the PSC may consider supplementing these responses.

2.d Admissions and Conversations with Martin Kelvas

With regard to the definition of "these Defendants," thank you for the clarification of the term and to the extent that the PSC supplements the responses we will keep this definition in mind.

With regard to our objections, taken literally, your request would require the PSC to review and identify virtually every document you produced in this litigation since every such document is conceivably relevant (based on the fact that you produced it) to "any allegation in the Master Complaint and/or individual Complaint or Amended Complaint" as phrased in your interrogatory. The Federal Rules of Civil Procedure simply do not require the PSC to cull and identify every such statement from the documents you produced because of this simple fact: you can read those documents too. Therefore, the request is patently over broad and unduly burdensome. If you want to consider narrowing the scope of this interrogatory to a universe that is consistent with the Federal Rules of Civil Procedure, the PSC may consider supplementing its response.

Similarly, your request for the identification of such statements between the Saint Thomas Clinic and the various employees and agents of Saint Thomas Health and/or Hospital is similarly overbroad and unduly burdensome. Taken literally we would have to review every document in this litigation to determine whether one is responsive to this request. You can just as easily review those documents to determine if they are responsive to this request. If you want to consider narrowing the scope of this interrogatory to a universe that is consistent with the Federal Rules of Civil Procedure, the PSC may consider supplementing its response.

*Letter to Matt Cline*
*May 1, 2015*
*Page 4*

      The PSC is open to further meeting and conferring with you consistent with the above. Please let us know if May 6 or 7 will work for you or some other time.

                                Warmest Regards,

                                BENJAMIN GASTEL

BAG/lrm

cc:    Rick Ellis
        Mark Chalos