UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(at Boston)

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) Master File No. 1:13-MD-2419-RWZ<br>) MDL Docket No. 2419<br>) **This Document Relates To:**<br>)    *ALL CASES*<br>)<br>) |

**MEMORANDUM IN SUPPORT OF STEVEN HIGGINS'S MOTION FOR A
PROTECTIVE ORDER AND MOTION TO QUASH OR MODIFY THE SUBPOENA**

**I.    INTRODUCTION**

Pursuant to Rules 26(c) and 45(d)(3) of the Federal Rules of Civil Procedure, non-party Steven Higgins hereby moves for entry of an Order quashing the subpoena directed to him and forbidding Defendants Saint Thomas West Hospital f/k/a St. Thomas Hospital, Saint Thomas Health, and Saint Thomas Network (collectively the "St. Thomas entities") from taking his deposition. In the alternative, Mr. Higgins requests an Order requiring any deposition of him to be conducted by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure.

Mr. Higgins, a non-party employee of Defendant GDC Properties Management, LLC ("GDC"), is the latest in a long line of witnesses whose depositions have been requested by the St. Thomas entities and other similarly-situated defendants. In addition to a deposition of GDC, depositions also have been requested of several individuals who have invoked their Fifth Amendment privilege against self-incrimination, including Barry J. Cadden, Lisa Conigliaro-Cadden, Gregory Conigliaro, Carla Conigliaro, Douglas Conigliaro, and Glenn A. Chin (the "Invoking Parties"). Most of the Invoking Parties are defendants in a parallel criminal proceeding, and the Invoking Parties have filed a motion for protective order (the "Invoking Parties' Motion"). (*See* MDL Doc. No. 1823.) (GDC also filed a motion for protective order and joined in the Invoking Parties' Motion (*see* MDL Doc. No. 1826).) Like the Invoking

Parties, Mr. Higgins also intends to invoke his Fifth Amendment privilege against self-incrimination in the event he is required to testify.  For the same reasons addressed in the Invoking Parties' Motion, and as explained in more detail below, Mr. Higgins likewise moves to quash the subpoena directed to him, and he expressly joins in and incorporates here by reference the Invoking Parties' Motion.

## II.   BACKGROUND

The St. Thomas entities have issued a subpoena to Mr. Higgins, requesting his attendance at a videotaped deposition on June 8, 2015.  During the meet and confer process, counsel for Mr. Higgins informed counsel for the St. Thomas entities that, if required to testify, Mr. Higgins would invoke his Fifth Amendment privilege against self-incrimination in response to each substantive question other than his name and address.  (*See* Email Chain between Mr. Schramek and Mr. Klarfeld, attached as Exhibit 1.)  Given that Mr. Higgins is not even a party to this lawsuit, and that he would invoke the Fifth Amendment in response to each substantive question posed at a deposition, counsel for Mr. Higgins proposed having the deposition conducted by written questions pursuant to Fed. R. Civ. P. 31.  That alternative would have provided the St. Thomas entities with an opportunity to depose Mr. Higgins in a manner that is far less intrusive, embarrassing, and oppressive, and one that is less likely to be prejudicial to Mr. Higgins, particularly given that his responses to all substantive questions will be an invocation of the Fifth Amendment.  The St. Thomas entities rejected that proposal, and expressly refused to offer a counterproposal or compromise of any kind.  (*See id.*)

As articulated more fully below, the First Circuit has concluded that a defendant does not have a "right to bring [a codefendant] before the jury solely to have him claim the Fifth Amendment."  *See United States v. Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973).  How much more so for a non-party like Mr. Higgins.  *See In re Bextra & Celebrex Mktg. Sales Practices &*

*Prod. Liab. Litig.*, 249 F.R.D. 8, 15 (D. Mass. 2008) (recognizing that a witness's status as a non-party, and the concern of unduly burdening a non-party, are important factors in balancing the interests at issue in a motion to quash a subpoena). Moreover, the First Circuit recognizes that where, as here, "a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand." *Johnson*, 488 F.2d at 1211. Given that the St. Thomas entities have been informed that Mr. Higgins will invoke the Fifth Amendment "to essentially all questions," (i.e., other than his name and address), it is wholly unnecessary and essentially harassment to require him to appear for a deposition, solely to have him invoke his constitutional rights on video.

