**<u>EXHIBIT B</u>**

**Motion**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| NEW ENGLAND COMPOUNDING | ) | |
| PHARMACY, INC., | ) | Case No. 12-19882 (HJB) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### JOINT MOTION OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR APPROVAL OF STIPULATIONS AND ORDERS RELATING TO PRESERVATION OF CERTAIN PARTIES' RIGHTS TO SEEK COMPARATIVE FAULT ALLOCATIONS UNDER THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NEW ENGLAND COMPOUNDING PHARMACY, INC. AND REQUEST FOR EX PARTE OR EXPEDITED DETERMINATION AND LIMITATION OF NOTICE

Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor"), and the Official Committee of Unsecured Creditors of NECC (the "Official Committee", and together with the Trustee, the ("the Plan Proponents"), by and through their undersigned counsel, hereby move this Court (this "Motion") for approval of settlement stipulations and agreed orders (the "Stipulations")[1] between the Plan Proponents and certain creditors of NECC, which preserve for those creditors their rights, if any, to seek, under applicable law, comparative fault allocations under the *First Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. 1154] (the "Plan"). The Plan Proponents respectfully request entry of an order without the need for a hearing or, in the alternative, an expedited hearing on the date scheduled for this Court's hearing

---

[1]    The Plan Proponents seek approval of two Stipulations, each entitled "Stipulation and Agreed Order." These Stipulations were filed with this Court [Dkt. 1270 & 1278]. True and correct copies of the Stipulations are attached hereto as Exhibits "A" and "B."

on confirmation of the Plan (the "Confirmation Hearing"), May 19, 2015.

In support of this Motion, the Plan Proponents respectfully state as follows:

## PRELIMINARY STATEMENT

### A.    The Plan Releases, the Plan Injunctions and Issues of Comparative Fault

1.      Section 10.5 of the Plan contains releases (the "Plan Releases") in favor of the

Debtor, Estate Representatives,[2] Shareholder and Affiliate Released Parties and Other

Contributing Parties (other than Ameridose) (the "Released Parties").  The releasing parties

include the Debtor and Estate Representatives, Shareholder and Affiliate Released Parties, Other

Contributing Parties, and Tort Claimants.  Section 10.06 of the Plan contains injunctions (the

"Plan Injunctions") in favor of the Released Parties.  As set forth in the *Plan Proponents' Pre-*

*Confirmation Hearing Memorandum of Law in Support of Confirmation of the First Amended*

*Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc*. [Dkt. 1240], the Plan

Releases and Plan Injunctions comply with applicable law.

2.      Certain creditors have advised the Plan Proponents that, although these creditors

do not object generally to the Plan Releases and the Plan Injunctions, they would object to the

Plan to the extent that these provisions may preclude them from allocating comparative fault

among these creditors and the Released Parties in connection with lawsuits pending against them

relating to NECC.

3.      For example, in an objection ("Premier Objection") to the *Disclosure Statement*

*for the Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. 1053] (as

amended at Dkt. No. 1155, the "Disclosure Statement"), filed by Premier Orthopaedic and Sports

Medicine Associates of Southern New Jersey, LLC and others (collectively, "Premier") [Dkt.

---

[2]      Unless otherwise set forth herein, capitalized terms shall have the meanings ascribed to
them in the Plan.

1118], Premier objected to the Plan to the extent that the Plan eliminated Premier's ability to assert the comparative fault of joint tortfeasors at any trial of claims relating to the Outbreak. According to Premier, under the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A *et seq.*, at trial, a defendant may present evidence that "a settling defendant was negligent and that the settling defendant's negligence was the proximate cause of the patient/plaintiff's harm." Premier Objection at 3. In the event that the jury finds that the settling defendant was negligent and that "such negligence proximately caused the injury at issue then the jury must assign a portion of the damages to the settling defendant." *Id.* (*citing Young v. Latta*, 123 N.J. 584 (1991)).

4. Other creditors filed similar disclosure statement objections. *See Tennessee Clinic Creditors' Limited Objection to Corrected Disclosure Statement* [Dkt. 1130] at ¶ 12 ("[T]he Tennessee Clinic Creditors object to the Disclosure Statement to the extent that it intends to describe a plan that preludes any 'claim' of comparative fault against the Debtor or any other entity or person receiving a release"); *Response and Objection of Creditors, William A. Anderson, M.D. and The Rothman Institute a/k/a and/or d/b/a the Rothman Institute at Nazareth Hospital, in Opposition to the Motion of the Creditor Committee Official Committee of Unsecured Creditors to Approve the Corrected Disclosure Statement for Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. Dated December 3, 2014* [Dkt. 1132] at 5 ("Responding Creditors seek only the ability to apportion liability to the Debtor and other released parties so that any potential verdict rendered against the Responding Creditors and other defendants is reduced by the Debtor's proportionate share of liability"). Other parties did not file objections to the Disclosure Statement, but advised the Plan Proponents of their intent to object to the Plan absent resolution of the issues which the objecting parties had raised.

5.      The objecting parties withdrew their disclosure statement objections at the disclosure statement hearing on February 24, 2015.  However, each reserved the right to assert these same objections in opposition to confirmation of the Plan.

**B.      The Stipulations**

6.      The Plan Proponents have engaged in lengthy negotiations with parties seeking to preserve their ability to assert comparative fault allocation.  These negotiations resulted in the drafting and execution of the Stipulations.  The Stipulations preserve defenses and allocation of liability based upon comparative fault.  They provide that parties may, in a civil action, name the Debtor and/or the Tort Trust, as successor in interest to the Debtor and/ or the applicable Non-Insurer Contributing Party, for purposes of such preservation.  At the same time, the Stipulations provide that the Trustee, the Post-Confirmation Officer, any Non-Insurer Contributing Party and the Tort Trustee shall not: (a) be named a party in any underlying civil action; (b) be required to enter an appearance in any such action; or (c) be subject to entry of an adverse judgment in any such action.

7.      The Stipulations also provide for the inclusion of the following language in the Plan (the "Plan Modification"):

> The release and injunction provisions of this Plan, specifically those in sections 10.05 and 10.06 of this Plan, shall not be deemed to abrogate any defense based upon comparative fault that may be available under applicable state law to Persons or Entities signatory to the Stipulation and Agreed Order dated May 1, 2015 [Dkt. No. ___], or any supplements thereto, and named as defendants in lawsuits arising from the actual or alleged design, formulation, compounding, production, labeling, testing, marketing, advertising, supply, dispensing, sale, shipment, distribution or administration of injectable methylprednisolone acetate or any other drugs or products compounded, produced, sold or distributed by NECC.  The release and injunction provisions shall not preclude any such Person or Entity from naming the Debtor and/or the Tort Trust, as successor in interest to claims against the Debtor and/or the applicable Non-Insurer Contributing Party(ies), as a party to the applicable proceeding, for the sole purpose of apportioning liability or otherwise securing a reduction in liability on account of the Debtor's, such Non-Insurer Contributing Party(ies)'s, or the Tort Trust's, as

4

successor in interest to claims against the Debtor and/or the applicable Non-Insurer Contributing Party(ies), fault or comparative fault, subject to and expressly conditioned on the satisfaction of the following conditions:

1.      Neither Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, nor any such Non-Insurer Contributing Party, nor the Tort Trustee shall be named as a party in any such proceeding.

