**Blumberg & Wolk, LLC**
158 Delaware Street
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports
Medicine Associates of Southern New Jersey, LLC, trading as
Premier Orthopaedic Associates, Premier Orthopaedic Associates
Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a
Kimberley Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard
C. DiVerniero, M.D., John Catalano, M.D., Jeffrey Strauss, M.D.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br><br> This document relates to:<br><br>All New Jersey Cases<br><br> | Docket No. 1:13-md-2419-RWZ<br><br>MDL No. 02419 |

---

MOTION TO EXTEND THE FACT DISCOVERY DEADLINES TO DECEMBER 15,
2015

---

Defendants Premier Orthopaedic and Sports Medicine

Associates of Southern New Jersey, LLC, trading as Premier

Orthopaedic Associates, Premier Orthopaedic Associates Surgical

Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley

Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C.

DiVerniero, M.D., John Catalano, M.D., Jeffrey Strauss, M.D.

(Hereinafter the "Premier Defendants" and/or "premier") now move

before this Honorable Court to modify Case Management Order No.

9 and enlarge the deadline for fact discovery by extending the
deadline to January 1, 2016.

## Preliminary Statement

Much of if not all of the legal authority necessary to
support the instant motion has been cited by Counsel for the St.
Thomas entities (Dkt. No. 1850) and is being adopted herein to
avoid duplicative representations and to conserve resources.
There are a few distinguishing factors that set the moving
defendants apart from the St. Thomas Entities and that require
additional time for factual discovery and enlargement of the
Case Management Order No. 9. However for the reasons stated
below and for the reasons and authority stated in the previous
submissions by the St. Thomas entities (Dkt. No. 1850) the
Premier Defendants now ask this Honorable Court to enlarge the
time period for the completion of fact discovery and amend Case
Management Order No. 9 by 180 days to December 15, 2015.

## Statement of Facts/Procedural Posture

The court is well aware of the underlying facts of the case
as they pertain to the NECC and National Defendants.  However,
the "Premier Defendants" and their role in this case should be
introduced.  The PSC has chosen to bring suit against Premier

Orthopedic Associates and its various doctors (Kimberley Yvette
Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., Thomas
Dwyer, M.D., Richard C. DiVerniero, M.D., John Catalano, M.D.)
for administering MPA that was contaminated by NECC and its
National Counterparts. To date, Premier is facing 56 suits.
Premier operates a free-standing surgical center, which opened
its doors in January 2010, where a select few doctors perform
pain injections and did so in 2010, 2011 and 2012.  Premier's
main offices and surgical center are located on Delsea Drive in
Vineland, New Jersey.  Located very close to Premier also in
Vineland, New Jersey is a Hospital System named Inspira Health
Network.  This Hospital System maintained a clinic where it
treated patients who were exposed to contaminated MPA after the
outbreak was reported and also injected patients with MPA bought
from NECC.  At times, Premier doctors would inject patients at
the Inspira Center, using MPA bought by them from NECC.  Also,
this Hospital System worked closely with Premier Orthopedic
Associates when first opening their (Premier's) doors for
business in 2010.  Inspira Health entered mediation and settled
their dispute with plaintiffs through the bankruptcy
proceedings.

     Just as with the St. Thomas defendants, Premier and its
doctors had absolutely no knowledge of the actual or potential
for contamination of these purchased MPA vials.  Too, there is

absolutely no proof that Premier or the doctors that have been invited to this litigation knew or even should have known that the vials of MPA would have been contaminated. The culpable parties in this matter and those against whom Premier is entitled to seek comparative fault and other proportionate fault arguments/defenses are NECC, its insiders (Chin, Cadden, Conigliaro, etc. . .) and the National Affiliates such as Liberty, Victory, Unifirst, ARL and others.  The PSC has been placed on notice through the filing of Premier's Answer through cross claims asserted therein that these defenses would be asserted (See, Dkt. No. 1541).

In order to assert these very valid and necessary defenses discovery must be conducted and proofs must be presented at the time of trial based on this necessary discovery.  The discovery necessary to prove the comparative fault of NECC, its insiders and the national defendants is the very same discovery that is being pursued and fought for by the St. Thomas Entities.  To that end, St. Thomas has been requesting, noticing and scheduling the necessary depositions. As stated in Case Management Order No. 10 (Dkt No. 1426) governing depositions, one deposition of each defendant and fact witness is being coordinated to apply to all defendants.  Premier has noticed the deposition of Glenn Chin and Barry Cadden.  Also, Premier has

served separate, written requests for discovery against the NECC

insiders including the Conigliaros, Caddens, Chin, and others.

In addition, the Premier defendants are conducting

discovery by and between the Inspira Defendants.  To date,

informal conversations with this settling defendant have yielded

objections to our proffered requests.  It is therefore

anticipated that there will be objections to requests for

documents and depositions in the future.

**Discovery Efforts**

The PSC has conducted the deposition of one (1) Premier

fact witness.  Michele Cassidy was deposed on April 22, 2015.

