## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419 Master Docket No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Cases | |

## MEDICAL SALES MANAGEMENT, INC.'S AND MEDICAL SALES MANAGEMENT SW, INC.'S JOINDER IN THE INVOKING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

MSM Inc. and MSM SW Inc., (hereinafter collectively referred to as "MSM") by and through counsel, hereby join the Motion For Protective Order filed on, or about, May 4, 2015 by the Invoking Defendants ( MDL Docket No. 1823, hereinafter referred to as the "Invoking Defendants' Motion for Protective Order").

In support of this Joinder, counsel states as follows:

1.      On April 17, 2015, the St. Thomas Defendants served MSM Inc. with a 30(b)(6) notice of deposition, listing fifteen topics and noticing the deposition for June 10, 2015, in Boston, Massachusetts (the "MSM Deposition Notice")  (*See* Notice of Deposition attached hereto and MDL Docket No. 1782.)[1]

2.      On April 28, 2015, counsel for MSM participated in a meet and confer telephone conference with counsel for the St. Thomas Entities, the Tennessee Clinic Defendants and the Premier Defendants, in effort to resolve disputes regarding depositions.

---

[1] The St. Thomas Defendants have also informally requested the deposition of a corporate designee from Medical Sales Management SW, Inc. and therefore this Joinder is also filed on behalf of MSM SW Inc.

3.      On or about May 4, 2015, through counsel, Barry J. Cadden, Lisa Conigliaro-Cadden, Gregory Conigliaro, Carla Conigliaro, Douglas Conigliaro and Glenn A. Chin (collectively, the "Invoking Defendants") moved for entry of an Order quashing the deposition notices served on the Invoking Defendants by the Saint Thomas Entities, Tennessee Clinic Defendants and Premier Defendants. [2]

4.      As noted in the Invoking Defendants' Motion for Protective Order, if forced to attend a deposition, every substantive question posed at a deposition will result in the Invoking Defendants exercising their Fifth Amendment privilege against self-incrimination. [3]

5.      Neither MSM Inc., nor MSM SW Inc. currently employs anyone, nor is either entity conducting regular business activities. Thus, the only individuals who could theoretically be designated as corporate representatives for the 30(b)(6) topics (or any other topics for that matter) are the Invoking Parties, who will not accept such a designation.

Wherefore, MSM moves for a Protective Order, by joining in the Invoking Defendants' Motion for Protective Order.

---

[2] All of the Officers and Directors of MSM Inc. and MSM SW Inc. are also Invoking Defendants.

[3] Moreover, on May 11, 2015, the United States Attorney for the District of Massachusetts filed an affidavit in support of the government's motion to stay the deposition of FDA representatives (*See* Exhibit A of MDL Docket No. 1838). Various assertions contained in that Affidavit clearly show that the 5th Amendment concerns previously articulated by the Invoking Defendants (and joined by other entities and/or individuals) are completely valid.

Dated:  May 14, 2015

Respectfully submitted,

DEFENDANTS MEDICAL SALES
MANAGEMENT, INC. AND MEDICAL
SALES MANAGEMENT SW, INC.,

By their attorneys,


/s/ Dan Rabinovitz
Dan Rabinovitz, Esq. (BBO #558419)
John K. Wells, Esq. (BBO #671345)
Michaels, Ward & Rabinovitz, LLP
One Beacon Street, 2nd Floor
Boston, MA 02108
(617) 350-4040 (phone)
(617) 350-4050 (fax)
dmr@michaelsward.com
jkw@michaelsward.com


## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2015, a true copy of the foregoing was filed in accordance with the Court's Electronic Filing Guidelines and will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Dan Rabinovitz
Dan Rabinovitz, Esq.

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | |
| | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Dkt. No 1:13-md-2419 (RWZ) |
| All Cases | ) ) | |

### Notice of 30(b)(6) Deposition

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants"), pursuant to Federal Rule of Civil Procedure 30(b)(6), come now and give notice that the oral and videotaped deposition of Medical Sales Management, Inc. ("MSM"), as an organization, will be taken on the topics detailed below. MSM shall identify the person(s) who will speak on its behalf on each topic at least seven (7) days before the deposition(s).

The deposition will be taken on June 10, 2015, beginning at 9:00 a.m. (EDT) and continuing until completed. The deposition will take place at the offices of at the offices of Nutter, McClennen & Fish LLP, 155 Seaport Blvd., Boston, MA 02210. The deposition will be recorded by stenographical means and by video.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), MSM's designee(s) shall be prepared to testify regarding the following subjects[1]:

**Corporate structure and background**

1.      MSM's basic corporate structure from 2005 to the present.

2.      The business relationship between MSM and NECC, Ameridose, Medical Sales Management, SW, Inc., or any other Affiliated Defendant.

3.      Identification of the employees, managers, and executives of MSM, including the chain of command.

4.      How MSM's employed salespeople (and non-employed salespeople, if the sales staff were classified as independent contractors) were compensated, including how MSM and its employees and salespeople were paid by NECC or Ameridose for MSM's services selling and marketing NECC and Ameridose's products.

5.      The amount of money NECC (or anyone paying MSM on NECC's behalf) paid MSM from 2008 to 2012.

6.      MSM's policies and procedures related to the sale and marketing of NECC's products.

7.      Orientation and training received by MSM employees regarding the sale and marketing of NECC's products.

---

[1] Unless otherwise specified, the applicable timeframe for these requests is January 1, 2005-December 31, 2012.

2

**Representations made to customers and marketing efforts**

8.      MSM salespersons' communications with Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; St. Thomas Hospital; Saint Thomas Health; Saint Thomas Network; Specialty Surgery Center, PLLC; Kenneth Lister, MD; and Jean Atkinson, RN.

9.      Representations MSM employees and salespeople made to customers and prospective customers regarding NECC, Ameridose, and the products NECC and Ameridose offered, the quality of the products, the ordering process, the submission of patient lists or patient-specific prescriptions, and statutory or regulatory requirements related to the compounding, manufacturing, and ordering of the drugs.

10.     MSM's internal marketing policies or programs designed to grow and expand NECC's or Ameridose's business.

**Information regarding product quality and the ordering process**

11.     Internal communications or communications with NECC, Ameridose, or any other Affiliated Defendant regarding the sterility of medications created by NECC or Ameridose, the ordering process for compounded products, the need for patient-specific prescriptions when ordering, the labeling of drugs with a specific patient's name, the need to submit patient lists with medication orders, the creation of prescriptions onsite at the NECC facility to create the appearance of compliance with laws requiring patient specific prescriptions, the safety of drugs compounded by NECC or Ameridose, complaints from customers regarding products compounded by NECC or Ameridose, and NECC, Ameridose, or MSM's compliance with Massachusetts, Tennessee, or

3

federal law related to compounding or manufacturing medications, or United States Pharmacopeia guidelines for compounding medications.

      12.    Whether MSM received any complaints regarding the quality of NECC or Ameridose product or the veracity of MSM's marketing materials, including complaints by employees, former employees, customers, prospective customers, or former customers.

      13.    Communications with the FDA or any state board of pharmacy regarding NECC or Ameridose.

**Other information**

      14.    Documents produced by MSM in response to discovery requests in this litigation.

      15.    MSM's written discovery responses in this litigation.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic
Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted pro hac vice.

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 17th day of April, 2015. Additionally, the subpoena and notice are being served on the following by electronic mail.

Daniel M. Rabinovitz
Michaels, Ward & Rabinovitz, LLP
One Beacon Street
2nd Floor
Boston, MA 02108

*Counsel for MSM*

/s/ Chris J. Tardio
**Chris J. Tardio**