AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| In re NECC Product Liability Litigation (MDL) ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. MDL No. 2419; 1:13-md-2419 |
| This document relates to all suits ) | |
| against the Saint Thomas Entities ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Paul Moore, Chapter 11 NECC Trustee

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached list.

| Place: Nutter Mclennen & Fish LLP<br>155 Seaport Blvd<br>Boston, MA 02210 | Date and Time:<br>06/01/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____05/14/2015_____

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| _____<br>Signature of Clerk or Deputy Clerk | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
St. Thomas Hospital, Saint Thomas Health & Saint Thomas Network , who issues or requests this subpoena, are:
Adam Schramek, Norton Rose Fulbright, 98 San Jacinto Blvd, Ste 1100, Austin, TX 78701 512-536-5232

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  MDL No. 2419; 1:13-md-2419

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

   I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

   ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

   I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                *Server's signature*

                                         _____
                                                *Printed name and title*

                                         _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

Case 1:13-md-02419-RWZ   Document 1857-1   Filed 05/14/15   Page 3 of 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

## DEFINITIONS

A. "Communication," "document," "identify," "person," and "concerning" have the meaning stated in Local Rule 26.5 for the United States District Court for the District of Massachusetts.

B. "ARL" means ARL BioPharma, Inc. d/b/a Analytical Research Laboratories, an Oklahoma corporation with a principal place of business located at 840 Research Parkway, Suite 546, Oklahoma City, Oklahoma, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

C. "Ameridose" means Ameridose, LLC, a Massachusetts limited liability company with its principal offices located at 205 Flanders Road, Westborough, MA, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

D. "GDC" means GDC Properties Management, LLC, a Massachusetts limited liability company with its principal offices located at 701 Waverly Street, Framingham, Massachusetts 01702, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

E. "Lawsuit" means In re New England Compounding Pharmacy, Inc. Products Liability Litigation, MDL No. 2419, Dkt. No. 1:13-md-2419 (RWZ), filed in the United States District Court for the District of Massachusetts.

F. "Liberty" means Liberty Industries, Inc., a Connecticut corporation with its principal place of business at 133 Commerce Street, East Berlin, Connecticut 06023, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

G. "MPA" means methylprednisolone acetate.

H. "MSM" means Medical Sales Management, Inc., a Massachusetts corporation with a principal place of business located at 701 Waverly Street, Framingham, Massachusetts 01702, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

I. "NECC" means New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, a corporation with its principal place of business at 687–705 Waverly Street, Framingham, MA 01702, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

J. "Victory" means Victory Heating & Air Conditioning Co. Inc./Victory Mechanical Services, Inc., Massachusetts corporations with their principal offices located at 115 Mendon St., Bellingham, Massachusetts 02019, their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

K. The singular includes the plural number, and vice versa. The masculine includes the feminine and neutral gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## DOCUMENT REQUESTS

1. All communications concerning UniFirst and/or UniClean, including without limitation the following:

    A. correspondence with Edwin Cardona, such as attachment A-1;

    B. correspondence concerning mold;

    C. correspondence concerning fungal blooms, such as attachment A-2;

    D. correspondence concerning rotating cleaning solutions;

    E. correspondence concerning the use of vesphene;

    F. correspondence concerning which cleaning solution was being used or should be used; and

    G. correspondence regarding NECC's satisfaction or dissatisfaction with, or criticisms regarding, UniFirst's services or cleaning personnel.

2. All communications concerning Liberty, including without limitation the following:

    A. correspondence with Jeff Erickson, Robert Kaiser and/or George Pollick,

    B. correspondence concerning the design, installation or testing of any cleanroom; and

    C. correspondence concerning the pass-through and/or conveyor belt, such as attachment A-3.

3. All communications concerning Victory, including without limitation the following:

    A. correspondence concerning the humidity in any cleanroom;

    B. correspondence concerning the air pressure in any cleanroom;

    C. correspondence concerning turning off the HVAC system at night; and

    D. correspondence concerning problems or concerns with the HVAC system at NECC, including leaks.

4. All communications concerning ARL and/or the testing being done by it, other than testing reports or invoices, including without limitation the following:

    A. correspondence concerning testing;

    B. correspondence concerning sampling and sample size;

    C. correspondence concerning false positive or false negative testing results; and

    D. correspondence concerning when tests were being run, or should have been run, during the compounding process.

5. All communications concerning GDC, including without limitation the following:

    A. correspondence with Steve Higgins;

    B. correspondence concerning any cleanroom;

    C. correspondence concerning water leaks; and

    D. correspondence concerning the nearby recycling center operations.

6. All communications concerning any regulatory agency or its officers, directors, employees, investigators, or representatives including without limitation the Federal Drug Administration ("FDA"), any state board of pharmacy or any regulatory investigation.

7. All communications concerning MSM, including without limitation the following:

    A. correspondence concerning compliance with any standard or regulation (USP, FDA; Current Good Manufacturing Practices, etc.);

    B. correspondence concerning joint marketing efforts with Ameridose;

    C. correspondence concerning patient-specific prescriptions;

    D. correspondence concerning orders using patient lists;

    E. correspondence concerning how to market NECC or Ameridose products; and

    F. correspondence concerning St. Thomas Outpatient Neurosurgical Center, Howell Allen Clinic, John Culclasure, M.D., Debra Schamberg, R.N., or St. Thomas Hospital.

8. All communications concerning compounding medications with expired material such as attachment A-4.

9. All communications concerning shortcomings in NECC's testing methods or failure to test lots, such as attachment A-5.

10. All communications concerning the use of unlicensed personnel to compound or assist in compounding medications as reflected in attachment A-6.

11. All security or surveillance video from NECC's premises.