**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>All Cases | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MDL No. 2419
Dkt. No 1:13-md-2419 (RWZ)

---

### RESPONSE TO TRUSTEE'S MOTION FOR PROTECTIVE ORDER

---

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, A Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC (collectively "Tennessee Clinic Defendants") oppose the Trustee's Motion For a Protective Order[1] that seeks to quash the subpoena for deposition testimony of NECC pursuant to Fed. R. Civ. P. 30(b)(6).

### <u>INTRODUCTION</u>

The Trustee argues on behalf of NECC that NECC should not have to comply with Rule 30(b)(6) because NECC's owners and officers are under criminal indictment, because NECC has already self-selected a fraction of its documents for production onto a repository, and because the Trustee himself has no personal knowledge of the operations of NECC.[2]

---

[1] Dkt. Entry 1810.
[2] As a preliminary point, the bulk of the Trustee's motion rests on the fundamentally-flawed premise that the Tennessee Clinic Defendants' ability to depose an NECC designee hinges on the Trustee's personal knowledge of NECC's affairs. However, the Tennessee Clinic Defendants do not seek to depose _the Trustee_. Rather, the Tennessee Clinic Defendants seek to depose a corporate representative of _NECC_ on a variety of factual issues that are central to the claims and defenses in this lawsuit.

However, courts across the country have rejected similar objections. The Trustee presents no valid reason for refusing to designate a corporate representative. NECC should be required to participate in discovery just as any other person or entity involved in this litigation. NECC's participation in discovery is even more essential because NECC is *the primary player* in this MDL and holds *essential information* necessary to prepare these cases for trial.

The Court should order NECC to present a corporate spokesperson for deposition in compliance with Rule 30(b)(6).

## LAW AND ARGUMENT

**I.     NECC Must Comply with Its Obligation to Designate a Witness for 30(b)(6) Deposition Testimony because Such Testimony Is a Vital Component of the Tennessee Clinic Defendants' Defense of these Lawsuits.**

When served with a Rule 30(b)(6) Notice of Deposition:

"It is . . . the duty of the corporation to name one or more persons who consent to testify on its behalf and these persons must testify as to matters known or reasonably available to the corporation. Not only must the organization designate a witness, but it is responsible also to prepare the witness to answer questions on the topics identified and present the organization's knowledge on those topics."[3]

A Rule 30(b)(6) deposition "is a sworn corporate admission that is binding on the corporation."[4] "Rule 30(b)(6) . . . is an additional, supplementary and complementary deposition process designed to aid in the efficient discovery of facts."[5] A Rule 30(b)(6) deposition is a vital complement to written discovery because, "if there are conflicts among [the defendant's] employees regarding facts in the submissions or there are other

---

[3] 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2103 (2d ed. 1987) (citation omitted).

[4] *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (D. D.C. 2003).

[5] *See Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth.,* 93 F.R.D. 62, 65 (D.P.R. 1981) (*citing* Advisory Committee Note to Rule 30(b)(6)); *Atlantic Cape Fisheries v. Hartford,* 509 F.2d 577 (1st Cir. 1975).

explanations or interpretations that [the defendant] has regarding the submissions, Plaintiffs are entitled to them."[6][7]

### a. NECC Holds Highly Relevant Evidence that Must Be Discovered.

Deposition testimony from NECC's designee is crucial to the Tennessee Clinic Defendants for four primary reasons.[8]

First, NECC is the undisputed central focus in this litigation. To date, *not a single witness* affiliated with NECC has taken the oath and testified in any of the 500+ MDL cases. A complete picture of the facts underlying these lawsuits simply cannot be presented to a jury without testimony from *the* central party in this MDL.

Second, the Tennessee Clinic Defendants specifically need NECC's deposition testimony to prove their comparative fault defense.

The Tennessee Clinic Defendants assert that NECC is responsible for the Plaintiffs' injuries and intend to urge the jury to apportion fault to NECC in each and every case. The Tennessee Clinic Defendants need testimony and documents to prove NECC's deviation from the standard of practice in manufacturing and distributing the medication that caused the Plaintiffs' injuries. Such testimony is vital to prove the elements of the comparative fault claim against NECC.[9]

---

[6] *Id.*

[7] In this instance, by asserting comparative fault of NECC, the Tennessee Clinic Defendants step in the shoes of the Plaintiffs and must prove a claim of negligence against NECC.

