FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 2 3 2004
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY kcs DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Mann, et al., | ) |
| Plaintiffs, | ) No. CIV 02-2099-PHX RCB |
| Vs. | ) O R D E R |
| GTCR Golder Rauner, L.L.C., et al., | ) |
| Defendants. | ) |

On November 24, 2004, Defendant Kirkland and Ellis ("K&E") served a Rule 30(b)(6) notice of deposition on Plaintiff Diane Mann in her capacity as trustee of the estate of LeapSource, Inc. Mann notified K&E that her position is that she is not a proper subject of a Rule (30)(b)(6) deposition because she is an individual, not a corporation, partnership or government agency. After being unable to resolve this issue, K&E requested a telephonic hearing. Pursuant to this request a hearing was held on December 20, 2004. Both Mann and K&E submitted written memos to the Court regarding the 30(b)(6) issue prior to the hearing.

Federal Rule of Civil Procedure 30(b)(6) provides that:

(153)

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

K&E argues that because Mann is asserting a malpractice claim against it on behalf of the now-defunct corporation LeapSource, Mann is an appropriate object of a Rule 30(b)(6) deposition. Mann counters that because she is an individual she cannot be the subject of a Rule 30(b)(6) deposition regardless of the fact that she represents the estate of an entity which would have been the appropriate target of a Rule 30(b)(6) deposition if it had brought the same claim against K&E before it went defunct.

Mann cites a case which she asserts supports the proposition that a named party who is an individual cannot be a 30(b)(6) deponent under any circumstances. See Koken v. Lederman, 2001 WL 32368781 (E.D. Pa. Oct. 25, 2001). However, though that case held that a party responsible for liquidating a company could not be a 30(b)(6) deponent, there is no indication that the basis for that holding was the individual character of the liquidator. See id. The only stated basis was that allowing a 30(b)(6) deposition would "inevitably invade the work-product privilege." Id. Mann has not demonstrated that the circumstances currently before the Court pose the same threat.

The primary case K&E relies upon upheld a ruling requiring the Resolution Trust Corporation ("RTC") to comply with a Rule 30(b)(6) deposition by making available for deposition an individual prepared to answer questions regarding the knowledge of the failed

-2-

savings and loan institution which the RTC had taken over. <u>Resolution Trust Corp. v. Sands</u>, 151 F.R.D. 616, 618-19 (N.D. Tex. 1993). This ruling was upheld in the face of the RTC's argument that none of its employees had first-hand knowledge of the relevant facts which had all taken place before the RTC had become involved with the savings and loan. <u>See id.</u> Nevertheless, the court observed that since this information was "reasonably available" to the RTC it had the burden of making a reasonable investigation so that the individual it designated to appear at the Rule 30(b)(6) deposition would be able to testify regarding the knowledge of the failed savings and loan. <u>See id.</u>

Mann argues that the RTC case does not apply to this situation because the RTC was a governmental agency and, therefore, a proper 30(b)(6) deponent itself. While the Court recognizes this factual distinction, it disagrees that the distinction necessarily dictates the result Mann urges. K&E is seeking information known to LeapSource before it ceased to exist. Mann now represents the estate of that defunct entity and is asserting LeapSource's cause of action for legal malpractice against K&E. If LeapSource still existed and brought this cause of action on its own behalf, it would clearly be the proper object of a Rule 30(b)(6) deposition. The incidental facts that LeapSource is now in bankruptcy and its trustee happens to be an individual do not negate the need for or usefulness of a Rule 30(b)(6) deposition.

The RTC case demonstrates that the fact that LeapSource is now defunct and represented by another entity is not a sufficient basis to make a Rule 30(b)(6) deposition an inappropriate discovery tool. In that case the court required the RTC to

-3-

1 shoulder the burden of preparing an individual to answer questions
2 regarding events which took place before the RTC took over the
3 savings and loan. See id. That ruling recognized the need for
4 access to the information which was available to the savings and
5 loan. That same need is present in this case. The mere fact that
6 the trustee appointed to represent LeapSource happens to be an
7 individual should not prevent K&E from being able to employ a Rule
8 30(b)(6) deposition to obtain information known to LeapSource.
9 Adopting Mann's strict interpretation of Rule 30(b)(6) would carve
10 out a set circumstances where a useful discovery tool which would
11 otherwise be available could not be employed based on facts which
12 have no impact on the utility of that discovery tool. The Court
13 rejects this interpretation. Rule 30(b)(6) sets forth a procedure
14 for efficiently obtaining information known to a corporation.
15 Because Mann now represents the estate of such a corporation she,
16 or her designee, is the appropriate party to shoulder the burden
17 of preparing for the Rule 30(b)(6) deposition K&E has noticed
18 regardless of the fact that she is an individual. Mann, or her
19 designee, must make reasonable efforts to ascertain the knowledge
20 of LeapSource on the topics specified in the notice of deposition.
21 Therefore,  IT IS ORDERED that the Rule 30(b)(6) Notice of
22 Deposition served on Diane Mann by Kirkland & Ellis on November
23 24, 2004 is appropriate under the Federal Rules of Civil Procedure
24 and shall be re-scheduled by the parties at a mutually agreeable
25 time and date.
26    IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil
27 Procedure 30(b)(6) Diane Mann, or her designee, shall testify at
28 the noticed deposition and shall make reasonable efforts to be

prepared with all information known or reasonably available to LeapSource, Inc., which is responsive to the topics outlined in the notice of deposition.

DATED this ＿22＿ day of December, 2004.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record.

-5-