# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**[Proposed] MDL ORDER No. \_\_\_**
**REGARDING INITIAL TRIAL SETTING AND PRETRIAL DEADLINES FOR  THE SAINT THOMAS-RELATED DEFENDANTS**

This Order specifically relates only to the Trial Setting and Pretrial Deadlines for the Saint Thomas-Related Defendants.[1]  Trial Setting and Pretrial Deadlines for additional MDL Defendants will be subject to a separate Case Management Order.[2]

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court hereby sets the following deadlines related to pre-trial discovery and bellwether trials:

**I.      Case Selection Process and Initial Discovery on Trial Candidate Case Picks**

A.      No later than 10 days after this Order is entered, the Plaintiffs shall select four (4) cases and Defendants collectively shall select four (4) cases as candidates for initial trials ("Initial Trial Pool Cases"). Initial Trial Pool Case selections shall be exchanged in writing with opposing counsel.

---

[1] The "St. Thomas-Related Defendants," for purposes of this Order, include:  Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic A Professional Corporation, John Culclasure, M.D., Debra Schamberg, R.N., Saint Thomas West Hospital Formerly Known As St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.

[2] This CMO supplements and adopts the definitions contained in MDL Order No. 9 (Dkt. 1425).  Nothing in this Order is intended to preclude a party from seeking to set a case for trial outside of this bellwether trial selection process for good cause shown, for example, where a plaintiff demonstrates that because of an extraordinary, degenerative medical condition, any further delay would potentially preclude the plaintiff from meaningfully participating in trial.

      B.      No later than 15 days after this Order is entered, the parties shall file a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), with the Court.

      C.      In the event that the same case appears on both parties' lists, those cases will be tried, and the parties will select additional cases so that the Initial Trial Pool includes eight cases. Additional cases will be added to the pool in the following manner: The PSC shall choose an additional case for the oldest duplicate case (based on original filing date); the next duplicate case by the Defendants, and so on in alternating turns until all duplicates have been resolved and a full list of 8 cases has been created.

      D.      Only cases involving (i) administration of NECC's methyl prednisolone acetate (MPA) and (ii) fungal meningitis or other fungal infections are eligible to be selected as Initial Trial Pool Cases by any party.[3]

      E.      If any Initial Trial Pool Cases is settled or dismissed for any other reason, with or without prejudice, a replacement Initial Trial Pool Case shall be selected by the non-moving party. For example, if Defendants chose to settle a case, Plaintiffs select its replacement. If Plaintiffs voluntarily dismiss a case, Defendants chose its replacement.

      F.      After being selected into the Initial Trial Pool, the Parties shall be permitted to conduct Case-Specific fact discovery. All Case-Specific fact discovery for Initial Trial Pool cases shall be completed by August 1, 2015.

**II.**    **Initial Trial Selections**

      A.      By August 15, 2015, the Parties shall file submissions as to the order in which the eight (8) Initial Trial Pool Cases should be tried and/or remanded to the transferor courts. The

---

[3] Non-MPA cases may be the subject of a later bellwether process, should any such cases remain in the MDL and if there is a precedential benefit to a bellwether process.

Parties are directed to file briefs, not to exceed 5 pages, explaining the case facts and characteristics supporting the proposed order in which the cases should be tried and/or remanded, including an explanation why the cases are representative of the universe of relevant cases. The Court encourages the parties to agree regarding the order of the trial settings and/or remand.

  B. No later than September 1, 2015, the Court will select the order in which the Initial Trial Pool Cases will be tried and/or remanded, designate the first two cases to be tried and/or remanded (the "First Two Trial Case Picks").

### III. First Two Trial Case Pick Deadlines

  A. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Parties shall disclose experts who will testify as to Case-Specific Issues for the First Two Trial Case Picks by September 10, 2015. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

  B. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Parties shall disclose rebutal Case-Specific Experts for the First Two Trial Case Picks by September 24, 2015. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

  C. Depositions of Case-Specific Issues experts will begin after rebuttal reports, if any, are served and shall be completed by October 30, 2015.

  D. The parties shall file any case-specific dispositive motions and *Daubert* motions by November 6, 2015.

  E. The parties shall file any oppositions to case-specific dispositive motions and *Daubert* motions by November 20, 2015.

  F. The parties shall file any replies in support of case-specific dispositive motions and *Daubert* motions by December 2, 2015.

1253261.2

    G.    Hearing on case-specific dispositive motions and *Daubert* motions shall be set by separate order.

**IV.**    **Trials**

    A.    Cases shall be trial-ready by December 14, 2015.

    B.    Deadlines for future trials of Initial Trial Pool Cases shall be set by separate order.

SO ORDERED:

_____
The Honorable Rya Zobel
United States District Judge

Dated: _____, 2015