**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN OPPOSITION TO PREMIER'S MOTION TO EXTEND COMMON ISSUE DISCOVERY DEADLINES TO DECEMBER 15, 2015 [ECF NO. 1852] AND IN SUPPORT OF PSC'S UNOPPOSED CROSS MOTION TO AMEND CASE MDL ORDER NO. 9**

## TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................................1

II.    PROCEDURAL BACKGROUND.............................................................................3

    A.    MDL Order No. 9. ........................................................................................3

    B.    Current Case Census. ...................................................................................4

    C.    Status of Discovery .......................................................................................6

        1.    St. Thomas and the Tennessee Clinic Defendants. ....................6

        2.    Settling Defendants.....................................................................6

        3.    Premier and Box Hill Defendants. .............................................7

        4.    Other Clinic Related Defendants. ..............................................8

        5.    Third Party Discovery.................................................................9

III.    ARGUMENT .........................................................................................................10

    A.    The PSC's Proposed Amendments to MDL Order No. 9....................................10

    B.    The Deadlines in CMO 9 for Premier and Box Hill Defendants Should be Extended, Briefly. .....................................................................................14

        1.    Circumstances Warrant Phasing and Brief Extensions..........................14

        2.    Premier's Proposed Extension is Far to Long..........................15

    C.    The Deadlines in MDL Order No. 9 for Small Clinic Defendants Should be Temporarily Stayed Per Agreement of the Parties. .............................................20

IV.    CONCLUSION.....................................................................................................23

# I.        INTRODUCTION

The Plaintiffs' Steering Committee files this memorandum in opposition to Premier's

Motion to extend the fact discovery deadline [Dkt. 1852] and in support of the PSC's Motion to

Amend Case Management Order No. 9.  This filing is made in tandem with the PSC's

submission proposing a bellwether process in order to share with the Court the PSC's

comprehensive vision for resolving all cases in the MDL.

We begin with three observations:

First, common discovery against all settling defendants – including NECC, the insiders,

and related companies (collectively, "affiliated defendants") as well as UniFirst, Liberty, ARL,

and Victory (collectively, "national defendants") should be concluded soon, and for all time.

The PSC hopes that the current June 15th deadline for common discovery[1] against these entities

sticks: Both the affiliated defendants and the national defendants have produced significant

written discovery, and the national defendants have agreed, in some instances, to depositions.

That said, we recognize that there are some discovery disputes between the Tennessee Clinic

Defendants and the affiliated defendants that will require the Court's attention.[2]  In any event, all

parties to the MDL must understand – regardless of other scheduling adjustments that may result

from these latest discovery disputes – that this is their one and only opportunity to take discovery

from the affiliated and national defendants and that third parties will very likely only be deposed

once.

---

[1] MDL Order No. 9, *In Re: New England Compounding Pharmacy Cases Litigation*, 13-md-2419-RWZ (September 18, 2014) [Dkt. 1425].

[2] Chapter 11 Trustee's Motion Pursuant to Fed. R. Civ. P. 26(c) and 45(c) precluding the Tennessee Clinic Defendants from Conducting a Deposition of New England Compounding Pharmacy, Inc. [Dkt. 1810]; Barry J Cadden, Lisa Conigliaro Cadden, Glenn Chin, Carla Conigliaro, Douglas Conigliaro, Greg Conigliaro's Motion for Protective Order [Dkt. 1823]; Ameridose's Motion for Joinder in Motion for a Protective Order Filed by Certain Individual Defendants [Dkt. 1824]; GDC's Motion for Joinder in the Motion for Protective Order filed by Certain Individual Defendants [Dkt. 1826]; Steve Higgins Motion for Protective Order or to Quash or Modify the Subpoena [Dkts. 1836 and 1837]; and MSM Joinder in Motion for Protective Order [Dkt. 1854].

1

Second, it is impossible for the PSC to simultaneously, actively, litigate against the approximately non-settling thirty (30) clinic and doctor defendants in the MDL.  Prudence dictates that, at minimum, there must be some logical phasing of discovery (and trials) related to defendants or defendant groups based on the realities of the discovery which remains to be conducted and other work done to date.  In addition to the practical realities to such an approach in terms of the conservation of resources, allowing bellweather trials to move ahead against clinics with the greatest number of cases against them first will allow the parties to take advantage of that discovery and experience in evaluating remaining cases and narrow many of the common issues affecting all clinic defendants.   By and large, the defendants seem to agree.

Third, the schedule for common discovery set by the Court in MDL Order No. 9 last September[3] was only informed by proposals submitted by the PSC, the St. Thomas defendants, and the Tennessee Clinic Defendants.  None of the other dozens of clinic and doctor defendants commented on the proposed schedule at the time.  And, while the defendants who participated in the formulation of MDL Order No. 9 have been actively engaged in discovery, those who did not participate have largely continued to stand on the sidelines.

