UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ⎫<br>⎬<br>⎭<br><br>THIS DOCUMENT RELATES TO:<br><br>All Cases | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

[Proposed] MDL Order No. [12]
ORDER ON BELLWETHER PLAN AND CASE SPECIFIC
DISCOVERY AND SCHEDULING

Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rules 16.1 and 16.6, the Court enters the following Order on Bellwether Plan and Case Specific[1] Discovery and Scheduling, which is intended to follow MDL Order No. 9 as to Common Issue Discovery and to be in harmony with MDL Order No. 9.

I. General Provisions

    A. Additional Definitions

        1. The term "National Defendants" shall mean all Unaffiliated Defendants who had service agreements or arrangements with NECC or the Affiliated Defendants, but who did not purchase compounded product from NECC.

        2. "Healthcare Defendants" are the clinics/hospitals and their employees, physicians, nurses, staff, that injected their patients with NECC-manufactured methyl prednisolone acetate ("MPA"), and the organizations and individuals

---

[1] Defined terms in this Order have the same meanings as in MDL Order No. 9.

        alleged to be liable to the Plaintiffs based upon their corporate relationship to the injecting individuals and entities.

    3. For purposes of this Order, "Case" means an individual plaintiff who is claimed to have suffered wrongful death or personal injuries as a result of exposure to contaminated MPA manufactured by NECC and any representative and consortium plaintiffs who claim damages, derivative injuries, or other relief on behalf of or through the exposed plaintiff.

  B. This Order applies to the same matters described in paragraph I of MDL Order No. 9 except to the extent that discovery is allowed against settling parties as to comparative fault issues.

  A. The Court enters this Order, subject to and without waiver of the Healthcare Defendants' position that no case will proceed to trial unless and until all parties have had an adequate opportunity to obtain discovery from all comparative fault defendants, including NECC, the Affiliated Defendants, and the National Defendants and third-parties alleged to be comparatively at fault.

II. Completion of Bellwether Selection Process

  A. The PSC and Healthcare Defendants will notify the Court of their intent to execute *Lexecon*[2] waivers for each case in which they are willing to make a binding stipulation not to challenge venue in this Court for all purposes, including trial, on any grounds, including, but not limited to 28 U.S.C. §§ 1404, 1407, 1631, within 15 days of the date of this Order.

---

[22] *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

B. The PSC and Healthcare Defendants will each choose 10 Cases for Case Specific discovery within 30 days of this Order.

 1. The PSC and Healthcare Defendants will exchange their lists of chosen Cases and will file their respective lists, unsealed, with the Court.

 2. In the event that the same Case appears on both lists, replacement Cases will be determined in the following manner so that the number of Cases in the Initial Bellwether Pool is 20. The oldest duplicate Case (based on filing date) shall be replaced by the PSC, the next duplicate Case by the Healthcare Defendants, and so on in alternating turns until all duplicates have been resolved and a full list of 20 Cases has been achieved ("Initial Bellwether Pool").

 3. At the time they exchange and file their lists of chosen Cases, the PSC and Healthcare Defendants shall identify in briefs accompanying their selections the litigation variables that they consider to be significant in bearing on ultimate selection of Cases for initial trials. These litigation variables are intended to act as guideposts, "focusing the attorneys on the most predominant and important issues in the litigation."[3]

C. The parties will engage in Limited Case Specific fact discovery in the 20 cases in the Initial Bellwether Pool. This discovery shall be completed within 120 days of this Order. For each Case in the Initial Bellwether Pool Limited Case Specific discovery includes:

 1. 10 Interrogatories

---

[3] Eldon E. Fallon, Jeremy T. Grabill & Robert Pitard Wynne, *The Problem of Multidistrict Litigation: Bellwether Trials in Multidistrict Litigation*, 82 TUL. L. REV. 2323, 2345 (June 2008).

    2. 15 requests for production

    3. 30 requests for admission

    4. Depositions of the named plaintiffs, consortium plaintiffs, and treating physicians

D. The PSC and Healthcare Defendants shall be entitled to strike up to two Cases each from the Initial Bellwether Pool for purposes of final selection for initial trials. The PSC will notify the Healthcare Defendants on behalf of all Plaintiffs, and Healthcare Defendants will collectively advise the PSC, of their respective strikes within 15 days after the completion of Limited Case Specific discovery for the Initial Bellwether Pool. If the Saint Thomas Entities and the Tennessee Clinic Defendants are unable to agree as to the same two strikes for the defendants, they will each be entitled to exercise one strike. The Court will not be included in or copied on these communications.

E. Of the Cases remaining in the Initial Bellwether Pool after any strikes are used, the PSC and Healthcare Defendants will meet and confer within 30 days after the completion of Case Specific discovery for the Initial Bellwether Pool and submit to the Court an agreed upon list of four recommended bellwether trial selections within 45 days after the completion of Case Specific discovery for the Initial Bellwether Pool. If the PSC and Healthcare Defendants are unable to agree on the four Cases for initial trials:

    1. The PSC and Healthcare Defendants will submit to the Court their recommended four representative cases each for initial bellwether trials ("Bellwether Cases"), along with the reasons for the selections, in position

papers within 45 days after the completion of Case Specific discovery for the Initial Bellwether Pool.

2. The Court will select four Bellwether Cases and establish the order in which these cases should be tried. Once cases have been identified for initial bellwether trials, the parties will follow the court-ordered or agreed-upon protocols for discovery, which shall include deadlines for Case Specific expert witness reports and depositions; any motions to challenge experts; dispositive motions; motions in limine, pretrial orders, identification of exhibits and deposition excerpts, pre-trial evidentiary objections, and charge submissions.

F. The Court will adopt further orders for the completion of Case Specific fact and expert discovery, motions, and other pre-trial matters in the Bellwether Cases. Once a case has been selected for an initial bellwether trial, it may only be dismissed by the Plaintiff with prejudice.

G. If a case selected for an initial bellwether trial is voluntarily dismissed by the Plaintiff, then the Court shall replace that case with one selected by the Healthcare Defendants.

_____
HON. JENNIFER C. BOAL
CHIEF MAGISTRATE JUDGE