# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) _____ ) ) THIS DOCUMENT RELATES TO: ) ) Suits Naming the Tennessee Clinic ) Defendants ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**[Proposed] MDL ORDER No. \_\_**
**REGARDING INITIAL TRIAL SETTING AND PRETRIAL DEADLINES FOR THE TENNESSEE HEALTHCARE DEFENDANTS**

This Order specifically relates to the Trial Setting and Pretrial Deadlines for the Tennessee Healthcare Defendants.[1] Trial Setting and Pretrial Deadlines for additional MDL Defendants will be subject to a separate Case Management Order.[2] This Order applies to the same matters described in paragraph I of MDL Order No. 9 except to the extent that discovery is allowed against settling parties as to comparative fault issues. The Court enters this Order, subject to and without waiver of the Healthcare Defendants' position that no case will proceed to trial unless and until all parties have had an adequate opportunity to obtain discovery from all comparative fault defendants, including NECC, the Affiliated Defendants, and the National Defendants and third-parties alleged to be comparatively at fault.

---

[1] The "Tennessee Healthcare Defendants," for purposes of this Order, are: Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic A Professional Corporation, John Culclasure, M.D., Debra Schamberg, R.N., Saint Thomas West Hospital formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.
[2] This CMO supplements and adopts the definitions contained in MDL Order No. 9 (Dkt. 1425).

1

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court hereby sets the following deadlines related to pretrial discovery and bellwether trials:

**I. Case Selection Process and Initial Discovery on Trial Candidate Case Picks**

A. No later than 15 days after this Order is entered, the parties shall file a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), with the Court, which shall apply to all cases set for trial under this Order.

B. No later than 15 days after this Order is entered, the Plaintiffs shall select eight (8) cases and Defendants collectively shall select eight (8) cases as candidates for initial trials ("Initial Trial Pool Cases").[3]

C. Each party will select at least one case, but not more than two cases, from each of the following major injury categories:

    i.      Death

    ii.     Fungal meningitis <u>and</u> localized fungal infection

    iii.    Fungal meningitis only

    iv.    Localized fungal infection only

    v.     No disease.[4]

The parties shall make a good faith effort to resolve disputes regarding the proper major injury category for a specific case by referring to the classification and proof procedures

---

[3] Should the Defendants not agree on their collective eight submissions, each group of Defendants (Saint Thomas Entities and Tennessee Clinic Defendants) shall be each entitled to four submissions.
[4] "No disease" cases are those in which the Plaintiff were not diagnosed with, and did not receive treatment for, fungal infection.

used in the Claims Resolution Facility for administering the Tort Trust in NECC's bankruptcy case.[5] If the parties cannot agree, they will submit their dispute to the Court.

      D.      The parties shall endeavor to ensure that their proposed Initial Trial Pool Cases are representative of the universe of cases pending against the Saint Thomas-Related Defendants by considering litigation variables including, but not limited to:

          i.      The injury category

          ii.     The Plaintiff's demographic information (*E.g.*, age, gender, preexisting conditions, including autoimmune disorders, *etc.*)

          iii.    The type and magnitude of damages sought by the Plaintiff (*E.g.*, whether the Plaintiff is claiming lost wages, whether the suit includes claims for loss of consortium, the amount of medical expenses for which the Plaintiff is seeking compensation, *etc.*)

          iv.    The factors used for "Upward Adjustments" in the Claims Resolution Facility for administering the Tort Trust in NECC's bankruptcy case[6] (*E.g.*, whether the Plaintiff underwent surgery for treatment of a fungal infection, whether the Plaintiff experienced complications from antifungal treatment, whether the Plaintiff suffered stroke, *etc.*).

