**Blumberg & Wolk, LLC**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., John Catalano, M.D., Jeffrey Strauss, M.D.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: All New Jersey Cases | Docket No. 1:13-md-2419-RWZ<br>MDL No. 02419 |

PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOURTHERN NEW JERSEY, LLC, ET. AL'S REPLY TO THE PLAINTIFF'S RESPONSE AND OPPOSITION TO PSC's CROSS-MOTION TO AMEND CMO #9

**INTRODUCTION**

As the Court is well aware this case is a complex litigation, Multidistrict Litigation involving many plaintiffs across the country.  In particular and relevant to these arguments the moving defendants, Premier Orthopedic and Sports Medicine Associates of Southern NJ, LLC, and the related defendants (hereinafter "Premier" or "Premier Defendants") have moved to amend the Case Management Order outlined by this Court

1

at Dkt No. 1425 or commonly referred to as CMO #9. [Dkt No. 1852].

The parties have met to discuss the extension of this deadline but have not been able to agree on a timeframe. There is no dispute however that the time for common discovery must be extended – how far into the future is the ultimate question for the Court to resolve.

> I.   COMMON DISCOVERY IS ONGOING AND IS NOT CONTEMPLATED TO BE COMPLETE BEFORE THE END OF THE SUMMER 2015 NECESSITATING THE NEED FOR AN EXTENSION OF THE COMMON DISCOVERY DEADLINE TO DECEMBER 15, 2015.

The PSC points out that common discovery against the settling defendants will come to a conclusion soon. Such is not the case. The insider defendants have filed motions for protective order whereby they have asked the Court to excuse them from their obligation to give a deposition. These motions are to be argued before the Court at the end of May 2015. It is not until the outcome of these motions that such depositions can be conducted. Furthermore, it is anticipated that if the court allows the depositions of the insider defendants, there will likely be motion practice after the fact in order to "sort through" the appropriateness of any invocation of the Fifth Amendment to determine if it is proper, or not. This will likely take additional time and admittedly more than would be expected

under the normal course.  Furthermore, there has been significant "push-back" from other, settling defendants whom have recently been noticed in this matter – Inspira Medical Center.  Deposition Notices have been sent, scheduling depositions of Inspira representative and F.R.C.P. 30(b)(6) witnesses for late June 2015.[Dkt. No. 1861].  To date, we have been advised that the depositions will be opposed, thus requiring additional motion practice.  This motion practice by the insider defendants and settling defendants is not brought before the Court through the efforts of the moving parties, but rather through the objections of the noticed defendants.

The PSC makes a point that only the Tennessee Defendants have been participating in this litigation.  To the contrary the Premier defendants have participated in this litigation for two years, attended and participated in case management conferences, filed and argued motions to dismiss and have weighed in on various meet and confer issues.  Too, the level of participation should not carry weight in regard to whether the timeframe for discovery should be extended.

     a. Common Discovery against settling defendants will not conclude before June 15, 2015.

The Premier Defendants noticed the deposition of Glen Chinn and Barry Cadden.  These depositions were postponed due to the assertion of their Fifth Amendment Right and have filed a motion

for protective order. It is not anticipated that this deposition will be rescheduled until after a decision on these motions is sent down by the Court. Furthermore, the Unifirst defendants have not been scheduled to date but have been requested.[1] Therefore it is anticipated that these depositions could not be rescheduled until July or the beginning of August. To this end, the PSC agrees that even the Tennessee Defendants, who have taken the lead on scheduling the settling defendant discovery, have agreed to a September, 2015 end date for such discovery. It is therefore contemplated by the parties in this matter that settling defendant discovery will not be completed before the end of the summer, 2015.

Therefore, allowing an additional three (3) month extension to December 15, 2015 for the conclusion of discovery against the Premier Defendants, fact witnesses and corporate designees of both defendants and others, is not unreasonable.

Proposal:

| Completion of Common Fact Discovery, including settling defendant discovery | December 15, 2015 |

---

[1] Though these depositions have been noticed by the "Tennessee Defendants" the point has been well made that regardless of the defendant noticing the deposition, the discovery can only occur once. Therefore, whether the moving party pursued the discovery initially or not should not persuade this Court as to any issues regarding the extension of discovery.

      b. Common Fact Discovery, specific to the New Jersey Cases will need to be extended to December 15, 2015 in order to realistically obtain the needed discovery.

