UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND ) <br> COMPOUNDING PHARMACY, INC. ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> Reed v. Ameridose, et al. ) <br> Dkt. No. 1:13-cv-12565 ) | MDL No. 2419 <br> Master Docket No.: 1:13-md-2419-RWZ <br><br> Honorable Rya W. Zobel |

**PLAINTIFF WAYNE REED'S MOTION TO SET CASE FOR TRIAL**

Plaintiff Wayne Reed respectfully moves this Honorable Court for entry of an order setting his case for trial. Specifically, Mr. Reed requests a trial setting in late 2015 for his claims against Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic a Professional Corporation, John Culclasure, M.D., Debra Schamberg, R.N., Saint Thomas Health, Saint Thomas Network, and Saint Thomas Hospital West f/k/a Saint Thomas Hospital.

As grounds for this motion, Mr. Reed respectfully states as follows:

1. Mr. Reed's claims arise from the death of his wife, Diana Reed. Diana and Wayne Reed were married for thirty-six (36) years before Diana Reed died on October 3, 2012 of fungal meningitis. Diana Reed contracted fungal meningitis from contaminated epidural steroids distributed and sold by the defendant Saint Thomas Outpatient Neurosurgical Center. The Defendant John Culclasure, M.D., administered those contaminated steroids to Mrs. Reed.

2. Wayne Reed's exigent circumstances, as well as basic precepts of justice, require that Mr. Reed's claims be set for trial as soon as possible. Mr. Reed suffers from

1

2

Amyotrophic lateral sclerosis ("ALS"), also known as Lou Gehrig's disease.  As a result of that neurological disorder, Wayne is wheelchair bound.  He requires substantial care and assistance in order to survive.

3. Before her untimely death, Diana Reed was Wayne's primary caregiver.  She helped him with daily activities including showering, dressing, preparing meals, and communicating with others.  In addition, Diana Reed's earnings were an important part of the Reeds' modest household income.

4. Because of his degenerative neurological disorder, Wayne Reed's health is precarious.  Not only does Lou Gehrig's disease cause Mr. Reed to be unable to walk and care for himself, but it also affects his control of his vocal chords.  Mr. Reed will eventually lose the ability to speak, and therefore testify, as a result of his degenerative disease.

5. Diana Reed died more than two-and-a-half (2 ½) years ago.  Since her death and during the pendency of this litigation, Wayne Reed has been completely dependent on others in order to survive.  He lives alone, and he has spent most of the Reeds' modest savings in order to buy food and hire people to care for him.

6. Mr. Reed cannot afford to wait any longer for his day in court.  He is at substantial risk of becoming unable to testify and unable to survive long enough for his claims to be heard.  He deserves for his case to be set for trial as soon as reasonably possible.

7. No unfair prejudice will occur to any party if Mr. Reed's claims are set for trial.  Terrible injustice will occur if Mr. Reed's claims are not promptly set for trial.

8. Because of her familiarity with this litigation, Mr. Reed respectfully suggests that Judge Zobel should preside over the trial.  In the event that the defendants are unwilling

to waive their right to have the trial conducted in the Middle District of Tennessee, Mr. Reed respectfully proposes that Judge Zobel be appointed temporarily to sit in that district and preside over the trial pursuant to 28 U.S.C. 1407(b).

9. In further support of this motion, Mr. Reed relies upon the contemporaneously filed memorandum of law as well as his declaration and the declaration of his counsel.

>Respectfully submitted,
>
>LEADER, BULSO & NOLAN, PLC
>
>/s/ George Nolan
>George Nolan (B.P.R. No. 14974)
>414 Union Street, Suite 1740
>Nashville, Tennessee  37219
>(615) 780-4111
>gnolan@leaderbulso.com
>
>*Attorneys for Plaintiff Wayne Reed*

**CERTIFICATE OF SERVICE**

I, George Nolan, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: May 22, 2015                    /s/ George Nolan
                                        George Nolan