UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ<br><br>Honorable Rya W. Zobel |
| THIS DOCUMENT RELATES TO:<br><br>Reed v. Ameridose, et al.<br>Dkt. No. 1:13-cv-12565 | ) | |

**PLAINTIFF WAYNE REED'S MEMORANDUM IN SUPPORT OF MOTION TO SET CASE FOR TRIAL**

Plaintiff Wayne Reed hereby files this memorandum in support of his motion to set his case for trial. Through that motion, Mr. Reed requests entry of an order setting his claims against the Saint Thomas Outpatient Neurosurgical Center, LLC, John Culclasure, M.D., Debra Schamberg, R.N., Howell Allen Clinic a Professional Corporation, Saint Thomas Health, Saint Thomas Network, and Saint Thomas Hospital West f/k/a Saint Thomas Hospital ("Saint Thomas Defendants") for trial in late 2015. As grounds for his motion, Mr. Reed states as follows:

**FACTS**

This litigation arises from a national health catastrophe caused by contaminated steroids compounded by the New England Compounding Pharmacy, Inc. d/b/a the New England Compounding Center ("NECC"). Numerous clinics across the United States sold and distributed those contaminated steroids to patients. According to the Centers for Disease Control (the "CDC"), at least 751 cases of confirmed meningitis or other paraspinal infections occurred. At least 64 people died.

One of the victims was Diana Reed, Wayne Reed's wife. Diana Reed died on October 3, 2012 of fungal meningitis. Wayne and Diana Reed were married for 36 years before Diana's death. She was 56 years old.[1]

Below is a photograph of Diana Reed:



In 1988, Wayne Reed was diagnosed with Amyotrophic lateral sclerosis ("ALS"), also known as Lou Gehrig's disease. As a result of that neurological disorder, Wayne is wheelchair bound. He requires substantial care and assistance.[2]

Before her death, Diana Reed was Wayne's primary caregiver. Wayne depended on Diana to help him with daily activities including showering, dressing, preparing meals, and communicating with others. In addition, Diana Reed's earnings were an important part of the Reeds' modest household income.[3]

Below is a photograph of Wayne Reed shortly after Diana's death:

---

[1] *See* Declaration of Wayne Reed, filed contemporaneously herewith as Exhibit A, at ¶1 ("Reed Decl.")
[2] Reed Decl., ¶ 2
[3] *Id.*, ¶ 3



As a result of assisting and caring for Wayne, Diana developed disk problems in her neck. Diana sought treatment for those neck problems at Saint Thomas Outpatient Neurosurgical Center ("Saint Thomas Clinic") in Nashville.[4]

Saint Thomas Clinic administered three epidural steroid injections to Diana Reed in August and September of 2012.[5] Unbeknownst to Diana, Saint Thomas Clinic purchased those steroids from NECC, a compounding pharmacy. Saint Thomas Clinic procured, distributed and sold those steroids to patients without using individual patient specific prescriptions.

After receiving the epidural steroids, Diana began suffering severe headaches, nausea and dizziness. She went to Saint Thomas Hospital and was admitted with a diagnosis of suspected fungal meningitis.[6]

Wayne Reed kept constant vigil at Diana's hospital bedside. After suffering tremendously in the hospital for several days, Diana suffered a stroke. She became non-responsive. She was pronounced dead on October 3, 2012. Her Death Certificate lists "fungal meningitis" as her cause of death.[7]

Having lost his wife, Wayne Reed now lives alone. Surviving while severely

---

[4] *Id.*, ¶ 4
[5] *Id.*, ¶ 4
[6] *Id.*, ¶ 5
[7] *Id.*, ¶ 6

handicapped is an enormous struggle. Since Diana's death, Wayne Reed has depleted the Reeds' modest savings and has opened a line of credit to cover daily expenses. He requires substantial daily assistance. He is now compelled to rely primarily upon the generosity of friends from his church in order to survive.[8]

ALS is a degenerative disease. As a result, Wayne Reed's health is precarious.[9] In addition to affecting Wayne Reed's ability to walk and move, his disease affects his vocal chords. His ability to speak is deteriorating.[10]

