UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**THE SAINT THOMAS ENTITIES' OPPOSITION TO STEVEN HIGGINS'S MOTION
FOR A PROTECTIVE ORDER AND
MOTION TO QUASH OR MODIFY THE SUBPOENA**

The Saint Thomas Entities[1] hereby file this Opposition to Steven Higgins's Motion for a Protective Order and Motion to Quash or Modify the Subpoena [Docket # 1836] (the "Higgins Motion"). The Higgins Motion largely sets forth the same arguments made by the Invoking Defendants in their separately filed Motion for a Protective Order and to Quash Deposition Notices (the "Invoking Defendants' Motion") [Docket # 1823].[2] In response, the Saint Thomas Entities hereby incorporate by reference the arguments set forth in their Opposition to the Invoking Defendants' Motion [Docket # 1869].

In addition to the arguments made by the Invoking Defendants, Mr. Higgins also argues that special protections should apply to him because he is a non-party to this litigation. He cites no case law, however, that holds that a non-party should be accorded the treatment he seeks here. The Saint Thomas Entities are not seeking a burdensome document production from Mr.

_____

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.

[2] Mr. Higgins has not been indicted, and his Fifth Amendment concerns are less clear than those of most of the Invoking Defendants.

1

Higgins, only a targeted production of documents in his personal possession and an oral deposition according to the Federal Rules of Civil Procedure. There is no reason a protective order should issue prohibiting a deposition of a key witness like Mr. Higgins.

According to the documents already produced in this litigation, Mr. Higgins is a long-time employee of GDC Properties Management, LLC ("GDC") and is intimately familiar with NECC's compounding facility, where the methylprednisolone acetate ("MPA") at issue was made. He knows about the work performed by Liberty Industries, Inc. ("Liberty"), the company that installed the cleanrooms at NECC, and the work of Victory Heating and Air Conditioning Co. ("Victory"), the company that did the HVAC work at the facility. The construction of the cleanrooms, as well the maintenance and repair work at the facility, are critical to the Saint Thomas Entities' comparative fault claims against NECC, GDC, Ameridose, Liberty, Victory, and others. Questions about the facility should be put to Mr. Higgins at a deposition, and he may invoke his Fifth Amendment privilege, as necessary, on a question-by-question basis.

The Higgins Motion cites no case supporting his argument that a Rule 31 deposition by written question is appropriate. The primary authority relied on by Mr. Higgins, *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 249 F.R.D. 8, 15 (D. Mass. 2008), is inapposite. In that case, the court addressed the propriety of subpoenas to the Massachusetts Medical Society and the New England Journal of Medicine, which sought documents pertaining to the pre-publication, peer review process for articles concerning the products at issue in that litigation. Needless to say, Mr. Higgins's situation does not raise the same concerns. Here, the Saint Thomas Entities have requested documents and a deposition of a key witness employed by GDC, a party alleged to have proximately caused Plaintiffs' injuries. He doubtless has specific knowledge of the operations and maintenance of the NECC facility that will not incriminate

himself or his company in any way. And Mr. Higgins has a valid Fifth Amendment concern in producing the requested documents, he can assert it. Likewise, if a question is asked at the deposition that Mr. Higgins cannot answer without incriminating himself, he can assert his privilege then. There is no right, as a non-party, to avoid a deposition because of Fifth Amendment concerns, and Mr. Higgins has not demonstrated an undue burden. *See* FED. R. CIV. P. 45(d)(3)(A)(iv). Given the highly probative nature of the information sought from Mr. Higgins – details about the operations of NECC's facility and GDC's maintenance and property management of NECC's facility – the Saint Thomas Entities should be permitted to take his deposition.

SAINT THOMAS WEST HOSPITAL,
FORMERLY KNOWN AS ST. THOMAS
HOSPITAL, SAINT THOMAS NETWORK,
AND SAINT THOMAS HEALTH

By their attorneys,

*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

Dated:  May 26, 2015

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Adam T. Schramek*
Texas State Bar No. 24033045
Eric J. Hoffman*
Texas State Bar No. 24074427

Norton Rose Fulbright US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*

Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing *Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 26th day of May, 2015.

*/s/ Sarah P. Kelly*
SARAH P. KELLY

2810171.1