UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

[AMENDED PROPOSED] MDL Order No. 9B
ORDER REGARDING COMMON ISSUE DISCOVERY

May \_\_\_, 2015

This Amended Order Regarding Common Issue Discovery[1] is intended to amend and supplement the Court's previous MDL Order Nos. 9 and 9A[2] ("Order No. 9") and to provide a reasonable timetable for discovery on Common Issues[3] as it relates to those defendants who currently have cases pending in the MDL and are not subject to a proposed settlement pending in the bankruptcy court. This Order is entered in response to the parties' various motions regarding a discovery schedule, and after careful consideration of the arguments made by all parties.

This Order amends Order No. 9 by (i) extending the deadline for Common Issue discovery as to the Premier[4] and Box Hill Defendants,[5] (ii) extending all unexpired deadlines in CMO Order

---

[1] This supersedes the earlier proposed MDL Order 9B, Dkt. 1868.

[2] *See In Re: New England Compounding Pharmacy Cases Litigation*, MDL No. 13-02419-RWZ, Dkts. No. 1425 and 1528 (September 18, 2014, November 10, 2014).

[3] A "Common Issue" for purposes of this Order means an issue that pertains to all or a substantial number of cases in the Multidistrict Litigation ("MDL"). Examples of Common Issues include the scope and amount of Defendants' insurance coverage available to satisfy claims made or a parent company's liability for a subsidiary company's conduct. A "Case Specific Issue" is an issue that pertains to a single case or a small number of cases. Examples of Case-Specific Issues include the amount of physical harm an individual patient suffered as a result of Defendants' alleged wrongdoing or statements made by Defendants to a particular Plaintiff.

[4] "Premier Defendants" includes Premier Orthopedic Associates Surgical Ctr., Premier Orthopedics Associates Surgical Center, LLC, Premier Orthopaedic and Sports Medicine Associates of South Jersey, LLC, d/b/a Premier Orthopaedic and Sports Medicine Associates, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., John Catalano, M.D., and Jeffrey Strauss, M.D.

1

No. 9 by 45 days; and (iii) temporarily staying all deadlines for completing common discovery from those Clinic Related Defendants[6] with five or fewer filed actions currently pending against them in the MDL.

This order supplements Order No. 9 by (i) implementing a schedule for the bellwether process relating to the St. Thomas and Tennessee Clinic Defendants,[7] and (ii) adding to the previous schedule as to the Premier and Box Hill related defendants deadlines for all pre-trial matters up through trial, in accordance with the separate schedules set forth herein.

The 45 day extension of unexpired deadlines applies to the deadline for completing Common Issue discovery from the Affiliated Defendants[8] or any National Defendants[9] (Affiliated Defendants and National Defendants are referred to collectively as "Settling Defendants") or any third party from whom discovery is sought, by any party, except that nothing herein is intended to alter Dkt. No. 1481.[10]

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(F) and 16.6, it is hereby ORDERED that:

---

[5] "Box Hill Defendants" includes Box Hill Surgery Systems, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC.

[6] "Clinic Related Defendants" refers to clinics/hospitals and their employees, physicians, nurses, staff, and affiliated companies that administered the Contaminated NECC pharmaceuticals that have been named as defendants in the MDL.

[7] "Saint Thomas Defendants" include Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, PC, John Culclasure, MD, Debra Schamberg, RN, Vaughan Allen, MD, Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.

[8] "Affiliated Defendants" refers to entities or individuals affiliated with NECC, including Barry Cadden, Lisa Cadden, Doug Conigliaro, Carla Conigliaro, Gregory Conigliaro, Glenn Chin, Alaunus Pharmaceutical, LLC, Ameridose, LLC, GDC Properties Management, Inc., Medical Sales Management, and Medical Sales Management SW.

[9] "National Defendants" refers to UniFirst Corporation, Inc., Liberty, ARL and Victory.

[10] On October 9, 2014, upon motion of Paul D. Moore, the chapter 11 trustee of NECC, the Court entered an order limiting discovery and otherwise staying these proceedings with respect to NECC insiders and related settling parties (Dkt. No. 1481).

