UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Tennessee Actions. | Judge Rya Zobel |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO THE SAINT THOMAS ENTITIES MOTION TO CONTINUE DEADLINE FOR COMMON ISSUE FACT DISCOVERY TO SEPTEMBER 14, 2015**

The Plaintiffs' Steering Committee (the "PSC") hereby files this Response to the Saint Thomas Entities' Motion to Continue Deadline for Common Issue Fact Discovery to September 14, 2015 (Dkt. No. 1849, the "Motion to Continue") of which two parties have filed a joinder or response.[1]

The PSC opposes a full 90 day extension of fact discovery deadlines as proposed in the Motion to Continue, but the PSC does not oppose a reasonable extension of deadlines in CMO Order No. 9 by 45 days.

The PSC takes issue with only a few of the items outlined in the Motion to Continue. First, the PSC disagrees that it thwarted the Saint Thomas Entities' attempts to obtain discovery in any way.[2] The PSC has made hundreds of thousands of documents available in the U.S. Legal Repository to every defendant, even absent a formal discovery request requiring the PSC to produce the documents contained in the repository. The Saint Thomas Entities claim the PSC

---

[1] *See* Dkt. Nos. 1877 and 1889.

[2] Dkt. No. 1850 at P. 2.

1

has been withholding information from the repository and that information is only "trickling out," but this is simply not true and not supported by the Saint Thomas Entities' own allegations. The Saint Thomas Entities identify only a single instance of documents possessed by the PSC that were not produced to the repository.[3] However, the Court's own order on mediation makes the documents exchanged as part of mediation subject to protection from discovery, and this is consistent with the widespread federal court policy of protecting documents exchanged in mediation from discovery.[4] The contested documents referenced in the Motion to Continue were timely produced once the Saint Thomas Entities formally requested them from the producing party. The PSC has timely and consistently produced documents in this litigation, even without a formal discovery request requiring the PSC produce such documents. Any claim that the PSC has "thwarted" discovery in this action is simply a red herring and should be ignored.

The PSC also disagrees that with the Saint Thomas Entities' claims that it has demonstrated "reasonable diligence" in pursuing discovery related to its comparative fault defenses.[5] The Saint Thomas Entities principally allege they need an extension of common issue fact discovery deadlines because of the pending motions to quash and/or for a protective order filed by NECC, the Affiliated Defendants, and/or the National Defendants.[6] The Saint Thomas Entities fail to disclose to the Court that it did not begin requesting this discovery until March of 2015,[7] a full six months AFTER the Court opened common issue fact discovery.[8] Had the Saint

---

[3] *Id.*

[4] *See* Dkt. No. 394; *see also Savage & Assocs. P.C. v. K&L Gates LLP* (*In re Teligent, Inc.*), 640 F.3d 53, 57 (2d Cir. N.Y. 2011) (collecting cases on mediation privilege).

[5] Dkt. No. 1850 at P. 10.

[6] *See* Dkt. No. 1850 at P. 3-6.

[7] *See e.g.* Dkt. No. 1738.

[8] *See* Dkt. No. 1425 (opening fact discovery in September of 2014).

Thomas Entities diligently pursued the discovery it now seeks, many of the pending motions would have been resolved much earlier and thereby obviating the need for an extension now.

Further, the PSC disagrees with the Saint Thomas Entities' claims that no party will be prejudiced by an extension of deadlines.[9]  The victims of this unprecedented tragedy have waited patiently for close to three years for the resolution of their claims.  Most of these individuals have suffered devastating injuries that require ongoing medical treatment and significant life style changes.  These victims need justice and they need it soon, and any delay in the current schedule will undoubtedly prejudice them.  As just one example of the prejudice suffered by plaintiffs, one of the Tennessee plaintiffs has passed away awaiting resolution of claims in this litigation.

Regardless, the PSC recognizes that the pending discovery-related motions necessitates a flexible approach.  Further, the PSC has reviewed the various trial proposals filed by the parties and understands that there are competing views as to the timing of setting the first trial in this case and feasibility of setting cases for trial by the end of the year.[10]  The PSC, however, believes a 90 day extension is unwarranted, but given the circumstances, the PSC does not oppose a 45 day extension of all non-expired deadlines in CMO No. 9.[11]

Dated:  May 27, 2015                                       Respectfully submitted,

                                                           **/s/ Benjamin A. Gastel**
                                                           J. Gerard Stranch, IV
                                                           Benjamin A. Gastel
                                                           BRANSETTER, STRANCH & JENNINGS

---

[9] *See* Dkt. No. 1850 at P. 9.

[10] *See e.g.*, Dkt. Nos. 1866, 1870 and 1871.

[11] The PSC reminds the Court it has a separate motion to amend CMO No. 9 regarding the timing of discovery and other pretrial matters that applies to clinics unrelated to the Saint Thomas Entities and the Tennessee Clinic Defendants, and nothing herein is meant to contradict or change the proposal contained in Dkt. Nos. 1867 and 1868. The forthcoming amended proposed CMO Order No. 9b will also make this clarification.

PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiff's Steering Committee and TN State Chair*

Thomas M. Sobol
Kristen Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcentercom

4

        Kim Dougherty
        JANET, JENNER & SUGGS, LLC
        31 St. James Avenue, Suite 365
        Boston, MA  02116
        Telephone:  (617) 933-1265
        kdougherty@myadvocates.com

        Patrick T. Fennell
        CRANDALL & KATT
        366 Elm Avenue, S.W.
        Roanoke, VA  24016
        Telephone:  (540) 342-2000
        pfennel@crandalllaw.com

        Mark Zamora
        ZAMORA FIRM
        6 Concourse Way, 22nd Floor
        Atlanta, GA  30328
        Telephone:  (404) 451-7781
        Facsimile:  (404) 506-9223
        marc@markzamora.com

        *Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

  I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: May 27, 2015

        **/s/ Benjamin A. Gastel**
        Benjamin A. Gastel