UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br>   ) <br> THIS DOCUMENT RELATES TO: ) <br>   ) <br>   ALL CASES ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**THE SAINT THOMAS ENTITIES' OBJECTION TO PSC'S REQUEST FOR ORAL ARGUMENT ON PSC'S CROSS MOTION TO AMEND MDL ORDER NO. 9 AT MAY 28, 2015 STATUS CONFERENCE**

The Saint Thomas Entities[1] hereby file this objection to the PSC's request[2] that oral argument be permitted regarding the *PSC's Cross Motion to Amend MDL Order No. 9* ("Motion to Amend") at the May 28, 2015 status conference, and in support, show the Court the following:

1. On May 18, 2015, the PSC filed its Cross Motion to Amend MDL Order No. 9.[3] The motion proposes pretrial schedules for the Premier Defendants[4] and Box Hill Defendants[5] and also seeks to stay the discovery and briefing deadlines of cases pending against defendants with five or less cases currently pending against them in the MDL ("Small Clinic Defendants"), but not the deadline for completing discovery from the settling defendants.[6]

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.

[2] Dkt. No. 1892.

[3] Dkt. No. 1867.

[4] Premier Orthopedics Associates Surgical Center, LLC, Premier Orthopedic and Sports Medicine Associates of South Jersey, LLC, d/b/a Premier Orthopedic and Sports Medicine Associates, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., John Catalano, M.D., and Jeffrey Strauss, M.D.

[5] Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC

[6] Dkt. No. 1867.

1

2. The PSC's memorandum in support ("Memo in Support") of its Motion to Amend requests some of the same relief, but also requests that the Court require the Small Clinic Defendants to enter mediation.[7] The Memo in Support sets forth not only the proposed schedule for the Premier and Box Hill Defendants, however, but also sets forth the proposed schedule for the Saint Thomas Entities and Tennessee Clinic Defendants.[8] The Memo in Support incorrectly labels the Motion to Amend as unopposed.[9]

3. Pursuant to Local Rule 7.1, responses in opposition to the PSC's Motion to Amend are due on or before June 1, fourteen days after the filing of the Motion to Amend.

4. On May 22, 2015, Lead Counsel for the PSC, Kristen Johnson, e-mailed counsel for the parties with a draft agenda for the May 28 status conference. The draft agenda included a heading entitled "Motions for which oral argument is requested," but did not list any such motions. In a footnote, the draft agenda stated that such motions would also be identified in a motion to schedule oral argument that had not yet been filed. Under the heading "Report to the Court" and subheadings "Status of litigation track" and "Motions re Pretrial Schedule," the PSC listed its Motion to Amend. The Motion to Amend was not listed as fully briefed and the PSC did not file a motion for oral argument. The Saint Thomas Entities timely responded with suggested revisions, which the PSC acknowledged and incorporated.

---

[7] Dkt. No. 1868.

[8] Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), Howell Allen Clinic, a Professional Corporation, John W. Culclasure, M.D., Debra V. Schamberg, RN, and Vaughan Allen, MD.

[9] Dkt. No. 1868. On May 4, 2015, counsel for the Saint Thomas Entities attended a telephonic meet-and-confer led by Kim Doherty of the PSC. The meet-and-confer concerned only the PSC's proposal that discovery be stayed to all Small Clinic Defendants, to which the Saint Thomas Entities did not object. At no time were amendments to the Case Management Orders as applicable to the Nashville Healthcare Defendants' cases contemplated or proposed. Accordingly, any representation by the PSC that its Motion to Amend is unopposed is inaccurate.

5. On May 26, 2015, the PSC filed its agenda for the May 28 status conference, which represented that "all defendants whose counsel filed notices of appearance in the MDL have been given an opportunity to comment on th[e] proposed agenda."[10] Unlike the version of the agenda on which the Saint Thomas Entities were provided the opportunity to comment, however, the filed version of the agenda requests—for the first time—that the Court hear oral argument on the PSC's Motion to Amend at the May 28 status conference.

6. The Court should reject the PSC's attempt to rush the Court into hearing argument on the Motion to Amend when the deadline for filing responses in opposition has not passed. Not only does the request ignore the deadlines in Local Rule 7.1, a premature hearing would deprive the Court of the opportunity to hear the perspective of all potentially affected parties.

7. The Saint Thomas Entities intend to file a response in opposition to the PSC's Motion to Amend on or before the deadline. There is no reason the PSC's motion cannot be heard at the June status conference in accordance with the timeframes set out in the Local Rules and the orders previously entered by this Court. The Saint Thomas Entities object to the deadlines set forth in the PSC's Memo in Support and related briefing[11] as they specifically pertain to the cases in which they are named as defendants, and will set forth their opposition in a timely filed response. Until that point—and until all other healthcare defendants have been provided a full opportunity to respond—oral argument on the Motion to Amend is premature.

---

[10] Dkt. No. 1892.

[11] At 4:53 p.m. EDT on May 27—less than 24 hours before the May 28 status conference--the PSC filed a reply to two healthcare defendants' responses in opposition to the Motion to Amend and proposed an amended proposed order regarding common issue discovery that sets forth deadlines for the Saint Thomas Entities. *See* Dkt. No. 1900, 1900-1.

## CONCLUSION

Because the deadline for the Saint Thomas Entities and other healthcare defendants to file responses to the PSC's Motion to Amend will not expire until after the May 28, 2015 status conference, the PSC's request for oral argument should be denied.

                              SAINT THOMAS WEST HOSPITAL, FORMERLY KNOWN AS ST. THOMAS HOSPITAL, SAINT THOMAS NETWORK, AND SAINT THOMAS HEALTH

                              By their attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

Dated:  May 27, 2015

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Adam T. Schramek*
Texas State Bar No. 24033045
Eric J. Hoffman*
Texas State Bar No. 24074427

Norton Rose Fulbright US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*

Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing *Pro Hac Vice*

5

## **CERTIFICATE OF SERVICE**

      This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 27th day of May, 2015.

                                                */s/ Sarah P. Kelly*
                                                SARAH P. KELLY

2811124.1