# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | |
|  | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) | Dkt. No 1:13-md-2419 (RWZ) |
|  | ) | |
| All Suits Against the Tennessee Clinic Defendants | ) ) ) ) ) | |

## NOTICE OF SERVICE OF VICTORY HEATING & AIR CONDITIONING CO., INC. AND VICTORY MECHANICAL SERVICES, INC.'S OBJECTIONS AND RESPONSES TO THE TENNESSEE CLINIC DEFENDANTS' SUBPEONA & REQUESTS FOR PRODUCTION

Defendants Victory Heating & Air Conditioning Co., Inc. and Victory Mechanical Services, Inc. ("Victory") give notice to the Court and to all parties that it has served its written Responses to the Tennessee Clinic Defendants' Notice of Requested Documents (*Duces Tecum*) with Subpoena.  Victory attaches as a collective exhibit to this Notice its Responses to the discovery so as to ensure that all parties in the MDL are served.

Dated: June 3, 2015

By their attorneys,

*/s/ Michael P. Sams*
Michael P. Sams (BBO #567812)
mpsams@kandslegal.com

KENNEY & SAMS, P.C.
225 Turnpike Road
Southborough, MA 01772
(508) 490-8500

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All Suits Against the Tennessee Clinic ) <br> Defendants ) <br> ) <br> ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

## VICTORY HEATING & AIR CONDITIONING CO., INC. AND VICTORY MECHANICAL SERVICES, INC.'S OBJECTIONS AND RESPONSES TO THE TENNESSEE CLINIC DEFENDANTS' SUBPEONA & REQUESTS FOR PRODUCTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Victory Heating & Air Conditioning Co., Inc. and Victory Mechanical Services, Inc. ("Victory") states its objections to the Tennessee Clinic Defendants' Requests for Production to Victory Heating & Air Conditioning Co., Inc. and Victory Mechanical Services, Inc. ("Document Requests") as follows:

## GENERAL OBJECTIONS

1. Victory objects to the Document Requests to the extent they are overly broad, unduly burdensome, and/or not calculated to lead to the discovery of admissible evidence.

2. Victory objects to the Document Requests, and any implied or express instruction or direction in the Document Requests that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

3. Victory objects to the Document Requests to the extent they seek disclosure of information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

4. Victory objects to the Document Requests to the extent they seek disclosure of Victory's proprietary and/or confidential business information.

5. Victory reserves all objections to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Document Requests, unless Victory specifically states otherwise.

6. Victory objects to the Document Requests to the extent they require production of documents in the possession, custody, or control of Victory's former directors, officers,

employees, agents, partners, representatives and attorneys or those of its subsidiaries. Documents such persons might possess are not within the possession, custody or control of Victory.

7. Victory objects to the Document Requests to the extent they call for information which "concerns" or "relates to" a particular topic on the ground that gathering all documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

8. Victory's general objections are applicable to, and included in, Victory's specific objections and answers set forth below.

## DOCUMENT RESPONSES & OBJECTIONS

To the extent the Tennessee Clinic Defendants adopted and incorporated the following Requests for Production from the Saint Thomas Entities, Victory likewise adopts and incorporates its Objections and Responses to those Requests for Production which are attached hereto and incorporated by reference:

RFP 1
RFP 2
RFP 3
RFP 5
RFP 6
RFP 7
RFP 8
RFP 9
RFP 11
RFP 15
RFP 18
RFP 19
RFP 20
RFP 21
RFP 22
RFP 23

**REQUEST FOR PRODUCTION NO. 1**: Any marketing materials you provided to NECC or Ameridose specifically related to your qualifications to install and maintain HVAC units in certified cleanrooms.

