UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S NOTICE OF FILING OF POSITION ON THE EFFECT OF THE CHOICE OF LAW ON PENDING DISCOVERY MOTIONS
[ECF NOS. 1810, 1823, 1824, 1826, 1838]**

As requested by the Court during the May 28, 2015 Status Conference, the Plaintiffs' Steering Committee (the "PSC") respectfully submits this Notice of Filing of Position on the Effect of the Choice of Law On Pending Discovery Motions. The simple answer to the question posed by the Court is "Yes, the decision regarding the state law to be applied impacts the Court's analysis of the motions for protective orders[1] that Judge Boal has taken under advisement." Depending on the choice of law, it may moot the need for this Court to resolve the many pending motions for protective orders.

First, the Court may decide that Massachusetts law applies, whether because Massachusetts has the most significant relationship to, or interest in, these cases or for other reasons.[2] Massachusetts follows the doctrine of joint and several liability[3] and therefore, fault cannot be assigned to absent or settling parties in order to reduce a remaining tortfeasor's

---

[1] ECF No. 1810, Chapter 11 Trustee's Motion; ECF No. 1823, Invoking Parties' Motion for Protective Order; ECF No. 1824, Ameridose's Motion for Joinder; ECF No. 1826, GDC's Motion for Joinder; FDA's Motion for Protective Order, ECF No. 1838.

[2] *See Amoroso v. Burdette Tomlin Memorial Hosp.*, 901 F.Supp. 900 (D.N.J. 1995), *citing Veazey v. Doremus*, 103 N.J. 244, 248 (1986); *Orlowski v. Bates*, No. 2:11-CV-01396-JPM, 2015 WL 1485980, at 7 (W.D. Tenn. Mar. 31, 2015); *Bushin Assoc., Inc. v.Raytheon*, 393 Mass. 622, 631 (1985).

[3] Massachusetts retains joint and several liability for all tortfeasors whose "independent acts contributed to causing a tortious injury . . . even if [the] tortfeasors are held liable on different theories."  J.W.Glannon, *Liability of Multiple Tortfeasors in Massachusetts: The Related Doctrines of Joint and Several Liability, Comparative Negligence and Contribution*, 85 Mass. L. Rev. 50, 51–52 (2000); "The comparative negligence law ... is irrelevant to the apportionment of liability among joint tortfeasors." *Mitchell v. Hastings & Koch Enters., Inc.*, 647 N.E.2d 78, 84 (Mass. Ct. App. 1995).

liability.[4] Under these circumstances, there is no need to conduct any "comparative fault discovery" and therefore moot the motions seeking to take discovery from the settling defendants. Another reason the Court may choose to apply Massachusetts law may be for public policy purposes. The Court may decide that public policy requires application of joint and several liability to encourage settlement in the context of mass torts with victims across state lines that provides reprieve from future litigation post-settlement. Those grounds are sufficient alone to tip the balance in favor of applying Massachusetts law and disallowing the depositions and discovery.

Third, the Court may look at the law of the states affecting the MDL filed cases as a whole, not just as to Tennessee and New Jersey; as well as the specific claims, when analyzing which state law will apply. A comparative fault defense is not available in Massachusetts, not available in several of the other states[5] where claims are pending against clinics in this MDL, nor is it available as a defense to the Tennessee product liability claims. And under New Jersey law for example, a jury cannot assign fault to a potential third-party that is immune from suit (as are all of the settling defendants).[6] If the Court determines one of these state's law applies, then the pending motions for protective orders are either mooted or the choice of law weighs heavily in favor of granting the protective orders, disallowing the requested depositions and granting the FDA's motion (and any of the Massachusetts Board of Pharmacy) for a protective order.

---

[4] *See generally Shantigar Foundation v. Bear Mountain Builders*, 441 Mass. 131 (2004); *see also* MGL c. 231, § 85.
[5] *See e.g. Martinez ex rel. Fielding v. The John Hopkins Hosp.*, 212 Md. App. 634, 669, 70 A.3d 397, 417 *cert. denied sub nom. Martinez v. Johns Hopkins Hosp.*, 435 Md. 268, 77 A.3d 1085 (2013)(finding that defendant may not apportion fault to non-parties.); *Smith v. Cent. Illinois Pub. Serv. Co.*, 176 Ill. App. 3d 482, 496, 531 N.E.2d 51, 60 (1988)(Holding that "[t]he liability of nonparty tortfeasors may not be considered to limit defendant's liability.); *Eskin v. Castiglia*, 253 Conn. 516, 523, 753 A.2d 927, 932 (2000)(Holding that under Conn. Gen. Stat. §52-102(b) any individual to whom fault will be apportioned must be added as a party to the case.); *Schriever v. Maddox*, 259 Ga. App. 558, 561, 578 S.E.2d 210, 213 (2003)(Holding that an instruction on apportionment of damages to a non-party is not allowed).
[6] *See Ramos v. Browning Ferris Indus. Of S. Jersey, Inc.,* 103 N.J. 177, 185, 510 A.2d 1152, 1156 (1986)(holding that in a worker's compensation action jury could not assign fault to the employer because he was immune from suit under the New Jersey Worker's Compensation Act).

Finally, even if the Court applies the substantive law of Tennessee, the result is largely the same – the defendants are <u>not</u> entitled to reduce their liability by attributing fault to other parties such as NECC. Under the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.*, all businesses that sell or distribute products in Tennessee are required to stand behind those products when a product manufacturer becomes insolvent.[7] The primary purpose of seller/distributor liability "is to insure that where the manufacturer is insolvent, an injured party may look to a solvent seller for his losses,"[8] and allow the injured party to hold the seller jointly and severally liable (along with any other entity in the chain of custody) for all harm imposed upon the injured party.[9] The risk that a product maker will become defunct rightfully falls upon a seller or distributor who chooses to do business with a product maker that later proves financially unsound, not upon injured consumers.[10] Under these circumstances, the Tennessee defendants are <u>not</u> entitled to reduce their liability by attributing fault to other parties, such as NECC.[11]

For all these reasons, the choice of law decision may moot the need for this Court to resolve the many pending motions for protective orders.

Dated:  June 3, 2015                               Respectfully submitted,


**/s/ Kimberly A. Dougherty**
Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Ave., Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

*Member of the Plaintiffs' Steering Committee*

---

[7] Tenn. Code Ann. § 29-28-106(5).
[8] *Seals v. Sears, Roebuck and Co., Inc.,* 688 F. Supp. 1252, 1256 (E. D. Tenn. 1988).
[9] *See Owens v. Truckstops of America*, 915 S.W.2d 420, 432 (Tenn. 1996).
[10] *Id.*
[11] *See Owens*, 915 S.W.2d at 430-33.

Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223

4

mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Members of the Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Kimberly A. Dougherty, hereby certify that I caused a copy of the above *Plaintiffs' Steering Committee's Notice of Filing of Position on the Effect of the Choice of Law On Pending Discovery Motions* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 4, 2015　　　　　　　　　　　　　　　/s/ **Kimberly A. Dougherty**
　　　　　　　　　　　　　　　　　　　　　　　　Kimberly A. Dougherty, BBO # 658014