# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | MDL No. 1:13-md-2419-RWZ |

## PAUL D. MOORE, IN HIS CAPACITY AS THE CHAPTER 11 TRUSTEE FOR THE ESTATE OF NEW ENGLAND COMPOUNDING PHARMACY, INC.'S STATEMENT REGARDING CHOICE OF LAW

On May 28, 2015, this Court issued a directive requiring all parties' who wished to brief the issue of what law is applicable to the trial of the Tennessee and New Jersey Actions to file such motions by June 15, 2015. *See* ECF No. 1905. The Court also requested that Parties to the Trustee's pending Motion for a Protective Order (ECF No. 1810), state their position as to whether the Court's decision on the choice of law is relevant to Court's decision on the Trustee's pending Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c) and 45(c).

In accordance with this Court's directive issued on May 28, 2015 Paul D. Moore, the Chapter 11 Trustee (the "Trustee") for the Chapter 11 estate of New England Compounding Pharmacy, Inc. ("NECC"), hereby files this statement regarding his position as to whether the Court's decision on the choice of law is relevant to this Court's decision on the Trustee's pending Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c) and 45(c) (ECF No. 1810).

While the Trustee takes no position on which law ought to apply to the actions proceeding to trial in Tennessee and New Jersey, the Trustee hereby notifies this Court that in the Trustee's view, any decision determining which law will apply to those actions could be relevant to this Court's decision on the Trustee's pending Motion for a Protective Order pursuant

DM3\3332675.1

to Fed. R. Civ. P. 26(c) and 45(c) (ECF No. 1810).  Specifically, a determination on which law will apply to the out-of-state proceedings may affect the relevance of the information sought by the parties from the Trustee pursuant to a Fed. R. Civ. P. 30(b)(6) deposition and the appropriateness of the served subpoenas, particularly as to matters relating to "comparative fault" under applicable law.  .

| | |
|---|---|
| Dated:  June 4, 2015<br>          Boston, Massachusetts | Respectfully submitted,<br><br>**DUANE MORRIS LLP**<br><br>By:  /s/ *Michael R. Gottfried*<br>Michael R. Gottfried, Esq. (BBO #542156)<br>100 High Street, Suite 2400<br>Boston, MA 02110-1724<br>Telephone:  (857) 488-4200<br>Facsimile:  (857) 488-4201<br>mrgottfried@duanemorris.com<br><br>Michael R. Lastowski, Esq. (admitted *pro hac vice*)<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801-1659<br>Telephone:  (302) 657-4900<br>Facsimile:  (302) 657-4901<br>mlastowski@duanemorris.com<br><br>*Counsel to the Chapter 11 Trustee* |

**Certificate of Service**

I, Michael R. Gottfried, hereby certify that on this day, June 4, 2015, I caused a copy of the foregoing document, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service.

/s/ *Michael R. Gottfried*
Michael R. Gottfried