UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: All cases against the Saint Thomas Entities _____ | ) ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**SAINT THOMAS ENTITIES' STATEMENT ON WHETHER CHOICE OF LAW IMPACTS PENDING DISCOVERY DISPUTES**

As requested by Judge Boal at the May 28, 2015, status conference, the Saint Thomas Entities[1] file this statement on whether the substantive state law that is applied to the claims against them and other defendants will impact the decision on the discovery disputes currently pending before the Court. For the reasons stated below, it will not.

**ARGUMENT AND AUTHORITIES**

**I.     Discovery Regarding the Fault of Nonparties is Permitted Under the Federal Rules and is Highly Relevant Regardless of Which Law is Applied**

While the Saint Thomas Entities believe their briefing will demonstrate without doubt that Tennessee law must be applied to the Tennessee cases,[2] that decision does not impact the discovery disputes currently pending before the Court (or likely to arise in the future).

---

[1] Saint Thomas West Hospital, Saint Thomas Network, and Saint Thomas Health.

[2] As Judge Zobel requested, the Saint Thomas Entitles will submit a comprehensive brief on the law that must be applied to the Tennessee cases on the schedule set by the Court. However, it is worth noting that the Sixth Circuit (to which any Tennessee judgments will be appealed) recently and soundly rejected a similar attempt by MDL plaintiffs. *See Wahl v. General Electric Co.*, No. 3:13-cv-00329, p. 9 (6th Cir. May 22, 2015) (publication pending) (rejecting the application of the law of the MDL-court forum and manufacturer's home state, concluding "Tennessee has a far greater interest in a lawsuit by one of its own injured citizens against a drug manufacturer than does" the manufacturer's home state).

1

The Federal Rules of Civil Procedure define the scope of discovery permitted in federal litigation as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense*** . . . .  Relevant information need not be admissible at trial if the discovery appears ***reasonably calculated to lead to the discovery of admissible evidence***.

FED. R. CIV. P. 26(b) (emphasis added).

Under Tennessee comparative negligence law, a jury must apportion fault between the plaintiff, the defendant, and any nonparty designated by a defendant as being at fault for the injury.  *See* TENN. CODE ANN. § 20-1-119 (2015).  Through this process, the jury may apportion the defendant zero percent of fault, thus concluding that the nonparties are solely responsible for the injury at issue.  And contrary to the PSC's continued representation of Tennessee law, comparative fault likewise applies to product liability claims, where the product is listed along with the parties and non-parties.  *See Owens v. Truckstops of Am.,* 915 S.W.2d 420, 433 (Tenn. 1996).  It is only that portion of the fault allocated to the product that results in joint and several liability among any defendants held liable for the product.  *Id.* at fn. 17.

Under Massachusetts comparative negligence law, a jury must apportion fault between only the plaintiff and defendants; the fault of non-parties is not to be taken into account in the apportionment.  *See* MASS. GEN. LAWS ch. 231, § 85 (2015).  However, as the First Circuit has noted when applying Massachusetts law:

> It is also clear, however, that a defendant can be held liable for a tort only if its conduct or product was a proximate cause of the injury. ***Thus, a defendant is relieved from all liability if it can show that the injury was legally caused in its entirety by other persons or entities*** -- that is, that the ***sole proximate cause*** of the injury was elsewhere, and not in the defendant. The Massachusetts Supreme Judicial Court recognized this possibility in *Correia*, when it noted that the negligence of a non-party can be taken into account when the [non-party's] negligence, either standing alone or combined with the negligence of [the plaintiff's decedent], was the sole proximate cause of [decedent's] injuries.

*Allen v. Chance Mfg. Co., Inc.,* 873 F.2d 465, 467 (1st Cir. 1989) (citing *Correia v. Firestone Tire & Rubber Co.*, 446 N.E.2d 1033, 1039 (Mass. 1983))*; see also In re Mass. Asbestos Cases*, 639 F. Supp. 1, 1 (D. Mass. 1985) (following *Correia*).

Accordingly, under either state's negligence law, the discovery disputes pending before this Court and likely to arise in the future concern relevant evidence that is discoverable under Rule 26 because they are relevant to the parties' claims and defenses, whichever state's law is applied. *See* Dkt. No. 1464, Saint Thomas Entities' Master Answer at pp. 52, 55-56 (pleading that it did not "proximately cause any damages alleged by Plaintiffs," which "are the consequence of independent, intervening, and superseding causes, and the acts of third persons," who "caused or contributed to cause the injuries" at issue and should be allocated fault).

With respect to the indicted individuals, a third party's criminal act is a superseding, intervening cause, which relieves a defendant of liability for negligence, when the criminal act is not reasonably foreseeable. *See Louria v. Brummett*, 916 S.W.2d 929, 930 (Tenn. Ct. App. 1995); *[Name Redacted] v. Framingham Union Hosp*., 401 Mass. 860, 862 (Mass. 1988). Accordingly, the discovery being sought by those attempting to avoid it due to the pending criminal charges is especially relevant to the Saint Thomas Entities' defenses under either state's law.

In conclusion, the evidence of non-party fault will either be used to allocate fault between the plaintiff, defendants and non-parties, or it will be used to determine whether the non-parties' fault and/or criminal acts in causing or contributing to the MPA contamination are the sole proximate cause of plaintiffs' injuries. Accordingly, there is no reason to delay ruling on all pending discovery matters.

SAINT THOMAS WEST HOSPITAL,
FORMERLY KNOWN AS ST. THOMAS
HOSPITAL, SAINT THOMAS NETWORK,
AND SAINT THOMAS HEALTH

By their attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-0000
(617) 310-9461

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

.NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 4th day of June, 2015.

*/s/ Sarah P. Kelly*
SARAH P. KELLY

2816477.1