**Blumberg & Wolk, LLC**
158 Delaware Street
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., John Catalano, M.D., Jeffrey Strauss, M.D.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>All New Jersey Cases | Docket No. 1:13-md-2419-RWZ<br><br>MDL No. 02419 |

PREMIER DEFENDANT'S NOTICE OF FILING OF POSITION ON THE EFFECT OF THE CHOICE OF LAW ON THE PENDING DISCOVERY MOTIONS.

Previously the Premier Defendants wrote the court to advise that they would be "weighing-in" on the choice of law decision when briefing was completed by the PSC later in the month of June. Please accept this statement as a supplement to that letter previously filed with the Court.

The Premier Defendants assert that the choice of law decision will have no impact on the decision to allow depositions against

the insiders or other settling defendants in this matter – the discovery is relevant to more than simply a "comparative fault defense."

New Jersey Law does allow for an apportionment of fault by the jury as against the conduct of a settling defendant or 3rd party defendant. *See Carter v. UMDNJ 854 F. Supp. 310 (1994)*(Holding that a jury could apportion fault to settling defendants not previously named to the suit). *See Also Young v. Latta 123 N.J. 584 (1991)*(Allowing cross claims against settling defendants). The Premier Defendants will be advocating for New Jersey Law to apply in cases where Premier and related defendants are named.  Premier reserves the right to argue this position and respond to the Plaintiffs Steering Committee's position in accordance with Your Honor's briefing schedule set forth previously.

Deciding whether New Jersey Law or Massachusetts law applies should not impact the motions for protective order currently before the Court.  The testimony of the insiders is relevant to more than an apportionment of fault by a jury in these cases.  The testimony from the insiders and NECC representatives, the FDA and other settling parties is relevant to prove that: the proximate cause of the plaintiff's injuries is not related to Premier's conduct; it was reasonable to order medications from the insiders who were

trusted by Premier and its related doctors; that NECC had the appropriate licensure, education, standards, background, operating procedures and reputation sufficient to justify ordering medications; the standard of care did not require inspection of the NECC facility or investigation of the facility beyond what was done.

For these and many other reasons related to Premier's defenses other than "comparative fault" the controlling law does not impact the motions for protective order currently before the Court.

Respectfully submitted,

Blumberg & Wolk, LLC
Attorneys for: Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D., et al

By: /s/Christopher M. Wolk

Christopher M. Wolk, Esq
Blumberg & Wolk, LLC
158 Delaware Street
Woodbury New Jersey 08096
(856)848-7472 p
(856)848-8012 f

**CERTIFICATE OF SERVICE**

I, Christopher M. Wolk, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: June 4, 2015                              /s/ Christopher M. Wolk