UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(at Boston)

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | Master File No. 1:13-MD-2419-RWZ<br>MDL Docket No. 2419<br>This Document Relates To:<br>*ALL CASES* |

**DEFENDANT GDC PROPERTIES MANAGEMENT, LLC'S MOTION TO SHOW CAUSE WHY CASES AGAINST IT SHOULD NOT BE DISMISSED**

GDC Properties Management, LLC ("GDC") respectfully moves the Court to issue an order to show cause, within fourteen days, as to why the cases listed on Exhibit 1 to this Motion should not be dismissed with prejudice or, in the alternative, why the PSC should not be required to file a Notice of Dismissal With Prejudice as to each case listed on Exhibit 1 pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. In support of this motion, GDC states as follows:

(1) On April 30, 2014, the Trustee, Paul D. Moore, entered into the GDC Insurance Settlement and Release Agreement (the "GDC Settlement Agreement") (Bankruptcy Dkt. No. 714-2.) The Trustee agreed that upon approval of the Chapter 11 Plan of New England Compounding Pharmacy, Inc., any liability of GDC, the Individual GDC Insureds (as that term is defined in the GDC Settlement Agreement), and Preferred Mutual Insurance Company ("PMIC"), would be extinguished and those entities and individuals would be beneficiaries of the plan injunctions. (*See* Section 10.06 of the Plan, Bankruptcy Docket No. 1355; NECC MDL Dkt. No. 1890-1.)

(2) On May 20, 2015, the United States Bankruptcy Court for the District of Massachusetts, Eastern Division, confirmed the Third Amended Joint Chapter 11

Plan of New England Compounding Pharmacy, Inc. (the "Plan") (*See* Bankruptcy Dkt. Nos. 1352-1 and 1355; NECC MDL Dkt. Nos. 1890 and 1890-1.)

(3) The Plan became effective as of the Plan Effective Date, which was June 4, 2015.

(4) Exhibit 1 to this Motion contains a list of all the cases filed against GDC, all of which are currently pending in this MDL. None of these cases is pending in state courts or in federal courts in other districts.

(5) The cases listed on Exhibit 1 to this Motion must be dismissed because they are terminated as against GDC by operation of the Bankruptcy Court's Order confirming the Plan. Among other things, confirmation of the Plan and the occurrence of the Plan Effective Date triggered an injunction in favor of the "Other Contributing Parties," including GDC, barring and enjoining the continued prosecution of the cases pending against GDC in the MDL, as well as the assertion by any Person or Entity of any claim or demand relating in any way to the Debtor or the Drugs. (*See* Paragraph 16 of the Plan Confirmation Order, Bankruptcy Dkt. No. 1355; Section 10.06(iv) of the Plan).

(6) Further, Section VIII(d) of the GDC Settlement Agreement requires the parties to cooperate to effectuate the settlement. GDC proposed to the PSC that a notice of voluntary dismissal with prejudice be entered as to all cases that have named GDC as a defendant, and that are currently pending in this MDL. (*See* Email chain between Joshua A. Klarfeld and Fredric Ellis and Kristen Johnson, attached as Exhibit 2.) GDC also prepared the Notice of Voluntary Dismissal With Prejudice and sent it to the PSC for review.[1] (*See id.*) In response, the PSC stated: "Rick and the PSC are

---

[1] GDC has not filed an answer or a motion to dismiss in any of the cases listed on Exhibit A to this Motion, making a voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) both feasible and appropriate.

tied up for the next couple days with other matters. We will get back to you when we can." (*Id*.)  The PSC has not yet provided a substantive response to GDC's request, nor has it filed a Notice of Dismissal With Prejudice as to GDC.  GDC is entitled to such dismissals at the earliest feasible time.[2]  Additionally, GDC's insurance company's obligation to defend it terminated as of the June 4, 2015, Plan Effective Date.

Accordingly, GDC Properties Management, LLC, respectfully requests that this Court issue an Order to show cause, within fourteen days, as to why the cases listed on Exhibit 1 to this Motion should not be dismissed with prejudice or, in the alternative, why the PSC should not be ordered to file a Notice of Dismissal With Prejudice as to each case listed on Exhibit 1 pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

Dated: June 5, 2015                    Respectfully submitted,

*/s/ Joshua A. Klarfeld*
Joseph P. Thomas (OH #0040379)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000/Fax: (513) 698-5001
E-mail:  jthomas@ulmer.com

Joshua A. Klarfeld (OH #0079833)
Ulmer & Berne LLP
1660 W.2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7000/Fax: (216) 583-7001
E-mail:  jklarfeld@ulmer.com

**Attorneys for Defendant
GDC Properties, LLC**

---

[2] Importantly, no party in this MDL has standing to object to the dismissal of the cases on Exhibit 1 to this Motion.  No parties to this MDL objected to the injunction in Bankruptcy Court.  Additionally, under Paragraph 16 of the Plan Confirmation Order and Section 10.07 of the Plan, certain defenses for non-settling MDL defendants based upon comparative fault are preserved to the extent they are available under applicable state law.  Therefore, dismissing the cases on Exhibit 1 to this Motion will not affect the rights and obligations of the Tennessee Clinic Defendants, the St. Thomas Entities, or any other party attempting to assert certain defenses based upon comparative fault.

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on June 5, 2015, using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Joshua A. Klarfeld*