UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

ORDER

June 5, 2015

ZOBEL, D.J.

At the May 28, 2015, status conference in this multi-district litigation, the court set a schedule for briefing certain choice-of-law issues. Recent filings suggest that the scope of that briefing was unclear. See, e.g., Docket ## 1921, 1922 (indicating desire of Maryland, Illinois, and Ohio parties to participate in choice-of-law briefing). At this time, the court would only like briefing that is relevant to the choice-of-law issues for cases originally filed in Tennessee or New Jersey, i.e., cases in which the parties have sought additional discovery based on the assumption that the substantive tort law of the original forum applies.

The court expects the briefing to address the following questions:

1. For cases originally filed outside of Massachusetts in which federal jurisdiction is premised upon the bankruptcy proceedings (i.e., 28 U.S.C. § 1334(b)), which choice-of-law rules govern (Massachusetts, as the state in which the bankruptcy

court sits; the original forum; or federal common law)?  See, e.g., In re Coudert Bros. LLP, 673 F.3d 180, 188 (2d Cir. 2012) (suggesting original forum and reversing two lower court decisions suggesting state in which the bankruptcy court sits); In re Lindsay, 59 F.3d 942, 948 (9th Cir. 1995) (suggesting federal common law).

2. For both the Tennessee and New Jersey cases, if Massachusetts choice-of-law rules apply, which state's substantive tort law applies?

3. For both the Tennessee and New Jersey cases, if federal common law choice-of-law rules apply, which state's substantive tort law applies?

4. For the Tennessee cases, if Tennessee choice-of-law rules apply, which state's substantive tort law applies?

5. For the New Jersey cases, if New Jersey choice-of-law rules apply, which state's substantive tort law applies?

The PSC shall file an opening brief by June 22, 2015, which may be up to 20 pages, that address all five questions.  The Tennessee defendants may file a 15-page opposition addressing questions 1-4, and the New Jersey defendants may file a 15-page opposition addressing questions 1-3 and 5.  These oppositions are due on July 8, 2015.  Because questions 2-5 implicate only the Tennessee and New Jersey defendants, no other defendants may file oppositions on those issues.  Any other defendant may file a 5-page opposition on the first question, provided that the brief raises only arguments that are not addressed or that are inadequately addressed in the Tennessee and New Jersey defendants' briefs.  Such briefs must be filed by July 15,

2015, and must include a certification that the attorney has (1) reviewed all briefs filed on this issue as of the time of its filing, including the Tennessee and New Jersey defendants' briefs, and (2) is raising arguments that are non-duplicative of those briefs. The PSC may file a 5-page reply by July 22, 2015.

    The court will address choice-of-law questions about the substantive tort law for cases originating in other states in due course.

|  |  |
|---|---|
| June 5, 2015 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |