UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | MDL Docket No.: 2419<br>Dkt No.: 1:13-md-2419-RWZ |
| This Document Relates to Suits Naming the Premier Defendants | |

**DEFENDANT, GLENN CHIN'S, RESPONSE TO THE PREMIER DEFENDANTS' REQUEST FOR ADMISSIONS**

**GENERAL OBJECTION**

The Defendant, Glenn Chin, objects to the Request for Admissions served by the Premier Defendants on the following grounds:

At the initiation of the subject lawsuits, a general stay for discovery, was issued by the United States District Court (MDL) subsequently, the Court entered an order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC insiders and related settling parties. (See MDL Doc. 1482). Pursuant to that order and the Plan Support and Funding Agreement referenced therein, (MDL Doc. 1106-1), discovery was permitted "only to the extent that the discovery is relevant to the prosecution, or defense, of claims against defendants other than the estate parties or the insider settling parties". (MDL Doc. 1482).

Following that Order, by the MDL, Mr. Chin, and others, received indictments for activities relating to the manufacture, sale and distribution of MPA.

It is the position of this Defendant, Glenn Chin, that in view of the criminal indictments and the seriousness of those indictments, that the status of the overall situation has changed dramatically and that Mr. Chin ought to be relieved of responding to discovery without being

936856.1

required to respond and invoke his Fifth Amendment privileges in this civil proceeding. Mr. Chin is presently considering filing a Motion for Protective Order invoking his right that the discovery stay should be re-imposed, in his favor, given the change of circumstances relative to the recent indictments.

Without waiving his rights and notwithstanding the objections asserted hereto, Mr. Chin responds to the request for admissions:

REQUEST FOR ADMISSION NO. 1

Admit that you compounded the MPA lots numbers 05212012@68, 06292012@26, and 08102012@51 (collectively "Contaminated Lots").

RESPONSE NO. 1

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 2

Admit that you supervised the compounding of MPA lots numbered 05212012@68, 06292012@26, and 08102012@51 (collectively "Contaminated Lots").

RESPONSE NO. 2

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 3

Admit that as a supervising pharmacists, you owed a duty to the plaintiffs to ensure that the NECC's cleanroom was sterile prior to compounding any medications, including MPA in 2012.

RESPONSE NO. 3

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 4

Admit that as a supervising pharmacist, you owed a duty to the plaintiffs to ensure that the MPA you compounded was sterile before you distributed it to customers.

RESPONSE NO. 4.

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 5

Admit that, had any of the Premier Defendants asked for a copy of NECC's license in 2011, you would have provided a valid and up-to-date Massachusetts pharmacy license.

RESPONSE NO. 5

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 6

Admit that NECC represented to its customers, including Premier Defendants, that it met or exceeded USP 797 standards.

RESPONSE NO. 6

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 7

Admit that NECC represented to its customers, including the Premier Defendants, that it produced, including MAP, were safe and sterile.

RESPONSE NO. 7

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 8

In 2012, NECC and/or MSM salespersons recommended Ameridose to customers who sought compounded drugs that NECC did not have available.

RESPONSE NO. 8

Admit that the Massachusetts Board of Pharmacy ("Mass. BoP") inspected NECC on or about May 24, 2011.

REQUEST FOR ADMISSION NO. 9

NECC distributed lots of MPA before receiving the results of sterility testing.

RESPONSE NO. 9

Admit that as a result of its inspection on or about May 24, 2011, the Mass. BoP issued an inspection report documenting its findings.

REQUEST FOR ADMISSION NO. 10

Admit that NECC failed to submit a copy of the Mass. BoP's May 24, 2011 inspection report to the New Jersey Board of Pharmacy.

RESPONSE NO. 10

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 11

Admit that the documents attached as Exhibit B are NECC's Logged Formula Worksheets for the Contaminated Lots.

RESPONSE NO. 11

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 12

Admit that in each Logged Formula Worksheet in Exhibit B, the pharmacists referred to as "GC" is Glenn Chin.

936856.1

RESPONSE: NO. 12

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 13

Admit that the Logged Formula Worksheet for lot 06292012@26, attached as Exhibit B, stated that the MPA was autoclaved for twenty (20) minutes at 121C. and 15 PSI.

