UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| _____ | ) | MDL No. 2419 |
| | ) | Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| All Cases | ) | |
| | ) | |

**PRELIMINARY BRIEF OF POSITION ON CHOICE OF LAW
AND ITS POTENTIAL IMPACT ON PENDING DISCOVERY MOTIONS
*[AS REQUESTED BY JUDGE BOAL MAY 28, 2015]***

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, A Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC, and Donald Jones, MD (collectively "Tennessee Clinic Defendants") hereby file this brief notifying the Court of their position on whether choice of law affects the Court's ruling on the pending discovery motions.

For their position statement, the Tennessee Clinic Defendants state that the choice of law analysis will not affect ruling on the pending discovery motions because (1) Tennessee law applies and (2) the information sought is relevant on multiple issues other than comparative fault:

## POSITION STATEMENT

### 1.  Tennessee law applies to these tort claims.

The Court has ordered full briefing on choice of law.[1] Thus, this brief will not address choice of law in detail. However, to answer the question posed by the Honorable Judge Boal ("whether or not…the decision [on which state's law applies] is going to affect the discovery"[2]), one must do at least a preliminary analysis of choice of law.

When a case is transferred to a new venue pursuant 28 USC § 1404, the choice of law rules of the transferor venue apply.[3] A change from the transferor venue to the transferee venue under § 1404 is considered, simply, a change of courtrooms, not a change of applicable law.[4] This rule – from *Van Dusen*[5] and following the fundamentals of *Erie*[6] -- also applies to transfers made pursuant the MDL statute (28 USC § 1407).[7] Thus, for the cases transferred from Tennessee, the choice of law rules of the transferor court (Tennessee) control.[8]

Tennessee follows the Restatement (Second) of Conflict of Laws to determine the

---

[1] Dkt. 1938.

[2] Comments by Judge Boal, May 28, 2015 (Transcript, p. 22).

[3] *Brown v. Hearst Corp.*, 862 F.Supp. 622, 626 (D. Mass. 1994).

[4] *Orbusneich Med. Co., Ltd., BVI v. Boston Scientific Corp.*, 694 F.Supp. 2d 106, 112-13 (D. Mass. 2010).

[5] *Van Dusen v. Barrack*, 376 U.S. 612 (1964).

[6] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[7] *See In re Regions Morgan Keegan Securities, Derivative, and ERISA Litigation*, Nos. 2:09-md-2009-SHM, 2:10-cv-02260-SHM-dkv, 2013 WL 2404063, *8 (W.D. Tenn. 2013) (citing 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 112.07 (3d ed. 2008), to state, "[I]n multidistrict litigation that has been transferred to a central forum for coordinated or consolidated pretrial proceedings, the transferee federal district court must apply the substantive state law of the transferor district, including its choice of law rules"); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, No. 03-20082, 2009 WL 3242169, *1 (E.D. Penn. 2009); *In re Human Tissue Products Liability Litigation*, Civ. Nos. 06-135, 06-5655, 2007 WL 3510752, *3, n. 4 (D. N.J. 2007); *In re Air Crash Disaster at Boston, Mass. on July 31, 1973*, 399 F.Supp. 1106, 1119-21 (D. Mass. 1975).

[8] This even applies for the direct-filed cases, even though the MDL court could be considered the "transferor." *See Wahl v. Gen. Elec. Co.*, No. 13-6622 (6th Cir. May 22, 2015) (holding that, even for MDL direct-filed cases, the "transferor" court remains the court that the case would have been filed in originally but for the procedural mechanism allowing direct-filed cases).

substantive law to apply to tort cases.[9] Under this "most significant relationship" approach, the law of the state where the injury occurred is applied unless another state has a more significant relationship to the case.[10] The court considers (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the residences of the parties; and (4) the location of the relationship between the parties.[11] These factors all clearly weigh toward the application of Tennessee law to the claims.

   **2.   Whether Tennessee or any other state's law applies, the Tennessee Clinic Defendants are entitled to discovery of the FDA, NECC, and the Insiders.**

Because (1) Tennessee law applies to these cases under any reasonable application of the factors outlined above and (2) the pending motions for protective order were briefed and argued applying Tennessee law, the choice of law briefing will not impact consideration of the pending discovery motions.

Under Tennessee law, defendants can assert comparative fault as a defense to negligence claims.[12] The testimony sought from these potentially at-fault parties is indispensable to the Tennessee Clinic Defendants to prove their comparative fault.[13]

Regardless, the discovery sought is not just relevant to establish comparative fault. Thus, even if this Court were to apply another state's law and not allow assertions of comparative fault, that does not result in elimination of the need to conduct basic discovery of key witnesses from the FDA, NECC, and NECC's affiliates. No matter what law applies, the information sought from the FDA, NECC, and the NECC-related entities and individuals

---

[9] *Cruz v. Ford Motor Co.*, 435 F.Supp. 2d 701, 703-04 (W.D. Tenn. 2006) (additional cites omitted).

[10] *Id.* (additional cites omitted).

[11] *Id.* (additional cites omitted).

[12] The PSC states conclusively that the Defendants cannot assert comparative fault as a defense to a product liability claim under *Owens*. (PSC, Dkt. 1924, p. 3) These Defendants disagree. Putting aside that apparent disagreement, *each and every* plaintiff brings negligence claims against these Defendants, which Tennessee law most clearly allows to be defended by asserting comparative fault.

[13] Put simply, how can these Defendants realistically prove the fault of these parties without conducting depositions of them?

bears on issues relevant to the claims and defenses in the case.[14] For instance:

1. It is impossible to present to the jury a clear picture of what happened at the center of this litigation without discovery of NECC and its individuals. More specifically, testimony from NECC and its related entities (*e.g.*, MSM, its sales arm) and its employees is necessary to corroborate the testimony of defense fact witnesses on key issues. One primary example: A central factual defense is that NECC/MSM represented to these Defendants that NECC would provide a safe product made in compliance with USP 797, and that these Defendants reasonably relied on that representation. Without testimony from the persons that made these representations, proving this "defense" is virtually impossible.

2. The discovery sought bears on the issue of "but for" causation. The Plaintiffs theorize that, had the Tennessee Clinic Defendants done certain required due diligence before buying from NECC (*e.g.*, done a site visit), they would not have bought from NECC. Testimony from NECC is necessary to prove what these Defendants would have found had they done the due diligence supposedly required (*e.g.*, what they would have found had they done a site visit) and to prove that it would not have changed the outcome.

3. Similarly, the Plaintiffs argue that, had these Defendants sought information about NECC from the FDA or the Massachusetts Board of Pharmacy, the information would have convinced the Defendants *not* to buy from NECC. To rebut that claim, these Defendants must conduct discovery to establish what the FDA and Massachusetts Board would have provided to these Defendants in 2011-12 had they requested information about NECC.

These are three straightforward examples of why testimony sought from the FDA, NECC, the NECC Insiders, and the NECC-related companies is essential to the defense of these cases, and essential on more than just comparative fault.

The choice of law should not substantially impact the overarching discovery question: Does the Tennessee Clinic Defendants' interest in discovery of the FDA, NECC, its Insiders, and its related companies, which is essential to their defenses, outweigh the objecting parties' complaints of cost and burden? Respectfully, the choice of law does not significantly impact the Court's ability to answer this question.

---

[14] As this Court observed, the FRCP allow wide-ranging, liberal discovery on any matter relevant to any party's claim or defense. [Dkt. 572, 11/13/13, p. 6]

4

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic
Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 5th day of June, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**

5