UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR
APPOINTMENT OF MAGISTRATE JUDGE KENNETH P. NEIMAN
AS APPEALS ADMINISTRATOR PURSUANT TO TORT TRUST AGREEMENT
AND CLAIMS RESOLUTION FACILITY PROCEDURES**

The undersigned, members of the Plaintiffs' Steering Committee ("PSC") appointed by the Court in the above-captioned matter, hereby move pursuant to 28 U.S.C. § 636(b)(3) for the entry of an Order (a) appointing Magistrate Judge Kenneth P. Neiman ("Judge Neiman") to the position of Appeals Administrator, as defined in the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. ("Plan") and certain Plan-related documents, including the Tort Trust Agreement ("Trust Agreement") and the Claims Resolution Facility Procedures ("Procedures"), and (b) assigning to Judge Neiman the duties of the Appeals Administrator as more fully described in the Plan, the Trust Agreement and the Procedures, respectively.[1]

As grounds for this motion, the PSC states as follows:

1.      On May 20, 2015, in the matter of *New England Compounding Pharmacy, Inc., Debtor*, Case No. 12-19882-HJB, the United States Bankruptcy Court for the District of Massachusetts, Eastern Division (Boroff, Bankr. J.), entered an order approving and confirming

---

[1] A copy of the Third Amended Plan appears at Bankruptcy Docket Entry 1352. Copies of the Trust Agreement and the Procedures appear at MDL Docket Entries 1694-2 and 1694-3, respectively.

the Plan. See Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. [Bankr. Dkt. 1355; MDL Dkt. 1890] ("Confirmation Order") at ¶ 1.  As of the Effective Date, "the Plan shall be binding upon and inure to the benefit of the Debtor, the Post-Effective Date Debtor, all present and former Creditors (wherever located anywhere in the world), all present and former Equity Holders, other parties-in-interest and their respective heirs, successors and assigns." Id. at ¶ 22. Included among the creditors are the Tort Claimants, defined in the Plan as holders of claims "based on personal injury or wrongful death relating to the" drugs manufactured, compounded, sold or distributed by NECC.  Plan at Art. I, ¶¶ 1.199, 1.200.

2.   The Confirmation Order also provides that, as of the Effective Date, "the Tort Trust shall be established pursuant to Article V of the Plan for the primary purpose of implementing the Plan on behalf of, and for the benefit of, the Tort Trust [Claimants]." Confirmation Order at ¶ 29.  See also Plan at Art. IV, ¶ 4.04(i)("Each Tort Claimant shall receive, in complete settlement, satisfaction and discharge of his or her Allowed Tort Claim, a share of the beneficial interests in the Tort Trust.")

3.   The Trust Agreement creates a Claims Resolution Facility, the purposes of which are "(1) to evaluate each of the Tort Claims according to the procedures established herein, with the least practicable cost to the Trust, (2) to determine for each Allowed Tort Claim a fair and equitable compensation amount to be distributed from the Tort Trust, and (3) to effectuate such distributions as expeditiously as possible."  Procedures at Intro., ¶ C.

4.   The Procedures provide for an administrative resolution of Tort Claims by a National Settlement Administrator.  See generally Procedures at §§ III-X.  The Procedures further provide that a Tort Claimant who has not waived the right of appeal pursuant to § X.D

"shall have the right to appeal [the National Settlement Administrator's] final determination to the Appeals Administrator." *Id*. § XI.A.  The Appeals Administrator is to conduct a *de novo* review of the claim and to render a final determination.  *See*. *id*. at §§ XI.B-C.  "The Appeals Administrator's final determination shall be final and binding." *Id*. at § XI.C.

5.  This Court oversees both the Tort Trust and the Claims Resolution Facility. *See*, *e.g.*, Trust Agreement, Art. III, §§ 3.03, 3.04; Art. V, § 5.02.  While the Procedures were being drafted, the PSC discussed with the Court and with Magistrate Judge Boal several options for staffing the position of Appeals Administrator.  Mindful of the PSC's desire to establish claims resolution procedures that ensured robust consideration of the Tort Claims at the least practicable cost to the Tort Trust, the Court endorsed the suggestion that Judge Neiman be appointed to the position of Appeals Administrator pursuant to the provisions of 28 U.S.C. § 636(b)(3), which states that a magistrate judge "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."  *See also* Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts ("Local Rules Mag. J."), Rule 5 ("The enumeration of specific duties in this section is not to be construed as limiting the referral of any other matter otherwise not inconsistent with the Constitution and laws of the United States.")  It is the PSC's understanding that Judge Neiman is aware of this matter and that he has expressed his interest and willingness to serve as Appeals Administrator.

6.  The Procedures, as referenced in the Plan confirmed by the Bankruptcy Court, state as follows:

> To provide for an appeal process from Claim denials, upon entry of an order by the District Court pursuant to 28 U.S.C. § 636, Magistrate Judge Kenneth P. Neiman will be appointed as Appeals Administrator.  If no such order is entered by the District Court within 30 days of the Plan Effective Date, then Kenneth Feinberg, Esq. will be deemed to be appointed as Appeals Administrator. In the event the Appeals Administrator resigns or is removed from office or is

otherwise unable to perform the functions of the Appeals Administrator, the District Court shall appoint a successor Appeals Administrator.

Procedures at Intro., ¶ E.  *See also* Plan at Art. IX, ¶ 9.02 (defining Effective Date in pertinent part as "the first Business Day following (a) fourteen (14) days after the Confirmation Date, provided that a court of competent jurisdiction has not entered a stay of the Confirmation Order as of such date").

For the reasons set forth above, the PSC respectfully requests the entry of an Order (a) appointing Magistrate Judge Kenneth P. Neiman ("Judge Neiman") to the position of Appeals Administrator, as defined in the Plan, Trust Agreement and Procedures, respectively, and (b) assigning to Judge Neiman, pursuant to 28 U.S.C. § 636(b)(3) and Local Rules Mag. J., Rule 5, the duties of the Appeals Administrator as more fully described in the Plan, the Trust Agreement and the Procedures, respectively.  A proposed form of such Order is attached hereto.

June 8, 2015                                              Respectfully submitted,

**/s/ Kristen A. Johnson**
Thomas M. Sobol, BBO# 471770
Kristen A. Johnson, BBO # 667261
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

4

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*

Fredric L. Ellis
Joseph M. Makalusky
ELLIS & RAPACKI LLP
85 Merrimac Street, Suite 500
Boston, MA 02114
Phone: (617) 523-4800
Fax: (617) 523-6901
rellis@ellisrapacki.com
jmakalusky@ellisrapacki.com

*Plaintiffs' Designated Counsel*

## **CERTIFICATE OF SERVICE**

      I, Kristen A. Johnson, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 8, 2015                                        */s/ **Kristen A. Johnson***
                                                                     Kristen A. Johnson, BBO # 667261