UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(at Boston)

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) Master File No. 1:13-MD-2419-RWZ<br>) MDL Docket No. 2419<br>) This Document Relates To:<br>)    *ALL CASES*<br>)<br>) |

### MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT GDC PROPERTIES MANAGEMENT, LLC

The Firm of Ulmer & Berne LLP, and individual attorneys Joseph P. Thomas and Joshua A. Klarfeld, move to withdraw as counsel for GDC Properties Management, LLC ("GDC"). GDC, through its owners, does not object to the withdrawal. This Motion is made for good cause. There are two reasons justifying withdrawal: (1) GDC already is immune from further prosecution of the MDL cases and soon will be formally dismissed from those cases; and (2) GDC's insurance has been exhausted and GDC cannot pay Ulmer & Berne for its defense, to the extent a defense is even necessary.

On April 30, 2014, the Trustee, Paul D. Moore, entered into the GDC Insurance Settlement and Release Agreement (the "GDC Settlement Agreement") (Bankruptcy Dkt. No. 714-2.) The Trustee agreed that upon approval of the Chapter 11 Plan of New England Compounding Pharmacy, Inc., any liability of GDC, the Individual GDC Insureds (as that term is defined in the GDC Settlement Agreement), and Preferred Mutual Insurance Company ("PMIC"), would be extinguished and those entities and individuals would be beneficiaries of the plan injunctions. (*See* Section 10.06 of the Plan, Bankruptcy Docket No. 1355; NECC MDL Dkt. No. 1890-1.)

On May 20, 2015, the United States Bankruptcy Court for the District of Massachusetts, Eastern Division, confirmed the Third Amended Joint Chapter 11 Plan of New England

Compounding Pharmacy, Inc. (the "Plan") (*See* Bankruptcy Dkt. Nos. 1352-1 and 1355; NECC MDL Dkt. Nos. 1890 and 1890-1.) The Plan became effective as of the Plan Effective Date, which was June 4, 2015. In effect, because of the injunction, GDC no longer is an active part of the MDL as a party. Pursuant to the settlement agreement, GDC is taking the steps that are reasonably necessary to effectuate the settlement, and the parties are working on various plans to accomplish dismissals and, thus, formalize the end of GDC's role as a party to the cases in this MDL.

PMIC originally retained Ulmer & Berne to defend GDC. PMIC's duty to defend GDC terminated as of the Plan Effective Date, which was June 4, 2015. PMIC has notified Ulmer & Berne that it no longer will pay GDC's defense following the Plan Effective Date. Ulmer & Berne currently is not aware of a law firm that has agreed to accept GDC's further representation in the MDL, to the extent representation is necessary, beyond the Plan Effective Date. As noted above, GDC has been informed of, and does not object to, Ulmer & Berne's proposed withdrawal as counsel.

Dated: June 8, 2015

Respectfully submitted,

*/s/ Joshua A. Klarfeld*
Joseph P. Thomas (OH #0040379)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000/Fax: (513) 698-5001
E-mail:  jthomas@ulmer.com

Joshua A. Klarfeld (OH #0079833)
Ulmer & Berne LLP
1660 W.2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7000/Fax: (216) 583-7001
E-mail:  jklarfeld@ulmer.com

**Attorneys for Defendant**
**GDC Properties, LLC**

3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on June 8, 2015, using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Joshua A. Klarfeld*