**BLUMBERG & WOLK, LLC**
158 Delaware Street
P.O. Box 68
Woodbury, NJ 08096
(856) 848-7472

*Counsel for Defendants Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., and Richard Strauss, M.D.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Docket No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All New Jersey Cases | |

---

**PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, ET. AL'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S CROSS-MOTION TO AMEND THE CASE MDL ORDER NO. 9B [ECF NO. 1900]**

---

The Premier Defendants respectfully request an extension of the common-issue fact discovery to December 15, 2015, in accordance with the proposed revised schedule attached hereto. Procedurally, the Premier Defendants filed a motion to extend discovery on May 13, 2015 [Dkt. No. 1852]. Since that time the Plaintiffs' Steering Committee filed an opposition and cross motion, to which the Premier Defendants now respond. The PSC's accusations of unnecessary

1

delay fail to take into account several key factors impeding the progress of discovery, and misunderstand the scope of the proposed schedule as regards Premier's anticipated progress as well as the nuances of relevant New Jersey law which affect Premier's entire discovery plan. The PSC agrees that discovery needs to be extended in this case as is evident from their opposition and cross motion suggesting an extension of discovery and trial date in late 2016. The question is not whether an extension is necessary but rather how much of an extension is appropriate.

### A. The Premier Defendants Agree to a 45-Day Extension to Resolve Motions Only

The Premier Defendants accept the PSC's offer of a 45-day extension for the purpose of resolving pending motions, ONLY. Additional time will be needed to complete Common discovery and the reasons for same have been set forth in these moving papers and those previously submitted.

However, the PSC's claim that such time can be used to resolve all discovery as to "Common Settling Defendants" or the remaining fact discovery is unrealistic. The PSC draws a distinction between common national Defendants and Settling Defendants which is meaningless for Premier's purposes. The comparative fault defenses upon which Premier has repeatedly stated its intention to rely require Premier to posit apportionment of fault among all defendants. Too, the discovery that has been requested of the settling defendants, and/or national defendants is also relevant to claims other than comparative fault. Discovery on topics such as proximate cause and proof of Premier's standard of care is at stake here.

Additionally, the discovery of Settling Defendants has been extended by these entities' objections and the subsequent involved motion practice required for Premier to elicit the necessary information. This is not just confined to the national defendants but to those settling defendants with ties to only the Premier Defendants' Cases. Since the filing of the Premier Defendants'

original motion [Dkt. 1852], Settling Defendant Inspira Health Network has objected to Premier's proposed deposition and notified Premier of its intent to file a protective order. Such action will cause further motion practice and associated delays in obtaining discovery.[1]

## B. The Premier Defendants Intend to Complete All Fact Discovery by December 15, 2015

The Premier Defendants initially filed for an extension to discovery on May 14, 2015. At that time, the Premier Defendants described the progress of discovery thus far, which has included multiple postponements and cancellations of depositions which are not attributable to Premier.

Premier has not delayed in conducting discovery. NECC, the Caddens, Glenn Chin, the Conigliaros, Liberty Industries, Ameridose, UniFirst, and ARL have all been notified, both by Premier and by other defendants. These entities/individuals have correspondingly objected, some on the basis of the Fifth Amendment, and moved for protective orders – all actions which will delay the process of discovery for all defendants.

The discovery that yet remains to be conducted includes discovery against the Premier Defendants, fact witnesses and corporate designees of both defendants and others, and discovery against defendants such as the Caddens, Mr. Chin, and the Conigliaros following the resolution of the motion practice arising out of these individuals'/entities' objections. This amounts to approximately thirty witnesses.[2]

## C. A February, 2017 Trial Date Is Necessary Given the Scope of Discovery and N.J.S.A. 2A:53A-41

As previously explained in the Premier Defendants' Reply to the PSC's Response and Opposition to PSC's Cross-Motion to Amend CMO #9 [Dkt. 1874], New Jersey law imposes

---

[1] A meet and confer is being held on June 10, 2015 to discuss this dispute further.
[2] Both settling parties/witnesses, defendants and fact witnesses/representatives.

certain requirements on the use of experts at trial. Specifically, N.J.S.A. 2A:53A-41 requires that only a similarly boarded or credentialed doctor may assert negligence against and/or defend the conduct of a defendant in a medical malpractice case. Because the plaintiffs have brought suit against Premier Physicians specialized in three different areas of medicine, it is anticipated that there may be in excess of twelve to fifteen experts, between the plaintiffs and defense. It is likely that the parties will obtain opinions from Neurosurgeons, Physical Medicine and Rehabilitation Specialists, Orthopedic Surgeons, and others on such topics as causation and comparative fault.

