UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION )
)
_____ )
) MDL No. 2419
THIS DOCUMENT RELATES TO: ) Dkt. No 1:13-md-2419 (RWZ)
)
*James E. Allen v. UniFirst Corp., et al.*, No. )
1:15-cv-10280-RWZ )
*Timothy B. Griggs, et al. v. UniFirst Corp., et* )
*al.*, No. 1:14-cv-14668-RWZ )
*George Moore, et al. v. UniFirst Corp., et al.*, )
No. 1:14-cv-13027-RWZ )
)

**ANONYMOUS HEALTH CARE PROVIDERS' RESPONSE IN PARTIAL OPPOSITION
TO PSC'S CROSS MOTION TO AMEND MDL ORDER NO. 9**

Defendants Anonymous Health Care Providers 2, 3, 6, 7, and 8 ("Anonymous Healthcare Defendants")[1] hereby file this response in opposition to the *PSC's Cross Motion to Amend MDL Order No. 9* ("Motion to Amend") to the extent the Plaintiffs' Steering Committee ("PSC") seeks Court-ordered mediation of cases with five or fewer filed actions currently pending in the MDL, and in support, show the Court the following:

1. On May 18, 2015, the PSC filed its Cross Motion to Amend MDL Order No. 9.[2] The motion proposes pretrial schedules for certain defendants and also seeks to stay the discovery deadlines of cases pending against defendants with five or fewer cases currently

---

[1] As explained in the *Moore* Complaint, Plaintiffs have identified the undersigned defendants by pseudonym in compliance with the Indiana Medical Malpractice Act, IND. CODE § 34-18-1-1, *et seq. See* No. 1:14-cv-13027-RWZ, *Moore* Compl. ¶ 9 (Dkt. No. 1). In the *Allen* and *Griggs* cases, the undersigned defendants are identified as Anonymous Health Care Providers 2, 3, 6, 7, and 8. In those cases, Anonymous Health Care Providers 1, 4, and 5 are represented by separate counsel. In the *Moore* case, the undersigned defendants are identified as Anonymous Health Care Providers 1, 2, 3, and 5. In that case, Anonymous Health Care Provider 4 is represented by separate counsel.

[2] Dkt. No. 1867.

- 1 -

pending against them in the MDL ("Small Clinic Defendants"), but not the deadline for completing discovery from the settling defendants.[3]

2. The PSC's memorandum in support ("Memo in Support") of its Motion to Amend requests some of the same relief, but also requests that the Court require the Small Clinic Defendants to enter mediation.[4] The Memo in Support incorrectly labels the Motion to Amend as unopposed.[5]

3. Although the Memo in Support requests that the Court order the Small Clinic Defendants to enter mediation,[6] neither the PSC's Reply regarding its Motion to Amend,[7] nor the initial or amended Case Management Orders proposed by the PSC,[8] seek such relief. Instead, the only reference to mediation in either the first or amended proposed Case Management Order relates to modifications of the schedules set forth in the Case Management Order.[9] Accordingly, it is unclear whether the PSC has abandoned its request for Court-ordered mediation of the Small Clinic Defendants.

---

[3] *Id.*

[4] Dkt. No. 1868.

[5] *Id.* On May 4, 2015, counsel for the Anonymous Healthcare Defendants attended a telephonic meet-and-confer led by Kim Dougherty of the PSC. The meet-and-confer concerned only the PSC's proposal that discovery be stayed to all Small Clinic Defendants, to which the Anonymous Healthcare Defendants did not object. At no time were amendments to Case Management Order No. 9 regarding Court-ordered mediation contemplated or proposed. Accordingly, any representation by the PSC that its Motion to Amend is unopposed is inaccurate.

[6] *Id.* at 3 & 23.

[7] Dkt. No. 1900.

[8] Dkt. Nos. 1868-1; 1900-1.

