UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br> _____ <br> THIS DOCUMENT RELATES TO: <br> *Parman v. Ameridose, et al.* <br> Case No. 1:13-cv-12433 | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

## CONDITIONAL MOTION TO SET A TRIAL DATE

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants"[1]) hereby move the Court to set a trial date in the above-captioned matter.

Consistent with their opposition to Plaintiff Wayne Reed's motion[2] to set filed in the main MDL docket at Dkt. 1963, the Tennessee Clinic Defendants respectfully submit that, if the Court is inclined grant the PSC's request to abandon the bellwether selection process and allow the PSC to unilaterally choose a non-representative, outlier case as

---

[1] The Tennessee Clinic Defendants also include Vaughan Allen, MD; John Culclasure, MD; Debra Schamberg, RN, CNOR; Kenneth Lister, MD; Kenneth Lister, MD, PC; Specialty Surgery Center, Crossville, PLLC; and Donald Jones, MD. None of these parties are named in the *Alexander* case specifically. However, the relief sought in the *Alexander* Motion to Set impacts these remaining Tennessee Clinic Defendants in that it would set aside the bellwether process that all the Tennessee Clinic Defendants rely upon. Thus, the Tennessee Clinic Defendants specifically oppose the *Reed* Motion to Set on behalf of STOPNC and Howell Allen (those defendants named specifically in the *Alexander* case) and request additional relief on behalf of all the Tennessee Clinic Defendants, *i.e.*, that the Court maintain the bellwether process and, in the alternative, if the Court sets aside the bellwether process and orders *Reed* to trial, remand the cases to Tennessee for serial trials as suggested herein.
[2] Dkt. 1882 in the main MDL docket; Dkt. 45 in Case No. 1:13-cv-12565.

1

the first trial case (*i.e.*, the *Reed* case[3]), then the Defendants should be permitted to choose the next two cases to be set for trial. Thus, the Tennessee Clinic Defendants are simultaneously filing motions to set this matter and the *Alexander* case[4], for trial immediately after the *Reed* case.

The Tennessee Clinic Defendants respectfully request that the Court order that this matter and the *Alexander* case[5] be set for trial, if the Court decides to grant the motion to set filed in the *Reed* case.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.

---

[3] Case No. 1:13-cv-12565.
[4] Case No. 1:13-cv-12428.
[5] Case No. 1:13-cv-12428.

## **CERTIFICATE OF SERVICE**

      I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 15th day of June, 2015.

      /s/ Chris J. Tardio
      **Chris J. Tardio**