# EXHIBIT "B"

# EXHIBIT A

# Claims Resolution Facility Procedures

# EXHIBIT A TO TORT TRUST AGREEMENT: CLAIMS RESOLUTION FACILITY PROCEDURES

The National Settlement Administrator shall develop, staff and maintain a program for providing claims assistance to Tort Trust Beneficiaries ("Claims Assistance Program"). This program shall be a part of the Claims Resolution Facility, staffed by employees of the Claims Resolution Facility, and is intended to provide assistance to all Tort Trust Beneficiaries regarding the Claims Resolution Facility procedures, eligibility requirements, submission requirements (including the documentation required), denials, deficiencies, the process for curing deficiencies, obtaining re-reviews, requesting reconsideration under a different Base Point Category and appeal procedures in the event of a final denial of a claim, and the status of a Tort Trust Beneficiary's claim. The Claims Assistance Program staff shall not provide legal advice or tax advice to Tort Trust Beneficiaries.

### VIII. Initial Payments On Qualified Claims

A.  As soon as practicable after the Claims Deadline and after completing his/her initial review of claims, the National Settlement Administrator shall compute a tentative dollar value of each Claimed Point ("Tentative Point Value") according to the following formula: (i) calculate the sum of all Claimed Points in all of the Eligible Claims ("Summed Points"), (ii) multiply the Summed Points by a factor of 1.5 ("Enhanced Points"), and (iii) divide the National Fund Net Trust Proceeds (*i.e.*, the amount available for distribution to Tort Trust Beneficiaries at the time the computation is made) by the number of Enhanced Points:

[Tentative Point Value = [National Fund Net Trust Proceeds ÷ Enhanced Points]

B.  The National Settlement Administrator shall then evaluate Tort Claims in the order that they were received.

C.  If an Eligible Claim is allowed in full, the Tort Trust Beneficiary's Claimed Points shall be deemed to be Approved Points, and the National Settlement Administrator shall multiply the Approved Points by the Tentative Point Value to determine the amount of the Initial

41

Payment to the Claimant.  The National Settlement Administrator shall notify said Tort Trust Beneficiary of the allowance of the claim in full, the amount of Approved Points, the amount of the Initial Payment, and the amount of the Initial Payment constitutes interim compensation and that the Tort Trust Beneficiary may receive additional compensation after the Claims Process is completed and all appeals from the National Settlement Administrator's final determinations have been resolved.

      D.      Notwithstanding anything herein to the contrary, no distribution shall be made to a Tort Trust Beneficiary if such Tort Trust Beneficiary has not returned a signed form W-9 to the National Settlement Administrator.

      E.      If a completed W-9 form has been received by the National Settlement Administrator, the National Settlement Administrator shall notify the Tort Trustee of the Allowed Claim and that a check should be sent to the Tort Trust Beneficiary (or, if represented by an attorney, made payable jointly to the Tort Trust Benficiary and the attorney or law firm and sent to the attorney) in the amount of the Initial Claim Value, subject to the provisions of the Plan and the Tort Trust Agreement.

      **IX.**      **Provisional Denials**

      A.      Eligible Claims not approved in full by the National Settlement Administrator shall be deemed to be provisionally denied ("Provisional Denials").  Provisional Denials shall consist of Eligible Claims denied in whole (*e.g.*, claim did not meet the proof requirements for a Base Point Category) or denied in part (*e.g.*, an applied-for adjustment was not awarded).

      B.      For each Eligible Claim denied in part, the National Settlement Administrator shall sum the Points that have been approved ("Approved Points") and determine the Initial

determined by the National Settlement Administrator pursuant to Section X.A-D herein, including those claims that were re-submitted for review under a different Base Point Category and (iii) all Approved Points for claims finally determined by the Appeals Administrator pursuant to Section XI herein.

  B. In the event that the computation in Section XII.A herein yields a final dollar value of each Approved Point that is less than the Tentative Point Value, then the National Settlement Administrator shall reduce, on a *pro rata* basis, the Approved Points awarded on claims that were re-submitted for review under a different Base Point Category in such amount as is required for the computation in Section XII.A herein to yield a final dollar value of each Approved Point that is equal to the Tentative Point Value. Such final dollar shall be considered the Final Point Value.

  C. In the event that the computation in Section XII.A herein yields a final dollar value of each Approved Point that is greater than the Tentative Point Value, then such final dollar value of each Approved Point shall be considered the Final Point Value.

  D. The National Settlement Administrator shall then determine the final compensation amount for each Qualified Claim ("Final Compensation Amount") by multiplying the Approved Points times the Final Point Value on each Qualified Claim.

  E. Promptly thereafter, the National Settlement Administrator shall notify the Tort Trustee to make the following disbursements:

    1. If the Final Point Value exceeds the Tentative Point Value, then each Tort Trust Beneficiary who received an Initial Payment pursuant to Section VIII.C or X.D above shall be paid (or, if represented by an attorney, paid jointly with the attorney or law firm) an additional amount equivalent to the difference between the Tort Trust

Beneficiary's Final Compensation Amount and the Initial Payment, subject to the provisions of the Plan and the Tort Trust Agreement.

2. All other Tort Trust Beneficiaries whose Tort Claim has been approved in whole or in part shall be paid (or if represented by an attorney, paid jointly with the attorney or law firm) an amount equivalent to the Tort Trust Beneficiary's Final Compensation Amount subject to the provisions of the Plan and the Tort Trust Agreement.

F. Additional Assets Received by the Tort Trust after the Final Payments have been made to the Tort Trust Beneficiaries may be disbursed on a pro rata basis to Tort Trust Beneficiaries or otherwise, pursuant to the provisions of the Plan and the Tort Trust Agreement.

### XIII. Prevention and Detection of Fraud

A. The National Settlement Administrator may institute claim auditing procedures and other procedures to detect and prevent the allowance of fraudulent claims. All claims must be signed under the pains and penalties of perjury. The submission of a fraudulent claim will violate the criminal laws of the United States, including the criminal provisions applicable to Bankruptcy Crimes, 18 U.S.C. § 152, and subject those responsible to criminal prosecution in the federal courts. If the National Settlement Administrator determines that a claim is fraudulent, the National Settlement Administrator shall deny the claim and so inform the Tort Trust Beneficiary and the Tort Trustee.

B. The National Settlement Administrator shall have the authority to request the Tort Trust Beneficiary to submit additional medical, hospital, facility or other records in order to make a determination of allowance or denial of any claim. If the Tort Trust Beneficiary refuses to or fails to respond to such a request within ninety (90) days or if the National Settlement