# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING )
PHARMACY PRODUCTS )
LIABILITY LITIGATION )
) MDL No. 1:13-md-2419-FDS
)
This Document Relates to: ) Judge Rya Zobel
)
All Cases )
)

### AFFIDAVIT OF INGRID S. MARTIN

STATE OF MASSACHUSETTS )
) SS:
COUNTY OF SUFFOLK )

I, INGRID S. MARTIN, do hereby state as follows:

1. I am an attorney in good standing, licensed in the Commonwealth of Massachusetts and practicing at the law firm of Collora LLP ("Collora").

2. Since September 2012, Collora has represented Ameridose in connection with various regulatory matters, including its voluntary recall of products. I have spoken to available Ameridose personnel regarding the preservation of recall-related evidence and I have done a reasonable investigation of the circumstances surrounding preserved evidence.

3. On October 31, 2012, Ameridose issued a voluntary recall of all unexpired products remaining in circulation. (*See* http://www.fda.gov/Safety/Recalls/ucm326349.htm (Press Release Announcing Recall)).

4. In April 2014, Ameridose moved this Court for an Order to destroy its inventory of recalled products. The Court granted the motion, in part, as to "controlled substances," on May 22, 2014. (NECC MDL Docket Nos. 1090, 1138).

1

5. Immediately thereafter, Ameridose destroyed those "controlled substances." Later, pursuant to agreement by the Plaintiffs' Steering Committee, the Tennessee Clinic Defendants, and Unifirst Corporation, Ameridose destroyed the remaining recalled products.

6. Since the fall of 2012, Ameridose has been functionally out of business.

7. To the best of my knowledge and based on reasonable investigation, the building that remains under the control of Ameridose or its owners is going to be leased or sold to other, unrelated entities, and Ameridose needs to clear out the space for the new occupant.

8. Although Ameridose destroyed all of its recalled products in 2014, based on conversation with Ameridose's personnel, it is my understanding that there are approximately 100 pallets of paper records regarding the formulation and production of products by Ameridose. These paper records take up substantial space and will interfere with the use of the facility by future tenants or owners.

9. To the best of my knowledge and based on reasonable investigation, none of these paper records pertain to MPA. Additionally, none of the paper records pertain to any Ameridose product that is the subject of any Complaint filed by a plaintiff in any civil lawsuit against Ameridose.

Signed under the penalties of perjury this 18th day of June, 2015.

_____
INGRID S. MARTIN