UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Cases | MDL No.: 1:13-md-2419-RWZ |

**PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR ENTRY OF ORDER TO SHOW CAUSE CONCERNING DISMISSAL OF CLAIMS AGAINST SETTLING DEFENDANTS**

NOW COME the Plaintiffs' Steering Committee ("the PSC"), and hereby move this Court for entry of an order to show cause why the claims against the following defendants in the above-captioned matter that or who have entered into settlement agreements and have been granted general releases and/or channeling injunctions in the related Chapter 11 bankruptcy case of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") should not be dismissed: NECC; Alaunus Pharmaceutical, LLC; Ameridose, LLC; ARL BioPharma Inc. d/b/a Analytical Research Laboratories; GDC Properties Management, LLC; High Point Surgery Center; Surgery Center Associates of High Point, LLC; High Point Regional Health f/k/a High Point Regional Health System, d/b/a High Point Regional Hospital; Inspira Health Network, Inc. f/k/a South Jersey Health System, Inc.; Inspira Medical Centers, Inc. f/k/a South Jersey Hospital, Inc.; Medical Sales Management, Inc.; Liberty Industries, Inc.; Medical Sales Management, SW, Inc.; UniFirst Corporation a/d/b/a Uniclean Cleanroom Services; Paul Abrams; Joseph Alessandrini; Barry J. Cadden; Lisa M. Conigliaro Cadden;

1

Glenn Chin; Carla Conigliaro; Douglas Conigliaro; and Gregory Conigliaro (collectively, "the Settling Defendants"). A proposed order is attached hereto as Addendum A. As more particularly described below, given that the Settling Defendants already have obtained releases and/or channeling injunctions pursuant to the Bankruptcy Court order, which is final and no longer subject to appeal, the proposed order to show cause is an administrative formality that permits this Court in an efficient manner to dismiss with prejudice all claims against the Settling Defendants in each case now pending in this MDL in which any of the Settling Defendants is named as a party defendant.[1]

As grounds therefor, the PSC further states as follows:

On May 20, 2015, in the matter of *In re New England Compounding Pharmacy, Inc.*, Case No. 12-19882-HJB, the United States Bankruptcy Court for the District of Massachusetts, Eastern Division (Boroff, Bankr. J.)(the "Bankruptcy Court"), entered an order approving and confirming the Third Amended Joint Chapter 11 Plan ("the Chapter 11 Plan"). *See* Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. [Bankr. Dkt. 1355]("Confirmation Order") at ¶ 1, a copy of which (without Exhibits) is attached hereto as Addendum B. In doing so, the Bankruptcy Court approved the various settlement agreements that were entered into between and among the Settling Defendants, their insurers and the Trustee. *See id.* at ¶¶ EE & 26. Pursuant to these settlement agreements, the Settling Defendants and their insurers collectively have agreed to contribute approximately $200 million dollars to a Tort Trust that will be used to

---

[1] Given certain unique terms in the settlement agreement with the defendants Image Guided Pain Management, PC, Insight Health Corp., John Mathis, M.D. and Robert O'Brien, M.D. (collectively, "the Insight Defendants"), concerning the timing of the release of the settlement payments from escrow, the claims against the Insight Defendants are not properly subject to dismissal at this time. The parties in those cases in which one or more of the Insight Defendants is named have agreed to a procedure whereby the plaintiff in each such case will file an assented-to notice of dismissal at the appropriate time.

2

compensate those who were harmed by the contaminated drugs (many of whom have filed cases in this MDL) in exchange for general releases and/or channeling injunctions. *See id*. ¶¶ FF & GG.

On June 4, 2015, *i.e.,* the Effective Date, the Chapter 11 Plan became binding upon "the Debtor, the Post-Effective Date Debtor, all present and former Creditors (wherever located anywhere in the world), all present and former Equity Holders, other parties-in-interest and their respective heirs, successors and assigns." Confirmation Order, Addendum B, at ¶ 22. The Chapter 11 Plan is no longer subject to appeal. Included among the creditors are the Tort Claimants, defined in the Plan as holders of claims "based on personal injury or wrongful death relating to the" drugs manufactured, compounded, sold or distributed by NECC. *See* The Chapter 11 Plan, Exhibit A to Confirmation Order, at Art. I, ¶¶ 1.199 & 1.200. Consequently, all claims against the Settling Defendants in each case now pending in this MDL should be dismissed in deference to the releases and/or channeling injunctions entered pursuant to the Bankruptcy Court order.

On June 4 and 5, 2015, respectively, Defendants Ameridose LLC and GDC Properties Management, LLC each filed a separate motion to show cause why the cases filed against them should not be dismissed. Rather than addressing this issue on an *ad hoc* basis, however, it is much more efficient and cost effective for this Court to enter a single show cause order encompassing all claims against all of the Settling Defendants in each case now pending in this MDL.

WHEREFORE, the PSC respectfully requests this Court to enter an order to show cause in the form attached hereto as Addendum A.

Dated:  June 18, 2015                                Respectfully Submitted,

   */s/ Fredric L. Ellis*
Fredric L. Ellis
ELLIS & RAPACKI LLP
85 Merrimac Street, Suite 500
Boston, MA 02114
Phone: (617) 523-4800
Fax: (617) 523-6901
rellis@ellisrapacki.com

*Designated Counsel for PSC*

Thomas M. Sobol
Kristin Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

## CERTIFICATE OF SERVICE

I, Fredric L. Ellis, hereby certify that I caused a copy of the above Plaintiffs' Steering Committee's Motion For Entry of Order to Show Cause Concerning Dismissal of Claims Against Settling Defendants to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated:  June 18, 2015

       */s/ Fredric L. Ellis*
    Fredric L. Ellis