UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>   All Cases | MDL No.: 1:13-md-2419-RWZ |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO DEFENDANT GDC PROPERTIES MANAGEMENT, LLC'S MOTION TO SHOW CAUSE WHY CASES AGAINST IT SHOULD NOT BE DISMISSED**

The Plaintiffs' Steering Committee ("the PSC") submits this response to Defendant GDC Properties Mangement, LLC's Motion to Show Cause Why Cases Against It Should Not Be Dismissed ("GDC's Motion").

GDC's Motion asks this Court to enter an order to show cause why the cases against GCD Properties Management, LLC ("GDC") alone should not be dismissed.  Yet, GDC is just one of some twenty-six defendants ("the Settling Defendants") in the above-captioned MDL that has entered into a settlement agreement and has been a granted general release and channeling injunction in the related Chapter 11 bankruptcy case of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center.  Consequently, GDC's Motion - - which essentially invites this Court to address the issue on a defendant-by-defendant basis - - unnecessarily complicates matters and imposes an undue burden and expense on the parties, this Court and the Clerk's Office.

Further, on this day, the PSC has filed Plaintiffs' Steering Committee's Motion for Entry of Order to Show Cause Concerning Dismissal of Claims Against Settling Defendants ("PSC's Motion"). *See* Docket No. 1984. The PSC's Motion is an omnibus motion that seeks to resolve the issue as to all of the Settling Defendants.[1] The PSC and GDC are in agreement that the Settling Defendants are entitled to a dismissal, but it is clearly much more efficient and cost effective for this Court to enter a single show cause order encompassing all claims against all of the Settling Defendants in each case now pending in this MDL. This Court should, therefore, deny GDC's Motion and grant the PSC's Motion.

Dated: June 18, 2015  Respectfully Submitted,

　　　　/s/ **Fredric L. Ellis**
Fredric L. Ellis
ELLIS & RAPACKI LLP
85 Merrimac Street, Suite 500
Boston, MA 02114
Phone: (617) 523-4800
Fax: (617) 523-6901
rellis@ellisrapacki.com

*Designated Counsel for PSC*

Thomas M. Sobol
Kristin Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

---

[1] The PSC's Motion does not, however, encompass the settling defendants Image Guided Pain Management, PC, Insight Health Corp., John Mathis, M.D. and Robert O'Brien, M.D. (collectively, "the Insight Defendants"). The settlement agreement with the Insight Defendants contains unique provisions concerning the release of the settlement payments from escrow and, therefore, dismissal of the claims against the Insight Defendants is not appropriate at this time. Moreover, the parties in the cases naming one or more of the Insight Defendants have agreed that the plaintiff in each such case will file an assented-to individual notice of dismissal in the future. In contrast, there is nothing unique about the settlement agreement with Ameridose that would justify a different procedure.

*Plaintiffs' Lead Counsel*
**CERTIFICATE OF SERVICE**

I, Fredric L. Ellis, hereby certify that I caused a copy of the above Plaintiffs' Steering Committee's Response to Defendant GDC Properties Management, LLC's Motion to Show Cause Why Cases Against It Should Not Be Dismissed to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 18, 2015

*/s/ Fredric L. Ellis*
Fredric L. Ellis

3