UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: <br><br> All Actions | ) ) ) ) ) ) ) ) ) ) MDL No. 13-2419-RWZ |

MDL Order No. 10
DEPOSITION PROTOCOL

September 18, 2014

Boal, M.J.

    This Deposition Protocol shall govern cases transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of February 12, 2013, entitled New England Compounding Pharmacy, Inc. Products Liability Litigation, any tag-along actions transferred by the Panel after that date, and any related actions previously assigned to this Court. This Deposition Protocol is limited in scope to the discovery issues addressed herein. Additional discovery issues may need to be addressed in subsequent orders. For purposes of this Deposition Protocol, depositions of "Common Witnesses" and depositions on "Common Issues" shall refer to depositions of fact witnesses with knowledge of issues that pertain to all or a substantial number of cases in the Multidistrict Litigation ("MDL"), as opposed to depositions of witnesses with knowledge on issues pertaining to a single case or a small number of cases.

    Should this Deposition Protocol need to be amended or additional provisions included to address issues with case-specific discovery and expert discovery, the parties shall meet and

1

confer to amend or add to this protocol. If the parties cannot agree, they may submit any remaining disputes to the Court.

I. **GENERAL PROVISIONS**

   A. **Lead Deposition Counsel**

For purposes of scheduling and coordinating depositions, the MDL Plaintiffs shall designate a Lead Deposition Counsel for all depositions. For each deposition or set of related depositions particular to a Defendant, to the extent possible, the Defendants shall designate Lead Deposition Counsel for purposes of scheduling and coordination of the deposition(s).[1] Plaintiff depositions, third-party depositions, and depositions of employees, representatives, and former employees of the Defendants in this MDL action, and matters related to the conduct of these depositions shall be coordinated, to the extent possible, by Lead Deposition Counsel for Plaintiffs and Lead Deposition Counsel for Defendants, or their designees. The name and contact information for any designee shall be promptly communicated to the other parties. Additionally, counsel for a particular deponent shall be included in coordination of the deposition of that deponent. Counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Nothing in the Deposition Protocol shall be construed to allow counsel for other parties or witnesses to participate in the preparation of a party witness already represented by counsel.

   B. **Deposition Notices**

   1. *Notice of Deposition Procedures.* A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena to testify at a deposition, issued or served in these MDL proceedings.

---

[1] Representation for purposes of taking and defending depositions is discussed in Section II(A).

2

2. *Contents of Notice.* Information shall be provided as required by Fed. R. Civ. P. 30. Each deposition notice shall include the name of each deponent and the date, time and place of the deposition. If the notice asks the deponent to produce documents or information, or if the witness may be asked about documents that may contain confidential information, the witness shall be provided with a copy of the Third Amended Protective Order (Docket No. 814, or any additional amendments made by the Court thereto) (the "Protective Order").

**C. Scheduling**

1. The parties and the Court desire to minimize the expense and inconvenience of this litigation. Accordingly, all depositions of fact and expert witnesses taken in this MDL will be treated as if cross-noticed and taken in each of the individual cases in this MDL and all actions prosecuted by counsel having made an appearance in the MDL. In no event shall witnesses be deposed on multiple occasions on the same subjects in connection with these MDL proceedings without leave of Court and for good cause shown.

2. Plaintiffs and Defendants' Lead Deposition Counsel shall attempt to establish by mutual agreement a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any party to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Court.

3. If a party decides to take a deposition before all of the documents have been produced, they do so at their own risk and will not be allowed to re-depose the witness simply because additional documents were produced after the deposition absent agreement of the parties or permission from the Court for good cause shown. Production of additional documents alone shall not constitute good cause.

### D. Cooperation

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

### E. Attendance

Unless otherwise ordered under Fed. R. Civ. P. 26 (c), and subject to the restrictions set forth below, depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee ("PSC"), attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent. Without agreement of the parties, no more than ten (10) Plaintiffs' counsel, including members of the PSC, may attend in person any deposition. Nothing in the Joint Deposition Protocol shall be construed to limit the ability of counsel for a defendant to attend a deposition. While the deponent is being examined about any material designated Confidential, persons to whom disclosure is not authorized under the Protective Order shall be excluded from the deposition, except that counsel for any Plaintiff or the deponent shall not be so excluded. Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

### F. Fed. R. Civ. P. 30(b)(6) Deposition

A party noticing a deposition of an entity pursuant to Fed. R. Civ. P. 30(b)(6) shall provide a list of topics for the deposition with reasonable particularity at least thirty (30) days in advance of the deposition in order to allow time for the noticed party to object to any of the topics and for the identification and preparation of person(s) designated to testify on such noticed topics. The noticed party shall submit its objections, if any, within fourteen (14) days of the

receipt of the 30(b)(6) deposition notice. Counsel for the deponent and the PSC may waive the aforementioned 30-day notice period. A party or non-party asked to provide a designee pursuant to a Fed. R. Civ. P. 30(b)(6) deposition notice shall provide notice of the name(s) of the individual(s) to be produced for deposition at least 7 days prior to commencement of the deposition, setting forth the matters upon which each person will testify.

## II. CONDUCT OF DEPOSITIONS

### A. Examination

Except in depositions that have been cross-noticed in actions pending in state court and without reference to the participation of coordinating counsel from the state court actions, questioning should ordinarily be conducted by no more than two attorneys for all MDL plaintiffs. Lead Deposition Counsel for Plaintiffs may designate typically no more than two attorneys representing personal injury Plaintiffs to participate in the questioning during each deposition. As it relates to a deposition conducted under Rule 30(b)(6) only, Lead Deposition Counsel for Plaintiffs may designate additional counsel for specific subject areas, and Lead Deposition Counsel shall inform counsel for the deponent at least 5 days before such deposition whether additional counsel will cover specific subject areas previously noticed and the specific subject areas additional counsel will cover. Counsel should endeavor to avoid asking the same or repetitive questions.

