IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING     PHARMACY, INC. PRODUCTS   LIABILITY LITIGATION | MDL NO. 1:13-MD-2419-FDS |
| | JUDGE RYA W. ZOBEL |
| This Document Relates to: | |
|     All Cases | |

### RESPONSE OF AMERIDOSE TO SAINT THOMAS ENTITIES CROSS-MOTION TO COMPEL AMERIDOSE TO PRODUCE DOCUMENTS AND CORPORATE WITNESS

Defendant Ameridose LLC (Ameridose ) opposes The St. Thomas Entities' (The STEs)
Cross-Motion to Compel the Production of Documents and a Corporate Witness.  (Doc. 1945.)

### PROCEDURAL BACKGROUND

The STEs first propounded written discovery on Ameridose on March 9, 2015. It
consisted of requests for admissions, interrogatories and requests for production. Ameridose
responded on April 8, 2015 (*See* Doc. 1774.) The STEs were not satisfied with the responses and
objections. The parties did meet and confer, but could not resolve the issues.

The STEs also submitted a 30(b)(6) Deposition Notice to Ameridose on April 30, 2015.
(Doc. 1809-2.)  The Notice had a document request attached, which covered some of the same
areas in their previous requests for production of documents.  Ameridose first joined a motion
for protective order filed by certain individuals regarding Fifth Amendment issues (Doc. 1824),

and then submitted a separate Motion for a Protective Order as to both the deposition and the document request.  (Doc. 1879.)  The STEs opposed this Motion.  (Doc. 1943.)  Ameridose filed a motion for leave to file a reply brief in support of the Protective Order, with the proposed reply brief attached.  (Doc. 1980.)

The STEs also filed a cross-motion to compel production of documents and order the deposition.  (Doc. 1945.)  Ameridose submits this response to that cross-motion.

## FACTS

The litigation against Ameridose commenced in the Fall of 2012.  It has been well documented in prior pleadings in this MDL that Ameridose has been effectively shut down since the Fall of 2012.  (*See, e.g.*, Doc. Nos. 1090 and 1501, and exhibits attached thereto.)  Soon after the litigation began, in compliance with preservation obligations under general case law and under court orders in this case, Ameridose  preserved various forms of evidence – both paper and electronic, as well as hard inventories of products.  (*See* Doc. 1879-2.)  As to Ameridose, the litigation promptly moved into a settlement mode.   Given the stay of discovery and the settlement posture and since it would have cost over $1,000,000 to make all the electronic media preserved "searchable"[1] for litigation purposes, the decision was made not to process all preserved electronic media.  (Doc. 1879-2.)  Only a small part of preserved electronic data was processed. The inaccessibility of these documents, and the cost to process them, has been well-known for over a year. (*See, e.g.,* Doc. 1130 at 3-4; 1262 at 4.)

---

[1] In order to make electronic media searchable, substantial clean-up and de-duplication is necessary.  (*See* Doc. 1879-2.)

In late 2013 and early 2014, parties that had no intention of settling began to negotiate protocols for depositions and ESI.  Ameridose and the other Affiliated Defendants, which were in settlement discussions, did not participate in these negotiations.  Ameridose reached a settlement in these cases in November 2014.  (*See* Doc. 1694-5.)  The deposition notice and document request issue here was filed on April 30, 2015, several months after the settlement with the tort claimants was reached.  The STEs remain the only parties seeking discovery from Ameridose despite the fact they never bought or injected MPA into any patient.

## RESPONSE TO CROSS-MOTION

Ameridose sets forth its specific responses to the individual paragraphs of the cross-motion.

**REQUEST:**

1.      Search all processed Ameridose files using the search terms provided by the Saint Thomas Entities and produce, within ten days of this order, all non-privileged documents responsive of the Saint Thomas Entities' requests;

**RESPONSE:**  Defendant invokes and incorporates its previous objections to producing any documents, which are set forth in its Motion for a Protective Order.  (Doc. 1879.) Defendant Ameridose also states that the ESI protocol does not compel electronic "processing" of all documents preserved.  It sets forth the manner in which "processed" documents are to be produced.  Section IIA of the ESI Protocol (Doc. 1087) specifically provides that a party may "object to the production of certain documents or ESI, including on the basis of relevance, undue burden, and/or inaccessibility."   Ameridose has no resources to "process" all the preserved

electronic media – the cost of which would exceed $1,000,000.  (*See* Defendant's Motion for Protective Order, Doc. 1879, and Affidavit of Matthew Moriarty, Doc 1879-2.) It has effectively been out of operation since 2012 and its primary insurance carrier has no further obligation to Ameridose as a result of the settlement.

**REQUEST:**

2.    With respect to all other data sources, in accordance with the ESI Protocol previously entered by the Court, produce to the Saint Thomas Entities within five days of this order a listing of all additional data sources that have not been searched along with the information processed regarding the source and content of such data sources (e.g., the custodians using the source, types of files on the source, etc.);

**RESPONSE:**  Defendant invokes and incorporates its previous objections set forth in its Motion for a Protective Order.  (Doc. 1879.)

**REQUEST:**

3.    With respect to all other data sources, follow the ESI Protocol and produce documents from agreed sources and search terms, with any further disputes being brought to this Court for resolution;

**RESPONSE:** Defendant invokes and incorporates its previous objections set forth in its Motion for a Protective Order (Doc. 1879) and its Response to Request No. 1 above.

**REQUEST:**

- 4 -

4.      Present a corporate representative for deposition in accordance with Rule 30(b)(6) and the notice previously issued at a mutually convenient time prior to the end of the common issue fact discovery period.

**RESPONSE:** Defendant invokes and incorporates its previous objections set forth in its Motion for a Protective Order. (Doc. 1879.)

Respectfully submitted,

/s/Matthew P. Moriarty
Matthew P. Moriarty (0028389)
Richard A. Dean (0013165)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Telephone:   216.592.5000
Facsimile:   216.592.5009
E-mail:        richard.dean@tuckerellis.com
                    MMoriarty@tuckerellis.com

*Attorneys for Ameridose LLC*

## CERTIFICATE OF SERVICE

I certify that on June 22, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

/s/Matthew P. Moriarty
Matthew P. Moriarty (0028389)
Richard A. Dean (0013165)
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Tel:        216.592.5000
Fax:        216.592.5009
E-mail:     richard.dean@tuckerellis.com
            MMoriarty@tuckerellis.com

*Attorneys for Ameridose LLC*

2336679.2