UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Suits Naming the Tennessee Clinic Defendants | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

### TENNESSEE CLINIC DEFENDANTS' *OMNIBUS RESPONSE* TO MOTIONS TO WITHDRAW FILED BY COUNSEL FOR NECC INSIDERS AND AFFILIATES

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants" or, at times herein, the "Defendants") hereby respond in omnibus fashion, for the sake of efficiency, to the presently pending and likely forthcoming motions to withdraw filed by the attorneys for settling parties. For their response, the Tennessee Clinic Defendants state:

1. At Dkt. 1936, Dkt. 1941, Dkt. 1947, and Dkt. 1979, counsel for various settling parties move to withdraw from representation. Pending now are motions to withdraw by counsel for Ameridose (1936, 1979), GDC (1947), and Barry Cadden, Lisa Cadden, Glenn Chin, Carla Conigliaro, Douglas Conigliaro, and Greg Conigliaro (1941).

1

2.  The Tennessee Clinic Defendants recognize that other motions to withdraw may be filed by attorneys for other settling defendants as the obligation of the insurance companies to pay for the defense of settling parties expires per the terms of the settlement agreements.

3.  The Tennessee Clinic Defendants take no position as to whether the Court should grant the pending motions to withdraw. The withdrawal of counsel for these persons and entities is between the lawyer and the client, with the oversight of the Court.

4.  However, contrary to the suggestions in the motions[1], the litigation did not end once these parties reached a settlement with the Trustee. The litigation continues against the Tennessee Clinic Defendants and other litigating parties. And, while the settling parties will be dismissed as "parties," they remain important fact witnesses and comparative fault targets. As such, they may be subject to document subpoenas and deposition subpoenas.

5.  Thus, should the Court approve the withdrawal of counsel for settling defendants, the Tennessee Clinic Defendants simply request:

    a.  If the settling party will be represented by other counsel for purposes of this litigation, the party should identify the name, address, and email address of the counsel that will represent the person or entity moving forward in this litigation.

    b.  If a corporate entity intends to proceed unrepresented in this litigation, the party should identify the agent for service of process moving forward in this litigation by name and address.

---

[1] For example, at Dkt. 1941: "Accordingly, because this litigation is, for practical purposes, resolved[.]"

2

6.  Identification of counsel or agent for service of process will allow the Tennessee Clinic Defendants, if it is necessary to serve document subpoenas or deposition subpoenas, to serve them on the proper lawyer or agent.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 22nd day of June, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**

3