UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) )   MDL No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| Case No. 1:14-cv-12941-RWZ | ) ) ) |

## PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT OF VIRGINIA WRONGFUL DEATH CLAIM PURSUANT TO VA. CODE § 8.01-55

Come now Petitioners Patricia S. Brown, John D. Spicer, and Jenae S. Patsell, duly qualified as executors of the Estate of Louise D. Spicer, ("Petitioners"), by their undersigned counsel, and respectfully petition this Court pursuant to Va. Code § 8.01-55 to approve the settlement of this wrongful death action. A proposed Order approving the settlement is attached hereto as **Exhibit 1**.

Petitioners state as follows in support of their Petition:

**A.      Petitioners and Their Virginia Wrongful Death Claim.**

1.      Decedent, Louise B. Spicer, died on January 22, 2013.

2.      On February 11, 2013, Petitioners Brown, Spicer and Patsell duly qualified as executors of the Estate of Louise D. Spicer in the Circuit Court for the City of Roanoke, Virginia.

3.      On May 8, 2013, Petitioners Brown, Spicer, and Patsell filed a Complaint against Respondents Insight Health Corp. ("Insight"), Image Guided Pain Management, P.C., John M. Mathis, M.D., and Robert F. O'Brien, M.D. (collectively "Respondents") in the Circuit Court for the City of Roanoke, Virginia (Case No. CL13-607). In filing the Complaint, Petitioners acted in

their capacities as personal representatives of the estate of Louise B. Spicer and asserted an action for wrongful death against Respondents.

4.      Respondents timely responded, denied liability, and filed cross-claims against one another.

5.      The case was transferred to MDL 2419 in the U.S. District Court for the District of Massachusetts after the District of Massachusetts issued a Memorandum of Decision (May 15, 2015) (MDL 2419 Doc. No. 1131) and entered an Order (June 5, 2014) (MDL 2419 Doc. No. 1173) exercising "related to" bankruptcy jurisdiction over the case.

**B.      Resolution of Petitioners' Wrongful Death Claims through Mediation and Settlement.**

6.      Petitioners and Respondents mediated this wrongful death action in conjunction with forty-six other cases involving 153 Plaintiffs, which had also been brought against Respondents in Virginia state courts and removed and/or transferred to MDL 2419.  In February 2015, Respondents reached a global settlement of all wrongful death claims and personal injury cases, including Petitioners' wrongful death claim, which had been transferred to MDL 2419.

7.      The amount and terms of the global settlement are set forth in Settlement and Release Agreement ("Agreement") of February 12, 2015.  The Agreement incorporated First Amended Insight Claims Resolution Facility Procedures ("Procedures"), and these Procedures are attached hereto as **Exhibit 2**.  The amount to be paid to Petitioners to settle their wrongful death claims will be determined by the Agreement and the Procedures, subject to approval by this honorable Court.

**C.      Approval of Agreement and Procedures by the U.S. Bankruptcy Court.**

8.      Following overwhelming support by voting parties, the Agreement and incorporated Procedures have been approved and confirmed by Judge Boroff of the U.S.

Bankruptcy Court for the District of Massachusetts in an order entered May 20, 2015, which confirmed the Chapter 11 bankruptcy plan of New England Compounding Pharmacy, Inc. *See* Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., *In re: New England Compounding Pharmacy, Inc.*, Case No. 12-19882-HJB (Bankr. D. Mass. May 20, 2015) (Doc. No. 1355).  No appeal from the order approving the plan has been filed, and the order confirming the Chapter 11 Plan is now a final order.

**D.     Current Disposition and Relief Requested.**

9.      Pursuant to the Agreement, Respondents have placed the total agreed upon settlement amount in escrow to resolve the 153 claims asserted in forty-seven separate personal injury and wrongful death actions against them in MDL 2419, which includes the sum of money to be paid to Petitioners as Decedent's statutory beneficiaries.

10.      Petitioners have agreed to and signed the Agreement.  Petitioners have also agreed to and signed a Mutual Release, which is attached hereto as **Exhibit 3**.

11.      Decedent's statutory beneficiaries are Patricia S. Brown, John D. Spicer, and Jenae S. Patsell.  None of these statutory beneficiaries is a minor or an incapacitated person.

12.      Petitioners request the Court's approval of the settlement of this wrongful death action pursuant to Va. Code Ann. § 8.01-55, according to and consistent with the provisions of the Agreement and the Procedures.

13.      After completion of the process required by the Procedures for establishing the gross payment for the statutory beneficiaries, Petitioners will ask the Court to approve all distributions from such amount, including those to the decedent's statutory beneficiaries as provided in Va. Code Ann. § 8.01-53.

3

14.     Petitioners and their undersigned counsel have concluded that Respondents' compromise of their wrongful death claim for damages, as set forth in the Agreement and Procedures, represents fair compensation for the Petitioners' claim for wrongful death damages against the Respondents considering the uncertainties and expenses of litigation.

15.     As required by Va. Code § 8.01-55, the parties in interest will either endorse the proposed Order, attached hereto as Exhibit 1, or be given notice of the hearing and proposed compromise as provided in Va. Code § 8.01-296 and/or Va. Code § 8.01-320.

16.     Respondents are compromising Petitioners' wrongful death claim and alleged damages without admitting liability and specifically denying same.

WHEREFORE, pursuant to Va. Code § 8.01-55, Petitioners, by counsel, ask this Court to approve the compromise of Petitioners' claim to damages.

Date: June 26, 2015                         Respectfully Submitted


                                            By: /s/ J. Scott Sexton
                                            J. Scott Sexton (*pro hac vice*)
                                            Gentry Locke Rakes & Moore
                                            PO BOX 40013
                                            ROANOKE, VA 24022-0013
                                            T: (540) 983-9379
                                            F: (540) 983-9468
                                            sexton@gentrylocke.com

                                                  *Counsel for Plaintiffs Patricia S.*
                                                  *Brown, John D. Spicer, and Jenae S.*
                                                  *Patsell (for Estate of Louise B. Spicer)*

4

## CERTIFICATE OF SERVICE

I certify that, on June 26, 2015, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ J. Scott Sexton
J. Scott Sexton