# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION ) MDL No. 1:13-md-2419-RWZ
)
THIS DOCUMENT RELATES TO: )
)
Case No. 1:14-cv-12941-RWZ )
)

## ORDER APPROVING COMPROMISE AND SETTLEMENT OF VIRGINIA WRONGFUL DEATH CLAIM PURSUANT TO VA. CODE § 8.01-55

THIS DAY CAME Petitioners Patricia S. Brown, John D. Spicer, and Jenae S. Patsell, personal representatives and duly qualified as executors of the Estate of Louise D. Spicer, ("Petitioners"), and Respondents Insight Health Corp. ("Insight"), Image Guided Pain Management, P.C., John M. Mathis, M.D., and Robert F. O'Brien, M.D. (collectively "Respondents"), by counsel, pursuant to Va. Code § 8.01-55, as amended, and requested this Court's consideration and approval of a compromise settlement for a claim for alleged wrongful death against Respondents.

WHEREUPON, after consideration of the Petition for Approval of Compromise Settlement of Virginia Wrongful Death Claim Pursuant to Va. Code § 8.01-55 ("Petition"), Respondents' Answer to the Petition, the evidence taken during the hearing on the Petition, the representations of counsel and the parties, and, for good cause shown, the Court finds the following:

1. That pursuant to Va. Code § 8.01-55, the parties in interest have either endorsed this Order or been given notice of the hearing and proposed compromise as provided in Va. Code § 8.01-296 and/or Va. Code § 8.01-320;

26408/1/7166734v1

2. That Petitioners' decedent, Louise B. Spicer ("Decedent"), died on January 22, 2013;

3. That Petitioners Patricia S. Brown, John D. Spicer, and Jenae S. Patsell, duly qualified as the Executors of the Estate of Louise B. Spicer, in the Circuit Court of the City of Roanoke, Virginia, on February 11, 2013;

4. That Decedent's statutory beneficiaries are Patricia S. Brown, John D. Spicer, and Jenae S. Patsell;

5. That Petitioners filed a wrongful death action ("Action") against Respondents, in the Circuit Court for the City of Roanoke, Virginia, on or about May 8, 2013, styled *Patricia S. Brown, John D. Spicer, and Jenae S. Patsell, Executors of the Estate of Louise B. Spicer, Deceased, v. Insight Health Corp., John M. Mathis, M.D., Robert F. O'Brien, M.D., and Image Guided Pain Management, P.C.*, Cir. Ct. of the City of Roanoke, Va., Case No. CL13-607;

6. That Respondents timely responded and denied and continue to deny any and all liability in the Action;

7. That the Action was transferred to MDL 2419 and is now pending in the U.S. District Court for the District of Massachusetts;

8. That Respondents and Petitioners agreed upon a compromise settlement of the Action and related claims in February 2015 as part of a global settlement of the 153 claims asserted in forty-seven separate personal injury and wrongful death cases pending against Respondents in MDL 2419;

9. That the amount and terms of the global settlement are set forth in Settlement and Release Agreement ("Agreement") of February 12, 2015, and the incorporated First Amended Insight Claims Resolution Facility Procedures ("Procedures");

10. That as part of the Agreement, Petitioners and Respondents have signed a Mutual Release;

11. That, pursuant to the Agreement, Respondents have placed in escrow the total agreed upon settlement amount to be paid to settle the 153 claims asserted in forty-seven personal injury and wrongful death actions which originated in Virginia state court and were transferred to MDL 2419, including Petitioners' claims (the "Settlement Amount");

12. That ICRFP Segregated Amount shall be allocated from the Settlement Amount and paid to the NECC Tort Trust to be held and segregated in accordance with the Agreement, the Procedures, and the NECC Tort Trust Agreement (the "Settlement Amount Allocation"). The Funds shall be held in this matter pending the process set forth within the Procedures;

13. That the Agreement and Procedures have been approved and confirmed by Judge Boroff of the U.S. Bankruptcy Court for the District of Massachusetts in an order entered May 20, 2015, which confirmed the Chapter 11 bankruptcy plan of New England Compounding Pharmacy, Inc. following overwhelming support from interested parties. *See* Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., *In re: New England Compounding Pharmacy, Inc.*, Case No. 12-19882-HJB (Bankr. D. Mass. May 20, 2015) (Doc. No. 1355) (the "Bankruptcy Court Approval");

14. That no appeal from the order approving the Chapter 11 bankruptcy plan of New England Compounding Pharmacy, Inc. has been filed and the order confirming the Chapter 11 bankruptcy plan is now a final order;

15. That Petitioners filed their Petition to approve the compromise settlement with Respondents on or about June 23, 2015;

16. That the manner in which the settlement sum would be distributed to Petitioners pursuant to the Agreement and Procedures has been presented to this Court for review and has been approved by this Court;

17. That Petitioners, individually and by counsel, have represented to the Court that they believe that the Agreement and Procedures are fair, reasonable and in the best interest of the Estate and the statutory beneficiaries, and have requested approval thereof;

NOW, THEREFORE, the Court is of the opinion that the proposed settlement of Petitioners' wrongful death claim and the Agreement and Procedures are fair and reasonable under the circumstances of the Decedent's death and in the best interest of the Estate of Estate of Louise D. Spicer, Deceased, and Decedent's statutory beneficiaries. It is therefore,

ADJUDGED, ORDERED and DECREED that the compromise settlement, as set forth in the Agreement and Procedures, be and is hereby APPROVED, and it is further;

ORDERED that the Agreement between Petitioners and Respondents is hereby approved in its entirety, including the Procedures already approved by the Bankruptcy Court Approval, and shall be filed and made a part of the Court's file in this proceeding;

ORDERED that the Mutual Release between the Petitioners and Respondents is hereby approved;

ORDERED that, prior to any distribution to the Decedents' statutory beneficiaries or from their respective share of the gross amount attributed to them under the process set forth in the Procedures, the amount of such distributions and instructions for issuing them shall be presented to the Court for approval by further order of the court ("Future Distribution Order");

ORDERED that, effective upon the date of the Settlement Amount Allocation, Respondents and their past, present and future officers, directors, stockholders, insurers,

4

attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, subcontractors, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated, each acting in their capacity as such, shall be forever released and discharged of any and all liability to the Estate of Louise D. Spicer, Deceased, or any statutory beneficiary entitled by law to any recovery for the injuries, losses, and/or damages arising out of the injury and death of the Decedent as well as from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract, fraud, statutory violation, or other theory of recovery, which Petitioners now have, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which relate to NECC Claims, as that term is defined in the Agreement.

ORDERED that the Petitioners' suit will be dismissed with prejudice upon entry of the Future Distribution Order. The Clerk is directed to forward certified copies of this Order to counsel of record.

                ENTERED this _____ day of June 2015.

                _____
                U.S. District Court Judge

Date: June ___, 2015                                        Respectfully Submitted

By: /s/ Leo J.M. Boyd                                       By: /s/ J. Scott Sexton
Stephen D. Busch, Esq. (*pro hac vice*)                     J. Scott Sexton (*pro hac vice*)
James F. Neale (*pro hac vice*)                             Gentry Locke Rakes & Moore
Christopher E. Trible, Esq. (*pro hac vice*)                PO BOX 40013
Leo J.M. Boyd, Esq. (*pro hac vice*)                        ROANOKE, VA 24022-0013
MCGUIREWOODS LLP                                            T: (540) 983-9379
One James Center                                            F: (540) 983-9468
901 E. Cary Street                                          sexton@gentrylocke.com
Richmond, Virginia 23219-4030
T: (804) 775-1000                                           *Counsel for Patricia S. Brown, John D.*
F: (804) 775-1061                                           *Spicer, and Jenae S. Patsell, Executors*
sbusch@mcguirewoods.com                                     *of the Estate of Louise B. Spicer*
jneale@mcguirewoods.com
ctrible@mcguirewoods.com
lboyd@mcguirewoods.com

    *Counsel for Defendants Insight Health*
    *Corp., Insight Health Services Corp.,*
    *and Insight Health Services Holdings*


By: /s/ John T. Jessee
John T. Jessee, Esq.
Nancy Reynolds, Esq.
LeClairRyan, PC
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
T: (540) 510-3018
F: (540) 510-3050
John.jessee@leclairryan.com

    *Counsel for Defendants Robert*
    *O'Brien, MD, John M. Mathis, MD,*
    *and Image Guided Pain Management*
    *PC*

_____
Patricia S. Brown

26408/1/7166734v1

_____
John D. Spicer

8

_____
Jenae S. Patsell