# EXHIBIT 3

**Mutual Release**

This Mutual Release is executed pursuant to the Settlement and Release Agreement dated February 12, 2015, by and between the Parties to this Agreement.

1.   Parties.

     A.     "Insight" means Insight Health Corp., Insight Health Services Corp., Insight Services Holdings Corp., and all direct and indirect affiliates.

     B.     "Virginia Plaintiff" means Robert Dana Bender, Executor of the Estate of Ralph James Irace, Jr., deceased.

     C.     "IGPM" means Image Guided Pain Management, P.C.

     D.     "Doctors" means John M. Mathis, M.D. and Robert F. O'Brien, M.D.

     E.     "Defendants" means Insight, IGPM, and the Doctors, collectively.

     F.     "Parties' Settlement and Release Agreement" means a Settlement and Release Agreement negotiated between and among the Parties to this Agreement, their insurers, and Paul D. Moore, in his capacity as Trustee for the NECC Chapter 11 Bankruptcy Estate.

     G.     "Parties" means for the purpose of this mutual release the entities and individuals identified above in paragraphs A. – E.

2.   Acknowledgements.

The parties ("Parties ") to this Mutual Release (hereafter "Agreement " or "Release ") acknowledge that discovery in these cases is incomplete, and they enter this Agreement despite the possibility that the facts or law may be other than they believe. The Parties have fully investigated this matter to their satisfaction and the satisfaction of their attorneys and agree that should they hereafter discover facts different from or in addition to those now known or believed to be true with respect to any aspect of these matters, this Agreement shall, nevertheless, be and remain in full force and effect in all respects. The Parties assume the risk that the law and facts may be other than what they and their attorneys believe.

3.   Release of Defendants by Virginia Plaintiffs.

     A.     In consideration of payment by Defendants and their insurers of the Settlement Amount (as that term is defined in the Parties' Settlement and Release Agreement ) and compliance with the terms and obligations contained within this Agreement, Virginia Plaintiff ("Releasor") hereby completely releases and forever

discharges Defendants from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract, fraud, statutory violation, or other theory of recovery, which the Releasor now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which relate to NECC Claims (as that term is defined in the Parties' Settlement and Release Agreement).

B.     This Release shall also apply to, benefit, and release all of Defendants' past, present and future (and in each case whether direct or indirect): officers, directors, stockholders, insurers, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, subcontractors, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated, each acting in their capacity as such (collectively "Defendant Releasees").

C.     This Release is entered into pursuant to the provisions of Va. Code § 8.01-35.1. Except as specifically noted, this Release does not discharge any claims, demands and causes of action against any  persons or entities other than the Defendant Releasees.  This Agreement does not apply in any way to, and is made in express reservation of, any claims or potential claims that Releasor has against any persons or entities other than the Defendant Releasees, including joint tortfeasors.

D.     This Release, on the part of the Releasor, shall be a fully binding and complete settlement among the Releasor and the Defendant Releasees and their heirs, assigns and successors and is effective upon the payments from Defendants (and their insurers) and the allocation specified in Section II.A of Parties' Settlement and Release Agreement.

E.     Releasor, after consulting with his/her attorneys, acknowledges and agrees that the release and discharge set forth above is a general release of Defendant Releasees.  Releasor expressly waives and assumes the risk of any and all claims for damages against the Defendant Releasees which exist as of this date, but of which the Releasor does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Releasor's decision to enter into this Agreement.  Releasor further agrees that Releasor will accept payment of the sums distributed herein under the Virginia Provider Claims Resolution Facility Procedures (as described in the Parties' Settlement and Release Agreement) as a complete compromise of matters involving disputed issues of law and fact.  It is understood and agreed to by Releasor and Defendants that this settlement is a compromise of a disputed claim, and this Agreement and the payments made by Defendants and their insurers are not to be construed as an admission of liability on the part of Defendants, by whom liability is expressly denied, or any other party.  No portion of the payments made hereunder is made for or relates in any way to punitive or exemplary damages.

2

Instead, all monies paid under this Agreement are being paid for compensatory damages due to physical injury as contemplated by IRC § 104(a)(2).F.

F.      Releasor hereby further release each Defendant's insurer from any and all Claims (as that term is defined in the Parties' Settlement and Release Agreement, including both contractual and extra-contractual claims) arising from or relating to the subject matter hereof, including without limitation any claim of misconduct in relation to the Claims of the each Virginia Plaintiffs, to no lesser extent than the release of the Parties hereunder, together with a release of each such insurers' respective past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, subcontractors, predecessors and successors in interest, and assigns, each in their capacity as such, and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated in connection with insurance coverage provided to Defendants.

4.      Defendants' Release of Releasor .

A.      Other than claims that may arise out of this Agreement and Releasor's obligations under the Parties' Settlement and Release Agreement,  upon the effectiveness of Releasor's release each Defendant hereby completely releases and forever discharges the Releasor (and/or Decedent), and his/her heirs, beneficiaries or survivors, from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract, fraud, statutory violation, or other theory of recovery, which the Defendant, whether individually, jointly, or collectively with the other Defendants,  now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which relate to Releasor for acts, omissions, occurrences, or events occurring on or before the date of execution of this Release.

B.      This Release, on the part of Defendants, upon the effectiveness of Releasor's release shall be a fully binding and complete settlement among the Defendant Releasees and the Releasor, and binds the respective parents, subsidiaries, affiliates, partners, subcontractors, predecessors, successors and assigns of each Defendant.  Moreover, the Release runs in favor of the Releasor (and/or Decedent) and his/her estate, executor, administrator, trust, survivors, heirs, and beneficiaries.

5.      Release of Cross Indemnity Claims by Defendants.

Insight, IGPM, and the Doctors, with the consent of their respective insurance carriers, hereby release, waive and forever discharge each other from and against any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract, fraud, statutory violation, contribution, contractual or express indemnity, and/or implied or equitable indemnity or other theory of recovery, which they now have, or which may hereafter accrue or otherwise be acquired,

3

on account of, or may in any way grow out of, or which relate to in any way related to liabilities arising from the claims relating to the Virginia Settlement Funds or related in any way to methylprednisolone acetate or any other products or medications manufactured, compounded, produced, sold or distributed by NECC, or arising from or relating the settlement of the earlier claim by the Estate of Douglas C. Wingate.

6.    Scope of Releases.

The releases, waivers and discharges contained within this Agreement extend and apply to all unknown, unforeseen, unanticipated and unsuspected injuries, damages, losses and liabilities and the consequences of them as well as those now disclosed and known to exist which arise out of or are related in any way to the Releasor's tort claims against the Defendants. The provisions of any state, federal, local or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries or damages which are unknown or unsuspected to exist at the time to the person(s) or entities executing such release are expressly waived. Notwithstanding any other provision, the Parties specifically reserve the right to pursue any claim that may arise from breach of any provision of this Agreement.

7.    Parties' Commitment to Releases.

The Parties agree to mutually support and defend the validity of this Agreement and the payments, releases and terms expressed herein. The Defendant Releasees are intended third-party beneficiaries entitled to enforce this Agreement.

8.    Acknowledgement of Parties' Settlement and Release Agreement.

The Parties expressly acknowledge the Parties' Settlement and Release Agreement, agree to satisfy the obligations and duties it imposes and incorporate the terms of the Parties' Settlement and Release Agreement, to the extent that it applies to the Parties herein, including but not limited to the confidentiality provisions set forth therein.

9.    Amendment/Modification.

No amendment, waiver or modification of any provision of this Agreement shall be effective unless the same shall be in writing and signed by the Parties.

10.    Execution and Delivery.

This Agreement may be executed in one or more counterparts, all of which together shall constitute one and the same instrument. This Agreement may be executed and delivered by email and facsimile, which shall be deemed the same as originals.

11.    Governing Law.

This Agreement shall be governed by the law of the Commonwealth of Virginia, without regard to its conflict of laws provisions.

4

VIRGINIA PLAINTIFF:

*Robert Dana Bender, Executor*

Typed Name: Robert Dana Bender, Executor of the Estate of Ralph James Irace, Jr., deceased

Date: _5/29/15_

INSIGHT HEALTH CORP.:

By:_____

Title:_____

Date:_____


IMAGE GUIDED PAIN MANAGEMENT, P.C.:

By:_____

Title:_____

Date:_____


JOHN M. MATHIS, M.D.:

_____

Date:_____


ROBERT F. O'BRIEN, M.D.:

_____

Date:_____

5

VIRGINIA PLAINTIFF:

_____

Typed Name:_____

Date:_____

INSIGHT HEALTH CORP.:

By:_____

Title: President and COO

Date: 2-6-2015

IMAGE GUIDED PAIN MANAGEMENT, P.C.:

By:_____

Title:_____

Date:_____

JOHN M. MATHIS, M.D.:

_____

Date:_____

ROBERT F. O'BRIEN, M.D.:

_____

Date:_____

Page 5 of 5

INSIGHT HEALTH CORP.:

By:_____

Title:_____

Date:_____

IMAGE GUIDED PAIN MANAGEMENT, P.C.:

By:_____

Title:_____Presdent_____

Date:_____6/15/15_____

JOHN M. MATHIS, M.D.:

_____

Date:_____

ROBERT F. O'BRIEN, M.D.:

_____

Date:_____6/15/15_____

64238201_7

5

INSIGHT HEALTH CORP.:

By:_____

Title:_____

Date:_____

IMAGE GUIDED PAIN MANAGEMENT, P.C.:

By:_____

Title:_____

Date:_____

JOHN M. MATHIS, M.D.:

_John Mathis, MD_____

Date _6/15/2015_____

ROBERT F. O'BRIEN, M.D.:

_____

Date:_____

64238201_7

5

22378/1/6982510v1