UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| Case No. 1:14-cv-13509-RWZ | ) ) | |

## PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT OF VIRGINIA WRONGFUL DEATH CLAIM PURSUANT TO VA. CODE § 8.01-55

Comes now Petitioner Tosha Andrews, duly qualified as administrator of the Estate of Sara D. Culp, ("Petitioner"), by her undersigned counsel, and respectfully petitions this Court pursuant to Va. Code § 8.01-55 to approve the settlement of this wrongful death action. A proposed Order approving the settlement is attached hereto as Exhibit 1.

Petitioner states as follows in support of her Petition:

**A.     Petitioner and Her Virginia Wrongful Death Claim.**

1.     Decedent, Sara D. Culp, died on December 15, 2013.

2.     On January 2, 2014, Petitioner duly qualified as administrator of the Estate of Sara D. Culp in the Circuit Court for City of Roanoke, Virginia.

3.     On May 6, 2014, Petitioner filed a Complaint against Respondents Insight Health Corp. ("Insight"), Image Guided Pain Management, P.C., John M. Mathis, M.D., and Robert F. O'Brien, M.D. (collectively "Respondents") in the Circuit Court for the City of Roanoke, Virginia (Case No. CL14-923). In filing the Complaint, Petitioner acted in her capacity as personal representative of the Estate of Sara D. Culp and asserted an action for wrongful death against Respondents.

4.      Respondents timely responded, denied liability, and filed cross-claims against one another.

5.      Insight also filed a third-party action against Third-Party Defendants Ameridose, LLC, Medical Sales Management, Inc., ARL BioPharma, Inc. (d/b/a Analytical Research Laboratories), Barry J. Cadden, Lisa M. Conigliaro Cadden, Gregory A. Conigliaro, Douglas A. Conigliaro, Carla R. Conigliaro, Glenn Chin, and Linda Pino.

6.      Thereafter, Third-Party Defendant Ameridose LLC removed the case to the U.S. District Court for the Western District of Virginia, Roanoke Division, and moved to transfer the case to MDL 2419, which was then pending in the U.S. District Court for the District of Massachusetts, Boston.

7.      On August 12, 2014, the U.S. Judicial Panel on Multidistrict Litigation entered an order transferring this wrongful death action to MDL 2419 in the District of Massachusetts.

**B.      Resolution of Petitioner's Wrongful Death Claim through Mediation and Settlement.**

8.      Petitioner and Respondents mediated this wrongful death action in conjunction with forty-six other cases involving 153 Plaintiffs, which had also been brought against Respondents in Virginia state courts and removed and/or transferred to MDL 2419.  In February 2015, Respondents reached a global settlement of all wrongful death claims and personal injury cases, including Petitioner's wrongful death claim, which had been transferred to MDL 2419.

9.      The amount and terms of the global settlement are set forth in the Settlement and Release Agreement ("Agreement") of February 12, 2015.  The Agreement incorporated First Amended Insight Claims Resolution Facility Procedures ("Procedures"), and these Procedures are attached hereto as Exhibit 2.  The amount to be paid to Petitioner to settle her wrongful death claims will be determined by the Agreement and the Procedures, subject to approval by this

honorable Court.

**C.      Approval of Agreement and Procedures by the U.S. Bankruptcy Court.**

10.     Following overwhelming support by voting parties, the Agreement and incorporated Procedures have been approved and confirmed by Judge Boroff of the U.S. Bankruptcy Court for the District of Massachusetts in an order entered May 20, 2015, which confirmed the Chapter 11 bankruptcy plan of New England Compounding Pharmacy, Inc.  *See* Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., *In re: New England Compounding Pharmacy, Inc.*, Case No. 12-19882-HJB (Bankr. D. Mass. May 20, 2015) (Doc. No. 1355).  No appeal from the order approving the plan has been filed, and the order confirming the Chapter 11 Plan is now a final order.

**D.      Current Disposition and Relief Requested.**

11.     Pursuant to the Agreement, Respondents have placed the total agreed upon settlement amount in escrow to resolve the 153 claims asserted in forty-seven separate personal injury and wrongful death actions against them in MDL 2419, which includes the sum of money to be paid to Petitioner as Decedent's statutory beneficiaries.

12.     Petitioner has agreed to and signed the Agreement.  Petitioner has also agreed to and signed a Mutual Release, which is attached hereto as Exhibit 3.

13.     Decedent's statutory beneficiaries are Tosha Andrews, Rodney Andrews, Brandon Andrews, Nina Andrews, Joseph Lee Andrews, Charles Edward Andrews, and Roger Culp.  None of these statutory beneficiaries is a minor or an incapacitated person.  Rodney Andrews is an incapacitated person under Virginia law, and petitioner will seek the appointment of a Guardian ad litem to represent his interests in this matter.

14.     Petitioner requests the Court's approval of the settlement of this wrongful death action pursuant to Va. Code § 8.01-55, according to and consistent with the provisions of the Agreement and the Procedures.

15.     After completion of the process required by the Procedures for establishing the gross payment for the statutory beneficiaries,  Petitioner will ask the Court to approve all distributions from such amount, including those to the decedent's statutory beneficiaries as provided in Va. Code § 8.01-53.

16.     Petitioner and her undersigned counsel have concluded that Respondents' compromise of her wrongful death claim for damages, as set forth in the Agreement and Procedures, represents fair compensation for the Petitioner's claim for wrongful death damages against the Respondents considering the uncertainties and expenses of litigation.

17.     As required by Va. Code § 8.01-55, the parties in interest will either endorse the proposed Order, attached hereto as Exhibit 1, or be given notice of the hearing and proposed compromise as provided in Va. Code § 8.01-296 and/or Va. Code § 8.01-320.

18.     Respondents are compromising Petitioner's wrongful death claim and alleged damages without admitting liability and specifically denying same.

WHEREFORE, pursuant to Va. Code § 8.01-55, Petitioner, by counsel, asks this Court to approve the compromise of Petitioner's claim to damages.

Date: June 30, 2015                          Respectfully Submitted

                                             By: /s/ Patrick T. Fennell
                                             Patrick T. Fennell, Esq. (VSB 40393)
                                             Crandall & Katt
                                             366 Elm Avenue, S.W.
                                             Roanoke, Virginia 24016
                                             T: (540) 342-2000
                                             F: (540) 556-0469
                                             pfennell@crandalllaw.com

*Counsel for Plaintiff Tosha Andrews,*
*Administrator of the Estate of Sara D.*
*Culp a.k.a. Sarah D. Andrews*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on June 30, 2015, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By: /s/ Patrick T. Fennell
Patrick T. Fennell