# EXHIBIT 1



**MAURA HEALEY**
**ATTORNEY GENERAL**

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

June 12, 2015

**Via Electronic Mail**

Chris J. Tardio, Esq.
Gideon, Cooper & Essary, P.C.
315 Deaderick Street, Suite 1100
Nashville, TN 37238
chris@gideoncooper.com

    Re:    MDL 2419: *In re New England Compounding Pharmacy, Inc. Products Liability Litigation II* **Notice for Mass. BoP Deposition**

Dear Attorney Tardio:

    This letter is in response to your letter dated June 9, 2015, and in further response to your Notice of 30(b)(6) Deposition (the "Notice"), directed to the Massachusetts Board of Registration in Pharmacy (the "Board").

    In my letter of June 4, I stated that "the United States Attorney's Office for the District of Massachusetts (USAO) has raised concerns about the deposition of the Board prior to the conclusion of the criminal action currently pending in this district." I noted that the concerns are "akin to those raised in the Food & Drug Administration's motion for a protective order" and expressed that hope that we could "amicably agree to a postponement of the deposition until the conclusion of the criminal action or, at a minimum, until such time as the Court has ruled on the FDA's motion for a protective order and addressed the outstanding choice-of-law issues that are currently being briefed by the parties in the multi-district litigation."

In your June 9 response, you questioned the nature and timing of the USAO's concerns,[1] at least as they relate to the deposition of the Board, but stated that it is "conceivable that the Court's ruling on the FDA's motion could provide guidance on the conduct of the deposition" of the Board. Accordingly, you agreed to continue the deposition of the Board if the Board "agrees to begin production of documents, immediately, on a rolling basis, consistent with the document subpoena to the [Board]"[2] and (2) files its motion for protective order by June 15.

We appreciate your willingness to work with the Board on the issues that we have raised, and we agree to file a motion for a protective order and to begin a documentary production in response to your Notice. Because Assistant Attorney General Ronald Kehoe, who will appear on the Board's behalf and file the motion, is out of the office on Monday, June 15, we expect to file the motion on Tuesday, June 16. As to the documentary production, our proposal follows.

### Documentary Response to the Notice

In my letter dated April 8, 2015, I noted that the burden of responding to the document requests in your Notice may warrant a cost-shifting or cost-sharing arrangement, under which you would undertake part or all of the costs associated with gathering, processing, and producing the materials responsive to your Notice.

On our call of April 24, 2015, I predicted that much of the expense of a response could be alleviated if you permit the Board to re-produce materials it had previously produced to Congress, as this approach would entail a minimum of effort and expense. Should you believe that these materials do not satisfy the requests in your Notice, the Board would be required to prepare materials that did not constitute part of the Board's Congressional production and which could require additional time and effort on the Board's behalf to produce. With these issues in mind, I summarize our proposal below.

---

[1] Given that the Board will be filing a motion for a protective order shortly that will set forth the nature of the USAO's concerns, we will rest on the motion rather than addressing here the questions raised in your letter about the interplay between the pending criminal action and the deposition of the Board.

[2] As to the document production, you graciously stated that you are "more than willing to work the [Board] on the scope of documents produced."

2

### *Congressional Production*

As we have discussed, the Board made a production to Congress in late 2012. We believe that this production contains all or substantially all of the materials that you seek. The production was made in response to two documentary requests by the House of Representatives' Committee on Energy and Commerce on October 12, 2012. It sought, regardless of time period, the following:

1. All inspection reports and records in the possession of the Board related to any facilities owned or operated by NECC or Ameridose; and

2. All communications between or among the Board, the NECC, Ameridose, and/or the FDA related to such inspections.

These requests were joined by a third request, dated November 13, 2012, for "all documents and communications between or among the Massachusetts Board of Registration in Pharmacy (MBP) relating to any complaints, enforcement actions, inspections, site visits, or consent agreements involving the New England Compounding Center, Ameridose, LLC, " made between January 1, 2003, and December 31, 2006.

In response to these requests, the Board and DPH produced roughly 15,000 pages of documents.

The Board is prepared to provide you with a copy of the Congressional production on a rolling basis. The first consignment of documents will be delivered within ten (10) days to our document production vendor, Target Litigation Consulting of Boston. One or more subsequent consignments will follow, with all documents delivered within six weeks. While we have opted to waive any costs associated with the Board's assembly and delivery of such documents to our vendor, we must insist that you bear the cost of processing. Target can provide you with an invoice reflecting its processing costs, which you will be expected to pay when you take receipt of the production. We estimate the cost of processing will be $1,000 or less.

### *Production of Previously Reviewed Materials*

If you believe these documents will not satisfy your requests, the Board can deliver a second cache of documents, which have been previously collected and reviewed, but have not redacted to elide personal identifying information protected by, *inter alia*, the Massachusetts Fair Information Practices Act, Mass. Gen. Laws c. 66A. Broadly speaking, the cache contains documents created between January 2000 and September 2012 that are responsive to the categories below but not otherwise encompassed within the Congressional production:

3

A. Notes, minutes, agendas, or attendance records of the Board or DPH at which NECC and/or Ameridose was referenced and/or on the meeting agenda; and

B. Documents referring or relating to any pharmacy license, certificate, registration, or authorization issued to any employee of NECC, including but not limited to pharmacists and pharmacy technicians.

Because this is a relatively small universe of documents, we are prepared to waive the costs associated with the Board's redaction review. However, as above, we insist that you bear the cost of vendor processing. If you wish to receive these documents, please let us know and we will prepare them for delivery to our vendor as well.

Very truly yours,

J. David Hampton
Assistant Attorney General