# EXHIBIT 2



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

April 8, 2015

**Via Electronic Mail and First-Class Mail**

Chris J. Tardio, Esq.
Gideon, Cooper & Essary, P.C.
315 Deaderick Street, Suite 1100
Nashville, TN 37238
chris@gideoncooper.com

  Re: **MDL 2419:** *In re New England Compounding Pharmacy, Inc. Products Liability Litigation II* **Notice for Mass. BoP Deposition**

Dear Attorney Tardio:

  The Office of the Attorney General is in receipt of your Notice of 30(b)(6) Deposition (the "Notice"), directed to the Massachusetts Board of Registration in Pharmacy (the "Board"). Pursuant to MDL Order No. 10, please allow this to serve as the Board's objections to the Notice, as well as to the attached *duces tecum*. Also, this will serve as an attempt to resolve any potential discovery disputes without the need for court intervention.

  Initially, the Board does not agree to the proposed location of the deposition. Further, given the time required to locate documents and designate and prepare the witness(es), the proposed deposition date of May 6, 2015 is not feasible. In your March 18, 2015 email to Heather Engman, you indicated a willingness to "work with [Attorney Engman] on the date or location" of the deposition. We appreciate your courtesy in this regard. Please contact me at (617) 963-2572 to arrange for a mutually convenient date and location for the deposition.

  So that a meaningful deposition may occur, it would be helpful if you would provide me with a list of definitions of some of the terms in the Notice and *duces tecum*. Of particular import, please define what is meant by the "Massachusetts Board of Registration in Pharmacy." While the Board is an identifiable body constituted under G.L. c. 13, § 22 *et seq.*, the topics and document requests in the Notice and *duces tecum* are, in certain instances, addressed to information and material more typically in the custody and control of the Massachusetts Department of Public Health. Additionally, it is unclear what is contemplated by the following:

- "traditional pharmacies"
- "traditional pharmacy compounder"

- "traditional compounding"
- "large scale compounding"
- "outsourcing facilities"
- "conventional drug manufacturers"

Providing the requested definitions may eliminate some of the Board's objections.

**General Objections to the Notice and *Duces Tecum***

Generally, the Board objects to the Notice and *duces tecum* to the extent that they seek legal conclusions or opinions, information protected by the attorney-client privilege, documents protected as attorney work product, documents destroyed pursuant to the State record retention schedule, information protected by the Fair Information Practices Act ("FIPA"), and information/documentation that is privileged and/or confidential.

Further, the Board objects to the Notice and *duces tecum* as unduly burdensome given the expense and time required to comply therewith. The Board anticipates that compliance with the Notice and *Duces Tecum* will entail significant expense, in contravention of Fed.R.Civ.P. 45(d)(1). The Board accordingly reserves its right to seek cost-shifting, cost-sharing, or other relief available under Fed.R.Civ.P. 26 and 45, either by agreement or from the Court. The Board also objects that it need not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

Finally, the Board objects to the Notice and *duces tecum* to the extent that they seek information or documents that are not reasonably calculated to lead to the discovery of admissible evidence or requests information or documents from the Board, a non-party, that can be obtained from other party sources with fewer burdens.

The aforementioned objections will not be repeated below, but are incorporated by reference and asserted as if specifically stated as to each specific topic or document request.

**Specific Objections to the Notice**

Specifically, the Board objects to the following topics by corresponding numbered paragraphs:

1. The Board objects to this topic on the grounds that it is overly broad in time and scope.

2. The Board objects to this topic to the extent that it is vague and ambiguous.

3. The Board objects to this topic on the grounds that it is unlimited in time and scope.

5. The Board objects to this topic on the ground that it is overly broad. Further, the Board objects to the phrase "include, but are not limited to." This language is not

appropriate, as it does not identify the topic with reasonable particularity and makes compliant designation impossible.

6. The Board objects to this topic as it is overly broad in scope and unlimited in time. Further, the topic is not identified with reasonable particularity and, therefore, compliant designation is not feasible.

7. The Board objects to this topic as it is overly broad in scope and unlimited in time. Further, the topic is not identified with reasonable particularity and, therefore, compliant designation is not feasible.

8. The Board objects to this topic as it is overly broad in scope and unlimited in time. Further, the topic is not identified with reasonable particularity and, therefore, compliant designation is not feasible.

9. The Board objects to this topic as it is unintelligible as written such that compliant designation is not feasible. Further, the topic is overly broad in time.

10. The Board objects to this topic on the grounds that it is overly broad and unduly burdensome.

11. The Board objects to this topic on the ground that is overly broad in time.

12. The Board objects to the term "or at any other times," as overly broad. The Board objects that the phrase "since the outbreak" is vague.

13. The Board objects to this topic as it is unintelligible as written.

14. The Board objects to this hypothetical as vague, ambiguous, and not identified with reasonable particularity.

15. The Board objects to this topic on the grounds that it is overly broad in time and scope.

16. The Board objects to the phrase "but not limited to." This language is not appropriate, as it does not identify the topic with reasonable particularity and makes compliant designation impossible.

17. The Board objects to the phrase "but not limited to." This language is not appropriate, as it does not identify the topic with reasonable particularity and makes compliant designation impossible. Further, the topic is overly broad in time and scope and otherwise unduly burdensome.

**Specific Objections to the *Duces Tecum***

The Board asserts the following specific objections to the document requests by corresponding numbered paragraphs:

2-4. The Board objects to these requests on the grounds that they are overly broad in time and scope. The Board objects that the term "related to" does not identify the documents sought with reasonable particularity. The Board also objects to the terms "public" and "non-public," which have been italicized but for which no definitions have been provided, as vague and ambiguous.

5. The Board objects that the Notice and *duces tecum* seek lay testimony from non-party Board rather than opinion testimony from a testifying expert retained by a party. The Board also objects that the phrases "rely upon" and "similar documents" are vague and overly broad.

7. The Board objects to this request on the grounds that it vague, ambiguous, overly broad, and unduly burdensome.

8. The Board objects to this request on the grounds that it is overly broad and unduly burdensome.

9. The Board objects to this request on the grounds that the term "related to" is vague and overly broad.

At your convenience, please contact me to discuss these issues. Thank you for your attention to these matters.

Very truly yours,

J. David Hampton
Assistant Attorney General

4