# EXHIBIT 6

# GIDEON, COOPER & ESSARY
A PROFESSIONAL LIMITED LIABILITY COMPANY

315 DEADERICK STREET, SUITE 1100
NASHVILLE, TENNESSEE 37238
(615) 254-0400
FAX (615) 254-0459
www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA VON KANEL
J. BLAKE CARTER[1]
MARK A. HAMMERVOLD[1]
MATTHEW H. CLINE
MATTHEW J. NATHANSON

[1]LICENSED IN TN & FL
[2]LICENSED IN TN, AL & TX
[3]LICENSED IN TN & GA
[4]LICENSED IN TN & KY
[5]LICENSED IN TN & WI

CHRIS J. TARDIO
chris@gideoncooper.com

June 9, 2015

**<u>Via email only</u>**
J. David Hampton (david.hampton@state.ma.us)
Assistant Attorney General, Trial Division
Massachusetts Office of the Attorney General
One Ashburton Place
Boston, MA 02108

   Re:  *In re: New England Compounding Pharmacy, Inc.*
       No. 1:13-md-2419

Dear David:

I write in response to your letter of June 4, 2015.

In your brief June 4 letter, you, for the first time, vaguely refer to "concerns" raised by the *United States* Attorney's Office about the deposition of the *Massachusetts* Board of Registration in Pharmacy ("MA BoP"). You instruct us to indefinitely postpone discovery of the MA BoP. We do not agree to indefinitely postpone the deposition of the MA BoP for numerous reasons, many of which I explain below.

\* \* \* \* \* \* \*

First, despite a months-long process of working toward this deposition, this is the *first* mention from the MA BoP that the deposition of the MA BoP would impair the *federal* prosecution of NECC's insiders.

We actually began the process of requesting information from the MA BoP the first week of October *2012*, just weeks after the outbreak began, anticipating that information held by the MA BoP would be important in future litigation. We requested a complete copy of the MA BoP file related to NECC. The BoP provided us just *three* pages, consisting of a printout from the Board's website confirming NECC's licensure.

We later learned that the MA BoP actually had about a thousand pages in its internal file on NECC. The MA BoP released these documents publicly on October 22, 2012.[1]

On March 18, 2015, as common discovery continued in the MDL, we served a subpoena and Rule 30(b)(6) notice on the MA BoP, setting the deposition for May 6, 2015. The notice included 18 topics, organized by category, and nine document requests. All the items on the notice are specifically aimed at learning information crucial to the defense of the 100+ lawsuits against Tennessee providers.

On April 8, 2015, after an agreed-to extension, the MA BoP sent a letter with a litany of non-specific, form objections to the subpoena and notice. We responded on April 21, 2015, addressing each and every objection. We conducted a meet and confer shortly after that letter exchange. Emails were exchanged on April 29, 2015, that indicated you were working on identifying a designee. You also said that you would send a proposal for the documents the MA BoP intended to produce. None came.[2]

The next substantive contact was your June 4 letter, essentially refusing to produce a witness and instructing us to simply hold off on deposing the MA BoP until the federal criminal case concludes.

You nor anyone with the MA BoP raised the *federal* prosecution of the NECC insiders and its potential impact on the MA BoP deposition during any of the telephone conferences about our subpoena or during any of the follow-up discussions. Additionally, the multi-page objection letter dated April 8, 2015, said nothing about the federal indictment impacting the deposition of the MA BoP.[3][4]

---

[1] http://www.nytimes.com/2012/10/23/health/documents-in-meningitis-case-show-complaints-in-1999.html.
[2] In fact, in the April 29 email exchange, a proposal was to come "in the next few days" on the documents the MA BoP would produce.
[3] The indictment was unsealed many months prior to our subpoena and meet-and-confer process. I find it hard to believe that you have just now learned of the federal indictment.
[4] Representatives of Massachusetts state government have already publicly discussed the same issues that we seek deposition testimony on in the media and in Congressional hearings. *See, e.g.*, http://www.boston.com/whitecoatnotes/2012/11/07/mass-pharmacy-board-director-fired-for-allegedly-ignoring-complaint-about-framingham-pharmacy-linked-meningitis-outbreak/EpTPggWigxm41ZawHS5wHK/story.html; http://boston.cbslocal.com/2012/10/28/dph-shuts-

Now, almost three months after the subpoena was issued, without filing a motion, the MA BoP apparently takes the position that its deposition should be delayed indefinitely because of some unspecified impact the deposition of the MA BoP might have on the federal prosecution of NECC's insiders.

Respectfully, I fail to see how the deposition of the MA BoP will impair the *federal* prosecution of NECC's insiders.[5] There is no *state* prosecution of the NECC insiders. Any remote relationship between the MA BoP testimony and the federal prosecution does not justify simply refusing to produce a witness.[6] Your letter cites no specific reasons the MA BoP deposition would interfere with the federal prosecution.

Second, you reference the FDA's motion in your letter as apparent support for your position. Specifically, you say in the letter that "[t]he concerns are akin to those raised in the Food & Drug Administration's motion for a protective order." However, the FDA's motion and supporting memorandum does not even mention the MA BoP.[7] The affidavit filed in support of the motion likewise does not mention the MA BoP deposition or the MA BoP's involvement in the prosecution.[8] In fact, the affidavit lists five departments conducting the investigation of NECC, none of which are Massachusetts state agencies or departments.[9] The FDA's motion says nothing about the MA BoP's involvement in the federal prosecution of NECC and certainly does not provide any grounds to justify the MA BoP's sudden refusal to participate in a deposition.

Third, you ask for an indefinite postponement of the MA BoP's deposition pending conclusion of the criminal trial. The criminal case is not set for trial. Nothing the Government has filed in the MDL has suggested as much as a tentative schedule for trial of the criminal case. Our indefinite postponement of the MA BoP's deposition until conclusion of the criminal trial is likely tantamount to not taking the MA BoP's deposition at all, as it is very possible that the first civil case will be tried before the criminal case.

Lastly, the information sought from the MA BoP is crucial to our defense of these cases and directly relevant to issues in the cases. We cannot simply forego it for the convenience of the MA BoP.

---

down-another-compounding-pharmacy-after-random-checks/; November 14, 2012, testimony of Lauren Smith to Subcommittee on Oversight and Investigations (112th Congress).

[5] The 72-page indictment of the NECC insiders makes only two passing references to the MA BoP.

[6] Your letter references pending choice-of-law briefing in the MDL without further explanation. I see no reason that should delay a deposition of the MA BoP.

[7] Dkt. 1838.

[8] Dkt. 1838-3.

[9] Dkt. 1838-3 (¶5).

For instance, the Plaintiffs contend that our clients should have requested information from the MA BoP before buying from NECC. We need to establish what was publicly available from the MA BoP in 2011-12. The Plaintiffs also contend that our clients should have inspected NECC prior to purchasing from it. The MA BoP inspected NECC in May 2011, just before some of the Tennessee clinics began purchasing from NECC, and determined it was safe for state licensure. There is nothing to suggest our inspection would have turned out differently. Additionally, the MA BoP has publicly accepted responsibility for its failure to properly regulate NECC. We are entitled to establish that for purposes of allocation of fault.

These are just three issues on which proof from the MA BoP is essential. The need for this discovery prior to the trial of these civil cases far outweighs any undefined impact deposing the MA BoP may have on the federal prosecution of NECC.

\* \* \* \* \* \* \*

For at least the above reasons, we do not agree to indefinitely postpone the MA BoP deposition based on the statements in your letter. We are, as evidenced by our (1) agreed continuance of the deposition from the original date and (2) active participation in the meet-and-confer process, willing to work with the MA BoP to achieve document production and the deposition in the most efficient, most cost-effective, and least burdensome way possible.

We acknowledge that the June 15 date for a deposition was a tentative date pending production of documents. We still have no document production from the MA BoP nor any indication of when the documents are coming. <u>We agree to continue the deposition tentatively set for June 15</u>, *if*:

1. The MA BoP agrees to begin production of documents immediately, on a rolling basis, consistent with the document subpoena to the MA BoP.[10]

2. The MA BoP files its motion for protective order by June 15.

If you file your motion for protective order by June 15, we agree to put off (1) responding to the motion and (2) arguing the motion until a ruling on the FDA's pending motion. It is conceivable that the Court's ruling on the FDA's motion *could* provide *guidance* on the conduct of the deposition of the MA BoP. So, it makes sense to me to not burden the Court with extensive argument on the MA BoP's motion for protective order right now. *But*, we will not agree based only on the representations in your June 4 letter to, in essence, "put off" the MA BoP deposition indefinitely. If you feel you have grounds for a MPO, please file it by June 15. If not, please send me dates in the next 45 days that the MA BoP representative can be available for a deposition, and we will modify the notice/subpoena accordingly.

---

[10] Again, we are more than willing to work with the MA BoP on the scope of documents produced.

4

I will not hold you to a June 15 date given that we never firmly set the deposition to occur on that date. However, I am not willing to indefinitely forego the deposition of the MA BoP for all the reasons explained above. If you feel you have grounds for protection, file a motion. And, there is simply no reason that document production cannot commence. We still await the proposal regarding document production promised on April 29.

*******

Thank you.

Very truly yours,

Chris J. Tardio

bcc:   CJG (via email)
       MHC (via email)

6