UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Case No. 1:14-cv-13496-RWZ | )<br>)<br>)<br>)  MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

**PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT OF VIRGINIA WRONGFUL DEATH CLAIM PURSUANT TO VA. CODE § 8.01-55**

Comes now Petitioner William L. Neal, duly qualified as administrator of the Estate of Lucy Byrd Neal, ("Petitioner"), by his undersigned counsel, and respectfully petitions this Court pursuant to Va. Code § 8.01-55 to approve the settlement of this wrongful death action. A proposed Order approving the settlement is attached hereto as Exhibit 1.

Petitioner states as follows in support of his Petition:

**A.   Petitioner and His Virginia Wrongful Death Claim.**

1. Decedent, Lucy Byrd Neal, died on December 15, 2012.

2. On October 25, 2013, Petitioner duly qualified as administrator of the Estate of Lucy Byrd Neal, in the Circuit Court for the City of Roanoke, Virginia.

3. On March 13, 2014, Petitioner filed a Complaint against Respondents Insight Health Corp. ("Insight"), Image Guided Pain Management, P.C., John M. Mathis, M.D., and Robert F. O'Brien, M.D. (collectively "Respondents") in the Circuit Court for the City of Roanoke, Virginia (Case No. CL14-533). In filing the Complaint, Petitioner acted in his capacity as personal representative of the Estate of Lucy Byrd Neal, and asserted an action for wrongful death against Respondents.

4. Respondents timely responded, denied liability, and filed cross-claims against one another.

5. Insight also filed a third-party action against Third-Party Defendants Ameridose, LLC, Medical Sales Management, Inc., ARL BioPharma, Inc. (d/b/a Analytical Research Laboratories), Barry J. Cadden, Lisa M. Conigliaro Cadden, Gregory A. Conigliaro, Douglas A. Conigliaro, Carla R. Conigliaro, Glenn Chin, and Linda Pino.

6. Thereafter, Third-Party Defendant Ameridose, LLC removed the case to the U.S. District Court for the Western District of Virginia, Roanoke Division, and sought to transfer the case to MDL 2419, which was then pending in the U.S. District Court for the District of Massachusetts, Boston.

7. On August 12, 2014, the U.S. Judicial Panel on Multidistrict Litigation entered an order transferring this wrongful death action to MDL 2419 in the District of Massachusetts.

**B. Resolution of Petitioner's Wrongful Death Claim through Mediation and Settlement.**

8. Petitioner and Respondents mediated this wrongful death action in conjunction with forty-six other cases involving 153 Plaintiffs, which had also been brought against Respondents in Virginia state courts and removed and/or transferred to MDL 2419. In February 2015, Respondents reached a global settlement of all wrongful death claims and personal injury cases, including Petitioner's wrongful death claim, which had been transferred to MDL 2419.

9. The amount and terms of the global settlement are set forth in Settlement and Release Agreement ("Agreement") of February 12, 2015. The Agreement incorporated First Amended Insight Claims Resolution Facility Procedures ("Procedures"), and these Procedures are attached hereto as Exhibit 2. The amount to be paid to Petitioner to settle his wrongful death claims will be determined by the Agreement and the Procedures, subject to approval by this

honorable Court.

**C.      Approval of Agreement and Procedures by the U.S. Bankruptcy Court.**

10.     Following overwhelming support by voting parties, the Agreement and incorporated Procedures have been approved and confirmed by Judge Boroff of the U.S. Bankruptcy Court for the District of Massachusetts in an order entered May 20, 2015, which confirmed the Chapter 11 bankruptcy plan of New England Compounding Pharmacy, Inc. *See* Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., *In re: New England Compounding Pharmacy, Inc.*, Case No. 12-19882-HJB (Bankr. D. Mass. May 20, 2015) (Doc. No. 1355).  No appeal from the order approving the plan has been filed, and the order confirming the Chapter 11 Plan is now a final order.

**D.      Current Disposition and Relief Requested.**

11.     Pursuant to the Agreement, Respondents have placed the total agreed upon settlement amount in escrow to resolve the 153 claims asserted in forty-seven separate personal injury and wrongful death actions against them in MDL 2419, which includes the sum of money to be paid to Petitioner for distribution to Decedent's statutory beneficiaries.

12.     Petitioner has agreed to and signed the Agreement.  Petitioner has also agreed to and signed a Mutual Release, which is attached hereto as Exhibit 3.

13.     Decedent's statutory beneficiaries are William L. Neal, Adele Neal, William L. Neal, II, and Bryan Neal.  None of these statutory beneficiaries is a minor or an incapacitated person.

14.     Petitioner requests the Court's approval of the settlement of this wrongful death action pursuant to Va. Code Ann. § 8.01-55, according to and consistent with the provisions of

the Agreement and the Procedures. After completion of the process required by the Procedures for establishing the gross payment Petitioner will ask the Court to approve all distributions from such amount, including those to the Decedent's statutory beneficiaries as provided in Va. Code Ann. § 8.01-53.

15. Petitioner and his undersigned counsel have concluded that Respondents' compromise of his wrongful death claims for damages, as set forth in the Agreement and Procedures, represents fair compensation for the Petitioner's claim for wrongful death damages against the Respondents considering the uncertainties and expenses of litigation.

16. As required by Va. Code § 8.01-55, the parties in interest either will endorse the proposed Order, attached hereto as Exhibit 1, or will be given notice of the hearing and proposed compromise as provided in Va. Code § 8.01-296 and/or Va. Code § 8.01-320.

17. Respondents are compromising Petitioner's wrongful death claims and alleged damages without admitting liability and specifically denying same.

WHEREFORE, pursuant to Va. Code § 8.01-55, Petitioner, by counsel, petitions this Court to approve the compromise of Petitioner's claim to damages.

Date: June 30, 2015                                                    Respectfully Submitted

By: /s/ Gregory L. Lyons
John E. Lichtenstein, Esq.
John P. Fishwick, Jr., Esq.
Gregory L. Lyons, Esq.
LichtensteinFishwick PLC
101 South Jefferson Street, Suite 400 (24011)
P.O. Box 601
Roanoke, Virginia 24004-0601
T: (540) 343-9711
F: (540) 343-9713
jel@vatrials.com
jpf@vatrials.com
gll@vatrials.com

*Counsel for Plaintiff William L. Neal, Administrator of the Estate of Lucy Byrd Neal, Deceased*

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2015, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By: /s/ Gregory L. Lyons
John E. Lichtenstein, Esq.
John P. Fishwick, Jr., Esq.
Gregory L. Lyons, Esq.