UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) )    MDL No. 02419 <br> )    Docket No. 1:13-md-2419-RWZ ) |
| This document relates to: | ) ) |
| Handy v. Box Hill Surgery Center, LLC, et al. <br> No: 1:14-cv-14019-RWZ | ) ) ) |
| Armetta v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14022-RWZ | ) ) ) |
| Torbeck v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14023-RWZ | ) ) ) |
| Kashi v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14026-RWZ | ) ) ) |
| Bowman v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14028-RWZ | ) ) ) |
| Dreisch v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14029-RWZ | ) ) ) |
| Davis v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14033-RWZ | ) ) ) |
| Farthing v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14036-RWZ | ) ) |

**OBJECTION OF DEFENDANTS BOX HILL SURGERY CENTER, LLC, RITU T. BHAMBHANI, M.D. AND RITU T. BHAMBHANI, M.D., L.L.C. TO DISMISSAL OF CLAIMS AGAINST SETTLING DEFENDANTS**

Defendants, Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (hereinafter, collectively "Box Hill Defendants"), by undersigned counsel, respectfully object to the entry of dismissal as to the defendants that or who have entered into settlement agreements and have been granted general releases and/or channeling

injunctions in the related Chapter 11 bankruptcy case of New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") and, in support thereof state as follows:

On June 18, 2015, the Plaintiffs' Steering Committee filed a Motion for Entry of Order to Show Cause Concerning Dismissal of Claims Against Settling Defendants (Dkt. 1984) following which, this Honorable Court entered an Order to Show Cause Concerning Dismissal of Claims Against Settling Defendants ("Show Cause Order" Dkt. 1992). The Order states that it is "the intention of this Court to dismiss with prejudice all claims of any type against the above-referenced settling defendants in all cases currently pending in this MDL" and directs "[a]ny plaintiff who objects to any such dismissal" to file and serve an objection by July 2, 2015. Id. On its face, the Show Cause Order does not require any action by these defendants.

In an abundance of caution, however, the Box Hill Defendants object to the dismissal of the settling defendants as the dismissal of these parties[1] affects the rights of these defendants under Maryland law. Under Maryland law,[2] joint tort-feasors are jointly and severally liable for injuries to a plaintiff and a right of contribution exists among joint tort-feasors. Md. Code Ann. Courts and Judicial Proceedings §3-1402.

While the language of a release may establish joint tort-feasor status, the releases entered into by the settling defendants do not expressly articulate that the settling defendants are to be considered joint tort-feasors. Under Maryland law, the Maryland Uniform Contribution Among Joint Tort-Feasors Act ("UCATA") governs the effect of a release given by the injured party to one or more co-defendants and provides, in pertinent part, as follows:

> A release by the injured person of one joint tort-feasor does not relieve the joint tort-feasor from liability to make contribution to another joint tort-feasor unless the release:

---

[1] Several of the settling defendants named in the Show Cause Order are co-defendants in the cases pending against the Box Hill Defendants.

[2] All cases pending against the Box Hill Defendants arise out of care and treatment rendered to the Plaintiffs in Maryland and shall be governed by Maryland law.

2

> (1) Is given before the right of the other tort-feasor to secure a money judgment for contribution has accrued; and
> (2) Provides for a reduction, to the extent of the pro rata share of the released tort-feasor, of the injured person's damages recoverable against all other tort-feasors."

Md. Code Ann. Courts and Judicial Proceedings § 3-1405. In the instant matter, the right of the Box Hill Defendants to secure a judgment for contribution against the settling defendants had not yet accrued.[3] More importantly, however, it is unclear from the releases provided by the Plaintiffs to the settling defendants whether a pro rata reduction of the Plaintiffs' alleged damages against the Box Hill Defendants exists.

In the event this Court interprets the releases between the Plaintiffs and the settling defendants to provide for joint tort-feasor status with the attendant entitlement by the Box Hill Defendants for a pro rata reduction of any future liability the Box Hill Defendants may have to the Plaintiffs, then the interests of the Box Hill Defendants are adequately protected and dismissal of the settling defendants would be appropriate. By contrast, however, if the releases do not provide for joint tort-feasor status, then the interests of the Box Hill Defendants are not protected and the settling defendants will, necessarily, be brought back into the litigation on third-party complaints by the Box Hill Defendants. Therefore, it serves the interests of justice and the streamlining of this MDL litigation for this Court to make a determination as to the joint tort-feasor status of the settling defendants prior to confirmation of their dismissal.

---

[3] Indeed, the right of the Box Hill Defendants to contribution does not accrue unless and until it is established that the Box Hill Defendants are liable to the Plaintiffs. Moreover, with its motions to dismiss still pending before this Court, the Box Hill Defendants have not yet answered the Complaints and have not yet filed any cross-claims they may have against the settling defendants.

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

**CERTIFICATE OF SERVICE**

I, Gregory K. Kirby, hereby certify that a copy of the foregoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the above-referenced individual cases, and will be sent to these parties by operation of the CM/ECF system on July 2, 2015.

/s/ Gregory K. Kirby
Gregory K. Kirby

4