UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All Tennessee Actions. | Judge Rya Zobel |

**PLAINTIFFS' STEERING COMMITTEE'S MOTION TO QUASH SAINT THOMAS ENTITIES' SUBPOENA, DEPOSITION NOTICE, AND DOCUMENT REQUESTS TO DR. PHILIP J. AUSTIN, PH.D.**

NOW COMES the Plaintiffs' Steering Committee ("PSC"), and submits its Motion to Quash Saint Thomas Entities ("Saint Thomas") deposition subpoena to Dr. Phillip Austin dated June 22, 2015, which also requests the production of documents pursuant to Fed. R. Civ. P. 45 and 26. In the alternative, the Court should issue a protective order pursuant to Fed. R. Civ. P. 26(c). Saint Thomas's subpoena and document production requests are improper, deficient and should be quashed by the Court for the following reasons:

- Saint Thomas Defendants improperly seek the deposition of a non-testifying consultant in violation of Fed. R. Civ. P. 26(b)(4)(D). As of now, the PSC has not identified any experts, and Dr. Austin will not be identified as an expert in any case, let alone one in which St. Thomas is a party.

- The current scheduling Order proposed by the PSC (with a 45 day extension agreed to by the PSC) pending before Judge Boal (Dkt. No. 1900-1), would not require disclosure of experts before October 25, 2015, with Expert Depositions to be completed by December 15, 2015. Thus, even if Dr. Austin were to be classified as a testifying expert, Saint Thomas's subpoena is premature.

- Saint Thomas's production requests seek information wholly duplicative to what has already been provided and/or made available to them by the PSC.

**BACKGROUND**

Both Dr. Philip J. Austin and his father, Dr. Philip R. Austin, are cleanroom industry professionals hired as consultants in 2012 to assist in the inspection of the NECC facility pursuant to Court Order. At the inspection, photographs and video were taken. Subsequently, photographs, data, and video from the December 2012 inspection were produced or made available to Saint Thomas, as they have been to all parties to any cases pending within this MDL. To date, upon information and belief, neither Dr. Austins have been listed as a witness in any case against any defendant in the MDL, nor have they produced an expert report for the PSC.

On December 22, 2014 (Dkt. 1610), in response to a motion for summary judgment filed by Liberty in a discreet number of Indiana cases, the PSC filed a declaration by its consultant, Dr. Austin, which addressed cleanroom design and construction.[1] The Liberty motion and the PSC response to it only applied to those specific cases that were transferred from the Indiana Federal Court. Neither St. Thomas, nor any other clinic defendant is involved in any of the Indiana cases in which Dr. Austin submitted his declaration. While the Court denied the summary judgment motion (Dkt. 1613) and a subsequent motion to strike the declaration of Dr. Austin (Dkt. 1661), all of these Indiana cases will likely be dismissed as part of the Court's order to show cause (Dkt. 1992), and Dr. Austin will not be named as an expert by the PSC in any litigation.

On or about June 22, 2015, Saint Thomas served a subpoena, notice and production requests upon the PSC on behalf of Dr. Austin. The subpoena, attached hereto as Exhibit A, calls for the deposition of Dr. Austin as well as the production of the following documents: 1) all pictures taken on the 3-day inspection of the cleanrooms at NECC in December 2012; 2) the

---

[1] An amended declaration was filed January 15, 2015. (Dkt. 1651).

observations made by Dr. Philip R. Austin; and 3) the photographs and test results taken and reported by Thomas Irmiter of Forensic Building Science.

## ARGUMENT

I. **Dr. Austin Is A Non-Testifying Consultant And Saint Thomas Is Not Entitled To Depose Him Or Seek Documents From Him.**

The PSC has not identified, nor does it intend to identify, Dr. Austin as a testifying expert or request he submit an expert report pursuant to Rule 26(a)(1) in any suit where Saint Thomas is a party (or indeed, in any suit at all). Federal Rule of Civil Procedure 26(b)(4)(D) provides:

> Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

FRCP 26 is clear; St. Thomas is not permitted to depose Dr. Austin, and the PSC should not be required to incur the expense necessary to prepare him for such a deposition. The fact that Dr. Austin filed a declaration in a case not involving St. Thomas does not subject him to deposition or discovery in the separate St. Thomas cases filed in Tennessee and transferred to this MDL Court. St. Thomas can point to no authority that entitles it to Dr. Austin's deposition or document production. Indeed, there is no authority to establish that cases within the MDL lose their individual character because they have been consolidated, nor any case law that would support production of an expert who filed a declaration in a state court litigation to appear for a deposition and produce documents in a federal court MDL where he has been neither named, nor anticipated as a testifying expert. Further, as already noted, all of the Indiana plaintiffs are expected to dismiss their cases against Liberty Industries, Inc. shortly, if they have not already done so. With the deadline passing on the Show Cause Order dated June 18, 2015 (Dkt. No.

1992), this Court is now able to dismiss with prejudice all claims of any type currently pending against settling defendant Liberty Industries, Inc., and is so doing, dismissing any case within which Dr. Austin filed a declaration.

There is only one exception to the general rule prohibiting a party from deposing a non-testifying consultant and it requires Saint Thomas to demonstrate exceptional circumstances, pursuant to Rule 26(b)(4)(D)(ii), "under which it is impracticable for [Saint Thomas] to obtain facts or opinions of the same subject by other means." Saint Thomas cannot make such a showing, as it has already been given access to the documents it requests and preformed its own inspection of the NECC facility and cleanrooms.[2]

## II.  Saint Thomas's Subpoena Is Premature

If the Court were to find that Dr. Austin is more than a non-testifying consultant, which he is not and will not be proffered as such, Saint Thomas's subpoena should still be quashed as being premature. The Court may recall that the PSC argued that Liberty's motion for summary judgment in those Indiana cases was premature, but the Court, persuaded by Liberty's financial woes, required the PSC to file a response and obtain a declaration from its consulting expert in support. Those exigent circumstances should not now be turned against the Tennessee patients, and require the PSC (and those patients) to incur the time and expense of preparing Dr. Austin for an expert deposition, well in advance of the contemplated expert disclosure and deposition deadlines, that are part of a proposed scheduling Order pending before Judge Boal (Dkt. No. 1900-1). Under the proposed Order, expert disclosures would occur by October 25, 2015, and expert depositions would occur by December 15, 2015. Based on this anticipated schedule, the

---

[2] *See Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 421 (N.D.Ill. 2011) (exceptional circumstances did not exist where party obtained "facts or opinions of the same subject by other means" when it retained its own expert).

PSC would not be required to disclose its experts until these dates, making it premature to permit the deposition of Dr. Austin to go forward at this time.

### III. The PSC Objects To Saint Thomas's Subpoena and Production Requests As Seeking Information Wholly Duplicative To What Has Already Been Provided Or Made Available to Saint Thomas.

Saint Thomas is not entitled to the production of documents it seeks through its subpoena of Dr. Austin. The information sought by Saint Thomas: a) has already been provided; b) was acquired by Saint Thomas's own representatives and is therefore duplicative; and/or c) is vague, ambiguous, overly broad and unduly burdensome.

Previously, the PSC made available to St. Thomas pictures taken during the December 2012 inspection of NECC. The PSC further made available a copy of the video which was recorded during the same inspection. The PSC has also produced photographs taken and test results reported by Thomas Irmiter of Forensic Building Science, Forensic Building Science HVAC Inspection Photo Log, Prestige EnviroMicrobiology, Inc. Test Reports for samples taken by Ed Olmsted, CIH of Olmsted Environmental Services, Inc., and air pressure and testing results of Building Science Corporation. In addition, the PSC also produced the Board of Registration in Pharmacy Report dated October 23, 2012, the Food and Drug Administration Report dated October 26, 2012 and Center For Disease Control and Prevention Laboratory and Testing Results. Lastly, the Trustee made available thousands of documents and the NECC facility available to Saint Thomas for their own inspection, and Saint Thomas took advantage of this offer. The inspection and access occurred under the same guidelines as the December 2012 inspection and therefore all observations of Saint Thomas would be based on conditions identical to the December 2012 inspection for which all documents and data in the possession of the PSC

has been produced or made available to Saint Thomas. Simply put, there is nothing more to produce which is not already available to St. Thomas.

## CONCLUSION

For the reasons stated herein, the PSC requests that the Court quash the subpoena, deposition notice, and production requests of Saint Thomas, in accordance with PSC's objections.

Date:   July 7, 2015       Respectfully Submitted,

/s/ Kristen A. Johnson
Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika Martin
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC

6

31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH & JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@branstetterlaw.com
*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, Kristen A. Johnson, hereby certify that I caused a copy of the above Motion to Quash Saint Thomas Entities' subpoena, deposition notice, and document requests to Dr. Phillip Austin to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: July 7, 2015

/s/ Kristen A. Johnson
Kristen A. Johnson, Esq.

**LOCAL RULES 7.1 AND 37.1 STATEMENT**

The undersigned hereby certifies that Plaintiffs' counsel have conferred with counsel for the Saint Thomas Entities and have attempted, in good faith, to resolve or narrow the issues raised by this Motion but were unable to do so.  The undersigned further certifies that the PSC followed the provisions of Local Rule 37.1 prior to filing the instant motion as explained in greater detail in the contemporaneously filed memorandum of law in support of this motion.

/s/ Kristen A. Johnson