UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MDL NO. 13-02419-RWZ


IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION


<u>ORDER</u>

July 9, 2015


ZOBEL, D.J.

The parties in this multidistrict case all agree that the court must resolve certain scheduling issues and decide whether (and how) to have bellweather trials, but they agree on little else.  Because the court will not entertain proposals for bellweather trials in other districts, these issues all turn on where the cases will be tried.  So, to figure out how to move forward, the court needs to know whether the parties intend to assert or waive their rights under <u>Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998),[1] to trials in the districts where their cases were originally filed.

**I.    <u>Lexecon Waivers</u>**

By July 27, 2015, every party to a non-Massachusetts underlying action—including all plaintiffs—shall execute either a <u>Lexecon</u> waiver consenting to trial in this district or a certification that the party will not waive its <u>Lexecon</u> rights.  The

---

[1] The court assumes, without deciding at this time, that the cases would be remanded to their originally filed districts at the conclusion of the MDL, rather being transferred to the District of Massachusetts under 28 U.S.C. § 157(b)(5).  The court will address that possibility in due course, consistent with the briefing schedule announced at the last status conference.

court will treat these waivers or certifications as binding for the duration of this case.

The waiver or certification should list every action in which the party is involved and

specifically indicate whether the party waives Lexecon for each case.  A model form,

which all parties shall use, is appended to this order (attachment 1).

The waivers or certification should not be electronically filed, either on individual

dockets or on the MDL docket.  Rather, they should be sent to the PSC.  By July 31,

2015, the PSC shall file tables of all non-Massachusetts cases summarizing which

parties waive Lexecon and which do not.  Again, model forms are attached (attachment

2).  The PSC shall electronically file all of the waivers and certifications as attachments

to the table.[2]

## II.      The Short-Term Schedule

After the court knows which cases can be tried in this district, it will decide

whether to hold bellweather trials.  The court will only conduct bellweather trials if a

significant portion of the cases receive Lexecon waivers from all parties.  The court will

aim to decide whether to proceed with bellweather trials before the August 5, 2015

status conference.

Not all deadlines, however, turn on this decision.  Regardless of whether the

court uses bellweather trials, the following deadlines now apply:

---

[2] The waivers and certifications need not all be separate attachments.  The PSC may, and is
encouraged to, combine the waivers and certifications into large PDF files to reduce the number of
attachments.

| All Parties in All Actions | |
|---|---|
| Close of Common Fact Discovery From Settling Defendants (with the exception of any discovery allowed as a result of currently pending discovery motions) | July 30, 2015 |
| **Remaining Defendants in the Tennessee Cases (e.g., St. Thomas, the St. Thomas Entities, and the Tennessee Clinic Defendants)** | |
| Close of Common Fact Discovery | September 15, 2015 |
| Opening Common Expert Reports Due | October 16, 2015 |
| Rebuttal Common Expert Reports Due | November 13, 2015 |
| Reply Common Expert Reports Due | November 24, 2015 |
| Common Expert Discovery Closed (i.e., depositions complete) | December 11, 2015 |
| **Other Large Defendants** | |
| Close of Premier Common Fact Discovery | November 15, 2015 |
| Close of Box Hill Common Fact Discovery | January 22, 2016 |
| Premier and Box Hill Common Expert Discovery | To be determined after close of fact discovery |

Fact and expert discovery in any action against clinic-related defendants with 5 or fewer cases is stayed until December 31, 2015.[3]

All currently-set deadlines relating to bellwether proposals are vacated.

## III. The Long-Term Schedule

To aid the parties in deciding whether to waive Lexecon, the court has considered what the remaining discovery and trial deadlines would be with and without

---

[3] This in no way affects common fact discovery against the settling defendants, which must be complete by July 30, 2015.  There will be no fact discovery involving the settling defendants by any party after July 30, 2015, subject to the exception about currently pending motions noted above.

bellweather trials.  The court encourages feedback from the parties on the specific dates,[4] but does not intend to deviate from the general framework and timeframes described below.

###### A.     Schedule Without Bellweather Trials

If the court decides not to conduct bellweather trials, it will remand all cases to their home districts when common expert discovery is complete.  Case-specific discovery and dispositive motions, if any, will be done in the home districts. Remand dates would roughly be:

| St. Thomas, the St. Thomas Entities, and the Tennessee Clinic Defendants | December 2015 |
| --- | --- |
| Premier Defendants | February 2016 |
| Box Hill Defendants | April 2016 |
| Clinic-Related Defendants with Five or Fewer Cases | 14 days after the close of common fact and expert discovery |

###### B.     Schedule With Bellweather Trials

The timing of the first bellweather trial depends on which defendants consent to trial here, but the court intends to try a bellweather case no later than the end of spring 2016.

If the remaining Tennessee defendants waive Lexecon, cases against them will be the first bellweather trials.  The court will adopt the following bellweather selection process and trial schedule:

---

[4] At this point, written submissions would be premature.  Interested parties will be given an opportunity to present their views before the court definitively adopts one of these schedules.

- The parties will select 16 potential bellweather trial cases (8 each) by August 14, 2015, and case-specific fact discovery will begin for those 16 cases.

- Case-specific fact discovery will end on October 30, 2015.  Each side may strike 4 of the other side's proposed bellweather cases by that day. The parties shall file a summary of the remaining 8 cases with the court.

- By November 6, 2015, the court will select 4 bellweather cases. Case-specific expert discovery will begin for those 4 cases.  Plaintiffs' reports will be due by November 24, 2014; defendants' by December 22, 2015; reply reports by January 15, 2016; and expert depositions shall be completed by January 29, 2016.

- Daubert motions may be filed by February 12, 2016, with oppositions due by February 26, 2016.  No replies will be entertained.

- The parties shall seek leave of the court to move for summary judgment. By January 15, 2016, the party that seeks summary judgment shall file a motion for leave, not to exceed 5 pages, setting forth good cause for why a summary judgment motion should be allowed.  Oppositions shall be filed within a week of the motion for leave and are limited to 5 pages.  No replies will be entertained.

- Trials will begin on March 28, 2016, regardless of whether the court has ruled on any summary judgment or Daubert motions.

If a sufficient number of the Tennessee defendants do not waive Lexecon, the

court will consider whether to proceed with a bellweather trial involving other parties.

The court expects to follow a schedule similar to the one above.

## IV.     Pending Motions

This order resolves the following motions:

- ■   Docket # 1716, the PSC's Motion for Entry of Case Management Order Setting an Expedited Trial Date, is DENIED;

- ■   Docket # 1849, the Saint Thomas Entities' Motion for Continuance of Common Issue Fact Discovery Deadline, is ALLOWED IN PART and DENIED IN PART;

- ■   Docket # 1852, the Premier Defendants' Motion to Extend the Fact Discovery Deadlines to December 15, 2015, is ALLOWED IN PART and DENIED IN PART;

- ■   Docket # 1867, the PSC's Cross Motion to Amend MDL Order No. 9, is ALLOWED IN PART and DENIED IN PART;

- ■   Docket # 1889, the Box Hill Defendants' Motion for Stay or to Extend Common Issue Fact Discovery Deadline to April 1, 2016, is ALLOWED IN PART and DENIED IN PART;

- ■   Docket # 1935, the parties' Joint Motion for Extension of Time to June 15, 2015 to file response to motion to set case for trial, is ALLOWED;

- ■   Docket # 1964, the Tennessee Clinic Defendants' Conditional Motion to Set a Trial Date, is DENIED;

- ■   Docket # 1965, the Tennessee Clinic Defendants' Conditional Motion to Set a Trial Date, is DENIED.


_____July 9, 2015_____                    _____/s/Rya W. Zobel_____
            DATE                                              RYA W. ZOBEL
                                                    UNITED STATES DISTRICT JUDGE

**Attachment 1**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING PHARMACY,
INC. PRODUCTS LIABILITY LITIGATION

_____

THIS DOCUMENT RELATES TO (list cases by D. Mass.
number in the following format: 1:15-cv-01234 (D. Mass.)):

MDL No. 2419

No. 1:13-md-2419-RWZ

**ELECTION REGARDING VENUE AND RIGHTS UNDER *LEXECON INC.
v. MILBERG WEISS BERSHAD HYNES & LERACH*, 523 U.S. 26 (1998)**

_____ [party name] hereby

☐    consents

☐    DOES NOT consent

(check one) to the jurisdiction and venue of the United States District Court for the

District of Massachusetts for all proceedings in the above-listed actions, including trial.

I represent that I have authority to make this election on behalf of the above-listed party

and acknowledge that this election shall be binding for the duration of this multidistrict

litigation.

Date: _____         Signature: _____

                                  Name: _____

**Attachment 2**

**Table 1.**  Summary of Lexecon waivers.[5]

| D. Mass. Case No. | Original District | Party | Role | Waives Lexecon | Does Not Waive Lexecon | Failed to File Waiver/ Cert.[6] |
|---|---|---|---|---|---|---|
| 1:13-cv-01234 | S.D.N.Y. | A | Plaintiff | x | | |
| 1:13-cv-01234 | S.D.N.Y. | B | Plaintiff | x | | |
| 1:13-cv-01234 | S.D.N.Y. | X | Defendant | | x | |
| 1:13-cv-01234 | S.D.N.Y. | Y | Defendant | | x | |
| 1:13-cv-01234 | S.D.N.Y. | Z | Defendant | | | x |

**Table 2.**  Summary of Cases.

| D. Mass. Case No. | Original District | All Parties Waive Lexecon? (Y/N) |
|---|---|---|
| 1:13-cv-01234 | S.D.N.Y. | N |

---

[5] The PSC shall submit tables with the headings indicated below.  The court has provided an example of how to represent a case originally filed in the Southern District of New York, given number 1:13-cv-01234-RWZ after transfer to the District of Massachusetts by the JPML, in which plaintiffs A and B sued defendants X, Y, and Z.  A and B waived Lexecon, X and Y did not, and Z improperly failed to comply with the court's order and notify the PSC of its position.

[6] The court includes this column for recordkeeping purposes only.  It is by no means an invitation for some parties to ignore this order.  All parties to non-Massachusetts original actions shall notify the PSC of their position on Lexecon using the form in Attachment 1.