# EXHIBIT 2

## RESPONSE TO PSC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### (REFERENCED IN NOTICE)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br>Plaintiffs,<br><br>This document relates to:<br><br>Armetta, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14022-RWZ<br><br>Bowman, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14028-RWZ<br><br>Davis, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14033-RWZ<br><br>Dreisch, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14029-RWZ<br><br>Farthing, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14036-RWZ<br><br>Kashi, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14026-RWZ<br><br>Torbeck, et al. v. Box Hill Surgery Center, LLC, et al.,<br>No. 1:14-cv-14023-RWZ<br><br>Handy v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14019-RWZ | MDL No. 2419<br><br>Docket No. 1:13-md-2419 (RWZ) |

## DEFENDANT'S RESPONSES TO PLAINTIFFS' STEERING COMMITTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure and local rules for the

District of Massachusetts, Box Hill Surgery Center, LLC ("Defendant" or "Box Hill"), by and

through undersigned counsel, provides the following responses to the Plaintiffs' Steering

Committee's First Request for Production of Documents.

## GENERAL RESPONSES

1.      The information supplied in these responses is not based solely on the knowledge of the Defendants to whom the Request is addressed, but includes the knowledge of the Defendants' agents, representatives and attorneys, unless privileged.

2.      The word usage and sentence structure may be that of the Defendants' agents, representatives, and/or attorneys assisting in the preparation of these responses and, thus, does not necessarily purport to be the precise language of the responding parties.

3.      The Request has been interpreted and responded to in accordance with the Federal Rules of Civil Procedure, plain English usage and, to the extent not specifically challenged by objection, the definitions and instructions included with the Request.

## GENERAL OBJECTIONS

A.      The Defendants object to these requests on the grounds that they exceed and/or are in contravention of the Federal Rules of Civil Procedure and the Discovery Guidelines of the United States District Court.

B.      The Defendants object to each and every request to the extent the request is overly broad, unduly burdensome, harassing, repetitious, vague and/or ambiguous, and to the extent that the Request purports to require the disclosure of information beyond the scope of admissible evidence under the Federal Rules.

C.      The Defendants object to each and every request to the extent that Plaintiffs seek information subject to the attorney-client and/or work product privileges or other applicable privileges, including the opinions, mental impressions, conclusions or legal theories of its attorneys, accountants or other representatives.  Inadvertent production or exposure of any such document shall not constitute a waiver of such privilege or immunity or of any other ground of objection to the admissibility of such documents or of any information contained therein.

D.      The Defendants do not waive any protections or privileges by responding to these requests.  Inadvertent production or exposure of any such document shall not constitute a waiver of such privilege or immunity or of any other ground of objection to the admissibility of such documents or of any information contained therein.

E.     The Defendants object to each and every request to the extent the request seeks information that is not relevant to these cases, or information that is not likely to lead to the discovery of admissible evidence in these cases.

F.     The Defendants object to all requests and to the definitions and instructions set forth therein, to the extent they impose duties which exceed or alter the duties imposed by the Federal Rules.

G.     The Defendants' objections and responses to the Requests are based on information now available to them, and are made without prejudice to the Defendants' right to assert additional objections should they discover additional grounds for objection.   That the Defendants have responded to any request is not intended and shall not be construed as a waiver by them of any objection to any request.

H.     The Defendants have not yet completed discovery in this lawsuit and, therefore, reserve the right to file supplemental responses if, and when, such additional information comes into their possession.

I.     By providing the information requested, the Defendants do not waive any objections to their admission into evidence on the grounds of relevance, materiality, or any other proper grounds for objection.

J.     The Defendants object to all Requests to the extent that they seek information regarding trade secrets or other confidential, commercial, proprietary, technical, financial, business plans and/or other material which would allow Plaintiffs and/or third persons to obtain competitive information.

K.     The Defendants object to all requests to the extent that they seek "all" communications and "all" documents on the ground that they cannot know all communications or documents which may exist.

L.     No incidental or implied admissions are intended by a response provided by the Defendants to any request.   That the Defendants have responded to any request is not an admission that they accept or admit the existence of any facts set forth or assumed by such request or that the making of such a response constitutes admissible evidence.

M.     Neither the Defendants' agreement to produce nor their objection to the production of any information or documents or any category of information or documents is to be construed as an admission or acknowledgement that any information or documents exist within such category or categories.

N.     The Defendants object to any request to the extent that it requires disclosure of information banned and/or protected from disclosure by law.

O.     The Defendants make these responses subject to the reservation of their rights to object to the introduction into evidence in this or any other action of any information or material

3

contained herein or produced hereunder upon any ground, including, but not limited to, relevancy, materiality, competency, and hearsay.

P.      The Defendants object to those requests in which the Plaintiffs have provided their interpretation of the meaning of a document or purport to summarize the contents of a document in variance of the actual terms contained within such a document in that the Plaintiffs' allegations are conclusions of law and/or contain characterizations for which no further response is required beyond reference to the actual document cited.

Q.      The Defendants generally object to the characterizations throughout the Request. The Defendants' responses do not constitute their agreement with the characterizations contained in the Request.

R.      The Defendants object to the requests to the extent they seek documents or information already in the custody or control of the Plaintiffs or seek documents or information, which may be obtained by Plaintiffs more conveniently, less expensively, and with less burden than by the Defendants or by these requests.

S.      The Defendants object to each request that seeks the disclosure of documents that are available to the public.

T.      These objections are hereby incorporated into each specific objection and response.  Citation to a particular general response and any specific objection below is not a waiver of any of the general objections not cited therein.

U.      All responses stated below incorporate the above-stated objections and are provided subject to and without waiving any of the objections stated above.  The fact that the Defendants choose not to repeat each of the foregoing objections for each specific request shall not constitute a waiver of any of the foregoing objections.

## RESPONSES

1.      All documents and communications regarding the procurement, administration and/or use of injectable steroids at Box Hill.

**RESPONSE NO. 1:**

> **Objection.  This request for production seeks documents and information that are unreasonably duplicative, which is prohibited by Fed. R. Civ. P. 26(b)(2)(C)(hereinafter "Rule 26").   Defendant Box Hill Surgery Center, LLC (hereinafter "Defendant" and/or "Box Hill"), previously responded to the Plaintiffs' Steering Committee's ("PSC") Revised Subpoena Requests.  *See* Exhibit 1 (without exhibits).   Therefore, Defendant is not required to respond to this duplicative request, pursuant to the Order regarding Subpoenas and Motions to Quash. [Dkt. 572 at 11-12.]   Moreover, the request seeks irrelevant information that is not**

reasonably calculated to lead to the discovery of admissible evidence. **Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of steroids other than the New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") is not discoverable.** *See* **Order regarding Subpoenas and Motions to Quash [Dkt. 572]. In addition, the request is overly broad and unduly burdensome in that it has no limitations at all in what it seeks other than "regarding . . . injectable steroids." Lastly, because of its broadness, it seeks information that is protected from discovery by the attorney-client privilege, work-product doctrine, and/or HIPAA. Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests. Ex. 1.**

2.      All documents and communications between Box Hill and New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC"). This request includes, but is not limited to, all contracts, agreements, e-mails, marketing and advertising materials, incentives, promotions, prescriptions, purchase orders, prescription order forms, labels, invoices, logs, messages, notes, letters, correspondence, complaints, adverse event reports, and other documents or electronic data evidencing any such communication.

**RESPONSE NO. 2:**

**Objection. This request for production seeks documents and information that are unreasonably duplicative, which is prohibited by Fed. R. Civ. P. 26(b)(2)(C)(hereinafter "Rule 26"). Defendant Box Hill Surgery Center, LLC (hereinafter "Defendant" and/or "Box Hill"), previously responded to the Plaintiffs' Steering Committee's ("PSC") Revised Subpoena Requests. Therefore, Defendant is not required to respond to this duplicative request, pursuant to the Order regarding Subpoenas and Motions to Quash. [Dkt. 572 at 11-12.] Moreover, the request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Lastly, because of its broadness, it seeks information that is protected from discovery by the attorney-client privilege, work-product doctrine, and/or HIPAA.**

**Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests. Ex. 1.**

3.      All documents and communications, including, but not limited to, emails, brochures, marketing and advertising materials, correspondence, prescriptions, prescription order forms, labels, order forms, invoices, logs, messages, notes, letters, memoranda, complaints, adverse event reports and other documents or electronic data exchanged between anyone associated with Box Hill and any pharmaceutical sales representative, pharmaceutical account representative, pharmaceutical wholesaler, pharmaceutical distributor, pharmaceutical supplier, pharmaceutical seller, pharmaceutical reseller, or compounding pharmacy regarding the purchase or potential purchase of any type of injectable steroid.

**RESPONSE NO. 3:**

      **Plaintiffs are referred to response Nos. 1 and 2.**

    4.     All documents and communications related to any formulary or list of approved drugs available for use, or for use, or for the administration to patients at Box Hill.

**RESPONSE NO. 4:**

      **Objection.  This request for production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent that the documents or information sought is protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiving said objections, none.**

    5.     All documents and communications containing Box Hill policies, procedures, guidelines, memoranda, articles and other material from 2005 to date, related to the following topics:

    a.  drugs or pharmaceutical preparations used or administered at Box Hill:

    b.  the selection, evaluation and investigation of drug or pharmaceutical preparation suppliers at Box Hill;

    c.  outsourcing sterile drug compounding services;

    d.  the drug and medication selection and prescribing process, including, but not limited to, FDA approved drugs and/or compounded drugs or pharmaceutical preparations;

    e.  the selection process, prescribing and administration of drugs and medications, including, preservative free drugs, including MPA;

    f.  administration and injection of drugs and medications, including, but not limited to FDA approved and compounded drugs;

    g.  epidural injections;

    h.  informed consent when administering medication to Box Hill patients;

    i.  identification of drugs or therapeutic agents in patient reports, charts, or records;

    j.  purchase and billing for drugs and medications used and/or administered at Box Hill;

    k.  the storage, transfer, and utilization of drugs and medications used and/or administered at Box Hill;

l.   the inventory management and charting of drugs and medications used and/or administered at Box Hill;

m.   recalled products administered at Box Hill; and

n.   maintaining Box Hill's treatment and medication facilities in sterile or aseptic condition;

o.   prescribing prescription medications to a colleague's or other health care provider's patient.

**RESPONSE TO NO. 5:**

**As a general objection, the request seeks documents and information from the Defendant as it relates to 15 different topics, although the PSC lists each topic under this one request. Defendant also objects because the request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Further, the request is overly broad, vague, and unduly burdensome as it seeks, among other things, "memoranda, articles and other material" dating back to 2005. Defendant has no way of knowing what "other material" covers or what kind of articles or whether they are offered by Defendant Box Hill, which is a corporate entity, or a global collection of available literature.**

**Subject to and without waiving said objections, Plaintiffs are referred to the documents previously produced in response to the PSC's Revised Subpoena, each patient's medical records and bills previously produced, this Defendant's response to PSC's First Request for Production, and other documents already in its possession. Information concerning these requests can also be explored during deposition.**

6.   All documents and communications (including emails, written correspondence and other documents) concerning NECC's compounded medications, the cost of steroids, or the procurement of steroids.

**RESPONSE TO NO. 6:**

**Objection. This request for production seeks documents and information that are unreasonably duplicative, which is prohibited by Fed. R. Civ. P. 26(b)(2)(C)(hereinafter "Rule 26"). Defendant Box Hill Surgery Center, LLC (hereinafter "Defendant" and/or "Box Hill"), previously responded to the Plaintiffs' Steering Committee's ("PSC") Revised Subpoena Requests. *See* Ex. 1. Therefore, Defendant is not required to respond to this duplicative request, pursuant to the Order regarding Subpoenas and Motions to Quash. [Dkt. 572 at 11-12.] Moreover, the request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of steroids**

other than the New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") is not discoverable. *See* Order regarding Subpoenas and Motions to Quash [Dkt. 572]. In addition, the request is overly broad and unduly burdensome. Lastly, because of its broadness, it seeks information that is protected from discovery by the attorney-client privilege, work-product doctrine, and/or HIPAA.

Subject to and without waiving said objections, the Defendant only purchased MPA from NECC. In addition, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests. Ex. 1.

7.     All documents and communications regarding marketing materials provided by NECC and NECC's agents or representatives to Box Hill.

**RESPONSE TO NO. 7:**

Objection. This request for production seeks documents and information that are unreasonably duplicative, which is prohibited by Fed. R. Civ. P. 26(b)(2)(C)(hereinafter "Rule 26"). Defendant Box Hill Surgery Center, LLC (hereinafter "Defendant" and/or "Box Hill"), previously responded to the Plaintiffs' Steering Committee's ("PSC") Revised Subpoena Requests. *See* Ex. 1. Therefore, Defendant is not required to respond to this duplicative request, pursuant to the Order regarding Subpoenas and Motions to Quash. [Dkt. 572 at 11-12.] Moreover, the request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In addition, the request is overly broad and unduly burdensome in that it simply requests "marketing materials," which are undefined.

Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests. Ex. 1.

8.     All documents and communications that mention, refer to, or related to each and every recall of NECC medications.

**RESPONSE TO NO. 8:**

Objection. This request for production seeks documents and information that are unreasonably duplicative, which is prohibited by Rule 26. Since Defendant previously responded to the Plaintiff's Steering Committee's Revised Subpoena Requests, Defendant is not required to respond to this duplicative request, pursuant to the Order Regarding Subpoenas and Motions to Quash. [Dkt. 572 at 11-12]. Moreover, the request seeks irrelevant information that is not recently calculated to lead to the discovery of admissible evidence. Pursuant to this Court's Order on Motion to Quash and Objection to Subpoena, [Dkt. No. 572 at 1-2], Defendant's need not comply with the part of the request concerning NECC medications other than MPA. In addition, the request is overly broad, unduly burdensome, and vague

in that it requests documents that are "related to" every recall of NECC medications but does not provide any additional guidance.

Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests.

9.      All documents and communications, including, but not limited to, emails, correspondence, prescriptions, orders, invoices, memoranda, product information, brochures, promotional materials, documents and things received or sent by Box Hill to any supplier of methylprednisolone acetate, brand name depo-Medrol and generic Depo-Medrol.

**RESPONSE TO NO. 9:**

Objection. This request for production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding a health care provider's dealings with suppliers of steroids other than NECC is not discoverable. [Dkt. 572]. In addition, the request is overly broad and unduly burdensome as it fails to limit the request by time or scope to fit the circumstances of this case. The request should also be disallowed to the extent it seeks documents and information in violation of MD. Rule 5-407.

Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests, if any such responsive documents are in Defendant's possession.

10.     All documents and communications, including, but not limited to, emails, spreadsheets, memoranda, comparisons, and documents pertaining to the costs associated with purchasing injectable steroids from any source.

**RESPONSE TO NO. 10:**

Objection. This request for production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding a health care provider's dealings with suppliers of steroids other than NECC is not discoverable. [Dkt. 572]. In addition, the request is overbroad and unduly burdensome as it fails to limit the request by time or scope to fit the circumstances of this case. The request should also be disallowed to the extent it seeks documents and information in violation of MD. Rule 5-407.

Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests, if any such responsive documents are in Defendant's possession.

11.     All documents and communications regarding any samples, gifts, incentives, promotions or discounts received from or offered by NECC or any of its agents to Box Hill.

**RESPONSE TO NO. 11:**

**Objection.  This request for production seeks irrelevant information that is not recently calculated to lead to the discovery of admissible evidence.  In addition, the request is overly broad and unduly burdensome as it fails to limit the request by time or scope to fit the circumstances of this case.**

**Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests, if any such responsive documents are in Defendant's possession.**

12.     All documents and communications, including, but not limited to, emails, protocols, procedures, memoranda, guidelines and/or correspondence related to notifying or contacting patients who received steroid injections obtained from NECC.

**RESPONSE TO NO. 12:**

**Objection.   This request seeks documents and information that are unreasonably duplicative which is prohibited by Rule 26.  Defendant previously responded to the PSC's Revised Subpoena Request, and therefore is not required to respond to this duplicative request pursuant to the Order Regarding Subpoenas and Motions to Quash.  Subject to and without waiving said objections, the PSC is referred to Defendant's Response to PCS's Revised Subpoena Requests.**

13.     All document and communications, including, but not limited to, reports, correspondence, memoranda or other documentation generated by any committee or person who conducted any type of inquiry or investigation into the fungal meningitis outbreak.

**RESPONSE TO NO. 13:**

**Objection.  The request is overly broad, unduly burdensome and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, Md Code Ann., Health Occ. §1-401, and/or HIPAA.  In addition, the request seeks documents and information that are unreasonably duplicative, which is prohibited by F.R.C.P. 26.   Since Defendant previously responded to the PSC's Revised Subpoena Request, Defendant is not required to respond to this duplicative request, pursuant to the Order Regarding Subpoenas and Motions to Quash.  [Dkt. 572 at 11-12].**

**Subject to and without waiving said objections, PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Request.  Further, the PSC is already aware of the criminal indictment of the individual NECC insiders, as well as investigations by the FBI, CDC and the United States Congress.**

14.     All statements taken by Box Hill, or by anyone on its behalf, regarding the fungal meningitis outbreak in 2012.

**RESPONSE TO NO. 14:**

**Objection.  This request is vague, unduly burdensome and overly broad as it is not clear what the request is seeking and it is not limited in time.  In addition, Defendant previously responded to the PSC's Revised Subpoena Request, this request is unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash. [Dkt. 572]**

**Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Request.**

15.     All incident reports and complaint pertaining to NECC and/or the fungal meningitis outbreak.

**RESPONSE TO NO. 15:**

**The PSC is referred to Response No. 13.**

16.     All documents and communications related to the manner in which patients who may have received recalled drugs are to be contacted and/or informed of such recall.

**RESPONSE TO NO. 16:**

**Objection. This request for production seeks documents and information that are unreasonably duplicative, pursuant to Rule 26. Since Defendant previously responded to Plaintiff's Steering Committee's Revised Subpoena Requests, Defendant is not required to respond to duplicative requests, pursuant to the Order Regarding Subpoenas and Motions to Quash. [Dkt. 572 at 11-12]. Moreover, the request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests.**

17.     All documents and communications related to risks and/or benefits associated with preservative-free compounded products.

**RESPONSE TO NO. 17:**

**Objection.   The request is overly broad and unduly burdensome as it generally asks for all documents related to "risks and/or benefits" and the PSC is welcome to do their own medical literature searches.  Defendant also objects to the extent this request seeks documents and communications protected by the attorney-client privilege, work-product doctrine and/or HIPAA.**

11

**Subject to and without waiving said objections, other than what may exist in Defendant's Responses to the PSC's Revised Subpoena Request, Defendant has no responsive documents, but reserves the right to supplement this request as discovery proceeds.**

18.    All documents and communications related to risks and benefits associated with epidural and joint injections.

**RESPONSE TO NO. 18:**

**The PSC is referred to Response No. 17.**

19.    All documents and communications between Box Hill and its patients related to epidural and joint injections, preservative-free products, compounded products and administration of the same.

**RESPONSE TO NO. 19:**

**Objection.  This request is overly broad, unduly burdensome and appears to seek information that may be related to patients who are not subject to this litigation.  As worded, the request seeks medical records and other documents and communication for each and every patient of Dr. Bhambhani who ever received an epidural or joint injection, which is a violation of HIPAA and Judge Boal's Order Regarding Subpoenas and Motions to Quash, [Dkt. 572], as well as Rule 26 Probition Against Unreasonably Duplicative Discovery.  Subject to and without waiving such objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Request, as well as the medical records which have already been produced.**

20.    All documents and communications, including, but not limited to, internal communications at Box Hill and Box Hill's communication with patients, related to NECC's recall of MPA and the fungal meningitis outbreak.

**RESPONSE TO NO. 20:**

**Objection.   This request seeks documents and information which are unreasonably duplicative in violation of Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash.  The request is also overly broad and unduly burdensome.  Defendant also objects to the request to the extent it seeks documents and information protected by the attorney-client privilege, work-product doctrine and HIPAA.  Subject to and without waiving said objections, the PSC is referred to the Defendant's Responses to the PSC's Revised Subpoena Requests.**

21.    All documents and communications between Box Hill's employees or agents and any other person or entity related to NECC's recall of MPA and/or the fungal meningitis

12

outbreak, including, but not limited to, communications with the Maryland Department of Health & Mental Hygiene, the Maryland Board of Physicians, the Massachusetts Department of Public Health, the Food and Drug Administration, the Center for Disease Control, the Federal Bureau of Investigations, and any other governmental entity.

**RESPONSE TO NO. 21:**

**Objection.   This request seeks documents and information that are unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash.   In addition, the request is overly broad and unduly burdensome, especially to the extent that the request seeks documents "related to NECC's recall of MPA and/or the fungal meningitis outbreak." Further, Defendant objects to the request to the extent that such documents are protected by the attorney-client privilege, work-product doctrine, Health Occupations 1-401 and HIPAA. Subject to and without waiving said objections, Defendant Bhambhani was interviewed by federal authorities, and she was subsequently subpoenaed to give testimony in front of a grand jury as part of the federal investigation of NECC. The PSC is also referred to Defendant's Responses to the PSC's Revised Subpoena Requests.**

22.   All documents and communications relating to Dr. Bhambhani's name and DEA numbers appearing on NECC Prescription Order forms.

**RESPONSE TO NO. 22:**

**Objection.   This request seeks documents and information that are unreasonably duplicative, pursuant to Rule 26 and to Judge Boal's Order Regarding Subpoenas and Motions to Quash. [Dkt. 572 at 11-12]. The request also seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, the PSC is referred to the Defendant's Responses to the PSC's Revised Subpoena Request.**

23.   All documents and communications relating to Box Hill's polices in effect during 2012 on preparing and content of surgical procedure reports, including the identification of medication or medical products utilized or administered during a procedure.

**RESPONSE TO NO. 23:**

**Objection. This request is vague and unanswerable as written.  Defendant will be able to address this request following clarification of what is actually being requested.  Subject to and without waiving said objection, the PSC is referred to the medical records of the individual patients at issue, which has been previously produced as well as Defendant's Responses to the PSC's Revised Subpoena Requests.**

24.     All documents and communications related to the identification of drugs or therapeutic agents in patient reports, charts, or records.

**RESPONSE TO NO. 24:**

**Objection.  This request is vague and unanswerable as written.  Defendant will be able to address this request following clarification of what is actually being requested.  Subject to and without waiving said objection, the PSC is referred to the medical records of the individual patients at issue, which has been previously produced as well as Defendant's Responses to the PSC's Revised Subpoena Requests.**

25.     All documents and communications related to informed consent when administering, including injecting, medication to Box Hill patients.

**RESPONSE TO NO. 25:**

**Objection.  This request is vague and unanswerable as written.  Defendant will be able to address this request following clarification of what is actually being requested.  Subject to and without waiving said objection, the PSC is referred to the medical records of the individual patients at issue, which has been previously produced as well as Defendant's Responses to the PSC's Revised Subpoena Requests.**

26.     All documents and communications related to the evaluation of Box Hill's procedures and methods concerning the selection, prescription and administration of preservative-free MPA.

**RESPONSE TO NO. 26:**

**Objection.  This request is vague and unanswerable as written.  Defendant will be able to address this request following clarification of what is actually being requested.  Subject to and without waiving said objection, the PSC is referred to the medical records of the individual patients at issue, which has been previously produced as well as Defendant's Responses to the PSC's Revised Subpoena Requests.**

27.     All documents and communications related to Box Hill's internal investigation, evaluation and/or change(s) implemented as a result of Box Hill's involvement with the ordering and/or administration of NECC's product and the fungal meningitis outbreak at any facility, including Box Hill facilities.

**RESPONSE TO NO. 27:**

**Objection.  This request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Further, any such**

**responsive documents, if they even exist, are subject to the attorney-client privilege, the work-product doctrine and Maryland Health Occupations Article 1-401 which deems evidence of subsequent remedial measures inadmissible.**

28.   All documents and communications related to billing, billing policies and billing codes used for billing governmental and private insurers for steroid injection services, NECC's MPA preparation, brand name Depo-Medrol and generic Depo-Medrol

**RESPONSE TO NO. 28:**

> **Objection.   This requests seeks documents and information that are unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash.   Subject to not waiving said objections, the PSC is referred to the medical records of each patient Plaintiff and the Defendant's Responses to the PSC's Revised Subpoena Requests.   To the extent that other responsive documents exist, this request will be supplemented.**

29.   All documents and communications related to reimbursement of Box Hill for epidural steroid injection services, NECC's MPA preparation, brand name Depo-Medrol and generic Depo-Medrol from January 1, 2005 to date.

**RESPONSE TO NO. 29:**

> **Objection.   This request is overly broad and unduly burdensome as it seeks information "related to reimbursement . . . for epidural steroid injection services," as well as MPA and brand name and generic Depo-Medrol nearly eight years before the fungal meningitis outbreak at issue.   The request is simply intended to annoy and harass and is not reasonably calculated to lead to the discovery of relevant or admissible evidence.   Defendant also objects because this request is unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash [Dkt. 572].   Subject to and without waiving said objections, Defendant has already produced billing records and medical records for each patient Plaintiff.   The PSC is also referred to Defendant's Responses to the PSC's Revised Subpoena Requests as those documents relate to billing, the product recall, and billing codes.**

30.   All documents and communications related to expenditures made and revenues derived by Box Hill for its administration of steroid injection services from January 1, 2005 to date.

**RESPONSE TO NO. 30:**

> **Objection.   This request is overly broad and unduly burdensome as it seeks information "related to reimbursement . . . for epidural steroid injection services," as well as MPA and brand name and generic Depo-Medrol nearly eight years before the fungal meningitis outbreak at issue.   The request is simply intended to annoy**

15

and harass and is not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant also objects because this request is unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash [Dkt. 572].  Subject to and without waiving said objections, Defendant has already produced billing records and medical records for each patient Plaintiff.  The PSC is also referred to Defendant's Responses to the PSC's Revised Subpoena Requests as those documents relate to billing, expenses, invoices, the product recall and billing codes.

31.     All documents and communications related to the qualification of training of staff on task of determining sources and suppliers of medication administered to Box Hill patients.

**RESPONSE TO NO. 31:**

Objection. This request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Magistrate Judge Boal has already ruled that information regarding health care provider's dealings with medications and suppliers of medications other than the MPA at issue and suppliers other than NECC is not discoverable.   Subject to and without waiving said objections, Dr. Bhambhani has always purchased preservative-free MPA from NECC with regards to the use of the same on Box Hill patients.  It would be Dr. Bhambhani's decision as to source and supplier of medications.  While that makes this request largely irrelevant, Dr. Bhambhani's curriculum vitae is attached in Exhibit 2, BHSC 000260 – BHSC 000261.

32.     All documents and communications related to evaluation, investigation and selection of compounding pharmacies from January 2005 to date.

**RESPONSE TO NO. 32:**

Objection.  The request is vague and overly broad as it generally seeks documents "related to evaluation, investigation and selection of compounding pharmacies" from 2005.  The request does not clarify the purpose of the evaluation or investigation, nor to what medications it is referring.  Subject to and without waiving said objections, Defendant may supplement its response with further clarification.

33.     All documents and communications related to consultation with external entities or people regarding the outsourcing of compounded drugs and evaluation, investigation and selection of compounding pharmacies from January 2005 to date.

**RESPONSE TO NO. 33:**

Objection.  The request is vague and overly broad as it generally seeks documents "related to evaluation, investigation and selection of compounding pharmacies" from 2005.  The request does not clarify the purpose of the evaluation

16

or investigation, nor what medications it is referring to.  Subject to and without waiving said objections, Defendant may supplement its response after further clarification.  In addition, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Request, which contains documents memorializing conversations between Dr. Bhambhani and the Maryland Department of Health and Mental Hygiene.[1]  Specifically, following the meningitis outbreak and the NECC MPA recall, Maryland DHMH recommended Ameridose as an alternative source for preservative-free MPA.

34.     All documents and communications related to Box Hill's licensure or accreditation.

**RESPONSE TO NO. 34:**

Objection.  The request is vague and overly broad since it seeks information "related" to Box Hill's "licensure or accreditation."  Subject to and without waiving said objection, see Ex. 2, BHSC 000262 – BHSC 000267.

35.     The entire custodial file of all Box Hill staff or physicians involved in the selection of NECC as a medication supplier or the ordering, prescription, charting, reporting and/or administration of NECC's MPA, including, but not limited to, all documents and communications related to job titles and job responsibilities.

**RESPONSE TO NO. 35:**

Objection.  The request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objection, no one other than Defendant Bhambhani was responsible for the selection of NECC as a medication supplier of preservative-free MPA or in terms of charting, recording, and/or administration of NECC's MPA. Although Dr. Bhambhani directed the ordering of MPA, she had employee Andrew Vickers, RN, physically place the orders at her direction.  Defendant objects to the production of Mr. Vickers' entire personnel file, as it includes highly sensitive personal and HIPAA protected health and medical record information and is completely irrelevant to his ordering of MPA under Dr. Bhambhani's direction. Plaintiffs, however, are referred to Ex. 2, BHSC 000268 – BHSC 000295, which includes Mr. Vickers' curriculum vitae, board of nursing details, ACLS certification, college degree, confidentiality statement, and position description and performance evaluations up to and including 2012.

36.     A copy of all disclaimers or reservation of rights letters from any Box Hill insurance carrier or insurance facility.

---

[1] As this document was already produced, Defendant objects on the basis that the request is unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash. [Dkt. 574].

**RESPONSE TO NO. 36:**

>       **Objection.  The request is not reasonably calculated to lead to the discovery of relevant or admissible evidence.  In addition, the request seeks documents and information that are unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash [Dkt. 572].  Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests, which included insurance carrier information.**

37.     Certified copies of all insurance policies that may apply coverage to Box Hill for the claims asserted in this case.

**RESPONSE TO NO. 37:**

>       **Objection.  The request is not reasonably calculated to lead to the discovery of relevant or admissible evidence.  In addition, the request seeks documents and information that are unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash [Dkt. 572].  Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena Requests, which included insurance carrier information.**

38.     A copy of CVs for any and all physicians who performed spinal injections at Box Hill from January 2010 through 2012.

**RESPONSE TO NO. 38:**

>       **Defendant Bhambhani is the only physician who performed spinal injections at Box Hill from January 2010 through 2012.  The PSC is referred to her Curriculum Vitae attached in Ex. 2.**

39.     A copy of all expert reports and CVs by or of experts you intend to call at trial on your behalf.

**RESPONSE TO NO. 39:**

>       **Defendant will provide documents responsive to this request pursuant to the appropriate deadlines established by court Order.**

40.     A copy of documents you refer to or identify in your answers to interrogatories.

**RESPONSE TO NO. 40:**

>       **Attached.**

41.     A complete copy (in color) of each of the Plaintiff's or his/her decedent's medical records, medical chart and billing.

**RESPONSE TO NO. 41:**

> **Objection.     This request seeks documents and information that is unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash. [Dkt. 572].  Documents responsive to this request were already provided to Plaintiff's counsel upon their request.**

42.     A complete copy (with no redactions as to any Box Hill patient whose case is in suit in the MDL or for whom you have received a letter of representation) of any prescriptions or prescription order form for MPA submitted by or on behalf of Box Hill to NECC.

**RESPONSE TO NO. 42:**

> **Objection.     This request seeks documents and information that is unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash. [Dkt. 572].  Documents responsive to this request were already provided to Plaintiff's counsel upon their request as well as in response to the PSC's Revised Subpoena.**

43.     A copy of any materials relating to Box Hill's determination of NECC's qualification or suitability as a vendor or prescription medications used at Box Hill in the treatment of patients.

**RESPONSE TO NO. 43:**

> **Objection.     This request seeks documents and information that are unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash [Dkt. 572].  Defendant also objects as the request is vague, overly broad and unduly burdensome.   Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's Revised Subpoena requests, Answers to the PSC's First Set of Interrogatories, and NECC's license with the Maryland Department of Pharmacy as evidence by the Department of Pharmacy website located at http://dhmh.maryland.gov/pharmacy.**

44.     A copy of Box Hill's formulary and any formulary procedures or policies.

**RESPONSE TO NO. 44:**

> **Objection. This request seeks documents and information that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waving said objections, none.**

45     A copy of any and all documents relating to the fate of patients who were administered MPA from one of the recalled NECC lots at Box Hill.

**RESPONSE TO NO. 45:**

**Objection.  This request is vague, overly broad and unduly burdensome.  It also seeks documents and information that are unreasonably duplicative, pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash [Dkt. 572].  In addition, this Defendant objects to providing information on its patients who are not otherwise  a part of this MDL or these NECC lawsuits, especially since the request seeks the "fate" of such patients, which is undefined and confusing. Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's revised Subpoena requests and medical records of patient Plaintiff's already produced to Plaintiffs' counsel.**

46.     A copy of any documents relating to administrative or licensure authority complaints, citations, warnings, suspensions, prohibitions or other administrative action against Box Hill or physicians associated with Box Hill.

**RESPONSE TO NO. 46:**

**Objection.   This  request  seeks  documents  and  information  that  is  not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objection, there are no documents responsive to this request.**

47.     A copy of any statement, press release or testimony by or on behalf of Box Hill or its associated physician relating to NECC or patients administered NECC medications.

**RESPONSE TO NO. 47:**

**Objection.  This request is vague, overly broad and unduly burdensome. In addition, while Dr. Bhambhani gave testimony to the FBI and the Department of Justice at their request, it is Defendant's understanding that the testimony is confidential and protected.  Without waiving said objection, there are no responsive documents to this request in Dr. Bhambhani's possession.**

48.     A copy of any notice or claim you submitted to any third party, including the NECC Bankruptcy trustee, relating to NECC or patients administered NECC medications.

**RESPONSE TO NO. 48:**

**Objection.   This  request  seeks  documents  and  information  that  are  not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Without waiving said objection, none.**

49.     A copy of all documents and material relating to any claim you may make at trial that others are potentially liable for plaintiff's respective alleged injuries.

**RESPONSE TO NO. 49:**

**Objection.  This request seeks documents and information that are protected by the work-product doctrine.  In addition, as discovery is ongoing and in the early stages, this response will be supplemented as discovery proceeds in accordance with the appropriate deadlines established by court order and the Federal Rules of Civil Procedure.  Subject to and without waiving said objections, Defendant intends to make any and all claims permissible by law as to the liability of NECC and other parties responsible, if at all.**

50.     A copy of all communications by and between Box Hill and NECC or NECC sales agents relating to NECC's pharmaceutical products.

**RESPONSE TO NO. 50:**

**Objection.  This request seeks irrelevant information that is not reasonably calculated to lead to discovery of admissible evidence, pursuant to Judge Boal's Order Regarding Subpoenas and Motions to Quash [Dkt. 572].  In addition, this request seeks documents and information that are unreasonably duplicative pursuant to Rule 26 and Judge Boal's Order Regarding Subpoenas and Motions to Quash [Dkt.572 at 11-12].   Subject to and without waiving said objections, the PSC is referred to Defendant's Responses to the PSC's revised Subpoena requests, wherein the same request was made.**

[SPACE INTENTIONALLLY LEFT BLANK]

Respectfully submitted,

**PESSIN KATZ LAW, P.A.**

/s/Gregory K. Kirby

**Gregory K. Kirby** (admitted *pro hac* vice)
901 Dulaney Valley Road, Suite 500
Towson, MD 21204
Ph:  (410) 938-8800
Fax: (410) 832-5644
gkirby@pklaw.com

## CERTIFICATE OF SERVICE

This will certify that on this 10th day of July, 2015, a true and accurate copy of the

foregoing was served on the Plaintiffs' Steering Committee as indicated below by electronic and

first-class mail with the expectation that it will be uploaded to the discovery repository in the

MDL, and served on all parties hereto by virtue of the Court's electronic filing system:

Kimberly Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue
Suite 365
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com
*Maryland Lead Counsel for PSC*

/s/Gregory K. Kirby

**Gregory K. Kirby**

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) |
| | ) |
| This document relates to: | ) ) |
| Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ | ) ) ) |
| Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ | ) ) ) |
| Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ | ) ) ) |
| Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ | ) ) ) |
| Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ | ) ) ) |
| Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ | ) ) ) |
| Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ | ) ) ) |
| Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ | ) ) |

MDL No. 02419
Docket No. 1:13-md-2419-RWZ

## DEFENDANTS' RESPONSES TO PLAINTIFFS' STEERING COMMITTEE'S REVISED SUBPOENA REQUEST

NOW COMES Defendants Box Hill Surgery Center, LLC, Ritu Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC ("Defendants"), by and through Gregory K. Kirby and Pessin Katz Law, P.A., their attorneys, and hereby respond to the Revised Subpoena propounded by the Plaintiffs' Steering Committee ("Plaintiffs," "Plaintiffs' Steering Committee," or "PSC") in the above-referenced MDL No. 2419 and the captioned cases, and state:

## GENERAL RESPONSES

1.      The information supplied in these responses is not based solely on the knowledge of the Defendants to whom the Request is addressed, but includes the knowledge of the Defendants' agents, representatives and attorneys, unless privileged.

2.      The word usage and sentence structure may be that of the Defendants' agents, representatives, and/or attorneys assisting in the preparation of these responses and, thus, docs not necessarily purport to be the precise language of the responding parties.

3.      The Request has been interpreted and responded to in accordance with the Federal Rules of Civil Procedure, plain English usage and, to the extent not specifically challenged by objection, the definitions and instructions included with the Request.

## GENERAL OBJECTIONS

A.      The Defendants object to these requests on the grounds that they exceed and/or are in contravention of the Federal Rules of Civil Procedure and the Discovery Guidelines of the United States District Court.

B.      The Defendants object to each and every request to the extent the request is overly broad, unduly burdensome, harassing, repetitious, vague and/or ambiguous, and to the extent that the Request purports to require the disclosure of information beyond the scope of admissible evidence under the Federal Rules.

C.      The Defendants object to each and every request to the extent that Plaintiffs seek information subject to the attorney-client and/or work product privileges or other applicable privileges, including the opinions, mental impressions, conclusions or legal theories of its attorneys, accountants or other representatives. Inadvertent production or exposure of any such document shall not constitute a waiver of such privilege or immunity or of any other ground of objection to the admissibility of such documents or of any information contained therein.

D.      The Defendants do not waive any protections or privileges by responding to these requests. Inadvertent production or exposure of any such document shall not constitute a waiver of such privilege or immunity or of any other ground of objection to the admissibility of such documents or of any information contained therein.

E.      The Defendants object to each and every request to the extent the request seeks information that is not relevant to these cases, or information that is not likely to lead to the discovery of admissible evidence in these cases.

F.     The Defendants object to all requests and to the definitions and instructions set forth therein, to the extent they impose duties which exceed or alter the duties imposed by the Federal Rules.

G.     The Defendants' objections and responses to the Requests are based on information now available to them, and are made without prejudice to the Defendants' right to assert additional objections should they discover additional grounds for objection.  That the Defendants have responded to any request is not intended and shall not be construed as a waiver by them of any objection to any request.

H.     The Defendants have not yet completed discovery in this lawsuit and, therefore, reserve the right to file supplemental responses if, and when, such additional information comes into their possession.

I.     By providing the information requested, the Defendants do not waive any objections to their admission into evidence on the grounds of relevance, materiality, or any other proper grounds for objection.

J.     The Defendants object to all Requests to the extent that they seek information regarding trade secrets or other confidential, commercial, proprietary, technical, financial, business plans and/or other material which would allow Plaintiffs and/or third persons to obtain competitive information.

K.     The Defendants object to all requests to the extent that they seek "all" communications and "all" documents on the ground that they cannot know all communications or documents which may exist.

L.     No incidental or implied admissions are intended by a response provided by the Defendants to any request.  That the Defendants have responded to any request is not an admission that they accept or admit the existence of any facts set forth or assumed by such request or that the making of such a response constitutes admissible evidence.

M.     Neither the Defendants' agreement to produce nor their objection to the production of any information or documents or any category of information or documents is to be construed as an admission or acknowledgement that any information or documents exist within such category or categories.

N.     The Defendants object to any request to the extent that it requires disclosure of information banned and/or protected from disclosure by law.

O.     The Defendants make these responses subject to the reservation of their rights to object to the introduction into evidence in this or any other action of any information or material contained herein or produced hereunder upon any ground, including, but not limited to, relevancy, materiality, competency, and hearsay.

P.     The Defendants object to those requests in which the Plaintiffs have provided their interpretation of the meaning of a document or purport to summarize the contents of a document in variance of the actual terms contained within such a document in that the Plaintiffs'

allegations are conclusions of law and/or contain characterizations for which no further response is required beyond reference to the actual document cited.

Q. The Defendants generally object to the characterizations throughout the Request. The Defendants' responses do not constitute their agreement with the characterizations contained in the Request.

R. The Defendants object to the requests to the extent they seek documents or information already in the custody or control of the Plaintiffs or seek documents or information, which may be obtained by Plaintiffs more conveniently, less expensively, and with less burden than by the Defendants or by these requests.

S. The Defendants object to each request that seeks the disclosure of documents that are available to the public.

T. These objections are hereby incorporated into each specific objection and response. Citation to a particular general response and any specific objection below is not a waiver of any of the general objections not cited therein.

U. All responses stated below incorporate the above-stated objections and are provided subject to and without waiving any of the objections stated above. The fact that the Defendants choose not to repeat each of the foregoing objections for each specific request shall not constitute a waiver of any of the foregoing objections.

## RESPONSES

1. *MPA and Triamcinolone:* Any and all documents and/or electronically stored information ("ESI") reflecting, and/or related in any way whatsoever to, the procurement of methylprednisolone acetate ("MPA") and Triamcinolone from new England Compounding Pharmacy, Inc. ("NECP") that the CDC has identified as contaminated including without limitation of the foregoing, information reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels, sizes of containers of steroid preparation, the cost you paid for the steroid preparation, applicable warranties, shelf life, expiration dates, requirements and instructions for shipment and/or storage, and the specific identify of the preparation being purchased. Also including account information, prescriptions submitted to NECP, prescription order forms, NECP charges for MPA (before and after any discounts applied) or any other compounded steroid medication encompassed by this request.

Response No. 1: Defendants object to this Request. The request is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving said objections, Defendants did not purchase Triamcinolone from New England Compounding Pharmacy, Inc. ("NECP" or "NECC") and have no documents responsive to that part of the Request. As the Request relates to

4

methylprednisolone acetate ("MPA"), documents responsive to this Request are attached.

Names, identification numbers, and phone numbers have been redacted of patients who are not

parties to any lawsuits filed in these matters against the Defendants, or who have not been

identified as represented by counsel as potential plaintiffs. (*See* Docket No. 572 at 19-20.) In

addition, Defendants' credit card information was also redacted as the specific card number is

not relevant and risks identity theft. It should also be noted that the packing slips do not say

"New England Compounding Pharmacy, Inc." or "NECP," but rather "New England

Compounding Center, Inc." and "NECC." It is our understanding that those entities are one and

the same. The attached and other documents are also likely available from NECC.  Defendants

reserve the right to supplement this response as discovery proceeds.

2.     *Equivalents to MPA:*  Any and all documents and/or ESI reflecting, and/or related
in any way whatsoever to, the procurement of MPA, or its generic or name-brand equivalent, or
any other NECC compounded medication identified as contaminated by CDC, from any
producer, compounding facility or manufacturer other than NECP, since 1/1/2012, including
without limitations of the foregoing, information reflecting dates of shipment and/or receipt,
quantities of shipment, lot numbers and other identifying labels, sizes of containers of the
product, the cost you paid for the product, applicable warranties, shelf life, expiration dates,
requirements and instructions for shipment and/or storage, and the specific identity of the
preparations being purchased.

Response No. 2:  Pursuant to this Court's Order On Motion to Quash and Objections to

Subpoena, dated November 13, 2013, Defendants need not comply with this request. (Docket

No. 572 at 1-2.) Without waiving said objection, Defendants have no documents responsive to

this request.

3.     *Cardioplegic solution:*  Any and all documents and/or ESI reflecting, and/or
related in any way whatsoever to, the procurement of cardioplegic solution from NECP that the
CDC has identified as contaminated including without limitation of the foregoing, information
reflecting dates of shipment and/or receipt, quantities of shipment, lot numbers and other
identifying labels, sizes of containers of cardioplegic solution, the cost you paid for the
cardioplegic solution, applicable warranties, shelf life, expiration dates, and requirements and
instructions for shipment and/or storage.  Also including prescriptions submitted to NECP,
prescript order forms, NECP charges for cardioplegic solution (before and after any discounts
applied).

5

Response No. 3:  Defendants object to this request. The request seeks documents that are

not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Without

waiving said objection, Defendants have no documents responsive to this request.

4.      *Betamethasone:*  Any and all documents and/or ESI reflecting, and/or related in
any way whatsoever to, the procurement of Betamethasone from NECP that the CDC has
identified as contaminated, including without limitation of the foregoing, information reflecting
dates of shipment and/or receipt, quantities of shipment, lot numbers and other identifying labels,
sizes of containers of ophthalmic solution, the cost you paid for the ophthalmic solution,
applicable warranties, shelf life, expiration dates, and requirements and instructions for shipment
and/or storage.  Also including prescriptions submitted to NECP, prescription order forms,
NECP charges for ophthalmic solution (before and after any discounts applied).

Response No. 4:  Defendants object to this request.  The request seeks documents that are

not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Without

waiving said objection, Defendants have no documents responsive to this request.

5.      [Request No. 5 was omitted in the Revised Subpoena by Plaintiffs]

6.      [Request No. 6 was omitted in the Revised Subpoena by Plaintiffs]

7.      *Communications with NECP:*  Any and all documents and/or ESI reflecting or
containing communications (written or otherwise) between NAME OF TARGET
HEALTHCARE PROVIDER ("Healthcare Provider"), its employees, principals, partners, and/or
agents, and NECP, its employees and/or agents, during the two-year period immediately
preceding October 6, 2012, including, but not limited to, any complaints or adverse event reports
made to NECP by the Healthcare Provider.

Response No. 7:  Defendants object to this request.  The request is vague, overly broad,

and unduly burdensome.  Without waiving said objections, any documents responsive to this

request were previously produced, but are also attached here. There may be other documents

responsive to this request depending on Plaintiffs' definition of "communication," but they are

duplicative of documents already attached in response to other requests.

8.      *Information about NECP's qualifications:*  Any and all documents and/or ESI
reflecting or containing information obtained by the Healthcare Provider, its employees and/or
agents, regarding NECP, including without limitation of the foregoing, NECP's qualifications,
certifications or accreditations, or lack thereof, regulatory compliance, lack of regulatory
compliance, operations, enforcement actions, suitability for conducting its business, legal actions
and/or warnings, brochures, policies and procedures, ordering and delivery information company

overviews, standard operating procedures, executive summaries, attachments A, B or others (relating to HIPAA, NECP policies and procedures, or other information).

Response No. 8: Defendants object to this request. The request is vague, overly broad, and unduly burdensome, and seeks documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving said objection, Defendants currently have no documents responsive to this request.

9.   *Communications received about fitness of NECP's products:* Any and all documents and/or ESI reflecting or containing information obtained by, or communications received by, the Healthcare Provider, its employees and/or agents, concerning the fitness of any products purchased or obtained from NECP for their intended use, for the medical products determined by the CDC to be contaminated, including but not limited to any environmental testing results, microbiology reports or certificates of analysis.

Response No. 9: Defendants object to this request. The request is vague, overly broad, and unduly burdensome, and seeks documents that are not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving said objections, Defendants have no documents responsive to this request other than what is produced in response to Requests No. 7 and 10.

10.   *Information received from governmental entities:* Any and all documents and/or ESI reflecting or containing information obtained by, or sent to, the Healthcare Provider, its employees and/agents, from the Centers for Disease Control and Prevention, the Federal Food and Drug Administration, and/or any other Federal, state or local regulatory agency, concerning the fitness of any products manufactured, compounded or produced by NECP for their intended purpose.

Response No. 10: Defendants object to this request. The request is vague, overly broad, and unduly burdensome. Without waiving said objections, please see attached. Among other things, electronic communications are produced. To the extent that those electronic communications included information protected by the attorney-client privilege, it was redacted. There was no substantive information redacted.

11.   [Request No. 11 was omitted in the Revised Subpoena by Plaintiffs]

7

12.    *Marketing information:*  Any and all documents and/or ESI reflecting or containing marketing information from NECP, NECP's agents, or any sales company or person marketing, selling, or attempting to sell products on behalf of NECP.

Response No. 12:  Defendants object to this request. The request is vague, overly broad,

and unduly burdensome. Without waiving said objections, Defendants have attached responsive

documents.

13.    *Contracts with NECP:*  Any and all documents and/or ESI reflecting or containing agreements, contracts and/or warranties between the Healthcare Provider and NECP, NECP's agents, or any sales company or person marketing, selling, or attempting to sell products on behalf of NECP.

Response No. 13:  Defendants object to this request. The request is vague, overly broad,

and unduly burdensome. Without waiving said objections, Defendants have no documents

responsive to this request.

14.    *Recall notices received:*  Any and all documents and/or ESI reflecting or containing recall notices received by the Healthcare Provider pertaining to products produced by NECP, including without limitation of the foregoing, the date, time and manner of receipt of the recall notices, the specific person or persons within the Healthcare Provider who received the notice, and the substance of the notice.

Response No. 14:  Defendants object to this request. The request is vague, overly broad,

and unduly burdensome. Without waiving said objections, please see attached.

15.    *Communications responding to recall notices:*  any and all documents and/or ESI reflecting or containing communications made or issued by the Healthcare Provider, its employees and/or agents, in response to any recall notice regarding NECP products, including without limitation of the foregoing, the date, time and manner of transmission of the communication, the person(s) to which the communication was directed, and the person at the Healthcare Provider who made or delivered the communications.

Response No. 15:  Defendants object to this request. The request is vague, overly broad,

and unduly burdensome, and seeks documents that are not reasonably calculated to lead to the

discovery of relevant or admissible evidence. Without waiving said objections, please see

attached, as well as documents produced in response to Requests No. 7, 10 and 14. Names,

identification numbers, and phone numbers have been redacted of patients who are not parties to

8

any lawsuits filed in these matters against the Defendants, or who have not been identified as

represented by counsel as potential plaintiffs. (*See* Docket No. 572 at 19-20.)

16.    *Compliance with USP:* Any and all documents regarding any investigation or inquiry the Healthcare Provider performed related to attempts by NECP to comply with United States Pharmacopeia -- National Formulary, Chapter 797 (USP -- NF General Chapter 797, entitled "Pharmaceutical Compounding -- Sterile Preparations").

Response No. 16:  Defendants object to this request. The request is vague, overly broad,

unduly burdensome, and seeks information that is not reasonably calculated to lead to the

discovery of relevant or admissible evidence. Without waiving said objections, Defendants

currently have no documents responsive to this request.

17.    *Insurance policies:* Any and all policies of insurance, including without limitation of the foregoing, professional liability, malpractice, products liability, general liability, and comprehensive or umbrella policies, issued to the Healthcare Provider and/or its principal offices and directors and/or any physician working for or on behalf of the Healthcare Provider, for the policy periods covering any use of NECP medical products identified as contaminated by the CDC.

Response No. 17:  Defendants object to this request. The request is vague, overly broad,

unduly burdensome, and seeks information that is not reasonably calculated to lead to the

discovery of relevant or admissible evidence. Without waiving said objections, responsive

documents related to professional malpractice insurance were previously produced.

18.    *Articles of incorporation:* Articles of Incorporation and/or By-Laws applicable to the Healthcare Provider for calendar years 2011, 2012 and 2013.

Response No. 18:  Defendants object to this request. The request is vague, overly broad,

unduly burdensome, and seeks information that is not reasonably calculated to lead to the

discovery of relevant or admissible evidence. Without waiving said objections, please see

attached.

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
(410) 938-8800
*Attorneys for Box Hill Surgery Center, L.L.C.,*
*Ritu T. Bhambhani, M.D., and Ritu T.*
*Bhambhani, M.D., L.L.C.*

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with Plaintiffs' counsel and attempted in good faith to resolve or narrow the issues.

/s/ Gregory K. Kirby
Gregory K. Kirby

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2015, a copy of the foregoing Response to Revised Subpoena on behalf of Defendants Box Hill Surgery Center, LLC, Ritu Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC, and the referenced and attached documents, were served, via electronic and first-class mail, postage prepaid, upon:

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
KDougherty@myadvocates.com
Phone: 617-933-1265
Attorney and Member of the Plaintiffs' Steering Committee

/s/ Gregory K. Kirby
Gregory K. Kirby

# EXHIBIT 2

## CURRICULUM VITAE

### RITU T. BHAMBHANI, M.D.
Email: rtb.practice@gmail.com

100 Walter Ward Blvd., Suite 300.       Cell: (443) 857-1416
Abingdon, MD 21009
Ph: (410) 569-3333, Fax: 877-595-7180

**CURRENT PRACTICE**

|  |  |  |
|---|---|---|
| | July 2008 to present | Private practice, primary focus on chronic pain management |
| | May 2003 to June 2008 | Director of Anesthesiology & Pain Management, Harford County Ambulatory Surgery Center, Edgewood, MD |
| | Aug. 2000 to May 2003 | Practicing Anesthesiologist and Pain Specialist, Chesapeake Perioperative Services, LLC Franklin Sq., Hospital, Baltimore, MD |
| **FELLOWSHIP:** | Jul. 1999 to Aug. 2000 | Pain Management, Division of Pain Management, Dept. of Anesthesiology, Cleveland Clinic Foundation, Cleveland, OH |
| **RESIDENCY:** | Jul. 1996 to Jun. 1999 | Department of Anesthesiology and Critical Care Medicine, Cleveland Clinic Foundation, Cleveland, OH. |
| **INTERNSHIP:** | Jul. 1995 to Jun. 1996 | Transitional Medicine, Western Reserve Care System, Youngstown, OH. |
| **MEDICAL SCHOOL** | Aug. 1988 to May 1994 | Delhi University Maulana Azad Medical College, Delhi, India |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

| CERTIFICATION/ | Sept 2006 | MD State Licensure in Acupuncture |
| | Nov 2002 | ABA **Certified** in Pain Management |
| LICENSURE: | July 2000 | Maryland State Medical License |
| | April 2000 | ABA **Certified** in Anesthesiology |
| | Oct 1997 | Ohio State Medical License |
| | May 1995 | E.C.F.M.G. Certification |
| | Mar. 1995 | U.S.M.L.E. Step 2 |
| | Sept 1994 | U.S.M.L.E. Step 1 |
| | May 1994 | Bachelor of Medicine and Bachelor of Surgery |

BLS. ACLS certified. Certified ACLS instructor

**REFERENCES**          Available on request

**SPECIAL INTEREST**     Chronic spine related pain management, using a multi-modal approach in the geriatric patient population.



ACCREDITATION ASSOCIATION *for* AMBULATORY HEALTH CARE, INC.

# CERTIFICATE OF ACCREDITATION

*grants this*

*to*

## BOX HILL SURGERY CENTER LLC

100 WALTER WARD BOULEVARD, SUITE 300
ABINGDON, MD 21009

*In recognition of its commitment to high quality of care and substantial compliance
with the Accreditation Association standards for ambulatory health care organizations;*

*President, Accreditation Association*

ROY C. GREKIN, M.D.

87385
*Organization Identification Number*

*Executive Director, Accreditation Association*

JOHN E. BURKE, PH.D.

OCTOBER 13, 2012
*The Board of Accreditation expires on the above date*

### MEMBER ORGANIZATIONS OF THE ACCREDITATION ASSOCIATION

American Academy of Cosmetic Surgery • American Academy of Dental Group Practice • American Academy of Dermatology
American Academy of Facial Plastic and Reconstructive Surgery • American Association of Oral and Maxillofacial Surgeons • American College of Gastroenterology
American College Health Association • American College of Obstetricians & Gynecologists • American College of Gastroenterology
American Society of Anesthesiologists • American Society for Dermatologic Surgery • American Society for Gastrointestinal Endoscopy
Foundation for Ambulatory Surgery in America • Medical Group Management Association • Society for Ambulatory Anesthesia

5200 OLD ORCHARD ROAD, SUITE 200 • SKOKIE, IL 60077
PHONE 847/853.6060 • E-MAIL INFO@AAAHC.ORG • WEB SITE WWW.AAAHC.ORG

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER       BHSC 000262



**ACCREDITATION ASSOCIATION**
*for* AMBULATORY HEALTH CARE, INC.

# CERTIFICATE OF ACCREDITATION

*grants this*

*to*

## BOX HILL SURGERY CENTER LLC

100 WALTER WARD BLVD., SUITE 300
ABINGDON, MD 21009

*In recognition of its commitment to high quality of care and substantial compliance with the Accreditation Association for Ambulatory Health Care standards for ambulatory health care organizations.*

87385
*Organization Identification Number*

KAREN McKELLAR
*Chair of the Board*

OCTOBER 13, 2015
*The Board of Accreditation approves on this date*

JOHN E. BURKE, PH.D.
*President and CEO*

ASSOCIATION MEMBERS

Ambulatory Surgery Foundation • American Academy of Cosmetic Surgery • American Academy of Dental Group Practice • American Academy of Dermatology • American Academy of Facial Plastic and Reconstructive Surgery • American Association of Oral and Maxillofacial Surgeons • American College of Gastroenterology • American College of Mohs Surgery • American College of Mohs Surgery • American Congress of Obstetricians & Gynecologists • American Dental Association • American Gastroenterological Association • American Society of Anesthesiologists • American Society for Dermatologic Surgery Association • American Gastroenterological Association • American Society for Gastrointestinal Endoscopy • Association of periOperative Registered Nurses • ASOPRS • Society for Ambulatory Anesthesia

5250 OLD ORCHARD ROAD, SUITE 200 • SKOKIE, IL 60077
PHONE: 847/853-6060 • E-MAIL: INFO@AAAHC.ORG • WEB SITE: WWW.AAAHC.ORG



## MARYLAND
## DEPARTMENT OF HEALTH AND MENTAL HYGIENE
## OFFICE OF HEALTH CARE QUALITY
SPRING GROVE CENTER
BLAND BRYANT BUILDING
55 WADE AVENUE
CATONSVILLE, MARYLAND 21228

License No. A1485                          Registration No. 27397

Issued to: BOX HILL SURGERY CENTER
        100 WALTER WARD, BLVD STE 300
        ABINGDON, MD  21009

Type of Facility or Community Program:
   FREESTANDING AMBULATORY SURGERY CENTER

Date Issued: 02/24/2012

SPECIALTY: PAIN MANAGEMENT

Number of Residents or Clients:  N/A

Number of Beds:   N/A

Other:   N/A

    Authority to operate in this State is granted to the above entity pursuant to The Health-General Article,
COMAR AMBULATORY CARE, Annotated Code of Maryland and is subject to any and all statutory provisio
including all applicable rules and regulations promulgated thereunder. This document is not transferable.

Expiration Date: 02/24/2015

                                    Director

*Falsification of a license shall subject the perpetrator to criminal prosecution and the imposition of civil fines.*



## STATE OF MARYLAND
## DEPARTMENT OF HEALTH AND MENTAL HYGIENE
## OFFICE OF HEALTH CARE QUALITY
SPRING GROVE CENTER
BLAND BRYANT BUILDING
55 WADE AVENUE
CATONSVILLE, MARYLAND 21228

License No.  A1485

Issued to:   Box Hill Surgery Center, LLC
             100 Walter Ward Boulevard, Suite 300
             Abingdon, MD 21009

Type of Facility or Community Program:   **AMBULATORY SURGICAL CENTER**

Date Issued:        February 24, 2015

**SPECIALTIES:  Pain Management**

Authority to operate in this State is granted to the above entity pursuant to The Health-General Article, Title 19 Annotated Code of Maryland, including all applicable rules and regulations promulgated there under.  This document is not transferable.

Expiration Date:   February 24, 2018

_Patricia Tomako May MD_
Director

_Falsification of a license shall subject the perpetrator to criminal prosecution and the imposition of civil fines._

## Maryland Board of Physicians Practitioner Profile System

General Disclaimer
This data was extracted on 07/09/2015

### Bhambhani, Ritu Taneja

| License and Education | Primary Practice Setting | Public Address |
|---|---|---|
| License No.: D56138 | RITU BHAMBHANI, LLC | 100 Walter Ward Blvd., |
| Accepts Medicaid: Yes | 100 WALTER WARD BLVD | Suite 300 |
| Graduated: 1994 | SUITE 300 | |
| License Status: **Active** | ABINGDON | Abingdon |
| Date License Issued: 06/12/2000 | MD 21009 | MD 21009 |
| License Expiration: 09/30/2016 | | |

Graduated from: Maulana Azad Medical College, University of Delhi

### Postgraduate Training Program

- Cleveland Clinic, Cleveland, OH
- Cleveland Clinic, Cleveland, OH
- Western Reserve Care System/NEOUCOM, Youngstown, OH

### Concentration

Anesthesiology

Anesthesiology, Pain Medicine

Transitional Year - Internship

### Specialty Board Certification
by ABMS/AOA - as reported by licensee

- Anesthesiology
- Anesthesiology, Pain Medicine

### Self-Designated Practice Area

- Anesthesiology
- Anesthesiology, Pain Medicine

### Maryland Hospital Privilege Information

- Franklin Square Hospital Center (MedStar Health System)
- Upper Chesapeake Health System Center/Harford Memorial Hospital

### Medical Licenses Held in Other States - as reported by licensee

- Ohio

### Known Disciplinary Actions by any state medical board (within the past 10 years)

Summary:   No actions reported during the last ten year period.

### Download all Maryland Disciplinary Actions
*None*

### Pending Charges
*None*

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000266

**Malpractice**   (Information to be taken into consideration when reviewing a Licensee's profile)

**Malpractice Judgments and Arbitration Awards** (within the past 10 years)
*None Reported*

**Malpractice Settlements**
(If there are 3 or more settlements of $150,000 or greater within the past 5 years)
*None Reported*

## Convictions for any crime involving moral turpitude
*None reported by the courts*

## General Disclaimer

## Glossary of Terms

## Notice to Credential Verification Professionals

Return to Practitioners Profile Search

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        BHSC 000267

Andrew E. Vickers, R.N.



[REDACTED]

## LICENSES

Registered Nurse

## PROFESSIONAL EXPERIENCE

**Lorien of Bel Air**
Bel Air, Maryland
2004 – Present

**Critical Care Professionals Agency**
Towson, Maryland
2002 – Present

**Upper Chesapeake Health System**
Bel Air, Maryland
1997 – 2002

## EDUCATION

**Harford Community College**
Bel Air, Maryland
- A.A. Nursing
- President – Student Nurses Association
- NCLEX June 1998

## SKILLS

- 8 (eight) years experience working medical/surgical and telemetry IMC units
- Skilled and proficient in the care and education of orthopedic patients status post total joint replacement
- Evening/Night Supervisor
- Acute assessment skills
- Everyday care of all medical and surgical patients
- Assigned position as agency nurse

## CERTIFICATION AND COMMITTEES

- Staffing and Scheduling Coordinator for over fifty staff members
- Recruitment and Retention committee
- Nursing Initiative Counsel
- Established Admission Nurse position
- Nurse of the Year Nominee 2001
- ACLS/Telemetry/Phlebotomy/IV Certified
- Meditech computer system

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**       BHSC 000268

Maryland

# Board of NURSING



## Licensee Details

### Demographic Information

| Full Name: ANDREW E VICKERS | Home State: | Compact State |
|---|---|---|

### License Information

| Lic #: | R139317 | Profession: | Nursing | Type: | REGISTERED NURSE |
|---|---|---|---|---|---|
| Status: | Active | Issue Date: | 9/1/2000 | Expiration Date: | 9/28/2016 |
| Date Renewed: | 8/18/2014 | | | | |
| Obtained by: | Exam | State: | MD | | |

### Education Information

| School: | HARFORD COMMUNITY COLLEGE | | |
|---|---|---|---|
| Profession: | Nursing | | DIPLOMA |
| Specialty: | | | |
| Type: | RN | | |
| School: | | | |
| Profession: | | Nursing | DIPLOMA |
| Specialty: | | | |
| Type: | | RN | |

### Employment Information

No Employment Information

### License CSR Information

No License CSR Information

### CheckList Information

No CheckList Information

### Public Orders

No Related Documents

DISCLAIMER

The information contained in this website is being made available as a public service by the Maryland Board of Nursing. The posted information or responses provided is intended to not constitute legal or medical advice. The information contained in this web site was sourced from license application and other sources such as schools and other states. The Maryland Board of Nursing makes no representations or warranties, either express or implied, as to the accuracy of any posted information and assumes no responsibility for any errors or omissions contained therein. Furthermore, no warranty, express or implied, is created by providing information through this Web Site and the presence of an individual's name on the Web Site does not in any way constitute an endorsement by the Maryland Board of Nursing. No one shall be entitled to claim detrimental reliance on any such information or better provided to or accessed through this web site, or to claim any duty on our part to update posted information to protect the interests of those accessing this web site. In no event shall the Maryland Board of Nursing, its contractors, or its staff be liable to you or anyone else for any decision made or action taken in reliance on such information or views. For more information regarding the Web Site or if you have any questions about information provided therein, please contact the Maryland Board of Nursing directly. The data is derived directly from the Board's license database and is usually updated on a daily basis, except weekends and State Holidays. The Board's website is considered a primary source for this data, which is the same information the Board provides through other means, such as IVR, fax, or mail and is true and complete to the best of the Board's knowledge.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000269



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER   BHSC 000270



# Harford Community College

## State of Maryland

Upon the recommendation of the Faculty and by authority of the Board of Trustees hereby confers upon

## Andrew E. Vickers

the degree of

## Associate of Science

with all the rights and privileges thereunto appertaining.

In witness thereof the seal of the College and the signatures of the duly authorized officers are hereunto affixed at Bel Air, Maryland, this seventeenth day of May, nineteen hundred and ninety-eight.



_Chairperson, Board of Trustees_

_President of the College_

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000271

## EMPLOYEE CONFIDENTIALITY STATEMENT

I, _Andrew E. Vickers R.N._ , understand
   *(please print your name)*

the policies of Box Hill Surgery Center on the confidentiality of our patients' health care information whether in written, unwritten, or electronic form. I understand that this information belongs to the patient and I am only the caretaker and must guard the information appropriately. This includes, but is not limited to, keeping patient health care information secure, private and out of public view, not discussing patient-specific issues and information in public areas, and protecting computer data by logging off work stations when not in use. I acknowledge that I have been trained on our legal obligations to protect the privacy of individually identifiable health information that we create, receive, or maintain as a health care provider. I pledge to abide by HIPAA's Privacy Rules and by any state laws that provide greater protection or rights to patients.

I hereby agree and pledge that I will access only the information that is necessary for me to perform my responsibilities. I agree not to use, disclose or communicate any patient information in any manner whatsoever other than the minimum necessary for the provision of our services. I understand that all patient health care information will be released only to those who have a need to know and have signed a confidentiality agreement, to Business Associates with signed contracts and/or to individuals or organizations with signed authorizations for release. If I have any doubts, prior to releasing any information, I will discuss my concerns with our Privacy Officer.

I also understand that unauthorized use or disclosure of protected health care information may result in disciplinary actions up to and including termination of my employment.

I understand that my obligation, as outlined above, will continue after my employment or association with the practice/facility ends and that should I violate patient confidentiality appropriate sanctions will be taken.

My signature, below attests to the fact that I have read, understand and agree to abide by the terms of this agreement.

Name: _Andrew E. Vickers RN_

Signature: _____

Date: _09/18/09_

Witness Signature: _____

HIPAA Employee Confidentiality Agreement
This form does not constitute legal advice and covers only federal, no state, law.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER       BHSC 000272

ANDY   V.

# POSITION DESCRIPTION / PERFORMANCE EVALUATION

Job Title: Nurse Director/Administrator
Prepared by: ~~RITU BHAMBHANI~~

Date: ~~12/2010~~

Supervised by: Chief Executive Officer
APPROVED BY: RITU BHAMBHANI, MD

Date: _____ 12/2010 _____

**Job Summary:** To perform this position successfully, an individual must be able to perform each essential duty satisfactorily.  The administrative functions of accountability and responsibility of the position are representative of the knowledge, skill and/or ability required.

**DUTIES AND RESPONSIBILITIES:**

E = Exceeds the Standard          M = Meets the Standard          NI = Needs Improvement

Demonstrates Competency in the Following Areas:

| | E | M | NI |
|---|---|---|---|
| Provides balance between cost effectiveness and quality care issues. | 2 | (1) | 0 |
| Forecasts fiscal impact of trends and current and future technological changes affecting the preparation and implementation of the facility budget. | 2 | (1) | 0 |
| Provides guidelines for measuring the quality of patient care, based on accepted standards of nursing practice. | 2 | (1) | 0 |
| Ensures participation of facility personnel in the formulation of the standards of nursing practice. | 2 | (1) | 0 |
| Implements standards, annually reviewing and revising, as necessary, to reflect changes in nursing practice. | 2 | (1) | 0 |
| Demonstrates knowledge of the principles of growth and development over the life span and the skills necessary to provide care appropriate to the age of the patient's served.  Is able to interpret data about the patient's status, in order to identify each patient's age-specific needs and provide the care needed by the patient group. | (2) | 1 | 0 |
| Performs all aspects of patient care in an environment that optimizes patient safety and reduces the likelihood of medical/health care errors. | (2) | 1 | 0 |
| Ability to perform waived testing (point-of-care testing) per Clinical Laboratory's and the patient care unit's policies and procedures. | (2) | 1 | 0 |
| Ability to interpret results of waived tests; take appropriate action on waived tests results. | (2) | 1 | 0 |
| Cultural practices will be addressed and supported, as long as such practices do not harm others or interfere with the planned courses of medical therapy. | 2 | (1) | 0 |
| Ensures clear, concise and current written policies and procedures are available to assist the nursing staff and minimize risk factors. | 2 | (1) | 0 |
| Ensures participation of facility personnel in the formulation of policies and procedures, annual review and revisions. | 2 | (1) | 0 |
| Interprets policy and procedures to all appropriate personnel. | 2 | (1) | 0 |
| Enforces compliance with policy and procedure, as applicable. | 2 | (1) | 0 |
| Determines staffing requirements and patterns, based on scope of services, complexity of patient acuity and fiscal resources. | 2 | (1) | 0 |

Reference #8001 Box Hill Surgery Center                    1                    100 Walter Ward Blvd., Abingdon, MD 21009

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**          BHSC 000273

| Demonstrates Competency in the Following Areas: | E | M | NI |
|---|---|---|---|
| Acts as a consultant in selection of personnel, determined by hiring policies of the facility and department, job requirements, qualifications, vacancies, availability and objectives relating to the quality of care to be delivered. | 2 | (1) | 0 |
| Ensures all new personnel successfully complete required orientation program. | 2 | (1) | 0 |
| Ensures that technical and professional programs are scheduled for staff development and based on: | | | |
|     Identified learning needs of personnel. | 2 | (1) | 0 |
|     Communication of facility directives, policies and procedures. | 2 | (1) | 0 |
|     Maintenance and enhancement of clinical expertise. | 2 | (1) | 0 |
| Encourages staff career development and participation in professional organizations. | 2 | (1) | 0 |
| Participates in educational programs and staff meetings. | 2 | (1) | 0 |
| Ensures a safe, therapeutic operating room environment is maintained for patients and healthcare providers. | 2 | (1) | 0 |
| Ensures occupational safety for personnel through: | | | |
|     Surveillance of safety program. | 2 | (1) | 0 |
|     Surveillance of infection control program. | 2 | (1) | 0 |
|     Monitoring of radiation safety principles. | 2 | (1) | 0 |
|     Minimizing exposure to hazardous and toxic substances. | 2 | (1) | 0 |
| Ensures electrical safety is maintained. | 2 | (1) | 0 |
| Ensures physical facilities are maintained | 2 | (1) | 0 |
| Ensures that the performance improvement program for the facility interfaces with and supports the Nursing Services performance improvement program. | 2 | (1) | 0 |
| Participates in identification and selection of alternatives, when negative outcomes require corrective action. | 2 | (1) | 0 |

| Professional Requirements: | E | M | NI |
|---|---|---|---|
| Adheres to dress code, appearance is neat and clean. | (2) | 1 | 0 |
| Completes annual education requirements. | (2) | 1 | 0 |
| Maintains regulatory requirements, including all state, federal and AAAHC regulations. | 2 | (1) | 0 |
| Maintains and ensures patient confidentiality at all times. | 2 | (1) | 0 |
| Reports to work on time and as scheduled. | (2) | 1 | 0 |
| Wears identification while on duty. | 2 | (1) | 0 |
| Attends annual review | 2 | (1) | 0 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER      BHSC 000274

**Professional Requirements:**

| | E | M | NI |
|---|---|---|---|
| Works at maintaining a good rapport and a cooperative working relationship with physicians, departments and staff. | ②  | 1 | 0 |
| Represents the organization in a positive and professional manner. | ②  | 1 | 0 |
| Attends committee, CQI and management meetings, as appropriate. | ②  | 1 | 0 |
| Resolves personnel concerns at the departmental level, utilizing the grievance process as required. | 2 | ①  | 0 |
| Ensures compliance with policies and procedures regarding department operations, fire, safety and infection control. | 2 | ①  | 0 |
| Effectively and consistently communicates administrative directive to personnel and encourages interactive departmental meetings and discussions. | 2 | ①  | 0 |
| Complies with all organizational policies regarding ethical business practices. | 2 | ①  | 0 |
| Communicates the mission, ethics and goals of the facility, as well as the focus statement of the department. | 2 | ①  | 0 |
| **Total Points** | 20 | 36 | ___ |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER       BHSC 000275

**Regulatory Requirements:**

- Associates Degree or equivalent.

- Graduate of an accredited school of nursing.

- Current State of ___ MD *R139317* Registered Nurse licensure.

- Four (4) to 10 years related experience and/or training; or equivalent combination of education and experience.

- Current BCLS and ACLS certification or Basic EKG or Arrhythmia Identification certification.

**Language Skills:**

- Ability to read and communicate effectively in English.

- Additional languages preferred.

**Skills:**

- Basic computer knowledge.

**Physical Demands:**

- For physical demands of position, including vision, hearing, repetitive motion and environment, see following description.

  Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions of the position without compromising patient care.

======================================================================================

I have received, read and understand the Position Description/Performance Evaluation above.

_Andrew Vickers RN_        _12/2010_

Name/Signature                                                                              Date Signed

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000276

## PERFORMANCE EVALUATION CONTINUATION PAGE

Staff Member: _Andrew E Vickers RN_ . Job Title: _Nurse Director / Administrator_

Performance Evaluation Score:

# of total points achieved _56_

_~~56~~ 46 56_ X 100 = _61_ %

(# questions x 2) _92_

80 - 100%  exceeds standards
50 - 79%  meets standards
0 - 49%  needs improvement

Manager's Comments:

_____

_____

_____

_____

Recommended Goals/Actions:

_Take over all OR/PACU side administrator duties_

_____

_____

Staff Member Comments:

_Continue assuming responsibilities dealing_
_with the policy procedures / and all_
_clinical aspects of Box Hill Surgery_
_center._

Actions Recommended by Department Manager:

☐ Performance Review Only

☐ Next Performance Review on: _12/2011_

☐ Salary Increase: _____

☐ Salary Increase Denied

_____
Staff Member Signature

_12/2010_
Date

_____
Nurse Manager Signature

_12/2010_
Date

_____
Medical Director Signature

_12/2010_
Date

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000277

# PERSONNEL MEMBER
## ANNUAL PROFESSIONAL PERFORMANCE AND COMPETENCY EVALUATION

As a member of the Facility's personnel team, your comments and input are important to both the continuing development and quality provision of patient care and services of the institution. Your continued professional growth and job satisfaction are primary goals of the organization. The administrative team and your department supervisor are interested in your comments regarding the following:

1 - 5
(1 = poor, 5 = excellent)

1.   How would you rate your current job satisfaction level? _5_

2.   How would you rate your current job performance? _5_

3.   How would you rate the organization's provision of personnel benefits? _4_

4.   How would you rate the organization's provisions for personnel continuing education? _4_

5.   How would you rate the organization's physical working environment? _5_

6.   How would you rate the organization's emotional working environment? _5_

7.   List your professional goals: _Continue taking on new job related duties_

8.   List any departmental goals that may differ from professional goals (include educational and performance goals): _Looking forward to additional procedure days_

9.   Is there anything the organization can do to help you achieve any of these goals? _Yes_

10.  If so, please describe: _Continue providing great care._

11.  Comments you feel may assist the organization with improving personnel satisfaction levels:

_____

_____

_____

_____

**Note:** This organization pledges to utilize information provided for the sole purpose of improving personnel satisfaction and assisting the author with achievement of advanced personal and/or professional growth.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000278

# POSITION DESCRIPTION / PERFORMANCE EVALUATION

Job Title: Nurse Director/Administrator
Prepared by: _Dr. Bhambhani_

Supervised by:  Chief Executive Officer
APPROVED BY: RITU BHAMBHANI, MD

Date: _12/23/2011_

Date: _12/23/2011_

**Job Summary:**  To perform this position successfully, an individual must be able to perform each essential duty satisfactorily. The administrative functions of accountability and responsibility of the position are representative of the knowledge, skill and/or ability required.

**DUTIES AND RESPONSIBILITIES:**

E = Exceeds the Standard          M = Meets the Standard          NI = Needs Improvement

| Demonstrates Competency in the Following Areas: | E | M | NI |
|---|---|---|---|
| Provides balance between cost effectiveness and quality care issues. | (2) | 1 | 0 |
| Forecasts fiscal impact of trends and current and future technological changes affecting the preparation and implementation of the facility budget. | (2) | 1 | 0 |
| Provides guidelines for measuring the quality of patient care, based on accepted standards of nursing practice. | (2) | 1 | 0 |
| Ensures participation of facility personnel in the formulation of the standards of nursing practice. | 2 | (1) | 0 |
| Implements standards, annually reviewing and revising, as necessary, to reflect changes in nursing practice. | 2 | (1) | 0 |
| Demonstrates knowledge of the principles of growth and development over the life span and the skills necessary to provide care appropriate to the age of the patients served. Is able to interpret data about the patient's status, in order to identify each patient's age-specific needs and provide the care needed by the patient group. | (2) | 1 | 0 |
| Performs all aspects of patient care in an environment that optimizes patient safety and reduces the likelihood of medical/health care errors. | 2 | (1) | 0 |
| Ability to perform waived testing (point-of-care testing) per Clinical Laboratory's and the patient care unit's policies and procedures. | 2 | (1) | 0 |
| Ability to interpret results of waived tests; take appropriate action on waived tests results. | 2 | (1) | 0 |
| Cultural practices will be addressed and supported, as long as such practices do not harm others or interfere with the planned courses of medical therapy. | 2 | (1) | 0 |
| Ensures clear, concise and current written policies and procedures are available to assist the nursing staff and minimize risk factors. | 2 | (1) | 0 |
| Ensures participation of facility personnel in the formulation of policies and procedures, annual review and revisions. | 2 | (1) | 0 |
| Interprets policy and procedures to all appropriate personnel. | 2 | (1) | 0 |
| Enforces compliance with policy and procedure, as applicable. | 2 | (1) | 0 |
| Determines staffing requirements and patterns, based on scope of services, complexity of patient acuity and fiscal resources. | 2 | (1) | 0 |

Reference #8001 Box Hill Surgery Center                    1                    100 Walter Ward Blvd., Abingdon, MD 21009

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000279

**Demonstrates Competency in the Following Areas:**

| | E | M | NI |
|---|---|---|---|
| Acts as a consultant in selection of personnel, determined by hiring policies of the facility and department, job requirements, qualifications, vacancies, availability and objectives relating to the quality of care to be delivered. | 2 | (1) | 0 |
| Ensures all new personnel successfully complete required orientation program. | 2 | (1) | 0 |
| Ensures that technical and professional programs are scheduled for staff development and based on: | | | |
| Identified learning needs of personnel. | 2 | (1) | 0 |
| Communication of facility directives, policies and procedures. | 2 | (1) | 0 |
| Maintenance and enhancement of clinical expertise. | 2 | (1) | 0 |
| Encourages staff career development and participation in professional organizations. | 2 | (1) | 0 |
| Participates in educational programs and staff meetings. | (2) | 1 | 0 |
| Ensures a safe, therapeutic operating room environment is maintained for patients and healthcare providers. | (2) | 1 | 0 |
| Ensures occupational safety for personnel through: | | | |
| Surveillance of safety program. | 2 | (1) | 0 |
| Surveillance of infection control program. | 2 | (1) | 0 |
| Monitoring of radiation safety principles. | 2 | (1) | 0 |
| Minimizing exposure to hazardous and toxic substances. | (2) | 1 | 0 |
| Ensures electrical safety is maintained. | (2) | 1 | 0 |
| Ensures physical facilities are maintained | (2) | 1 | 0 |
| Ensures that the performance improvement program for the facility interfaces with and supports the Nursing Services performance improvement program. | 2 | (1) | 0 |
| Participates in identification and selection of alternatives, when negative outcomes require corrective action. | (2) | 1 | 0 |

**Professional Requirements:**

| | E | M | NI |
|---|---|---|---|
| Adheres to dress code, appearance is neat and clean. | (2) | 1 | 0 |
| Completes annual education requirements. | (2) | 1 | 0 |
| Maintains regulatory requirements, including all state, federal and AAAHC regulations. | 2 | (1) | 0 |
| Maintains and ensures patient confidentiality at all times. | (2) | 1 | 0 |
| Reports to work on time and as scheduled. | (2) | 1 | 0 |
| Wears identification while on duty. | 2 | (1) | 0 |
| Attends annual review | 2 | (1) | 0 |

Reference #8001 Box Hill Surgery Center               2               100 Walter Ward Blvd., Abingdon, MD 21009

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        BHSC 000280

**Professional Requirements:**

|  | E | M | NI |
|---|---|---|---|
| Works at maintaining a good rapport and a cooperative working relationship with physicians, departments and staff. | (2) | 1 | 0 |
| Represents the organization in a positive and professional manner. | (2) | 1 | 0 |
| Attends committee, CQI and management meetings, as appropriate. | 2 | (1) | 0 |
| Resolves personnel concerns at the departmental level, utilizing the grievance process as required. | 2 | (1) | 0 |
| Ensures compliance with policies and procedures regarding department operations, fire, safety and infection control. | (2) | 1 | 0 |
| Effectively and consistently communicates administrative directive to personnel and encourages interactive departmental meetings and discussions. | 2 | (1) | 0 |
| Complies with all organizational policies regarding ethical business practices. | (2) | 1 | 0 |
| Communicates the mission, ethics and goals of the facility, as well as the focus statement of the department. | (2) | 1 | 0 |
| **Total Points** | 38 | 27 | ___ |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000281

**Regulatory Requirements:**

- Associates Degree or equivalent.

- Graduate of an accredited school of nursing.

- Current State of ____ MD _R139317_ Registered Nurse licensure.

- Four (4) to 10 years related experience and/or training; or equivalent combination of education and experience.

- Current BCLS and ACLS certification or Basic EKG or Arrhythmia Identification certification.

**Language Skills:**

- Ability to read and communicate effectively in English.

- Additional languages preferred.

**Skills:**

- Basic computer knowledge.

**Physical Demands:**

- For physical demands of position, including vision, hearing, repetitive motion and environment, see following description.

  Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions of the position without compromising patient care.

=================================================================================

I have received, read and understand the Position Description/Performance Evaluation above.

_____          _12/23/2011_
Name/Signature                                    Date Signed

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000282

*Andrew Vickers*

## PERSONNEL MEMBER
## ANNUAL PROFESSIONAL PERFORMANCE AND COMPETENCY EVALUATION

As a member of the Facility's personnel team, your comments and input are important to both the continuing development and quality provision of patient care and services of the institution. Your continued professional growth and job satisfaction are primary goals of the organization. The administrative team and your department supervisor are interested in your comments regarding the following:

**1 - 5**
(1 = poor, 5 = excellent)

1. How would you rate your current job satisfaction level? _5_

2. How would you rate your current job performance? _4_

3. How would you rate the organization's provision of personnel benefits? _N/A_

4. How would you rate the organization's provisions for personnel continuing education? _3_

5. How would you rate the organization's physical working environment? _5_

6. How would you rate the organization's emotional working environment? _5_

7. List your professional goals: *Try to increase organization for available arredations of personel charts & annual evaluations*

8. List any departmental goals that may differ from professional goals (include educational and performance goals): *Stream line new hire paperwork Decrease cost+waste on surgical side*

9. Is there anything the organization can do to help you achieve any of these goals? *Yes*

10. If so, please describe: *Continue to implement time and money saving ideas.*

11. Comments you feel may assist the organization with improving personnel satisfaction levels:
_____
_____
_____
_____

**Note:** This organization pledges to utilize information provided for the sole purpose of improving personnel satisfaction and assisting the author with achievement of advanced personal and/or professional growth.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        BHSC 000283

## PERFORMANCE EVALUATION CONTINUATION PAGE

Staff Member: _Andrew Vickers_          Job Title: _RN_

Performance Evaluation Score:
# of total points achieved

$\dfrac{65}{\text{(\# questions x 2)} \quad 92}$  X 100 = __71__ %

    80 - 100%  exceeds standards
    50 -  79%  meets standards
     0 -  49%  needs improvement

Manager's Comments:

_____
_____
_____
_____

Recommended Goals/Actions:

_____
_____
_____
_____

Staff Member Comments:
_Always looking to improve performance. Will continue to work on more organized process for Quarterly meetings, annual reviews, and improvement in ordering supplies._

Actions Recommended by Department Manager:

☑ Performance Review Only
☐ Next Performance Review on: _____

☐ Salary Increase: _____
☐ Salary Increase Denied

_____
Staff Member Signature

Date _12/23/2011_

_____
Department Manager Signature

Date _12/23/2011_

_____
Administrative Signature

Date _12/23/11_

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000284

## POSITION DESCRIPTION / PERFORMANCE EVALUATION

Job Title: Nurse Director/Administrator
Prepared by: *Dr. Bhambhani*

Date: *12·21·12*

Supervised by: Chief Executive Officer
APPROVED BY: RITU BHAMBHANI, MD

Date: *12·21·12*

**Job Summary:** To perform this position successfully, an individual must be able to perform each essential duty satisfactorily. The administrative functions of accountability and responsibility of the position are representative of the knowledge, skill and/or ability required.

**DUTIES AND RESPONSIBILITIES:**

E = Exceeds the Standard        M = Meets the Standard        NI = Needs Improvement

**Demonstrates Competency in the Following Areas:**

| | E | M | NI |
|---|---|---|---|
| Provides balance between cost effectiveness and quality care issues. | (2) | 1 | 0 |
| Forecasts fiscal impact of trends and current and future technological changes affecting the preparation and implementation of the facility budget. | (2) | 1 | 0 |
| Provides guidelines for measuring the quality of patient care, based on accepted standards of nursing practice. | (2) | 1 | 0 |
| Ensures participation of facility personnel in the formulation of the standards of nursing practice. | 2 | (1) | 0 |
| Implements standards, annually reviewing and revising, as necessary, to reflect changes in nursing practice. | 2 | (1) | 0 |
| Demonstrates knowledge of the principles of growth and development over the life span and the skills necessary to provide care appropriate to the age of the patients served. Is able to interpret data about the patient's status, in order to identify each patient's age-specific needs and provide the care needed by the patient group. | (2) | 1 | 0 |
| Performs all aspects of patient care in an environment that optimizes patient safety and reduces the likelihood of medical/health care errors. | (2) | 1 | 0 |
| Ability to perform waived testing (point-of-care testing) per Clinical Laboratory's and the patient care unit's policies and procedures. | (2) | 1 | 0 |
| Ability to interpret results of waived tests; take appropriate action on waived tests results. | (2) | 1 | 0 |
| Cultural practices will be addressed and supported, as long as such practices do not harm others or interfere with the planned courses of medical therapy. | (2) | 1 | 0 |
| Ensures clear, concise and current written policies and procedures are available to assist the nursing staff and minimize risk factors. | (2) | 1 | 0 |
| Ensures participation of facility personnel in the formulation of policies and procedures, annual review and revisions. | 2 | (1) | 0 |
| Interprets policy and procedures to all appropriate personnel. | 2 | (1) | 0 |
| Enforces compliance with policy and procedure, as applicable. | 2 | (1) | 0 |
| Determines staffing requirements and patterns, based on scope of services, complexity of patient acuity and fiscal resources. | (2) | 1 | 0 |

Reference #8001 Box Hill Surgery Center        1        100 Walter Ward Blvd., Abingdon, MD 21009

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        BHSC 000285**

**Demonstrates Competency in the Following Areas:**

| | E | M | NI |
|---|---|---|---|
| Acts as a consultant in selection of personnel, determined by hiring policies of the facility and department, job requirements, qualifications, vacancies, availability and objectives relating to the quality of care to be delivered. | 2 | 1 | 0 |
| Ensures all new personnel successfully complete required orientation program. | 2 | 1 | 0 |
| Ensures that technical and professional programs are scheduled for staff development and based on: | | | |
|     Identified learning needs of personnel. | 2 | 1 | 0 |
|     Communication of facility directives, policies and procedures. | 2 | 1 | 0 |
|     Maintenance and enhancement of clinical expertise. | 2 | 1 | 0 |
| Encourages staff career development and participation in professional organizations. | 2 | 1 | 0 |
| Participates in educational programs and staff meetings. | 2 | 1 | 0 |
| Ensures a safe, therapeutic operating room environment is maintained for patients and healthcare providers. | 2 | 1 | 0 |
| Ensures occupational safety for personnel through: | | | |
|     Surveillance of safety program. | 2 | 1 | 0 |
|     Surveillance of infection control program. | 2 | 1 | 0 |
|     Monitoring of radiation safety principles. | 2 | 1 | 0 |
|     Minimizing exposure to hazardous and toxic substances. | 2 | 1 | 0 |
| Ensures electrical safety is maintained. | 2 | 1 | 0 |
| Ensures physical facilities are maintained | 2 | 1 | 0 |
| Ensures that the performance improvement program for the facility interfaces with and supports the Nursing Services performance improvement program. | 2 | 1 | 0 |
| Participates in identification and selection of alternatives, when negative outcomes require corrective action. | 2 | 1 | 0 |

**Professional Requirements:**

| | E | M | NI |
|---|---|---|---|
| Adheres to dress code, appearance is neat and clean. | 2 | 1 | 0 |
| Completes annual education requirements. | 2 | 1 | 0 |
| Maintains regulatory requirements, including all state, federal and AAAHC regulations. | 2 | 1 | 0 |
| Maintains and ensures patient confidentiality at all times. | 2 | 1 | 0 |
| Reports to work on time and as scheduled. | 2 | 1 | 0 |
| Wears identification while on duty. | 2 | 1 | 0 |
| Attends annual review | 2 | 1 | 0 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000286

**Professional Requirements:**

| | E | M | NI |
|---|---|---|---|
| Works at maintaining a good rapport and a cooperative working relationship with physicians, departments and staff. | 2 | 1 | 0 |
| Represents the organization in a positive and professional manner. | 2 | 1 | 0 |
| Attends committee, CQI and management meetings, as appropriate. | 2 | 1 | 0 |
| Resolves personnel concerns at the departmental level, utilizing the grievance process as required. | 2 | 1 | 0 |
| Ensures compliance with policies and procedures regarding department operations, fire, safety and infection control. | 2 | 1 | 0 |
| Effectively and consistently communicates administrative directive to personnel and encourages interactive departmental meetings and discussions. | 2 | 1 | 0 |
| Complies with all organizational policies regarding ethical business practices. | 2 | 1 | 0 |
| Communicates the mission, ethics and goals of the facility, as well as the focus statement of the department. | 2 | 1 | 0 |

**Total Points**              62    15    ___

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000287

**Regulatory Requirements:**

- Associates Degree or equivalent.

- Graduate of an accredited school of nursing.

- Current State of ____MD_ *R 139 317* Registered Nurse licensure.

- Four (4) to 10 years related experience and/or training; or equivalent combination of education and experience.

- Current BCLS and ACLS certification or Basic EKG or Arrhythmia Identification certification.

**Language Skills:**

- Ability to read and communicate effectively in English.

- Additional languages preferred.

**Skills:**

- Basic computer knowledge.

**Physical Demands:**

- For physical demands of position, including vision, hearing, repetitive motion and environment, see following description.

  Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions of the position without compromising patient care.

=======================================================================

I have received, read and understand the Position Description/Performance Evaluation above.

_____        *12-21-12*
Name/Signature                                         Date Signed

Reference #8001 Box Hill Surgery Center        4        100 Walter Ward Blvd., Abingdon, MD 21009

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        BHSC 000288

## PERFORMANCE EVALUATION CONTINUATION PAGE

Staff Member: _Andrew Vickers RN_          Job Title: _Nurse Admin._

Performance Evaluation Score:
# of total points achieved

$$\frac{77}{(\text{# questions x 2}) \ 92} \times 100 = \underline{84} \ \%$$

80 - 100%  exceeds standards
50 -  79%  meets standards
 0 -  49%  needs improvement

Manager's Comments:

_____
_____
_____
_____

Recommended Goals/Actions:

_Increase responsibility in Administrative role._
_____
_____

Staff Member Comments:

_Becoming more familiar with Administrative role and_
_trying to take over more items to be completed._
_____

Actions Recommended by Department Manager:

☑  Performance Review Only                    ☐  Salary Increase: _____

☐  Next Performance Review on: _12/13_        ☐  Salary Increase Denied

_____                 _12/21/12_
Staff Member Signature                         Date

_____                 _12/21/12_
Department Manager Signature                   Date

_____                 _____
Administrative Signature                       Date

Reference #8007 Box Hill Surgery Center        6        100 Walter Ward Blvd., Abingdon, MD 21009

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        BHSC 000289

# PERSONNEL MEMBER
## ANNUAL PROFESSIONAL PERFORMANCE AND COMPETENCY EVALUATION

As a member of the Facility's personnel team, your comments and input are important to both the continuing development and quality provision of patient care and services of the institution. Your continued professional growth and job satisfaction are primary goals of the organization. The administrative team and your department supervisor are interested in your comments regarding the following:

1 - 5
(1 = poor, 5 = excellent)

1.  How would you rate your current job satisfaction level? _____5_____

2.  How would you rate your current job performance? _____4_____

3.  How would you rate the organization's provision of personnel benefits? _____4_____

4.  How would you rate the organization's provisions for personnel continuing education? _____4_____

5.  How would you rate the organization's physical working environment? _____5_____

6.  How would you rate the organization's emotional working environment? _____5_____

7.  List your professional goals: _____

8.  List any departmental goals that may differ from professional goals (include educational and performance goals): *familiarize myself with Administrative requirements*

9.  Is there anything the organization can do to help you achieve any of these goals? ___No___

10. If so, please describe: _____

11. Comments you feel may assist the organization with improving personnel satisfaction levels:

    _____
    _____
    _____
    _____

**Note:** This organization pledges to utilize information provided for the sole purpose of improving personnel satisfaction and assisting the author with achievement of advanced personal and/or professional growth.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000290

## POSITION DESCRIPTION / PERFORMANCE EVALUATION

Job Title: Ambulatory Care Box Hill Surgery Center RN     Supervised by: Ambulatory Care Services Nurse Manager
Prepared by: _____ *Dr Bhambhani* _____          APPROVED BY: RITU BHAMBHANI, MD

Date: _____ *12 21-12* _____               Date: _____ *12 21 12* _____

**Job Summary:** Provides care in the ambulatory setting directed toward meeting both the psychosocial and physical needs of the patient. Is a resource person and teacher. Care given reflects initiative and responsibility indicative of professional expectations. Utilizes initiative and strives to maintain steady level of productivity. Is a self starter. Is compatible and supportive; and a team player. Communicates on behalf of the patient reflects the mission, ethics and goals of the facility, as well as the focus statement of the department.

### DUTIES AND RESPONSIBILITIES:
E = Exceeds the Standard          M = Meets the Standard          NI = Needs Improvement

| Demonstrates Competency in the Following Areas: | E | M | NI |
|---|---|---|---|
| Coordinates and supervises patient care. | (2) | 1 | 0 |
| Ability to perform a head-to-toe preoperative assessment on all patients and reassesses, as needed postoperatively. This includes geriatric and the general patient population. | (2) | 1 | 0 |
| Ability to adequately assess and reassess pain. Utilizes appropriate pain management techniques. Educates the patient and family regarding pain management. | (2) | 1 | 0 |
| Gives care to the patient, reflecting flexibility in rules and regulations, as indicated by individual patient needs. | 2 | (1) | 0 |
| Makes decisions reflecting knowledge of facts, knowledge of diseases/surgical conditions, care required and good judgment. | (2) | 1 | 0 |
| Ability to perform waived testing (point-of-care testing) per Clinical Laboratory's and the patient care unit's policies and procedures. | (2) | 1 | 0 |
| Ability to interpret results of waived tests; take appropriate action on waived tests results. | (2) | 1 | 0 |
| Performance reflects knowledge in all areas of care specific to Box Hill Surgery Center (i.e. sedation). | (2) | 1 | 0 |
| Organizes and manages nursing activities reflecting due consideration for patients' needs and the needs of the facility and staff. | (2) | 1 | 0 |
| Knowledge of medications and IV fluids and their correct administration, based on age of the patient and patient's clinical condition. | (2) | 1 | 0 |
| Follows the five (5) medication rights and reduces the potential for medication errors. | (2) | 1 | 0 |
| Ability to formulate an individualized plan of care, as indicated, and evaluates for effectiveness. | 2 | (1) | 0 |
| Formulates a teaching plan, based on identified patient learning needs, and evaluates effectiveness of learning; family is included in teaching, as appropriate, from preop to discharge. | 2 | (1) | 0 |

Reference #8007 Box Hill Surgery Center                    1                    100 Walter Ward Blvd., Abingdon, MD 21009

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000291

| **Professional Requirements:** | **E** | **M** | **NI** |
|---|---|---|---|
| Wears identification while on duty, performs sign-in/sign-out procedure correctly. | 2 | (1) | 0 |
| Completes inservices and returns in a timely fashion. | (2) | 1 | 0 |
| Attends annual review and department inservices, as scheduled. | (2) | 1 | 0 |
| Attends at least __4__ staff meetings annually, reads and returns all monthly staff meeting minutes. | (2) | 1 | 0 |
| Represents the organization in a positive and professional manner. | (2) | 1 | 0 |
| Actively participates in performance improvement and continuous quality improvement (CQI) activities. | (2) | 1 | 0 |
| Complies with all organizational policies regarding ethical business practices. | (2) | 1 | 0 |
| Communicates the mission, ethics and goals of the facility, as well as the focus statement of the department. | (2) | 1 | 0 |

**Total Points**        54  15  ___

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        BHSC 000292

**Regulatory Requirements:**

- Graduate of an accredited nursing school.

- Current Registered Nurse licensure in state of _____.

- Two (2) years nursing experience.

- Current BCLS certification.

- Current BCLS and ACLS certification or Basic EKG or Arrhythmia Identification certification.

**Language Skills:**

- Ability to read and communicate effectively in English.

- Additional languages desirable.

**Skills:**

- Basic computer knowledge.

**Physical Demands:**

- For physical demands of position, including vision, hearing, repetitive motion and environment, see following description.

  Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions of the position without compromising patient care.

================================================================================

I have received, read and understand the Position Description/Performance Evaluation above.

_____       *12-21-72*
Name/Signature                                              Date Signed

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER      BHSC 000293

## PERFORMANCE EVALUATION CONTINUATION PAGE

Staff Member: _Andrew Viduns RN_       Job Title: _RN_

Performance Evaluation Score:
# of total points achieved

$$\frac{49}{84}$$ (# questions x 2) X 100 = _82_ %

80 - 100%  exceeds standards
50 - 79%   meets standards
0 - 49%    needs improvement

Manager's Comments:

_____
_____
_____
_____

Recommended Goals/Actions:

_____
_____
_____
_____

Staff Member Comments:

_____
_____
_____
_____

Actions Recommended by Department Manager:

☑  Performance Review Only                    ❏  Salary Increase: _____

❏  Next Performance Review on: _____      ❏  Salary Increase Denied

_____       _12-21-12_
Staff Member Signature                 Date

_____       _12-21-12_
Department Manager Signature           Date

_____       _____
Administrative Signature               Date

Reference #8007 Box Hill Surgery Center        6        100 Walter Ward Blvd., Abingdon, MD 21009

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        BHSC 000294

# PERSONNEL MEMBER
## ANNUAL PROFESSIONAL PERFORMANCE AND COMPETENCY EVALUATION

As a member of the Facility's personnel team, your comments and input are important to both the continuing development and quality provision of patient care and services of the institution. Your continued professional growth and job satisfaction are primary goals of the organization. The administrative team and your department supervisor are interested in your comments regarding the following:

**1 - 5**
(1 = poor, 5 = excellent)

1.  How would you rate your current job satisfaction level? _____ 5

2.  How would you rate your current job performance? _____ 4

3.  How would you rate the organization's provision of personnel benefits? _____ 4

4.  How would you rate the organization's provisions for personnel continuing education? _____ 4

5.  How would you rate the organization's physical working environment? _____ 5

6.  How would you rate the organization's emotional working environment? _____ 5

7.  List your professional goals: _____
    _____

8.  List any departmental goals that may differ from professional goals (include educational and performance goals): _improve knowledge of all aspects of the administrative process._
    _____

9.  Is there anything the organization can do to help you achieve any of these goals? _No_

10. If so, please describe: _____
    _____

11. Comments you feel may assist the organization with improving personnel satisfaction levels:
    _____
    _____
    _____
    _____

**Note:** This organization pledges to utilize information provided for the sole purpose of improving personnel satisfaction and assisting the author with achievement of advanced personal and/or professional growth.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          BHSC 000295