UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br>_____ )<br><br>THIS DOCUMENT RELATES TO:<br><br>Suits Naming the Tennessee Clinic Defendants | )<br>)<br>)<br><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MDL No. 2419
Dkt. No 1:13-md-2419 (RWZ)

**TENNESSEE CLINIC DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY TO THE PSC'S UNTIMELY AND INCORRECT REPLY REGARDING THE MASSACHUSETTS BOARD OF PHARMACY'S MOTION FOR PROTECTIVE ORDER**

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants") move for permission to file a three-page surreply to the PSC's untimely and inaccurate reply regarding the Massachusetts Board of Pharmacy's ("Board") Motion for Protective Order.[1]

For their Motion, the Tennessee Clinic Defendants state:

1.      On March 18, 2015, the Tennessee Clinic Defendants issued a subpoena for deposition testimony of the Massachusetts Board of Pharmacy pursuant to Fed. R. Civ. P. 30(b)(6) and 45.

---

[1] The motion is at Dkt. 1975; the memorandum of law is at Dkt. 1976; the Tennessee Clinic Defendants' opposition is at Dkt. 2029; and the PSC's reply is at Dkt. 2088.

2.      On June 16, 2015, the Massachusetts Board of Pharmacy filed a motion for protective order seeking relief from the subpoena, asking the Court to eliminate the Board's obligation to present a single witness until the conclusion of the NECC Insiders' criminal case [Dkts. 1975, 1976].

3.      On June 30, 2015, the Tennessee Clinic Defendants filed their opposition to the Board's motion [Dkt. 2029].

4.      Without leave of Court or a request from the Court that the PSC "weigh in," and unaccompanied by any motion permitting participation in this dispute, on July 16, 2015, the PSC filed a "reply" to the Tennessee Clinic Defendants' opposition [Dkt. 2088].

5.      The PSC's reply conclusively misstates applicable Tennessee law and collaterally attacks the Tennessee Clinic Defendants' comparative fault defenses, in an attempt to influence the Court with a pleading that is both untimely and procedurally improper.

6.      Thus, the Tennessee Clinic Defendants hereby move the Court for permission to file a three-page surreply to address the PSC's untimely, incorrect, and inappropriate reply.

7.      The proposed surreply is attached as an exhibit to this motion.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic
Defendants***

\* Admitted pursuant to MDL Order No. 1.
\** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 21st day of July, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**