# EXHIBIT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES TO: Suits Naming the Tennessee Clinic Defendants | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**TENNESSEE CLINIC DEFENDANTS' SURREPLY TO THE PSC'S UNTIMELY AND INCORRECT REPLY REGARDING THE MASSACHUSETTS BOARD OF PHARMACY'S MOTION FOR PROTECTIVE ORDER**

**Introduction**

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants" or "Defendants") hereby file this surreply to the PSC's untimely and incorrect reply regarding the Massachusetts Board of Pharmacy's ("Board") Motion for Protective Order.[1]

On March 18, 2015, the Defendants issued a subpoena for deposition testimony of the Massachusetts Board of Pharmacy pursuant to Fed. R. Civ. P. 30(b)(6) and 45. On June 16, 2015, the Massachusetts Board of Pharmacy filed a motion for protective order seeking relief from the subpoena, essentially asking the Court to stay the Board's obligation to present a witness for a deposition until the conclusion of the NECC Insiders' criminal case. On June 30, 2015, the Defendants filed their opposition to the Board's motion. On July 16, 2015, absent any motion or request for the PSC to "weigh in," the PSC filed a "reply" to the Defendants' opposition.

**Law and Argument**

The Defendants file this surreply to address four (4) points:

<u>First</u>, the PSC's aggressive opposition to the Tennessee Clinic Defendants' attempts to obtain plainly relevant comparative fault discovery demonstrates that the discovery is anything but "unnecessary." Indeed, the Plaintiffs' opposition exposes their fear that comparative fault discovery of NECC and the state and federal regulators,

---

[1] The motion is at Dkt. 1975; the memorandum of law is at Dkt. 1976; the Tennessee Clinic Defendants' opposition is at Dkt. 2029; and the PSC's reply is at Dkt. 2088.

1

aware of the risks, but unwilling to act, may well be outcome determinative of the pending cases. If the discovery sought were truly unnecessary and irrelevant, the Plaintiffs would have no reason to waste time and money strenuously opposing it, particularly when the discovery disputes do not directly involve them.

Second, the PSC's contention that deposition testimony of the Board (and other persons with clearly relevant knowledge) is not necessary to prove comparative fault (or other defenses) is simply ludicrous. If fault can be established employing nothing more than a stack of unorganized, unexplained, and unauthenticated documents, why must the Plaintiffs take dozens of depositions of Tennessee witnesses to prove their case? If the PSC truly believes that the Defendants can defend these cases without oral testimony from key players, relying solely on documents, that same rule should apply to the Plaintiffs' case-in-chief. The Tennessee Clinic Defendants have produced thousands upon thousands of documents. The Plaintiffs should be permitted to utilize only those documents to prove their case-in-chief at trial and should not be permitted to introduce any depositions or call any live witnesses at trial. The PSC should be required to embrace and be governed by the same handicap they insist upon for the Defendants.

Third, the PSC is simply wrong on Tennessee law governing the "public duty doctrine." The public duty doctrine is a common law _immunity_, not a statutory elimination of duty for governmental agencies.[2] [3] The public duty doctrine is not

---

[2] *See Matthews v. Pickett County*, 996 S.W.2d 162, 164 (Tenn. 1999) ("[t]he public duty doctrine provides _immunity_ to public employees for injuries that are _caused by a breach of a duty_ owed to the public at large.") (emphasis added).

[3] Other states follow the same rule. *E.g.*, *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008) ("The public duty doctrine states that a public employee is not civilly liable for the breach of a duty owed to the general public…."); *Kent v. City of Columbia Falls*, 350 P.3d 9, 13 (Mont. 2015) ("The public duty doctrine provides that a governmental entity cannot be held liable for an individual plaintiff's injury resulting from a governmental officer's breach of a duty owed to the general public…."); *Munich v. Skagit*

2

grounded on the concept that a governmental agency has *no duty*, as the PSC erroneously claims.[4] The doctrine is *an immunity* from liability.[5] And, Tennessee law is clear beyond dispute that fault can be attributed to non-parties who are immune from liability.[6] Tennessee law allows the Defendants to assert the comparative fault of the FDA and the Board as affirmative defenses to the Plaintiffs' negligence claims, just as has been done and not *properly* challenged.

Finally, if the PSC truly believes that these defenses are invalid under Tennessee law, the PSC knows the appropriate procedure to challenge the defenses is by filing a motion pursuant Rule 12 or 56, *not* through collateral attack by an untimely reply in a discovery dispute. The Plaintiffs have not filed a motion to strike or a motion for summary judgment on the defense (to which the Defendants could respond). Instead, they have chosen to introduce the argument to the Court, half-stating and misrepresenting the law, in a pleading that would otherwise go unrebutted but for permission from the Court to file this surreply. This is plainly improper. The comparative fault defenses pertaining to the FDA and Massachusetts Board of Pharmacy remain active and viable affirmative defenses, and the Defendants are entitled to discovery of the evidence necessary to establish those defenses at trial.[7]

---

*Emerg. Commc'n Ctr.*, 288 P.3d 328, 336 (Wash. 2012) ("This court has never held that a government did not have a common law duty solely because of the public duty doctrine.")
[4] *Matthews*, 996 S.W.2d at 164.
[5] *See also Chase v. City of Memphis*, 1998 Tenn. LEXIS 435 (Tenn. July 21, 1998) (recognizing that public duty doctrine is an immunity); *Karnes v. Madison County*, 2010 Tenn. App. LEXIS 589, 5-6 (Tenn. Ct. App. Sept. 23, 2010) ("[T]he public duty doctrine provides *immunity* to public employees from suits for injuries that are *caused by their breach of a duty* owed to the public at large.") (emphasis added).
[6] *Caroll v. Whitney*, 29 S.W.3d 14, 19 (Tenn. 2000); *Dotson v. Blake*, 29 S.W.3d 26, 29 (Tenn. 2000).
[7] The PSC continues to repeat that the only reason the Tennessee Clinic Defendants need to depose the Board (and other necessary witnesses) is to establish comparative fault. The PSC tries to establish this statement's truth by repeating it without appreciation for its illogicality. The Massachusetts Board of Pharmacy (like the FDA, NECC, MSM, the Caddens, the Conigliaros) holds discoverable information on issues beyond their individual fault. Examples of other issues on which oral testimony of the Board is

3

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 21st day of July, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**

---

necessary are discussed at pages 7-9 of the Tennessee Clinic Defendants' Opposition to the Massachusetts Board of Pharmacy's Motion for Protective Order.

4