UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION v. This Document Relates to: Gilliam v. Chowdhury, et al. No: 1:15-cv-11367-RWZ | MDL No: 1:13-md-2419-FDS |

## OHIO MEDICAL DEFENDANTS' MOTION TO DISMISS

Plaintiff's complaint asserts claims premised on medical negligence for wrongful death (Count X), survival (Count XI), and loss of consortium (Count XII) as to the Ohio Medical Defendants.[1]  The complaint must be dismissed as: (1) plaintiff did not file or provide An Affidavit of Merit; (2) the survival claim is otherwise barred by the applicable statute of limitations; and (3) plaintiff has failed to provide a Plaintiff Profile Form.

## BACKGROUND

Plaintiff's decedent, Alice Thompson, is alleged to have received MPA injections on September 20, 2012 and October 4, 2012.  It is alleged that defendant, Dr. Chowdhury, performed the two MPA injections.  The Ohio Medical Defendants are alleged to be all medical providers and/or office manager of the Marion Pain Clinic where plaintiff's decedent received medical care including the MPA injections.  It is

---

[1] Undersigned represents defendants Dr. Batra, Dr. Katabay, Dr. Siddiqui, Ms. Chadha and Ms. Sheets.  Dr. Chowdhury is represented by separate counsel.

608610.v1

alleged that the plaintiff's decedent died on March 6, 2013 and that "the discharge materials denote diagnosis of fungal meningitis."  Complaint ¶133.

Plaintiff filed a complaint in the Northern District of Ohio Western Division on March 5, 2015 with the case being transferred to this Court on or about March 27, 2015. Under this Court's Order No. 9 (Dkt. #1425), Plaintiff Profile Forms were to be produced to defendant within 60 days of transfer.

## ARGUMENT

### A.    PLAINTIFF FAILED TO SUBMIT AN AFFIDAVIT OF MERIT SHOWING THAT ANY OF THE ACTIONS OF THE OHIO MEDICAL DEFENDANTS CAUSED HARM TO THE DECEDENT.

Co-defendant, Dr. Chowdhury, has previously submitted and filed a Motion to Dismiss (Dkt. No. 12) together with a supporting Memorandum of Law (Dkt. No. 12) and Reply Memorandum (Dkt. No. 2008 in 1:13-MD-2419).  The Ohio Medical Defendants incorporate by reference the contentions of Dr. Chowdhury.

In brief, Ohio Rule of Civil Procedure 10(D)(2) requires a plaintiff to include an Affidavit of Merit with any complaint that contains a "medical claim…as defined in section 2305.113 of the Ohio Revised Code." (emphasis added).  Ohio Revised Code 2305.113, in turn, defines a "medical claim" as:

> "Medical claim" means any claim that is asserted in any civil action against a physician, *** against any employee or agent of a physician, *** or against a licensed practical nurse, registered nurse, *** and that arises out of the medical diagnosis, care or treatment of any person. "Medical claim" includes the following:
>
> (a)    Derivative claims for relief that arise from the plan of case, medical diagnosis, or treatment of a person;
>
> (b)    Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and to which either of the following applies:

608610.v1

(i)   The claim results from acts or omissions in providing medical care.

(ii)   The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.

(c)   Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and that are brought under section 3721.17 of the Revised Code;

(d)   Claims that arise out of skilled nursing care or personal care services provided in a home pursuant to the plan of care, medical diagnosis, or treatment.

Further, Rule 10(D)(2) of the Ohio Rules of Civil Procedure Provides in relevant part:

(a)   Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim *** as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence.  Affidavits of merit shall include all of the following:

(i)   A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii)   A statement that the affiant is familiar with the applicable standard of care;

(iii)   The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Here, it is undisputed that Plaintiff failed to submit any Affidavit of Merit with the complaint nor did Plaintiff request any extension of time to do so.  As such, Plaintiff has failed to meet the requirements of Rule 10(D)(2) mandating dismissal under Fletcher v. Univ. Hosp. of Cleveland, 129 Ohio St. 3d 167, 2008 – Ohio – 5379, 807 N.E. 2d 147 syllabus at para. 1 (2008) ("A motion to dismiss for failure to state a claim for which

3

relief can be granted is the proper remedy when the plaintiff fails to include an affidavit of merit"), Kollin v. City of Cleveland, 2013 U.S. Dist. Lexis 97095, at (N.D. Ohio May 24, 2013); (plaintiff's wrongful death claim based on medical care requires an affidavit of merit); Chromik v. Kaiser Permante, 877 Dist. No. 89088, 2007—Ohio 5856, ¶14 (holding survivorship and wrongful death claims based on medical negligence are 'medical claims' requiring an affidavit of merit); Wick v. Lorain Manor, Inc., 9th Dist. No. 12CA010324, 2014-Ohio-4329, ¶16 (as all claims including for wrongful death arose out of facility's care and treatment while a resident of a skilled nursing facility, the claims are medical claims under R.C. 2305 113 (E)(3) and required an affidavit of merit).

To the extent Plaintiff asserts that the Affidavit of Merit requirement does not apply to wrongful death claims and/or that such a requirement does not apply in federal court, it is misplaced.  The Ohio medical defendants expressly incorporate the arguments and citations provided by co-defendant, Dr. Chowdhury in his Reply Memorandum to his pending Motion to Dismiss.

Reduced to essentials, no Ohio case has ever held that a wrongful death claim based on underlying medical treatment does not require an Affidavit of Merit.  Indeed, plaintiff's position is untenable given the clear statutory and controlling language defining "medical claim" and the clear purpose of Ohio's Affidavit of Merit requirement.  See e.g., Bush v. Sec'y of to VA, No. 1-13-cv-76-HSW, 014 U.S. Dist. Lexis 28977, at #6-7 (S.D. Ohio Mas. 6, 2014) (noting that the affidavit of merit rule is substantive and must be applied by federal court); see also Fauur v. W.L. Gore Assocs., 2014 U.S. Dist. Lexis 17134, at #9-10 (S.D. Ohio 11, 2014) (same); Willis v. U.S., 2013 U.S. Lexis 86811, at #11 (S.D. Ohio June 20, 2013) (same) and otherwise see citations by co-

defendant Dr. Chowdhury at page 6 of his Reply Memorandum.  As set out in detail by co-defendant Dr. Chowdhury in his Motion to Dismiss and accompanying Reply Memorandum, the Supreme Court's holding in <u>Shady Grove</u> does not mark a departure from Ohio's well established law applying to the affidavit of merit requirement in federal courts.  There is no conflict with any federal rule and assuming such a conflict it is well established that it must give way to state law that is substantive.  <u>Shady Grove</u>, 553 U.S. 393, 417-19 (Stevens, D. concurring).  In the only two federal circuit courts applying <u>Shady Grove</u> and the Affidavit of Merit issue, both held such a state requirement remains applicable in federal court.  <u>Hahn v. Walsh</u>, 762 F.3d 617, 629 (7th Dir. 2014); <u>Nuveen Mun. Trust v. Withusmith Brown, L.C.</u>, 692 F.3d 283, 300 (3d. Cir. 2012).

As more fully set forth in the pending accompanying Motion to Dismiss (and Reply Memorandum filed therewith), which is incorporated by reference herein, Ohio's affidavit general requirement applies in federal court, mandating the dismissal of plaintiff's claims.

### B.   PLAINTIFF FAILED TO FILE HER MEDICAL NEGLIGENCE CLAIM WITHIN THE APPLICABLE STATUTE OF LIMITATIONS MANDATING DISMISSAL OF THE SURVIVORSHIP CLAIM AT COUNT XI OF THE COMPLAINT.

Even aside from the lack of an Affidavit of Merit, plaintiff's survivorship claim otherwise fails as it is barred by the applicable statute of limitations.  Under Ohio law, medical malpractice claims are subject to a one-year statute of limitations period.  O.R.C. 2305.113(A).  Thus, a medical negligence claim must be commenced within one year of the accrual of the cause of action. *Id.*  "[A] cause of action for medical malpractice accrues and the statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting

5

injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." Frysinger v. Leech, 32 Ohio St.3d 38, 41, 512 N.E.2d 337 (1987). Accordingly, the statute of limitations applicable to Plaintiff's survivorship claim (medical negligence) expired within one year of the later of two events: (1) the end of the physician-patient relationship between Alice Thompson and the Ohio Medical Defendants, or (2) the date of discovery of the alleged malpractice and resulting injury – i.e., the date Ms. Thompson was diagnosed with fungal meningitis.

Under the discovery prong, the statute of limitations begins to run upon the happening of a "cognizable event." Allenius v. Thomas, 42 Ohio St.3d 131, 583 N.E.2d 93 (1989). A "cognizable event" is the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received. Id. at 134. It is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable person that an improper medical procedure, treatment or diagnosis has taken place. Id.

In the case sub judice, accepting Plaintiff's allegations as true, a cognizable event occurred on December 2, 2012, when Ms. Thompson was admitted to Riverside Methodists Hospital with complaints of neck and back pain and concerns for possible fungal meningitis. See Complaint, ¶¶123-124. At that juncture, Ms. Thomas was aware that she may have sustained an injury as a result of an improper medical procedure. At the absolute latest, a cognizable event occurred when Ms. Thompson died on March 6, 2013, which is the same time the physician-patient relationship ended between Ms. Thompson and the Ohio Pain Clinic Defendants. Id. at ¶133.

As both the termination of the physician-patient relationship between Ms. Thompson and the Ohio Medical Defendants and the cognizable event occurred on March 6, 2013, at the absolute latest, there can be no dispute that Plaintiff was required to bring her medical negligence (survivorship claim) within one year from that date to comply with O.R.C. 2305.113(A).  The only way to extend that one-year window would have been to serve the defendant with a "180-day letter" **prior to** the expiration of the statute of limitations.  (Emphasis added.)   R.C. 2305.113(B)(1); *see also* Edens v. Barberton Area Family Practice Center, 43 Ohio St.3d 176, 177, 539 NE2d 1124 (1989); Wright v. Univ. Hosp. of Cleveland, 55 Ohio App.3d 227, 232, 563 N.E. 2d 361 (1989). Plaintiff did not serve, nor has she claimed to have served, the Ohio Medical Defendants with a 180-day letter.  Accordingly, she failed to extend the statute of limitations beyond March 6, 2014.

In this case, the statute of limitations expired on March 6, 2014.  However, Plaintiff did not file her Complaint until March 5, 2015, almost one year after the statute of limitations expired.   Accordingly, Plaintiff's claims are time-barred under R.C. 2305.113.  As such, there is no set of facts upon which the Plaintiff may recover on her medical negligence (survivorship) claim and the Ohio Medical Defendants are entitled to dismissal as a matter of law of Count XI of Plaintiff's Complaint.

## C.    PLAINTIFF CANNOT SEEK DAMAGES UNDER BOTH THE WRONGFUL DEATH STATUTE AND LOSS OF CONSORTIUM THEORY.

Under Ohio Law, wrongful death claims are governed by R.C. 2125.02.  Revised Code 2125.02 states, in pertinent part:

(A)(1) … a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the

wrongful death, and for the exclusive benefit of the other next of kin of the decedent…

*** 

(B)  Compensatory damages may be awarded in a civil action for wrongful death and may include damages for the following:

    (1)    Loss of support from the reasonably expected earning capacity of the decedent;

    (2)    Loss of services of the decedent;

    (3)    Loss of the society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, suffered by the surviving spouse, dependent children, parents, or next of kin of the decedent;

    (4)    Loss of prospective inheritance to the decedent's heirs at law at the time of the decedent's death;

    (5)    The mental anguish incurred by the surviving spouse, dependent children, parents, or next of kin of the decedent.

(Emphasis added.)  O.R.C. 2125.02.  Similarly, when seeking damages for the loss of consortium, the term "consortium" consists of "society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace."  Hutchings v. Childress, 119 Ohio St.3d 486, 2008-Ohio-4568, 895 N.E.2d 520, ¶16, quoting Clouston v. Remlinger Oldsmobile Cadillac, Inc., 22 Ohio St.2d 65, 358 N.E.2d 230 (1970), syllabus.

Significantly, in Lykins v. Miami Valley Hospital, the court held that "R.C. 2125.02 indicates that loss of consortium damages are subsumed in a wrongful death action."  Lykins v. Miami Valley Hospital, Montgomery C.P. No. 00-CV-2404, 2001 WL 35673997, *8.  On this basis, the Lykins court held that the loss of consortium action may not be brought as a separate claim from the wrongful death action; therefore, granting summary judgment on the plaintiff's loss of consortium claim.  Id.

Here, Plaintiff has asserted both a wrongful death action and loss of consortium claim, both of which stem from the injuries Plaintiff's decedent allegedly sustained due to the loss of companionship, society, services and consortium of her mother, Alice Thompson.  See Complaint, ¶¶199-209, 102-103.  Because any consortium damages Plaintiff sustained as a result of the death of Alice Thomson are subsumed by Plaintiff's wrongful death claim, she is precluded from seeking recovery under both the wrongful death statute and a loss of consortium claim.  As such, the Ohio Medical Defendants are entitled to the dismissal of Count XII of Plaintiff's Complaint.

### D.   PLAINTIFF HAS FAILED TO PROVIDE PLAINTIFF PROFILE FORM

Pursuant to this Court's MDL Order #9 dated September 18, 2014 (Dkt. #1425), Plaintiff Profile Forms ("PPF") were to be provided within 60 days of joining the MDL. According to the Order "[I]n cases where a complaint is filed after entry of this Order, any Plaintiff not named in any prior suit must serve a completed PPF and medical authorization form within 60 days after joining the MDL."  (Emphasis added.)

Here, the action was transferred to the MDL on March 27, 2015.  Under MDL Order No. 9, the PPF was due no later than May 26, 2015.  The PPF has not been provided by the deadline or in response to defense counsel's requests.  MDL Order #9 is framed in mandatory terms and the failure to timely provide the PPF form requires dismissal.

608610.v1

## CONCLUSION

Based on the foregoing, the Ohio Medical Defendants respectfully request that Plaintiffs' Complaint be dismissed for failure to state a claim upon which relief can be granted.

Respectfully Submitted
The Defendants
NIKESH BATRA, M.D., ADIL KATABY, M.D.,
SAUD SIDDIQUI, M.D., MEENA CHADHA
and LORI SHEETS, LPN
By their attorney,

/s/ Tory A. Weigand
_____

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing  (NEF) and paper copies will be sent to those indicated as non registered participants on **July  25, 2015**

/s/ Tory A. Weigand
_____

Tory A. Weigand, BBO #548553
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500
tweigand@morrisonmahoney.com

608610.v1