# EXHIBIT E

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHSETTS

| | |
|---|---|
| CHAD GREEN, | Civil Action No. 1:12-cv-12121-FDS |
| Plaintiff, | The Honorable F. Dennis Saylor, IV |
| v. | |
| NEW ENGLAND COMPOUNDING PHARMACY INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO ADOPT STATE COURT ORDERS GRANTING MOTION TO PRESERVE EVIDENCE AND TO PERMIT INSPECTION OF PREMISES OF DEFENDANT**

Plaintiff files this Motion and states:[1]

### I. INTRODUCTION AND FACTUAL BACKGROUND

The facts surrounding the recall of certain steroid medication and other products distributed and manufactured in whole or in part by Defendant NECC should be well known to this Court. In short, the reckless conduct of New England Compounding Pharmacy, Inc. D/B/A New England Compounding Center ("NECC") and its agents has killed 32 people and sickened over 400, including the Plaintiff Chad Green, in 23 states. Its conduct has been not only careless, but reprehensible. With little to no regulatory oversight, NECC manufactured, marketed, sold and distributed over 17,000 contaminated single dose vials of a steroid, methylprednisolone acetate. The fungus ridden vials have caused a meningitis epidemic. NECC has recalled the vials of steroids, along with scores

---

[1] Plaintiff appears solely for the limited purpose of seeking adoption of the state court orders, and does not otherwise waive jurisdiction, and specifically reserves his right to file a Motion to Remand in this matter.

1

of other medications, but the recall was too late for the Plaintiff and many others who have suffered serious, and at times catastrophic, injuries.

On October 25, 2012, the Massachusetts Department of Public Health ("DPH") investigators conducted a site inspection of the Defendant's facilities. While doing so, it found serious deficiencies and violations of state laws and regulations that put the public's health and safety at risk. Since that date, various governmental entities have, upon information and belief conducted inspections, sought evidence, and have possibly seized items from NECC. To date, no entity has been willing or able to detail what information was secured. On November 19, 2012 counsel for Defendant admitted to counsel for Plaintiff that items had been removed from the Defendant's business facilities.

Honorable Dennis Curran, Superior Court Judge in Middlesex County, Massachusetts allowed Plaintiff's Emergency Motion for Interim Order to Preserve and Maintain Evidence and an Emergency Motion to Shorten Time to Inspect the premises of the Defendant on November 6, 2012. (See <u>Exhibits 1</u> and <u>2</u> respectively, collectively referred to hereinafter as the "State Court's Orders"). Given that evidence has already likely been spoliated and the severe prejudice the Plaintiff and other plaintiffs will suffer if further spoliation is allowed, Plaintiff respectfully asks that this Court adopt the State Court's Orders, and issue an Order in accordance with them. (See [Proposed] Order to Adopt State Court Orders Regarding Preservation of Evidence and Inspection, attached as <u>Exhibit 3</u>).

## II. JUDGE CURRAN'S STATE COURT ORDERS SHOULD BE ADOPTED TO AVOID FURTHER SPOLIATION OF EVIDENCE

1. <u>The Preservation Order Should be Adopted</u>.

Defendant maintains a facility and equipment that are crucially important to this case. In addition, Defendant has doubtlessly maintained electronically stored information

relating to the recalled products including information relating to ingredients, design, testing, research, manufacturing, marketing, complaints and sales. See THE SEDONA PRINCIPLES: SECOND EDITION, *Best Practices, Recommendations and Principles for Addressing Electronic Document Production* at p. 20 (June 2007) (stating "[T]he vast majority of information upon which businesses operate today is generated electronically and much of this information is never printed to paper."). This vitally important evidence exists within Defendant's possession on both physically at the facility and on email servers, file servers, work computers, personal computers, PDA's, offline storage, archives, backup tapes, and other electronic storage devices. Without this information, Plaintiff would be materially prejudiced in his efforts to prosecute the claims in the underlying action.

The entry of an Order on an emergent basis is necessary because due to both the closing of its facility, the potential bankruptcy and transfer of assets, and the ephemeral, fleeting nature of electronically stored information as well as the many entities seeking to place their hands on such information, the Defendant might negligently or inadvertently dispose of relevant information, and it would be extremely difficult, if not impossible, to recover it. See THE SEDONA PRINCIPLES at 3 (noting that "electronically stored information is more easily and more thoroughly changeable than paper documents. Electronically stored information can be modified in numerous ways that are sometimes difficult to detect without computer forensic techniques.) The United States District Court's MANUAL FOR COMPLEX LITIGATION states that "Before discovery starts, [a] court should consider whether to enter an order requiring the parties to preserve and retain documents, files, data, and records that may be relevant to the litigation." See MANUAL

FOR COMPLEX LITIGATION, FOURTH at §11.442. It is crucial to the investigation that this evidence is not overwritten, destroyed, sold or transferred.

Given the irreparable harm that Plaintiff would suffer if evidence is destroyed or sold, Plaintiff respectfully requests that the Court adopt the State Court Order to Preserve Evidence attached as <u>Exhibit 1</u>. Entry of this order will not unduly burden defendant as it is consistent with Defendant's obligation to preserve relevant information and will only apply until the parties reach an agreement concerning electronically stored information. Plaintiff believes it is necessary that the Court consider his Motion promptly in order to avoid the possibility that the defendant may destroy, surrender, or abandon documents, computers, personal property, equipment and the facilities and other items.

    2. <u>The Inspection Order Should be Adopted</u>

Inspection of the premises is critically important to Plaintiff. Rule 34 (B)(2) of the Federal Rules of Civil Procedure permits entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. Upon information and belief, the Defendant is no longer operating its facility, yet the facility contains equipment and other items relevant to this action. Plaintiff requests that the Court adopt the order of Judge Curran allowing plaintiff to "inspect the facility itself, as well as any and all laboratory equipment, testing and manufacturing machinery equipment, and products remaining, wherever such items may be currently stored." Clearly this will not prejudice the Defendant.

An inspection no later than seven (7)) days from the date of this Motion should be had, as Judge Curran ordered inspection by the date of this motion. NECC is for all

practical purposes no longer a functioning business and there is concern that the premises will be altered and evidence destroyed if inspect does not take place promptly.

### III. CONCLUSION

WHEREFORE , Plaintiff requests that this Court grant the Motion to Adopt the State Court Orders for Preservation of Evidence and Inspection.

Dated: November 20, 2012

>Respectfully submitted,
>
>/s/ Kimberly A. Dougherty
>Kimberly A. Dougherty, Esquire
>BBO# 658014
>Janet, Jenner & Suggs, LLC
>75 Arlington St., Suite 500
>Boston, MA 02116
>(617) 933-1265

### CERTIFICATION PURSUANT TO LOCAL RULE 7.l(A)(2)

In accordance with Local Rule 7. 1(a)(2), I, Kimberly A. Dougherty, do hereby certify that I conferred with Defense counsel regarding Plaintiff's Motion .

>/s/ Kimberly A. Dougherty

### CERTIFICATE OF SERVICE

I, Kimberly A. Dougherty, hereby certify that on this 20th day of November, 2012, the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing NEF.

>/s/ Kimberly A. Dougherty