# EXHIBIT F

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 1 of 51

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELE ERKAN, on behalf of herself, her minor child, and all others similarly situated, )
)
Plaintiff, ) Civil Action No. 12-12052-FDS
vs. )
NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al., )
Defendants. )

---

ROBERT COLE, on behalf of himself and all others similarly situated, )
)
Plaintiff, ) Civil Action No. 12-12066-FDS
vs. )
NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al., )
Defendants. )

---

JOHN DOE, )
Plaintiff, )
vs. )
) Civil Action No. 12-12057-FDS
NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al., )
Defendants. )

---

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 2 of 51

LANCE MARTIN and TOBY MARTIN, on behalf of himself and all others similarly situated, Plaintiffs,

vs.

NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al., Defendants.

Civil Action No. 12-12055-FDS

---

DIRK THOMPSON, III, Plaintiff,

vs.

NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al., Defendants.

Civil Action No. 12-12074-FDS

---

ROBERT SCHRODER and MARGARET SCHRODER, Plaintiffs,

vs.

NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al., Defendants.

Civil Action No. 12-12075-FDS

---

MURIEL ARMSTRONG, Plaintiff,

vs.

NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al., Defendants.

Civil Action No. 12-12077-FDS

---

SANDRA HARRISON, )
Plaintiff,
vs. )

NEW ENGLAND COMPOUNDING ) Civil Action
PHARMACY, INC., d/b/a NEW ENGLAND No. 12-12078-FDS
COMPOUNDING CENTER, et al., )
Defendants.
)

LISA WEINSTEIN, )
Plaintiff,
vs. )

NEW ENGLAND COMPOUNDING ) Civil Action
PHARMACY, INC., d/b/a NEW ENGLAND No. 12-12103-FDS
COMPOUNDING CENTER, et al., )
Defendants.
)

RAYMOND McDOW and ROSEANNE )
BROOKS, on behalf of himself and all
others similarly situated, )
Plaintiffs,
vs. ) Civil Action
No. 12-12122-FDS
NEW ENGLAND COMPOUNDING )
PHARMACY, INC., d/b/a NEW ENGLAND
COMPOUNDING CENTER, et al., )
Defendants.

CHAD GREEN, )
Plaintiff,
vs. )

NEW ENGLAND COMPOUNDING ) Civil Action
PHARMACY, INC., d/b/a NEW ENGLAND No. 12-12121-FDS
COMPOUNDING CENTER, et al., )
Defendants.
)

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 4 of 51

GEORGE CARY, individually and as the personal representative of the Estate of LILIAN CARY,
Plaintiff,
vs.
NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al.,
Defendants.

Civil Action No. 12-12123-FDS

MOTION HEARING

BEFORE: THE HONORABLE F. DENNIS SAYLOR, IV

John Joseph Moakley United States Courthouse
Courtroom No. 2
One Courthouse Way
Boston, MA 02210

November 28, 2012
10:00 a.m.

Valerie A. O'Hara
Official Court Reporter
John Joseph Moakley United States Courthouse
One Courthouse Way, Room 3204
Boston, MA 02210
E-mail: vaohara@gmail.com

APPEARANCES:

For The Plaintiffs:

Hagens, Berman, Sobol, Shapiro LLP, by THOMAS M. SOBOL, ESQ. and KRISTEN JOHNSON PARKER, ATTORNEY, 55 Cambridge Parkway, Suite 301, Cambridge, Massachusetts 02142;

Sheff Law Offices, P.C., by FRANK J. FEDERICO, JR., ESQ., Ten Tremont Street, Boston, Massachusetts 02108;

Lieff, Cabraser, Heimann & Bernstein, LLP, by WENDY R. FLEISHMAN, ATTORNEY, 250 Hudson Street, 8th Floor, New York, New York 10013-1413;

Janet, Jenner & Suggs, LLC, by KIMBERLY A. DOUGHERTY, ATTORNEY, 25 Arlington Street, Suite 2500, Boston, Massachusetts 02116;

Sugarman, Rogers, Barshak & Cohen, P.C., by MICHAEL S. APPEL, ESQ., 101 Merrimac Street, Boston, Massachusetts 02114-4737;

Ellis & Rapacki, by EDWARD D. RAPACKI, ESQ. and JOSEPH MAKALUSKY, ESQ., 85 Merrimac Street, Suite 500, Boston, Massachusetts 02114

For the Defendants:

Harris Beach PLLC, by FREDERICK H. FERN, ESQ. and ALAN M. WINCHESTER, ESQ., 100 Wall Street, New York, New York 10005;

Hinshaw & Culbertson LLP, by DANIEL E. TRANEN, ESQ., 28 State Street, 24th Floor, Boston, Massachusetts 02109;

Tucker & Ellis LLP, by MATTHEW P. MORIARTY, ESQ., 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115-1414;

Donoghue, Barrett & Singal, P.C., by MICHELLE R. PEIRCE, ATTORNEY, ESQ., One Beacon Street, Boston, Massachusetts 02108-3106;

Michaels, Ward & Rabinovitz LLP, by NICKI SAMSON, ATTORNEY, One Beacon Street, Boston, Massachusetts 02108;

Todd & Weld LLP, by HEIDI A. NADEL, ESQ., 28 State Street, 31st Floor, Boston, Massachusetts 02109;

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 6 of 51



VIA PHONE FOR The PLAINTIFFS:

Law Offices of Mark Zamora and Associates, MARK ZAMORA, ESQ., 5 Concourse Parkway, Suite 2350 Atlanta, Georgia 30328.

have a copy of if your Honor would like it, indicating that they have no objection to the inspection of the facility, and just by way of background, the investigation by the DPH and the FDA began in September. Their preliminary reports were issued in October.

Our understanding is from the perspective of the DPH and the FDA is that their investigation is ongoing, but their actual presence at the facility itself is not happening on a daily basis or regular basis.

10:19AM THE COURT: But, as I understand it, recalled products presumably are coming in and something is being done with those?

MS. DOUGHERTY: Certainly. From conferring with defense counsel yesterday, what we understand, and they can correct me if I'm wrong, the entity that's coming back to collect those products is the DEA. So to the extent that we need to work on weekends or around whatever is going on with the governmental agencies, we are happy to do so, your Honor.

Just by way of background in terms of what the FDA and 10:19AM the DPH has found, I'm not sure if your Honor has had an opportunity to review those reports that there is physical evidence at the facility that we are very concerned is going to be further compromised, both equipment and evidence by way of air sampling, swabbing of particular particles, and there's also things that the government agencies didn't do that we're

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 19 of 51

very interested in looking at that is nondestructive, not invasive, certainly some of it just requires looking at the exterior of the building, doing some infrared scanning of the exterior of the building, doing a visual, video and photograph of the internal parts of the building, where things are, looking at the HVAC components, things that weren't necessarily looked at by the FDA but certainly could have contributed to the contamination that occurred at the facility.

We have an expert on the line that's here to tell you

10:20AM more about that if you're interested in hearing it, your Honor, but what we would suggest in the interest of moving things along and also providing an opportunity for both the FDA, the DPH, any governmental agency to have a say is that your Honor put an order in place that the inspection occur on or before December 14th that will provide counsel an opportunity to negotiate the protocol of the inspection, and it will also allow government agencies to come forth and indicate whether or not they have any objection over this inspection and for us to work with those agencies because certainly we are happy to

10:21AM provide the samples that we get on particular items that we look at to the government agencies, and it may in fact assist them in their process as well.

So what we're suggesting is a preliminary order of an inspection on or before December 14th where we'll work together with defense counsel on protocol and the government agencies to

the extent that we need to.

Your Honor may be aware that there are several cases that support the importance of inspection even if it does cause some hardship on the defendants or some minimal distraction, and so a couple of those cases I might just cite is the Snowden case, and that's 137 FRD, 325. In that case specifically the Court found that the mere fact that compliance with an inspection order will cause greatly or an expense or even considerable hardship and possibility of injury to a business on that party from which discovery is sought, it does not itself require denial of a motion like this.

10:22AM

I might just mention, your Honor, that time is of the essence. The further along that we go and we wait to get the sampling, the further that it could be compromised, you know, if we're waiting as the defendants are going --

THE COURT: Sampling meaning like bacteria sampling?

MS. DOUGHERTY: Yes, air sampling, bacteria sampling.

THE COURT: It's kind of after the fact, in other words, maybe I'm jumping way ahead of myself here, what would a current bacteria or air sample establish about what things were like six months or a year ago?

10:22AM

MS. DOUGHERTY: Well, certainly I can have the expert discuss that with you, but my understanding from what the expert has said, it's not just the air sampling now, which can be compared with the air sampling that was done by the FDA,

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 21 of 51

they indicate in their report that they did do air sampling, but it's also sampling in HVAC systems where swabbing can be done, and it's also sampling that could be done internally in walls that can show degradation of rot.

Our experts are able to tell you what time frame that rot had occurred, for example, if you open up a wall and you see water but you would see a shiny nail, they can tell that's a new leak; if you see water and a rusty nail, that's an old leak.

10:23AM My expert on the phone can be more technologically accurate about all of those details, but certainly they're able to -- they're able to see degradations of material over time and able to pinpoint that, and, your Honor, if we're able to find the same molds that's in these vials, if it's here now, it was there then.

That's something that we're really concerned about being able to sample and see if we're able to find the mold in the facility and whether or not that mold matches with the mold that was in these vials, and so the longer we wait, the harder 10:24AM it's going to be for us to prove our case and for our clients to get the justice that they deserve.

The defendants are going to suggest that you do this some time after an MDL is formed. Your Honor, that's talking March maybe at the earliest, and we simply cannot wait that long. Not only would the evidence be compromised, but that

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 22 of 51

will give the defendants a clear opportunity to attempt to challenge our experts on Daubert as finding that all of our evidence is completely unreliable, and we just cannot allow the plaintiffs to be prejudiced in that way.

We're willing and able to work with the government agencies, we're happy to do so, we will work hand in hand with them, we will do everything that they want us to do and stay out of their way entirely, and, as I said, we suggested doing some inspection on the weekend in order to avoid that.

10:24AM So, your Honor, we're just asking that you put an interim order in place for an inspection by December 14th so that we can work on these issues. This goes -- I think Sister counsel has something that she would like to say on the inspection issue. I'll take up the preservation issue afterwards.

THE COURT: Counsel.

MS. PARKER: Thank you. Your Honor, we would just request that the order, if you determine to issue one, should make clear that it requires plaintiffs' counsel to coordinate 10:25AM with all federal and state and any other governmental authorities as well as we suggest plaintiffs' counsel and other actions pending across the country. We believe that coordination among those other plaintiffs' counsel is possible and is advantageous here.

THE COURT: All right. I'm sorry, Ms. Dougherty, you

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 23 of 51

had something else?

MS. DOUGHERTY: On the preservation issue, your Honor, if you'd like to hear from the defendants on inspection first, I can get to preservation after that.

THE COURT: Why don't you tell me a few bars about preservation.

MS. DOUGHERTY: Okay. Clearly your Honor understands how important preservation of not only documents but also physical evidence is in this case. It's routinely ordered, and 10:26AM it's something that we feel is very, very important at this point. We understand that there has been -- there have been governmental agencies that have gone into the facility. There's been some seizing of assets, there's been vials that have been taken and quarantined and things like that.

We understand that there are some things that are not within the control of the defendants, however, there are some things that are in control, and so what we are looking for is to preserve not just documents and equipment but also not allow alteration of things to occur in this facility so that when we 10:26AM do in fact have an opportunity to inspect that it is as close as possible to the condition that it was in at the time of the misconduct in this case, and so, your Honor, we have a proposed interim preservation order that we'd like to pass up to you which allows us to preserve in a way that we think protects the plaintiffs but also gives us time to work with the defense

Case 1:12-cv-12121-RWZ Document 18 Filed 12/03/12 Page 51 of 51

anything else anyone wants to take up? Okay. Hearing nothing, thank you all, and I will see you I guess a week from Monday.

MS. PARKER: Thank you, your Honor.

MR. FERN: Thank you, your Honor.

(Whereupon, the hearing was adjourned at 11:12 a.m.)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS ) ss.
CITY OF BOSTON )

I do hereby certify that the foregoing transcript, Pages 1 through 51 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action Nos. 12-12052-FDS and No. 12-12066-FDS, ERKAN, COLE, et al. vs. NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, et al. and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

Dated this December 3, 2012.

s/s Valerie A. O'Hara

______________________________

VALERIE A. O'HARA
OFFICIAL COURT REPORTER