UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MDL NO. 13-02419-RWZ


IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

*This document relates to Case Nos. 15-cv-12346, 15-cv-12347,
15-cv-12818, and 15-cv-266 (D.N.H.).*

ORDER

July 27, 2015


ZOBEL, D.J.

In three recent orders, the Judicial Panel on Multidistrict Litigation transferred four cases originally filed in the United States District Court for the District of New Hampshire to this court for pretrial proceedings. <u>See</u> Docket ## 1969, 2007, 2102. The cases are:

- <u>Golden v. O'Connell</u>, No. 15-cv-203 (D.N.H), No. 15-cv-12346 (D. Mass.) (filed June 3, 2015)

- <u>McCarthy v. O'Connell</u>, No. 15-cv-206 (D.N.H.), No. 15-cv-12347 (D. Mass.) (filed June 3, 2015)

- <u>Garcia v. O'Connell</u>, No. 15-cv-205 (D.N.H.), No. 15-cv-12818 (D. Mass.) (filed June 3, 2015)

- <u>Katz v. O'Connell</u>, No. 15-cv-266 (D.N.H.), No. 15-cv-_____ (D. Mass.) (filed July 9, 2015)

Each of these cases involves a New Hampshire plaintiff suing several New Hampshire defendants,[1] and each assert only state-law claims.  Nonetheless, each complaint

---

[1] None of the cases names NECC or its related entities as defendants.

contends that federal subject matter jurisdiction is appropriate under the bankruptcy jurisdiction statute, 28 U.S.C. § 1334(b).  That provision provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  Id.  According to these plaintiffs, that requirement is met because "each claim asserted is related to a pending bankruptcy previously filed by NECC . . . , a case under Title 11, and the outcome of this proceeding could have some effect on the Bankruptcy Estate."  See, e.g., Compl., Katz, ¶ 12.  The Chapter 11 plan for the NECC bankruptcy was confirmed on May 20, 2015.  See Notice of Entry of Confirmation Order, Docket # 1890.

"[A] federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."  McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  That obligation is particularly pronounced where, as here, delaying the resolution of the subject jurisdiction inquiry may result in the plaintiff unwittingly losing his right to bring its claims in another forum.[2]  The question that these new cases present, which is novel to this multidistrict litigation, is whether § 1334(b) can sustain federal jurisdiction over a case among non-debtors that was filed after the bankruptcy plan was confirmed.

"[B]ankruptcy courts ordinarily may exercise related to jurisdiction as long as the outcome of the litigation 'potentially [could] have some effect on the bankruptcy estate,

---

[2] Because the claims in these cases are state-law claims, they could also be brought in state court.  The limitation periods for bringing the claims there, however, continue to run.  Because the claims were brought under the federal bankruptcy jurisdiction statute, 28 U.S.C. § 1334, there is no mechanism to toll them while this court decides whether the federal cases can proceed.  Cf. 28 U.S.C. § 1367(d) (tolling state limitations period for state claims brought in federal court under supplemental jurisdiction statute).  Likewise, because these cases were originally filed in federal court (as opposed to being removed from state court), the federal courts lack the power to remand them to state court in a way that would accord them the benefit of their federal filing dates for limitations-period purposes.

such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'" In re Bos. Reg'l Med. Ctr., Inc., 410 F.3d 100, 105 (1st Cir. 2005) (quoting In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991)) (emphasis added).  The critical limitation on "related to" jurisdiction is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995).  Earlier in this case, before the NECC bankruptcy plan was confirmed, the court ruled that state-law claims like those asserted by plaintiffs in the four New Hampshire cases were "related to" to the bankruptcy and could be brought in federal court under § 1334.  See In re N. Eng. Compounding Pharmacy, Inc. Prods. Liab. Litig., 496 B.R. 256, 266-70 (D. Mass. 2013).

That earlier order, however, does not settle the issue for these new cases. Many courts have deemed a bankruptcy plan's confirmation to be an inflection point in the scope of "related to" jurisdiction, finding that, after confirmation, the perimeter of "related to" jurisdiction shrinks.  This is because "it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred." In re Resorts Int'l, Inc., 372 F.3d 154, 165 (3d Cir. 2004); see also In re Bos. Reg'l Med. Ctr., 410 F.3d at 107 ("[T]here will be situations in which the fact that particular litigation arises after confirmation of a reorganization plan will defeat an attempted exercise of bankruptcy jurisdiction.").

Plaintiffs in the four New Hampshire cases listed above are hereby ORDERED

3

to show cause, by August 17, 2015, why their complaints should not be dismissed for lack of subject matter jurisdiction.  Plaintiffs' submissions may not exceed 20 pages. Defendants may respond to plaintiffs' filings by August 31, 2015, and are likewise limited to 20 pages.  Other interested parties that wish for their views to be considered may submit 10-page statements by August 17, 2015, if they support the exercise of subject matter jurisdiction in these cases, or by August 31, 2015, if they oppose it.

This order shall be docketed in the multidistrict docket, MDL No. 13-2419, as well as the individual case dockets, i.e., Civil Action Nos. 15-cv-12346, 15-cv-12347, 15-cv-12818, and 15-cv-266 (D.N.H.).[3]


|  July 27, 2015  | | /s/Rya W. Zobel |
| DATE | | RYA W. ZOBEL |
| | | UNITED STATES DISTRICT JUDGE |

---

[3] Because the Katz case, No. 15-cv-266 (D.N.H.), was transferred to this court today, it has not yet been assigned a District of Massachusetts case number.  When a number has been assigned, this order shall be entered in that docket.

4