UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE: NEW ENGLAND COMPOUNDING          )
PHARMACY, INC. PRODUCTS LIABILITY        )
LITIGATION                               )          MDL No. 1:13-md-2419-RWZ
                                         )
THIS DOCUMENT RELATES TO:                )
                                         )
Case No. 1:14-cv-13508-RWZ               )
_____ )

## ORDER APPROVING COMPROMISE AND SETTLEMENT OF VIRGINIA
## WRONGFUL DEATH CLAIM PURSUANT TO VA. CODE § 8.01-55

THIS DAY CAME Petitioner Tamela M. Miller, personal representative and duly

qualified executor of the Estate of Sydney M. Creasy, deceased, ("Petitioner"), and Respondents

Insight Health Corp. ("Insight"), Image Guided Pain Management, P.C., John M. Mathis, M.D.,

and Robert F. O'Brien, M.D. (collectively "Respondents"), by counsel, pursuant to Va. Code §

8.01-55, as amended, and requested this Court's consideration and approval of a compromise

settlement for a claim for alleged wrongful death against Respondents.

WHEREUPON, after consideration of the Petition for Approval of Compromise

Settlement of Virginia Wrongful Death Claim Pursuant to Va. Code § 8.01-55 ("Petition"),

Respondents' answer to the Petition, the evidence taken during the hearing on the Petition, the

representations of counsel and the parties, and, for good cause shown, the Court finds the

following:

1.      That Pursuant to Va. Code § 8.01-55, the parties in interest have either endorsed

this Order or been given notice of the hearing and proposed compromise as provided in Va. Code

§ 8.01-296 and/or Va. Code § 8.01-320;

2.     That Petitioner's decedent, Sydney M. Creasy ("Decedent"), died on January 8, 2013;

3.     That Petitioner duly qualified as the executor of the Estate of Sydney M. Creasy in the Circuit Court for the City of Martinsville, Virginia, on February 12, 2013;

4.     That Decedent's statutory beneficiaries are Tamela Miller and Katherine Shughart;

5.     That Petitioner filed a wrongful death action ("Action") against Respondents, in the Circuit Court for the City of Roanoke, Virginia, on or about March 13, 2013, styled *Tamela M. Miller, Executor of the Estate of Sydney M. Creasy, v. Insight Health Corp., John M. Mathis, M.D., Robert F. O'Brien, M.D., and Image Guided Pain Management, P.C.*, Cir. Ct. of the City of Roanoke, Va., Case No. CL14-924;

6.     That Respondents timely responded and denied and continue to deny any and all liability in the Action;

7.     That the Action was transferred to MDL 2419 and is now pending in the U.S. District Court for the District of Massachusetts;

8.     That Respondents and Petitioner agreed upon a compromise settlement of the Action and related claims in February 2015 as part of a global settlement of the 153 claims asserted in forty-seven separate personal injury and wrongful death cases pending against Respondents in MDL 2419;

9.     That the amount and terms of the global settlement are set forth in the Settlement and Release Agreement ("Agreement") of February 12, 2015, and the incorporated First Amended Insight Claims Resolution Facility Procedures ("Procedures");

2

10.     That as part of the Agreement, Petitioner and Respondents have signed a Mutual Release;

11.     That, pursuant to the Agreement, Respondents have placed in escrow the total agreed upon settlement amount to be paid to settle the 153 claims asserted in forty-seven personal injury and wrongful death actions which originated in Virginia state court and were transferred to MDL 2419, including Petitioner's claims (the "Settlement Amount");

12.     That the ICRFP Segregated Amount shall be allocated from the Settlement Amount and paid to the NECC Tort Trust to be held and segregated in accordance with the Agreement, the Procedures, and the NECC Tort Trust Agreement (the "Settlement Amount Allocation"). The Funds shall be held in this manner pending the process set forth within the Procedures;

13.     That the Agreement and Procedures have been approved and confirmed by Judge Boroff of the U.S. Bankruptcy Court for the District of Massachusetts in an order entered May 20, 2015, which confirmed the Chapter 11 bankruptcy plan of New England Compounding Pharmacy, Inc. following overwhelming support from interested parties. *See* Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., *In re: New England Compounding Pharmacy, Inc.*, Case No. 12-19882-HJB (Bankr. D. Mass. May 20, 2015) (Doc. No. 1355) (the "Bankruptcy Court Approval");

14.     That no appeal from the order approving the Chapter 11 bankruptcy plan of New England Compounding Pharmacy, Inc. has been filed and the order confirming the Chapter 11 bankruptcy plan is now a final order;

3

15.     That Petitioner filed her Petition to approve the compromise settlement with Respondents on or about June 30, 2015;

16.     That the manner in which the settlement sum would be allocated to Petitioner pursuant to the Agreement and Procedures has been presented to this Court for review and has been approved by this Court;

17.     That Petitioner, individually and by counsel, has represented to the Court that she believes that the Agreement and Procedures are fair, reasonable and in the best interest of the Estate and the statutory beneficiaries, and has requested approval thereof;

NOW, THEREFORE, the Court is of the opinion that the proposed settlement of Petitioner's wrongful death claim and the Agreement and Procedures are fair and reasonable under the circumstances of the Decedent's death and in the best interest of the Estate of Sydney M. Creasy, Deceased, and Decedent's statutory beneficiaries. It is therefore,

ADJUDGED, ORDERED and DECREED that the compromise settlement, as set forth in the Agreement and Procedures, be and is hereby APPROVED, and it is further;

ORDERED that the Agreement between Petitioner and Respondents is hereby approved in its entirety, including the Procedures already approved by the Bankruptcy Court Approval, and shall be filed and made a part of the Court's file in this proceeding;

ORDERED that the Mutual Release between the Petitioner and Respondents is hereby approved;

ORDERED that, prior to any distribution to the Decedent's statutory beneficiaries or from their respective share of the gross amount attributed to them under the process set forth in the Procedures, the amount of such distributions and instructions for issuing them shall be presented to the Court for approval by further order of the Court ("Future Distribution Order");

4

ORDERED that, effective upon the date of the Settlement Amount Allocation,

Respondents and their past, present and future officers, directors, stockholders, insurers,

attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners,

subcontractors, predecessors and successors in interest, and assigns and all other persons, firms

or corporations with whom any of the former have been, are now, or may hereafter be affiliated,

each acting in their capacity as such, shall be forever released and discharged of any and all

liability to the Estate of Sydney M. Creasy, Deceased, or any statutory beneficiary entitled by

law to any recovery for the injuries, losses, and/or damages arising out of the injury and death of

the Decedent as well as from any and all past, present or future claims, demands, obligations,

actions, causes of action, wrongful death claims, rights, damages, costs, losses of services,

expenses and compensation of any nature whatsoever, whether based on tort, contract, fraud,

statutory violation, or other theory of recovery, which Petitioner now has, or which may

hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or

which relate to NECC Claims, as that term is defined in the Agreement.

ORDERED that the Petitioner's suit will be dismissed with prejudice upon entry of the

Future Distribution Order. The Clerk is directed to forward certified copies of this Order to

counsel of record.

ENTER, this _9 ℔_ day of July 2015.

U.S. District Court Judge

5

WE ASK FOR THIS:

Date: June 30, 2015

Respectfully Submitted

By: /s/ Leo J.M. Boyd
Stephen D. Busch, Esq. (*pro hac vice*)
James F. Neale (*pro hac vice*)
Christopher E. Trible, Esq. (*pro hac vice*)
Leo J.M. Boyd, Esq. (*pro hac vice*)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219-4030
T: (804) 775-1000
F: (804) 775-1061
sbusch@mcguirewoods.com
jneale@mcguirewoods.com
ctrible@mcguirewoods.com
lboyd@mcguirewoods.com

> *Counsel for Defendants Insight Health
> Corp., Insight Health Services Corp.,
> and Insight Health Services Holdings*

By: /s/ John T. Jessee
John T. Jessee, Esq.
Nancy Reynolds, Esq.
LeClairRyan, PC
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
T: (540) 510-3018
F: (540) 510-3050
John.jessee@leclairryan.com

> *Counsel for Defendants Robert
> O'Brien, MD, John M. Mathis, MD,
> and Image Guided Pain Management
> PC*

By: /s/ Patrick T. Fennell
Patrick T. Fennell, Esq. (VSB 40393)
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
T: (540) 342-2000
F: (540) 400-0616
pfennell@crandalllaw.com

> *Counsel for Plaintiff Tamela M. Miller,
> Executor of the Estate of Sydney M.
> Creasy, Deceased*

6