# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) |  MDL No. 02419 Docket No. 1:13-md-2419-RWZ |

This document relates to:

All of the cases against the Box Hill Defendants[2]

## BOX HILL DEFENDANTS' FIRST SET OF INTERROGATORIES TO AMERIDOSE, LLC.

Come the Defendants Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (collectively "Box Hill Defendants"), pursuant to Rules 26, 33 and 34 of the Federal Rules of civil Procedure and the Local Rules for the District of Massachusetts, and propound the following Interrogatories to Ameridose, LLC.

Each of the following Interrogatories shall be answered under oath, in writing, separately, to the fullest possible detail, and in accordance with the definitions and instructions set forth below. The answers shall be signed by the person making them, and a copy of the answers, together with objections, if any, shall be served within thirty (30) days after the service date of these Interrogatories.

You are under a duty to seasonably supplement your response with respect to any Interrogatory directly addressed to the identity and location of persons having knowledge of discoverable matters. You are under a duty to amend a prior response if you obtain information on the basis of which you know that the response was incorrect when made, or that the response, though correctly made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

1. As used in this document, the terms "person(s)" and "individual(s)" mean any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or

---

[2] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

2. As used in this document, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and incudes without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing or sketch, graph, index, lists, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which <u>was</u>, but is no longer, in your possession, custody, or control.

3. As used in this document, the terms "identification," "identify," or "identity," when used in reference to a natural individual, require you to state his or her full name and residential and business address. Use of the term "document" in connection with the Interrogatories requires you to state the number of pages and the nature of the document, its title, its date, the name or names of its authors, and recipients, and its present location and custodian.

4. "You" and "your" refers to Ameridose, LLC and each of its present and former agents, representatives, and employees, attorneys and accountants, and each person acting or purporting to act on its behalf.

5. "Communication" means any oral or written utterance, notification, or statement of any nature whatsoever by and to whomsoever made, including, but not limited to, correspondence, conversation, dialogue, discussions, interviews, consultants, and any other understanding between or among two or more persons.

## INSTRUCTIONS

1. With respect to each Interrogatory, in addition to answering the question, you are to identify all documents that support, refer to, or evidence the subject matter of each Interrogatory and your answer thereto.

If any or all identified documents are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then you must do the following with respect to each and every document:

A. Describe the nature of the document;
B. State the date of the document;
C. Identify the persons who sent and received the original and the copy of the document;

    D.  State in as much detail as possible the contents of the documents; and,

    E.  State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney-client privilege, the work-product doctrine, or any other ground, then do the following with respect to each and every document:

    A.  Describe the nature of the document;

    B.  State the date of the document;

    C.  Identify the persons who sent and received the original and a copy of the document;

    D.  State the subject matter of the document; and,

    E.  State the basis upon which you contend you are entitled to withhold the document from production.

2.  All documents produced should be organized and labeled to correspond to the specific Request in response to which they are being made available or should be produced as they are kept in the usual course of business.

3.  The terms "and," "or," and "and/or" should be construed either disjunctively or conjunctively so as to bring within the scope of these Interrogatories and Requests any information that might otherwise be construed as outside their scope.

4.  The term "any" should be construed to include the word "all" and "all" should be construed to include "any."

5.  The present tense should be construed to include the past tense, and the past tense should be construed to include the present tense.

6.  The singular should be construed to include the plural, and the plural should be construed to include the singular.

7.  The terms "he" and "his" should be construed to include the words "she" and "her" or "hers," respectively and vice versa.

8.  "Relating to" when referring to a document shall mean mentioning, describing, connected to or with, or discussing the stated subject matter.

INTERROGATORIES

INTERROGATORY NO. 1: Identify every person providing information used in answering these interrogatories.

ANSWER:

INTERROGATORY NO. 2: Identify all owners and shareholders of Ameridose from 2006 to 2013. Include in your answer the dates of ownership for each owner or shareholder and the nature and extent of their share hold or other other equitable or legal interest.

ANSWER:

INTERROGATORY NO. 3: Identify all of Ameridose's officers, directors, and managers from 2006 to 2013. Include in your answer the date-range for which each officer, director and manager held their positions with Ameridose.

ANSWER:

INTERROGATORY NO. 4: For each officer, director, and manager of Ameridose from 2006 to 2013, identify and describe any role such person played in NECC operations or management.

ANSWER:

INTERROGATORY NO. 5: Identify all locations of your business operations from 2006 to 2013 and note whether MPA was ever compounded by Ameridose at such location.

ANSWER:

INTERROGATORY NO. 6: Describe the nature and extent of your business activities related to compounding medication from 2006 to 2013.

ANSWER:

INTERROGATORY NO. 7: Identify all time periods in which Ameridose and NECC each conducted operations of any kind (whether compounding, shipping, marketing, office support, etc.) at the NECC facility.

ANSWER:

INTERROGATORY NO. 8: Identify all time periods in which Ameridose compounded any medication at the NECC facility.

ANSWER:

INTERROGATORY NO. 9: Identify all time periods in which Ameridose compounded MPA at the NECC facility.

ANSWER:

INTERROGATORY NO. 10: Identify by name and job title all of your officers, agents and employees who participated in compounding or dispensing MPA from 2006 to 2013.

ANSWER:

INTERROGATORY NO. 11: Identify and describe each of the NECC cleanrooms that was designed, constructed, manufactured, installed, certified, cleaned or operated at the request of Ameridose.

ANSWER:

INTERROGATORY NO. 12: Identify and describe any communication you had with the Box Hill Defendants or any of its agents.

ANSWER:

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C.,
Ritu T. Bhambhani, M.D., and Ritu T.
Bhambhani, M.D., L.L.C.***

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ⟶ This document relates to: ⟶ All of the cases against the Box Hill Defendants[3] | ) ) ) ) ) ) ) ) ) ) MDL No. 02419 Docket No. 1:13-md-2419-RWZ |

IN RE NEW ENGLAND COMPOUNDING ) 
PHARMACY, INC. PRODUCTS LIABILITY )    MDL No. 02419
LITIGATION )    Docket No. 1:13-md-2419-RWZ
     )
     )
This document relates to: )
     )
All of the cases against the Box Hill Defendants[3] )
     )

## BOX HILL DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO AMERIDOSE, LLC.

Come the Defendants Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (collectively "Box Hill Defendants"), pursuant to Rules 26, 33 and 34 of the Federal Rules of civil Procedure and the Local Rules for the District of Massachusetts, and propound the following Request for Production to Ameridose, LLC.

Each of the following Requests shall be answered under oath, in writing, separately, to the fullest possible detail, and in accordance with the definitions and instructions set forth below. The answers shall be signed by the person making them, and a copy of the answers, together with objections, if any, shall be served within thirty (30) days after the service date of these Requests for Production.

You are under a duty to seasonably supplement your response with respect to any Interrogatory directly addressed to the identity and location of persons having knowledge of discoverable matters. You are under a duty to amend a prior response if you obtain information on the basis of which you know that the response was incorrect when made, or that the response, though correctly made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

1. As used in this document, the terms "person(s)" and "individual(s)" mean any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or

---

[3] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

2. As used in this document, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and incudes without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing or sketch, graph, index, lists, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

3. As used in this document, the terms "identification," "identify," or "identity," when used in reference to a natural individual, require you to state his or her full name and residential and business address.  Use of the term "document" in connection with the Interrogatories requires you to state the number of pages and the nature of the document, its title, its date, the name or names of its authors, and recipients, and its present location and custodian.

4. "You" and "your" refers to Ameridose, LLC and each of its present and former agents, representatives, and employees, attorneys and accountants, and each person acting or purporting to act on its behalf.

5. "Communication" means any oral or written utterance, notification, or statement of any nature whatsoever by and to whomsoever made, including, but not limited to, correspondence, conversation, dialogue, discussions, interviews, consultants, and any other understanding between or among two or more persons.

INSTRUCTIONS

1. With respect to each Request, in addition to answering the question, you are to identify all documents that support, refer to, or evidence the subject matter of each Request and your answer thereto.

If any or all identified documents are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then you must do the following with respect to each and every document:

A. Describe the nature of the document;
B. State the date of the document;
C. Identify the persons who sent and received the original and the copy of the document;

    D.  State in as much detail as possible the contents of the documents; and,

    E.  State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney-client privilege, the work-product doctrine, or any other ground, then do the following with respect to each and every document:

    A.  Describe the nature of the document;

    B.  State the date of the document;

    C.  Identify the persons who sent and received the original and a copy of the document;

    D.  State the subject matter of the document; and,

    E.  State the basis upon which you contend you are entitled to withhold the document from production.

2.  All documents produced should be organized and labeled to correspond to the specific Request in response to which they are being made available or should be produced as they are kept in the usual course of business.

3.  The terms "and," "or," and "and/or" should be construed either disjunctively or conjunctively so as to bring within the scope of these Interrogatories and Requests any information that might otherwise be construed as outside their scope.

4.  The term "any" should be construed to include the word "all" and "all" should be construed to include "any."

5.  The present tense should be construed to include the past tense, and the past tense should be construed to include the present tense.

6.  The singular should be construed to include the plural, and the plural should be construed to include the singular.

7.  The terms "he" and "his" should be construed to include the words "she" and "her" or "hers," respectively and vice versa.

8.  "Relating to" when referring to a document shall mean mentioning, describing, connected to or with, or discussing the stated subject matter.

<u>REQUESTS</u>

REQUEST FOR PRODUCTION NO. 1:     All organizational charts for Ameridose that applied at any time from 2006 to 2013.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2:     Documents sufficient to establish the ownership of Ameridose form 2006 to 2013, and all documents referring or relating to any changes in such ownership.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:     Documents sufficient to establish the members of Ameridose's board of directors from 2006 to 2013, and all documents referring or relating to any changes in board membership.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4:     Documents sufficient to establish the identity of each member of management at Ameridose from 2006 to 2013, and all documents referring or relating to any changes in management.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5:     All documents referring or relating to the commingling of financial accounts between Ameridose and NECC.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:     All documents referring or relating to any name change by Ameridose or NECC that were contemplated or occurred.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:     All documents referring or relating to procedures or policies concerning compounding or manufacturing MPA.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:     All documents referring or relating to drugs compounded by Ameridose that filed any inspection or test.

RESPONSE:


REQUEST FOR PRODUCTION NO. 9:     All correspondence with any person with whom you contracted or sought proposals for the design, manufacture, installation, certification, inspection, cleaning, operation, or maintenance of the NECC cleanrooms.

RESPONSE:


REQUEST FOR PRODUCTION NO. 10:     All documents referring or relating to inspections of the NECC facility conducted by the FDA or MBP.

RESPONSE:


REQUEST FOR PRODUCTION NO. 11:     All documents referring or relating to warnings you received from the FDA or MBP.

RESPONSE:


REQUEST FOR PRODUCTION NO. 12:     All documents referring or relating to training persons on compounding, inspecting, and testing MPA for Ameridose or NECC.

RESPONSE:


REQUEST FOR PRODUCTION NO. 13:     All documents referring or relating to sterility and fungal testing on MPA from 2006 to 2013.

RESPONSE:


REQUEST FOR PRODUCTION NO. 14:     All documents referring or relating to the recycling center owned by Conigliaro Industries that is adjoining or near the NECC facility.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15:   All documents referring or relating to any malfunction, failure to meet specifications, or failure to keep particle contamination at intended levels with respect to any of the NECC cleanrooms.

RESPONSE:


REQUEST FOR PRODUCTION NO. 16:   All documents referring or relating to particle testing at the NECC facility.

RESPONSE:


REQUEST FOR PRODUCTION NO. 17:   All documents referring or relating to air pressure problems or concerns at the NECC facility.

RESPONSE:


REQUEST FOR PRODUCTION NO. 18:   All documents referring or relating to any gaps or spaces in the ceilings of the NECC cleanrooms.

RESPONSE:


REQUEST FOR PRODUCTION NO. 19:   All documents referring or relating to any gaps or spaces around the doors of the NECC cleanrooms.

RESPONSE:


REQUEST FOR PRODUCTION NO. 20:   All documents referring or relating to any modifications made to the ceilings, doors or door sweeps for the NECC cleanrooms since their installation.

RESPONSE:


REQUEST FOR PRODUCTION NO. 21:   All documents referring or relating to certification of the NECC cleanrooms.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22: All discovery obtained from non-parties to this suit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23: Every page of your website as it existed at any point from 2011 to 2012. If such documents are no longer available, produce documents reflecting the files currently available.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24: All documents referring or relating to the pass thru "box" depicted in the documents Bates labeled 003489-003491 and attached hereto as Exhibit "A."

RESPONSE:

REQUEST FOR PRODUCTION NO. 25: All documents referring or relating to problems or concerns regarding the cleaning services provided by UniFirst at the NECC facilty.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26: All documents referring or relating to problems or concerns regarding the testing services provided by ARL for product compounded or manufactured by Ameridose.

RESPONSE:

REQUEST FOR PRODUCTION NO. 27: All documents referring or relating to the relationship between Ameridose and NECC, including without limitation, joint marketing efforts, joint e-mail and computer systems, sharing or employees or management, and sharing of office space or clean rooms.

RESPONSE:

REQUEST FOR PRODUCTION NO. 28: All documents referring or relating to the relationship between Ameridose or NECC and Alaunus Pharmaceuticals, including without limitation, joint marketing efforts, joint e-mail and computer systems, sharing or employees or management, and sharing of office space or clean rooms.

RESPONSE:


REQUEST FOR PRODUCTION NO. 29:    The corporate charter, bylaws and minutes from all board meetings that occurred, if any.

RESPONSE:


REQUEST FOR PRODUCTION NO. 30:    All Ameridose policies and procedures relating to the compounding of drugs in accordance with USP 797.

RESPONSE:


REQUEST FOR PRODUCTION NO. 31:    All documents referring or relating to Ameridose's use of unlicensed pharmacists or technicians to compound medications.

RESPONSE:


REQUEST FOR PRODUCTION NO. 32:    All documents referring or relating to the failure of any pharmacist or technician to compound medications in accordance with USP 797, including without limitation, keeping MPA in an autoclave for the proper amount of time.

RESPONSE:


REQUEST FOR PRODUCTION NO. 33:    All documents referring or relating to whether a particular customer, order, client, or product should be compounded, filled, processed, assigned or sold by and/or through Ameridose versus NECC.

RESPONSE:


REQUST FOR PRODUCTION NO. 34:    All documents referring or relating to Box Hill Surgery Center, LLC; Ritu Bhambhani, M.D., or Ritu T. Bhambhani, M.D., LLC.

RESPONSE:

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
(410) 938-8800
**_Attorneys for Box Hill Surgery Center, L.L.C.,_**
**_Ritu T. Bhambhani, M.D., and Ritu T._**
**_Bhambhani, M.D., L.L.C_**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING   )
PHARMACY, INC. PRODUCTS LIABILITY   )   MDL No. 02419
LITIGATION   )   Docket No. 1:13-md-2419-RWZ
   )
————————————————————   )
   )
This document relates to:   )
   )
All of the cases against the Box Hill Defendants[4]   )
   )

## BOX HILL DEFENDANTS' FIRST SET OF
## REQUESTS FOR ADMISSIONS TO AMERIDOSE, LLC.

Come the Defendants Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (collectively "Box Hill Defendants"), pursuant to Rules 26, 33 and 34 of the Federal Rules of civil Procedure and the Local Rules for the District of Massachusetts, and propound the following Requests for Admissions to Ameridose, LLC ("Ameridose").

Each of the following Requests shall be answered under oath, in writing, separately, to the fullest possible detail, and in accordance with the definitions and instructions set forth below. The answers shall be signed by the person making them, and a copy of the answers, together with objections, if any, shall be served within thirty (30) days after the service date of these Requests for Production.

You are under a duty to seasonably supplement your response with respect to any Interrogatory directly addressed to the identity and location of persons having knowledge of discoverable matters. You are under a duty to amend a prior response if you obtain information on the basis of which you know that the response was incorrect when made, or that the response, though correctly made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

1. As used in this document, the terms "person(s)" and "individual(s)" mean any natural individual in any capacity whatsoever or any entity or organization, including divisions,

---

[4] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

2. As used in this document, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and incudes without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing or sketch, graph, index, lists, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

3. As used in this document, the terms "identification," "identify," or "identity," when used in reference to a natural individual, require you to state his or her full name and residential and business address. Use of the term "document" in connection with the Interrogatories requires you to state the number of pages and the nature of the document, its title, its date, the name or names of its authors, and recipients, and its present location and custodian.

4. "You" and "your" refers to Ameridose, LLC and each of its present and former agents, representatives, and employees, attorneys and accountants, and each person acting or purporting to act on its behalf.

5. "Communication" means any oral or written utterance, notification, or statement of any nature whatsoever by and to whomsoever made, including, but not limited to, correspondence, conversation, dialogue, discussions, interviews, consultants, and any other understanding between or among two or more persons.

## INSTRUCTIONS

1. With respect to each Request, in addition to answering the question, you are to identify all documents that support, refer to, or evidence the subject matter of each Request and your answer thereto.

   If any or all identified documents are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then you must do the following with respect to each and every document:

   A. Describe the nature of the document;
   B. State the date of the document;

C. Identify the persons who sent and received the original and the copy of the document;

D. State in as much detail as possible the contents of the documents; and,

E. State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney-client privilege, the work-product doctrine, or any other ground, then do the following with respect to each and every document:

A. Describe the nature of the document;

B. State the date of the document;

C. Identify the persons who sent and received the original and a copy of the document;

D. State the subject matter of the document; and,

E. State the basis upon which you contend you are entitled to withhold the document from production.

2. All documents produced should be organized and labeled to correspond to the specific Request in response to which they are being made available or should be produced as they are kept in the usual course of business.

3. The terms "and," "or," and "and/or" should be construed either disjunctively or conjunctively so as to bring within the scope of these Interrogatories and Requests any information that might otherwise be construed as outside their scope.

4. The term "any" should be construed to include the word "all" and "all" should be construed to include "any."

5. The present tense should be construed to include the past tense, and the past tense should be construed to include the present tense.

6. The singular should be construed to include the plural, and the plural should be construed to include the singular.

7. The terms "he" and "his" should be construed to include the words "she" and "her" or "hers," respectively and vice versa.

8. "Relating to" when referring to a document shall mean mentioning, describing, connected to or with, or discussing the stated subject matter.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**      Admit that Ameridose and NECC shared one or more common owners between 2008 and 2012.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2:**      Admit that Ameridose and NECC shared one or more common managers between 2008 and 2012.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3:**      Admit that Ameridose and NECC shared one or more common directors or officers between 2008 and 2012.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4:**      Admit that Gregory Conigliaro and Barry Cadden were managers of Ameridose from 2008 to 2012.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5:**      Admit that Gregory Conigliaro and Barry Cadden were both directors of NECC from 2008 to 2012.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**      Admit that Gregory Conigliaro and Barry Cadden were both shareholders of NECC from 2008 to 2012.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7:**      Admit that Barry Cadden, Lisa Conigliaro Cadden, Gregory Conigliaro and Carla Conigliaro owned all of the membership interests of Ameridose from 2008 to 2012.

RESPONSE:

REQUEST FOR ADMISSION NO. 8:      Admit that on or about April 11, 2011, Ameridose employee Michelle Rivers requested certification of pharmacy technicians employed by NECC.

RESPONSE:


REQUEST FOR ADMISSION NO. 9:      Admit that Ameridose and NECC shared a booth at one or more conferences or conventions between 2006 and 2012.

RESPONSE:


REQUEST FOR ADMISSION NO. 10:      Admit that at one or more conferences or conventions between 2006 and 2012, Ameridose and NECC shared a single banner listing both company names.

RESPONSE:


REQUEST FOR ADMISSION NO. 11:      Admit that during part of the time between 2006 and 2012, Ameridose and NECC shared the same facility.

RESPONSE:


REQUEST FOR ADMISSION NO. 12:      Admit that in September 2012, NECC's privacy policy on its website referred to the "Ameridose Privacy Policy."

RESPONSE:


REQUEST FOR ADMISSION NO. 13:      Admit that in 2012, NECC, Medical Sales Management or Medical Sales Management SW salespersons recommended Ameridose for drug compounds that NECC did not have available.

RESPONSE:


REQUEST FOR ADMISSION NO. 14:      Admit that Ameridose compounded MPA in one or more NECC cleanrooms.

RESPONSE:

REQUEST FOR ADMISSION NO. 15:     Admit that Ameridose distributed MPA that was compounded in one or more NECC cleanrooms.

RESPONSE:


REQUET FOR ADMISSION NO. 16:     Admit that Ameridose and NECC at times shared resources and employees across both companies.

RESPONSE:



Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C.,***
***Ritu T. Bhambhani, M.D., and Ritu T.***
***Bhambhani, M.D., L.L.C.***

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Interrogatories, Requests for Production of Documents, and Requests for Admission has been served on the below listed counsel for Ameridose, LLC, on July 30, 2015 via U.S. Mail, postage pre-paid. Thereafter, a copy was filed on the Court's CM/ECF system to ensure that all interested parties can access it.

Matthew P. Moriarty, Esquire
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213

*Attorneys for Defendant Ameridose LLC*

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby