**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 02419<br>Docket No. 1:13-md-2419-RWZ |
| This document relates to: | |
| All of the cases against the Box Hill Defendants | |

**THE BOX HILL DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION PROPOUNDED TO UNIFIRST CORPORATION**

Come the Defendants Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (collectively "Box Hill Defendants"), pursuant to Rules 26, 33, and 34 of the Federal rules of Civil Procedure and the Local Rules for the District of Massachusetts, and propound the following Interrogatories, Requests for Production of Documents and Requests for Admission to UniFirst Corporation d/b/a UniClean Cleanroom Services ("UniFirst").

Each of the following Interrogatories shall be answered under oath, in writing, separately, to the fullest possible detail, and in accordance with the definitions and instructions set forth below. The answers shall be signed by the person making them, and a cop of the answers, together with objections, if any, shall be served within thirty (30) days after the service date of these Interrogatories.

You are under a duty to seasonably supplement your response with respect to any Interrogatory directly addressed to the identity and location of persons having knowledge of discoverable matters. You are under a duty to amend a prior response if you obtain information on the basis of which you know that the response was incorrect when made, or that the response, though correctly made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

DEFINITIONS

1. As used in this document, the term "person(s)" and "individual(s)" mean any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association,

organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

2. As used in this document, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing or sketch, graph, index, lists, tape, photograph, microfilm, data processing card, or any other written recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control, or which was, but is no longer, in your possession, custody, or control.

3. As used in this document, the terms "identification," "identify," or "identity," when used in reference to a natural individual, require you to state his or her full name and residential and business address. Use of the term "document" in connection with the Interrogatories requires you to state the number of pages and the nature of the documents, its title, its date, the name or names of its authors, and recipients and its present location and custodian.

4. "You" and "your" refers to UniFirst Corporation and each of its present and former agents, representatives and employees, attorneys and accountants, and each person acting or purporting to act on its behalf.

5. "Communication" means any oral or written utterance, notification, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversation, dialogue, discussions, interviews, consultants, and any other understanding between or among two or more persons.

## INSTRUCTIONS

1. With respect to each Interrogatory, in addition to answering the question, you are to identify all documents that support, refer to, or evidence the subject matter of each Interrogatory and your answer thereto.

   If any or all identified documents are no longer in your possession, custody, or control because of destruction, loss or any other reason, then you must do the following with respect to each and every document:

   A. Describe the nature of the document.
   B. State the date of the document;

   C. Identify the persons who sent and received the original and the copy of the document;

  D. State in as much detail as possible the contents of the documents; and

  E. State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney-client privilege, the work-product doctrine, or any other ground, then do the following with respect to each and every document.

  A. Describe the nature of the document;

  B. State the date of the document;

  C. Identify the persons who sent and received the original and a copy of the document;

  D. State the subject matter of the document; and,

  E. State the basis upon which you contend you are entitled to withhold the document from production.

2. All documents produced should be organized and labeled to correspond to the specific Request in response to which they are being made available or should be produced as they are kept in the usual course of business.

3. The terms "and," "or," and "and/or" should be construed either disjunctively or conjunctively so as to bring within the scope of these Interrogatories and Requests and information that might otherwise be construed as outside their scope.

4. The term "any" should be construed to include the word "all," and "all" should be construed to include "and."

5. The present tense should be construed to include the past tense, and the past tense should be construed to include the present tense.

6. The singular should be construed to include the plural, and the plural should be construed to include the singular.

7. The terms "he" and "his" should be construed to include the words "she" and "her" or "hers," respectively and vice versa.

8. "Relating to," when referring to a document shall mean mentioning, describing, connected to or with, or discussing the stated subject matter.

### INTERROGATORIES ADOPTED AND INCORPORATED FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES AND TENNESSEE CLINIC DEFENDANTS

On February 23, 2015; the Saint Thomas Entities sent their *First Set of Interrogatories, Requests for Production, and Requests for Admission to UniFirst Corporation*. In order to minimize the impact of discovery on UniFirst, these Box Hill Defendants **hereby adopt and incorporate, as if stated fully herein, Interrogatories 1-5** from the *Saint Thomas Entities' First Set of Interrogatories*. On March 20, 2015, the Tennessee Clinic Defendants sent their *First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to UniFirst Corporation*. [Dkt. 1742]. In order to minimize the impact of discovery on UniFirst, these Defendants **hereby adopt and incorporate, as if stated fully herein, Interrogatories 6-15** from the *Tennessee Clinic Defendants First Set of Interrogatories*. [Dkt.1742]. The "new" Interrogatories begin at Number 16.

### INTERROGATORIES

1-5    [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Interrogatories 1-5 from the *Saint Thomas Entities' First Set of Interrogatories*.]

ANSWER:


6-15    [The Box Hill Defendants adopt and incorporate, as if fully stated herein, Interrogatories 6-15 from the *Tennessee Clinic Defendants' First Set of Interrogatories*.]

ANSWER:


16.    Identify and describe any communication in 2012 and before between UniFirst and NECC about the need for additional cleanings or the need for more time to appropriately complete the cleanings that did occur.

ANSWER:


17.    Identify and describe any communication in 2012 or before between UniFirst and NECC regarding dirty or concerning conditions in the 2006 clean room (so called Clean Room #1).

ANSWER:

## REQUESTS FOR PRODUCTION ADOPTED AND INCORPORATED FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES AND TENNESSEE CLINIC DEFENDANTS

On February 23, 2015, the Saint Thomas entities sent their First Set of Interrogatories, Requests for Production, and Requests for Admission to UniFirst Corporation. In order to minimize the impact of discovery on UniFirst, these Box Hill Defendants **hereby adopt and incorporate, as if state fully herein, Requests for Production 1-23** from the *Saint Thomas Entities' First Set of Requests for Production.* On March 20, 2015, the Tennessee Clinic Defendants sent their *First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to UniFirst Corporation.* [Dkt.1742]. In order to minimize the impact of discovery on UniFirst, these Defendants **hereby adopt and incorporate, as if stated fully herein, Requests for Production of Documents 24-27** from the *Tennessee Clinic Defendants First Set of Requests for Production.* [Dkt.1742]. The "new" Requests for Production begin at Number 28.

### REQUESTS FOR PRODUCTION

1-23: [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Production 1-23 from the *Saint Thomas Entities' First Set of Requests for Production.*]

RESPONSE:


24-27: [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Production 24-27 from the *Tennessee Clinic Defendants' First Set of Requests for Production*][Dkt.1742].

RESPONSE:


28. Produce all documents reflecting any complaints made by those from UniFirst who were cleaning the 2006 clean room about dirty or concerning conditions in the 2006 clean room at NECC.

RESPONSE:

## REQUESTS FOR ADMISSION ADOPTED AND INCORPORATED FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES AND TENNESSEE CLINIC DEFENDANTS

On February 23, 2015, the Saint Thomas Entities sent their *First Set of Interrogatories, Requests for Production, and Requests for Admission to UniFirst Corporation.* In order to minimize the impact of discovery on UniFirst, these Box Hill Defendants **hereby adopt and incorporate, as if stated fully herein, Requests for Admission 1-19** from the *Saint Thomas Entities First Set of Requests for Admission.* On March 20, 2015, the Tennessee Clinic Defendants sent their *First Set of Requests for Production of Documents, and Requests for Admissions to UniFirst Corporation.* [Dkt.1742]. In order to minimize the impact of discovery on UniFirst, these Defendants **hereby adopt and incorporate, as if stated fully herein, Requests for Admissions 20-21** from the *Tennessee Clinic Defendants Requests for Admission.* [Dkt.1742]. The "new" Requests begin at Number 22.

## REQUESTS FOR ADMISSION

1-19.   [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Admission 1-19 from the *Saint Thomas Entities Requests for Admission.*]

RESPONSE:


20-21   [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Admission 20-21 from the *Saint Thomas Entities Requests for Admission.*]

RESPONSE:


22.   Admit that ninety (90) minutes was not sufficient time to properly clean the 2006 clean room at issue at NECC.

RESPONSE:


      Respectfully submitted,

      /s/ Gregory K. Kirby
      Gregory K. Kirby
      Pessin Katz Law, P.A.
      901 Dulaney Valley Road, Suite 500
      Towson, Maryland 21204
      (410) 938-8800
      ***Attorneys for the Box Hill Defendants***

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Interrogatories, Requests for Production of Documents, and Requests for Admission has been served on the below listed counsel for UniFirst Corporation on July 30, 2015 via U.S. Mail, postage pre-paid. Thereafter, a copy was filed on the Court's CM/ECF system to ensure that all interested parties can access it.

    Damian W. Wilmot
    James Rehnquist
    Abigail K. Hemani
    Roberto M. Braceras
    Goodwin Procter, LLP
    Exchange Place
    53 State Street
    Boston, MA  02109

    *Attorneys for UniFirst Corporation*
    *d/b/a Uniclean Cleanroom Services*

                                      /s/ Gregory K. Kirby
                                      Gregory K. Kirby