UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) MDL No. 02419<br>Docket No. 1:13-md-2419-RWZ |
| This document relates to:<br><br>All of the cases against the Box Hill Defendants | ) ) ) ) ) ) |

# THE BOX HILL DEFENDANTS' FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION PROPOUNDED TO MEDICAL SALES MANAGEMENT, INC. AND MEDICAL SALES MANAGEMENT SW, INC.

Come the Defendants Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (collectively "Box Hill Defendants"), pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts, and propound the following Interrogatories, Requests for Production of Documents and Requests for Admission to Medical Sales Management, Inc. ("MSM") and Medical Sales Management SW, Inc. ("MSMSW").

Each of the following Interrogatories shall be answered under oath, in writing, separately, to the fullest possible detail, and in accordance with the definitions and instructions set forth below. The answers shall be signed by the person making them, and a cop of the answers, together with objections, if any, shall be served within thirty (30) days after the service date of these Interrogatories.

You are under a duty to seasonably supplement your response with respect to any Interrogatory directly addressed to the identity and location of persons having knowledge of discoverable matters. You are under a duty to amend a prior response if you obtain information on the basis of which you know that the response was incorrect when made, or that the response, though correctly made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

1. As used in this document, the term "person(s)" and "individual(s)" mean any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association,

organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

2. As used in this document, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing or sketch, graph, index, lists, tape, photograph, microfilm, data processing card, or any other written recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control, or which <u>was</u>, but is no longer, in your possession, custody, or control.

3. As used in this document, the terms "identification," "identify," or "identity," when used in reference to a natural individual, require you to state his or her full name and residential and business address. Use of the term "document" in connection with the Interrogatories requires you to state the number of pages and the nature of the documents, its title, its date, the name or names of its authors, and recipients and its present location and custodian.

4. "You" and "your" refers to MSW and MSMSW and each of its present and former agents, representatives and employees, attorneys and accountants, and each person acting or purporting to act on its behalf.

5. "Communication" means any oral or written utterance, notification, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversation, dialogue, discussions, interviews, consultants, and any other understanding between or among two or more persons.

## INSTRUCTIONS

1. With respect to each Interrogatory, in addition to answering the question, you are to identify all documents that support, refer to, or evidence the subject matter of each Interrogatory and your answer thereto.

   If any or all identified documents are no longer in your possession, custody, or control because of destruction, loss or any other reason, then you must do the following with respect to each and every document:

   A. Describe the nature of the document.
   B. State the date of the document;

   C. Identify the persons who sent and received the original and the copy of the document;

   D. State in as much detail as possible the contents of the documents; and

   E. State the manner and date of disposition of the document.

   If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney-client privilege, the work-product doctrine, or any other ground, then do the following with respect to each and every document.

   A. Describe the nature of the document;

   B. State the date of the document;

   C. Identify the persons who sent and received the original and a copy of the document;

   D. State the subject matter of the document; and,

   E. State the basis upon which you contend you are entitled to withhold the document from production.

2. All documents produced should be organized and labeled to correspond to the specific Request in response to which they are being made available or should be produced as they are kept in the usual course of business.

3. The terms "and," "or," and "and/or" should be construed either disjunctively or conjunctively so as to bring within the scope of these Interrogatories and Requests and information that might otherwise be construed as outside their scope.

4. The term "any" should be construed to include the word "all," and "all" should be construed to include "and."

5. The present tense should be construed to include the past tense, and the past tense should be construed to include the present tense.

6. The singular should be construed to include the plural, and the plural should be construed to include the singular.

7. The terms "he" and "his" should be construed to include the words "she" and "her" or "hers," respectively and vice versa.

8. "Relating to," when referring to a document shall mean mentioning, describing, connected to or with, or discussing the stated subject matter.

## INTERROGATORIES ADOPTED AND INCORPORATED FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES AND TENNESSEE CLINIC DEFENDANT

On March 9, 2015, the Saint Thomas Entities sent their *First Set of Interrogatories, Requests for Production, and Requests for Admission to MSM and MSMSW*. In order to minimize the impact of discovery on MSM and MSMSW, these Box Hill Defendants **hereby adopt and incorporate, as if stated fully herein, Interrogatories 1-5** from the Saint Thomas Entities' *First Set of Interrogatories*. On March 20, 2015, the Tennessee Clinic Defendants sent their *First Set of Requests for Production of Documents, and Requests for Admissions to MSM and MSMSW*. [Dkt.1742]. In order to minimize the impact of discovery on MSM and MSMSW, these Defendants **hereby adopt and incorporate, as if stated fully herein, Interrogatories 6-8** from the *Tennessee Clinic Defendants Requests for Admission*. [Dkt.1742]. The "new" Interrogatories begin at Number 9.

## INTERROGATORIES

1-5. [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Interrogatories 1-5 from the *Saint Thomas Entities' First Set of Interrogatories*.]

ANSWER:


6-8. [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Interrogatories 6-8 from the Tennessee Clinic Defendants' First Set of Interrogatories.] [Dkt. 1742].

ANSWER:


9. Describe any communication between MSM and MSMSW's officers, employees, and agents and the Box Hill Defendants related to the ordering, purchasing or sale of NECC MPA for as long as they have done business with the Box Hill Defendants.

ANSWER:


10. Describe in detail what MSM and MSMSW's officers, employees and agents told the Box Hill Defendants about NECC's qualifications and the process for ordering the MPA.

ANSWER:

## REQUESTS FOR PRODUCTION ADOPTED AND INCORPORATED FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES

On March 9, 2015, the Saint Thomas Entities sent their First Set of Interrogatories, Requests for Production and Requests for Admission to MSM and MSMSW. In order to minimize the impact of discovery on MSM and MSMSW, these Box Hill Defendants **hereby adopt and incorporate, as if stated fully herein, Requests for Production 1-14** from the *Saint Thomas Entities' First Requests for Production*. The "new" Requests for Production begin at Number 15.

## REQUESTS FOR PRODUCTION

1-14. [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Production 1-14 from the Saint Thomas Entities' First Requests for Production.]

RESPONSE:


15. Produce all correspondence between MSM, MSMSW, and any of the Box Hill Defendants.

RESPONSE:


16. Produce any internal correspondence or documents referring or relating to any of the Box Hill Defendants.

RESPONSE:


17. Produce all internal policies, procedures, or guidelines that governed how NECC products were marketed to customers in 2011 and 2012.

RESPONSE:


18. Produce any documents or correspondence referring or relating to how MSM and MSMSW's sales personnel, employees, or agents were to sell or market NCC's products to any of the Box Hill Defendants.

RESPONSE:


19. Produce every document request from the PSC and every response given.

RESPONSE:

20. Produce each and every document produced during mediation.

RESPONSE:

21. Produce all test results and/or reports indicating that the NECC MPA sent to the Box Hill Defendants from lot number 06292012@26 and 08102012@51 was sterile.

RESPONSE:

## REQUESTS FOR ADMISSION ADOPTED AND INCORPORATED
## FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES

On March 9, 2015, the Saint Thomas Entities sent their *First Set of Interrogatories, Requests for Production, and Requests for Admission to MSM and MSMSW*. In order to minimize the impact of discovery on MSM and MSMSW, these Box Hill Defendants hereby adopt and incorporate, as if stated fully herein, Requests for Admission 1-32 from the *Saint Thomas Entities' First Requests for Admission*. The new requests begin at Number 33.

## REQUESTS FOR ADMISSION

1-32. [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Admission 1-32 from the *Saint Thomas Entities' First Request for Admission*.]

33.     MSM represented to Ritu Bhambhani and/or Andrew Vickers that MPA compounded by NECC met the requirements of USP 797.

RESPONSE:

34.     MSM represented to Ritu Bhambhani and/or Andrew Vickers that MPA compounded by NECC was safe and reliable.

RESPONSE:

35.     MSM represented to Ritu Bhambhani and/or Andrew Vickers that he Massachusetts Board of Pharmacy permitted the sale of compounded medications without prescriptions so long as a patient list was provided to NECC.

RESPONSE:

36.     MSM represented to Ritu Bhambhani that it was necessary for her to send a list of patient names to comply with Massachusetts law.

RESPONSE:

37.     MSM represented to Andrew Vickers that it was necessary for him to send a list of patient names to comply with Massachusetts law.

RESPONSE:

38. MSM did not instruct Ritu Bhambhani to send individual, patient-specific prescriptions to NECC when purchasing MPA.

RESPONSE:

39. MSM did not instruct Andrew Vickers to send individual, patient-specific prescriptions to NECC when purchasing MPA.

RESPONSE:

                Respectfully submitted,

                /s/ Gregory K. Kirby
                Gregory K. Kirby
                Pessin Katz Law, P.A.
                901 Dulaney Valley Road, Suite 500
                Towson, Maryland 21204
                (410) 938-8800
                ***Attorneys for the Box Hill Defendants***

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Interrogatories, Requests for Production of Documents, and Requests for Admission has been served on the below listed counsel for Medical Sales Management, Inc., on July 30, 2015 via U.S. Mail, postage pre-paid. Thereafter, a copy was filed on the Court's CM/ECF system to ensure that all interested parties can access it.

    Daniel M. Rabinovitz
    Brady J. Hermann
    Nicki Samson
    Michaels Ward & Rabinovitz
    One Beacon Street, 2nd Floor
    Boston, MA 02108

    *Attorneys for Defendant Medical Sales Management, Inc.*

                /s/ Gregory K. Kirby
                Gregory K. Kirby