UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO:<br>All Actions | Honorable Rya W.  Zobel |

**QUALIFIED PROTECTIVE ORDER FOR THE PRODUCTION OF CERTAIN INFORMATION MAINTAINED BY TENNESSEE DEPARTMENT OF HEALTH**

WHEREAS, the Court recognizes that the Tennessee Department of Health investigated the 2012 fungal meningitis outbreak (the "Outbreak") and maintained certain lists of individuals affected by the Outbreak;

WHEREAS, the Court recognizes that the lists so maintained contains protected health information and individually identifiable health information;

WHEREAS the Court recognizes that on May 20, 2015 (the "Confirmation Date") the United States Bankruptcy Court for the District of Massachusetts, Eastern Division in the New England Compounding Pharmacy's Chapter 11 bankruptcy proceeding, Case No. 12-19882 (the "Bankruptcy Proceeding") entered an order, dated May 20, 2015 (the "Confirmation Order"), confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. (the "Plan") filed jointly by Paul D. Moore, in his capacity as Chapter 11 Trustee, and the Official Committee of Unsecured Creditors.

WHEREAS, the Court recognizes that the Plan establishes a claims process and that the National Settlement Administrator and Appeals Administrator (as defined in the Confirmation

Order) may use information from state department of health lists in the administration of the claims process as set forth in the Plan; and

WHEREAS, the Court recognizes that the patient lists maintained by state departments of health will aid the National Settlement Administrator and Appeals Administrator in the administration of the claims process as set forth in the Plan.

IT IS HEREBY ORDERED that:

1.      "Personal Health Information," and "individually identifiable health information" protected under the Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA") (42 USC §1320d et seq.) and the regulations promulgated thereunder (45 CFR §§160, 164 et seq.), may only be disclosed by the Tennessee Department of Health in this proceeding and shall only be accessed in accordance with this Order.  The information requested and/or produced shall be limited to the list maintained by the Tennessee Department of Health of the names of patients that have been identified as receiving NECC solutions, medications or compounds and suffered an adverse medical event (the "TN Dept. of Health NECC List"). Nothing in this Order is meant to otherwise restrict the Tennessee Department of Health's lawful use and distribution of the TN Dept. of Health NECC List.

2.      Within 30 days of entry of this Order, the Tennessee Department of Health shall transmit the TN Dept. of Health NECC List to the Vendor, as defined by the Court's previous Qualified Protective Order, Dkt. No. 192 (the "First Qualified Protective Order").

3.      The Vendor shall maintain the TN Dept. of Health NECC List in full accordance with the terms of the First Qualified Protective Order.

4.      Only the National Settlement Administrator and the Appeals Administrator, as defined in the Confirmation Order shall have access to the TN Dept. of Health NECC List and

the National Settlement Administrator and the Appeals Administrator shall access the TN Dept. of Health NECC List for the sole purpose of facilitating the claims resolution process as outlined in the Plan.

     5.    The Tennessee Department of Health shall be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and shall have no liability under HIPAA or any other federal or state statute, regulation, or other requirement related to protected health information, for supplying the TN Dept. of Health NECC List to the Vendor.

     6.    Nothing in this Order is meant to alter or amend the First Qualified Protective Order, which shall remain in full force and effect.


**So Ordered**


                         /s/ Rya W. Zobel
                         Rya W. Zobel
                         United States District Court Judge