**EXHIBIT A**

FILED
05 NOV -3 AM 8:22
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>METABOLIFE INTERNATIONAL, INC. and ALPINE HEALTH PRODUCTS, LLC,<br><br>Debtors/Petitioners, | CASE NO. 05cv1802-IEG(RBB)<br><br>Order Granting Petition of Debtors-in-Possession Pursuant to 28 U.S.C. § 157(b)(5) [Doc. No. 1] |

Debtors-in-possession Metabolife International, Inc. ("Metabolife") and Alpine Health Products, LLC ("Alpine Health") (together with Metabolife, the "Debtors-in-Possession"), petition the Court pursuant to 28 U.S.C. § 157(b)(5) for an order determining that personal injury tort and wrongful death ("PITWD") claims, which cannot be tried in a bankruptcy court, shall be heard in this district court rather than in state and federal courts throughout the country. Debtors-in-Possession also seek related ancillary relief as necessary to implement the transfer the cases to this Court. Debtors-in-Possession do not, at this time, seek transfer of the approximately 200 MDL Actions currently pending before the Southern District of New York to this Court for pretrial management. Debtors-in-Possession, however, do seek immediate transfer of all other non-MDL PITWD actions to this Court. Debtors-in-Possession have served a copy of their petition upon counsel for all interested parties, including counsel for all PITWD plaintiffs.

Metabolife's sole shareholders, Michael Blevins, William Bradley, and Michael Ellis, have joined in the petition. These parties, however, additionally ask the Court to immediately transfer to this Court all Ephedra Actions, including those which are part of the S.D.N.Y. MDL Action.

The Official Committee of Unsecured Creditors ("Committee"), appointed in the coordinated Metabolife and Alpine Health bankruptcy actions, has filed a limited opposition. The Committee argues that although this Court should be designated as the proper forum for trial of all PITWD ephedra actions, the existing MDL Transfer Order, as well as the "tag-along" requirements of MDL Rules 1.1 and 7.4, require that all actions, once removed to this District, be transferred to the MDL Proceedings for all pretrial management purposes. The Committee, therefore, opposes the shareholders' proposal to immediately transfer the MDL Actions to this Court.

Oppositions have been filed by Christopher Harris, and Jerome and Susana Kreutzer, who have PITWD actions pending before the San Diego County Superior Court as part of coordinated proceeding JCCP 4360. An opposition has also been filed by certain doctors who are defendants to a PITWD action that was made part of the S.D.N.Y. MDL Action.

The Plaintiffs' Coordinating Committee ("PCC") of the S.D.N.Y. Ephedra MDL Action also filed a late "response" to Metabolife's petition. In that "response" the PCC asks the Court to transfer all the "adversary proceedings" involving PITWD claims against Metabolife to the MDL Judge in S.D.N.Y. pursuant to 28 U.S.C. § 1412. Debtors-in-Possession have filed a consolidated reply responding to the arguments of each of these parties.

A hearing was held before Chief Judge Irma E. Gonzalez on October 24, 2005. Robert Barnes appeared on behalf of Debtors-in-Possession. Victor Vilaplana and Peter Gurfein appeared on behalf of shareholders Michael Blevins, William Bradley, and Michael Ellis. David Molton and Christine Bauer appeared on behalf of the Official Committee of Unsecured Creditors. Laura Taylor appeared on behalf of the Unofficial Retailers' Committee. Fernando DeLeon, Edward Blizzard, and Anne Andrews appeared on behalf of the Ephedra MDL Plaintiffs' Coordinating Committee. Steven Siskos appeared on behalf of the JCCP Plaintiffs' Coordinating Committee. Manuel Corrales appeared on behalf of San Diego Superior Court Plaintiffs Jerome and Susana Kreutzer. Thomas Tosdal appeared on behalf of San Diego Superior Court Plaintiff Christopher

Harris. Lisa Ackley appeared on behalf of third party Chemins. Paul LaScala appeared on behalf of third party Wal-Mart.

### *Background*

Debtors-in-Possession filed a petition for bankruptcy under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California on June 30, 2005 (Case No. 05-06040). Those bankruptcy proceedings are being jointly administered by Chief Bankruptcy Judge John Hargrove . At the time the bankruptcy petitions were filed, approximately 362 ephedra-based personal injury tort and wrongful death ("PITWD") actions were pending against Metabolife and/or Alpine Health in state and federal courts. These PITWD cases allege injuries resulting from the purchase and use of Metabolife's products that contained ephedra.

Approximately 200 Ephedra Actions have been transferred to the District Court for the Southern District of New York pursuant to an April 13, 2004 MDL Transfer Order. Judge Jed S. Rakoff is presiding over the consolidated pretrial management of the MDL claims. In addition, there are approximately 90 actions pending before California state courts which have been coordinated by the Judicial Council of California ("JCCP") in a single proceeding in the San Diego County Superior Court before Judge Ronald Styn.[1] There are approximately 73 additional actions pending in various state or federal courts around the country. In addition to Metabolife and Alpine Health, many of the Ephedra Actions name other parties with a connection to Metabolife, such as retailers or entities that sold Metabolife products to the users, manufacturers of Metabolife products, distributors, and Metabolife's shareholders.

After Metabolife and Alpine filed their bankruptcy petitions on June 30, 2005, the bankruptcy court appointed an Official Committee of Unsecured Creditors ("Committee") under 11 U.S.C. § 1102. The Committee is made up of certain plaintiffs in the Ephedra Actions as well as certain trade creditors of the Debtors-in-Possession. Debtors-in-Possession have moved the bankruptcy court for approval of the sale of substantially all of their assets. That sale is currently set for November 3, 2005.

---

[1] On September 27, 2005, Superior Court defendants Wal-Mart, Rite-Aid Corp., Costco Wholesale Corp., and The Chemins Company removed 20 of the San Diego Superior Court JCCP actions to Southern District of California Bankruptcy Court.

Pursuant to the provisions of the bankruptcy code, all Ephedra Actions against Debtors-in-Possession were automatically stayed with the filing of the bankruptcy. On July 8, 2005, Judge Styn issued an order staying the JCCP action in San Diego County Superior Court for 90 days, including claims against third parties. On August 23, 2005, Judge Rakoff entered a stipulation that had been negotiated and signed by Debtors-in-Possession, the Committee, and the third parties, staying the MDL Ephedra Actions for 90 days. On September 7, 2005, Judge Hargrove granted Debtors-in-Possession's motion for a preliminary injunction enjoining all proceedings in all Ephedra Actions for a period of 90 days.

On September 16, 2005, Debtors-in-Possession filed the current petition under 28 U.S.C. § 157(b)(5) for an order determining that all PITWD claims shall be tried in this District Court rather than in courts scattered around the country. Debtors-in-Possession do not seek immediate transfer of the 200 or so MDL Actions pending before the Southern District of New York, but instead propose that those cases remain in New York until such time as they are ready for resolution by trial. Debtors-in-Possession ask that the remaining 162 or so non-MDL cases pending throughout the country, including the 90 JCCP cases before the San Diego County Superior Court, be forthwith transferred to this Court.

### *Discussion*

Pursuant to 28 U.S.C. § 157, "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." The purpose of § 157(b)(5) is "to centralize the administration of the [bankruptcy] estate and to eliminate the 'multiplicity of forums for the adjudication of parts of a bankruptcy case.'" A.H. Robins Company, Inc. v. Piccinin, 788 F.2d 994, 1011 (4th Cir. 1986) (quoting 130 Cong. Rec. H.7492, June 29, 1984, *reprinted in* 1984 U.S.C.C.A.N. at 579); see also In re Pan Am Corp., 16 F.3d 513, 516 (2d Cir. 1994) ("Congress enacted section 157(b)(5) to expand the district court's venue-fixing powers with an eye to centralizing the adjudication of a bankruptcy case."). By centralizing cases under § 157(b)(5), the court "increases the debtor's odds of developing a reasonable plan of reorganization which will

1  'work a rehabilitation of the debtor and at the same time assure fair and non-preferential resolution
2  of the . . . claims.'" In re Dow Corning Corp., 86 F.3d 482, 496 (6th Cir. 1996) (quoting A.H.
3  Robins Co., 788 F.2d at 1011). The district court's power to fix venue under § 157(b)(5) also
4  extends to cases pending against nondebtor defendants which are "related to" a debtor's
5  bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b). In re Dow Corning Corp., 86 F.3d at
6  497.

7  Although the language of § 157(b)(5) appears to impose upon the district court a mandatory
8  duty to fix venue, the court must first determine whether it is appropriate to abstain pursuant to 28
9  U.S.C. § 1334(c). In re Dow Corning, 86 F.3d at 497 (citing In re Pan Am Corp., 950 F.2d 839,
10 844 (2d Cir. 1991)). Section 1334(c)(1) provides as follows: "[n]othing in this section prevents a
11 district court in the interests of justice, or, in the interest of comity with State courts or respect for
12 state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in
13 or related to a case under title 11." In determining whether or not to abstain from transferring
14 venue under § 157(b)(5), courts should consider twelve factors:

   (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
   (2) the extent to which state law issues predominate over bankruptcy issues,
   (3) the difficulty or unsettled nature of the applicable law,
   (4) the presence of a related proceeding commenced in state court or other bankruptcy court,
   (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
   (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
   (7) the substance rather than form of an asserted "core" proceeding,
   (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
   (9) the burden on [the bankruptcy court's] docket,
   (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
   (11) the existence of a right to a jury trial, and
   (12) the presence in the proceeding of nondebtor parties.

24 In re Pacific Gas & Electric Co., 279 B.R. 561, 569-70 (N.D. Cal. 2002) (quoting Christensen v.
25 Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1999)). Where a proper request for transfer is
26 made under § 157(b)(5), "[t]ransfer should be the rule, abstention the exception." In re Pan Am
27 Corp., 950 F.2d at 845; see also In re Twin Laboratories, Inc., 300 B.R. 836, 841 (S.D.N.Y. 2003).
28 Despite the issues raised by the San Diego Superior Court plaintiffs Harris and Kreutzer, as

well as the doctor defendants in the Gyani v. Metabolife Int'l Inc. case pending before the Southern District of New York, the Court concludes that it is in the best interests of all involved parties to grant the Debtors-in-Possession's motion under § 157(b)(5). This case demonstrates the need to centralize the administration of all PITWD claims against the bankruptcy estate in a single district court. Like the Dow Corning breast implant claims addressed in the In re Dow Corning Corp. case, the Dalkon Shield IUD claims addressed in the A.H. Robins Company, Inc. case, the claims resulting from the crash of Pan Am flight 103 in the In re Pan Am. Corp. case, and the similar ephedra claims raised in In re Twin Laboratories, Inc., the claims of the 362 PITWD plaintiffs who have filed suits against Metabolife and Alpine Health need to be administered by a central court. As the Fourth Circuit pointed out many years ago in the A.H. Robins Company, Inc. case, "[t]he 'single focal point' of this proceeding [the chapter 11 bankruptcy] is the development of a reasonable plan of reorganization for the debtor, one which will work a rehabilitation of the debtor and at the same time assure fair and non-preferential resolution of the [ephedra] claims." 788 F.2d at 1012. Although a couple of objections have been filed by individual claimants in opposition to the current petition, "[i]f the claimants as a whole are to realize reasonable compensation for their claims, it is obviously in the interest of the class of claimants as a whole to obviate the tremendous expense of trying these cases separately." Id. at 1013

The Court further concludes, that the opposing parties have not demonstrated that the balance of factors set forth in In re Pacific Gas & Electric Co. favors abstention. With regard to the JCCP actions before the San Diego County Superior Court,[2] the Court concludes that the balance of factors favors the exercise of jurisdiction by this Court. On September 27, 2005, the non-debtor defendants removed 20 of the JCCP cases to the Southern District of California Bankruptcy Court. With only a couple exceptions, the remaining JCCP actions have been filed solely against the Debtors-in-Possession. Because of the automatic stay under the bankruptcy code, those cases will remain stayed indefinitely pending confirmation of a plan by the bankruptcy

---

[2] The Court notes that although counsel representing the JCCP Plaintiffs' Coordinating Committee appeared at the hearing, the Committee did not file a written opposition or abstention motion. No other Superior Court plaintiff filed a written opposition to the petition or motion for abstention.

court. The Kreutzer and Harris plaintiffs argue that transfer of the JCCP actions to this Court will result in a monumental waste of judicial resources because much of the pretrial preparation of these cases has been completed and they are simply awaiting trial. No trial will occur in those cases, however, while the bankruptcy is pending. Therefore, the transfer of the actions to this Court will not prejudice the rights of those plaintiffs. Furthermore, although the Kreutzer and Harris plaintiffs argue that there are novel issues of California causation law to be resolved in these cases, the Court believes these legal issues are not particularly difficult or unsettled. In addition, the state law issues do not predominate over the bankruptcy issues. The PITWD proceedings throughout the country are directly related to the bankruptcy case because the bankruptcy was precipitated, in large part, by the tort claims. It is not feasible to sever the PITWD claims from the core bankruptcy matters because the bankruptcy court cannot confirm a plan for administration of the estate without considering the impact of these claims. The Court notes that the assets of Debtor-in-Possession are pending sale, such that there will be a finite pool of money from which claims can be paid. Transferring venue for trial to this Court will ensure that this pool can be fairly distributed in accordance with the bankruptcy plan. The Court does not find that the initiation of the bankruptcy proceedings constitutes forum shopping because the Debtors-in-Possession are California corporations with their principal places of business within this District. Finally, although there would be some burden on this Court associated with the transfer of venue under § 157(b)(5), that burden is largely ameliorated by leaving the pending MDL Actions in the Southern District of New York. Therefore, upon consideration of all the factors, the Court concludes that the balance tips strongly in favor of the exercise of jurisdiction by this Court under § 157(b)(5) as to all of the JCCP Superior Court cases, and against abstention as requested by San Diego Superior Court plaintiffs Harris and Kreutzer.

With regard to the Gyani case doctor defendants, these parties appear to raise valid arguments regarding whether the malpractice claims against them should be severed from the MDL proceeding and remanded to the originating Court. Those issues, however, need to be raised by noticed motion to the appropriate court or to the Panel on Multidistrict Litigation that originally ordered that the case be made part of the MDL Action. Because this Court is not ordering the

immediate transfer of the MDL Actions, the Gyani doctor defendants can proceed with such motion in due course, prior to any final transfer of the case to this Court for trial.

With regard to the remaining 73 or so non-MDL, non-JCCP cases, the Court also finds it appropriate to exercise jurisdiction under § 157(b)(5). There are currently PITWD cases pending against the Debtors-in-Possession in the state and federal courts in Virginia, Texas, Pennsylvania, Minnesota, Maryland, Washington, Missouri, Massachusetts, Florida, New Jersey, Ohio, Oklahoma, Georgia, Illinois, Arkansas, Louisiana, Kansas, Connecticut, Utah, Mississippi, Arizona, North Carolina, Alabama, and Nevada. The transfer of these cases under § 157(b)(5) will promote the efficient administration of the bankruptcy estate by eliminating the need for Debtors-in-Possession to litigate these claims throughout the country. In particular, although these cases are currently under a stay imposed by Chief Bankruptcy Judge Hargrove, at the hearing before this Court there was some indication that there continues to be some ongoing issues in these proceedings. Transfer of the cases to this Court, in the district in which the bankruptcy proceedings are pending, will ensure that the interests of the PITWD claimants, and the Debtors-in-Possession, and the other claimants of the bankruptcy estate, are fully and fairly protected.

In the "response" filed by the Plaintiffs' Coordinating Committee ("PCC") of the Ephedra MDL Action, the PCC alternatively asks the Court to transfer all of the PITWD claims to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1412. Besides the fact that the "response" is in fact a grossly untimely motion for affirmative relief, § 1412 also does not provide the relief sought by the PCC. Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." As an initial matter, § 1412 allows only the court in which a suit is pending to transfer such case to another court. A.H. Robins Co., 788 F.2d at 1011. In particular, it is ordinarily for the bankruptcy court to determine whether such a transfer of venue is appropriate. Id.; see also Calumet Nat'l Bank v. Levine, 179 B.R. 117, 121 (N.D. Ind. 1995). Because the other cases that the PCC urges the Court to transfer under § 1412 are not currently before this Court, this Court lacks jurisdiction to transfer them to the S.D. New York. In addition, PITWD claims form a special class within the realm of bankruptcy law, and

§ 157(b)(5) is the proper section governing the determination of venue as to such claims. Id. Under § 157(b)(5), this Court can order that PITWD claims be tried only in this Court or in the court in which the claim arose. The Southern District of New York, as an MDL transferee court, does not fit in either of those categories.

### *Conclusion*

For the reasons set forth herein, the Debtors-in-Possession's petition under 28 U.S.C. § 157(b)(5) is GRANTED. Pursuant to § 157(b)(5), the Court orders that this is the appropriate venue for trial of PITWD cases against the Debtors-in-Possession. Counsel for the Debtors-in-Possession shall forthwith submit a proposed order to the Court providing for the immediate transfer of venue all of the non-MDL Ephedra Actions against them to this Court. Upon receipt of the case files by the Clerk of the Court, a new case number shall be assigned to each case. Such cases shall thereafter be assigned according to the low number rule, S.D. Cal. Local Civil Rule 40.1(h). The MDL Actions shall remain in the United States District Court for the Southern District of New York until such time, if any, that trial of the actions becomes appropriate. Trial shall take place in the Southern District of California. All requests for relief regarding pretrial management of non-MDL Actions are denied without prejudice.

**IT IS SO ORDERED.**

Dated: Nov. 2, 2005

HON. IRMA E. GONZALEZ, Chief Judge
United States District Court
Southern District of California

cc: Magistrate Judge Brooks
Counsel of Record

- 9 -

05cv1802