IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION** | : | **MDL No. 02419**<br>**Docket No. 1:13-md-2419-RWZ** |
| | : | |
| **This document relates to:**<br><br>**Gilliam v. Chowdhury, M.D., et al.**<br>**No. 1:15-cv-11367-RWZ** | : | **ANSWER OF DEFENDANT, TIM I. CHOWDHURY, M.D., TO THE COMPLAINT OF PLAINTIFF, SARAH GILLIAM** |
| | : | (**Jury Demand Endorsed Hereon**) |

Defendant, Tim I. Chowdhury, M.D., for his answer to the Complaint of Plaintiff, Sarah Gilliam, states as follows:

### FIRST DEFENSE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 3, 4, 5, and 6 of the Complaint.

2. As to the allegations in paragraph 7 of the Complaint, Defendant admits, at all relevant times to this action, he was a physician licensed to practice medicine in the State of Ohio. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8, 9, 10, 11, and 12 of the Complaint.

4. As to the allegations in paragraph 13 of the Complaint, Defendant admits he treated patients at the Marion Pain Clinic. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 of the Complaint.

6. Defendant denies the allegations in paragraphs 26 and 27 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

8. Defendant denies the allegations in paragraph 29 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 30 and 31 of the Complaint.

10. As to the allegations in paragraph 32 of the Complaint, Defendant denies this case is subject to transfer to the "MDL Court" as a "related case." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint.

11. Defendant denies the allegations in paragraph 33 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, and 69 of the Complaint.

13. As to the allegations in paragraph 70 of the Complaint, Defendant denies Plaintiff was "administered MPA from one of the recalled lots." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 of the Complaint.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, and 98 of the Complaint.

15. As to the allegations in paragraph 99 of the Complaint, Defendant denies all allegations to the extent they are directed to or otherwise pertain to him. To the extent the allegations in paragraph 99 of the Complaint are directed to or otherwise pertain to other defendants in this lawsuit, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations.

16. Of note, Plaintiff has misnumbered paragraphs in the Complaint, resulting in multiple paragraphs labeled as paragraphs 100, 101, 102, 103, and 104.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 100 (p. 21), 101 (p. 21), 102 (p. 21), 103 (p. 21), 104 (pp. 21–23), 100 (p. 23), 101 (p. 23), 102 (p. 23), 103 (p. 24), 104 (p. 24), 105, 106, 107, 108, and 109 of the Complaint.

18. As to the allegations in paragraphs 110 and 111 of the Complaint, Defendant denies all allegations to the extent they are directed to or otherwise pertain to him. To the extent the allegations in paragraphs 110 and 111 of the Complaint are directed to or otherwise pertain to other defendants in this lawsuit, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 112, 113, 114, 115, 116, and 117 of the Complaint.

20. Defendant denies the allegations in paragraphs 118, 119, and 120 of the Complaint.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.

22. Defendant denies the allegations in paragraph 122 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 123 and 124 of the Complaint.

24. Defendant denies the allegations in paragraphs 125, 126, 127, and 128 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 129, 130, 131, 132, 133, and 134.

26. Defendant responds to the incorporated allegations in paragraph 135 of the Complaint in the manner and to the extent Defendant has heretofore responded to such allegations in this Answer.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 136, 137, 138, 139, 140, 141, 142, 143, 144, and 145 of the Complaint.

28. Defendant responds to the incorporated allegations in paragraph 146 of the Complaint in the manner and to the extent Defendant has heretofore responded to such allegations in this Answer.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 147, 148, 149, and 150 of the Complaint.

30. Defendant responds to the incorporated allegations in paragraph 151 of the Complaint in the manner and to the extent Defendant has heretofore responded to such allegations in this Answer.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 152, 153, 154, 155, 156, 157, and 158 of the Complaint.

32. Defendant responds to the incorporated allegations in paragraph 159 of the Complaint in the manner and to the extent Defendant has heretofore responded to such allegations in this Answer.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in in paragraphs 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, and 177 of the Complaint.

34. Defendant responds to the incorporated allegations in paragraph 178 of the Complaint in the manner and to the extent Defendant has heretofore responded to such allegations in this Answer.

35. As to the allegations in paragraph 179 of the Complaint, Defendant denies all allegations to the extent they are directed to or otherwise pertain to him. To the extent the allegations in paragraph 179 of the Complaint are directed to or otherwise pertain to other defendants in this lawsuit, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 180 and 181 of the Complaint.

37. As to the allegations in paragraphs 182 and 183 of the Complaint, Defendant denies all allegations to the extent they are directed to or otherwise pertain to him. To the extent the allegations in paragraphs 182 and 183 of the Complaint are directed to or otherwise pertain to other defendants in this lawsuit, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 184, 185, and 186 of the Complaint.

39. As to the allegations in paragraphs 187 and 188 of the Complaint, Defendant denies all allegations to the extent they are directed to or otherwise pertain to him. To the extent the allegations in paragraphs 187 and 188 of the Complaint are directed to or otherwise pertain to other defendants in this lawsuit, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 189, 190, and 191 of the Complaint.

41. As to the allegations in paragraph 192 of the Complaint, Defendant denies all allegations to the extent they are directed to or otherwise pertain to him. To the extent the allegations in paragraph 192 of the Complaint are directed to or otherwise pertain to other defendants in this lawsuit, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 193, 194, 195, 196, and 197 of the Complaint.

43. As to the allegations in paragraph 198 of the Complaint, Defendant denies all allegations to the extent they are directed to or otherwise pertain to him. To the extent the allegations in paragraph 198 of the Complaint are directed to or otherwise pertain to other defendants in this lawsuit, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

- 7 -

44. Defendant responds to the incorporated allegations in paragraph 199 of the Complaint in the manner and to the extent Defendant has heretofore responded to such allegations in this Answer.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 200 and 201 of the Complaint.

46. Defendant denies the allegations in paragraphs 202, 203, 204, 205, 206, 207, 208, and 209 of the Complaint.

47. Of note, Plaintiff has misnumbered the final four paragraphs of the Complaint, assigning paragraph numbers 100, 101, 102, and 103.

48. Defendant responds to the incorporated allegations in paragraph 100 (p. 49) of the Complaint in the manner and to the extent Defendant has heretofore responded to such allegations in this Answer.

49. Defendant denies the allegations in paragraph 101 (p. 49) of the Complaint.

50. Defendant responds to the incorporated allegations in paragraph 102 (p. 49) of the Complaint in the manner and to the extent Defendant has heretofore responded to such allegations in this Answer.

51. Defendant denies the allegations in paragraph 103 (pp. 49–50) of the Complaint.

52. Defendant denies each and every allegation in the Complaint not specifically admitted herein to be true.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

## AFFIRMATIVE DEFENSES

## SECOND DEFENSE

53. Plaintiff has failed to state a claim against Defendant upon which relief may be granted.

## THIRD DEFENSE

54. This Court lacks jurisdiction over Defendant due to insufficiency of process and/or insufficiency of service of process.

## FOURTH DEFENSE

55. This Court lacks personal jurisdiction over Defendant.

## FIFTH DEFENSE

56. This Court is not a proper venue for the claims against Defendant.

## SIXTH DEFENSE

57. Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

## SEVENTH DEFENSE

58. Plaintiff has failed to mitigate and/or minimize her damages as required by law.

## EIGHTH DEFENSE

59. Plaintiff's injuries and damages, if any, were not directly or proximately caused by Defendant.

## NINTH DEFENSE

60. Any injuries or damages suffered by Plaintiff were proximately caused by the acts and/or omissions and/or intervening and/or superseding negligence of third persons, including persons from whom the Plaintiff does not seek recovery in this action, over which Defendant had no control or for which Defendant is not liable, thereby barring Plaintiff's claims against Defendant.

### TENTH DEFENSE

61. Any injuries or damages suffered by Plaintiff were proximately caused by her own actions to such a degree that her claims are barred.

### ELEVENTH DEFENSE

62. Plaintiff's claims are barred by primary, express, and/or implied assumption of the risk.

### TWELFTH DEFENSE

63. Plaintiff has failed to join necessary and indispensable parties as required by Federal Rule of Civil Procedure 19.

### THIRTEENTH DEFENSE

64. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### FOURTEENTH DEFENSE

65. Plaintiff has failed to attach an affidavit of merit in support of her claim as required by Ohio Rule of Civil Procedure 10(D)(2).

### FIFTEENTH DEFENSE

66. The Complaint fails to conform to Federal requirements for filing such complaints.

### SIXTEENTH DEFENSE

67. All claims asserted herein are limited by contributory and/or comparative negligence.

### SEVENTEENTH DEFENSE

68. Defendant is entitled to setoff.

### EIGHTEENTH DEFENSE

69. Defendant is entitled to contribution and/or indemnification from other parties to this lawsuit and/or non-party entities.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

## NINETEENTH DEFENSE

70. Defendant reserves the right to assert additional defenses as they become known in discovery.

**WHEREFORE,** having fully answered the allegations of the Complaint, Defendant, Tim I. Chowdhury, M.D., prays this court dismiss said Complaint with prejudice, costs taxed to Plaintiff.

Respectfully submitted,

/s/ Bartholomew T. Freeze
Mark L. Schumacher
(Ohio #0018957)
Bartholomew T. Freeze
(Ohio #0086980; California #299369)
FREUND, FREEZE & ARNOLD
Capitol Square Office Building
65 E. State Street, Suite 800
Columbus, OH  43215-4247
(614) 827-7300; (614) 827-7303 (fax)
mschumacher@ffalaw.com
bfreeze@ffalaw.com
*Counsel for Defendant, Tim I. Chowdhury, M.D.*

## JURY DEMAND

Defendant, Tim I. Chowdhury, M.D., demands a jury hear this case.

/s/ Bartholomew T. Freeze
Mark L. Schumacher
Bartholomew T. Freeze

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on August 3, 2015.

      /s/ Bartholomew T. Freeze
      Mark L. Schumacher
      Bartholomew T. Freeze