# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION,   ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | |
| All Suits Against the Box Hill Defendants | |

## AMERIDOSE LLC'S ANSWERS TO BOX HILL DEFENDANTS' FIRST SET OF INTERROGATORIES

Defendant Ameridose LLC ("Ameridose"), through its counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, answers as follows to Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, MD, LLC's (collectively, "Box Hill Defendants") First Set of Interrogatories:

## PRELIMINARY STATEMENT AND OBJECTIONS

Ameridose objects to Box Hill Defendants' First Set of Interrogatories ("Interrogatories") on the grounds they are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, these Interrogatories are duplicative to the extent the Saint Thomas Entities served these exact same interrogatories on Ameridose, and which Ameridose answered in April 2015.

Ameridose is, for purposes of these Answers and as described in this Court's orders, an "Affiliated Defendant," "Related Settling Party," or "Insider Settling Party." Judge Zobel entered an Order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect

1

to NECC Insiders and Related Settling Parties. *See* NECC MDL Doc. 1482. Pursuant to that Order and the Plan Support and Funding Agreement referenced therein (NECC MDL Doc. 1106-1), discovery is permitted against Ameridose LLC "only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties." NECC MDL Doc. 1482.

Box Hill Defendants seek information from Ameridose in an attempt to establish Ameridose's contributory negligence for the manufacturing, compounding, testing, and/or distribution of methylprednisolone acetate ("MPA"), which is the only drug at issue in this litigation. Under Maryland product liability law, only a manufacturer or seller of a product in a defective condition that subjects a user to physical harm resulting from that defective condition can be held strictly liable. *See e.g., Phipps v. General Motors Corp.*, 278 Md. 337, 363 A.2d 955 (Md. App. Sept. 29, 1976). Ameridose never compounded, manufactured, distributed, or sold MPA at any time; the MPA at issue in this litigation is not an Ameridose product – which the Box Hill Defendants even acknowledge in their Motion to Dismiss. *See* NECC MDL Doc. 1640, p. 23. Ameridose cannot be held liable or considered at fault under Maryland law. *See Phipps*, 278 Md. 337.

Although NECC and Ameridose were located at the same address from 2006 through early-2009, the companies never shared the same physical space. Since 2009, more than three years before NECC compounded and distributed the contaminated MPA at issue in this litigation, the two companies conducted their respective business operations at separate locations.

2426448.1

Plaintiffs' Second Amended Master Complaint contains no allegations that Ameridose manufactured, compounded, tested, or distributed MPA, or that any plaintiff ingested and/or was harmed by an Ameridose product. *See* NECC MDL Doc. No. 1719 (Pls.' 2d Am. Compl., filed Mar. 6, 2015). Plaintiffs' claims only refer to "NECC contaminated drugs" or drugs "purchased" and "provided to" plaintiffs. *Id.* As to the Clinic Defendants, plaintiffs allege only the following claims: negligence and gross negligence; violation of state consumer protection statutes; failure to warn; Maryland products liability claims; agency; civil conspiracy; and wrongful death. *See* NECC MDL Doc. 1719. Civil conspiracy, strict liability, and negligence claims are asserted against Box Hill Defendants in various complaints filed by individual Maryland plaintiffs. *See e.g.*, NECC MDL Doc. 1639, 1640 (Box Hill Defendants' Motion to Dismiss). Box Hill Defendants fail to demonstrate that plaintiffs assert any claim or that they assert any defense that triggers the exception to the discovery stay. Because none of the claims alleged by Plaintiffs and/or against Box Hill Defendants relate to or implicate Ameridose, there can be no exception to the stay of discovery. *See* NECC MDL Doc. 1482.

Furthermore, Box Hill Defendants' Interrogatories are unreasonably duplicative and answers to the same can be obtained from other sources that are more convenient, less burdensome, and less expensive than from Ameridose. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Discovery in this litigation has been stayed for well over a year and the settlement agreement to which Ameridose LLC is a party is finalized. Ameridose collected documents at the outset of this litigation pursuant to one or more Litigation Document Holds but has not processed many of the collected documents because of the discovery stay and the lengthy settlement negotiations. For

3

2426448.1

those reasons, Ameridose's ability to respond to Box Hill Defendants' Interrogatories that are within the scope of the Court's October 9, 2014 Order is limited.

Ameridose answers these Interrogatories within the parameters of this Court's October 9, 2014 Order and based on counsel for Ameridose's knowledge, information, and belief at this time.

## ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1:          Identify every person providing information used in answering these interrogatories.

**ANSWER:   Counsel for Ameridose prepared the Answers to these Interrogatories.**

INTERROGATORY NO. 2:          Identify all owners and shareholders of Ameridose from 2006 to 2013. Include in your answer the dates of ownership for each owner or shareholder and the nature and extent of their share hold or other equitable or legal interest.

**ANSWER:  Ameridose objects to this Interrogatory on the grounds it is overly broad, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose answers that Greg Conigliaro (9% ownership share), Barry Cadden (17.5%), Lisa Cadden (17.5%), and Carla Conigliaro (56%) owned Ameridose for the period of 2006 to 2013. Further answering, Ameridose LLC is a limited liability company and therefore does not have "shareholders."**

INTERROGATORY NO. 3:          Identify all of Ameridose's officers, directors, and managers from 2006 to 2013. Include in your answer the date-range for which each officer, director, and manager held their position with Ameridose.

**ANSWER:  Ameridose objects to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Interrogatory on the grounds the term**

"manager" is undefined, vague, and ambiguous. Subject to and without waiving its objections, Ameridose states that in February 2006, when Ameridose was formed, Barry Cadden and Gregory Conigliaro were listed as Managers on Ameridose LLC's Certificate of Organization. Barry Cadden resigned as a Manager of Ameridose in October 2012. Further answering, Ameridose states that, as a limited liability company, Ameridose does not have "officers" or "directors."

INTERROGATORY NO. 4:          For each officer, director, and manager of Ameridose from 2006 to 2013, identify and describe any role such person played in NECC operations or management.

ANSWER:  Ameridose objects to this Interrogatory on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that Ameridose did not manufacture, compound, test, or distribute MPA at any time. Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects because it cannot speak to the operations or management of NECC.

INTERROGATORY NO. 5:          Identify all locations of your business operations from 2006 to 2013 and note whether MPA was ever compounded by Ameridose at such location.

ANSWER:  Ameridose objects to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose states it conducted its business operations at 701 Waverly Street, Framingham, Massachusetts from February 2006 through early-2009, in a part of the facility wholly separate from the space in which NECC conducted its business operations. In early-2009, Ameridose moved its business operations to 701 and 705 Flanders Road, Westborough, Massachusetts. Ameridose further states it never manufactured, compounded, tested, or distributed MPA at any time.

INTERROGATORY NO. 6:          Describe the nature and extent of your business activities related to compounding medication from 2006 to 2013.

ANSWER:  Ameridose objects to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague and ambiguous, and not within the permissible

2426448.1

scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Interrogatory on the grounds it is overly broad and irrelevant to the extent it seeks information regarding drugs other than MPA, the only drug at issue in this litigation. Subject to and without waiving its objections, Ameridose states that the list of drugs it manufactured or compounded is available on the FDA's website.

INTERROGATORY NO. 7:       Identify all time periods in which Ameridose and NECC each conducted operations of any kind (whether compounding, shipping, marketing, office support, etc.) at the NECC facility.

ANSWER:  See Ameridose's Answer to Interrogatory No. 5, above.

INTERROGATORY NO. 8:       Identify all time periods in which Ameridose compounded any medication at the NECC facility.

ANSWER:  Ameridose objects to this Interrogatory on the grounds it is overly broad and irrelevant to the extent it seeks information regarding drugs other than MPA, the only drug at issue in this litigation.  Further answering, see Ameridose's Answer to Interrogatory No. 5, above.

INTERROGATORY NO. 9:       Identify all time periods in which Ameridose compounded MPA at the NECC facility.

ANSWER:  Ameridose objects to the form of this Interrogatory and on the grounds it is overly broad, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. No. 1482). Subject to and without waiving its objections, Ameridose never manufactured, compounded, tested, or distributed MPA at any time.

INTERROGATORY NO. 10:       Identify by name and job title all of your officers, agents, and employees who participated in compounding or dispensing MPA from 2006 to 2013.

ANSWER:  Ameridose objects to the form of this Interrogatory and on the grounds it is overly broad, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. No. 1482). Subject to and without waiving its objections, Ameridose never manufactured, compounded, tested, or distributed MPA at any time.

INTERROGATORY NO. 11:        Identify and describe each of the NECC cleanrooms that was designed, constructed, manufactured, installed, certified, cleaned, or operated at the request of Ameridose.

> **ANSWER: Ameridose objects to the form of this Interrogatory and objects on the grounds it is overly broad, irrelevant, unduly burdensome, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose cannot speak to what use other entities put NECC's facilities after Ameridose vacated those facilities. Between February 2006 and early-2009, Ameridose and NECC conducted their respective business operations at the same address, but did not share the same physical space within the facility at that location. Further answering, Ameridose states it requested construction of cleanrooms for Ameridose's own facility in Framingham, MA during the time that Ameridose conducted its business operations at that location, approximately February 2006 through early-2009. Ameridose did not request the construction or installation of cleanrooms used for NECC's business operations.**

INTERROGATORY NO. 12:        Identify and describe any communication you had with the Box Hill Defendants or any of its agents.

> **ANSWER: Ameridose objects to the form of this Interrogatory and objects on the grounds it is overly broad, unduly burdensome, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Interrogatory on the grounds it is irrelevant in that Ameridose did not manufacture, compound, test, or distribute MPA at any time, which is the only drug at issue in this litigation. Ameridose further objects to this Interrogatory to the extent it assumes there were communications between Ameridose and the Box Hill Defendants. Ameridose further objects to this Interrogatory on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Subject to and without waiving its objections, Ameridose conducted a reasonable search of the limited documents available to it and did not identify any references to or information regarding the Box Hill Defendants.**

Respectfully submitted,


Matthew P. Moriarty (0028389)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Tel:     216.592.5000
Fax:     216.592.5009
E-mail:    MMoriarty@tuckerellis.com

*Attorneys for Defendant Ameridose LLC*

8

2426448.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2015, a copy of the foregoing AMERIDOSE, LLC'S ANSWERS TO BOX HILL DEFENDANTS' FIRST SET OF INTERROGATORIES will be filed electronically as an attachment to a Notice of Service. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Matthew P. Moriarty (ccy)
Matthew P. Moriarty
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.696.2276
Facsimile: 216.592.5009
E-mail: MMoriarty@tuckerellis.com

*Attorneys for Defendant Ameridose LLC*

9

2426448.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION, | )<br>)<br>)<br>) MDL No. 2419<br>) Dkt. No 1:13-md-2419 (RWZ)<br>)<br>) |
| _____ | )<br>) |
| THIS DOCUMENT RELATES TO: | )<br>) |
| All Suits Against Box Hill Defendants | )<br>)<br>)<br>)<br>) |

## AMERIDOSE LLC'S RESPONSES TO BOX HILL DEFENDANTS' FIRST REQUESTS FOR PRODUCTION

Defendant Ameridose LLC ("Ameridose"), through its counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, responds as follows to Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, MD, LLC's (collectively, "Box Hill Defendants") First Set of Requests for Production:

## PRELIMINARY STATEMENT AND OBJECTIONS

Ameridose objects to Box Hill Defendants' First Set of Requests for Production ("Requests") on the grounds they are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, these Requests are duplicative to the extent the Saint Thomas Entities served these exact same requests on Ameridose, and which Ameridose answered in April 2015.

Ameridose is, for purposes of these Responses and as described in this Court's orders, an "Affiliated Defendant," "Related Settling Party," or "Insider Settling Party." Judge Zobel entered an Order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC Insiders and Related Settling Parties. *See* NECC MDL Doc. 1482. Pursuant to that

1

2426450.1

Order and the Plan Support and Funding Agreement referenced therein (NECC MDL Doc. 1106-1), discovery is permitted against Ameridose LLC "only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties." NECC MDL Doc. 1482.

Box Hill Defendants seek information from Ameridose in an attempt to establish Ameridose's contributory negligence for the manufacturing, compounding, testing, and/or distribution of methylprednisolone acetate ("MPA"), which is the only drug at issue in this litigation. Under Maryland product liability law, only a manufacturer or seller of a product in a defective condition that subjects a user to physical harm resulting from that defective condition can be held strictly liable. *See e.g., Phipps v. General Motors Corp.*, 278 Md. 337, 363 A.2d 955 (Md. App. Sept. 29, 1976). Ameridose never compounded, manufactured, distributed, or sold MPA at any time; the MPA at issue in this litigation is not an Ameridose product – which the Box Hill Defendants even acknowledge in their Motion to Dismiss. *See* NECC MDL Doc. 1640, p. 23. Ameridose cannot be held liable or considered at fault under Maryland law. *See Phipps*, 278 Md. 337.

Although NECC and Ameridose were located at the same address from 2006 through early-2009, the companies never shared the same physical space. Since 2009, more than three years before NECC compounded and distributed the contaminated MPA at issue in this litigation, the two companies conducted their respective business operations at separate locations.

Plaintiffs' Second Amended Master Complaint contains no allegations that Ameridose manufactured, compounded, tested, or distributed MPA, or that any plaintiff ingested and/or was harmed by an Ameridose product. *See* NECC MDL Doc. No. 1719 (Pls.' 2d Am. Compl., filed

2426450.1

Mar. 6, 2015). Plaintiffs' claims only refer to "NECC contaminated drugs" or drugs "purchased" and "provided to" plaintiffs. *Id.* As to the Clinic Defendants, plaintiffs allege only the following claims: negligence and gross negligence; violation of state consumer protection statutes; failure to warn; Maryland products liability claims; agency; civil conspiracy; and wrongful death. *See* NECC MDL Doc. 1719. Civil conspiracy, strict liability, and negligence claims are asserted against Box Hill Defendants in various complaints filed by individual Maryland plaintiffs. *See e.g.*, NECC MDL Doc. 1639, 1640 (Box Hill Defendants' Motion to Dismiss). Box Hill Defendants fail to demonstrate that plaintiffs assert any claim or that they assert any defense that triggers the exception to the discovery stay. Because none of the claims alleged by Plaintiffs and/or against Box Hill Defendants relate to or implicate Ameridose, there can be no exception to the stay of discovery. *See* NECC MDL Doc. 1482.

Furthermore, Box Hill Defendants' Requests are unreasonably duplicative and answers to the same can be obtained from other sources that are more convenient, less burdensome, and less expensive than from Ameridose. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Discovery in this litigation has been stayed for well over a year and the settlement agreement to which Ameridose LLC is a party is finalized. Ameridose collected documents at the outset of this litigation pursuant to one or more Litigation Document Holds but has not processed many of the collected documents because of the discovery stay and the lengthy settlement negotiations. For those reasons, Ameridose's ability to respond to Box Hill Defendants' Interrogatories that are within the scope of the Court's October 9, 2014 Order is limited.

Ameridose responds to these Requests within the parameters of this Court's October 9, 2014 Order and based on counsel for Ameridose's knowledge, information, and belief at this time.

## RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:              All     organizational     charts     for

Ameridose that applied at any time from 2006 to 2013.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad,
> unduly burdensome, irrelevant, and not within the permissible scope of discovery
> outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482).
> Subject to and without waiving its objections, Ameridose states that after a
> reasonable search of its available documents, it did not identify documents referring
> or relating to organizational charts for Ameridose.**

REQUEST FOR PRODUCTION NO. 2:              Documents sufficient to establish the

ownership of Ameridose from 2006 to 2013, and all documents referring or relating to any

changes in such ownership.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad,
> unduly burdensome, irrelevant, and not within the permissible scope of discovery
> outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482).
> Ameridose further objects to this Request on the grounds it is duplicative or
> cumulative in that the documents or information requested can be obtained from
> some other source that is more convenient, less burdensome, or less expensive.
> Subject to and without waiving its objections, Ameridose refers Box Hill Defendants
> to its Response to Request No. 4, below, and to the Secretary of the Commonwealth
> of Massachusetts.**

REQUEST FOR PRODUCTION NO. 3:              Documents sufficient to establish the

members of Ameridose's board of directors from 2006 to 2013, and all documents referring or

relating to any changes in board membership.

> **RESPONSE: Ameridose objects to this Request on the grounds it is overly broad,
> unduly burdensome, irrelevant, and not within the permissible scope of discovery
> outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482).
> Ameridose further objects to this Request on the grounds it is vague and ambiguous
> in that the phrase "board membership" is undefined. Subject to and without
> waiving its objections, Ameridose states that it is a limited liability company and
> therefore does not have a "Board of Directors."**

4

2426450.1

REQUEST FOR PRODUCTION NO. 4:            Documents sufficient to establish the

identity of each member of management at Ameridose from 2006 to 2013, and all documents

referring or relating to any changes in management.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the phrase "member of management" is undefined. Subject to and without waiving its objections, Ameridose refers Box Hill Defendants to Ameridose LLC's February 2006 Certificate of Organization and Ameridose LLC's February 2011 Certificate of Amendment, both of which identify Barry Cadden and Gregory Conigliaro as "Managers" of Ameridose LLC. Both documents are being produced and attached as Bates Nos. AMDTNRFP00001-00040.**

REQUEST FOR PRODUCTION NO. 5:            All documents referring or relating

to the commingling of financial accounts between Ameridose and NECC.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that Ameridose did not manufacture, compound, test, or distribute MPA at any time. Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects because it cannot speak to the ownership or financial accounts of NECC.**

REQUEST FOR PRODUCTION NO. 6:            All documents referring or relating

to any name changes by Ameridose or NECC that were contemplated or occurred.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC. Subject to and without waiving its objections, Ameridose states that it never changed its company name and refers Box Hill Defendants to Ameridose's Response to Request No. 4, above.**

2426450.1

REQUEST FOR PRODUCTION NO. 7:          All documents referring or relating to procedures or policies concerning compounding or manufacturing MPA.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed at any time. Subject to and without waiving its objections, Ameridose states it did not have "procedures or policies concerning compounding or manufacturing MPA."**

REQUEST FOR PRODUCTION NO. 8:          All documents referring or relating to drugs compounded by Ameridose that failed any inspection or test.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed at any time.**

REQUEST FOR PRODUCTION NO. 9:          All correspondence with any person with whom you contracted or sought proposals for the design, manufacture, installation, certification, inspection, cleaning, operation, or maintenance of the NECC cleanrooms.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC. Without waiving these objections, Ameridose had its own cleanrooms, and did not correspond with anyone about "the design, manufacture, installation, certification, inspection, cleaning, operation, or maintenance of the NECC cleanrooms."**

REQUEST FOR PRODUCTION NO. 10:          All documents referring or relating to inspections of the NECC facility conducted by the FDA or MBP.

2426450.1

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.**

REQUEST FOR PRODUCTION NO. 11:          All documents referring or relating

to warnings you received from the FDA or MBP.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed at any time. Subject to and without waiving its objections, Ameridose states it never received any warnings from FDA or MBP relating to MPA.**

REQUEST FOR PRODUCTION NO. 12:          All documents referring or relating

to training persons on compounding, inspecting, and testing MPA for Ameridose or NECC.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is irrelevant in that Ameridose never manufactured, compounded, tested, or distributed MPA at any time. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.**

REQUEST FOR PRODUCTION NO. 13:          All documents referring or relating

to sterility and fungal testing on MPA from 2006 to 2013.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to**

2426450.1

**this Request on the grounds it is irrelevant and not directed to Ameridose in that Ameridose never manufactured, compounded, tested, or distributed MPA at any time. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.**

REQUEST FOR PRODUCTION NO. 14:          All documents referring or relating

to the recycling center owned by Conigliaro Industries that is adjoining or near the NECC

facility.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC and/or Conigliaro Industries.**

REQUEST FOR PRODUCTION NO. 15:          All documents referring or relating

to any malfunction, failure to meet specifications, or failure to keep particle contamination at

intended levels with respect to any of the NECC cleanrooms.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.**

REQUEST FOR PRODUCTION NO. 16:          All documents referring or relating

to particle testing at the NECC facility.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from**

2426450.1

some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.

REQUEST FOR PRODUCTION NO. 17:          All documents referring or relating

to air pressure problems or concerns at the NECC facility.

RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.

REQUEST FOR PRODUCTION NO. 18:          All documents referring or relating

to any gaps or spaces in the ceilings of the NECC cleanrooms.

RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.

REQUEST FOR PRODUCTION NO. 19:          All documents referring or relating

to any gaps or spaces around the doors of the NECC cleanrooms.

RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.

9

2426450.1

REQUEST FOR PRODUCTION NO. 20:          All documents referring or relating

to any modifications made to the ceilings, doors or door sweeps for the NECC cleanrooms since

their installation.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.**

REQUEST FOR PRODUCTION NO. 21:          All documents referring or relating

to certification of the NECC cleanrooms.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.**

REQUEST FOR PRODUCTION NO. 22:          All discovery obtained from non-

parties to this suit.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds that, to the extent it can be construed as requesting documents relating to an informal investigation, this Request seeks information protected by the work product doctrine. Subject to and without waiving its objections, Ameridose states that it has not conducted discovery of any party or non-party relevant to this litigation.**

2426450.1

REQUEST FOR PRODUCTION NO. 23:          Every page of your website as it existed at any point from 2011 to 2012. If such documents are no longer available, produce documents reflecting the files currently available.

> **RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that Ameridose did not at any time manufacture, compound, test, or distribute MPA, which is the only drug at issue in this litigation. Subject to and without waiving its objections, Ameridose states it does not have documents evidencing the content of its website as it appeared from 2011 to 2012.**

REQUEST FOR PRODUCTION NO. 24:          All documents referring or relating to the pass thru "box" depicted in the documents Bates labeled 003489-003491 and attached hereto as Exhibit "A."

> **RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that Ameridose did not at any time manufacture, compound, test, or distribute MPA – the only drug at issue in this litigation – at or from any Ameridose facility.**

REQUEST FOR PRODUCTION NO. 25:          All documents referring or relating to problems or concerns regarding the cleaning services provided by UniFirst at the NECC facility.

> **RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC or UniFirst. Subject to and without waiving its objections, Ameridose states that after a reasonable search of its available documents, it did not identify documents referring or relating to cleaning services UniFirst provided at Ameridose's facilities.**

11

REQUEST FOR PRODUCTION NO. 26:        All documents referring or relating to problems or concerns regarding the testing services provided by ARL for product compounded or manufactured by Ameridose.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed at any time.**

REQUEST FOR PRODUCTION NO. 27:        All documents referring or relating to the relationship between Ameridose and NECC, including without limitation joint marketing efforts, joint e-mail and computer systems, sharing or employees or management, and sharing of office space or clean rooms.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not with the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the term "relationship" is undefined. Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed at any time. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.**

REQUEST FOR PRODUCTION NO. 28:        All documents referring or relating to the relationship between Ameridose or NECC and Alaunus Pharmaceuticals, including without limitation joint marketing efforts, joint e-mail and computer systems, sharing or employees or management, and sharing of office space or clean rooms.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not with the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the term "relationship" is undefined. Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed**

12

at any time. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC and/or Alaunus Pharmaceuticals.

REQUEST FOR PRODUCTION NO. 29:          The corporate charter, bylaws and minutes from all board meetings that occurred, if any.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Ameridose further objects to this Request on the grounds it is not directed to Ameridose. Subject to and without waiving its objections, Ameridose states that it is a limited liability company and therefore does not have a "board" or a "corporate charter."**

REQUEST FOR PRODUCTION NO. 30:          All     Ameridose     policies     and procedures relating to the compounding of drugs in accordance with USP 797.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed at any time.**

REQUEST FOR PRODUCTION NO. 31:          All documents referring or relating to Ameridose's use of unlicensed pharmacists or technicians to compound medications.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed at any time.**

2426450.1

REQUEST FOR PRODUCTION NO. 32:          All documents referring or relating to the failure of any pharmacist or technician to compound medications in accordance with USP 797, including without limitation keeping MPA in an autoclave for the proper amount of time.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, tested, or distributed at any time.**

REQUEST FOR PRODUCTION NO. 33:          All documents referring or relating to whether a particular customer, order, client, or product should be compounded, filled, processed, assigned or sold by and/or through Ameridose versus NECC.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, unduly burdensome, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that the only drug at issue in this litigation is MPA, which Ameridose never manufactured, compounded, or distributed at any time. Ameridose further objects to the form of this Request in that Ameridose never "compounded, filled, assigned or sold" orders of MPA for NECC. Ameridose further objects to this Request on the grounds it cannot speak to the business operations of NECC.**

REQUEST FOR PRODUCTION NO. 34:          All documents referring or relating to Box Hill Surgery Center, LLC, Ritu Bhambhani, MD, or Ritu T. Bhambhani, MD, LLC.

**RESPONSE:  Ameridose objects to the form of this Request and objects on the grounds it is overly broad, unduly burdensome, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is irrelevant in that Ameridose did not manufacture, compound, test, or distribute MPA at any time, which is the only drug at issue in this litigation. Ameridose further objects to this Request to the extent it assumes there were communications between Ameridose and the Box Hill Defendants. Ameridose further objects to this Request on the grounds it is duplicative or cumulative in that the documents or information requested can be obtained from some other source that is more convenient, less burdensome, or less expensive. Subject to and without waiving its objections, Ameridose conducted a reasonable search of the limited documents available to it and did not identify any references to or information**

14

**regarding the Box Hill Defendants.**

Respectfully submitted,

Matthew P. Moriarty (0028389)
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Tel:     216.592.5000
Fax:     216.592.5009
E-mail: Matthew.Moriarty@tuckerellis.com

*Attorneys for Defendant Ameridose LLC*

15

2426450.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2015, a copy of the foregoing AMERIDOSE LLC'S RESPONSES TO BOX HILL DEFENDANTS' FIRST REQUESTS FOR PRODUCTION will be filed electronically as an attachment to a Notice of Service. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Matthew P. Moriarty
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.696.2276
Facsimile: 216.592.5009
E-mail: Matthew.Moriarty@tuckerellis.com

*Attorneys for Defendant Ameridose LLC*

16

2426450.1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION, | ) ) ) | MDL No. 2419 |
| _____ | ) ) ) | Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| All Suits Against the Saint Thomas Entities | ) ) ) ) ) | |

### AMERIDOSE LLC'S RESPONSES TO BOX HILL DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Defendant Ameridose LLC ("Ameridose"), through its counsel and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, responds as follows to Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, MD, LLC's (collectively, "Box Hill Defendants") First Set of Requests for Admission:

### PRELIMINARY STATEMENT AND OBJECTIONS

Ameridose objects to Box Hill Defendants' First Set of Requests for Admission ("Requests") on the grounds they are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, these Requests are duplicative to the extent the Saint Thomas Entities served these exact same requests on Ameridose, and which Ameridose answered in April 2015.

Ameridose is, for purposes of these Responses and as described in this Court's orders, an "Affiliated Defendant," "Related Settling Party," or "Insider Settling Party." Judge Zobel entered an Order on October 9, 2014 staying the MDL proceedings and limiting discovery with respect to NECC Insiders and Related Settling Parties. *See* NECC MDL Doc. 1482. Pursuant to that

1

Order and the Plan Support and Funding Agreement referenced therein (NECC MDL Doc. 1106-1), discovery is permitted against Ameridose LLC "only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties." NECC MDL Doc. 1482.

Box Hill Defendants seek information from Ameridose in an attempt to establish Ameridose's contributory negligence for the manufacturing, compounding, testing, and/or distribution of methylprednisolone acetate ("MPA"), which is the only drug at issue in this litigation. Under Maryland product liability law, only a manufacturer or seller of a product in a defective condition that subjects a user to physical harm resulting from that defective condition can be held strictly liable. *See e.g., Phipps v. General Motors Corp.*, 278 Md. 337, 363 A.2d 955 (Md. App. Sept. 29, 1976). Ameridose never compounded, manufactured, distributed, or sold MPA at any time; the MPA at issue in this litigation is not an Ameridose product – which the Box Hill Defendants even acknowledge in their Motion to Dismiss. *See* NECC MDL Doc. 1640, p. 23. Ameridose cannot be held liable or considered at fault under Maryland law. *See Phipps*, 278 Md. 337.

Although NECC and Ameridose were located at the same address from 2006 through early-2009, the companies never shared the same physical space. Since 2009, more than three years before NECC compounded and distributed the contaminated MPA at issue in this litigation, the two companies conducted their respective business operations at separate locations.

Plaintiffs' Second Amended Master Complaint contains no allegations that Ameridose manufactured, compounded, tested, or distributed MPA, or that any plaintiff ingested and/or was harmed by an Ameridose product. *See* NECC MDL Doc. No. 1719 (Pls.' 2d Am. Compl., filed

2427399.1

Mar. 6, 2015). Plaintiffs' claims only refer to "NECC contaminated drugs" or drugs "purchased" and "provided to" plaintiffs. *Id.* As to the Clinic Defendants, plaintiffs allege only the following claims: negligence and gross negligence; violation of state consumer protection statutes; failure to warn; Maryland products liability claims; agency; civil conspiracy; and wrongful death. *See* NECC MDL Doc. 1719. Civil conspiracy, strict liability, and negligence claims are asserted against Box Hill Defendants in various complaints filed by individual Maryland plaintiffs. *See e.g.,* NECC MDL Doc. 1639, 1640 (Box Hill Defendants' Motion to Dismiss). Box Hill Defendants fail to demonstrate that plaintiffs assert any claim or that they assert any defense that triggers the exception to the discovery stay. Because none of the claims alleged by Plaintiffs and/or against Box Hill Defendants relate to or implicate Ameridose, there can be no exception to the stay of discovery. *See* NECC MDL Doc. 1482.

Furthermore, Box Hill Defendants' Requests are unreasonably duplicative and answers to the same can be obtained from other sources that are more convenient, less burdensome, and less expensive than from Ameridose. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Discovery in this litigation has been stayed for well over a year and the settlement agreement to which Ameridose LLC is a party is finalized. Ameridose collected documents at the outset of this litigation pursuant to one or more Litigation Document Holds but has not processed many of the collected documents because of the discovery stay and the lengthy settlement negotiations. For those reasons, Ameridose's ability to respond to Box Hill Defendants' Requests that are within the scope of the Court's October 9, 2014 Order is limited.

Ameridose answers these Interrogatories within the parameters of this Court's October 9, 2014 Order and based on counsel for Ameridose's knowledge, information, and belief at this time.

2427399.1

## <u>RESPONSES TO REQUESTS FOR ADMISSION</u>

REQUEST FOR ADMISSION NO. 1:        Admit that Ameridose and NECC shared one or more common owners between 2008 and 2012.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects because it cannot speak to the ownership of NECC.**

REQUEST FOR ADMISSION NO. 2:        Admit that Ameridose and NECC shared one or more common managers between 2008 and 2012.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds the term "common managers" is undefined, vague, and ambiguous. Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request because it cannot speak to the management of NECC.**

REQUEST FOR ADMISSION NO. 3:        Admit that Ameridose and NECC shared one or more common directors or officers between 2008 and 2012.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request because it cannot speak to the directors or officers of NECC. Subject to and without waiving its objections, Ameridose LLC states it is a limited liability company and therefore does not have "directors" or "officers."**

REQUEST FOR ADMISSION NO. 4:        Admit that Gregory Conigliaro and Barry Cadden were managers of Ameridose from 2008 to 2012.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the term "managers" is undefined. Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request as phrased.**

REQUEST FOR ADMISSION NO. 5:        Admit that Gregory Conigliaro and Barry Cadden were both directors of NECC from 2008 to 2012.

> **RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482).**

4

**Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request because it is not directed to Ameridose and Ameridose cannot speak to the management of NECC.**

REQUEST FOR ADMISSION NO. 6:      Admit that Gregory Conigliaro and Barry Cadden were both shareholders of NECC from 2008 to 2012.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request because it is not directed to Ameridose, and Ameridose cannot speak to the management of NECC.**

REQUEST FOR ADMISSION NO. 7:      Admit that Barry Cadden, Lisa Conigliaro Cadden, Gregory Conigliaro, and Carla Conigliaro owned all of the membership interests of Ameridose from 2008 to 2012.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose admits that Barry Cadden, Lisa Conigliaro Cadden, Greg Conigliaro, and Carla Conigliaro owned all of the membership shares of Ameridose LLC from 2008 to 2012. Ameridose further refers the Box Hill Defendants to its Response to Request for Production No. 4.**

REQUEST FOR ADMISSION NO. 8:      Admit that on or about April 11, 2011, Ameridose employee Michelle Rivers requested certification of pharmacy technicians employed by NECC.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. No. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the phrase "requested certification of pharmacy technicians" is undefined. Subject to and without waiving its objections, Ameridose denies this Request and states that Michelle Rivers was not an Ameridose employee.**

REQUEST FOR ADMISSION NO. 9:      Admit that Ameridose and NECC shared a booth at one or more conferences or conventions between 2006 and 2012.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the phrase "shared a booth" is undefined. Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request as phrased.**

2427399.1

REQUEST FOR ADMISSION NO. 10:     Admit that at one or more conferences or conventions between 2006 and 2012, Ameridose and NECC shared a single banner listing both company names.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the phrase "shared a single banner" is undefined. Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request as phrased.**

REQUEST FOR ADMISSION NO. 11:     Admit that during part of the time between 2006 and 2012, Ameridose and NECC shared the same facility.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the phrase "shared the same facility" is undefined. Subject to and without waiving its objections, Ameridose states that from its inception in 2006 until late-2008 and early-2009, Ameridose operated its business at 701 Waverly Street, Framingham, MA, and that NECC also conducted business operations at that physical address.**

REQUEST FOR ADMISSION NO. 12:     Admit that in September 2012, NECC's privacy policy on its website referred to the "Ameridose Privacy Policy."

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request because this Request is not directed to Ameridose and Ameridose cannot speak to what appeared on NECC's website.**

REQUEST FOR ADMISSION NO. 13:     Admit that in 2012, NECC, Medical Sales Management or Medical Sales Management SW salespersons recommended Ameridose for drug compounds that NECC did not have available.

**RESPONSE:  Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request because Ameridose has no knowledge of what employees of NECC, Medical Sales Management, or Medical Sales Management SW did or did not do.**

REQUEST FOR ADMISSION NO. 14:     Admit that Ameridose compounded MPA in one or more NECC cleanrooms.

2427399.1

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose denies this Request.**

REQUEST FOR ADMISSION NO. 15:    Admit that Ameridose distributed MPA that was compounded in one or more NECC cleanrooms.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Subject to and without waiving its objections, Ameridose denies this Request.**

REQUEST FOR ADMISSION NO. 16:    Admit that Ameridose and NECC at times shared resources and employees across both companies.

**RESPONSE: Ameridose objects to this Request on the grounds it is overly broad, vague and ambiguous, irrelevant, and not within the permissible scope of discovery outlined by this Court in its October 9, 2014 Order (NECC MDL Doc. 1482). Ameridose further objects to this Request on the grounds it is vague and ambiguous in that the phrase "shared resources and facilities" is undefined. Subject to and without waiving its objections, Ameridose states it is unable to truthfully admit or deny this Request as phrased.**

Respectfully submitted,

Matthew P. Moriarty (0028389)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Tel:    216.592.5000
Fax:    216.592.5009
E-mail:    MMoriarty@tuckerellis.com

*Attorneys for Defendant Ameridose LLC*

7

2427399.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2015, a copy of the foregoing AMERIDOSE LLC'S RESPONSES TO BOX HILL DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION will be filed electronically as an attachment to a Notice of Service. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Matthew P. Moriarty
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.696.2276
Facsimile: 216.592.5009
E-mail: MMoriarty@tuckerellis.com

*Attorneys for Defendant Ameridose LLC*

2427399.1