UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                       )
IN RE: NEW ENGLAND                         )
COMPOUNDING PHARMACY, INC.     )
PRODUCTS LIABILITY LITIGATION    )          MDL No. 13-2419-RWZ
                                                       )
This Document Relates To:                    )
                                                       )
      All Tennessee Actions                     )
_____)

ORDER ON PLAINTIFFS' STEERING COMMITTEE'S MOTION TO QUASH
SAINT THOMAS ENTITIES' SUBPOENA, DEPOSITION NOTICE AND
DOCUMENT REQUESTS TO DR. PHILIP J. AUSTIN, PH.D.
[Docket No. 2069]

August 10, 2015

Boal, M.J.

      The Plaintiffs' Steering Committee ("PSC") has moved to quash the Saint Thomas

Entities'[1] subpoena directed to Dr. Philip J. Austin,[2] seeking deposition testimony and

documents.  Docket No. 2069.  The PSC argues that Dr. Austin is a non-testifying consulting

expert under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure and, therefore, the Saint

Thomas Entities are not entitled to depose him or seek documents from him.  Docket No. 2069 at

3-4.

      Rule 26(b)(4)(D) provides, in relevant part:

      (D) *Expert Employed Only for Trial Preparation*.  Ordinarily, a party may not, by
      interrogatories or deposition, discover facts known or opinions held by an expert
      who has been retained or specially employed by another party in anticipation of

_____

[1] The "Saint Thomas Entities" refers to Saint Thomas Health, Saint Thomas Network, and Saint
Thomas Hospital West f/k/a Saint Thomas Hospital.

[2] Both Dr. Philip J. Austin and his father, Dr. Philip R. Austin, are cleanroom industry
professionals hired as consultants in 2012 to assist the inspection of the New England
Compounding Pharmacy, Inc.'s facility in Framingham, Massachusetts.  Docket No. 2069 at 2.
The instant motion pertains only to Dr. Philip J. Austin.

litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

. . .

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D). However, courts have allowed discovery of consulting experts where a party submits that expert's declaration in support of, or in opposition to, summary judgment motions. See Worley v. Avanquest, No. C 12-04391 WHO (LB), 2013 WL 6576732, at *4 (N.D. Cal. Dec. 13, 2013) (collecting cases). "The reasoning behind those opinions [is] that if a party uses a consulting expert's statements, findings, or opinions in a filing, that party has put the expert's statements, findings, or opinions into the judicial arena and the opposing side may take discovery about those statements, findings, or opinions . . ." Id.

Here, the PSC submitted Dr. Austin's declaration in opposition to Liberty Industries, Inc.'s motion for summary judgment. See Docket No. 2100-1.[3] Although the PSC may have intended for Dr. Austin to serve as a consulting expert, the Court finds that by submitting his affidavit in opposition to Liberty's motion for summary judgment, Dr. Austin became a testifying expert. Therefore, the Saint Thomas Entities may take his deposition. However, the deposition will be limited to information regarding Dr. Austin's statements, findings or opinions contained in his January 14, 2015 affidavit.

---

[3] The PSC argues that the Austin declaration was only submitted in response to Liberty's motion for summary judgment that was specific to Indiana cases. Docket No. 2069 at 2. The Saint Thomas Entities acknowledged that the motion ostensibly did not concern any case in which the Saint Thomas Entities were a party but expressed concern to the extent that any ruling affected their comparative fault defenses against Liberty. Docket No. 1567. The issue was not ruled on by the District Court as a result of Liberty's settlement with the PSC. In any event, the Court does not find the PSC's argument persuasive for all of the reasons set forth herein. In addition, the Court notes that at least one Indiana health care provider who is a defendant in a case where Liberty was also named as a defendant has joined in the Saint Thomas Entities' request. Docket No. 2112.

To the extent that the PSC argues that such a deposition would be premature, the Court finds that argument unpersuasive.  While opening common expert reports in the Tennessee cases are not due until October 16, 2015, the PSC has stated that it has not identified, and it does not intend to identify, Dr. Austin as a testifying expert.  Docket No. 2069 at 3.  Therefore, the Court sees no reason why the deposition should not be taken now.

Finally, the Court finds that the Saint Thomas Entities have made a persuasive argument that exceptional circumstances make Dr. Austin's observations and opinions regarding the clean rooms discoverable.  The conditions in the clean rooms observed by Dr. Austin in December 2012 are no longer observable by any experts that the Saint Thomas Entities may retain.  See, e.g., MacDonald Sprague Roofing Co., Inc. v. USM Weather-Shield Systems Co., No. 81-1329-N, 1983 WL 474980, at *1 (D. Mass. Oct. 12, 1983) (exceptional circumstances existed where "the roof which is the subject of this litigation has been covered by an entirely new roof and [] the plaintiff is thereby precluded from having its own expert inspect the roof").

Accordingly, the Court denies the PSC's motion.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

3