UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) | ) ) | MDL No. 13-2419-RWZ |
| This Document Relates To:     All Actions | ) ) ) ) ) | |

ORDER ON COMMONWEALTH OF MASSACHUSETTS'
MOTION FOR A PROTECTIVE ORDER
[Docket No. 1975]

August 13, 2015

Boal, M.J.

The Commonwealth of Massachusetts has moved for a protective order providing that it shall not be required to produce a Rule 30(b)(6) witness in response to the Tennessee Clinic Defendants'[1] subpoena served on the Massachusetts Board of Registration in Pharmacy. Docket No. 1975. For the following reasons, the Court denies the motion.

I.      BACKGROUND

The Court's July 31, 2015 order (Docket No. 2123) provides an extensive review of the facts of this case and the relevant procedural background. The Court assumes some familiarity with the Court's prior opinion and focuses on the additional facts relevant to this motion. In that order, the Court granted the U.S. Drug and Food Administration's ("FDA") motion for a protective order precluding its Rule 30(b)(6) deposition pending resolution of the ongoing

---

[1] "Tennessee Clinic Defendants" refers to defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD.

1

criminal case, United States v. Barry J. Cadden, et al., No. 14-cr-10363-RGS (D. Mass.) (the "Criminal Case").  Docket No. 2123 at 20-22.

The Tennessee Clinic Defendants served a subpoena on the Massachusetts Board Registration in Pharmacy (the "Board") on or about March 18, 2015 seeking documents and deposition testimony.  Docket No. 1735.  The Board has agreed to produce documents[2] but, on the request of the United States Attorney's Office for the District of Massachusetts, has moved for a protective order precluding the deposition until thirty days after completion of the trial in the Criminal Case or the entry of guilty pleas by all defendants in that action.  Docket No. 1975.  The Board has submitted the declaration of United States Attorney Carmen M. Ortiz in support of their motion for a protective order ("Ortiz Declaration.").  Id. at 5-11.  The Ortiz Declaration is nearly identical to the declaration she submitted in support of the FDA's motion for a protective order.  In it, Ortiz maintains that compliance with the Tennessee Clinic Defendants' notice of deposition would interfere with the Criminal Case.  Ortiz Aff. ¶ 11.

The Board filed the instant motion on June 16, 2015.  Docket No. 1975.  The Tennessee Clinic Defendants filed an opposition on June 30, 2015.  Docket No. 2029.  The PSC filed a response to the Tennessee Clinic Defendants' opposition on July 16, 2015.  Docket No. 2088.  The Tennessee Clinic Defendants filed a sur-reply on July 31, 2015.  Docket No. 2124.  The Court heard oral argument on August 5, 2015.

II.     ANALYSIS

Courts may issue protective orders when appropriate.  Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party

---

[2] Responsive documents shall be produced no later than two weeks after the date of this order.

or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1).  Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).  "As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order." Baker v. Liggett Group, Inc., 132 F.R.D. 123, 125 (D. Mass. 1990) (citing Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)).  The party seeking a protective order has the burden of demonstrating good cause. Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010).

In addition, federal courts have the inherent discretionary authority to stay a civil action for prudential reasons. Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 77 (1st Cir. 2004).  "The pendency of a parallel or related criminal action can constitute such a reason." Id.  Whether to stay a case is a highly nuanced decision involving competing interests. Id. at 78.  The First Circuit has identified the following factors bearing on the court's decision whether to stay proceedings:

> (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; [] (v) the public interest; (vi) the good faith of the litigants (or the absence of it); and (vii) the status of the cases.

Id. (internal citations omitted).  When determining whether the pendency of a parallel criminal proceeding warrants the stay of a civil proceeding, some courts consider the similarity of the issues underlying the criminal and civil actions. See, e.g., Doe v. Sipper, 869 F. Supp. 2d 113, 116 (D.D.C. 2012); In re Adelphia Communications Sec. Litig., No. 02-1781, 2003 WL 22358819, at *3 (E.D.Pa. May 13, 2003).  Indeed, some courts consider the similarity of issues

3

the most significant factor.  See, e.g., Doe, 869 F. Supp. 2d at 116 (citing Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 527 (D.N.J. 1998)).

The Court finds that the Board has not met its burden of showing entitlement to a protective order.  The Board makes no arguments on its own behalf.  Instead, it submits arguments on behalf of the United States Attorney's Office.  It has not pointed to any specific proposed topics of deposition testimony that would interfere with the ongoing Criminal Case.  Rather, the Board makes a blanket assertion based on an unrelated federal agency's concerns.  The Board appears to assume that it should be treated similarly to the FDA with respect to a deposition.  Indeed, the Ortiz Declaration is almost identical to the declaration that was submitted in support of the FDA's motion for a protective order.  Compare Docket No. 1838-3 with Docket No. 1976 at 5-11.  However, there is a critical distinction between the FDA and the Board.  While the FDA is part of the prosecution team, the Board is simply a potential witness in the Criminal Case.[3]  The Court's decision allowing the FDA's motion for a protective order was based, in large part, on the FDA's involvement in the investigation that followed the outbreak.  See Docket No. 2123 at 21 (noting that a FDA deposition would likely implicate the investigatory steps taken by the FDA-OCI agents in the Criminal Case).  That factor is not present with the respect to the DPH.  Accordingly, a protective order is not warranted with respect to the DPH's deposition.

---

[3] Several defendants in the Criminal Case filed a motion to compel the government to produce, inter alia, documents in the possession of the Board.  The government responded that such documents were not in its possession, custody, or control because the Board was not part of its prosecution team.  See United States v. Cadden, et al., No. 14-10363-RGS (D. Mass.) at Docket No. 237, p. 9-10 (stating, among other things, that the DPH "did not participate, much less formally participate, in the government's criminal investigation that resulted" in the Criminal Case).  Nor did the United States Attorney's Office identify the Board or the Department of Health as part of the prosecution team in its press release about the indictment.  See http://www.justice.gov/opa/pr/14-indicted-connection-new-england-compounding-center-and-nationwide-fungal-meningitis (last accessed August 13, 2015).

III.     ORDER

For the foregoing reasons, the Court denies the Commonwealth of Massachusetts' motion for a protective order.

                                       /s/ Jennifer C. Boal
                                       JENNIFER C. BOAL
                                       United States Magistrate Judge