UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION, | MDL No. 1:13-md-2419-RWZ |

**AMENDED PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT IN WRONGFUL DEATH CLAIM PURSUANT TO VA. CODE § 8.01-55**

Comes now Petitioner Leona E. Corker (the "Petitioner"), the duly qualified executrix of the estate of Billy Lewis Corker, by counsel, and respectfully petitions this Court pursuant to Virginia Code Annotated, section 8.01-55, to approve the settlement of a wrongful death claim. A proposed order is attached as **EXHIBIT 1** to this Petition.  In support of the Petition, the Petitioner states as follows:

1. This amended petition amends the petition filed on behalf of Ms. Corker on July 8, 2015, as follows:

    a. Removing the electronic signatures of counsel other than the Petitioner's counsel, which signatures had accidentally been included due to miscommunication with local counsel.

    b. Including a copy of the Mutual Release as Exhibit 3 that has been signed by the Petitioner.

    c. Nonsubstantive corrective and stylistic changes.

2. On August 14, 2012, and on September 19, 2012, Billy Lewis Corker ("Mr. Corker") received injections at the Insight Imaging clinic in Roanoke, Virginia from Dr. John W. Mathis and Dr. Robert F. O'Brien, respectively, of what he had been told was 80 mg of Depo-Medrol brand methylprednisolone.  It was later disclosed that the injections in fact consisted of preservative-free methylprednisolone acetate, compounded by New England Compounding Pharmacy ("NECC") in lot numbers 06292012@26 and 08102012@51.

3. Mr. Corker quickly developed an infection at the injection site and exhibited symptoms consistent with the effects of the tainted preservative-free methylprednisolone acetate compounded by NECC. Mr. Corker's health never recovered and he died on July 12, 2014. The Petitioner believes that Mr. Corker died as a result of one or both of the tainted injections.

4. NECC filed for bankruptcy protection pursuant to title 11 of the United States Code in the United States Bankruptcy Court for the District of Massachusetts.

5. Mr. Corker did not file a complaint against Insight Health Corp., Image Guided Pain Management, P.C., John M. Mathis, M.D., or Robert F. O'Brien, M.D; nor has the Petitioner filed a complaint. Because Mr. Corker died prior to two years after receiving the tainted injections and two years has not yet passed since his death, the statute of limitations with respect to such a complaint has not yet expired. See Va. Code Ann. § 8.01-244.

6. Other claimants filed 46 wrongful death actions against Insight Health Corp., Image Guided Pain Management, P.C., John M. Mathis, M.D., or Robert F. O'Brien, M.D (the "Respondents") relating to tainted injections of preservative-free methylprednisolone acetate compounded by NECC. The cases were transferred to MDL 13-2419 in the United States District Court for the District of Massachusetts, which is the district in which NECC's bankruptcy was administered. The claimants and Respondents negotiated a global settlement of all wrongful death claims and personal injury cases involving NECC and the Respondents.

7. The Petitioner has filed a claim in NECC's bankruptcy case, which claim is timely or deemed timely.

8. The terms of the global settlement are set forth in the Settlement and Release Agreement (the "Agreement") of February 12, 2015. The Agreement incorporates the First Amended Insight Claims Resolution Facility Procedures (the "Procedures"). The Procedures are

attached as **EXHIBIT 2** to this Petition.  The procedures contemplate the inclusion of claimants such as the Petitioner, who had not yet filed a complaint against Insight, and thus were not involved in the negotiations, but are within the statute of limitations period.  The amount to be paid to petitioners to settle their wrongful death claims will be determined by the Agreement and the Procedures, subject to approval by this Court.

9. The Agreement and the Procedures have been approved and confirmed by Judge Boroff of the United States Bankruptcy Court for the District of Massachusetts in an order entered on May 20, 2015, which confirmed the chapter 11 bankruptcy plan of NECC.  See Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., In re: New England Compounding Pharmacy, Inc., Case No. 12-1982-HJB (Bankr. D. Mass May 20, 2015) (Doc. No. 1355).  No appeal from the order approving the plan was filed, and the order confirming the chapter 11 plan is now a final order.

10. If the Petitioner was to file a complaint regarding her husband's wrongful death, she would file the complaint against the Respondents, which were the same individuals and entities involved in negotiation of the Agreement and Procedures.  The Agreement and Procedures and also section 8.01-55 specifically contemplate, however, that a claimant who has not filed a complaint may settle a claim for wrongful death, and accordingly, it is appropriate for the Petitioner to petition this court for approval of her inclusion in the settlement proposed in the Agreement.

11. The petitioner agrees to the Agreement and agrees to and will sign the Mutual Release, which is attached to this Petition as **EXHIBIT 3**.

12. Mr. Corker's sole statutory beneficiary is Leona E. Corker, the Petitioner.

13. The Petitioner requests the Court's approval of the settlement of her wrongful death claim pursuant to Virginia Code Annotated, section 8.01-55, in accordance with the provisions of the Agreement and the Procedures.

14. The Petitioner and her counsel have concluded that the compromise of her wrongful death claim, as set forth in the Agreement and the Procedures, represents fair compensation for her claim for wrongful death damages against the Respondents, considering the uncertainties and expenses of litigation.

15. As required by Virginia Code Annotated, section 8.01-55, the parties in interest will either endorse the proposed order attached as Exhibit 1, or will be given notice of the hearing and proposed compromise as provided in Virginia Code Annotated, section 8.01-296 and/or Virginia Code Annotated, section 8.01-320.

16. The Petitioner understands that the Respondents are compromising wrongful death claims, including the Petitioner's, without admitting liability.

WHEREFORE, pursuant to section 8.01-55 of the Virginia Code, Leona E. Corker asks this Court to approve the compromise of her claim to damages for wrongful death.

Date: August 14, 2015            Respectfully submitted,

LEONA E. CORKER, Executrix of the Estate of Billy Lewis Corker

By: /s/ Garren R. Laymon
Garren R. Laymon (admitted *pro hac vice*)
Magee Goldstein Lasky & Sayers, P.C.
310 1st St., S.W., Suite 1200
Roanoke, Virginia 24011
Telephone: (540) 343-9800
Fax: (540) 343-9898
glaymon@mglspc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2015, I caused a copy of the forgoing document to be filed electronically, which caused electronic notice of the Motion to be sent to all users of the CM/ECF system who have appeared in this case.

By: /s/ Garren R. Laymon
Garren R. Laymon