## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | |
| | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) | Dkt. No 1:13-md-2419 (RWZ) |
| | ) | |
| All Suits Naming the Nashville Healthcare Defendants | ) ) | |
| | ) ) ) | |

## NOTICE OF FILING OF BELLWETHER CANDIDATE CASES

The "Nashville Healthcare Defendants"[1] state:

1.     This Court's July 9, 2015 Order stated:

If the remaining Tennessee defendants waive Lexecon, cases against them will be the first [bellwether] trials. The court will adopt the following [bellwether] selection process and trial schedule:

- The parties will select 16 potential [bellwether] trial cases (8 each) by August 14, 2015, and case-specific fact discovery will begin for those 16 cases.[2]

2.     At the August 5, 2015 status conference, the Court recognized that no cases had

the requisite Lexecon waivers for trials in Massachusetts.[3] However, at the status conference

with Judge Boal, Judge Boal instructed:

Judge Zobel did ask me to remind everyone that in the order dated July 9th of 2015, that on page 5 of that order, it does require the parties to select 16 potential [b]ellwether trial cases by August 14th[.] [I]n light of the §157(b) briefing and until the Court orders otherwise, she would like that process to continue.[4]

---

[1] Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.
[2] Dkt. 2075.
[3] Transcript, Zobel status conference, August 5, 2015, page 11-13.
[4] Transcript, Boal hearing, August 5, 2015, page 6-7.

3.     On August 12, 2015, counsel for the Nashville Healthcare Defendants and the PSC held a meet-and-confer to discuss the exchange of bellwether candidates per Judge Boal's instruction. Counsel agreed to exchange eight candidates per side with certain ground rules governing the selections.[5]

4.     With this document, the Nashville Healthcare Defendants jointly give notice to the Court and all parties of their following proposed bellwether candidate cases, as categorized pursuant to the discussion on August 12:[6]

| Injury category | % of all cases | Case Name | Docket Number |
|---|---|---|---|
| Death | 12 | 1.  *Temple v. Ameridose, et al.* | 3:13-cv-01005 (M.D. Tenn.) / 1:13-cv-12696 (D. Mass.) |
| Meningitis + infection | 38 | 2.  *Brock v. Ameridose, et al.* | 3:13-cv-01010 (M.D. Tenn.) / 1:13-cv-12731 (D. Mass.) |
| | | 3.  *Tyree v. Ameridose, et al.* | 1:13-cv-12479 (D. Mass.) |
| Meningitis Only | 16 | 4.  *Parman v. Ameridose, et al.* | 3:13-cv-08999 (M.D. Tenn.) / 1:13-cv-12433 (D. Mass.) |
| | | 5.  *Skelton v. Ameridose, et al.* | 3:13-cv-00961 (M.D. Tenn.) / 1:13-cv-12575 (D. Mass.) |
| Local Infection Only | 11 | 6.  *Berry v. Ameridose, et al.* | 3:13-cv-01032 (M.D. Tenn.) / 1:13-cv-12838 (D. Mass.) |

---

[5] Primarily, the parties agreed that they would select candidate cases from each of the injury categories set out at Dkt. 1958-2, in an effort to create a candidate pool that reflects a cross-section of injuries.
[6] The Nashville Healthcare Defendants submit these eight candidates in accordance with the Court's order recognizing that the Court has not yet ruled on where these cases will be tried.  These Defendants therefore reserve their rights to amend, add to, or take away bellwether candidates if the cases are transferred to Tennessee for trial or if the selection process is modified going forward or if other circumstances arise that justify such modifications.

| No Disease | 24 | 7. | *Kinsey v. Ameridose, et al.* | 3:13-cv-00985 (M.D. Tenn.) / 1:13-cv-12571 (D. Mass.) |
|---|---|---|---|---|
| | | 8. | *Branham v. UniFirst, et al.* | 3:13-cv-00984 (M.D. Tenn.) / 1:13-cv-12604 (D. Mass.) |

Respectfully submitted,

/s/ Sarah P. Kelly
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig**
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek**
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman**
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer**
Texas Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON
& TOWNSEND L.L.P.
515 Congress Ave., Suite 2350
Austin, Texas  78701
(512) 482-9300
(512) 482-9303 (FAX)

*Attorneys for Saint Thomas West Hospital,
formerly  known as St. Thomas Hospital,
Saint Thomas Network, and Saint Thomas
Health*

GIDEON, COOPER & ESSARY, PLC

*/s/ Chris J. Tardio*
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic*
*Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing on this 14th day of August, 2015.

*/s/ Sarah P. Kelly*
Sarah P. Kelly

2861285.1