# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| This Document Relates to: | ) ) MDL No: 1:13-md-2419-RWZ |
| Garcia v. Michael J. O'Connell, M.D., et al. No. 1:15-cv-12818-RWZ | ) ) ) |
| McCarthy v. Michael J. O'Connell, M.D., et al. No. 1:15-cv-12347-RWZ | ) ) ) ) ) ) |

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs Jojayra Garcia and Cheryl A. McCarthy, Individually, As Personal Representative of the Estate of Judith Ann Peckham, Deceased, and on behalf of the Beneficiaries of the Estate, submit this response to the Court's Order to Show Cause issued on July 27, 2015, as to why their complaints should not be dismissed for lack of subject matter jurisdiction.

### I.   INTRODUCTION

Plaintiffs respectfully assert that federal jurisdiction over their claims existed at the time that they filed their complaints and that this Court has subject matter jurisdiction over their cases. In its Order to Show Cause, the Court asked "whether §1334(b) can sustain federal jurisdiction over a case among non-debtors that was filed after the bankruptcy plan was confirmed."[1] Plaintiffs affirmatively answer that federal jurisdiction over the plaintiffs' claims does exist and that this Court's subject matter jurisdiction, pursuant to section 1334, did not shrink after

---

[1] Dkt. No. 2103 at 2.

confirmation of the NECC bankruptcy plan. Moreover, the Court's decision "that state-law claims like those asserted by plaintiffs…were 'related to' the bankruptcy and could be brought in federal court under § 1334" is applicable to plaintiffs' actions.[2]

As fully discussed below, plaintiffs contend that the correct inflection point for when a court's related to subject matter jurisdiction decreases in scope is the *effective date* of the bankruptcy plan, not the confirmation date. Therefore, this Court has subject matter jurisdiction over plaintiffs' claims because NECC's bankruptcy estate existed at the time they filed their complaints.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs' cases arise from the widespread outbreak of fungal meningitis due to the administration of tainted compounded pharmaceuticals manufactured by New England Compounding Pharmacy d/b/a New England Compounding Clinic ("NECC").  In December of 2012, NECC filed for bankruptcy.

On February 12, 2013, the Judicial Panel on Multidistrict Litigation ("JPML") transferred actions pending in federal court against NECC to the United States District Court for the District of Massachusetts, including numerous "tag along" actions against the clinics/hospitals and their employees, physicians, nurses, staff, and affiliated companies that administered the contaminated NECC pharmaceuticals ("Clinic Related Defendants").[3] Since that date, the JPML has transferred additional actions against Clinic Related Defendants and this Court has exercised jurisdiction over those cases pursuant to 28 U.S.C. § 1334(b).[4]

---

[2] *Id.* at 3.
[3] Dkt. No. 118.
[4] *In re: New Eng. Compounding Pharm. Prods. Liab. Litig.,* 496 B.R. 256 (D. Mass. 2013) (Saylor J.).

This Court found that it has jurisdiction over actions against Clinic Related Defendants, like plaintiffs' cases, because those cases are related-to, and they could "clearly have an effect" on, NECC's bankruptcy proceeding.[5]

On May 20, 2015, the Chapter 11 plan for the NECC bankruptcy was confirmed.[6] Plaintiffs Jojayra Garcia and Cheryl A. McCarthy, Individually, as Personal Representative of the estate of Judith Ann Peckham, Deceased, and on behalf of the beneficiaries of the estate, filed their complaints on June 3, 2015, in the United States District Court for the District of New Hampshire.[7] Both plaintiffs assert that the district courts have subject matter jurisdiction over their cases pursuant to 28 U.S.C. §1334(b), because each of the plaintiffs' claims are "related to a pending bankruptcy previously filed by NECC…and the outcome of [these] proceeding[s] could have some effect on the Bankruptcy Estate."[8] On June 4, 2015, the Chapter 11 plan became effective.[9]

## III.   ARGUMENT

The confirmation of the NECC bankruptcy plan did not end this Court's related to jurisdiction under section 1334 over cases among non-debtors that were filed after the bankruptcy plan was confirmed.  Although a court's federal jurisdiction pursuant to section 1334 is not indefinite, the "shrinking" of a court's related to jurisdiction does not occur simultaneously with the confirmation of a bankruptcy plan.  In *In re Boston Reg'l Med. Ctr., Inc.*, the First Circuit stated that the appropriate time to limit the scope of section 1334 is when a "reorganized debtor is emancipated by the confirmation of a reorganization plan," or in other words, when the

---

[5] Id. at 266-270 ("First, the Court concludes that it has related-to subject-matter jurisdiction under § 1334 over any state-court case in which any plaintiff has asserted a claim, or any defendant has asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual. Such a claim could clearly have an effect, indeed a substantial effect, on the bankruptcy estate.")

[6] Dkt. No. 1890.

[7] Attached as Exhibits "A" and "B."

[8] *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, 496 B.R. 256, 266-270 (D. Mass. 2013).

[9] Dkt. No. 1951

debtor "emerges from bankruptcy."[10]   The rationale underlying this decision was the need to curtail the scope of related to jurisdiction by providing an appropriate event that triggers the reduction of federal jurisdiction under section 1334.[11]

However, a court's "bankruptcy jurisdiction is not cut off the moment a plan of reorganization is confirmed" because a debtor does not immediately emerge from bankruptcy simply upon confirmation of the bankruptcy plan.[12]   Courts have found that the debtor emerges from bankruptcy upon the effective date of the bankruptcy plan.[13]   This distinction is found in a case that is directly on point with the facts and circumstances in the present cases.   In *In re Global Crossing, Ltd. Securities Litigation*, defendants had requested that the Judicial Panel on Multidistrict Litigation remove a case to the U.S. District Court of the Southern District of New York ("MDL court") by asserting related to jurisdiction pursuant to an ongoing bankruptcy proceeding in which the debtor's plan for reorganization had been confirmed but had not yet become effective.[14]   The MDL court had already determined that it had related to subject matter jurisdiction over previously filed cases that had been transferred by the JPML, similar to the case that was at issue.[15]   The only novel question was whether the MDL court had subject matter jurisdiction over the immediate case when it was filed after the reorganization plan had been confirmed.[16]   The MDL court stated that "the analysis under § 1334 of whether a case is 'related to' the bankruptcy proceeding" is not modified by the confirmation of the debtor's

---

[10] *Id.*

[11] 410 F.3d 100, 106 (1st Cir. 2005).

[12] *In re Global Crossing, Ltd. Securities Litigation*, No. 02 Civ. 910 (GEL), 2003 WL 22705127, at 1 (S.D.N.Y. Nov. 14, 2003).

[13] *See In re Enron Corp.*, 326 B.R. 497, 500 (S.D.N.Y. 2005)(The court found the debtor emerged from Chapter 11 bankruptcy on the date the bankruptcy plan became effective.); *see Taghadoss v. C.I.R.*, No. 25116-06S, 2008 WL 1884052, at 1 (T.C. Apr. 29, 2008)(The bankruptcy court confirmed the debtor's plan of reorganization on October 31, 2003 but the debtor did not emerge from bankruptcy until April 20, 2004, the effective date.); *Freire v. Dex Media W. LLC.*, No. 2:10-cv-00708-MJP, 2011 WL 1790490, at 1 (W.D. Wash. May 10, 2011) (The court found that the debtors emerged from bankruptcy on the date the plan of reorganization became effective.).

[14] No. 02 Civ. 910 (GEL), 2003 WL 22705127, at 1 (S.D.N.Y. Nov. 14, 2003).

[15] *Id.*

[16] *Id.*

reorganization plan.[17] The court held that because the plan had not become effective the debtor had not "emerged from bankruptcy," and that the action at issue had the same potential to affect the bankruptcy estate as any of the similar previously filed cases over which it exercised related to jurisdiction.[18]

A court's jurisdiction pursuant to section 1334 must be determined by the facts at the time the action commenced.[19] Because the plaintiffs' complaints were filed before the effective date of the NECC bankruptcy plan, the Court's subject matter jurisdiction over cases related to the NECC bankruptcy proceeding was unchanged. Therefore, this Court had, and continues to have, subject matter jurisdiction over the plaintiffs' cases if it finds they could have had a "conceivable effect" upon the NECC bankruptcy estate at the time of filing.[20] As the Court notes in the Order to Show Cause, it has previously ruled that "state-law claims like those asserted by plaintiffs…were 'related to' the bankruptcy and could be brought in federal court under § 1334."[21] Therefore, the confirmation of the NECC bankruptcy plan does not affect this Court's subject matter jurisdiction over the plaintiffs' claims that were filed before the effective date of the bankruptcy plan.

## IV.   CONCLUSION

The plaintiffs have shown that: (a) they filed their complaints before the effective date of the NECC bankruptcy plan; (b) that the effective date of the bankruptcy plan is the correct inflection point at which the scope of the Court's subject matter jurisdiction shrinks; and (c) that the Court's previous orders ruling that it has jurisdiction pursuant to section 1334 over state-law

---

[17] *Id.*
[18] *Id.*
[19] *In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997); *In re Enron Corp. Securities*, 535 F.3d 325, 335 (5th Cir. 2008); *Haber v. Massey*, 904 F. Supp. 2d 136, 145-146 (D. Mass. 2012); *In re New York Skyline, Inc.*, 471 B.R. 69, 78 (Bankr. S.D.N.Y. 2012); *In re WorldCom, Inc. Securities Litigation*, 294 B.R. 553, 556 (Bankr. S.D.N.Y. 2003).
[20] *Id.*
[21] Dkt. No. 2103, at 3.

claims related to the NECC bankruptcy estate are applicable to the plaintiffs' actions. For the foregoing reasons, plaintiffs have shown why their complaints should not be dismissed for lack of subject matter jurisdiction.


Dated:  August 17, 2015                                         Respectfully Submitted,

                                                                */s/ Kimberly A. Dougherty*
                                                                Kimberly A. Dougherty, Esquire
                                                                (BBO# 658014)
                                                                Janet, Jenner & Suggs, LLC
                                                                31 St. James Ave., Suite 365
                                                                Boston, MA 02116
                                                                T: (617) 933-1265
                                                                F: (410) 653-6903
                                                                kdougherty@myadvocates.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2015, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

*/s/ Kimberly A. Dougherty*
Kimberly A. Dougherty, Esquire