UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ) <br> All Cases ) <br> ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

### Motion to Compel Compliance with Subpoena to NECC

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants"), hereby move the Court, pursuant to Fed. R. Civ. P. 45, to compel the New England Compounding Center ("NECC") to comply with the subpoena for production of documents.

For the reasons set forth in the contemporaneously-filed memorandum in support, the Tennessee Clinic Defendants respectfully request that the Court enter an order requiring NECC to:

1. Produce an index for the documents produced to date that allows for some categorization of the serial NECC "document dumps"

2. Produce an index of documents not-yet-produced (or withheld on a claim of privilege)

3. Provide an explanation for the 10,000 documents apparently provided to the PSC but not provided to the Tennessee Clinic Defendants

4. Provide an explanation for the 1,500-page gap in the Bates numbering of the documents produced

5. Produce (indexed) any documents NECC has provided to other parties but not the Tennessee Clinic Defendants

6. Produce (or identify by Bates number if already produced) documents responsive to:

    a. Request No. 1 (personnel files)

    b. Request Nos. 4-6 (NECC documents specific to the Tennessee Clinic Defendants)

    c. Request No. 7 (documents related to customer site visits or inspections)

    d. Request Nos. 9 and 14 (documents regarding patient-specific prescriptions)

    e. Request Nos. 12 and 13 (documents regarding due diligence conducted by other customers)

    f. Request Nos. 16-18 (cleaning, testing, and autoclave records).

## Oral Argument

The Tennessee Clinic Defendants believe that oral argument on this motion is unnecessary given (1) the tight discovery deadlines in this case, (2) the straightforward nature of the motion, and (3) the Trustee and the PSC's oft-stated desire to preserve the assets of the estate for NECC's victims. Foregoing oral argument will obviate the need for the Trustee and/or his counsel to prepare for and attend a hearing, as they can rely on a written response. Of course, if the Court would like to hear oral argument, the Tennessee Clinic Defendants are pleased to oblige and respectfully suggest that the motion be heard at the hearing before Magistrate Judge Boal on September 9, 2015, at 3:30 pm EDT in Courtroom 14.[1]

---

[1] The Tennessee Clinic Defendants believe that this motion has been referred to Magistrate Judge Boal pursuant to Dkt. 1708, which referred all "discovery motions" to Magistrate Judge Boal. If this motion is

2

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**


/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 25th day of August, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**

---

not referred to Magistrate Judge Boal, the Tennessee Clinic Defendants request oral argument at the status conference before Judge Zobel on September 10, 2015, at 2:00 pm EDT in Courtroom 12.