# EXHIBIT 3

# GIDEON, COOPER & ESSARY
A PROFESSIONAL LIMITED LIABILITY COMPANY
315 DEADERICK STREET, SUITE 1100
NASHVILLE, TENNESSEE 37238
(615) 254-0400
FAX (615) 254-0459
www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA VON KANEL
J. BLAKE CARTER[1]
MARK A. HAMMERVOLD[1]
MATTHEW H. CLINE
MATTHEW J. NATHANSON

[1] LICENSED IN TN & FL
[2] LICENSED IN TN, AL & TX
[3] LICENSED IN TN & GA
[4] LICENSED IN TN & KY
[5] LICENSED IN TN & WI

Matthew H. Cline
Matt@gideoncooper.com

July 24, 2015

**_Via email only_**
Michael R. Gottfried
Duane Morris, LLP
100 High Street
Suite 2400
Boston, MA 02110-1724
mrgottfried@duanemorris.com

Frederick H. Fern
Harris Beach, PLLC
100 Wall Street
23rd Floor
New York, NY 10005
ffern@harrisbeach.com

Re:   *NECC MDL – Case No. 1:13-md-2419*

Dear Counsel:

This letter is to follow up with additional issues to discuss during the meet and confer requested in our July 21, 2015 letter. We have become aware of new NECC documents of which we were previously unaware and have identified former NECC employees that we would like to depose.

**Individuals to Produce for Deposition**

Based on our review of documents produced by NECC, we have identified the following former NECC employees, we wish to depose.

1. Joseph Connolly
2. Owen Finnegan
3. Scott Connolly[1]
4. Sharon Carter[2]
5. Annette Robinson
6. Robert Ronzio[3]
7. Belmira Carvalho
8. Steven Haynes.

Please let us know by close of business on Monday, July 27, 2015, whether NECC can guarantee these witnesses for depositions and agrees to produce them. If NECC cannot guarantee them or does not intend to present these witnesses, please provide their last known addresses and, if known, the name and address of their attorneys, so that we may issue subpoenas.

**Additional Documents**

Our review of the evidence seized from NECC by the FDA on October 17, 2012,[4] revealed several documents that appear to be plainly relevant to our defense of these cases. Based on your assertion that all documents relevant to our defenses have already been produced, please review the following list and provide us with the Bates range for each item[5]:

- Item # 4: a black binder containing: USP 797 training; printed chapters from pharmacopeia.cn related to weights, balances, and sterilization; balance and scale certification documents; and an article on clean room monitoring

---

[1] I am sending a copy of this letter to Mr. Connolly's attorney in the criminal case, Raymond Sayeg.
[2] I am sending a copy of this letter to Ms. Carter's attorney in the criminal case, Michael Pineault
[3] I am sending a copy of this letter to Mr. Ronzio's attorney in the criminal case, Peter Horstmann.
[4] As identified in the FDA's Certified Inventory of Evidence, filed at Dkt. 237-5 in the NECC criminal docket (Case No. 1:14-cr-10363)
[5] *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F. 3d 88, 93 (1st Cir. 2012) ("The same flaws mar the plaintiffs' invitation that the defendants sift through documents previously delivered in search of the documents that they requested under Rule 34. At the very least, the defendants were entitled to responses or objections addressed to 'each item or category [of items].' Fed. R. Civ. P. 34(b)(2)(B). The plaintiffs never supplied such an index, suggesting instead that the defendants find the needle in the haystack.") (alterations in original).

- Item # 11: compact disc labeled in part, "Barry Cadden Sales Education"

- Item # 13: Sales by Rep Detail report dated May 21, 2012 through September 25, 2012

- Item # 14: yellow lined notepad with handwritten notes, including notes related to states' regulations

- Item # 29: white binder labeled in part, "NECC Surgery Center Training Binder"

- Item # 30: white Binder labeled in part, "NECC Training Binder"

- Item # 31: white binder labeled in part, "New England Compounding Center Pharmacy and Product Training Guide"

- Item # 34: five (5) page spreadsheet containing customer and invoice information for lots 05212012@68, 06292012@26, and 08102012@51

- Item # 41: compact disc labeled in part "Barry Cadden Sales Education"

- Item # 42: pages of instructions on confirming orders

- Item # 44: packets of papers clipped together titled "Training"

- Item # 47: Microbiology Reports for Lots 06292012@26 and 08102012@51

- Item # 48: Certificates of Analysis for Lots 05212012@68 and 08102012@51

- Item # 63: Microbiology Reports with Certificates of Analysis photocopied on the back related to Lot 06292012@26

- Item # 64: Microbiology Reports with Certificates of Analysis photocopied on the back related to Lot 05212012@68

- Item # 66: blue and white NECC folder containing promotional documents

- Item # 68: handwritten documents related to recall and training

- Item # 71: email from Barry Cadden describing the compounding process

3

- Item # 75: accordion folder labeled "NECC MPA Recall- Sep 12" containing one folder labeled "St. Thomas Surgery Center," with an email from James Coffey and several handwritten notes, packets of invoices, pharmacy and pharmacist license renewal docs, insurance related docs, FDA notice of inspection form FDA 482 and several business cards of FDA personnel

- Item # 76: yellow lined notepad with handwritten notes related to quarantined items

- Item # 77: Spreadsheet of customers relating to Lot 08102012@51 with quantity remaining at each facility

- Item # 78: spiral bound notebook labeled in part "Uniclean Cleanroom Services" containing Cleaning Work Order/Check Lists

- Item # 81: white binders labeled in part, "Training Binder"

- Item # 82: white binders labeled in part, "Hospital Team Training Binder"

- Item # 83: white binders labeled in part, "Surgery Center Training Binder"

- Item # 84: sets of recall summary spreadsheets, two with handwritten notes

- Item # 86: stapled packet of three (3) recall-related, faxed documents relating to facility named Specialty Surgical Center

- Item # 91: packet labeled "Do you have questions about specific risk levels for any of your hospital's compounded preparations?"

- Item # 94: email from Gene Svirskiy to Barry Cadden regarding problems and samples

- Item # 96: packet labeled "Log of Scripts" for prescriptions filled between 7/1/2012 and 9/28/12

- Item # 97: several logs labeled "Cleaning and Maintenance of the Clean room" and various surface sample testing reports

4

- Item # 102: packet with green post-it with "FDA MA BOP" written on it containing logged formula worksheets, certification of analysis, and microbiology reports

- Item # 103: yellow notepad and two (2) sheets of yellow paper with notes regarding MPA

- Item # 106: compact discs labeled in part, "Barry Cadden Sales Education"

- Item # 108: stapled packet with compounding process for MPA 80 mg/ml

- Item # 109: packet with email from Barry Cadden regarding MPA beyond use date with attached documentation

- Item 110: yellow notepad and two separate sheets with handwritten notes regarding Lot 08102012@51.

If these documents have not already been produced, please:

1. Produce them immediately, and

2. Explain why they were not previously produced given the representation that we have all the NECC documents necessary to defend the cases.

Again, we simply want to ensure that we have all the documents necessary to fairly defend our clients. A continued uncovering of important documents that have been produced or, at best, were buried in document dumps, does not instill confidence that we have a complete set of even the *most* relevant documents.

*******

As mentioned in our July 21, 2015 letter, we remain available for a meet and confer to discuss these issues on July 24 (today), 27, 28, 30, 31. I look forward to your response.

Thank you.

Sincerely,

/s/ Matthew H. Cline
**Matthew H. Cline**

5

Cc (via email only): Yvonne Puig; Adam Schramek; Marcy Greer; Eric Hoffman; Sarah Kelly; Parks Chastain; Kent Krause; Ashley Geno; Jay Blumberg; Christopher Wolk; Greg Kirby; Tory Weigand; Caroline Kelly; Anthony Abeln; Peter Horstmann; Raymond Sayeg, Jr.; Michael Pineault.