UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) MDL No. 02419 ) Docket No. 1:13-md-2419-RWZ |
| _____ | ) |
| This document relates to: | ) ) |
| All of the cases against the Box Hill Defendants | ) ) |

**UNIFIRST CORPORATION'S OBJECTIONS TO
"THE BOX HILL DEFENDANTS' FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS
FOR ADMISSION PROPOUNDED TO UNIFIRST CORPORATION"**

UniFirst Corporation ("UniFirst") hereby submits the following Objections to the Box Hill Defendants' First Set of Interrogatories, Requests for Production of Documents and Requests for Admission ("Requests"), pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and the Court's MDL Orders concerning discovery in this litigation.

## **GENERAL OBJECTIONS**

1. UniFirst objects to the instructions set forth in the Requests to the extent they purport to impose obligations on UniFirst that differ from or exceed those in the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Massachusetts, the MDL Orders in this case, or any other applicable court rule or order.

2. UniFirst objects to the Requests to the extent they seek information that is subject to the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, protection and/or immunity from discovery

3. UniFirst objects to the Requests – and particularly the Interrogatories and Requests for Admission – on the ground that they treat UniFirst as a party to this action. For purposes of the Requests, UniFirst should be deemed a non-party in this action, because (a) the Bankruptcy Court, in *In re: New England Compounding Pharmacy, Inc.*, Case No. 12-19882–HJB (D. Mass, Eastern Division), issued an injunction that precludes the assertion of claims arising out of injuries caused by products distributed by the New England Compounding Center against any settling party, including UniFirst (*see* Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, at ¶ 16, Bankruptcy Doc. No. 1355); and (b) by an Order dated June 18, 2015 – well before the Box Hill Defendants served the Requests – the Court in this MDL proceeding made clear that the settling parties, including UniFirst, would be dismissed from the case (and hence that they then remained defendants in the MDL in name only (*see* Order to Show Cause Concerning Dismissal of Claims Against Settling Defendants, Doc. No. 1992), and the Court has since dismissed the settling parties, including UniFirst, from this case (*see* Order Dismissing Claims Against Settling Defendants, Doc. No. 2193).

4.      UniFirst objects to the definitions of the terms "person(s)" and "individual(s)," as set forth in the Requests, to the extent it varies from the definition of "person" as set forth in Rule 26.5(c)(6) of the Local Rules for the United States District Court for the District of Massachusetts.  In responding to Requests that use the terms "person(s)" or "individual(s)," UniFirst construes the terms in accordance with the meaning afforded to the term "person" under the Local Rules.

5.      UniFirst objects to the definition of the term "document," as set forth in the Requests, to the extent it varies from the definition of "document" as set forth in Rule 26.5(c)(2) of the Local Rules for the United States District Court for the District of Massachusetts and Federal Rule of Civil Procedure 34(a).  Further, UniFirst specifically objects to the Box Hill Defendants' definition of "document" to the extent it purports to include any document that "was, but is no longer, in your possession, custody, or control," on the ground that it is harassing to seek any such document from UniFirst.  In responding to Requests that use the term "document," UniFirst construes the term in accordance with the meaning afforded to it under the Federal Rules.

6.      UniFirst objects to the definitions of the terms "identification," "identify," or "identity," as set forth in the Requests to the extent they vary from the definition of "identify" as set forth in Rules 26.5(c)(3) and (c)(4) of the Local Rules for the United States District Court for the District of Massachusetts.  In responding to Requests that use the terms "identification," "identify," or "identity," UniFirst construes these terms in accordance with the meaning afforded to the term "identify" under the Local Rules.

7.      UniFirst objects to the definition of the term "communication," as set forth in the Requests, to the extent it varies from the definition of "communication" set forth in Rule

26.5(c)(1) of the Local Rules for the United States District Court for the District of Massachusetts. In responding to Requests that use the term "communication," UniFirst construes the term in accordance with the meaning afforded to it under the Local Rules.

8. UniFirst objects to the use and definition of the term "relating to," as set forth in the Requests, to the extent the term's meaning varies from the definition of "concerning" set forth in Rule 26.5(c)(7) of the Local Rules for the United States District Court for the District of Massachusetts. In responding to Requests that use the term "relating to," UniFirst construes the term in accordance with the meaning afforded to the term "concerning" in the Local Rules.

9. UniFirst objects to the Requests to the extent they seek the production of documents created after October 19, 2012, as (a) any documents created in the wake of the investigation and commencement of litigation concerning the reported outbreak associated with NECC's products are presumptively privileged and/or work product (*see* MDL Order No. 9, Doc. No. 1425, at Section IIC), and (b) any such Request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, UniFirst will not produce documents generated after October 19, 2012 and, in responding to the Requests, deems such documents to be non-responsive.

10. UniFirst objects to the Requests to the extent they seek the production of documents collected by or on behalf of UniFirst's counsel in connection with this litigation (except for documents collected from UniFirst), as such documents are subject to the work-product doctrine and/or the attorney-client privilege. UniFirst will neither produce such documents nor put them on a privilege log. *See* MDL Order No. 9.

11. UniFirst objects to the Requests to the extent they seek documents or information that UniFirst received from the Plaintiffs' Steering Committee ("PSC") as part of mediation

between UniFirst and the PSC and will not produce such documents on the grounds that (a) under the Court's Order on Mediation Program, dated August 15, 2013, UniFirst is prohibited from disclosing any such information to third parties, and (b) Massachusetts General Laws Chapter 233 § 23C protects communications made in furtherance of mediation from disclosure.

12. UniFirst objects to the Requests to the extent they seek the production of documents that have already been produced into the Document Repository in this case (*see* MDL Order No. 6, "Case Management Order," Doc. No. 209), on the grounds that such information is already available to the Box Hill Defendants and any such Request, therefore, is unduly burdensome.

13. UniFirst objects to the Requests to the extent they are identical to discovery requests (including document requests, interrogatories and requests for admission) already propounded on, and objected to and responded to by, UniFirst, on the grounds that such Requests are duplicative of discovery that is already available to the Box Hill Defendants, and therefore are unduly burdensome to UniFirst.

14. UniFirst objects to the Requests on the basis that they are untimely. The Court set the close of common issue fact discovery (pursuant to an extension) at July 30, 2015. *See* Order, Doc. No. 2075 at 3 (July 9, 2015) (setting July 30, 2015 as the "Close of Common Fact Discovery From Settling Defendants (with the exception of any discovery allowed as a result of currently pending discovery motions)" and noting that "[t]here will be no fact discovery involving the settling defendants by any party after July 30, 2015."). In order to have been timely, the Requests had to have been propounded so that the responses would be due by the close of common issue fact discovery. *See, e.g., Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (to be timely under the Federal Rules, "requests must be served at least thirty

days prior to a completion of discovery deadline."); *In re Kugel Mesh Hernia Repair Patch Litig.*, MDL Docket No. 07-1842ML, 2010 WL 1253566 (Mar. 24, 2010 D.R.I.) (serving discovery "on the eve of the discovery closure date is not the 'completion' of discovery," as called for by the court's order). However, the Box Hill Defendants did not serve the Requests until the day that common issue discovery closed, and UniFirst did not learn of them until the day after fact discovery closed, when the Box Hill Defendants filed them electronically. The Requests, therefore, are untimely.

\*     \*     \*

The following specific objections to the Requests are subject to, and without waiver of, the foregoing General Objections, and such objections are incorporated into each response as though fully set forth therein. In some instances, particular General Objections are specifically referenced or restated in response to particular Requests because such objections are particularly applicable to that Request, but this is not intended nor shall it be construed as a waiver of any other General Objection applicable to information falling within the scope of such Requests or any other Request. Furthermore, UniFirst reserves the right to raise any other objection not expressly set forth herein.

## SPECIFC OBJECTIONS TO INTERROGATORIES ADOPTED AND INCORPORATED FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES AND TENNESSEE CLINIC DEFENDANTS

1-5     [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Interrogatories 1-5 from the *Saint Thomas Entities' First Set of Interrogatories*.]

> **RESPONSE TO INTERROGATORY NOS. 1 THROUGH 5**: Subject to and without waiving its General Objections, UniFirst incorporates its objections (including General Objections and specific objections) and responses to the St. Thomas Entities' First Set of Interrogatories 1 through 5 as if fully set forth herein.

6-15    [The Box Hill Defendants adopt and incorporate, as if fully stated herein, Interrogatories 6-15 from the *Tennessee Clinic Defendants' First Set of Interrogatories*.]

> **RESPONSE TO INTERROGATORY NOS. 6 THROUGH 15**: Subject to and without waiving its General Objections, UniFirst incorporates its objections (including General Objections and specific objections) and responses to the Tennessee Clinic Defendants' First Set of Interrogatories 6 through 15 as if fully set forth herein.

16.     Identify and describe any communication in 2012 and before between UniFirst and NECC about the need for additional cleanings or the need for more time to appropriately complete the cleanings that did occur.

> **RESPONSE TO INTERROGATORY NO. 16**: In light of UniFirst's General Objections, and particularly its non-party objection stated in General Objection No. 3 and its timeliness objection stated in General Objection No. 14, no response to this Interrogatory is required.

17.     Identify and describe any communication in 2012 or before between UniFirst and NECC regarding dirty or concerning conditions in the 2006 clean room (so called Clean Room #1).

> **RESPONSE TO INTERROGATORY NO. 17**: In light of UniFirst's General Objections, and particularly its non-party objection stated in General Objection No. 3 and its timeliness objection stated in General Objection No. 14, no response to this Interrogatory is required.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION ADOPTED AND INCORPORATED FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES AND TENNESSEE CLINIC DEFENDANTS

1-23:   [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Production 1-23 from the *Saint Thomas Entities' First Set of Requests for Production.*]

> **RESPONSE TO REQUEST FOR PRODUCTION NOS. 1 THROUGH 23:**  Subject to and without waiving its General Objections, UniFirst incorporates its objections (including General Objections and specific objections) and responses to the St. Thomas Entities' First Set of Requests for Production 1 through 23 as if fully set forth herein.

24-27:   [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Production 24-27 from the *Tennessee Clinic Defendants' First Set of Requests for Production*] [Dkt. 1742].

> **RESPONSE TO REQUEST FOR PRODUCTION NOS. 24 THROUGH 27:**  Subject to and without waiving its General Objections, UniFirst incorporates its objections (including General Objections and specific objections) and responses to the Tennessee Clinic Defendants' First Set of Requests for Production 24 through 27 as if fully set forth herein.

28.   Produce all documents reflecting any complaints made by those from UniFirst who were cleaning the 2006 clean room about dirty or concerning conditions in the 2006 clean room at NECC.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:  In light of UniFirst's General Objections, and particularly its timeliness objection stated in General Objection No. 14, no response to this Request for Production is required

### SPECIFIC OBJECTIONS TO REQUESTS FOR ADMISSION ADOPTED AND INCORPORATED FROM DISCOVERY SENT BY SAINT THOMAS ENTITIES AND TENNESSEE CLINIC DEFENDANTS

1-19. [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Admission 1-19 from the *Saint Thomas Entities Requests for Admission.*]

**RESPONSE TO REQUEST FOR ADMISSION NOS. 1 THROUGH 19:** Subject to and without waiving its General Objections, UniFirst incorporates its objections (including General Objections and specific objections) and responses to the St. Thomas Entities' First Set of Requests for Admission 1 through 19 as if fully set forth herein.

20-21 [The Box Hill Defendants adopt and incorporate, as if stated fully herein, Requests for Admission 20-21 from the *Saint Thomas Entities* [sic] *Requests for Admission.*]

**RESPONSE TO REQUEST FOR ADMISSION NOS. 20 THROUGH 21:** Subject to and without waiving its General Objections, UniFirst incorporates its objections (including General Objections and specific objections) and responses to the Tennessee Clinic Defendants' First Set of Requests for Admission 20 through 21 as if fully set forth herein.

22. Admit that ninety (90) minutes was not sufficient time to properly clean the 2006 clean room at issue at NECC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**: In light of UniFirst's General Objections, and particularly its non-party objection stated in General Objection No. 3 and its timeliness objection stated in General Objection No. 14, no response to this Request for Admission is required.

Dated: September 1, 2015               UniFirst Corporation,

                                       By its attorneys,

                                       /s/ Michael Murray/LBN
                                       James C. Rehnquist (BBO #552602)
                                       Roberto M. Braceras (BBO # 566816)
                                       Michael K. Murray (BBO # 563804)
                                       **GOODWIN PROCTER LLP**
                                       Exchange Place
                                       53 State Street
                                       Boston, Massachusetts 02109-2881
                                       Telephone: 617.570.1000
                                       Facsimile: 617.523.1231
                                       jrehnquist@goodwinprocter.com
                                       rbraceras@goodwinprocter.com
                                       mmurray@goodwinprocter.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2015, a true and accurate copy of the foregoing was served on the following party by First Class Mail. Thereafter, a copy was filed on the Court's CM/ECF system to ensure that all interested parties can access it.

Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204

*Attorneys for the Box Hill Defendants*

Michael K. Murray

ACTIVE/83444910