UNITED STATES DISTRICT COURT
for the
District of Massachusetts

```
_____
                                 )
IN RE: NEW ENGLAND COMPOUNDING   )
PHARMACY, INC.                   )    CIVIL ACTION NO:
PRODUCTS LIABILITY LITIGATION    )    1:13-md-02419-RWZ
                                 )
_____)
                                 )
This Document Relates To:        )
     All Actions                 )
_____)
```

## MEMORANDUM IN SUPPORT OF MOTIONS BY STEPHEN HAYNES AND OWEN FINNEGAN TO QUASH DEPOSITION SUBPOENAE

### I.  BACKGROUND

Stephen Haynes **("Haynes")** and Owen Finnegan **("Finnegan")** have jointly moved to quash subpoenae directed to them from Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD. **("Tennessee Clinic Defendants")** requiring that they appear for depositions.  That motion is supported by the affidavits of both Haynes **("Haynes Aff.")** and Finnegan **(Finnegan Aff.)**.[1]

---

[1]    Haynes was served with a deposition subpoena on August 11, 2015 by the Tennessee Defendants. **(Haynes Aff., ¶1)**.  Finnegan was not served with a subpoena but through counsel, in the interest of expediency, agreed to accept service. **(Finnegan Aff., ¶1)**.

Counsel for Haynes and Finnegan and the Tennessee Defendants
(continued...)

Haynes and Finnegan believe and, therefore, aver that the subject of such intended depositions will relate to their involvement and conduct as employees (more specifically, as pharmacy technicians) while at New England Compounding Pharmacy, Inc. *("NECC"). (Haynes Aff., ¶3; Finnegan Aff., ¶3)*.

Many principal representatives and employees of NECC (to date at least fourteen in number) have been charged with criminal misconduct in this Court. *See USA v. Cadden et al, Case No.: 1:14-cr-10363-RGS. (Haynes Aff., ¶4; Finnegan Aff., ¶4)*.

Neither Haynes nor Finnegan will testify at any such deposition and will assert (and have also asserted in their affidavits) their privilege against self-incrimination pursuant to U.S.C.A.Const. Amend. 5 and M.G.L.A.Const. pt. 1, art. 12, as each has contended that he has "reasonable cause to apprehend a real danger of incrimination." *Hoffman v. United States, 341 U.S. 479, 486 (1951); See also Fed.R.Civ.P. 45(d)(3)(A)(iii) and (iv)* and, this instant case, *MDL order No. 10 (Deposition Protocol)(September 18, 2014)IV. (Haynes Aff., ¶5; Finnegan Aff., ¶5)*. Each has stated that, should he not be accorded the protective relief he seeks, great resources will be needlessly expended and he (and other

---

[1](...continued)
conferred on August 18, 2015 in an attempt to resolve the issue of whether Haynes or Finnegan will be required to appear at any scheduled deposition and have agreed that such issue might be resolved by this Court.

persons involved in the instant action) will be subject to unnecessary and undue burden.

This Court ruled on July 31, 2015 with respect to motions made by others asserting a Fifth Amendment privilege in connection with deposition subpoenae and notices. *[See Docket #2123, Memorandum Order, Boals, M.J. ("Privilege Memo and Order")]*.

In the Court's Privilege Memo and Order, the Court drew distinctions between some the Court named as "Insider Defendants", who had been indicted and those who had not been indicted. *Privilege Memo and Order, pp. 15-17.* The Court quashed the depositions of those who had been indicted but ruled that some potential, but unindicted defendants, would have to attend depositions and assert their Fifth Amendment privileges at the time each question was put to them. *Id.* At least one of such unindicted potential deponents did not work for NECC but worked for another entity.

## II. DISCUSSION

There can be virtually no reasonable debate as to whether Haynes and Finnegan are entitled to the protection of a privilege against compelled self incrimination. For the privilege to apply, questions and answers need not be directly incriminating, because even seemingly innocuous question might reasonably "tend to sculpt a rung in the ladder of evidence leading to prosecution". *Hoffman v. United States, 341 U.S. 479, 486 (1951); United States v.*

*Johnson, 488 F.2d 1206, 1209 (1st Cir.) (1973))*. Thus, testimony which might "lead indirectly to evidence that then could be used in a future criminal prosecution is eligible for Fifth Amendment protection." *United States v. Castro, 129 F.3d 226, 230 (1st Cir. 1997)*. "Every witness has a right, in any proceeding, civil or criminal, to refuse to answer a question unless it is perfectly clear, from a careful consideration of all the circumstances, that the testimony cannot possibly have a tendency to incriminate the witness". *Massachusetts Guide to Evidence, 2015 Edition, Article V., Privileges and Disqualifications, Section 511(b). SEC v. Druffner, 517 F. Supp. 2d 502, 510 (D. Mass. 2007).* See also *Malloy v. Hogan, 378 U.S. 1, 11 (1964); Commonwealth v. Lucien, 440 Mass. 658, 665 (2004).*

This Court acknowledged in its Privilege Memo and Order that, even apparently innocuous topics could be fraught with peril, such as testimony about chains of command and daily operations, as they might "furnish a link in the chain of evidence" in demonstrating knowledge of and participation in the conduct giving rise to the criminal case at hand. *Hoffman v. United States, 341 U.S. 479, 486 (1951)*. Haynes and Finnegan, both former pharmacy technicians at NECC, easily qualify for constitutional protection on the federal and state levels.[2]

---

[2]     The Fifth Amendment to the U.S. Constitution declares in
(continued...)

While it is true that, as a general proposition, the privilege against self-incrimination "cannot be invoked on a blanket basis" in civil cases, *Vazquez-Rijos v. Anhnag, 654 F.3d 122, 129 (1st Cir. 2011)*, and must be invoked in response to specific questions, *Id.*, "a blanket assertion of privilege [is permitted] in 'unusual cases' where "there is a reasonable basis for believing a danger to the witness might exist in answering any relevant question", *Privilege Memo and Order, P. 13*, especially where, "based on [a potential witness's] knowledge of the case and of the testimony expected from the witness, (the trial court) can conclude that the witness could 'legitimately refuse to answer essentially all relevant questions.'" *Id.* citing *United States v. Moore, 682 F.2d 853, 856 (9th Cir. 1982)*.   In the present situation, just such considerations bear upon a proper determination with respect to whether Haynes and Finnegan should be granted the relief they seek. They were employed by NECC as pharmacy technicians and presumably their knowledge would be quite pervasive.

Little, other than annoyance and unnecessary expenditure of time and resources, would be gained by compelling Haynes or Finnegan to testify in this case.   This Court clearly possesses

---

[2](...continued)
pertinent part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  Article 12 of the Massachusetts Declaration of Rights declares that "[n]o subject shall ... be compelled to accuse, or furnish evidence against himself."

both the power and the discretion to prevent this pointless
squandering of resources.  As this Court has also noted, courts
"may issue protective orders when appropriate.  Rule 26(c)(1)
provides that '[a] party or any person from whom discovery is
sought may move for a protective order in the court where the
action is pending. . . .  The court may, for good cause, issue an
order to protect a party or person from annoyance, embarrassment,
oppression, or undue burden or expense. . . .' *Fed. R. Civ. P.
26(c)(1).*  Rule 26 'confers broad discretion on the trial court to
decide when a protective order is appropriate and what degree of
protection is required.' *Seattle Times Co. v. Rhinehart, 467 U.S.
20, 36 (1984)*".

### III.   SUMMARY AND CONCLUSION

Haynes and Finnegan are proper candidates for this Court's
protection against the "annoyance, embarrassment, oppression, or
undue burden or expense" that would result should they be required
to appear and separately respond to questions put to them in a
deposition.  No legitimate advantage will be obtained by forcing
them to do so.  Their situation presents as one which falls within
the exception to the general rule countenancing presentation of
separate questions triggering repeated assertion of the
constitutional privileges against self incrimination; as Haynes and
Finnegan could "legitimately refuse to answer essentially all

6

relevant questions" put to them during any such depositions.

                              Stephen Haynes
                              Owen Finnegan
                              By Their Attorney,

                              _____/s/ Dennis R. Brown_____
                              DENNIS R. BROWN, BBO 059980
                              Dennis R. Brown, P.C.
                              869 Concord Street
                              Framingham, MA 01701
                              (781) 431-1340

DATED: September 4, 2015


## Certificate of Service

    I, Dennis R. Brown, hereby certify that on this 4th day,
September 2015, I caused a copy of the foregoing document, which
was filed using this Court's ECF system, to be served
electronically upon those parties registered to receive ECF
service.

                              _____/s/ Dennis R. Brown_____
                              Dennis R. Brown

X:\OWEN FINNEGAN\MOTION TO QUASH\Mem Mot  Quash Sub.wpd\1-6 E-Mail: dennis@drblaw.com

7