UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: All Cases | ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**TENNESSEE CLINIC DEFENDANTS' RESPONSE TO
JOINT MOTION OF STEPHEN HAYNES AND OWEN FINNEGAN
TO QUASH DEPOSITION SUBPOENA**

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, A Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC, and Donald Jones, MD (collectively "Tennessee Clinic Defendants") hereby respond to the *Joint Motion of Stephen Haynes and Owen Finnegan to Quash Deposition Subpoena*.

The Tennessee Clinic Defendants *oppose* the Motion. For their response, the Tennessee Clinic Defendants state:

1.      Stephen Haynes and Owen Finnegan are former NECC pharmacy technicians possessing information relevant to the Tennessee Clinic Defendants' defenses. Because they possess relevant information, the Tennessee Clinic Defendants served them with deposition subpoenas. Now, both move for protective orders, requesting that the Court bar the depositions.

2.     The Tennessee Clinic Defendants will not burden the Court with lengthy repetition of all the arguments already put forth in response to similar motions. The Court has already decided whether witnesses like Mr. Haynes and Mr. Finnegan deserve a protective order. At Dkt. 2123, the Court, when considering similar issues, distinguished deponents that have been indicted from those who have not been indicted, and found the latter category cannot meet the high burden to justify a protective order barring a deposition.[1]

3.     At Dkt. 2123, the Court held that unindicted deponents Lisa Conigliaro Cadden and Steven Higgins did not meet the high burden to justify the extraordinary relief of barring a deposition altogether. Specifically, the Court denied the requests for a protective order made by Ms. Conigliaro Cadden and Mr. Higgins. The Court reasoned that, as *unindicted* former employees, while they do not forfeit their Fifth Amendment right, "their request to bar their depositions altogether is weaker."[2]

4.     Steven Haynes and Owen Finnegan are **unindicted** former employees of NECC, no different than Lisa Conigliaro Cadden and Steven Higgins.

5.     The Joint Motion and affidavit testimony of Steven Haynes and Owen Finnegan in no way explain how they are different from Lisa Conigliaro Cadden and Steven Higgins. That is likely because they are no different, falling in the category of unindicted former employees who possess relevant knowledge, and who are subject to depositions under the reasoning of the Court's July 31, 2015, Order.

---

[1] *See* Dkt. 2123 at pg. 16-17.
[2] *See* Id.

Consistent with this Court's previous ruling, the Tennessee Clinic Defendants respectfully request the Court deny the *Joint Motion of Stephen Haynes and Owen Finnegan to Quash Deposition Subpoena*.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 8th day of September, 2015.

/s/ Chris J. Tardio

**Chris J. Tardio**