UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Actions | )<br>)<br>)<br>)   MDL No. 13-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

ORDER ON OMNIBUS MOTION TO COMPEL THE PSC TO RESPOND
TO DISCOVERY SERVED BY THE TENNESSEE CLINIC DEFENDANTS
AND MOTION TO DEEM REQUESTS ADMITTED
[Docket No. 1830]

September 8, 2015

Boal, M.J.

The Tennessee Clinic Defendants[1] have moved for an order (1) deeming certain requests for admissions admitted, or, in the alternative, requiring the Plaintiffs' Steering Committee ("PSC") to admit, deny or otherwise substantively respond to those requests for admissions; (2) compelling the PSC to respond to certain interrogatories; and (3) compelling the PSC to respond to certain requests for production of documents. Docket No. 1830. For the following reasons, the Court grants in part and denies in part the motion.

I.    BACKGROUND

On November 7, 2014, the Tennessee Clinic Defendants served the PSC with two sets[2] of requests for admissions, interrogatories, and requests for production. Docket No. 1830-1 at 2.

---

[1] The Tennessee Clinic Defendants refer to Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC.

[2] The Tennessee Clinic Defendants served two virtually identical sets of discovery requests, one on behalf of two separate sub-groups of defendants.

1

The PSC responded to these sets of discovery requests on December 23, 2014. <u>Id.</u>; Docket No. 1887 at 1.

On April 9, 2015, the Tennessee Clinic Defendants sent a meet and confer letter to the PSC, as they believed the PSC's responses were deficient in several respects. Docket No. 1830-19; Docket No. 1887 at 1. The parties were unable to resolve their disputes and, on May 7, 2015, the Tennessee Clinic Defendants filed the instant motion. Docket No. 1830. The PSC filed its opposition on May 26, 2015. Docket No. 1887. At the May 28, 2015 status conference, the parties stated that they did not believe that oral argument was necessary. The Court agrees and, accordingly, rules as follows.

II.     <u>ANALYSIS</u>

    A.     <u>Standard Of Review</u>

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." <u>Cartel Asset Mgmt. v. Ocwen Fin. Corp.</u>, No. 01-cv-01644, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing <u>United States ex rel. Schwartz v. TRW, Inc.</u>, 211 F.R.D. 388, 392 (C.D. Cal. 2002)). To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u> Rule 26(b)(1) generally permits liberal discovery of relevant information. <u>Baker v. Liggett Group, Inc.</u>, 132 F.R.D. 123, 125 (D. Mass. 1990). As the Supreme Court has instructed, because "discovery itself is designed to help define and clarify the issues," the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any

issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

There are limits, however, on the scope of discovery. A court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues. See Fed. R. Civ. P. 26(b)(2)(C).

B.   Requests For Admissions

The Tennessee Clinic Defendants argue that the PSC's responses to many of the requests for admissions ("RFAs") were deficient. First, they argue that the PSC should be compelled to answer all RFAs to which it objects on the basis that the RFA seeks a legal conclusion. Docket No. 1830-1 at 4-9. Second, they argue that the PSC should be compelled to respond to all RFAs to which it has stated that it lacks knowledge to admit or deny based on the information being in possession of third parties.[3] The Court disagrees.

1.   Legal Conclusions

Rule 36 of the Federal Rules of Civil Procedure allows a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters

---

[3] The Tennessee Clinic Defendants also argued that the PSC should be compelled to admit RFAs 95, 101 and 107, which asked the PSC to admit that Teva, Sandoz, and Pfizer manufactured methylprednisolone acetate ("MPA"). Docket No. 1830-1 at 15. The PSC has agreed to amend its response to these RFAs. Therefore, this portion of the motion is now moot. Docket No. 1887 at 13.

3

within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either . . ." Fed. R. Civ. P. 36(a)(1). Although the rule authorizes a party to serve a request for admission relating to the application of law to fact, a party may not seek an admission as to a pure conclusion of law. See, e.g., Perez v. Aircom Mgmt. Corp., Inc., No. 12-60322-CIV, 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013) (citations omitted). However, the distinction between a request seeking application of law to facts and a request impermissibly seeking a pure conclusion of law is not always easy to apply. Id. (citation omitted). In illustrating the distinction, one court has explained that RFAs:

> stating, for example, 'Plaintiff has failed to state a claim upon which relief may be granted,' clearly does not fit the mold cast by Rule 36, and requests for admission stating, for example, 'Plaintiff's claims are barred by the applicable statute of limitations and/or laches' and 'Defendant does not owe money to Plaintiff' are at least problematic due to their targeting of the ultimate legal question in the case.

Hunley v. Glencore Ltd., Inc., No. 3:10-CV-455, 2013 WL 4787187, at *1 (E.D. Tenn. Sept. 6, 2013) (citing United States v. Petroff-Kline, 557 F.3d 285, 293 (6th Cir. 2009)). Other examples of RFAs impermissibly seeking conclusions of law are:

- RFA stating "that for three years plaintiff was given a reasonable accommodation to take his kosher meals back to his cell." Garcia v. Clark, No. 1:10-CV00447-LJO-DLB PC, 2012 WL 1232315, at *11 (E.D. Cal. Apr. 12, 2012);

- RFAs seeking admissions pertaining to the "medical standard" of care in California. Bovarie v. Schwarzennegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011);

- RFAs asking plaintiffs to admit whether or not various things were required by the ADA, the Rehabilitation Act, and the FTA regulations and guidelines. Disability Rights

4

   Council of Greater Washington v. Washington Metro. Area Transit Auth., 234 F.R.D. 1, 3-4 (D.D.C. 2006); and

- RFA seeking the defendant's admission that she was a "public figure" as defined in the case law and that a specific contract required certain actions by the defendant. Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999).

Based on the foregoing, the Court denies the Tennessee Clinic Defendants' motion with respect to the following RFAs as they impermissibly seek legal conclusions:

- RFAs seeking admissions regarding duty, breach, and causation: RFAs Nos. 4-18, 23-24, 26-28, 75-78.

- RFAs seeking admissions regarding public agencies' duties to the Plaintiffs: RFAs Nos. 26-28, 31, 74, 76-79, 90-92.

- RFA No. 29, seeking an admission that NECC violated the FDA's compliance guide.

- RFAs requesting the application of the standard of care, or whether a specific act was reasonably foreseeable based on the case-specific facts: RFAs Nos. 20, 125, 130.

  2. Information In The Possession Of Third Parties

"Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 42 (S.D.N.Y. 1997) (citations omitted). Therefore, RFAs should not be used to ask the party to admit facts of which it has no special knowledge. K.C.R. v. Cnty. of Los Angeles, No. CV 13-3806 PSG (SSx), 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014) (citation omitted).

"The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).  "What constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." T.Rowe Price Small-Cap Fund, 174 F.R.D. at 43.  Generally, a reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control.  Id.

Having reviewed the PSC's responses to the RFAs identified by the Tennessee Clinic Defendants in this category, the Court finds that the PSC's answers that it "made reasonable inquiry regarding the matters stated in this request, and the information known or readily obtainable by the Plaintiffs' counsel is insufficient to enable the Plaintiffs' Counsel to admit or deny this request" is sufficient under the circumstances.  See, e.g., PSC's Response to RFA 47.  Many of these requests would require the PSC to conduct extensive discovery of third parties before it would be in a position to admit or deny such requests.  For example, many of the requests improperly demand that the PSC admit or deny that an event did not take place or that a third party did not take a certain action.  See, e.g., RFA 84 ("Between 2002 and 2004, the Mass. BoP received complaints from the boards of pharmacy for the states of Texas, South Dakota, Iowa, and Wisconsin reporting that NECC was illegally soliciting out-of-state prescriptions for office use, but the Mass. BoP allowed NECC to continue to compound medications.").  Accordingly, the Court denies the Tennessee Clinic Defendants' motion with respect to RFAs 21-22, 34, 47, 49, 51, 53-57, 60-65, 69-72, 81-89, 94, 108, 110, 114-125, 127, 131-140.

### C. Interrogatories And Requests For Production

#### 1. Factual Basis For Denial Of RFAs

Interrogatory No. 1 and Request for Production No. 1 ask the PSC to provide the factual basis for any denials or qualifications of admissions to RFAs. See Docket No. 1830-1 at 15. The Tennessee Clinic Defendants also argue that the PSC should be compelled to identify the factual basis for its denials for RFAs 1-2, 39, 41, 66, 67, 107, and 113. Id. The PSC has agreed to amend its response to RFAs 39, 41, 67, and 113 to include substantive responses for its denial. Docket No. 1887 at 13. The Court agrees that the basis for the PSC's denial regarding RFA 66 is contained within the response. Id. The PSC has agreed to admit RFA 107 and therefore this request is moot. Id. Accordingly, the motion is denied with respect to RFAs 39, 41, 66, 67, 107 and 113. However, the Court finds that the PSC should explain its denial of RFAs 1 and 2. Accordingly, the PSC shall answer Interrogatory No. 1 with respect to its denial of RFAs 1 and 2. The Court declines to compel the PSC, however, to produce documents responsive to Request for Production No. 1.

#### 2. Interrogatory No. 4

Interrogatory No. 4 requests that the PSC "[p]rovide the information required by Federal Rule of Civil Procedure 26(a)(1) for the Plaintiffs' claims against the following parties" and lists fourteen parties, including NECC and defendants affiliated with NECC. Docket No. 1830-17 at 6. The interrogatory requests this information "even if those claims have been settled or are currently the subject of settlement discussions." Id. The PSC responded as follows:

> Objection. This Interrogatory is overly broad, unduly burdensome, vague and calls for the production of information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the PSC states that Rule 26(a)(1) is limited to the information a party "may use to supports [sic] its claims or defenses" against a party. Since claims against the foregoing parties have settled or otherwise resolved, the PSC at this time does not intend to

>use any such information and will continue to rely on the previously produced Plaintiffs' Steering Committee's Common Initial Disclosures for Cases Pending Against Tennessee Clinics (and any supplementation thereof) to identify the information required by Rule 26(a)(1), and to the extent necessary those disclosures are incorporated herein by reference.

Docket No. 1830-17 at 6-7.

The PSC is correct that Rule 26(a)(1) requires only the disclosure of information that a party may use at trial. Columbia Data Prods., Inc. v. Autonomy Corp. Ltd., No. 11-12077-NMG, 2012 WL 6212898, at *2 (D. Mass. Dec. 12, 2012); see also Gomas v. City of New York, No. 07-CV-4179 (ARR), 2009 WL 962701, at *2 (E.D.N.Y. Apr. 8, 2009) (noting that issue for purposes of automatic disclosure rule is not whether the information is discoverable, but whether a party may use it to support its claims or defenses). As the PSC has stated that it does not intend to use any documents or witnesses from these entities at trial against the Tennessee Clinic Defendants, the PSC has answered the interrogatory as written. To the extent that the Tennessee Clinic Defendants are arguing that the interrogatory seeks the information that the PSC would have used at trial were it trying its claims against the named entities, the Court finds the interrogatory is unduly burdensome.

    3.    <u>Interrogatory No. 10</u>

Interrogatory No. 10 requests that the PSC "identify and describe in detail the factual basis for the allegation that 'GDC maintained a high degree of control over the premises leased by NECC.'" Docket No. 1830-17 at 10. The PSC explained that this allegation appears in the complaint as a result of the GDC's potential liability under a joint enterprise liability theory and is not relevant to any claims against the Saint Thomas Clinic Defendants and "has no meaningful impact on any comparative fault defense." <u>Id.</u> The PSC's answer is sufficient.

   4.  <u>Requests For Production Nos. 3, 5, 6, And 8</u>

  The Tennessee Clinic Defendants seek an order compelling the PSC to produce documents responsive to Requests Nos. 3, 5, 6, and 8.  First, the Court notes that the Tennessee Clinic Defendants' argument with respect to these requests has not been developed.  Docket No. 1830-1 at 17-18.  <u>See</u> <u>Redondo-Borges v. United States Dep't of Housing and Urban Dev.</u>, 421 F.3d 1, 6 (1st Cir. 2005) (citation omitted) ("Few principles are more sacrosanct in this circuit than the principle that 'issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'").

  Furthermore, the Court notes that many of these requests appear to seek information that is protected by the District Court's Mediation Order.  The Mediation Order prohibits the disclosure of any information produced or exchanged in connection with the mediation.  Docket No. 394 at 6-7.  Accordingly, the Court finds that the Tennessee Clinic Defendants have failed to show that the PSC's responses to these requests are inadequate and denies the motion with respect to these requests.

   5.  <u>Contention Interrogatories</u>

  The PSC objected to Interrogatories Nos. 2, 3, 8, 11, and 13 on the grounds, <u>inter alia</u>, that they are contention interrogatories and should not be answered until the end of discovery.  <u>See</u> Docket No. 1887 at 19-20.  Contention interrogatories ask a party to state its contentions, to provide the factual basis for a claim, or to explain how the law applies to a factual basis.  <u>Hypertherm, Inc. v. Am. Torch Tip Co.</u>, No. 05-cv-373-JD, 2008 WL 5423833 at *2 (D.N.H. Dec. 29, 2008).  Contention interrogatories are a perfectly permissible form of discovery and a response is required.  <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 33(a)(2).  However, the Court "may order that

the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

First, the Court finds that Interrogatory No. 2, which asks whether the PSC knows of any customer of NECC who performed the due diligence that the complaint alleges was required, is not a contention interrogatory. Rather, it seeks factual information. The PSC is ordered to answer the interrogatory at this time.[4]

With respect to the timing of answering contention interrogatories, the Court finds that the PSC should also answer those interrogatories now. Several months have passed since the original service of these interrogatories and the original fact discovery deadline set by the Court has now passed. Accordingly, the Court orders the PSC to answer Interrogatories Nos. 3, 8, 11, and 13.

  6. <u>Interrogatories Nos. 5 & 7</u>

Finally, the Tennessee Clinic Defendants have moved to compel the PSC to answer Interrogatories Nos. 5 and 7. Docket No. 1830-1 at 19-20. The PSC has agreed to supplement its responses to these requests. Docket No. 1887 at 20. Accordingly, the Court denies the motion without prejudice as it relates to these two interrogatories.

---

[4] Although not addressed in the motion papers, the PSC also objected to this interrogatory on the grounds that it seeks to obtain information from consulting experts or information protected by the work product doctrine. Docket No. 1830-17 at 5. To the extent that the PSC still maintains those objections, they are overruled.

III.	ORDER

For the foregoing reasons, this Court grants in part and denies in part the Tennessee Clinic Defendants' motion to compel.  The PSC shall provide any discovery compelled by this order within two weeks.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge
