**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

## STIPULATION AND AGREED ORDER

This stipulation and agreed order (the "Stipulation and Order") is entered into by, between and among (i) Paul D. Moore, in his capacity as chapter 11 trustee (the "Trustee") of New England Compounding Pharmacy, Inc. ("NECC"); (ii) the Official Committee of Unsecured Creditors of NECC (the "Official Committee", and together with the Trustee, the "Plan Proponents"); and (iii) the other parties signatory hereto (each a "Stipulation Counterparty" and, collectively, the "Stipulation Counterparties"). The Trustee, the Official Committee and the Stipulation Counterparties (each a "Stipulator" and collectively, the "Stipulators") hereby stipulate and agree as follows:

WHEREAS, on December 21, 2012, NECC filed a petition in the United States Bankruptcy Court for the District of Massachusetts (this "Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [Dkt. No. 1];

WHEREAS, on December 3, 2014, the Plan Proponents filed the *Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1054] and the *Disclosure Statement for the Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1053] (as amended at Docket No. 1162, the "Disclosure Statement").

WHEREAS, on February 22, 2015, the Plan Proponents filed the *First Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1154] (as may be amended, the "Plan"),[1].

WHEREAS, on March 3, 2015, this Court entered the *Order (I) Approving the Adequacy of the Amended Joint Disclosure Statement; (II) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Plan Proponents' First Amended Joint Plan of Reorganization; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; (IV) Scheduling Certain Dates with Respect Thereto; and (V) Granting Related Relief* [Dkt. No. 1181] (the "Disclosure Statement Order").

WHEREAS, the Stipulators intend this Stipulation and Agreed Order to be, upon approval of the Court, a resolution of the objections of the Stipulation Counterparties to confirmation of the Plan and any issues attendant thereto.

NOW, THEREFORE, in consideration of the foregoing and of the mutual promises hereinafter set forth and for other good cause and valuable consideration, the receipt of which is hereby acknowledged, IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1.     Amendment of Plan. As promptly as is reasonably practicable following (i) execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties; and (ii) entry by this Court of this Stipulation and Agreed Order, the Plan Proponents shall amend the Plan to (i) contain the language set forth in Exhibit A hereto (the Plan, as amended, the "Amended Plan") and (ii) include UniFirst (as defined in the Plan) among the Non-Insurer Contributing Parties. At the hearing to consider confirmation of the Amended Plan, the Plan Proponents shall request that the Bankruptcy Court find that such

---

[1] Capitalized terms used but not defined in this Stipulation and Agreed Order have the meaning set forth in the Plan.

amendment is non-material and, therefore, does not require the Plan Proponents to resolicit acceptances or rejections of the Plan or Amended Plan, as applicable.

2. **Stipulation Counterparties Support the Plan.** Each Stipulation Counterparty signatory to this Stipulation and Agreed Order, so long as its vote has been properly solicited pursuant to sections 1125 and 1126 of the Bankruptcy Code, shall timely vote any and all Claims (to the extent filed) that it is entitled to vote, now or hereafter beneficially owned by such Stipulation Counterparty (subject to Section 3 hereof), to accept the Plan in accordance with the applicable procedures set forth in the solicitation materials accompanying the Plan, and timely return a duly executed ballot in connection therewith. Each Stipulation Counterparty signatory to this Stipulation and Agreed Order shall unconditionally, without reservation, and in all respects, support and not object to the Plan and/or the Amended Plan. Upon the effective date of the Stipulation and Agreed Order, each Stipulation Counterparty signatory to this Stipulation and Agreed Order shall promptly withdraw any objection to, or any other pleading in opposition to, the Plan and/or the Amended Plan.

3. **Waiver and Release of Claims.** Upon the Effective Date (as defined in the Plan), each Stipulation Counterparty shall be deemed to have waived and released any and all of his, her, or its Claims against the Debtor or any Non-Insurer Contributing Party, including, without limitation, any and all claims for contribution or indemnity against the Debtor or any Non-Insurer Contributing Party; provided, however, that such waiver and release shall not affect the rights or standing of any Stipulation Counterparty to enforce their rights and remedies under the Amended Plan (including, without limitation, their rights to assert comparative fault defenses as set forth in the Amended Plan).

3

4.    **Conditions to Effectiveness of Stipulation.** This Stipulation and Agreed Order shall become effective upon (i) execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties; and (ii) entry by this Court of this Stipulation and Agreed Order; provided, however, that the Stipulation Counterparties' obligations contained in Section 2 hereof (Stipulation Counterparties Support the Plan) shall become effective immediately upon execution of the Stipulation and Agreed Order by the Trustee, the Official Committee, and the Stipulation Counterparties.

5.    **Successors and Assigns.** This Stipulation and Agreed Order shall be binding upon and inure to the benefit of the Stipulators hereto, their respective heirs, agents, assigns and successors.

6.    **Binding Effect.** The Stipulators' respective rights, obligations, remedies and protections provided for in this Stipulation and Agreed Order shall survive the conversion, dismissal or closing of this Chapter 11 Case or the appointment of a chapter 7 trustee therein.

7.    **No Admission.** Neither the execution nor delivery of this Stipulation and Agreed Order shall constitute an admission of any wrongdoing or liability whatsoever on the part of any of the Stipulators.

8.    **Further Assurances.** The Stipulators hereby agree promptly to execute and deliver any and all such further instruments and documents and to take all such further actions as may be reasonably required by the other Stipulators to effectuate the terms and conditions of this Stipulation.

9.    **Construction.** No Stipulator shall be deemed the drafter of this Stipulation and Agreed Order. The headings herein are solely for the convenience of the Stipulators and do not form a substantive part of this Stipulation. If any term or other provision of this Stipulation is

4

finally held by a court having competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of law, equity or public policy: (i) said term or other provision shall be enforced to the maximum extent allowed and/or construed in order to effect the intent of the Stipulators as closely as possible; and (ii) all other conditions and provisions of this Stipulation not otherwise affected shall nevertheless remain in full force and effect.

10. **Entire Agreement.** This Stipulation and Agreed Order constitutes the entire agreement and understanding among the Stipulators with respect to the subject matter of this Stipulation and Agreed Order, sets forth all terms and conditions of this Stipulation and Agreed Order, and cancels and supersedes any and all prior agreements, representations and/or understandings, whether written or oral, among the Stipulators relating to the subject matter of this Stipulation and Agreed Order. Further, neither this Stipulation and Agreed Order nor any terms hereof may be amended, changed, waived or discharged unless such amendment, change, waiver or discharge is in a writing signed by the Stipulator against whom enforcement is sought.

11. **Representation by Counsel.** The Stipulators acknowledge the benefit of professional advice rendered by legal counsel of their own selection prior to entering into this Stipulation and Agreed Order. The Stipulators further acknowledge that they have had a sufficient opportunity to discuss and review this Stipulation and Agreed Order with their attorneys and fully understand and agree to the terms set forth herein.

12. **Costs.** Each Stipulator shall bear its own costs and expenses in connection with entering into this Stipulation and Agreed Order, including legal fees and expenses.

13. **Counterparts.** This Stipulation and Agreed Order may be executed in counterparts. Each counterpart shall be deemed an original. All counterparts shall constitute a

5

single agreement.  A facsimile or electronic .PDF file of a signed copy of the Stipulation and

Agreed Order shall serve as an original executed copy for all purposes.

*[Remainder of this page intentionally left blank]*

IT IS SO ORDERED this 19th day of May, 2015.

The Honorable Henry J. Boroff
United States Bankruptcy Judge

[Signature pages follow]

7

**IN WITNESS WHEREOF**, the Stipulators have signed this Stipulation and Agreed Order as of the day and year specified below:

Date: May 4, 2015

By: _____

Paul D. Moore, in his capacity as Chapter 11
Trustee of New England Compounding
Pharmacy, Inc., d/b/a New England
Compounding Center, and not individually

*[Signature Page to Stipulation and Agreed Order]*

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF NEW ENGLAND
COMPOUNDING PHARMACY, INC.

Date: 4 May 2015

By:

William R. Baldiga, Esq. (BBO #542125)
Kiersten A. Taylor, Esq. (BBO #681906)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

and

David J. Molton, Esq. (admitted *pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

*[Signature Page to Stipulation and Agreed Order]*

AMBULATORY CARE CENTERS, LLC

Date: 5/4/2015

By:

Andrew C. Ozete IN# 19512-82
BAMBERGER, FOREMAN, OSWALD & HAHN, LLP
20 NW 4th Street, 7th Floor, P. O. Box 657
Evansville, IN 47704-0657
Telephone: (812) 425-1591
Facsimile: (812) 421-4936
Email: aozete@bamberger.com

*[Signature Page to Stipulation and Agreed Order]*

TRI-STATE ORTHOPAEDIC SURGEONS, INC.

Date: _May 4, 2015_

By: _____

Michael E. O'Neill, Esq. (IN# 16159-45)
O'Neill McFadden & Willett LLP
833 West Lincoln Highway, Suite 410W
Schererville, IN 46375
Phone: (219) 322-0450
Fax: (219) 322-0455
moneill@omwlegal.com

11

**IN WITNESS WHEREOF**, the Stipulators have signed this Stipulation and Agreed Order as of the day and year specified below:

PAUL D. MOORE, CHAPTER 11 TRUSTEE

Date: _May 1, 2015_

By: _Michael R. Lastowski_

Michael R. Lastowski, Esq. (admitted *pro hac vice*)
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
mlastowski@duanemorris.com

*[Signature Page to Stipulation and Agreed Order]*

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF NEW ENGLAND
COMPOUNDING PHARMACY, INC.

Date: 5/11/15

By: _____
William R. Baldiga, Esq. (BBO #542125)
Kiersten A. Taylor, Esq. (BBO #681906)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
ktaylor@brownrudnick.com

and

David J. Molton, Esq. (admitted *pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

*[Signature Page to Stipulation and Agreed Order]*

SAINT THOMAS OUTPATIENT NEUROSURGICAL
CENTER, LLC; HOWELL ALLEN CLINIC, A
PROFESSIONAL CORPORATION; JOHN
CULCLASURE, MD; DEBRA SCHAMBERG, RN,
CNOR; VAUGHAN ALLEN, MD; SPECIALTY
SURGERY CENTER, CROSSVILLE, PLLC; KENNETH
R. LISTER, MD; KENNETH LISTER, MD, PC; AND
DONALD E. JONES, MD.

Date: 5/1/15

By:

Chris J. Tardio, Esq.
GIDEON, COOPER & ESSARY, PLC
315 Deaderick Street
Suite 1100
Nashville, TN 37238
Telephone: (615) 254-0400
Facsimile: (615) 254-0459

*[Signature Page to Stipulation and Agreed Order]*

MMIC INSURANCE, INC.;MEDICAL ADVANCED
PAIN SPECIALISTS, P.A.; MINNESOTA SURGERY
CENTER

Date: _MAY 1, 2015_

By: _____

Peter Nils Baylor
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 439-2390
Facsimile: (617) 310-9390

*[Signature Page to Stipulation and Agreed Order]*

SAINT THOMAS WEST HOSPITAL, F/K/A ST.
THOMAS HOSPITAL; SAINT THOMAS NETWORK;
SAINT THOMAS HEALTH; ASCENSION HEALTH;
ASCENSION HEALTH ALLIANCE; ASCENSION
HEALTH RESOURCES & SUPPLY MANAGEMENT
GROUP, LLC; AND ST. MARY'S HEALTH, INC.,
F/K/A ST. MARY'S MEDICAL CENTER OF
EVANSVILLE, INC.

Date: _____May 1, 2015_____

By: _____William Greendyke_____

William R. Greendyke (admitted *pro hac vice*)
Texas State Bar No. 08390450
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651 5246

*[Signature Page to Stipulation and Agreed Order]*

PREMIER ORTHOPAEDIC AND SPORTS
MEDICINE ASSOCIATES OF SOUTHERN NEW
JERSEY, LLC, TRADING AS PREMIER
ORTHOPAEDIC ASSOCIATES, PREMIER
ORTHOPAEDIC ASSOCIATES SURGICAL
CENTER, LLC, AND KIMBERLEY YVETTE
SMITH, M.D., A/K/A KIMBERLEY YVETTE
SMITH-MARTIN, M.D., RHAUL SHAH, M.D.,
THOMAS DWYER, M.D., RICHARD C.
DIVERNIERO, M.D., JOHN CATALANO, M.D.,
JEFFREY STRAUSS, M.D.

Date:_____5/1/15_____

By:_____
Christopher M. Wolk, Esq.
BLUMBERG & WOLK, LLC
158 Delaware Street
Woodbury New Jersey 08080
Telephone: (856) 848-7472
Facsimile: (856) 848-8012

*[Signature Page to Stipulation and Agreed Order]*

NITESH BHAGAT, MD; REGIONAL
DIAGNOSTIC IMAGING, LLC; VANNETTE
PERKINS, MD; PROFESSIONAL PAIN
MANAGEMENT ASSOCIATES

Date: May 1, 2015

By:

Joseph R. Lang, Esq.
LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY,
LANG & CASEY, LLC
136 Franklin Corner Road
Unit B2
Lawrenceville, NJ 08648
Telephone: (609) 896-2000
Facsimile: (609) 895-1693

*[Signature Page to Stipulation and Agreed Order]*

DOUGLAS AND CARLA CONIGLIARO

Date: May 1, 2015

By:

John J. Monaghan, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
Telephone: 617-523-2700
Facsimile: 617-523-6850

# EXHIBIT A

The release and injunction provisions of this Plan, specifically those in sections 10.05 and 10.06 of this Plan, shall not be deemed to abrogate any defense based upon comparative fault that may be available under applicable state law to Persons or Entities signatory to the Stipulation and Agreed Order dated May 1, 2015 [Dkt. No. ___], or any supplements thereto, and named as defendants in lawsuits arising from the actual or alleged design, formulation, compounding, production, labeling, testing, marketing, advertising, supply, dispensing, sale, shipment, distribution or administration of injectable methylprednisolone acetate or any other drugs or products compounded, produced, sold or distributed by NECC. The release and injunction provisions shall not preclude any such Person or Entity from naming the Debtor and/or the Tort Trust, as successor in interest to claims against the Debtor and/or the applicable Non-Insurer Contributing Party(ies), as a party to the applicable proceeding, for the sole purpose of apportioning liability or otherwise securing a reduction in liability on account of the Debtor's, such Non-Insurer Contributing Party(ies)'s, or the Tort Trust's, as successor in interest to claims against the Debtor and/or the applicable Non-Insurer Contributing Party(ies), comparative fault, subject to and expressly conditioned on the satisfaction of the following conditions:

1. Neither Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, nor any such Non-Insurer Contributing Party, nor the Tort Trustee shall be named as a party in any such proceeding.

2. Neither the Debtor, nor Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, nor any such Non-Insurer Contributing Party, nor the Tort Trust, nor the Tort Trustee shall be required to enter an appearance in any such proceeding.

3. No judgment requiring the Debtor, Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, any such Non-Insurer Contributing Party, the Tort Trust, or the Tort Trustee to pay a damages award will be sought or entered against NECC, any such Non-Insurer Contributing Party, Paul D. Moore as the duly appointed Chapter 11 Trustee of NECC in the above-captioned bankruptcy case or the Post-Confirmation Officer, the Tort Trust, or the Tort Trustee in any such proceeding, but, if otherwise permitted by applicable state law, an affirmative defense asserting the comparative fault of the Debtor or any such Non-Insurer Contributing Party, may be asserted.

4. So long as permitted by applicable state law, any allocation of fault to NECC or any such Non-Insurer Contributing Party shall only be for purposes of reducing such Person or Entity's potential liability pursuant to the principles of comparative fault, and shall not be given preclusive effect, nor any effect whatsoever, other than to reduce such Person or Entity's liability.

5. Such relief shall be solely to permit such Persons or Entities to assert and prove any right they may have to reduce their potential liability pursuant to the principles of comparative fault, and not to permit, or otherwise authorize, such Persons or Entities

to pursue the prosecution of any claims for affirmative or other relief against the Debtor, Paul D. Moore, as the duly appointed Chapter 11 Trustee of NECC in the Bankruptcy Case or the Post-Confirmation Officer, any such Non-Insurer Contributing Party, the Tort Trust, or the Tort Trustee, in such tort cases.

Further, the approval of the Plan and the releases and injunctions contained therein or entered pursuant thereto shall not be construed as precluding any Person or Entity from enforcing any judgment reduction, credit, or setoff rights otherwise available to it under applicable law for reduction of damages that may be assessed against any party not a Contributing Party or a Shareholder and Affiliate Released Party in connection with any lawsuit arising from the actual or alleged design, formulation, compounding, production, labeling, testing, marketing, advertising, supply, dispensing, sale, shipment, distribution or administration of injectable methylprednisolone acetate or any other drugs or products compounded, produced, sold or distributed by NECC.