# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All Suits Against the Saint Thomas Entities ) <br> _____ ) | MDL No. 2419 <br> Dkt. No. 1:13-md-2419 (RWZ) |

### BARRY J. CADDEN'S RESPONSES TO SAINT THOMAS ENTITIES' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure and Local Rules 33.1, 34.1 and 36.1, defendant Barry J. Cadden ("Cadden" or "Defendant") hereby submits the following objections and responses to Defendants, Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network's (collectively the "Saint Thomas Entities") Interrogatories, Requests for Production, and Requests for Admission.

### GENERAL OBJECTIONS

1.      Defendant objects to these discovery requests to the extent they seek the production of information protected from disclosure by the attorney-client privilege and/or work product doctrine.

2.      Defendant objects to these discovery requests to the extent they seek to impose a burden in excess of that allowed by the Federal Rules of Civil Procedure.

3.      Defendant objects to these discovery requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or seek irrelevant information.

4.      Defendant objects to these discovery requests to the extent that they seek information that is confidential and/or protected by HIPAA and/or other state and/or federal law.

5.      Defendant objects to these discovery requests to the extent that they seek information that is confidential and/or competitive business information.

6.      Defendant objects to these discovery requests to the extent the requests exceed the scope of discovery in this case by seeking information unrelated to comparative negligence.

Defendant reserves the right to modify and/or supplement these Responses, including but not limited to the General Objections and Responses and Objections to Requests for Admission, Interrogatories, and Requests for Production.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  You were an owner, director, president and head pharmacist of NECC.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 2:**  For the year 2012, you, Gregory Conigliaro, Carla Conigliaro, and Lisa Conigliaro Cadden comprised the entire board of directors of NECC and owned 100% of its equity

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 3:**  You were an owner, director, and treasurer of MSM.

2

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 4:**  You trained and instructed MSM sales representatives.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 5:**  You were a founder and manager of Ameridose.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 6:**  You were involved in Ameridose's day-to-day operations in 2012.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 7:**  In 2012, NECC and/or MSM salespersons recommended Ameridose to customers who sought compounded drugs that NECC did not have available

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 8:**  NECC distributed lots of MPA before receiving the results of sterility testing.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 9:**  NECC distributed compounded products directly to facilities for use on patients without requiring a prescription for each dose.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 10:**  As head pharmacist, you were responsible for NECC complying with all MBP rules and regulations.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 11:**  You represented to the FDA and MBP that NECC only dispensed drugs upon receipt of valid, patient-specific prescriptions.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 12:**  You instructed MSM employees to inform customers that NECC would not include patients' names on the labels affixed to any product compounded and sold by NECC.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 13:**  You used, caused others to use, and/or approved the use of expired ingredients in the compounding of sterile drugs at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 14:**  You permitted an unlicensed pharmacy technician to use your identifying information to deceive regulators so he could work at NECC, including in NECC clean rooms.

**RESPONSE:**

4

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 15:**  Between 2004 and the present, you completed, caused others to complete, or approved completion of written documentation with fictitious expiration dates for products compounded at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 16:**  In 2012, you did not re-evaluate NECC's practices and procedures as required by USP Chapter 797 after you were notified of action-level sampling hits following air sampling performed in at least one cleanroom at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify and describe each and every business entity for which you have acted as an officer, director, manager, and/or board member from 2008 to present, and for each business entity, identify and describe the position(s) you hold/have held and the dates in which you held that position.

**ANSWER:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 2:**  Identify and describe each and every business entity in which you have had an ownership interest from 2008 to the present, and for each such business entity, identify the percentage(s) and date(s) of ownership.

**ANSWER:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

5

**INTERROGATORY NO. 3:** Identify and describe your positions, roles and responsibilities with NECC, Ameridose, Alaunus, and MSM from 2008 to the present.

**ANSWER:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 4:** Identify the persons between 2008 and 2012 who were responsible at NECC for each of the following tasks:

> a. monitoring the air pressure in the NECC clean rooms and taking corrective actions if needed;
>
> b. maintaining compliance with USP Chapter 797 with respect to compounding medications;
>
> c. cleaning and disinfecting the NECC clean rooms and equipment therein; and
>
> d. training or ensuring that NECC pharmacists and technicians were properly trained on how to maintain a sterile environment for compounding sterile, injectable drugs.

**ANSWER:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 5:** Identify the person or persons most knowledgeable about the procedures or work flow used by NECC pharmacists to compound MPA.

**ANSWER:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 6:** Identify every person who compounded MPA at the NECC facility at any point in time between 2011 and 2012.

**ANSWER:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents referring or relating to the use of expired or expiring ingredients in any product compounded or manufactured by NECC

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 2:** All documents referring or relating to the failure of any product compounded or manufactured by NECC to meet USP standards and/or guidelines

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 3:** All documents referring or relating to any contaminated product(s), drug(s), compound(s), and/or pharmaceutical(s), which were compounded by NECC

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 4:** All documents referring or relating to the 2012 recall of MPA compounded by NECC.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 5:** All documents referring or relating to any actual or proposed regulatory inspection of NECC, Ameridose, or Alaunus.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 6:**  All documents referring or relating to any actual or proposed customer inspection of NECC, Ameridose, or Alaunus.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 7:**  Each NECC, Ameridose and MSM marketing document, including without limitation marketing materials discussing USP Chapter797 compliance, environmental monitoring programs, and end-product testing.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 8:**  All Quality Assurance Report Cards.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 9:**  All policies, procedures and training documents, referring or relating to the compounding of MPA at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 10:**  All policies, procedures and training documents referring or relating to the use of clean rooms at the NECC facility, including gowning procedures, use of gloves, use of "tacky mats," and the like.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 11:**  All documents referring or relating to the use of fictitious, false or altered expiration dates for products compounded by NECC.

**RESPONSE:**

8

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 12:** All documents referring  or  relating  to  the mixing of stock solutions of different drug lots to fill customer  orders  for  products compounded by NECC.

**RESPONSE:**
Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 13:** All documents referring or  relating  to the shipment of any product compounded by NECC that was never tested for sterility or for which sterility test results had not yet been received at the time the product was shipped.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 14:** All documents  referring  or  relating  to any investigation of contamination in any cleanroom at the NECC facility and/or any product compounded by NECC.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 15:** All documents referring  or relating to your representation(s) to the FDA and MBP that NECC dispensed drugs  only upon  receipt of valid, patient-specific prescriptions

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 16:** All documents referring or relating  to dispensing drugs based on customer patient lists

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including

those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 17:** All documents referring or relating to creating prescriptions based on customer patient lists.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 18:** All documents referring or relating to the number of doses of a prescription to allocate to each person on a patient list submitted by a customer.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 19:** All documents referring or relating to employees who were reprimanded, counseled or terminated in connection with compounding problems, errors or contamination.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 20:** All documents referring or relating to complaints or communications with UniFirst regarding the cleaning services it performed for NECC or Ameridose.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 21:** All documents referring or relating to complaints or communications with Liberty regarding the design, manufacture or installation of the clean rooms at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 22:** All documents referring or relating to complaints or communications with Victory regarding the design, manufacture or installation of the clean rooms at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 23:** All documents referring or relating to complaints or communications with ARL regarding the testing services it performed on product compounded at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 24:** All documents referring or relating to the design, installation or use of the pass-thru "box" referenced in Exhibit "A."

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 25:** All documents referring or relating to the installation of a conveyor belt at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 26:** All documents referring or relating to complaints or repair requests concerning the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 27:** All discovery obtained from non-parties to the Litigation, whether through formal or informal discovery requests.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 28:** All documents discussing or analyzing the different types of business conducted by NECC versus Ameridose.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 29:**
All documents referring or relating to safety concerns over any product being compounded at the NECC facility.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 30:** All documents referring or relating to the revocation or potential revocation of your pharmacist license.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 31:** All documents referring or relating to the mislabeling or misbranding of any NECC or Ameridose product.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 32:** All documents referring or relating to the 12.5 liter stock lots of preservative-free MPA 80 mg/ml with lot numbers 05212012@68, 06292012@26, and/or 08102012@51. In particular, produce all documents referring or relating to compounding, sterilizing or attempting to sterilize, testing, labeling, and/or shipping such lots or vials containing MPA from such lots.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 33:** All documents referring or relating to the creation of prescriptions at the NECC facility by NECC or Ameridose.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 34:** All documents referring or relating to the use of fictitious, false or altered patient names in connection with any product compounded and/or manufactured by NECC and/or Ameridose.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 35:** Please produce all documents referring or relating to any boiler leaks.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 36:** All documents referring or relating to the use of unlicensed pharmacists or technicians to compound medications.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 37:** All documents referring or relating to the failure of any pharmacist or technician to compound medications in accordance with USP Chapter 797, including without limitation keeping MPA in an autoclave for the proper amount of time.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including

those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 38:** All documents referring or relating to whether a particular customer, order, client, or product should be compounded, filled, processed, assigned or sold by and/or through Ameridose versus NECC.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 39:** All documents referring or relating to the relationship between Ameridose and NECC, including without limitation joint marketing efforts, joint e-mail and computer systems, sharing of employees or management, and sharing of office space or clean rooms.

**RESPONSE:**

Mr. Cadden declines to answer on the basis of his constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

By his attorneys,

Bruce A. Singal (BBO #464420)
Michelle R. Peirce (BBO #557316)
Callan G. Stein (BBO#670569)

DONOGHUE BARRETT & SINGAL, P.C.
One Beacon Street
Suite 1320
Boston, MA 02108-3133
617-720-5090
Fax: 617-720-5092
mpeirce@dbslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2015 a true and accurate copy of the foregoing was served on Sarah P. Kelly at Nutter McClennan & Fish LLP, Seaport West, 155 Seaport Boulevard Boston, MA 02210 and skelly@nutter.com by U.S. mail and electronic mail.

_____ */s/ Michelle Peirce* _____
Michelle Peirce

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| All Suits Against the Saint Thomas Entities | ) ) |

MDL No. 2419
Dkt. No. 1:13-md-2419 (RWZ)

## LISA CONIGLIARO CADDEN'S RESPONSES TO SAINT THOMAS ENTITIES' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure and Local Rules 33.1, 34.1 and 36.1, defendant Lisa Conigliaro Cadden ("Cadden" or "Defendant") hereby submits the following objections and responses to Defendants, Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network's (collectively the "Saint Thomas Entities") Interrogatories, Requests for Production, and Requests for Admission.

### GENERAL OBJECTIONS

1. Defendant objects to these discovery requests to the extent they seek the production of information protected from disclosure by the attorney-client privilege and/or work product doctrine.

2. Defendant objects to these discovery requests to the extent they seek to impose a burden in excess of that allowed by the Federal Rules of Civil Procedure.

3.  Defendant objects to these discovery requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or seek irrelevant information.

4.  Defendant objects to these discovery requests to the extent that they seek information that is confidential and/or protected by HIPAA and/or other state and/or federal law.

5.  Defendant objects to these discovery requests to the extent that they seek information that is confidential and/or competitive business information.

6.  Defendant objects to these discovery requests to the extent the requests exceed the scope of discovery in this case by seeking information unrelated to comparative negligence.

Defendant reserves the right to modify and/or supplement these Responses, including but not limited to the General Objections and Responses and Objections to Requests for Admission, Interrogatories, and Requests for Production.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** You were an owner and director of NECC.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 2:** You were a pharmacist at NECC.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 3:** For the year 2012, you, Gregory Conigliaro, Carla Conigliaro, and Barry Cadden comprised the entire board of directors of NECC and owned 100% of its equity.

2

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 4:**  You were an owner and director of MSM.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 5:**  You trained and instructed MSM sales representatives.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 6:**  You were an owner of Ameridose.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 7:**  You were an owner of Alaunus.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 8:** In 2012, NECC and/or MSM salespersons recommended Ameridose to customers who sought compounded drugs that NECC did not have available.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 9:**  NECC distributed lots of MPA before receiving the results of sterility testing.

**RESPONSE:**

3

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 10:** NECC distributed compounded products directly to facilities for use on patients without requiring a prescription for each dose.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 11:** As a pharmacist at NECC, you were responsible for NECC complying with all MBP rules and regulations.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 12:** You represented to the FDA and MBP that NECC only dispensed drugs upon receipt of valid, patient-specific prescriptions.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 13:** You instructed MSM employees to inform customers that NECC would not include patients' names on the labels affixed to any product compounded and sold by NECC

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 14:** You used, caused others to use, and/or approved the use of expired ingredients in the compounding of sterile drugs at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 15:** You permitted an unlicensed pharmacy technician to use your identifying information to deceive regulators so he could work at NECC, including in

NECC clean rooms.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 16:** Between 2004 and the present, you completed, caused others to complete, or approved completion of written documentation with fictitious expiration dates for products compounded at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR ADMISSION NO. 17:** In 2012, you did not re-evaluate NECC's practices and procedures as required by USP Chapter 797 after you were notified of action-level sampling hits following air sampling performed in at least one cleanroom at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

## RESPONSES AND OBJECTIONS INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and describe each and every business entity for which you have acted as an officer, director, manager, and/or board member from 2008 to present, and for each business entity, identify and describe the position(s) you hold/have held and the dates in which you held that position.

**ANSWER:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 2:** Identify and describe each and every business entity in which you have had an ownership interest from 2008 to the present, and for each such business entity, identify the percentage(s) and date(s) of ownership.

**ANSWER:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 3:**  Identify and describe your positions, roles and responsibilities with NECC, Ameridose, Alaunus, and MSM from 2008 to the present.

**ANSWER:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 4:**  Identify the persons between 2008 and 2012 who were responsible at NECC for each of the following tasks:

> a.  monitoring the air pressure in the NECC clean rooms and taking corrective actions if needed;
>
> b.  maintaining compliance with USP Chapter797 with respect to compounding medications;
>
> c.  cleaning and disinfecting the NECC clean rooms and equipment therein; and
>
> d.  training or ensuring that NECC pharmacists and technicians were properly trained on how to maintain a sterile environment for compounding sterile, injectable drugs.

**ANSWER:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 5:** Identify the person or persons most knowledgeable about the procedures or work flow used by NECC pharmacists to compound MPA.

**ANSWER:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 6:** Identify every person who compounded MPA at the NECC facility at any point in time between 2011 and 2012.

**ANSWER:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**RESPONSES AND OBJECTIONS REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  All documents referring or relating to  the use of expired or expiring ingredients in any product compounded or manufactured by NECC.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 2:**  All documents referring or relating to the failure of any product compounded or manufactured by NECC to meet USP standards and/or guidelines.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 3:**  All documents referring or relating to any contaminated product(s), drug(s), compound(s), and/or pharmaceutical(s), which were compounded by NECC.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 4:**  All documents referring or relating to the 2012 recall of MPA compounded by NECC.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 5:**  All documents referring or relating to any actual or proposed regulatory inspection of NECC, Ameridose, or Alaunus.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 6:**  All documents referring or relating to any actual or proposed customer inspection of NECC, Ameridose, or Alaunus.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including

those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 7:** Each NECC, Ameridose and MSM marketing document, including without limitation marketing materials discussing USP Chapter 797 compliance, environmental monitoring programs, and end-product testing.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 8:** All Quality Assurance Report Cards.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 9:** All policies, procedures and training documents, referring or relating to the compounding of MPA at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 10:** All policies, procedures and training documents referring or relating to the use of clean rooms at the NECC facility, including gowning procedures, use of gloves, use of "tacky mats," and the like.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 11:** All documents referring or relating to the use of fictitious, false or altered expiration dates for products compounded by NECC.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 12:** All documents referring or relating to the mixing of stock solutions of different drug lots to fill customer orders for products compounded by NECC.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 13:** All documents referring or relating to the shipment of any product compounded by NECC that was never tested for sterility or for which sterility test results had not yet been received at the time the product was shipped.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 14:** All documents referring or relating to any investigation of contamination in any cleanroom at the NECC facility and/or any product compounded by NECC.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 15:** All documents referring or relating to your representation(s) to the FDA and MBP that NECC dispensed drugs only upon receipt of valid, patient-specific prescriptions.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 16:** All documents referring or relating to dispensing drugs based on customer patient lists.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 17:** All documents referring or relating to creating prescriptions based on customer patient lists.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 18:** All documents referring or relating to the number of doses of a prescription to allocate to each person on a patient list submitted by a customer.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 19:** All documents referring or relating to employees who were reprimanded, counseled or terminated in connection with compounding problems, errors or contamination.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 20:** All documents referring or relating to complaints or communications with UniFirst regarding the cleaning services it performed for NECC or Ameridose.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 21:** All documents referring or relating to complaints or communications with Liberty regarding the design, manufacture or installation of the clean rooms at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 22:** All documents referring or relating to

complaints or communications with Victory regarding the design, manufacture or installation of the clean rooms at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 23:** All documents referring or relating to complaints or communications with ARL regarding the testing services it performed on products compounded at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 24:** All documents referring or relating to the design, installation or use of the pass-thru "box" referenced in Exhibit "A."

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 25:** All documents referring or relating to the installation of a conveyor belt at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 26:** All documents referring or relating to complaints or repair requests concerning the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 27:** All discovery obtained from non-parties to the Litigation, whether through formal or informal discovery requests.

**RESPONSE:**

11

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 28:**  All documents discussing or analyzing the different types of business conducted by NECC versus Ameridose.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 29:**  All documents referring or relating to safety concerns over any product being compounded at the NECC facility.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 30:**  All documents referring or relating to the revocation or potential revocation of your pharmacist license.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 31:**  All documents referring or relating to the mislabeling or misbranding of any NECC or Ameridose product.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 32:**  All documents referring or relating to the 12.5 liter stock lots of preservative-free MPA 80 mg/ml with lot numbers 05212012@68, 06292012@26, and/or 08102012@51. In particular, produce all documents referring or relating to compounding, sterilizing or attempting to sterilize, testing, labeling, and/or shipping such lots or vials containing MPA from such lots.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 33:** All documents referring or relating to the creation of prescriptions at the NECC facility by NECC or Ameridose.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 34:** All documents referring or relating to the use of fictitious, false or altered patient names in connection with any product compounded and/or manufactured by NECC and/or Ameridose.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 35:** All documents referring or relating to any boiler leaks.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 36:** All documents referring or relating to the use of unlicensed pharmacists or technicians to compound medications.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 37:** All documents referring or relating to the failure of any pharmacist or technician to compound medications in accordance with USP Chapter 797, including without limitation keeping MPA in an autoclave for the proper amount of time.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 38:** All documents referring or relating to whether a particular customer, order, client, or product should be compounded, filled, processed, assigned or sold by and/or through Ameridose versus NECC.

13

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 39:** All documents referring or relating to the relationship between Ameridose and NECC, including without limitation joint marketing efforts, joint e-mail and computer systems, sharing of employees or management, and sharing of office space or clean rooms.

**RESPONSE:**

Ms. Cadden declines to answer on the basis of her constitutional rights and privileges, including those expressed in the Fifth Amendment to the United States Constitution.

By her attorneys,

Bruce A. Singal (BBO #464420)
Michelle R. Peirce (BBO #557316)
Callan G. Stein (BBO#670569)

DONOGHUE BARRETT & SINGAL, P.C.
One Beacon Street
Suite 1320
Boston, MA 02108-3133
617-720-5090
Fax: 617-720-5092
mpeirce@dbslawfirm.com

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2015 a true and accurate copy of the foregoing was served on Sarah P. Kelly at Nutter McClennan & Fish LLP, Seaport West, 155 Seaport Boulevard Boston, MA 02210 and skelly@nutter.com by U.S. mail and electronic mail.


_____*/s/ Michelle Peirce*_____
Michelle Peirce