# EXHIBIT "B"

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Docket No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

### DOUGLAS CONIGLIARO'S OBJECTIONS AND RESPONSES TO SAINT THOMAS ENTITIES' (SECOND SET OF) REQUESTS FOR PRODUCTION OF DOCUMENTS TO BARRY J. CADDEN, GLENN A. CHIN, GREGORY CONIGLIARO, CARLA R. CONIGLIARO, AND DOUGLAS A. CONIGLIARO

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Douglas Conigliaro ("Defendant"), through his counsel, hereby objects to and responds to the second set of requests for production of documents to Douglas Conigliaro (and others) by Saint Thomas West Hospital f/k/a St. Thomas Hospital, Saint Thomas Health, and Saint Thomas Network (collectively, the "Saint Thomas Entities") as follows:

### GENERAL RESPONSES AND OBJECTIONS

Each of the Defendant's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the Defendant's general responses and objections.

1. Pursuant to this Court's Order of October 9, 2014 (MDL Doc. #1482) (the "Order"), the MDL proceedings are stayed and discovery is limited with respect to NECC

Insiders and Related Settling Parties, as those terms are utilized in the Order. Pursuant to the Order and the Plan Support and Funding Agreement (MDL Doc. #1106-1) referenced therein, discovery is permitted against the Defendants "only to the extent the discovery is relevant to the prosecution, or defense, of claims against defendants other than the Estate Parties or the Insider Settling Parties[,]" as those terms are defined in the Order. See MDL Order #1482. The requests at issue here exceed the permissible scope of discovery permitted by the Order.

2.  Although it refers to "NECC contaminated drugs" allegedly being "purchased" and "provided to" the plaintiffs, the Plaintiffs' Second Amended Master Complaint (MDL Doc. #1719) does not allege that the Defendant personally manufactured, compounded or distributed MPA. See MDL Doc. #1719. The claims of civil conspiracy, strict liability, and negligence are asserted against Saint Thomas Entities in various complaints filed by plaintiffs from Tennessee. See, e.g., MDL Doc. #893 and #894. Saint Thomas Entities have not identified any claim in the Plaintiffs' Second Amended Master Complaint that triggers the exception to the discovery stay as to the Defendant, and the Defendant's conduct is not relevant to any comparative fault analysis.

3.  The Defendant objects to each request to the extent it seeks information that is not relevant to any claim or defense by Saint Thomas Entities.

4.  The Defendant objects to each request to the extent it is overly broad, unduly burdensome, not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of admissible evidence.

5.  The Defendant objects to each request to the extent it is duplicative, harassing, vague, confusing, requires speculation to determine its meaning, or uses imprecise specifications of the information.

6. The Defendant objects to each request to the extent it seeks information, documents or materials subject to the attorney-client or work product privileges.

7. The Defendant objects to each instruction, definition, and request to the extent it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of this Court.

8. The Defendant objects to each request to the extent it seeks information, documents or materials not in the possession, custody or control of the Defendant.

9. The Defendant objects to each request to the extent it seeks information, documents or materials already in Saint Thomas Entities' possession, custody or control. This objection encompasses, but is not limited to, any responsive documents previously made available to all parties in the MDL through the document repository.

10. The Defendant objects to each request to the extent it seeks information, documents or materials that are publicly available or otherwise equally available and/or uniquely available from third parties.

11. The Defendant objects to each request to the extent it contains any express or implied assumptions of fact or law concerning matters at issue in this litigation or in the parallel criminal proceeding.

12. The Defendant objects to each request to the extent it seeks information regarding the Defendant's assets for the purposes of obtaining, or seeking to obtain, prejudgment security against the Defendant in violation of the Order (MDL Doc. #1482).

13. None of the objections or responses herein is an admission concerning the existence of any documents, materials or information; the relevance or admissibility of the same;

or the truth or accuracy of any statement, allegation, or characterization set forth in Saint Thomas Entities' requests for production of documents.

14. The Defendant's responses and objections are not intended to be, and shall not be construed as, agreement with Saint Thomas Entities' characterization of any facts, circumstances, or legal obligations. The Defendant reserves the right to contest any such characterization as inaccurate.

15. In responding to Saint Thomas Entities' requests, the Defendant does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceeding, on any grounds, including, but not limited to, competency, relevancy, materiality, and privilege. The Defendant further states that he reserves the right to supplement, clarify, revise or correct any or all of the responses and objections set forth herein, and to assert additional objections or privileges, and will do so to the extent required by the Federal Rules of Civil Procedure.

16. The Defendant will provide his responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. The Defendant objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

17. The following responses reflect the current state of the Defendant's knowledge, understanding and belief respecting matters about which inquiry has been made.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### Document Request No. 1

**Other than patient medical records and prescriptions, produce all documents provided by you by the DOJ in discovery in the criminal action, including without limitation the items listed in the attached letters and certified inventory of evidence.**

**Response**

Subject to and without waiving the General Responses and Objections set forth above, the Defendant responds to this request as follows:

Defendant objects to this request to the extent it seeks documents and information classified as "Confidential Discovery Materials" pursuant to the Amended Protective Order entered in the parallel criminal proceeding.  See U.S. v. Barry J. Cadden et al., United States District Court of Massachusetts, Criminal No. 14-10363-RGS, at Criminal Dkt. #209.  Further stating, upon advice of counsel, Defendant respectfully invokes his rights pursuant to the Fifth Amendment to the United States Constitution and declines to provide a response to this request for production of documents.

**Document Request No. 2**

**The list of "hot" and relevant documents provided to you by the government per pages 12 to 13 of Judge Boal's July 13, 2015 order in the criminal action [Cr. Dkt. #288].**

**Response**

Subject to and without waiving the General Responses and Objections set forth above, the Defendant responds to this request as follows:

Defendant objects to this request to the extent it seeks documents and information classified as "Confidential Discovery Materials" pursuant to the Amended Protective Order entered in the parallel criminal proceeding.  See U.S. v. Barry J. Cadden et al., United States District Court of Massachusetts, Criminal No. 14-10363-RGS, at Criminal Dkt. #209.  Further stating, upon advice of counsel, Defendant respectfully invokes his rights pursuant to the Fifth Amendment to the United States Constitution and declines to provide a response to this request for production of documents.

_____
David E. Meier (BBO #341701)
Christopher R. O'Hara (BBO# 548611)
Corrina L. Hale (BBO# 670916)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
dmeier@toddweld.com
cohara@toddweld.com
chale@toddweld.com

**Attorneys for Defendant Douglas Conigliaro**

Dated:  August 26, 2015

## CERTIFICATE OF SERVICE

    I, Corrina L. Hale, hereby certify that on this 26th day of August, 2015, a true copy of the foregoing was served by e-mail and first class mail upon:

Sarah P. Kelly, Esq.
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
skelly@nutter.com

_____
Corrina L. Hale

4845-2913-4374, v. 1