UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Actions | MDL No. 13-2419-RWZ |

ORDER ON SAINT THOMAS ENTITIES' MOTION TO COMPEL
INVOKING DEFENDANTS TO PRODUCE CERTAIN DOCUMENTS AND
INVOKING DEFENDANTS' CROSS-MOTION FOR PROTECTIVE ORDER
[Docket Nos. 2117, 2206]

September 10, 2015

Boal, M.J.

The Saint Thomas Entities[1] move to compel Barry Cadden, Gregory Conigliaro, Douglas Conigliaro, Carla Conigliaro, and Glenn Chin (the "Invoking Defendants") to produce the documents the government produced to them in United States v. Cadden, et al., No. 1:14-cr-10363-RGS (the "Criminal Case"), other than patient medical records and prescription records. Docket No. 2117.[2] In connection with the Criminal Case, the government has produced to the defendants, including the Invoking Defendants, approximately 8.7 million pages of documents. The Saint Thomas Entities argue that those documents are relevant to these proceedings and should be produced. The Invoking Defendants opposed the motion and also filed a cross-motion

---

[1] The "Saint Thomas Entities" refers to Saint Thomas Health, Saint Thomas Network, and Saint Thomas Hospital West f/k/a Saint Thomas Hospital.

[2] Defendants BKC Pain Specialists, Inc.; Cincinnati Pain Management Consultants, Ltd.; APAC Centers for Pain Management/Advanced Pain Anesthesia Consultants, P.C.; James Molnar, M.D.; Gururau Sudarshan, M.D.; Anne Tuttle, M.D.; Saud Siddiqui, M.D.; Lori Sheets, LPN; Meena Chadha; Randolph Chang, M.D.; Adil Katabay, M.D.; and Nikesh Batra, M.D. moved to join this motion. Docket No. 2126. That motion is granted.

1

for a protective order prohibiting the Saint Thomas Entities and all other parties in the MDL from obtaining the criminal discovery produced by the government in the Criminal Case. Docket No. 2206. The government has also opposed the Saint Thomas Entities' motion. Docket No. 2209. For the following reasons, the Court denies both motions.

First, with respect to Saint Thomas Entities' request, there has been no showing of relevance for all of the subject documents. While it appears likely that some of the documents produced by the government in the Criminal Case would be relevant to the instant proceedings, the Saint Thomas Entities' blanket request for all 8.7 million documents (apart from medical and prescription records) is overly broad and fails to demonstrate any particularized need for the materials.[3]

Second, this Court entered a protective order in the Criminal Case, see Criminal Case Docket No. 209, which prohibits the disclosure of many of the documents produced by the government.[4]

Third, the Saint Thomas Entities' request is unduly burdensome. Even if the Saint Thomas Entities were to limit their request to specific categories of documents not covered by the Protective Order, complying with such requests would be inordinately time consuming and expensive.

Fourth, to the extent that the Invoking Defendants have received grand jury materials from the government, those materials are not discoverable unless the Saint Thomas Entities show that the "'material which they seek is need to avoid a possible injustice in another judicial

---

[3] For example, the Saint Thomas Entities seek documents from Douglas and Carla Conigliaro, who have only been charged with financial crimes.

[4] Not all of the subject documents are covered by the Protective Order. The United States Attorney's Office has requested that the defendants treat all materials as confidential until confidentiality designations are completed. See Docket No. 2206 at 5.

proceeding . . .' and that 'the need for disclosure is greater than the need for continued secrecy . . .'" Liberty Mut. Ins. Co. v. Diamante, 193 F.R.D. 15, 18 (D. Mass. 2000) (quoting Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)).  Saint Thomas has not made such a showing.

Finally, the Court notes that the Saint Thomas Entities have not cited to any legal support for the relief they seek.  The only case they cite, eBay, Inc. v. Digital Point Solutions, Inc., No. C 08-4052 JF (PVT), 2010 WL 147967 (N.D. Cal. Jan. 12, 2010), is inapposite.  In that civil case, the court ordered the defendants to produce materials that the defendants themselves had provided to the government, not materials that were produced by the government to the defendants.  Id. at *6.

The Court also denies the Invoking Defendants' cross-motion for a protective order. While the Court has found that the Saint Thomas Entities' request is objectionable, the Invoking Defendants has not shown good cause for a blanket protective order preventing any party from requesting any document at any time that may have been produced by the government in the criminal case.

Accordingly, the Court denies the Saint Thomas Entities' motion to compel and denies the Invoking Defendants' cross-motion for a protective order.

**So Ordered**.

                                              /s/ Jennifer C. Boal
                                              JENNIFER C. BOAL
                                              United States Magistrate Judge