

MICHAELS, WARD
& RABINOVITZ LLP
ATTORNEYS AT LAW

BOSTON

WEST PALM BEACH

John Wells, Esq.
jkw@michaelsward.com

May 19, 2015

**VIA E-MAIL AND OVERNIGHT MAIL**

Sarah P. Kelly, Esq.
Nutter, McClennen & Fish LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2604

> Re:   **MDL Case No. 1:13-md-02419**

Dear Sarah:

Enclosed please find Medical Sales Management, Inc. and Medical Sales Management SW, Inc.'s Objections, Answers and Responses to the St. Thomas Entities' First Set of Interrogatories, Requests for Production, and Requests for Admission.

Please feel free to contact me should you have any questions.

Very truly yours,

John Wells

cc:   Dan Rabinovitz (w/o encl., via e-mail)
Marcy Greer (w/o encl., via e-mail)
Eric Hoffman (w/o encl., via e-mail)
Yvonne Puig (w/o encl., via e-mail)
Adam Schramek (w/o encl., via e-mail)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419 Master Docket No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO: All Suits Against the St. Thomas Entities | |

### MEDICAL SALES MANAGEMENT, INC. AND MEDICAL SALES MANAGEMENT SW, INC.'S OBJECTIONS, ANSWERS AND RESPONSES TO THE ST. THOMAS ENTITIES' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

Defendants Medical Sales Management, Inc. and Medical Sales Management SW, Inc. (collectively, "MSM"), through counsel, submit their Objections, Answers and Responses ("Responses") to the St. Thomas Entities' First Set of Interrogatories, Requests for Production and Request for Admission, as follows:

### GENERAL OBJECTIONS

1.   MSM objects to the St. Thomas Entities' First Set of Interrogatories, Requests for Production and Requests for Admission (the "Requests") on the grounds that they are overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2.   MSM is, for purposes of these Responses and as described in this Court's orders, an "Affiliated Defendant," "Affiliated Released Party," "Related Settling Party," or "Insider Settling Party."  The Court entered an Order on October 9, 2014, staying the MDL proceedings and limiting discovery with respect to NECC Insiders and Related Settling Parties, including MSM.  (*See* MDL Doc. 1482.)  Pursuant to the Order and the Plan Support and Funding Agreement referenced therein (MDL Doc. 1106-1), discovery is permitted against MSM "only to

the extent the discovery is relevant to the prosecution, or defense, of claims against defendants

other than the Estate Parties or the Insider Settling Parties." (MDL Doc. 1482.)  The discovery at

issue here exceeds the scope of permissible discovery under MDL Doc. 1482.

     3.   The St. Thomas Entities, through these Requests, seek information from MSM

in an apparent attempt to establish the comparative fault of MSM as a joint tortfeasor.  However,

Tennessee product liability law – as defined in the Tennessee Products Liability Act of 1978,

Tenn. Code Ann. §29-28-102 (6) – requires that a product liability action based on the doctrine

of strict liability in tort and arising from a buyer's use of an allegedly defective and therefore

unreasonably dangerous product, may only be commenced or maintained against the seller of

that product where the seller is also the manufacturer of the product, or the manufacturer of the

defective part of the product.  *See* Tenn. Code Ann. §29-28-102(6).  Plaintiffs' Second Amended

Master Complaint contains no allegations that MSM manufactured, compounded or distributed

methylprednisolone acetate ("MPA") or any other product, or that any plaintiff ingested and/or

was harmed by an MSM product.  (*See* MDL Doc. 1719, Plaintiffs' 2nd Amended Compl., filed

Mar. 6, 2015.)  Accordingly, MSM cannot be held liable or considered at fault under Tennessee

law.  *See e.g. Owens v. Truckstops of America, Inc., et al.*, 915 S.W.2d 420, 433 (Tenn. 1996).

The St. Thomas Entities' Requests to MSM exceed the permissible scope of discovery, and are at

odds with the discovery stay, because those Requests are not relevant – and cannot be relevant,

given that there is no allegation that MSM compounded, manufactured or distributed MPA – to

the prosecution or defense of claims in this action.

     4.   The Requests are cumulative, overly burdensome and unreasonably duplicative.

Responses to the Requests can be obtained from other sources that are more convenient, less burdensome and less expensive than from MSM, including but not limited to the document repository established in this MDL and from public sources.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

5.   MSM objects to the Requests to the extent they are inconsistent with or purport to establish obligations extending beyond those enumerated in the Federal Rules of Civil Procedure, the local rules of the District Court of Massachusetts, and/or discovery orders entered by the Court in this litigation.

6.   MSM objects to the Requests to the extent that they seek documents or information protected by the attorney/client privilege, work product doctrine, and/or any other applicable privilege.

7.   MSM objects to the Requests as they are not reasonably limited in time or scope.

8.   MSM objects to the Instructions and Definitions set forth in the Requests to the extent that they impose obligations greater than those contemplated under the Federal Rules of Civil Procedure.

9.   MSM objects to the Requests to the extent that they request information concerning or relating to Ameridose, LLC ("Ameridose"), and/or the relationship between MSM and Ameridose, as being outside the scope of the Court's October 9, 2014 Order.  There is no allegation in Plaintiffs' Second Amended Master Complaint that Ameridose manufactured, compounded or distributed MPA or any other product, or that any plaintiff ingested and/or was harmed by an Ameridose product.

10. MSM objects to the production of documents that are privileged and/or confidential, and will produce documents in response to these Requests only upon execution by the requesting party of an endorsement of the Court's Protective Order of Confidentiality (as amended).

11. Responses are set forth herein without prejudice to MSM's rights to assert additional objections or supplemental responses should it discover additional information or grounds for objection at any time prior to the trial of this action, and MSM expressly reserves the right to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to the use of, any responsive information or document in any subsequent proceeding, or trial of this or any other action.

12. MSM expressly reserves the right to update, supplement and/or amend its responses, should it discover additional facts, information or documents responsive to these requests.

13. MSM incorporates the foregoing objections into each of the specific responses set forth below, and such responses are made subject to, and without waiver of these General Objections.

14. Subject to the foregoing general objections, and those stated more fully below, MSM responds to the Requests within the parameters of the Court's October 9, 2014 Order, as follows.

## REQUESTS FOR ADMISSION

### REQUEST NO. 1

MSM was hired by NECC to provide marketing or advertising services.

### RESPONSE NO. 1

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

### REQUEST NO. 2

MSM was hired by Ameridose to provide marketing or advertising services.

### RESPONSE NO. 2

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any

objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 3**

MSM marketed or advertised one or more of NECC's products in 2011.

**RESPONSE NO. 3**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 4**

MSM marketed or advertised one or more of NECC's products in 2012.

**RESPONSE NO. 4**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 5**

MSM marketed or advertised one or more of Ameridose's products in 2011.

**RESPONSE NO. 5**

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 6**

MSM marketed or advertised one or more of Ameridose's products in 2012

**RESPONSE NO. 6**

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have

personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 7

In 2011, MSM provided marketing or advertising services related to MPA that was compounded by NECC.

## RESPONSE NO. 7

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 8

In 2012, MSM provided marketing or advertising services related to MPA that was compounded by NECC.

## RESPONSE NO. 8

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 9

In 2011, MSM provided marketing or advertising services for MPA that was compounded by Ameridose.

## RESPONSE NO. 9

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 10

In 2012, MSM provided marketing or advertising services for MPA that was compounded by Ameridose.

## RESPONSE NO. 10

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 11

Both MSM and NECC conducted business from the NECC facility.

## RESPONSE NO. 11

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 12

Both MSM and Ameridose conducted business from the NECC facility.

## RESPONSE NO. 12

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 13

MSM shared office space owned by GDC with NECC or Ameridose.

## RESPONSE NO. 13

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 14**

     Douglas Conigliaro, Barry Cadden, and Gregory Conigliaro were officers of MSM.

**RESPONSE NO. 14**

     Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 15**

     Gregory Conigliaro, Barry Cadden, Lisa Conigliaro Cadden, and Douglas Conigliaro were directors of MSM.

**RESPONSE NO. 15**

     Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 16**

     Barry Cadden, Lisa Conigliaro Cadden, Gregory Conigliaro, and Carla Conigliaro owned equity interests in MSM.

**RESPONSE NO. 16**

     Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 17**

     On or about August 24, 2012, Ameridose posted an employment opportunity for Registered Pharmacists to work for NECC in Framingham, Massachusetts and that on the posting, potential applicants were told to contact mlord@medicalsalesmgmt.com.

**RESPONSE NO. 17**

     MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

8

**REQUEST NO. 18**

In 2012, MSM sales representatives distributed copies of a report from ARL concerning the testing of MPA to customers or potential customers.

**RESPONSE NO. 18**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 19**

In 2012, MSM represented to customers or potential customers that medications compounded by NECC were sterile and sale for their intended use.

**RESPONSE NO. 19**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 20**

In 2012, MSM represented to customers or potential customers that MPA compounded by NECC was sterile and safe for its intended use.

**RESPONSE NO. 20**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 21**

In 2012, MSM represented to customers or potential customers that medications compounded by Ameridose were sterile and sale for their intended use.

**RESPONSE NO. 21**

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

9

**REQUEST NO. 22**

In 2012, MSM represented to customers or potential customers that MPA compounded by Ameridose was sterile and safe for its intended use.

**RESPONSE NO. 22**

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 23**

In 2012, MSM represented to customers or potential customers that NECC's and Ameridose's compounding processes complied with USP guidelines.

**RESPONSE NO. 23**

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 24**

In 2012, employees of MSM recommended Ameridose for drug compounds that NECC did not have available.

**RESPONSE NO. 24**

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 25**

The documents Bates Labeled HPSC-006080, and attached hereto as Exhibit "A," is a true and correct copy of Andrew Howden's business card.

**RESPONSE NO. 25**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 26**

At least some signature blocks of MSM representatives stated "Medical Sales Management, Representing Ameridose and NECC."

**RESPONSE NO. 26**

MSM objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 27**

MSM provided marketing materials to customers and potential customers reflecting that MPA compounded by NECC met the requirements of USP 797.

**RESPONSE NO. 27**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 28**

MSM represented to customers and potential customers that MPA compounded by NECC met the requirements of USP 797.

**RESPONSE NO. 28**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUEST NO. 29**

MSM represented to customers and potential customers that MPA compounded by NECC was sale and reliable.

## RESPONSE NO. 29

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 30

MSM represented to Debra Schamberg that MPA compounded by NECC met the requirements of USP 797.

## RESPONSE NO. 30

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 31

MSM represented to Debra Schamberg that MPA compounded by NECC was safe and reliable.

## RESPONSE NO. 31

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## REQUEST NO. 32

MSM represented to Debra Schamberg that the Massachusetts Board of Pharmacy permitted the sale of compounded medications without prescriptions so long as a patient list was provided to NECC.

## RESPONSE NO. 32

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## INTERROGATORIES

## INTERROGATORY NO. 1

Identify every person provided information used in answering these interrogatories.

## ANSWER NO. 1

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## INTERROGATORY NO. 2

Identify all owners and shareholders of MSM from 2008 to 2012.  Include in your answer the dates of ownership for each owner or shareholder and the nature and extent of their share hold or other equitable or legal interest.

## ANSWER NO. 2

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## INTERROGATORY NO. 3

Indentify all of MSM's officers, directors, and managers from 2008 to 2012.  Include in your answer the date-range for which each officer, director, and manager held their position with MSM.

## ANSWER NO. 3

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

## INTERROGATORY NO. 4

Identify the address(es) for each of your principal places of business from 2008 to 2012.

## ANSWER NO. 4

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

13

**INTERROGATORY NO. 5**

Identify by name and job title all of your officers, agents, and employees who in 2012 provided marketing or advertising services for medications compounded by NECC or Ameridose.

**ANSWER NO. 5**

Subject to and without waiving any objections, MSM cannot admit nor deny this Request without the only individuals who have personal knowledge of the information necessary to respond waiving their Fifth Amendment privilege.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**

All organizational charts for your company that applied during any year in which you provided services for NECC or Ameridose.

**RESPONSE NO. 1**

Subject to and without waiving any objections, MSM states that it is not in possession of documents responsive to this Request.

**REQUEST NO. 2**

Documents sufficient to show the ownership of MSM from 2008 to 2013, and all documents relating to actual or contemplated changes in such ownership.

**RESPONSE NO. 2**

Subject to and without waiving any objections, in addition to documents previously made available to all defendants through the document repository that may be responsive to this Request, MSM states that information responsive to this request is publicly available on the website of the Massachusetts Secretary of the Commonwealth, Corporations Division.

**REQUEST NO. 3**

Documents sufficient to show the composition of MSM's board of directors from 2008 to 2013, and all documents referring or relating to actual or contemplated changes in board members.

14

## RESPONSE NO. 3

Subject to and without waiving any objections, in addition to documents previously made available to all defendants through the document repository that may be responsive to this Request, MSM states that information responsive to this request is publicly available on the website of the Massachusetts Secretary of the Commonwealth, Corporations Division.

## REQUEST NO. 4

The employment/HR file for any person who provided marketing or advertising services related to MPA in 2011 or 2012.

## RESPONSE NO. 4

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.) MSM objects further on the grounds that this Request seeks documents protected by the attorney/client privilege and/or work product doctrine.

## REQUEST NO. 5

All documents referring or relating to MPA compounded by NECC or Ameridose.

## RESPONSE NO. 5

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.) MSM objects further on the grounds that this Request seeks documents protected by the attorney/client privilege and/or work product doctrine.

## REQUEST NO. 6

All proposals, contracts and any other document containing or reflecting the terms and conditions pursuant to which you provided marketing or advertising services for NECC or Ameridose.

## RESPONSE NO. 6

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.) MSM objects further on the grounds that this Request seeks documents protected by the attorney/client privilege and/or work product doctrine. Subject to and without waiving any objections, in addition to documents previously made available to all defendants through the

document repository that may be responsive to this Request, MSM states that it will produce the services agreement between NECC and MSM.

## REQUEST NO. 7

All training materials used by MSM regarding advertising, selling, or distributing compounded medications, including but not limited to MPA.

## RESPONSE NO. 7

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.)

## REQUEST NO. 8

With respect to MSM personnel who advertised, sold or distributed NECC- or Ameridose-compounded medications, all documents referring or relating to what to tell customers regarding (or how to answer questions regarding) any of the following topics:

a. the safety of medications compounded by NECC or Ameridose;

b. conformity of NECC- or Ameridose-compounded medications with USP 797;

c. whether and when prescriptions are required for each dosage of NECC or Ameridose product ordered;

d. the legality of ordering medication supplied from a compounded pharmacy; and

e. the type and amount of regulatory oversight for NECC or Ameridose.

## RESPONSE NO. 8

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.)  MSM objects further on the grounds that this Request seeks documents protected by the attorney/client privilege and/or work product doctrine.  Subject to and without waiving any objections, in addition to documents previously made available to all defendants through the document repository that may be responsive to this Request, MSM states that it will produce non-privileged documents responsive to this request.

16

**REQUEST NO. 9**

All correspondence from any representative of NECC or Ameridose regarding any of the topics in Request for Production No. 8.

**RESPONSE NO. 9**

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.)  Subject to and without waiving any objections, in addition to documents previously made available to all defendants through the document repository that may be responsive to this Request, MSM responds in the same manner as with regard to Request No. 8.

**REQUEST NO. 10**

All marketing and advertising materials used by MSM to market compounded medications or compounding services for NECC or Ameridose.

**RESPONSE NO. 10**

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.)

**REQUEST NO. 11**

All documents referring or relating to statements by MSM regarding testing of NECC or Ameridose products by ARL.

**RESPONSE NO. 11**

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.)  MSM objects further on the grounds that this Request seeks documents protected by the attorney/client privilege and/or work product doctrine.

**REQUEST NO. 12**

All discovery obtained from non-parties to this Lawsuit.

**RESPONSE NO. 12**

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MSM objects further on

the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.)

## REQUEST NO. 13

All documents referring or relating to the relationship between NECC and Ameridose.

## RESPONSE NO. 13

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.)  MSM objects further on the grounds that this Request seeks documents protected by the attorney/client privilege and/or work product doctrine.  Subject to and without waiving any objections, in addition to documents previously made available to all defendants through the document repository that may be responsive to this Request, MSM states that it will produce the services agreement between NECC and MSM.

## REQUEST NO. 14

All documents referring or relating to when to sell an NECC product and when to sell an Ameridose product.

## RESPONSE NO. 14

MSM objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MSM objects further on the grounds that the Request is beyond the scope of the Court's October 9, 2014 Order (MDL Doc. 1482.)  MSM objects further on the grounds that this Request seeks documents protected by the attorney/client privilege and/or work product doctrine.  Subject to and without waiving any objections, in addition to documents previously made available to all defendants through the document repository that may be responsive to this Request, MSM states that it is not in possession of documents responsive to this Request.

Dated:  May 19, 2015

Respectfully submitted,

DEFENDANT MEDICAL SALES
MANAGEMENT, INC.
By its attorneys,

/s/ Dan Rabinovitz
Dan Rabinovitz, Esq. (BBO #558419)
John K. Wells, Esq. (BBO #671345)
Michaels, Ward & Rabinovitz, LLP
One Beacon Street, 2nd Floor
Boston, MA 02108
(617) 350-4040 (phone)
(617) 350-4050 (fax)
dmr@michaelsward.com
jkw@michaelsward.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2015, a true copy of the foregoing was served on counsel for the St. Thomas Entities.

/s/ Dan Rabinovitz
Dan Rabinovitz