# EXHIBIT 1
## (PROPOSED AGREED ORDER)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )))))) | |
| | Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: )) Suits Naming the Tennessee Clinic Defendants ))) | |

**AGREED ORDER EXTENDING DEADLINES
APPLICABLE TO THE TENNESSEE CASES**

At Dkt. 2075, the Court set deadlines applicable to the Tennessee Cases (defined as those involving the Saint Thomas Entities and the Tennessee Clinic Defendants) for, among other things, completion of common fact discovery (September 15, 2015), expert reports (October 16; November 13; November 24), and closure of common expert discovery (December 11).

On September 4, 2015, the United States filed a motion to intervene and motion to stay the depositions of "all former employees of NECC and Medical Sales Management ('MSM') who are potential government witnesses, as well as the noticed Rule 30(b)(6) deposition of the Massachusetts Board of Registration in Pharmacy ('MABOP'), until after the trial of the federal criminal case[.]"[1]

At the status conference on September 10, 2015, counsel for the Tennessee Clinic Defendants requested guidance from the Court on whether to proceed with the depositions of witnesses of former NECC and MSM employees set to occur before the

---

[1] Dkt. 2209, p. 1.

motion to stay was ripe for hearing and decision. Counsel also notified the Court that, because the United States' motion was filed so close to the common fact discovery deadline, it would not be fully briefed or decided before the deadline passed.

The Court (1) instructed the Tennessee Clinic Defendants to file a pleading asking for a decision on whether to proceed in the short-term (*i.e.*, prior to a decision on the United States' motion to stay) with depositions subject to the motion, and (2) instructed the parties and U.S. Attorney discuss the posture of the case to determine if they could reach any common ground on the intersection of the United States' motion to stay and the ongoing civil discovery. The Court understands that the Plaintiffs' Steering Committee and the defendants in the Tennessee Cases have agreed to extend the deadlines applicable to the Tennessee Cases set forth at Dkt. 2075 for 30 days to allow the parties time to meet and confer regarding these issues.

Consistent with the agreement of the PSC and the Tennessee Clinic Defendants, the Court hereby ORDERS:

1. All deadlines applicable to the Tennessee cases set forth at Dkt. 2075 are hereby extended by 30 days. The common issue discovery deadlines applicable to the Tennessee Cases are as follows:

| Close of Common Fact Discovery | October 15, 2015 |
| Opening Common Expert Reports Due | November 16, 2015 |
| Rebuttal Common Expert Reports Due | December 14, 2015 |
| Reply Common Expert Reports Due | December 30, 2015 |
| Close of Common Expert Discovery | January 18, 2016 |

2. The depositions of former NECC and MSM employees already scheduled or in the process of being scheduled[2], in addition to the deposition of the Massachusetts Board of Registration in Pharmacy, are stayed to give the parties and U.S. Attorney an opportunity to explore a resolution of these discovery issues and to allow the United States' motion to intervene and stay to be briefed and argued, should the parties be unable to reach an agreement.

3. If the Court orders that the trial(s) of the Tennessee cases will occur in the District of Massachusetts, the parties are ordered to meet and confer regarding the remaining deadlines in the Court's previous Order at Dkt. 2075.

It is so ORDERED.

Dated: _____

_____

---

[2] *See, e.g.*, Dkt. 2203; 2200; 2184.