UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>1:13-cv-12234-FDS May et al v. Ameridose, LLC et al<br>1:13-cv-12238-FDS Carman et al v. Ameridose, LLC et al<br>1:13-cv-12305-FDS Wiley et al v. Ameridose, LLC et al<br>1:13-cv-12311-FDS Schulz et al v. Ameridose, LLC et al<br>1:13-cv-12315-FDS Hester et al v. Ameridose, LLC et al<br>1:13-cv-12426-FDS Davis et al v. Ameridose, LLC et al<br>1:13-cv-12429-FDS Bequette et al v. Ameridose, LLC et al<br>1:13-cv-12430-FDS Norwood et al v. Ameridose, LLC et al<br>3:13-cv-00918 Ziegler et al v. Ameridose, LLC et al<br>3:13-cv-00919 Martin v. Ameridose, LLC  et al<br>3:13-cv-00923 Reed v. Ameridose, LLC et al<br>3:13-cv-00929 Brinton  v. Ameridose, LLC et al<br>3:13-cv-00930 Lovelace v. Ameridose, LLC et al<br>3:13-cv-00931 Ragland  v. Ameridose, LLC et al<br>3:13-cv-00932 Slatton et al v. Ameridose, LLC et al<br>3:13-cv-00933 Rybinski v. Ameridose, LLC et al<br>3:13-cv-00934 Lemberg  et al v. Ameridose, LLC et al<br>3:13-cv-00935 Ruhl et al v. Ameridose, LLC et al | ))))))))))))))))))))))))))))))))))))))))))<br><br>**MDL No. 1:13-md-2419-FDS** |

53075913.1

| | |
|---|---|
| **3:13-cv-00938 McElwee v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00940 Robnett et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00941 Sharer et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00942 Johnson et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00943 Knight v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00951 Knihtila v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00952 Sellers et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00953 Barger et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00954 Lodowski et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00961 Skelton et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00962 Chambers et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00963 Hill et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00964 Mathias v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00965 Settle et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00966 Miller v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00967 Noble et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00968 Eggleston et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00969 Meeker et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00970 Scott et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00971 McCullouch et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00972 McKee et al v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00973 Kirby v. Ameridose, LLC et al** | ) ) |
| **3:13-cv-00975 Richards v. Ameridose, LLC et al** | ) ) |

| | |
|---|---|
| 3:13-cv-00977 Youree et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00978 Koonce et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00979 Pelters et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00984 Besaw et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00985 Ferguson et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00986 Hurt et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00987 Wanta et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00988 Russell et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00989 Pruitt et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00992 Young v. Ameridose, LLC et al | ) ) |
| 3:13-cv-00993 Sullivan et al v. Ameridose, LLC et al | ) ) |
| 3:13-cv-01033 Barnard v. Ameridose, LLC et al | ) ) |
| 3:13-cv-01032 Berry v. Ameridose, LLC et al | ) ) |

## SAINT THOMAS HEALTH'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' STEERING COMMITTEE'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Saint Thomas Health ("STHe") submits its Objections and Answers to Plaintiffs' Steering Committee's First Set of Interrogatories as follows:

## **GLOBAL OBJECTIONS**

1. STHe generally objects to Plaintiffs Steering Committee's First Set of Interrogatories because STHe's Motion to Stay Objections and Responses to Discovery Pending Submission of a Discovery Plan and Amended Protective Order, and Motion for Second Amended Protective Order, is currently pending before the Court. As a result, these Interrogatories are premature.

2. STHe objects to the following phrase contained in the caption of the discovery requests propounded to it, which states:

   "This Document Relates to:

   All actions pending against Saint Thomas Outpatient Neurosurgical Center, LLC, and its affiliates . . ."

   STHe is not an "affiliate" of Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Saint Thomas Network is a 50% owner of STOPNC.

## **OBJECTIONS AND ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Please describe in detail Saint Thomas Health's relationship to and/or business arrangement with Saint Thomas Outpatient Neurosurgical Center, LLC ("Saint Thomas Neurosurgical").

> **OBJECTION:** STHe objects to this request as vague and ambiguous, as the words "relationship" and "business arrangement" are undefined.
>
> **ANSWER:** Subject to and without waiving the foregoing objection, STHe has a Services Agreement with Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC") related to the negotiating of managed care contracts. STHe is the sole member of Saint Thomas Network ("STN"), which is a 50% member of STOPNC.

**INTERROGATORY NO. 2:** Please describe in detail Saint Thomas Health's relationship to and/or business arrangement with Howell Allen Clinic.

> **OBJECTION:** STHe objects to this request as vague and ambiguous, as the words "relationship" and "business arrangement" are undefined. STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.

**INTERROGATORY NO. 3:** Identify each communication (including face-to-face, telephone, email, or other communications) between NECC (including its agents, employees or representatives) and Saint Thomas Health (including its agents, employees or representatives). For each communication identified, please provide the following information:

> (a) the names, job titles, and contact information for each person involved in the communication;
>
> (b) the date, time, length, mode and location of each communication or discussion;
>
> (c) whether any notes, memoranda, recordings, writings or other records were kept of any of those conversations or communications; and
>
> (d) state as specifically as possible what each party to the communication or conversation said and state what actions Saint Thomas Health took, if any, as a result of each communication or conversation.
>
> **OBJECTION:** STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints. Plaintiffs do not allege, and no facts exist to support an allegation, that STHe purchased the methylprednisolone acetate ("MPA") injected into any Plaintiff. Specifically, it is undisputed that the MPA injected into some or all of the Plaintiffs was purchased from NECC by STOPNC. STHe also objects to this interrogatory as overly broad and unduly burdensome because it is not limited in time.

**INTERROGATORY NO. 4:**   Identify each communication (including fact-to-face, telephone, email, or other communications) between Saint Thomas Health (including its agents, employees or representatives) and Saint Thomas Neurosurgical (including its agents, employees or representatives) regarding Saint Thomas Neurosurgical's acquisition of medications.  For each communication identified, please provide the following information:

(a) the names, job titles, and contact information for each person involved in the communication;

(b) the date, time, length, mode and location of each communication or discussion;

(c) whether any notes, memoranda, recordings, writings or other records were kept of any of those conversations or communications; and

(d) state as specifically as possible what each party to the communication or conversation said and state what actions Saint Thomas Health took, if any, as a result of each communication or conversation.

**OBJECTION:**  STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.  STHe does not interpret this interrogatory as including STHe legal counsel; nor does it interpret this interrogatory as seeking information protected by the attorney-client privilege or work-product doctrine.  To the extent Plaintiffs use this interrogatory to seek protected information or to impose an unnecessary and unwarranted privilege log burden, STHe objects to those attempts.

**ANSWER:**  Subject to and without waiving the foregoing objections, STHe is unaware of any such communications prior to September 18, 2012.

**INTERROGATORY NO. 5:**   Please list the date, location, and attendees present at each and every meeting (business or social) between or among NECC (including its agents, employees or representatives) and Saint Thomas Health (including its agents, employees or representatives).

**OBJECTION:**  STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.  Plaintiffs do not allege, and no facts exist to support an allegation, that STHe purchased the MPA injected into any Plaintiff.  Specifically, it is undisputed that the MPA injected into some or all of the Plaintiffs was purchased from NECC by STOPNC.  STHe also objects to this interrogatory as overly broad and unduly burdensome because it is not limited in time.

**INTERROGATORY NO. 6:**   Describe each and every action Saint Thomas Health took to ensure that medication injected into patients at Saint Thomas Neurosurgical was safe and free from contaminants.

> **OBJECTION:**  STHe objects to this interrogatory for lack of foundation.
>
> **ANSWER:**  Subject to and without waiving the foregoing objection, STHe did not owe any legal duty to patients in regard to treatment they received at STOPNC.  In addition, STHe is not a physician or healthcare provider and is prohibited by law from making medical diagnoses or prescribing medical treatment, including prescribing or administering medicine. Accordingly, STHe is legally precluded from controlling or influencing the medical decisions of STOPNC physicians.

**INTERROGATORY NO. 7:**   Explain in detail Saint Thomas Health's policies and procedures regarding the purchase of medications.

> **OBJECTION:**   STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.  Plaintiffs do not allege, and no facts exist to support an allegation, that STHe purchased the MPA injected into any Plaintiff.  Specifically, it is undisputed that the MPA injected into some or all of the Plaintiffs was purchased from NECC by STOPNC.

**INTERROGATORY NO. 8:**   Describe in detail the process by which Saint Thomas Health procured medications in 2012, including the names and contact information of all buying agents, suppliers, distributors, wholesalers, and sales representatives involved.

> **OBJECTION:**   STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.  Plaintiffs do not allege, and no facts exist to support an allegation, that STHe purchased the MPA injected into any Plaintiff.  Specifically, it is undisputed that the MPA injected into some or all of the Plaintiffs was purchased from NECC by STOPNC.

**INTERROGATORY NO. 9:**   Please describe in detail all systems, policies and procedures used at Saint Thomas Health in order to supervise and oversee Saint Thomas Neurosurgical.

> **OBJECTION:**  STHe objects to this interrogatory for lack of foundation.  STHe does not supervise or oversee STOPNC.

**INTERROGATORY NO. 10:**  Describe in detail every gift, sample, incentive, promotion, thank you gift, and/or discount that Saint Thomas Health (or anyone associated with it) ever received from NECC (including its agents, employees or representatives) or any wholesaler or distributor of any injectable steroid.

> **OBJECTION:**  STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.  Plaintiffs do not allege, and no facts exist to support an allegation, that STHe purchased the MPA injected into any Plaintiff.  Specifically, it is undisputed that the MPA injected into some or all of the Plaintiffs was purchased from NECC by STOPNC.  STHe also objects to this interrogatory as overly broad and unduly burdensome because it is not limited in time and includes any wholesaler or distributor of injectable steroids.

**INTERROGATORY NO. 11:**  Identify each Saint Thomas Health employee during 2012 by name and job title, and state whether each such employee is still employed by the company.  Please also give a general description of the duties of each such person.

> **OBJECTION:**  STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.  STHe objects to this interrogatory as overly broad and unduly burdensome.  STHe currently employs approximately 6465 persons.

**INTERROGATORY NO. 12:**  Please explain, in detail, all reasons for the termination of Martin Kelvas, and describe each and every fact and/or consideration that lead [sic] to that termination. Please include the identities of each person involved in the termination decision, and describe all conversations leading to the termination decision.

> **OBJECTION:**  STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.  STHe also objects to this interrogatory as it is overly broad, seeks confidential information, and improperly invades the privacy rights of former or current STHe and/or Saint Thomas West Hospital, formerly known as St. Thomas Hospital ("STH"), employees.

**INTERROGATORY NO. 13:**  Describe in complete detail the business structure of Saint Thomas Health including but not limited to:

(a)  provide the names and job title of each officer of Saint Thomas Health;

(b)  provide the name of each manager of Saint Thomas Health;

(c)  provide the name of each owner or member of Saint Thomas Health;

(d) identify all contracts, agreements, cost-sharing arrangements, profit-sharing arrangements, patient referral arrangements existing between or among Saint Thomas Health and Saint Thomas Neurosurgical, Howell Allen Clinic, St. Thomas Hospital, Saint Thomas Network and/or Saint Thomas Health Services; and

(e) describe in detail all financial arrangements that presently exist or have previously existed between or among Saint Thomas Health and Saint Thomas Neurosurgical, Howell Allen Clinic, St. Thomas Hospital, Saint Thomas Network and/or Saint Thomas Health Services.

**OBJECTION:** STHe objects to this interrogatory as overly broad and unduly burdensome because it is not limited in time. STHe also objects to this interrogatory as otherwise overly broad and unduly burdensome. STHe has numerous departmental managers and their identity is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information. STHe objects to this interrogatory as the contracts or agreements between STHe and STN, STH and Howell Allen Clinic are irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints. STHe also objects to this interrogatory as overly broad and unduly burdensome because it is not limited to types of contracts, agreements, cost-sharing arrangements or profit-sharing arrangements.

**ANSWER:** Subject to and without waiving the foregoing objection, STHe provides the following current information:

(a) James Bearden, Chairman; Clark Baker, vice-chairman; Michael Schatzlein, M.D., President and CEO; Mary Falls, Secretary; Anthony Heard, Treasurer.

(b) See applicable foregoing objections.

(c) Ascension Health is the sole member of STHe.

(d) Saint Thomas Health Services was the name of two different entities. Those two entities are now known as Saint Thomas Network or Saint Thomas Health. STHe has a Services Agreement with STOPNC.

(e) See response to (d) above. The financial arrangements are set forth in this agreement, which has been produced previously in related Tennessee state court litigation, and will also be produced in this litigation

**INTERROGATORY NO. 14:** Please identify every employee or agent of Saint Thomas Health who performed any duties or functions for Saint Thomas Neurosurgical, and for each such person, please state:

    (a)    the person's name, job title and contact information;

    (b)    a description of the duties or functions performed; and

    (c)    a statement of whether the person continues to be employed by or affiliated with either Saint Thomas Health and/or Saint Thomas Neurosurgical.

    **OBJECTION:** STHe objects to this interrogatory as overly broad and unduly burdensome as it is not limited in time.

    **ANSWER:** Subject to and without waiving the foregoing objection, current STOPNC board members who are also current or past employees of STHe or STH are Craig Polkow and Dawn Rudolph. Past board members include Dale Batchelor, M.D. and Alan Strauss, who are former employees of STH and STHe, respectively. Both Dr. Bachelor and Mr. Strauss can be contacted through undersigned counsel.

    Cindy Williams, Director of Joint Venture Contracting-Payor Relations, provided services to STOPNC related to managed care contracts.

**INTERROGATORY NO. 15:** Has Saint Thomas Health ever paid for or provided any personnel, medications, equipment, medical supplies, medical forms, billing services, telephone services, procurement services, contracting services, websites or other materials/services used by Saint Thomas Neurosurgical? If so, please explain in detail each item provided.

    **OBJECTION:** STHe objects to this interrogatory as overly broad and unduly burdensome as it is not limited in time.

    **ANSWER:** Subject to and without waiving the foregoing objection, see response to Interrogatory No. 13.

**INTERROGATORY NO. 16:** Explain in detail all financial transactions that occurred between Saint Thomas Health and Saint Thomas Neurosurgical in 2012, including dates, amounts and reasons.

    **ANSWER:** In 2012, STHe charged STOPNC and STOPNC paid $3,500.04 for the managed care services provided for under the Services Agreement.

**INTERROGATORY NO. 17:** Explain in detail all financial transactions that occurred between Saint Thomas Health and Howell Allen Clinic in 2012, including dates, amounts and reasons.

> **OBJECTION:** STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.

**INTERROGATORY NO. 18:** Does Saint Thomas Health contend that any other person or entity was responsible in any way for or caused the injuries and deaths that are the subject of this litigation? If so, identify each such person or entity and state the factual basis for a contention that any other person or entity was responsible for or caused the injuries and deaths forming the basis of this litigation.

> **ANSWER:** NECC, Berry Cadden, Lisa Cadden, Doug Conigliaro, Carla Conigliaro, Gregory Conigliaro, Glenn Chin, Alaumus Pharmaceutical, LLC, Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc., and Medical Sales Management SW, Inc. are responsible for Plaintiffs' injuries and/or deaths as outlined in Plaintiffs' Complaints. At this time, STHe is unaware of any other person or entity responsible for Plaintiffs' injuries or deaths but reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 19:** State the full name, address, telephone number, job title and employer of each and every person believed by Saint Thomas Health to have knowledge of facts regarding the claims alleged in this litigation, any defenses thereto, and/or any issues germane to this litigation. Please include any person believed to have knowledge of rebuttal or impeachment evidence, and for each person listed, please identify the subject matter of their knowledge and provide a brief description of their knowledge.

> **OBJECTION:** STHe objects to this interrogatory as overly broad and unduly burdensome.
>
> **ANSWER:** Subject to and without waiving the foregoing objections, Plaintiffs are believed to have knowledge of the facts in the Complaints. Any family members and friends who visited Plaintiffs in the hospital may also have knowledge of the facts in the Complaints.
>
> All persons identified in the medical records of STH and STOPNC are believed to have knowledge of the care and treatment of Plaintiffs. In accordance with FED. R. CIV. P. 33(d), STHe refers Plaintiffs to the STH medical records previously produced. In addition to the care and treatment of Plaintiffs, Dr. Robert Latham and Candace Smith have knowledge and information related to the investigation of the source and cause of the illnesses. Dr. John Culclasure, Debra Schamberg and Scott Butler will also have knowledge of this investigation, as well as STOPNC's business relationship with NECC. The Centers for Disease Control ("CDC") and Massachusetts Board of Public Health ("MBPH") have knowledge of the source and cause of illness and investigations

associated with the claims. The Tennessee Department of Health ("TDOH"), including Dr. Marion Kainer and Dr. April Pettit, have knowledge of the investigation, source and cause of illness, as well as communications with exposed patients

NECC employees are believed to have knowledge related to the manufacture of MPA and the circumstances of the contamination. STHe does not know who those persons are except that the owners have been identified in media reports.

The Defendants have knowledge of their corporate structure and business relationship, including officers identified above.

**INTERROGATORY NO. 20:** If you or anyone else has made any type of verbal or written statement to anyone or taken any verbal or written statements pertaining to the acquisition of medications from NECC, please state for each such statement the date it was given, the name, address and place of employment of the person who took such statement, and the method by which the statement was given.

> **OBJECTION:** STHe does not interpret this interrogatory as including STHe legal counsel; nor does it interpret this interrogatory as seeking information protected by the attorney-client privilege or work-product doctrine. To the extent Plaintiffs use this interrogatory to seek protected information or to impose an unnecessary and unwarranted privilege log burden, STHe objects to those attempts.
>
> **ANSWER:** Subject to and without waiving the foregoing objection, STHe is unaware of any described statements.

**INTERROGATORY NO. 21:** When and how did you (or your agents) become aware that Saint Thomas Neurosurgical had received contaminated medication from NECC and how did you respond to that information?

> **ANSWER:** On October 18, 2013, the CDC and FDA confirmed the presence of *exserohilum rostratum* in unopened vials of MPA from NECC. That information was provided to STHe on or shortly after October 18, 2013. Prior to that date, STHe was told that STOPNC had purchased MPA from NECC. STHe worked with STH to ensure that STH had sufficient resources to treat the volume of patients presenting to the STH Emergency Department and worked with governmental agencies to ensure they received appropriate information and data to investigate the situation.

**INTERROGATORY NO. 22:** Did Saint Thomas Health personnel make or were they requested to make any report to any government bodies, accreditation groups or any other oversight bodies regarding its acquisition of steroids from NECC and/or the fungal meningitis outbreak? If so, please identify and explain all such reports in detail.

> **OBJECTION:** STHe objects to this interrogatory for lack of foundation.

>**ANSWER:**  Subject to and without waiving the foregoing objection, STHe did not acquire steroids from NECC and has not been requested to make any reports to any governmental bodies.

**INTERROGATORY NO. 23:**  State the full name, date of birth, business address, job title, position and employer of every individual who provided information used in answering these interrogatories.  With respect to each person, detail the information provided and the interrogatory containing the information provided. In addition, where applicable, describe every document, communication or thing from which information included in the answers to these interrogatories was derived and for each document provide a description including the date, author, etc.

>**OBJECTION:**  STHe objects to this interrogatory as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information.

>**ANSWER:**  Subject to and without waiving the foregoing objections, Michael Schatzlein, M.D., Chairman of STHe, Craig Polkow, Vice-Chairman, Cathy Childs, Human Resources, and Jennifer Hendricks, Financial Coordinator.  Documents responsive to this request are identified in each interrogatory.

- 14 -

| | |
|---|---|
| Dated: December 11, 2013 | SAINT THOMAS HEALTH |
| | By its attorneys,<br>*/s/ Yvonne K. Puig*<br>Sarah P. Kelly (BBO #664267)<br>skelly@nutter.com<br>Dahlia Rin (BBO #674137)<br>drin@nutter.com<br>NUTTER McCLENNAN & FISH LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, Massachusetts  02210<br>(617) 439-2000 |

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
Marcy Hogan Greer*
Texas State Bar No. 08417650
Eric J. Hoffman*
Texas State Bar No. 24074427

FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

*Appearing *Pro Hac Vice*

53075913.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via Certified Mail, Return Receipt Requested (*) or electronic mail (**) on the 11th day of December, 2013, to:

J. Gerard Stranch, IV*
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone:  (615) 254-8801
Fax:  (615) 255-5419
gerards@branstetterlaw.com

C.J. Gideon**
Chris Tardio**
Gideon Cooper & Essary
315 Deadrick St., Suite 1100
Nashville, TN 37238
cj@gideoncooper.com
chris@gideoncooper.com

Ryan A. Ciporkin**
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
rciporkin@lawson-weitzen.com

Frederick H. Fern**
Alan M. Winchester**
Harris Beach PLLC
100 Wall Street, 23rd Floor
New York, NY 10005
hbnecc@harrisbeach.com

Matthew P. Moriarty**
Richard A. Dean**
Thomas W. Coffey**
Tucker Ellis, LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
matthew.moriarty@tuckerellis.com
richard.dean@tuckerellis.com
thomas.coffey@tuckerellis.com

Daniel M. Rabinovitz**
Nicki Samson**
Michaels & Ward, LLP
One Beacon Street, 2nd Floor
Boston, MA 02108
dmr@michaelsward.com
ns@michaelsward.com

Robert H. Gaynor**
Sloane & Walsh LLP
Three Center Plaza
Boston, MA 02108
rgaynor@sloanewalsh.com

Joseph P. Thomas**
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
jthomas@ulmer.com

Melinda L. Thompson**
Todd & Weld
28 State Street, 31st Floor
Boston, MA 02109
mthompson@toddweld.com

*Marcy Hogan Greer*
Marcy Hogan Greer

## VERIFICATION

STATE OF TENNESSEE )

COUNTY OF DAVIDSON )

I, Connie Esper-Kanze, being first duly sworn upon oath, depose and say that I am the Executive Director, Risk Management of Saint Thomas Health ("STHe") and that I am authorized to make this Affidavit on its behalf; that I have read the foregoing answers to Interrogatories and know the content thereof; that there is no single person employed by or otherwise connected with STHe who has personal knowledge of all the facts and information requested herein; that said Answers were prepared with the assistance and advice of counsel and the assistance of various employees and representatives of the corporation, upon which I have relied; that the Answers set forth herein, subject to inadvertently or undiscovered errors, are based on, and therefore necessarily limited by, the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these Answers; that the foregoing Answers are thus based upon corporate knowledge and are true and correct to the best of my knowledge and belief; that consequently, I reserve the right to make any changes in the Answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available and that, subject to the limitations set forth herein, the said Answers are true to the best of my knowledge, information and belief.

SAINT THOMAS HEALTH

By: _____
Connie Esper-Kanze
Executive Director, Risk Management

Sworn to and subscribed before me on this
The 11th day of December, 2013.

_____
NOTARY PUBLIC

My Commission Expires: March 14, 2017

*[Notary Seal: CHRISTA MCCLASKEY, STATE OF TENNESSEE NOTARY PUBLIC, MONTGOMERY COUNTY]*

53075913.1

- 16 -