**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | |
| | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) | Dkt. No 1:13-md-2419 (RWZ) |
| | ) | |
| All Suits Against the Saint Thomas Entities | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**SAINT THOMAS HEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**STEERING COMMITTEE'S SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Saint Thomas Health ("STHe")

submits its Objections and Responses to Plaintiffs' Steering Committee's Set of Requests for

Production as follows:

54003979.3

## GLOBAL OBJECTION

1.       On April 10, 2014, Judge Boal entered an order governing the production of electronically stored information ("ESI Order").  Pursuant to the ESI Order, counsel for the PSC and counsel for the Saint Thomas Entities had several meetings to agree upon custodians, search terms, and sources of electronically stored information that would be searched, reviewed, and produced.  STHe was clearly part of the agreements reached, as reflected by the fact that counsel for the PSC confirmed his "understanding" in August 2014 that "the Saint Thomas Entities will begin testing terms and providing an initial hit list."  Similarly, both parties designated STHe personnel, including Rebecca Climer, Chief Communications Officer for STHe, as agreed custodians pursuant to the ESI Order.  Counsel for Saint Thomas Entities explained on several occasions that significant effort and expense was being undertaken with the expectation that the ESI search, review, and the production process would be done once and not repeated.

To the extent the PSC is attempting to re-start the ESI process, STHe objects.  STHe does not object, however, to the extent the PSC is not attempting to compel additional electronic searches.

## OBJECTIONS AND RESPONSES TO SECOND SET OF
## REQUESTS FOR PRODUCTION

**REQUEST NO. 51:**   Produce the results of all "brand attribute surveys" conducted by St. Thomas Hospital and/or Saint Thomas Health referenced in Rebecca Climer's deposition at page 23, line 11.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in time or scope.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, no specific "brand attribute surveys" were conducted and STHe has no documents responsive to this request.

**REQUEST NO. 52:**   Produce the results of all "annual surveys" conducted by St. Thomas Hospital and/or Saint Thomas Health referenced in Rebecca Climer's deposition at page 23, line 23.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in time or scope.  STHe objects to this request as seeking confidential, proprietary, and trade-secret information. STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

**REQUEST NO. 53:**  Produce all transcripts of any focus groups referenced in Rebecca Climer's deposition at page 23, line 20 and page 142, lines 1-7.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe further objects to this request as seeking confidential, proprietary, and trade-secret information.

**REQUEST NO. 54:**   Produce the focus group summaries prepared by Tombras referenced in Rebecca Climer's deposition at page 142, lines 14- 15.

> **OBJECTION:**   STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe further objects to this request as seeking confidential, proprietary, and trade-secret information.

**REQUEST NO. 55:**   Produce a copy of any "on-call" agreements between St. Thomas Hospital and/or Saint Thomas Health, and Howell Allen Clinic.

> **OBJECTION:**   STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in time or scope.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

> **RESPONSE:**   Subject to and without waiving the foregoing objections, please see documents previously produced in this litigation.

**REQUEST NO. 56:**   Produce a copy of the "Medical Staff Rules and Regulations" for St. Thomas Hospital referenced in Dawn Rudolph's deposition at page 57, lines 24-25.

> **OBJECTION:**   STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

> **RESPONSE:**   Subject to and without waiving the foregoing objections, please see documents responsive to this request produced by St. Thomas Hospital.

**REQUEST NO. 57:**   Produce a copy of all documents relied upon by Saint Thomas Health and/or Saint Thomas in development of the "One Name One Healing Community" advertising campaign.

> **OBJECTION:**   STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe further objects to the phrase "and/or Saint Thomas" as vague and ambiguous.  STHe objects to this request as seeking confidential,

proprietary, and trade-secret information.  STHe further objects to this request as seeking electronically stored information, without appropriately limited time constraints, that is not reasonably accessible due to undue burden or cost, and this burden and expense outweighs any likely benefit of the requested information.

**REQUEST NO. 58:**  Produce all documents related to any focus group conducted by Saint Thomas Health and/or Saint Thomas Hospital.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in time or scope.  STHe objects to this request as seeking confidential, proprietary, and trade-secret information. STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

**REQUEST NO. 59:**  Produce a copy of all "related documents" and "attachments" identified in Saint Thomas Hospital's Hospital Formulary System document.   By way of clarification, these documents are referenced in previously produced documents at Bates Number STWH000004-5.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, please see documents previously produced in this litigation and additional documents responsive to this request produced by St. Thomas Hospital.

**REQUEST NO. 60:**  Produce all Protocol T-14 forms submitted for the use of any compounding pharmaceutical dispensed pursuant to Section D of the Hospital Formulary System, Hospital F-01. By way of clarification this section appears in previously produced documents at Bates Number STWH000003-4.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

**REQUEST NO. 61:**  Produce Martin Kelvas' employment separation agreement.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

**REQUEST NO. 62:**  Produce all documents received from the American Society of Health-System Pharmacists that reference compounded pharmaceuticals.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in time or scope.  STHe further objects to this request as seeking electronically stored information, without appropriately limited time constraints, that is not reasonably accessible due to undue burden or cost, and this burden and expense outweighs any likely benefit of the requested information.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, please see documents previously produced in this litigation.

**REQUEST NO. 63:**  Produce all documents showing any inventory of methylprednisolone acetate or Depo-Medrol that were in Saint Thomas Health and/or Saint Thomas Hospital's possession, custody or control from January 2011-December 2012.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in scope.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, no responsive documents were located.

**REQUEST NO. 64:**   Produce all documents showing any purchases of methylprednisolone acetate or Depo-Medrol that were made by Saint Thomas Health (and its affiliates, subsidiaries, joint ventures, and/or related entities) and/or Saint Thomas Hospital from January 2011-December 2012.

> **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in scope.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

**REQUEST NO. 65:**  Produce all documents you intend to use at trial.

> **OBJECTION:**  STHe objects to this request as premature, as common fact discovery is ongoing and expert discovery and case-specific discovery have not yet commenced. STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in scope, and invades the attorney work product privilege.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, STHe will supplement in accordance with the Federal Rules of Civil Procedure and any scheduling order of the Court.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  If any or all documents requested in the above Requests for Production of Documents or identified herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then with respect to each and every such document describe the nature of the document (e.g. letter or memorandum), state the date of the document, identify the persons who sent and received the original and a copy of the document and state the manner and date of disposition of the document.

> **OBJECTION:**  STHe objects to this interrogatory to the extent it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26 and 33, and unlikely to lead to the discovery of relevant or admissible information regarding any allegation in the Complaints.  STHe also objects to this interrogatory as overly broad and unduly burdensome because it is not appropriately limited in time.  STHe does not interpret this interrogatory as including information protected by the attorney-client privilege or work-product doctrine.  To the extent Plaintiffs use this interrogatory to seek protected information or to impose an unnecessary and unwarranted privilege log burden, STHe objects to those attempts.

Dated: June 15, 2015

SAINT THOMAS HEALTH

By its attorneys,
*/s/ Yvonne K. Puig*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

Alexander Dubose Jefferson & Townsend LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing *Pro Hac Vice*

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that the foregoing document was served in the following manner on the 15th day of June, 2015, to:

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS
PLLC
227 Second Avenue North
Nashville, TN  37201
Phone:  (615) 254-8801
Fax:  (615) 255-5419
gerards@bsjfirm.com
beng@bsjfirm.com

*Via Electronic Mail*

Roberto M. Braceras
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
rbraceras@goodwinprocter.com


*Via Electronic Mail*

C.J. Gideon
Chris Tardio
Gideon Cooper & Essary
315 Deaderick St., Suite 1100
Nashville, TN 37238
cj@gideoncooper.com
chris@gideoncooper.com



*Via Electronic Mail*

Mark Chalos
Lieff Cabraser Heimann & Bernstein, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
mchalos@lchb.com
korsland@lchb.com


*Via Electronic Mail*

                    /s/ *Eric J. Hoffman*
                  Eric J. Hoffman