Case 1:13-md-02419-RWZ   Document 2273   Filed 09/28/15   Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Actions | MDL No. 13-2419-RWZ |

**OPPOSITION BY THE UNITED STATES TO THE ST. THOMAS ENTITIES' MOTION TO COMPEL MEDICAL SALES MANAGEMENT, INC. TO PRODUCE CERTAIN DOCUMENTS PRODUCED IN CRIMINAL DISCOVERY**

The United States of America hereby moves to intervene for the purpose of opposing the St. Thomas Entities' Motion to Compel Medical Sales Management, Inc. to Produce Certain Documents ("Motion to Compel MSM"), Document No. 2248. The government moves to intervene here on the same bases as those set forth in the Motion of the United States for Leave to Intervene and for a Stay of Certain Depositions Pending Resolution of Related Criminal Proceedings, and Memorandum in Support Thereof and in Opposition to the St. Thomas Entities' Motion to Compel Production of Criminal Discovery ("Motion to Intervene"), filed on September 4, 2015 (Document No. 2209), and incorporates those intervention arguments herein by reference.

The government requests that this Court deny the Motion to Compel MSM on several grounds. First, the materials the St. Thomas Entities now seek are not, and should not be, in Medical Sales Management, Inc.'s ("MSM") possession, custody, or control. The government produced discovery in the criminal case to the criminal defendants – which do not include MSM – and the protective order in that case prohibits the criminal defendants from providing that discovery to other individuals or entities except under limited circumstances that do not apply

here.  Second, as was the case in the St. Thomas Entities' earlier motion to compel criminal discovery (Document No. 2117), and as this Court noted in its Order on that motion (Document No. 2240), the St. Thomas Entities once again cite no case law that supports their argument that they are entitled to any of the government's criminal discovery.  Third, given the nationwide public interest in this case and the number of people who would be allowed access to the government's criminal discovery if the Court does not deny the St. Thomas Entities' Motion to Compel MSM, there is a real chance of the documents and/or information contained therein being leaked.  Fourth, much of the criminal discovery the St. Thomas Entities now seek is not relevant to the civil litigation.  Fifth, allowing the St. Thomas Entities to obtain criminal discovery – especially, as would be the case here, from a non-party to the criminal case – would be unprecedented, and the government suggests that this is not the case in which to set such a precedent.

## ARGUMENT

**1.    MSM Does Not Have Possession, Custody, or Control of the Criminal Discovery.**

Following their unsuccessful attempts to obtain criminal discovery from the invoking defendants, the St. Thomas Entities now seek a subset of the criminal discovery from a corporate entity, MSM.  However, MSM, to the government's knowledge, does not have it.  The government only produced discovery in the criminal case to the criminal defendants, of which MSM is not one, and the protective order entered in the criminal case prohibits the defendants from sharing it except in circumstances not applicable here.  MSM thus does not, and could not,

have possession, custody, or control of the criminal discovery, and cannot be required to produce it.[1]

The St. Thomas Entities argue that they are only seeking materials that once belonged to MSM, which the government seized pursuant to search warrants and have since "returned" to the company. See Mem. in Support of Motion to Compel MSM, at 3, 5 (Document No. 2249). They are wrong. First, the government has not returned evidence it seized pursuant to search warrants to anyone. The evidence seized pursuant to search warrants, including those executed at NECC and MSM, has been and continues to be maintained by the government pending trial in the criminal case. Second, producing criminal discovery to individual criminal defendants does not amount to returning seized evidence. Third, no criminal discovery was ever produced to MSM because they are not a party to the criminal case. Fourth, much of the evidence the St. Thomas Entities seek in their Motion to Compel MSM was not obtained by the government pursuant to search warrants, but rather through other investigative means. For all of these reasons, the St. Thomas Entities' argument is completely incorrect, and their Motion should be denied.

**2.  The Court Should Deny the Motion to Compel MSM for the Same Reasons Cited in the Government's Motion to Intervene.**

The government submits that the Court should deny the St. Thomas Entities' Motion to Compel MSM for the further reasons set forth in the government's Motion to Intervene, and incorporates those arguments herein. They are:  (1) the St. Thomas Entities cite no law in support of their argument that a civil litigant is entitled to criminal discovery, no matter how

---

[1] In support of this argument, the St. Thomas Entities cite civil cases for the unremarkable proposition that a corporation may be deemed to have control over documents in the possession of its directors or officers related to their work for the corporation. But these cases cannot stand for the proposition that a corporation is deemed to have control over criminal discovery provided by the government to an individual criminal defendant who is a director or officer of the corporation. Such an extraordinary proposition would completely upend the criminal process.

much it wants it, see United States v. Moussaoui, 483 F.3d 220, 233 (4th Cir. 2007) ("There appears to exist no other case in which a district court in a criminal case required the Government to provide non-public criminal discovery materials to victims for their use in civil litigation against third parties in a different jurisdiction."); (2) if this Court were to authorize such production, the criminal discovery would be in so many hands that the risk of a leak in a case with such national interest would be quite real; (3) the criminal discovery they seek is not relevant to proving their comparative fault defense, since it will not be disputed in the civil cases that NECC sold the St. Thomas Entities contaminated methylprednisolone acetate; and (4) it would be unprecedented to order that criminal discovery be provided to civil litigants in these circumstances, and there is too much at stake in the criminal case for this Court to set such a precedent here.  The government refers the Court to its Motion to Intervene, in which these arguments are more fully set forth, and in particular to the Fourth and Eleventh Circuits' opinions in United States v. Moussaoui, 483 F.3d at 237-239, and United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986), on how granting such a request could set a "dangerous precedent" and cause "severe" consequences for criminal discovery in future criminal cases.

**CONCLUSION**

For all of these reasons, the government requests that the Court deny the St. Thomas Entities' Motion to Compel MSM.

          Respectfully submitted,

          CARMEN M. ORTIZ
          UNITED STATES ATTORNEY

By:   /s/ Amanda P.M. Strachan
       AMANDA P.M. STRACHAN
       BBO # 641108
       GEORGE P. VARGHESE
       Assistant United States Attorneys
       John Joseph Moakley Courthouse
       One Courthouse Way, Suite 9200
       Boston, Massachusetts  02210
       (617) 748-3100
       amanda.strachan@usdoj.gov
       george.varghese@usdoj.gov

Dated:  September 28, 2015

Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

By:   /s/ Amanda P.M. Strachan
       AMANDA P.M. STRACHAN
       Assistant United States Attorney

Dated:  September 28, 2015