**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | |
| | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) | Dkt. No 1:13-md-2419 (RWZ) |
| | ) | |
| All Suits Against the Saint Thomas Entities | ) | |
| | ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF THE SAINT THOMAS ENTITIES'**
**MOTION TO COMPEL GREGORY CONIGLIARO TO PRODUCE CERTAIN**
**MATERIALS**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, and 37, the Saint Thomas Entities[1] hereby file this motion to compel Gregory Conigliaro to produce certain business records related to training and marketing at Medical Sales Management, Inc. and Medical Sales Management SW, Inc. (collectively "MSM").  For the reasons explained in this Memorandum, this Court should compel Mr. Conigliaro to produce the materials discussed below.

## I.    BACKGROUND AND ARGUMENT

The Saint Thomas Entities have asserted that certain entities, including MSM, caused or contributed to the injuries and deaths at issue in this lawsuit.[2]  MSM marketed the New England Compounding Center's ("NECC") products to health care providers across the country, including Saint Thomas Hospital, based on false representations that NECC compounded safe, high quality

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

[2] *See* Saint Thomas Entities' Master Answer (Dkt. No. 1464).

products that met industry standards and were properly tested.  Mr. Conigliaro is an owner, director, and secretary of MSM.[3]  He is also an owner and director of NECC.

Evidence of MSM's sales and training materials is critical in showing that MSM's misrepresentations were a proximate cause of Plaintiffs' injuries and how MSM would have responded to any of the inquiries Plaintiffs claim STOPNC should have made regarding NECC and its products.  In particular, it is anticipated that the training materials will demonstrate that MSM sales representatives were trained to provide customers with utmost assurance that NECC products were safe, effective and better than those available from manufacturers.  But the Saint Thomas Entities need the training materials to prove this at trial.

Accordingly, the Saint Thomas Entities previously requested MSM's business records, including (1) training materials used by MSM regarding advertising, selling, or distributing compounded medications; and (2) marketing and advertising materials used by MSM to market compounded medications or compounding services for NECC or Ameridose.[4]  MSM refused to produce any training documents or videos responsive to the Saint Thomas Entities' requests.

After learning that such materials had been seized by the Government and returned to MSM's owners and directors as part of criminal discovery, the Saint Thomas Entities moved to compel certain individuals—including Mr. Conigliaro—to produce the materials.[5]  Those materials included the training materials and other business records that were responsive to the Saint Thomas Entities' requests for production to MSM.

---

[3] *See* the business entity summary from the Massachusetts Secretary of State, attached as Exhibit 2 to the memorandum filed by the Saint Thomas Entities in support of their motion to compel MSM to produce the same documents at issue herein, (Dkt. # 2249).

[4] *See id.*, Exhibit 1, Requests 7 and 10.

[5] *See* Saint Thomas Entities' Motion to Compel Invoking Defendants to Produce Certain Documents (Dkt. Nos. 2117).

Judge Boal denied the Saint Thomas Entities' motion to compel the individuals to produce *all* of the documents that the Government produced to them.[6]  While she acknowledged that some of the documents sought by the Saint Thomas Entities likely "would be relevant to the instant proceedings," she concluded that a blanket request for all 8.7 million documents was overly broad, unduly burdensome and failed to demonstrate particularized need for the materials.

In light of Judge Boal's Order, on September 14, 2015, the Saint Thomas Entities narrowed their requests to a limited set of readily identifiable and easily obtained items limited to the particularized need addressed above.  They filed a motion and supporting memorandum seeking to compel MSM to produce those items.[7]  That motion is currently pending.

It is the Saint Thomas Entities' understanding that the relevant materials, which are business records of MSM, were seized by the Government and subsequently returned to the owners and directors of MSM.  To the extent that MSM contends that the requested materials are not in its possession, custody, control, the Saint Thomas Entities seek to compel Mr. Conigliaro personally—as an owner and director of MSM—to produce the narrow set of materials responsive to their requests.  The particularized need here is clear since nobody else possesses these highly relevant business records.

Accordingly, the Saint Thomas Entities request the Court for an order compelling Mr. Conigliaro to produce the following items, which are business records of MSM that were seized by the Government and then returned to MSM's owners and directors, including Mr. Conigliaro:

- Twenty-six discs containing audio and video recordings of NECC sales trainings labeled "NECC Sales Audio and Video.";

---

[6] *See* Dkt. No. 2240.

[7] *See* Dkt. Nos. 2248-2249.

- White binder labeled, in part, "NECC Sales & Product Training March 7-11, 2005" (Control # 56);

- Compact discs labeled, in part, "Barry Cadden Sales Education" (Control # 56);

- Compact disks labeled, in part, "Barry Cadden Sales Education" (Control # 28);

- Compact Discs labeled, in part, "Barry Cadden Sales Education" (Control # 41);

- Pages of instructions on confirming orders (Control # 27);

- White binder labeled, in part, "New England Compounding Center Pharmacy and Product Training Guide" (Control # 6);

- Packet labeled, in part, "Do you have questions about specific risk levels for any of your hospital's compounded preparations?" (Control # 43);

- Promotional book labeled, in part, "NECC Hospital" (Control # 15);

- White binders labeled, in part, "Training Binder" (Control # 33);

- White binders labeled, in part, "Hospital Team Training Binder" (Control # 33);

- White binder labeled, in part, "necc Surgery Center Training Binder" (Control # 8);

- White binder labeled, in part, "necc Surgery Center Training Binder" (Control # 7); and

- White binders labeled, in part, "Surgery Center Training Binder" (Control #33).

## II.    CONCLUSION

WHEREFORE, the Saint Thomas Entities respectfully request the Court enter an order compelling Mr. Conigliaro to produce the narrow set of readily identifiable documents listed above, which are MSM business records seized from MSM and returned to its owners and directors as part of the Government's disclosure obligations in their criminal trials.

Dated: September 30, 2015

By their attorneys,

*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## <u>LOCAL RULE 37.1 CERTIFICATION</u>

Counsel for the Saint Thomas Entities met and conferred with counsel for Mr. Conigliaro in a good-faith effort to resolve this discovery dispute but no resolution was reached.

*/s/ Sarah P. Kelly*
Sarah P. Kelly


## <u>CERTIFICATE OF SERVICE</u>

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 30th day of September, 2015.

*/s/ Sarah P. Kelly*
Sarah P. Kelly

54168284.2

- 6 -