# EXHIBIT 1

```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                  NORTHEASTERN DIVISION
```

```
STATE FARM FIRE AND CASUALTY    )
COMPANY                         )
                                )
         Plaintiff              )
                                )   No. 2:15-cv-0026
v.                              )   Chief Judge Sharp/Brown
                                )   Jury Demand
SPECIALTY SURGERY CENTER, PLLC  )
et al.                          )
                                )
         Defendant              )
```

**O R D E R**

Presently pending is a motion by the Individual Tort Victim Defendants and Counter-Plaintiffs (Individual Tort Victim Defendants) (Docket Entry No. 67) requesting that the Court strike paragraphs 52 and 62 of the Complaint or alternatively stay proceedings until there has been a decision on the parties' underlying personal injury and wrongful death lawsuits in the multi-district litigation action which is presently pending in Massachusetts.

The matter has been thoroughly briefed (Docket Entries 68, 69, 70, 73 and 76).

The Motion to Strike is **DENIED**. Rule 12(f) motions to strike are "viewed with disfavor and are not frequently granted." Operating Engineers Local 234 Healthcare Plan v. G&W Constr. Co., 783 Fed.3d 1045, 1050 (6${}^{th}$ Cir. 2015). It does not appear to the Magistrate Judge that there is anything redundant, immaterial,

impertinent or scandalous about these two paragraphs. Judge Zobel in the MDL action (Case No. 13-md-02419) denied motions to dismiss claims of Tennessee Plaintiffs under the Tennessee Product Liability Act, Tenn. Code Ann., Section 29-28-101 (TPLA). She found for the purpose of a dismissal motion under Federal Rules of Civil Procedure 12(b)(6) the TPLA claims were not preempted by the Tennessee Healthcare Liability Act, Tenn. Code Ann., Section 29-26-101(THCLA). In re New England Compounding Pharm., Inc. Prods. Liab. Litig., 2014 U.S. Dist. LEXIS 121062 *60 (D. Mass., Aug. 29, 2014.) Judge Zobel specifically noted that there was no Tennessee law on this issue one way or the other and that she was reluctant to grant the motion at such an early stage of the case. The Magistrate Judge believes that the same reasoning should preclude this Court from striking those defenses which may or may not be viable as the case progresses.

      The second portion of the motion requests that this Court stay proceedings in this action until there has been a ruling on the parties' underlying personal injury and wrongful death lawsuits in the MDL.

      In the MDL, the Individual Tort Victim Defendants are pursuing claims against State Farm's insured, Specialty Surgery Centers (SSC) and Dr. Kenneth Lister (Dr. Lister). State Farm admits that it has issued insurance policies and is providing a defense for SSC and Dr. Lister in the MDL action under a

reservation of rights. State Farm filed this Declaratory Judgment Act in order to obtain a ruling that Tennessee Health Care Defendants are not sellers of the contaminated drug (MPA) which was administered to numerous patients in Tennessee and elsewhere and thus there is no liability by State Farm's insured.

This motion is **GRANTED IN PART** and **DENIED IN PART**. All parties seem to agree that a decision is necessary on this unresolved issue of Tennessee law. Since there has been no ruling by any Tennessee court on this issue, it should be the right of the Tennessee courts to make the first ruling in this area. As Judge Zobel noted in her opinion at *30 "federal courts hearing diversity matters should be extremely cautious about adopting substantive innovations in state law."

The Magistrate Judge believes that the best resolution in order to provide efficiency and accord comity to the right of Tennessee courts to decide issues of Tennessee law is to submit a certification of this question to the Tennessee Supreme Court pursuant Rule 23 of that Court. While it might be possible for the MDL court to make such a request, the SSC and Dr. Lister note in their brief (Docket Entry No. 70, p. 12, n. 25) that Rule 23 reads that "the Tennessee Supreme Court may, at its discretion, answer questions of law certified to it by . . . a District Court of the United States in Tennessee." Any question about the right to request a certification would be resolved by this Court certifying

3

a question to Tennessee Supreme Court under Rule 23.

A decision by the Tennessee Supreme Court would resolve this declaratory action as well as that issue in the MDL. This would seem to be the most efficient use of the time and resources of all the courts involved in this matter.

Accordingly, proceedings in this case are stayed pending the preparation of a request by the parties for Chief Judge Sharp to certify the issue to the Tennessee Supreme Court and then until the Tennessee Supreme Court completes action on the request.

The parties in this declaratory judgment action are directed to confer and submit by October 23, 2015, a proposed request for certification for Chief Judge Sharp's consideration and submission to the Tennessee Supreme Court under Rule 23. In the event the parties are unable to agree on the language for the certified question, they should request a conference call with the Magistrate Judge to resolve any disagreement in language.

Following the submission of the certification to the Tennessee Supreme Court, the Clerk is directed to administratively close this case, pending further action by the Tennessee Supreme Court. Following final action by the Tennessee Supreme Court, any party may request that this case be reopened and a new scheduling order be entered as necessary.

It is so **ORDERED**.

/s/  Joe B. Brown
JOE B. BROWN

4

United States Magistrate Judge