UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>)<br>All Cases )<br>) | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

## Notice of 30(b)(6) Deposition of MedAssets, Inc.

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants"), pursuant to Federal Rules of Civil Procedure 45 and 30(b)(6), come now and give notice that the oral and videotaped deposition of MedAssets, Inc. ("MedAssets"), as an organization, will be taken on the topics detailed below. MedAssets shall identify the person(s) who will speak on its behalf on each topic at least seven (7) days before the deposition(s).

The deposition will be taken on October 23, 2015, beginning at 9:00 a.m. (CDT) and continuing until completed. The deposition will take place at the law firm of Gideon Cooper & Essary, PLC, 315 Deaderick St., Suite 1100, Nashville, TN 37238. The deposition will be recorded by stenographical means and by video.

* * * * * * *

Pursuant to Federal Rule of Civil Procedure 30(b)(6), MedAssets' designee(s) shall be prepared to testify regarding the following subjects:

1. MedAssets'[1] decision to contract with the New England Compounding Pharmacy, Inc. ("NECC"), including:

   a. The individuals at MedAssets involved in the decision

   b. The individuals at NECC involved in discussing or negotiating the contract

   c. Information requested from NECC by MedAssets, including when such information was requested

   d. Information provided to MedAssets by NECC, including when such information was provided

   e. Any investigation of NECC performed by MedAssets prior to contracting with NECC, including (1) when such investigation was performed and (2) any site visit or audit of NECC performed by MedAssets.

2. Communications between NECC and MedAssets, including (1) the parties involved, (2) the substance of the communications, and (3) the timing of the communications.

3. The relationship between NECC and MedAssets, including any and all contracts between the two organizations.

4. The names of customers who purchased medication from NECC in 2011 and 2012 pursuant the agreement between MedAssets and NECC.

---

[1] With respect to the topics in this notice, "MedAssets" includes Broadlane, which has been purchased by MedAssets, Inc. See http://www.broadlane.com/.

2

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street
Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted pro hac vice.

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 2nd day of October, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**

3