UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL No. 13-2419-RWZ |
| This Document Relates To: | ) ) ) | |
| All Actions | ) ) ) | |

**MEDICAL SALES MANAGEMENT INC.'S AND MEDICAL SALES MANAGEMENT SW INC.'S OPPOSITION TO THE ST. THOMAS ENTITIES' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS PRODUCED AS CRIMINAL DISCOVERY TO INDIVIDUAL DEFENDANTS IN THE CRIMINAL MATTER AND
<u>CROSS-MOTION FOR PROTECTIVE ORDER</u>**

Medical Sales Management Inc. and Medical Sales Management SW (collectively

"MSM") hereby oppose the St. Thomas Entities' Motion to Compel Medical Sales Management,

Inc. to Produce Certain Documents (Document No. 2248).

**A. St. Thomas' Motion to Compel Production of Certain Documents Produced As Criminal Discovery to Individual Defendants In The Criminal Matter Should Be Denied.**

As this Court is aware, through their Opposition By The Unites States to the St.

Thomas Entities' Motion to Compel Medical Sales Management Inc. to Produce Certain

Documents Produced in Criminal Discovery (Docket 2273), the government has also

requested that this Honorable Court deny St. Thomas' Motion to Compel Medical Sales

Management, Inc. to Produce Certain Documents.  MSM submits that two of the

government's arguments are particularly noteworthy.  First, "[t]he government produced

discovery in the criminal case to the criminal defendants – which do not include MSM." (*Id*. P.

1). As such, the materials the St. Thomas Entities seek are simply not in MSM's possession,

custody, or control.  Second, with respect to the St. Thomas Entities' argument that they seek

materials that "once belonged to MSM, which the government seized pursuant to search

warrants and have since 'returned' to the company See Mem. in Support of Motion to

Compel MSM, at 3, 5 (Document No. 2249).  They are wrong." (*Id*. P. 3).

The import of both of these points should cause this Court to deny the St. Thomas

Entities' motion, without the necessity of hearing oral argument on this motion.  The

government produced discovery only to the criminal defendants; MSM is not one of the

criminal defendants; *A Fortiori,* MSM does not possess, control or have custody of materials

produced by the government in the context of criminal discovery.  Moreover, the government

has clearly stated that it has "not returned evidence it seized pursuant to search warrants to

anyone." (*Id*.)  Therefore, a central premise of St. Thomas' argument is plainly incorrect.

In addition, once again the St. Thomas Entities' citation to case law is thin and

inapplicable.  St. Thomas cites Flagg v. City of Detroit 252 F.R.D. 346(2008) and Ridell v.

Brooks, et al, 158 F.R.D. 555(1994) for the proposition that various documents which St.

Thomas incorrectly claims were "returned to MSM's owner (sic) directors and managers as a

result of criminal discovery" (St. Thomas' Motion To Compel MSM to Produce Certain

Documents P. 5) are "unquestionably in MSM's possession, custody and control" (*Id*. P. 6).

However, the facts and issues raised in these cases are not similar to the facts and issues

presented in the instant matter.

In Flagg, the issue was whether the City of Detroit had possession, custody and control of

text messages preserved by a third-party provider, with whom the city had a contractual

relationship.  MSM submits that the facts of the case before the Court are so obviously different

that this Court should treat St. Thomas' reliance on <u>Flagg</u>  just as this Court previously treated

St. Thomas' reliance on the  <u>EBay</u> case (i.e. inapplicable).

Similarly, in the <u>Ridell</u> case, an officer of the company, in furtherance of the corporate

officer's functions as a corporate officer, apparently made recordings of telephone conversations

and then gave those recordings to counsel for the company.  The company then contended that

the tapes were personal property of that officer and thus the tapes should have been sought by

serving a Subpoena on the officer himself.  Not surprisingly, the <u>Ridell</u> court disagreed and held

that the tapes, created in furtherance of the officer's functions, were in the control of Ridell.

Quite obviously, this is not the case here.  In this case, the government produced material to

individual defendants, who are officers or directors of MSM, in the context of those individuals

being defendants in a criminal action.  However, since the government did not produce anything

to MSM, the company MSM lacks possession, custody or control over the materials produced to

the individual defendants.

### B. A Protective Order Should Issue Prohibiting Any Party From Seeking Production of Material Produced By The Government to The Individual Defendants In the Criminal Matter From MSM.

In the context of St. Thomas' previous motion to obtain over eight million pages of

materials produced by the government to individual defendants, the individuals moved for a

protective order, seeking a prohibition on anyone seeking any material produced to the

individuals by the government.  Although at that time, and in that context, this Court declined to

issue a protective order, MSM urges this court to issue a protective order, prohibiting any party

from seeking materials *from MSM* which were produced by the government to individual

defendants.  As more specifically set forth above, MSM has not received discovery material from

the government and as such MSM should not have to continue to engage in motion practice as to

that issue. (MSM is not requesting that the protective order prohibit parties from seeking material

in MSM's possession, custody, or control.  So long as those efforts complied with MDL Order

No.1482, which limits discovery against Settling Defendants to information relevant to the

defense of, or prosecution of, third-party claims, all rights under the Federal Rules of Civil

Procedure would remain available to all parties).

     WHEREFORE MSM PRAYS that this Honorable Court deny St. Thomas Entities'

Motion to Compel Medical Sales Management, Inc. to Produce Certain Documents and issue a

protective order prohibiting any party from seeking materials from MSM which were produced

by the government to individual defendants.


Dated:  October 2, 2015

Respectfully submitted,
DEFENDANTS MEDICAL SALES
MANAGEMENT, INC. AND MEDICAL
SALES MANAGEMENT SW, INC.,

By their attorneys,
/s/ Dan Rabinovitz
Dan Rabinovitz, Esq. (BBO #558419)
John K. Wells, Esq. (BBO #671345)
Greenberg Traurig LLP
One International
Boston, MA 02110
(617) 310-6000 (phone)
(617) 310-6001 (fax)
rabinovitzd@gtlaw.com
wellsj@gtlaw.com


## CERTIFICATE OF SERVICE

     I hereby certify that on October 2, 2015, a true copy of the foregoing was filed in
accordance with the Court's Electronic Filing Guidelines and will be sent to all counsel of record
by operation of the Court's electronic filing system.


/s/ Dan Rabinovitz
Dan Rabinovitz, Esq.