# EXHIBIT
# [Proposed Reply]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: Suits Naming the Tennessee Clinic Defendants | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**TENNESSEE CLINIC DEFENDANTS' REPLY RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO NECC [DKT. 2190]**

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants") submit the following reply in support of their Motion to Compel Compliance with Subpoena to NECC.[1]

For their Reply, the Tennessee Clinic Defendants state:

1. On April 17, 2015, the Tennessee Clinic Defendants served NECC with a subpoena for the production of documents.

2. On May 1, 2015, the Trustee responded to the subpoena. As part of his response, the Trustee referred the Tennessee Clinic Defendants to the "document dump" available on the US Legal document repository.

---

[1] The motion and memorandum in support are at Dkts. 2190 and 2191. The Trustee's Response is at Dkt. 2227.

3.      On August 25, 2015, the Tennessee Clinic Defendants moved to compel NECC to comply with the document subpoena. Among other things, the Tennessee Clinic Defendants sought an index of the documents produced to date by NECC.[2] Such an index will assist in determining what has actually been produced, rather than requiring the Tennessee Clinic Defendants to blindly search a dump of 100,000+ pages of unorganized documents to (1) locate those that are responsive and (2) determine whether NECC has actually provided a *complete* response to the subpoena. The Trustee's worn-out response, "relevant documents are available on the repository" does not satisfy NECC's obligation to respond to the subpoena. Nor does the production of *some* relevant documents. NECC is required to provide a *full and complete* response to the subpoena and identify documents responsive to specific requests.[3]

4.      On September 8, 2015, the Trustee responded to the motion to compel. In the response, the Trustee represented to the Court that: "Indices identifying the Bates-stamp ranges of documents responsive to each informal request for production of documents were uploaded into the Repository prior to April 17, 2015, the date of service of the Subpoena, and are therefore available to the Tennessee Clinic Defendants."[4]

---

[2] *E.g.*:

| Bates Range | Document Description |
|---|---|
| NECC_MDL-00001 to NECC_MDL-0100 | NECC Standard Operating Procedures |
| NECC_MDL-00101 to NECC_MDL-0199 | Sterility testing results for NECC medications |

[3] *See Monaghan v. SZS 33 Associates, L.P.*, 148 F.R.D. 500, 513 (S.D.N.Y. 1993) ("In light of Miller's statements regarding the existence and condition of more than 500,000 documents, it is unacceptable at this stage in these proceedings to impose upon the Plaintiffs what is ultimately SZS's burden, to wit, that of locating, identifying, and organizing its own documents. It is entirely unreasonable to subject the Plaintiffs to SZS's wandering haystacks of matter unorganized.")

[4] Dkt. 2227 at 7.

5. After reviewing the Trustee's response, the Tennessee Clinic Defendants reached out to the Trustee and requested that he provide copies of the indices referenced in his response. After more than two weeks, the Trustee identified two indices produced by Harris Beach and an index from US Legal (the company that hosts the document repository).

6. The two indices from Harris Beach identify the documents and electronically-stored information from NECC that have been *preserved* or *collected* (not produced). The index from US Legal provides only the date of upload and the Bates range of the documents uploaded to the repository, with no description of the subject-matter of the documents or identification of the document request that prompted the production.

7. Contrary to the Trustee's statement in his opposition, none of the indices "[identify] by Bates-stamp ranges documents responsive to each informal request for production of documents…."[5] The Tennessee Clinic Defendants have also yet to see a single "informal request for production of documents" that resulted in NECC's production of documents.

8. The Tennessee Clinic Defendants file this reply to set the record straight and renew their request for an index of the documents that have been produced that allows for some categorization to the 100,000+ page document dump from NECC.

---

[5] The email exchange between the Tennessee Clinic Defendants and the Trustee regarding the indices is attached as Exhibit 1.

3

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 5th day of October, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**

4

# EXHIBIT 1

# Matt H. Cline

| | |
|---|---|
| **From:** | Wintle, Keri L. <KLWintle@duanemorris.com> |
| **Sent:** | Friday, September 25, 2015 4:30 PM |
| **To:** | Matt H. Cline |
| **Cc:** | Gottfried, Michael R.; Chris J. Tardio; C. J. Gideon |
| **Subject:** | RE: NECC Data log for Gideon Cooper.pdf |

Attorney Cline,

We do not consent to the filing of a reply brief.

We would also like to emphasize that the documents in the Repository are fully searchable and you have the ability to conduct key word searches using whatever terms and phrases you like to locate documents you feel are relevant to your defense.

Regards,



**Keri L. Wintle**
Associate

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724

**P:** +1 857 488 4226
**F:** +1 857 401 3021

E-MAIL | BIO | VCARD

---

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Thursday, September 24, 2015 3:39 PM
**To:** Wintle, Keri L.
**Cc:** Gottfried, Michael R.; Chris J. Tardio; C. J. Gideon
**Subject:** RE: NECC Data log for Gideon Cooper.pdf

Keri:

Thank you for the response.

In the response to our motion to compel, you represented to the Court that ""[i]ndices identifying the Bates-stamp ranges of documents responsive to each informal request for production of documents were uploaded into the Repository prior to April 17, 2015, the date of service of the Subpoena, and are therefore available to the Tennessee Clinic Defendants." Dkt. 2227 at 7.

The US Legal index provides only the date of production and Bates range. It identifies neither the subject matter of the documents produced nor the subject matter of the informal requests to which the documents were responsive. I have also reviewed the two additional indices identified below. These two indexes also fail to provide this information. The former is simply a generic list of the electronic data *preserved* (rather than produced) by Harris Beach, and the latter is a list of the hard copy documents that were *collected* (again, not produced) by Harris Beach.

1

If there is some other index to which you were referring in your response, please let us know. If not, will you consent to our filing of a brief reply to your response, pursuant to MDL Order No. 11 (Dkt. 1524), so that we may ensure that the Court has a complete record on this issue? Please let me hear from you by close of business on Tuesday, September 29. If we do not hear from you, we will assume that no index exists and you do not consent to the filing of a reply.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

**From:** Wintle, Keri L. [mailto:KLWintle@duanemorris.com]
**Sent:** Thursday, September 24, 2015 1:51 PM
**To:** Matt H. Cline
**Cc:** Gottfried, Michael R.
**Subject:** RE: NECC Data log for Gideon Cooper.pdf

Good Afternoon Attorney Cline:

In response to your email of September 9th, our understanding is that the index you attached is generated by US Legal and that it tracks all of the document productions that were received from various sources and uploaded into the repository.

We also refer you to the indices prepared by Harris Beach in connection with the Court's August 12, 2014 Order, which were both uploaded into the repository and are identified by the following Bates-stamp ranges: (1) NECC_MDL000032400-32408, and (2) NECC_MDL000032409-32677.

Regards,



**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Friday, September 18, 2015 4:04 PM
**To:** Gottfried, Michael R.
**Cc:** Chris J. Tardio; C. J. Gideon; Lisa A. Ohman
**Subject:** RE: NECC Data log for Gideon Cooper.pdf

Michael:

When can I expect a response to my email below?

Thanks.

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Matt H. Cline
**Sent:** Wednesday, September 09, 2015 9:23 AM
**To:** Michael R. Gottfried
**Cc:** Chris J. Tardio; Juli K. LaMont; C. J. Gideon
**Subject:** NECC Data log for Gideon Cooper.pdf

Michael:

In your response to our motion to compel, you represented to the Court that an index of documents produced by NECC had already been produced. Is the attached inventory from US Legal (which does not give any description of the content of the documents produced beyond the page numbers) the index to which you were referring? Or, is there some other index? If the latter is true, would you mind sending me the index (or indices) or directing me to its location on the repository?


For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

3