# EXHIBIT "G"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2419<br>Dkt. No. 1:13-md-2419-RWZ |
| **This Document Relates to Suits Naming:**<br><br>**All Cases Pending Against Saint Thomas Outpatient Neurosurgical Center And Related Defendants** | |

**PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSE TO SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC; HOWELL ALLEN CLINIC, A PROFESSIONAL CORPORATION; JOHN W. CULCLASURE, MD; AND DEBRA V. SCHAMBERG, RN,  FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFFS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Judge Boal's September 8, 2015 order (Dkt. No. 2224), the Plaintiffs' Steering Committee hereby serves these supplemental responses to the First Interrogatories and Requests for Production Propounded by the Defendants,  Saint Thomas Outpatient Neurosurgical Center, LLC ("Saint Thomas Clinic"), Howell Allen Clinic, John W. Culclasure, MD, and Debra V. Schamberg, RN (collectively "Defendants" or "Saint Thomas Clinic Defendants").

### INSTRUCTIONS AND DEFINITIONS AND OBJECTIONS

1. The term "Plaintiffs" shall mean all Plaintiffs who have pending cases against any of the Saint Thomas Clinic Defendants in active cases in the MDL.

2. The term "Plaintiffs' Counsel" shall mean the Tennessee State Chair as designated by Plaintiffs' Steering Committee pursuant to MDL Order No. 2.

3. The term "MDL" shall mean the multidistrict litigation *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL 2419, currently pending before Judge Rya Zobel in the United States District Court for the District of Massachusetts.

{004663/12496/00365199.DOCX / Ver.3}

## INTERROGATORIES

1. If the Plaintiffs' response to any of these Defendants' First Requests for Admissions propounded to the Plaintiffs is anything other than an unqualified admission, for each such Request for Admission, state (with identification of the corresponding Request for Admission):

    (a) All facts (not opinions) that the Plaintiffs contend support the denial or qualification of the admission.

    (b) By Bates number, if applicable, all documents, electronic and/or tape recordings, photographs, oral statements, or any other tangible or intangible thing that supports the denial or qualification of the admission.

    (c) The name and address of the custodian of all tangible things identified above.

    (d) The name and address of all persons, including consultants and experts, purporting to have knowledge or factual data upon which the Plaintiffs base the denial or the qualification of the admission.

ANSWER:

**Plaintiffs object to this request as it is overly broad and unduly burdensome, and it requests information protected by the work product doctrine. These Defendants served 142 requests for admissions. Information supporting any denials of those requests is contained in Plaintiffs responses to those requests. Those responses are incorporated herein by reference.**

First Supplemental ANSWER:

**This supplemental answer is limited to explaining the denial of Requests for Admission Numbers 1 and 2 per Judge Boal's September 8, 2015 order. Plaintiffs incorporate by reference their responses to RFAs 1 and 2 into their response to Interrogatory 2. Plaintiffs further state that HCPCS J1040, J1020 and J1030 could be used to bill for the steroid injection; however, Plaintiffs believe that some (if not most) third-party payors would not separately reimburse for these codes. In fact, in the 2012 ambulatory surgery fee schedule, Medicare (which many third party payors follow) indicates that these codes are "packaged service/item; no separate payment made."[1] As such, Defendants would have no reason to bill for these codes since the cost of the steroid would need to be covered in what third-party payors would actually reimburse. Based on the limited review of documents presently available to Plaintiffs' Counsel, in this case, the facility fee would cover the steroid administered to patients as this fee covers "drugs and biologicals for which**

---

[1] This publicly available document is available at http://www.cms.gov/Medicare/Medicare-Fee-for-Service-Payment/ASCPayment/11_Addenda_Updates.html.

**separate payment is not made under the OPPS [CMS' Outpatient Prospective Payment System], surgical dressings, supplies, splints, casts appliances, and equipment."[2]**

2. Does the PSC know of any purchaser or potential purchaser of pharmaceutical products from NECC who performed any of the due diligence the PSC alleges in paragraph 193 of the Master Complaint (reproduced below) was required before purchasing? If so, (1) identify the purchaser or potential purchaser, (2) describe the date of all due diligence, and (3) the content of the due diligence activities, conducted by each purchaser or potential purchaser.

Paragraph 193 alleges the following due diligence was required:

a) verify whether NECC's quality processes demonstrated that NECC was a reputable and safe supplier of sterile injectable compounds;

b) determine if NECC was an accredited compounding pharmacy;

c) at least once annually, unannounced, visit NECC's corporate offices and compounding facilities and confer with NECC's corporate, pharmacy and compounding staff;

d) determine whether NECC had any product liability lawsuits filed against it for preparations compounded;

e) determine whether there had ever been recalls of any of NECC's compounded preparations;

f) evaluate NECC's standard operating procedures and manuals;

g) evaluate NECC's pharmacist technician training;

h) evaluate NECC's policies and procedures for sterility testing;

i) evaluate examples of batch reports for product being considered for outsourcing;

j) evaluate examples of quality-control reports;

---

[2] This publicly available document is located at www.cms.gov/Outreach-and-Education/Medicare-Learning-Network-MLN/MLNProducts/downloads/AmbSurgCtrFeepymtfctsht508-09.pdf<http://www.cms.gov/Outreach-and-Education/Medicare-Learning-Network-MLN/MLNProducts/downloads/AmbSurgCtrFeepymtfctsht508-09.pdf>.