# EXHIBIT "I"

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| _____ | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| All Suits Against the Saint Thomas Entities | ) ) ) ) ) ) |

MDL No. 2419
Dkt. No 1:13-md-2419 (RWZ)

### SAINT THOMAS HEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' STEERING COMMITTEE'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 33, Saint Thomas Health ("STHe") submits its Objections and Responses to Plaintiffs' Steering Committee's Set of Requests for Production as follows:

54003979.3

**GLOBAL OBJECTION**

1.      On April 10, 2014, Judge Boal entered an order governing the production of electronically stored information ("ESI Order").  Pursuant to the ESI Order, counsel for the PSC and counsel for the Saint Thomas Entities had several meetings to agree upon custodians, search terms, and sources of electronically stored information that would be searched, reviewed, and produced.  STHe was clearly part of the agreements reached, as reflected by the fact that counsel for the PSC confirmed his "understanding" in August 2014 that "the Saint Thomas Entities will begin testing terms and providing an initial hit list."  Similarly, both parties designated STHe personnel, including Rebecca Climer, Chief Communications Officer for STHe, as agreed custodians pursuant to the ESI Order.  Counsel for Saint Thomas Entities explained on several occasions that significant effort and expense was being undertaken with the expectation that the ESI search, review, and the production process would be done once and not repeated.

To the extent the PSC is attempting to re-start the ESI process, STHe objects.  STHe does not object, however, to the extent the PSC is not attempting to compel additional electronic searches.

**REQUEST NO. 61:**   Produce Martin Kelvas' employment separation agreement.

> **OBJECTION:**   STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

**REQUEST NO. 62:**   Produce all documents received from the American Society of Health-System Pharmacists that reference compounded pharmaceuticals.

> **OBJECTION:**   STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in time or scope.  STHe further objects to this request as seeking electronically stored information, without appropriately limited time constraints, that is not reasonably accessible due to undue burden or cost, and this burden and expense outweighs any likely benefit of the requested information.

> **RESPONSE:**   Subject to and without waiving the foregoing objections, please see documents previously produced in this litigation.

**REQUEST NO. 63:**   Produce all documents showing any inventory of methylprednisolone acetate or Depo-Medrol that were in Saint Thomas Health and/or Saint Thomas Hospital's possession, custody or control from January 2011-December 2012.

> **OBJECTION:**   STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in scope.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

> **RESPONSE:**   Subject to and without waiving the foregoing objections, no responsive documents were located.

**REQUEST NO. 64:**   Produce all documents showing any purchases of methylprednisolone acetate or Depo-Medrol that were made by Saint Thomas Health (and its affiliates, subsidiaries, joint ventures, and/or related entities) and/or Saint Thomas Hospital from January 2011-December 2012.

>  **OBJECTION:**  STHe objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in scope.  STHe further objects to this request as seeking information that is not in STHe's possession, custody, or control.

**REQUEST NO. 65:**  Produce all documents you intend to use at trial.

>  **OBJECTION:**  STHe objects to this request as premature, as common fact discovery is ongoing and expert discovery and case-specific discovery have not yet commenced. STHe also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in scope, and invades the attorney work product privilege.

>  **RESPONSE:**   Subject to and without waiving the foregoing objections, STHe will supplement in accordance with the Federal Rules of Civil Procedure and any scheduling order of the Court.