# EXHIBIT "J"

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |
| All Suits Against the Saint Thomas Entities | |

## SAINT THOMAS WEST HOSPITAL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' STEERING COMMITTEE'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 33, Saint Thomas West Hospital, formerly known as St. Thomas Hospital ("STH"), submits its Objections and Responses to Plaintiffs' Steering Committee's Set of Requests for Production as follows:

54044635.3

- 2 -

**GLOBAL OBJECTION**

1.     On April 10, 2014, Judge Boal entered an order governing the production of electronically stored information ("ESI Order"). Pursuant to the ESI Order, counsel for the PSC and counsel for the Saint Thomas Entities had several meetings to agree upon custodians, search terms, and sources of electronically stored information that would be searched, reviewed, and produced. STH was clearly part of the agreements reached, as reflected by the fact that counsel for the PSC confirmed his "understanding" in August 2014 that "the Saint Thomas Entities will begin testing terms and providing an initial hit list." Similarly, both parties designated STH personnel, including Marty Kelvas, the Pharmacy Director for STH during the relevant time period, as agreed custodians pursuant to the ESI Order. Counsel for Saint Thomas Entities explained on several occasions that significant effort and expense was being undertaken with the expectation that the ESI search, review, and the production process would be done once and not repeated.

To the extent the PSC is attempting to re-start the ESI process, STH objects. STH does not object, however, to the extent the PSC is not attempting to compel additional electronic searches. With respect to documents that are readily identifiable and responsive to the new requests, STH will respond and produce accordingly.

**REQUEST NO. 63:**   Produce all documents showing any inventory of methylprednisolone acetate or Depo-Medrol that were in Saint Thomas Health and/or Saint Thomas Hospital's possession, custody or control from January 2011-December 2012.

> **OBJECTION:**  STH objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STH also objects to this request as seeking information that is not in STH's possession, custody, or control.  STH further objects to this request as seeking electronically stored information, without appropriately limited time constraints, that is not reasonably accessible due to undue burden or cost, and this burden and expense outweighs any likely benefit of the requested information.
>
> **RESPONSE:**  Subject to and without waiving the foregoing objections, no responsive documents were located.

**REQUEST NO. 64:**   Produce all documents showing any purchases of methylprednisolone acetate or Depo-Medrol that were made by Saint Thomas Health (and its affiliates, subsidiaries, joint ventures, and/or related entities) and/or Saint Thomas Hospital from January 2011-December 2012.

> **OBJECTION:**  STH objects to this request as it seeks information that is irrelevant, beyond the scope of permissible discovery under FED. R. CIV. P. 26, and not reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any allegation in the Complaints.  STH also objects to this request as seeking information that is not in STH's possession, custody, or control. STH further objects to this request as seeking electronically stored information, without appropriately limited time constraints, that is not reasonably accessible due to undue burden or cost, and this burden and expense outweighs any likely benefit of the requested information.
>
> **RESPONSE:**  Subject to and without waiving the foregoing objections, no responsive documents were located.

**REQUEST NO. 65:**   Produce all documents you intend to use at trial.

> **OBJECTION:**  STH objects to this request as premature, as common fact discovery is ongoing and expert discovery and case-specific discovery have not yet commenced.  STH also objects to this request as overly broad and unduly burdensome because it is not appropriately limited in scope, and invades the attorney work product privilege.
>
> **RESPONSE:**  Subject to and without waiving the foregoing objections, STH will supplement in accordance with the Federal Rules of Civil Procedure and any scheduling order of the Court.