UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION, | MDL No. 1:13-md-2419-RWZ |

**SECOND AMENDED PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT IN WRONGFUL DEATH CLAIM PURSUANT TO VA. CODE § 8.01-55**

Comes now Petitioner Leona E. Corker (the "Petitioner"), the duly qualified executrix of the Estate of Billy Lewis Corker, by counsel, and respectfully petitions this Court pursuant to Virginia Code Annotated, section 8.01-55, to approve the settlement of a wrongful death claim. A proposed order is attached as **EXHIBIT 1** to this Petition. In support of the Petition, the Petitioner states as follows:

1. This amended petition amends the petition filed on behalf of Ms. Corker on August 14, 2015, as follows:

    a. By identifying Insight Health Corp., Image Guided Pain Management, P.C., John M. Mathis, M.D., or Robert F. O'Brien, M.D as the "Virginia Defendants;"

    b. By identifying as Edgar C. Gentle, III, who has been appointed as the Insight Provider Settlement Administrator pursuant to the First Amended Insight Claims Resolution Facility Procedures, and Lynne F. Riley, who has been appointed as the Tort Trustee pursuant to the Tort Trust Agreement as "Respondents;" and

    c. By including non-substantive corrective and stylistic changes.

2. The Petitioner requests the opportunity to present oral argument in support of this petition.

3. On August 14, 2012, and on September 19, 2012, Billy Lewis Corker ("Mr. Corker") received injections at the Insight Imaging clinic in Roanoke, Virginia from Dr. John W. Mathis and Dr. Robert F. O'Brien, respectively, of what he had been told was 80 mg of Depo-

Medrol brand methylprednisolone. It was later disclosed that the injections in fact consisted of preservative-free methylprednisolone acetate ("MPA"), compounded by New England Compounding Pharmacy ("NECC") in lot numbers 06292012@26 and 08102012@51.

4. Mr. Corker quickly developed an infection at the injection site and exhibited symptoms consistent with the effects of the tainted preservative-free MPA, which had been compounded by NECC. Mr. Corker's health never recovered, and he died on July 12, 2014. The Petitioner believes that Mr. Corker died as a result of one or both of the tainted injections.

5. NECC filed for bankruptcy protection pursuant to title 11 of the United States Code in the United States Bankruptcy Court for the District of Massachusetts.

6. Other people claim to have been injured by NECC's MPA. One hundred and fifty-three (153) Plaintiffs have filed thirty-eight (38) personal injury and eight (8) wrongful death actions ("Virginia Plaintiffs") against Insight Health Corp., Image Guided Pain Management, P.C., John M. Mathis, M.D., or Robert F. O'Brien, M.D. (the "Virginia Defendants") in Virginia state courts relating to tainted injections of preservative-free methylprednisolone acetate compounded by NECC. These Virginia cases ("Virginia Cases") were transferred to MDL 13-2419 in the United States District Court for the District of Massachusetts, which is the district in which NECC's bankruptcy was administered.

7. The Virginia Plaintiffs and Virginia Defendants negotiated and agreed to a global settlement of the Virginia Cases on or about February 12, 2015.

8. Neither Mr. Corker nor Petitioner participated in the negotiations or the global settlement of the Virginia Cases because neither Mr. Corker nor Petitioner filed a complaint against the Virginia Defendants. But because Mr. Corker died prior to two years after receiving

the tainted injections and two years has not yet passed since his death, the statute of limitations with respect to such a complaint has not yet expired.  See Va. Code Ann. § 8.01-244.

9. The terms of the global settlement between the Virginia Plaintiffs and Virginia Defendants are set forth in the Settlement and Release Agreement (the "Agreement") of February 12, 2015.  The Agreement refers to and incorporates the First Amended Insight Claims Resolution Facility Procedures (the "Procedures").  These Procedures are attached as **EXHIBIT 2** to this Petition.  The Procedures contemplate the inclusion of claimants such as the Petitioner, who have not filed a complaint against the Virginia Defendants, and thus were not involved in the negotiation of the Agreement, but are within the statute of limitations period.  The amount to be paid to petitioners to settle their wrongful death claims will be determined by the Agreement and the Procedures, subject to approval by this Court.

10. The Agreement and the Procedures have been approved and confirmed by Judge Boroff of the United States Bankruptcy Court for the District of Massachusetts in an order entered on May 20, 2015, which confirmed the chapter 11 bankruptcy plan of NECC.  See Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., In re: New England Compounding Pharmacy, Inc., Case No. 12-1982-HJB (Bankr. D. Mass May 20, 2015) (Doc. No. 1355).  No appeal from the order approving the plan was filed, and the order confirming the chapter 11 plan is now a final order.

11. The Petitioner has filed a claim in NECC's bankruptcy case, which claim is timely or deemed timely, and she is an Eligible Virginia Claimant under the Procedures.

12. If the Petitioner were to file a wrongful death action regarding her husband's death, she would file the complaint against the Virginia Defendants, who were the same Virginia

Defendants to enter into the Agreement the Virginia Plaintiffs. The Agreement and Procedures and also section 8.01-55 specifically contemplate, however, that a claimant who has not filed a complaint may settle a claim for wrongful death, and accordingly, it is appropriate for the Petitioner to petition this Court for approval of the settlement of her claims under the Procedures as contemplated by the Agreement.

13. The Petitioner acknowledges the existence of the Agreement between the Virginia Plaintiffs and the Virginia Defendants and agrees to resolve her claims pursuant to the Procedures. Furthermore, the Petitioner states that she has signed a Mutual Release, which is attached to this Petition as **EXHIBIT 3**.

14. The Petitioner states that she has communicated with the offices of the Respondents, Edgar C. Gentle, III, who has been appointed as the Insight Provider Settlement Administrator pursuant to the Procedures, and Lynne F. Riley, who has been appointed as the Tort Trustee pursuant to the Tort Trust Agreement ("Respondents") about her intention to make a claim pursuant to the terms of the Agreement and the Procedures.

15. Mr. Corker's sole statutory beneficiary is Leona E. Corker, the Petitioner.

16. The Petitioner requests the Court's approval of the settlement of her wrongful death claim pursuant to Virginia Code Annotated, section 8.01-55, in accordance with the provisions of the Agreement and the Procedures.

17. The Petitioner and her counsel have concluded that the compromise of her wrongful death claim pursuant to the Agreement and the Procedures is fair compensation for her claim for wrongful death damages against the Virginia Defendants, considering the uncertainties and expenses of litigation.

18.     As required by Virginia Code Annotated, section 8.01-55, the parties in interest will either endorse the proposed order attached as Exhibit 1, or will be given notice of the hearing and proposed compromise as provided in Virginia Code Annotated, section 8.01-296 and/or Virginia Code Annotated, section 8.01-320.

19.     The Petitioner understands that the Virginia Defendants have compromised the personal injury and wrongful death claims of the Virginia Plaintiffs without admitting liability.

WHEREFORE, pursuant to section 8.01-55 of the Virginia Code, Leona E. Corker asks this Court to approve the compromise of her claim to damages for wrongful death.

Date:  October 9, 2015

Respectfully submitted,

LEONA E. CORKER, Executrix of the Estate of Billy Lewis Corker

By: /s/ Garren R. Laymon
Garren R. Laymon (admitted *pro hac vice*)
Magee Goldstein Lasky & Sayers, P.C.
310 1st St., S.W., Suite 1200
Roanoke, Virginia 24011
Telephone: (540) 343-9800
Fax: (540) 343-9898
glaymon@mglspc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2015, I caused a copy of the forgoing document to be filed electronically, which caused electronic notice of the Motion to be sent to all users of the CM/ECF system who have appeared in this case.

By: /s/ Garren R. Laymon
Garren R. Laymon

6