# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION, | MDL No. 1:13-md-2419-RWZ |

**ORDER APROVING COMPROMISE SETTLEMENT IN WRONGFUL DEATH CLAIM PURSUANT TO VA. CODE § 8.01-55**

The matter before the Court is the petition of Leona E. Corker (the "Petitioner"), executrix of the Estate of Billy Lewis Corker, by counsel, for approval of a compromise settlement in a wrongful death claim pursuant to the First Amended Insight Claim Resolutions Facility Procedures ("Procedures") as required by Virginia Code Annotated, section 8.01-55. Having considered the Petition, the Court finds that:

A. Pursuant to Virginia Code Annotated, section 8.01-55, the parties in interest have either endorsed this Order or have been given notice of the hearing and proposed compromise as provided in Virginia Code Annotated, section 8.01-296 and/or 8.01-320.

B. The Petitioner is the executrix of the Estate of Billy Lewis Corker.

C. The Petitioner, Leona E. Corker, is the sole statutory beneficiary of the decedent.

D. The Respondents are Edgar C. Gentle, III, who has been appointed as the Insight Provider Settlement Administrator pursuant to the Procedures, and Lynne F. Riley, who has been appointed as the Tort Trustee pursuant to the Tort Trust Agreement ("Respondents").

E. The proper venue for the Petition is in the United States District Court for the District of Massachusetts.

F. Pursuant to the Procedures and the Agreement, Petitioner agrees to provide a Mutual Release of the Virginia Defendants.

G.    Pursuant to the Agreement, the Virginia Defendants have placed in escrow the total agreed upon settlement amount to be paid to settle personal injury and wrongful death actions (the "Settlement Amount"). The ICRFP Segregated Amount will be allocated from the Settlement Amount and paid to the NECC Tort Trust to be held and segregated in accordance with the Agreement, the Procedures, and the NECC Tort Trust Agreement (the "Settlement Amount Allocation"). The Funds will be held in this manner pending the process set forth within the Procedures.

H.    The Agreement and the Procedures have been approved and confirmed by Judge Boroff of the United States Bankruptcy Court for the District of Massachusetts in an order entered on May 20, 2015, which confirmed the chapter 11 bankruptcy plan of NECC. See Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., In re: New England Compounding Pharmacy, Inc., Case No. 12-1982-HJB (Bankr. D. Mass May 20, 2015) (Doc. No. 1355).

I.    No appeal from the order approving the plan was filed, and the order confirming the Chapter 11 plan is now a final order.

J.    The manner in which the settlement sum would be allocated to the Petitioner pursuant to the Agreement and the Procedures has been presented to this Court for review and has been approved by this Court.

K.    The Petitioner and her counsel have represented to the Court that the Agreement and the Procedures are fair, reasonable, and in the decedent's Estate and statutory beneficiaries' best interest, and have requested approval of them.

NOW, THEREFORE, the Court is of the opinion that the proposed settlement of the Petitioner's wrongful death claim and the Agreement and the Procedures are fair and reasonable

under the circumstances of the decedent's death and in the best interests of the Estate of Billy Lewis Corker and his statutory beneficiaries.  It is therefore

ADJUDGED, ORDERED AND DECREED that the compromise settlement, as set forth in the Agreement and the Procedures, is hereby APPROVED.  It is further ORDERED that

1. The Agreement governing the compromise of the wrongful death claim is hereby approved in its entirety, including the Procedures approved by the United States Bankruptcy Court for the District of Massachusetts, and shall be made a part of the Court's file in this proceeding.

2. The Mutual Release of the Virginia Defendants by the Petitioner is hereby approved.

3. Prior to any distribution to the Decedent's statutory beneficiary or from the respective share of the gross amount attributed to her under the process set forth in the Procedures, the amount of such distribution(s) and instructions for issuing them shall be presented to the Court for approval by further order of the Court.

4. Effective upon the date of the Settlement Amount Allocation, the Virginia Defendants and their past, present and future officers, directors, stockholders, insurers, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, subcontractors, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated, each acting in their capacity as such, shall be forever released and discharged of any and all liability to the Estate of Billy Lewis Corker, Deceased, or any statutory beneficiary entitled by law to any recovery for the injuries, losses, and/or damages arising out of the injury and death of the decedent as well as from any and all past, present or future claims, demands, obligations,

actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract, fraud, statutory violation, or other theory of recovery, which Petitioner now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which relate to NECC Claims, as that term is defined in the Agreement.

Date: _____                              _____
                                                                              UNITED STATES DISTRICT COURT JUDGE

WE ASK FOR THIS:

Respectfully Submitted


By: /s/ Garren R. Laymon
Garren R. Laymon (admitted *pro hac vice*)
Magee Goldstein Lasky & Sayers, P.C.
310 1st St., S.W., Suite 1200
Roanoke, Virginia 24011
Telephone: (540) 343-9800
Fax: (540) 343-9898
glaymon@mglspc.com

> *Counsel for Leona E. Corker, Executrix of the Estate of Billy Lewis Corker*


By: /s/
Edgar C. Gentle, III
Gentle Turner Sexton & Harbison
501 Riverchase Parkway East Suite 100
Hoover, AL 35244
Tel: (205) 716-3000
Fax: (205) 716-3010
Email: escrowagen@aol.com

> *Insight Provider Settlement Administrator*


By: /s/
Lynne F. Riley
Casner & Edwards
303 Congress Street
Boston, MA 02110
Tel: (617) 426-5900
Fax: (617) 449-9516
Email: riley@casneredwards.com

> *Tort Trustee*