# EXHIBIT 10

NOTICE OF DEPOSITION BY WRITTEN QUESTIONS TO JAMES E. DAVIS AMBULATORY SURGICAL CENTER (DUKE UNIVERSITY)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> ──────────────────────────── <br><br> THIS DOCUMENT RELATES TO: <br><br> All Cases | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

## NOTICE OF 30(B)(6) DEPOSITION BY WRITTEN QUESTIONS

Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambani, MD, and Ritu T. Bhambani, MD, LLC (Hereinafter "Box Hill"), pursuant to Fed. R. Civ. P. 31 and 30(b)(6), come now and give notice that the deposition of James E. Davis Ambulatory Surgical Center (Duke University), as an organization, will be taken by written questions.

Pursuant to Fed. R. Civ. P. 30(b)(6) and 31(a)(4), James E. Davis Ambulatory Surgical Center (Duke University) shall designate a witness to testify regarding the written questions included with this notice, and any cross questions, redirect questions, or recross questions submitted in accordance with Fed. R. Civ. P. 31(a)(5).

The deponent will testify before a court reporter from Discovery Litigation Services at a time and place convenient for the witness but not to occur less than 30 days after service of this notice and the accompanying questions (to permit parties time to submit cross, redirect, and recross questions), or after **November 15, 2015**. The deposition will be recorded by stenographical means.

        Respectfully submitted,

        /s/ Gregory K. Kirby
        Gregory K. Kirby
        Pessin Katz Law, PA
        901 Dulaney Valley Road
        Suite 400
        Towson, MD 21204
        (410) 938-8800
        gkirby@pklaw.com

        *Attorneys for Box Hill Surgery Center, LLC, Ritu T. Bhambani, MD, and Ritu T. Bhambani, MD, LLC*

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that:

1. A copy of the forgoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system, including the attorneys representing the Plaintiffs in suits against Box Hill

2. Notice of Electronic Filing (NEF) will be sent to those parties by operation of CM/ECF system

3. A copy of the document will be served by U.S. Mail and Hand Delivery to Hunter James E. Davis Ambulatory Surgical Center (Duke University), 120 E. Carver Street, Durham, NC 27704

on October 12, 2015.

        /s/ Gregory K. Kirby
        Gregory K. Kirby

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| In Re: New England Compounding Pharmacy, Inc. ) | |
| *Plaintiff* ) | Civil Action No. 1:13-md-02419-RWZ |
| v. ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     James E. Davis Ambulatory Surgical Center (Duke University)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 120 E. Carver Street<br>Durham, NC 27704 | Date and Time:<br>11/15/2015 8:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographical means and by video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/12/2015

*CLERK OF COURT*

OR    /s/ Gregory Kirby

_____          _____
*Signature of Clerk or Deputy Clerk*             *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Box Hill Defendants   , who issues or requests this subpoena, are:

Gregory Kirby; 1901 Dulaney Valley Rd., Suite 400, Towson, MD 21204; gkirby@pklaw.com; (410) 938-8800;

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:13-md-02419-RWZ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) MDL No. 2419 ) Dkt. No 1:13-md-2419 (RWZ) |
| All Cases | ) ) ) |

## DEPOSITION BY WRITTEN QUESTIONS OF JAMES E. DAVIS AMBULATORY SURGICAL CENTER (DUKE UNIVERSITY)

Pursuant to Fed. R. Civ. P. 31, Box Hill Surgery Center, LLC, Ritu T. Bhambani, MD, and Ritu T. Bhambani, MD, LLC (Hereinafter "Box Hill") hereby submit the following questions to James E. Davis Ambulatory Surgical Center (Duke University), to be answered by one or more individuals with knowledge of James E. Davis Ambulatory Surgical Center's medication purchasing practices (and, specifically, its purchases from New England Compounding Center ("NECC")), to be designated by James E. Davis Ambulatory Surgical Center in accordance with Fed. R. Civ. P. 30(b)(6).

### *Background*

1. Please state your name.

2. Please provide your complete address and phone number with area code.

3. Do you work at James E. Davis Ambulatory Surgical Center? If so[1]:

   a. What is your current position?

   b. How long have you held that position?

---

[1] If not, please state your employer, position, and job duties.

c.  Please describe your job duties at James E. Davis Ambulatory Surgical Center.

4. Please provide a brief summary of your educational and employment background, leading up to your present position at James E. Davis Ambulatory Surgical Center.

5. Please provide a general description of your facility (*e.g.*, type of practice, number of physicians, *etc.*).

6. By virtue of your role at James E. Davis Ambulatory Surgical Center, are you familiar with James E. Davis Ambulatory Surgical Center's medication purchasing practices?

7. Please describe the basis for your familiarity with James E. Davis Ambulatory Surgical Center's medication purchasing practices (*e.g.*, is it from personal knowledge? have you spoken with persons at James E. Davis Ambulatory Surgical Center or reviewed documents?).

## *Purchases from NECC and actions prior to purchase*

8. For the years 2010 through 2012, did James E. Davis Ambulatory Surgical Center purchase medications offered for sale by Medical Sales Management and/or New England Compounding Center and made by the New England Compounding Center (hereinafter "NECC")?

9. Please describe the timeframes that James E. Davis Ambulatory Surgical Center purchased medications from NECC and what medications were purchased.

10. Prior to purchasing medications from NECC, did a representative of James E. Davis Ambulatory Surgical Center perform an in-person inspection of NECC's compounding facility? If so, please (1) state when, (2) describe what was done and what was found, and (3) state whether, following the inspection, James E. Davis Ambulatory Surgical Center purchased medications from NECC.

11. Prior to purchasing medications from NECC, did James E. Davis Ambulatory Surgical Center conduct research into whether NECC had recalled any medications made by NECC? If so, please (1) describe the research conducted, (2) describe the results, and (3) state whether, following the drug recall research, James E. Davis Ambulatory Surgical Center purchased medications from NECC.

12. Prior to purchasing medications from NECC, did James E. Davis Ambulatory Surgical Center conduct research into whether NECC had ever been named as a defendant in a products liability lawsuit? If so, please (1) describe the research conducted, (2) describe the results, and (3) state whether, following the previous lawsuit research, James E. Davis Ambulatory Surgical Center purchased medications from NECC.

13. Prior to purchasing medications from NECC, did James E. Davis Ambulatory Surgical Center request information from the Massachusetts Board of Registration in Pharmacy (the "Board") about previous disciplinary actions taken by the Board against NECC? If so, please (1) describe what information was provided by the Massachusetts Board of Registration in Pharmacy and (2) state whether, following the request, James E. Davis Ambulatory Surgical Center purchased medications from NECC.

14. Prior to purchasing medications from NECC, did James E. Davis Ambulatory Surgical Center submit a Freedom of Information Act request to the FDA for documentation of disciplinary actions and/or warnings issued to NECC by the FDA? If so, please (1) describe what information was provided by the FDA and (2) state whether, following the request, James E. Davis Ambulatory Surgical Center purchased medications from NECC.

15. Prior to purchasing medications from NECC, did James E. Davis Ambulatory Surgical Center search the FDA website for information about NECC? If so, please (1) describe what information was obtained from the FDA website and (2) state whether, following the request, James E. Davis Ambulatory Surgical Center purchased medications from NECC.

16. Prior to purchasing medications from NECC, did James E. Davis Ambulatory Surgical Center review transcripts from or summaries of any U.S. Congressional hearings on compounding pharmacies? If so, following the review, did James E. Davis Ambulatory Surgical Center purchase medications from NECC?

17. At the time of James E. Davis Ambulatory Surgical Center's purchases from NECC, did James E. Davis Ambulatory Surgical Center have a policy and/or procedure in place prohibiting purchases from compounding pharmacies?

18. Please describe any representations Medical Sales Management and/or NECC made to James E. Davis Ambulatory Surgical Center prior to James E. Davis Ambulatory Surgical Center purchasing medications from NECC.

19. In deciding to purchase medications from NECC, did James E. Davis Ambulatory Surgical Center take into consideration any representations from Medical Sales Management and/or NECC regarding its ability to provide a consistent supply of safe medications?

20. Prior to purchasing from NECC, did James E. Davis Ambulatory Surgical Center research compounding pharmacies in CDC literature, *USA Today*, FDA literature, or on YouTube? If so, please (1) describe the research and (2) state whether, following the research, James E. Davis Ambulatory Surgical Center purchased medications from NECC.

3

21. To the best of your knowledge, did any of James E. Davis Ambulatory Surgical Center's patients experience an injury as a result of James E. Davis Ambulatory Surgical Center's purchase, and use, of medications from NECC which were administered to James E. Davis Ambulatory Surgical Center's patients?

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, PA
901 Dulaney Valley Road
Suite 400
Towson, MD 21204
(410) 938-8800
gkirby@pklaw.com

***Attorneys for Box Hill Surgery Center, LLC, Ritu T. Bhambani, MD, and Ritu T. Bhambani, MD, LLC***

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that:

1. A copy of the forgoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system, including the attorneys representing the Plaintiffs in suits against Box Hill

2. Notice of Electronic Filing (NEF) will be sent to those parties by operation of CM/ECF system

3. A copy of the document will be served by U.S. Mail and Hand Delivery to James E. Davis Ambulatory Surgical Center, 120 E. Carver Street, Durham, NC 27704

on October 12, 2015.

/s/ Gregory K. Kirby
Gregory K. Kirby

4