UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

IN RE: NEW ENGLAND                  )
COMPOUNDING PHARMACY, INC.          )
PRODUCT LIABILITY LITIGATION        )        MDL No. 13-2419-RWZ
                                    )
This Document Relates To:           )
                                    )
       All Actions                  )
_____)

## OPPOSITION BY THE UNITED STATES TO THE ST. THOMAS ENTITIES' MOTION TO COMPEL GREGORY CONIGLIARO TO PRODUCE CERTAIN MATERIALS PRODUCED IN CRIMINAL DISCOVERY

The United States of America hereby opposes the Saint Thomas Entities' Motion to Compel Gregory Conigliaro to Produce Certain Materials ("Motion to Compel Gregory Conigliaro to Produce Criminal Discovery"), Doc. No. 2282.

The government requests that this Court deny the St. Thomas Entities' latest attempt to obtain criminal discovery from Gregory Conigliaro on similar grounds as those set forth in its opposition to the St. Thomas Entities' attempt to obtain the discovery from Medical Sales Management, Inc. ("MSM"):  (1) there is no case law that supports the St. Thomas Entities' request, (2) there is a real danger the criminal discovery materials will be leaked prior to the criminal trial, (3) the materials may not be relevant in the civil litigation, (4) it could have a real chilling effect on discovery productions in future criminal cases, and, (5) in the case of the motion to compel MSM to produce the criminal discovery, MSM does not have possession, custody, or control of it.  Because the government has asserted these arguments in multiple previous filings in opposition to the St. Thomas Entities' prior attempts to obtain the criminal discovery, it will not repeat them at length here and instead refers the Court to those filings (Doc. Nos. 2209 and 2273).

There are, however, a few points the government wishes to address in light of the St. Thomas Entities' recent filing that advances a new argument that the government was required to return to MSM or its owners the evidence the government seized pursuant to search warrants. See Doc. No. 2304, at 5.  This argument fails as readily as their argument fails that the government *already did* return the seized evidence to MSM.  See Doc. Nos. 2249, at 5; 2283, at 2.  As this Court knows, the government is under no obligation in the criminal rules, nor anywhere else in the law, to return to MSM evidence seized from the company pursuant to a search warrant.[1]  Nor has MSM, which is no longer operating, requested that those materials be returned to them (pursuant to Fed. R. Crim. P. 41(g) or otherwise).  The St. Thomas Entities' new argument that the government was required to return evidence it seized pursuant to search warrants prior to the criminal trial, particularly in these circumstances where MSM is no longer operating and has not requested return of the evidence, reflects a serious misunderstanding of federal criminal procedure.

The St. Thomas Entities' arguments also demonstrate a real misunderstanding of the facts of the criminal investigation.  The twenty-six discs containing audio and video recordings of sales trainings that the St. Thomas Entities are seeking *were not* seized by the government during the execution of search warrants.  Nor were the discs MSM recently produced to the St. Thomas Entities ones that the government "happened to leave behind" at MSM.  See Doc. No. 2304, at 3. As is evident from the lack of control number associated with those discs listed in the St. Thomas Entities' motions, see, e.g., Doc. No. 2282, at 1, the government obtained those discs using other investigative means, and produced them in criminal discovery to the criminal defendants, which do not include MSM.  As such, any argument that the government returned (or should have

---

[1]  The cases cited by the St. Thomas Entities involve defendants who sought a return of their property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  They do not stand for the extraordinary proposition that in every criminal case, the government is obligated to return evidence seized during the execution of a search warrant.

returned) those discs, or any other evidence seized pursuant to search warrants, to MSM is plainly wrong, both legally and factually.

Moreover, as the government has previously asserted to this Court, there is no basis on which this Court should order Gregory Conigliaro or any other criminal defendant, or MSM, to turn over criminal discovery to a civil litigant. The St. Thomas Entities continue to file briefs, yet continue to make no showing in the law that their requests should be granted. In fact, the case most heavily cited by the St. Thomas Entities stands for the completely opposite position for which they state. Specifically, in Securities & Exchange Commission v. Rajaratnam, 622 F.3d 159, 186 (2d Cir. 2010), the Second Circuit reversed a district court order that the defendant should provide criminal discovery, specifically Title III wiretap evidence, to the civil plaintiff, the SEC, who subpoenaed it. The Second Circuit held that, "*[t]he more prudent course in the instant case would have been to adjourn the civil trial until after the criminal trial*." Id. (emphasis added). The court explained that if the district court had stayed the civil proceeding as requested by the parties, the most relevant evidence "might be publicly disclosed at the criminal trial, and the SEC would be able to use these materials in a civil proceeding without implicating any weighty privacy rights." Id. Moreover, the Second Circuit found that an order requiring disclosure of the wiretap materials "before any determination of the legality of the surveillance involved exceeded the district court's discretion. A primary reason for the pretrial disclosure of the material to [the defendants] in the criminal case in the first place was to enable them to make motions addressing their legality before the judges presiding over the related criminal cases." Id.

The Second Circuit's reasoning in Rajaratnam applies with equal force to the St. Thomas Entities' requests here. Accordingly, this Court should deny their repeated attempts to access the criminal discovery for their use in the civil proceedings.

## CONCLUSION

For these reasons, the government requests that the Court deny the St. Thomas Entities'

Motion to Compel Gregory Conigliaro to Produce Criminal Discovery (Doc. No. 2282) and the

St. Thomas Entities' Motion to Compel MSM (Doc. No. 2248).


Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY


By:    /s/ Amanda P.M. Strachan
       AMANDA P.M. STRACHAN
       BBO # 641108
       GEORGE P. VARGHESE
       Assistant United States Attorneys
       John Joseph Moakley Courthouse
       One Courthouse Way, Suite 9200
       Boston, Massachusetts  02210
       (617) 748-3100
       amanda.strachan@usdoj.gov
       george.varghese@usdoj.gov


Dated:  October 13, 2015


Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent
electronically to counsel of record who are registered participants as identified on the Notice of
Electronic Filing (NEF).


By:    /s/ Amanda P.M. Strachan
       AMANDA P.M. STRACHAN
       Assistant United States Attorney

Dated:  October 13, 2015