UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ<br><br>Honorable Rya W. Zobel |

**PLAINTIFFS' STEERING COMMITTEE'S AMENDED MOTION FOR LEAVE FOR ENTRY OF QUALIFIED PROTECTIVE ORDER**

The Plaintiffs' Steering Committee ("PSC") brings this amended motion for entry of the attached qualified protective order (the "Amended Proposed Order") to aid the disbursement of funds to victims of the 2012 fungal meningitis outbreak .

Specifically, on May 20, 2015 (the "Confirmation Date") the United States Bankruptcy Court for the District of Massachusetts, Eastern Division in the New England Compounding Pharmacy's Chapter 11 bankruptcy proceeding, Case No. 12-19882 (the "Bankruptcy Proceeding") entered an order, dated May 20, 2015 (the "Confirmation Order"), confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. (the "Plan") filed jointly by Paul D. Moore, in his capacity as Chapter 11 Trustee, and the Official Committee of Unsecured Creditors. The Plan establishes a claims process and that the National Settlement Administrator and Appeals Administrator (as defined in the Confirmation Order) may use information from state department of health lists in the administration of the claims process as set forth in the Plan. Importantly, this information produced by this state agency in accordance with the Proposed Order will only be accessible to the Settlement Administrator and Appeals Administrator and no other party may access this information under the Amended Proposed

Order.

Accordingly, the PSC respectfully requests that the Court enter the Amended Proposed Order and allow information gathered by the Maryland Department of Health and Mental Hygiene to be accessed by the Settlement Administrator and the Appeals Administrator in the claims process.

The PSC has consulted with the Maryland Department of Health and Mental Hygiene, which consents to the Amended Proposed Order.

Dated: October 13, 2015

Respectfully submitted,

/s/ Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

*Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650

Nashville, TN 37219-2417
Telephone: 615.313.9000
Facsimile: 615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: (248) 557-1688
Facsimile: (248) 557-6344
marc@liptonlawcentercom

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA 30328
Telephone: (404) 451-7781
Facsimile: (404) 506-9223
marc@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
The Freedom Center, Suite 200
223 Rosa L. Parks Avenue
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstranch@bsjfirm.com
beng@bsjfirm.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Kimberly A. Dougherty, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Additionally, a copy of this Motion has been served on counsel for the Maryland Department of Health, Claire Pierson, Esq., via electronic mail as follows: claire.pierson@maryland.gov.

Dated: October 13, 2015                                       /s/ Kimberly A. Dougherty
                                                              Kimberly A. Dougherty

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ<br><br>Honorable Rya W. Zobel |

**QUALIFIED PROTECTIVE ORDER FOR THE PRODUCTION OF CERTAIN INFORMATION MAINTAINED BY THE MARYLAND STATE DEPARTMENT OF HEALTH AND MENTAL HYGIENE**

WHEREAS, the Court recognizes that the Maryland Department of Health and Mental Hygiene, ("DHMH"), investigated the 2012 fungal meningitis outbreak (the "Outbreak") and maintained certain lists of individuals affected by the Outbreak;

WHEREAS, the Court recognizes that the lists so maintained contain protected health information, individually identifiable health information, and information gathered by and/or on behalf of DHMH, some of which is protected from disclosure pursuant to Md. Code Ann., Health-Gen. §§18-201, 18-202, and 18-205;

WHEREAS, the Court recognizes that medical information about an individual is protected from disclosure pursuant to Md. Code Ann., General Provisions §4-329, except to a person in interest as defined in Md. Code Ann., Gen. Provisions § 4-101(e);

WHEREAS the Court recognizes that, on May 20, 2015 (the "Confirmation Date"), the United States Bankruptcy Court for the District of Massachusetts, Eastern Division in the New England Compounding Pharmacy's Chapter 11 bankruptcy proceeding, Case No. 12-19882 (the "Bankruptcy Proceeding") entered an order, dated May 20, 2015 (the "Confirmation Order"),

confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. (the "Plan") filed jointly by Paul D. Moore, in his capacity as Chapter 11 Trustee, and the Official Committee of Unsecured Creditors.

WHEREAS, the Court recognizes that the Plan establishes a claims process and that the National Settlement Administrator and Appeals Administrator (as defined in the Confirmation Order) may use information from state department of health lists in the administration of the claims process as set forth in the Plan; and

WHEREAS, the Court recognizes that the patient lists maintained by state departments of health will aid the National Settlement Administrator and Appeals Administrator in the administration of the claims process as set forth in the Plan,

IT IS HEREBY ORDERED that:

1. "Personal Health Information," and "individually identifiable health information" protected under the Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA") (42 USC §1320d et seq.) and the regulations promulgated thereunder (45 CFR §§160, 164 et seq.), may only be disclosed by the DHMH in this proceeding and shall only be accessed in accordance with this Order. The information requested and/or produced shall be limited to the list maintained by DHMH of the names of patients who have been identified as meeting the Center for Disease Control's confirmed case definition for the 2012 fungal meningitis outbreak associated with receiving NECC solutions, medications or compounds (the "MD Patient List"). Nothing in this Order is meant to otherwise restrict DHMH's lawful use and distribution of the MD Patient List.

2. Within 15 days of entry of this Order, DHMH shall transmit the MD Patient List to the Vendor, as defined by the Court's previous Qualified Protective Order, Dkt. No. 191 (the "First Qualified Protective Order").

3. The Vendor shall maintain the MD Patient List in full accordance with the terms of the First Qualified Protective Order and HIPAA.

4. Only the National Settlement Administrator and the Appeals Administrator, as defined in the Confirmation Order shall have access to the MD Patient List and the National Settlement Administrator and the Appeals Administrator shall access the MD Patient List for the sole purpose of facilitating the claims resolution process as outlined in the Plan.

5. DHMH shall be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and similar provisions of State law, and shall have no liability under HIPAA or any other federal or state statute, regulation, or other requirement related to protected health information, for supplying the MD Patient List to the Vendor.

6. Furthermore, because the MD Patient List will only be provided to the Vendor and is only available for review by the National Settlement Administrator and the Appeals Administrator, as defined in the Confirmation Order, the MD Patient List is and will not be a part of this or any other court record. Accordingly, it is unnecessary to seal this record under Md. Code Ann., Health-Gen., §§ 18-201, 18-202, and 18-205. It is also unnecessary to require authorization from persons in interest under Md. Code Ann., General Provisions, §4-329.

7. Nothing in this Order is meant to alter or amend the First Qualified Protective Order, which shall remain in full force and effect.

**So Ordered**

 

Rya W. Zobel
United States District Court Judge