UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Actions | MDL No. 13-2419-RWZ |

# GREGORY CONIGLIARO'S OPPOSITION TO THE ST. THOMAS ENTITIES' MOTION TO COMPEL CERTAIN THINGS AND CROSS-MOTION FOR PROTECTIVE ORDER

Now comes Gregory Conigliaro, by and through counsel, and hereby opposes the St. Thomas Entities' Motion to Compel Production of Certain Things ("St. Thomas' Motion"). The basis for Gregory Conigliaro's opposition is simple: except for material his counsel received from the government, as part of the government's automatic discovery obligations in the criminal case, Gregory Conigliaro does not possess any of the items sought by St. Thomas's motion.[1]

Therefore, the status of the universe of material requested by St. Thomas' Motion is:

| ST. THOMAS REQUEST | STATUS |
|---|---|
| Twenty-six discs containing audio and video recordings of NECC sales trainings labeled "NECC Sales Audio and Video." | Not possessed by Gregory Conigliaro, except for his counsel receiving from the government. |
| White binder labeled, in part, "NECC Sales & Product Training March 7-11, 2005" | Not possessed by Gregory Conigliaro, except for his counsel receiving from the government. |
| Compact discs labeled, in part, "Barry Cadden Sales Education" (Control # 56) | Possessed by MSM, separate and apart from the government producing material to individual defendants, and already produced by MSM. |

---

[1] As St. Thomas has already informed this court, Medical Sales Management Inc. ("MSM") recently produced four audio and two video recordings of sales training sessions attended by those marketing NECC products. Those recordings were possessed by MSM separate and apart from the material the government produced to individual defendants.

| ST. THOMAS REQUEST | STATUS |
|---|---|
| Compact disks labeled, in part, "Barry Cadden Sales Education" (Control # 28) | Possessed by MSM, separate and apart from the government producing material to individual defendants, and already produced by MSM. |
| Compact Discs labeled, in part, "Barry Cadden Sales Education" (Control # 41) | Possessed by MSM, separate and apart from the government producing material to individual defendants, and already produced by MSM. |
| Pages of instructions on confirming orders (Control # 27) | Not possessed by Gregory Conigliaro, except for his counsel receiving from the government. |
| White binder labeled, in part, "New England Compounding Center Pharmacy and Product Training Guide" (Control # 6) | Not possessed by Gregory Conigliaro, except for his counsel receiving from the government. |
| Packet labeled, in part, "Do you have questions about specific risk levels for any of your hospital's compounded preparations?" (Control # 43) | Not possessed by Gregory Conigliaro, except for his counsel receiving from the Government. |
| Promotional book labeled, in part, "NECC Hospital" (Control # 15) | Not possessed by Gregory Conigliaro, except for his counsel receiving from the Government. |
| White binders labeled, in part, "Training Binder" (Control # 33) | Not possessed by Gregory Conigliaro except for his counsel receiving from the Government. |
| White binders labeled, in part, "Hospital Team Training Binder" (Control # 33) | Not possessed by Gregory Conigliaro, except for his counsel receiving from the Government. |
| White binder labeled, in part, "necc Surgery Center Training Binder" (Control # 8) | Not possessed by Gregory Conigliaro, except for his counsel receiving from the Government. |
| White binder labeled, in part, "necc Surgery Center Training Binder" (Control # 7) | Not possessed by Gregory Conigliaro, except for his counsel receiving from the Government. |
| White binders labeled, in part, "Surgery Center Training Binder" (Control #33) | Not possessed by Gregory Conigliaro, except for his counsel receiving from the Government. |

With respect to the items above that are not possessed by Gregory Conigliaro, except for his counsel receiving them from the Government, Gregory Conigliaro submits that rather than seeking material produced by the government to a defendant in a criminal case (who only possesses that material because the government produced it), St. Thomas should seek that material from NECC.[2]

---

[2] From the positions taken by various parties involved in the ongoing discovery dispute between the Trustee and clinic defendants, it seems that the clinic defendants are not even clear on whether some, or all, of the documents requested in their motion to compel Gregory Conigliaro may already be available to them through the MDL document repository.

In addition to the various arguments previously submitted in the Invoking Defendants' Opposition to St. Thomas' Motion to Compel the Invoking Defendants To Produce Certain material, (Docket No. 2206), which Gregory Conigliaro hereby incorporates herein, two additional arguments made by the government are worthy of mention.

On September 28, 2015, the Government filed an opposition to St. Thomas's Motion to Compel MSM to Produce Certain Things (Doc. 2273). [3] In that opposition, the Government stated "…the government <u>has not returned evidence it seized pursuant to search warrants to anyone</u>. The evidence seized pursuant to search warrants, including those executed at NECC and MSM, has been and continues to be maintained by the government pending trial in the criminal case. Second, <u>producing criminal discovery to individual criminal defendants does not amount to returning seized evidence</u>." (Doc. 2273 P. 3 Emphasis supplied). The government also stated that "…the protective order entered in the criminal case prohibits the defendants from sharing [discovery produced by the government] except in circumstances not applicable here." (Id.)  Despite those clear assertions by the government, two days later, on September 30, 2015, St. Thomas moved to compel Gregory Conigliaro to produce documents, and once again asserted that "materials had been seized by the government and returned to MSM's owners and directors as part of criminal discovery…", (Docket 2283 p. 2), and that "[i]t is the Saint Thomas Entities' understanding that the relevant materials, which are business records of MSM, were seized by the Government and subsequently returned to the owners and directors of MSM." (Id. P. 3).  Thus, St. Thomas makes no effort whatsoever to challenge those significant assertions—they just ignore them and bring another motion. Simply stated, this type of motion practice cries out for the issuance of a protective order.

---

[3] In that pleading, among other things, the government correctly noted that at no time did the government produce material to MSM.

Additionally, in its opposition to St. Thomas' Motion to Compel MSM to Produce Certain Things, the government argues that the civil cases cited by St. Thomas in support of the proposition that a corporation may be deemed to have control over documents in the possession of its directors, or officers related to their work for the corporation, are inapplicable. Specifically, the government argues that "[s]uch an extraordinary proposition would completely upend the criminal process." (Doc. 2273 P. 3). Gregory Conigliaro submits that the government's argument on this point is absolutely correct and also weighs in favor of this court issuing a protective order.

WHEREFORE Gregory Conigliaro PRAYS that this Honorable Court deny St. Thomas Entities' Motion to Compel Gregory Conigliaro to Produce Certain Documents and issue a protective order prohibiting any party from seeking materials from Gregory Conigliaro which were produced to him by the government.

Dated: October 13, 2015                             Respectfully submitted,

                                                    DEFENDANT Gregory Conigliaro
                                                    By his attorneys,

                                                    /s/ Dan Rabinovitz
                                                    Dan Rabinovitz, Esq. (BBO #558419)
                                                    John K. Wells, Esq. (BBO #671345)
                                                    Greenberg Traurig LLP
                                                    One International
                                                    Boston, MA 02110
                                                    (617) 310-6000 (phone)
                                                    (617) 310-6001 (fax)
                                                    rabinovitzd@gtlaw.com
                                                    wellsj@gtlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 13, 2015, a true copy of the foregoing was filed in accordance with the Court's Electronic Filing Guidelines and will be sent to all counsel of record by operation of the Court's electronic filing system.

               /s/ Dan Rabinovitz
               Dan Rabinovitz, Esq.