UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 13-2419-RWZ |
| This Document Relates To: |  |  |
| All Actions |  |  |

ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO NECC
[Docket No. 2190]

October 15, 2015

Boal, M.J.

On or about April 17, 2015, the Tennessee Clinic Defendants[1] served New England Compounding Pharmacy, Inc. ("NECC") with a subpoena for documents and deposition testimony.  See Docket No. 2191 at 2.  The Court granted NECC's chapter 11 trustee's (the "Trustee")[2] motion for a protective order precluding a Rule 30(b)(6) deposition of NECC. Docket No. 2123.  The Trustee, however, did not move for a protective order with respect to the document requests, produced documents responsive to some of the requests contained in the subpoena and objected to others.  The Tennessee Clinic Defendants now move for an order requiring NECC to (1) produce an index for the documents produced to date that allows for some categorization of NECC's document productions; (2) produce an index of documents not yet

---

[1] The Tennessee Clinic Defendants refer to Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC.

[2] At that time, Paul D. Moore served as the chapter 11 trustee of NECC.  Following confirmation of NECC's Third Amended Joint Chapter 11 Plan on May 20, 2015, Mr. Moore became a Post-Confirmation Officer.  The Court refers to Mr. Moore as the Trustee throughout this order.

1

produced (or withheld on a claim of privilege); (3) provide an explanation for the 10,000 documents provided to the PSC but not yet provided to the Tennessee Clinic Defendants; (4) provide an explanation for the 1,500-page gap in the Bates Numbering of the documents produced; (5) produce any documents NECC has provided to other parties but not to the Tennessee Clinic Defendants; and (6) produce (or identify by Bates Number if already produced) documents responsive to Requests Nos. 1, 4-6, 7, 9, 12, 13, 14, and 16-18.  Docket No. 2190.  For the following reasons, the Court grants in part and denies in part the motion.

First, the Court denies the Tennessee Clinic Defendants request for an index.  The Trustee identified by bates number the documents responsive to each of the requests for which he produced documents to the Tennessee Clinic Defendants.  See Docket No. 2227 at 6-7.  In addition, the documents were uploaded into a searchable database.  Id.

Second, to the extent that the Tennessee Clinic Defendants request an index of withheld non-privileged documents, that request is denied.  The Tennessee Clinic Defendants have not provided any legal authority supporting that request.  However, if the Trustee is withholding responsive documents based on a claim of privilege, he must provide a privilege log.

The Court denies as moot the Tennessee Clinic Defendants' request for an explanation regarding documents they believe were produced to the PSC but not to them and a gap in bates numbering.  The Trustee has provided such an explanation in his opposition to the Tennessee Clinic Defendants' motion.  See Docket No. 2227 at 9-10.

The Court also denies the Tennessee Clinic Defendants' blanket request for documents produced to other parties.  The Court will consider requests for particular categories of documents only.

The Trustee has represented that he has searched for and produced documents responsive to Request Nos. 5, 6, 9, 12, 13, and 16-18.  Therefore, the Court denies as moot the Tennessee Clinic Defendants' motion with respect to these requests.

Finally, the Court grants the Tennessee Clinic Defendants' motion to the extent that it orders the Trustee to produce documents responsive to Request Nos. 1, 4, 7, 13 and 14.  The Court finds that those requests seek discoverable information.  The Trustee argues that the Tennessee Clinic Defendants are entitled only to comparative fault discovery and that such discovery should be deferred until the District Court rules on choice of law issues.  Docket No. 2227 at 11-14.  The Court disagrees.

The Tennessee Clinic Defendants are entitled to seek discovery "relevant to the prosecution, or defense, of claims against defendants other than the [settling defendants]." Docket No. 1482 at 3.  Therefore, they are entitled to seek discovery relevant to the prosecution or defense of the claims against them.  Such discovery includes issues such as proximate causation and whether, as the plaintiffs in these actions claim, the Tennessee Clinic Defendants' alleged failure to conduct due diligence violated the acceptable professional standard of care, regardless of which law applies.  The Court finds that Request Nos. 1, 4, 7, 13 and 14 seek information relevant to the Tennessee Clinic Defendants' defense of the claims against them in these actions.[3]  Therefore, the Court grants the motion with respect to Request Nos. 1, 4, 7, 13 and 14.

---

[3] The Court notes that the Trustee's response to several of these requests included a statement that "NECC is willing to meet and confer with the Tennessee Clinic Defendants to narrow this Request in order to identify potentially responsive documents."  See, e.g., Docket No. 2191-1 at 9.  However, the Trustee later declined to confer because it was his belief that such a meeting should be deferred until a ruling was made on the choice of law issues.  See Docket No. 2227 at 4.  The Court expects that parties will confer in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, the Court grants in part and denies in part the Tennessee Clinic Defendants' motion to compel.  The Trustee shall produce the documents compelled by this Order within two weeks.  In addition, the Trustee shall produce a privilege log within four weeks.

       /s/ Jennifer C. Boal
       JENNIFER C. BOAL
       United States Magistrate Judge