## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO:<br>All Actions | Honorable Rya W. Zobel |

## QUALIFIED PROTECTIVE ORDER FOR THE PRODUCTION OF CERTAIN INFORMATION MAINTAINED BY THE MARYLAND STATE DEPARTMENT OF HEALTH AND MENTAL HYGIENE

WHEREAS, the Court recognizes that the Maryland Department of Health and Mental Hygiene, ("DHMH"), investigated the 2012 fungal meningitis outbreak (the "Outbreak") and maintained certain lists of individuals affected by the Outbreak;

WHEREAS, the Court recognizes that the lists so maintained contain protected health information, individually identifiable health information, and information gathered by and/or on behalf of DHMH, some of which is protected from disclosure pursuant to Md. Code Ann., Health-Gen. §§18-201, 18-202, and 18-205;

WHEREAS, the Court recognizes that medical information about an individual is protected from disclosure pursuant to Md. Code Ann., General Provisions §4-329, except to a person in interest as defined in Md. Code Ann., Gen. Provisions § 4-101(e);

WHEREAS the Court recognizes that, on May 20, 2015 (the "Confirmation Date"), the United States Bankruptcy Court for the District of Massachusetts, Eastern Division in the New England Compounding Pharmacy's Chapter 11 bankruptcy proceeding, Case No. 12-19882 (the "Bankruptcy Proceeding") entered an order, dated May 20, 2015 (the "Confirmation Order"),

confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. (the "Plan") filed jointly by Paul D. Moore, in his capacity as Chapter 11 Trustee, and the Official Committee of Unsecured Creditors.

WHEREAS, the Court recognizes that the Plan establishes a claims process and that the National Settlement Administrator and Appeals Administrator (as defined in the Confirmation Order) may use information from state department of health lists in the administration of the claims process as set forth in the Plan; and

WHEREAS, the Court recognizes that the patient lists maintained by state departments of health will aid the National Settlement Administrator and Appeals Administrator in the administration of the claims process as set forth in the Plan,

IT IS HEREBY ORDERED that:

1. "Personal Health Information," and "individually identifiable health information" protected under the Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA") (42 USC §1320d et seq.) and the regulations promulgated thereunder (45 CFR §§160, 164 et seq.), may only be disclosed by the DHMH in this proceeding and shall only be accessed in accordance with this Order.  The information requested and/or produced shall be limited to the list maintained by DHMH of the names of patients who have been identified as meeting the Center for Disease Control's confirmed case definition for the 2012 fungal meningitis outbreak associated with receiving NECC solutions, medications or compounds (the "MD Patient List"). Nothing in this Order is meant to otherwise restrict DHMH's lawful use and distribution of the MD Patient List.

2.      Within 15 days of entry of this Order, DHMH shall transmit the MD Patient List to the Vendor, as defined by the Court's previous Qualified Protective Order, Dkt. No. 191 (the "First Qualified Protective Order").

3.      The Vendor shall maintain the MD Patient List in full accordance with the terms of the First Qualified Protective Order and HIPAA.

4.      Only the National Settlement Administrator and the Appeals Administrator, as defined in the Confirmation Order shall have access to the MD Patient List and the National Settlement Administrator and the Appeals Administrator shall access the MD Patient List for the sole purpose of facilitating the claims resolution process as outlined in the Plan.

5.      DHMH shall be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and similar provisions of State law, and shall have no liability under HIPAA or any other federal or state statute, regulation, or other requirement related to protected health information, for supplying the MD Patient List to the Vendor.

6.      Furthermore, because the MD Patient List will only be provided to the Vendor and is only available for review by the National Settlement Administrator and the Appeals Administrator, as defined in the Confirmation Order, the MD Patient List is and will not be a part of this or any other court record.  Accordingly, it is unnecessary to seal this record under Md. Code Ann., Health-Gen., §§ 18-201, 18-202, and 18-205. It is also unnecessary to require authorization from persons in interest under Md. Code Ann., General Provisions, §4-329.

7.      Nothing in this Order is meant to alter or amend the First Qualified Protective Order, which shall remain in full force and effect.

**So Ordered**

_____
Rya W. Zobel ~~Jan  11 32~~
United States ~~District Court~~ Judge
Magistrate