UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: Suits Naming the Tennessee Clinic Defendants | ) ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**EMERGENCY MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE TO RESPOND TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PRODUCTS LIABILITY CLAIMS AGAINST STOPNC [DKT. 2300]**

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants") hereby move the Court, on an emergent basis,[1] for an extension of time to December 7, 2015, to respond to the PSC's Motion for Partial Summary Judgment Regarding Products Liability Claims Against STOPNC [Dkt. 2300]. In support thereof, the Tennessee Clinic Defendants state as follows:

---

[1] This motion is being filed on an emergent basis because the Tennessee Clinic Defendants' current response deadline is October 27, 2015.

**Background**

On January 10, 2014, the Tennessee Clinic Defendants filed their "global" motion to dismiss, which sought dismissal of the Plaintiffs' product liability claims.[2] After a brief meet and confer, the Tennessee Clinic Defendants accommodated the PSC by agreeing to a briefing schedule that extended the PSC's responsive deadline to March 28, 2014, 75 days after the motion to dismiss was filed.[3]

On January 10, 2014, the Tennessee Clinic Defendants moved for summary judgment regarding compliance with Tenn. Code Ann. § 29-26-122, the certificate of merit requirement under Tennessee's Health Care Liability Act.[4] At their request, the Plaintiffs were permitted 45 days to file a Fed. R. Civ. P. 56(d) response, a non-substantive response *that required no meaningful citation to the factual record*.[5]

On August 29, 2014, the Court entered its Memorandum Decision on the Tennessee Clinic Defendants' global motion to dismiss and motion for summary judgment.[6] In the Memorandum Decision, the Court noted the lack of recent Tennessee authority regarding whether or not plaintiffs could pursue product liability claims against health care providers for defective products used during the provision of medical care.[7]

---

[2] Dkt. 771.

[3] The PSC's response is at Dkt. 1040.

[4] Dkt. 774.

[5] The PSC's 56(d) response is at Dkt. 948.

[6] Dkt. 1360.

[7] *Id.* at 29 ("As of the date of this opinion, there are no cases dealing with the interaction of products liability claims with the [Tennessee Health Care Liability Act]"). The Court did note the published opinion in *Burris v. Hospital Corporation of America*, 773 S.W.2d 932 (Tenn. Ct. App. 1989), holding that products liability claims under the Tennessee Products Liability Act of 1978 could not be made against health care providers. The Tennessee Supreme Court denied permission for further appellate review, approving the decision.

On July 9, 2015, the Court entered an order requiring motions for leave to file motions for summary judgment (not the motions for summary judgment themselves) to be filed by January 15, 2016.[8]

On September 23, 2015, the Middle District of Tennessee, in a declaratory judgment action filed by State Farm, one of the Tennessee Clinic Defendants' insurers, ordered that the question of the viability of product liability claims against health care providers should be certified to the Tennessee Supreme Court.[9] The Court ordered the parties to submit proposals for certification by October 23, 2015.

On October 6, 2015, the PSC filed a motion for partial summary judgment in this Court seeking a ruling that (1) the Tennessee Clinic Defendants are "sellers" as defined by the Tennessee Product Liability Act and (2) will be held jointly and severally liable with NECC. Under Local Rule 7.1, the deadline for responding to that motion for partial summary judgment is October 27, 2015.

On October 14, 2015, Magistrate Judge Boal ordered that common fact discovery must be completed by November 16, 2015.[10] The same day, Magistrate Judge Boal also ordered the production of additional documents from NECC and the Saint Thomas Entities.[11] To date, nearly 300,000 pages of documents have been uploaded to the repository. The PSC has taken more than a dozen depositions in the STOPNC cases alone.[12]

---

[8] Dkt. 2075.
[9] Dkt. 2285-1.
[10] Dkt. 2330.
[11] Dkts. 2334, 2335.
[12] This does not include depositions that are not specific to the Tennessee cases, such as the depositions of UniFirst and Liberty.

Counsel for the Tennessee Clinic Defendants "met and conferred" with the PSC, but the PSC refused to agree to the requested extension.[13]

<u>**Law and Argument**</u>

Fed. R. Civ. P. 16 grants district courts broad discretion in matters of scheduling. *U.S. v. 33.92356 Acres of Land*, 585 F. 3d 1, 11 (1st Cir. 2009) ("The court is given broad discretion to manage scheduling….")

**I.     The extension sought is reasonable given the importance of the issue and voluminous factual record in this case.**

Viability of the Plaintiffs' product liability claim is a significant legal issue in the Tennessee cases. Completely at odds with the Tennessee Health Care Liability Act of 2011, the recent decision of the Tennessee Supreme Court in *Ellithorpe v. Weismark*, --- S.W.3d ----, 2015 WL 5853873, at *7 (Tenn. Oct. 8, 2015), and the comparative fault doctrine adopted by the Tennessee Supreme Court in 1992, the Plaintiffs seek to hold physicians, nurses and two (2) ambulatory surgery centers strictly liable – liable without fault – for the harm caused by NECC's actions in distributing contaminated medication to over 3,000 customers in the United States.

The PSC cannot dispute the importance of this issue. At the October status conference, the PSC acknowledged that the parties need a ruling on this issue before trial. Concurrently, in the declaratory judgment action filed in the Middle District of Tennessee by one of the Tennessee Clinic Defendants' insurers, the PSC is expending significant resources to (inexplicably) prevent the Tennessee Supreme Court from deciding the issue. The PSC has filed (1) a motion to stay the proceeding, (2) a motion

---

[13] The Tennessee Clinic Defendants requested 60 days to respond to the motion. The PSC refused to assent, offering 45 days. Thus, the parties are 15 days apart. Additionally, the Tennessee Clinic Defendants offered to (and remain willing to) extend the PSC's reply deadline.

to review the magistrate judge's order to certify the product liability question to the Tennessee Supreme Court, and (3) a notice of potential tag-along with the JPML requesting that the action be transferred to this MDL (which was denied on October 19, 2015). Putting aside the wisdom (or lack thereof) of seeking to prevent a ruling on this question of Tennessee law by the state's highest court, the PSC cannot seriously dispute that this is an extremely important issue given the resources the PSC is expending to address it.

The Tennessee Clinic Defendants intend to respond to the PSC's motion for summary judgment with a cross-motion for summary judgment. The cross-motion will raise additional grounds for summary judgment on the product liability issue, in addition to responding to the arguments raised in the PSC's motion. Thus, the Tennessee Clinic Defendants will not simply be filing a response.

Preparing the quality product the issue and the Court deserve will require a significant amount of work, as set forth in the affidavit attached as Exhibit 1. Putting aside the complexity of the legal issues, locating citations in (1) nearly 300,000 pages of documents that have been uploaded to the repository and (2) multiple deposition transcripts is an enormous undertaking. Additionally, the Tennessee Clinic Defendants may need to prepare affidavits to file in support of their response/cross-motion. At the same time, the parties will be completing common discovery, including attending depositions across the country, and beginning case-specific discovery simultaneously in several individual Tennessee cases.[14]

---

[14] Presently, depositions are expected to occur in Texas, Missouri, and Massachusetts over the course of the next month, not including the half dozen additional depositions that are the subject of the United States' motion to stay.

Simply put, extending the Tennessee Clinic Defendants' response deadline to December 7, 2015, is a reasonable extension.

## II.     No prejudice will result if the extension is granted.

No party will be prejudiced if the Court grants the requested extension. Common fact discovery is still ongoing. Some of the documents _the PSC_ claims to be relevant to this issue have _yet to be produced._[15] The Court's current deadline for filing motions for leave to file motions for summary judgment (which the PSC failed to do here), is January 15, 2016, which means that the deadline for actually filing the motions for summary judgment would likely be in early February 2016. If the Court grants the requested extension, the instant motion will be _fully-briefed_ well in advance of the deadline for _filing_ motions for summary judgment. Plainly, there will be no prejudice if the extension is granted.

In reality, granting the extension will likely _benefit_ the Court and the parties. The additional time will permit the parties to the declaratory judgment action in the Middle District of Tennessee to seek certification of the issue to the Tennessee Supreme Court.[16] The Tennessee Supreme Court will likely have decided whether it will take up the issue when this Court is deciding the motion for summary judgment. A ruling from the Tennessee Supreme Court will certainly inform this Court's decision, if not resolve the issue. "When presented with a novel issue of law and applicable state precedent is absent, [the district court] must predict how the highest court of the state would resolve

---

[15] _See_ PSC's Motion to Compel to Saint Thomas, Dkts. 2260; Memorandum in Support, Dkt. 2261 at 12-13 ("As a result, all managed care agreements should be produced to shed light on whether they too provided the incentive to put profit over patient safety and to help shed light specifically on how Saint Thomas Clinic receives payment for the drugs it sells to patients."); Order Compelling Saint Thomas to Produce Managed Care Contracts, Dkt. 2235, at 5-6.

[16] Many of the Plaintiffs in the STOPNC cases, the cases in which the instant motion for summary judgment was filed, have moved to intervene in the declaratory judgment action.

the issue." *Hoover v. Coca Cola*, 255 F. Supp. 2d 791, 794 (M.D. Tenn. 2003) (internal citations and quotations omitted).

It is entirely unclear to the Tennessee Clinic Defendants why the PSC opted to file the instant motion for summary judgment well in advance of the deadline for motions for summary judgment in the MDL, but *after* the Middle District of Tennessee issued its order instructing the parties to submit proposals for certifying the question. There is no reason to rush briefing on the PSC's motion and force this Court to predict what the Tennessee Supreme Court would do on the issue. It makes much more sense to brief the PSC's motion on a reasonable schedule and, concurrently, allow the same issue to make its way to the Tennessee Supreme Court in the declaratory judgment action.

### III.   The extension sought is consistent with previous extensions granted to the PSC.

The extension requested by the Tennessee Clinic Defendants is consistent with briefing extensions frequently sought by and given to the PSC. The PSC has sought, and received, an extension for responding to virtually every dispositive motion filed in this case. And, the Tennessee Clinic Defendants assented to most, if not all, of the extensions requested in the Tennessee cases. Now that the roles are reversed, the PSC refuses to extend the same courtesy to the Tennessee Clinic Defendants, necessitating the filing of the instant motion.

The PSC had more than 75 days to respond to the Tennessee Clinic Defendants' global motion to dismiss, which also addressed the product liability issue. The PSC's response *did not* require the PSC to (1) locate citations to documents from nearly 300,000 pages on the repository, (2) cite to multiple deposition transcripts, (3) confirm the accuracy or inaccuracy of factual representations in the PSC's memorandum brief,

or (4) prepare affidavits, as will likely be necessary for the Tennessee Clinic Defendants' response/cross-motion. In short, the amount of work required for the PSC's response to the motion to dismiss was nowhere near as involved as the Tennessee Clinic Defendants' response/cross-motion.

Likewise, the PSC was permitted 45 days to file nothing more than a Fed. R. Civ. P. 56(d) response to the Tennessee Clinic Defendants' motion for summary judgment regarding the Plaintiffs' compliance with Tenn. Code Ann. § 29-26-122. The PSC's 56(d) response did not address the merits of the *legal* issues, let alone require any meaningful citation to the factual record. Yet, the PSC expects the Tennessee Clinic Defendants to do both in the same amount of time, *and* prepare a cross-motion.

The Tennessee Clinic Defendants' requested extension should be allowed because it is entirely consistent with the extensions granted to the PSC in responding to similar motions.

## Conclusion

The Tennessee Clinic Defendants respectfully request that the Court extend the deadline for responding to the PSC's motion for partial summary judgment to December 7, 2015. The extension sought is reasonable given the amount of work required; no party will be prejudiced by the extension; and the extension is consistent with those granted to the PSC.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 19th day of October, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**