UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: All Suits Against the Saint Thomas Entities | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

### SAINT THOMAS ENTITIES' NOTICE OF FILING OF PROPOSED BELLWETHER DISCOVERY SCHEDULE

Pursuant to the Court's instructions at the October 14, 2015 status conference, the Saint Thomas Entities[1] file a proposed schedule for discovery of the 15 cases in the bellwether candidate pool.

As required by the Court, the parties have selected 15 cases to represent the bellwether candidate pool.[2] The bellwether pool incudes the five categories of cases agreed upon by the parties: death (12% of all cases[3]), meningitis plus infection (38%), meningitis only (16%), local infection only (11%), and no disease (24%).[4]

On October 7, 2015, this Court entered an order stating it would now proceed with case-specific discovery of the bellwether pool.[5] Because the schedule set forth in the July 9 Order was premised on all parties waiving *Lexecon*, which did not occur, the Court requested at the October 14 status conference that the parties try to reach agreement on a new schedule or submit their differences if agreement could not be reached.

---

[1] Saint Thomas West Hospital, Saint Thomas Network, and Saint Thomas Health.
[2] The bellwether process was ordered at Dkt. No. 2075 ("July 9 Order"). Because both sides each selected one of the same cases, the pool has been decreased from 16 to 15.
[3] For the purposes of this notice, "all cases" refers to all cases pending against the Nashville Healthcare Defendants, which are Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD; Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.
[4] Dkt. No. 2174.
[5] Dkt. No. 2309 ("October 7 Order").

1

The Saint Thomas Entities conferred with the PSC on October 16 to try and reach agreement on a schedule. At the meeting, the PSC announced it would seek to proceed with case-specific discovery on only the "most serious" cases, and that it would request that the Court try those cases first, leaving the rest of the bellwether candidates for later trials in the Fall. The Saint Thomas Entities opposed this approach, which is contrary to the procedures ordered by this Court. Instead, they proposed a schedule that follows the Court's prior orders and concludes by February 29, 2016, the date the Court expects to file a suggestion of remand with the JPML.[6] Therefore, the Saint Thomas Entities file their proposed bellwether candidate discovery schedule as Exhibit A to this notice.[7]

## ARGUMENT AND AUTHORITIES

The Court has decided the bellwether process and all that is needed are new deadlines for the parties to conduct discovery in those cases. The bellwether process set forth in the July 9 Order is the final result of *years* of briefing and over *30 filings* on the issue.[8] Any attempt to reconsider it should be rejected. Indeed, this Court previously considered and expressly refused to abandon the bellwether process to expedite certain trials the PSC wanted to go first.[9] Yet the PSC again tries to seek an unfair advantage by abandoning any notion of representativeness, and instead, transparently trying to expedite their strongest cases. For example, the PSC belatedly attempts to deprive the parties of the ability to exercise strikes, which are an important part of

---

[6] October 7 Order at 22. "JPML." refers to the Judicial Panel on Multidistrict Litigation.
[7] The Nashville Clinic Defendants (Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; and Vaughan Allen, MD) have consented to this scheduling proposal.
[8] *See, e.g.*, Saint Thomas Entities' Motion to Reconsider MDL Order No. 7 (Dkt. No. 457, filed Sept. 26, 2013); Saint Thomas Entities' Response to PSC's Memorandum in Support of Its Proposal for Initial Trial Setting and Pretrial Deadlines and Cross-Motion to Amend Case MDL Order No. 9 (Dkt. No. 1957, filed June 10, 2015); *see also* Dkt. Nos. 459, 478, 591, 592, 597, 615, 617, 837, 840, 858, 863, 964, 1001, 1213, 1218, 1249, 1258, 1267, 1303, 1716, 1753, 1754, 1771, 1867, 1870, 1871, 1900, 1958, and 1995.
[9] July 9 Order at 6 ("Docket # 1716, the PSC's Motion for Entry of Case Management Order Setting an Expedited Trial Date, is DENIED[.]").

any bellwether process because they ensure that neither side is able to designate an unrepresentative case for an initial trial.[10]

This Court should not permit the PSC to usurp the bellwether process under the guise of a "scheduling order."  The parties are to do fact discovery in 15 cases, and after each side uses their four strikes, there will be seven left in which to conduct expert discovery.  It is from that pool of seven that the Court will then pick four cases for the first bellwether trials.  The PSC can make its arguments as to which of these seven "should go first" at that time.  This process was carefully constructed by the Court to assure representative cases are tried.[11]

While the discovery schedule for individual cases must be very tight to meet this Court's stated goal of returning four cases to the JPML on February 29, 2016, the bellwether process implemented by this Court provides the parties the ability to streamline discovery by allowing strikes to be made at any time before the deadline.[12]  Accordingly, the Nashville Healthcare Defendants have already struck two of the PSC's proposed cases, leaving 13 cases needing discovery.[13]  The PSC may likewise remove up to 4 cases from the pool at any time.

## CONCLUSION AND PRAYER

The Saint Thomas Entities request that the Court enter their proposed schedule for bellwether candidate discovery, and grant such other and further relief to which the Saint Thomas Entities are entitled.

---

[10] *See, e.g.*, Eldon E. Fallon, Jeremy T. Grabill & Robert Pitard Wynne, *The Problem of Multidistrict Litigation: Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2365 (June 2008) ("By permitting the attorneys to strike or veto cases, the transferee court can minimize the chance that one of these outliers is selected as a bellwether trial, without having to disturb the preordained method of trial selection.  In this way, if the abnormal case rears its head, the attorneys are equipped to deal with it on their own, without seeking court intervention."); *cf. In re Chevron USA, Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997) (trial of 15 cases separately selected by each side "is not a bellwether trial.  It is simply a trial of [15] of the 'best' and .[15] of the 'worst' cases contained in the universe of claims involved in this litigation.").

[11] *Id.* at 2338 ("[B]ellwether trials can precipitate and inform settlement negotiations by indicating future trends, that is, by providing guidance on how similar claims may fare before subsequent juries.").

[12] July 9 Order at 5 ("Each side may strike 4 of the other side's proposed [bellwether] cases *by* that day." (emphasis added)).

[13] Dkt. No. 2337.

Respectfully submitted,

SAINT THOMAS HEALTH, SAINT THOMAS WEST HOSPITAL, SAINT THOMAS NETWORK

*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON
& TOWNSEND L.L.P.
515 Congress Ave., Suite 2350
Austin, Texas  78701
(512) 482-9300
(512) 482-9303 (FAX)

* Admitted *pro hac vice*.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing on this 19th day of October, 2015.

                                              */s/ Sarah P. Kelly*
                                              Sarah P. Kelly