UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES LITIGATION | MDL No. 2419<br>Master Dkt.: 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS STEERING COMMITTEE'S PROPOSED
PLAN FOR CASE-SPECIFIC DISCOVERY IN BELLWETHER CASES**

During the October 13, 2015, status conference, the Court ordered that the parties confer and submit a proposed plan for conducting case-specific discovery in connection with bellwether trials, which the Court previously ordered would begin in March or April of 2016. If the parties could not agree on all issues, the Court permitted the parties to file short competing submissions. The parties conferred on October 16, 2015, but were not able to reach agreement, and therefore the PSC now submits its proposed schedule. The PSC proposal fulfills the Court's goal of starting bellwether trials in Spring 2016, while adjusting interim dates and procedures to account for the nearly two-month delay caused by Defendants' refusal to engage in case-specific discovery until the Court decide the issues of subject matter jurisdiction and trial venue.

    **A.**    <u>The Current Status of the Bellwether Selection Process</u>

Following the Court's July 9, 2015, Order [Dkt. 2075], which required the parties to submit eight proposed bellwether cases per side by August 14, 2015, the parties selected cases and attempted to categorize the cases based on the injuries suffered, ranging from death to no confirmed diagnosis of an infection. One case was selected by both sides, although there is a disagreement regarding into which category that case should be placed. As of August 2015, the parties had identified a pool of 15 potential bellwether cases in which to move forward.

The next step, pursuant to the July 9, 2015, Order, was for the parties to conduct case-specific fact discovery in all 15 of those cases. Accordingly, once that pool of 15 had been selected, the PSC attempted to begin case-specific discovery, but Defendants refused to participate, taking the position that until the Court ruled that it had subject matter jurisdiction and was the appropriate venue for bellwether trials, Defendants had no obligation to engage in case-specific discovery. As a result of Defendants' position, more than two months have passed since the parties made their initial bellwether selections, and Defendants' delay has now caused the parties to fall behind the schedule set by the Court's July 9, 2015, Order.

B.   **The PSC's Proposed Schedule**

To get back on track with the Court's intended schedule – and more importantly keep the Spring 2016 trial timing set out by the Court in July and reaffirmed in the Court's October 7, 2015, Order – the PSC proposes that the bellwether pool be staged into two phases, with Phase One going to trial in Spring 2016, and Phase Two likely in Fall 2016. To reach this goal, rather than conducting case-specific fact discovery in 15 cases and later striking four of the other sides' picks, the parties would now affirmatively designate four cases from the existing bellwether pool in which to begin case-specific discovery.

This approach will reduce the burden on all parties to conduct case-specific fact discovery in 15 cases simultaneously, which otherwise would require the parties taking upwards of 60 fact witness depositions in a short period of time, a vast majority of which would be in cases that would not be tried in Spring 2016. The Defendants have already received detailed plaintiffs profile forms for each of these cases, as well as all relevant medical records, employment records (where applicable), and scores of other relevant documents. In many

instances, the plaintiffs were treated at Defendants' hospital. In other words, even without depositions, Defendants have robust information about the Plaintiffs in the bellwether pool.

Another benefit of this approach is that it will focus the parties on affirmatively selecting representative cases (as opposed to peremptorily striking cases), which is critical to furthering the goal of the bellwether process to obtain relevant information from trials of representative cases that would inform the parties for purposes of reaching global settlement. *See* Eldon E. Fallon, et al, *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2342 (June 2008). Trials of representative cases "assist in the maturation of disputes by providing an opportunity for coordinating counsel to organize the products of pretrial common discovery, evaluate the strengths and weaknesses of their arguments and evidence, and understand the risks and costs associated with the litigation," and can supply the "raw data around which a more fair and equitable settlement compensation system can ultimately be constructed." *Id.* at 2338-42. On the other hand, "unrepresentative cases, even if they are successful at trial, will do little to resolve the entire litigation and will have little predictive value," and thus must be avoided here. *Id.* at 2349.

Accordingly, Plaintiffs propose the following procedure for selecting four cases for Phase One from the current pool of 15 cases, which would result in representative cases that would yield the maximum amount of relevant and helpful information for the parties:

1. Each side would select four cases for inclusion in the Phase One trial pool. As described above, the goal should be to affirmatively select representative cases that will be useful in establishing information on the strength of the claims and the value of the cases.

2. Cases that involve no confirmed infection diagnosis should not be selected for Phase One, because they are not representative cases that would further the goals of establishing

the value of the cases here; instead these should be reserved for a later trial pool, Phase Two, likely Fall 2016.

    3.    The parties conduct case-specific fact discovery in those eight cases.

    4.    After case-specific fact discovery in concluded, each side submits to the Court summaries of its picks for Phase One, including arguments for why they are representative cases that would further the goals of bellwether trials.

    5.    The Court would then select four cases for trial in Phase One.

    6.    The four Phase One cases would then proceed through expert discovery, Daubert, summary judgment, and trial.

After Phase One is complete, the process would begin anew for Phase Two, with each side picking four cases (from the remaining 11) for consideration for Phase Two. Case-specific discovery could likely proceed faster for Phase Two, given that case-specific fact discovery will have been completed in four of the remaining cases from Phase One.

The chart below lays out the proposed dates for the PSC's schedule for Phase One, with the dates from the Court's July 9, 2015, Order and the Defendants' proposal listed for comparison:

| Action | July 9, 2015, Order [Dkt. 2075] | PSC Proposal (Phase One) | Defendants' Proposal |
|---|---|---|---|
| Select potential bellwether trial cases | August 14, 2015 | N/A | N/A |
| Select potential Phase One cases | N/A | Each side picks 4 by October 23, 2015 | N/A |
| Case-Specific Written Discovery Issued By | N/A | November 30, 2015 | November 30, 2015 |
| Case-specific fact depositions will end on | N/A | November 30, 2015 | December 18, 2015 |
| Case-specific fact discovery will end on | October 30, 2015 | December 30, 2015 | February 29, 2015 |

| Action | July 9, 2015, Order [Dkt. 2075] | PSC Proposal (Phase One) | Defendants' Proposal |
|---|---|---|---|
| Each side may strike 4 of the other side's proposed bellwether cases by that day. | October 30, 2015 | No strikes. | December 23, 2015 |
| The parties shall file a summary of the remaining 8 cases with the court. | October 30, 2015 | December 2, 2015 (explaining which four cases should be picked for Phase One and why) | December 23, 2015 |
| The court will select 4 bellwether cases. | November 6, 2015 | December 9, 2015 | December 30, 2015 |
| Case-specific expert discovery will begin for those 4 cases. | October 30, 2015 | December 10, 2015 | December 30, 2015 |
| Opening case-specific expert reports | November 24, 2015 | January 6, 2016 | January 6, 2016 |
| Rebuttal case-specific expert reports | December 22, 2015 | January 22, 2016 | January 22, 2016 |
| Reply case-specific expert reports | January 15, 2016 | January 29, 2016 | N/A |
| Case-specific expert depositions shall be completed | January 29, 2016 | February 10, 2016 | February 29, 2016 |
| *Daubert* motions to be filed | February 12, 2016 | February 15, 2016 | February 12, 2016 |
| Oppositions to *Daubert* motions | February 26, 2016 | February 29, 2016 | February 26, 2016 |
| Deadline to seek leave to move for summary judgment (5 pages) | January 15, 2016 | February 15, 2016 | N/A |
| Oppositions to motion for leave (5 pages) | 1 week later | February 19, 2016 | N/A |
| Trials begin | March 28, 2016 | March 28, 2016 | |

Given the present context, including the substantial delay caused by Defendants' refusing to engage in case-specific discovery, the PSC's proposal would allow the parties efficiently to comply with the Court's goal of beginning bellwether trials in Spring 2016, while providing the

parties an ample opportunity to conduct case-specific discovery in an orderly and meaningful manner consistent with accepted principles of aggregate litigation.

Respectfully submitted,

Dated: October 19, 2015

_____

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs Lead Counsel*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Phone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs Steering Committee*

**CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing was served via the Court's electronic filing system on October 19, 2015.

_____<br>Annika K. Martin

1277245.3