# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br><br>Master Dkt. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>Suits Naming the Tennessee Clinic Defendants. | Judge Rya Zobel |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO TENNESSEE CLINIC DEFENDANTS' EMERGENCY MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PRODUCTS LIABILITY CLAIMS [DOC. 2339]**

**I.     The Response Time Should be Forty-Five Days.**

The Plaintiffs' Steering Committee ("PSC") agrees that the Tennessee Clinic Defendants should receive a reasonable extension of time for responding to the PSC's pending Motion for Partial Summary Judgment [Doc. 2300]. In fact, the PSC readily agreed to provide the Tennessee Clinic Defendants with an extension. The PSC agreed that the Tennessee Clinic Defendants should have forty-five (45) days to file their response. Such an extension would make the Tennessee Clinic Defendants' response due on November 20, 2015.

The PSC cannot agree to a sixty (60) day extension because such an extension would have a harmful ripple effect throughout the litigation. This Court has determined that it intends to begin trying bellwether cases as early as late March, 2016.[1] In light of the time constraints associated with that intention, the PSC believes strongly that the subject Motion for Partial Summary Judgment [Doc. 2300] should be heard during the status conference scheduled for December 17, 2015. A sixty (60) day response time will not accommodate that schedule, while a forty-five (45) day response time will.

---

[1] Doc. 2309.

The PSC's Motion for Partial Summary Judgment [Doc. 2300] asks this Court to decide whether Saint Thomas Outpatient Neurosurgical Center ("Saint Thomas Clinic") falls within the statutory definition of "seller" contained in the Tennessee Products Liability Act of 1978, Tenn. Code. Ann. § 29-28-102(7).  That important legal issue will shape the future course of this litigation dramatically.  It will significantly affect the nature of any verdict forms and jury instructions.  This Court should be given ample time to consider and decide the motion prior to trial.  A hearing of that issue should not be postponed into 2016.  Accordingly, briefing and argument of the issue should not be delayed.

Forty-five (45) days is more than enough time for the Tennessee Clinic Defendants to respond to the subject motion.  The Tennessee Clinic Defendants accomplished all of the research and briefing necessary to respond to plaintiffs' pending motion when the Tennessee Clinic Defendants heavily briefed their previous motion to dismiss.[2]  They do not need more than forty-five (45) days to respond to a partial summary judgment motion dealing with the same legal issues.

The Tennessee Clinic Defendants' suggestion that they need more time to review an expansive factual record is not accurate.  The subject motion poses a simple, non-fact intensive question:  Does the Saint Thomas Clinic meet the statutory definition of "seller," Tenn. Code. Ann. § 29-28-102(7)?  Responding to that question does not require review of hundreds of thousands of pages of documents or dozens of depositions.  At most, it requires reference to the depositions of three witnesses who gave testimony bearing upon how Saint Thomas Clinic's

---

[2] The Tennessee Clinic Defendants supported their prior motion to dismiss with more than 90 pages of briefing, most of which was devoted to the product liability issue.  (Doc. 772 and Doc. 1112).  Accordingly, the Tennessee Clinic Defendants cannot genuinely claim that they need more time to research the legal issues involved.

distribution of MPA should be characterized.[3]  The Tennessee Clinic Defendants' suggestion that they need more time to review an expansive factual record is a false red herring.

## II. The Tennessee Declaratory Judgment Proceedings Should Not Affect This Court's Briefing Schedule.

The Tennessee Clinic Defendants suggest that this Court should extend their deadline for responding to the subject partial summary judgment motion because of the pendency of a declaratory judgment action pending in the United States District Court for the Middle District of Tennessee.  That action is a very unusual lawsuit.  It purports to be an insurance coverage action in which State Farm Fire and Casualty Company ("State Farm") seeks a declaration regarding whether it is required to defend product liability claims pending against one of the Tennessee Clinic Defendants in this MDL.  That action is unusual because it appears to be proceeding in a manner contrary to basic tenants of insurance coverage law, and the PSC is concerned that the Tennessee Clinic Defendants are using that action as a mechanism for causing tremendous delay and for litigating the merits of plaintiffs' products liability claims in another forum.

The PSC is concerned that the Tennessee Clinic Defendants are attempting to use said declaratory judgment action as an end-run around this Court's prior ruling that the Tennessee plaintiffs are allowed to proceed with claims under the Tennessee Products Liability Act of 1978.[4]  In addition, the PSC is concerned that the Tennessee Clinic Defendants are using the pendency of that insurance coverage dispute as a reason to slow the progress of this litigation.

Under Tennessee law, declaratory judgment proceedings cannot and should not be used to adjudicate merits of underlying tort claims.  Because the duty to defend is broader than the duty to indemnify, Tennessee courts follow the "eight corners" rule when ascertaining an

---

[3] Those three witnesses are Debra Schamberg (Facilities Director of the Saint Thomas Clinic); Scott Butler (CFO of the Saint Thomas Clinic); and Cindy Williams (Director of Managed Care Joint Venture Contracting for Saint Thomas Health).
[4] This Court's ruling on motions to dismiss is found at Doc. 1360.  In addition, to the extent that this Court desires more information about the subject Tennessee declaratory judgment proceeding, briefs in that proceeding have been filed in this MDL at Doc. 2239 and attached exhibits.

insurer's duty to defend.  Courts look within the four corners of the complaint filed against the insured, as well as the four corners of the insurance contract, and ask whether the complaint alleges a cause of action that is a covered risk.  Courts in declaratory judgment proceedings should not endeavor to adjudicate the merits of underlying tort claims when determining an insurance company's duty to defend.[5]

In spite of clear Tennessee law indicating that the merits of plaintiffs' underlying tort claims should not be adjudicated in an insurance coverage case, the Tennessee Clinic Defendants are using the declaratory judgment proceeding in order to request that the merits of plaintiffs' claims under the Tennessee Products Liability Act of 1978 be certified to the Tennessee Supreme Court.  If such a certification were made, and if the Tennessee Supreme Court agreed to accept it, that appellate litigation would likely take years to complete.  The Tennessee plaintiffs, some of whom have already died during the pendency of this litigation, cannot afford to endure such added delays.

## CONCLUSION

Rather than spending precious time litigating a 15 day difference of opinion, the Tennessee Clinic Defendants could have used the time spent researching and writing their "emergency motion" actually working on a response to the subject motion for partial summary judgment.  They should be required to respond to that motion within the 45 day time frame originally proposed by the PSC.

---

[5] According to the Sixth Circuit, an insurer's duty to defend the insured is triggered under Tennessee law "when the underlying complaint alleges damages that are within the risk covered by the insurance contract and for which there is a potential basis for recovery."  *Forrest Const., Inc. v. Cincinnati Ins. Co.*, 703 F.3d 359, 363 (6th Cir. 2013)(quoting *Travelers Indem. Co. of Am. v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 305 (Tenn.2007)).  "Whether the duty is triggered is determined *solely* by looking at the allegations contained in the underlying complaint." *Id.* (emphasis added). "[D]eclaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court."  *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) (citation omitted).

Respectfully submitted,

/s/ **George Nolan**
George Nolan (B.P.R. No. 14974)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
(615) 780-4114
gnolan@leaderbulso.com

*As designated counsel on behalf of the Plaintiffs' Steering Committee*

| | |
|---|---|
| Thomas M. Sobol<br>Kristen Johnson Parker<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA 02142<br>Telephone: (617) 482-3700<br>tom@hbsslaw.com<br>kristenjp@hbsslaw.com<br><br>*Plaintiffs' Lead Counsel* | Elizabeth J. Cabraser<br>Mark P. Chalos<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>ecabraser@lchb.com<br>mchalos@lchb.com<br><br>*Federal/State Liaison* |
| Marc E. Lipton<br>LIPTON LAW<br>18930 W. 10 Mile Road<br>Southfield, MI 48075<br>Telephone: (248) 557-1688<br>marc@liptonlawcenter.com | Kim Dougherty<br>JANET, JENNER & SUGGS, LLC<br>31 St. James Ave., Suite 365<br>Boston, MA 02116<br>Telephone: (617) 933-1265<br>kdougherty@myadvocates.com |
| Patrick T. Fennell<br>CRANDALL & KATT<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016<br>Telephone: (540) 342-2000<br>pfennel@crandalllaw.com | Mark Zamora<br>ZAMORA FIRM<br>6 Concourse Way, 22nd Floor<br>Atlanta, GA 30328<br>Telephone: (404) 451-7781<br>marc@markzamora.com |
| J. Gerard Stranch, IV<br>Benjamin A. Gastel<br>BRANSTETTER, STRANCH & JENNINGS PLLC<br>227 Second Avenue North, 4th Floor<br>Nashville, TN 37201<br>Telephone: (615) 254-8801<br>gerards@branstetterlaw.com<br><br>*Plaintiffs' Steering Committee* | |

**CERTIFICATE OF SERVICE**

      I, George Nolan, hereby certify that on October 22, 2015, I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

      /s/ **George Nolan**
      George Nolan