UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

### THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR A PROTECTIVE ORDER REGARDING THE BOX HILL DEFENDANTS' NOTICES OF DEPOSITION BY WRITTEN QUESTION [DKT. 2319]

NOW COMES the Plaintiffs' Steering Committee (the "PSC"), pursuant to Fed.R.Civ.P. 26, and hereby moves to this Court to require that certain depositions by written questions noted by the Maryland Defendants Box Hill Surgery Center, LLC; Ritu T. Bhambhani, MD; and Ritu T. Bhambhani, MD, LLC ("Box Hill") be conducted orally. In support thereof, the PSC states as follows:

I. **Introduction and Statement of Relevant Facts**

On October 12, 2015, Box Hill, without conferring with the PSC or Plaintiffs' counsel, filed a Notice of Filing of Notices of Deposition by Written Questions (Dkt. 2319). Attached to that filing were deposition notices, subpoenas, and written questions served, pursuant to Fed.R.Civ.P. ("Rule") 31 and Rule 30(b)(6), upon ten different surgery centers throughout Maryland, Tennessee, and Virginia ("Witness Clinics") that were customers of NECC in 2012. Each deposition notice sets forth twenty-one questions that contain multiple subparts and that each deponent's corporate representative is to answer. The questions concern the Clinics' research, evaluation and selection of NECC as a supplier of compounded drugs. *See, e.g.,* Deposition by Written Questions of Peninsula Orthopaedic Associates, P.A. (Ex. 1). Pursuant to Rule 31, Plaintiffs are required to submit cross questions within fourteen days after receiving the notices. All ten sets of these deposition questions are identical.[1]

---

[1] It is also questionable whether some of the ten depositions will lead to the discovery of relevant evidence, as nine of the ten the Witness Clinics did not purchase the contaminated, preservative-free MPA at issue.

1

The PSC requests the entry of a protective order prohibiting Box Hill from proceeding with the written depositions as noticed and requiring instead that these depositions be taken orally. The topics of the depositions are technical and complex, and thus wholly unsuited to deposition by written question. Depositions regarding these same topics necessitate thorough, nuanced, and detailed cross-examination, which cannot occur via written question.

## II.   Argument

### A. This Court should grant a protective order prohibiting the depositions upon written questions and instead require the depositions to proceed orally, pursuant to Rule 30.

Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether good cause exists "is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action." 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.). Here, proceeding with depositions by written questions, rather than requiring oral depositions, would deny Plaintiffs the ability to adequately cross-examine the Witness Clinics, causing undue prejudice.

### B. Depositions by written question are inappropriate in complex cases such as this one.

Generally, depositions by written question ("Rule 31 depositions") are disfavored. *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397 (S.D.N.Y. 2006). Nonetheless,

> [i]n certain limited circumstances, depositions by written questions are appropriate. For example, where the issues to be addressed by the witness are narrow and straightforward and the hardships of taking an oral deposition would be substantial, written questions may be an adequate substitute, at least in the first instance. *See Winbourne v. Eastern Air Lines, Inc.*, 632 F.2d 219, 226 (2d Cir.1980).

> But there are several reasons why oral depositions should not be routinely replaced by written questions. *See* 8 C. Wright & A. Miller, *Federal Practice & Procedure* §§ 2039, 2131. First, the interrogatory format does not permit the probing follow-up questions necessary in all but the simplest litigation. Second,

2

> without oral deposition, counsel are unable to observe the demeanor of the witness and evaluate his credibility in anticipation of trial. *See National Life Insurance Co. v. Hartford Accident and Indemnity Co.,* 615 F.2d 595, 599–600 n. 5 (3d Cir.1980). Finally, written questions provide an opportunity for counsel to assist the witness in providing answers so carefully tailored that they are likely to generate additional discovery disputes. *See Alliance to End Repression v. Rochford,* 75 F.R.D. 428, 429 (N.D.Ill.1976).

*Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 549 (S.D.N.Y. 1989). *See also V.O. Machinoimport v. Clark Equipment Co.,* 11 F.R.D. 55, 58 (S.D.N.Y. 1951)("Under ordinary circumstances the advantages of oral examination over the rigidity of written interrogatories are readily acknowledged. Cross-examination of a witness who may be evasive, recalcitrant or non-responsive to questions is an essential in ferreting out facts, particularly of an adverse party or witness."); *Perry v. Edwards,* 16 F.R.D. 131, 133 (W.D.Mo. 1954)("From my long experience at the Bar, I can readily agree that the device of taking a deposition upon written interrogatories under Rule 31, except for the proof of formal matters, is a tool of discovery very inferior to oral examination.").

Given the limitations inherent in Rule 31 depositions, it is no surprise that they are rarely permitted in complex cases such as this one, where follow-up questions and detailed cross examination are necessary, the issues are complex and regard "technical and scientific matters," and/or deposing counsel expect to conduct "a narrow inquiry into minute, but critical details." Schmertz, *Written Depositions under Federal and State Rules as Cost-Effective Discovery at Home and Abroad,* 16 Vill. L. Rev. 7 at 44 (Ex. 2). *See also Horvath v. Deutsche Lufthansa, AG,* 2004 WL 241671 (S.D.N.Y. Feb. 9, 2004); *Sadowski v. Technical Career Intstitutes, Inc.,* 1994 WL 240546, at *1 (S.D.N.Y. May 27, 1994); *Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 549 (S.D.N.Y. 1989)); Handbk. Fed. Civ. Disc. & Disclosure § 6:2 (3d ed.); 8A Fed. Prac. & Proc. Civ. § 2131 (3d ed.). To that end, the court in *Zito v. Leasecomm Corp.,* 233 F.R.D. at 397, denied plaintiffs' request for depositions by written questions in lieu of oral depositions because plaintiffs "ha[d] proffered no persuasive reason why the presumption in favor of oral depositions should be disregarded." In *Mill-Run Tours, Inc.,* 124 F.R.D. at 549-550, the court declined to

allow the defendants' deposition to proceed by written question, noting that "[o]nly through oral depositions can counsel explore all of the nuances of [defendants'] actions which are relevant to this litigation." (citations omitted).  Similarly, in *Vareltzis v. Luckenback Steamship Co.*, 20 F.R.D. 383, 384 (S.D.N.Y. 1956), the court required oral discovery instead of written deposition questions, stating that "[t]he details of conversations, oral reports, inspections, the use of protective materials and similar matters can be better brought out by oral examination than by written interrogatories."  For all of these reasons, Rule 31 depositions are also inappropriate in the instant matter.

### C. Written depositions will not provide the PSC with an adequate opportunity to cross examine the Witness Clinics, and thus will unduly prejudice all Plaintiffs.

In addition to the general impropriety of Rule 31 depositions in a litigation such as this one, the particular topics listed in Box Hill's Notices are unsuited for deposition by written question.  These questions pertain to the Witness Clinics' research, evaluation, and selection of NECC as a supplier of compounded drugs.  They thus go to the heart of the standard of care for the Clinic Defendants, which itself is a complex and highly contested issue that will be the subject of expert testimony. The importance of this subject matter to hundreds of pending cases, as well as its highly technical nature, further reflects Plaintiffs' need for meaningful and vigorous cross-examination.  That type of dialogue simply cannot occur via written deposition.

The complexity of Box Hill's requests has been borne out in two depositions recently taken in this matter.  In June 2015, the parties deposed a third party contractor that had inspected NECC's facility in May 2012 on behalf of health care provider Brigham & Women's Hospital. What that questioning and subsequent testimony indicate is that thorough, nuanced cross-examination on technical issues such as U.S. Pharmacopeial Convention ("USP") regulations, guidance documents, and the standard of care was necessary to obtain a full and complete record. The PSC's follow-up questions could not have been scripted in advance of hearing the deponent's answer.

Frances McAteer, Vice President of Microbiology Research Associates, Inc. testified that he, on behalf of Brigham & Women's Hospital, conducted an in-person inspection of the NECC facility in May 2012 to determine whether it was a "safe and reputable supplier." Depo. F.McAteer, June 3, 2015, at 91:14-20 (Ex. 3). McAteer testified on direct examination that NECC and Barry Cadden were cooperative during the visit and he concluded that NECC was both compliant with USP 797 and an acceptable source of compounded medications for his client, Brigham & Women's. BW 0000138 - 0000141 (Ex. 4).

On cross-examination, Mr. McAteer was questioned in detail regarding at least twenty different exhibits. Ultimately his testimony and the referenced documents revealed the following, *inter alia*:





As indicated, all of these facts were elicited only upon cross examination and, as their breadth and detail illustrates, Plaintiffs would be unable to prepare a suitable written cross examination of the Witness Clinics without first obtaining their responses to Box Hill's direct examination questions. Even were Plaintiffs able to anticipate each deponent's complex answer

to those direct questions, the list of questions to be asked on cross would be extensive, detailed, and voluminous, and thus would render the entire Rule 31 process untenable.

At bottom, Plaintiffs will be unduly prejudiced if they are unable to conduct a complete, meaningful, and vigorous oral cross-examination of the witnesses. This is particularly so because these depositions will be the only opportunity Plaintiffs will have to elicit testimony from the Witness Clinics.

### III. Conclusion

For the reasons stated above, Rule 31 depositions are inappropriate in this matter, both generally and with respect to Box Hill's proposed deposition topics. In order to avoid unduly prejudicing the Plaintiffs, the PSC respectfully requests that the Court require that the Witness Clinics be deposed orally.[2]

Dated: October 23, 2015

Respectfully submitted,

/s/ Kimberly A. Dougherty
Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Ave., Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

---

[2] Pursuant to Rule 26 and this Court's MDL Order No. 10 (Dkt. 1426), a witness deposed under either Rule 30 or 31 cannot be re-deposed without leave of Court.

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF COMPLIANCE WITH RULE 26 AND L.R. 7.1(a)(2)**

I, Kimberly A. Dougherty, hereby certify that prior to the filing of this Motion, the Plaintiffs' Steering Committee met and conferred in good faith with counsel for the Box Hill Defendants, Greg Kirby. The parties were unable to reach an agreement, thus necessitating this Motion.

Dated: October 23, 2015                                   **/s/ Kimberly A. Dougherty**
                                                          Kimberly A. Dougherty

**CERTIFICATE OF SERVICE**

I, Kimberly A. Dougherty, hereby certify that I caused a copy of the above to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: October 23, 2015                                   **/s/ Kimberly A. Dougherty**
                                                          Kimberly A. Dougherty