UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

IN RE: NEW ENGLAND ) 
COMPOUNDING PHARMACY, INC. )
PRODUCTS LIABILITY LITIGATION )          MDL No. 13-2419-RWZ
 )
This Document Relates To: )
 )
     All Actions )
_____)

ORDER ON GOVERNMENT'S MOTION FOR LEAVE
TO INTERVENE AND FOR A STAY OF CERTAIN DEPOSITIONS
<u>PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS</u>
[Docket No. 2209]

October 26, 2015

Boal, M.J.

　　　The United States has moved to intervene in this case for the purpose of seeking a stay of certain fact depositions pending resolution of the related criminal case.[1]  Specifically, the government requests that the Court stay the depositions of all former employees of NECC and Medical Sales Management ("MSM") who are potential government witnesses, as well as the Rule 30(b)(6) deposition of the Massachusetts Board of Registration in Pharmacy (the "Board") until resolution of the parallel criminal case, <u>United States v. Barry J. Cadden, et al.</u>, No. 14-cr-10363-RGS (D. Mass.) (the "Criminal Case").[2]

---

[1] No party has opposed the government's request to intervene in these cases.  In addition, the Court finds that intervention is appropriate.  <u>See</u> <u>Pub. Serv. Co. of New Hampshire v. Patch</u>, 136 F.3d 197, 204 (1st Cir. 1998).  Accordingly, the Court grants the government's request to intervene in this case.

[2] The government also requests that the Court deny the Saint Thomas Entities' motion to compel criminal discovery (Docket No. 2117), in which the Saint Thomas Entities requested an order compelling the defendants in the Criminal Case to produce the government's discovery productions.  The Court denied the Saint Thomas' Entities motion on September 10, 2015.

The Court's July 31, 2015 order (Docket No. 2123), with which the Court assumes familiarity, provides an extensive review of the facts of this case and the relevant procedural background.  In that order, the Court granted the U.S. Food and Drug Administration's ("FDA") motion for a protective order precluding its Rule 30(b)(6) deposition pending resolution of the Criminal Case.  Docket No. 2123 at 20-22.

Subsequently, on August 13, 2015, the Court denied the Board's motion for a protective order providing that it would not be required to produce a Rule 30(b)(6) witness in response to the Tennessee Clinic Defendants' subpoena.  Docket No. 2164.  The Court found that the Board had not met its burden of showing entitlement to a protective order because it made a blanket assertion based on the FDA's concerns.  Id. at 4.  The Court noted that there was a critical distinction between the FDA and the Board; namely, that while the FDA is part of the prosecution team, the Board is simply a potential witness in the Criminal Case.  Id.

The government now essentially seeks an order reconsidering the Court's prior ruling with respect to the Board.  The government has not raised any new arguments supporting a stay of the deposition of the Board.[3]  At oral argument, the government indicated that the Board intends to designate as its Rule 30(b)(6) witnesses the same individuals that the government expects to call as witnesses in the Criminal Case.  This fact alone does not support the stay.  In addition, the Court notes that the Board is not required to designate these individuals as Rule 30(b)(6) designees.  It may designate any individual so long as it adequately prepares him or her

---

Docket No. 2240.  The government's motion is therefore granted to the extent that it seeks denial of the Saint Thomas Entities' request for the discovery produced in the Criminal Case.

[3] For these reasons, this Court continues to believe that the criteria under Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 77 (1st Cir. 2004), for even a limited stay, have not been met.

to testify on the designated topics. See Booker v. Massachusetts Dep't of Public Health, 246 F.R.D. 387, 389 (D. Mass. 2007).

The government also requests a stay of the depositions of all former NECC and MSM employees who are potential government witnesses.  The Court declines to grant such a widespread stay.  The Court will entertain motions to stay the depositions of specific individuals supported by particularized reasons.[4]  Accordingly, the Court denies the motion to the extent that it seeks a stay of the depositions of the Board and all former employees of NECC and MSM who are potential government witnesses.

**So Ordered.**

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[4] At oral argument, the government specifically raised the depositions of former NECC employees, Stephen Haynes and Owen Finnegan.  Messrs. Haynes and Finnegan have indicated that they intend to assert their Fifth Amendment privilege against self-incrimination at their depositions.  Docket No. 2211.  The government did not provide any reasons why its criminal case would be harmed or affected by these two depositions in light of the witnesses' stated intention to assert their Fifth Amendment privilege.  Accordingly, the Court declines to issue a stay with respect to these two depositions.