UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATIONTHIS DOCUMENT RELATES TO:All Suits Against the Saint Thomas Entities | MDL No. 2419Dkt. No 1:13-md-2419 (RWZ) |

**MEMORANDUM IN SUPPORT OF THE SAINT THOMAS ENTITIES'
MOTION TO COMPEL THE NECC POST-CONFIRMATION OFFICER
TO PRODUCE CERTAIN MATERIALS**

Pursuant to Federal Rule of Civil Procedure 37, the Saint Thomas Entities[1] hereby file this memorandum in support of their motion to compel the Post-Confirmation Officer of the bankruptcy estate of New England Compounding Center (the "NECC Trustee") to produce certain training and marketing materials. For the reasons explained in this Memorandum, this Court should compel the NECC Trustee to produce the materials discussed below.

### I.BACKGROUND AND SUMMARY OF ARGUMENT

The Court is familiar with this matter from multiple prior filings.[2] The Saint Thomas Entities have asserted that MSM caused or contributed to Plaintiffs' injuries and deaths by misrepresenting to customers and potential customers that the NECC facility and its products were of high quality, compliant with required industry standards, and adequately tested. And as this Court knows, MSM was an affiliate of NECC at all relevant times; it shared owners,

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.
[2] *See, e.g.,* Mem. of Decision [re: Motions to Dismiss] [Dkt. No. 1360].

- 1 -

officers, and directors with NECC;[3] and it provided advertising, marketing, promotion sales, and telemarketing services for NECC.[4]

The Saint Thomas Entities filed motions to compel certain criminal defendants and MSM to produce highly relevant and discoverable training and marketing materials. During the October 14, 2015 hearing on the matter, counsel for MSM suggested that the NECC Trustee was in possession of at least some of the relevant materials. Despite MSM's suggestions that such materials "may" be on the document repository set up for the MDL, they are not. However, an index of preserved materials reflect that the NECC Trustee in fact possesses some of the training materials but never uploaded them.

Accordingly, the Saint Thomas Entities asked the Trustee to upload the materials it possessed. Because their initial and follow up requests have gone unanswered, and in light of the impending deadlines in this matter, they hereby move this Court to compel the production.

## II.    ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 26(b)(1) provides for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The United States Supreme Court has further held that the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[5]

This Court is familiar with the Saint Thomas Entities' many attempts to obtain training and sales materials used by MSM.[6] They intend to use this evidence to show that NECC

---

[3] MSM's officers and directors include Douglas Conigliaro, Barry Cadden, and Gregory Conigliaro, who are also founders and/or directors of NECC. Douglas Conigliaro is also an owner of MSM.
[4] *See* Saint Thomas Entities' Master Answer [Dkt. No. 1464].
[5] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).
[6] *See, e.g.,* the Saint Thomas Entities' Motion to Compel Invoking Defendants to Produce certain Documents [Dkt. Nos. 2117 and 2118]; Judge Boal's Order [Dkt. No. 2240]; the Saint Thomas Entities' Motion to Compel MSM to Produce Certain Materials [Dkt. Nos.  2248 and 2249]; and MSM's Opposition to the Saint Entities' Motion to

customers like the Saint Thomas Outpatient Neurosurgical Center ("STOPNC"),[7] were reasonably assured of the safety of NECC products and MSM bears fault for any misrepresentations.

On October 14, 2015, the Court heard arguments on motions concerning the Saint Thomas Entities' attempt to compel production of sales and training materials in MSM's possession as a result of criminal discovery disclosures.[8] During the hearing, counsel for MSM suggested that the NECC Trustee possessed at least some of the training and marketing materials at issue.[9] A 269-page index of materials preserved by the NECC Trustee lists several training binders that for some reason were never uploaded to the repository despite the fact they are clearly and highly relevant to the MDL proceedings.[10] No sales training videos or audio recordings are listed on the index.

Counsel for the Saint Thomas Entities immediately requested that the Trustee upload the training and sales documents.[11] Despite follow up correspondence, to date no response has been received.

It is unclear whether the training and sales materials preserved by the NECC Trustee are the same or similar to materials referenced in the government's discovery, and only someone possessing the government's discovery (like MSM) can do such a comparison. In any event, these materials have not been uploaded to the repository. The Saint Thomas Entities request that the Court compel the NECC Trustee to immediately upload these documents to the repository.

---

Compel Production of Certain Documents Produced as Criminal Discovery to the Individual Defendants in the Criminal Matter and Cross-Motion for Protective Order [Dkt. No. 2289].

[7] Plaintiffs have alleged that STOPNC is one or more of the Saint Thomas Entities' actual or apparent agent.

[8] *See* Dkt. No. 2329.

[9] *See* Excerpts of Transcript of 10/14/15 hearing, p. 48, attached hereto as Exhibit "A" ("[W]hat you haven't heard in this context of this motion is that they have searched the repository and that they have come up empty on any of these other categories of documents that they're looking for, binders, things like that.")

[10] *See* Excerpts of Index of preserved documents at NECC_MDL000032425-26 and NECC_MDL000032470-72, to be filed under seal as Exhibit "B."

[11] *See* October 14, 2015 letter from A. Schramek to M. Gottfried, attached hereto as Ex."C."

## III.     CONCLUSION

WHEREFORE, the Saint Thomas Entities respectfully request the Court for an order immediately compelling the Trustee to upload the sales and training documents listed in Exhibit "B," as well as any sales or training videos or audio recordings in his possession, custody or control.

Dated: October 29, 2015                           By their attorneys,

                                                 */s/ Sarah P. Kelly*
                                                Sarah P. Kelly (BBO #664267)
                                                skelly@nutter.com

                                                NUTTER McCLENNEN & FISH LLP
                                                Seaport West
                                                155 Seaport Boulevard
                                                Boston, Massachusetts 02210
                                                (617) 439-2000
                                                (617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

<s/>


- 5 -

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 29th day of October, 2015.

                                              */s/ Sarah P. Kelly*
                                                Sarah P. Kelly