# EXHIBIT A

<pre>
 1                  UNITED STATES DISTRICT COURT
 2                   DISTRICT OF MASSACHUSETTS
 3


 4
    IN RE:  NEW ENGLAND COMPOUNDING    )  MDL NO. 13-02419-RWZ
 5  PHARMACY CASES LITIGATION          )
                                       )
 6                                     )
                                       )
 7                                     )
                                       )
 8                                     )

 9


10          BEFORE:  THE HONORABLE JENNIFER C. BOAL

11

12

13                        MOTIONS HEARING

14

15


16
           John Joseph Moakley United States Courthouse
17                       Courtroom No. 12
                         One Courthouse Way
18                       Boston, MA 02210

19
                         October 14, 2015
20                         11:30 a.m.

21

22
                Catherine A. Handel, RPR-CM, CRR
23                    Official Court Reporter
           John Joseph Moakley United States Courthouse
24               One Courthouse Way, Room 5205
                         Boston, MA 02210
25               E-mail: hhcatherine2@yahoo.com
</pre>

1    APPEARANCES:

2

3    For The Plaintiffs:

4        Hagens, Berman, Sobol, Shapiro LLP, by KRISTEN JOHNSON,
     ESQ., 55 Cambridge Parkway, Suite 301, Cambridge, Massachusetts
5    02142;

6

7        Branstetter, Stranch & Jennings, PLLC, by J. GERARD STRANCH,
     ESQ., and BENJAMIN A. GASTEL, ESQ., 227 Second Avenue North,
     Nashville, Tennessee 37201-1631;

8

9        Ellis & Rapacki LLP, by FREDRIC L. ELLIS, ESQ., 85 Merrimac
10   Street, Suite 500, Boston, Massachusetts 02114;

11       Lieff Cabraser Heimann & Bernstein, LLP, by ANNIKA K.
     MARTIN, ESQ., 250 Hudson Street, 8th Floor, New York, New York
12   10013-1413;

13

14       Lieff Cabraser Heimann & Bernstein, LLP, by MARK P. CHALOS,
     ESQ., 150 Fourth Avenue North, Suite 1650, Nashville, Tennessee
15   37219;

16

17

18   FOR PAUL D. MOORE, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF
     NECP, INC.:

19

20       Duane Morris LLP by MICHAEL R. GOTTFRIED, ESQ., 100 High
     Street, Suite 2400, Boston, Massachusetts 02110-1724;

21

22

23

24

25   (Appearances continued on the next page.)

```
1     APPEARANCES (Cont'd):

2
      FOR THE DEFENDANTS:
3

4          Fulbright & Jaworski LLP, by YVONNE K. PUIG, ESQ., and
      MARCY H. GREER, ESQ., 98 San Jacinto Boulevard, Suite 1100,
5     Austin, Texas 78701-4255;

6
           Gideon, Cooper & Essary, PLC, by CHRIS J. TARDIO, ESQ., and
7     MATTHEW H. CLINE, ESQ., 315 Deararick Street, Suite 1100,
      Nashville, Tennessee 37238;
8

9          Michaels, Ward & Rabinovitz LLP, by DAN RABINOVITZ, ESQ.,
      One Beacon Street, Second Floor, Boston, Massachusetts 02108;
10

11         Todd & Weld LLP, by CORRINA L. HALE, ESQ., 28 State Street,
      31st Floor, Boston, Massachusetts 02109;
12

13         Brewer, Krause, Brooks & Chastain, PLLC, by PARKS T.
      CHASTAIN, ESQ., 611 Commerce Street, Suite 2600, Nashville,
14    Tennessee 37203;

15
           Pessin Katz Law, P.A., by GREGORY K. KIRBY, ESQ., 901
16    Dulaney Valley Road, Suite 400, Towson, Maryland 21204;

17
           Nutter McClennen & Fish LLP, by SARAH P. KELLY, ESQ.,
18    Seaport West, 155 Seaport Boulevard, Boston, Massachusetts
      02210-2604;
19

20         Collora LLP, by INGRID S. MARTIN, ESQ., 100 High Street,
      20th Floor, Boston, Massachusetts 02110;
21

22

23

24    (Appearances continued on the next page.)

25
```

```
1      APPEARANCES (Cont'd):

2


3      FOR THE MOVANTS:


4
           Dennis R. Brown, P.C., by DENNIS R. BROWN, ESQ., 869 Concord
5      Street, Framingham, Massachusetts 10701;


6


7      FOR THE GOVERNMENT:

8           United States Attorney's Office, by AUSA AMANDA P.M.
       STRACHAN, AUSA GEORGE P. VARGHESE and AUSA JOHN CLAUD, John J.
9      Moakley Courthouse, One Courthouse Way, Suite 9200, Boston,
       Massachusetts 02210.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    directors.  Mr. Conigliaro has them.  We're asking for a

2    limited production.

3            And, finally, about the argument about custody and

4    control, as I just said, these documents are plainly in MSM's

5    custody and control.  Its officers and directors, as stated on

6    the Secretary of State's Website, have them in their

7    possession.  I don't think there's any dispute about that, and

8    I would point the Court to the *Flagg* and the *Riddell* cases, as

9    cited in our papers.

10           If you have any other further questions, I'm happy to

11   answer them.

12           THE COURT:  Mr. Rabinovitz, I guess what I'm also

13   trying to understand is -- well, let me state what my

14   understanding is, but please correct me if I am wrong.

15           That MSM had documents.  It still has documents

16   because it's made some production of some documents, but some

17   of the documents were seized by the government.  Do I

18   understand that correctly?

19           MR. RABINOVITZ:  Yes, that's correct, your Honor, and

20   we've tried to comply with our obligations, as narrow as they

21   may be, under the broad release that Mr. Gottfried spoke of,

22   but the fact of the matter is, as I tried to say in my brief

23   brief, MSM does not have the documents that they are seeking.

24   These documents were produced by the government in the

25   criminal case to individuals and, as the government said in

1    their brief and as I reiterated in my brief, they did not

2    produce them to MSM.  So, it's just wrong that MSM possesses

3    those.

4         What MSM has tried to do is -- with respect to

5    documents that they did not receive from the government -- I'm

6    sorry -- that the individuals did not receive from the

7    government in the criminal case, we've tried to produce the

8    documents that we can and we've had objections to the various

9    subsets of those documents and those aren't really the focus

10   of this motion at this time.  It seems that the Saint Thomas

11   Entities are focusing the Court on the discovery that was

12   given to the -- or produced to the individual defendants, and

13   with respect to the motion as to MSM, MSM simply doesn't

14   possess those.

15        And, again, I would say that -- another point that

16   Mr. Gottfried made that I thought was very sound was that what

17   you haven't heard in this context of this motion is that they

18   have searched the repository and that they have come up empty

19   on any of these other categories of documents that they're

20   looking for, binders, things like that.

21        So, MSM doesn't have it because it wasn't produced to

22   them in the context of the criminal case that charged

23   defendants.  They haven't said that they searched the

24   repository.  And the last thing is, these are really NECC

25   documents.  They have to do with -- the binders have to do

1    with training binders of NECC related things.

2         So, either they're in the possession of the trustee

3    and they've been put in the repository or they're in the

4    possession of the trustee and they're not in the repository,

5    but MSM does not possess them.  That's the major point of my

6    argument.

7         THE COURT:  All right.  Anything you want to say on

8    behalf of Mr. Conigliaro?  I know you're wearing two hats.

9         MR. RABINOVITZ:  I am, your Honor, and I would like

10   to say something on behalf of Mr. Conigliaro, which is simply

11   that he's a criminal defendant and, as I said in my papers, he

12   doesn't possess anything other than what was given to me as

13   his lawyer in the criminal matter and, therefore, it's

14   completely an inappropriate motion to bring.

15        I understand why they brought it.  They're trying

16   everything and anything to get at the government discovery

17   and, unfortunately for them, I hope that they're not going to

18   be able to.

19        I guess the only other thing I would point out is I

20   think that those cases that they cited are actually not

21   applicable.  In the *Flagg* case the issue was that a third-

22   party provider possessed and controlled, I guess, texts that

23   were actually the property of the City of Detroit.  That's not

24   this case.  There's no third-party provider.  The facts are

25   completely inapposite.