UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**MEMORANDUM IN SUPPORT OF THE PSC'S MOTION FOR A PROTECTIVE ORDER REGARDING PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC'S NOTICES OF DEPOSITION BY WRITTEN QUESTION [ECF NO. 2333]**

## I. Introduction

Pursuant to Fed. R. Civ. P. 26, the Plaintiffs' Steering Committee (PSC), requests that the Court order that certain depositions by written questions noticed by Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC and other Defendants (collectively referred to as "Premier") be conducted orally.

## II. Statement of Relevant Facts

On October 15, 2015, Premier filed a Notice of Filing of Notices of Deposition upon Written Questions (Dkt. 2333). Attached to that filing were deposition notices, subpoenas, and written questions served, pursuant to Fed. R. Civ. P. 31 and 30(b)(6), upon ten different surgery centers, pharmacies, and medical centers ("third party medical providers and entities"). Each deposition notice sets forth twenty-one questions that each deponent's corporate representative(s) must answer. All ten sets of these deposition questions are identical. In the absence of a grant of the instant Motion, pursuant to Rule 31, Plaintiffs are required to submit cross questions within fourteen days after receiving the notices.

The proposed questions are technical and complex, and thus not suitable to being propounded in this manner. For example, one question posed is as follows:

> *11. Prior to purchasing medications from NECC, did Montclair Orthopedic Group conduct research into whether NECC had recalled any medications by NECC? If so, please (1) describe the research conducted, (2) describe the results, and (3) state whether, following the drug recall research, Montclair Orthopedic Group purchased medications from NECC.* [1]

In the PSC's recent, actual experience in this action, depositions regarding these same questions and topics necessitate thorough, nuanced, and detailed cross-examination, which

---

[1] Docket No. 2333-1 (Exhibit 2 to Notice of Filing, attached hereto as Exhibit A).

cannot occur via written questions that almost certainly will be answered in responses carefully crafted by counsel for the non-parties.

### III. Standard of Review

Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether good cause exists "is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action."[2] Here, proceeding with depositions by written questions, rather than requiring oral depositions, would deny Plaintiffs the ability to adequately cross-examine the ten third party medical providers and entities, causing undue prejudice and almost certain delay in the proceedings.

### IV. Argument

**A. Depositions by written questions are inappropriate in complex cases such as this one.**

Courts disfavor depositions by written questions. The Court in *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989) explained why:

> [T]there are several reasons why oral depositions should not be routinely replaced by written questions. *See* 8 C. Wright & A. Miller, *Federal Practice & Procedure* §§ 2039, 2131. First, the interrogatory format does not permit the probing follow-up questions necessary in all but the simplest litigation. Second, without oral deposition, counsel are unable to observe the demeanor of the witness and evaluate his credibility in anticipation of trial. *See National Life Insurance Co. v. Hartford Accident and Indemnity Co.*, 615 F.2d 595, 599–600 n. 5 (3d Cir.1980). **Finally, written questions provide an opportunity for counsel to assist the witness in providing answers so carefully tailored that they are likely to generate additional discovery disputes.** *See Alliance to End Repression v. Rochford*, 75 F.R.D. 428, 429 (N.D.Ill.1976).[3]

---

[2] 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.).

[3] *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989) (emphasis added).

It is axiomatic that there are numerous advantages favoring oral examination over the rigidity of written questions and interrogatories. Conducting a thorough and sifting cross-examination of any witness who is evasive or non-responsive to questions cannot logically be done in a written format.[4] There is a strong presumption that oral depositions are to be taken, with written depositions allowed only to the extent formal matters are to be established.[5]

*Vareltzis v. Luckenback Steamship Co.*, 20 F.R.D. 383 (S.D.N.Y. 1956) is directly on point. There, the court required an oral deposition instead of written deposition questions. In that case, as here, the proposed written deposition questions asked a witness to provide details of (among other things) conversations and inspections that occurred. In the instant action, Premier has asked that Montclair and the other nine non-party entities "describe any *representations* Medical Sales Management and/or NECC made to [the non party entity]." Premier also asks Montclair and the other nine non-parties if each had performed an *inspection* of NECC's compounding facility. (See Exhibit A, Question 10) As in *Vareltzis*, this Court should likewise require oral depositions.

### B. Written depositions will not provide the PSC with an adequate opportunity to cross-examine the third party medical providers and will unduly prejudice Plaintiffs.

The specific questions set forth by Premier are not suitable in the proposed written format. The proposed questions pertain to the non-parties' research, evaluation, and selection of NECC as a supplier of compounded drugs. The questions go to the very heart of the standard of care regarding Premier. This standard – and any claimed breach of it – is a complex and contested issue that will be the subject of expert testimony. The importance of this subject

---

[4] *See V.O. Machinoimport v. Clark Equipment Co.*, 11 F.R.D. 55, 58 (S.D.N.Y. 1951).
[5] *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397.

matter to many pending cases, as well as its highly technical nature, further supports PSC's need for meaningful and vigorous cross-examination. That type of examination simply cannot occur via written deposition.

The complexity of the written questions posed by Premier may be seen in a deposition recently taken. In June of 2015, the parties took sworn testimony by oral deposition of a contractor who had inspected NECC's facility in May 2012 on behalf of a non-party, Brigham & Women's Hospital. ███████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████

The deponent was ███████████████████████

███████ ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████



6.

These facts – through actual and evolving questioning – were elicited only upon cross examination, based upon the answers given during direct examination. It stretches the bounds of logic to suggest that the PSC would be able to prepare a competent, thorough written cross-examination of the ten non-parties without first obtaining their responses to Premier's direct examination questions. Even if the PSC was able to anticipate or predict each deponent's complex answer to those direct questions, the list of questions to be asked on cross would be extensive, detailed, and voluminous, and thus would render the entire Rule 31 process untenable.

Plaintiffs will be unduly prejudiced if they are unable to conduct a complete, meaningful, and vigorous oral cross-examination of the witnesses. This is particularly so because these depositions will be the only opportunity the PSC will have to elicit testimony from the non-parties, since pursuant to Fed. R. Civ. P. 26 and this Court's MDL Order No. 10 (Dkt. 1426) a witness deposed under Rule 30 or 31 cannot be re-deposed without leave of Court.

## V. Conclusion

For the reasons stated above, Rule 31 depositions are inappropriate in this matter, both generally and with respect to Premier's proposed deposition topics. In order to avoid unduly prejudicing the Plaintiffs, the PSC respectfully requests that the Court require that the non-parties be deposed orally.

Dated: October 29, 2015

Respectfully submitted,

Mark Zamora
By: /s O. Mark Zamora
THE ORLANDO FIRM
5 Concourse Parkway, 26th Floor
Atlanta, GA  30328
Telephone: (404) 373-1800
Facsimile: (404) 506-9223
mark@markzamora.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Ave., Suite 365
Boston, MA  02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: (248) 557-1688
Facsimile: (248) 557-6344
marc@liptonlawcenter.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*