## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### MDL NO. 13-02419-RWZ

### IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
### PRODUCTS LIABILITY LITIGATION

### MEMORANDUM OF DECISION

November 2, 2015

ZOBEL, D.J.

This case is part of a multidistrict litigation ("MDL") that stems from an outbreak

of fungal meningitis caused by contaminated steroid injections manufactured and sold

by New England Compounding Pharmacy, Inc, d/b/a New England Compounding

Center ("NECC"). See MDL No. 13-2419. In this matter, Sarah Gilliam, the daughter of

Alice Thompson who died from fungal meningitis after receiving tainted NECC steroid

injections, is suing several Ohio-based healthcare professionals who administered them

and several defendants related to NECC.

Before the court is the motion to dismiss of the so-called "Ohio Medical

Defendants"[1]. Docket # 2099. In April 2015, another Ohio defendant, Dr. Tim

Chowdhury, moved to dismiss the plaintiff's claims against him (Docket # 12 in Case

_____

[1] For purposes of this Memorandum of Decision, the Ohio Medical Defendants are Dr. Batra, Dr. Katabay, Dr. Siddiqui, Ms. Chadha, and Ms. Sheets.

In addition to the Ohio Medical Defendants and another Ohio defendant, Dr. Chowdhury, the complaint also names several other defendants: Barry J. Cadden; Gregory Conigliaro; Lisa Conigliaro Cadden; Douglas Conigliaro; Carla Conigliaro; Glenn A. Chin; Ameridose, LLC; GDC Properties Management, LLC; Medical Sales Management, Inc.; Medical Sales Management SW, Inc.; and ARL Bio Pharma, Inc. D/B/A Analytical Research Laboratories. These individuals and entities are NECC key players and affiliates that have been named as defendants in many of the cases in this MDL.

No. 1:15-cv-11367), which motion was decided on July 28, 2015. Docket # 2113. To the extent that order addresses arguments the Ohio Medical Defendants have made in the instant motion, it governs. I address below the additional issues the Ohio Medical Defendants have raised.

## I.   Background

The allegations giving rise to this MDL have been described at length elsewhere. See, e.g., In re New England Compounding Pharmacy, Inc. Products Liab. Litig., 496 B.R. 256, 262 (D. Mass. 2013). The facts relevant to this particular plaintiff's suit, Gilliam v. Chowdhury, No. 15-cv-11367 (D. Mass.), are laid out in my opinion on Dr. Chowdhury's motion to dismiss. See Docket # 2113. Therefore, I provide here only a brief summary of the facts relevant to this motion.

Plaintiff Sarah Gilliam alleges that the Ohio Medical Defendants treated her mother, Alice Thompson, with contaminated NECC steroid injections at the Marion Pain Clinic, Inc. in Ohio and that Ms. Thompson died as a result. Plaintiff's claims against the Ohio Medical Defendants include wrongful death (Count X), survival (Count XI), and loss of consortium (Count XII). Plaintiff initially filed her complaint in the United States District Court for the Northern District of Ohio (see Gilliam v. Chowdhury, No. 3:15-cv-00430-JZ (N.D. Ohio)), and the case was transferred here for pretrial matters on March 20, 2015. See Docket # 1743.

## II.   Legal Standard

In order to survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim upon which relief can be granted. See Ashcroft v.

2

Iqbal, 556 U.S. 662, 677-78 (2009).   For purposes of a motion to dismiss, the court

accepts all well-pleaded factual allegations as true, and draws all reasonable inferences

in the plaintiff's favor.  See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 52-53

(1st Cir. 2013).  But the court does not accept as true allegations that, though "not

stating ultimate legal conclusions, are nevertheless so threadbare or speculative that

they fail to cross the line between the conclusory and the factual."  See Penalbert-Rosa

v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 557 n. 5 (2007)).

## III.   Analysis

### A.   Survival Claim (Count XI)

The Ohio Medical Defendants argue that plaintiff's survivorship claim (Count XI)

is barred by the one-year statute of limitations for medical malpractice claims under

Ohio Rev. Code § 2305.113(A).  Plaintiff counters that a two-year statute of limitations

applies under Ohio Rev. Code § 2125.01 because the claim is for wrongful death and

therefore not a "medical claim" subject to Ohio Rev. Code § 2305.113(A).

Plaintiff is correct that a wrongful death claim is governed by a two-year statute

of limitations.  Ohio Rev. Code § 2125.01.  However, she goes astray in conflating her

wrongful death and survivorship claims.  "A survivorship claim exists separate and apart

from a wrongful death claim."  Wingrove v. Forshey, 230 F. Supp. 2d 808, 826 (S.D.

Ohio 2002) (citing Shinaver v. Szymanski, 471 N.E.2d 477, 482 (Ohio 1984));

Dickerson v. Thompson, 624 N.E.2d 784, 787 (Ohio Ct. App. 1993) (survivorship claims

are "instituted by the executor or administrator for the benefit of the decedent's estate,

3

and are distinct from an action for wrongful death."). "Although wrongful death and survivorship claims share many of the same issues and are asserted against the same defendant, they are distinct claims that belong to separate individuals." In re Heparin Prods. Liab. Litig., No. 09HC60186, 2011 WL 3875361, at *4 (N.D. Ohio Sept. 1, 2011) (internal quotations and citations omitted). A plaintiff's survivorship claim is a claim brought to assert a cause of action that the decedent could have asserted on her own behalf had she survived. Wofford v. City of Toledo, No. 3:06CV1620, 2010 WL 3746053, at *9 (N.D. Ohio Sept. 14, 2010); Wingrove, 230 F. Supp. 2d at 826. The claim is not for the wrongful death itself, but rather for the decedent's injuries and it is confined to her personal loss and suffering before she died. See Wofford, 2010 WL 3746053, at *9 (citations omitted).

Because the claims are separate and distinct, contrary to plaintiff's argument, the statute of limitations for a wrongful death claim does not apply to the survivorship claim. See In re Heparin Prods. Liab. Litig., 2011 WL 3875361, at *4-5 (where plaintiff wished to assert both wrongful death and survivorship claims, applying statute of limitations for product liability claims – rather than statute of limitations for wrongful death claims – to survivorship claim). Rather, the survivorship claim is subject to the statute of limitations for the claim that the decedent could have asserted had she not died. See Wofford, 2010 WL 3746053, at *9; Pirolozzi v. Stanbro, No. 5:07-CV-798, 2008 WL 1977504, at *8 n.7 (N.D. Ohio May 1, 2008).

Here, the survivorship claim is the medical negligence claim Ms. Thompson could have brought (had she not died) against the Ohio Medical Defendants to recover for her pre-death pain, suffering, and medical expenses. See Docket # 1 ¶¶ 100-101 in

4

Case No. 1:15-cv-11367. In Ohio, the statute of limitations for such a claim is one year from the date the cause of action accrued. Ohio Rev. Code § 2305.113(A). "Under [Ohio Rev. Code § 2305.113(A)], a cause of action for medical malpractice accrues and the one-year statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." Frysinger v. Leech, 512 N.E.2d 337, 338 (Ohio 1987). Although the parties dispute the date on which the claim accrued – the date Ms. Thompson was admitted to the hospital with neck and back pain or the date on which she died – I assume, without deciding, that it arose on the later of the two dates: March 6, 2013. Because the survivorship claim was not filed until March 5, 2015 – nearly two years after March 6, 2013 – it is time-barred. Therefore, the motion to dismiss the survivorship claim (Count XI) is allowed.

## B.    Loss of Consortium Claim (Count XII)

Next, Defendants contend that plaintiff's loss of consortium claim should be dismissed because, in their view, a plaintiff is precluded from seeking recovery for both wrongful death and loss of consortium.

Defendants point out that the July 28, 2015 order ruled that the loss of consortium and wrongful death claims survived Dr. Chowdhury's motion to dismiss. See Docket # 2113, at 12-13. However, the Ohio Medical Defendants present a slightly different argument than did Dr. Chowdhury. Specifically, Dr. Chowdhury argued that the plaintiff's loss of consortium claim should be dismissed because it is derivative from the wrongful death claim which, in his view, was inadequately pled. See Docket # 12 in

5

Case No. 1:15-cv-11367. Because I found the wrongful death claim adequately pled, I concluded that the derivative loss of consortium claim also survived. See Docket # 2113, at 12-13. In contrast here, the Ohio Medical Defendants' contention is that a plaintiff cannot seek recovery for both wrongful death and loss of consortium. See Docket # 2099, at 7-9. Therefore, further analysis is appropriate.

Defendants cite a single trial court decision, Lykins v. Miami Valley Hospital, Montgomery C.P. No. 00-CV-2404, 2001 WL 35673997 (Ohio Com. Pl. Nov. 20, 2001), to support their contention. However, the Court of Appeals of Ohio reversed the trial court, holding that although a loss of consortium claim for the period of time after the decedent's death would be covered by the wrongful death claim, the plaintiff could maintain a separate loss of consortium claim for the period of time before the death. Lykins v. Miami Valley Hosp., 811 N.E.2d 124, 148 (Ohio Ct. App. 2004). Here, plaintiff's claim can be interpreted to seek damages for loss of consortium for the time period before Ms. Thompson died. Docket # 1 ¶¶ 102-103 in Case No. 1:15-cv-11367. Therefore, she can maintain both claims separately, within the limitations above.[2] See, e.g. Distelhorst v. Great Am. Ins. Co., No. 86AP-1167, 1987 WL 27823, at *3 (Ohio Ct. App. Dec. 10, 1987) (affirming trial court's finding that loss of consortium claim is separate and distinct from wrongful death claim). Defendants' motion to dismiss the plaintiff's loss of consortium claim (Count XII) is denied.

---

[2]  I also decline to follow the Lykins trial court's holding because it finds its support in a Court of Appeals of Ohio statement with which the Ohio Supreme Court later disagreed. Compare Clark v. Scarpelli, No. 17883, 1999 WL 1206662, at *7 (Ohio Ct. App. Dec. 17, 1999) ("[t]he General Assembly does not distinguish between loss of consortium and wrongful death."), with Clark v. Scarpelli, 744 N.E.2d 719, 731 (Ohio 2001) ("we agree with appellant that a 'loss of consortium' action is different from a wrongful death action....").

6

## C.     Plaintiff's Failure to Provide Plaintiff Profile Form

The Ohio Medical Defendants also argue that plaintiff's claims should be

dismissed because she has failed to provide a Plaintiff Profile Form as required by this

court's September 18, 2014 order (Docket # 1425). Defendants do not cite any

authority to support such a remedy, nor do they describe any way in which they have

been prejudiced. Therefore, dismissing plaintiff's claims is not the proper remedy;

instead, plaintiff shall provide the Plaintiff Profile Form to the Ohio Medical Defendants

by November 18, 2015.

## IV.    Conclusion

For the reasons explained above, the Ohio Medical Defendants' motion to

dismiss (Docket # 2099) is ALLOWED IN PART and DENIED IN PART. Specifically,

the motion to dismiss is allowed as to Count XI (survival) and denied as to Counts X

(wrongful death) and XII (loss of consortium).

November 2, 2015
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

7