UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Tennessee Actions Against Specialty Surgery Center PLLC | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ<br><br>Honorable Rya W. Zobel<br><br><u>DEMAND FOR JURY TRIAL</u> |

**PLAINTIFFS' STEERING COMMITTEES' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS TO ADD CALISHER AND ASSOCIATES AS PARTY DEFENDANT**

The Plaintiffs' Steering Committee (the "PSC") hereby files this memorandum in support of its Motion to Amend Complaints to Add Calisher and Associates as Party Defendant which requests that the Court pursuant to Federal Rule 15 and Local Rule 15.1, for leave to file amended complaints to add Calisher and Associates, LLC ("Calisher") as a party defendant to cases involving Specialty Surgery Center, PLLC ("SSC").

There are approximately 28 cases in the MDL alleging claims against SSC. Calisher is the management company that had responsibility to manage SSC during the summer of 2012. This global motions request leave to amend these 28 cases to add Calisher as a party defendant for its alleged role in helping SSC procure contaminated medicines from the New England Compounding Pharmacy ("NECC").

A representative complaint setting forth claims against Calisher is attached to the contemporaneously filed motion as Exhibit A. In summary, these claims allege that Calisher as the managing company in charge of managing SSC shared responsibility with SSC in the procurement of pharmaceuticals from NECC. Staff of SSC emailed with

- 1 -

Calisher related to SSC's purchase of drugs from NECC and specifically NECC's request that SSC provide patient names as part of the ordering process. (Ex. 1 at ¶ 32.) SSC in deposition testimony claims it relied upon Calisher in determining that NECC was a proper vendor for MPA. (*Id*. at ¶ 33.) Calisher, however, did not have the skill or know how to properly vet a vendor and failed to perform any due diligence in allowing SSC to select NECC as a vendor. (*Id*. at ¶ 34-41.)

The PSC respectfully moves under Rule 15(a) for leave to amend complaints to add Calisher as a party defendant in light of this information that was uncovered.

"Rule 15(a) provides that a party may amend its pleading with "the court's leave," and that "[t]he court should freely give leave when justice so requires."[1] The rule reflects a liberal amendment policy, but even so, the district court enjoys significant latitude in deciding whether to grant leave to amend.[2] Generally, leave to amend is freely given unless there is an "adequate reason for the denial is apparent on the record."[3] (internal quotation [56] marks omitted). Grounds for denial include "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment."[4]

None of these grounds exist here.

Under the Court's scheduling order, parties are permitted to seek amendment of complaints to add party defendants within 60 days of the closing of common discovery.[5] Currently this deadline is not until January of 2016.[6] Further, Plaintiffs could not reasonably

---

[1] *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55-56 (1st Cir. Mass. 2008).
[2] *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004).
[3] *LaRocca v. Borden, Inc.*, 276 F.3d 22, 32 n.9 (1st Cir. 2002) (quoting Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995)
[4] *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).
[5] Dkt. No. 1425 at Page 5.
[6] Dkt. No. 2330.

have known of Calisher's involvement with SSC until, at the very earliest, August of 2014 when Calisher was disclosed as part of SSC's initial disclosures in this matter.[7] Plaintiff did not know of Calisher's role in selecting NECC as a vendor or that SSC would rely on Calisher for help in selecting NECC as a vendor until it took the depositions of Dr. Lister and Jean Atkinson in February of 2015.[8] Therefore, there is no argument that this motion is brought with undue delay or dilatory motive.

Further, the claims of negligence against Calisher substantially mirror the claims in the Amended Master Complaint against other Clinic Related Defendants. Namely that Calisher failed to exercise due care in helping SSC selecting and vetting NECC as a vendor for MPA in the summer of 2012. These claims have survived numerous motions to dismiss in the past. [9] Put simply, if claims against the Clinic Related Defendants are viable, claims against Calisher should be too. Therefore there is no argument that this amendment is brought in bad faith or would be futile.

Accordingly, under the liberal amendment policy of Rule 15(a), the Court should allow the amendment and allow plaintiffs to add claims against Calisher.[10]

## CONCLUSION

The PSC respectfully requests that the Court allow the Plaintiffs to amend their complaints to add Calisher as a party defendant in cases already pending against SSC.

---

[7] Ex. 1 at ¶ 29.
[8] *Id*.
[9] *See e.g.*, Dkt. No. 1360, 1556, 1642.
[10] *See Merriam v. Demoulas Super Mkts., Inc.,* 2012 U.S. Dist. LEXIS 36965 (D. Mass. Mar. 20, 2012) (J. Zobel) (granting a request to amend a complaint in the absence of futility or undue delay because "court[s] should freely give leave to amend a pleading when justice so requires.").

| | |
|---|---|
| November 3, 2015 | Respectfully submitted, |
| | s/ Benjamin A. Gastel |
| | J. Gerard Stranch, IV |
| | Benjamin A. Gastel |
| | BRANSTETTER, STRANCH & JENNINGS PLLC |
| | 227 Second Avenue North |
| | Nashville, TN 37201 |
| | Telephone: (615) 254-8801 |
| | Facsimile: (615) 255-5419 |
| | gerards@branstetterlaw.com |
| | beng@branstetterlaw.com |

*Plaintiffs' Steering Committee and Tennessee State Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone: 615.313.9000
Facsimile: 615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:  November 3, 2015                         /s Benjamin A. Gastel
                                                Benjamin A. Gastel