TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.......MIDDLESEX........., ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 12-4591



Craig S. Simas and Joan Simas
........................................., Plaintiff(s)

v.

New England Compounding Pharmacy, Inc. d/b/a New England
Compounding Center and Ocean State Pain Management, Inc.
........................................., Defendant(s)

## SUMMONS

To the above-named Defendant: Ocean State Pain Management, Inc.

You are hereby summoned and required to serve upon ................................................
Timothy P. Wickstrom........... plaintiff's attorney, whose address is Wickstrom Morse, LLP
60 Church St., Whitinsville, MA 01588 ......., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 200 Trade Center 2nd Floor, Woburn, MA 01801 ................., either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ..........................................................
the ....... 13th ........................... day of ..December..........................................
..................., in the year of our Lord ..2012.......................... .

........................................... Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                              SUPERIOR COURT
                                                            CIVIL ACTION NO.:

CRAIG S. SIMAS and           )
JOAN SIMAS                   )                              12-4591
    Plaintiffs        )
                             )
v.                           )
                             )
NEW ENGLAND COMPOUNDING      )                              FILED
PHARMACY, INC. d/b/a New England  )                         IN THE OFFICE OF THE
Compounding Center and       )                              CLERK OF COURTS
                             )                              FOR THE COUNTY OF MIDDLESEX
OCEAN STATE PAIN MANAGEMENT, INC.  )                        NOV 2 3 2012
    Defendants        )
                                                            CLERK

### COMPLAINT AND JURY DEMAND

1. Plaintiff Craig S. Simas is an individual residing at 36 Eton Avenue, Warwick, Rhode Island.

2. Plaintiff Joan Simas is an individual residing at 36 Eton Avenue, Warwick, Rhode Island.

3. Defendant New England Compounding Pharmacy, Inc., doing business as New England Compounding Center ("NECC"), is a Massachusetts corporation with its principal place of business at 697 Waverly Street, in Framingham, Middlesex County, Commonwealth of Massachusetts.

4. Defendant Ocean State Pain Management, Inc. ("Ocean State") is a Rhode Island corporation with a principal place of business located 219 Cass Avenue, Suite A, Woonsocket, Rhode Island. Ocean State's resident agent in the Commonwealth of Massachusetts is located at 211 North Street, Unit #7, Foxboro, Massachusetts. This court has jurisdiction over the defendant Ocean State pursuant to Mass.Gen.Laws. ch. 223A, §3.

5. Venue is proper in Middlesex County pursuant to Massachusetts General Laws ch. 223, §1 as NECC has its usual place of business in Middlesex County.

6. Between July 30, 2012 and October 3, 2012 (hereinafter the "Relevant Time Period"), NECC was in the business of manufacturing, compounding, producing, selling and/or distributing medicines.

7. During the Relevant Time Period, Ocean State was in the business of purchasing, selling and/or dispensing medicines.

8. One of the medications that NECC manufactured, compounded and/or produced at its facilities in Framingham, Massachusetts during the Relevant Time Period was methylprednisolone acetate, an injectable steroid.

9. During the Relevant Time Period, NECC manufactured, compounded, and/or produced methylprednisolone acetate in single vial dosages.

10. During the Relevant Time Period, NECC sold and distributed lots of methylprednisolone acetate in single dose vials to doctors, hospitals, and pain clinics for use as injections for patients requiring pain relief.

11. During the Relevant Time Period, NECC sold and distributed methylprednisolone acetate to Ocean State.

12. During the Relevant Time Period, Ocean State purchased methylprednisolone acetate from NECC.

13. During the Relevant Time Period, certain lots of single dose vials of methylprednisolone acetate produced by NECC were contaminated with a fungus.

14. The methylprednisolone acetate produced, manufactured, sold and distributed by NECC and purchased by Ocean State during the Relevant Time Period was contaminated with a fungus.

15. On September 15 and/or 22, 2012, Craig Simas was injected with a contaminated vial of methylprednisolone acetate by personnel of Ocean State.

16. Ocean State sold and billed Craig Simas for the methylprednisolone acetate.

17. After being injected with the contaminated methylprednisolone acetate, Craig Simas developed fungal meningitis and required hospitalization and surgery.

## COUNT I-NEGLIGENCE
## (CRAIG S. SIMAS v. NECC)

18. Plaintiff Craig S. Simas incorporates herein by reference and realleges paragraphs 1 through 17 of the Complaint.

19. At all relevant times, NECC owed a duty of care to its users, including Craig S. Simas, to exercise reasonable care in the manufacture, production and/or compounding of medicines, including methylprednisolone acetate, such that the methylprednisolone acetate would be unadulterated, free from fungal contamination, fit for human consumption and otherwise reasonably safe.

20. NECC breached this duty and was negligent in that it manufactured, produced, compounded, sold and/or distributed methylprednisolone acetate that was contaminated with a fungus.

21. As a direct and proximate result of NECC's negligence, Craig S. Simas was seriously and permanently injured requiring hospitalization, surgery and suffered loss of enjoyment of life, severe pain and suffering, mental and emotional distress, medical expense, and loss of earnings, all to his great detriment.

WHEREFORE, the plaintiff Craig S. Simas, demands judgment against the defendant NECC and seeks damages, interest, costs and attorneys' fees as provided by law.

## COUNT II-BREACH OF WARRANTY
## (CRAIG S. SIMAS v. NECC)

22. Plaintiff Craig S. Simas incorporates herein by reference and realleges paragraphs 1 through 21 of the Complaint.

23. NECC expressly warranted, through its sale of medication to be used by the public, and by the statements and conduct of its employees and agents, that the methylprednisolone acetate it manufactured, produced, compounded and/or sold for use by the public was fit for human consumption, and not otherwise adulterated or injurious to human health.

24. NECC breached the express warranties when it manufactured, produced, compounded and/or sold methylprednisolone acetate contaminated with a fungus.

25. NECC manufactured, produced, compounded, sold and/or distributed methylprednisolone acetate and impliedly warranted that the methylpresnisolone was of merchantable quality and/or fit for the particular purpose for which it was intended as required by Massachusetts General Laws chapter 106, §2-314 and/or §2-315.

26. NECC breached the implied warranty of merchantability by manufacturing, producing, compounding and/or selling the contaminated methylprednisolone acetate which did not pass without objection in the trade, was not of fair average quality and/or was not fit for the ordinary purposes for which such goods are used.

27. NECC breached the implied warranty of fitness for particular purpose by manufacturing, producing, compounding and/or selling the contaminated methylprednisolone acetate which was not fit for the uses and purposes intended by NECC.

28. As a direct and proximate result of the breaches of warranty described above, Craig S. Simas was seriously and permanently injured requiring hospitalization, surgery and suffered loss of enjoyment of life, severe pain and suffering, mental and emotional distress, medical expense, and loss of earnings, all to his great detriment.

WHEREFORE, the plaintiff Craig S. Simas, demands judgment against the defendant NECC and seeks damages, interest, costs and attorneys' fees as provided by law.

### COUNT III-BREACH OF WARRANTY
### (CRAIG S. SIMAS v. OCEAN STATE)

29. Plaintiff Craig S. Simas incorporates herein by reference and realleges paragraphs 1 through 28 of the Complaint.

30. Ocean State purchased contaminated methylprednisolone acetate from NECC.

31. Ocean State sold and/or distributed the contaminated methylprednisolone acetate to Craig S. Simas.

32. Ocean State breached the implied warranties that the methylprednisolone was of merchantable quality and/or fit for the particular purpose for which it was intended as required by Massachusetts General Laws chapter 106, §2-314 and/or §2-315.

33. Ocean State breached the implied warranty of merchantability by selling and/or distributing the contaminated methylprednisolone acetate which did not pass without objection in the trade, was not of fair average quality and/or was not fit for the ordinary purposes for which such goods are used.

34. Ocean State breached the implied warranty of fitness for particular purpose by selling and/or distributing the contaminated methylprednisolone acetate which was not fit for the uses and purposes intended by Ocean State.

35. As a direct and proximate result of the breaches of warranty described above, Craig S. Simas was seriously and permanently injured requiring hospitalization, surgery and suffered loss of enjoyment of life, severe pain and suffering, mental and emotional distress, medical expense, and loss of earnings, all to his great detriment.

WHEREFORE, the plaintiff Craig S. Simas, demands judgment against the defendant NECC and seeks damages, interest, costs and attorneys' fees as provided by law.

### COUNT IV-LOSS OF CONSORTIUM
### (JOAN SIMAS v. NECC)

36. Plaintiff Joan Simas incorporates herein by reference and realleges paragraphs 1 through 35 of the Complaint.

36. The plaintiff Joan Simas maintains that as a result of the conduct of the defendant NECC, including negligence and/or breach of warranties, her husband, Craig S. Simas, suffered severe and permanent injuries which resulted in Joan Simas's loss of the consortium of her husband and the loss of his services, relations, affection and society.

WHEREFORE, the plaintiff Joan Simas, demands judgment against the defendant NECC and seeks damages, interest, costs and attorneys' fees as provided by law.

### COUNT V-LOSS OF CONSORTIUM
### (JOAN SIMAS v. OCEAN STATE)

37. Plaintiff Joan Simas incorporates herein by reference and realleges paragraphs 1 through 36 of the Complaint.

38. The plaintiff Joan Simas maintains that as a result of the conduct of the defendant Ocean State, including breach of warranties, her husband, Craig S. Simas, suffered severe and permanent injuries which resulted in Joan Simas's loss of the consortium of her husband and the loss of his services, relations, affection and society.

WHEREFORE, the plaintiff Joan Simas, demands judgment against the defendant Ocean State and seeks damages, interest, costs and attorneys' fees as provided by law.

PLAINTIFFS DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Craig S. Simas and
Joan Simas
By their attorney:

_____
Timothy P. Wickstrom BBO 541953
Deborah Gresko-Blackburn BBO 554782
Wickstrom Morse, LLP
60 Church Street
Whitinsville, MA 01588
Email: Timothy@wickstrommorse.com
Email: Deb___@wickstrommorse.com
Tel. (508) 234-4551
Fax. (508) 234-8811