UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 13-2419-RWZ |
| This Document Relates To:     All Actions |  |  |

ORDER ON SAINT THOMAS ENTITIES' MOTION
TO COMPEL AMERIDOSE LLC TO PRODUCE DOCUMENTS
[Docket No. 2188]

November 6, 2015

Boal, M.J.

On June 8, 2015, the Saint Thomas Entities[1] moved to compel Ameridose LLC to produce documents responsive to their second request for production of documents.  Docket No. 1945.  This Court denied the motion without prejudice because the parties did not provide sufficient information for the Court to rule on their dispute.  See Docket No. 2123 at 20, n. 14.  The Saint Thomas Entities have now filed a renewed motion to compel.  Docket No. 2188.

The Saint Thomas Entities move to compel documents regarding the following subjects: (1) documents concerning how methylprednisolone acetate ("MPA") was compounded by NECC and the potential sources of contamination; (2) the personnel files for the key witnesses; (3) placing orders with patient lists; (4) the alleged regulatory failures by the FDA leading to the contamination; (5) NECC's marketing practices and the amount and type of due diligence typically performed by NECC customers; and (6) the design and construction of the NECC

---

[1] The "Saint Thomas Entities" refers to Saint Thomas Health, Saint Thomas Network, and Saint Thomas Hospital West f/k/a Saint Thomas Hospital.

1

cleanroom, including Ameridose's participation in the process.  Docket No. 2189 at 4-5.  While these categories of documents are generally relevant to the prosecution and defense of the plaintiffs' claims against the Saint Thomas Entities, it is not apparent that Ameridose itself would have such information in its possession, custody or control.  Ameridose maintains that it did not compound, manufacture, test, distribute or sold MPA.  Docket No. 2223 at 6.  The Saint Thomas Entities' do not seem to dispute Ameridose's assertions that it did not compound, manufacture, test or sold MPA.  They do, however, claim that Ameridose acted as "NECC's distribution center" and that it participated in the design and management of the cleanrooms in which the contaminated MPA was later compounded.  Docket No. 2189 at 2.

While Rule 26 contemplates liberal discovery and a broad concept of relevance, see, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978), the Rule also recognizes that discovery must be proportionate to the case and issues at hand and must protect responding parties from undue burden or expense.  Fed. R. Civ. P. 26(b)(2); see also In re App. of IKB Deutsche Industriebank AG, No. 09-cv-7852, 2010 WL 1526070, at *5 (N.D. Ill. Apr. 8, 2010).  Specifically, a court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2)(C).

3

Here, while it is possible that Ameridose possesses some of the documents that the Saint Thomas Entities' seek, it appears that such documents are more properly and easily discoverable from NECC. Indeed, the Trustee has put relevant documents into a searchable repository and has produced similar documents to the Tennessee Clinic Defendants. In addition, the Court has ordered the Trustee to produce additional documents to the Tennessee Clinic Defendants regarding similar topics. In light of the potential costs associated with responding to the Saint Thomas Entities' request, see Docket No. 2223-1, the Court finds that the Saint Thomas Entities should attempt to obtain the information they seek from other more convenient and less burdensome sources.

Accordingly, the Court denies the motion.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge