UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ<br><br>Honorable Rya W. Zobel |

**PLAINTIFFS' STEERING COMMITTEE'S
MEMORANDUM IN OPPOSITION TO TENNESSEE CLINIC DEFENDANTS'
MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

**Introduction and Summary**

The PSC respectfully opposes the Tennessee Clinic Defendants' Motion to Amend and Certify Order for Interlocutory Appeal (Doc. 2356). Through that motion, the Tennessee Clinic Defendants ask this Court to amend its October 7, 2015 Memorandum of Decision and Order (Doc. 2309) to include language authorizing a request for interlocutory appeal. This Court should deny said motion because this Court's October 7, 2015 ruling does not meet the requirements for interlocutory appeal under 28 U.S.C. § 1292(b).

Before an order can be certified for possible interlocutory appeal under Section 1292(b), two criteria must be satisfied: the district court must be of the opinion that such order (1) "involves a controlling question of law as to which there is substantial ground for difference of opinion"; and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[1] This Court's October 7, 2015 decision satisfies neither of those threshold requirements.

This Court's ruling does not involve "a controlling question of law as to which there is substantial ground for difference of opinion" because the ruling is supported by ample

---
[1] 28 U.S.C. § 1292(b).

legal authority. Clear authority from the First Circuit establishes that this Court continues to enjoy subject matter jurisdiction over these proceedings[2] and clear statutory authority vests this Court with the power to select the trial venue for tort claims related to bankruptcy proceedings.[3] Accordingly, this Court's October 7, 2015 memorandum opinion does not meet the first criteria for interlocutory appeal.

This Court's decision likewise does not satisfy the second criteria because an interlocutory appeal will not materially advance the litigation's ultimate termination. Instead, it would dramatically forestall the ultimate termination of the litigation by further retarding the pace of these protracted proceedings. Such an appeal would increase the cost of this litigation and delay a trial on the merits of plaintiffs' claims.

The best and most effective way to "materially advance the ultimate termination of the litigation"[4] is to do exactly what this Court has done: establish a definitive path for the prompt setting of bellwether trials. This Court should not deviate from that path by authorizing a lengthy and time consuming detour into the appellate courts.

## Argument

**I. There are No Substantial Grounds for Differing Opinions about the Legal Correctness of this Court's Ruling.**

On October 7, 2015, this Court issued a thoughtful and well researched memorandum confirming two important legal principles. First, this Court maintains "related to" jurisdiction over these proceedings pursuant Section 1334(b) of Title 28; and second, Section 157(b)(5) expressly authorizes and directs this Court to select the trial venue for

---

[2] *In re Boston Reg. Med. Center, Inc.*, 410 F3C 100, 105 (1st Cir. 2005)("bankruptcy courts ordinarily may exercise related to jurisdiction as long as the outcome of the litigation 'potentially [could] have some effect on the bankruptcy estate. . .").
[3] 28 U.S.C. § 157(b)(5).
[4] 28 U.S.C. § 1292(b).

claims affecting the NECC bankruptcy estate.[5]  Because each principle is supported by solid and definitive authority, this Court's decision is not appropriate for interlocutory appeal.

This Court's determination that it continues to enjoy related to jurisdiction is supported by the First Circuit's opinion in *In re Boston Reg. Med. Center, Inc.*, as well as a host of other authority cited in the Court's memorandum.[6]  In addition, this Court's power to establish the trial venue for cases impacting the NECC bankruptcy estate is supported by the express statutory directive found in Section 157(b)(5).[7]  There is no legitimate question about the correctness of those rulings.

In its decision, this Court deftly avoided the tension between the bankruptcy venue provisions of Section 157(b)(5) and Section 1407's requirement of remand in MDL proceedings.  This Court avoided that tension by holding that the Court will not exercise its statutory power to select the trial venue under Section 157(b)(5) until <u>after</u> certain bellwether cases are remanded to their home districts pursuant to Section 1407.[8]  By approaching venue selection in that two-step manner (rather than the one-step manner originally suggested by the PSC), this Court insulated its venue decision from vulnerability on appeal.

It is important to note that, although the PSC originally suggested the possibility of an interlocutory appeal in its brief on the Section 157(b)(5) issue,[9] the PSC made that

---

[5] Memorandum of Decision entered October 7, 2015, Doc. 2309.

[6] *In re Boston Reg. Med. Center, Inc.*, 410 F3C 100, 105 (1st Cir. 2005)("bankruptcy courts ordinarily may exercise related to jurisdiction as long as the outcome of the litigation 'potentially [could] have some effect on the bankruptcy estate. . ."); and see *Newby v. Enron Corp.*, 535 F.3d 325 (5th Cir. 2008); *Superior Bank, FSB v. Boyd (In re Lewis)*, 398 F.3d 735 (6th Cir. 2005); *Continental Nat'l. Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 13408 (11th Cir. 1999); *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 626 (4th Cir. 1997)(indicating that plan confirmation does not divest a district court of subject matter "related to" jurisdiction over pre-confirmation claims).

[7] 28 U.S.C. § 157(b)(5) provides:
> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

[8] Memorandum of Decision entered October 7, 2015, Doc. 2309, pp. 22-24.

[9] Doc. 2055.

suggestion while advocating an approach very different from the one ultimately chosen by this Court. The PSC suggested that the Court skip any Section 1407 remand and go directly to establishing venue under Section 157(b)(5). That approach is quite different from the two-step procedure outlined in the Court's decision. In its ruling, this Court announced its intention to comply fully with the remand provisions of Section 1407 before fulfilling its obligation to select trial venue under Section 157(b)(5).[10] Accordingly, the PSC does <u>not</u> see any need for interlocutory appeal.

When deciding whether to authorize an interlocutory appeal under Section 1292(b), district courts should remember that a "difference of opinion" over "a controlling question of law" does not arise every time a court is asked to apply a particular legal principle to a novel fact pattern.[11] Rather, "the issue must relate to the actual legal principle itself, not the application of that principle to a particular set of facts."[12]

In the present case, there is nothing novel about the legal principles underpinning this Court's decision. They are supported by ample authority. Therefore, this Court's memorandum and order do not satisfy the first criteria for interlocutory appeal.

## II. An Interlocutory Appeal Will Not Materially Advance the Ultimate Termination of the Litigation.

The second requirement for certification of an interlocutory appeal is a specific finding that an immediate appeal "may materially advance the ultimate termination of the litigation."[13] Rather than advancing the litigation's ultimate termination, an interlocutory appeal here would achieve the opposite. It would delay the progress of this litigation by more than a year and dramatically increase its cost.

---

[10] Memorandum of Decision entered October 7, 2015, Doc. 2309, pp. 22-24.
[11] *United Air Lines, Inc. v. Gregory*, 716 F. Supp. 2d 79, 92 (D. Mass. 2010).
[12] *Id.*
[13] 28 U.S.C. § 1292(b).

The only way to advance the ultimate termination of the litigation is for this Court to maintain centralized control over claims affecting the NECC bankruptcy estate.  As this Court correctly observed in its opinion, the purpose of serving as trial venue pursuant to Section 157(b)(5) is "to centralize the administration of the [bankruptcy] estate and to eliminate the 'multiplicity of forums for the adjudication of parts of a bankruptcy case.'"[14] By pushing plaintiffs' claims toward trial or settlement through the bellwether trial process, this Court is undertaking the most efficient and just path toward the ultimate termination of the litigation.  This Court should not abandon that path by authorizing an expensive and time consuming interlocutory appeal.

Respectfully submitted,

/s/ **George Nolan**
George Nolan (B.P.R. No. 14974)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee  37219
(615) 780-4111
gnolan@leaderbulso.com

*As designated counsel on behalf of the Plaintiffs' Steering Committee*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead* Counsel

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

Federal/*State Liaison*

---

[14] Memorandum of Decision entered October 7, 2015, Doc. 2309, p. 16 - citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986) (quoting House Agreement to the Conference Report on H.R. 5174, 130 Cong. Rec. 20206, at 20228 (1984), as reprinted in 1984 U.S.C.C.A.N. 576, 579 (statement of Rep. Kastenmeier, Member, H. Comm. on the Judiciary)).

| | |
|---|---|
| Marc E. Lipton<br>LIPTON LAW<br>18930 W. 10 Mile Road<br>Southfield, MI  48075<br>Telephone:  (248) 557-1688<br>Facsimile:  (248) 557-6344<br>marc@liptonlawcenter.com | Kim Dougherty<br>JANET, JENNER & SUGGS, LLC<br>31 St. James Ave., Suite 365<br>Boston, MA  02116<br>Telephone:  (617) 933-1265<br>kdougherty@myadvocates.com |
| Patrick T. Fennell<br>CRANDALL & KATT<br>366 Elm Avenue, S.W.<br>Roanoke, VA  24016<br>Telephone:  (540) 342-2000<br>pfennel@crandalllaw.com | Mark Zamora<br>ZAMORA FIRM<br>6 Concourse Way, 22nd Floor<br>Atlanta, GA  30328<br>Telephone:  (404) 451-7781<br>Facsimile:  (404) 506-9223<br>marc@markzamora.com |
| J. Gerard Stranch, IV<br>Benjamin A. Gastel<br>BRANSTETTER, STRANCH & JENNINGS PLLC<br>227 Second Avenue North, 4th Floor<br>Nashville, TN  37201<br>Telephone:  (615) 254-8801<br>Facsimile:  (615) 255-5419<br>gerards@branstetterlaw.com | |

*Plaintiffs' Steering* Committee

## CERTIFICATE OF SERVICE

I, George Nolan, hereby certify that on November 9, 2015, I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

           /s/ **George Nolan**
           George Nolan