UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| | ) MDL No. 2419 |
| | ) Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| All Cases Against the Saint Thomas Entities | ) ) ) ) |

**SAINT THOMAS ENTITIES' RESPONSE IN OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO SCHEDULE ORAL ARGUMENT ON CERTAIN MOTIONS FOR STATUS CONFERENCE ON NOVEMBER 12, 2015**

The Saint Thomas Entities[1] file this response in opposition to the motion of the Plaintiffs' Steering Committee to schedule oral argument[2] for certain motions, in particular, *Plaintiff Wayne Reed's Motion to Set Case for Trial* (Docket #1882) ("*Reed* Motion"), to show the Court as follows:

**RESPONSE**

1.      On October 7, 2015, the Court issued its Memorandum of Decision (Docket #2309) ("Order") resolving myriad motions and briefs relating to the feasibility and process for handling bellwether trials in this complex multi-district litigation.  *Id.* at 2 ("This order therefore considers whether bellwether trials are feasible and, if so, whether and how they can occur in this district.").

---

[1] Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.

[2] *Plaintiffs' Steering Committee's Motion to Schedule Oral Argument on Certain Motions for Status Conference on November 12, 2015* ("Docket #2394) ("PSC's Motion").

1

2.      The *Reed* Motion, filed more than five months ago, sought to set a single case for an expedited trial and to have this Court preside over that trial, whether sitting in Boston or by temporary assignment in Tennessee.  The *Reed* Motion cited Mr. Reed's failing health as grounds.  The Saint Thomas Entities and other Tennessee Defendants opposed that motion, explaining that the redirection of the Court's and parties' attention to a single case would necessarily and inappropriately delay the ultimate resolution of all of the other cases in the MDL. *See, e.g.*, Docket ##1963, 1968.

3.      The Court's October 7 Order adhered to the bellwether process and laid out the next steps for selecting, discovering, and preparing a small number of bellwether cases for these first trials.  Although the *Reed* Motion was not specifically listed as one of the multiple motions specifically resolved in the Court's Order, it is clearly inconsistent with the process the Court has adopted.

4.      Neither Mr. Reed nor the PSC has sought reconsideration of the Court's Order, but that is effectively the relief they seek in asking that the *Reed* Motion be scheduled for oral argument at the upcoming status conference this week.  Notably, the PSC did not list the *Reed* Motion as even still pending on its proposed agenda circulated to counsel for input, nor did it seek a conference with the other parties in accordance with Local Rule 7.1(a)(2) before filing its Motion.

5.      The PSC's Motion is a thinly veiled request to seek reconsideration of the Court's Order on bellwether trials.  If the PSC wants the Court to once again revisit the issue of bellwether selection and scheduling, it should file a motion for and demonstrate the exacting standards for seeking reconsideration.  *See Marie v. Allied Home Mortgage Co.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005) ("The general rule in this circuit is that the moving party must 'either clearly

establish a manifest error of law or must present newly discovered evidence.'" (quoting

*Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 146 n.2 (1st Cir. 2004))).  The PSC does

not attempt to show manifest error or newly discovered evidence relative to the Order.  Instead, it

simply asks that a motion it filed more than five months ago now be heard anew.

6.      The significant passage of time since the original filing of the *Reed* Motion

without any further attempt to address it also undercuts the relief sought and the grounds offered

in support.   In their response to the *Reed* Motion, the defendants made clear that the alternative

of preserving Mr. Reed's testimony by videotaped deposition—as was contemplated and

provided for by the Court's case management orders on discovery[3]—would address the concerns

underlying the request for an expedited trial.  Docket #1963 at 5; Docket #1968 at 3, 5. Yet,

neither Mr. Reed's counsel nor the PSC has taken any steps to preserve Mr. Reed's testimony in

the intervening months.

## CONCLUSION AND PRAYER

For these reasons, the Saint Thomas Entities request that the Court deny Plaintiffs'

Steering Committee's Motion to Schedule Oral Argument on Certain Motions for Status

Conference on November 12, 2015, and grant such other and further relief to which the Saint

Thomas Entities are entitled.

---

[3] *See* MDL Order No. 10 (Docket #1426), § II(F) ("If the parties become aware of any person who possess relevant information but, who, by reason of age, ill health, or termination of employment with defendants may become unavailable for deposition, the deposition may be taken as soon as possible, using the procedures outlined in FED. R. CIV. P. 27.").

SAINT THOMAS WEST HOSPITAL,
FORMERLY KNOWN AS ST. THOMAS
HOSPITAL, SAINT THOMAS NETWORK,
AND SAINT THOMAS HEALTH

By their attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

Dated:  November 10, 2015

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300

*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 10th day of November, 2015.

*/s/ Sarah P. Kelly*
SARAH P. KELLY

2927388.1