UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION | MDL No. 13-2419-RWZ |
| This Document Relates To: |  |
| All Actions |  |

## MOTION OF THE UNITED STATES TO STAY THE DEPOSITIONS OF JOSEPH CONNOLLY AND JOHN NOTARIANNI

The United States respectfully moves to stay the depositions of Joseph Connolly ("Connolly") and John Notarianni ("Notarianni"), who are potential government witnesses in the criminal case.[1] In its Order on Government's Motion for Leave to Intervene and for a Stay of Certain Depositions Pending Resolution of Related Criminal Proceedings, dated October 26, 2015 ("Order"), the Court granted the government's motion to intervene and, although denying the government's request for a stay of all depositions of potential government witnesses in the criminal case, stated that it would "entertain motions to stay the depositions of specific individuals supported by particularized reasons." Order, at 3. The government hereby makes such a Motion.

## ARGUMENT

As grounds for this Motion, the government submits that allowing Connolly's and Notarianni's depositions to proceed before trial of the criminal case could potentially harm it. The government asserted in its motion to intervene several reasons why it submits that civil

---

[1] It is the government's understanding that the other potential government witnesses whose depositions have been noticed, including Annette Robinson, Belmira Carvalho, Owen Finnegan, Stephen Haynes, and Mario Giamei, all intend to assert their 5th Amendment right not to testify at their depositions. Connolly, who is unrepresented, has indicated that he does not intend to invoke his 5th Amendment right. Likewise, Notarianni's counsel has told the government that Notarianni does not intend to invoke either.

depositions of its witnesses before trial of the criminal case would interfere with the criminal case, and incorporates those arguments and case citations herein by reference.  See Government's Motion for Leave to Intervene and for a Stay of Certain Depositions Pending Resolution of Related Criminal Proceedings, Docket No. 2209.  Without repeating those arguments at length, the government continues to maintain that depositions of its witnesses about important issues in the criminal case, including NECC's clean room practices and MSM's sales tactics, by attorneys in the MDL who are unfamiliar with the evidence in the criminal case and who are proceeding under the more liberal civil discovery rules, could potentially harm the criminal case given that those transcripts would be available for use by the criminal defendants in trying to impeach the witnesses during the criminal trial.  The government is aware that counsel for at least one of the criminal defendants is attending the civil depositions despite the fact that his client has settled all related civil claims.  See Motion of the Defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C., for Court Order Compelling the United States Government to Disclose Relevant Portions of Grand Jury Minutes, Exhibit B, at 3 (indicating the attendance of Callan Stein, counsel for criminal defendant Barry Cadden via video stream of the deposition of Steven Higgins).

      Both Connolly and Notarianni are potential witnesses in the government's criminal case. Specifically, Connolly is a pharmacy technician who worked in the clean room in which the methylprednisolone acetate was made.  The government anticipates that the St. Thomas Entities will ask Connolly about the practices in the clean room and the environment and manner in which the methylprednisolone acetate and other drugs were made, including NECC's failures to adhere to the United States Pharmacopeia as alleged in the indictment.  In fact, the St. Thomas Entities are essentially seeking to raise a comparative fault defense by attempting to prove the

allegations in Counts 1 and 2 of the indictment (alleging RICO and RICO Conspiracy). By their filings in this case seeking access to the government's criminal discovery, the St. Thomas Entities, along with other clinic defendants, have made clear their intention to inject the subjects of the criminal case into their comparative fault civil defenses.

Notarianni is a former MSM sales representative who sold drugs to the St. Thomas clinic defendants. During a portion of his tenure at MSM, Notarianni's direct supervisor was criminal defendant Robert Ronzio, and he received training when he began working at MSM from defendant Barry Cadden on, among other things, NECC's drugs and how to market them to NECC's customers. His anticipated testimony could likely substantially overlap with the government's mail fraud allegations in the indictment. Given the substantial overlap between the clinic defendants' comparative fault claims and the criminal case, the lack of evidence collected during the criminal investigation available to the clinic defendants, and the broader civil discovery rules that would govern the depositions, the government asserts that allowing them to proceed before the criminal trial could harm it.

The government further asserts that the protocol for designating deposition transcripts as protected by the Third Amended Protective Order (Docket No. 814) ("Protective Order") leaves these potential transcripts vulnerable to public access in this high profile case. As the government has previously asserted, allowing these depositions to proceed would risk not only making public, but generating substantial pretrial publicity – months before the criminal trial – the testimony of witnesses the government may call at trial. In response to this argument in prior filings, the St. Thomas Entities have asserted that the protective order in this case would prohibit widespread disclosure of the deposition transcripts. However, the government has since learned that any portion of deposition transcripts that have not been designated as subject to the

Page 3

Protective Order can be readily obtained.  The government has further learned that designations under the Protective Order, which are quite limited in scope, can be made in two ways:  either by counsel during the deposition or within thirty days of it.  Since counsel for the government will not be present at the depositions or receive preliminary transcripts of them, the government would not have an opportunity to make designations under the Protective Order if it believes portions of the testimony should be protected.  Neither Connolly, who is unrepresented, nor Notorianni's counsel have any incentive to designate the testimony as governed by the Protective Order in order to shield the testimony from pretrial publicity in the criminal matter.  Further, even if they were to make such designations, the scope of what materials may be designated as "Confidential Discovery Material" under the Protective Order are limited and would not broadly protect the transcripts from disclosure.  In fact, the only definition that may apply to portions of Connolly's anticipated testimony is "compounding information," which is not further defined.  See Protective Order, at 2, ¶ 2(F).  It is unclear whether any of Notarianni's anticipated testimony would fall into one of the categories of "Confidential Discovery Material" under the Protective Order.

     Finally, the government again asserts that a stay would allow the civil defendants to avoid further substantial discovery costs while the criminal case, scheduled to begin on April 4, 2016, proceeds.  Allowing the criminal trial to proceed first would likely obviate the need for these two depositions.  To the extent the St. Thomas Entities need additional testimony beyond what is elicited in the criminal trial, they can seek it following the criminal trial in a more efficient manner.  Further, staying certain discovery in the civil case until after the trial of the criminal case would not significantly delay the adjudication of the civil cases.  The government anticipates that the St. Thomas Entities will ask the Court to order that they not be required to

Page 4

stand trial until after they are able to obtain the testimony of the several witnesses whose depositions they have noticed who intend to assert a 5th Amendment right not to testify at their depositions. The St. Thomas Entities previously have claimed that this testimony is essential to their comparative fault defense. If the Court does not intend to require the St. Thomas Entities to proceed to trial in their cases without this testimonial evidence (which they apparently will not obtain until after the trial of the criminal case), then this is a further reason to stay these two depositions until after resolution of the criminal trial. It does not make sense to allow a process to go forward that could potentially harm the criminal case when these civil cases will not, as a matter of fact, proceed before it anyway.

## **CONCLUSION**

For all of these reasons, the government requests that the Court grant its Motion to stay the depositions of Connolly and Notarianni.

>
> Respectfully submitted,
>
> CARMEN M. ORTIZ
> UNITED STATES ATTORNEY
>
> By:  /s/ Amanda P.M. Strachan
>       AMANDA P.M. STRACHAN
>       BBO # 641108
>       GEORGE P. VARGHESE
>       Assistant United States Attorneys
>       John Joseph Moakley Courthouse
>       One Courthouse Way, Suite 9200
>       Boston, Massachusetts  02210
>       (617) 748-3100
>       amanda.strachan@usdoj.gov
>       george.varghese@usdoj.gov

Dated:  November 9, 2015

Certificate of Compliance with Local Rule 7.1

     I hereby certify that the United States conferred with counsel for the St. Thomas Entities regarding the substance of this motion, and they do not assent to it.

          By:    /s/ Amanda P.M. Strachan
                   AMANDA P.M. STRACHAN
                   Assistant United States Attorney

Certificate of Service

     I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

          By:    /s/ Amanda P.M. Strachan
                   AMANDA P.M. STRACHAN
                   Assistant United States Attorney

Dated: November 9, 2015