UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:   NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ This Document Relates to Suits Naming: All Suits | ) ) MDL No. 2419 ) Dkt. No. 1:13-md-2419-RWZ ) ) ) ) ) ) ) |

**Opposition to Emergency Motion to Stay Depositions of
Joseph Connolly and John Notarianni**

The Tennessee Clinic Defendants hereby file this Opposition to the United States' Emergency Motion to Stay the Depositions of Joseph Connolly and John Notarianni [Doc. 2398]. The Tennessee Clinic Defendants respectfully submit that the Court should permit the depositions of Mr. Connolly and Mr. Notarianni to proceed as scheduled. In support thereof, the Tennessee Clinic Defendants state as follows:

**I.   These witnesses possess critical information and are the only witnesses located by the Defendants who stand ready and willing to testify about their knowledge.**

Mr. Connolly has agreed to travel to Boston from his home in Mansfield, MA to testify substantively about his knowledge of how the three contaminated lots of methylprednisolone acetate ("MPA") were compounded. He is the first and only witness who was actually present in the cleanroom when the MPA was compounded who has agreed to provide substantive testimony, rather than invoking his Fifth Amendment right against self-incrimination.

Yesterday, counsel for the Tennessee Clinic Defendants deposed all three pharmacy technicians who actually compounded the MPA. All three invoked the Fifth

Amendment in response to every substantive question about their time at NECC. Likewise, the Court has granted Glenn Chin, the pharmacist in charge of compounding the three contaminated lots, an order of protection against testifying because he has been indicted for his role at NECC. Mr. Connolly is the only person the Tennessee Clinic Defendants have been able to locate who is willing to provide substantive testimony about how the fungal meningitis outbreak actually occurred.

Similarly, Mr. Notarianni has unique knowledge critical to the Tennessee Clinic Defendants' defense of the cases against them. Mr. Notarianni and Mario Giamei were the two NECC salesmen who dealt directly with the Tennessee Clinic Defendants when they were making the decision about whether or not to purchase MPA from NECC. As the Court knows, the Plaintiffs have criticized the Tennessee Clinic Defendants' decision, claiming that it was a violation of the recognized standard of acceptable professional practice to purchase from NECC. The Plaintiffs have specifically criticized the Tennessee Clinic Defendants for relying on representations from Mr. Notarianni and Mr. Giamei, and the written assurances they provided to the Tennessee Clinic Defendants.

Mr. Giamei intends to assert the Fifth at his deposition on Thursday, November 12. Thus, like Mr. Connolly, Mr. Notarianni is the only person who is willing to testify about what assurances he did and did not make to the Tennessee Clinic Defendants, so that a jury can decide whether or not the Defendants' reliance on those statements complied with the acceptable standard of professional practice.

There can be no meaningful dispute that the testimony from these witnesses is essential to the Tennessee Clinic Defendants' defenses. The Government concedes as

much in its motion. First, the Government acknowledges the "substantial overlap" between the civil and criminal cases. Then, the Government goes on to point out the significant gap in the knowledge of NECC's wrongdoing between the Government and counsel for the Tennessee Clinic Defendants because counsel for the Tennessee Clinic Defendants is not privy to the extensive evidence uncovered by the Government for the criminal case. *This disparity of information makes the testimony of these witnesses even more critical.* Without it, the Tennessee Clinic Defendants will be severely prejudiced at trial.

## II. The Government has failed to carry its burden of establishing that a stay is warranted.

The Government bears the burden of establishing that a stay is warranted. In its Motion, the Government cites three grounds for a stay, none of which satisfy the Government's burden when balanced against the prejudice to the Tennessee Clinic Defendants if they are forced to try these cases without this essential information.

First, the Government argues that the depositions could "potentially harm the criminal case given that those transcripts would be available for use by the criminal defendants in trying to impeach the witnesses during the criminal trial." Potential for harm does not satisfy the Government's heavy burden. Putting that aside, the Government fails to explain how exactly these witnesses could be impeached by their deposition testimony. There is nothing to indicate that these witnesses will do anything other than testify truthfully about their knowledge of their time working for NECC. This unexplained, potential harm to the criminal case falls woefully short of satisfying the Government's burden.

Second, the Government argues that the Protective Order in place in the civil case is insufficient because the witnesses themselves must designate the transcripts confidential and there is no assurance that they will do so. To assuage this concern, Mr. Connolly has already agreed prospectively to designate his transcript confidential.[1] Mr. Notarianni has no reason to decline a similar request.[2] Regardless, the Court can simply enter an order designating the transcripts as confidential.

Finally, the Government points out that counsel for Barry Cadden attended the deposition of Steve Higgins remotely by video stream after Mr. Cadden had been dismissed from the cases, as evidence that there is no way to control who is attending.[3] Putting aside whether or not Mr. Cadden's counsel violated a court order (the deposition protocol) in doing so, counsel for the Tennessee Clinic Defendants has already taken steps to ensure that does not happen with Mr. Connolly's deposition tomorrow, and will take similar steps to ensure that it does not happen with Mr. Notarianni's deposition. In a nutshell, the instructions (phone number and hyperlink) for attending depositions remotely have previously been circulated by email to the attorneys for the parties to the MDL. It appears that the email list may not have been updated when the Court dismissed the settling defendants. To remedy this issue, the Tennessee Clinic Defendants have not yet circulated the phone number and hyperlink for Mr. Connolly's

---

[1] Given the compressed briefing schedule for this motion, counsel for the Tennessee Clinic Defendants have not had the opportunity to secure an affidavit from Mr. Connolly to that effect.
[2] A call to Mr. Notarianni's attorney has not yet been returned.
[3] It is unclear what harm this would cause if the same happened for Mr. Connolly's deposition. Attendance by video would not allow Mr. Cadden's attorney to question the witness. And, as the Government pointed out in its Motion, the criminal defendants are entitled to the deposition transcripts.

deposition, pending an order from the Court on whether and how to proceed with the deposition.[4]

Regardless, the Court could enter a simple order that permits only *parties* (or their attorneys) to attend the depositions and that does not permit remote attendance, and order that only *parties* may obtain copies of the transcript. The deposition will be recorded by video so parties who cannot attend in person will be able to view it later as if they were attending by video stream.

## Conclusion

As the Court is aware, there are currently fact and expert discovery fast approaching. The Court entered its order directing the Government to file motions to stay specific depositions more than a week ago. However, the Government chose to delay filing its motion until late on November 9, one business day before Mr. Connolly's deposition was set to proceed. The Government originally told the Tennessee Clinic Defendants[5] that it intended to move to stay Mr. Connolly's deposition, but, on Friday, November 6, the Government stated that it had not made a "definitive determination" about whether it would file a motion. The Government's indecision forced counsel for the Tennessee Clinic Defendants to spend the weekend preparing for Mr. Connolly's deposition, and other involved attorneys have altered their schedules (and incurred expenses) to attend.

The witnesses and counsel for the Tennessee Clinic Defendants stand ready and willing to proceed and intend to do so absent an order from the Court. If the Court

---

[4] If the Court does not stay the deposition, counsel for the Tennessee Clinic Defendants will require each person who intends to attend the deposition remotely to identify themselves and their client before providing the access information, to confirm that only parties to the MDL are attending.
[5] The Government incorrectly states in its Motion that it communicated with counsel for the Saint Thomas Entities.

5

chooses to stay the depositions, the Tennessee Clinic Defendants respectfully request a similar stay of their discovery deadlines.

                              Respectfully submitted,

                              **GIDEON, COOPER & ESSARY, PLC**

                              /s/ Chris J. Tardio
                              **C.J. Gideon, Jr.***
                              **Chris J. Tardio***
                              **Alan S. Bean****
                              **Matthew H. Cline***
                              315 Deaderick Street, Suite
                              Nashville, TN 37238
                              Ph: (615) 254-0400
                              Fax: (515) 254-0459
                              chris@gideoncooper.com

                              ***Attorneys for the Tennessee Clinic Defendants***

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.

<h3 style="text-align:center"><u>Certificate of Service</u></h3>

     I hereby certify that a copy of the foregoing was served on all parties by virtue of the Court's CM/ECF system this 10th day of November, 2015.

                              /s/ Chris J. Tardio
                              **Chris J. Tardio**