**Blumberg & Wolk, LLC**
158 Delaware Street
P.O. Box 68
Woodbury, NJ 08096
(856) 848-7472

*Counsel for Defendants Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Rhaul Shah, M.D., John Catalano, M.D., Richard C. DiVerniero, M.D., and Richard Strauss, M.D.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | MDL No. 2419<br>Docket No. 1:13-md-2419 (RWZ) |

## PREMIER ORTHOPAEDIC ASSOCIATES, ET AL'S MEMORANDUM OF LAW IN SUPPORT OF THE PREMIER DEFENDANTS' JOINDER AND MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Defendants Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., and Richard Strauss, M.D. (collectively, "Premier Defendants") hereby join the Tennessee Defendants and move the Court to amend and

certify its October 7, 2015 Order (Docket No. 2309) for interlocutory appeal. In support of this motion, the Premier Defendants submit the instant Memorandum.

## LEGAL ARGUMENT

The Premier Defendants seek to amend the October 7, 2015 Order (Docket No. 2309) so as to include the necessary language from 28 U.S.C. § 1292(b) which will allow the Premier Defendants to petition the First Circuit for an appeal of (1) the Court's ruling that "related to" jurisdiction exists, and; (2) the Court's ruling that it will remand these cases to Tennessee pursuant to 28 U.S.C. § 1407, then reacquire jurisdiction via 28 U.S.C. § 157(b)(5) and subsequently try these cases in Massachusetts.

### I.   28 U.S.C. § 1292(b) Guides Certification for Interlocutory Appeal

"Pursuant to 28 U.S.C. § 1292(b), a district judge may certify for interlocutory review an order, not otherwise appealable, that involves: 1) a controlling question of law, 2) as to which there is grounds for a substantial difference of opinion and 3) where an immediate appeal may materially advance the ultimate termination of the litigation."

United Air Lines, Inc. v. Gregory, 716 F.Supp. 2d 79, 89 (D. Mass. 2010) (citing 28 U.S.C. § 1292(b) & Philip Morris, Inc. v. Harshbarger, 957 F.Supp. 327, 330 (D.Mass.1997)).

### A. The Jurisdictional Questions at Issue are Serious to the Conduct of this Litigation

A question of law is "controlling" if "reversal of the district court's ruling would terminate the action," or if the question is "serious to the conduct of litigation, either practically or legally." Philip Morris, Inc., 957 F.Supp. at 330; In re Lupron Marketing and Sales Practices Litigation, 313 F. Supp. 2d 8, 9 (D. Mass. 2004) (citing Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)).   The question must be one of "pure law" which does not require "detailed review of the factual record" to resolve. United, 716 F.Supp. 2d at 89.   Additionally,

when dealing with orders determining venue and jurisdiction, "reversal of the judgment on jurisdictional grounds after trial should be avoided." Katz, 496 F.2d at 755.

In this instance, the questions involve venue, jurisdiction, and do not require detailed review of the factual record. The issues center around (1) the Court's ruling that "related to" jurisdiction exists, and; (2) the Court's plan to remand the cases to Tennessee and then re-acquire jurisdiction for trial. Such are plainly "serious to the conduct of litigation," as both involve pivotal questions of jurisdiction and their resolution will determine the venue for all trials to take place in this litigation.

## B. Lack of Controlling Authority Constitutes "Substantial Ground for Difference of Opinion"

When the controlling question involves "one or more difficult and pivotal questions of law," there is no controlling authority, and the question relates to "actual legal principle itself, not the application of that principle to a particular set of facts," there are "substantial grounds for a difference of opinion." United, 716 F.Supp. at 92 (citing In re Jackson Brook Inst., Inc., 280 B.R. 1, 8 (D.Me.2002)).

This honorable Court's authority at the overlap of a bankruptcy and MDL is a pivotal question without direct controlling authority to guide resolution. The PSC characterized the interplay of 157(b) and 1407 as an issue of first impression in the 1st Circuit. (See Dkt. No. 2055, ln. 11). The extent of the Court's "related to" jurisdiction in this matter and its authority in conducting the proposed transfers is a difficult question tangentially addressed by several parties in the briefing leading up to this Court's October 7, 2015 Order. While a small universe of caselaw with some guiding principles exists, parties were unable to discover direct controlling law.

### C. Final Determination on Jurisdiction "May Materially Advance the Ultimate Termination of the Litigation"

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." United, 716 F.Supp. at 91 (citing Philip Morris, 957 F.Supp. at 330) (internal quotations omitted). When the question is "controlling" such that it may result in reversal, and "can be resolved expeditiously by the Court of Appeals, interlocutory review saves time and expense for both the Court and the litigants" by eliminating unnecessary litigation. United, 716 F.Supp. at 92.

The instant situation is important to advancing the ultimate end of this litigation, as a proper and settled decision on trial venue will eradicate the chance that a bellwether jury's verdict will be overturned on jurisdictional grounds; further, it will guide the Court in jurisdiction and venue decisions as to defendants other than the Tennessee Defendants and reduce subsequent motion practice, time and resources devoted to these questions.

### II.  The Premier Defendants' Schedule follows the Tennessee Defendants' Schedule

The Premier Defendants have a significant interest in the outcome of this decision as to the Tennessee Defendants, because procedural treatment of the Tennessee Defendants in this matter will become the law of the case for subsequent procedural treatment of the Premier Defendants.

### CONCLUSION

For the reasons stated herein, the Premier Defendants respectfully request that the Court amend the October 7, 2015 Order (Docket No. 2309) so as to include the necessary language from 28 U.S.C. § 1292(b) which will allow the Premier Defendants to petition the First Circuit for an interlocutory appeal of the two questions listed above.

Dated: November 13, 2015

Respectfully submitted,

**Blumberg & Wolk, LLC**
158 Delaware Street
P.O. Box 68
Woodbury New Jersey 08096
(856) 848-7472
cwolk@blumberglawoffices.com

/s/ Christopher M. Wolk
Christopher M. Wolk, Esq.

*Attorneys for Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., and Richard Strauss, M.D.*


## CERTIFICATION

I certify that in submitting this *MEMORANDUM*, I caused a copy of the above to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: November 13, 2015

/s/ Christopher M. Wolk
Christopher M. Wolk, Esq.