UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> This document relates to: ) <br> ) <br> All of the cases against the Box Hill Defendants[1] ) <br> ) | MDL No. 02419 <br> Docket No. 1:13-md-2419-RWZ |

**THE BOX HILL DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR PROTECTIVE ORDER REGARDING BOX HILL'S NOTICES OF DEPOSITION BY WRITTEN QUESTION**

Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively, "Box Hill Defendants") hereby oppose and respectfully request that the Court deny the Plaintiffs' Steering Committee's ("PSC") Motion for Protective Order in Response to the Box Hill Defendants' Notice of Deposition by Written Question. (See Dkt. 2353.)

I.  **BACKGROUND**

As the Court is now well-aware, the New England Compounding Pharmacy ("NECC") distributed contaminated methylprednisolone acetate ("MPA") across the country, resulting in a nationwide fungal meningitis outbreak. In response, hundreds upon hundreds of lawsuits were filed nationally, which the Judicial Panel on Multidistrict Litigation ("JPML") consolidated into

---

[1] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

this multi-district litigation ("MDL") in the U.S. District Court for the District of Massachusetts in Boston, which brings us the instant action.

In short, the PSC contends that the Box Hill Defendants failed to engage in sufficient "due diligence" allegedly required by the standard of care, and that that failure caused the Box Hill Defendants to purchase contaminated MPA from NECC, which then allegedly caused injury to the Plaintiffs in the instant cases. The same allegations are made against all of the health care provider defendants in the MDL cases. The Box Hill Defendants are parties in eight of the cases. See fn.1, supra.

On or about October 12, 2015, the Box Hill Defendants served notices and subpoenas on ten non-party entities for Depositions upon Written Question, pursuant to Federal Rules of Civil Procedure 31 and 26(b). (See Dkt. 2319.) These questions attempt to address the due diligence performed by these noticed non-party health care provider entities in the course of their decision to purchase medication from NECC, based on Plaintiffs' assertion of the issue.[2]

Not surprisingly, on October 23, 2015 the PSC filed its Motion for Protective Order in an effort to again thwart the health care provider defendants' efforts at meaningful discovery. They requested that the depositions not occur or else proceed orally. Their thinly veiled reasons cited general and speculative alleged harm to Plaintiffs despite no prejudice, while also demanding the imposition of significant undue burden and expense on non-party entities amid an otherwise focused and narrow scope of information sought by the Box Hill Defendants through written deposition questions. (See Dkt. 2352, 2353.)  Subsequently, the Box Hill Defendants sent letters to all entities requesting that they hold their responses to the written deposition questions until the Court is able to rule on the PSC's motion.

---

[2] The Box Hill Defendants have confirmation that all ten were served and have communicated with many of them including several which have stated a willingness to cooperate and respond to the written question deposition.

The Premier Defendants also filed notices of Depositions by Written Questions in mid-October, 2015, and served the same and subpoenas on ten different non-party entities, which had also previously purchased MPA from NECC before the meningitis outbreak. (See Dkt. 2333.) Like Box Hill, the Premier Defendants also sought information about the due diligence conducted by these entities in forming the informational basis for their decision to purchase MPA from NECC.[3]

Likewise, the PSC also filed a Motion for Protective Order and supporting memorandum against the Premier Defendants, which was basically identical to the one filed against the Box Hill Defendants. (See Dkt. 2372, 2374; cf, Dkt. 2353.)

## II.     ARGUMENT

The Premier Defendants have already opposed said motion. (See Dkt. 2385.) In an effort to avoid wasting the Court's time by re-hashing the same arguments made in opposition again here, the Box Hill Defendants adopt all of the same arguments made by the Premier Defendants herein as if they were their own. In addition, the Box Hill Defendants offer the following argument summation and conclusions supported by the arguments adopted herein from the Premier Defendants' Opposition. (See Dkt. 2385.)

In the context of discovery, a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c). It is well-established that a party seeking an order of protection must demonstrate that "good cause" exists.  Id.  Good cause is established only after demonstrating a "***clearly defined and serious injury***" to the party seeking protection. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd Cir.1994) (emphasis added); see also Publicker Indus., Inc. v. Cohen, 733

---

[3] It is the Box Hill Defendants' understanding that currently the Premier Defendants have confirmation that seven entities were served and are in communication with several which have indicated cooperation with the subpoena and deposition by written questions.

F.2d 1059, 1071 (3d Cir.1984). The injury must be shown with factual specificity. U.S. v. Wecht, 484 F.3d 194, 211 (3rd Cir. 2007). Simply making broad and conclusory allegations of harm, "unsubstantiated by specific examples or articulated reasoning," does not support a good cause showing sufficient for a protective order. Id. (citation and internal quotation marks omitted); see also United States v. Bulger, 283 F.R.D. 46, 52 (D. Mass. 2012); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986), cert. denied, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987).

As it applies to this instance, the PSC simply relies on conclusory statements and does not demonstrate sufficient good cause to support a motion for Protective Order. Their allegations that the written question format will result in prejudice to them are generalized, vague, and clearly speculative given the simplicity and narrow focus of the questions. The PSC's intimation that there is no alternative that would allow them to sufficiently probe the noticed entities via written cross-examination questions ignores the inherent flexibility in Rule 31. The PSC also falsely implies that a deposition upon written questions would absolutely preclude them from later oral deposition if necessary. That is simply not true.

As mentioned previously, the Box Hill Defendants have heard from several of these noticed entities about their receipt of the questions and their willingness to cooperate.  Such cooperation will likely vanish or become more difficult if an oral deposition is required, since these non-entities will likely obtain counsel and otherwise become concerned with the burden and expense of such oral depositions. This will not only add to the expense, but also further add to the delay that the PSC's motion for protective order has already caused.

The PSC's current assertion of possible prejudice is vague and improbable, and in fact, unfounded. There is likely little justification in terms of information that would be obtained from

oral depositions, which could not otherwise be obtained through written questions. The PSC's assertion simply does not constitute sufficient good cause to outweigh the certain burden and expense in time and money to nearly twenty non-party entities to conduct full-blown oral depositions. Written questions are the least burdensome, least expensive, and most time-effective means of obtaining the information sought about due diligence.

The more judicious and efficient means in addressing the PSC's alleged concerns is to deny the PSC's motion for protective order and allow these depositions to occur via written questions and in accordance with Rule 31. Subsequently, if there is any real and rational basis for which an oral deposition is required, then the PSC can petition the Court for the same. That is the best compromise. These non-party entities and the Box Hill Defendants should not be caused to suffer the burden and expense of preparing for and traveling to ten non-party entity locations for oral depositions, when oral depositions are unnecessary based on the narrow focus of the information sought and the significant burden that would result from full-fledged oral depositions.

In addition, the Court may remember the significant number of subpoenas served on non-party entities, including the Box Hill Defendants, by the PSC seeking extensive document production long before any lawsuits were even filed. The Court worked hard to prevent any unnecessary burden from being forced on non-party entities.  That is what the Box Hill Defendants are asking here.

### III.   CONCLUSION

For the foregoing reasons, the Box Hill Defendants respectfully request that this Court deny the PSC's request to preclude depositions by written questions and deny the PSC's attempt to make them occur orally.

Dated: November 20, 2015          Respectfully submitted,

/s/ Gregory K. Kirby_____
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

6

**CERTIFICATE OF SERVICE**

    I certify that in submitting this response, I caused a copy of the above to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: November 20, 2015                Respectfully submitted,

                                              /s/ Gregory K. Kirby
                                              Gregory K. Kirby
                                              Pessin Katz Law, P.A.
                                              901 Dulaney Valley Road, Suite 500
                                              Towson, Maryland  21204
                                              (410) 938-8800
                                              ***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***