UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> ─────────────────────────────── <br><br> THIS DOCUMENT RELATES TO: <br><br> All Suits Against the Saint Thomas Entities | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**MEMORANDUM IN SUPPORT OF THE SAINT THOMAS ENTITIES'
MOTION TO AMEND THE SCHEDULE FOR CASE-SPECIFIC DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 16 and 26, the Saint Thomas Entities[1] hereby file this memorandum in support of their motion to amend the schedule for case-specific discovery.

The Court previously concluded that MDL discovery was appropriate for "common issues" and entered an order to govern such discovery on September 18, 2014.  *See* MDL Order No. 9 [Dkt. # 1425].  It defined common and case-specific issues as follows:

> *A "Common Issue"* for purposes of this Order means an issue that pertains to all or a substantial number of cases in the Multidistrict Litigation ("MDL"). Examples of Common Issues include the scope and amount of Defendants' insurance coverage available to satisfy claims made or a parent company's liability for a subsidiary company's conduct. *A "Case Specific Issue"* is an issue that pertains to a single case or a small number of cases. Examples of Case-Specific Issues include the amount of physical harm an individual patient suffered as a result of Defendants' alleged wrongdoing or statements made by Defendants to a particular Plaintiff.

*Id.* at p. 1, fn. 1 (emphasis added).  The Court's order provided a schedule for conducting fact and expert witness discovery as to common issues and for submitting proposals on bellwether selection protocols.  *Id.* at p. 6.  Common issue discovery is currently scheduled to end on

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

February 19, 2016.  *See* Order Extending Deadlines Applicable to Tennessee Cases [Dkt. # 2330].  In all, common discovery will have taken approximately 17 months.

With respect to case-specific discovery, this Court initially determined on July 9, 2015 that absent *Lexecon* waivers by all parties, case-specific discovery and summary judgments should occur in each case's home district.  *See* Order [Dkt. # 2075] at pp. 4-5.  It provided a schedule the Court would- adopt -if all parties agreed to try individual cases in this Court.  *Id.* at p. 4 ("If the remaining Tennessee defendants waive *Lexecon*, cases against them will be the first bellwether trials. The court will adopt the following bellwether selection process and trial schedule . . . .").  All defendants objected to proceeding to trial anywhere but their home districts.  *See, e.g.*, Amended Exhibit "A," Lexecon Elections Report [Dkt. # 2140].  Then, in an order dated October 7, 2015, the Court concluded that case-specific discovery as to bellwether candidates should proceed in this MDL proceeding even absent *Lexecon* waivers.  *See* Memorandum of Decision [Dkt. # 2309] at pp. 24-25.

By the time the Court concluded it would conduct case-specific discovery under these circumstances, many of the case-specific deadlines for "agreed" trials had passed or were about to expire.  At the October 2015 status conference, the Court acknowledged a new schedule was needed and asked the parties to try to agree to one.  They could not, and various proposals were filed, all attempting to meet the Court's stated goal (per its July 2015 order) of completing case-specific discovery by the end of February 2016.  *See, e.g.*, Notice by Saint Thomas Entities of Filing of Proposed Bellwether Discovery Schedule [Dkt. # 2340].

Two weeks after this Court's October 7 order that case-specific discovery would proceed in this MDL instead of in home districts, the Saint Thomas Entities issued written discovery to the Bellwether Candidate Plaintiffs.  *See* E-mail transmitting discovery requests, attached hereto

- 2 -

as Exhibit "A." The Saint Thomas Entities next requested deposition dates for all of the Bellwether Candidate Plaintiffs and spouses (a total of 21 depositions). *See* Letter from Y. Puig dated October 28, 2015, attached hereto as Exhibit "B." The parties have since worked to try and schedule deposition dates. Among the first dates offered and scheduled were November 23 and 24, 2015 for two plaintiffs. Both of these dates were subsequently withdrawn by plaintiffs' counsel, resulting in no plaintiff depositions in November. *See* E-mails from Plaintiffs' counsel to reschedule depositions, attached hereto as Exhibit "C." As of the filing of this motion, no case-specific deposition has occurred, although the parties continue to try to schedule Bellwether Candidate Plaintiff depositions to take place before the end of 2015. These efforts have been confounded by multiple scheduling conflicts due to the holidays and other circumstances, as Exhibit C reflects.

It is imminently clear that all parties require additional time to conduct case-specific discovery. In addition to depositions of Bellwether Candidate Plaintiffs and spouses (21 depositions), other fact witnesses are likely required for each case, including treating physicians regarding each Plaintiff's current physical condition and future prognosis (at least 11 depositions). Similarly, more time is needed to conduct case-specific expert discovery. Contrary to statements made by the PSC at the last status hearing, damages are very much disputed. And each Plaintiff has unique facts and circumstances bearing on issues such as pre-existing conditions, pre-existing pain and suffering, co-morbidities, type and site of injection, future earning potential, loss of consortium damages, future medical care, and the like. Depending on the facts and circumstances of each particular Plaintiff, several different types of medical expertise are needed to assess damages issues.

The Saint Thomas Entities want their day in court as much as anyone. However, that day must be after they have been afforded the opportunity to conduct the case-specific discovery needed so that a fair presentation of the facts can occur and any summary adjudications can be determined.

With common discovery reasonably having taken 17 months, it is simply not reasonable to give short shrift to this next important phase of the MDL docket, a phase that will determine whether the results of bellwether trials provide meaningful information to the parties on the likely results of future trials. Case-specific discovery in this MDL proceeding ***commenced*** with this Court's October 7 order, and even simple cases are routinely allotted 6 to 9 months for discovery. Here, the parties are attempting to conduct fact discovery on 13 cases,[2] with 8 cases to proceed to expert discovery. The schedule proposed below provides ***7 months for both fact and expert case-specific discovery*** in the bellwether cases.

If the parties are rushed to trial before they are ready (due to reasons such as experts in individual cases turning down participating in the initial bellwether cases because they cannot meet the current schedule), the parties will discount the results because they will not have been able to test their best evidence, defenses and witnesses, all of which will continue to be developed "for the next round" as the first cases are tried.

The importance of truly representative, fully developed cases cannot be understated. A good example of this fact is this month's verdict in the Michigan class action concerning the

---

[2] Each side initially selected 8 bellwether cases. Because one of their selections overlapped, 15 bellwether selections resulted. Each side likewise has 4 strikes each. To date, Defendants have used 2 of their strikes, leaving 13 potential bellwether cases remaining. *See* Notice of Exercise of Bellwether Strikes [Dkt. # 2337]. Depending on how the Court rules on the Saint Thomas Entities' forthcoming motion to strike the PSC's attempt to dismiss two Bellwether Candidate cases, the pool may be down to 11 cases. *See Besaw, et al. v. Saint Thomas Outpatient Neurosurgical Center, LLC, et al.*, No. 1:13-cv-12604, *Donna Branham's Notice of Partial Voluntary Dismissal Without Prejudice* (Dkt. No. 56) ("Branham Notice"); *Ferguson, et al. v. Saint Thomas Outpatient Neurosurgical Center, LLC, et al.*, No. 1:13-cv-12571, *Jon Kinsey's Notice of Partial Voluntary Dismissal Without Prejudice* (Dkt. No. 57) ("Kinsey Notice").

administration of contaminated MPA compounded by NECC to over 170 patients resulting in injury and death.  The plaintiffs' attorneys trying that case made many of the same arguments being asserted here against the Tennessee clinics, including that the defendants failed to conduct enough due diligence on NECC, failed to warn or inform patients they were obtaining compounded MPA, and failed to use an FDA-approved drug.  Despite these similarities, the PSC asserts that the defense verdict in that class action has no bearing on liability issues in this docket.  This is precisely the sort of posturing properly selected and fully discovered cases are intended to prevent.

Accordingly, the Saint Thomas Entities request that the Court enter the following schedule which, while still aggressive, provides the opportunity for the parties to obtain the case-specific discovery that is needed for meaningful bellwether results aimed at resolving, rather than prolonging, this MDL docket.

| | |
|---|---|
| Deadline for Written Discovery: | January 29, 2016 |
| Completion of Plaintiffs' Depositions: | February 19, 2016 |
| Deadline for Execution of Bellwether Strikes and Joint Filing of Summary of Remaining Cases: | February 23, 2016 |
| Plaintiffs' Expert Reports Due: | March 8, 2016 |
| Deadline to seek leave to move for summary judgment | March 8, 2016 |
| Deadline to file oppositions to motions for leave | March 15, 2016 |
| Defendants' Expert Reports Due: | April 8, 2016 |
| *Daubert* Motions Due: | April 22, 2016 |
| Oppositions to *Daubert* Motions Due: | May 13, 2016 |
| Close of Case-Specific Fact and Expert Discovery: | May 13, 2016 |

The proposed schedule is consistent with balancing the parties' desire to get to trial with a reasonable chance to discover and develop the individual facts so that any verdicts will be more rather than less representative of the MDL Plaintiffs as a whole. For these reasons, district courts have extensive authority to manage complex Multi-District Litigation. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 10.1 ("Although not without limits, the court's express and inherent powers enable the judge to exercise extensive supervision and control of litigation."). Rule 26 discovery plans and Rule 16 scheduling orders are vital tools for accomplishing efficient case management. *See id.* § 11.42 ("A discovery plan should facilitate the orderly and cost-effective acquisition of relevant information and materials and the prompt resolution of discovery disputes. The plan should reflect the circumstances of the litigation, and its development and implementation must be a collaborative effort with counsel."); FED. R. CIV. P. 26(f)(3)(B) (plans include "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues").

## CONCLUSION

For these reasons, the Saint Thomas Entities respectfully request the Court enter an order adopting their proposed schedule for case-specific discovery.

| | |
|---|---|
| Dated: November 23, 2015 | SAINT THOMAS WEST HOSPITAL, SAINT THOMAS HEALTH, and SAINT THOMAS NETWORK |// 

Dated: November 23, 2015

SAINT THOMAS WEST HOSPITAL, SAINT THOMAS HEALTH, and SAINT THOMAS NETWORK

By their attorneys,

 */s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

- 7 -

- 8 -

## **CERTIFICATE OF SERVICE**

   I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 23rd day of November, 2015.

                */s/ Sarah P. Kelly*
                Sarah P. Kelly