UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) _____ ) ) THIS DOCUMENT RELATES TO: ) ) All Suits Against the Saint Thomas Entities ) ) ) ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**MEMORANDUM IN SUPPORT OF THE SAINT THOMAS ENTITIES'
MOTION TO STRIKE DISMISSALS OF BELLWETHER CANDIDATE CASES**

The Saint Thomas Entities[1] file this memorandum in support of their motion to strike Plaintiffs Donna Branham's and Jon Kinsey's attempts to voluntarily dismiss *without prejudice* their actions under Federal Rule of Civil Procedure 41(a)(1)(A)(i) as untimely and an improper attempt to circumvent the bellwether process previously established by this Court.

### I.   BACKGROUND

The Court is familiar with this matter from multiple prior filings.[2] As this Court is also well aware, both the Nashville Healthcare Defendants[3] and the Plaintiffs' Steering Committee ("PSC") each proposed eight cases to serve as candidates for bellwether trials pursuant to this Court's July 9, 2015 Order ("Bellwether Order").[4] Both sides agreed they would select

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

[2] *See, e.g.,* Mem. of Decision [re: Motions to Dismiss] (Dkt. No. 1360).

[3] "Nashville Healthcare Defendants" consists of the Saint Thomas Entities as well as St. Thomas Outpatient Neurosurgical Center, Howell Allen Clinic, John Culclasure, M.D., Debra Schamberg, RN, CNOR, and Vaughan Allen, M.D.

[4] *See* Dkt. No. 2075 (Bellwether Order); *Nashville Healthcare Defendants' Notice of Filing of Bellwether Candidate Cases* (Dkt. No. 2174); *PSC's Notice of Filing of Proposed Bellwether Cases* (Dkt. No. 2175). The parties both proposed the *Berry* case, leaving 15 cases in the initial pool of bellwether candidates ("Bellwether Candidate Plaintiffs").

candidate cases from each of the injury categories set out in the Tennessee Clinic Defendants' Proposed Bellwether Selection Process Order[5] in an effort to create a candidate pool that reflected a cross-section of injuries. Accordingly, the Nashville Healthcare Defendants proposed the cases brought by Jon Kinsey and Donna Branham to represent the "no disease" or "fear claim" category, which constitutes 24% of the cases filed against the Nashville Healthcare Defendants.[6] Both parties were also afforded the right under the Bellwether Order to strike four of the other side's proposed cases.[7] The Nashville Healthcare Defendants exercised that right on October 19, 2015, striking two of the PSC's proposed bellwether candidate cases and reserving their rights to strike an additional two candidates after individual discovery.[8]

The PSC has subsequently made several attempts to have the Court's bellwether procedures revisited by seeking to retroactively nullify the strikes already exercised by the Saint Thomas Entities and by seeking the entry of a completely different bellwether procedure, one that would effectively set only the most serious categories of injury for the first trials and also deprive the parties of their right to strike unrepresentative cases.[9]

In accordance with the Court's Bellwether Order, the Saint Thomas Entities issued written discovery on October 23 and requested deposition availability for all 15 Bellwether Candidate Plaintiffs and their spouses—including Donna Branham and Jon Kinsey—on October 28.[10] The PSC eventually provided dates for all Bellwether Candidate Plaintiffs *other than* Plaintiffs Branham or Kinsey through a course of several emails sent between November 11 and

---

[5] Dkt. No. 1958-2 (originally filed at Dkt. No. 1871-1).

[6] *Nashville Healthcare Defendants' Notice of Filing of Bellwether Candidate Cases* at 3.

[7] Bellwether Order at 5 ("Each side may strike 4 of the other side's proposed [bellwether] cases by [the end of case-specific fact discovery].").

[8] *Nashville Healthcare Defendants' Notice of Exercise of Bellwether Strikes* at 2 (Dkt. No. 2337).

[9] *PSC's Proposed Plan for Case-Specific Discovery in Bellwether Cases* (Dkt. No. 2342).

[10] Ex. A, Oct. 28, 2015 letter from Y. Puig to G. Stranch, B. Gastel, and M. Chalos.

November 18.[11]  On November 20—three weeks after their depositions were requested—Branham and Kinsey filed notices purportedly voluntarily dismissing their cases *without prejudice*,[12] despite the fact that the Nashville Healthcare Defendants filed master answers over 13 months ago.[13]

Plaintiffs' ability to voluntarily dismiss their actions without a Court order or the Defendants' consent expired when the Nashville Healthcare Defendants filed their respective Master Answers.[14]  Accordingly, Branham's and Kinsey's purported notices of dismissal are fatally defective and should be struck in their entirety.  Alternatively, this Court should dismiss Branham's and Kinsey's actions with prejudice and deem the PSC to have exercised two of its four bellwether strikes.

## II. ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 41(a)(1)(A) permits a plaintiff to dismiss an action without a court order in *only* two specific instances: where the notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment or where a stipulation of dismissal is signed by all parties who have appeared.  FED. R. CIV. P. 41(a)(1)(A)(i), (ii); *see also Taylor v. Swartwout*, 445 F. Supp. 2d 98, 101 (D. Mass. 2006) ("Once an answer or a motion for summary judgment is filed, voluntary dismissal of a claim is prohibited without leave of court.  A dismissal with leave of court is allowed only on such terms

---

[11] Ex. B, Nov. 18, 2015 e-mail from A. Martin to various parties attaching updated chart regarding Bellwether Candidate Plaintiffs' available deposition dates.

[12] *Besaw, et al. v. Saint Thomas Outpatient Neurosurgical Center, LLC, et al.*, No. 1:13-cv-12604, *Donna Branham's Notice of Partial Voluntary Dismissal Without Prejudice* (Dkt. No. 56) ("Branham Notice"); *Ferguson, et al. v. Saint Thomas Outpatient Neurosurgical Center, LLC, et al.*, No. 1:13-cv-12571, *Jon Kinsey's Notice of Partial Voluntary Dismissal Without Prejudice* (Dkt. No. 57) ("Kinsey Notice").  Branham's and Kinsey's individual actions comprise several unrelated Plaintiffs, but only Branham and Kinsey have sought voluntary dismissal at this time.

[13] *See Tennessee Clinic Defendants' Master Answer* (Dkt. No. 1455), filed on September 30, 2014; *Saint Thomas Entities' Master Answer* (Dkt. No. 1464) filed on Oct. 1, 2014.

[14] *See id.*

and conditions as the Court deems proper." (citing FED. R. CIV. P. 41(a)(1), (2))). The Rule "affixes a bright-line test to limit the right of dismissal to the early stages of litigation, which simplifies the court's task by telling it whether a suit has reached the point of no return." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2003) (internal quotation marks and citations omitted). "If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." *Id.* (internal quotation marks and citations omitted).

Here, the Plaintiffs have filed notices of dismissal over one year after the Nashville Healthcare Defendants filed their respective Master Answers. Because the effectiveness of notices of voluntary dismissal under Rule 41(a)(1)(A)(i) is entirely contingent on the notices being filed before the opposing party has served its answer or motion for summary judgment, the notices of voluntary dismissal filed by Branham and Kinsey are meaningless and should be struck from the Court's dockets. *Cf. Nat'l Ass'n of Tobacco Outlets, Inc. v. City of Worcester, Mass.*, 851 F. Supp. 2d 311, 312 n.1 (D. Mass. 2012) ("The plaintiffs in Civil Action No. 11-40119 . . . attempted voluntarily to dismiss their complaint without court order pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). I directed the clerk to reopen the matter because the plaintiffs could not as a matter of right dismiss the case once the defendants had moved for summary judgment.").

Plaintiffs' notices of dismissal erroneously state that "Defendants have not yet served an answer or filed motion [sic] for summary judgment under Federal Rule of Civil Procedure 56 in [Plaintiff Branham's or Kinsey's] individual action."[15] While individual answers or motions for summary judgment were not filed directly in the *Besaw* and *Ferguson* dockets (the two dockets,

---

[15] *See* Branham Notice at 1; Kinsey Notice at 1.

4

respectively, in which Branham and Kinsey have asserted actions), the Nashville Healthcare Defendants filed Master Answers applicable to *all cases* pending against them, pursuant to the PSC's assent and this Court's order.[16]  The Court specifically modified the Nashville Healthcare Defendants' answer requirements to permit the filing of respective Master Answers applicable to all cases filed against them, and so the lack of individual answers to Branham's and Kinsey's individual actions is of no moment.[17]

Since answers have been filed and voluntary dismissal is not sought based on the stipulation of all affected parties, Plaintiffs' only avenue for voluntary dismissal is through Rule 41(a)(2), which permits voluntary dismissal only with the Court's approval.  *See, e.g.*, *ITV Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66, 70 (1st Cir. 2006) (affirming district court's refusal to allow voluntary dismissal pursuant to stipulation of some, but not all, affected parties where an answer was filed and not all affected parties had consented; the parties "could only move to dismiss under Rule 41(a)(2), which requires the court's approval."); *Barr Labs., Inc. v. Abbott Labs.*, 867 F.2d 743, 747 (2d Cir. 1989), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ("A plaintiff's unilateral right to dismiss can, of course, be foreclosed by the simple expedient of filing an answer or a motion for summary judgment.  A more advanced stage of litigation is reached when an answer or motion for summary judgment is filed.  Voluntary discontinuance [under Rule 41(a)(1)] at that stage can be achieved only by a stipulated dismissal pursuant to FED. R. CIV. P. 41(a)(1)(ii), and the policy of encouraging the early dismissal of meritless actions cannot then be served." (citing *Santiago v. Victim Servs.*

---

[16] *Assented to Motion for Order to Allow Master Answers for Tennessee Clinic Defendants and Saint Thomas Entities* (Dkt. No. 1447), granted via Sept. 30, 2014 Electronic Order (Dkt. No. 1462).

[17] It should be noted that at no time until the filing of the Branham and Kinsey Notices on November 20, 2015 has the PSC ever suggested that it would treat the respective Master Answers filed by the Nashville Healthcare Defendants in September and October 2014 as anything other than answers filed in each individual action.

*Agency of the Metro. Assistance Corp.*, 753 F.2d 219, 222 (2d Cir. 1985))); *Zhou v. Wang's Restaurant*, No. 5:05-cv-00279, 2007 WL 134441, at *2 (C.D. Cal. Jan. 16, 2006) ("[U]nder Rule 41(a)(1) . . . , a plaintiff may not unilaterally dismiss a case where the defendant had already filed an answer, and thus [Plaintiff's] purported 'Notice of Dismissal' was of no effect.").

Plaintiffs have not sought voluntary dismissal under Rule 41(a)(2), nor have they addressed in their purported notices of voluntary dismissal any of the factors considered by courts in the First Circuit in determining whether to grant a motion for voluntary dismissal under Rule 41(a)(2). *See Doe v. Urohealth Sys. Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (endorsing the following typical factors for courts to consider when deciding to grant a request for voluntary dismissal under Rule 41(a)(2): "'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969))).

Nonetheless, in the event the Court denies the Saint Thomas Entities' motion to strike and instead converts Plaintiffs' notices into motions for voluntary dismissal under Rule 41(a)(2), the Saint Thomas Entities do not oppose dismissal of Plaintiffs' actions as long as the dismissals do not prejudice these defendants or operate as an end-run around this Court's established bellwether procedures. Accordingly, if the Court denies the Saint Thomas Entities' motion to strike, it should dismiss Branham's and Kinsey's actions with prejudice and deem the voluntary dismissals as the PSC's exercise of two of its four bellwether strikes. *See* FED. R. CIV. P.

41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." (emphasis added)).[18]

The PSC has made clear that it does not want any of its "fear claims" to be selected as one of the first bellwether trials, despite the fact that the fear claims comprise 24 percent of the docket against the Nashville Healthcare Defendants.  The fear claims essentially contend that Plaintiffs who suffered no disease from the administration of contaminated MPA are entitled to damages based simply on their alleged fear of being injured at some undefined point in the future.  They are unquestionably the PSC's weakest category of claims.  But the weakness—or lack of merit—of those claims does not make them in any way unrepresentative.  The decision to file fear claims in such a number that they comprise almost one-fourth of the docket was made by the Plaintiffs, and the PSC should not be permitted to unilaterally prevent its weakest claims from seeing the light of day in a courtroom without consequence.

The MDL court overseeing suits arising out of allegations of formaldehyde exposure in FEMA trailers following Hurricanes Katrina and Rita considered and rejected similar attempts by plaintiffs to manipulate the bellwether process.  In *In re FEMA Trailer Formaldehyde Products Liability Litigation*, the district court for the Eastern District of Louisiana evaluated a bellwether plaintiff's motion for dismissal without prejudice.[19]  As the plaintiff's case had already been selected as a bellwether trial and served as a replacement case for another plaintiff who voluntarily dismissed her case after being selected as a bellwether, the court ordered the plaintiff's case to be dismissed with prejudice and denied the plaintiffs' motion to substitute

---

[18] Because the PSC has moved for dismissal under Rule 41(a)(2) and because the Saint Thomas Entities do not oppose dismissal as long as certain conditions are imposed on the dismissals, the Saint Thomas Entities have not addressed each of the First Circuit factors in this memorandum.

[19] *In re FEMA Trailer Formaldehyde Products Liability Litigation* ("FEMA Trailer MDL"), No. 09-2967, 2009 WL 3418128, at *1 (E.D. La. Oct. 14, 2009).

another bellwether plaintiff.[20]  In so holding, the court made clear that dismissal with prejudice was necessary to prevent other bellwether plaintiffs from voluntarily dismissing their claims at the last minute:

> Plaintiffs' counsel should take notice that all plaintiffs who assert claims in this MDL shall be ready and willing to serve as bellwether plaintiffs in this matter, if called upon to do so, as any other plaintiff would be expected to do in an ordinary case.  The claims of those plaintiffs who refuse to do so, when called upon, will be dismissed with prejudice. . . .  Not [dismissing the plaintiff's claims with prejudice] would possibly cause other bellwether plaintiffs to "jump ship" at the last minute; this is obviously a tactic that the Court does not wish to encourage.[21]

The Fifth Circuit affirmed the district court's decision to dismiss the plaintiff's action with prejudice, finding that dismissal with prejudice was a "necessary device to maintain an orderly resolution of the massed cases."[22]  In fact, had the court permitted the plaintiff to dismiss without prejudice, this would have "set a precedent that other plaintiffs could [have] use[d] to manipulate the integrity of the court's bellwether process."[23]  Instead, the Fifth Circuit stated that MDL plaintiffs have no right to "sit back" if their case is called forward:

> [The plaintiff] wanted to have his cake and eat it by withdrawing from a bellwether trial and then sitting back to await the outcome of another plaintiff's experience against the appellees.  When a plaintiff files any court case, however, sitting back is no option.  He must be prepared to undergo the costs, psychological, economic and otherwise, that litigation entails.  That the plaintiff becomes one of a mass of thousands pursuing particular defendants lends urgency to this reality.  *Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial.  Any individual case may be selected as a bellwether, and no plaintiff has the right to avoid the obligation to proceed with his own suit, if so selected.*[24]

---

[20] *Id.*

[21] *Id.*

[22] *In re FEMA Trailer Formaldehyde Prods. Liability Litig.*, 628 F.3d 157, 164 (5th Cir. 2010).

[23] *Id.* at 163.

[24] *Id.* (emphasis added).  Although Branham's and Kinsey's cases have not yet been selected for bellwether trials, the import of *In re FEMA Trailer* remains the same: Plaintiffs should not be permitted to manipulate the bellwether process without consequence.

8

Permitting dismissal of Plaintiffs Branham and Kinsey's lawsuits without prejudice and not deeming such dismissals to constitute the PSC's exercise of two of its four strikes would similarly set a precedent for other plaintiffs to sabotage the Court's bellwether process.  For example, if the Nashville Healthcare Defendants were to propose two other fear cases to replace Branham and Kinsey as bellwether candidates, the PSC could seek voluntary dismissal of the replacement fear cases.  This process could conceivably continue until all the fear claims have been voluntarily dismissed, presumably to be filed again somewhere at a later date.

The PSC should not be permitted to "have its cake and eat it too" by effectively preventing its fear claims from ever being called to trial while continuing to maintain fear claims comprising 24 percent of the docket.  Short of simply striking Branham's and Kinsey's notices of dismissal, dismissal of Branham's and Kinsey's actions with prejudice and treating such dismissals as the PSC's exercise of two of its bellwether strikes is warranted to prevent the Plaintiffs from manipulating the Court's bellwether process through procedural gamesmanship. Dismissing the claims with prejudice provides certainty to the parties and ensures that the PSC will not attempt to file such claims, or seek resolution through settlement of such potential claims, in the future.[25]  Similarly, treating such dismissals as the PSC's exercise of two out of four of its strikes puts the PSC and the Nashville Healthcare Defendants on an equal footing:  the Nashville Healthcare Defendants have already struck two outlier cases proposed by the PSC,[26] and treating the Branham and Kinsey dismissals as using two of the PSC's strikes will permit the PSC to avoid going to trial on claims that it considers unrepresentative or undesirable while at

---

[25] Though dismissals of Branham's and Kinsey's actions without prejudice would effectively operate as dismissals with prejudice because their claims are now time-barred, the fact that the statute of limitations has run has not stopped the PSC from filing other cases in the past.  *See Schulz, et al. v. Ameridose, LLC, et al.*, No. 1:13-cv-12311, *Complaint and Jury Demand* (Dkt. No. 1) at ¶¶ 159-160 (claiming injury allegedly caused by injections that occurred in June and July 2011; suit was not filed until September 19, 2013, well after the applicable statute(s) of limitation had run).

[26] *Nashville Healthcare Defendants' Notice of Exercise of Bellwether Strikes* at 2.

the same time preventing the PSC from being able to effectively "strike" any undesirable bellwether candidate case at any time through unilateral voluntary dismissal. Otherwise, the PSC could continue to voluntarily dismiss all other claims proposed by the defendants as bellwether candidate cases in lieu of, or in addition to, utilizing its strikes.[27]

## CONCLUSION

For these reasons, the Saint Thomas Entities respectfully request the Court strike Plaintiffs' Branham's and Kinsey's Notices of Dismissal. In the alternative, the Saint Thomas Entities respectfully request that the Court dismiss Plaintiffs' Branham's and Kinsey's cases with prejudice and deem the PSC to have exercised two of its four bellwether strikes.

---

[27] Dismissal with prejudice also guards against the scenario where the PSC has utilized all four of its strikes but still wishes to prevent other claims from being selected as bellwether cases. If the PSC wishes to engage in such tactics, the appropriate consequence is dismissal with prejudice.

| | |
|---|---|
| Dated: November 23, 2015 | SAINT THOMAS WEST HOSPITAL, SAINT THOMAS HEALTH, and SAINT THOMAS NETWORK |
| | |
| | By their attorneys, |
| | |
| | */s/ Sarah P. Kelly*<br>Sarah P. Kelly (BBO #664267)<br>skelly@nutter.com |
| | |
| | NUTTER McCLENNEN & FISH LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210<br>(617) 439-2000<br>(617) 310-9461 (FAX) |

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

11

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 23rd day of November, 2015.

                                                */s/ Sarah P. Kelly*
                                                Sarah P. Kelly

2937678.1