## CONSULTING PHARMACIST AGREEMENT

THIS CONSULTING PHARMACIST AGREEMENT (this "Agreement) is made this 1st day of September 2012, by and between the St Thomas NeuroSurgery Center (the "ASC") and Michael D. O'Neal, R.Ph.("Consultant").

### WITNESSETH:

WHEREAS, the ASC desires to retain Consultant to provide professional services to the ASC with regard to Pharmacy Consultation;

WHEREAS, the Consultant proposes to provide those services upon the terms and conditions as described and stated;

NOW, THEREFORE, in consideration of the premises and the mutual covenants of the parties hereto contained herein, the parties hereby agree as follows:

1. Engagement.
   The ASC hereby engages Consultant and Consultant hereby accepts such engagement upon the terms and conditions herein set forth.

   Terms And Termination
   This Agreement will be for a term of three years ("Initial Term") from the effective date and shall renew automatically ("Renewal Term") as specified in Exhibit "A". Except as provided elsewhere in this agreement, this agreement may be terminated prior to the expiration of the Initial Term or any Renewal Term by either party upon ninety (90) days advance notice.

   Either party may, at its option, terminate this Agreement, in the manner provided herein, in the event of a material breach of this Agreement by the other party. If the non-defaulting party determines that the defaulting party is in default of a material provision of this Agreement, then the non-defaulting party shall give the defaulting party written notice of the specific reasons for such determination, and the defaulting party shall have a period of thirty (30) days to cure or remedy the situation. If the defaulting party is able to cure or remedy the situation to the reasonable satisfaction of the non-defaulting party within such thirty (30) day period, then this Agreement shall continue in full force and effect. If the situation is not so cured, then the non-defaulting party may terminate this Agreement by giving written notice to the defaulting party of such termination effective as of the date set forth in such notice.

   The Facility may terminate this Agreement immediately upon the occurrence of any of the following events:
   o Pharmacist or its agents fails to provide the information and services set of this Agreement;
   o Pharmacist attempts to assign this Agreement without the facility's prior written consent;
   o Any representation or warranty made by Pharmacist or on behalf of its agents pursuant to this Agreement is false, incorrect or incomplete when made or hereafter becomes false, incorrect or incomplete;
   o The conviction of Pharmacist for any crime punishable as a felony;


EXHIBIT B

REDACTED

2. Responsibilities.

The Consultant in order to assist compliance with accreditation standards and policies established by the Governing Body, agrees to provide the following services for the Surgery Center: Consultant does not insure or otherwise guarantee the performance of the responsibilities set forth. The ASC shall defend, indemnify and hold harmless the consultant from any and all claims of liability associated with the responsibilities set forth.

    A. To serve as the Consultant Pharmacist of Record to ASC in compliance with Tennessee law.

    B. Maintain current Pharmacy Registration in the State of Tennessee.

    C. Consultant Pharmacist will visit the facility no less than every thirty five days to perform a routine inspection of all medication storage areas.

    D. To represent the Surgery Center, if requested, in on-site inspections from the State, Regulatory Agency /and or Accreditation Association, Board of Pharmacy, or Drug Enforcement Agency (DEA) in all matters related to medications is possible

    E. Direct and serve as a resource person to the Surgery Center's employees and physicians regarding the actions, interactions, compatibility, dosage, indications, and possible adverse reactions of pharmaceutical products utilized by the Surgery Center. Provide appropriate in-service training as necessary.

    F. To provide assistance to the Surgery Center in developing and evaluating, on an annual basis, appropriate policies and procedures for the safe and effective use of drugs within the facility. To also assure that policies and procedures also address State and Federal regulatory and compliance issues of drug procurement, selection, storage, distribution, use, destruction, documentation, monitoring, and record keeping as required.

    G. Work closely with the Surgery Center's designated medication nurse to establish sufficient par levels for each designated area. Supervise inventory controls for narcotics and all other drugs (orders and charts within DEA guidelines).

    H. Assist Surgery Center staff in procurement of drugs unable to be supplied by usual wholesaler or in an emergency situation.

    I. To reasonably respond to telephone requests for technical information and procedural questions, etc. requested by center management or clinical drug information for members of the nursing and medical staffs.

    J. Assist in the development for Quality Improvement Process regarding medication management related procedures and attends and participates in the quarterly Quality Improvement Process meetings when applicable and available.

K. Assist in the establishment and maintenance Surgery Center medication formulary in conjunction with the Medical Executive Committee and the facility's designated medication nurse.
L. Assist center staff in monitoring for expired medications and proper storage of all medications.
M. Oversee that proper procedure is carried out in the destruction or return of outdated or unused drugs following all DEA guidelines.
N. Oversee the surgery center's medication distribution system.
O. Oversee all required records and conducts audit checks of controlled substances perpetual inventory.
P. Will assist in the renewal and obtaining of all state and federal registrations.
Q. Oversee all IV admixture usage.

The Consultant agrees that any information received by the Consultant during any furtherance of the Consultant's obligations in accordance with this Agreement, which concerns the business, personal, financial, or other affairs of the ASC will be treated by the Consultant in full confidence and will not be revealed to any other person, firms or organization. The ASC shall be responsible to the consultant for providing the necessary information to assist in compliance with standards and policies. The ASC's failure to provide such information, including documentation and other necessary resources, shall relieve the consultant of any responsibility to assist in compliance with standards and policies.

3. Place Where Services Will Be Rendered.
The Consultant will perform most services in accordance with this Agreement at:

St Thomas NeuroSurgery Center
4230 Harding Road
Suite 901
Nashville, Tennessee 37205

4. Compensation.
Consultant will be compensated by ASC for professional activities related to provision of pharmaceutical consulting services provided to its Surgery Center in Nashville, Tennessee, according to the fee schedule described in Exhibit "A".

5. Extent of Service.
The Consultant shall devote adequate time to the services as shall be reasonably necessary to adequately fulfill its duties hereunder. It is, however, understood and agreed that the Consultant is an independent contractor and not an employee of the Surgery Center. Accordingly, the Consultant shall be responsible for payment of all taxes including Federal, State, and local taxes arising out of the Consultant's activities in accordance with this Agreement.

6. Records And Inspection
Each party hereto agrees to make available to the other party such records and information as may be necessary in order to determine payments due under this Agreement; provided, however, that all information shall be subject to all federal, state, and local requirements regarding confidentiality of medical records.

7. <u>Confidentiality.</u>

Unless otherwise required by law, both parties hereto agree to keep confidential this Agreement and not to disclose terms and conditions of this Agreement to third parties without prior written consent.

8. <u>Relationship Between Parties.</u>

It is mutually agreed that nothing herein shall be construed to create the relationship of agent, employee, partnership, joint venture, and employer and that Consultant is and shall be deemed to be an independent contractor. Consultant shall not have authority to take any actions on the ASC's behalf nor shall the ASC be bound in any manner to any action undertaken or any statement made by Consultant unless it has consented in advance in writing to such actions or statements. Consultant shall not be considered under the provisions of this Agreement or otherwise as having an employee status.

9. <u>Insurance</u>

Consultant, at her sole cost and expense, shall maintain policies of professional liability insurance, including malpractice coverage in the amount of ▇▇▇▇▇▇▇▇▇▇ for each claim and ▇▇▇▇▇▇▇▇▇▇ for aggregate claims for on occurrence. Such insurance policies shall be obtained from a reputable company authorized to sell liability insurance in the State of Tennessee.

10. <u>HIPAA Requirements</u>

Provider agrees to comply with the Health Insurance Portability and Accountability Act of 1996, as codified at 42 U.S.C. § 1320d ("HIPAA") and any current and future regulations promulgated there under including without limitation the federal privacy regulations contained in 45 C.F.R. Parts 160 and 164 (the "Federal Privacy Regulations"), the federal security standards contained in 45 C.F.R. Part 142 (the "Federal Security Regulations"), and the federal standards for electronic transactions contained in 45 C.F.R. Parts 160 and 162, all collectively referred to herein as "HIPAA Requirements". Provider agrees not to use or further disclose any Protected Health Information (as defined in 45 C.F.R. Section 164.501) or Individually Identifiable Health Information (as defined in 42 U.S.C. Section 1320d), other than as permitted by HIPAA Requirements and the terms of this Agreement.

Provider will make its internal practices, books, and records relating to the use and disclosure of Protected Health Information available to the Secretary of Health and Human Services to the extent required for determining compliance with the Federal Privacy Regulations. The ASC should provide for methods to insure compliance with HIPAA requirements and shall defend, indemnify and hold harmless consultant in connection with said requirements.

11. <u>General Provisions</u>

<u>Severability.</u> If any term, provision, covenant, or condition of this agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions herein shall remain in full force and effect and shall in no way be affected, impaired, or invalidated as a result of such decision.

<u>Notice.</u> Any notice required or permitted to be given pursuant to this agreement shall

be in writing and either shall be delivered personally or sent by certified mail with the United States Postal Services, return receipt requested, postage prepaid, or express mail addressed to the following:

If to Consultant:

Michael D. O'Neal
PO Box 128562
Nashville, TN 37212

If to ASC:

Debra Schamberg, Administrator
c/o St Thomas NeuroSurgery Center
4230 Harding Road
Suite 901
Nashville, TN 37205

If sent by registered mail, return receipt requested or express mail, such notice shall have been deemed to have been delivered to the party to whom it was addressed on the third business day after the day on which it was mailed to such party at such address.

Modification. It is expressly agreed by both parties that the terms of this Agreement and the Exhibit which has been incorporated herein comprise the entire Agreement between parties and no other agreement or understanding, oral, or otherwise, exists between the parties at the time of execution hereof. This Agreement shall not be subject to rescission, modification, or waiver except as defined in a subsequent written instrument executed by both parties hereto.

Assignability. This Agreement or any duty or obligation of performance hereunder may not be assigned, in whole or in part, by either party without prior written consent of the other party subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, representatives, successors, and permitted assigns.

Waiver. The waiver by either party of one or more defaults on the part of the other shall not be construed to operate as a waiver of any subsequent default.

Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the 1st of September 2012.

Consultant:
_____
Michael D. O'Neal
Registered Pharmacist

Date: 4/4/13

St Thomas NeuroSurgery Center:
_____
Debra Schamberg, Administrator

Date: 9-7-12

EXHIBIT "A"

SCHEDULE OF FEES

ONGOING CONSULTANT SERVICES FOR THE CONTRACT PERIOD

The Consultant Pharmacist shall provide ongoing consulting services as outlined in #3 above to assist in carrying out the center's pharmaceutical policies and procedures and maintain compliance with applicable Federal, State, and Local laws. The monthly fee for ongoing consulting pharmaceutical services is [redacted] made payable to 'Michael D. O'Neal'. This fee is to be paid within 15 days following the end of the month in which the services were provided. This contract shall be executed September 1, 2012 and carry forward thereto.

The execution of this Agreement indicates the acceptance by the undersigned parties to their respective responsibilities. All payment for services rendered shall be due 15 days from the statement date.

The full cooperation of the executive, administrative, and professional staffs of the St Thomas NeuroSurgery Center in assisting in *implementing* policies and procedures as recommended by the consultant or as required by Stature shall *be assured. The ASC shall defend, indemnify and hold harmless consultant from any and all claims arising out of this agreement.*

St Thomas NeuroSurgery Center:

_Debra Schamberg_        9-7-12
Debra Schamberg, Administrator     Date
Administrator

CONSULTANT:

_Michael D. O'Neal_        4/4/13
Michael D. O'Neal        Date
Registered Pharmacist