IN THE FIFTH CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

FILED
2013 MAY 24 AM 9:23
RICHARD R. ROOKER, CLERK
_____ D.C.

| | |
|---|---|
| WAYNE A. REED, individually and as Husband and next of kin of decedent, DIANA E. REED, <br><br> Plaintiff, <br><br> v. <br><br> SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC, HOWELL ALLEN CLINIC, a Professional Corporation, SAINT THOMAS NETWORK, SAINT THOMAS HEALTH, and ST. THOMAS HOSPITAL <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) NO. 13C417 |

## ORDER REGARDING MOTION TO COMPEL

This cause was heard on May 14, 2013 upon Plaintiff's Motion to Compel filed against Defendants Saint Thomas Outpatient Neurosurgical Center, LLC ("Saint Thomas Neurosurgical") and Howell Allen Clinic. After considering the filings by the parties, the arguments of counsel, and the entire record, the Court hereby ORDERS as follows with respect to the particular discovery requests at issue:

**Saint Thomas Neurosurgical's Responses to Interrogatories 2 & 17:** Saint Thomas Neurosurgical asserts that the identity of, and all communications with, "its pharmacist consult and any outside pharmacist regarding NECC" are privileged pursuant to Tenn. Code Ann. §§ 63-6-219, 63-1-150, and 68-11-272. The Court determined that the identity of the pharmacist is not privileged, and it ordered that such be disclosed. The Court took under advisement the issue of whether or not communications with said pharmacist are privileged. Defendants may submit a supplemental affidavit in support of its position. The Court will hear further argument on this issue on Thursday, May 16, 2013 at 2:00 p.m.

{00060390.DOC / ver: }

**Saint Thomas Neurosurgical's Response to RFP 25:** Saint Thomas Neurosurgical agreed to produce an additional 67 policies and procedures requested by the Plaintiff, and it declined to produce 10 policies and procedures identified on page 15 of its response brief. The Court ORDERS Saint Thomas Neurosurgical to produce the first nine of those policies and procedures. Plaintiff withdrew his request for the tenth item.

**Saint Thomas Neurosurgical's Responses to RFP 32-35 and Howell Allen's Response to RFP 37:** These requests ask for a variety of external and internal communications. Counsel for Saint Thomas Neurosurgical represented that it has preserved approximately 15,000 emails consisting of the email accounts for all Howell Allen employees who work at Saint Thomas Neurosurgical. At the suggestion of Plaintiff, these requests are, at present, narrowed to the email accounts of John Culclasure, M.D., Nurse Debra Schamberg, Scott Butler and Nurse Sandra Littleton. Saint Thomas Neurosurgical shall ascertain the number of emails contained in the accounts of those four people and inform Plaintiff's counsel of such. At that point, counsel should confer about whether search terms should be implemented, although the Court is not ordering that search terms be used.

**Saint Thomas Neurosurgical's Response to RFP 66 and Howell Allen's Response to RFP 69:** These requests seek the production of certain photographs. Defendants object claiming that, because the photographs were taken by defense counsel, they are non-discoverable work product. The Court finds that photographs are facts, not work product. However, to the extent that photographs may be determined to be work product, the Court finds that such constitute "ordinary or fact work product" as contemplated in Boyd v. Comdata Network, Inc., 888 S.W.3d 203 (Tenn. App. 2002). The Court further finds: (1) that the Plaintiff has demonstrated a substantial need for the photographs; and (2) that the Plaintiff is unable to obtain the information contained in said photographs, or the substantial equivalent, by other means

without undue hardship. Saint Thomas Neurosurgical and Howell Allen Clinic are ORDERED to produce the photographs.

**Howell Allen Response to Int. 2:** This interrogatory asks whether Howell Allen ever purchased medications from a compounding pharmacy, and if so, to provide various details. At the suggestion of the Plaintiff, this interrogatory is narrowed to go back in time for five years ending October 1, 2012. The question is further limited to the purchase of steroids. With those limitations, Howell Allen shall provide a complete response.

**Howell Allen Response to RFP 13:** This request asks for emails, protocols, procedures, memoranda, guidelines, and/or correspondence related to notifying or contacting patients who received steroid injections obtained from NECC. With regard to emails, the parties shall follow the protocol outline above regarding the email accounts of Dr. Culclasure, Nurse Schamberg, Mr. Butler and Nurse Littleton. With regard to protocols, procedures, memoranda and/or guidelines, the request is limited to those items which were in effect as of September 18, 2012 and/or which became effective after that date. With respect to correspondence, the Defendants may produce an example of each letter sent to patients. With those limitations, all non-privileged information shall be produced. Any documents not produced due to a claim of privilege shall be individually identified on a privilege log with sufficient description that will enable opposing counsel to evaluate the claim of privilege.

**Howell Allen Response to RFP 27:** This request asks for Howell Allen's policies and procedures. Howell Allen shall produce an index for its policies and procedures. Plaintiff may then designate those items that he wishes to be produced. Howell Allen shall then produce the designated policies and procedures absent some extraordinary reason to the contrary.

**Howell Allen Response to RFP 31:** This request seeks information about Howell Allen's purchase and use of MPA or other steroids. Howell Allen shall produce the requested information going back for a period of five years from October 1, 2012.

**Howell Allen Response to RFP 32:** This request asks for documents addressing epidural steroid injections performed at Howell Allen and/or Saint Thomas Neurosurgical. This request should be limited in time to a period of five years ending October 1, 2012. With that limitation, Howell Allen shall produce the requested information.

**Howell Allen Response to RFP 33:** Plaintiff withdrew his motion with respect to this request with the understanding that it may or may not be necessary to take this request up at some point in the future.

**Howell Allen Response to RFP 34:** Plaintiff withdrew his motion with respect to this request with the understanding that it may or may not be necessary to take this request up at some point in the future.

**Howell Allen Response to RFP 35:** This request asks for communications between Howell Allen and various governmental agencies relating to NECC's recall of MPA and/or the fungal meningitis outbreak. Defense counsel is directed to identify those key individuals at Howell Allen who communicated with government agencies about those topics. Defendants' objection is overruled. Howell Allen shall produce the requested information.

**Howell Allen Response to RFP 36:** Plaintiff withdrew his motion with respect to this request with the understanding that it may or may not be necessary to take this request up at some point in the future.

**Saint Thomas Neurosurgical's Response to RFP 56:** This request asks for Saint Thomas Neurosurgical's corporate records. This request is hereby limited to a period of five years ending October 1, 2012. With respect to corporate board minutes, privileged information

may be redacted, provided that such information is specifically listed on a privilege log with sufficient description that will allow the claimed privilege to be evaluated. All other information should be produced.

   This the ____ day of _____, 2013.

                _____
                CIRCUIT JUDGE

Respectfully submitted,

LEADER, BULSO & NOLAN, PLC

By: _____
George Nolan (No. 14974)
William D. Leader, Jr. (No. 9531)
414 Union Street, Suite 1740
Nashville, Tennessee 37219
(615) 780-4114

**and**

William H. Lassiter, Jr. (No. 2258)
John Overton Belcher (No. 18335)
Lassiter Tidwell & Davis
150 4th Avenue North, Suite 1850
Nashville, TN 37219
(615) 259-9344

*Attorneys for Plaintiff*



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by Email and U.S. Mail, postage prepaid, to:

C.J. Gideon, Jr.
Chris J. Tardio
Gideon, Cooper & Essary, PLC
315 Deaderick Street, Suite 1100
Nashville, TN 37238

Mary M. Bers
Joseph Ahillen
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

Mark P. Chalos
Lieff, Cabraser, Heimann & Bernstein, LLP
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2423

this 15th day of May, 2013.

Lela Hollabaugh
Amy D. Hampton
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, TN 37203

John O. Belcher
Lassiter, Tidwell & Davis PLLC
One Nashville Place
150 Fourth Avenue North, Suite 1850
Nashville, TN 37219

_____
George Nolan