**EXHIBIT 4**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | | |
|---|---|---|
| In re NECC PRoduct Liability LItigation (MDL) | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL No. 2419 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Dr. Adam Reig, Howell Allen Clinic, 2011 Murphy Ave., Suite 301, Nashville TN 37203

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Branstetter, Stranch, and Jennings PLLC | Date and Time: |
|---|---|
| 223 Rosa Parks Ave., Suite 200, Nashville, TN 37203 | 12/23/2015 1:00 pm |

The deposition will be recorded by this method:      Stenographically and/or Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All medical records for Lewis Ray Sharer, and all documents collected by you or your counsel from the releases provided by Lewis Ray Sharer with his plaintiff profile forms in the above-styled litigation.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/30/2015

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs _____ , who issues or requests this subpoena, are:
Benjamin A. Gastel, Branstetter, Stranch & Jennings PLLC, Nashville, TN 37203, 615-254-8801

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL No. 2419

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ) | | |
| ) | | |
| **IN RE:  NEW ENGLAND** ) | | **MDL No. 1:13-md-2419-FDS** |
| **COMPOUNDING PHARMACY, INC.** ) | | |
| **PRODUCTS LIABILITY LITIGATION** ) | | |
| ) | | |
| **This Document Relates To:** ) | | |
| ) | | |
| **All Actions** ) | | |
| ) | | |
| ) | | |

## THIRD AMENDED PROTECTIVE ORDER OF CONFIDENTIALITY

This is an amended version of the Second Amended Stipulated Protective Order of Confidentiality, entered on January 15, 2014 (Docket # 784).  This Order is issued under Federal Rule of Civil Procedure Rule 26(c) to protect the confidentiality of non-public, confidential and sensitive information that may be disclosed in connection with the above-captioned coordinated proceedings (hereinafter the "Litigation").

This Order applies to all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of February 12, 2013, any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel, all related actions originally filed in this Court or transferred or removed to this Court, and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

Any party or person subject to this order, including, without limitation, the parties to the Litigation, their representatives, agents, experts and consultants, witnesses, non-parties who provide "Discovery Materials" as that term is defined in paragraph 1, below, and all other

interested persons with actual or constructive notice of this Order shall adhere to and abide by the following terms and conditions upon pain of contempt.

1. This Order applies to all materials produced in this Litigation in response to document requests served under Rule 34 of the Federal Rules of Civil Procedure, answers to request for admissions served under Rule 36 of the Federal Rules of Civil Procedure, answers to interrogatories served under Rule 33 of the Federal Rules of Civil Procedure, documents produced in this Litigation pursuant to subpoenas served under Rule 45 of the Federal Rules of Civil Procedure, and transcripts (including exhibits) of depositions taken in this Litigation under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure; similar material produced in this Litigation pursuant to statutes, laws or rules of any other relevant jurisdiction; and materials produced informally in this Litigation by parties or non-parties to this Litigation (hereinafter "Discovery Material")

2. Parties or persons producing Discovery Material, including non-parties to this litigation, ("producing party") may designate as "Confidential Discovery Material" information the producing party believes is entitled to protection pursuant to this Order. Subject to the right of a party to object to the designation of information as "Confidential Discovery Material," the following information shall be designated "Confidential Discovery Material":

> A.   Patient identifying information and healthcare information including but not limited to diagnosis, dates of treatment, treatment rendered and prescribed medication contained in any Discovery Material not otherwise authorized for disclosure pursuant to written authorization. The producing party shall not be required to redact patient identifying information and healthcare information protected by this Order;
>
> B.   Trade secrets, or other confidential or proprietary research, development, manufacturing or commercial or business information;

2

C.   Proprietary licensing, distribution, marketing, design, development, research, testing and compounding information regarding products and compounds, whether previously or currently marketed or under development;

D.   Non-public clinical studies and related documents and other information to the extent not otherwise published or previously released;

E.   Information concerning competitors;

F.   Compounding information;

G.   Personnel records and information;

H.   Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure;

I.   Personal information of a sensitive nature, including medical records, sensitive financial information and other information which justice requires to protect in order to prevent annoyance, embarrassment or oppression;

J.   Non-public sales and profits information; and

K.   Other information containing the indicia of confidential or proprietary data.

3.   A.   Confidential Discovery Material will be used only in the Litigation or the Chapter 11 proceeding of New England Compounding Pharmacy, Inc. (the "NECC Bankruptcy Proceedings"), including any appeals thereof. Confidential Discovery Material shall not be disclosed except in accordance with the terms of this Order.  Any person subject to this Order who receives from any other person any "Discovery Material" that is designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order, as set forth in paragraph 4 below, shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

B.   Prior to giving access to Confidential Discovery Material to any person

3

falling within subparagraphs 7.G., J., or K., counsel for the party or person intending to disclose such Confidential Discovery Material shall furnish a copy of this Order to the person being given access. Any person falling within subparagraphs 7.G, J., or K., being given access to Confidential Discovery Material shall execute a copy of this Protective Order in the space provided on Exhibit A. The counsel obtaining the signature on Exhibit A shall retain a signed copy during the pendency of the Litigation.

4.    A.    Confidential Discovery Material, shall be clearly marked with the designation: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter, "Confidentiality Designation").

B.    To the extent that Confidential Discovery Material consists of physical items or materials other than documents or writings, said Confidential Discovery Material shall, to the fullest extent practicable, conspicuously bear the Confidentiality Designation such that said language is readily observable and linked to the item.

C.    To the extent that matter existing, stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any party in such form, the producing party or person may designate such matters as confidential by cover letter referring generally to such matter. The producing party or person may take such measures as are reasonably necessary to ensure that said data bears the Confidentiality Designation, or is otherwise identified as Confidential

Discovery Material (*i.e.* by way of legend of transfer media, electronic watermark, or other similar means).

        D.      Confidentiality Designations shall be affixed in such a manner as to not obliterate or obscure any written matter or interfere with the reading or validation of any electronic files.

        E.      To the extent possible, no original documents may be altered with a Confidentiality Designation. Only copies of original documents may be marked with a Confidentiality Designation. If an original document is to be produced, the producing party must give written notice at the time of its production that the document is an original. If the producing party asserts confidentiality over the original document, that must be done at the time of production in a written statement accompanying the document.

        F.      In the case of deposition testimony, confidentiality designations shall be made within 30 days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition, including all testimony therein and exhibits thereto (except for exhibits that were previously produced without being marked confidential), shall be treated as confidential under this Order. After the expiration of the 30-day period, only the specific page(s) and line number(s) and exhibits designated as being confidential, if any, shall be treated as confidential.

        5.      In the event that any question is asked at a deposition which a party or nonparty asserts calls for confidential information, such question may nonetheless be answered by the

witness fully and completely, to the extent required by law. Counsel for the witness or counsel for any party believing that the testimony is entitled to protection pursuant to this Order, shall, either at the conclusion of the deposition or within 30 days after receipt of the transcript thereof, notify all counsel on the record or in writing, that the information provided in such testimony is confidential.

6.   A.   Confidential Discovery Material shall be used solely for the purposes of prosecuting or defending civil claims in this Litigation or for purposes of administering the NECC Bankruptcy Proceedings, including but not limited to development and approval of a Chapter 11 plan, and for no other purpose without prior written approval from the Court, the United States Bankruptcy Court for the District of Massachusetts before which the NECC Bankruptcy Proceeding is pending (the "Bankruptcy Court"), or the prior written consent of the producing party or person.

B.   All parties or persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Order consent to the continuing jurisdiction of the Court and Bankruptcy Court for the purposes of enforcing this Order and remedying any violations thereof. Such jurisdiction shall continue after the conclusion of the Litigation.

7.   Confidential Discovery Material shall not be disclosed except as specifically described below:

A.   The Court and Bankruptcy Court, including court personnel, jurors, mediators, special masters and alternate jurors, may receive Confidential Discovery Material.

B.   Any appellate courts hearing appeals arising out of the Litigation or the

NECC Bankruptcy Proceedings may receive Confidential Discovery Material.

      C.     With respect to actions transferred to this Court pursuant to order of the Judicial Panel on Multidistrict Litigation and subsequently remanded, the original transferor court, including court personnel, jurors, mediators, special masters and alternate jurors, may receive Confidential Discovery Material.

      D.     With respect to Confidential Discovery Material produced by plaintiffs,

      i.     the Chapter 11 Trustee appointed in the NECC Bankruptcy Proceedings (the "Trustee"), including counsel for the Trustee, may receive Confidential Discovery Material;

      ii.     the members of the Official Unsecured Creditors' Committee appointed in the NECC Bankruptcy Proceedings ("OCC"), including counsel for the OCC, and counsel for OCC members, may receive Confidential Discovery Material;

      iii.     any legal counsel working on behalf of any plaintiff or defendant may receive Confidential Discovery Material; and

      iv.     any and all paralegals, clerical, secretarial, and other staff employed or retained by anyone described in Paragraphs 7.D.i-iii above may receive Confidential Discovery Material.

      E.     With respect to Confidential Discovery Material produced by any defendant or any third party pursuant to subpoena,

      i.     attorneys on the Plaintiffs' Steering Committee in this Litigation may receive Confidential Discovery Material;

        ii.     the Trustee and counsel for the Trustee may receive Confidential Discovery Material;

        iii.     the OCC and Counsel for the OCC and OCC members may receive Confidential Discovery Material;

        iv.     any legal counsel working on behalf of any plaintiff or defendant may receive Confidential Discovery Material; and

        v.     any and all paralegals, clerical, secretarial, and other staff employed or retained by anyone described in Paragraphs 7.E.i-iv above may receive Confidential Discovery Material.

        F.     Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts, may receive Confidential Discovery Material.

        G.     Retained experts, advisors, and consultants, including persons directly employed by such experts, advisors and consultants, (collectively "experts/consultants"), may receive Confidential Discovery Material, but only to the extent necessary to perform their work in connection with this Litigation or the NECC Bankruptcy Proceedings. Before any Confidential Discovery Material may be disclosed or otherwise provided, directly or indirectly, to an Expert/Consultant such person must execute and agree to the terms of the Endorsement of Stipulated Protective Order of Confidentiality attached hereto at Exhibit A, and shall:

        i.     maintain such Confidential Discovery Material in a manner calculated to prevent its public disclosure;

        ii.     destroy or return such Confidential Discovery Material to counsel for the Party that retained such Expert/Consultant within 90 days

of the conclusion of the Expert/Consultant's assignment or retention, but in no event shall the Expert/Consultant retain documents beyond the period set out in Para 18 below;

iii.    not disclose such Confidential Discovery Material to anyone, or use such Confidential Discovery Material, except as permitted by this Order; and

iv.    submit to the jurisdiction of this Court and the Bankruptcy Court for purposes of enforcing this Order.

H.    As to any document, its author, its addressee, or any other person indicated on the face of the document as having received a copy of same at any time may receive Confidential Discovery Material.

I.    Such persons as the producing party shall consent to in writing before the proposed disclosure may receive Confidential Discovery Material.

J.    Any person whose testimony has been noticed or subpoenaed, or who has been designated as a witness at a deposition or at trial in this Litigation may receive Confidential Discovery Material. Confidential Discovery Material may be disclosed to such persons before, during, or after their testimony, so long as the disclosure is made in good faith and prior to the disclosure, the witness has expressly agreed to abide by the terms of this Order as set forth in paragraph 3.A, or has been shown a copy of this Order, made aware of its terms, conditions, and applicability, and advised that the witness is bound thereby.

K.    The parties may view Confidential Discovery Material so long as prior to the disclosure the individual wishing to view the material has agreed to abide by the terms of this Protective Order as set forth in paragraph 3.A.

L.    Liability insurers for the parties, may view Confidential Discovery

Material so long as prior to the disclosure, the individual wishing to view the material has agreed to abide by the terms of this Order as set forth in paragraph 3.A.

       M.    Such other persons or authorities as the Court or Bankruptcy Court orders or directs may receive Confidential Discovery Material.

    8.    All outside counsel, in-house counsel, in-house paralegals and the employees and assistants of all counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in accordance with the terms of this Order.

    9.    Disclosure of Confidential Discovery Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court or Bankruptcy Court may deem appropriate.  The Court may, in its discretion, refer any such matters to Bankruptcy Court for disposition or withdraw the reference of such matter from the Bankruptcy Court.

    10.    A.    In the event that the producing party inadvertently fails to designate Discovery Material as confidential, it may at any time, make a Confidentiality Designation subsequently by notifying all parties or persons to whom such Discovery Material was produced, in writing, as soon as practicable. After receipt of such notification, the parties or persons to whom the production has been made shall treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with this paragraph. Upon written agreement or order of the Court or Bankruptcy Court that Discovery Material shall

be treated as confidential, the producing party or person shall re-produce the Discovery Material with a new bates number, and with a Confidentiality Designation.

        B.     If at any time a party wishes for any reason to dispute a Confidentiality Designation, such party shall notify the designating party of such dispute in writing, specifying the Discovery Material in dispute and the nature of the dispute. If the parties are unable amicably to resolve the dispute, the disputing party may apply by motion to the Court or Bankruptcy Court for a ruling as to whether the designated Discovery Material may properly be treated as confidential. The Court may, in its discretion, refer any such matters to Bankruptcy Court for disposition or withdraw the reference of such matter from the Bankruptcy Court.

The designating party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

        C.     All Discovery Material designated as confidential under this Order, whether or not such designation is in dispute pursuant to subparagraph 10.A above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

          i.     the producing party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

         ii.     this Court or Bankruptcy Court enters an Order that the matter shall not be entitled to confidential status and that Order is not subject to an appellate stay within 20 days after it is issued.

        D.     In the event that Discovery Material marked as confidential loses its confidential status, that Discovery Material shall not be treated as confidential.  Upon request,

the producing party shall re-produce the Discovery Material with a new bates number, and without a Confidentiality Designation.

11.     Any non-party may subscribe to and invoke the terms and protections of this Order by designating Discovery Materials that the non-party is producing (whether written documents, deposition testimony, or other) as set forth in paragraph 4.

12.     Any party reasonably and in good faith wishing to file any material previously designated by any party as Confidential Discovery Material ("submitting party"), shall contemporaneously file a Motion to Seal such Confidential Discovery Material using the following procedures:

(a)     The submitting party shall fully comply with the requirements of Local Rule 7.1 and certify that it has conferred and attempted in good faith to resolve or narrow the issues on the Motion to Seal with the parties that have designated the Confidential Discovery Material ("designating parties"). Prior to such conference, the submitting party shall identify to the designating parties all papers to be filed that are designated as containing Confidential Discovery Material. During such conference, or within three days thereof, the designating parties shall identify the specific text or content of each paper to be filed that the designating parties believe, in good faith, to constitute Confidential Discovery Material. The submitting party may then only file versions or copies of such papers that have been sufficiently redacted to entirely remove or obscure all of the specific text or content identified by the designating parties as constituting Confidential Discovery Material. If the designating parties have not made such

identification within the three day period, the submitting parties shall only file copies or versions of the papers that entirely redact or obscure all text and content.

(b)     Upon the filing of the redacted paper, the submitting party shall file the Motion to Seal and a supporting Declaration (1) identifying the submitting party, (2) referencing this Order, (3) describing the general nature and purpose for submitting the paper (*i.e.*, exhibit to declaration in support of motion, etc.), (4) identifying the designating parties, and (5) whether the designating parties have identified the specific text or content constituting Confidential Discovery Material.

(c)     Promptly after the filing, the submitting party shall deliver to the Court complete, unredacted versions or copies of such papers in a sealed envelope, addressed to chambers, and clearly marked, "FILED UNDER SEAL." Such unredacted papers shall be accompanied by a copy of the Declaration supporting the Motion to Seal.

(d)     Any party shall have the opportunity to submit papers supporting or opposing the Motion to Seal. The papers supporting or opposing the Motion to Seal shall fully comply with applicable rules and orders and shall be served and filed in redacted form complying with subparagraphs (a) through (c) above. If the redacted paper is filed in connection with a motion or proceeding for which a responding period is provided by applicable rule or order, the papers supporting or opposing the Motion to Seal shall be filed within that time period, or any extension thereof. If no responding time period is otherwise provided, papers supporting or opposing the Motion to Seal shall be served and filed within 7 days of the filing of the redacted paper. No additional papers may be filed in connection with the Motion to Seal

13

except upon leave of Court. Confidential Discovery Material may not be filed with, or as any part of, an emergency paper or application, unless such emergency paper or application provides sufficient notice to designating parties for full compliance with the requirements of this Order. Nothing in this paragraph shall change the deadline for the responding party to file any opposition or response to the underlying pleading filed with the Motion to Seal.

(e)     All unredacted papers containing Confidential Discovery Material submitted to the Court pursuant to this Order shall be presumptively sealed and kept under seal unless and until otherwise ordered by this Court.

(f)     The decision or Order of this Court with respect to the Motion to Seal shall not affect any designation of Confidential Discovery Material or application of any other provision of this Order, unless the Court orders the Confidential Discovery Material to be un-designated as such.

(g)     If the Court orders that papers containing Confidential Discovery Material  be sealed, the material shall remain under seal until further order of the Court. However, said Confidential Discovery Material and other papers filed under seal shall be available to the Court and to all other persons entitled to receive the Confidential Discovery Material under the terms of this Order.  Nothing contained herein shall prejudice the right of any party from subsequently challenging the propriety of any sealing upon a showing of good cause.

13.     A.     Nothing in this Order shall prevent or restrict counsel for any party or person in any way from inspecting, reviewing, using or disclosing any Discovery Material

14

produced or provided by that party or person, including Discovery Material designated as confidential.

        B.      No disclosure pursuant to this paragraph shall waive any rights, privileges or protection of any party granted by this Order.

      14.    This Order shall not:

        A.      enlarge or otherwise affect the proper scope of discovery;

        B.      restrict a party's right to object to a specific Discovery Request;

        C.      be read to imply that Discovery Material designated as confidential under the terms of this Order is properly discoverable, relevant or admissible in this or any other litigation.

      14.1    Nothing in this Order is intended to waive or affect the applicability of any privilege, work-product protection, or other protection provided by law.  The parties may redact or withhold privileged or protected items, provided that they produce a privilege log or similar accounting of such items in accordance with Fed. R. Civ. P. 26(b)(5), the Local Rules of the United States District Court for the District of Massachusetts, and any relevant order of the Court..

      15.    The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.  Any party who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to trial, serve upon counsel for the designating party a written notice stating with particularity such request and the grounds

therefore. If agreement cannot be reached promptly, the party seeking the additional or different

protection may apply by motion to the Court for a ruling as to whether the disputed material

shall be afforded the additional or different protection.

16.     All counsel of record in this Litigation shall make a good faith effort to comply

with the provisions of this Order and to ensure that their clients do so. In the event of a change in

counsel, outgoing counsel shall fully instruct new counsel of their responsibilities under this

Order.

17.     The terms of this Order shall survive and remain in effect after the termination of

this Litigation. The parties shall take such measures as are necessary and appropriate to prevent

the public disclosure of Confidential Discovery Material, through inadvertence or otherwise,

after the conclusion of this Litigation.

18.     Within 30 days of the termination of both this Litigation and NECC  Bankruptcy

Proceedings, including all remands and appeals, the parties shall return to counsel for the

producing party the Confidential Discovery Material produced by that producing party including

all copies thereof.  Alternatively, the parties may agree upon appropriate methods of destroying

Confidential Discovery Material.  However, Confidential Discovery Material that is maintained

by counsel as an exhibit to a document that had been filed with the Court and/or Bankruptcy

Court is not subject to this paragraph.  Whether the Confidential Discovery Material is returned

or destroyed, the receiving party must submit a written certification to the producing party (and,

if not the same person or entity, to the designating party) within 30 days that identifies (by

category, where appropriate) all Confidential Discovery Material that was returned or destroyed

and that affirms that the receiving party has not retained any copies, abstracts, compilations,

summaries or other forms of reproducing or capturing any of the Confidential Discovery

Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all

pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

product, even if such materials contain Confidential Discovery Material.  Any such archival

copies that contain or constitute Confidential Discovery Material remain subject to this Order.

However, except as otherwise attached to pleadings or depositions obtained pursuant to this

paragraph, copies of Confidential Discovery Material shall not be retained.

      19.     If Confidential Discovery Material in the possession of a receiving party is

subpoenaed by any court, administrative or legislative body or authority, or any other person or

organization purporting to have authority to subpoena information, other than this Court or the

Bankruptcy Court, the party to whom the subpoena is directed shall not, to the extent permitted

by applicable law, provide or otherwise disclose such documents or information without first

notifying counsel for the producing party in writing of:  (1) the information and documentation

sought by subpoena; (2) the date on which compliance with the subpoena is requested; (3) the

location at which compliance with the subpoena is requested; (4) the identity of the party serving

the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil

action or other identification number or other designation identifying the litigation,

administrative proceeding or other proceeding in which the subpoena has been issued.  Said

notification shall be made to counsel for the producing party or person no later than 5 days from

the date upon which the subpoenaed party first received notice of the subpoena.  No Confidential

Discovery Material may be disclosed, if within 7 days of receipt by the producing party or

person of notice of the subpoena, such producing party or person intervenes and objects to the

disclosure.

20.     Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, joint interest communication privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party or person shall promptly notify the receiving party in writing of such inadvertent production.  If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or person, or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court.  The party returning such material may move the Court or Bankruptcy Court for an order compelling production of the material.

21.     This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial.  Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern use of such Confidential Discovery Material at a hearing or trial.

21.1    Nothing in this Order is intended to waive or affect any rights provided by Tennessee Code Annotated 29-26-121 or any similar state law.  For good cause shown, the Court may issue separate and/or supplemental protective orders applicable only to cases arising in a

particular state jurisdiction.

22.     This Order shall not prevent persons bound hereby from making use of information or materials without the restrictions of this Order if the information or materials (a) are already lawfully in the public domain or are otherwise lawfully available to the public; (b) were produced in this or in any related state or federal court litigation or administrative proceeding in which such information was not designated as "confidential" or "proprietary" or subject to a protective order or court order as "confidential" or "proprietary" otherwise subject to confidential or proprietary treatment; or (c) where there has been a final determination from any Court (including any appeal from a ruling or order) that the Discovery Material is not confidential.

23.     Nothing in this Order is intended to prevent any party or other person subject to the order from seeking relief from the order, or a modification of its terms, in a particular matter should the circumstances so require.  Any party may attempt to seek relief from this Order by filing a motion with the Court or Bankruptcy court.  The Court may in its discretion refer any such matters to Bankruptcy Court for disposition or withdraw the reference of such matter from the Bankruptcy Court.

24.     Decisions made by this Court related to Confidential Discovery Material, shall be enforceable in the Bankruptcy Court, and *vice versa*, unless good cause is shown to not allow the enforcement.

25.     This Protective Order and any counterpart to this Order entered by the Bankruptcy Court shall be read *in pari materia*.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  January 27, 2014

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| )<br>)<br>**IN RE:  NEW ENGLAND** )<br>**COMPOUNDING PHARMACY, INC.** )<br>**PRODUCTS LIABILITY LITIGATION** )<br>)<br>**This Document Relates To:** )<br>)<br>**All Actions** )<br>)<br>) | **MDL No. 1:13-md-2419-FDS** |

### ENDORSEMENT OF THIRD AMENDED
### PROTECTIVE ORDER OF CONFIDENTIALITY

I hereby attest to my understanding that information or documents designated

confidential are provided to me subject to the Third Amended Order of Confidentiality dated

January 27, 2014 (the "Protective Order"), in the above-captioned litigation; that I have been

given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I

also understand that my execution of this Endorsement, indicating my agreement to be bound by

the Protective Order, is a prerequisite to my review of any information or documents designated

as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective

Order, any Confidential Discovery Material, in any form whatsoever, and that such Confidential

Discovery Material and the information contained therein may be used only for the purposes

authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the

confidentiality of such Confidential Discovery Material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, District of Massachusetts, for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.


Dated: _____        Signed: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) MDL No. 13-2419-RWZ |
| This Document Relates To: | ) ) |
| All Actions | ) ) ) |

MDL Order No. 10
DEPOSITION PROTOCOL

September 18, 2014

Boal, M.J.

This Deposition Protocol shall govern cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation pursuant to its order of February 12, 2013, entitled New England

Compounding Pharmacy, Inc. Products Liability Litigation, any tag-along actions transferred by

the Panel after that date, and any related actions previously assigned to this Court. This

Deposition Protocol is limited in scope to the discovery issues addressed herein. Additional

discovery issues may need to be addressed in subsequent orders. For purposes of this Deposition

Protocol, depositions of "Common Witnesses" and depositions on "Common Issues" shall refer

to depositions of fact witnesses with knowledge of issues that pertain to all or a substantial

number of cases in the Multidistrict Litigation ("MDL"), as opposed to depositions of witnesses

with knowledge on issues pertaining to a single case or a small number of cases.

Should this Deposition Protocol need to be amended or additional provisions included to

address issues with case-specific discovery and expert discovery, the parties shall meet and

confer to amend or add to this protocol. If the parties cannot agree, they may submit any remaining disputes to the Court.

## I.  GENERAL PROVISIONS

### A.  Lead Deposition Counsel

For purposes of scheduling and coordinating depositions, the MDL Plaintiffs shall designate a Lead Deposition Counsel for all depositions.  For each deposition or set of related depositions particular to a Defendant, to the extent possible, the Defendants shall designate Lead Deposition Counsel for purposes of scheduling and coordination of the deposition(s).[1]  Plaintiff depositions, third-party depositions, and depositions of employees, representatives, and former employees of the Defendants in this MDL action, and matters related to the conduct of these depositions shall be coordinated, to the extent possible, by Lead Deposition Counsel for Plaintiffs and Lead Deposition Counsel for Defendants, or their designees.  The name and contact information for any designee shall be promptly communicated to the other parties.  Additionally, counsel for a particular deponent shall be included in coordination of the deposition of that deponent.  Counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  Nothing in the Deposition Protocol shall be construed to allow counsel for other parties or witnesses to participate in the preparation of a party witness already represented by counsel.

### B.  Deposition Notices

1.  *Notice of Deposition Procedures.*  A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena to testify at a deposition, issued or served in these MDL proceedings.

---

[1] Representation for purposes of taking and defending depositions is discussed in Section II(A).

2.    *Contents of Notice.* Information shall be provided as required by Fed. R. Civ. P. 30. Each deposition notice shall include the name of each deponent and the date, time and place of the deposition. If the notice asks the deponent to produce documents or information, or if the witness may be asked about documents that may contain confidential information, the witness shall be provided with a copy of the Third Amended Protective Order (Docket No. 814, or any additional amendments made by the Court thereto) (the "Protective Order").

**C.    Scheduling**

1.    The parties and the Court desire to minimize the expense and inconvenience of this litigation. Accordingly, all depositions of fact and expert witnesses taken in this MDL will be treated as if cross-noticed and taken in each of the individual cases in this MDL and all actions prosecuted by counsel having made an appearance in the MDL. In no event shall witnesses be deposed on multiple occasions on the same subjects in connection with these MDL proceedings without leave of Court and for good cause shown.

2.    Plaintiffs and Defendants' Lead Deposition Counsel shall attempt to establish by mutual agreement a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any party to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Court.

3.    If a party decides to take a deposition before all of the documents have been produced, they do so at their own risk and will not be allowed to re-depose the witness simply because additional documents were produced after the deposition absent agreement of the parties or permission from the Court for good cause shown. Production of additional documents alone shall not constitute good cause.

### D.     Cooperation

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

### E.     Attendance

Unless otherwise ordered under Fed. R. Civ. P. 26 (c), and subject to the restrictions set forth below, depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee ("PSC"), attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent.  Without agreement of the parties, no more than ten (10) Plaintiffs' counsel, including members of the PSC, may attend in person any deposition.  Nothing in the Joint Deposition Protocol shall be construed to limit the ability of counsel for a defendant to attend a deposition.  While the deponent is being examined about any material designated Confidential, persons to whom disclosure is not authorized under the Protective Order shall be excluded from the deposition, except that counsel for any Plaintiff or the deponent shall not be so excluded.  Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

### F.     Fed. R. Civ. P. 30(b)(6) Deposition

A party noticing a deposition of an entity pursuant to Fed. R. Civ. P. 30(b)(6) shall provide a list of topics for the deposition with reasonable particularity at least thirty (30) days in advance of the deposition in order to allow time for the noticed party to object to any of the topics and for the identification and preparation of person(s) designated to testify on such noticed topics.  The noticed party shall submit its objections, if any, within fourteen (14) days of the

receipt of the 30(b)(6) deposition notice.  Counsel for the deponent and the PSC may waive the

aforementioned 30-day notice period.  A party or non-party asked to provide a designee pursuant

to a Fed. R. Civ. P. 30(b)(6) deposition notice shall provide notice of the name(s) of the

individual(s) to be produced for deposition at least 7 days prior to commencement of the

deposition, setting forth the matters upon which each person will testify.

## II.    CONDUCT OF DEPOSITIONS

### A.    Examination

Except in depositions that have been cross-noticed in actions pending in state court and

without reference to the participation of coordinating counsel from the state court actions,

questioning should ordinarily be conducted by no more than two attorneys for all MDL

plaintiffs.  Lead Deposition Counsel for Plaintiffs may designate typically no more than two

attorneys representing personal injury Plaintiffs to participate in the questioning during each

deposition.  As it relates to a deposition conducted under Rule 30(b)(6) only, Lead Deposition

Counsel for Plaintiffs may designate additional counsel for specific subject areas, and Lead

Deposition Counsel shall inform counsel for the deponent at least 5 days before such deposition

whether additional counsel will cover specific subject areas previously noticed and the specific

subject areas additional counsel will cover.  Counsel should endeavor to avoid asking the same

or repetitive questions.

Counsel for the Unaffiliated Defendants[2] shall endeavor to designate two attorneys (not

including, where applicable, the Defendant deponent's counsel) to represent the Unaffiliated

Defendants during each deposition and participate in the deposition on behalf of all Unaffiliated

---

[2] "Unaffiliated Defendants" refers to Defendants who are not affiliated with New England
Compounding Pharmacy, Inc. ("NECC").

Defendants. However, given the disparate interests of all Unaffiliated Defendants, this may not be possible.

Counsel for the Deponent shall "defend" the deposition. An objection by one party reserves the objection for all parties. All objections, except those which would be waived if not made at the deposition, are preserved and need not be made during the course of a deposition.

Each Deponent noticed during Common Issue phase discovery may only be deposed one time and his, her or its deposition applies to all cases pending in this MDL. Additional Plaintiffs and/or their counsel in this MDL may not re-notice or take the deposition of any Common Issue phase witness who has already testified except upon a showing before the Court of good cause and consistent with the Federal Rules of Civil Procedure.

**B.**     **Documents Used in Connection with Deposition.**

1.     *Marking of Deposition Exhibits.* All documents previously produced in the course of this litigation and used as exhibits with witnesses from a particular Defendant or non-party witness shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document repositories. Documents that have not been previously produced in the course of this litigation shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be produced at the conclusion of the deposition. Any documents marked as Exhibits during depositions shall be marked consecutively, (i.e. "Plaintiff Exhibit 1"), through the discovery phase such that if the first deposition ends with exhibit 11, then the first exhibit to the second deposition will start with exhibit 12. Whenever possible, previously marked exhibits should be used in subsequent depositions, rather than using a new exhibit number for the same exhibit.

6

2.      The party who notices a deposition and/or the selected attorneys who will handle the examination shall strive to bring at least seven (7) copies of all non-introduced exhibits anticipated to be used for the deposition. It is understood that there will be certain instances (such as follow-up or to respond to the deponent's testimony) when the examining attorney(s) may need to introduce an exhibit that he or she did not anticipate and therefore may not have multiple copies available, and failure to bring the relevant copies shall not act as a bar to the introduction of such exhibit.

C.      **Limits on Duration and Number of Depositions**

1.      Absent permission from the Court or agreement of the parties, depositions shall be limited to one (1) day of seven (7) hours pursuant to Fed. R. Civ. P. 30(d)(1). Depositions should not typically begin before 9:00 a.m. and should typically conclude by 5:30 p.m. in the local time zone.

2.      The PSC and each Defendant shall meet and confer to discuss a limit to the number of Common Witness depositions from that Defendant's employees, agents, former employees, and/or former agents. If the parties cannot agree on a limit, the Defendant may move for a protective order.

D.      **Location for Depositions**

Defense counsel will make reasonable efforts to seek agreement of former employees of defendants to appear at designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

**E.**     **Coordination with State Court Actions, Cross-Noticing and Avoidance of Duplicative Depositions**

1.      *Coordination with State Court Actions.* In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for Plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court Plaintiffs. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

2.      *Cross-Noticing.* Any deposition in this MDL may be cross-noticed by any party in any clinic-related action pending in state court, and any deposition in any clinic-related action pending in state court may be cross-noticed by any party in this MDL. Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-noticed in this MDL, then state court Plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by the judge presiding over the proceeding in which the deposition is sought. In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the judge presiding over the proceeding in which the deposition is sought.

3.      Nothing in Section III.F.1-2 shall be construed as an injunctive or equitable order affecting state court proceedings. Rather this provision is intended to reflect this Court's desire for voluntary state-federal coordination among the litigants and their counsel.

4.      Unless it is jointly noticed by Plaintiffs in both the class action and personal injury matters, the noticing of a deposition by Plaintiffs' counsel for personal injury matters shall not count against the limitation on numbers of deposition prescribed under the Federal Rules of Civil Procedure for plaintiffs in any consolidated class action, and vice versa.

8

**F.     Early Depositions**

If the parties become aware of any person who possess relevant information but, who, by reason of age, ill health, or termination of employment with defendants may become unavailable for deposition, the deposition may be taken as soon as possible, using the procedures outlined in Fed. R. Civ. P. 27.

**G.     Telephonic Depositions and Participation**

The parties shall comply with Fed. R. Civ. P. 30(b)(4) regarding remote depositions. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel or by agreement of counsel for the deponent.

**H.     Disputes During Depositions**

If a dispute arises during a deposition that cannot be resolved by agreement, the deposition shall continue to be taken as to matters not in dispute.  The parties shall present the dispute to the Court by motion at the earliest practicable time.  Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3).

**I.     Video Depositions**

After so indicating in its notice of a deposition, a party may, at its expense, record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1.     *Video Operator.*  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c) and/or any protective order issued in the case pertaining to the deposition.  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

2.    *Attendance.* Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

3.    *Interruptions.* No attorney or party shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended during the deposition only upon agreement of counsel.

**J.    Correcting and Signing Deposition Transcripts**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent within thirty (30) days after the end of the deposition for correction and signature. Upon receipt of the transcript, the deponent thereafter shall have thirty (30) days to make any corrections to the transcript, sign it, and return the transcript to the deposing party.  If represented by counsel, a deponent need not sign any corrected transcript before a notary.  If no corrections are made during this time, the transcript will be presumed accurate.

**III.    USE OF DEPOSITIONS**

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules.  Depositions may be used by or against any party as permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**IV.    FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE**

Unless specifically modified herein, nothing in this Deposition Protocol shall be construed to abrogate the Federal Rules of Civil Procedure, including the right of any party or non-party to object to or seek a protective order to prevent the deposition of any witness.

**So Ordered.**

    /s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

10