UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br>　　　　Plaintiffs, | MDL No. 2419<br><br>Docket No. 1:13-md-2419 (RWZ) |
| This document relates to: | |
| Armetta, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14022-RWZ | |
| Bowman, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14028-RWZ | **PLAINTIFFS' MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES, CROSS-CLAIMS AND THIRD-PARTY CLAIMS FROM ANSWER TO COMPLAINTS BY DEFENDANTS BOX HILL SURGERY CENTER, LLC, RITU T. BHAMBHANI, M.D., AND RITU T. BHAMBHANI, M.D., LLC** |
| Davis, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14033-RWZ | |
| Dreisch, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14029-RWZ | |
| Farthing, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14036-RWZ | |
| Kashi, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14026-RWZ | |
| Torbeck, et al. v. Box Hill Surgery Center, LLC, et al.,<br>No. 1:14-cv-14023-RWZ | |
| Handy, et al.  v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14019-RWZ | |

Plaintiffs in the above-captioned cases (hereinafter "Maryland Plaintiffs"), by and through their undersigned counsel, hereby move for this Honorable Court to strike from the

Answers to Complaints filed by Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC, ("Box Hill Defendants") on October 20, 2015, in each case, certain defenses listed as "Affirmative and Other Defenses",[1] along with a purported "Cross Claim for Contribution" asserted against both "Affiliated Defendants"[2] and "Unaffiliated Defendants"[3], for reasons stated in the Memorandum in Support of Motion to Strike, which is adopted and incorporated by reference as if set forth fully herein.

Specifically, Plaintiffs move for the Court to enter an Order striking the following affirmative defenses and defenses in Box Hill Defendants' Answer to Complaint filed in each of the Maryland Plaintiffs' cases:

First, in Paragraph 4 of Defenses, Box Hill Defendants state: "The Box Hill Defendants are entitled to a credit for any expenses paid by insurance or other third parties, which are claimed as damages by Plaintiffs". However, Box Hill Defendants are not "entitled" to such a credit. Evidence of insurance or other third-party benefits a plaintiff may receive is not admissible under the "collateral source rule". Specific post-verdict procedures apply under Maryland law.

Second, Box Hill Defendants state in their Answers that they are reserving the right to assert cross-claims and third-party claims against the "Affiliated Defendants" and the "Unaffiliated Defendants" (Defenses, Paragraph No. 28). (This Court refers to the latter as the

---

1. Box Hill Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint was filed separately in each of the individual Maryland Plaintiffs' cases. These pleadings contain identical "Affirmative Defenses and Other Defenses", set forth in paragraphs numbered 1-29 (hereinafter referred to as "Defenses").

[2] Box Hill Defendants state in Paragraph No. 28 of the Defenses that they "reserve the right to assert cross -claims against initial co-Defendants or negligent third-parties including, but not limited to, New England Compounding Pharmacy, Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chin, Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc., and Medical Sales Management SW, Inc. (hereinafter referred to as 'Affiliated Defendants', pending the stay entered on October 9, 2014 … at Docket No: 1481 and 1482".

[3] In Paragraph No. 28 of the Defenses, Box Hill Defendants state that they "also reserve the right to assert cross-claims against initial co-Defendants or negligent third-parties including, but not limited to, Liberty Industries, Inc., UniFirst Corporation, ARL BioPharma, Inc., a/k/a Analytic Research Laboratories, and Victory Heating and Air Conditioning Co., Inc. (hereinafter referred to as the 'Unaffiliated Defendants')."

"National Defendants"(Dkt. 2309, n.5)). In addition, Box Hill Defendants give notice to Plaintiffs that they intend to present evidence of negligence by those entities and individuals and ask the Court or jury to determine that they are "joint tortfeasors" for purposes of a credit or set-off from any judgment against the Box Hill Defendants. (Defenses, Paragraph No. 29).

Lastly, Box Hill Defendants assert as an affirmative defense a claim for contribution against co-defendant(s) or Third Parties, or a credit reducing the amount of any judgment in favor of Plaintiffs against Box Hill Defendants to reflect a Defendant's joint tortfeasor status if proofs are developed during discovery or at trial of liability on the part of any other Defendant(s) with whom Plaintiffs reach or have reached a settlement. (Defenses, Paragraph No. 8).

Box Hill Defendants' assertion of cross-claims for indemnification and contribution[4] and for adjudication that the "Affiliated Defendants" and "Unaffiliated Defendants" are joint tortfeasors is not permitted under the Bankruptcy Plan ("the Plan") and the channeling injunctions in effect since June 4, 2015, as well as by Order of this Court. (Dkt. 1355).  After this Court entered an Order to Show Cause Concerning Dismissal of Claims Against Settling Defendants (Dkt. 1992), Box Hill Defendants filed objections to the dismissal of such claims (Dkt. 2038), which were overruled by the Court (Dkt. 2082). Box Hill Defendants unsuccessfully argued that under Maryland law, it has rights which have not accrued to pursue claims for contribution and third-party claims against the settling defendants and other entities who contributed to the Plan. However, Box Hill Defendants were provided with notice and multiple opportunities to file not only claims against the debtor in NECC bankruptcy proceedings, related entities, and other parties who contributed to settlement agreements approved by the Court, but also objections to confirmation of the Plan.  Box Hill Defendants' failure to do so means that no claims, including claims for contribution or indemnity, may now be asserted against the

---

[4] Each Answer states under headings "Cross Claim for Contribution" against "Affiliated Defendants" and "Unaffiliated Defendants" (Paragraph Nos. 30 and 31, respectively):  "The Box Hill Defendants hereby assert a claim for indemnification and contribution for the damages sought by the Plaintiffs".

"Affiliated Defendants" and the "Unaffiliated Defendants'.

WHEREFORE, Maryland Plaintiffs respectfully request that the Court enter the Proposed Order filed with this Motion (Exhibit A), granting their Motion to Strike Certain Affirmative Defenses, Cross-Claims and Third-Party Claims From Answer To Complaints By Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael Coren | /s/ Sharon L. Houston |
| Harry M. Roth | Patricia J. Kasputys |
| Michael Coren | Sharon L. Houston |
| COHEN, PLACITELLA & ROTH, P.C. | Law Offices of Peter G. Angelos, P.C. |
| Two Commerce Square | 100 North Charles Street |
| 2001 Market Street | 22nd Floor |
| Philadelphia, PA 19103 | Baltimore, MD 21201 |
| 215-567-3500 | 410-649-2000 |
| | Pkasputys@lawpga.com |
| | Shouston@lawpga.com |
| *Attorneys for Plaintiffs Handy et al.* | *Attorneys for Plaintiffs Armetta, Bowman, Davis, Dreisch, Farthing, Kashi, Torbeck, et al.* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Sharon L. Houston, hereby certify that prior to the filing of this Motion, I conferred in good faith with counsel for the Box Hill Defendants, Gregory K. Kirby. The parties were unable to reach an agreement, thus necessitating this Motion.

Dated: December 2, 2015                     /s/ Sharon L. Houston
                                            Sharon L. Houston

## CERTIFICATE OF SERVICE

I, Sharon L. Houston, hereby certify that a copy of the foregoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic Filing (NEF), including the attorneys representing the defendants in the above-referenced individual cases, and will be sent to these parties by operation of the CM/ECF system.

Dated: December 2, 2015                     /s/ Sharon L. Houston
                                            Sharon L. Houston