# EXHIBIT

# 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) |
| | MDL No. 02419 Docket No. 1:13-md-2419-RWZ |
| This document relates to: | ) ) ) |
| Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ | ) ) ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## BOX HILL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively referred to as the "Box Hill Defendants") file this Answer and Affirmative Defenses to Plaintiffs' Complaint.

## SUMMARY OF PLAINTIFFS' ALLEGATIONS

1. The Box Hill Defendants deny that they breached the standard of care and deny that their actions proximately caused the injuries alleged by Plaintiffs. The Box Hill Defendants admit that the medication that Plaintiffs' allege caused injury came from the New England Compounding Pharmacy ("NECC") and was contaminated by NECC and others, not the Box Hill Defendants. The Box Hill Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 1, and accordingly deny the same.

## THE PARTIES

2. This paragraph does not contain allegations against the Box Hill Defendants. To the extent a response is required, denied.

3. Admitted.

4.      Admitted.

5.      This paragraph does not contain allegations against the Box Hill Defendants. To the extent a response is necessary, the Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

6.      This paragraph does not contain allegations against the Box Hill Defendants. To the extent a response is necessary, the Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

## JURISDICTION AND VENUE

7.      The basis of this Court's jurisdiction is dependent on the facts and circumstances of the lawsuit. The Box Hill Defendants agree that jurisdiction is proper, if anywhere, in Maryland because the Box Hill Defendants conduct business in Maryland and because the allegations asserted by Plaintiffs claim that the Box Hill Defendants caused tortious injury by an act in the State of Maryland, pursuant to CJ 6-103. The Box Hill Defendants, however, deny that they caused tortious injury to Plaintiffs. The Box Hill Defendants are without information sufficient to admit or deny whether the Plaintiffs are Maryland citizens.

8.      Denied. It is the Box Hill Defendants' understanding that they are the only remaining Defendants in this case. As such, the only proper venue is Harford County, where the Box Hill Defendants maintain a principal place of business and where the allegedly negligent acts occurred.

## NECC's Chapter 11 Bankruptcy Proceeding:

9.      Admitted that a petition for Bankruptcy was filed as alleged. Denied that the

Bankruptcy action is still pending.

    10.    Denied.

    11.    Admitted.

## FACTUAL BACKGROUND

### History of Conigliaro Family Businesses, including New England Compounding Center ("NECC")

### Conigliaro Industries' Recycling Plant:

    12.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

    13.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

    14.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

    15.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

    16.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

    17.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations

contained therein.

18.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

19.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

20.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

21.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

22.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

**Medical Sales Management:**

23.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

24.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

**Ameridose:**

25. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

26. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

27. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

28. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

**Alaunus Pharmaceutical:**

29. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

**Background on Compounding Pharmacies**

30. Denied.

31. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

32. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained

therein.

33.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

34.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

### The Risks of Pharmacy Compounding

35.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

36.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

37.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

38.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

39.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

40.     The Box Hill Defendants lack knowledge and information sufficient to form a

belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

41.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

42.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

## Meningitis

43.     The allegations in Paragraph 43 contain matters of medical expertise, and accordingly are denied.

44.     The allegations in Paragraph 44 contain matters of medical expertise, and accordingly are denied.

45.     The allegations in Paragraph 45 contain matters of medical expertise, and accordingly are denied.

46.     The allegations in Paragraph 46 contain matters of medical expertise, and accordingly are denied.

## The Outbreak and Its Aftermath

47.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

48.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations

contained therein.

49. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

### FDA and MDPH Begin Investigating NECC

50. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

51. The Box Hill Defendants admit that NECC recalled three lots of preservative-free MPA on or around September 26, 2012, but lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 51, and therefore, deny the allegations contained therein.

52. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

53. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

54. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

55. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

56.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

## NECC Surrenders Its Pharmacy License and Recalls All of Its Products

57.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

58.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

59.     Admitted based on information and belief that the FDA recalled all NECC products on October 6, 2012, but the Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining claims in Paragraph 59, and therefore, deny the remaining allegations contained therein.

60.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

## FDA and Massachusetts Board of Pharmacy Findings

61.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

62.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained

therein.

## MDPH's Preliminary Findings

63.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

64.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

65.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

66.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

67.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

68.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

69.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

70.     The Box Hill Defendants lack knowledge and information sufficient to form a

belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

71. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

72. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

73. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

## FDA's Initial Findings and Form 483 Report

74. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

75. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

76. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

77. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations

contained therein.

78.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

79.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

80.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

81.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

82.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

83.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

84.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted in both sentences of this paragraph. Further, the allegations in the second sentence of this paragraph contain matters of medical expertise. Based on both, the allegations contained therein are denied.

85.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

86.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

87.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

### The Investigation Grows, Covering Other Drugs and Related Corporate Entities

### MDPH Shuts Down Ameridose and Suspends Insiders' Pharmacy Licenses:

88.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

### FDA Confirms Other NECC Products Are Contaminated:

89.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

90.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

### Board of Pharmacy Revokes Cadden, Chin and Conigliaro Pharmacy Licenses:

91.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations

contained therein.

**FDA and MDPH Investigate Ameridose and Alaunus Pharmaceuticals**

92.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

93.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

94.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

95.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

**FDA Confirms Ameridose's Products Are Contaminated:**

96.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

97.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

98.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained

therein.

99.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

100.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

101.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

102.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

103.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

104.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

105.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

## Criminal and Congressional Investigations

106.     The Box Hill Defendants admit that the allegations in the first sentence of this Paragraph are correct based on information and belief. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted in this Paragraph and, therefore, deny the allegations contained therein.

107.     The Box Hill Defendants admit that the U.S. House of Representatives Energy Committee has or is investigating the fungal meningitis outbreak, but lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted in this Paragraph and, therefore, deny the allegations contained therein.

108.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

109.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

**NECC files Bankruptcy**

110.     Admitted that a petition for Bankruptcy was filed, but the Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining information asserted, and therefore, deny the remaining allegations contained therein.

111.     Upon information and belief, the Box Hill Defendants believe that all actions against NECC are stayed, but the Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining information asserted, and therefore, deny the remaining allegations contained therein.

**Current Case Counts**

112.     The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

## Maryland and Massachusetts Law

113.     Admitted that the Code of Maryland Regulations ("COMAR") exists, but denied to the extent that Plaintiffs have abbreviated or attempted to characterize those Regulations, as they speak for themselves. Further, this Paragraph is denied to the extent it asserts a legal conclusion.

114.     Admitted that the Code of Maryland Regulations ("COMAR") exists, but denied to the extent that Plaintiffs have abbreviated or attempted to characterize those Regulations, as they speak for themselves. Further, this Paragraph is denied to the extent it asserts a legal conclusion.

115.     Admitted that the Code of Maryland Regulations ("COMAR") exists, but denied to the extent that Plaintiffs have abbreviated or attempted to characterize those Regulations, as they speak for themselves. Further, this Paragraph is denied to the extent it asserts a legal conclusion.

116.     Admitted that the Code of Maryland Regulations ("COMAR") exists, but denied to the extent that Plaintiffs have abbreviated or attempted to characterize those Regulations, as they speak for themselves. Further, this Paragraph is denied to the extent it asserts a legal conclusion.

117.     Admitted that the Massachusetts CMR exists, but denied to the extent that Plaintiffs have abbreviated or attempted to characterize those Regulations, as they speak for themselves. Further, this Paragraph is denied to the extent it asserts a legal conclusion.

118.     Any claim or allegation concerning a violation of the Maryland Consumer Protection Act has been dismissed as to the Box Hill Defendants and, therefore, is irrelevant and

does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to the Box Hill Defendants.

119. Any claim or allegation concerning product or strict liability and the sale of goods has been dismissed as to the Box Hill Defendants and, therefore, is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to the Box Hill Defendants.

## FACTUAL ALLEGATIONS

### Ameridose

120. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, cannot admit or deny the allegations contained therein. Although the referenced document was not attached herein, it likely speaks for itself.

121. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, cannot admit or deny the allegations contained therein.

122. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, cannot admit or deny the allegations contained therein.

123. Admitted based on information and belief.

124. The Box Hill Defendants admit the first sentence of this Paragraph based on information and belief. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted and, therefore, cannot admit or deny the remaining allegations contained therein.

125.   The Box Hill Defendants admit the first sentence of this Paragraph based on information and belief.  The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted and, therefore, cannot admit or deny the remaining allegations contained therein.

126.   The Box Hill Defendants admit the first sentence of this Paragraph based on information and belief.  The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted and, therefore, cannot admit or deny the remaining allegations contained therein.

### UniFirst Corporation

127.   Admitted based on information and belief.

128.   Admitted generally based on information and belief.

129.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

130.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

131.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

132.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

133.   The Box Hill Defendants lack knowledge and information sufficient to form a belief

as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

134.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

135.   Admitted that UniFirst performed services for NECC. Otherwise the Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted, and therefore, cannot admit or deny the remaining allegations contained therein.

136.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, cannot admit or deny the allegations contained therein.

137.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, cannot admit or deny the allegations contained therein.

138.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, cannot admit or deny the allegations contained therein.

139.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, cannot admit or deny the allegations contained therein.

140.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, cannot admit or deny the allegations contained therein.

141.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, cannot admit or deny the allegations contained therein.

### Box Hill Surgery Center and Dr. Bhambhani

142.    Admitted.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    This Paragraph asserts a legal conclusion and is accordingly denied.

156.    This Paragraph asserts a legal conclusion and is accordingly denied.

157.    This Paragraph asserts a legal conclusion and is accordingly denied.

158.    Denied.

159. This Paragraph asserts a legal conclusion and is accordingly denied.

160. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Any claim or allegation concerning civil conspiracy between the Box Hill Defendants and NECC has been dismissed and, therefore, is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to the Box Hill Defendants.

168. This Paragraph asserts a legal conclusion and is accordingly denied.

169. This Paragraph asserts a legal conclusion and is accordingly denied.

170. Denied.

171. Denied.

172. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

173. Denied.

174. The Box Hill Defendants lack knowledge and information sufficient to form a belief

as to the truth or falsity of the information asserted about accredited compounding pharmacies throughout the United States, and, therefore, deny the allegations contained therein. Further, based on Plaintiffs characterization of the Box Hill Defendants' decision to purchase drugs, the allegations in this Paragraph are denied.

175.  Denied.

176.  The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

177.  Admitted to the extent that NECC produced MPA without preservatives. To the extent that Plaintiffs allege that all drugs administered to Plaintiffs lacked preservatives, denied.

178.  To the extent that Plaintiffs allege that NECC produced all drugs administered to Plaintiffs and that all of them lacked preservatives, denied.

179.  Denied.

180.  Denied.

181.  Denied.

182.  The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

183.  Denied.

184.  Denied.

185.  The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

186.  Denied.

187.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

188.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

189.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted in the first sentence of this Paragraph and, therefore, deny the allegations contained therein. The Box Hill Defendants deny the allegation asserted in the second sentence of this Paragraph.

190.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. Further, the allegations asserted in this Paragraph are compound and cannot be adequately addressed separately because they either mischaracterize facts, draw inadequate conclusions, or assert facts of which the Box Hill Defendants lack sufficient information or knowledge and, therefore, deny.

191.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

192.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

193.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained

therein.

194. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

195. Denied.

196. Any claim or allegation concerning product or strict liability and the sale of goods has been dismissed as to the Box Hill Defendants and, therefore, is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to the Box Hill Defendants. To the extent that this Paragraph alleges that all drugs injected into the Box Hill Defendants' patients were contaminated with fungus, mold, and/or other contaminants and therefore unsafe and unreasonably dangerous, the Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

197. Whether the Plaintiff was administered contaminated products by the Box Hill Defendants is dependent on the facts and circumstances of the individual lawsuit. The Box Hill Defendants deny the allegations asserted in this Paragraph to the extent that it asserts that the Box Hill Defendants were negligent or that any actions by the Box Hill Defendants directly or proximately caused injury to the Plaintiff.

## GENERAL ALLEGATIONS

198. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted in terms of the injuries alleged and, therefore, deny the allegations contained therein. If any injury resulted from NECC Contaminated Drugs, the Box Hill Defendants deny that it was the result of any alleged wrongful conduct by the

Box Hill Defendants.

199. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted in terms of the injuries alleged and, therefore, deny the allegations contained therein. If any injury resulted from NECC Contaminated Drugs, the Box Hill Defendants deny that it was the result of any alleged wrongful conduct by the Box Hill Defendants.

200. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted in terms of the injuries alleged and, therefore, deny the allegations contained therein. If any injury resulted from NECC Contaminated Drugs, the Box Hill Defendants deny that it was the result of any alleged wrongful conduct by the Box Hill Defendants.

201. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted in terms of the injuries alleged and, therefore, deny the allegations contained therein. If any injury resulted from NECC Contaminated Drugs, the Box Hill Defendants deny that it was the result of any alleged wrongful conduct by the Box Hill Defendants.

## DECEDENT SUFFERED DAMAGES CAUSED BY INJECTION OF CONTAMINATED MPA

202. Denied.

203. To the extent the allegations in this Paragraph assert that the Plaintiff "purchased" MPA, denied. To the extent the allegations in this Paragraph are consistent with the medical records of Plaintiff and the recollection of Defendant Bhambhani, admitted. To the extent the allegations in this Paragraph are inconsistent with the medical records of Plaintiff and the recollection of Defendant Bhambhani, denied.

204.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

205.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

206.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

207.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

208.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

209.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

210.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

211.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

212.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

213.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

214.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

215.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

216.    The so-called allegations in this Paragraph are difficult to answer as they do not form a complete thought or sentence based on the way the Paragraph is worded. As such, this Paragraph is denied. Further, to the extent that this Paragraph attempts to cite to a particular document that document is not attached. It also incompletely and selectively lists facts from a larger document, it is unclear what Plaintiffs are alleging, and it is unclear for what they seek an admission or denial. Accordingly, this Paragraph is also denied on those grounds.

### SURVIVAL ACTION CLAIMS

### COUNT I
### MEDICAL MALPRACTICE- NEGLIGENCE
**(Against Box Hill Surgery Center, Ritu Bhambhani, M.D.
and Ritu T. Bhambhani, M.D., LLC)**

217.    The Box Hill Defendants admit that a lawsuit has been filed claiming negligence. The Box Hill Defendants deny any wrongful conduct or that any alleged wrongful conduct was a

proximate cause of Plaintiff's injuries and/or death.

218.     As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

219.     The Box Hill Defendants admit that Dr. Bhambhani was a practicing pain medicine specialist and Medical Director of Box Hill Surgery Center at the time that the care at issue occurred in this case. The Box Hill Defendants are unable to admit or deny the remaining general allegations in this Paragraph and Plaintiffs are left to their proofs.

220.     This Paragraph asserts a legal conclusion and is accordingly denied.

221.     This Paragraph asserts a legal conclusion and is accordingly denied.

222.     This Paragraph asserts a legal conclusion and is accordingly denied.

223.     This Paragraph asserts a legal conclusion and is accordingly denied.

224.     This Paragraph asserts a legal conclusion and is accordingly denied.

225.     This Paragraph asserts a legal conclusion and is accordingly denied.

226.     This Paragraph asserts a legal conclusion and is accordingly denied. Further, this Paragraph makes characterizations of facts about which the Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

227.     This Paragraph and all of its subparts are denied.

228.     This Paragraph asserts a legal conclusion and is accordingly denied.

229.     Denied.

230.     This Paragraph asserts a legal conclusion and is accordingly denied.

231.     This Paragraph asserts a legal conclusion and is accordingly denied.

232.     This Paragraph asserts a legal conclusion and is accordingly denied.

233.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

234.    Denied.

235.    Any claim or allegation concerning product or strict liability and the sale of goods has been dismissed as to the Box Hill Defendants and, therefore, is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to the Box Hill Defendants. To the extent that this Paragraph alleges any willful or intentional conduct on behalf of the Box Hill Defendants, it is denied. To the extent that this Paragraph asserts a legal conclusion as to punitive damages, it is denied.

236.    The Box Hill Defendants admit that Plaintiff received an injection of MPA compounded by NECC. The Box Hill Defendants deny that they made any misrepresentations to the Plaintiff.

237.    The Box Hill Defendants deny that they acted with oppression, fraud or malice. The remaining assertions in this Paragraph are not allegations that can be admitted or denied.

238.    Denied.

## COUNT II
## INFORMED CONSENT
### (Against Box Hill Surgery Center, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC)

239.    As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

240.    This Paragraph asserts a legal conclusion and is accordingly denied.

241.    This Paragraph asserts a legal conclusion and is accordingly denied.

242.    This Paragraph asserts a legal conclusion and is accordingly denied.

243.    The Box Hill Defendants admit that Plaintiff received an injection of MPA compounded by NECC. The Box Hill Defendants deny that they made any misrepresentations to the Plaintiff.

244.    The Box Hill Defendants admit that Plaintiff reviewed a consent for treatment form. The remaining allegations asserted in this Paragraph are compound and cannot be adequately addressed separately because they either mischaracterize facts, draw inadequate conclusions, or assert facts of which the Box Hill Defendants lack sufficient information or knowledge and, therefore, deny.

245.    The Box Hill Defendants deny any wrongful conduct or that such alleged wrongful conduct was a proximate cause of Plaintiff's injuries. To the extent that Plaintiff alleges specific injuries, the Box Hill Defendants lack sufficient information or knowledge and, therefore, deny.

**COUNT III**
**BATTERY**
**(Against Box Hill Surgery Center, Ritu T. Bhambhani, M.D.,**
**and Ritu T. Bhambhani, M.D., LLC)**

246.    As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

247-248.    Any claim of battery has been dismissed as to the Box Hill Defendants and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, Paragraphs 247 through 248 are denied with respect to the Box Hill Defendants.

## COUNT IV
## RESPONDEAT SUPERIOR AS TO NECC
**(Against Box Hill Surgery Center, Ritu T. Bhambhani, M.D.,
and Ritu T. Bhambhani, M.D., LLC)**

249.     As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

250-256.     Any claim of respondeat superior against the Box Hill Defendants as to NECC has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, Paragraphs 250 through 256 are denied with respect to the Box Hill Defendants.

## COUNT V
## CIVIL CONSPIRACY
**(Against Box Hill Surgery Center, Ritu T. Bhambhani, M.D.,
and Ritu T. Bhambhani, M.D., LLC)**

257.     As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

258-266.     Any claim of civil conspiracy against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, Paragraphs 258 through 266 are denied with respect to the Box Hill Defendants.

## COUNT VI
## STRICT LIABILITY
**(Against Box Hill Surgery Center, Ritu T. Bhambhani, M.D.,
and Ritu T. Bhambhani, M.D., LLC)**

267.     As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its

responses to such prior statements and allegations.

268-275.    Any claim of strict liability against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, Paragraphs 268 through 275 are denied with respect to the Box Hill Defendants.

**COUNT VII**
**NEGLIGENCE**
**(Against Ameridose, LLC)**

276.    As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

277.    This Paragraph contains no allegations against the Box Hill Defendants.

278.    This Paragraph contains no allegations against the Box Hill Defendants.

279.    This Paragraph contains no allegations against the Box Hill Defendants.

280.    This Paragraph contains no allegations against the Box Hill Defendants.

281.    This Paragraph contains no allegations against the Box Hill Defendants.

282.    This Paragraph contains no allegations against the Box Hill Defendants.

283.    This Paragraph contains no allegations against the Box Hill Defendants.

284.    This Paragraph contains no allegations against the Box Hill Defendants.

285.    This Paragraph contains no allegations against the Box Hill Defendants.

286.    This Paragraph contains no allegations against the Box Hill Defendants.

287.    This Paragraph contains no allegations against the Box Hill Defendants.

288.    This Paragraph contains no allegations against the Box Hill Defendants.

289.    This Paragraph contains no allegations against the Box Hill Defendants.

290.   This Paragraph contains no allegations against the Box Hill Defendants.

291.   This Paragraph contains no allegations against the Box Hill Defendants.

292.   This Paragraph contains no allegations against the Box Hill Defendants.

293.   This Paragraph contains no allegations against the Box Hill Defendants.

294.   This Paragraph contains no allegations against the Box Hill Defendants.

295.   This Paragraph contains no allegations against the Box Hill Defendants.

296.   This Paragraph contains no allegations against the Box Hill Defendants.

297.   This Paragraph contains no allegations against the Box Hill Defendants.

## COUNT VIII
## FAILURE TO WARN
### (Against Ameridose, LLC)

298.   As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

299.   This Paragraph contains no allegations against the Box Hill Defendants.

300.   This Paragraph contains no allegations against the Box Hill Defendants.

301.   This Paragraph contains no allegations against the Box Hill Defendants.

302.   This Paragraph contains no allegations against the Box Hill Defendants.

303.   This Paragraph contains no allegations against the Box Hill Defendants.

304.   This Paragraph contains no allegations against the Box Hill Defendants.

## COUNT IX
## STRICT LIABILITY
### (Against Ameridose, LLC)

305.   As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its

responses to such prior statements and allegations.

306. This Paragraph contains no allegations against the Box Hill Defendants.

307. This Paragraph contains no allegations against the Box Hill Defendants.

308. This Paragraph contains no allegations against the Box Hill Defendants.

309. This Paragraph contains no allegations against the Box Hill Defendants.

310. This Paragraph contains no allegations against the Box Hill Defendants.

311. This Paragraph contains no allegations against the Box Hill Defendants.

312. This Paragraph contains no allegations against the Box Hill Defendants.

313. This Paragraph contains no allegations against the Box Hill Defendants.

314. This Paragraph contains no allegations against the Box Hill Defendants.

315. This Paragraph contains no allegations against the Box Hill Defendants.

316. This Paragraph contains no allegations against the Box Hill Defendants.

## COUNT X
## BREACH OF EXPRESS AND IMPLIED WARRANY
### (Against Ameridose, LLC)

317. As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

318. This Paragraph contains no allegations against the Box Hill Defendants.

319. This Paragraph contains no allegations against the Box Hill Defendants.

320. This Paragraph contains no allegations against the Box Hill Defendants.

321. This Paragraph contains no allegations against the Box Hill Defendants.

322. This Paragraph contains no allegations against the Box Hill Defendants.

323. This Paragraph contains no allegations against the Box Hill Defendants.

324.    This Paragraph contains no allegations against the Box Hill Defendants.

325.    This Paragraph contains no allegations against the Box Hill Defendants.

326.    This Paragraph contains no allegations against the Box Hill Defendants.

**COUNT XI**
**VIOLATION OF MARLAND AND MASSACHUSETTS**
**STATE CONSUMER PROTECTION STATUTES**
**(Against Box Hill Surgery Center, Ritu T. Bhambhani, M.D. and Ritu T.**
**Bhambhani, M.D., LLC, and Ameridose)**

327.    As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

328.    Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations.  The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

329.    Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations.  The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

330.    Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and

does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

331. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

332. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

333. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

334. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and

does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

335. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

336. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

337. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

338. Any claim of violation of the Maryland Consumer Protection Act against the Box

Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

339. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

340. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

341. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

342. Any claim of violation of the Maryland Consumer Protection Act against the Box

Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

343. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

344. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

345. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

346. Any claim of violation of the Maryland Consumer Protection Act against the Box

Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

347. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

348. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

349. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

350. Any claim of violation of the Maryland Consumer Protection Act against the Box

Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

351. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

352. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

353. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

354. Any claim of violation of the Maryland Consumer Protection Act against the Box

Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

355. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

356. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

357. Any claim of violation of the Maryland Consumer Protection Act against the Box Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

358. Any claim of violation of the Maryland Consumer Protection Act against the Box

Hill Defendants has been dismissed and, therefore, any allegation related thereto is irrelevant and does not relate to the Box Hill Defendants. Out of an abundance of caution, and without waiving said dismissal, this Paragraph is denied with respect to any allegations concerning Maryland Consumer Protection Act violations. The remaining allegations in this Paragraph assert a legal conclusion and are accordingly denied.

## COUNT XII
## NEGLIGENCE
### (Against UniFirst Corporation)

359.   As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

360.   This Paragraph contains no allegations against the Box Hill Defendants.

361.   This Paragraph contains no allegations against the Box Hill Defendants.

362.   This Paragraph contains no allegations against the Box Hill Defendants.

363.   This Paragraph contains no allegations against the Box Hill Defendants.

364.    This Paragraph contains no allegations against the Box Hill Defendants.

365.   This Paragraph contains no allegations against the Box Hill Defendants.

366.   This Paragraph contains no allegations against the Box Hill Defendants.

## WRONGFUL DEATH CLAIM
### (Against All Defendants)

## COUNT XIII
## WRONGFUL DEATH (MATIN KASHI)

367.   The Box Hill Defendants admit that a lawsuit has been filed claiming wrongful death. The Box Hill Defendants deny any wrongful conduct or that any alleged wrongful conduct was a proximate cause of Plaintiff's injuries and/or death. The Box Hill Defendants also

lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

368.   As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

369.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

370.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

371.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

372.   Denied.

373.   Denied.

374.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

375.   The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

## COUNT XIV
## WRONGFUL DEATH (KIUMARCE KASHI)

376.    The Box Hill Defendants admit that a lawsuit has been filed claiming wrongful death. The Box Hill Defendants deny any wrongful conduct or that any alleged wrongful conduct was a proximate cause of Plaintiff's injuries and/or death. The Box Hill Defendants also lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

377.    As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

378.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

379.    Denied.

380.    Denied.

381.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

## COUNT XV
## WRONGFUL DEATH (JASMIN KASHI)

382.    The Box Hill Defendants admit that a lawsuit has been filed claiming wrongful death. The Box Hill Defendants deny any wrongful conduct or that any alleged wrongful conduct was a proximate cause of Plaintiff's injuries and/or death. The Box Hill Defendants also lack knowledge and information sufficient to form a belief as to the truth or falsity of the

information asserted and, therefore, deny the allegations contained therein.

383.    As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

384.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

385.    Denied.

386.    Denied.

387.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

## COUNT XVI
## WRONGFUL DEATH (KAMRAN KASHI)

388.    The Box Hill Defendants admit that a lawsuit has been filed claiming wrongful death. The Box Hill Defendants deny any wrongful conduct or that any alleged wrongful conduct was a proximate cause of Plaintiff's injuries and/or death. The Box Hill Defendants also lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

389.    As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

390.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained

therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

391. Denied.

392. Denied.

393. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

## COUNT XVII
## WRONGFUL DEATH (KAYKAVOOS KASHI)

394. The Box Hill Defendants admit that a lawsuit has been filed claiming wrongful death. The Box Hill Defendants deny any wrongful conduct or that any alleged wrongful conduct was a proximate cause of Plaintiff's injuries and/or death. The Box Hill Defendants also lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein.

395. As this paragraph does no more than incorporate statements and allegations made in prior paragraphs, the Box Hill Defendants hereby respond to this Paragraph by incorporating its responses to such prior statements and allegations.

396. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

397. Denied.

398. Denied.

399. The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

400.    The Box Hill Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations contained therein. This Paragraph also asserts a legal conclusion and is accordingly denied.

## PRAYER FOR RELIEF

The Box Hill Defendants deny that Plaintiffs are entitled to the relief sought.

## JURY DEMAND

The Box Hill Defendants request a trial by jury in Maryland composed of the maximum number of jurors allowed by law, on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### (AFFIRMATIVE DEFENSES)

1.    The Box Hill Defendants performed each and every duty owed to the Plaintiff(s).

2.    The Box Hill Defendants violated no duty or obligation owed to the Plaintiff(s).

3.    The damages, if any, resulted solely and proximately from the conditions and/or parties over which the Box Hill Defendants exercised no control.

4.    The Box Hill Defendants are entitled to a credit for any expenses paid by insurance or other third parties, which are claimed as damages by Plaintiffs.

5.    The injuries and losses alleged by the Plaintiffs were caused by and arose out of risks of which the Plaintiffs had full knowledge and had assumed.

6.    The Complaint fails to state a claim upon which relief may be granted, and the Box Hill Defendants specifically reserve the right to move to dismiss the Complaint for that reason at a later time.

7.    The Box Hill Defendants assert that Plaintiffs' alleged losses and injuries are the

result of an act by an independent, intervening agency or instrumentality over which the Box Hill Defendants had no power or control.

    8.    (Claim for Contribution or Settlement Credit)  While denying any liability to Plaintiffs based on the Complaint, and based upon information and belief, asserting that there is no basis for liability as to the other Defendant(s), the Box Hill Defendants nevertheless assert a claim for contribution from co-Defendant(s) or Third Parties; and in the alternative contend that in the event that proofs develop in discovery or at trial to establish a basis for liability on the part of any other Defendant(s), and such Defendant(s) have already entered, or do enter, into a settlement agreement with Plaintiffs, in whole or in part, then the Box Hill Defendants assert a claim for a credit reducing the amount of any judgment in favor of Plaintiffs against the Box Hill Defendants to reflect that Defendant(s) joint tortfeasor status.

    9.    Plaintiffs are barred by the statute of limitations.

    10.    Plaintiffs are barred from recovery by reason of their negligence and/or contributory negligence.

    11.    This matter is governed by the Maryland Health Care Malpractice Claims Act, Cts. & Jud. Proc. Art., 3-2A-01, *et. seq.*

    12.    The venue is improper and the Box Hill Defendants reserve the right to move for change of venue.

    13.    Plaintiffs' complaint fails to state a claim upon which relief can be granted.

    14.    Plaintiffs' complaint is barred for lack of subject matter jurisdiction.

    15.    Plaintiffs' complaint is barred for lack of personal jurisdiction.

    16.    Plaintiffs' complaint is barred for not joining indispensable parties.

    17.    Plaintiffs' complaint is barred because the Box Hill Defendants did not owe a duty to the Plaintiff.

18. Plaintiffs' complaint is barred because the Box Hill Defendants did not breach a duty owed to the Plaintiff.

19. Plaintiffs' complaint is barred because the alleged harm to the Plaintiff was not foreseeable.

20. Plaintiffs' complaint is barred because the Box Hill Defendants were not the cause-in-fact of the Plaintiffs' alleged injuries.

21. Plaintiffs' complaint is barred because the alleged injuries to the Plaintiff were caused by the acts or omissions of third-parties for whom the Box Hill Defendants are not responsible.

22. Plaintiffs' complaint is barred because the alleged injuries were caused by the intervening and/or superseding acts of a third person for whom the Box Hill Defendants were not responsible.

23. If the Box Hill Defendants are liable for Plaintiffs' alleged injuries, which is expressly denied, the Box Hill Defendants shall only be liable for its portion of fault as determined by the trier of fact pursuant to the Maryland Uniform Contribution Among Joint Tortfeasors' Act, Cts. & Jud. Proc. Art. § 3-1401, *et seq.*

24. Plaintiffs' claims for violation of consumer fraud statutes in Massachusetts fail because all of the care, conduct, and alleged injuries occurred in Maryland, and because Plaintiffs and the Box Hill Defendants, the only current parties to this case, are not residents of Massachusetts.

25. Plaintiffs' claims for punitive damages fail because the Box Hill Defendants' acts were not willful, wanton, or done with any malice, let alone actual malice, and do not meet the requirements that might permit a plaintiff to collect punitive damages in Maryland.

26. Plaintiffs' complaint is barred for failure to comply with the written demand

requirements of M.G.L.c.93A, if for some reason it is determined that Massachusetts law applies, a principle that the Box Hill Defendants' expressly reject.

27.     Application of M.G.L. c. 93A is an unconstitutional violation of the 5th and 14th Amendments to the United States Constitution.

28.     The Box Hill Defendants incorporate herein by reference all defenses, including affirmative defenses, that may be raised by any Defendants and specifically reserve the right to amend their answer to add additional affirmative defenses should discovery in this action reveal the existence of those defenses.  The Box Hill Defendants reserve the right to assert cross-claims against initial co-Defendants or negligent third parties including, but not limited to, New England Compounding Pharmacy, Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chin, Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc, and Medical Sales Management SW, Inc. (hereinafter referred to as "Affiliated Defendants"), pending the stay entered on October 9, 2014 in 1:13-md-02419 at Docket No: 1481 and 1482. The Box Hill Defendants also reserve the right to assert cross-claims against initial co-Defendants or negligent third parties including, but not limited to, Liberty Industries, Inc., UniFirst Corporation, ARL BioPharma, Inc. a/k/a Analytic Research Laboratories, and Victory Heating and Air Conditioning Co., Inc. (hereinafter referred to as the "Unaffiliated Defendants").

29.     The Box Hill Defendants hereby place the Plaintiffs on notice that at the time of trial they intend to present evidence of negligence by the Affiliated Defendants and the Unaffiliated Defendants, and in so doing will ask the Court and/or Jury to determine that the above named individuals and entities are "joint tortfeasors" for purposes of a credit or set-off from any judgment against the Defendants, pursuant to the Maryland Uniform Contribution Among Joint Tortfeasors Act, *supra*.

**(CROSS CLAIM FOR CONTRIBUTION)**

(Affiliated Defendants)

30.     The Box Hill Defendants hereby assert a claim for indemnification and

contribution for the damages sought by the Plaintiffs.

**(CROSS CLAIM FOR CONTRIBUTION)**

(Unaffiliated Defendants)

31.     The Box Hill Defendants hereby assert a claim for indemnification and

contribution for the damages sought by the Plaintiffs.

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, LLC, Ritu
T. Bhambhani, M.D., and Ritu T. Bhambhani,
M.D., LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic this 20th day of October, 2015.

/s/ Gregory K. Kirby
Gregory K. Kirby