UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>) MDL No. 02419<br>) Docket No. 1:13-md-2419-RWZ<br>)<br>) |
| This document relates to:<br><br>All cases | )<br>)<br>)<br>)<br>) |

**THE BOX HILL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINDER AND MOTION TO AMEND THIS COURT'S OCTOBER 7, 2015 ORDER TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL**

Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively, "Box Hill Defendants") respectfully request that the Court amend its October 7, 2015 Memorandum of Decision and Order (the "Order") to include certification for immediate appeal pursuant to 28 U.S.C. § 1292(b). *See* Fed. R. App. P. 5(a)(3) ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement."). Interlocutory appeal is proper because the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and…an immediate appeal…may materially advance the termination of litigation." 28 U.S.C. § 1292(b).[2] As such, the Order meets the statutory criteria for interlocutory appeal.

The Box Hill Defendants also have a substantial interest in the jurisdiction and venue questions raised by the Court's Order because the procedural treatment of the Tennessee

---

[2] All statutory references herein are to Title 28 of the United States Code unless otherwise noted.

3

1411557.1

Defendants in this matter will become the law of the case for the procedural treatment of the Box Hill Defendants.

I. **INTRODUCTION**

This Court's Order addresses controlling issues of law regarding jurisdiction and venue. Specifically, the legal questions presented by the Order are whether the Court's "related to" subject matter jurisdiction terminates upon remand of the MDL Litigation since the Bankruptcy plan has been confirmed, and therefore, whether the Court lacks the jurisdictional authority to set venue of the MDL cases pursuant to § 157(b)(5). If the Court's subject matter jurisdiction terminates once the pretrial proceedings have concluded and the MDL cases are remanded to the transferor courts (as required by § 1407), then Plaintiffs may not move to transfer venue of the Bellwether trials to this district.

There are substantial grounds for differences of opinion because of the lack of controlling authority regarding the questions of law raised by the Court's Order (*i.e.*, whether the Court's "related to" subject matter jurisdiction under § 1334(b) continues following remand of the MDL Litigation to the transferor jurisdictions at the conclusion of pretrial proceedings pursuant to § 1407). The briefs submitted to the Court on this issue demonstrate that there is no controlling authority regarding whether (1) the Court retains jurisdiction over the MDL Litigation after the pretrial proceedings have ended and the cases have been remanded to the transferor courts, and (2) the Court may rely on § 157(b)(5) to set venue in the MDL cases.

Finally, permitting an immediate appeal of the jurisdiction and venue issues may materially advance the ultimate termination of this litigation. Specifically, a final determination as to the proper venue for trial of the Bellwether cases will eliminate any doubt that the verdicts

in those cases may be overturned on jurisdictional grounds, thereby permitting the Bellwether jury verdicts to serve their intended purpose.

## II. ARGUMENT

Section 1292 of the Judicial Code gives district court judges the discretion to certify their orders for interlocutory appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

§ 1292(b).

To certify an order for interlocutory review, a district court must determine that the order involves (1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion (3) upon which a decision will materially advance the ultimate outcome of the litigation. *Caraballo-Seda v. Municipality of Hormigeuros*, 395 F.3d 7, 9 (1st Cir. 2005); *Lawson v. FMR LLC*, 724 F.Supp.2d 167, 169 (D. Mass. 2010); *Phillip Morris Inc. v. Harshbarger*, 957 F.Supp. 327, 330 (D. Mass. 1997).

### A. The October 7, 2015 Order Involves a Controlling Question of Law.

The Court's Order meets the first statutory requirement for interlocutory review because it presents controlling questions of law. "A question of law is 'controlling' if reversal of the district court's order would terminate the action." *Phillip Morris, supra*, 957 F.Supp. at 330 (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990).[3] Furthermore, the

---

[3] In *Klinghoffer*, the Second Circuit explained the meaning of "controlling question of law" criterion of § 1292(b), stating:

> Although the resolution of an issue need not necessarily terminate an action in order to be "controlling," cf. *In re The Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir.1978); *Atlantic City Elec. Co. v. General Elec. Co.*, 312 F.2d 236, 238 (2d Cir.1962) (in banc), cert. denied, 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed.2d 411 (1963), it is clear that a question of law is "controlling" if

5

1411557.1

questions presented are purely ones of law. *See United Air Lines v. Gregory*, 716 F.Supp.2d 79, 91 (D. Mass. 2010) (quoting *Agrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000). Whether the Court has subject matter jurisdiction over the MDL Litigation after the cases are remanded to the transferor courts and after the bankruptcy plan has been confirmed is "…a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. Resolution of the extent of a district court's jurisdictional authority under §§ 1332 and 157(b)(5) after approval of the bankruptcy plan, and the impact, if any, of that jurisdictional authority in its role as the transferee court for MDL Litigation under § 1407, is limited to statutory interpretation of these provisions and does not involve detailed review of the factual record.

As the Premier Defendants point out in their Joinder and Motion to Amend and Certify Order for Interlocutory Appeal (ECF# 2417), the venue and jurisdictional issues are "plainly serious to the conduct of litigation…and their resolution will determine the venue for all trials to take place in this litigation." *Id*. at p.3.

### B. Substantial Grounds for Difference of Opinion Exist Regarding the Court's Ruling on Jurisdiction and Venue.

The lack of controlling authority on the legal issues of jurisdiction and venue in this case creates substantial grounds for differences of opinion on the Court's ruling that its jurisdictional authority under § 1334 continues after the bankruptcy plan has been confirmed and that this Court can therefore determine venue of the MDL cases pursuant to § 157(b)(5). In the First

---

reversal of the district court's order would terminate the action. See J. Moore & B. Ward, 9 Moore's Federal Practice ¶ 110.22[2], at 268 (1990) (collecting cases). ***For example, we have granted certification when the order involved issues of in personam and subject matter jurisdiction.*** See, e.g., *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1330 (2d Cir.1972).

*Id.* at 24 (emphasis supplied).

Circuit, a "substantial ground for difference of opinion" exists when the matter involves one or more difficult pivotal questions of law not settled by controlling authority." *Caraballo-Seda*, 395 F.3d at 9 (quoting *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir.1986)); *see also Phillip Morris*, 957 F.Supp. at 330 (internal quotations and citation omitted); *In re San Juan DuPont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n.1 (1st Cir. 1988).

As the parties' briefs demonstrate, there is no controlling law on the jurisdictional question of the Court's authority to order the proposed transfer of venue following the remand of the MDL Litigation to the transferor courts. This lack of controlling authority satisfies the second requirement for review of § 1292(b). *See e.g., Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 728 (S.D. Tex. 2002) (amending order to permit interlocutory appeal pursuant to § 1292(b) on the issue of subject matter jurisdiction in a products liability case and explaining, "[t]he Court's precaution of requesting exhausting briefing in this action stems from the scarcity of law analogous to this lawsuit. It would pain the Court to see both attorneys of this excellence and well motivated [p]arties proceed to judgment after considerable expense and delay, only to discover that the judgment must be overturned on appeal because the federal judiciary lacks subject matter jurisdiction."); *In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 838 (3d Cir. 1991) (appeal pursuant to 28 U.S.C § 1292(b) regarding controlling question of subject matter jurisdiction over which there was substantial ground for difference of opinion).

### C. Final Determination By the First Circuit May Materially Advance the Termination of Litigation.

The Court's Order also satisfies the third requirement of § 1292(b). A decision by the Court of Appeals for the First Circuit regarding whether the District Court's "related to" jurisdiction continues after the bankruptcy plan has been confirmed and therefore gives it the

7

1411557.1

authority to order a transfer of venue of the MDL cases pursuant to § 157(b)(5) will eliminate protracted and expensive litigation on this issue.

This Court pointed out in *United Air Lines v. Gregory* that, "as a general rule, when a pure question of law can be resolved expeditiously by the Court of Appeals, interlocutory review saves time and expense for both the Court and the litigants." 716 F.Supp.2d at 92; *see also Lemery v. Ford Motor Co., supra.* This is precisely the case here, where a final determination as to proper venue for the trials will preclude the verdicts in the Bellwether trials from being overturned on jurisdictional grounds. Accordingly, interlocutory review of the jurisdictional and venue questions will permit the Bellwether trials to be truly representative and materially advance the litigation.

Additionally, interlocutory review of this question will determine the proper venue for all of the remaining Defendants in the MDL Litigation and will reduce the burden and expense (both public and private) of protracted litigation of this issue by the other Defendants.

### III. CONCLUSION

For the reasons stated herein, the Box Hill Defendants respectfully request that the Court amend its October 7, 2015 Memorandum of Decision and Order to include certification for immediate appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

8

1411557.1