UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 2419 Dkt. No. 1:13-md-2419-RWZ |
| _____ | ) ) | |
| This Document Relates to Suits Naming: | ) ) | |
| Saint Thomas Outpatient Neurosurgical Center, LLC | ) ) ) | |
| _____ | ) | |

## STOPNC DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT
## ON THE PLAINTIFFS' CLAIMS FOR STRICT PRODUCT LIABILITY

The Defendants, Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD ("Dr. Culclasure"); Debra Schamberg, RN, CNOR; and Vaughan Allen, MD (frequently referred to as the "Tennessee Clinic Defendants" and herein referred to as the "STOPNC Defendants") move for summary judgment on the Plaintiffs' claims against them for strict product liability in this multi-district litigation.

### 1. Introduction

The Plaintiffs in this MDL have, for many months, held on to hope that they could develop facts to support a stretched claim that STOPNC "sold" the medication that Dr. Culclasure injected into patients during epidural steroid injection procedures, so as to establish strict product liability. The Court previously allowed the Plaintiffs to scrape over the low hurdle of a motion to dismiss. The time has come for the Court to decide whether the Plaintiffs' product liability claim can survive summary judgment on the factual record.

Based on the undisputed facts in the record, coupled with the relevant law, the Plaintiffs' claims cannot clear the taller hurdle of summary judgment. The STOPNC Defendants are entitled to judgment as a matter of law on the product liability claims.

\* \* \* \* \* \* \*

Contemporaneous with this motion, the STOPNC Defendants are filing a motion to stay decision on the issue. The STOPNC Defendants believe that the most prudent course is for this honorable Court to await guidance from the Tennessee Supreme Court on this issue. That guidance is expected to come in the form of a ruling on a certified question to the Tennessee Supreme Court, certified as part of a declaratory judgment action related to this MDL pending in the United States District Court for the Middle District of Tennessee.[1]

If this Court intends to rule on this motion, predicting how Tennessee's highest court will decide the issue, it must look to analogous state law, tort treatises, and persuasive authority from other states. All favor summary judgment for the STOPNC Defendants. None of these "signposts" – and "none" is not an overstatement of the Plaintiffs' woeful lack of legal support – favor the Plaintiffs' position.

### 2.  Standard of Review

A party may move for summary judgment on any claim or defense.[2] The court *shall* grant summary judgment if the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law.[3]

---

[1] The parties submitted proposed orders for certification yesterday, December 2, 2015.
[2] FED. R. CIV. P. 56.
[3] FED. R. CIV. P. 56.

"A genuine issue of material fact does not spring into being simply because a litigant claims that one exists."[4] After the movant properly presents evidence negating an essential element of the non-movant's claim, the non-movant cannot just rely on conclusory responses unsupported by the evidence.[5] The non-movant, to defeat the motion, must set forth specific facts that present a genuine issue for trial.[6]

To defeat the motion, the non-movant must set forth specific evidence that illustrates a material factual controversy.[7] "The evidence illustrating the factual controversy cannot be conjectural or problematic" but "must have substance."[8] The non-movant, to defeat the motion, must present sufficient evidence for a jury to return a verdict for that party.[9] If the non-movant puts forth evidence that is merely colorable or not significantly probative, summary judgment should be granted.[10]

The court, when considering a motion for summary judgment, cannot draw unreasonable inferences or credit "bald assertions" and "empty conclusions."[11] The existence of a scintilla of evidence is not enough to defeat a proper summary judgment motion.[12] A party opposing summary judgment "must present definite, competent evidence to rebut the motion."[13]

---

[4] *Griggs-Ryan v. Smith*, 904 F. 2d 112, 115 (1st Cir. 1990).
[5] *Id.* at 115 (citing *Ayer v. United States*, 902 F. 2d 1038, 1044-45 (1st Cir. 1990)).
[6] *See* FED. R. CIV. P. 56.
[7] *Mack v. Great Atl. & Pac. Tea Co., Inc.*, 871 F. 2d 179, 181 (1st Cir. 1989).
[8] *Id.*
[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[10] *Id.*
[11] *Pina v. Children's Place*, 740 F. 3d 785, 795 (1st Cir. 2014).
[12] *Anderson*, 477 U.S. at 252.
[13] *Torres v. E.I. Dupont de Nemours & Co.*, 219 F. 3d 13, 18 (1st Cir. 2000).

### 3.  Summary of the Argument

The contemporaneously-filed memorandum of law explains, in detail, why the STOPNC Defendants are entitled to summary judgment on the Plaintiffs product liability claim.

First and foremost, all material facts establish, without reasonable resistance, that STOPNC was not "engaged in the business of selling a product," the statutory definition of a seller under Tennessee's Product Liability Act, and an essential element of the Plaintiffs' product liability claim.

The Plaintiffs' proffered paltry five "material facts" on this issue – the surgical volume at STOPNC, how Dr. Culclasure was paid, one line in a multi-hour deposition of a single witness, a UCC letter, and a single out-of-context provision in an amendment to a third-party payor contract – illustrate just what the First Circuit says is inadequate to defeat summary judgment. These "facts" are not substantive, probative, or material, nor are they sufficient for a reasonable juror to conclude that STOPNC was engaged in the business of selling a product.

Further, under the predominant factor test, all four factors undisputedly mandate a finding that the predominant portion of the STOPNC-patient relationship was for the provision of health care services, not the sale of a good.[14]

---

[14] *See Hudson v. Town & Country True Value*, 666 S.W.2d 51, 54 (Tenn. 1984); *Audio Visual Artistry v. Tanzer*, 403 S.W.3d 789, 796 (Tenn. App. 2012).

Second, the Plaintiffs' allegations "relate[ ] to the provision of health care services." Thus, they are captured by the wide net of the Tennessee Health Care Liability Act, recognized by the Tennessee Supreme Court's recent decision in *Ellithorpe v. Weismark*.[15] The Plaintiffs cannot escape the plain language of the statute.

Because the THCLA applies to these actions and the THCLA's burden of proof scheme specifically prohibits a finding of liability without proof of fault,[16] there is simply no room for a finding of strict liability.

### 4.  Supporting and Contemporaneously-Filed Materials

In support of this motion, the STOPNC Defendants file:

1. Memorandum of Law[17]
2. Statement of Undisputed Material Facts[18]
3. Affidavit of John Culclasure, MD
4. Affidavit of Scott Butler
5. PSC's Responses to Requests for Admissions 1 and 2
6. PSC's Supplemental Response to Interrogatory 1
7. Deposition of Cindy Williams (excerpt).

### 5.  Conclusion and Relief Requested

Fair and reasonable application of Tennessee law, learned treatises, and persuasive authority to the undisputed facts leads directly to judgment as a matter of law on the product liability claims. The STOPNC Defendants request an order granting them summary judgment on the claims against them for product liability.

---

[15] *Ellithorpe v. Weismark*, --- S.W.3d ----, 2015 WL 5853873 (Tenn. Oct. 8, 2015).

[16] *See* TENN. CODE ANN. § 29-26-115.

[17] The STOPNC Defendants' Memorandum of Law serves as its brief both in opposition to the Plaintiffs' motion for summary judgment on this issue *and* its brief in support of this motion.

[18] The STOPNC Defendants have filed a combined Statement of Undisputed Material Facts and Response to the Plaintiffs' Statement of Undisputed Material Facts.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic
Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 3rd day of December, 2015.


/s/ Chris J. Tardio
**Chris. J. Tardio**