# EXHIBIT 1

*In Re: Memphis Kidney & Dialysis Services*, No. P-140905 T-A, at p. 2 (Tenn. State Bd. of Equalization, Admin. Judge for Shelby County, Tenn., Mar. 17, 2003)

TENNESSEE STATE BOARD OF EQUALIZATION
BEFORE THE ADMINISTRATIVE JUDGE

In Re:  Memphis Kidney & Dialysis Services, North  )
Personal Property Account No. P-140905 T-A  )  Shelby County
Tax years 1997 & 1998  )

INITIAL DECISION AND ORDER

Statement of the Case

These are direct appeals to the State Board of Equalization (the "State Board") from back assessments/reassessments of the subject account by the Shelby County Assessor of Property (the "Assessor") in the following amounts:

| TAX YEAR | APPRAISAL | ASSESSMENT |
|---|---|---|
| 1997 | $286,300 | $85,890 |
| 1998 | $474,600 | $142,380 |

The administrative judge appointed under authority of Tenn. Code Ann. section 67-5-1505 conducted a hearing of this matter on February 6, 2003 in Memphis.[1] The appellant, Memphis Kidney & Dialysis Services, North ("MKDS"), was represented at the hearing by Herbert B. Wolf, Jr., Esq. Assistant County Attorney Thomas E. Williams appeared on behalf of the Assessor.

Post-hearing briefs were received from counsel for the parties on March 10, 2003.

Findings of Fact and Conclusions of Law

**Factual Background and Positions of the Parties.** The property in question is located at one of MKDS's three dialysis clinics in the Memphis area. During an audit pursuant to State Board Rule 0600-5-.05, it was discovered that MKDS had not reported on its tangible personal property schedules certain prescription drugs and patent medicines stocked for infusion (or, in some cases, injection) to patients at this location. The Assessor initiated a back assessment/reassessment proceeding and deemed those items to be assessable to the taxpayer as "GROUP 8" supplies.[2]

In these appeals to the State Board, MKDS contends that the unreported pharmaceuticals are exempt from ad valorem taxation as inventory. These items are purchased directly from the manufacturer in sealed containers and dispensed without alteration.

The taxpayer's patients (or their health insurers) are billed separately for any drugs or medicines "sold" to them. MKDS administrator Linda Smith Johnson characterized the infusion of such pharmaceuticals as "an integral part of the treatment these patients are receiving at our facility." She explained that on-site administration of the drugs or medicines was "most efficient"

---

[1] A previously scheduled hearing was continued by mutual consent of the parties.
[2] State Board Rule 0600-5-.06(2) provides that "[t]he fair market value of raw materials and supplies shall be presumed to be their original cost as determined by the "first-in-first-out" (FIFO) method of accounting, in the absence of evidence to the contrary." The values attributed to the drugs and medicines categorized by the Assessor as supplies were $26,883 (for tax year 1997) and $63,899 (for tax year 1998).

because of ready access to the patients' blood supply. It would be "terribly inconvenient" and even "painful," Ms. Johnson added, for patients if MKDS did not offer that service at the time of treatment.[3]

In Mr. Wolf's view, the "end users" of the pharmaceuticals in this scenario were the patients themselves – not MKDS's medical staff. While conceding that separately-billed items are generally classified as inventory for accounting purposes, chief auditor Neill Murphy (of Mendola & Associates, LLC) cited as a counterexample the "shop rags" for which customers of automobile repair/service stations are commonly charged in addition to parts and labor.

After the hearing, Mr. Williams tendered an affidavit from a manager of the Shelby County Clerk's office stating that: (a) MKDS "does not pay the Business Tax" imposed by Tenn. Code Ann. sections 67-4-701 *et seq.*; and (b) the County Clerk had determined MKDS to be exempt from the Business Tax Act under the "medical, dental, and allied health services" exception of Tenn. Code Ann. section 67-4-708(3)(C)(i).[4] Notwithstanding this status, Mr. Wolf maintained that the purported inventory is exempt from ad valorem taxation because MKDS is *taxable* – albeit not *taxed* – under the Business Tax Act. BRIEF OF APPELLANT, PP. 6-9.

**Applicable Law.** Article II, section 28 of the Tennessee Constitution provides (in relevant part) that "all property real, personal or mixed shall be subject to taxation" unless exempted by the legislature; and that:

> The Legislature shall have power to tax merchants, peddlers, and privileges, in such manner as they may from time to time direct, and the Legislature may levy a gross receipts tax on merchants and businesses in lieu of ad valorem taxes on the inventories of merchandise held by such merchants and businesses for sale or exchange.

The assessment of tangible personal property is governed by Tenn. Code Ann. sections 67-5-901 *et seq.* In relevant part, Tenn. Code Ann. section 67-5-901(a) reads as follows:

> ...[A]ll tangible personal property, except inventories of merchandise held by merchants and businesses for sale and exchange **by persons taxable under chapter 4, part 7 of this title** (the Business Tax Act), and unused tangible personal property shall be classified according to its use and assessed as follows:
> ...
> (2) Industrial and commercial property shall be assessed at thirty percent (30%) of its value...[Emphasis added.]

All business or professional entities must submit annually to the assessor on the prescribed form a list of all tangible personal property owned or leased and used in their business or profession, excluding (*inter alia*) "inventories of merchandise held by merchants and businesses for sale or exchange." Tenn. Code Ann. section 67-5-903. As defined in Tenn. Code Ann. section 67-5-901(b), that term "includes tangible personal property held for sale or rental, but does not include such property in the possession of a lessee."[5]

---

[3] In an affidavit submitted after the hearing, Ms. Johnson indicated that a fraction of MKDS's patients perform their own peritoneal dialysis at home.
[4] The quoted exception specifically excludes providers of these services from one of several classifications of persons who are required to pay a gross receipts tax.
[5] Section 67-4-702(7) contains a substantially identical definition of "inventories of merchandise held for sale or exchange."

2

In accord with the Tennessee Constitution, the Business Tax Act expresses "the legislative intent that the taxes imposed by this part shall be in lieu of any or all ad valorem taxes on the inventories of merchandise held for sale or exchange **by persons taxable under this part**." Tenn. Code Ann. section 67-4-701(b). [Emphasis added.] The Act further provides as follows:

> Subject to the requirements set forth in section 67-4-724 relative to the amount of tax required to be forwarded to the state, the making of sales by engaging in any vocation, occupation, business or business activity **enumerated, described or referred to in section 67-4-708(1)-(3)** is declared to be a privilege upon which each county and/or incorporated municipality in which such business, business activity, vocation, or occupation is carried on may levy a privilege tax in an amount not to exceed the rates hereinafter fixed and provided.

Tenn. Code Ann. section 67-4-704(a). [Emphasis added.]

State Board Rule 0600-5-.01(3) defines supplies as "expendable items of tangible personal property which are **used or held for use in support of a business activity**, including but not limited to office supply stocks, stocks of spare parts for maintenance of machinery and equipment, accessories used in manufacturing processes, printing supplies, and cleaning and maintenance supplies." [Emphasis added.]

**Analysis.** Respectfully, after reviewing the entire record, the administrative judge finds no impropriety in the contested back assessments/reassessments. The testimony of MKDS's administrator establishes that the company is predominantly engaged in the delivery of medical services. Though billed separately for whatever drugs they may receive in connection with those services, MKDS's clients are essentially paying for dialysis treatment and related services. By Ms. Johnson's own admission, the personal property claimed to be inventory would have little (if any) utility to most of MKDS's patients unless actually dispensed to them by trained personnel at the clinic. Realistically, then, these items are "used or held for use in support of a business activity" within the meaning of Rule 0600-5-.01(3).

Counsel for MKDS stressed that the exemption from ad valorem taxation of "inventories of merchandise held for sale or exchange" is not dependent on proof of actual payment of any business tax. However, contrary to Mr. Wolf's insistence, MKDS is clearly **not** taxable under the current Business Tax Act. To be sure, Tenn. Code Ann. section 67-4-708(3)(C) does refer generally to persons "engaging in the business of furnishing or rendering services." But the services provided by MKDS are among those excluded from the scope of that phrase by the statute cited in the affidavit of the county clerk. The fact that a taxpayer falls within a general statutory classification from which it is specifically excluded does not mean that the taxpayer is "subject to" the law. Nor does the mere possibility that the legislature could repeal the exemption presently enjoyed by MKDS mean that the appellant is "taxable" under the Business Tax Act.[6]

This interpretation ensures that the drugs and medicines stocked by MKDS for business purposes do not entirely escape taxation. The theory espoused by the appellant, on the other hand, would bring about that incongruous result.

---

[6] Mr. Wolf cites Tenn. Code Ann. section 67-4-705 for the proposition that the business activity in which MKDS engages is "taxable by the state alone." That section, however, applies only to industrial loan and thrift companies. See Tenn. Code Ann. Section 67-4-708(5).

3

*Order*

It is, therefore, ORDERED that the back assessments/reassessments under appeal be affirmed.

Pursuant to the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4-5-301—325, Tenn. Code Ann. § 67-5-1501, and the Rules of Contested Case Procedure of the State Board of Equalization, the parties are advised of the following remedies:

1. A party may appeal this decision and order to the Assessment Appeals Commission pursuant to Tenn. Code Ann. § 67-5-1501 and Rule 0600-1-.12 of the Contested Case Procedures of the State Board of Equalization. Tennessee Code Annotated § 67-5-1501(c) provides that an appeal **"must be filed within thirty (30) days from the date the initial decision is sent."** Rule 0600-1-.12 of the Contested Case Procedures of the State Board of Equalization provides that the appeal be filed with the Executive Secretary of the State Board and that the appeal **"identify the allegedly erroneous finding(s) of fact and/or conclusion(s) of law in the initial order"**; or

2. A party may petition for reconsideration of this decision and order pursuant to Tenn. Code Ann. § 4-5-317 within fifteen (15) days of the entry of the order. The petition for reconsideration must state the specific grounds upon which relief is requested. The filing of a petition for reconsideration is not a prerequisite for seeking administrative or judicial review.

This order does not become final until an official certificate is issued by the Assessment Appeals Commission. Official certificates are normally issued seventy-five (75) days after the entry of the initial decision and order if no party has appealed.

ENTERED this 17th day of March, 2003.

*/s/ Pete Loesch*
PETE LOESCH
ADMINISTRATIVE JUDGE

cc: Herbert B. Wolf, Jr., Esq.
Thomas E. Williams, Assistant Shelby County Attorney
Gwendolyn Cranshaw, Shelby County Personal Property Department
Rita Clark, Assessor of Property