UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) Suits Naming Saint Thomas Outpatient ) Neurosurgical Center, LLC And Related ) Defendants ) ) | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSES TO SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC, HOWELL ALLEN CLINIC, A PROFESSIONAL CORPORATION, JOHN W. CULCLASURE, MD, AND DEBRA V. SCHAMBERG, RN CNOR'S, FIRST REQUESTS FOR ADMISSIONS PROPOUNDED TO THE PLAINTIFFS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Plaintiffs' Counsel hereby responds to the First Interrogatories and Requests for Admission Propounded by the Defendants, Saint Thomas Outpatient Neurosurgical Center, LLC ("Saint Thomas Clinic"), Howell Allen Clinic, John W. Culclasure, MD, and Debra V. Schamberg, RN (collectively "Defendants" or "Saint Thomas Clinic Defendants").

**INSTRUCTIONS DEFINITIONS AND OBJECTIONS**

1.  The term "Plaintiffs" shall mean all Plaintiffs who have pending cases against any of the Saint Thomas Clinic Defendants in active cases in the MDL.

2.  The term "Plaintiffs' Counsel" shall mean the Tennessee State Chair as designated by Plaintiffs' Steering Committee pursuant to MDL Order No. 2.

3.  The term "MDL" shall mean the multidistrict litigation *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL 2419, currently pending before Judge Rya Zobel in the United States District Court for the District of Massachusetts.

4.  The following responses are meant only to apply to cases pending in the MDL against the Saint Thomas Clinic Defendants and are not intended to be nor should they be considered to bind or apply in any other case pending in the MDL.

5.  Many of the RFAs submitted call for the admission or denial of facts that are not reasonably calculated to lead to the discovery of admissible evidence, by admitting any RFA below, Plaintiffs do not concede that any response is admissible at trial in this matter.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

The Health Care Procedure Coding System ("HCPCS") code, J1040, existed in 2012 for billing third-party payors and/or patients separately for the steroid administered during epidural steroid injections.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted that HSPCS code J1040 existed in 2012 for billing purposes and for providing additional detail about a procedure. Denied to the extent that the RFA implies that the use of such code would indicate and/or lead to a separate payment for the steroid administered during epidural steroid injections.

**REQUEST FOR ADMISSION NO. 2:**

No other HCPCS code existed to bill third-party payors and/or patients separately for the steroid administered during epidural steroid injections.

- 3 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

    Denied.

- 87 -

Dated:  December 23, 2014                    Respectfully submitted,

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Counsel*