UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE:  NEW ENGLAND | ) | |
| COMPOUNDING PHARMACY, INC. | ) | MDL No. 2419 |
| PRODUCTS LIABILITY LITIGATION | ) | Dkt. No. 1:13-md-2419-RWZ |
| | ) | |
| _____ | ) | |
| | ) | |
| This Document Relates to Suits Naming: | ) | |
| | ) | |
| All Cases Pending Against Saint Thomas | ) | |
| Outpatient Neurosurgical Center And | ) | |
| Related Defendants | ) | |

**PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSE TO SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC; HOWELL ALLEN CLINIC, A PROFESSIONAL CORPORATION; JOHN W. CULCLASURE, MD; AND DEBRA V. SCHAMBERG, RN,  FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFFS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Judge Boal's September 8, 2015 order (Dkt. No. 2224), the Plaintiffs' Steering Committee hereby serves these supplemental responses to the First Interrogatories and Requests for Production Propounded by the Defendants,  Saint Thomas Outpatient Neurosurgical Center, LLC ("Saint Thomas Clinic"), Howell Allen Clinic, John W. Culclasure, MD, and Debra V. Schamberg, RN (collectively "Defendants" or "Saint Thomas Clinic Defendants").

**INSTRUCTIONS AND DEFINITIONS AND OBJECTIONS**

1.      The term "Plaintiffs" shall mean all Plaintiffs who have pending cases against any of the Saint Thomas Clinic Defendants in active cases in the MDL.

2.      The term "Plaintiffs' Counsel" shall mean the Tennessee State Chair as designated by Plaintiffs' Steering Committee pursuant to MDL Order No. 2.

3.      The term "MDL" shall mean the multidistrict litigation *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL 2419, currently pending before Judge Rya Zobel in the United States District Court for the District of Massachusetts.

4.      The following responses are meant only to apply to cases pending in the MDL against the Saint Thomas Clinic Defendants and are not intended to be nor should they be considered to bind or apply in any other case pending in the MDL.

5.      Many of the following requests require production of documents exchanged as part of the mediation program created by MDL Dkt. No. 394 (the "Mediation Order).  The Mediation Order specifically states that any such information exchanged during mediation is confidential and not subject to production.  Accordingly, Plaintiffs' Counsel will refuse to produce any documents or information obtained as part of the mediation program in accordance with the clear directives of the Court's Mediation Order.

6.      Many of the following Interrogatories include numerous sub-parts, well over the forty permitted under the Court's MDL Order No. 9, Dkt. No. 1425 (the Common Discovery Order").  In a show of good faith in an attempt to cooperate with the orderly administration of common discovery, Plaintiffs Counsel will answer all Interrogatories posed, but will reserve the right to refuse to answer any additional Interrogatories beyond the forty permitted by the Common Discovery Order.

7.      Plaintiffs maintain a standing objection to the Instructions and Definitions propounded as part of the Saint Thomas Clinic Defendants' discovery responses to the extent that those Instructions and Definitions are beyond the scope of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.   If the Plaintiffs' response to any of these Defendants' First Requests for Admissions propounded to the Plaintiffs is anything other than an unqualified admission, for each such Request for Admission, state (with identification of the corresponding Request for Admission):

    (a)   All facts (not opinions) that the Plaintiffs contend support the denial or qualification of the admission.

    (b)   By Bates number, if applicable, all documents, electronic and/or tape recordings, photographs, oral statements, or any other tangible or intangible thing that supports the denial or qualification of the admission.

    (c)   The name and address of the custodian of all tangible things identified above.

    (d)   The name and address of all persons, including consultants and experts, purporting to have knowledge or factual data upon which the Plaintiffs base the denial or the qualification of the admission.

ANSWER:

**Plaintiffs object to this request as it is overly broad and unduly burdensome, and it requests information protected by the work product doctrine.  These Defendants served 142 requests for admissions.  Information supporting any denials of those requests is contained in Plaintiffs responses to those requests.  Those responses are incorporated herein by reference.**

First Supplemental ANSWER:

**This supplemental answer is limited to explaining the denial of Requests for Admission Numbers 1 and 2 per Judge Boal's September 8, 2015 order.  Plaintiffs incorporate by reference their responses to RFAs 1 and 2 into their response to Interrogatory 2. Plaintiffs further state that  HCPCS J1040, J1020 and J1030 could be used to bill for the steroid injection; however, Plaintiffs believe that some (if not most) third-party payors would not separately reimburse for these codes.  In fact, in the 2012 ambulatory surgery fee schedule, Medicare (which many third party payors follow) indicates that these codes are "packaged service/item; no separate payment made."[1]  As such, Defendants would have no reason to bill for these codes since the cost of the steroid would need to be covered in what third-party payors would actually reimburse.  Based on the limited review of documents presently available to Plaintiffs' Counsel, in this case, the facility fee would cover the steroid administered to patients as this fee covers "drugs and biologicals for which**

---

[1] This publicly available document is available at http://www.cms.gov/Medicare/Medicare-Fee-for-Service-Payment/ASCPayment/11_Addenda_Updates.html.

separate payment is not made under the OPPS [CMS' Outpatient Prospective Payment System], surgical dressings, supplies, splints, casts appliances, and equipment."[2]

---

[2] This publicly available document is located at www.cms.gov/Outreach-and-Education/Medicare-Learning-Network-MLN/MLNProducts/downloads/AmbSurgCtrFeepymtfctsht508-09.pdf<http://www.cms.gov/Outreach-and-Education/Medicare-Learning-Network-MLN/MLNProducts/downloads/AmbSurgCtrFeepymtfctsht508-09.pdf>.

Dated:  September 29, 2015

Respectfully submitted,

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS
PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee
State Chair*