UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2419 ) Dkt. No. 1:13-md-2419-RWZ ) |
| This Document Relates to Suits Naming: | ) ) ) |
| Saint Thomas Outpatient Neurosurgical Center, LLC | ) ) ) ) |

**STOPNC DEFENDANTS' MOTION TO STAY A DECISION ON THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON THE PLAINTIFFS' PRODUCT LIABILITY CLAIMS**

---

The Defendants, Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD (frequently referred to as the "Tennessee Clinic Defendants" and herein referred to as the "STOPNC Defendants") move the Court to stay a decision on the Plaintiffs' and STOPNC Defendants' competing motions for summary judgment on the Plaintiffs' product liability claim.[1]

As grounds for the motion, the STOPNC Defendants state:

---

[1] The Plaintiffs' motion is at Doc. 2300. The STOPNC Defendants' cross-motion for summary judgment is at Doc. 2462.

1.     The competing motions ask the Court to decide a question of Tennessee law: whether, in the factual context of these cases, a health care provider can be held strictly liable for a defective medication used incidental to a medical procedure.

2.     As the Court recognized in its earlier order on the STOPNC Defendants' Motion to Dismiss, the Tennessee Supreme Court has not specifically spoken to this issue.[2] Thus, this precise question of Tennessee law remains unresolved, with no specific authoritative Tennessee decision for this Court to follow.

3.     Both sides agree that this issue – whether the Defendants can be held strictly liable as "sellers" of unknowingly contaminated medication under the Tennessee Product Liability Act of 1978 – is important to the trials and outcome of the MDL. The Plaintiffs have represented to the Court that resolution of the product liability issue "will shape the future course of this litigation dramatically."[3] The STOPNC Defendants agree that this is a central issue in the cases.

4.     Because the specific issue has not been decided by a Tennessee appellate court, the First Circuit instructs the district court to either "certify [the issue] to the state's highest court, or undertake its prediction when the course the state courts would take is reasonably clear."[4]

---

[2] Doc. 1360 at 29 ("As of the date of this opinion, there are no cases dealing with the interaction of products liability claims with the THCLA.").
[3] Doc. 2350.
[4] *Van Haaren v. State Farm Mut. Auto. Ins. Co.*, 989 F. 2d 1, 3 (1st Cir. 1993) (internal citations and quotations omitted).

5.     If the Court intends to pursue the latter course, the Court should look at relevant state precedent, analogous decisions, persuasive authority, scholarly works, "and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand."[5] The Court should also look at relevant state policy considerations.[6]

6.     As outlined in the STOPNC Defendants' brief filed in support of their motion for summary judgment and in opposition to the Plaintiffs' motion for summary judgment, the Defendants believe strongly that analogous Tennessee law, persuasive authority (including all respected tort commentators), and the law of sister states all clearly point this Court to a ruling that the Plaintiffs' product liability claims fail as a matter of law in this factual context. Thus, if this Court wishes to try its hand at predicting the rule of Tennessee, the STOPNC Defendants believe the course is obvious, given the undisputed facts of these cases.

7.     However, like the First Circuit, district courts recognize that certification of state law issues is often preferable in situations like this: "Since this question deals directly with legislative policy that is uniquely Tennessee's, it would be preferable for it to be resolved in the Tennessee courts….[C]ertification of state law questions to state courts provides the most direct and feasible means of clarifying unsettled areas of state law."[7]

---

[5] *Tri-Cont'l Leasing v. Cicerchia*, 664 F. Supp. 635, 638 (D. Mass. 1987) (additional cites omitted).
[6] *See Moores v. Greenberg*, 834 F. 2d 1105, 1107 (1st Cir. 1987).
[7] *Seals v. Sears Roebuck and Co.*, 688 F. Supp. 1252, 1256 (E.D. Tenn. 1988).

8. District courts have broad discretion to stay proceedings or portions of proceedings in the appropriate circumstances.[8]

9. In this procedural setting, the STOPNC Defendants urge the Court to stay ruling on the product liability issue. Respectfully, this is the most prudent course at this point in the litigation because certification of the issue to the Tennessee Supreme Court is already underway in a related case.[9]

10. The Middle District of Tennessee, in a declaratory judgment action related to this MDL,[10] has ordered the product liability issue certified to the Tennessee Supreme Court for decision. The Middle District of Tennessee held, in ordering certification, that "[a] decision by the Tennessee Supreme Court [on the product liability issue] would resolve this declaratory judgment action as well as that issue in the MDL. This would seem to be the most efficient use of the time and resources *of all the courts* involved in this matter."[11]

11. Virtually all of the Plaintiffs in the Tennessee cases have been permitted to intervene in the declaratory judgment action.[12] Thus, the same lawyers briefing the motions for summary judgment in this Court[13] are litigating the exact same issue in the declaratory judgment action.

---

[8] *See, generally, United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 657-58 (D. R.I. 1987) (recognizing, in case involving potential stay of civil case in light of concurrent criminal investigation, that courts should utilize judicial discretion and procedural flexibility in considering whether to invoke stay).

[9] *State Farm Fire and Casualty Company vs. Specialty Surgery Center, PLLC, et al.*, Case No. 2:15-cv-00026 (M.D. Tenn.). The Middle District order for certification is at Doc. 77 (Magistrate Judge's order) and Doc. 98 (District Judge affirming order).

[10] The declaratory judgment action was filed by the insurer for Specialty Surgery Center, another of the Tennessee Clinic Defendants with Tennessee product liability claims pending against it in the MDL.

[11] *State Farm*, No. 2:15-cv-00026 (M.D. Tenn.), Doc. 77, at 4 (emphasis supplied).

[12] The motions to intervene in the declaratory judgment action are at Docs. 78, 83, 88. The order permitting intervention is at Doc. 100.

[13] Specifically, the attorney who filed the Plaintiffs' motion for partial summary judgment and members of the PSC have been actively involved in certification of the issue to the Tennessee Supreme Court in the declaratory judgement action.

12. As of the filing of this motion, all sides in the declaratory judgment action have proposed certification orders (the order that goes to the Tennessee Supreme Court, asking it to decide a specific legal question).[14] The Middle District is presumably considering those proposed orders, with plans to send the Tennessee Supreme Court a certified question in the near future.

13. After the Middle District sends the certification order to the Tennessee Supreme Court, the opening brief is due in 20 days, the response 20 days after, and a reply ten days after that.[15] The Tennessee Supreme Court, assuming it does not reject the certification, will then order argument or simply issue an opinion.[16]

14. Because the Middle District of Tennessee's certification of the product liability issue in a related case is underway, likely resulting in a binding ruling, the most reasonable course is for this honorable Court to stay ruling on the competing motions for the time being and await an opinion from the Tennessee Supreme Court. Doing so will save this Court from having to predict what the Tennessee Supreme Court would do, and avoid the time and expense of litigating the same issue in two forums.

---

[14] The competing proposed certification orders are attached as collective exhibit 1 to this motion. Presumably, the Middle District will sign one of the proposed certification orders or craft its own.
[15] TENN. SUP. CT. R. 23.
[16] TENN. SUP. CT. R. 23.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 3rd day of December, 2015.

/s/ Chris J. Tardio
**Chris. J. Tardio**

6