Copy

FILED
2013 MAY 31 PH 3:21

RICHARD R. ROOKER, CLERK

_____ D.C.

IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

WAYNE A. REED, individually and as
husband and next of kin of decedent,
DIANA E. REED,

    Plaintiff,

v.

ST. THOMAS OUTPATIENT
NEUROSURGICAL CENTER, LLC,
HOWELL ALLEN CLINIC, a Professional
Corporation, SAINT THOMAS NETWORK,
SAINT THOMAS HEALTH, and SAINT
THOMAS HOSPITAL

    Defendants.

Case No. 13C417
Jury Demand

---

### ORDER DENYING MOTION TO COMPEL PRODUCTION OF REPORTS AND COMMUNICATIONS BETWEEN ST. THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC AND MICHAEL O'NEAL

---

On May 14, 2013 and May 16, 2013, the Court heard argument on the Plaintiff's Motion to Compel production of reports and communications between St. Thomas Outpatient Neurosurgical ("STOPNC") and its pharmacist consultant, Michael O'Neal.[1] After reviewing the extensive briefing and supplemental filings and hearing arguments on the issues presented on two separate days, the Court hereby DENIES the Plaintiff's Motion to Compel. The Court finds that the reports and communications related to Mr. O'Neal's pharmacy consulting for STOPNC are protected from discovery by the Tennessee Patient Safety and Quality Improvement Act of 2011 ("TPSQIA"), codified at Tenn. Code Ann. § 63-1-150, and § 68-11-272.

---

[1] At oral argument, the Court orally ordered defense counsel to reveal Mr. O'Neal's name over the Defendants' objection to the discoverability of the name. The Defendants complied in open court.

EXHIBIT 3

Copy

At the outset of its ruling, the Court acknowledges that:

> It is the policy of this state to encourage the improvement of patient safety, the quality of patient care and the evaluation of the quality, safety, cost, processes and necessity of healthcare services by hospitals, healthcare facilities and healthcare providers. Tennessee further recognizes that certain protections must be available to these entities to ensure that they are able to effectively pursue these measures.[2]

The Court further recognizes that this policy was also evident in Tennessee's previous "peer review" statute.[3] The Tennessee General Assembly has made it clear that it intends to protect these stated policies by extending privilege and protection from discovery to documents and communications related to quality improvement and peer review functions. Confidentiality in these functions is essential.

The Court finds that, in order to carry out these stated goals, healthcare providers and others engaged in the quality improvement process must be able to evaluate and critique healthcare services, without fear that such evaluations and criticisms will be used against healthcare providers at a subsequent judicial proceeding. To that end, those activities must be kept confidential and must be privileged from disclosure in discovery.

As applied to the case at bar, based on the record currently before the Court, the Court finds that TPSQIA protects from discovery any "records," including communications and reports, connected with Mr. O'Neal's activities as STOPNC's pharmacist consultant. This includes, but is not limited to, his reports and any communications between Mr. O'Neal and STOPNC related to his pharmacy consulting.

---

[2] Tenn. Code Ann. § 68-11-272(a).
[3] Tennessee Peer Review Law of 1967, previously codified at Tenn. Code Ann. § 63-6-219 (repealed).

2

Copy

The Court specifically finds that Michael O'Neal acted as a Quality Improvement Committee as defined by TPSQIA, which provides:

> "Quality improvement committee" or "QIC" means a committee formed or retained by a healthcare organization, an activity of a healthcare organization, or one (1) or more individuals employed by a healthcare organization performing the types of functions listed in subdivisions (4)(A)-(P), the purpose of which, or one (1) of the purposes of which is to evaluate the safety, quality, processes, costs, appropriateness or necessity of healthcare services...[4]

TPSQIA provides a nonexhaustive list of functions Quality Improvement Committees perform in achieving the purposes enumerated the statute. Those functions include:

(A) Evaluation and improvement of the quality of healthcare services rendered;

(B) Determination that health services rendered were professionally indicated or were performed in compliance with the applicable standards of care;

(C) Determination that the cost of health care rendered was reasonable;

(D) Evaluation of the qualifications, credentials, competence and performance of healthcare providers or actions upon matters relating to the discipline of any individual healthcare provider;

(E) Reduction of morbidity or mortality;

(F) Establishment and enforcement of guidelines designed to keep the cost of health care within reasonable bounds;

(G) Research;

(H) Evaluation of whether facilities are being properly utilized;

(I) Supervision, education, discipline, admission, and the determination of privileges of healthcare providers;

(J) Review of professional qualifications or activities of healthcare providers;

(K) Evaluation of the quantity, quality and timeliness of healthcare services rendered to patients;

---

[4] Tenn. Code Ann. § 68-11-272(b)(4).

3

Copy

(L) Evaluation, review or improvement of methods, procedures or treatments being utilized;

(M) Participation in utilization review activities, including participation in review activities within the facility or hospital system and activities in conjunction with an insurer or utilization review agent under title 56, chapter 6, part 7;

(N) The evaluation of reports made pursuant to § 68-11-211 and any internal reports related thereto or in the course of a healthcare organization's patient safety and risk management activities;

(O) Activities to determine the healthcare organization's compliance with state or federal regulations;

(P) Participation in patient safety activities as defined at § 921 of the Patient Safety and Quality Improvement Act of 2005, P.L. 109-41, as amended.[5]

The Court finds that Mr. O'Neal was performing one or more of these functions as STOPNC's pharmacist consultant. And, Debra Schamberg and STOPNC engaged in similar quality improvement functions in receiving Mr. O'Neal's reports and evaluations.

For the foregoing reasons, the Plaintiff's Motion to Compel production of reports and communications between STOPNC and Michael O'Neal, its pharmacist consultant, is hereby DENIED.

It is so ordered.

This the ___ day of _____, 2013.

_____
Hon. Judge Binkley

---

[5] Tenn. Code Ann. § 68-11-272(b)(4)(A)-(P).

Copy

Submitted for entry,

**GIDEON, COOPER & ESSARY, PLC**

_____

**C.J. Gideon, Jr., #6034
Chris J. Tardio, #23924
Matthew H. Cline, #31076
Suite 1100
315 Deaderick Street
Nashville, TN 37238
(615) 254-0400**

*Attorneys for Defendants
Howell Allen and STOPNC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following via email on this 23rd day of May, 2013:

William D. Leader, #9531
George H. Nolan, # 14974
Leader, Bulso & Nolan
414 Union Street, Suite 1740
Nashville, TN 37219

*Attorneys for Plaintiff*

William H. Lassiter, Jr.
John Overton Belcher
Lassiter Tidwell & Davis
150 4th Avenue North, Ste. 1850
Nashville, TN 37219

*Attorneys for Plaintiff*

Lela M. Hollabaugh, # 14894
Amy D. Hampton, # 22826
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, TN 37203

*Attorneys for Defendant
Saint Thomas Hospital*

Mary M. Bers, #13159
Joseph Ahillen, #028378
Office of the Attorney General
PO Box 20207
Nashville, TN 37202-0207

*Attorneys for State of Tennessee*

_____
Chris J. Tardio

5