UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No. 1:13-md-2419 (RWZ) |

**EMERGENCY MOTION OF BARRY J. CADDEN TO CONTINUE TO ATTEND DEPOSITIONS IN THIS MATTER AND TO CONTINUE TO BE SERVED WITH ALL PLEADINGS IN THE CASE OR, IN THE ALTERNATIVE, TO CLARIFY OR AMEND THE DEPOSITION PROTOCOL**

Barry J. Cadden asks the Court to order that he continue to be served by the parties in this matter with all pleadings and that his counsel not be prohibited from attending depositions remotely. Cadden has a continuing material interest in this MDL both as a named party and as a defendant in the criminal case arising out of the same facts. Because there are depositions scheduled in the next few days,[1] Cadden asks that the Court order that he continue to be treated as a party—he is still a party—until the Court can hear argument on the remainder of this motion.

**PERTINENT BACKGROUND**

As a party to this case, Cadden had been receiving all served pleadings and email invitations to attend (remotely) depositions in this case, as is his right as a defendant in this MDL. On November 9, 2015, the government intervened in the MDL to stay certain depositions. In seeking to do so, the government relied heavily on the fact that some of the defendants in the

---

[1] Although undersigned has recently been omitted from correspondence and notices concerning the scheduling of depositions, undersigned is aware of at least two depositions taking place next week on December 16 (those of former NECC employees Belmira Carvalho and Annette Robinson). There may be others taking place sooner.

1

criminal case were watching those depositions (as was permitted by the Orders in the MDL, including the Deposition Protocol). *See* Motion of the United States to Stay the Depositions of Joseph Connolly and John Notarianni, Nov. 9, 2015, Docket No. 2395. Because the government was unable to claim any true prejudice to its criminal case if the MDL defendants continued to attend the civil depositions, the government contended that "those transcripts would be available for use by the criminal defendants in trying to impeach the witnesses during the criminal trial."[2] *Id.*, at p. 2.

Two days later, because of the government's complaint that Cadden's counsel attended a deposition (as was permitted by the Deposition Protocol), the Tennessee Clinic Defendants took steps to prevent Cadden and other defendants from participating in future depositions. *See* Opposition to Emergency Motion to Stay Depositions of Joseph Connolly and John Notarianni, Nov. 11, 2015, Docket No. 2401, at p. 4 (noting that they had taken steps to ensure that Cadden and others would not be invited via email (with instructions) to attend the upcoming deposition).[3]

The government's effort to impede Cadden and others from attending depositions in this civil case is part of a larger pattern, of which the Court is well aware, of the government unfairly trying to restrict the criminal defendants' access to public information. For example, parties here had noticed depositions of certain agents of the Food and Drug Administration ("FDA"). The FDA successfully opposed those efforts; the government did not intervene at that time. At a

---

[2] Notably, this precise argument was recently rejected by a Court in this District (Burroughs, J.) when the Department of Justice unsuccessfully sought to intervene in an SEC civil enforcement action to stay discovery. *See SEC v. O'Neill*, 98 F. Supp. 3d 219, 222 (D. Mass. 2015) ("In the instant case, however, the government's investigation is complete and charges have been brought. Civil discovery might reveal aspects of the government's criminal case or result in inconsistent statements if witnesses are questioned more than once, but exposing the government's case or testing witness recollections will not fundamentally compromise an ongoing investigation."); *see also id.,* at 223 ("[T]he government is largely concerned about having to reveal discovery earlier than it might otherwise have to do so. This is a strategic and tactical consideration that has little to do with the public interest or the interests of the defendants.").

[3] In this Opposition the Tennessee Clinic Defendants carelessly suggested that undersigned had potentially violated a court order (i.e., the Deposition Protocol). This is simply not the case. Cadden has attended depositions in a case to which he is a party and has honored the terms of the protective order.

hearing last month in the MDL, however, the government acknowledged that it controlled and directed the FDA's effort to quash FDA civil deposition subpoenas. *See* Transcript of Hearing of October 14, 2015, at p. 12, line 2.

The government likewise sought to influence and control depositions here of the Massachusetts Board of Pharmacy ("BOP"), even though it claimed that the BOP was *not* a formal part of the investigation. Rather than intervene in the MDL case to oppose the deposition requests, the government apparently directed the BOP to oppose the clinics' efforts to depose agents of the BOP. *Id.,* at p. 11, lines 3-23. Only after the Massachusetts Attorney General lost the motion to oppose those BOP depositions—a motion made at the government's request—did the government intervene in the MDL case to seek another bite at the apple. The government's efforts to interfere with this civil case have been extraordinary.

## ARGUMENT

### I. Cadden may attend upcoming depositions as he is still a party to the MDL.

Cadden settled the claims against him, but judgment has not entered. Accordingly, he is still a party to the case under Federal Rule of Civil Procedure 54(b), which states that "[a]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Although the process is underway to enter judgment in favor of Cadden and the other settling defendants, that has not happened yet. Cadden, therefore, may not be excluded from pleadings, notifications, and depositions, and his counsel must continue to receive notice of upcoming depositions and instructions on how to attend remotely.

**II.     Cadden should be permitted to receive notices and attend depositions even after judgment enters.**

Cadden's ability to attend depositions in this case should not end after judgment enters. First, discovery, including depositions, is not typically confidential or subject to protective orders. Good cause must be shown to limit a party's right to disseminate information obtained in discovery. *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 6–7 (1st Cir. 1986). "It is implicit in Rule 26(c)'s 'good cause' requirement that ordinarily (in the absence of good cause) a party receiving discovery materials might make them public." *Baker v. Liggett Grp., Inc.,* 132 F.R.D. 123, 125 (D. Mass. 1990)(*quoting Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st Cir. 1988). The presumption is that discovery can be shared.

Nothing changes that non-confidential nature of the depositions here except in the limited situations where portions of the depositions are designated "confidential." The protective order here was not designed to keep discovery from Cadden. The opposite is true. In addition to protecting health information of patients in this case, the protective order is designed to protect personal, confidential, and business information belonging to Cadden and the other defendants as their sensitive information is part of the discovery in this case. *See* Third Amended Protective Order of Confidentiality, Jan. 27, 2014, Docket No. 814, at ¶¶ 2.A-K (listing types of personal and business information for which confidentiality designations may be sought). To rely on this language to exclude Cadden from depositions turns the Order on its head.

In seeking to exclude Cadden, the government and certain clinics appear to overstate the scope of the confidentiality limitations in this case. The Third Amended Protective Order of Confidentiality speaks only to information designated as "confidential" during discovery, including depositions. Deposition testimony and exhibits not designated "confidential" may be used and disclosed openly. *Id.,* at ¶ 4.F ("…only the specific page(s) and line number(s) and

4

exhibits designated as being confidential, if any, shall be treated as confidential"). Thus, there is nothing protected or highly sensitive about the depositions here.

Second, Cadden is not an uninvolved third party who is attending depositions. Cadden has a critical interest in this case, and in the depositions, both because of the criminal charges he faces and because of ongoing efforts in the MDL to assign "comparative fault" to him, among other reasons. He has no less interest in attending these depositions that bear directly on his role at NECC than the government has in intervening in this case.

Third, on its face the Deposition Protocol allows Cadden to attend depositions even after judgment enters. The Deposition Protocol stated that it applied to the parties at the time it was entered; nowhere does the Deposition Protocol provide that parties included within that Order when it was entered get excluded upon a dismissal.  To the contrary, the Protocol allows for broad attendance by those with an interest in the deposition. It states: "depositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee ("PSC"), attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent." MDL Order No. 10, Deposition Protocol, Docket No. 1426. The Order further states that "[n]othing in the joint Deposition Protocol shall be construed to limit the ability of counsel for a defendant to attend a deposition." *Id*., at ¶ E.  Indeed, the bulk of the Order is directed toward logistics of depositions in such a large case, not access to deposition testimony.

## CONCLUSION

Cadden is authorized to attend the depositions under the terms of all applicable orders in this case. As noted above, Cadden was among the "parties" referenced at the time of the Order.

"Counsel of record"—undersigned—is also entitled to attend under the plain terms of the Order. To the extent this is at all unclear, Cadden asks that the Court Order that he be permitted to continue to participate in depositions and be served with all notices and pleadings in this case.

BARRY J. CADDEN,

By his attorneys,

 /s/   Michelle R. Peirce
Michelle R. Peirce (BBO# 557316)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
(617) 720-5090
mpeirce@dbslawfirm.com

Dated:   December 8, 2015

## LOCAL RULE 7.1 CERTIFICATION

I, Michelle R. Peirce, hereby certify pursuant to Local Rule 7.1 that I attempted to resolve the issues presented in this Motion.  On December 8, 2015, I conferenced the Motion with Matthew Cline. Attorney Cline expressed that he did not oppose our requests in this Motion to attend depositions except to the extent the Government would use our attendance as grounds to deny the depositions going forward. On December 8, 2015, I also conferenced the Motion with Kim Dougherty on behalf of the Plaintiffs' Steering Committee. Attorney Dougherty indicated that the PSC would not assent to the Motion. On December 8, 2015, I also left a voicemail for Adam Schramek in an attempt to conference this Motion. Due to the emergency nature of this motion, I did not conference the motion beyond that listed above.

 /s/   Michelle R. Peirce
Michelle R. Peirce

## REQUEST FOR HEARING

Barry J. Cadden hereby requests a hearing on the issues presented in this motion.

 /s/   Michelle R. Peirce
Michelle R. Peirce

## **CERTIFICATE OF SERVICE**

      I, Michelle R. Peirce, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

                                                                           */s/  Michelle R. Peirce*
                                                                      Michelle R. Peirce

                                                                      Dated:   December 8, 2015