UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br>v.<br><br>This Document Relates to:<br><br>Gilliam v. Chowdhury, et al.<br>No: 1:15-cv-11367-RWZ<br><br>Pettit v. Cincinnati Pain Management<br>No:  1:14-cv-11224-RWZ<br><br>Brady v. Cincinnati Pain Management<br>No: 1:14-cv-10284-RWZ<br><br>Witt v. Cincinnati Pain Management<br>No: 1:14-cv-10432-RWZ<br><br>Gibson v.  Cincinnati Pain Management<br>No: 1:14-cv-11856-RWZ<br><br>Kennedy v. Advanced Pain and Anesthesia<br>No: 1:14-cv-13689-RWZ<br><br>Musselwhite , et al. v. Unifirst Corporation, et al.<br>No: 1:13-cv-13228 -RWZ<br><br>McGow v. Advanced Pain and Anesthesia<br>No:  1:12-cv-12112-RWZ<br><br>Cooper v. BKC Pain Specialists, LLC<br>No:  1:13-cv-12659<br><br>Donna Montee v. BKC Pain Specialists, LLC<br>No: 1:13-cv-12657-RWZ | MDL No: 1:13-md-2419-FDS |

**MOTION FOR ACCESS TO THE RUST/OMNI REPOSITORY**

1

1557561.v1

NOW COME defendants BKC Pain Specialists, Inc., Nikesh Batra, M.D., Adil Katabay, M.D., APAC Centers for Pain Management, Randolph Chang, M.D., James Molnar, M.D. Ann Tuttle, M.D., Cincinnati Pain Management, Marion Pain Clinic, Lori Sheets, R.N., Saud Siddiqui, M.D., Gururau Sudarshan, M.D., and Meena Chadha (collectively the "Ohio and Illinois Medical Defendants") and, by and through counsel, hereby move for an Order for immediate access to all documents contained in the Rust/Omni repository including but not limited to those pertaining to any of the Ohio and Illinois Defendants and/or their patients or claimants.[1] As grounds for this Motion, the Ohio and Illinois Medical Defendants states as follows:

1. This Motion pertains to the following cases involving the Ohio and Illinois Medical Defendants:

Sarah Gilliam, on her own behalf and as personal representative of the Estate of Alice Thompson v. [*Inter alia* Batra, Katabay, Siddiqui, Chadha, Sheets]
C.A. No. 1:15-cv-11367-RWZ;

Sally Pettit and Jeff Pettit v. [*Inter alia* Cincinnati Pain Management, Tuttle]
C.A. No. 1:14-cv-11224-RWZ;

Joseph Brady and Rebecca Brady v. [*Inter alia* Cincinnati Pain Management, Sudarshan]
C.A. No. 1:14-cv-10284-RWZ;

Jack Witt and Patty Witt v. [*Inter alia* Cincinnati Pain Management, Molnar]
C.A. No. 1:14-cv-10432-RWZ;

Victoria Gibson and Scott Gibson v. [*Inter alia* Cincinnati Pain Management, Molnar]
C.A. No. 1:14-cv-11856-RWZ;

Michael Kennedy and Barbara Kennedy v. [*Inter alia* APAC, Chang]
C.A. No.:14-cv-13689

Leslie Musselwhite v. *[Inter alia* APAC, Chang]
C.A. No. 1:13-cv-13228

---

[1] The Ohio and Illinois Medical Defendants do not seek access to any medical information pertaining to any claimant not involved in the above identified cases.

Raymond McGow v. [*Inter alia* APAC, Chang]
C.A. No. 1:12-cv-12112;

David L. Cooper, Individually and David L. Cooper and Kimberly J. Bradley Cooper, as Anticipated Co-Personal Representatives of Estate of Pamela R. Cooper v. [*Inter alia* BKC Pain Specialists, Katabay]
C.A. No. 1:13-cv-12659; and

Donna Montee v. [*Inter alia* BKC Pain Specialists, Batra]
C.A. No. 1:13-cv-12657.

2.     In June 2013, and in response to the Plaintiff Steering Committee ("PSC") and the Chapter 11 Trustee's request, the Court ordered the creation of a document repository which is known as the Rust/Omni Repository. See MDL Dkt. Nos. 192, 224, and 237.

3.     Upon information and belief, the PSC has had access to this information since the repository's inception. In a November 27, 2013 letter, the PSC informed that is "has made all formal discovery produced by plaintiffs, defendants, or non-parties available through the Rust and U.S. Legal repositories." November 27, 2013 Letter at **Exhibit A**. As to the Rust Repository, the PSC further informed that it "contains protected health information. Specifically, it contains: (i) information produced to Lead Counsel by clinics in response to Judge Boroff's order in the bankruptcy court requiring clinics to identify patients who were injected with contaminated MPA; and (ii) information produced informally by NECC that included patient information or other protected health information. Under the terms of Judge Boroff's order and the PSC's agreement with NECC, the PSC is not permitted to share any of this information with defendants at this time." **Exhibit A**.

4.     After contacting the PSC to inquire about the access to the Rust/Omni repository, the PSC issued a letter on October 23, 2015 indicating that a Court order would be needed pursuant to the June 21, 2013 Order. The PSC indicated it did not anticipate opposing any motion seeking access to the repository other than "any attempt by defendant to gain access to

3

HIPAA protected information produced by unrelated defendant clinics." See October 23, 2015 Letter at **Exhibit B**.

5.     In the Court's June 21, 2013 Order, the Court expressly provided that "[i]n the event Defendants wish to use documents, data, or other information produced pursuant to the subpoenas and this Order, they may seek permission of the Court to do so." Dkt. 192, Para. 6.

6.     Accordingly, the Ohio and Illinois Medical Defendants request an order granting them access to the documents contained in the Rust/Omni repository. The Ohio and Illinois defendants are not seeking access to private medical information of claimants not involved in the above cases. However, given that it is unclear as to what information and documents have been placed into the repository, if complete access is not provided the Order for access should include the need for the PSC to provide a general Index as to all documents in the repository so it can be understood what documents have been deposited.

WHEREFORE, the Ohio and Illinois Medical Defendants request that this Court enter an order granting them access to the documents contained in the Rust/Omni Repository which relate

to the cases listed above and that they be provided a general Index describing all documents placed or deposited into the repository.

|  |  |
|---|---|
| I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on **December 9, 2015**<br>/s/ Tory A. Weigand<br>_____ | Respectfully Submitted<br>The Defendants<br>BKC Pain Specialists, Inc.,<br>Nikesh Batra, M.D.,<br>Adil Katabay, M.D.,<br>APAC Centers for Pain Management,<br>Randolph Chang, M.D.,<br>James Molnar, M.D.<br>Ann Tuttle, M.D.,<br>Cincinnati Pain Management,<br>Marion Pain Clinic,<br>Lori Sheets, R.N.,<br>Saud Siddiqui, M.D.,<br>Gururau Sudarshan, M.D., and<br>Meena Chadha<br>By their attorney,<br><br>/s/ Tory A. Weigand<br>_____<br>Tory A. Weigand, BBO #548553<br>Anthony E. Abeln, BBO #669207<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA  02210-1181<br>(617) 439-7500<br>tweigand@morrisonmahoney.com<br>aabeln@morrisonmahoney.com |

5