# EXHIBIT B

T 617.482.3700   F 617.482.3003



Kristen A. Johnson
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com
**Direct (617) 475-1961**
kristenj@hbsslaw.com

October 23, 2015

**VIA EMAIL**

Counsel for Defendants in MDL 2419

    RE:   *In Re: New England Compounding Pharmacy, Inc.*
            MDL 2419; C.A. No.: 13-md-2419-RWZ

Counsel:

    I write to address a discovery issue that has been recently raised by a few defendants.

    As you may recall, in June 2013, in response to the PSC and Chapter 11 Trustee's request, the Court ordered the creation of a document repository that is compliant with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* MDL Dkt. Nos. 192, 224, and 237 (the "Rust/Omni Repository").

    In my letter of November 27, 2013 to all counsel for defendants (Attachment A), the PSC addressed the purpose and function of, as well as the ability to access, the two document repositories ordered by the Court: U.S. Legal and Rust/Omni.[1] The Rust/Omni repository contains (1) information produced by clinics in response to Judge Boroff's order in the bankruptcy court requiring clinics to identify patients who were injected with contaminated MPA; (2) information produced informally by NECC that included patient information or other protected health information; and (3) information produced by any other defendant or third party that contains patient information of other protected health information (which, would theoretically, include documents produced by clinics in response to the PSC's early subpoena).

    Some defendants have recently inquired about access to the Rust/Omni Repository. As mentioned in my letter of November 27, 2013, the Court's order creating the repository explicitly states that "[i]n the event Defendants wish to use documents, data or other information produced pursuant to the subpoenas and this Order, they may seek permission of the Court to do so." (MDL Dkt. No 192, at ¶6).

    The PSC does not anticipate opposing a motion by defendants seeking access to the Rust/Omni repository. We note, though, that the first bucket of documents were produced under an order issued by Judge Boroff in connection with providing notice of the bankruptcy bar date, and may only be accessed by the Chapter 11 Trustee, counsel for Creditors' Committee, and Plaintiffs' Lead Counsel in MDL 2419. And the PSC would likely resist any attempt by

---

[1] We attach the letter for reference, but recognize parts of it are outdated or no longer applicable.

October 23, 2015
Page 2

defendants to gain access to HIPAA protected information produced by unrelated defendant clinics. The PSC remains willing to meet and confer on these issues.

    Thank you.

        Sincerely,

        **/s/ Kristen A. Johnson**
        Kristen A. Johnson
        HAGENS BERMAN SOBOL SHAPIRO LLP
        55 Cambridge Parkway, Suite 301
        Cambridge, MA  02142
        (617) 482-3700
        kristenj@hbsslaw.com

        *Plaintiffs' Lead Counsel*

Encl.: Attachment A

Cc:    U.S. Attorney
       Counsel for the MA Board of Pharmacy
       Post Confirmation Officer