IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION )
                                                    )     No. MDL 1:13-md-02419
This Document Relates To: )
                                                    )

## MICHAEL O'NEAL's RESPONSE TO PSC's MOTION TO COMPEL

Plaintiff's Steering Committee ("PSC") has moved the Court to compel compliance with a subpoena duces tecum that it served upon pharmacist Michael O'Neal for an appearance on September 14, 2015, in Nashville, Tennessee. O'Neal contracted with St. Thomas Outpatient Neuro-Surgical Clinic ("STOPNC") to advise it and its physicians as to certain pharmaceutical issues. Counsel for O'Neal advised counsel who issued the subpoena that O'Neal had the following objections to the subpoena:

    (1) he was unwilling to produce any documents privileged under Tennessee law;

    (2) he was unwilling to testify about communications privileged under Tennessee law; and

    (3) he wanted to limit the overly broad demand for documents described in the subpoena.

By agreement, counsel for PSC postponed the deposition until this issue of privilege is resolved by this Court. (Judge Binkley of the Fifth Circuit Court of Davidson County, Tennessee had previously upheld O'Neal's right to assert the privilege under his contracts with STOPNC in a prior action filed and subsequently dismissed by one of the PSC plaintiffs.)

On November 23, 2015, PSC filed its motion to compel. On December 4, 2015, O'Neal filed his Motion for a Protective Order essentially dealing with the same subject of privilege.

1

O'Neal adopts his motion and memorandum as if set out herein in their entirety.

## Discussion

PSC's motion and memorandum misrepresent and mischaracterize O'Neal's position on the privilege dispute. As set out below, <u>Michael O'Neal does not oppose giving a deposition</u>. At his deposition, however, he intends to invoke privilege <u>only</u> as to his work related to improving the medical conduct, competence, and ability of STOPNC's physicians.

### AREAS IN WHICH O'NEAL WILL NOT INVOKE THE PRIVILEGE

Contrary to PSC assertions, O'Neal will not invoke the privilege for the following:

(1) questions about the contracts between STOPNC and O'Neal (PSC's Memo at pp 6-7);

(2) questions about when the contracts were effective (p. 6);

(3) questions about alleged inconsistencies between the testimony of any witness and the contracts (pp. 6-7 ); or

(4) questions about any recommendation made by O'Neal prior to STOPNC's purchase of any particular medication (pp. 14-15, 19).

### CONTENTIONS WHICH O'NEAL DOES NOT MAKE

Contrary to PSC, O'Neal does not contend that:

(1) the privilege is absolute (p.8);

(2) the privilege applies to any (i.e., all) substantive questions (p. 7);

(3) the privilege is a blanket privilege (p. 10); or

(4) the new Tennessee privilege statute should apply retroactively (p. 12).

## O'NEAL's ACTUAL POSITIONS

Contrary to PSC's argument, O'Neal's actual positions are that:

(1) the contracts between STOPNC and O'Neal are not required to state that O'Neal's work is tantamount to a medical review committee for the privilege to apply (p.14);

(2) someone from STOPNC does not have to "ask" him to do any particular work for his privilege to apply (p.14);

(3) O'Neal's work relates overwhelmingly to the medical practice of each of STOPNC's physicians (PSC implies that it was "unrelated" to STOPNC's physicians' practice of medicine) (p. 14); and

(4) The privilege applies even if O'Neal's work is directed to all of STOPNC's physicians as opposed to a single physician (p. 15).

In addition, O'Neal will produce a privilege log.

## **Conclusion**

For the reasons set out above and in O'Neal's motion for a protective order and supporting memorandum, the Court should deny PSC's motion.

Respectfully submitted,

/s/ Kathryn M.A. Young
Kathryn Young, BBO #667958
53 State Street
5th Floor
Boston, Massachusetts 02109
Phone: 617-994-4400
Facsimile: 866-593-9134
kathryn.young@cna.com

3

HOWELL & FISHER, PLLC

/s/ Stephen W. Elliott
Stephen W. Elliott, ##20062
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
Ph. No. (615) 244-3370
Attorney for Michael O'Neal

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically through the CM/ECF system on December 9, 2015, and served electronically on all counsel of record.

/s/ Kathryn M.A. Young
Kathryn Young