UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL No. 02419<br>Docket No. 1:13-md-2419-RWZ |
| This document relates to: ) ) All of the cases against the Box Hill Defendants[1] ) ) | |

## MOTION FOR ACCESS TO THE RUST/OMNI REPOSITORY

NOW COME Defendants Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (hereinafter, collectively the "Box Hill Defendants") and, by and through counsel, hereby move for an Order for immediate access to all documents contained in the Rust/Omni repository including but not limited to those pertaining to any of the Box Hill Defendants and/or their patients or claimants.[2] As grounds for this Motion, the Box Hill Defendants state as follows:

1.  This Motion pertains to the following cases involving the Box Hill Defendants:

    Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ;

    Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ;

    Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ;

    Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ;

---

[1] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

[2] The Box Hill Defendants do not seek access to any medical information pertaining to any claimant not involved in the above-identified cases.

> Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ;
>
> Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ;
>
> Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ;
>
> Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ.

2. In June 2013, and in response to the Plaintiffs' Steering Committee ("PSC") and the Chapter 11 Trustee's request, the Court ordered the creation of a document repository which is known as the Rust/Omni Repository. See MDL Dkt. Nos. 192, 224, and 237.

3. Upon information and belief, the PSC has had access to this information since the repository's inception. In a November 27, 2013 letter, the PSC informed that is "has made all formal discovery produced by plaintiffs, defendants, or non-parties available through the Rust and U.S. Legal repositories." November 27, 2013 Letter at **Exhibit A**. As to the Rust/Omni Repository, the PSC further noted that it "contains protected health information. Specifically, it contains: (i) information produced to Lead Counsel by clinics in response to Judge Boroff's order in the bankruptcy court requiring clinics to identify patients who were injected with contaminated MPA; and (ii) information produced informally by NECC that included patient information or other protected health information. Under the terms of Judge Boroff's order and the PSC's agreement with NECC, the PSC is not permitted to share any of this information with defendants at this time." **Exhibit A**.

4. After other defendant clinics contacted the PSC concerning access to the Rust/Omni repository, the PSC issued a letter on October 23, 2015 indicating that a Court order would be needed pursuant to the June 21, 2013 Order. The PSC indicated it did not anticipate opposing any motion seeking access to the repository other than "any attempt by defendant to gain access to HIPAA protected information produced by unrelated defendant clinics." See October 23, 2015 Letter at **Exhibit B**.

2

5. In the Court's June 21, 2013 Order, the Court expressly provided that "[i]n the event Defendants wish to use documents, data, or other information produced pursuant to the subpoenas and this Order, they may seek permission of the Court to do so." Dkt. 192, Para. 6.

6. Accordingly, the Box Hill Defendants request an order granting them access to the documents contained in the Rust/Omni repository. The Box Hill Defendants are not seeking access to private medical information of claimants not involved in the above cases. However, given that it is unclear as to what information and documents have been placed into the repository, if complete access is not provided the Order for access should include the need for the PSC to provide a general Index as to all documents in the repository so it can be understood what documents have been deposited.

WHEREFORE, the Box Hill Defendants request that this Court enter an order granting them access to the documents contained in the Rust/Omni Repository which relate to the cases listed above and that they provided a general Index describing all documents placed or deposited into the repository.

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

3

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that a copy of the foregoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the individual cases, and will be sent to these parties by operation of the CM/ECF system on December 10, 2015

/s/ Gregory K. Kirby
Gregory K. Kirby

# EXHIBIT A

T 617.482.3700  F 617.482.3003



Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com
Direct (617) 482-3700
tom@hbsslaw.com

November 27, 2013

**VIA EMAIL**

Re: *In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation*
MDL 2419; C.A. No.: 13-md-2419-FDS

Dear Defense Counsel:

I write on behalf of the Plaintiffs' Steering Committee ("PSC") to all defendants named in at least one case currently pending in the *In re New England Compounding Center, Inc., Products Liability Litigation*, 13-md-2419-FDS to address three discovery-related matters.

First, I respond to questions from some defendants about how to gain access to discovery materials produced to date in the MDL. The PSC has addressed access to discovery materials piecemeal as inquiries have arisen. We now write to ensure that all defendants have information on accessing the repository.

Second, I write to share the PSC's proposals for a deposition protocol, an ESI protocol, and a HIPAA-complaint medical release to be used by all plaintiffs in this litigation. The PSC began negotiating the deposition protocol and the medical release with the NECC-Affiliated Defendants many months ago. The ESI protocol is new and has not been previously presented to the NECC-Affiliated Defendants. We circulate all of these drafts for your comments.

Finally, I enclose copies of the proposed case management orders the PSC submitted to the Court in conjunction with St. Thomas's motion for reconsideration of the existing case management order. The PSC undertook negotiations with St. Thomas directly, per the Court's instruction. But the PSC wishes to hear from all defendants who have comments on how best to move this case forward in an efficient and fair manner. Our hope is that further comments on the PSC's proposals can be presented to Judge Saylor before the next status conference.

**Access to Document Repositories**

MDL Order #6 provided that any formal discovery produced by any plaintiff, defendant, or non-parties in any of the MDL cases or any other civil actions involving allegations of injury from use of an NECC product, must also be produced to Lead Counsel no later than seven days after production elsewhere. Documents must be sent to lead counsel's attention in the format produced elsewhere (whether electronic or hard copy). The Order required the PSC to create and maintain an online document repository accessible (at minimum) by the Creditors' Committee, the trustee, and plaintiffs' counsel of record in any action alleging injury related to a plaintiff's use of a product sold by NECC.

November 27, 2013
Page 2

MDL Order #6 also required that any plaintiffs' or defendants' counsel who seeks access to the repository (i) must comply with any confidentiality order and/or protective order entered in this case and (ii) may be -- at the Plaintiffs' Steering Committee's discretion -- subject to a reasonable assessment or cost-sharing arrangement as a condition precedent to use of the repository.[1]

The PSC subsequently created two document repositories to hold materials produced formally or informally. On July 2, 2013, the PSC identified their vendors in a pleading filed in the MDL docket.[2] The PSC asked that discovery produced that contained protected health information be produced to Rust/Omni and that all other discovery materials be produced to U.S. Legal.

The PSC has made all formal discovery produced by plaintiffs, defendants, or non-parties available through the Rust and U.S. Legal repositories. The PSC has provided instructions for how to access these repositories to defense counsel when asked.

*Rust Repository*

The Rust repository contains protected health information. Specifically, it contains: (i) information produced to Lead Counsel by clinics in response to Judge Boroff's order in the bankruptcy court requiring clinics to identify patients who were injected with contaminated MPA and (ii) information produced informally by NECC that included patient information or other protected health information. Under the terms of Judge Boroff's order and the PSC's agreement with NECC, the PSC is not permitted to share any of this information with defendants at this time.

*U.S. Legal Repository*

The U.S. Legal repository contains all other discovery produced in the MDL proceedings to Lead Counsel or the PSC to date. Specifically, it contains: (i) information produced by clinics, clinic-related entities, and other defendants who have not elected to participate in mediation pursuant to the PSC's subpoenas or other discovery requests (ii) informal productions by NECC that do not include patient information or other protected health information.

---

[1] The Order requires the PSC to agree with the Creditors' Committee as to any assessment. The PSC understands that the Creditors' Committee has not yet formulated a position on the proposed assessment.

[2] Dkt. No. 224.

November 27, 2013
Page 3

Under the terms of the PSC's agreement with NECC, the PSC is not permitted to share documents in category (ii) with defendants at this time. Defendants may access the documents in category (i).

The PSC has born, and will continue to bear, the continued costs of populating, hosting, and maintaining the repository. As contemplated by MDL Order #6, each unaffiliated defendant – *not* each law firm – who wishes to access the repository will be assessed a one-time fee of $3,000.00 for access to the repository. This fee is based on both charges associated with setting up and maintaining the repository to date, as well as an estimate of the costs expected to be incurred going forward. Should the costs associated with maintaining the repository for the duration of the litigation be less than the PSC anticipates, the PSC will equitably refund a portion of the user fee. Likewise, should these costs wildly exceed the PSC's best estimates, the PSC reserves the right to ask the Court to impose additional assessments on users.

U.S. Legal offers a number of options for accessing the documents. The simplest, and least expensive, option allows you to view and download documents (only). U.S. Legal can also create platforms that accommodate document review and/or attorney work product directly in the repository. Any expenses incurred in adding functionality beyond the "view and download" option will be born by the defendants requesting the same (on top of the one-time fee).

To access the documents in category (i), please send a check made out to the "NECC Litigation Fund" to Lead Counsel's firm at the following address:

> Hagens Berman Sobol Shapiro LLP
> Attn: Stefanie Knowlton, Accounting
> 1918 Eighth Ave, Suite 3300
> Seattle, WA 98101[3]

Then contact Kathleen Dwyer (T: (917) 512-7507, kdwyer@uslegalsupport.com) at U.S. Legal directly to arrange for access. The PSC will provide U.S. Legal with a list of defendants who have paid the user fee and may therefore access the depository.

**Proposed Deposition Protocol, Case Management Order, and Protocols**

Two days ago, the PSC filed a proposed case management order related to discovery, pleadings, and bellwether issues. In its filings, the PSC invited defendants to comment on the proposed CMO and the protocols and other documents attached to this letter.

---

[3] Or, contact Mike Barker, mikeb@hbsslaw.com, for wiring instructions.

November 27, 2013
Page 4

Attached to this letter are:

1) A Word version of the proposed CMO filed Monday by the PSC;

2) The PSC's proposed Plaintiff Profile Form (the same form used as the PITWD addendum to the proof of claim form required in the bankruptcy)

3) A HIPAA compliant medical release the PSC proposes to use with the Plaintiff Profile Form;

3) A proposed deposition protocol; and

4) A proposed ESI protocol.

    Comments and suggestions on each of these documents are welcome. The PSC hopes that Judge Saylor will rule on the entry of the CMO by, at the latest, the December 13, 2013 status conference. The remaining protocols we hope to have negotiated with all defendants by the dates indicated in the proposed CMO.

    To this end, we propose an open call between the PSC and all defendants on **Wednesday, December 3, 2013** at **2:00 Eastern**. We will circulate a dial in by email after the holiday.

    Thanks very much. And happy Thanksgiving.

                           Sincerely,

                            **/s/ Thomas M. Sobol**
                            Thomas M. Sobol
                            HAGENS BERMAN SOBOL SHAPIRO LLP

                            *Lead Counsel,*
                            *On Behalf of the Plaintiffs' Steering Committee*

Cc:    Plaintiffs' Steering Committee
        Chapter 11 Trustee
        Affiliated Defendants

# EXHIBIT B

T 617.482.3700   F 617.482.3003

**HAGENS BERMAN**

Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com
Direct (617) 475-1961
kristenj@hbsslaw.com

October 23, 2015

**VIA EMAIL**

Counsel for Defendants in MDL 2419

    RE:    *In Re: New England Compounding Pharmacy, Inc.*
             MDL 2419; C.A. No.: 13-md-2419-RWZ

Counsel:

    I write to address a discovery issue that has been recently raised by a few defendants.

    As you may recall, in June 2013, in response to the PSC and Chapter 11 Trustee's request, the Court ordered the creation of a document repository that is compliant with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* MDL Dkt. Nos. 192, 224, and 237 (the "Rust/Omni Repository").

    In my letter of November 27, 2013 to all counsel for defendants (Attachment A), the PSC addressed the purpose and function of, as well as the ability to access, the two document repositories ordered by the Court: U.S. Legal and Rust/Omni.[1] The Rust/Omni repository contains (1) information produced by clinics in response to Judge Boroff's order in the bankruptcy court requiring clinics to identify patients who were injected with contaminated MPA; (2) information produced informally by NECC that included patient information or other protected health information; and (3) information produced by any other defendant or third party that contains patient information of other protected health information (which, would theoretically, include documents produced by clinics in response to the PSC's early subpoena).

    Some defendants have recently inquired about access to the Rust/Omni Repository. As mentioned in my letter of November 27, 2013, the Court's order creating the repository explicitly states that "[i]n the event Defendants wish to use documents, data or other information produced pursuant to the subpoenas and this Order, they may seek permission of the Court to do so." (MDL Dkt. No 192, at ¶6).

    The PSC does not anticipate opposing a motion by defendants seeking access to the Rust/Omni repository. We note, though, that the first bucket of documents were produced under an order issued by Judge Boroff in connection with providing notice of the bankruptcy bar date, and may only be accessed by the Chapter 11 Trustee, counsel for Creditors' Committee, and Plaintiffs' Lead Counsel in MDL 2419. And the PSC would likely resist any attempt by

---

[1] We attach the letter for reference, but recognize parts of it are outdated or no longer applicable.


October 23, 2015
Page 2

defendants to gain access to HIPAA protected information produced by unrelated defendant clinics. The PSC remains willing to meet and confer on these issues.

    Thank you.

                         Sincerely,

                          **/s/ Kristen A. Johnson**
                          Kristen A. Johnson
                          HAGENS BERMAN SOBOL SHAPIRO LLP
                          55 Cambridge Parkway, Suite 301
                          Cambridge, MA 02142
                          (617) 482-3700
                          kristenj@hbsslaw.com

                          *Plaintiffs' Lead Counsel*

Encl.: Attachment A

Cc:   U.S. Attorney
      Counsel for the MA Board of Pharmacy
      Post Confirmation Officer