Copy

FILED

IN THE CIRCUIT COURT FOR MARION COUNTY, TENNESSEE
2012 JUL 26 PM 3: 39

RICHARD R. ROOKER, CLERK

D.C.

| | | |
|---|---|---|
| LARRY BRIAN BRONSON SMITH, Administrator Ad Litem of the Estate of JUDY ANN SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY DEMAND (12) |
| SP ACQUISITION CORP. d/b/a GRANDVIEW MEDICAL CENTER; KARRIE BARNETT, R.N.; and RORY JUSTO, M.D. | ) ) ) ) ) | NO. 19019 |
| Defendants. | ) ) | |

COPY

## ORDER

On July 11, 2011, the Motion for Protective Order filed on behalf of SP Acquisition Corp., d/b/a Grandview Medical Center, and Karrie Barnett, R.N., came on to be heard before the Honorable J. Curtis Smith. Based on the pleadings, the record, and argument of counsel, this Court finds that the motion is well-taken and should be granted. Specifically, the Court finds that the recent adoption of the "Tennessee Patient Safety and Quality Improvement Act of 2011," codified at TENN. CODE ANN. § 68-11-272 and § 63-1-150, bars any further use of the hospital peer review materials produced by Grandview Medical Center pursuant to this Court's Order of February 10, 2011, and bars the discovery of any hospital peer review conducted by Grandview Medical Center, even though the hospital peer review was conducted before the April 2011 adoption of the "Tennessee Patient Safety and Quality Improvement Act of 2011." Additionally, the Court orders the parties to return to counsel for the hospital all materials produced by Grandview Medical Center pursuant to this Court's Order of February 10, 2011, and, to



EXHIBIT
1

Copy

the extent feasible, permanently delete or destroy any electronic copies or versions of those hospital peer review documents. The further use or dissemination of these hospital peer review materials is not permitted under this Court's ruling.

**IT IS SO ORDERED.**

**ENTERED** this 26 day of July, 2011.

_____
J. CURTIS SMITH, CIRCUIT JUDGE

**APPROVED FOR ENTRY:**

**GIDEON, COOPER & ESSARY, PLC**

By: _____
Bryan Essary, #14304
Kim J. Kinsler, #23277

1100 Noel Place
200 Fourth Avenue North
Nashville, Tennessee 37219-2144
(615) 254-0400
Attorneys for SP Acquisition Corp., d/b/a
Grandview Medical Center, and Karrie
Barnett, R.N.



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished, by U. S. Mail, this 12th day of July, 2011, to the following:

Ira M. Long, Jr.
Weill & Long
1205 Tallan Building
2 Union Square
Chattanooga, Tennessee 37402
*Attorney for Plaintiff*

Marty R. Phillips
Rainey, Kizer, Reviere & Bell PLC
P. O. Box 1147
Jackson, Tennessee 38302-1147
*Attorney for Rory Justo, M.D.*

Stephen T. Greer
P. O. Box 758
Dunlap, Tennessee 37327
*Attorney for Plaintiff*



Copy

FILED

**IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**
**AT NASHVILLE**

2012 JUL 26  PM 3: 39

RICHARD R. ROOKER, CLERK

_____ D.C.

| | |
|---|---|
| MICHAEL BURNETTE, as the surviving Spouse of CARMEN INGRID BURNETTE, Deceased,<br><br>                Plaintiff,<br><br>v.<br><br>CHARLES T. BRANNON, M.D.,<br>DONALD LEE PHILLIPS, C.R.N.A,<br>NEUROSURGICAL<br>ANESTHESIOLOGISTS, PLC,<br>BAPTIST WOMEN'S HEALTH CENTER,<br>LLC, d/b/a THE CENTER FOR SPINAL<br>SURGERY, TENNESSEE ORTHAPAEDIC<br>ALLIANCE, P.A., and<br>EDWARD S. MACKEY, M.D.,<br><br>                Defendants. | CASE NO. 11-C3778<br>JURY DEMAND |

---

**DEFENDANT NEUROSURGICAL ANESTHESIOLOGISTS PLC's SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

---

Defendant Neurosurgical Anesthesiologists, PLC (the "Anesthesiologists"), submits this supplemental memorandum in opposition to Plaintiff's Motion to Compel Discovery from Baptist Women's Health Center, LLC (the "Motion"). Plaintiff filed his Motion on July 13, 2012 without a memorandum of law, which is required under the local rules. The Motion was noticed for hearing on July 27, 2012. On July 23, 2012, the Anesthesiologists filed a response in opposition to the Motion (the "Response"), which was adopted by Baptist Women's Health Center, LLC ("Baptist") in its filing on the same day. On July 24, 2012, at 5:21 pm, three days before the hearing on the Motion, Plaintiff served a 37-page document, including a Memorandum in Support of Plaintiff's Motion to Compel (the "Memorandum"), with supporting


cases.  The Memorandum should be stricken as untimely filed.  Furthermore, the arguments set forth in the Memorandum fail as a matter of law for the reasons set forth below.

I.      **The current peer review privilege statute should apply retroactively.**

The Tennessee Supreme Court's ruling in *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515 (Tenn. 2010), limited the Tennessee Peer Review Law, Tenn. Code Ann. § 63-6-219 (repealed) to "peer review proceedings involving a physician's professional conduct, competence, or ability to practice medicine." *Id.* at 536.  The Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. § 63-1-150 (the "2011 Act"), repealed the Tennessee Peer Review Law and clarified that the scope of the privilege extends beyond physician conduct and includes the evaluation of quality, safety, cost, processes and necessity of healthcare services by healthcare providers and by other entities.

It is undisputed that the communications at issue would be privileged under the 2011 Act. The issue is whether the amended statute should apply retroactively.  Tennessee appellate courts have not addressed the retroactive application of the 2011 Act, however, at least one Tennessee trial court has found that the discovery of hospital peer review materials that were created prior to the adoption of the 2011 Act were privileged and inadmissible in the litigation. *See Smith v. SP Acquisition Corp.*, et al., Case No. 19019, Circuit Court for Marion County, Tennessee, July 26, 2011 Order (ordering the return of materials that had been produced prior to the adoption of the 2011 Act) (copy attached hereto).

Under Tennessee law, the 2011 Act should apply retroactively because it is procedural, and Plaintiff fails to show otherwise.  *See Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998) (holding courts should apply procedural or remedial statues to causes of action arising before the new statute became law and to suits pending when the legislation took effect); *see also Roberts v. Sanders*, No. M1998-00957-COA-R3-CV, 2002 Tenn. App. LEXIS 140, *50

2

Copy

(Tenn. Ct. App. Feb. 22, 2002) ("[A] statute that merely changes a rule of practice applies to all pending cases.")

Courts in Florida and Georgia have likewise held that amendments to laws governing the discovery or admissibility of evidence are procedural, and therefore, apply retroactively. *See Florida Hosp. Waterman, Inc. v. Buster*, 984, So.2d 478 (Fla. 2007); *Mason v. Home Depot U.S.A., Inc.*, 658 S.E.2d 603 (Ga. 2008) (filed previously). Plaintiff attempts to distinguish these cases based on fact-specific issues that are irrelevant here. Both of these cases stand for the proposition that parties do not have a vested right to the application of procedural law, including evidentiary rules. Plaintiff relies upon *Lee Medical* to argue that "Tennessee citizens have a vested right to 'every man's evidence'..." (Memorandum at 8), which does not support this argument. On the contrary, Tennessee courts have held that there is no vested right in having controversies determined by existing rules of evidence. *See, e.g., Brewer v. Aetna Life Ins. Co.*, 490 S.W.2d 506, 511 (Tenn. 1973) (holding that statute creating a rebuttable presumption that a fireman who dies of a disease of the lungs, hypertension or heart disease, did so in the line of duty, and in the course and scope of his employment could be applied retrospectively). In *Brewer*, the Tennessee Supreme Court stated:

> It must be evident that the right to have one's controversies determined by existing rules of evidence is not a vested right. These rules pertain to the remedies which the state provides for its citizens, and, generally in legal contemplation, they neither enter into and constitute a part of any contract, nor can they be regarded as being of the essence of any right which a party may seek to enforce. Like other rules affecting the remedy, they must, therefore, at all times be subject to modification and control by the legislature; and the changes which are enacted may lawfully be made applicable to existing causes of action, even in those states in which retrospective laws are forbidden.

*Id.* (citing *Marx v. Hanthorn*, 148 U.S. 172 (1893)). The Tennessee Peer Review Law is an <u>evidentiary</u> privilege. *See Powell v. Cmty. Health Sys.*, 312 S.W.3d 496, 499 (Tenn.

Copy

2010); *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010). As such, Plaintiff has no vested right in the privilege as it existed prior to the 2011 Act. Thus, the 2011 Act applies to this action and provides that Plaintiff is not entitled to discover the privileged communications that he seeks.

As Plaintiff's own late-filed Memorandum concedes on page six (6), laws are also applied retroactively if they are "remedial" in nature. *Henderson v. Ford*, 488 S.W.2d 720, 721 (Tenn. 1972). Similar to the everyday definition of its root word, remedy, "remedial" statutes demonstrate "a legislative intent to amend an area of the common law, and shall be construed liberally." *Jordan v. Baptist Three Rivers Hosp.*, 984 SW 2d 593, 599 (Tenn. 1999). A statute is also remedial "if it provides the means by which a cause of action may be effectuated, wrongs addressed, and relief obtained." *Doe v. Sundquist*, 2 SW 3d 919, 924 (Tenn. 1999).

Plaintiff concedes that Tenn. Code Ann. § 68-11-272 was enacted by the legislature "in response to the holding in *Lee Medical* . . ." Plaintiff's "Memorandum In Support of Plaintiff's Motion to Compel," filed July 24, 2012, at pg. 5. As such, the law was clearly designed to "amend an area of the common law" that had been incorrectly interpreted and applied by the Tennessee Supreme Court. The law affects discoverability and evidentiary privileges—"the means by which a cause of action may be effectuated"—including those applicable to a cause of action alleging wrongful death and medical malpractice such as the case at bar. Simply put, Tenn. Code Ann. § 68-11-272 was an unequivocal statement by the Tennessee legislature that it had *always* intended for the courts to protect from discovery the types of information sought by the Plaintiff in this case. The law is clearly procedural *and* remedial in nature, and must be applied retroactively.

4

## II.     The common interest privilege applies in this case.

Plaintiff's argument regarding "whether the 'joint defense doctrine' allows one physician to communicate a patient's confidential health information through a chain of attorneys to other parties" is a red herring.  The defendants asserted the common interest privilege in response to Plaintiff's overly broad request for "all communications regarding Carmen Burnette," primarily to protect usual and customary communications among counsel for defendants.  Plaintiff incorrectly assumes that the defendants have exchanged Ms. Burnette's confidential health information.  Neither the defendants nor their attorneys have discussed any health information that is not found in the medical records, which every defendant possesses pursuant to authorized discovery in this case.  *See* Affidavit of David King (Attached as Exhibit 1).  Thus, Plaintiff's assumption that "ex parte medical discovery" has occurred is unfounded.  This Court should sustain Baptist's objection to disclosing information protected by the common interest privilege, as all of the elements of a common interest privilege have been established (See affidavit of David A. King.)

5

6



## CERTIFICATE OF SERVICE

I hereby certify that on this 26ᵗʰ day of July, 2012 a copy of the foregoing was served via email and U.S. Mail, postage prepaid, on the following:

Jon E. Jones Esq.
Patrick Shea Callahan Esq.
LAW OFFICE OF JON E. JONES
P.O. Box 699
Cookeville, TN 38503-0699
*Counsel for Plaintiff*

Robert Patterson, Esq.
Amy D. Hampton, Esq.
Bradley Arant Boult Cummings, LLP
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Defendant Center for Spinal Surgery*

Noel F. Stahl, Esq.
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
*Counsel for Defendants Tennessee Orthopedic Alliance & Edward Mackey, MD*

David A. King

10986853.2

7

Copy

IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

FILED

2012 OCT 22  PM 12: 26

RICHARD R. ROOKER, CLERK

_____ D.C.

MICHAEL BURNETTE, as the Surviving Spouse of
CARMEN INGRID BURNETTE, deceased,                          )

       **Plaintiff,**                                                )

v.                                                         )

                                                                )          No. 11C3778

CHARLES T. BRANNON, M.D., DONALD LEE              )
PHILLIPS, C.R.N.A., NEUROSURGICAL                 )          **JURY DEMAND**
ANESTHESIOLOGISTS, PLC, BAPTIST                   )
WOMEN'S HEALTH CENTER, LLC, d/b/a THE             )
CENTER FOR SPINAL SURGERY, TENNESSEE              )
ORTHOPAEDIC ALLIANCE, P.A., and EDWARD            )
S. MACKEY, M.D.,                                  )
                                                                )
       **Defendants.**                                           )

---

## ORDER

---

      This matter came before the Court on July 27, 2012 on Plaintiff's Motion to Compel complete responses to his Third Set of Interrogatories and Requests for Production.[1] Based upon the Motion to Compel, Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel, Baptist Women's Health Center, LLC d/b/a The Center for Spinal Surgery's ("CSS") Response to Plaintiff's Motion to Compel, CSS' Reply to Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel, the Response of Neurosurgical Anesthesiologists, PLC and the arguments of counsel, the Court finds that the Plaintiff's Motion to Compel is due to be denied.

      Plaintiff's Motion to Compel specifically contests certain objections by CSS to Plaintiff's Third Set of Interrogatories and Requests for Production.  Although Plaintiff does not

---

[1] Plaintiff also filed and set for hearing on this same date Plaintiff's Motion to Compel responses to his Fourth Set of Interrogatories and Requests for Production.  However, Plaintiff represented to the Court, and counsel for CSS agreed, that all issues related to this Motion were resolved prior to and without the need for a hearing.  Thus, Plaintiff's Motion to Compel his Fourth Set of Interrogatories and Requests for Production is deemed to be withdrawn.

direct the Court to specific Interrogatories to which he takes issue, he generally seeks to compel CSS to respond to discovery requests to which CSS has asserted the so-called "peer review" privilege, codified at Tenn. Code Ann. § 68-11-272 and § 63-1-150 and previously codified at Tenn. Code Ann. § 63-6-219 (now deleted). Plaintiff also seeks to compel CSS to respond to discovery requests to which CSS has asserted a Joint Defense/Common Interest Privilege.

The Court finds that the Tennessee Patient Safety and Quality Improvement Act of 2011 (the "Act"), codified at Tenn. Code Ann. § 68-11-272 and § 63-1-150 and frequently referred to as the "peer review" statutes, meets the requirements under Tennessee law and is intended by the Tennessee Legislature to be applied retroactively to May 24, 2010.[2] The Act shares the same title and purpose as the prior "peer review" privilege, which was codified at Tenn. Code Ann. § 63-6-219 (now deleted). Like its predecessor statute, the clear policy of the new act is "to encourage the improvement of patient safety, the quality of patient care, and the evaluation of the quality, safety, cost, processes and necessity of healthcare services by hospitals, healthcare facilities, and healthcare providers." Tenn. Code Ann. § 68-11-272, § 63-1-150 and § 63-6-219 (now deleted). Both acts unequivocally provide that "certain protections must be available to these providers and entities to ensure that they are able to effectively pursue these measures." Id. Both acts function to create a cloak of confidentiality so that hospitals and healthcare providers may engage in candid analysis of patient safety and care, identify the root of any problems, and make improvements without fear that their investigation and findings will be used against them.

---

[2] May 24, 2010 is the date the Tennessee Supreme Court simultaneously decided the cases of Lee Medical v. Beecher, 312 S.W.3d 515 (Tenn. 2010) and Powell v. Community Health Systems, Inc., 312 S.W.3d 496 (Tenn. 2010), limiting the scope of Tennessee's Patient Safety and Quality Improvement, codified at Tenn. Code Ann. § 63-6-219 (now deleted).

7/2925809.1

Copy

Although the Legislature did not specifically state its intention to make the Tennessee Patient Safety and Quality Improvement Act of 2011 apply retroactively, the timing of the codification of the Tennessee Patient Safety and Quality Improvement Act of 2011 and the recorded statements by the legislators as to their intent clearly indicate that the Act was created to "undo" two decisions by the Tennessee Supreme Court on May 24, 2010, including <u>Lee Medical v. Beecher</u>, 312 S.W.3d 515 (Tenn. 2010) and <u>Powell v. Community Health Systems, Inc.</u>, 312 S.W.3d 496 (Tenn. 2010), and put back into place the protections of the prior peer review statute. The Court finds that legislators intended that the new Act have retroactive application. The Court also finds that the Act meets the requirements under Tennessee law for retroactive application because the statutes are remedial and procedural in nature. Furthermore, the statutes do not affect a vested right. Thus, the Court finds that Plaintiff's Motion to Compel is due to be denied based upon the retroactive application of the Act.

Notwithstanding the Court's finding that the Act applies retroactively to May 24, 2010, the Court has reviewed, in camera, the document(s) withheld by CSS on the basis that they are protected by the peer review privilege. The Court finds that the document(s) withheld by CSS meet the requirements for peer review material as defined in <u>Lee Medical</u>, 312 S.W.3d 515, and <u>Powell</u>, 312 S.W.3d 496. Thus, the Court finds that Plaintiff's Motion to Compel is also due to be denied based upon the holdings of these cases.

Plaintiff's Motion to Compel CSS to respond more fully to discovery requests to which CSS has asserted a Joint Defense/Common Interest Privilege is denied on the basis that the Court cannot make a determination of the issues based upon the record before it.

The Court declines to award attorneys' fees or costs related to the Motion to Compel to either party.

7/2925809.1

Copy

**IT IS SO ORDERED.**

ENTERED this _____ day of October, 2012.

JUDGE JOE P. BINKLEY, JR.

**APPROVED FOR ENTRY:**

BRADLEY ARANT BOULT CUMMINGS LLP

By: _____
Robert S. Patterson (No. 6189)
Amy D. Hampton (No. 22826)
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2379
*Attorneys for Defendant BAPTIST WOMEN'S HEALTH CENTER, LLC, D/B/A THE*
*CENTER FOR SPINAL SURGERY*

- 4 -

7/2925809.1

Copy

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being forwarded via electronic transmission and/or U.S. Mail, postage prepaid, to:

Jon E. Jones
Patrick Shea Callahan
Law Office of Jon E. Jones
P.O. Box 699
Cookeville, TN 38503-0699

*Attorneys for Plaintiff*

Noel F. Stahl
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Suite 1200, One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219

*Attorneys for Tennessee Orthopaedic Alliance, P.A. and Edward S. Mackey, M.D.*

Margaret L. Noland
Wimberly Lawson Wright Daves & Jones, PLLC
1420 Neal Street, Suite 201
P.O. Box 655
Cookeville, TN 38503-0655

*Attorneys for Intervening Plaintiff, Putnam County, TN*

David A. King
Allyn Gibson
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

*Attorneys for Defendants Charles T. Brannon, M.D., Donald Lee Phillips, CRNA, and Neurosurgical Anesthesiologists, PLC*

C.J. Gideon, Jr.
Alan S. Bean
Gideon, Cooper & Essary, PLC
1100 Noel Place
200 Fourth Ave., North
Nashville, TN 37219

*Attorneys for Neurosurgical Anesthesiologists, PLC*

on this the 9th day of October, 2012.

Amy D. Hampton

7/2925809.1

IN THE CIRCUIT COURT OF COFFEE COUNTY, TENNESSEE

| | |
|---|---|
| KENNETH R. DUKE and<br>WANDA E. WILLIAMS,<br>Individually and as the children<br>and next of kin of ELLIE D.<br>YOUNG, Deceased,<br><br>    Plaintiffs,<br><br>Vs.<br><br>VANGUARD OF MANCHESTER,<br>LLC, MANCHESTER<br>MANAGEMENT ASSOCIATES,<br>LLC, VANGUARD<br>HEALTHCARE, LLC,<br>VANGUARD HEALTHCARE<br>MANAGEMENT SERVICES,<br>LLC, VANGUARD<br>HEALTHCARE SERVICES,<br>LLC, and MANCHESTER<br>PROPERTIES 2010, LLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

                 Civil Action No. 38,652

                 *JURY DEMANDED*

## ORDER

This matter came before the Honorable L. Craig Johnson, Judge of the

Circuit Court for Coffee County, on the 19th day of December 2013, and the 6th day

of November, 2014, upon the plaintiffs' motion for partial summary judgment, and

the plaintiffs' motion to compel.  Having carefully considered the written

submissions of the parties, and oral argument of counsel in two (2) separate

hearings, the Court released its Memorandum Opinion on December 3, 2014, a copy of which is attached to this Order as exhibit "A."

There is no genuine issue as to any material fact, and the plaintiffs are entitled to partial summary judgment in their favor as a matter of law that the substantive claims in this case are ordinary negligence claims as described and applied by the Supreme Court of Tennessee in *Estate of French v. Stratford House*, 333 S.W.3d 546 (Tenn. 2011). The basic duty of care does not arise from professional care standards, and is not governed by the provisions of T.C.A. 29-26-115. Since the expert testimony requirements of T.C.A. 29-26-115 do not apply, this case falls outside the Medical Malpractice Claims Act. The pre-suit notice provisions of T.C.A. 29-26-121, and the provisions of T.C.A. 29-26-119, abrogating the collateral source rule, are not applicable as a matter of law.

The plaintiffs also sought an Order of the Court compelling the defendants to produce documents sought in the plaintiffs' second request for production of July 30, 2013. Defendants asserted application of T.C.A. 68-11-272, which has an effective date of April 12, 2011. Ellie Young sustained her hip fracture on May 5, 2010. She died on October 30, 2010. Although the injury occurred before the effective date of T.C.A. 68-11-272, the Court finds that the law in effect at the time a quality assurance privilege is asserted should govern.

A determination that T.C.A. 68-11-272 applies does not end the inquiry. T.C.A. 68-11-272(c)(2) provides that routine documents do not become privileged simply because they have been shown to a Quality Improvement Committee. The Court is persuaded that the plaintiffs' motion to compel is well taken, and is granted, as to the Fall Log, and as to the incident report reporting the facts and circumstances of the events, excluding only entries on the incident report of Quality Improvement Committee analysis or recommendations. Documents prepared on a routine basis are discoverable, even if subsequently viewed by a Quality Improvement Committee. The Fall Log, the incident report, and the other documents requested, which were prepared on a routine basis, shall be produced by the defendants on or prior to January 15, 2015.

**IT IS SO ORDERED.**

Enter this ____ day of _____, 201__.



_____

L. Craig Johnson, Circuit Judge

Approved for Entry:

FRALEY & HILL

BY:   Raymond W. Fraley, Jr. #2586
       P. O. Box 572
       Fayetteville, TN  37334
       931-433-7104

C. J. Gideon, Jr.
Gideon, Cooper & Essary, PLC
315 Deaderick Street, Suite 1100
Nashville, TN.  37238
615-254-0400
615-254-0459 (Fax)

ATTORNEYS FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of this Order
has been served on the following by placing the same in the United States Mail,
postage prepaid:

Christy Crider
211 Commerce Street, Suite 800
Nashville, TN 37201

This the ___ day of _____, 201___.


_____
Circuit Court Clerk

## IN THE FOURTEENTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE

## COFFEE COUNTY CIRCUIT COURT SITTING AT MANCHESTER

KENNETH R. DUKE and )
WANDA E. WILLIAMS, )
Individually and as the children and )
next of kin of ELLIE D. YOUNG, )
Deceased, )
 )
          Plaintiffs, )
 )
v. )        CASE NO. 38,652
 )
VANGUARD OF MANCHESTER, )
LLC, et al. )
 )
         Defendants. )
 )

**FILED**

DEC 0 3 2014

CIRCUIT COURT
COFFEE COUNTY, TN
HEATHER HINDS DUNCAN, CLERK
TIME _____ AM/PM

## OPINION

      This matter is before the Court upon two motions filed by the Plaintiffs.

First is the Plaintiffs' Motion for a Partial Summary Judgment to determine whether or

not the claims of the Plaintiffs fall within the Tennessee Medical Malpractice Act

(TMMA) in force at the time of the incident in question.  Plaintiffs argue that the case

sounds in simple negligence because the injurious fall in question was the result of

basic negligent care provided by a CNA of the Defendant who allowed the injured

party to fall from a toilet while she was unattended.  Defendants argue that the fall

Entered _12.2.14_
Minute Book_325_
Page _3 - 6_

should be covered under the TMMA because the CNA care can be covered under the TMMA under circumstances similar to the claims in question. Both parties have argued that *Estate of French v. Stratford House, 333 S.W.3d 546 (Tenn. 2011)* supports their contentions.

This Court is absolutely convinced that CNA care can be subject to the TMMA. However, despite the best efforts of the Defendants to convince this Court that the actions of the CNA/CNAs in this case were connected to and based upon medical art or science, training, or expertise, this Court believes that the acts of the CNA in question that prevented her from being able to respond to a patient's fall from a toilet seat is the basic care, or the lack thereof, that the *Estate of French v. Stratford House* contemplates in that opinion. After a careful reading of the Complaint and other supporting documents, the claims in question concerning the CNA's routine care require no specialized skills, and therefore can be assessed by the trier of fact based on ordinary everyday experiences. This basic duty of care and well-being does not arrive from professional care standards, but is an alleged act of simple negligence. Therefore, the Court finds that Plaintiffs' Motion for Summary Judgment should be granted.

As to Plaintiffs' second motion, there are two remaining disputed issues:

1. Does *T.C.A.* §68-11-272 apply to this case, and

2. If it does apply, are the documents requested privileged under the Act?

After a careful reading of *T.C.A.* §68-11-272 and a review of the arguments of counsel and supporting law, this Court believes *T.C.A.* §68-11-272 should be applied in this cause. This Court believes that it makes the most sense to apply the law in force at the time of the litigation to the question of privilege.

As to the question of which remaining disputed documents are covered under the privilege, this Court believes that the "Fall Log" is a routine document used for other purposes than just for the use and benefit of the Quality Assurance Committee. In addition, the Court believes that any incident report that merely restates the facts and circumstances of the incident, and that do not include Committee analysis or Quality Assurance recommendations, are also discoverable.

This Court is of the firm belief that routine records of the Defendant are discoverable, even though they may be viewed by the Quality Assurance Committee. Plaintiffs' attorney shall prepare the appropriate orders consistent with this opinion.

ENTER:   This the ___3___ day of December, 2014.


_____
L. CRAIG JOHNSON
CIRCUIT COURT JUDGE, PART I