**EXHIBIT 12**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | |
| | ) | MDL No. 2419 |
| | ) | Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| Suits Naming Specialty Surgery Center, Crossville, PLLC | ) ) ) | |

**SPECIALTY SURGERY CENTER, CROSSVILLE, PLLC's,
RESPONSES TO THE PLAINTIFFS' STEERING COMMITTEE'S
FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts, Specialty Surgery Center, Crossville, PLLC ("SSC"), by and through undersigned counsel, provides the following Responses to the Plaintiffs' Steering Committee's First Set of Requests for Production.

## PRELIMINARY STATEMENT

To the extent the Requests for Production seek ESI that SSC has not already produced, counsel for SSC is currently working with a third-party vendor to gather ESI in SSC's possession and assess the time and expense associated with searching and reviewing that information. SSC will make best efforts to comply with the protocol agreed upon by the parties and entered by the Court to govern production of ESI. Accordingly, the responses below generally do not address whether SSC possesses responsive ESI.

Additionally, many of the requests are very broad in their description of documents requested. Specific broadness and vagueness objections are noted below. The Defendants have attempted, through counsel, to respond to the requests in good faith and by undertaking a reasonable review of the items in the possession of or reasonably available to the Defendants. Additionally, most requests include no limitation in timeframe. The Defendants have attempted to respond in good faith with a reasonable timeframe of responsive materials.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.      Produce all documents and communications regarding the procurement of MPA and/or Depo-medrol.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than the New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad and unduly burdensome in that it has no limitations at all in what it seeks other than the general "regarding" MPA or Depo-Medrol. Lastly, because of its broadness, it seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA.**

**Subject to and without waiving said objections, in good faith response to the request, included with Exhibit 1 are:**

1) **Advertising materials from NECC**

2) **A completed NECC credit application for SSC (with SSC's bank account number redacted)**

3) **NECC's Tennessee Board of Pharmacy License**

4) **Order forms, packing slips, and invoices from SSC's 2012 purchases from NECC (with non-litigant patient names redacted)**

5) **Miscellaneous fax coversheets related to communications with NECC**

6) **SSC payment records reflecting payment to NECC for medications in 2012 and 2005**

7) **Business Associate Agreement with NECC.**

2

Included with Exhibit 2 are:

1) An email from Jean Atkinson, RN to a colleague at another clinic regarding Depo-Medrol

2) All emails with NECC and with Calisher & Associates regarding NECC in SSC's possession.

Included with Exhibit 5 are:

1) SSC's "Pharmaceutical Services" policies

2) The table of contents to SSC's policies.[1]

Included with Exhibit 6 are:

1) All documents in SSC's possession reflecting purchases from Besse Medical and CuraScript, Inc.

2) A preferred pricing agreement with Pfizer Injectables for SSC's purchases from CuraScript, Inc.

3) Miscellaneous other documents from CuraScript, Inc.

4) A preferred pricing agreement with Pfizer Injectables for SSC's purchases from Besse Medical

5) Miscellaneous other documents from Besse Medical

6) An advertisement from Pfizer.


2.      Produce all communications between Specialty Surgery and NECC (including its agents and sales representatives). Please include all e-mails, prescriptions, purchase orders, invoices, logs, messages, notes, letters, correspondence, and other documents or electronic data evidencing any such communication.

RESPONSE:

Included with Exhibits 1, 2, and 3 are all communications between SSC and NECC in SSC's possession.

---

[1] As noted below, should the Plaintiffs believe other policies are relevant and discoverable, please make a specific request.

3

3.      Produce a copy of any communications (including emails, brochures, correspondence, prescriptions, order forms, invoices, and other documents) exchanged between anyone associated with Specialty Surgery and any pharmaceutical sales representative, pharmaceutical account representative, pharmaceutical wholesaler, pharmaceutical distributor, pharmaceutical reseller, or compounding pharmacy regarding the purchase or potential purchase of any type of injectable steroid.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad, unduly burdensome, and, because of its broadness (*e.g.*, "anyone associated with Specialty Surgery Center" could include attorneys, consultants, *etc.*), seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA.**

**Subject to and without waiving said objections, included with Exhibits 1, 2, and 3 are all communications between SSC and NECC in SSC's possession.**

**Additionally, see documents within Exhibit 6, itemized above.**

4.      Produce a copy of any and all marketing materials provided by NECC and/or NECC's agents or representatives (including Ameridose, Medical Sales Management, and Medical Sales Management SW and their agents and employees).

RESPONSE:

**Included with Exhibit 1 are all NECC marketing materials in SSC's possession.**

4

5.    Produce a copy of any and all marketing materials provided by any other company that markets epidural steroid injections.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad and unduly burdensome. This would require SSC to identify what companies it deals with in any capacity also "market" epidural steroid injections and then search for "marketing materials" (which could be interpreted very broadly).**

**Subject to and without waiving said objections, included with Exhibit 6 is an advertisement from Pfizer.**

**As further response, the Defendant states that SSC generally did not save such advertising materials.**

6.    Produce a copy of any communications between anyone associated with Specialty Surgery and anyone associated with NECC.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the request is overbroad, unduly burdensome, seeks information that is protected from discovery by HIPAA, and vague in its request for communications with anyone "associated with NECC," and to the extent this Request seeks information regarding anyone "associated with SSC." The Request should be directed to those individuals if they are not members, employees, or former employees of SSC.**

**Subject to and without waiving said objections, included with Exhibits 1, 2, and 3 are all communications between SSC and NECC.**

7.      Produce any documents or things related in any way to recalls of NECC medications in 2012.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the request is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. As written, the request covers any "thing" at all related to this lawsuit.**

**Subject to and without waiving said objections, included with Exhibit 3 are:**

1) **Communications to and from NECC related to the recall, including a letter revoking acceptance of NECC's MPA and the certified mail return receipt from that letter**

2) **Email from Martha Carter, MD to Jean Atkinson, RN forwarding an email notice from the Tennessee Department of Health regarding what was then identified as a cluster of meningitis**

3) **Receipts, invoices, and notes related to the FDA's pickup of SSC's sequestered NECC medications**

4) **Press release regarding recall**

5) **Exemplar patient notification letters and return receipt[2]**

6) **Scripts for patient calls regarding the recall, which include some handwritten notes from Jean Atkinson, RN**

7) **Jean Atkinson, RN's handwritten notes related to the recall and patient and health care provider notification (with non-litigant patient names and personal health information redacted)**

8) **Kenneth Lister, MD's handwritten notes related to the recall and patient and health care provider notification (with non-litigant patient names and personal health information redacted)**

---

[2] Exemplars are produced in lieu of producing dozens of duplicative letters and return receipts. The same letter was sent to dozens of potentially exposed patients. Production of all the letters is duplicative and reveals protected health information. Thus, exemplars are produced where noted herein.

9) Kim Bowlin's handwritten notes related to the recall and patient and health care provider notification (with (1) non-litigant patient names and personal health information redacted and (2) notes reflecting communications protected from discovery by attorney-client privilege redacted)

10) Lists of physicians who referred patients to SSC for epidural steroid injections (with non-litigant patient names and personal health information redacted)

11) An October 12, 2012, memorandum from SSC related to the recall to referring physicians that is not believed to have been distributed

12) Communications with referring physicians regarding the recall (with non-litigant patient names and personal health information redacted)

13) Letter from the Tennessee Department of Health praising SSC's response to the recall and regarding restarting epidural steroid injection procedures

14) Affidavit executed by Jean Atkinson, RN for the Tennessee Board of Pharmacy

15) Subpoenas from the U.S. Attorney's Office regarding its investigation of NECC to which SSC responded

16) Letters to Tricare and Amerigroup regarding the recall.

Included with Exhibit 9 are:

1) Board minutes from 2012 (all) and board minutes from 2013 (only those that relate to the NECC recall) (with irrelevant financial information redacted)[3]

2) Staff meeting minutes for 2012 (all) and 2013 staff meeting minutes (only those that relate to the NECC recall) (with (1) irrelevant financial information redacted, (2) information protected from discovery by the Tennessee Patient Safety and Quality Improvement Act of 2011 redacted or removed, (3) information protected by attorney-client privilege and the work-product doctrine redacted or removed, and (4) highly sensitive and irrelevant document removed).[4]

Included with Exhibit 10 are photos of SSC's facility and photos of an empty vial of NECC product.

---

[3] All board and staff minutes from 2012 are produced because 2012 is the year of purchase, outbreak, and recall. Minutes produced for 2013 are only those related specifically to NECC. Non-NECC-related minutes from 2013 are not produced.
[4] A staff meeting was held in February 2012 (and minutes taken) to discuss an anonymous complaint of harassment at SSC. It was investigated and not substantiated. This is sensitive and irrelevant, and the minutes have been removed from this exhibit.

8.      Produce all policies, procedures or guidelines relating to Specialty Surgery's reporting of adverse events affecting patient health or safety.

RESPONSE:

OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA.

Subject to and without waiving said objections:

Included with Exhibit 5 are:

   1)  SSC's "Pharmaceutical Services" policies

   2)  The table of contents to SSC's policies.

Included with Exhibit 4 is SSC's product recall binder (with drug expiration checklists removed as quality improvement data specifically privileged by the Tennessee Patient Safety and Quality Improvement Act of 2011[5]).

---

[5] These removed pages are replaced with specific pages denoting the assertion of the privilege.

9.     Produce all emails, correspondence, prescriptions, orders, invoices, memoranda, product information, brochures, promotional materials, documents and things received from or sent to any supplier of methylprednisolone.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad and unduly burdensome as it makes no effort to limit the request by time or scope to fit the circumstances of this case.**

**Subject to and without waiving said objections, see documents in Exhibit 6.**

10.    Produce all emails, spreadsheets, memoranda, comparisons, and documents pertaining to the costs associated with purchasing injectable steroids from any source.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad and unduly burdensome as it makes no effort to limit the request by time or scope to fit this case. Because of its broadness, it seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA.**

**Subject to and without waiving said objections, included with Exhibits 1 and 6 are documents reflecting SSC's MPA purchases from NECC, Besse Medical, and CuraScript, Inc.[6]**

---

[6] The purchase documents from Besse Medical and CuraScript also contain information regarding some of SSC's purchases of other injectable steroids. These injectable steroids were not used in epidural steroid injections.

11.    Produce a copy of all records reflecting expenditures made for injectable steroids from any source.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad and unduly burdensome as it makes no effort to limit the request by time or scope to fit this case. Because of its broadness, it seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA.**

**Subject to and without waiving said objections, included with Exhibits 1 and 6 are documents reflecting SSC's MPA purchases from NECC, Besse Medical, and CuraScript, Inc.[7]**

12.    Produce a copy of all financial records and documents regarding any samples, gifts, incentives, promotions or discounts received from or offered by the NECC or any of its agents.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving said objection, SSC has no responsive documents.**

---

[7] The purchase documents from Besse Medical and CuraScript also contain information regarding some of SSC's purchases of other injectable steroids. These injectable steroids were not used in epidural steroid injections.

13.    Produce a copy of all financial records regarding and/or reflecting revenues derived from epidural steroid injections.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and can only be meant to annoy or harass. Additionally, this Request for Production is unreasonably cumulative, duplicative, and the information sought can be obtained from some other source that is more convenient, less burdensome, and less expensive. Lastly, the request makes no effort at limitation by scope or time to fit this case.**

**Regardless, the Plaintiffs' attorneys have already been provided with copies of the Plaintiffs' billing records for services provided at SSC.**

14.    Produce a copy of all emails, protocols, procedures, memoranda, guidelines and/or correspondence related to notifying or contacting patients who received steroid injections obtained from the NECC.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Request for Production is unreasonably cumulative, duplicative, and the information sought can be obtained from some other source that is more convenient, less burdensome, and less expensive. Additionally, the request is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. As written, this request covers hundreds, if not thousands, of documents, as contacting patients after the discovery of the contamination was a large-scale effort.**

**Subject to and without waiving said objections, see the documents produced within Exhibit 3. Also, corporate documents produced with these responses (e.g., the staff meeting minutes) reference efforts to contact patients.**

15.   Produce a copy of all invoices, shipping records, notes or other documents (excluding patient medical records) that reflect or refer to injectable steroids.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad, unduly burdensome, and, because of its broadness, seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. The request asks for "documents" that "refer to" injectable steroids. That would necessarily include virtually every page of this massive litigation file, privileged and unprivileged.**

**Subject to and without waiving said objections, included with Exhibits 1, 2, and 3 are responsive documents regarding SSC's purchase of MPA from NECC.**

**Included with Exhibit 4 is SSC's product recall binder (with drug expiration checklists removed as quality improvement data specifically privileged by the Tennessee Patient Safety and Quality Improvement Act of 2011[8]).**

**Included with Exhibit 5 are:**

1) **SSC's "Pharmaceutical Services" policies**

2) **The table of contents to SSC's policies**

3) **Infection control training materials that discuss safe injection practices.**

**Also, see documents in Exhibits 6, 9, and 10.**

---

[8] These removed pages are replaced with specific pages denoting the assertion of the privilege.

16.    Produce any incident reports or similar documents pertaining to NECC and/or the fungal meningitis outbreak.

RESPONSE:

OBJECTION. The request is overbroad (*e.g.*, "similar documents pertaining to NECC[,]") unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA.

Subject to and without waiving said objections, although not directly responsive to a request for "incident reports," in a good faith effort to respond to the request, the Defendant states:

The United States Attorney's Office for the District of Massachusetts issued two subpoenas to SSC for (1) unused vials of medication from NECC, (2) medical and billing records for all patients who received recalled MPA from NECC, and (3) all documents and communications from NECC. SSC complied with the subpoenas, which are included with Exhibit 3. At the time, SSC had already turned over all unused vials of medication from NECC to various government agencies. The Plaintiffs already have their medical and billing records, and the documents and communications with NECC are being produced herein. Federal authorities interviewed Kenneth Lister, MD and Jean Atkinson, RN as part of their investigation of NECC.

Included with Exhibit 3 is an affidavit executed by Jean Atkinson, RN for the Tennessee Board of Pharmacy regarding NECC.

Lastly, SSC submitted online MedWatch reports for each patient who received the recalled MPA but does not possess paper copies of those reports. SSC also submitted MedWatch reports regarding issues with other products, but none relate to SSC's pain management practice or epidural steroid injections (*e.g.*, two MedWatch reports in 2010, one for a malfunctioning gastroscope and another for a drill bit that broke during surgery).

17.    Produce a copy of all of Specialty Surgery's written policies, procedures and guidelines.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. The entire policy and procedure handbook is not relevant to the claims forming the basis of the Plaintiff's Complaint. And, policies and procedures do not set the standard of care.**

**Subject to and without waiving said objections, included with Exhibit 5 are:**

1) **SSC's "Pharmaceutical Services" policies**

2) **The table of contents to SSC's policies**

3) **Infection control training materials that discuss safe injection practices.**

18.    Produce a copy of any policies, procedures, guidelines, articles or other material addressing how medications are to be purchased, stored, prescribed and/or handled.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. And, policies and procedures do not set the standard of care. It is also overly broad in that it asks for any "material" regarding how medications are to be "purchased, stored, prescribed and/or handled." This covers virtually everything in this massive litigation file.**

**Subject to and without waiving said objections, included with Exhibit 5 are:**

1) **SSC's "Pharmaceutical Services" policies**

2) **The table of contents to SSC's policies**

3) **Infection control training materials that discuss safe injection practices.**

19.    Produce a copy of any emails, communications, policies, procedures, guidelines or other material addressing how patients who may have received recalled pharmaceuticals are to be contacted and/or informed of that possibility.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the request is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. As written, this request covers hundreds, if not thousands, of documents, as contacting patients after the discovery of the contamination was a large-scale effort.**

**Subject to and without waiving said objections:**

**Included with Exhibit 4 is SSC's product recall binder (with drug expiration checklists removed as quality improvement data specifically privileged by the Tennessee Patient Safety and Quality Improvement Act of 2011).**

**Included with Exhibit 5 are:**

1) **SSC's "Pharmaceutical Services" policies**

2) **The table of contents to SSC's policies.**

20.    Produce a copy of any policies, procedures, guidelines, memoranda, articles, emails or other material addressing compounded medications, the evaluation of compounding pharmacies, and/or the purchase of pharmaceuticals or compounded medications.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. Lastly, policies and procedures do not set the standard of care.**

**Subject to and without waiving said objections, included with Exhibit 5 are:**

1) **SSC's "Pharmaceutical Services" policies**

2) **The table of contents to SSC's policies.**

21.     Produce a copy of any emails, reports, memoranda, policies, procedures, guidelines or other material that addresses the purchase, administration and/or use of MPA or other steroids at Specialty Surgery.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. Lastly, policies and procedures do not set the standard of care.**

**Subject to and without waiving said objections, included with Exhibit 5 are:**

1) **SSC's "Pharmaceutical Services" policies**

2) **The table of contents to SSC's policies**

3) **Infection control training materials that discuss safe injection practices.**

**Also, see the various other exhibits to these responses, which contain "material" that "addresses the purchase, administration and/or use of MPA or other steroids at Specialty Surgery."**

22.    Produce a copy of any policies, procedures, guidelines or other printed material that addresses epidural steroid injections performed at Specialty Surgery.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad (any "material" related to ESIs at SSC covers virtually everything in this litigation file), unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. Lastly, policies and procedures do not set the standard of care.**

**Subject to and without waiving said objections, included with Exhibit 5 are:**

1) **SSC's "Pharmaceutical Services" policies**

2) **The table of contents to SSC's policies**

3) **Infection control training materials that discuss safe injection practices.**

**Also, see the various other exhibits to these responses, which contain "material" that "addresses epidural steroid injections" at SSC.**

23.   Produce a copy of all internal communications at Specialty Surgery relating to NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. Communications after the outbreak were, obviously, very frequent, and such a broad request is virtually impossible to respond to. There are hundreds, if not thousands, of documents responsive to this request. Lastly, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence as it seeks after-the-fact communications related to the recall, not documents related to the conduct at issue. Regardless, much of this will be dealt with in ESI production. If the Plaintiffs have a more specific request than "all internal communications" related to this case, the Defendants will consider it.**

24.   Produce a copy of all external communications between Specialty Surgery and any other person or entity relating to NECC's recall of MPA and/or the fungal meningitis outbreak.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. Communications after the outbreak were, obviously, very frequent, and such a broad request is virtually impossible to respond to. There are hundreds, if not thousands, of documents responsive to this request. Lastly, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence as it seeks after-the-fact communications related to the recall, not documents related to the conduct at issue. If the Plaintiffs have a more specific request than "all external communications" related to this case, the Defendants will consider it.**

**Subject to and without waiving said objections, see communications in Exhibit 3.**

25.    Produce all communications between Specialty Surgery and the Tennessee Department of Health, the FDA, the CDC, and/or any other governmental entity relating to NECC's recall of MPA and/or the recent fungal meningitis outbreak.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. Communications after the outbreak were, obviously, very frequent, and such a broad request is virtually impossible to respond to. There are hundreds, if not thousands, of documents responsive to this request. Lastly, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence as it seeks after-the-fact communications related to the recall, not documents related to the conduct at issue.**

**Subject to and without waiving said objections, see communications in Exhibit 3.**


26.    Produce all communications between Specialty Surgery and Medicare, Blue Cross Blue Shield, United Healthcare, Tricare, Aetna, CIGNA, Humana, TennCare, and/or any other payor regarding the fungal meningitis outbreak, NECC or NECC's recall of MPA.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the request is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine and/or HIPAA.**

**Subject to and without waiving said objections, included with Exhibit 3 is a letter from SSC to Tricare (with non-litigant patient names redacted). Amerigroup, Tennessee sent a letter to SSC requesting information on any Amerigroup patients who received the recalled MPA, notification of those patients, and SSC's infection control program. SSC sent a response letter. Amerigroup asserts that its original letter is privileged under the federal Healthcare Quality Improvement Act of 1986, 42 USC § 11101, et seq. and has not given these Defendants permission to produce it. Included with Exhibit 3 is SSC's response letter to Amerigroup (with non-litigant patient names redacted).**

27.    Produce all communications between Specialty Surgery and anyone associated with Howell Allen Clinic, Saint Thomas Outpatient Neurosurgical Center, Saint Thomas Hospital, Saint Thomas Network and/or Saint Thomas Health relating to the procurement of medications from compounding pharmacies.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine and the attorney-client privilege. Additionally, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving said objections, included with Exhibit 3 are letters and faxes to Howell Allen physicians regarding the recall.**

28.    Produce all communications between Specialty Surgery and anyone associated with Saint Thomas Outpatient Neurosurgical Center, Howell Allen Clinic, Saint Thomas Hospital, Saint Thomas Network, Saint Thomas Health and/or PCA Pain Clinic relating to NECC, NECC's recall of MPA and/or the fungal meningitis outbreak.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and seeks information that is protected from discovery by the work-product doctrine and the attorney-client privilege. Additionally, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving said objections, included with Exhibit 3 are letters and faxes to Howell Allen physicians regarding the recall.**

29.    Produce a copy of any policies, procedures, guidelines or other printed material used by Specialty Surgery personnel in selecting where and from whom they purchase medications.

RESPONSE:

**OBJECTION. Essentially the same Request for Production has been made numerous times above. See the objections and responses made above to multiple requests for policies, procedures, guidelines, and materials related to the purchase of medications.**

30.    Produce the curriculum vitae and/or résumé of every person identified in response to Plaintiffs' First Set of Interrogatories.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. The allegations of negligence forming the basis of the Plaintiffs' Complaints pertain to the decision to purchase MPA from NECC. As a result, the résumés and/or *curriculum vitae* of individuals who were not involved in that decision are wholly irrelevant. Further, many individuals identified are not SSC employees or agents. This Request for Production should be directed to those individuals.**

**Subject to and without waiving said objections, attached as Exhibit 7 are the *curriculum vitae* of Kenneth Lister, MD and the résumé of Jean Atkinson, RN, and included within Exhibit 11 are relevant employee job descriptions from SSC's policies and procedures.**

31.    Produce a copy of all contracts, agreements, and documents related to Specialty Surgery's relationship with Dr. Lister.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It makes no effort to limit by time or scope to fit this case, simply asking for "documents" related to the SSC-Lister "relationship." Agreements that were not in effect at the time of the facts at issue are clearly irrelevant.**

**Subject to and without waiving said objections, included within Exhibit 8 are:**

1) **Shared Services Agreements between SSC and Dr. Lister (with irrelevant financial information redacted)**

2) **SSC Statements of Interest, including Dr. Lister's Statement of Interest in SSC and an agreement transferring part of Vincent Longobardo, MD's interest in SSC to Dr. Lister (with irrelevant financial information redacted)**

3) **A Business Associate Agreement between SSC and Dr. Lister**

4) **A confidentiality agreement between SSC and Dr. Lister.**

32.     Produce a copy of all contracts, agreements, and documents related to Specialty Surgery's relationship with Cumberland Medical Group and its related affiliates.

RESPONSE:

**OBJECTION. This Request for Production is vague and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving said objections, counsel for SSC searched the Tennessee Secretary of State's website but was unable to locate an active corporate entity named "Cumberland Medical Group."**

33.     Produce a copy of all contracts or agreements between Specialty Surgery and NECC.

RESPONSE:

**Included with Exhibit 1 is SSC's "Business Associate Agreement" with NECC. SSC is not aware of any other written contracts or agreements between NECC and SSC.**

24

34.   Produce a copy of all contracts or agreements between Specialty Surgery and any supplier or distributor of injectable steroids.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than NECC is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Additionally, the request is overbroad in that it extends beyond just the relationship between SSC and NECC.**

**Subject to and without waiving said objections, included with Exhibit 6 are:**

1) **A preferred pricing agreement with Pfizer Injectables for SSC's purchases from CuraScript, Inc.**

2) **Miscellaneous other documents from CuraScript, Inc., including SSC's credit applications**

3) **A preferred pricing agreement with Pfizer Injectables for SSC's purchases from Besse Medical.**

35.   Produce all documents, audio recordings, video recordings, visual representations, electronic data, photographs and things that relate to the allegations in this litigation and/or any defenses thereto.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and information protected from discovery by the work-product doctrine and attorney-client privilege. The request asks for all "things" relevant to the lawsuit, a request that is virtually impossible to respond to.**

**Subject to and without waiving said objections, the Defendant states:**

**Included with Exhibit 10 are photographs of an empty vial of MPA from SSC and photos of SSC's facility taken by counsel for SSC.**

**SSC possesses photographs and video of NECC's facility taken in July 2014 that counsel for SSC will make available for inspection and copying at the Plaintiffs' request.**

**Counsel for SSC obtained access to materials collected by the Tennessee Department of Health during its investigation and photographed those materials. The Plaintiffs can readily obtain access to the same materials through a public records request and take their own photographs.**

36.   Produce all documents identified, referenced, referred to, relied upon, consulted or used in any way in answering the PSC's First Set of Interrogatories.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and information protected from discovery by the work-product doctrine, attorney-client privilege, HIPAA, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, and/or Tenn. Code Ann. §§ 63-1-150, 68-11-272. It is also obviously overbroad in that it asks for "all documents" "used" "in any way" to respond to these overbroad requests.**

**Subject to and without waiving said objections, please see the documents produced herein.**

37.    Please produce every operating agreement that has at any time governed the operation of Specialty Surgery.

RESPONSE:

**SSC's operating agreement and its amendments are included within Exhibit 8.**

38.    Please produce every membership agreement, membership trust instrument, or other agreement or instrument relating to ownership, governance rights, financial contributions, or membership rights in Specialty Surgery.

RESPONSE:

**OBJECTION. This Request for Production seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the request is overbroad and unduly burdensome. Financial contributions are not relevant to the claims forming the basis of the Complaints in this case. Further, SSC opened more than a decade ago. Membership or governance agreements that were no longer in effect at the time of the events described in the Complaints are irrelevant.**

**Subject to and without waiving said objections, included within Exhibit 8 are:**

1) **SSC Statements of Interest, including an agreement transferring part of Vincent Longobardo, MD's interest in SSC to Dr. Lister (with irrelevant financial information redacted)**

2) **Operating Agreement and amendments**

3) **Purchase Agreement between Cumberland Medical Center ("CMC") and SSC (with irrelevant financial information redacted).**

39.    Please produce every document that identifies any present or previous holder of financial rights in Specialty Surgery.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Regardless, Plaintiff's counsel can obtain this information from SSC's annual reports publicly-available from the Tennessee Secretary of State. "All documents" identifying these individuals or entities is clearly duplicative.**

**Subject to and without waiving said objections, see documents within Exhibit 8.**

40.    Please produce all lists maintained by Specialty Surgery identifying its members, governors, or managers.

RESPONSE:

**OBJECTION. This Request for Production is overbroad and unduly burdensome. SSC has listed these individuals in SSC's Responses to Plaintiff's First Set of Interrogatories. "All lists" of these individuals/entities is clearly duplicative and overly broad.**

**Subject to and without waiving said objections, included within Exhibit 8 is SSC's contract with Calisher & Associates, Inc., SSC's management company, with irrelevant financial information redacted. It identifies the "managers" of SSC and their duties.**

41.    Please produce all documents evidencing the present value, as well as all documents evidencing any change in such value, of every member capital account in Specialty Surgery.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and can only be meant to annoy or harass.**

**To the extent they are responsive, see the documents included within Exhibit 8.**

42.     Please produce all documents reflecting any contributions made by members of Specialty Surgery to that enterprise.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and can only be meant to annoy or harass.**

**To the extent they are responsive, see the documents included within Exhibit 8.**

43.     Please produce all documents evidencing distributions made by Specialty Surgery to members, holders of financial rights, or other persons receiving such distributions.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and can only be meant to annoy or harass.**

44.     Please produce every return and report filed by or on behalf of Specialty Surgery with any taxing authority.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and can only be meant to annoy or harass.**

45.    Please produce every report submitted by or on behalf of Specialty Surgery to any governmental agency.

RESPONSE:

OBJECTION. This Request for Production is overbroad and unduly burdensome. The Plaintiffs can obtain SSC's annual report from the Secretary of State. Otherwise, the request is too broad to respond to, and it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, although not directly responsive to a request for "incident reports," in a good faith effort to respond to the request, the Defendant states:

The United States Attorney's Office for the District of Massachusetts issued two subpoenas to SSC for (1) unused vials of medication from NECC, (2) medical and billing records for all patients who received recalled MPA from NECC, and (3) all documents and communications from NECC. SSC complied with the subpoenas, which are included with Exhibit 3. At the time, SSC had already turned over all unused vials of medication from NECC to various government agencies. The Plaintiffs already have their medical and billing records, and the documents and communications with NECC are being produced herein. Federal authorities interviewed Kenneth Lister, MD and Jean Atkinson, RN as part of their investigation of NECC.

Included with Exhibit 3 is an affidavit executed by Jean Atkinson, RN for the Tennessee Board of Pharmacy regarding NECC.

Lastly, SSC submitted online MedWatch reports for each patient who received the recalled MPA but does not possess paper copies of those reports. SSC also submitted MedWatch reports regarding issues with other products, but none relate to SSC's pain management practice or epidural steroid injections (e.g., two MedWatch reports in 2010, one for a malfunctioning gastroscope and another for a drill bit that broke during surgery).

46.    Please produce all corporate records of Specialty Surgery including all minutes, by-laws, resolutions, consent to action documents, annual reports, articles of organization, records of board or manager action, board of governor meeting minutes, and documents reflecting the governance of that entity.

RESPONSE:

**OBJECTION. This Request for Production seeks information privileged from discovery by the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219 and/or the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272. Additionally, this request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving said objections, see documents produced with Exhibits 8 and 9.**

47.    Please produce all financial statements, balance sheets, accounting ledgers, and financial reports for Specialty Surgery for any period after December 31, 2007.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and can only be meant to annoy or harass.**

48.     Please produce every deed or lease agreement that evidences or effects the transfer of any interest in real property, regardless of whether or not that interest is a freehold, between Specialty Surgery and any other entity.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and can only be meant to annoy or harass.**

**Subject to and without waiving said objections, included with Exhibit 8 are:**

1) **Purchase Agreement between CMC and SSC**

2) **SSC's lease for office space from Jon A. Simpson Properties, LLC (with irrelevant financial information redacted)**

3) **SSC's Limited Use Agreement with Jon A. Simpson, MD.**


49.     Please produce for inspection every name tag issued to or worn by each person working at Specialty Surgery.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving said objections, SSC provided a list of employees and job titles in its Responses to the PSC's First Set of Interrogatories.**

50.    Please produce every Specialty Surgery employee handbook in force during 2012.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. The entire employee handbook is not relevant to the claims forming the basis of the Plaintiffs' Complaints.**

**Subject to and without waiving said objections:**

**Included with Exhibit 5 are:**

**1) SSC's "Pharmaceutical Services" policies**

**2) The table of contents to SSC's policies.**

**Included within Exhibit 11 are employee job descriptions from SSC's policies and procedures.**

51.    Please produce a complete set of all patient-intake and patient-discharge forms, including forms used for acknowledged informed consent and for providing post-operative instructions, used by Specialty Surgery during 2012.

RESPONSE:

**OBJECTION. This Request for Production is duplicative and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiffs were provided these documents upon intake and discharge. Further, the Plaintiffs' medical charts already contain the forms requested.**

**Subject to and without waiving said objections, included with Exhibit 12 are SSC intake and discharge documents.**

52.     Please produce every document creating or evidencing any ownership or security interest in each device, machine, and piece of equipment used by Specialty Surgery during 2012.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**To the extent they are responsive, see the documents in Exhibit 8 related to the purchase of assets by CMC.**

53.     Please produce a copy of every sign, brochure, advertisement, web page, website, telephone directory, or other listings indicating the location of Specialty Surgery and/or the goods and services provided by that entity.

RESPONSE:

**OBJECTION. This Request for Production is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving said objections, included with Exhibit 9 are:**

1) **An SSC brochure**

2) **A brochure advertising Dr. Lister's pain management practice**

3) **A hard copy of an electronic version of an SSC advertisement in the medical directory of the Crossville Chronicle. SSC does not possess hard copies of the medical directory.**

**In the years leading up to 2012, SSC advertised on a Crossville area map showing various local businesses with an accompanying magnet, but Kim Bowlin does not believe SSC took out the ad in 2012.**

**Included with Exhibit 10 are photos of SSC signs.**

34

54.    Produce all communications between or among anyone associated with a member of Specialty Surgery regarding the ownership or governance of that entity.

RESPONSE:

**OBJECTION. This Request for Production seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and can only be meant to annoy or harass. Regardless, the request is so broad that it would capture virtually any communication by any person, privileged and unprivileged, relating to the "governance" of SSC.**

55.    Produce all photographs taken in connection with the NECC recall and/or the fungal meningitis outbreak, including but not limited to photographs of any NECC products or Specialty Surgery's facilities.

RESPONSE:

**OBJECTION. This Request for Production seeks information protected from discovery by the work-product doctrine and attorney-client privilege. Any photographs taken by counsel or at the instruction of counsel are privileged from discovery by the work-product doctrine.**

**Subject to and without waiving said objections, included with Exhibit 10 are photographs of an empty vial of MPA from SSC and photos of SSC's facility taken by counsel for SSC.**

**SSC possesses photographs and video of NECC's facility taken in July 2014 that counsel for SSC will make available for inspection and copying at the Plaintiffs' request.**

**Counsel for SSC obtained access to materials collected by the Tennessee Department of Health during its investigation and photographed those materials. The Plaintiffs can readily obtain access to the same materials through a public records request and take their own photographs.**

56.   Produce for inspection any vials of NECC products in your possession or control.

RESPONSE:

**SSC possessed an empty vial of NECC MPA. But, when SSC sold its assets to CMC in 2013, the vial was apparently misplaced. Included with Exhibit 10 are photos taken of the vial.**

57.   Produce a copy of all insurance policies relating to the claims raised in this litigation.

RESPONSE:

*See* **SSC,** *et al.***'s Fed. R. Civ. P. 26(a)(1) initial disclosures.**

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for SSC, Dr. Lister, and Dr. Lister's Practice*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2014, a true and accurate copy of the foregoing was served on the PSC by hand-delivery and on the other parties below by serving a notice indicating that the PSC will upload the responses to the discovery repository in the MDL:

| | |
|---|---|
| Gerard Stranch, IV<br>Ben Gastel<br>Branstetter, Stranch & Jennings, PLLC<br>227 2nd Ave N<br>Suite 400<br>Nashville, TN 37201<br><br>*Attorneys for the PSC*<br><br>[via hand-delivery, to upload to repository] | Matthew P. Moriarty<br>Thomas W. Coffey<br>Richard A. Dean<br>Tucker Ellis, LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113<br><br>Scott H. Kremer<br>Tucker, Heifetz & Saltzman<br>Three School Street<br>Boston, MA 02108<br><br>Scott J. Tucker<br>Paul Saltzman<br>Matthew E. Mantalos<br>Tucker, Saltzman & Dyer, LLP<br>50 Congress Street<br>Boston, MA 02109<br><br>*Attorneys for Defendant Ameridose, LLC* |
| Daniel M. Rabinovitz<br>Brady J. Hermann<br>Nicki Samson<br>Michaels, Ward & Rabinovitz<br>One Beacon Street , 2nd Floor<br>Boston, MA 02108<br><br>*Attorneys for Defendant Medical Sales Management, Inc.* | John P. Ryan<br>Robert H. Gaynor<br>William J. Dailey, Jr.<br>Sloane and Walsh, LLP<br>Three Center Plaza<br>Boston, MA 02108<br><br>*Attorneys for Gregory Conigliaro, Registered Agent for Service of Process for Medical Sales Management SW, Inc.* |

| | |
|---|---|
| Joseph P. Thomas<br>Ulmer & Berne, LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br><br>Joshua A. Klarfeld<br>Ulmer & Berne, LLP<br>1660 W.2nd Street, Suite 1100<br>Cleveland, OH 44113<br><br>*Attorneys for Defendant*<br>*GDC Properties Management, LLC* | Kenneth B. Walton<br>Kristen R. Ragosta<br>Donovan Hatem, LLP<br>Two Seaport Lane, 8th Floor<br>Boston, MA 02210<br><br>*Attorneys for Defendant*<br>*ARL Bio Pharma* |
| John P. Ryan<br>Robert H. Gaynor<br>William J. Dailey, Jr.<br>Sloane and Walsh, LLP<br>Three Center Plaza<br>Boston, MA 02108<br><br>*Attorneys  for Defendants Barry J.*<br>*Cadden, Lisa Conigliaro Cadden,*<br>*Gregory Conigliaro, Carla Conigliaro,*<br>*Douglas Conigliaro and Glenn A. Chin*<br><br>Bruce A. Singal<br>Michelle R. Peirce<br>Callan G. Stein<br>Donague, Barrett & Singal, P.C.<br>One Beacon Street , Suite 1320<br>Boston, MA 02108<br><br>*Attorneys  for Defendants Barry J.*<br>*Cadden and Lisa Conigliaro Cadden* | Damian W. Wilmot<br>James Rehnquist<br>Abigail K. Hemani<br>Roberto M. Braceras<br>Goodwin Procter LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br><br>*Attorneys for Unifirst Corporation a/d/b/a*<br>*Uniclean Cleanroom Services* |

| Frederick H. Fern<br>Judi Abbott Curry<br>Jessica Saunders Eichel<br>Alan M. Winchester<br>Harris Beach PLLC<br>100 Wall Street<br>23rd Floor<br>New York, NY 10005<br><br>Geoffrey M. Coan<br>Daniel E. Tranen<br>Hinshaw & Culbertson LLP<br>28 State Street<br>24th Floor<br>Boston, MA 02109<br><br>Michael R. Gottfried<br>Thomas B.K. Ringe, III<br>Jennifer Mikels<br>Duane Morris LLP<br>100 High Street<br>Suite 2400<br>Boston, MA 02110-1724<br><br>*Attorneys for NECC* | |

/s/ Chris J. Tardio
**Chris J. Tardio**