UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) _____ ) ) THIS DOCUMENT RELATES TO: ) ) All Suits Against the Saint Thomas Entities ) ) ) ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**SAINT THOMAS ENTITIES' RESPONSE TO THE EMERGENCY MOTION OF BARRY CADDEN TO CONTINUE TO ATTEND DEPOSITIONS**

The Saint Thomas Entities[1] hereby file their response to Barry Cadden's Emergency Motion to Continue Attending Depositions in this Matter and to Continue to be Served with all Pleadings in the Case or, in the Alternative, to Clarify or Amend the Deposition Protocol (the "Cadden Motion").[2]

The Saint Thomas Entities very much want Mr. Cadden to participate in this MDL. Indeed, for more than a year they have been trying to get him to sit for a deposition, produce documents, or answer written discovery. Yet his counsel has fought hard – and won – obtaining protection from this Court from having to participate in the civil discovery process.[3] He has produced no documents, given no deposition, provided no substantive answer to written discovery, and in all manner of proceedings avoided this MDL. The reason? He has obtained through a confirmed, non-appealable bankruptcy plan, a fully effective, final, enforceable release

---

[1]    Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

[2]    Dkt. 2474.

[3]    *See* Memorandum and Order [Dkt. 2123] at p. 16 ("Accordingly, the Court grants the Insider Defendants' motion to the extent that it bars the Clinic Defendants from taking the depositions of those Insider Defendants that are also defendants in the criminal case pending resolution of the criminal charges against them.")

from any possible liability to anyone for his lead role in causing the fungal contamination that killed and injured people across the country. Now, at the eleventh hour, Mr. Cadden files an "emergency" motion to "continue" participating in the MDL.

Mr. Cadden's criminal attorneys understandably want to obtain through civil discovery evidence they can use in the criminal case because the facts and issues in the civil and criminal cases perfectly overlap. It is for this same reason that the government has intervened, trying to preclude the Saint Thomas Entities (and other Tennessee Defendants) from obtaining key evidence they need to defend themselves in the civil trials. While the government's efforts have been twice denied,[4] its primary argument as to why the Tennessee Defendants should be precluded from key evidence is that Barry Cadden and his criminal co-defendants will be able to participate in the deposition.

Ultimately, the Saint Thomas Entities take no position as to whether Barry Cadden or his attorneys should be permitted to listen in to the depositions in this case. But what cannot happen is that the government's concern over criminal defendants doing so results in the Saint Thomas Entities being precluded from key evidence and then forced to expert discovery and trial without it.

In addition, the orders currently entered do not address the current circumstances. While Cadden cites Rule 54(b) as the basis for him "still being a party," the reality of the situation is that Mr. Cadden's pending Rule 54(b) dismissal is a ministerial act required by a confirmed, unappealable bankruptcy "reorganization" of NECC.[5] The idea that Mr. Cadden is still a party

---

[4] *See* Order [Dkt. 2479] denying Emergency Motion of the United States to Stay the Depositions of Joseph Connolly and John Notarianni [Dkt. 2398].

[5] *See, e.g.,* Endorsed Order [Dkt. 2194] allowing partial withdrawal of the reference with regard to NECC's chapter 11 proceeding to the extent necessary to implement the Third Amended Joint Chapter 11 Plan of NECC.

in the civil cases and therefore needs to participate in civil discovery at this late date is entirely unsupported.

No order or federal rule addresses the terms and conditions under which this Court will, or will not, allow the settled criminal defendants to participate in MDL discovery. And the reference to "counsel of record" attending depositions in MDL Order No. 10, entered in 2014 at the beginning of the discovery process, provides no guidance on the current situation.[6]

While Cadden suggests that he has been precluded from attending depositions, the facts do not bear out that assertion. The deposition presumably being referenced by Cadden was that of the Massachusetts Board of Pharmacy on Friday, December 4, 2015, at the Seaport World Trade Center in Boston. Mr. Cadden's Boston-based counsel was duly noticed of the time and place of such deposition per the filing in the MDL.[7] His attorneys did not show up despite the fact it was being held down the street. The doors were not barred, and nobody stood guard outside the public conference space at which this deposition occurred. Instead, Cadden appears to complain that he did not receive information from the PSC or any defendant on how he could call in to listen to the deposition.

This is no "emergency." First, the Deposition Protocol entered by the Court says the parties shall comply with Rule 30(b)(4), which says parties "may stipulate" or the Court "may on motion order" that a deposition by taken by telephone or other remote means. *See* Fed. R. Civ. P. 30(b)(4). No such stipulation occurred here. The Deposition Protocol goes on to say that only people who attend depositions in person can ask questions.[8] In other words, if Cadden's counsel had called in, they would not have been able to participate. And the testimony provided was

---

[6] *See* MDL Order No. 10, Deposition Protocol [Dkt. 1426].

[7] *See* Amended Notice of 30(b)(6) Deposition of the Massachusetts Board of Registration in Pharmacy [Dkt. 2429].

[8] *See* MDL Order No. 10, Deposition Protocol at II (G) ("Non-examining counsel may participate but are not permitted to participate absent extenuating circumstances . . . .").

transcribed and video recorded, meaning it is available for later viewing should the Court permit it.

The fact Mr. Cadden has been designated as someone comparatively at fault for the MDL Plaintiffs' injuries provides him no basis to participate in MDL discovery.  Under Tennessee law, comparative fault is an affirmative defense available to a party, and Mr. Cadden is not (or is no longer) a party to any of the Tennessee cases where that defense has been asserted.  In fact, the persons listed by the Saint Thomas Entities as comparatively at fault <u>are no longer (or were never) parties</u> to the actions and <u>will not participate at trial</u> as parties.[9]  The only result of a non-party being listed as comparatively at fault is they become subject to third party discovery.  The parties then argue at trial whether the non-party should bear any fault.

The Saint Thomas Entities take no position on whether Mr. Cadden's counsel can or should participate in depositions and have no interest in the Court's decision on that matter.  But he has settled, the NECC bankruptcy plan is approved, and he faces no possible prospect of civil liability.  And the government has raised the concern of criminal defendants calling in to listen to depositions as a reason to deny the Saint Thomas Entities and other Tennessee Defendants from the key discovery they still need in order to prepare for trial, such as the depositions of Joseph Connolly and John Notarianni.

Until the Court determines whether dismissed parties settled under the bankruptcy plan may continue to participate in depositions, the Saint Thomas Entities will take no action to add fuel to the fire on this issue.  The depositions will continue to be duly noticed and the doors open

---

[9] *See, e.g.,* "Think Ahead," Tennessee Bar Association, available at http://www.tba.org/journal/think-ahead (last accessed December 14, 2015) (explaining how if comparative fault is alleged against a non-party who is no longer subject to suit, a "plaintiff will be forced to 'defend' the non-party, taking reasonable steps to have the fact-finder allocate no or little fault against the non-party.").

to any counsel who shows up to participate and announces on the record who they are representing.

But the Saint Thomas Entities must have access to key fact witnesses for the claims and defenses in this MDL, including Joseph Connolly and John Notarianni. So long as they are provided access to these witnesses, they do not have an interest in who is or is not allowed to participate.

## CONCLUSION

WHEREFORE, the Saint Thomas Entities respectfully request that the Court enter an order stating whether settled criminal defendants can or cannot attend MDL civil depositions.

Dated: December 14, 2015

SAINT THOMAS WEST HOSPITAL F/K/A ST. THOMAS HOSPITAL, SAINT THOMAS HEALTH, AND SAINT THOMAS NETWORK

By their attorneys,

 */s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

54324001.1

- 6 -

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 14th day of December, 2015.

*/s/ Sarah Kelly*
Sarah P. Kelly

2974448.1