| | |
|---|---|
| **From:** | Chris J. Tardio |
| **Sent:** | Tuesday, December 15, 2015 10:34 AM |
| **To:** | Gerard Stranch |
| **Cc:** | Ben Gastel; George Nolan; Daniel L. Clayton; C. J. Gideon; Matt H. Cline |
| **Subject:** | RE: Activity in Case 1:13-md-02419-RWZ In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation Notice (Other) |

Gerard:

I am not going to get into an unproductive back-and-forth. I had hoped to prompt some meaningful dialogue with my effort. It failed. I understand your position. Our MPO will be filed today. We will not present these witnesses on the days that you noticed surrounding Christmas. We will follow the procedure followed every time this has come up in this litigation – if the Court denies our MPO, we will find dates that work for counsel and the witnesses (just as we have done with all Plaintiffs and with all the non-party witnesses where the Court has dealt with MPOs) to set these depositions.

I am willing to submit the motion on the papers if you believe that will obtain a ruling more quickly and Judge Boal does not want argument.

Chris J. Tardio, Esq.
Member // Gideon, Cooper & Essary, PLC
www.gideoncooper.com

-----Original Message-----
From: Gerard Stranch [mailto:gerards@bsjfirm.com]
Sent: Saturday, December 12, 2015 1:10 PM
To: Chris J. Tardio
Cc: Ben Gastel; George Nolan; Daniel L. Clayton; C. J. Gideon; Matt H. Cline
Subject: Re: Activity in Case 1:13-md-02419-RWZ In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation Notice (Other)

Chris,

We will get with the lawyers representing Ms. Skelton. Certainly some of the stipulations will help to reduced the needed deposition time, however, we still will be going forward with the depositions. We will also need to take them ASAP to avoid further delays in the litigation track. I'm sorry if the scheduling for the doctors is going to interrupt their lives, but we asked for depositions dates over a month ago.

Gerard

Sent from my iPhone

> On Dec 12, 2015, at 11:05 AM, Chris J. Tardio <chris@gideoncooper.com> wrote:

1

\>
\> Ben:
\>
\> I propose a stipulation that covers the medical records AND covers their treatment of the patient, to avoid the cost and time of this series of depositions. While I understand that their testimony may have some relevance to filling in the chronology of care, I am not sure what else you want to get from these witnesses other than to go through their treatment. Our position is that the medical records and a simple stipulation can accomplish what I understand you to need to establish from these witnesses. If there is some other testimony you want to get, just tell me, and we may very well stipulate to it.
\>
\> I do think that Judge Boal would appreciate some meaningful conference on this before we present it to the Court. To that end, I drafted and attach a proposed stipulation. I used the McCombs treatment in the Skelton case because it was the first one noticed. Please review it, consider what else, if anything, you want/need to establish with Dr. McCombs (and the others), and make any additions or changes to it. If you look at the stipulation and think that further conference will just be going through the motions, tell me, and I will file our MPO. Please let me know by the end of the day Monday whether you believe this is something we can strike some common ground on, obviating this series of depositions. If not, we will file our MPO. If Judge Boal ultimately orders us to produce these witnesses in full or on certain issues, we will need lead time to find dates that work for everyone, including the witnesses. Attorney schedules given the numerous depositions in these cases and the physician schedules are going to make scheduling very difficult. We want to get the MPO filed as soon as possible, if the conference process appears to be going nowhere.
\>
\> Chris J. Tardio, Esq.
\> Member // Gideon, Cooper & Essary, PLC www.gideoncooper.com
\>
\> -----Original Message-----
\> From: Ben Gastel [mailto:beng@bsjfirm.com]
\> Sent: Monday, December 07, 2015 8:33 PM
\> To: Chris J. Tardio; Gerard Stranch
\> Cc: 'George Nolan'; Daniel L. Clayton; C. J. Gideon; Matt H. Cline
\> Subject: RE: Activity in Case 1:13-md-02419-RWZ In Re: New England
\> Compounding Pharmacy, Inc. Products Liability Litigation Notice
\> (Other)
\>
\> Chris,
\>
\> We are happy to meet and confer on this further and arrive at some stipulation on the medical records, but these depos will cover more than simply authenticating medical records. These physicians also can and should provide testimony on other issues related to plaintiffs' claims and damages. To the extent you believe a medical record stipulation could shorten these depos, please provide such a draft stipulation and we are happy to review.
\>
\> Thank You,
\>
\> Ben
\>

2

> -----Original Message-----
> From: Chris J. Tardio [mailto:chris@gideoncooper.com]
> Sent: Saturday, December 5, 2015 12:48 PM
> To: Gerard Stranch <gerards@bsjfirm.com>; Ben Gastel
> <beng@bsjfirm.com>
> Cc: 'George Nolan' <gnolan@LeaderBulso.com>; Daniel L. Clayton
> <dclayton@kcbattys.com>; C. J. Gideon <cj@gideoncooper.com>; Matt H.
> Cline <matt@gideoncooper.com>
> Subject: FW: Activity in Case 1:13-md-02419-RWZ In Re: New England
> Compounding Pharmacy, Inc. Products Liability Litigation Notice
> (Other)
>
> Gerard / Ben:
>
> Before we file our MPO on the depositions of the HA treating providers, can I assume by issuing these notices that the PSC has rejected my suggestion that you review the medical records and propose a set of stipulated facts and/or a stipulation as to the admissibility of the medical records, in hopes of obviating the need for all these depos? Or, is further conference needed? I want to ensure we have met the meet and confer obligation before filing a MPO.
>
> Chris J. Tardio, Esq.
> Member // Gideon, Cooper & Essary, PLC www.gideoncooper.com
>
> -----Original Message-----
> From: ECFnotice@mad.uscourts.gov [mailto:ECFnotice@mad.uscourts.gov]
> Sent: Tuesday, December 01, 2015 11:43 AM
> To: CourtCopy@mad.uscourts.gov
> Subject: Activity in Case 1:13-md-02419-RWZ In Re: New England
> Compounding Pharmacy, Inc. Products Liability Litigation Notice
> (Other)
>
> This is an automatic e-mail message generated by the CM/ECF system.
> Please DO NOT RESPOND to this e-mail because the mail box is unattended.
> ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.
>
>
> United States District Court
> District of Massachusetts
>
> Notice of Electronic Filing
> The following transaction was entered by Gastel, Benjamin on
> 12/1/2015

3

> 12:43 PM EST and filed on 12/1/2015
>
>
> Case Name: In Re: New England Compounding Pharmacy, Inc. Products
> Liability Litigation
>
> Case Number: 1:13-md-02419-RWZ
> https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?149433
>
> Filer: Plaintiffs' Steering Committee
>
>
> Document Number: 2447
>
>
> Copy the URL address from the line below into the location bar of your Web browser to view the document:
> https://ecf.mad.uscourts.gov/doc1/09507158751?caseid=149433&de_seq_num
> =7977&magic_num=60183962
>
>
> Docket Text:
> NOTICE by Plaintiffs' Steering
> Committee <i>of Filing Deposition Notices</i>   (Attachments: # (1) Exhibit
> 1 - Subpoena Duces Tecum and Deposition Notice to Dr. Paul McCombs, # (2) Exhibit 2 - Subpoena Duces Tecum and Deposition Notice to Dr. Timothy Schoettle, # (3) Exhibit 3 - Subpoena Duces Tecum and Deposition Notice to Dr. Carl Hampf, # (4) Exhibit 4 - Subpoena Duces Tecum and Deposition Notice to Dr.
> Adam Reig, # (5) Exhibit 5 - Subpoena Duces Tecum and Deposition
> Notice to Dr. Gregory Lanford, # (6) Exhibit 6 - Subpoena Duces Tecum
> and Deposition Notice to Dr. Scott Standard)(Gastel, Benjamin)
>
>
> 1:13-md-02419-RWZ Notice has been electronically mailed to:
>
> <Proposed stipulation for McCombs treatment 12-12-15 cjt.doc>

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL No.: 1:13-md-2419 |
| This Document Relates to: ) ) | Judge Rya Zobel |
| Skelton v. Ameridose, LLC, et al 1:13-cv-12575 ) ) ) ) | *PROPOSED DRAFT* |

## STIPULATION REGARDING TESTIMONY AND MEDICAL RECORDS OF TREATMENT BY PAUL McCOMBS, MD

In lieu of the time and expense associated with taking the deposition of Paul McCombs, MD, Reba Mae Skelton's treating neurosurgeon, the parties agree to the following:

**Dr. McCombs' background**

1. Dr. McCombs is a licensed medical doctor in the state of Tennessee. At all relevant times, he was practicing medicine in the specialty of neurosurgery. He is a member of Howell Allen.

2. Dr. McCombs' background includes:

   [*add background information of Dr. McCombs, including education, training, and experience*]

**Dr. McCombs' involvement in the treatment of Ms. Skelton**

3. Ms. Skelton (then 66-years-old) first presented to Howell Allen on August 13, 2012. She complained of nerves and muscles in the hips and legs keeping her up at night, some sleepless nights, but tolerable pain in the day. Her past medical history included sleep disturbance, feeling run down, ringing in ears, acid reflux, arthritis, muscle pain, and stiffness. She was taking the following medications: [*list*]. Her "problem list" included a past medical history of cervical radiculopathy and lumbar/thoracic degenerative disc disease.

4. Dr. McCombs saw her on August 13, 2012, for neurosurgical consultation. His evaluation is captured at pages ___-___ of the Howell Allen records.

1

5. During this visit, Ms. Skelton reported that she had back and bilateral hip pain for the last 15 years. She had tried extensive conservative management, including more than six weeks of PT, chiropractic treatment, anti-inflammatory medication, and pain medication, all without relief. She had pain with prolonged standing or lying down at night. The pain radiated from her back into both hips and down both lower extremities, right greater than left.

6. She was referred to Dr. McCombs by a former patient of his.

7. Dr. McCombs did a physical examination. It revealed pain in her back and some sensory loss in the right leg.

8. Dr. McCombs reviewed her MRI. It showed advanced degenerative disc disease in the lumbar region, at L5-S1.

9. Dr. McCombs recommended to Ms. Skelton that she undergo an ESI at the level of the degenerative disc disease and see her in four weeks to check on her progress.

10. Dr. McCombs referred her to STOPNC for the ESI.

11. She underwent the ESI on August 17, 2012, performed at STOPNC by Dr. Carrero. Dr. McCombs was not involved in the ESI.

12. Ms. Skelton spoke with Howell Allen by phone on September 13, 2012, and said that the ESI seemed to help. Dr. McCombs planned to schedule a second ESI and do a follow-up visit in four weeks.

13. Ms. Skelton was admitted to Saint Thomas Hospital on October 2, 2012, and treated for fungal meningitis. She was discharged on October 18, 2012. She was treated in the hospital by Dr. Latham. Dr. McCombs did not care for her while she was in the hospital.

14. Dr. McCombs made a chart note on October 23, 2012, stating that the patient had contracted meningitis after the ESI. He noted that she was being treated at home after 17 days in the hospital, but otherwise her pain seemed to be doing better. He planned a follow-up phone visit in four weeks.

15. Ms. Skelton spoke with Howell Allen by phone on November 20, 2012, and said that her back pain was better. She was having increasing neck pain. Dr. McCombs planned to start her on PT and do a phone follow-up visit in four weeks. He entered an order the same day for PT.

16. Ms. Skelton spoke with Howell Allen by phone on December 20, 2012. She was doing well with conservative management. Dr. McCombs noted that, hopefully, she could come off the anti-fungal medication in January. "This is what the St. Thomas physicians have told her." He planned a phone follow-up visit in six weeks and encouraged her to call him if she had any difficulty before then.

17. December 20, 2012, is the last record of treatment by Howell Allen or Dr. McCombs.

**Medical records stipulation**

18. The records from Howell Allen, Saint Thomas Neurosurgical Center, and Saint Thomas Hospital satisfy the requirements of Federal Rule of Evidence 803(6) and do not require authentication by a records custodian. The parties will not object to the admissibility of the records produced by Howell Allen (*insert bates numbers*), STOPNC (*insert bates number*), or Saint Thomas Hospital (*insert bates numbers*) on the basis of the authenticity of the records or that the record in general is hearsay. The parties reserve the right to object to the admissibility of a specific record or portion of a record due to a concern about the substance of the records (*e.g.*, relevance, prejudicial impact substantially outweighing probative value, and hearsay within hearsay).

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
cj@gideoncooper.com
chris@gideoncooper.com
matt@gideoncooper.com
*Attorneys for Defendants*
*Saint Thomas Outpatient Neurosurgical Center, LLC;*
*Howell Allen Clinic, a Professional Corporation;*
*John Culclasure, MD; and Debra Schamberg, RN*

*[Add individual Plaintiffs' attorneys]*

*[Add PSC signature lines]*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this ____ day of _____, 2015.

/s/ Chris J. Tardio  
**Chris J. Tardio**