UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>)<br>_____ )<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>*Simas v. Abdul R. Barakat, M.D., and* )<br>*Ocean State Pain Management, P.C.* )<br>1:13-cv-10943-RWZ )<br>)<br>*Hanson v. Ocean State Pain Management, P.C.* )<br>1:13-cv-10685-RWZ ) | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

## MOTION AND JOINDER OF THE DEFENDANTS, ABDUL R. BARAKAT, M.D., AND OCEAN STATE PAIN MANAGEMENT, P.C., FOR ACCESS TO THE RUST/OMNI REPOSITORY

Now come the defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C., in the United States District Court, District of Massachusetts, and, by and through counsel, hereby join the Box Hill Defendants; Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, M.D. ("Dr. Lister"), and Kenneth Lister, M.D., P.C.; and Advanced Pain & Anesthesia Consultants PC d/b/a APAC Centers for Pain Management, et al., and move the Court for an order for access to all documents contained in the Rust/Omni repository including but not limited to those pertaining to the defendants and/or their patients or claimants.[1] As grounds for this Motion, the defendants state as follows:

---

[1] The defendants do not seek access to any medical information pertaining to any claimant not involved in the above identified cases.

1

1. This motion pertains to the following cases involving the above-named defendants:

   *Craig and Joan Simas v. Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C.*
   C.A. No. 1:13-cv-10943-RWZ

   *Margeret Hanson v. Ocean State Pain Management, P.C.*
   C.A. No. 1:13-cv-10685-RWZ

2. In June 2013, and in response to the Plaintiff Steering Committee ("PSC") and the Chapter 11 Trustee's request, the Court ordered the creation of a document repository which is known as the Rust/Omni Repository. See MDL Dkt. Nos. 192, 224, and 237.

3. Upon information and belief, the PSC has had access to this information since the repository's inception. In a letter dated November 27, 2013, the PSC informed the Court that it had "made all formal discovery produced by plaintiffs, defendants, or non-parties available through the Rust and U.S. Legal repositories." See Dkt. 2480, Exhibit A. As to the Rust Repository, the PSC further informed the Court that it "contains protected health information. Specifically, it contains: (i) information produced to Lead Counsel by clinics in response to Judge Boroff's order in the bankruptcy court requiring clinics to identify patients who were injected with contaminated MPA; and (ii) information produced informally by NECC that included patient information or other protected health information. Under the terms of Judge Boroff's order and the PSC's agreement with NECC, the PSC is not permitted to share any of this information with defendants at this time." See id.

4. After parties contacted the PSC to inquire about access to the Rust/Omni repository, the PSC issued a letter on October 23, 2015 indicating that a court order would be needed pursuant to the June 21, 2013 order. The PSC indicated that it did not anticipate opposing any motion seeking access to the repository other than "any attempt by defendant to gain access to

HIPAA protected information produced by unrelated defendant clinics." See Dkt. 2480, Exhibit B.

5. In the Court's June 21, 2013 order, the Court expressly provided that "[i]n the event Defendants wish to use documents, data, or other information produced pursuant to the subpoenas and this Order, they may seek permission of the Court to do so." See Dkt. 192, Para. 6.

6. Accordingly, the defendants hereby request an order granting them access to the documents contained in the Rust/Omni repository. The defendants are not seeking access to private medical information of claimants not involved in the above cases. However, given that it is unclear as to what information and documents have been placed into the repository, if complete access is not provided, the order for access should include the need for the PSC to provide a general index as to all documents in the repository so it can be understood what documents have been deposited. The defendants will pay a reasonable fee for access to these documents, if necessary.

WHEREFORE, the defendants request that this Court enter an order granting them access to the documents contained in the Rust/Omni Repository which relate to the cases listed above and that they be provided a general index describing all documents placed or deposited into the repository.

Respectfully submitted,
the defendants,

**ABDUL R. BARAKAT, M.D., AND
OCEAN STATE PAIN MANAGEMENT, P.C.**

by their attorneys,

/s/ Thomas M. Dolan III

SEAN CAPPLIS, ESQ.
BBO #634740
THOMAS M. DOLAN III, ESQ.
BBO #683042
**CAPPLIS, CONNORS, & CARROLL, P.C.**
18 Tremont Street, Suite 330
Boston, MA 02108
Tel: (617) 227-0722
Fax: (617) 227-0772
scapplis@ccclaw.org
tdolan@ccclaw.org

Dated: December 15, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be served via electronic mail or regular U.S. mail to those participants identified as unregistered this the 15th day of December, 2015.

/s/ Thomas M. Dolan III

THOMAS M. DOLAN III

4

## CERTIFICATE OF CONFERENCE

To the extent this is considered a discovery related motion, I hereby certify that counsel for the defendants has been present for discussions between co-defendant counsel and counsel for the plaintiffs where a good faith effort was made in an effort to resolve gaining access to these documents. The parties all agreed that given the prior order of this Court, it is necessary to move the Court in order to gain access to these documents.

/s/ Thomas M. Dolan III
_____
THOMAS M. DOLAN III