# EXHIBIT 2

## *2010 Tenn. Code Ann. § 63-6-219*

2010 Tennessee Code Archive

**TENNESSEE CODE ANNOTATED   >   Title 63 Professions Of The Healing Arts   >   Chapter 6 Medicine and Surgery   >   Part 2 --General Provisions**

## 63-6-219. Short title -- Legislative policy declaration -- Medical review committees -- Immunity of members -- Confidentiality of record.

(a)   This section shall be known and may be cited as the "Tennessee Peer Review Law of 1967."

(b)

    (1)   In conjunction with the applicable policies of the Health Care Quality Improvement Act of 1986, *42 U.S.C. §§ 11101*-11152, it is the stated policy of Tennessee to encourage committees made up of Tennessee's licensed physicians to candidly, conscientiously and objectively evaluate and review their peers' professional conduct, competence and ability to practice medicine. Tennessee further recognizes that confidentiality is essential both to effective functioning of these peer review committees and to continued improvement in the care and treatment of patients.

    (2)   As incentive for the medical profession to undertake professional review, including the review of health care costs, peer review committees must be protected from liability for their good-faith efforts. To this end, peer review committees should be granted certain immunities relating to their actions undertaken as part of their responsibility to review, discipline and educate the profession. In instances of peer review committees examining the appropriateness of physicians' fees, this immunity must also extend to restraint of trade claims under title 47, chapter 25.

(c)   As used in this section, "medical review committee" or "peer review committee" means any committee of a state or local professional association or society, including impaired physician peer review committees, programs, malpractice support groups and their staff personnel or a committee of any licensed health care institution, or the medical staff thereof, or a medical group practice, or any committee of a medical care foundation or health maintenance organization, preferred provider organization, individual practice association or similar entity, the function of which, or one (1) of the functions of which, is to evaluate and improve the quality of health care rendered by providers of health care service to provide intervention, support or rehabilitative referrals or services or to determine that health care services rendered were professionally indicated or were performed in compliance with the applicable standard of care, or that the cost of health care rendered was considered reasonable by the providers of professional health care services in the area and includes a committee functioning as a utilization review committee under the provisions of Medicare Law, Public Law 89-97, compiled in *42 U.S.C. §§ 1395*-1395pp, or as a utilization and quality control peer review organization under the provisions of the Peer Review Improvement Act of 1982, Public Law 97-248, §§ 141-150, compiled in *42 U.S.C. §§ 1320c* et seq. and 1395b-1 et seq., or a similar committee or a committee of similar purpose, to evaluate or review the diagnosis or treatment or the performance or rendition of medical or hospital services that are performed under public medical programs of either state or federal design.

(d)

    (1)   All state and local professional associations and societies and other organizations, institutions, foundations, entities and associated committees as identified in subsection (c), physicians, surgeons, registered nurses, hospital administrators and employees, members of boards of directors or trustees of any publicly supported or privately supported hospital or other such provider of health care, any person acting as a staff member of a medical review committee, any person under a contract or other formal agreement with a medical review committee, any person who participates with or assists a medical review committee with respect to its functions, or any other individual appointed to any

Anthony Orlandi

2010 Tenn. Code Ann. § 63-6-219

committee, as such term is described in subsection (c), is immune from liability to any patient, individual or organization for furnishing information, data, reports or records to any such committee or for damages resulting from any decision, opinions, actions and proceedings rendered, entered or acted upon by such committees undertaken or performed within the scope or function of the duties of such committees, if made or taken in good faith and without malice and on the basis of facts reasonably known or reasonably believed to exist. Such immunity also shall extend to any such entity, committee or individual listed in this subsection (d) when that entity, committee or individual provides, or attempts to provide, assistance directly related to and including alcohol or drug counseling and intervention through an impaired professional program, or if none, through a requesting professional society, to any title 63 licensee or applicant for license. Physicians health programs and physicians health peer review committees shall be immune from liability for providing intervention, referral and other support services to the minor children or spouse or both of physicians.

**(2)** Notwithstanding the provisions of subdivision (d)(1), any person providing information, whether as a witness or otherwise, to a medical review committee regarding the competence or professional conduct of a physician is immune from liability to any person, unless such information is false and the person providing it had actual knowledge of such falsity.

**(3)** A member of a medical review committee or person reporting information to a medical review committee is presumed to have acted in good faith and without malice. Any person alleging lack of good faith has the burden of proving bad faith and malice.

**(e)** All information, interviews, incident or other reports, statements, memoranda or other data furnished to any committee as defined in this section and any findings, conclusions or recommendations resulting from the proceedings of such committee are declared to be privileged. All such information, in any form whatsoever, so furnished to, or generated by, a medical peer review committee, shall be privileged. The records and proceedings of any such committees are confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records nor be available for court subpoena or for discovery proceedings. One (1) proper function of such committees shall include advocacy for physicians before other medical peer review committees, peer review organizations, health care entities, private and governmental insurance carriers, national or local accreditation bodies and the state board of medical examiners of this or any other state. The disclosure of confidential, privileged peer review committee information to such entities during advocacy or as a report to the board of medical examiners under *§ 63-6-214(d)*, or to the affected physician under review, does not constitute either a waiver of confidentiality or privilege. Nothing contained in this subsection (e) applies to records made in the regular course of business by a hospital or other provider of health care and information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any civil proceedings merely because they were presented during proceedings of such committee.

**(f)** If any provisions of this section, or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of this section that can be given effect without the invalid provision or application, and to that end the provisions of this section are declared to be severable.

# History

[Acts 1967, ch. 348, § 1; 1975, ch. 117, § 1; T.C.A., § 63-623; Acts 1983, ch. 344, §§ 1, 2; 1987, ch. 315, § 1; 1988, ch. 609, §§ 1, 2; *1990, ch. 596, § 1*; *1992, ch. 916, §§ 1-4*; *1993, ch. 404, § 13*; *1994, ch. 732, §§ 5*, 6; *1997, ch. 470, § 1*; *1999, ch. 305, §§ 1-3*; *2009, ch. 46, § 1*.]

TENNESSEE CODE ANNOTATED
© 2015 by The State of Tennessee All rights reserved

Anthony Orlandi