# EXHIBIT A –

# PSC'S RESPONSES TO ST. THOMAS NEUROSURGICAL'S STATEMENT OF UNDISPUTED FACTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) MDL No. 2419<br>Dkt. No. 1:13-md-2419-RWZ |
| This Document Relates to: | ) ) ) |
| Suits Naming Saint Thomas Outpatient Neurosurgical Center, LLC | ) ) ) ) |

## SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC'S RESPONSES TO THE PLAINTIFFS' STEERING COMMITTEE'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts, Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), by and through undersigned counsel, provides the following Responses to the Plaintiffs' Steering Committee's First Set of Requests for Production.

## **GLOBAL OBJECTION**

STOPNC has already responded to numerous discovery requests in the state court cases of *Reed v. STOPNC, et al.*, Case No. 13C417, *May v. STOPNC, et al.*, Case No. 13C606, *Parman v. STOPNC, et al.*, Case No. 13C1005, and/or *Neely v. STOPNC, et al.*, Case No. 13C1876, all formerly pending in the Fifth Circuit Court for Davidson County, Tennessee. The majority of the Requests for Production herein are virtually identical in almost all respects to the discovery served in those state court cases. Further, STOPNC already re-produced to the PSC, at the PSC's insistence, the documents STOPNC produced in the state court cases which were already in the PSC's possession.

Thus, as a general objection, STOPNC objects to responding to these discovery requests for what is, from a practical standpoint, the third time. Since the Plaintiffs already have this information, the duplicative Requests for Production are unreasonably cumulative, duplicative, and the information sought can be obtained from some other source that is more convenient, less burdensome, and less expensive. FRCP 26(b)(2)(C)(i). Additionally, STOPNC adopts and incorporates, as if stated fully herein, any and all objections asserted in response to the same discovery requests in the state court actions.

Without waiving any objection, STOPNC answers each duplicate Request for Production by reference to the state court discovery responses and responds to the handful of "new" discovery requests below.

## ELECTRONICALLY STORED INFORMATION ("ESI")

To the extent the Requests for Production seek ESI that STOPNC has not already produced, counsel for STOPNC is currently working with a third-party vendor to gather ESI in STOPNC's possession and assess the time and expense associated with searching and reviewing that information. STOPNC will make best efforts to comply with the protocol agreed upon by the parties and entered by the Court to govern production of ESI. Accordingly, the responses below do not address whether STOPNC possesses responsive ESI.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Produce all documents and communications regarding the procurement of MPA and/or Depo-medrol.

RESPONSE:

**Objection. STOPNC already responded to this Request for Production in the state court litigation. Further, this Request for Production seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Boal has already ruled that information regarding health care providers' dealings with suppliers of corticosteroids other than the New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") is not discoverable. Order regarding Subpoenas and Motions to Quash [Dkt. 572]. Regardless, STOPNC has already produced (1) all communications, brochures, advertisements, etc. received from or sent to NECC; (2) various invoices, communications, and other documents from Clint Pharmaceuticals and CuraScript, Inc.; and (3) a spreadsheet identifying the supplier, quantity, vial size, and price of MPA purchased by STOPNC from 2008 to 2010, which taken together, cover all STOPNC MPA purchases from 2008 to 2012. Additionally, the Request for Production contains no time limitation, and, as such, is overbroad and unduly burdensome.**

**Subject to and without waiving said objections, included in Exhibit 1 are additional responsive documents from Henry Schein.**

2

46.   Please produce every return and report filed by or on behalf of Saint Thomas Neurosurgical with any taxing authority.

RESPONSE:

**Objection. STOPNC already responded to this Request for Production in the state court litigation.**

47.   Please produce every report submitted by or on behalf of Saint Thomas Neurosurgical to any governmental agency.

RESPONSE:

**Objection. STOPNC already responded to this Request for Production in the state court litigation. Additionally, it necessarily includes information privileged from discovery by the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code. Ann. §§ 63-1-150, 68-11-272.**

**Subject to and without waiving said objections, the United States Attorney's Office for the District of Massachusetts issued two subpoenas to STOPNC for (1) unused vials of medication from NECC, (2) medical and billing records for all patients who received recalled MPA from NECC, and (3) all documents and communications from NECC. STOPNC complied with the subpoenas, which are included with Exhibit 4. STOPNC had already turned over all unused vials of medication from NECC to various government agencies. The Plaintiffs already have their medical and billing records, and the documents and communications with NECC have already been produced. Additionally, Dr. Culclasure testified before a grand jury in Massachusetts investigating NECC pursuant to a separate subpoena, which is included with Exhibit 4.**

48.   Please produce all corporate records of Saint Thomas Neurosurgical including all minutes, by-laws, resolutions, consent to action documents, annual reports, articles of organization, records of board or manager action, board of governor meeting minutes, and documents reflecting the governance of that entity.

RESPONSE:

**Objection. STOPNC already responded to this Request for Production in the state court litigation.**

IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| WAYNE A. REED, individually and as husband and next of kin of decedent, DIANA E. REED,<br><br>    Plaintiff,<br><br>v.<br><br>ST. THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC, HOWELL-ALLEN CLINIC, a Professional Corporation, SAINT THOMAS NETWORK, SAINT THOMAS HEALTH, and SAINT THOMAS HOSPITAL,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 13C417<br>) Jury Demand<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ST. THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure, St. Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), by and through undersigned counsel, provides the following responses to Plaintiff Wayne Reed's First Set of Requests for Production.

REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Produce all documents and communications regarding the procurement of steroids.

RESPONSE:

OBJECTION. Counsel for STOPNC objects to this Request for Production on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. "[A]ll documents and communications" related to the procurement of steroids is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The request sets no limit on the time frame for which such documents are requested, and it requests information regarding the procurement of ALL steroids, not just methylprednisolone acetate ("MPA").

Subject to and without waiving those objections, attached as Exhibit A are all invoices, communications, and advertising materials from NECC. STOPNC's bank account number has been redacted from STOPNC's credit application submitted to NECC because it is irrelevant and not reasonably calculated to lead to discoverable evidence. A handwritten note from a conversation with an outside pharmacist has also been redacted because it is protected by Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219 and/or the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272. Finally, patient names and addresses have been redacted from lists submitted to NECC with order forms because they are protected by HIPAA.

Attached as Exhibit B are all other invoices for MPA from 2011 and 2012 along with all handwritten notes regarding medication purchases for that time.

Attached as Exhibit C is an unsolicited advertisement from a compounding pharmacy.

2

54. Please produce every return and report filed by or on behalf of Saint Thomas Neurosurgical with any taxing authority.

RESPONSE:

**OBJECTION. Counsel for STOPNC objects to this Request for Production on the grounds that it seeks evidence that is irrelevant, seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence, and can only be meant to annoy or harass.**

55. Please produce every report submitted by or on behalf of Saint Thomas Neurosurgical to any governmental agency.

RESPONSE:

**OBJECTION. Counsel for STOPNC objects to this Request for Production on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's counsel can obtain STOPNC's annual report from the Secretary of State. Additionally, Plaintiff's counsel already has a copy of STOPNC's 2011 Joint Annual Report. Otherwise, the request is too broad to respond to, and it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**