UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> Suits Naming the STOPNC Defendants ) <br> ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**STOPNC DEFENDANTS' EMERGENCY MOTION FOR CLARIFICATION REGARDING DEFENDANTS' COMMON EXPERT DISCLOSURE DEADLINE**

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD (hereinafter the "STOPNC Defendants") file this Motion for Clarification regarding the Defendants' Common Expert Disclosure Deadline.

1. On September 18, 2014, the Court entered its first order setting deadlines for disclosure of "common"[1] expert witnesses at Doc. 1425 (MDL Order No. 9). The order provided as follows:

IV. <u>Common Issue Expert Discovery</u>

A. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts that will testify on Common Issues within 30 days after the close of Common Issue fact discovery.

B. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose experts who will testify on Common Issues within 60 days after the close of Common Issue fact discovery.

---

[1] MDL Order No. 9 defined "common issue" as "an issue that pertains to all or a substantial number of cases in the Multidistrict Litigation ("MDL"). Examples of Common Issues include the scope and amount of Defendants' insurance coverage available to satisfy claims made or a parent company's liability for a subsidiary company's conduct." MDL Order No. 9 at 1, n. 1.

1

> C. Plaintiffs may designate rebuttal experts only with leave of court. Any motions seeking leave to designate rebuttal experts shall be filed no later than 30 days after receipt of Defendants' expert disclosures.
>
> D. Expert depositions shall be completed within 120 days after the close of Common Issue fact discovery.

MDL Order No. 9 at 5.

2. The sequencing of expert disclosures in MDL Order No. 9 followed the normal course, with the Plaintiffs disclosing first, followed by the Defendants' disclosures 30 days later.

3. All parties' proposals, <u>including the PSC's proposed order</u>,[2] that resulted in the entry of MDL Order No. 9 included the normal sequencing of expert disclosures, with the Plaintiffs disclosing first and the Defendants disclosing at a later date.[3]

4. No party sought modification of MDL Order No. 9 to require simultaneous disclosure of experts.

5. The "common" discovery deadlines, including expert disclosure deadlines, were later extended due to the typical eventualities associated with litigation of this size and complexity. *See* Docs. 2075, 2330. The most recent order entered by the Court on October 14, 2015, provides as follows:

> Close of Common Fact Discovery: November 16, 2015
>
> Opening Common Expert Reports Due: December 16, 2015
>
> Rebuttal Common Expert Reports Due: January 15, 2016
>
> Reply Common Expert Reports Due: January 29, 2016
>
> Close of Common Expert Discovery: February 19, 2016

Doc. 2330 at 1.

---

[2] The PSC's proposal is at Doc. 837-1.
[3] The Defendants' proposal is at Doc. 858-3.

2

6. Prior to the entry of these revised scheduling orders, neither the PSC nor any other party asked the Court to depart from the normal sequencing of expert disclosures in favor of simultaneous disclosures.

7. Likewise, the Court never stated in the revised scheduling orders that it intended to alter the original sequencing to require simultaneous disclosures of experts. The time between the first and second sets of disclosures remained the same (30 days). And, the revised order continued to contemplate three stages of disclosures.[4]

8. The STOPNC Defendants have operated under the reasonable assumption that the disclosure deadlines currently in effect are December 16 (Plaintiffs), January 15 (Defendants), and January 29 (Plaintiffs' rebuttal).

9. On December 15, 2015 (the day before the Plaintiffs' disclosures were due), the STOPNC Defendants, out of an abundance of caution, reached out to the PSC to make sure that everyone was operating on the same deadlines, given the various orders entered. The Plaintiffs informed the STOPNC Defendants for the first time that they believed the Court's most recent scheduling order required simultaneous disclosure of experts.

10. The parties exchanged emails regarding this issue but were unable to come to an agreement on whether the order at Doc. 2330 was meant to change the process in place to require all parties to disclose experts on December 16, necessitating the instant Motion.

---

[4] If the Court intended for the parties to disclose experts simultaneously, there would be no need for "reply" experts because the parties would have the opportunity to respond to the other side's experts after the initial simultaneous disclosures.

11. Thus, the STOPNC Defendants hereby move the Court for clarification regarding the Defendants' "common" expert disclosure deadlines. The STOPNC Defendants respectfully request entry of an order clarifying that expert disclosures will follow the normal course and that the STOPNC Defendants' expert disclosures are due on January 15, as required by the Court's most recent scheduling order.

12. The STOPNC Defendants do not seek any additional time for completion of expert discovery, or any extension of the current deadlines. They simply ask the Court to confirm that the sequencing set forth in MDL Order No. 9 applies to the new dates found at Doc. 2330. Accordingly, there will be no prejudice to the PSC.

13. If the Court orders disclosure of the STOPNC Defendants' experts earlier than January 15, 2016, the STOPNC Defendants need an extension, and so ask the Court.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

*Attorneys for the STOPNC Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 15th day of December, 2015.

/s/ Chris J. Tardio
**Chris J. Tardio**