UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 13-2419-RWZ |
| This Document Relates To: |  |  |
| All Actions |  |  |

## RENEWED MOTION OF THE UNITED STATES TO STAY THE DEPOSITIONS OF JOSEPH CONNOLLY AND JOHN NOTARIANNI

The United States respectfully renews its Motion to stay the depositions of Joseph Connolly ("Connolly") and John Notarianni ("Notarianni"), who are potential government witnesses in the criminal case. In its Order on Government's Motion to Stay Depositions of Joseph Connolly and John Notarianni (Doc. No. 2479), dated December 10, 2015 [hereinafter the "Order"], the Court granted the government the opportunity to make a renewed motion to further explain how the depositions could interfere with the criminal case, United States v. Cadden et al., 14-cr-10363-RGS. The government hereby makes such a Motion.

## LEGAL ARGUMENT

As stated in more detail in the accompanying ex parte sealed memorandum, both Connolly and Notarianni are potential important witnesses in the government's criminal case. Allowing the civil depositions of Connolly and Notarianni to proceed before trial of the criminal case could potentially harm it. The government set forth in its motion to intervene and its original motion to stay these depositions several reasons why it submits that civil depositions of its witnesses before trial of the criminal case would interfere with the criminal case, and incorporates those arguments and case citations herein by reference. See Government's Motion

for Leave to Intervene and for a Stay of Certain Depositions Pending Resolution of Related Criminal Proceedings (Doc. No. 2209).

Without repeating those arguments at length, the government continues to maintain that depositions of its witnesses about important issues in the criminal case, including NECC's clean room practices and MSM's sales tactics, by attorneys in the MDL who are unfamiliar with the evidence in the criminal case and who are proceeding under the more liberal civil discovery rules, could potentially harm the criminal case given that those transcripts would be available for use by the criminal defendants in trying to impeach the witnesses during the criminal trial. In fact, counsel for the defendant Barry Cadden has publicly confirmed his efforts to use the civil discovery process to circumvent the criminal discovery procedures. See Emergency Motion of Barry J. Cadden to Continue to Attend Depositions in this Matter and to Continue to be Served with All Pleadings in the Case or, in the Alternative, to Clarify or Amend the Deposition Protocol (Doc. No. 2474) at 2. Despite the fact that Cadden has "obtained through a confirmed, non-appealable bankruptcy plan, a fully effective, final, enforceable release from any possible liability," Saint Thomas Entities' Response to the Emergency Motion of Barry Cadden to Attend Depositions [hereinafter, "St. Thomas Entities' Response to Cadden's Emergency Motion"] (Doc. No. 2498), Cadden petitioned this Court to maintain his presence in the civil depositions for the sole purpose of gleaning information from the depositions for use in the criminal trial.

The Court should not allow a criminal defendant to abuse the civil process in this way. See Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962) ("While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive."). Significantly, the Fifth Circuit explained that "18 U.S.C.A. § 3500 does away with any pre-trial discovery of statements of a government witness."

Id. Therefore, the "liberal discovery procedures applicable to a civil suit [should not be used] as a dodge to avoid restrictions on criminal discovery and thereby obtain documents [the defendant] would not otherwise be entitled to for use in his criminal suit." Id. See also Sec. & Exch. Comm'n v. TelexFree, Inc., 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (granting a stay of civil proceedings to "prevent the criminal defendants from exploiting liberal civil discovery rules to obtain evidence to support their criminal defenses"); In re Worldcom, Inc., 2002 WL 31729501, at *10 (S.D.N.Y. Dec. 5, 2002) (upholding stay where the United States Attorney requested that witnesses to be used in the criminal trial not be subjected to depositions or required to answer interrogatories prior to completion of the criminal proceedings); In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 49-50 (S.D.N.Y. 1989) (holding that a stay of civil discovery is appropriate to prevent disclosure of statements of government witnesses "not obtainable at this time under the criminal procedure rules").

As the Fifth Circuit has explained in Campbell, "[a]dministrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." 307 F.2d at 487; see also TelexFree, 52 F. Supp. 3d at 353 (holding that "the public interest in unimpeded criminal law enforcement outweighs the civil interests here"); In re Ivan F. Boesky Securities Litig., 128 F.R.D. at 49 ("the *public interest* in the criminal case is entitled to precedence over the civil litigant" (emphasis in original)). In the context of potential government witnesses, courts have stayed civil depositions of potential government witnesses to preserve the integrity of the criminal case. See, e.g., Beacon Hill Asset Management LLC, 2003 WL 554618, at *2 (granting stay of Rule 26(a)(i)(A) discovery and of discovery pertaining to "any person whom the United

States Attorney's Office for the District of New Jersey certifies may be called as a witness before the grand jury or in any ensuing criminal proceeding"); Sec. & Exch. Comm'n v. Doody, 186 F. Supp. 2d 379, 382 (S.D.N.Y. 2002) (granting a stay of any "[d]epositions of any person whom the United States Attorney's office certifies may be called as a witness in the criminal case"). The Court should do the same here.

As set forth in the accompanying ex parte memorandum, both Connolly and Notarianni are potentially important government witnesses. The government anticipates that the St. Thomas Entities will seek to depose these witnesses on the same topics that the government intends to elicit from them at trial. Cadden and the other criminal defendants are not entitled to pre-trial sworn statements of potential government witnesses that are beyond what the rules of criminal procedure allow.

In addition, the government notes that, in response to its concern that public disclosure of the testimony of these witnesses could potentially harm the criminal case, the St. Thomas Entities' initial response included representations that the protective order this case would assure that the testimony elicited at the depositions would not be publicly available. The government thereafter learned that the protective order only applies to limited categories of information, and would not generally protect the transcripts from public disclosure. The government further learned that the procedures for providing access to the depositions were lax, and that settling defendants could still attend them, as Cadden's counsel was doing. In fact, the St. Thomas Entities imply in their response to Cadden's emergency motion to attend the depositions that anyone could attend them. See St. Thomas Entities' Response to Cadden's Emergency Motion, at 3 ("The doors were not barred, and nobody stood guard outside the public conference space at which this deposition occurred."). The government maintains that the deposition procedures in

this case leave wide room for public disclosure of these witnesses' depositions, and that such disclosure could potentially harm the criminal case.

## CONCLUSION

For all of these reasons, the government requests that the Court grant its Renewed Motion to stay the depositions of Connolly and Notarianni.

                                  Respectfully submitted,

                                  CARMEN M. ORTIZ
                                UNITED STATES ATTORNEY

By:    /s/ Amanda P.M. Strachan
        AMANDA P.M. STRACHAN
        BBO # 641108
        GEORGE P. VARGHESE
        Assistant United States Attorneys
        John Joseph Moakley Courthouse
        One Courthouse Way, Suite 9200
        Boston, Massachusetts 02210
        (617) 748-3100
        amanda.strachan@usdoj.gov
        george.varghese@usdoj.gov

Dated: December 17, 2015

### Certificate of Compliance with Local Rule 7.1

I hereby certify that the United States conferred with counsel for the St. Thomas Entities regarding the substance of this motion, and they do not assent to it.

By:    /s/ Amanda P.M. Strachan
        AMANDA P.M. STRACHAN
        Assistant United States Attorney

<u>Certificate of Service</u>

   I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).


                  By: <u>/s/ Amanda P.M. Strachan</u>
                     AMANDA P.M. STRACHAN
                     Assistant United States Attorney


Dated: December 17, 2015