UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
IN RE: NEW ENGLAND                        )
COMPOUNDING PHARMACY, INC.                )
PRODUCTS LIABILITY LITIGATION             )        MDL No. 13-2419-RWZ
                                          )
This Document Relates To:                 )
                                          )
        All Actions                       )
_____)

ORDER ON PSC'S MOTION FOR PROTECTIVE ORDER
REGARDING NOTICES OF DEPOSITION BY WRITTEN QUESTIONS
[Docket Nos. 2353, 2372]

December 18, 2015

Boal, M.J.

The Box Hill Defendants[1] and the Premier Defendants[2] have served notices of

depositions by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure on

several non-party entities.  The Plaintiffs' Steering Committee ("PSC") have moved for a

protective order that these depositions be conducted orally pursuant to Rule 30 of the Federal

Rules of Civil Procedure.  Docket Nos. 2353, 2372.

Rule 31 of the Federal Rules of Civil Procedure allows a party to take the deposition of

any person by written questions.  Fed. R. Civ. P. 31(a)(1).  In other words, the deponent responds

---

[1] The "Box Hill Defendants" refers to defendants Box Hill Surgery Center, LLC, Ritu T.
Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC.

[2] The "Premier Defendants" refers to defendants Premier Orthopaedic and Sports Medicine
Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier
Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, M.D. a/k/a Kimberly
Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Richard C. DiVerniero, M.D., and Richard
Strauss, M.D.

to written as opposed to oral questions which are governed by Rule 30 of the Federal Rules of Civil Procedure.  Both Rule 30 and 31 require oral responses.

Ordinarily, a party is free to choose its method of discovery.  In re Enron Creditors' Recovery, No. 01-16034, 2007 WL 2680427, at *3 (S.D.N.Y. Sept. 6, 2007) (citation omitted).  However, upon a showing of good cause, the Court may alter the manner of discovery as it deems appropriate.  Fed. R. Civ. P. 26(c)(1); see also id.  The Court finds that the PSC has not shown good cause for altering the Box Hill and Premier Defendants chosen method of deposition by written questions.

While generally disfavored, depositions on written questions can be a valuable and efficient tool for discovery when the issues to be addressed by the witness are narrow and straightforward and the hardships of taking an oral deposition would be substantial.  See Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 549 (S.D.N.Y. 1989).  Here, the notices of deposition appear to be targeted to the narrow topic of what due diligence was conducted by various NECC customers prior to purchasing MPA from NECC.  In addition, the deponents are all non-parties to this litigation.  Therefore, under the circumstances, the PSC has failed to show good cause for a protective order.  Accordingly, the Court denies the PSC's motions without prejudice to the PSC seeking leave of court to take Rule 30 depositions of the clinics at issue on a showing of good cause that follow up is necessary based on the deponent's responses.

**So Ordered.**

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge