**EXHIBIT B**



Supreme Court – Middle Division
Appellate Court Clerk's Office - Nashville
100 Supreme Court Building
401 7th Avenue North
Nashville, TN 37219-1407
(615) 741-2681

Benjamin A. Gastel
Branstetter, Stranch & Jennings PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville TN 37203

Re: M2015-01474-SC-R23-CV - TRACY LYNN REECE EISWERT, ET AL v. UNITED STATES OF AMERICA

Notice: Case Dispositional Decision - SCt Rule 23 (Certified Question) Declined

Attached to this cover letter, please find the referenced notice issued in the above case. If you have any questions, please feel free to call our office at the number provided.

cc: Benjamin A. Gastel
    Sushma Soni
    U.S. Court of Appeals, Sixth Circuit

Case 1:13-md-02419-RWZ   Document 2548-2   Filed 12/28/15   Page 3 of 4

# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## TRACY LYNN REECE EISWERT, ET AL v. UNITED STATES OF AMERICA

U.S. Court of Appeals, Sixth Circuit
146125

No. M2015-01474-SC-R23-CV

Date Printed: 10/30/2015          Notice / Filed Date: 10/30/2015

**NOTICE - Case Dispositional Decision - SCt Rule 23 (Certified Question) Declined**

The Appellate Court Clerk's Office has entered the above action.

James M. Hivner
Clerk of the Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

## TRACY LYNN REECE EISWERT, ET AL v. UNITED STATES OF AMERICA

Rule 23 Certified Question of Law
from the United States Court of Appeals for the Sixth Circuit

No. 14-6125

No. M2015-01474-SC-R23-CV

FILED
OCT 3 0 2015
Clerk of the Courts
Rec'd By _____

### ORDER

Pursuant to Tennessee Supreme Court Rule 23, a certification order was filed in this Court on August 7, 2015, by the United States Court of Appeals for the Sixth Circuit. Briefs have now been filed pursuant to Section 7, and, upon consideration of the certification order and the briefs filed by the parties, this Court declines to answer the following certified question of law:

> Does a complaint signed by plaintiff's counsel, which attaches an expert report, signed by an expert who meets the competency requirements of Tennessee Code Annotated § 29-26-115, stating that the expert believes within a reasonable degree of medical certainty that the defendant's acts or omissions resulted in the harm to the plaintiff substantially comply with Tennessee Code Annotated § 29-26-122?

Upon thorough review, the Court finds that the certified question is not one which "will be determinative of the cause" as required by Rule 23, Section 1. There remains unresolved in this case the issue of the plaintiffs' compliance with the pre-suit notice requirement under Tennessee Code Annotated section 29-26-121. That issue was raised by the defendant in its motion to dismiss in the District Court but was not addressed by that court. This Court's answer to the certified question, therefore, will not necessarily be determinative of this cause. Accordingly, this Court, in the exercise of its discretion, denies the certification. *See* Tenn. Sup. Ct. R. 23, § 9; *Seals v. H & F, Inc.*, 301 S.W.3d 237, 241 n.3 (Tenn. 2010).

PER CURIAM