**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

All Suits Against the Saint Thomas Entities

MDL No. 2419
Dkt. No 1:13-md-2419 (RWZ)

**MEMORANDUM IN SUPPORT OF THE SAINT THOMAS ENTITIES' MOTION TO AMEND THE SCHEDULE FOR BELLWETHER DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 16 and 26, the Saint Thomas Entities[1] hereby file this memorandum in support of their motion to amend the schedule for bellwether discovery.

The Court previously entered schedules for both "common" and "case-specific" discovery.[2] Those schedules now overlap, and the parties are working on both case-specific and common issue discovery at the same time. Despite valiant efforts by all counsel, diligently working through the holiday season, the current deadlines for case-specific discovery and common issue expert discovery has become unworkable for the following reasons:

- Plaintiffs have designated 10 common issue experts[3];

---

[1] Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

[2] ***A "Common Issue"*** for purposes of this Order means an issue that pertains to all or a substantial number of cases in the Multidistrict Litigation ("MDL"). Examples of Common Issues include the scope and amount of Defendants' insurance coverage available to satisfy claims made or a parent company's liability for a subsidiary company's conduct. ***A "Case Specific Issue"*** is an issue that pertains to a single case or a small number of cases. Examples of Case-Specific Issues include the amount of physical harm an individual patient suffered as a result of Defendants' alleged wrongdoing or statements made by Defendants to a particular Plaintiff. *See* MDL Order No. 9 [Dkt. # 1425] at p. 1, fn. 1 (emphasis added).

[3] *See* Plaintiffs' Steering Committee's Notice of Service of Opening Common Expert Reports [Dkt.# 2516].

- The Saint Thomas Entities have designated 6 common issue experts[4];
- The Tennessee Clinic Defendants are likely to designate at least 15 common issue experts by their January 15, 2016 deadline;
- Plaintiffs are likely to designate additional common issue experts or expand on their experts' opinions by their January 29, 2016 deadline[5];
- The deposition of Anna Sullivan had to be recessed due to medical issues and must be rescheduled;
- The deposition of plaintiff Fredia Berry had to be recessed due to medical issues and must be rescheduled;
- The deposition of plaintiff Jane Wray was cancelled at the last minute due to a fall requiring hospitalization[6];
- The deposition of plaintiff Phillip Tyree had to be recessed because key medical providers had never been disclosed and no medical authorization for such providers ever provided;
- Many plaintiff depositions have revealed the need for additional case-specific depositions; and
- Case-specific expert discovery is anticipated to be extensive given the fact many plaintiffs had significant pre-existing conditions, resulting in a substantial dispute over damages.

Given the significant amount of common issue expert discovery and case-specific fact and expert discovery remaining (on top of summary judgment and *Daubert* motions), additional

---

[4] *See* Saint Thomas Entities' Disclosure of Expert Witnesses, attached hereto as Exhibit "A."

[5] *See* E-mails dated 12/29/15, attached hereto as Exhibit "B."

[6] *See* E-mail dated 12/30/15, attached hereto as Exhibit "C."

time is needed by the parties to fully and properly develop these bellwether cases for a meaningful trial.

The key current deadlines are as follows:

| | |
|---|---|
| Plaintiff's depositions completed | January 8, 2016 |
| Defendants' common issue expert reports | January 15, 2016 |
| Deadline to file common issue summary judgment motions | January 15, 2016 |
| Plaintiffs' case-specific expert reports | January 22, 2016 |
| Defendants' case-specific expert reports | February 5, 2016 |
| Common issue expert discovery deadline | February 19, 2016 |
| Deadline to file common issue *Daubert* challenges | February 19, 2016 |
| Case-specific fact and expert discovery | March 4, 2016 |

No one can accuse the parties of not working diligently to meet all deadlines. Written discovery has taken place in all of the bellwether cases and many documents have been produced, including extensive medical records. On top of expert disclosures, written discovery, and constant motion practice, the parties have conducted twenty-four ("24") depositions in the last two months alone.[7] Several of the plaintiff depositions have been suspended or postponed for medical reasons, as noted below. Sixteen ("16") common issue experts have been disclosed with full reports, and more are on their way with defendants' deadline two weeks away and

[7] Depositions have included Lisa Cadden (10/29/15), Kim Bowlin (11/6/15), Owen Finnegan (11/9/15), Cory Fletcher (11/9/15), Steven Haynes (11/9/15), Robert Latham, MD (11/10/15); Mario Giamei (11/12/15), Massachusetts Board of Pharmacy (12/4/15), Basil McElwee (12/9/15), Carla McElwee (12/915); Anna Sullivan (12/11/15), Adam Ziegler (12/14/15), Sarah Ziegler (12/14/15); John Temple (12/16/15), Lewis Ray Sharer (12/16/15), Barbara Sharer (12/16/15); Belmira Carvahlo (12/16/15), Annette Robinson (12/16/15), Fredia Berry (12/18/15), Steve Dickerson, M.D. (12/21/15), Denis Brock (12/21/15), Jerry Brock (12/21/15); Phillip Tyree (12/22/15); and Mae Parman (12/30/15).

plaintiffs' rebuttal designations still to come. Simply stated, the parties are continually working on bellwether discovery. But there simply comes a point where the work to be done outnumbers the days available (which are further limited by witness' and multiple counsels' schedules).

The Plaintiffs' depositions alone reflect the problems the parties face in meeting the current schedule. While it was theoretically possible at the time the Court entered its orders to depose all of the Plaintiffs by January 8, 2016, intervening facts have made the schedule unworkable. First, many of the plaintiffs have been medically unable to complete their depositions as scheduled, requiring the parties to put them on hold for a future date (since all future dates were already scheduled for other discovery matters, such as depositions of treating physicians or meetings with experts). Both Anna Sullivan and Fredia Berry could not complete their depositions for medical reasons. And despite the fact defense counsel worked Christmas weekend to prepare for the deposition of Jane Wray, it was canceled at the last minute due to a hospitalization. And while Phillip Tyree was proceeding as planned, it had to be stopped because plaintiff had not disclosed key evidence of numerous recent epidural steroid injections. Defendants are now attempting to obtain those records so they can then find a date to continue Tyree's deposition.

On top of all of this, both sides have designated numerous common issue experts. It is anticipated that over thirty common issue experts will be disclosed by the time the deadline for all reports arrives on January 29, 2016. Each of those experts must be deposed and, where needed, challenged by a *Daubert* motion (which will be due February 19, 2016). Moreover, the parties cannot realistically even begin expert depositions until all opinions and underlying facts are disclosed, which will be January 29, 2016. That means that at least thirty experts must be deposed, transcripts obtained, and numerous *Daubert* motions filed in the span of about two

weeks. This of course is all in addition to the numerous case-specific fact and expert witnesses that need to be deposed and possibly challenged.

Importantly, these experts cover a wide range of topics and subject matters. They are not duplicative or cumulative. For example, the parties to date have disclosed experts on purchasing, health care coding, compounding pharmacy regulation and oversight (state and federal), cleanroom design and construction, cleanroom cleaning methods and materials, USP 797 sterile compounding requirements and procedures, microbiology and pharmaceutical marketing. This is not a simple case. These expert depositions will require a significant amount of time to properly take. And unlike certain fact witness depositions that can be handled by a less experienced or less involved lawyer, experts require lead, experienced lawyers to handle. It would be extremely prejudicial to Defendants to limit their ability to do so by making them conduct depositions of multiple experts in different parts of the country on the same day due to a compressed schedule. And after the depositions are concluded, *Daubert* motions are a certainty based on the large number of experts being designated by the parties.[8]

On the case-specific side, the case-specific experts are hamstrung by not having the medical records they need (*see* Tyree) or the deposition transcripts of Plaintiffs to review in sufficient time to draft a meaningful report. And the Court will recall that given the subject matter of this docket, the case-specific experts will primarily be practicing doctors with a full schedules of patient care that cannot be interrupted at a lawyer's whim.

In addition to all of this, there are treating physician depositions to be had. As just one example, Plaintiffs have asked for the deposition of the Saint Thomas Hospital doctor who

[8] The defendants will certainly be challenging some of the experts disclosed to date by the PSC. For example, their standard of care experts will apparently testify that it was "standard practice" to conduct due diligence on compounding pharmacies like NECC despite the fact only a handful of customers out of thousands actually did it. While depositions are required before a *Daubert* challenge will be ripe, many of the PSC's reports reflect conclusory, unreliable, unsupported opinions.

treated all bellwether patients – Dr. Latham. While Dr. Latham already sat for one deposition (a "common issue" deposition), Plaintiffs now want him to sit for a deposition on all of the bellwether candidates.[9] This will require Dr. Latham – who has a full schedule of patient care – to take substantial time to review each plaintiff's medical files in order to testify.

Accordingly, the Saint Thomas Entities request that the Court enter the following schedule which, while still aggressive, provides the opportunity for the parties to obtain the common issue expert discovery and case-specific discovery that is needed for meaningful bellwether results (including a careful analysis of which experts should and should not go before the jury) aimed at resolving, rather than prolonging, this MDL docket.

| | |
|---|---|
| Completion of Plaintiffs' Depositions | January 29, 2016 |
| Bellwether Strikes and Joint Filing of Summary of Remaining Cases Due | February 23, 2016 |
| Common Issue Expert Discovery Deadline | March 18, 2016 |
| Plaintiffs' Case-Specific Expert Reports Due | March 18, 2016 |
| Defendants' Case-Specific Expert Reports Due | April 15, 2016 |
| Common Issue Summary Judgment and *Daubert* Motions Due | April 15, 2016 |
| Case-Specific Expert Discovery Deadline | May 13, 2016 |
| Case-Specific Summary Judgment and *Daubert* Motions Due | May 30, 2016 |
| Case-Specific Fact and Expert Discovery Deadline | June 1, 2016 |

The proposed schedule is consistent with balancing the parties' desire to get to trial with a reasonable chance to discover and develop the individual facts so that any verdicts will be more

[9] *See* E-mail dated 12/23/10, attached hereto as Exhibit "D."

rather than less representative of the MDL Plaintiffs as a whole. The overlapping common issue and case-specific discovery is making it particularly difficult to get things scheduled and finished. If the first bellwether case is rushed without adequate time for discovery and meaningful expert challenges, whichever party does not prevail will assign it little predictive value.

## CONCLUSION

For these reasons, the Saint Thomas Entities respectfully request the Court enter an order adopting their proposed schedule for case-specific discovery.

Dated: December 30, 2015

SAINT THOMAS WEST HOSPITAL, SAINT THOMAS HEALTH, and SAINT THOMAS NETWORK

By their attorneys,

*/s/ Sarah P. Kelly*

Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

**CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 30th day of December, 2015.

*/s/ Sarah P. Kelly*
Sarah P. Kelly

3002121.1