## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) |
| _____ | ) |
| | ) **MDL No. 2419** |
| | ) **Dkt. No 1:13-md-2419 (RWZ)** |
| **THIS DOCUMENT RELATES TO:** | ) |
| | ) |
| **All Cases** | ) |

---

### OPPOSITION TO GOVERNMENT'S RENEWED MOTION TO STAY DEPOSITIONS OF JOSEPH CONNOLLY AND JOHN NOTARIANNI [DOC. 2520]

---

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; Kenneth Lister, MD, PC; and Donald E. Jones, MD (collectively "Tennessee Clinic Defendants"), come now and *oppose* the *Renewed Motion of the United States to Stay the Depositions of Joseph Connolly and John Notarianni*.[1]

The Tennessee Clinic Defendants' position regarding these depositions, as outlined in numerous filings before this Court,[2] has not changed. The Court should (1) deny the Government's request for a stay and allow the Tennessee Clinic Defendants to move forward with these depositions, or (2) grant the Government's requested stay of these depositions but likewise stay the setting of any of the Tennessee civil trials until

---

[1] Doc. 2520.

[2] *See* Doc. 2274 (Tennessee Clinic Defendants' response opposing, in part, the Government's original motion to stay all depositions of former NECC and MSM employees, Doc. 2209); Doc. 2401 (Tennessee Clinic Defendants' opposition to the Government's emergency motion to stay Mr. Connolly's deposition, Doc. 2398); and Doc. 2440 (Tennessee Clinic Defendants' opposition to the Government's motion to stay the depositions of Joseph Connolly and John Notarianni, Doc. 2395). The Tennessee Clinic Defendants expressly adopt and incorporate as if fully stated herein their prior arguments on these issues as set forth in the aforementioned pleadings.

after the conclusion of the first criminal trial (scheduled to begin on April 4, 2016) to ensure that the Tennessee Clinic Defendants have access to all testimony and discovery necessary to adequately defend the civil claims against them.

### *Relevant History*

The Government moves again, after several failed attempts, to stay the depositions of Joseph Connolly and John Notarianni. The Tennessee Clinic Defendants have extensively briefed their position on this issue – including the relevant history behind their need for these depositions and the reasoning behind their opposition to the Government's Motion to Stay – in numerous documents filed with this Court:

- Doc. 2274 (Tennessee Clinic Defendants' response opposing, in part, the Government's original motion to stay all depositions of former NECC and MSM employees, Doc. 2209);

- Doc. 2401 (Tennessee Clinic Defendants' opposition to Government's emergency motion to stay Mr. Connolly's deposition, Doc. 2398); and,

- Doc. 2440 (Tennessee Clinic Defendants' opposition to Government's motion to stay the depositions of Joseph Connolly and John Notarianni, Doc. 2395).

As a result, the Court has been briefed at length on both the Government's position and the Tennessee Clinic Defendants' position.  And, despite at least three opportunities[3] prior to the instant Motion, the Government has not convinced the Court why it is entitled to a stay of these depositions. The Court found in its most recent Order that the Government failed to offer sufficient, particularized reasons why the depositions

---

[3] *See e.g.,* Doc. 2209 (Motion of the United States for Leave to Intervene and for a Stay of Certain Depositions Pending Resolution of Related Criminal Proceedings, and Memorandum in Support Thereof and in Opposition to the St. Thomas Entities' Motion to Compel Production of Criminal Discovery); Doc. 2395 (Motion of the United States to Stay the Depositions of Joseph Connolly and John Notarianni); and Doc. 2398 (Emergency Motion of the United States to Stay the Depositions of Joseph Connolly and John Notarianni).

should not move forward and was "largely repeat[ing] the same arguments."[4]  However, the Court granted the Government the opportunity to file a renewed motion providing more specific reasons for its request with any portions deemed necessary <u>ex parte</u> and under seal.[5]  The Government subsequently filed the instant renewed motion and an <u>ex parte</u>, sealed memorandum which purportedly offers "more detail" as to why "Connolly and Notarianni are potential important witnesses in the government's criminal case."[6]

The Tennessee Clinic Defendants are unable to review – and thus, unable to respond to – any arguments made in the <u>ex parte</u> documents filed under seal. However, the issue is <u>not</u> whether Connolly or Notarianni are potentially important witnesses in the criminal case – the Tennessee Clinic Defendants concede that Connolly and Notarianni may be.  Rather, the issues are (1) whether allowing Connolly and Notarianni's depositions to proceed in the civil case will harm the criminal prosecution to such a degree as to justify a stay of their depositions in the civil case, and (2) whether a stay of their depositions in the civil matter, without a stay of any other deadlines (including trial) unduly prejudices the civil defendants.  As it relates to these two issues, the Government has offered no new arguments in support of their position in their Renewed Motion.

Thus, for the reasons stated in prior pleadings on this matter and as further outlined below, the Tennessee Clinic Defendants request that the Court either:

1. Allow the depositions to proceed forward with various procedural safeguards in place to address the Government's concerns and ensure the integrity of the criminal cases; or, in the alternative,

---

[4] *See* Doc. 2479 (Order on Government's Motion to Stay the Depositions of Joseph Connolly and John Notarianni).
[5] *See id.* at 2.
[6] *See* Doc. 2520, p. 1 (Renewed Motion of the United States to Stay the Depositions of Joseph Connolly and John Notarianni).

2. Allow the stay of the depositions but likewise stay the civil trials a sufficient amount of time following the conclusion of the first criminal trial (scheduled to begin on April 4, 2016) to allow the Tennessee Clinic Defendants to obtain discovery from these two vitally important witnesses.

Either of these options ensures that the equities between the criminal and civil cases are balanced, and provides the fairest approach to all involved parties.

## _Law and Argument_

I.    **The Court should allow the depositions to proceed with various procedural safeguards in place.**

As has been stated previously, the Government must carry a "heavy burden" to justify staying a civil proceeding pending a parallel criminal proceeding.[7]   Whether a court should impose a stay requires consideration of various interests and is a case-specific inquiry.[8]  The exercise of the court's discretion in granting a stay should be done only when "the interests of justice counsel in favor of the stay."[9] Although parallel civil and criminal proceedings may _sometimes_ justify deferring civil proceedings until the criminal proceedings are completed, a court may instead, in the interest of justice, fashion remedies other than a general stay, such as imposing protective orders, sealing interrogatories, imposing a stay for a finite period of time, or limiting the stay to a particular subject matter.[10] To determine whether a stay, protective order, or other remedy is best in any given case calls for a court to exercise its judgment, weigh

---

[7] _See Microfinancial, Inc. v. Premier Holidays Int'l_, 385 F.3d 72, 77 (1st Cir. 2004).
[8] _Id._ at 77.
[9] _See GLL GmbH & Co. Messturm KG v. LaVecchia_, 247 F.R.D. 231, 233 (D. Me. 2008) (_citing, generally, Microfinancial_, 385 F. 3d at 77-78)).
[10] _See Digital Equipment Corp. v. Currie Enterprises_, 142 F.R.D. 8, 12 (D. Mass. 1991) (internal citations omitted) (holding that, after balancing the equities at issue in allowing discovery to proceed in a civil matter when there was a parallel, ongoing criminal proceeding, that a stay was _not_ warranted because less drastic means could adequately protect the pertinent interests); _see also Louis Vuitton Malletier S.A. v. LY USA, Inc.,_ 676 F.3d 83, 97 (2d Cir. 2012) (_citing Nosik v. Singe,_ 40 F.3d 592, 596 (2d Cir.1994)).

competing interests, and maintain an even balance between the equities of the parties involved.[11]

Here, the Government simply has not met its heavy burden to show that a stay is justified. Irrespective of the importance of Connolly and Notarianni's testimony to the Government's case against the criminal defendants, the Government has <u>not</u> shown in its prior motions on this topic or its Renewed Motion that a stay of these two depositions is necessary to prevent some identifiable harm to the Government's case, nor that any such identifiable harm could not be alleviated by some less drastic measure (such as additional protective orders) that would likewise protect the interests of the parties to the civil action.

In its Renewed Motion, the Government argues that allowing these depositions to go forward could *potentially* harm the criminal case because (1) the deposition transcripts would be available for use by the criminal defendants to, among other things, impeach the Government's witnesses,[12] and (2) the deposition transcripts are not adequately protected from public disclosure by the current protective order in place in the civil litigation,[13] both arguments that have been made and addressed before.[14] And, as previously briefed, these concerns are (1) unjustified and (2) easily rectified without resort to a stay.

The Government's first concern, that the criminal defendants will be able to attend the depositions, overlooks a key point – the criminal defendants cannot attend the civil depositions under the order in place.  Despite any arguments made by counsel

---

[11] *See Louis Vitton*, 676 F.3d at 97 (*citing Landis v. North American Co.*, 299 U.S. 248, 254–55 (1963) and *Ofosu v. McElroy*, 98 F.3d 694, 699 (2d Cir.1996) ("A request for a stay is an appeal to equity.")).
[12] Doc. 2520, p. 2-4.
[13] Doc. 2520, p. 4-5.
[14] *See e.g.,* Doc. 2209, p. 12-15; Doc. 2274, p. 17-18; Doc. 2395, p. 2-4; Doc. 2395, p. 4-5; Doc. 2440, p. 6-9.

for Mr. Cadden that the criminal defendants remain parties in the civil litigation,[15] they do not. All of the criminal defendants at issue have been dismissed by Order of this Court.[16] And, as non-parties, they have no right to attend depositions in the civil case, nor can they, as MDL Order No. 10 (the Deposition Protocol) specifically states that:

> [D]epositions may be attended by counsel of record, members and employees of their firms, members of the Plaintiffs' Steering Committee ("PSC"), attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent.[17]

The criminal defendants, who have been dismissed from the cases and are no longer parties, do not fall into any of these permissible categories of people who may attend the depositions. And, to the extent there is any ambiguity as to whether counsel of *former* defendants can attend despite the Deposition Protocol,[18] the Court has within its power the ability to Order that the MDL depositions are restricted to only counsel of record for <u>current</u> defendants and others as delineated above, removing any alleged "loophole" that would otherwise allow the criminal defendants to attend the deposition.[19]

To address the Government's second concern regarding global, public disclosure of the deposition transcripts (and the related concern of the use of the deposition transcripts by the criminal defendants for impermissible purposes), the civil litigation has a protective

---

[15] *See* Doc. 2474 (Emergency Motion of Barry J. Cadden to Continue to Attend Depositions in this Matter and to Continue to be Served with All Pleadings in the Case, or, in the Alternative, to Clarify or Amend the Deposition Protocol), which has not yet been ruled upon.

[16] *See* Doc. 2450, which shows that the cases against the criminal defendants, including Cadden, have been effectively dismissed; *see also* Doc. 2193 (Order Dismissing Claims Against Settling Defendants), which specifically states that all MDL claims of any type against various defendants, including Cadden, are dismissed with prejudice; *see also* Hr'g Tr., p. 45-47 (Dec. 17, 2015 status conference before Judge Boal and Judge Zobel) (discussing the fact that all that is remaining to effectuate the dismissals of these defendants is entrance by the clerk of a notation of dismissal on the individual dockets).

[17] *See* Doc. 1426, §E. Although Mr. Cadden's counsel was previously able to attend one such deposition despite the protocol, as explained in Doc. 2401, p. 4, this has been and will be remedied moving forward.

[18] *See* Doc. 2474, p. 5.

[19] *See* Fed. R. Civ. P. 26 (A judge may enter "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

order in place (the Third Amended Protective Order of Confidentiality)[20] that allows any deposition testimony to be designated "confidential."   The testimony is then sealed (along with any documents designated confidential) under the order.   Nothing prevents the witnesses from designating (and the parties from agreeing) to make the entirety of their testimony confidential until the conclusion of the criminal proceeding, thus remedying any concerns regarding the ability of the protective order to ensure confidentiality.

Notably, although the Government again argues that the Third Amended Protective Order of Confidentiality does not generally protect the transcripts from public disclosure, the Government does *not* address the Tennessee Clinic Defendants' original response to this argument – which is that, to the extent the current protective order is deemed inadequate by the Court, *the Court can prospectively designate the testimony confidential* and can limit access to the deposition transcripts to any degree deemed necessary to protect the government's interest in the criminal prosecution.[21]   The fear that, hypothetically, the transcripts could become public, is not sufficient to justify a stay absent a more concrete, verifiable concern.

The Government's final concern is that the criminal defendants will use the deposition transcripts to impeach these witnesses if they are ultimately called during the Government's case-in-chief.   The Tennessee Clinic Defendants' position on this issue was extensively addressed in the their last Response[22] and will not be repeated wholesale herein.

---

[20] Doc. 814.
[21] *See* Fed. R. Civ. P. 26 (A judge may enter "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").
[22] *See* Doc. 2440, ¶15-17.

However, it is worthwhile to note that, in *S.E.C. v. Chakrapani*, a similar case involving parallel criminal and civil proceedings, the Government made a request to stay the deposition of a non-party "key" witness in its criminal case, arguing that its interest in preserving its cooperating witness for the criminal trial (essentially, its right to avoid cross-examination and potential impeachment of its prized witnesses) outweighed the other factors to be considered in granting a stay.[23] The District Court in New York rejected this argument, noting that a "prized witness often must testify more than once in both civil and criminal proceedings," the preservation of a witness' testimony is not a "government right," and, it was expected that the testimony at issue would be the same whether it was first given at a criminal trial or civil one.[24]

Similarly, here, (1) there has been no evidence provided that Connolly or Notarianni will testify differently in the criminal case than in the civil case, nor is there any reason to believe they will do so, (2) there are multiple criminal proceedings in which Connolly or Notarianni may be called to give testimony, meaning they will be subject to impeachment in at least one of those trials, and (3) the potential for impeachment is not by itself sufficient to justify the stay of a civil case.

* * * * * * *

Regardless of the information provided to the Court by the Government in its <u>ex parte</u> memorandum regarding the potential importance of Mr. Connolly and Mr. Notarianni's testimony, the Government is still unable to meet its burden to stay the civil

---

[23] *See Chakrapani*, 2010 WL 2605819 (S.D.N.Y June 29, 2010).  Of note, the factors used by the Court in *Chakrapani* to determine a stay (interest of a plaintiff in proceeding expeditiously with civil litigation, hardship to the criminal defendant, convenience of the courts, interests of third parties, and the public interest) are identical to those used by the First Circuit and outlined in *Microfinancial,* 385 F. 3d at 78, except *Microfinancial* adds three additional factors for the Court's consideration.
[24] *See Chakrapani*, 2010 WL 260519 at *11.

proceedings.  A stay is not automatically mandated in parallel criminal and civil proceedings, nor should it be used when there are other, less drastic options (such as protective orders) available to the Court that result in a fairer balancing of the equities between the parties.

Here, the Deposition Protocol and Third Amended Protective Order of Confidentiality will ensure that allowing these depositions to move forward in the civil matter will not unduly prejudice or harm the Government's criminal prosecution.  And, to the extent the Court finds that any additional protective measures are necessary (such as a clarification of the Deposition Protocol or Third Amended Protective Order of Confidentiality) the Court can do so.


**II.     In the alternative, if the Court stays the depositions of Connolly and Notarianni, equity demands that the Court likewise set the first civil trial after the first criminal trial to ensure that the civil defendants can adequately defend their case.**

If this Court determines that a stay of the depositions of Mr. Connolly and Mr. Notarianni is warranted, the Court should then set the first civil trial a few months after the first criminal trial (set to begin on April 4, 2016) has concluded.

As has been argued at length in other pleadings before this Court, requiring the Tennessee Clinic Defendants to try the first civil case before the depositions of Mr. Connolly and Mr. Notarianni will result in substantial prejudice to the Tennessee Clinic Defendants because they will not have access to information critical to their defenses.[25] Additionally, requiring the Tennessee Clinic Defendants to go through the first civil trial

---

[25] This is explained, in length, at pp. 9-15 of Doc. 2274. Additionally, the affidavit filed at Doc. 2274-2 further explains the reasons why this would be prejudicial to the Tennessee Clinic Defendants' defense of the cases.

without essential testimony is inefficient, wasteful, and will result in a trial with an incomplete record and an unrepresentative verdict.[26]

Thus, in the event the Court stays the depositions of Connolly and Notarianni, the Court should postpone setting the first civil trial until a few months after the conclusion of the April 4, 2016, criminal trial.  This will allow the Tennessee Clinic Defendants' sufficient time to review the testimony, if any, provided by Connolly and Notarianni and conduct any follow up depositions needed.  And, waiting until after the conclusion of the criminal trial to set the cases will result in, at most, only a few month delay in the first civil trial, given the Court's current position that it intends to try the first civil case in "April, May, June[.]"[27]  Thus, the potential prejudice to the civil Plaintiffs, if any, is slight at best, and grossly outweighed by the very real prejudice to the Tennessee Clinic Defendants if forced to try the first civil case without access to Connolly and Notarianni's testimony.[28]

### Conclusion

Regardless of the alleged importance the potential testimony of Connolly and Notarianni may have to the Government's criminal case, a stay of their depositions in the civil case is not warranted given the availability of various procedural safeguards that can ensure the integrity of the criminal cases.  The Court should allow the depositions to proceed in the civil matter subject to these safeguards.

---

[26] Doc. 2274, pp. 9-15.
[27] Hr'g Tr., p. 8 (Nov. 12, 2015 status conference).
[28] Further, *see* the motion to extend the scheduling order deadlines, filed on December 30, 2015, at Doc. 2549, which explains that any civil trial before April 2016 is not doable given the discovery left to conduct.

However, in the event the Court finds that the stay of Connolly and Notarianni's depositions is warranted, the Court should likewise postpone setting of the first civil case for trial until after the first criminal case to balance the injustice, prejudice, and wastefulness that would otherwise occur if the Tennessee Clinic Defendants were forced to proceed to trial without having the opportunity to conduct this vital discovery.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 31st day of December, 2015.

/s/ Chris J. Tardio
**Chris. J. Tardio**