UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MDL NO. 13-02419-RWZ


IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION


This Order relates to Case Nos. 15-cv-12346,
15-cv-12347, and 15-cv-12818 (D. Mass.)


Opinion and Order

January 4, 2016


ZOBEL, D.J.

This multidistrict litigation aggregates several hundred state-law tort disputes, most of them between non-diverse parties. For the vast majority of these cases—filed before the bankruptcy court confirmed NECC's[1] bankruptcy plan (the "plan")—this court has exercised "related to" jurisdiction under Section 1334(b) rooted in their relationship to NECC's bankruptcy proceeding. See Docket # 2309. Three cases recently filed in the United States District Court for the District of New Hampshire[2] against New

---

[1] This opinion adopts the shorthand used in Docket # 2309: "NECC" refers to New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center; "Affiliated Defendants" refers to NECC's employees, directors, and affiliated companies; "National Defendants" refers to vendors who provided services to NECC; and "Clinic-Related Defendants" refers to clinics, hospitals, and healthcare professionals who procured contaminated NECC products and administered them to patients. Furthermore, NECC, the Affiliated Defendants, and the National Defendants are referred to collectively as the "Former Defendants."

[2] Those cases, collectively the "New Hampshire Cases," are: Golden v. O'Connell, No. 15-cv-12346 (D. Mass.); McCarthy v. O'Connell, No. 15-cv-12347 (D. Mass.); and Garcia v. O'Connell, No. 15-cv-12818 (D. Mass.). A fourth case, Katz v. O'Connell, No. 15-cv-13025 (D. Mass.), was filed after the plan's effective date, though its plaintiff has filed an assented-to motion for voluntary dismissal, which will be allowed.

Hampshire health care providers were transferred to this court by the Judicial Panel on Multidistrict Litigation. Given that these cases were filed after confirmation of the plan albeit before its effective date, this court ordered the plaintiffs to show cause why their cases should not be dismissed for lack of subject matter jurisdiction. See Docket # 2103.

As explained below, the passage of the plan's effective date leaves the New Hampshire Cases with only a very limited impact on that bankruptcy. Accordingly, although this court may exercise jurisdiction over the New Hampshire Cases, it will refrain from doing so under the permissive abstention provision of Section 1334(c).

**I.     Jurisdiction**

The New Hampshire plaintiffs filed their cases before the plan's effective date, and these cases are therefore related to NECC's bankruptcy proceeding and appropriately before a federal court. Federal courts have "original but not exclusive jurisdiction" over any civil case "related to" a bankruptcy proceeding. 28 U.S.C. § 1334(b) (2012). Related-to jurisdiction "is quite broad" and permits consolidation before a single court of "the entire universe of matters connected with bankruptcy estates." In re Bos. Reg'l Med. Ctr., Inc., 410 F.3d 100, 105 (1st Cir. 2005). This jurisdiction extends to all litigation whose outcome "potentially could have some effect on the bankruptcy estate." Id. However, related-to jurisdiction narrows considerably upon the confirmation of a bankruptcy plan, id. at 106, and even more drastically after the plan's effective date, In re Global Crossing, Ltd. Secy's Litig., No. 02-cv-910, 2003 WL 22705127 (S.D.N.Y. Nov. 14, 2003). Each event constricts the scope of related-to

2

jurisdiction because each limits the extent to which related proceedings can affect the bankruptcy estate. See Bos. Reg'l at 106. This simply illustrates the general rule: related-to jurisdiction may attach to any proceeding that "could conceivably have any effect on the estate." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

At the time of their filing, the New Hampshire Cases could conceivably have affected the bankruptcy estate, and this court may thus exercise related-to jurisdiction over them under Section 1334(b). Plaintiffs filed the New Hampshire Cases on June 3, 2015, one day before the plan's effective date, June 4. As of June 3, the estate still existed, and the release and injunction provisions shielding NECC had not yet taken effect, leaving both the plaintiffs and defendants in the New Hampshire Cases free, if only for a matter of hours, to assert claims against or otherwise affect the estate. That this scenario was unlikely to play out matters little to the question of whether this court may exercise jurisdiction over the New Hampshire Cases: related-to jurisdiction pivots on the logical possibility of events, not on their likelihood. See Pacor, 743 F.2d at 994.

## II.  Abstention

Although I am persuaded that this court may exercise related-to jurisdiction over the New Hampshire Cases, their connection to the underlying bankruptcy proceeding is so tenuous that I will abstain from doing so. The jurisdictional statutes vest federal courts with discretion to refrain from hearing any case related to a bankruptcy proceeding. 28 U.S.C. § 1334(c)(1). This court has previously cited twelve factors that guide its discretionary abstention decisions: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which

3

state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than Section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties. In re NECC, Inc. Prods. Liability Litig., 496 B.R. 256, 273 (D. Mass. 2013).

None of these factors favor hearing the New Hampshire Cases in federal court and many suggest abstention. With the passage of the plan's effective date, the estate no longer exists, leaving the New Hampshire Cases unable to affect the estate or its administration. The New Hampshire Cases likewise do not implicate bankruptcy law and concern only state-law claims against New Hampshire defendants. The New Hampshire plaintiffs have pointed to no jurisdictional hook aside from Section 1334—the cases concern New Hampshire parties, all nondebtors, and New Hampshire tort law, which has no relationship with the underlying bankruptcy proceeding. The New Hampshire plaintiffs have likewise failed to cite any procedural, pragmatic, or administrative benefits of consolidating their cases with the multidistrict litigation before

4

this court. The remaining considerations—those concerning core bankruptcy matters—are inapposite here, as the New Hampshire cases pertain only to peripheral, non-core matters.

### III. Conclusion

Defendants' Motions to Dismiss or Abstain from Jurisdiction (Docket # 17 in 15-cv-12346 (D. Mass.), Docket # 17 in 15-cv-12347 (D. Mass.), and Docket # 16 in 15-cv-12818 (D. Mass.)), are ALLOWED to the extent that this court abstains from exercising jurisdiction in these cases.

|   |   |
|---|---|
| January 4, 2016 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|   | UNITED STATES DISTRICT JUDGE |