# EXHIBIT 1

**From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
**Sent:** Wednesday, January 06, 2016 4:18 PM
**To:** Matt H. Cline <matt@gideoncooper.com>; Ben Gastel <beng@bsjfirm.com>; 'Mark Chalos
(mchalos@lchb.com)' <mchalos@lchb.com>
**Cc:** C. J. Gideon <cj@gideoncooper.com>; Chris J. Tardio <chris@gideoncooper.com>; Alan Bean
<alan@gideoncooper.com>; James C. Sperring <james@gideoncooper.com>; Puig, Yvonne K.
<yvonne.puig@nortonrosefulbright.com>; Adam Schramek (adam.schramek@nortonrosefulbright.com)
<adam.schramek@nortonrosefulbright.com>; 'Hoffman, Eric (eric.hoffman@nortonrosefulbright.com)'
<eric.hoffman@nortonrosefulbright.com>; Ginger F. Ward <ginger@gideoncooper.com>; Bill Leader
<bleader@leaderbulso.com>; George Nolan <gnolan@leaderbulso.com>; Daniel Clayton
<dclayton@KCBattys.com>; Martin, Annika K. <akmartin@lchb.com>
**Subject:** RE: PSC "Common" Experts

Matt,

Thanks for your email.  We are coordinating with co-counsel and will get you a response that will include
additional descriptions and information on Monday.

G

**From:** Matt H. Cline
**Sent:** Monday, January 04, 2016 10:32 PM
**To:** 'Ben Gastel'; Gerard Stranch; 'Mark Chalos (mchalos@lchb.com)'
**Cc:** C. J. Gideon; Chris J. Tardio; Alan Bean; James C. Sperring; Puig, Yvonne K.; Adam Schramek (adam.schramek@nortonrosefulbright.com); 'Hoffman, Eric (eric.hoffman@nortonrosefulbright.com)'; Ginger F. Ward; Bill Leader; George Nolan; Daniel Clayton; Martin, Annika K.
**Subject:** RE: PSC "Common" Experts

Ben:

Your request that I identify specific documents considered by an expert is indicative of the problem with the disclosures. I can't tell from the disclosures what specific documents they've reviewed/considered to enable me to ask about them. That was the point behind my original email. Some of the documents were identified properly, such as certain articles identified by title and author, and we obviously do not take issue with that. I am only asking that the general categories of documents specifically set forth below be addressed with sufficient specificity to permit us to find and review the documents.

Also, it's absurd for us to coordinate with separate Plaintiff's attorneys for each expert. That's the entire purpose of having a PSC. Regardless, and rather than sending separate emails to each Plaintiff's attorney responsible for each expert, who all appear to be copied here, I've identified the relevant experts below each category of documents. As I said in my last email, please provide supplemental disclosures by the end of the day on January 6, or we will file a motion. If we are able to resolve this issue, we can withdraw it.

- Medical records of STOPNC patients – Which patients and which medical records for each patient?
    - Baddley
    - Dubberke
    - Rauck
    - Stephenson
    - Winikur

- "Information regarding products recalled by NECC" - What information?
    - Baddley

- "Documents regarding the regulatory history of NECC." – What specific documents?
    - Dawson
    - Gray
    - Rauck
    - Stephenson
    - Winikur

- "Information from an October 23, 2003 hearing before the [Senate]…regarding pharmacy compounding." – What information?
    - Gray
    - Rauck
    - Stephenson
    - Winikur

- "Certain Federal, Tennessee, and Massachusetts pharmacy laws governing pharmacy compounding" – What laws?
  - Dawson
  - Gray
  - Rauck
  - Stephenson
  - Winikur

- "Information published by the FDA regarding compounded drug products…" – What information?
  - Dawson
  - Gray
  - Rauck
  - Stephenson
  - Winikur

- "Information from the CDC, including the MMWR dated 12/13/02…" – Was anything provided to the experts from the CDC other than the 12/13/02 MMWR? If so, what?
  - Dawson
  - Gray
  - Rauck
  - Stephenson
  - Winikur

- "Information from the CDC, including the MMWR dated 10/19/12…" – Was anything provided to the experts from the CDC other than the 10/19/12 MMWR? If so, what?
  - Baddley
  - Dubberke

- "Information published by the ASHP warning the pharmacy and medical communities of the risks of using compounded drugs" – What information?
  - Dawson
  - Gray
  - Rauck
  - Stephenson
  - Winikur

Please feel free to call if you would like to discuss.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238

Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

**Matt H. Cline**

| | |
|---|---|
| **From:** | Matt H. Cline |
| **Sent:** | Thursday, December 31, 2015 10:07 AM |
| **To:** | 'Gerard Stranch' |
| **Cc:** | Ben Gastel; Mark Chalos (mchalos@lchb.com); C. J. Gideon; Chris J. Tardio; Alan Bean; James C. Sperring; Puig, Yvonne K.; Adam Schramek (adam.schramek@nortonrosefulbright.com); Hoffman, Eric (eric.hoffman@nortonrosefulbright.com); Ginger F. Ward |
| **Subject:** | RE: PSC "Common" Experts |

Gerard:

Today isn't a holiday, so my email wasn't sent "the night before a holiday weekend." Additionally, we have not had the disclosures for "well over two weeks." We received the disclosures after 5:00 pm on 12/16, exactly two weeks from yesterday, with one of those weeks being the week of Christmas. You can't refuse to do anything over a holiday weekend while simultaneously accusing us of "lack of diligence" because we weren't working over a different holiday weekend.

If you need another day or two to get us the information (which should have been included in your original disclosures), you could have just said so without the invective. Please get us the supplemental information by the end of the day on Wednesday, January 6 (my email noted Monday as 1/5, but it's actually 1/4).

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

**From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
**Sent:** Wednesday, December 30, 2015 8:22 PM
**To:** Matt H. Cline
**Cc:** Ben Gastel; Mark Chalos (mchalos@lchb.com); C. J. Gideon; Chris J. Tardio; Alan Bean; James C. Sperring; Puig, Yvonne K.; Adam Schramek (adam.schramek@nortonrosefulbright.com); Hoffman, Eric (eric.hoffman@nortonrosefulbright.com); Ginger F. Ward
**Subject:** Re: PSC "Common" Experts

Matt,

It is 8:15pm on 12-30.  Ben and I will not be in the office on the 31st and 1st.  We will look at your email and get back to you during the week of January 5. You have had these disclosures for well over two weeks, and waiting until the night before a holiday weekend to demand immediate answers is simply not reasonable.  I'm sorry if your lack of diligence has created a problem with your experts.

Gerard

1

Sent from my iPhone

On Dec 30, 2015, at 8:16 PM, Matt H. Cline <matt@gideoncooper.com> wrote:

Gerard/Ben/Mark:

We have reviewed the PSC's common expert disclosures. The disclosures are vague with respect to some of the materials reviewed by your experts. They do not identify the materials with sufficient detail to allow us to locate the materials and have our experts review them. For example, your experts apparently reviewed medical records for some of the Plaintiffs, but the disclosures do not identify which patients or what medical records were reviewed. Other examples include:

- "Documents regarding the regulatory history of NECC." – What specific documents?

- "Information from an October 23, 2003 hearing before the [Senate]…regarding pharmacy compounding." – What information?

- "Certain Federal, Tennessee, and Massachusetts pharmacy laws governing pharmacy compounding" – What laws?

- "Information published by the FDA regarding compounded drug products…" – What information?

- "Information from the CDC, including the MMWR dated 12/13/02…" – Was anything provided to the experts from the CDC other than the 12/13/02 MMWR? If so, what?

- "Information published by the ASHP warning the pharmacy and medical communities of the risks of using compounded drugs" – What information?

- "…portions of the depositions of Michael Schatzlein and Scott Butler" – What portions?

Obviously, our experts need to review this information to fully consider the merits of your experts' opinions.  Disclosures that fail to identify the "facts or data considered by the witness in forming" the opinions with sufficient specificity to allow us to determine what was reviewed and relied upon, like those referenced above, will only create delays and do not comply with the rule. Please supplement your disclosures by the end of the day on Monday, January 5, to identify ALL materials considered by your experts with sufficient detail to permit us to (1) locate the information and (2) provide it to our experts with sufficient time for them to incorporate it into their reports due on 1/15.

I am happy to discuss these issues on 12/31, 1/1, or over the weekend.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459

matt@gideoncooper.com

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.