UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PROCUCTS LIABILITY LITIGATION | )<br>)<br>)<br>) MDL No.: 2419<br>) Master Docket No.: 1:13-md-2419-FDS<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Fredia Berry, et al. v. Ameridose, et al.*,<br>No. 1:13-cv-12838 | )<br>)<br>)<br>)<br>) |

**PLAINTIFF FREDIA BERRY'S REQUEST FOR LEAVE TO FILE PARTIAL MOTION FOR SUMMARY JUDGMENT AGAINST ST. THOMAS CLINIC DEFENDANTS**

Under the Court's July 9, 2015 Order (Dkt. No. 2075 at p. 5), potential bellwether plaintiff Fredia Berry hereby moves the Court for leave to file a Partial Motion for Summary Judgment against the St. Thomas Clinic Defendants on the issue of causation. Leave to file a summary judgment motion on this issue is warranted because the motion, if granted, would significantly reduce the number of contested issues in this case and streamline the discovery process and clarify whether Ms. Berry's case is an appropriate bellwether case for trial. A ruling therefore would save the Court and the parties significant resources in preparing and trying an issue that has already been conclusively admitted by the St. Thomas Clinic Defendants.

On November 25, 2015, Berry served a First Set of Requests for Admission ("RFAs") to the Saint Thomas Defendants, who were defined as (1) Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic A Professional Corporation; John Culclasure, M.D.; and Debra Schamberg, R.N. (hereinafter, the "St. Thomas Clinic Defendants"); and (2) Saint Thomas West Hospital, formerly known as St. Thomas Hospital; Saint Thomas Health; and/or Saint

1

Thomas Network (hereinafter, the "St. Thomas Entities").[1] Although the St. Thomas Entities served responses to the RFAs on December 30, 2015, the St. Thomas Clinic Defendants did not serve responses to the RFAs, nor did they seek an extension of time to respond.[2]

Under Fed. R. Civ. P. 36(a)(3), "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection to the matter and signed by the party or its attorney." In other words, "if a party fails timely to answer a request for admissions, the requested items are deemed admitted."[3] "Any matter thus admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission."[4] Here, because the St. Thomas Clinic Defendants failed to answer the requests for admissions, the requested facts are conclusively established.

The following facts are therefore established: Berry received injections from one or more lots of MPA that were contaminated with fungus.[5] Berry suffered from a fungal infection caused by contaminated MPA injected into her at the Saint Thomas Outpatient Neurosurgical Center ("St. Thomas Neurosurgical"), the contaminated MPA injected into her at St. Thomas

---

[1] *See* Ex. 1 hereto.

[2] Under MDL Order No. 11 (Dkt No. 1516, Part A), a party seeking extension of a deadline to respond to discovery "shall notify all Impacted Parties of the requested extension" and, if the request is the first request for an extension and the requested extension is 10 days or less, the party has a standing right to "file a notice of extension pursuant to [MDL Order No. 11]." The St. Thomas Clinic Defendants did not notify Ms. Berry's counsel of an extension request, let alone file a notice of extension under MDL Order No. 11.

[3] *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982); *see also Schell v. Kent,* 363 F. App'x 755, 757 (1st Cir. 2010) (upholding lower court decisions to rely on admissions by silence under Rule 36(a)(3) in reaching conclusion that there was no genuine dispute of material fact on a particular issue); *Comeau v. Town of Webster*, Civil Action No. 11-40208-TSH, 2013 U.S. Dist. LEXIS 82608, at *4 (D. Mass. June 12, 2013) (deeming requests admitted, where party failed to timely respond and failed to request an extension of time to do so).

[4] *Brook Village*, 686 F. 2d at 70.

[5] RFA Nos. 1-6.

Neurosurgical was the sole cause of that infection, and St. Thomas Neurosurgical charged money for the MPA injected into Ms. Berry.[6] The infection caused by receiving contaminated MPA at St. Thomas Neurosurgical caused damages to Ms. Berry.[7] No defendant created or signed a patient-specific prescription for the MPA injections received by Ms. Berry, and she was not given the choice between being injected with compounded MPA and MPA manufactured by an FDA-approved drug manufacturer.[8] No defendant informed Ms. Berry that she was receiving (1) MPA compounded by the New England Compounding Center, (2) MPA containing no preservatives, (3) MPA that was compounded by a compounding pharmacy, (3) MPA that was not manufactured by an FDA-approved and FDA-regulated drug manufacturer, or (4) MPA that was compounded by a pharmacy that was not licensed as a drug manufacturer.[9]

Under Fed. R. Civ. P. 56(a), a party may move for summary judgment on a claim of part of a claim. Under the Court's July 9, 2015 Order, parties to the MDL must seek leave of court to move for summary judgment. The party moving for leave must show "good cause for why a summary judgment motion should be allowed."[10]

Here, there is good cause to grant Ms. Berry leave to file a motion for partial summary judgment on the issue of causation against the St. Thomas Clinic Defendants. The St. Thomas Clinic Defendants admit that Ms. Berry suffered a fungal infection from contaminated MPA injected into her at St. Thomas Neurosurgical, that there is no other cause of her infection, and that the contaminated injection caused Ms. Berry to suffer damages. Therefore, there is no

---

[6] RFA No. 7-8.
[7] RFA No. 9.
[8] RFA Nos. 10 and 12.
[9] RFA Nos. 11 and 13-18.
[10] Dkt. No. 2075 at p. 5. Although the July 9, 2015 Order has been superseded in certain respects, Ms. Berry assumes that the Order remains in place as it relates to the filing of a motion for summary judgment.

...

genuine dispute of material fact on the issue of causation, and it would save the parties and the Court substantial time and resources to adjudicate this issue now, rather than to incur expenses and resources on causation experts and to try an issue that could, and should, be disposed of on summary judgment.[11]

For these reasons, Ms. Berry respectfully requests leave to file a motion for partial summary judgment on the issue of causation within 10 days of receiving leave from the Court to do so.

Date: January 7, 2016        Respectfully submitted:

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@bsjfirm.com
beng@bjsjfirm.com
aorlandi@bsjfirm.com
*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

---

[11] The plaintiff maintains that the issue of causation should not be a contested issue in the first place.

Annika K. Martin
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212/355-9500
Facsimile: 212/355-9592
akmartin@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

      I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   January 7, 2015

                                       /s/ Benjamin A. Gastel
                                       Benjamin A. Gastel