UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY ) MDL No. 02419
LITIGATION ) Docket No. 1:13-md-2419-RWZ
)
)
)
This document relates to: )
)
All Cases against the Box Hill Defendants[2] )
)

**THE BOX HILL DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION
TO STRIKE CERTAIN AFFIRMATIVE DEFENSES, CROSS CLAIMS AND THIRD-
PARTY CLAIMS FROM DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINTS**

Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively, "Box Hill Defendants") respectfully request that this Court deny Plaintiffs' Motion to Strike Certain Affirmative Defenses, Cross Claims and Third-Party Claims from Defendants' Answer to Plaintiffs' Complaints ("Plaintiffs' Motion").

## I.   INTRODUCTION

Plaintiffs' Motion is improper and premature at best, as it seeks to preclude Defendants from invoking certain statutory remedies that may be available to them in the event of an award of damages to Plaintiffs in any of the captioned cases. Plaintiffs have failed to meet their burden under Fed. R. Civ. Proc. 12(f), which requires a showing that the affirmative defenses Plaintiffs

---

[2]   This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ.

seek to strike are insufficient as a matter of law and would cause them prejudice. Indeed, Plaintiffs cannot establish that the affirmative defenses at issue are insufficient because the defenses they seek to strike from Defendants' Answers are relevant to a post-verdict determination of damages under Maryland law. Given the current posture of this litigation, Plaintiffs' Motion should be denied and Defendants should be permitted to pursue their statutorily prescribed remedies to seek reduction of any verdict against them in the captioned cases.

## II.   PROCEDURAL HISTORY

Plaintiffs filed these eight lawsuits in the summer of 2014 against the Box Hill Defendants concerning certain injuries Plaintiffs allege they suffered as a result of the administration of a steroid known as preservative-free methylprednisolone acetate, which was compounded by the New England Compounding Pharmacy. Plaintiffs seek economic and non-economic damages in connection with Defendants' alleged negligence. Since this Court is well aware of the substantive claims asserted against the defendant health care providers in this MDL, a detailed account of those claims will not be revisited here.

As medical malpractice actions, these cases are governed by the Maryland Health Care Malpractice Claims Act ("Maryland HCMCA" or "the Act"). Md. Code Ann., Courts & Judicial Proceedings ("CJP"), § 3-2A-01, *et seq.* (2016).[3] As required by the Act, Plaintiffs initially filed Statements of Claim in the Health Care Alternative Dispute Resolution Office ("HCADRO"). § 3-2A-04(a). After filing certificates of merit in HCADRO, Plaintiffs waived arbitration and filed their cases in the Circuit Court for Baltimore County, Maryland ("Circuit Court Actions"). §§ 3-2A-04(b) and 3-2A-06B. The New England Compounding Pharmacy a/k/a New England

---

[3]   Unless otherwise noted, all statutory references herein are to the Courts & Judicial Proceedings Article of Maryland's Annotated Code.

2

Compounding Center ("NECC") and other NECC related parties were added as Defendants when the Circuit Court Actions were filed. One of these Defendants, Ameridose, LLC, removed the cases to the United States District Court for the District Of Maryland. All of the cases were then transferred to this Honorable Court's Multidistrict Litigation Docket pursuant to a Conditional Transfer Order (1:13-MD-2419, ECF#1507).

On January 13, 2015, the Box Hill Defendants filed a Motion to Dismiss, which was allowed in part and denied in part. (*See* September 8, 2015 Memorandum of Decision, ECF#2225). Following the Court's ruling, the Box Hill Defendants filed Answers to Plaintiffs' Complaints. In their respective Answers, Defendants assert certain affirmative defenses concerning their statutory rights under the Maryland HCMCA and the Maryland Uniform Contribution Among Joint Tort-Feasors Act, § 3-1401, to seek reduction of any verdict entered against them. Plaintiffs have moved to strike four of these affirmative defenses pursuant to Fed. R. Civ. Proc. 12(f), claiming that the defenses are insufficient as a matter of law and immaterial to the facts and applicable law of these cases.

### III. **LEGAL STANDARD**

Plaintiffs concede that Rule 12(f) motions are generally disfavored. *See* Plaintiffs' Motion (ECF#2452, p.4). As aptly stated by the court in *In re All Maine Asbestos Litig.*,

> A Rule 12(f) motion to strike an affirmative defense as insufficient is directed toward the pleadings and should not be granted unless, as a matter of law, the defense could not succeed under any circumstances. 5 C. Wright & A. Miller, *supra* at 800. Where there are disputed issues of fact or substantial issues of law, a motion to strike should not be used to test the merits of the defense; close or new questions of law and disputed factual issues should await a full hearing on the merits. *Id.* at 800–02, and cases cited n. 37.

*Id.*, 575 F. Supp. 1375, 1377 (D. Me. 1983). Indeed, this Court has stated that not only are motions to strike under Fed. R. Civ. Proc. 12(f) disfavored, but that,

3

> ...the Court should grant such motions only when it is "beyond cavil that the defendant could not prevail on [their defenses]." *Honeywell Consumer Prods., Inc. v. Windmere Corp.,* 993 F.Supp. 22, 24 (D.Mass.1998) (Gorton, J.) (quoting *Coolidge v. Judith Gap Lumber Co.,* 808 F.Supp. 889, 893 (D.Me.1992)). One well-known treatise states the following with respect to Rule 12(f) motions: "Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, at 421–22 (3d ed. 2004); *see also S.E.C. v. Nothern,* 400 F.Supp.2d 362, 364 (D.Mass.2005) (Gorton, J.) (discussing legal standard of review for Rule 12(f) motions).

*Bose Corp. v. Lightspeed Aviation, Inc.*, 691 F. Supp. 2d 275, 278 (D. Mass. 2010).

## IV. LEGAL ARGUMENT

Plaintiffs have failed to demonstrate that the four affirmative defenses they seek to strike from Defendants' Answers are insufficient or immaterial as a matter of law. The affirmative defenses at issue all relate to procedural remedies that would be available to the Box Hill Defendants if and when a verdict awarding damages to Plaintiffs is returned by a jury. The first affirmative defense Plaintiffs seek to strike, Affirmative Defense No. 4, relates to Defendants' statutory rights under the Maryland HCMCA to seek reductions in any award for economic damages in post-verdict proceedings.

The remaining affirmative defenses Plaintiffs ask this Court to strike, Affirmative Defenses Nos. 8, 28 and 29, relate to the Box Hill Defendants' right to establish that third parties, including those parties named as Defendants in this lawsuit who have entered into settlement agreements with Plaintiffs ("Settling Defendants"), are "joint tort-feasors" solely for purposes of seeking a reduction of any potential verdict pursuant to the Maryland Uniform Contribution Among Joint Tort-Feasors Contribution Act. Plaintiffs incorrectly contend that these defenses constitute "cross claims" or "third party claims," and are therefore barred by the

4

Chapter 11 Bankruptcy Plan and the settlement, releases and channeling injunctions executed in connection with the Bankruptcy Plan. However, the Box Hill Defendants are not seeking contribution or indemnification from the Settling Defendants. Rather, Defendants are preserving their rights to seek a reduction in any potential verdict against them for the amounts paid to Plaintiffs by the Settling Defendants in the captioned-cases so as to prevent Plaintiffs' from obtaining double-recovery for the same alleged injuries.

These affirmative defenses are proper as a matter of law and should not be stricken; they involve questions of law regarding the proper calculation of damages in the event a jury finds the Box Hill Defendants liable and awards damages to Plaintiffs. Striking the defenses that relate strictly to damages at this stage of the litigation is premature, is not supported by the jurisprudence of Fed. R. Civ. Proc. 12(f), and would result in substantial prejudice to Defendants.

### A. Defendants Are Statutorily Entitled To Move For Reduction Of Any Verdict for Economic Damages Entered Against Them.

Plaintiffs have moved to strike the affirmative defense that Defendants are entitled to a credit for expenses paid by insurers and other third parties on behalf of Plaintiffs and contend that this defense violates the collateral source rule. The Maryland HCMCA, however, entitles Defendants to: (1) a mandatory reduction of damages for past medical expenses if the award is in excess of the total amount of medical expenses actually paid by or on behalf of a plaintiff, § 3-2A-09(d)(1)[4]; and (2) an opportunity to seek reduction of economic damages on the basis that the

---

[4] Section 3-2A-09(d)(1), entitled "Verdict for past medical expenses," states:

(1) A verdict for past medical expenses *shall* be limited to:
(i) the total amount of past medical expenses paid by or on behalf of the plaintiff; and
(ii) the total amount of past medical expenses incurred but not paid by or on behalf of the plaintiff for which the plaintiff or another person on behalf of the plaintiff is obligated to pay.

5

verdict is excessive, § 3-2A-05(h).[5] *See Lockshin v. Semsker*, 987 A.2d 18, 412 Md. 257 (2010) (holding that § 3-2A-09(d)(1) of the HCMCA "mandates that amounts written off [from past medical expenses] shall not be included in the verdict."); *Narayan v. Baily*, 747 A.2d 195, 130 Md. App. 458 (2000) (holding that collateral source evidence is permitted in post-verdict proceedings where defendants move for reduction of damages pursuant to § 3-2A-05(h)).

Under the plain language of § 3-2A-09(d)(1), any write-offs by health care providers cannot be included in an award for past medical expenses. For example, if a jury in a medical malpractice trial awards a plaintiff $100,000 in past medical expenses, but $20,000 of this amount was written-off, leaving plaintiff or a third party on behalf of plaintiff obligated to pay only $80,000, the past medical damages award must be reduced to $80,000. *See Lockshin, supra*, 987 A.2d at 35, 412 Md. at 285-86.

Similarly, Defendants have the statutory right to move for remittitur or new trial on the grounds that the damages awarded to a plaintiff are excessive and to introduce evidence that the plaintiff "has been or will be paid, reimbursed, or indemnified under statute, insurance, or contract for all or part of damages assessed." §§ 3-2A-05(h); 3-2A-06(f). In doing so, Defendants are permitted to introduce collateral source evidence, and it is within the discretion of the judge

---

(emphasis added). In *Lockshin v. Semsker infra*, the Court of Appeals of Maryland held that this subsection requires the court to consider evidence of write-offs post-verdict and reduce any verdict for past medical expenses by the amounts written-off.

[5]  Section 3-2A-05(h) provides, in pertinent part:

> (1) A party may apply to the arbitration panel to modify or correct an award as to liability, damages or costs in accordance with § 3-222 of this title.
> (2)(i) The application may include a request that damages be reduced to the extent that the claimant has been or will be paid, reimbursed, or indemnified under statute, insurance, or contract for all or part of the damages assessed.
> (ii) The panel chairman shall receive evidence in support and opposition to a request for reduction, including evidence of the cost to obtain such payment, reimbursement, or indemnity.

As explained in *Narayen v. Baily infra*, § 3-2A-06(f) renders § 3-2A-05(h) applicable to cases where arbitration is waived such as the instant matter. *See also Lockshin v. Semsker*.

6

or a jury (if a new trial is granted) to reduce the damages. *Id.*; *see also Narayen v. Bailey*, 747 A.2d at 203, 130 Md. App. at 471.

The plain language of the Maryland HCMCA, which governs the captioned cases, makes clear that Plaintiffs' Motion is premature and without merit because it ignores the applicable law. Under the provisions of the HCMCA cited herein, Defendants are entitled to seek reduction of any economic damages awarded to Plaintiffs. Affirmative Defense No. 4 embodies these statutory rights. Accordingly, Plaintiffs have failed to demonstrate that the defense should be stricken as immaterial or insufficient under the applicable facts and law. *Cf. Oneida Indian Nation of New York v. New York*, 194 F.Supp.2d 104, 132-33 (N.D.N.Y. 2002) (denying motion to strike affirmative defenses, *inter alia*, "that request a set-off of any damages that might be awarded to plaintiffs as a result of this action", stating "these defenses have no effect on Defendants' liability, and they will not be stricken at this time ***because they are relevant to a calculation of damages***") (emphasis added).

### B. Defendants Are Entitled to Seek Reduction of the Verdict Pursuant to the Maryland Uniform Contribution Among Joint Tort-Feasors Act.

Maryland law permits the Box Hill Defendants to seek a reduction of any verdict entered against them by establishing that the Settling Defendants are joint tort-feasors under the Maryland Uniform Contribution Among Joint Tort-Feasors Act, § 3-1401 *et seq*. Plaintiffs incorrectly assert that Defendants' Affirmative Defenses Nos. 8, 28 and 29 constitute third party claims or cross claims which are barred by the Bankruptcy Plan and by this Court's August 25, 2015 Order dismissing the Settling Defendants. (*See* ECF#2452, pp. 7-16.) Instead however, through these Affirmative Defenses, Defendants have asserted their statutory right to establish that the Settling Defendants are jointly and severally liable to Plaintiffs in the event of a verdict against the Box Hill Defendants. By doing so, the Box Hill Defendants would be entitled to a

reduction in any damages awarded to Plaintiffs by the settlement amounts received by Plaintiffs from the settlement agreements with the Settling Defendants, or the respective shares thereof.

Although this Court dismissed the Settling Defendants from the captioned cases, it specifically stated that:

> Nothing in this order shall abrogate or dismiss any defense based on comparative fault that may be available under applicable state law to the remaining defendants.

ECF# 2193. Maryland is not a comparative fault jurisdiction. Rather, it employs the doctrines of contributory negligence and joint and several liability. In explaining the joint and several liability among defendants which applies in Maryland, our Court of Appeals stated:

> The concept of a "joint tort-feasor" is derived from the notion that a single injury can result from the joint actions of two or more individuals, who, putting aside defenses, may be jointly and severally liable. Each individual is severally liable for the entire damage, regardless of whether the conduct of one directly caused more or less injury compared to that of another, because they acted together with a common purpose resulting in responsibility for the common injury.

*Mercy Medical Center v. Julian*, 56 A.3d 147, 150, 429 Md. 348, 353 (2012).

Striking Affirmative Defenses Nos. 8, 28, and 29 would be premature and prejudicial to Defendants, and would directly contradict this Court's August 25th Order, which explicitly retains defenses available to the Box Hill Defendants under Maryland law. Since these Affirmative Defenses apply solely to a set-off in the event of a damages award to Plaintiffs, the Motion to Strike should be denied and the issue should be addressed in post-verdict motions. *See Oneida Indian Nation, supra; In re MacGregor Elec.*, S.E., 2009 WL 2877293, at *5 (Bankr. D.P.R. 2009) (denying a motion to strike affirmative defense of set-off); *see also Scapa Dryer Fabrics v. Saville*, 16 A.3d 159, 418 Md. 496 (2011) (discussing the proof required for set-off of damages award in asbestos case where there were bankruptcy settlements paid by bankruptcy trust).

## V. CONCLUSION

As demonstrated herein, Plaintiffs have failed to establish that the affirmative defenses they seek to strike are improper or immaterial to the facts and applicable law. Rather, the affirmative defenses at issue are directly relevant to the proper calculation of damages in the event that a jury awards damages to Plaintiffs. Precluding Defendants from pursuing their statutory rights to seek reductions of any possible future economic damages award would be prejudicial to Defendants, not Plaintiffs. Thus, not only have Plaintiffs failed to show that the affirmative defenses they seek to strike are improper or immaterial, they have failed to establish that they would suffer any prejudice if their motion is denied.

For all of these reasons, the Box Hill Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike Certain Affirmative Defenses, Cross-Claims and Third Party Claims.

Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 7th day of January, 2016.

/s/ Gregory K. Kirby
Gregory K. Kirby