UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>1:14-cv-12941-RWZ: Brown v. Insight Health Corp., *et al.*<br>1:14-cv-12978-RWZ: Bender v. Insight Health Corp., *et al.*<br>1:14-cv-13496-RWZ: Neal v. Insight Health Corp., *et al.*<br>1:14-cv-13507-RWZ: Buchanan v. Insight Health Corp., *et al.*<br>1:14-cv-13508-RWZ: Miller v. Insight Health Corp., *et al.*<br>1:14-cv-13509-RWZ: Andrews v. Insight Health Corp., *et al.*<br>1:14-cv-13510-RWZ: Bishop v. Insight Health Corp., *et al.*<br>1:14-cv-14542-RWZ: Gaskins v. Insight Health Corp., *et al.* | MDL No. 1:13-md-2419-RWZ |

**JOINT MOTION TO CONFIRM SATISFACTION OF CONDITIONS
TO GLOBAL SETTLEMENT AGREEMENT OF VIRGINIA CASES**

COME NOW the Virginia Plaintiffs in the above-listed cases ("Virginia Wrongful Death Plaintiffs"), Insight Health Corp., Insight Health Services Corp., Insight Health Services Holdings, Image Guided Pain Management, P.C., John M. Mathis, M.D., and Robert F. O'Brien, M.D. ("Virginia Defendants"), by their undersigned counsel, and, respectfully and jointly, move this Court for entry of an Order confirming satisfaction of conditions to the global settlement agreement of the Virginia cases. The Parties state as follows in support of this joint Motion:

1.  The Parties agreed upon a compromise settlement of these actions and related claims in February 2015 as part of a global settlement of the 153 claims asserted in forty-seven separate personal injury and wrongful death cases pending against Virginia Defendants in MDL 2419.

1

2. The Parties entered a "Settlement and Release Agreement" ("Agreement") of February 12, 2015, which incorporated "First Amended Insight Claims Resolution Facility Procedures" ("Procedures").

3. Such Agreement and incorporated Procedures were approved and confirmed by Judge Boroff of the U.S. Bankruptcy Court for the District of Massachusetts in an order entered May 20, 2015, that confirmed the bankruptcy plan of New England Compounding Pharmacy, Inc. *See* Notice of Entry of Confirmation Order, Plan Effective Date, and Related Deadlines (May 26, 2015) (D.E. 1890 and 1890-1).

4. The Agreement contains a number of conditions to its effectiveness, one of which is "court approval of settlements in the MDL Proceeding by Insight, IGPM, the Doctors and the Insurers" where required. Agreement, § VIII(c)(1) (the "Court Approval Clause").

5. The Parties appeared before this Court on July 9, 2015, seeking approval of the Agreement, the Procedures, and the individual wrongful death settlements.

6. By orders dated July 9, 2015, in the above-styled cases, this Court approved the Agreement and the Procedures, and found the resolution of the individual wrongful death claims and the allocation process in the Procedures governing those claims to be fair and reasonable under the circumstances of the decedents' deaths and in the best interests of the decedents' estates and the statutory beneficiaries. *See* Order (July 9, 2015) (D.E. 2104) (approving settlement in *Gaskins v. Insight Health Corp., et al*. (1:14-cv-14542-RWZ)); Order (July 9, 2015) (D.E. 2105) (approving settlement in *Bishop v. Insight Health Corp., et al.* (1:14-cv-13510-RWZ)); Order (July 9, 2015) (D.E. 2106) (approving settlement in *Buchanan v. Insight Health Corp., et al.* (1:14-cv-13507-RWZ)); Order (July 9, 2015) (D.E. 2107) (approving settlement in *Miller v. Insight Health Corp., et al.* (1:14-cv-13508-RWZ)); Order (July 9, 2015) (D.E. 2108)

(approving settlement in *Andrews v. Insight Health Corp., et al.* (1:14-cv-13509-RWZ)); Order (July 9, 2015) (D.E. 2109) (approving settlement in *Neal v. Insight Health Corp., et al.* (1:14-cv-13496-RWZ)); Order (July 9, 2015) (D.E. 2110) (approving settlement in *Brown v. Insight Health Corp., et al.* (1:14-cv-12941-RWZ:)); Order (July 9, 2015) (D.E. 2111) (approving settlement in *Bender v. Insight Health Corp., et al.* (1:14-cv-12978-RWZ)).

7. The Court's orders dated July 9, 2015, in the above-styled cases, further instructed the Parties to present a "Future Distribution Order" to the Court for consideration before any distribution be made to the decedents' statutory beneficiaries from their respective shares of the gross amount attributed to them under the Procedures.

8. The process required by the Procedures to determine the specific distribution to each decedent's estates remains ongoing and is not expected to be completed until sometime during the second quarter of 2016.  Accordingly, the Parties are unable to present the Future Distribution Orders to the Court until this process is completed.

9. The Agreement between the parties contains a Termination Date providing that unless the conditions to the effectiveness of the Agreement have been satisfied by February 12, 2016, the Agreement shall immediately terminate.  *See* Agreement, § VIII (establishing "Termination Date" on page 15 of 27).

10. The Agreement further provides that no amendment or modification shall be binding or enforceable unless in writing and signed by the parties and, if required, approved by the Bankruptcy Court.

11. The Parties agree and stipulate that the conditions to the effectiveness of the settlement as set forth in the Agreement have been satisfied, including the Court Approval Clause.  The Parties seek confirmation from the Court that the terms of the Court Approval

Clause have been satisfied and that the conditions of Va. Code Ann. § 8.01-55 have been satisfied by virtue of petitions for approval of compromise settlement filed and approved in each of the above-styled cases, as well as through the terms of the Agreement and the Procedures. Such confirmation would avoid any confusion as well as the potential of requiring more than 160 persons and entities to agree in writing to amend the Agreement to extend the Termination Date.

12. A proposed Order is attached hereto.

WHEREFORE, the Parties jointly request that the Court grant this motion seeking a ruling on the satisfaction of the court approval condition of the Agreement and of the requirements of Va. Code Ann. § 8.01-55.

Date: January 7, 2016                                           Respectfully Submitted

By: /s/ Leo J.M. Boyd
Stephen D. Busch, Esq. (*pro hac vice*)
James F. Neale (*pro hac vice*)
Christopher E. Trible, Esq. (*pro hac vice*)
Leo J.M. Boyd, Esq. (*pro hac vice*)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
T: (804) 775-1000
F: (804) 775-1061
sbusch@mcguirewoods.com
jneale@mcguirewoods.com
ctrible@mcguirewoods.com
lboyd@mcguirewoods.com

*Counsel for Defendants Insight Health Corp., Insight Health Services Corp., and Insight Health Services Holdings*

By: /s/ J. Scott Sexton
J. Scott Sexton (*pro hac vice*)
Gentry Locke Rakes & Moore
PO BOX 40013
ROANOKE, VA 24022-0013
T: (540) 983-9379
F: (540) 983-9468
sexton@gentrylocke.com

*Counsel for Plaintiffs Robert D. Bender (for Estate of Ralph James Irace, Jr.); and Patricia S. Brown, et al. (for Estate of Louise B. Spicer)*

By: /s/ John T. Jessee
John T. Jessee, Esq.
Nancy Reynolds, Esq.
LeClairRyan, PC
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
T: (540) 510-3018
F: (540) 510-3050
John.jessee@leclairryan.com

*Counsel for Defendants Robert O'Brien, MD, John M. Mathis, MD, and Image Guided Pain Management PC*

By: /s/ Patrick T. Fennell
Patrick T. Fennell, Esq.
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
T: (540) 342-2000
F: (540) 556-0469
pfennell@crandalllaw.com

*Counsel for Plaintiffs Tosha Andrews, (for Estate of Sarah D. Culp a/k/a Sarah D. Andrews); Sharon W. Bishop (for Estate of Kathy W. Sinclair); Debra P. Buchanan (for Estate of Jean R. Parsons); Larry D. Gaskins (for Estate of Miriam G. Warren); and Tamela M. Miller (for Estate of Sydney M. Creasy)*

By: /s/ John E. Lichtenstein
John E. Lichtenstein, Esq.
Gregory L. Lyons, Esq.
Lichtenstein Law Group PLC
101 South Jefferson Street, Suite 400 (24011)
P.O. Box 601
Roanoke, Virginia 24004-0601
T: (540) 343-9711
F: (540) 343-9713
john.lichtenstein@lichtensteinlawgroup.com
greg.lyons@lichtensteinlawgroup.com

*Counsel for Plaintiff William L. Neal (for Estate of Lucy Byrd Neal)*

## CERTIFICATE OF SERVICE

I certify that, on January 7, 2016, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Leo J.M. Boyd
Leo J.M. Boyd

73711458_3