UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>1:14-cv-12941-RWZ: Brown v. Insight Health Corp., *et al.*<br>1:14-cv-12978-RWZ: Bender v. Insight Health Corp., *et al.*<br>1:14-cv-13496-RWZ: Neal v. Insight Health Corp., *et al.*<br>1:14-cv-13507-RWZ: Buchanan v. Insight Health Corp., *et al.*<br>1:14-cv-13508-RWZ: Miller v. Insight Health Corp., *et al.*<br>1:14-cv-13509-RWZ: Andrews v. Insight Health Corp., *et al.*<br>1:14-cv-13510-RWZ: Bishop v. Insight Health Corp., *et al.*<br>1:14-cv-14542-RWZ: Gaskins v. Insight Health Corp., *et al.* | MDL No. 1:13-md-2419-RWZ |

**ORDER**

THIS DAY CAME the Virginia Plaintiffs in the above-listed cases ("Virginia Wrongful Death Plaintiffs"), Insight Health Corp., Insight Health Services Corp., Insight Health Services Holdings, Image Guided Pain Management, P.C., John M. Mathis, M.D., and Robert F. O'Brien, M.D. ("Virginia Defendants"), by their undersigned counsel, and, respectfully and jointly, moved this Court to confirm satisfaction of conditions to global settlement agreement. Based upon the Joint Motion of the parties, the representations of counsel and the parties, the record of this proceeding, the Court hereby finds as follows:

1. The parties agreed upon a compromise settlement of these actions and related claims in February 2015 as part of a global settlement of the 153 claims asserted in forty-seven separate personal injury and wrongful death cases pending against Virginia Defendants in MDL 2419.

2. The parties entered a "Settlement and Release Agreement" ("Agreement") of February 12, 2015, which incorporated "First Amended Insight Claims Resolution Facility Procedures" ("Procedures").

3. Such Agreement and incorporated Procedures were approved and confirmed by Judge Boroff of the U.S. Bankruptcy Court for the District of Massachusetts in an order entered May 20, 2015 that confirmed the bankruptcy plan of New England Compounding Pharmacy, Inc.

4. The Agreement contains a number of conditions to its effectiveness, one of which is "court approval of settlements in the MDL Proceeding by Insight, IGPM, the Doctors and the Insurers" where required. Agreement, § VIII(c)(1). (the "Court Approval Clause").

5. The parties appeared before this Court on July 9, 2015 seeking approval of the Agreement, the Procedures and the individual wrongful death settlements.

6. By orders dated July 9, 2015, in the above-styled cases, this Court approved the Agreement and the Procedures, and found the resolution of the individual wrongful death claims and the allocation process in the Procedures governing those claims to be fair and reasonable under the circumstances of the decedents' deaths and in the best interests of the decedents' estates and the statutory beneficiaries.

7. The Court's orders dated July 9, 2015, in the above-styled cases, further instructed the parties to present a "Future Distribution Order" to the Court for consideration before any distribution be made to the decedents' statutory beneficiaries from their respective shares of the gross amount attributed to them under the Procedures.

8. The process required by the Procedures to determine the specific distribution to each of the decedents' estates remains ongoing and is not expected to be completed until sometime during the second quarter of 2016. Accordingly, the parties are unable to present the Future Distribution Orders to the Court until this process is completed.

9. The Agreement between the parties contains a Termination Date providing that unless the conditions to the effectiveness of the Agreement have been satisfied by February 12, 2016, the Agreement shall immediately terminate.

10. The Agreement further provides that no amendment or modification shall be binding or enforceable unless in writing and signed by the parties and, if required, approved by the Bankruptcy Court.

11. Through their Joint Motion the parties aver that the conditions to the effectiveness of the settlement as set forth in the Agreement have been satisfied, including the Court Approval Clause. The parties seek confirmation from the Court that the terms of the Court Approval Clause have been satisfied. Such confirmation avoids any confusion as well as the potential of requiring more than 160 persons and entities to agree in writing to amend the Agreement to extend the Termination Date.

12. Under VA. Code Ann. § 8.01-55, petitions for approval of wrongful death claims must state "the compromise, its terms and the reason therefore."

13. The Court finds that the conditions of VA. Code Ann. § 8.01-55 have been satisfied by virtue of petitions for approval of compromise and settlement filed in each of the above-styled cases, as well as through the terms of the Agreement and the Procedures.

14. The Court finds that the specific Court Approval Clause of the Agreement has been satisfied.

NOW, THEREFORE, the Court is of the opinion that it should grant the Joint Motion of the parties seeking a ruling on the satisfaction of the court approval condition of the Agreement. It is therefore,

ORDERED that the Joint Motion to Confirm Satisfaction of Conditions to Global Settlement Agreement is hereby GRANTED; and it is further

ORDERED that the Court Approval Clause of the Agreement has been satisfied for the wrongful death claims by virtue of evidence introduced by the parties through the petitions for approval of compromise settlement filed in the above-styled cases and at the hearing held on July 9, 2015 in relation thereto, and the Court's orders approving the settlements in each case on July 9, 2015.

                ENTER, this ___ day of January, 2016.

                _____
                U.S. District Court Judge

WE ASK FOR THIS:

Date: January __, 2016

| | |
|---|---|
| By: /s/ Leo J.M. Boyd | By: /s/ J. Scott Sexton |
| Stephen D. Busch, Esq. (*pro hac vice*) | J. Scott Sexton (*pro hac vice*) |
| James F. Neale (*pro hac vice*) | Gentry Locke Rakes & Moore |
| Christopher E. Trible, Esq. (*pro hac vice*) | PO BOX 40013 |
| Leo J.M. Boyd, Esq. (*pro hac vice*) | ROANOKE, VA 24022-0013 |
| McGUIREWOODS LLP | T: (540) 983-9379 |
| Gateway Plaza | F: (540) 983-9468 |
| 800 East Canal Street | sexton@gentrylocke.com |
| Richmond, Virginia 23219-3916 | |
| T: (804) 775-1000 | *Counsel for Plaintiffs Robert D. Bender* |
| F: (804) 775-1061 | *(for Estate of Ralph James Irace, Jr.);* |
| sbusch@mcguirewoods.com | *and Patricia S. Brown, et al. (for Estate* |
| jneale@mcguirewoods.com | *of Louise B. Spicer)* |
| ctrible@mcguirewoods.com | |
| lboyd@mcguirewoods.com | |

*Counsel for Defendants Insight Health Corp., Insight Health Services Corp., and Insight Health Services Holdings*

By: /s/ John T. Jessee
John T. Jessee, Esq.
Nancy Reynolds, Esq.
LeClairRyan, PC
1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
T: (540) 510-3018
F: (540) 510-3050
John.jessee@leclairryan.com

*Counsel for Defendants Robert O'Brien, MD, John M. Mathis, MD, and Image Guided Pain Management PC*

By: /s/ Patrick T. Fennell
Patrick T. Fennell, Esq.
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
T: (540) 342-2000
F: (540) 556-0469
pfennell@crandalllaw.com

*Counsel for Plaintiffs Tosha Andrews, (for Estate of Sarah D. Culp a/k/a Sarah D. Andrews); Sharon W. Bishop (for Estate of Kathy W. Sinclair); Debra P. Buchanan (for Estate of Jean R. Parsons); Larry D. Gaskins (for Estate of Miriam G. Warren); and Tamela M. Miller (for Estate of Sydney M. Creasy)*

By: /s/ John E. Lichtenstein
John E. Lichtenstein, Esq.
Gregory L. Lyons, Esq.
Lichtenstein Law Group PLC
101 South Jefferson Street, Suite 400 (24011)
P.O. Box 601
Roanoke, Virginia 24004-0601
T: (540) 343-9711
F: (540) 343-9713
john.lichtenstein@lichtensteinlawgroup.com
greg.lyons@lichtensteinlawgroup.com

*Counsel for Plaintiff William L. Neal (for Estate of Lucy Byrd Neal)*

5