UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** )<br>**DISTRICT OF MASSACHUSETTS** )<br>**IN RE: NEW ENGLAND COMPOUNDING** )<br>**PHARMACY, INC. PRODUCTS LIABILITY** )<br>**LITIGATION** )<br>_____ )<br>)<br>**THIS DOCUMENT RELATES TO:** )<br>)<br>**Suits Naming Specialty Surgery Center,** )<br>**Crossville, PLLC** )<br>) | **MDL No. 2419**<br>**Dkt. No 1:13-md-2419 (RWZ)** |

## RESPONSE TO MOTION TO MODIFY CASE MANAGEMENT DEADLINES IN SPECIALTY SURGERY CENTER CASES

Come now Specialty Surgery Center, LLC, Kenneth R. Lister, MD and Kenneth R. Lister, MD, P.C. (hereinafter referred to as "SSC defendants") [1] and herewith responds to plaintiffs' Motion to Modify Case Management Deadlines in Specialty Surgery Center Cases as follows:

### INTRODUCTION

The scheduling order entered by the Court on October 14, 2015 (Doc. 2330) indicates that common fact discovery was to have closed on November 16, 2015.[2] The Plaintiff's Steering Committee ("PSC") now wants to extend common fact discovery, without limitation as to scope, between the plaintiffs and the SSC defendants. This

---

[1] SSC and Dr. Lister are Tennessee health care providers located in Crossville, Tennessee. They are separate from the St. Thomas/STOPNC defendants, but are represented, in part, by the same lawyers. Thus, while these defendants face a separate set of about two dozen Tennessee lawsuits, they are often lumped in as part of the "Tennessee Clinic Defendants." However, as this response addressed, as the St. Thomas/STOPNC cases have moved to the forefront as the "lead" cases for the trial in the MDL, the SSC cases have mostly kept pace, falling behind only recently given issues peculiar to SSC cases.

[2] Some common fact discovery has taken places beyond that deadline due to the resolution of certain motions regarding depositions sought to be taken or due to depositions that were originally scheduled before the deadline and had to be rescheduled for various reasons. This was done by formal or informal agreement of the parties.

response will first address the PSC's request and then address a housekeeping issue with the PSC's proposed scheduling order dealing with expert disclosure deadlines.

### THE COMMON FACT DISCOVERY DEADLINE SHOULD NOT BE EXTENDED WITHOUT LIMITATION AS TO SCOPE

Common fact discovery of the SSC defendants opened on August 11, 2014, with the SSC defendants' initial disclosures. At that point, the SSC cases tracked the Saint Thomas/STOPNC cases, with common discovery opening the same date. Common discovery has been running concurrently in all the Tennessee cases – the set of 100+ cases against Saint Thomas/STOPNC and the set of 24 cases against the SSC defendants – to this point. The common fact discovery deadline for all Tennessee cases was eventually extended to November 16, 2015, the current (passed) deadline.[3]

In 15 months of common discovery, the SSC defendants provided detailed initial disclosures, timely responded to 82 requests for admissions, 41 interrogatories (not counting subparts), 70 requests for production, produced approximately 6,000 pages of documents, and presented multiple witnesses for depositions specific to the SSC cases.[4]

Now, the PSC asks the Court to extend the *common* discovery deadlines in the SSC cases, without limitation, for two reasons:

1. Alleged deficiencies in SSC's responses to discovery previously served and the deposition testimony of Dr. Kenneth Lister and Jean Atkinson, RN

2. The addition of Calisher & Associates ("Calisher")[5] to a subset of the SSC cases.[6]

---

[3] Doc. 2330.
[4] Of note, the Court's original order on common discovery set the following limits on discovery requests: 40 interrogatories, 70 requests for admissions, and two sets of requests for production (not to exceed 100 total).
[5] Calisher was SSC's management company. It was originally not named in any lawsuits. Now, the PSC has added it to a number of the SSC cases.
[6] Calisher has been added in 12 of the 24 cases against SSC.

First and foremost, the SSC defendants do <u>not</u> oppose extending the common discovery deadline to allow the Court to address these two issues.

Pending before the Court is a motion to compel SSC and Dr. Lister to supplement discovery responses, perform new searches of documents, and re-produce witnesses for depositions, because a previous version of the drug formulary was not produced until after the depositions of two SSC witnesses. *If* the Court compels SSC to supplement its discovery responses or permits "re-depositions," the SSC defendants agree that discovery would not and should not be barred by the now-expired common discovery deadline.[7]

Likewise, if the Court ultimately decides that Calisher will remain in the cases[8], the SSC defendants agree that Calisher is likely entitled to limited discovery of the SSC defendants, the scope of which need not be determined now.

Finally, the SSC defendants agree that the expert disclosure deadlines should also be stayed while these issues are being resolved. The parties – the PSC included – cannot reasonably be expected to disclose experts before the Court determines the proper defendants.

*However*, a careful reading of the PSC's motion and proposal reveals that the PSC does not limit its request to only the issues above. The PSC's request would permit the Plaintiffs to serve additional discovery requests on the SSC defendants and depose additional SSC witnesses on *all* issues, not just those on (1) issues related to

---

[7] The PSC filed a Motion to Compel on these issues at Doc. 2494. The SSC defendants' response to the motion, due January 8, 2016, will fully address the unwarranted claims contained in the Motion.
[8] As noted in the PSC's Motion, Calisher has already indicated it is likely it will file a dispositive motion.

the pending motion to compel and (2) issues related to addition of Calisher.  The SSC defendants oppose this aspect of the PSC's request.[9]

Put simply, granting the PSC's Motion to Compel should not open common fact discovery on every issue in the case.[10]  Absent the Motion to Compel, the PSC would have no basis to seek additional discovery from the SSC defendants.  Likewise, adding Calisher to the cases should not reopen common discovery on every issue.

It stands to reason that if any relief is granted extending the deadline for discovery of the SSC defendants by the Plaintiffs, such relief should be tailored to allow discovery limited to the disputed issues addressed in the PSC's Motion to Compel, after the Motion has been fully briefed and ruled upon by the Court, with a caveat allowing further discovery related to the addition of Calisher if necessary.

This is why SSC now urges this Court to use the following language related to the close of common fact discovery:

> Close of Common Fact Discovery: Thirty (30) days after the Court's ruling on the PSC's forthcoming Motion(s) to Compel or the Court's ruling on the 12(b)(6) dispositive motion by Calisher & Associates, Inc., whichever is later.  This Order is not intended to reopen common fact discovery on all issues as between the PSC, Specialty Surgery Center, LLC, Kenneth R. Lister, MD and Kenneth R. Lister, MD, P.C.  Common fact discovery between the PSC and Specialty Surgery Center, LLC, Kenneth R. Lister, MD and Kenneth R. Lister, MD, P.C.

---

[9] Of note, during the "meet and confer" call with the PSC on extending the deadlines, the PSC agreed that discovery of SSC by the plaintiffs would be limited to the allegedly deficient discovery requests and deposition testimony.  Furthermore, during discussions relative to the document production and the PSC's request to redepose Lister and Atkisson,  the PSC represented to counsel for SSC, "We are happy to limit our questions to the formulary, the document retention policies, the modifications to the formulary, post-outbreak investigation, the verification for RFP and ROG responses related to "exhibit 5" and the new documents produced by our soon to be served RFP.  It was never our intention to wholesale redepose both witnesses."   Yet that is now what they propose to do.  See e-mail exchanges attached as "Exhibit A."

[10] The Court should keep in mind that, each time the defendants have requested an extension of a deadline to allow for more discovery, the PDC made aggressive and personal attacks that this was only meant to "delay justice" for "victims."  See PSC's Opposition to Motion to Continue at Doc. 1901 at 2-3 ("These victims need justice and they need it soon, and any delay in the current schedule will undoubtedly prejudice them."); See Doc. 1771 at 2, 2-3 n.3.  When the PSC wants to reopen common discovery on all issues in this set of cases, delay apparently is not an issue.

shall be limited to those issues raised in the PSC's Motion to Compel filed on December 11, 2015 (Doc. 2494) concerning the sufficiency of Specialty Surgery Center, LLC's November 20, 2015 responses to discovery served on October 13, 2015 including, but not limited to, whether the PSC is entitled to re-depose Dr. Lister and Jean Atkinson, RN on those issues.  Should Calisher remain in the cases after a ruling on its dispositive motion, the parties shall meet and confer in an effort to agree on the nature of Calisher-specific common discovery. The nature and extent of further common fact discovery related to the Motion to Compel or to Calisher will be determined by further Orders of this Court or agreement of the parties.

This proposed language is fair to all the parties involved.  It does not provide for common fact discovery, unlimited in scope, as requested by the PSC.  Instead, it focuses on the issue that has arisen, the subject of the Motion to Compel, and which forms the only basis for a request to extend the deadline for common fact discovery between the PSC and the SSC defendants.  It furthermore supplies a mechanism for Calisher to conduct common fact discovery, should it be unsuccessful with the anticipated dispositive motion.  Finally, this proposed language provides that the Court will be able to fashion the extent of common fact discovery, if any, between the PSC and the SSC defendants, depending on the Court's ruling regarding the Motion to Compel.  There is simply no need to allow either party the freedom to conduct common fact discovery on issues unrelated to the Motion to Compel.

The language proposed above should be adopted by the Court for extension of common fact discovery.

**THE ORDER MODIFYING THE CASE MANAGEMENT DEADLINES REGARDING EXPERTS SHOULD ADOPT THE LANGUAGE OF MAGISTRATE BOAL IN A RECENT ORDER REGARDING THE STOPNC DEFENDANTS**

The language suggested by the PSC related to expert witness disclosures follows the language used in the Court's prior Order entered on October 14, 2015 (Doc. 2330 at 1), not the Court's original Order on common discovery (Doc. 1425 at 5).

However, this Court recently confirmed what was meant by the use of the terms "opening," "rebuttal," and "reply" expert reports.

In an Order issued by Magistrate Judge Boal (Doc. 2518), the Court ruled:

Electronic Order granting [2510] Emergency Motion for Clarification. The STOPNC defendants' interpretation of the Court's Order is correct. Plaintiffs' common fact disclosures are due December 16, 2015; defendants' common expert disclosures are due January 15, 2016 and plaintiffs' common reply expert disclosures, if any, are due January 29, 2016. All common expert depositions shall be completed by February 19, 2016.

Therefore, "opening common fact expert reports" was confirmed to mean the "plaintiffs' common expert disclosures." "Rebuttal common expert reports" was confirmed to mean "defendants' common expert disclosures." Finally, "reply common expert reports" was confirmed to mean "plaintiffs' common reply expert disclosures." To avoid any further confusion on this issue, SSC respectfully suggests adopting the same language in any order extending deadlines in the SSC cases. The SSC defendants therefore respectfully propose the following:

- Plaintiffs' common expert disclosures: 30 days from close of common fact discovery;

- Defendants' common expert disclosures: 30 days from disclosure of plaintiffs' common expert disclosures;

- Plaintiffs' common reply expert disclosures: 15 days from the disclosure of defendants' common expert reports;

- Common Expert Deposition Deadline: 15 days from the disclosure of plaintiff's common reply expert disclosures.

- All other pretrial deadlines:  To be determined.

A Proposed Order is attached hereto.

Respectfully submitted,

/s/ Kent E. Krause
**PARKS T. CHASTAIN**[11]
**KENT E. KRAUSE**[12]
Attorneys for Defendant, Specialty Surgery Center, PLLC

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN   37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be served via electronic mail or regular US mail to those participants identified as unregistered this the 8th day of January, 2016.

/s/ Kent E. Krause
**KENT E. KRAUSE**

---

[11] Admitted *pro hac vice*
[12] Admitted *pro hac vice*