# Kent Krause

| | |
|---|---|
| **From:** | Matt H. Cline <matt@gideoncooper.com> |
| **Sent:** | Tuesday, December 15, 2015 8:56 AM |
| **To:** | Ben Gastel; Kent Krause; Chris J. Tardio; Moran, John W. (John.Moran@leclairryan.com) |
| **Cc:** | Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Anthony Orlandi |
| **Subject:** | RE: DRAFT Proposed Order and associated Motion to Modify Case Management Deadlines |

Ben:

I do not think your email accurately reflects our "meet and confer" regarding the extension of the SSC deadlines. Your email is not accurate in stating that "the PSC has made repeatedly clear that we will not agree to a limitation on the scope of common discovery that can still be taken." During our "meet and confer" call, you and I agreed that the discovery extension would not reopen discovery of SSC and Dr. Lister with respect to issues outside of those related to the formulary. That is what Kent's edits to the proposed order were intended to reflect. We are happy to "meet and confer" further if we can tinker with the language to make it palatable to the PSC, but it sounds like your position has changed.

Our position, consistent with our phone call, is that the common fact discovery deadline for the PSC to take discovery from SSC and Dr. Lister (and vice versa) has expired. The PSC had more than a year to conduct "common" fact discovery of our clients, including depositions, dozens of discovery requests, and production of thousands of pages of documents. We cannot agree to subject our clients to the additional time and expense of more discovery from the PSC. Obviously (and as reflected in Kent's proposed changes to your order), if the Court grants your motion to compel in full or in part, the additional discovery permitted would not be barred by the current (expired) common fact discovery deadline.

Additionally, your draft motion inaccurately reflects that we have agreed to additional depositions of Dr. Lister and Jean Atkinson by the Calishers if they are not dismissed from the suit. This is incorrect. We agree that the Calishers are likely entitled to some discovery if they remain a party, but our position has always been that, consistent with MDL Order No. 10, these witnesses are only subject to one deposition on common issues.

As I said, I'm happy to discuss changes to the language Kent proposed, but it sounds like we may no longer be on the same page with respect to whether or not the PSC is entitled to additional common fact discovery from SSC and Dr. Lister. If that's the case, feel free to go ahead and file your motion.

Thanks.

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com



**From:** Ben Gastel [mailto:beng@bsjfirm.com]
**Sent:** Monday, December 14, 2015 2:12 PM
**To:** Kent Krause; Matt H. Cline; Chris J. Tardio; Moran, John W. (John.Moran@leclairryan.com)
**Cc:** Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Anthony Orlandi
**Subject:** RE: DRAFT Proposed Order and associated Motion to Modify Case Management Deadlines

1

All,

The PSC does not believe the restrictions proposed in Kent's email below are appropriate. As a result and given the timing, we will file the motion on behalf of the PSC as opposed to a joint motion with defense counsel. The PSC has made repeatedly clear that we will not agree to a limitation on the scope of common discovery that can still be taken. Without knowing the testimony of Dr. Lister and Ms. Atkinson on key issues surrounding the formulary, any such limitation will only lead to further delay and unnecessary briefing on this issue. Please advise if you believe any further meet and confer on this issue is necessary. Otherwise, we plan to file the attached by COB tomorrow.

Thank You,

Ben


**From:** Kent Krause [mailto:KKrause@bkblaw.com]
**Sent:** Tuesday, November 24, 2015 2:23 PM
**To:** Ben Gastel <beng@bsjfirm.com>; 'Matt H. Cline' <matt@gideoncooper.com>; Chris J. Tardio <chris@gideoncooper.com>; Moran, John W. (John.Moran@leclairryan.com) <John.Moran@leclairryan.com>
**Cc:** Gerard Stranch <gerards@bsjfirm.com>; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com) <mchalos@lchb.com>; Anthony Orlandi <aorlandi@bsjfirm.com>
**Subject:** RE: DRAFT Proposed Order and associated Motion to Modify Case Management Deadlines

Counsel, attached is our suggested change to the order, consistent with the Motion.

*Kent E. Krause*
*Attorney at Law*



BREWER KRAUSE
BROOKS & CHASTAIN
PLLC

611 Commerce St., Ste. 2600, Nashville, TN 37203
Mailing: P.O. Box 23890, Nashville, TN 37202-3890
*Website: www.bkblaw.com*
***Direct: 615-630-7755  Fax: 615-256-8985***
********************************************************************************
NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail so that our address record can be corrected.
********************************************************************************

**From:** Ben Gastel [mailto:beng@bsjfirm.com]
**Sent:** Monday, November 23, 2015 1:40 PM
**To:** Kent Krause; 'Matt H. Cline'; Chris J. Tardio; Moran, John W. (John.Moran@leclairryan.com)
**Cc:** Gerard Stranch; Chalos, Mark P. (mchalos@lchb.com) (mchalos@lchb.com); Anthony Orlandi
**Subject:** DRAFT Proposed Order and associated Motion to Modify Case Management Deadlines

All,

2

Here is a proposed motion and order to follow up from our call Monday morning on the SSC case management order.

Any thoughts or changes are welcome.

If everyone is on board, I will simply file once everyone indicates their consent.

Thanks,

Ben

Ben Gastel
**Branstetter, Stranch & Jennings, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN  37203
P: 615.254.8801
F: 615.255.5419

**\*\*Please note that our firm changed addresses effective June 29, 2015.**

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

# Kent Krause

| | |
|---|---|
| **From:** | Ben Gastel <beng@bsjfirm.com> |
| **Sent:** | Wednesday, November 18, 2015 1:10 PM |
| **To:** | Matt H. Cline; Moran, John W.; Chris J. Tardio |
| **Cc:** | Gerard Stranch; Anthony Orlandi; Kent Krause; Beth Gray |
| **Subject:** | RE: Update on SSC Discovery Responses |

It's difficult for me to provide an exact structure without knowing what, if anything, John believes he needs to accommodate his client's interest. But painting in broad strokes, I would propose a schedule similar to Box Hill, which would be an extension of common discovery into late January or early February and expert discovery following after that. That should give time for John to fight whatever 12(b) fight he wants and for us (i.e. PSC and Specialty Surgery Center) to either work out what needs to happen with Lister/Atkinson or get it in front of Boal.

I hope that helps. Friday at 10 works for me, and I think John said it works for him too. We can use my line, Beth please circulate a calendar invite to everyone with our conference line.

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Wednesday, November 18, 2015 12:33 PM
**To:** Moran, John W. <John.Moran@leclairryan.com>; Ben Gastel <beng@bsjfirm.com>; Chris J. Tardio <chris@gideoncooper.com>
**Cc:** Gerard Stranch <gerards@bsjfirm.com>; Anthony Orlandi <aorlandi@bsjfirm.com>; Kent Krause <kkrause@bkblaw.com>; Anthony Orlandi <aorlandi@bsjfirm.com>
**Subject:** RE: Update on SSC Discovery Responses

Ben:

What do you have in mind in terms of a different track/schedule for the SSC cases? Our call would probably be more productive if our office could discuss your proposal with Kent/Parks beforehand, even if all you can give us is the broad strokes of a plan.

I talked to Kent and Parks. Friday is best for those on our end. How about 10:00 am CST? We're all pretty flexible if that doesn't work.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

**From:** Moran, John W. [mailto:John.Moran@leclairryan.com]
**Sent:** Wednesday, November 18, 2015 11:31 AM
**To:** 'Ben Gastel'; Matt H. Cline; Chris J. Tardio

1

**Cc:** Gerard Stranch; Anthony Orlandi; Kent Krause; Anthony Orlandi
**Subject:** RE: Update on SSC Discovery Responses

I can be available anytime tomorrow or Friday. Thank you.

John


**John W. Moran**
**Attorney at Law**
LECLAIRRYAN
One International Place, Eleventh Floor
Boston, Massachusetts 02110
(617) 502-8212 Direct
(617) 502-8262 Fax
(617) 953-5820 Mobile
John.Moran@leclairryan.com
https://www.leclairryan.com

Please consider the environment before printing this email.


**From:** Ben Gastel [mailto:beng@bsjfirm.com]
**Sent:** Tuesday, November 17, 2015 4:27 PM
**To:** Matt H. Cline; Chris J. Tardio
**Cc:** Gerard Stranch; Anthony Orlandi; Kent Krause; Moran, John W.; Anthony Orlandi
**Subject:** RE: Update on SSC Discovery Responses

Thanks Matt.

Please confirm your intent to have responses by no later than Friday of this week.

On a slightly different although related note, I would propose that you, Kent, John Moran (added to this email) and us meet and confer this week on an agreed order setting the schedule for the Specialty Surgery Center cases going forward. In reviewing the docket I believe the Court has not yet formally set different deadlines between the Specialty Surgery Center cases and the St. Thomas cases. I believe given the pending motion to amend and the pending issues related to Specialty Surgery Center's initial production, it seems we need to formally get the St. Thomas cases and the Specialty Surgery Center on separate tracks. John would likely want to take some discovery or do some expert discovery – assuming his client stays in this case.

Can we talk about this this week with the hopes of getting an agreed order on file by the end of the week? I am generally available tomorrow, Thursday, and Friday.

Thanks,

Ben Gastel
**Branstetter, Stranch & Jennings, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
P: 615.254.8801
F: 615.255.5419

**\*\*Please note that our firm changed addresses effective June 29, 2015.**

2

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Tuesday, November 17, 2015 1:42 PM
**To:** Ben Gastel <beng@bsjfirm.com>; Chris J. Tardio <chris@gideoncooper.com>
**Cc:** Gerard Stranch <gerards@bsjfirm.com>; Anthony Orlandi <aorlandi@bsjfirm.com>; Kent Krause <kkrause@bkblaw.com>
**Subject:** RE: Update on SSC Discovery Responses

Ben:

We should have the responses to you by the end of the week, if not sooner. We are checking a couple more places for responsive documents. We are not planning to formally take an extension under MDL Order No. 11 unless you request that we do so.

Thanks.

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com


**From:** Ben Gastel [mailto:beng@bsjfirm.com]
**Sent:** Tuesday, November 17, 2015 10:00 AM
**To:** Chris J. Tardio; Matt H. Cline
**Cc:** Gerard Stranch; Anthony Orlandi
**Subject:** Update on SSC Discovery Responses

Chris and Matt,

We showed that your responses to the Specialty Surgery Center discovery were due yesterday, to my knowledge we did not receive a reply. Please advise.

Thank You,

Ben Gastel
**Branstetter, Stranch & Jennings, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
P: 615.254.8801
F: 615.255.5419

**\*\*Please note that our firm changed addresses effective June 29, 2015.**

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

* This e-mail may contain confidential or privileged information. If you are not the intended recipient, please notify the sender immediately by return e-mail with a copy to emailadministrator@leclairryan.com and delete this e-mail and all copies and attachments.

4

# Matt H. Cline

| | |
|---|---|
| **From:** | Gerard Stranch <gerards@bsjfirm.com> |
| **Sent:** | Monday, October 12, 2015 4:24 PM |
| **To:** | Matt H. Cline |
| **Cc:** | Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon |
| **Subject:** | RE: SSC and Lister document production |

Matt,

The discovery will be sent over shortly. We propose 14 days to respond.

You still have not answered the questions that I posed last week. We are happy to limit our questions to the formulary, the document retention policies, the modifications to the formulary, post-outbreak investigation, the verification for RFP and ROG responses related to "exhibit 5" and the new documents produced by our soon to be served RFP. It was never our intention to wholesale redepose both witnesses. We believe a half day each should be sufficient. If you will not agree to the proposal, we will file our motion.

Gerard


**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Monday, October 12, 2015 4:03 PM
**To:** Gerard Stranch
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon
**Subject:** RE: SSC and Lister document production

Gerard:

I cannot agree to a shortened deadline for responding to written discovery that I haven't even seen yet. Send us the discovery and a proposed response deadline, and we will consider it.

The deposition protocol requires you to seek leave of the Court to depose a witness more than once. You have already questioned both Dr. Lister and Ms. Atkinson about the formulary (Lister, p. 155-56, 161-62, 168, 195-97; Atkinson, p. 35-38). We will stipulate that the 2010 written formulary produced prior to Gina Calisher's deposition does not list Depo-Medrol and that Depo-Medrol was added to the written formulary post-outbreak. The documents establish these facts. You have a copy of the 2010 formulary and the updated formulary. The PSC has *repeatedly* argued to the Court that we do not need testimony of various witnesses because we have documents and that the documents are sufficient to establish certain facts. Here, that reasoning should apply with equal force.

If there are specific additional questions not previously asked that you believe you are entitled to cover with these witnesses based on the 2010 formulary, send us a list. We are happy to review it and consider your request. Sending a notice for a second deposition without any limitation is just going to create more costly motion practice.

Thanks.

1

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

**From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
**Sent:** Monday, October 12, 2015 11:05 AM
**To:** Matt H. Cline
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon
**Subject:** RE: SSC and Lister document production

Matt,

It has been a week and we have not heard a response to this. We will notice the depositions today and are serving the written discovery as well. I will assume unless I hear from you that you will not agree to shorten the time period for responses and will file an appropriate motion asking the court to do impose shorter deadlines on your client.

Gerard

**From:** Gerard Stranch
**Sent:** Monday, October 5, 2015 3:43 PM
**To:** 'Matt H. Cline'
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon
**Subject:** RE: SSC and Lister document production

Matt,

Your response raises more questions than it answers. To suggest that modifying the approved medications list to make it appear depo-medrol was on the formulary in 2012 is of questionable relevance is outrageous. Regardless, modifying the hard copy of the policies and procedures after SSC and Dr. Lister began anticipating litigation to hide the fact that Depo-medrol was not on the formulary list is at best highly inappropriate, if not a fraud on the court. I am aware that your client was served with notices prior to April 2013 and as such was clearly in the litigation track at that time. Additionally, my understanding is that SSC has taken the position that it began to anticipate litigation in early October 2012. If that is incorrect, please let me know. I also understand that as of 10-2-2012, the Calisher's and SSC were operating under the direction of not doing anything outside the council [sic] of SVMIC. See SSC-05026. Here are additional questions that your answers have raised:

1. Was a litigation hold letter sent?
2. If so, what was the date of that letter?
3. Were any documents collected and reviewed during SSCs (and its insurance carriers) investigation into the facts during 2012 and early 2013?
4. Did that review include the policy and procedures manual?
5. Was a copy of the policy and procedure manual made or was it reviewed prior to April 2013?

6. What due diligence did you undertake to determine whether the "exhibit 5" that you produced was in effect in 2012 as represented in your response to RFP 50?
7. Do the executive committee minutes in 2013 (or any sub committee) authorize the modifications to the formulary?

I think at this point, we need additional document searches and to re-depose certain SSC employees and Dr. Lister on this issue. When can you make Jean Atkinson and Dr. Lister available for re-deposition? I will serve you with additional document requests that will cover the 10-1-2012 through the sale of SSC. I presume given the circumstances that we can agree to reduce the time for answers to be produced.

Gerard


**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Monday, October 5, 2015 9:20 AM
**To:** Gerard Stranch
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon
**Subject:** RE: SSC and Lister document production

Gerard:

To date, in the SSC cases alone, we have provided initial disclosures (and supplemented them twice), responded to 70 requests for admissions, responded to nearly 50 interrogatories, responded to 90 requests for production, and produced roughly 6,000 pages of documents. Let me assure you that we have always acted in good faith in the discovery process. To suggest some grand conspiracy to withhold three pages of questionable relevance (we can argue about that later) is a stretch, to say the least. I address the documents below:

<u>Cal-299-300</u>

Ben Gastel and I agreed on date range restrictions for the SSC ESI. We agreed to December 31, 2012, as the cutoff date for all search terms. Emails reflecting this agreement are attached. Cal-299 and Cal-300 both fall outside this date restriction (as does any other ESI related to updating the "Approved Medication List" in 2013). I searched the documents returned from our vendor after it did the searches based on the agreed-upon terms on Friday and confirmed that these documents are not in the set.

<u>Cal-019</u>

After we received your discovery requests to SSC dated October 16, 2013, I personally traveled to SSC and collected many of the responsive documents that had been preserved, including a hard copy of SSC's entire policy and procedure manual. We produced the "Approved Medication List" that was included in the P/P manual I picked up that day (SSC – 00954). As you know from looking at SSC - 00954, there is no date on it to indicate to us that it was updated in April 2013. We had no reason to believe it was not the one in place in 2012. As discussed in the attached letter, we made clear when we produced SSC's ESI that we were not reproducing documents that we had already produced in hard copy and explicitly identified policies and procedures as documents that would not be reproduced. Simply put, we believed we had already produced the "Approved Medication List" in place in 2012 and had no reason to search for, review, or produce another copy, or to think that one even existed.

*******

I believe the above addresses your questions. Also, there were no suits pending against SSC in April 2013, as you stated.

3

2.  Why there were no documents authorizing modifications to the "approved medications" list by the Executive Committee

3.  Why there were no documents to Gina Calisher showing the modifications requested by Jean Atkinson

4.  Why there were no documents instructing Jean Atkinson to make the modifications

5.  Why there were no documents showing the modifications made by Jean Atkinson to CAL-00300 (to remove the bold and incorrect spelling of Demerol, etc)

6.  If the documents were intentionally withheld, why none of the withheld documents are on a privilege log

We believe that, at best, there exists a serious deficiency in the document collection, storage and production. There are also issues with document destruction and withholding. Please consider this an effort to meet and confer and given the tight deadlines in the case, please get back with me as soon as possible with full answers to these questions.

Gerard


J. Gerard Stranch, IV
The Freedom Center
223 Rosa L. Parks Blvd, Second Floor
Nashville, TN  37203
615-254-8801 - Telephone
615-255-5419 – Facsimile

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.