# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: Suits Naming Specialty Surgery Center, Crossville, PLLC | ) ) ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**SPECIALTY SURGERY CENTER, CROSSVILLE, PLLC's,
RESPONSES TO THE PLAINTIFFS' STEERING COMMITTEE'S
SECOND REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts, Specialty Surgery Center, Crossville, PLLC ("SSC"), by and through undersigned counsel, provides the following Responses to the Plaintiffs' Steering Committee's Second Set of Requests for Production.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1. Produce all documents and communications regarding your approved medication list, including but not limited to all previous versions of the approved medication list, all requests for changes related to the approved medication list, and all minutes of any board or committee meeting that mention the approved medication list or medications to be used at Specialty Surgery, and any emails that mention or relate to the approved medication list or medications to be used at Specialty Surgery.

RESPONSE:

**Attached as Exhibit 1 is SSC's approved medication list now believed to have been in effect in 2012. SSC counsel affirmatively states that it was believed, up until Calisher and Associates' document production, that the approved medications list previously produced was in effect in 2012. Counsel for SSC also conducted additional searches of the ESI returned by the PSC's original search terms (including the agreed date limitations) for documents related to the approved medication list. Attached as Exhibit 2 is a spreadsheet containing lists of medications kept in each room at SSC. The spreadsheet was created in May 2011 and last modified in October 2011. A copy of each list was kept in the corresponding room at SSC.**

**Counsel for SSC also conducted searches, without date restrictions, of the email accounts of Kim Bowlin, Jean Atkinson, RN, and Diane Austin for responsive documents. Attached as Exhibit 3 are nonprivileged responsive communications, with emails between SSC and counsel redacted from the email chains.**

**Counsel for SSC also re-reviewed SSC's Board Minutes and Medical Executive Committee Minutes. Neither contains any reference to the approved medication list.**

2.   Produce Specialty Surgery's document retention policies.

RESPONSE:

**Attached as Exhibit 4 are SSC's written document retention policies.**

3.   Produce a copy of the litigation hold letter sent as a result of the anticipation of lawsuits being filed as a result of the fungal meningitis catastrophe.

RESPONSE:

**OBJECTION. The litigation hold communication is a privileged attorney-client communication and is also protected by the work-product doctrine. Without waiving these objections, in the interest of resolving this dispute, and in the interest of providing good faith responses to these requests, a litigation hold communication was sent to SSC on October 12, 2012, to ensure anything arguably related to the outbreak or dealings with NECC was preserved. The document is privileged from discovery.**

4.   Produce a copy of any and all documents sufficient to identify who received a copy of the litigation hold letter identified in response to RFP Number 3 herein.

RESPONSE:

**OBJECTION. The requested documents are protected from discovery by the attorney-client privilege and the work-product doctrine. Without waiving the objections, in the interest of resolving this dispute and providing good faith responses to these requests, a litigation hold communication was sent to SSC via Dr. Lister, Ms. Atkinson, and Ms. Bowlin on October 12, 2012, to ensure anything arguably related to the outbreak or dealings with NECC was preserved. The document is privileged from discovery.**

2

5. Produce a copy of any and all documents sent to or received from State Volunteer Mutual Insurance Company that in any way relates to the fungal meningitis catastrophe.

RESPONSE:

**OBJECTION. This Request seeks information protected from discovery by attorney-client privilege and the work-product doctrine. Communications or memoranda prepared in anticipation of litigation are privileged from discovery by the work-product privilege. This Request also seeks information protected by the insurer/insured privilege.** *See Puckett v. Broome*, **385 S.W.2d 762 (Tenn. Ct. App. 1964). Additionally, this request is overbroad with no showing that anything requested would be relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, SSC previously responded to this request in its Responses to the PSC's First Requests for Production to SSC. SSC has already produced nonprivileged documents in its possession responsive to this Request.**

**Subject to and without waiving said objections, counsel for SSC conducted additional searches for nonprivileged responsive documents in the ESI returned by the PSC's original search terms and the email accounts of Ms. Atkinson, Ms. Austin, and Ms. Bowlin. The only nonprivileged document located was previously produced (SSC—03756 – 57).**

6. Produce a copy of any communications between anyone associated with Specialty Surgery and anyone associated with Calisher and Associates that in any way relate to the approved medication list.

RESPONSE:

**See Response to Request for Production No. 1.**

3

7. Produce all Executive Committee meeting minutes from 2007 through present.

RESPONSE:

**OBJECTION. This Request for Production seeks information privileged from discovery by the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219 and/or the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272. Additionally, this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Further, SSC previously responded to this request in its Responses to the PSC's First Requests for Production to SSC.**

**Subject to and without waiving these objections, counsel for SSC re-reviewed SSC's Board Minutes and Medical Executive Committee Minutes. Neither contains any reference to the approved medication list.**

8. Produce all communications between anyone associated with Specialty Surgery and Cumberland Medical Center that in any way relate to the fungal meningitis catastrophe.

RESPONSE:

**OBJECTION. SSC previously responded to this request in its Responses to the PSC's First Requests for Production to SSC.**

9. Produce all emails, correspondence, prescriptions, orders, invoices, memoranda, product information, brochures, promotional materials, documents and things related to Specialty Surgery's attempts to procure MPA following the NECC recall of MPA.

RESPONSE:

**OBJECTION. This Request is overbroad, unduly burdensome, and SSC previously responded to this request in its Responses to the PSC's First Requests for Production to SSC.**

**Subject to and without waiving these objections, included with Exhibit 3 are additional responsive documents.**

4

10. Produce all emails, spreadsheets, memoranda, comparisons, and documents pertaining to any investigation undertaken by Specialty Surgery related to NECC's recall of MPA.

RESPONSE:

**OBJECTION. The Request is overbroad, unduly burdensome, and seeks information privileged from discovery by the work-product doctrine, attorney-client privilege, the Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219, the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. §§ 63-1-150, 68-11-272, and/or HIPAA. Any investigation of the care rendered or health care decisions made would be privileged by statute and would have been done in anticipation of litigation. Regardless, this Request is duplicative of Request for Production 7 of the PSC's First Requests for Production of Documents.**

11. Produce all documents related to the investigation undertaken to verify the accuracy of Specialty Surgery's responses to the Plaintiffs' Steering Committee's First Set of Interrogatories Propounded to Specialty Surgery.

RESPONSE:

**OBJECTION. This Request is vague, overbroad, unduly burdensome, and seeks information protected from discovery by attorney-client privilege and the work-product doctrine.**

**Subject to and without waiving said objections, SSC does not possess any nonprivileged responsive documents. Any communications between counsel and SSC related to the gathering of documents both in anticipation of and during litigation are protected by the attorney-client privilege and the work-product doctrine.**

12. Produce documents sufficient to identify the custodian of records who provided the documents compiled as Exhibit 5 to Specialty Surgery Center's responses to the PSC's First Set of Requests for Production.

RESPONSE:

**SSC does not possess any nonprivileged responsive documents. For additional information, see SSC's Response to Interrogatory No. 1 of the PSC's Second Set of Requests for Admission to Defendants and Corresponding Interrogatory.**

13. Produce all documents related to the actions State Volunteer Mutual Insurance Company approved or disapproved as referenced in SSC—05026.

RESPONSE:

**OBJECTION. SSC-05026 is referring to <u>counsel</u> hired by State Volunteer Mutual Insurance Company. Any communications or documents regarding approval or disapproval of SSC's actions by its attorneys are protected from discovery by attorney-client privilege or the work-product doctrine, and are likewise inadmissible and necessarily invades counsel's thoughts and impressions.**

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for SSC, Dr. Lister, and Dr. Lister's Practice***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of November, 2015, a true and accurate copy of the foregoing was served on the PSC by e-mail, as indicated below, for uploading to the document repository. At this time, there are no other parties to the cases naming SSC.


Gerard Stranch, IV
Ben Gastel
Branstetter, Stranch & Jennings, PLLC
227 2nd Ave N
Suite 400
Nashville, TN 37201
gerards@BSJFirm.com
beng@BSJFirm.com

*Attorneys for the PSC*

                                                 /s/ Chris J. Tardio
                                                 **Chris J. Tardio**