# EXHIBIT 3

# GIDEON, COOPER & ESSARY
A PROFESSIONAL LIMITED LIABILITY COMPANY

315 DEADERICK STREET, SUITE 1100

NASHVILLE, TN 37238

(615) 254-0400

FAX (615) 254-0459

www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JAMES C. SPERRING
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA VON KANEL
J. BLAKE CARTER[1]
MARK A. HAMMERVOLD[1]
MATT H. CLINE
MATTHEW J. NATHANSON
JEREMY C CAIN

[1] LICENSED IN TN AND FL
[2] LICENSED IN TN, AL AND TX
[3] LICENSED IN TN AND GA
[4] LICENSED IN TN AND KY
[5] LICENSED IN TN AND WI

November 5, 2014

**Via Email Only: gerards@branstetterlaw.com**
J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North
Nashville, TN  37201

Re:   *RE:* NECC MDL: SSC ESI

Dear Gerard:

Pursuant to the ESI Protocol at Dkt. 1087, below we identify the proposed sources of electronically-stored information ("ESI") we intend to search for SSC and Kenneth R. Lister, MD, the sources of ESI we do not intend to search, and our proposed exclusion criteria.[1]

Data Sources We Intend to Search

We intend to search the following sources:

1. *SSC's Email*

SSC's computer system was managed by an outside IT vendor. We intend to search all SSC email accounts that were part of SSC's system.[2]

---

[1] This letter also responds to your October 30 email regarding ESI.
[2] Note that not all SSC staff members had an email account at SSC.

Mr. Gerard Stranch
RE:  Meningitis Litigation
Page 2

### 2. *Dr. Lister's Personal Email*

Dr. Lister did not have an email account at SSC, but he maintains a personal email account. We have preserved Dr. Lister's personal email account and intend to search it for relevant ESI.

### 3. *SSC's Administrator's ESI Relevant to Recall*

Kim Bowlin, SSC's administrator, created a folder on her local computer for ESI related to the recall and NECC. We have preserved the folder and intend to search it for relevant ESI.

### 4. *SSC's Office Server*

We have also preserved the hard drives from SSC's office server and are evaluating whether the hard drives should be searched for responsive ESI. The server itself is currently non-functional. We removed the server's hard drives and are currently assessing the cost of accessing the hard drives through an outside vendor, which we understand will require reconfiguring or reconstructing the server.

\* \* \* \* \* \* \*

## Data Sources We Do Not Intend to Search

### 1. *Medical Records Server*

SSC maintains a separate server for individual patient medical records. We do not intend to collect or search any ESI from this server. We have already produced hard copies of the medical records to the Plaintiffs' counsel. The vast majority of any ESI would be cumulative or duplicative. FED. R. CIV. P. 26(b)(2)(C)(iii). And, any potential benefit of the remaining information would be outweighed by the burden of collecting and searching the ESI. FED. R. CIV. P. 26(b)(2)(B); FED. R. CIV. P. 26(b)(2)(C)(iii).

### 2. *General System Files*

We do not intend to collect or search for ESI in general system files (*i.e.*, driver software). We do not believe any of these files will contain any relevant information, and, again, any potential benefit is outweighed by the cost and burden of collecting and searching the ESI. FED. R. CIV. P. 26(b)(2)(B); FED. R. CIV. P. 26(b)(2)(C)(iii).

Mr. Gerard Stranch
RE: Meningitis Litigation
Page 3

### 3. Local Computers

Prior to the sale of SSC's assets in June 2013, counsel for SSC instructed SSC's staff to check the hard drives of their local computers for anything related to NECC or the recall (other than emails which were all preserved as described above). Any such files were to be sent to Kim Bowlin for inclusion in the recall folder on her computer, which was preserved as described above. Afterward, the local computers were included in the sale of SSC's assets to Cumberland Medical Center. Accordingly, SSC does not intend to preserve or search the hard drives on those computers as they are no longer in SSC's possession or control.

Proposed Exclusion Criteria

We propose the following exclusion criteria:

1. Exclude data created outside the timeframe of January 1, 2012, to December 31, 2012

2. Exclude any emails to or from Gideon, Cooper & Essary, PLLC

3. Exclude any files created by Gideon, Cooper & Essary, PLLC.

\* \* \* \* \* \* \*

As required by the ESI protocol, please send us your list of proposed search terms for SSC's ESI by November 12.

We are required to meet and confer regarding proposed custodians, search terms, and exclusion criteria by November 26. Provided that you can get us the search terms by November 12, we propose holding the meet and confer on November 20, 24, or 25.

Please feel free to call if you would like to discuss.

Thanks.

Very truly yours,

Chris J. Tardio   w/ permission
                  [signature]

CJT/mhc/jkl