# EXHIBIT 6

# Matt H. Cline

| | |
|---|---|
| **From:** | Gerard Stranch <gerards@bsjfirm.com> |
| **Sent:** | Monday, October 12, 2015 4:24 PM |
| **To:** | Matt H. Cline |
| **Cc:** | Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon |
| **Subject:** | RE: SSC and Lister document production |

Matt,

The discovery will be sent over shortly.  We propose 14 days to respond.

You still have not answered the questions that I posed last week.  We are happy to limit our questions to the formulary, the document retention policies, the modifications to the formulary, post-outbreak investigation,  the verification for RFP and ROG responses related to "exhibit 5" and the new documents produced by our soon to be served RFP.  It was never our intention to wholesale redepose both witnesses.  We believe a half day each should be sufficient.  If you will not agree to the proposal, we will file our motion.

Gerard

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Monday, October 12, 2015 4:03 PM
**To:** Gerard Stranch
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon
**Subject:** RE: SSC and Lister document production

Gerard:

I cannot agree to a shortened deadline for responding to written discovery that I haven't even seen yet. Send us the discovery and a proposed response deadline, and we will consider it.

The deposition protocol requires you to seek leave of the Court to depose a witness more than once. You have already questioned both Dr. Lister and Ms. Atkinson about the formulary (Lister, p. 155-56, 161-62, 168, 195-97; Atkinson, p. 35-38). We will stipulate that the 2010 written formulary produced prior to Gina Calisher's deposition does not list Depo-Medrol and that Depo-Medrol was added to the written formulary post-outbreak. The documents establish these facts. You have a copy of the 2010 formulary and the updated formulary. The PSC has *repeatedly* argued to the Court that we do not need testimony of various witnesses because we have documents and that the documents are sufficient to establish certain facts. Here, that reasoning should apply with equal force.

If there are specific additional questions not previously asked that you believe you are entitled to cover with these witnesses based on the 2010 formulary, send us a list. We are happy to review it and consider your request. Sending a notice for a second deposition without any limitation is just going to create more costly motion practice.

Thanks.

1

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
**Sent:** Monday, October 12, 2015 11:05 AM
**To:** Matt H. Cline
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon
**Subject:** RE: SSC and Lister document production

Matt,

It has been a week and we have not heard a response to this.  We will notice the depositions today and are serving the written discovery as well.  I will assume unless I hear from you that you will not agree to shorten the time period for responses and will file an appropriate motion asking the court to do impose shorter deadlines on your client.

Gerard

---

**From:** Gerard Stranch
**Sent:** Monday, October 5, 2015 3:43 PM
**To:** 'Matt H. Cline'
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon
**Subject:** RE: SSC and Lister document production

Matt,

Your response raises more questions than it answers.  To suggest that modifying the approved medications list to make it appear depo-medrol was on the formulary in 2012 is of questionable relevance is outrageous.  Regardless, modifying the hard copy of the policies and procedures after SSC and Dr. Lister began anticipating litigation to hide the fact that Depo-medrol was not on the formulary list is at best highly inappropriate, if not a fraud on the court.  I am aware that your client was served with notices prior to April 2013 and as such was clearly in the litigation track at that time.  Additionally, my understanding is that SSC has taken the position that it began to anticipate litigation in early October 2012.  If that is incorrect, please let me know.  I also understand that as of 10-2-2012, the Calisher's and SSC were operating under the direction of not doing anything outside the council [sic] of SVMIC.  See SSC-05026.  Here are additional questions that your answers have raised:

1.  Was a litigation hold letter sent?
2.  If so, what was the date of that letter?
3.  Were any documents collected and reviewed during SSCs (and its insurance carriers) investigation into the facts during 2012 and early 2013?
4.  Did that review include the policy and procedures manual?
5.  Was a copy of the policy and procedure manual made or was it reviewed prior to April 2013?

6. What due diligence did you undertake to determine whether the "exhibit 5" that you produced was in effect in 2012 as represented in your response to RFP 50?
7. Do the executive committee minutes in 2013 (or any sub committee) authorize the modifications to the formulary?

I think at this point, we need additional document searches and to re-depose certain SSC employees and Dr. Lister on this issue. When can you make Jean Atkinson and Dr. Lister available for re-deposition? I will serve you with additional document requests that will cover the 10-1-2012 through the sale of SSC. I presume given the circumstances that we can agree to reduce the time for answers to be produced.

Gerard

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Monday, October 5, 2015 9:20 AM
**To:** Gerard Stranch
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com); Kent Krause; Parks Chastain; Chris J. Tardio; C. J. Gideon
**Subject:** RE: SSC and Lister document production

Gerard:

To date, in the SSC cases alone, we have provided initial disclosures (and supplemented them twice), responded to 70 requests for admissions, responded to nearly 50 interrogatories, responded to 90 requests for production, and produced roughly 6,000 pages of documents. Let me assure you that we have always acted in good faith in the discovery process. To suggest some grand conspiracy to withhold three pages of questionable relevance (we can argue about that later) is a stretch, to say the least. I address the documents below:

**Cal-299-300**

Ben Gastel and I agreed on date range restrictions for the SSC ESI. We agreed to December 31, 2012, as the cutoff date for all search terms. Emails reflecting this agreement are attached. Cal-299 and Cal-300 both fall outside this date restriction (as does any other ESI related to updating the "Approved Medication List" in 2013). I searched the documents returned from our vendor after it did the searches based on the agreed-upon terms on Friday and confirmed that these documents are not in the set.

**Cal-019**

After we received your discovery requests to SSC dated October 16, 2013, I personally traveled to SSC and collected many of the responsive documents that had been preserved, including a hard copy of SSC's entire policy and procedure manual. We produced the "Approved Medication List" that was included in the P/P manual I picked up that day (SSC – 00954). As you know from looking at SSC - 00954, there is no date on it to indicate to us that it was updated in April 2013. We had no reason to believe it was not the one in place in 2012. As discussed in the attached letter, we made clear when we produced SSC's ESI that we were not reproducing documents that we had already produced in hard copy and explicitly identified policies and procedures as documents that would not be reproduced. Simply put, we believed we had already produced the "Approved Medication List" in place in 2012 and had no reason to search for, review, or produce another copy, or to think that one even existed.

*******

I believe the above addresses your questions. Also, there were no suits pending against SSC in April 2013, as you stated.

3

Please let me know if you would like to discuss further.

Thanks.


Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
**Sent:** Thursday, October 01, 2015 2:38 PM
**To:** Matt H. Cline; C. J. Gideon; Chris J. Tardio
**Cc:** Chalos, Mark P. (mchalos@lchb.com); Ben Gastel; Daniel Clayton (dclayton@KCBattys.com); George Nolan (gnolan@leaderbulso.com); Bill Leader (bleader@leaderbulso.com); Randy Kinnard (rkinnard@KCBattys.com)
**Subject:** SSC and Lister document production

Matt,

It recently came to our attention that there is a serious deficiency in SSC's and Dr. Lister's document production. Below are three documents produced by Calisher's that should have also been produced by SSC and Dr. Lister.

CAL-00019, which was identified as the drug formulary for Speciality Surgery that went into effect on 8-12-2010 was not produced by Specialty Surgery. This formulary remained in effect until April 2013 or after litigation had already commenced. This is very important because Depo-Medrol and MPA are not listed on this formulary.

CAL-00299 is an email from Gina Calisher to Jean Atkinson and Kim Bowlin dated April 1, 2013 – after litigation commenced – that attaches a modified drug formulary. The email notes that the additions requested by Jean were in bold and to check the spelling as she couldn't read some of the print. Gina later confirmed that the additions sent to her were handwritten and probably sent by fax.

CAL-00300 is the attachment to 00299 and includes the bold addition of Depo Medrol to the drug formulary.

SSC and Dr. Lister did produce "Exhibit 5" which asserts it is "SSC's "Pharmaceutical Services" policies". This was designated as a response to multiple RFPs and specifically RFP 50 which specifically asked for all handbooks in effect in 2012. Exhibit 5 includes an "approved medications" list Bates labeled SSC-00954. This document does not match CAL-00019 which Gina clearly testify was in effect until the 2013 modification and that Depo Medrol was only added in 2013. According to a 10-2-2012 email from Kim Bowlin to the executive committee the employees have all been instructed to not do anything outside the council [sic] of SVMIC. We assume that appropriate document retention was in place from at least this date, if not sooner.

Kent Krause told us very clearly that he was not involved in the document production and did not know of the existence of these documents until the Calisher's production. He stated that your office handled all of these productions.

We need to know:

1.   Why the three Calisher documents (CAL-00019 and CAL-00299-300) were not in your production to the PSC

2.     Why there were no documents authorizing modifications to the "approved medications" list by the Executive Committee

3.     Why there were no documents to Gina Calisher showing the modifications requested by Jean Atkinson

4.     Why there were no documents instructing Jean Atkinson to make the modifications

5.     Why there were no documents showing the modifications made by Jean Atkinson to CAL-00300 (to remove the bold and incorrect spelling of Demerol, etc)

6.     If the documents were intentionally withheld, why none of the withheld documents are on a privilege log

We believe that, at best, there exists a serious deficiency in the document collection, storage and production.  There are also issues with document destruction and withholding.  Please consider this an effort to meet and confer and given the tight deadlines in the case, please get back with me as soon as possible with full answers to these questions.

Gerard

J. Gerard Stranch, IV
The Freedom Center
223 Rosa L. Parks Blvd, Second Floor
Nashville, TN  37203
615-254-8801 - Telephone
615-255-5419 – Facsimile

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.