## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br><br>)<br>)<br>)<br>)<br>)<br>This Document Relates to:                              )<br>)<br>BERRY v. AMERIDOSE, LLC, et. al.          )<br>3:13-CV-12838                                          )<br>_____) | MDL No. 1:13-md-2419<br><br>Judge Rya Zobel |

## DEFENDANTS SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC'S, JOHN CULCLASURE, MD, AND DEBRA SCHAMBERG, RN, CNOR, RESPONSES TO PLAINTIFF FREDIA BERRY'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts, Saint Thomas Outpatient Neurosurgical Center, LLC, John Culclasure, MD, and Debra Schamberg, RN, CNOR, by and through undersigned counsel, provides the following Responses to Plaintiff Fredia Berry's First Set of Requests for Production of Documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.     Produce all documents sent to or received from the Plaintiff related to Plaintiff receiving MPA at Saint Thomas Neurosurgical.

**RESPONSE:**

> **OBJECTION. This Request is overbroad in that it requests "all documents" "related to" the Plaintiff without any reasonable limitation.**

> **Subject to and without waiving this objection, STOPNC sent letters to the Plaintiff regarding the potential contamination of the medication. Exemplar copies of these letters were produced in STOPNC's common discovery responses. *See* Response to Common Discovery Request for Production No. 15.**

2.     Produce all communications between Saint Thomas Neurosurgical and NECC (including its agents and sales representatives) that mention Plaintiff.

**RESPONSE:**

> **None.**

3.     Produce a copy of any communications (including emails, brochures, correspondence, prescriptions, order forms, invoices, and other documents) exchanged between anyone associated with Saint Thomas Neurosurgical and any governmental entity that mentions Plaintiff.

**RESPONSE:**

> **OBJECTION. This Request is vague in that it requests responsive documents exchanged between anyone "associated with" STOPNC, which could be interpreted multiple ways and is overly broad. Further, STOPNC already responded to this Request in its Responses to common discovery. *See* Response to Common Discovery Request for Production No. 26. Thus, the request is duplicative.**

2

4.      Produce a copy of all medical bills related to any product or service provided to Plaintiff.

**RESPONSE:**

> **OBJECTION. This Request seeks irrelevant information in that it requests medical bills related to "any product or service provided to Plaintiff," and it does not limit the Request to products or services related to the ongoing litigation.**

> **Subject to and without waiving this objection, Plaintiff should already possess a copy of the relevant bills.**

5.      Produce documents sufficient to identify the lot number and source of the MPA received by Plaintiff from Saint Thomas Neurosurgical.

**RESPONSE:**

> **Please refer to STOPNC's Response to Interrogatory No. 4.**

6.      Produce a copy of the prescription used by Saint Thomas Neurosurgical to obtain the MPA provided by Saint Thomas Neurosurgical to the Plaintiff.

**RESPONSE:**

> **Please refer to STOPNC's Response to Interrogatory No. 5.**

7.      Produce  a copy of all of Saint Thomas Neurosurgical's written policies, procedures and guidelines related to any product or service received by the Plaintiff from Saint Thomas Neurosurgical.

**RESPONSE:**

> **OBJECTION. The requested information was covered in common discovery and is not appropriate for case-specific discovery. *See* Response to Common Discovery Request for Production No. 18. Thus, the request is duplicative. It also covers every communication with counsel, which are privileged.**

8.      Produce a copy of all external communications between Saint Thomas Neurosurgical and any other person that mentions the Plaintiff.

**RESPONSE:**

> **OBJECTION. This request is overbroad and unduly burdensome in that it requests communications between STOPNC and "any other person that mentions the Plaintiff." That description is overly broad and does not allow for a reasonable response. It also covers every communication with counsel, which are privileged.**

> **Subject to and without waiving objection, counsel for STOPNC conducted additional searches of the ESI returned by the PSC's original search terms. No responsive communications were found.**

9.      Produce all communications between Saint Thomas Neurosurgical and Medicare, Blue Cross Blue Shield, United Healthcare, Tricare, Aetna, CIGNA, Humana, TennCare, and/or any other payor regarding the products or services received by the Plaintiff from Saint Thomas Neurosurgical.

**RESPONSE:**

> **OBJECTION. STOPNC previously produced an exemplar of its submission to the Plaintiffs' insurers in its Responses to the PSC's discovery requests. Thus, this request is duplicative. Further, this request asks for irrelevant information in that it is asking about communications with insurers uninvolved in payment for this Plaintiff's care.**

10.      Produce a copy of any contract between Saint Thomas Neurosurgical and Champ VA related to policy number 409117924.

**RESPONSE:**

> **OBJECTION. This Request seeks irrelevant information as there are no allegations of negligence related to any STOPNC contractual relationships with other insurers.**

**Subject to and without waiving this objection, after a reasonable search of STOPNC's records, counsel for STOPNC could not locate any responsive documents. STOPNC reserves the right to amend this answer, given that discovery is ongoing.**

11.    Produce a copy of any contract pursuant to which Saint Thomas Neurosurgical received payment from any payor for the products and/or services provided by Saint Thomas Neurosurgical to the Plaintiff.

**RESPONSE:**

**The requested documents were previously produced by the Saint Thomas Entities.**

12.    Produce all documents you or your counsel collected as part of the releases provided by the Plaintiff with her Plaintiff Profile Form.

**RESPONSE:**

**STOPNC hired a third-party vendor to collect medical records. STOPNC is willing to provide copies of the medical records if Plaintiff is willing to share the costs of doing so.**

13.    Produce all medical records of Plaintiff that are in your or your counsel's possession.

**RESPONSE:**

**STOPNC hired a third-party vendor to collect medical records. STOPNC is willing to provide copies of the medical records if Plaintiff is willing to share the costs of doing so.**

14.    Produce all documents you intend to use at trial.

**RESPONSE:**

**OBJECTION. This Request seeks documents protected by the work-product doctrine. It is also overbroad in that it asks for the**

Defendants' counsel's entire litigation file. Additionally, this Request is outside the permissible scope of Federal Rule of Civil Procedure 34. *See Kyker v. Malone Freight Lines,* 17 F.R.D. 393, 395 (E.D. Tenn. 1955)(holding that defendants should not be required during pretrial discovery to turn over to the plaintiff, in advance of trial, the evidence that they expect to rely on as a defense to the suit at trial).

Without waiving these objections, the Defendants may use any document obtained or disclosed during discovery of these cases at trial plus any documents it obtains on its own relevant to the cases.

15.    Produce for inspection any vials of NECC products or any other medical equipment or products used by Saint Thomas Neurosurgical in providing any epidural steroid injection to the Plaintiff.

RESPONSE:

OBJECTION. The Request to inspect STOPNC's equipment can only be meant to annoy or harass STOPNC by attempting to disrupt STOPNC's treatment of patients to permit an inspection of the premises. The supplies and equipment other than the NECC MPA are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection, Defendants do not possess any full or empty vials of NECC products.

16.    Produce all contracts between Saint Thomas Neurosurgical and any entity related to Saint Thomas Neurosurgical's relationship with the physician that performed Plaintiff's epidural steroid injections.

RESPONSE:

OBJECTION. This request is vague in that it requests contracts between STOPNC and "any entity related to" STOPNC, which could be interpreted multiple ways and is overly broad. Subject to and without waiving this objection, STOPNC previously produced Dr. Culclasure's employment contract with Howell Allen. *See John W. Culclasure, MD's Response to the PSC's Request for Production No. 13.*

6

Dated: December 15th, 2015.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Matthew H. Cline
C.J. Gideon, Jr.*
Chris J. Tardio*
Alan S. Bean**
Matthew H. Cline*
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was provided via U.S. Mail, postage prepaid, on the 15th day of December, 2015 to the following counsel:

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS, PLLC
The Freedom Center, Suite 200
223 Rosa L. Parks Avenue
Nashville, TN 37203
**Attorneys for Plaintiffs**

Yvonne Puig
Marcy H. Greer
Eric J. Hoffman
FULBRIGHT & JAWORSKI, LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
**Attorneys for Saint Thomas**

Mark Chalos
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
**Attorneys for PSC**

All other counsel will be served by virtue of these requests being uploaded to the discovery repository.

/s/ Matthew H. Cline
Matthew H. Cline