# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) |
| | ) MDL No. 1:13-md-2419 |
| | ) |
| This Document Relates to: | ) Judge Rya Zobel |
| | ) |
| All Actions Against The Saint Thomas Entities and Saint Thomas Outpatient Neurosurgical Center, LLC | ) ) ) |

## PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO MOTION TO AMEND THE CURRENT SCHEDULE AND JOINDER MOTION [DKT NOS. 2549 AND 2563]

The Plaintiffs' Steering Committee ("PSC") files this Response to the Motion to Amend the Current Schedule and Joinder Motion filed by the Saint Thomas Entities (Dkt. No. 2549) and the Saint Thomas Outpatient Neurosurgical Defendants (Dkt. No. 2563).

## PSC COUNTERPROPOSAL

The Saint Thomas Entities largely seek a 90 day extension on all deadlines in the case specific schedule.[1]  The Saint Thomas Neurosurgical Defendants largely seek a similar schedule, with certain modifications, mainly concerning the disclosure of case-specific expert reports.[2]  The PSC proposes the following alternative schedule than the one offered by the Defendants and includes as Exhibit A an order incorporating these deadlines:

---

[1] Dkt. No. 2550
[2] Dkt. No. 2563 at P. 6-7.

| Event | Old Deadline | New Deadline |
|---|---|---|
| Deadline for Written Discovery | December 14, 2015 | December 14, 2015 |
| Plaintiffs' Opening Common Expert Reports Due | December 16, 2015 | December 16, 2015 |
| Completion of Plaintiffs' Depositions | January 8, 2016 | January 31, 2016 |
| Deadline for Execution of Bellwether Strikes and Joint Filing of Summary of Remaining Bellwether Cases | January 15, 2016 | February 7, 2016 |
| Defendants' Rebuttal Common Expert Reports Due | January 15, 2016 | January 15, 2016 |
| Plaintiffs' Case-Specific Expert Reports Due | January 22, 2016 | March 7, 2016 |
| Plaintiffs' Reply Common Expert Reports Due | January 29, 2016 | January 29, 2016 |
| Defendants' Case-Specific Expert Reports Due | February 5, 2016 | March 21, 2016 |
| Close of Common Expert Discovery | February 19, 2016 | March 28, 2016 |
| Daubert Motions Due | February 19, 2016 | April 18, 2016 |
| Close of Case Specific Discovery | March 4, 2016 | April 18, 2016 |
| Deadline for Completion of Mediation | N/A | March 26, 2016 |

The above schedule largely extends major discovery deadlines by approximately 45 days, with certain exceptions. First, there is no reason whatsoever to extend common expert discovery deadlines. The PSC already disclosed its expert reports on December 16, 2015, in accordance with the Court's prior orders on this issue. This deadline has been looming, with at least one extension so far, for over six months. Any attempt by the defendants to now obtain a further extension, after the PSC has already disclosed its opening reports, is unwarranted, unnecessary and provides the Defendants an unfair advantage.

Second, and less importantly, the PSC does not believe that it is necessary to extend some of the deadlines a full 45 days (i.e. bellwether strikes and completion of individual plaintiff depositions). Approximately 21 day extension on these deadlines seems appropriate and workable.

The PSC had proposed the above schedule to the Defendants[3] prior to filing this response, but has not been able to work out an agreed upon schedule, and the PSC submits the above-approach is more consistent with the needs of this case and the procedural background.

## PROCEDURAL BACKGROUND

The Defendants' request for a 90 day extension purportedly stems from the work that is required to prepare 12 cases for trial.[4] The Defendants claim there is simply not enough time to complete the level of work needed for such a large amount of cases within the current timeframe and at least with regard to the Saint Thomas Outpatient Neurosurgical Center, an outright admission that it has not appropriately staffed these cases for the level of work required.[5]

---

[3] The PSC did make some minor modifications to the schedule it is now proposing due to requests from the Defendants.

[4] The original bellwether pool consisted of 8 picks per side, which the parties made on August 14, 2015. Dkt. Nos. 2174 and 2175. There was one case selected by both parties, leaving the total bellwether pool to 15. Defendants then struck the two death cases selected by the PSC prior to case-specific discovery commencing in any of these bellwether selections. Dkt. No. 2337. One of these cases is the Wayne Reed case, which still has pending a separate motion to set this case for trial given Mr. Reed's circumstances. Dkt. No. 1882 and 1883. Several plaintiffs then dismissed their individual cases, including two plaintiffs that had been in the bellwether pool. *See e.g. Ferguson v. Ameridose*, Case No. 1:13-cv-12571-RWZ, Dkt. Nos. 56 and 57.

[5] Dkt. No. 2563 at n. 5 ("The undersigned counsel has approximately 15 attorneys at his firm, many of whom work on these cases. However, it is simply not possible to bring additional attorneys up-to-speed on a case of this complexity, with hundreds of thousands of pages of documents and dozens of deposition transcripts, quickly enough for them meaningfully participate in the upcoming depositions or discovery. Thus, counsel for the STOPNC Defendants are attempting to juggle case-specific discovery in 11 separate cases along with common expert discovery on an extremely compressed timeline, which, of course, was the PSC's goal in requesting this schedule. The bellwether Plaintiffs do not have this problem, as they are represented by separate firms who are only required to focus on an individual case or two.")

These Defendants fail to mention that the current work load and schedule is a making largely of their own creation. First, in August when the parties selected cases for the bellwether pool, the PSC insisted that case-specific discovery commence immediately. The Defendants refused for no meaningful reason, meaning that they lost approximately 90 days (the same amount of time in the requested extension) to conduct the discovery they claim they now do not have time to do.[6]

Additionally, the PSC moved to shrink the bellwether pool to a more manageable number of cases to 8, instead of the current 12.[7] The Defendants opposed this plan and insisted on the current structure.[8]

In short, the Defendants are the architect of the current structure that requires preparing 12 cases for trial in the current discovery window. They had the option of beginning discovery on these cases months before they did and had the opportunity to agree to a structure of reducing the available pool. They chose to ignore both such invitations from the PSC, and now seek relief from this Court for those choices. The Court should deny such relief and enter the order proposed by the PSC and attached hereto.

Date: January 13, 2016                    Respectfully submitted:

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSTETTER, STRANCH &
JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419

---

[6] Dkt. No. 2342 at P. 2.
[7] Dkt. No. 2342.
[8] Dkt. No. 2340 and 2430.

gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com
*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Annika K. Martin
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson  Street, 8th Floor
New York, NY  10013
Telephone:  212/355-9500
Facsimile:  212/355-9592
akmartin@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM

6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   January 13, 2016

/s/ Benjamin A. Gastel
Benjamin A. Gastel