UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) All Suits Against the Saint Thomas Entities ) ) ) ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

### Notice of Deposition and Subpoena Duces Tecum

Defendants, Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network (collectively the "Saint Thomas Entities"), pursuant to Federal Rules of Civil Procedure 30 and 34, come now and give notice that the oral and videotaped deposition of Plaintiffs' designated expert, James L. Gray, III, will be taken on **February 16, 2016**, beginning at 9:00 a.m. (CST) and continuing until completed.

The deposition will take place at 12747 Olive Boulevard, Suite 300, Saint Louis, MO 63141. The deposition will be recorded by stenographical means and by video. Attached as **Exhibit A** is a subpoena duces tecum. Please produce all responsive documents by no later than February 9, 2016.

1

| | |
|---|---|
| January 14, 2016 | Respectfully submitted,<br><br> /s/ Sarah P. Kelly<br>Sarah P. Kelly (BBO #664267)<br>skelly@nutter.com<br><br>NUTTER McCLENNEN & FISH LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210<br>(617) 439-2000<br>(617) 310-9461 (FAX) |

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 14th day of January, 2016.

>　　　　　　　　　　　　　　　*/s/     Sarah P. Kelly*
>　　　　　　　　　　　　　　　　　　Sarah P. Kelly

# Exhibit A
# Subpoena Duces Tecum

Pursuant to the Federal Rules of Civil Procedure, this will also serve as a request for the Deponent, expert witness James L. Gray, III, to produce the following documents on February 9, 2016, seven days in advance of his deposition date.

1. Your current resume and CV summarizing your professional qualifications, publications and presentations you have given.

2. Any and all bibliographies of your publications and/or research not included in your resume or curriculum vitae.

3. Any and all articles, publications or other materials you have provided, or for which you have provided citations or other identifying information, to Plaintiffs' counsel and/or any witness in connection with this case.

4. Your entire file in connection with your investigation and/or evaluation of the issue involved in this lawsuit.

5. A copy of your fee schedule and all time records, diaries and/or billing records prepared in connection with you review, investigation and evaluation of the issues involved with this lawsuit.

6. All documents furnished to you for review with reference in this case.

7. All documents you have or will review, refer to or rely upon in arriving at any of your opinions or conclusions, specifically including your opinions in your expert report concerning the issues involved in this lawsuit, including by not limited to all scientific, medical, and/or technical articles, publications, literature, codes, standards, regulations, and guidelines, cited therein, if not already provided in response to Request No. 4, above.

8. All articles, books, journals, or references which are or may be relevant to this lawsuit and which you consider to be reliable or authoritative.

9. Any and all documents or other materials which you contend or will contend in any way discredit or contradict the opinions and/or conclusions of any Defendants' testifying experts and/or which you may use or refer to in any criticisms or disagreements with the opinions and/or conclusions of any of Defendants' testifying experts.

10. All models, illustrations, photographs, other exhibits or documents of any kind which you may use to explain, illustrate or support your testimony at the trial of this case.

11. A list of all legal cases in which you have rendered any opinion in the past five (5) years, including the cause number, style of cause and the name of the attorney who retained you.

12. Any and all reports, diagrams, charts, records, graphs, notes, memoranda, correspondence, compilation of data or any writings or documentation of any kind or description (including but not limited to drafts and copies with notations or markings), that you have prepared in this case and/or have reviewed and/or used and/or relied upon in forming your opinions in this case, if not already contained in your file responsive to Request No. 4.

13. All tangible reports, compilations of data or other material prepared by any consulting expert which have been reviewed by you and/or which forms a basis either in whole or in part of your opinions in this case.

14. Copies of any and all contracts or agreements between you and any law firm representing any Plaintiff herein which concerns this case and/or your providing expert services in legal cases.

15. Any and all documents or other materials which you contend or will contend in any way support your contention in the addendum of your report that you are familiar with "the recognized standards of acceptable professional practice applicable to the practice of pharmacy in St. Louis, Missouri during the relevant times periods . . ." from the addendum to your report.

16. Any and all documents or other materials on which you rely as Executive Director of Pharmacy at Barnes-Jewish Hospital to comply with the recognized standards of acceptable professional practice applicable to the practice of pharmacy.

17. Any and all documents or other materials which you contend or will contend in any way support your contention in the addendum of your report that you are "familiar with the recognized standards of acceptable professional practice for the operation of a health system pharmacy in St. Louis, Missouri during the relevant times periods . . ." from the addendum to your report.

18. Any and all documents or other materials on which you rely as Executive Director of Pharmacy at Barnes-Jewish Hospital to comply with the recognized standards of acceptable professional practice for the operation of a health system pharmacy.

19. Any and all documents or other materials which you contend or will contend in any way support your contention that you are familiar with "the appropriate standard of care for producing drugs for use in patients and oversight and supervision of different operating entities of a health system such as Barnes-Jewish Hospital" from the addendum to your report.

20. Any and all documents or other materials on which you rely as Executive Director of Pharmacy at Barnes-Jewish Hospital to comply with the appropriate standard of care for producing drugs for use in patients at Barnes-Jewish Hospital.

21. Any and all documents or other materials on which you rely as Executive Director of Pharmacy at Barnes-Jewish Hospital to comply with the appropriate standard of care for oversight and supervision of different operating entities of Barnes-Jewish Hospital.

22. Any and all documents or other materials which you contend or will contend in any way support your contention on page 9 of your report that Saint Thomas Health, Saint Thomas Network, and St. Thomas Hospital "failed to take appropriate steps to insure that appropriately trained personnel were in place at [STOPNC] to protect the safety of patients with regard to the procurement of steroids for use in ESIs."

23. Any and all documents or other materials on which you rely as Executive Director of Pharmacy at Barnes-Jewish Hospital to insure that appropriately trained personnel are in place to protect the safety of patients with regard to the procurement of drugs at Barnes-Jewish Hospital.

24. Any and all documents or other materials on which you rely as Executive Director of Pharmacy at Barnes-Jewish Hospital to insure that appropriately trained personnel are in place to protect the safety of patients with regard to the procurement of drugs at facilities owned, in part or in whole, by Barnes-Jewish Hospital.

25. Any and all documents or other materials which you contend or will contend in any way supporting your contention on page 10 of your report that "[t]he failure by the Saint Thomas Health system . . . to make sure that medications were not purchased from compounding pharmacies, in bulk and without individual prescriptions, fell below the standard of care and was negligent and reckless."

26. Any and all documents or other materials on which you rely as Executive Director of Pharmacy at Barnes-Jewish Hospital to make sure that medications are not purchased from compounding pharmacies by any facility owned, in part or in whole, by Barnes-Jewish Hospital.

27. Any and all documents or other materials on which you rely as Executive Director of Pharmacy at Barnes-Jewish Hospital to make sure medications are not purchased from compounding pharmacies in bulk and without individual prescriptions by any facility owned, in part or in whole, by Barnes-Jewish Hospital.

28. Any and all documents or other materials which you contend or will contend in any way support your contention on page 9 of your report that "Productions from compounding pharmacies are inherently less safe and more risky than FDA approved drugs made by licensed pharmaceutical manufacturers."

29. Any and all documents or other materials which you contend or will contend in any way support your contention on page 9 of your report that NECC "could not lawfully sell compounded drugs except in response to an individual prescription based upon the prescriber-patient-pharmacist relationship."

30. Any and all documents or other materials which you contend or will contend in any way support your contention on page 9 of your report that "NECC could not sell compounded drugs in bulk."

31. Any and all organizational or corporate charts from the years 2011 and 2012 showing Barnes-Jewish Hospital's ownership and investment interests.

3023552.1