## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419 Dkt. No. 1:13-md-2419 (RWZ) |

THIS DOCUMENT RELATES TO:

CRAIG S. SIMAS,
JOAN SIMAS
      Plaintiff(s),

v.

OCEAN STATE PAIN MANAGEMENT
P.C., ABDUL BARAKAT, M.D.

      Defendants

CIVIL ACTION NO. 1:13-cv-10943-RWZ

---

### AFFIDAVIT OF TIMOTHY P. WICKSTROM, ESQ. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE MOTION OF DEFENDANTS, ABDUL BARAKAT, M.D. AND OCEAN STATE PAIN MANAGEMENT, P.C. TO DISMISS PRODUCT LIABILITY AND CONSUMER PROTECTION CLAIMS OF THE PLAINTIFFS

I, Timothy P. Wickstrom, on oath, do hereby depose and say under the pains and penalties of perjury the following:

1.      I am counsel of record for the plaintiffs, Craig and Joan Simas.

2.      On or about April 17, 2015, plaintiffs served discovery upon Ocean State Pain Management, P.C.  This discovery included Requests for Admissions, Interrogatories and Requests for Production of Documents.  Copies of the discovery are attached hereto as Exhibit A.

3.      The discovery propounded on Ocean State specifically inquires about the existence of any prescription for the methylprednisolone acetate ("MPA") provided to Craig Simas.  See Requests for Admission, #7, #8, #10; Interrogatory #13.f; Document Request #5.

4.     The discovery propounded on Ocean State also seeks to determine the process by which Ocean State made its decision to purchase MPA from New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC").  See Interrogatory #8.  Such discovery would allow plaintiffs to uncover facts regarding the amount of MPA purchased by Ocean State, the dates on which such orders were placed, and the dates on which such orders were received.  Plaintiffs have also sought information regarding "the process by which Ocean [State] made the decision to engage in business with NECC."  See Interrogatory #10.  In addition, the discovery seeks copies of purchase orders, invoices and shipping documents for the MPA purchased from NECC by Ocean State.  See Document Request #6.  These discovery requests speak directly to the issue of possible bulk-ordering and the alleged failure of Ocean State to provide a prescription for the MPA, both of which violate Massachusetts and federal law.

5.     Ocean State has not responded to the discovery requests.   See Letter attached as Exhibit B.

6.     Plaintiffs submit that the allegations of the Second Amended Master Complaint and the Second Amended Short Form Complaint Against Unaffiliated Defendants are sufficient to survive defendants' motion to dismiss.  Discovery, however, may yield additional relevant facts to be pleaded.  Accordingly, the Plaintiffs request that the Court deny the instant Motion, or, in the alternative, reserve judgment on the motion until discovery is completed.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS  15th DAY OF JANUARY, 2016.

                                        /s/ Timothy P. Wickstrom

                                        _____
                                        Timothy P. Wickstrom

### Certificate of Service

        This is to certify that on the 15th day of January, 2016 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        /s/ Timothy P. Wickstrom

                                        _____
                                        Timothy P. Wickstrom

# EXHIBIT "A"

# WICKSTROM MORSE, LLP
## Counselors at Law

Timothy P. Wickstrom
Elizabeth W. Morse
Thomas J. Wickstrom
Mark P. Wickstrom
Mary Patricia Wickstrom
Deborah Gresco-Blackburn

Of Counsel: John A. Wickstrom

60 Church Street
Whitinsville, MA 01588
Tel: (508) 234-4551
Fax: (508) 234-8811

Other Offices:
6 N. Main Street
Uxbridge, MA 01569
Tel: (508) 267-4500
Fax: (508) 278-9850

446 Main Street, 21st Floor
Worcester, MA 01608
Tel: (508) 756-7740
Fax: (508) 756-9740

Please respond to the Whitinsville Office

April 17, 2015

<u>By Electronic and First Class Mail</u>
Sean Capplis, Esq.
Capplis, Connors & Carroll, PC
18 Tremont Street, Ste 220
Boston, MA  02108

RE:    Craig and Joan Simas v. Unifirst Corporation d/b/a Uniclean Cleanroom Services and Ocean
       State Pain Management, No.: 1-13-cv-10943-RWZ

Dear Attorney Capplis:

        I have enclosed the following discovery in the above-referenced matter:

        Requests for Admissions Propounded by Plaintiff Craig S. Simas to Defendant Ocean
State Pain Management, PC;
        Interrogatories Propounded by Plaintiff Craig S. Simas to Defendant Ocean State Pain
Management, PC;
        Plaintiff Craig S. Simas' Request for Production of Documents to Ocean State Pain
Management, PC.

        Please contact me with any questions.

                                               Very truly yours,

                                               Timothy P. Wickstrom (DGG)

                                               Timothy P. Wickstrom

Cc: Roberto Braceras, Esq.

TPW/tdg
enclosures

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-10943-RWZ

:

| | |
|---|---|
| CRAIG S. SIMAS,<br>JOAN SIMAS | : |
| | : |
| Plaintiff(s), | : |
| | : |
| v. | : |
| | : |
| UNIFIRST CORPORATION, A/D/B/A<br>UNICLEAN CLEANROOM<br>SERVICES, OCEAN STATE<br>PAIN MANAGEMENT, INC. | : |
| | : |
| | : |
| | : |
| Defendants. | : |

MDL No. 2419
Master Docket No. 1:13-md-2419-RWZ

Honorable Rya Zobel

<u>REQUESTS FOR ADMISSIONS
PROPOUNDED BY PLAINTIFF
CRAIG S. SIMAS TO DEFENDANT
OCEAN STATE PAIN MANAGEMENT,
PC</u>

  Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Craig Simas hereby requests that the Defendant, Ocean State Pain Management, PC (referred to in the caption as Ocean State Pain Management, Inc. hereinafter referred to as "Ocean State") admit the truth of the following statements within 30 (thirty) days after service of these Requests.

<u>REQUESTS FOR ADMISSIONS</u>

1. Craig Simas was injected at Ocean State Pain Management on September 15, 2012 with methylprednisolone acetate from Lot 05212012@68 compounded by New England Compounding Pharmacy.
2. Craig Simas was injected at Ocean State Pain Management on September 22, 2012 with methylprednisolone acetate from Lot 05212012@68 compounded by New England Compounding Pharmacy.
3. Craig Simas was injected at Ocean State Pain Management on September 15, 2012 with methylprednisolone acetate from Lot 06292012@26 compounded by New England Compounding Pharmacy.
4. Craig Simas was injected at Ocean State Pain Management on September 22, 2012 with methylprednisolone acetate from Lot 06292012@26 compounded by New England Compounding Pharmacy.
5. Craig Simas was injected at Ocean State Pain Management on September 15, 2012 with methylprednisolone acetate from Lot 08102012@51 compounded by New England Compounding Pharmacy.
6. Craig Simas was injected at Ocean State Pain Management on September 22, 2012 with methylprednisolone acetate from Lot 08102012@51 compounded by New England

Compounding Pharmacy.

7. Ocean State does not have a prescription for methylprednisolone acetate for Craig Simas.

8. No agent, employee, or representative of Ocean State ever wrote a prescription for methylprednisolone acetate for Craig Simas.

9. Dr. Abdul Barakat had a doctor-patient relationship with Craig Simas in September of 2012.

10. Dr. Abdul Barakat did not write a prescription for methylprednisolone acetate for Craig Simas.

11. Dr. Abdul Barakat injected Craig Simas on September 15, 2012 with methylprednisolone acetate from Lot 05212012@68 compounded by New England Compounding Pharmacy.

12. Dr. Abdul Barakat injected Craig Simas on September 22, 2012 with methylprednisolone acetate from Lot 05212012@68 compounded by New England Compounding Pharmacy.

13. Dr. Abdul Barakat injected Craig Simas on September 15, 2012 with methylprednisolone acetate from Lot 06292012@26 compounded by New England Compounding Pharmacy.

14. Dr. Abdul Barakat injected Craig Simas on September 22, 2012 with methylprednisolone acetate from Lot 06292012@26 compounded by New England Compounding Pharmacy.

15. Dr. Abdul Barakat injected Craig Simas on September 15, 2012 with methylprednisolone acetate from Lot 08102012@51 compounded by New England Compounding Pharmacy.

16. Dr. Abdul Barajat injected Craig Simas on September 22, 2012 with methylprednisolone acetate from Lot 08102012@51 compounded by New England Compounding Pharmacy.

17. Ocean State sold methylprednisolone acetate to Craig Simas in September of 2012.

18. The methylprednisolone acetate injected into Craig Simas by Dr. Abdul Barakat on September 15, 2012 at Ocean State was contaminated.

19. The methylprednisolone acetate injected into Craig Simas by Abdul Barakat on September 22, 2012 at Ocean State was contaminated.

20. The methylprednisolone acetate injected into Craig Simas by Dr. Abdul Barakat on September 15, 2012 at Ocean State was contaminated with the fungus Exserohilum rostratum.

21. The methylprednisolone acetate injected into Craig Simas by Dr. Abdul Barakat on September 22, 2012 at Ocean State was contaminated with the fungus Exserohilum rostratum.

22. The methylprednisolone acetate injected into Craig Simas by Dr. Abdul Barakat on September 15, 2012 was contaminated, was not fit for the ordinary purposes for which such goods are used, and was not fit for the uses and purposes intended by Ocean State.

23. The methylprednisolone acetate injected into Craig Simas on September 22, 2012 was contaminated, was not fit for the ordinary purposes for which such goods are used, and was not fit for the uses and purposes intended by Ocean State.

24. Attached as Exhibit A is a true and accurate copy of the Centers for Disease Control & Prevention ("CDC") report for Specimen ID: 2013708702 regarding Craig Simas which was printed on 11/19/2012.

25. In Exhibit A, the result for the test for "PCR for fungal detection" is listed as "positive for Exserohilum."

26. Attached as Exhibit B is a true and accurate copy of the CDC for Specimen ID: 2013708702 regarding Craig Simas which was printed on 4/30/2014.

27. In Exhibit B, the result for the test for "Real-time PCR for Exserohilum detection" is listed as "Positive for Exserohilum."

Craig S. Simas
By his attorney,

Timothy P. Wickstrom
BBO #541953
Wickstrom Morse, LLP
60 Church Street
Whitinsville, MA 01588
Ph: (508) 234-4551
Fax: (508) 234-8811
timothy@wickstrommorse.com

## CERTIFICATE OF SERVICE

I, Timothy P. Wickstrom, hereby certify that I have served a copy of the foregoing document on the defendants by forwarding same, via electronic and first class mail on this / day of  April, 2015 to:

Sean Capplis                          Roberto Braceras
Capplis, Connors & Carroll, PC        Goodwin Procter, LLP
18 Tremont Street, Suite 220          Exchange Place
Boston, MA 02108                      53 State Street
                                      Boston, MA 02109

Timothy P. Wickstrom, Esq.
Wickstrom Morse, LLP
60 Church Street
Whitinsville, MA  01588
508-234-4551
BBO# 541053
Timothy@Wickstrommorse.com

# EXHIBIT "A"

11/27/2012 10:25 FAX 4012224672      RI HEALTH LABORATORY      → DISEASE CONTROL      ☑001



### Centers for Disease Control & Prevention
#### National Center for Zoonotic, Vector-borne, and Enteric Diseases
#### Division of Foodborne, Bacterial, and Mycotic Diseases
#### CLIA ID # 11D0668319

#### Fungal Identification



**Report Status: Final**

### CDC Specimen ID:  2013708702

| Submitter to CDC: | Original Submitter: |
|---|---|
| Rhode Island Department of Health<br>50 Orms Street<br>Providence, Rhode Island  02904-2283<br><br>Contact: Toby Bennet  Ph: 401-222-5586 | Philip Lucas MD          457-1565<br>Rhode Island Hospital<br>593 Eddy St.<br>Providence, Rhode Island  02903<br><br>Contact: Philip Lucas MD  Ph: 401-444-4000 |

Patient: **Simas, Craig**

Submitter Specimen Identifiers:

CDC Outbreak ID: RI-03

State Health Department  RI-12-126-SP

*PCP*

*4/30/12 Dr Lucas, Dr Cunha & OSPM notified 03*

Specimen: **Fluid**
Other(Specify): **Epidural**

Date sent to CDC: **11/14/2012**
Date Received: **11/15/2012**
Date Reported: **11/19/2012**

Type of Specimen: **Fungal Meningitis Outbreak 2012**

| Test | Result |
|---|---|
| PCR for fungal detection | Positive for Exserohilum |

*— Abscess at injection site*

### DISCLAIMER - RESEARCH PROCEDURE
PCR for fungal detection is a research test. This test has not been cleared or approved by the FDA. The performance characteristics have not been established. The results of this test should not be used for the diagnosis, treatment, or assessment of patient health or management.

RECEIVE[D]
NOV 2 7 2012

FAXED
NOV 27 2012
By _____

RECEIVED
NOV 27 2012
BY: _____

Reviewed by: Mary E. Brandt, Ph.D.
Fungus Reference Unit
Phone: 404-639-3281
Fax: 404-639-3021
Email: mbb4@cdc.gov

Revision History: No previous reports.

Confidentiality, security, and integrity of patient data should be maintained in accordance with CLIA and HIPAA.

Date Printed: 11/19/2012

# EXHIBIT "B"

05/06/2014   09:55   4012224572          RIHEALTH MICRO                    PAGE   03/89



Centers for Disease Control & Prevention

Fungal Identification Laboratory

| Patient Name: Simas, Craig | | |
|---|---|---|
| Sex: | Birthdate: | Age: |

Public Health / International Submitter IDs

Patient ID:                                                    Alt. Patient ID:

Specimen ID:                                                  Alt. Specimen ID:

| CDC Specimen ID: 2013708702 | CDC Unique ID: N8K6QG0R |
|---|---|

State Health Department: RI-12-126-SP

*Type of Specimen:* Fungal Meningitits Outbreak 2012

| Test | Result |
|---|---|
| PCR for fungal detection | Positive for Exserohilum |
| Real-time PCR for Exserohilum detection | Positive for Exserohilum |

DISCLAIMER - RESEARCH PROCEDURE

PCR for fungal detection is a research test. This test has not been cleared or approved by the FDA. The performance characteristics have not been established. The results of this test should not be used for the diagnosis,treatment,or assessment of patient health or management.

Comments:

This report has been amended to reflect the addition of a new real-time PCR assay for Exserohilum.

Approved by:      Mary E. Brandt, Ph.D.
                  Ph: 404-639-0281
                  Fax: 404-639-3021
                  E-mail: MBrandt@cdc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-10943-RWZ

CRAIG S. SIMAS,
JOAN SIMAS
 

     Plaintiff(s),

v.

UNIFIRST CORPORATION, A/D/B/A
UNICLEAN CLEANROOM
SERVICES, OCEAN STATE
PAIN MANAGEMENT, INC.

     Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

:

MDL No. 2419
Master Docket No. 1:13-md-2419-RWZ

Honorable Rya Zobel

**INTERROGATORIES PROPOUNDED
BY PLAINTIFF CRAIG S. SIMAS TO
DEFENDANT OCEAN STATE PAIN
MANAGEMENT, PC.**

     The Plaintiff, Craig S. Simas, in the above-entitled matter hereby propounds, pursuant to the Federal Rules of Civil Procedure 33, to the Defendant Ocean State Pain Management, PC (referred to in the caption as Ocean State Pain Management, Inc. hereinafter referred to as "Ocean State").

1.    Please state your full name, date of birth, residential address, business or occupation and business address and your relationship with the defendant Ocean.

2.    Please state the names and addresses of the persons with whom you have consulted in connection with preparing answers to these interrogatories.

3.    Please identify your company by providing the following:
       a.    The full and exact legal name in which your charter or articles are issued;
       b.    The date and place or places of incorporation;
       c.    The corporate number or other designation assigned by the state of incorporation at the time of incorporation;
       d.    The name, business and residence address, and telephone number of each of the individuals presently serving as officers of the company;
       e.    The legal address of your corporate headquarters;
       f.    The address of your principal place of business at the time of the occurrence on September 15, 2012;
       g.    The address of your principal place of business at the present time; and
       h.    The date upon which you began transacting business in Massachusetts.

4.    Please specifically state the primary business purpose of your company.

5.    Identify the specific date or dates on which you received any communication from the Centers for Disease Control and Prevention ("CDC"), the Food and Drug Administration ("FDA") or any other federal agency or department concerning New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), the sale or purchase of products from NECC by Ocean State, the sale or purchase of epidural steroid injections from NECC by Ocean State, and/or the sale or purchase of methylprednisolone acetate from NECC by Ocean State and identify the type of communication (i.e. letter, fax, electronic mail, etc.)

6.    Identify the specific date or dates on which you received any communication from the State of Rhode Island, Department of Health or any agency from the State of Rhode Island, concerning New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), the sale or purchase of products from NECC by Ocean State, the sale or purchase of epidural steroid injections from NECC by Ocean State, the sale or purchase of methylprednisolone acetate from NECC by Ocean State and/or Craig Simas and identify the type of communication (i.e. letter, fax, electronic mail, etc.)

7.    Identify the specific date or dates on which you received any communication from the Commonwealth of Massachusetts, Department of Health or any agency from the State of Massachusetts, concerning New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), the sale or purchase of products from NECC by Ocean State, the sale or purchase of epidural steroid injections from NECC by Ocean State, the sale or purchase of methylprednisolone acetate from NECC by Ocean State and/or Craig Simas and identify the type of communication (i.e. letter, fax, electronic mail, etc.)

8.    Describe the process by which Ocean State ordered and purchased methylprednisolone acetate from NECC from June through September 2012, including, but not limited to:

        a.    The date or dates on which such order or purchase was placed;
        b.    The specific product ordered or purchased on such date;
        c.    The amount of product ordered or purchased on such date;
        d.    The name, address, and title of the person who made such order or purchase;
        e.    The form of such order or purchase (i.e. telephone call, facsimile, electronic mail, purchase order, etc.);
        f.    The date or dates on which such order or purchase was received by Ocean State and the location at which such order or purchase was received.

9.    Identify the date on which Ocean State first began to do business with NECC.

10.    Describe in detail the process by which Ocean made the decision to engage in business with NECC including, but not limited to, the name, address and title of the person who made such decision, the products purchased by Ocean State from NECC, and the nature of the business relationship between Ocean State and NECC.

11.   Identify the Lot number associated with the NECC product injected into Craig Simas on September 15, 2012.

12.   Identify the Lot number associated with the NECC product injected into Craig Simas on September 22, 2012.

13.   Explain the process by which Ocean State determined that the treatment received by Craig Simas would include injection of a product from NECC including, but not limited to:

     a.   The name, address and title of the person at Ocean State who made such determination;

     b.   The date or dates on which such person made this determination;

     c.   The name, address and title of the person who administered each injection(s);

     d.   How did this person decide that an NECC product would be administered to Craig Simas;

     e.   Were other products considered and, if so, what were these other products;

     f.   Was a prescription written for Craig S. Simas and, if so, by whom?

14.   Please state whether your company has obtained statements in any form, from any person, regarding any of the events, happenings, or injuries outlined in the complaint.

15.   If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

     a.   The name, business and residence address, and job title if applicable, of the person who gave such statement;

     b.   The date upon which such statement was taken;

     c.   The name, business and residence address, and telephone number of the person who took such statement;

     d.   The name, business and residence address, and telephone number of any person present when such statement was taken;

     e.   The type of statement, whether oral, written, or recorded; and

     f.   The name, business and residence address, and telephone number of the current custodian of any statement referred to in your answers to the foregoing subparts of this interrogatory.

16.   Please indicate, by full name and address, any person whom your company intends to call as a witness at the trial of this case and give a brief summary of their proposed testimony.

17.   With reference to those experts whom you expect to have testify at the trial of this case, including, but not limited to any medical experts whom you expect to have testify, please state fully and completely:

     a.   The name and address of each such expert;

  b. A description as to the subject matter each such expert will testify to at the trial;

  c. As to each such expert, please state fully and completely the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

18. At the time of the incident referred to in the plaintiff's complaint, did your company have any insurance coverage whereby insurance will be available to satisfy all or a part of any judgment which may be entered against your company in this action and if so specify the name of the insurance company and the amount of the coverage, including any excess or umbrella coverage.

       Craig S. Simas
       By his attorney,

       Timothy P. Wickstrom
       BBO #541953
       Wickstrom Morse, LLP
       60 Church Street
       Whitinsville, MA 01588
       Ph: (508) 234-4551
       Fax: (508) 234-8811
       timothy@wickstrommorse.com

CERTIFICATE OF SERVICE

I, Timothy P. Wickstrom, hereby certify that I have served a copy of the foregoing document on the defendants by forwarding same, via electronic and first class mail on this 17 day of April, 2015 to:

Sean Capplis                                    Roberto Braceras
Capplis, Connors & Carroll, PC                  Goodwin Procter, LLP
18 Tremont Street, Suite 220                    Exchange Place
Boston, MA 02108                                53 State Street
                                                Boston, MA 02109

                                                Timothy P. Wickstrom, Esq.
                                                Wickstrom Morse, LLP
                                                60 Church Street
                                                Whitinsville, MA  01588
                                                508-234-4551
                                                BBO# 541053
                                                Timothy@Wickstrommorse.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 1:13-cv-10943-RWZ

| | | |
|---|---|---|
| CRAIG S. SIMAS,<br>JOAN SIMAS | : | |
| | : | |
| Plaintiff(s), | : | MDL No. 2419<br>Master Docket No. 1:13-md-2419-RWZ |
| | : | |
| v. | : | |
| | : | Honorable Rya Zobel |
| UNIFIRST CORPORATION, A/D/B/A | : | |
| UNICLEAN CLEANROOM | : | |
| SERVICES, OCEAN STATE | : | **PLAINTIFF CRAIG S. SIMAS'** |
| PAIN MANAGEMENT, INC. | : | **REQUEST FOR PRODUCTION OF** |
| | : | **DOCUMENTS TO  OCEAN STATE** |
| | : | **PAIN MANAGEMENT, PC** |
| Defendants. | : | |

The Plaintiff, Craig S. Simas, in the above-entitled matter hereby requests, pursuant to the Federal Rules of Civil Procedure Rule 34, that the Defendant, Ocean State Pain Management, PC (referred to in the caption as Ocean State Pain Management, Inc. hereinafter referred to as "Ocean State") through its attorney, produce at the office of Timothy P. Wickstrom, Wickstrom Morse, LLP, 60 Church Street, Whitinsville, MA 01588, on or before thirty (30) days from the date of this request, and permit the plaintiff's attorney to inspect and/or copy the following documents:

1. Any and all documents that constitute, refer or relate to communications by and between Ocean State its agents, servants, and/or employees and the Centers for Disease Control and Prevention ("CDC"), the Food and Drug Administration ("FDA") or any other federal agency or department concerning New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), the sale or purchase of products from NECC by Ocean State, the sale or purchase of epidural steroid injections from NECC by Ocean State, and/or the sale or purchase of methylprednisolone acetate from NECC by Ocean State.

2. Any and all documents that constitute, refer or relate to communications by and between Ocean State, its agents, servants, and/or employees and the State of Rhode Island, Department of Health or any other agency or department from the State of Rhode Island concerning NECC, the sale or purchase of products from NECC by Ocean State, the sale or purchase of epidural steroid injections from NECC by Ocean State, the sale or purchase of methylprednisolone acetate from NECC by Ocean State and/or Craig S. Simas.

3. Any and all documents that constitute, refer or relate to communications by and between Ocean State, its agents, servants, and/or employees and the Commonwealth of Massachusetts, Department of Health or any other agency or department from the State of Massachusetts concerning NECC, the sale or purchase of products from NECC by Ocean State, the sale or purchase of epidural steroid injections from NECC by Ocean State, the sale or purchase of methylprednisolone acetate from NECC by Ocean State and/or Craig S. Simas.

4. Any and all documents that constitute, refer or relate to communications by and between Ocean State, its agents, servants, and/or employees and any other person or entity concerning NECC, the sale or purchase of products from NECC by Ocean State, the sale or purchase of epidural steroid injections from NECC by Ocean State, the sale or purchase of methylprednisolone acetate from NECC by Ocean State and/or Craig S. Simas.

5. Any and all prescriptions for Craig S. Simas.

6. Any and all documents that refer or relate to the purchase of methylprednisolone acetate from NECC by Ocean State including, but not limited to, letters, purchase orders, invoices, shipping documents, and/or lot numbers of the methylprednisolone acetate shipped from NECC.

7. Any and all documents that refer or relate to treatment and/or services provided by Ocean State to Craig S. Simas.

8. Any and all bills for treatment rendered to Craig S. Simas by Ocean State.

9. Any and all reports, records, documents and correspondence prepared or completed by any expert or experts concerning the events alleged in the plaintiff's complaint not subject to the work product protection of Rule 26 of the Federal Rules of Civil Procedure.

10. The complete files of all experts you expect to call as witnesses to testify at trial, including, but not limited to all their notes, worksheets, test data, correspondence, statements, memoranda, opinions, conclusions, and curriculum vitae.

11. Any and all insurance policy or policies providing insurance coverage for any defendant in this case in effect during September of 2012.

Craig S. Simas
By his attorney,

Timothy P. Wickstrom
BBO #541953
Wickstrom Morse, LLP
60 Church Street
Whitinsville, MA 01588
Ph: (508) 234-4551
Fax: (508) 234-8811
timothy@wickstrommorse.com

CERTIFICATE OF SERVICE

I, Timothy P. Wickstrom, hereby certify that I have served a copy of the foregoing document on the defendants by forwarding same, via electronic and first class mail on this / day of April, 2015 to:

Sean Capplis                           Roberto Braceras
Capplis, Connors & Carroll, PC         Goodwin Procter, LLP
18 Tremont Street, Suite 220           Exchange Place
Boston, MA 02108                       53 State Street
                                       Boston, MA 02109


Timothy P. Wickstrom, Esq.
Wickstrom/Morse, LLP
60 Church Street
Whitinsville, MA  01588
508-234-4551
BBO# 541053
Timothy@Wickstrommorse.com

# EXHIBIT "B"

06/12/2015 FRI 11:01   FAX 617 227 0772 Capplis & Connors, PC                    ☑001/010



# Capplis, Connors & Carroll, P.C.

18 Tremont Street – Suite 330
Boston, MA 02108
(617) 227-0722
Fax: (617) 227-0772

### FAX TRANSMISSION COVER SHEET

**Date:**       June 12, 2015

**To:**         Timothy P. Wickstrom, Esquire

**Fax:**        508-234-8811

**Re:**         Simas v. Ocean State Pain Management, P.C. and Abdul Barakat, M.D.

**Sender:**     Matthew R. Connors, Esq./Lisa

YOU SHOULD RECEIVE 10   PAGE(S), INCLUDING THIS COVER SHEET.  IF YOU
DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (617) 227-0722

# CAPPLIS, CONNORS & CARROLL, PC

## ATTORNEYS AT LAW

www.ccclaw.org

Sean E. Capplis • ^
Matthew R. Connors • *
Judith A. Carroll >>
Sandra P. Wysocki Capplis ^
Mary Beth Connors •
Jeanine B. Goodwin °
Manasi Tulpule Tahillani ▫
Thomas M. Dolan III
Jessica L. Cummings •

ᵘ Admitted in California
* Admitted in Connecticut
° Admitted in Florida
• Admitted in New Hampshire
>> Admitted in New York
^ Admitted in Rhode Island

mconnors@ccclaw.org

June 11, 2015

Timothy P. Wickstrom, Esquire
446 Main Street, 21ˢᵗ Floor
Worcester, MA 01608

Re: Craig and Joan Simas
Vs: Ocean State Pain Management, P.C. and
Abdul Barakat, M.D.
Our File: 20J 4034

Dear Mr. Wickstrom:

I have taken the time to review the relevant court orders in the above-captioned case and I attended the status conference recently where Judge Boal presided. As Judge Boal made clear on page 3, footnote 5 in her September 18, 2014 order regarding common issue discovery, attached for convenience, "case specific discovery is stayed pending issuance of a bellwether trial protocol and selection of the initial bellwether pool." As stated in footnote 1, on Page 1, a "case specific issue is an issue that pertains to a single case or a small number of cases. Examples of case -- specific issues include the amount of physical harm an individual patient suffered as a result of defendant's alleged wrongdoing or statements made by defendants to a particular plaintiff."

As soon as the court lifts the discovery stay, we will work with you cooperatively and as quickly as possible to complete the outstanding written discovery and depositions in this matter. In light of the stay, we cannot respond to your written discovery requests. If you feel that you are entitled to responses to your discovery requests, and responses to your requests for admissions, please let us know today. We will have to file a motion for protective order if the discovery responses and responses to requests for admissions will be pursued during the stay.

---

*Please direct all correspondence to our Boston office*

18 Tremont Street • Suite 330
Boston, MA 02108
Phone 617.227.0722 • Fax 617.227.0772

Court House Square
55 Pine Street • Providence, RI 02903
Phone 401.270.2111

Timothy P. Wickstrom, Esquire
Page Two
June 11, 2015

Thank you for your cooperation.

                         Very truly yours,

                         MATTHEW R. CONNORS

MRC/
Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
|  | MDL No. 13-2419-RWZ |
| This Document Relates To: | ) ) |
| All Actions | ) ) ) |

MDL Order No. 9
ORDER REGARDING COMMON ISSUE DISCOVERY

September 18, 2014

Boal, M.J.

This Order Regarding Common Issue Discovery is intended to provide a reasonable timetable for discovery on Common Issues[1] in order to help ensure a fair and just resolution of this matter without undue expense or delay. This Order is entered in response to the Parties' various motions regarding a discovery schedule,[2] and after careful consideration of the arguments made by all Parties.

---

[1] A "Common Issue" for purposes of this Order means an issue that pertains to all or a substantial number of cases in the Multidistrict Litigation ("MDL"). Examples of Common Issues include the scope and amount of Defendants' insurance coverage available to satisfy claims made or a parent company's liability for a subsidiary company's conduct. A "Case Specific Issue" is an issue that pertains to a single case or a small number of cases. Examples of Case-Specific Issues include the amount of physical harm an individual patient suffered as a result of Defendants' alleged wrongdoing or statements made by Defendants to a particular Plaintiff.

[2] Those motions are the Plaintiffs' Steering Committee's ("PSC") Motion to Partially Lift Discovery Stay (Docket No. 534); Saint Thomas Entities' Motion to Stay Objections and Responses to Discovery Pending Submission of a Discovery Plan and Amended Protective Order (Docket No. 595); Joinder of Tennessee Clinic and Physician Defendants in Saint Thomas

1

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(F)

and 16.6, it is hereby ORDERED that:

1.      Applicability

This Order shall govern cases transferred to this Court by the Judicial Panel on

Multidistrict Litigation pursuant to its order of February 12, 2013, entitled New England

Compounding Pharmacy, Inc. Products Liability Litigation, any tag-along actions transferred by

the Panel after that date, and any related actions previously assigned to this Court. This Order

applies to all parties, except that discovery against New England Compounding Pharmacy, Inc.

("NECC") and the Affiliated Defendants[3] remains stayed pending further order of the Court.[4]  In

addition, Defendants participating in the mediation program are exempted from discovery in

accordance with the Court's Order on Mediation Program dated August 15, 2013.  In the event

that the stay of discovery as to a Defendant participating in the mediation program is lifted in

Entities' (1) Motion to Stay Objections and Responses to Discovery Pending Submission of a
Discovery Plan and (2) Motion for Second Amended Protective Order (Docket No. 598);
Plaintiffs' Steering Committee's Motion for Entry of Bellwether Trial and Pre-Trial Scheduling
Order (Docket No. 837); Tennessee Clinic Defendants' Motion to Reconsider and Revise
Provision in MDL Order No. 6 to Allow Parties Equal Access to Documents Produced by NECC
to PSC (Docket No. 1037); St. Thomas Entities and Ascension Parties' Motion to Modify MDL
Order No. 6 to Allow Equal Access to NECC Document Production (Docket No. 1075); Motion
of Defendant Liberty Industries, Inc. for a Local Rule 16.1 Conference (Docket No. 1226); and
Motion for Order to Lift Stay With Respect to Affiliated Defendants by Liberty Industries, Inc.
(Docket No. 1229).

[3] The term "Affiliated Defendants" refers to entities or individuals affiliated with NECC
including Barry Cadden, Lisa Cadden, Doug Conigliaro, Carla Conigliaro, Gregory Conigliaro,
Glenn Chin, Alaunus Pharmaceutical, LLC, Ameridose, LLC, GDC Properties Management,
Inc., Medical Sales Management, and Medical Sales Management SW.

[4] On August 14, 2014, Paul D. Moore, the chapter 11 trustee of NECC, filed a motion for entry
of an order limiting discovery and staying these proceedings with respect to NECC insiders and
related settling parties. Docket No. 1342. Among other things, the motion seeks an order
allowing discovery against NECC and other related parties but with certain limitations. That
motions remains sub judice.

2

accordance with the Court's August 15, 2013 Order, that Defendant shall be subject to the
deadlines set forth in this Order to the extent practicable. If such a Defendant wishes to obtain a
modification of the schedule set forth herein, that Defendant must seek leave of Court.

II.    Common Issue Fact Discovery[5]

    A. To the extent that they have not already done so, the Parties will serve initial

       disclosures pursuant to Fed. R. Civ. P. 26(a)(1) regarding Common Issues within

       30 days of the entry of this Order. Plaintiffs added to this case after the entry of

       this Order shall serve their initial disclosures within 30 days after joining the

       MDL. Defendants added to this case after the entry of this Order shall serve their

       initial disclosures within 30 days after filing a responsive pleading.

    B. The Parties may serve Master Common Written Discovery, subject to the limits

       set forth below:

          1. 50 Requests for Admission;

          2. 40 Interrogatories;

          3. 2 separate sets of Requests for Production limited to a total of 100

             requests.

       If a party wishes to exceed these limitations, that party must seek an agreement of

       the party answering discovery, or if no agreement can be reached, leave of Court.

       Parties shall respond within 30 days of service or, if discovery requests were

       served prior to the entry of this Order, within 30 days of this Order.

---

[5] Case Specific discovery is stayed pending issuance of a bellwether trial protocol and selection
of the initial bellwether pool.

C. No later than 30 days after substantial completion of the production of their responsive documents, Parties shall provide privilege logs for all responsive documents that have been withheld because of a claim of privilege.

    1. Privilege logs may be produced in PDF or Excel Format.

    2. Parties are not required to log any privileged documents that were created after September 18, 2012 that are solely between any two of the following: (1) any lawyer or employee of a firm that is counsel of record in this MDL action or any state-court lawsuit; (2) in-house counsel; or (3) the parties.

D. To the extent they have not already done so, Plaintiffs shall serve completed Plaintiff Profile Forms ("PPF") and medical authorizations within 60 days after the entry of this Order. In cases where a complaint is filed after the entry of this Order, any Plaintiff not named in any prior suit must serve a completed PPF and medical authorization form within 60 days after joining the MDL.

E. Defendants will notify Plaintiffs of any claimed material deficiencies in the PPFs within 60 days of receipt of the completed PPF and executed medical authorizations. Plaintiffs will have 30 days from notification to cure any claimed material defect of the PPF.

F. To the extent it has not already done so, the PSC will make available to the Defendants all of the documents NECC and/or Affiliated Defendants have already informally produced, maintained in tangible paper form or in any document repository, and the 2012 inspection materials in its possession, custody, or control within 30 days of the date of this Order.

4

      G. Depositions of fact witnesses regarding Common Issues will be addressed by a separate order entering a deposition protocol. No depositions may be taken until after 60 days from the date of this Order.

      H. Common Issue fact discovery shall be completed within 270 days of the date of this Order.

III.   **Joinder And Amendment.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after 60 days of the close of Common Issue fact discovery.

IV.   Common Issue Expert Discovery

      A. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Plaintiffs shall disclose experts that will testify on Common Issues within 30 days after the close of Common Issue fact discovery.

      B. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B), Defendants shall disclose experts who will testify on Common Issues within 60 days after the close of Common Issue fact discovery.

      C. Plaintiffs may designate rebuttal experts only with leave of court. Any motions seeking leave to designate rebuttal experts shall be filed no later than 30 days after receipt of Defendants' expert disclosures.

      D. Expert depositions shall be completed within 120 days after the close of Common Issue fact discovery.

V.   Common Issue Dispositive Motions

      A. Dispositive motions covering Common Issues shall be filed no later than 60 days after the completion of Common Issue discovery.

B. Responses to dispositive motions are due 30 days after the filing of any dispositive motion.

C. Replies in support of dispositive motions are due 30 days after the response is filed.

VI.   Bellwether Trial Protocol

A. Within 210 days of the entry of this Order, the Parties shall meet and confer regarding whether bellwether trials are appropriate in this case and, if so, about the categories of cases that should be adequately represented in the bellwether pool.

B. Within 240 days of the entry of this Order, the Parties shall file their bellwether trial protocol proposals. These proposals should include the selection, if appropriate, of a manageable pool of cases, which reflect the various categories and contains cases that are both amenable to trial in the MDL and are close to being ready for trial. The proposals should also include who will select the cases, how they should do so and within what time frame. In addition, the proposals should include a discovery protocol for Case Specific Issues. The Court strongly encourages the Parties to work together to submit joint proposals. If the Parties are unable to agree on joint proposals, they may submit separate proposals. The Parties may also submit memoranda of law supporting their respective proposals. The Parties may file a response to each other proposals within 30 days of the

filing of any such proposal.

So Ordered.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE