```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS



IN RE:  NEW ENGLAND COMPOUNDING    )  MDL NO. 13-02419-RWZ
PHARMACY CASES LITIGATION          )
                                   )
                                   )
                                   )
                                   )
                                   )
                                   )

         BEFORE:  THE HONORABLE RYA W. ZOBEL AND
                  THE HONORABLE JENNIFER C. BOAL
```

**STATUS CONFERENCE**

```
         John Joseph Moakley United States Courthouse
                       Courtroom No. 12
                      One Courthouse Way
                       Boston, MA 02210


                      January 14, 2016
                          2:00 p.m.


              Catherine A. Handel, RPR-CM, CRR
                     Official Court Reporter
         John Joseph Moakley United States Courthouse
                 One Courthouse Way, Room 5205
                       Boston, MA 02210
                 E-mail: hhcatherine2@yahoo.com
```

```
 1     APPEARANCES:

 2
       For The Plaintiffs:
 3

 4         Hagens, Berman, Sobol, Shapiro LLP, by KRISTEN A. JOHNSON,
       ESQ., 55 Cambridge Parkway, Suite 301, Cambridge, Massachusetts
 5     02142;

 6
           Janet, Jenner & Suggs, LLC, by JESSICA H. MEEDER, ESQ.,
 7     Commerce Centre East, 1777 Reisterstown Road, Suite 165,
       Baltimore, Maryland 21208;
 8

 9         Branstetter, Stranch & Jennings, PLLC, by J. GERARD STRANCH,
       IV, ESQ., 227 Second Avenue North, Nashville, Tennessee
10     37201-1631;

11
           Crandall & Katt, by PATRICK THOMAS FENNELL, ESQ., 366 Elm
12     Avenue, SW, Roanoke, Virginia 24016;

13
           Ellis & Rapacki LLP, by FREDRIC L. ELLIS, ESQ., 85 Merrimac
14     Street, Suite 500, Boston, Massachusetts 02114;

15
           Lieff Cabraser Heimann & Bernstein, LLP, by ANNIKA K.
16     MARTIN, ESQ., 250 Hudson Street, 8th Floor, New York, New York
       10013-1413;
17

18         Lieff Cabraser Heimann & Bernstein, LLP, by MARK P. CHALOS,
       ESQ., 150 Fourth Avenue North, Suite 1650, Nashville, Tennessee
19     37219;

20
           Leader, Bulso & Nolan, PLC, by GEORGE H. NOLAN, ESQ., 414
21     Union Street, Suite 1740, Nashville, Tennessee 37219;

22
           Kinnard, Clayton & Beveridge, by RANDALL L. KINNARD, ESQ.,
23     The Woodlawn, 127 Woodmont Boulevard, Nashville, Tennessee
       37205;
24

25     (Appearances continued on the next page.)
```

```
 1       APPEARANCES (Cont'd):
 2

 3
         FOR PAUL D. MOORE, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF
 4       NECP, INC.:

 5
             Duane Morris LLP by MICHAEL R. GOTTFRIED, ESQ., 100 High
 6       Street, Suite 2400, Boston, Massachusetts 02110-1724;

 7


 8
         FOR THE DEFENDANTS:
 9

10           Gideon, Cooper & Essary, PLC, by CHRIS J. TARDIO, ESQ., and
         MATTHEW H. CLINE, ESQ., 315 Deaderick Street, Suite 1100,
11       Nashville, Tennessee 37238;

12
             Brewer, Krause, Brooks, Chastain & Burrow, PPLC, by KENT E.
13       KRAUSE, ESQ., 611 Commerce Street, Suite 2600, Nashville,
         Tennessee 37203;
14

15           Fulbright & Jaworski, LLP, by MARCY H. GREER, ESQ., and
         ADAM T. SCHRAMEK, ESQ., 98 San Jacinto Boulevard, Suite 1100,
16       Austin, Texas 78701;

17
             Pessin Katz Law, P.A., by GREGORY K. KIRBY, ESQ., 901
18       Dulaney Valley Road, Suite 400, Towson, Maryland 21204;

19
             Blumberg & Wolk LLC, by CHRISTOPHER M. WOLK, ESQ., 158
20       Delaware Street, P.O. Box 68, Woodbury, New Jersey 08096;

21
             McGuireWoods LLP, by LEO M. BOYD, ESQ., Gateway Plaza, 800
22       East Canal Street, Richmond, Virginia 23219;

23
             Arrowood Peters LLP, by KEVIN T. PETERS, ESQ., 10 Post
24       Office Square, 7th Floor, Boston, Massachusetts 02109;

25
```

```
 1                      P R O C E E D I N G S
 2            (The following proceedings were held in open court before
 3    the Honorable Rya W. Zobel, United States District Court Judge,
 4    and Jennifer C. Boal, Magistrate Judge, United States District
 5    Court, District of Massachusetts, at the John J. Moakley United
 6    States Courthouse, One Courthouse Way, Boston, Massachusetts, on
 7    January 14, 2016.)
 8                THE COURT:  Good afternoon.  Please be seated.
 9                COURTROOM DEPUTY CLERK URSO:  This is In Re: New
10    England Compounding, MD-13-2419.
11                THE COURT:  Good afternoon again.
12                MS. JOHNSON:  Good afternoon, your Honor.
13                THE COURT:  Ms. Johnson, I think you may wish to
14    begin.
15                MS. JOHNSON:  Yes.  Thank you.
16                The agenda that we have proposed for today, which is
17    a combination of status conference and discovery hearing,
18    starts by identifying motions for which the parties have
19    requested argument during the discovery hearing portion.  So,
20    I believe we can begin at capital B in the, "Report to the
21    Court" section.
22                THE COURT:  Yes.  Part B will be done after this
23    portion of the status conference, right?  Okay.  So, Part B.
24                MS. JOHNSON:  And Mr. Gottfried will address the
25    status of the bankruptcy.
```

1       MR. GOTTFRIED:  Good afternoon, your Honor.
2       THE COURT:  Same to you.
3       MR. GOTTFRIED:  The online auction of the equipment
4  and other materials that were salable at the site in
5  Framingham has been completed.  We had 80 bidders.  They're in
6  the process now of picking up the items that they bid on
7  successfully online.  It's our expectation that in the next
8  two weeks or so, we will be completely out of the premises.
9  The items that the Court has ordered us to preserve are going
10 to be moved off-site and will be secured.
11      THE COURT:  Did you make any money?
12      MR. GOTTFRIED:  We're still in the process of working
13 with a couple of bidders, but the answer is we did.  So, it
14 will somewhat contribute to the estate.
15      THE COURT:  Well, every little bit counts, right?
16      MR. GOTTFRIED:  Exactly.
17      THE COURT:  All right.  Insurance.
18      MS. JOHNSON:  There is no additional update on the
19 Tennessee Specialty Surgery dec action.
20      On No. 5, we have a list there of orders that have
21 been issued since the last status conference.  I'll mention a
22 couple of those quickly, as they address scheduling issues.
23      As we discussed the last time, the stay of the common
24 fact discovery deadline as to Premier and Box Hill has now
25 been formally extended by the Court until March 25th.  The

```
 1    Court has also issued an order that stays discovery against
 2    the clinics with -- I believe it's four or fewer cases in the
 3    MDL until June 1st, 2016.
 4            And one final order, the PSC had a question and
 5    rather than file a motion, we thought we would take it up with
 6    the Court.  On Item viii, the electronic order regarding
 7    protocol and standard for filing under seal, the Court entered
 8    an order that was specific to one motion.
 9            MAGISTRATE JUDGE BOAL:  That was directed to me?
10            MS. JOHNSON:  Yes.
11            MAGISTRATE JUDGE BOAL:  I'm glad you think I
12    remember.
13            MS. JOHNSON:  I'm happy to hand up a copy if you
14    would like, your Honor.
15            MAGISTRATE JUDGE BOAL:  That would probably be
16    helpful.
17            (Attorney Johnson hands document to the Court.)
18            MS. JOHNSON:  Forgive me handwritten notes there.
19            In the context of a very particular motion to seal,
20    the Court indicated that in that motion, the party who had
21    designated the documents as confidential was to provide
22    information as to why those documents should be sealed.
23            In that instance, it is the defendants that
24    designated them as confidential.  So, plaintiffs' reading of
25    that order is the defendants will now provide that information
```

```
 1   to the Court.
 2            MAGISTRATE JUDGE BOAL:  That's correct.
 3            MS. JOHNSON:  We wondered if the Court wished that to
 4   be the process going forward.  Meaning, as we're moving into
 5   discovery and there are additional motions presented, as we'll
 6   inevitably get to summary judgment, if the Court wished us to
 7   amend the protective order such that the burden for sealing
 8   falls on the party designating those materials, we're happy to
 9   work with the defendants to come up with that, if the Court
10   wishes that to be the process.
11            THE COURT:  We do.  Any process that keeps documents
12   from being sealed when they're only being proffered for
13   sealing because it says that somebody said it should be
14   sealed, there ought to be some process by which the parties
15   agree that this is truly a confidential document.  That's all
16   we want.  Because the sealing puts enormous burdens on Ms.
17   Urso, in particular, because she lives with all the sealed
18   documents.  We can't put them in the public in general room
19   with all the other stuff.
20            MS. JOHNSON:  Then my suggestion, your Honor, would
21   be that the PSC and the defendants get together and propose a
22   modification to the existing protective order that would
23   address that concern.
24            THE COURT:  That would be good.  Thank you.
25            MS. JOHNSON:  Thank you.
```

1         THE COURT: I think there was one document on my list
2    that was involved in that. Maybe this is it. There was a
3    motion to seal, which I annotated to myself that if this was
4    truly a confidential document, it should be sealed, not
5    otherwise. I'm sorry, I can't remember where it is. It will
6    be covered by the protocol.
7         MS. JOHNSON: Yes. Okay. Thank you, your Honor.
8         That brings us to No. 6, the, "Status of the
9    Litigation Track." And Mr. Fennell would like to address
10   6(a).
11        THE COURT: I have signed it. You want to talk about
12   it? It was Document No. 2562 and only recently filed, but I
13   think it's simply to finish a process that we had begun
14   earlier and had allowed earlier.
15        MR. FENNELL: Your Honor, the purpose was just to
16   clarify that the conditions under the settlement agreement had
17   been met and if your Honor has already --
18        THE COURT: So, signing it is all I need to do,
19   right?
20        MR. FENNELL: Yes, ma'am.
21        THE COURT: Okay. So, it's done.
22        MR. FENNELL: Thank you.
23        MS. JOHNSON: As to 6(b), the PSC presents that at
24   the last status conference, that we would work with defendants
25   to address the pending motions for access to the Rust

1   repository. That process is in motion. I believe there's a
2   call tomorrow between the parties to address the next steps
3   with that, and I would hope that we have something presented
4   to the Court by way of either a proposed order or a resolution
5   by the next status conference.
6           THE COURT: Okay. Good.
7           MAGISTRATE JUDGE BOAL: And if I might just follow up
8   on that. I know we had discussed at the last conference and I
9   had neglected to put a deadline on that. So, I don't want it
10  to delay the rest of the discovery. Is it possible -- and I
11  think we had talked about either you were going to jointly
12  agree on an order for -- I think it was for me to sign, or if
13  there was some dispute, just to present the dispute. There
14  doesn't need to be legal argument, as far as I understand the
15  issues. Is it possible to do that in two weeks?
16          MS. JOHNSON: I think that that is very realistic,
17  your Honor, yes. And for some reason we feel that we're
18  making progress but we can't quite hit two weeks, we'll advise
19  the Court of that.
20          MAGISTRATE JUDGE BOAL: My plan was to enter an order
21  setting a deadline of two weeks for that to be done.
22          MS. JOHNSON: And we would have no objection to that,
23  your Honor. Thank you.
24          6(c) is simply to advise the Court in terms of
25  updating the Court on discovery, that expert reports have been

1    served and that process is proceeding according to the
2    designated schedule.
3             On 6(d), "The Court Rulings Update," the Court
4    granted the PSC's motion to amend some of the Tennessee
5    complaints to add Calisher as a defendant.  We wondered
6    whether the Court would prefer that we ECF those amended
7    complaints in the individual dockets or if the Court would
8    prefer that the Clerk take further action on that.
9             THE COURT:  What do you suggest?
10            MS. JOHNSON:  I would suggest that we simply ECF the
11   amended complaints in the individual dockets, if that works
12   for the Court.
13            THE COURT:  That's fine.
14            MS. JOHNSON:  And I believe that brings us to
15   6(d)iii, which is the order granting the Premier defendants'
16   unopposed motion to dismiss the product liability claims, and
17   I believe Mr. Wolk wanted to be heard for the Premier
18   defendants.
19            MR. WOLK:  Good afternoon, Judge.
20            When we were here last, your Honor --
21            THE COURT:  Hold it.  You need to find a microphone.
22   Lisa, maybe we can get some more microphones.
23            MR. WOLK:  Chris Wolk for the Premier defendants.
24            When we were here last --
25            THE COURT:  If you sit down, that will make it easier

1  still.
2          MR. WOLK:  All right.  When we were here last, your
3  Honor, to dismiss the product liability claims against the
4  Premier defendants, a text order was entered after that
5  conference, but your Honor had also asked that I submit an
6  order to that effect, which I did, and that's at Docket No.
7  2536, and I just wanted to bring it to the Court's attention
8  it hadn't been signed yet.  So, I did bring a copy of that
9  order with me today.  I wasn't sure if the Court was prepared
10 to sign it today or if I should --
11         THE COURT:  Yes.
12         MR. WOLK:  Can I hand it up, your Honor?
13         THE COURT:  Yes.
14         MR. WOLK:  The only difference between what I'm going
15 to hand your Honor and what's been filed is that the file copy
16 has 2015 as the year.  I changed the year to 2016 to be more
17 accurate.
18         THE COURT:  So, we will file it as an amended order.
19         MR. WOLK:  That's fine.
20         (Attorney Wolk hands document to the Court.)
21         THE COURT:  Thanks.
22         MR. WOLK:  And that's all I have, Judge.
23         THE COURT:  Thank you.
24         There are pages and pages of parties and no text --
25 little text.

```
 1                MR. WOLK:  We didn't want to miss anybody.
 2                THE COURT:  It is done.
 3                MS. JOHNSON:  Item 7, the report from the pro se
 4      liaison Ms. Martin will deliver.
 5                MS. MARTIN:  Good afternoon, your Honor.
 6                As you know, Judge Neiman is handling the appeals of
 7      the denials of claims.  And so, my only update at this time is
 8      that I've been in communication with him about assisting pro
 9      se's who have been in the appeals process and whose appeals
10      he's been considering.  So, I just wanted to alert you to that
11      and let you know that I was helping pro se's in connection
12      with that as well.
13                THE COURT:  How many pro se appeals are there?
14                MS. MARTIN:  I believe there are about 20, 21,
15      something like that.
16                THE COURT:  Really?
17                MS. MARTIN:  Yes, so far.  The deadline is in a few
18      days.
19                THE COURT:  And their complaint is that they don't
20      get enough money or --
21                MS. MARTIN:  No.  No.  No.  No.  They were denied for
22      filing their claims late.  And so, they have appealed those
23      late-claim denials.  And so, the procedure will likely be that
24      I will assist them in filing a motion to allow the late claim
25      with the bankruptcy court.  The Court has approved those in
```

```
 1   the past, and then the bankruptcy court will allow those and
 2   then the claims can be treated as timely.
 3           THE COURT:  Okay.  That sounds good.
 4           MAGISTRATE JUDGE BOAL:  How many appeals are there so
 5   far to Judge Neiman?
 6           MR. ELLIS:  Your Honor, I spoke to him yesterday.
 7   There's 21 appeals.
 8           THE COURT:  21?
 9           MR. ELLIS:  21.
10           MAGISTRATE JUDGE BOAL:  And 20 are pro se?
11           MR. ELLIS:  I believe all 21 are pro se, your
12   Honor -- one of them is represented.  These all stem from the
13   initial denials, 58 initial denials for failure to file a
14   timely proof of claim in the bankruptcy court, which was a
15   requirement in order to file a claim for compensation.
16           THE COURT:  Thank you.
17           MR. ELLIS:  There may be a couple more of those.
18   There's still, I think, one or two in process.
19           MS. JOHNSON:  And that brings us to agenda No. 8,
20   which is the, "Schedule for future status conferences."  We do
21   have status conferences and discovery hearings set already for
22   February 11th and March 10th, and we've requested a date for
23   the April status conference sometime in the second week.
24           THE COURT:  Are you looking at the calendar?  Are you
25   looking at the --
```

```
 1                COURTROOM DEPUTY CLERK URSO:  No.
 2                MS. JOHNSON:  Perhaps either the 8th or the 15th.
 3    Those would be Thursdays in the first two weeks in April.
 4                MS. GREER:  Actually, the 15th is a Friday.
 5                MS. JOHNSON:  I apologize.  I mean, the 14th and the
 6    21st.
 7                MS. GREER:  Thank you.
 8                COURTROOM DEPUTY CLERK URSO:  The 21st would be good.
 9                THE COURT:  Is that agreeable to everybody?
10                MAGISTRATE JUDGE BOAL:  I'm actually not here.
11                COURTROOM DEPUTY CLERK URSO:  Is that school vacation
12    week?
13                THE COURT:  Well, how about the 14th, then?
14                COURTROOM DEPUTY CLERK URSO:  We have a couple of
15    things on there, but I can change them.
16                THE COURT:  Is that Friday or --
17                COURTROOM DEPUTY CLERK URSO:  No.  The 14th is a
18    Thursday.
19                THE COURT:  What do we have on, Lisa?
20                COURTROOM DEPUTY CLERK URSO:  I just did the
21    sentencing from this morning for that and another pretrial.
22                THE COURT:  We can move those.
23                COURTROOM DEPUTY CLERK URSO:  Okay.  So, the 14th?
24                THE COURT:  So, April 14.
25                COURTROOM DEPUTY CLERK URSO:  Okay.
```

```
 1            MAGISTRATE JUDGE BOAL:  So, I'll hold the conference,
 2   to the extent necessary, at 11:30 that day.
 3            MS. JOHNSON:  Thank you, your Honor.
 4            That brings us to the fully-briefed motions, your
 5   Honor.  No. 9, STOPNC's emergency motion has been withdrawn.
 6            No. 10, the Tennessee Clinic Defendants' motion to
 7   amend and certify order for interlocutory appeal has been
 8   fully briefed for some time and there's no request for oral
 9   argument on that.
10            THE COURT:  It is denied.  I signed the order today
11   and it's on the docket.
12            MS. JOHNSON:  Thank you, your Honor.
13            On No. 11, I believe --
14            THE COURT:  Choice of law briefing, similarly.
15            MS. JOHNSON:  Yes.
16            THE COURT:  An opinion was -- a decision was rendered
17   today and it's on the docket.
18            MS. JOHNSON:  And then that brings us to motions 12
19   through 15 -- I'm sorry -- 12 through 14, all of which related
20   to cross-motions on the Tennessee product liability claims and
21   those were all --
22            THE COURT:  Those are in the works, not done.
23            MS. JOHNSON:  Thank you.  Those were all argued last
24   time around.
25            THE COURT:  Through 14, right?
```

```
 1                MS. JOHNSON:  Yes.
 2                THE COURT:  15 was done -- is also done today.  So,
 3     that's on the docket as well.
 4                MS. JOHNSON:  Thank you, your Honor.
 5           That brings us to, "Briefing in progress."
 6                THE COURT:  There's another benefit to these status
 7     conferences.  It fuels the fire underneath.
 8                MS. JOHNSON:  Deadlines are always helpful.
 9           That brings us to, "Briefing in progress."  I don't
10     think there's anything particularly to mention there, your
11     Honor.  Those are all things that are in the works and will be
12     teed up for the next status conference.
13                THE COURT:  That's it?
14                MS. JOHNSON:  That's it.
15                THE COURT:  Is there anyone else, either present in
16     the courtroom or on the telephone, who has any issues that we
17     should take up other than what Judge Boal may be doing?
18           (No response.)
19                THE COURT:  Well, in that case, as far as my part is
20     concerned, we are in recess.  However, Judge Boal will remain
21     and take care of the part that she deals with.
22                MAGISTRATE JUDGE BOAL:  Can I just ask, because we
23     had scheduled the next part, I think, for 3:30, but Mr. York
24     had emailed anyone who had indicated to us that they were
25     calling in and that may be 3 o'clock or as soon as this was
```

```
 1   over.  Does anyone know anyone who wanted to participate by
 2   phone that is material to any of the motions that are going to
 3   be heard?  What I'm looking for is can I go forward at this
 4   time?
 5           MR. TARDIO:  No one from our side.
 6           MS. JOHNSON:  And none from the plaintiffs' side.
 7           MAGISTRATE JUDGE BOAL:  All right.  So, then the only
 8   person we have to wait for is Mr. York and he's coming at
 9   2:30.  So, we'll just take a brief recess until then.
10           MS. JOHNSON:  Thank you.
11           THE COURT:  Thank you.
12           (Adjourned 2:22 p.m.)
13
14                    C E R T I F I C A T E
15       I, Catherine A. Handel, Official Court Reporter of the
16   United States District Court, do hereby certify that the
17   foregoing transcript, from Page 1 to Page 17, constitutes to the
18   best of my skill and ability a true and accurate transcription of
19   my stenotype notes taken in the matter of Multidistrict
20   Litigation No. 13-02419-RWZ, In Re: New England Compounding
21   Pharmacy Cases Litigation.
22
23
     January 20, 2016        /s/Catherine A. Handel
24   Date                    Catherine A. Handel, RPR-CM, CRR
25
```