UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION )
 )
_____ )   MDL No. 2419
 )   Dkt. No 1:13-md-2419 (RWZ)
THIS DOCUMENT RELATES TO: )
 )
 )
*Hanson v. Ocean State Pain Management, P.C.* )
1:13-cv-10685-RWZ )
 )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE DEFENDANT, OCEAN STATE PAIN MANAGEMENT, P.C., FOR ENTRY OF DISMISSAL OF PRODUCT LIABILITY CLAIMS FOR FAILURE OF PLAINTIFFS TO FILE A TIMELY OPPOSITION PURSUANT TO F.R.C.P. 7.1

The Defendant, Ocean State Pain Management, P.C., in United States District Court, District of Massachusetts, Civil Action No. 1:13-cv-10685-RWZ, respectfully requests that this Honorable Court allow the Defendant's Motion to Dismiss Product Liability Claims of the Plaintiffs previously filed and served on the Plaintiffs on November 6, 2015 due to the Plaintiffs failure to file a timely opposition as required under Fed. R. Civ. P. 7.1(b)(2).   Grounds in support of this motion are set forth below.

## PROCEDURAL BACKGROUND[1]

The Plaintiffs alleged through a Short Form Complaint and Jury Demand, filed in the United States District Court of Massachusetts on February 14, 2014, that the Defendant failed to

_____

[1] Please refer to Docket No. 2388 for an unabbreviated history of the case.  For efficiency, only facts relating to the Defendant's previously-filed motion are included here.

take due care in choosing the appropriate entity from whom to obtain preservative-free MPA. See Plaintiffs' Short Form Complaint and Jury Demand, Civil Action No. 1:13-md-10685-RWZ, Docket No. 5 (incorporating by reference the allegations in Plaintiffs' Second Amended Master Complaint, Civil Action No. 1:13-md-2419-RWZ, Docket No. 1719).  The Plaintiffs' Short Form Complaint stated that it incorporated by reference claims of negligence, battery, product liability, agency, and civil conspiracy against the Defendant.  Id.

On November 6, 2015, the Defendant moved this court to dismiss the Plaintiffs' claims alleging product liability pursuant to F.R.C.P. 12(b)(6), arguing that the Plaintiffs had failed to state claims upon which relief could be granted.  See Motion of the Defendant to Dismiss Product Liability Claims of the Plaintiffs and Memorandum in Support, Docket No. 2388.  The motion and memorandum of law were filed on the electronic master docket for In re: New England Compounding Pharmacy, Inc., Products Liability Litigation, Civil Action No. 1:13-md-2419-RWZ.  Id.  Additionally, a hard copy of the motion was sent to plaintiff's counsel via mail, and an electronic copy was provided via e-mail at counsel's request.

## LEGAL ARGUMENT

Pursuant to F.R.C.P. 7.1(b)(2), "a party opposing a motion, shall file an opposition within fourteen (14) days after the motion is served, unless (1) the motion is for summary judgment, in which case the opposition shall be filed within 21 days after the motion is served, or (2) another period is fixed by rule or statute, or by order of the court...The fourteen day period is intended to include the period specified by the civil rules for mailing time and provide for a uniform period regardless of the use of the mails."

The Defendant filed its motion on November 6, 2015 after conferring with counsel for

the Plaintiffs by telephone as required by F.R.C.P. 7.1(a)(2). See id. As of the date of today's filing, January 21, 2016, seventy-six (76) days have passed since service of the Defendant's motion. The Plaintiffs have failed to file an opposition to the Defendant's motion as required by F.R.C.P. 7.1(b)(2), and the applicable filing deadline has long since elapsed. In contrast to other MDL plaintiffs, Craig and Joan Simas, who elected to confer with the Defendant and file a Joint Stipulation for Extension of Time to File Opposition to Docket No. 2390 Motion to Dismiss Product Liability and Consumer Protection Claims, the Plaintiffs in the instant case failed to take any such action. See Docket No. 2423.

Given the Plaintiffs' failure to file an opposition to the Defendant's motion within the 14 days allotted by F.R.C.P. 7.1(b)(2), the Defendant requests that the Court enter an Order dismissing all of the Plaintiffs' product liability claims with prejudice. The Defendant requests that the Court review and endorse the attached Order, attached hereto as Exhibit A, or in the alternative, draft an Order as the Court deems appropriate.[2]

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Plaintiffs' product liability claims be dismissed with prejudice due to the Plaintiffs' failure to file a timely opposition.

---

[2] The Defendant has attached an Order mimicking the format of Docket No. 2536-1 in which the Court dismissed with prejudice the product liability claims asserted against the Premier Defendants due to Plaintiffs' failure to file an opposition.

Respectfully submitted,

By their attorneys,

SEAN CAPPLIS, ESQ.
BBO #634740
THOMAS M. DOLAN III, ESQ.
BBO #683042
**CAPPLIS, CONNORS, & CARROLL, P.C.**
18 Tremont Street, Suite 330
Boston, MA 02108
Tel: (617) 227-0722
Fax: (617) 227-0772
scapplis@ccclaw.org
tdolan@ccclaw.org

Dated:  1 - 21 - 16

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2016, I served the above **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE DEFENDANT, OCEAN STATE PAIN MANAGEMENT, P.C.,  FOR ENTRY OF DISMISSAL OF PRODUCT LIABILITY CLAIMS FOR FAILURE OF PLAINTIFFS TO FILE A TIMELY OPPOSITION PURSUANT TO F.R.C.P. 7.1** upon the Clerk of the Court, using the CM/ECF System, which then sent a notification of such filing (NEF) to all counsel of record.

SEAN CAPPLIS, ESQ.
BBO #634740
THOMAS M. DOLAN III, ESQ.
BBO #683042

4