# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ | ) ) ) ) |
| | ) |
| This document relates to: | ) ) |
| Armetta, et al. v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ | ) ) ) ) |
| Bowman, et al. v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ | ) ) ) ) |
| Davis, et al. v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ | ) ) ) ) |
| Dreisch, et al. v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ | ) ) ) ) |
| Farthing, et al. v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ | ) ) ) ) |
| Kashi, et al. v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ | ) ) ) ) |
| Torbeck, et al. v. Box Hill Surgery Center, LLC, et al., No. 1:14-cv-14023-RWZ | ) ) ) ) |
| Handy, et al.  v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14019-RWZ | ) ) ) |

MDL No. 2419

Docket No. 1:13-md-2419 (RWZ)

**PLAINTIFFS' REPLY TO BOX HILL DEFENDANTS' RESPONSE IN OPPOSITION TO THE PLAINTIFFS' MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES, CROSS CLAIMS AND THIRD-PARTY CLAIMS FROM THEIR ANSWER TO PLAINTIFFS' COMPLAINTS**

Honorable Rya W. Zobel

Plaintiffs in the above-captioned cases (hereinafter "Maryland Plaintiffs"), by and through their undersigned counsel, hereby submit their Reply to The Box Hill Defendants'

Opposition to Plaintiffs' Motion to Strike Certain Affirmative Defenses, Cross Claims and Third-Party Claims from Their Answer to Plaintiffs Complaints, filed on January 7, 2016.[1] The Plaintiffs maintain that Box Hill Defendants' assertion that they are entitled to a credit for any expenses paid by insurance or other third parties, which are claimed as damages by Plaintiffs, is not valid under the collateral source rule and should be stricken.  In addition, Box Hill Defendants' defenses asserting cross-claims for indemnification and contribution, and for adjudication that the "Affiliated Defendants" and "Unaffiliated Defendants" are joint tortfeasors are not permitted under the Bankruptcy Plan and channeling injunctions and should also be stricken for reasons set forth in Plaintiffs motion and memorandum dated December 2, 2015.[2]

### Certain Defenses Are Unsupported by Maryland Law

### A. Affirmative Defense No. 4 Improperly Asserts Entitlement to a Statutory Right to Credit for Collateral Source Benefits

Plaintiffs have explained in their motion to strike  and supporting Memorandum that, under Maryland law, collateral source evidence is inadmissible at trial, but is admissible in post-verdict proceedings.[3] Actual or possible recovery of a plaintiff's economic losses, including medical expenses, is not to be considered by the trier of fact in awarding damages. *Narayen v. Bailey*, 130 Md. App. 458 (2000); see also *Motor Vehicle Administration v. Seidel,* 326 Md. 237 (1992). As Plaintiffs have said, a defendant may utilize statutory post-verdict procedures to offer evidence of collateral source benefits that may reduce an award of damages to a plaintiff. This is prescribed by statute and an actual credit or reduction in a damages awarded by a jury is discretionary. *See* Dkt. 2452, pp. 5-6.

 In their Opposition, Box Hill Defendants  discuss  Maryland law applicable to post-verdict proceedings and now state that they are "entitled to seek" reduction of any economic

---

[1] Dkt. 2561.
[2] Dkt. 2451, 2452.
[3] Dkt. 2452, pp.5,6.

damages awarded to Plaintiffs, and that Affirmative Defense No. 4 embodies these statutory rights. Plaintiffs reiterate that Box Hill's Affirmative Defense No. 4, which states that Defendants are "*entitled to a credit* for any expenses paid by insurance or other third parties, which are claimed as damages by Plaintiffs"(emphasis added) should be stricken as an incorrect statement of law under the collateral source rule and as an improper defense.

### B. Box Hill Defendants Do Not Have The Right To Establish That Settling Defendants are Jointly and Severally Liable to Plaintiffs

With total disregard for the terms of the Chapter 11 Bankruptcy Plan ("the Plan") and channeling injunctions, Defendants allege they have a right to bring the Settling Defendants back into court to have them adjudicated as joint tortfeasors for purposes of seeking a reduction of any potential verdict awarding damages to Plaintiffs.

Defendants state in their Opposition to the motion to strike that Plaintiffs improperly characterize their defenses seeking statutory set-off or credit to reduce any award of damages against Box Hill Defendants if any Settling Defendants are adjudicated joint tortfeasors. Box Hill Defendants suggest that this is not related to the liability phase of trials in these cases. But, this is not the case, for, absent an admission of joint tortfeasor liability in settlement releases given by Plaintiffs to Settling Defendants, Box Hill Defendants are required to prove that the Settling Defendants are in fact liable for injuries sustained by Plaintiffs. *See* Spence v. Julian, 201 Md. App. 562, 30 A.3d 220 (2011).   Box Hill Defendants also disclaim that they seek contribution and indemnity. Both contentions are plainly wrong.  Defendants' Answer sets forth not only an intent to offer evidence of liability on the part of Settling Defendants as part of asserted defenses, but also specifically states that Box Hill Defendants assert cross-claims and third-party claims and reserves the right to seek contribution and indemnity against specifically named entities and individuals. *See* Answer Paragraphs 28, 29, 30 and 31, as described in Plaintiffs' Motion to Strike at pp. 2-3 and notes 1-4.(Dkt. 2451). However, as stated in detail in Plaintiffs'

Memorandum in Support of Motion(Dkt. 2452), despite multiple notices and opportunities to preserve any rights to pursue claims for contribution or set-off from Settling Defendants, Box Hill Defendants failed to do so. Box Hill ignores these facts in its Opposition and somehow expects this Court to say that a preservation of the ability of health care providers to prove comparative negligence grants Box Hill the right to seek contribution and set-off in Maryland, a State which has not adopted comparative fault. Maryland's retention of contributory and not comparative negligence has nothing to do with requiring the trier of fact to apportion fault amongst joint tortfeasors, whether or not they are participating at the trial of the plaintiffs' claims against non-settling defendants.

Allowing Box Hill Defendants to bring these claims and establish joint tortfeasor liability would result in a long and protracted proceeding, possibly before a judge who is unfamiliar with the complex   proceedings as well as the history and terms of the Chapter 11 Bankruptcy Settlement Agreement.  This would misdirect the focus of the trial from Plaintiffs' claims against the Box Hill Defendants to the terms of the Chapter 11 Bankruptcy Settlement and the Settling Defendants.  All of the above would be confusing to the jury and irrelevant to Plaintiffs' claims against Box Hill Defendants.  Plaintiffs would be prejudiced by the increased time and expense of the litigation and possibly an adverse outcome related to the inability of the jury to separate the relevancy of the evidence being presented to have the Settling Defendants adjudicated as joint tortfeasors from the evidence showing the liability of the Box Hill Defendants.  Needless to say, judicial resources would be wasted. Moreover, the Settling Defendants may improperly be required to participate in litigation of these claims to avoid potential further liability.  Based on the terms of the Chapter 11 Bankruptcy Settlement Agreement and channeling injunctions these affirmative defenses and assertions of cross-claims and third-party claims should be stricken.

## CONCLUSION

Generally, motions to strike are disfavored. However, as this Court has stated, "the Court should grant such motions only when it is "beyond cavil that the defendant[] could not prevail on them." *Honeywell Consumer Products., Inc. v. Windmere Corp., 993 F.Supp 22, 24 (D.Mass.1998) (Gorton, J.) (quoting Coolidge v. Judith Gap Lumber Co., 808 F. Supp, 889,893 (D.Me.1992)).* (Cited in (Def. Memo. pp.3-4). Here, it is indeed "beyond cavil that the defendant could not prevail…" For the reasons stated herein, Plaintiffs requests that the Court Grant Plaintiffs' Motion to Strike Certain Affirmative Defenses, Cross-Claims and Third Party Claims From Answer to Complaints by Box Hill Defendants, as stated in Plaintiffs proposed order dated December 2, 2015.[4]

Respectfully submitted,

/s/ Sharon L. Houston
_____

Patricia J. Kasputys
Sharon L. Houston
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street
22nd Floor
Baltimore, MD  21201
410-649-2000
Pkasputys@lawpga.com
Shouston@lawpga.com

*Attorneys for Plaintiffs Armetta, Bowman, Davis, Dreisch, Farthing, Kashi, Torbeck, et al.*

---

[4] Dkt. 2451-1

Harry M. Roth
Michael Coren
COHEN, PLACITELLA & ROTH, P.C.
Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
215-567-3500

*Attorneys for Plaintiffs Handy et al*.

## CERTIFICATE OF SERVICE

I, Sharon L. Houston, hereby certify that a copy of the foregoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic Filing (NEF), including the attorneys representing the defendants in the above-referenced individual cases, and will be sent to these parties by operation of the CM/ECF system.

Dated: January 21, 2016                    /s/ Sharon L. Houston
                                           Sharon L. Houston