UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ This Document Relates to: Suits Naming Specialty Surgery Center, PLLC | ) ) ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No. 1:13-md-2419-RWZ |

**SPECIALTY SURGERY CENTER, PLLC, AND KENNETH LISTER, MD'S
RESPONSE TO COURT ORDER AT DOC. 2569
RE: CONFIDENTIALITY DESIGNATIONS**

Defendants, Specialty Surgery Center, PLLC ("SSC"), Kenneth Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC (collectively "SSC Defendants"), hereby file this response to the Court's order at Doc. 2569.

On December 11, 2016, the PSC filed a motion to compel directed to SSC and Dr. Lister at Doc. 2494. In support of the motion, the PSC filed a declaration at Doc. 2496 attaching several exhibits which had previously been designated confidential by various parties. Accordingly, the PSC filed a motion to seal those confidential exhibits at Doc. 2497.

On January 11, 2016, the Court entered an order at Doc. 2569 regarding the motion to seal, stating as follows:

> ELECTRONIC ORDER ENTERED RE: [2497] Motion to Seal. A party seeking to file any document under seal must have good cause for asserting confidentiality beyond mere designation of confidentiality for a particular document under a protective order. Accordingly, no later than two weeks from the date of this order, the party designating the documents sought to be filed under seal must file a statement supporting the request to seal.

Pursuant to that order, the SSC Defendants hereby file the following response:

Of the documents subject to the motion to seal, the SSC Defendants designated as confidential Docs. 2496-1, 2496-2, 2496-5, 2496-8, 2496-13, and 2496-15.[1] After reviewing these documents, the SSC Defendants have determined that they do not need to be filed under seal and have notified the PSC of this fact. Accordingly, the motion to seal is moot as to Docs. 2496-1, 2496-2, 2496-5, 2496-8, 2496-13, and 2496-15. The SSC Defendants presume that the PSC will submit the documents for filing without the "confidential" or "sealed" designation.

\* \* \* \* \* \* \*

On a related note, at the last status conference, the Court directed the parties to submit a proposal for addressing the filing of documents designated as confidential. The SSC Defendants note that the Third Amended Protective Order[2] (the protective order currently in place) contains a detailed procedure addressing the filing of confidential

---

[1] The PSC initially identified Doc. 2496-1 as the *purchase agreement between SSC and Cumberland Medical Center.* However, the PSC has since stated that Doc. 2496-1 is supposed to be the *management agreement between SSC and Calisher & Associates.* The SSC Defendants have not requested that the management agreement be filed under seal. However, Calisher & Associates, which has recently been added as a party, may wish for the document to remain confidential and be filed under seal. Presumably, Calisher & Associates will inform the Court if that is the case, consistent with the Court's order at Doc. 2569.

[2] Doc. 814.

documents and motions to seal.[3] The SSC Defendants respectfully submit that, if filing parties comply with that procedure in the future, many of the motions to seal (including the currently pending motion to seal) will likely be avoided.[4] The SSC Defendants do not believe a separate process is needed at this point.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1
** Admitted *pro hac vice*.

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2016, a true and accurate copy of the foregoing was served on all parties by virtue of the Court's CM/ECF system.

/s/ Chris J. Tardio
**Chris J. Tardio**

---

[3] Doc. 814 at 12-14.
[4] The instant motion to seal was filed without the "meet and confer" required by the Third Amended Order.