UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2419 ) Dkt. No. 1:13-md-2419-RWZ ) |
| This Document Relates to: | ) ) ) |
| Suits Naming Saint Thomas Outpatient Neurosurgical Center, LLC | ) ) ) |

### SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER, LLC'S RESPONSES TO THE PLAINTIFFS' STEERING COMMITTEE'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts, Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), by and through undersigned counsel, provides the following Responses to the Plaintiffs' Steering Committee's First Set of Interrogatories.

### GLOBAL OBJECTION

STOPNC has already responded to numerous discovery requests in the state court cases of *Reed v. STOPNC, et al.*, Case No. 13C417, *May v. STOPNC, et al.*, Case No. 13C606, *Parman v. STOPNC, et al.*, Case No. 13C1005, and *Neely v. STOPNC, et al.*, Case No. 13C1876, all formerly pending in the Fifth Circuit Court for Davidson County, Tennessee. The majority of the Interrogatories herein are virtually identical in almost all respects to the discovery served in those state court cases. Thus, as a general objection, STOPNC objects to responding to this discovery for a second time. Since the Plaintiffs already have this information, the duplicative Interrogatories are unreasonably cumulative, duplicative, and the information sought can be obtained from some other source that is more convenient, less burdensome, and less expensive. FRCP 26(b)(2)(C)(i). Additionally, STOPNC adopts and incorporates, as if stated fully herein, any and all objections asserted in response to the same discovery requests in the state court actions.

Without waiving any objection, STOPNC answers each duplicate Interrogatory by reference to the state court discovery responses and responds to the handful of "new" discovery requests below.

13. Please describe in detail all systems, policies and procedures used at Saint Thomas Neurosurgical in order to evaluate compounding pharmacies from which it purchased medications.

RESPONSE:

**Objection. STOPNC already responded to this Interrogatory in the state court litigation.**

14. Please describe in detail (including names and dates) the extent to which anyone associated with Saint Thomas Neurosurgical consulted with any pharmacist or hospital pharmacy department regarding whether to purchase medications from NECC in particular or compounding pharmacies in general.

RESPONSE:

**Objection. STOPNC already responded to this Interrogatory in the state court litigation. Additionally, as already specifically ordered by the Tennessee Circuit Court judge presiding over the state court cases, any such communications are privileged from discovery pursuant to the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code. Ann. §§ 63-1-150, 68-11-272.**

**Subject to and without waiving said objections, the recognized standard of acceptable professional practice did not require STOPNC to consult with a pharmacist or hospital pharmacy department regarding whether to purchase medications from NECC.**

15. Does Saint Thomas Neurosurgical contend that any other person or entity is responsible or caused the injuries and deaths that are the subject of this litigation? If so, identify each such person or entity and state the factual basis for a contention that any other person or entity was responsible for or caused the injuries and deaths forming the basis of this litigation.

RESPONSE:

**Objection. STOPNC already responded to this Interrogatory in the state court litigation.**

**Subject to and without waiving said objection, see the Comparative Fault section of the Answer to the Master Complaint filed by STOPNC, et al. at Dkt. 1455 and the comparative fault section of any amended answer filed by STOPNC in this litigation in the future.**

8

## VERIFICATION

**STATE OF TENNESSEE** )
)
**COUNTY OF DAVIDSON** )

I, John W. Culclasure, MD, Medical Director of Saint Thomas Outpatient Neurosurgical Center, LLC swear and affirm that:

- I am the Medical Director of STOPNC.

- I have read the said interrogatories, and the foregoing answers thereto are true according to the best of my knowledge, information, and belief.

SAINT THOMAS OUTPATIENT
NEUROSURGICAL CENTER, LLC

By: John W. Culclasure, MD

Its: Medical Director

Sworn to and subscribed before me this 16th day of October, 2014.

Notary Public

My Commission Expires:

23 13
CJT

        Respectfully submitted,

        **GIDEON, COOPER & ESSARY, PLC**

        /s/ Chris J. Tardio
        **C.J. Gideon, Jr.***
        **Chris J. Tardio***
        **Alan S. Bean****
        **Matthew H. Cline***
        315 Deaderick Street, Suite
        Nashville, TN 37238
        Ph: (615) 254-0400
        Fax: (515) 254-0459
        chris@gideoncooper.com

        ***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

14