UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) MDL No. 13-2419-RWZ |
| This Document Relates To:  All Actions Involving Specialty Surgery Center and Dr. Kenneth Lister | |

ORDER ON PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL SSC AND DR. KENNETH LISTER TO PROVIDE DOCUMENTS AND TESTIMONY
[Docket Nos. 2494]

January 26, 2016

Boal, M.J.

The Plaintiffs' Steering Committee ("PSC") moves for an order compelling Specialty Surgery Center ("SSC") and Dr. Kenneth Lister to provide certain documents and testimony. Docket No. 2494. Specifically, the PSC requests that the Court order SSC and Dr. Lister to (1) permit the PSC to re-depose Jean Atkinson and Dr. Lister; (2) conduct a complete search for both hard-copy and ESI records in response to the PSC's second request for production of documents without date restrictions, arbitrary custodian limitations, or other restrictions; (3) justify the redactions to Exhibit 3 to SSC's response to the second request for production of documents; and (4) produce a copy of their litigation hold communication. After careful consideration of the parties' briefs and the arguments presented at the January 14, 2016 hearing, the Court rules as follows:

1

1. <u>Re-deposition Of Jean Atkinson And Dr. Lister</u>

The PSC may re-depose Dr. Lister and Ms. Atkinson regarding the production of the formulary, the formulary itself, and any modifications to the formulary. The deposition may take place in advance of the case specific depositions of Dr. Lister and Ms. Atkinson.

2. Hard Copy And ESI Searches Without Date
<u>Restrictions And Without Custodian Restrictions</u>

First, the PSC requests that SSC conduct an undated search of hard copy documents to respond to the PSC's second request for documents. Docket No. 2495 at 18-19. SSC has represented that its search for hard copy documents responsive to the PSC's second request for documents did not contain a date limitation and that it is not sure where the PSC got the idea that date restrictions were used for the hard copy documents. Docket No. 2565 at 9. Accordingly, this request is moot.

Second, the PSC requests that the SSC conduct an undated search of electronically stored information ("ESI") with respect to all relevant custodians, including SSC's Executive Committee members. Docket No. 2495 at 19. The Court grants the request.

3. Justify Redactions In Exhibit 3 To SSC's Responses
<u>To The PSC's Second Set of Requests for Production</u>

The PSC next requests an additional explanation of the redactions in Exhibit 3 to SSC's responses to the PSC's second requests for production of documents. SSC has emailed the PSC a further explanation of the redactions. Docket No. 2565-4. Accordingly, the request is moot.

4. <u>Litigation Hold Letter</u>

Finally, the PSC asks the Court to order SSC to produce the litigation hold letter received from its attorneys. "Although in general hold letters are privileged, the prevailing view . . . is that when spoliation occurs the letters are discoverable." <u>Major Tours, Inc. v. Colorel</u>, No. 05-

3091, 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009) (citation omitted).  Spoliation is the "intentional, negligent, or malicious destruction of relevant evidence."  Gordon v. DreamWorks Animation SKG, Inc., 935 F. Supp. 2d 306, 313 (D. Mass. 2013) (citation omitted).  In order to find spoliation, the Court must first determine whether an act of destruction occurred.  Id.  "This requires finding four elements: 1) an act of destruction; 2) discoverability of the evidence; 3) intent to destroy the evidence; and 4) occurrence of the act after commencement of litigation or, if before, at a time when the party was on notice that the evidence might be relevant to potential litigation."  Id.

       The Court denies the request without prejudice.  If, after receiving additional discovery on these issues the PSC has evidence of spoliation that meets the standard referenced above, it may renew this request.

                                /s/ Jennifer C. Boal
                                JENNIFER C. BOAL
                                United States Magistrate Judge