UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-FDS |
| THIS DOCUMENT RELATES TO:<br><br>All cases naming any of the following entities:<br><br>Specialty Surgery Center,<br>BKC Pain Specialists, Inc.,<br>Box Hill Surgery Center LLC,<br>Premier Orthopaedic,<br>Sports Medicine Associates Of Southern New Jersey, LLC,<br>Saint Thomas Outpatient Neurosurgical Center, LLC., and<br>Ocean State Pain Management, P.C. | |

**JOINT MOTION FOR ORDER PERMITTING ACCESS TO THE RUST/OMNI REPOSITORY BY LITIGATING PARTIES**

The Plaintiffs' Steering Committee (the "PSC"), along with counsel for Defendants in the above-referenced action who have filed various motions for access to the Rust/Omni Repository (the "Rust Repository"), including Specialty Surgery Center (Dkt. No. 2453), the Ohio and Illinois Medical Defendants (Dkt. No. 2477), the Box Hills Defendants (Dkt. No. 2480), the Premier Defendants (Dkt. No. 2501), and the Ocean State Pain Management (Dkt. No. 2504), in addition to Saint Thomas Outpatient Neurosurgical Center, LLC[1] (collectively the "Moving Defendants") herby submit this Motion for an order permitting access by all parties in the MDL to the Rust Repository, under certain conditions as set forth below.

---

[1] Saint Thomas Outpatient Neurosurgical Center, LLC has not previously filed a motion for access to the Rust Omni Repository. To avoid cluttering up the docket, Saint Thomas Outpatient Neurosurgical Center, LLC relies on the current joint motion, rather than filing a separate motion.

**BACKGROUND INFORMATION**

On June 13, 2013, the PSC filed a Motion for Entry of Qualified Protective Order seeking entry of a Qualified Protective Order principally to assist in managing information sought in subpoenas to hospitals, pharmacies, and clinics.[2] The PSC principally sought information protected by HIPAA to facilitate the identification of potential claimants in the NECC Bankruptcy Action.[3] On June 21, 2013, Judge Saylor entered his Order Granting Plaintiffs Leave to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information (the "QPO Order").[4]

The QPO Order directed the PSC, the Trustee, and the Official Creditors Committee to identify a vendor to collect and store any documents that contained protected health information ("PHI").[5] These entities selected Rust/Omni as the HIPAA vendor and the Court granted access to these documents only to lead counsel, the Trustee, and the OCC to facilitate contacting individuals that may have claims in the Bankruptcy Action.[6]

Following entry of the QPO Order and production by hospitals, clinics, and pharmacies, Rust/Omni created a repository to store and maintains documents produced in this litigation that contained PHI, including documents produced by the NECC Trustee in response to document requests to NECC. Certain clinic Defendants have now requested access to the Rust Repository.

The PSC does not oppose providing access to clinics, as well as Plaintiffs litigating against clinics, but believes that access to the PHI held in the Rust Repository must be controlled in such a way as to restrict access to documents containing PHI to those litigants for whom it

---

[2] Dkt. No. 180.
[3] Dkt. No. 181 at P. 2.
[4] Dkt. No. 192.
[5] *Id*.
[6] *Id*.; Dkt. No. 224.

2

may be relevant. The PSC proposes, and after consultation with the PSC, Moving Defendants have agreed, that access to documents containing the PHI of patients for any particular clinic shall be restricted to litigants involving that clinic. Under the agreed-upon proposal, access to document containing the PHI of individuals who were treated at clinics other than the one at issue in a particular litigation shall continue to be restricted. If a party believes that documents pertaining to another clinic or clinics are relevant and seeks access to those documents, after meeting and conferring with the PSC, they may file a separate motion with the Court. Nothing in this joint motion shall be construed as prohibiting parties from filing such a motion in the future or waiving the opportunity to do so.

## **PROPOSED CONDITIONS**

The parties have agreed to a system of access to the Rust Repository that will involve the following:

1. The PSC shall cause all documents currently held in the Rust Repository, and any future documents produced to the Rust Repository to be organized into clinic-specific folders in the Rust Repository to basically divide the documents by clinic.

2. Counsel for each clinic, or Plaintiff with claims against that clinic, seeking access to documents on the Rust Repository shall be provided access credentials by Rust/Omni that will allow them to access documents placed in the folder related to the particular clinic at issue.

3. The party seeking access to such documents shall bear the reasonable cost of obtaining access, if any;

4. If there are documents currently held in the Rust Repository, or placed in the Rust Repository in the future, that are related to more than one particular clinic or for

3

    which it cannot be ascertained which clinic or clinics they relate, or that are not clinic related, they shall be placed in a separate folder in the Rust Repository designated for such documents. If necessary, the PSC and the Moving Defendants shall confer and agree upon a mechanism for production of these documents to interested parties or, barring agreement concerning such access, seek further guidance from the Court.

5. If a party believes that documents pertaining to another clinic or clinics are relevant and would like access to those documents, after meeting and conferring with the PSC, they may file a separate motion with the Court. Nothing herein shall be construed as prohibiting parties from filing such a motion in the future or waiving the opportunity to do so.

The above conditions are designed to (1) protect PHI under HIPAA, (2) put the cost of accessing documents on the party seeking access, and (3) give each side (both plaintiffs and defendants) equal access to documents related to each plaintiff's claims.

The parties maintain that the above approach strikes the appropriate balance between patient privacy and the need for parties litigating claims to obtain access to documents relevant to those claims.

## CONCLUSION

Accordingly, the parties respectfully request that the Court adopt the above approach as to how clinics and litigating Plaintiffs can access documents in the Rust/Omni Repository.

Dated: January 28, 2016                                                  Respectfully submitted,

                                                                                                              **/s/ Thomas M. Sobol**
C.J. Gideon, Jr.                                                                 Thomas M. Sobol
Chris J. Tardio                                                                   Kristen A. Johnson

| | |
|---|---|
| Alan S. Bean<br>Matthew H. Cline<br>GIDEON, COOPER & ESSARY, PLC<br>315 Deaderick Street, Suite<br>Nashville, TN 37238<br>Ph: (615) 254-0400<br>Fax: (515) 254-0459<br><br>*Counsel for Specialty Surgery Center and Saint Thomas Outpatient Neurosurgical Center, LLC*<br><br>Parks T. Chastain<br>Kent E. Krause<br>Ashley E. Geno<br>BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC<br>P.O. Box 23890<br>Nashville, TN 37202-3890<br>(615) 256-8787 (PTC)<br>(615) 256-8985 (fax)<br><br>*Counsel for Specialty Surgery Center, PLLC, and Dr. Kenneth Lister, M.D.*<br><br>Tory A. Weigand<br>Anthony E. Abeln<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210-1181<br>(617) 439-7500<br><br>*Counsel for BKC Pain Specialists, Inc., Nikesh Batra, M.D., Adil Katabay, M.D., APAC Centers for Pain Management, Randolph Chang, M.D., James Molnar, M.D. Ann Tuttle, M.D., Cincinnati Pain Management, Marion Pain Clinic, Lori Sheets, R.N., Saud Siddiqui, M.D., Gururau Sudarshan, M.D., and Meena Chadha*<br><br>Gregory K. Kirby<br>PESSIN KATZ LAW, P.A.<br>901 Dulaney Valley Road, Suite 500<br>Towson, Maryland 21204<br>(410) 938-8800 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA 02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003<br>tom@hbsslaw.com<br>kristenj@hbsslaw.com<br><br>*Plaintiffs' Lead Counsel*<br><br>Elizabeth J. Cabraser<br>Mark P. Chalos<br>Annika K. Martin<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>150 Fourth Avenue North, Suite 1650<br>Nashville, TN 37219-2417<br>Telephone: 615.313.9000<br>Facsimile: 615.313.9965<br>ecabraser@lchb.com<br>mchalos@lchb.com<br>akmartin@lchb.com<br><br>*Federal/State Liaison*<br><br>Marc E. Lipton<br>LIPTON LAW<br>18930 W. 10 Mile Road<br>Southfield, MI 48075<br>Telephone: (248) 557-1688<br>Facsimile: (248) 557-6344<br>marc@liptonlawcentercom<br><br>Kim Dougherty<br>JANET, JENNER & SUGGS, LLC<br>31 St. James Avenue, Suite 365<br>Boston, MA 02116<br>Telephone: (617) 933-1265<br>kdougherty@myadvocates.com<br><br>Patrick T. Fennell<br>CRANDALL & KATT<br>366 Elm Avenue, S.W.<br>Roanoke, VA 24016<br>Telephone: (540) 342-2000<br>pfennel@crandalllaw.com |

*Counsel for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.*

Christopher M. Wolk
BLUMBERG & WOLK, LLC
158 Delaware Street
P.O. Box 68
Woodbury New Jersey 08096
(856) 848-7472

*Counsel for Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, MD., a/k/a Kimberly Yvette Smith-Martin, MD., Thomas Dwyer, MD., Richard* C. *DiVerniero, MD., and Richard Strauss, MD.*

Sean Capplis
Thomas M. Dolan III
CAPPLIS, CONNORS, & CARROLL, P.C.
18 Tremont Street, Suite 330
Boston, MA 02108
Tel: (617) 227-0722
Fax: (617) 227-0772

*Counsel for Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C.*

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee*

6

**CERTIFICATE OF SERVICE**

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: January 28, 2016                     **/s/ Thomas M. Sobol**
                                            Thomas M. Sobol