UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419 Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | |
| All Actions | |

## [PROPOSED] ORDER PERMITTING ACCESS TO THE RUST/OMNI REPOSITORY BY LITIGATING PARTIES

WHEREAS, on June 13, 2013, the Plaintiffs' Steering Committee (PSC) filed a Motion

for Entry of Qualified Protective Order (Dkt. No. 180) seeking entry of a Qualified Protective

Order principally to assist in managing information sought in subpoenas to hospitals,

pharmacies, and clinics, including information protected by HIPAA to facilitate the identification

of potential claimants in the NECC Bankruptcy Action (Dkt. No. 181).

WHEREAS, On June 21, 2013, Judge Saylor entered his Order Granting Plaintiffs Leave

to Serve Subpoenas and Qualified Protective Order Regarding Protection of Health Information

(Dkt. No. 192).

WHEREAS, counsel for certain clinic Defendants have recently filed various motions for

access to the Rust/Omni Repository (the "Rust Repository"), including Specialty Surgery Center

(Dkt. No. 2453), the Ohio and Illinois Medical Defendants (Dkt. No. 2477), the Box Hills

Defendants (Dkt. No. 2480), the Premier Defendants (Dkt. No. 2501), and the Ocean State Pain

Management Defendants (Dkt. No. 2504), in addition to Saint Thomas Outpatient Neurosurgical

Center, LLC.[1]

---

[1] Saint Thomas Outpatient Neurosurgical Center, LLC has not previously filed a motion for access to the Rust Omni Repository. Saint Thomas Outpatient Neurosurgical Center, LLC did however join the current joint motion, rather than filing a separate motion.

WHEREAS, the PSC and counsel for clinic Defendants met and conferred regarding the issue of access to the Rust Repository and on January 28, 2016 filed a Joint Motion for Order Permitting Access to the Rust/Omni Repository by Litigating Parties.

WHEREAS, the parties have agreed to a system of access to the Rust Repository as set forth below.

IT IS HEREBY ORDERED THAT:

1. The PSC shall cause all documents currently held in the Rust Repository, and any future documents produced to the Rust Repository to be organized into clinic-specific folders in the Rust Repository to basically divide the documents by clinic.

2. Counsel for each clinic, or Plaintiff with claims against that clinic, seeking access to documents on the Rust Repository shall be provided access credentials by Rust/Omni that will allow them to access documents placed in the folder related to the particular clinic at issue.

3. The party seeking access to such documents shall bear the reasonable cost of obtaining access, if any;

4. If there are documents currently held in the Rust Repository, or placed in the Rust Repository in the future, that are related to more than one particular clinic or for which it cannot be ascertained which clinic or clinics they relate, or that are not clinic related, they shall be placed in a separate folder in the Rust Repository designated for such documents.  If necessary, the PSC and the Moving Defendants shall confer and agree upon a mechanism for production of these documents to interested parties or, barring agreement concerning such access, seek further guidance from the Court.

5.  If a party believes that documents pertaining to another clinic or clinics are relevant and would like access to those documents, after meeting and conferring with the PSC, they may file a separate motion with the Court.  Nothing herein shall be construed as prohibiting parties from filing such a motion in the future or waiving the opportunity to do so.

The above conditions are designed to (1) guard protected health information under the Health Insurance Portability and Accountability Act (HIPAA); (2) put the cost of accessing documents on the party seeking access; and (3) give each side (both plaintiffs and defendants) equal access to documents related to each plaintiff's claims.

BY THE COURT:

Dated:  January 29, 2016

Hon. Jennifer C. Boal
United States Magistrate Judge