# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br><br>This document relates to:<br><br>All Cases against the Box Hill Defendants[1] | MDL No. 02419<br>Docket No. 1:13-md-2419-RWZ |

### THE BOX HILL DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively, "Box Hill Defendants") submit this Sur-Reply to Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Strike Certain Affirmative Defenses, Cross Claims and Third-Party Claims from Defendants' Answers to Plaintiffs' Complaints ("Plaintiffs' Reply" or "Plaintiffs' Motion to Strike") to correct certain misstatements of law regarding Defendants' statutory rights in the event of a verdict against them.

1.  As evidenced by Plaintiffs' arguments in support of their Motion to Strike, Plaintiffs misunderstand the legal effect of the four affirmative defenses they seek to strike in the instant litigation. Specifically, Plaintiffs continue to assert, albeit incorrectly, that the defenses

---

[1] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ.

should be stricken because they violate the collateral source rule and the terms of the Chapter 11 Bankruptcy Plan and channeling injunctions.

2. Plaintiffs' arguments fail because the affirmative defenses they seek to strike are based on the statutory rights afforded to Defendants under Maryland law and striking them would deprive Defendants of those rights. Furthermore, the claimed prejudice Plaintiffs allege they will suffer because of the four affirmative defenses demonstrates their fundamental misunderstanding of the law.

3. In their Reply, Plaintiffs continue to assert that Affirmative Defense No. 4 violates the collateral source rule. This is incorrect because the defense is based on Defendants' statutory post-judgment rights in the event a verdict is entered against them. Specifically, any award for past medical expenses **cannot** include the amounts of any write-offs by health care providers. Rather, reduction of an award for past medical expenses pursuant to § 3-2A-09(d) of the Maryland Health Care Malpractice Claims Act ("Maryland HCMCA") is mandatory, not discretionary as Plaintiffs claim. *See* Md. Code Ann., Cts. & Jud. Proc., § 3-2A-01, *et seq*.

4. Furthermore, Defendants' statutory right to seek a reduction of any potential verdict against them under the provisions of § 3-2A-05 of the Maryland HCMCA is a post-judgment proceeding where evidence of collateral source is permitted. Consequently, Plaintiffs' assertion that Affirmative Defense No. 4 violates the collateral source rule is simply wrong, as well as premature.

5. The remaining affirmative defenses (Nos. 8, 28, and 29) preserve the defenses applicable to the Box Hill Defendants under Maryland law, which retains the doctrines of contributory negligence and joint and several liability. This Court explicitly ruled that nothing in the Order dismissing all of the Settling Defendants "shall abrogate or dismiss any defense based

2

on comparative fault that may be available under applicable state law to the remaining defendants." *See* ECF #2193. It is nonsensical that the language in the Order dismissing the Settling Defendants would preserve only the rights of the remaining defendants in comparative fault jurisdictions to fairly apportion fault among the parties, but would foreclose the rights of any remaining defendants in jurisdictions employing contributory negligence/joint and several liability to pursue the same remedy. This is especially true since Defendant Box Hill's affirmative defenses do not seek any monetary damages from the settling defendants.

6. Plaintiffs' claimed prejudice is equally absurd. Plaintiffs contend that permitting Defendants to invoke the doctrine of joint and several liability will result in "protracted" and "expensive" litigation because a different judge "who is unfamiliar with the complex proceedings as well as the history and terms of the Chapter 11 Bankruptcy Settlement Agreement" will preside over the trials in these cases.[2] *See* Plaintiffs' Reply ECF #2604, p.4. This is not a reason to preclude Defendants from asserting their statutory rights to set-off. Indeed, a judge will have no difficulty reviewing the facts of these cases and applying the law in the event of a verdict against Defendants to ensure that the amount of damages is proper and equitable under Maryland law.

7. Finally, Plaintiffs' Motion is premature. These are affirmative defenses that must be pleaded by Defendants at this stage to prevent a waiver of those defenses. Plaintiffs' Motion

---

[2] This argument is unfounded for two reasons. First, judges routinely preside over complex litigation and have no difficulty making legal determinations, regardless of how complicated the procedural and factual history may be. Second, it fails to acknowledge that Plaintiffs originally sued the Settling and Non-Settling Defendants claiming they were all negligent for the alleged injuries. Absent settlement with the Settling Defendants, Plaintiffs would have litigated their claims against all of the alleged tortfeasors. Simply because Plaintiffs reached settlement agreements with some of the alleged tortfeasors, which in no way benefitted the box Hill Defendants, should not result in a windfall to Plaintiffs to the detriment of the Box Hill Defendants in the event of a verdict against the remaining alleged tortfeasors.

3

would be more appropriately addressed later in the litigation as supported by the case law cited in Defendants' Opposition. (ECF # 2561-1, pp. 9, 11).

8. For all of these reasons, and those stated in Defendants' Opposition, Plaintiffs have failed to satisfy their burden under Fed. R. Civ. P. 12(f) of establishing that Defendants will unable to succeed on the four affirmative defenses they seek to strike as a matter of law. The affirmative defenses at issue are based on Defendants' statutory rights under Maryland law to a reduction or set-off by the settlement amounts paid to Plaintiffs by the Settling Defendants in any potential verdict.

Dated: February 4, 2016        Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
gkirby@pklaw.com
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that a copy of the foregoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the individual cases, and will be sent to these parties by operation of the CM/ECF system on February 4, 2016

/s/ Gregory K. Kirby