## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

### PSC'S MOTION FOR QUALIFIED PROTECTIVE ORDER
### CONCERNING PRODUCTION OF CERTAIN INFORMATION
### MAINTAINED BY THIRD PARTY PAYORS

The Plaintiffs' Steering Committee ("PSC") respectfully moves this Court for entry of a

Qualified Protective Order Concerning the Production of Certain Information Maintained by

Third Party Payors, as set forth in the proposed order attached hereto as Exhibit A.

On May 20, 2015 (the "Confirmation Date"), the United States Bankruptcy Court for the

District of Massachusetts, Eastern Division, in the New England Compounding Pharmacy's

Chapter 11 bankruptcy proceeding, Case No. 12-19882 (the "Bankruptcy Proceeding") entered

an order, dated May 20, 2015 (the "Confirmation Order"), confirming the Third Amended Joint

Chapter 11 Plan of New England Compounding Pharmacy, Inc. (the "Plan").  The Plan

establishes a claims process and the payment of settlement proceeds held by the Tort Trust to

victims who qualify for compensation under the Plan.  As part of that process, the Tort Trustee is

responsible for ensuring that all public and private liens which are asserted against recoveries by

victims of the 2012 fungal meningitis outbreak (the "Outbreak") prior to the time of distribution

of funds to victims and their counsel are resolved before payments are made (as defined in the

Confirmation Order).

The Tort Trustee and Lead Counsel for the PSC believe that receipt of certain information maintained by providers of health care insurance, including fully insured health plans, self-funded health plans, and sponsors of Medicare Part C program ("hereinafter "Third Party Payors" or "TPPs") that may assert a lien against the recovery from the Tort Trust by their insureds will aid the Tort Trustee in the administration of the claims process as set forth in the Plan.  TPPs maintain records concerning expenditures on the medical treatment provided to victims of the Outbreak.  The identity of the insured, and in some cases, the details of expenditures on treatment, will aid the Tort Trustee in assessing the value and validity of actual or potential private liens, and we expect, in ultimately resolving these liens.

The information maintained by TPPs contains protected health information and individually identifiable health information, some of which may be  protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC §1320d *et seq*.) and the regulations promulgated thereunder (45 CFR §§160,164 *et seq*.) ("HIPAA").  In preliminary discussions, TPPs have expressed reluctance to share potentially HIPAA protected information about their insureds with the Tort Trustee without the entry of a Qualified Protective Order protecting such information from unauthorized disclosure.

The attached proposed order requires that if such information is provided by a TPP at the request of the Tort Trustee, it will be produced only to, and be maintained only by, the vendor identified by the Court's previous Qualified Protective Order (Dkts. No. 191 and 237) for the maintenance of HIPAA protected information in this matter, Rust Consulting/Omni Bankruptcy. Under the proposed order, access to this information would be restricted to the Tort Trustee and Lead Counsel for the PSC (who is assisting the Tort Trustee in negotiating the resolution of liens with some private TPPs).  TPPs producing HIPAA protected information pursuant to this order

would be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and similar provisions of State law, if any.  Pursuant to HIPAA, TPPs producing information would be relieved of liability for supplying the TPP Lien Information to the Vendor, Rust Consulting/Omni Bankruptcy.  The proposed order also provides for the destruction of any protected health information produced by TPPs to the Vendor at the conclusion of the administration of the Tort Trust.

The PSC believes that such a Qualified Protective Order is necessary to facilitate the resolution of private liens and, therefore, respectfully requests that the Court enter the proposed order attached hereto as Exhibit A.

Dated: February 5, 2016

Respectfully submitted,

**/s/ Kristen A. Johnson**
Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH &
JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## <u>CERTIFICATE OF SERVICE</u>

I, Kristen A. Johnson, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: February 5, 2016                         <u>**/s/ Kristen A. Johnson**</u>
                                               Kristen A. Johnson, BBO # 667261