**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

POST-CONFIRMATION OFFICER'S MOTION FOR ENTRY OF AN
ORDER RATIFYING AND CONFIRMING HIS INTENDED
DISPOSITION OF CERTAIN BOOKS AND RECORDS OF NECC

Paul D. Moore, the Post-Confirmation Officer (the "Post-Confirmation Officer"[1]) of New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC"), hereby moves this Court for entry of an order, pursuant to sections 105(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6007-1 of the Local Bankruptcy Rules (the "MLBR") and substantially in the form of the proposed order attached hereto as Exhibit A, ratifying and confirming the Post-Confirmation Officer's intended disposition of certain books and records of NECC. In support of this Motion, the Post-Confirmation Officer respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Post-Confirmation Officer formerly served as the chapter 11 trustee of NECC's bankruptcy estate and in that capacity is herein referred to as the "Chapter 11 Trustee."

3. The statutory predicates for the relief requested herein are sections 105 and 554 of the Bankruptcy Code.

## BACKGROUND

4. On December 21, 2012 (the "Petition Date"), NECC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in response to numerous lawsuits arising out of an outbreak of fungal meningitis (the "Outbreak") among hundreds of patients who had received injections of pharmaceutical products compounded by NECC. Prior to the Petition Date, NECC operated a pharmaceutical compounding pharmacy.

5. Immediately prior to the Petition Date, on December 13, 2012, the U.S. District Court for the District of Massachusetts (the "District Court") entered an order in Case No. 12-12052—the lead case for various procedurally-consolidated personal injury cases pending against NECC as a result of the Outbreak—with respect to "the preservation of documents, electronically stored information, and tangible things within the possession, custody, and/or control of [NECC], that are, or are reasonably likely to be, relevant and/or subject to discovery in this litigation." (the "Preservation Order") [Dkt. No. 110 in Case No. 12-12052].

6. On January 25, 2013, the Post-Confirmation Officer was appointed to serve as the Chapter 11 Trustee of NECC's bankruptcy estate.

7. On February 12, 2013, Multidistrict Litigation No. 2419 was established and styled *In re New England* Compounding *Pharmacy, Inc. Products Liability Litigation* (the "MDL Proceeding"). A procedural order entered by the District Court governing all actions transferred to the MDL Proceeding (the "MDL Court") provided that the Preservation Order remained "in full force and effect unless modified by this Court upon application." [Dkt. No. 4 in Case No. 13-02419].

8. The Preservation Order has been modified from time to time to permit the Chapter 11 Trustee to dispose of certain property of NECC.

9. Most recently, on November 10, 2014, the MDL Court entered an *Agreed Order Granting Relief from Preservation Order to Permit Chapter 11 Trustee to Sell or Otherwise Dispose of Remaining* NECC *Property* (the "Modified Preservation Order") [Dkt. No. 1538 in the MDL Proceeding], which granted the Chapter 11 Trustee relief from the Preservation Order "to sell or otherwise dispose of the remaining NECC property and to vacate, in whole or in part, the Framingham premises[.]"

10. The Modified Preservation Order further required that the Chapter 11 Trustee:

- "continue to preserve all scanned documents, ESI and other property identified in the Harris Beach indices of preserved materials;"

- "maintain and/or store the Sanyo autoclave, model number MLS3781 . . . (the "Autoclave") at a location acceptable to the Trustee, reasonably close to Boston"; and

- "preserve all original documents that have not been electronically preserved by Harris Beach **unless and until the Trustee obtains an order from the United States Bankruptcy Court for the District of Massachusetts authorizing the disposal of such documents**[.]"

(Modified Preservation Order at 4-5) (emphasis added).

11. In connection with the Modified Preservation Order, Harris Beach PLLC ("Harris Beach"), serving as special counsel to the Chapter 11 Trustee, prepared indices of the relevant electronically stored information ("ESI") and tangible documents of NECC, dating from 2010 through October 2012 (collectively, the "Preserved Documents"), collected and electronically preserved by Harris Beach. These indices were uploaded into the electronic document repository maintained by the Plaintiffs' Steering Committee in the MDL Proceeding for the benefit of various interested parties. Harris Beach and the Post-Confirmation Officer also have maintained all scanned documents, ESI and other property identified in those indices and will continue to do

3

so pending further order of the MDL Court. The Post-Confirmation Officer also has arranged for the ongoing storage of the Autoclave as required by the Modified Preservation Order.

12. Subsequently, on May 20, 2015, this Court entered an order (the "Confirmation Order") [Dkt. No. 1355] confirming the *Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* (the "Plan") [Dkt. No. 1352-1]. The Confirmation Order incorporates the terms and provisions of the Plan and provides that "[a]ll terms and provisions of the Plan are deemed so ordered by the Bankruptcy Court as if such terms and provisions had been set forth in this Confirmation Order." (Confirmation Order at 40.)

13. The relevant provision of the Plan concerning the Post-Confirmation Officer's authority to dispose of the books and records is set forth in Section 6.02(v), as follows:

> [t]he Post-Confirmation Officer shall have the responsibility of storing and maintaining the Debtor's books and record only until such time as he deems, in his sole discretion and subject to the [Modified Preservation Order], such books and records may be abandoned or destroyed, and the Post-Confirmation Officer shall have no liability to any party on account of such abandonment or destruction; *provided, however*, that the Post-Confirmation Officer shall neither abandon nor destroy any such books or records a Shareholder or his or her counsel reasonably requests to be maintained pursuant to the Shareholder Settlement Agreement.

14. Thus, by way of the Confirmation Order, which expressly incorporates Section 6.02(v) the Plan, the Post-Confirmation Officer obtained the authority required under the Modified Preservation Order to dispose of NECC's books and records not otherwise specifically subject to preservation.

15. The Plan became effective on June 4, 2015.

16. Thereafter, in accordance with the terms and provisions of the Plan, the Post-Confirmation Officer sold the remaining assets of NECC (with the exception of the Autoclave) and proceeded to vacate the Framingham premises in an effort to eliminate unnecessary occupancy expenses. In connection with those efforts, the Post-Confirmation Officer now seeks

4

to store only the Preserved Documents as required by the Modified Preservation Order and such other documents as he deems, in his sole discretion, necessary for the remaining administration of NECC's estate, and to destroy all of the remainder.[2]

## RELIEF REQUESTED AND BASIS THEREFOR

17. Pursuant to the Modified Preservation Order, the Confirmation Order and the relevant terms of the Plan, the Post-Confirmation Officer is required to maintain only the Preserved Documents and the Autoclave, and is authorized, in his sole discretion and without further notice or order of this Court, to destroy the remaining books and records of NECC.

18. Nevertheless, out of an abundance of caution, the Post-Confirmation Officer, by this Motion, hereby provides notice to parties in interest of his intended disposition of all of NECC's books and records other than the Preserved Documents, and hereby requests the entry of an order of this Court ratifying and confirming his authority with respect to such intended disposition. In addition, the Post-Confirmation Officer also seeks by this Motion authority, without further order of this Court, to destroy the Preserved Documents (including any portion thereof) if, as and when the MDL Court, after notice to parties in interest to the MDL Proceeding, modifies the Modified Preservation Order and expressly permits the Post-Confirmation Officer to do so.

19. Section 554 of the Bankruptcy Code provides that "[a]fter notice and hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order,

---

[2] The paper records in question that the Post-Confirmation Officer proposes to retain pending further order of this Court or the MDL Court comprise the originals of the documents that were scanned and electronically preserved by Harris Beach. The Post-Confirmation Officer intends to destroy all of the other documents that were not scanned and electronically preserved by Harris Beach. Such documents are voluminous and no longer subject to the Modified Preservation Order, and their retention would entail a significant and unnecessary ongoing expense.

5

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. The Confirmation Order, incorporating Section 6.02(v) of the Plan, authorizes the Post-Confirmation Officer to abandon or destroy NECC's books and records, other than the Preserved Documents, in his sole discretion.

21. Accordingly, the Post-Confirmation Officer seeks the entry of an order of this Court, pursuant to sections 105 and 554 of the Bankruptcy Code, ratifying and confirming his intended disposition of such books and records of NECC.

### **NOTICE**

22. The Post-Confirmation Officer respectfully requests that service of this Motion be limited to those parties and their counsel who are registered to receive notice through this Court's ECF system, which the Post-Confirmation Officer submits is appropriate under the circumstances and will provide further notice and an opportunity to be heard to all of the many parties who have been actively involved in this case.

23. Notice of this Motion will also be filed in the MDL Proceeding and served upon those parties and their counsel registered to receive notice through the District Court's ECF system. As such, that will likewise provide notice to the many parties to the MDL Proceeding.

24. The Post-Confirmation Officer respectfully requests that such notice be deemed sufficient and that no other or further notice be required. Likewise, given the nature of the relief requested herein, which ratifies and confirms relief previously granted after notice and an opportunity to be heard to the same parties, the Post-Confirmation Officer respectfully requests that such relief be granted without the need for a hearing unless one or more objections are filed.

**WHEREFORE**, the Post-Confirmation Officer respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto as <u>Exhibit A</u>, ratifying and confirming his intended disposition of certain books and records of NECC, and granting him such other and further relief as this Court deems just and proper.

Dated: February 10, 2016  
Boston, Massachusetts

Respectfully submitted,

PAUL D. MOORE, POST-CONFIRMATION OFFICER OF NEW ENGLAND COMPOUNDING PHARMACY, INC.,

By his attorneys,

/s/ *Keri L. Wintle*  
Keri L. Wintle, Esq. (BBO # 676508)  
Duane Morris LLP  
100 High Street, Suite 2400  
Boston, MA 02110  
Tel: (857) 488-4266  
Fax: (857) 401-3021  
KLWintle@duanemorris.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

**CERTIFICATE OF SERVICE**

I, Keri L. Wintle, hereby certify that on this 10th day of February, 2016, I caused a copy of the *Post-Confirmation Officer's Motion for Entry of an Order Ratifying and Confirming His Intended Disposition of Certain Books and Records of NECC*, which was filed using this Court's ECF system, to be served electronically upon all parties registered to receive ECF service in the above-captioned case.

        /s/ *Keri L. Wintle*
        Keri L. Wintle

8

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-19882-HJB |

**ORDER RATIFYING AND CONFIRMING POST-CONFIRMATION OFFICER'S
INTENDED DISPOSITION OF CERTAIN BOOKS AND RECORDS OF NECC**

Upon consideration of the *Post-Confirmation Officer's Motion for Entry of an Order Ratifying and Confirming His Intended Disposition of Certain Books and Records of NECC* [Dkt. No. ____] (the "Motion") filed on February 10, 2016, due and proper notice thereof having been given in accordance with Federal Rule of Bankruptcy Procedure 6007 and MLBR 6007-1, and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**;

2. The terms and provisions of the *Findings of Fact, Conclusions of Law and Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc.* [Dkt. No. 1355] entered by this Court on May 20, 2015, authorizing the Post-Confirmation Officer to abandon or destroy the books and records of NECC, in his sole discretion and subject to the *Agreed Order Granting Relief from Preservation Order to Permit Chapter 11 Trustee to Sell or Otherwise Dispose of Remaining NECC Property* [Dkt. No. 1538 in MDL No. 1:13-md-

2419] entered by the District Court[1] in the MDL Proceeding, are hereby ratified and confirmed; and

3. The Post-Confirmation Officer is authorized to abandon, dispose of, and/or to destroy the books and records of NECC, other than the Preserved Documents, in his sole discretion and without further notice or order of this Court. The Post-Confirmation Officer also is hereby authorized, without further order of this Court, to dispose of the Preserved Documents, but only if, as and when the MDL Court, after notice to parties in interest in the MDL Proceeding, modifies the Modified Preservation Order and expressly permits the Post-Confirmation Officer to do so.

Dated this __ day of _____ __, 2016
Springfield, Massachusetts

HONORABLE HENRY J. BOROFF
UNITED STATES BANKRUPTCY JUDGE

---

[1] Unless otherwise defined herein, capitalized terms herein shall have the meanings ascribed to them in the Motion.

2