UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*McElwee, et al v. Ameridose, LLC et al*, Case No. 1:13-cv-12625-RWZ**;**<br><br>*Ziegler et al v. Ameridose, LLC et al*, Case No. 1:13-cv-12588-RWZ;<br><br>*Skelton, et al. v. Ameridose LLC, et al.*, Case No. 1:13-cv-12575-RWZ;<br><br>*Wray, et al.  v. Ameridose*, LLC et al., Case No. 1:13-cv-12737-RWZ;<br><br>*Parman, et al. v. Ameridose LLC*, et al., Case No. 1:13-cv-12433;<br><br>*Temple v. Ameridose et al*, Case No. 1:13-cv-12696-RWZ;<br><br>*Brock et al v. Ameridose et al*, Case No. 1:13-cv-12731-RWZ | MDL No. 2419<br>Master Docket No.: 1:13-md-2419-RWZ<br><br>Honorable Rya W.  Zobel |

**PLAINTIFFS' STEERING COMMITTEE'S
NOTICE OF FILING OF SUMMARY OF REMAINING BELLWETHER CASES**

On February 11, 2016, Magistrate Judge Boal ordered that the Plaintiffs' Steering

Committee and the Nashville Healthcare Defendants[1] file simultaneous filing of Summary of

Remaining Cases that remain in the bellwether pool following the parties' exercise of strikes.[2]

---

[1] The term "Nashville Healthcare Defendants" shall include all remaining defendants named in cases against the Saint Thomas Outpatient Neurosurgical Center LLC, including, Saint Thomas Outpatient Neurosurgical Center LLC, Howell Allen Clinic, P.C. Vaughan A. Allen, M.D., John Culclasure, M.D., and Debra Schamberg and Saint Thomas Hospital West f/k/a Saint Thomas Hospital, Saint Thomas Health, and Saint Thomas Network.
[2] *See* Dkt. No. 2596 and 2649.

Pursuant to the Court's instruction, the PSC hereby files their required Summary of Remaining Cases and arguments related to which cases should proceed to the trial pool.[3]

I.      **Selection of Cases for Trial**

Plaintiffs believe that four of the remaining seven Bellwether Trial Pool cases should proceed to the initial trial pool.  It is important that these cases be representative of the wider issues in this litigation, which Plaintiffs believe to be the following:

1.  What liability do Saint Thomas Neurosurgical Center, ("Saint Thomas Neurosurgical"), Howell Allen Clinic, Dr. Culclasure, and Debra Schamberg have for the injuries suffered by plaintiffs that received tainted injections at Saint Thomas Neurosurgical of steroids manufactured by NECC?

2.  What liability, if any, do Saint Thomas Hospital, Saint Thomas Health, and Saint Thomas Network (collectively the "Saint Thomas Entities") have for the conduct of Saint Thomas Neurosurgical and its physicians and staff and/or whether the Saint Thomas Entities are directly liable for the injuries suffered by plaintiffs that received tainted injections of steroids manufactured by NECC at Saint Thomas Neurosurgical?

3.  What damages are plaintiffs entitled to, if, liability can be shown related to any of the aforementioned Defendants?

Answering these three questions remains critical to bringing cases naming Saint Thomas Neurosurgical to a resolution.

Some cases in the Bellwether Pool are better suited to obtaining answers to these questions

---

[3] The Court will recall that under the Court's Bellwether Trial Plan, the PSC and the Nashville Healthcare Defendants were to select eight cases each for inclusion in the Bellwether Pool.  Dkt. No. 2075.  On August 14, 2015, the parties selected their respective cases and due to one overlap the Bellwether Pool consisted of 15 total cases.  Dkt. Nos. 2174 and 2175.  The Court granted each party four strikes and ordered they be executed by February 5, 2015.  Dkt. No. 2596.  After each party exercised their respective strikes, the Bellwether Pool now consists of seven cases.

than others.  The PSC believes that for a case to provide representative answers to those questions, it must meet the following criteria:

1.  A plaintiff must have received an MPA steroid injection clearly within the period of contamination;

2.  A plaintiff must have suffered a fungal infection in the period following the injection received during the period of contamination;

3.  A plaintiff should have a clearly triable claim such that the Court and the parties will not be bogged down by case-specific motion practice that is likely to result in a case being dismissed on grounds applicable only to that individual case or a small number of cases.

Only cases that meet the above criteria are those best suited to answering the critical questions remaining in cases involving Saint Thomas Neurosurgical, and a trial pool that is able to answer those questions is the trial pool best suited to guiding the parties as to the next phase in this litigation.

It should also be noted that many of the Defendants picks are simply not representative of the wider cases at issue. The PSC and Defendants agreed that cases should be selected from five categories of injuries which roughly tracked the category of injuries identified by the Center of Disease Control.[4] Based on testimony that the Defendants obtained from treating physicians, it is clear that the cases Defendants selected for the meningitis + paraspinal infection category (i.e. Category II cases) and the periphery joint infection category (i.e. Category IV), they intend to challenge whether these individuals ever had the infection so identified.  Moreover, the Defendants, as explained in greater detail below, believe the case it selected in the Death

---

[4] Those categories are as follows: Death (Category I), meningitis + paraspinal infection (Category II), meningitis only (Category III), periphery joint infections or other paraspinal infections not identified as meningitis (Category IV), and a catch-all "other injury" category (Category V).  *See* Dkt. Nos. 2174 and 2175.

Category suffers from procedural defects that no other case allegedly suffers from.[5]

Further, through the strike process, Defendants have struck all of the PSC's identified death (Category I) and meningitis + paraspinal infection (Category II) cases.  The result of the strike process and Defendants picking non-representative cases leaves the bellwether pool without a clear representative case involving the category of injuries (i.e. Category I and Category II) that involve the most damages, which are the cases that will give the parties the best understanding of the value of the remaining cases after the bellwether trials.

This problem created by Defendants could be rectified, however, should the Court decide to grant the pending motion filed by Wayne A. Reed.  Dkt. No. 1882.   The Court will recall Mr. Reed's wife, Diane Reed, died following her injection at Saint Thomas Neurosurgical.  This case involves a patient with a clear injury resulting from an injection during the period of contamination and falls within one of the most, if not the most, important category of injury cases: those involving patients that died.[6]

Should the Court decide not to set Mr. Reed's case for trial, the PSC provides the below summary of the remaining cases in the bellwether pool that are most appropriate for trial.

**II.     Plaintiffs' Bellwether Picks, in Order of Preference**

*McElwee, et al v. Ameridose, LLC et al*, **Case No. 1:13-cv-12625-RWZ (PSC Selection, Category III – meningitis only)**

*REDACTED*

---

[5] *See* Dkt. No. 779-1.
[6] According to Defendants own filing 12% of the cases on file involve patients that have died.  Dkt. No. 2174.

***Ziegler et al v. Ameridose, LLC et al***, **Case No. 1:13-cv-12588-RWZ (PSC Selection, Category IV – periphery joint infection)**

# *REDACTED*

***Skelton, et al. v. Ameridose LLC, et al.,*** **Case No. 1:13-cv-12575-RWZ (Defense Selection, Category III – meningitis only)**

## *REDACTED*

***Wray, et al.  v. Ameridose, LLC et al.***, **Case No. 1:13-cv-12737-RWZ (PSC Selection, Category III – meningitis only)**

# *REDACTED*

***Parman, et al. v. Ameridose LLC***, **et al., Case No. 1:13-cv-12433 (Defense Selection, Category III – meningitis only)**

*REDACTED*

III.    **Cases That Are Inappropriate Bellwether Picks**

   *Temple v. Ameridose et al*, **Case No. 1:13-cv-12696-RWZ (Defense Selection, Category I – Death)**

*REDACTED*

***Brock et al v. Ameridose et al*, Case No. 1:13-cv-12731-RWZ (Defense Selection, Category II – meningitis + paraspinal infection)**

# *RFEDACTED*

## IV.    Conclusion

For the reasons articulated above, the PSC believes that the four trial pool cases should be, in order of preference to be tried: *McElwee, Ziegler, Skelton,* and *Wray*.

February 16, 2016                                    Respectfully submitted,

                                                     /s/ J. Gerard Stranch, IV
                                                     J. Gerard Stranch, IV
                                                     Benjamin A. Gastel
                                                     BRANSTETTER, STRANCH & JENNINGS
                                                     PLLC
                                                     227 Second Avenue North
                                                     Nashville, TN  37201
                                                     Telephone:  (615) 254-8801
                                                     Facsimile:  (615) 255-5419
                                                     gerards@branstetterlaw.com
                                                     beng@branstetterlaw.com

                                                     *Plaintiffs' Steering Committee and Tennessee
                                                     State Chair*

## <u>CERTIFICATE OF SERVICE</u>

I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: February 16, 2016                     /s/ J. Gerard Stranch, IV
                                             J. Gerard Stranch, IV