UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) |
| _____ ) | MDL No. 2419 |
| | ) Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| All Cases | ) |
| | ) |
| | ) |

**STOPNC DEFENDANTS'
EMERGENCY MOTION TO EXTEND COMMON EXPERT DEPOSITION DEADLINE
FROM MARCH 18, 2016 TO APRIL 9, 2016**

The STOPNC Defendants move this Court emergently to extend the deadline to take all common expert depositions from March 18, 2016 to April 9, 2016. As of the time of filing this motion, the PSC has not agreed. As grounds, the STOPNC Defendants state:

1. The final expert reports were served on January 29, 2016. After the rebuttal experts were disclosed, a total of 35 experts were disclosed among the multiple parties remaining in the STOPNC cases, covering approximately twelve different areas (*e.g.*, purchasing, compounding, outside testing, cleanroom design, regulatory issues, *etc.*).

2. The present scheduling order sets the deadline to finish common expert depositions of these 35 witnesses as March 18 [Dkt. 2596].

3. Once each party had disclosed their last expert, that left 36 business days to take the common expert depositions of 35 expert witnesses, spaced across the country.

4. The first expert deposition was taken on February 12.

5. The parties have taken (or are scheduled to take) eight depositions on the twelve business days from February 12-29.

6. On the 14 business days from March 1-18, the parties are scheduled to take 15 depositions, including four days with two depositions scheduled in different parts of the country and one on a Saturday.[1]

7. The STOPNC Defendants have worked diligently to schedule depositions of their experts.[2] This includes taking two of the PSC's experts on Saturdays, offering to present one of their experts on a Saturday, agreeing to schedule multiple depositions on single days, and also agreeing to forego attendance at multiple depositions in person and only attending by video.

8. No matter how one looks at it, though, there are no remaining available dates before March 18 to schedule the remaining STOPNC Defendants' experts' depositions. The depositions must bleed over the deadline.

9. Recognizing this, the STOPNC Defendants sought to slot their remaining experts in the weeks immediately following the deadline.[3] They offered remaining experts on March 23, March 24, March 28, and March 30. The PSC refused without offering a reason except that the deadline is the 18th.

10. Notably, despite not agreeing to extend the deadline, the PSC *has already agreed to take depositions beyond the deadline*, including depositions on March 21 and March 22, and offering to take another on March 19. Like the STOPNC Defendants, the PSC could not fit their experts into dates before March 18, the only date working for one PSC expert being April 9 (a Saturday).[4][5] So, while the PSC apparently opposes an extension, they have already agreed to both take and present experts after the deadline.

11. This motion is brought well before the March 18 deadline. It is brought in good faith. It is not the result of delay or obstruction. No parties will be prejudiced by the requested relief. The PSC has already offered to take a deposition on March 19, and agreed to take depositions on March 21, March 22, and April 9. Therefore, it is difficult to imagine a reasonable argument that they will be prejudiced by this extension. Nevertheless, they have not agreed.

12. Most importantly, allowing the remaining STOPNC Defendants' experts to be deposed the weeks of March 21, March 28, and April 4, will have no impact on the remaining deadlines. There is no good reason to oppose an extension, and it is frustrating that this motion is not submitted with agreement. The remaining deadlines apply primarily to case-specific discovery. And, as the Court noted at the last status conference, we are looking at a July or August first trial date. This

---

[1] *See* Exhibit 1.
[2] The STOPNC Defendants disclosed their experts last. Thus, simply by virtue of the sequencing of the exchange of expert reports, the STOPNC Defendants began the process of scheduling their experts last.
[3] *See* Exhibit 2.
[4] *See* Exhibit 3.
[5] Additionally, the PSC has requested other depositions of non-expert witnesses in this time period.

motion is about getting the discovery done to go to trial, not delay or gamesmanship.

13. At the January Status Conference, these deadlines were discussed, and STOPNC counsel previewed the fact that a March 18 deadline would be very, very difficult to meet.[6] The PSC reflexively rejected that notion.[7] While the parties have gotten close to meeting the deadline, it cannot be met, as anticipated.

14. The STOPNC Defendants have consulted with the Saint Thomas Entities. They do not oppose taking expert depositions the three weeks following March 18.

15. The STOPNC Defendants file this motion emergently because, if it is granted, they need to move quickly to secure their experts' deposition dates.

16. This Court has the authority to extend the expert deposition deadline.[8] Federal trial courts have "broad discretion in managing the pace of pretrial proceedings, including the timing of discovery."[9]

17. The STOPNC Defendants respectfully request through April 9 to finish expert depositions.


Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**


/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic
Defendants***

---

[6] *See* January 14, 2016 Motions Hearing and Status Conference Transcript, 5:10-7:6.
[7] *Id.* at 12:18-23 (stating "We think our schedule is very easy to meet. We think we can meet the current schedule without these extensions….").
[8] *Poulin v. Greer*, 18 F.3d 979, 986 (1st Cir. 1994)(holding that district courts have "broad discretionary powers" to manage pretrial discovery).
[9] *Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008).

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 23rd day of February, 2016.

/s/ Chris J. Tardio