UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | MDL No. 2419<br>Docket No. 1:13-md-2419 (RWZ) |

### Declaration of Byron McEntire

I, Byron McEntire, declare as follows:

1. I am the Administrator at Summit Surgery Center ("Summit"), located at 3901 Central Pike, Suite 152, Hermitage, Tennessee 37076. I have been the Administrator at Summit since 2005.

2. I am submitting this Declaration in support of Summit's Motion to Quash 30(b)(6) Deposition by Written Questions.

3. Summit received a subpoena from Defendants Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Rhaul Shah, M.D., John Catalano, M.D., Richard DiVerniero, M.D. and Richard Strauss, M.D. (the "Premier Defendants"). The subpoena listed questions related to the New England Compounding Pharmacy, Inc. ("NECC").

4. As Summit's Administrator, I am familiar with Summit's purchases from NECC and would be alerted if any of Summit's patients raised legal claims related to products manufactured by NECC.

5. I understand that the Premier Defendants have informed the Court that Summit purchased methylprednisolone acetate ("MPA") that was manufactured by NECC. Based on my review of Summit's records and records from the Food and Drug Administration, I have confirmed that Summit never purchased MPA from NECC.

6. Summit has no affiliation to the Premier Defendants.

7. To my knowledge, Summit has no clinic patients that have (1) filed a lawsuit raising allegations related to the administration of a product manufactured by NECC, (2) joined in the multi-district litigation related to NECC, (3) notified Summit of intent to bring a claim against Summit related to NECC medication, or (4) otherwise alleged that they were injured by a product manufactured by NECC.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Byron McEntire

Dated: February 25, 2016