UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re: New England Compounding Pharmacy, Inc.** | )<br>)<br>)   Civil Action No.: MDL 1:13-md-02419<br>)   (RWZ)<br>)<br>) |

**OBJECTIONS OF CUMBERLAND MEDICAL CENTER TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Cumberland Medical Center ("CMC")[1], through counsel, serves the following written objections upon counsel for Plaintiffs' Steering Committee, J. Gerard Stranch, IV, pursuant to Federal Rule of Civil Procedure 45 and in the time allowed pursuant to the Stipulation Regarding the Deadline to File Objections and Respond to Plaintiffs' Steering Committee's Subpoena Issued January 29, 2016 by Counsel J. Gerard Stranch, IV, Esq. [Doc. 2655].

PSC's subpoena seeks production of information as set forth in Attachment A to the subpoena as set forth below. CMC's objections to the documents, information or objects sought are addressed in turn.

1. All documents in your possession, custody, or control relating to litigation hold communication and/or document preservation directives received by you or SSC from Gideon Cooper & Essary PLC or any other law firm relating to the 2012 fungal meningitis catastrophe and ensuing litigation, including, but not limited to litigation hold communication believed to be dated October 12, 2012 and April 12, 2013.

---

[1] Plaintiffs' Steering Committee's Subpoena Attachment "A" defines you and your as "Cumberland Medical Center, Inc. and/or Covenant Health d/b/a Cumberland Medical Center." Cumberland Medical Center, Inc. is a not-for-profit corporation located in Crossville, Cumberland County, Tennessee.  Cumberland Medical Center, Inc. operates a hospital "Cumberland Medical Center."  Covenant Health is a member of the not-for-profit corporation, Cumberland Medical Center, Inc., but Covenant Health does not operate, possess, or control Cumberland Medical Center or its premises.  Accordingly, Covenant Health has not been properly subpoenaed in the captioned case and does not respond to the subpoena issued by PSC.

**OBJECTIONS:** CMC objects to this request to the extent that it seeks information privileged and protected by the attorney-client privilege and/or the work product doctrine. Furthermore, certain of the materials responsive to this request may contain CMC's proprietary and confidential business information. CMC further objects to the undue burden and expense item 1 places upon it in searching, reviewing, and producing responsive material.

By way of further response, CMC is unaware of any documents relating to litigation hold communication or document preservation directives addressed to it from Gideon Cooper & Essary PLC in 2012 or any other law firm in 2012 or 2013. Based upon CMC's current understanding, the only documents which may be responsive to this request would have come into CMC's possession by way of the eight computers CMC obtained when it purchased certain assets of Specialty Surgery Center ("SSC").

Without waiving said objections, and expressly subject to the same, CMC is amenable to developing protocols, terms, and an appropriate Business Associate Agreement and Qualified Health Information Portability and Accountability Act protective order agreeable to it, the PSC and Defendants to govern the identification, review and production of materials responsive to this request that may be contained on the eight computers CMC obtained when it purchased certain assets of SSC and which do not contain material subject to the attorney-client privilege or the work-product doctrine, do not contain proprietary and/or confidential business information of CMC, and are in compliance with CMC's obligations under the Heath Information Portability and Accountability Act and the regulations promulgated thereunder.

2. All documents in your possession, custody, or control obtained from SSC or counsel for SSC relating to legal claims or litigation against SSC, to the extent not previously produced.

**OBJECTIONS:   CMC objects to this request to the extent that it seeks information privileged and protected by the attorney-client privilege and/or the work product doctrine.  CMC further objects to the production of any proprietary and/or confidential business records.**

**CMC objects to item 2 to the extent it seeks information subject to the Health Information Portability and Accountability Act and regulations promulgated pursuant thereto.  Furthermore, certain of the materials responsive to this request may contain CMC's proprietary and confidential business information.  CMC further objects to the undue burden and expense item 2 places upon it in searching, reviewing, and producing responsive material.  Moreover, item 2 is vague and overly broad in scope and not proportional to the needs of discovery in the case.**

**Without waiving said objections, and expressly subject to the same, CMC is amenable to developing protocols, terms, and an appropriate Business Associate Agreement and Qualified Health Information Portability and Accountability Act protective order agreeable to it, the PSC and Defendants to govern the identification, review and production of materials responsive to this request that may be contained on the eight computers CMC obtained when it purchased certain assets of SSC and which do not contain material subject to the attorney-client privilege or the work-product doctrine, do not contain proprietary and/or confidential business information of CMC, and are in compliance with CMC's obligations under the Health Information Portability and Accountability Act and the regulations promulgated thereunder.**

      3.      For forensic inspection and analysis, all computer servers, internal and external hard drives, back-up systems and any other electronic repository device or devices received or acquired from SSC in connection with your acquisition of SSC, including but not limited to all computers sold by SSC to Cumberland as outlined in Exhibit A to the Bill of Sale executed at the closing of the Asset Purchase on June 27, 2013.

**OBJECTIONS: CMC objects to this request to the extent that it seeks information privileged and protected by the attorney-client privilege and/or the work product doctrine. CMC further objects to item 3 to the extent that proprietary and/or confidential business records may be disclosed through the forensic inspection and analysis. Moreover, item 3 is vague and overly broad in scope and not proportional to the needs of discovery in the case.**

**CMC objects to item 3 to the extent it seeks information subject to the Health Information Portability and Accountability Act and regulations promulgated pursuant thereto. Specifically, the scope of the forensic inspection PSC seeks is broader than the plaintiffs in this case and a responsive forensic inspection and analysis may disclose the protected health information of patients CMC who were never treated by physicians at SSC or patients treated by SSC who are not parties to the pending lawsuit. Based upon the breadth and depth of the request in item 3, it is impractical and likely impossible for PSC to obtain HIPAA compliant authorizations from patients whose protected health information may be responsive to its request. Accordingly, CMC must object.**

**Finally, CMC objects to the undue burden and expense item 3 places upon it in searching, reviewing, and producing responsive material. Specifically, CMC has sought an estimate of the cost of a third-party IT company providing forensic inspection and analysis of electronic repositories received from SSC in connection with CMC's purchase of certain**

4

**of SSC assets. It currently believes a forensic inspection and analysis of such repositories will cost CMC at least $21,000.00.**

**Without waiving said objections, and expressly subject to the same, CMC is amenable to developing protocols, terms, and an appropriate Business Associate Agreement and Qualified Health Information Portability and Accountability Act protective order agreeable to it, the PSC and Defendants to govern the identification, review and production of materials responsive to this request that may be contained on the eight computers CMC obtained when it purchased certain assets of SSC and which do not contain material subject to the attorney-client privilege or the work-product doctrine, do not contain proprietary and/or confidential business information of CMC, and are in compliance with CMC's obligations under the Health Information Portability and Accountability Act and the regulations promulgated thereunder.**

Respectfully submitted this 7th of March, 2016.

                ARNETT, DRAPER & HAGOOD, LLP

                By:    /s/Rachel Park Hurt
                           Rachel Park Hurt
                           **Attorney for Cumberland Medical Center**
                           P.O. Box 300
                           2300 First Tennessee Plaza
                           Knoxville, Tennessee 37901-0300
                           (865) 546-7000 – Voice
                           (865) 546-0423 – Facsimile

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading or document has been served upon counsel for all parties in this case by operation of the Court's electronic filing system and for the following identified counsel also by delivering a true and exact copy of said pleading or document to the office of said counsel or by placing a true and exact copy of said pleading or document in the United States Mail, addressed to said counsel's office, with sufficient postage thereupon to carry the same to its destination.

J. Gerard Stranch, IV, Esq.
Benjamin A. Gastel, Esq.
Anthony A. Orlandi, Esq.
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN  37203

Thomas M. Sobol, Esq.
Kristen Johnson Parker, Esq.
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 201
Cambridge, MA  02142

Annida K. Martin, Esq.
Mark P. Chalos, Esq.
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013

Marc E. Lipton, Esq.
LIPTON LAW
18930 W. 10 Mile Road
Southfield MI  48075

Kimberly A. Dougherty, Esq.
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116

Mark Zamora, Esq.
LAW OFFICE OF MARK ZAMORA & ASSOC.
6 Concourse Parkway, Ste. 2350
Atlanta, GA  30328

Patrick T. Fennell, Esq.
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016

Chris J. Tardio, Esq.
GIDEON, COOPER & ESSARY, PLLC
315 Deaderick St
Suite 1100
Nashville, TN 37238

John W. Moran, Esq.
LeCLAIR RYAN
One International Place
11th Floor
Boston, MA  02110

Kent E. Krause, Esq.
BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC
611 Commerce St., Ste. 2600
Nashville, TN  37202-3890


This the 7th day of March, 2016.

                                        ARNETT, DRAPER & HAGOOD, LLP


                              By:    /s/Rachel Park Hurt
                                        Rachel Park Hurt