UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: NEW ENGLAND ) | |
| COMPOUNDING PHARMACY, INC. ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No. 13-2419-RWZ |
| ) | |
| This Document Relates To: ) | |
| ) | |
| Wray v. Ameridose, LLC, et al., ) | |
| No. 1:13-cv-12737 ) | |

ORDER ON TENNESSEE CLINIC DEFENDANTS'
MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY
[Docket No. 45][1]

March 4, 2016

Boal, M.J.

The Tennessee Clinic Defendants[2] move for an order compelling plaintiffs Jane R. Wray and Gerald W. Wray to produce documents received or submitted in connection with claims for compensation from the NECC Tort Trust.  Docket No. 45.[3]  Specifically, the Tennessee Clinic Defendants request the following documents:

> Please produce all documents you received or submitted to collect compensation from the Tort Trust identified in Interrogatory #10, including, but not limited to: the National Compensation Program Claim Form, the Base Point Category and Adjustment Calculation Worksheet, the Frequently Asked Questions, the W-9 Form, the timely Proof of Claim or

---

[1] Citations to docket numbers are to the docket in Wray v. Ameridose, LLC, et al., No. 1:13-cv-12737.

[2] The "Tennessee Clinic Defendants" refers to Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD.

[3] The original motion also sought to compel the Plaintiffs to provide further answers to certain interrogatories.  However, the parties were able to resolve those disputes without court intervention.  See Docket No. 54 at 2.

1

> Personal Injury and Wrongful Death Claim Information Form, any separate instructions for the above documents, and anything submitted in conjunction with the above documents.

Docket No. 45-1 at 19.

Documents submitted to the NECC Tort Trust are relevant and discoverable. They likely contain information regarding the Plaintiffs' damages claims and alleged injuries. Several courts have found this type of documents to be discoverable. See, e.g., Willis v. Buffalo Pumps, Inc., No. 12cv744, 2014 WL 2458247, at *1 (S.D. Cal. June, 2, 2014); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Porter Hayden Co., No. CCB-03-3408, 2012 WL 628493, at *3-5 (D. Md. Feb. 24, 2012); Shepherd v. Pneumo-Abex, LLC, No. 09-91428, 2010 WL 3431633, at *1-2 (E.D. Pa. Aug. 30, 2010).

Plaintiffs argue that documents submitted to the NECC Tort Trust are not admissible because they relate to compromise and offers of compromise. Docket No. 49 at 3. However, such documents are more likely to be analogous to a complaint than a settlement demand. See Shepherd, 2010 WL 3431633, at *2; Volkswagen of Am., Inc. v. Superior Court, 139 Cal. App. 4th 1481, 1494 (Cal. App. 2006). In any event, information within the scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b).

With respect to documents received by the Plaintiffs from the NECC Tort Trust, courts have generally found such documents to not be discoverable. See Willis, 2014 WL 2458247, at *1 (collecting cases). This Court agrees.

Accordingly, the Court finds that all documents Plaintiffs submitted to the NECC Tort Trust, including claim forms and supporting documentation, are discoverable. Any such documents shall be produced within two weeks of the date of this order. The Court finds that documents received by the Plaintiffs from the NECC Tort Trust are not discoverable.

**So Ordered.**

                                      /s/ Jennifer C. Boal
                                      JENNIFER C. BOAL
                                      United States Magistrate Judge