UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)    MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

**POST-CONFIRMATION OFFICER'S NOTICE
REGARDING FURTHER RELIEF FROM PRESERVATION ORDER**

**PLEASE TAKE NOTICE** that, in accordance with the notice procedures established by this Court's *Further Order Concerning Preservation of NECC Property* [Docket No. 177] (the "Modifying Order"), Paul D. Moore, the Post-Confirmation Officer (the "Post-Confirmation Officer")[1] of New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC"), hereby intends to dispose of the originals of documents that have been scanned and electronically preserved by Harris Beach PLLC ("Harris Beach"), as identified in the detailed indices prepared and uploaded by Harris Beach into the U.S. Legal online repository maintained by the Plaintiffs' Steering Committee in this case.

On November 10, 2014, this Court entered the *Agreed Order Granting Relief from Preservation Order to Permit Chapter 11 Trustee to Sell or Otherwise Dispose of Remaining NECC Property* [Docket No. 1538] (the "Modified Preservation Order"), which authorized the Chapter 11 Trustee "to sell or otherwise dispose of the remaining NECC property and to vacate, in whole or in part, the Framingham premises[,]" but which required him to "**continue to**

---

[1] The Post-Confirmation Officer formerly served as the chapter 11 trustee of NECC's bankruptcy estate and in that capacity is herein referred to as the "Chapter 11 Trustee."

**preserve all scanned documents**, ESI and other property identified in the Harris Beach indices of preserved materials[,]" and to "preserve all original documents that have not been electronically preserved by Harris Beach unless and until the Trustee obtains an order from the United States Bankruptcy Court for the District of Massachusetts authorizing the disposal of such documents[.]" (emphasis added).

On March 7, 2016, the United States Bankruptcy Court for the District of Massachusetts entered an *Order Ratifying and Confirming Post-Confirmation Officer's Intended Disposition of Certain Books and Records of NECC* [Bankr. Dkt. No. 1680] (the "Ratifying Order"),[2] which authorized the Post-Confirmation Officer "to abandon, dispose of, and/or to destroy the books and records of NECC, other than the Preserved Documents,[3] in his sole discretion and without further notice or order of this Court[,]" and "without further order of this Court, to dispose of the Preserved Documents, but only if, as and when the MDL Court, after notice to parties in interest in the MDL Proceeding, modifies the Modified Preservation Order and expressly permits the Post-Confirmation Officer to do so."

**ACCORDINGLY, THE POST-CONFIRMATION OFFICER HEREBY NOTIFIES ALL PARTIES TO THIS LITIGATION THAT, IN ACCORDANCE WITH THE PROCEDURES ESTABLISHED BY THIS COURT'S MODIFYING ORDER, HE INTENDS TO DISPOSE OF THE ORIGINALS OF THE DOCUMENTS THAT HAVE BEEN SCANNED AND ELECTRONICALLY PRESERVED BY HARRIS BEACH.**

---

[2] A copy of the Ratifying Order is attached hereto as Exhibit A.

[3] Defined in the *Post-Confirmation Officer's Motion for Entry of an Order Ratifying and Confirming His Intended Disposition of Certain Books and Records of NECC* [Bankr. Dkt. No. 1677] to mean "the relevant electronically stored information and tangible documents of NECC, dating from 2010 through October 2012, collected and electronically preserved by Harris Beach."

**TO THE EXTENT THAT A PARTY OR OTHER PERSON OR ENTITY RECEIVING THIS NOTICE OPPOSES THE RELIEF SOUGHT BY THE POST-CONFIRMATION OFFICER, SUCH PARTY, PERSON OR ENTITY MUST FILE A PRESERVATION REQUEST WITH THIS COURT WITHIN 14 DAYS OF SERVICE OF THIS NOTICE IN ACCORDANCE WITH THE MODIFYING ORDER. ANY PRESERVATION REQUEST MUST SHOW CAUSE WHY THE PRESERVATION ORDER SHOULD NOT BE MODIFIED IN THE MANNER REQUESTED BY THE POST-CONFIRMATION OFFICER AND SPECIFICALLY IDENTIFY THE ORIGINAL DOCUMENTS THAT THE REQUESTOR SEEKS TO HAVE PRESERVED, WHY THE REQUESTOR SEEKS THE CONTINUED PRESERVATION OF DOCUMENTS THAT HAVE BEEN ELECTRONICALLY PRESERVED AND WHETHER THE REQUESTING PARTY AGREES TO BEAR THE COSTS AND EXPENSES OF FURTHER PRESERVATION OF SUCH DOCUMENTS. IF NO PRESERVATION REQUESTS ARE FILED WITHIN THE PRESCRIBED 14-DAY PERIOD, THE POST-CONFIRMATION OFFICER SHALL PROCEED, WITHOUT FURTHER ORDER OF THIS COURT, WITH THE INTENDED DISPOSITION OF THE PRESERVED DOCUMENTS, TOGETHER WITH THE DISPOSITION OF THE OTHER DOCUMENTS PREVIOUSLY AUTHORIZED BY THIS COURT'S MODIFIED PRESERVATION ORDER AND RATIFIED BY THE BANKRUPTCY COURT.**

Dated: March 8, 2016

Respectfully submitted,

PAUL D. MOORE, THE POST-CONFIRMATION OFFICER OF NEW ENGLAND COMPOUNDING CENTER, INC.,

By his attorneys,

 /s/ Keri L. Wintle
Michael R. Gottfried, Esq. (BBO #542156)
Keri L. Wintle, Esq. (BBO #676508)
Duane Morris LLP
100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Facsimile: (857) 401-3021
Email: KLWintle@duanemorris.com

**Certificate of Service**

I, Keri L. Wintle, hereby certify that on March 8, 2016, I caused a copy of the foregoing document and the attachment thereto, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service in the above-captioned proceeding.

 /s/ Keri L. Wintle
Keri L. Wintle