UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) MDL No. 13-2419 ) Dkt. No 1:13-md-2419 (RWZ) ) |
| THIS DOCUMENT RELATES TO:  All Cases Against the Saint Thomas Entities | ) ) ) ) ) ) ) |

**SAINT THOMAS ENTITIES' GLOBAL MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUTATIVE CLAIMS FOR ACTUAL AGENCY AND DIRECT LIABILITY**

Pursuant to Federal Rule of Civil Procedure 56, the Saint Thomas Entities[1] file this Global Motion for Partial Summary Judgment on Putative Claims for Actual Agency and Direct Liability as to the MDL Plaintiffs bringing claims against them ("Tennessee Plaintiffs"). The Tennessee Plaintiffs have no evidence to support their assertion that the Saint Thomas Entities directed, exercised control over, or otherwise authorized the Saint Thomas Outpatient Neurosurgical Center ("STOPNC") or the other STOPNC Defendants[2] to act as their agent with respect to any of the actions giving rise to the claims by the Tennessee Plaintiffs against the Saint Thomas Entities. Accordingly, the Tennessee Plaintiffs' vicarious liability claims against the Saint Thomas Entities based on actual agency fail as a matter of law, and summary judgment should be granted.

---

[1] Saint Thomas West Hospital, formerly known as St. Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.

[2] The STOPNC Defendants consist of STOPNC, Howell Allen Clinic, John Culclasure, M.D., Debra Schamberg, RN, CNOR, and Vaughan Allen, M.D.

The Tennessee Plaintiffs have also asserted a putative "direct liability" theory for holding the Saint Thomas Entities liable for their injuries. However, Plaintiffs have not alleged and cannot cite a legally cognizable duty under Tennessee law to support such a claim. Moreover, that theory fails on the same basic premise because there is no evidence that the Saint Thomas Entities owed any duty to the Tennessee Plaintiffs with respect to the purchasing or dispensing of methylprednisolone acetate ("MPA") or had responsibility as to the actions of the STOPNC Defendants that form the basis of their claims. There is therefore no basis for holding the Saint Thomas Entities liable to the Tennessee Plaintiffs under a "direct liability" theory.

For the reasons stated in the contemporaneously filed *Memorandum in Support of their Global Motion for Partial Summary Judgment on Putative Claims for Actual Agency and Direct Liability* and the *Statement of Undisputed Material Facts*, the Saint Thomas Entities request that the Court: (i) grant summary judgment on Plaintiffs' actual agency and direct liability claims brought by all of the Tennessee Plaintiffs; and (ii) grant such other and further relief to which the Saint Thomas Entities are entitled.

        SAINT THOMAS WEST HOSPITAL, FORMERLY KNOWN AS ST. THOMAS HOSPITAL, SAINT THOMAS NETWORK, AND SAINT THOMAS HEALTH

By their attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

Dated March 15, 2016

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
(512) 482-9300
(512) 482-9303 (FAX)

*Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 15th day of March, 2016.

*/s/ Sarah P. Kelly*
SARAH P. KELLY
