Exhibit "D"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


IN RE: NEW ENGLAND
COMPOUNDING PHARMACY,
INC. PRODUCTS LIABILITY     MDL No. 2419
LITIGATION
                            Master Dkt:
                            1:13-md-02419-RWZ

~~~~~~~~~~~~~~~~~~~~~~
THIS DOCUMENT RELATES
TO:


All Actions


~~~~~~~~~~~~~~~~~~~~~~~~~


30(b)(6) VIDEOTAPED DEPOSITION OF
            DAWN RUDOLPH


            10:22 a.m.
           July 2, 2015



        Suite 700, Roundabout Plaza
           1600 Division Street
           Nashville, Tennessee



      Blanche J. Dugas, RPR, CCR No. B-2290

```
 1                    APPEARANCES OF COUNSEL

 2
     On Behalf of the Plaintiffs:
 3       BENJAMIN A. GASTEL, Esquire
         Branstetter, Stranch & Jennings, PLLC
 4       227 Second Avenue North
         Nashville, Tennessee  37201
 5       (615) 254-8801
         (615) 250-3937 (facsimile)
 6       beng@bsjfirm.com

 7   On Behalf of St. Thomas Health, St. Thomas Network,
     St. Thomas West Hospital f/k/a St. Thomas Hospital:
 8       ADAM T. SCHRAMEK, Esquire
         Norton, Rose, Fulbright
 9       Suite 1100
         98 San Jacinto Boulevard
10       Austin, Texas 78701
         (512) 536-5232
11       adam.schramek@nortonrosefulbright.com

12       AMY D. HAMPTON, Esquire
         Bradley, Arant, Boult & Cummings, LLP
13       Suite 700, Roundabout Plaza
         1600 Division Street
14       Nashville, Tennessee  37203
         (615) 252-2379
15       (615) 252-6379 (facsimile)
         ahampton@babc.com
16
     On Behalf of Saint Thomas Outpatient Neurosurgical
17   Center, LLC; Howell Allen, a Professional Corporation;
     John W. Culclasure, M.D.; Debra V. Schamberg, RN:
18       MATTHEW CLINE, Esquire
         Gideon, Cooper & Essary, PLC
19       Suite 1100
         315 Deaderick Street
20       Nashville, Tennessee 37238
         (615) 254-0400
21       (615) 254-0459 (facsimile)
         matt@gideoncooper.com
22

23

24

25
```

```
 1    On Behalf of Specialty Surgery Center - Crossville,
      PLLC; Kenneth R. Lister, M.D.; Kenneth R. Lister,
 2    M.D., PC:
           ASHLEY E. GENO, Esquire
 3         Brewer, Krause, Brooks, Chastain & Burrow, PLLC
           Suite 2600
 4         611 Commerce Street
           Nashville, Tennessee  37203
 5         (615) 256-8787
           (615) 256-8985 (facsimile)
 6         ageno@bkblaw.com

 7          ~~ Attorneys Appearing Via Video Stream ~~

 8    On Behalf of Ocean State Pain Management, Inc. and
      Abdul Barakat, M.D.:
 9         THOMAS M. DOLAN, III, Esquire
           Capplis, Connors & Carroll, PC
10         Suite 220
           18 Tremont Street
11         Boston, Massachusetts  02108
           (617) 227-0722
12         (617) 227-0772 (facsimile)
           tdolan@capplisconnors.com
13
      On Behalf of Tim I. Chowdhury, M.D.:
14         BARTHOLOMEW T. FREEZE, Esquire
           FREUND, FREEZE & ARNOLD
15         Suite 800
           65 E. State Street
16         Columbus, Ohio 43215-4247
           (614) 255-7567
17         (614) 827-7303 (facsimile)
           bfreeze@ffalaw.com
18
      On Behalf of Dallas Back Pain Management/Momentum
19    Pain Management and Abbeselom Ghermay, M.D.:
           HEATHER A. KANNY, Esquire
20         Fraley & Fraley, LLP
           Suite 6300
21         901 Main Street
           Dallas, Texas 75202-3773
22         (214) 761-6468
           hkanny@fraley-law.com
23

24

25
```

```
 1    On Behalf of The South Bend Clinic, LLP and Kathryn L.
      Park, M.D.:
 2         KYLE LAWRENCE, Esquire
           Eichhorn & Eichhorn, LLP
 3         200 Russell Street
           Hammond, Indiana  46320
 4         (219) 931-0560
           (219) 931-5370 (facsimile)
 5         klawrence@eichhorn-law.com

 6    On Behalf of Advanced Pain & Anesthesia Consultants
      PC, BKC Pain Specialists, and Cincinnati Pain
 7    Management Consultants, Inc.:
           ANTHONY E. ABELN, Esquire
 8         JAMES A. BELLO, Esquire
           Morrison Mahoney, LLP
 9         250 Summer Street
           Boston, Massachusetts  02210
10         (617) 737-8885
           (617) 342-4802 (facsimile)
11         aabeln@morrisonmahoney.com
           jbello@morrisonmahoney.com
12
      On Behalf of a Defendant Party:
13         CALLAN STEIN, Esquire
           Donoghue Barrett & Singal, PC
14         Suite 1320
           One Beacon Street
15         Boston, Massachusetts  02108
           (617) 720-5090
16         (617) 720-5092 (facsimile)
           cstein@dbslawfirm.com
17

18    Also Present:
      Daniel Makowski, videographer
19

20

21

22

23

24

25
```

1   responses that you're here to testify about today?

2       A.      Yes.

3       Q.      Why did you call Lisa Davis?

4       A.      To clarify an answer as part of one of the

5   interrogatory responses.

6       Q.      What interrogatory responses?

7       A.      Regarding charges that were submitted from

8   St. Thomas Hospital.

9       Q.      You're talking about the payments that

10  were -- that were made from the center to the

11  hospital?

12      A.      Yes.

13      Q.      Why did you call Mary Ann Sechrest?

14      A.      Marilyn Sechrest was called --

15      Q.      Sorry.

16      A.      That's okay.  Marilyn Sechrest was called

17  to clarify credentialing services that were -- was

18  provided to -- through the -- to the STOPNC.

19      Q.      St. Thomas Hospital is a nonprofit

20  corporation; correct?

21      A.      Yes.

22      Q.      Is it organized under the laws of

23  Tennessee?

24      A.      Yes.

25      Q.      In 2012, who sat on the board of St. Thomas

```
 1        Q.      Did you ever sit on the board of St. Thomas

 2   Hospital?

 3        A.      I have not and did not.

 4        Q.      Do you know in 2012 who sat on the board of

 5   St. Thomas Health?

 6        A.      All the board members of St. Thomas Health?

 7        Q.      Yeah.

 8        A.      I can -- I can recall Dr. Schatzlein, I

 9   recall James Bearden, beyond that, I just don't

10   remember.

11        Q.      Why do you recall Mr. Bearden?

12        A.      He was the chairman.

13        Q.      Is he still the chairman?

14        A.      No.

15        Q.      St. Thomas Health is a nonprofit

16   corporation too as well; correct?

17        A.      Yes.

18        Q.      And it's organized under the laws of the

19   state of Tennessee?

20        A.      Yes.

21        Q.      Do you attend St. Thomas Health board

22   meetings?

23        A.      I do.

24        Q.      How often do they meet?

25        A.      They meet bimonthly, I believe.  I attend
```

1       Q.      Why isn't Rebecca Climber listed here?

2       A.      The question, I believe, is an employee of

3    St. Thomas Hospital.  Rebecca works for St. Thomas

4    Health.

5       Q.      And that was true in 2012?

6       A.      Yes.

7       Q.      Did the hospital ever charge the center for

8    any services it performed that related to -- in any

9    way to the fungal meningitis outbreak?

10      A.      Is that with regard to this interrogatory?

11   Because I -- I'm not prepared to answer that.  I -- I

12   didn't know that that was a question.

13      Q.      So you don't know the answer to that

14   question?

15      A.      I don't.

16      Q.      Let's move on to Interrogatory No. 22,

17   which is answered, I believe, in two places, both in

18   Exhibit 450 and 452, Page 13 of Exhibit 450 and Page 6

19   of Exhibit 452.

20      A.      Okay.  Your question?

21      Q.      Is there any reason why the answers to that

22   interrogatory is not complete and accurate?

23      A.      It is complete and accurate.

24      Q.      So just to be clear, St. Thomas Hospital

25   has never paid or provided any personnel, medication,

Page 70

1    consulting services, procurement services, equipment,

2    medical supplies, medical forms, billing services,

3    telephone services, websites or other materials used

4    by the center?

5         A.      No.

6         Q.      Why aren't the services described in

7    Exhibit 21 responsive to the question of Exhibit -- to

8    your response in Exhibit -- I'm sorry -- Interrogatory

9    No. 22?

10        A.      So the question -- the question in

11   Interrogatory 21, just to be clear, states identify

12   any employer or agent of the hospital who performed

13   duties for the neurosurgical center.  And

14   Interrogatory No. 22 states has St. Thomas Hospital

15   ever paid for any services.

16        Q.      Paid for or provided.

17        A.      -- or provided any personnel, consulting

18   services, medical supplies...

19                I think that's fair to say based on 21,

20   performed any duties or functions, provided any

21   personnel -- I can support that the personnel or

22   services here -- typed a report, provided a -- St.

23   Thomas Hospital ever provided any -- I just don't

24   think there was a connection out to the operations of

25   St. Thomas Neurosurgical .  These very specific things

Page 113

1                          DISCLOSURE

2
           Pursuant to Article 10.B of the Rules
3      and Regulations of the Board of Court
       Reporting of the Judicial Council of
4      Georgia which states:  "Each court reporter
       shall tender a disclosure form at the time
5      of the taking of the deposition stating the
       arrangements made for the reporting
6      services of the certified court reporter,
       by the certified court reporter, the court
7      reporter's employer or the referral source
       for the deposition, with any party to the
8      litigation, counsel to the parties, or
       other entity.  Such form shall be attached
9      to the deposition transcript," I make the
       following disclosure:
10
           I am a Georgia Certified Court
11     Reporter.  I am here as a representative of
       Discovery Litigation Services, LLC.
12     Discovery Litigation Services, LLC was
       contacted to provide court reporting
13     services for the deposition.  Discovery
       Litigation Services, LLC will not be taking
14     this deposition under any contract that is
       prohibited by O.C.G.A. 9-11-28(c).
15
           Discovery Litigation Services, LLC
16     has no contract/agreement to provide
       reporting services with any party to the
17     case, any counsel in the case, or any
       reporter or reporting agency from whom a
18     referral might have been made to cover this
       deposition.
19
           Discovery Litigation Services, LLC
20     will charge its usual and customary rates
       to all parties in the case, and a financial
21     discount will not be given to any party to
       this litigation.
22

23
                               Blanche J. Dugas
24                             CCR No. B-2290

25

Page 114

1    STATE OF GEORGIA:

2    COUNTY OF FULTON:

3

4            I hereby certify that the foregoing

5        transcript was reported, as stated in the

6        caption, and the questions and answers

7        thereto were reduced to typewriting under

8        my direction; that the foregoing pages

9        represent a true, complete, and correct

10       transcript of the evidence given upon said

11       hearing, and I further certify that I am

12       not of kin or counsel to the parties in the

13       case; am not in the employ of counsel for

14       any of said parties; nor am I in any way

15       interested in the result of said case.

16

17

18

19

20           BLANCHE J. DUGAS, CCR-B-2290

21

22

23

24

25

```
 1                          CAPTION

 2

 3            The Deposition of DAWN RUDOLPH, taken in

 4    the matter, on the date, and at the time and place set

 5    out on the title page hereof.

 6            It was requested that the deposition be

 7    taken by the reporter and that same be reduced to

 8    typewritten form.

 9            It was agreed by and between counsel and

10    the parties that the Deponent will read and sign the

11    transcript of said deposition.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 117

```
 1                DEPOSITION ERRATA SHEET

 2

 3   DLS Assignment No.  23049

 4   Case Caption:  In Re:  New England Compounding

 5                  Pharmacy, Inc. Products Liability

 6                  Litigation

 7   Witness:  DAWN RUDOLPH - 07/02/2015

 8

 9           DECLARATION UNDER PENALTY OF PERJURY

10   I declare under penalty of perjury that I have read

11   the entire transcript of my deposition taken in the

12   captioned matter or the same has been read to me, and

13   The same is true and accurate, save and except for

14   changes and/or corrections, if any, as indicated by me

15   on the DEPOSITION ERRATA SHEET hereof, with the

16   understanding that I offer these changes as if still

17   under oath.

18

19   Signed on the  5th  day of

20   August    , 2015.

21

22

23   DAWN RUDOLPH

24

25
```

**DEPOSITION ERRATA SHEET**

| Page and line | Change to | Reason for change |
|---|---|---|
| GLOBAL | "St. Thomas Health" should be "Saint Thomas Health" | Transcription error |
| GLOBAL | "St. Thomas Network" should be "Saint Thomas Network" | Transcription error |
| GLOBAL | "St. Thomas West" should be "Saint Thomas West" | Transcription error |
| GLOBAL | "St. Thomas Entities" should be "Saint Thomas Entities" | Transcription error |
| GLOBAL | "Poteet" should be "Poteete" | Transcription error |
| 13/5 | "operator" should be "officer" | Transcription error |
| 14/6 | "was" should be "were" | Misspoke |
| 14/7 | "was" should be "were" | Misspoke |
| 15/4 | "CEO" should be "COO" | Transcription error |
| 17/18 | Change to "provided to the STOPNC." | Misspoke |
| 50/19 | Change "they are" to "it is" | Misspoke |
| 56/9 | Change "there's" to "there are" | Misspoke |
| 61/23 | Change "type" to "types" | Transcription error or misspoke |
| 69/2 | Change "is an employee" to "relates to employees" | Clarification |
| 70/12 | Change "employer" to "employee" | Transcription error or misspoke |
| 71/1 | Change "Dr." to "Ms." | Clarification |
| 71/2 | Change "was" to "were" | Misspoke |
| 82/21–22 | Change to:<br><br>Yeah, I don't understand what you mean by the term "work." | Clarification |
| 82/22 | Change "There's" to "there are" | Misspoke |
| 83/24 | "Hospital" should be after "St. Thomas" | Clarification |
| 93/14 | "what" should be before "is referred to" | Transcription error |
| 93/15–16 | Change to:<br><br>So I would say the phrase "each entity" includes Saint Thomas Network, which has a 50 percent ownership in STOPNC -- that entity is on the St. Thomas campus. | Clarification |
| 94/23 | Change "involved" to "it owns" | Transcription error |
| 95/20 | Insert "without a lease" after "consent" | Clarification |
| 96/17–18 | Omit "including 50 percent ownership of the center," | Clarification |

SIGNATURE: _____ DATE: _8/5/2015_

**DEPOSITION ERRATA SHEET**

| 96/18 | Insert quotation marks before "various" | Transcription error |
|---|---|---|
| 96/19 | Insert comma after "assets" | Transcription error |
| 96/19 | Insert "a" before "50" | Misspoke |
| 96/20 | Omit "the" | Misspoke |
| 96/20 | Insert quotation marks after "STOPNC." | Transcription error |
| 97/7 | Insert "Hospital" after "St. Thomas" | Clarification |
| 100/19 | Change to "There is -- I'm not prepared to answer that." | Transcription error |
| 101/6 | Insert "is" before "functional" | Transcription error |
| 105/8 | Insert "those" before "would" | Transcription error or misspoke |
| 105/8 | Change "answer" to "answers" | Transcription error or misspoke |

SIGNATURE: _____ DATE: 8/5/2015