Exhibit "H"

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND
COMPOUNDING PHARMACY,
INC. PRODUCTS LIABILITY     MDL No. 2419
LITIGATION
                            Master Dkt:
                            1:13-md-02419-RWZ
~~~~~~~~~~~~~~~~~~~~~
THIS DOCUMENT RELATES
TO:


All Actions


~~~~~~~~~~~~~~~~~~~~~~~~



VIDEOTAPED DEPOSITION OF
DALE BATCHELOR, M.D.


9:06 a.m.
September 2, 2015


Suite 700, Roundabout Plaza
1600 Division Street
Nashville, Tennessee


Blanche J. Dugas, RPR, CCR No. B-2290

```
 1                APPEARANCES OF COUNSEL
 2
    On Behalf of the Plaintiffs:
 3      MARK P. CHALOS, Esquire
        Lieff, Cabraser, Heimann & Bernstein, LLP
 4      Suite 1650, One Nashville Place
        150 Fourth Avenue
 5      Nashville, Tennessee  37219-2423
        (615) 313-9000
 6      (615) 313-9965 (facsimile)
        mchalos@lchb.com
 7
    On Behalf of St. Thomas Health, St. Thomas Network,
 8  St. Thomas West Hospital f/k/a St. Thomas Hospital:
        YVONNE K. PUIG, Esquire
 9      ERIC J. HOFFMAN, Esquire
        Norton, Rose, Fulbright
10      Suite 1100
        98 San Jacinto Boulevard
11      Austin, Texas 78701
        (512) 536-2450
12      (512) 536-4598 (facsimile)
        yvonne.puig@nortonrosefulbright.com
13      eric.hoffman@nortonrosefulbright.com

14      AMY D. HAMPTON, Esquire
        Bradley, Arant, Boult & Cummings, LLP
15      Suite 700, Roundabout Plaza
        1600 Division Street
16      Nashville, Tennessee  37203
        (615) 252-2379
17      (615) 252-6379 (facsimile)
        ahampton@babc.com
18
    On Behalf of Saint Thomas Outpatient Neurosurgical
19  Center, LLC; Howell Allen, a Professional Corporation;
    John W. Culclasure, M.D.; Debra V. Schamberg, RN:
20      C.J. GIDEON, JR., Esquire
        Gideon, Cooper & Essary, PLC
21      Suite 1100
        315 Deaderick Street
22      Nashville, Tennessee 37238
        (615) 254-0400
23      (615) 254-0459 (facsimile)
        cj@gideoncooper.com
24

25
```

```
 1   On Behalf of Specialty Surgery Center - Crossville,
     PLLC; Kenneth R. Lister, M.D.; Kenneth R. Lister,
 2   M.D., PC:
          ASHLEY E. GENO, Esquire
 3        Brewer, Krause, Brooks, Chastain & Burrow, PLLC
          Suite 2600
 4        611 Commerce Street
          Nashville, Tennessee  37203
 5        (615) 256-8787
          (615) 256-8985 (facsimile)
 6        ageno@bkblaw.com

 7          ~~ Attorneys Appearing Via Video Stream ~~

 8   On Behalf of Ocean State Pain Management, Inc. and
     Abdul Barakat, M.D.:
 9        THOMAS M. DOLAN, III, Esquire
          Capplis, Connors & Carroll, PC
10        Suite 330
          18 Tremont Street
11        Boston, Massachusetts  02108
          (617) 227-0722
12        (617) 227-0772 (facsimile)
          tdolan@capplisconnors.com
13
     On Behalf of Advanced Pain & Anesthesia Consultants
14   PC, BKC Pain Specialists, and Cincinnati Pain
     Management Consultants, Inc.:
15        CAROLINE M. KELLY, Esquire
          Morrison Mahoney, LLP
16        250 Summer Street
          Boston, Massachusetts  02210
17        (617) 737-8885
          (617) 342-4802 (facsimile)
18        ckelly@morrisonmahoney.com

19   Behalf of Dallas Back Pain Management/Momentum
     Pain Management and Abbeselom Ghermay, M.D.:
20        COURTNEY BOES, Esquire
          Fraley & Fraley, LLP
21        Suite 6300
          901 Main Street
22        Dallas, Texas 75202-3773
          (214) 761-6468
23        cboes@fraley-law.com

24

25
```

```
 1    On Behalf of Tim I. Chowdhury, M.D.:
           BARTHOLOMEW T. FREEZE, Esquire
 2         Freund, Freeze & Arnold
           Suite 800
 3         65 E. State Street
           Columbus, Ohio 43215-4247
 4         (614) 255-7567
           (614) 827-7303 (facsimile)
 5         bfreeze@ffalaw.com

 6    On Behalf of a Defendant Party:
           JOSEPH C. KLAUSING, Esquire
 7         O'Bryan, Brown & Toner, PLLC
           1500 Starks Building
 8         455 South 4th Street
           Louisville, Kentucky  40202
 9         (502) 585-4700
           klausingj@obtlaw.com
10
      On Behalf of a Defendant Party:
11         MICHAEL A. PATTANITE, Jr., Esquire
           Lenox Law Firm
12         Unit B2
           136 Franklin Corner
13         Lawrenceville, New Jersey  08648
           (609) 896-2000
14         (609) 895-1693 (facsimile)
           mpattanite@lenoxlaw.com
15
      Also Present:
16    Michael Mitchell, videographer

17

18

19

20

21

22

23

24

25
```

1    Q.    And did you keep that certification up
2    through 2012?
3    A.    Yes.
4    Q.    What -- what was your job starting in the
5    year 2000?
6    A.    My job title was that of chief physician
7    executive, which was a title that included the role as
8    chief medical officer.  And then at that point, there
9    was greater involvement of physicians and the
10   management of hospitals and how things were decided
11   and how management went, and my job was to coordinate
12   that and nurture that idea.
13   Q.    Was that your title continuously from 2000
14   through 2012?
15   A.    No.
16   Q.    Okay.  When did it change?
17   A.    There were several changes that occurred.
18   On three occasions I was interim CEO of St. Thomas
19   Hospital.  So I had an additional job title.
20   Q.    When was that?  You said on three different
21   occasions.
22   A.    On three different ones.  One was after Tom
23   Beeman left.  One was over -- I'm trying to remember.
24   Q.    Sure.
25   A.    Les Donahue left, and there was one in

```
 1      A.      Not that I recall.
 2      Q.      Have you ever seen a formulary for STOPNC?
 3      A.      Again, not that I recall.
 4      Q.      Do you know whether STOPNC had a policy
 5   regarding whether it could purchase drugs from
 6   compounders?
 7      A.      No.
 8      Q.      That wasn't a very good question.
 9              Did STOPNC, to your knowledge, have a
10   policy regarding whether it could purchase drugs from
11   compounders?
12      A.      Not to my knowledge.
13      Q.      Prior to the meningitis outbreak in 2012,
14   do you recall any discussions about purchasing --
15   about STOPNC purchasing drugs from compounders?
16      A.      No.
17      Q.      Did STOPNC have an equivalent of the PTAC
18   committee that existed at St. Thomas Hospital?
19      A.      I don't know.
20      Q.      Did you ever serve on a committee like a
21   PTAC committee for STOPNC?
22      A.      No.
23      Q.      Did you ever serve as a medical director of
24   STOPNC?
25      A.      No.
```

1    Q.    Did you ever serve as the chief medical
2  officer of STOPNC?
3    A.    No.
4    Q.    Did anyone from STOPNC ever seek your
5  medical judgment on any issue?
6    A.    Not to my knowledge.
7    Q.    If someone from STOPNC had asked for your
8  medical judgment on an issue, would you have given it?
9    A.    Probably.
10   Q.    Why do you say probably?  Is there a chance
11 you might not have?
12   A.    Well, no, it's very simple.  My
13 relationship with STOPNC was a board member, not as a
14 medical advisor.  But if somebody came to me in the
15 hallway and asked me a question about eyeballs and how
16 they related to neurologic procedures, I probably
17 would opine at that point trying to help him out as a
18 doctor but not as a CMO and not as a board member of
19 STOPNC.
20   Q.    Do you know.  Well, strike that.
21         Did anyone, to your knowledge, from STOPNC
22 ever seek Marty Kelvas's pharmaceutical advice on any
23 issue?
24   A.    Not that I know of.
25   Q.    Would Mr. Kelvas have provided his opinion

1                      DISCLOSURE

2

            Pursuant to Article 10.B of the Rules
3    and Regulations of the Board of Court
     Reporting of the Judicial Council of
4    Georgia which states:  "Each court reporter
     shall tender a disclosure form at the time
5    of the taking of the deposition stating the
     arrangements made for the reporting
6    services of the certified court reporter,
     by the certified court reporter, the court
7    reporter's employer or the referral source
     for the deposition, with any party to the
8    litigation, counsel to the parties, or
     other entity.  Such form shall be attached
9    to the deposition transcript," I make the
     following disclosure:
10
            I am a Georgia Certified Court
11   Reporter.  I am here as a representative of
     Discovery Litigation Services, LLC.
12   Discovery Litigation Services, LLC was
     contacted to provide court reporting
13   services for the deposition.  Discovery
     Litigation Services, LLC will not be taking
14   this deposition under any contract that is
     prohibited by O.C.G.A. 9-11-28(c).
15
            Discovery Litigation Services, LLC
16   has no contract/agreement to provide
     reporting services with any party to the
17   case, any counsel in the case, or any
     reporter or reporting agency from whom a
18   referral might have been made to cover this
     deposition.
19
            Discovery Litigation Services, LLC
20   will charge its usual and customary rates
     to all parties in the case, and a financial
21   discount will not be given to any party to
     this litigation.
22

23
                             Blanche J. Dugas
24                           CCR No. B-2290

25

1  STATE OF GEORGIA:

2  COUNTY OF FULTON:

3

4       I hereby certify that the foregoing

5  transcript was reported, as stated in the

6  caption, and the questions and answers

7  thereto were reduced to typewriting under

8  my direction; that the foregoing pages

9  represent a true, complete, and correct

10  transcript of the evidence given upon said

11  hearing, and I further certify that I am

12  not of kin or counsel to the parties in the

13  case; am not in the employ of counsel for

14  any of said parties; nor am I in any way

15  interested in the result of said case.

16

17

18

19

20       BLANCHE J. DUGAS, CCR-B-2290

21

22

23

24

25

1                        CAPTION

2

3           The Deposition of DALE BATCHELOR, M.D.,

4    taken in the matter, on the date, and at the time and

5    place set out on the title page hereof.

6           It was requested that the deposition be

7    taken by the reporter and that same be reduced to

8    typewritten form.

9           It was agreed by and between counsel and

10   the parties that the Deponent will read and sign the

11   transcript of said deposition.

12

13

14

15

16

17

18

19

20

21

22

23

24

25