UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| ——————————————— | ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| All Cases | ) ) ) ) | |

---

## TENNESSEE CLINIC DEFENDANTS' RESPONSE OPPOSING "PLAINTIFF STEERING COMMITTEE'S MOTION UNDER RULE 54(B) FOR RECONSIDERATION OF THE COURT'S FEBRUARY 29, 2016, [SIC] OPINION AND ORDER"

---

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("Tennessee Clinic Defendants") oppose the Plaintiff Steering Committee's ("PSC") "Motion Under Rule 54(B) for Reconsideration of the Court's February 29, 2016, [sic] Opinion and Order (Dkt. No. 2749)."

The Court correctly applied Tennessee law and appropriately concluded that an obvious, unavoidable conflict between Tennessee's Health Care Liability Act ("THCLA") and Products Liability Act ("TPLA") requires that the THCLA should be exclusively applied to claims arising from the administration of epidural steroid injections by the Tennessee Clinic Defendants. The Court's conclusion is also entirely consistent with the Tennessee Supreme Court's recent holding in *Ellithorpe v. Weismark*.[1] There is no

---

[1] --- S.W.3d ---; 2015 WL 5853873 (Tenn. 2015).

reason to reconsider the Court's ruling, which was correct.  The PSC's motion should be denied.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The PSC makes only two (2) substantive arguments in asking the Court to "reconsider" or revise its February 29, 2016 Opinion and Order:

1.    The rules of statutory construction and a subjective interpretation of legislative intent must result in a conclusion that the Tennessee Legislature intended for the THCLA and TPLA to always be "construed harmoniously."

2.    However, if the THCLA and TPLA unavoidably conflict, the TPLA should always trump the THCLA, because the TPLA is "more specific."

The Tennessee Clinic Defendants oppose the PSC's motion because:

1.    The PSC failed to argue the specificity issue before the Court issued its February 29, 2016 Opinion and Order, and waived any ability to advance that argument in this motion.

2.    A thoughtful, in-depth analysis and application of the specific damages and liability provisions found in the THCLA and TPLA supports the Court's conclusion that the two (2) causes of action unavoidably conflict with one another.

3.    In the case of such an unavoidable conflict, the more specific statute—here, the THCLA—must be applied.

For those reasons, the Court's February 29, 2016 Opinion and Order should not be revised.

## STANDARD OF REVIEW

Granting a motion for reconsideration is "an extraordinary remedy which should be used sparingly."[2]  Motions for reconsideration are not to be used to "allow a party to advance arguments that could and should have been presented to the district court prior

---

[2] *U.S. ex rel GE v. Takeda Pharmaceutical Co. Ltd.*, 737 F.3d 116, 127 (1st Cir. 2013).

to judgment."[3] A court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates 1) an intervening change in the law; 2) the discovery of new evidence not previously available; or 3) a clear error of law in the first order."[4]   Motions to reconsider do not necessarily fall within any specific federal rule.[5] They rely on "the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires."[6]   The First Circuit leaves the decision on such a request to the district court's discretion.[7]

## ARGUMENT

**I.     The PSC Waived Any Argument that the TPLA is More Specific than the THCLA.**

The PSC's motion cannot be used to advance arguments that could and should have been presented prior to the Court's February 29, 2016 Opinion and Order.[8]   The PSC had at least three opportunities to timely make the new argument that the TPLA is more specific than the THCLA—through the submission of its own motion for partial summary judgment (Doc. 2300), memorandum of law in support of that motion (Doc. 2302), and reply in support of its motion and opposition to the Tennessee Clinic Defendants' motion for partial summary judgment (Doc. 2508).   The PSC's motion for partial summary judgment (Doc. 2300) and accompanying memorandum of law (Doc. 2302) fail to even argue that the THCLA and TPLA may be in conflict, much less advance a follow-up argument that the TPLA is the more specific of the two statutory schemes.   Although the PSC's reply in support of its motion and opposition to the

---

[3] *Iverson v. City of Boston,* 452 F.3d 94, 104 (1st Cir.2006)(emphasis added).
[4] *Antony v. Duty Free Americas, Inc.*, 705 F. Supp. 2d 112, 114 (D. Mass. 2010).
[5] *Greene v. Union Mut. Life Ins. Co. of Am.,* 764 F.2d 19, 22 (1st Cir. 1985).
[6] *Id.*
[7] *Geffon v. Micrion Corp.,* 249 F.3d 29, 38 (1st Cir. 2001).
[8] *See Iverson,* 452 F.3d at 104.

Tennessee Clinic Defendants' motion for partial summary judgment (Doc. 2508) notes the principle of statutory construction advising that the "more specific statutory provision takes precedence over a more general provision," the PSC never advanced any argument that the TPLA was actually more specific than the THCLA.

Under Tennessee law, waiver has long been defined as "the voluntary relinquishment of a known right."[9]  The PSC's explicit mention of the statutory principle at issue establishes their pre-existing knowledge of the potential specificity argument, and yet they voluntarily failed to ever raise that argument during any submission, prior to the Court's February 29, 2016 Opinion and Order.  The PSC has waived any ability to now raise that point in the context of its motion to reconsider.  For that reason alone, the motion should be denied.

## II.   The Damages and Liability Provisions in the THCLA and TPLA Openly and Obviously Conflict with One Another, and the Conflict Cannot be Avoided in this Instance.

The Court correctly concluded that the THCLA and TPLA unavoidably conflict with other, specifically with respect to the provisions addressing damages and liability.

Rather than take the time to actually analyze the specific statutory provisions at issue, the PSC simply asks the Court to blindly conclude that since the THCLA and TPLA are both (1) "broadly worded"; and (2) the Tennessee legislature did not expressly[10] state that the TPLA was abrogated by the THCLA, the two statutory schemes must be "construed harmoniously."[11]   Deciding whether an unavoidable

---

[9] *Dallas Glass of Hendersonville, Inc. v. Bituminous Fire & Marine Ins. Co.*, 544 S.W.2d 351, 354 (Tenn. 1976)(emphasis added).
[10] An explicit statement of abrogation is clearly not required, if such an abrogation is implicit.  For example, the Tennessee Legislature also did not expressly state that THCLA abrogated the now-defunct *Estate of French* analysis to decide whether the THCLA applies to a given claim, yet the Tennessee Supreme Court still identified and announced that abrogation in the *Ellithorpe* opinion.
[11] Dkt. No. 2749-1 at pg. 5, 7 – 8.

statutory conflict exists deserves much more than mere reliance on (1) the breadth of statutes at issue and (2) an interpretation of intent based on something the Legislature did not say.    It requires a thoughtful, in-depth comparison, as well as a practical application of the specific statutory provisions at issue.

Instead of assuming and relying upon esoteric interpretations of legislative intent, the Court correctly analyzed the specific damages and liability provisions found in the THCLA and TPLA, respectively.    The following side-by-side comparisons of those specific damages and liability provisions present a clear visual depiction of precisely why the Court was correct in finding the THCLA and TPLA are completely and utterly irreconcilable in this specific setting:

### Damages Provisions

| Provision | HCLA | PLA |
| --- | --- | --- |
| May Recover Gross Amount of Charges for Medical Care | NO[12] | YES[13] |
| Demand May Be Disclosed to Jury | NO[14] | YES[15] |
| Cap on Contingency Fee Award | YES[16] | NO[17] |
| Requirement to Include Demand in Complaint | NO[18] | YES[19] |
| Punitive Damages Exception | NO[20] | YES[21] |

---

[12] Tenn. Code Ann. § 29-26-119.
[13] *See* Tenn. Code Ann. § 29-28-101, *et seq.*
[14] Tenn. Code Ann. § 29-26-117.
[15] *See* Tenn. Code Ann. §29-28-101, *et seq.*
[16] Tenn. Code Ann. § 29-26-120.
[17] *See* Tenn. Code Ann. §29-28-101, *et seq.*
[18] *See* Tenn. Code Ann. § 29-26-101, *et seq.*
[19] Tenn. Code Ann. § 29-28-103.
[20] *See* Tenn. Code Ann. § 29-26-101, *et seq.*
[21] Tenn. Code Ann. § 29-28-104.

**Liability Provisions**

| Provision | HCLA | PLA |
|---|---|---|
| Strict Liability Action in Tort | NO[22] | YES[23] |
| Expert Proof Required | YES[24] | NO[25] |
| Statute of Limitations (in years) | 1[26] | 10/25[27] |
| Results of surveys, inspections, investigations admissible | NO[28] | YES[29] |
| Informed Consent Required | YES[30] | NO[31] |
| Pre-suit Notice Required | YES[32] | NO[33] |
| Good Faith Certificate Required | YES[34] | NO[35] |
| Rebuttable Presumption if Compliant with Federal / State Statutes or Administrative Regulations | NO[36] | YES[37] |
| Joint and Several Liability | NO[38] | YES[39] |

The PSC's own memorandum of law in support of their motion concedes that the THCLA would apply to certain claims arising from the July and August 2012 epidural steroid injections.[40]   Indeed, as the Court's February 29, 2016 Opinion and Order correctly observed, "Plaintiff's allegations concern the injection of contaminated MPA as a part of pain-treatment services performed by medical professionals, and therefore

---

[22] *See* Tenn. Code Ann. § 29-26-101, *et seq.* (2016).
[23] Tenn. Code Ann. § 29-28-102(6). (2016).
[24] Tenn. Code Ann. § 29-26-115.
[25] *See* Tenn. Code Ann. § 29-28-101, *et seq.* (2016).
[26] Tenn. Code Ann. § 29-26-116.
[27] Tenn. Code Ann. § 29-28-103.
[28] Tenn. Code Ann. § 29-26-103.
[29] *See* Tenn. Code Ann. § 29-28-101, *et seq.*
[30] Tenn. Code Ann. § 29-26-118.
[31] *See* Tenn. Code Ann. § 29-28-101, *et seq.*
[32] Tenn. Code Ann. § 29-26-121.
[33] *See* Tenn. Code Ann. § 29-26-101, *et seq.*
[34] Tenn. Code Ann. § 29-26-122.
[35] *See* Tenn. Code Ann. § 29-28-101, *et seq.*
[36] *See* Tenn. Code Ann. § 29-26-101, *et seq.*
[37] Tenn. Code Ann. § 29-28-104.
[38] *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 83 (Tenn. 1996).
[39] *See Owens v. Truckstops of Am.*, 915 S.W.2d 420, 432 (Tenn. 1996).
[40] *See* Dkt. No. 2749-1, at pg. 7.

plainly relate to the provision of health care services."[41]   The PSC also takes the position that the epidural steroid injections at issue in this matter simultaneously gave rise to two concurrent causes of action, under the THCLA and TPLA, respectively, and that those two causes of action can be "construed harmoniously" in the context of a single lawsuit.  Therefore, in order to truly be accurate, the PSC's rudimentary "diagram" presented in their motion requires the following revisions, emphasized in **bold**:

---

| June 2012 | August/Sept 2012 |
|---|---|
| Defendants' selection<br>Of NECC as supplier | Defendants' sale of steroid<br>drug product to Plaintiffs |
| --------+-----------------------------------------------------------------+------------------- | |
| THCLA applies | **Both** TPLA **and THCLA** Apply |

---

To be clear, the Tennessee Clinic Defendants <u>disagree</u> with the PSC's position that the TPLA applies to actions arising from the epidural steroid injections, given the clear language of Tenn. Code Ann. § 29-26-101(c), as interpreted by the Tennessee Supreme Court in *Ellithorpe v. Weismark*.[42]   However, a practical application of the PSC's flawed position actually does help to illustrate the irreconcilable conflict between the THCLA and TPLA in this instance, as observed by the Court's February 29, 2016 Order and Opinion.  For example, if the PSC's position is applied in this specific case, the following absurd, untenable results would naturally, and unavoidably, follow:

---

[41] Dkt. No. 2700 at pg. 5, FN 3.

[42] --- S.W.3d ---; 2015 WL 5853873 at *7 (Tenn. 2015)("Tennessee Code Annotated section 29-26-1019a)(1) defines health care liability as '<u>any civil action</u> . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, <u>regardless of the theory of liability on which the action is based</u>. . . . Finally, subsection 101(c) makes 'any such civil action or claim subject to this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint")(emphasis added).

1.   As it pertains to the claims resulting from the epidural steroid injections, successful Plaintiffs in this MDL would be concurrently entitled to receive the gross amount of medical expenses (TLPA), <u>and</u> yet would be simultaneously limited to recovering only the amount of expenses actually paid or payable, following contractual adjustments and other similar discounts (THCLA);

2.   As it pertains to the claims resulting from the epidural steroid injections, Defendants in this MDL would be held jointly and severally liable (TPLA), <u>and</u> yet at the same time, Defendants would also only be liable for the percentage of damages they are specifically found to have caused (THCLA); and

3.   Plaintiffs in this MDL would not be required to establish that Defendants were negligent in administering the epidural steroid injections (TPLA), <u>and</u> yet would be concurrently required to prove that Defendants were negligent for the same actions (THCLA).

A comparison and practical application of the THCLA and TPLA result in the sound, well-supported conclusion that the two statutory schemes unavoidably conflict with one another, particularly when, as the PSC argues, both statutes apply to the same operative conduct.

Contrary to the PSC's motion, the Court correctly identified the source of the conflict, and demonstrated why the conflict was completely unavoidable.  The Court's February 29, 2016 Order and Opinion was a correct application of Tennessee law, and requires no reconsideration.

## II.   The THCLA is the More Specific Statute, and Must be Applied in Light of the Unavoidable Conflict.

As the Court correctly noted, Tennessee law requires that, in the event of an unavoidable conflict, the more specific statute should be applied.[43]

Additionally, "[w]here it clearly appears that the lawmaker was thinking of a particular class of persons or objects, his words of more general description may not

---

[43] *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010).

have been intended to embrace any other than those within the class."[44]  "Specific provisions relating to a particular subject must govern with respect to that subject, as against general provisions in other parts of the law which otherwise might be broad enough to include it."[45]  When construing Tennessee statutes, "courts are admonished not to adopt an interpretation that would yield an absurd result."[46]

Only after the entry of the Court's February 29, 2016 Opinion and Order, the PSC now takes the position that it never agreed that the THCLA was more specific than the TPLA.  Contrary to the representation in the PSC's motion, the Tennessee Clinic Defendants <u>did</u> previously assert that the THCLA was the more specific of the two statutory schemes.[47]  Additionally, the Court's belief that the parties were actually in agreement on that issue of specificity is completely understandable, given the PSC's (1) failure to take any position regarding which statutory scheme was more specific and (2) their consistently repeated recitation of the following points, at least prior to the release of the Court's February 29, 2016 Opinion and Order:

1.    The TPLA included and articulates a "broad statutory definition of 'seller'"[48];

2.    The TPLA "defines the term 'seller' broadly"[49];

---

[44] *Sigel v. Monarch Condo. Ass'n, Inc.*, 2012 WL 2499551 at *9 (Tenn. Ct. App. 2012).  Obviously, the Tennessee Clinic Defendants submit that only one of the two statutory schemes at issue—the THCLA—was intended to address a "particular class of persons," namely, licensed health care providers and those individuals providing "health care services," as defined by the THCLA.

[45] *Cont'l Tenn. Lines, Inc. v. McCanless*, 354 S.W.2d 57, 58-59 (Tenn. 1962).

[46] *Sigel*, 2012 WL 2499551 at *9. Regardless of analysis or reasoning, the Tennessee Clinic Defendants submit that any interpretation of these statutes leading to the conclusion that licensed health care providers injecting patients with epidural steroids for pain relief were "sellers" of a product would unquestionably be an "absurd result."

[47] *See* Dkt. No. 2463 at pg. 21, FN 89. ("If there remains any doubt which statute to apply, as the more recent <u>and more specific statute</u> (amended in 2011 and specifically governing claims against health care providers), <u>the THCLA must govern if there is a conflict</u> between the THCLA and the TPLA. *Posadas v. National City Bank*, 296 U.S. 497, 503 (1936) (more recent statute trumps conflicting earlier statute); *Long Island Care at Home, Ltd. v. Coke*, 127 S. Ct. 2339, 2348 (U.S. 2007)(internal citations omitted)(more specific statutory provision trumps a conflicting general statutory provision)")(emphasis added).

[48] Dkt. No. 2302 at pg. 4, 15.

3.    The TPLA's scope is "[a]ll [e]ncompassing"[50]; and

4.    The term "chain of distribution," asserted to be a required part of the joint and several liability application inherent to the TPLA, is "defined broadly in other jurisdictions."[51]

Irrespective of whether the PSC now asserts that the TPLA is more specific than the THCLA, the Court's decision that the THCLA should be applied was nonetheless correct. The THCLA is the more specific statutory scheme, as demonstrated by the points discussed below.

### a.    "Seller" is Far Less-Specifically Defined than "Health Care Providers."

The PSC's own filings in this case promote the generic, non-specific definition of a "seller" under the TPLA. As the PSC has previously stated, "[s]eller includes a retailer, wholesaler, or distributor, and means <u>any</u> individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption."[52]  "'Seller' also includes a lessor or bailor engaged in the business of leasing or bailment of a product."[53]  According to the PSC's application of the "broadly defined" term, albeit a flawed one, a "seller" could <u>potentially</u> include any of the following individuals or entities:

-    Wal-Mart, Inc.;
-    A barista at Starbucks;
-    A fry cook at McDonald's;
-    A property management company;
-    A PTA hosting a bake sale;
-    A used car dealership;

---

[49] Dkt. No. 2302 at pg. 13.
[50] Dkt. No. 2508 at pg. 4.
[51] Dkt. No. 2302 at pg. 16.
[52] Dkt. No. 2302 at pg. 13; *citing* Tenn. Code Ann. § 29-28-102(7)(emphasis added).
[53] *Id.*

- A barber who uses a rusty razor[54];
- A Budweiser distributor;
- Any health care provider; or
- Two children operating a lemonade stand.

The list above is far from complete.  In fact, under the lens utilized by the PSC, it is difficult to contemplate any person or entity that theoretically could <u>not</u> fall under the TPLA's vague, generic description of a "seller."

Unlike the TPLA, the THCLA specifically defines and lists the categories of health care providers subject to its provisions.  The THCLA limits the definition of a "health care provider" to "[a] health care practitioner licensed, authorized, certified, registered, or regulated under any chapter of title 63 or title 68," health care facilities licensed under titles 68 and 33, health care providers' employees, and professional corporations or limited liability companies consisting of health care providers."[55]  Likewise, the potential actors who can provide "health care services" are also defined and listed.[56]  In other words, in contrast to the TPLA's potentially endless universe of actors, the THCLA is limited to a well-defined, finite group of individuals or entities that can be easily listed.

### b.    The THCLA is Limited to a Defined, Specific Scope of Actions.

Like the TPLA, the THCLA states that it applies to "any civil action" meeting its definitional requirements and scope.  However, the THCLA is expressly limited to only those civil actions pursued against the limited, well-defined groups of individuals or entities identified above, and is expressly limited to only those civil actions that allege one of those health care providers "have caused an injury related to the provision of, or

---

[54] And according to the PSC, "passes the cost" of the razor onto the customer in the form of a flat fee for the shave.
[55] Tenn. Code Ann. § 29-26-101(a)(2).
[56] Tenn. Code Ann. § 29-26-101(b).

failure to provide, health care services to a person."[57]   For its part, actions brought

under the TPLA can expressly include any of the following:

> [A]ll actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product.[58]

The PSC's argument that the TPLA is somehow more specific than the THCLA

relies solely upon a misleading attempt to cherry pick and juxtapose certain selective

language contained within the respective statutes.   Specifically, the PSC asks the Court

to compare the TPLA's "caused by" language with the THCLA's "related to the provision

of . . . health care services" language.[59]

At the outset, of all things, it is curious that the PSC elected to use language from

the TPLA's statute of limitations provision for this point.[60]   For some reason, the PSC

chose to ignore other much broader language in the TPLA cited above, such the vague

reference to actions brought "on account of" personal injury, or actions "caused by or

resulting from" the myriad of activities described in the statute.[61]

To magnify the misrepresentative qualities of the comparison the PSC asks the

Court to make, the PSC also blatantly omits the full, unabridged version of the very

THCLA language they cite for their comparison.   The complete language includes an

explicit, immediately-preceding clause requiring that the actions of the health care

providers at issue "must have caused an injury related to the provision of . . . health

---

[57] Tenn. Code Ann. § 29-26-101(a)(1).
[58] Tenn. Code Ann. § 29-28-102(6).
[59] Dkt. No. 2749-1 at pg. 9.
[60] *Id.*, *citing* Tenn. Code Ann. §29-28-103(a).
[61] *See* Tenn. Code Ann. § 29-28-102(6).

care services to a person."[62]   Therefore, contrary to the PSC's motion, <u>both</u> statutes define their scope in terms of causation, not mere correlation ("related to") or less specific terminology.

Putting aside the PSC's misleading language comparison exercise, if the PSC wishes to further inspect the issue of causation to decide the specificity issue, the Tennessee Clinic Defendants welcome that opportunity.  Unlike the TPLA, which does not further define "causation," the THCLA specifically requires expert proof establishing that "[a]s a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred."[63]

Additionally, in stark contrast to the TPLA, the THCLA specifically requires that expert causation testimony may only be offered by a witness who is (1) licensed to practice in Tennessee or a contiguous bordering state; (2) in a profession or specialty which would make the witness's expert testimony relevant to the issues in the case; and (3) had practiced her profession or specialty in at least one of these states during the year preceding the date that the alleged injury or wrongful act occurred.[64]

In its presumably exhaustive search to try and find advantageous language demonstrating the TPLA's supposed specificity, the PSC chose one example: terminology referencing causation.  Even a legitimate analysis of that example leads to the obvious conclusion that the THCLA is the more specific statutory scheme, and therefore must apply in the event of an unavoidable conflict.

---

[62] Tenn. Code Ann. § 29-26-101(a)(1).
[63] Tenn. Code Ann. § 29-26-115(a)(3).
[64] Tenn. Code Ann. § 29-26-115(b).

### c. The THCLA is Limited to One Cause of Action, While the TPLA Expressly States it Could Apply to <u>Eight</u> Potential Causes of Action, at Minimum.

Claims pursued under the THCLA are limited to one, and only one, specific cause of action: an alleged violation of the THCLA.

The TPLA is far more general in that regard. Based on the generic language of the TPLA, it could theoretically apply to numerous causes of action, as stated in Tenn. Code § 29-28-102(6):

> TPLA actions also include, "but [are] not limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or <u>under any other substantive legal theory in tort or contract whatsoever.</u>[65]

Whether attention is given to the specificity afforded to (1) the defined list of potential actors under the statutes; (2) the scope of the actions that could trigger the application of the statutes; or (3) the potential causes of action that could theoretically be subject to the statutory schemes, all three (3) considerations emphasize that the THCLA is clearly more specific and narrowly tailored than the TPLA.

Viewed globally, the THCLA was designed to govern a specific, defined group of licensed individuals and entities, and a specific industry. Regardless of whether the PSC now disagrees with that position, the Court was ultimately correct that the THCLA—not the TPLA—should apply to the administration of epidural steroid injections by medical professionals. Concluding otherwise would lead to an "absurd result." The PSC's motion should be denied.

---

[65] Tenn. Code Ann. § 29-28-102(6)(emphasis added).

## CONCLUSION

The Court's February 29, 2016 Opinion and Order correctly applied Tennessee law, concluding that the THCLA and TPLA are unavoidably in conflict when applied to the facts of this case. A thoughtful, in-depth analysis of the respective statutory schemes confirms the Court's conclusion. In light of that conflict, the Court correctly applied Tennessee law and concluded that the THCLA is the more specific statutory scheme, and therefore should be applied. A detailed comparison of the language in the respective statutes, highlighted by the PSC's chosen example of causation, validates and strengthens the Court's decision. The PSC can disagree with the Court's decision, but that is in no way grounds for reconsideration of the legally sound Order. Finally, the PSC has clearly waived any ability to now argue the specificity issue—for the very first time—through its motion for reconsideration.

The PSC's motion should be denied, and the Court's February 29, 2016 Opinion and Order should stand, maintaining the logical result that the THCLA should exclusively govern the Tennessee Clinic Defendants' administration of epidural steroid injections at issue in this MDL.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Alan S. Bean
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459

***Attorneys for the Tennessee Clinic
Defendants***


\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 21st day of March, 2016.

/s/ Alan S. Bean