UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: All Cases | ) ) ) ) ) ) ) ) ) ) ) MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**TENNESSEE CLINIC DEFENDANTS'
MOTION TO COMPEL
COMPLETION OF THE DEPOSITION OF DAVID KESSLER, MD
WITH AN ORDER MANDATING DIRECT RESPONSES**

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("Tennessee Clinic Defendants"), move the Court, pursuant to Fed. R. Civ. P. 30 and 37, to compel completion of the deposition of the PSC's opinion witness, David Kessler, MD, with an Order mandating direct responses to the questions, at the expense of the PSC.

Fed. R. Civ. P. 30(d)(1) directs the Court to "allow additional time…if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."[1] Fed. R. Civ. P. 30(d)(2) authorizes the Court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates

---

[1] Fed. R. Civ. P. 30(d)(1).

the fair examination of the deponent."[2] "There is nothing in the language of [Fed. R. Civ. P. 30(d)(2)] that excludes the deponent from being the person who impedes, delays, or frustrates fair examination."[3]

A party seeking discovery may move for an order compelling an answer if "a deponent fails to answer a question asked under Rule 30 or 31."[4] A person's "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."[5] If the motion is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, *or both* to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[6]

On March 4, 2016, Defendants attempted to depose Dr. Kessler in San Francisco, California. Through the seven (7) hours of deposition time allowed under Fed. R. Civ. P. 30(d)(1), with an additional fifteen (15) minutes granted by the Plaintiffs at the expiration of seven (7) hours, Dr. Kessler evaded direct responses. His replies to most questions were non-responsive discourses designed to consume time. Not once did counsel for the PSC instruct the witness to provide direct answers to Defendants' questions. Instead, Plaintiffs' counsel allowed Dr. Kessler to evade Defendants' questions, implicitly advising Dr. Kessler's evasiveness by failing to direct him otherwise. Both Dr. Kessler and his counsel impeded, delayed, and frustrated the fair examination of Dr. Kessler. An additional opportunity to obtain responses from the witness to direct questions is warranted, and sanctions are appropriate.

---

[2] Fed. R. Civ. P. 30(d)(2).
[3] *Carroll v. Allstate Fire & Casualty Ins. Co.*, No. 12-CV-00007, 2014 WL 859238 at *7 (D. Colo. 2014).
[4] Fed. R. Civ. P. 37(a)(3)(B)(i).
[5] Fed. R. Civ. P. 37(a)(4).
[6] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

With this Motion to Compel, the Defendants move the Court to impose the following sanctions on the witness and PSC:

1. Require the witness and the PSC to absorb the costs associated with the initial effort to take Dr. Kessler's deposition, including Dr. Kessler's $1,000 per hour fee and the fees of the court stenographer and videographer; and

2. Require Dr. Kessler to return for completion of his deposition, providing direct, responsive, succinct answers to each question.

In support of this Motion, the Tennessee Clinic Defendants contemporaneously file and rely upon a Memorandum of Law. Pursuant to LR 37.1, the Tennessee Clinic Defendants have made a good-faith effort to resolve this dispute, without success.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.*
Chris J. Tardio*
Alan S. Bean**
Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 29th day of March, 2016.

/s/ Chris J. Tardio