## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |

THIS DOCUMENT RELATES TO:

CRAIG S. SIMAS,
JOAN SIMAS
     Plaintiff(s),

v.

OCEAN STATE PAIN MANAGEMENT
P.C., ABDUL BARAKAT, M.D.

    Defendants

CIVIL ACTION NO. 1:13-cv-10943-RWZ

---

### SUR-REPLY OF PLAINTIFFS CRAIG AND JOAN SIMAS REGARDING MOTION OF DEFENDANTS, ABDUL BARAKAT, M.D. AND OCEAN STATE PAIN MANAGEMENT, P.C. TO DISMISS PRODUCT LIABILITY AND CONSUMER PROTECTION CLAIMS OF THE PLAINTIFFS

Pursuant to Local Rule 7.1(b)(3) and MDL Order No. 11 (Docket #1524), the plaintiffs, Craig and Joan Simas, file this sur-reply to "Reply of the Defendants, Abdul R. Barakat, M.D. and Ocean State Pain Management, P.C. to Plaintiffs' Opposition to Defendants' Motion to Dismiss Product Liability and Consumer Protection Claims of the Plaintiffs" (Docket #2390) (hereinafter "Defendants' Reply").   When plaintiffs' specific factual allegations, made in addition to the allegations of the Master Complaint, are analyzed under applicable Massachusetts law, those claims state a claim for relief under breach of warranty provisions.  Similarly, plaintiffs have sufficiently pled causes of action under the Massachusetts and/or Rhode Island consumer protection statutes.

1

## I.   THE SPECIFIC ALLEGATIONS OF THESE PLAINTIFFS UNDER MASSACHUSETTS LAW SUFFICIENTLY STATE A CLAIM FOR BREACH OF WARRANTY WHICH SURVIVE THE MOTION TO DISMISS

Defendants' Reply does little more than summarize the arguments made in the initial Motion to Dismiss, to which Plaintiffs filed a comprehensive response in the "Memorandum of Plaintiffs Craig and Joan Simas in Opposition to Motion of Defendants Abdul Barakat, M.D. and Ocean State Pain Management, P.C. to Dismiss Product Liability and Consumer Protection Claims of Plaintiffs" (Docket #2591) (hereinafter "Plaintiffs' Opposition").  With respect to the breach of warranty claims, the Plaintiffs' Opposition demonstrates that there is no controlling Massachusetts law on the issue of whether a hospital, or in this case, a pain clinic or doctor, can be held liable for breach of warranty for supplying a defective medical device or drug to a patient as part of his treatment.  See *Phillips v. Medtronic, Inc.,* 754 F.Supp.2d 211, 216 (D.Mass. 2010). In such a case, the federal court "must predict how the state's highest court would resolve the issue by 'relying on guidance from analogous decisions in other states and other legal authorities.'" Id. quoting *Stratford School District, S.A.U. Dist. No. 58 v. Emp'rs Reins. Co.,* 162 F.3d. 718, 720 (1st Cir. 1998).  The Court in *Phillips* did so and held that the plaintiff's breach of warranty claim under Massachusetts law survived against The Brigham and Women's Hospital, Inc. for its use of a defective intrathecal pump inserted during procedures performed at The Brigham, which pump was "supplied and sold by The Brigham." *Phillips*, 754 F.Supp.2d at 214. Similarly, the Plaintiffs' breach of warranty claims survive the Defendants' Motion to Dismiss in this case.

This Court must analyze the specific breach of warranty allegations of these Plaintiffs, under applicable Massachusetts law, to determine if such claims survive the Motion to Dismiss. Plaintiffs submit that they do.  To begin, Plaintiffs disagree with what appears to be the primary

focus of Defendants' Reply, namely, that this Court's prior rulings, based on other states' laws, mandate a similar result in this case. The flaw in Defendants' logic is that the Court's other rulings neither address the specific allegations of the Plaintiffs in this case nor do they analyze how Massachusetts would address such allegations. When analyzed in this context, Plaintiffs' breach of warranty claims survive.

First, in addition to the allegations of the Master Complaint, Plaintiffs in this case have included additional, specific allegations of breach of warranty violations against the Defendants. See Second Amended Short Form Complaint Against Unaffiliated Defendants at Civil Action No. 1:13-cv-10943, Docket #17 ("Second Amended Complaint"). These allegations were two additional counts against Ocean State and Dr. Barakat which allege that Ocean State and Dr. Barakat purchased contaminated MPA from NECC and sold and distributed that contaminated MPA to Craig Simas thereby breaching Implied Warranties of Merchantability and Fitness for Particular Purpose under both Massachusetts and Rhode Island law. See Second Amended Complaint, ¶¶ 14-18, 23-27. In addition, the original complaint filed in Middlesex Superior Court by Craig and Joan Simas, attached to defendant's Memorandum in Support of Motion to Dismiss, specifically alleges that "Ocean State sold and billed Craig Simas for the methylprednisolone acetate." See Docket #2390-1 at 3 (¶ 16 of the original complaint). Obviously, this Court's prior rulings did not account for these additional factual allegations which are specific to the Simases.

Second, as pointed out in Plaintiffs' Opposition, the previous rulings by this Court are based on the application of other states' laws. See Plaintiffs' Opposition, at 8-9. Particularly with respect to the language of this Court's prior rulings cited by Defendants, the Court was construing Maryland and Illinois strict liability laws. See Docket # 1642 at 10 ("**Under Illinois**

3

**law,** there is no action for strict liability on the complaint as alleged."); Docket # 2225 at 5

("**Under Maryland law,** there is no action for strict liability on the complaint as alleged.").[1]

Analysis of relevant Massachusetts law, however, demonstrates that the Massachusetts courts

would allow a claim against a pain clinic and doctor who sold and administered a defective drug.

As discussed above and at length in Plaintiffs' Opposition, the District Court in *Phillips*

determined that Massachusetts state courts would allow a hospital to be "deemed a seller or

distributor of medical devices for the purposes of a product liability claim." *Phillips,* 754

F.Supp.2d at 217. Just like The Brigham in *Phillips,* Ocean State and Dr. Barakat sold the

defective item, in this case the contaminated MPA, as part of the treatment provided to Mr.

Simas. Under the *Phillips* analysis, therefore, Ocean State and Dr. Barakat, should be deemed

sellers and/or distributors of the MPA.

Even if the Court should conclude that Dr. Barakat provides a service and, therefore, the

breach of warranty provisions do not apply to him individually in this case, it is the plaintiffs'

position that the clinic in this case, Ocean State, is in the same position as the hospital in the

*Phillips* case. Accordingly, the clinic in this case must be held accountable under the breach of

warranty provisions, and the defendants' motion to dismiss must be denied.

Also as pointed out in Plaintiffs' Opposition, additional Massachusetts case law,

specifically the Massachusetts Unfair and Deceptive Practices Act, M.G.L. ch 93A, reinforces

the conclusion that Plaintiffs' breach of warranty allegations survive. Massachusetts recognizes

---

[1] Defendants also cite to this Court's most recent decision on the summary judgment motions filed by the Plaintiffs' Steering Committee and the Tennessee Defendants on the Tennessee product liability claims. See Docket #2700.  It must be emphasized that the Court's analysis was of another state's laws, specifically the interplay between Tennessee Health Care Liability Act and the Tennessee Products Liability Act, in a completely different context, summary judgment.  In the context of a motion to dismiss, which is the procedural posture of the instant matter, this Court allowed the products liability claims to survive. See Docket # 1360 at 30-31 ("Here, plaintiffs have adequately stated claims for relief **under** the [Tennessee Products Liability Act of 1978], apart from allegations of health care liability. Given the lack of controlling authority to the contrary, plaintiffs may proceed with their products liability claims as separate from the [Tennessee Health Care Liability Act].")

a distinction between traditional physician services and those aspects of the medical practice that are entrepreneurial and business in nature under chapter 93A. Indeed, the Massachusetts Supreme Judicial Court has held that, although a claim for medical malpractice, without more, does not qualify for an unfair or deceptive act under Chapter 93A, Chapter 93A may be applied to "the entrepreneurial and business aspects of providing medical services, for example, advertising and billing." *Darvirus v. Petros,* 442 Mass. 274, 278-279 (2004). Thus, the Supreme Judicial Court has already demonstrated a willingness to separate out the "entrepreneurial and business" aspects of a medical practice to determine the exact nature of the underlying claim. They have recognized a distinction between the physician's medical services and the other non-medical aspects of the care. This 93A case law, therefore, bolsters the conclusion that the sale of the MPA in this case can be viewed as separate and apart from the provision of medical services such that its sale to the patient constitutes a breach of warranty claim under Massachusetts law.

Finally, Plaintiffs respectfully submit that, since the issues raised in this motion to dismiss involve unsettled questions of state law, the matter is inappropriate for dismissal at this early stage, particularly since the Plaintiffs have been unable to engage in any discovery from the Defendants.

## II. DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSUMER PROTECTIONS CLAIMS SHOULD BE DENIED

### A. Plaintiffs Have Sufficiently Pled a Cause of Action for Violation of Rhode Island and Massachusetts Consumer Protection Statutes

Defendants' Reply disingenuously contends that "[t]he Plaintiffs continue to offer insufficient descriptions of 'deceptive' acts or practices engaged in by the Defendants." Defendants' Reply at 11-12. Plaintiffs' Opposition very clearly delineates the allegations of

consumer protection violations engaged in by the Defendants and the prior rulings of this Court in which such allegations survive a motion to dismiss. Plaintiffs' Opposition, Docket #2591 at 11-15. All of that need not be repeated here. Simply put, in the posture of this case, the Court must construe all of the allegations of the complaint "in the light most favorable to the pleader and all allegations therein are taken as true." *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts,* 83 F.Supp.2d 204, 207 (D.Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Taking the allegations of the complaint as true, they very clearly state a claim for violation of the Massachusetts and/or Rhode Island consumer protection statutes.

Moreover, the Plaintiffs have incorporated very specific facts which clearly state a case for violation of the relevant consumer protection statutes. Attached to plaintiff's Second Amended Complaint as Exhibit C is a copy of the Chapter 93A demand letter sent to Dr. Barakat. That letter specifically states that "[u]pon information and belief, you [Dr. Barakat] failed to provide a prescription for the methylprednisolone acetate specifically administered to Craig Simas and, rather, obtained the compounded methylprednisolone acetate in bulk from NECC." See *Nollet* (when ruling on a motion to dismiss, court may consider facts alleged in the complaint, documents attached as exhibits or incorporated into complaint, and matters of which judicial notice may be taken). Thus, the plaintiffs in this case have made the very specific allegation that Ocean State and Dr. Barakat provided MPA to Craig Simas without a prescription and that they obtained the MPA in bulk from NECC[2]. These allegations pertain to the plaintiff in this case, Craig Simas, and the actions of these specific Defendants which constitute unfair and

---

[2] Defendants contend that Plaintiffs have "failed to provide the applicable law" associated with Defendants' actions. See Defendants' Reply, Docket #2723, at 11. Such claim is without merit. Plaintiffs have incorporated the allegations of the Master Complaint which painstakingly details the relevant laws. See Second Amended Master Complaint, Docket #1719 at ¶¶151-206, 226-271. In addition, Plaintiffs contend that other such applicable laws, of which Defendants were or should have been aware or which Defendants specifically violated include, but are not limited to 21 C.F.R. §353a, 247 C.M.R. §§9.01, 9.04, 9.06, and M.G.L. ch. 94C, §1, et seq.

deceptive acts or practices.  Indeed, in another case, this Court has allowed Chapter 93A claims

to proceed and specifically referenced allegations of "bulk ordering MPA from NECC under

false names in violation of Massachusetts law" as one basis for allowing such claims to proceed.

See Docket #2225 at 6.  Similarly, the claims in this case survive the motion to dismiss.

### B.  There is a "Personal Connection" Sufficient to Justify a Massachusetts Consumer Protection Claim

Defendants' Reply raises an apparent personal jurisdiction argument not referenced in the

initial Motion to Dismiss.  See Defendants' Reply, Docket #2723, at 12-13.[3]  This Court has

personal jurisdiction over both Defendants.  To begin, Dr. Abdul Barakat is licensed to practice

medicine in Massachusetts and, upon information and belief, is a resident of Massachusetts.  See

Second Affidavit of Timothy P. Wickstrom, Esq. in Support of Sur-Reply of Plaintiffs

("Wickstrom Aff. 2"), ¶¶5-6, attached hereto as Exhibit 1.  With respect to Ocean State, "[i]n

determining whether a non-resident defendant is subject to its personal jurisdiction, a federal

court exercising diversity jurisdiction 'is the functional equivalent of a state court sitting in the

forum state.'" *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d. 42, 51

(1st Cir. 1995) (quoting *Sawtelle v. Farrell,* 70 F.3d 1381, 1387 (1st Cir. 1995) (citation omitted).

In Massachusetts, a claim of personal jurisdiction over a nonresident defendant requires a two-

pronged analysis.  *Good Hope Industries , Inc. v. Ryder Scott Co.,* 378 Mass. 1, 5 (1979).  First,

the Court must determine whether the jurisdiction is authorized by statute, specifically, M.G.L.

ch. 223A, §3.  Id. Second, the exercise of personal jurisdiction must be consistent with basic due

process requirements of the United States Constitution.  Id. at 6.

---

[3] Interestingly, when the case was originally filed in Massachusetts Superior Court, Ocean State filed a Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(2) for lack of Personal Jurisdiction.  The parties fully briefed the issue, but it was not decided before the case was incorporated into the MDL.  For whatever reason, Defendants did not move to dismiss on these grounds in their initial Motion to Dismiss but, rather, include it as an add-on argument in their Reply.

Personal jurisdiction may be specific or general. *United States v. Swiss American Bank, Ltd.,* 274 F.3d 610, 618 (1st Cir. 2001). Specific jurisdiction arises when a State exercises personal jurisdiction in a suit arising out of or related to the defendant's contacts with the forum state. *Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG.,* , 26 Mass.App.Ct. 14, 22, n.6 (1988), quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8 (1984). When the action does not arise out of or relate to the defendant's contacts with the forum, the State exercises general jurisdiction. *Heins,* 26 Mass.App.Ct. at 22, n.6. In the instant case, this court can exercise jurisdiction under either a specific jurisdiction or a general jurisdiction theory. Specific jurisdiction exists under M.G.L. ch. 223A §3(a) because the plaintiff's injuries arose as a result of Ocean State's purchase of a contaminated steroid from a Massachusetts company. This court also has general jurisdiction over Ocean State because of Ocean State's continuous and systematic contacts with Massachusetts, particularly when such contacts are analyzed at the time of Mr. Simas's injury.

## 1. This Court has Specific Jurisdiction Under Subsection 3(a) of the Long-Arm Statute[4]

M.G.L. ch. 223A, §3(a) provides that personal jurisdiction exists over a person "transacting any business in this commonwealth." For jurisdiction to exist under subsection 3(a), the facts must establish that the defendant either directly or indirectly transacted any business in Massachusetts and that the alleged cause of action arose from such transaction of business. *Good Hope Industries, Inc. v. Ryder Scott Company,* 378 Mass. 1, 6 (1979). The facts of this

---

[4] Defendants' apparent claim that jurisdiction in this case can only be founded upon Ch. 223A, §3(d) is completely without merit. See Defendants' Reply, Docket #2723, at 13. In support of this proposition, Defendants cite to *Snyder v. ADS Aviation Maintenance,* 2000 Mass.Super. LEXIS 5 at *20 (Jan. 10, 2000). Review of the entire opinion in *Snyder,* however, demonstrates that the court in *Snyder* merely held that §3(d) was the only basis for jurisdiction over the plaintiffs' claim *in that particular case.* Nowhere does the *Snyder* opinion hold, as Defendants disingenuously try to imply, that the only long-arm statute section that applies to a 93A case is subsection 3(d).

case demonstrate that Ocean State regularly transacted business in Massachusetts and that the Simas' claims arose directly from that transaction of business.

"The notion of transacting business is broadly construed and easily satisfied." *Saturn Management LLC v. GEM-Atreus Advisors, LLC,* 754 F.Supp.2d 272, 277 (D.Mass. 2010). <u>See also</u> *Tatro v. Manor Care, Inc.,* 416 Mass. 763, 767 (1994) (transacting business clause construed broadly); *Gleason v. Jansen,* 76 Mass.App.Ct. 1128 (2010) (unpublished opinion) (same); *Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG.,* , 26 Mass.App.Ct. 14, 17 (1988) (same).   Although an isolated and minor transaction with Massachusetts will not suffice to satisfy the "transacting business" clause of subsection 3(a), "the purposeful and successful solicitation of business from residents of the Commonwealth" does satisfy this requirement. *Tatro,* 416 Mass. at 551-52.

The attached Second Affidavit of Timothy P. Wickstrom is replete with references to Ocean's State's transacting business in Massachusetts.  During 2012, Ocean State purchased at least 7 shipments of methylprednisolone acetate from NECC, a Massachusetts business. Wickstrom Aff. 2, ¶¶ 13-19.  The methylprednisolone acetate was shipped from Massachusetts to Ocean State's facilities in Rhode Island.  <u>Id</u>.  It can be reasonably inferred from these shipments that Ocean State had a contracts or contracts with NECC for the purchase of its products.  In addition, at the time of Mr. Simas's injury, Ocean State was registered to do business in Massachusetts. <u>Id</u>. at ¶2.  Ocean State's registered office location was 211 North Street in Foxboro, Massachusetts and its registered agent, President, Treasurer, Secretary and Director, Dr. Abdul Barakat, listed that same Massachusetts address as his business address.  <u>Id</u>. at ¶4.  Dr. Barakat is still licensed to practice in Massachusetts and it appears that he also resides in Massachusetts.  <u>Id</u>. at ¶¶5, 6.  Ocean State billed Mr. Simas for the methylprednisolone

9

acetate with which he was injected and the address for the bill payment was a Massachusetts address.   See Affidavit of Craig S. Simas, originally filed in Middlesex Superior Court, attached hereto as Exhibit 2, ¶¶4,5.   In addition, Ocean State previously maintained a website that specifically targeted Massachusetts residents.   Wickstrom Aff. 2. at ¶7-8.   Ocean State clearly transacted business in Massachusetts and both solicited and did business with Massachusetts residents, most notably for this case, with NECC.

The Supreme Judicial Court has explained that a claim "arises from" the defendant's transaction of business "if the claim was made possible by, or lies in the wake of, the transaction of business in the forum state." *Tatro,* 416 Mass. at 771.   Under this "but-for" test, "the inquiry is whether the defendant's contacts with the Commonwealth constitute the 'first step in a train of events' that results in injury to the plaintiff." *Halchak Corporation, Inc. v. Symbiot Business Group, Inc.,* 516 F.Supp.2d 149, 152 (D.Mass. 2007) *quoting Tatro,* 416 Mass. at 770.   The "arising from" or "but-for" requirement "is generously construed in favor of asserting personal jurisdiction." *Saturn Management, LLC v. GEM-Atreus Advisors, LLC,* 754 F.Supp.2d 272, 278 (D.Mass. 2010).

Under this "but-for" analysis, jurisdiction exists over Ocean State under subsection 3(a). **But for** Ocean State's purchase of contaminated methylprednisolone acetate from NECC in Massachusetts, Craig Simas would not have been injured since he would not have been injected with a contaminated product.   Ocean State's purchase of the contaminated product was "the first step in a train of events" that led to Mr. Simas' injuries.   The facts of this case demonstrate the required "rational nexus between [the plaintiff's] cause of action and the transaction of any business in Massachusetts by the defendant." *Heins,* 26 Mass.App.Ct. at 18.   If Ocean State had not done business in and with the Massachusetts company of NECC, it would not have

purchased contaminated products.  It could not have then injected Mr. Simas with those

contaminated products, and Mr. Simas would not have been injured.  Under these set of facts,

there is most definitely a "rational nexus" between Ocean State's transaction of business in

Massachusetts and Mr. Simas' injuries.  Jurisdiction, therefore, is appropriate in this case.[5]

### 2.  Jurisdiction By This Court Meets Due Process Requirements

In addition to meeting the literal requirements of the Massachusetts long-arm statute, this

Court must consider whether the assertion of personal jurisdiction over Ocean State would

offend the due process requirements of the United States Constitution.  It would not.

"'The constitutional touchstone' of the determination whether an exercise of personal

jurisdiction comports with due process 'remains whether the defendant purposefully established

"minimum contacts" in the forum state.'"  *Tatro Manor,* 416 Mass. at 772 quoting *Burger King*

*Corp. v. Rudzewicz,* 471 U.S. 462 (1985).  This due process analysis requires three inquiries.

*Carrerras v. PMG Collins, LLC*, 660 F.3d 549, 554 (1st Cir. 2011).  First, the Court must ask

whether the asserted causes of action arise from or relate to defendant's contacts with the forum.

Id.  Second, the Court must consider whether the defendant purposefully availed itself of the

protections of the forum's laws by means of that contact, such that the defendant could

reasonably foresee being brought to the forum's courts.  Id. Third, the Court must consider

whether the exercise of personal jurisdiction is consistent with principles of justice and fair play.

Id.  See also  *Bulldog Investors General Partnership v. Secretary of the Commonwealth,* 457

Mass. 210, 217 (2010).

To begin, as demonstrated above, the Simas' claim arises out of and/or is related to

Ocean State's contacts with Massachusetts.  Ocean State was admittedly supplied MPA by

---

[5] Plaintiffs contend that jurisdiction exists under M.G.L. ch 223A, §3(a), but do not waive any argument that
jurisdiction also exists under other subsections of the statute.

NECC.  See *Memorandum in Support of Motion to Dismiss,* Docket #2390, at 4.  Defendants ordered that MPA, and possibly other medications, from NECC.  See *,* Docket #2390, at 8.   In addition, the entity from which Ocean State purchased the MPA, NECC, was a Massachusetts corporation which compounded the MPA in Massachusetts.  See Docket #2390-1 at 2-3 (¶¶ 3, 8, 11, original complaint filed in Middlesex Superior Court by Craig and Joan Simas).  The MPA is central to the plaintiffs' injuries and, therefore, Ocean State's contact with Massachusetts through the purchase of that product from NECC is related to plaintiffs' claims.

Second, Defendants' contacts must "represent a purposeful availment of the privilege of conducting activities in [Massachusetts], thereby invoking the benefits and protections of its laws and making [Defendant's] involuntary presence before [a Massachusetts] court foreseeable." *Back Bay Farm, LLC v. Collucio,* 230 F.Supp.2d 176186-187 (D.Mass. 2002) quoting *Pritzker v. Yari,* 42 F.3d 53, 61 (1st Cir. 1994).   Ocean State purposefully availed itself of the privilege of conducting activities in Massachusetts.  Ocean purchased the product in question from a Massachusetts company.  See *Memorandum in Support of Motion to Dismiss,* Docket #2390, at 4, 8.   It received 7 shipments of the steroid from NECC after May 21, 2012.  Wickstrom Aff., ¶¶13-19.  At the time of Mr. Simas's injury, Ocean State was registered to do business in Massachusetts and had named a registered agent at its listed address in Foxboro, Massachusetts. Id. at ¶¶2-4. At that time, it also had a website that could be accessed by and targeted Massachusetts residents.  Id. at ¶¶7-8.  It was therefore reasonable for Ocean State "to anticipate being held responsible in Massachusetts." *Bulldog Investors,* 457 Mass. at 217-18, *citing World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286. 297 (1980) ("the foreseeability that is critical to due process analysis …is [whether] the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there").  All of these

12

facts demonstrate that Ocean State has purposefully availed itself of the privilege of conducting activities in Massachusetts.

Regarding the third prong of the constitutional analysis, assertion of personal jurisdiction by this Court does not offend traditional notions of fair play and substantial justice. In making this determination, the Court must weigh five factors, including: (1) the burden on the defendant in appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interest of all sovereigns in promoting substantive social policies. *Provanzano v. Parker,* 796 F.Supp.2d 247, 254 (D.Mass. 2011) citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985).   To begin, there would be little to no burden on Ocean State in appearing in this Court.   Dr. Abdul Barakat, Ocean State's principal officer, is licensed to practice medicine in Massachusetts and, most likely, resides in Massachusetts.  Ocean State was formerly registered to do business in the Commonwealth.  Moreover, Ocean State's Woonsocket location is just over two miles from Massachusetts. See Wickstrom Aff.2, ¶9.  Next, Massachusetts' interest in adjudicating this claim and others like it is obviously substantial.  The claims arise from the compounding, sale and/or distribution of a contaminated product from a Massachusetts corporation.  No other jurisdiction has more interest than Massachusetts in these issues.  In addition, the most convenient and effective forum for this matter is in this Court which is the locus for the Multi-District litigation.  For the same reasons, analysis of the final two factors militates in favor of personal jurisdiction.  The judicial system's interest in obtaining the most effective resolution of the case and the common interest in promoting social policies would most be most efficiently

met by keeping the case within this Court's jurisdiction since this Court is well-versed in the relevant facts and legal issues.

### 3. This Court Also Has General Jurisdiction Over Ocean State

In addition to its specific jurisdiction, the court has general jurisdiction over Ocean State. General jurisdiction is established through "continuous and systematic contacts" with the forum state *unrelated to the suit.  Fiske v. Sandvik Mining and Construction USA, LLC*, 540 F.Supp.2d 250, 254 (D.Mass 2008).  The affidavits filed with this Sur-Reply contain multiple references to Ocean State's continuous and systematic contacts with Massachusetts.  As stated previously, Ocean State has repeatedly purchased products from NECC.  Ocean State billed Mr. Simas for the medication and requested that the bill be sent to an address in Massachusetts.  Ocean State had a website that reached out to Massachusetts residents.  It was registered to do business in Massachusetts and had a registered agent with a listed address of Foxboro, MA.  Taking the Plaintiffs' allegations as true and construing them in the light most favorable to Plaintiffs, there exists a sufficient basis on which to assert general personal jurisdiction over Ocean State.[6]

---

[6] To the extent that the court does not find facts sufficient for jurisdiction at this time, then Plaintiffs request the opportunity to conduct discovery on the issue of personal jurisdiction.  See *Tatro,* 416 Mass. at 764 (judge in Superior Court allowed discovery limited to facts relevant to issue of personal  jurisdiction before issue was decided).

### III.    <u>CONCLUSION</u>

For all of these reasons, the Defendants' Motion to Dismiss should be denied.

**Respectfully Submitted,**
**CRAIG S. SIMAS and JOAN SIMAS**
**By Their Attorneys,**

/s/ Timothy P. Wickstrom
Timothy P. Wickstrom BBO 541953
Deborah Gresco-Blackburn BBO 554782
Wickstrom Morse, LLP
60 Church Street
Whitinsville, MA  01588
Email: Timothy@wickstrommorse.com
Email: Deb@wickstrommorse.com
Tel. (508) 234-4551
Fax. (508) 234-8811

Date:  March 29, 2016

### <u>Certificate of Service</u>

This is to certify that on the 29th day of March, 2016 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Timothy P. Wickstrom

Timothy P. Wickstrom

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>CRAIG S. SIMAS,<br>JOAN SIMAS<br>     Plaintiff(s),<br><br>v.<br><br>OCEAN STATE PAIN MANAGEMENT P.C., ABDUL BARAKAT, M.D.<br><br>    Defendants<br><br>CIVIL ACTION NO. 1:13-cv-10943-RWZ | |

## SECOND AFFIDAVIT OF TIMOTHY P. WICKSTROM, ESQ. IN SUPPORT OF SUR-REPLY OF PLAINTIFFS

I, Timothy P. Wickstrom, on oath, hereby depose and say:

1.  I am one of plaintiffs' attorneys in this matter.  I make this Affidavit in support of the "Sur-Reply of Plaintiffs Craig and Joan Simas Regarding Motion of Defendants, Abdul Barakt, M.D. and Ocean State Pain Management, P.C. to Dismiss Product Liability and Consumer Protection Claims of the Plaintiffs."

### Ocean State Pain Management, P.C.'s General Contacts with Massachusetts

2.  Attached as Exhibit A is a certified copy of the Certificate of Registration of a Foreign Corporation filed by Ocean State Pain Management, P.C. (hereinafter "Ocean State") with the Massachusetts Secretary of State's Office.  According to these documents, Ocean State registered to do business in Massachusetts on January 3, 2011 and maintained this status until June 30, 2014.

3.  Ocean State listed 211 North Street, Unit #7, Foxboro, Massachusetts as its registered office in the Commonwealth of Massachusetts.

4. Ocean State listed Abdul Barakat as its registered agent at 211 North Street, Unit #7, Foxboro, Massachusetts. Abdul Barakat was also listed as the President, Treasurer, Secretary and Director of Ocean State, with a business address of 211 North Street, Unit #7, Foxboro, Massachusetts.

5. Abdul R. Barakat is licensed to practice medicine in Massachusetts. His active Massachusetts license number is 219701. Attached as Exhibit B is a copy of Abdul R. Barakat, M.D.'s physician profile from the Commonwealth of Massachusetts Board of Registration in Medicine.

6. Upon information and belief, Abdul Barakat resides at 60 Amy Lane, North Attleboro, Massachusetts. Attached as Exhibit C is a copy of a listing from "Whitepages.addresses.com" indicating that "Abdul R. Barakat" resides at 60 Amy Lane, North Attleboro, Massachusetts.

7. Ocean State formerly had a website accessible to residents of Massachusetts.

8. Attached as Exhibit D are pages printed from Ocean State's website. The website provided directions to Ocean State's Rhode Island offices from Massachusetts. One of the headings on the Ocean State website homepage is entitled "Directions." Under the subheading "Driving Directions – Woonsocket Location" are references to "From Boston and Points North" and "From Worcester and Surrounding Communities."

9. The driving distance between Ocean State's Woonsocket, Rhode Island location at 219 Cass Avenue, Woonsocket, Rhode Island and points in Massachusetts is minimal. Woonsocket, Rhode Island directly borders Blackstone, Massachusetts. The distance between 219 Cass Avenue, Woonsocket, Rhode Island and 2 Main Street, Blackstone, Massachusetts is 2.22 miles.

<u>Ocean State's Specific Contacts With Massachusetts Resulting in Plaintiffs' Injuries</u>

10. The United States Food and Drug Administration ("FDA") compiled a list of customers of New England Compounding Pharmacy, Inc. (hereinafter "NECC") to whom NECC shipped its products after May 21, 2012. Ocean State is listed as a customer of NECC. Attached as Exhibit E is an excerpt of the relevant portion of the FDA NECC customer list.

11. Upon information and belief, Ocean State had a contract or contracts with NECC for the production, compounding, purchase and/or distribution of NECC products including, but not limited to, methylprednisolone acetate.

12. Upon information and belief, Ocean State contracted with NECC for the production, compounding, purchase and/or distribution of NECC products during 2012.

13. On June 13, 2012, NECC shipped and Ocean State received 600 doses of 1 milliliter methylprednisolone acetate at its 219 Cass Avenue, Woonsocket, Rhode Island location.

14. On July 13, 2012, NECC shipped and Ocean State received 100 doses of 1 milliliter injectable methylprednisolone acetate at its 219 Cass Avenue, Woonsocket, Rhode Island location.

15.  Also on July 13, 2012, NECC shipped and Ocean State received 400 doses of 1 milliliter methylprednisolone acetate at its 219 Cass Avenue, Woonsocket, Rhode Island location.

16.  On August 22, 2012, NECC shipped and Ocean State received 75 doses of 1 milliliter injectable methylprednisolone acetate at its 1377 South County Trail, East Greenwich, Rhode Island location.

17.  Also on August 22, 2012, NECC shipped and Ocean State received 100 doses of 1 milliliter methylprednisolone acetate at its 1377 South County Trail, East Greenwich, Rhode Island location.

18.  On September 20, 2012, NECC shipped and Ocean State received 100 doses of injectable methylprednisolone acetate at its 219 Cass Avenue, Woonsocket, Rhode Island location.

19.  Also on September 20, 2012, NECC shipped and Ocean State received 400 doses of methylprednisolone acetate at its 219 Cass Avenue, Woonsocket, Rhode Island location.

Signed under the pains and penalties of perjury this 29th day of March, 2016.

/s/ Timothy P. Wickstrom

_____

Timothy P. Wickstrom

# EXHIBIT "A"

MA SOC   Filing Number: 201122222530    Date: 1/3/2011 3:09:00 PM

# THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears
that the provisions of the General Laws relative to corporations have been complied with,
and I hereby approve said articles; and the filing fee having been paid, said articles are
deemed to have been filed with me on:

January 03, 2011 03:09 PM

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

MA SOC   Filing Number: 201122222530    Date: 1/3/2011 3:09:00 PM
01/03/2011 16:07 FAX  5184320742         I  Incorporate                    @0002/0008



# The Commonwealth of Massachusetts

### William Francis Galvin
### Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## Exhibit to Foreign Professional
## Corporation Certificate
### (General Laws Chapter 156A, Section 17; 950 CMR 105.12)

(1) Exact name of the corporation:  OCEAN STATE PAIN MANAGEMENT P.C.

(2) Description of professional services to be rendered in the commonwealth:

   TO PRACTICE MEDICINE

(3) Names and residential addresses of all shareholders, directors, officers and employees, and designations of which shall render
    professional service(s) in the commonwealth:

| NAME | RESIDENTIAL ADDRESS | PROFESSIONAL SERVICE(S) |
|---|---|---|

President: ABDUL BARAKAT  211 NORTH STREET, UNIT #7, FOXBORO, MA 02035   MEDICINE

Vice-president:

Treasurer: ABDUL BARAKAT  211 NORTH STREET, UNIT #7, FOXBORO, MA 02035   MEDICINE

Secretary: ABDUL BARAKAT  211 NORTH STREET, UNIT #7, FOXBORO, MA 02035   MEDICINE

Assistant secretary:

Director(s): ABDUL BARAKAT  211 NORTH STREET, UNIT #7, FOXBORO, MA 02035   MEDICINE

Shareholder(s): ABDUL BARAKAT  211 NORTH STREET, UNIT #7, FOXBORO, MA 02035   MEDICINE

Employee(s): ABDUL BARAKAT  211 NORTH STREET, UNIT #7, FOXBORO, MA 02035   MEDICINE

(4) A majority of directors and all officers, except the treasurer, clerk, secretary and any assistant treasurer, assistant clerk and/or assistant secretary, are natural persons who are licensed in a state or territory of the United States or the District of Columbia to render professional services authorized by the corporation's articles of organization

(5) All shareholders of the professional corporation are natural persons who are licensed in a state or territory of the United States or the District of Columbia to render professional services authorized by the corporation's articles of organization, or are general partnerships comprised solely of such persons, or are professional corporations authorized to render such professional services.

(6) A certificate by the appropriate regulatory board or boards, showing that the persons required to be licensed in the commonwealth are so licensed, must be attached.

(7) Every foreign professional corporation shall be subject to the relevant sections of Part 15 of G.L. Chapter 156D, except as otherwise provided in G.L. Chapter 156A.

(8) A certificate of legal existence or a certificate of good standing, issued by an officer or agency properly authorized in the jurisdiction of organization, must also be attached.  If the certificate is in a foreign language, a translation thereof under oath of the translator shall be attached.

Signed by: _____

*(signature of authorized individual)*

☐ Chairman of the board of directors,

☑ President,

☐ Other officer,

☐ Court-appointed fiduciary,

on this  29TH _____ day of  NOVEMBER _____ ,  2010 _____

01/03/2011 16:07 FAX  5184320742          I Incorporate                    ☒0004/0008

# The Commonwealth of Massachusetts

### William Francis Galvin
### Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

FORM MUST BE TYPED

## Foreign Corporation
## Certificate of Registration
(General Laws, Chapter 156D, Section 15.03; 950 CMR 113.48)

(1) Exact name of the corporation, including any words or abbreviations indicating incorporation:

    OCEAN STATE PAIN MANAGEMENT, P.C.

(2) Name under which the corporation will transact business in the commonwealth that satisfies the requirements of G.L. Chapter 156D, Section 15.06:

    OCEAN STATE PAIN MANAGEMENT, P.C.

    *If applicable, please attach:*

    • an agreement to refrain from use of the unavailable name in the commonwealth; and
    • a copy of the doing business certificate filed in the city or town where it maintains its registered office; and
    • a copy of the resolution of the corporation's board of directors, certified by its secretary, the name under which the corporation will transact business in the commonwealth pursuant to 950 CMR 113.50(4).

(3) Jurisdiction of incorporation: RHODE ISLAND

    Date of incorporation: 01/11/2007 _____ Duration if not perpetual: _____
                           (month, day, year)

(4) Street address of principal office: 219 CASS AVE., SUITE A, WOONSOCKET, RI 02895
                                        (number, street, city or town, state, zip code)

(5) Street address of registered office in the commonwealth: 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035
                                                             (number, street, city or town, state, zip code)

    Name of registered agent in the commonwealth at the above address: ABDUL BARAKAT

I, ABDUL BARAKAT
registered agent of the above corporation consent to my appointment as registered agent pursuant to G. L. Chapter 156D, Section
5.02.*

(6) Fiscal year end: NOVEMBER 31

                                             *(month, day)*

(7) Brief description of the corporation's activities to be conducted in the commonwealth:

    MEDICINE AND PAIN MANAGEMENT

(8) Names and business addresses of its current officers and directors:

|  | NAME | BUSINESS ADDRESS |
|---|---|---|
| President: | ABDUL BARAKAT | 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035 |
| Vice-president: |  |  |
| Treasurer: | ABDUL BARAKAT | 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035 |
| Secretary: | ABDUL BARAKAT | 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035 |
| Assistant secretary: |  |  |
| Director(s): | ABDUL BARAKAT | 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035 |

Attach certificate of legal existence or a certificate of good standing issued by an officer or agency properly authorized in the jurisdiction of organization. If the certificate is in a foreign language, a translation thereof under oath of the translator shall be attached.

This certificate is effective at the time and on the date approved by the Division, unless a later effective date not more than 90 days from the date of filing is specified: _____

Signed by: _____ ,

(signature of authorized individual)

- ☐ Chairman of the board of directors,
- ☒ President,
- ☐ Other officer,
- ☐ Court-appointed fiduciary,



State of Rhode Island and Providence Plantations
**A. Ralph Mollis**
*Secretary of State*

The Office of the Secretary of State of the State of Rhode Island and Providence Plantations, HEREBY CERTIFIES, that

# OCEAN STATE PAIN MANAGEMENT, P.C.

a Rhode Island corporation, filed articles of incorporation in this office on the 11th day of January, 2007; and

IT IS FURTHER CERTIFIED that as of this date said corporation is duly organized and existing under and by virtue of the laws of the State of Rhode Island and is in good standing according to the records of this office.

SIGNED AND SEALED seventh day of December, A.D. 2010.

*Secretary of State*

BY



01/03/2011 16:08 FAX  5184320742          1 Incorporate                    Ø0008/0008

# The Commonwealth of Massachusetts
## William Francis Galvin
### Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

FORM MUST BE TYPED          **Certificate by Regulatory Board****          FORM MUST BE TYPED
                            (General Laws, Chapter 112 or 221)

In compliance with General Laws, Chapter 156A, Section 7, the **MASSACHUSETTS REGULATORY BOARD**
                                                                (Exact name of board)

hereby certifies that in connection with the incorporation of **OCEAN STATE PAIN MANAGEMENT P.C.**,
                                                               (Exact name of corporation)

a professional corporation formed to render **MEDICINE**                                        services,
                                             (Type of professional service to be rendered)

the below listed incorporators, officers, directors, and shareholders are duly licensed or admitted to practice the profession listed above.

| INCORPORATORS | RESIDENTIAL ADDRESS |
|---|---|
| ABDUL BARAKAT | 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035 |

| OFFICERS | RESIDENTIAL ADDRESS |
|---|---|
| ABDUL BARAKAT | 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035 |

| DIRECTORS | RESIDENTIAL ADDRESS |
|---|---|
| ABDUL BARAKAT | 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035 |

| SHAREHOLDERS | RESIDENTIAL ADDRESS |
|---|---|
| ABDUL BARAKAT | 211 NORTH STREET, UNIT #7, FOXBORO, MA 02035 |

SIGNED this          17th          day of              December              , 20 10

 **William Francis Galvin**
Secretary of the Commonwealth of Massachusetts 

# Corporations Division

## Business Entity

### Name: OCEAN STATE PAIN MANAGEMENT, P.C.

| Order certified copies ☐ check all | Name of filing | Year filed | Date filed | Filing No. | View PDF |
|---|---|---|---|---|---|
|  | Revocation by SOC |  | 06/30/2014 12:00 AM | 201489257660 | Index Number = 0 (0 pages) |
| ☐ | Foreign Corporation Certificate |  | 01/03/2011 03:09 PM | 201122222530 | **201122222530_1.pdf, 8 pgs** |

> Note:
> Annual Reports and No Fee changes have a retention period of ten years; therefore these documents are no longer available prior to December 31, 2002.

[ Return to entity summary ]    [ Order filings ]

# EXHIBIT "B"

# Commonwealth of Massachusetts Board of Registration in Medicine

## Abdul R. Barakat, M.D.

### Physician Information

Except for the License information, this information has been reported by Dr. Baraka

| | | | |
|---|---|---|---|
| License Number | 219701 | Accepting New Patients | Yes |
| License Status | Active | Accepts Medicaid | Yes |
| License Issue Date | 11/5/2003 | Translation Services Available | Arabic |
| License Expiration Date | 4/29/2016 | | |
| Primary Work Setting | Private Office | Insurance Plans Accepted | Aetna |
| Business Address | 219 Cass Avenue | | Cigna |
| | Suite B | | Medic |
| | Woonsocket, RI 02895 | | Health |
| | United States of America | | Comp |
| Business Telephone | (401) 769-4100 | Hospital Affiliations | Nasho |
| | | | of Sta |
| | | NPI Number | 13361 |

Both The Joint Commission and the National Committee on Quality Assurance consider the Massachusetts Board of Registration to be a primary source provider for license status information.

### Education & Training

The Education and Training information was verified as of the License Issue Date above.

| | |
|---|---|
| Medical School | University of Aleppo Faculty of Medicine |
| Graduation Date | 8/18/1991 |
| Post Graduate Training | Massachusetts General Hospital, Fellow:Endocrinology (7/1/1995 - 6/1/1997) |
| | Tufts Medical Center, Resident:General Surgery (7/1/1997 - 6/1/1998) |
| | Tufts Medical Center, Resident:Anesthesiology (7/1/1998 - 6/30/2001) |
| | Tufts Medical Center, Fellow:Adult Cardiothoracic Anesthesiology (7/1/2001 - 6/1/2002) |
| | Tufts Medical Center, Fellow:Pain Medicine (Anesthesiology) (7/1/2002 - 6/1/2003) |
| | Beth Israel Deaconess Medical Center, Fellow:Critical Care |

Medicine (7/1/2003 - 6/30/2004)

## Specialty

This information has been reported by Dr. Barakat.

Area of Specialty | Anesthesiology, Cardiothoracic Anesthesiology, Critical Care Medicine, Pain Management

## Board Certifications

This information has been reported by Dr. Barakat.

American Board of Medical Specialties (ABMS)

| Board Name | General Certification | Subspecialty |
|---|---|---|
| Anesthesiology | Anesthesiology | |
| Anesthesiology | Anesthesiology | Pain Medicine |
| Anesthesiology | Anesthesiology | Critical Care Medicine |

## Honors and Awards

This information has been reported by Dr. Barakat.

Graduate top percentile(1992)
Top 10% National High Exam(1992)

## Professional Publications

This information has been reported by Dr. Barakat.

A Diagnosis Dilemma in the Differential Diagnosis of Post-traumatic Neurological Deficit
American College of Chest Physicians

## Malpractice Information

Dr. Barakat has not made a payment on a malpractice claim in Massachusetts.

## Disciplinary and/or Massachusetts Criminal Actions

### Massachusetts Criminal Convictions, Pleas and Admissions

The Board has no record of felony or serious misdemeanor convictions regarding Dr. Barakat.

### Health Care Facility Discipline

The Board has no record of health care facility discipline regarding Dr. Barakat.

### Massachusetts Board Discipline

Dr. Barakat has not been disciplined by the Board.

## Out of State Board Discipline

The Board has no record of out of state discipline regarding Dr. Barakat.

---

Instructions for obtaining public information about a physician are available at our public information page. Questions about a physician's Profile may be submitted to ma.profiles@state.ma.us. You may also contact the Massachusetts Board of Registration in Medicine, 200 Harvard Mill Square, Suite 330, Wakefield, MA 01880. Phone 781-876-8200 for public information about a physician or questions about a physician's Profile. Detailed information about Massachusetts Board disciplinary actions on physicians may be found at our Disciplinary and Other Board Action page.

All contents ©2016 Commonwealth of Massachusetts, Board of Registration in Medicine. All rights reserved. Build 1.0.5872.19223

3/14/2016 3:37 PM

# EXHIBIT "C"

White Pages    Yellow Pages    Address    ZIP Code

# Refine Who You Are Looking For

| First Name | Last Name | City, State or ZIP | |
| --- | --- | --- | --- |
| Abdul | Barakat | MA | People L |

Print

## Abdul R Barakat

60 Amy Ln, North Attleboro, MA 02760

(508) 643-0783 is a land line phone

Confirm Current Phone & Address

Get Addresses History for Abdul R Barakat    Find More Information for Abdul R Barakat

Sponsored Ads

Abdul R Barakat

Get A Background Check
Get Email and Social Info
Check Criminal Records

60 Amy Ln, North Attleboro, MA 02760 Get a Detailed Property Report

Sponsored Ads

Abdul R Barakat

Find More on Abdul R Barakat
Get a Detailed Background Report

### Not who you're looking for?

Abdel R Barakat
Abdullah R Barakat
A R Barakat
Try Intelius for more results

3/15/2016 10:27 AM

# EXHIBIT "D"




# OCEAN STATE PAIN MANAGEMENT, PC
## Care with integrity and compassion..

**Home   Contact Us   FAQ's   Meet The Staff   Directions   New Patient Paperwork**



### Driving Directions - Woonsocket Location

From Providence and Points South

From Boston and Points North

From Worcester and Surrounding Communities



### Driving Directions - East Greenwich Location

From Providence and Points North

From Kingston and Points South



Telephone: (401) 766-7700
Facsimile:  (401) 766-7711
219 Cass Avenue, Suite B
Woonsocket, RI 02895

Mon-Fri: 8:00am-6:00pm
Sat: 8:00am-1:00pm
Sun: Closed




# OCEAN STATE PAIN MANAGEMENT, PC
## Care with integrity and compassion.

**Home**    **Contact Us**    **FAQ's**    **Meet The Staff**    **Directions**    **New Patient Paperwork**



### Driving Directions - From Boston and Points North

Take **I-95 South** to **Exit 4** and merge onto **I-295 South**.
Next, take I-295 to **Exit 9B**, which will bring you to **Route 146 North**.
Follow all signs to **Route 99 North/Woonsocket.**
Follow Route 99 until it ends, which will be at the intersection of **Route 122.**
Turn **left onto Route 122.**
Continue on until you have passed through four sets of lights.
At the fifth set of lights (Dunkin' Donuts will be on your right), **bear right** onto **Cass Avenue.**
Ocean State Pain is on the right, located in the building next door to the Landmark Medical Center's emergency room.
Parking is in the back.



Google Map

Maquest Map

Telephone: (401) 766-7700
Facsimile: (401) 766-7711
219 Cass Avenue, Suite B
Woonsocket, RI 02895

Mon-Fri: 8:00am-6:00pm
Sat: 8:00am-1:00pm
Sun: Closed

 

# OCEAN STATE PAIN MANAGEMENT, PC
## Care with integrity and compassion.

**Home    Contact Us    FAQ's    Meet The Staff    Directions    New Patient Paperwork**





## Driving Directions - From Worcester and Surrounding Communities

Take **Route 146 South** to the North Smithfield vicinity.

Continue past the **Downtown Woonsocket exit (Route 104).**

Ignore any blue hospital signs, as they lead to the Fogarty Unit.

Proceed to the intersection just past the Anchor Suburu dealership (on the right).

Stay to the **far left lane** and **turn left** at the intersection.

Follow this road (**Route 126**) for **.6 miles** to access **Route 99 North.**

**Turn left** onto Route 99 after the underpass.

Proceed to the intersection of Route 99 and Route 122.

Turn **left onto Route 122.**

Continue on until you have passed through four sets of lights.

At the fifth set of lights (Dunkin' Donuts will be on your right), **bear right** onto **Cass Avenue.**

Ocean State Pain is on the right, located in the building next door to the Landmark Medical Center's emergency room. Parking is in the back.

Google Map

Maquest Map

Telephone: (401) 766-7700
Facsimile:  (401) 766-7711
219 Cass Avenue, Suite B
Woonsocket, RI 02895

Telephone: (401) 884-6070
Facsimile:  (401) 884-8110
1377 S. County Trl, Suite 2A
East Greenwich, RI  02818




# OCEAN STATE PAIN MANAGEMENT, PC
## Care with Integrity and compassion.

**Home   Contact Us   FAQ's   Meet The Staff   Directions   New Patient Paperwork**







## Dr. Abdul Barakat, MD



Dr. Barakat is known for achieving dramatic improvement in pain without having to resort to major surgery. His patients acknowledge him to be a compassionate, caring physician with an excellent bed-side manner. He has been practicing medicine since receiving his M.D. from Aleppo University School of Medicine in 1991.

Dr. Barakat is also:

- Chief of Anesthesia at Landmark Medical Center in Woonsocket, RI
- Director of Cardiothoracic Anesthesia at Landmark Medical Center
- Director of Critical Care at Landmark Medical Center
- Director of Pain Management for Ocean State Pain Management, PC.

His Certifications and Training Include:

- Diplomate in Anesthesiology Board Certified
- Pain Management ABA Board Certified
- Critical Care ABA Board Certified
- Certified in Vertebroplasty Kyphoplasty
- Certified in Percutaneous Discectomy
- Certified in Spinal Cord Stimulation Implantation
- Research Fellowship at Harvard Medical School, Mass General Hospital, Boston, MA
- Surgical Residency, St. Elizabeth Medical Center, Tufts University, Boston
- Anesthesia Residency, St. Elizabeth Medical Center, Tufts University, Boston
- Pain Management Fellowship, New England Medical Center, Tufts University, Boston
- Critical Care Fellowship, Beth Israel Deaconess Medical Center, Harvard Medical School, Boston

Telephone: (401) 766-7700
Facsimile:  (401) 766-7711
219 Cass Avenue, Suite B
Woonsocket, RI 02895

Telephone: (401) 884-6070
Facsimile:  (401) 884-8110
1377 S. County Trl, Suite 2A
East Greenwich, RI 02818

# EXHIBIT "E"

10/23/2012

List 2:  New England Compounding Center (NECC) Customer List Since 5/21/2012, Sorted by Customer - With Product Information

| Customer | Address | City | State | Zip | Item Description | Qty | Ship Date |
|---|---|---|---|---|---|---|---|
| OCEAN MEDICAL SERVICES | 140 STEVENS AVENUE | MOUNT VERNON | NY | 10550 | METHYLPREDNISOLONE ACETATE (PF) 80 MG/ML INJECTABLE, 5ML | 25.00 | 07/11/2013 |
| OCEAN COSMETIC MEDICINE | 3201 SANTA MONICA BLVD | SANTA MONICA | CA | 90404 | HYALURONIDASE 150UNIT, SINGLE | | |
| OCEAN SPRINGS HOSPITAL | 3109 BIENVILLE BLVD | OCEAN SPRINGS | MS | 39564 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OCEAN SPRINGS HOSPITAL | 3109 BIENVILLE BLVD | OCEAN SPRINGS | MS | 39564 | METHADONE (HCI) SOLUTION, 1.5 5ML | | |
| OCEAN STATE PAIN MANAGEMENT | 1525 BIENVILLE BLVD | OCEAN SPRINGS | MS | 39564 | METHADONE HCL SOLUTION, 1X 5ML | | |
| OCEAN STATE PAIN MANAGEMENT | 210 CASS AVE, SUITE 3 | OCEAN SPRINGS | MS | 39564 | LET 4-0.18-0.5% GEL, 3ML | | |
| OCEAN STATE PAIN MANAGEMENT | 210 CASS AVE, SUITE 3 | WOONSOCKET | RI | 02895 | METHYLPREDNISOLONE ACETATE (PF) 40MG/ML, 1ML | | |
| OCEAN STATE PAIN MANAGEMENT | 210 CASS AVE, SUITE 3 | WOONSOCKET | RI | 02895 | METHYLPREDNISOLONE ACETATE (PF) 40MG/ML, 1ML | | |
| OCEAN STATE PAIN MANAGEMENT | 210 CASS AVE, SUITE 3 | WOONSOCKET | RI | 02895 | METHYLPREDNISOLONE ACETATE (PF) 80MG/ML, INJECTABLE, 1 ML | | |
| OCEAN STATE PAIN MANAGEMENT | 210 CASS AVE, SUITE B | WOONSOCKET | RI | 02895 | METHYLPREDNISOLONE ACETATE (PF) 40MG/ML, 1ML | | |
| OCEAN STATE PAIN MANAGEMENT | 1771 COUNTY TRAIL - UNIT 2A | EAST GREENWICH | RI | 02818 | METHYLPREDNISOLONE ACETATE (PF) 80MG/ML, 1ML | | |
| OCEAN STATE PAIN MANAGEMENT | 1771 COUNTY TRAIL - UNIT 2A | EAST GREENWICH | RI | 02818 | METHYLPREDNISOLONE ACETATE (PF) 80MG/ML, 1ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | LIDOCAINE/BUPIVACAINE/HYALURONIDASE (PF) 0.625%/0.125%/15.1U/ML INJECTABLE, 6.5 ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | LIDOCAINE/BUPIVACAINE/HYALURONIDASE (PF) 0.625%/0.125%/15.1U/ML INJECTABLE, 6.5 ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | LIDOCAINE/BUPIVACAINE/HYALURONIDASE (PF) 0.625%/0.125%/15.1U/ML INJECTABLE, 6.5 ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | LIDOCAINE/BUPIVACAINE/HYALURONIDASE (PF) 0.625%/0.125%/15.1U/ML INJECTABLE, 6.5 ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | OMNIPAQUE/OMNIPAQUE (PF) 180/240MG/ML, 5ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | OMNIPAQUE/OMNIPAQUE (PF) 180/240MG/ML, 5ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | LET 4-0.18-0.5% GEL, 3ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | LIDOCAINE/BUPIVACAINE/HYALURONIDASE (PF) 0.625%/0.125%/15.1U/ML INJECTABLE, 6.5 ML | | |
| OCEAN SURGERY CENTER | 501 LAKEFOREST RD | TOMS RIVER | NJ | 08755 | LIDOCAINE/BUPIVACAINE/HYALURONIDASE (PF) 0.625%/0.125%/15.1U/ML INJECTABLE, 6.5 ML | | |
| OCHSNER HOSPITAL | 1514 JEFFERSON HIGHWAY | JEFFERSON | LA | 70121 | GLUTARALDEHYDE (IN) PIPERIDE 0.60%, 25ML | | |
| OCHSNER HOSPITAL | 1514 JEFFERSON HIGHWAY | JEFFERSON | LA | 70121 | GLUTARALDEHYDE (IN) PIPERIDE 0.60%, 25ML | | |
| OCHSNER HOSPITAL | 180 W. ESPLANADE AVENUE | KENNER | LA | 70065 | METHADONE (IM) (PF) SOLUTION, 1 X 5ML | | |
| OCHSNER HOSPITAL | 180 W. ESPLANADE AVE | KENNER | LA | 70065 | GLUTARALDEHYDE (IN) PIPERIDE 0.60%, 25ML | | |
| OCULAR SURGERY CENTER-- | 2250 FOREST AVE | SAN JOSE | CA | 95128 | VANCOMYCIN (PF) 25MG/ML, 1ML | | |
| OCULAR/FACIAL ASSOCIATES OF CONNECTICUT LLC | 1440 OLD WATERBURY ROAD | SOUTHBURY | CT | 06488 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OCULAR/FACIAL ASSOCIATES OF CONNECTICUT LLC | 1440 OLD WATERBURY ROAD | SOUTHBURY | CT | 06488 | LET 4-0.18-0.5% GEL, 3ML | | |
| OCULAR/FACIAL ASSOCIATES OF CONNECTICUT LLC | 1440 OLD WATERBURY ROAD | SOUTHBURY | CT | 06488 | LIDOCAINE 1%, 20ML SINGLE | | |
| OCULAR/FACIAL ASSOCIATES OF CONNECTICUT LLC | 1440 OLD WATERBURY ROAD | SOUTHBURY | CT | 06488 | HYALURONIDASE 150UNIT, SINGLE | | |
| OCULAR/FACIAL ASSOCIATES OF CONNECTICUT LLC | 1440 OLD WATERBURY ROAD | SOUTHBURY | CT | 06488 | HYALURONIDASE 150UNIT, SINGLE | | |
| OCULAR/FACIAL ASSOCIATES OF CONNECTICUT LLC | 1440 OLD WATERBURY ROAD | SOUTHBURY | CT | 06488 | TRIPLE ANESTHETIC CREAM 10-5-4 30GM | | |
| OGALLALA COMMUNITY HOSPITAL | 300 NORTH ANGELA | OGALLALA | NE | 69153 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OHIO RETINA ASSOCIATES | 4600 MADISON STREET NW | CANTON | OH | 44718 | CEFTAZIDIME (PF) 22.5MG/ML, 1ML | | |
| OHIO RETINA ASSOCIATES | 4600 MADISON STREET NW | CANTON | OH | 44718 | CEFTAZIDIME (PF) 22.5MG/ML, 1ML | | |
| OHIO RETINA ASSOCIATES | 4600 MADISON STREET NW | CANTON | OH | 44718 | VANCOMYCIN (PF) 25MG/ML, 1ML | | |
| OHIO RETINA ASSOCIATES | 4600 MADISON STREET NW | CANTON | OH | 44718 | VANCOMYCIN (PF) 25MG/ML, 1ML | | |
| OHIO INC. BLDG. OFFICE, 4TH FLOOR | CALLE HIPPROMO PSA | SANTURCE | PR | 00907 | HYALURONIDASE 150UNIT, 10ML | | |
| OHIO INC. BLDG. OFFICE, 4TH FLOOR | CALLE HIPPROMO PSA | SANTURCE | PR | 00907 | HYALURONIDASE 150UNIT, 10ML VIAL | | |
| OHSA MEDICAL CENTER | 37-41 74TH STREET | JACKSON HEIGHTS | NY | 11372 | DEXAMETHASONE/NEOMYCIN, 10ML 5ML | | |
| OLATHE MEDICAL CENTER | 20333 WEST 151ST STREET | OLATHE | KS | 66061 | DEXAMETHASONE SODIUM PHOS 0.4MG INJECTABLE, 5ML | | |
| OLATHE MEDICAL CENTER | 20333 WEST 151ST STREET | OLATHE | KS | 66061 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OLATHE MEDICAL CENTER | 20333 WEST 151ST STREET | OLATHE | KS | 66061 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OLATHE MEDICAL CENTER | 20333 WEST 151ST STREET | OLATHE | KS | 66061 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OLATHE MEDICAL CENTER | 20333 WEST 151ST STREET | OLATHE | KS | 66061 | TRIPLE ANESTHETIC CREAM 10-5-4 30GM | | |
| OLATHE MEDICAL CENTER | 20333 WEST 151ST STREET | OLATHE | KS | 66061 | TRIPLE ANESTHETIC CREAM 10-5-4 30GM | | |
| OLATHE PERMANENT PEDIATRIC | 20375 WEST 151ST STREET | OLATHE | KS | 66061 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OLATHE PERMANENT PEDIATRIC | 20375 WEST 151ST STREET | OLATHE | KS | 66061 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OLLA FAMILY MEDICINE | 2289 SANDCO CT | PORTER | TX | 77365 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | TRIPLE ANESTHETIC CREAM 10-5-4 30 GRAM | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | LET 4-0.18-0.5% GEL, 3ML SYRINGE | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |
| OLMSTED HOSPITAL | 1650  4TH STREET S.E. | ROCHESTER | MN | 55904 | HYDROXYPROGESTERONE CAPROATE 250MG/ML, 5ML | | |

# EXHIBIT "2"

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                                                 CIVIL ACTION NO.: 12-4591

CRAIG S. SIMAS and                    )
JOAN SIMAS                            )
        Plaintiffs                    )
                                      )
v.                                    )
                                      )
NEW ENGLAND COMPOUNDING               )
PHARMACY, INC. d/b/a New England      )
Compounding Center and                )
                                      )
OCEAN STATE PAIN MANAGEMENT, INC.     )
        Defendants                    )

### Affidavit of Craig S. Simas

I, Craig S. Simas, on oath, hereby depose and say:

1. On September 15, 2012, I received a steroid injection into my hip. The injection was administered by Dr. Abdul Barakat.

2. On September 22, 2012, I received a steroid injection into my back. The injection was administered by Dr. Abdul Barakat.

3. On or about October 26, 2012, I received a bill from Ocean State Pain Management ("Ocean State"). A copy of that bill is attached hereto as Exhibit A.

4. The bill I received from Ocean State charged me for the medication I received on September 15 and 22, 2012.

5. The address for payment of the Ocean State bill was a post office box in Boston, Massachusetts.

Signed under the pains and penalties of perjury this day of January, 2013.

Craig S. Simas

CERTIFICATE OF SERVICE

I, Timothy P. Wickstrom, hereby certify that I have served a copy of the foregoing document on the defendant by forwarding same, via electronic mail and first class mail this 30th day of January, 2013 to:

Sean Capplis
Mary-Rose Watson
Ficksman & Conley, LLP
98 North Washington Street, Suite 500
Boston, MA 02114

Timothy P. Wickstrom, Esq.
Wickstrom Morse, LLP
60 Church Street
Whitinsville, MA  01588
508-234-4551
BBO# 541053
Timothy@Wickstrommorse.com

# EXHIBIT "A"



*New England*
*Medical Billing, Inc.*
PO BOX 847870
BOSTON MA 02284-7870

IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW



| ☐ MASTERCARD | ☐ DISCOVER | ☐ VISA | ☐ AMERICAN EXPRESS |
|---|---|---|---|

CARD NUMBER | SIGNATURE CODE

SIGNATURE | EXP. DATE

Page: 1 of 2

000752 0202

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 10/26/12 | Continued | 58053 |

SHOW AMOUNT
PAID HERE    $

58033

2 01
CRAIG S SIMAS
36 ETON AVE
WARWICK, RI 02889-2114

**Make Checks Payable To**
OCEAN STATE PAIN MANAGEMENT
PO BOX 847870
BOSTON, MA 02284-7870

☐ Please check box if insurance or address information
has changed and indicate changes on the reverse side.

Services for: CRAIG S SIMAS          Account #: 58053          Statement Date: 10/26/12

| Date | Procedure Code | ICD-9 | Description | Amount |
|---|---|---|---|---|
| 09/07/12 | 99203 | 721.3 | MEDICAL CARE<br>RENDERING PHYSICIAN: AUREN POPE NP<br><br>ECOMMERCE REJECTIONS .00<br><br>**IDX Reject: Insurance Reg**<br><br>BLUE SHIELD PAYMENT 65.95-<br>**CO-PAYMENT AMOUNT**<br><br>BLUE SHIELD ADJUSTMENT 278.05-<br>CHARGE BAL OWED 30.00 | 374.00 |
| 09/15/12 | J1030 | 724.6 | MEDICATION<br>RENDERING PHYSICIAN: ABDUL BARAKAT MD<br><br>BLUE SHIELD PAYMENT .00<br>**APPLIED TO DEDUCTIBLE**<br><br>BLUE SHIELD ADJUSTMENT 2.16-<br>CHARGE BAL OWED 5.84 | 8.00 |
| 09/22/12 | J1040 | 721.3 | MEDICATION<br>RENDERING PHYSICIAN: ABDUL BARAKAT MD | 15.00 |

| | CURRENT | 31-60 DAYS | 61-90 DAYS | 91-120 DAYS | 121 DAYS+ | BALANCE |
|---|---|---|---|---|---|---|
| AGING: | 9.52 | 35.84 | .00 | .00 | .00 | 45.36 |

TAX ID:

**Billing Inquiries:**
(401) 453-0666

**AMOUNT DUE**

MESSAGE:  PLEASE PAY PROMPTLY OR CONTACT US TODAY.

**45.36**

652-NEMBSTM-1494413-1316059650-P; 6716928-1-2; 32734629-2; 1



New England
Medical Billing, Inc.
PO BOX 847870
BOSTON MA 02284-7870

Page: 2 of 2

000752 0102

IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW.

CHECK CARD USING FOR PAYMENT
☐ MASTERCARD   ☐ DISCOVER   ☐ VISA   ☐ AMERICAN EXPRES

CARD NUMBER                                    SIGNATURE CODE

SIGNATURE                                      EXP. DATE

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 10/26/12 | 45.36 | 58053 |

SHOW AMOUNT
PAID HERE   $

500333

2 02

CRAIG S SIMAS
36 ETON AVE
WARWICK, RI 02889-2114

Make Checks Payable To
OCEAN STATE PAIN MANAGEMENT
PO BOX 847870
BOSTON, MA 02284-7870

☐ Please check box if insurance or address information
has changed and indicate changes on the reverse side.

| Services for: CRAIG S SIMAS | | Account#: 58053 | | Statement Date: 10/26/12 |
|---|---|---|---|---|
| Date | Procedure Code | ICD-9 | Description | Amount |
| | | | BLUE SHIELD PAYMENT .00 | |
| | | | **APPLIED TO DEDUCTIBLE** | |
| | | | BLUE SHIELD ADJUSTMENT 5.48- | |
| | | | CHARGE BAL OWED 9.52 | |

| | CURRENT | 31-60 DAYS | 61-90 DAYS | 91-120 DAYS | 121 DAYS+ | BALANCE |
|---|---|---|---|---|---|---|
| AGING: | 9.52 | 35.84 | .00 | .00 | .00 | 45.36 |

TAX ID:

**Billing Inquiries:**
(401) 453-0666

AMOUNT DUE

MESSAGE: PLEASE PAY PROMPTLY OR CONTACT US TODAY.

45.36

652-NENBSTM-1494413-1316059650-P; 6716928-1-2; 32734629-2; 2