UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: *Wray*, *Ziegler*, and *Brock* | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**NASHVILLE HEALTHCARE DEFENDANTS'
MOTION TO STRIKE MATTHEW C. LEE, M.D., R.Ph., M.S.
AS CASE-SPECIFIC EXPERT**

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; Vaughan Allen, MD; Saint Thomas Health; Saint Thomas Network; and Saint Thomas West Hospital f/k/a St. Thomas Hospital ("Nashville Healthcare Defendants") move this Court, pursuant to Federal Rules of Civil Procedure 16, 26, and 37, to strike Matthew C. Lee, M.D., R.Ph., M.S. as a case-specific expert in the *Wray*, *Ziegler*, and *Brock* cases.

The Court's September 18, 2014 Order Regarding Common Issue Discovery defines a "common issue" as "an issue that pertains to *all or a substantial number of cases* in the Multidistrict Litigation ("MDL")."[1] The same Order defines a "case specific issue" as "an issue that pertains to a single case or a small number of cases."[2]

---

[1] Dkt. 1425 at n. 1 (emphasis added).
[2] *Id.*

Fed. R. Civ. P. 16(b) authorizes the Court to set a timetable for expert disclosures.[3] Fed. R. Civ. P. 26(a)(2)(D) provides: "A party must make [expert] disclosures at the times and in the sequence that the court orders."[4] If a party fails to disclose an expert witness as required by Fed. R. Civ. P. 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."[5]

The Plaintiffs' common expert reports were due on December 16, 2015.[6] The Plaintiffs' <u>case-specific</u> expert reports were due on March 7, 2016.[7]

On March 7, 2016, counsel for the *Wray*, *Ziegler*, and *Brock* plaintiffs served Dr. Lee's "case-specific" expert reports on the Tennessee Clinic Defendants. Dr. Lee's "case-specific" expert reports do *not* offer opinions on case-specific issues. Dr. Lee's report is a fairly obvious attempt to take advantage of the common issue / case-specific issue phasing of this case by holding back a clear common issue expert and disclosing him at the case-specific phase. Dr. Lee's "case-specific" opinions are virtually identical to the opinions disclosed by the PSC's common issue experts. No reasonable application of the common issue / case-specific issue distinction puts Dr. Lee's opinions in the "case-specific" phase.

Put simply, the Plaintiffs were required to disclose common issue experts by December 16, 2015. Dr. Lee's opinions – even under the most generous reading – are

---

[3] Fed. R. Civ. P. 16(b).
[4] Fed. R. Civ. P. 26(a)(2)(D).
[5] Fed. R. Civ. P. 37(c).
[6] Dkt. 2330.
[7] Dkt. 2596.

common issue opinions. They are not case-specific. The Plaintiffs have attempted to exploit the scheduling order and phasing set forth by the Court.[8]

The Tennessee Clinic Defendants respectfully request this Court strike Dr. Lee as a case-specific expert for the *Wray*, *Ziegler*, and *Brock* plaintiffs.

In support of this Motion, the Tennessee Clinic Defendants contemporaneously file and rely upon a Memorandum of Law. Pursuant to LR 7.1, the Tennessee Clinic Defendants have made a good-faith effort to resolve this dispute, without success.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

---

[8] This is particularly egregious given the fact that the PSC was allowed to disclose rebuttal experts. The PSC, without explanation, withheld Dr. Lee as an expert until months after the common issue disclosure period ended. The PSC should have disclosed him on December 16 and, at the latest, by January 15, 2016.

**SAINT THOMAS WEST HOSPITAL, FORMERLY KNOWN AS ST. THOMAS HOSPITAL, SAINT THOMAS NETWORK, AND SAINT THOMAS HEALTH**

By their attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045

 adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
State Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
(512) 482-9300
(512) 482-9303 (FAX)

*Appearing *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 29th day of March, 2016.

                                          /s/ Chris J. Tardio