UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | § § § § § § § § § § § |
| THIS DOCUMENT RELATES TO: | |
| All Cases Against the Saint Thomas Entities | |

MDL No. 13-2419
Dkt. No 1:13-md-2419 (RWZ)

**DEFENDANTS SAINT THOMAS HEALTH, SAINT THOMAS NETWORK, AND ST. THOMAS HOSPITAL'S MOTION FOR RELIEF AS TO PROPOSED BELLWETHER TRIALS**

The Saint Thomas Entities[1] file this motion seeking various forms of relief related to the Court's announcement of its intention to try the first four bellwether cases involving plaintiffs with claims against the Nashville Healthcare Defendants[2] ("Tennessee Plaintiffs") beginning in July 2016.  The Saint Thomas Entities respectfully request that the Court stay or defer any bellwether trials to:  (i) afford sufficient time for remanding these cases to the Tennessee courts under 28 U.S.C. § 1407 and consideration of whether to retransfer to Boston; and (ii) permit the criminal trial of the NECC Insiders[3] to go forward first so that the Nashville Healthcare Defendants will have access to the critical proof that the U.S. Department of Justice and the criminal parties have in their sole possession.  Sequencing the criminal trial first will avoid prejudice to the government's

---

[1] Saint Thomas West Hospital, formerly known as St. Thomas Hospital ("Hospital"), Saint Thomas Network ("Network"), and Saint Thomas Health ("Health") (collectively, the "Saint Thomas Entities").

[2] The "Nashville Healthcare Defendants" are the Saint Thomas Entities, as well as Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"), Howell Allen Clinic, P.C., John Culclasure, M.D., Debra Schamberg, RN, CNOR, and Vaughan Allen, M.D.

[3] The "NECC Insiders" are entities and individuals affiliated with NECC, including Barry and Lisa Cadden; Doug, Carla, and Greg Conigliaro; Glenn Chin; Alaunus Pharmaceutical, LLC; Ameridose, LLC; GDC Properties Management, Inc.; Medical Sales Management, Inc.; and Medical Sales Management, SW, Inc.

case and streamline the evidentiary presentation as to NECC and the other wrongdoers without risk of violating the Fifth Amendment or compromising the government's trial strategy.

The Saint Thomas Entities also respectfully request that the Court consider the implications and logistical challenges presented by the proposal of four back-to-back bellwether trials starting in July—in particular, the impact on *Daubert* and dispositive motions, the discovery that has not yet been completed, and the amount of time necessary to adequately try these initial bellwether cases.

Finally, the cases should be tried in Nashville, not Boston.  Even if the Court has the authority under §157(b)(5) of the Bankruptcy Code to order retransfer to Boston for trial, it should decline to do so under the circumstances.  These cases—now involving only Tennessee (and a few Kentucky) residents with healthcare liability claims against Tennessee healthcare providers governed by Tennessee law—should be tried before Tennessee juries in their home state, where the parties all reside and many critical, third-party witnesses are subject to that court's subpoena power.

### CONCLUSION AND PRAYER

For the reasons stated in the contemporaneously filed *Memorandum in Support of Their Motion for Relief as to Proposed Bellwether Trials*, the Saint Thomas Entities request that the Court:

(i)  stay all proceedings after the *Daubert* deadline until ten days after a verdict or plea agreement is reached in *U.S. v. Cadden*;

(ii)  permit the Saint Thomas Entities to depose Joe Connolly, John Notarriani and any other NECC witness within 30 days after a verdict or plea agreement is reached in *U.S. v. Cadden*; and

(iii)  allow the Saint Thomas Entities to amend their expert reports relating to causation within 30 days of completing the post-criminal trial NECC discovery.

If the Court does not stay proceedings pending the criminal trial, the Saint Thomas Entities request in the alternative that the Court:

(i)  suggest a remand of the four bellwether cases to the JPML at the conclusion of the pretrial proceedings (or transfer them under § 1404(a)) so they can be tried in Tennessee; and

(ii) refrain from setting any trials until after remand to Tennessee and no earlier than 30 days after a decision is made as to whether to retransfer the cases back to Massachusetts for trial.

If the Court does not follow this course, the Saint Thomas Entities request in the alternative that the Court:

(i) reconsider its prior discovery rulings related to the NECC Insiders and FDA to allow them to depose those individuals;

(ii) rule on the pending jurisdictional and venue issues and enter an order by the May status conference clearly setting trial dates in order to allow for pretrial arrangements;

(iii) enter clear trial settings so the parties may adequately prepare; and

(iv) grant such other and further relief to which the Saint Thomas Entities are entitled.

Dated April 4, 2016

SAINT THOMAS WEST HOSPITAL,
FORMERLY KNOWN AS ST. THOMAS
HOSPITAL, SAINT THOMAS
NETWORK, AND SAINT THOMAS
HEALTH

By their attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

4

Marcy Hogan Greer*
State Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
(512) 482-9300
(512) 482-9303 (FAX)

*Appearing *Pro Hac Vice*

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I certify that on April 4, 2016, I conferred with counsel for the Plaintiffs' Steering Committee, and they indicated that they oppose the relief requested in this motion.

*/s/ Marcy Hogan Greer*
MARCY HOGAN GREER

### CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was served on all parties of record by virtue of the Court's electronic filing system this 4th day of April, 2016.

*/s/ Sarah P. Kelly*
SARAH P. KELLY