UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) |
| _____ ) | MDL No. 2419 |
| | ) Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| All Cases | ) ) ) ) |

---

## STOPNC DEFENDANTS' NOTICE OF JOINDER IN THE SAINT THOMAS ENTITIES' MOTION FOR RELIEF AS TO PROPOSED BELLWETHER TRIALS

---

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("STOPNC Defendants") hereby join in the Saint Thomas Entities' Motion for Relief as to Proposed Bellwether Trials [Doc. 2785].

On April 4, 2016, the Saint Thomas Entities filed their Motion for Relief as to Proposed Bellwether Trials and accompanying Memorandum of Law [Docs. 2785 and 2786] requesting, among other things, that the Court stay the first bellwether trial until after a verdict or plea agreement is reached in *U.S. v. Cadden*.

Specifically, the Saint Thomas Entities requested the Court:

(i)     stay all proceedings after the *Daubert* deadline until ten days after a verdict or plea agreement is reached in *U.S. v. Cadden*;

(ii)    permit the Saint Thomas Entities to depose Joe Connolly, John Notarriani, and any other NECC witness within 30 days after a verdict or plea agreement is reached in *U.S. v. Cadden*; and

(iii)    allow the Saint Thomas Entities to amend their expert reports relating to causation within 30 days of completing the post-criminal trial NECC discovery.

In the event the Court does not stay proceedings pending the criminal trial, the Saint Thomas Entities requested in the alternative that the Court:

(i)    suggest a remand of the four bellwether cases to the JPML at the conclusion of the pretrial proceedings (or transfer them under § 1404(a) so they can be tried in Tennessee; and

(ii)    refrain from setting any trials until after remand to Tennessee and no earlier than 30 days after a decision is made as to whether to retransfer the cases back to Massachusetts for trail.

In the event the Court decides not to follow that course, the Saint Thomas Entities requested in the alternative that the Court:

(i)    reconsider its prior discovery rulings related to the NECC Insiders and FDA to allow them to depose those individuals;

(ii)    rule on the pending jurisdictional and venue issues and enter an order by the May status conference clearly setting trial dates in order to allow for pretrial arrangements;

(iii)    enter clear trial settings so the parties may adequately prepare; and

(iv)    grant such other and further relief to which the Saint Thomas Entities are entitled.

The STOPNC Defendants, who are similarly situated for purposes of the Saint Thomas Entities' Motion, hereby join in the Motion [Doc. 2785] and request the same

relief for the same reasons outlined in the Memorandum of Law [Doc. 2786], as if stated fully herein.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

*Attorneys for the STOPNC Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 8th day of April, 2016.

/s/ Chris J. Tardio
**Chris J. Tardio**