UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | Dkt. No. 1:13-md-2419 (RWZ) |
| All Suits Naming St. Thomas Outpatient Neurosurgical Center | |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY
IN SUPPORT OF MOTION UNDER RULE 54(b) FOR RECONSIDERATION
OF THE COURT'S FEBRUARY 29, 2016, OPINION AND ORDER**

The proper legal and practical course here is for the Court to allow the Plaintiffs to present both their strict liability claims under the Tennessee Products Liability Act ("PLA") and their negligence claims under the Tennessee Healthcare Liability Act ("HCLA") to the jury at trial. The position of the Plaintiffs' Steering Committee ("PSC") – that both the HCLA and PLA can (and therefore must) be applied here[1] – is grounded in the well-established principle that plaintiffs can proceed to the jury on more than one cause of action. Courts applying Tennessee law routinely use this approach, in cases just like this one, where plaintiffs have brought strict products liability and negligence claims against multiple defendants. The evidence that would be presented to the jury to establish liability under the PLA and HCLA is virtually identical; to the extent the calculations of the amounts each defendant would be liable for could theoretically differ under each cause of action, that is nothing more than a mathematical calculation that the Court would make after the jury renders its verdict.

---

[1] *See* PSC Mem. Supporting Mot. for Partial Sum. J. [Dkt. 2302], PSC Reply and Opp. [Dkt. 2508], PSC Mem. Supporting Mot. for Reconsideration [Dkt. 2749-1].

More importantly, here, on the brink of the start of bellwether trials, reinstating Plaintiffs' PLA claims and allowing both theories of liability to go to the jury is the more prudent course. No harm will come from doing so; on the other hand, if both claims are not presented to the jury, should the appellate court find that this court erred by dismissing the PLA claims, the parties would likely be required to re-try the entire case, and any other bellwether trials that occurred in the meantime. This would be an avoidable waste of the Court's and the parties' time and resources.

For these reasons, the PSC respectfully asks the Court to reconsider its February 29, 2016, Opinion and Order,[2] deny the Tennessee Defendants'[3] Rule 56 motion, and allow Plaintiffs to go forward with their PLA claim.

**I.      The HCLA and PLA Do Not Unavoidably Conflict – Plaintiffs Can Go to Jury on Both Claims, and That is More Prudent Course Here.**

As the PSC argued, there is no unavoidable conflict between Plaintiffs' HCLA and PLA claims here.[4] It is elemental that Plaintiffs can proceed to the jury on more than one cause of

---

[2] [Dkt. 2700].

[3] Reflecting the nomenclature used in the Court's opinion, "Tennessee Defendants" or "Defendants" as used herein refers to Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, P.C.; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen.

[4] At bottom, despite their statutory trappings, these are negligence (HCLA) and strict liability tort (PLA) claims. And in all their briefing, both here and previously on their motions to dismiss, Defendants have been unable to point the Court to any statutory language, legislative history, or case law stating that plaintiffs may not simultaneously plead – or present to the jury – a negligence claim under the HCLA and a strict products liability claim under the PLA. This Court itself recognized that at the pleading stage. *In re New England Compounding Pharmacy, Inc. Products Liab. Litig.*, No. MDL 13-02419-RWZ, 2014 WL 4322409, at *10 (D. Mass. Aug. 29, 2014) (citing Tennessee authority noting trial courts should be vigilant to guard against misuse of the HCLA as a vehicle for defendants to obtain dismissal of claims that are not primarily health care liability claims). The same remains true today: there is no reason Plaintiffs should not be allowed to present both their HCLA and PLA claims to the jury here.

action[5] – and examples abound of cases where plaintiffs have presented both negligence and strict liability claims to the jury. *See, e.g., Owens v. Truckstops of America*, 915 S.W.2d 420 (Tenn. 1996) (both strict liability under PLA and negligence theories presented to jury); *Wielgus v. Dover Indus., Inc.*, 39 S.W.3d 124 (Tenn. Ct. App. 2000) (same); *Cruze v. Ford Motor Co.*, No. 03A01-9907-CV-00245, 1999 WL 1206798 (Tenn. Ct. App. Dec. 16, 1999) (same); *Potter v. Ford Motor Co.*, 213 S.W.3d 264 (Tenn. Ct. App. 2006) (same); *Agristor Leasing v. A.O. Smith Harvestore Prods., Inc.*, 869 F.2d 264 (6th Cir. 1989) (affirming lower court judgment on verdict where jury found for plaintiffs on theories of fraud, negligent and commercial misrepresentation, and strict liability under the PLA); *Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414 (Tenn. 2013) (reinstating jury verdict where plaintiffs' claims for negligence, misrepresentation, breach of warranties, and strict liability under the PLA went to jury); *Duran v. Hyundai Motor America, Inc.*, 271 S.W.3d 178 (Tenn. Ct. App. 2008) (affirming verdict approved by trial court, where plaintiff's claims of negligence, strict liability under the PLA, and under the Tennessee Consumer Protection Act were presented to jury).[6] That there might be minor differences between two causes of action in the required elements, and potentially in the amount of assessed damages each defendant might be liable for, does not mean plaintiffs cannot

---

[5] *See, e.g. Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 919 (Tenn. 1999) ("plaintiffs are free to pursue several alternative theories of recovery and to structure their claims in the manner that is most beneficial to them"); *see also* FRCP 8(d)(2) (allowing parties to plead two or more causes of action).

[6] That Plaintiffs' negligence claims here fall under the aegis of the HCLA does not change the analysis – the enactment of the HCLA did not create a new cause of action but rather set forth procedures and standards applicable to existing causes of action (such as negligence) arising in the context of the provision of health care services. *See, e.g., Osunde v. Delta Med. Ctr.*, No. W201501005COAR9CV, 2016 WL 537075 (Tenn. Ct. App. Feb. 10, 2016). So just as in the cases cited above, Plaintiffs' claims for negligence under the HCLA and strict liability under the PLA can – and should – both go to the jury.

pursue them simultaneously and allow them both to go to the jury.[7] Defendants have not cited any authority to the contrary. As shown in other cases, the jury instructions and verdict form can be used to present multiple causes of action to a jury. *See, e.g., Owens*, 915 S.W.2d 420 (providing example of verdict form appropriate in cases involving strict liability under PLA and other theories such as negligence); *Wielgus*, 39 S.W.3d 124 (holding verdict form submitted to jury adequate to allow jury to assess fault under strict liability PLA and negligence theories); *Cruze,* 1999 WL 1206798 (affirming judgment where lower court allowed plaintiff's claims under both negligence and strict liability under PLA to go to jury); *Potter*, 213 S.W.3d 264 (finding verdict form and jury instructions fairly and adequately instructed jury on claims of strict liability PLA and negligence).

An example of how Plaintiffs' claims here could be presented to the jury on a verdict form is attached as Exhibit A.[8] And while there are differences between the two causes of action, none of Defendants' threatened "absurd, untenable results" will come from presenting Plaintiffs' HCLA and PLA claims to the jury. The proposed verdict form contains all the questions necessary for the jury to determine liability and damages under either theory, or both. Based on

---

[7] To the contrary, as this Court has recognized, that is all the more reason to allow Plaintiffs go forward on both claims. *In re New England Compounding Pharmacy, Inc. Products Liab. Litig.*, No. MDL 13-02419-RWZ, 2014 WL 4322409, at *10 (D. Mass. Aug. 29, 2014) ("…the different showing of proof required for products liability as opposed to claims under the []HCLA all suggest that plaintiffs should be permitted to plead products liability claims as separate from health care liability."). Tennessee courts agree. *See, e.g.*, *Wielgus*, 39 S.W.3d 124 ("Courts should provide separate jury instructions for each theory of liability that clearly explain the elements of each claim, thus enabling the jury to consider whether the plaintiff has met its burden of proof with respect to each.").

[8] Plaintiffs also have asserted direct negligence claims against Saint Thomas West Hospital, Saint Thomas Health, and Saint Thomas Network for, *inter alia*, their conduct in operating St. Thomas Outpatient Neurosurgical Center, which could be addressed on the verdict form with one additional question.

the jury's findings on the verdict form, the Court will be able to calculate the damages for either claim, and apply comparative fault if necessary. In any event, under Tennessee law, the jury is not asked to make the mathematical calculation of multiplying the percentage of fault attributed to each defendant by the total damages; the court makes that calculation after the jury has rendered its verdict.[9]

If the jury finds liability under the HCLA negligence theory only, the Court will calculate the damages allowed for that claim using the amounts given by the jury on the verdict form, and apportion those damages among Defendants in accordance with the jury's fault allocations.

If the jury finds liability on the PLA strict liability theory only, the Court will calculate the damages allowed for that claim using the amounts given by the jury on the verdict form, for which all Defendants in the chain of distribution of the contaminated steroid drug would be jointly and severally liable (and given NECC's insolvency, the fault of NECC and its agents would then be attributed by the Court to St. Thomas Outpatient Neurosurgical Center).

The jury could also find liability on both theories, but even that would not result in any conflict. Because Plaintiffs' claims are two alternative theories of liability applied to the same, indivisible injury, the only differences are the damages allowed and how the damages are assessed based on the jury's apportionment of fault. But "submitting incompatible and alternative theories of recovery to a jury creates no conflict or duplicative award," because even

---

[9] *See, e.g., Grandstaff v. Hawks*, 36 S.W.3d 482, 494-95 (Tenn. Ct. App. 2000) (providing verdict form for use in multiparty comparative fault case, and noting, "[o]nce the jury returns its verdict in this or a similar form, the trial court should then calculate the dollar amount of the damages recoverable by each claimant. To avoid error, these calculations should not be left to the jury.").

if damages under the two theories overlap, as they do here, Plaintiffs will not be able to double-recover – they will have to pick one remedy or the other. *Concrete Spaces*, 2 S.W.3d at 910-11.

Not only *can* it be done, but allowing both causes of action to go to the jury is the more judicious course here.[10] If the Court does not reconsider and reinstate Plaintiffs' PLA claims, there looms the risk of unnecessary waste of the Court's and the parties' time and resources if an appellate court later finds the Court should not have dismissed the PLA claims, thereby requiring the bellwether trials to be retried.[11] To the contrary, there is no harm in the Court allowing the PLA claims to go to the jury here: as noted above, the evidence presented by Plaintiffs will be virtually the same for both, both causes of action can be addressed on the same jury verdict form, and no result reached by the jury would result in conflict or double recovery.

## II. Although the Court Need Not Reach This Issue, The PLA is the "More Specific" Statute Here.

Because the Court can – and should – allow Plaintiffs to proceed to the jury on their claims under both statutes here, there is no need for the Court to reach the question of which statute is "more specific." But if it were to, the Court should find the PLA is the more specific statute here, for all the reasons stated in the PSC's prior briefing.

---

[10] As this Court has noted, federal courts hearing diversity matters should be cautious about adopting innovative theories in state law absent some authoritative signal from the legislature or the state courts. *In re New England Compounding Pharmacy, Inc. Products Liab. Litig.*, 2014 WL 4322409, at *15. Here, there is no authoritative signal from the Tennessee legislature that it intended to alter the longstanding rules and practice that permitted submitting both common law and statutory causes of action to the jury, such as negligence claims under the HCLA and strict liability claims under the PLA; nor is there case law from Tennessee courts suggesting that such a sea-change was intended. As this Court's previously – and correctly – held, "[g]iven the lack of controlling authority to the contrary, plaintiffs may proceed with their products liability claims as separate from the THCLA." *Id.*

[11] *See, e.g., Concrete Spaces,* 2 S.W. 3d at 909 ("Another advantage to letting the fact finder decide each theory of recovery is that all the findings on liability and damages are preserved for review.").

- 7 -

The Court's February 29, 2016, Opinion is based on the Court's mistaken understanding that the PSC agreed with Defendants that the HCLA was the more specific statute. But while perhaps not stated as explicitly or clearly as it could have been, the PSC's position is – and has always been – the opposite: that the PLA is the more specific statute here, because Plaintiffs' injuries here were caused by the Defendants' sale to them of contaminated drug products.[12] Contrary to Defendants' cries of waiver, the PSC is entitled to clarify its position here, particularly given that the Court's opinion is based on its misapprehension of the PSC's position on this very issue.

//
//
//
//
//
//
//
//
//
//
//
//

---

[12] [Dkt. 2508] at 5; [Dkt. 2749-1] at 8-9.

### III.   CONCLUSION

In sum, the Court's finding that the PLA and HCLA cannot be applied harmoniously here constituted clear error, and merits reconsideration of the Court's February 29, 2016, Opinion and Order, the denial of the defendants' Rule 56 motion, and the entry of judgment to the plaintiffs on their PLA claims. In any event, it is the more prudent course to allow Plaintiffs to present both causes of action to the jury here, which can be done without substantial prejudice to any defendant, rather than risk the waste of time and resources required to re-try the bellwether cases in the event an appellate court finds the Court erred in dismissing Plaintiffs' PLA claims prior to trial.

Dated:  April 11, 2016

Respectfully submitted,

/s/ Mark Chalos

Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  (615) 313.9000
Facsimile:  (615) 313.9965
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison and* Pro Se *Liaison*

Thomas M. Sobol
Kristen Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com
aorlandi@bsjfirm.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: (248) 557-1688
Facsimile: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

*Plaintiffs' Steering Committee*

- 10 -

1300525.4

## CERTIFICATE OF SERVICE

I, Mark P. Chalos, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: April 11, 2016

_/s/ Mark Chalos_
Mark P. Chalos