UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION** ) ) ) ) ) ) ) **This Document Relates to:** ) ) ***Tyree*, 1:13-cv-12479 (RWZ)** ) ) ) | **MDL No.:** **Dkt. No 1:13-md-2419 (RWZ)** |

**TENNESSEE CLINIC DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. RULE CIV. P. 37 AND FED. RULE CIV. P. 12(b)(6)**

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, A Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("Tennessee Clinic Defendants") move this Court, pursuant to Fed. R. Civ. P. 37 and Fed. R. Civ. P. 12(b)(6), to enter an Order dismissing this action, and to treat this dismissed action as one of the Plaintiff Steering Committee's ("PSC") bellwether strikes.

Fed. R. Civ. P. 37(d)(1) authorizes a range of sanctions, including dismissal of the action or proceeding in whole, if "a party or a party's officer…fails, after being served with proper notice, to appear for that person's deposition" or if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response."[1] Tenn. Code Ann. § 29-26-122 requires simultaneous filing of a certificate of good faith with a complaint in any health care liability action in which expert testimony is required. The Tennessee

---
[1] Fed. R. Civ. P. 37(d)(1).

Health Care Liability Act applies to any claim for injury *related to* the delivery of health care services by any health care provider.[2] A motion to dismiss for failure to state a claim is the proper method for challenging whether a plaintiff has complied with the Tennessee Health Care Liability Act's certificate of good faith requirement.[3]

The Plaintiffs failed to appear for their duly noticed depositions on January 29, 2016.

The Tennessee Clinic Defendants served their First Set of Interrogatories and Requests for Production of Documents on November 17, 2015. The Plaintiffs never responded to the Tennessee Clinic Defendants' discovery requests.

The Plaintiffs' Complaint alleges injuries to Mr. Tyree related to the delivery of health care services at STOPNC.[4] The Plaintiffs were required to file a certificate of good faith with their Complaint. The Plaintiffs *never* filed a certificate of good faith as required by Tenn. Code Ann. § 29-26-122.

Plaintiffs are subject to sanctions, including dismissal of this case, pursuant to Fed. R. Civ. P. 37, and this case is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for the Plaintiffs' failure to comply with Tenn. Code. Ann. § 29-26-122. Evaluating the circumstances as a whole, dismissal with prejudice is appropriate.

In support of this Motion, the Tennessee Clinic Defendants contemporaneously file and rely upon a Memorandum of Law. Pursuant to LR 37.1, the Tennessee Clinic Defendants have made a good-faith effort to resolve this dispute, without success.

---

[2] *Ellithorpe v. Weismark*, ---S.W.3d ----, 2015 WL 5853873 (Tenn. 2015).
[3] *Id*. at 4.
[4] *See* Complaint at ¶¶ 152-158.

2

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.

3

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 3rd day of February, 2016.

/s/ Chris J. Tardio