UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: Suits Naming the STOPNC Defendants | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**Sur-Reply of the STOPNC Defendants in Opposition to the PSC's Motion to Reconsider Order [Doc. 2700] Entered March 1, 2016**

On March 16, 2016[1], Tennessee plaintiffs moved to nullify the Court's Opinion and Order dated February 29, 2016.[2] The STOPNC Defendants[3] filed their timely response on March 21, 2016.[4] Without the required consent or permission[5], the PSC filed a reply brief.[6] The STOPNC Defendants submit this succinct sur-reply.

---

[1] Doc. 2749.
[2] Doc. 2700.
[3] Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Vaughan Allen, MD.
[4] Doc. 2755.
[5] *See*, MDL Order 11, Doc. 1524, section B.
[6] Doc. 2796.

## THE THCLA IS THE GOVERNING LAW

Nearly two (2) years ago, this Court accurately noted "whether and to what extent the THCLA[7] subsumes other types of claims is at the core of the parties' debate."[8] Then, the Court denied the STOPNC Defendants' motion to dismiss claims under the Tennessee Product Liability Act of 1978[9], after conducting a "nuanced" evaluation of each claim, as then required by the decision in *Estate of French v. Stratford House.*[10]

On October 8, 2015, in *Ellithorpe v. Weismark*, a unanimous Tennessee Supreme Court concluded that the "nuanced," "gravamen of the complaint" approach of *Estate of French* ended with the enactment of the THCLA:

> We need not engage in further statutory interpretation in the face of this legislative edict. We hold that the "nuanced" approach to distinguishing ordinary negligence and health care claims has been statutorily abrogated.[11]

The Tennessee Health Care Liability Act of 2011 changed the law. Any claim against a defined health care provider[12] seeking recovery for an injury "related to the provision of, or the failure to provide, health care services," is governed by the THCLA, "regardless of the theory on which the action is based."[13] An able advocate cannot avoid application of the THCLA by denying that the claims arise from breaches of professional standards, or by asserting that a defective device or product was the real cause of

---

[7] TENN. CODE ANN. § 29-26-101, *et seq.*
[8] Memorandum of Decision, August 29, 2014, Doc. 1360 at p. 10.
[9] Frequently referred to as the TPLA.
[10] Memorandum of Decision, August 29, 2014, Doc. 1360 at p. 14.
[11] *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. Oct. 8, 2015).
[12] TENN. CODE ANN. § 29-26-101(a)(2)
[13] TENN. CODE ANN. § 29-26-101(a)(1). Nearly two (2) years ago, this Court noted that a literal reading of Tenn. Code Ann. § 29-26-101(a)(1), stating "any civil action…regardless of the theory of liability on which the action is based," could encompass product liability claims. Memorandum of Decision, August 29, 2014, Doc. 1360 at p. 30.

injury.[14] The broad definition of a health care liability action in the THCLA is "conclusive."[15]

## THE THCLA AND TPLA ARE IRRECONCILABLE IN DETERMINING LIABLITY AND DAMAGE

The Court's Opinion and Order[16] correctly concluded that the TPLA and the THCLA dictate "mutually exclusive liability schemes," with "conflicting damage provisions."[17] The irreconcilable conflict between the two (2) acts is captured in the STOPNC Defendants' Opposition to the motion to reconsider,[18] reproduced as Exhibit 1 to this submission for the Court's convenience.

The trial courts in Tennessee and the District Courts within the First Circuit share a common duty – the instructions to the jurors must accurately define the relevant, applicable law, and must not mislead the jurors.[19] The *only* relevant law is that contained within the THCLA.

Entirely aside from the "conclusive"[20] application of the THCLA to these claims, Tennessee substantive law does not permit the Court to delegate a determination of the applicable law to the jury, which is precisely what the PSC seeks. The determination of the law on which to charge the jury is the duty of the Court, with the jury to apply that

---

[14] *Osunde v. Delta Medical Center*, 2016 WL 537075 (Tenn. Ct. App. Feb. 10, 2016). In *Osunde*, plaintiff's counsel swore off any claims of inadequate professional care, asserting that the injuries arose from a defective, unsafe stool used during a radiological procedure. Despite that argument, the Court held application of the THCLA was "inescapable," and all claims, no matter how described by the advocate, were governed by the THCLA. *Id.* at pp. 9-10.
[15] *Id.* at p. 7.
[16] Doc. 2700.
[17] *Id.* at pp. 4-5.
[18] Doc. 2755 at pp. 5-6.
[19] *Veracode Inc. v. Appthority, Inc.,* 2015 WL 5749435, at pp. 29-30 (D. Mass. Sept. 30, 2015); *Hopkins v. Jordan Marine, Inc.*, 271 F.3d 1, 4 (1st Cir. 2001); *Spencer v. Norfolk Southern Railway* 450 S.W.3d 507, 514 (Tenn. 2014).
[20] *Osunde*, n. 14, *supra.*

law to the facts of the case.[21] The Court has a duty to *not* instruct the jury on law that is *in*applicable to the case.[22] As the Court held in discharging that duty, the more specific statute, with the closer application to the case, governs.[23] That statute is the THCLA, just as this Court concluded.

## CONCLUSION

A motion to reconsider may be indicated where there has been an intervening change in the law, or a clear error of law in the first instance.[24] Neither criterion applies here. The Court correctly decided the issue. The recent Tennessee appellate decision in *Osunde* confirms this Court was correct in the first instance.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the STOPNC Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

---

[21] *See Solomon v. First Am. Nat. Bank of Nashville,* 774 S.W.2d 935, 940 (Tenn. Ct. App.1989) ("[T]he determination of proper instructions to the jury is a question of law to be determined from the theories of the parties, the evidence in the record and the law applicable thereto.").
[22] *See Strickland v. City of Lawrenceburg*, 611 S.W.2d 832, 837 (Tenn. Ct. App. 1981).
[23] *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010).
[24] *Antony v. Duty Free Americas, Inc.*, 705 F. Supp. 2d 112, 114 (D. Mass. 2010).

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 18th day of April, 2016.

/s/ Chris J. Tardio
**Chris J. Tardio**