UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Actions Involving the Saint Thomas Clinic Defendants | )<br>)<br>)<br>)  MDL No. 1:13-md-2419<br>)<br>)  Judge Rya Zobel<br>)<br>) |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL MIXON REPORT**

The Plaintiffs' Steering Committee ("PSC") files this Memorandum in Support of its Motion to Strike the Supplemental Mixon Report under Fed. R. Civ. P. 37.  The report offers a new opinion from Mr. Mixon on a common issue that Mr. Mixon could have – but did not – offer in compliance with the Court-ordered common issue expert deadlines.  There is no substantial justification for the Saint Thomas Clinic Defendants[1] to introduce this opinion nearly three months after the applicable Rule 26 disclosure deadline and weeks after the initial common expert deposition deadline (and just days before the agreed upon end of common expert discovery), and it would be highly prejudicial to the plaintiffs to allow the opinion to be introduced at this late stage. As a sanction under Rule 37, the Court must therefore strike the untimely "supplemental" report from Mr. Mixon and preclude the Saint Thomas Clinic Defendants from relying upon the opinion expressed therein in any fashion in this litigation.

**BACKGROUND**

**I.      The Defendants' Common Issue Disclosure Deadline and the Mixon Report**

---

[1] Those defendants are Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, John Culclasure, MD; Debra Schamberg, RN, CNOR, and Vaughn Allen, MD.

On October 14, 2015, the Court entered an Order that, in relevant part, required the defendants in bellwether cases to disclose common expert reports by January 15, 2016.[2] On January 15, 2016, the St. Thomas Clinic Defendants accordingly served under Rule 26 the Report of William Mixon on common issues.[3]  (*See* Exhibit A, Report of William Mixon.)

In substance, Mixon's report disclosed that he would offer opinions at trial that (1) NECC, UniFirst, and ARL each breached the standard of professional practice and caused the plaintiffs' injuries, (2) it was reasonable for the Saint Thomas Clinic Defendants to rely on representations by NECC concerning the sterility of NECC's compounded products; and (3) there was no general belief in the pharmacy or medical community that compounded medications were inherently unsafe or dangerous, and therefore the relevant standard of care did not require heightened due diligence measures by NECC's customers.[4]

Mr. Mixon's report did not discuss, let alone offer any opinions concerning, the issue of whether it was lawful or commonplace in 2011 and 2012 for medical providers to purchase pharmaceutical products from a compounding pharmacy without a patient-specific prescription.

II.     **The Common Expert Deposition Deadline and the Mixon Deposition**

On January 20, 2016, the Court set a deadline of March 18, 2016 to complete common expert depositions.[5]  The PSC took the deposition of Mr. Mixon on March 22, 2016.[6]  The deposition took place in Charlotte, North Carolina, where Mr. Mixon resides.

At the deposition, consistent with his January 15, 2016 report, Mr. Mixon did not disclose any opinion concerning whether Tennessee law (or any law, for that matter) required a medical

---

[2] D.E. 2330 at p. 1.
[3] D.E. 2595 (reflecting service of expert reports).
[4] Ex. A, Mixon Report, at 14-15.
[5] D.E. 2596.  The parties later agreed to extend this deadline to April 9, 2016.
[6] *See* D.E. 2707/

provider to purchase products from a compounding pharmacy using a patient-specific prescription in 2011 and 2012.

On April 4, 2016, the St. Thomas Clinic Defendants served a Supplemental Expert Disclosure for William Mixon, RPH, which attaches a "Supplemental Expert Report."  (*See* Exhibit B, Supplemental Expert Disclosure of William Mixon.)  In the purported "supplement," Dr. Mixon (1) indicates that he reviewed <u>additional documents</u> (including newsletters published by the Tennessee Board of Pharmacy, a Tennessee statute, a Tennessee regulation, and deposition testimony from a deposition taken in September 2015), and (2) based on his review of those materials, offers a <u>new common issue opinion</u> that it was an accepted practice in 2011 and 2012 for compounding pharmacies to sell medications to Tennessee health care providers without patient-specific prescriptions. The defendants' disclosure offers no explanation or justification for the untimely introduction of Mr. Mixon's opinion on April 4, 2016 – nearly three months after the applicable report disclosure deadline and weeks after the close of the common expert deposition deadline.

### III. Patient-Specific Prescription Issue

The issue of whether it was lawful or within the standard of care for the Saint Thomas Clinic Defendants to order medications from NECC without a patient-specific prescription has been a feature of this litigation for years prior to the January 15, 2016 deadline for the disclosure of Mr. Mixon's opinions on common issues.  Indeed, from the inception of this case (including the Master Complaint and Master Answers) through the fact discovery phase (including written discovery and depositions), the patient-specific prescription rule has been a consistent subject of

inquiry and debate.[7]  Moreover, the PSC's common issue expert reports, submitted thirty days before Mr. Mixon's initial report, identified the Saint Thomas Clinic Defendants' failure to follow the patient-specific prescription rule as a breach of the relevant standard of care.[8]

### **RULES 26 AND 37**

A party seeking to introduce expert testimony at trial must disclose to the opposing party a written report that includes "a complete statement of all opinions the witness will express and the basis and reasons for them."[9]  Under Rule 26(a)(2)(D), a party must make expert disclosures "at the times and in the sequence that the court orders."

Under Fed. R. Civ. P. 37(c)(1), if a party fails to comply with an expert disclosure deadline, a party is presumptively precluded from relying on untimely disclosed information to supply evidence on a motion, at a hearing, or at trial, unless the failure to make a timely disclosure was substantially justified or is harmless.[10]  The burden is on the party facing

---

[7] For example, the Plaintiffs' Amended Master. Complaint, filed on November 5, 2013, specifically referenced NECC's failure to compound and dispense its products in response to patient-specific prescriptions as a fact supporting a finding of liability against the clinic and physician defendants.  D.E. 545 at p. 46, ¶ 165-176.  The Saint Thomas' Entities Master Answer, filed on October 1, 2014, specifically blamed NECC for causing the plaintiffs' injuries because NECC failed to comply with Tenn. Comp. R. & Regs. No. 1140-01-.08 by dispensing medication without a patient-specific prescription.  *See* D.E. 1464, p. 58, ¶ 11.b.4.  The Saint Thomas Clinic Defendants' Master Answer, filed on September 30, 2014, acknowledged that NECC's dispensation of compounded drugs without a patient-specific prescription was among the "problems at NECC" identified by the FDA before the fungal meningitis outbreak. D.E. 1459, Attach. No. 1, at 12.  It is beyond dispute that the patient-specific prescription has been a consistent subject of discovery since that time.

[8] *See e.g.*, Dkt. No. 2770-4, Rule 26 Expert Disclosure of James Gray, PharmD; Dkt. No. 2770-5, Rule 26 Expert Disclosure of Lawrence Winikur, MD; Dkt. No. 2770-6, Rule 26 Expert Disclosure of John Stephenson, MD.

[9] *Gay v. Stonebridge Life Ins. Co.*, 660 F.3d 58, 62  (1st Cir. 2011).

[10] *Esposito v. Home U.S.A.*, 590 F.3d 72, 77 (6th Cir. 2009).

sanctions for an untimely disclosure to show that its failure to comply was either justified or harmless and therefore deserving of some lesser sanction.[11]

Together, Rules 26 and 37 operate to prevent the unfair and tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and are designed to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent.[12]

## ANALYSIS

The Court ordered the Saint Thomas Clinic Defendants to disclose their Rule 26 expert reports on common issues by January 15, 2016, and ordered that common experts be deposed by March 18, 2016 (which was later extended by agreement to April 9, 2016). In flagrant violation of the disclosure deadlines, the Saint Thomas Clinic Defendants seek to offer a <u>new opinion</u> (not a supplemental opinion) by Mr. Mixon on a common issue on which Mr. Mixon previously had not offered an opinion. The disclosure is nearly three months late, and it was made after the common expert deadline closed. Under a straightforward application of Rule 37, the Court should therefore preclude the defendants from relying in any fashion on this untimely disclosed opinion.

There is no reason for the Court to impose a lesser sanction than exclusion, because the defendants' untimely introduction of a new common issue opinion from Mr. Mixon at this stage is not substantially justified or harmless.

In terms of the lack of justification, the defendants were already on notice – for years – that the patient-specific prescription rule was at issue, and that the plaintiffs intended to argue at trial that it was a violation of the standard of care for the Saint Thomas Clinic Defendants to order pharmaceuticals without a patient-specific prescription or to do business with a company

---

[11] *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).
[12] *Gay*, 660 F.3d at 62.

(NECC) that was willing to violate the law by doing so. Moreover, the materials that Mr. Mixon reviewed in connection with his supplemental opinion were all available to the defendants and Mr. Mixon when he served his original report on January 15, 2016. One document is a 2010 version of a Tennessee statute; the second is a 1999 version of a Tennessee regulation; the third and fourth are publicly available newsletters published in 2012; and the fifth is the transcript of a deposition taken in this case taken on September 14, 2015. Thus, the defendants were on notice of this issue and readily could have disclosed an opinion concerning it from Mr. Mixon by the January 15, 2016 disclosure deadline, but <u>chose not to do so</u>. There is no justification – let alone a substantial one – for the timing of Mr. Mixon's new report.

Furthermore, the introduction of Mr. Mixon's opinion at this late stage would be highly prejudicial and harmful to the PSC. Mr. Mixon has already been deposed and the expert deposition deadline has closed, and the deadline for the PSC to offer a rebuttal report passed over two months before Mr. Mixon submitted his "supplemental" report. The PSC therefore cannot (and should not have to) depose Mr. Mixon concerning his untimely disclosed opinion. The defendants' untimely introduction of that opinion prejudices the PSC's ability to cross-examine Mr. Mixon at trial and gives the defendants an unfair advantage, particularly with the May 27, 2016 *Daubert* motion deadline and the bellwether trials this summer rapidly approaching.

In sum, the defendants' introduction of a new and untimely opinion from Mr. Mixon involves precisely the type of gamesmanship that sanctions under Rule 37 are designed to avoid.[13] The Court should therefore strike the untimely supplemental Mixon report and preclude the defendants from relying on the opinions expressed therein in any fashion.[14]

---

[13] *See Macauley v. Anas*, 321 F.3d 45, 50-53 (1st Cir. 2003) (upholding district court exclusion of untimely "supplemental report," where untimely disclosed opinion "was not based on newly discovered evidence, and the [disclosing party] has not advanced any real justification for its

Date:  April 26, 2016	Respectfully submitted:

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com
*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Annika K. Martin

---

tardy emergence"); *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (stating that "[t]he required sanction in the ordinary case is mandatory preclusion," and upholding district court's preclusion of new information in late-filed expert affidavit that expert had not disclosed within the court-ordered deadline for disclosure of a "complete statement of all opinions to be expressed" under Rule 26(a)); *see also Marine Polymer Techs, Inc.*, Civil No. 06-cv-100-JD, 2010 U.S. Dist. LEXIS 46787, at *12 (D.N.H. Apr. 2, 2010) (holding that expert was precluded from offering additional untimely opinions that were not expressed in his earlier, timely served expert report); *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 72 (D. Mass. 2008) (upholding Magistrate Judge's finding that it was appropriate to strike an expert's untimely attempt to add a new opinion through service of "supplement" to the expert's earlier interrogatory response).

[14] In the alternative, if the Court finds that the untimely supplemental opinion will not be stricken or otherwise precluded, the Court should order the defendants to present Mr. Mixon for re-deposition at the defendants' expense and should permit the PSC 14 days from the conclusion of that re-deposition to serve any rebuttal reports.

Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212/355-9500
Facsimile: 212/355-9592
akmartin@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

      I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   April 26, 2016

                                                /s/ Benjamin A. Gastel