# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2419 ) Dkt. No. 1:13-md-2419-RWZ ) |
| This Document Relates to: | ) ) ) |
| Suits Naming Saint Thomas Outpatient Neurosurgical Center, LLC | ) ) ) ) |

**STOPNC DEFENDANTS' SUPPLEMENTAL EXPERT DISCLOSURE FOR WILLIAM MIXON, RPH**

Defendants Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD (collectively "STOPNC Defendants"), hereby serve the supplemental expert disclosure of William Mixon, RPh pursuant to Federal Rule of Civil Procedure 26.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the STOPNC Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this supplemental expert disclosure was served on the following via email on April 4, 2016:

Gerard Stranch
Ben Gastel
Branstetter, Stranch & Jennings
223 Rosa L. Parks Boulevard, #200
Nashville, Tennessee 37203

Mark Chalos
Lieff Cabraser Heimann & Bernstein
150 4th Avenue North, #1650
Nashville, Tennessee 37219

Yvonne Puig
Norton Rose Fulbright
98 San Jacinto Boulevard, #1100
Austin, Texas 78701

The STOPNC Defendants presume that the PSC will upload this discovery material to the proper repository to ensure that it is available to all parties in the MDL.

/s/ Chris J. Tardio
**Chris J. Tardio**

## WILLIAM MIXON, RPH, MS, FIACP, FACA

I, William Mixon, RPh, MS, FIACP, FACA hereby submit this supplemental expert report on behalf of Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, a Professional Corporation, John W. Culclasure, MD, Debra Schamberg, RN, CNOR, and Vaughan A. Allen, MD. I hereby reserve the right to further amend or supplement my report.

### Materials Reviewed

In addition to the materials identified in my report dated January 15, 2016, and the materials disclosed by counsel prior to my deposition on March 22, 2016, I have reviewed the following materials in forming my opinions in this case:

1. Tenn. Code Ann. § 63-10-204 (2010)
2. Tenn. Comp. R. & Regs. 1140-09-.01 (1999)
3. March 2012 newsletter published by the Tennessee Board of Pharmacy
4. December 2012 newsletter published by the Tennessee Board of Pharmacy
5. Portions of the deposition testimony of Terry Grinder, DPH (pages 16-33).

### Supplemental Opinions

It was an accepted practice in 2011 and 2012 for compounding pharmacies to sell medications to Tennessee health care providers without patient-specific prescriptions (*i.e.*, for "office use"). My pharmacy compounded and sold medications to practitioners in Tennessee for office use prior to the fungal meningitis outbreak. Given that this was an accepted practice, I see no reason that a typical Tennessee health care provider would have been concerned by a compounding pharmacy like NECC selling medications without receiving patient-specific prescriptions. Indeed, I do not recall any

of my pharmacy's Tennessee customers raising any concerns about my pharmacy dispensing medications for office use (*i.e.*, without a patient-specific prescription).

_____
WILLIAM MIXON, RPH MS, FIACP

4-4-2016
_____
DATE

2