**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING | ) | |
| PHARMACY, INC. PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | |
| | ) | |
| _____ | ) | |
| | ) | MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) | Dkt. No 1:13-md-2419 (RWZ) |
| | ) | |
| All Suits Against the Saint Thomas Entities | ) | |
| | ) | |
| | ) | |

**SAINT THOMAS ENTITIES' EMERGENCY MOTION FOR CLARIFICATION OF
AMENDED SCHEDULING ORDER**

The Saint Thomas Entities[1] hereby seek clarification of the Court's Amended Scheduling

Order (the "Order"), issued April 25, 2016 [Dkt. # 2827]. The Saint Thomas Entities seek

clarification for the following reasons:

1.      The Order requires that any discovery motions be filed by May 6, 2016.

2.      Prior to the first bellwether trial, the Saint Thomas Entities intend to move for an

order regarding certain deposition testimony in which the witness invoked his or her Fifth

Amendment privilege. These witnesses include, but will not be limited to, witnesses such as

Annette Robinson, Belmira Carvalho, Owen Finnegan, Cory Fletcher, Stephen Haynes, Steven

Higgins, and Lisa Cadden.  The Saint Thomas Entities will seek an order that, at trial, a jury may

draw certain adverse inferences from these witnesses' invocation of the Fifth Amendment.

3.      Similarly, to date, the Court has not permitted the Saint Thomas Entities to take

the depositions of a significant number of NECC Insiders, including many of those individuals

who have been indicted; certain NECC-affiliated companies, such as Medical Sales

Management, Inc.; and NECC itself. The Court's order quashing those deposition notices was

---

[1]      Saint Thomas West Hospital f/k/a St. Thomas Hospital; Saint Thomas Health; and Saint Thomas Network.

based largely on the fact that these individuals and companies (through individuals) would undoubtedly claim their Fifth Amendment privilege, as they had in written discovery.[2] To the extent the Court does not permit these depositions to proceed before trial, the Saint Thomas Entities intend to move for an order that, at trial, a jury may draw an adverse inference from theses witnesses' anticipated invocation of their Fifth Amendment rights, as well on certain of their  discovery responses, which should be read to the jury.

4.      While these motions do not involve a request to compel additional discovery, they do involve deposition testimony already taken and discovery disputes extensively litigated by the parties and affected individuals.

5.      Therefore, the Saint Thomas Entities request that the Court clarify the Order to state whether any such motion seeking an adverse inference at trial must be filed before the May 6, 2016 deadline, or whether such motions may be filed *in limine*, in the regular course of pre-trial motions.

WHEREFORE, the Saint Thomas Entities request that the Court clarify if any motions seeking an adverse inference at trial against certain entities and individuals must be filed as discovery motions before May 6, 2016, or whether they may be filed at a later date, when other pre-trial, evidentiary motions are to be filed.

_____

[2] The depositions were stayed until the criminal charges pending against the individuals were resolved.

April 29, 2016

Respectfully submitted,

 /s/ Sarah P. Kelly
Sarah P. Kelly (BBO #664267)
skelly@nutter.com

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
Texas State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress, Suite 2350
Austin, Texas 78701
(512) 482-9300
(512) 482-9303

*Appearing Pro Hac Vice

## **LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE**

I certify that I contacted PSC representatives about whether they assented to the relief requested in this motion, but I did not receive a response by the time of filing.

*/s/ Sarah P. Kelly*
Sarah P. Kelly

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this 29th day of April, 2016.

*/s/     Sarah P. Kelly*
Sarah P. Kelly

3164712.1