UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> All Cases Naming Saint Thomas Outpatient Neurosurgical Center | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

# TENNESSEE CLINIC DEFENDANTS' REPLY TO PSC'S RESPONSE TO TENNESSEE CLINIC DEFENDANTS' MOTION TO COMPEL COMPLETION OF THE DEPOSITION OF DAVID KESSLER, MD WITH AN ORDER MANDATING DIRECT RESPONSES

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("Tennessee Clinic Defendants" or "Defendants") reply to the Plaintiffs' Steering Committee's ("PSC") Response[1] to the Tennessee Clinic Defendants' Motion to Compel Completion of the Deposition of David Kessler, MD with an Order Mandating Direct Responses.[2]

The PSC's Response is filled with unpersuasive hyperbole and inappropriate accusations. A review of the transcript and video of Dr. Kessler's transcript shows his continual non-responsiveness and evasiveness throughout his seven (7) hour deposition. The Defendants' Motion, Memorandum, and attached exhibits establish that Dr. Kessler's and the PSC's conduct impeded, delayed, and frustrated the fair examination of Dr. Kessler. The Defendants' Motion should be granted.

---

[1] Dkt. No. 2825.
[2] Dkt. No. 2763.

**LAW AND ARGUMENT**

I. **The Court is Required to Allow Additional Time Under Fed. R. Civ. P. 30(d)(1).**

Fed. R. Civ. P. 30(d)(1) directs that "[t]he Court <u>must</u> allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent, <u>or if the deponent, another person, or any other circumstance impedes or delays the examination</u>."[3] The Court has "broad discretion" to set the length of depositions according to the circumstances of the case.[4] The exceptions listed in Rule 30(d)(1) "do not restrict the court's discretion to expand depositions," but "<u>require</u> the court to permit additional time under the specified circumstances."[5] "A court may provide additional time to depose a witness who is uncooperative and refuses to answer questions."[6] "**A narrative is not an appropriate response to a 'yes or no' question**."[7]

Defendants' counsel asked straightforward, direct questions throughout Dr. Kessler's seven (7) hour deposition. The PSC's Response ignores Dr. Kessler's obligation to provide direct responses to those questions. Dr. Kessler's narrative, nonresponsive answers, and the PSC's failure to direct Dr. Kessler to provide direct responses, were out of Defendants' counsel's control. Dr. Kessler's actions (and the PSC's failure to act), *not* Defendants' counsel's proper and direct questions, impeded and delayed the fair examination of Dr. Kessler.

---

[3] FED. R. CIV. P. 30(d)(1)(2015)(emphasis added). The Advisory Committee Notes provide that "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." A plain reading of Rule 30(d)(1), with the Advisory Committee Notes, shows that "good cause" is implied when the deponent or another person "impedes or delays the examination."
[4] *Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936, 2008 WL 1752254 at *1 (S.D.N.Y. Apr. 16, 2008).
[5] *Id.* (emphasis added).
[6] *Calderon v. Symeon*, No. 3:06CV1130, 2007 WL 735773 at *1 (D. Conn. Feb. 2, 2007).
[7] *Id.* (emphasis added).

The PSC argues that Defendants' counsel approached Dr. Kessler's deposition with a "strategy" to "waste time" by asking Dr. Kessler questions outside the scope of his report, "misusing or withholding documentary evidence," and by using "argumentative and insulting commentary." To suggest that Defendants' counsel would travel to California and pay Dr. Kessler $1,000/hour to "waste" their seven (7) hours of deposition testimony time is absurd and incomprehensible. It was apparent through Dr. Kessler's evasiveness, his attention to the amount of time remaining in the deposition, the PSC's failure to direct Dr. Kessler to provide direct responses, and the PSC's Fed. R. Evid. 106 "completeness" interjections,[8] that the PSC and Dr. Kessler adopted a strategy to waste the Defendants' time and evade the Defendants' questions. Dr. Kessler and the PSC impeded and delayed the fair examination of Dr. Kessler.

The Defendants deposed Dr. Kessler for seven (7) hours, plus an additional fifteen (15) minutes. The Defendants have reviewed Dr. Kessler's deposition transcript and deposition video. The Defendants *still* do not know Dr. Kessler's opinions on the FDA's authority to regulate NECC. His long-winded, off-topic, narrative answers to the Defendants' straightforward questions did not allow the Defendants to complete a fair examination. The Court <u>must</u> grant the Defendants additional time to complete a fair examination of Dr. Kessler. Likewise, it is imminently clear from Dr. Kessler's testimony that, without an order from the Court requiring Dr. Kessler to give responsive, direct answers, the parties will inevitably wind up before the Court again after another largely useless deposition.

---

[8] The Defendants have not found <u>any</u> case law that addresses the appropriateness of using Fed. R. Evid. 106 during discovery depositions. In practice, Fed. R. Evid. 106 is generally applicable in a trial setting, not a discovery deposition setting. The PSC's misuse of "completeness" objections was yet another waste of the Defendants' seven (7) hours, and an egregious form of witness "coaching."

## II.     Sanctions are Warranted.

Fed. R. Civ. P. 37 allows a party to move for an order compelling an answer if "a deponent fails to answer a question asked under Rule 30 or 31."[9] A person's "evasive or incomplete disclosure, answer, or responses <u>must</u> be treated as a failure to disclose, answer, or respond."[10] If the motion is granted, "the court <u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, <u>or both</u> to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[11]

When an attorney does not intervene to curb the deponent's misconduct, Courts equate the attorney's silence with endorsement and ratification of the deponent's misconduct.[12] The attorney's silent endorsement and ratification of the deponent's misconduct is the "functional equivalent of *advising* [the deponent's] conduct."[13]

The PSC argues that sanctions are not warranted because they were "civil" throughout Dr. Kessler's deposition, and because the transcript "shows no improprieties" by the PSC's counsel. The PSC's assertions actually *support* the Defendants' request for sanctions, based on the PSC's <u>failure to act</u> to curb Dr. Kessler's evasive misconduct. As officers of the Court, PSC's counsel was obligated to ensure that Dr. Kessler's conduct complied with the Federal Rules. Dr. Kessler's evasive answers must be treated as a failure to disclose, answer, or respond to a question asked under Rule 30. PSC's counsel's silent endorsement of Dr. Kessler's

---

[9] FED. R. CIV. P. 37(a)(3)(B)(i)(2015).
[10] FED. R. CIV. P. 37(a)(4) (emphasis added).
[11] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).
[12] *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 197 (E.D. Pa. 2008).
[13] *Id.* at 197-98 (emphasis added).

misconduct is the functional equivalent of advising his conduct. Sanctions are warranted.

With their Motion to Compel, the Defendants move the Court to impose the following sanctions on the witness and PSC:

1. Require the witness and the PSC to absorb the costs associated with the initial effort to take Dr. Kessler's deposition, including Dr. Kessler's $1,000 per hour fee, and the fees of the court stenographer and videographer; and

2. Require Dr. Kessler to return for completion of his deposition, providing direct, responsive, succinct answers to each question.

## CONCLUSION

Dr. Kessler's evasive and non-responsive conduct impeded and delayed the Defendants' fair examination of him. Under Fed. R. Civ. P. 30(d)(1), the Court **must** allow the Defendants additional time to complete his deposition. Dr. Kessler's misconduct, and the PSC's failure to curb Dr. Kessler's misconduct, warrant the sanctions sought. The Tennessee Clinic Defendants' Motion to Compel Completion of the Deposition of David Kessler, MD, with an Order Mandating Direct Responses should be granted.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this corrected document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 2nd day of May, 2016. The original reply was filed and served on the 29th day of April, 2016.

/s/ Chris J. Tardio
**Chris J. Tardio**