# EXHIBIT 4

Email to PSC Identifying Additional Materials Reviewed by Mr. Mixon prior to his Deposition

# Matt H. Cline

| | |
|---|---|
| **From:** | Matt H. Cline |
| **Sent:** | Thursday, March 17, 2016 11:46 AM |
| **To:** | beng@bsjfirm.com; Rick Ellis |
| **Cc:** | Adam Schramek (adam.schramek@nortonrosefulbright.com); Chris J. Tardio; Kent Krause |
| **Subject:** | Mixon Doc. Requests |
| **Attachments:** | Mixon Production.pdf |

Ben:

Please allow this to serve as our response/objections to the document requests to Mr. Mixon. I address each request below.

Request 1 – Documents containing facts or data considered in forming expert opinions

In addition to the materials identified in his report, Mr. Mixon has also been provided the attached materials and the following:

- Deposition summaries produced in response to the document requests to Dr. Thoma
- Photographs of NECC's standing autoclave
- Declaration of Philip Austin, PhD
- Photographs of the gaps in ceiling of cleanroom 1
- NECC quality assurance reports for 2011 and 2012
- Daily fill logs for the three contaminated lots
- The report from the Massachusetts Board of Pharmacy's May 2011 inspection of NECC
- PCCA formula for compounding MPA
- Emails between NECC and UniClean (Deposition exhibits 422, 424, 426-431)
- NECC cleaning logs
- Tenn. Code Ann. § 63-10-204 (2010)
- Tenn. Comp. R. & Regs. 1140-09-.01 (1999)
- Portions of the deposition testimony of Terry Grinder, DPH (pages 16-33)
- Mr. Guardino's report
- Dr. Rauck's report

The documents listed above and identified in Mr. Mixon's report are either (1) publicly available, (2) already in the possession of the Plaintiffs, or (3) appended to Mr. Mixon's report. If there is a specific document referenced in his report or listed above you would like that you do not already have (or that is not publicly available), just tell me what it is, and we will produce it or direct you to it.

Request 2 – Documents containing facts or data provided by counsel that Mr. Mixon considered in forming his opinions

*See* attached in addition to the materials identified above and in Mr. Mixon's report.

Request 3 – Copies of all scholarly literature upon which Mr. Mixon relied

In addition to the materials identified in his report, Mr. Mixon considered or relied upon the United States Pharmacopeia in forming his opinions.

1

Request 4 – All exhibits Mr. Mixon intends to use to summarize or support his opinions

Mr. Mixon may use the attached materials, the materials identified in response to request number one above, and the materials identified in his report to summarize or support his opinions. At this time, we do not anticipate Mr. Mixon using any additional materials.

Request 5 – All materials relevant to our experts' opinions and reports

This request for "relevant" materials is clearly overbroad and goes well beyond the scope of permissible expert discovery. *See* Fed. R. Civ. P. 26(a)(2). The Rule permits discovery of facts or data "considered" by Mr. Mixon in forming his opinions, and we have already provided that information with Mr. Mixon's written report, the attachments to this email, and the materials identified in response to request number one above. Anything "relevant" to his opinions and report is plainly overbroad and covers privileged information. Accordingly, we are not producing any draft reports or communications with Mr. Mixon regarding the creation of his report. We are also withholding a letter we sent to Mr. Mixon regarding preparation for his deposition, as it contains the mental impressions and theories of counsel regarding the case. This information is privileged and not discoverable under Fed. R. Civ. P. 26. Finally, we are not producing the simple enclosure letters/emails sent to Mr. Mixon that do not contain any factual information or data (they basically say, "enclosed/attached please find the following…", with no summary or description of the information in the enclosures/attachments).

Mr. Mixon has a small notepad upon which he has made some notes relevant to this case. I have asked him to bring it with him to the deposition. We are not producing Mr. Mixon's notes regarding communications with counsel created during meetings with counsel to prepare for his deposition. We believe those communications are privileged pursuant to FRCP 26(b)(4)(C). The notes document communications with counsel reflecting the theories and mental impressions of counsel. Additionally, the communications documented by the notes do not fit any of the three exceptions to the privilege set forth in FRCP 26(b)(4)(C). They do not identify facts or data conveyed to Mr. Mixon by counsel considered by Mr. Mixon in forming his opinions. They do not identify assumptions provided by counsel to Mr. Mixon that Mr. Mixon relied upon in forming his opinions. And, they do not relate to compensation.

Request 6 – List of publications authored in the previous 10 years

This is covered by Mr. Mixon's written report.

Request 7 – A list of cases in which Mr. Mixon has given expert testimony in the last four years

This is covered by Mr. Mixon's written report.

Request 8 – All communications relating to compensation

We do not possess any responsive documents.

Request 9 – All non-privileged communications relating to Mr. Mixon's report

Communications with counsel regarding Mr. Mixon's report are not discoverable under Fed. R. Civ. P. 26(b)(4). Thus, we do not possess any responsive documents.

Request 10 – Current resume' and CV.

We already produced this with Mr. Mixon's report.

* * * * * * *

We reserve the right to amend or supplement these responses.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com