# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) |
| ———————————————————— | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| All Cases Against the Saint Thomas Defendants | ) ) ) |

**MDL No. 2419**
**Dkt. No. 1:13-md-2419 (RWZ)**

## MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COMPARATIVE FAULT DEFENSES ATTRIBUTING FAULT TO GOVERNMENTAL ENTITIES

Plaintiffs' Steering Committee, pursuant to the Court's April 25, 2015 Order (Dkt. 2827), moves this Honorable Court for leave to file the attached Motion for Partial Summary Judgment Regarding Comparative Fault Defenses Attributing Fault to Governmental Entities. The PSC also requests permission to file the attached memorandum in support of the proposed motion.

As grounds for this motion, the PSC respectfully states as follows:

1.      In their Answers to the Master Complaint, the Saint Thomas Defendants[1] allege the affirmative defense of comparative fault against certain non-party governmental entities.[2] Specifically, the Saint Thomas Defendants want to assign percentages of fault to

---

[1] The Saint Thomas Defendants include the following entities and individuals: the Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, A Professional Corporation, John. Culclasure, MD, Debra V. Schamberg, RN, Vaughan Allen, MD, Saint Thomas West Hospital f/k/a Saint Thomas Hospital, Saint Thomas Network, and Saint Thomas Health.

[2] Doc. 1455 - Answer Of Saint Thomas Outpatient Neurosurgical Center, LLC, Howell Allen Clinic, A Professional Corporation, John W. Culclasure, MD, and Debra V. Schamberg, RN, pp. 79 – 102;

Doc. 1456 - Answer of Specialty Surgery Center, Crossville, PLLC, Kenneth R. Lister, MD and Kenneth Lister, MD, PC, pp. 77 – 100; and

Doc. 1464 – Saint Thomas Entities Master Answer and Affirmative Defenses to Plaintiffs' Amended Master Complaint, pp. 101 – 117.

the Food and Drug Administration, Massachusetts Board of Registration in Pharmacy, the Tennessee Board of Pharmacy and the Tennessee Department of Health (collectively, the "Non-Party Governmental Entities").

2.      In its simplest form, this comparative fault defense alleges that the Non-Party Governmental Entities owed a duty to plaintiffs to enforce the law and protect plaintiffs from NECC's illegal conduct and that these entities breached this duty by failing to enforce federal and state law that resulted in plaintiffs' injuries.

3.      These defenses run afoul of Tennessee's public duty doctrine.  Tennessee law does not allow a jury to attribute fault to government entities because said regulators did not owe an individual legal duty to any particular plaintiff.  Under Tennessee's public duty doctrine, the only legal duty owed by the subject government agencies was a duty owed to the general public.  The Non-Party Governmental Entities did not owe an individual duty to any particular plaintiff.  Because legal duty is an essential element of fault under Tennessee law, the Non-Party Governmental Entities cannot be the legal or proximate cause of plaintiffs' injuries and should not be listed on a verdict form as potentially at fault parties.

4.      Additionally, the Saint Thomas Defendants have failed to submit any evidence in support of their claims that the Tennessee Board of Pharmacy and/or the Tennessee Board of Health caused any injury to plaintiffs.  This forms an independent basis, apart from the public duty doctrine, to grant summary judgment against the Nashville Healthcare Defendant's defenses alleging comparative fault against these entities.

5.      If summary judgment is granted, then the trial of these cases will be significantly reduced.  As it stands now, the Saint Thomas Defendants will likely spend multiple days at trial preparing a case against the Non-Party Governmental Entities and the

jury will hear hours of testimony as to why these Non-Party Governmental Entities share blame for the 2012 fungal meningitis catastrophe.  The Court should, prior to trial, decide whether under such a record and theory advanced by the Saint Thomas Defendants, is permitted under Tennessee law.

6.    Moreover, this Court should grant leave to the PSC to file such a motion and memorandum because this Court will not be able to prepare verdict forms for use at trial until the subject issue is adjudicated.  In other words, the subject issue must be decided prior to trial.

Respectfully Submitted This 9th Day of May, 2016,

**/s/ J. Gerard Stranch, IV_____**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

- 3 -

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, J. Gerard Stranch, IV, hereby certify that on May 9, 2016, I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV