UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE:   NEW ENGLAND** **COMPOUNDING PHARMACY, INC.** **PRODUCTS LIABILITY LITIGATION** | ) ) ) ) **MDL No. 1:13-md-2419** |
| **This Document Relates to:** | ) ) ) **Judge Rya Zobel** |
| **All Actions Involving the Saint Thomas Clinic Defendants** | ) ) ) |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL MIXON REPORT [Dkt. No. 2829]**

The Plaintiffs' Steering Committee ("PSC") respectfully submits this Reply in support of its Motion to Strike the Supplemental Mixon Report (Dkt. No. 2829).

**I.      Overview**

As the PSC previously explained, the presumptive sanction under Rule 37(c)(1) is that Mr. Mixon's untimely April 4, 2016  report must be excluded, and the burden is on the St. Thomas Clinic Defendants to show that its failure to comply with the Court-ordered deadlines was either justified or harmless, and therefore deserving of some lesser sanction.[1]

The defendants have not met their burden.  Rather than admit that the opinion is untimely and seek to explain why it was "justified" or "harmless" to serve the untimely report, the defendants argue that the report was a required supplementation under Rule 26(e). Notably, in their response, the St. Thomas Clinic Defendants do not point to a single line in Mr. Mixon's individual report or his deposition testimony in which he offers the opinions expressed in his purported "supplemental" report.  The reason is simple: Mr. Mixon offered the "supplemental" opinions for the first time <u>after</u> his deposition.  Furthermore, all of the information cited in Mr.

---

[1] *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).

Mixon's April 4, 2016 report was available to him when he served his January 15, 2016 report. Accordingly, the opinion was introduced nearly three months late, the April 4, 2016 report is not an appropriate "supplemental report" under Rule 26(e) because it is not based on new information, and the report therefore must be stricken as untimely.

## II. Mr. Mixon Did Not Suggest Before His Deposition that He Intended to Offer a New Opinion

The defendants point out that, four days before Mr. Mixon's deposition, defense counsel emailed the PSC to indicate that, at an unspecified point, it had "provided" to Mr. Mixon fifteen additional categories of records that were not listed in Mr. Mixon's original disclosure of materials reviewed.[2] This disclosure has nothing to do with the untimeliness of Mr. Mixon's "supplemental" report. The March 17, 2016 email did not indicate whether those materials had been provided to Mr. Mixon before or after he served his January 15, 2016 report, the email did not state whether Mr. Mixon had, in fact, relied upon those materials in any fashion in forming the opinions previously expressed in his report, and the email gave no indication that Mr. Mixon intended to offer a new opinion or to revise his prior report – which did not include any opinions regarding the patient-specific prescription rule. Defendants utter silence on these salient details in the March 17, 2016 email, and their attempts just two weeks later to offer Mr. Mixon's "supplemental" report, simply provide evidence of the PSC's contention that this supplemental report is nothing more than an attempt to "sandbag one's opponent with claims and issues which should have been included in the expert witness' report."[3]

---

[2] These included, *inter alia*, references to Tenn. Code Ann. § 63-10-204 (2010), Tenn. Comp. R. & Regs. 1140-09-.01 (1999), and certain pages from the Terry Grinder deposition.

[3] *In re Ready-Mixed Concrete*, 261 F.R.D. 154, 159 (S.D. Ind. 2009).

### III.    The PSC Did Not Elicit the "Supplemental" Opinions from Mr. Mixon at his Deposition.

The St. Thomas Clinic Defendants suggest that the PSC, through its questioning of Mr. Mixon at his deposition, somehow created the need for Mr. Mixon to "supplement" his opinions. The PSC did no such thing.

As the deposition excerpts attached by the defendants demonstrate, at no point did the PSC ask Mr. Mixon (nor did Mr. Mixon volunteer) whether he held an opinion as to either of the following issues that are now addressed in his April 4, 2016 report:

- Whether it was an accepted practice in 2011 or 2012 for compounding pharmacies to sell medications to Tennessee health care providers without patient-specific prescriptions.

- Whether a typical Tennessee health care provider would have been concerned by a compounding pharmacy (such as NECC) that sold medications without receiving patient-specific prescriptions.

The cited deposition passages do not even approach the opinions expressed in the post-deposition April 4, 2016 report.  For example, in one excerpt, the PSC simply asked Mr. Mixon when he reviewed Tenn. Code Ann. § 63-10-204 and the Grinder deposition.  In another part of the deposition, Mr. Mixon also volunteered that, a few weeks before his deposition, he had asked Mr. Joseph Connolly (amongst other things) whether NECC had received prescription orders or patient names before compounding its products.  In another section of the transcript, Mr. Mixon was also questioned about the nature of Mr. Mixon's own compounding pharmacy and whether Mr. Mixon, in fact, had only compounded products ordered by defense expert Dr. Richard Rauck in response to a patient-specific prescription, as Dr. Rauck had testified.  In the course of answering that question, Mr. Mixon indicated that he generally did so in response to a patient-specific prescriptions, but that it was lawful in North Carolina at the time to produce pharmaceuticals for office use without a patient-specific prescription.  None of the cited excerpts

reflects an opinion by Dr. Mixon concerning whether it was reasonable for a compounding pharmacy in another state to sell medications to Tennessee clinics without a patient-specific prescription, nor do they reflect an opinion by Dr. Mixon as to whether a Tennessee-based medical provider should have been concerned that NECC was producing pharmaceuticals without a patient-specific prescription.

In sum, the St. Thomas Defendants' characterization of Mr. Mixon's April 4, 2016 report as "reiterating" his prior opinions is spurious.  To the contrary, he is seeking offering a <u>new opinion</u> nearly three months after the January 15, 2016 disclosure deadline and after he had been deposed.

The defendants also suggest that it was incumbent on the PSC to elicit a new and previously unexpressed opinion from Mr. Mixon at his deposition, and that the PSC is somehow at fault for failing to elicit those opinions following the defendants' March 17, 2016 email.  The defendants do not cite to any representation by Mr. Mixon or by counsel before his deposition that he intended to offer a new opinion that was not expressed in his report, which included <u>no opinions regarding the patient-specific prescription rule</u>.  Furthermore, the defendants do not cite any case law authority indicating that a supplemental disclosure of additional materials reviewed somehow (a) places an opposing party on sufficient notice under Rule 26 that the expert intends to offer an unspecified new – but still unstated – opinion at trial on an unspecified issue, or (b) places a burden on the opposing party to elicit a new, previously unexpressed opinion from the expert at the expert's deposition.

**IV.    <u>A New Opinion Based on Information Available as of the Original Expert Deadline is Not "Supplemental" Under Rule 26(e)</u>**

It is hornbook law that "[a] party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing

the requirement for a timely and complete expert report."[4] Accordingly, Rule 26(e)(1) does not function as an exception that effectively extends the expert designation and report deadline; instead, it allows only an appropriate supplemental report that corrects some type of inaccuracy or that adds new information not previously available.[5] Thus, where an expert had the same materials available at the time of the original report, an expert's "supplemental report" cannot include new opinions not expressed in the original report.[6]

Here, the April 4, 2016 report by Mr. Mixon is not an appropriate "supplemental" report under Rule 26(e)(2) because it relies upon materials that were available to Mr. Mixon when he served his original report on January 15, 2016. The report is therefore untimely and sanctions are warranted.

The appropriate sanction is exclusion of the untimely report. As the PSC has explained, the expert deposition deadline has already closed, thereby precluding the PSC from deposing Mr. Mixon on two new opinions (on issues of significant consequence concerning the defendants' breach of the relevant standard of care), thereby giving the defendants an unfair advantage at trial. That alone justifies exclusion. Furthermore, even if the Court were to allow a renewed

---

[4] *Marine Polymer Techs., Inc. v. HemCon. Inc.*, 2010 U.S. Dist. LEXIS 46787, at *10 (D.N.H. Apr. 2, 2010) (citing *Moore's Fed. Prac.* § 26.131[2]).
[5] *See Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 420-21 (S.D. Tex. Jan. 6, 2012) ("Permissible supplementation means correcting inaccuracies, or filling the interstices of an incomplete report *based on information that was not available at the time of the initial disclosure*.") (internal quotation omitted) (emphasis in original); *Cedar Petrochemicals, Inc. v. Dongbu Hanning Chem. Co.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) ("If an expert's report does not rely on any information that was previously unknown or available to him, it is not an appropriate supplemental report under Rule 26.") (internal quotation and brackets omitted); *Minebea Co. v. Papsi*, 231 F.R.D. 3, 6 (D.D.C. 2005) (stating that Rule 26(e) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report"); *Metro. Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (stating that Rule 26(e) was not designed "to provide an extension of the expert designation and report production deadline").
[6] *HemCon*, 2010 U.S. Dist. LEXIS 46787, at *10-11.

deposition of Mr. Mixon, it would require the PSC to incur significant fees and expenses to re-depose Mr. Mixon in North Carolina, and it would also require the Court to reset the expert rebuttal deadline to allow one or more PSC experts to address Mr. Mixon's new opinions, leading to further delays and expenses that will cut into the plaintiffs' ultimate recovery in these cases.  Rather than upend the existing pretrial disclosure schedule and foist these fees and expenses onto the PSC – all of which would be unnecessary if the defendants had simply honored the Court's deadlines – the Court should simply strike the April 4, 2016 report.

In the alternative, if the Court believes that exclusion is not warranted, the Court should, at a minimum, order the St. Thomas Clinic Defendants to present Mr. Mixon for re-deposition at their own expense (including the PSC's travel expenses), and the Court should allow the PSC 14 days from the conclusion of that deposition to serve any rebuttal reports addressing Mr. Mixon's new opinions.

Date:  May 10, 2016

Respectfully submitted:

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com
*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP

55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Annika K. Martin
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212/355-9500
Facsimile: 212/355-9592
akmartin@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT

366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   May 10, 2016

/s/ Benjamin A. Gastel
Benjamin A. Gastel