UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No.: Dkt. No 1:13-md-2419 (RWZ) |
| This Document Relates to: All Cases Naming the STOPNC Defendants | |

**STOPNC DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS FOR NONCOMPLIANCE WITH TENN. CODE ANN. § 29-26-121**

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("STOPNC Defendants") move this Court, under Fed. R. Civ. P. 12(b)(6), to enter an Order dismissing the following actions in which Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-121:[1]

1. *Adamson v. Ameridose, LLC, et al*, No. 1:13-cv-12734;*

2. *Altom v. Ameridose, LLC, et al,* No. 1:13-cv-12619;*

3. *Barger v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

4. *Carman v. Ameridose, LLC, et al*, No. 1:13-cv-12238;*

5. *Denson v. Ameridose, LLC, et al*, No. 1:13-cv-12729;

6. *Ellis v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

7. *Gobble v. Ameridose, LLC, et al*, No. 1:13-cv-12480;*

---

[1] Cases marked with an asterisk warrant dismissal *with prejudice* for their failure to comply with TENN. CODE ANN. § 29-26-121 *and* § 29-26-122. *See Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015)(holding that dismissal with prejudice is appropriate when a plaintiff fails to provide pre-suit notice and fails to submit the required certificate of good faith).

8. *Jones v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

9. *Maddox v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

10. *McWhorter v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

11. *Minor v. Ameridose, LLC, et al*, No. 1:13-cv-12836;*

12. *Morris v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

13. *O'Brien v. Ameridose, LLC, et al,* No. 1:13-cv-10460;

14. *Peay v. Ameridose, LLC, et al*, No. 1:13-cv-12843;*

15. *Redkevitch v. Ameridose, LLC, et al*, No. 1:13-cv-12666;*

16. *Schulz v. Ameridose, LLC, et al*, No. 1:13-cv-12311;

17. *Siler v. Ameridose, LLC, et al*, No. 1:13-cv-12489;*

18. *Smiley v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

19. *Swann v. Ameridose, LLC, et al*, No. 1:13-cv-12619;* and

20. *Waddey v. Ameridose, LLC, et al*, No. 1:13-cv-12619.*

Tenn. Code Ann. § 29-26-121 directs that "[a]ny person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant <u>at least sixty (60) days before the filing of a complaint</u> based upon health care liability in any court of this state."[2] The timing of Tenn. Code Ann. § 29-26-121 is <u>mandatory</u>,[3] and Tenn. Code Ann. § 29-26-121 "demands strict compliance."[4]

The Health Care Liability Act's pre-suit requirements apply to "*all* civil actions alleging that a covered health care provider or providers have caused an injury related

---

[2] TENN. CODE ANN. § 29-26-121(a)(1)(emphasis added).
[3] *See DePue v. Schroeder*, No. E2010-00504-COA-R9-CV, 2011 WL 538865 (Tenn. Ct. App. Feb. 15, 2011)(dismissing Plaintiff's complaint when Plaintiff's counsel filed the complaint only 53 days after serving pre-suit notice.)
[4] *Arden v. Kozawa*, 466 S.W.3d 758, 762-63 (Tenn. 2015).

2

to the provision of, or failure to provide, health care services."[5] Dismissal without prejudice is the proper sanction for noncompliance with Tenn. Code Ann. § 29-26-121.[6] If a plaintiff fails to provide pre-suit notice *and* fails to submit the required certificate of good faith, dismissal with prejudice is appropriate.[7] A motion to dismiss for failure to state a claim is the proper method for challenging whether a plaintiff has complied with the pre-suit notice requirement.[8]

The Tennessee Health Care Liability Act governs these claims.[9] The above-referenced cases warrant dismissal for the Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-121. The twenty (20) Plaintiffs served pre-suit notice on the STOPNC Defendants, but failed to wait at least 60 days before filing the Complaints. All Complaints naming the STOPNC Defendants allege that Plaintiffs suffered injuries *related to* the provision of health care services at STOPNC. Consistent with *Ellithorpe*, and this Court's ruling that the Health Care Liability Act applies to these claims, all allegations in the Plaintiffs' Complaints are subject to the Act's pre-suit requirements. Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-121 mandates dismissal.

In support of this Motion, the STOPNC Defendants contemporaneously file and rely upon a Memorandum of Law. Pursuant to LR 7.1, the STOPNC Defendants have made a good-faith effort to resolve this dispute, without success.

---

[5] *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015).
[6] *Id.* at 829.
[7] *Id.*
[8] *Id.* at 823.
[9] February 29, 2016 Opinion and Order on Motions for Partial Summary Judgment, Doc. 2700.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the STOPNC Defendants***

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 13th day of May, 2016.

                                              /s/ Chris J. Tardio