# EXHIBIT 2

# Kaycee L. Weeter

| | |
|---|---|
| **From:** | Jason Denton <jdenton@rma-law.com> |
| **Sent:** | Monday, May 9, 2016 4:17 PM |
| **To:** | Kaycee L. Weeter |
| **Cc:** | Gerard Stranch; Daniel L. Clayton; Ben Gastel; eddie@dttlawfirm.com; jaykennamer@mcmahanlawfirm.com; byoung@elpolaw.com; mike@hugo-law.com; mark@markzamora.com; thousholder@sidgilreath.com; tom@hbsslaw.com; jgriffith@griffithroberts.com; Chalos, Mark P.; mike@lawmike.com; C. J. Gideon; Chris J. Tardio; Matt H. Cline; Shelli Meador |
| **Subject:** | Re: NECC Litigation - Meet and Confer |

Kaycee,

I will not voluntarily dismiss my cases. We have already been down this issue before at the beginning of my cases before removal to Boston

Due to personal issues with my daughter I will be requesting an extension of time from the Court oto respond to any motion you decide to file.

My responsive email should have provided you Notice that I am out of the office in May due to my ten year old having reconstructive skull surgery last week. She was in a PICU and Acute Care when you sent your email Friday afternoon.


Thank you,

Jason Denton

Sent from my iPhone

On May 9, 2016, at 1:47 PM, Kaycee L. Weeter <kaycee@gideoncooper.com> wrote:

> Gerard:
>
> What order are you referring to that imposes a stay on the non-bellwether cases? Please provide the docket number.
>
>
> Thanks,
>
> Kaycee
>
>> **From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
>> **Sent:** Monday, May 9, 2016 11:50 AM
>> **To:** Daniel L. Clayton
>> **Cc:** Kaycee L. Weeter; Ben Gastel; jdenton@rma-law.com; eddie@dttlawfirm.com; jaykennamer@mcmahanlawfirm.com; byoung@elpolaw.com; mike@hugo-law.com; mark@markzamora.com; thousholder@sidgilreath.com; tom@hbsslaw.com; jgriffith@griffithroberts.com; Chalos, Mark P.; mike@lawmike.com; C. J. Gideon; Chris J. Tardio; Matt H. Cline; Shelli Meador
>> **Subject:** Re: NECC Litigation - Meet and Confer
>>
>> We at BSJ also decline your request to dismiss our cases.

1

It appears that you are planning on moving against non-bellwether cases. Do you have an order lifting the stay on the non-bellwether cases? Did I miss a CMO that reopened this process?

Gerard

Sent from my iPhone

On May 9, 2016, at 11:17 AM, Daniel L. Clayton <dclayton@kcbattys.com> wrote:

> Ms. Weeter,
>
> To the extent that your email attempts to allege supposed procedural errors to cases filed by our law firm, please be advised that your law firm's interpretation and application of the THLCA is, once again, respectfully, misguided. As such, we will certainly not agree to a dismissal with prejudice on the grounds set forth in your email below.
>
> Regards,
>
> Daniel L. Clayton
> Certified Civil Trial and Medical Malpractice Specialist
> Kinnard Clayton & Beveridge
> 127 Woodmont Boulevard
> Nashville, Tennessee 37205
> 615.297.1007
>
> www.KinnardClaytonandBeveridge.com
>
> **CONFIDENTIALITY:** This e-mail may contain confidential information intended only for the person(s) named. Any use, distribution, copying or disclosure by any other person is strictly prohibited. If you receive this transmission in error, please notify Daniel Clayton at the telephone number(s) and/or e-mail address above.
>
>
>
> **From:** Kaycee L. Weeter [mailto:kaycee@gideoncooper.com]
> **Sent:** Friday, May 06, 2016 3:53 PM
> **To:** Gerard Stranch (gerards@bsjfirm.com) <gerards@bsjfirm.com>; Ben Gastel (beng@bsjfirm.com) <beng@bsjfirm.com>; Daniel L. Clayton <dclayton@kcbattys.com>; jdenton@rma-law.com; eddie@dttlawfirm.com; jaykennamer@mcmahanlawfirm.com; byoung@elpolaw.com; mike@hugo-law.com; mark@markzamora.com; thousholder@sidgilreath.com; tom@hbsslaw.com; jgriffith@griffithroberts.com; Chalos, Mark P. <mchalos@lchb.com>; mike@lawmike.com
> **Cc:** C. J. Gideon <cj@gideoncooper.com>; Chris J. Tardio <chris@gideoncooper.com>; Matt H. Cline <matt@gideoncooper.com>
> **Subject:** NECC Litigation - Meet and Confer
>
> All:

2

We intend to move to dismiss the following cases for non-compliance with Tenn. Code Ann. 29-26-122. Please let us know if you will agree to dismiss these cases with prejudice to obviate the need for filing the motions.

1. Adamson v. Ameridose, LLC, et al, No. 1:13-cv-12734;
2. Alexander v. Ameridose, LLC, et al, No. 1:13-cv-12428;
3. Altom v. Ameridose, LLC, et al, No. 1:13-cv-12619;
4. Barger v. Ameridose, LLC, et al, No. 1:13-cv-12619;
5. Barnard v. Ameridose, LLC, et al, No. 1:13-cv-12738;
6. Berry v. Ameridose, LLC, et al, No. 1:13-cv-12838;
7. Carman v. Ameridose, LLC, et al, No. 1:13-cv-12238;
8. Davis v. Ameridose, LLC, et al, No. 1:13-cv-12426;
9. Ellis v. Ameridose, LLC, et al, No. 1:13-cv-12619;
10. Gobble v. Ameridose, LLC, et al, No. 1:13-cv-12480;
11. Jones v. Ameridose, LLC, et al, No. 1:13-cv-12619;
12. Maddox v. Ameridose, LLC, et al, No. 1:13-cv-12619;
13. McWhorter v. Ameridose, LLC, et al, No. 1:13-cv-12619;
14. May v. Ameridose, LLC, et al, No. 1:13-cv-12619;
15. Minor v. Ameridose, LLC, et al, No. 1:13-cv-12836;
16. Morris v. Ameridose, LLC, et al, No. 1:13-cv-12619;
17. Peay v. Ameridose, LLC, et al, No. 1:13-cv-12843;
18. Pierce v. Ameridose, LLC, et al, No. 1:13-cv-12733;
19. Redkevitch v. Ameridose, LLC, et al, No. 1:13-cv-12666;
20. Schulz v. Ameridose, LLC, et al, No. 1:13-cv-12311;
21. Siler v. Ameridose, LLC, et al, No. 1:13-cv-12489;
22. Smiley v. Ameridose, LLC, et al, No. 1:13-cv-12619;
23. Swann v. Ameridose, LLC, et al, No. 1:13-cv-12619;
24. Taylor v. Ameridose, LLC, et al, No. 1:13-cv-12673;
25. Temple v. Ameridose, LLC, et al, No. 1:13-cv-12696; and
26. Waddey v. Ameridose, LLC, et al, No. 1:13-cv-12619.

We intend to move to dismiss the following cases for non-compliance with Tenn. Code Ann. 29-26-121 (failure to send presuit notice or failure to wait the required 60 days before filing suit).

1. Adamson v. Ameridose, LLC, et al, No. 1:13-cv-12734;
2. Altom v. Ameridose, LLC, et al, No. 1:13-cv-12619;
3. Barger v. Ameridose, LLC, et al, No. 1:13-cv-12619;
4. Carman v. Ameridose, LLC, et al, No. 1:13-cv-12238;
5. Denson v. Ameridose, LLC, et al, No. 1:13-cv-12729;
6. Ellis v. Ameridose, LLC, et al, No. 1:13-cv-12619;
7. Gobble v. Ameridose, LLC, et al, No. 1:13-cv-12480;
8. Jones v. Ameridose, LLC, et al, No. 1:13-cv-12619;
9. Maddox v. Ameridose, LLC, et al, No. 1:13-cv-12619;
10. McWhorter v. Ameridose, LLC, et al, No. 1:13-cv-12619;
11. Minor v. Ameridose, LLC, et al, No. 1:13-cv-12836;
12. Morris v. Ameridose, LLC, et al, No. 1:13-cv-12619;
13. O'Brien v. Ameridose, LLC, et al, No. 1:13-cv-10460;
14. Peay v. Ameridose, LLC, et al, No. 1:13-cv-12843;
15. Redkevitch v. Ameridose, LLC, et al, No. 1:13-cv-12666;
16. Schulz v. Ameridose, LLC, et al, No. 1:13-cv-12311;
17. Siler v. Ameridose, LLC, et al, No. 1:13-cv-12489;
18. Smiley v. Ameridose, LLC, et al, No. 1:13-cv-12619;
19. Swann v. Ameridose, LLC, et al, No. 1:13-cv-12619; and
20. Waddey v. Ameridose, LLC, et al, No. 1:13-cv-12619.

For the cases that overlap between these two lists, we ask that you agree to dismiss them *with prejudice*.

Please respond by the close of business Tuesday, May 10. If we do not hear from you, we will assume that you do not agree to the above requests.

Thanks,

Kaycee Weeter


Kaycee L. Weeter, Esq.
Gideon, Cooper & Essary, PLC
Suite 1100
315 Deaderick St.
Nashville, TN  37238
Phone:  615.254.0400
Fax:  615.254.0459

NOTICE:  The information in this message and any attachments are intended only for the personal and confidential use of the designated recipients. This message and any attachments may be an attorney-client communication or other legally privileged communication, and as such are privileged and confidential. If the reader of this message is not the intended recipient or an agent permitted to receive the message, you are hereby notified that you have received this message in error, and that any review or use of this message and any attachments is strictly prohibited. If you have received this message in error, please notify me immediately at any of the numbers or the e-mail shown above. Thank you.


IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

# Kaycee L. Weeter

| | |
|---|---|
| **From:** | Mike@hugo-law.com |
| **Sent:** | Thursday, May 12, 2016 5:30 AM |
| **To:** | Jason Denton |
| **Cc:** | Kaycee L. Weeter; Gerard Stranch; Daniel L. Clayton; Ben Gastel; eddie@dttlawfirm.com; jaykennamer@mcmahanlawfirm.com; byoung@elpolaw.com; mark@markzamora.com; thousholder@sidgilreath.com; tom@hbsslaw.com; jgriffith@griffithroberts.com; Chalos, Mark P.; mike@lawmike.com; C. J. Gideon; Chris J. Tardio; Matt H. Cline; Shelli Meador |
| **Subject:** | Re: NECC Litigation - Meet and Confer |

Still waiting for a response tinny original email.

**Michael R. Hugo**
617-448-4888 (Direct)

Sent from my iPhone, so please excuse misspellings, grammar and sarcasm.

On May 9, 2016, at 5:17 PM, Jason Denton <jdenton@rma-law.com> wrote:

> Kaycee,
>
> I will not voluntarily dismiss my cases. We have already been down this issue before at the beginning of my cases before removal to Boston
>
> Due to personal issues with my daughter I will be requesting an extension of time from the Court oto respond to any motion you decide to file.
>
> My responsive email should have provided you Notice that I am out of the office in May due to my ten year old having reconstructive skull surgery last week. She was in a PICU and Acute Care when you sent your email Friday afternoon.
>
>
> Thank you,
>
> Jason Denton
>
> Sent from my iPhone
>
> On May 9, 2016, at 1:47 PM, Kaycee L. Weeter <kaycee@gideoncooper.com> wrote:
>
>> Gerard:
>>
>> What order are you referring to that imposes a stay on the non-bellwether cases? Please provide the docket number.
>>
>> Thanks,

1

Kaycee

**From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
**Sent:** Monday, May 9, 2016 11:50 AM
**To:** Daniel L. Clayton
**Cc:** Kaycee L. Weeter; Ben Gastel; jdenton@rma-law.com; eddie@dttlawfirm.com; jaykennamer@mcmahanlawfirm.com; byoung@elpolaw.com; mike@hugo-law.com; mark@markzamora.com; thousholder@sidgilreath.com; tom@hbsslaw.com; jgriffith@griffithroberts.com; Chalos, Mark P.; mike@lawmike.com; C. J. Gideon; Chris J. Tardio; Matt H. Cline; Shelli Meador
**Subject:** Re: NECC Litigation - Meet and Confer

We at BSJ also decline your request to dismiss our cases.

It appears that you are planning on moving against non-bellwether cases. Do you have an order lifting the stay on the non-bellwether cases? Did I miss a CMO that reopened this process?

Gerard

Sent from my iPhone

On May 9, 2016, at 11:17 AM, Daniel L. Clayton <dclayton@kcbattys.com> wrote:

> Ms. Weeter,
>
> To the extent that your email attempts to allege supposed procedural errors to cases filed by our law firm, please be advised that your law firm's interpretation and application of the THLCA is, once again, respectfully, misguided. As such, we will certainly not agree to a dismissal with prejudice on the grounds set forth in your email below.
>
> Regards,
>
> Daniel L. Clayton
> Certified Civil Trial and Medical Malpractice Specialist
> Kinnard Clayton & Beveridge
> 127 Woodmont Boulevard
> Nashville, Tennessee 37205
> 615.297.1007
>
> www.KinnardClaytonandBeveridge.com
>
> **CONFIDENTIALITY:** This e-mail may contain confidential information intended only for the person(s) named. Any use, distribution, copying or disclosure by any other person is strictly prohibited. If you receive this transmission in error, please notify Daniel Clayton at the telephone number(s) and/or e-mail address above.

**From:** Kaycee L. Weeter [mailto:kaycee@gideoncooper.com]
**Sent:** Friday, May 06, 2016 3:53 PM
**To:** Gerard Stranch (gerards@bsjfirm.com) <gerards@bsjfirm.com>; Ben Gastel (beng@bsjfirm.com) <beng@bsjfirm.com>; Daniel L. Clayton <dclayton@kcbattys.com>; jdenton@rma-law.com; eddie@dttlawfirm.com; jaykennamer@mcmahanlawfirm.com; byoung@elpolaw.com; mike@hugo-law.com; mark@markzamora.com; thousholder@sidgilreath.com; tom@hbsslaw.com; jgriffith@griffithroberts.com; Chalos, Mark P. <mchalos@lchb.com>; mike@lawmike.com
**Cc:** C. J. Gideon <cj@gideoncooper.com>; Chris J. Tardio <chris@gideoncooper.com>; Matt H. Cline <matt@gideoncooper.com>
**Subject:** NECC Litigation - Meet and Confer

All:

We intend to move to dismiss the following cases for non-compliance with Tenn. Code Ann. 29-26-122. Please let us know if you will agree to dismiss these cases with prejudice to obviate the need for filing the motions.

1. Adamson v. Ameridose, LLC, et al, No. 1:13-cv-12734;
2. Alexander v. Ameridose, LLC, et al, No. 1:13-cv-12428;
3. Altom v. Ameridose, LLC, et al, No. 1:13-cv-12619;
4. Barger v. Ameridose, LLC, et al, No. 1:13-cv-12619;
5. Barnard v. Ameridose, LLC, et al, No. 1:13-cv-12738;
6. Berry v. Ameridose, LLC, et al, No. 1:13-cv-12838;
7. Carman v. Ameridose, LLC, et al, No. 1:13-cv-12238;
8. Davis v. Ameridose, LLC, et al, No. 1:13-cv-12426;
9. Ellis v. Ameridose, LLC, et al, No. 1:13-cv-12619;
10. Gobble v. Ameridose, LLC, et al, No. 1:13-cv-12480;
11. Jones v. Ameridose, LLC, et al, No. 1:13-cv-12619;
12. Maddox v. Ameridose, LLC, et al, No. 1:13-cv-12619;
13. McWhorter v. Ameridose, LLC, et al, No. 1:13-cv-12619;
14. May v. Ameridose, LLC, et al, No. 1:13-cv-12619;
15. Minor v. Ameridose, LLC, et al, No. 1:13-cv-12836;
16. Morris v. Ameridose, LLC, et al, No. 1:13-cv-12619;
17. Peay v. Ameridose, LLC, et al, No. 1:13-cv-12843;
18. Pierce v. Ameridose, LLC, et al, No. 1:13-cv-12733;
19. Redkevitch v. Ameridose, LLC, et al, No. 1:13-cv-12666;
20. Schulz v. Ameridose, LLC, et al, No. 1:13-cv-12311;
21. Siler v. Ameridose, LLC, et al, No. 1:13-cv-12489;
22. Smiley v. Ameridose, LLC, et al, No. 1:13-cv-12619;
23. Swann v. Ameridose, LLC, et al, No. 1:13-cv-12619;
24. Taylor v. Ameridose, LLC, et al, No. 1:13-cv-12673;
25. Temple v. Ameridose, LLC, et al, No. 1:13-cv-12696; and
26. Waddey v. Ameridose, LLC, et al, No. 1:13-cv-12619.

We intend to move to dismiss the following cases for non-compliance with Tenn. Code Ann. 29-26-121 (failure to send presuit notice or failure to wait the required 60 days before filing suit).

1. Adamson v. Ameridose, LLC, et al, No. 1:13-cv-12734;
2. Altom v. Ameridose, LLC, et al, No. 1:13-cv-12619;
3. Barger v. Ameridose, LLC, et al, No. 1:13-cv-12619;
4. Carman v. Ameridose, LLC, et al, No. 1:13-cv-12238;
5. Denson v. Ameridose, LLC, et al, No. 1:13-cv-12729;
6. Ellis v. Ameridose, LLC, et al, No. 1:13-cv-12619;
7. Gobble v. Ameridose, LLC, et al, No. 1:13-cv-12480;
8. Jones v. Ameridose, LLC, et al, No. 1:13-cv-12619;
9. Maddox v. Ameridose, LLC, et al, No. 1:13-cv-12619;
10. McWhorter v. Ameridose, LLC, et al, No. 1:13-cv-12619;
11. Minor v. Ameridose, LLC, et al, No. 1:13-cv-12836;
12. Morris v. Ameridose, LLC, et al, No. 1:13-cv-12619;
13. O'Brien v. Ameridose, LLC, et al, No. 1:13-cv-10460;
14. Peay v. Ameridose, LLC, et al, No. 1:13-cv-12843;
15. Redkevitch v. Ameridose, LLC, et al, No. 1:13-cv-12666;
16. Schulz v. Ameridose, LLC, et al, No. 1:13-cv-12311;
17. Siler v. Ameridose, LLC, et al, No. 1:13-cv-12489;
18. Smiley v. Ameridose, LLC, et al, No. 1:13-cv-12619;
19. Swann v. Ameridose, LLC, et al, No. 1:13-cv-12619; and
20. Waddey v. Ameridose, LLC, et al, No. 1:13-cv-12619.

For the cases that overlap between these two lists, we ask that you agree to dismiss them *with prejudice*.

Please respond by the close of business Tuesday, May 10. If we do not hear from you, we will assume that you do not agree to the above requests.

Thanks,

Kaycee Weeter

Kaycee L. Weeter, Esq.
Gideon, Cooper & Essary, PLC
Suite 1100
315 Deaderick St.
Nashville, TN  37238
Phone:  615.254.0400
Fax:  615.254.0459

NOTICE:  The information in this message and any attachments are intended only for the personal and confidential use of the designated recipients. This message and any attachments may be an attorney-client communication or other legally privileged communication, and as such are privileged and confidential. If the reader of this message is not the intended recipient or an agent permitted to receive the message, you are hereby notified that you have received this message in error, and that any review or use of this message and any attachments is strictly prohibited. If you have received this message in error, please notify me immediately at any of the numbers or the e-mail shown above. Thank you.

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

## Kaycee L. Weeter

| | |
|---|---|
| **From:** | Kaycee L. Weeter |
| **Sent:** | Thursday, May 12, 2016 8:17 AM |
| **To:** | mike@hugo-law.com |
| **Cc:** | Matt H. Cline |
| **Subject:** | Fwd: NECC Litigation - Meet and Confer |

Mike:

See below. I responded to your email last Friday.

Kaycee

Begin forwarded message:

> **From:** "Kaycee L. Weeter" <kaycee@gideoncooper.com>
> **Date:** May 6, 2016 at 4:32:48 PM CDT
> **To:** Michael R Hugo <mike@hugo-law.com>
> **Cc:** "Matt H. Cline" <matt@gideoncooper.com>
> **Subject: RE: NECC Litigation - Meet and Confer**
>
> You and Mark Zamora are listed as counsel of record for *Gobble*.
>
> **From:** Michael R Hugo [mailto:mike@hugo-law.com]
> **Sent:** Friday, May 6, 2016 4:05 PM
> **To:** Kaycee L. Weeter
> **Subject:** Re: NECC Litigation - Meet and Confer
>
> I have received your email, and am wondering which case(s) you have me listed on as counsel of record.
>
> **Michael R. Hugo, Esq**
> 1 Catherine Road
> Framingham, MA  01701
>
> Tel:  617-448-4888
> Fax:  617-607-9655
> Email: mike@hugo-law.com
>
> *Listed in MA Super Lawyers 2009 - Present*

1

This e-mail and any attachments are confidential and may be protected by the attorney-client privilege and the attorney work product doctrine. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient or you believe this message has been sent to you in error, please notify the sender by e-mail and delete this message without disclosing it.

> On May 6, 2016, at 4:53 PM, Kaycee L. Weeter <kaycee@gideoncooper.com> wrote:
>
> All:
>
> We intend to move to dismiss the following cases for non-compliance with Tenn. Code Ann. 29-26-122. Please let us know if you will agree to dismiss these cases with prejudice to obviate the need for filing the motions.
>
> 1. Adamson v. Ameridose, LLC, et al, No. 1:13-cv-12734;
>
> 2. Alexander v. Ameridose, LLC, et al, No. 1:13-cv-12428;
>
> 3. Altom v. Ameridose, LLC, et al, No. 1:13-cv-12619;
>
> 4. Barger v. Ameridose, LLC, et al, No. 1:13-cv-12619;
>
> 5. Barnard v. Ameridose, LLC, et al, No. 1:13-cv-12738;
>
> 6. Berry v. Ameridose, LLC, et al, No. 1:13-cv-12838;
>
> 7. Carman v. Ameridose, LLC, et al, No. 1:13-cv-12238;
>
> 8. Davis v. Ameridose, LLC, et al, No. 1:13-cv-12426;
>
> 9. Ellis v. Ameridose, LLC, et al, No. 1:13-cv-12619;
>
> 10. Gobble v. Ameridose, LLC, et al, No. 1:13-cv-12480;
>
> 11. Jones v. Ameridose, LLC, et al, No. 1:13-cv-12619;
>
> 12. Maddox v. Ameridose, LLC, et al, No. 1:13-cv-12619;
>
> 13. McWhorter v. Ameridose, LLC, et al, No. 1:13-cv-12619;
>
> 14. May v. Ameridose, LLC, et al, No. 1:13-cv-12619;
>
> 15. Minor v. Ameridose, LLC, et al, No. 1:13-cv-12836;
>
> 16. Morris v. Ameridose, LLC, et al, No. 1:13-cv-12619;
>
> 17. Peay v. Ameridose, LLC, et al, No. 1:13-cv-12843;
>
> 18. Pierce v. Ameridose, LLC, et al, No. 1:13-cv-12733;
>
> 19. Redkevitch v. Ameridose, LLC, et al, No. 1:13-cv-12666;
>
> 20. Schulz v. Ameridose, LLC, et al, No. 1:13-cv-12311;

21. Siler v. Ameridose, LLC, et al, No. 1:13-cv-12489;

22. Smiley v. Ameridose, LLC, et al, No. 1:13-cv-12619;

23. Swann v. Ameridose, LLC, et al, No. 1:13-cv-12619;

24. Taylor v. Ameridose, LLC, et al, No. 1:13-cv-12673;

25. Temple v. Ameridose, LLC, et al, No. 1:13-cv-12696; and

26. Waddey v. Ameridose, LLC, et al, No. 1:13-cv-12619.

We intend to move to dismiss the following cases for non-compliance with Tenn. Code Ann. 29-26-121 (failure to send presuit notice or failure to wait the required 60 days before filing suit).

1. Adamson v. Ameridose, LLC, et al, No. 1:13-cv-12734;

2. Altom v. Ameridose, LLC, et al, No. 1:13-cv-12619;

3. Barger v. Ameridose, LLC, et al, No. 1:13-cv-12619;

4. Carman v. Ameridose, LLC, et al, No. 1:13-cv-12238;

5. Denson v. Ameridose, LLC, et al, No. 1:13-cv-12729;

6. Ellis v. Ameridose, LLC, et al, No. 1:13-cv-12619;

7. Gobble v. Ameridose, LLC, et al, No. 1:13-cv-12480;

8. Jones v. Ameridose, LLC, et al, No. 1:13-cv-12619;

9. Maddox v. Ameridose, LLC, et al, No. 1:13-cv-12619;

10. McWhorter v. Ameridose, LLC, et al, No. 1:13-cv-12619;

11. Minor v. Ameridose, LLC, et al, No. 1:13-cv-12836;

12. Morris v. Ameridose, LLC, et al, No. 1:13-cv-12619;

13. O'Brien v. Ameridose, LLC, et al, No. 1:13-cv-10460;

14. Peay v. Ameridose, LLC, et al, No. 1:13-cv-12843;

15. Redkevitch v. Ameridose, LLC, et al, No. 1:13-cv-12666;

16. Schulz v. Ameridose, LLC, et al, No. 1:13-cv-12311;

17. Siler v. Ameridose, LLC, et al, No. 1:13-cv-12489;

18. Smiley v. Ameridose, LLC, et al, No. 1:13-cv-12619;

19. Swann v. Ameridose, LLC, et al, No. 1:13-cv-12619; and

20. Waddey v. Ameridose, LLC, et al, No. 1:13-cv-12619.

For the cases that overlap between these two lists, we ask that you agree to dismiss them *with prejudice*.

Please respond by the close of business Tuesday, May 10. If we do not hear from you, we will assume that you do not agree to the above requests.

Thanks,

Kaycee Weeter


Kaycee L. Weeter, Esq.
Gideon, Cooper & Essary, PLC
Suite 1100
315 Deaderick St.
Nashville, TN  37238
Phone:  615.254.0400
Fax:  615.254.0459

NOTICE:  The information in this message and any attachments are intended only for the personal and confidential use of the designated recipients. This message and any attachments may be an attorney-client communication or other legally privileged communication, and as such are privileged and confidential. If the reader of this message is not the intended recipient or an agent permitted to receive the message, you are hereby notified that you have received this message in error, and that any review or use of this message and any attachments is strictly prohibited. If you have received this message in error, please notify me immediately at any of the numbers or the e-mail shown above. Thank you.