UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL No.: Dkt. No 1:13-md-2419 (RWZ) |
| This Document Relates to: | ) ) | |
| All Cases Naming the STOPNC Defendants | ) ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF
STOPNC DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS
FOR NONCOMPLIANCE WITH TENN. CODE ANN. § 29-26-121**

---

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("STOPNC Defendants") move this Court, under Fed. R. Civ. P. 12(b)(6), to enter an Order dismissing all actions in which Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-121.[1]

---

[1] The specific cases in which Plaintiffs failed to comply with TENN. CODE ANN. § 29-26-121 are outlined below.

## LEGAL AUTHORITY

Tenn. Code Ann. § 29-26-121 directs that "[a]ny person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state."[2] The timing of Tenn. Code Ann. § 29-26-121 is mandatory,[3] and Tenn. Code Ann. § 29-26-121 "demands strict compliance."[4]

A motion to dismiss for failure to state a claim is the proper method for challenging whether a plaintiff has complied with the pre-suit notice requirement.[5] Dismissal without prejudice is the proper sanction for noncompliance with Tenn. Code Ann. § 29-26-121.[6] If a plaintiff fails to provide pre-suit notice *and* fails to submit the required certificate of good faith, dismissal with prejudice is appropriate.[7]

Where the Tennessee Health Care Liability Act applies to a complaint, the plaintiffs *must* comply with the pre-suit requirements.[8] Noncompliance with the Act's pre-suit requirements is fatal, and should result in dismissal of the complaint.[9]

---

[2] TENN. CODE ANN. § 29-26-121(a)(1)(emphasis added).
[3] *See DePue v. Schroeder*, No. E2010-00504-COA-R9-CV, 2011 WL 538865 (Tenn. Ct. App. Feb. 15, 2011)(dismissing Plaintiff's complaint when Plaintiff's counsel filed the complaint only 53 days after serving pre-suit notice.)
[4] *Arden v. Kozawa*, 466 S.W.3d 758, 762-63 (Tenn. 2015).
[5] *Ellithorpe v. Weismark*, 479 S.W.3d 818, 823 (Tenn. 2015).
[6] *Id.* at 829.
[7] *Id.*
[8] August 29, 2014 Memorandum Decision on the Tennessee Clinic Defendants' Global Motion to Dismiss, Doc. 1360 at 11.
[9] *Id.* at 23. *See also id.* at 24 (holding that case-specific inquiries into compliance with the Act's pre-suit requirements were to be resolved at a later point in this litigation).

## <u>PLAINTIFFS' NONCOMPLIANCE WITH TENN. CODE ANN. § 29-26-121</u>

The Tennessee Health Care Liability Act governs these claims.[10] The October 8, 2015, decision of the Supreme Court of Tennessee in *Ellithorpe v. Weismark*[11] establishes that a lawyer cannot limit application of the Tennessee Health Care Liability Act with clever, or even imprecise, drafting. The *Ellithorpe* decision makes clear that the Health Care Liability Act's pre-suit requirements apply to "*all* civil actions alleging that a covered health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services."[12]

Twenty (20) cases warrant dismissal for the Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-121. The twenty (20) Plaintiffs served pre-suit notice on the STOPNC Defendants, but failed to wait at least 60 days before filing the Complaints. Many Plaintiffs attempted to obscure noncompliance with Tenn. Code Ann. § 29-26-121 by attributing their failure to wait 60 days before filing the complaints as an effort to "preserve a products liability action."[13] Those excuses have no legal significance.

This Court has ruled that the Tennessee Health Care Liability Act, *not* the Products Liability Act, applies to these claims. All Complaints naming the STOPNC Defendants allege that Plaintiffs suffered injuries *related to* the provision of health care services at STOPNC. Consistent with *Ellithorpe*, and this Court's ruling that the Health Care Liability Act applies to these claims, <u>all</u> allegations in the Plaintiffs' Complaints are subject to the Act's pre-suit requirements. Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-121 mandates dismissal.

---

[10] February 29, 2016 Opinion and Order on Motions for Partial Summary Judgment, Doc. 2700.
[11] *Ellithorpe v. Weismark*, 479 S.W.3d 818 (Tenn. 2015).
[12] *Id.* at 827.
[13] *See, e.g., Redkevitch v. Ameridose, LLC et al* Complaint at ¶ 173, filed September 18, 2013 (attached as **Exhibit 1**).

For the reasons explained in the preceding paragraphs, the following cases must be dismissed based upon the failure to comply with Tenn. Code Ann. § 29-26-121:[14]

1. *Adamson v. Ameridose, LLC, et al*, No. 1:13-cv-12734;*

2. *Altom v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

3. *Barger v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

4. *Carman v. Ameridose, LLC, et al*, No. 1:13-cv-12238;*

5. *Denson v. Ameridose, LLC, et al*, No. 1:13-cv-12729;

6. *Ellis v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

7. *Gobble v. Ameridose, LLC, et al*, No. 1:13-cv-12480;*

8. *Jones v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

9. *Maddox v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

10. *McWhorter v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

11. *Minor v. Ameridose, LLC, et al*, No. 1:13-cv-12836;*

12. *Morris v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

13. *O'Brien v. Ameridose, LLC, et al*, No. 1:13-cv-10460;

14. *Peay v. Ameridose, LLC, et al*, No. 1:13-cv-12843;*

15. *Redkevitch v. Ameridose, LLC, et al*, No. 1:13-cv-12666;*

16. *Schulz v. Ameridose, LLC, et al*, No. 1:13-cv-12311;

17. *Siler v. Ameridose, LLC, et al*, No. 1:13-cv-12489;*

18. *Smiley v. Ameridose, LLC, et al*, No. 1:13-cv-12619;*

19. *Swann v. Ameridose, LLC, et al*, No. 1:13-cv-12619;* and

20. *Waddey v. Ameridose, LLC, et al*, No. 1:13-cv-12619.*

---

[14] Cases marked with an asterisk warrant dismissal *with prejudice* for their failure to comply with TENN. CODE ANN. § 29-26-121 *and* § 29-26-122.

In each case, Plaintiffs were required to wait at least 60 days after serving pre-suit notice before filing the Complaints. They failed to do so. Dismissal of these actions is appropriate.

## CONCLUSION

The STOPNC Defendants respectfully move this Court to enter an Order, under Fed. R. Civ. P. 12(b)(6), dismissing all actions in which Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-121, by failing to wait at least 60 days after serving pre-suit notice before filing the Complaints. Actions in which Plaintiffs failed to comply with the pre-suit notice requirement *and* the certificate of good faith requirement are subject to dismissal with prejudice.

## LOCAL RULE 7.1

Pursuant to LR 7.1, the STOPNC Defendants have made a good-faith effort to resolve this dispute, without success. On May 6, 2016, counsel for the STOPNC Defendants asked Plaintiffs' counsel to agree to dismiss all cases that failed to comply with Tenn. Code Ann. § 29-26-121 and Tenn. Code Ann. § 29-26-122. Plaintiffs' counsel refused to dismiss the cases.[15]

---

[15] *See* Correspondence (attached as **Exhibit 2**).

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**


/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the STOPNC Defendants***


* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice.*

6

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 13th day of May, 2016.

/s/ Chris J. Tardio