UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> This Document Relates to: ) <br> ) <br> All Cases Naming the STOPNC Defendants ) <br> ) | MDL No.: <br> Dkt. No 1:13-md-2419 (RWZ) |

**STOPNC DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS
FOR NONCOMPLIANCE WITH TENN. CODE ANN. § 29-26-122**

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("STOPNC Defendants") move this Court, under Fed. R. Civ. P. 12(b)(6), to enter an Order dismissing the following actions, with prejudice, based upon the Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-122:

1. *Adamson v. Ameridose, LLC, et al*, No. 1:13-cv-12734;
2. *Alexander v. Ameridose, LLC, et al*, No. 1:13-cv-12428;
3. *Altom v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
4. *Barger v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
5. *Barnard v. Ameridose, LLC, et al*, No. 1:13-cv-12738;
6. *Berry v. Ameridose, LLC, et al*, No. 1:13-cv-12838;
7. *Carman v. Ameridose, LLC, et al*, No. 1:13-cv-12238;
8. *Davis v. Ameridose, LLC, et al*, No. 1:13-cv-12426;
9. *Ellis v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

10. *Gobble v. Ameridose, LLC, et al*, No. 1:13-cv-12480;

11. *Jones v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

12. *Maddox v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

13. *McWhorter v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

14. *May v. Ameridose, LLC, et al,* No. 1:13-cv-12619;

15. *Minor v. Ameridose, LLC, et al*, No. 1:13-cv-12836;

16. *Morris v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

17. *Peay v. Ameridose, LLC, et al*, No. 1:13-cv-12843;

18. *Pierce v. Ameridose, LLC, et al*, No. 1:13-cv-12733;

19. *Redkevitch v. Ameridose, LLC, et al*, No. 1:13-cv-12666;

20. *Schulz v. Ameridose, LLC, et al*, No. 1:13-cv-12311;[1]

21. *Siler v. Ameridose, LLC, et al*, No. 1:13-cv-12489;

22. *Smiley v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

23. *Swann v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

24. *Taylor v. Ameridose, LLC, et al*, No. 1:13-cv-12673;

25. *Temple v. Ameridose, LLC, et al*, No. 1:13-cv-12696;[2] and

26. *Waddey v. Ameridose, LLC, et al*, No. 1:13-cv-12619.

Tenn. Code Ann. § 29-26-122 requires simultaneous filing of a certificate of good faith with the complaint in any health care liability action in which expert testimony is required.[3] The required certificate of good faith must be filed with the <u>original</u> complaint.[4]

---

[1] *Schulz* is also time-barred, and warrants dismissal on statute of limitation grounds.
[2] *Temple* is currently set as the second bellwether trial case.
[3] TENN. CODE ANN. § 29-26-122(a).
[4] TENN. CODE ANN. § 29-26-122 ("[i]n any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith <u>with the complaint</u>")(emphasis added).

Deficiencies in compliance with Tenn. Code Ann. § 29-26-122 cannot be cured by filing an amended complaint.[5] The failure of a plaintiff to file a certificate of good faith in compliance with Tenn. Code Ann. § 29-26-122 "shall, upon motion, make the action subject to dismissal with prejudice."[6] The Health Care Liability Act's pre-suit requirements apply to "*all* civil actions alleging that a covered health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services."[7] A motion to dismiss for failure to state a claim is the proper method for challenging whether a plaintiff has complied with the mandatory certificate of good faith requirement.[8]

The Tennessee Health Care Liability Act governs these claims.[9] Where the Tennessee Health Care Liability Act applies to a complaint, the plaintiffs *must* comply with the pre-suit requirements.[10] Noncompliance with the Act's pre-suit requirements is fatal, and should result in dismissal of the complaint.[11]

Plaintiffs in the above-referenced cases either 1) failed to *ever* file a required certificate of good faith, or 2) filed a required certificate of good faith with an amended complaint or short form complaint, *not* with the original complaint. Deficiencies in compliance with the Act's pre-suit requirements cannot be cured by amending a

---

[5] *Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 593 (Tenn. Ct. App. 2013); *See also* December 26, 2013 Order on Pending Motions to Dismiss, for Summary Judgment, and to Amend, Doc. 725 (noting that Short Form Complaints are considered amended complaints).
[6] TENN. CODE ANN. § 29-26-122(c).
[7] *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015).
[8] *Id.* at 823.
[9] February 29, 2016 Opinion and Order on Motions for Partial Summary Judgment, Doc. 2700.
[10] August 29, 2014 Memorandum Decision on the Tennessee Clinic Defendants' Global Motion to Dismiss, Doc. 1360 at 11.
[11] *Id.* at 23. *See also id.* at 24 (holding that case-specific inquiries into compliance with the Act's pre-suit requirements were to be resolved at a later point in this litigation).

complaint. Plaintiffs' failure to file a certificate of good faith with the original complaint is fatal to these actions. Dismissal with prejudice is appropriate.

In support of this Motion, the STOPNC Defendants contemporaneously file and rely upon a Memorandum of Law. Pursuant to LR 7.1, the STOPNC Defendants have made a good-faith effort to resolve this dispute, without success.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the STOPNC Defendants***

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 13th day of May, 2016.

                                                  /s/ Chris J. Tardio