UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br><br>)<br>This Document Relates to:<br><br>All Cases Naming the STOPNC Defendants | MDL No.:<br>Dkt. No 1:13-md-2419 (RWZ) |

**MEMORANDUM OF LAW IN SUPPORT OF
STOPNC DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS
FOR NONCOMPLIANCE WITH TENN. CODE ANN. § 29-26-122**

Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC"); Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD ("STOPNC Defendants") move this Court, under Fed. R. Civ. P. 12(b)(6), to enter an Order dismissing all actions, with prejudice, in which Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-122.[1]

---

[1] The specific cases in which Plaintiffs failed to comply with TENN. CODE ANN. § 29-26-122 are outlined below.

## LEGAL AUTHORITY

Tenn. Code Ann. § 29-26-122(a) directs that "[i]n any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint."[2] Failure of a plaintiff to file a certificate of good faith in compliance with Tenn. Code Ann. § 29-26-122 "<u>shall</u>, upon motion, make the action subject to dismissal with prejudice."[3] A motion to dismiss for failure to state a claim is the proper method for challenging whether a plaintiff has complied with the mandatory certificate of good faith requirement.[4]

The certificate of good faith must be filed with the <u>original</u> complaint.[5] Deficiencies in compliance with the pre-suit requirements of Tenn. Code Ann. § 29-26-121 and -122 cannot be cured by filing an amended complaint.[6] Short Form Complaints are considered amendments to the Plaintiffs' original complaints.[7]

Where the Tennessee Health Care Liability Act applies to a complaint, the plaintiffs *must* comply with the pre-suit requirements.[8] Noncompliance with the Act's pre-suit requirements is fatal, and should result in dismissal of the complaint.[9]

---

[2] TENN. CODE ANN. § 29-26-122(a).
[3] TENN. CODE ANN. § 29-26-122(c).
[4] *Ellithorpe v. Weismark*, 479 S.W.3d 818, 823 (Tenn. 2015).
[5] Tenn. Code Ann. § 29-26-122 ("[i]n any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith <u>with the complaint</u>")(emphasis added).
[6] *Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 593 (Tenn. Ct. App. 2013).
[7] December 26, 2013 Order on Pending Motions to Dismiss, for Summary Judgment, and to Amend, Doc. 725.
[8] August 29, 2014 Memorandum Decision on the Tennessee Clinic Defendants' Global Motion to Dismiss, Doc. 1360 at 11.
[9] *Id.* at 23. *See also id.* at 24 (holding that case-specific inquiries into compliance with the Act's pre-suit requirements were to be resolved at a later point in this litigation).

**PLAINTIFFS' NONCOMPLIANCE WITH TENN. CODE ANN. § 29-26-122**

The Tennessee Health Care Liability Act governs these claims.[10] The October 8, 2015, decision of the Supreme Court of Tennessee in *Ellithorpe v. Weismark*[11] establishes that a lawyer cannot limit application of the Tennessee Health Care Liability Act with clever, or even imprecise, drafting. The *Ellithorpe* decision makes clear that the Health Care Liability Act's pre-suit requirements apply to "*all* civil actions alleging that a covered health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services."[12]

All Complaints naming the STOPNC Defendants allege that Plaintiffs suffered injuries *related to* the provision of health care services at STOPNC. Consistent with *Ellithorpe*, and this Court's ruling that the Health Care Liability Act applies to these claims, all allegations in the Plaintiffs' original Complaints are subject to the Act's pre-suit requirements. Plaintiffs' failure to file a required certificate of good faith with their original Complaints is fatal to their cases.

In twenty-one (21) of the twenty-six (26) cases warranting dismissal, Plaintiffs attempted to obscure noncompliance with Tenn. Code Ann. § 29-26-122 by filing a certificate of good faith with an Amended Complaint, or with the Short Form Complaint.[13] Those attempts have no legal significance. Deficiencies in compliance with Tenn. Code Ann. § 29-26-122 cannot be cured by amending a complaint.[14] Because Short Form Complaints are considered amended complaints, deficiencies in compliance

---

[10] February 29, 2016 Opinion and Order on Motions for Partial Summary Judgment, Doc. 2700.
[11] *Ellithorpe v. Weismark*, 479 S.W.3d 818 (Tenn. 2015).
[12] *Id.* at 827.
[13] Plaintiffs never filed a required certificate of good faith for the additional four (4) cases. Those four (4) cases are marked with asterisks below.
[14] *Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 593 (Tenn. Ct. App. 2013).

3

with Tenn. Code Ann. § 29-26-122 <u>cannot</u> be cured through the submission of a short form complaint. Compliance with Tenn. Code Ann. § 29-26-122 must occur when the original complaint is filed.

For the reasons explained in the preceding paragraphs, the following cases must be dismissed, with prejudice, based upon the failure to comply with Tenn. Code Ann. § 29-26-122:

1. *Adamson v. Ameridose, LLC, et al*, No. 1:13-cv-12734;
2. *Alexander v. Ameridose, LLC, et al*, No. 1:13-cv-12428;*
3. *Altom v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
4. *Barger v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
5. *Barnard v. Ameridose, LLC, et al*, No. 1:13-cv-12738;
6. *Berry v. Ameridose, LLC, et al*, No. 1:13-cv-12838;
7. *Carman v. Ameridose, LLC, et al*, No. 1:13-cv-12238;
8. *Davis v. Ameridose, LLC, et al*, No. 1:13-cv-12426;
9. *Ellis v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
10. *Gobble v. Ameridose, LLC, et al*, No. 1:13-cv-12480;*
11. *Jones v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
12. *Maddox v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
13. *McWhorter v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
14. *May v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
15. *Minor v. Ameridose, LLC, et al*, No. 1:13-cv-12836;
16. *Morris v. Ameridose, LLC, et al*, No. 1:13-cv-12619;
17. *Peay v. Ameridose, LLC, et al*, No. 1:13-cv-12843;*

18. *Pierce v. Ameridose, LLC, et al*, No. 1:13-cv-12733;

19. *Redkevitch v. Ameridose, LLC, et al*, No. 1:13-cv-12666;

20. *Schulz v. Ameridose, LLC, et al*, No. 1:13-cv-12311;[15]

21. *Siler v. Ameridose, LLC, et al*, No. 1:13-cv-12489;*

22. *Smiley v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

23. *Swann v. Ameridose, LLC, et al*, No. 1:13-cv-12619;

24. *Taylor v. Ameridose, LLC, et al*, No. 1:13-cv-12673;

25. *Temple v. Ameridose, LLC, et al*, No. 1:13-cv-12696;[16] and

26. *Waddey v. Ameridose, LLC, et al*, No. 1:13-cv-12619.

In each case, the Plaintiffs were required to file a certificate of good faith with the original Complaint. They failed to do so. Dismissal of these actions with prejudice is appropriate.

## **CONCLUSION**

The STOPNC Defendants respectfully move this Court to enter an Order, under Fed. R. Civ. P. 12(b)(6), dismissing all actions in which Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-122, by either *never* filing the required certificate of good faith, or by failing to file the required certificate of good faith with the original complaint. Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-122 warrants dismissal of these actions with prejudice.

---

[15] *Schulz* is also time-barred, and warrants dismissal on statute of limitation grounds.
[16] *Temple* is currently set as the second bellwether trial case.

## **LOCAL RULE 7.1**

Pursuant to LR 7.1, the STOPNC Defendants have made a good-faith effort to resolve this dispute, without success. On May 6, 2016, counsel for the STOPNC Defendants asked Plaintiffs' counsel to agree to dismiss all cases that failed to comply with Tenn. Code Ann. § 29-26-121 and Tenn. Code Ann. § 29-26-122. Plaintiffs' counsel refused to dismiss the cases.[17]

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**


/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the STOPNC Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

---

[17] *See* Correspondence (attached as **Exhibit 1**).

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 13th day of May, 2016.

                                                                   /s/ Chris J. Tardio