UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| | ) ) | MDL No. 13-2419 Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| *Certain Cases Filed against the Saint Thomas Entities* | ) ) ) | |
| | ) | |

**SAINT THOMAS ENTITIES' MOTION FOR LEAVE TO FILE MOTION TO DISMISS FOR LACK OF SERVICE OR FOR FAILURE TO COMPLY WITH THE TENNESSEE HEALTH CARE LIABILITY ACT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND JOINDER IN SAINT THOMAS OUTPATIENT NEUROSURGICAL CENTER'S  MOTION TO DISMISS**

Pursuant to the Court's April 25, 2016 Amended Scheduling Order (Docket #2827) ("April 25 Order"), the Saint Thomas Entities[1] file this Motion for Leave to File a *Motion to Dismiss for Lack of Service or for Failure to Comply With the Tennessee Health Care Liability Act, or in the Alternative, Motion for Summary Judgment* as to certain individual MDL Plaintiffs bringing claims against them ("Tennessee Plaintiffs"). The April 25 Order requires a movant to file a motion for leave "setting forth good cause for why a summary judgment motion should be allowed."  April 25 Order at 4.  The Saint Thomas Entities have good cause for requesting that the Court grant them leave to file a motion, as set forth below.

1.      The Tennessee Plaintiffs' claims are among many in this MDL arising out of injections of steroids compounded by the New England Compounding Center ("NECC").  The Tennessee Plaintiffs include patients who received epidural injections of contaminated

---

[1] Saint Thomas West Hospital, formerly known as St. Thomas Hospital ("Hospital"), Saint Thomas Network ("Network"), and Saint Thomas Health ("Health") (collectively, the "Saint Thomas Entities").

methylprednisolone acetate ("MPA") at the Saint Thomas Outpatient Neurosurgical Center ("STOPNC") and their respective family members.  The Tennessee Plaintiffs claim that NECC compounded the MPA in unsanitary conditions, leading to contamination with microbial contaminants.[2]

2.      In a number of the Tennessee Plaintiffs' cases, there are procedural deficiencies and defects in service that the Court has previously considered on a global basis.  *See* Docket #1360 at 23. The Court held, at that time: "If I find that a plaintiff did in fact fail to comply (substantially or otherwise) with the [Tennessee Health Care Liability Act's ("THCLA")] requirements, I must then evaluate whether extraordinary cause exists to excuse the violation. This may, as plaintiffs suggest, require case-specific inquiry.   In any event, there are no allegations of noncompliance as to specific complaints currently before the court.  As agreed to by the parties, such case-specific issues have been held in abeyance to be resolved at some later point in this litigation." *Id.*

3.      The Saint Thomas Entities submit that these issues should be addressed now as to all Tennessee Plaintiffs identified in Exhibit A where the Saint Thomas Entities can show that there is no genuine issue of material fact that those Plaintiffs failed to meet certain procedural requirements, as detailed below.

4.      The Tennessee Supreme Court has indicated that "[t]he proper way for a defendant to challenge a complaint's compliance with [the notice and good faith certificate requirements of the Act] is to file a Tennessee Rule of Procedure 12.02 motion to dismiss." *Myers v. Amisub (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012).   Accordingly, the Saint Thomas Entities adopt and join in the motions to dismiss filed by the STOPNC Defendants to

---

[2] *E.g.,* Second Amended Master Complaint (Docket #1719) at ¶¶ 1-3.

dismiss for noncompliance with the THCLA.  *See* Docket ##2869, 2870, 2871, 2872, as to the Tennessee Plaintiffs who failed to meet the statute's requirements as to the STOPNC Defendants and/or the Saint Thomas Entities, identified on the attached <u>Exhibit A</u>.[3]  In an abundance of caution, the Saint Thomas Entities also seek leave to file a motion for summary judgment to address these fatal procedural defects.

5.     Two of the Tennessee Plaintiffs have never served the Saint Thomas Entities with process, and the time has long since passed for timely service.  These cases should be dismissed for lack of service of a complaint upon the Saint Thomas Entities.  Federal Rule of Civil Procedure 4(m) requires that these complaints be dismissed as to the Saint Thomas Entities who have never been made parties to those proceedings.  *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant ....");[4] *see also* D. MASS. LOC. R. 4.1(a) ("Any summons not returned with proof that it was served within one hundred twenty (120) days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m).").  This Court's Local Rule 4.1 makes clear that the Plaintiff has the burden to demonstrate good cause for any extension of that time period by filing a motion for enlargement and affidavit demonstrating good cause within 14 days after the presumptive service limit elapses.[5]  Plaintiffs in the cases listed in part I of <u>Exhibit A</u> have not

---

[3] Because all of the Tennessee Plaintiffs' claims against the Saint Thomas Entities are derivative of their claims against the STOPNC Defendants, dismissal of a plaintiffs' claim against the STOPNC Defendants for failure to comply with the THCLA should also operate as a dismissal of the same claim against the Saint Thomas Entities.

[4] Rule 4(m) was amended in 2015 to shorten the presumptive time-limit to 90 days.  *See* FED. R. CIV. P. 4(m) advisory committee's note.  Both deadlines have long since passed.

[5] *See* Mass. Loc. R. 4.1(b) ("Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the 120 day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit. If on the

filed either a motion or an affidavit, so the complaints should be dismissed as to the Saint Thomas Entities.[6]  *See, e.g.*, *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, (6th Cir. 2006); *Diaz-Rivera v. Supermercados Econo Inc.*, 18 F. Supp. 3d 130, 134, 88 Fed. R. Serv.3d 903 (D. Puerto Rico 2014) ("Mrs. Diaz should have known that, pursuant to Rules 4(m) and 6(b), it was her duty to ensure timely service of the summons on Admiral by requesting an extension. Having neglected to do so, Mrs. Diaz fails to establish good cause to excuse the Rule 4(m) violation." (citations omitted)).

6.      The remaining procedural defects arise under Tennessee law. All of the Tennessee Plaintiffs' pending claims against the Saint Thomas Entities are governed by the Tennessee Healthcare Liability Act, TENN. CODE ANN. § 29-26-101, *et. seq.* ("THCLA" or "Act").[7]  The Act contains pre-suit notice and good faith certification requirements that must be satisfied for a plaintiff to proceed with a health care liability action.  These notice and certificate requirements of the Act are "substantive law"[8] and thus apply in federal court.  A number of the Tennessee Plaintiffs have failed to comply with either or both of these requirements, and those failures are fatal to their claims.  As a result, these claims should be dismissed—as Tennessee law requires— or summarily adjudicated in favor of the Saint Thomas Entities.

---

14th day following the expiration of the 120 day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court.").

[6] Pursuant to Federal Rule of Evidence 201, the Court can take judicial notice of the dockets in these respective cases pending before it.

[7] *See* Docket #2700 at 5 (holding that the THCLA governs Plaintiffs' remaining claims).  The Court previously dismissed the Plaintiffs' veil-piercing, civil conspiracy, and battery claims for failure to state a claim, found that Plaintiffs' informed consent claims were subsumed within the THCLA, and dismissed the Tennessee Consumer Protection Act claims (except to the extent the claims sought recovery "of monies used to purchase MPA").  *See* Docket #1360 at 50, 63.

[8] *Conrad v. Washington Cnty.*, No. 2:11-CV-106, 2012 WL 554462, at *2 (E.D. Tenn. Feb. 21, 2012) (citations omitted).

7.      Eliminating these unmeritorious and unsupported claims on the basis of the undisputed record is required by the Federal Rules of Civil Procedure or Tennessee law and will help narrow the number of cases before the Court.  There is no reason not to rule now on these cases, even though most of them are not in the Bellwether pool,[9] as the issues are substantially similar in all of the cases. Moreover, resolving these cases could assist the parties in the event of future settlement negotiations, as the parties will have a better idea of the ultimate universe of viable claims.  Allowing the Saint Thomas Entities to brief the various procedural deficiencies in specific cases, in one motion, will be the most efficient way for the Court to address these issues before any trials occur.

WHEREFORE, the Saint Thomas Entities request that the Court grant this motion for leave to file a motion to dismiss or motion for summary judgment based on particular Tennessee Plaintiffs' failure to serve their complaints or to comply with the Tennessee Health Care Liability Act.

---

[9] As shown in Exhibit A, Reba Temple, a Bellwether Plaintiff, is the subject of this motion. The Saint Thomas Entities also seek dismissal of Denis Brock's claims against Saint Thomas Health and Saint Thomas Network.

Dated May 18, 2016

SAINT THOMAS WEST HOSPITAL, FORMERLY KNOWN AS ST. THOMAS HOSPITAL, SAINT THOMAS NETWORK, AND SAINT THOMAS HEALTH

By their attorneys,
*/s/ Sarah P. Kelly*
Sarah P. Kelly (BBO #664267)
skelly@nutter.com
NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 439-2000
(617) 310-9461 (FAX)

OF COUNSEL:

Yvonne K. Puig*
Texas State Bar No. 16385400
yvonne.puig@nortonrosefulbright.com
Adam T. Schramek*
Texas State Bar No. 24033045
adam.schramek@nortonrosefulbright.com
Eric J. Hoffman*
Texas State Bar No. 24074427
eric.hoffman@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd. Suite 1100
Austin, Texas 78701
(512) 536-2450
(512) 536-4598 (FAX)

Marcy Hogan Greer*
State Bar No. 08417650
mgreer@adjtlaw.com

ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
(512) 482-9300
(512) 482-9303 (FAX)

*Appearing *Pro Hac Vice*


### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I certify that counsel for the Saint Thomas Entities reached out to counsel for the Plaintiffs' Steering Committee regarding the relief requested, and they oppose this motion.


/s/ Sarah P. Kelly
SARAH P. KELLY

**CERTIFICATE OF SERVICE**

This certifies that a true and accurate copy of the foregoing was served on all parties of

record by virtue of the Court's electronic filing system this 18th day of May, 2016.

*/s/ Sarah P. Kelly*
SARAH P. KELLY