UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) All cases concerning Specialty Surgery Center, ) Kenneth R. Lister, M.D., and Kenneth Lister, ) M.D., P.C. ) ) | MDL No.: 2419<br>Dkt. No.: 1:13-md-2419<br><br>Judge Rya W. Zobel |

## SSC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE PLAINTIFFS' CLAIMS FOR STRICT PRODUCT LIABILITY

Defendants, Specialty Surgery Center, PLLC ("SSC"), Kenneth R. Lister, M.D. ("Dr. Lister"), and Kenneth Lister, M.D., P.C. ("Dr. Lister's Practice") (collectively "SSC Defendants"), by and through counsel, move for summary judgment on the Plaintiffs' claims against them for strict product liability in this multi-district litigation[1].

## INTRODUCTION

Vials of fungal contaminated methylprednisolone acetate ("MPA") manufactured by the New England Compounding Company, Inc. d/b/a the New England Compounding Center ("NECC") caused this multi-state outbreak of fungal meningitis. NECC sold contaminated methylprednisolone to SSC, an ambulatory surgery center in Crossville, Tennessee, owned in part by Dr. Lister. Dr. Lister, without knowledge or reason to know of the contamination, and believing that the preservative-free MPA was

---

[1] The SSC Defendants have not first sought leave of the Court to move for summary judgment pursuant to this Court's April 25th, 2016 Order [Docket No. 2827] because by this Court's order on May 4, 2016, the April 25th Order "does not apply to Special Surgery Center cases." [Docket No. 2849].

1

the best medication for his patients, and those of SSC, administered the MPA as part of epidural steroid injections.

The Plaintiffs allege that the SSC Defendants administered contaminated MPA to SSC patients and asserted liability under the Tennessee Healthcare Liability Act ("THCLA") as well as under the Tennessee Products Liability Act ("TPLA"). The Plaintiffs in this MDL also asserted liability against the Tennessee Defendants[2] under the THCLA and the TPLA. However, on February 29, 2016, after considering arguments by both the Plaintiffs' Steering Committee ("PSC") and the Tennessee Defendants, this Court held the THCLA, being the more specific statute, took precedence over the TPLA and, therefore, rendered the TPLA inapplicable in the cases against the Tennessee Defendants. [Docket No. 2700].

Not long after, the PSC filed a Motion for Reconsideration asking the Court to reconsider its February 29th Opinion and Order. [Docket No. 2749]. On April 25, 2016, this Court denied that Motion for Reconsideration. [Docket No. 2826]. Therefore, this Court's February 29th Opinion and Order is unquestionably the law of the case on the precise issue now before the Court: whether the THCLA renders the TPLA inapplicable to the SSC Defendants. Santmander Consumer USA Inc. v. Walsh, 762 F.Supp.2d 217, 235 (D. Mass. 2010); In re New England Compounding Pharmacy, Inc., Products Liability Litigation, No. 13-02419-RWZ (May 15, 2014). Application of the February 29th Opinion and Order would necessitate a finding that the THCLA renders the TPLA inapplicable to the SSC Defendants.

---

[2] The "Tennessee Defendants" refers to Clinic-Related Defendants located in Tennessee: Saint Thomas Outpatient Neurological Center, LLC ("STOPNC"); Howell Allen Clinic, P.C.; John Culclasure, MD; Debra Schamberg, RN, CNOR; and Vaughan Allen, MD.

The SSC Defendants are now seeking this Court to apply the February 29th Opinion and Order to the SSC cases as the issues presented to the Court which led to such decision are identical to the issues presented in the SSC cases.  In support of their motion, the SSC Defendants are contemporaneously filing a Memorandum of Law and a Statement of Undisputed Material Facts.   The undisputed facts upon which the SSC Defendants rely to support this Motion are essentially identical to those this Court relied upon to grant summary judgment in favor of the Tennessee Defendants on identical issues.  Moreover, the Plaintiffs' complaints against the SSC Defendants are identical to the complaints against the Tennessee Defendants[3].

## STANDARD OF REVIEW

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party is entitled to summary judgment if it demonstrates that there is no genuine dispute as to a material fact and that it is entitled to judgment as a matter of law.  Id.

"A genuine issue of material fact does not spring into being simply because a litigant claims that one exists." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). After the moving party properly presents evidence negating an essential element of the non-movant's claim, the non-movant cannot simply rely on conclusory responses unsupported by the evidence.  Id. at 115 (citing Ayer v. United States, 902 F.2d 1038, 1044-45 (1st Cir. 1990)).  In fact, the non-movant may only defeat the motion if he sets forth specific facts that present a genuine issue for trial.  See Fed. R. Civ. P. 56.  In

---

[3] The Plaintiffs adopted the Master Complaint against both the SSC Defendants and the Tennessee Defendants; thus, the allegations against each are the same.

3

other words, the non-movant must "demonstrate that a trial worthy issue exists."  See Docket No. 2700 (citing Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003)).

## SUMMARY OF THE ARGUMENT

The SSC Defendants are entitled to judgment as a matter of law under this Court's February 29th Opinion and Order because the undisputed facts readily demonstrate the Plaintiffs' claims are governed by the THCLA.  In addition, the issues presented to the Court which led to the February 29th Opinion and Order are identical to the issues presented in the SSC cases. In particular, just as with cases involving the Tennessee Defendants, the complaints and undisputed facts establish that the Plaintiffs allege injuries "related to the provision of … health care services," which are governed by the THCLA, regardless of the theory of liability asserted.  Moreover, as this Court noted in its February 29th Opinion and Order:

> [A]ny argument that the THCLA does not apply would be unavailing.  As discussed above, the THCLA applies to "any civil action… related to… the provision of health care services."  Tenn. Code Ann. § 29-26-101(a)(1) (West 2015).  Plaintiffs' allegations concern the injection of contaminated MPA as a part of pain-treatment services performed by medical professionals, and therefore plainly relate to the provision of health care services.

[Docket No. 2700, n.3].

As this Court is aware, the THCLA does not allow a finding of "faultless liability, and requires that plaintiffs prove some dereliction of a professionally acceptable standard of care." [Docket No. 2700 (citing Tenn. Code Ann. § 29-26-115(a); Rye v. Women's Care Ctr. of Memphis, MPLLC, 477 S.W.3d 235 (Tenn. 2015))].  As such, under the THCLA, liability for an injury "related to the provision of … health care

4

services" cannot arise under strict liability in tort. The TPLA, on the other hand, embraces strict liability. Tenn. Code Ann. § 29-28-105(a).

Obviously, and as this Court is aware, this presents a conflict between the liability and damages provisions of the THCLA and the TPLA, which "preclude[s] the application of both, and force[s] a choice between them." [Docket No. 2700]. As this Court found, however, "[w]hen faced with such conflicts, Tennessee courts apply the more specific statute in lieu of the more general one." [Docket No. 2700 (citing Graham v. Caples, 325 S.W.3d 578, 582 (Tenn. 2010))]. Applying that to the cases involving the Tennessee Defendants, this Court held

> The parties agree that between the TLPA and the THCLA, the THCLA is the more specific statute, and the plaintiffs do not dispute that the THCLA applies in these cases. The THCLA therefore takes precedence, rendering the TLPA inapplicable in these cases. Because the TLPA cannot apply here, I need not and do not address the question of whether it applies to St. Thomas."

[Docket No. 2700][4]. As the THCLA also clearly applies in the SSC cases, this Court should likewise rule the THCLA renders the TPLA inapplicable in the SSC cases, and render summary judgment on same in favor of the SSC Defendants.[5]

## **CONCLUSION AND RELIEF REQUESTED**

This Court's February 29th Opinion and Order [Docket No. 2700] and the application of Tennessee law to the undisputed facts of the SSC cases lead directly to judgment as a matter of law in favor of the SSC Defendants. The SSC Defendants,

---

[4] This holding was reaffirmed in this Court's April 25, 2016 Order wherein it denied the PSC's Motion for Reconsideration. [See Docket No. 2826].

[5] In the February 29th Opinion and Order, this Court did not find it necessary to address the question of whether the TPLA applied to STOPNC "[b]ecause the TLPA cannot apply here." [Docket No. 2700]. Therefore, this motion does not address whether the TPLA applies to the SSC Defendants.

5

therefore, request an order granting them summary judgment on the claims against them for product liability under the TPLA.

                                    Respectfully submitted,
                                    /s/ Parks T. Chastain
                                  **PARKS T. CHASTAIN**[*]
**KENT E. KRAUSE**[*]
**ASHLEY E. GENO**[*]
Attorneys for Defendants, Specialty Surgery Center, PLLC and Kenneth R. Lister, M.D.
**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN   37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

GIDEON, COOPER & ESSARY, PLC
/s/ Chris J. Tardio
C.J. Gideon, Jr.[**]
Chris J. Tardio[**]
Alan S. Bean[***]
Matthew H. Cline[**]
315 Deaderick Street, Suite 1100
Nashville, TN   37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com
***Attorneys for the Tennessee Clinic Defendants***

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be served via electronic mail or regular US mail to those participants identified as unregistered this the 19th  day of May, 2016.

                                    /s/ Parks T. Chastain
                                    **PARKS T. CHASTAIN**

---

[*] Admitted *pro hac vice*
[**] Admitted pursuant to MDL Order No. 1
[***] Admitted *pro hac vice*

ST Specialty Sx Ctr Johnson Mot SJ SPL 160511