UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Wray v. STOPNC, et al.* 1:13-cv-12737<br>*McElwee v. Ameridose, et al.* 1:13-cv-12625<br>*Temple v. Ameridose, et al.* 1:13-cv-12696 | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

### Notice of Deposition for John W. Baddley, M.D.

Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John W. Culclasure, MD; Debra V. Schamberg, RN, CNOR; and Vaughan Allen, MD (collectively "the STOPNC Defendants") hereby give notice to this honorable Court and all parties:

1. Pursuant to Federal Rule of Civil Procedure 30, the deposition of John W. Baddley, M.D., will take place on Thursday, June 2, 2016, at 10:00 am CST, at:

Starnes, Davis, and Florie, LLP
100 Brookwood Place, 7th Floor
Birmingham, AL  35209.

2. The deposition will be taken by stenographic means.

3. A request for records is attached as an exhibit to this notice.

1

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

*/s/ C.J. Gideon, Jr.*
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

***Attorneys for the Tennessee Clinic Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 20th day of May, 2016.

                                               */s/ C.J. Gideon, Jr.*
                                               **C.J. Gideon, Jr.**

**EXHIBIT**

The word "documents" or "materials" shall be defined to include any kind of written, typewritten, printed, or recorded material whatsoever, including anything maintained electronically. If no timeframe is specified below, the timeframe is the last ten years.

1. The expert's entire file of materials kept in conjunction with the expert's work on this case, with any privileged materials removed.

2. An updated *CV*, if it is different than that provided with the report.

3. Communications between attorneys for the Plaintiff and the expert that relate to compensation for the expert's study or testimony, identify facts or data that the Plaintiff's attorneys provided and the expert considered in forming the opinions to be expressed, or identify assumptions that the Plaintiff's attorney provided and that the expert relied on in forming the opinions to be expressed.

4. Copies of any literature relied on by the expert in forming the opinions in the report.

5. Any exhibits the expert intends to use to support, explain, or summarize his opinions.

6. A list of all publications authored by the expert in the last ten years that relate to the issues in this case or the opinions in the report.

7. A copy of any report authored by the witness in the last ten years in any other case on any subject that the witness intends to testify on in this case.

8. A list of all materials (with enough specificity to identify the document) provided to the witness. However, if the witness has made notes on or otherwise marked on the documents provided, production of the original materials is requested.

9. Any notes taken by the witness in the course of developing his opinions in this case, including any notes taken on documents provided to the witness.

10. A copy of any invoices sent for the expert's services in this case.

11. A copy of the expert's fee schedule for services rendered as an expert witness.

12. A copy of any advertising the expert has done for expert witness services.