**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No.: 2419 Dkt No. 1:13-md-2419 (RWZ) |
| ─────────────────────────────── | ) ) | |
| THIS DOCUMENT RELATES TO: | ) ) | |
| SUITES Naming Specialty Surgery Center, PLLC | ) ) ) | |
| ─────────────────────────────── | ) | |

## AFFIDAVIT OF KENT E. KRAUSE

Kent E. Krause after being duly sworn states as follows:

1.     I am over 18-years of age, have personal knowledge of the facts contained herein, and am competent to testify.  I have been counsel representing SSC since September  2014,

2.     Since January 29, 2016, when the Plaintiff's Steering Committee issued a subpoena to Cumberland Medical Center, I have been in communication with counsel for Cumberland Medical Center, regarding some computers that were sold by SSC to Cumberland Medical Center as part of an Asset Purchase Agreement.  From my conversations with counsel for Cumberland Medical Center, I determined one or more of the computers have been in use by Cumberland Medical Center staff members, whereas others have been in storage.

3.     In my initial communications with counsel for Cumberland Medical Center, I was advised that while the computers were still in existence, they had not accessed any electronically information contained on them, and did not intend to do so.  Instead,

in order to respond to the subpoena from the PSC, Cumberland Medical Center proposed using a third-party vendor to access the data contained in the computers and hard drives. I was advised they had no knowledge of whether or not the computers and/or hard drives from those computers contained any information over which SSC would assert a privilege.

4.      Cumberland Medical Center served objections to the subpoena on March 7, 2016. After these objections were served, I was advised by counsel for Cumberland Medical Center that they had accessed the information on the computers (it was not made clear to me whether that was done by Cumberland Medical Center or a third-party) in order to prepare objections to the subpoena. However, counsel for Cumberland Medical Center declined to provide me any information as to whether the computers contained any information over which SSC would assert a privilege.

5.      Finally, on May 9, 2016, I was contacted by counsel for Cumberland Medical Center, who advised that in fact the computers and/or hard drives contained communications between SSC and counsel for SSC. My understanding is that counsel for Cumberland Medical Center has not undertaken a close enough review of the communications to have knowledge of their content.

6.      After the subpoena was served on Cumberland Medical Center, I had conversations with counsel for the PSC relative to the procedure to be followed regarding the information contained on the Cumberland Medical Center computers. On March 2, 2016, I received an email from PSC counsel, memorializing our discussions in that regard. In the email, the PSC agreed to not only allow Cumberland Medical Center

access to the information for a privilege review prior to production to the PSC, but also agreed to afford SSC an opportunity in that regard as well.

**FURTHER AFFIANT SAYETH NOT.**

_____
KENT E. KRAUSE

STATE OF TENNESSEE)
COUNTY OF DAVIDSON)

Sworn to and subscribed by me this 23rd day of May, 2016.

_____
NOTARY PUBLIC

My Commission Expires: 7-8-19

LEAH D. ELTING
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

3