# Kent Krause

| | |
|---|---|
| **From:** | Anthony Orlandi <aorlandi@bsjfirm.com> |
| **Sent:** | Wednesday, March 02, 2016 5:28 PM |
| **To:** | 'Paul E. Wehmeier' |
| **Cc:** | 'kkrause@bkblaw.com'; Ben Gastel |
| **Subject:** | Cumberland, SSC, Covenant/Crossville Records |

Paul:

I just spoke with Kent about the records that Cumberland will be producing in response to the PSC's subpoena, and the two servers (one in operation, one not) in Covenant's possession that conceivably could contain emails by a few former members of the SSC Executive Committee. After discussing it with Kent, I think it makes sense to copy him on our communications going forward to make sure that we are on the same page.

First, everyone seems to be on the same page that LogicForce would be an acceptable vendor if we decide to utilize them, and Kent did not have any immediate objection to Sword & Shield (with which neither he nor my firm has any prior experience, to my knowledge).

Second, now that I have a slightly better understanding of the situation relative to Covenant, I had a few follow-up questions for you: (1) When did Covenant switch from the old server to the new one?  (2) Would the new server likely contain archived emails that correspond to those on the old server? (Essentially, I am just trying to figure out if it would likely be duplicative to cull information from both servers simultaneously); and (3) Would Covenant be willing to (a) image the email accounts on the new server itself at its own expense and provide those images to the vendor, and (b) permit the vendor to retrieve the old server physically and conduct an "in-lab" imaging of them, which would save costs?

Third, with respect to Cumberland's response to the subpoena, Kent raised the issue that SSC should also be able to take a pass at reviewing records before they are produced (or made available) to the PSC. We can work that into the protocols that we will be developing, which would involve the vendor posting/storing the information in a database (at some point running search terms to cull the dataset), permitting you all to get access to those materials first for purposes of attorney review (for HIPAA, privilege, etc), and then giving the PSC access once the attorney review is complete. I am not sure whether SSC would similarly need to enter into a Business Associates' Agreement with the vendor relative to Cumberland's production, but I will leave it to Kent to weigh in on that.

Fourth, the PSC and SSC were already prepared to discuss what search terms to run, and it may make sense to use uniform search terms across all of the servers and email accounts currently at issue.  I will do my best to have proposed search terms ready this week. My assumption is that the search terms will matter more to SSC that they will to your clients, but I will run them by you anyway as a courtesy. Also, I will try to get you and LogicForce on the phone together tomorrow with me to discuss LogicForce's technical questions regarding the seven computers in Cumberland's possession.

I also recognize that the parties have not come to an agreement as to who should pay for the searches of the two servers in Covenant's possession and the computers in Cumberland's possession. I think we can address/debate cost-shifting or cost-splitting once we have ironed out protocols, search terms, and projected costs. I also understand your position that Covenant/Crossville is essentially attempting to "accommodate" a request from SSC relative to the two servers in Covenant's possession, while Cumberland is formally attempting to respond to the PSC's subpoena.

Finally, my understanding is that you are working on a Business Associates' Agreement (as between Cumberland and the third-party vendor) and a proposed qualified protective order for HIPAA purposes. I imagine that you will also want to work out a similar arrangement with respect to Covenant, but I will leave that to you.

If I am misstating anything here, please let me know. Thank you for your continued cooperation and I look forward to speaking with you tomorrow.

Best,
Tony

Anthony (Tony) A. Orlandi
BSJ Branstetter Stranch & Jennings PLLC

The Freedom Center || 223 Rosa L. Parks Ave., Suite 200 || Nashville, TN 37203 || (615) 254-8801

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.