**Anthony Orlandi**

| | |
|---|---|
| **From:** | Matt H. Cline <matt@gideoncooper.com> |
| **Sent:** | Friday, March 11, 2016 1:20 PM |
| **To:** | Anthony Orlandi |
| **Cc:** | Gerard Stranch; Ben Gastel; Chris J. Tardio; 'Kent Krause' |
| **Subject:** | RE: Depositions of Lister/Atkinson |

Tony:

Please clarify a couple points from your email below.

With respect to the third item below, I assume you are referring to the SSC staff member email accounts we collected from SSC in April 2013 (along with Dr. Lister's account). We don't have their computers (*see* my original letter to Gerard in November 2014 regarding ESI, which I sent you again last week).

With respect to the fourth item below, please confirm you are referring to the indices from the two server hard drives. I'm not sure why you referred to it as "post-December 31, 2012 ESI." The data isn't limited to that timeframe.

Thanks.

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Anthony Orlandi [mailto:aorlandi@bsjfirm.com]
**Sent:** Wednesday, March 09, 2016 12:05 PM
**To:** 'Kent Krause'
**Cc:** Matt H. Cline; Gerard Stranch; Ben Gastel
**Subject:** RE: Depositions of Lister/Atkinson

Kent:

My understanding is that there are essentially five repositories of information at issue.

First, with respect to the personal emails of SSC's Executive Committee members, we request that SSC run our search terms through those email accounts without limitation.

Second, with respect to email accounts that SSC's Executive Committee members may have maintained through Covenant, we will conditionally defer asking SSC (or Covenant) to run searches through those emails, reserving the right to request searches of those drives. We may reevaluate our position on that as we get more information, such as what we see in the documents returned from the searches of the Executive Committee personal email accounts (among other forthcoming supplemental productions).

Third, with respect to the Bowlin, Atkinson, and Lister computers, we request that SSC run the search terms through the records on those repositories without limitation. Specifically, we request that the search terms not simply be run

1

against the documents returned by the PSC's original search terms, but rather that the search terms be run through all of the documents in those repositories.

Fourth, with respect to the post-December 31, 2012 ESI, we are still reviewing the indices that Matt provided to us and will update you concerning that review soon.

Fifth, with respect to the computers maintained by Cumberland that were transferred from SSC in connection with sale, Cumberland the PSC are still negotiating forensic diagnostic testing and review protocols, along with a qualified protective order and business associates' agreement, but it appears likely that Logic Force will be the vendor.  The PSC and Cumberland have no agreement with respect to the costs of the project.  Based on our discussion, I understand that SSC wants to review responsive documents before they are produced by Cumberland.  After some consideration, I would be interested to know what authority SSC has to maintain control of or maintain a right to review those records (for any purpose) after the computers were sold to a third party.  Therefore, at this point, the PSC therefore does not agree that SSC has a right to be involved in Cumberland's review process for any purpose.  If you have information or legal authority to provide on this point, please let us know.

If I am missing any major items here, please let me know.

Thanks,
Tony

**Anthony (Tony) A. Orlandi**



The Freedom Center || 223 Rosa L. Parks Ave., Suite 200 || Nashville, TN  37203 || (615) 254-8801

---

**From:** Kent Krause [mailto:KKrause@bkblaw.com]
**Sent:** Tuesday, March 08, 2016 12:38 PM
**To:** Anthony Orlandi
**Cc:** Matt H. Cline; Kent Krause; Gerard Stranch; Ben Gastel
**Subject:** Re: Depositions of Lister/Atkinson

Thank you.  We will review.  Where are we on the selection of a vendor for the Covenant servers and the desktops/hard drives?

Kent

Kent

Sent from my iPad

On Mar 8, 2016, at 10:25 AM, Anthony Orlandi <aorlandi@bsjfirm.com> wrote:

> Kent and Matt:
>
> Attached are the PSC's search terms, which you have requested.  I will also email you shortly regarding the other outstanding items that Kent referenced in his February 22, 2016 email, including the repositories/custodians through which these terms should be run.
>
> Regards,

2

Tony

**Anthony (Tony) A. Orlandi**
<image001.png>
The Freedom Center || 223 Rosa L. Parks Ave., Suite 200 || Nashville, TN  37203 || (615) 254-8801

---

**From:** Anthony Orlandi
**Sent:** Thursday, March 03, 2016 10:13 AM
**To:** Matt H. Cline; 'kkrause@bkblaw.com'
**Cc:** Gerard Stranch; Ben Gastel
**Subject:** Depositions of Lister/Atkinson

Kent and Matt:

You both asked whether the PSC would seek to depose Dr. Lister and Ms. Atkinson before the supplemental production of records is complete.  I can confirm that the PSC intends to depose them <u>after</u> the production of records is complete.  I will continue to work with you both (and with Paul, to the extent one of his clients needs to weigh in) on production-related issues.

Thank you,
Tony

**Anthony (Tony) A. Orlandi**
<image001.png>
The Freedom Center || 223 Rosa L. Parks Ave., Suite 200 || Nashville, TN  37203 || (615) 254-8801

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

<SSC Search Terms (00382509).DOCX>