UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>CRAIG S. SIMAS, JOAN SIMAS,<br><br>      Plaintiff(s),<br><br>v.<br><br>OCEAN STATE PAIN MANAGEMENT P.C., ABDUL BARAKAT, M.D.<br><br>      Defendants<br><br>CIVIL ACTION NO. 1:13-cv-10943-RWZ | |

**RESPONSE TO ORDER TO SHOW CAUSE OF CRAIG S. SIMAS AND JOAN SIMAS**

Pursuant to the Order to Show Cause Concerning Remand and Transfer, [Docket #2928], Plaintiffs Craig and Joan Simas hereby file their objection to remand of the instant case to the Massachusetts Superior Court and submit this memorandum to demonstrate cause as to why the case should not be so remanded.

Plaintiffs, Joan and Craig Simas, originally filed claims against New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC") and Ocean State Pain Management, P.C. ("Ocean State") in Middlesex Superior Court (Massachusetts) on or about November 23, 2012. On April 16, 2013, the complaint was removed to the District Court of Massachusetts and eventually became part of the Multi District Litigation currently before this Court. On or about September 15, 2015, the Plaintiffs filed an amended complaint adding Dr. Abdul Barakat, a Massachusetts licensed physician, as a defendant. Thereafter,

defendants Ocean State and Dr. Barakat, filed a motion to dismiss plaintiffs' product liability and unfair trade practices claims. That motion has been fully briefed by the parties [Docket 2390 (Defendants' Motion to Dismiss); Docket 2591,2592 (Plaintiffs' Opposition); Docket 2723 (Defendants' Reply); Docket 2765 (Plaintiffs' Sur-Reply)].[1]

For reasons of efficiency and consistency, this case should remain in the District of Massachusetts for trial.[2] First, the parties have fully briefed the above-referenced Motion to Dismiss, the issues of which are familiar to this Court since they relate to issues presented by several motions already before this Court. Second, unlike many of the NECC-related cases in this multi-district litigation, the instant case was originally filed in Massachusetts Superior Court, and so this case is properly litigated in a court in Massachusetts. With respect to discovery, on or about November 13, 2014, plaintiffs completed and served on defense counsel the Plaintiff Profile Form and authorizations required by Judge Boal's "MDL Order #9 Order Regarding Common Issue Discovery" [Docket 1425]. The plaintiffs served written discovery on defendant Ocean State on or about April 17, 2015. Ocean State has not responded to that discovery citing to MDL Order #9 staying "case specific discovery."

The plaintiffs now request that the stay in place regarding case specific discovery should be lifted as between the parties for this case since such discovery is of the normal variety between two litigants and will not involve the PSC or any of the other defendants. Accordingly, the following discovery schedule is proposed:

1. **Fact Discovery-Interim Deadlines.**

    a. All requests for production of documents and interrogatories must be served by **July 29, 2016.**

---

[1] Plaintiffs submit that oral argument on the pending motion should be waived.
[2] Plaintiff's counsel contacted Ocean State's counsel who does not agree that the case should remain in the District Court.

   b. All requests for admission must be served by **August 26, 2016.**

   c. All depositions, other than expert depositions, must be completed by **December 31, 2016.**

2. **Fact Discovery-Final Deadline.** All discovery, other than expert discovery, must be completed by **December 31, 2016.**

3. **Expert Discovery.**

   a. Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by **February 15, 2017.**

   b. Plaintiff's trial experts must be deposed by **April 18, 2017.**

   c. Defendant's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **March 15, 2017.**

   d. Defendant's trial experts must be deposed by **May 15, 2017.**

For all of these reasons, the Plaintiffs, Craig and Joan Simas object to the remand of this case to the Massachusetts Superior Court.

>     **Respectfully Submitted,**
>     **CRAIG S. SIMAS and JOAN SIMAS**
>     **By Their Attorneys,**
>
>     /s/ Timothy P. Wickstrom_____
>     Timothy P. Wickstrom BBO 541953
>     Deborah Gresco-Blackburn BBO 554782
>     Wickstrom Morse, LLP
>     60 Church Street
>     Whitinsville, MA  01588
>     Email:  Timothy@wickstrommorse.com
>     Email:  Deb@wickstrommorse.com
>     Tel. (508) 234-4551
>     Fax. (508) 234-8811

## Certificate of Service

This is to certify that on the 20 day of June, 2016 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>     /s/ Timothy P. Wickstrom
>     _____
>     Timothy P. Wickstrom