| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | * UNITED STATES DISTRICT COURT<br>* DISTRICT OF MASSACHUSETTS<br>*<br>* MDL No. 02419 |
| This document relates to:<br>against the Box Hill Defendants[1] | * Docket No. 1:13-md-2419-RWZAll Cases<br>* |

BOX HILL DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE FOR REMAND

Pursuant to the Order to Show Cause Concerning Remand and Transfer, [Dkt. 2928], the Box Hill Defendants[2] hereby submit this memorandum demonstrating why transfer of the eight (8) Box Hill MDL cases back to Maryland is appropriate and justified. The PSC apparently does not disagree.[3] At one point, even the Box Hill Plaintiffs' local counsel had expressed interest in remand, [Dkt. 2914 at 1], but a joint agreement could not be reached following meet and confer.[4]

The MDL Court made it clear that it "sees no efficiencies to be gained" by litigating in the MDL against health care providers involved in only a "small number of cases." [Dkt. 2928 at 9]. The Court referenced the four cases against Cincinnati Pain Management as an example,[5] which is more aligned with Box Hill's situation of only 8 cases in the MDL than the other "above the line"[6] defendants, who the PSC has recommended should stay in the MDL—Specialty Surgery Center (24 MDL cases; none in state court), and the STOPNC and St. Thomas Entity Defendants (108 MDL cases; none in state court). It is believed that even the Premier Plaintiffs and Defendants with considerably more MDL cases (~30-50) have agreed that remand to New Jersey state court is more efficient. As such, the Box Hill cases should also be remanded.

---

[1] This pleading applies to the cases listed in Exhibit 1, attached hereto.

[2] Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC.

[3] Counsel for the Box Hill Defendants contacted the PSC's Maryland Liaison and were told he believed the PSC's default position was for remand as described in the PSC's proposed show cause order. *See* Exhibit 2. Undersigned counsel also contacted PSC's lead counsel, but have not received a response as of this filing date. *See* Exhibit 3.

[4] Plaintiffs' current position is unclear as undersigned has seen no written response to the Order as of this date.

[5] *See* Dkt. 2928 at 7, 9 (also referencing Advanced Pain & Anesthesia with only four (4) cases).

[6] "Above the line" was coined by the PSC to describe health care providers with more than an arbitrarily chosen 4 cases against it. The line was initially proposed to be 8 cases or less, but the PSC changed it to fewer than 5.

Unlike these other "above the line" defendants who have significantly more cases in the MDL and no cases pending in their local state courts, the cases of 26 patient plaintiffs exist against Box Hill in state court (Circuit Court for Harford County, Maryland) compared to only 8 cases against Box Hill in the MDL. In fact, there are currently at least 82 total patient plaintiffs (excluding consortium plaintiffs which makes the number of plaintiffs closer to 150) who have lawsuits pending in Maryland state courts against at least 20 different Maryland health care provider ("HCP") defendants.

All of those cases involve only Maryland patients/plaintiffs, Maryland HCP defendants, allegedly negligent care and injury occurring in Maryland, subsequent treatment, treating providers and medical records in Maryland, and substantive Maryland law that applies, including the Maryland Health Care Malpractice Claims Act and the Uniform Contribution Among Joint Tortfeasors Act ("UCATA").[7] Respectfully, these Maryland law issues are more appropriately interpreted by a Maryland judge to apply to all of the Maryland cases at once as a whole.

In addition, common discovery, which will apply to all of the 82 patient plaintiffs and 20 defendants in the state court cases, will be necessary, such as depositions of the Maryland Board of Pharmacy and Department of Health regarding licensing, allowing NECC to sell drugs in Maryland, and interpreting Maryland law on procuring compounded drugs. Maryland Plaintiffs have also either already consolidated or are in the process of consolidating all of the Maryland cases for purposes of this essential, common, pretrial discovery into one big consolidated action, including the other 26 Box Hill patient plaintiffs' cases to follow the same Maryland common discovery track, which the state courts are trying to establish. In the MDL Box Hill cases, no Maryland-specific common discovery has yet occurred, although it is believed that one of the

---

[7] Codified at Md. Code Ann., Cts. & Jud. Proc. ("CJP"), § 3-2A-01, *et seq.*, and § 3-1401, *et seq.*, respectively.

other Maryland health care providers is in the process of also subpoenaing the Board of Pharmacy for a deposition. Accordingly, transfer of the MDL cases would be more efficient so that all of the Maryland common discovery is conducted just once and so that all of the Maryland and Box Hill cases are together with similar claims.

Continuing to litigate just 8 cases against one Maryland defendant in the MDL, while also having a parallel track of at least 82 patient plaintiffs' cases against at least 20 different health care provider defendants in state court, including 26 against the same MDL defendants, runs the risk of disparate rulings by the state and MDL judges, as well as contradictory appeals regarding the same issues to different appellate judges, when consistent rulings would be much more useful and efficient. In fact, plaintiffs have already tried to pit one judge's interpretation of Maryland law versus another's by continuing to pursue claims in the state court cases that were already disallowed following lengthy briefing of an MDL motion to dismiss and interpretation of state law by Judge Zobel.

Wherefore, the Box Hill Defendants agree with the Court and seek remand to Maryland based on efficiency and convenience and to unburden the MDL Court's docket.

Dated: June 21, 2016

Respectfully submitted,
/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
***Attorneys for Box Hill Defendants***

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that a copy of the foregoing Response to the Order to Show Cause [Dkt. 2928], was filed through the Court's CM/ECF system and will be sent and accessible to those who are registered with the Court's electronic filing system, including the attorneys representing the plaintiffs in the individual cases.

Dated: June 21, 2016    /s/ Gregory K. Kirby
                        Gregory K. Kirby