

JAY J. BLUMBERG *
jjblumberg@blumberglawoffices.com
*CERTIFIED CIVIL TRIAL ATTORNEY*

CHRISTOPHER M. WOLK *
cwolk@blumberglawoffices.com

KIRA FEENY SPAMAN*
kspaman@blumberglawoffices.com

MELISSA L. BUTERBAUGH
mbuterbaugh@blumberglawoffices.com

*MEMBERS OF P.A and N.J. BAR
+MEMBERS OF N.Y. and NJ BAR

June 21, 2016

**VIA E-FILING ONLY**
The Honorable Rya W. Zobel
United States District Court - District of Massachusetts
1 Courthouse Way
Suite 2300
Boston, Massachusetts 02210

    RE:    In Re New England Compounding
              Docket No. 1:13-md-02419-RWZ; MDL No. 2419

Dear Judge Zobel:

In accordance with the Order to Show Cause dated June 13, 2016 (Hereinafter "The Order"), Defendants Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-Martin, M.D., Thomas Dwyer, M.D., Rhaul Shah, M.D., John Catalano, M.D., Richard C. DiVerniero, M.D., and Richard Strauss, M.D. (Hereinafter "The Premier Defendants") submit the following by way of response to the Court's Order.

Firstly, the chart of cases remaining against clinic defendants on pages seven and eight of the Order include New Jersey Healthcare Defendants not parties to the Inspira Bankruptcy Settlement (Row No. 29 on page 8 of Dkt. No: 2928). These "Healthcare Defendants are currently represented by the undersigned and include the Premier Defendants. Therefore, to the extent the Court wishes to remand these cases to the state in which the complaint was originally filed, the Premier Defendant has no objection. Therefore, to the extent the Order can be read to include Premier Defendants in the class of cases identified in the table of cases on pages seven and eight of the Order, the Premier Defendants do not object to the remand of such cases involving Kimberly Yvette Smith, M.D., a/k/a Kimberly Yvette Smith-

June 21, 2016
Page 2

Martin; Richard Strauss, Premier Orthopedic Associates and Sports Medicine Associates of Southern New Jersey, LLC; Premier Orthopedics and Surgical Center. ***Ultimately, however the Premier Defendants strongly assert that any case involving the Premier Defendants must be remanded to New Jersey State or Federal Court.***

To the extent the cases involving the Premier Defendants are not presumed to be remanded, the Premier Defendants now write to this Court to strongly advocate for the remand of all cases involving the Premier Defendants to the state of New Jersey, either in Federal or State Court. The plaintiffs have agreed and there is no objection by the plaintiff to remanding any case in the MDL naming the Premier Defendants *to the state in which the cases were originally filed*. While the Premier defendants feel this is a good start, it does not address the entire problem. The Premier Defendants assert that any case in the MDL naming the Premier Defendants must be remanded to New Jersey State Court or Federal Court depending on the circumstances surrounding that case and the history of the filings.

The purpose of this Multidistrict Litigation has run its course and can now be disarmed. The common defendant amongst all of the cases is New England Compounding Center and its affiliates (The "Affiliated Defendants"). These defendants now fall into either of two buckets. The first, is an affiliated defendant that has been deposed and has provided discovery responses. The second, is an affiliated defendant or insider that falls under the protective order currently in force. In either instance the discovery from these common defendants has either been completed or must be completed at some later time. The remainder of the "common discovery" revolves around the individual clinic defendants. For example, the depositions of the party defendants and individual doctors must be completed. This discovery can easily take place under the direction of the New Jersey State Court or New Jersey Federal Court.

One of the central purposes of an MDL is to centralize the communications and route discovery through a central Plaintiff Steering Committee (PSC). The PSC in this MDL has historically communicated well with the defendants and with a unified tone. However, in recent months the PSC has become splintered where the defense must discuss the terms of each case with multiple plaintiff's lawyers (some local; others national) before reaching a consensus on issues. For example, the representation that the

June 21, 2016
Page 3

plaintiff's in the Premier Cases were agreeable to a remand came only after multiple efforts to identify the correct, lead attorney but with the receipt of an email from a lone plaintiff's attorney indicating that he was speaking only for the plaintiff, John Overstreet in the <u>Overstreet v. Premier Orthopedic Associates, et al</u> case.

Perhaps most importantly, as the Court has already determined, the law of New Jersey is applicable to these cases. Further, the plaintiffs and the defendants are located in New Jersey and the remaining discovery involves witnesses from New Jersey as well as lawyers from New Jersey. While there are a very few cases (<u>Rachel Shannon v. Premier, et al</u>; <u>Overstreet v. Premier, et al</u>) involving attorneys from out of state, the majority if not the overwhelming majority of the cases involve lawyers, witnesses and discovery issues relating entirely to New Jersey.

Therefore, the functionality of the MDL has run its course. While the MDL once served a very valid and useful purpose for these cases the time has come to remand the Premier Cases to New Jersey for the remainder of the outstanding discovery. The plaintiffs have not objected to the remand of Premier Defendant Cases to the state in which these cases were filed. However, the Premier Defendants are strongly urging this Court to Order all cases involving the Premier Defendants to New Jersey. Such action will prove to be more economical, as the parties will save money on litigation, travel and other expenses. The litigation will run efficiently as once was the case with the MDL. Finally, the convenience of the parties, witnesses and attorneys who will continue to litigate these cases will best be served if all Premier Cases are remanded to New Jersey for further litigation.

            Respectfully,

            BLUMBERG & WOLK, LLC

            ***/s/ Jay J. Blumberg***

            Jay J. Blumberg, Esq

JJB/dm

## CERTIFICATE OF SERVICE

    I, Jay J. Blumberg, Esq., hereby certify that I caused a copy of the foregoing letter to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 21, 2016                                /s/ Jay J. Blumberg
                                                              Jay J. Blumberg, Esq.