# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION <br> Plaintiffs, <br><br> This document relates to: <br><br> Armetta, et al. v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14022-RWZ <br><br> Bowman, et al. v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14028-RWZ <br><br> Davis, et al. v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14033-RWZ <br><br> Dreisch, et al. v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14029-RWZ <br><br> Farthing, et al. v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14036-RWZ <br><br> Kashi, et al. v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14026-RWZ <br><br> Torbeck, et al. v. Box Hill Surgery Center, LLC, et al., <br> No. 1:14-cv-14023-RWZ <br><br> Handy v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14019-RWZ | MDL No. 2419 <br><br> Docket No. 1:13-md-2419 (RWZ) |

**PLAINTIFFS' MEMORANDUM IN COMPLIANCE WITH THE COURT'S JUNE 13, 2016 ORDER TO SHOW CAUSE CONCERNING REMAND AND TRANSFER**

**Plaintiffs Request Their Litigation Against Box Hill Defendants Continue and Ultimately be Tried in MDL No. 2419 before the United States District Court - District of Massachusetts**

The Court in its Memorandum Opinion dated October 7, 2015, has determined the above Box Hill clinic cases are "qualified cases" over which this Court has subject matter jurisdiction and the United States District Court for the District of Massachusetts is the appropriate venue for trial. The Box Hill plaintiffs in the matters listed above jointly maintain that District Court of Massachusetts is also the most convenient and appropriate forum for the parties to litigate this case because many of the witnesses, beyond the parties themselves, are located in and around Boston, Massachusetts. *See* 28 U.S.C. §1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.")

The Box Hill Defendants' Answer with Affirmative Defenses states these local witnesses are important:

> 28.   The Boxhill Defendants incorporate herein by reference all defenses, including affirmative defenses, that may be raised by any Defendants and specifically reserve the right to amend their answer to add additional affirmative defenses should discovery in this action reveal the existence of those defenses. The Box Hill Defendants reserve the right to assert cross-claims against initial co-Defendants or negligent third parties including, but not limited to, New England Compounding Pharmacy, Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chin, Ameridose, LLC, GDC Properties Management, LLC, Medical Sales Management, Inc., and Medical Sales Management SW, Inc. (herein after "Affiliated Defendants") …. The Box Hill Defendants also reserve the right to assert cross-claims against initial co-Defendants or negligent third parties including, but not limited to, Liberty Industries, Inc., UniFirst Corporation, ARL Bio Pharma, Inc. a/k/a Analytic Research Laboratories, and Victory Heating and Air Conditioning Co., Inc. (hereinafter referred to as the "Unaffiliated Defendants").
>
> 29.   The Box Hill Defendants hereby place the Plaintiffs on notice that at the time of trial they intend to present evidence of negligence by the Affiliated

1

> Defendants and the Unaffiliated Defendants, and in so doing will ask the Court and/or Jury to determine that the above named individuals and entities are "joint tortfeasors" for purposes of a credit or set-off from any judgment against Defendants, pursuant to the Maryland Uniform Contribution Among Joint Tortfeasors Act ….

Box Hill Defendants' Affirmative Defenses at ¶ 28-29, annexed as Exhibit "A."

Plaintiffs filed a motion to strike certain affirmative defenses, cross claims and third-party claims of Box Hill (Dkt. No. 2451), which Box Hill opposed and the Court denied (Dkt. No. 2826).

In view of the Box Hill Defendants' avowed, steadfast defense strategy to attempt to put the blame and the responsibility for Plaintiffs' deaths or severe injuries on the Affiliated Defendants and Unaffiliated Defendants, they or their respective officers, agents and employees will be necessary witnesses to attend trial or trials on the issues of Box Hill's defense. Many, if not most of these necessary witnesses are located in and around Boston, Massachusetts.

Because the Box Hill Defendants are alleging that NECC, the Affiliated Defendants and Unaffiliated Defendants— all of whom have settled and received releases and injunctions as part of the NECC Chapter 11 Plan — are responsible for Plaintiffs' subject injuries and deaths, the underlying facts, determinations and orders leading up to and embodied in NECC's Chapter 11 Plan will impact both sides' cases, especially those involving Box Hill's stated defenses. A further effect of Box Hill's defense is the generation of expenses on the part of the Chapter 11 settling parties which ultimately will fall upon the NECC Tort Trust. This Court is best suited for hearing and deciding the matters against the Box Hill Defendants for it is the MDL District Court which has intimate knowledge and an understanding of both these complex cases and the Bankruptcy Plan.

**Status of Box Hill Cases' Discovery**

Pursuant to the discovery schedule for the Box Hill cases established by the Court, the parties have exchanged written discovery and Plaintiffs' counsel have jointly taken the depositions of Dr. Bhambhani and her nurse, Kenneth Vickers. Depositions of two third party witnesses are scheduled for later this month and in July. Recently, the Court directed the parties to submit a proposed schedule to complete expert witness and case-specific discovery, including selection of bellwether plaintiffs. Significantly, counsel for both parties filed a joint motion consenting to Judge Boal's May 5, 2016, Order, which provides: (1) fact discovery will close on August 1, 2016; (2) deadlines for the exchange of common issue expert reports and expert depositions; and (3) by December 1, 2016, the parties shall select eight bellwether cases with each side being provided four strikes. Case-specific discovery for the bellwether cases will be completed by March 2017, and expert discovery completed by July 17, 2017. At that time, the parties may seek leave to file summary judgment motions.

With these deadlines established, and for other reasons stated herein, Plaintiffs respectfully request the actions against the Box Hill Defendants continue on in MDL 2419 in the United States District Court for the District of Massachusetts and be ultimately tried here before this Court.

Respectfully Submitted,

| | |
|---|---|
| /s/ Patricia J. Kasputys | /s/ Michael Coren |
| Patricia J. Kasputys, Esq. (Pro hac vice) | Harry M. Roth, Esq. (Pro hac vice) |
| Sharon L. Houston, Esq. (Pro hac vice) | Michael Coren, Esq. |
| **Law Offices of Peter G. Angelos, P.C.** | **Cohen, Placitella & Roth PC** |
| One Charles Center | Two Commerce Square |
| 100 North Charles Street | 2001 Market Street, Suite 2900 |
| Baltimore, Maryland 21201 | Philadelphia, PA 19103 |
| (410) 649-2000 | (215) 567.3500 |
| Fax: (410) 649-2101 | (215) 567-6019 |
| *Attorneys for Plaintiffs Armetta, Bowman, Davis, Dreisch, Farthing, Kashi and Torbeck* | *Attorney for Plaintiff Handy* |

## Certificate of Service

This is to certify that on the 20th day of June, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

              __/s/ Michael Coren__
              Michael Coren, Esq.
              **Cohen, Placitella & Roth PC**
              Two Commerce Square
              2001 Market Street, Suite 2900
              Philadelphia, PA 19103
              (215) 567.3500
              (215) 567-6019