UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING          )
PHARMACY, INC. PRODUCTS LIABILITY      )
LITIGATION                             )
                                       )
_____ )          MDL No. 2419
                                       )          Dkt. No 1:13-md-2419 (RWZ)
THIS DOCUMENT RELATES TO:              )
                                       )
                                       )
*Simas v. Abdul R. Barakat, M.D., and*  )
*Ocean State Pain Management, P.C.*      )
1:13-cv-10943-RWZ                      )
                                       )
                                       )

**OPPOSITION OF THE DEFENDANTS, ABDUL R. BARAKAT, M.D., AND OCEAN STATE PAIN MANAGEMENT, P.C., TO RESPONSE TO ORDER TO SHOW CAUSE OF CRAIG S. SIMAS AND JOAN SIMAS**

Pursuant to the Order to Show Cause Concerning Remand and Transfer, [Dkt. 2928], Plaintiffs Craig and Joan Simas filed an objection to remand of the instant case to the Massachusetts Superior Court and submitted a memorandum in support thereof [Dkt. 2931]. The Defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C., hereby file their Opposition to the Plaintiffs' Response to Order to Show Cause. For the purposes of this Opposition, the Defendants accept the brief procedural history laid out in the Plaintiffs' Response [Dkt. 2931].

The Defendants support the reasoning set forth by the Court in its Corrected Order to Show Cause Concerning Remand and Transfer [Dkt. 2928] as they agree that there are no efficiencies to be gained by litigating cases against the "remaining clinic defendants" in the Multi-District Litigation (hereinafter "MDL") given the small number of cases against each clinic. The purposes for which cases were transferred to the MDL in 2013 have essentially been

satisfied.  As the Court originally suggested in its Corrected Memorandum and Order on Trustee's Motion to Transfer Cases and Related Motions, it was desirable to maximize the resources available to victims and to keep expenditures reasonably low [Dkt. 176 at 2].  Further, centralized management of the litigation and claim process was desirable to create the largest possible pool of funds for victims and to distribute those funds fairly, equitably, and with a minimum of expense and delay [Dkt. 176 at 2].  The Court reasoned, "Litigation in multiple courts also threatens to impose significant discovery burdens, as discovery from many of the same people and entities may be sought on multiple occasions." [Dkt. 176 at 7-8].

The Court has since succeeded in its efforts to limit discovery burdens by directing the MDL parties through the common discovery process during the intervening years.  To paraphrase the reasoning offered by the Plaintiffs' Steering Committee at the May 19, 2016 Status Conference, common discovery concluded months ago and only case-specific discovery remains outstanding.  It was suggested that the goals of the MDL have been achieved from a discovery standpoint as common issues have been litigated, common issue witnesses and experts have been deposed, and documents relevant to all parties will continue to be maintained in the document repository.  As such, the vast majority of the parties remaining in the MDL now believe it would be appropriate to have the cases resolved in their home jurisdictions.  The Court expressed this same sentiment in its Corrected Memorandum and Order on Trustee's Motion to Transfer: "State-court plaintiffs, as well as the states themselves, certainly have a strong interest in having state-law claims adjudicated by the state-court system." [Dkt. 176 at 25].

The Plaintiffs provide a reasonable table of deadlines in their Response [Dkt. 2931 at 2-3], however, they fail to explain why pre-trial discovery would be litigated more efficiently in the MDL as opposed to Massachusetts Superior Court.  The Defendants suggest that the MDL

Court should continue to focus the majority of its attention on the cases involving the Tennessee plaintiffs and defendants as the litigation involving these parties is far more advanced and bellwether trials have already been scheduled.  As the Court is aware, the value to be gained by the bellwether process would still be available to the remaining clinic defendants after remand. Based on a review of the docket, it would appear that the *Simas* Plaintiffs are the sole parties objecting to remand (outside of Box Hill-related matters) and the Defendants see no benefit in continuing to litigate this single case in the MDL until their suggested date of May 15, 2017 and beyond, by which time many, if not all, of the Tennessee parties will have resolved their cases.

The Plaintiffs' Response states that "the stay in place regarding case-specific discovery should be lifted as between the parties for this case since such discovery is of the normal variety between two litigants and will not involve the PSC or any of the other defendants." [Dkt. 2931 at 2].  For that very reason - the fact that the PSC and other MDL defendants will no longer be involved - this case should be transferred back to Massachusetts Superior Court.  Remand would allow pre-trial discovery to begin in earnest, and the MDL Court would not be needlessly bogged down with a new wave of case-specific issues.  In addition, the Defendants only have two cases pending in the MDL, *Hanson* [1:13-cv-10685] and *Simas* [1:13-cv-10943], and they do not see the benefit in a remand of one case but not the other.

Finally, the Plaintiffs correctly point out that the parties have fully briefed a Motion to Dismiss currently pending in the MDL [Dkt. 2931 at 2].  Given that the Court is familiar with the issues raised in the parties' briefs, the Defendants have no objection to the Plaintiffs' suggestion that oral argument be waived.  If the Court deems it appropriate, the Defendants suggest that the Court could issue a ruling on the pleadings in the MDL prior to remanding the case to Massachusetts Superior Court.

For the foregoing reasons, the Defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C., oppose the Plaintiff's Response to Order to Show Cause and request that this case be remanded to Massachusetts Superior Court.

Respectfully submitted,
Defendants,
By their attorneys,

SEAN CAPPLIS, ESQ.
BBO #634740
THOMAS M. DOLAN III, ESQ.
BBO #683042
**CAPPLIS, CONNORS, & CARROLL, P.C.**
18 Tremont Street, Suite 330
Boston, MA 02108
Tel: (617) 227-0722
Fax: (617) 227-0772
scapplis@ccclaw.org
tdolan@ccclaw.org

Dated:  6-21-16

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2016, I served the above Opposition upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Thomas M. Dolan
THOMAS M. DOLAN, ESQ.
Attorney for Defendants,
Ocean State Pain Management, Inc. and Dr. Barakat

4