# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HILDA L. SOLIS                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO. 4:10-cv-00077-DPJ-FKB

HERBERT BRUISTER, et al.                                                                         DEFENDANTS

ORDER

This cause is before the Court on the following motions:

1. Docket No. 272 – Defendants' Urgent and Necessitous Motion for Protective Order regarding information stored on Defendant Amy O. Smith's former business computer. Defendants objected to the discovery of the information, in part, because no subpoena had been issued and served for the subject information. Because the Secretary subsequently issued and served a subpoena for the subject information, the Motion for Protective Order is denied as moot.

2. Docket No. 292 – Defendants' Urgent and Necessitous Motion for Protective Order or, Alternatively, to Quash the Plaintiff's Second Subpoena to DirecTV, Inc. regarding the same information stored on Smith's former business computer. Because the subpoena was facially defective in that it was issued from a non-existent court, the motion is granted and the subpoena (Docket No. 281) is hereby quashed.

3. Docket No. 315 – Defendants' Urgent and Necessitous Motion to Quash the Plaintiff's Third Subpoena to DirecTV, Inc. Having considered the filings associated with Docket Entry Nos. 272, 292, and 315, Defendants' motion (Docket No. 315) is denied in part and granted in part. The request that the subpoena (Docket No. 305) be quashed is hereby denied. However, the Court orders that the production of documents and information pursuant to the subject subpoena be done with the following limitations:

a. The parties are directed to submit to the Court within ten (10) days of entry of this Order a proposed agreed protective order with a clawback provision regarding the information to be produced pursuant to the subject subpoena.

b. Any documents to which DirecTV asserts a privilege and DirecTV reports that contain DirecTV customer information or other proprietary/confidential information shall be withheld

from DirecTV's production pursuant to the subject subpoena. According to an email at Docket No. 271-1, the Secretary is agreeable to DirecTV withholding these documents.

   c. Although the Secretary asserts that Defendants have had the results of the LogicForce search since February 6, 2012, *see* Docket No. 235-4, it is unclear whether Defendants have had access to a copy of the data retrieved by LogicForce minus the documents DirecTV is withholding. Accordingly, within seven (7) days of entry of this Order, DirecTV is ordered to produce to Defendants a copy of all data responsive to the subject subpoena minus the documents DirecTV is withholding from production. At the time of receipt of this data from DirecTV, Defendants shall file a notice of receipt with the Court.

   d. Upon receipt of the data from DirecTV, Defendants shall have twenty (20) days to complete their privilege review of the data. No later than twenty (20) days from Defendants' receipt of the data from DirecTV, Defendants shall produce to the Secretary all data received from DirectTV to which Defendants do not assert any claim of privilege or protection, as well as a privilege log with respect to all data withheld by Defendants from production to the Secretary. Defendants' privilege log shall contain the information required by L.U.Civ.R. 26(a)(1)(C).

   e. Upon receipt of the data from Defendants, Plaintiff shall have twenty (20) days to review the data and privilege log and, if the Secretary believes necessary, to file a motion to compel with respect to any data withheld by Defendants from production.

4. Any inadvertent production of privileged data or information shall be governed by Fed. R. Civ. P. 26 (b)(5)(B).

   SO ORDERED, this the 17th day of April, 2012.

                                        /s/ F. Keith Ball
                                        UNITED STATES MAGISTRATE JUDGE