# EXHIBIT 8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) MDL No.: 2419<br>Dkt No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>Suits Naming Specialty Surgery Center, PLLC | ) ) ) ) ) ) ) |

### SUPPLEMENTAL OF AFFIDAVIT OF KENT E. KRAUSE

Kent E. Krause after being duly sworn states as follows:

1. I am over 18-years of age, have personal knowledge of the facts contained herein, and am competent to testify. I have been counsel representing SSC since September 2014.

2. On January 29, 2016, the Plaintiff's Steering Committee issued a subpoena to Cumberland Medical Center ("CMC").

3. On February 2, 2016, I sent an email to counsel for CMC asking (1) whether computers sold to CMC by SSC were still in CMC's possession, (2) if so, whether they were in use or in storage, (3) if not, what happened to them. Furthermore, I asked counsel for CMC whether the computers were wiped clean of any information. I asked that counsel for CMC answer these questions as soon as possible.

4. On or about February 5, 2016, I spoke with counsel for CMC and was advised that the computers sold by SSC to CMC were still in existence. Counsel for CMC stated they had not accessed any electronically stored information contained on

the computers, and did not intend to do so. Instead, in order to respond to the subpoena to CMC, counsel for CMC proposed to have a third-party vendor conduct all access to the data contained in the computers and hard drives. Counsel for CMC informed me that he did not know whether or not the computers and/or hard drives contained any information over which SSC may wish to assert a privilege.

5. On March 2, 2016, I spoke with counsel for the PSC, and I received a confirming email from PSC counsel, memorializing our discussion about the procedure to be followed regarding production of the information stored on the computers at CMC. In this email from the PSC, they agreed to not only allow CMC access to the information for a privilege review prior to production to the PSC, but also agreed to afford SSC an opportunity in that regard as well.

6. On March 9, 2016, I received an email indicating the PSC reversed course and stated, "Therefore, at this point, the PSC therefore does not agree the SSC has a right to be involved in Cumberland's review process for any purpose."

7. On March 14, 2016, counsel for CMC sent the PSC an email, on which I was copied, attaching a Proposed Stipulated Qualified Protective Order. The email noted that SSC would have to be bound by the Order. The proposed Order itself provided SSC agreed to the entry of the Order. Based on this wording, it was my understanding that, although on March 14, 2016, the PSC, <u>at that time</u>, would not agree to allow SSC to review the information for privilege, ultimately SSC would be provided an opportunity to review and approve (or disapprove) the final language agreed upon by the PSC and CMC and express its position before the Order was filed. SSC was never afforded that opportunity.

Case 1:13-md-02419-RWZ   Document 2938-8   Filed 06/21/16   Page 4 of 5

8.      During the week of March 21, 2016, I had conversations with CMC counsel, who indicated that there still had been no effort undertaken by CMC to determine whether the computers in question contained any privileged communications. I advised counsel for CMC that if the computers contained privileged materials, SSC would address the matter with the court. In discussing the status of the Proposed Stipulated Protective Order, which provided for the agreement of SSC, I was advised by counsel for CMC that they were still waiting to hear back from the PSC regarding the Protective Order and that no conclusive decision had been made regarding a selection of the third-party vendor to process the data. Furthermore, no search terms had yet been agreed upon. It was still my understanding that SSC would be provided an opportunity to review and approve (or disapprove) any Order after the PSC and CMC finished negotiating terms, and before any such Order was filed with the Court.

9.      During the week of May 2, 2016, I had another conversation with counsel for CMC, during which counsel for CMC declined to answer the question of whether or not the computers contained communications between SSC and its attorneys.

10.     On May 3, 2016, the PSC filed a Stipulated Qualified Protective (Proposed) Order (Docket 2842), which stated that the Defendants agreed to the entry of the Order. This was consistent with the wording of the Proposed Protective Order circulated on March 14, 2016. However, SSC was never given an opportunity to review what had ultimately been negotiated between SSC and CMC before this document was filed (which had been originally contemplated) and never agreed to the entry of the Order. That same day I sent counsel for the PSC an email objecting to the Order as drafted and specifically pointing out that it stated that "Defendants" had agreed to the

entry of the order when SSC had not done so. Later that day a Second Stipulated Qualified Protective (Proposed) Order (Docket 2846) was filed which appeared identical to the first Order and still reflected that "Defendants" agreed to the entry of the Order. Again, I expressed my objection to the PSC via email.

11. Finally, on May 4, 2016, a Second Corrected Qualified Protective (Proposed) Order was filed (Docket 2848-1), this time eliminating the reference to Defendants agreeing to the entry of the Order.

12. On May 9, 2016, counsel for CMC, for the first time, advised that while he could not advise whether the information on the computers contained information protected by attorney-client privilege, there appeared to be communications between SSC and its attorneys.

**FURTHER AFFIANT SAYETH NOT.**

_____
KENT E. KRAUSE

STATE OF TENNESSEE)
COUNTY OF DAVIDSON)

Sworn to and subscribed by me this 21st day of June, 2016.

_____
NOTARY PUBLIC

My Commission Expires: 11/5/18

*[Notary Seal: Rhonda K. Pritchett, State of Tennessee Notary Public, Davidson County]*