# EXHIBIT 9

# Matt H. Cline

| | |
|---|---|
| **From:** | Ben Gastel <beng@bsjfirm.com> |
| **Sent:** | Wednesday, May 11, 2016 10:17 AM |
| **To:** | Matt H. Cline; pwehmeier@adhknox.com |
| **Cc:** | Kent Krause; Parks Chastain; Chris J. Tardio; Ginger F. Ward; C. J. Gideon; Gerard Stranch; Anthony Orlandi |
| **Subject:** | RE: SSC Computers |

Matt,

With regard to any material on these computers that contains information protected by the attorney-client privilege, we will take the position that your client waived this privilege by producing it to a third party. If you are aware of any case saying that a client can "inadvertently disclose" attorney-client privileged information under Tennessee law, please share it with me. I am utterly unfamiliar with this concept. A client voluntarily producing attorney-client privilege information to a third party is simply a waiver of the privilege. *Boyd v. Comdata Network*, 88 S.W.3d 203, 209 (Tenn. Ct. App. 2002). We will not agree that you get to review any communications with Gideon Cooper prior to the production of this material to us and we will certainly not use any exclusion criteria to ensure this material is not produced. We will also not agree to any clawback provision. If it is relevant and responsive, that material should be produced to us immediately.

With regard to material potentially protected by QICP, given the scope and temporal application of that privilege in this instance is far from clear, we will not agree in advance prior to seeing any information whether or not the QICP could arguably apply. It seems most prudent to simply produce the information on these servers and should you need to clawback potential QICP protected material, we can address that when both sides have a full appreciation of the type of material at issue.

As for your request for a ten day extension, I have repeatedly requested that you provide me what objections you have to the proposed order, you still have provided no substantive objections. Obviously we cannot stop you from taking your ten day extension, so if you feel it necessary, feel free to take it. We remain committed to making reasonable changes to the order to ensure that we can move forward with this process. We have been trying to get this done for over five months now, the issue should really be put to bed.

Best,

Ben Gastel
**Branstetter, Stranch & Jennings, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
P: 615.254.8801
F: 615.255.5419


**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Tuesday, May 10, 2016 6:37 PM
**To:** pwehmeier@adhknox.com; Ben Gastel <beng@bsjfirm.com>
**Cc:** Kent Krause <kkrause@bkblaw.com>; Parks Chastain <PChastain@bkblaw.com>; Chris J. Tardio

1

&lt;chris@gideoncooper.com&gt;; Ginger F. Ward &lt;ginger@gideoncooper.com&gt;; C. J. Gideon &lt;cj@gideoncooper.com&gt;
**Subject:** SSC Computers
**Importance:** High

Paul and Ben:

Based on Kent's conversation with Paul yesterday, it appears likely there is information covered by SSC's attorney client privilege on the computers in possession of Cumberland Medical Center. To the extent any privileged information is on the hard drives, any "disclosure" by SSC was obviously inadvertent, and that information should not be produced. Furthermore, to the extent there is quality improvement information on the hard drives, the quality improvement privilege and/or peer review privilege cannot be waived, and we reserve those privileges. Powell v. Community Health Systems, Inc., 312 S.W. 3d 496 (Tenn. 2010).

We propose that: (1) we review any data returned by the search terms before it is produced to the PSC, **OR** (2) we use exclusion criteria that will eliminate (i) communications to or from Gideon Cooper (our office) and (ii) documents prepared by Gideon Cooper, with a clawback provision permitting us to assert privilege over any privileged information that is not captured by these exclusion criteria.

Relatedly, please let us know if you oppose a ten-day extension to our response deadline (pursuant to MDL Order No. 11) for responding to your motion for protective order regarding these computers.

Paul – We will be in touch separately to discuss how to handle any privileged information on the hard drives that is not implicated by the PSC's subpoena.

Please contact Kent or myself with any questions you may have.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.