UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) ) Suits Naming Specialty Surgery Center, Crossville, PLLC ) ) ) ) | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**MOTION FOR SUGGESTION OF REMAND OF SSC CASES TO TENNESSEE AND TO ESTABLISH VENUE IN TENNESSEE VIA §157(B)(5) OR §1404(A)**

Defendants Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively, the "Defendants") file this *Motion for Suggestion of Remand of SSC Cases to Tennessee and to Establish Venue in Tennessee via §157(b)(5) or §1404(a)*:

1. The Defendants are health care providers in Tennessee named as Defendants in 24 lawsuits related to this outbreak. The 24 lawsuits (hereinafter the "SSC cases") have been transferred to Massachusetts pursuant to 28 USC §1407 and are pending in this MDL. The scheduling order in place at Dkt. 2652 (dedicated only to the SSC cases) sets deadlines to take the SSC cases through common expert discovery.

2. The Court's Order at Dkt. 2928 begins the process of concluding the MDL for dozens of cases and remanding them to their home districts. The Order carves out three sets of cases, the cases from New Jersey (Premier cases), the cases from Maryland (Box Hill cases), and the SSC cases. The Order allows the New Jersey and Maryland cases to exit the MDL with the input of counsel and the Court's approval. But, the Order isolates just the SSC cases by not providing any mechanism for the cases to be remanded to Tennessee for trial.

3. After the conclusion of common expert discovery, the SSC cases will be proper for remand to Tennessee under §1407.

4. Following remand to Tennessee, the Court should either (1) not act on venue so as to allow the cases to proceed to trial in Tennessee, (2) set venue in Tennessee pursuant to 28 USC §157(b)(5), or (3) set venue pursuant §157(b)(5) in Massachusetts and then transfer the cases to Tennessee via 28 USC §1404. All three mechanisms result in the most logical, convenient, and cost-efficient venue for these cases: Tennessee.

5. The SSC Defendants request an order recommending to the JPML that the SSC cases are proper for remand after the conclusion of common expert discovery and establishing (via any of the mechanisms referenced in paragraph 4 above) venue in Tennessee for trial.

6. The SSC Defendants submit an accompanying memorandum of law that fully explains the reasons the Court should grant this requested relief.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (615) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 21st day of June, 2016.

/s/ Chris J. Tardio
**Chris J. Tardio**