UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Suits Naming Specialty Surgery Center, Crossville, PLLC | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

**MOTION FOR LEAVE TO FILE REPLY IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER [DOC. 2906]**

Defendants Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively, the "SSC Defendants") hereby move for leave to file a reply in support of their motion for protective order at Doc. 2906. The reply was previously filed at Doc. 2938.[1] In support thereof, the SSC Defendants state as follows:

1. On January 29, 2016, the PSC issued a subpoena to Cumberland Medical Center ("CMC") seeking to conduct forensic inspection and analysis of computers sold by SSC to CMC.

2. On May 9, 2016, counsel for CMC informed counsel for SSC that the computers appeared to contain communications between SSC and attorneys.

---

[1] The Reply was inadvertently filed before this Motion to Leave. The SSC Defendants were instructed by the Clerk of Court to link the pleadings together on the docket.

3. On May 23, 2016, the SSC Defendants filed a motion for protective order requesting an opportunity to review any data from the computers for privilege before production to the PSC.[2]

4. On June 6, 2016, the PSC filed an opposition to the motion for protective order.[3]

5. The PSC's opposition makes factual references that require correction or clarification. For example, the PSC states that SSC "took no precautions" to protect the data on its computers, but that is not the case. SSC's computers were password protected, as explained more fully in the Defendants' reply and supporting affidavits.

6. Likewise, the PSC's opposition misstates the applicable law. For example, the PSC conflates the law governing waiver of attorney-client privilege and the work product doctrine.[4] The law is clear that the standard for waiver is not the same for both.

7. The SSC Defendants should be permitted a reply to clarify the record and address the arguments raised in the PSC's opposition. The Defendants are cognizant of the lengthy docket in this case and have not rehashed issues already addressed by the Defendants' motion. The reply addresses only the issues raised in the PSC's opposition. Further, this issue is very important, as it deals with the potential destruction of attorney-client privilege, work product protection, and Tennessee's statutory protection for peer review and quality improvement information. Resolution of the issue could have a profound impact on the litigation moving forward. The Court should have the benefit of a complete factual picture and legal analysis.

---

[2] Doc. 2906.
[3] Doc. 2920.
[4] Doc. 2920 at 14.

2

8. Accordingly, the Defendants respectfully request leave to file the reply (and exhibits) previously filed as Doc. 2938.

Respectfully submitted,

/s/ Kent E. Krause
**PARKS T. CHASTAIN****
**KENT E. KRAUSE****
**ASHLEY E. GENO****
Attorneys for Defendant, Specialty Surgery Center, PLLC

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN  37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the SSC Defendants*

*Admitted pursuant to MDL Order No. 1
**Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be served via electronic mail or regular US mail to those participants identified as unregistered this the 21st day of June, 2016.

/s/ Chris J. Tardio
**CHRIS J. TARDIO**