UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATIONS<br><br>THIS DOCUMENT RELATES TO:<br>Kennedy, et al. v. Unifirst, et al., No. 1:13-cv-13227; Kennedy, et al. v. Advanced Pain & Anesthesia Consultants, et al., No. 1:14-cv-13689<br><br>Musselwhite v. Unifirst, et al., No. 1:13-cv-13228; Musselwhite v. Advanced Pain & Anesthesia Consultants, et al., No. 1:14-cv-13676<br><br>Wynstock, et al. v. Ameridose, et al., No. 1:14-cv-12884<br><br>Jeffries, et al. v. Ameridose, et al., No. 1:14-cv-12789<br><br>Edwards v. Unifirst, et al., No. 1:13-cv-13209 | MDL No. 2419<br>No. 1:13-md-02419-RWZ |

**PLAINTIFFS' MEMORANDUM IN COMPLIANCE WITH THE COURT'S**

**JUNE 13, 2016 ORDER TO SHOW CAUSE CONCERNING REMAND AND TRANSFER**

Janet, Jenner & Suggs, LLC responds to the Show Cause Order (Dkt. 2928) on behalf of Plaintiffs identified in Exhibit 1. While the MDL statute contemplates remand, it is the exception. Multidistrict Litigation Manual § 10:1 (2016). Remand here is inefficient, risks disparate rulings, delays settlement, and overburdens other courts. This is the antithesis of MDL consolidation. Efficiency and justice weigh in favor of Plaintiffs' *Lexecon* waiver – staying here.

   I.   **Keeping the cases in the MDL is most efficient.**

The purpose of an MDL is to avoid duplicative discovery and conserve judicial resources. *In re Neurontin Mktg., Sales Prac. & Prod. Liab. Litig.*, 245 F.R.D. 55, 57 (D. Mass. 2007). This

Court has managed clinic and provider discovery and should continue doing so, notwithstanding the fact that Defendants have not had discovery taken yet, because of the commonalities among the factual and legal issues. The recent third party subpoena issues provide but one example.

The clinic and primary defendant discovery is inextricably intertwined, and this Court has developed extensive institutional knowledge about both. While written requests and depositions can occur in any court,[1] this one can resolve disputes more easily because it done so already. New courts face a comparatively steep learning curve. Further, some Clinic Defendants like Box Hill are still taking common fact discovery including depositions. This is reasonably expected to continue, except separately around the country among courts with little if any context.

Plaintiffs' counsel's experience in the Maryland state court litigation exemplifies the issue. Defense counsel there claim they cannot defend their clients because they do not have the MDL materials[2] and have asserted they need ***additional*** discovery regarding NECC, the sterility company, FDA, the MA Board of Pharmacy, and various other MDL entities, including possibly taking depositions; requests reasonably expected of the remand clinical defendants at issue here. This duplicative discovery could siphon money away from the bankruptcy Trust. The economics of scale further counsel against remand, especially considering common issue experts that would be subject to repeat depositions nationally. With limited funds available, cost efficiency is crucial.

---

[1] Some might argue that because the parties and documents may be found in the remand states, efficiency weighs in that direction; however, the forum does not impact where depositions will be taken and since documents are exchanged electronically this is a distinction without a difference.

[2] Because they are not parties to this litigation, they have not signed the protective order. Even if they could, it might be meaningless. The Order limits use of discovery material to this litigation. (*See* Dkt. 397 at ¶ 3A (limiting use to "the Litigation"); p. 1 (defining "the Litigation" as here only); ¶ 7 (limiting signatories to this Litigation and original transferor courts only). For this reason, counsel has asked this issue be brought before the Court to modify the protective order to allow state court parties to use the MDL discovery.

**II.     Keeping the cases within the MDL prevents disparate rulings.**

MDLs strive to avoid inconsistent rulings. *In re Neurontin*, 245 F.R.D. at 57. Each transferor court will need to determine the law of the case. Frequently, bright-line rules are elusive. Multidistrict Litigation Manual § 10:17 (2016). Even determining which decisions apply and what they found is ripe for disagreement. Successor courts also reach inconsistent results deciding whether and when they can change prior rulings. *Id.* This Court knows its intent and is current on the facts and legal issues; it is therefore better suited to continue resolving pretrial matters.

Remand risks unraveling the Court's efforts and disparate outcomes for people due solely to venue differences. Remanding more trial-ready cases later, as contemplated by the JPML system and rules that empower the MDL Court to preside over all proceedings "before trial," which is interpreted broadly to be literally up to trial, *see In re Neurontin*, better protects the parties. It can also be done efficiently (*see* Ex. 2 (proposed schedule)) given the Court's experience already preparing for trial and addressing anticipated common factual, legal, and expert issues. The work put into the bellwether program would be for naught if the cases are remanded to start from scratch because the certainty and predictability regarding discovery and evidentiary rulings would be lost. This jeopardizes settlement and prejudices smaller clinic Plaintiffs, including those represented here.

**III.    Remand undermines and delays the prospect of settlement in these cases.**

One of the duties of a transferee judge is to attempt to achieve settlement. Manual for Complex Litigation (Fourth) § 20.132 (2004). Indeed, most multidistrict litigation is settled there. M. Marcus, E. Sherman, & H. Erichson, Complex Litigation: Cases and Materials on Advanced Civil Proc. 169 (5th ed. 2010).) This Court has already resolved several cases. The remaining barriers are best vaulted here given the Court's knowledge and experience.

Remanding now would also nullify the certainty and predictability that facilitates settlement. If this Court keeps the cases, counsel has a better idea of what case will be presented to a jury. Remanding them will introduce several variables into that analysis. Additionally, Plaintiffs anticipate Defendants will assert defenses implicating NECC and others. This Court is best equipped to manage these matters, which is important to preserve as much of the Trust as possible.

### IV.   Conclusion

In sum, convenience, consistency, efficiency, and fairness counsel against remand.


Dated:  June 21, 2016                                         Respectfully Submitted,

/s/ *Kimberly A. Dougherty*
Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

## **CERTIFICATE OF SERVICE**

     I, Kimberly A. Dougherty, hereby certify that on this day 21st of June 2016, _a copy of the foregoing document was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

                                                                 */s/ Kimberly A. Dougherty*
                                                                 Kimberly A. Dougherty, Esquire