UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. ) <br> PRODUCTS LIABILITY LITIGATION ) <br> v. ) | MDL No: 1:13-md-2419-RWZ |
| ) <br> This Document Relates to: ) <br> ) <br> Kennedy v. Unifirst ) <br> No. 1:13-cv-13227 ) <br> ) <br> Musselwhite v. Unifirst ) <br> No. 1:13-cv-13228 ) <br> ) <br> Musselwhite v. Advanced Pain & Anesthesia ) <br> Consultants ) <br> No: 1:14-cv-13676 ) <br> ) <br> Kennedy v. Advanced Pain & Anesthesia ) <br> Consultants ) <br> No.. 1:14-cv-13689 ) <br> ) <br> Brady v. Cincinnati Pain Management ) <br> Consultants ) <br> No. 1:14-cv-10284 ) <br> ) <br> Pettit v. Cincinnati Pain Management ) <br> Consultants ) <br> No. 1:14-cv-11224 ) <br> ) <br> Witt v. Cincinnati Pain Management ) <br> Consultants ) <br> No: 1:14-cv-10432 ) <br> ) <br> Montee v. BKC Pain Specialists ) <br> No. 1:13-cv-12657 ) <br> ) <br> Cooper v. BKC Pain Specialists ) <br> No: 1:13-cv-12659 ) <br> ) <br> Gilliam v. Chowdhury ) <br> No.: 1:15-cv-11367 ) | |

1586180v.1

# DEFENDANTS'[1] RESPONSE TO ORDER TO SHOW CAUSE TO REMAND

Pursuant to the Order to Show Cause Concerning Remand (Dkt. 2928), the Ohio and Illinois Clinic physician and clinic defendants hereby submit this response and request that these remaining matters be remanded to Ohio and Illinois for final resolution. As the Court noted and as set forth below, there are "no efficiencies to be gained" in litigating in the MDL these discrete and limited cases.

Out of the remaining nine (9) cases remaining against the Ohio and Illinois defendants only two plaintiffs (Musselwhite and Kennedy) seek to have the matters remain in the MDL.[2] The assertion is this Court's "institutional knowledge," preventing disparate rulings, and potential delay. All of the remaining cases should be remanded to their home state and the state with the most significant interest for resolution.

As an initial matter, in the plaintiff Musselwhite and Kennedy Response to the Order to Show Cause Concerning Remand (Dkt. 2942), it is represented that both Musselwhite and Kennedy are properly litigated here as they were filed in Massachusetts. (Dkt 2942-1). This is not entirely accurate. Both plaintiff Musselwhile and Kennedy also filed actions in Illinois as well which by Stipulation were consolidated by this Court in the Illinois filed actions. See Exhibit 1 (Dkt. 1603). There has been no Lexicon waiver. There is otherwise no meaningful impact on the bankruptcy whatsoever. The bankruptcy plan has been approved; the claims against the National Defendants resolved; the monies of the Trust scheduled to be distributed to the claimants.

---

[1] Advanced Pain & Anesthesia Consultants, PC, Cincinnati Pain Management Consultants, Inc., BKC Pain Specialists, LLC, Marion Pain Management and various defendant physicians and care providers.
[2] In one of the cases (15-cv-11367), the plaintiff recently filed a motion for extension of time to respond to the Show Cause Order (Dkt. 2943].

1

More fundamentally, it remains that the cases (including Musselwhite and Kennedy) should be resolved (both discovery and resolution) in their home jurisdiction. Despite this Court's "institutional knowledge," it cannot be reasonably asserted that the remaining and largely case specific discovery would be more efficiently conducted through this Court. Both Musselwhite and Kennedy are Illinois residents. The clinic and the attending physician as well as the employees of the Clinic who are to be deposed are Illinois residents. To the extent there are Board of Pharmacy discovery issues, the Illinois Board of Pharmacy is situated in Illinois. Similarly, the myriad of health care providers for both Musselwhite and Kennedy, both before and after the injection, are also in Illinois. Illinois has an overriding and significant interest in the application of its laws to Illinois litigants and parties. Even leaving aside the lack of any Lexicon waiver, as a matter of appropriate venue (see 28 U.S.C. 157(b)(5) and 28 U.S.C. 1404) considerations, the matters should be remanded for case specific discovery proceedings and any ultimate resolution including trial. Indeed, the fundamental appropriate venue considerations of convenience, access to evidence and proof, availability of process, availability of documentary evidence, public interest in administrative efficiency, the connection between the forum and the issues, the law to be applied, and the state or public interests—when fairly and properly weighed and considered dictate that these matters (Musselwhile/Kennedy) have their discovery conducted and claims resolved in Illinois.[3]

While this Court's "institutional knowledge," may be considered, it is not controlling. Similarly, the risk of disparate rulings is negligible. As to both assertions, it remains that that the parties and material witnesses are virtually all in Illinois. The injured plaintiffs and the health care providers reside in Illinois with Illinois having an overriding interest in determining whether

---

[3] All of the factors are not equal with the convenience of the expected witnesses the most important factor. <u>Boateng v. Gen. Dynamics Corp</u>., 460 F. Supp. 2d 270, 275 (D. Mass. 2006).

2

1586180v.1

an Illinois clinic and healthcare providers violated the applicable standard of care. Further, the Illinois based court is going to be intimately familiar with the applicable and controlling Illinois law as to both claims and defenses which eases efficiency and administration of discovery. The primary focus of remaining discovery and resolution is otherwise primarily centered on case specific issues. As such, this Court's knowledge or the risk of disparity of any rulings is not justification to refuse remand for discovery and resolution in Illinois (or Ohio). As to concern for "delay," the discovery stay requested by plaintiffs remains in effect and an Illinois based court can easily conference the case and set an appropriate schedule.

WHEREFORE, the Ohio and Illinois clinic and healthcare defendants request that the cases be remanded to Ohio and/or Illinois for remaining discovery and resolution.

Respectfully Submitted
The Defendants
ADVANCED PAIN & ANESTHESIA CONSULTANTS, P.C., CINCINNATI PAIN MANAGEMENT CONSULTANTS, INC., BKC PAIN SPECIALISTS, INC., MARION PAIN MANAGEMENT, et al.
By their attorney,

/s/ Tory A. Weigand

_____
Tory A. Weigand, BBO #548553
Anthony E. Abeln, BBO #669207
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500
tweigand@morrisonmahoney.com
aabeln@morrisonmahoney.com

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on **June 22, 2016**
/s/  Tory A. Weigand
_____

3

1586180v.1