## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT MASSACHUSETTS

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION** | **MDL No. 2419**<br><br>**Docket No.: 1:13-md-02419-RWZ** |
| **THIS DOCUMENT RELATES TO:**<br><br>**Armetta, et al. v. Box Hill Surgery Center, LLC, et al.**<br>**No. 1:14-cv-14022-RWZ**<br><br>**Bowman, et al. v. Box Hill Surgery Center, LLC, et al.**<br>**No. 1:14-cv-14028-RWZ**<br><br>**Davis, et al. v. Box Hill Surgery Center, LLC, et al.**<br>**No. 1:14-cv-14033-RWZ**<br><br>**Dreisch, et al. v. Box Hill Surgery Center, LLC, et al.**<br>**No. 1:14-cv-14029-RWZ**<br><br>**Farthing, et al. v. Box Hill Surgery Center, LLC, et al.**<br>**No. 1:14-cv-14036-RWZ**<br><br>**Kashi, et al. v. Box Hill Surgery Center, LLC, et al.**<br>**No. 1:14-cv-14026-RWZ**<br><br>**Torbeck, et al. v. Box Hill Surgery Center, LLC, et al.**<br>**No. 1:14-cv-14023-RWZ**<br><br>**Handy, et al. v. Box Hill Surgery Center, LLC, et al.**<br>**No. 1:14-cv-14019-RWZ** | |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY
BARBARA WAGNER'S MOTION FOR PROTECTIVE ORDER
REGARDING PLAINTIFFS' SUBPOENA AND
AMENDED NOTICE OF DEPOSITION *DUCES TECUM***

Non-party Barbara Wagner, by and through her attorneys, R. Scott Krause, Ashley L. Marucci, and Eccleston and Wolf, P.C., submits the following Memorandum of Law in support of her Motion for a Protective Order limiting the scope of discovery sought by Plaintiffs in the above-referenced cases in their Subpoena and Amended Notice of Deposition *Duces Tecum* (see Docket No. 2927, attached hereto as Exhibit A).

I.      **INTRODUCTION**

As this Court is well aware, hundreds of cases are pending in jurisdictions across the country relating to various healthcare providers' purchase and administration of methylprednisolone acetate ("MPA") from New England Compounding Center ("NECC"). While many cases are pending in this MDL, other cases were filed and have remained in State Court.  Most, if not all, of the so-called steroid injection cases arising from allegedly tainted MPA manufactured and sold by NECC and its affiliates involve substantially similar allegations against various Healthcare Provider Defendants that focus upon policies and procedures in place for selecting NECC as the supplier of medication, due diligence that was conducted and the actual ordering process itself.

Harford County Ambulatory Surgical Center, LLC ("HCASC") is a clinic located in Harford County, Maryland that purchased MPA from NECC.  Although HCASC is not a party to any cases in the MDL, it has been sued in several cases pending in the Circuit Court for Harford County, in which the Patient Plaintiffs allege negligence and various other common law and

statutory causes of action based upon, among other things, HCASC's decision to order MPA from NECC and the process involved in obtaining compounded medications from NECC. Non-party Barbara Wagner was an employee of HCASC at the time of the nationwide meningitis outbreak arising from allegedly tainted MPA from NECC, and she remains employed there.

Notably, Plaintiffs' counsel in the *Box Hill* cases also represent several Plaintiffs in cases against HCASC in the Circuit Court for Harford County. Accordingly, Plaintiffs' counsel is certainly aware of the lawsuits filed against HCASC and the issues involved in those cases. Plaintiffs' counsel is also aware that the cases against HCASC, which are in the very early stages of litigation, are in a materially different posture than cases in the MDL – a point readily conceded by Plaintiffs' counsel during the Status Conference with this Court on June 22, 2016. More specifically, and in contrast to the *Box Hill* cases, a Scheduling Order has not yet been issued in the HCASC cases, and no party, fact witness or expert depositions have been conducted.

Despite these unique circumstances, Plaintiffs' counsel issued a Subpoena and Amended Notice of Deposition *Duces Tecum* to Ms. Wagner that requests document production and testimony on a number of issues that relate solely to HCASC's policies and procedures for ordering medication from NECC.[1] Requesting such documents and information from an employee of a non-party clinic in the *Box Hill* cases, with the knowledge that the non-party clinic is sued in other cases in another jurisdiction based upon precisely the same issues, is unfair and prejudicial. The prejudice to HCASC is even more apparent when considering the fact that Plaintiffs' counsel in the *Box Hill* cases are also representing several Plaintiffs in cases against HCASC. Under the circumstances, Plaintiffs' request for documents and information from Ms.

---

[1] As discussed in further detail herein, based upon the document request included with the Subpoena and Amended Notice of Deposition *Duces Tecum*, there are some topics and anticipated areas of testimony to which Ms. Wagner does not object.

Wagner that specifically pertain to policies and procedures utilized by HCASC – an issue that is central to HCASC's defense of claims against it – appears to be nothing more than a conspicuous attempt to gain an improper tactical advance in the HCASC cases that have not even begun to be litigated.

For the reasons set forth more fully herein, Ms. Wagner respectfully requests that this Court issue a Protective Order limiting the scope of her deposition to topics that have a direct bearing on HCASC's relationship and interactions, if any, with the Box Hill Defendants, and precluding topics that relate solely to HCASC's policies and practices for ordering medication from NECC.

## II.     FRCP 26(c) and LOCAL RULE 37.1 CERTIFICATION

After conferring with Plaintiffs' counsel on a mutually convenient date for Ms. Wagner's deposition, undersigned counsel received a copy of the Subpoena and Amended Notice of Deposition *Duces Tecum* via email on June 14, 2016.  As discussed in further detail herein, Attachment A to the Amended Notice of Deposition *Duces Tecum* contains a vast scope of requested documents and information, which pertain almost exclusively to non-party HCASC's practices and procedures for ordering MPA from NECC and which do not appear to have any relevance to Plaintiffs' claims against the Box Hill Defendants.   Accordingly, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 37.1, undersigned counsel sent a letter, by email and first class mail, to Plaintiffs' counsel, setting forth in detail the basis for their objections to the scope of requested documents and information in the Amended Notice of Deposition *Duces Tecum*.  (See Exhibit B).  Plaintiffs' counsel responded by email, indicating, without any support or rationale, "We believe all the topics listed in Attachment A are relevant

and have probative value as to the issues involved in the *Box Hill* cases." (See Exhibit C). Plaintiffs' counsel also stated their intention to proceed with Ms. Wagner's deposition.

Despite efforts by undersigned counsel to resolve this discovery dispute without this Court's intervention, Plaintiffs' counsel have provided no substantive details to support their request for the scope of information and documents sought from Ms. Wagner as a fact witness in the *Box Hill* cases. Rather, as noted above, Plaintiffs' counsel baldly assert their belief that the deposition topics are relevant and have probative value. Under the circumstances, Ms. Wagner respectfully requests that this Court issue a Protective Order limiting the scope of requested discovery for the reasons set forth below.

## III.    ARGUMENT

It is well-established that a Subpoena issued pursuant to FRCP 45 is enforceable only if it falls within the scope of FRCP 26(b)(1). That subsection provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and <u>proportional</u> to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. (Emphasis added).

The proportionality requirement is a relatively new amendment to FRCP 26(b)(1) and was included to "'encourage judges to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp.*, 2016 WL 303114 at *3 (S.D.N.Y. Jan. 25, 2016) (quoting Advisory Committee's notes to 2015 amendments).

Importantly, the party issuing a Subpoena has the burden to establish that the requested information is relevant to its claims or defenses. *See Enargy Power (Shenzhen) Co. Ltd. v.*

*Wang*, 2014 WL 4687784 at *2 (D. Mass. Sept. 17, 2014).  Pursuant to FRCP 26(b)(2)(C), a Court <u>must</u> limit discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."   In this context, non-parties are afforded even greater protections in light of their relationship to the litigation.  *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

FRCP 26(c) provides that, upon a showing of good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Whether good cause exists "is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action." 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.).

Here, good cause exists to limit the scope of documents and information sought from Ms. Wagner in deposition.  Given that Ms. Wagner is an employee of HCASC, who is sued in other cases on the basis of allegedly tainted MPA ordered from NECC and administered to its patients, and that the Subpoena and Amended Notice of Deposition *Duces Tecum* request documents and information specifically focused upon HCASC's practices and policies, which have no bearing on Plaintiffs' claims against the Box Hill Defendants in this case, this Court should enter an order limiting the scope of discovery in Ms. Wagner's deposition.

**A.      The Scope of Documents and Information is Not Relevant or Proportional to the Discovery Needs in the *Box Hill* Cases.**

Attachment A to the Amended Notice of Deposition *Duces Tecum* to Ms. Wagner requests production of the following documents, and presumably deposition testimony relating to the documents:

1.      Deponent's job description at Harford County Ambulatory Surgery Center ("HCASC").

2.      Any and all documents relating to a consultant HCASC used to select providers of drugs or compounded medication.

3.      Any and all documents relating to New England Compounding Center's ("NECC") qualifications and abilities to compound and dispense preservative free MPA to HCASC.

4.      Any and all documents relating to HCASC's purchase of methylprednisolone acetate ("MPA") from NECC.

5.      Any and all documents relating to the exchange of medications purchased from NECC between HCASC and Box Hill Surgery Center ("Box Hill").

6.      Any and all documents relating to the legality of obtaining compounded preservative free MPA for administration to patients in Maryland facilities.

It is worth noting that Ms. Wagner does not object to all of the topics listed in Attachment A. By way of example, to the extent there are documents and/or information relating to the relationship between HCASC and the Box Hill Defendants, including whether there was any exchange of medications purchased from NECC between the healthcare providers (see Topic No. 5 of Attachment A to Amended Notice of Deposition *Duces Tecum*), Ms. Wagner does not object to Plaintiffs exploring those issues in deposition. In contrast to the vast majority of topics in the Notice of Deposition *Duces Tecum*, that topic appears to have some relevance to the claims against the Box Hill Defendants.

Notwithstanding the foregoing, based upon the document request in Attachment A to the Notice of Deposition *Duces Tecum*, Plaintiffs seek a broad scope of documents and information that specifically pertain to the central issues being litigated in the cases against HCASC, some of which, as noted above, are being handled by Plaintiffs' attorneys in the *Box Hill* cases (see Topic Nos. 1-4, 6 of Attachment A to Amended Notice of Deposition *Duces Tecum*).  It would be fundamentally unfair to require Ms. Wagner to produce documents and offer testimony on these issues in the *Box Hill* cases, when litigation in the HCASC cases in the Circuit Court for Harford County has barely begun.  HCASC's defenses of the cases against it will certainly hinge upon documents and information that relate to its policies, procedures and practices in ordering medication from NECC, which will arguably be an appropriate topic for discovery in those cases at the appropriate time.

Beyond the fact that disclosure of the requested documents and information would prejudice HCASC in its defense of the cases against it, there is no readily apparent rationale for Plaintiffs' request for these materials in the *Box Hill* cases.  As explained in undersigned counsel's good faith letter to Plaintiffs' counsel, information regarding HCASC's policies and procedures is not relevant to Plaintiffs' efforts to prove their claims against the Box Hill Defendants, inasmuch as HCASC's policies and procedures have no bearing on how the Box Hill Defendants ordered, stored and/or administered medication to their patients.  In stark contrast, HCASC's policies, procedures and practices have a direct relationship to the claims pending against them in the Circuit Court for Harford County.  In response to undersigned counsel's good faith letter, and despite the fact the Plaintiffs have an obligation to establish the relevance of the information and documents they seek in Ms. Wagner's deposition, Plaintiffs'

counsel merely responded that they "believe all the topics listed in Attachment A are relevant and have probative value as to the issues involved in the *Box Hill* cases."  (See Exhibit C).

When weighing the patent prejudice to HCASC in the defense of cases against it, in conjunction with the unsubstantiated request by Plaintiffs in the *Box Hill* cases for information that has no apparent relevance to the claims in the *Box Hill* cases, it is clear that the scope of requested documents and information in the Amended Notice of Deposition *Duces Tecum* to Ms. Wagner is not proportional to the needs of these cases and does not comply with the scope of discoverable information under FRCP 26(b)(1).  Accordingly, Ms. Wagner requests that Plaintiffs be precluded from obtaining documents and information relating to Topic Nos. 1-4 and 6 of Attachment A to the Amended Notice of Deposition *Duces Tecum*.

**B.      Plaintiffs' Counsel Mischaracterizes the Subpoena and Amended Notice of Deposition to Ms. Wagner as Analogous to Box Hill's Depositions by Written Question.**

In their email response to undersigned counsel's good faith letter, Plaintiffs' counsel noted that this Court has permitted the Box Hill Defendants and other Clinic Defendants in the MDL to serve Notices of Deposition by Written Question upon other clinics regarding their purchase of MPA from NECC.  Plaintiffs' counsel stated their position that the Amended Notice of Deposition to Ms. Wagner is analogous and, accordingly, permissible under the scope of this Court's Orders relating to the Notices of Deposition by Written Question to other non-party clinics.

While it appears that this Court has permitted the Box Hill Defendants and other Clinic Defendants to seek documents and information from non-party clinics regarding their purchase of MPA from NECC, this situation is clearly distinguishable.  There is no indication that any of the clinics on whom Notices of Deposition were served were actively involved in litigation in

another jurisdiction based upon their purchase of MPA, or any other medication, from NECC.  In fact, in the PSC's Motion for a Protective Order Regarding the Box Hill Defendants' Notices of Deposition by Written Question, the PSC notes that "[i]t is questionable whether some of the ten depositions will lead to the discovery of relevant evidence, as nine of the ten Witness Clinics did not purchase the contaminated, preservative-free MPA at issue."  (See Docket No. 2353, p. 1 n.1).

Plaintiffs' counsel baldly assumes that this Court's prior decision to allow depositions by written question as to other non-party clinics, who do not appear to be involved in any litigation arising out of the allegedly tainted MPA from NECC, automatically permits the full scope of discovery sought from Ms. Wagner.  Taking into consideration the fact that Ms. Wagner is employed by a clinic that, although not a party to the MDL proceedings, is sued in several other cases in State Court, the circumstances of this deposition are materially distinguishable from the depositions by written question previously considered by this Court.  Moreover, Plaintiffs' counsel's suggestion that this Court has allowed discovery as to all non-party clinics served with a Notice of Deposition by Written Question is incorrect.  Rather, this Court recently issued a ruling granting Motions to Quash separately filed by The Emory Clinic and Vanderbilt as to Notices of Deposition by Written Question served by the Premier Defendants.  (See Docket Nos. 2777, 2901).  Thus, it is clear that this Court considers the facts and circumstances surrounding each discovery request before issuing a ruling permitting the discovery to proceed, and that the party serving the discovery has a duty to establish its relevance and necessity.

Furthermore, the fact that this Court has allowed the parties in the *Box Hill* cases to obtain discovery from several other non-party clinics regarding their purchase of MPA from NECC renders the discovery sought from Ms. Wagner on the same basis unnecessarily

duplicative.  To the extent Plaintiffs request documents and information relating to HCASC's purchase of MPA from NECC for the purpose of gathering evidence as to the appropriate standard of care and/or pattern and practice of similarly situated clinics, it appears that the parties have already been given ample opportunity to explore those issues through depositions of other non-party clinics who, unlike HCASC, are not parties to any ongoing litigation in connection with tainted steroid medication from NECC.  This fact lends further support for Ms. Wagner's request that this Court limit the scope of her deposition by precluding discovery as to Topic Nos. 1-4 and 6 of Attachment A to the Amended Notice of Deposition *Duces Tecum*.

## IV.   CONCLUSION

For the foregoing reasons, Ms. Wagner respectfully requests that this Court issue a Protective Order precluding Plaintiffs from seeking documents or testimony relating to Topic Nos. 1-4 and 6 in Attachment A to the Amended Notice of Deposition *Duces Tecum*, which relate specifically to HCASC's practices and procedures in procuring medication from NECC.

Respectfully submitted,

  __/s/ R. Scott Krause_____
R. Scott Krause (Fed. Bar # 23667)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076
krause@ewmd.com
410-752-7474 (telephone)
410-752-0611 (facsimile)

*/s/ Ashley L. Marucci*
Ashley L. Marucci (Fed. Bar # 18642)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076
marucci@ewmd.com
410-752-7474 (telephone)
410-752-0611 (facsimile)

*Attorneys for Non-party Barbara Wagner*

## CERTIFICATE OF SERVICE

This will certify that true and accurate copies of the foregoing Non-Party Barbara Wagner's Motion for Protective Order Regarding Plaintiffs' Subpoena and Amended Notice of Deposition *Duces Tecum* and supporting Memorandum of Law were served on all counsel of record by virtue of the Court's electronic filing system this 23rd day of June, 2016.

*/s/ Ashley L. Marucci*
Ashley L. Marucci