# Ashley Marucci

| | |
|---|---|
| **From:** | Ashley Marucci |
| **Sent:** | Monday, June 20, 2016 5:12 PM |
| **To:** | 'Sharon Houston (shouston@lawpga.com)' |
| **Subject:** | Box Hill Cases -- Barbara Wagner Deposition |
| **Attachments:** | Angelos 2.pdf |

Sharon,

Attached is a letter regarding Barbara Wagner's fact witness deposition in the *Box Hill* cases.

Best,
Ashley

Ashley L. Marucci, Esquire
Eccleston and Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
marucci@ewmd.com
(410) 752-7474
(410) 752-0611  (fax)
www.ecclestonwolf.com


EXHIBIT B

Law Offices
# Eccleston and Wolf
Professional Corporation

(410) 752-7474
FAX (410) 752-0611
MARUCCI@EWMD.COM

ASHLEY L. MARUCCI

BALTIMORE-WASHINGTON LAW CENTER
7240 PARKWAY DRIVE – 4th FLOOR
HANOVER, MARYLAND 21076

SUITE 260
1629 K STREET, N.W.
WASHINGTON, D.C. 20006
(202) 857-1696

SUITE 107
10400 EATON PLACE
FAIRFAX, VIRGINIA 22030
(703) 218-5330

June 20, 2016

**VIA E-MAIL and U.S. MAIL – (shouston@lawpga.com)**

Sharon Houston, Esquire
Law Offices of Peter G. Angelos
100 N. Charles St., 22nd floor
Baltimore, MD 21201

                RE:    Subpoena and Amended Notice of
                          Deposition *Duces Tecum* to Barbara Wagner

Dear Ms. Houston:

As we have discussed, Scott Krause and I represent Barbara Wagner and Kim Brockmeyer in their fact witness depositions in the cases against Defendants Box Hill Surgery Center, LLC, Ritu Bhambhani, MD and Ritu T. Bhambhani, MD, LLC (the "*Box Hill* cases"). In accordance with Federal Rule of Civil Procedure 26(c), this letter will serve as a good faith attempt to resolve a discovery dispute regarding the scope of several topics listed in the Amended Notice of Deposition *Duces Tecum* directed to Ms. Wagner. If we are unable to resolve this dispute, I intend to file a Motion for Protective Order relating to the scope of Ms. Wagner's requested document production and testimony at deposition.

As you are likely aware, Ms. Wagner is a current employee of Harford County Surgical Center, LLC ("HCASC"), a Healthcare Provider Defendant we represent in several cases brought by your firm and Janet, Jenner & Suggs, LLC on behalf of various Plaintiffs in the Circuit Court for Harford County, Maryland. We are in the early stages of litigating the cases involving HCASC and related Healthcare Providers, and we have not yet engaged in extensive discovery. The Court has not yet issued a global Scheduling Order, and there have been no depositions of parties, fact witnesses or experts in those cases.

Attachment A to the Amended Notice of Deposition *Duces Tecum* directed to Ms. Wagner requests production of the following documents, in relevant part:[1]

- (1) Ms. Wagner's job description at HCASC;

---

[1] Ms. Wagner does not object to Topic No. 5 in Attachment A to the Amended Notice of Deposition *Duces Tecum*, which requests "Any and all documents relating to the exchange of medications purchased from NECC between HCASC and Box Hill Surgery Center ('Box Hill')."

J:\3A616\Corresp\Angelos 2.Doc

Eccleston and Wolf PC

Sharon Houston, Esquire
June 20, 2016
Page 2

- (2) All documents relating to a consultant at HCASC used to select providers of drugs or compounded medication;

- (3) All documents relating to NECC's qualifications and abilities to compound and dispense preservative free MPA to HCASC;

- (4) All documents relating to HCASC's purchase of MPA from NECC; and

- (6) All documents relating to the legality of obtaining MPA for administration to patients in Maryland facilities.

With the exception of any potential documents and information relating to the exchange of medications purchased from NECC between HCASC and Box Hill (as referenced in Topic No. 5), the topics listed in Attachment A have no bearing on the issues involved in the *Box Hill* cases. More specifically, the topics listed in Attachment A have no probative value to the issues of how the Box Hill Defendants ordered, stored and/or administered medications to their patients. Accordingly, the requested documents and information, which specifically relate only to policies and procedures in place at HCASC, cannot be pertinent to Plaintiffs' efforts to prove their claims against the Box Hill Defendants.

Importantly, while the topics in Attachment A do not appear to relate to issues in the *Box Hill* cases, they do have a direct impact on the cases currently pending against HCASC. Disclosure of such information and documents in the *Box Hill* cases, through fact witness testimony of Ms. Wagner, would unnecessarily prejudice HCASC's defense of the cases against it, which are premised upon precisely the same subject matter involving compounded medications ordered from NECC.

Ms. Wagner does not necessarily object to the requested documents and information being sought in deposition in cases against HCASC. However, the *Box Hill* cases involve entirely different parties, material facts and attorneys. Furthermore, the *Box Hill* cases in which Ms. Wagner's deposition was noted are part of the MDL proceedings and, accordingly, are pending in the U.S. District Court for the District of Massachusetts. In contrast, the cases against HCASC are all pending in the Circuit Court for Harford County, Maryland, which are in a substantially different posture in the early stages of litigation.

Beyond the fact that the requested documents and information referenced herein have no bearing on the issues in the *Box Hill* cases, Plaintiffs' attempt to obtain such materials in fact witness depositions in the *Box Hill* cases that are central to HCASC's defense of the cases against it, some of which are also being handled by your firm, is unfair and prejudicial. There is no readily apparent basis for Plaintiffs' request for information and documents that pertain solely to HCASC's practices. To allow counsel who also represent Plaintiffs in cases against HCASC to obtain such documents and information in other cases would create an improper tactical advantage in the litigation of cases against HCASC.

Eccleston and Wolf PC

Sharon Houston, Esquire
June 20, 2016
Page 3

As noted above, if we cannot reach an acceptable agreement on the scope of documents and information sought in connection with Ms. Wagner's deposition, I intend to file a Motion for Protective Order this week. If you would like to discuss this matter further, please do not hesitate to contact me.

                Sincerely,

                ECCLESTON AND WOLF, P. C.

        By: _Ashley Marucci_
                Ashley L. Marucci

ALM:ALM