WESTLAW

2014 WL 4687784
Only the Westlaw citation is currently available.
United States District Court,
D. Massachusetts.

Enargy Power (Shenzhen) Co. Ltd. v. Xiaolong Wang
United States District Court, D. Massachusetts.    September 17, 2014    Slip Copy    2014 WL 4687784    (Approx. 4 pages)

**ENARGY POWER** (SHENZHEN) CO. LTD., et al., Plaintiffs,

v.

XIAOLONG **WANG**, et al., Defendants.

Civil Action No. 13–11348–DJC.
Signed Sept. 17, 2014.

### Attorneys and Law Firms

Timothy K. Cutler, Connie C. Dai, Cutler Wilenski LLP, Boston, MA, for Plaintiffs.

Robert C. Boutwell, Sally & Fitch LLP, Boston, MA, for Defendants.

*ORDER ON DEFENDANTS' MOTION TO QUASH THE SUBPOENA DUCES TECUM DIRECTED TO THIRD PARTY SPEEDY TAX* [Docket No. 63]

BOAL, United States Magistrate Judge.

*1 Defendants Xiaolong **Wang** ("**Wang**") and Cecei Chen ("C.Chen") (collectively, the "Defendants") have moved to quash a subpoena served on Speedy Tax seeking their tax records and other related documents. Docket No. 63.[1] For the following reasons, this Court grants the motion.

*I. FACTUAL AND PROCEDURAL BACKGROUND*[2]
From February 2008 to August 2011, **Wang** worked for **Enargy** as the director of **Enargy's** research and development department. Docket No. 8–1 ¶ 6. **Wang** and **Enargy** agreed on an annual salary of $200,000 and a five-year term of employment. *Id.* ¶ 29. In February 2008, **Enargy** advanced $800,000 (four years' salary) to **Wang** with the understanding that if **Wang** did not complete the entire four years, he would return the pro-rata portion of the advance that he had not yet earned. *Id.* ¶¶ 30–32.

While with **Enargy**, **Wang** led the design and development of a "unique and customized high density DC/DC [power] converter [ (the "PH Project") ] to be used in specialized aircraft," Docket No. 8–1 ¶ 7. **Wang** worked on the PH Project as well as a similar project called the "Five Series Project." *Id.* ¶ 11. Together, **Enargy** and **Wang** developed a number of trade secrets including "the electric circuit layout, design drawings, bill of material, printing circuit board, software code, structure, experiment data, and testing data." *Id.* ¶ 8. The parties dispute whether the trade secrets were intended to be the sole property of **Enargy** or **Wang** or jointly owned. *Id.* ¶¶ 8–9; Docket No. 17–1 ¶ 38.

Over time, the relationship between **Enargy** and **Wang** deteriorated. Docket No. 17–1 ¶¶ 30–39. **Wang** stopped working for **Enargy** in or about August 2011. Docket No. 8–1 ¶ 33. Plaintiffs allege that, prior to his departure, **Wang**, from his home in Canton, Massachusetts, instructed other **Enargy** employees to transmit the PH Project and Five Series Project files to him. *See* AC ¶¶ 48–52, 62. Plaintiffs further allege that **Wang** has since transferred those trade secrets to **Enargy's** distributor-turned-competitor Sichuan Chengye, with whom **Wang** is currently employed. *See id.* ¶¶ 56, 58, 64.

**Wang's** wife, C. Chen, worked as treasurer for **Enargy's** Massachusetts corporation. Plaintiffs allege that C. Chen wrongfully removed $330,000 from the corporate bank account. *See* AC ¶¶ 27, 33; Docket 8–1 ¶¶ 19–20; Docket Nos. 8–9, 8–11, 8–16.

On June 5, 2013, Plaintiffs filed a complaint against **Wang** and C. Chen, Docket No. 1, which was subsequently amended twice. Docket Nos. 6, 36. In their second amended

---

**SELECTED** TOPICS

Criminal Law

Clear Assertion of Constitutional Speedy Trial Rights

**Secondary Sources**

s 53.124. Constitutional defenses-Right to counsel-Speedy indictment, speedy trial, speedy sentencing and speedy appeal

17B Mass. Prac., Prima Facie Case § 53.124 (5th ed.)

...In order to secure a dismissal for lack of speedy indictment, the defendant must show that (1) the delay substantially prejudiced his defense and that (2) it was intentionally or recklessly caused by t...

Remedy for delay in bringing accused to trial or to retrial after reversal

58 A.L.R. 1510 (Originally published in 1929)

...In many cases wherein relief has been sought for delay in bringing an accused person to trial, or to retrial after reversal, it appears that the petitioner, applicant, or appellant was not entitled to...

Waiver or loss of accused's right to speedy trial

57 A.L.R.2d 302 (Originally published in 1958)

...This annotation supplements one in 129 A.L.R. 572. There is an annotation in 118 A.L.R. 1037 on, "Constitutional or statutory right of accused to speedy trial as affected by his incarceration for anoth...

See More Secondary Sources

**Briefs**

Respondent's Brief on the Merits

2008 WL 5266420
STATE OF VERMONT, Petitioner, v. Michael BRILLON, Respondent.
Supreme Court of the United States
Dec. 17, 2008

...The nearly three years between Brillon's July 30, 2001 arraignment and his June 14, 2004 trial began and ended with the normal activities of pretrial preparation. In between was a lengthy period of ina...

Suffolk County

2015 WL 4041582
COMMONWEALTH OF MASSACHUSETTS, Appellee, v. Steven VELASQUEZ, Defendant-Appellant.
Appeals Court of Massachusetts.
June 01, 2015

...FN1. References to the defendant's brief will be cited as (D.Br. _ ), and references to his appendix will be cited as (D.A., _ ). References to the trial transcript will be cited by volume and page num...

Brief and Supplemental Record Appendix for the Defendant on Appeal By the Commonwealth from the Berkshire County Superior Court

1997 WL 34470045
COMMONWEALTH OF MASSACHUSETTS, v. David COOK.
Supreme Judicial Court of Massachusetts.
Jun 1997

complaint, Plaintiffs bring claims alleging, inter alia, violation of the Computer Fraud and Abuse Act ("CFAA"), conversion, misappropriation of trade secrets, and breach of fiduciary duty. Docket No. 36.

On June 25, 2014, the Plaintiffs issued a subpoena to Speedy Tax seeking "all DOCUMENTS and COMMUNICATIONS that constitute, reflect, discuss and/or RELATE TO [**Wang's** and C. Chen's] personal tax returns for the year (sic) of 2007 to 2013." Docket No. 63–1 at 5. Defendants moved to quash the subpoena on July 24, 2014. Docket No. 63. Plaintiffs filed an opposition to Defendants' motion to quash on August 4, 2014. Docket No. 67. The Court heard oral argument on September 16, 2014.

II. *ANALYSIS*

A. *Standard Of Review*
*2 "Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01–cv–01644, 2010 WL 502721, at *9 (D.Colo. Feb.8, 2010) (citing *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D.Cal.2002)). To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ..." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26(b)(1) generally permits liberal discovery of relevant information. *Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 125 (D.Mass.1990). As the Supreme Court has instructed, because "discovery itself is designed to help define and clarify the issues," the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

There are limits, however, on the scope of discovery. A court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues. See Fed.R.Civ.P. 26(b)(2)(C).

A Rule 45 subpoena must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1). *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07–260, 2009 WL 700142, at *2 (W.D.Pa. Mar.17, 2009) (citation omitted). Thus, the information sought must be: (1) not privileged; (2) relevant to the claim or defense of any party; and (3) either admissible or reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). The party issuing the subpoena has the burden of establishing that the requested information is relevant to its claims or defenses. *Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc.*, 297 F.R.D. 19, 20 (D.P.R.2014).

B. *Whether The Defendants' Tax Returns Are Discoverable*
The subpoena to Speedy Tax seeks the Defendants' tax returns for the years 2007 to 2013 and other documents concerning such tax returns. Tax returns are discoverable if they are relevant to the claims of the parties and the information is not readily available in another form. *Bourne v. Arruda*, No. 10–cv–393–LM, 2012 WL 1107694, at *3 (D.N.H. Apr.2, 2012); *Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 43 (D.Mass.2001). The party seeking the tax returns bears the burden of showing relevancy; the party resisting discovery bears the burden of establishing alternative sources for the information. *Pedraza*, 203 F.R.D. at 43.

*3 Plaintiffs argue that the tax returns are relevant because they may lead to the discovery of information concerning monies received by the Defendants from the alleged sale of Plaintiffs' trade secrets. *See* Docket No. 67 at 3–4. The Court finds that Mr. **Wang's** tax returns may contain some relevant information but the subpoena is overly broad in its present form.

First, while Mr. **Wang's** tax returns themselves may contain some relevant information, the subpoena seeks not only the tax returns but also other documents and communications "related to" the tax returns. Plaintiffs have not shown that any such documents would lead to the discovery of admissible evidence in this action. In addition, this Court has already found that the Plaintiffs are not entitled to each and every document identifying **Wang's** sources of

...FN1. The Commonwealth's brief filed in the Appeals Court in this matter will be cited herein, by page, as [C.Br. ], and the record appendix will be cited by page, as [R. ]. The defendant's supplemental...

See More Briefs

**Trial Court Documents**

Com. v. Pagels

2004 WL 5540226
COMMONWEALTH, v. Stephen D. PAGELS.
Superior Court of Massachusetts.
Oct. 06, 2004

...BARNSTABLE, ss. The defendant, Stephen G. Pagels, has been indicted on charges of assault with intent to murder in violation of G. L. c. 265, § 15, assault and battery in violation of G.L. c. 265, § 13...

Com. v. Santos

2008 WL 4522321
COMMONWEALTH, v. Taray SANTOS.
Superior Court of Massachusetts.
Apr. 22, 2008

...PLYMOUTH, ss. The Defendant, Taray Santos ("Santos"), was indicted by the Plymouth County Grand Jury on April 8, 1996, for unlawful distribution of a controlled substance, cocaine, and a violation of a...

Com. v. Montgomery

2008 WL 6155717
COMMONWEALTH, v. Kenneth MONTGOMERY.
Superior Court of Massachusetts.
Mar. 05, 2008

...This matter is before the Court on the defendant, Kenneth Montgomery's, motion to dismiss the four indictments against him on the grounds that his rights to a speedy trial under the Sixth Amendment of...

See More Trial Court Documents

income. Docket No. 49 at 7. Further, the Plaintiffs have not shown that C. Chen's tax returns are relevant.[5] Finally, the time period referenced in the subpoena—2007 to the present—is overly broad. **Wang** did not begin working at **Enargy** until 2008. Accordingly, the Court quashes the subpoena.[6]

III. *ORDER*

For the foregoing reasons, this Court grants the Defendants' motion to quash.

**All Citations**

Slip Copy, 2014 WL 4687784

**Footnotes**

[1]  The District Court referred the motion to the undersigned on July 25, 2014. Docket No. 65.

[2]  The facts are drawn from Plaintiffs' second amended complaint ("AC—") (Docket No. 36), the District Court's preliminary injunction order (Docket No. 24), and the parties' pleadings regarding Plaintiffs' motion for a preliminary injunction (Docket Nos. 8–1, 8–9, 8–11, 8–16, 17–1).

[3]  In the meantime, on December 3, 2013, the District Court entered a preliminary injunction in favor of Plaintiffs on their claims under the CFAA and based on conversion. Docket No. 24. The District Court ordered, inter alia, that the Defendants cease the use of any bank account registered in the name of **Enargy** Corporation. Docket No. 24 at 20.

[4]  Typically, a motion to quash may only be made by the party to whom the subpoena is directed. In this case, the subpoena is directed to Speedy Tax. However, if a party seeking to challenge a subpoena has a personal right or privilege with respect to the requested information, that party may have standing. *Sterling Merch., Inc. v. Nestle, S.A.*, 470 F.Supp.2d 77, 81 (D.P.R.2006); *Reliastar Life Ins. Co. v. Warrior*, No. 06–2486, 2007 WL 2669558, at * 4 (D.Kan. September 7, 2007). In this case, the Defendants appear to have a personal right to the information contained in their tax returns and related documents. The Plaintiffs do not challenge the Defendants' standing to contest the subpoena.

[5]  Plaintiffs appear to argue that C. Chen's tax returns are relevant because C. Chen and **Wang** may have filed joint tax returns. Docket No. 67 at 4.

[6]  The Court also notes that the Plaintiffs used the wrong subpoena form. See Fed.R.Civ.P. 45(a)(1)(A)(iv) (a Rule 45 subpoena must "set out the text of Rule 45(d) and (e)"). At oral argument, Plaintiffs' counsel acknowledged that they mistakenly used a state court form.

End of Document                © 2016 Thomson Reuters. No claim to original U.S. Government Works.