UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND )
COMPOUNDING PHARMACY, INC. )
PRODUCTS LIABILITY LITIGATION ) MDL No. 13-2419-RWZ
)
This Document Relates To: )
)
   All Actions Involving Specialty )
   Surgery Center and Dr. Kenneth )
   Lister )
)

**Cumberland Medical Center's Post-Hearing Response and Clarification of Facts**

Cumberland Medical Center, by counsel and in conjunction with the June 22, 2016 hearing on Specialty Surgery Center's ("SSC") Motion for Protective Order (Doc. 2906)[1], states for completeness of the record:

(1) At the hearing, the Court had several questions regarding the facts underlying the sale of Defendant SSC's computers to CMC. Counsel for CMC attempted to address those questions over the telephone, but there still appeared to be some confusion at the conclusion of the hearing. Relative to the pertinent questions asked during the hearing, Cumberland states as follows.

(2) The Asset Purchase Agreement ("Agreement") between SSC and Cumberland was signed and executed in June 2013.

(3) Cumberland Medical Center, as part of the Agreement, purchased "tangible personal property" including furniture, fixtures, equipment, and supplies." Agreement, Article 1, Section

---

[1] Counsel for Cumberland Medical Center ("CMC") participated in the hearing by telephone

1.1(b), attached as **Exhibit 1**.

(4) Cumberland Medical Center also purchased "patient charts and records." Id. Section 1.1(c).

(5) In his deposition, Larry Moore, Chief Financial Officer and Chief Operating Officer at Cumberland Medical Center, testified that the patient medical charts, after purchase: "were transported to our medical records department" which is physically located at the Main Street facility. The records are segregated from the other medical records at the hospital. Moore Depo., pp. 70, attached as **Exhibit 2**.

(6) Based upon the Agreement and Mr. Moore's testimony, the sale included (among other things) two distinct assets: the physical, computer hardware and hard-copy, medical records.

(7) As demonstrated through Cumberland Medical Center's use of the computers, CMC purchased the computers for the hardware, not the data on the computers. The three computers that have been put into use at the hospital were "re-imaged" to add Cumberland software and computer programs for the purposes of carrying out Cumberland hospital business. The SSC data was not accessed or used on those computers. Additionally, the remaining four computers have not been placed into use and are in storage; the contents unaltered or accessed.

(8) Mr. Moore also testified that the surgery center closed on June 27, 2013 (the date of purchase). An endoscopy surgical center (unrelated to the SSC in scope and practice) was opened on the premises 10 months later on May 23, 2014. Depo., pp. 84.

Respectfully submitted this 29th day of June, 2016.

                        ARNETT, DRAPER & HAGOOD, LLP


By   /s Rachel Park Hurt
      F. Michael Fitzpatrick   BPR # 001088
      Rachel P. Hurt             BPR #026515
      Attorneys for Defendants, Cumberland
      Medical Center

ARNETT, DRAPER & HAGOOD, LLP
2300 First Tennessee Plaza
Knoxville, TN   37929-2300
(865)546-7000

## CERTIFICATE OF SERVICE

    I, Rachel Park Hurt, counsel for **Cumberland Medical Center**, do hereby certify that a true and exact copy of this pleading or document has been served upon counsel for all parties in this case by operation of the Court's electronic filing system.

    This the 29TH day of June, 2016.

                        ARNETT, DRAPER AND HAGOOD, LLP


                        By:   *s/ Rachel Park Hurt*