UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:   NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Actions Involving Specialty Surgery Center and Dr. Kenneth Lister. | )<br>)<br>)<br>)  MDL No. 1:13-md-2419<br>)<br>)  Judge Rya Zobel<br>)<br>) |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUGGESTION OF REMAND OF SSC CASES TO TENNESSEE [Dkt. No. 2939]**

Plaintiffs' Steering Committee ("PSC") hereby responds in Opposition to Defendants' Motion for  Suggestion of Remand of SSC Cases To Tennessee and To Establish Venue in Tennessee Via § 157(b)(5) or §1404(a) [Dkt.2939].

I. **DEFENDANTS' MOTION IS A VEILED REQUEST FOR THIS COURT TO ONCE AGAIN ADDRESS ITS AUTHORITY UNDER 28 U.S.C. § 157(b)(5)**

The Motion is yet another attempt by a defendant in this litigation to seek trial elsewhere and request this Court to reconsider its rulings regarding its authority under 28 U.S.C. § 157(b)(5).[1] The Specialty Surgery Center Defendants have already requested these cases be tried in Tennessee, and the Court has already rejected these arguments.[2]

The Court's jurisdiction under § 157(b)(5) is settled.  The Court has previously addressed this issue already no less than three times and written 74 pages (across three opinions) establishing its jurisdiction under § 157(b)(5).[3]  Most relevant to the present motion is the Court's 26-page October 7, 2015 order (the "Venue Order") which provided key background on

---

[1] The Court will recall that the Saint Thomas Entities have made similar requests throughout the proceedings.  *See e.g.*, Dkt. No. 2785.
[2] *See* Dkt. No. 2091.
[3] Dkt. Nos. 170, 1131, and 2309.

this litigation, thoroughly examined the best venue for trying cases, and ultimately concluded that trials in Massachusetts are warranted.[4]

In the Venue Order, the Court expressly identified certain "Candidate Cases" for which this Court has unequivocal jurisdiction and that should be considered for trial in Massachusetts.

The Court identified these "Candidate Cases" as those "filed before May 20, 2015" that:

- Names NECC or an Affiliated Defendant as a defendant, regardless of whether the case was originally filed in state or federal court, 496 B.R. at 264;

- Involves cross-claims against NECC or any Affiliated Defendant, including claims for contribution or indemnity, id.;

- Does not involve claims of any kind against NECC or an Affiliated Defendant in the litigation, but does involve plaintiffs or defendants that filed timely proofs of claim in the bankruptcy, Docket # 1131 at 11-12;

- Does not involve claims of any kind against NECC or an Affiliated Defendant in the litigation, but does involve defendants that may assert, and have expressed an intention to assert, comparative fault defenses that seek to assign fault to NECC or an Affiliated Defendant.[5]

The Court correctly noted that the Tennessee cases, of which the Specialty Surgery Center cases are part, unquestionably fall within this group of "Candidate Cases."[6]

In the Venue Order, the Court, after examining the various factors in determining venue under 28 U.S.C. § 157(b)(5), ultimately concluded that "even though the NECC bankruptcy plan has been confirmed, setting venue in this district for the bellwether cases (and possibly for others) better effectuates the plan and better serves the purpose of the bankruptcy proceeding."[7]

The Court highlighted several reasons why trials should move forward in Massachusetts:

> To the extent that any inconveniences to the parties might remain, they are more than outweighed by the factors favoring trial in this district. First, this court is intimately familiar with the now 2200-

---

[4] Dkt. No. 2309 at Pg. 15-21.
[5] *Id*. at Pg. 15.
[6] *Id*. at Pg. 16, n. 13.
[7] *Id*. at Pg. 19.

plus filings in this multidistrict litigation. Requiring another court to develop that familiarity when this court is available as an alternative, statutorily permissible forum and when the home court will hear few, if any, other cases from this MDL would be asking it to undertake a salmon run to nowhere. Second, this MDL is based in Massachusetts, as are a plurality of the lawyers in it. Bellwether trials will be more effective if the arguments presented in them are well developed, and it stands to reason that facilitating the participation of more lawyers in the MDL may further that goal. Finally, much of the evidence that will likely be presented as part of the defendants' cases, like evidence of NECC and the Affiliated Defendants' wrongdoing in support of the comparative fault defenses, is located in Massachusetts, making any evidentiary inconveniences caused by moving the cases out of their original districts a wash.[8]

Each of these factors is equally true today with regard to the Specialty Surgery Center cases as they were in October of last year. Defendants' present Motion asks this Court to reconsider this holding but offers no new grounds for which the Court should consider reconsideration. In general, a district court should only reconsider an interlocutory order when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available, or (3) a clear error of law in the first order.[9] The defendants have not demonstrated that any of these grounds apply and the motion must be denied on that basis alone.[10] They are simply retreading old ground, which is not sufficient to justify their thrice-renewed request for relief.[11]

---

[8] *Id*. at Pg. 23-24.
[9] *David v. Lehane*, 89 F. Supp. 142, 147 (D. Mass. 2000).
[10] Specialty Surgery Center has also moved for a change of venue under 28 U.S.C. § 1404(a), which is largely the same analysis conducted by the Court in determining that trial venue in this district is appropriate for the Candidate Cases. Given the similarity, the PSC does not believe it is necessary or productive to address every argument raised by the Specialty Surgery Center's motion for remand under § 1404(a). After all, if the Court is convinced trials are appropriate in this district under § 157(b)(5), nothing in § 1404(a) requires a different result.
[11] Indeed, in a June 24, 2016 Order, the Court rejected out-of-hand similar arguments for transfer advanced by the Box Hill Defendants. *See* Dkt No. 2958.

## II. DEFENDANTS' CASES SHOULD BE SET FOR TRIAL IN THIS VENUE TO EXPEDITE THE PROCESS FOR A TIMELY RESOLUTION OF THE CASES

Following the Court's Venue Order, the Court set an aggressive bellwether trial schedule related to the Saint Thomas cases, the other Tennessee clinic with a large number of cases on file in this MDL. Thereafter, the Plaintiffs' Steering Committee and counsel for the Saint Thomas Clinic Defendants embarked upon common expert discovery and individual case-specific discovery. The parties were set for trial in August until the parties requested a stay of those pending deadlines.[12]

Because of this Court's familiarity with these cases, the Court was able to establish a streamlined trial schedule that would have ushered these cases to trial faster than in any other jurisdiction. The same can now be done with regard to the Specialty Surgery Center cases.

Like the Saint Thomas cases, the Specialty Surgery Center cases involve the same Tennessee legal issues, will likely involve many of the same expert witnesses already identified in the Saint Thomas cases, and common discovery has largely been completed. The cases are now ready to establish a bellwether protocol, select individual cases to be tried, and set a trial schedule.[13]

Should these cases be remanded to the court in the Middle District of Tennessee, as requested by Specialty Surgery Center, the judge in Tennessee would have to:

1)   Consolidate the 24 cases for additional pretrial process (which the MDL has already accomplished);

2)   Create a leadership structure (which the MDL already has in place);

---

[12] Dkt. No. 2912.
[13] The parties are in the process of meeting and conferring upon an agreed scheduling order and proposed bellwether protocol.

3) Familiarize itself with over 2200 docket entries (which the MDL Court already knows); and

4) Work from scratch on developing a bellwether protocol (which the MDL court has already done once).

This process would likely take months and avoiding this type of inefficient process (in favor of a streamlined process that furthers the interests of fairness and judicial economy) is the precise reason why the MDL was established in the first place.[14] On the other hand, this Court can bring its considerable familiarity with the issues in this case to bear in quickly establishing a bellwether protocol and setting an appropriate schedule for management of the remaining pre-trial issues. In short, no other Court is as familiar with these issues as this Court, and no other Court could usher the Specialty Surgery Center cases to trial as quickly and expeditiously as this Court.

III. **CONCLUSION**

For the reasons stated herein, the Court should not reconsider its sound rulings in the Venue Order and **DENY** Specialty Surgery Center's request. Furthermore, this Court should set a schedule for ushering the Specialty Surgery Center cases to trial.

Date: July 6, 2016            Respectfully submitted:

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSTETTER, STRANCH &
JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419

---

[14] *See e.g.*, Dkt. No 2 (the MDL Transfer Order).

gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com
*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Annika K. Martin
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212/355-9500
Facsimile: 212/355-9592
akmartin@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM

6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   July 6, 2016

/s/ Benjamin A. Gastel
Benjamin A. Gastel