# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) |
| | MDL No. 02419 |
| | Docket No. 1:13-md-2419-RWZ |
| This document relates to: | |
| All MDL Cases against the Box Hill Defendants[1] | |

## BOX HILL DEFENDANTS' RESPONSE TO JUNE 24, 2016 ORDER [DKT. 2958]

Defendants, Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC, ("Box Hill Defendants") by and through their undersigned counsel, hereby respond to a request made by the MDL Court in its June 24, 2016 Order [Dkt. 2958] and also attempt to clarify the record. In support of this Response, the Box Hill Defendants state as follows:

1. On June 13, 2016, the Court entered a Corrected Order to Show Cause Concerning Remand and Transfer [Dkt. 2928], asking if the parties in the MDL cases (other than the St. Thomas and Specialty Surgery Center cases) preferred to transfer their MDL cases back to their transferor states. Many of the plaintiffs and clinic defendants agreed with the Court that transfer back to their transferor states was a more efficient, convenient, and logical way to proceed, including the Premier cases to New Jersey, where they originated, but where there are

---

[1] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

not currently Premier cases pending. The Court agreed and those approximately 50 cases have been or likely will be transferred back to New Jersey.

3. The Box Hill Defendants also agreed that transfer back to Maryland, where the Box Hill cases originated, was much more efficient, convenient, and logical. This is especially true given that there are cases filed by **26** other patient Plaintiffs against Box Hill that are currently pending in parallel litigation in Maryland state court, as well as more than 80 total cases against other health care provider defendants.[2] The MDL Box Hill Plaintiffs, who are notably also located in Maryland, however, stated a preference to stay in the MDL.

4. Despite its statements in the Order to Show Cause espousing the inefficiencies of continuing to litigate against other health care provider defendants with a similar number of cases in the MDL, this Court denied transfer or remand of the Box Hill cases to Maryland without further explanation or reasoning in its June 24, 2016 Order. [Dkt. 2958].

5. In the Order, this Court also stated:

At the June 22, 2016 status conference, the parties indicated that a more compressed schedule than that ordered in Docket # 2851 is feasible for the Box Hill cases.

*Id.* The Court then asked the parties to confer and submit a proposed revised schedule by July 8, 2016. A clear reading of the transcript from the status conference, however,

---

[2] *George Adee, et al. v. Box Hill Surgery Center, et al.* (Case No.: 12-C-16-000030;
*Eric Arnold v. Box Hill Surgery Center, et al.* (Case No.: 12-C-16-000025;
*Craig Bierley, et al v. Box Hill Surgery Center, et al.* (Case No.: 12-C-16-000017)(11 patient Plaintiffs);
*Cynthia H. Bradshaw Blum, et al, v. Box Hill Surgery Center, et al.* (Case No.: 12-C-16-000026);
*Joanne Ebanks, et al. v. Box Hill Surgery Center, LLC, et al.* (Case No.: 12-C-16-000033);
*Judy Everhart, et al. v. Box Hill Surgery Center, LLC, et al.* (Case No.: 12-C-16-000034);
*Mark Gerber v. Box Hill Surgery Center, LLC, et al.* (Case No.: 12-C-16-000036);
*Edith Griffith v. Box Hill Surgery Center, LLC, et al.* (Case No.: 12-C-16-000035)
*Christopher Itnyre, et al. v. Box Hill Surgery Center, LLC, et al.* (Case No.: 12-C-16-000031)
*Carl Kramer v. Box Hill Surgery Center, LLC, et al.* (Case No.: 12-C-16-000032);
*McClung, Personal Rep of the Estate of Patricia McClung v. Box Hill Surgery Center* (Case No.: 12-C-16-000027);
*Phyllis K. Schoppert v. Box Hill Surgery Center, LLC, et al.* (Case No.: 12-C-16-000028);
*Tony Smith v. Box Hill Surgery Center, LLC, et al.* (Case No: 12-C-16-000015); and,
*Gregory Vogt, et al. v. Box Hill Surgery Center, LLC, et al.* (Case No.: 12-C-16-000029)

demonstrates that while the Box Hill Plaintiffs advocated for a more compressed scheduled, the Box Hill Defendants stated exactly the opposite. *See* Excerpt of Status Conference Transcript, June 22, 2016, pp. 49-50, attached hereto as Exhibit 1. The Defendants explained that both parties spent significant time considering discovery deadlines only two months ago and both agreed to the deadlines in Docket No. 2851 based on the time it takes to reasonably conduct discovery, which was also independent of the other cases in the MDL. *Id.* It is true that the St. Thomas cases are stayed pending potential settlement and the Premier cases and basically every other health care provider defendant other than Specialty Surgery Center were sent back to their home transferor states based on efficiency and convenience. However, that does not mean that reasonable discovery still will not take the same amount of time to complete for the Box Hill parties, who are not involved in those other cases.[3]

6.     Nevertheless, the Box Hill parties conducted a meet and confer as ordered. An agreement could not be reached and the Box Hill Defendants believe that the previously agreed to and ordered discovery deadlines outlined in Docket No. 2851 just two months ago should remain in place. Nothing that has occurred in the MDL in the last couple of months justifies a more compressed deadline. Box Hill, for example, would not have been involved in Premier's case specific discovery. The fact that Premier may be out of the MDL does not mean that expert designations or depositions can reasonably occur at a faster pace than initially considered and anticipated. Further, case specific fact discovery is set to occur during the busy December holiday season and also in the middle of winter, when weather and travel issues may arise, which

---

[3] Moreover, the Box Hill Defendants are forced to litigate common issues now in multiple jurisdictions and on multiple occasions because of the Court's Order and Plaintiffs' refusal to agree to remand, which creates additional burdens on the parties' time.

was considered by the parties previously. Counsel also has other obligations in unrelated cases that were considered in the initial compromise.

7. It is Defendants' understanding that Plaintiffs will propose changing four (4) deadlines: Case Specific Fact Discovery, Plaintiffs' Case Specific Expert Designations, Defendants' Case Specific Expert Designations, and Depositions of Case Specific Experts. While Defendants do not believe that the deadlines should be changed, in the alternative, if the Court is set on changing the deadlines, Defendants would suggest that the Plaintiffs' Case Specific Expert Designations could be earlier, while leaving everything else in place. That would give the parties more time to depose experts and determine whether case specific defense experts are even necessary before needing to designate them. As it stands, there is only one month between the two deadlines for the Defendants to depose Plaintiffs' experts and then determine and designate Defendants' own case specific experts.

WHEREFORE, the Box Hill Defendants respectfully request that the discovery deadlines, established by agreement of the parties and ordered by this Court two months ago in Docket No. 2851, remain in place. In the alternative, Plaintiffs' case specific expert designation deadline could be moved earlier, leaving the other deadlines in place, to give the parties a more reasonable amount of time to complete discovery appropriately.

Dated: July 8, 2016            Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C.,
Ritu T. Bhambhani, M.D., and Ritu T.
Bhambhani, M.D., L.L.C.***

**CERTIFICATE OF SERVICE**

    I, Gregory K. Kirby, hereby certify that a copy of the foregoing Motion for Leave to Appear by Telephone, filed through the CM/ECF system, will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the individual cases, and will be sent to these parties by operation of the CM/ECF system.

Dated: July 8, 2016　　　　　　　　/s/ Gregory K. Kirby
　　　　　　　　　　　　　　　　　Gregory K. Kirby
　　　　　　　　　　　　　　　　　Pessin Katz Law, P.A.
　　　　　　　　　　　　　　　　　901 Dulaney Valley Road, Suite 500
　　　　　　　　　　　　　　　　　Towson, Maryland 21204
　　　　　　　　　　　　　　　　　(410) 938-8800
　　　　　　　　　　　　　　　　　***Attorneys for Box Hill Surgery Center, L.L.C.,***
　　　　　　　　　　　　　　　　　***Ritu T. Bhambhani, M.D., and Ritu T.***
　　　　　　　　　　　　　　　　　***Bhambhani, M.D., L.L.C.***