1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


IN RE:  NEW ENGLAND COMPOUNDING   )   MDL NO. 13-02419-RWZ
PHARMACY CASES LITIGATION         )
                                  )
                                  )
                                  )
                                  )
                                  )
                                  )

       BEFORE:   THE HONORABLE RYA W. ZOBEL AND
                 THE HONORABLE JENNIFER C. BOAL



                    **STATUS CONFERENCE**




         John Joseph Moakley United States Courthouse
                    Courtroom No. 12
                    One Courthouse Way
                    Boston, MA 02210


                    June 22, 2016
                    2:00 p.m.




         Catherine A. Handel, RPR-CM, CRR
                Official Court Reporter
         John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 5205
                    Boston, MA 02210
                E-mail: hhcatherine2@yahoo.com

EXHIBIT

1

```
1      APPEARANCES:

2      For The Plaintiffs:

3          Hagens, Berman, Sobol, Shapiro LLP, by THOMAS M. SOBOL,
4      ESQ., and KRISTEN JOHNSON, ESQ., 55 Cambridge Parkway, Suite 301,
       Cambridge, Massachusetts 02142;
5
           Branstetter, Stranch & Jennings, PLLC, by J. GERARD STRANCH,
6      IV, ESQ., 227 Second Avenue North, Nashville, Tennessee
       37201-1631;
7
           Ellis & Rapacki LLP, by FREDRIC L. ELLIS, ESQ., 85 Merrimac
8      Street, Suite 500, Boston, Massachusetts 02114;

9          Lieff Cabraser Heimann & Bernstein, LLP, by ANNIKA K.
       MARTIN, ESQ., 250 Hudson Street, 8th Floor, New York, New York
10     10013-1413;

11         Lieff Cabraser Heimann & Bernstein, LLP, by MARK P. CHALOS,
       ESQ., 150 Fourth Avenue North, Suite 1650, Nashville, Tennessee
12     37219;

13         Cohen, Placitella & Roth, P.C., by MICHAEL COREN, ESQ., 2
       Commerce Square, 2001 Market Street, Suite 2900, Philadelphia,
14     Pennsylvania (Appearing telephonically);

15
           The Law Offices of Peter Angelos, by PATRICIA KASPUTYS,
16     ESQ., 100 North Charles Street, Baltimore, Maryland 21201
       (Appearing telephonically.)
17

18
       FOR PAUL D. MOORE, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF
19     NECP, INC.:

20
           Duane Morris LLP by KERI L. WINTLE, ESQ., 100 High Street,
21     Suite 2400, Boston, Massachusetts 02110-1724;

22

23

24

25     (Appearances continued on the next page.)
```

3

```
 1      APPEARANCES (Cont'd):


 3      FOR THE DEFENDANTS:
 4

 5          Fulbright & Jaworski, LLP, by MARCY H. GREER, ESQ., and
        YVONNE K. PUIG, ESQ., 98 San Jacinto Boulevard, Suite 1100,
 6      Austin, Texas 78701;

 7
            Law Offices of Jay Blumberg, by JAY J. BLUMBERG, ESQ., 158
 8      Delaware Street, P.O. Box 68, Woodbury, New Jersey 08096;

 9
            Gideon, Cooper & Essary, PLC, by CHRIS J. TARDIO, ESQ., and
10      MATTHEW H. CLINE, ESQ., 315 Deaderick Street, Suite 1100,
        Nashville, Tennessee 37238;
11

12          Nutter, McClennen & Fish, LLP, by SARAH P. KELLY, ESQ.,
        Seaport West, 155 Seaport Boulevard, Boston, Massachusetts
13      02210-2604;

14
            Pessin Katz Law, P.A., by GREGORY K. KIRBY, ESQ., 901
15      Dulaney Valley Road, Suite 400, Towson, Maryland 21204;

16
            Wickstrom Morse, LLP, by DEBORAH GRESCO-BLACKBURN, ESQ.,
17      60 Church Street, Whitinsville, Massachusetts 01588 (Appearing
        telephonically);
18

19

20

21

22

23

24

25
```

1          And the one thing I want to -- I would be remiss -- I

2    did receive an email from one of the cases, the Over Street

3    case, which is represented -- I think the plaintiff is

4    represented by Ms. Dougherty, that did object, and it really

5    creates an interesting issue.

6          She directly filed in the District of Massachusetts

7    instead of filing in New Jersey at a point in time when she

8    was entitled to do that because of the MDL, and we would ask

9    that all of the cases, including that one, get transferred

10   back to New Jersey.  It doesn't make any sense to keep one

11   case up here in the state of Massachusetts.

12         JUDGE ZOBEL:  I'm sorry, what's the number of that

13   case or the name of it?

14         MR. BLUMBERG:  It's Overstreet, John Overstreet.  I

15   don't have the number, your Honor.

16         JUDGE ZOBEL:  Okay.

17         MS. JOHNSON:  As a procedural matter, I don't believe

18   the Court can, pursuant to a suggestion for remand, send that

19   case back under 1404.  I think there has to be a separate

20   motion for transfer.

21         JUDGE ZOBEL:  Es.

22         MR. BLUMBERG:  I'll file the appropriate motion, your

23   Honor.

24         JUDGE ZOBEL:  Okay.

25         MS. JOHNSON:  And then that brings us, finally, your

1    Honor, to Specialty Surgery Center, which Mr. Stranch will

2    address.

3            JUDGE BOAL:  Can I just ask, since Premier and Box

4    Hill are together for purposes of scheduling at this point, if

5    the Premier cases are no longer here -- and, obviously, Judge

6    Zobel needs to decide whether the Box Hill cases that are here

7    will remain here -- is there an opportunity to shrink the

8    schedule?

9            MS. JOHNSON:  I would defer to Ms. Kasputys for her

10   views on that.

11           MS. KASPUTYS:  Absolutely.  I think we can certainly

12   discuss that, your Honor.

13           JUDGE BOAL:  I understand you may dispute that, but,

14   obviously, it's up to Judge Zobel what she's going to go with

15   the Box Hill cases, but if they still here, I would certainly

16   ask the parties to consider that.

17           MR. KIRBY:  Well, let me just add my two cents in

18   response.  And that is, I think when the deadlines were set,

19   it took into consideration the timing of which, you know, it

20   takes to designate experts and do deposition discovery, and

21   the like.  And so, I think that it wasn't that the Box Hill

22   schedule was set based on having another -- having Premier

23   here already.  I think -- you know, that would be maybe down

24   the road with the trial schedule.

25           JUDGE BOAL:  We would be talking eight versus 60

1    plaintiffs, right?  And I don't know what experts the

2    plaintiffs would be using for common issue or if there's

3    overlap with what's already been done with Tennessee, so that

4    that might be able to be shortened in this trial.

5         MR. KIRBY:  Let me just add one more, if I may -- one

6    more point, if I may, and that's with regards to consistency

7    and efficiency.

8         There are depositions that we would take in the

9    common-issue phase of the MDL for our eight cases.  That would

10   include, for example, the Maryland Board of Pharmacy,

11   representatives of the Maryland Board of Pharmacy, Maryland

12   Department of Health, but the same thing would happen in the

13   state court cases, and I don't really just mean mine, the Box

14   Hill cases.  As a matter of fact, I think yesterday one of the

15   other clinic defendants that is unrelated to me in the state

16   court cases served a notice or a subpoena for a deposition on

17   the Maryland Board of Pharmacy and the Maryland Department of

18   Health.

19        So, my point is, if we're back in Maryland -- or our

20   case is back and join the other 80 in Maryland, it would

21   streamline the process.  So that the -- it can happen once.

22        JUDGE ZOBEL:  I don't understand that.  If you

23   respect the Box Hill defendants, why can't you all agree that

24   whatever discovery is taken in one jurisdiction applies to the

25   other jurisdiction?  You're going to have the same experts and

1   the same -- substantially the same part -- same witnesses.

2       MR. KIRBY:  Well, I'm represented by different

3   counsel.  I mean, I don't --

4       JUDGE ZOBEL:  So?

5       MR. KIRBY:  There's another example with fact

6   witnesses and there are fact witnesses who -- one used to be

7   employed by Box Hill, but is now employed at one of the other

8   clinic defendants who is being sued, and it's walking a tight

9   rope because the plaintiffs want to take the deposition for

10  purposes of the MDL, but the concern is -- and it's not --

11      JUDGE ZOBEL:  Which MDL, the ones you've manufactured

12  in Maryland or the one that's here?

13      MR. KIRBY:  These eight MDL cases.  The other 26 were

14  never in the MDL.  They were in --

15      JUDGE ZOBEL:  But You called it like the MDL.  You

16  said you --

17      MR. KIRBY:  I'm sorry.

18      So, Ms. Kasputys is on the phone, noted the

19  deposition of these two employees for purposes of this MDL,

20  but they're certainly employees of another healthcare provider

21  clinic defendant in the state court cases, and the concern is

22  that their testimony could -- and some of the questions are

23  geared towards, Well, what does this other ambulatory surgery

24  center do, you know, in terms of its processes, and stuff, and

25  the concern is that those questions would have an implication