UNITED STATES DISTRICT COURT
FOR THE DISTRICT MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br><br>Docket No.: 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>Armetta, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14022-RWZ<br><br>Bowman, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14028-RWZ<br><br>Davis, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14033-RWZ<br><br>Dreisch, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14029-RWZ<br><br>Farthing, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14036-RWZ<br><br>Kashi, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14026-RWZ<br><br>Torbeck, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14023-RWZ<br><br>Handy, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14019-RWZ | |



### NON-PARTY BARBARA WAGNER'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' SUBPOENA AND AMENDED NOTICE OF DEPOSITION *DUCES TECUM*

Non-party Barbara Wagner, by and through her attorneys, R. Scott Krause, Ashley L. Marucci and Eccleston and Wolf, P.C., files this Reply to Plaintiffs' Opposition (Docket Nos. 2966-2967) to her Motion for Protective Order (Docket No. 2953) to limit the scope of discovery sought by Plaintiffs in their Subpoena and Amended Notice of Deposition *Duces Tecum* (Docket No. 2927).

In their Opposition, Plaintiffs fail to state the relevance or probative value of the broad scope of requested fact witness testimony and documents from non-party Barbara Wagner relating to non-party Harford County Ambulatory Surgical Center, LLC's ("HCASC") practices and policies for obtaining preservative-free MPA from NECC. Although Plaintiffs discuss and attach as Exhibits certain portions of deposition testimony given by the Box Hill Defendants and their employees, that testimony relates to the relationship and interactions between HCASC and the Box Hill Defendants and the potential exchange of medication purchased from NECC between those healthcare providers. (See Opposition at p. 3 and Exhs. A-B). This is precisely the scope of information Ms. Wagner agrees that Plaintiffs are entitled to receive from her as a fact witness in the *Box Hill* cases.

To be clear, Ms. Wagner objects to Plaintiffs' attempts to obtain information and documents in her deposition that relate solely to HCASC's practices, policies and procedures for ordering, storing and administering steroid medication from NECC. Plaintiffs have not provided any explanation for the purported relevance of those issues to their burden to establish claims of civil liability against the Box Hill Defendants. Issues relating to HCASC's practices for

evaluating suppliers of steroid medication and ordering medications from those suppliers have no bearing on whether Plaintiffs may establish their claims against the Box Hill Defendants.

In contrast, and as explained in Ms. Wagner's Motion for Protective Order and supporting Memorandum of Law, the information and documents sought in Ms. Wagner's deposition as a fact witness in the *Box Hill* cases is directly and significantly material to HCASC's defense of the claims against it in Maryland State Court. The disclosure of such information and documents in cases in which there is no probative value, and at a time long before disclosure may be required in the HCASC cases, is prejudicial to HCASC's defense. Simply stating that "the evidence Plaintiffs seek is proportional to the needs of the case" (see Opposition at p. 7), without providing any rationale, is insufficient to establish that there is a need for the requested documents and information from Ms. Wagner in the *Box Hill* cases that supersedes the rights of the Defendants in the HCASC cases to investigate and prepare a defense in the course of that litigation.

Plaintiffs' discussion of this Court's Orders allowing the Box Hill Defendants and other Clinic Defendants to serve Notices of Deposition by Written Questions on other non-party clinics misses the point. (See Opposition at pp. 5-6). Unlike the other non-party clinics that this Court has held are required to respond to Notices of Deposition, Ms. Wagner is an employee of a clinic that is currently involved in litigation stemming from precisely the same occurrence involving administration of allegedly tainted MPA from NECC. These circumstances place Ms. Wagner's fact witness deposition, and the requested testimony and documents, in a materially different position, especially when considering that a Scheduling Order has not even been issued in the HCASC cases. If Ms. Wagner is required to provide testimony and produce documents on topics relating to HCASC's practices and procedures, it will most certainly be used by Plaintiffs'

counsel in litigating the cases against HCASC and related entities. As noted above, non-parties facing litigation in State Court that is directly related to the subject matter in the cases at bar and in which several Patient Plaintiffs are represented by the same counsel in the cases at bar, should be afforded an opportunity to develop their defenses to the claims alleged against them.

Furthermore, Plaintiffs' attempt to utilize the clearly distinguishable case of *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404 (1st Cir. 1987) in support of their position fails. That case involved arguments by the Defendants to prevent disclosure of financial information to the public that had been produced to the FTC under seal in the course of reaching a settlement. *See id.* at 412. The Court's decision to allow disclosure of the financial information hinged upon consideration of the public's right to access information in litigation that involved a government agency and an alleged series of deceptive trade practices that were of "significant public concern." *See id.* In light of the fact that the Court approving the settlement between the FTC and the Defendants had considered and relied upon the financial information, the appellate Court held that the public had a right to access it. *See id.* These circumstances could not be further from the facts at hand. Ms. Wagner is not a party to these proceedings, there is no information that she previously produced and is now seeking to protect as confidential and the analysis of whether public accessibility attaches to information and documents has no applicability to the arguments at issue.

Similar to this Court's rulings on the Motions to Quash filed by The Emory Clinic and Vanderbilt, consideration of Ms. Wagner's Motion for Protective Order should be analyzed in the context of the surrounding circumstances, including the fact that HCASC, Ms. Wagner's employer, is one of several Defendants in Maryland State Court cases premised upon allegedly tainted steroid medication ordered from NECC. Plaintiffs have not proffered the relevance of

information and documents sought from Ms. Wagner pertaining specifically to HCASC's practices and procedures, nor have they established that those topics are proportional to the needs of the *Box Hill* cases. Accordingly, the Subpoena and Amended Notice of Deposition *Duces Tecum* to Ms. Wagner do not comply with FRCP 26(b)(1), and Ms. Wagner respectfully requests that this Court issue a Protective Order precluding Plaintiffs from requesting documents and information in her deposition which relate to HCASC's policies and procedures in procuring steroid medication from NECC.

**WHEREFORE**, Non-Party Barbara Wagner respectfully requests that this Court issue a Protective Order limiting the scope of discoverable information and documents sought by Plaintiffs in her deposition, including precluding Plaintiffs from requesting the documents and testimony listed in Topics 1-4 and 6 of Attachment A to the Amended Notice of Deposition *Duces Tecum*, and requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

   /s/ R. Scott Krause
R. Scott Krause (Fed. Bar # 23667)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076
krause@ewmd.com
410-752-7474 (telephone)
410-752-0611 (facsimile)

/s/ Ashley L. Marucci
Ashley L. Marucci (Fed. Bar # 18642)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
marucci@ewmd.com
410-752-7474 (telephone)
410-752-0611 (facsimile)

*Attorneys for Non-party Barbara Wagner*

## CERTIFICATE OF SERVICE

This will certify that a true and accurate copy of the foregoing Non-Party Barbara Wagner's Reply to Plaintiffs' Opposition to Motion for Protective Order Regarding Plaintiffs' Subpoena and Amended Notice of Deposition *Duces Tecum* was served on all counsel of record by virtue of the Court's electronic filing system this _____ day of July, 2016.

/s/ Ashley L. Marucci
Ashley L. Marucci