UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

THIS ORDER APPLIES TO
CIVIL ACTION NO. 13-cv-10943-RWZ

ORDER

July 13, 2016

ZOBEL, J.

Before the court is a motion concerning a single case, <u>Simas v. New England Compounding Pharmacy, Inc., et al.</u> Defendants Abdul R. Barakat and Ocean State Pain Management have moved to dismiss Craig and Joan Simas's product liability and implied warranty claims—asserted under both Massachusetts and Rhode Island law—against them. Docket # 2390. Over the course of this multidistrict litigation, the court has entertained several similar motions implicating the laws of several different states, <u>e.g.</u>, Docket ## 1642, 2225, and follows its chartered course here: the motion is allowed in part and denied in part.

1

## I. Background

The facts underlying this multidistrict litigation have been amply discussed elsewhere: NECC[1] manufactured and sold contaminated methylprednisolone acetate (MPA) injections to a number of clinics throughout the country, and many patients who received them contracted fungal meningitis. See generally In re New England Compounding Pharm., Ind. Prods. Liability Litig., 496 B.R. 256, 260–263 (D. Mass. 2013). Rhode Island resident Craig Simas is one such patient. Simas and his spouse have sued Barakat and Ocean State for their purported roles in his illness, as set forth in the Plaintiffs' Steering Committee's Second Amended Master Complaint (Case No. 13-md-2419-RWZ, Docket # 1719) and their own separate allegations (Case No. 13-cv-10943-RWZ, Docket # 17). The Simases' complaint contains three counts; all against both defendants, Barakat and Ocean State:  Count I alleges violations of the Massachusetts and Rhode Island consumer protection laws,[2] Counts II and III allege violations of each state's implied warranty laws.[3] Defendants have moved to dismiss all.

## II. Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court accepts as true all factual allegations contained in the complaint, but not its legal conclusions, and must dismiss any complaint that fails to state a plausible claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[1]   New England Compounding Pharmacy, Inc., d/b/a/ New England Compounding Center.

[2]   Mass. Gen. Laws ch. 93A and R.I. Gen. Laws. §§ 6-13.1-1 et seq., respectively.

[3]   Mass. Gen. Laws ch. 106, §§ 2-314, 2–315 and R.I. Gen. Laws. §§ 6A-2-315, 6A-2-315, respectively.

### III.  Discussion

#### A.  Personal Jurisdiction

Barakat and Ocean State have objected to this court's exercise of personal jurisdiction over them, but only raised this issue in a reply brief. It is therefore waived. Pilgrim Badge & Label Corp. v. Barrios, 857 F.2d 1, 3 (1st Cir. 1988).

#### B.  Counts II and III: Implied Warranty

Under both Massachusetts and Rhode Island law[4] plaintiffs may not sustain a claim for breach of an implied warranty absent a sale of goods. See Cumberland Farms, Inc. v. Drehmann Paving & Flooring Co., 520 N.E.2d 1321, 1324 (Mass. Ct. App. 1988). To determine whether such a sale has taken place when a transaction concerns both goods and services, a court considers the "predominant thrust, factor, purpose" of the transaction—if the parties principally conceived of the transaction as a sale of goods or the rendition of services. Id. As this court has repeatedly held, "'the provision of the MPA was part-and-parcel with the service of its injection—the only purpose of the visit was the injection itself, something only a physician with special skill could provide.'" Docket # 2225 at 5 (quoting Docket # 1642 at 10). The Simases' implied warranty claims must therefore fail.

#### C.  Count I: Consumer Protection Statutes

The Simases' complaint incorporates the Second Amended Master Complaint, the sufficiency of which has already been tested against Chapter 93A, which prohibits "unfair methods of competition and unfair or deceptive acts or practices," Mass. Gen.

---

[4] Both states have adopted the Uniform Commercial Code, and their statutes concerning the implied warranty of merchantability are functionally identical for present purposes. Compare Mass. Gen. Laws ch. 106, §§ 2-314, 2–315, with R.I. Gen. Laws. §§ 6A-2-315, 6A-2-315.

3

Laws ch. 93A, § 9. See id. at 6–7. It is thus the law of the case that their Chapter 93A claim survives. As defendants correctly note, "Rhode Island's consumer protection statute contains the same basic language" as Chapter 93A, Docket # 2390 at 4–5, and the court can discern no rationale for treating the statutes differently. The Simases' Rhode Island consumer protection claim likewise survives.

### IV. Conclusion

Barakat and Ocean State's Motion to Dismiss (Docket # 2390) is ALLOWED as to Count II and Count III and DENIED as to Count I.

|  |  |
|---|---|
| July 13, 2016 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

4