UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Kennedy, et al. v. Unifirst, et al.*, No. 1:13-cv-13227; *Kennedy, et al. v. Advanced Pain & Anesthesia Consultants, et al.*, No. 1:14-cv-13689<br><br>*Musselwhite v. Unifirst, et al.*, No. 1:13-cv-13228; *Musselwhite v. Advanced Pain & Anesthesia Consultants, et al.*, No. 1:14-cv-13676<br><br>*Wynstock, et al. v. Ameridose, et al.*, No. 1:14-cv-12884<br><br>*Jeffries, et al. v. Ameridose, et al.*, No. 1:14-cv-12789<br><br>*Edwards v. Unifirst, et al.*, No. 1:13-cv-13209 | MDL No. 2419<br><br>Dkt. No. 1:13-md-02419-RWZ |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE
THIRD AMENDED PROTECTIVE ORDER OF CONFIDENTIALITY**

The Plaintiffs' Steering Committee (PSC) moves to modify this Court's Third Amended Protective Order of Confidentiality (Dkt. # 814) governing the discovery conducted within this Court pursuant to Paragraph 23 of the Order.

1. On January 27, 2014, the Court entered an amended protective order to protect the confidentiality of non-public, confidential, and sensitive information that may be disclosed in connection with the MDL proceedings. (Dkt. #814.)

2. There are cases proceeding in state courts around the country. For example, there are at least four dozen cases pending in two state courts in Maryland. Many of these cases were never filed in, transferred to or moved to this Court. (*See id.* at 1.)

3. Many of these cases involve defendants that are not parties to this MDL; meaning, they were never a party within a case filed in, removed to, or transferred to the MDL. These defendants have nonetheless expressed the need for the MDL-related documents and depositions. They have not, however, signed the protective order. Even if they did, they cannot use the materials from the MDL in these never-within-the-MDL state court cases because of the current Protective Order's language.

4. This Court previously recognized the need for and importance of coordination between MDL and state counsel. (*See, e.g.,* Dkt # 82 (Procedural Order No. 2) at ¶ 8); Dkt. # 209 (Procedural Order No. 6) at 11 ("To the extent that there are NECC-related cases pending in state courts that are not a part of the MDL, but that fall within the subject matter definition of the MDL, this Court intends to coordinate with the state courts presiding over such cases, to the extent that such state courts are amenable.").) The Court also noted that the discovery repository (*i.e.,* documents and depositions) was intended to benefit all plaintiffs across the country. (Dkt. # 209 (Procedural Order No. 6) at ¶ 5 on p. 15.) Those laudable goals are undermined by the current Protective Order language.

5. Specifically, the Order limits use of discovery material to this litigation. (*See* Dkt. 814 at ¶ 3A (limiting use to "the Litigation"); p. 1 (defining "the Litigation" as here only and not encompassing state court cases not brought within the MDL); ¶ 6A (does not contemplate state court cases that were never part of the MDL); ¶ 7C (limiting signatories to this Litigation and original transferor courts only).)

6. The PSC therefore requests that the Court modify the Protective Order (Dkt. # 814) or issue an Order that would permit use of the MDL materials, as permitted by the applicable rules of evidence and procedure, in any case. The goal is simply to assure the parties to these non-MDL cases can use the documents and depositions. They may be described accordingly as, cases concerning the September 2012 multistate outbreak of fungal meningitis and other infections involving patients who received or feared they had received contaminated preservative-free MPA steroid injections from the New England Compounding Center in Framingham, Massachusetts.

7. To that end, the PSC proposes the following changes to the Protective Order (Dkt. # 814), with added language in bold and underlined, and removed language in bold and stricken through:

   a. Edits on Page one:

This Order applies to all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of February 12, 2013, any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel, all related actions originally filed in this Court or transferred or removed to this Court, and any related actions subsequently filed in this Court, **and** any related actions subsequently filed in this Court otherwise transferred or removed to this Court**, and any actions concerning the September 2012 multistate outbreak of fungal meningitis and other infections involving patients who received or feared they had received contaminated preservative-free MPA steroid injections from the New England Compounding Center in Framingham, Massachusetts, including cases filed in state courts**

**that were never transferred or moved into this MDL, wherein one or more of the parties have agreed to be bound by this Order**.

  b. Edit Paragraph 7, subparagraph C:

With respect to actions transferred to this Court pursuant to order of the Judicial Panel on Multidistrict Litigation, ~~and~~ subsequently remanded, **or otherwise proceeding elsewhere that concern the September 2012 multistate outbreak of fungal meningitis and other infections involving patients who received or feared they had received contaminated preservative-free MPA steroid injections from the New England Compounding Center in Framingham, Massachusetts, wherein one or more of the parties have agreed to be bound by this Order**, the ~~original transfer~~ court, including court personnel, jurors, mediators, special masters and alternate jurors, may receive Confidential Discovery Material.

  c. Adding Paragraph 26

 **Prior to receiving any materials covered by this Order, a signatory to it in a proceeding outside of the federal courts shall file it with that court and obtain a court order adopting it so that the materials remain protected and will be filed under seal or in accordance with that court's practices and procedures for handling confidential material.**

Dated:  July 18, 2016    Respectfully submitted,

                _/s/ Mark P. Chalos_____
                Mark P. Chalos

Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  (615) 313.9000
Facsimile:  (615) 313.9965
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison and* Pro Se *Liaison*

Thomas M. Sobol
Kristen Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com
aorlandi@bsjfirm.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

*Plaintiffs' Steering Committee*