UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE's MOTION FOR
QUALIFIED PROTECTIVE ORDER CONCERNING PRODUCTION OF CERTAIN
INFORMATION MAINTAINED BY GOVERNMENTAL PAYERS/PROVIDERS**

The Plaintiffs' Steering Committee ("PSC") respectfully moves this Court for entry of a Qualified Protective Order Concerning the production and exchange of certain information maintained by state Medicaid agencies, as set forth in the proposed order attached hereto. Timely entry of the proposed order will help expedite first payments to claimants by the Tort Trustee from the Tort Trust.

On May 20, 2015 (the "Confirmation Date"), the United States Bankruptcy Court for the District of Massachusetts, Eastern Division, in the New England Compounding Pharmacy's Chapter 11 bankruptcy proceeding, Case No. 12-19882 (the "Bankruptcy Proceeding") entered an order, dated May 20, 2015 (the "Confirmation Order"), confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. (the "Plan") filed jointly by Paul D. Moore, in his capacity as Chapter 11 Trustee, and the Official Committee of Unsecured Creditors.

As part of that process, the Tort Trustee is responsible for ensuring that public and private liens which are asserted against recoveries by victims of the 2012 fungal meningitis outbreak (the "Outbreak") are resolved before a claim can be paid (as defined in the Confirmation Order).

The Garretson Resolution Group, Inc. ("GRG") has been engaged to assist the Tort Trustee and Lead Counsel for the PSC with identifying and potentially resolving such liens and/or reimbursement claims that may be asserted by Medicaid.[1]

The Tort Trustee and Lead Counsel for the PSC believe that receipt of certain information maintained by Medicaid agencies that may assert a lien against the recovery from the Tort Trust by their insureds will aid the Tort Trustee in the administration of the claims process as set forth in the Plan. Medicaid agencies maintain records concerning expenditures on the medical treatment provided to victims of the Outbreak. The identity of the insured, and in some cases, the details of expenditures on treatment, will aid the Tort Trustee in identifying actual or potential Medicaid liens, and we expect, in the ultimate resolution of these liens.

The information maintained by Medicaid agencies contains protected health information and individually identifiable health information, some of which may be protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC §1320d et seq.) and the regulations promulgated thereunder (45 CFR §§160,164 et seq.) ("HIPAA").

A qualified protective order was previously entered by this Court concerning the production of certain HIPAA protected information by private insurers [Dkt. No. 2714]. That order may not be read to cover Medicaid agencies.

Certain Medicaid agencies have indicated that disclosure of the necessary information by Medicaid agencies will be expedited if the Court enters an order specifically authorizing GRG, the Tort Trustee, or Lead Counsel to provide to, receive from, and disclose to Medicaid agencies information regarding victims of the Outbreak in a single list, in lieu of separately transmitting information and HIPAA authorizations on a claimant-by-claimant basis.

---

[1] "Medicaid" means the Medicaid programs of each state and territory and of the District of Columbia.

Accordingly, a Qualified Protective Order, entered substantially in the form of the proposed order attached hereto, that authorizes GRG, the Tort Trustee, and Lead Counsel to provide to, receive from, and disclose to Medicaid agencies lists of protected health information and individually identifiable health information regarding victims of the Outbreak, as opposed to separately transmitting such information and HIPAA authorizations on a claimant-by-claimant basis will significantly expedite the lien resolution process.

Under the proposed order, access to such information would be restricted to GRG, the Tort Trustee, and Lead Counsel for the PSC. Medicaid agencies producing HIPAA protected information pursuant to this order would be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and similar provisions of State law, if any.

The PSC believes that such a Qualified Order is necessary to facilitate the identification of claims for health cost reimbursement made by Medicaid agencies and, therefore, respectfully requests that the Court enter the proposed order attached hereto.

Dated:  July 21, 2016                                       Respectfully submitted,

**/s/ Kristen A. Johnson**
Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

3

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH &
JENNINGS PLLC
227 Second Avenue North
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Kristen A. Johnson, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: July 21, 2016    **/s/ Kristen A. Johnson**
Kristen A. Johnson, BBO # 667261