UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES TO: All Actions Involving Specialty Surgery Center, Crossville, PLLC | MDL No. 2419 Doc. No 1:13-md-2419 (RWZ) Judge Rya Zobel |

**JOINT MOTION TO MODIFY SCHEDULING ORDER AT DOC. 2652
AND ENTER A BELLWETHER PROTOCOL FOR SSC CASES**

Defendants Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), Kenneth Lister, MD, PC ("Dr. Lister's Practice"), and Calishers & Associates, Inc. ("Calishers") (collectively, the "Defendants") and the Plaintiffs' Steering Committee (the "PSC") jointly move for entry of a modified scheduling order (superseding and adding to Doc. 2652) that (1) extends common discovery in consideration of the remaining discovery issues pending in front of the Court, (2) institutes a bellwether selection process for the SSC cases, and (3) sets out a schedule for case-specific discovery.

The parties met and conferred on this proposed schedule and although were largely able to come to an agreement on many issues, a few unresolved issues remain. Attached hereto as Exhibit 1 is the PSC proposal and attached hereto as Exhibit 2 is the Defendant's proposal. The areas of disagreement are as follows:

{004663/16189/00395727.DOCX / Ver.1}

a. **Sequencing of Common Expert Disclosures**

The PSC proposes both parties simultaneously exchange opening reports and provide for a period of reply. Given that the expert issues largely overlap with those presented by the St. Thomas cases, both parties should be prepared to identify opening experts and have likely largely had this work completed already. As a result, the PSC position eliminates the need for reply experts and allows the parties to build off of the work already completed in preparing the St. Thomas cases for trial.

The Defendants prefer to maintain the normal course followed without issue in the STOPNC cases, and ordered in the Box Hill cases, with Plaintiffs providing expert reports first, followed by Defendants providing rebuttal reports, and ending with reply reports from the Plaintiffs.[1] The Defendants have also offered as a compromise to disclose their comparative fault expert reports regarding NECC, the government entities, and the Affiliated and National Defendants, at the same time as the Plaintiffs' "opening" expert reports.

b. **Bellwether Selection and Strikes**

The PSC proposes each side select 2 cases from different injury categories creating a pool of four bellwether cases out of the total 24 pending cases against the Defendants. Given the case matrix involved in these 24 cases the PSC believes this will result in a more representative bellwether pool than going through the strike process.

The Defendants propose each side select four cases from different injury categories, allowing each side two strikes, resulting in a pool of 4 bellwether cases. The Defendants believe using strikes, as in the STOPNC and Box Hill orders, will help eliminate outlier cases.

---

[1] The Defendants are willing to forego the period of "reply" reports by the Plaintiffs.

  c. **Supplementation of Plaintiff Profile Forms**

Finally, the parties disagree about whether the Plaintiffs should be required to supplement their Plaintiff Profile Forms ("PPFs") before bellwethers are selected. The Plaintiffs believe this is an unnecessary step for every plaintiff's counsel to make and the Defendants were able to select bellwether cases for the St. Thomas cases with the same information available to them in the Specialty Surgery Center cases. The Defendants believe the PPFs need to be supplemented because (1) the information in the PPFs will be used to select bellwethers, (2) the information in the PPFs is now nearly two years old, and (3) almost half of the STOPNC bellwether cases supplemented PPFs *after* bellwether candidates were selected. The PSC disagrees that PPFs need to be supplemented.

## Conclusion

The parties request that the Court:

1) Rule on the three issues still in dispute outlined above; and

2) Enter an order to set a schedule governing the completion of common fact discovery, establish a bellwether process, and set a schedule governing cases in the individual bellwether process.

    Respectfully submitted,

:          */s/*  **Benjamin A. Gastel**
             J. Gerard Stranch, IV
             Benjamin A. Gastel
             Anthony A. Orlandi
             **BRANSTETTER, STRANCH & JENNINGS, PLLC**
             223 Rosa L. Parks Ave., Suite 200
             Nashville, TN 37203
             Telephone: 615/254-8801
             Facsimile: 615/255-5419
             gerards@bsjfirm.com

beng@bsjfirm.com
aorlandi@bsjfirm.com
*Plaintiffs' Steering Committee and TN Chair*


/s/ Kent E. Krause w/ perm. By BAG
**PARKS T. CHASTAIN***
**KENT E. KRAUSE***
**ASHLEY E. GENO***
*Attorneys for Defendants, Specialty Surgery Center, PLLC and Kenneth R. Lister, M.D.*
**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com


/s/ Chris J. Tardio_ w/ perm. By BAG
C.J. Gideon, Jr.**
Chris J. Tardio**
Alan S. Bean***
Matthew H. Cline**
**GIDEON, COOPER & ESSARY, PLC**
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the Tennessee Clinic Defendants*

*/s/ John W. Moran w/ perm. By BAG*
**CALISHER AND ASSOCIATES, INC.**
John W. Moran BBO# 664914
LeClairRyan, *A Professional Corporation*
One International Place, 11th Floor
Boston, MA  02110
Phone:  (617) 502-8200
Fax:  (617) 502-8262
john.moran@leclairryan.com

**CERTIFICATE OF SERVICE**

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   July 28, 2016

/s/ Benjamin A. Gastel
Benjamin A. Gastel