IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LAIBILITY LITIGATION<br><br>This Document Relates to:<br>   All Cases | ) <br> ) <br> ) MDL Docket No. 2419 <br> ) <br> ) Master File No. 1:13-md-2419-RWZ <br> ) <br> ) <br> ) |

## MOTION TO COMPEL TORT TRUSTEE TO MAKE TIMELY DISTRIBUTIONS, TERMINATE NEGOTIATIONS WITH CMS, REFRAIN FROM EXPANDING THE OBLIGATIONS OF TORT TRUST BENEFICIARIES BEYOND THOSE CALLED FOR UNDER THE CONTROLLING DOCUMENTS, AND MOTION TO COMPEL TORT TRUSTEE AND PLAINTIFF STEERING COMMITTEE TO INSTRUCT CMS TO ALLOW TRUST BENEFICIARIES TO OPEN CLAIMS WITH CMS

The undersigned unaffiliated Virginia counsel represent 154 Tort Trust Beneficiaries (the "Virginia Claimants") who are entitled to payment under the Third Amended Joint Chapter 11 Plan of New England Compounding Company (the "Plan"), the Claims Resolution Facility Procedures (the "Procedures"), the Insight Settlement Agreement and the Insight Claims Resolution Procedures.

Timeline:

1. The Virginia Claimants received their tainted NECC injections approximately four (4) years ago. Their claims against Insight were resolved by the Insight Settlement Agreement on February 5, 2015. Claims against NECC were resolved and the Plan was confirmed on May 20, 2015.

2. The Tort Trustee was appointed on May 14, 2015.

3. The Plan was confirmed on May 20, 2015 and became effective on June 4, 2015.

4. Claim forms under the NECC Claims Resolution Facility and Insight Claims Resolution Facility were filed in early October 2015.

5. Initial Award letters under the NECC Facility were issued to the Virginia Claimants in January and February 2016. Award letters were sent under the Insight Claims Procedures on May 13, 2016.

6. To date, no payments have been made to any Virginia Claimants (or any other claimants nationwide).

7. As the 4th anniversary of this healthcare catastrophe comes and goes, the Virginia Claimants (and doubtless all claimants nationwide) grow increasingly frustrated with the delays in payment. These claimants are additionally and tragically further injured by the delays in payment. While justice has remained elusory, certain Virginia Claimants have died while waiting for severely needed and already appropriated recovery.

<u>Stated Reasons for the Delays and Complications arising therefrom include the following</u>:

8. For nearly a year now, Lead Counsel and the Plaintiffs' Steering Committee have been involved in negotiations with CMS for a global resolution of Medicare and certain private liens. These negotiation have resulted in an agreement in principle (the "CMS Agreement"), which is now under review for final approval at the US Departments of Justice and Health and Human Services. Unfortunately, while this review takes place, counsel representing victims in Virginia have been unable to begin the process of resolving Medicare, Medicaid and other government liens, all of which is necessary to complete before the Tort Trustee can make payments to the victims. In short, the process of making payments to the victims, after four years, is being held up further while DOJ and HHS extend their already lengthy review of the agreement. This additional delay in the dispensing of justice will cause the victims more undue grief and anxiety as the days and anniversaries roll by without payment of their settlement funds. One provision of the

CMS Agreement allows Virginia victims the opportunity to opt out of its provisions, in which case they would resolve their CMS liens in the ordinary statutory manner. Unfortunately while DOJ and HHS continue their review of the CMS Agreement victims are prevented from even beginning the process of resolving their liens in the ordinary statutory manner.

9. Meanwhile, CMS has refused to allow many Virginia Claimants to even open claims with CMS to start the lengthy process of establishing the pay-off amount of their individual liens. Instead, letters have been sent by CMS directing such claimants to forward their inquiries to lead counsel for the PSC.

10. However, lead counsel for the PSC does **not** represent such claimants with regard to their liens. CMS' actions in refusing to even open claims in such a manner is, to the knowledge of counsel, unprecedented and unlawful. Medicare beneficiaries are entitled to ascertain the amount of the claimed liens against their recovery regardless of whatever negotiations are occurring between the Tort Trustee and CMS.

11. Letters from Virginia Claimants setting forth the facts and circumstances (i.e., CMS cannot legally refuse to open such claims) have gone ignored by CMS. This problem means that many Virginia Claimants will suffer at least an additional 60 to 90 days of bureaucratic delay just to open the claims and obtain initial conditional payment letters.

12. Equally or even more significant, this CMS claim block means that many claimants nationwide will have no information about the real Medicare lien information against which to compare the proposed CMS deal when it is finally (if ever) finalized. The proposed deal imposes a deadline for claimants to opt out. Most will have no way of obtaining a conditional payment letter from Medicare/CMS in time to make a reasoned comparison.

13. Finally, many Virginia Claimants (and other national claimants) are not even insured by Medicare and do not qualify for Medicare. Yet, even payments to these claimants have been indefinitely delayed while CMS and the Department of Justice treat this as just another bureaucratic process. There is no urgency on the part of the government --- and there never will be.

14. In short, the CMS deal is holding up the entire disbursement process. And, there are no incentives to mitigate against this inertia.

The Missing Medicaid List:

15. Most recently, the Virginia Claimants have been advised that payments to non-Medicare claimants are being delayed due to the lack of a list of Medicaid claimants (or claimants who do not have Medicaid liens). Claimants were initially told that such a list would be provided by July 15, but that deadline passed with no results. On information and belief, such a list (to the extent one is even required) was not requested in a timely manner.

New Certification Proposed Obligation:

16. Finally, it appears that the Tort Trustee is now seeking to impose a new obligation on Tort Trust Beneficiaries to certify that no additional liens exist as to their respective recoveries (along with certifications of due diligence, etc.). This added burden is not set forth in the Plan, the Tort Trust Agreement, or the Settlement Agreements. Rather, the Plan is specific in stating how the Tort Trustee is to address "other" liens. Section 5.11 of the Plan states: "Before disbursing any Tort Trust Assets to a Tort Trust Beneficiary, the Tort Trustee shall ensure that **other liens that the Tort Trustee has received notice of** have been resolved or have been otherwise satisfied." Nor is this added burden on the victims necessary to protect the interests of the Tort Trustee under any other provision of

4

the law. Thus, the inquiry is a simple one --- whether the Tort Trustee received notice of any other lien from any other valid lien holder.

17. The Plan and the Tort Trust Agreement do not grant the Tort Trustee latitude to impose such certification requirements on the Plan Beneficiaries. Rather, the Plan states that the Tort Trustee shall distribute proceeds promptly and in accordance with the Plan and related documents. Plan, §§ 5.07(i), 5.10, 5.12; and Tort Trust Agreement, §§ 3.10, 3.12, and 9.02.

18. There is no reason for the Tort Trustee to impose this additional burden on the claimants. Under the Plan and Tort Trust Agreement, the Tort Trustee has quasi-judicial immunity if she follows the terms of the Plan. Plan, § 3.05.

Relief Requested:

19. Wherefore, the Virginia Claimants ask that this Motion be set for expedited hearing on August 16, 2016 at 2:00 PM, a time at which this Court has already scheduled a hearing relating to some of these issues. The Virginia Plaintiffs request relief from this Court as follows:

   a. That the Tort Trustee be ordered to make timely distributions to the Tort Trust Beneficiaries (including the Virginia Claimants) without further delay;

   b. That the Tort Trustee terminate negotiations with CMS or set a date certain (no later than August 18, 2016) by which CMS and/or the Department of Justice must either sign the global deal or be deemed to have forfeited the opportunity to negotiate such a deal;

   c. That the Tort Trustee be ordered and enjoined to refrain from imposing obligations on the Tort Trust Beneficiaries to make any certifications regarding non-Medicare or non-Medicaid liens;

5002/684/7658631v1

d. That the Tort Trustee and the Plaintiffs Steering Committee be ordered to instruct CMS that no claims opening or administration/resolution process may be delayed on account of any negotiations by the PSC or Tort Trustee; and

e. Such additional and appropriate relief as this Court shall deem appropriate in order to address the untenable situation in which the Virginia Claimants (and all Tort Beneficiaries) have been placed by the actions described herein.

Respectfully submitted, August 1, 2016,

By: /s/ J. Scott Sexton
J. Scott Sexton (*pro hac vice*)
Gentry Locke Rakes & Moore
PO BOX 40013
ROANOKE, VA 24022-0013
T: (540) 983-9379
F: (540) 983-9468
sexton@gentrylocke.com
   *Counsel for Plaintiffs*

By: /s/ H. Keith Moore
H. Keith Moore, Esq.
Cranwell & Moore, PLC
P.O. Box 11804
Roanoke, VA 24022-1804
T: (540) 342-1000
F: (540) 344-7073
keith@cranwellmoorelaw.com
   *Counsel for Plaintiffs*

By: /s/ John E. Lichtenstein
John E. Lichtenstein, Esq.
Lichtenstein Law Group, PLC
101 South Jefferson Street, Suite 400 (24011)
P.O. Box 601
Roanoke, Virginia 24004-060111
T: (540) 343-9711
F: (540) 343-9713
jel@vatrials.com
   *Counsel for Plaintiffs*

By: /s/ Lauren M. Ellerman
T. Daniel Frith III, Esq.
Lauren M. Ellerman, Esq.
Frith & Ellerman Law Firm, PC
Post Office Box 8248
Roanoke, Virginia 24014
T: (540) 985-0098
lellerman@frithlawfirm.com
   *Counsel for Plaintiffs*

By: /s/ P. Brent Brown
P. Brent Brown, Esq.
Brown & Jennings, PLC
30 Franklin Road, Suite 700
Roanoke, Virginia 24011
T: (540) 444-4010
F: (540) 444-4011
brent@brownjenningslaw.com
   *Counsel for Plaintiffs*

By: /s/ Patrick T. Fennell
Patrick T. Fennell, Esq.
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
T: (540) 342-2000
F: (540) 556-0469
pfennell@crandalllaw.com
   *Counsel for Plaintiffs*

By: /s/ Jeffrey A. Travers
Jeffrey A. Travers, Esq.
Peter A. Miller, Esq.
Michael J. Miller, Esq.
The Sherman Building
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
T: (540) 672-4224
F: (540) 672-3055
jtravers@millerfirmllc.com
mmiller@millerfirmllc.com
*Counsel for Plaintiffs*

By: /s/ Gobind S. Sethi
Robert T. Hall, Esq.
Gobind S. Sethi, Esq.
Samantha K. Sledd, Esq.
Hall & Sethi, PLC
12120 Sunset Hills Road
Suite 150
Reston, VA 20190
T: (703) 925-9500
F: (703) 925-9166
rthall@hallandsethi.com
gsethi@hallandsethi.com
sksledd@hallandsethi.com
*Counsel for Plaintiffs*

By: /s/ Jennifer K. M. Crawford
Russell W. Updike, Esq.
Nolan R. Nicely, Jr., Esq.
Jennifer K. M. Crawford, Esq.
WILSON, UPDIKE & NICELY
228 North Maple Avenue
P.O. Drawer 590
Covington, Virginia 24426
Covington, VA 24426
T: (540) 962-4968
F: (540) 962-8423
j.crawford@wunlawfirm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2016, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ J. Scott Sexton