IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> This Document Relates to: ) <br>   All Cases ) <br> _____ ) | MDL Docket No. 2419 <br><br> Master File No. 1:13-md-2419-RWZ |

## INDIANA/MICHIGAN CLAIMANTS' MOTION TO COMPEL TORT TRUSTEE TO MAKE TIMELY DISTRIUBTIONS AND OTHER RELIEF

The undersigned unaffiliated Indiana counsel represent approximately 100 Tort Trust Beneficiates, the majority residing in Indiana with some being residents of southwest Michigan (the "Indiana/Michigan Claimants"). The Indiana/Michigan Claimants are entitled to payment under the Third Amended Joint Chapter 11 Plan of New England Compounding Company (the "Plan") and the Claims Resolution Facility Procedures (the "Procedures"). The Indiana/Michigan Claimants file this Motion to Compel Tort Trustee to Make Timely Distributions and Other Relief. In support of such motion, the Indiana/Michigan Claimants state:

1. The Indiana/Michigan Claimants are individuals who suffered personal injuries, some resulting in death, and related losses as a result of receiving contaminated epidural injections manufactured by the New England Compounding Center. The vast majority of such injections were administered during the period of June to October, 2012, now going on four years ago.

2. The Joint Chapter 11 Plan of Reorganization of New England Compounding Pharmacy, Inc. and related documents were filed on December 3, 2014, nearly two years ago.

3. On May 20, 2015, an order was entered confirming the Third Amended Joint Chapter 11 Plan for the New England Compounding Pharmacy, Inc. That order was entered more than one

year ago.

4. The Indiana/Michigan Claimants filing this motion have all submitted their written claim for request of payment to the Claims Administrator, Epic. None of the Indiana/Michigan Claimants have received any payment on their claims.

5. It has now been nearly four years since the Indiana/Michigan Claimants were injured, with some dying, after receiving the contaminated NECC epidural injection(s). There are claimants who have encountered severe financial distress, in addition to severe physical/medical hardships, as a result of their injuries from the contaminated epidural injections. They have communicated to counsel their frustration and anger over the delay in receiving payment for their injuries and losses.

6. Counsel for the Indiana/Michigan Claimants has been told various dates for the contemplated distribution of funds. None of those statements have proven accurate. Counsel is now being told that payments should start being made at the end of August, 2016, but only to those persons who do not have Medicare or private health insurance liens. It is understood that there is only a very small number of claimants that fall in that category. The overwhelming majority of claimants have medical liens owing to either Medicare and/or private healthcare insurance companies.

7. The undersigned counsel has been told that a tentative agreement has been received with Medicare regarding resolution of the Medicare liens but that a final agreement has not been reached because of supposed approval that needs to be obtained from the Department of Justice. No date has been provided for the DOJ response. The undersigned counsel has also been told that there have been meetings and other communications with representatives of private insurance carriers regarding resolution of the liens such carriers might have. It is understood that there still has been no agreement reached with such private insurance carriers.

8. Given that there has been no agreement reached now nearly 14 months since approval

of the Joint Chapter 11 Plan, it is requested that this Court direct the Trustee to have the claims administrator, Epic, distribute to counsel for each of the Indiana/Michigan Claimants the funds determined to be owing to them. Such distribution to be made within thirty (30) days of the date of such order. It is further requested that this Court order respective counsel for the claimants to take appropriate steps to communicate with Medicare, if applicable, and any private health insurance carrier, if applicable, regarding any lien that may exist as to the distribution to be made to such Indiana/Michigan Claimants and take appropriate steps to resolve such liens. In the alternative, it is requested that the Court make appropriate contact with the DOJ to bring about an immediate response on the approval request for resolution of the Medicare liens.

9. It is requested that the Court enter such order given the long delay that has occurred in the distribution of such funds and to address the economic and health related hardships being endured by the Indiana/Michigan Claimants.

10. The Indiana/Michigan Claimants join in the motion filed by the "Virginia Claimants" on August 1, 2016, Document 3019, entitled "Motion to Compel Tort Trustee to Make Timely Distributions, Terminate Negotiations with CMS, Refrain from Expanding the Obligations of Tort Trust Beneficiaries Beyond Those Called for Under the Controlling Documents, and Motion to compel Tort Trustee and Plaintiff Steering Committee to Instruct CMS to Allow Trust Beneficiaries to Open Claims With CMS."

Relief Requested:

11. Wherefore, the Indiana/Michigan Claimants ask that this Motion be set for expedited hearing on August 16, 2016 at 2:00 pm., a time at which this Court has already scheduled a hearing relating to some of these issues. The Indiana/Michigan Plaintiffs request relief from this Court as follows:

    a. That the Tort Trustee be ordered to make timely distributions to the Tort Trust

      Beneficiaries (including the Indiana/Michigan Claimants) of the funds determined to be owing to them without further delay; specifically within thirty days of the date of such order or, in the alternative, make appropriate contact with the DOJ to bring about an immediate response on the approval request for resolution of the Medicare liens;

b.   That the Tort Trustee terminate negotiations with CMS or set a date certain (no later than August 18, 2016) by which CMS and/or the Department of Justice must either sign the global deal or be deemed to have forfeited the opportunity to negotiate such a deal;

c.   That the Tort Trustee be ordered and enjoined to refrain from imposing obligations on the Tort Trust Beneficiaries to make any certifications regarding non-Medicare or non-Medicaid liens;

d.   That the Tort Trustee and the Plaintiffs Steering Committee be ordered to instruct CMS that no claims opening or administration resolution process may be delayed on account of any negotiations by the PSC or Tort Trustee; and

e.   Such additional and appropriate relief as this Court shall deem appropriate in order to address the untenable situation in which the Indiana/Michigan Claimants (and all Tort Beneficiaries) have been placed by the actions described herein.

Respectfully submitted, August 5, 2016.

/s/ Douglas D. Small
Edmond W. Foley, #8525-71
Douglas D. Small, #2040-34
Foley & Small
1002 East Jefferson Blvd.
South Bend, IN 46617
(574) 288-7676
dsmall@foleyandsmall.com
Counsel for Plaintiffs


/s/ Richard Morgan
Richard Morgan, #9297-71
Pfeifer, Morgan & Stesiak
53600 North Ironwood Drive
South Bend, IN 46635
(574) 272-2870
rmorgan@pilawyers.com
Counsel for Plaintiffs


/s/ Vincent M. Campiti
Vincent M. Campiti
NEMETH, FEENEY, MASTERS
& CAMPITI, P.C.
Chase Tower, Suite 180
211 West Washington Street
South Bend, IN 46601
(574) 288-5380
vcampiti@campitilaw.com
Counsel for Plaintiffs


/s/ Gregory L. Laker
Gregory L. Laker, #10322-49
Edward B. Mulligan V, #29400-53
Cohen & Malad, LLP
One Indiana Square, Ste. 1400
Indianapolis, IN 46204
(317) 636-6481
glaker@cohenandmalad.com
Counsel for Plaintiffs

/s/ Robert T. Dassow
Robert T. Dassow, #15145-64
Hovde Dassow & Deets
201 W. 103rd Street, Ste. 500
Indianapolis, IN 46290
(317) 818-3100
rdassow@hovdelaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2016, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Douglas D. Small