UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-2419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

THIS ORDER APPLIES TO ALL ACTIONS NAMING
THE SPECIALTY SURGERY DEFENDANTS[1]

ORDER

August 5, 2016

ZOBEL, J.

The Specialty Surgery Center (SSC) Defendants have moved for partial summary judgment, arguing that the Tennessee Products Liability Act (PLA), Tenn. Code Ann. §§ 29-28-101 et seq. cannot apply to the plaintiffs' claims given the countervailing Tennessee Health Care Liability Act (HCLA), Tenn. Code Ann. §§ 29-26-101 et seq. The court has addressed this issue before on a motion for summary judgment by another set of Tennessee defendants which it allowed. See Docket # 2700.

The Plaintiffs' Steering Committee (PSC) has raised an issue it conceded in an earlier round of summary judgment, which the court will briefly address. It is law of the case that the PLA and the HCLA are in conflict given their irreconcilable liability provisions. See id. Tennessee courts, in line with their federal counterparts, resolve

---

[1] Specialty Surgery Center, PLLC; Kenneth R. Lister, M.D.; Kenneth R. Lister, M.D., P.C.

1

such conflicts by applying the more specific statute. Graham v. Caples, 325 S.W.3d 578, 582 (Tenn. 2010). The PSC had previously conceded that the HCLA was the more specific statute,[2] but argues here that it is not.

Upon further consideration, I remain persuaded that the scope of the PLA plainly dwarfs that of the HCLA. As the PSC recognizes, the PLA applies with extraordinary breadth: it authorizes "product liability action[s]," defined as "all actions based upon . . . any . . . substantive legal theory in tort or contract whatsoever" against the manufacturers—and under certain circumstances, the sellers—of "products," defined as "any tangible object[s] or goods produced." Tenn. Code Ann. § 29-28-102 (West 2016). The PLA thus, by its own terms, applies to any action brought under any theory concerning any tangible object against any "designer, fabricator, producer, compounder, processor, or assembler" of that object "or its component parts." Id. The HCLA, by contrast, cabins its application to "an[y] injury related to the provision of, or the failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." Tenn. Code Ann. § 29-26-101(a)(1) (West 2016). The sweep of the former is unambiguously broader than the latter, simply because there are more products produced than medical services performed.

The PSC argues that the PLA's limitations concerning suits against sellers circumscribe the statute such that it applies more narrowly than the HCLA. These limitations preclude lawsuits against sellers unless: (1) the seller has played some substantial role in designing, packaging, or labeling the product; (2) the seller has altered the product; (3) the seller gave an express warranty under Tennessee law; (4) a

---

[2] The PSC disputes this characterization.

2

plaintiff cannot sue the manufacturer or distributor in Tennessee; or—relevant here—(5) the manufacturer "has been judicially declared insolvent." Tenn. Code Ann. § 29-28-106 (West 2016). This, however, merely winnows the set of possible defendants without restricting whatsoever the statute's scope. The PLA's scope—any lawsuit concerning any product—remains far more general than that of the HCLA. Given that the two statutes conflict, see Docket # 2700, only the latter may apply in these cases.

The SSC Defendants' Motion for Summary Judgment (Docket # 2882) is ALLOWED.

|     |     |
| --- | --- |
| August 5, 2016 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

3