UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: <br><br> NEW ENGLAND COMPOUNDING PHARMACY, INC. <br> PRODUCTS LIABILITY LITIGATION, | Multi-District Litigation <br> Case No. 1:13-md-2419-RWZ |

**TORT TRUSTEE'S RESPONSE TO MOTIONS TO COMPEL
TORT TRUST DISTRIBUTIONS [ECF NOS. 3019, 3020 AND 3025]**

Lynne F. Riley, the Tort Trustee[1] under the Tort Trust Agreement and Plan, adopts the substance of the Plaintiffs' Steering Committee's ("PSC") and Lead Counsel's response [ECF No. 3043][2] and asks the Court to deny the claimants' motions [ECF Nos. 3019, 3020 and 3025] because the requested relief would have the counterproductive effect of delaying (not expediting) distributions for most if not all claimants and could diminish Tort Trust Assets available to claimants if the Tort Trust becomes liable for damages (including multiple damages) for failure to comply with applicable Medicare, Medicaid or private insurer reporting and reimbursement obligations.

The Tort Trustee's role is largely ministerial to hold the trust assets and make distributions "to satisfy as fully as possible all Tort Claims and Allowed Class E Claims" in accordance with the provisions of the Plan. *See* Plan, § 5.07; Tort Trust Agreement, 2.02(b). Further, the Plan expressly requires that, ***before*** any Tort Trust Assets are distributed to any Tort Trust Beneficiary, the Tort Trustee comply with Medicare and Medicaid reporting and reimbursement obligations, contemplates that the Tort Trustee will negotiate or attempt to negotiate a global resolution

---

[1] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to those terms in the *Third Amended Joint Chapter 11 Plan of New England Compounding, Inc.* [ECF No. 1352].

[2] The law firm of Hagens Berman Sobol Shapiro LLP also represents the Tort Trustee.

JS#553497v1

the Centers for Medicare and Medicaid Services ("CMS"), and requires that the Tort Trustee ensure that other noticed liens have been resolved or otherwise satisfied. *See* Plan, §§ 5.10, 5.11. The Tort Trust indemnifies the Tort Trustee and certain other parties from any liability, including for such reporting or reimbursement failures. *See* Tort Trust Agreement, § 3.07. The Tort Trustee has substantial discretion in exercising her duties and "the sole and absolute discretion to determine the timing of distributions of the proceeds of the Tort Trust in the most efficient and cost-effective manner possible" and "in a manner consistent with the express requirements of th[e] Plan." *See* Plan, § 5.12; *see also* Tort Trust Agreement, § 7.03 ("the Tort Trustee shall have the power to take any and all actions as, in the judgment and discretion of the Tort Trustee, are necessary or advisable to effectuate the purposes of the Tort Trust.").

Since her appointment, the Tort Trustee has efficiently and effectively supported the PSC's and Lead Counsel's efforts to globally resolve the public and private liens and preserve opt out options for claimants. An agreement in principle with CMS subject to Department of Justice ("DOJ") approval has been submitted to this Court [ECF No. 3023], necessary information has been submitted to all 50 states to identify potential Medicaid liens, and an agreement in principle with a group of private insurers tied to the CMS resolution has been reached. Furthermore, the Trustee has been focused on minimizing expenses, including her own fees, that may dilute the Tort Trust to maximize the return to Tort Claimants. Initial payments are set to be made for some claimants as early as this August with rolling distributions thereafter upon the DOJ approval of the CMS agreement.

The Tort Trustee is very sympathetic to the claimants' desire to rush distributions, but the requested relief (i) would only delay distributions to most if not all claimants, (ii) would interfere with substantial efforts made to globally resolve the public and private liens with certainty, and

JS#553497v1

(iii) could result in Medicare, Medicaid and private claims being made against the Tort Trust, indemnification obligations, and multiple damages that could significantly deplete Tort Trust Assets otherwise distributable to Tort Claimants.

**WHEREFORE**, the Tort Trustee respectfully requests that the Court (i) deny the relief requested in the claimants' motions and (ii) allow the Tort Trustee, Lead Plaintiff and PSC to continue to work toward global resolutions of the public and private liens and to make timely distributions to claimants.

Respectfully Submitted,

LYNNE F. RILEY, TORT TRUSTEE,

By her attorneys,

/s/ Timothy J. Durken

Michael J. Fencer (BBO No. 648288)
Timothy J. Durken (BBO No. 666720)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts  02111
Telephone.:   617-951-0500
Facsimile:    617-951-2414
Email:  mfencer@jagersmith.com

Dated:  August 15, 2016

JS#553497v1

**CERTIFICATE OF SERVICE**

    I, Timothy J. Durken hereby certify that on August 15, 2016 I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic Filing system.

    /s/ Timothy J. Durken

    Timothy J. Durken

JS#553497v1