UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Actions Involving Specialty Surgery Center and Dr. Kenneth Lister. | )<br>)<br>)<br>)  MDL No. 1:13-md-2419<br>)<br>)  Judge Rya Zobel<br>)<br>)<br>) |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTION FOR RECONSIDERATION [Dkt. No. 3031]**

The Plaintiffs' Steering Committee ("PSC") files this Response in Opposition to the SSC Defendants' Motion for Reconsideration (Dkt. No. 3031, the "Motion to Reconsider").

The SSC Defendants ask the Court to reconsider the portion of the July 28, 2016 Order, which granted in part and denied in part the competing Motions for Protective Order that found a waiver of the work product privilege.[1]  The Court's original decision followed extensive briefing, evidentiary submissions, and oral argument from the PSC, the SSC Defendants, and third-party Cumberland Medical Center ("Cumberland").[2]

The Motion to Reconsider offers nothing to justify the Court to re-examine its initial order and should be denied in full.[3]  The SSC Defendants appear to contend that, under the Rule

---

[1] Dkt. Nos. 2841 and 2906.
[2] *See* Dkt. Nos. 2905, 2906, 2907, 2920, 2921, 2922, 2938, 2949, 2952, 2955, and 2962.  The PSC notes again that the SSC Defendants did not file a timely Reply brief.  Instead, 16 days after receiving the PSC's opposition brief, and just one day before oral argument on June 22, 2016, the defendants filed an 18-page Reply that included additional affidavits, new caselaw, and new legal arguments.  The timing was highly prejudicial to the PSC.
[3] As an initial matter, under Rule 72(a), if a party objects to an order issued by the Magistrate Judge, it has 14 days in which to file objections to the District Court.  Failure to file timely objections to the District Court constitutes waiver. *See, e.g.*, *Seymour v. Continental Airlines, Inc.*, CA No. 09-526-ML, 2010 U.S. Dist. LEXIS 105968, at *11-12 (D.R.I. Oct. 4, 2010) (finding untimely filed objections to be waived). *Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs*, 552 F. Supp. 2d 137 (D.N.H. Apr. 22, 2008) (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)); *Oahn Nyugen Chung v. StudentCity.com, Inc.*, Civil Action No. 10-10943-

1

54 standard applicable to interlocutory orders, the Court's ruling reflected a clear error of law and therefore should be reconsidered. However, reconsideration is an extraordinary remedy that should be used sparingly and should rarely be granted.[4] It is not an opportunity to repeat arguments that the Court already considered and rejected, nor is it an opportunity to raise new arguments that could and should have been raised in the first instance.[5] This is precisely what the SSC Defendants seek to do in their Motion to Reconsider, and it should be denied.

### I. The Preamble "Whereas" Clause That The SSC Defendants Rely On For Showing Alleged Error Is Wholly Immaterial To The Court's Analysis

In their Motion to Reconsider, the SSC Defendants now contend that the Court made an erroneous finding that SSC and Cumberland did not share a "common interest" for purposes of the work product waiver doctrine. Their only evidence is a preamble "whereas" clause in the Asset Purchase Agreement ("APA"), which states that it was in the "best interest" of SSC and Cumberland (and the public) to sell SSC's assets to Cumberland. If this document is truly key to the analysis of the Court, it begs the question why was it not mentioned or argued in the SSC Defendant's original briefing on this issue? The PSC submits it was not argued because this "whereas" clause is not material to the Court's analysis and hardly establishes that there is a common interest between Cumberland and SSC vis-à-vis this litigation.

---

RWZ, 2013 U.S. Dist. LEXIS 18589, at *3-4 (D. Mass. Feb. 12, 2013) (Zobel, J.). Here, the SSC Defendants failed to file timely objections to the Magistrate Judge's Order with the District Court within 14 days. The objections raised in their motion are therefore waived by the plain terms of Rule 72. The defendants cite no authority demonstrating otherwise. The motion could therefore be denied on that basis alone.

[4] *Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs*, 552 F. Supp. 2d 137 (D.N.H. Apr. 22, 2008) (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)); *Oahn Nyugen Chung v. StudentCity.com, Inc.*, Civil Action No. 10-10943-RWZ, 2013 U.S. Dist. LEXIS 18589, at *3-4 (D. Mass. Feb. 12, 2013) (Zobel, J.).

[5] *See Acosta Colon v. Wyeth Pharms. Co.*, Civil No. 03-2327, 2006 U.S. Dist. LEXIS 11240, at *5-6 (D.P.R. Mar. 1, 2006); *Linton v. New York Life Ins. & Annuity Corp.*, Civil Action No. 04-11362-RWZ, 2006 U.S. Dist. LEXIS 77368, at *2 (D. Mass. Oct. 26, 2006) (citing *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)) (Zobel, J.).

Regardless, the Court's conclusion that SSC and Cumberland do not currently have a common interest (litigation or otherwise) in the underlying data at issue is accurate. Cumberland was under no obligation to maintain the confidentiality of the disclosed materials, Cumberland was not acting as SSC's agent or representative in receiving work product, and Cumberland is prepared to give the PSC unfettered access to any materials over which SSC and its counsel might otherwise assert work product protection. Tellingly, Cumberland has not asserted such a common interest privilege, did not argue one in the original briefing, and has not lodged any objections to the Court's original decision.

Additionally, the Court correctly held that when SSC disclosed attorney work product material to Cumberland, the disclosure was <u>not</u> made in pursuit of trial preparation – a point that the defendants do not even challenge.[6]

In sum, the Court did not misconstrue the facts and it certainly did not misapply the law. The APA preamble "whereas" clause does not demonstrate otherwise or in any way compel a different result than the Court reached originally.

## II.    All Other Points Made In The Motion to Reconsider Are Improper Rearguments or New Arguments, And Fail To Demonstrate Clear Error

As to the rest of SSC's brief, it is improper surplusage. In some parts of the Motion to Reconsider, the Defendants repeat arguments that the Court previously rejected, such as that

---

[6] In footnote 17, the SSC Defendants also claim that there is a common litigation interest between Cumberland and SSC because SSC received a notice of intent to sue that included Cumberland as a potential defendant. The SSC Defendants cite to Exhibits 2 and 3 of their Motion to Reconsider for support for this position. This is an absurd position. As is clear from the Asset Purchase Agreement, the SSC Defendants sold the computers to SSC on May 3, 2013. The documents the SSC Defendants rely upon to claim there was a common litigation interest were not received until September 13, 2014, or over four months ***after*** the SSC Defendants handed over the computers at issue to Cumberland. They point to no document or other evidence that a common litigation interest existed between Cumberland and SSC when these computers were sold to Cumberland on May 3, 2013.

waiver cannot occur absent direct disclosure to an adversary and that Cumberland was a non-adversarial business party relative to the asset purchase transaction. A motion for reconsideration is not a vehicle to re-argue these points previously considered and rejected by the Court. In the remainder of the Motion to Reconsider, the Defendants introduce new case law citations and arguments. Nothing prevented the defendants from raising any of these cases and arguments in their original Brief, in their Reply, at oral argument, or in a post-oral argument submission. It is too late to do so now, and a motion for reconsideration does not afford the defendants a second bite at the apple to make arguments that they could have, and should have, made the first time around.

Even if the Court were to consider the new arguments and case law citations (in addition to re-argument of previously rejected points), those cases do not demonstrate clear error. First, none of the newly cited cases are controlling. For example, the Defendants rely upon: (1) a D.C. Circuit case that they claim is a "good illustration" of where waiver of work product occurs[7]; (2) decisions from within other federal circuits and state courts relating to disclosures to a governmental agency[8]; (3) a First Circuit decision (in a footnote) that the Defendants themselves admit is "not controlling precedent given its procedural posture"[9]; and (4) district court cases from other jurisdictions related to whether a common litigation interest is required to prevent waiver of work product by voluntary disclosure.[10] Because these cases are not controlling, none of them compels a different result than the Court reached in its Order.

Moreover, even if the Court were to consider the persuasive value of the newly cited cases, they are readily distinguishable from the facts presented here. Several of the cited cases

---

[7] Dkt No. No. 3031 at p. 6.
[8] Dkt No. 3031 at pp. 5-6, n.18.
[9] Dkt No. 3031 at p. 7 n.28.
[10] Dkt No. 3031 at p. 8 n. 31.

involve a finding of waiver in particular contexts, such as direct disclosure to an adversary or to an investigatory government agency, and therefore do not speak to whether waiver can occur in other circumstances such as those presented here.[11]  The Defendants also cite several non-analogous, unpublished, out-of-circuit district court cases concerning whether disclosure pursuant to a common "business interest" constitutes waiver, all of which involved materially distinguishing facts, such as the presence of an agency relationship, a contractual duty of confidentiality, or some other special relationship not present here.[12]

More broadly, the Defendants' Motion to Reconsider does not grapple with the fundamental facts of this case. Plainly, SSC's conduct was inconsistent with maintaining the secrecy of that data from future litigants to whom it would be relevant.  At the time of the sale, SSC already anticipated litigation against it related to the fungal meningitis catastrophe.  It is beyond dispute that SSC did not disclose the data in furtherance of trial preparation, and it is clear that Cumberland was not under any duty (contractual or otherwise) to protect the data

---

[11] For example, in *Jones v. Secord*, the Court found that the materials at issue were not work product for multiple reasons, and added in *dicta* that work product protection would have been waived anyway through direct disclosure to the adverse party's counsel.  2011 U.S. Dist. LEXIS 63486, at *6-11 (D. Mass. June 15, 2011).  The defendants also cite a string of cases establishing that disclosure of work product to an investigating agency constitutes waiver.  (*See* Dkt. No. 3031 at p. 6.)  None of those cases precludes the possibility of waiver under other circumstances.

[12] For example, in *In re Copper Mkt. Antitrust Litig.*, the court found that there was no work product waiver for communications between a company and a public relations firm, where the PR firm was hired specifically to assist the company in preparing for anticipated litigation, worked with the company's counsel, acted as the company's agent, held a common interest in the materials with the company, and where the exchange of information did not increase the opportunity for a potential adversary to obtain the information.  200 F.R.D. 213-215, and 215 n.6 (S.D.N.Y. 2001); *see also Cellco P'ship v. Nextel*,  2004 U.S. Dist. LEXIS 12717, at *5-6 (S.D.N.Y. July 7, 2004) (no waiver, where party hired advertising agency had a contractual obligation not to disclose business information, including work product, conveyed to it by the party); *Pecover v. Elec. Arts, Inc.*, 2011 WL 6020412, at *1 (N.D. Cal. Dec. 1, 2011) (no waiver because of common interest exception, where defendant and NFL had entered into a joint defense agreement and, at the time of the email at issue, had a common interest in formulating legal strategy against the plaintiff's allegations that the NFL was an unnamed co-conspirator).

transferred from disclosure to third parties. Taken in context, the Court's Order therefore was reasonable, grounded in precedent, and certainly did not constitute a clear error of law.

## CONCLUSION

For the reasons stated herein, the Motion to Reconsider should be denied.

Date: August 18, 2016

Respectfully submitted:

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com
*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Annika K. Martin
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212/355-9500
Facsimile: 212/355-9592
akmartin@lchb.com

mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*


## **CERTIFICATE OF SERVICE**

    I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   August 18, 2016

                                              /s/ Benjamin A. Gastel
                                              Benjamin A. Gastel