UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION v. | ) ) ) ) ) MDL No: 1:13-md-2419-RWZ |
| This Document Relates to: | ) ) ) ) |
| Musselwhite v. Advanced Pain & Anesthesia Consultants No: 1:14-cv-13676 | ) ) ) ) |
| Kennedy v. Advanced Pain & Anesthesia Consultants No.. 1:14-cv-13689 | ) ) ) ) |
| Brady v. Cincinnati Pain Management Consultants No. 1:14-cv-10284 | ) ) ) ) |
| Pettit v. Cincinnati Pain Management Consultants No. 1:14-cv-11224 | ) ) ) ) |
| Witt v. Cincinnati Pain Management Consultants No: 1:14-cv-10432 | ) ) ) ) |
| Montee v. BKC Pain Specialists No. 1:13-cv-12657 | ) ) ) |
| Cooper v. BKC Pain Specialists No: 1:13-cv-12659 | ) ) ) ) ) ) ) ) ) ) |

1593754v.1

**DEFENDANTS' RESPONSE TO PLAINTIFF STEERING
COMMITTEE'S CORRECTED PROPOSED SUGGESTION
OF REMAND OR TRANSFER**

1.      This Response is being filed on behalf of the Illinois and Ohio physician and clinic

defendants[1] in the following actions:

       1       Joseph Brady and Rebecca Brady v. Cincinnati Pain Management Consultants
           ("CPMC") & Gururau Sudarshun, M.D., C.A. No. 1:14-cv-10284;

       2.      Sally Pettit and Jeff Pettit v. CPMC & Ann Tuttle, M.D., C.A. No. 1:14-cv-11224

       3.      Jack Witt and Patty Witt v. CPMC & James Molnar, M.D., C.A. No. 1:14-cv-
           10432

       4       Donna Montee v. BKC Pain Specialists, Inc. ("BKC") & Nikesh Batra, M.D.,
           C.A. No. 1:13-cv-12657

       5.      Pamela Cooper v. BKC & Adil Katabay, M.D., C.A. No. 1:13-cv-12659

       6.      Leslie Musselwhite v. Advanced Pain & Anesthesia Consultants ("APAC") &
           Randolph Chang, M.D., C.A. Nos. 1:13-cv-13228 and 1:14-cv-13676
           (Consolidated by Stipulation and Order into 1:14-cv-13676);

       7.      Michael Kennedy and Barbara Kennedy v. APAC & Randolph Chang, M.D.,
           C.A. Nos. 1:13-cv-13227 and 1:14-cv-13689 (Consolidated by Stipulation and
           Order into 1:14-cv-13689).

On August 16, 2016, the PSC filed with the Court (Dkt. No. 3052) a "Corrected Proposed

Suggestion of Remand or Transfer" in the form of a Proposed Order for the Court as to a list of

transferred cases to be remanded. As set forth below, a number of transferred cases have been

erroneously removed and omitted from the Corrected Proposed Order which cases must be

included in any remand order of the Court.

2.      Pursuant to Court order, all actions involving Clinic Related Defendants with four or

fewer actions have been stayed as to case specific and expert discovery. Indeed, the latest order

---

[1] The clinic and physician defendants are: Advanced Pain & Anesthesia Consultants, PC (APAC), Cincinnati Pain
Management Consultants, (CPMC); BKC Pain Specialists, LLC (BKC),  Dr. Molnar, Dr. Tuttle, Dr. Sudarshun, Dr.
Batra, and Dr. Katabay.

extended the stay until September 1, 2016. Among the cases subject to the stay are the above referenced actions. Specifically, Clinic Related defendant APAC et. al. has two actions (Musselwhite and Kennedy); BKC et. al. has two actions (Montee and Cooper) and CPMC et. al. has three actions (Brady, Pettit, and Witt). Two other actions naming these clinic defendants are "directly" filed in Massachusetts.[2] The Musselwhite and Kennedy actions are a consolidated action in which identical actions were filed in Illinois and Massachusetts and after transfer of the Illinois filed actions to this MDL the dual actions were consolidated in the Illinois actions in this MDL (i.e. C.A. No. 1:14-cv-13676 (Kennedy) and C.A. No. 1:14-cv-13689 (Musselwhite)—Dkt.1603). The Brady, Pettit, Cooper, Montee, and Witt actions naming the Clinic Related defendants were all filed directly in Ohio and transferred to this MDL. *See* footnotes 4-8 supra.

3.      Since early Spring of this year, it has become clear to the parties and the Court that the "efficiencies of the MDL mechanism have been exhausted" and that "it is time" for all transferred actions as to the remaining Clinic Related Defendants having four or fewer cases naming them as defendants to be remanded to their home and more convenient and interested jurisdictions for case specific discovery and resolution. The Court has noted that there is "no efficiencies to be gained in litigating cases against [these remaining Clinic-Related Defendants] in the MDL, given the small number of cases against each clinic…"[3] Only case specific discovery remains for these transferred cases with virtually all of the claimants, defendants, and

---

[2] The two "directly" filed actions are McDow v. APAC & Randolph Chang, M.D., C.A. No. 1:12-cv-12112 and Gibson v. CPMC & Dr. Molnar, C.A. 1:14-cv-11856.  In its initial and "Corrected" Proposed Suggested Order for Remand, the PSC excludes any "directly" filed action in its list of proposed transferred cases to remand. Accordingly, this Response does not include the Gibson and McDow actions. However, the defendants in Gipson and McDow reserve the right, following the ruling by the Court as to the request to remand the "transferred" cases and any lift of the stay now that the common discovery and purpose of MDL has run its course and is completed as to these individual cases, to file a venue motion (see 28 U.S.C. §1404(a)) in these "directly" filed actions as there is little question that Illinois (McDow) and Ohio (Gipson) are the far more convenient and interested forums for the case specific discovery and final adjudication of these actions.

[3] Corrected Order to Show Cause Concerning Remand and Transfer, In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig., 13-md-2419 (D. Mass. June 13, 2016)(Dkt. 29280).

treaters in these actions living, working or located in or near the home jurisdictions making remand both practical, necessary, and fair particularly given that these home jurisdictions have the most significant interest for resolution.

4.      In the Court's June 13, 2016 Show Cause Concerning Remand and Transfer Order (Dkt. 2928)—drafted by the PSC, various cases as to Clinic Related defendants with four or fewer actions against it were identified and listed which included the <u>Kennedy</u>, <u>Musselwhite</u>, <u>Brady</u>, <u>Pettit</u>, <u>Witt</u> and <u>Cooper</u> actions. Dkt. 2928 p.7-8. The Court identified that these cases were subject to remand and/or transfer back to the original courts unless counsel for plaintiff or defendant objected. Any party objecting to the suggested or proposed remand of the listed cases had until June 21, 2016 to show cause why the particular case should not be remanded or transferred back with any submission to include "what efficiencies will be gained by litigating pretrial matters in the MDL." Dkt. 2928, p. 10. Any such objection and explanation was required to be specifically filed (i.e. "shall") with the Court on or before June 21, 2016. Dkt. 2928 at p.9.

5.      **<u>Musselwhite and Kennedy Actions</u>**

In response to the Court's Order to Show Cause Concerning Remand (Dkt. 2928), the only APAC, BKC or CPMC cases in which an objection to remand was filed with the Court was <u>Musselwhite</u> and <u>Kennedy</u> (Dkt. 2942). In that objection, it was represented that both <u>Musselwhite</u> and <u>Kennedy</u> were appropriate cases to remain here as they were filed directly in Massachusetts. <u>Id</u>. As pointed out in APAC's Response to that submission (Dkt. 2947), however, remand is entirely appropriate as to both <u>Musselwhite</u> and <u>Kennedy</u> as those actions had also been filed in Illinois which actions were transferred to the MDL. Indeed, by express Stipulation, the directly filed actions were consolidated into the Illinois filed and transferred actions. (Dkt. 1603). As further set out in APAC's response (Dkt. 2947), remand is further mandated as there

3

were no efficiencies to be gained in not remanding. Indeed, the fundamental venue considerations of convenience for the parties and witnesses, access to evidence and proof, availability of process, availability of documentary evidence, public interest in administrative efficiency, the connection between the forum and the issues, the law to be applied, and the state and public interests further support remand. Dkt. 2947.

6.     The <u>Musselwhite</u> and <u>Kennedy</u> actions were again identified as cases to be remanded in the PSC's "Proposed Suggestion of Remand or Transfer" filed with the Court on August 5, 2016 (Dkt. 3028-1) but then removed from the PSC's subsequent "Corrected Proposed Suggestion of Remand or Transfer" (Dkt. 3052) filed on August 16, 2016 apparently based on the prior objection. Given that: (a) <u>Musselwhite</u> and <u>Kennedy</u> filed identical actions in Illinois which were transferred into the MDL; (b) the directly filed actions were consolidated into the identical Illinois actions transferred to the MDL; (c) fundamental venue and efficiency considerations establish Illinois as not only the most convenient forum for the remaining discovery and parties but the forum with the most significant interest in the resolution of the claims under Illinois law; and (d) that common discovery is concluded with only case specific discovery and trial remaining, remand to Illinois is entirely appropriate and warranted.

7.     **Montee, Cooper, Brady, Pettit and Witt Actions**

The <u>Montee</u>,[4] <u>Cooper</u>,[5] <u>Brady</u>,[6] <u>Pettit</u>[7] and <u>Witt</u>[8] actions are all Ohio based actions which were all transferred into the MDL. They were all identified in the Court's Show Cause Order (Dkt.

[4] Plaintiff (Montee) initially filed an action in Middlesex Superior Court in Massachusetts on December 14, 2012 naming <u>only</u> NECC as a defendant. NECC removed the action to the Massachusetts Federal Court on April 10, 2013 and it was assigned Docket No.: 1:13-cv-10816. Montee proceeded to file an action against various National and Affiliated Defendants as well as BKC and Dr. Batra in the Northern District Court of Ohio on September 26, 2013 with a First Amended Complaint filed on October 4, 2013. See Ohio Federal Court Docket No.: 3:13-cv-02139. This Ohio filed Federal action was subsequently transferred to the MDL on October 22, 2013. See Docket 1:13-cv-12657. On May 26, 2015, the Court allowed (over the objection of BKC and Dr. Batra) Montee's motion to consolidate the NECC removed action (1:13-cv-10816) with the Ohio filed action which had been transferred (1:13-cv-12657) and even though the NECC removed action (1:13-cv-10816) was effectively moot given the intervening bankruptcy and

4

2928) as transferred cases appropriate for remand. No objection was filed by any of the plaintiff's in these actions to the suggested remand prior to the Court's deadline of June 21, 2016 as required for any objection under the Order. These Ohio based actions were all subsequently included in the PSC's August 5, 2016 "Proposed Suggestion of Remand or Transfer" (Dkt. 3028-1) as among the cases to be remanded.   In the recent and subsequent "Corrected Proposed Suggestion of Remand or Transfer" (Dkt. 3052), filed on August 16, 2016, the <u>Witt</u> action remains listed as a case to be remanded with the <u>Montee</u>, <u>Cooper</u>, <u>Brady</u> and <u>Pettit</u> actions removed from the list as cases to be remanded. The "Corrected Proposed Suggestion of Remand or Transfer" (Dkt. 3052) provides no explanation for the removal of these transferred actions from the list of cases to be remanded or references any objection to their remand. Indeed, in footnote 24 to the "Corrected Proposed Suggestion or Remand or Transfer," the PSC lists the actions/defendant clinics to which timely and proper objections were made under the Court's Order and does not include any reference to any objection to the <u>Montee</u> (BKC defendant), <u>Cooper</u> (BKC defendant), <u>Brady</u> and <u>Pettit</u> (CPMC defendant) transferred actions consistent with the lack of any filed objection by the June 21, 2016 date set by the Court.

8.      The <u>Montee</u>, <u>Cooper</u>, <u>Brady</u> and <u>Pettit</u> actions, just as the <u>Witt</u> action, are all transferred matters whose home jurisdiction (Ohio) is the far more convenient and appropriate forum to conduct case specific discovery and resolve the claims. There are no efficiencies to be had by not

---

dissolution of NECC. Under no plausible construction, can Montee's action against BKC and Dr. Batra be considered a "directly" filed action by virtue of the "consolidation." BKC and Dr. Batra were only added as defendants through the transferred Ohio action. As such, (1:13-cv-12657) is a transferred action appropriate for remand. Indeed, all other defendants have been dismissed.

[5] The <u>Cooper</u> action was filed in the Northern District Court of Ohio on September 26, 2013 with a First Amended Complaint filed on October 4, 2013. See Ohio Federal Court Docket No.: 3:13-cv-02140. It was subsequently transferred to the MDL on October 22, 2013. See Docket 1:13-cv-12659.

[6] The <u>Brady</u> action was filed in the Southern District of Ohio on December 18, 2013. See Ohio Federal Court Docket 1:13-cv-00916. It was transferred to the MDL on or about February 7, 2014. See Docket 1:14-cv-10284.

[7] The <u>Pettit</u> action was filed in the Southern District of Ohio on March 4, 2014. See Ohio Federal Court Docket 1:14-cv-00198. It was transferred to this MDL on March 24, 2014. See Docket No. 1:14-cv-11224.

[8] The <u>Witt</u> action was filed in the Southern District of Ohio on September 17, 2013. See Ohio Federal Court Docket No.: 1:13-cv-00655. It was transferred to the MDL on February 26, 2014. See Docket No. 1:14-cv-10432.

remanding these cases. Accordingly, the <u>Montee</u>, <u>Cooper</u>, <u>Brady</u>, and <u>Pettit</u> actions should and must be included on the list of cases to be remanded. There is no valid justification or reason not to include these cases in the list of transferred cases to be remanded.

WHEREFORE, defendants respectfully requests that any Order for Remand of the remaining actions involving Clinic Related Defendants having four or fewer cases naming them as defendants include the <u>Montee</u>, <u>Brady</u>, <u>Pettit</u>, <u>Cooper</u>, <u>Musselwhite</u> and <u>Kennedy</u> actions referenced above.

Respectfully Submitted
The Defendants
ADVANCED PAIN & ANESTHESIA
CONSULTANTS, P.C., CINCINNATI PAIN
MANAGEMENT CONSULTANTS, INC., BKC
PAIN SPECIALISTS, INC., DR. JAMES
MOLNAR, DR. ANN TUTTLE, DR. GURURAU
SUDARSHUN, DR. NIKESH BATRA and
DR. ADIL KATABAY
By their attorney,

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing  (NEF) and paper copies will be sent to those indicated as non-registered participants on  **August 19, 2016**
/s/  Tory A. Weigand

/s/ Tory A. Weigand_____
Tory A. Weigand, BBO #548553
Anthony E. Abeln, BBO #669207
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181;(617) 439-7500
tweigand@morrisonmahoney.com
aabeln@morrisonmahoney.com

1593754v.1