# GIDEON, COOPER & ESSARY

### A PROFESSIONAL LIMITED LIABILITY COMPANY

315 DEADERICK STREET, SUITE 1100

NASHVILLE, TENNESSEE 37238

(615) 254-0400

FAX (615) 254-0459

www.gideoncooper.com

C. J. GIDEON, JR.[1]
DIXIE W. COOPER[2]
BRYAN ESSARY[3]
CHRIS J. TARDIO[4]
CHRISTOPHER A. VRETTOS
ALAN S. BEAN
JOSHUA R. ADKINS
KIM J. KINSLER[5]
RANDA V. GIBSON
J. BLAKE CARTER[1]
MATT H. CLINE
MATTHEW J. NATHANSON

[1]LICENSED IN TN & FL
[2]LICENSED IN TN, AL & TX
[3]LICENSED IN TN & GA
[4]LICENSED IN TN & KY
[5]LICENSED IN TN & WI

**Chris J. Tardio**
chris@gideoncooper.com

August 19, 2016

*__Via ECF__*
Hon. Rya W. Zobel
United States District Court
District of Massachusetts
1 Courthouse Way
Suite 2300
Boston, MA 02210

Re:    *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*
*This document relates to: All Cases, Dkt. No. 1:13-md-2419*

Dear Judge Zobel:

At Doc. 3028, the PSC filed a *Notice of Filing of [Suggestion] of Remand or Transfer*, with a *[Proposed] Suggestion of Remand or Transfer* filed at Doc. 3028-1.[1] This filing followed discussions at the June and July status conferences about the Court suggesting to the JPML that certain cases be transferred back to their home districts. Because there was no motion filed asking the Court to enter this "Suggestion" (essentially an order), there was no formal opportunity to respond. With this letter, the SSC Defendants[2] object to the proposed findings in Doc. 3028-1.

---

[1] A corrected version was filed at Doc. 3052.
[2] Specialty Surgery Center, Crossville, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC.

The SSC Defendants' long-running position has been that 28 USC §1407 requires the Court to return *all* cases transferred to it by the JPML to their home districts. Thus far, the Court has agreed.[3] The only question, then, is *when* cases will be transferred home.[4] The proposed *Suggestion of Remand* takes the *when* question head-on for 59 cases, sending those cases home, but leaves the SSC and Box Hill cases in the MDL indefinitely. In doing so, the proposed *Suggestion of Remand* prompts the Court to make factually inaccurate findings that are inconsistent with previous rulings on this same issue.

The PSC's proposed inaccurate and inconsistent findings – if the Court adopts them – will treat the SSC and Box Hill cases differently than the other cases in the MDL. The SSC/Box Hill cases cannot be isolated factually or procedurally from the cases in other states. The SSC Defendants respectfully submit that this disparate treatment is without valid legal basis, and that the Court should not make the findings requested of it. Because they cannot be distinguished, there is no reason to send 59 cases home and retain 32 from Tennessee and Maryland.

The filing's primary reason for returning the 59 cases home, and keeping the SSC/Box Hill cases, is that only case-specific discovery remains in the group of 59. The proposed *Suggestion* uses this conclusion as a basis to justify why the 59 cases should be sent home, but the SSC and Box Hill cases should remain in Boston. The SSC Defendants object to this finding (and urge the Court not to make this finding) for two reasons.

<u>First</u>, the finding and its proposed underpinnings are factually incorrect.

At p. 8, the PSC's proposal states:

While cases against certain Tennessee and Maryland clinics were (and continue to be) actively litigated in the MDL, no other cases against Clinic-Related Defendants [*sic*] similarly advanced, simply because they were not progressed enough or numerous enough to actively litigate efficiently in the MDL. At this point, there is no more common discovery concerning these other Clinic-Related Defendants for the MDL Court to oversee; only case-specific fact and expert discovery remains.

The statement that "no other cases against Clinic-Related Defendants are similarly advanced" or "numerous enough" to litigate in the MDL is wrong.

---

[3] Doc. 2309 (finding that the Court wears the MDL "hat," which requires, at least first, remand to home districts after a suggestion of remand to the JPML).

[4] The Court previously indicated the proper time for remand, at least for bellwether cases, was after *Daubert* motions were fully briefed. (Doc. 2309, p. 22). This *Suggestion* now asks the Court to find that the proper time for remand for the majority of the MDL's cases is *now*, before the cases even *start* common clinic discovery.

So far, this litigation has followed the logical course:

| ***Common National Discovery*** | → | ***Common Clinic Discovery[5]*** | → | ***Bellwether Selection*** | → | ***Case-Specific Discovery*** | → | ***Bellwether Trial*** |

The 59 cases returning to their home districts include the Premier cases in New Jersey, which are virtually indistinguishable from the SSC cases. Both have completed most of the "common clinic discovery" phase, with no bellwethers selected. Both number roughly 20-40 cases. The Box Hill cases are lesser in number but are at virtually the same procedural point as the SSC and Premier cases. As explained below, the other cases the PSC proposes sending home are actually *behind* the SSC, Box Hill, and Premier cases, not having even started the "common clinic discovery" phase. In fact, many of the cases the PSC proposes sending home have been stayed since July 20*15*.[6]

The PSC's proposed *Suggestion* cites no objective factual or legal basis to distinguish the SSC and Box Hill cases from those the *Suggestion* remands. The only basis is that the Plaintiffs' lawyers in the cases being remanded agree to remand, unlike the lawyers in the SSC and Box Hill cases. Lawyer preference is not a proper (or determinative) consideration for the Court in determining when to remand cases under §1407. The sole consideration for the Court in determining whether remand is proper is whether the cases will benefit in efficiency and convenience from staying in the MDL any longer.[7] Simply, a finding that the SSC and Box Hill cases are the only cases that have advanced is not a factually accurate finding. With all due respect, the Court should not make this finding.

Likewise, the PSC's proposed finding regarding what remains in the 59 remand cases ("At this point, there is no more common discovery concerning these other Clinic-Related Defendants for the MDL Court to oversee; only case-specific fact and expert discovery remains") is factually incorrect. Written discovery and depositions that cover multiple cases (the operative definition of "common" discovery in this litigation) have not occurred[8] in the Advanced Pain & Anesthesia Consultant cases, the Cincinnati Pain Management Consultant cases, the OSMC Outpatient Surgery Center cases, the Ambulatory Care Center cases, the BKC Pain Specialists cases, the Encino Outpatient Surgery Center cases, and the Ocean State Pain Management cases. All of these clinics have multiple cases against them but have not started common clinic discovery.

---

[5] This includes depositions of the clinic's purchasing employees, those who dealt with NECC, the injecting physicians, *etc.*, *i.e.*, the witnesses whose testimony will apply to multiple cases against that clinic.
[6] Doc. 2075.
[7] *See Hockett v. Columbia/HCA Healthcare*, 498 F. Supp. 2d 25, 38 (D.D.C. 2007).
[8] To SSC counsel's knowledge.

So, it would be incorrect for the Court to find that only case-specific discovery remains in those sets of cases. *All* common clinic discovery (*e.g.*, depositions of the purchasers, depositions of the injecting physicians, depositions of those states' boards of pharmacy) remains in those cases. While it is true they are in a different procedural posture than the SSC/Box Hill/Premier cases, they are actually *behind* those cases, which would counsel *against* remand of these cases.

<u>Second</u>, in the proposed *Suggestion*, the Court is asked to find that, because only case-specific discovery remains in the 59 cases, remand is appropriate. Not only is this incorrect (explained above), this is inconsistent with the Court's prior ruling, and the SSC Defendants object to the Court making such an inconsistent finding.

At Doc. 2939, the SSC Defendants moved for a finding that, after the conclusion of common discovery (when only case-specific discovery remains), the SSC cases would be proper for remand.[9] The Court dismissed that argument.[10] The PSC now proposes that the Court find, "Because only case-specific discovery remains for the 59 cases listed above, the Court perceives its role in these cases has ended."[11] That point was the precise basis for the SSC motion at Doc. 2939. Acceptance of that conclusion would require remand of the SSC cases, which the Court rejected.

Put simply, in the SSC cases, the Court rejected the *same* position that the PSC now asks the Court to *adopt* for the other cases. The only difference in the two requests is the requestor. Respectfully, the ruling at Doc. 3011 and the proposed *Suggestion* cannot both be correct: Either the end of common discovery is the appropriate time for remand, or it is not. The SSC Defendants respectfully submit that such disparate treatment without factual or legal justification is arbitrary[12] and the Court should not make this finding.

* * * * * * *

The PSC's proposed *Suggestion of Remand or Transfer* asks the Court to make findings that are both factually inaccurate and inconsistent with previous findings on the same issue. Respectfully, if remand after common discovery is appropriate for some cases, it is appropriate for all. The Plaintiffs' lawyers should not dictate which cases are sent home and when with this *Suggestion of Remand*.

---

[9] Doc. 2939; 2940 ("When common expert discovery ends, the SSC cases will reach the logical juncture for remand. The Court should then suggest remand to the JPML").

[10] Doc. 3011.

[11] Page 11 of *Suggestion*.

[12] Also, a finding that only case-specific discovery remains (even if accurate) cannot justify remand. The Court managed the St. Thomas cases *through* case-specific discovery, without any perceived desire to remand. The Court has likewise entered orders managing the Box Hill and SSC cases through case-specific discovery. The Court cannot find that keeping the St. Thomas, SSC, and Box Hill cases through case-specific discovery serves the efficiency purposes of §1407, while doing the same for the other cases is *in*efficient. Such a contradictory finding is inappropriate.

Very truly yours,

*/s/ Chris J. Tardio*
**Chris J. Tardio, Esq.**

*Attorney for SSC Defendants*

cc:    All Counsel of Record, via ECF

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this the 19th day of August, 2016.

/s/ Chris J. Tardio
**CHRIS J. TARDIO**