UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

PLAINTIFFS' STEERING COMMITTEE'S
FURTHER RESPONSE TO SHOW CAUSE ORDER
ADDRESSING OBJECTIONS TO REMAND

Pursuant to the Court's request, the PSC hereby provides suggestions as to how cases where counsel for a party objected to remand should proceed. A proposed order reflecting the PSC's suggestions is attached as Exhibit A.

**A.   Background**

On June 13, 2016, the Court entered an order to show cause as to why most cases pending in the MDL should not be remanded at this time.[1] The Order required counsel who objected to their cases being remanded now to file three-page objections by June 21, 2016.

Objections filed in response to this Order are summarized in the following chart.

---
[1] Corrected Order to Show Cause Concerning Remand and Transfer [ECF No. 2928].

# Objections to Remand

| # | Case. No (D. Mass.) | Caption | Clinic Defendant | Transferor Court (including direct-filed cases) | Response to Show Cause Order |
|---|---|---|---|---|---|
| 1 | 1:13-cv-10943 | *Simas v. NECC* | Ocean State Pain Management | District of Massachusetts Case No: 13-cv-10943 | Plaintiffs' objection to remand [Dkt. 2931], Atty Tim Wickstrom; Ocean State advocating remand [Dkt. 2937], Atty Sean Capplis |
| 2 | 1:13-cv-13227 | *Kennedy v. Unifirst* | Advanced Pain & Anesthesia Consultants, PC | District of Massachusetts Case No: 13-cv-13227 | Plaintiffs' objection to remand [Dkt. 2942], Atty Kim Dougherty |
| 3 | 1:13-cv-13228 | *Musselwhite v. Unifirst* | Advanced Pain & Anesthesia Consultants, PC | District of Massachusetts Case No: 13-cv-13228 | Plaintiffs' objection to remand [Dkt. 2942], Atty Kim Dougherty |
| 4 | 1:14-cv-13676 | *Musselwhite v. Advanced Pain & Anesthesia Consultants* | Advanced Pain & Anesthesia Consultants, PC | Northern District of Illinois Eastern Division Case No: 14-cv-6903 | Plaintiffs' objection to remand [Dkt. 2942], Atty Kim Dougherty |
| 5 | 1:14-cv-13689 | *Kennedy v. Advanced Pain & Anesthesia Consultants* | Advanced Pain & Anesthesia Consultants, PC | Northern District of Illinois Eastern Division Case No: 14-cv-6898 | Plaintiffs' objection to remand [Dkt. 2942], Atty Kim Dougherty |
| 6 | 1:14-cv-12884 | *Wynstock v. Ameridose* | Encino Outpatient Surgery Center | Central District of California Case No: 14-cv-04237 | Plaintiffs' objection to remand [Dkt. 2942], Atty Kim Dougherty |
| 7 | 1:14-cv-12789 | *Jeffries v. Ameridose* | Fullerton Orthopaedic Surgery Medical Group | Central District of California Case No: 14-cv-00844 | Plaintiffs' objection to remand [Dkt. 2942]; Kim Dougherty Fullerton advocating remand [Dkt. 2945], Atty Dennis Ames |
| 8 | 1:13-cv-13209 | *Edwards v. Unifirst* | MAPS | District of Massachusetts Case No: 13-cv-13209 | Plaintiffs' objection to remand [Dkt. 2942] Atty Kim Dougherty |

Two clarifications:

Given that the Order did not apply to the St. Thomas, Specialty Surgery, Box Hill, or Premier cases (and given what has happened since), the above chart does not reflect objections filed addressing those cases. Since the Order issued, the St Thomas cases are stayed pending a proposed settlement agreement.[2] All counsel in the Premier cases agreed to remand. And the Court has already denied motions to remand the Specialty Surgery cases and the Box Hill cases.[3]

Nor does the chart reflect a request for additional time to respond filed by Plaintiff's counsel in *Gilliam v. Chowdhury*, 15-cv-11367, originally filed in the Northern District of Ohio as 15-cv-00430, against doctors and employees of Marion Pain care. The case has since been dismissed by stipulation of the parties.[4]

**B.     The PSC's Recommendations**

The Court has asked the PSC to consider the objections, speak with objecting counsel, and make a recommendation as to when these cases should be remanded. Given that mandate, our suggestions are below.

We have requested input from all objecting counsel; their positions are reflected below.

We did not undertake to speak to all opposing counsel. We note that many – but not all – opposing counsel have weighed in on whether they are in favor of remand, and if so, when.[5]

---

[2] *See* Status Report re St. Thomas cases [ECF No. 3058].

[3] Order Denying Box Hill's Motion to Remand [ECF No. 2958]; Order Denying Specialty Surgery Center's Motion to Remand [ECF No. 3011].

[4] Stipulation of Voluntary Dismissal, 15-cv-11367 [ECF No. 19].

[5] *See* chart above, reflecting responses to objections to remand. *See also* APAC response [ECF No. 3054] (addressing *Musselwhite* and *Kennedy* cases listed above).

1.   **Ocean State Cases**

*Objecting counsel's position*:

The Simases request that the case remain in the MDL before Judge Zobel and be tried in the MDL.  Judge Zobel is already familiar with the issues in the case and, therefore, it would be most efficient for the case to be tried in the MDL.   The case was originally filed in Massachusetts Superior Court.  The parties are from Massachusetts and Rhode Island and the attorneys are from Massachusetts so that trying the case in the District of Massachusetts would not present any hardship.

We have already proposed a modified discovery schedule in our Response to Order to Show Cause, a copy of which I have attached.  Obviously, the dates for items 1.a. and 1.b. would need to be modified since one has already passed and the other is fast approaching.  We would, therefore, propose modifying the entire proposed discovery schedule as follows:

1.  **Fact Discovery-Interim Deadlines.**

    a.  All requests for production of documents and interrogatories must be served by **September 30, 2016.**

    b.  All requests for admission must be served by **October 28, 2016.**

    c.  All depositions, other than expert depositions, must be completed by **February 28, 2017.**

2.  **Fact Discovery-Final Deadline.**  All discovery, other than expert discovery, must be completed by **February 28, 2017.**

3.  **Expert Discovery.**

    a.  Plaintiff s trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by **April 18, 2017.**

    b.  Plaintiff's trial experts must be deposed by **June 16, 2017.**

    c.  Defendant's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **May 15, 2017.**

    **d.** Defendant's trial experts must be deposed by **July 10, 2017.**

If the Court declines to keep the case through trial, we request in the alternative that it be kept in the District Court through discovery pursuant to the above-referenced proposed schedule.

We have spoken with counsel for the plaintiff in the only other MDL case against Ocean State of which we are aware, *Hanson v. NECC*, 13-cv-10685. Mr. Prokos did not file a separate objection, but we referenced his case in our objection, and he has since told us that he would prefer that the federal court retain jurisdiction over his case through trial as well.

*The PSC's Suggestion:*

For all the reasons given above, the PSC suggests that the Court try *Simas* and *Hanson* in the MDL, according to the above proposed schedule.

**2.  The Janet, Jenner & Suggs cases, against APAC, Encino, Fullerton, and MAPS.**

Aside from the *Simas* case, all other objections to remand (2-8 on the above chart) were made by Janet, Jenner & Suggs on behalf of plaintiffs in cases 2-8 in the above chart.

*Objecting counsel's position:*

Counsel for plaintiffs' in the Janet, Jenner & Suggs, LLC cases think that the cases should be tried in the MDL, then in order of preference: remanded after dispositive and *Daubert* motions or at the close of expert discovery.

If the Court will not take the cases to trial, then the question is when is the best handoff. We think giving every remand court a trial in box will minimize disparate rulings and maximize the work the MDL has done. Each court then makes evidentiary rulings and tries the case. The problem with that is the MDL court is making decisions applying various other states' laws.

A different view would be to have each trial court resolve the dispositive motions and Daubert motions to shape the case they will try. The concern with that is disparate rulings.

So, there are arguments to be made at each juncture, but our preference would be 1) trial; 2) after dispositive and Daubert motions; 3) at the close of expert discovery.

*The PSC's suggestion:*

*Kennedy* 13-cv-13227, *Musselwhite* 13-cv-13228, and *Edwards* were filed in the District of Massachusetts, so this Court is already the forum for those cases, and they are not subject to § 1407 and do not need to go through the remand process.[6] We therefore suggest that the Court set a pretrial and trial schedule for these cases.

The remaining Janet, Jenner & Suggs cases were not filed in the District of Massachusetts. These include *Kennedy* 14-cv-13689, *Musselwhite* 13-cv-13676, *Wynstock*, and *Jeffries*. The defendants in these cases have not waived *Lexecon* (or at least had not waived *Lexecon* by the Court imposed deadline).[7]

The PSC's view – which we have shared with Janet, Jenner & Suggs – is that these cases cannot be tried here in light of *Lexecon*. The PSC therefore suggests that the cases be remanded when they are trial-ready, *i.e.*, after discovery, dispositive motions, and *Daubert* rulings.

The PSC has been approached by counsel for counsel for MAPS, a defendant in *Edwards*. Defense counsel points out that they have not had a clear procedural vehicle for responding the Janet, Jenner & Suggs' objections. The PSC therefore suggests that the Court permit 3-page responses from any defendant who has not already responded to the Janet, Jenner & Suggs objections listed above, to be filed no later than August 31, 2016 (one week after tomorrow's MDL status conference).

---

[6] *See* Eldon E. Fallon et. al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2356–57 (2008) ("A case filed directly into the MDL, whether by a citizen of the state in which the MDL sits or by a citizen of another jurisdiction, vests the transferee court with complete authority over every aspect of that case. This is because the transferee court is no longer cognizable as the transferee court under 28 U.S.C. § 1407, but is technically the forum court.").

[7] *See* July 9, 0215 Order requiring parties to execute *Lexecon* waivers or certify that it will not waive *Lexecon*, [ECF No. 2075]; July 31, 2015 report from PSC noting that only one defendant (Insight) waived *Lexecon* [ECF No. 2128].

A proposed order reflecting the PSC's suggestions is attached.

Dated:  August 23, 2016                                  Respectfully submitted,

**/s/ Kristen A. Johnson**
Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL
SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH &
JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I, Kristen A. Johnson, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: August 23, 2016 /s/ **Kristen A. Johnson**
Kristen A. Johnson, BBO # 667261