UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION _____ This document relates to: All MDL Cases against the Box Hill Defendants[1] | ) ) ) ) ) ) )   MDL No. 02419   Docket No. 1:13-md-2419-RWZ |

### BOX HILL DEFENDANTS' RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S CORRECTED PROPOSED SUGGESTION OF REMAND OR TRANSFER [DKT. 3052]

Defendants, Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC, ("Box Hill Defendants") by and through their undersigned counsel, hereby file this response to the Plaintiffs' Steering Committee's ("PSC") "Corrected Proposed Suggestion of Remand or Transfer" [Dkt. 3052 and 3052-1].[2] The Box Hill Defendants request that the Court not adopt the incorrect factual assertions proposed by the PSC. In the alternative, the PSC should clarify the record concerning several material omissions and misrepresentations in order to clearly illustrate disparate treatment of the Box Hill cases[3] by the PSC. In support of this Response, the Box Hill Defendants adopt the arguments espoused in Dkt. 3055 by the Specialty Surgery Center Defendants, and further state as follows:

---

[1] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ
[2] The PSC previously filed an initial "Proposed Suggestion of Remand or Transfer" at Dkt. 3028.
[3] The same disparate treatment affects the Specialty Surgery Center (SSC) cases in a similar way.

1.  Dkt. 3052 is a suggestion to this Court by the PSC about the cases that they believe should be remanded or transferred back to their "home" districts at this time. The proposed language in Dkt. 3052-1 purports to explain the reasons for those transfers.

2.  Out of a total of 66 cases listed by the PSC for suggestion of transfer, at least 42 of those cases[4] involve Premier Orthopaedic Associates ("Premier") located in New Jersey. [Dkt. 3052-1 at 1-2.]

3.  The PSC accurately explains in great detail the legal standard for when it is appropriate for an MDL Court to recommend remand of a member action to the JPML, pursuant to 28 U.S.C. § 1407(a).[5] (See Dkt. 3052-1 at 10-11 (citing to R.P. J.P.M.L. 10.1(b) and various case law). This would include, according to the PSC, "at or before the conclusion of 'consolidated or coordinated pretrial proceedings'" or "at any time." *Id.* The PSC also provides a specific example: "when 'everything that remains to be done is case-specific.'" *Id.*

4.  In its "Conclusion" supporting remand, the PSC then proposes language for the Court to adopt that states that "[b]ecause only case-specific discovery remains for the 66 cases," including at least 42 cases involving Premier Orthopaedic Associates, "the Court perceives its role in these cases has ended." The proposed language by the PSC in Dkt. 3052-1 then asks the Court to acknowledge that a party's desire to stay in the MDL for trial (and their objection to remand) also provides adequate reasoning for whether a case should be remanded. *Id.*

5.  While the Box Hill Defendants do not disagree that these cases should be transferred based on their procedural posture, the proposed reasoning should be accurate and not

---

[4] There are possibly more than 42 cases listed that involve Premier Orthopaedic Associates, but based on the way in which the case names are listed, it is unclear.

[5] Notably, the PSC seems to abandon their previous assertion that § 157(b)(5) should keep all of the MDL actions in this Court. Presumably, that is because it would be inapposite to suggest that these 66 cases be remanded, despite the bankruptcy, but then argue that the MDL's relation to the bankruptcy requires this Court to exercise jurisdiction over health care provider defendants involved in these contaminated steroid cases (for Box Hill and SSC).

misrepresent the actual facts. The PSC misrepresents that reasoning and also chooses to ignore Premier Orthopaedics' significant involvement in the litigation process at the time of this suggestion of transfer, which mirrors the circumstances of Box Hill. Such omissions and misrepresentations were likely to avoid having to explain why the Box Hill cases should not also be remanded, since they are in the same position as Premier.

6.  The Court is well aware that Box Hill and Premier have been following nearly the same scheduling order and discovery deadlines, if not identical, since these cases began and especially at the time of suggested transfer of the Premier cases by the PSC. Rather than proposing that language to make sure the record is clear, the PSC shockingly just ignores Premier. For example, while explaining how litigation has proceeded against the "Clinic-Related Defendants," which should include healthcare provider defendants from Tennessee, Maryland, and New Jersey, the PSC proposes the following language instead, which leaves Premier (NJ) out completely:

> While cases against certain Tennessee and Maryland clinics were (and continue to be) actively litigated in the MDL, no other cases against Clinic-Related Defendants similarly advanced, simply because they were not progressed enough or numerous enough to actively litigate efficiently in the MDL. At this point, there is no more common discovery concerning these other Clinic-Related Defendants for the MDL Court to oversee; only case-specific fact and expert discovery remain.

*Id.* at 7-8. Did the PSC simply forget about the active involvement of the Premier (NJ) Defendants throughout the MDL litigation, that the Premier cases progressed just as far as Box Hill, and even the fact that Box Hill is litigating eight cases in the MDL compared to Premier's 50 cases? The seemingly purposeful omission of Premier by the PSC, after

making an effort to single out Tennessee and Maryland, is certainly conspicuous, and the facts as proposed by the PSC would mislead anyone reading the record.[6]

7.      Moreover, the notion by the PSC that the reason the Premier cases should be transferred is because there is no more common discovery for them to conduct is inaccurate. Again, at the time that the PSC initially suggested remand of the Premier cases and objected to transfer of the Box Hill cases, Premier and Box Hill were following an identical scheduling order with identical discovery deadlines, including common issue fact and expert discovery. While the common issue fact discovery deadline was supposed to have run for both already, the common expert discovery deadline was and is still in place. Box Hill has seen no new pleadings or indication that Premier has completed its common expert discovery.

8.      As referenced above, two-thirds of the cases that the PSC is suggesting should be remanded involve Premier. Premier is involved in nearly seven times the number of cases in the MDL as Box Hill's eight. Nevertheless, the PSC's proposed facts would lead anyone reviewing the record to believe that Premier had too few cases to efficiently litigate in the MDL.

9.      Just as troubling are the factual assertions proposed by the PSC in Dkt. 3052-1, attempting to gloss over the only real difference between Box Hill and Premier—the Premier plaintiffs' agreement to remand and the Box Hill Plaintiffs' desire to stay in the MDL Court for trial. This justification is stunning in light of *Lexecon*, this Court's previous ruling about its obligation under *Lexecon* (*see* Dkt. 2039 at 20), and the Box Hill Defendants refusal to waive

---

[6] Even in a footnote in which the PSC takes time to outline the progression of litigation in the MDL against health care providers from Tennessee (St. Thomas and Specialty Surgery Center), as well as Box Hill (Maryland), the PSC conspicuously ignores the Premier health care provider defendants from New Jersey altogether. *Id.* at fn. 20; *see also id.* at 9.F. (yet another omission of any reference to Premier, when it should have appeared).

*Lexecon*. As this Court is well aware, *Lexecon* does not work that way, despite the PSC's attempted justification in Dkt 3052-1.

10. This Box Hill response should not be misconstrued. Again, Box Hill does not object to the MDL cases involving Premier actually being transferred. In fact, it is the proper time to transfer all of these actions, including the Box Hill cases, out of the MDL and back into the transferor jurisdictions, since the purpose of this MDL has run its course.

11. At the very least, the PSC should be forthright and not materially misrepresent the facts and circumstances in the record. In its proposed suggestion of remand, the PSC should openly reflect that the Premier cases are in the same procedural posture as the Box Hill cases, before then seeking disparate handling.

WHEREFORE, the Box Hill Defendants respectfully request that the Court not adopt the factual assertions included in Dkt. 3052-1. In the alternative, the Court should require the PSC to correct its material omissions and misrepresentations in their suggestion of remand or transfer as outlined above as they relate to the actual facts involved in the procedural posture that exists in these cases.

Dated: August 23, 2016                              Respectfully submitted,

/s/ Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C.,
Ritu T. Bhambhani, M.D., and Ritu T.
Bhambhani, M.D., L.L.C.***

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that a copy of the foregoing Motion for Leave to Appear by Telephone, filed through the CM/ECF system, will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the individual cases, and will be sent to these parties by operation of the CM/ECF system.

Dated: August 23, 2016    */s/* Gregory K. Kirby
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***