UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATIONS )<br><br>THIS DOCUMENT RELATES TO:<br>Musselwhite v. Advanced Pain & Anesthesia Consultants<br>No: 1:14-cv-13676<br><br>Kennedy v. Advanced Pain & Anesthesia Consultants<br>No. 1:14-cv-13689<br><br>Brady v. Cincinnati Pain Management Consultants<br>No. 1:14-cv-10284<br><br>Pettit v. Cincinnati Pain Management Consultants<br>No. 1:14-cv-11224<br><br>Montee v. BKC Pain Specialists<br>No. 1:13-cv-12657<br><br>Cooper v. BKC Pain Specialists<br>No:1:13-cv-12659<br><br>Wynstock, et al. v. Ameridose, et al.,<br>No. 1:14-cv-12884<br><br>Jeffries, et al. v. Ameridose, et al.,<br>No. 1:14-cv-12789<br><br>Edwards v. Unifirst, et al.,<br>No. 1:13-cv-13209<br><br>Overstreet, et al. v. Premier Orthopaedic Associates Surgical Center, LLC, et al.,<br>No. 1:14-cv-13760 | **MDL No. 2419**<br>**No. 1:13-md-02419-RWZ** |

**PLAINTIFFS' FURTHER RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR LEAVE TO JOIN PLAINTIFFS' ORIGINAL OBJECTION LATE**

As set forth in detail in Plaintiffs' Memorandum in Compliance with the Court's Order to Show Cause Concerning Remand and Transfer (Dkt. 2942) (herein after "Plaintiffs' Objection to Remand"), all the above-named cases should not be remanded at this time. In sum, this Court is best equipped to oversee the much needed common liability and expert discovery and rule on any potential issues as they arise given the Court's extensive involvement and knowledge of the case.

1

The Court should allow the MDL to serve its purpose of conserving judicial resources and avoiding inefficient common liability and expert discovery, duplication of efforts, and inconsistent rulings, and not force plaintiffs to start at square one with judges who have no familiarity with this complicated litigation.

Plaintiffs Brady, Pettit, Montee and Cooper (collectively "Ohio Plaintiffs") and Plaintiff Overstreet, seek leave to join the Plaintiffs' Objection to Remand late. At the time of the deadline to file an objection to remand, the Ohio Plaintiffs and Plaintiff Overstreet were contemplating remand and representation by local Ohio and New Jersey lawyers. Given that the representation by local lawyers has not yet been finalized, the Plaintiffs will be significantly prejudiced if these cases are remanded to Ohio and New Jersey without such representation in place. The same applies to the other plaintiffs who previously objected to remand, as current counsel is not barred in Illinois, Minnesota, Ohio or New Jersey.

For the foregoing reasons and the reasons set forth in Plaintiffs' Objection to Remand (Dkt. 2942), remand is inappropriate at this time and the Ohio Plaintiffs and Plaintiff Overstreet should be permitted to join the Plaintiffs' Objection to Remand. All of the above-named cases should remain subject to this Honorable Court's jurisdiction.

Dated:  August 23, 2016

        Respectfully Submitted,

        */s/ Kimberly A. Dougherty*
        Kimberly A. Dougherty
        JANET, JENNER & SUGGS, LLC
        31 St. James Avenue, Suite 365
        Boston, MA 02116
        Telephone:  617/933-1265
        kdougherty@myadvocates.com

## **CERTIFICATE OF SERVICE**

 I, Kimberly A. Dougherty, hereby certify that on this day 23rd of August, 2016, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

                 */s/ Kimberly A. Dougherty*
                 Kimberly A. Dougherty, Esquire