UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION : : : : This Document Relates to: : : Susan Edwards : v. : Medical Advanced Pain Specialists : No. 1:13-CV-13209 : : | MDL No. 1:13-MD-2419-RWZ |

**DEFENDANT'S RESPONSE TO PSC'S PROPOSED AND CORRECTED PROPOSED SUGGESTIONS OF REMAND OR TRANSFER**

Now comes the defendant Medical Advanced Pain Specialists ("MAPS") and responds to the Plaintiffs' Steering Committee's ("PSC") Proposed [Dkt. 3028] and Corrected Proposed [Dkt. 3052] Suggestions of Remand or Transfer.  MAPS is a Minnesota clinic named in a single case in the MDL initially filed by the Minnesota plaintiff in the District of Massachusetts.  As such, it is among the "remaining clinic defendants" against whom there is only case specific or expert discovery to be conducted.  Said discovery has been stayed by Court order until September 1, 2016.

 On June 13, 2016 the Court entered a corrected order to show cause why the cases against the remaining clinic defendants should not be remanded or transferred [Dkt. 2928], finding among the preliminary matters the following:

(1) it had declined to exercise jurisdiction over "state-court cases that did not involve claims against NECC or its affiliates;"

(2) discovery concerning NECC and the national defendants had concluded and the documents and materials obtained in that discovery were available in a central online repository;

(3) a stay of discovery was in place as to the "remaining clinic defendants" until September 1, 2016; and

(4) there were "no efficiencies to be gained by litigating cases against the remaining clinic defendants in the MDL, given the small number of cases against each clinic."

In response said order, Janet, Jenner & Suggs, on behalf of plaintiffs in five (5) cases, including Susan Edwards, objected to remand of those cases, arguing generally that "convenience" and "efficiency" dictated that they remain in the MDL. [Dkt. 2942][1]  Plaintiffs' filing did not address issues of transfer or venue, submitting only that since they had originally filed their cases in the District of Massachusetts, any "remand" of said cases would be to the same Court.  There is little question, however, that Minnesota is not only the more convenient and efficient forum but also the proper venue for the parties to conduct case-specific discovery and trial in Edwards v. MAPS.  All interested parties and witnesses are in Minnesota and Minnesota law applies.  Moreover, counsel for parties on both sides have offices in Minnesota.

As the Court, the vast majority of parties on both sides in this MDL and even the PSC[2] has already recognized, there is no efficiency to be gained by litigating or managing in the MDL case-specific discovery as to clinics like MAPS, which involves a single Minnesota plaintiff and

---

[1] Plaintiffs' Memorandum in Response to the Court's Order to Show Cause was filed by Attorney Kimberly Dougherty of the Boston office of Janet, Jenner & Suggs, a law firm with offices nationwide, including one listed in Minneapolis, Minnesota.  Attorney Dougherty is a member of the Plaintiffs' Steering Committee in this MDL.

[2] At the direction of the Court upon discussion at several status conferences, the PSC filed a Proposed Suggestion of Remand or Transfer of fifty-nine (59) cases to their home states [Dkt. 3028] followed by a Corrected Proposed Suggestion of Remand or Transfer of sixty-six (66) cases to their home states [Dkt. 3052].

a single Minnesota clinic and attending physician, along with clinic employees, all of whom reside in Minnesota.  The plaintiff cannot reasonably argue that case-specific discovery or trial against MAPS is best conducted or managed in the MDL, particularly in the absence of issues common to the small handful of cases remaining in the MDL.  Moreover, plaintiff's assertion that she realizes some "convenience" or "efficiency" by keeping her single case in the MDL in the District of Massachusetts is wholly inconsistent with the PSC's own suggestion of remand or transfer recognizing that the "efficiencies of the MDL have been exhausted" in 66 other cases from multiple jurisdictions which are now headed home.

If the Court is not inclined to transfer Edwards v. MAPS to Minnesota for all further proceedings including trial, the defendant respectfully requests the opportunity to submit a brief on the issue and to respond also to the PSC's Further Response to Show Cause Order Addressing Objections to Remand [Dkt. 3064] and Notice of Cases Directly Filed in the District of Massachusetts [Dkt. 3065].

    Respectfully submitted,
Medical Advanced Pain Specialists,
By counsel,


/s/   Clare F. Carroll, Esquire
Robert L. Bouley, BBO No. 050900
Clare F. Carroll, BBO No. 564140
McCarthy Bouley Barry & Morgan, P.C.
400 Fifth Avenue, Suite 520
Waltham, MA 02451
(617) 225-2211
rlb@mbblaw.com
cfc@mbblaw.com

Dated: August 23, 2016

## **CERTIFICATE OF SERVICE**

I, Clare F. Carroll, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 23rd day of August, 2016.

/s/ Clare F. Carroll

Clare F. Carroll, Esquire