UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| IN RE NEW ENGLAND COMPOUNDING ) | |
| PHARMACY, INC. PRODUCTS LIABILITY ) | |
| LITIGATION ) | |
| _____ ) | MDL No. 2419 |
| ) | Dkt. No. 1:13-md-02419 (RWZ) |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| All Actions ) | |
| _____ ) | |

## BARRY J. CADDEN'S REQUEST FOR WRITTEN APPROVAL FROM THE COURT TO ACCESS AND RELY ON  INFORMATION IN THE PSC REPOSITORY TO DEFEND HIMSELF AGAINST CRIMINAL CHARGES ARISING OUT OF THE SAME FACTS AT ISSUE IN THIS MDL

The Protective Order in this case allows parties to seek the Court's written permission to access and rely upon discovery in this matter, housed in the PSC repository, outside of this proceeding. Mr. Cadden has properly had access to these materials as a lead defendant in this MDL. Through this request he seeks permission to use the materials he already possesses, as well as other materials added to the repository more recently, to defend himself against second degree murder charges which could potentially result in life imprisonment.

## GROUNDS FOR REQUEST

1.      Mr. Cadden, as a lead defendant in this MDL, had access to the full PSC Repository in this case. He is subject to the current Protective Order, the Fourth Amended Protective Order of Confidentiality, Aug. 9, 2016, Docket No. 3036 ("Protective Order").

2.      As the Court is aware, the Protective Order deems a subset of the discovery in this case as "confidential" and, thus, restricts use of that material.

3.      That said, as a practical matter, access to all of the discovery in this case is restricted because it can only be accessed electronically through the PSC's Repository, which is password-protected.

4.      Recognizing that the otherwise inaccessible or confidential discovery in this case might be needed in other proceedings, the Protective Order provides a mechanism for allowing the use of these materials beyond the MDL, stating: "Confidential Discovery Material shall be used solely for the purposes of prosecuting or defending civil claims in this Litigation…and for no other purpose without prior written approval from the Court…."[1]

5.      The Protective Order was designed, at least in significant part, to protect the personal, confidential, and business information belonging to Mr. Cadden and the other defendants, as their sensitive personal and business information is part of discovery in the MDL. *See* Fourth Amended Protective Order of Confidentiality, Aug. 9, 2016, Docket No. 3036, at ¶¶2.A-K (listing types of personal and business information for which confidentiality designations may be sought).

6.      Mr. Cadden has abided by the terms of the Protective Order in this case and he has followed the PSC's process for gaining access to the database of discovery materials.

7.      As the Court is also well aware, Mr. Cadden has been criminally charged with, among other things, second degree murder based on facts that mirror the civil cases being litigated in this MDL. Specifically, the December 16, 2014, indictment includes 97 counts against Mr. Cadden.  He is charged with: (1) racketeering (18 U.S.C . § 1962(c)); (2) racketeering conspiracy (18 U.S.C. § 1962 (d)); (3) conspiracy to defraud the United States (18 U.S.C. § 371); (4) mail fraud (18 U.S.C. § 1341); and, (5) violations of the Food, Drug and Cosmetics Act (21 U.S.C. §§ 351(a)(2)(A), 331(a), 333(a)(2), 352(a), and 353(b)(1)).

---

[1] Permission can also be sought from the Bankruptcy Court or the party that produced the material.

8.      His trial is scheduled to begin January 5, 2017.

9.      For that reason, the discovery in the MDL—discovery that Mr. Cadden had full access to until recently[2] —is critical to his defense of murder and other charges relating to the contaminated methylprednisolone at the core of the MDL.

10.     Furthermore, Mr. Cadden's request is consistent with the general rule that discovery material is public in nature. "It is implicit in Rule 26(c)'s 'good cause' requirement that ordinarily (in the absence of good cause) a party receiving discovery materials might make them public." *Baker v. Liggett Grp., Inc*., 132 F.R.D. 123, 125 (D. Mass. 1990)(*quoting Public Citizen v. Liggett Grp., Inc*., 858 F.2d 775, 790 (1st Cir. 1988), cert. den. 488 U.S. 1030 (1998)). The presumption is that discovery can be shared.

11.     Through the present Motion, Mr. Cadden simply seeks to be able to use documents and other discovery material he has already properly accessed and analyzed, plus the materials added to the repository since he voluntarily stopped accessing the database, to defend himself against serious criminal charges.

12.     Without this limited relief from the Protective Order, Mr. Cadden will be forced to subpoena documents he already possesses to be able to use them in the criminal case. The present request is designed to avoid this unnecessary procedure.

13.     To be clear, through this request Mr. Cadden does not seek to access and use health care information or personal identifying information; he seeks only to access and,

---

[2] Mr. Cadden has not accessed the database since the Court's January 8, 2016, Order [Dkt. No. 2567] denying Mr. Cadden's Emergency Motion to Continue to Attend Depositions in this Matter and to Continue to Be Served With All Pleadings in the Case or, in the Alternative, to Clarify or Amend the Deposition Protocol. Although that Order did not specifically relate to the PSC Repository or the Protective Order, Mr. Cadden, out of an abundance of caution, chose not to continue accessing the discovery material without explicit Court permission, which he now seeks.

potentially, use in the criminal trial non-health care and non-personal data that is critical to his defense.

BARRY J. CADDEN,

By his attorneys,


 /s/   Michelle R. Peirce
Michelle R. Peirce (BBO# 557316)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
(617) 720-5090
mpeirce@dbslawfirm.com

Dated:   August 29, 2016

## LOCAL RULE 7.1 CERTIFICATION/EXPLANATION

The protective Order provides that parties should request written approval for relief from its terms.  Accordingly, undersigned has not conferenced this request as it does not appear to fall within Local Rule 7.1.


 /s/   Michelle R. Peirce
Michelle R. Peirce

## REQUEST FOR HEARING

Barry J. Cadden hereby requests a hearing on the issues presented in this motion.


 /s/   Michelle R. Peirce
Michelle R. Peirce

## <u>CERTIFICATE OF SERVICE</u>

I, Michelle R. Peirce, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

 */s/   Michelle R. Peirce*

Michelle R. Peirce

Dated:  August 29, 2016