UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
IN RE: NEW ENGLAND                             )
COMPOUNDING PHARMACY, INC.          )
PRODUCT LIABILITY LITIGATION          )          MDL No. 13-2419-RWZ
                                                           )
This Document Relates To:                      )
                                                           )
        All Actions                                      )
_____)

## RESPONSE OF THE UNITED STATES TO BARRY J. CADDEN'S REQUEST FOR ACCESS TO THE PSC DISCOVERY REPOSITORY

The United States respectfully submits this response to Barry J. Cadden's Request for

Written Approval From the Court to Access and Rely on Information in the PSC Repository to

Defend Himself Against Criminal Charges Arising Out of the Same Facts at Issue in This MDL

(Doc. No. 3079) [hereinafter the "Motion for Access"].  The government opposes defendant

Cadden's latest attempt to use the civil discovery process of the MDL as an end-run around the

Federal Rules of Criminal Procedure applicable to his criminal case.  Moreover, defendant

Cadden has put forth no explanation how he intends to safeguard confidential personal

information contained in the repository, including medical information pertaining to the

hundreds of plaintiffs involved in the MDL.  Finally, the government notes that defendant

Cadden is seeking to access information obtained in the MDL to which this Court has previously

ruled he was not entitled.

In the alternative, the United States respectfully submits that if the Court were to allow

defendant Cadden access to the civil discovery materials in whole or in part, the Court should

make these same materials available to the government and the remaining eleven other criminal

defendants as well.[1]  There is no legal or factual basis for providing such an advantage to a single criminal defendant at the expense of the other parties in the criminal case.

## BACKGROUND

As the Court is aware, in December 2014, a grand jury sitting in this District returned a 131-count indictment against defendant Cadden and thirteen others defendants related to their respective roles at New England Compounding Center ("NECC").  See United States v. Cadden et al., 14-cr-10363-RGS, Doc. No. 1 (Dec. 16, 2014).  Defendant Cadden was charged with 97 felony counts in the Indictment.  Id.  Most significantly, Count 1 of the Indictment charges defendant Cadden with racketeering, and alleges he conducted and participated in a pattern of racketeering activity that included twenty-five acts of second-degree murder.  See id. at 25-29.  If convicted on all charges, defendant Cadden faces a potential sentence of life imprisonment.  The trial of defendant Cadden and defendant Glenn A. Chin is set to begin before Judge Stearns on January 5, 2017.

In addition to his criminal charges, defendant Cadden faced a multitude of civil lawsuits resulting from his role as the owner and head pharmacist at NECC.  Accordingly, defendant Cadden was initially a party to this MDL, but settled his civil liability through the confirmed bankruptcy plan.  See Order Confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc., 12-19882-HJB (Doc. No. 1355), at 20-21 (May 20, 2015).

With respect to the civil MDL discovery process at issue in this Motion for Access, while parties to the MDL contributed to the discovery repository, defendant Cadden "has produced no documents, given no deposition, provided no substantive answer to written discovery, and in all

---

[1]  Defendants Carla Conigliaro and Douglas Conigliaro pled guilty on July 29, 2016.  Accordingly, access to the civil discovery repository is unnecessary for these two defendants.

manner of proceedings avoided this MDL."  Saint Thomas Entities' Response to the Emergency Motion of Barry Cadden to Attend Depositions [hereinafter, "St. Thomas Entities' Response"] (Doc. No. 2498) at 1.  Nevertheless, despite the fact that defendant Cadden "obtained through a confirmed, non-appealable bankruptcy plan, a fully effective, final, enforceable release from any possible liability," id. at 1-2, defendant Cadden continued to attend civil depositions and access the civil discovery repository for the sole purpose of gleaning information for use in his criminal trial.  Defendant Cadden even petitioned this Court to continue to use the MDL discovery process to circumvent the criminal discovery procedures in place with respect to the criminal case.  See Emergency Motion of Barry J. Cadden to Continue to Attend Depositions in this Matter and to Continue to be Served with All Pleadings in the Case or, in the Alternative, to Clarify or Amend the Deposition Protocol (Doc. No. 2474) at 2 (Dec. 8, 2015).  This Court denied that request, noting "Cadden has been dismissed from these cases and is no longer a party….Therefore, the Deposition Protocol does not allow him or his attorneys to continue attending depositions in this case.  Accordingly, the Court denies the motion."  Doc. No. 2567.

Having been barred from continuing to participate in the MDL discovery process, defendant Cadden has now filed the instant Motion for Access asking this Court to once again permit him to use the MDL discovery materials to prepare for his criminal trial, as well as permit him access to materials added to the repository since this Court barred him for doing so.

## ARGUMENT

As the Court is aware, the purpose of the Plaintiffs' Steering Committee ("PSC") repository was to maintain all medical and business records obtained from any plaintiffs, defendants, or third parties in a single source repository to be used by parties to the MDL.  The PSC provided access to the repository to the MDL parties, though some defendants, including

defendant Cadden, were not granted complete access to all the information.  See PSC Notice of Instructions for Accessing the U.S. Legal Repository (Doc. No. 739), Exh. A, at 3 (noting that the PSC may not share "informal productions by NECC" or protected health information of the victims to the defendants).  Since it is not a party to the MDL, the government is unaware of all of the materials contained within the PSC repository, but believes it contains medical information of the hundreds of plaintiffs involved in the MDL and deposition transcripts of witnesses.  In his Motion for Access, defendant Cadden does not identify the information in the repository to which he seeks access, or whether he seeks information that he was not authorized to have in the civil MDL in the first place.

Moreover, the PSC repository was intended to be used for purposes of the civil litigation and bankruptcy litigation only.  The protective order governing the MDL similarly stated that "Confidential Discovery Material shall be used solely for the purposes of prosecuting or defending civil claims in this Litigation or for purposes of administering the NECC bankruptcy proceedings…and for no other purpose without prior written approval from the Court…." Fourth Amended Protective Order of Confidentiality (Doc. No. 3036), at ¶6A.

As a general matter, the Court should not allow a criminal defendant to abuse the civil discovery process as an end-run around criminal discovery.  See Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962) ("While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive.").  The "liberal discovery procedures applicable to a civil suit [should not be used] as a dodge to avoid restrictions on criminal discovery and thereby obtain documents [the defendant] would not otherwise be entitled to for use in his criminal suit."  Id.  See also Sec. & Exch. Comm'n v. TelexFree, Inc., 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (granting a stay of civil

proceedings to "prevent the criminal defendants from exploiting liberal civil discovery rules to obtain evidence to support their criminal defenses").

In the criminal case, defendant Cadden has been provided more than 12 million pages of discovery by the government.  If defendant Cadden is seeking additional materials in preparation for his trial, he should be required to use the criminal discovery tools to obtain them.  Nowhere in his Motion for Access does defendant Cadden explain why the criminal discovery tools at his disposal are ineffective or that he is unable to obtain the information he seeks.  Indeed, defendant Cadden concedes in his Motion for Access he could "subpoena documents he already possesses to be able to use them in the criminal case."  Mot. for Access, at 3.  The government submits that a criminal subpoena *duces tecum* for documents is the correct legal procedure that defendant Cadden should be required to follow in this case.  See Fed. R. Crim. P. 17(c) (authorizing subpoena for documents in a criminal case).  Plaintiffs, other defendants, and third parties who have provided these documents to the PSC repository as part of the MDL for the purpose of the civil litigation should have the right to object to the production and use of these documents in the criminal case.  See Fed. R. Crim. P. 17(c)(2) (providing a party with an opportunity to quash or modify a subpoena for documents).  Moreover, the PSC repository contains records and documents far beyond the scope of the criminal trial, such as those relating to corporate liability of medical clinics.  Defendant Cadden provides no explanation regarding why he should be allowed access to these expansive materials.  Further, the PSC repository contains extensive medical information related to the hundreds of plaintiffs involved in the MDL.  Defendant Cadden dismisses this concern by noting he "seeks only to access and, potentially, use in the criminal trial non-health care and non-personal data that is critical to his defense."  Mot. for Access 4.  But defendant Cadden is silent as to why he should have access to this information

Page 5

to which he was not permitted access when he was a party to the MDL, nor provide any procedure to prohibit his access to this sensitive personal information.  Lastly, to the extent that the PSC repository contains deposition transcripts of potential witnesses, defendant Cadden is not entitled to them under the rules of criminal procedure.  See e.g., Campbell, 307 F.2d at 487 (noting that "18 U.S.C.A. § 3500 does away with any pre-trial discovery of statements of a government witness"); In re Worldcom, Inc., 2002 WL 31729501, at *10 (S.D.N.Y. Dec. 5, 2002) (holding that witnesses to be called in the criminal trial should not be subjected to civil depositions or interrogatories); In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 49-50 (S.D.N.Y. 1989) (holding that a stay of civil discovery is appropriate to prevent disclosure of statements of government witnesses "not obtainable at this time under the criminal procedure rules").  And certainly, he should not be entitled to access transcripts of depositions that occurred after this Court specifically barred him from attending them.  Accordingly, the Motion for Access should be denied.

If, however, the Court were to allow defendant Cadden access to some or all of the civil discovery materials contained in the PSC repository, the government respectfully submits that the Court should likewise make these materials available to the government and the remaining eleven other criminal defendants as well.  There is no legal or factual basis for providing an advantage to a single criminal defendant.

## CONCLUSION

For all of these reasons, the government requests that the Court deny defendant Cadden's Motion for Access.  In the alternative, if the Court were to allow defendant Cadden access to some or all of the civil discovery materials contained in the PSC repository, the Court should make these materials available to the government and the remaining eleven other criminal defendants as well.

Respectfully submitted,
JOHN T. McNEIL
ATTORNEY FOR THE UNITED STATES
Acting Under Authority Conferred by 28 U.S.C. § 515

By:    /s/ George P. Varghese
AMANDA P.M. STRACHAN
BBO # 641108
GEORGE P. VARGHESE
Assistant United States Attorneys
John J. Moakley United States Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
amanda.strachan@usdoj.gov
george.varghese@usdoj.gov

Dated:  September 7, 2016

### Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

By:    /s/ George P. Varghese
GEORGE P. VARGHESE
Assistant United States Attorney

Dated:  September 7, 2016

Page 7