UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL No.: Dkt. No 1:13-md-2419 (RWZ) |
| This Document Relates to: | ) ) | |
| Suits Naming the SSC Defendants | ) ) | |

**SSC DEFENDANTS'
FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively the "SSC Defendants") move, under Fed. R. Civ. P. 12(b)(6), for an Order dismissing all actions against the SSC Defendants, with prejudice, in which the Plaintiffs failed to comply with the mandatory certificate of good faith requirement of Tenn. Code Ann. § 29-26-122.[1]

---

[1] This motion applies to each of the following 15 cases naming the SSC Defendants that failed to comply with the requirement that a certificate of good faith be filed with a health care liability action:

1. *Bray v. Ameridose, LLC, et al.*, No. 1:13-cv-12596;
2. *Collins v. Ameridose, LLC, et al.*, No. 1:13-cv-12580;
3. *Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918;
4. *Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;
5. *Graham v. Ameridose, LLC, et al.*, No. 1:13-cv-12581;
6. *Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922;
7. *Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;
8. *Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915;
9. *Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914;
10. *Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491;
11. *Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682;
12. *Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688;
13. *Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917;
14. *Savercool v. Ameridose, LLC, et al.*, No. 1:13-cv-12583; and
15. *Willis v. Ameridose, LLC, et al.*, No. 1:13-cv-12597.

**Exhibit 1** to the Memorandum of Law in Support of this Motion summarizes the cases.

The Court ruled that the complaints against SSC, no matter how pled, proceed only under the Tennessee Health Care Liability Act (the "Act" or the "THCLA")[2], codified at Tenn. Code Ann. § 29-26-101 *et seq.* Tenn. Code Ann. § 29-26-122 requires simultaneous filing of a certificate of good faith with the complaint in any action related to the provision of health care in which expert testimony is required.[3] The Tennessee legislature has expressly stated that failure to file a certificate of good faith requires dismissal of the action <u>with prejudice</u>.[4]  A plaintiff who fails to file the required certificate of good faith cannot fix the deficiency with an amended complaint.[5]

In ruling on the SSC Defendants' Global Motion to Dismiss at Doc. 1360, the Court held that all claims for negligence or failure to warn must proceed under the Act.[6] More recently, the Court held at Doc. 3027 that the Plaintiffs' claims for product liability must also proceed under the Act.[7] Thus, the Court has held that any claims for negligence (professional or ordinary), failure to warn, or product liability are subject to the Act's requirements, including the certificate of good faith requirement.

Eliminating any remaining doubt, *Ellithorpe v. Weismark* conclusively establishes that the Act applies to the Plaintiffs' complaints. The Supreme Court of Tennessee in *Ellithorpe* made clear that the Act's requirements apply to "*all* civil actions alleging that a covered health care provider or providers have caused an injury related to the provision

---

[2] Doc. 3027.
[3] TENN. CODE ANN. § 29-26-122(a).
[4] TENN. CODE ANN. § 29-26-122.
[5] *See Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 593 (Tenn. Ct. App. 2013) (holding plaintiff cannot amend complaint to fix non-compliance with Act's requirements); *see also Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 WL 817032, *4 (Tenn. Ct. App. March 5, 2013) ("Husband contends that this amended complaint served to cure many of the deficiencies of the original complaint. The statutes at issue, however, do not authorize a claimant to cure deficiencies by filing an amended complaint[.]") (reversed on other grounds).
[6] Doc. 1360 at 36-38.
[7] Doc. 3027.

of, or failure to provide, health care services...<u>regardless of any other claims, causes of action, or theories of liability alleged in the complaint.</u>"[8] A plaintiff's lawyer cannot avoid application of the Act simply by claiming to proceed under another theory if the claim alleges injury related to the provision of health care.[9]

This Court's unequivocal rulings at Doc. 1360 and Doc. 3027 that the Act applies, and the Supreme Court of Tennessee's decision in *Ellithorpe*, foreclose any argument that the THCLA does not apply to these cases. These complaints are subject to the THCLA's requirements. The THCLA required <u>all plaintiffs</u> to comply with the Act's certificate of good faith requirement.[10]

Fifteen (15) of the 24 complaints against SSC failed to include a certificate of good faith despite bringing claims for injuries related to the provision of health care. The 15 deficient complaints at issue are divided into two groups:

1. <u>Group 1</u>: Ten cases where the Plaintiff filed a complaint explicitly alleging health care liability or "negligence" without a certificate of good faith.

2. <u>Group 2</u>: Five cases where the Plaintiff attempted to file a "products liability only" original complaint (which the Court has now held must proceed under the Act) without a certificate of good faith, and later amended the "products only" complaint to add a THCLA claim with a certificate of good faith.

---

[8] *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015) (emphasis added).

[9] *See Ellithorpe*, 479 S.W.3d at 827-829; *see also Caldwell v. Vanderbilt Univ.*, No. M2012-00328-COA-R3-CV, 2013 WL 655239, at *3 (Tenn. Ct. App. Feb. 20, 2013) ("It is the role of the courts to ascertain the nature of the claim; the designation given to the claim by either party is not determinative.").

[10] This motion addresses only the Act's certificate of good faith requirement, found at Tenn. Code Ann. § 29-26-122. The THCLA also mandates notice be sent to potential defendants 60 days before filing suit under of Tenn. Code Ann. § 29-26-121. Cases in which the Plaintiff also failed to comply with the pre-suit notice requirement – by never serving pre-suit notice or by failing to wait sixty (60) days after serving pre-suit notice before filing a complaint – are marked with asterisks throughout the Memorandum of Law in Support of this Motion.

The Plaintiffs' failure to comply with the Act's certificate of good faith requirement is fatal to these actions. The 15 non-compliant complaints described in this Motion must be dismissed with prejudice.

In support of this Motion, the SSC Defendants contemporaneously file and rely upon a Memorandum of Law. Pursuant to LR 7.1, the SSC Defendants have made a good-faith effort to resolve this dispute, without success.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.\***
**Chris J. Tardio\***
**Alan S. Bean\*\***
**Matthew H. Cline\***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

AND

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**

*/s/* Parks T. Chastain
**PARKS T. CHASTAIN\*\***
**KENT E. KRAUSE\*\***
**ASHLEY E. GENO\*\***
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

*Attorneys for the SSC Defendants*

\* Admitted pursuant to MDL Order No. 1.
\*\* Admitted *pro hac vice*.


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 12th day of September, 2016.

/s/ Chris J. Tardio

5