UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) )  MDL No.: )  Dkt. No 1:13-md-2419 (RWZ) ) ) This Document Relates to:   ) ) Suits Naming the SSC Defendants   ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
SSC DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively the "SSC Defendants") move, under Fed. R. Civ. P. 12(b)(6), for an Order dismissing all actions against the SSC Defendants, with prejudice, in which the Plaintiffs failed to comply with the mandatory certificate of good faith requirement of Tenn. Code Ann. § 29-26-122.[1]

---

[1] This motion applies to each of the following 15 cases naming the SSC Defendants that failed to comply with the requirement that a certificate of good faith be filed with a health care liability action:
1. *Bray v. Ameridose, LLC, et al.*, No. 1:13-cv-12596;
2. *Collins v. Ameridose, LLC, et al.*, No. 1:13-cv-12580;
3. *Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918;
4. *Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;
5. *Graham v. Ameridose, LLC, et al.*, No. 1:13-cv-12581;
6. *Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922;
7. *Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;
8. *Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915;
9. *Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914;
10. *Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491;
11. *Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682;
12. *Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688;
13. *Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917;
14. *Savercool v. Ameridose, LLC, et al.*, No. 1:13-cv-12583; and
15. *Willis v. Ameridose, LLC, et al.*, No. 1:13-cv-12597.
**Exhibit 1** summarizes the cases.

## INTRODUCTION

The Court ruled that the complaints against SSC, no matter how described in the pleadings, are governed by the Tennessee Health Care Liability Act (the "Act" or the "THCLA").[2] The Act requires a certificate of good faith with the complaint in any health care liability action requiring expert testimony.[3] The certificate pledges that the plaintiff obtained a signed written statement from a qualified expert confirming a good faith basis to maintain the action.[4]

The operation and impact of the statute is simple: If a plaintiff fails to file a certificate of good faith with the complaint, the plaintiff's action must be dismissed with prejudice.[5] A plaintiff who neglected to file the required certificate cannot fix the deficiency with an amended complaint.[6]

---

[2] Doc. 3027.

[3] TENN. CODE ANN. § 29-26-122(c).

[4] TENN. CODE ANN. § 29-26-122(c).

[5] *Newman v. Guardian Healthcare Providers, Inc.*, No. M2015-01315-COA-R3-CV, 2016 WL 4069052, *4 (Tenn. Ct. App. March 22, 2016) ("failure to comply with the certificate of good faith requirement codified at Tenn. Code Ann. § 29-26-122, results in dismissal with prejudice. Thus, if a certificate of good faith was required in this case, the proper remedy is dismissal with prejudice.") (internal citations omitted).

[6] *See Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 593 (Tenn. Ct. App. 2013) (holding plaintiff cannot amend complaint to fix non-compliance with Act's requirements); *see also Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 WL 817032, *4 (Tenn. Ct. App. March 5, 2013) ("Husband contends that this amended complaint served to cure many of the deficiencies of the original complaint. The statutes at issue, however, do not authorize a claimant to cure deficiencies by filing an amended complaint[.]") (reversed on other grounds).

2

Fifteen (15)[7] of the 24 complaints against SSC failed to include a certificate of good faith despite asserting a claim related to the provision of health care. They fall into two groups:

1. Group 1: Cases where the Plaintiff filed a complaint explicitly alleging health care liability or ordinary negligence without a certificate of good faith.

2. Group 2: Cases where the Plaintiff initially submitted a "products liability only" original complaint (which the Court has now held must proceed under the THCLA) without a certificate of good faith, and later amended the "products only" complaint to add a THCLA claim with a certificate of good faith. [8]

The 15 cases in both of these two groups must be dismissed with prejudice.

---

[7] *Keyes v. Ameridose, LLC, et al.*, No. 1:13-cv-12998, is also subject to dismissal based upon the Plaintiff's failure to comply with Tenn. Code Ann. § 29-26-122. On August 29, 2016, counsel for Ms. Keyes notified counsel for the SSC Defendants of his plan to voluntarily dismiss Ms. Keyes' claims. Therefore, *Keyes v. Ameridose, LLC, et al.* is excluded from this Motion. If *Keyes* is not voluntarily dismissed, the SSC Defendants reserve the right to amend this Motion to include *Keyes*.

[8] The 10 original complaints in Group 1 are also subject to dismissal on these grounds. The Group 1 Plaintiffs filed "products only" original complaints without a certificate of good faith. Because the Group 1 Plaintiffs failed to file certificates of good faith with complaints explicitly alleging health care liability, they are separately categorized and discussed in Section II (A) herein.

## LAW AND ARGUMENT

I.     **The Court correctly determined that the Tennessee Health Care Liability Act applies to the Plaintiffs' claims. <u>All</u> Plaintiffs were required to comply with the Act's certificate of good faith requirement.**

### A. Tenn. Code Ann. § 29-26-122 requires a certificate of good faith with complaints alleging health care liability.

Tenn. Code Ann. § 29-26-122(a) directs that "[i]n any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint."[9] The certificate of good faith is a form, signed by the plaintiff's attorney, attesting to the fact that a qualified expert provided a signed written statement confirming a good faith basis to maintain the action.[10]

Given the legislature's use of "shall," the certificate of good faith requirement is "mandatory, not directory."[11] The legislature expressly stated that failure to file a certificate of good faith requires dismissal of the action with prejudice.[12] Likewise, this Court has established that noncompliance with the Act's pre-suit requirements is fatal and should result in dismissal of the complaint.[13] It is well-settled that a plaintiff's failure to file the required certificate cannot be cured by filing the certificate with an amended complaint.[14]

---

[9] TENN. CODE ANN. § 29-26-122(a).
[10] TENN. CODE ANN. § 29-26-122(a).
[11] *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012).
[12] TENN. CODE ANN. § 29-26-122; *Stevens v. Hickman Comm. Health Care Servs.*, 418 S.W.3d 547, 560 (Tenn. 2013) (differentiating between -121 and -122 by stating, "If the legislature had intended to punish a plaintiff's failure to comply with the requirements of Tenn. Code Ann. § 29-26-121(a)(2)(E) by requiring courts to dismiss all such cases with prejudice, the legislature could easily have done so, as it did in Tenn. Code Ann. § 29-26-122"); *Brandon v. Williamson Med. Ctr.*, 343 S.W.3d 784, 787-88 (Tenn. Ct. App. 2010) ("Tennessee Code Annotated section 29-26-122 sets forth a mandatory Certificate of Good Faith requirement applicable to medical malpractice actions filed on or after October 1, 2008").
[13] Doc. 1360 at 23.
[14] *See Shockley*, 429 S.W.3d at 593 (holding plaintiff cannot amend complaint to fix non-compliance with Act's requirements); *see also Vaughn v. Mountain States Health Alliance*, 2013 WL 817032 at *4

Accordingly, any complaint sounding in health care liability (alleging injury related to the provision of health care services) must be filed with a certificate of good faith or end via dismissal with prejudice.

### B. The complaints against the SSC Defendants allege health care liability and required a certificate of good faith.

The Court's Orders on the SSC Defendants' previous dispositive motions and the Supreme Court of Tennessee's ruling in *Ellithorpe v. Weismark*[15] establish that the THCLA governs the Plaintiffs' claims.

### i. The Court's prior rulings eliminate any doubt that the Plaintiffs' claims are governed by the THCLA.

Two (2) rulings from this Court combine to unequivocally establish that the Plaintiffs' claims must proceed under the THCLA. First, in ruling on the SSC Defendants' Global Motion to Dismiss at Doc. 1360, the Court held that all claims for negligence or failure to warn must proceed under the Act.[16] Second, and more recently, the Court held at Doc. 3027 that the Plaintiffs' claims for "product liability" must also proceed under the Act.[17]

All 24 Plaintiffs with suits against SSC asserted claims under the Tennessee Product Liability Act ("TPLA"). The Court ruled, however, that these claims were governed by the THCLA, *not* the TPLA.[18] Thus, the Court has held that any claims for negligence (professional or ordinary), failure to warn, or "product liability" proceed under

---

("Husband contends that this amended complaint served to cure many of the deficiencies of the original complaint. The statutes at issue, however, do not authorize a claimant to cure deficiencies by filing an amended complaint[.]") (reversed on other grounds).

[15] *Ellithorpe v. Weismark*, 479 S.W.3d 818 (Tenn. 2015).

[16] Doc. 1360 at 36-38.

[17] Doc. 3027.

[18] *Id.*

the THCLA, and are subject to the THCLA's requirements, including the certificate of good faith requirement.

ii.   ***Ellithorpe* conclusively establishes that the THCLA applies to the Plaintiffs' claims.**

Eliminating any remaining doubt, the Supreme Court of Tennessee in *Ellithorpe* made clear that the Act's requirements apply to "*all* civil actions alleging that a covered health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services…<u>regardless of any other claims, causes of action, or theories of liability alleged in the complaint</u>."[19] A plaintiff's lawyer cannot avoid application of the Act simply by claiming to proceed under another theory if the claim alleges injury related to the provision of health care.[20] This is what the Plaintiffs (unsuccessfully) attempted to do by filing claims under the TPLA.

In *Ellithorpe*, the Supreme Court of Tennessee specified how courts should evaluate complaints seeking to avoid the Act's requirements. There, the plaintiff parents sued a social worker for providing counseling services to their minor child without their consent.[21] The plaintiff parents alleged that the social worker violated a juvenile court order granting the parents authority to make medical decisions for their child.[22] The complaint included claims of negligence, negligence *per se*, and intentional infliction of emotional distress.[23] The trial court dismissed the complaint, ruling it was a health care

---

[19] *Ellithorpe*, 479 S.W.3d at 827 (emphasis added).
[20] *See Ellithorpe*, 479 S.W.3d at 827-829; *see also Caldwell v. Vanderbilt Univ.*, No. M2012-00328-COA-R3-CV, 2013 WL 655239, at *3 (Tenn. Ct. App. Feb. 20, 2013) ("It is the role of the courts to ascertain the nature of the claim; the designation given to the claim by either party is not determinative.").
[21] *Ellithorpe*, 479 S.W.3d 818.
[22] *Id.*
[23] *Id.*

liability action, and that the plaintiffs had to (but did not) comply with the Act's requirements.[24]

First, the Supreme Court noted the legislature's intent that *all* actions related to health care fall under the Act:

> Giving every word in this section its full effect and plain meaning, we hold that section 29-26-101 establishes a clear legislative intent that all civil actions alleging that a covered health care provider or providers have caused an injury related to the provision of, or failure to provide health care services be subject to the pre-suit notice and certificate of good faith requirements, regardless of any other claims, causes of action, or theories of liability alleged in the complaint.[25]

The Court then analyzed the complaint.[26] It first found that the complaint was filed against a licensed health care provider.[27] Then, it looked at the complaint as a whole, finding it "rife with allegations relating to Ms. Weismark's provision of health care services[.]"[28] The Court looked at both the factual allegations of the complaint, and the allegations of wrongdoing, and determined that the complaint asserted health care liability:

> Thus, because Parents' complaint alleges negligence in the provision of health care services by a covered health care provider, it is subject to the THCLA "regardless of any other claims, causes of action, or other theories of liability alleged in the complaint." Tenn. Code Ann. § 29-26-101(c). Because Parents failed to comply with the pre-suit notice and certificate of good faith requirements of the THCLA, dismissal of their complaint is appropriate.[29]

The Court rejected the plaintiffs' position that they only intended to bring a claim for ordinary negligence or for a violation of a court order (essentially, the same position the Plaintiffs take here, claiming that they only intended to file a products liability claim):

---

[24] *Id.*
[25] *Id.* at 827.
[26] *Id.* at 827-28.
[27] *Id.*
[28] *Ellithorpe*, 479 S.W.3d at 828.
[29] *Id.*

As stated earlier and reiterated below, Parents have alleged health care liability claims based on allegations that Ms. Weismark deviated from the standard of care....**Parents' attempt to couch their health care liability claims in the guise of a violation of a court order is not convincing. Parents' complaint contains numerous allegations that Ms. Weismark deviated from the standard of care and was negligent in providing counseling services** to M.L. Most telling are paragraphs 25, 26, 27, 29, and 31, which allege that: (1) M.L. has been harmed emotionally because she was not allowed to counsel with Parents; (2) Parents will seek an independent mental health examination of M.L. to assess the harm caused by Ms. Weismark's failure to counsel with Parents towards reunification; (3) Ms. Weismark's "secreted counseling" with M.L. has directly and proximately caused Parents "severe emotional harm"; (4) M.L. has suffered "severe emotional harm from being forcefully kept separated from her parents"; and (5) Ms. Weismark's "secret counseling" was a "gross deviation from the standard of care." **Expert testimony clearly would be required to prove these allegations. Consequently, Parents were required to provide a certificate of good faith under Tennessee Code Annotated section 29-26-122, and their failure to comply with this statutory requirement warrants dismissal with prejudice.**[30]

\* \* \* \* \* \* \*

This Court's unequivocal rulings at Doc. 1360 and Doc. 3027 that the THCLA applies, and the decision by the Supreme Court of Tennessee in *Ellithorpe*, foreclose any argument that the THCLA does not apply to these cases. These complaints are subject to the THCLA's requirements. The THCLA <u>required all Plaintiffs</u> to comply with the Act's certificate of good faith requirement.[31]

## II. Fifteen (15) complaints naming the SSC Defendants failed to comply with the certificate of good faith requirement and must be dismissed with prejudice.

The 15 deficient complaints at issue in this Motion are divided into two groups:[32]

> <u>Group 1</u>: Ten cases where the Plaintiff filed a complaint explicitly alleging health care liability or "negligence" without a certificate of good faith.

---

[30] *Id.* at 829 (internal citations omitted) (emphasis added).

[31] This motion addresses only the Act's certificate of good faith requirement, found at Tenn. Code Ann. § 29-26-122. The THCLA also mandates notice be sent to potential defendants 60 days before filing suit under of Tenn. Code Ann. § 29-26-121. Cases in which the Plaintiff also failed to comply with the pre-suit notice requirement – by never serving pre-suit notice or by failing to wait sixty (60) days after serving pre-suit notice before filing a complaint – are marked with asterisks throughout this Motion.

[32] **Exhibit 1** summarizes the 15 cases subject to dismissal and how they are grouped.

> Group 2: Five cases where the Plaintiff attempted to file a "products liability only" original complaint (which the Court has now held must proceed under the THCLA) without a certificate of good faith, and later amended the "products only" complaint to add a THCLA claim with a certificate of good faith.

Both groups of cases must be dismissed with prejudice.

### A. Group 1: Ten Plaintiffs filed complaints explicitly alleging health care liability without a certificate of good faith.[33]

Ten (10) Plaintiffs filed complaints explicitly alleging (1) professional negligence, (2) negligence, or (3) failure to warn without filing a certificate of good faith. The Court determined that these claims are subject to the requirements of the Act.[34] The Plaintiffs' failure to file a certificate of good faith with these complaints alleging health care liability requires dismissal of the cases with prejudice.

---

[33] The following ten Plaintiffs filed complaints explicitly alleging health care liability without a certificate of good faith, and their specific health care liability allegations are noted below:

1. *Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918*; *See* Compl. ¶¶ 5, 7, 157-158, Short Form Compl. ¶ 8.
2. *Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490; *See* Compl. ¶¶ 5, 7, 155-156, Short Form Compl. ¶ 8.
3. *Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922*; *See* Compl. ¶¶ 5, 7, 95-97, 103, Short Form Compl. ¶ 8.
4. *Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923; *See* Compl. ¶¶ 5, 7, 95-97, 103, Short Form Compl. ¶ 8.
5. *Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915*; *See* Compl. ¶¶ 5, 7, 98, 101, 108-111, 115, Short Form Compl. ¶ 7.
6. *Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914*; *See* Compl. ¶¶ 5, 7, 95-97, 103, Short Form Compl. ¶ 8.
7. *Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491*; *See* Compl. ¶¶ 5, 7, 106, 154-155, Short Form Compl. at 2. Failure to warn is the only health care liability allegation against the SSC Defendants in the *Nealon* short form complaint. Because Plaintiff's counsel filed short form complaints in *Cox*, *Dingess*, and *Reed* alleging negligence against SSC, the SSC Defendants presume that Plaintiff's counsel erroneously filed the *Nealon* short form complaint without the page asserting negligence allegations against SSC.
8. *Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682*; *See* Compl. ¶¶ 5, 7, 95-97, Short Form Compl. ¶ 8.
9. *Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688*; *See* Compl. ¶¶ 5, 7, 95-97, Short Form Compl. ¶ 8.
10. *Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917; *See* Compl. ¶¶ 5, 7, 108, 157-158, Short Form Compl. ¶ 8.

All of the deficient complaints in Group 1 are attached as **Exhibit 2**.
[34] Doc. 1360 at 36-38.

### i.    Of these ten Group 1 Plaintiffs, seven (7) Plaintiffs <u>never</u> filed a certificate of good faith.

Seven (7) of these ten Group 1 Plaintiffs <u>never filed a certificate of good faith</u> with their original complaints, or any amended complaints.[35] Complete noncompliance with Tenn. Code Ann. § 29-26-122 requires dismissal of those cases.

*Cox* provides an apt example of these 7 cases that must be dismissed for total noncompliance with the certificate of good faith requirement.

The original *Cox* complaint (filed 09/09/13) describes the allegations against SSC as a product liability claim:

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

WANDA J. COX and PERRY COX,              )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )       Case No._____
                                         )
AMERIDOSE, LLC, MEDICAL SALES            )
MANAGEMENT, INC., MEDICAL SALES          )       **JURY DEMAND**
MANAGEMENT SW, INC., GDC                 )
PROPERTIES MANAGEMENT, LLC,              )
ARL BIO PHARMA, INC.  d/b/a              )
ANALYTICAL RESEARCH LABORATORIES,        )
BARRY J. CADDEN, GREGORY CONIGLIARO,     )
LISA CONIGLIARO CADDEN, DOUGLAS          )
CONIGLIARO, CARLA CONIGLIARO,            )
GLENN A. CHIN, and SPECIALTY SURGERY     )
CENTER, LLC                             )
                                         )
        Defendants.                      )

**COMPLAINT**

**COUNT V - PRODUCT LIABILITY CLAIMS**
**(Against Specialty Surgery Center)**

---

[35] The following seven Plaintiffs never filed a certificate of good faith:
1.  *Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918\*;
2.  *Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;
3.  *Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922\*;
4.  *Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;
5.  *Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914\*;
6.  *Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491\*; and
7.  *Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917.

These 7 deficient complaints are attached within **Exhibit 2**.

10

The *Cox* Plaintiff later amended her complaint via short form complaint[36] (filed 12/23/13), adding explicit claims for negligence and failure to warn. At that point, it was clear that the *Cox* Plaintiff brought a health care liability claim (a negligence action against a health care provider alleging injury related to the provision of health care). Yet, the Plaintiff <u>failed</u> to file a certificate of good faith with her short form complaint:



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

WANDA J. COX and PERRY COX,                                    )          CIVIL ACTION NO. 1:13-cv-12918-FDS
                                                               )
              **Plaintiffs,**                                  )          **MDL No.2419**
                                                               )          **Master Docket No.1:13-md-2419-FDS**
v.                                                             )
                                                               )
AMERIDOSE, LLC, MEDICAL SALES                                  )          Honorable F. Dennis Saylor
MANAGEMENT, INC., MEDICAL SALES                                )
MANAGEMENT SW, INC., GDC                                       )
PROPERTIES MANAGEMENT, LLC,                                    )          **DEMAND FOR JURY TRIAL**
ARL BIO PHARMA, INC. d/b/a                                     )
ANALYTICAL RESEARCH LABORATORIES,                              )
BARRY J. CADDEN, GREGORY CONIGLIARO,                           )
LISA CONIGLIARO CADDEN, DOUGLAS                                )
CONIGLIARO, CARLA CONIGLIARO,                                  )
GLENN A. CHIN, SPECIALTY SURGERY                               )
CENTER, LLC and UNIFIRST                                       )
CORPORATION A/D/B/A UNICLEAN                                   )
CLEANROOM SERVICES                                             )
                                                               )
              **Defendants.**                                 )

**SHORT FORM COMPLAINT**
**AGAINST UNAFFILIATED DEFENDANTS**

   8.      Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against

Defendants in the Master Complaint:

   ☒      COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

   ☒      COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendant)

   ☒      COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendant)

---

[36] The short-form complaint is simply an amendment to the original complaint. *See* Doc. 725. Plaintiffs used the master complaint and adopted the allegations of the master complaint at Doc. 545. The negligence claims from the master complaint, adopted in the short form complaints, clearly sound in health care liability. For example:
- "The Clinic Related Defendants had a duty to provide Plaintiffs with reasonable care and treatment." (Master Complaint, ¶ 231)
- "The Clinic Related Defendants had a duty to obtain informed consent from Plaintiffs for the procedure performed on Plaintiffs, adequately and accurately describing to Plaintiffs the nature of the procedure, as well as the risks of such procedure, including the drugs that were to be administered during the procedure." (Master Complaint, ¶ 232)
- "The Clinic Defendants failed to exercise reasonable and prudent care…" (Master Complaint, ¶ 234(a)-(w)).

11

As a result, the *Cox* short form complaint alleged negligence and failure to warn – health care liability claims – without a certificate of good faith. The *Cox* case, and <u>all</u> short form complaints in this group, are subject to dismissal. All seven cases in which the Plaintiffs alleged health care liability but *never* filed a certificate of good faith must be dismissed with prejudice.[37]

### ii.   Three Plaintiffs attempted to cure their compliance deficiencies with amendment. Those attempts are unsuccessful.

The remaining three (3) of the ten Plaintiffs in Group 1 (unsuccessfully) attempted to cure their noncompliance by amendment.[38] For instance, the *Norris* Plaintiff (1) filed an original complaint alleging "only" products liability (without a certificate), (2) amended the complaint via short form to add claims against SSC for negligence and failure to warn (also <u>without</u> filing a certificate), and (3) later filed a certificate of good faith with an amendment to the short form complaint.

---

[37] *See supra* note 35 (listing the 7 cases in which Plaintiffs never filed a certificate of good faith).

[38] The following three Plaintiffs filed a certificate of good faith after filing a complaint explicitly alleging negligence or health care liability:

1.  *Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915*;
2.  *Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682*; and
3.  *Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688*.

These 3 deficient complaints are attached within **Exhibit 2**.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **JOCELYN KAE NORRIS** | : | **CIVIL ACTION NO. 1:13-cv-12682-FDS** |
| | : | |
| **Plaintiff,** | : | **MDL No. 2419** |
| | : | **Master Docket No. 1:13-md-2419-FDS** |
| **v.** | : | |
| | : | **Honorable F. Dennis Saylor** |
| **UNIFIRST CORPORATION, D/B/A** | : | |
| **UNICLEAN CLEANROOM** | : | |
| **SERVICES,** **and** **SPECIALTY** | : | **DEMAND FOR JURY TRIAL** |
| **SURGERY CENTER, PLLC D/B/A** | : | |
| **SPECIALTY SURGERY CENTER,** | : | |
| | : | |
| **Defendants.** | : | |

**SHORT FORM COMPLAINT**
**AGAINST UNAFFILIATED DEFENDANTS**

8.      Plaintiff adopts and incorporates by reference the following Causes of Action asserted against Defendants in the Master Complaint:

        ☒      COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

        ☒      COUNT III: NEGLIGENCE AMD GROSS NEGLIGENCE (Against Clinic Related Defendant)

        ☒      COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendant)

Even if one presumes that no certificate of good faith was due with this group's original "products only" complaints, a certificate of good faith was certainly required when the short form complaints added the negligence and failure to warn claims, both proceeding under the THCLA. The first short form complaints, which explicitly allege health care liability <u>without</u> a certificate of good faith, are indisputably deficient.[39] The

---

[39] *See Sirbaugh v. Vanderbilt University*, No. M2014-00153-COA-R9-CV, 2014 WL 7465676 (Tenn. Ct. App. 2014). In *Sirbaugh*, the plaintiff filed a health care liability action against Vanderbilt, which was supported by a certificate of good faith. Vanderbilt subsequently alleged the comparative fault of two non-parties. The original plaintiff filed an amended complaint adding the two non-parties pursuant T.C.A. § 20-

13

subsequent filing of a certificate of good faith does not save the legal shortcoming. Failure to file a certificate of good faith cannot be cured by amendment.[40]

* * * * * * *

All ten cases in Group 1 failed to file a certificate of good faith with the first complaints explicitly alleging health care liability. These cases must be dismissed with prejudice pursuant to the plain language of Tenn. Code Ann. § 29-26-122.

---

1-119. However, in filing its amended complaint adding the new health care provider defendants, the original plaintiff did *not* file a certificate of good faith certifying the merit of the claims against the newly-added parties. The Tennessee Court of Appeals held that the plaintiff "was obligated to file a statutorily compliant certificate of good faith with her amended complaint." Having failed to do so, the Court of Appeals remanded the case back to the trial court to enter an order dismissing the defendants added in the amended complaint. *Sirbaugh*, 2014 WL 7465676 *7. Also instructive is *Groves v. Colburn*, No M2012-01834-COA-R3-CV, 2013 WL 3964758 (Tenn. Ct. App. 2013). Similar to *Sirbaugh*, the Tennessee Court of Appeals in *Groves* held that a certificate of good faith must be filed when an *amended* complaint is filed adding a new health care provider defendant. *Groves*, 2013 WL 3964758 *3. The situation here is identical. The Plaintiffs amended the original complaint to add new claims of health care liability but did not file the required certificate. This mandates dismissal with prejudice.

[40] *See Shockley*, 429 S.W.3d at 593 (holding a plaintiff cannot amend the complaint to fix noncompliance with the Act's requirements).

**B.** <u>Group 2</u>**: Five (5) Plaintiffs filed original complaints alleging "only" product liability (without a certificate of good faith) and later amended to allege health care liability (with a certificate), but their failure to file certificates of good faith with their original "products only" complaints is fatal.[41]**

**i. The Court's August 5, 2016 Order at Doc. 3027 and *Ellithorpe* establish that these five Plaintiffs were required to file a certificate of good faith with their original complaints.**

In the five (5) cases in Group 2, the Plaintiffs filed original complaints alleging claims against SSC, labeled as product liability, <u>without</u> a certificate of good faith. These Plaintiffs then amended their complaints to add explicit claims for health care liability <u>with</u> a certificate of good faith. While the original complaints do not explicitly assert claims for health care liability, a certificate of good faith was required.

First, the Court's August 5, 2016 Order at Doc. 3027 rejected the notion that the Plaintiffs could bring claims under the Tennessee Product Liability Act separately from claims under the THCLA. The Court explicitly held that "only the latter [the THCLA] may apply in these cases."[42] Thus, the Court determined that the THCLA governs all of the Plaintiffs' claims against SSC, even those styled as TPLA claims. The THCLA required simultaneously filing a certificate of good faith with those complaints, but the Plaintiffs failed to do so. These cases must be dismissed with prejudice.

Second, while these five (5) Plaintiffs attempted to avoid application of the THCLA by asserting, "Out of an abundance of caution, neither this claim, nor any claim

---

[41] The following five Plaintiffs failed to file certificates of good faith with their original complaints, but subsequently filed certificates of good faith with short form complaints:
1. *Bray v. Ameridose, LLC, et al.*, No. 1:13-cv-12596*;
2. *Collins v. Ameridose, LLC, et al.*, No. 1:13-cv-12580*;
3. *Graham v. Ameridose, LLC, et al.*, No. 1:13-cv-12581*;
4. *Savercool v. Ameridose, LLC, et al.*, No. 1:13-cv-12583*; and
5. *Willis v. Ameridose, LLC, et al.*, No. 1:13-cv-12597*.
These 5 deficient complaints are attached as **Exhibit 3**. An example of a Group 2 short form complaint is attached as **Exhibit 4**.
[42] Doc. 3027 at 3.

or count asserted in this action, is meant to allege a claim arising under or otherwise covered by the [THCLA]," [43] all five (5) plaintiffs make allegations related to the provision of health care services, just like the plaintiffs in *Ellithorpe*:

*Bray Complaint's allegations that relate to the provision of health care services*

> ➤ "NECC identified Specialty Surgery Center in Crossville, Tennessee as one **of the healthcare providers** that received vials of methylprednisolone acetate that were part of the September 2012 recall."[44]

> ➤ "On September 20, 2012, Elizabeth Bray received a lumbar epidural steroid injection ("ESI") at Specialty Surgery Center. During that procedure the anesthesiologist injected 80 mg/mL [*sic*] of MPA into Elizabeth Bray's lower back."[45]

> ➤ "Elizabeth Bray's September 20, 2012 injection of MPA caused possible inflammation at the site of her injection and caused her to undergo a lumbar puncture."[46]

> ➤ "Elizabeth Bray's September 20, 2012 injection of MPA caused her adverse health effects."[47]

> ➤ "As a direct and proximate result of the Defendants' **wrongful conduct** as described above, Elizabeth Bray has suffered physical injuries, physical and mental pain and suffering, mental anguish, loss of enjoyment of life and loss of earning capacity."[48]

*Collins Complaint's allegations that relate to the provision of health care services*

> ➤ "During the period June through August 2012, Specialty Surgery Center, PLLC ("Specialty Surgery Center") purchased approximately 220 vials of MPA from NECC and then sold and administered the MPA to patients including Judy Collins."[49]

---

[43] Compl. ¶ 187, *Bray v. Ameridose, LLC, et al.* (emphasis added); Compl. ¶ 188, *Collins v. Ameridose, LLC, et al.* (emphasis added); Compl. ¶ 187, *Graham v. Ameridose, LLC, et al.* (emphasis added); Compl. ¶ 187, *Savercool v. Ameridose, LLC, et al.* (emphasis added); Compl. ¶ 184, *Willis v. Ameridose, LLC, et al.* (emphasis added).
[44] Compl. ¶ 62, *Bray v. Ameridose, LLC, et al.* (emphasis added).
[45] Compl. ¶ 5, *Bray v. Ameridose, LLC, et al.*
[46] Compl. ¶ 7, *Bray v. Ameridose, LLC, et al.*
[47] Compl. ¶ 113, *Bray v. Ameridose, LLC, et al.*
[48] Compl. ¶ 188, *Bray v. Ameridose, LLC, et al.* (emphasis added).
[49] Compl. ¶ 4, *Collins v. Ameridose, LLC, et al.*

> "On September 12, 2012, Judy Collins received a lumbar epidural steroid injection ("ESI") at Specialty Surgery Center. During that procedure the anesthesiologist injected 80 mg/mL [*sic*] of MPA into Judy Collins's lower back."[50]

> "Judy Collins's September 12, 2012 injection of MPA caused possible inflammation at the site of her injection and caused her to undergo a lumbar puncture."[51]

> "Judy Collins's September 12, 2012 injection of MPA caused her symptoms consistent with fungal meningitis."[52]

> "As a direct and proximate result of the Defendants' **wrongful conduct** as described above, Judy Collins has suffered physical injuries, physical and mental pain and suffering, mental anguish, loss of enjoyment of life and loss of earning capacity."[53]

### *Graham Complaint's allegations that relate to the provision of health care services*

> "On August 29, 2012, Danette Graham received a lumbar epidural steroid injection ("ESI") at Specialty Surgery Center. During that procedure the anesthesiologist injected 80 mg/mL [*sic*] of MPA into Danette Graham's lower back."[54]

> "Danette Graham's August 29, 2012 injection of MPA caused her to undergo treatment for symptoms consistent with fungal meningitis."[55]

> "Danette Graham's August 29, 2012 injection of MPA caused her symptoms consistent with fungal meningitis."[56]

> "As a direct and proximate result of the Defendants' **wrongful conduct** as described above, Danette Graham has suffered physical injuries, physical and mental pain and suffering, mental anguish, loss of enjoyment of life and loss of earning capacity."[57]

---

[50] Compl. ¶ 5, *Collins v. Ameridose, LLC, et al.*
[51] Compl. ¶ 7, *Collins v. Ameridose, LLC, et al.*
[52] Compl. ¶ 113, *Collins v. Ameridose, LLC, et al.*
[53] Compl. ¶ 189, *Collins v. Ameridose, LLC, et al.* (emphasis added).
[54] Compl. ¶ 5, *Graham v. Ameridose, LLC, et al.*
[55] Compl. ¶ 7, *Graham v. Ameridose, LLC, et al.*
[56] Compl. ¶ 113, *Graham v. Ameridose, LLC, et al.*
[57] Compl. ¶ 188, *Graham v. Ameridose, LLC, et al.* (emphasis added).

_Savercool Complaint's allegations that relate to the provision of health care services_

> ➢ "On September 13, 2012, Shirley Savercool received a lumbar epidural steroid injection ("ESI") at Specialty Surgery Center. During that procedure the anesthesiologist injected 20 mg. of 80 mg/ML [_sic_] of MPA into Shirley Savercool's lower back….Shirley Savercool's September 13, 2012 injection of MPA caused her fungal meningitis."[58]

> ➢ "As a direct and proximate result of the contaminated ESIs, Shirley Savercool contracted fungal meningitis, became very ill, and continues to suffer from the effects of fungal meningitis."[59]

> ➢ "As a direct and proximate result of the Defendants' **wrongful conduct** as described above, Shirley Savercool has suffered physical injuries, physical and mental pain and suffering, mental anguish, loss of enjoyment of life and loss of earning capacity."[60]

_Willis Complaint's allegations that relate to the provision of health care services_

> ➢ "On July 17, 2012, Dale Willis received a lumbar epidural steroid injection ("ESI") at Specialty Surgery Center. During that procedure the anesthesiologist injected 20 mg. of 80 mg/mL [_sic_] of MPA into Dale Willis's lower back….Dale Willis's July 17, 2012 injection of MPA caused him to undergo treatment for symptoms consistent with fungal meningitis."[61]

> ➢ "As a direct and proximate result of the contaminated ESI, Dale Willis suffered symptoms of fungal meningitis and had to endure a lumbar puncture to test for meningitis."[62]

> ➢ "As a direct and proximate result of the Defendants' **wrongful conduct** as described above, Dale Willis has suffered physical injuries, physical and mental pain and suffering, mental anguish, loss of enjoyment of life and loss of earning capacity."[63]

Just like the _Ellithorpe_ complaint, these five complaints are "rife with allegations" relating to the SSC Defendants' provision of health care services.

---

[58] Compl. ¶ 5, 7, _Savercool v. Ameriose, LLC, et al._
[59] Compl. ¶ 119, _Savercool v. Ameridose, LLC, et al._
[60] Compl. ¶ 188, _Savercool v. Ameridose, LLC, et al._ (emphasis added).
[61] Compl. ¶ 5, 7, _Willis v. Ameridose, LLC, et al._
[62] Compl. ¶ 116, _Willis v. Ameridose, LLC, et al._
[63] Compl. ¶ 185, _Willis v. Ameridose, LLC, et al._ (emphasis added).

In a particularly bold move, all five (5) Plaintiffs also expressly allege that the SSC Defendants *deviated from the standard of care*:

> "Defendants were aware of, but consciously disregarded, a substantial and unjustifiable risk of such a nature that their disregard constitutes a gross **deviation from the standard of care** that an ordinary person would exercise under all the circumstances."[64]

With this allegation, a certificate of good faith was expressly required by Tenn. Code Ann. § 29-26-122, and required with the original complaint. Dismissal with prejudice is the result required by law.

### ii.     These five (5) Plaintiffs attempted to cure their deficiencies by amendment, but failed.

Similar to some of the Group 1 Plaintiffs, the five (5) Plaintiffs in Group 2 attempted to cure their THCLA compliance deficiencies by subsequently filing a certificate of good faith with a short form complaint. The attempt to cure by amendment fails here, too. Deficiencies in compliance with Tenn. Code Ann. § 29-26-122 cannot be cured by filing an amended complaint.[65] The Plaintiffs' failure to file a certificate of good faith with the original "products only" complaint is fatal to their actions.

*       *       *       *       *       *       *

The Court should enforce its August 5, 2016 ruling and find that the THCLA applies to the original complaints alleging product liability, *and* health care liability claims, filed by the five (5) Plaintiffs in Group 2. Application of the THCLA requires that these five (5) cases be dismissed with prejudice for failure to comply with Tenn. Code Ann. § 29-26-122.

---

[64] Compl. ¶ 191, *Bray v. Ameridose, LLC, et al.* (emphasis added); Compl. ¶ 192, *Collins v. Ameridose, LLC, et al.* (emphasis added); Compl. ¶ 191, *Graham v. Ameridose, LLC, et al.* (emphasis added); Compl. ¶ 191, *Savercool v. Ameridose, LLC, et al.* (emphasis added); Compl. ¶ 185, *Willis v. Ameridose, LLC, et al.* (emphasis added).
[65] *Shockley*, 429 S.W.3d at 593.

## CONCLUSION

The SSC Defendants respectfully move the Court to enter an Order dismissing the 15 actions in which the Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-122. The Plaintiffs in Group 1 have no excuse for failing to submit a certificate of good faith with the initial complaint or any amended complaints. They did not even try to disguise their noncompliance. The express language of Tenn. Code Ann. § 29-26-122 requires dismissal of these ten complaints with prejudice.

The Plaintiffs in Group 2 gambled that the Court would allow them to proceed on a product liability theory, exempting them from the requirements of the THCLA. That was a risky proposition, given the little doubt that the complaints were against "a health care provider or providers" and expressly alleged injury "related to the provision of…health care services." The Court's August 5, 2016 Order at Doc. 3027 proved this gamble a loser. The Court's ruling that the THCLA – not the TPLA – applies to the claims against the SSC Defendants leaves one (1) course of action: these five complaints must be dismissed.

The 15 noncompliant complaints described in this Motion must be dismissed with prejudice.

## LOCAL RULE 7.1

Pursuant to LR 7.1, the SSC Defendants have made a good-faith effort to resolve this dispute, without success. On August 29, 2016, counsel for the SSC Defendants asked Plaintiffs' counsel to agree to dismiss all cases that failed to comply with Tenn. Code Ann. § 29-26-122. Plaintiffs' counsel refused to dismiss the cases at issue in this Motion.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

AND

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**

*/s/* Parks T. Chastain
**PARKS T. CHASTAIN****
**KENT E. KRAUSE****
**ASHLEY E. GENO**\*\*
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

*Attorneys for the SSC Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 12th day of September, 2016.

/s/ Chris J. Tardio