# EXHIBIT 4

# [Example of a Group 2 Short Form Complaint]

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **SHIRLEY SAVERCOOL and** | : | **CIVIL ACTION NO. 1:13-cv-12583-FDS** |
| **DONALD SAVERCOOL,** | : | |
| | : | |
| **Plaintiffs,** | : | **MDL No. 2419** |
| | : | **Master Docket No. 1:13-md-2419-FDS** |
| **v.** | : | |
| | : | **Honorable F. Dennis Saylor** |
| **UNIFIRST CORPORATION, A/D/B/A** | : | |
| **UNICLEAN CLEANROOM** | : | |
| **SERVICES, SPECIALTY SURGERY** | : | **DEMAND FOR JURY TRIAL** |
| **CENTER, PLLC, and KENNETH R.** | : | |
| **LISTER** | : | |
| | : | |
| **Defendants.** | : | |

## SHORT FORM COMPLAINT
## AGAINST UNAFFILIATED DEFENDANTS

Plaintiffs Shirley Savercool and Donald Savercool, against Defendants, allege as follows:

### FIRST COUNT

1.　　Pursuant to MDL Order No. 7, entered in In Re: New England Compounding Pharmacy, Inc. Products liability Litigation, Master Docket No. 1:13-md-2419-FDS, the undersigned counsel hereby submit this Short Form Complaint and Jury Demand against Defendants, and adopt and incorporate by reference the allegations in Plaintiffs' Master Complaint, with attachments, and any and all amendments thereto.

2.　　Plaintiff Shirley Savercool is a resident of the State of Tennessee.

3.　　Plaintiff Shirley Savercool brings this action:

☒ On behalf of herself.

☐ As the representative of _____, who is a living person.

1

☐ As the Administrator, Administrator <u>ad</u> <u>Prosequendum</u>, or other representative of the Estate

of _____ (hereinafter "Decedent"), who died on _____.

4.    Additionally, Plaintiff Donald Savercool, is the:

☒ Spouse

☐ Child/Children

☐ Other (Set forth) _____

of Shirley Savercool, is a resident of the State of Tennessee, and is hereby named as an additional plaintiff, and claims damages.

5.    Plaintiffs assert that Plaintiff Shirley Savercool was administered New England Compounding Pharmacy, Inc. ("NECC") drug methylprednisolone acetate (hereinafter referred to as "NECC drug"), causing injuries and damages.

6.    The aforesaid administration of the NECC drug occurred on September 13, 2012, by Kenneth R. Lister, M.D., at Specialty Surgery Center, PLLC ("Specialty Surgery Center"), located in Crossville, Tennessee.

7.    Kenneth R. Lister, M.D., and Specialty Surgery Center, are hereinafter collectively referred to as "Clinic Related Defendants."

8.    Plaintiffs adopt and incorporate by reference the following Causes of Action asserted against Defendants in the Master Complaint:

☒    COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE (Against UniFirst)

☒    COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE (Against Clinic Related Defendants)

☐   COUNT IV: VIOLATION OF CONSUMER PROTECTION STATUTES
    (Against Clinic Related Defendants)

    Plaintiff(s) allege violation of the following consumer protection statute(s):  [List
    statutes.  Note that N.J.S.A. 56:8-1 *et seq.* was inadvertently omitted from the
    Master Complaint]

☐   COUNT VI: VIOLATION OF M.G.L. C. 93A (Against UniFirst)

☐   COUNT VII: BATTERY (Against Clinic Related Defendants)

☒   COUNT VIII: FAILURE TO WARN (Against Clinic Related Defendants)

☒   COUNT IX: TENNESSEE PRODUCT LIABILITY CLAIMS (Against Saint
    Thomas Neurosurgical and Howell Allen Clinic)

☒   COUNT X: AGENCY (Against Clinic Related Defendants)

☒   COUNT XI: CIVIL CONSPIRACY (Against Clinic Related Defendants)

☐   COUNT XII: WRONGFUL DEATH PUNITIVE DAMAGES (Against UniFirst
    and Clinic Related Defendants)

☒   COUNT XIII: LOSS OF CONSORTIUM (Against UniFirst and Clinic Related
    Defendants)

☒   COUNT XIV: PUNITIVE DAMAGES (Against UniFirst and Clinic Related
    Defendants)

9.      Plaintiffs complied with all applicable state law pre-suit requirements for filing

this litigation required under Tenn. Code Ann. §§ 29-26-121 (Written Notice of Claim) and 29-

26-122 (certificates of good faith).  That compliance is demonstrated by Exhibit A, the affidavit

showing the written notice of claim as required by Tenn. Code Ann. § 29-26-121, and Exhibit B,

which is certificate of good faith, required by Tenn. Code Ann. § 29-26-122.  Exhibit A and

Exhibit B are expressly incorporated by reference herein.

10.     Plaintiff(s) have sent or served the pre-suit notice or demand requirements

necessary to bring the claims set forth below, as required under M.G.L. C. 93A.  Plaintiff(s) do

not now assert but will seek leave to amend to assert the following claims promptly after the time

3

period for giving notice has expired: VIOLATION OF M.G.L. C. 93A (as set forth in Count VI of the Master Complaint).

11.     Plaintiff Shirley Savercool suffered the following injuries as a result of the administration of NECC's drug: Shirley Savercool contracted fungal meningitis, the effects of which she is still suffering. Shirley Savercool was severely ill. Shirley Savercool has experienced extreme physical pain and mental suffering. She continues to suffer as a result of the Defendants' negligent misconduct, acts, and omissions.

12.     Plaintiff Shirley Savercool suffered the following damages as a result of the administration of NECC's drug(s): severe pain and suffering, mental anguish, disability, emotional distress, past and future medical care and treatment, increased living and support expenses, loss of enjoyment of life, enormous medical expenses, both past and future.

13.     The additional designated plaintiff, Donald Savercool, has suffered/will continue to suffer the following: Including but not limited to, he has watched his wife suffer. He has suffered a loss of consortium and has endured much mental anguish. He has incurred, and will continue to incur, medical expenses and increased living and support expenses.

        Plaintiffs reserve the right to amend this Complaint to add allegations and claims against individuals or entities currently omitted (in light of the Court's order permitting a Master Complaint naming defendants affiliated with NECC and currently participating in mediation by December 20) and to add or amend allegations against Defendants named herein based, in part, on further discovery.

WHEREFORE, Plaintiffs demand Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just. Pursuant to Tenn. Code Ann. § 29-28-107, Plaintiffs pray for

damages in an amount not to exceed $15,000,000.00 as set forth in Plaintiffs' Original Complaint.

## SECOND COUNT

14.    Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if set forth at length herein.

15.    Plaintiffs assert the following additional Causes of Action against Defendants: Plaintiffs incorporate all allegations and counts contained in Plaintiffs' Original Complaint found at Docket No. 1, together with all attachments thereto, if any, in the litigation styled <u>Savercool v. Ameridose LLC, et al.</u>; United States District Court, District of Massachusetts, 1:13-cv-12583-FDS, (MDL No. 1:13-md-2419-FDS) together with all prayers for relief stated therein.

16.    Plaintiff Shirley Savercool suffered injuries as set forth in Paragraph 11 herein.

17.    Plaintiff Shirley Savercool suffered damages as set forth in Paragraph 12 herein.

18.    The additional designated plaintiff, Donald Savercool, has suffered/will continue to suffer the following: please see Paragraph 13 herein.

WHEREFORE, Plaintiffs demand Judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## THIRD COUNT

19.    Plaintiff(s) re-allege(s) and incorporate(s) by reference each of the foregoing paragraphs as if set forth at length herein.

20.    Plaintiff(s) assert(s) the following additional Causes of Action against the Clinic Related Defendants, collectively for purposes of this count, the "Tennessee Defendants."

i.      Plaintiff played no role in selecting the supplier of the MPA that Defendant, Specialty Surgery Center, through its agents and employees, injected into her spine. Plaintiff relied exclusively upon Specialty Surgery Center, and its employees and agents, to make that selection.

ii.      Given the well-known dangers of bulk pharmacy compounding, the Tennessee Defendants ignored grave risks of foreseeable harm when they permitted Specialty Surgery Center to purchase injectable steroids from NECC in bulk and without individual prescriptions.

iii.      On information and belief, given the well-known dangers of bulk pharmacy compounding, the Tennessee Defendants ignored grave risks of foreseeable harm when they permitted Specialty Surgery Center to conspire with NECC in the creation of false paper trails intended to hide NECC's wrongful and intentional conduct from regulators.

iv.      On information and belief, the Tennessee Defendants stood in a special relationship with Plaintiff. By virtue of that special relationship, the Tennessee Defendants owed a duty to protect their patients, including Plaintiff, from foreseeable harm caused by NECC's intentional conduct. NECC engaged in numerous instances of intentional misconduct. That intentional misconduct included but is not limited to: (a) mass producing compounded medications and selling them in bulk in circumvention of the FDA system of regulating drug manufactures; (b) providing false information to government regulators; (c) mass producing compounded medications and shipping those medications to Tennessee without patient

specific prescriptions in violation of Massachusetts Board of Pharmacy Rules and Tenn. Code Ann. § 63-10-204(4); (d) enlisting the aid of its customers in creating false paper trails designed to hide its misconduct from government regulators; and/or (e) mass producing purportedly sterile injectable drugs under filthy conditions in violation of regulations promulgated by the Massachusetts Board of Registration in Pharmacy and found at 24 7 CMR 6.02(1).

v. The Tennessee Defendants breached their duty to their patients, including Plaintiff, by failing to protect them from the foreseeable harm caused by NECC's intentional conduct.

vi. As a direct and proximate result of the Tennessee Defendants' breach of their duties, Plaintiff suffered physical injuries.

vii. Because the Tennessee Defendants owed Plaintiff a duty to protect her from NECC's conduct, the Tennessee Defendants' fault cannot be reduced by any fault attributable to NECC. Accordingly, the Tennessee Defendants are jointly and severally liable for all harm caused by NECC's conduct.

21. Plaintiff Shirley Savercool suffered injuries as set forth in Paragraph 11 herein.

22. Plaintiff Shirley Savercool suffered damages as set forth in Paragraph 12 herein.

23. The additional designated plaintiff, Donald Savercool, has suffered/will continue to suffer the following:  please see Paragraph 13 herein.

WHEREFORE, Plaintiff(s) demand(s) Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## FOURTH COUNT

24.     Plaintiff(s) re-allege(s) and incorporate(s) by reference each of the foregoing paragraphs as if set forth at length herein.

25.     Plaintiff(s) assert(s) the following additional Causes of Action against Specialty Surgery Center, PLLC.

    i.     Specialty Surgery Center was negligent in the manner in which it operated.

    ii.    Specialty Surgery Center knew or should have known that NECC was not a safe and reputable supplier of injectable steroids such as MPA.

    iii.   Specialty Surgery Center negligently:

        a.     operated in a manner which facilitated the procurement of injectable steroids from NECC, for the purpose of injecting those medications into the spines of patients for profit, without conducting adequate due diligence regarding whether NECC was a reputable and safe supplier of sterile injectable compounds;

        b.     failed to visit NECC's facilities before procuring spinal injection medicines from NECC;

        c.     failed to determine whether NECC had a history of recalling compounded medications before permitting procuring spinal injection medicines from that company;

        d.     failed to investigate NECC's regulatory history with the FDA and/or the Massachusetts Board of Registration in Pharmacy before procuring spinal injection medicines from NECC;

        e.     failed to determine whether NECC had a history of product liability suits before procuring spinal injection medicines from NECC;

        f.     failed to keep abreast of the dangers of sterile compounding;

g.    failed to operate with reasonable and due care, including a complete failure to supervise its drug procurement practices reasonably;

h.    failed to supervise adequately;

i.    failed to exercise due and reasonable care in conducting financial and contracting operations;

j.    procured compounded injectable steroids in bulk from NECC without using patient-specific individual prescriptions;

k.    failed to adequately supervise and train the physicians, nurses, agents and employees who ordered MPA from NECC;

l.    failed to implement or enforce policies and procedures that would prevent the procurement of purportedly sterile injectable medications from an out-of-state compounding pharmacy with deplorable sterility procedures, a checkered regulatory past, product recall problems, and a history of product liability suits;

h.    facilitated or permitted the injection of steroids into Plaintiff's lumbar spine without taking reasonable steps to ensure that those medicines were from a reputable supplier and were not contaminated with lethal pathogens;

m.    approved, facilitated or permitted the purchase of MPA from NECC because it was less expensive than safer alternatives; and

n.    failed to promptly notify Plaintiff that she was injected with potentially contaminated steroids and failed to recommend that she receive prompt treatment of her exposure to potential fungal infection.

iv.    The person or persons who decided to procure MPA from NECC were employees or agents of Specialty Surgery Center and were acting within the course and scope of their employment or agency. Accordingly, Specialty Surgery Center is liable for the consequences of said person's or persons' conduct pursuant to the doctrine of *respondeat superior.*

26. Plaintiff Shirley Savercool suffered injuries as set forth in Paragraph 11 herein.

27. Plaintiff Shirley Savercool suffered damages as set forth in Paragraph 12 herein.

28. The additional designated plaintiff, Donald Savercool, has suffered/will continue to suffer the following: please see Paragraph 13 herein.

WHEREFORE, Plaintiff(s) demand(s) Judgment against the Defendants awarding compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such further relief as the Court deems equitable and just.

## CAPS FOUND IN TENN. CODE ANN. § 29-39-102 AND § 29-39-104 ARE UNCONSTITUTIONAL AND VOID *AB INITIO*

29. On October 1, 2011, the Tennessee Civil Justice Act went into effect, enacting "caps" in all Tennessee personal injury cases for non-economic damages and punitive damages. Tenn. Code Ann. § 29-39-102; and Tenn. Code Ann. § 29-39-104. Under that Act, Plaintiff's non-economic damages are purportedly capped at $750,000, and their ability to recover punitive damages is capped at twice the compensatory damages up to a maximum of $500,000.

30. Tenn. Code Ann. § 29-39-102 and Tenn. Code Ann. § 29-39-104 are unconstitutional deprivations of Plaintiff's constitutionally protected right to trial by jury. Those provisions violate Article I, Section 6 of the Constitution of the State of Tennessee, which provides that the right of trial by jury shall remain inviolate. In addition, the subject statutory caps violate Article I, Section 17 of the Tennessee Constitution which states that all courts shall be open, and every man shall have a remedy for injury done by due course of law and without denial or delay. The subject statutory caps usurp the powers of the Judicial Branch in violation of Article II, Sections 1 & 2 of the Tennessee Constitution. In addition, the subject statutory caps violate Article XI, Section 16 of the Tennessee Constitution which indicates that the rights of citizens articulated in Tennessee's Bill of Rights "shall never be violated on any pretense

whatever . . . and shall forever remain inviolate." Therefore, Plaintiff requests a declaration, pursuant to Tenn. Code Ann. § 29-14-103, that the statutory caps are void ab initio and of no force and effect.

31.     Pursuant to Tenn. Code Ann. § 29-14-107, a copy of this Amended Complaint is being served on the Attorney General of the State of Tennessee, notifying the State of Tennessee Attorney General that Plaintiff is challenging the constitutionality of Tenn. Code Ann. § 29-39-102 and Tenn. Code Ann. § 29-39-104.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury.

Date: 12/19/2013                    Respectfully Submitted,

                                     BRANSTETTER, STRANCH & JENNINGS PLLC

                                     J. Gerard Stranch, IV
                                     J. Gerard Stranch, IV (TN BPR # 23045)
                                     Benjamin A. Gastel (TN BPR # 28699)
                                     BRANSETTER, STRANCH & JENNINGS PLLC
                                     227 Second Avenue North
                                     Nashville, TN 37201
                                     Phone: (615) 254-8801
                                     Fax: (615) 250-3937
                                     gerards@branstetterlaw.com
                                     beng@branstetterlaw.com

                                     Peter J. Flowers
                                     MEYERS & FLOWERS, LLC
                                     225 W. Wacker Drive, #1515
                                     Chicago, IL 60606
                                     Phone: (312)214-1017
                                     Fax: (630) 845-8982
                                     pjf@meyers-flowers.com

                                     Douglas Kreis
                                     AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
                                     17 E. Main Street, Suite 200
                                     Pensacola, FL 32502

Phone: (850) 916-7450
Fax: (850) 916-7449
dkreis@awkolaw.com

Michael S. Appel (BBO # 543898)
SUGARMAN, ROGERS, BARSHAK & COHEN, PC
101 Merrimac St., 9th Floor
Boston, MA 02114
Phone: (617) 227-3030


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   December 19, 2013

J. Gerard Stranch, IV
J. Gerard Stranch, IV

Case 1:13-cv-02419-RWZ Document 3087-17 Filed 09/02/16 Page 15 of 35
Case 3:13-cv-12583-MBS Document 24-7 Filed 12/19/16 Page 1 of 28

EXHIBIT A – SAVERCOOL COMPLAINT

STATE OF TENNESSEE    )
                                  )
COUNTY OF DAVIDSON  )

### AFFIDAVIT OF ELIZABETH ANN MCCULLOUGH

COMES NOW the affiant, **ELIZABETH ANN MCCULLOUGH**, who, having first been duly sworn, states that the following statements are true:

1. All of the statements contained in this Affidavit are true and correct and made on the basis of my personal knowledge. I am an adult citizen of the State of Tennessee, over the age of 18 years, and am competent to make the statements contained in this Affidavit. I am a paralegal with Branstetter, Stranch and Jennings, PLLC, located in Nashville, Tennessee.

2. On September 20, 2013, I mailed by certified mail, return receipt requested, a Notice letter and enclosures to Specialty Surgery Center at the address for the agent for service of process (Donathan M. Ivey, 116 Brown Ave, Crossville, TN 38555). I obtained certificates of mailing from the United States Postal Service stamped with the date of mailing as required by T.C.A. § 29-26-121(a). I attach as Exhibit 1 a copy of the Notice letter sent to Specialty Surgery Center along with copies of the enclosures to the letter which include a list of the names and address of all healthcare providers who were served Notice pursuant to T.C.A. § 29-26-121, a HIPAA compliant medical authorization permitting Specialty Surgery Center to obtain complete medical records from each other provider being sent a Notice, and a copy of the Certificate of Mailing from the United States Postal Service stamped with the date of mailing of the Notice and enclosures.

3. On September 20, 2013, I mailed by certified mail, return receipt requested, a Notice letter and enclosures to Dr. Kenneth R Lister, M.D. at the address listed for Dr. Lister on the Tennessee Department of Health website (Outpatient Anesthesia, 2761 Sullins Street,

**EXHIBIT A – SAVERCOOL COMPLAINT**

Knoxville TN 37919) and at the provider's current business address (Specialty Surgery Center, PLLC, 116 Brown Ave, Crossville, TN 38555). I obtained certificates of mailing from the United States Postal Service stamped with the date of mailing as required by T.C.A. § 29-26-121(a). I attach as Exhibit 2 a copy of the Notice letters sent to Dr. Lister along with copies of the enclosures to the letter which include a list of the names and address of all healthcare providers who were served Notice pursuant to T.C.A. § 29-26-121, a HIPAA compliant medical authorization permitting Dr. Lister to obtain complete medical records from each other provider being sent a Notice, and a copy of the Certificate of Mailing from the United States Postal Service stamped with the date of mailing of the Notices and enclosures.

FURTHER AFFIANT SAITH NOT.

Elizabeth Ann McCullough

**EXHIBIT A – SAVERCOOL COMPLAINT**

| State of Tennessee | ) |
| | ) |
| County of Davidson | ) |

      Personally appeared before me, the undersigned, a Notary Public of said County and State, Elizabeth Ann McCullough, with whom I am personally acquainted or proved to me on the basis of satisfactory evidence, and who acknowledged that the foregoing was sworn to and executed for the purpose therein contained.

      This 19th day of December, 2013.

_____
Notary Public

My commission expires: _12-06-2016_

Exhibit 1

BRANSTETTER, STRANCH & JENNINGS, PLLC

ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE (615) 254-8801 ~ FACSIMILE (615) 250-3937

CECIL D. BRANSTETTER, SR.
C. DEWEY BRANSTETTER, JR.
RANDALL C. FERGUSON
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
KARLA M. CAMPBELL
BEN GASTEL*
STACEY K. SKILLMAN **

OF COUNSEL:
ROBERT E. RICHARDSON, JR. ***

\*    ALSO ADMITTED IN GA
\*\*   ALSO ADMITTED IN KY
\*\*\*  ONLY ADMITTED IN OH

September 20, 2013

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Specialty Surgery Center, PLLC
c/o Registered Agent Donathan M. Ivey
116 Brown Ave
Crossville, TN 38555

Re:    **SHIRLEY SAVERCOOL**
Notice of health care liability claim required by
Tennessee Code Annotated § 29-26-121 and Insurance Carrier Notice of Claims

To:    Specialty Surgery Center, PLLC:

Branstetter, Stranch & Jennings, PLLC; Aylstock, Witkin, Kreis & Overholtz, PLLC;
Foote, Meyers, Mielke & Flowers, LLC and Sugarman, Rogers, Barshak & Cohen, P.C. are the
attorneys representing Shirley Savercool. Through her attorney, Shirley Savercool is asserting
potential claims for health care liability against Kenneth R. Lister, M.D. and Specialty Surgery
Center, PLLC, including their agents, employees, physicians, nurses and pharmacists.

This potential claim arises out of care, medicines and services provided by employees
and/or agents of Specialty Surgery Center, PLLC to Shirley Savercool from May 2012 through
September 2012.

The full name and date of birth of the patient whose treatment is at issue:

SHIRLEY ANN SAVERCOOL
Date of Birth: 11/27/1935
The names and address of the claimants authorizing this notice:

Shirley Savercool and Donald Savercool, husband of Shirley Ann Savercool
104 Forrest Hill Drive
Crossville, Tennessee  38558

The name and address of the attorney sending this notice:

Specialty Surgery Center, PLLC
September 20, 2013
Page 2

> J. GERARD STRANCH, IV
> BRANSTETTER, STRANCH & JENNINGS, PLLC
> 227 Second Avenue North, 4th Floor
> Nashville, Tennessee 37201

Additionally I am writing to place Specialty Surgery Center, PLLC on notice of claims by Shirley Savercool who has suffered personal injury and has incurred medical and other expenses as a result of receiving drugs that were compounded by New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center. Shirley Savercool hereby asserts claims for product liability, negligence, breach of warranty, and misrepresentation associated with such drugs and the treatment received. Please promptly provide a copy of this notice to all carriers who may potentially provide you with insurance coverage for these claims.

Attached hereto is a list of all healthcare providers to whom notice is being given, pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(D).

Pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(E), I also enclose a HIPAA compliant medical authorization permitting you to obtain complete medical records on Shirley Savercool, from each provider being sent a notice. If any of those providers do not accept this authorization for any reason, please contact us and we will arrange to execute an authorization acceptable to them that will permit you to obtain complete medical records on Shirley Savercool.

Neither this notice nor the medical authorization waives the common law physician-patient privilege concerning the care and treatment of Shirley Savercool by any doctor who provided medical services for Shirley Savercool. We expect that you will not communicate with any person, other than your attorney, about any doctor's care and treatment of Shirley Savercool.

We believe this letter complies with the letter and spirit of Tennessee Code Annotated § 29-26-121. If you believe it is deficient in any way, please let us know and any defect will be promptly cured. If we do not hear from you, we will assume that you agree the letter complies with the law.

Very truly yours,

J. GERARD STRANCH, IV

Enclosures

List of Heathcare Providers

1. Dr. Kenneth R Lister
Outpatient Anesthesia
2761 Sullins Street
Knoxville, TN 37919

Location where injection received:
Specialty Surgery Center, PLLC
116 Brown Avenue
Crossville, TN 38555

2. Specialty Surgery Center, PLLC
c/o Registered Agent Donathan M. Ivey
116 Brown Ave
Crossville, TN 38555

## LIMITED AUTHORIZATION TO DISCLOSE
## MEDICAL INFORMATION OR RECORDS

By signing below, I hereby request and authorize the Health Care Provider identified below to disclose certain information (the "Information") as provided in this Authorization.

### Information To Be Used Or Disclosed

*Patient Name*: _Shirley Savercool_     Patient Identifier: _DOB: 11/27/1935_

*Description of Information*: Any and all medical information and records, or true and correct copies thereof, in your possession, custody or control, including, but not limited to, medical histories, records, reports, summaries, diagnosis, prognoses, records of treatment and medication ordered and/or given, entries, letters or correspondence to other physicians, electrocardiograms, x-ray films and reports, ultrasounds, diagnostic imaging studies, laboratory data and records, pathological reports, slides and specimens, prescription records, insurance records, bills or statements of account, incident reports, birth certificates, death certificates and all other written or graphic data prepared, kept, made or maintained in your possession, custody or control and summaries of injuries, treatment and prognosis, if requested, that pertain to the Patient. THIS AUTHORIZATION DOES NOT AUTHORIZE VERBAL COMMUNICATIONS WITH THE REFERENCED INDIVIDUAL OR ORGANIZATION.

### Persons Or Organizations Authorized To Disclose The Information

*Health Care Provider*: _Specialty Surgery Center, Kenneth Lister_

I authorize the Health Care Provider(s) and its employees and agents to disclose the Information as provided in this Authorization. A photostatic copy of this Authorization is to be considered as effective as the original. I understand that I am not required to sign this Authorization. The Health Care Provider will not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this Authorization.

### Persons or Organizations Authorized to Receive the Information

_Specialty Surgery Center and/or Kenneth Lister,_ or any representative, attorney or investigator from said organization or person.

### Purpose of the Requested Use or Disclosure

Litigation

### Expiration and Revocation of This Authorization

Expiration Date or Event: _9 - 20 - 2014_

I understand that I may revoke this Authorization at any time prior to the expiration date or event, but that my revocation will not have any affect on actions taken by the Health Care Provider, its employees or agents before they received my revocation. Should I desire to revoke this Authorization, I must send written notice to the Health Care Provider at the following address:

I understand that I may see and copy the Information if I ask for it. I understand that any Information released may be subject to re-disclosure by the recipient and may no longer be protected by federal or state privacy law or regulations.

| | | |
|---|---|---|
| _Shirley Savercool_   _7-12-13_ | | |
| Signature (Patient)    Date | Signature (Authorized Representative)   Date |
| | |
| Signature (Witness) | Relationship to Patient |



**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail

From:

BRANSTETTER, STRANCH & JENNINGS
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TN 37201-1631

1000

To:

Specialty Surgery Center, PLLC
c/o Registered Agent, Donathan M. Ivey
116 Brown Avenue
Crossville, TN 38555

$1.20



PS

Exhibit 2

# BRANSTETTER, STRANCH & JENNINGS, PLLC

ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE (615) 254-8801 ~ FACSIMILE (615) 250-3937

CECIL D. BRANSTETTER, SR.
C. DEWEY BRANSTETTER, JR.
RANDALL C. FERGUSON
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
KARLA M. CAMPBELL
BEN GASTEL*
STACEY K. SKILLMAN **

OF COUNSEL:
ROBERT E. RICHARDSON, JR. ***

\*      ALSO ADMITTED IN GA
\*\*    ALSO ADMITTED IN KY
\*\*\*  ONLY ADMITTED IN OH

September 20, 2013

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Kenneth R Lister, M.D.
Outpatient Anesthesia
2761 Sullins Street
Knoxville, TN 37919

Specialty Surgery Center, PLLC
116 Brown Avenue
Crossville, TN 38555

     Re:    **SHIRLEY SAVERCOOL**
              Notice of health care liability claim required by
              Tennessee Code Annotated § 29-26-121 and Insurance Carrier Notice of Claims

To:    Kenneth R. Lister M.D;

      Branstetter, Stranch & Jennings, PLLC; Aylstock, Witkin, Kreis & Overholtz, PLLC; Foote, Meyers, Mielke & Flowers, LLC and Sugarman, Rogers, Barshak & Cohen, P.C. are the attorneys representing Shirley Savercool. Through her attorney, Shirley Savercool is asserting potential claims for health care liability against Kenneth R. Lister, M.D. and Specialty Surgery Center, PLLC, including their agents, employees, physicians, nurses and pharmacists.

      This potential claim arises out of care, medicines and services provided by Kenneth R. Lister M.D. and/or employees and/or agents of Kenneth R. Lister, M.D. to Shirley Savercool from May 2012 through September 2012.

      The full name and date of birth of the patient whose treatment is at issue:

      SHIRLEY ANN SAVERCOOL
      Date of Birth: 11/27/1935
      The names and address of the claimants authorizing this notice:

      Shirley Savercool and Donald Savercool, husband of Shirley Ann Savercool

Kenneth R. Lister M.D
September 20, 2013
Page 2

104 Forrest Hill Drive
Crossville, Tennessee 38558

The name and address of the attorney sending this notice:

J. GERARD STRANCH, IV
BRANSTETTER, STRANCH & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201

Additionally I am writing to place Kenneth R. Lister M.D. on notice of claims by Shirley Savercool who has suffered personal injury and has incurred medical and other expenses as a result of receiving drugs that were compounded by New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center. Shirley Savercool hereby asserts claims for product liability, negligence, breach of warranty, and misrepresentation associated with such drugs and the treatment received. Please promptly provide a copy of this notice to all carriers who may potentially provide you with insurance coverage for these claims.

Attached hereto is a list of all healthcare providers to whom notice is being given, pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(D).

Pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(E), I also enclose a HIPAA compliant medical authorization permitting you to obtain complete medical records on Shirley Savercool, from each provider being sent a notice. If any of those providers do not accept this authorization for any reason, please contact us and we will arrange to execute an authorization acceptable to them that will permit you to obtain complete medical records on Shirley Savercool.

Neither this notice nor the medical authorization waives the common law physician-patient privilege concerning the care and treatment of Shirley Savercool by any doctor who provided medical services for Shirley Savercool. We expect that you will not communicate with any person, other than your attorney, about any doctor's care and treatment of Shirley Savercool.

We believe this letter complies with the letter and spirit of Tennessee Code Annotated § 29-26-121. If you believe it is deficient in any way, please let us know and any defect will be promptly cured. If we do not hear from you, we will assume that you agree the letter complies with the law.

Very truly yours,

J. GERARD STRANCH, IV

Enclosures

List of Heathcare Providers

1. Dr. Kenneth R Lister
Outpatient Anesthesia
2761 Sullins Street
Knoxville, TN 37919

Location where injection received:
Specialty Surgery Center, PLLC
116 Brown Avenue
Crossville, TN 38555

2. Specialty Surgery Center, PLLC
c/o Registered Agent Donathan M. Ivey
116 Brown Ave
Crossville, TN 38555

# LIMITED AUTHORIZATION TO DISCLOSE
# MEDICAL INFORMATION OR RECORDS

By signing below, I hereby request and authorize the Health Care Provider identified below to disclose certain information (the "Information") as provided in this Authorization.

## Information To Be Used Or Disclosed

*Patient Name:*  Shirley Savercool       Patient Identifier:  DOB: 11/27/1935

*Description of Information:* Any and all medical information and records, or true and correct copies thereof, in your possession, custody or control, including, but not limited to, medical histories, records, reports, summaries, diagnosis, prognoses, records of treatment and medication ordered and/or given, entries, letters or correspondence to other physicians, electrocardiograms, x-ray films and reports, ultrasounds, diagnostic imaging studies, laboratory data and records, pathological reports, slides and specimens, prescription records, insurance records, bills or statements of account, incident reports, birth certificates, death certificates and all other written or graphic data prepared, kept, made or maintained in your possession, custody or control and summaries of injuries, treatment and prognosis, if requested, that pertain to the Patient. THIS AUTHORIZATION DOES NOT AUTHORIZE VERBAL COMMUNICATIONS WITH THE REFERENCED INDIVIDUAL OR ORGANIZATION.

## Persons Or Organizations Authorized To Disclose The Information

*Health Care Provider:*  Specialty Surgery Center, Kenneth Lister

I authorize the Health Care Provider(s) and its employees and agents to disclose the Information as provided in this Authorization. A photostatic copy of this Authorization is to be considered as effective as the original. I understand that I am not required to sign this Authorization. The Health Care Provider will not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this Authorization.

## Persons or Organizations Authorized to Receive the Information

Specialty Surgery Center and/or Kenneth Lister, or any representative, attorney or investigator from said organization or person.

## Purpose of the Requested Use or Disclosure

Litigation

## Expiration and Revocation of This Authorization

Expiration Date or Event:  9-20-2014

I understand that I may revoke this Authorization at any time prior to the expiration date or event, but that my revocation will not have any affect on actions taken by the Health Care Provider, its employees or agents before they received my revocation. Should I desire to revoke this Authorization, I must send written notice to the Health Care Provider at the following address:

I understand that I may see and copy the Information if I ask for it. I understand that any Information released may be subject to re-disclosure by the recipient and may no longer be protected by federal or state privacy law or regulations.

Shirley Savercool              7-12-13
Signature (Patient)                  Date          Signature (Authorized Representative)   Date

Signature (Witness)                              Relationship to Patient

**UNITED STATES POSTAL SERVICE**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From:

BRANSTETTER, STRANCH & JENNINGS
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TN 37201-1631

To:

Kenneth R. Lister, M.D.
Outpatient Anesthesia
2761 Sullins Street
Knoxville, TN 37919

PS Form 381

$1.20
00027711-14

U.S. POSTAGE PAID
NASHVILLE, TN
37201
SEP 20 '13
AMOUNT

1000

# BRANSTETTER, STRANCH & JENNINGS, PLLC

ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE (615) 254-8801 ~ FACSIMILE (615) 250-3937

CECIL D. BRANSTETTER, SR.
C. DEWEY BRANSTETTER, JR.
RANDALL C. FERGUSON
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
KARLA M. CAMPBELL
BEN GASTEL*
STACEY K. SKILLMAN **

OF COUNSEL:
ROBERT E. RICHARDSON, JR. ***

\*      ALSO ADMITTED IN GA
\*\*     ALSO ADMITTED IN KY
\*\*\*    ONLY ADMITTED IN OH

September 20, 2013

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Kenneth R Lister, M.D.
Outpatient Anesthesia
2761 Sullins Street
Knoxville, TN 37919

Specialty Surgery Center, PLLC
116 Brown Avenue
Crossville, TN 38555

Re:  **SHIRLEY SAVERCOOL**
     Notice of health care liability claim required by
     Tennessee Code Annotated § 29-26-121 and Insurance Carrier Notice of Claims

To:  Kenneth R. Lister M.D:

Branstetter, Stranch & Jennings, PLLC; Aylstock, Witkin, Kreis & Overholtz, PLLC;
Foote, Meyers, Mielke & Flowers, LLC and Sugarman, Rogers, Barshak & Cohen, P.C. are the
attorneys representing Shirley Savercool.  Through her attorney, Shirley Savercool is asserting
potential claims for health care liability against Kenneth R. Lister, M.D. and Specialty Surgery
Center, PLLC, including their agents, employees, physicians, nurses and pharmacists.

This potential claim arises out of care, medicines and services provided by Kenneth R.
Lister M.D. and/or employees and/or agents of Kenneth R. Lister, M.D. to Shirley Savercool
from May 2012 through September 2012.

The full name and date of birth of the patient whose treatment is at issue:

SHIRLEY ANN SAVERCOOL
Date of Birth: 11/27/1935
The names and address of the claimants authorizing this notice:

Shirley Savercool and Donald Savercool, husband of Shirley Ann Savercool

Kenneth R. Lister M.D
September 20, 2013
Page 2

> 104 Forrest Hill Drive
> Crossville, Tennessee 38558

> The name and address of the attorney sending this notice:

> J. GERARD STRANCH, IV
> BRANSTETTER, STRANCH & JENNINGS, PLLC
> 227 Second Avenue North, 4th Floor
> Nashville, Tennessee 37201

Additionally I am writing to place Kenneth R. Lister M.D. on notice of claims by Shirley Savercool who has suffered personal injury and has incurred medical and other expenses as a result of receiving drugs that were compounded by New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center. Shirley Savercool hereby asserts claims for product liability, negligence, breach of warranty, and misrepresentation associated with such drugs and the treatment received. Please promptly provide a copy of this notice to all carriers who may potentially provide you with insurance coverage for these claims.

Attached hereto is a list of all healthcare providers to whom notice is being given, pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(D).

Pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(E), I also enclose a HIPAA compliant medical authorization permitting you to obtain complete medical records on Shirley Savercool, from each provider being sent a notice. If any of those providers do not accept this authorization for any reason, please contact us and we will arrange to execute an authorization acceptable to them that will permit you to obtain complete medical records on Shirley Savercool.

Neither this notice nor the medical authorization waives the common law physician-patient privilege concerning the care and treatment of Shirley Savercool by any doctor who provided medical services for Shirley Savercool. We expect that you will not communicate with any person, other than your attorney, about any doctor's care and treatment of Shirley Savercool.

We believe this letter complies with the letter and spirit of Tennessee Code Annotated § 29-26-121. If you believe it is deficient in any way, please let us know and any defect will be promptly cured. If we do not hear from you, we will assume that you agree the letter complies with the law.

> Very truly yours,
>
> J. GERARD STRANCH, IV

Enclosures

List of Heathcare Providers

1. Dr. Kenneth R Lister
Outpatient Anesthesia
2761 Sullins Street
Knoxville, TN 37919

Location where injection received:
Specialty Surgery Center, PLLC
116 Brown Avenue
Crossville, TN 38555

2. Specialty Surgery Center, PLLC
c/o Registered Agent Donathan M. Ivey
116 Brown Ave
Crossville, TN 38555

# LIMITED AUTHORIZATION TO DISCLOSE
# MEDICAL INFORMATION OR RECORDS

By signing below, I hereby request and authorize the Health Care Provider identified below to disclose certain information (the "Information") as provided in this Authorization.

## Information To Be Used Or Disclosed

*Patient Name*:  Shirley Savercool     Patient Identifier:  DOB: 11/27/1935

*Description of Information*:  Any and all medical information and records, or true and correct copies thereof, in your possession, custody or control, including, but not limited to, medical histories, records, reports, summaries, diagnosis, prognoses, records of treatment and medication ordered and/or given, entries, letters or correspondence to other physicians, electrocardiograms, x-ray films and reports, ultrasounds, diagnostic imaging studies, laboratory data and records, pathological reports, slides and specimens, prescription records, insurance records, bills or statements of account, incident reports, birth certificates, death certificates and all other written or graphic data prepared, kept, made or maintained in your possession, custody or control and summaries of injuries, treatment and prognosis, if requested, that pertain to the Patient. THIS AUTHORIZATION DOES NOT AUTHORIZE VERBAL COMMUNICATIONS WITH THE REFERENCED INDIVIDUAL OR ORGANIZATION.

## Persons Or Organizations Authorized To Disclose The Information

*Health Care Provider*:  Specialty Surgery Center, Kenneth Lister

I authorize the Health Care Provider(s) and its employees and agents to disclose the Information as provided in this Authorization. A photostatic copy of this Authorization is to be considered as effective as the original. I understand that I am not required to sign this Authorization. The Health Care Provider will not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this Authorization.

## Persons or Organizations Authorized to Receive the Information

Specialty Surgery Center and/or Kenneth Lister, or any representative, attorney or investigator from said organization or person.

## Purpose of the Requested Use or Disclosure

Litigation

## Expiration and Revocation of This Authorization

Expiration Date or Event:  9-20-2014

I understand that I may revoke this Authorization at any time prior to the expiration date or event, but that my revocation will not have any affect on actions taken by the Health Care Provider, its employees or agents before they received my revocation. Should I desire to revoke this Authorization, I must send written notice to the Health Care Provider at the following address:

I understand that I may see and copy the Information if I ask for it. I understand that any Information released may be subject to re-disclosure by the recipient and may no longer be protected by federal or state privacy law or regulations.

Shirley Savercool    7-12-13
Signature (Patient)          Date          Signature (Authorized Representative)   Date

Signature (Witness)                        Relationship to Patient

{004663/12504/00294367.DOC / Ver.1}

**UNITED STATES POSTAL SERVICE ●**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From:

## BRANSTETTER, STRANCH & JENNINGS
### 227 SECOND AVENUE NORTH
#### FOURTH FLOOR
#### NASHVILLE, TN 37201-1631

To:

Kenneth R. Lister, M.D.
Specialty Surgery Center, PLLC
116 Brown Avenue
Crossville, TN 38555

PS I

EXHIBIT B – SAVERCOOL COMPLAINT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SHIRLEY SAVERCOOL, and<br>DONALD SAVERCOOL,        ) | |

SHIRLEY SAVERCOOL, and )
DONALD SAVERCOOL, )
)
    Plaintiffs, )    Case No. 1:13-cv-12583
)    JURY DEMAND
v. )
)
UNIFIRST CORPORATION, A/D/B/A )
UNICLEAN CLEANROOM SERVICES, et al., )
)
    Defendants. )

## CERTIFICATE OF GOOD FAITH

### Medical Malpractice Case

### PLAINTIFF'S FORM

A.    In accordance with T.C.A. § 29-26-122, I hereby state the following: (Check item 1 or 2 below and sign your name beneath the item you have checked, verifying the information you have checked. Failure to check item 1 or 2 and/or not signing item 1 or 2 will make this case subject to dismissal with prejudice.)

☐    1.    The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

        (A)    Are competent under § 29-26-115 to express opinion(s) in the case; and

        (B)    Believe, based on the information available from the medical records concerning the care and treatment of the Plaintiff for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115.

            _____

            Signature of Plaintiff if not represented, or Signature of Plaintiff's Counsel

or



2.     The Plaintiff or Plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

      (A)     Are competent under § 29-26-115 to express opinion(s) in the case; and

      (B)     Believe, based on the information available from the medical records reviewed concerning the care and treatment of the Plaintiff for the incident(s) at issue and, as appropriate, information from the Plaintiff or others with knowledge of the incident(s) at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the Plaintiff or Plaintiff's counsel; and that despite the absence of this information there is a good faith basis for maintaining the action as to each Defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion, or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical records prior to expert certification.

_____
Signature of Plaintiff if not represented, or Signature of Plaintiff's Counsel

**EXHIBIT B – SAVERCOOL COMPLAINT**

B.     You MUST complete the information below and sign:

I have been found in violation of T.C.A. § 29-26-122 __0__ prior times. (Insert number of prior violations by you.)

_____     __12/19/13_____
Signature of Person Executing This Document          Date