UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| | ) MDL No. 2419 |
| THIS DOCUMENT RELATES TO: | ) Dkt. No. 1:13-md-02419 (RWZ) ) |
| All Actions | ) ) |

**REPLY BRIEF IN SUPPORT OF BARRY J. CADDEN'S REQUEST FOR WRITTEN APPROVAL FROM THE COURT TO ACCESS AND RELY ON  INFORMATION IN THE PSC REPOSITORY TO DEFEND HIMSELF AGAINST CRIMINAL CHARGES ARISING OUT OF THE SAME FACTS AT ISSUE IN THIS MDL AND IN OPPOSITION TO THE RESPONSE OF THE UNITED STATES TO SAME**

No party to this MDL has filed any substantive[1] opposition to Mr. Cadden's benign request for written approval to access and rely on information in the PSC Repository in his criminal case, material that Mr. Cadden, for the most part, already has and has analyzed.

Mr. Cadden files this short reply to the Response of the United States to Barry J. Cadden's Request for Access to the PSC Discovery Repository ("Government Response"), in which the government takes the position that Mr. Cadden should not be allowed to use these

---

[1] The PSC filed an untimely, one-page opposition that largely focuses on cost concerns. The cost of granting Mr. Cadden's motion is minimal or non-existent and, in any event, would not outweigh the substantial injustice in denying the present request. Mr. Cadden already has the bulk of the documents at issue; he simply asks to be able to use them in the criminal case and to obtain the additional materials added more recently to the PSC Repository. His access to the Repository, and the cost, need not continue after he has obtained that small universe of additional material which should take only hours. Presumably, the government and other defendants can follow this same approach so that they need not add to the "per user" charge that the PSC references. Furthermore, requiring Mr. Cadden to subpoena the PSC for documents will be far more costly. The PSC will be required to expend time and money responding to subpoenas simply to give Mr. Cadden what he already has. That is neither practical nor cost-efficient.

documents—many of which are exculpatory—to defend himself against the government's

murder and other charges.

For the reasons discussed below and in his original Request, Mr. Cadden's Request

should be allowed. He agrees with the government that both the government and the other

defendants charged with crimes should also be able to access this important information.[2]

1. **Mr. Cadden has most of the information at issue in this request—he simply seeks permission to _use_ it to defend himself against the government's murder charges.**

Without the relief he seeks here, Mr. Cadden and his counsel are in an impossible

position: He already has access to, and has analyzed, exculpatory and other critical evidence

produced in the MDL that relates both to the civil claims against him and the criminal charges he

faces. Neither he nor his counsel can "unring the bell" and forget about, or ignore, the

information generated during the MDL, much of which makes clear that he is not guilty of the

criminal charges against him. To illustrate: deposition transcripts he properly accessed through

the MDL demonstrate the pivotal role that NECC's cleaning consultant, UniClean, played in

contaminating NECC's clean rooms—leading to UniClean's  $30.5 million settlement in this

MDL. With respect to information Mr. Cadden already possesses, and has reviewed and

analyzed, Mr. Cadden simply seeks the Court's permission to _use_ this same information to

defend himself. The Court's Order contemplated that the MDL database would be needed in

other proceedings, which is undoubtedly why the right to seek written permission to do so was

included in that Order.

Contrary to the government's Response, Mr. Cadden's access to the MDL database was

entirely appropriate as he was not only a defendant, but a lead defendant in this MDL. Mr.

Cadden actively participated in that case—he was represented; he argued motions; and, most

---

[2]  At this stage, Mr. Cadden and Mr. Chin are the only defendants who have immediate need for that access, as their trial is scheduled to begin on January 5, 2017.

notably, he negotiated and paid (with his wife) $21M to secure a release of all claims against him in the bankruptcy case and the MDL. The notion that he was a "bit player" who was not entitled to review and analyze the evidence against him in the civil case he settled for $21M is specious. Since Mr. Cadden and his counsel have the bulk of the information in the PSC Repository, it would be counterintuitive and unjust to say they cannot use it in the criminal case.[3]

### 2. The cases the government cites are inapposite—Mr. Cadden is not engaging in discovery, but simply wants access to, and to use, discovery that already exists.

None of the cases the government cites in its Response has any bearing on the present situation. The government relies upon cases involving motions to *stay* civil cases that were parallel to related criminal cases, which is not the situation here.  In fact, the cases the government cites *support* Mr. Cadden's Request: As those cases show, and as the Court is well aware, civil cases often run in parallel to criminal cases; they are not stayed automatically but rather, are stayed only at the discretion of the Court. It is in no way unusual that Mr. Cadden, or any criminal defendant, has access to relevant discovery generated during a civil case, including deposition transcripts. The government's cries of foul ignore that it is quite common for criminal defendants to have and use the type of information at issue in this request.

Moreover, unlike the defendants in the cases the government cites, Mr. Cadden is not seeking to actively *propound* discovery in the civil case to advance his criminal defense—he is simply asking for permission to use *existing* discovery generated by others in the MDL to defend

---

[3] The docket makes clear that additional materials have been placed in the PSC Repository since Mr. Cadden, out of an abundance of caution, ceased accessing that database after Magistrate Judge Boal denied his request to continue to attend depositions telephonically, which is a separate legal issue than access to the PSC Database. Mr. Cadden seeks access to those materials, as well, as they are likewise highly material to his defense. For example, based on the ECF filings, Mr. Cadden is informed and believes that there is expert testimony and/or reports that support his innocence of the crimes with which he is charged. It would be unjust to prevent Mr. Cadden from accessing the smaller group of newly added materials in the PSC Repository that he has not yet accessed. Again, though, Mr. Cadden believes that he already has—and simply seeks permission to use—the bulk of the material in the PSC Repository.

himself in the criminal case, the bulk of which he has already reviewed and incorporated into his defense. For example, the government cites *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), in which a criminal defendant sought materials *contained in the government's criminal files* through discovery requests he made in his civil case (cited in Government's Response at p. 6). That is simply not what the Court is asked to address through Mr. Cadden's present request.[4] These materials already exist, were not generated by Cadden, and, for the most part, are already in his possession. The cases involving motions to stay are inapposite.[5]

3. **The government's purported concern about Mr. Cadden's access to medical information is a red herring—as the government knows, medical information is stored in a separate database to which Mr. Cadden is not seeking access. Further, Mr. Cadden has already been given medical records through the criminal case and is subject to a protective order.**

In advocating that Mr. Cadden not be permitted to use in the criminal case relevant evidence, much of which is already in his possession and part of his knowledge base, the government professes concern about him accessing "extensive medical information." (Government Response, p. 5.)  This issue is the Court's concern, not the government's, a nonparty to the case. Regardless, this concern is unfounded. First, the government fails to note in its Response that protected health information produced in this case is securely stored in a *separate* database, the Rust Repository, to which Mr. Cadden has never had access nor, as he understands it, has any defendant. (See Doc. No. 739, "Plaintiffs' Steering Committee's Notice of Instructions for Accessing the U.S. Legal Repository" attaching Nov. 27, 2013, letter to

---

[4] The government has liberally, and successfully, moved to stay depositions in the MDL that it claimed would impede its ability to prosecute the criminal charges against Mr. Cadden and others.  Presumably, the government would have taken similar steps if it believed that any of the information collected during discovery and deposited in the PSC Repository posed any true harm to its criminal case.

[5] And, in the *Securities and Exchange Commission v. TelexFree, Inc.* case that the government also cites (at pp. 4-5), virtually all parties agreed to the stay.

defense counsel explaining the differences between the Rust Database and the U.S. Legal Repository.). (Copy attached for the Court's convenience at Tab 1.)  Second, as the government also is aware, Mr. Cadden has already been given voluminous medical records in discovery in the criminal case and is bound by the protective order governing their use. Mr. Cadden's vanilla request to use the PSC Repository information in his criminal defense raises absolutely no issues of patient privacy.[6]

The government's objection to Mr. Cadden's request is not grounded in a concern about patient privacy. The government simply does not want Mr. Cadden to use information that the government fears will exonerate him from draconian charges, including 25 second degree murders as part of a RICO count.  That is the government's true concern and it should be rejected. Mr. Cadden seeks to use only the information, much of which he already reviewed, from the PSC Repository—there are no arguable concerns about Mr. Cadden having access to medical records.[7]

## **CONCLUSION**

The government's Response is yet another in a series of inexplicable efforts in this MDL and the criminal case to keep Mr. Cadden—whom it charges with murder—from obtaining documents he needs to defend himself.[8] Given the confidence that the government claims to have in the unprecedented and overreaching criminal charges against Mr. Cadden and Mr. Chin, one

---

[6] Indeed, the Electronic Case Filing Administrative Procedures (Jan. 1, 2006) already protect medical and other personal information from public dissemination. Mr. Cadden would agree to all reasonable restrictions on the use of medical information, if any, in the PSC Repository.

[7] The government also raises the professed concern that Mr. Cadden will be permitted to access documents related to the clinics' corporate liability. Again, this is not the government's issue – the clinics themselves have lodged no such concern.

[8] The government points to the millions of documents produced in the criminal case as evidence that it has provided Mr. Cadden with everything he needs. Mr. Cadden seeks quality of information, not quantity.

would not expect the government to work so hard to keep Mr. Cadden from having all of the

facts and evidence in the case. Mr. Cadden asks the Court to grant his request.

## REQUEST FOR HEARING

Barry J. Cadden hereby requests a hearing on the issues presented in this motion.


BARRY J. CADDEN,
By his attorneys,


  /s/   Michelle R. Peirce
Michelle R. Peirce (BBO# 557316)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
(617) 720-5090
mpeirce@dbslawfirm.com

Dated:   September 15, 2016


## CERTIFICATE OF SERVICE

I, Michelle R. Peirce, hereby certify that this document has been filed through the ECF
system will be sent electronically to the registered participants as identified on the Notice of
Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered
participants on this date.


  /s/   Michelle R. Peirce
Michelle R. Peirce

Dated:   September 15, 2016