# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (FDS) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S NOTICE OF**
**INSTRUCTIONS FOR ACCESSING THE U.S. LEGAL REPOSITORY**

The Plaintiffs' Steering Committee ("PSC") hereby gives notice that it has offered all defendants access to the document depository maintained by U.S. Legal. The attached letter, sent to all defendants on November 27, 2013, provides instructions for accessing discovery materials produced to the PSC's U.S. Legal repository to date.

Date:  January 3, 2014

Respectfully submitted:

*/s/ Kristen Johnson Parker*
Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

Telephone: 415/956-1000
Facsimile: 415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419

gerards@branstetterlaw.com

*Plaintiffs' Steering Committee*

CERTIFICATE OF SERVICE

I, Kristen Johnson Parker, hereby certify that I caused a copy of the foregoing *Notice of Instructions for Accessing the U.S. Legal Repository* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   January 3, 2014

*/s/Kristen Johnson Parker*
Kristen Johnson Parker (BBO # 667261)

# EXHIBIT A



Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA  02142
www.hbsslaw.com
**Direct (617) 482-3700**
tom@hbsslaw.com

November 27, 2013

**VIA EMAIL**

      Re:    *In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation*
              MDL 2419; C.A. No.: 13-md-2419-FDS

Dear Defense Counsel:

      I write on behalf of the Plaintiffs' Steering Committee ("PSC") to all defendants named in at least one case currently pending in the *In re New England Compounding Center, Inc., Products Liability Litigation*, 13-md-2419-FDS to address three discovery-related matters.

      First, I respond to questions from some defendants about how to gain access to discovery materials produced to date in the MDL.  The PSC has addressed access to discovery materials piecemeal as inquiries have arisen.  We now write to ensure that all defendants have information on accessing the repository.

      Second, I write to share the PSC's proposals for a deposition protocol, an ESI protocol, and a HIPAA-complaint medical release to be used by all plaintiffs in this litigation.  The PSC began negotiating the deposition protocol and the medical release with the NECC-Affiliated Defendants many months ago.  The ESI protocol is new and has not been previously presented to the NECC-Affiliated Defendants.   We circulate all of these drafts for your comments.

      Finally, I enclose copies of the proposed case management orders the PSC submitted to the Court in conjunction with St. Thomas's motion for reconsideration of the existing case management order.  The PSC undertook negotiations with St. Thomas directly, per the Court's instruction.  But the PSC wishes to hear from all defendants who have comments on how best to move this case forward in an efficient and fair manner.  Our hope is that further comments on the PSC's proposals can be presented to Judge Saylor before the next status conference.

**Access to Document Repositories**

      MDL Order #6 provided that any formal discovery produced by any plaintiff, defendant, or non-parties in any of the MDL cases or any other civil actions involving allegations of injury from use of an NECC product, must also be produced to Lead Counsel no later than seven days after production elsewhere. Documents must be sent to lead counsel's attention in the format produced elsewhere (whether electronic or hard copy).  The Order required the PSC to create and maintain an online document repository accessible (at minimum) by the Creditors' Committee, the trustee, and plaintiffs' counsel of record in any action alleging injury related to a plaintiff's use of a product sold by NECC.

November 27, 2013
Page 2

MDL Order #6 also required that any plaintiffs' or defendants' counsel who seeks access to the repository (i) must comply with any confidentiality order and/or protective order entered in this case and (ii) may be -- at the Plaintiffs' Steering Committee's discretion -- subject to a reasonable assessment or cost-sharing arrangement as a condition precedent to use of the repository.[1]

The PSC subsequently created two document repositories to hold materials produced formally or informally. On July 2, 2013, the PSC identified their vendors in a pleading filed in the MDL docket.[2] The PSC asked that discovery produced that contained protected health information be produced to Rust/Omni and that all other discovery materials be produced to U.S. Legal.

The PSC has made all formal discovery produced by plaintiffs, defendants, or non-parties available through the Rust and U.S. Legal repositories. The PSC has provided instructions for how to access these repositories to defense counsel when asked.

*Rust Repository*

The Rust repository contains protected health information. Specifically, it contains: (i) information produced to Lead Counsel by clinics in response to Judge Boroff's order in the bankruptcy court requiring clinics to identify patients who were injected with contaminated MPA and (ii) information produced informally by NECC that included patient information or other protected health information. Under the terms of Judge Boroff's order and the PSC's agreement with NECC, the PSC is not permitted to share any of this information with defendants at this time.

*U.S. Legal Repository*

The U.S. Legal repository contains all other discovery produced in the MDL proceedings to Lead Counsel or the PSC to date. Specifically, it contains: (i) information produced by clinics, clinic-related entities, and other defendants who have not elected to participate in mediation pursuant to the PSC's subpoenas or other discovery requests (ii) informal productions by NECC that do not include patient information or other protected health information.

---

[1] The Order requires the PSC to agree with the Creditors' Committee as to any assessment. The PSC understands that the Creditors' Committee has not yet formulated a position on the proposed assessment.

[2] Dkt. No. 224.

November 27, 2013
Page 3

   Under the terms of the PSC's agreement with NECC, the PSC is not permitted to share documents in category (ii) with defendants at this time. Defendants may access the documents in category (i).

   The PSC has born, and will continue to bear, the continued costs of populating, hosting, and maintaining the repository. As contemplated by MDL Order #6, each unaffiliated defendant – *not* each law firm – who wishes to access the repository will be assessed a one-time fee of $3,000.00 for access to the repository. This fee is based on both charges associated with setting up and maintaining the repository to date, as well as an estimate of the costs expected to be incurred going forward. Should the costs associated with maintaining the repository for the duration of the litigation be less than the PSC anticipates, the PSC will equitably refund a portion of the user fee. Likewise, should these costs wildly exceed the PSC's best estimates, the PSC reserves the right to ask the Court to impose additional assessments on users.

   U.S. Legal offers a number of options for accessing the documents. The simplest, and least expensive, option allows you to view and download documents (only). U.S. Legal can also create platforms that accommodate document review and/or attorney work product directly in the repository. Any expenses incurred in adding functionality beyond the "view and download" option will be born by the defendants requesting the same (on top of the one-time fee).

To access the documents in category (i), please send a check made out to the "NECC Litigation Fund" to Lead Counsel's firm at the following address:

Hagens Berman Sobol Shapiro LLP
Attn: Stefanie Knowlton, Accounting
1918 Eighth Ave, Suite 3300
Seattle, WA 98101[3]

Then contact Kathleen Dwyer (T: (917) 512-7507, kdwyer@uslegalsupport.com) at U.S. Legal directly to arrange for access. The PSC will provide U.S. Legal with a list of defendants who have paid the user fee and may therefore access the depository.

**Proposed Deposition Protocol, Case Management Order, and Protocols**

   Two days ago, the PSC filed a proposed case management order related to discovery, pleadings, and bellwether issues. In its filings, the PSC invited defendants to comment on the proposed CMO and the protocols and other documents attached to this letter.

---

[3] Or, contact Mike Barker, mikeb@hbsslaw.com, for wiring instructions.

November 27, 2013
Page 4

Attached to this letter are:

1) A Word version of the proposed CMO filed Monday by the PSC;

2) The PSC's proposed Plaintiff Profile Form (the same form used as the PITWD addendum to the proof of claim form required in the bankruptcy)

3) A HIPAA compliant medical release the PSC proposes to use with the Plaintiff Profile Form;

3) A proposed deposition protocol; and

4) A proposed ESI protocol.

Comments and suggestions on each of these documents are welcome. The PSC hopes that Judge Saylor will rule on the entry of the CMO by, at the latest, the December 13, 2013 status conference. The remaining protocols we hope to have negotiated with all defendants by the dates indicated in the proposed CMO.

To this end, we propose an open call between the PSC and all defendants on **Wednesday, December 3, 2013** at **2:00 Eastern**. We will circulate a dial in by email after the holiday.

Thanks very much. And happy Thanksgiving.

Sincerely,

**/s/ Thomas M. Sobol**
Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP

*Lead Counsel,*
*On Behalf of the Plaintiffs' Steering Committee*

Cc:   Plaintiffs' Steering Committee
      Chapter 11 Trustee
      Affiliated Defendants