# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES TO: This relates to: 1:14-CV-12978-RWZ | MDL No. 1:13-md-2419-RWZ |

## FINAL ORDER APPROVING WRONGFUL DEATH DISTRIBUTIONS AND DISMISSING CASE WITH PREJUDICE

THIS DAY CAME Petitioner Robert Dana Bender, personal representative and duly qualified executor of the Estate of Ralph James Irace, Jr., ("Petitioner"), by counsel, pursuant to Va. Code § 8.01-55, and requested the Court's approval of distributions to the Statutory Beneficiaries of decedent, Ralph James Irace, Jr., as reflected in his Petition for Final Approval of Distributions to Statutory Beneficiaries of Virginia Wrongful Death Claim Pursuant to VA. Code § 8.01-55 (the "Petition").

WHEREUPON, after consideration of the Petition, the Agreement of the Statutory Beneficiaries, and for good cause shown, the Court finds and orders the following:

1. The Court has previously approved the underlying settlement of the decedent's claims, subject only to a final order regarding distribution of settlement proceeds. The Petitioner's claims under the applicable settlement agreement(s) have now been processed, and funds have been awarded to Petitioner for payment to the Statutory Beneficiaries, subject to applicable costs, expenses, attorneys' fees and liens (if any).

2. The Statutory Beneficiaries have reached an independent agreement as to how the Settlement funds should be distributed. That agreement is reflected in Exhibit 2 of the Petition

1

(the "Agreement"), and is hereby confirmed. There are no known liens applicable to the settlement proceeds.

3. The Tort Trustee is directed to make full distribution of all funds payable under the Petitioner's claim directly to counsel for the Petitioner.

4. Upon receipt of settlement funds pertaining to the Petitioner's claim, Counsel for Petitioner is directed to make distributions for costs, expenses and attorneys' fees as reflected in the Agreement, with the remainder to be paid to the Statutory Beneficiaries in equal one-third shares as reflected in the Agreement. Any additional future distributions made by the Tort Trustee on account of Petitioner's claim(s) shall be handled in the same manner.

5. The net settlement recovery after payment of attorneys' fees, expenses, and any applicable liens, should be distributed evenly among the Statutory Beneficiaries as follows:

   a. Mary Irace - 33.33333333%  (Net = $56,550.64);

   b. Laura Goldschmidt - 33.33333333%  (Net = $56,550.64);

   c. Susan O'Connor - 33.33333333%  (Net = $56,550.64)

6. Upon receipt of funds, counsel for the Petitioner is directed to issue payments to the Statutory Beneficiaries in the above amounts, after payment of attorneys' fees and expenses reflected in the Agreement. Counsel for Petitioner is directed to issue any future payments on additional settlement proceeds in accordance with the Settlement Agreement.

7. The Petitioner's lawsuits against any and all defendants in the settlement(s) are hereby DISMISSED WITH PREJUDICE, with all parties to bear their own costs and expenses.

ENTERED this ____ day of September 2016.

_____
U.S. District Court Judge

2

We ask for this Order.

By: /s/ J. Scott Sexton
J. Scott Sexton (*pro hac vice*)
Gentry Locke Rakes & Moore
PO BOX 40013
ROANOKE, VA 24022-0013
T: (540) 983-9379
F: (540) 983-9468
sexton@gentrylocke.com

*Counsel for Robert D. Bender, Executors of the Estate of Ralph J. Irace, Jr.*