**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>) |
| This Document Relates to: | ) **MDL No. 2419**<br>) **Master Docket No.:1:13-md-2419-FDS**<br>) |
| All Actions Involving Specialty Surgery Center and Dr. Kenneth Lister. | ) **Judge Rya Zobel**<br>) |

**JOINT MOTION TO MODIFY CERTAIN CASE MANAGEMENT DEADLINES IN SPECIALTY SURGERY CENTER CASES**

The Plaintiffs' Steering Committee ("PSC") and defendants Specialty Surgery Center, LLC ("SSC"), Kenneth R. Lister, MD, and Kenneth R. Lister, MD, P.C. and Calisher and Associates (the "Defendants") hereby jointly move to modify the common issue case management deadlines in all SSC cases.

On July 29, 2016, the Court entered an Order setting deadlines for common discovery, bellwether selection, and case-specific discovery in the SSC cases. (Docket No. 3016.)  In most relevant part, the Court set the close of common fact discovery as September 26, 2016.[1]

On August 4, 2016, the parties filed a joint protective order and agreed protocols (Docket No. 3024), in which the parties set deadlines designed to meet the September 26, 2016 discovery deadline with regard to the remaining data on the seven Cumberland Medical Center ("CMC") computers that the Court previously addressed in Docket No. 3015.  The parties intended for the deadlines in the protocol to provide sufficient time for completion of the hard drive data review and the remaining common fact depositions, but noted in the protocol that the size of the dataset

---

[1] In their proposed joint motion (Docket No. 3010), the parties had jointly moved for a common issue fact discovery deadline of 75 days from the Court's ruling on the motions for protective order related to the seven hard drives.

(unknown at the time the protocol was entered) could require additional time to complete the review.  (Doc. 3024-1 at 9-10.)  That possibility has become a reality.

Since August 5, 2016, the parties and CMC have worked diligently to review the data on the seven hard drives.  However, the volume of responsive data on the hard drives has proven to be far larger than the parties anticipated.  In particular, approximately 19,100 responsive documents totaling nearly 90,000 pages were returned by the search terms used to search the hard drives.[2]  In addition, with respect to the forensic review, the parties did not anticipate the number of files that CMC would need to analyze before making the forensic reports available for analysis by the PSC.  The parties' understanding is that CMC has devoted substantial resources to conducting its review on both fronts, and has successfully reviewed and made available to the SSC Defendants a subset of responsive documents.[3]  However, CMC has indicated that it requires additional time to complete its review, particularly with respect to the 90,0000 pages returned by the search terms.

After a meet and confer, CMC has indicated that it will endeavor to complete its review of documents by September 26, after which the SSC Defendants will also need to time review those records before they can be made available to the PSC.  A rolling production of the responsive documents has already commenced, and the parties anticipate this will continue until completion of the full production.

The PSC also intends to depose four additional SSC witnesses, but wishes to await completion of the CMC document production to take those depositions (and the Defendants do

---

[2] The original reviewer sets comprised nearly 300,000 pages.  Following a meet and confer with the SSC Defendants, the PSC agreed conditionally to remove certain documents totaling approximately 220,000 pages from the electronic discovery reviewer sets.
[3] Under the protocols, the PSC will not have access to those emails under the SSC Defendants and Ms. Atkinson complete their limited privilege review within a specific time frame.

not oppose waiting until the document production is complete). Accordingly, the parties respectfully request that the court extend the common discovery deadlines by approximately 30 days each, as reflected in the attached order.[4]

The parties' proposed modifications apply only to the common issue discovery deadlines, not to the existing bellwether selection process or to the case-specific discovery deadlines. Those other deadlines would remain the same. As a result, the parties do not anticipate that resetting the common issue deadlines will impact any anticipated trial date. Under the revised schedule, common discovery will still be completed prior to the completion of case-specific discovery, as contemplated by the current scheduling order at Doc. 3016.

For all of these reasons, the parties jointly request the Court enter the attached [Proposed] Order Resetting Common Issue Discovery Deadlines (Exhibit A).


Date:  September 16, 2016            Respectfully submitted:

The Plaintiffs' Steering Committee,

By its attorneys,

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH &
JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@bsjfirm.com
beng@bsjfirm.com

---

[4] The parties note that this proposed schedule is dependent upon CMC completing its review of documents by September 26. Counsel for CMC has indicated that CMC may ultimately need additional time beyond September 26, but CMC has nevertheless committed to attempt to make that deadline work.

*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415/956-1000
Facsimile:  415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328

Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

**AND**

Defendants Specialty Surgery Center,
PLLC, Kenneth Lister, MD, PC; Kenneth R.
Lister, MD,

By their attorneys,

**GIDEON, COOPER & ESSARY, PLC**

*/s/ Matthew H. Cline*
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
(615) 254-0400 (Phone
(615) 254-0459 (Fax)
matt@gideoncooper.com

*/s/ Kent E. Krause*
**PARKS T. CHASTAIN****
**KENT E. KRAUSE****
**ASHLEY E. GENO****
Attorneys for Defendant, Specialty Surgery Center, PLLC

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (Fax)

pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

*Admitted pursuant to MDL Order No. 1
**Admitted pro hac vice

**AND**

Calisher & Associates, Inc.,

By its attorney,

/s/John W. Moran
John W. Moran
LeClairRyan
One International Place, Eleventh Floor
Boston, MA 02110
Ph:  (617) 502-8212
Fax: (617) 502-8262

## CERTIFICATE OF SERVICE

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing *Joint Motion to Modify Case Management Deadlines in Specialty Surgery Center Cases* to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   September 16, 2016

/s/ Benjamin A. Gastel
Benjamin A. Gastel

7