UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: New England Compounding Pharmacy, Inc. | ) ) ) ) ) ) | Civil Action No.: MDL 1:13-md-02419 (RWZ) |

**CUMBERLAND MEDICAL CENTER'S MOTION FOR ADDITIONAL TIME TO REVIEW MATERIALS ASSOCIATED WITH PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA**

Cumberland Medical Center ("CMC"), a non-party, through counsel, files the instant motion for an extension of time for it to review approximately 85,000 pages of materials obtained from seven hard-drives subpoenaed by Plaintiffs' Steering Committee ("PSC"). For the reasons more fully set forth below, CMC respectfully requests a three-week extension of time, to October 10, 2016, in order for CMC to meet its obligations under PSC's Subpoena and the Court's Order [Doc. 3030].

CMC was served with a Subpoena issued by PSC on January 29, 2016. The PSC and CMC arrived at an Agreed Protective Order and filed a motion requesting the same be entered in May, 2016. Thereafter, certain of the Defendant's, including Specialty Surgery Center ("SSC") objected to the motion and briefing and a telephonic hearing ensued during the months of June and July. After a hearing, the Court, on July 28, 2016, entered its Order [Doc. No. 3015] regarding SSC's objections and Ordered the CMC, SSC and the PSC to file proposed protective orders, jointly if possible, and separately if not by August 4, 2016. CMC, SSC and the PSC complied with the Court's Order and filed a [Proposed] Qualified Protective Order Regarding Plaintiffs' Steering Committee's Subpoena of Cumberland Medical Center, Inc. [Doc. 3024].

In the proposed protective order's Exhibit 1 (the protocols for the forensic and e-discovery review) the following statement was included regarding deadlines for review:

> The parties have developed this protocol using best efforts and reasonably believe that the time periods herein are manageable and appropriate.  However, all parties acknowledge that the sizes of the dataset returned from the Forensic and E-Discovery Review are **unknown** at this time.  Although all parties agree to use best efforts to complete reviews in the applicable time periods, should it become necessary due to the size of the data or other constraints to request additional time, **any party may request an extension on the deadline with the Court**, and by agreeing to the above deadline no parties waive such right to request such relief.  [Doc. 3024-1, Page 9 and 10] (emphasis added).

On August 5, 2016, the Court entered the Qualified Protective Order Regarding Plaintiffs' Steering Committee's Subpoena of Cumberland Medical Center. [Doc. 3030].  CMC made the hard-drives available to Logic Force Consulting LLC ("Logic Force") for imaging on August 11, 2016.  Thereafter, CMC reviewed an approximately 3,326 page forensic report and made the same available, after redaction, to SSC.  Plaintiff understands that SSC made additional redactions of material and presented the forensic report to the PSC.  Due to the voluminous length of the forensic report, CMC received extensions from the PSC for both the review and privilege log phases of the forensic report.  The forensic report was made available to CMC for review on August 22, 2016.

On Thursday, August 18, 2016, Logic Force trained certain counsel for CMC on the use of the review platform, "Relativity," which is used to both review, mark for privilege, and redact materials obtained from seven hard-drives subject to the PSC's subpoena and governed by the Court's protective order.  Logic Force's initial search of the seven hard-drives for the agreed "search terms" resulted in nearly 20,000 files that consisted of more than 300,000 pages.  As CMC was undertaking the review of the forensic report, it was unable to direct its resources as fully to the e-discovery review phase and notified the PSC of this fact by e-mail dated August 31,

2016. In the e-mail, CMC informed the PSC that it understood that the approximately 20,000 files recovered from the hard-drives consisted of approximately 300,000 pages. (A copy of CMC's counsel's e-mail to counsel for the PSC is attached as *Exhibit A*). In the same e-mail, CMC informed the PSC that it might not be able to comply with the 30 day review deadline. *Id.*

On September 12, 2016, CMC followed up with the PSC regarding a potential extension. CMC notified counsel for the PSC that it had devoted five attorneys to the materials review (out of 15 firm attorneys). Although these attorneys were reviewing the materials as quickly as possible, they also had other clients with matters that diverted their attention from time to time. Nevertheless, as of September 12, 2016, those attorneys had completed a first pass review of approximately 7,458 files. Additionally, although the PSC had instructed Logic Force to segregate certain files to reduce the total number of pages reviewed, CMC is still attempting to review a significant portion of the 85,000 pages of materials (all the while handling other client matters). Accordingly, CMC requested a three-week extension. (A copy of the September 12, 2016 e-mail to PSC's counsel is attached as *Exhibit B*).[1]

Counsel for the PSC agreed to an extension to September 26, 2016, but, based upon scheduling order deadlines in the captioned matter, it could not agree to an extension beyond that date. (A copy of the PSC's response to CMC's request for additional time to review the records is attached hereto as *Exhibit C*). After a telephone conference with counsel for the PSC, CMC's counsel understands that the PSC would not object to a reasonable extension for CMC beyond September 26, 2016, but because of the scheduling order it is currently operating under, it preferred that CMC seek such an extension from the Court. (A copy of CMC's counsel's

---

[1] Counsel for CMC made a scrivener's error by stating that the three-week extension would be until October 3, 2016. Actually, three weeks from September 19, 2016 (the original 30 day deadline for e-discovery review) would be October 10, 2016.

confirming e-mail regarding review deadlines dated September 12, 2016 is attached as *Exhibit D*).

As of September 20, 2016, CMC has reviewed approximately 11,055 of the 19,191 materials subject to review.  It continues to diligently review the materials; however, it does not believe its counsel can complete its privilege review by September 26, 2016, the parties agreed deadline.  CMC anticipates that it could complete its review of the remaining files by October 10, 2016.  The foregoing considered, CMC respectfully requests the Court extend its deadline to complete its review of the currently subject to e-discovery review to October 10, 2016.

Respectfully submitted this 20th day of September, 2016

ARNETT, DRAPER & HAGOOD, LLP


By: /s/Rachel Park Hurt
Rachel Park Hurt, BPR 026515
**Attorney for Cumberland Medical Center**
P.O. Box 300
2300 First Tennessee Plaza
Knoxville, Tennessee 37901-0300
(865) 546-7000 – Voice
(865) 546-0423 – Facsimile

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of September, 2016, a true and exact copy of this pleading or document has been served upon counsel for all parties in this case by operation of the Court's electronic filing system and for the following identified counsel also by delivering a true and exact copy of said pleading or document to the office of said counsel or by placing a true and exact copy of said pleading or document in the United States Mail, addressed to said counsel's office, with sufficient postage thereupon to carry the same to its destination.

Ben Gastel
Anthony Orlandi
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Ave.
Suite 200
Nashville, TN 37203
beng@BSJFirm.com
aorlandi@bsjfirm.com
**Attorneys for the PSC**

C.J. Gideon, Jr.
Chris J. Tardio
Alan S. Bean
Matthew H. Cline
Gideon Cooper
315 Deaderick Street, Suite
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
matt@gideoncooper.com
**Attorneys for SSC and Jean Atkinson, RN**

Parks T. Chastain
Kent E. Krause
Ashley E. Geno
**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (Fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw
Attorneys for Defendant, Specialty Surgery Center, PLLC

John W. Moran
LeClairRyan
One International Place, Eleventh Floor
Boston, Massachusetts 02110
(617) 502-8212 Direct
(617) 502-8262 Fax
John.Moran@leclairryan.com
**Attorneys for Calisher & Associates**

By:  /s/Rachel Park Hurt
     Rachel Park Hurt, BPR 026515