UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ⟩ ⟩ ⟩ ⟩ ⟩ THIS DOCUMENT RELATES TO: ⟩ ⟩ Suits Naming Specialty Surgery Center, Crossville, PLLC ⟩ ⟩ ⟩ | MDL No. 2419 Dkt. No 1:13-md-2419 (RWZ) |

**SSC DEFENDANTS' RESPONSE TO CUMBERLAND MEDICAL CENTER'S MOTION FOR ADDITIONAL TIME TO REVIEW MATERIALS ASSOCIATED WITH PLAINTIFFS' STEERING COMMITTEE'S SUBPOENA [Doc. 3097]**

Defendants Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively, the "SSC Defendants") submit this *Response* to *Cumberland Medical Center's Motion for Additional Time to Review Materials Associated with the PSC's Subpoena* (Doc. 3097) as follows:

1. The PSC subpoenaed seven hard drives in the possession of Cumberland Medical Center ("CMC") formerly owned by the SSC Defendants. After motion practice, the Court ruled the SSC Defendants waived certain privileges over materials on the hard drive but had not waived other privileges, and directed the parties and non-party CMC to create a protocol to allow for a two-step review of the data (CMC first, followed by the SSC Defendants) before ultimate production to the PSC.

2. The PSC, SSC Defendants, and CMC agreed on a protocol and submitted it to the Court for review and approval. On August 5, 2016, the Court entered the agreed protocol for review of the data. The protocol set out the following process:

1) Search terms would be run through the data, returning a set of data for review.

2) CMC would review the data within 30 days for privilege and produce the data to the SSC Defendants.

3) The SSC Defendants would review the data within 14 days for the privileges they had not waived.[1]

3. The protocol recognized that, at the time the deadlines were set, no one knew the size of the data requiring review.[2] Because of this huge unknown, the protocol permitted any party or CMC to seek an extension of time for completing review.[3] Following entry of the protocol, the search terms were run and initially returned more than **300,000 pages** of documents. The parties worked together to cull out much of the data but were still left with **~85,000** pages to review.[4] Eighty-five thousand (85,000) pages was more than probably any party expected would be returned when proposing the protocol.

4. Because of the number of documents, CMC moved for an additional three weeks to review the materials returned by the search terms, extending its deadline to October 10, 2016.[5]

---

[1] Doc. 3030 at 9.
[2] Doc. 3030 at 9-10.
[3] Doc. 3030 at 9-10.
[4] This number is based on representations from the PSC and CMC. The SSC Defendants do not have access to the data yet and cannot confirm the exact number of pages to be reviewed.
[5] Doc. 3097.

5. The SSC Defendants **do not** oppose CMC's request for additional time to complete its review of the materials. CMC's requested extension seems reasonable given the number of pages to be reviewed.[6]

6. However, if it will take CMC's lawyers about two months to review 85,000 pages, it is unlikely the SSC Defendants will be able to do a similar privilege review of the same 85,000 pages in 14 days. The SSC Defendants proactively worked to avoid an extension by asking CMC to release the documents to the SSC Defendants for review on a rolling basis. This allows the SSC Defendants to review the materials as CMC finishes with them, and not after one huge "dump." CMC agreed to do this. Unfortunately, only about 500 of the 85,000 pages have come to the SSC Defendants for review at this point (which the SSC Defendants promptly reviewed and released to the PSC in less than three business days). While more are expected soon, the reality is that they have not come yet.[7]

7. The SSC Defendants will use all reasonable efforts to review the documents in the 14-day timeframe. However, now seeing the CMC motion and knowing the number of pages in the dataset, that may not be possible.[8] The SSC Defendants have not filed a

---

[6] By comparison, the SSC Defendants had 30 days to review about 40,000 pages of electronic data responding to the PSC's First Set of Requests for Production. It makes sense that reviewing about twice as many pages will take about twice as long.

[7] On September 9, CMC released the first batch of 500 pages to the SSC Defendants for review, which the SSC Defendants completed on September 13. CMC subsequently reported that it hoped to release more materials to the SSC Defendants the weeks of September 13-16, or September 19-23, but was ultimately unable to do so. On September 26, counsel for CMC reported that CMC had completed review of an additional 30,000+ pages, but LogicForce (the third-party IT vendor hired by the PSC to handle review and production of the data) has not yet made those materials available to the SSC Defendants for review.

[8] Having only seen 500 pages of ~85,000, it is difficult to accurately estimate the amount of time it will take the SSC Defendants to review the materials. The best source for estimating the time necessary to complete review likely comes from CMC's motion because CMC is actively reviewing the material. Including the extension requested by the motion, CMC's review will take about seven total weeks.

motion for extension yet and will confer with the PSC first if an extension similar to the one that CMC requests is necessary.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

*/s/ Chris J. Tardio*
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***

315 Deaderick Street, Suite 1100
Nashville, TN 37238
(615) 254-0400 (Phone)
(615) 254-0459 (Fax)
chris@gideoncooper.com
***Attorneys for the SSC Defendants***

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**

*/s/ Kent Krause*
**Parks T. Chastain****
**Kent E. Krause****
**Ashley E. Geno****

P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (Fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com
**Attorneys for Defendant Specialty Surgery Center, PLLC**

*Admitted pursuant to MDL Order No. 1
**Admitted pro hac vice

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing this the 27th day of September, 2016.

                                         */s/ Chris J. Tardio*
                                         **CHRIS J. TARDIO**