C3

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY , INC. PRODUCTS LIABILITY ) <br> LITIGAITON ) <br> ) MDL No.: 1:13-MD-2419-RWZ <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> Case No. 1:14-cv-12941-RWZ ) <br> *Patricia S. Brown, John D. Spicer and* ) <br> *Jenae S. Patsell, Executors of the Estate* ) <br> *of Louise B. Spicer deceased* ) <br> _____) | |

### FINAL ORDER APPROVING WRONGFUL DEATH DISTRIBUTIONS AND DISMISSING CASE WITH PREJUDICE

THIS DAY CAME Petitioners, Patricia S. Brown, John D. Spicer, and Jenae S. Patsell, duly qualified as executors of the Estate of Louise D. Spicer, ("Petitioners" and "Statutory Beneficiaries"), by counsel, pursuant to Va. Code § 8.01-55, and requested the Court's approval of distributions to the Statutory Beneficiaries of decedent, Ralph James Irace, Jr., and others, as reflected in their Petition for Final Approval of Distributions to Statutory Beneficiaries of Virginia Wrongful Death Claim Pursuant to VA. Code § 8.01-55 (the "Petition").

WHEREUPON, after consideration of the Petition, the Agreement of the Statutory Beneficiaries, and for good cause shown, the Court finds and orders the following:

1. The Court has previously approved the underlying settlement of the Petitioners' claims, subject only to a final order regarding distribution of settlement proceeds. The Petitioner's claims under the applicable settlement agreement(s) have now been processed, and funds have been awarded to Petitioner for payment to the Statutory Beneficiaries, subject to applicable costs, expenses, attorneys' fees and liens (if any).

2. The Statutory Beneficiaries have reached an independent agreement as to how the Settlement funds should be distributed after payment of costs, expenses and liens. That agreement is reflected in Exhibit 2 of the Petition (the "Agreement"), and is hereby confirmed. The Petitioners have received a final payment letter from the Centers For Medicare & Medicaid Services calculating that final lien amount at $145.76 (the "Final Lien Amount").

3. The Tort Trustee is directed to pay the Medicare Lien from the settlement proceeds due to Petitioners. The Tort Trustee is thereafter directed to make full distribution of all funds payable under the Petitioner's claim directly to counsel for the Petitioner by check payable to counsel for Petitioners.

4. The net settlement recovery after payment of attorneys' fees, expenses, and the Final Lien Amount, should be distributed evenly among the Statutory Beneficiaries as follows:

   a. Patricia S. Brown -   33.3333 % (Net = $156,654.83);
   b. John D. Spicer -      33.3333 % (Net = $156,654.83);
   c. Jenae S. Patsell -    33.3333 % (Net = $156,654.83).

5. Upon receipt of settlement funds pertaining to the Petitioner's claim, Counsel for Petitioner is directed to make payments to the Statutory Beneficiaries in the above amounts, after payment of costs, expenses and attorneys' fees as reflected in the Agreement. Counsel for Petitioners is directed to issue any future payments on additional settlement proceeds in accordance with the Agreement.

6. The Petitioner's lawsuits against any and all defendants in the settlement(s) are hereby DISMISSED WITH PREJUDICE, with all parties to bear their own costs and expenses.

26408/1/7715082v1

ENTERED this 23th day of September 2016.

_____
U.S. District Court Judge

We ask for this Order.

By: /s/ J. Scott Sexton
J. Scott Sexton (*pro hac vice*)
Gentry Locke Rakes & Moore
PO BOX 40013
ROANOKE, VA 24022-0013
T: (540) 983-9379
F: (540) 983-9468
sexton@gentrylocke.com

*Counsel for Patricia S. Brown, John D. Spicer and Jenae S. Patsell, Executors of the Estate of Louise B. Spicer, deceased*