# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Bray v. Ameridose, LLC, et al.*, No. 1:13-cv-12596;<br>*Collins v. Ameridose, LLC, et al.*, No. 1:13-cv-12580;<br>*Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918;<br>*Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;<br>*Graham v. Ameridose, LLC, et al.*, No. 1:13-cv-12581;<br>*Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922;<br>*Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;<br>*Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915;<br>*Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914;<br>*Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491;<br>*Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682;<br>*Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688;<br>*Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917;<br>*Savercool v. Ameridose, LLC, et al.*, No. 1:13-cv-12583;<br>*Willis v. Ameridose, LLC, et al.*, No. 1:13-cv-12597. | MDL No. 2419<br>Master Docket No.: 1:13-md-2419 (RWZ) |

**Plaintiffs' Steering Committee's Cross Motion To Extend Time To File Certificates Of Good Faith Under Tenn. Code Ann. § 29-26-122(c)(3)**

On September 12, 2016 Specialty Surgery Center LLC, Dr. Kenneth Lister, and Kenneth Lister P.C. (the "Specialty Surgery Center Defendants) filed a Rule 12(b)(6) Motion to Dismiss (Dkt. No. 3086, the "Motion") seeking to dismiss fifteen cases for an alleged failure to comply with Tenn. Code Ann. § 29-26-122's certificate of good faith requirements related to healthcare liability actions.  The Plaintiffs' Steering Committee now files this Cross Motion seeking to extend the time to file the certificates of good faith as permitted by Tenn. Code Ann. § 29-26-122(c)(3) and states as follows:

1.    Failure to file a certificate of good faith with a complaint is not fatal to a plaintiffs' claims.  Tenn. Code Ann. § 29-26-122(c)(3) specifically gives this Court the ability to extend the time for filing certificates of good faith where a plaintiff can show "good cause."  The statute provides as follows: "The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown."  Tenn. Code Ann. § 29-26-122(c)(3).

2.    The time for filing such a motion is not set in the statute and is instead governed by Fed. R. Civ. P. 6(b).  *Stovall v. UHS Lakeside, LLC*, 2014 WL 2155345, at *8 (Tenn. Ct. App. Apr. 22, 2014) overruled on other grounds by *Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570 (Tenn. 2015) (holding that the time for filing a motion under Tenn. Code Ann. § 29-26-122(c)(3) is governed by Rule 6 and ruling that a "trial court may grant an extension for filing a certificate of good faith, even after the expiration of the time period in which the act was to be completed.")

3.    As set forth in greater detail in the contemporaneously filed Response in Opposition to Specialty Surgery Center Defendants' Motion to Dismiss, the PSC maintains that

1

plaintiffs subject to the present Motion satisfy the good cause showing required for an extension of the time to file a certificate of good faith.

4.  Accordingly, the PSC asks the Court to extend the filing of the time to file a certificate of good faith in compliance with Tenn. Code Ann. § 29-26-122 for those plaintiffs subject to the Motion. For those Plaintiffs that have already filed a certificate of good faith with their current operative complaint,[1] the Court only need to extend the time for filing a certificate of good faith to the date these plaintiffs filed an amended complaint containing the certificate of good faith (approximately December 20, 2013). For those Plaintiffs that have not yet filed a certificate of good faith,[2] the Court should grant a 30 day extension from the date this motion is granted (to the extent that the Court grants this motion) to file a certificate of good faith.

In support of this motion the PSC relies upon the contemporaneously filed Response in Opposition to the Specialty Surgery Center Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.

Dated: October 7, 2016

Respectfully submitted,

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN  37203
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@bsjfirm.com
beng@bsjfirm.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

---

[1] These include the *Bray*, *Collins*, *Graham*, *Norris*, *Palmer*, *Savercool*, and *Willis* Actions.
[2] These cases include the *Cox*, *Dingess*, *Hubbard*, *Jackson*, *Johnson*, *Lapiska*, *Nealon*, and *Reed* actions.

2

Thomas M. Sobol
Kristen Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcentercom

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

4

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

5

**CERTIFICATE OF SERVICE**

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: October 7, 2016

**/s/ Benjamin A. Gastel**
Benjamin A. Gastel