UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br>Plaintiffs,<br><br>This document relates to:<br><br>Armetta, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14022-RWZ<br><br>Bowman, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14028-RWZ<br><br>Davis, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14033-RWZ<br><br>Dreisch, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14029-RWZ<br><br>Farthing, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14036-RWZ<br><br>Kashi, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14026-RWZ<br><br>Torbeck, et al. v. Box Hill Surgery Center, LLC, et al.,<br>No. 1:14-cv-14023-RWZ<br><br>Handy v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14019-RWZ | MDL No. 2419<br><br>Docket No. 1:13-md-2419 (RWZ)<br><br><br><br><br><br><br><br>**PLAINTIFFS' MOTION TO COMPEL NON-PARTY BARBARA WAGNER TO COMPLY WITH PROPERLY-SERVED SUBPOENA BY PRODUCING DOCUMENTS AND FOR SANCTIONS** |

Plaintiffs in the eight above-captioned cases ("Box Hill Plaintiffs" or "Plaintiffs") by and through their respective undersigned counsel, Law Offices of Peter G. Angelos, P.C., and Cohen,

1

Placitella & Roth, P.C., file this Motion to Compel Non-Party Barbara Wagner to Comply With Properly-Served Subpoena by Producing Documents and for Sanctions. In support of such motion, the Box Hill Plaintiffs state:

## I. INTRODUCTION

One of the clinic defendants in this Multi-District Litigation ("MDL") is Box Hill Surgery Center, LLC (Box Hill"). It is an ambulatory surgical center located in Harford County, Maryland. It is charged by Plaintiffs in the eight captioned cases with having prescribed, obtained and administered fungal tainted preservative free methylprednisolone acetate ("MPA") from New England Compounding Center ("NECC") by mail in violation of Massachusetts' pharmacy laws and administering that improperly acquired lethal medication to its patients. Four of the eight cases involve patients who died as a result of fungal meningitis caused by the tainted NECC MPA.

Box Hill is owned and operated by Dr. Ritu T. Bhambhani, M.D., an anesthesia/pain medicine specialist. (*See* Exhibit 1 – Excerpts of Transcript of February 10, 2016, Videotaped Deposition of R. Bhambhani, T. 25, 30). Prior to her opening Box Hill in 2008, she was employed by another ambulatory procedure clinic located in Harford County, Maryland, the Harford County Ambulatory Surgical Center, LLC ("HCASC"). *Id.*, T. 28-30. Dr. Bhambhani continued to see and treat patients at HCASC even after opening Box Hill. *Id.*, T. 33-37, 59. According to her deposition testimony, she learned about and selected NECC as Box Hill's source of preservative free MPA from HCASC, who used NECC as its source of MPA. *Id.*, T. 59-60, 78-79, 81-84. That information came from discussing clinic supply sources with Barbara Wagner, a surgical tech at HCASC in charge of ordering medication supplies for HCASC. *Id.*, T. 59-60. As it turns out, HCASC was not only Box Hill's primary source of information on NECC

2

as a source for preservative free MPA, it also was a supplemental supplier of NECC's MPA to Box Hill when Box Hill from time to time ran out of MPA and, as occurred in early September of 2012 prior to NECC's MPA recall, Box Hill stopped using its supply of NECC MPA on hand after learning of the death and of a serious injury of two Box Hill patients to whom it had administered NECC's MPA. *Id.*, T. 83-87, 160-65, 183-188; (*See* Exhibit 2 – Excerpts of Transcript of February 18, 2016, Videotaped Deposition of A. Vickers, T. 70-72). The 35 vials of MPA Box Hill borrowed from HCASC in September of 2012 were drawn from the fungal tainted May 2012 lot NECC recalled in September 2012 after the fungal meningitis outbreak became known to health authorities. Bhambhani Dep., T. 160-65. As a result, based on discovery done to date, at least 25 patients at Box Hill were administered tainted, recalled NECC MPA supplied to the facility by HCASC.

In view of this information, on June 13, 2016, Plaintiffs issued an Amended Notice of Deposition and *Subpoena Duces Tecum* to HCASC's Barbara Wagner seeking her appearance on June 28, 2016, and production of the same documents requested in the March 2, 2016, subpoena[1]. August 1, 2016, was the deadline for completion of common issue fact discovery,

---

[1] On March 2, 2016, Plaintiffs filed a Subpoena and Notice of Deposition to Barbara Wagner demanding she appear and produce on March 21, 2016:
   1. Deponent's job description at Harford County Ambulatory Surgery Center ("HCASC").
   2. Any and all documents relating to a consultant HCASC used to select providers of drugs or compounded medication.
   3. Any and all documents relating to New England Compounding Center's ("NECC") qualifications and abilities to compound and dispense preservative free MPA to HCASC.
   4. Any and all documents relating to HCASC's purchase of methylprednisolone acetate ("MPA") from NECC.
   5. Any and all documents relating to the exchange of medications purchased from NECC between HCASC and Box Hill Surgery Center ("Box Hill").
   6. Any and all documents relating to the legality of obtaining compounded preservative free MPA for administration to patients in Maryland facilities. (*See* Dkt. 2708-1).

therefore, the deposition of Ms. Wagner was duly and timely noticed. (*See* Dkt. 2927).

On June 23, 2016, Ms. Wagner filed an Emergency Motion to Stay the Deposition scheduled for June 28, 2016, until her contemporaneously filed Motion for Protective Order could be considered and determined (*See* Dkt. 2954). The motion was granted. (*See* Dkt. 2956).

Citing the existence of state court litigation against HCASC by other NECC MPA victims, Ms. Wagner's Motion for Protective Order sought to limit the scope of discovery by the MDL Box Hill Plaintiffs (*See* Dkt. 2953). Ms. Wagner stated, "the scope of requested information and documents vastly exceeds the bounds of what may be relevant and probative in Plaintiffs' cases against defendants Box Hill Surgery Center, LLC, Ritu Bhambhani, MD and Ritu T. Bhambhani, MD, LLC …" *Id.* Ms. Wagner also stated she did not object to Plaintiffs exploring, "documents and/or information relating to the relationship between HCASC and the Box Hill Defendants, including whether there was any exchange of medications purchased from NECC between the healthcare providers." (*See* Dkt. 2953-1, page 7).

On July 5, 2016, Box Hill Plaintiffs filed a Response in Opposition to Ms. Wagner's Motion for Protective Order which included as an exhibit, deposition testimony that HCASC purchased MPA from NECC, was a primary source of information on which Box Hill relied in choosing NECC as its MPA supplier, and that HCASC supplied MPA to Box Hill from its inventory of MPA that HCASC obtained from NECC, including MPA vials from the recalled May, 2012 tainted lot (*See* Dkts. 2966, 2966-2, and 2967).

On July 11, 2016, Barbara Wagner filed a reply to Plaintiffs' opposition to her motion for a protective order. In her reply, Ms. Wagner agreed Plaintiffs were entitled to receive, from her, as a fact witness, information regarding, "the relationship and interactions between HCASC and

---

*Due to a scheduling conflict, the deposition was cancelled on March 14, 2016. (*See* Dkt. 2741-1).

4

the Box Hill Defendants and the potential exchange of medication purchased from NECC between those healthcare providers" (*See* Dkt. 2981, page 2), but objected to providing, "information and documents in her deposition that relate solely to HCASC's practices, policies and procedures for ordering, storing and administering steroid medication from NECC." *Id.* (Emphasis included in original).

The Order of Court dated July 15, 2016, states: "After careful review and consideration of the parties' briefs as well as oral argument, the Court finds that the information sought by the subpoena is generally relevant. Wagner has not shown any particularized harm to herself or Harford County Ambulatory Surgical Center as a result of the subpoena. The Court limits Request Nos. 1, 2, and 6 to documents regarding the time period from January 1, 2010 to the December 31, 2012. The motion is otherwise denied." (*See* Dkt. 2991).

On July 28, 2016, Plaintiffs filed a Subpoena and Amended Notice of Videotaped Deposition *Duces Tecum* of Barbara Wagner[2] (*See* Dkt. 3014). Judge Boal approved a joint request to extend the time to complete fact discovery. (*See* Dkt. 3017). The new close of Common Fact Discovery was August 30, 2016. (*See* Dkt. 3042).

---

[2] Pursuant to the Court's July 15, 2016, Order, Attachment A – Documents Sought by the Subpoena included:
1. Deponent's job description at Harford County Ambulatory Surgery Center ("HCASC") from January 1, 2010 to December 31, 2012.
2. Any and all documents relating to a consultant HCASC used to select providers of drugs or compounded medication from January 1, 2010 to December 31, 2012.
3. Any and all documents relating to New England Compounding Center's ("NECC") qualifications and abilities to compound and dispense preservative free MPA to HCASC.
4. Any and all documents relating to HCASC's purchase of methylprednisolone acetate ("MPA") from NECC.
5. Any and all documents relating to the exchange of medications purchased from NECC between HCASC and Box Hill Surgery Center ("Box Hill").
6. Any and all documents relating to the legality of obtaining compounded preservative free MPA for administration to patients in Maryland facilities from January 1, 2010 to December 31, 2012.

On August 30, 2016, Plaintiffs deposed Barbara Wagner (*See* Exhibit 3 – Excerpts of Transcript of August 30, 2016, Videotaped Deposition of B. Wagner). Plaintiffs' counsel questioned Ms. Wagner about the documents requested of her in the subpoena. Ms. Wagner, who later testified she was the Materials Manager at HCASC, *Id.*, T. 46, l. 4-24, testified that when she received her subpoena she looked at the list of documents requested and pulled everything related to Box Hill and submitted them to her manager. *Id.*, T. 10, l. 1-23. Plaintiffs' counsel inquired of defense counsel whether they had the documents Ms. Wagner submitted that related to Box Hill Surgery Center. *Id.*, T. 10, l. 24, 25; T. 11 l. 1. Defense counsel stated, "Ms. Wagner is appearing here today pursuant to a subpoena issued to her individually, not in a corporate capacity. Ms. Wagner does not individually possess any documents responsive to the request." *Id.*, T. 11, l. 2-7. Ms. Wagner testified that she had access to the requested documents and she copied them. *Id.*, T. 11, l. 14-25; T. 12, l. 1-6. Defense counsel stated they were refusing to turn the documents over because the subpoena was directed to Ms. Wagner individually and she did not individually possess the documents. Defense counsel also argued that the documents specific to Box Hill may be part of the HCASC defense in their state court cases. *Id.*, T. 13, l. 1-19. Ms. Wagner testified that the documents included documents related to the exchange of preservative free MPA purchased from NECC that was transferred from the inventory at HCASC to Box Hill Surgery Center. *Id.*, T. 14, l. 20-25; T. 15, l. 1-18; T. 51, l. 2-25; T. 52; T. 53; T. 54; T. 55, l. 1-3. Ms. Wagner also testified one of the documents she obtained and provided to counsel was the Box Hill invoice she prepared for the purchase of the MPA from HCASC. *Id.*, T. 80, l. 5-25; T. 81, l. 1-11. In addition, Ms. Wagner testified the Box Hill documents included information about the exchange of supplies. *Id.*, T. 84, l. 6-25; T. 85; T. 86; T. 87, l. 1-22.

## II.     ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure provides the framework for obtaining from non-parties, through the use of subpoenas, documents, electronically stored information, or tangible things in that person's possession, custody, or control, relevant to a pending litigation. *Coleman v. District of Columbia,* 275 F.R.D. 33, 36 (D.D.C. 2011). The scope of the subpoena is limited by Fed.R.Civ.Proc. 26(b)(1), which provides:.

> "Unless otherwise limited by court order, … [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, …, the parties' relative access to the relevant information, …, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. …"

Certain documents are ordinarily not discoverable, i.e., "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed.R.Civ.P. 26 (b)(3)(A).

Pursuant to Fed.R.Civ.P. 45, a subpoena was properly-served to Ms. Wagner on July 28, 2016, commanding her to produce documents that were in her control as Materials Manager for HCASC. Ms. Wagner objected to producing some of the documents but stated in a Motion for Protective Order and Reply to Plaintiffs' Opposition to Motion for Protective Order that she did

not object to producing documents relating to the exchange of medications purchased from NECC between HCASC and Box Hill Surgery Center. The Court determined that the documents requested were generally relevant and Ms. Wagner testified that she obtained the documents that pertained to Box Hill Surgery Center and gave them to her manager.

Despite the Court's determination that the documents sought were relevant to the Plaintiffs' claims and the Order of Court directing that such records be produced and the witness having gathered the documents together, Defense counsel blatantly defied the Court's order and refused to produce any of the documents.

Plaintiffs have a substantial need to obtain documents related to the exchange of steroids from the contaminated lots, between Defendants Ritu T. Bhambani, M.D., Ritu T. Bhambhani, M.D., LLC, and Box Hill Surgery Center, LLC and HCASC, in order to prepare their MDL cases. The Box Hill Defendants have not produced the documents Plaintiffs have sought and this Court has ordered Ms. Wagner to produce. Moreover, pursuant to Fed.R.Civ.Proc. 45(g) the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The time allowed for fact discovery in the instant cases has expired. The Plaintiffs have a substantial need and no other means to obtain the documents possessed by Ms. Wagner and the documents should be ordered to be produced to Plaintiffs immediately.

Defense counsel has demonstrated egregious, bad-faith behavior by violating the Court's Order. "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (C) fails to obey a scheduling or other pretrial order." Fed.R.Civ.Proc. 16(f). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses---including attorney's

fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.Proc. 16 (f)(2), *See also* 30(d)(2).

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court hold Ms. Wagner and her counsel in contempt of court, Fed.R.Civ.P. 37(b)(2)(a)(vii); compel defense counsel to produce the documents requested with Barbara Wagner's subpoena, award expenses incurred and to be incurred in reconvening Ms. Wagner's deposition for purposes of examination of the witness regarding the documents, including attorney's fees, pursuant to Fed.R.Civ.P. 26(c)(3); 37(a)(5) and 37(b)(2)(c), and impose any other sanctions the Court deems appropriate under the circumstances.

Dated: October 7, 2016                                    Respectfully submitted,


/s/ Michael Coren
Harry M. Roth
Michael Coren
COHEN, PLACITELLA & ROTH, P.C.
Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
215-567-3500
*Attorneys for Plaintiffs Handy et al.*

/s/ Patricia J. Kasputys
Patricia J. Kasputys
Sharon L. Houston
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street
22nd Floor
Baltimore, MD  21201
410-649-2000
Pkasputys@lawpga.com
Shouston@lawpga.com

*Attorneys for Plaintiffs Armetta, Bowman, Davis, Dreisch, Farthing, Kashi, Torbeck, et al.*

## CERTIFICATE OF SERVICE

    I, Sharon L. Houston, hereby certify that a copy of the foregoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the defendants in the above-referenced individual cases, and will be sent to these parties by operation of the CM/ECF system.

Dated: October 7, 2016                 /s/ Sharon L. Houston
                                                 Sharon L. Houston