UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Suits Naming Specialty Surgery Center, Crossville, PLLC | MDL No. 2419<br>Doc. No 1:13-md-2419 (RWZ) |

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Defendants Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively "SSC Defendants"), Calisher and Associates, Inc., and the Plaintiffs' Steering Committee (the "PSC") jointly submit the attached modified scheduling order in accordance with the Court's order at Doc. 3119.

### 1. Introduction

On July 29, 2016, the Court entered a scheduling order in the SSC cases.[1] On August 5, 2016, the Court entered a protocol, proposed by the parties and Cumberland Medical Center ("CMC"), governing the review of documents subject to a subpoena issued by the PSC for materials on seven hard drives in the possession of CMC.[2] The review protocol permits CMC to review the documents for privilege, followed by a review of the documents by the SSC Defendants before production to the PSC. The issues

---

[1] Doc. 3016.
[2] Doc. 3030.

surrounding the subpoena and hard drives have been briefed extensively and will not be repeated here.

At the time the scheduling order and the review protocol were proposed by the parties and CMC and entered by the Court, the volume of documents subject to the subpoena and time needed to review and produce them were unknown. The search terms used to search the hard drives for responsive documents eventually returned more than 85,000 pages of documents for review and production.

On September 16, 2016, the PSC and SSC Defendants jointly moved for an extension of the common discovery deadlines due to the volume of documents to be reviewed, and submitted a proposed schedule.[3] Subsequently, on September 20, 2016, CMC moved to further extend the time permitted by the review protocol to complete its review of the documents from the hard drives.[4] The SSC Defendants submitted a response to CMC's motion noting that if CMC needed additional time to complete its review, the SSC Defendants would also likely need additional time to complete their review of the same documents once CMC finished.[5]

At the September 28, 2016 status conference, the parties informed the Court that if the Court granted CMC's motion, the proposed scheduling order submitted by the PSC and SSC Defendants would need to be modified. On September 29, 2016, the Court (1) granted the PSC and SSC Defendants' joint motion to modify the scheduling order, (2) granted CMC's motion to extend the time to complete its review, and (3) directed the parties to submit a revised scheduling order by October 7, 2016.[6]

---

[3] Doc. 3096.
[4] Doc. 3097.
[5] Doc. 3106.
[6] Docs. 3118, 3119.

The parties and CMC met and conferred and agreed on a proposed schedule. The PSC and SSC Defendants jointly submit the proposed schedule attached hereto as Exhibit 1 and respectfully request the Court enter it. In short, the significant volume of documents to be reviewed by three different entities (CMC, the SSC Defendants, and the PSC) requires the deadlines set by the Court in July 2016 to be extended by about 60 days. Specific changes to the schedule are explained in more detail below.

## 2.  **Common Discovery Deadlines**

The grant of CMC's motion extended CMC's time to complete its review of the documents from the hard drives to October 10, 2016. Due to a trial this week, counsel for CMC requested an additional short extension to October 13, 2016, to complete its review and production of the materials. The PSC and SSC Defendants do not object to this extension, as reflected in the proposed order.

The review protocol requires the SSC Defendants to complete their review of the materials within 14 days of CMC's production. This would make the SSC Defendants' deadline to complete its review October 27, 2016. However, given that CMC's review and production of the materials will take more than 50 days, the SSC Defendants anticipate completing their review will require more than 14 days. The SSC Defendants believe extending their time for review by 15 days should be sufficient time, which would make their deadline November 11, 2016. The PSC does not object to this extension.

Once the SSC Defendants produce the documents to the PSC, the PSC will need adequate time to review the documents and depose four of the SSC Defendants' witnesses. The parties respectfully request four weeks (one of which is the week of

Thanksgiving) to complete this significant amount of work. This would make the common fact discovery deadline December 9, 2016.

The Court's July scheduling order required the PSC to disclose experts 21 days after completion of common fact discovery, with the Defendants' disclosures due 21 days later. Unfortunately, the extension of the common fact discovery deadline puts the expert disclosure deadlines over the winter holidays. While the PSC and SSC Defendants are willing to work through the holidays to complete disclosures if necessary, convincing experts to do so is more challenging. To alleviate this issue, the parties request an extension of the disclosure deadlines to 28 days. Under the parties' proposed schedule, the PSC's disclosures are due January 6, 2017, and the SSC Defendants' disclosures are due February 3, 2017.

The Court's July scheduling order allowed 60 days to complete common expert depositions. The proposed scheduling order leaves this time period unchanged, with common expert depositions to be completed by March 31, 2017.

### 3.  Case-Specific Discovery Deadlines

Under the July scheduling order, case-specific expert depositions began <u>after</u> the conclusion of common expert depositions and ran for about 45 days ending February 24, 2017. If the Court modifies the common discovery deadlines as requested above, the time for case-specific and common expert depositions would overlap significantly. Scheduling and completing both common and case-specific expert depositions simultaneously in such a short amount of time will almost certainly be unworkable.[7] The parties, however,

---

[7] By comparison, completing common expert depositions alone took more than 80 days in the STOPNC cases, with no overlap with case-specific expert depositions. There is likewise no overlap in the Box Hill cases.

are mindful of (and share) the Court's desire to move these cases forward expeditiously. Thus, they propose keeping the 45-day timeframe for completing case-specific expert depositions, with the time period expiring April 28, 2017. This gives the parties 30 days to depose case-specific experts after the completion of common expert depositions (*i.e.*, 30 days with no overlap with common expert depositions).

Finally, the parties respectfully ask the Court to extend the deadlines for case-specific expert disclosures and completing the Plaintiffs' depositions by about the same amount of time as the case-specific expert deposition deadline (60 days). This will not affect the overall completion date of discovery (April 28), but it will allow the parties to focus their efforts on completing common fact discovery before shifting gears to case-specific fact and expert discovery. The parties suggest January 20, 2017 as the deadline for completing the Plaintiffs' depositions;[8] February 17, 2017 for the Plaintiffs' case-specific expert disclosures; and March 17, 2017 for the Defendants' case-specific expert disclosures.[9]

### 4.  Relief Requested

The parties respectfully request that the Court enter the proposed scheduling order attached as Exhibit 1.

---

[8] Extending this deadline will also allow the Defendants some additional time to gather medical records for the bellwether Plaintiffs. The Defendants sent out records requests as soon as the bellwether cases for discovery were identified, but nonparty health care providers can often be slow to respond.

[9] This does slightly enlarge the time for expert disclosures from the July scheduling order. But, the parties believe it necessary due to the overlap with common expert discovery occurring at the same time, and it has no effect on the completion date for discovery.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
(615) 254-0400 (Phone
(615) 254-0459 (Fax)
chris@gideoncooper.com

*Attorneys for the SSC Defendants*

/s/ Kent E. Krause
**PARKS T. CHASTAIN****
**KENT E. KRAUSE****
**ASHLEY E. GENO****
Attorneys for Defendants, Specialty Surgery
Center, PLLC and Kenneth Lister, MD

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (Fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

*Admitted pursuant to MDL Order No. 1
**Admitted pro hac vice

/s/ Benjamin A. Gastel
**J. Gerard Stranch, IV**
**Benjamin A. Gastel**
BRANSTETTER, STRANCH & JENNINGS
PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@bsjfirm.com
beng@bsjfirm.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

/s/ John W. Moran
**John W. Moran BBO# 664914**
LeClairRyan, *A Professional Corporation*
One International Place, 11th Floor
Boston, MA 02110
Phone: (617) 502-8200
Fax: (617) 502-8262
john.moran@leclairryan.com

*Calisher and Associates, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be served via electronic mail or regular U.S. mail to those participants identified as unregistered this the 7th day of October, 2016.

/s/ Chris J. Tardio
**CHRIS J. TARDIO**