UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 02419<br>Docket No. 1:13-md-2419-RWZ |
| This document relates to: | |
| Handy v. Box Hill Surgery Center, LLC, et al.<br>No: 1:14-cv-14019-RWZ | |
| Armetta v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14022-RWZ | |
| Torbeck v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14023-RWZ | |
| Kashi v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14026-RWZ | |
| Bowman v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14028-RWZ | |
| Dreisch v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14029-RWZ | |
| Davis v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14033-RWZ | |
| Farthing v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14036-RWZ | |

## BOX HILL DEFENDANTS' RESPONSE TO PLAINTIFFS' OCTOBER 7, 2016 MOTION TO COMPEL NON-PARTY BARBARA WAGNER TO COMPLY WITH PROPERLY-SERVED SUBPOENA BY PRODUCING DOCUMENTS AND FOR SANCTIONS

Defendants, Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC, ("Box Hill Defendants") by and through their undersigned counsel, hereby respond to Plaintiffs' October 7, 2016 Motion to Compel Non-Party Barbara Wagner to Comply With Properly-Served Subpoena by Producing Document and for Sanctions ("Motion")

[Dkt. 3123] and also seek to clarify misstatements in Plaintiffs' Motion. In support of this Response, the Box Hill Defendants state as follows:

1. On August 30, 2016, Plaintiffs deposed Barbara Wagner ("Ms. Wagner") as part of common issue fact discovery in the above captioned matters. Ms. Wagner is a non-party witness who was employed as a surgical technician by non-party, Harford County Ambulatory Surgical Center, LLC ("HCASC"). At no time was Ms. Wagner employed by the Box Hill Defendants, nor was she represented by undersigned counsel.

2. In their Motion, Plaintiffs broadly ask the Court to compel Barbara Wagner and <u>defense counsel for Box Hill</u> to provide documents in their possession relating to communication with the Box Hill Defendants. Unfortunately, Plaintiffs' Motion fails to make several important distinctions and misstates the involvement of the Box Hill Defendants and undersigned counsel.

3. First and foremost, Plaintiffs Motion improperly argues that the "Box Hill Defendants have not produced the documents Plaintiffs have sought and this Court has ordered Ms. Wagner to produce." (*See* Dkt. 3123, pg. 8, ¶ 2). Here, Plaintiffs mistakenly state, whether inadvertently or intentionally, that the Box Hill Defendants have not produced documents pursuant to a Court order. The Box Hill Defendants were not the subject of the subpoena at issue and do not control the actions of non-party Harford County Ambulatory Surgery Center or Ms. Wagner. The parties are not interchangeable; they are separate and distinct. Plaintiffs may be confusing these MDL cases with the other state court cases, which they refused to make part of this MDL. The state court cases also involve the Box Hill Defendants <u>and</u> HCASC, which is again why it makes no sense to have these 8 Box Hill cases separated in the MDL. Additionally, the Box Hill Defendants have complied with all Court orders and produced more than 1,500 documents in response to separate discovery.

4. Plaintiffs' Motion continues to improperly group and broadly classify the parties by stating "[d]efense counsel has demonstrated egregious, bad-faith behavior by violating the Court's Order." (*See* Dkt. 3123, pg. 8, ¶ 3). As noted above, defense counsel for the Box Hill Defendants and Ms. Wagner are not one and the same. The Box Hill Defendants are not, and never have been, subject to an Order by this Court regarding Ms. Wagner.

5. As support for their Motion, Plaintiffs cite Rule 37(b)(2)(A)(ii)-(vii), which applies to a <u>party</u> or its attorney. (*emphasis added*). Once again, Plaintiffs are confusing Ms. Wagner for a party to this lawsuit. The rule cited in support of their Motion only concerns parties and the attorneys for those parties. Ms. Wagner is not a party to this lawsuit and therefore, Rule 37(b)(2)(A)(ii)-(vii) should not apply.

6. In their Conclusion, Plaintiffs continue to paint the parties, non-party Ms. Wagner, and defense counsel with a broad brush. Instead of specifically addressing the actual individual that Plaintiffs wish to compel, Plaintiffs seek to "compel defense counsel to produce the documents requested…" (*See* Dkt. 3123, pg. 9, ¶ 1). It must be clear that the Box Hill Defendants and undersigned counsel have complied with all Court Orders and should not be the ones Plaintiffs are seeking to compel or for sanctions.

7. Moreover, it is notable that Ms. Wagner's deposition occurred on August 30, 2016, the same day as the Close of Common Issue Fact Discovery pursuant to the Court's August 11, 2016 Amended Order Setting Discovery Deadlines. [Dkt. 3042]. Based on Plaintiffs' Motion, it is clear that they discovered the alleged concerns on August 30, 2016. However, rather than promptly raising the alleged issues to the Court, Plaintiffs ignored the discovery deadline and waited more than a month after common issue fact discovery closed to question this issue and file their Motion. Plaintiffs significantly delayed presentation of this alleged issue also comes after extensive expert

designations and reports were filed by Plaintiffs and there was no mention of these allegedly missing documents. Such an extensive delay should not be permitted.

8. In addition, the information Plaintiffs seek from Ms. Wagner allegedly relates to communication with the Box Hill Defendants. Although Plaintiffs ignored the common issue fact discovery deadline, if the Court is inclined to grant their request and any responsive documents are attributable to Ms. Wagner, the Box Hill Defendants should be allowed to review the alleged documents prior to production to determine if they contain privileged information.

WHEREFORE, the Box Hill Defendants respectfully request that the Court take notice of the misstatements and improper generalizations made in Plaintiffs' Motion directed at the Box Hill Defendants and their defense counsel. In addition, should the Court find merit in Plaintiffs' Motion against non-party Barbara Wagner, the Box Hill Defendants should be given a reasonable amount of time to inspect the documents prior to production to determine if they contain privileged or confidential information that needs to be addressed.

Dated: October 19, 2016           Respectfully submitted,

/s/ Gregory K. Kirby
Catherine W. Steiner
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C.,
Ritu T. Bhambhani, M.D., and Ritu T.
Bhambhani, M.D., L.L.C.***

4

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that a copy of the foregoing Response, filed through the CM/ECF system, will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the individual cases, and will be sent to these parties by operation of the CM/ECF system.

Dated: October 19, 2016

/s/ Gregory K. Kirby  
Gregory K. Kirby  
Pessin Katz Law, P.A.  
901 Dulaney Valley Road, Suite 500  
Towson, Maryland 21204  
(410) 938-8800  
*Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.*

5

*1750388_2*