UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PSC'S MOTION TO AMEND QUALIFIED PROTECTIVE ORDER
CONCERNING PRODUCTION OF CERTAIN INFORMATION
MAINTAINED BY THIRD PARTY PAYORS AND MEDICAID AGENCIES**

The Plaintiffs' Steering Committee ("PSC") respectfully moves this Court for entry of a an Amended Qualified Protective Order Concerning the Production of Certain Information Maintained by Third Party Payors, as set forth in the proposed order attached hereto as Exhibit A, and an Amended Qualified Protective Order Concerning Production of Certain Information Maintained By Medicaid Agencies, as set forth in the proposed order attached hereto as Exhibit B.

**I.     The Third-Party Payor Qualified Protective Order Needs Minor Amendments
To Facilitate Administration of Additional Settlements**

On March 3, 2016, the Court entered a Qualified Protective Order Concerning Production of Certain Information Maintained by Third Party Payors (Dkt. No. 2714, the "TPP QPO"). The purpose of the TPP QPO was to facilitate the claims resolution process stemming from the NECC Bankruptcy Plan. At the time the Court entered the TPP QPO, no other settlements had been reached and the TPP QPO is limited strictly to facilitating the claims resolution stemming from the NECC Bankruptcy Plan.

Following the entry of the TPP QPO, Lead Counsel and the Tort Trustee were able to collect significant amounts of data concerning liens asserted against monies owed to claimants

under the NECC Bankruptcy Plan.  Under the current TPP QPO, that information is limited in two significant ways: 1) it can be used **_only_** to facilitate payments **_only_** from the NECC Bankruptcy Plan; and 2) it can be accessed only by Lead Counsel and the Tort Trustee.

However, since the entering of the TPP QPO additional clinic settlements have been reached with the Saint Thomas related defendants.  Facilitating potential payments from these additional clinic settlements will be done by individuals and/or entities other than Lead Counsel and the Tort Trustee.  Therefore, under the current TPP QPO, those responsible for facilitating potential payments from these additional clinic settlements cannot access the lien information currently available to the Tort Trustee and Lead Counsel.

As a result, the PSC respectfully requests that the Court enter an amended qualified protective order which will allow those involved in facilitating payments from these additional clinic settlements to have access to the previously collected lien information.

A proposed amended qualified protective order is attached as Exhibit A.  For the Court's convenience, a redline version of this amended qualified protective order is also attached showing the minor changes from the current TPP QPO.

### II.     The Medicaid Qualified Protective Order Needs Minor Amendments To Facilitate Administration of Additional Settlements

On August 9, 2016, the Court entered a Qualified Protective Order for the Production of Certain Information Maintained by Medicaid Agencies (Dkt. No. 3034, the "Medicaid QPO").  The Medicaid QPO served a similar purpose as the TPP QPO in that it was meant to facilitate the claims resolution process stemming from the NECC Bankruptcy Plan.  Like the TPP QPO, following the entry of the Medicaid QPO, Lead Counsel and the Tort Trustee were able to collect significant amounts of data concerning liens asserted against monies owed to claimants under the

NECC Bankruptcy Plan.  Under the current Medicaid QPO, that information is also limited to use in facilitating payments only from the NECC Bankruptcy Plan.

Like the information gather as part of the TPP QPO, this information could also be utilized in facilitating payments from the aforementioned additional clinic settlements. Accordingly, the PSC seeks additional modifications of the Medicaid QPO to allow access to the previously collected lien information for the purpose of aiding in the resolution of the claims process stemming from these additional clinic settlements.

A proposed amended qualified protective order is attached as Exhibit B.  For the Court's convenience, a redline version of this amended qualified protective order is also attached showing the minor changes from the current Medicaid QPO.

Dated: October 19, 2016	Respectfully submitted,

**/s/ Benjamin A. Gastel**

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH &
JENNINGS PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN  37201
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@bsjfirm.com

Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: October 19, 2016                             **/s/ Benjamin A. Gastel**
                                                                     Benjamin A. Gastel