UNITED STATES DISTRICT COURT
FOR THE DISTRICT MASSACHUSETTS

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION** | MDL No. 2419<br><br>Docket No.: 1:13-md-02419-RWZ |
| **THIS DOCUMENT RELATES TO:**<br><br>**Armetta, et al. v. Box Hill Surgery Center, LLC, et al.**<br>No. 1:14-cv-14022-RWZ<br><br>**Bowman, et al. v. Box Hill Surgery Center, LLC, et al.**<br>No. 1:14-cv-14028-RWZ<br><br>**Davis, et al. v. Box Hill Surgery Center, LLC, et al.**<br>No. 1:14-cv-14033-RWZ<br><br>**Dreisch, et al. v. Box Hill Surgery Center, LLC, et al.**<br>No. 1:14-cv-14029-RWZ<br><br>**Farthing, et al. v. Box Hill Surgery Center, LLC, et al.**<br>No. 1:14-cv-14036-RWZ<br><br>**Kashi, et al. v. Box Hill Surgery Center, LLC, et al.**<br>No. 1:14-cv-14026-RWZ<br><br>**Torbeck, et al. v. Box Hill Surgery Center, LLC, et al.**<br>No. 1:14-cv-14023-RWZ<br><br>**Handy, et al. v. Box Hill Surgery Center, LLC, et al.**<br>No. 1:14-cv-14019-RWZ | |

# NON-PARTY BARBARA WAGNER'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DOCUMENTS AND FOR SANCTIONS

Non-party witness Barbara Wagner, by and through her attorneys, R. Scott Krause, Ashley L. Marucci, and Eccleston and Wolf, P.C., files this Opposition to Plaintiffs' Motion to Compel her to produce documents requested in Plaintiffs' Subpoena and Amended Notice of Deposition *Duces Tecum* and for sanctions in the above-referenced cases.

## I.     INTRODUCTION

The circumstances of Plaintiffs' Motion to Compel and for Sanctions arise out of a Subpoena and Amended Notice of Deposition *Duces Tecum* directed by the Plaintiffs to Barbara Wagner, in her individual capacity, only. (*See* Docket No. 2927, attached hereto as Exhibit A). Ms. Wagner is employed as a surgical tech with Harford County Ambulatory Surgical Center, LLC ("HCASC"). Ms. Wagner is not an owner, officer, director or even a management level employee of HCASC. This context is important when analyzing Plaintiffs' attempt to compel a non-party fact witness to produce corporate documents that are not within her possession, custody or control, which is the extent of what is required under FRCP 45.

As discussed in more detail herein, Plaintiffs did not issue a Rule 30(b)(6) deposition notice to HCASC, Ms. Wagner was not deposed as a Custodian of Records or in a representative capacity of HCASC, and Plaintiffs did not serve a Subpoena *Duces Tecum* to HCASC to obtain records, despite having the ability to do so. Despite electing not to take available procedural steps to obtain records from HCASC, Plaintiffs now seek an Order requiring Ms. Wagner, in her individual capacity, to produce records of HCASC that are not in her personal possession, custody or control. The Subpoena under which Ms. Wagner was deposed did not compel

production of the HCASC records, and Plaintiffs' attempt to seek an Order to compel production of HCASC records by Ms. Wagner is without merit.

By way of background, Plaintiffs' counsel contacted undersigned counsel (who represent HCASC in separate steroid injection cases in Maryland state court) and requested that two current HCASC employees, Barbara Wagner, CST (Certified Surgical Technologist) and Kim Brockmeyer, RN be produced for depositions as potential fact witnesses given their knowledge, generally speaking, of Box Hill's MPA ordering practices with NECC. Undersigned counsel agreed to cooperate and assist in scheduling the fact witness depositions, and, thereafter, undersigned counsel were retained to represent Ms. Wagner and Ms. Brockmeyer in connection with their individual depositions.

After Plaintiffs issued a Subpoena and Amended Notice of Deposition *Duces Tecum* to Ms. Wagner, undersigned counsel filed a Motion for Protective Order (*see* Docket No. 2953) and an Emergency Motion to Stay the deposition (*see* Docket No. 2954) until a ruling was issued on the Motion for Protective Order.[1] The Motion for Protective Order was filed to address concerns regarding the broad scope of areas of testimony and documents identified in the Amended Notice of Deposition.[2] More specifically, the Motion for Protective Order addressed concerns that the scope of the information sought in the Wagner deposition was not properly limited to the above-captioned *Box Hill Surgery Center* cases, and that counsel representing the Plaintiffs were attempting to utilize the Wagner deposition as a means of obtaining discovery for use in Maryland state court cases against HCASC. Ms. Wagner argued that, under the circumstances,

---

[1] Plaintiffs' counsel did not issue a Subpoena and Amended Notice of Deposition *Duces Tecum* to Ms. Brockmeyer until after Ms. Wagner's Motion for Protective Order was resolved. Accordingly, although the arguments in the Motion for Protective Order applied to both fact witnesses, the Motion was filed only on behalf of Ms. Wagner.

[2] At the time, undersigned counsel expected a separate 30(b)(6) deposition of HCASC or subpoena *duces tecum* may be issued to HCASC for the same broad time period and wanted to take steps to address the issue at the first opportunity.

3

the broad requests for testimony and documents on certain topics relating to HCASC were prejudicial in connection with the unrelated, pending state court claims. This Court ultimately issued an Order limiting the timeframe of certain topics in the Amended Notice of Deposition *Duces Tecum* to Ms. Wagner (*see* Docket No. 2991). As discussed below, Ms. Wagner did not address in her Motion for Protective Order whether she personally possessed documents responsive to the Subpoena. She had no legal obligation to do so and, at the time, undersigned counsel was not yet aware whether Ms. Wagner possessed any responsive documents. Thus, the Court's Order did not address or compel Ms. Wagner to produce HCASC documents not in her possession, custody or control, and Ms. Wagner did not waive her right to refuse to produce corporate documents that are the property of HCASC, her employer.

Ultimately, Ms. Brockmeyer's deposition was scheduled for August 19, 2016 and Ms. Wagner's deposition was scheduled for August 30, 2016. Similar to Ms. Wagner, the Subpoena and Amended Notice of Deposition *Duces Tecum* to Ms. Brockmeyer was issued solely in her individual capacity (*see* Docket No. 3008). Prior to Ms. Brockmeyer's deposition, by email on August 16, 2016, undersigned counsel notified Plaintiffs' counsel that Ms. Brockmeyer did not personally possess any responsive documents and, accordingly, would not be producing any documents at her deposition (*see* Exhibit B, Email correspondence between counsel on August 16, 2016). Undersigned counsel also explained,

> To the extent any responsive documents may exist, presumably they are in the possession of HCASC and/or Box Hill Surgery Center. Inasmuch as Ms. Brockmeyer is being deposed as a fact witness, and not a corporate designee, her personal knowledge and document production are limited. (*See id.*).

Plaintiffs' counsel acknowledged receipt of the email (*see id.*) and confirmed during Ms. Brockmeyer's deposition on August 19, 2016 that she did not personally possess any responsive documents. (*See* Exhibit C, Brockmeyer Deposition Transcript, 8:22 - 9:5). Plaintiffs did not,

4

at any time, before or during Ms. Brockmeyer's deposition object to or question undersigned counsel's notification that Ms. Brockmeyer did not personally possess responsive documents and, therefore, she had no documents to produce. This came as no surprise given that the Subpoena was issued to Ms. Brockmeyer solely in her individual capacity.

Likewise, in advance of Ms. Wagner's deposition, by email on August 25, 2016, undersigned counsel notified Plaintiffs' counsel that Ms. Wagner did not personally possess any documents responsive to the list of items in the Amended Notice of Deposition *Duces Tecum*. (*See* Exhibit D, Email correspondence between counsel on August 25, 2016). Plaintiffs' counsel again acknowledged receipt of the email. Plaintiffs' counsel asserted no objection or concern, and made no attempt to discuss the issue prior to Ms. Wagner's deposition. (*See id*.). During the deposition, Ms. Wagner testified regarding the full scope of her personal knowledge of the issues listed in the Amended Notice of Deposition *Duces Tecum*, including her duties and responsibilities as a Certified Surgical Technologist, HCASC's process for ordering from NECC and HCASC's relationship with Box Hill Surgery Center. Undersigned counsel did not raise any objections to Ms. Wagner offering testimony about her personal knowledge of those issues, given that Ms. Wagner was deposed in her individual capacity. However, undersigned counsel did note on the record during Ms. Wagner's deposition that she was not being deposed as a corporate representative and did not personally possess responsive documents, of which Plaintiffs' counsel had already been notified several days prior to the deposition. (*See* Exhibit E, Wagner Deposition Transcript, 11:2-12).

In response to questions from Plaintiffs' counsel, Ms. Wagner testified that she had previously gathered documents to produce to her Nurse Administrator at HCASC in response to a Subpoena and Notice of Deposition *Duces Tecum* directed to HCASC. (*See* Exhibit E, 10:1-

5

23, 15:11-15). Ms. Wagner was not questioned regarding the timing and circumstances of that process. By way of further explanation, that process related to a Records Subpoena served on HCASC on or about July 12, 2013 by members of the PSC near the outset of the MDL. Documents were produced to the PSC on behalf of HCASC in response to that Subpoena, some of which were referenced and marked as Exhibits during Ms. Wagner's fact witness deposition on August 30, 2016. Ms. Wagner also testified that, more recently, she gathered HCASC corporate documents relating to HCASC's relationship with Box Hill to produce to her Nurse Administrator. (*See id.*). Pursuant to Ms. Wagner's testimony, although those documents were in the office and she had access to them as an employee of HCASC, they were not her documents. (*See id.* at 11:14-12:6). Rather, they were corporate documents that were turned in to management personnel.

More than five weeks after Ms. Wagner's fact witness deposition, Plaintiffs filed a Motion to Compel Documents and for Sanctions, requesting that this Court order Ms. Wagner to produce the corporate documents identified and discussed during her deposition. For the reasons discussed herein, Plaintiffs' Motion should be denied in its entirety.

## II.   PLAINTIFFS HAVE NOT COMPLIED WITH THE FEDERAL RULES AND ARE NOT ENTITLED TO THE REQUESTED RELIEF

As a threshold matter, Plaintiffs have not filed their Motion to Compel and for Sanctions in the correct forum. In their Motion, Plaintiffs rely upon FRCP 16 and FRCP 37 in support of their request to compel Ms. Wagner to produce corporate documents and for sanctions against Ms. Wagner and her counsel. However, FRCP 16(f) governs a <u>party's</u> failure to appear for a Court conference, failure to participate in good faith in a Court conference and/or failure to obey a scheduling or other pre-trial Order. Given that Ms. Wagner is not a party to these cases, FRCP 16 is inapplicable. Furthermore, FRCP 37(a)(2) states that "a motion for an order to a nonparty

6

must be made in the court where the discovery is or will be taken." Given that Plaintiffs' Subpoena to Ms. Wagner requested production of documents and testimony in Maryland, where Ms. Wagner lives and works, Plaintiffs' Motion to Compel and for Sanctions was not properly filed in this Court and should be denied for that reason.

Additionally, FRCP 37(a)(1) requires that a motion for an order to compel include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Despite this requirement, Plaintiffs did not include the required certification with their Motion to Compel and for Sanctions. Moreover, although the FRCP 37 requires counsel to meet and confer in good faith before filing a discovery motion, Plaintiffs' counsel failed to make any such efforts either: (1) after receiving notice from undersigned counsel in advance of the depositions of both Ms. Brockmeyer and Ms. Wagner that the witnesses do not personally possess responsive documents or (2) in the more than five-week period between the conclusion of Ms. Wagner's deposition and the filing of Plaintiffs' Motion to Compel and for Sanctions.

Under the circumstances, Plaintiffs' Motion should be denied for failing to comply with the unambiguous requirements of FRCP 37.

### III.   MS. WAGNER DOES NOT HAVE POSSESSION, CUSTODY OR CONTROL OVER THE REQUESTED DOCUMENTS

As discussed above, Ms. Wagner was deposed in her individual capacity, not as a corporate representative, despite the fact that Plaintiffs had the option to request a corporate designee deposition or to otherwise seek documents from HCASC or a Custodian of Records. To the extent Plaintiffs' counsel disputed undersigned counsel's interpretation of Ms. Wagner's fact witness deposition in her individual capacity, they made no attempt to communicate a conflicting position prior to her deposition. (*See* Exhibits B, D). As explained to Plaintiffs'

counsel, Ms. Wagner does not have possession, custody or control of the requested corporate documents. Accordingly, she does not have legal authority to obtain and produce documents that may be responsive to Plaintiffs' request. Undersigned counsel advised Plaintiffs' counsel many weeks ago that responsive documents may be in the possession, custody or control of HCASC. Plaintiffs' failure to properly request those corporate documents from HCASC does not permit them to compel production by a low-level, non-party employee and to seek sanctions.

FRCP 45(a)(1) allows a party to serve a Subpoena on a non-party to request production of documents in his or her "possession, custody or control." Federal Courts have held that documents are deemed to be within the possession, custody or control of an individual if he or she has "actual possession, custody or control of the materials or has the legal right to obtain the documents on demand." *See American Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D. Kan. 2001). The party seeking production of the documents bears the burden of proving that the subpoenaed individual has possession, custody or control. *See U.S. v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Importantly, as recognized by the Court in *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 821 (5th Cir. 2004), mere "access" is not tantamount to possession, custody or control. Conspicuously absent from Plaintiffs' Motion to Compel is any law purporting to entitle them to corporate documents from a low-level employee of a non-party subpoenaed for deposition in her individual capacity.

The case of *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451 (E.D. N.C. 2005) is instructive under the circumstances at issue. In *Schaaf*, Plaintiff issued a Records Subpoena to Karen Cutler, a human resources employee of Defendant GSK. *See id.* at 452. In determining whether Ms. Cutler was required to produce corporate documents of GSK in response to the Subpoena, the Court held that the Subpoena should be quashed for being facially overbroad and

unduly burdensome. *See id*. at 455. Alternatively, the Court held that the Subpoena should be quashed because the proper mechanism for Plaintiff to obtain corporate GSK documents was through a discovery request to GSK. *See id*. As stated by the Court, "[b]y definition, the documents that plaintiff seeks via third-party subpoena to Cutler are GSK documents, even if located in Cutler's GSK office or her home." *Id.* (citing *In re Grand Jury Subpoenas Duces Tecum Dated June 13, 1983 and June 22, 1983*, 722 F.2d 981, 984 (2d Cir. 1983) ("[A corporation's] records are usually available to others within the entity and may not be treated as the private confidential papers of any one officer or employee. The officer creates or handles the records in a representative capacity, not on his own behalf. The records, moreover, do not belong to him but to the organization.")).

In *American Maplan Corp. v. Heilmayr*, 203 F.R.D. 499 (2001), the United States District Court in Kansas reached a similar conclusion. In that case, Plaintiff served a document request on Defendant, the president of VET, a non-party corporation. *See id*. at 501. The discovery requested that Defendant produce various corporate documents of VET. *See id.* After discussing the parameters of FRCP 34, which is similar in scope to FRCP 45, the Court stated, "As it is undisputed that defendant does not have actual possession of the VET documents, he can be required to produce only those documents that he has 'legal right' to obtain on demand." *See id*. at 501-02. The Court noted that Plaintiff's attempt to obtain corporate documents from Defendant disregarded VET's corporate form and existence as a distinct legal entity. *See id*. at 502. In conjunction with its determination that Plaintiff could not compel the production of corporate documents from the individually named Defendant, it reasoned that the proper vehicle to obtain documents from a non-party corporation is through a FRCP 45 Subpoena. *See id.* The Eleventh Circuit Court of Appeals in *Searock v. Stripling*, 736 F.2d 650, 653-54 (1984) espoused

9

a similar view that, if the Plaintiff in that case believed certain documents were essential to its defense of a Counterclaim, it had the ability to secure the crucial records through a Subpoena to the Custodian of Records of the company at issue.

Here, it is clear that Plaintiffs failed to take advantage of the mechanisms available to them to obtain corporate documents from HCASC, which undersigned counsel suggested may result in the production of responsive documents sought by Plaintiffs. The suggestion in Plaintiffs' Motion to Compel that Ms. Wagner was subpoenaed to produce documents in her control as "materials manager"[3] for HCASC is disingenuous, at best. (*See* Motion to Compel at p. 7). Ms. Wagner was subpoenaed to testify as a fact witness in her individual capacity. There is no reference on the face of the Subpoena to her employment with HCASC, or any other suggestion that the Subpoena was directed to Ms. Wagner in the capacity of a corporate representative or Custodian of Records. The Court in *Alexander v. FBI*, 186 F.R.D. 21, 41 (D.D.C. 1998), analyzed an analogous situation and concluded, "In cases where subpoenas fail to make the necessary distinction between production of documents held in a personal capacity or in the capacity of a custodian of documents, courts have construed the subpoena against the drafter."

Under the circumstances, Ms. Wagner, as a Certified Surgical Technologist (CST), does not have possession, custody or control of any potentially responsive documents. As stated during her deposition, Ms. Wagner's responsibilities as a CST for HCASC include anticipating the surgeon's needs during a procedure, following aseptic technique, setting the table in advance of a procedure and ensuring that the necessary supplies are present and the equipment is in good working order. (*See* Exhibit E at 25:11 - 26:9). Ms. Wagner does not have any control over the

---

[3] This is a title Ms. Wagner utilized in her role of ordering materials at the direction of physicians at HCASC.

operations of HCASC, nor does she have the legal authority to demand production of any documents by or on behalf of HCASC.

Notably, as Ms. Wagner testified, she did not produce any documents to counsel or to anyone outside of HCASC. Rather, she gathered and provided documents to her Nurse Administrator. (*See* Exhibit E at 10:1-23, 15:11-15). That Ms. Wagner was able to perform the ministerial task of locating certain HCASC documents at the request of her Nurse Administrator that were turned over to HCASC counsel does not convert the corporate records into documents Ms. Wagner has the legal right or obligation to produce in response to a Subpoena served upon her in her individual capacity. Along those lines, the mere fact that undersigned counsel possesses corporate documents, <u>by virtue of their representation of HCASC</u> in separate state court claims, does not equate with a finding that Ms. Wagner "possesses" documents in her individual capacity that are subject to production pursuant to Plaintiffs' Subpoena. To further elucidate this point, had Ms. Wagner been represented by separate counsel in her fact witness deposition, those attorneys would not be privy to corporate documents maintained by HCASC. The commonality of counsel does not impact the legal reach of the Subpoena Plaintiffs issued.

Given her position as a surgical tech with HCASC, Ms. Wagner has no right or authority to demand that HCASC release documents to her for production to Plaintiffs in these cases. Therefore, to grant Plaintiffs' Motion to Compel would place Ms. Wagner in an untenable position. However, as stressed by the Courts in *Heilmayr* and *Searock*, discussed above, if Plaintiffs believe the requested documents are crucial to their case, which they argue in their Motion to Compel (*see* Motion to Compel at p. 8), they have the ability to separately and properly seek corporate documents in HCASC's possession, custody or control. Plaintiffs' assertion that they have "no other means to obtain the documents possessed by Ms. Wagner" is

simply false.  (*See* Motion to Compel at p. 8).  In fact, in the context of this MDL, the PSC already sought documents via Subpoena to HCASC several years ago.  During her fact witness deposition, documents previously produced by HCASC in response to the PSC's Subpoena were shown to Ms. Wagner, marked as Exhibits and used as a basis for asking her questions about her knowledge of certain policies, procedures and events.  Clearly, the procedural tool of requesting corporate documents from HCASC is still available to Plaintiffs today.

In their Motion to Compel, Plaintiffs attempt to conflate the issues of Ms. Wagner's objections to the scope of the Subpoena raised in her Motion for Protective Order and her assertion on the record during her deposition that she does not personally possess any documents responsive to the Subpoena.  (*See* Motion to Compel at pp. 7-8).  As noted above, Ms. Wagner's Motion for Protective Order challenged the broad and prejudicial scope of documents and information requested in Plaintiffs' Subpoena.  Ms. Wagner did not, as Plaintiffs suggest, represent in her Motion for Protective Order that she personally possessed responsive documents, nor was that issue considered or ruled upon by this Court.  Furthermore, this Court's Order permitting Plaintiffs to proceed with their deposition of Ms. Wagner, albeit with a more limited scope, did not expand the parameters of FRCP 45, which requires only that Ms. Wagner produce documents in her possession, custody or control.  In good faith, undersigned counsel advised Plaintiffs' counsel several days in advance of both Ms. Brockmeyer's deposition and Ms. Wagner's deposition that they did not individually possess responsive documents.  As noted above, Plaintiffs' counsel made no effort to dispute, clarify or otherwise discuss any potentially conflicting perspective with regard to the Subpoenas issued to Ms. Brockmeyer and Ms. Wagner in their individual capacities, rather than as corporate representatives.  Notwithstanding the fact that Ms. Wagner did not possess corporate documents to produce at her deposition, she testified

12

regarding the full extent of her personal knowledge in response to a variety of questions posed by Plaintiffs' counsel which related to the topics listed in the Amended Notice of Deposition *Duces Tecum*. Accordingly, Plaintiffs were afforded the benefit of all information available from Ms. Wagner as a non-party fact witness deposed in her individual capacity.

For the reasons stated herein, Plaintiffs' Motion to Compel Ms. Wagner to produce corporate HCASC documents that are not in her possession, custody or control should be denied.

## IV. PLAINTIFFS ARE NOT ENTITLED TO SANCTIONS

In their Motion to Compel and for Sanctions, Plaintiffs argue that Ms. Wagner and her counsel acted in bad faith and in defiance of this Court's Order when asserting that Ms. Wagner had no personal possession, custody or control of HCASC's corporate documents to produce at her fact witness deposition. (*See* Motion to Compel at p. 8). However, for the reasons stated above, Ms. Wagner's actions did not constitute a failure to obey an Order of this Court. Rather, as discussed herein, the resolution of Ms. Wagner's Motion for Protective Order addressed only the scope of legally discoverable documents and did not require Ms. Wagner to produce more than what is covered within the parameters of FRCP 45.

As noted in Section II, above, Plaintiffs rely upon FRCP 16 and FRCP 37 in support of their request for sanctions. However, FRCP 16(f) applies to parties and is, therefore, not applicable to Ms. Wagner. Additionally, FRCP 37(b)(2)(A), which is specifically referenced in Plaintiffs' Motion, also governs discovery failures relating only to parties; officers, directors or agents of parties; or witnesses designated under FRCP 30(b)(6) or FRCP 31(a)(4). Again, that Rule is inapplicable to Ms. Wagner, a nonparty subpoenaed in her individual capacity. Furthermore, FRCP 37(a)(5)(A) states, in relevant part, that "the court must not order this payment [of sanctions] if: (i) the movant filed the motion before attempting in good faith to

13

obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." As explained above, Plaintiffs' counsel failed to make any good faith effort to discuss the discovery dispute before filing their Motion and failed to include the required certification of their good faith efforts.

Beyond Plaintiffs' failure to comply with the clear requirements of FRCP 37, Plaintiffs' characterization of undersigned counsel's actions as "egregious, bad-faith behavior . . . violating the Court's Order" is belied by the recitation of events explained herein, including undersigned counsel's communications to Plaintiffs' counsel in advance of both depositions explaining their understanding of the scope of the Subpoenas and the limitations on documents possessed by the non-party fact witnesses. At most, counsel is involved in a *bona fide* dispute about documents that Plaintiffs are entitled to obtain from Ms. Wagner in her individual capacity. This type of dispute, based upon a substantially justified position, should not subject Ms. Wagner or her counsel to sanctions by this Court.

Furthermore, as stated in their Motion, Plaintiffs request sanctions in the form of an award of expenses and attorney's fees to reconvene Ms. Wagner's deposition to examine her regarding the requested documents. If, and to the extent, this Court orders that the requested documents be produced and Ms. Wagner appear to continue her deposition, such action will not involve any additional time, effort or expenses beyond what would have been incurred had the requested documents been produced in advance of Ms. Wagner's deposition. In other words, sanctions should not be awarded for reconvening a deposition that Plaintiffs always intended to conduct.

Moreover, as described above, undersigned counsel notified Plaintiffs' counsel via email on August 16, 2016, in advance of Ms. Brockmeyer's deposition, that she did not individually possess any responsive documents and that HCASC may be in possession of such documents. Given that explanation and Ms. Brockmeyer's subsequent deposition testimony, Plaintiffs' counsel surely would have anticipated that Ms. Wagner similarly did not individually possess corporate documents. That fact was confirmed by undersigned counsel via email to Plaintiffs' counsel on August 25, 2016, several days in advance of Ms. Wagner's deposition on August 30, 2016. Despite that course of events and the advance notification by undersigned counsel, Plaintiffs' counsel did not seek to postpone Ms. Wagner's deposition or otherwise discuss or resolve the issue of Ms. Wagner's lack of documents in her personal possession. Had Plaintiffs' counsel done so, there would be no need to reconvene Ms. Wagner's deposition. It is telling that Plaintiffs' counsel waited more than five weeks after the conclusion of Ms. Wagner's deposition, without moving to extend the deadline for common issue fact discovery, to file their Motion to Compel and for Sanctions, stating that they now have no mechanism by which to obtain the corporate documents they need. Plaintiffs simply failed to afford themselves of basic discovery mechanisms to obtain HCASC records and failed to engage in any good faith efforts to meet and confer to avoid the very discovery dispute at issue. Under the circumstances, should the Court disagree with Ms. Wagner's position and require production of the documents and continuation of the deposition, the circumstances do not warrant the imposition of sanctions against Ms. Wagner and/or her counsel.

Thus, Plaintiffs are not entitled to an award of sanctions against Ms. Wagner and her counsel, as requested in their Motion to Compel and for Sanctions.

## V. CONCLUSION

For the foregoing reasons, Ms. Wagner respectfully requests that this Court deny Plaintiffs' Motion to Compel Documents and for Sanctions in its entirety, and requests such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

  /s/ R. Scott Krause
R. Scott Krause (Fed. Bar # 23667)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076
krause@ewmd.com
410-752-7474 (telephone)
410-752-0611 (facsimile)

  /s/ Ashley L. Marucci
Ashley L. Marucci (Fed. Bar # 18642)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076
marucci@ewmd.com
410-752-7474 (telephone)
410-752-0611 (facsimile)

*Attorneys for Non-party Barbara Wagner*

## CERTIFICATE OF SERVICE

This will certify that true and accurate copies of the foregoing Non-Party Barbara Wagner's Opposition to Plaintiffs' Motion to Compel Documents and for Sanctions was served on all counsel of record by virtue of the Court's electronic filing system this 20th day of October, 2016.

  /s/ Ashley L. Marucci
Ashley L. Marucci