IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>Bequette v. Ameridose, et al.; No. 1:13-cv-12429; )<br>Bland v. Ameridose, et al.; No. 1:13-cv-11881; )<br>Deol v. Ameridose, et al.; No. 1:13-cv-12841; )<br>Garland v. Ameridose, et al.; No. 1:13-cv-12736; )<br>Hurt v. Ameridose, et al.; No. 1:13-cv-12605; )<br>Judd v. Ameridose, et al.; No. 1:13-cv-13120; )<br>Kirkwood v. Ameridose, et al.; No. 1:13-cv-12431; )<br>Martin v. Ameridose, et al.; No. 1:13-cv-12624; )<br>May v. Ameridose, et al.; No. 1:13-cv-12234; )<br>McElwee v. Ameridose, et al.; No. 1:13-cv-12625; )<br>Osborne v. Ameridose, et al.; No. 1:13-cv-12739; )<br>Parman v. Ameridose, et al.; No. 1:13-cv-12433; )<br>Pellicone v. Ameridose, et al.; No. 1:13-cv-12916; )<br>Reed v. Ameridose, et al.; No. 1:13-cv-12565; )<br>Richards v. Ameridose, et al.; No. 1:13-cv-12603; )<br>Wiley v. Ameridose, et al.; No. 1:13-cv-12305; )<br>Williams v. Ameridose, et al.; No. 1:13-cv-12434. )<br>)<br>and )<br>)<br>Adamson v. Ameridose, LLC et al.; 1:13-cv-12734; )<br>Brinton v. Ameridose, LLC; 1:13-cv-12612; )<br>Bumgarner et al v. Ameridose, LLC et al.; 1:13-cv-12679; )<br>Chambers et al v. Ameridose, LLC, et al; 1:13-cv-12591; )<br>Eggleston et al v. Ameridose, LLC; 1:13-cv-12589; )<br>Fuelling et al v. Ameridose, LLC; 1:13-cv-12741; )<br>Hill et al v. Ameridose, LLC et al.; 1:13-cv-12622; )<br>Johnson, et al v. Ameridose, LLC, et al.; 1:13-cv-12621; )<br>Kirby v. Ameridose, LLC et al.; 1:13-cv-12592; )<br>Knight v. Ameridose, LLC et al; 1:13-cv-12563; )<br>Koonce et al v. Ameridose, LLC; 1:13-cv-12590; )<br>Lemberg, et al. v. Ameridose, LLC, et al.; 1:13-cv-12617; )<br>Lodowski et al v. Ameridose, LLC et al.; 1:13-cv-12572; )<br>Lovelace v. Ameridose, LLC et al.; 1:13-cv-12772; )<br>Mathias v. Ameridose, LLC et al.; 1:13-cv-12574; ) | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |

| | |
|---|---|
| McCulloch et al v. Ameridose, LLC et al.; 1:13-cv-12610; | ) ) |
| McKee et al v. Ameridose, LLC et al.; 1:13-cv-12779; | ) ) |
| Meeker et al v. Ameridose, LLC; 1:13-cv-12616; | ) |
| Miller v. Ameridose, LLC et al; 1:13-cv-12570; | ) |
| Minor et al v. Ameridose, LLC et al.; 1:13-cv-12836; | ) |
| Noble et al v. Ameridose, LLC et al.; 1:13-cv-12606; | ) |
| Pelters et al v. Ameridose, LLC; 1:13-cv-12780; | ) |
| Pruitt et al v. Ameridose, LLC; 1:13-cv-12573; | ) |
| Ragland v. Ameridose, LLC et al.; 1:13-cv-12778; | ) |
| Redkevitch et al v. Ameridose, LLC et al.; 1:13-cv-12666; | ) ) |
| Rhind et al v. Ameridose, LLC, et al.; 1:13-cv-12740; | ) |
| Robnett et al v. Ameridose, LLC et al.; 1:13-cv-12613; | ) ) |
| Ruhl et al v. Ameridose, LLC et al.; 1:13-cv-12670; | ) |
| Russell et al v. Ameridose, LLC; 1:13-cv-12794; | ) |
| Rybinski v. Ameridose, LLC et al.; 1:13-cv-12818; | ) |
| Scott et al v. Ameridose, LLC et al.; 1:13-cv-12578; | ) |
| Settle et al v. Ameridose, LLC et al; 1:13-cv-12569; | ) |
| Sharer et al v. Ameridose, LLC et al.; 1:13-cv-12577; | ) |
| Skelton et al v. Ameridose, LLC et al.; 1:13-cv-12575; | ) ) |
| Slatton et al v. Ameridose, LLC et al.; 1:13-cv-12618; | ) ) |
| Smith, et al v. Ameridose, LLC, et al.; 1:13-cv-12684; | ) ) |
| Sullivan et al v. Ameridose, LLC et al.; 1:13-cv-12781; | ) ) |
| Wanta et al v. Ameridose, LLC et al.; 1:13-cv-12623; | ) |
| Weaver v. Ameridose, LLC et al.; 1:13-cv-12681; | ) |
| Young v. Ameridose, LLC et al.; 1:13-cv-12594; | ) |
| Youree et al v. Ameridose, LLC et al; 1:13-cv-12566. | |

## MOTION THAT THREE QUESTIONS BE ANSWERED CONCERNING STATUS OF PAYMENTS BY TORT TRUSTEE

The undersigned represent the 58 meningitis victims referenced in this Motion. The 58 referenced meningitis victims are Tort Trust Beneficiaries and will be referred to herein as the "Tennessee Claimants." On behalf of the Tennessee Claimants, the undersigned request that three (3) questions be answered regarding payments by the Tort Trustee at the November 3, 2016 status conference. In support of their Motion, Tennessee Claimants state as follows:

PERTINENT FACTS

The Tennessee Claimants received contaminated epidural steroid injections over four (4) years ago at the Saint Thomas Outpatient Neurosurgical Center in Nashville, Tennessee. The Tennessee Claimants filed claims with the NECC National Compensation Program and began receiving Claim Approval Letters from the NECC National Compensation Program beginning in January 2016. The Tennessee Claimants continued receiving Claim Approval Letters through the spring of 2016. The Tennessee Claimants have been officially notified that they are entitled to compensation from the NECC National Compensation Program.

The Court appointed Lynne Riley to serve as Tort Trustee on May 14, 2015, and it confirmed the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. on June 20, 2015. The "Tort Trust Agreement," to which Ms. Riley is a party in her capacity as Tort Trustee, provides at Article IX, Section 9.02(a):

> Payments shall be made to a Tort Trust Beneficiary from the National Fund Net Trust Proceeds upon written notice to the Tort Trustee from the National Settlement Administrator of the amount of any Initial Payment or Final Payment … to which the Tort Trust Beneficiary is allowed and entitled….

On information and belief only one (1) of the Tennessee claimants have received a payment from the NECC National Compensation Program.

Tennessee Claimants request that the Court obtain the following information from the PSC and the Tort Trustee:

A. What percentage of claimants have been sent their Initial Payment checks;

B. What percentage of the fund designated by the Tort Trustee for the initial payment to claimants has actually been paid to claimants; and

C. What percentage of Combined Category I - IV victims have received a "NECC Lien Letter" (the letter containing the Health Cost Reimbursement Claim Information and Certifications to the Tort Trustee), which must go out before any funds are paid to the claimants.

The request set forth in this Motion has previously been made to the head of the PSC with a copy sent to the Tort Trustee. At the time of filing this motion, the information requested, which should be readily available, has not been provided. Claimants have been told that the initial payments have begun and "NECC Lien Letter Group" letters are going out on a "rolling basis." In order for undersigned counsel to keep their clients properly informed, it is important that these three short questions be answered.

Respectfully submitted,

/s/ William D. Leader
William D. Leader (B.P.R. No. 09531)
George Nolan (B.P.R. No. 14974)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, TN  37219
(615) 780-4111
bleader@leaderbulso.com
gnolan@leaderbulso.com

/s/ Daniel L. Clayton
Randall L. Kinnard (B.P.R. No. 04714)
Daniel L. Clayton (B.P.R. No. 12600)
KINNARD, CLAYTON & BEVERIDGE
127 Woodmont Blvd.
Nashville, TN 37205-2211
(615) 297-1007
rkinnard@kcbattys.com
dclayton@kcbattys.com

**CERTIFICATE OF SERVICE**

I, William D. Leader, hereby certify that on November 1, 2016, I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

/s/ William D. Leader
William D. Leader