UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| IN RE NEW ENGLAND COMPOUNDING | ) | |
| PHARMACY, INC. PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | |
| _____ | ) | MDL No. 2419 |
| | ) | Dkt. No. 1:13-md-02419 (RWZ) |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| All Actions | ) | |
| _____ | ) | |

### PRESERVATION REQUEST IN RESPONSE TO POST-CONFIRMATION OFFICER'S NOTICE REGARDING FURTHER RELIEF FROM PRESERVATION ORDER [DOCKET NO. 3136]

Undersigned defendants in the criminal case [Docket No. 1:14-cr-10363-RGS] "Requestors") file this Preservation Request so that documents and information critical to their defense in the criminal case are maintained in the current, searchable format for several more months until the trials in the criminal matter have been completed. Requestors will be prejudiced if New England Compounding Center's ("NECC") documents are archived and stored at precisely the time when Requestors will need to subpoena documents from NECC to defend themselves.

The criminal trial for two of the Requestors, Cadden and Chin, begins in approximately two months (January 5, 2017). The remaining Requestors are to be tried immediately following Cadden and Chin; that trial is scheduled to begin on April 10, 2017.  Requestors' defense in the criminal case will be thwarted if NECC's business documents are archived before Requestors can serve subpoenas upon NECC and other third parties. Notably, Requestors' determination of which NECC documents must be subpoenaed cannot be completed until Requestors receive

witness lists, exhibits lists, and other pre-trial disclosures from the government in the criminal case.

Though Requestors appreciate the Trustee's effort to conserve costs, the cost to maintain this database for several more months is outweighed by the prejudice to Requestors—most of whom have appointed counsel—of losing reasonable access to these documents. Indeed, archiving  NECC's document collection will likely be more costly to NECC because, when subpoenaed, NECC will be required to restore and revive that expansive collection.

Furthermore, Cadden has a contractual right to access NECC's documents.  His settlement agreement, "The Plan Support and Funding Agreement," states: "Following entry of the Rule 9019 Order, the Trustee and the Estate Representative shall provide each Contributor and his or her counsel access to the document depository maintained by the Debtor containing the Debtor's business records and communication files maintained in the ordinary course of the Debtor's business through the Petition Date to enable each Contributor to view and print such non-privileged documents as are determined by a Contributor, in his or her sole discretion, relevant to the Contributor's defense of any and all Claims against him or her, in any other administrative, investigative, or judicial proceeding."[1] This provision was specifically negotiated due to the criminal charges. Dismantling the database before the criminal trial will thwart that bargained-for provision.

The NECC database has been maintained for years. It would be short-sighted to archive it now as the criminal trials approach. The NECC document collection should continue to be maintained for a few short months more in the interests of justice.

---

[1] The Agreement goes to address the need for an agreed-upon confidentiality agreement.

BARRY J. CADDEN,

By his attorneys,


  /s/   Michelle R. Peirce
Michelle R. Peirce (BBO# 557316)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
(617) 720-5090
mpeirce@dbslawfirm.com


GLENN CHIN,[2][*]
By his attorneys,


  /s/   Stephen Weymouth
Stephen Weymouth (BBO #523680)
LAW OFFICE OF STEPHEN WEYMOUTH
65a Atlantic Avenue, Suite 3
Boston, MA 02110
Telephone:  (617) 573-9598
sweymouth@sweymouthlaw.com


GENE SVIRSKIY,[*]
By his attorneys,


  /s/   Jeremy Sternberg
Jeremy Sternberg (BBO #556566)
Chris Iaquinto (BBO #685718)
HOLLAND & KNIGHT
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone:  (617) 854-1476
jeremy.sternberg@hklaw.com
christopher.iaquinto@hklaw.com

---

[2][*]Requesting a limited appearance for purposes of this motion only.

CHRISTOPHER LEARY,[*]
By his attorneys,


  /s/   Paul Kelly_____ _____
Paul Kelly (BBO #267010)
JACKSON LEWIS PC
75 Park Plaza, 4th Floor
Boston, MA 02116
Telephone:  (617) 367-0025
paul.kelly@jacksonlewis.com


JOSEPH EVANOSKY,[*]
By his attorneys,


  /s/   Mark Pearlstein_____
Mark Pearlstein (BBO #542064)
Dana McSherry (BBO #664430)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA 02109
Telephone:  (617) 545-4000
mpearlstein@mwe.com
dmcsherry@mwe.com


SCOTT CONNOLLY,[*]
By his attorneys,


  /s/   Raymond Sayeg, Jr.
Raymond Sayeg, Jr. (BBO #555437)
KRATTENMAKER O'CONNOR & INGBER P.C.
One McKinley Square
Fifth Floor
Boston, MA 02109
Telephone:  (617) 523-4010
rsayeg@koilaw.com

SHARON CARTER,[*]
By her attorneys,


  /s/   Michael Pineault
Michael Pineault (BBO #555314)
CLEMENTS & PINEAULT, LLP
24 Federal Street
Boston, MA 02110
Telephone:  (857) 445-0133
mpineault@clementspineault.com

ALLA STEPANETS,[*]
By her attorneys,


  /s/   John Cunha, Jr.
John Cunha, Jr. (BBO #108580)
CUNHA & HOLCOMB, PC
One State Street
Suite 500
Boston, MA 02109
Telephone:  (617) 523-4350
cunha@cunhaholcomb.com


ROBERT RONZIO,[*]
By his attorneys,


  /s/   Peter Horstmann          .
Peter Horstmann (BBO #556377)
LAW OFFICES OF PETER CHARLES HORSTMANN
450 Lexington Street
Suite 101
Auburndale, MA 02466
Telephone:  (617) 723-1980
pete@horstmannlaw.com

Dated:  November  2, 2016

## LOCAL RULE 7.1 CERTIFICATION/EXPLANATION

The Protective Order provides that parties should request written approval for relief from its terms.  Accordingly, undersigned has not conferenced this request as it does not appear to fall within Local Rule 7.1.


_/s/   Stephen Weymouth_
Stephen Weymouth


## REQUEST FOR HEARING

Requestors hereby request a hearing on the issues presented in this motion.


_/s/   Stephen Weymouth_
Stephen Weymouth


## CERTIFICATE OF SERVICE

I, Stephen Weymouth, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.


_/s/   Stephen Weymouth_
Stephen Weymouth

Dated:   November 2, 2016