UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>) |
| _____ | )  MDL No. 2419<br>)  Dkt. No 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO: | )<br>)<br>) |
| *Simas v. Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C.*<br>1:13-cv-10943-RWZ | )<br>)<br>)<br>) |
| *Hanson v. Ocean State Pain Management, P.C.*<br>1:13-cv-10685-RWZ | )<br>) |

## RESPONSE OF THE DEFENDANTS, ABDUL R. BARAKAT, M.D., AND OCEAN STATE PAIN MANAGEMENT, P.C., TO PLAINTIFFS' [PROPOSED] ORDER REGARDING SCHEDULING IN OCEAN STATE PAIN MANAGEMENT CASES

The defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C., and respectfully file this Response to the Plaintiffs' [Proposed] Order Regarding Scheduling in Ocean State Pain Management Cases. The defendants reject the plaintiffs' proposed schedule due to the fact that (1) discovery has not yet commenced on these cases and it is premature to set firm deadlines, (2) the parties do not yet know whether their cases are being remanded back to the state court in which they were filed, and (3) the defendants have a third NECC-related case pending in that same state court proceeding along its own tracking order being litigated by counsel from the Plaintiffs' Steering Committee ("PSC"). For the reasons set forth below, the defendants continue to suggest that remand of the *Simas* and *Hanson* cases to Massachusetts Superior Court (Middlesex County) achieves the goal of efficiency that the Court referenced in its Order to Show Cause Concerning Remand and Transfer. [Docket No. 2928].

1

## RELEVANT HISTORY

On July 9, 2015, the Court ordered every party in the MDL to execute either a *Lexecon* waiver consenting to trial in this district or a certification that the party would not waive its *Lexecon* rights. [Docket No. 2075]. Nearly every MDL defendant, including Dr. Barakat and Ocean State, certified that it would not waive its *Lexecon* rights.

On June 13, 2016, this Court ordered certain plaintiffs and defendants to show cause as to why their cases should not be remanded or transferred back to the district in which they were originally filed. [Docket No. 2928]. On June 20, 2016, plaintiffs Craig and Joan Simas filed a Response to the Order to Show Cause in which they objected to remand of their case to Massachusetts Superior Court. [Docket No. 2931]. On June 21, 2016, the defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C., filed a Response in which they argued that this Court's original suggestion of remand and/or transfer was appropriate for both the *Simas* and *Hanson* cases. [Docket No. 2937]. Plaintiff Margaret Hanson did not file a Response to the Court's Order to Show Cause.

On August 23, 2016, the PSC filed a Further Response to Show Cause Order Addressing Objections to Remand in which it (1) suggested how the Court should handle the *Simas* case and (2) informed the Court that counsel for plaintiff Margaret Hanson would now prefer that the federal court retain jurisdiction through trial. [Docket No. 3064].

On October 27, 2016, plaintiffs Craig and Joan Simas filed a [Proposed] Order Regarding Scheduling in Ocean State Pain Management Cases in which they proposed a series of case deadlines for the Court to consider in the event that this Court elects to retain jurisdiction. [Docket No. 3142].

The defendants are currently litigating a nearly identical NECC case in Middlesex Superior Court, *Rose v. Ocean State Pain Management, P.C.* (Middlesex Superior Court; C.A. No. 2015-5014). Written discovery has been exchanged in the Rose matter, but depositions have not been taken. The same plaintiffs' counsel that serve on the PSC are litigating the *Rose* case in Massachusetts Superior Court.

## ARGUMENT

1. Remanding *Simas* and *Hanson* to Massachusetts Superior Court would enable the parties to adopt a similar tracking order across the defendants' three NECC-related cases.

The plaintiffs argue in favor of keeping *Simas* in the MDL for the two following reasons: (1) "Judge Zobel is already familiar with the issues in the case and, therefore, it would be most efficient for the case to be tried in the MDL," and (2) "the parties are from Massachusetts and Rhode Island and the attorneys are from Massachusetts so that trying the case in the District of Massachusetts would not present any hardship." [Docket No. 3064 at 4]. The plaintiffs also suggest an alternative option – that the case should be kept in the MDL for discovery and then remanded to Superior Court prior to trial. [Docket No. 3064 at 5].

The defendants disagree with the PSC's suggestion that there is no hardship created by keeping the cases here in the District Court. The defendants need not repeat the entirety of its Response to Order to Show Cause Concerning Remand and Transfer, but two points are worth revisiting. [Docket No. 2937]. First, this Court, in its Corrected Order suggested that there were no efficiencies to be gained by litigating cases against the "remaining clinic defendants" in the MDL given the small number of cases against each clinic. [Docket No. 2928 at 6]. Second, the Court, in its Corrected Memorandum and Order on Trustee's Motion to Transfer Cases and Related Motions, reasoned, "Litigation in multiple courts also threatens to impose significant

discovery burdens, as discovery from many of the same people and entities may be sought on multiple occasions." [Docket No. 176 at 7-8].

With *Simas* and *Hanson* stayed in the MDL, while *Rose* proceeds along its independent tracking order in Middlesex, the defendants are placed at a disadvantage. Under the current paradigm, Dr. Barakat and other Ocean State witnesses could be asked to testify under oath and respond to nearly identical discovery requests multiple times in different jurisdictions to the benefit of the plaintiffs alone. This is the exact burden over which the Court expressed concern in its Corrected Memorandum [Docket 176 at 7-8]. The defendants suggest that *Simas* and *Hanson* can be placed on a similar track as *Rose* (made even easier by the fact that plaintiffs' counsel in *Rose* are members of the PSC) in Middlesex Superior Court, and depositions and written discovery can be conducted in tandem, or at least close in time to one another, to minimize the negative impact of the plaintiffs getting "multiple bites at the apple."

Remand would also be more efficient for the judges ruling on discovery issues. The prior rulings of the District Court would remain in place, but any future issues could be litigated consistently in one Superior Court session. The value to be gained by the bellwether process would still be available to the remaining clinic defendants after remand. The defendants suggest that it can only benefit all parties involved to have the judge who will ultimately hear the case at trial familiarize himself/herself as soon as possible with the issues presented by Ocean State's three NECC-related Massachusetts cases.

Lastly, suddenly sending *Simas* and *Hanson* to Middlesex at the time of trial can only negatively impact court schedules. The plaintiffs are effectively arguing that it would somehow be proper to continue to burden the District Court with two straightforward clinic cases through 2018, and then burden the Superior Court with these unfamiliar cases when they are ready for

trial and motions in limine. The defendants contend that remand to state court is the only way to achieve some semblance of efficiency and consistency among their open cases.

2. <u>The holding of *Lexecon* suggests that these cases cannot be tried in the District Court absent waiver, therefore, discovery should proceed together with the *Rose* case in state court to prevent disparate rulings.</u>

The PSC and the *Simas* plaintiffs are asking the Court to rewrite the holding of *Lexecon* and reverse this Court's own ruling about its obligations under that case. [Docket No. 2039 at 20]. The plaintiffs' filing of an objection to remand should not defeat a defendant's refusal to waive its venue rights under *Lexecon*. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 27 (1998). The *Lexecon* Court held that §1407 "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Id.* at 34. The Court held that "a transferee court does not have the ability to try a case that has been transferred to it by the Panel without first obtaining a waiver of any venue objections that the party may have." *See Lexecon*, 523 U.S. at 40; Wells, Jr., Thomas H., "Recent Issues Arising in Multidistrict Litigation Bellwether Trials," ABA Section of Litigation Joint Committees CLE Seminar, January 2012, at p. 2. Also of note, "The transferee court has broad power to preside and rule on the pretrial aspects of litigation but without consent from the parties that is where its power ends." *Id.*; *see also In re Patenaude*, 210 F.3d 135, 142-46 (3d Cir. 2000); 28 U.S.C.A. § 1407(a).

The PSC, in its Further Response to Show Cause Order Addressing Objections to Remand, even concedes that several cases not originally filed in the District of Massachusetts had not waived *Lexecon* and therefore could not be tried in the MDL. [Docket No. 3064 at 9]. The PSC suggests that those cases should be remanded, albeit when they are "trial-ready," but fails to explain why it is now encouraging the Court to take a different approach with the *Simas*

and *Hanson* cases. The only difference between the numerous Premier Defendant cases that were recently remanded and the instant cases appears to be the fact that (1) the instant plaintiffs do not want their cases remanded, and (2) the instant cases were originally filed in Massachusetts instead of New Jersey. The fact that the Premier cases were far numerous and far more advanced in the MDL than *Simas* and *Hanson* and were still remanded further supports the defendants' position that their cases should be remanded as well.

The PSC, in its Notice of Filing of [Corrected Proposed] Suggestion of Remand or Transfer, previously grouped *Simas* and *Hanson* in with the other cases against Clinic-Related Defendants that were "not progressed enough or numerous enough to actively litigate efficiently in the MDL." [Docket No. 3052-1 at 8-9]. The PSC continued, "At this point, there is no more common discovery concerning these other Clinic-Related Defendants for the MDL Court to oversee; only case-specific fact and expert discovery remain." [Docket No. 3052-1 at 9]. In the *Simas* plaintiffs' Response to Order to Show Cause, they state that "the stay in place regarding case-specific discovery should be lifted as between the parties for this case since such discovery is of the normal variety between two litigants and will not involve the PSC or any of the other defendants." [Dkt. 2931 at 2]. For that very reason - the fact that the PSC and other MDL defendants will no longer be involved - this case should be transferred back to Massachusetts Superior Court. The PSC seems content to rely on its remand argument for cases it wishes to remand (Premier) but then reverses position on cases it wishes to keep in the MDL (*Simas* and *Hanson*) without adequate justification.

Lastly, the *Hanson* plaintiff failed to file a timely Response to the Court's Order to Show Cause Concerning Remand and Transfer. The PSC subsequently stepping in and speaking on behalf of Ms. Hanson's counsel months later does not cure the fact that to this day, no *Hanson*-

specific pleading has been filed with respect to this remand issue. The Court has only been provided with assertions from the PSC that counsel for Ms. Hanson now wants to subscribe to the position taken by the *Simas* plaintiffs, which the defendants suggest is an inadequate response to the Court's June 2016 Order.

## CONCLUSION

For the foregoing reasons, the Defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C., continue to respectfully request that their two MDL cases be remanded to Middlesex Superior Court in an effort to achieve this Court's goal of efficiency and to minimize any negative impact on the defendants currently litigating NECC-related cases in multiple jurisdictions.

<div style="margin-left: 3em;">

Respectfully submitted,
Defendants,
By their attorneys,

/s/ Thomas M. Dolan
SEAN CAPPLIS, ESQ.
BBO #634740
THOMAS M. DOLAN III, ESQ.
BBO #683042
**CAPPLIS, CONNORS, & CARROLL, P.C.**
18 Tremont Street, Suite 330
Boston, MA 02108
Tel: (617) 227-0722
Fax: (617) 227-0772
scapplis@ccclaw.org
tdolan@ccclaw.org

</div>

Dated: November 2, 2016

## CERTIFICATE OF SERVICE

  I hereby certify that on November 2, 2016, I served the above Response upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

            /s/ Thomas M. Dolan
            THOMAS M. DOLAN, ESQ.
            Attorney for Defendants,
            Ocean State Pain Management, Inc., and
            Abdul R. Barakat, M.D.