# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Bray v. Ameridose, LLC, et al.*, No. 1:13-cv-12596;<br>*Collins v. Ameridose, LLC, et al.*, No. 1:13-cv-12580;<br>*Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918;<br>*Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;<br>*Graham v. Ameridose, LLC, et al.*, No. 1:13-cv-12581;<br>*Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922;<br>*Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;<br>*Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915;<br>*Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914;<br>*Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491;<br>*Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682;<br>*Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688;<br>*Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917;<br>*Savercool v. Ameridose, LLC, et al.*, No. 1:13-cv-12583;<br>*Willis v. Ameridose, LLC, et al.*, No. 1:13-cv-12597. | MDL No. 2419<br>Master Docket No.: 1:13-md-2419 (RWZ) |

**Plaintiffs' Steering Committee's Reply in Support of Cross Motion To Extend Time To File Certificates of Good Faith Under Tenn. Code Ann. § 29-26-122(c)(3)**

On September 12, 2016 Specialty Surgery Center LLC, Dr. Kenneth Lister, and Kenneth Lister P.C. (the "Specialty Surgery Center Defendants") filed a Rule 12(b)(6) Motion to Dismiss (Dkt. No. 3086, the "Motion to Dismiss") seeking to dismiss fifteen cases for an alleged failure to comply with Tenn. Code Ann. § 29-26-122's certificate of good faith requirements related to healthcare liability actions.  On October 7, 2016, the PSC filed an Opposition to this Motion to Dismiss (Dkt. No. 3122, the "Opposition") and also filed a cross motion under Tenn. Code Ann. § 29-26-122(c)(3) to extend the time to file a certificate of good faith (Dkt. No. 3121, the "Motion to Extend").  On October 21, 2016, the Specialty Surgery Center Defendants filed a combined Reply in Support of the Motion to Dismiss and an Opposition to the Motion to Extend (Dkt. No. 3137, the "Reply Brief").  The PSC hereby files this Reply in Support of its Motion to Extend.

## INTRODUCTION

As outlined in the PSC's Opposition, the fifteen cases subject to the Motion to Dismiss fall into three categories.  The Branstetter Actions filed original claims expressly asserting only products liability claims and later amended each complaint to add additional claims and also filed a Certificate of Good Faith with the amended complaint.  The Cain Actions filed original claims and later amended that complaint and filed a Certificate of Good Faith with the amended complaint.  The Remaining Actions have yet to file a Certificate of Good Faith.

In its August 29, 2014 Order, the Court has already ruled that the Branstetter Actions can survive the Motion to Dismiss.[1]  The SSC Defendants now ask the Court to reverse that decision and now dismiss the Branstetter Actions, along with the Cain Actions and the Remaining Actions, for purported technical failures, in lieu of allowing these cases to proceed to a decision on their merits.

---

[1] Dkt. No. 1360 at Pg. 16.

1

In its Opposition, the PSC argued that the Branstetter Actions and the Cain Actions should not be dismissed.  Alternatively, the Opposition also argued that the Branstetter Actions, the Cain Actions, and the Remaining Actions should be permitted an extension to file the certificates of good faith contemplated by Tenn. Code Ann. § 29-26-122 as permitted by § 122(c) – the Branstetter and Cain Actions an extension to the dates on which they filed their certificates, and the Remaining Actions an extension to the date 30 days from the date of the entry of the Court's order deciding this motion.

## ARGUMENT

Tenn. Code Ann. § 29-26-122(c) states that "[a] court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown."  Few cases in Tennessee state court have addressed the "other good cause shown" standard articulated in Tenn. Code Ann. § 29-26-122(c).

The Specialty Surgery Center Defendants argue that this standard must require something more than mere error of counsel, but the one case definitively addressing the "other good cause shown" standard is directly contrary to this assertion.

Specifically, *Stovall v. UHS of Lakeside, LLC* clearly establishes that "other good cause" includes errors by counsel in interpreting Section 122(c)'s requirements.[2]  In that case, counsel for plaintiff filed a complaint clearly alleging a healthcare liability action requiring expert proof, but filed a certificate of good faith that was not in compliance with the statutory requirements.[3]

---

[2] 2014 Tenn. App. LEXIS 221, *27 (Tenn. Ct. App. Apr. 22, 2014).
[3] *Id*.

Put another way, counsel erred in understanding the requirements of Section 122.[4] Like the case at bar, well after a motion to dismiss had been filed seeking to dismiss a claim on a mere technicality for failure to file a compliant Section 122 certificate, plaintiff's counsel moved for an extension citing his error in understanding the statute's requirements.[5] The trial court granted the motion and allowed counsel to file later a certificate of good faith that fully complied with the statute. The Court of Appeals upheld this decision by noting, importantly, that "[r]easonable confusion as to the law has been held to constitute good cause in other jurisdictions" and concluding that the trial court had not erred when it allowed plaintiff's counsel an extension based on his misinterpretation of the statutory requirements of Section 122.[6]

At no point in their Reply Brief do the Specialty Surgery Center Defendants confront *Stovall*, which is strange given that it is one of the rare cases in the entirety of Tennessee case law that interprets the "good cause" standard of Section 122(c)(3). Instead, the Specialty Surgery Center Defendants attempt to mislead the Court as to the standard applicable to the present motion by insisting that the showing required be "extraordinary cause."[7] As *Stovall* itself makes clear, the standard at issue here is "good cause," not "extraordinary cause." And under the correct "good cause" standard, a reasonable confusion as to the law is sufficient to allow a plaintiff relief from the timing requirements of Section 122 and extend the time to file

---

[4] *Id*.
[5] *Id*. The error at issue in *Stovall* was counsel's failure to identify the number of previous violations of the statute, a requirement to be included in the Section 122 certificate.
[6] *Id*. at P. 56.
[7] *Stovall*, 2014 Tenn. App. LEXIS 221, *58-60 (examining whether an extension should be granted under the "good cause" analysis of Section 122(c)(3) and not the "extraordinary cause" standard of Section 122(a)). The "extraordinary cause" language appears in Section 122(a) that delineates when a certificate must be filed. In other words, a party can only be relieved of filing a certificate at all only by a showing of "extraordinary cause." However, if a party is merely seeking to extend the time for filing a certificate, the extension can be granted merely for "good cause." Tenn. Code Ann. § 29-26-122(c)(3). The Specialty Surgery Center Defendant's arguments to the contrary are simply not supported by the plain language of the statute or the case law.

the certificate of good faith, even after a motion to dismiss based on Section 122 has been filed.[8]

The only question remaining then is whether a reasonable confusion in the law existed to constitute "good cause" under Section 122(c)(3) for granting an extension to file the certificate of good faith. This Court has already acknowledged that the intersection of the scope of the TCPA and the THCLA has no identifiable precedents and that the claims asserted in this action could conceivably fall into both statutes. As the Court has previously stated:

> The parties offer no case law, and I have uncovered none, addressing these issues with respect to the amended THCLA or to products liability claims specifically. The THCLA's new definitions are broad and can conceivably be interpreted to span a wide variety of claims and theories of liability. However, the treatment of other civil claims under the TMMA, the lack of explicit support for defendants' argument that the THCLA is now the sole cause of action against health care providers, and the different showing of proof required for products liability as opposed to claims under the THCLA all suggest that plaintiffs should be permitted to plead products liability claims as separate from health care liability.[9]

In other words, as the Court acknowledged, the Tennessee complaints presented a legal issue of first impression concerning whether the plaintiffs were alleging products claims, THCLA claims, or a combination of both. Indeed, the Court implicitly acknowledged in its Rule 12 and Rule 56 rulings in this case that the plaintiffs indeed alleged claims that fall under the TPLA, but held that the THCLA ultimately trumped them.

Defendants make much out of the fact that healthcare providers are rarely charged with liability under the TPLA.[10] However, the Specialty Surgery Center Defendants ignore the fact that never in the history of the TPLA has a case involving a personal injury stemming from a pharmaceutical product ever been treated as anything **other than** a "Product Liability Action" as

---

[8] *Stoval*, 214 Tenn. App. LEXIS 221 at ** 56-60.
[9] Dkt. No., 1360. at 20.
[10] Reply Brief at 22.

4

that term is used in the TPLA.[11] Even when a plaintiff asserted claims against a healthcare provider stemming from a pharmaceutical product, Tennessee courts treated such claims as product liability claims under the TPLA.[12] Counsel for the Plaintiffs therefore had a reasonable and good faith basis to believe that they were alleging products liability claims for which a certificate of good faith was not required.

In other words, contrary to the Specialty Surgery Center Defendants' assertions to the contrary, it was not at all clear whether claims asserted in this action against the Specialty Surgery Center Defendants would be treated as healthcare liability claims or product liability claims, or whether the plaintiffs could maintain both causes of action simultaneously. Even in its Rule 12 opinion, the Court acknowledged the difficulty legal question presented, and did not ultimately rule on the question until it issued its Rule 56 opinion nearly two years later. This type of confusion in the law has been the basis of granting an extension to file a certificate of good faith in the past,[13] and the Plaintiffs' Steering Committee requests that those plaintiffs subject to the Motion to Dismiss be given a similar extension to file a certificate in this instance.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the PSC's Opposition to the Motion to Dismiss (Dkt. No. 3122), the Court should grant the Motion to Extend and permit all cases against the Specialty Surgery Center Defendants to proceed to a decision on the merits. For the Branstetter and Cain Actions this extension need only be to the dates that these plaintiffs filed the Section 122 certificate, as these plaintiffs had already done so. For the Remaining

---

[11] *Montgomery v. Wyeth*, 580 F.3d 455 (6th Cir. 2009); *Spence v. Miles Lab.*, 810 F. Supp. 952, 1992 U.S. Dist. LEXIS 20664 (E.D. Tenn. 1992), *aff'd*, 37 F.3d 1185, (6th Cir. 1994); *Strayhorn v. Wyeth Pharms., Inc.*, 882 F. Supp. 2d 1020 (W.D. Tenn. Aug. 8, 2012); *Graves v. Qualitest Pharms.*, 2013 U.S. Dist. LEXIS 87292 (W.D. Tenn. June 21, 2013).
[12] *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 740 (Tenn. Ct. App. 2001).
[13] *Stovall*, 214 Tenn. App. LEXIS 221 at ** 56-60.

5

Actions, the PSC respectfully request that these plaintiffs be given 30 days from the entry of an order granting this motion to so file the certificates.

Dated:  November 4, 2016                                      Respectfully submitted,

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN  37203
Telephone:  (615) 254-8801
Facsimile:  (615) 255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Plaintiffs' Steering Committee and Tennessee State Chair*

Thomas M. Sobol
Kristen Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2417
Telephone:  615.313.9000
Facsimile:  615.313.9965
ecabraser@lchb.com
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI  48075
Telephone:  (248) 557-1688
Facsimile:  (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA  24016
Telephone:  (540) 342-2000
pfennel@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA  30328
Telephone:  (404) 451-7781
Facsimile:  (404) 506-9223
marc@markzamora.com

**CERTIFICATE OF SERVICE**

I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: November 4, 2016

**/s/ J. Gerard Stranch, IV**
J. Gerard Stranch, IV