# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## [PROPOSED] AMENDED QUALIFIED PROTECTIVE ORDER FOR THE PRODUCTION OF
## <u>CERTAIN INFORMATION MAINTAINED BY MEDICAID AGENCIES</u>

WHEREAS, Medicaid agencies[1] maintain records concerning the medical treatment and payment for medical treatment of victims of the 2012 fungal meningitis outbreak (the "Outbreak");

WHEREAS, the information maintained by Medicaid agencies contains protected health information and individually identifiable health information, some of which may be protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq*.) and the regulations promulgated thereunder (45 CFR §§169, 164 *et seq*.) ("HIPAA");

WHEREAS, on May 20, 2015 (the "Confirmation Date"), the United States Bankruptcy Court for the District of Massachusetts, Eastern Division, in the New England Compounding Pharmacy's Chapter 11 bankruptcy proceeding, Case No. 12-19882 (the "Bankruptcy Proceeding") entered an order, dated May 20, 2015 (the "Confirmation Order"), confirming the Third Amended Joint Chapter 11 Plan of New England Compounding Pharmacy, Inc. (the "Plan") filed jointly by Paul D. Moore, in his capacity as Chapter 11 Trustee, and the Official Committee of Unsecured Creditors;

---

[1] "Medicaid" means the Medicaid programs of each state and territory and of the District of Columbia.

{004663/12496/00406267.DOCX / Ver.1}                    2

WHEREAS, the Plan establishes a claims process and, as part of that process, the Tort Trustee is responsible for ensuring that public and private liens of which the Tort Trustee is aware have been asserted against recoveries by victims of the Outbreak are resolved before payments are made (as defined in the Confirmation Order);

WHEREAS, the Garretson Resolution Group, Inc. ("GRG") has been engaged to assist the Tort Trustee and Lead Counsel for the PSC with identifying liens and/or reimbursement claims that may be asserted by Medicaid agencies against recoveries by certain victims of the Outbreak.

WHEREAS, on March 3, 2016, the Court entered a Qualified Protective Order concerning the production by private insurers of HIPAA protected information that may not cover production of HIPAA protected information by Medicaid agencies;

WHEREAS, the Court recognizes that receipt of certain information maintained by Medicaid agencies asserting a potential lien or reimbursement claim from the Tort Trust by their insureds will aid GRG, the Tort Trustee, and Lead Counsel in the administration of the claims process as set forth in the Plan;

IT IS HEREBY ORDERED that:

1.      "Personal Health Information," and "individually identifiable health information" protected under HIPAA may only be disclosed by Medicaid agencies in this proceeding and shall only be accessed in accordance with this Order.

2.      Any Medicaid agencies asserting a claim against recovery from the Tort Trust of a victim of the Outbreak, and from which HIPAA protected information has been requested by the Tort Trustee, GRG, or Lead Counsel shall transmit the information (the "Medicaid Lien Information") to GRG, the Tort Trustee, or Lead Counsel (as applicable).

3.      GRG and the Tort Trustee shall maintain the Medicaid Lien Information in full accordance with the terms of this Qualified Protective Order and HIPAA.

4.      The Tort Trustee, Lead Counsel for the PSC, as defined in the Confirmation Order, and GRG shall have access to the Medicaid Lien Information for the sole purpose of facilitating the claims resolution process as outlined in the Plan. Additionally, and to the extent that Lead Counsel for the PSC believes necessary, additional members of the Plaintiffs' Steering Committee and the Claims Administrators identified in any other settlement agreement may be given access to the TPP Lien Information to facilitate the claims resolution process for any other settlement agreements involving injuries resulting from the Outbreak.

5.      Medicaid agencies producing and exchanging such information with GRG, the Tort Trustee, Lead Counsel, or any member of the PSC pursuant to this Order shall be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 CFR §164.512(e)(1), and similar provisions of state law, if any, and shall have no liability under HIPAA or other federal or state statute, regulation, or other requirement related to protected health information or individually identifiable health information, for supplying the Medicaid Lien Information to GRG, the Tort Trustee, or Lead Counsel.

6.      Furthermore, because Medicaid Lien Information will only be provided to GRG, the Tort Trustee and Lead Counsel and made available for review by the Tort Trustee, Lead Counsel, and GRG, unless otherwise specified in a subsequent order of this Court, the Medicaid Lien Information is not and will not be a part of this or any other court record.

7.      GRG, the Tort Trustee and Lead Counsel are authorized to provide to, receive from, and disclose to each other and all other entities defined as Medicaid agencies herein lists

of claimants and related information, which identifies those Medicaid agencies that have or

may have asserted a lien, claim, or right of subrogation, indemnity, reimbursement, or interest

of any type for injury-related medical items, services, and/or prescription drugs paid on their

behalf.

8.     This Order shall apply to the use of all information related to claimants that

GRG the Tort Trustee or Lead Counsel creates, provides to, or receives from each other and/or

all entities defined as Medicaid agencies herein that is or may be protected under HIPAA and

its amendments, or other applicable federal or state law, including all Protected Health

Information as defined in 45 C.F.R. § 160.103. GRG, the Tort Trustee and Lead Counsel are

specifically authorized to provide to and receive from each other and all other entities defined

as Medicaid agencies herein, lists of claimants and related information, in lieu of providing

copies of individual HIPAA authorizations and information on a claimant-by-claimant basis.

9.     Nothing in this Order is meant to alter or amend other existing Qualified

Protective Orders filed in this Action, which shall remain in full force and effect.

10.     Nothing in this Order is meant as a determination that a Medicaid agency

asserting a claim is subject to HIPAA requirements.

11.     The Court understands that some Clinic Defendants have raised the concern that

the information produced by the Medicaid agencies may include substantive information

relevant to the pending lawsuits and that they are therefore entitled to such information when

produced by the Medicaid agencies.  The Court also understand that the Tort Trustee and Lead

Counsel disagree that Clinic Defendants are entitled to this information.  However, at this point,

the precise character of the information to be produced by the Medicaid agencies is unknown.

12.     Accordingly, within ninety (90) days of the receipt of new lien information from

the Medicaid agencies which identifies the existence of liens for specific patients or lien

amounts for specific patients, Lead Counsel shall inform counsel for the Clinic Defendants of the receipt of such information, without revealing any protected information regarding a specific Plaintiff.

13.     This Order is without prejudice to any party's right to file a subsequent motion seeking an order permitting them access to the Medicaid Lien Information produced pursuant to this Order.  Therefore, once the Clinic Defendants are informed of the character of the information produced by the Medicaid agencies, they may seek to modify this Order to permit them to access the Medicaid Lien information, and the issue will be briefed by all interested parties for consideration by the Court.

BY THE COURT:

DATED:                                             _____
                                                   Hon. Jennifer C. Boal
                                                   United States Magistrate Judge