**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S OBJECTION TO GLENN CHIN'S MOTION FOR WRITTEN APPROVAL TO ACCESS INFORMATION IN THE PSC REPOSITORY**

The Plaintiffs' Steering Committee ("PSC") hereby submits an objection to Glenn Chin's Motion for Written Approval from the Court to Access Information in the PSC Repository [Dkt. No. 3144].  The PSC's objects to Mr. Chin's request on three grounds.

First, the PSC objects for the reasons raised in response to Mr. Cadden's motion seeking permission to use documents in his possession that he obtained from the repository and incorporates those arguments by reference. [Dkt. No. 3088].  The repository was created for purposes of civil litigation, the Rules of Criminal Procedure provide other mechanisms for discovery, and Mr Chin has not adequately explained why he needs these materials.

Second, Mr. Chin and Mr. Cadden are differently situated.  Mr. Cadden's counsel had access to the U.S. Legal repository when Mr. Cadden was a party in this MDL.  Mr. Cadden's counsel sought, and the Court permitted him to use, documents Mr. Cadden's counsel had retrieved from the repository prior to his motion to the Court. [Dkt. No. 3120].  Mr. Chin's criminal counsel informed the PSC that neither he nor Mr. Chin's previous counsel had access to the repository previously.  So Mr. Chin is not seeking to use documents already in his possession, but is functionally asking the Court to order the PSC to produce a universe of materials to him.

To the extent that Mr. Chin is asking the Court to require the PSC to provide access to documents that were in the repository prior to January 8, 2016, the PSC cannot easily parse

materials in the repository to identify which materials existed as of a particular date. While it may be possible to do so, any effort to reconstruct what existed at the time would be unduly burdensome on the PSC.

Third, to the extent that one might argue "fair is fair," it seems that the easiest way to resolve Mr. Chin's motion is for Mr. Cadden's counsel to share the universe of materials he possesses with Mr. Chin's counsel. That would avoid the need to recreate what existed as of a certain date or the possibility that what Mr. Cadden has is different from what Mr. Chin seeks access to. The PSC would not oppose a motion to modify the existing protective order to permit Mr. Cadden to share the materials within his possession with Mr Chin (or the United States).

Dated: November 14, 2016

Respectfully submitted,

**/s/ Thomas M. Sobol**
Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH &
JENNINGS PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN  37203
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: November 14, 2016               **/s/ Thomas M. Sobol**
                                       Thomas M. Sobol, BBO # 471770