UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases | )<br>)<br>)<br>)  MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>) |

**POST-CONFIRMATION OFFICER'S OBJECTION
TO PRESERVATION REQUEST [DOCKET NO. 3164]**

The Post-Confirmation Officer[1] hereby responds to the *Preservation Request in Response to Post-Confirmation Officer's Notice Regarding Further Relief from Preservation Order* [Dkt. No. 3164] (the "Preservation Request") filed by Barry J. Cadden, Glenn Chin, Gene Svirskiy, Christopher Leary, Joseph Evanosky, Scott Connolly, Sharon Carter, Alla Stepanets and Robert Ronzio (collectively, the "Requestors"). No other preservation requests have been filed with this Court, or received by the Post-Confirmation Officer.

The Preservation Order was entered in December 2012. Since its entry, NECC's estate has borne the costs of the continued preservation of the Preserved Data. The Requestors and other interested parties have had more than ample time and opportunities to request, or seek discovery of, whatever information they have needed. Nearly four years later, no reason exists to require the estate to continue to bear the expense of continued preservation solely for the benefit of the Requestors, should they now finally decide that they have the need to request information.

---

[1] Unless otherwise defined herein, capitalized terms have the meaning ascribed in the *Post-Confirmation Officer's Notice Regarding Further Relief from Preservation Order* [Dkt. No. 3136] (the "Notice").

The Post-Confirmation Officer's Notice, which was filed in accordance with the notice procedures established by this Court's Modifying Order, required any preservation request to "specifically address whether the requesting party agrees to bear the ongoing monthly costs and expenses in connection with continuing to store the Preserved Data on a searchable platform." The Preservation Request fails, however, to address whether the Requestors agree to bear the ongoing monthly costs and expenses associated with storing the Preserved Data. Moreover, as of the filing of this Objection, and despite the Post-Confirmation Officer's further request, the Requestors have not agreed to bear the ongoing monthly costs and expenses in connection with continuing for their benefit to store the Preserved Data on a searchable platform.

Meanwhile, Requestor Cadden has been granted access to the documents that were uploaded to the PSC Repository prior to January 8, 2016, and the PSC has indicated it "would not oppose a motion to modify the existing protective order to permit Mr. Cadden to share the materials within his possession with Mr. Chin (or the United States)[,]" in its response to a separate *Motion for Written Approval From the Court to Access Information in the PSC Repository* [Dkt. No. 3144] filed by Requestor Chin. Thus, to the extent that each Requestor is going to seek access to such documents in the PSC Repository and have the existing protective order modified accordingly, the Post-Confirmation Officer believes that the Requestors have not met their burden of establishing that the materials contained in the Preserved Data are not duplicative of the materials the Requestors will already have access to.

No reason exists to require the estate to continue at this late date to bear the costs of further preservation of the Preserved Data and, as such, the Requestors' request should be denied. If for any reason this Court is inclined to require continued preservation, it should be subject to the Post-Confirmation Officer's express reservation of his rights to object, in whole, or

in part, to and seek reimbursement of the costs of complying with, any criminal subpoena served by any Requestor. It likewise should require the Requestors to pay the costs of storing the Preserved Data of $3,000 a month, and that such payment be made at least two weeks in advance of the first day of any month with respect to which they seek to have the Preserved Data maintained in a searchable format. The Post-Confirmation Officer further requests that any such order of this Court irrevocably provide that, if the Requestors do not timely deliver to the Post-Confirmation Officer the required sum, the Post-Confirmation Officer may archive the Preserved Data without further order of this Court.

Dated: November 16, 2016

Respectfully submitted,

PAUL D. MOORE, THE POST-CONFIRMATION OFFICER OF NEW ENGLAND COMPOUNDING CENTER, INC.,

By his attorneys,

 */s/ Keri L. Wintle*
Michael R. Gottfried, Esq. (BBO #542156)
Keri L. Wintle, Esq. (BBO #676508)
Duane Morris LLP
100 High Street
Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Facsimile: (857) 401-3021
Email: KLWintle@duanemorris.com

## Certificate of Service

I, Keri L. Wintle, hereby certify that on November 16, 2016, I caused a copy of the foregoing document and the attachment thereto, which was filed using this Court's ECF system, to be served electronically upon those parties registered to receive ECF service in the above-captioned proceeding.

*/s/ Keri L. Wintle*
Keri L. Wintle
