UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

THIS ORDER APPLIES TO CERTAIN ACTIONS[1] NAMING
THE SPECIALTY SURGERY DEFENDANTS[2]

MEMORANDUM OF DECISION AND ORDER

November 17, 2016

ZOBEL, S.D.J.

The Specialty Surgery Center ("SSC") Defendants once again move to dismiss under Fed. R. Civ. P. 12(b)(6) fifteen cases based on certain plaintiffs' alleged failure to file certificates of good faith with their complaints as required under the Tennessee Health Care Liability Act ("THCLA") (Docket # 3086).  See Tenn. Code. Ann. § 29-26-122 (West 2016).  In response, Plaintiffs' Steering Committee filed a Cross Motion to Extend Time to File Certificates of Good Faith Under Tenn. Code Ann. § 29-26-122(c)(3) (Docket # 3121).

**I.    Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual

---

[1]   See Docket # 3086 for the complete list of cases related to this order.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 52-53 (1st Cir. 2013).

## II.  Analysis

The present motion pertains to fifteen (15) cases involving the SSC Defendants. I adopt the parties' undisputed grouping of these cases[3] and address each in turn below.

### A.  The Branstetter Actions

The parties agree that in these five cases, each plaintiff originally filed complaints asserting only claims under Tennessee's Product Liability Act, Tenn. Code Ann. § 29-28-101, et seq. (the "TPLA").  It is further undisputed that these five plaintiffs subsequently filed amended complaints to add claims under the THCLA and included certificates of good faith.  It is law of the case that "plaintiffs did not have to file . . . certificates of good faith with original complaints alleging only products liability."  Docket # 1360 at 20.  Accordingly, defendants' motion to dismiss the Branstetter Actions for plaintiffs' failure to file certificates of good faith with their original complaint is denied.

---

[2]     Specialty Surgery Center, PLLC; Kenneth R. Lister, M.D.; Kenneth R. Lister, M.D., P.C.
[3]     See Dockets ## 3122 and 3137 for detailed explanation of the grouping. Defendants initially stated that the plaintiff in Johnson v. Ameridose, LLC, et al., No. 1:13-cv-12915, filed a certificate of good faith after he filed an amended complaint to include claims under the THCLA. See Docket # 3087 at 12 n. 38. However, Plaintiffs' Steering Committee correctly re-categorized this case as one under the Remaining Actions because Johnson never did file a certificate of good faith.  Docket # 3122 at 2.

B.    The Cain Actions

Similar to the Branstetter Actions, the two Cain Actions involve original complaints that alleged claims only under the TPLA, but which were subsequently amended to include claims under the THCLA.  However, unlike the Branstetter Actions, the first amended Cain complaints did not include certificates of good faith.  Instead, the Cain plaintiffs included the certificates with their second amended complaints, which were filed about one month later.  See Case No. 13-CV-12682-RWZ, Docket # 21 and Case No. 13-CV-12688-RWZ, Docket # 22.  The Cain plaintiffs argue that Federal Rule of Civil Procedure 15 "cure[s] any technical non-compliance with Tenn. Code Ann. 29-26-122."  Docket # 3122.

As discussed above, the Cain plaintiffs were not required to file certificates of good faith with their original complaints that alleged only products liability.  However, once they amended their complaints to include claims under the THCLA, they were required to file such certificates per Tenn. Code Ann. § 29-26-122.  See Tenn. Code Ann. § 29-26-122(a); see also Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 309 (Tenn. 2012) ("the filing of a certificate of good faith under Tennessee Code Annotated section 29-26-122 . . . [is] mandatory.").  Although they ultimately filed the certificates with their second amended complaints, their failure to file them with their initial amended complaints was a fatal error that requires dismissal with prejudice.  Id. at 311 (holding that plaintiff's failure to comply with Tenn. Code Ann. § 29-26-122 requires dismissal of complaint with prejudice).  Further, Tennessee courts have held that "compliance with section 122 is part of Tennessee substantive law, and it is not at odds with federal

procedural law, i.e., Federal Rule of Civil Procedure 15." Eiswert v. United States, No. 11-CV-304, 2014 WL 11517824, at *2 (E.D. Tenn. Sept. 10, 2014).  A plaintiff cannot correct a defect under section 122 by filing an amended complaint pursuant to Fed. R. Civ. P. 15; rather, "the only way to correct the substantive defect would be to demonstrate extraordinary cause or pursuant to subsection (c), move for an extension of time to file, showing that the failure to file was due to the failure of the provider to timely provide copies of the claimant's records requested or show good cause." Id. at *3.  Because the Cain plaintiffs have failed to show good cause as to why they did not include certificates of good faith with their first amended complaint, the motion to dismiss the Cain Actions is allowed with prejudice.

    **C.**    **The Remaining Actions**

The eight (8) Remaining Actions followed a similar procedural course as the previous two groups; notably, however, these plaintiffs wholly failed to comply with § 29-26-122 when they amended their complaints to include claims under the THCLA but never filed certificates of good faith.

Plaintiffs' Steering Committee argues that "good cause" exists for the court to grant its motion to extend the time to file the certificates.  Specifically, they argue that the plaintiffs in the Remaining Actions failed to timely file certificates of good faith "principally due to the law's lack of clarity as to whether claims involving a doctor who sells a dangerous product that ultimately injures a patient are required to proceed under the procedural requirements of the TPLA or the THCLA."  Docket # 3122 at 20.

Plaintiffs' argument is unavailing.  Once the plaintiffs in the Remaining Actions

amended their complaints to include claims under the THCLA, they were required to comply with the Act, including filing a certificate of good faith.  Moreover, even if I accepted plaintiffs' "lack of clarity" argument and assumed that the TPLA governed their complaints, it was the law of the case as of February 29, 2016 that "[t]he THCLA . . . takes precedence, rendering the TLPA inapplicable in these cases."  Docket # 2700.  At that time, plaintiffs could have filed certificates of good faith.  They offer no explanation to show good cause as to why nine months later they still have not done so.  Plaintiffs cite to Stovall v. UHS of Lakeside, LLC, No. W2013-01504-COA-R9-CV, 2014 WL 2155345 (Tenn. Ct. App. Apr. 22, 2014), in support of their argument that the court may grant an extension of time for filing a certificate when a plaintiff has failed to timely comply with Section 122.  Plaintiffs' reliance on Stovall is inapposite; the court in Stovall granted an extension of time to file a certificate where the plaintiff *had originally complied* with Section 122 but needed additional time to correct an alleged deficiency to the certificate.  Id. at *11.  In contrast, here, the plaintiffs in the Remaining Actions wholly failed to comply with Section 122.   Accordingly, the motion to dismiss the Remaining Actions is allowed with prejudice.

### III.   Conclusion

The SSC Defendants' Motion to Dismiss (Docket # 3086) is ALLOWED IN PART and DENIED IN PART.  Plaintiffs' Steering Committee's Cross Motion to Extend Time to File Certificates of Good Faith (Docket # 3121) is DENIED.

|      November 17, 2016      |          /s/Rya W. Zobel          |
|:---:|:---:|
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |