IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>    All Cases<br><br>IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES<br><br>This Document Relates to:<br>All Cases | MDL Docket No. 2419<br><br><br><br>Master File No. 1:13-MD-2419 (RWZ) |

**RESPONSE REGARDING PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR DISTRIBUTION OF COMMON BENEFIT FEES AND EXPENSES**

    The undersigned counsel respectfully respond as set out below to the Plaintiffs' Steering Committee's ("PSC") Motion for Distribution of Common Benefit Fees and Expenses (Doc. 3105). Undersigned counsel represent 33 current or former residents of the Commonwealth of Virginia who, more than 4 years ago, were injected with fungus-contaminated methylprednisolone acetate that had been compounded by NECC. Many of those clients suffered catastrophic injury and permanent disability from the resulting fungal meningitis and secondary infections; others died. Still other clients experienced symptoms that required them to be evaluated for fungal disease and, while not formally diagnosed with such, continued to display symptoms and to require further care, for which some incurred substantial medical expenses. All those who have survived live with uncertainty and fear of developing fungal disease or of having it recur.

    To date, only two initial payment checks have been issued to the undersigned's clients. This rate of disbursement is consistent with the experience of other firms representing claimants in Virginia, Tennessee and Indiana, and represented by the disappointing results set out in the Tort

Trustee's Status Report (Doc. 3155).[1]  Without taking anything away from the very good and necessary work that has been done by the PSC and its "designated counsel," when so many approved claimants (including clients of this firm), severely affected individuals and families, have received nothing, it is manifestly inappropriate for fees and costs to be disbursed to law firms.

Accordingly, undersigned counsel join with counsel who signed and filed Doc. 3194, and respectfully request that this Court order that disbursement of common benefit fees and expenses not occur until the NECC Tort Trustee (Lynne F. Riley) has certified to this Court that 90% of approved tort claimants have received at least an initial distribution from the NECC Tort Trust.

Respectfully submitted,

/s/ John E. Lichtenstein
John E. Lichtenstein (VSB 27048)

/s/ Gregory L. Lyons
Gregory L. Lyons (VSB 24037)
LICHTENSTEIN LAW GROUP PLC
P.O. Box 601
Roanoke, VA  24004-0601
P:       (540) 343-9711
F:       (540) 343-9713
John.Lichtenstein@lichtensteinlawgroup.com
Greg.Lyons@lichtensteinlawgroup.com

## CERTIFICATE OF SERVICE

I, John E. Lichtenstein, hereby certify that on November 23, 2016, I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

/s/ John E. Lichtenstein
John E. Lichtenstein

---

[1] The disbursement information provided in the Tort Trustee's Status Report is discussed in Doc. 3194 at 2, nn.1-5 and accompanying text.