IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § § | MDL Docket No. |
| ------------------------------------------------- | § | |
| This Order Relates To: *Andrews* – 3:15-cv-03484-K *Davis* – 3:15-cv-01767-K *Metzler* – 3:12-cv-02066-K *Rodriguez* – 3:13-cv-3938-K *Standerfer* – 3:14-cv-01730-K *Weiser* – 3:13-cv-03631-K | § § § § § § § § | 3:11-MD-2244-K |
| ------------------------------------------------- | § | |

## ORDER CONSOLIDATING BELLWETHER CASES FOR TRIAL

Pursuant to Federal Rule of Civil Procedure 42, the above-referenced actions are consolidated for trial on all issues.

### Background

Pursuant to 28 U.S.C. §1407, the United States Judicial Panel on Multidistrict Litigation ordered coordinated or consolidated pretrial proceedings in this Court of all actions involving the Pinnacle Acetabular Cup System hip implants ("Pinnacle Device") manufactured by DePuy Orthopaedics, Inc. ("DePuy"). The DePuy Pinnacle multidistrict litigation ("MDL") involves the design, development, manufacture, and distribution of the Pinnacle Device. The Pinnacle Device is used to replace diseased hip joints and was intended to remedy conditions such as osteoarthritis, rheumatoid arthritis, avascular necrosis, or fracture, and to provide

patients with pain-free natural motion over a longer period of time than other hip replacement devices. Presently there are over eight thousand cases in this MDL involving Pinnacle Devices made with sockets lined with metal, ceramic, or polyethylene. Pursuant to an Order of this Court, several matters were selected as bellwether matters for a September 26, 2016, trial setting. On June 10, 2016, seven California cases were initially selected as bellwether cases for the current trial setting, and, following additional discovery and motions by all parties, the *Andrews* (3:15-cv-03484), *Davis* (3:15-cv-01767), *Metzler* (3:12-cv-02066), *Rodriguez* (3:13-cv-03938), *Standerfer* (3:14-cv-01730), and *Weiser* (3:13-cv-03631) matters (the "Bellwether Cases") have been selected for consolidation for trial.

Plaintiffs are citizens of the state of California who underwent hip arthroplasty procedures and were implanted with a DePuy Pinnacle Metal-on-Metal Device or the spouses of those undergoing the procedure. According to Andrews, Davis, Metzler, Rodriguez Standerfer and Weister (the "Bellwether Plaintiffs"), the Pinnacle Device results in unreasonably high, early failure rates, metallosis, biologic toxicity, tissue death, bone erosion, the development of "pseudotumors," severe inflammation, severe pain, and other related diseases, and Defendants were aware of such risks while failing to warn of the same or while making representations to the contrary.

The Bellwether Plaintiffs allege claims including negligence arising out of the design, research, manufacture, marketing, supply, promotion, sale, testing, quality assurance, quality control, and distribution of the Pinnacle Device, strict liability in

failure to warn and design defect, violation of consumer protection statutes regarding the safety and effectiveness of the Pinnacle Device, breaches of express and implied warranties, and for personal injury and exemplary damages.

## Legal Standard

Rule 42 of the Federal Rules of Civil Procedure permits the consolidation for trial any actions before the court which involve a common question of law or fact. Fed. R. Civ. P. 42(a)(1). This court has broad discretion in determining whether to consolidate cases. *See, e.g., Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1997) ("The trial court's managerial power is especially strong and flexible in matters of consolidation."). Consolidation is proper when it will avoid unnecessary costs or delay, *see, e.g., Mills*, at 761-62, without prejudicing the rights of the parties, *see, e.g., St. Bernard Gen. Hospital, Inc. v. Hosp. Service Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir.1983). Consolidation does not merge the suits into a single action but rather is "a procedural device used to promote judicial efficiency and economy" while "the actions maintain their separate identities." *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993).

Under the facts and circumstances of the Bellwether Cases, the Court finds that the common issues of law and fact predominate and favor consolidation, and the rights of the parties are not prejudiced by an order of consolidation. As noted by the Judicial Panel on Multidistrict Litigation when consolidating the Pinnacle Device

matters for pretrial matters, the actions in this MDL share factual questions as to whether the Pinnacle Device was defectively designed and/or manufactured, and whether defendants failed to provide adequate warnings concerning the device. These common issues will continue to predominate at the trial of this matter. Specifically, the circumstances of the Bellwether Cases suggest that the Pinnacle Device at issue for each Bellwether Plaintiff underwent similar testing, manufacturing, and marketing, that each of the Bellwether Plaintiffs and their physicians were provided with similar warnings regarding the Pinnacle Device, that each of the Bellwether Plaintiffs experienced similar implantation procedures, and that each of the Bellwether Plaintiffs experienced similar complications. These prevailing common issues support consolidation of these matters for trial. *See, e.g.*, *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2010 WL 797273 (M.D. Ga. Mar. 3, 2010) (finding consolidation appropriate with the significant common issues of the manufacturer's knowledge of risks and proper curative treatment versus what was disclosed to physicians, along with other common evidence including expert testimony on "research, development, design, testing, manufacturing, quality control, and product evaluation-as well as general evidence on anatomy, biostatistics, bioengineering, the Food and Drug Administration's 510(k) process, and [Defendant's] corporate knowledge.").

    The Court acknowledges that the individual damages alleged will require separate evidence, including evidence relating to Plaintiffs' individual treating

physicians. However, any differences between the Plaintiffs can be easily explained to a jury, and any potential risks of prejudice or confusion may be avoided through the organized presentation of evidence and cautionary jury instructions. A single jury will be empaneled to hear the consolidated trial of the Bellwether Cases, but the jury will be instructed to consider liability as to each Bellwether Plaintiff and his or her damages, if any, separately.

Accordingly, the *Andrews* (3:15-cv-03484-K), *Davis* (3:15-cv-01767-K), *Metzler* (3:12-cv-02066-K), *Rodriguez* (3:13-cv-03938-K), *Standerfer* (3:14-cv-01730-K), and *Weiser* (3:13-cv-03631-K) matters are consolidation for trial pursuant to Rule 42 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed September 20, 2016.

*/s/ Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE