UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S NOTICE REGARDING DISCOVERY INFORMATION STORED IN RUST/OMNI AND U.S. LEGAL REPOSITORIES**

Please take notice that the Plaintiffs' Steering Committee ("PSC") hereby intends to instruct Rust Consulting/Omni Bankruptcy ("Rust/Omni") and U.S. Legal Support ("U.S. Legal") (collectively, the "Vendors") to discontinue online access to the discovery information stored by them in connection with this litigation. This action will affect only online (i.e. web-based) access – it will not affect authorized parties' access to the information by other means.

Pursuant to this Court's orders, all documents and information produced in this litigation (the "Discovery") were produced to third-party vendors Rust/Omni and U.S. Legal, which stored the Discovery in repositories on secure servers.[1] For the convenience of all authorized parties during the pendency of the MDL, the PSC has paid the Vendors about $4000 per month to make the Discovery available online – that is, accessible by logging onto a secure website with authorized credentials in order to view and download the Discovery.

Now the MDL is in an advanced stage, with many cases remanded back to their courts of origin for resolution.[2] Accordingly, demand for the Discovery is also diminished.[3] Therefore, in

---

[1] *See* [Dkt. Nos. 192, 224, 237].

[2] *See, e.g.,* Suggestion of Remand or Transfer [Dkt. No. 3076] (Aug. 25, 2016).

[3] For example, access to the Rust repository (which contains only HIPAA-protected health information) is limited to Plaintiffs' Lead Counsel and the Post-Confirmation Officer, neither of whom has a need for it anymore.

an effort to reduce the ongoing costs and expenses associated with electronic data storage, the PSC hereby notifies the Court and all interested parties of its intention to instruct the Vendors to discontinue online access to the Discovery. Again, this move will discontinue only online, web-based access – all the Discovery will continue to be securely stored by the Vendors and remain accessible offline to all authorized parties for the duration of the MDL. In the unlikely event that any authorized party needs to access the Discovery after it is taken offline, they can request it from Rust/Omni or U.S. Legal and, at their own expense, receive the Discovery via external media (i.e. on an external hard drive sent to them) or via secure FTP download.

To the extent that a party or other person or entity receiving this notice opposes this action by the PSC, such party, person, or entity must file an objection with this Court within 14 days of service of this Notice. Any objection must show cause why the PSC should not instruct the Vendors to discontinue online access to the Discovery and specifically address whether the objecting party agrees to bear the ongoing monthly costs and expenses in connection with maintaining online access to the Discovery. If no objections are filed within the prescribed 14-day period, the PSC will proceed, without further order of this Court, with the intended instructions to the Vendors.

Dated:  December 4, 2016                                  Respectfully submitted,

                                                          /s/ Annika K. Martin
                                                          Annika K. Martin


                                                          Mark P. Chalos
                                                          Annika K. Martin
                                                          LIEFF CABRASER HEIMANN &
                                                          BERNSTEIN, LLP
                                                          150 Fourth Avenue North, Suite 1650

1330696.1

Nashville, TN 37219-2417
Telephone: (615) 313.9000
Facsimile: (615) 313.9965
mchalos@lchb.com
akmartin@lchb.com

*Federal/State Liaison and* Pro Se *Liaison*

Thomas M. Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@bsjfirm.com
beng@bsjfirm.com

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: (248) 557-1688
Facsimile: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

3

1330696.1

Mark Zamora
ZAMORA FIRM
6 Concourse Way, 22nd Floor
Atlanta, GA 30328
Telephone: (404) 451-7781
Facsimile: (404) 506-9223
marc@markzamora.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: (540) 342-2000
pfennel@crandalllaw.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Annika K. Martin, hereby certify that I caused a copy of the above *Notice Regarding Discovery Information Stored in Rust/Omni and U.S. Legal Repositories* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: December 4, 2016                                   _____
                                                                                 Annika K. Martin

1330696.1