UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>All cases concerning Specialty Surgery Center, Kenneth R. Lister, M.D., and Kenneth Lister, M.D., P.C.<br>_____ | MDL No.: 2419<br>Dkt. No.: 1:13-md-2419<br><br>Judge Rya W. Zobel |

### SSC DEFENDANTS' MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Defendants Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC, (collectively "SSC Defendants") come now and respectfully move this Court, pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3), to amend its November 17, 2016 Order (Dkt. 3188) to include the § 1292(b) language necessary to allow the SSC Defendants to petition the First Circuit for an appeal of the portion of the Court's Order declining to dismiss the five (5) Branstetter Actions.

The Court declined to dismiss those actions, finding that it is "the law of the case that 'plaintiffs did not have to file … certificates of good faith with original complaints alleging only products liability.'"[1]  Thus, the Court found, the plaintiffs complied with the certificate of good faith requirement by filing amended complaints that added claims under the THCLA and included certificates of good faith. Under Tennessee law, however, a certificate of good faith must be filed with the complaint in any action related to the provision of health care services in which expert testimony is required. Tenn.

---

[1] Dkt. 3188 at 2.

1

Code Ann. § 29-26-122. The failure to simultaneously file a certificate of good faith requires dismissal of the action with prejudice. Id. A plaintiff who fails to file the required certificate of good faith cannot fix the deficiency with an amended complaint. See Shockley v. Mental Health Coop., Inc., 429 S.W.3d 582, 593 (Tenn. Ct. App. 2013). Moreover, as the Tennessee Supreme Court expressly held in Ellithorpe v. Weismark, 479 S.W.3d 818 (Tenn. 2015):

> Giving every word in this section its full effect and plain meaning, we hold that section 29–26–101 establishes a clear legislative intent that *all* civil actions alleging that a covered health care provider or providers have caused an injury related to the provision of, or failure to provide health care services be subject to the pre-suit notice and certificate of good faith requirements, regardless of any other claims, causes of action, or theories of liability alleged in the complaint.

Id. at 827(emphasis added).

Regarding the five (5) Branstetter Actions at issue, the SSC Defendants maintain the position that these actions should be dismissed or, at minimum, Tennessee law on this issue is unsettled. Certification of the November 17, 2016 Order (Dkt. 3188) pursuant to 28 U.S.C. § 1292(b) is appropriate because the decision involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Order may materially advance the ultimate termination of this litigation.

For the reasons set forth in the contemporaneously filed Memorandum of Law in Support of this Motion, the SSC Defendants request the Court enter an amended order certifying its Order declining to dismiss the five (5) Branstetter Actions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

*/s/* Parks T. Chastain
**PARKS T. CHASTAIN**[*]
**KENT E. KRAUSE**[*]
**ASHLEY E. GENO**[*]
Attorneys for Defendants, Specialty Surgery Center, PLLC and Kenneth R. Lister, M.D.
**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN   37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

GIDEON, COOPER & ESSARY, PLC

/s/ Chris J. Tardio
C.J. Gideon, Jr.[**]
Chris J. Tardio[**]
Alan S. Bean[***]
Matthew H. Cline[**]
315 Deaderick Street, Suite 1100
Nashville, TN   37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com
***Attorneys for the Tennessee Clinic Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be served via electronic mail or regular US mail to those participants identified as unregistered this the 7th day of December, 2016.

*/s/* Parks T. Chastain
**PARKS T. CHASTAIN**

---

[*] Admitted *pro hac vice*
[**] Admitted pursuant to MDL Order No. 1
[***] Admitted *pro hac vice*

3