UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> All cases concerning Specialty Surgery Center, ) <br> Kenneth R. Lister, M.D., and Kenneth Lister, ) <br> M.D., P.C. ) <br> _____ ) | MDL No.: 2419 <br> Dkt. No.: 1:13-md-2419 <br><br> Judge Rya W. Zobel |

### SSC DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Defendants Specialty Surgery Center, PLLC; Kenneth R. Lister, MD; and Kenneth Lister, MD, PC (collectively "SSC Defendants") have moved this Court, pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3), to revise its November 17, 2016 Order (Dkt. 3188) to include the § 1292(b) language necessary to allow the SSC Defendants to petition the First Circuit for an appeal of the Court's ruling declining to dismiss the five (5) Branstetter Actions. In support of their Motion, the SSC Defendants state as follows:

### BACKGROUND

On November 17, 2016, this Court declined to dismiss the five (5) Branstetter cases. The Court found that it is "the law of the case that 'plaintiffs did not have to file … certificates of good faith with original complaints alleging only products liability.'"[1] Thus, the Court found, the plaintiffs complied with the certificate of good faith

---

[1] Dkt. 3188 at 2.

1

requirement by filing amended complaints that added claims under the THCLA and included certificates of good faith.

The Defendants maintain that, under Tennessee law, a certificate of good faith must be contemporaneously filed with the complaint in any action related to the provision of health care services in which expert testimony is required.  Tenn. Code Ann. § 29-26-122. Further, the failure to contemporaneously file a certificate of good faith requires dismissal of the action with prejudice.  Id.  A plaintiff who fails to file the required certificate of good faith cannot fix the deficiency with an amended complaint. See Shockley v. Mental Health Coop., Inc., 429 S.W.3d 582, 593 (Tenn. Ct. App. 2013). Moreover, as the Tennessee Supreme Court expressly held in Ellithorpe v. Weismark, 479 S.W.3d 818 (Tenn. 2015):

> Giving every word in this section its full effect and plain meaning, we hold that section 29–26–101 establishes a clear legislative intent that *all* civil actions alleging that a covered health care provider or providers have caused an injury related to the provision of, or failure to provide health care services be subject to the pre-suit notice and certificate of good faith requirements, regardless of any other claims, causes of action, or theories of liability alleged in the complaint.

Id. at 827 (emphasis added).

As such, the SSC Defendants respectfully request that the Court certify the decision as proper for interlocutory appeal.  The Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of this litigation.  Thus the Court should grant the Defendants' request.

2

**LAW AND ARGUMENT**

This Court may certify for interlocutory review any order, not otherwise appealable, that involves a controlling question of law as to which there are grounds for a substantial difference of opinion and where an immediate appeal may materially advance the termination of the litigation. <u>United Air Lines, Inc. v. Gregory</u>, 716 F. Supp. 2d. 79, 90 (D. Mass. 2010) (citing 28 U.S.C. § 1292(b); <u>Philip Morris, Inc. v. Harshbarger</u>, 957 F. Supp. 327, 330 (D. Mass. 1997)). This follows 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, **shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [she] shall so state in writing in such order.** The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1291(b) (emphasis added).

**I.   The Order involves a controlling question of law on which substantial grounds for a difference of opinion exist.**

A controlling question of law is one that "will determine the outcome or even the future course of the litigation," and "a question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." <u>Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.</u>, 233 F. Supp. 2d 16, 19 (D.D.C. 2002) (citation omitted).

"Substantial grounds for a difference of opinion arise when an issue involves 'one or more *difficult* and *pivotal* questions of law not settled by controlling authority." <u>United</u>

3

Air Lines, Inc. v. Gregory, 716 F. Supp. 2d at 92 (citation omitted). A "difference of opinion" does not arise every time a court is called upon to apply a particular legal principle to a novel fact pattern. Id. Rather, the issue must relate to the actual legal principle itself, and not the mere application of that principle to a particular set of facts. Id.

Here, these requirements are met regarding the issue of whether the five (5) Branstetter Plaintiffs complied with the THCLA's certificate of good faith requirement.

First, the question is controlling because it will determine the future course of this litigation – i.e., whether those five (5) Branstetter Actions should be dismissed with prejudice. Answering the dispositive question also obviously – if these Defendants are correct – would save the Court and litigants time and money because it would end the actions.

Second, substantial grounds for a difference of opinion on the issue exist. There is a reasonable difference of opinion on whether Tennessee's Health Care Liability Act, as interpreted by Tennessee's Supreme Court, allows the Branstetter Plaintiffs to do what they did. There is no Tennessee case directly on point. The only case arguably on point – Ellithorpe – supports the Defendants' position. And, if the question is to be addressed by the Tennessee Supreme Court, the issue should first go to the First Circuit for certification.[2]

## II. An immediate appeal from the Order may materially advance the ultimate termination of the litigation.

An immediate appeal of the Court's Order could materially advance the ultimate termination of this litigation. If the Court's decision is reversed on appeal, these five (5)

---

[2] Tenn. R. S. Ct. 23 (Tennessee Supreme Court can accept certified questions from Tennessee district courts and U.S. Courts of Appeal).

4

cases will be dismissed with prejudice. Accordingly, the parties and Court will avoid using significant time and resources litigating these cases. Additionally, the resolution of this dispositive issue in these five cases will allow the parties to have a firm grasp on the total number of "live" SSC cases, a potential factor in any future global resolution.

## CONCLUSION

Certification for interlocutory review of an order not otherwise appealable is appropriate when it involves a controlling question of law as to which there are grounds for substantial difference of opinion and where an immediate appeal may materially advance the ultimate termination of the litigation. <u>United Air Lines, Inc.</u>, 716 F. Supp. 2d. at 90. These requirements are met here. The SSC Defendants request that the Court revise the order to include the language certifying the issue for interlocutory appeal to the First Circuit.

Respectfully submitted,

 */s/* Parks T. Chastain
**PARKS T. CHASTAIN**[*]
**KENT E. KRAUSE**[*]
**ASHLEY E. GENO**[*]
Attorneys for Defendants, Specialty Surgery Center, PLLC and Kenneth R. Lister, M.D.
**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

GIDEON, COOPER & ESSARY, PLC

/s/ Chris J. Tardio

---

[*] Admitted *pro hac vice*

5

ST Specialty Sx Ctr Johnson Mot Am & App Mem 161201

        C.J. Gideon, Jr.[**]
        Chris J. Tardio[**]
        Alan S. Bean[***]
        Matthew H. Cline[**]
        315 Deaderick Street, Suite 1100
        Nashville, TN 37238
        Ph: (615) 254-0400
        Fax: (515) 254-0459
        chris@gideoncooper.com
        ***Attorneys for the Tennessee Clinic Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be served via electronic mail or regular US mail to those participants identified as unregistered this the 7th day of December, 2016.

        /s/ Parks T. Chastain
        **PARKS T. CHASTAIN**

---

[**] Admitted pursuant to MDL Order No. 1
[***] Admitted *pro hac vice*