# EXHIBIT B

## Anthony Orlandi

| | |
|---|---|
| **From:** | Anthony Orlandi |
| **Sent:** | Sunday, November 20, 2016 9:54 AM |
| **To:** | 'Matt H. Cline'; Ben Gastel |
| **Cc:** | Kent Krause; Chris J. Tardio; Ginger F. Ward |
| **Subject:** | RE: CMC Doc Production #3 |
| **Attachments:** | CMCSubpoenaResponseE-Discovery0193647_PSC_image (Redacted for Peer Review).pdf |

Matt:

The Court allowed the assertion of privilege for two limited reasons: (1) QIC or PRP privilege relative to the SSC Defendants; and (2) a "personal privilege" as to Jean Atkinson.

With respect to (1), if the redactions made by the SSC Defendants simply duplicate redactions to documents previously produced, we are ok with the method you propose, provided that it does not require additional time and expense by LogicForce. However, to the extent that the SSC Defendants have made redactions on the basis of QIC or PRP to documents that are not duplicative of prior productions, we will need an itemized privilege log that justifies the basis for each redaction or withholding. I would note that some redactions are facially untenable, such as redacting the "from" or "to" section of a document on the basis of the QIC along with the entirety of its content. (see attached) Simply stating "QIC" or "Peer Review" does not suffice, and we will need an itemized justification for the redactions. This is similar to the issue we had with SSC's supplemental production this spring – the burden is not the PSC to figure out the asserted privilege, it is on your clients to identify it and to justify it wherever asserted.

With respect to (2), we will need an itemized privilege log that justifies the application of privilege to each document -- document by document. The itemized log will need to include the date, sender, recipient(s) (including anyone copied on it), subject matter of the communications, and the specific basis for the assertion of privilege. Block categories or generically "identifying" documents will not suffice. The PSC is entitled to a basis to evaluate each claim of privilege as to each document, including whether anyone other Ms. Atkinson was included on a particular communication with counsel over which you are nevertheless asserting a "personal privilege" as to Ms. Atkinson.

Although you have referenced burden as an issue, I would note that your clients are the ones who contested the original protocols and sought the right to intervene to review these records for privilege, which the Court granted for limited purposes. We reasonably expected that, as you went through the production, you would track the documents to be withheld or redacted on the basis of an asserted privilege as allowed by the Court.

-Tony

**Anthony (Tony) A. Orlandi**

BS&J BRANSTETTER
STRANCH & JENNINGS
PLLC

The Freedom Center || 223 Rosa L. Parks Ave., Suite 200 || Nashville, TN 37203 || (615) 254-8801

---

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Thursday, November 17, 2016 6:27 PM
**To:** Anthony Orlandi; Ben Gastel

1

**Cc:** Kent Krause; Chris J. Tardio; Ginger F. Ward
**Subject:** RE: CMC Doc Production #3

Tony:

First, the protocol doesn't seem to actually require a privilege log for the E-Discovery Review, only the Forensic Review. I assume this was an oversight. Additionally, the protocols says five <u>business</u> days for the privilege log, so it would not be due until tomorrow. We will produce one, but we need a couple of extra days given the size of the production. You will have it before close of business on Wednesday, November 23 (if not sooner).

Second, I would like to propose some reasonable parameters for the privilege log, consistent with what we have done in the past.

- We have redactions on nearly 1000 <u>files</u> (not pages), <u>many</u> of which are duplicative of redactions in documents we previously produced (some on more than one occasion). Thus, including an entry on the privilege log for every redaction will be extremely burdensome. Instead, we propose identifying the privilege applicable to each file (assuming LogicForce can run such a report). We endeavored to leave enough information unredacted to enable you to evaluate the claim of privilege. Obviously, if something is unclear, you can just ask for a more detailed explanation of the redacted information, and we will provide it. This is basically what we did with the recent production of board minutes, and we received no indication from you that this was not satisfactory.

- For the files we are withholding entirely, we will supplement our previous privilege log to identify these documents or categories of documents (*e.g.*, "emails between Jean Atkinson and counsel").

Please let us know if this is satisfactory.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

**From:** Anthony Orlandi [mailto:aorlandi@bsjfirm.com]
**Sent:** Thursday, November 17, 2016 10:24 AM
**To:** Matt H. Cline <matt@gideoncooper.com>; Ben Gastel <beng@bsjfirm.com>
**Cc:** Kent Krause <kkrause@bkblaw.com>; Chris J. Tardio <chris@gideoncooper.com>; Ginger F. Ward <ginger@gideoncooper.com>
**Subject:** RE: CMC Doc Production #3

Matt:

When should we expect a privilege log from SSC and Ms. Atkinson for their production redactions? Under the original protocols, I believe you had five days in which to do so. We would need the privilege logs asap in order to evaluate the sufficiency of claimed privileges in advance of the depositions.

Please advise.

2

-Tony

**Anthony (Tony) A. Orlandi**
**BSJ** BRANSTETTER
STRANCH & JENNINGS
PLLC

The Freedom Center || 223 Rosa L. Parks Ave., Suite 200 || Nashville, TN 37203 || (615) 254-8801

---

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Friday, November 11, 2016 11:18 AM
**To:** Ben Gastel; Anthony Orlandi
**Cc:** Kent Krause; Chris J. Tardio; Ginger F. Ward
**Subject:** CMC Doc Production #3

Ben/Tony:

A moment ago, we advised Genta to produce rest of the CMC document production to you, totaling nearly 6,000 files. Consistent with our prior agreements, we are not producing the following:

- Files that are not viewable due to their format. With this set, we also came across a handful of documents (10 or less) with text so small that we couldn't read it even with maximum zoom. We consider these to be not viewable. Likewise, there were some files that were apparently password protected that LogicForce could not open. They appeared only as a one-page placeholder that said "Password Protected." We are not producing these because we could not view the substance of the files.

- Spreadsheets containing protected health information for non-plaintiffs. Consistent with our agreement, we are producing the pages with entries for the three bellwether plaintiffs (Smith, Savercool, and Nealon). We may be producing a few full spreadsheets that we had already finished redacting before we reached an agreement on this limitation.

- Spreadsheets created prior to 2011, along with pre-2011 family members for those spreadsheets (*i.e.*, emails from pre-2011 attaching pre-2011 spreadsheets, and other pre-2011 attachments to those emails). Again, there are probably a few of these in the production if we had already completed redaction before we reached an agreement on this limitation.

- Spreadsheets showing only revenue from insurers.

- Duplicates of spreadsheets already produced, or being produced with this production. I am certain we have not come close to excluding all duplicate spreadsheets, but we were able to exclude some. There were also about 19 non-spreadsheet files that we excluded because (1) they required redaction, and (2) we already redacted and produced another copy of the same file with this or a prior production.

We continued to use a white box with an X through it for all of our redactions. We did not encounter any redactions from CMC using this type of box, so it is safe to assume any white box with a black X is a redaction we applied. All other redactions are from CMC.

At this time, we are not separately asserting privilege over the information redacted by CMC. Because the information was redacted when we received it, we were unable to make a determination as to whether any privilege applied. However, we expressly reserve and do not waive any and all privileges applicable to the information redacted by CMC.

3

Please let me know if you have any questions.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

NOTICE: The information in this message and any attachments are intended only for the personal and confidential use of the designated recipients. This message and any attachments may be an attorney-client communication or other legally privileged communication, and as such are privileged and confidential. If the reader of this message is not the intended recipient or an agent permitted to receive the message, you are hereby notified that you have received this message in error, and that any review or use of this message and any attachments is strictly prohibited. If you have received this message in error, please notify me immediately at any of the numbers or the e-mail shown above. Thank you.

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.