# EXHIBIT J

# Anthony Orlandi

| | |
|---|---|
| **From:** | Matt H. Cline <matt@gideoncooper.com> |
| **Sent:** | Friday, December 09, 2016 9:52 AM |
| **To:** | Anthony Orlandi |
| **Cc:** | Ben Gastel; 'Chalos, Mark P. (mchalos@lchb.com)'; Martin, Annika K.; Gerard Stranch; Chris J. Tardio; Parks Chastain; John Moran (john.moran@leclairryan.com); Kent Krause; C. J. Gideon |
| **Subject:** | RE: SSC |

Tony:

We notified Dr. Lister and Ms. Atkinson regarding the cancellation of their depositions. I write in an attempt to try to narrow this dispute for the Court so that, when we submit it for decision, we have done all we can to try to resolve it on our own.

1. I am still uncertain as to your position. Are you contesting the substance of our privilege assertion over communications involving multiple clients (STOPNC, HAC, Dr. Jones, or Ms. Atkinson, and SSC)? Or, is your only objection that Magistrate Boal's order did not explicitly permit them to assert this privilege? The former is a much more involved analysis, but an analysis we undertook in detail, following the Restatement and applicable case law in asserting the privilege. If your objection is just to the latter, there is no reason to burden the Court with argument about both.

2. With respect to the substance of our privilege assertion, I have asked several times for any case or rule holding that SSC's waiver of privilege operates to waive privilege for our other clients for joint communications. The only law cited in any of your emails is *Boyd v. Comdata*, which does not address this issue. The "proponents" of the privilege here, STOPNC, HAC, Dr. Jones, and Ms. Atkinson, have not waived privilege. If you have some law you are relying on for the proposition that our non-SSC clients have waived privilege over joint communications, please send it to me. We will look at it and reconsider our position if it is called for.

3. To the extent you take issue with the procedure followed to invoke the privilege (the latter issue in paragraph no. 1), let this email serve as notice (to the extent not already obvious) that (1) STOPNC, HAC, and Dr. Jones have not and do not intend to waive any privilege over communications with counsel, and (2) you can consider the privilege log, to the extent there was any confusion, to be an assertion of privilege by them. I cannot imagine there was any confusion over who we were asserting privilege on behalf of for some of these communications. But, if there was, this will serve as formal notification.

4. If your contentions is that STOPNC, HAC, and Dr. Jones have to formally file a "motion to intervene," before asserting privilege over communications, we are happy to file something if that will satisfy your procedural objection. But, honestly, that seems like a waste of everyone's time, including the Court.

5. You have said a couple times that Judge Boal's order only ruled that Ms. Atkinson did not waive privilege for communications solely between Ms. Atkinson and counsel. Judge Boal's order permits us to assert privilege over documents protected by her personal privilege. Nothing in the order restricts the assertion of privilege to communications solely between Ms. Atkinson and counsel. As with STOPNC, HAC, and Dr. Jones, the waiver of privilege by SSC does not operate to waive Ms. Atkinson's privilege over joint communications. If there is some language in the order upon which you are relying for your position, please direct me to it.

6. I still do not understand whether you think there is information missing from our privilege log. It seems that your objection to our privilege log is more about the procedure we followed in invoking privilege (addressed above). I ask you again, if there is information you believe is missing from our privilege log, just tell me what it is. If there is an entry you believe is deficient in some way, identify it, and tell me what you think is wrong with it. I do not think it is proper or appropriate for you to file a motion taking issue with our privilege log without telling us what you think is wrong with it. That is the entire purpose behind the "meet and confer" requirement in the local rules. If your objection is only about the procedure we followed when invoking the privilege and not with the privilege log itself, just say so, and we can deal with that issue.

7. Finally, practically speaking, you are fighting for access to communications from us to our clients. How is that even admissible or, more simply put, important in this case, other than curiosity about our advice to the clients? None of the emails cover the formulary, which is what, we thought, you were looking for. Can you give us an example of what you are looking for now that might actually be admissible at trial and probative on any issue? We are having a very hard time seeing this wild goose chase as anything that would lead to something of value for trial.

I am in the office next Monday-Thursday and would be happy to discuss at your convenience. I think a phone call may be more productive. But, before we talk on the phone, please give me the case law or rule you are relying on so that I can review it.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Anthony Orlandi [mailto:aorlandi@bsjfirm.com]
**Sent:** Wednesday, December 7, 2016 2:17 PM
**To:** Matt H. Cline <matt@gideoncooper.com>
**Cc:** Ben Gastel <beng@bsjfirm.com>; 'Chalos, Mark P. (mchalos@lchb.com)' <mchalos@lchb.com>; Martin, Annika K. <akmartin@lchb.com>; Gerard Stranch <gerards@bsjfirm.com>; Chris J. Tardio <chris@gideoncooper.com>; Parks Chastain <PChastain@bkblaw.com>; John Moran (john.moran@leclairryan.com) <john.moran@leclairryan.com>; Kent Krause <kkrause@bkblaw.com>; C. J. Gideon <cj@gideoncooper.com>
**Subject:** RE: SSC

Matt:

Based on your email, we are at an impasse. The PSC was entitled to receive records that are not otherwise covered by the two narrow privileges allowed by the Court, but it has not received a complete production because you are plainly asserting unauthorized privilege designations. The PSC cannot be left in the position of leaving opposing counsel unilaterally to decide which of the 150+ records at issue are relevant to the upcoming depositions. There are simply too many records at issue to take this on faith relative to the depositions of Dr. Lister and Ms. Atkinson. The PSC is entitled to make its own evaluation of the relevance of these records once it receives a complete production, and to follow up accordingly.

2

As to your privilege log, it will be your burden to explain to the Court how your log justifies the invocation of privilege on the grounds asserted as to each referenced record, why you waited until November 23, 2016 to raise additional grounds for privilege for which you had never sought relief, and how you can square your invocations of privilege/work product on behalf of Ms. Atkinson with your prior representations to the Court. It is apparent that the PSC and the defendants disagree fundamentally on all of these issues.

Accordingly, we will not be taking Dr. Lister or Ms. Atkinson's depositions next week as previously scheduled, and we will be filing an appropriate motion with the Court.

-Tony

**Anthony (Tony) A. Orlandi**

BS&J BRANSTETTER, STRANCH & JENNINGS PLLC

The Freedom Center || 223 Rosa L. Parks Ave., Suite 200 || Nashville, TN 37203 || (615) 254-8801

---

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Wednesday, December 07, 2016 1:24 PM
**To:** Anthony Orlandi
**Cc:** Ben Gastel; 'Chalos, Mark P. (mchalos@lchb.com)'; Martin, Annika K.; Gerard Stranch; Chris J. Tardio; Parks Chastain; John Moran (john.moran@leclairryan.com); Kent Krause; C. J. Gideon
**Subject:** RE: SSC

Tony:

We cannot agree to just waive privilege for non-SSC clients and produce these documents. However, I'm hoping we can come to an understanding similar to Pick/Simpson that will allow us to proceed with the depositions as scheduled and keep things on track.

Magistrate Boal's order permitting the second depositions of Dr. Lister and Ms. Atkinson limits your questioning to: (1) production of the formulary, (2) the formulary itself, and (3) any modifications to the formulary. I have (again) gone back through the documents we redacted/withheld on the basis of attorney-client/joint defense privilege. None reference the formulary. Two emails generally reference the policies and procedures:

1. 10/12/12 email from Gideon Cooper to Kim Bowlin, Jean Atkinson, and Dr. Lister asking for preservation of documents, including internal policies or protocols related to purchasing

2. 04/1/13 email from Gideon Cooper to Kim Bowlin and Jean Atkinson asking that certain documents be collected for pick up, including internal policies or protocols related to purchasing.

I do not understand your complaint about our privilege log. You demanded that we log every document we withheld or redacted, so that is what we did, despite the significant burden. We used the exact same format we used for our prior privilege logs in this litigation, and you have never complained about it before. As I have done several times now, I invite you to call me to discuss. I am happy to see if we can figure out a way to get you a privilege log with which you are satisfied and without burdening the Court with another motion. I just cannot tell from your email what specifically you want/think you are entitled to that we have not provided. The privilege log is unwieldy because the production is enormous. But, that is a problem created by the broad search terms, which produced lots of documents, not the privilege log.

3

In any event, there is no reason our dispute over whether the documents are privileged should delay the depositions when none of the documents we are withholding involve the topics you are permitted to cover with Dr. Lister and Ms. Atkinson.

I am in the office today and tomorrow and would be happy to discuss.

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Anthony Orlandi [mailto:aorlandi@bsjfirm.com]
**Sent:** Tuesday, December 6, 2016 6:00 PM
**To:** Matt H. Cline <matt@gideoncooper.com>
**Cc:** Ben Gastel <beng@bsjfirm.com>; 'Chalos, Mark P. (mchalos@lchb.com)' <mchalos@lchb.com>; Martin, Annika K. <akmartin@lchb.com>; Gerard Stranch <gerards@bsjfirm.com>; Chris J. Tardio <chris@gideoncooper.com>; Parks Chastain <PChastain@bkblaw.com>; John Moran (john.moran@leclairryan.com) <john.moran@leclairryan.com>; Kent Krause <kkrause@bkblaw.com>
**Subject:** RE: SSC

Matt,

In light of your continued refusal to turn over documents that have waived the attorney-client privilege, we see no choice but to take these depositions off-calendar, and seek court intervention as to the remaining privilege issues. The Court has already ruled that your client has waived its attorney-client privilege and work product privilege and your continued attempts to assert the common interest privilege over these matters makes no sense, especially in light of the fact that you never previously asserted this as a potential ground for review in your initial papers on this matter before the Court. Moreover, neither Dr. Jones nor the St. Thomas Neurosurgical defendants sought to intervene with respect to the underlying subpoenas. Also, after seeking from relief from the Court to assert a "personal privilege" as to Ms. Atkinson only for communications on which no one else was copied, you nevertheless have asserted claims of privilege by Ms. Atkinson over numerous communications that involve people other than Ms. Atkinson. As best we can discern, these issues relate to approximately 150 documents withheld from the production (at least), plus additional redacted documents.

Further, your "privilege log" has made it nearly impossible for us to adequately assess whether your privileges asserted as to the attorney-client privilege, work product, and common interest privilege are well-founded, and it has taken us tremendous time to try to cross reference those documents we have found redacted with the information on your privilege log (not to mention documents withheld entirely). We see this as a clear failure of you to carry your burden to show these documents are privileged. You also seem to suggest that since the other entities allegedly covered by the joint privilege have not waived privilege of those documents that you can continue to assert that on their behalf. Tennessee case law requires the proponent of a common interest privilege to ensure that the "person disclosing the information has not otherwise waived its attorney-client privilege for the disclosed information." *Boyd v. Comdata Network*, 88 SW3d 203, 214-215. In light of this case law and your inability to properly show all of the elements for the existence of the common interest privilege for those communications you are continuing to withhold, we believe these documents are still being improperly withheld.

Please confirm by tomorrow whether you will meet your obligations under the Court's prior order and produce to us all documents currently being improperly withheld. If you do so, we will move forward with Lister and Atkinson next week. If you refuse to supplement your production in full, we will take them off of notice and file an appropriate motion with the Court.

Also, for at least the next week or so, I likely will be stepping in for Ben as the primary point of contact on this issue.

Thank You,

Tony

**Anthony (Tony) A. Orlandi**

BSJ BRANSTETTER
    STRANCH & JENNINGS
                  PLLC

The Freedom Center || 223 Rosa L. Parks Ave., Suite 200 || Nashville, TN 37203 || (615) 254-8801

---

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Tuesday, December 6, 2016 9:44 AM
**To:** Ben Gastel <beng@bsjfirm.com>; Gerard Stranch <gerards@bsjfirm.com>
**Cc:** Chalos, Mark P. (mchalos@lchb.com) <mchalos@lchb.com>; Chris J. Tardio <chris@gideoncooper.com>; Parks Chastain <PChastain@bkblaw.com>; John Moran (john.moran@leclairryan.com) <john.moran@leclairryan.com>; Kent Krause <KKrause@bkblaw.com>
**Subject:** RE: SSC

Ben:

I'm confirming details for Dr. Lister and Jean Atkinson's deposition so you can issue notices.

Dr. Lister's deposition:

> Thursday, 12/15 at 3:00 pm
> Law office of Cynthia Wilson
> 230 N. Washington Avenue
> Cookeville, Tennessee 38501

Ms. Atkinson's deposition:

> Friday, 12/16 at 11:00 am
> Gideon, Cooper & Essary, PLC
> UBS Tower, Suite 1100
> 315 Deaderick Street
> Nashville, TN 37238

Please confirm you intend to proceed with these depositions as planned and issue notices.

Thanks.

Matt

5

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Ben Gastel [mailto:beng@bsjfirm.com]
**Sent:** Tuesday, November 22, 2016 3:35 PM
**To:** Matt H. Cline <matt@gideoncooper.com>; Gerard Stranch <gerards@bsjfirm.com>
**Cc:** Chalos, Mark P. (mchalos@lchb.com) <mchalos@lchb.com>; Chris J. Tardio <chris@gideoncooper.com>; Parks Chastain <PChastain@bkblaw.com>; John Moran (john.moran@leclairryan.com) <john.moran@leclairryan.com>; Kent Krause <KKrause@bkblaw.com>
**Subject:** RE: SSC

Matt,

We will issue the notices for Simpson and Pick today. We will take Lister on 12/15, I assume at the same location below, and Atkinson on 12/16 in Nashville. Please let me know the respective addresses for each. Also, I believe Ms. Wilson's office is in Cookeville and not Crossville, please confirm.

Thank You,

Ben Gastel
**Branstetter, Stranch & Jennings, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
P: 615.254.8801
F: 615.255.5419

---

**From:** Matt H. Cline [mailto:matt@gideoncooper.com]
**Sent:** Tuesday, November 22, 2016 2:45 PM
**To:** Gerard Stranch <gerards@bsjfirm.com>; Ben Gastel <beng@bsjfirm.com>
**Cc:** Chalos, Mark P. (mchalos@lchb.com) <mchalos@lchb.com>; Chris J. Tardio <chris@gideoncooper.com>; Parks Chastain <PChastain@bkblaw.com>; John Moran (john.moran@leclairryan.com) <john.moran@leclairryan.com>; Kent Krause <KKrause@bkblaw.com>
**Subject:** RE: SSC

Also, we found a location for Drs. Pick and Simpson on 12/2. Cynthia Wilson agreed to allow us to use her office, which we used for Dr. Patterson's expert deposition. Here's the address:

230 N. Washington Avenue
Crossville, Tennessee 38501

As I mentioned below, Dr. Simpson will go first at 9:00 am, with Dr. Pick to follow in the afternoon.

Matthew H. Cline
Gideon, Cooper & Essary, PLC

6

UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Matt H. Cline
**Sent:** Tuesday, November 22, 2016 1:37 PM
**To:** 'Gerard Stranch' <gerards@bsjfirm.com>; 'Ben Gastel' <beng@bsjfirm.com>
**Cc:** 'Chalos, Mark P. (mchalos@lchb.com)' <mchalos@lchb.com>; Chris J. Tardio <chris@gideoncooper.com>; 'Parks Chastain' <PChastain@bkblaw.com>; 'John Moran (john.moran@leclairryan.com)' <john.moran@leclairryan.com>; 'Kent Krause' <KKrause@bkblaw.com>
**Subject:** RE: SSC

Gerard/Ben:

We are still waiting for a response on deposition dates for Lister and Atkinson. We asked them to hold these dates, but they cannot hold them indefinitely. We need to know something one way or another. I just tried both of you at your office, but you were unavailable.

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Matt H. Cline
**Sent:** Friday, November 18, 2016 3:15 PM
**To:** 'Gerard Stranch' <gerards@bsjfirm.com>
**Cc:** 'Ben Gastel' <beng@bsjfirm.com>; 'Chalos, Mark P. (mchalos@lchb.com)' <mchalos@lchb.com>; Chris J. Tardio <chris@gideoncooper.com>; 'Parks Chastain' <PChastain@bkblaw.com>; 'John Moran (john.moran@leclairryan.com)' <john.moran@leclairryan.com>; 'Kent Krause' <KKrause@bkblaw.com>
**Subject:** RE: SSC

Ben/Gerard:

I'm following up on Lister/Atkinson deposition dates again. I thought you were getting back to us yesterday.

Also, we will present Dr. Simpson at 9:00 am. on December 2, with Dr. Pick to follow. We are working on a location in the Crossville/Cookeville area and will advise as soon as we have one (hopefully by the end of the day Monday).

Thanks.

Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400

Fax: (615) 254-0459
matt@gideoncooper.com

**From:** Matt H. Cline
**Sent:** Thursday, November 17, 2016 6:24 PM
**To:** 'Gerard Stranch' <gerards@bsjfirm.com>
**Cc:** Ben Gastel <beng@bsjfirm.com>; Chalos, Mark P. (mchalos@lchb.com) <mchalos@lchb.com>; Chris J. Tardio <chris@gideoncooper.com>; Parks Chastain <PChastain@bkblaw.com>; John Moran (john.moran@leclairryan.com) <john.moran@leclairryan.com>; Kent Krause <KKrause@bkblaw.com>
**Subject:** RE: SSC

Gerard:

Any word on this?

Thanks.

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

**From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
**Sent:** Wednesday, November 16, 2016 6:12 PM
**To:** Matt H. Cline <matt@gideoncooper.com>
**Cc:** Ben Gastel <beng@bsjfirm.com>; Chalos, Mark P. (mchalos@lchb.com) <mchalos@lchb.com>; Chris J. Tardio <chris@gideoncooper.com>; Parks Chastain <PChastain@bkblaw.com>; John Moran (john.moran@leclairryan.com) <john.moran@leclairryan.com>; Kent Krause <KKrause@bkblaw.com>
**Subject:** Re: SSC

Thanks Matt. We will get back to you tomorrow

Sent from my iPhone

On Nov 16, 2016, at 6:56 PM, Matt H. Cline <matt@gideoncooper.com> wrote:

> Gerard:
>
> Ms. Atkinson has agreed to make herself available the morning of 12/15, with Dr. Lister going that afternoon (in Crossville). Alternatively, Ms. Atkinson is willing to come to Nashville on 12/16, with Dr. Lister going the afternoon of 12/15 in Crossville.
>
> Please let us know if either of these options works. We are trying our best to accommodate your schedule, but we all have other obligations, too.
>
> Thanks.
>
> Matt

Matthew H. Cline
Gideon, Cooper & Essary, PLC
UBS Tower, Suite 1100
315 Deaderick Street
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
matt@gideoncooper.com

---

**From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
**Sent:** Wednesday, November 16, 2016 4:37 PM
**To:** Kent Krause <KKrause@bkblaw.com>
**Cc:** Ben Gastel <beng@bsjfirm.com>; Matt H. Cline <matt@gideoncooper.com>; Chalos, Mark P. (mchalos@lchb.com) <mchalos@lchb.com>; Chris J. Tardio <chris@gideoncooper.com>
**Subject:** Re: SSC

Then lister has to miss his event.

Sent from my iPhone

On Nov 16, 2016, at 5:36 PM, Kent Krause <KKrause@bkblaw.com> wrote:

> We have exhausted those.  None worked.
>
> **Kent E. Krause**
> *Attorney at Law*
>
> <image003.jpg>
>
> 611 Commerce St., Ste. 2600, Nashville, TN 37203
> Mailing: P.O. Box 23890, Nashville, TN 37202-3890
> *Website: www.bkblaw.com*
> **Direct: 615-630-7755**  *Fax: 615-256-8985*
> ***********************************************************************************
> NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail so that our address record can be corrected.
> ***********************************************************************************
>
> ---
>
> **From:** Gerard Stranch [mailto:gerards@bsjfirm.com]
> **Sent:** Wednesday, November 16, 2016 4:35 PM
> **To:** Ben Gastel
> **Cc:** Kent Krause; Matt H. Cline (matt@gideoncooper.com); Chalos, Mark P. (mchalos@lchb.com)
> **Subject:** Re: SSC
>
> Kent,
>
> This is becoming unnecessarily complicated. If we can't do both on the 16th, then we need to look earlier.  The 9th doesn't work because we have a hearing the day before.   Please provide us dates that work for both during the actual discovery window.

9

G

Sent from my iPhone

On Nov 16, 2016, at 5:32 PM, Ben Gastel <beng@bsjfirm.com> wrote:

> The whole point is we are trying to make one trip to Crossville. Is that not feasible?
>
> ---
>
> **From:** Kent Krause [mailto:KKrause@bkblaw.com]
> **Sent:** Wednesday, November 16, 2016 4:30 PM
> **To:** Ben Gastel <beng@bsjfirm.com>
> **Cc:** Matt H. Cline (matt@gideoncooper.com) <matt@gideoncooper.com>
> **Subject:** SSC
>
> Ben, Dr. Lister has a function on 12/16. Can we do him starting at 3PM on the 15th? Atkinson would be the 16th.
>
> ***Kent E. Krause***
> *Attorney at Law*
>
> <image001.jpg>
>
> 611 Commerce St., Ste. 2600, Nashville, TN 37203
> Mailing: P.O. Box 23890, Nashville, TN 37202-3890
> *Website: www.bkblaw.com*
> ***Direct: 615-630-7755** Fax: 615-256-8985*
> *******************************************************************************
>
> NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail so that our address record can be corrected.
> *******************************************************************************

IMPORTANT: This communication from the law firm of Branstetter, Stranch & Jennings, PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.