# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) MDL No. 02419 <br> Docket No. 1:13-md-2419-RWZ |
| This document relates to: | ) ) ) |
| All of the cases against the Box Hill Defendants[1] | ) ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL

Defendants, Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., Ritu T. Bhambhani, M.D., LLC, ("Box Hill Defendants"), by and through undersigned counsel, hereby file this Opposition to Plaintiff's Motion to Consolidate for Purposes of Trial, and in support state as follows:

### I.      Introduction

The eight cases before this Court were originally transferred to the United States District Court of Massachusetts as part of the Multidistrict Litigation ("MDL") to maximize efficiency related to pre-trial common issue discovery.

The Plaintiffs in the above captioned matter (the "Box Hill Plaintiffs") are part of this MDL. Although the Box Hill Plaintiffs state facts in their Introduction as "agreed," the facts and injuries in these cases are very much in dispute. The MDL has helped provide structure and a consistent process for the common discovery issues among all cases. However, the underlying

---

[1] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

facts, medical care, and injuries alleged by each of the Plaintiffs in the separate Box Hill cases are distinct.

What was once an issue of convenience and efficiency for purposes of common discovery is no longer pertinent.

With common issue discovery nearing the end, the Box Hill Defendants have requested remand to Maryland state court, pursuant to Lexecom and the rules of the JPML, in an effort to make this litigation more efficient. There, the eight MDL cases can be consolidated with the 26 other cases that are being litigated in the Circuit Court for Harford County, Maryland. These cases involve the same Defendants, attorneys, witnesses, and experts. Litigation in the Maryland Box Hill cases is progressing. Despite the obvious convenience and efficiency of having all 34 Box Hill cases in Maryland, the Box Hill Plaintiffs in the MDL have objected to remand. *See* Dkt. 3028 and 3052. It is also telling that Plaintiffs regularly request that they be permitted to participate at status conferences and hearings by telephone. *See, e.g.,* Dkt. 3209.

Plaintiffs now argue that convenience is paramount and ask the Court to abandon the MDL bellwether process that has existed for the past three years, create a new format for their claims alone, and consolidate eight cases into one trial. It is evident that Plaintiffs' request has nothing to do with convenience and efficiency and is entirely based on what option will prejudice the Defendants the most. Plaintiffs' Motion to Consolidate should be denied because it would (1) contradict the established bellwether process; (2) inflict significant prejudice on the Box Hill Defendants; (3) create inefficiency, inconvenience, increased cost, confusion, and unnecessary delay; (4) conflict with Plaintiffs' prior stance in these cases; and (5) can otherwise be resolved with an efficient and consistent alternative.

## II.    Argument

*1782146*

### a.    There is no precedent in this NECC MDL for consolidated trials.

The procedure throughout this MDL has been to follow a bellwether process with individual case trials. There is no precedent for consolidation of separate damage claims for purposes of trial. In fact, the precedent is quite the contrary. For instance, in the St. Thomas cases in this MDL, four individual cases were set separately for trial. The same bellwether selection process is also underway in several other cases. There is absolutely nothing different from the Box Hill cases and no reason to depart from the established process.

To support their spurious Motion, Plaintiffs' cite to case law that is not rooted in Maryland law and largely related to claims for product liability matters. *See In re Mentor Corp.* and *In re Depuy Orthopedics.* Plaintiffs also fail to recognize, or they conveniently failed to mention, that the bellwether process implemented for other healthcare provider defendants in this MDL has been consistent for the past 3 years. All prior Plaintiffs and Defendants have utilized this process. Plaintiffs' proposal to consolidate their particular cases and abandon the bellwether process entirely is unprecedented and not supported by their Motion. Their position in this MDL is no different than that of every other Plaintiff, yet they ask for unique treatment. There is absolutely no reason to divert from the bellwether process that has been established in this MDL.

The Box Hill Plaintiffs have presented nothing that distinguishes them from all of the other Plaintiffs involved in the NECC MDL. Accordingly, if the Box Hill cases are not remanded to Maryland, the bellwether process should be maintained and Plaintiffs' Motion to Consolidate should be denied.

### b.    Consolidation unfairly prejudices the Box Hill Defendants and would establish a dangerous precedent in the NECC MDL.

Plaintiffs' Motion to Consolidate must fail because consolidation unfairly prejudices the Box Hill Defendants. Plaintiffs' Motion relies on an oversimplified and improperly cited principle

elucidated in Fed. R. Civ. P. 42 (a) and explained in *Untied States v. Knauer*, 149 F.2d 519 (7th Cir. 1945). Plaintiffs argue that consolidation of actions that "involve a common question of law or fact" should be consolidated <u>wherever</u> possible. Although nuanced, Plaintiffs improperly cite *Knauer*. In fact, the language in *Knauer* reads that Rule 42(a) "was designed and intended to encourage consolidation <u>where</u> possible." *Id.* at 520.

Conveniently, Plaintiffs also fail to point out that *Knauer* was a case concerning an administrative action related to the Naturalization Act in which the federal government revoked and cancelled certificates of naturalization issued to fourteen immigrants on the ground that they were fraudulently and illegally procured. *Id.* at 519. Clearly, *Knauer* is an illustration of consolidation related to a common question of law and an identical injury (loss of naturalization). The Court confirmed this by stating, "the matters heard in the consolidated hearing were one and the same, and touched each defendant with exactly the same effect." *Id.* at 520. In the context of medical malpractice and personal injury, comparing the facts and ruling in *Knauer* to the Box Hill case is comparing apples to oranges. Each alleged injury is unique and each Box Hill Plaintiff represents a separate and distinct alleged set of damages. Although there are shared issues of fact related to the underlying liability issues, the impact that those shared issues of fact allegedly have on each Plaintiff is entirely different. Patient plaintiffs were each affected differently, and the specific injuries are distinct with different alleged economic and non-economic damages. Furthermore, the Box Hill cases are not addressing an administrative action and should not be compared to *Knauer*.

Although Plaintiffs would like to use the term "wherever possible," the Court is not as simplistic. Rather, the Court recognizes that it should exercise its discretion and not consolidate actions for trial in cases where issues affecting various defendants are certain to lead to <u>confusion</u>

or prejudice to any one or more of the parties. *Id.* at 520 (emphasis added). In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit. *In re Cree, Inc., Securities Litigation,* 219 F.R.D. 369 (M.D.N.C.2003) (citing *Arnold v. Eastern Air Lines,* 681 F.2d at 193).

Separate trial actions are also supported under Maryland Rule 2-503(b) when separate actions serve the purpose of convenience or to avoid prejudice. *See Blades v. Woods,* 162 Md. 475, 476-77 (1995)(Pursuant to Rule 2-503(b), it is within the trial court's discretion to enter a severance order and direct the different phases of a single action proceed as "separate actions" for purposes of convenience or to avoid prejudice.); *see also Newell v. Richards, 83 Md. App. 371* (1990)( Finding that the court agreed with defendants that a jury would have been required to ignore all the evidence concerning a plaintiff's physical problems, which could well have prejudiced defendants.).

The Court has already established the bellwether process to create so-called efficient adjudication of these matters. There is no need to reinvent that established process. Plaintiffs' argument for convenience and efficiency is a ruse. None of the previous NECC MDL cases have been consolidated against a single health care provider because doing so would create significant prejudice. Selecting representative matters in the bellwether process establishes the efficiency and convenience sought by the courts while protecting the parties from unfair prejudice by mounting numerous Plaintiffs into one trial. In effect, the Plaintiffs are now challenging the bellwether process that they have adamantly supported in their opposition to remand. *See Dkt.* 3028 and 3052.

*1782146*

In the cases at bar, the Box Hill Plaintiffs propose a process in which eight Plaintiffs and their families are presented to a jury as a collective group and allowed to point at least eight fingers at Dr. Bhambhani. The legal question for the jury regarding Dr. Bhambhani's medical care will be overshadowed by the alleged gravity of the alleged injuries and the sheer number of Plaintiffs. Regardless of the facts before a jury regarding the standard of care with respect to Dr. Bhambhani, such a presentation by Plaintiffs will dilute the basic question of negligence. Persuading a jury to make a legal decision based largely on emotion and sheer numbers and not issues actually in front of the jury would severely prejudice the Defendants. Allowing Plaintiffs to present their cases in a united front is the very definition of prejudice.

There is also the obvious risk of a verdict based purely on sympathy. Undersigned counsel can see nothing more unfairly prejudicial than a process that would require Defendants in a single trial with limited time to defend against eight separate claims for eight different injuries. As exhibited in Plaintiffs' table of injuries at pages 3 and 4 of their Motion to Consolidate, the injuries are all different and to varying degrees. This will require expert testimony as to causation for each of the eight Plaintiffs in a separate and distinct way. Forcing the Box Hill Defendants to mount a defense as to all eight Plaintiffs provides the Plaintiffs with an unjustified strategic advantage. It would be akin to forcing the Defendants to try eight cases at once. Each Plaintiff has a different background, different pre-existing medical issues, different work histories, different alleged manifestations of injury, different subsequent care, and different responses and/or recovery from those injuries. The alleged damage awards and itemization on a verdict sheet would be unique for each Plaintiff. Forcing such a defensive endeavor is certainly unjust and unfairly prejudicial to the Box Hill Defendants.

Allowing the Box Hill Plaintiffs to present their injuries as a collective front against Dr. Bhambhani is highly prejudicial and does not comport with Maryland law. Accordingly, if the Box Hill cases are not remanded to Maryland, the bellwether process should be maintained and Plaintiffs' Motion to Consolidate should be denied.

### c.   Abandoning the bellwether process for consolidation will increase confusion, cost, and effort.

In support of their argument for consolidation Plaintiffs cite non-Maryland law. Moreover, Plaintiffs cite cases that do not relate to medical standards of care and alleged medical injuries including death. Nonetheless, Plaintiffs ask this Court to abandon the bellwether process and follow dissimilar facts and circumstances. Plaintiffs specifically cite *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5 (1st Cir. 1989) and *Gonzalez-Quiles v. Cooperativa De Ahorro Y Credito De Isabela*, 250 F.R.D. 91, 92 (D.P.R. 2007) as guidance for consolidation based on a cost benefit analysis. Again, Plaintiffs ignore their own case law, which states that above all else the decision to consolidate "is inappropriate if it will cause prejudice to a party." *Midwest Community Council, Inc. v. Chicago Park District,* 98 F.R.D. 491 at 499. *Cited by Gonzalez-Quiles v. Cooperativa De Ahorro Y Credito De Isabela*, 250 F.R.D. 91, 92 (D.P.R. 2007).

Although Plaintiffs present a laundry list of the items they believe to be identical in the Box Hill cases, the differences are as significant and include, but are not limited to the following:

- All eight Plaintiffs or the decedents suffered from different alleged injuries and to varying degrees.

- Some or all of the eight patient Plaintiffs' cases also include loss of consortium claims and Plaintiffs.

- All eight Plaintiffs are claiming different damages specific to their own personal impact.

*1782146*

- All eight Plaintiffs had or could have had different interactions with Dr. Bhambhani and a different representation of what was known to them regarding their medical care; at the very least this issue has to be explored for each.

- All eight Plaintiffs did not receive preservative free MPA from the same lot.

- All eight Plaintiffs will have different information regarding their understanding of the source of the preservative free MPA and their conversation with Dr. Bhambhani regarding the same.

- All vials of MPA administered to Dr. Bhambhani's patients were not tainted and all Plaintiffs did not receive MPA from the same vials.

- It is disputed whether all Plaintiffs contracted fungal infections after receiving MPA.

- It is disputed whether all Plaintiffs alleged injuries were caused by MPA.

- It is disputed and denied that Dr. Bhambhani violated any applicable laws.

Plaintiffs also argue that consolidation will be more efficient, convenient, cost effective, and less confusing. However, the facts do not support these contentions. It is evident that any trial in Boston, Massachusetts is less convenient than Maryland where nearly all of the parties reside. Furthermore, the logistics of a trial in Boston, Massachusetts is magnified if eight cases are tried at once. Eight Plaintiffs and their families would be required to travel to Massachusetts and possibly reside there as the cases are tried. In the bellwether process, this inconvenience is reduced by selecting representative cases and proceeding to trial in the same fashion the MDL has already established.

To add fuel to the fire, requiring all eight Plaintiffs to be tried at once will significantly increase the cost and effort that goes into trial. The trial length will be extended to allow for the presentation of eight separate stories from each Plaintiff regarding their care by Dr. Bhambhani. The alleged injuries will then be presented eight different times and to varying degrees. Additionally, family members and witnesses from eight Plaintiffs would be asked to testify in one trial. The factual

*1782146*

scenario for each Plaintiff would be overwhelming, confusing, and extensive. In essence, Plaintiffs' request would make the trial inefficient and increase the cost of litigating these claims.

With regard to the confusion aspect of Plaintiffs' argument, the ability of a jury to distinguish specific injuries, parties, and facts, while asking them to divorce those facts from the standard of care question, is nearly impossible to imagine. Keeping track of just one Plaintiff and the multitude of witnesses in a medical malpractice claim can confuse a jury. Multiplying that confusion eight times would magnify the issue of confusion and further prejudice the Defendants.

Plaintiffs argue convenience as a mainstay for this Motion to Consolidate, but oppose remanding the cases back to Maryland to join them with the 26 other Box Hill cases in state court. Notably, Plaintiffs' counsel is also involved in the state court cases. It is curious that Plaintiffs now reference a cost-benefit analysis for consolidating in the MDL by citing the very points that weigh in favor of remand to Maryland.

Judicial economy would best be served by sending these eight cases to be joined with the 26 other Box Hill Cases in Maryland. Plaintiffs preach judicial economy and saving time, but continue to object to immediate remand to Maryland state court where these actions originated. At that point, the Maryland state court could address all 34 cases in a single bellwether process – not two, which would clearly be more efficient than litigating 8 case in the MDL and 26 cases in state court. The argument about convenience is a farce.

Plaintiffs suggests that the effort or expense of eight Plaintiffs and their families traveling to Boston for a trial is less expensive and less burdensome than trying a representative case with one trial that will impact the remaining seven. Trying one representative case could resolve standard of care issues without the expense and time of including all eight Plaintiffs and their families in a trial. If Plaintiffs' counsel truly cares about convenience, effort and expense, they

would stop fighting remand, which nearly every other Plaintiff has agreed was more reasonable. If cost-benefit is truly Plaintiffs intent, remand to Maryland would be more convenient and less expensive than consolidation in the MDL.

A cost-benefit analysis illustrates that the bellwether process is the most efficient process in the MDL. It also illustrates that remand is the most efficient process *in toto*. Accordingly, if the Box Hill cases are not remanded to Maryland, the bellwether process should be maintained and Plaintiffs' Motion to Consolidate should be denied.

> **d.      There are alternatives that maintain the integrity of the bellwether process and serve Plaintiffs' desire for judicial economy.**

The Box Hill Defendants oppose consolidation in its entirety. In spite of Plaintiffs' refusal to remand the eight Box Hill MDL cases to Maryland to alleviate the need for travel, burdening two court systems, and effectively running two separate discovery tracks, the crux of Plaintiffs' Motion to Consolidate is to serve judicial economy. Not only is this argument contradictory, but plainly hypocritical given Plaintiffs' staunch opposition to remand.

In the event that Plaintiffs' desire to serve judicial economy is sincere, there are alternatives that maintain the integrity of the bellwether process in the MDL. Based on the small number of Box Hill cases in the MDL, the current bellwether process in the Box Hill matters could lead to the striking of every case selected. Due to the fact there are only eight Box Hill cases and the current order allows each side to strike four cases, there could be a scenario where all eight cases are struck.

The Box Hill Defendants propose that the eight Box Hill cases could be placed into two separate categories: "death" or "other injury." This would result in two even groups of four; Group 1 for personal representative Plaintiffs Armetta, Bowman, Handy, and Kashi; and Group 2 for Plaintiffs Davis, Dreisch, Farthing, and Torbeck. Then, at a date designated by the Court, each

party would strike one case from each group, which would reduce the number of cases in each category to a minimum of two. Then, if the parties could not agree on one representative "death" case and one representative "other injury" case from Group 1 and Group 2, the parties could then present their reasoning for their representative selections and the Court could choose. Consequently, the Court would decide the most representative cases and set those for trial. Most importantly, this process would be consistent with the precedent set in the NECC MDL over the past three years.

### III.   Conclusion

For all of the foregoing reasons, the Box Hill Defendants respectfully request that this Court deny Plaintiffs' Motion to Consolidate for the Purpose of Trial.

Dated: December 20, 2016                         Respectfully submitted,


                                                 /s/ Gregory K. Kirby
                                                 Catherine W. Steiner
                                                 Gregory K. Kirby
                                                 Bryan R. Ebert
                                                 Pessin Katz Law, P.A.
                                                 901 Dulaney Valley Road, Suite 500
                                                 Towson, Maryland  21204
                                                 *Attorneys for Box Hill Surgery Center,*
                                                 *L.L.C., Ritu T. Bhambhani, M.D., and Ritu*
                                                 *T. Bhambhani, M.D., L.L.C.*


### CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that a copy of the foregoing Opposition to Plaintiffs' Motion to Consolidate for the Purpose of Trial, filed through the CM/ECF system, will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the individual cases, and will be sent to these parties by operation of the CM/ECF system.

Dated: December 20, 2016              /s/ Gregory K. Kirby
                                      Gregory K. Kirby
                                      Pessin Katz Law, P.A.
                                      901 Dulaney Valley Road, Suite 500

*1782146*

Towson, Maryland  21204
(410) 938-8800
***Attorneys for the Box Hill Defendants***

*1782146*