UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION </br></br>This Document Relates to: </br></br>All Actions Involving Specialty Surgery Center and Dr. Kenneth Lister. | ) ) ) ) ) MDL No. 2419 ) Master Docket No.:1:13-md-2419-FDS ) ) Judge Rya Zobel ) |

### JOINT MOTION TO MODIFY CERTAIN CASE MANAGEMENT DEADLINES IN SPECIALTY SURGERY CENTER CASES

The Plaintiffs' Steering Committee ("PSC") and defendants Specialty Surgery Center, LLC, Kenneth R. Lister, MD, and Kenneth R. Lister, MD, P.C. ("SSC") and Calisher and Associates ("Calishers") (collectively, the "Defendants") hereby jointly move to modify the case management deadlines in all SSC cases.  The parties jointly request that these deadlines be modified to allow for sufficient time to complete discovery once the Court rules on the PSC's Motion for Sanctions and for Order to Show Cause (Dkt. No. 3232) ("Motion for Sanctions").

### BACKGROUND

On August 5, 2016, the Court entered a joint Qualified Protective Order (Dkt. No. 3030) ("QPO") relating to the review of records on seven computers that SSC had sold to Cumberland Medical Center ("Cumberland") in June 2013.  As the parties previously explained, those computers contained a substantial amount of data responsive the PSC's search terms, including approximately 19,000 documents comprising approximately 85,000 pages.  Under the terms of the QPO, Cumberland was permitted to conduct a first-line review of these records for all applicable privileges and protections, after which counsel for the SSC Defendants was permitted to review the records for (a) the Peer Review Committee/Quality Improvement Committee

1

("PRP/QICP") on behalf of the SSC Defendants, and (b) "personal attorney-client and work product privileges" held by Jean Atkinson.

On October 12, 2016, the Court entered an order resetting the case management deadlines to accommodate the parties' (and Cumberland's) need for additional time to complete the review process.[1] In most relevant part, the Court set a close of common fact discovery as December 9, 2016. At the time, the PSC, the SSC Defendants, and Cumberland reasonably believed that they could complete the review of those materials, resolve any issues concerning the assertion of privilege in advance of the depositions of four SSC witnesses (Dr. Susan Pick, Dr. Jon Simpson, Ms. Jean Atkinson, and defendant Dr. Lister), and complete those depositions within the case management schedule.

On a rolling basis, Cumberland made records available to the SSC Defendants for review, which in turn made records available to the PSC upon completing their review. The PSC received access to the final production wave of approximately 6,700 documents on November 17, 2016. In the meantime, the parties scheduled the depositions of Dr. Pick and Dr. Simpson for December 2, 2016. On November 23, 2016, counsel for the SSC Defendants transmitted a privilege log to the PSC. The PSC took issue with many of the claims of privilege. The PSC therefore initiated a meet and confer process.

Using the meet and confer process, the parties reached an understanding under which the depositions of Dr. Pick and Dr. Simpson proceeded as scheduled on December 2, 2016. However, as it related to the depositions of Dr. Lister and Ms. Atkinson, the parties reached an impasse concerning claims of privilege over several hundred records that had been redacted or withheld, as set forth more fully in the Memorandum in Support of the PSC's Motion for

---

[1] Dkt. No. 3128.

Sanctions (Dkt. No. 3238). The PSC therefore chose to postpone the scheduled depositions of Dr. Lister and Ms. Atkinson pending a resolution of the privilege dispute related to those records.

On December 15, 2016, the PSC filed a Motion for Sanctions relating to the records in dispute. The SSC Defendants' deadline to respond to the motion has not yet run, but they intend to respond in opposition to the motion in due course.

The parties have conferred and agree that the case management deadlines should be reset to track the Court's resolution of the PSC's Motion for Sanctions. There are a significant number of documents in dispute, and the PSC has chosen to complete the depositions of Dr. Lister and Ms. Atkinson after the Court rules on the Motion for Sanctions, so that those depositions can be completed with finality on common issues.[2] In particular, if the Court orders that previously withheld information be produced to the PSC, the PSC will need sufficient time to review those records and to depose Dr. Lister and Ms. Atkinson.[3] Moving the common fact discovery deadline will also necessitate resetting the common expert deadlines to allow experts sufficient time to incorporate any intervening discovery into their disclosures.

## PROPOSAL

In light of these considerations, the parties propose resetting the common issue deadlines to track the Court's final resolution of the Motion for Sanctions. The parties will have 30 days to

---

[2] In a January 26, 2016 Order, the Court held that the PSC could take second common issue depositions of Dr. Lister and Ms. Atkinson "regarding the production of the formulary, the formulary itself, and any modifications to the formulary." Dkt. No. 2612 at p. 2.

[3] Depending on the nature and scope of the Court's ruling, the parties may also require additional processing time for the third-party vendor to make those records available to the PSC. The parties have attempted to account for that processing time by requesting 30 days to complete fact discovery following the Court's ruling.

complete fact discovery following final resolution of the Motion for Sanctions.[4]  Once the Court resolves the Motion for Sanctions and fact discovery is completed, the subsequent common expert deadlines will follow substantially the same disclosure timeline as the schedule previously entered by the Court (30 days for the PSC to serve common expert disclosures, *etc.*).  As before, this timeline will allow for an orderly and efficient expert discovery schedule.

With respect to case-specific deadlines, the parties agree that it would not be efficient or in the interest of judicial economy for the case-specific discovery deadlines to get far ahead of the common issue deadlines.  The parties therefore propose continuing the case-specific deadlines by 60 days each to keep the case-specific deadlines on a roughly parallel track to the common issue deadlines.  This would also preserve the relative timing of case-specific discovery and expert disclosures previously authorized by the Court.

For these reasons, the parties respectfully request that the Court enter the proposed scheduling order attached as Exhibit A hereto.

Date:  December 21, 2016            Respectfully submitted:

                                    The Plaintiffs' Steering Committee,

                                    By its attorneys,

                                    **/s/ J. Gerard Stranch, IV**
                                    J. Gerard Stranch, IV
                                    Benjamin A. Gastel
                                    Anthony A. Orlandi
                                    BRANSTETTER, STRANCH &
                                    JENNINGS, PLLC
                                    223 Rosa L. Parks Ave., Suite 200
                                    Nashville, TN 37203
                                    Telephone:  615/254-8801
                                    Facsimile:  615/255-5419

---

[4] By a "final resolution," the parties are referring to a final order – as opposed any interim order, such as an order to produce records for *in camera* review – concerning the Motion for Sanctions by the Magistrate Judge or, if appealed, by the District Court on appeal.

gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com

*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415/956-1000
Facsimile: 415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora

ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

**AND**

Defendants Specialty Surgery Center, PLLC, Kenneth Lister, MD, PC; Kenneth R. Lister, MD,

By their attorneys,

**GIDEON, COOPER & ESSARY, PLC**

*/s/ Matthew H. Cline*
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
(615) 254-0400 (Phone
(615) 254-0459 (Fax)
matt@gideoncooper.com


*/s/* Kent E. Krause
**PARKS T. CHASTAIN****
**KENT E. KRAUSE****
**ASHLEY E. GENO****
Attorneys for Defendant, Specialty Surgery Center, PLLC

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890

Nashville, TN 37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (Fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

*Admitted pursuant to MDL Order No. 1
**Admitted pro hac vice

**AND**

Calisher & Associates, Inc.,

By its attorney,

/s/ John W. Moran
John W. Moran
LeClairRyan
One International Place, Eleventh Floor
Boston, MA 02110
Ph:  (617) 502-8212
Fax: (617) 502-8262

**CERTIFICATE OF SERVICE**

    I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   December 21, 2016

                                              /s/ J. Gerard Stranch, IV
                                              J. Gerard Stranch, IV