UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> This Document Relates to: ) <br> ) <br> Ten (10) Suits Naming the SSC Defendants ) <br> Dismissed at Dkt. 3188: ) <br> ) <br> *Cox*, No. 1:13-cv-12918; ) <br> *Dingess*, No. 1:13-cv-12490; ) <br> *Hubbard*, No. 1:13-cv-12922; ) <br> *Jackson*, No. 1:13-cv-12923; ) <br> *Johnson*, No. 1:13-cv-12915; ) <br> *Lapiska*, No. 1:13-cv-12914; ) <br> *Nealon*, No. 1:13-cv-12491; ) <br> *Norris*, No. 1:13-cv-12682; ) <br> *Palmer*, No. 1:13-cv-12688; ) <br> *Reed*, No. 1:13-cv-12917 ) | MDL No.: <br> Dkt. No 1:13-md-2419 (RWZ) |

**MEMORANDUM OF LAW IN SUPPORT OF
THE SSC DEFENDANTS'
MOTION FOR ENTRY OF FINAL JUDGMENT IN CASES DISMISSED AT DOC. 3188**

Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively the "SSC Defendants") have moved this Court, under Fed. R. Civ. P. 58(d), to enter an order of final judgment in the ten (10) cases dismissed with prejudice at Dkt. 3188. This memorandum of law supports that motion.

## INTRODUCTION

On September 12, 2016, the SSC Defendants moved to dismiss fifteen (15) of the twenty-four (24) cases based upon the Plaintiffs' failure to comply with the mandatory certificate of good faith requirement of Tenn. Code Ann. § 29-26-122.[1] On November 17, 2016, at Dkt. 3188, the Court entered a Memorandum of Decision and Order dismissing ten (10) of the cases.[2] The Court has not yet entered separate, individual orders of final judgment in these ten cases.

## LAW AND ARGUMENT

Under Fed. R. Civ. P. 58(a), "every judgment and amended judgment must be set out in a separate document."[3] [4] Rule 58(c) directs that judgment is entered when it is (1) set out in a separate document and (2) entered in the civil docket pursuant to Rule 79(a).[5] Rule 58(d) allows the SSC Defendants to request that judgment be set out in a separate document.[6]

---

[1] Dkt. 3086; Dkt. 3087.
[2] Dkt. 3188.
The ten dismissed cases are:
   1. *Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918;
   2. *Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;
   3. *Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922;
   4. *Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;
   5. *Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915;
   6. *Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914;
   7. *Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491;
   8. *Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682;
   9. *Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688; and
   10. *Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917.

[3] FED. R. CIV. P. 58(a).
[4] Under FED. R. CIV. P. 58(a), a separate document is *not* required for an order disposing of a motion (1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend the judgment under Rule 59; or (5) for relief under Rule 60. Those exceptions do not apply. Thus, judgment must be set out in a separate document.
[5] FED. R. CIV. P. 58(c).
[6] FED. R. CIV. P. 58(d).

The First Circuit "may only entertain appeals from final decisions."[7] A judgment which ends the litigation must be entered on a separate document and properly entered in the civil docket to be final and appealable.[8] If a dismissal order is not followed by entry of a judgment on a separate document, it does not become final.[9]

The Court's November 17, 2016 Order at Dkt. 3188 dismissed with prejudice ten (10) cases against the SSC Defendants. There is no final judgment on a separate document. Entry of judgment on a separate document is necessary to comply with Rule 58(a) and to establish finality of the Court's Order at Dkt. 3188.

## **CONCLUSION**

The SSC Defendants respectfully move this Court to enter final judgment in the ten (10) cases dismissed with prejudice at Dkt. 3188. Specifically, they ask the Court to sign the individual orders of final judgment filed with this motion and memorandum of law and enter them into the master docket and the individual case dockets.

---

[7] *Willhauck v. Halpin*, 919 F.2d 788, 793 (1st Cir. 1990).
[8] *Id.*
[9] *See Smith v. Mass. Dept. of Correction*, 936 F.2d 1390, 1394 (1st Cir. 1991).

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the SSC Defendants*

AND

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**

*/s/* Kent E. Krause
**PARKS T. CHASTAIN****
**KENT E. KRAUSE****
**ASHLEY E. GENO****
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

*Attorneys for the SSC Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 28th day of December, 2016.

/s/ Chris J. Tardio

4