UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> This Document Relates to: ) <br> ) <br> Ten (10) Suits Naming the SSC Defendants ) <br> Dismissed at Dkt. 3188: ) <br> ) <br> *Cox*, No. 1:13-cv-12918; ) <br> *Dingess*, No. 1:13-cv-12490; ) <br> *Hubbard*, No. 1:13-cv-12922; ) <br> *Jackson*, No. 1:13-cv-12923; ) <br> *Johnson*, No. 1:13-cv-12915; ) <br> *Lapiska*, No. 1:13-cv-12914; ) <br> *Nealon*, No. 1:13-cv-12491; ) <br> *Norris*, No. 1:13-cv-12682; ) <br> *Palmer*, No. 1:13-cv-12688; ) <br> *Reed*, No. 1:13-cv-12917 ) | MDL No.: <br> Dkt. No 1:13-md-2419 (RWZ) |

**SSC DEFENDANTS'
MOTION FOR ASSESSMENT OF LITIGATION COSTS
*AND*
MOTION FOR EXTENSION OF TIME TO SUBMIT BILL OF COSTS**

---

Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively the "SSC Defendants") move the Court, under Fed. R. Civ. P. 54, to assess litigation costs against the ten (10) Plaintiffs whose cases were dismissed with prejudice at Dkt. 3188.[1]

---

[1] The following cases were dismissed at Dkt. 3188:
1. *Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918;
2. *Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;
3. *Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922;
4. *Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;
5. *Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915;
6. *Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914;
7. *Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491;
8. *Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682;

As grounds for the Motion, the SSC Defendants state:

**<u>Motion for Assessment of Costs</u>**

1. On November 17, 2016, in its Memorandum and Order granting in part the SSC Defendants' Motion to Dismiss, the Court dismissed ten (10) cases with prejudice.[2]

2. Rule 54(d) allows a "prevailing party" to recover costs. Allowable costs are set forth in 28 U.S.C. § 1920.

3. The SSC Defendants are the prevailing party in these ten (10) suits.

4. The SSC Defendants move this Court to assess costs against the ten (10) Plaintiffs whose cases were dismissed with prejudice at Dkt. 3188.

5. There is no set time limit for filing a petition for assessment of costs and bill of costs. *Keurig, Inc. V. JBR, Inc. d/b/a Rogers Family Co.*, No. 11-11941-FDS, 2014 WL 2155083, *1-2 (D. Mass. 2014). Generally, it should be filed within 15 days of the earlier of the expiration of the time for appeal or receipt of the Mandate from the Court of Appeals. *Id.*

6. Here, the SSC Defendants contemporaneously file a motion asking the Court to enter individual final judgments in these ten (10) cases. Once a final judgment is entered in each case, the time for appeal runs, and the SSC Defendants request that the Court consider the forthcoming bill of costs at the appropriate time. It is expected that some Plaintiffs will seek an appeal and some will not.[3]

---

9. *Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688; and
10. *Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917.

[2] Dkt. 3188.
[3] Some have already attempted to file notices of appeal.

2

7. The SSC Defendants file this motion for assessment of costs to ensure that they timely comply with the practice of this district and to ensure their right to petition for assessment of costs is not lost.

8. The SSC Defendants request that the Court allocate a proportional share of the "common" litigation costs in this MDL fairly and equally amongst the ten (10) dismissed cases. In their forthcoming Bill of Costs and supporting documentation, they will expressly delineate a proposed allocation, but recognize the allocation will be in the Court's discretion.

**Motion for Extension of Time to File Bill of Costs**

9. The documents supporting the SSC Defendants' Bill of Costs are voluminous, and require extensive administrative work to organize, tally, and calculate the specific taxable costs.

10. Accordingly, the SSC Defendants request an additional thirty (30) days from the date of filing this Motion to submit their Bill of Costs and supporting documentation.

11. Attached as Exhibit 1 to this motion is an affidavit certifying counsel for the SSC Defendants' need for additional time.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the SSC Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 28th day of December, 2016.

                                            /s/ Chris J. Tardio