UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No.: Dkt. No 1:13-md-2419 (RWZ) |
| This Document Relates to: | ) ) ) | |
| Ten (10) Suits Naming the SSC Defendants Dismissed at Dkt. 3188: | ) ) ) | |
| *Cox*, No. 1:13-cv-12918; *Dingess*, No. 1:13-cv-12490; *Hubbard*, No. 1:13-cv-12922; *Jackson*, No. 1:13-cv-12923; *Johnson*, No. 1:13-cv-12915; *Lapiska*, No. 1:13-cv-12914; *Nealon*, No. 1:13-cv-12491; *Norris*, No. 1:13-cv-12682; *Palmer*, No. 1:13-cv-12688; *Reed*, No. 1:13-cv-12917 | ) ) ) ) ) ) ) ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
SSC DEFENDANTS'
MOTION FOR ASSESSMENT OF LITIGATION COSTS
*AND*
MOTION FOR EXTENSION OF TIME TO SUBMIT BILL OF COSTS**

Specialty Surgery Center, Crossville, PLLC ("SSC"), Kenneth R. Lister, MD ("Dr. Lister"), and Kenneth Lister, MD, PC ("Dr. Lister's Practice") (collectively the "SSC Defendants") have moved the Court, under Fed. R. Civ. P. 54, to assess litigation costs against the ten (10) Plaintiffs whose cases were dismissed with prejudice at Dkt. 3188.

## INTRODUCTION

This litigation began in 2013. Since then, the SSC Defendants have incurred substantial costs to litigate these cases.

On September 12, 2016, the SSC Defendants moved to dismiss fifteen (15) of the twenty-four (24) cases based upon the Plaintiffs' failure to comply with the mandatory certificate of good faith requirement of Tenn. Code Ann. § 29-26-122.[1] On November 17, 2016, at Dkt. 3188, the Court dismissed ten (10) of the cases.[2]

## LAW AND ARGUMENT

Fed. R. Civ. P. 54(d)(1) authorizes the award of costs to the SSC Defendants: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."[3]

The SSC Defendants are the prevailing party.[4] As the "prevailing party," the SSC Defendants are entitled to recover their discretionary costs incurred in litigating those ten cases.[5]

---

[1] Dkt. 3086; Dkt. 3087.
[2] Dkt. 3188.
The ten dismissed cases are:
   1. *Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918;
   2. *Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;
   3. *Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922;
   4. *Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;
   5. *Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915;
   6. *Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914;
   7. *Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491;
   8. *Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682;
   9. *Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688; and
   10. *Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917.
[3] FED. R. CIV. P. 54(d)(1) (emphasis added).
[4] *Lenfest v. Verizon Enterprise Solutions, LLC*, No. 13-11596-NMG, 2015 WL 926065, *3 (D. Mass. 2013) (recognizing that dismissal with prejudice is tantamount to a judgment on the merits).
[5] FED. R. CIV. P. 54(d)(1).

Specific taxable costs are outlined at 28 U.S.C. § 1920. This Court has broad discretion in awarding and allocating discretionary costs against a losing party.[6]

Neither the Federal Rules of Civil Procedure nor the Local Rules impose a deadline for filing a bill of costs to recover discretionary costs.[7] However, it is the "practice of the District [of Massachusetts]" that a bill of costs shall be filed within fifteen (15) days of the "earlier of (i) the expiration of the time allowed for appeal of the final judgment or decree, or (ii) receipt by the Clerk of the Mandate of the Court of Appeals."[8]

The SSC Defendants are the "prevailing party" in the ten cases dismissed at Dkt. 3188, and they are entitled to recover costs. Because the Court has discretion to allocate costs, the SSC Defendants ask the Court to equally allocate any awarded costs among the ten dismissed Plaintiffs.

The SSC Defendants have contemporaneously filed a motion asking the Court to enter individual final judgments in these ten (10) cases. The SSC Defendants are preparing their Bill of Costs. The documents supporting the SSC Defendants' Bill of Costs are substantial, requiring considerable administrative work to organize and tally their recoverable costs.[9]

While the clock on filing any petition for costs or bill of costs likely has not begun to run, and some Plaintiffs will likely seek appeals, to the extent any deadlines can be argued to expire in the next thirty (30) days, the SSC Defendants request an additional thirty (30) days from the date of filing this Motion to file their Bill of Costs.[10]

---

[6] *Hillman v. Berkshire Medical Center, Inc.*, 876 F. Supp. 2d 122, 124 (D. Mass. 2012).
[7] *Keurig, Inc. v. JBR, Inc.*, No. 11-11941-FDS, 2014 WL 2155083 *1 (D. Mass. 2014).
[8] *Id.*
[9] Affidavit of Kaycee L. Weeter (attached as **Exhibit 1**).
[10] A proposed Order granting the requested extension is attached as **Exhibit 2**.

**CONCLUSION**

The SSC Defendants respectfully move this Court to assess costs against the ten (10) Plaintiffs whose cases were dismissed with prejudice at Dkt. 3188. Rule 54(d) authorizes this award. Due to the voluminous nature of the documents supporting the SSC Defendants' Bill of Costs, the SSC Defendants request an additional thirty (30) days from the date of filing this Motion to file their Bill of Costs.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

*Attorneys for the SSC Defendants*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 28th day of December, 2016.

/s/ Chris J. Tardio