UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE:  NEW ENGLAND | : | |
| COMPOUNDING PHARMACY, INC. | : | |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| This Document Relates to: | : | |
| | : | MDL No. 1:13-MD-2419-RWZ |
| Susan Edwards | : | |
| v. | : | |
| Medical Advanced Pain Specialists, et al. | : | |
| No. 1:13-CV-13209 | : | |
| | : | |

**DEFENDANTS' REQUEST FOR TRANSFER**

Now come the defendants Medical Advanced Pain Specialists/Minnesota Surgery Center and David M. Schultz, M.D. ("MAPS") and formally request that this Honorable Court transfer this matter from the MDL in the District of Massachusetts to the Federal Court for the District of Minnesota.  As grounds, MAPS states the following:

(1) MAPS is a Minnesota clinic named in a single case in the MDL.  It was initially filed by the Minnesota plaintiff, Susan Edwards, in the District of Massachusetts in 2013. It is among the very few cases remaining in the MDL in which no case specific or expert discovery has been conducted, as that discovery has been stayed by Court order while discovery in multiple cases against other (larger) clinic defendants has proceeded over the past three (3) years;

(2) On June 13, 2016 this Court entered a corrected order to show cause why the cases against the then-remaining clinic defendants (including MAPS) should not be remanded or transferred [Dkt. 2928], finding among other matters that there were "no

efficiencies to be gained by litigating cases against the remaining clinic defendants in the MDL, given the small number of cases against each clinic;"

(3) On June 21, 2016, in response to said order, Janet, Jenner & Suggs, on behalf of plaintiffs in five (5) cases, including Susan Edwards, objected to remand, arguing generally that "convenience" and "efficiency" dictated that her case remain in the MDL. [Dkt. 2942][1];

(4) MAPS has maintained throughout the more than three-year pendency of the MDL that Minnesota is the proper venue for the *Edwards* matter, which involves a single plaintiff, a single clinic and attending physician, and clinic employees, all of whom reside in Minnesota.  Minnesota law applies;

(5) The Court and the vast majority of parties on both sides in the MDL have recognized that there were no efficiencies to be gained by litigating or managing their case-specific discovery in the MDL, and most have agreed to have their cases transferred or remanded from the MDL to the District Courts in their home states;

(6) In early August 2016, after the PSC filed a Proposed Suggestion of Remand or Transfer of 59 cases from the MDL that did not include MAPS, counsel for MAPS learned from counsel for Ms. Edwards that the plaintiff had in fact agreed in principle to transfer her case from the MDL to Minnesota, but was in the process of retaining local counsel in Minnesota to represent her, assisted by her counsel at Janet Jenner & Suggs;

---

[1] Plaintiffs' Memorandum in Response to the Court's Order to Show Cause was filed by Attorney Kimberly Dougherty of the Boston office of Janet, Jenner & Suggs, a national law firm.  Attorney Dougherty is a member of the Plaintiffs' Steering Committee in this MDL.

(7) At the September 28, 2016 status conference before the Court, counsel for Janet
Jenner & Suggs reported that they were continuing to work with several plaintiff
clients to retain local counsel for the purpose of transferring their cases from the
MDL, but they needed another thirty (30) days to finalize matters.  The defendants in
those cases, including MAPS, had no objection to the extension of time;

(8) The day before the November 2, 2016 MDL status conference, Janet Jenner & Suggs
moved for leave to withdraw as counsel for Ms. Edwards [Dkt. 17, 1:13-CV-13209],
confirming that the plaintiff had consented to transfer of her case against MAPS to
the Federal Court in Minnesota and that she was in the process of retaining new
counsel and had a meeting scheduled with a local Minnesota lawyer.  It was also
represented that the plaintiff had provided written consent to her counsel (Janet
Jenner & Suggs) to withdraw from the case prior to its transfer;

(9) This issue was brought to the attention of the Court at the December 8, 2016 MDL
status conference.  Although the motion to withdraw was not ruled upon and MAPS
urged that the transfer issue had been pending for a number of months, the Court
indicated that it was not inclined to grant the motion to withdraw until the plaintiff
had secured new, local counsel in Minnesota;

(10) As the MDL winds down and still another month has passed, however, MAPS
submits that the time has come to send this case to Minnesota, where all of the events
and individuals to whom it relates originated.  Both Ms. Edwards and MAPS have
expressly stated their wish that the case be transferred to the federal Court in
Minnesota, and the plaintiff has had ample opportunity and assistance in retaining
new counsel.  Without having yet conducted any case-specific discovery due to the

MDL Court-ordered stays, moreover, MAPS nonetheless continues to incur very

significant expenses as part of the MDL.  While the MDL certainly achieved some

efficiencies with respect to management of the litigation among multiple plaintiffs

and large clinics representing numerous cases, the same cannot be said of MAPS and

the claims brought by this single plaintiff, Susan Edwards;

(11)   Wherefore, MAPS requests that this Honorable Court act upon and grant the express

wish of the parties, reached by and through the assistance of counsel, that this matter

be transferred to the Federal Court for the District of Minnesota from the MDL for all

further proceedings.

Respectfully submitted,
Medical Advanced Pain Specialists, et al.
By counsel,

/s/    Clare F. Carroll, Esquire_____
Robert L. Bouley, BBO No. 050900
Clare F. Carroll, BBO No. 564140
McCarthy Bouley Barry & Morgan, P.C.
400 Fifth Avenue, Suite 520
Waltham, MA 02451
(617) 225-2211
rlb@mbblaw.com
cfc@mbblaw.com

Dated: January 5, 2017

## CERTIFICATE OF SERVICE

I, Clare F. Carroll, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 5th day of January, 2017.

/s/ Clare F. Carroll
Clare F. Carroll, Esquire