# EXHIBIT 2

## Affidavit of Scott Butler
(on behalf of STOPNC and Howell Allen)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) | MDL No. 2419 Dkt. No. 1:13-md-2419-RWZ |
| This Document Relates to: ) ) ) | |
| Suits Naming Specialty Surgery Center, PLLC ) ) ) | |

**Affidavit of Scott Butler**

STATE OF TENNESSEE
COUNTY OF DAVIDSON

Scott Butler, after first being duly sworn, states as follows:

1. I am over 18 years of age, have personal knowledge of the facts contained herein, and I am competent to testify.

2. I am the Chief Administrative Office of Howell Allen Clinic, a Professional Corporation.

3. I am a board member of Saint Thomas Outpatient Neurosurgical Center, LLC ("STOPNC").

4. I am executing this affidavit on behalf of Howell Allen and STOPNC.

5. Gideon Cooper & Essary, PLLC ("GCE") has represented STOPNC and Howell Allen in matters related to the fungal meningitis outbreak since late September 2012.

6. State Volunteer Mutual Insurance Company retained GCE to provide legal assistance in:

    a. Investigating the cause of the outbreak and injuries to patients and providing legal assistance in monitoring the government's investigation of the outbreak (including dealing with state and federal government investigations and reporting obligations).

b. Providing legal assistance related to our response to the outbreak, such as notifying patients, restarting pain management procedures, responding to media inquiries, cooperating with governmental agencies, and other similar activities.

c. Preparing for and defending lawsuits associated with the outbreak, (including responding to medical records requests from potential future Plaintiffs, responding to subpoenas and requests for information from various government agencies, and preparing for and defending the civil suits against us directly, like developing the case against NECC and its cohorts and defending our actions).

7. I know that GCE jointly represents (along with STOPNC and Howell Allen) Specialty Surgery Center, PLLC ("SSC"), Kenneth Lister, MD, Jean Atkinson, RN, and Donald Jones, MD with respect to these activities. These are other similarly-situated Tennessee health care providers facing virtually the same legal issues we faced.

8. GCE routinely communicated with all clients collectively with respect to these activities, primarily in the form of emails exchanged with us as a group. I expected the communications from GCE, and any responses to GCE (whether from me or GCE's other clients) to be kept confidential from third parties.

9. GCE routinely copied SSC, Dr. Lister, Jean Atkinson, RN, and Dr. Jones on confidential reports about important developments in the cases against STOPNC and Howell Allen. Likewise, GCE routinely copied STOPNC and Howell Allen on confidential reports about important developments in the cases against SSC and Dr. Jones. These developments, and the advice provided often applied equally to all sets of Tennessee health care providers. They mostly covered issues common to all of us.

10. I felt comfortable communicating with GCE in the presence of GCE's other clients (via email) about issues related to GCE's representation. I assumed GCE's other clients involved in the litigation would have access to communications between us and GCE in order to advance our collective interests. I believed that I would be provided with communications between GCE and GCE's other clients involved in the outbreak if I requested them.

11. I was not aware that SSC intended to sell its computers to Cumberland Medical Center in 2013, nor was I aware that SSC's computers would be sold without purging them of privileged communications with GCE. I had no role in the sale of SSC's computers. We had no intention to waive privilege by virtue of the sale of SSC's computers to CMC.

Sworn to and subscribed by me on this 6th day of January, 2017.

(Notary Public)

My Commission Expires: 3/06/18



3