UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
IN RE:                                              )
                                                    )
NEW ENGLAND COMPOUNDING PHARMACY, INC.)       Multi-District Litigation
PRODUCTS LIABILITY LITIGATION,          )          Case No. 1:13-md-2419-RWZ
                                                    )
_____ )

### JANUARY 2017 STATUS REPORT OF TORT TRUSTEE

Lynne F. Riley, Tort Trustee[1] under the Tort Trust dated June 4, 2015 created pursuant to the *Third Amended Joint Chapter 11 Plan of New England Compounding, Inc.* confirmed by the United States Bankruptcy Court for the District of Massachusetts on May 20, 2015, hereby submits a report on the status of claims processing, lien clearance and payments in the NECC National Settlement annexed hereto as Exhibit A.

Respectfully Submitted,

LYNNE F. RILEY, TORT TRUSTEE

/s/ Lynne F. Riley
Lynne F. Riley, BBO# 561965
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
Email: riley@casneredwards.com
Tel: 617-426-5900

Dated: January 10, 2017
_____

---

[1] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to those terms in the *Third Amended Joint Chapter 11 Plan of New England Compounding, Inc.*

## CERTIFICATE OF SERVICE

I, Lynne F. Riley, hereby certify that on the date set forth above I caused true copies of the foregoing document to be served through the Court's CM/ECF system upon all registered electronic filers appearing in this case.

/s/ Lynne F. Riley
Lynne F. Riley

# Exhibit A

**STATUS OF CLAIMS PROCESSING, LIEN CLEARANCE AND PAYMENTS IN THE NECC NATIONAL SETTLEMENT**

**A. Adjudication of Claims by the National Claims Administrator.**

A total of 2,341 claims have been filed by victims with Epiq, the National Settlement Administrator.  Of these, 1,996 claims have now been fully or partially approved by Epiq and/or Judge Neiman, 157 claims have been fully denied by Epiq and/or Judge Neiman, 10 were invalid (typically a duplicate claim filed by a spouse), and 2 were withdrawn by the claimant.  Of the remaining 176 claims, 22 have been approved and are awaiting receipt of final determination letter from Epiq, 102 applied for and were approved under a new base point category and, pursuant to the court approved procedures, will receive a final determination letter after all other claims are resolved, and 52 claims are still under consideration by Epiq.  Epiq anticipates that all remaining final determination letters will be sent by the end of January 2017.

**B. Status of Appeals to Judge Neiman.**

128 claimants originally filed appeals of their final determination with Judge Neiman, the Court-appointed Appeals Administrator.  As of December 31, 2016, Judge Neiman issued decisions on 118 of the filed appeals and 10 appeals are still under consideration.

**C. The Tort Trustee's Efforts to Resolve Claims Asserted by Public and Private Entities for Reimbursement of Health Care Costs.**

**1. Claims for health care cost reimbursement.**

As required under federal law, the Tort Trustee submitted the required information on proposed payments to approved claimants to the Center for Medicare Services ("CMS") who promptly returned Medicare eligibility information on each claimant. Information on each approved claimant was provided to the various state Medicaid agencies through a third party, the Garretson Resolution Group ("Garretson"), to determine if those agencies have claims for medical expenses involving these claimants.  As of December 15, 2016, State Medicaid eligibility results have been received for over 95% of all approved claimants.  In addition to receipt of lien information from Medicare and Medicaid, the Tort Trustee has also received claims for health care cost reimbursement from various private entities.

**2. Lien packages were previously issued to 1,912 approved claimants and their attorneys**

As previously reported, by December 1, 2016, the Tort Trustee, with the assistance of her staff, attorneys, and certain staff of members of the PSC, issued lien letter packages to all of the 1,912 claimants eligible to receive a lien package.  An identical lien package was sent to counsel for each represented claimant.

A lien package was issued for the 5% of finally approved claimants for whom the Tort Trustee has not yet received lien information from a state Medicaid agency. Those claimants were informed that, subject to their return of the properly executed certification and other forms, they would be sent their initial payment, and that if subsequent data from their state's Medicaid reporting agency indicated a claim for reimbursement, then the Medicaid lien would need to be satisfied through future settlement payments, or otherwise.

Of the 1,996 fully or partially approved claims, 1,912 have received a lien package to date, 10 are still subject to an appeal to Judge Neiman, 17 are subject to a discrepancy in data preventing receipt of accurate lien information from either Medicare or Medicaid, 2 have been withdrawn.  The Tort Trustee anticipates sending lien packages to the remaining approved claimants by the end of January, 2017.

**3. Update on Payments to Finally Approved Claimants Who Have Responded to the Lien Package.**

As claimants return properly executed certifications and other forms, claims for reimbursement by public and private entities are thereby cleared.  Under the lien resolution agreement with Medicare, Medicare must then provide its final approval for the issuance of initial payments within 5 business days.  To date Medicare has typically provided its final approval within three to four business days.  Once Medicare sends its final approval to the Tort Trustee, checks are being issued for a claimant's initial payment, typically within 24 hours.

i. **Payments made to claimants on or before December 31, 2016**.

The Tort Trustee had previously represented to the Court that every effort would be made to send initial payment checks by December 31, 2016 to claimants who returned properly

executed forms and certifications in response the lien packages to the Tort Trustee prior to December 15, 2016 and who did not opt-out of the lien resolution program with CMS or the participating lienholders.. Of the 1,912 claimants sent lien packages by the Tort Trustee, approximately 1,126 claimants responded by returning materials to the Tort Trustee on or prior to December 15, 2016. Of these, 901 claimants returned those materials fully and properly executed. The remaining 225 claimants filed a notice opting out of the lien resolution programs, had some deficiency in the materials returned in response to the lien package, were subject to some data discrepancy or other hold on payment preventing issuance of a check from the Tort Trust. To date, the Tort Trustee has followed up on deficient submissions and sent approximately 200 deficiency letters asking claimants to cure one or more defects in their response to the lien package.

As of December 31, 2016, the Tort Trust had mailed 958 claim checks. Of these, 57 checks were payments from one of the individual clinic settlements – meaning 57 individuals received both a check from the national settlement and from a clinic settlement.

### ii.  Payments made since December 31, 2016

The Tort Trustee continues to receive responses from claimants to the original lien letters as well as documents from claimants curing deficiencies in their original responses. Beetween January 3, 2017 and January 9, 2017, the Tort Trustee mailed initial payments to an additional 136 claimants, including 26 clinic payments.

To date, funds disbursed to claimants by the Tort Trustee total $34,068,684.71.

### D.  Tort Trustee's Compliance with the Court's Order on Distribution of the Common Benefit Fund

Pursuant to the Court's Order of December 19, 2016 concerning the PSC's Motion for Distribution of Common Benefit Fees and Expenses [Dkt. No 3239], the Tort Trustee issued payment for 50% of the amounts set forth in the PSC's motion for distribution. Those fees and expenses were paid on December 31, 2016.

**E.  Summary Chart**

For the Court's convenience, the pertinent numbers set forth above are summarized in the chart below:

| Adjudication of Claims | | |
|---|---|---|
| Total Claims Filed: | 2,341 | |
| Total Approved Claims to Date Issued a Final Determination Letter | 1,996 | |
| Total Claims Fully and Finally Denied | 157 | |
| Claims Withdrawn by the Claimant | 2 | |
| Invalid Claims | 10 | |
| Claimants Awaiting Final Determination Letter | 176 | |
| Approved | 22 | Final determination letter anticipated by January 31, 2017 |
| Applied for and approved under different base category | 102 | Final determination letter anticipated by January 31, 2017 |
| Still under consideration by Epiq | 52 | Final determination letter anticipated by January 31, 2017 |

| Lien Clearance and Payments to Finally Approved Claimants | | |
|---|---|---|
| Number of Claimants eligible to receive lien package | 1,912 | |
| Number of Claimants Sent lien package | 1,912 | Completed December 1, 2016 |
| Number of claimants responding to lien package by December 15, 2016 | 1126 | |

| | | |
|---|---|---|
| Number of opt outs or defective responses received by December 15, 2016 | 225 | |
| Number of complete responses received by December 15, 2016 | 901 | |
| Number of claimants mailed initial payments by December 31, 2016 | 901 nat'l<br><br>57 clinic | |
| Number of claimants mailed initial payments since January 1, 2017 | 110 nat'l<br><br>26 clinic | |