**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC., PROCUCTS LIABILITY LITIGATION | ) ) ) |
| | ) MDL No.:  2419 |
| | ) Master Docket No.: 1:13-md-2419 |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| All Actions Against Specialty Surgery Center | ) |

**REPLY CONCERNING MOTION FOR SANCTIONS AND FOR ORDER TO SHOW CAUSE [Dkt No. 3232]**

The Plaintiffs Steering Committee ("PSC") hereby submits this Reply in support of its Motion for Sanctions and for Order to Show Cause.

## I.   The Protective Order was Violated

It bears repeating that *the records at issue are the sole property of CMC*.  The PSC subpoenaed those records and, in the normal course, is otherwise entitled to receive them.  In May 2016, the SSC Defendants and Jean Atkinson individually moved to subvert the normal subpoena process by requesting extraordinary relief in the form of a full privilege review of CMC's records (Dkt. No. 2906).  The Court denied that broad request but allowed GCE to review the records *only for two purposes*: (a) for the SSC Defendants to assert the PRP/QICP, and (b) for Jean Atkinson to assert a "personal" privilege, which she herself defined as documents strictly involving her and counsel on which no one else was copied.[1]  The Protective

---

[1] At oral argument, GCE stated that it had represented Ms. Atkinson "individually."  (*See* **Exhibit A,** Tr. Excerpt.)  The PSC – and presumably the Court– understood Ms. Atkinson to be asserting that she had not waived her "personal privilege" as to communications directly with her attorneys to prepare an individual defense.  As to the Reply brief that mentioned a joint defense privilege (Dkt. No. 2955 at p. 15), the defendants filed it the day before oral argument and 15 days after the PSC had filed its opposition.  It was procedurally inappropriate and prejudicial to

Order defined the scope of the review.  No one else, particularly non-parties to the SSC matters, was entitled to prevent production of those records to the PSC without Court authorization.[2]

GCE now admits that it violated the Protective Order by reviewing CMC's records on behalf of (1) additional GCE clients who are not named as defendants in SSC cases (Dr. Jones and St. Thomas Neurosurgical) and (2) one separately represented non-client that GCE never represented (Calisher & Associates ("Calishers")).  It admits that it provided no notice to the PSC or the Court that it was doing so.  GCE claims that it discovered these additional privilege issues on October 21, 2016.  That defies credulity. The defendants' supporting affidavits emphasize that GCE "routinely" communicated jointly with SSC, Dr. Jones, and St. Thomas Neurosurgical for months following the fungal meningitis catastrophe.[3]  In its June 21, 2016 Reply, GCE even identified a record on which Dr. Jones was copied, but requested no relief on his behalf.[4]  GCE plainly knew when it filed the Motion for Protective Order that CMC's computers might contain joint communications with multiple clients.[5]  Nevertheless, it chose to intervene only on behalf of the SSC Defendants, Jean Atkinson, and Dr. Lister.

raise a new argument at the eleventh hour, and in any event it appears that the Court did not reply upon that argument when it ruled.

[2] *See Public Citizen v. Liggett Grp.*, 858 F.2d 775, 784-85 (1st Cir. 1988) (considering intervention and Rule 24(b) and finding that, "[w]here intervention is available (*i.e.*, civil cases), it is an effective mechanism for third-party claims of access to generated through judicial proceedings"); *N. States Power Co. v. Westinghouse Elec Corp.*, 156 F.R.D. 168 (D. Minn. 1994) ("Intervention is the proper procedure for nonparties to challenge protective orders"); *Gray v. Faulkner*, 148 F.R.D. 220, 222 (N.D. Ind. 1992) ("A responding party cannot unilaterally impose conditions upon compliance with a discovery request."); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F. 2d 291, 293-94 (2d Cir. 1979) (finding that third party could not "insinuate itself into a private civil lawsuit between others" without intervening under Rule 24 to petition the Court to vacate or modify the existing protective order).

[3] *See* Dkt. No. 3254-1, Aff. of Matt Cline, ¶ 5; 3254-2, Aff. of Scott Butler, ¶ 8; 3254-3, Aff. of Donald Jones, MD, ¶ 6; 3254-4, Aff. of Jean Atkinson ¶ 7; Aff. of Kenneth Lister, MD, ¶ 7.

[4] Dkt. No. 2938-1 at p. 5 (email from M. Cline to Dr. Jones, Dr. Lister, and Kim Bowlin).

[5] Furthermore, in September 2016 in connection with a supplemental production of SSC records, GCE also served a privilege log identifying joint communications with St. Thomas

Even if the Court were persuaded that GCE and its other clients had no knowledge of this issue before October 21, 2016, GCE offers no reasonable explanation why it declined to raise the issue with the PSC or the Court on that date. Remarkably, GCE admits that it made a conscious decision **not** to disclose that it was making unauthorized privilege designations in violation of the Protective Order. Instead, it waited for the PSC to demand a privilege log, then disclosed the unauthorized designations on 4:30 P.M. on November 23, 2016, the day before Thanksgiving and just two weeks before the originally scheduled close of fact discovery. The prejudice is manifest, including (a) months of delay in the pretrial schedule, (b) attorney time and expense to force compliance with the Court's Protective Order, and (c) additional vendor fees.[6]

Under Rule 37(b)(2)(A), if a party fails to obey a discovery order, the Court may issue sanctions.[7] Without question, GCE and its clients violated the Protective Order, and those violations have caused substantial prejudice. GCE provides no coherent explanation for violating the Protective Order without notice to the PSC and without seeking timely relief from the Court. Sanctions are therefore warranted, including requiring immediate production, finding waiver, and awarding fees and expenses in favor of the PSC.[8]

## II.   The New Claims of Privilege Should Be Denied[9]

---

Neurosurgical and Dr. Jones that were on SSC's own computers prior to the sale, relative to productions made months earlier. *See* Dkt. No. 3254-8.

[6] As to the relevance of the withheld records, the Court should bear in mind that (1) the productions to date have included otherwise privileged materials that bear upon SSC's spoliation of the formulary, (2) the PSC subpoenaed (and is entitled to) CMC's records regardless of their relationship to the formulary because those materials could be used at trial on other issues, and (3) even if the documents are not otherwise admissible, they could be used for impeachment.

[7] *See R.W. Int'l Co. v. Welch Foods, Inc.*, 937 F.3d 11, 15 (1st Cir. 1991); *Momenta Pharms, Inc. v. Amphastar Pharms., Inc.*, at *9-10, 2014 U.S. Dist. LEXIS 7792 (D. Mass. Jan. 22, 2014).

[8] *See Bourne v. Town of Madison*, 2007 U.S. Dist. LEXIS 23945 (D.N.H. Mar. 27, 2007). For substantially the same reasons, the PSC maintains that an order to show cause should issue.

[9] The PSC demanded that SSC produce an itemized log justifying privilege on a document-by-document basis. Nevertheless, the defendants served a manifestly deficient privilege log on

The unauthorized claims of privilege have been waived or are otherwise deficient[10]:

(1) **Calishers**: Calishers was an independent contractor for SSC during the relevant time frame. SVMIC did not hire GCE to represent Calishers, Calishers was not identified in any pre-suit notice letter, and GCE did not (and does not) represent Calishers. The SSC Defendants have not presented any affidavits to substantiate a "joint defense" or "common interest privilege" with the Calishers. Thus, to the extent that a communication involves SSC and the Calishers, it must be produced because the claim of privilege has not – and cannot be – substantiated.[11]

(2)  **Jean Atkinson:** The Court's analysis as to Ms. Atkinson is simple: (1) if someone other than Ms. Atkinson and her attorneys is on a communication, the document must be produced; and (2) if a communication involves only Jean Atkinson and GCE, the Court can conduct an *in camera* review as to confirm whether the document involves Ms. Atkinson seeking or receiving legal advice on her own behalf. Even if the Court were to find that the Protective Order did not preclude Ms. Atkinson from asserting a "joint defense" privilege, she has not substantiated that privilege. She was not covered by any separate policy of insurance other than the policy applicable to SSC as a whole, nor has she substantiated how particular emails involve an issue specific to her own defense rather than SSC's operations generally. The simple act of copying her on a communication is insufficient to show that she was soliciting or receiving legal advice as part of an individual defense.

(3) **Dr. Jones:** Dr. Jones waived the right to assert privilege by failing to intervene in June 2016 when GCE presented an email to the Court involving Dr. Jones. Regardless, he has not substantiated any claims of privilege for the reasons stated in PSC's opening brief.

(4) **St. Thomas Neurosurgical:** St. Thomas Neurosurgical waived its right to assert a joint defense privilege by failing to timely raise this issue and for violating the Protective Order by unilaterally intervening without notice. Even if it had not waived this right, the communications are not privileged for the reasons stated in the PSC's opening brief.[12]

---

November 23, 2016. GCE has attached a supplemental privilege log to the opposition brief, nearly 60 days after the production was originally due. The Court should find that this belated effort is too little, too late, because it has forced the PSC to address the log only within the constraints of a short reply brief.

[10] Given the page limitations, the PSC will not rehash the arguments in its opening brief, including its arguments that St. Thomas Neurosurgical and Dr. Jones were not "co-clients" of SSC or otherwise entitled to assert a form of joint privilege or common interest privilege.

[11] *See, e.g.*, Dkt. No. 3254-7, at p. 9, Bates No. 145155 (email from Bowlin to SSC Executive Committee, Dr. Lister, and Calishers); p. 22, Bates No. 145344 (same); p. 24, 145773 (4/1/13 email from Bowlin to Calishers regarding site visit to collect records). Noticeably, Calishers has remained silent concerning these issues and has not asserted privilege over these materials.

[12] The defendants cite to a Magistrate Judge's opinion in *Anderson v. Clarksville Montgomery Cnty. Sch. Bd. & Sch. Dist.*, 229 F.R.D. 546 (M.D. Tenn. 2005). Whatever weight can be assigned to that opinion, it is clear that the Court was motivated by particular concerns in FLSA

Date:  January 17, 2017                Respectfully submitted:

                                        **/s/ J. Gerard Stranch, IV**
                                        J. Gerard Stranch, IV
                                        Benjamin A. Gastel
                                        Anthony A. Orlandi
                                        BRANSTETTER, STRANCH &
                                        JENNINGS, PLLC
                                        223 Rosa L. Parks Ave., Suite 200
                                        Nashville, TN 37203
                                        Telephone:  615/254-8801
                                        Facsimile:  615/255-5419
                                        gerards@bsjfirm.com
                                        beng@bsjfirm.com
                                        aorlandi@bsjfirm.com
                                        *Plaintiffs' Steering Committee and TN Chair*

                                        Thomas M. Sobol
                                        Kristen Johnson Parker
                                        HAGENS BERMAN SOBOL SHAPIRO, LLP
                                        55 Cambridge Parkway, Suite 301
                                        Cambridge, MA 02142
                                        Telephone:  617/482-3700
                                        Facsimile:  617/482-3003
                                        tom@hbsslaw.com
                                        kristenjp@hbsslaw.com

                                        *Plaintiffs' Lead Counsel*

                                        Annika K. Martin
                                        Mark P. Chalos
                                        LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
                                        250 Hudson Street, 8th Floor
                                        New York, NY  10013
                                        Telephone:  212/355-9500
                                        Facsimile:  212/355-9592
                                        akmartin@lchb.com
                                        mchalos@lchb.com

---

collective action cases, where it would be remarkably inefficient and unfair to force individual plaintiffs to retain separate counsel.  There are no such policy or practicality concerns present here – nothing compelled joint representation of St. Thomas Neurosurgical, Dr. Jones, and the SSC Defendants.

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688
Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

## <u>CERTIFICATE OF SERVICE</u>

I, J. Gerard Stranch, IV, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   January 17, 2017

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV
