```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS



IN RE:  NEW ENGLAND COMPOUNDING    )  MDL NO. 13-02419-RWZ
PHARMACY CASES LITIGATION          )
                                   )
                                   )
                                   )
                                   )
                                   )
                                   )



         BEFORE:        THE HONORABLE JENNIFER C. BOAL



                          STATUS CONFERENCE




         John Joseph Moakley United States Courthouse
                       Courtroom No. 17
                      One Courthouse Way
                       Boston, MA 02210


                         June 22, 2016
                          11:35 a.m.



              Catherine A. Handel, RPR-CM, CRR
                    Official Court Reporter
         John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 5205
                       Boston, MA 02210
                E-mail: hhcatherine2@yahoo.com
```

```
 1   party got to do a privilege log.  Then the Court says -- and
 2   we haven't heard anything from the party that says it hasn't
 3   been waived by the sale.  So, I don't know that the Solis case
 4   doesn't cut both ways.  In fact, it does cut both ways.
 5          So, we would propose that the Court put in place a
 6   process that allows us to review the documents after
 7   Cumberland Medical Center does their review, any documents
 8   that -- I think, practically speaking, how we propose this
 9   happening is Cumberland Medical Center runs the agreed-upon
10   search terms that they will agree on with the plaintiffs.
11   They have a stack of documents that come back from the
12   searches.  They review them for their own privilege
13   considerations and if they see a document that on its face
14   appears to be privileged or may be privileged, our privilege,
15   for instance, communication between us and Specialty Surgery
16   Center, goes into one stack and we review that stack and do a
17   privilege log, and if we need to come back about specific
18   documents, then we can, but we submit that that is the fairest
19   way to handle this issue at this point.
20          THE COURT:  Now, with respect to Ms. Atkinson, did I
21   read your papers to be asserting a personal privilege on
22   behalf of her?
23          MR. TARDIO:  I think she does.  She was noticed in --
24   although she was not sued individually, she was noticed
25   individually.  She was put on notice of an intent to sue her
```

```
 1   individually, and we've represented her individually.
 2           THE COURT:  Has the statute of limitations expired
 3   with respect to her?
 4           MR. TARDIO:  The statute of limitations is one year.
 5   So, it's expired, and the statute of repose has expired.
 6           THE COURT:  Okay.
 7           MR. TARDIO:  I understand the Court's question, but
 8   we have represented her individually, including in her
 9   deposition.
10           THE COURT:  So, I guess my -- with respect to -- I
11   understood that she was asserting a personal privilege, and I
12   was just wondering whether I had enough information to make
13   that call in the sense of don't I need to know whether or not
14   there was an email policy at SSC and what that said?
15           MR. TARDIO:  I don't know that an email policy would
16   help, and I'm not sure I understand what the --
17           THE COURT:  There are often cases that come before me
18   for individuals at corporations that assert an individual
19   right to assert a privilege, and a lot of that comes down to
20   what were their expectations with respect to using the
21   company's email.
22           MR. TARDIO:  I'm told there was not an email policy.
23           THE COURT:  Okay.
24           MR. TARDIO:  So, if that is an important factor in
25   the Court's decision, we can get that fact into the record.
```