UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br>v.<br><br>This Document Relates to:<br><br>Gibson v. Cincinnati Pain Management, et al.<br>C.A. No. 1:14-cv-11856 | MDL No: 1:13-md-2419-RWZ |

## JOINT MOTION TO TRANSFER VENUE

NOW COME the parties in the above-captioned action and hereby jointly move to have this matter transferred to Federal Court in Ohio for final adjudication and resolution for the convenience of the parties and witnesses, and the interest of justice. As grounds for this joint motion the parties' state as follows:

1. The above-referenced action is a presently stayed small clinic action which was initially filed in this Court pursuant to MDL Order No. 6 (i.e. Short Form Complaint).

2. Consistent with and pursuant to the winding down of this MDL proceeding,[1] the parties have conferred and agree that the more appropriate venue for the remaining case specific discovery and resolution of this matter is the Federal District of Ohio.

4. Pursuant to 28 U.S.C. §1404(a)[2], transfers are proper where the jurisdiction is proper in the proposed transferred court and where the interest of convenience and fairness make such a transfer appropriate. See Stewart Org., Inc. v. Ricoh Coop., 487 U.S. 22, 29 (1989).

---

[1] Corrected Order to Show Cause Concerning Remand and Transfer, In re New England Compounding Pharmacy, Inc., Prods. Liabl. Litig., 13-md-2419 (D. Mass. June 13, 2016) (Dkt. 29280)

[2] Section 1404(a) reads: "For the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

1618658v.1

5. Here, plaintiffs are residents of Kentucky. Defendant Cincinnati Pain Management Clinic (CPMC) and Dr. James Molnar are an Ohio based pain clinic and pain management physician respectively. Claimant Victoria Gibson received the allegedly tainted MPA injection in Ohio at the CPMC clinic. Claimant likewise received her prior and subsequent care and treatment in Ohio as well. Accordingly, venue is clearly appropriate in the federal court of Ohio. At a minimum, the substantive, if not complete course of the events giving rise to the claim occurred in Ohio and the action could have otherwise been properly brought in Ohio.

6. Not only is both personal jurisdiction and venue appropriate in the federal court in Ohio, but both convenience and the interests of justice and fairness likewise make the federal court in Ohio the more convenient and appropriate forum for case specific discovery and resolution. Even a cursory review and application of the governing criteria, i.e., the relative convenience of the parties; the convenience of the witnesses; location of the documents; connection between the forum and the issues; the law to be applied; and the state and public interests at stake dictate that the federal court in Ohio is the more convenient and appropriate forum. *See generally*, Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F. Supp. 2d 12, 17 (D. Mass. 2002).

7. The parties and potential witnesses – namely various providers all reside in or near Ohio. The care and MPA provision took place in Ohio. Ohio law controls the state based claims with Ohio having a substantial interest in adjudicating the claims as to the provision of medical care and treatment in Ohio and by Ohio care providers.

8. As all remaining parties agree to a transfer of venue to Ohio and as such a transfer will serve the substantial interest of convenience and justice, it is respectfully requested that the Court grant this Joint Motion to Transfer Venue.

WHEREFORE, plaintiffs, Victoria and Scott Gibson and defendants CPMC and James Molnar, M.D. respectfully request that their Joint Motion to Transfer Venue to Federal Court in Ohio be **ALLOWED**.

| Respectfully Submitted | Respectfully Submitted |
|---|---|
| The Plaintiffs | The Defendants |
| Victoria Gibson and Scott Gibson | Cincinnati Pain Management and Dr. Molnar |
| By their attorney | By their attorney, |
| /s/ Lauren Davis <sup>(taw)</sup> | /s/ Tory A. Weigand |
| John C. Thornton, III | Tory A. Weigand, BBO #548553 |
| Lauren Davis | Anthony E. Abeln, BBO #669207 |
| Andrews Thornton Higgins Razmara | Morrison Mahoney LLP |
| 2 Corporate Park | 250 Summer Street |
| Suite 110 | Boston, MA  02210-1181 |
| Irvine, CA 92606 | (617) 439-7500 |
| (949) 748-1000 | tweigand@morrisonmahoney.com |
| jct@andrewsthornton.com | aabeln@morrisonmahoney.com |
| ldavis@andrewsthornton.com | |

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on **February 7, 2017**

/s/  Tory A. Weigand