UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419-RWZ |
| This Document Relates to: | |
| *Keyes v. Specialty Surgery Center, et al.*, Dkt. No. 1:13-cv-12998 | |

**NOTICE OF FILING**
**PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pursuant to Specialty Surgery Center, PLLC's Motion to Dismiss,[1] SSC hereby submits a proposed order dismissing the Plaintiff's case attached hereto as Exhibit 1.

On December 16, 2016, Specialty Surgery Center, PLLC ("SSC") moved to dismiss the Plaintiff's complaint, *with prejudice* for failure to comply with Tenn. Code Ann. § 29-26-122. Doc. 21.[2] SSC argues that this case should be treated like eight (8) cases against SSC already dismissed by the Court at Doc. 3188[3], termed the "Remaining Actions." The PSC filed a response to the motion to dismiss at Doc. 3281.[4] The PSC's response states:

> The *Keyes* Case is similarly situated as the "Remaining Actions" as that term is used in Dkt. No. 3122. The Court had previously dismissed the Remaining Actions in its Order of November 17, 2016 [Dkt. No. 3188]. To ensure there is a record for appeal, the PSC simply requests that the arguments made in Dkt. Nos. 3121, 3122, and 3168 be applicable to the pending Motion to Dismiss in the *Keyes* Case and that any Order dismissing the *Keyes* case be based upon the Court's reasoning in Dkt. No. 3188 and

---

[1] Doc. 21, Case No. 1:13-cv-12998.
[2] This is the document number in the individual *Keyes* docket, 1:13-cv-12998.
[3] This document number refers to the main NECC MDL docket, 1:13-md-2419.
[4] This document number refers to the main NECC MDL docket, 1:13-md-2419.

not simply because the Plaintiff did not file a Response to the Motion to Dismiss filed in the individual docket in the Keyes Case.

Doc. 3281 at 1.

Thus, apparently neither the PSC nor the Plaintiff disputes that (1) the *Keyes* case falls within a group of cases the Court has already dismissed at Doc. 3188 and (2) if the Court applies the ruling at Doc. 3188, the *Keyes* case should be dismissed.

Accordingly, SSC respectfully submits the proposed order dismissing the case attached hereto as Exhibit 1. SSC requests that the Court enter the proposed order because (1) there is no dispute that the *Keyes* case is subject to dismissal under the law of the case, (2) the proposed order satisfies the conditions requested by the PSC in its response, and (3) there is no just reason for further delay.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

AND

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**

/s/ Parks T. Chastain
**PARKS T. CHASTAIN****
**KENT E. KRAUSE****
**ASHLEY E. GENO****
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

*Attorneys for SSC*

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 7th day of February, 2017.

/s/ Chris J. Tardio
**Chris J. Tardio**

3