UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> This Document Relates to: ) <br> ) <br> Ten (10) Suits Naming the SSC Defendants ) <br> Dismissed at Dkt. 3188: ) <br> ) <br> *Cox*, No. 1:13-cv-12918; ) <br> *Dingess*, No. 1:13-cv-12490; ) <br> *Hubbard*, No. 1:13-cv-12922; ) <br> *Jackson*, No. 1:13-cv-12923; ) <br> *Johnson*, No. 1:13-cv-12915; ) <br> *Lapiska*, No. 1:13-cv-12914; ) <br> *Nealon*, No. 1:13-cv-12491; ) <br> *Norris*, No. 1:13-cv-12682; ) <br> *Palmer*, No. 1:13-cv-12688; ) <br> *Reed*, No. 1:13-cv-12917 ) <br> ) <br> One (1) Suit Naming SSC Defendants ) <br> Dismissed at Dkt. 3312: ) <br> ) <br> *Keyes*, No. 1:13-cv-12998 ) | MDL No.: <br> Dkt. No 1:13-md-2419 (RWZ) |

**AFFIDAVIT OF PARKS T. CHASTAIN**
**IN SUPPORT OF THE SSC DEFENDANTS' BILL OF COSTS**

STATE OF TENNESSEE  )
                    )
COUNTY OF DAVIDSON  )

Parks T. Chastain after first being duly sworn, states as follows:

1. I am over the age of 18, have personal knowledge of the facts contained herein, and am competent to testify to the same.

2. I am one of the attorneys representing Specialty Surgery Center, PLLC ("SSC") and Kenneth Lister, MD ("Dr. Lister") (collectively the "SSC Defendants"). I have

represented SSC and Dr. Lister since 2014 and have been personally involved in this litigation since that time.

3.     Pursuant to 28 U.S.C. § 1924, I certify that the costs requested in the SSC Defendants' Bill of Costs, itemized in Exhibit A to the SSC Defendants' Bill of Costs, and outlined below are correct to the best of my knowledge, were incurred costs necessary to the defense of the case, and were incurred for services that were actually and necessarily performed:

**Fees of the Clerk**

4.     Fees of the Clerk are an allowed cost under 28 U.S.C. § 1920(1).[1]

5.     *Pro hac vice* admission fees are considered "fees of the clerk."[2]

6.     Certificate of good standing fees were incurred so that counsel for the SSC Defendants could be admitted *pro hac vice*.

7.     These fees were necessarily incurred because these cases were consolidated in this District, at the insistence of the Plaintiffs and by order of this Court, and because the NECC bankruptcy action occurred in this district. Accordingly, the certificate of good standing fees the SSC Defendants incurred, which were necessary for their counsel to be admitted *pro hac vice*, are "fairly chargeable" to the Plaintiffs.

**Deposition Transcripts**

8.     Deposition transcripts are an allowed cost under 28 U.S.C. § 1920(2).[3]

9.     The deposition transcripts for which the SSC Defendants request costs were necessarily obtained for use in these cases because we expected to use the

---

[1] 28 U.S.C. § 1920(1); *see also* Form AO 133 (authorizing the Clerk to tax as costs "Fees of the Clerk.").
[2] *See Keurig, Inc. v. JBR, Inc.*, No. 11-11941-FDS, 2014 WL 2155083 *2 (D. Mass. May 21, 2014).
[3] 28 U.S.C. § 1920(2); *see also* Form AO 133 (authorizing the Clerk to tax as costs "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.").

deposition transcripts for trial preparation of the ten (10) cases dismissed at Doc. 3188 and the one (1) case dismissed at Doc. 3312.[4] [5] Indeed, a number of the deposition transcripts may have required introduction at trial depending on trial venue. Many of the witnesses would not be subject to this Court's trial subpoena power if the cases are tried in this Court. Likewise, many of the witnesses would not be subject to subpoena at trial if it occurs in Tennessee. Moreover, most of the deposition transcripts were necessarily obtained to be used by the SSC Defendants' experts reviewing the case.

10. The following individuals were disclosed as comparative fault experts against NECC and its affiliates:

- Raymond Schneider, PE;
- Laura Thoma, PharmD;
- Robert Guardino;
- William Allen Mixon, RPh;
- Keith St. John, MT (ASCP), MS, CIC;
- Brian Reisetter;
- Ian Wallis; and
- Philip Austin.

11. The following depositions were reasonable and necessary to address the SSC Defendants' comparative fault defenses against NECC and its affiliates:

- Mario Giamei, Jr.;
- Cory Fletcher;
- Owen Finnegan;
- Belmira Carvahlo;
- Annette Robinson; and
- Stephen Haynes.

---

[4] *Hillman v. Berkshire Medical Center, Inc.*, 876 F. Supp. 2d 122, 127 (D. Mass. 2012) ("Although a deposition 'need not be introduced into evidence at trial in order to be necessarily obtained for use in the case,' a party must show that 'at the time the deposition was taken, [it] could reasonably be expected to be used for trial preparation.'") (internal citations omitted).
[5] *See Keurig, Inc. v. JBR, Inc.*, 2014 WL 2155083 at *3 ("it is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at trial.").

12. The following depositions were reasonable and necessary to address the SSC Defendants' comparative fault defenses against the FDA and Massachusetts Board of Pharmacy:

- David A. Kessler, MD;
- Sheldon T. Bradshaw, Esq.; and,
- Samuel Penta.

13. The deposition of Robert Kaiser was reasonable and necessary to address the Plaintiffs' claims and the SSC Defendants' comparative fault defenses against Liberty Industries.

14. The depositions of Edwin Cardona, Edgardo Camacho, Ricardo Dos Santos, and Suneela Mistry were reasonable and necessary to address the Plaintiffs' claims and the SSC Defendants' comparative fault defenses against UniFirst Corporation.

15. The deposition of Tommy Means was reasonable and necessary to address the SSC Defendants' comparative fault defenses against Analytical Research Laboratories ("ARL").

16. The deposition of Stephen O'Neill was reasonable and necessary to address the SSC Defendants' comparative fault defenses against Scientific Air Analysis.

17. Terry Grinder, DPH, is an investigator with the Tennessee Board of Pharmacy. Dr. Grinder's testimony was reasonable and necessary to address NECC's Tennessee pharmacy license and pertinent Tennessee pharmacy law.

18. The deposition of Francis McAteer was reasonable and necessary to address the Plaintiffs' "due diligence" claims, and to assess the "due diligence" performed by non-party facilities that purchased from NECC.

19. The deposition of Michael R. Dubeau was reasonable and necessary to address the SSC Defendants' comparative fault defenses against Victory Mechanical Services, Inc. and Victory Heating & Air Conditioning Co., Inc.

20. The deposition of Jean Atkinson, RN was reasonable and necessary to defend these cases. Nurse Atkinson is a former employee of SSC who participated in the decision to purchase from NECC. Additionally, the transcript of her deposition was necessary to aid in the SSC Defendants' experts' review of the case.

21. The deposition of Kimberly Bowlin was reasonable and necessary to defend these cases, as Ms. Bowlin is an employee of co-Defendant Calisher & Associates and SSC's former administrator.

22. The depositions of Ronald Calisher and Gina Calisher were reasonable and necessary to address the SSC Defendants' comparative fault defenses against Calisher & Associates, Inc.

23. The deposition of Larry Moore, CFO and COO of Cumberland Medical Center, was reasonable and necessary to address the sale of SSC to Cumberland Medical Center and the Plaintiffs' claims related to that sale.

**Hearing Transcripts**

24. Hearing transcripts are an allowed cost under 28 U.S.C. § 1920(2).[6][7]

25. The requested costs of the transcripts of motion hearings and status conferences were reasonably and necessarily incurred by the SSC Defendants. The hearing transcripts have been used throughout this litigation in preparing motions,

---

[6] 28 U.S.C. § 1920(2); see also Form AO 133 (authorizing the Clerk to tax as costs "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.").
[7] See Saint-Gobain Indus. Ceramics Inc. v. Wellons, Inc., 101 F. Supp. 2d 839, 839 (D. Mass. 2000) (allowing reimbursement of the costs of stenographic transcripts "[b]ecause reimbursement for those expenses is allowed under 28 U.S.C. ... § 1920.").

5

preparing for hearings, and evaluating the Court's many rulings. Also, the SSC Defendants were active participants in the hearings in the MDL. Additionally, the SSC Defendants reasonably expected to use the hearing transcripts to prepare for the trials of the ten (10) cases dismissed at Doc. 3188 and the one (1) case dismissed at Doc. 3312.

**FURTHER AFFIANT SAYETH NOT.**

PARKS T. CHASTAIN

Sworn to and subscribed before me on February 16th, 2017.

Connie A. Reed
Notary Public

My commission expires: 10/07/2019

