UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) |
| | MDL No.: Dkt. No 1:13-md-2419 (RWZ) |
| This Document Relates to: | ) ) |
| Ten (10) Suits Naming the SSC Defendants Dismissed at Dkt. 3188: | ) ) ) |
| *Cox*, No. 1:13-cv-12918; *Dingess*, No. 1:13-cv-12490; *Hubbard*, No. 1:13-cv-12922; *Jackson*, No. 1:13-cv-12923; *Johnson*, No. 1:13-cv-12915; *Lapiska*, No. 1:13-cv-12914; *Nealon*, No. 1:13-cv-12491; *Norris*, No. 1:13-cv-12682; *Palmer*, No. 1:13-cv-12688; *Reed*, No. 1:13-cv-12917 | ) ) ) ) ) ) ) ) ) ) ) |
| One (1) Suit Naming SSC Defendants Dismissed at Dkt. 3312: | ) ) ) |
| *Keyes*, No. 1:13-cv-12998 | ) |

## MEMORANDUM IN SUPPORT OF
## SSC DEFENDANTS' BILL OF COSTS

Specialty Surgery Center, Crossville, PLLC ("SSC") and Kenneth R. Lister, MD ("Dr. Lister") (collectively the "SSC Defendants"), pursuant to Fed. R. Civ. P. 54(d)(1)[1], submit their Bill of Costs to recover litigation costs incurred while defending the ten (10)

---

[1] Throughout this memorandum, "SSC Defendants" also refers to SSC, Dr. Lister, and Kenneth Lister, MD, PC ("Dr. Lister's Practice"). The attorneys at Gideon, Cooper & Essary, PLC represent all three entities while the firm of Brewer, Krause, Brooks & Chastain, PLLC, represents only SSC and Dr. Lister.

cases dismissed with prejudice at Doc. 3188[2] and the one (1) case dismissed with prejudice at Doc. 3312[3].

## I.     Introduction

This litigation began in 2013. Since then, a total of 24 cases proceeded against the SSC Defendants.  The attorneys with Brewer, Krause, Brooks & Chastain, PLLC, represented SSC and Dr. Lister in this litigation.

On September 12, 2016, the SSC Defendants moved to dismiss fifteen (15) of the twenty-four (24) cases based upon the Plaintiffs' failure to comply with the mandatory certificate of good faith requirement of Tenn. Code Ann. § 29-26-122.[4] On November 17, 2016, at Doc. 3188, the Court dismissed ten (10) of the cases.[5] The Court entered Orders of Final Judgment in ten of those cases on January 10, 2017.[6] On February 10, 2017, at Doc. 3312, the Court dismissed *Keyes.*[7][8] On February 16, 2017, at Doc. 27 in case 1:13-cv-12998, the Court entered an Order of Final Judgment in the

---

[2] The following cases were dismissed at Doc. 3188:
1. *Cox v. Ameridose, LLC, et al.*, No. 1:13-cv-12918;
2. *Dingess v. Ameridose, LLC, et al.*, No. 1:13-cv-12490;
3. *Hubbard v. Ameridose, LLC, et al.*, No. 1:13-cv-12922;
4. *Jackson v. Ameridose, LLC, et al.*, No. 1:13-cv-12923;
5. *Johnson v. Ameridose, LLC, et al.*, No. 1:13-cv-12915;
6. *Lapiska v. Ameridose, LLC, et al.*, No. 1:13-cv-12914;
7. *Nealon v. Ameridose, LLC, et al.*, No. 1:13-cv-12491;
8. *Norris v. Ameridose, LLC, et al.*, No. 1:13-cv-12682;
9. *Palmer v. Ameridose, LLC, et al.*, No. 1:13-cv-12688; and
10. *Reed v. Ameridose, LLC, et al.*, No. 1:13-cv-12917.
[3] *Keyes v. Specialty Surgery Center, et. al.*, No. 1:13-cv-12998.
[4] Doc. 3086; Doc. 3087.
[5] Doc. 3188.
[6] *See* Doc. 3269.
[7] See Doc. 3312.
[8] Because counsel for Ms. Keyes represented that he intended to voluntarily dismiss Ms. Keyes' case, *Keyes* was not included in the SSC Defendants' initial Motion to dismiss 15 of the 24 cases. Ultimately, Ms. Keyes did not voluntarily dismiss her case, and the SSC Defendants moved to dismiss *Keyes*, based on her failure to comply with Tenn. Code Ann. § 29-26-122.

Keyes case.[9]   The Court has now dismissed 11 of the 24 cases naming the SSC Defendants. .

## II.   Argument

Fed. R. Civ. P. 54(d)(1) authorizes the award of costs to  SSC and Dr. Lister: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – <u>should be allowed to the prevailing party</u>."[10] As the "prevailing party,"[11] SSC and Dr. Lister are entitled to their discretionary costs incurred in litigating those eleven cases.[12]

Although the Court has broad discretion to award costs against a losing party, "a presumption exists in favor of awarding costs to a prevailing party, requiring the non-prevailing party to overcome that presumption to avoid an award."[13] If the losing party objects to the Bill of Costs, the prevailing party "must make some showing to establish that its costs are necessary and reasonable."[14]

Specific taxable costs are outlined at 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under 28 U.S.C. § 1923; and

---

[9] Doc. 27 in case 1:13-cv-12998
[10] FED. R. CIV. P. 54(d)(1) (emphasis added).
[11] *Lenfest v. Verizon Enterprise Solutions, LLC*, No. 13-11596-NMG, 2015 WL 926065, *3 (D. Mass. 2013) (recognizing that dismissal with prejudice is tantamount to a judgment on the merits).
[12] FED. R. CIV. P. 54(d)(1).
[13] *Hillman v. Berkshire Med. Ctr., Inc.*, 876 F. Supp. 2d 122, 124 (D. Mass. 2012).
[14] *Id.*

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. 1828.[15]

SSC and Dr. Lister request an award of costs pursuant to 28 U.S.C. § 1920(1) and (2). Justification for these categories of costs – and a proposed allocation of the awarded costs – is discussed separately below.[16]

### a. Fees of the Clerk

28 U.S.C. § 1920(1) authorizes an award of the Clerk's fees.[17] *Pro hac vice* admission fees are considered "fees of the clerk."[18]   As such, SSC and Dr. Lister request reimbursement of the certificate of good standing fees they necessarily incurred for their attorneys to be admitted *pro hac vice*.

Precedent from this District supports the award of costs for *pro hac vice* fees. In *Keurig, Inc. v. JBR, Inc.*, this Court denied the defense counsel's request for *pro hac vice* fees.[19] There, because the plaintiff was headquartered in Massachusetts, the District of Massachusetts was the proper venue for the action. Despite its presumed awareness that this Court was the proper venue, the defendant – a California corporation – retained California-based counsel. The *Keurig* court disallowed the defendant's request for *pro hac vice* fees, concluding that "defendant's election to use out-of-state counsel, while perfectly appropriate, does not appear to be a cost that is fairly chargeable to plaintiff."[20]

---

[15] 28 U.S.C. § 1920.
[16] An itemized list of their requested costs is attached to the SSC Defendants' Bill of Costs as **Exhibit A**.
[17] 28 U.S.C. § 1920(1).
[18] *See Keurig, Inc. v. JBR, Inc.*, No. 11-11941-FDS, 2014 WL 2155083 *2 (D. Mass. May 21, 2014).
[19] *Keurig*, 2014 WL 2155083 at *2.
[20] *Id.*

This case is distinguishable from *Keurig*. Here, SSC and Dr. Lister provide health care services in Tennessee, and these cases are governed by Tennessee law. The Plaintiffs' alleged injuries occurred in Tennessee. But for this MDL, SSC and Dr. Lister would be litigating these cases in Tennessee. The SSC cases were consolidated in this district at the insistence of the Plaintiffs, by order of this Court, and because the NECC bankruptcy action occurred in this District. Accordingly, the certificate of good standing fees SSC and Dr. Lister necessarily incurred for their attorneys to be admitted *pro hac vice* are "fairly chargeable" to the Plaintiffs.[21]

### b. Deposition Transcripts

More than 50 witnesses – including parties, former NECC employees, representatives of at-fault non-parties, and experts – appeared for depositions during the "common discovery" phase of this MDL. SSC and Dr. Lister seek reimbursement for the costs of the deposition transcripts for witnesses whose testimony applies to the SSC cases. SSC and Dr. Lister request only the costs of the transcripts (either printed or electronic) and exhibits.

Taking and transcribing depositions falls within the costs allowed under 28 U.S.C. § 1920(2).[22] Section 1920(2) allows the recovery of costs for depositions "necessarily obtained for use in the case."[23] Generally, costs of depositions are taxed to the losing party if they are either introduced in evidence or used at trial.[24] However, a deposition does *not* need to be introduced into evidence or used at trial to be

---

[21] The requested certificate of good standing fees are summarized within Exhibit A to the SSC Defendants' Bill of Costs.
[22] *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) ("Taking and transcribing depositions are within the ambit of § 1920(2).").
[23] 28 U.S.C. § 1920(2).
[24] *Templeman v. Chris Craft Corp.*, 770 F.2d 245 (1st Cir. 1985).

"necessarily obtained for use in the case."[25] Instead, it is within the Court's discretion to tax deposition costs if "special circumstances warrant it."[26] Specifically, the cost of depositions may be taxed to the losing parties if, at the time the deposition was taken, "it could be reasonably expected to be used for trial preparation, rather than merely for discovery."[27]

Here, the deposition transcripts for which SSC and Dr. Lister request costs were necessarily obtained for use in these cases, as the SSC Defendants expected to use the deposition transcripts for trial preparation of the ten cases dismissed at Doc. 3188 and the one case dismissed at Doc. 3312. Additionally, a number of the deposition transcripts may have been introduced at trial depending on trial venue. Some witnesses are not subject to this Court's trial subpoena power if the cases are tried here, and other witnesses would not be subject to subpoena at trial if they are tried in Tennessee. Further, most of the deposition transcripts were necessarily obtained for use by the SSC Defendants' experts. Most importantly, these witnesses testified to issues that are fundamental to the SSC Defendants' defense of these cases: establishing comparative fault defenses, and establishing the SSC Defendants' compliance with the standard of care.

Thus, the requested deposition costs were undoubtedly necessary to defend these cases and should be taxed to the Plaintiffs.[28]

### c. Hearing Transcripts

---

[25] *Hillman*, 876 F. Supp. 2d at 127.
[26] *Templeman*, 770 F.2d at 249.
[27] *Hillman*, 876 F. Supp. 2d at 127.
[28] The requested deposition transcript costs are summarized within Exhibit A to the SSC Defendants' Bill of Costs.

Throughout this litigation, counsel for SSC and Dr. Lister attended monthly status conferences and motion hearings in the MDL. Just like deposition transcripts discussed *supra*, costs of hearing transcripts are recoverable if "necessarily obtained for use in the case."[29] Here, the requested costs of motion hearings and status conferences were reasonably and necessarily incurred by SSC and Dr. Lister.

Counsel for SSC and Dr. Lister used the hearing transcripts during this litigation in preparing motions, preparing for hearings, and evaluating the Court's rulings. Additionally, SSC and Dr. Lister reasonably expected to use the hearing transcripts to prepare for the trials of the eleven dismissed cases. Thus, the hearing transcripts were necessarily obtained for use in the case.[30]

### d. Proposed Allocation of Requested Costs

This Court has broad discretion to award and allocate costs against losing parties.[31] When a party prevails over more than one opponent, the Court must determine whether a fee award is allocated jointly and severally among the losing parties, or if the award is apportioned between them.[32] Ultimately, equity is the "guiding principle" for allocating fees, and the Court should "strive to determine the most fair and sensible solution."[33]

---

[29] 28 U.S.C. § 1920(2); *see also Saint-Gobain Indus. Ceramics Inc. v. Wellons, Inc.*, 101 F. Supp. 2d 839, 839 (D. Mass. 2000) (allowing reimbursement of the costs of stenographic transcripts "[b]ecause reimbursement for those expenses is allowed under 28 U.S.C. … § 1920.").

[30] The requested hearing transcript costs are summarized at Table 2 within Exhibit A to the SSC Defendants' Bill of Costs.

[31] *See Hillman*, 876 F. Supp. 2d at 124; *Sheehy v. Town of Plymouth*, No. Civ. A. 95-12425-RBC, 2001 WL 92386 *4 (D. Mass Jan. 18, 2001).

[32] *Roggio*, 18 F. Supp. 3d at 60.

[33] *Id.*; *see also id.* at 62 (apportioning costs awarded pursuant to 28 U.S.C. § 1920 jointly and severally among the losing defendants because "the awarded costs involved issues pertaining to both defendants equally.").

SSC's and Dr. Lister's requested costs were necessarily incurred during the "common discovery" phase of this MDL. To achieve the most equitable result, SSC and Dr. Lister propose the following assessment of costs individually against the eleven dismissed Plaintiffs:

> The requested costs should be divided into 24 equal shares (the total number of cases against SSC). Then, one of those 24 equal shares should be assessed against each of the eleven dismissed cases. Based on the SSC Defendants' Bill of Costs and their supporting documentation, a total of $28,185.82 should be divided into 24 equal shares of $1,174.41. Then, eleven of those shares should be allocated separately to each of the eleven dismissed cases for a total of **$12,918.51**.

## CONCLUSION

SSC and Dr. Lister respectfully move the Court to tax the costs provided in their Bill of Costs to the ten (10) Plaintiffs dismissed at Doc. 3188 and the one (1) Plaintiff dismissed at Doc. 3312. Because SSC and Dr. Lister are the "prevailing parties" in those eleven cases, they are entitled to an award of costs pursuant to 28 U.S.C. § 1920.

The requested costs were reasonably and necessarily incurred to defend these cases, and awarding SSC's and Dr. Lister's costs is justified. Additionally, SSC's and Dr. Lister's proposed allocation of costs is reasonable and satisfies the Court's primary goal of equity. Ultimately, however, SSC and Dr. Lister recognize, and defer to, the Court's "broad discretion" to allocate any awarded costs among the eleven losing Plaintiffs.

Respectfully submitted,

 _/s/_ Parks T. Chastain_____
**PARKS T. CHASTAIN**[*]
**KENT E. KRAUSE**[*]
**ASHLEY E. GENO**[*]

_____
[*] Admitted _pro hac vice_

Attorneys for Defendants, Specialty Surgery Center, PLLC and Kenneth R. Lister, M.D.

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**

P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com


**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio

**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

***Attorneys for the SSC Defendants***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice.*


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be served via electronic mail or regular US mail to those participants identified as unregistered this the 16th day of February, 2017.

 /s/ Parks T. Chastain

**PARKS T. CHASTAIN**