UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Master Dkt. 1:13-md-02419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>*Savercool v. Ameridose, LLC, et al.*, No. 1:13-cv-12583<br>*Smith v. Ameridose, LLC, et al.*, No. 1:13-cv-12684 | Hon. Rya Zobel<br>Magistrate Judge Jennifer Boal |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF BELLWETHER TRIALS**

The Plaintiffs' Steering Committee ("PSC") hereby files this Memorandum in support of its Motion for Consolidation of Bellwether Trials. Through the Court-ordered selection process, the parties have identified two bellwether trial cases among the pool of cases against Special Surgery Center, PLLC: *Savercool v. Ameridose, LLC, et al.* and *Smith v. Ameridose, LLC, et al.* For the reasons explained herein, under Rule 42(a), the PSC respectfully requests that the Court consolidate the trials of these bellwether trial cases.

**BACKGROUND**

At the outset of the litigation against Specialty Surgery Center, PLLC ("SSC"), there were 24 cases pending against it. As part of its bellwether order, the Court originally ordered each party to select four cases to constitute the eight case initial bellwether pool. The Court gave each party two strikes from this initial pool and it was anticipated that the bellwether pool would eventually be **four** total cases.

However, immediately after SSC selected its four cases, it moved to dismiss three of the four cases it selected on technical grounds. The PSC exercised its right to strike struck two of these three and the Court later dismissed the third along with ten other cases against SSC.

Now, there are currently 14 active cases in this MDL related to former patients of SSC

1

and as a result of SSC selecting a case that it later got dismissed, there are only **two** cases total in the bellwether pool: *Savercool v. Ameridose, LLC*, *et al.*, No. 1:13-cv-12583 ("*Savercool*"), and *Smith v. Ameridose, LLC, et al.*, No. 1:13-cv-12684 ("*Smith*").[1]  *Savercool* involves a patient with a confirmed case of meningitis and *Smith* involves a patient with a confirmed case of other spinal infection.  All cases remaining in the 14 total cases involve confirmed cases of meningitis (like *Savercool*) or other injury cases (like *Smith*).

Both bellwether trial cases and all remaining 14 total cases, concern claims against the same defendants: SSC, Dr. Kenneth Lister ("Dr. Lister"), and Kenneth Lister, MD, P.C. (collectively, the "SSC Defendants"), and Calisher & Associates, Inc. ("Calishers") (collectively, the "Defendants").  Aside from differences in the precise injuries suffered, *Savercool* and *Smith* both involve the essentially the same facts, the same claims, the same legal theories, and the same defenses by the same Defendants.

## RULE 42(A) STANDARD

Under Fed. R. Civ. P. 42, when actions involving a common question of law or fact are pending before the court, the court may consolidate trial of the two cases.  In determining whether to consolidate cases for trial, a district court engages in a two-step analysis.  First, the court determines whether the proceedings involve a common party and common issues of fact or law.[2]  Once this determination has been made, the court has "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate."[3]  If those

---

[1] In its Response in Opposition to the SSC Defendants' Motion to Amend and Certify Order of Interlocutory Appeal, the PSC detailed the bellwether selection process and the selection of *Savercool* and *Nealon* as the bellwether trial cases.  (*See* Dkt. No. 3242.)

[2] *In re PRI Automation, Inc. Secs. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001) (citing *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)) (consolidating cases).

[3] *Id*.

first two steps are resolved in favor of consolidation, the motion to consolidate ordinarily will be granted unless the opposing party shows "demonstrable prejudice."[4]

When weighing the costs and benefits of consolidation, a court may consider judicial economy, the convenience or inconvenience to the parties, the saving in time, effort, or expense, and any confusion, delay, prejudice that might result from consolidation.[5]  The fact that one or all parties object . . . is not dispositive."[6]  Rather, the important question is whether the cases involve a common question of law or fact.[7]

## APPLICATION OF THE RULE 42 STANDARD

### I.     The Cases Involve a Common Party and Common Questions of Both Fact and Law

Both *Savercool* and *Smith* have both sued the same defendants based on the same legal theories and the same substantive law.  In both cases, *Savercool* and *Smith* bring claims against the SSC Defendants and Calishers for their respective roles in choosing to purchase the contaminated Methylprednisolone Acetate ("MPA") from the New England Compounding Pharmacy ("NECC").  The operative complaints in both cases are essentially identical.  Both Plaintiffs assert claims under Tennessee law that the Court has construed as Tennessee Health Care Liability Act claims with respect to the SSC Defendants.  The Plaintiffs also assert identical allegations against Calishers under Tennessee law.  The SSC Defendants and Calishers' answers to those complaints are essentially identical.  They assert the same defenses in both cases, including the same comparative fault defenses seeking to hold the same third parties responsible

---

[4] *In re PRI Automation*, 145 F. Supp. 2d at 140.
[5] *Messere v. Spencer*, 2013 U.S. Dist. LEXIS 48934, at *5 (D. Mass. Mar. 29, 2013) (citing *Cruickshank v. Clean Seas. Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005)).
[6] *Gonzalez-Quiles v. Cooperativa De Ahorro Y Credito De Isabela*, 250 F.R.D. 91, 93 (D.P.R. July 18, 2007) (citing *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).
[7] *Gonzalez-Quiles*, 250 F.R.D. at 93.

for the same reasons. The basic facts that give rise to the Plaintiffs' claims are the same, including SSC's decision to run to a high-volume steroid injection practice through Dr. Lister, the decision to begin purchasing MPA from NECC in 2012 without adequate due diligence, and facts concerning the distribution of tainted pharmaceuticals by NECC to SSC and other clinics. The relevant defense witness will be the same, including (*inter alia*) Dr. Lister, Jean Atkinson, Kimberly Bowlin, Gina and Ron Calishers, and members of the Executive Committee of SSC, all of whom have been deposed as part of common fact discovery in the SSC matters.

The trials of *Savercool* and *Smith* therefore will involve the same claims under Tennessee law against identical sets of defendants, who be asserting the same defenses to liability and the same comparative fault allegations against the same third parties. The claims will involve common facts. Thus, it is indisputable that *Savercool* and *Smith* involve common defendants and a multitude of common issues of both fact and law. Accordingly, there can be no dispute that the first Rule 42(a) factor weighs conclusively in favor of consolidation.[8]

## II.     **The Benefits of Consolidation Overwhelming Favor Granting the Motion**

Here, the benefits of consolidation are manifest.

The claims to be tried against the SSC Defendants and Calishers in both cases are essentially identical. The parties will be presenting the same common experts in both cases to offer the same opinions on issues such as the appropriate standard of care and whether it was violated, the fault attributable (if any) to third parties such as NECC and NECC's contractors, the risks of purchasing from compounding pharmacies, SSC's violation of the patient-prescription

---

[8] *See In re PRI Automation*, 145 F. Supp. 2d at 140 (consolidating cases where "[o]nly the named plaintiffs differ" with respect to essentially identical complaints); *see also Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*, 354 F. Supp. 2d 18, 22 (D. Mass. 2000) (finding consolidation appropriate where the allegations and claims in thirteen complaints were identical except for the description of the plaintiffs); *Messere v. Spencer*, 2013 U.S. Dist. LEXIS 48934, at *5 (D. Mass. Mar. 29, 2013).

rule in purchasing from NECC, and many other issues. The parties will be presenting testimony from the same fact witnesses, including Dr. Lister, Ms. Atkinson, Ms. Bowlin, and Gina and Ron Calisher, along with third-party witnesses related to the potential comparative fault of NECC and its contractors.[9] The jury will be asked to rule on the same health care liability claims against the SSC Defendants and the same Tennessee claims against Calishers based on the same jury instructions. The liability issues in both trials therefore will be essentially – if not entirely – identical.

Since *Savercool* involves a confirmed meningitis case and *Smith* a confirmed infection case not involving meningitis, the two cases are representative (apart from individualized damage issues) of the remaining pool of cases. Furthermore, because the total universe of cases against the Defendants has currently dwindled to 14, as opposed to its original 24, there are less cases to spread common expenses and common fees across. Consolidation will help alleviate this problem by simplifying the process and ensuring plaintiffs do not need to incur additional expenses in proving the common elements of each trial.

Having a single trial of the *Savercool* and *Smith* matters therefore would plainly serve the interests of judicial economy, the convenience of the parties and witnesses, and the conservation of time, effort, and expense. Rather than defend themselves against the same claims twice, the Defendants would only need to appear once for trial. Rather than forcing certain common fact witnesses to testify twice, those witnesses would only need to appear once. Rather than have the same common experts offer exactly the same opinions in two successive trials, those experts (most of whom live outside of Boston) would testify one time, saving the parties substantial

---

[9] Depending on the Court's ruling on the PSC's pending Motion for Judgment on the Pleadings Regarding Comparative Fault Defenses Attributing Fault to Governmental Entities (Dkt. No. 3249), the parties may also present common witnesses regarding the potential fault of multiple governmental entities.

5

expert costs. Rather than having two juries hear exactly the same testimony from the same fact and expert witnesses on the same common liability issues, a single jury would hear that testimony and issue verdicts based on the same legal standard. Furthermore, particularly because both the SSC Defendants' counsel and the PSC's Tennessee Chair are located in Tennessee, it will save substantial attorney time and expense to have a single trial in Boston rather than two trials. Finally, it would be a waste of judicial resources to have two successive trials on the same issues, which would tie up the Court's docket unnecessarily.

There is no countervailing prejudice to the SSC Defendants or to Calishers, who will be offering essentially identical defenses in both cases through same the fact and expert witnesses. Of course, there will be some case specific fact testimony from the respective Plaintiffs and their respective treating physicians, as well as case-specific experts relative to each case. However, there is no reason to believe that the jury will not be able to keep straight the case-specific fact and expert testimony relative to each case in rendering its verdicts.

In sum, the benefits of trying *Smith* and *Savercool* together overwhelmingly demonstrate that consolidation is warranted. Trying both these cases together will allow the parties to value both meningitis and non-menigitis cases and obviating the need for further bellwether trials.

## CONCLUSION

For all of these reasons, the Court should order that the trials of *Savercool* and *Smith* be consolidated.

Dated: March 3, 2017        Respectfully Submitted,

/s/ **Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSTETTER, STRANCH &
JENNINGS, PLLC

223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com

*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: 617/482-3700
Facsimile: 617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415/956-1000
Facsimile: 415/956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone: 248/557-1688
Facsimile: 248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116

Telephone: 617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone: 404/451-7781
Facsimile: 404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com
*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 3, 2017, a true and exact copy of the foregoing was served upon all counsel of record via the courts electronic mail.

/s/ Benjamin A. Gastel
Benjamin A. Gastel