UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE: NEW ENGLAND )
COMPOUNDING PHARMACY, INC. )
PRODUCTS LIABILITY LITIGATION ) MDL No. 13-2419-RWZ
)
This Document Relates To: )
)
   All Actions Involving Specialty )
   Surgery Center and Dr. Kenneth )
   Lister )
)

ORDER ON PSC'S MOTION FOR SANCTIONS AND FOR ORDER TO SHOW CAUSE
[Docket No. 3232]

March 29, 2017

Boal, M.J.

I.    BACKGROUND

The Plaintiffs' Steering Committee ("PSC") served a subpoena to Cumberland Medical Center, Inc. ("Cumberland"), seeking access to information contained on certain hard drives in Cumberland's possession. Cumberland received the hard drives at issue from the SSC Defendants[1] as a result of Cumberland's acquisition of their assets. To protect information subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") as well as to protect against the disclosure of Cumberland's proprietary, confidential, or privileged information, the PSC and Cumberland jointly moved for the entry of a stipulated protective order. Docket No. 2841. The SSC Defendants did not object to the order but requested that the Court modify the proposed protective order or enter a separate protective order allowing them to

---

[1] The "SSC Defendants" refers to defendants Specialty Surgery Center, PLLC ("SSC"), Kenneth R. Lister, M.D. ("Dr. Lister"), and Kenneth Lister, M.D., P.C. ("Dr. Lister's Practice").

1

review the information for privilege, work product, confidentiality or proprietary information before the information was produced to the PSC.  Docket Nos. 2905, 2906.

On July 28, 2016, this Court issued an order finding that the SSC Defendants waived the attorney-client privilege and the work product protection but not the Tennessee Peer Review Privilege with respect to documents in the Cumberland computers.  Docket No. 3015.  The Court also found that Jane Atkinson, who was the Director of Nursing at SSC, did not waive any of her personal privileges.  Id.  Accordingly, the Court ordered that the SSC Defendants could review the information in the computers for the Tennessee peer review privilege and the quality improvement committe privilege only and Ms. Atkinson could review the information for documents protected by her personal attorney-client and work product privileges.  Id. at 12.  On August 5, 2016, the Court issued a Qualified Protective Order Regarding Plaintiffs' Steering Committee's Subpoena of Cumberland Medical Center, Inc.  Docket No. 3030.

In the course of review of documents, counsel for the SSC Defendants learned that the computers contained attorney-client communications with STOPNC, Howell Allen, and Dr. Donald Jones, which also copied the SSC Defendants.  Docket No. 3254 at 6.  Counsel believed that SSC's waiver did not waive privilege for STOPNC, Howell Allen, and Dr. Jones.[2]  Therefore, counsel withheld those communications and included them in a privilege log.  Id.

The PSC maintains that the communications including STOPNC, Howell Allen, and Dr. Jones are not privileged and that counsel's actions violated the Court's prior orders.  The instant motion followed.  Docket No. 3232.  The Court heard oral argument on February 8, 2017.

---

[2] The Court refers to the SSC Defendants, STOPNC, Howell Allen, and Dr. Jones collectively as the "Tennessee Clinic Defendants."

II.      ANALYSIS

The PSC's motion presents two issues. First, whether the waiver of the attorney-client privilege by one client (SSC) also waives the privilege for SSC's co-clients (STOPNC, Howell Allen, Dr. Jones, and Jean Atkinson). Second, whether SSC, STOPNC, Howell Allen, Dr. Jones, and Jean Atkinson violated the Court's prior orders and should be sanctioned.

    A.    The Communications Among The Tennessee Clinic
          Defendants Are Protected By The Common Interest Privilege

Under Tennessee law,[3] to successfully invoke the attorney client privilege, the party asserting the privilege is obligated to establish the communications were made pursuant to the attorney-client relationship and with the intention that the communications remain confidential. State ex rel. Flowers v. Tennessee Trucking Ass'n Self Ins. Group Trust, 209 S.W.3d 602, 616 (Tenn. App. 2006) (citations omitted). The party asserting the privilege has the burden of proving that the privilege applies. Id. (citations omitted).

The attorney-client privilege belongs to the client. Boyd v. Comdata Network, Inc., 88 S.W.3d 203, 213 (Tenn. App. 2002) (citation omitted). A client may waive the privilege by voluntarily divulging the communication to third parties. Id.

"The common interest privilege recognizes the advantages of, and even necessity for, an exchange or pooling of information among attorneys representing parties sharing a common legal interest in litigation." Boyd, 88 S.W.3d at 213 (citation omitted). The common interest privilege, therefore, provides an exception to the general rule that a party waives the attorney-client privilege by sharing privileged communications with third parties. Id. (citation omitted).

---

[3] "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Tennessee law governs the claims against the SSC Defendants. See generally Docket No. 2581.

3

The common interest privilege "permits the participants in a joint defense to communicate among themselves and with their attorneys on matters of common legal interest for the purpose of coordinating their joint legal strategy." Id. at 214 (citations omitted). The common interest privilege applies not only to codefendants but also to potential codefendants and others who have a community of interest in the subject matter of the communications. Id. "However, the privilege applies only to communications given in confidence, and intended and reasonably believed to be part of an on-going and joint effort to set up a common legal strategy." Id. (citations omitted).

The proponent of the common interest privilege has the burden of establishing that it applies. Id. In order to carry its burden, the proponent must show:

> (1) that the otherwise privileged information was disclosed due to actual or anticipated litigation; (2) that the disclosure was made for the purpose of furthering a common interest in the actual or anticipated litigation, (3) that the disclosure was made in a manner not inconsistent with maintaining its confidentiality against adverse parties, and (4) that the person disclosing the information has not otherwise waived the attorney-client privilege for the disclosed information.

Id. at 214-215 (citations omitted).

After careful review of the affidavits submitted by the Tennessee Clinic Defendants, the Court finds that they have established that the common interest privilege applies to their communications. See generally affidavits of Attorney Matthew H. Cline, Scott Butler, Dr. Jones, Ms. Atkinson, and Dr. Lister (Docket Nos. 3254-1, 3254-2, 3254-3, 3254-4, and 3254-5). State Volunteer Mutual Insurance Company retained Gideon, Cooper & Essary, PLC ("GCE") to represent the Tennessee Clinic Defendants on a collective basis, with the expectation that the defense would be developed most efficiently with one set of lawyers representing all Tennessee Clinic Defendants. See, e.g., Affidavit of Matthew H. Cline ("Cline Aff.") at ¶¶ 3, 4. GCE

4

routinely and frequently communicated with the Tennessee Clinic Defendants collectively because the issues were common to all clients.  See, e.g., at ¶ 5.  The Tennessee Clinic Defendants intended and expected all communications with GCE to be kept confidential.  See, e.g., Affidavit of Scott Butler ("Butler Aff.") at ¶ 8.  As observed by the Court in the course of proceedings in this MDL, GCE routinely advanced common positions on virtually all issues in the MDL.  Accordingly, the Court finds that the common interest privilege applies to communications among the Tennessee Clinic Defendants.

      B.      SSC's Waiver Of Privilege Did Not Serve To Waive
The Privilege Of The Remaining Tennessee Clinic Defendants

In its July 28, 2016 decision, the Court found that SSC had waived the attorney-client privilege and work product protection by disclosing the communications to Cumberland.  Docket No. 3015 at 4-19.  SSC's waiver, however, does not serve to waive the privilege as to the other Tennessee Clinic Defendants.  See Anderson v. Clarksville Montgomery County School Bd. and School District, 229 F.R.D. 546, 547 (M.D. Tenn. 2005) (finding that a single plaintiff may not waive the attorney-client privilege for all plaintiffs through his act of disclosing attorney-client communications to the other side, even though the disclosure was deliberate).  Therefore, the Court finds that Atkinson, STOPNC, Howell Allen, and Dr. Jones may continue to assert privilege over joint communications despite SSC's waiver.

      C.      The Court Declines To Issue Sanctions

It would have been preferable for GCE to file a motion immediately after it realized that the Cumberland computers contained documents that were privileged as to STOPNC, Howell Allen, and Dr. Jones.  The Court shares the PSC's frustration over defense counsel's handling of this issue.  However, after careful consideration, the Court declines to impose sanctions.

III.    ORDER

For the foregoing reasons, the Court denies the PSC's motion for sanctions and for an order to show cause.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge