IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>) MDL No.: 1:13-MD-2419-RWZ<br>) |
| THE DOCUMENT RELATES TO:<br><br>Case No. 1:14-cv-13496-RWZ<br>*Neal, Adm'r v. Insight Health Corp. et al.* | )<br>)<br>)<br>)<br>) |

## FINAL ORDER APPROVING WRONGFUL DEATH DISTRIBUTIONS AND DISMISSING CASE WITH PREJUDICE

THIS DAY CAME Petitioner, William L. Neal, the duly qualified administrator of the Estate of Lucy Byrd Neal ("Petitioner"), by counsel, pursuant to Va. Code § 8.01-55, and requested the Court's approval of distributions to the Statutory Beneficiaries of decedent, Lucy Byrd Neal ("Mrs. Neal"), and others as reflected in his Petition for Final Approval of Distributions of Virginia Wrongful Death Claim Pursuant to Va. Code § 8.01-55 (the "Petition").

WHEREUPON, after consideration of the Petition, the Agreement of the Statutory Beneficiaries, and for good cause shown, the Court finds and orders the following:

1. The Court has previously approved the underlying settlement of the Petitioner's claims subject only to a final order regarding distribution of settlement proceeds. The Petitioner's claims under the applicable settlement agreement(s) have now been processed, and funds have been awarded to Petitioner for payment to the Statutory Beneficiaries, subject to applicable costs, expenses, attorneys' fees and liens.

2. The Statutory Beneficiaries have agreed in writing about how the settlement funds that have been awarded should be distributed among them after payment of attorneys' fees, costs, expenses and liens. That agreement is reflected in Exhibit 2 to the Petition (the "Agreement"), and is hereby confirmed, including that Petitioner, who also is a statutory beneficiary, is

knowingly and voluntarily waiving and foregoing receipt of any portion of the net settlement, in favor of the other three statutory beneficiaries, who are his and Mrs. Neal's adult children. Regarding liens, the Petitioner has received (a) a final payment demand letter from the Centers for Medicare and Medicaid Services stating a final calculated lien amount of $46,640.74 ("Medicare Lien"), and (b) a final letter from Rawlings/Anthem confirming an agreed lien amount of $10,360.70 (the "Rawlings/Anthem Lien"). Petitioner is not aware of other liens against the settlement proceeds.

3. The Court is advised that the Tort Trustee has tendered (by check payable to counsel and the Estate of Mrs. Neal) the sums awarded for Petitioner's claims submitted under the NECC and Insight claims resolution facility procedures. Upon the availability of those funds, Petitioner, through his counsel, is directed to pay the Medicare lien, the Rawlings/Anthem Lien, attorneys' fees, and the costs and expenses of counsel.

4. Per the Agreement, after payment of attorneys' fees, expenses, the Medicare Lien, and the Rawlings/Anthem Lien, the resulting net settlement funds shall be distributed among the Statutory Beneficiaries as follows:

      a. William L. Neal - 0%
      b. William L. Neal, II - 33.3333% ($ 150,148.58)
      c. Adele Neal - 33.3333% ($ 150,148.58)
      d. Bryan Neal - 33.3333% ($ 150,148.58)

5. Counsel for Petitioner is directed to issue any future payments on additional settlement proceeds in accordance with the Agreement.

6. Case No. 1:14-cv-13496-RWZ is hereby DISMISSED WITH PREJUDICE, with all parties to bear their own costs and expenses.

ENTERED this 30th day of March, 2017.

_____
Ryan Zobel
U.S. District Court Judge

WE ASK FOR THIS:

By: /s/ Gregory L. Lyons
John E. Lichtenstein (VSB #27048)
John.Lichtenstein@lichtensteinlawgroup.com
Gregory L. Lyons (VSB #24037)
Greg.Lyons@lichtensteinlawgroup.com
LICHTENSTEIN LAW GROUP PLC
Liberty Trust Building, Suite 400
101 South Jefferson Street (24011)
P.O. Box 601
Roanoke, Virginia 24004-0601
Tel:   (540) 343-9711
Fax:   (540) 343-9713
*Counsel for Petitioner William L. Neal, Administrator of the Estate of Lucy Byrd Neal, Deceased*