UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Case No. 1:14-cv-14542-RWZ | MDL No. 1:13-md-2419-RWZ |

## SECOND AMENDED FINAL ORDER APPROVING WRONGFUL DEATH DISTRIBUTIONS AND DISMISSING THE CASE WITH PREJUDICE

Petitioner Larry D. Gaskins, Executor of the Estate of Miriam G. Warren, deceased, by counsel, pursuant to Va. Code § 8.01-55, requests the Court's entry of an order approving the distribution of Settlement Proceeds among the Statutory Beneficiaries and others as reflected in their Petition for Final Approval of Distribution of Wrongful Death Settlement Proceeds Pursuant to Va. Code § 8.01-55 (the "Petition).

Upon consideration of the Petition, the Agreement Regarding Distribution of Settlement Proceeds, and for good cause shown, the Court finds and orders the following:

1. The Court has previously approved the underlying settlement of the Petitioner's claims, subject only to a final order regarding distribution of the settlement proceeds. The Petitioner's claims under applicable settlement agreements have been processed, and funds have been awarded to Petitioner for payment to the Statutory Beneficiaries, subject to applicable attorney fees, costs and expenses, and liens.

2. Statutory Beneficiary Thomas F. Gaskins, having acknowledged his position as a Statutory Beneficiary of this wrongful death estate, have informed counsel and the court, that he does not wish to participate in the legal matter and declines and disavows any claims in this

settlement agreement. In addition to declining whatever portion of the settlement proceeds to which he may otherwise be entitled, Thomas F. Gaskins has waived notice and the opportunity to participate in any hearing conducted by the court regarding the matter of the distribution of settlement proceeds.

3. The remaining four Statutory Beneficiaries have reached an independent agreement as to how the settlement proceeds should be distributed after payment of attorney fees, costs and expenses, and liens. The agreement of the Statutory Beneficiaries is attached to the Petition as Exhibit B thereto, and is hereby confirmed and approved. The Court hereby finds the attorney fees and expenses, to be paid as ordered below, to be fair and reasonable under the circumstances of this case.

4. The Petitioner has received a final payment letter from one agency with a valid and enforceable lien against the settlement proceeds. Medicare provided healthcare services to the Petitioner's decedent prior to her death. The amount of Medicare's lien is the following:

    a. Medicare: $4,264.87

5. The Tort Trustee is hereby ordered to make distribution of the settlement proceeds as follows:

    a. To Crandall & Katt and Larry D. Gaskins, Executor of the Estate of Miriam G. Warren, deceased: $367,234.70, this amount to be further apportioned by Crandall & Katt as follows:

        (i) $146,893.88 to Crandall & Katt in payment of its attorney fees;

        (ii) $11,644.00 to Crandall & Katt in payment of its expenses associated with this case;

2

    (iii)    $4,264.87 to Medicare, in payment of its lien;

    (iv)    $51,107.99 to Larry D. Gaskins in payment of his portion of the proceeds as Statutory Beneficiary;

    (v)    $51,107.99 to Patti Gregg in payment of her portion of the proceeds as Statutory Beneficiary;

    (vi)    $51,107.99 to James Y. Gaskins in payment of his portion of the proceeds as Statutory Beneficiary;

    (vii)    $51,107.98 to Richard N. Gaskins in payment of his portion of the proceeds as Statutory Beneficiary;

    (viii)    $0.00 to Thomas F. Gaskins in payment of his portion of the proceeds as Statutory Beneficiary.

6.    The petitioner's lawsuit is hereby DISMISSED WITH PREJUDICE, with all parties to bar their own cost and expenses.

ENTER, this \_\_\_\_30R\_\_\_\_ day of March, 2017.

_____
United States District Court Judge