To protect Mr. Higgins from the harassment and oppressive burden that would be caused by requiring him to participate in such a wasteful exercise, which also runs the risk of creating criminal exposure, Mr. Higgins requests that the Court enter an Order quashing the subpoena and forbidding the St. Thomas entities from taking his deposition or, in the alternative, requiring any deposition of Mr. Higgins to be conducted by written questions.

**III.   ARGUMENT**

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c)(1). Among other things, the Court may issue a protective order "(A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; [and] (D) forbidding inquiry into certain matters…." *Id*.

3

Further, pursuant to Federal Rule 45(d)(3), the Court "must quash or modify a subpoena that…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). A subpoena should be quashed when the information sought might "possibly have a tendency to incriminate" the deponent or witness. *See de Antonio v. Solomon*, 42 F.R.D. 320, 323-24 (D. Mass. 1967).

Although the St. Thomas entities apparently believe they have an absolute right to conduct a videotaped deposition of Mr. Higgins, Rule 30(d)(3)(B) of the Federal Rules of Civil Procedure "expressly contemplates that the Court may order otherwise." *Posr v. Roadarmel*, 466 F. Supp. 2d 527, 531 (S.D.N.Y. 2006); *see also* Fed. R. Civ. P. 30(d)(3)(B) ("The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c)"); *DeLuca v. Gateways Inn, Inc.*, 166 F.R.D. 266, 267(D. Mass. 1996) (protective order allowed to prevent embarrassment or intimidation of plaintiff at deposition of non-party witness); *Digital Equipment Corp. v. System Industries, Inc.*, 108 F.R.D. 742, 744 (D. Mass. 1986) (protective order granted prohibiting the deposition of witness on grounds of harassment, where it was clear that the deposition would simply "waste" the witness's time). Under the facts presented here, the St. Thomas entities should not be permitted to proceed with a videotaped deposition of Mr. Higgins.

### A. MR. HIGGINS IS ENTITLED TO AN ORDER QUASHING OR MODIFYING THE SUBPOENA DIRECTED TO HIM

In balancing a person's right to invoke the Fifth Amendment privilege against self-incrimination with the interests of other individuals, the Supreme Court has stated that "[t]he immediate and potential evils of compulsory self-disclosure transcend any difficulties that the exercise of the privilege may impose on society in the detection and prosecution of crime." *See*

*Hoffman v. United States*, 341 U.S. 479, 490 (1951). "[A]ny other conclusion would seriously compromise an important constitutional liberty." *Id*. at 489-90.

The Fifth Amendment provides, in part, that "[n]o person…shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The privilege "applies to evidence which may directly support a criminal conviction, information which would furnish a link in the chain of evidence that could lead to a prosecution, and evidence which an individual reasonably believes could be used against him in a criminal prosecution." *See Maness v. Meyers*, 419 U.S. 449, 461 (1975) (citing *Hoffman*, 341 U.S. at 485-86). The privilege can be invoked as long as "the witness has reasonable cause to apprehend danger from a direct answer." *Id*. at 486. "It is not necessary that a person be guilty of criminal misconduct to invoke the privilege," nor is it even necessary for the witness to have been indicted as a prerequisite to invoking his Fifth Amendment privilege. *Baxter v. Palmigiano*, 425 U.S. 308, 327 (1976); *Johnson*, 488 F.2d at 1211. Thus, "the privilege also protects the innocent person who otherwise might be ensnared by ambiguous circumstances." *Baxter*, 425 U.S. at 327.

In *Hoffman*, the Supreme Court stated that the Fifth Amendment's provision against self-incrimination "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman*, 341 U.S. at 486-87. "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id*. The Fifth Amendment privilege should be upheld unless it is "perfectly clear" that the witness is mistaken as to the possibility that his testimony would be self-incriminating or would furnish a link in the chain of evidence that could lead to prosecution. *See Malloy v. Hogan*, 378 U.S. 1, 12 (1964) (citing *Hoffman*, 341 U.S. at 488).

Here, Mr. Higgins seeks protection from overreaching parties who insist on videotaping his invocation of his Fifth Amendment privilege, in a manner that would maximize his embarrassment and oppression. The St. Thomas entities' efforts are particularly unreasonable in light of (1) Mr. Higgins not even being a party to this lawsuit, (2) the St. Thomas entities already have adequate bases to argue for an adverse inference instruction at trial in support of their comparative fault defense, and (3) the proposal to have Mr. Higgins's deposition conducted by written questions pursuant to Fed. R. Civ. P. 31 would obviate the need for an oral deposition and result in the St. Thomas entities' receiving the same information as they would receive by way of a videotaped deposition (i.e., invocation of the Fifth Amendment). Conversely, given the overlap in the civil and criminal proceedings and the potential for Mr. Higgins to be unfairly implicated in the criminal proceedings, it is entirely reasonable that Mr. Higgins will invoke the Fifth Amendment privilege as to each and every substantive question directed to him.[1]

Further, given that the St. Thomas entities already have received written discovery responses from several parties that invoked Fifth Amendment rights as to each and every question asked, and that GDC itself already has responded to written discovery and filed a motion for protective order, it is unclear what the St. Thomas entities could obtain by attempting to depose Mr. Higgins, much less by videotaping such a deposition. He is a non-party, and would not be testifying as a representative of any party. Thus, even if the St. Thomas entities did not already have enough to argue for an adverse inference instruction, it is unclear how Mr. Higgins's invocation would provide them with anything more than they already have. Their request to depose him is nothing more than an attempted end-run around the Invoking

---

[1] Indeed, during the meet and confer process, counsel for the St. Thomas entities outlined why he believes Mr. Higgins's testimony would be relevant, based on the documents previously produced in discovery. (*See* Email Chain between Mr. Schramek and Mr. Klarfeld.) However, the suppositions contained in that "explanation" completely support the notion that Mr. Higgins' Fifth Amendment concerns are justified. (*See id.*)

Defendants, and is particularly unfair to a non-party who already has made it clear he will invoke the Fifth Amendment, and who has offered to provide that invocation in response to a deposition by written questions.

An Order protecting Mr. Higgins is necessary in part because the St. Thomas entities were explicit that they will not agree to any other alternative to taking Mr. Higgins's oral deposition by videotape. That rigid position, particularly in the face of a proposed alternative that would yield them the same results without the embarrassment and possible prejudice to Mr. Higgins, causes one to question whether their actual motive here is simply to subject Mr. Higgins to harassment, embarrassment, and oppression — gratuitously and without regard for the fact that proceeding as the St. Thomas entities suggest would clearly be a waste of time, money, and resources. The prejudice caused by such a public display is obvious and unnecessary.

In short, particularly because Mr. Higgins is a non-party, his Fifth Amendment rights must take precedence over any interest the St. Thomas entities might possibly have in obtaining a transcript or video of Mr. Higgins invoking the privilege. *See In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 249 F.R.D. at 15.

### IV.   CONCLUSION

Accordingly, Mr. Higgins requests an order quashing the subpoena the St. Thomas entities issued to him or, in the alternative, instructing that any deposition of Mr. Higgins be conducted by written questions. Mr. Higgins should not be required to testify at an oral deposition, as requiring him to do so will result in his embarrassment, oppression, and undue burden of appearing. This is particularly true because (1) he is a non-party, (2) the St. Thomas entities already have been informed that he will invoke the Fifth Amendment privilege to each and every question posed to him at any deposition, and (3) Mr. Higgins proposed having the deposition conducted by written questions, which would have allowed him to invoke the Fifth

Amendment privilege without the undue hardship, expense, and embarrassment that would result if forced to appear for a videotaped deposition.

Dated: May 11, 2015    Respectfully submitted,

*/s/ Joshua A. Klarfeld*
Joseph P. Thomas (OH #0040379)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000/Fax: (513) 698-5001
E-mail:  jthomas@ulmer.com

Joshua A. Klarfeld (OH #0079833)
Ulmer & Berne LLP
1660 W.2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7000/Fax: (216) 583-7001
E-mail:  jklarfeld@ulmer.com

**Attorneys for Non-Party Steven Higgins**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on May 11, 2015, using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

<i>/s/ Joshua A. Klarfeld</i>