2.      Neither the Debtor, nor Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, nor any such Non-Insurer Contributing Party, nor the Tort Trust, nor the Tort Trustee shall be required to enter an appearance in any such proceeding.

3.      No judgment requiring the Debtor, Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, any such Non-Insurer Contributing Party, the Tort Trust, or the Tort Trustee to pay a damages award will be sought or entered against NECC, any such Non-Insurer Contributing Party, Paul D. Moore as the duly appointed Chapter 11 Trustee of NECC in the above-captioned bankruptcy case or the Post-Confirmation Officer, the Tort Trust, or the Tort Trustee in any such proceeding, but, if otherwise permitted by applicable state law, an affirmative defense asserting the comparative fault of the Debtor or any such Non-Insurer Contributing Party, may be asserted.

4.      So long as permitted by applicable state law, any allocation of fault to NECC or any such Non-Insurer Contributing Party shall only be for purposes of reducing such Person or Entity's potential liability pursuant to the principles of comparative fault, and shall not be given preclusive effect, nor any effect whatsoever, other than to reduce such Person or Entity's liability.

5.      Such relief shall be solely to permit such Persons or Entities to assert and prove any right they may have to reduce their potential liability pursuant to the principles of comparative fault, and not to permit, or otherwise authorize, such Persons or Entities to pursue the prosecution of any claims for affirmative or other relief against the Debtor, Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the

> Post-Confirmation Officer, any such Non-Insurer Contributing Party, the Tort Trust, or the Tort Trustee, in such tort cases.
>
> Further, the approval of the Plan and the releases and injunctions contained therein or entered pursuant thereto shall not be construed as precluding any Person or Entity from enforcing any judgment reduction, credit, or setoff rights otherwise available to it under applicable law for reduction of damages that may be assessed against any party not a Contributing Party or a Shareholder and Affiliate Released Party in connection with any lawsuit arising from the actual or alleged design, formulation, compounding, production, labeling, testing, marketing, advertising, supply, dispensing, sale, shipment, distribution or administration of injectable methylprednisolone acetate or any other drugs or products compounded, produced, sold or distributed by NECC.

8.      In exchange for the Plan Modification, the counterparties to the Stipulation agree not to object to the Plan and to waive any potential claims against NECC for indemnity or contribution.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 1127 and Federal Rule of Bankruptcy Procedure 3019.

## BACKGROUND

10.      On December 21, 2012 (the "Petition Date"), NECC filed a voluntary petition for relief pursuant to chapter 11 of the United States Bankruptcy Code.

11.      On January 18, 2013, the Office of the United States Trustee (the "UST"), pursuant to Bankruptcy Code Section 1102(a)(1), appointed a nine (9) member Official Committee, eight (8) of whom are tort claimants of the Debtor holding personal injury tort and/or wrongful death cases against the Debtor and others.[3]

---

[3]      The ninth member of the Committee is NStar Electric Company.

12.     On January 25, 2013, this Court granted the UST's *Certificate of Appointment* appointing Paul D. Moore as Chapter 11 Trustee for NECC's estate.

13.     On December 3, 2014, the Trustee and the Official Committee jointly filed the Plan and the Disclosure Statement.  On March 3, 2015, this Court entered an order approving the Disclosure Statement.  *See* Dkt. 1181.  This Court has scheduled a hearing to consider confirmation of the Plan for May 19, 2015.

## ARGUMENT

### A.     Approval of the Stipulations is in the best interests of the creditors of the NECC estate.

14.     As set forth above, the parties to the Stipulations (other than the Plan Proponents) expressly reserved their rights to object to the Plan if their concerns regarding comparative fault were not addressed.  In addition, those parties may hold contribution or indemnity claims against the estate.  The Stipulations provide that those parties will vote in favor of the Plan[4] and also provide that, upon Plan confirmation, those potential contribution or indemnity claims will be waived.  Approval of the Stipulations will thus save the estate the expense of objecting to and litigating those objections or claims, preserving estate assets for distribution to creditors.  Under these circumstances, the Plan Proponents respectfully submit the Stipulations should be approved.

---

[4] Upon information and belief all of those parties voted in favor of the Plan prior to the May 5, 2105 voting deadline.

**B. The Plan Modification is not material, re-solicitation of votes and further disclosure is not necessary, and votes cast with respect to the Plan should be deemed to be votes cast for an amended plan which includes the Plan <u>Modification</u>.**

15.     A plan modification is not material unless it "so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider acceptance." *In re Am. Solar King Corp*, 90 B.R. 808, 824 (Bankr. W.D. Texas 1988) (citing 8 Collier on Bankruptcy, § 3019.03, p. 3019-3 (15th ed. 1987)).  Any modification which is not likely to trigger the reconsideration of a vote will satisfy the disclosure requirements of section 1125 of the Bankruptcy Code.  *See id.*  A non-material modification does not require re-solicitation.  *See id.*; *see also In re Boylan Intern., Ltd.*, 452 B.R. 43, 51 (Bankr. S.D.N.Y. 2011). A modification that is not material is, "by definition one which will not affect a creditor's voting decision," and thus, "[a]dditional disclosure would serve no purpose."  *Am. Solar King*, 90 B.R. at 824 n.28.

16.     Courts have held that further disclosure is only necessary when the modification materially and adversely impacts a claimant's treatment.  *See In re Cottonwood Corners Phase v. LLC*, 2012 WL 566426 at *27 (Bankr. D.N.M. Feb. 17, 2012) (stating that "[i]f a further modification to the Plan is filed to address the deficiencies in the Plan identified in this opinion that would have no material adverse impact on the treatment of any claims or equity holders that voted to accept the plan or that did not vote, the Court will not require further disclosure under 11 U.S.C. § 1125 or a further solicitation of votes under 11 U.S.C. § 1126 with respect to its consideration of the Plan, as so modified."); *see also Boylan Intern.*, 452 B.R. at 51.

17.     Indeed, "[i]f modifications made to a plan prior to confirmation (but after the ballots have been counted) are minor, impact only a creditor who has been fully involved, and do not adversely impact any other creditor, then it is not necessary to solicit new acceptances." *In*

*re Sentinel Mgmt. Grp., Inc.*, 398 B.R. 281, 301 (Bankr. N.D. Ill 2008) (citing *In re Sherwood Square Assocs.*, 87 B.R. 388, 390 (Bankr. D. Md. 1988)).  "[A] court may deem a claim or interest holder's vote for or against a plan as a corresponding vote with respect to a modified plan." *Id.*

18.    Bankruptcy Rule 3019, designed to implement section 1127 of the Bankruptcy Code, provides in relevant part: "[i]n a chapter 9 or chapter 11 case, after a plan has been accepted and before confirmation, the proponent may file a modification of the plan."  Fed. R. Bankr. P. 3019(a).  The term "accepted" as used by Bankruptcy Rule 3019 refers to the record prior to confirmation after which acceptances and rejections are solicited.  *See In re Dow Corning Corp.*, 237 B.R. 374, 378 (Bankr. E.D. Mich. 1999).  Modifications implemented through Bankruptcy Rule 3019 do not require resolicitation where the court determines, after notice and a hearing, "that the proposed modification does not adversely change the treatment of the claim or any creditor of the interest of any equity security holder who has not accepted in writing the modification."  Fed. R. Bankr. P. 3019(a).

19.    Here, the language in the Plan Modification is not material and affects only those who are signatories to the Stipulations.  Further disclosure or solicitation is not necessary.

## REQUEST FOR EX PARTE OR EXPEDITED
## DETERMINATION AND FOR LIMITATION OF NOTICE

20.    The Plan Proponents believe that a shortened notice period and limited notice is justified and appropriate here because (i) all parties affected are signatories to the Stipulations and no other parties in interest are adversely affected; and (ii) no party-in-interest will be prejudiced by this Court's approval of the Stipulations on an *ex parte* or expedited basis, as the Stipulations do not limit or reduce the rights of any person or entity not a party thereto.

21.     The Plan Proponents hereby request that notice of the hearing on the Motion, if a hearing is required by this Court, be sufficient if given: (a) to the Office of the United States Trustee, Debtor's counsel, the Official Committee's counsel and the Stipulation counterparties' counsel by electronic mail or facsimile[5]; (b) to those parties who will receive electronic service in this case through this Court's Electronic Case Filing ("ECF") system (which service shall occur electronically through the Court's ECF system, without the need for further action by the Trustee); and (c) to those parties who will receive service in the United States District Court for the District of Massachusetts through the District Court's ECF system (which service shall occur electronically through that Court's ECF system, without the need for further action by the Trustee).[6]

22.     Pursuant to Local Bankruptcy Rule 9013-1(g)(1)(C), the undersigned hereby certifies that counsel for the Plan Proponents notified all parties in interest of their intent to seek expedited consideration of the Motion.

## CONCLUSION

23.     In summary, the Plan Proponents submit that approval of the Stipulations is necessary for the expeditious administration of the Debtor's estate and confirmation of the Plan, and appropriate as reflecting the paramount interest of the Debtor's creditors.  Approval of the Stipulations represents another significant step towards confirmation of the Plan and implementation of the mechanism for liquidation and payment of tort claims upon confirmation of the Plan.

---

[5]     Simultaneously with the filing of the Motion, the Plan Proponents are serving this Motion upon such parties by electronic mail or by facsimile.

[6]     A proposed order designating the manner of service of the Motion, and approving form and manner of notice is attached hereto as Exhibit "C."

**WHEREFORE**, the Plan Proponents respectfully request that this Court approve the Stipulations attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, without a hearing, or, in the alternative, after a hearing scheduled for the same date as the Confirmation Hearing *(i.e.,* May 19, 2015), and grant the Trustee such other and further relief as this Court deems just and proper.

Dated:  May 8, 2015
      Boston, Massachusetts

Respectfully submitted,

**DUANE MORRIS LLP**

By:  /s/ Michael R. Lastowski
Michael R. Lastowski (admitted *pro hac vice*)
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Tel: (302) 657-4900
Fax: (302) 657-4901
mlastowski@duanemorris.com

*Counsel for Paul D. Moore, Chapter 11*
*Trustee of New England Compounding*
*Pharmacy, Inc. d/b/a New England*
*Compounding Center*

-and-

**BROWN RUDNICK LLP**

By: /s/ William R. Baldiga
William R. Baldiga, Esq.
Kiersten A. Taylor, Esq.
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

and

David J. Molton, Esq.
Seven Times Square
New York, NY  10036
Tel: (212) 209-4800
Fax: (212) 209-4801
dmolton@brownrudnick.com

*Counsel to the Official Committee of Unsecured
Creditors of New England Compounding
Pharmacy, Inc.*

# **EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

## STIPULATION AND AGREED ORDER

This stipulation and agreed order (the "Stipulation and Order") is entered into by, between and among (i) Paul D. Moore, in his capacity as chapter 11 trustee (the "Trustee") of New England Compounding Pharmacy, Inc. ("NECC"); (ii) the Official Committee of Unsecured Creditors of NECC (the "Official Committee", and together with the Trustee, the "Plan Proponents"); and (iii) the other parties signatory hereto (each a "Stipulation Counterparty" and, collectively, the "Stipulation Counterparties"). The Trustee, the Official Committee and the Stipulation Counterparties (each a "Stipulator" and collectively, the "Stipulators") hereby stipulate and agree as follows:

**WHEREAS**, on December 21, 2012, NECC filed a petition in the United States Bankruptcy Court for the District of Massachusetts (this "Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [Dkt. No. 1];

**WHEREAS**, on December 3, 2014, the Plan Proponents filed the *Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1054] and the *Disclosure Statement for the Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1053] (as amended at Docket No. 1162, the "Disclosure Statement").

**WHEREAS**, on February 22, 2015, the Plan Proponents filed the *First Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1154] (as may be amended, the "Plan"),[1] .

**WHEREAS**, on March 3, 2015, this Court entered the *Order (I) Approving the Adequacy of the Amended Joint Disclosure Statement; (II) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Plan Proponents' First Amended Joint Plan of Reorganization; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; (IV) Scheduling Certain Dates with Respect Thereto; and (V) Granting Related Relief* [Dkt. No. 1181] (the "Disclosure Statement Order").

**WHEREAS**, the Stipulators intend this Stipulation and Agreed Order to be, upon approval of the Court, a resolution of the objections of the Stipulation Counterparties to confirmation of the Plan and any issues attendant thereto.

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises hereinafter set forth and for other good cause and valuable consideration, the receipt of which is hereby acknowledged, **IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT**:

1.      **Amendment of Plan**.   As promptly as is reasonably practicable following (i) execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties; and (ii) entry by this Court of this Stipulation and Agreed Order, the Plan Proponents shall amend the Plan to (i) contain the language set forth in Exhibit A hereto (the Plan, as amended, the "Amended Plan") and (ii) include UniFirst (as defined in the Plan) among the Non-Insurer Contributing Parties.   At the hearing to consider confirmation of the Amended Plan, the Plan Proponents shall request that the Bankruptcy Court find that such

---

[1]      Capitalized terms used but not defined in this Stipulation and Agreed Order have the meaning set forth in the Plan.

amendment is non-material and, therefore, does not require the Plan Proponents to resolicit acceptances or rejections of the Plan or Amended Plan, as applicable.

2. **Stipulation Counterparties Support the Plan**. Each Stipulation Counterparty signatory to this Stipulation and Agreed Order, so long as its vote has been properly solicited pursuant to sections 1125 and 1126 of the Bankruptcy Code, shall timely vote any and all Claims (to the extent filed) that it is entitled to vote, now or hereafter beneficially owned by such Stipulation Counterparty (subject to Section 3 hereof), to accept the Plan in accordance with the applicable procedures set forth in the solicitation materials accompanying the Plan, and timely return a duly executed ballot in connection therewith. Each Stipulation Counterparty signatory to this Stipulation and Agreed Order shall unconditionally, without reservation, and in all respects, support and not object to the Plan and/or the Amended Plan. Upon the effective date of the Stipulation and Agreed Order, each Stipulation Counterparty signatory to this Stipulation and Agreed Order shall promptly withdraw any objection to, or any other pleading in opposition to, the Plan and/or the Amended Plan.

3. **Waiver and Release of Claims.** Upon the Effective Date (as defined in the Plan), each Stipulation Counterparty shall be deemed to have waived and released any and all of his, her, or its Claims against the Debtor or any Non-Insurer Contributing Party, including, without limitation, any and all claims for contribution or indemnity against the Debtor or any Non-Insurer Contributing Party; provided, however, that such waiver and release shall not affect the rights or standing of any Stipulation Counterparty to enforce their rights and remedies under the Amended Plan (including, without limitation, their rights to assert comparative fault defenses as set forth in the Amended Plan).

4.     **Conditions to Effectiveness of Stipulation.**  This Stipulation and Agreed Order shall become effective upon (i) execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties; and (ii) entry by this Court of this Stipulation and Agreed Order; provided, however, that the Stipulation Counterparties' obligations contained in Section 2 hereof (Stipulation Counterparties Support the Plan) shall become effective immediately upon execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties.

5.     **Successors and Assigns**.  This Stipulation and Agreed Order shall be binding upon and inure to the benefit of the Stipulators hereto, their respective heirs, agents, assigns and successors.

6.     **Binding Effect**.  The Stipulators' respective rights, obligations, remedies and protections provided for in this Stipulation and Agreed Order shall survive the conversion, dismissal or closing of this Chapter 11 Case or the appointment of a chapter 7 trustee therein.

7.     **No Admission**.  Neither the execution nor delivery of this Stipulation and Agreed Order shall constitute an admission of any wrongdoing or liability whatsoever on the part of any of the Stipulators.

8.     **Further Assurances**.  The Stipulators hereby agree promptly to execute and deliver any and all such further instruments and documents and to take all such further actions as may be reasonably required by the other Stipulators to effectuate the terms and conditions of this Stipulation.

9.     **Construction**.  No Stipulator shall be deemed the drafter of this Stipulation and Agreed Order.  The headings herein are solely for the convenience of the Stipulators and do not form a substantive part of this Stipulation.  If any term or other provision of this Stipulation is

finally held by a court having competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of law, equity or public policy: (i) said term or other provision shall be enforced to the maximum extent allowed and/or construed in order to effect the intent of the Stipulators as closely as possible; and (ii) all other conditions and provisions of this Stipulation not otherwise affected shall nevertheless remain in full force and effect.

10.    **Entire Agreement**.    This Stipulation and Agreed Order constitutes the entire agreement and understanding among the Stipulators with respect to the subject matter of this Stipulation and Agreed Order, sets forth all terms and conditions of this Stipulation and Agreed Order, and cancels and supersedes any and all prior agreements, representations and/or understandings, whether written or oral, among the Stipulators relating to the subject matter of this Stipulation and Agreed Order.  Further, neither this Stipulation and Agreed Order nor any terms hereof may be amended, changed, waived or discharged unless such amendment, change, waiver or discharge is in a writing signed by the Stipulator against whom enforcement is sought.

11.    **Representation by Counsel**.    The Stipulators acknowledge the benefit of professional advice rendered by legal counsel of their own selection prior to entering into this Stipulation and Agreed Order.  The Stipulators further acknowledge that they have had a sufficient opportunity to discuss and review this Stipulation and Agreed Order with their attorneys and fully understand and agree to the terms set forth herein.

12.    **Costs**.  Each Stipulator shall bear its own costs and expenses in connection with entering into this Stipulation and Agreed Order, including legal fees and expenses.

13.    **Counterparts**.    This Stipulation and Agreed Order may be executed in counterparts.  Each counterpart shall be deemed an original.  All counterparts shall constitute a

single agreement. A facsimile or electronic .PDF file of a signed copy of the Stipulation and

Agreed Order shall serve as an original executed copy for all purposes.

*[Remainder of this page intentionally left blank]*

**IT IS SO ORDERED** this _____ day of May, 2015.

_____
The Honorable Henry J. Boroff
United States Bankruptcy Judge

[Signature pages follow]

**IN WITNESS WHEREOF**, the Stipulators have signed this Stipulation and Agreed Order as of the day and year specified below:

PAUL D. MOORE, CHAPTER 11 TRUSTEE

Date: _May 1, 2015_

By: _Michael R Lastowski_

Michael R. Lastowski, Esq. (admitted *pro hac vice*)
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
mlastowski@duanemorris.com

*[Signature Page to Stipulation and Agreed Order]*

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF NEW ENGLAND
COMPOUNDING PHARMACY, INC.

Date: 5/11/15

By: _____
    William R. Baldiga, Esq. (BBO #542125)
    Kiersten A. Taylor, Esq. (BBO #681906)
    BROWN RUDNICK LLP
    One Financial Center
    Boston, MA 02111
    Telephone: (617) 856-8200
    Facsimile: (617) 856-8201
    wbaldiga@brownrudnick.com
    ktaylor@brownrudnick.com

    and

    David J. Molton, Esq. (admitted *pro hac vice*)
    BROWN RUDNICK LLP
    Seven Times Square
    New York, NY 10036
    Telephone: (212) 209-4800
    Facsimile: (212) 209-4801
    dmolton@brownrudnick.com

SAINT THOMAS OUTPATIENT NEUROSURGICAL
CENTER, LLC; HOWELL ALLEN CLINIC, A
PROFESSIONAL CORPORATION; JOHN
CULCLASURE, MD; DEBRA SCHAMBERG, RN,
CNOR; VAUGHAN ALLEN, MD; SPECIALTY
SURGERY CENTER, CROSSVILLE, PLLC; KENNETH
R. LISTER, MD; KENNETH LISTER, MD, PC; AND
DONALD E. JONES, MD.

Date: _____5/1/15_____

By: _____
    Chris J. Tardio, Esq.
    GIDEON, COOPER & ESSARY, PLC
    315 Deaderick Street
    Suite 1100
    Nashville, TN 37238
    Telephone: (615) 254-0400
    Facsimile: (615) 254-0459

*[Signature Page to Stipulation and Agreed Order]*

MMIC INSURANCE, INC.;MEDICAL ADVANCED
PAIN SPECIALISTS, P.A.; MINNESOTA SURGERY
CENTER

Date: _MAY 1, 2015_

By: _____
Peter Nils Baylor
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 439-2390
Facsimile: (617) 310-9390

*[Signature Page to Stipulation and Agreed Order]*

SAINT THOMAS WEST HOSPITAL, F/K/A ST.
THOMAS HOSPITAL; SAINT THOMAS NETWORK;
SAINT THOMAS HEALTH; ASCENSION HEALTH;
ASCENSION HEALTH ALLIANCE; ASCENSION
HEALTH RESOURCES & SUPPLY MANAGEMENT
GROUP, LLC; AND ST. MARY'S HEALTH, INC.,
F/K/A ST. MARY'S MEDICAL CENTER OF
EVANSVILLE, INC.

Date: _____May 1, 2015_____

By: _____William Greendyke_____

    William R. Greendyke (admitted *pro hac vice*)
    Texas State Bar No. 08390450
    NORTON ROSE FULBRIGHT US LLP
    1301 McKinney, Suite 5100
    Houston, Texas 77010-3095
    Telephone: (713) 651-5151
    Facsimile: (713) 651 5246

*[Signature Page to Stipulation and Agreed Order]*

PREMIER ORTHOPAEDIC AND SPORTS
MEDICINE ASSOCIATES OF SOUTHERN NEW
JERSEY, LLC, TRADING AS PREMIER
ORTHOPAEDIC ASSOCIATES, PREMIER
ORTHOPAEDIC ASSOCIATES SURGICAL
CENTER, LLC, AND KIMBERLEY YVETTE
SMITH, M.D., A/K/A KIMBERLEY YVETTE
SMITH-MARTIN, M.D., RHAUL SHAH, M.D.,
THOMAS DWYER, M.D., RICHARD C.
DIVERNIERO, M.D., JOHN CATALANO, M.D.,
JEFFREY STRAUSS, M.D.

Date: _____5/1/15_____

By: _____
    Christopher M. Wolk, Esq.
    BLUMBERG & WOLK, LLC
    158 Delaware Street
    Woodbury New Jersey 08080
    Telephone: (856) 848-7472
    Facsimile: (856) 848-8012

*[Signature Page to Stipulation and Agreed Order]*

NITESH BHAGAT, MD; REGIONAL
DIAGNOSTIC IMAGING, LLC; VANNETTE
PERKINS, MD; PROFESSIONAL PAIN
MANAGEMENT ASSOCIATES

Date: _May 1, 2015_____

By: _____
Joseph R. Lang, Esq.
LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY,
LANG & CASEY, LLC
136 Franklin Corner Road
Unit B2
Lawrenceville, NJ 08648
Telephone: (609) 896-2000
Facsimile: (609) 895-1693

*[Signature Page to Stipulation and Agreed Order]*

DOUGLAS AND CARLA CONIGLIARO

Date: May 1, 2015

By:

John J. Monaghan, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
Telephone:  617-523-2700
Facsimile:  617-523-6850

# EXHIBIT A

The release and injunction provisions of this Plan, specifically those in sections 10.05 and 10.06 of this Plan, shall not be deemed to abrogate any defense based upon comparative fault that may be available under applicable state law to Persons or Entities signatory to the Stipulation and Agreed Order dated May 1, 2015 [Dkt. No. ___], or any supplements thereto, and named as defendants in lawsuits arising from the actual or alleged design, formulation, compounding, production, labeling, testing, marketing, advertising, supply, dispensing, sale, shipment, distribution or administration of injectable methylprednisolone acetate or any other drugs or products compounded, produced, sold or distributed by NECC.  The release and injunction provisions shall not preclude any such Person or Entity from naming the Debtor and/or the Tort Trust, as successor in interest to claims against the Debtor and/or the applicable Non-Insurer Contributing Party(ies), as a party to the applicable proceeding, for the sole purpose of apportioning liability or otherwise securing a reduction in liability on account of the Debtor's, such Non-Insurer Contributing Party(ies)'s, or the Tort Trust's, as successor in interest to claims against the Debtor and/or the applicable Non-Insurer Contributing Party(ies), comparative fault, subject to and expressly conditioned on the satisfaction of the following conditions:

1.  Neither Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, nor any such Non-Insurer Contributing Party, nor the Tort Trustee shall be named as a party in any such proceeding.

2.  Neither the Debtor, nor Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, nor any such Non-Insurer Contributing Party, nor the Tort Trust, nor the Tort Trustee shall be required to enter an appearance in any such proceeding.

3.  No judgment requiring the Debtor, Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, any such Non-Insurer Contributing Party, the Tort Trust, or the Tort Trustee to pay a damages award will be sought or entered against NECC, any such Non-Insurer Contributing Party, Paul D. Moore as the duly appointed Chapter 11 Trustee of NECC in the above-captioned bankruptcy case or the Post-Confirmation Officer, the Tort Trust, or the Tort Trustee in any such proceeding, but, if otherwise permitted by applicable state law, an affirmative defense asserting the comparative fault of the Debtor or any such Non-Insurer Contributing Party, may be asserted.

4.  So long as permitted by applicable state law, any allocation of fault to NECC or any such Non-Insurer Contributing Party shall only be for purposes of reducing such Person or Entity's potential liability pursuant to the principles of comparative fault, and shall not be given preclusive effect, nor any effect whatsoever, other than to reduce such Person or Entity's liability.

5.  Such relief shall be solely to permit such Persons or Entities to assert and prove any right they may have to reduce their potential liability pursuant to the principles of comparative fault, and not to permit, or otherwise authorize, such Persons or Entities

to pursue the prosecution of any claims for affirmative or other relief against the Debtor, Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, any such Non-Insurer Contributing Party, the Tort Trust, or the Tort Trustee, in such tort cases.

Further, the approval of the Plan and the releases and injunctions contained therein or entered pursuant thereto shall not be construed as precluding any Person or Entity from enforcing any judgment reduction, credit, or setoff rights otherwise available to it under applicable law for reduction of damages that may be assessed against any party not a Contributing Party or a Shareholder and Affiliate Released Party in connection with any lawsuit arising from the actual or alleged design, formulation, compounding, production, labeling, testing, marketing, advertising, supply, dispensing, sale, shipment, distribution or administration of injectable methylprednisolone acetate or any other drugs or products compounded, produced, sold or distributed by NECC.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

### CERTIFICATE OF SERVICE

I, Carol S. Ennis, hereby certify that on the 1st day of May, 2015, I caused a true and accurate copy of the following document to be served by electronic service via the Court's ECF service to those parties registered to receive electronic service:

           Stipulation and Agreed Order

In addition, a true and accurate copy was sent by first class mail to the following parties:

Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

Darrel Cummings
1871 N.W. 8th Street
Pompano Beach, FL  33069

                                   /s/ Carol S. Ennis
                                   Carol S. Ennis, Paralegal
                                   BROWN RUDNICK LLP
                                   One Financial Center
                                   Boston, MA  02111
                                   Tel.: (617) 856-8200

61945583

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., | Case No. 12-19882-HJB |
| Debtor. |  |

## STIPULATION AND AGREED ORDER

This stipulation and agreed order (the "Stipulation and Order") is entered into by, between and among (i) Paul D. Moore, in his capacity as chapter 11 trustee (the "Trustee") of New England Compounding Pharmacy, Inc. ("NECC"); (ii) the Official Committee of Unsecured Creditors of NECC (the "Official Committee", and together with the Trustee, the "Plan Proponents"); and (iii) the other parties signatory hereto (each a "Stipulation Counterparty" and, collectively, the "Stipulation Counterparties"). The Trustee, the Official Committee and the Stipulation Counterparties (each a "Stipulator" and collectively, the "Stipulators") hereby stipulate and agree as follows:

**WHEREAS**, on December 21, 2012, NECC filed a petition in the United States Bankruptcy Court for the District of Massachusetts (this "Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [Dkt. No. 1];

**WHEREAS**, on December 3, 2014, the Plan Proponents filed the *Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1054] and the *Disclosure Statement for the Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1053] (as amended at Docket No. 1162, the "Disclosure Statement");

**WHEREAS**, on February 22, 2015, the Plan Proponents filed the *First Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1154] (as may be amended, the "Plan"),[1] .

**WHEREAS**, on March 3, 2015, this Court entered the *Order (I) Approving the Adequacy of the Amended Joint Disclosure Statement; (II) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Plan Proponents' First Amended Joint Plan of Reorganization; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; (IV) Scheduling Certain Dates with Respect Thereto; and (V) Granting Related Relief* [Dkt. No. 1181] (the "Disclosure Statement Order").

**WHEREAS**, the Stipulators intend this Stipulation and Agreed Order to be, upon approval of the Court, a resolution of the objections of the Stipulation Counterparties to confirmation of the Plan and any issues attendant thereto.

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises hereinafter set forth and for other good cause and valuable consideration, the receipt of which is hereby acknowledged, **IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT**:

1. **Amendment of Plan**. As promptly as is reasonably practicable following (i) execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties; and (ii) entry by this Court of this Stipulation and Agreed Order, the Plan Proponents shall amend the Plan to (i) contain the language set forth in Exhibit A hereto (the Plan, as amended, the "Amended Plan") and (ii) include UniFirst (as defined in the Plan) among the Non-Insurer Contributing Parties. At the hearing to consider confirmation of the Amended Plan, the Plan Proponents shall request that the Bankruptcy Court find that such

---

[1] Capitalized terms used but not defined in this Stipulation and Agreed Order have the meaning set forth in the Plan.

amendment is non-material and, therefore, does not require the Plan Proponents to resolicit acceptances or rejections of the Plan or Amended Plan, as applicable.

2.    **Stipulation Counterparties Support the Plan**.  Each Stipulation Counterparty signatory to this Stipulation and Agreed Order, so long as its vote has been properly solicited pursuant to sections 1125 and 1126 of the Bankruptcy Code, shall timely vote any and all Claims (to the extent filed) that it is entitled to vote, now or hereafter beneficially owned by such Stipulation Counterparty (subject to Section 3 hereof), to accept the Plan in accordance with the applicable procedures set forth in the solicitation materials accompanying the Plan, and timely return a duly executed ballot in connection therewith.  Each Stipulation Counterparty signatory to this Stipulation and Agreed Order shall unconditionally, without reservation, and in all respects, support and not object to the Plan and/or the Amended Plan.  Upon the effective date of the Stipulation and Agreed Order, each Stipulation Counterparty signatory to this Stipulation and Agreed Order shall promptly withdraw any objection to, or any other pleading in opposition to, the Plan and/or the Amended Plan.

3.    **Waiver and Release of Claims.**   Upon the Effective Date (as defined in the Plan), each Stipulation Counterparty shall be deemed to have waived and released any and all of his, her, or its Claims against the Debtor or any Non-Insurer Contributing Party, including, without limitation, any and all claims for contribution or indemnity against the Debtor or any Non-Insurer Contributing Party; provided, however, that such waiver and release shall not affect the rights or standing of any Stipulation Counterparty to enforce their rights and remedies under the Amended Plan (including, without limitation, their rights to assert comparative fault defenses as set forth in the Amended Plan).

4.    **Conditions to Effectiveness of Stipulation.**  This Stipulation and Agreed Order shall become effective upon (i) execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties; and (ii) entry by this Court of this Stipulation and Agreed Order; provided, however, that the Stipulation Counterparties' obligations contained in Section 2 hereof (Stipulation Counterparties Support the Plan) shall become effective immediately upon execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties.

5.    **Successors and Assigns**.  This Stipulation and Agreed Order shall be binding upon and inure to the benefit of the Stipulators hereto, their respective heirs, agents, assigns and successors.

6.    **Binding Effect**.  The Stipulators' respective rights, obligations, remedies and protections provided for in this Stipulation and Agreed Order shall survive the conversion, dismissal or closing of this Chapter 11 Case or the appointment of a chapter 7 trustee therein.

7.    **No Admission**.  Neither the execution nor delivery of this Stipulation and Agreed Order shall constitute an admission of any wrongdoing or liability whatsoever on the part of any of the Stipulators.

8.    **Further Assurances**.  The Stipulators hereby agree promptly to execute and deliver any and all such further instruments and documents and to take all such further actions as may be reasonably required by the other Stipulators to effectuate the terms and conditions of this Stipulation.

9.    **Construction**.  No Stipulator shall be deemed the drafter of this Stipulation and Agreed Order.  The headings herein are solely for the convenience of the Stipulators and do not form a substantive part of this Stipulation.  If any term or other provision of this Stipulation is

finally held by a court having competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of law, equity or public policy: (i) said term or other provision shall be enforced to the maximum extent allowed and/or construed in order to effect the intent of the Stipulators as closely as possible; and (ii) all other conditions and provisions of this Stipulation not otherwise affected shall nevertheless remain in full force and effect.

10.    **Entire Agreement**.   This Stipulation and Agreed Order constitutes the entire agreement and understanding among the Stipulators with respect to the subject matter of this Stipulation and Agreed Order, sets forth all terms and conditions of this Stipulation and Agreed Order, and cancels and supersedes any and all prior agreements, representations and/or understandings, whether written or oral, among the Stipulators relating to the subject matter of this Stipulation and Agreed Order.  Further, neither this Stipulation and Agreed Order nor any terms hereof may be amended, changed, waived or discharged unless such amendment, change, waiver or discharge is in a writing signed by the Stipulator against whom enforcement is sought.

11.    **Representation by Counsel**.   The Stipulators acknowledge the benefit of professional advice rendered by legal counsel of their own selection prior to entering into this Stipulation and Agreed Order.  The Stipulators further acknowledge that they have had a sufficient opportunity to discuss and review this Stipulation and Agreed Order with their attorneys and fully understand and agree to the terms set forth herein.

12.    **Costs**.  Each Stipulator shall bear its own costs and expenses in connection with entering into this Stipulation and Agreed Order, including legal fees and expenses.

13.    **Counterparts**.   This Stipulation and Agreed Order may be executed in counterparts.  Each counterpart shall be deemed an original.  All counterparts shall constitute a

single agreement.  A facsimile or electronic .PDF file of a signed copy of the Stipulation and

Agreed Order shall serve as an original executed copy for all purposes.


[*Remainder of this page intentionally left blank*]

**IT IS SO ORDERED** this _____ day of May, 2015.

_____
The Honorable Henry J. Boroff
United States Bankruptcy Judge

[Signature pages follow]

**IN WITNESS WHEREOF,** the Stipulators have signed this Stipulation and Agreed Order as of the day and year specified below:

Date: May 4, 2015

By: _____

Paul D. Moore, in his capacity as Chapter 11
Trustee of New England Compounding
Pharmacy, Inc., d/b/a New England
Compounding Center, and not individually

*[Signature Page to Stipulation and Agreed Order]*

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF NEW ENGLAND
COMPOUNDING PHARMACY, INC.

Date: 4 May 2015

By:

William R. Baldiga, Esq. (BBO #542125)
Kiersten A. Taylor, Esq. (BBO #681906)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

and

David J. Molton, Esq. (admitted *pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

*[Signature Page to Stipulation and Agreed Order]*

AMBULATORY CARE CENTERS, LLC

Date: 5/4/2015

By:

Andrew C. Ozete IN# 19512-82
BAMBERGER, FOREMAN, OSWALD & HAHN, LLP
20 NW 4th Street, 7th Floor, P. O. Box 657
Evansville, IN 47704-0657
Telephone: (812) 425-1591
Facsimile: (812) 421-4936
Email: aozete@bamberger.com

*[Signature Page to Stipulation and Agreed Order]*

TRI-STATE ORTHOPAEDIC SURGEONS, INC.

Date: _May 4, 2015_

By: _____

Michael E. O'Neill, Esq. (IN# 16159-45)
O'Neill McFadden & Willett LLP
833 West Lincoln Highway, Suite 410W
Schererville, IN  46375
Phone:  (219) 322-0450
Fax:  (219) 322-0455
moneill@omwlegal.com

# EXHIBIT A

The release and injunction provisions of this Plan, specifically those in sections 10.05 and 10.06 of this Plan, shall not be deemed to abrogate any defense based upon comparative fault that may be available under applicable state law to Persons or Entities signatory to the Stipulation and Agreed Order dated May 4, 2015 [Dkt. No. ___], or any supplements thereto, and named as defendants in lawsuits arising from the actual or alleged design, formulation, compounding, production, labeling, testing, marketing, advertising, supply, dispensing, sale, shipment, distribution or administration of injectable methylprednisolone acetate or any other drugs or products compounded, produced, sold or distributed by NECC. The release and injunction provisions shall not preclude any such Person or Entity from naming the Debtor and/or the Tort Trust, as successor in interest to claims against the Debtor and/or the applicable Non-Insurer Contributing Party(ies), as a party to the applicable proceeding, for the sole purpose of apportioning liability or otherwise securing a reduction in liability on account of the Debtor's, such Non-Insurer Contributing Party(ies)'s, or the Tort Trust's, as successor in interest to claims against the Debtor and/or the applicable Non-Insurer Contributing Party(ies), fault or comparative fault, subject to and expressly conditioned on the satisfaction of the following conditions:

1. Neither Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, nor any such Non-Insurer Contributing Party, nor the Tort Trustee shall be named as a party in any such proceeding.

2. Neither the Debtor, nor Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, nor any such Non-Insurer Contributing Party, nor the Tort Trust, nor the Tort Trustee shall be required to enter an appearance in any such proceeding.

3. No judgment requiring the Debtor, Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, any such Non-Insurer Contributing Party, the Tort Trust, or the Tort Trustee to pay a damages award will be sought or entered against NECC, any such Non-Insurer Contributing Party, Paul D. Moore as the duly appointed Chapter 11 Trustee of NECC in the above-captioned bankruptcy case or the Post-Confirmation Officer, the Tort Trust, or the Tort Trustee in any such proceeding, but, if otherwise permitted by applicable state law, an affirmative defense asserting the comparative fault of the Debtor or any such Non-Insurer Contributing Party, may be asserted.

4. So long as permitted by applicable state law, any allocation of fault to NECC or any such Non-Insurer Contributing Party shall only be for purposes of reducing such Person or Entity's potential liability pursuant to the principles of comparative fault, and shall not be given preclusive effect, nor any effect whatsoever, other than to reduce such Person or Entity's liability.

5. Such relief shall be solely to permit such Persons or Entities to assert and prove any right they may have to reduce their potential liability pursuant to the principles of

comparative fault, and not to permit, or otherwise authorize, such Persons or Entities to pursue the prosecution of any claims for affirmative or other relief against the Debtor, Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, any such Non-Insurer Contributing Party, the Tort Trust, or the Tort Trustee, in such tort cases.

Further, the approval of the Plan and the releases and injunctions contained therein or entered pursuant thereto shall not be construed as precluding any Person or Entity from enforcing any judgment reduction, credit, or setoff rights otherwise available to it under applicable law for reduction of damages that may be assessed against any party not a Contributing Party or a Shareholder and Affiliate Released Party in connection with any lawsuit arising from the actual or alleged design, formulation, compounding, production, labeling, testing, marketing, advertising, supply, dispensing, sale, shipment, distribution or administration of injectable methylprednisolone acetate or any other drugs or products compounded, produced, sold or distributed by NECC.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

In re:

NEW ENGLAND COMPOUNDING
PHARMACY, INC.,

                 Debtor.

Chapter 11

Case No. 12-19882-HJB

## CERTIFICATE OF SERVICE

      I, Carol S. Ennis, hereby certify that on the 4th day of May, 2015, I caused a true and accurate copy of the following document to be served by electronic service via the Court's ECF service to those parties registered to receive electronic service:

                Stipulation and Agreed Order

In addition, a true and accurate copy was sent by first class mail to the following parties:

Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

Darrel Cummings
1871 N.W. 8th Street
Pompano Beach, FL  33069

                                 /s/ Carol S. Ennis
                                 Carol S. Ennis, Paralegal
                                 BROWN RUDNICK LLP
                                 One Financial Center
                                 Boston, MA  02111
                                 Tel.: (617) 856-8200

61946196

# <u>EXHIBIT C</u>

Case 1:13-md-02419-RWZ   Document 1845-2   Filed 05/18/15   Page 49 of 54
Case 12-19882   Doc 1269-3   Filed 05/08/15   Entered 05/08/15 11:59:03   Desc
Exhibit C (Proposed Form of Order)   Page 2 of 7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| NEW ENGLAND COMPOUNDING | ) | |
| PHARMACY, INC., | ) | Case No. 12-19882 (HJB) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER LIMITING NOTICE, AND DESIGNATING FORM AND MANNER OF
SERVICE, OF JOINT MOTION OF THE CHAPTER 11 TRUSTEE AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR APPROVAL
OF STIPULATIONS AND ORDERS RELATING TO PRESERVATION OF
CERTAIN PARTIES' RIGHTS TO SEEK COMPARATIVE FAULT
ALLOCATIONS UNDER THE FIRST AMENDED JOINT CHAPTER 11 PLAN
OF NEW ENGLAND COMPOUNDING PHARMACY, INC. AND
REQUEST FOR EX PARTE OR EXPEDITED DETERMINATION**

Upon the motion of Paul D. Moore, the duly appointed chapter 11 Trustee ("Trustee") of
New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center (the
"Debtor" or "NECC"), for entry of an order (i) designating the parties on whom he must serve
copies of the Joint Motion of the Chapter 11 Trustee and the Official Committee of Unsecured
Creditors for Approval of Stipulations and Orders relating to Preservation of Certain Parties'
Rights to Seek Comparative Fault Allocations under the First Amended Joint Chapter 11 Plan of
New England Compounding Pharmacy, Inc. and Request for *Ex Parte* or Expedited
Determination and Limitation of Notice (the "Motion"), and (ii) designating the form, manner
and scope of service of the notice of any hearings on the Motion; it is hereby ORDERED as
follows:

1.      The Motion is **GRANTED** on the terms and conditions set forth in this Order.

2.      The Trustee shall serve, or cause to be served, full copies of the Motion upon the
following parties, by e-service only:

a.      Those parties who will receive electronic service in this case through this Court's Electronic Case Filing ("ECF") system (which service shall occur electronically through the Court's ECF system, without the need for further action by the Trustee); and

b.      Those parties who will receive service in the United States District Court for the District of Massachusetts (the "District Court") through the District Court's ECF system (which service shall occur electronically through that Court's ECF system, without the need for further action by the Trustee).

3.      The Trustee shall serve full copies of the Motion by email upon those signatories to the stipulations attached as Exhibits A and B who will not otherwise receive notice through the ECF system of this Court or the District Court.

4.      The form of Hearing Notice, attached hereto as Exhibit A, is approved.

5.      Service of the Motion and the Hearing Notice in accordance with this Order constitutes due and proper service and notice, and satisfies any and all applicable service and notice requirements, including, but not limited to, those prescribed in Rules 1001, 2002(a)(3), and 9013 of the Federal Rules of Bankruptcy Procedure and Massachusetts Local Bankruptcy Rules 1001-1, 2002-1(a)(2), 9013-3(a) and (b) and 9029-1.  No further or other service of the Motion or notice of any hearing to consider the Motion is necessary or required.

DM3\3290183.4

Case 1:13-md-02419-RWZ    Document 1845-2    Filed 05/18/15    Page 51 of 54

6.      The Court:

      a.      approves the Stipulations without need for a hearing; or, in the alternative,

      b      shall commence a non-evidentiary **HEARING** on _____, 2015 at _____, before the Honorable Judge Henry J. Boroff United States Courthouse, 300 State Street, Berkshire Courtroom, Third Floor, Springfield, MA  01105-2924 to consider the Motion. Any and all Objections to any and all of the Motion must be filed and served upon all parties entitled to receive service of such objections on or before 4:30 p.m. EDT on _____, 2015.

Dated: _____, 2015        BY THE COURT,

                        _____
                        Hon. Henry J. Boroff
                        United States Bankruptcy Judge

3

Case 1:13-md-02419-RWZ   Document 1945-2   Filed 05/13/15   Page 52 of 54
Case 12-19882   Doc 1269-3   Filed 05/08/15   Entered 05/08/15 11:59:05   Desc
Exhibit C (Proposed Form of Order)   Page 5 of 7

# EXHIBIT A

Case 1:13-md-02419-RWZ  Document 1845-2  Filed 05/18/15  Page 53 of 54
Case 12-19882  Doc 1269-3  Filed 05/08/15  Entered 05/08/15  11:59:08  Desc
Exhibit C (Proposed Form of Order)   Page 6 of 7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | )       Chapter 11 |
| NEW ENGLAND COMPOUNDING | ) |
| PHARMACY, INC., | )       Case No. 12-19882 (HJB) |
|  | ) |
| Debtor. | ) |
|  | ) |

**NOTICE OF NONEVIDENTIARY HEARING**
**ON PROPOSED SETTLEMENT**

**PLEASE TAKE NOTICE** that a **HEARING** will be held on _____, 2015 at _____, before the Honorable Judge Henry J. Boroff United States Courthouse, 300 State Street, Berkshire Courtroom, Third Floor, Springfield, MA  01105-2924 to consider the *Joint Motion of the Chapter 11 Trustee and the Official Committee of Unsecured Creditors for Approval of Stipulations and Orders Relating to Preservation of Certain Parties' Rights to Seek Comparative Fault Allocations Under the First Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. and Request for Expedited Determination and Limitation of Notice* (the "<u>Motion</u>")

**OBJECTION/RESPONSE DEADLINE:**

Any and all objections/responses must be filed and served by 4:30 p.m. on _____, 2015.

**THE MOVING PARTY IS RESPONSIBLE FOR:**

1.      Serving a copy of this notice upon only the following parties, who will receive e-service of the Motion by e-service only:

      a.   Those parties who will receive electronic service in this case through this Court's Electronic Case Filing ("<u>ECF</u>") system (which service shall occur electronically through the Court's ECF system, without the need for further action by the Trustee); and

      b.   Those parties who will receive service in the United States District Court for the District of Massachusetts through the District Court's ECF system (which service shall occur electronically through that Court's ECF system, without the need for further action by the Trustee).

2.      Serving by email: (a) the signatories to the Stipulations attached to the Motion as Exhibits A and B; and (b) the Office of the United States Trustee.

Case 21-13892-SMG   Doc 1269-3   Filed 08/08/15   Entered 05/08/15 11:59:05   Desc
Case 1:13-md-02419-RWZ   Document 1945-2   Filed 05/18/15   Page 54 of 54
Exhibit C (Proposed Form of Order)    Page 7 of 7

3.      Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below.  If the hearing date is less than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing.  **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing.**

**NOTICE TO ALL PARTIES SERVED:**

1.      **<u>Your rights may be affected.</u>**  You should read this notice, the above referenced pleadings and any related documents carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult with one.  **COPIES OF THE ABOVE-REFERENCED MOTIONS ARE AVAILABLE WITHOUT CHARGE FOR DOWNLOAD AT http://www.donlinrecano.com/necp.**

***PLEASE DO NOT CALL THE COURT OR THE TRUSTEE WITH QUESTIONS ABOUT THIS NOTICE OR FOR LEGAL ADVICE.***

2.      Any request for a continuance **MUST** be made by **WRITTEN MOTION** filed and served at least one (1) business day prior to the hearing date.  See MLBR 5071-1.

3.      The above hearing shall be **<u>nonevidentiary</u>**.  If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule an evidentiary hearing.

DATE: _____, 2015

DM3\3290183.4