The discovery efforts to date have mirrored those pursued by the

St. Thomas Entities and Tennessee clinic Defendants.  It is

respectfully requested that this Honorable Court take notice of

the efforts put forth thus far against the "National Defendants"

and take further notice that these depositions and document

requests have been delayed either by way of rescheduling or (for

the most part) because of the invocation of the 5th amendment.

The Premier Defendants have participated in a meet and confer

process with these criminal defendants' attorneys to attempt to

"work out" terms for their depositions.  These efforts failed.

Opposition to the motion for protective order is being filed

shortly so the issue can be disposed of at the May 28, 2015

hearings.   Unfortunately, this delayed matters significantly.
Therefore, to date, the depositions of twenty-two (22) witnesses
have been noticed, and either postponed or canceled due to the
filing of a motion for protective order.   All twenty-two must be
rescheduled and completed.

In addition to these twenty-two depositions, a meet and
confer with the PSC has yielded the identity of the following
additional depositions, which have been "penciled in" for
scheduling but will need to be completed.   The PSC intends to
take several depositions including defendants to this case and
has represented that notices for these depositions will be
forthcoming.   To date, no notices have been received.   The
following outlines the PSC's efforts to schedule and complete
the depositions relevant to the New Jersey Litigation:[1]

| Party/Witness | Status of Written Discovery | Date for Deposition | |
|---|---|---|---|
| Michelle Cassidy<br><br>(Premier Office Manager) | Done | N/A | |
| Murphy Health Grp. 30(b)(6)<br><br>(Consultant to Premier Ortho) | Subpoena for documents | May 22, 2015 (Likely Postponment as counsel is being sought. | |

---

[1] This table is being offered as a supplement to that provided in the St. Thomas Entities motion to enlarge discovery.  The depositions that have been identified in the St. Thomas are essential to Premier's proportionate fault defenses.

| | | | |
|---|---|---|---|
| Ronald Kubacki<br><br>(Pharmacy Consultant to Premier Orthopedic) | No Written Discovery requests by plaintiff to date | No Notice or Subpoena received to date. | |
| Vannette Perkins. M.D.<br><br>(Defendant) | n/a | No Notice or Subpoena received. | |
| Dr. Bagot<br><br>(defendant) | n/a | No Notice or Subpoena received. | |
| Dr. Shah<br><br>(Defendant) | Written Discovery Complete | No Notice or Subpoena received. | |
| Dr. Smith-Martin<br><br>(Defendant) | Written Discovery Complete | No Notice or Subpoena received. | |
| Thomas Dwyer<br><br>(Defendant) | Written Discovery Complete | No Notice or Subpoena received. | |
| Thomas Mitros, M.D.<br><br>Fact Witness/Consultant | N/D | No Notice or Subpoena received. | |
| Inspira Health Network | | To be noticed | |

To defend the claims by the 56 plaintiffs who have filed suit against Premier and its doctors, the depositions of the individuals identified by the St. Thomas Entities as well as those set forth on the chart above, are essential. The laboring oar in scheduling the depositions may have been managed by St. Thomas but the testimony may only be elicited once and is crucial to Premier's defense.

As is clear from the above, there remains a significant amount of work that must be completed before each side can exchange expert reports and engage in expert discovery.  For the most part the depositions above have not been noticed or scheduled but have been identified by the PSC as witnesses who will be deposed. After a meet and confer, potential dates were discussed, yet notices have not been forthcoming for these depositions and will likely have to be rescheduled into the future, beyond the current deadline.  While it is true that Premier and St. Thomas require the depositions of the same witnesses to pursue their comparative fault defenses the time needed to compete discovery relevant to the Premier defendants will need to be extended further than that which St. Thomas is asking because Premier's own doctors still need to be deposed. This creates a larger list of potential deponents.  Most of, if not all of St. Thomas and the Tennessee clinics named defendants and fact witnesses have been deposed – that is not the case with Premier.

Therefore, additional time will need to be afforded in order to balance the national defendant discovery and the discovery relevant to the Premier Defendants and their common witnesses.  It is respectfully requested that the deadline for common fact discovery be extended by 180 days and Case Management Order No. 9 be modified accordingly.

The authority upon which the Premier Defendants rely is set forth in detail in document No. 1850 filed by counsel for St. Thomas.  Such authority is binding and relevant to the issues presented to the Court relevant to the Premier Defendants. Therefore, out of a need to avoid repetitive filings and to conserve resources, the Premier Defendants rely upon the legal brief and arguments submitted by the Tennessee Defendants at Dkt. No. 1850.

## Conclusion

Therefore, given the enormity of work which remains in this case despite the diligence of the defendants in this matter, there exists good cause for the enlargement of the existing discovery Order.   It is respectfully requested that this Honorable Court enter an order extending the deadline to perform fact discovery by 180 days to December 15, 2015

Respectfully submitted,

Blumberg & Wolk, LLC
Attorneys for: Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., et al

By: /s/Christopher M. Wolk

Christopher M. Wolk, Esq
Blumberg & Wolk, LLC
158 Delaware Street
Woodbury New Jersey 08096
(856)848-7472 p
(856)848-8012 f

## CERTIFICATE OF SERVICE

I, Christopher M. Wolk, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.


Date: May 13, 2015                    /s/ Christopher M. Wolk_____