[8] There can be no legitimate argument that the information sought by the Rule 30(b)(6) notice of deposition is *relevant* and *discoverable* under the broad standard of Rule 26. *See Baker v. Kiggett Group, Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990) (holding Rule 26 generally allows liberal discovery of relevant information). "As the Supreme Court has instructed, because 'discovery itself is designed to help define and clarify the issues,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Enargy Power (Shenzhen) Co. Ltd. v. Xiaolong Wang*, No. 13-11348-DJC, 2014 WL 4687542 (D. Mass. 2014) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[9] Could the Court fathom requiring a plaintiff to prove the fault of a manufacturer without the ability to depose the manufacturer's corporate agents and employees?

_Third_, testimony from NECC is necessary to directly rebut many of the Plaintiffs' claims against the Tennessee Clinic Defendants.

The PSC's primary allegation is that, had the Tennessee Clinic Defendants just performed a more thorough "due diligence" investigation of NECC prior to purchasing from NECC, the Tennessee Clinics would not have purchased the medications.[10] Testimony from NECC will likely directly refute this claim.

Specifically, the PSC alleges that the Tennessee Clinic Defendants should have asked NECC about its regulatory history, and that NECC's answers to these questions would have prompted the Tennessee Clinic Defendants to purchase medication from a supplier other than NECC. The Tennessee Clinic Defendants must obtain testimony from NECC to demonstrate that NECC provided reassuring, satisfactory answers (which have now been shown to be false answers) when other customers asked these same or similar questions.[11]

Similarly, the evidence sought will likely show that, had the Tennessee Clinic Defendants performed a site inspection of NECC's facility in 2011 or 2012 (as the PSC contends the standard of practice required), the premises would have been in good condition.[12]

Also, the Tennessee Clinic Defendants believe that NECC's testimony will establish that only a handful of the thousands of customers of NECC actually did what the PSC claims the standard of practice requires, begging the question: how could it be

---

[10] Notably, some 3,000 other health care providers also purchased product from NECC.
[11] The examples of the obvious relevance of NECC testimony cited in this Response are not the only examples the Tennessee Clinic Defendants could cite. There are numerous examples. Some of the more obvious are included here to illustrate why these cases cannot be tried fairly without NECC submitting to oral discovery.
[12] It is believed that other site inspections performed in this timeframe revealed nothing concerning. NECC's testimony is necessary to establish this key piece of evidence.

the standard of practice if almost no health care provider did it? NECC is uniquely suited to testify about whether customers from 2011-12 actually performed the type of due diligence the PSC claims the Tennessee Clinic Defendants were required to undertake.

<u>Fourth</u>, a significant function of the deposition of NECC is to corroborate the Tennessee Clinic Defendants' deposition testimony regarding their interactions with NECC. Witnesses for the Tennessee Clinic Defendants have testified that NECC represented, orally and in writing, that it complied with specific industry standards, and that NECC directed the process for ordering medications that the PSC claims was illegal. These interactions are central to the Tennessee Clinic Defendants' position that it was reasonable to rely on NECC's representations. Testimony from NECC is essential to validate the truth of the Tennessee Clinic Defendants' side of the story. Without testimony from NECC, the jury hears only one-half of these important interactions.

* * * * * * *

NECC possesses highly relevant evidence that is indispensable to the Tennessee Clinic Defendants in defending Plaintiffs' claims against them.

### b. A "Document Dump" of 32,000 Documents Is Not a Sufficient Substitute for Live Testimony from a Corporate Representative to Discover and Establish this Vital Evidence.

The Trustee asserts that the Tennessee Clinic Defendants already have adequate information to support their comparative fault claims from documents produced.[13] The Trustee insists that a "document dump" of over 32,000 documents uploaded onto a repository relieves NECC of its obligation to produce a corporate witness on designated subjects.

---

[13] Again, the testimony of NECC is important on more issues than just comparative fault, as explained above.

It is not the prerogative of NECC to choose the format the Tennessee Clinic Defendants can utilize to gather evidence to support their defenses.[14] Regardless, the production of documents is not an adequate substitute for the binding testimony of a corporate representative.[15]

Of course, any litigant would prefer dumping a mass of documents onto a repository in lieu of answering a targeted subpoena and preparing and presenting live witnesses. However, that is not acceptable, particularly when the target of the discovery is a central part of hundreds of lawsuits. This Court would quickly dismiss a suggestion that the Plaintiffs must confine prosecution of their cases solely to documents self-selected by these Defendants, never explained, authenticated, or justified through the voice of an identifiable witness. That hypothetical scenario is equally unjust with respect to the testimony sought from NECC. The Trustee has failed to carry *his burden* of establishing that NECC is entitled to a protective order excusing NECC from complying with Fed. R. Civ. P. 30(b)(6) because NECC has dumped documents onto a repository.[16]

## II.    A Bankrupt Entity Cannot Avoid Designating a 30(b)(6) Representative.

Bankrupt parties are frequent participants in litigation. The Trustee contends, without support, that NECC's bankruptcy somehow permits it to not only abandon its creditors, but also to avoid discovery in an MDL necessitated by NECC's own wrongful

---

[14] *See Old Chief v. United States*, 519 US 172, 186 (1997) (recognizing the standard rule that a party "is entitled to prove its case by evidence of its own choice").

[15] *See In re Vitamins Antitrust Litig.*, 216 F.R.D. at 174 (requiring a 30(b)(6) deposition over objection that it was duplicative of other discovery already done).

[16] The burden to establish that a protective order is justified, of course, is on the movant. *See Jagex Ltd. v. Impulse Software*, 273 F.R.D 357, 358 (D. Mass. 2011).

actions. The weight of authority is clear that an entity is not excused from presenting a witness pursuant to Rule 30(b)(6) simply because the entity is insolvent.[17]

### a. The Fact that NECC May Have No Employees Now Does Not Relieve NECC of Its Obligation to Designate a Witness.

The absence of employees of the now-defunct NECC does not excuse compliance with Fed. R. Civ. P. 30(b)(6). _Any_ person may serve as a corporation's 30(b)(6) representative so long as the person (1) consents to testify on NECC's behalf and (2) has been properly prepared regarding the designated topics. The witness need not be a present or even a former employee.[18]

A Rule 30(b)(6) designee presents the corporation's position on the topics set forth in the notice of deposition.[19] The rule "gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf."[20]

The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved.[21] The duty to designate applies whether or not the organization employs or knows of an individual with personal knowledge of the matters noticed.[22]

---

[17] _See In re Johns–Manville Corp. (Norton),_ 39 B.R. 659 (S.D.N.Y.1984) (allowing deposition of bankrupt party in order to prepare for collateral litigation); _In re Johns-Manville Corp. (Occidental Chemical)_, 41 B.R. 926 (S.D.N.Y. 1984) (allowing relief from automatic stay so defendants in collateral civil litigation could depose various debtor representatives); _Bradley v. Salt Lake Mattress & Mfg. Co.,_ No. 2:00CV0017, 2000 WL 33710900, at *2 (D. Utah May 9, 2000) (allowing deposition and testimony would not result in prejudice to the bankrupt party); _In re Holtkamp, Inc.,_ 669 F.2d 505 (7th Cir. 1982) (because debtor had been dismissed as a civil defendant, there is no threat to the debtor's property or estate).
[18] _See_ FED. R. CIV. P. 30(b)(6).
[19] _United States v. Massachusetts Indus. Fin. Agency_, 162 F.R.D. 410, 412 (D. Mass.1995).
[20] _U.S. v. Taylor_, 166 F.R.D. 356, 360 (M.D.N.C.1996).
[21] _Alexander v. Fed. Bureau of Investigation_, 186 F.R.D. 137, 141 (D.D.C. 1998).
[22] _See, e.g., Commodity Futures Trading Comm'n v. Noble Metals Intern., Inc._, 67 F.3d 766, 771 (9th Cir. 1995) (sanctions for failing to designate based on excuses that people were no longer employed, would not consent, or would invoke the Fifth Amendment); _Resolution Trust Corp. v. Southern Union Co., Inc._,

The fact that an organization no longer has a person with knowledge on the designated topics does not relieve the organization of the duty to prepare a Rule 30(b)(6) designee.[23] It is common for the knowledge of a corporation to be held by a former employee of the corporation, allowing the corporation to designate the former employee.[24] Even when actions by former employees are at issue, and a former employee is engaged to speak for the corporation, the corporation must take action to inform and educate the 30(b)(6) representative regarding the actions taken by the former employee.[25]

In *Taylor*, the court recognized that it is not unusual for a corporation to no longer employ individuals with first-hand memory of distant events or for the individuals with knowledge to have died.[26] "These problems, a fitting parallel to a bankrupt entity that discharged all of its employees, do not relieve a corporation from preparing its Rule 30(b)(6) designee for the subjects upon which examination has been requested, whether from documents, past employees, or other sources."[27]

A party producing a Rule 30(b)(6) witness "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits."[28] "If necessary, the deponent must use documents, past

---

[23] *Taylor*, 166 F.R.D. at 361.
[24] Whether former employees or present employees, Barry Cadden and the Conigliaros were obviously integrally involved with NECC and are still active in this litigation. They are not eliminated as candidates to give a 30(b)(6) deposition simply because they might assert the Fifth Amendment privilege to certain questions. *See Commodity Futures Trading Comm'n*, 67 F.3d at 771.
[25] *See, e.g., Massachusetts Indus. Fin. Agency*, 162 F.R.D. at 412 (rejecting corporation's argument that it was not required under Rule 30(b)(6) to educate its witness about actions taken by former employees of the corporation).
[26] *Id.*
[27] *Id.*
[28] *Taylor*, 166 F.R.D. at 362.

985 F.2d 196, 197 (5th Cir. 1993) (sanctions when designees lacked knowledge and party failed to designate readily identifiable witness with knowledge).

8

employees, and other resources in performing this required preparation."[29] Indeed, an entity can simply designate the *former* employee as corporate representative.[30] [31]

Under Rule 30(b)(6), the individual chosen to speak for the corporation has an affirmative obligation to educate himself as to the matters regarding the corporation.[32] "The designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions . . . . The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition."[33]

The Tennessee Clinic Defendants are entitled to discover the knowledge and views of NECC itself. That is the obligation that Rule 30(b)(6) imposes on any corporation, regardless of whether the corporation is solvent and has employees, or has sought the sanctuary of the Bankruptcy Court.

### b. The "Burden" Associated with Producing a Witness Does Not Relieve the Bankrupt Entity from Its Obligation to Do So.

Rule 26 allows a court to issue a protective order only upon showing of "good cause," which may be based on *undue* burden or expense. It is the responsibility of the proponent of a protective Order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact, as distinguished from

---

[29] *Briddell v. St. Gobain Abrasives Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005).

[30] *See, e.g., Employers Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co.*, No. 2005-0620, 2006 U.S. Dist. LEXIS 23419, at *2 (E.D.N.Y. Apr. 26, 2006) ("By its terms, Rule 30(b)(6) does not limit an organization from designating a person other than an employee to be deposed on behalf of that organization."); *Village of Kiryas Joel Local Dev. Corp. v. Ins. Co. of N. Am.*, No. 90-Civ-4970, 1991 U.S. Dist. LEXIS 3407, at *5–6 (S.D.N.Y. Mar. 21, 1991) ("[T]he fact that [the witness] may no longer be a director, officer or managing agent does not disable him from being a Rule 30(b)(6) designee of plaintiff."); *Hilburn v. Deere & Co.*, No. 88-3692, 1990 U.S. Dist. LEXIS 10299, at *9–10 (E.D. Pa. Aug. 7, 1990) (holding that a current consultant/former employee was the most knowledgeable, and therefore a binding 30(b)(6) witness).

[31] Notably, in his motion, the Trustee states, "NECC also surrendered its Massachusetts pharmacy license and laid off **most** of its employees." Dkt. Entry 1810, p. 3 (emphasis added). This careful phrasing is likely not by accident. NECC very well may still employ persons.

[32] *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004).

[33] *Taylor*, 166 F.R.D. at 361; *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998).

stereotyped and conclusory statements."[34] "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."[35] Protective orders completely prohibiting a deposition are seldom granted absent truly extraordinary circumstances.[36]

As this Court acknowledged in its _Order on Motions to Quash and Objections to Subpoenas_, "[t]he party resisting discovery bears the burden of showing that the subpoena imposes an undue burden, and it 'cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance.'"[37]

The only "burdens" identified by the Trustee are the implicit burden of selecting and preparing a witness to testify, and attending a deposition. Although adequately preparing a Rule 30(b)(6) deposition can be burdensome, "this is an obligation arising from exercise of the privilege to employ the corporate form in order to conduct business."[38] These purported "burdens" are assured elements of every 30(b)(6) deposition.

The Trustee has ready options for selecting a competent witness who can then be prepared to speak for NECC on the designated topics. NECC's directors and officers are not "unavailable" within the meaning of the Federal Rules of Evidence. Lack of interest by

---

[34] _Gen. Dynamics Corp. v. Selb Mfg. Co._, 481 F.2d 1204,1212 (8th Cir. 1973).

[35] _Salter v. Upjohn Co._, 593 F.2d 649, 651 (5th Cir. 1979).

[36] _Id._ at 653; _N.F.A. Corp. v. Riverview Narrow Fabrics_, 117 F.R.D. 83 (M.D. N.C. 1987).

[37] Dkt. 572 (quoting _Sterling Merch., Inc. v. Nestle, S.A._, No. 06-1015(SEC), 2008 WL 1767092, at *2 (D.P.R. Apr. 15, 2008) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (2d ed. 1995)); _see also Ameritox, Ltd. v. Millennium Labs., Inc._, No. 12-cv-7493, 2012 WL 6568226, at *2 (N.D. Ill. Dec. 14, 2012) ("To demonstrate undue burden, the movant must provide 'affirmative and compelling proof.'"); _Biological Processors of Alabama, Inc. v. North Georgia Envtl. Servs., Inc._, No. 09- 3673, 2009 WL 1663102, at *1 (E.D. La. June 11, 2009) (citation omitted) ("When the burdensomeness of a subpoena is at issue, the onus is on the party who alleges the burden to establish the burden with specificity, 'and assertions of a burden without specific estimates of staff hours needed to comply' are typically rejected.").

[38] _Taylor_, 166 F.R.D. at 362; _see also Sprint_, 236 F.R.D. at 528.

certain former officers or directors does not excuse NECC's compliance with the provisions of Fed. R. Civ. P. 30(b)(6). Former employees also offer a ready reserve of individuals to speak to the knowledge of the company. NECC, with revenue of $32.4 million from January-October 2012,[39] presumably had dozens of employees in various roles who could be enlisted to address one or more of the topics in the 30(b)(6) notice.

The "burdens" cited by the Trustee do not relieve NECC of the obligation to designate a witness – either a present employee, former employee, or non-employee – to testify pursuant Rule 30(b)(6). Certainly, the burdens, when taken in the context of NECC's role in this litigation, do not outweigh the obligation of this important party to participate in discovery.

### c. *The Trustee's* Lack of Personal Knowledge Does Not Excuse *NECC* From Designating a Corporate Representative.

The Trustee's objection to the subpoena based on his lack of personal knowledge of NECC's activities is a red herring. The Tennessee Clinic Defendants issued the subpoena to NECC, not the Trustee.

Regardless, the Trustee cites just one (1) case, *FDIC v. Wachovia Ins. Servs.*, claiming it holds that a 30(b)(6) deposition is improper when a trustee or receiver had no involvement with a company before its failure.[40] However, in *FDIC v. Wachovia Ins. Servs.*, the court actually quashed the subpoena because it was overbroad. The court explicitly stated, "it is difficult to imagine how Wachovia's 30(b)(6) notice could be more broadly drawn.[41] In the present case, the Trustee's objection is not to the subpoena's

---

[39] Criminal Indictment, ¶ 1.
[40] 2007 U.S. Dist. LEXIS 62538 (D. Conn. Aug. 27, 2007).
[41] *Id.* at 8.

breadth. The Trustee contends that NECC should not have to produce a witness at all. The parties have yet to even "meet and confer" on any claimed overbreadth objection.

Furthermore, other courts have held that a trustee's lack of personal knowledge does not excuse an insolvent entity from presenting a corporate representative.

In *Resolution Trust Corp. v. Sands*, the court ordered a 30(b)(6) deposition of a defunct corporation over counsel's objection that none of the trust company's employees had first-hand knowledge of the relevant facts that took place before the trust company became involved.[42] Similarly, in *Mann v. GTCR Golder Rauner, L.L.C.*, the court held that the mere fact that the trustee appointed to represent the defunct company was the only individual reasonably available did not prevent a 30(b)(6) deposition of the company.[43]

Simply put, there is no legitimate support for the Trustee's argument that *NECC* should be excused from presenting a corporate representative because *the Trustee* lacks personal knowledge of NECC's prepetition operations.

### III.   The Trustee Cannot Refuse to Designate a Deposition Witness Merely Because He Would Prefer to Provide Written Responses.

Similar to his argument that the "document dump" to date is sufficient to satisfy the Defendants' need for discovery, the Trustee suggests that responding to written discovery relieves NECC of its obligation to produce a 30(b)(6) witness. This is inconsistent with the law and logic.

The Federal Rules of Civil Procedure do not permit a party served with a Rule 30(b)(6) deposition notice or subpoena "to elect to supply the answers in a written response to an interrogatory" in response to a Rule 30(b)(6) deposition notice or

---

[42] 151 F.R.D. 616, 618-19 (N.D. Tex. 1993)
[43] No. 2:02-cv-02099-RCB (D. Ariz., Dec. 23, 2004). Order requiring deposition is attached as Exhibit 1.

subpoena.[44] "[T]he deposition process provides a means to obtain more complete information and is, therefore, favored."[45] Likewise, Rule 30(b)(6) does not permit a company to take the position that its documents state the company's position.

In *In re Vitamins Antitrust Litigation*, the defendants created timelines of events relevant to the litigation based on interviews of former employees and a review of accompanying documents.[46] The corporation took the position that the timelines "spoke for themselves" and the corporation need not produce a Rule 30(b)(6) deponent to explain the events.[47] The court rejected this argument, explaining:

> [Defendants]' objection rests on a misinterpretation of Rule 30(b)(6) and a mistaken view that mere authentication of the documents submitted with a corresponding disavowal of the truth or accuracy of the documents is sufficient to satisfy the requirements of Rule 30(b)(6) …. [there is] nothing in the rules or case law that would justify [such an] understanding of a sufficient Rule 30(b)(6) deposition."[48]

Written responses are an inadequate and improper substitute for permissible deposition testimony. The Tennessee Clinic Defendants cannot present their defense of these cases solely with self-selected, context-less documents from NECC.[49] NECC must produce one or more witnesses to speak to the subjects outlined in the Fed. R. Civ. P. 30(b)(6) notice.

## IV.   The Trustee Cannot Make a Blanket Assertion of Privilege to Excuse NECC From Producing a Rule 30(b)(6) Witness.

The Trustee sweepingly asserts that all knowledge he has related to NECC is the result of attorney-client communications.

---

[44] *Marker v. Union Fidelity Life Insurance*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).
[45] *Id.*
[46] 216 F.R.D. at 172, 174.
[47] *Id.*
[48] *Id.* at 172.
[49] This does not even address the evidentiary problems with trying to simply introduce NECC documents at trial with no NECC witness to offer any evidentiary support for the introduction.

First, the Trustee again conflates the request for a 30(b)(6) deposition of NECC with a request for the Trustee to testify. The Tennessee Clinic Defendants seek the deposition of NECC, not the Trustee himself.[50]

Second, regardless, the party asserting the privilege has the burden of proving the existence of the attorney-client privilege.[51] A blanket assertion is insufficient. In *S.E.C. v. Kramer*, the court reversed the decision to deny a 30(b)(6) deposition of the SEC and rejected a blanket assertion of privilege:

> "Permitting the Commission in this instance to assert a blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege."[52]

A party "is obligated to produce one or more 30(b)(6) witnesses who [are] thoroughly educated about the noticed deposition topics with respect to any and all facts known to [a party] or its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel."[53]

To be clear, the Tennessee Clinic Defendants do not seek any information legitimately protected under these privileges. However, information the Trustee possesses regarding NECC's prepetition activities is not privileged simply because it passed through an attorney, nor can NECC categorically hide areas of knowledge by generically claiming that they are protected by attorney-client privilege or the work-product doctrine. Not only is a blanket assertion of attorney-client and work-product privilege

---

[50] Unless, of course, the Trustee is the corporate designee. In that setting, though, he will be testifying as "NECC," not in his personal capacity.
[51] *United States v. Bay State Ambulance and Hosp. Rental Serv.*, 874 F.2d 20, 28 (1st Cir. 1989).
[52] 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011).
[53] *Id.*

inappropriate, it also makes objective evaluation of the propriety of the claim of privilege impossible.[54]

Put simply, an overbroad assertion of privilege over communications the Trustee has had with his client does nothing to shelter *NECC* from providing a deposition pursuant 30(b)(6). These are two separate issues – privilege over certain communications and whether NECC must give a deposition.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the Trustee's Motion for Protective Order and require NECC to designate a representative(s) for a 30(b)(6) deposition.

## <u>Oral Argument Requested</u>

The Tennessee Clinic Defendants request oral argument on this motion at the hearing before Magistrate Judge Boal on May 28, 2015, at 11:30 EDT in Courtroom 14.

[Signature on Following Page]

---

[54] *See* FED. R. CIV. P. 26(b)(5) (when asserting a privilege, a party must describe the nature of the privileged information in a manner that will enable other parties to assess the claim of privilege).

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic
Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 15th day of May, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**