With these observations in mind, the PSC respectfully moves the Court to amend MDL Order 9 by (i) implementing the bellwether process relating to the St. Thomas and Tennessee Clinic Defendants described in the PSC's bellwether submission (filed herewith, (ii) as to the Premier and Box Hill related defendants, extending the deadlines to complete common discovery and establishing proposed pretrial schedules in accordance with the PSC's proposed pretrial schedule (above), and (ii) temporarily staying the deadlines for completing common discovery against those clinic and doctor defendants with five or fewer filed actions currently pending

---

[3] MDL Order No. 9, September 18, 2014 [Dkt. 1425].

against them in the MDL (but not the deadline for completing discovery from the settling

defendants and third parties) and ordering mediation of those cases.

## II.     PROCEDURAL BACKGROUND

### A.     MDL Order No. 9.

On September 18, 2014, Chief Magistrate Judge Boal entered MDL Order No. 9[4] ("case

management order" or "CMO 9"), setting forth a timetable for discovery on common issues in

this matter.  CMO 9 was decided based upon arguments by the PSC and the Tennessee and New

Jersey clinic related defendants against whom the majority of the cases in the MDL were and are

currently pending.

CMO 9 reached beyond defendants in those two states and sets deadlines for all other

pending cases. This approach made sense, setting reasonable deadlines for common discovery in

all cases.  The order differentiated common issues from case-specific issues:

> A "Common Issue" for purposes of this Order means an issue that
> pertains to all or a substantial number of cases in the Multidistrict
> Litigation ("MDL"). Examples of Common Issues include the
> scope and amount of Defendants' insurance coverage available to
> satisfy claims made or a parent company's liability for a subsidiary
> company's conduct.
>
> A "Case Specific Issue" is an issue that pertains to a single case or
> a small number of cases. Examples of Case-Specific Issues include
> the amount of physical harm an individual patient suffered as a
> result of Defendants' alleged wrongdoing or statements made by
> Defendants to a particular Plaintiff.

| Event | MDL Order No. 9 Schedule |
|---|---:|
| Close of Common Fact Discovery; Meet and confer on potential bellwether process | June 15, 2015 |
| Plaintiffs' Expert Disclosures | July 15, 2015 |

---

[4] *See* MDL Order No. 9, September 18, 2014 [Dkt. 1425].

| | |
|---|---|
| Defendants' Expert Disclosures | August 14, 2015 |
| Plaintiffs' Motion for Leave to File Rebuttal Expert Disclosures | September 14, 2015 |
| Deadline For Expert Depositions | October 13, 2015 |
| Dispositive Motions | December 12, 2015 |
| Oppositions to Dispositive Motions | January 11, 2016 |
| Replies in Support of Dispositive Motions | February 10, 2016 |

**B.      Current Case Census.**

The PSC has consistently advocated for an efficient way to manage the numerous cases pending against the non-settling clinics/hospitals and their employees, physicians, nurses, staff, and affiliated companies that administered NECC pharmaceuticals to their patients ("Clinic Related Defendants").

As of May 13, 2015 cases pending against non-settling Clinic Related Defendants, totaled approximately 201 cases.[5]  A census of those cases, by clinic, appears below:

| <u>Clinc</u> | <u>Case Count</u> |
|---|---|
| St. Thomas (Tennessee) | 89 |
| Premier Orthopaedic Assoc Surgical Ctr. (New Jersey) | 40 |
| Specialty Surgery Center, PLLC (Tennessee) | 24 |
| Box Hill Surgery System, LLC (Maryland) | 8 |
| Advanced Pain & Anesthesia Consultants, PC | 4 |
| Cincinnati Pain Management Consultants, Inc. | 4 |

[5] This census does not include cases against Insight, Inspira, or High Point, as those defendants have settled.

| | |
|---|---|
| DBMJ Rehabilitation Services, PLLC | 4 |
| BKC Pain Specialists, LLC | 3 |
| PCA Pain Care Specialists | 3 |
| BKC Pain Specialists | 2 |
| MAPS | 2 |
| Encino Outpatient Surgery Center | 2 |
| Ocean State Pain Management | 2 |
| OSMC Outpatient Surgery Center | 2 |
| Sunrise Hospital and Medical | 2 |
| Ambulatory Care Center, LLC | 1 |
| Brookwood Medical Center | 1 |
| Dallas Back Pain | 1 |
| Dr. O'Connell's Pain Care Centers, Inc. | 1 |
| Fullerton Orthopaedic Surgery Medical Group | 1 |
| Hahnemann University Hospital | 1 |
| Marion Pain Management Center, Inc. | 1 |
| Nazareth Hospital | 1 |
| Sequoia Surgery Center | 1 |
| Wellspring Pain Solutions Clinic | 1 |
| **Grand Total** | **201** |

Of the 201 cases, at least 113 are pending against the St. Thomas Defendants[6] and Specialty Surgery Center Defendants.[7]  There are 40 cases pending against the Premier Defendants and 8 currently pending against the Box Hill Defendants.

The remaining 41 outstanding cases are currently pending against 22 separate Clinic Related Defendants each with between 1 and 4 cases currently pending against them in the MDL.

---

[6] The PSC has proposed that the initial cases to be tried are against the following defendants: Saint Thomas Outpatient Neurosurgical Center, Dr. John Culclasure, Debra Schamberg, R.N., Saint Thomas Health, Saint Thomas Network, and Saint Thomas Hospital West f/k/a Saint Thomas Hospital (collectively the "St. Thomas Defendants")

[7] The Specialty Surgery Center Defendants include Specialty Surgery Center, PLLC and Dr. Kenneth R. Lister.

C.      **Status of Discovery**

1.      **St. Thomas and the Tennessee Clinic Defendants.**

Discovery by and of the Tennessee clinics (including St. Thomas and Speciality Surgery Center) is continuing apace.  The PSC does not seek to amend the deadlines set forth in CMO 9 as they relate to the Saint Thomas cases.  Such discovery is on schedule and, pursuant to CMO 9, the PSC provides herewith a bellwether proposal that would allow the first case against Tennessee clinic defendants by December 2015.[8]  However, due to developments in discovery, most, if not all, Plaintiffs with cases against Specialty Surgery Center have begun the process of amending their complaints to add additional defendants that were recently discovered.  Due to the notice period under Tennessee law, there is a delay before a formal motion to amend can be brought in Court to finalize the addition of the new parties.  Despite the delay, the PSC has served discovery on the new parties and expects to take depositions in June so that the cases will not fall significantly behind.  The PSC anticipates that the schedule for Specialty Surgery Center will look similar to the proposed schedules for Premier and Box Hill and will address that schedule with the Court at an appropriate time.

2.      **Settling Defendants.**

Discovery of the settling defendants is also well underway.  The PSC has, with perhaps a couple of exceptions, concluded its efforts to obtain discovery from the settling defendants.  Non-settling defendants are taking discovery from settling defendants for the purposes of supporting contributory or comparative fault defenses and, the non-settling defendants hope, reducing their liability.

---

[8] The Tennesse Defendants have moved to extend the deadline for closure of common discovery to September, 2015. ThePSC will respond to this motion in the same document setting forth the bellwether proposal.

As to the affiliated defendants, NECC has produced approximately 30,000 pages of documents. The individual insiders,[9] GDC,[10] and Ameridose,[11] have responded to written discovery requests. And, as to the national defendants, UniFirst,[12] Victory,[13] ARL,[14] and Liberty[15] have produced over 40,000 pages of documents.

### 3. Premier and Box Hill Defendants.

Discovery by and against the New Jersey clinic, Premier Orthopedics Associates Surgical Center, LLC ("Premier")[16] and against Box Hill Surgery Center ("Box Hill")[17] is also underway. Written discovery, including interrogatories and request for production of documents, have been served on bot the Premier and Box Hill Defendants. Premier has produced 5,996 pages and Plaintiffs await the response of the Box Hill Defendants to the written discovery propounded against them. Depositions have begun of the Premier Defendnatns and related witnesses, including the deposition of Michelle Cassidy, RN, who ordered the prescriptions from NECC, and a subpoena has been served on Murphy Healthcare, the management company for

[9] *See*, *e.g.*, Douglas and Carla Conigliaro's Objections and Responses to the TN Clinic Defendants' Interrogatories, Requests for Production of Documents, and Requests for Admission (May 4, 2015); and Glenn Chin's Objections and Responses to the TN Clinic Defendants' Interrogatories, Requests for Production of Documents, and Requests for Admission (May 4, 2015).

[10] GDC's Objections and Responses to the St. Thomas Entities Interrogatories, Requests for Production of Documents, and Requests for Admission (April 8, 2015).

[11] Ameridose Objections and Responses to the St. Thomas Entities Interrogatories, Requests for Production of Documents, and Requests for Admission (April 9, 2015).

[12] *See*, *e.g.*, UniFirst's Objections and Responses to the St. Thomas Entities Interrogatories, Requests for Production of Documents, and Requests for Admission (April 15, 2015).

[13] Victory has produced approximately 1,500 pages of documents, including detailed, complex large plans.

[14] *See* ARL Objections and Responses to the St. Thomas Entities Interrogatories, Requests for Production of Documents, and Requests for Admission (May 8, 2015).

[15] Liberty's Objections and Responses to the St. Thomas Interrogatories, Requests for Production of Documents, and Requests for Admission (April 6, 2015); Liberty's Responses to TN Clinic Defendants' Interrogatories, Requests for Production of Documents, and Requests for Admission (April 6, 2015). A deposition is currently scheduled for May 21, 2015.

[16] The Premier Defendants are comprised of Premier Orthopaedic Associates Surgical Center, LLC, Premier Orthopaedic and Sports Medicine Associates of South Jersey, LLC, d/b/a Premier Orthopaedic and Sports Medicine Associates, Dr. Kimberly Yvette Smith (a/k/a Dr. Kimberly Yvette Smith-Martin), and Dr. Thomas A. Dwyer (collectively the "Premier Defendants").

[17] The Box Hill Defendants consist of Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively the "Box Hill Defendants").

Premier.  Depositions dates have also been set aside in June for multiple Premier physician defendants and witnesses.

Box Hill has not begun depositions given that documents have not yet been produced.

Despite the best efforts of the parties, it is highly unlikely that common discovery in those cases (other than the common discovery against Settling Defendants) will be complete pursuant to the schedule set forth in CMO 9.  The PSC has engaged these defendants in multiple discussions concerning the case schedule.

Although all parties agree that an extension of the schedule set forth in CMO 9 is appropriate in these cases, the parties disagree on the details of the requested modification and have provided competing proposals for the Court's consideration.  The PSC made significant efforts to compromise during the meet and confer process, extending the initially proposed schedule back by multiple months, yet were not able to reach agreement on a schedule with Premier and Box Hill.

### 4.    Other Clinic Related Defendants.

Finally, there are about two dozen other clinic related defendants against whom a small number of cases (five or fewer) have been filed and who have not yet participated in any discovery or other efforts to move towards trial.

The PSC has conveyed to these defendants its strong belief that this is their one and only opportunity to take discovery from the settling defendants, and encouraged these defendants to fully avail themselves of that opportunity.

As to clinic and doctor defendants with five or fewer filed actions currently pending against them in the MDL, the PSC believes it would be most efficient to temporarily stay the deadlines for completing common discovery against those clinics/doctors (but not the deadline

for completing discovery from the settling defendants).[18]  We are not sure, frankly, whether there

is such a thing as common discovery of a clinic that has only been sued by a single plaintiff.

But, to avoid any doubt, we ask the Court to stay common discovery of clinics with five or fewer

cases filed against them (as listed above and in the attached proposed order).  The PSC

understands that there is no objection to the proposed stay.

   5.   **Third Party Discovery.**

   There has also been discovery conducted of numerous third parties.  Brigham and

Women's Hospital, who used NECC as a vendor for compounded sterile products and made a

site visit to NECC during May of 2012, has been served with two document subpoenas and has

responded by producing over 800 pages of documents to the document repository.  One of its

personnel, Michael Cotugno, is scheduled to be deposed on June 4, 2015.  Brigham and

Women's consultant, who accompanied Mr. Cotugno on the site visit, has also been served with

a document subpoena and has also produced documents.  He is scheduled to be deposed on June

3, 2015.

   The company that conducted air sampling at NECC, Scientific Air Analysis, Inc. has

been served with a document subpoena and has also made a document production.  One of its

personnel, Steven O'Neal, is scheduled to be deposed on May 29, 2015.  The PSC has noticed

three depositions related to an entity apparently involved in Specialty Surgery Center's decision

to purchase methylprednisolone acetate from NECC.  Finally, a 30(b)(6) deposition of the Mass.

Board of Pharmacy has been scheduled for June 15, 2015.  Like the settling defendants, this may

be the one and only opportunity to engage in discovery of the third parties related to this

---

[18] We note that the stay should be reciprocal, but that we cannot conceive of any common discovery (as that term is defined in MDL Order No. 9) that would apply to plaintiffs.

litigation and, therefore, all defendants should participate in this discovery as well or risk being barred from conducting it in the future.

### III.                    ARGUMENT

**A.     The PSC's Proposed Amendments to MDL Order No. 9.**

In broad strokes, the PSC's proposal seeks to accomplish the following:

(1) maintain the current deadline for completing discovery from the settling defendants and third parties;

(2) maintain the current default that we proceed, first, with bellwether trials against the St. Thomas and Specialty Surgery defendants (as addressed further in our separate filing); and

(3) set reasonable, phased, scheduled for Premier and Box Hill defendants, culminating in a Premier trial in the Spring or Summer of 2016 and a Box Hill trial in Fall of 2016.

The PSC presents below, in table form, its proposal for amending (and adding to) MDL Order No. 9.  This proposal includes our proposed dates for the St. Thomas defendants bellwether process for reference, and those these dates are also separately presented in the PSC's bellwether submission.  The proposed dates and phasing is also set out in a proposed order, attached as Exhibit A.[19]

| Date | St. Thomas Defendants | Premier Defendants | Box Hill Defendants |
|---|---|---|---|
| 06/15/2015 | *All Defs:* Close of Common Fact Discovery as to settling defendants | *All Defs:* Close of Common Fact Discovery as to settling defendants | *All Defs:* Close of Common Fact Discovery as to settling defendants |

---

[19] For ease of reference, the PSC sets out the proposed dates related to the cases against the St. Thomas defendants, including those related to the Bellwether process.  If there is any discrepancy between the schedule set forth (and in the proposed order attached herewith) and the proposed order attached to the PSC's Bellwether proposal filed contemporaneously, the order on the PSC's Bellwether proposal should govern.

| Date | St. Thomas Defendants | Premier Defendants | Box Hill Defendants |
|---|---|---|---|
| 06/15/2015 | *St. Thomas:* Close of Common Fact Discovery as to St. Thomas and Specialty Surgery defendants | | |
| No later than 10 days after entry of Order re bellwether | *St. Thomas:* Initial trial pool cases selection exchanged in writing with opposing counsel | | |
| No later than 15 days after entry of Order re bellwether | *St. Thomas:* Parties shall file with the Court a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach* | | |
| 08/01/2015 | *St. Thomas:* Parties shall complete all Case-Specific fact discovery for Initial Trial Pool cases | | |
| 08/15/2015 | *St. Thomas:* Parties shall file submissions as to the order in which the eight Initial Trial Pool Cases should be tried and/or remanded to the transferor courts | | |
| 09/1/2015 | *St. Thomas:* Court will select the order in which the Initial Trial Pool Cases will be tried and/or remanded, designate the first two cases to be tried and/or remanded | | |
| 09/10/2015 | *St. Thomas:* Parties shall disclose experts who will testify as to Case-Specific Issues for the First Two Trial Case Picks along with at least three proposed deposition dates for each expert | | |

| Date | St. Thomas Defendants | Premier Defendants | Box Hill Defendants |
|---|---|---|---|
| 09/24/2015 | *St. Thomas:* Parties shall disclose rebuttal Case-Specific Experts for the First Two Trial Case Picks | | |
| 10/30/2015 | *St. Thomas:* Parties shall complete depositions of Case-Specific Issues experts (which will begin after rebuttal reports, if any, are served) | | |
| 11/06/2015 | *St. Thomas:* Parties shall file any case-specific dispositive motions and *Daubert* motions | | |
| 11/15/2015 | | *Premier:* Close of common fact discovery; meet and confer on potential bellwether process and case-specific discovery | |
| 11/20/2015 | *St. Thomas:* Parties shall file any oppositions to case-specific dispositive motions and *Daubert* motions | | |
| 12/02/2015 | *St. Thomas:* Parties shall file any replies in support of case-specific dispositive motions and *Daubert* motion | | |
| _____ | *St. Thomas:* Hearings on case-specific dispositive motions and *Daubert* motions | | |
| 12/14/2015 | *St. Thomas:* Cases shall be trial-ready | | |
| 1/15/2016 | | *Premier:* Close of case specific bellwether case discovery | |

| Date | St. Thomas Defendants | Premier Defendants | Box Hill Defendants |
|------|----------------------|--------------------|--------------------|
| 1/22/2016 | | | *Box Hill:* Close of common issue and case specific fact discovery of bellwether cases |
| 1/31/2016 | | *Premier:* Initial expert disclosures and proffer of deposition | |
| 2/22/2016 | | | *Box Hill:* initial expert disclosures and proffer of deposition dates |
| 3/23/2016 | | | *Box Hill:* rebuttal expert disclosures and proffer of deposition dates |
| 4/4/2016 | | *Premier:* Rebuttal expert disclosures and proffer of deposition dates | |
| 4/23/2016 | | *Premier:* Deadline for expert depositions | |
| 5/21/2016 | | *Premier:* Dispositive motions and Daubert motions filed | |
| 5/23/2016 | | | *Box Hill:* Deadline for expert depositions |
| 6/5/2016 | | *Premier:* Oppositions to dispositive motions and Daubert motions | |
| 6/19/2016 | | *Premier:* Replies in support of dispositive motions and Daubert motions | |
| 6/22/2016 | | | *Box Hill:* Dispositive motions and Daubert motions filed |
| 7/2/2016 | | *Premier:* Hearing on dispositive motions and Daubert motions | |

| Date | St. Thomas Defendants | Premier Defendants | Box Hill Defendants |
|---|---|---|---|
| 7/7/2016 | | | *Box Hill:* Oppositions to dispositive motions and Daubert motions filed |
| 7/22/2016 | | | *Box Hill:* Replies in Support of Dispositive Motions and Daubert Motions |
| 7/25/2016 | | *Premier:* Final pretrial hearing | |
| 8/1/2016 | | *Premier:* Trial (or trial ready) | |
| 8/8/2016 | | | *Box Hill:* Hearing on dispositive motions and Daubert motions |
| 9/7/2016 | | | *Box Hill:* Final pretrial hearing |
| 10/3/2016 | | | *Box Hill:* Trial (or trial ready) |

**B.      The Deadlines in CMO 9 for Premier and Box Hill Defendants Should be Extended, Briefly.**

**1.      Circumstances Warrant Phasing and Brief Extensions.**

At the time CMO 9 was argued, the Box Hill Defendants were not actively involved in the negotiation and briefing of the schedule set forth in CMO 9.  The Premier Defendants also had limited involvement in litigating those deadlines.  Since that time, multiple cases have been filed against the Premier and Box Hill Defendants.   Despite the parties' best efforts to comply with CMO 9, discovery in those cases will not be complete by the mid-June deadline.  The PSC and the Premier and Box Hill Defendants agree that the schedule and deadlines (except those that relate to Settling Defendants and third parties) set forth in CMO 9 need to be amended as they

apply to these defendants.[20] To be clear, the parties agree that all Clinic Related Defendants, including Premier and Box Hill, have not only the right, but the obligation, to participate now in the discovery related to the Settling Defendants and third parties to avoid duplicative discovery of them at a later date.

The PSC has met and conferred separately with the Premier Defendants and Box Hill Defendants in an attempt to agree upon the scope of the extension of the deadlines set forth in CMO 9.  While the parties made some progress, they were unable to agree to the dates for the newly extended deadlines.

The PSC requests that the extension be a limited one – providing the parties sufficient time to complete the discovery necessary without overly extending and delaying the time to trial. The Premier and Box Hill Defendants have requested more lengthy extensions of time, setting forth trial dates that are further out than the PSC finds appropriate or necessary.  The PSC urges the Court to adopt the dates set forth in its proposal so that the victims are not subject to undue delay in having their day in court.

**2.      Premier's Proposed Extension is Far to Long.**

The Premier Defendants have been named defendants in the MDL since on or before December 2013 and named as a party in state and federal court in New Jersey in early 2013. Written discovery and depositions are well under way, as interrogatories and request for production of documents have been propounded and responded to by the Premier Defendants and depositions have begun and multiple dates set aside for several depositions in June. Despite these efforts by both parties, the common clinic discovery will not be completed by the deadline set forth in CMO 9.

---

[20] The PSC continues to support the deadlines set forth in CMO No. 9 as it relates to the discovery of the Settling Defendants and does not seek to alter deadlines related to them, as this discovery should be handled one time and utilized by all Clinic Related Defendants.

The PSC made significant efforts to compromise over a revised schedule for the Premier Defendants during the meet and confer process.  Initially, the PSC proposed August 2015 deadlines for the close of common discovery of the Premier Defendants, with deadlines mirroring MDL Order No. 9, adding dispositive and Daubert brifing deadlines and proposing trial date February, 2016.  Premier refuses to propose a schedule that included dispositive and Daubert briefing deadlines.  Despite the significant amount of discovery that has been done and will be in June, Premier also requested a deadline for close of common discovery of February, 2016 (notably, the date the PSC believes the case could be ready for trial).

In an effort to reach an agreement with Premier, the PSC made multiple proposals and concessions during the meet and confer period and unltimately offered to extend the close of common discovery deadline by 5 months to November 23, 2015, an additional 3 months longer than the PSC's initial proposal of August, 2015, which it believes was entirely reasonable.  The PSC similarly made compromises related to the trial date, moving from its original proposal of March 2016 to August 2016 (15 months from now). Unfortunately Premier failed to make similar movements towards compromise, and as of the date of this filing, continues to seek a 6 month extension of the close of common discovery deadline to December 15, 2016, and a trial date of nearly two years from now in February, 2017. Here are the competing proposals:

| Defendants' Trial Schedule | MDL Order No. 9 Schedule | PSC's Proposed Trial Schedule | Premier's Proposed Trial Schedule |
|---|---|---|---|
| Close of Common Fact Discovery; Meet and confer on potential bellwether process | June 15, 2015 | November 15, 2015 | December 15, 2015[21] |

---

[21] This proposed deadline does not appear to contemplate case specific bellwether discovery as was set forth in Premier's filing post-meet and confer.

| Close of Case Specific Bellwether Discovery | | January 15, 2016 | No date proposed |
|---|---|---|---|
| Initial Expert Disclosures[22] [and Proffer of Deposition Dates][23] | July 15, 2015 | January 31, 2016 | March 15, 2016 |
| Rebuttal Expert Disclosures [and Proffer of Deposition Dates] | August 14, 2015 | April 4, 2016 | May 1, 2016 |
| Deadline For Expert Depositions | October 13, 2015 | April 23, 2016 | September 1, 2016 |
| Dispositive Motions [and *Daubert* Motions] | December 12, 2015 | May 21, 2016 | October 15, 2016 |
| Oppositions to Dispositive Motions [and *Daubert* Motions] | January 11, 2016 | June 5, 2016 | November 1, 2016 |
| Replies in Support of Dispositive Motions [and *Daubert* Motions] | February 10, 2016 | June 19, 2016 | November 15, 2016 |
| Hearing on Dispositive Motions [and *Daubert* Motions] | N/A | July 2, 2016 | Early December, 2016 |
| Final Pre-Trial Hearing | N/A | July 25, 2016 | Early January, 2017 |
| Trial | N/A | August 1, 2016 | February, 2017 |

Premier's arguments in supports of the dates proposed by it are not persuasive. To date, Premier has produced documents responsive to several requests. Counsel for Premier and Plaintiffs have had multiple meet and confer conferences regarding a deposition schedule that is manageable and realistic. Deponents have been identified and deposition dates have been agreed

---

[22] Order No. 9 contemplated the staggered submission of expert reports by Plaintiffs followed 30 days later by expert reports by Defendants and a period for Plaitniffs' to seek leave of Court to file rebuttal expert reports.

[23] Material located within brackets [] are additions to what was contained in CMO 9.

upon by counsel to take place from now until June and early July. Plaintiffs do not expect that more than ten depositions will be required of the Premier Defendants.  Even presuming delays in setting depositions of witnesses relating directly to Premier, there is simply no basis for advancing a discovery deadline of 8 months from now and a trial date in 2017.

To the extent that non-party depositions may pose scheduling issues, this Court, along with Judge Boal, will surely be able to resolve matters efficiently through motion practice if necessary.  Notably, both Premier and Box Hill Defendants claim the lengthy extension of the close of common discovery is necessary to allow for discovery of the settling defendants and third parties, not only does the PSC believe this argument serves no basis to extend the deadline, even the Tennessee Defendants believe that discovery can be completed by Seotember, 2015, as set for in their motion to extend.

### 3.     Box Hill's Proposed Schedule Extension is Likewise Too Long.

The Box Hill Defendants have been named in individual cases in this MDL since August 2014.  Unfortunately, the meet and confer process has gone similarly to Premier with respect to Box Hill, where the PSC has offered significant extensions, longer than believed to be necessary, in an effort to reach an agreement, and Box Hill has made little concessions and seeks to unnecessarily delay this litigation, especially in light of its recent position that it may seek a stay. The PSC initially offered to extend the closure of the common discovery deadline by 3 months to September 21, 2015, with deadlines mirroring current MDL Order No. 9, adding briefing on dispotive and Daubert motions and proposing a Trial date of April 1, 2016.  The final proposal from Box Hill proposes a 10 month extension of the close of common discovery deadline to April 1, 2016 (notably the date the PSC finds reasonable for a trial) and a trial date of two years from now of April, 2017.  During the meet and confer process, the PSC made multiple additional

proposals and concessions, and ultimately propose a compromise of a close of common

discovery and case specific bellwether discovery deadline of January 22, 2016 and a Trial date of

October 3, 2016.  Here are the competing proposals:

| Box Hill Defendants' Trial Schedule | MDL Order No. 9 Schedule | PSC's Proposed Trial Schedule | Box Hill Defendants' Proposed Trial Schedule |
|---|---|---|---|
| Close of Common and Case Specific Bellwether Discovery | June 15, 2015 | January 22, 2016 | April 1, 2016 |
| Initial Expert Disclosures[24] [and Proffer of Deposition Dates][25] | July 15, 2015 | February 22, 2016 | May 15, 2016 |
| Rebuttal Expert Disclosures [and Proffer of Deposition Dates] | August 14, 2015 | March 23, 2016 | July 1, 2016 |
| Deadline For Expert Depositions | October 13, 2015 | May 23, 2016 | November 1, 2016 |
| Dispositive Motions [and *Daubert* Motions] | December 12, 2015 | June 22, 2016 | December 15, 2016 |
| Oppositions to Dispositive Motions [and *Daubert* Motions] | January 11, 2016 | July 7, 2016 | January 2, 2017 |
| Replies in Support of Dispositive Motions [and *Daubert* Motions] | February 10, 2016 | July 22, 2016 | January 15, 2017 |
| Hearing on Dispositive Motions [and *Daubert* Motions] | N/A | August 8, 2016 | February 2017 |
| Final Pre-Trial Hearing | N/A | September 7, 2016 | March 2017 |
| Trial | N/A | October 3, 2016 | April 2017 |

The Box Hill Defendants arguments for significant, unnecessary delay articulated during

the meet and confer process do not hold water.  Box Hill claims that the cases against it should

---

[24] Order No. 9 contemplated the staggered submission of expert reports by Plaintiffs followed 30 days later by expert reports by Defendants and a period for Plaitniffs' to seek leave of Court to file rebuttal expert reports.

[25] Material located within brackets [] are additions to what was contained in Order No. 9.

be stayed given that all the cases against it are not yet current pending.  This is a fact of no consequence.  Indeed, the PSC's proposed revised schedule contemplates common fact discovery of Box Hill and related witness going forward one time, now and through January, 2016.  Even if a case is filed in the summer of 2015, the PSC's position is that the discovery done of Box Hill and related witnesses will be done only once and no future filed plaintiffs may re-open discovery that has already been done.

In addition, it is likely that any remaining complaints to be filed by plaintiffs will be filed on or about September or early October, 2015.  The PSC's proposed schedule allows Box Hill approximately five months from that timeframe to perform case specific bellwether discovery.

Box Hill's argument that it needs to know the landscape of cases against before proceeding with discovery is equally without merit.  Indeed, the Box Hill Defendants have known which patients were infected by the contaminated steroids for years, as they were required to work with the Maryland Department of Public Health and Center for Disease Control to identify patients that received the contaimanted lots and advise of their injuries and treatment. Nonetheless, as set forth above, Box Hill will have several months to obtain discovery from the plaintiffs before the deadline ends in January, 2016.

The PSC's proposals for Premier and Box Hill are more than reasonable and sets forth deadlines that are attainable for the discovery and trial of these cases. The deadlines protect the defendants from prejudice while providing the victims with an opportunity for their day in court, notably 4 years after this tragic outbreak.  The victims should not have to wait any longer.

## C.   The Deadlines in MDL Order No. 9 for Small Clinic Defendants Should be Temporarily Stayed Per Agreement of the Parties.

Despite the fact that only the St. Thomas and Premier Defendants litigated the schedule set forth in CMO 9, the Order sets forth the timetable for discovery on Common Issues in this

matter against *all* Clinic Related Defendants, including deadlines for the completion of fact discovery, deadlines for expert discovery and dispositive motions and the timeframe to submit bellwether trial protocol proposals. The Small Clinic Defendants (those clinics for which there are five or fewer cases currently pending in the MDL as identified in the "Current Case Census" chart above)[26] have not engaged in common discovery,[27] nor have they made any effort to proceed towards trial of those cases.[28]

In order to efficiently focus the Court's and the parties' resources, the PSC has engaged with plaintiffs' and defendants' counsel to facilitate jointly agreed-upon stays of discovery and deadlines related to the Small Clinic Defendants. During the status conference held on February 17, 2015, the Court approved of the PSC's efforts.[29]

Some Small Clinics have voluntarily agreed to the PSC's proposed stay, some Small Clinic Defendants initially did not. Since that time, some of the Small Clinic Defendants have reconsidered after meeting and conferring and, at this point, there are no objections to the PSC's proposed stay. Specifically, the PSC, without objection, proposes to amend CMO 9[30] to limit its current applicability to Clinic Related Defendants with more than five cases currently pending against them in the MDL by temporarily staying discovery (except propounded from Settling Defendants and third parties) and deadlines for cases involving Small Clinic Defendants until December 31, 2015.[31] Good cause exists for such a modification, as it would allow the Parties

---

[26] *See supra* Section II.B.

[27] With the exception of limited Initial Disclosures,

[28] *See In Re: New England Compounding Pharmacy Cases Litigation*, MDL No. 13-02419-RWZ, Dkt. Nos. 837 (January 31, 2014); 1267 (July 14, 2014); and 1717(March 6, 2015).

[29] *Status Conference, In Re: New England Compounding Pharmacy Cases Litigation*, MDL No. 13-02419-RWZ, at 12 (D. Mass. February 17, 2015).

[30] *See Proposed Amended Order Regarding Common Issue Discovery (*Attached as "Exhibit A")

[31] Currently, the PSC anticipates that the St. Thomas Defendants' trials will be completed by December 31, 2015. In the event that the St. Thomas Defendants' trials are prolonged into 2016, the PSC will likely seek to extend

and the Court to efficiently focus their attention and resources on the first trial of cases with the largest number of actions and that have been pending for the longest period of time, such as the cases against the St. Thomas Defendants.  The proposed amendment is both pragmatic, productive and is designed to benefit the largest number of victims of this tragedy.

In order to obtain a just and speedy resolution for all of the victims in the litigation, it is critical that the St. Thomas cases be allowed to serve their bellwether purpose – which is to evaluate the "strength and value of the larger pool of cases" thereby providing "litigants with reference points or benchmarks that serve as a basis to discuss resolution of the litigation as a whole."[32]  Subsequent bellwether trials against the additional Clinic Related Defendants would follow this same goal of efficiently trying cases that impact the largest number of victims, those involving the Premier Defendants and Box Hill Defendants.

The Small Clinic Defendants and the plaintiffs in those cases will benefit from the PSC's proposed amendment of Order No. 9.   The parties will be able to weigh the value of many of their claims and defenses with information garnered from the bellwether trials without the unnecessary delay and cost of discovery and trial.[33] Even if after the conclusion of the bellwether trials the remaining parties choose to litigate their claims, many of the common issues amongst all of the parties will conceivably be resolved, as we have seen with several motions to dismiss, thereby streamlining subsequent trials.

The Court too will benefit from this efficient, focused process of streamlining subsequent discovery and trials.  Importantly, this practical and efficient approach would allow for the most

---

the Stay on Discovery as to Clinic Related Defendants with eight or fewer actions pending against them beyond December 31, 2015 to allow the benefits of the bellwether trial process to be effectuated.

[32] Loren H. Brown, et al, *Bellwether Trial Selction in Multi-District Litigation: Empirical Evidence in Favor of Random Selection*, 47 Akron L. Rev. 663, 668 (2014).

[33] *See* Eldon E. Fallon, et al, *Bellwether Trials in Multidistrict Litigation,* 82 Tul. L. Rev. 2323, 2325 (2008) ("If a representative group of claimants are tried to verdict, the results of such trials can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by the jury verdicts.").

victims to resolve their claims without undue expense and delay.  Finally, the PSC also suggests

the Court consider ordering lediation of the cases pending against the Small Clinic Defendants in

order to allow those victims the opportunity to attempt to resolve their cases during the stay of

the litigation.

### IV.    CONCLUSION

For the forgoing reasons the PSC respectfully moves the Court to amend MDL Order 9

by (i) implementing the bellwether process relating to the St. Thomas and Tennessee Clinic

Defendants described in the PSC's bellwether submission (filed herewith, (ii) as to the Premier

and Box Hill related defendants, extending the deadlines to complete common discovery and

establishing proposed pretrial schedules in accordance with the PSC's proposed pretrial schedule

(above), and (ii) temporarily staying the deadlines for completing common discovery against

those clinic and doctor defendants with five or fewer filed actions currently pending against them

in the MDL (but not the deadline for completing discovery from the settling defendants and third

parties) and ordering mediation of those cases.

A Proposed Amended MDL Order No. 9B is attached as Exhibit A.


Dated:  May 18, 2015                          Respectfully submitted,

                                              **/s/ Thomas M. Sobol**
                                              Thomas M. Sobol
                                              Kristen A. Johnson
                                              HAGENS BERMAN SOBOL SHAPIRO LLP
                                              55 Cambridge Parkway, Suite 301
                                              Cambridge, MA  02142
                                              Telephone:  (617) 482-3700
                                              Facsimile:  (617) 482-3003
                                              tom@hbsslaw.com
                                              kristenj@hbsslaw.com

                                              *Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Ave., Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS

24

PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas M. Sobol, hereby certify that I caused a copy of the above to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: May 18, 2015                    <u>**/s/ Thomas M. Sobol**</u>
                                        Thomas M. Sobol