      E.      Initial Trial Pool Case selections shall be exchanged in writing with opposing counsel. At the time they exchange and file their lists of chosen Cases, the PSC and Healthcare Defendants shall identify in briefs accompanying their selections the litigation variables that they consider to be significant in bearing on ultimate

---

[5] Dkt. 1694-3, pp. 8-15.
[6] Dkt. 1694-3, pp. 15-36.

selection of Cases for initial trials. These litigation variables are intended to act as guideposts, "focusing the attorneys on the most predominant and important issues in the litigation."[7]

F.     The Plaintiffs and the collective Defendants may strike four (4) cases of the other side's eight (8) cases. In the event that the same case or cases appear on both parties' lists, the case(s) will automatically become one of the first four (4) cases set for trial.[8] The process for striking cases from the Initial Trial Pool shall be completed within 45 days of entry of this order.

## II.   Selection of First Four Trial Cases

A.     The Court encourages the parties to agree regarding the cases selected for order of the trial settings and/or remand. If the parties cannot agree, the Court will select the order in which the first four (4) cases will be tried and/or remanded (the "First Four Trial Cases").

B.     If the parties cannot agree regarding the order of the trial settings and/or remand, the Parties shall file submissions as to the order in which the first four (4) of the eight (8) remaining cases should be tried and/or remanded to the transferor courts, within 75 days of entry of this order. The Parties are directed to file briefs, not to exceed ten pages, advocating their proposed order in which the cases should be tried and/or remanded, including an explanation why the cases are representative of the universe of cases against the Tennessee Healthcare Defendants.

---

[7] Eldon E. Fallon, Jeremy T. Grabill & Robert Pitard Wynne, *The Problem of Multidistrict Litigation: Bellwether Trials in Multidistrict Litigation*, 82 TUL. L. REV. 2323, 2345 (June 2008).
[8] If the collective Defendants cannot agree on their collective four strikes, each group of Defendants (St. Thomas Entities and Tennessee Clinic Defendants) shall be entitled to two strikes.

## II.     Deadlines for First Four Trial Cases

A.     Once the First Four Trial Cases are selected, the cases will proceed to trial pursuant to the following schedule:

<u>Case-Specific Fact Discovery</u>

B.     Case-specific written discovery will be issued within 21 days of selection of the First Four Trial Cases.

C.     Responses to written discovery will be due 45 days from service.

D.     Case-specific fact witness depositions will be completed within 90 days of selection of the First Four Trial Cases.

<u>Case-Specific Expert Discovery</u>

E.     Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts who will testify as to Case-Specific Issues for the First Four Trial Cases within 30 days of completion of Case-Specific Fact Discovery. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

F.     Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), the Defendants shall disclose Case-Specific Experts for the First Four Trial Cases within 60 days of completion of Case-Specific Fact Discovery. At least three proposed deposition dates for the experts will be provided with the expert disclosure.

G.     Depositions of Case-Specific experts will begin after Defendants' expert reports are served and shall be completed within 90 days of service of Defendants' expert reports.

Dispositive Motions

      H.      The parties shall file any case-specific dispositive motions and *Daubert* motions within 60 days of completion of Case-Specific Expert Discovery.

      I.      The parties shall file any oppositions to case-specific dispositive motions and *Daubert* motions within 30 days of the filing of the motion.

      J.      The parties shall file any replies in support of case-specific dispositive motions and *Daubert* motions within 14 days of the filing of the opposition.

      K.      Hearing on case-specific dispositive motions and *Daubert* motions shall be set by separate order.

### III. Trial Dates

      A.      The First Four Trial Cases shall be trial-ready by December 1, 2016.[9]

      B.      Deadlines for future trials of Initial Trial Pool Cases shall be set by separate order.

### V. Effect of Settlement/Dismissal

      A.      Once the strike process is complete, the remaining cases may only be voluntarily dismissed by the Plaintiff *with prejudice*. If one of the remaining cases is dismissed, Defendants will select a replacement from the same major injury category.

      B.      If all Defendants choose to settle a case once the strike process is complete, the Plaintiffs will select a replacement from the same major injury category.

---

[9] This deadline will obviously depend on the timing of entry of various orders by the Court, such as selection of bellwether cases, rulings on dispositive motions, etc.

SO ORDERED:

_____
The Honorable Rya Zobel
United States District Judge

Dated: _____, 2015