The Premier Defendants are asking this court to extend the deadlines for Common Discovery, including discovery against any settling party or fact witness relevant to the cases against them pending in New Jersey to December 15, 2015. With over thirty witnesses[2] to be deposed in the common portion of discovery the parties will be unable to complete the depositions in the timeframe set forth by the plaintiffs, without the real possibility of having to petition this court once more for an extension.

While the idea of requesting additional time in the future cannot be foreclosed, it is proposed that asking for a realistic timeframe for the completion of discovery is always the best strategy.

    II.  THE PSC HAS NOT PROVIDED SUFFICIENT TIME TO DECIDE ON A BELLWHETHER PROCESS.

The Court's Original Order contemplated the submission of Bellwether proposals to the Court. The Order proposed by the PSC leaves out any procedure whereby the parties can submit a proposed Bellwether process. It will be necessary, at or near

---

[2] Both settling parties/witnesses, defendants and fact witnesses/representatives.

5

the end of common discovery for the parties to exchange a proposed bellwether process.

It is therefore proposed that the bellwether proposals be submitted to Your Honor on or before November 15, 2015 with the parties allowed to respond to the proposals within 15 days of the exchange. It should be noted that <u>the Premier Defendants do not waive their rights to have any and all cases against them tried in New Jersey</u>.  However, formal deadlines for parties to file Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach* should be stayed until the PSC and Premier Defendants can meet and confer in the future.  This Bellwether proposal is consistent with the Court's ruling in the original order at paragraph VI [Dkt. No. 1425 at page 6].

Proposal:

| Bellwether proposal submitted to Court | November 15, 2015 |
| --- | --- |
| Case if Case specific Bellwether Discovery | February 15, 2016 |

### III. THE PSC UNDERESTIMATES THE TIME IT WILL TAKE TO DEPOSE THE EXPERTS IN THIS MATTER.

The plaintiffs have named as defendants in the Premier Cases a Neurosurgeon, Physical Medicine and Rehabilitation Specialist, and several Orthopedic Surgeons.  New Jersey law requires the plaintiffs' to obtain an expert report from experts

who are similarly qualified in specialty or board certification in order for that expert to testify against or in support of the defendant. *See N.J.S.A. 2A:53A-41.* This requirement means that there will be a need for at least one expert in each specialty for both plaintiff and defense, for each defendant. In addition it is anticipated that there will be several experts regarding causation and other comparative fault defenses.

Therefore, proposing only 30 days to complete these depositions is extremely short. It is therefore requested that the timeframe for the depositions of experts be set for a time at least four months after experts are exchanged.

Proposal:

| | |
|---|---|
| Initial, Plaintiff expert designations and exchange of deposition dates | March 15, 2016 |
| Defense expert designations and exchange of deposition dates | May 1, 2016 |
| Deadline for Expert Depositions | September 1, 2016 |

With the proposals above, it is contemplated that trials will begin to occur or cases be trial ready by February 2017.

**Conclusion**

The parties agree that more time is needed to conclude discovery. The PSC is attempting to threat a very thin needle by reducing the Premier Defendants' proposed deadline by 180 days. The Premier Defendants are attempting to be realistic in their approach so these cases can be litigated appropriately and the volume of discovery and anticipated motions defending against that discovery can be anticipated. A proposed form of order is attached for Your Honor's consideration.

    Respectfully Submitted:

    Blumberg & Wolk, LLC
    Attorneys for: Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., Rhaul Shah, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., John Catalano, M.D., Jeffrey Strauss, M.D.

    By: /s/Christopher M. Wolk

    Christopher M. Wolk, Esq
    Blumberg & Wolk, LLC
    158 Delaware Street
    Woodbury New Jersey 08096
    (856)848-7472 p
    (856)848-8012 f

**CERTIFICATE OF SERVICE**

I, Christopher M. Wolk, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: May __, 2015          /s/ Christopher M. Wolk_____