Both Wayne Reed and his counsel are deeply concerned that Wayne will lose the ability to testify before his case is heard.[11] At some point Wayne Reed will lose his ability to testify, either because of his deteriorating vocal abilities or because of other health problems associated with his degenerative disease.[12]

## ARGUMENT

Wayne Reed first filed his Complaint against the Saint Thomas Defendants on January 29, 2013 in the Circuit Court for Davidson County Tennessee (the "State Court Action"). Pursuant to Tenn. Code Ann. §§ 29-26-121 and 29-26-122, Wayne Reed provided each Saint Thomas Defendant at least 60 days' notice before filing suit. Wayne Reed provided each defendant with an authorization to obtain Diana Reed's medical records. [13]

---

[8] *Id.*, ¶ 7
[9] *Id.*, ¶ 8
[10] *Id.*, ¶ 9
[11] *See* Declaration of George Nolan, filed contemporaneously herewith as Exhibit B at ¶6 ("Nolan Declaration"), and Reed Declaration, ¶ 10
[12] Reed Decl., ¶ 10
[13] Nolan Decl., ¶ 8

Wayne Reed first sent the Saint Thomas Defendants the requisite notice and medical authorizations on November 13, 2012.[14] In other words, the Saint Thomas Defendants have had more than 2 ½ years to gather and analyze Diana Reed's medical records.[15]

After Plaintiff filed the State Court Action, Plaintiff and Defendants exchanged extensive written discovery. Plaintiff Wayne Reed responded to numerous discovery requests from each of the Saint Thomas Defendants between January 2013 and June 2013.[16]

In June 2013, Plaintiff Wayne Reed non-suited his State Court claims in order to join the MDL. On September 12, 2013, Wayne Reed filed a Complaint in the United States District Court for the Middle District of Tennessee (Case No. 3:13-cv-00923). On October 15, 2013, Wayne Reed's case was transferred to the MDL and assigned Case No. 3:13-cv-12565.[17]

Wayne Reed's case can easily be ready for trial in late 2015. The Saint Thomas Defendants have already conducted substantial written discovery regarding his claims, and Mr. Reed is available for oral deposition upon request.

Setting Mr. Reed's case for trial in late 2015 will result in zero unfair prejudice to any party. A failure to provide Mr. Reed with a prompt trial setting will result in substantial injustice.

## CONCLUSION

Wayne Reed's case originated in the Middle District of Tennessee and was transferred to the MDL for pretrial purposes by the JPML. Wayne Reed is prepared to waive *Lexecon* and allow his case to be tried before this Court for the purpose of expediting trial and avoiding

[14] *Id.*, ¶ 9
[15] The Saint Thomas Defendants have Authorizations allowing them to gather medical records from Saint Thomas Outpatient Neurosurgical Center, Howell Allen Clinic, Saint Thomas Network, Saint Thomas Health and Saint Thomas Hospital. In addition, Plaintiff provided the Saint Thomas Defendants with an authorization to obtain Diana Reed's medical records from her other health care providers identified in the Plaintiff Profile Form on September 22, 2014.
[16] Nolan Decl., ¶ 10
[17] *Id.*, ¶ 11

further delay. Alternatively, in the event that the defendants do not choose to waive *Lexecon*, Mr. Reed respectfully proposes that Judge Zobel be appointed temporarily to sit in the Middle District of Tennessee, pursuant to 28 U.S.C. 1407(b), in order to try his case.

Wayne Reed has been waiting for his day in Court for more than 2 ½ years. He deserves to be heard and respectfully requests a prompt trial setting.

Respectfully submitted,

LEADER, BULSO & NOLAN, PLC

/s/ George Nolan

George Nolan (B.P.R. No. 14974)
414 Union Street, Suite 1740
Nashville, Tennessee 37219
(615) 780-4111
gnolan@leaderbulso.com

*Attorneys for Plaintiff Wayne Reed*

**CERTIFICATE OF SERVICE**

I, George Nolan, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: May 22, 2015

/s/ George Nolan
George Nolan