1. **Applicability**

This Order shall govern cases transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of February 12, 2013, entitled New England Compounding Pharmacy, Inc. Products Liability Litigation, any tag-along actions transferred by the Panel after that date, and any related actions previously assigned to this Court.

Although the time for participation in the Court ordered mediation program has expired, and no parties are currently participating in court-ordered mediation, if a party wishes to obtain a modification of the schedules set forth herein in order to mediate any remaining dispute, something encouraged by this Court, the parties are to file a notice of mediation with this Court along with their proposed schedule modification.

2. **St. Thomas Defendants**

Except as expressly altered herein or in other orders of the Court, the original deadlines set forth in Order No. 9 remain in effect as they relate to the Saint Thomas cases. Having considered the submissions by the parties concerning the potential bellwether process, the Court supplements the original schedule set forth in Order No. 9 to add dates related to the bellwether selection process and sets forth additional dates related to the cases concerning the Saint Thomas cases below:

| Event | Deadlines |
| --- | --- |
| Initial Trial Pool Cases selection exchanged in writing between the parties | ≤ 10 days after entry of Order |
| Deadline for Parties to file Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach* | ≤ 15 days after entry of Order |
| Completion of all Case-Specific fact discovery for Initial Trial Pool cases | 09/15/2015 |

| | |
|---|---|
| Parties shall file submissions as to the order in which the eight Initial Trial Pool Cases should be tried and/or remanded to the transferor courts.  The Parties are directed to file briefs, not to exceed 5 pages, with reason for selections and order. | 10/1/2015 |
| Court will select the order in which the Initial Trial Pool Cases will be tried and/or remanded, designate the first 2 cases to be tried and/or remanded, | 10/15/2015 |
| Parties shall disclose experts who will testify as to Case-Specific Issues for the First Two Trial Case Picks along with at least three proposed deposition dates for each expert. | 10/25/2015 |
| Parties shall disclose rebuttal Case-Specific Experts for the First Two Trial Case Picks. | 11/10/2015 |
| Parties shall complete depositions of Case-Specific Issues experts (which will begin after rebuttal reports, if any, are served) | 12/15/2015 |
| Case-Specific dispositive motions and *Daubert* motions filed | 12/21/2015 |
| Oppositions to Case-Specific dispositive motions and *Daubert* motions filed | 1/05/2016 |
| Replies to Case-Specific dispositive motions and *Daubert* motions filed | 1/15/2016 |
| Hearings on case-specific dispositive motions and *Daubert* motions | As determined by the Court |
| Cases shall be trial-ready | 2/1/2016 |

Additional details concerning the bellwether selection process are set forth in a separate order of the Court.

### 3. Premier Defendants

Given the submissions by the PSC and the Premier Defendants and the current status of discovery concerning cases involving the Premier Defendants, the Court believes an extension of discovery dates originally set forth in CMO 9 is warranted.  Accordingly, the Court sets the

following schedule related to all pre-trial matters in claims against Premier Defendants pending in the MDL:

| Event | Deadlines |
|---|---|
| Close of Common Fact Discovery; Meet and confer on potential bellwether process | 11/15/15 |
| Close of Case Specific Bellwether Discovery | 1/15/16 |
| Initial Expert Disclosures and Proffer of Deposition Dates | 1/31/16 |
| Rebuttal Expert Disclosures and Proffer of Deposition Dates | 4/4/16 |
| Deadline For Expert Depositions | 4/23/16 |
| Dispositive Motions and *Daubert* Motions filed | 5/21/16 |
| Oppositions to Dispositive Motions and *Daubert* Motions filed | 6/5/16 |
| Replies in Support of Dispositive Motions and *Daubert* Motions filed | 6/19/16 |
| Hearing on Dispositive Motions and *Daubert* Motions | 7/2/16 |
| Final Pre-Trial Hearing | 7/25/16 |
| Cases are Trial Ready | 8/1/16 |

### 4. Box Hill Defendants

Given the submissions by the PSC and the Box Hill Defendants and the current status of discovery concerning cases involving the Box Hill Defendants, the Court believes an extension of discovery dates originally set forth in CMO 9 is warranted. Accordingly, the Court sets the

following schedule related to all pre-trial matters in claims against Box Hill Defendants pending in the MDL:

| **Event** | **Deadline** |
|---|---|
| Close of Common and Case Specific Bellwether Discovery | 1/22/16 |
| Initial Expert Disclosures and Proffer of Deposition Dates | 2/22/16 |
| Rebuttal Expert Disclosures and Proffer of Deposition Dates | 3/23/16 |
| Deadline For Expert Depositions | 5/23/16 |
| Dispositive Motions and *Daubert* Motions | 6/22/16 |
| Oppositions to Dispositive Motions and *Daubert* Motions | 7/7/16 |
| Replies in Support of Dispositive Motions and *Daubert* Motions | 7/22/16 |
| Hearing on Dispositive Motions and *Daubert* Motions | 8/8/16 |
| Final Pre-Trial Hearing | 9/7/16 |
| Cases are Trial Ready | 10/3/16 |

5.   **Other Clinic Related Defendants**

All discovery in any action against Clinic Related Defendants with five or fewer cases[11] against them in this Court as of the date of this Order is stayed until December 31, 2015, with the exception of discovery of Settling Defendants and third parties. The stay of discovery as to these Clinic Related Defendants does not affect Plaintiffs' obligation to complete initial disclosures and

---

[11] *See* Exhibit 1, identifying specific Clinic Related Defendants subject to this order.

Plaintiff Profile Forms ("PPF") and authorizations pursuant to this Order or Defendants' obligation to complete initial disclosure and any defendant profile form this Court enters. Nor does the stay affect all parties' obligations to participate in the discovery related to Settling Defendants or third parties. Once the stay of discovery as to Clinic Related Defendants with five or fewer cases pending against them is lifted, Plaintiffs and Clinic Related Defendants in those actions will provide a proposed schedule and briefing concerning the completion of all pre-trial matters in those actions.

### 6. Complete Case Schedule

For the convenience of all parties, and the Court, the Court sets forth below a complete schedule as relates to the matters affected by this Order:

| Date | TN Defendants | Premier Defendants | Box Hill Defendants |
| --- | --- | --- | --- |
| 08/01/2015 | *All Defs:* Close of Common Fact Discovery as to settling defendants | *All Defs:* Close of Common Fact Discovery as to settling defendants | *All Defs:* Close of Common Fact Discovery as to settling defendants |
| 08/01/2015 | *St. Thomas:* Close of Common Fact Discovery as to St. Thomas and Specialty Surgery defendants | | |
| 09/01/2015 | *St. Thomas*: Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts that will testify on Common Issues | | |
| 10/01/2015 | *St. Thomas*: Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose experts who will testify on Common Issues | | |
| no later than 10 days after entry of Order re bellwether | *St. Thomas:* Initial trial pool cases selection exchanged in writing with opposing counsel | | |

| Date | TN Defendants | Premier Defendants | Box Hill Defendants |
|---|---|---|---|
| no later than 15 days after entry of Order re bellwether | *St. Thomas:* Parties shall file with the Court a Notice of Position on Venue and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach* | | |
| 09/15/2015 | *St. Thomas:* Parties shall complete all Case-Specific fact discovery for Initial Trial Pool cases | | |
| 10/1/2015 | *St. Thomas:* Parties shall file submissions as to the order in which the eight Initial Trial Pool Cases should be tried and/or remanded to the transferor courts | | |
| 10/15/2015 | *St. Thomas:* Court will select the order in which the Initial Trial Pool Cases will be tried and/or remanded, designate the first two cases to be tried and/or remanded | | |
| 10/25/2015 | *St. Thomas:* Parties shall disclose experts who will testify as to Case-Specific Issues for the First Two Trial Case Picks along with at least three proposed deposition dates for each expert | | |
| 11/10/2015 | *St. Thomas:* Parties shall disclose rebuttal Case-Specific Experts for the First Two Trial Case Picks | | |
| 11/15/2015 | | *Premier:* Close of common fact discovery; meet and confer on potential bellwether process | |
| 12/15/2015 | *St. Thomas:* Parties shall complete depositions of Case-Specific Issues experts (which will begin after rebuttal reports, if any, are served) | | |
| 12/21/2015 | *St. Thomas:* Parties shall file any case-specific dispositive motions and *Daubert* motions | | |

| Date | TN Defendants | Premier Defendants | Box Hill Defendants |
|---|---|---|---|
| 1/05/2016 | *St. Thomas:* Parties shall file any oppositions to case-specific dispositive motions and *Daubert* motions | | |
| 1/15/2016 | *St. Thomas:* Parties shall file any replies in support of case-specific dispositive motions and *Daubert* motion | | |
| To be set by separate order | *St. Thomas:* Hearings on case-specific dispositive motions and *Daubert* motions | | |
| 1/15/2016 | | *Premier:* Close of case specific bellwether case discovery | |
| 1/22/2016 | | | *Box Hill:* Close of common issue and case specific fact discovery |
| 1/31/2016 | | *Premier:* Initial expert disclosures and proffer of deposition | |
| 2/1/2016 | *St. Thomas:* Cases shall be trial-ready | | |
| 2/22/2016 | | | *Box Hill:* initial expert disclosures and proffer of deposition dates |
| 3/23/2016 | | | *Box Hill:* rebuttal expert disclosures and proffer of deposition dates |
| 4/4/2016 | | *Premier:* Rebuttal expert disclosures and proffer of deposition dates | |
| 4/23/2016 | | *Premier:* Deadline for expert depositions | |
| 5/21/2016 | | *Premier:* Dispositive motions and Daubert motions filed | |
| 5/23/2016 | | | *Box Hill:* Deadline for expert depositions |

| Date | TN Defendants | Premier Defendants | Box Hill Defendants |
|---|---|---|---|
| 6/5/2016 | | *Premier:* Oppositions to dispositive motions and Daubert motions | |
| 6/19/2016 | | *Premier:* Replies in support of dispositive motions and Daubert motions | |
| 6/22/2016 | | | *Box Hill:* Dispositive motions and Daubert motions filed |
| To be set by separate order | | *Premier:* Hearing on dispositive motions and Daubert motions | |
| 7/7/2016 | | | *Box Hill:* Oppositions to dispositive motions and Daubert motions filed |
| 7/22/2016 | | | *Box Hill:* Replies in Support of Dispositive Motions and Daubert Motions |
| To be set by separate order | | *Premier:* Final pretrial hearing | |
| 8/1/2016 | | *Premier:* Trial (or trial ready) | |
| To be set by separate order | | | *Box Hill:* Hearing on dispositive motions and Daubert motions |
| 9/7/2016 | | | *Box Hill:* Final pretrial hearing |
| 10/3/2016 | | | *Box Hill:* Trial (or trial ready) |

**So Ordered.**

_____
JENNIFER C. BOAL
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE

**Clinic Related Defendant with 5 or Fewer Cases as of March 24, 2015**

| Clinic Related Defendant | Case Count |
| --- | --- |
| Advanced Pain & Anesthesia Consultants, PC | 4 |
| Cincinnati Pain Management Consultants, Inc. | 4 |
| DBMJ Rehabilitation Services, PLLC | 2 |
| BKC Pain Specialists, LLC | 3 |
| PCA Pain Care Specialists | 3 |
| High Point Surgical Ctr. | 3 |
| BKC Pain Specialists | 2 |
| MAPS | 2 |
| Encino Outpatient Surgery Center | 1 |
| Glaser Pain Institute | 1 |
| Ocean State Pain Management | 2 |
| Anonymous Health Care Provider 1 | 2 |
| Sunrise Hospital and Medical | 2 |
| Anonymous Health Care Provider 1 | 1 |
| Brookwood Medical Center | 1 |
| Dallas Back Pain | 1 |
| Dr. O'Connell's Pain Care Centers, Inc. | 1 |
| Fullerton Orthopaedic Surgery Medical Group | 1 |
| Hahnemann University Hospital | 1 |
| High Point Regional Health | 1 |
| Marion Pain Management Center, Inc. | 1 |
| Nazareth Hospital | 1 |
| Sequoia Surgery Center | 1 |
| Wellspring Pain Solutions Clinic | 1 |