**RESPONSE:** *See* General Objections.  Additionally, Victory objects to this Request on the grounds that it is overly broad, unduly burdensome, and not within the permissible scope of discovery from settling parties authorized by this Court.  Specifically, Victory understands that the only drug at issue in this litigation was not manufactured, compounded, tested, and/or distributed by Ameridose, and NECC and Ameridose operated their respective business operations at separate locations.   Victory further

objects to this Request on the grounds that the documents and information requested can be obtained from more convenient, less burdensome and less expensive sources.  To wit, documents responsive to Request for Production No. 1 can be found in (1) the MDL Repository under US Legal – Non-Party Documents – Victory; (2) the MDL Repository under Defendants Documents – Victory-Related Documents; and (3) documents produced in response to Saint Thomas Entities' Subpoena and Requests for Production. Without waiving these objections and in further responding, Victory states that it has diligently performed a search of its files and has identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**  Any and all documents related to complaints lodged by NECC (or persons on its behalf) t you about the HVAC units in the NECC cleanrooms potentially contributing to environmental contamination.

> **RESPONSE:** *See* General Objections.  Additionally, Victory objects to this Request on the grounds that it is overly broad, unduly burdensome, and not within the permissible scope of discovery from settling parties authorized by this Court.  Victory further objects to this Request on the grounds that the documents and information requested can be obtained from more convenient, less burdensome and less expensive sources.  To wit, documents responsive to Request for Production No. 2 can be found in (1) the MDL Repository under US Legal – Non-Party Documents – Victory; (2) the MDL Repository under Defendants Documents – Victory-Related Documents; and (3) documents produced in response to Saint Thomas Entities' Subpoena and Requests for Production. Without waiving these objections and in further responding, Victory states that it has diligently performed a search of its files and has identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**  Any and all documents Victory has already produced in this litigation to other parties relevant to its relationship with NECC.

> **RESPONSE:** *See* General Objections.  Additionally, Victory objects to this Request on the grounds that it is overly broad, unduly burdensome, and not within the permissible scope of discovery from settling parties authorized by this Court.  Victory further objects to this Request on the grounds that the documents and information requested can be obtained from more convenient, less burdensome and less expensive sources.  To wit, documents responsive to Request for Production No. 3 can be found in (1) the MDL Repository under US Legal – Non-Party Documents – Victory; (2) the MDL Repository under Defendants Documents – Victory-Related Documents; and (3) documents produced in response to Saint Thomas Entities' Subpoena and Requests for Production. Without waiving these objections and in further responding, Victory states that it has diligently performed a search of its files and has identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**  Any document that identifies what Victory employees or agents were responsible for the installation and management of the HVAC units in the NECC cleanrooms.

> **RESPONSE:** *See* General Objections.  Additionally, Victory objects to this Request on the grounds that it is overly broad, unduly burdensome, and not within the permissible scope of discovery from settling parties authorized by this Court.  Victory further objects to this Request on the grounds that the documents and information requested can be obtained from more convenient, less burdensome and less expensive sources.  To wit, documents responsive to Request for Production No. 4 can be found in (1) the MDL Repository under US Legal – Non-Party Documents – Victory; (2) the MDL Repository under Defendants Documents – Victory-Related Documents; and (3) documents produced in response to Saint Thomas Entities' Subpoena and Requests for Production. Without waiving these objections and in further responding, Victory states that it has diligently performed a search of its files and has identified no additional documents responsive to this Request.

Dated: June 3, 2015

By their attorneys,

*/s/ Michael P. Sams*
Michael P. Sams (BBO #567812)
mpsams@kandslegal.com

KENNEY & SAMS, P.C.
225 Turnpike Road
Southborough, MA 01772
(508) 490-8500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING | ) | |
| PHARMACY, INC. PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | |
| | ) | |
| _____ | ) | |
| | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) | Dkt. No 1:13-md-2419 (RWZ) |
| | ) | |
| All Suits Against the Saint Thomas Entities | ) | |
| | ) | |
| | ) | |
| | ) | |

**VICTORY HEATING & AIR CONDITIONING CO., INC. AND**
**VICTORY MECHANICAL SERVICES, INC.'S OBJECTIONS AND RESPONSES TO**
**SAINT THOMAS ENTITIES' SUBPEONA & REQUESTS FOR PRODUCTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Victory Heating & Air Conditioning Co., Inc. and Victory Mechanical Services, Inc. ("Victory") states its objections and responses to Saint Thomas Entities' Requests for Production to Victory Heating & Air Conditioning Co., Inc. and Victory Mechanical Services, Inc. ("Document Requests") as follows:

**GENERAL OBJECTIONS**

1.  Victory objects to the Document Requests to the extent they are overly broad, unduly burdensome, and/or not calculated to lead to the discovery of admissible evidence.

2.  Victory objects to the Document Requests, and any implied or express instruction or direction in the Document Requests that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

3.  Victory objects to the Document Requests to the extent they seek disclosure of information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

4.  Victory objects to the Document Requests to the extent they seek disclosure of Victory's proprietary and/or confidential business information.

5.  Victory reserves all objections to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Document Requests, unless Victory specifically states otherwise.

6.  Victory objects to the Document Requests to the extent they require production of documents in the possession, custody, or control of Victory's former directors, officers, employees, agents, partners, representatives and attorneys or those of its subsidiaries.

Documents such persons might possess are not within the possession, custody or control of Victory.

7. Victory objects to the Document Requests to the extent they call for information which "concerns" or "relates to" a particular topic on the ground that gathering all documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

8. Victory's general objections are applicable to, and included in, Victory's specific objections and answers set forth below.

## <u>DOCUMENT RESPONSES & OBJECTIONS</u>

**REQUEST FOR PRODUCTION NO. 1:**          The complete customer file you maintain for NECC.

> **RESPONSE:** *See* General Objections.  Additionally, Victory objects to this Request on the grounds that it is overly broad, unduly burdensome, and not within the permissible scope of discovery from settling parties authorized by this Court.  Victory further objects to this Request on the grounds that the documents and information requested can be obtained from more convenient, less burdensome and less expensive sources.  To wit, documents responsive to Request for Production No. 1 can be found in the MDL Repository under (1) US Legal – Non-Party Documents – Victory and (2) Defendants Documents – Victory-Related Documents.  Without waiving these objections and in further responding, Victory states that it has diligently performed a search of its files and identified additional documents responsive to this Request which are contained in the attached disc as RESPONE NO. 1.

**REQUEST FOR PRODUCTION NO. 2:**          The complete customer file you maintain for Ameridose.

> **RESPONSE:** *See* General Objections.  Additionally, Victory objects to this Request on the grounds that it is overly broad, unduly burdensome, and not within the permissible scope of discovery from settling parties authorized by this Court.  Specifically, Victory understands that the only drug at issue in this litigation was not manufactured, compounded, tested, and/or distributed by Ameridose, and NECC and Ameridose operated their respective business operations at separate locations.  Victory further objects to this Request on the grounds that the documents and information requested can be obtained from more convenient, less burdensome and less expensive sources.  To wit, documents responsive to Request for Production No. 1 can be found in the MDL Repository under (1) US Legal – Non-Party Documents – Victory and (2) Defendants Documents – Victory-Related Documents.  Without waiving these objections and in further responding, Victory states that it has diligently performed a search of its files and identified additional documents responsive to this Request which are contained in the attached disc as RESPONE NO. 2.

**REQUEST FOR PRODUCTION NO. 3:**      All proposals, bids, contracts and any other document containing or reflecting the terms and conditions pursuant to which you provided, or proposed providing, equipment, products or services for NECC and Ameridose.

>    **RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**      All marketing materials you ever provided to NECC or Ameridose.

>    **RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**      All documents related the design, construction, manufacture, installation, or servicing of the HVAC systems for the NECC cleanrooms.

>    **RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**      All communications between you and NECC or Ameridose referring or relating to any equipment, products, or services you provided to NECC or Ameridose.

>    **RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**      All communications between you and Liberty referring or relating to any of the NECC cleanrooms.

>    **RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**      All communications between you and Gardner Engineering or PortaFab Corporation referring or relating to the NECC cleanrooms.

>    **RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**　　　　All drawings, schematics, and diagrams concerning the NECC cleanrooms.

　　　**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**　　　　All drawings, schematics, and diagrams concerning the HVAC systems at the NECC facility.

　　　**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**　　　　All repair, maintenance, and service records relating to the HVAC systems for the NECC cleanrooms.

　　　**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**　　　　All documents referring or relating to the recycling center owned by Conigliaro Industries that is adjoining or near the NECC facility and that is in any way related to the products or services you provided NECC or Ameridose.

　　　**RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**　　　　All documents referring or relating to damage to the walls or wall studs of any NECC cleanroom.

　　　**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**　　　　All manuals (including but not limited to any operator's manual, user's manual, maintenance manual, or installation manual) related to the HVAC systems for the NECC cleanrooms.

　　　**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**　　　　All documents used in training your employees, NECC or Ameridose regarding the HVAC systems at the NECC facility.

**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**      All documents referring or relating to air pressure, air change, and air flow at the NECC facility.

**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**      All documents referring or relating to air pressure causing problems with the ceilings of any cleanroom at the NECC facility (such as ceiling tiles popping out of place).

**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**      All documents referring or relating to any air pressure testing that you undertook in or around the NECC cleanrooms prior to, during, or after installation of the HVAC systems.

**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**      All documents referring or relating to securing the HVAC systems for the NECC cleanrooms in place, including but not limited to documents referring or relating to locking, screwing, taping, insulating, or sealing the HVAC systems into the ceiling grids or walls.

**RESPONSE:** *See* Victory's Response to Request No. 1.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**      All documents referring or relating to customer complaints from NECC or Ameridose relating to any equipment, product, or service you have ever provided them.

**RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**      All documents referring or relating to promises, representations, or warranties made to NECC or Ameridose regarding the services or products you provided at the NECC facility.

**RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**          Each organizational chart for your company that applied during any year in which you provided HVAC systems equipment, products, or services for NECC or Ameridose.

**RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**          All instructions, policies, protocols, guidelines, suggestions, and warnings that you provided to NECC or Ameridose regarding the HVAC systems for the NECC cleanrooms.

**RESPONSE:** *See* Victory's Responses to Requests No. 1 and 2.  In further responding, Victory states that it has diligently performed a search of its files and identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**          Every page of the victoryhvac.com website as it existed at any point during 2006 or 2008.  If such documents are no longer available, produce documents reflecting the current content of your site.

**RESPONSE:** *See* General Objections.  Without waiving these objections and in further responding, Victory states that it has diligently performed a search of its files and presently has no copy of the victoryhvac.com website as it existed at any point during 2006 or 2008 in its position.   Documents reflecting the current content of the victoryhvac.com website are contained in the attached disc as RESPONE NO. 24.

**REQUEST FOR PRODUCTION NO. 25:**          All documents and correspondence exchanged with any member of the PSC relating to NECC or Ameridose or the products or services you provided to either.

**RESPONSE:** *See* General Objections.  Additionally, Victory objects to this Request on the grounds that it is overly broad, unduly burdensome, and not within the permissible scope of discovery from settling parties authorized by this Court.  Specifically, Victory understands that the only drug at issue in this litigation was not manufactured, compounded, tested, and/or distributed by Ameridose, and NECC and Ameridose operated their respective business operations at separate locations.   Victory further objects to this Request on the grounds that it seeks documents subject to the attorney-client privilege and/or that constitute attorney work product.  Any and all correspondence exchanged with any member of the PSC is confidential pursuant to the terms of the Mediation Agreement and Guidelines filed on November 18, 2013 as Document 581-1 and the Order on Mediation Program entered by the Court on August 15, 2013 as Document 394.

Finally, Victory objects because the non-privileged, non-confidential documents and information responsive to this Request can be obtained from more convenient, less burdensome and less expensive sources.  To wit, documents responsive to Request for Production No. 1 can be found in the MDL Repository under (1) US Legal – Non-Party Documents – Victory and (2) Defendants Documents – Victory-Related Documents.


Dated: June 2, 2015                                          By their attorneys,


                                                            _/s/ Michael P. Sams_____
                                                            Michael P. Sams (BBO #567812)
                                                            mpsams@kandslegal.com

                                                            KENNEY & SAMS, P.C.
                                                            225 Turnpike Road
                                                            Southborough, MA 01772
                                                            (508) 490-8500