RESPONSE NO. 13

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST NO. 14

Admit that NECC's Standard Operating Procedures required that the MPA be autoclaved for fifteen (15) minutes at 121 C. and 15 PSI.

RESPONSE NO. 14

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 15

Admit that the Logged Formula Worksheets in Exhibit B state that Joseph P. Connolly was the technician for MPA lots 05212012@68 and 06292012@26.

RESPONSE NO. 15

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 16

Admit that Exhibit C is NECC's General Overview of Policies and Procedures for Compounding Sterile Products.

RESPONSE NO. 16

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 17

Admit that Exhibit C states in part:

C. Personnel
    a.    All sterile compounding is performed by properly trained and validated pharmacists (no technicians).

RESPONSE NO. 17

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 18

Admit that NECC violated its own standard operating procedures by permitting Joseph Connolly (a technician) to compound two of the three contaminated lots.

RESPONSE NO. 18

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 19

Admit that you owed a duty to NECC's customers to ensure that NECC's MPA was sterile prior to distributing it.

RESPONSE NO. 19

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 20

Admit that NECC distributed some of the MPA from the Contaminated Lots prior to receiving final sterility, fungal, endotoxin, or potency testing results from its outside laboratory.

RESPONSE NO. 20

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 21

Admit that the documents attached as Exhibit D are reports from Analytical Research Laboratories ("ARL") related to the sterility and endotoxin testing ARL performed on NECC's MPA from the Contaminated Lots.

RESPONSE NO. 21

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 22

Admit that NECC submitted only two 5 mL vials of MPA from each of the Contaminated Lots to ARL for testing.

RESPONSE NO. 22

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 23

Admit that USP standards for sterility testing required a larger sample size than two 5mL vials per lot of MPA.

RESPONSE NO. 23

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST NO. 24

Admit that USP 797 requires an ISO 5 space for stoppering vials of MPA.

RESPONSE NO. 24

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 25

Admit that NECC stoppered the Contaminated Lots in an ISO 7 space.

RESPONSE NO. 25

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 26

Admit that the documents attached as Exhibit E are true and accurate copies of emails you received from Barry Cadden in the normal course of NECC's business.

RESPONSE NO. 26

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 27

Admit that in the email you received from Barry Cadden on Wednesday, August 10, attached as Exhibit E, Barry Cadden stated "I am told that the lots for some drugs almost never coincide with the available test data."

RESPONSE NO. 27

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQEUST FOR ADMISSION NO. 28

Admit that in the email you received from Barry Cadden on Wednesday, August 10, attached as Exhibit E, Barry Cadden stated, "I am told that we are only testing rarely and dispensing many untested lots."

RESPONSE NO. 28

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 29

Admit that Exhibit F is a true and accurate copy of an email you sent to Barry Cadden on Monday, December 19, 2011.

RESPONSE NO. 29

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 30

Admit that the email in Exhibit F was sent in the normal course of NECC's business.

RESPONSE NO. 30

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

REQUEST FOR ADMISSION NO. 31

Admit that in the email attached as Exhibit F, you indicated that you were using "MTX" that had expired in 2007 in NECC's injectable products in 2011.

RESPONSE NO. 31

Please refer to the defendant's general objection. Without waiving the objection, and in the event that the defendant is not entitled to a stay of these proceedings pursuant to a Protective Order than the defendant invokes his Fifth Amendment privilege.

936856.1

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3rd day of June 2015.

*Glenn Chin*
Glenn Chin

936896.1

AS TO OBJECTIONS:

/s/ Robert H. Gaynor
Robert H. Gaynor
BBO# 187620
Sloane and Walsh, LLP
Three Center Plaza, suite 850
Boston, MA 02108
Phone: (617) 523-6010
e-mail: RGaynor@sloanewalsh.com

## CERTIFICATE OF SERVICE

    I, Robert H. Gaynor, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copiers will be sent to those indicated as non registered participants on June 5, 2015.

/s/ Robert H. Gaynor

Robert H. Gaynor

936856.1