Given the necessity of such extensive expert discovery, the Premier Defendants have proposed allowing four months for these depositions. The Premier Defendants submit to this Court what we consider a realistic timeframe for expert discovery, with the intent of avoiding further requests for extensions.[3]

### D. Chart of Proposed Discovery Schedules

| Date | CMO No. 9 | Premier's Proposed Schedule [Dkt. 1852] | PSC's Proposed Schedule [Dkt. 1900] |
|---|---|---|---|
| June 15, 2015 | Close of All Common Issue Fact Discovery; Deadline for Responses to Bellwether Trial Proposals | | |
| July 15, 2015 | Initial, Plaintiff Expert designations & exchange of Deposition Dates | | |
| August 1, 2015 | | | Close of Common Fact Discovery as to Settling Defendants |
| August 14, 2015 | Defense Expert designations and exchange of Deposition Dates; All Dispositive Motions covering Common Issues filed | | |

---

[3] The Premier Defendants do not by this statement or any other waive their right to request future extensions of discovery deadlines.

4

| | | | |
|---|---|---|---|
| September 15, 2015 | Plaintiff's Motions for Rebuttal Expert Designations (with leave of Court) | | |
| October 15, 2015 | Deadline for Expert Depositions; Responses to Dispositive Motions on Common Issues Filed | | |
| November 15, 2015 | Replies in Support of Dispositive Motions on Common Issues Filed | Bellwether proposal submitted to Court | Close of Common Fact Discovery; Meet & Confer on potential bellwether process and case-specific discovery |
| December 1, 2015 | | Responses to Bellwether Protocols | |
| December 15, 2015 | | Close of All Common Fact Discovery (including Settling Defendant Discovery) | |
| January 15, 2016 | | | Close of case specific bellwether case discovery |
| January 31, 2016 | | | Plaintiff's Initial Expert Disclosures and Proffer of Deposition Dates |
| February 15, 2016 | | Close of case specific Bellwether Discovery | |
| March 15, 2016 | | Plaintiff's Initial Expert Disclosures and Proffer of Deposition Dates | |
| April 4, 2016 | | | Defense Expert Disclosures and Proffer of Deposition Dates |
| April 23, 2016 | | | Deadline for all Expert Depositions |
| May 1, 2016 | | Defense Expert Disclosures and Proffer of Deposition Dates | |
| May 21, 2016 | | | Dispositive Motions and *Daubert* Motions filed |
| June 5, 2016 | | | Oppositions to Dispositive Motions and *Daubert* Motions |

5

| | | | |
|---|---|---|---|
| June 19, 2016 | | | Replies in Support of Dispositive Motions and *Daubert* Motions filed |
| July 2, 2016 | | | Hearing on Dispositive Motions and *Daubert* Motions |
| July 25, 2016 | | | Final Pre-Trial Hearing |
| August 1, 2016 | | | Trial-Ready |
| September 1, 2016 | | Deadline for Expert Depositions | |
| October 15, 2016 | | Dispositive Motions and *Daubert* Motions filed | |
| November 1, 2016 | | Oppositions to Dispositive Motions and *Daubert* Motions | |
| November 15, 2016 | | Replies in Support of Dispositive Motions and *Daubert* Motions filed | |
| December, 2016 | | Hearing on Dispositive Motions and *Daubert* Motions | |
| January, 2017 | | Final Pre-Trial Hearing | |
| February, 2017 | | Trial-Ready | |

## CONCLUSION

The PSC's proposal of a 5 month extension for the Premier Defendants is insufficient and fails to take into account both that the Premier Defendants are defending against fifty-six (56) cases – not forty (40) – and that requirements of New Jersey law will necessarily increase certain aspects of the Premier Defendants' discovery. The Premier Defendants' proposed deadline of December 15, 2015 for all common discovery, posits a realistic timeline given the issue of the many cancellations, reschedulings, objections and corresponding motion practice currently evident within the docket which have been instigated by defendants other than Premier.

Respectfully submitted,

**Blumberg & Wolk, LLC**

By: /s/ Christopher M. Wolk, Esq.

158 Delaware Street
P.O. Box 68
Woodbury, NJ 08096
(856) 848-7472

*Counsel for Defendants Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., and Richard Strauss, M.D.*

## CERTIFICATE OF SERVICE

I, Christopher M. Wolk, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date.

Date: June 9, 2015

/s/ Christopher M. Wolk, Esq.