[9] Dkt. No. 1900-1, at 3 ("Although the time for participation in the Court ordered mediation program has expired, and no parties are currently participating in court-ordered mediation, if a party wishes to obtain a modification of the schedules set forth herein in order to mediate any remaining dispute, something encouraged by this Court, the parties are to file a notice of mediation with this court along with their proposed schedule modification.").

4.      To the extent the PSC continues to seek Court-ordered mediation of defendants with five or fewer cases pending in the MDL, this Court should reject the PSC's attempts to force the Anonymous Healthcare Defendants to enter mediation against their will.

5.      This Court previously issued an order regarding voluntary mediation in this litigation ("Mediation Order").[10]  Unlike the order sought by the PSC now, the Mediation Order provided that the mediation process would be entirely voluntary, and that no party would be required to participate or penalized for failing to participate.[11]

6.      The Mediation Order required parties interested in mediation to opt-in to the mediation program by September 23, 2013.[12]  The Anonymous Healthcare Defendants were aware of the opt-in deadline and declined to participate in the mediation program, along with the vast majority of other health care defendants in this litigation.

7.      Court-ordered mediation would be inappropriate in these cases at this time, as companion actions in the *Allen*, *Griggs*, and *Moore* cases are currently pending before the Indiana Department of Insurance pursuant to the Indiana Medical Malpractice Act ("IMMA"). *See* IND. CODE § 34-18-1-1, *et seq.*  Under the IMMA, a plaintiff seeking to assert causes of action sounding in medical negligence against qualified health care providers must file a proposed complaint with the Indiana Department of Insurance and have his or her case evaluated by a medical review panel, which ultimately issues an expert opinion regarding the plaintiff's case. *Id.* §§ 34-18-8-4; 34-18-10-22.  The medical review panel process is a condition precedent to Plaintiffs' pursuit of their claims in court, and until the panel renders its expert opinion, this Court is "prohibited from taking any action" except setting a date for trial, ruling on preliminary

---

[10] *See* Dkt. No. 394.

[11] *Id.* at 2.

[12] *Id.* at 3.

motions (such as motions to dismiss), and compelling discovery. *Id.* § 34-18-8-7(a)(3). A court order requiring the Anonymous Healthcare Defendants to enter mediation would constitute such a prohibited action during the pendency of the medical review panel process.

8. Although the medical review panel's report is not conclusive, it is admissible in subsequent litigation, *id.* § 34-18-10-23, and therefore the report's contents can significantly affect settlement discussions. Not only have no such reports been issued in these cases, but the medical review panels for these cases have not even been formed. Court-ordered mediation is particularly inappropriate while the medical review process remains pending.

9. Further, subsequent events in this litigation have not altered the Anonymous Healthcare Defendants' belief that mediation would be unproductive and improvident. The Anonymous Healthcare Defendants contend that Plaintiffs' claims against them are without merit and that other parties and non-parties—such as the Insiders and National Defendants—are entirely responsible for the contamination of *methylprednisolone acetate* for which the Plaintiffs have brought suit. The Anonymous Healthcare Defendants intend to seek dismissal of Plaintiffs' claims, and to the extent any claims ultimately remain, intend to vigorously defend against such claims at trial.

10. The Anonymous Healthcare Defendants should not be compelled to participate in mediation. The determination of whether to enter into settlement negotiations should be left to the parties, and mediation should be reserved for occasions where both sides have determined that settlement is a viable option. Until that point, mediation is premature.

11. The Anonymous Healthcare Defendants oppose the PSC's Motion to Amend only to the extent that it seeks to require them to participate in Court-ordered mediation. The Anonymous Healthcare Defendants do not object to a stay of discovery in the cases pending

against them until December 31, 2015, and take no position with respect to the other relief requested in the PSC's Motion to Amend.

12. For these reasons, the Anonymous Healthcare Defendants respectfully request that the Court deny the PSC's request that the Court enter an order requiring the undersigned defendants to participate in mediation.

Dated: June 10, 2015

By their attorneys,

*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 10th day of June, 2015.

                                          */s/ Sarah Kelly*
                                            Sarah P. Kelly

2819686.1