Counsel for the Unaffiliated Defendants[2] shall endeavor to designate two attorneys (not including, where applicable, the Defendant deponent's counsel) to represent the Unaffiliated Defendants during each deposition and participate in the deposition on behalf of all Unaffiliated

---

[2] "Unaffiliated Defendants" refers to Defendants who are not affiliated with New England Compounding Pharmacy, Inc. ("NECC").

5

Defendants. However, given the disparate interests of all Unaffiliated Defendants, this may not be possible.

Counsel for the Deponent shall "defend" the deposition. An objection by one party reserves the objection for all parties. All objections, except those which would be waived if not made at the deposition, are preserved and need not be made during the course of a deposition.

Each Deponent noticed during Common Issue phase discovery may only be deposed one time and his, her or its deposition applies to all cases pending in this MDL. Additional Plaintiffs and/or their counsel in this MDL may not re-notice or take the deposition of any Common Issue phase witness who has already testified except upon a showing before the Court of good cause and consistent with the Federal Rules of Civil Procedure.

**B.     Documents Used in Connection with Deposition.**

1.     *Marking of Deposition Exhibits.* All documents previously produced in the course of this litigation and used as exhibits with witnesses from a particular Defendant or non-party witness shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document repositories. Documents that have not been previously produced in the course of this litigation shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be produced at the conclusion of the deposition. Any documents marked as Exhibits during depositions shall be marked consecutively, (i.e. "Plaintiff Exhibit 1"), through the discovery phase such that if the first deposition ends with exhibit 11, then the first exhibit to the second deposition will start with exhibit 12. Whenever possible, previously marked exhibits should be used in subsequent depositions, rather than using a new exhibit number for the same exhibit.

2. The party who notices a deposition and/or the selected attorneys who will handle the examination shall strive to bring at least seven (7) copies of all non-introduced exhibits anticipated to be used for the deposition. It is understood that there will be certain instances (such as follow-up or to respond to the deponent's testimony) when the examining attorney(s) may need to introduce an exhibit that he or she did not anticipate and therefore may not have multiple copies available, and failure to bring the relevant copies shall not act as a bar to the introduction of such exhibit.

    **C.    Limits on Duration and Number of Depositions**

1. Absent permission from the Court or agreement of the parties, depositions shall be limited to one (1) day of seven (7) hours pursuant to Fed. R. Civ. P. 30(d)(1). Depositions should not typically begin before 9:00 a.m. and should typically conclude by 5:30 p.m. in the local time zone.

2. The PSC and each Defendant shall meet and confer to discuss a limit to the number of Common Witness depositions from that Defendant's employees, agents, former employees, and/or former agents. If the parties cannot agree on a limit, the Defendant may move for a protective order.

    **D.    Location for Depositions**

Defense counsel will make reasonable efforts to seek agreement of former employees of defendants to appear at designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

      **E.**      **Coordination with State Court Actions, Cross-Noticing and Avoidance of Duplicative Depositions**

      1.      *Coordination with State Court Actions.* In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for Plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court Plaintiffs. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

      2.      *Cross-Noticing.* Any deposition in this MDL may be cross-noticed by any party in any clinic-related action pending in state court, and any deposition in any clinic-related action pending in state court may be cross-noticed by any party in this MDL. Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-noticed in this MDL, then state court Plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the judge presiding over the proceeding in which the deposition is sought. In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the judge presiding over the proceeding in which the deposition is sought.

      3.      Nothing in Section III.F.1-2 shall be construed as an injunctive or equitable order affecting state court proceedings. Rather this provision is intended to reflect this Court's desire for voluntary state-federal coordination among the litigants and their counsel.

      4.      Unless it is jointly noticed by Plaintiffs in both the class action and personal injury matters, the noticing of a deposition by Plaintiffs' counsel for personal injury matters shall not count against the limitation on numbers of deposition prescribed under the Federal Rules of Civil Procedure for plaintiffs in any consolidated class action, and vice versa.

F. **Early Depositions**

If the parties become aware of any person who possess relevant information but, who, by reason of age, ill health, or termination of employment with defendants may become unavailable for deposition, the deposition may be taken as soon as possible, using the procedures outlined in Fed. R. Civ. P. 27.

G. **Telephonic Depositions and Participation**

The parties shall comply with Fed. R. Civ. P. 30(b)(4) regarding remote depositions. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel or by agreement of counsel for the deponent.

H. **Disputes During Depositions**

If a dispute arises during a deposition that cannot be resolved by agreement, the deposition shall continue to be taken as to matters not in dispute. The parties shall present the dispute to the Court by motion at the earliest practicable time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3).

I. **Video Depositions**

After so indicating in its notice of a deposition, a party may, at its expense, record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1. *Video Operator.* The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c) and/or any protective order issued in the case pertaining to the deposition. At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

2. *Attendance*. Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

3. *Interruptions*. No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon agreement of counsel.

### J. Correcting and Signing Deposition Transcripts

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent within thirty (30) days after the end of the deposition for correction and signature. Upon receipt of the transcript, the deponent thereafter shall have thirty (30) days to make any corrections to the transcript, sign it, and return the transcript to the deposing party. If represented by counsel, a deponent need not sign any corrected transcript before a notary. If no corrections are made during this time, the transcript will be presumed accurate.

### III. USE OF DEPOSITIONS

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may be used by or against any party as permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

### IV. FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this Deposition Protocol shall be construed to abrogate the Federal Rules of Civil Procedure, including the right of any party or non-party to object to or seek a protective order to prevent the deposition of any witness.

**So Ordered.**

/s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE