UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

Norris v. Specialty Surgery Center, PLLC, Dkt. No. 1:13-cv-12682

Palmer v. Specialty Surgery Center, PLLC, Dkt. No. 1:13-cv-12688

MDL No. 2419
Dkt. No 1:13-md-2419 (RWZ)

**MOTION TO COMPLETE THE RECORD ON APPEAL**

Pursuant to Fed. R. App. P. 10(e), Specialty Surgery Center, PLLC ("SSC") hereby moves for entry of an order directing the clerk to submit additional documents from the main MDL docket (Dkt. No. 1:13-md-2419) to the First Circuit Court of Appeals in order to complete the record on appeal in *Norris v. SSC* (Dkt. No. 1:13-cv-12682, Appeal No. 17-1003) and *Palmer v. SSC* (Dkt. No. 1:13-cv-12688, Appeal No. 17-1005).

## Introduction

Pursuant to Fed. R. App. P. 10(e), SSC respectfully moves to supplement the record on appeal in *Palmer* and *Norris* with filings from the main MDL docket. The clerk submitted the entire individual dockets for *Palmer* and *Norris* as the appellate record. Unfortunately, a number of filings relevant to the *Palmer* and *Norris* appeals were filed only in the main MDL docket at the Court's instruction.[1] As a result, they are not part of the individual dockets that became the appellate record. However, they have clear application and relevance to the order being appealed and should be added to the record.

In order to ensure a complete and accurate record, SSC respectfully requests that the following omitted filings be added to the record on appeal for both *Palmer* and *Norris*, pursuant to Fed. R. App. P. 10(e):

1) The Plaintiffs' motion to extend time to file certificates of good faith, filed in response to SSC's motion to dismiss,[2]

2) The replies and surreplies regarding SSC's motion to dismiss,[3]

3) The Court's prior orders and the related briefing regarding the applicability of the Tennessee Health Care Liability Act,[4] and

4) The Second Amended Master Complaint.[5]

[1] *See* 12/4/14 Status Conf. Tr. 6:16-25; 6/24/15 Status Conf. Tr. 23:1-9; 2/11/16 Status Conf. Tr. at 6:19-7:5.
[2] Doc. 3121.
[3] Docs. 3137, 3167, 3183, 3188.
[4] Docs. 770, 771, 772, 774, 775, 776, 777, 778, 779, 780, 893, 894, 898, 948, 949, 1015, 1017, 1040, 1074, 1112, 1115, 1116, 1179, 1180, 1254, 1255, 1360, 2300, 2302, 2462, 2463, 2464, 2465, 2466, 2467, 2508, 2537, 2548, 2700, 2749, 2755, 2796, 2812, 2826.
[5] Doc. 1719.

## **Procedural Background**

Initial Round of Dispositive Motion Briefing in Tennessee Cases

Ms. Norris and Mr. Palmer filed suit in the Middle District of Tennessee in 2013.[6] Both suits were transferred to this District and consolidated in the NECC Multidistrict Litigation (MDL No. 2419). The *Norris* and *Palmer* cases joined:

- More than 20 other cases naming SSC;
- More than a hundred cases naming another Tennessee clinic (STOPNC); and
- Several hundred cases naming other defendants.

With respect to the cases naming the Tennessee clinics, the legal claims against SSC and STOPNC were virtually identical, and the applicability of Tennessee's Health Care Liability Act ("THCLA")[7] was a hotly-contested issue from the outset of the litigation. The Clinic Defendants in the Tennessee cases filed an initial round of "global" dispositive motions in early 2014, which dealt in large part with whether the Plaintiffs' claims were governed by the THCLA.[8]

Specifically, SSC (and STOPNC) filed a dispositive motion seeking dismissal of a number of cases (including *Palmer* and *Norris*) for failure to comply with the THCLA's certificate of good faith requirement set forth at Tenn. Code Ann. § 29-26-122.[9] In response, the Plaintiffs asked the Court to deny this motion until they had the opportunity to conduct discovery, pursuant to Fed. R. Civ. P. 56(d).[10] The Court granted Plaintiffs' request and denied the motion without prejudice.[11] Soon after, the Court issued a ruling

[6] *See* Doc. 1 (*Norris*, Dtk. No. 1:13-cv-12682); Doc. 1 (*Palmer*, Dkt. No. 1:13-cv-12688).
[7] TENN. CODE ANN. § 29-26-101, *et seq*.
[8] *See* Docs. 770, 771, 774, 779, 893.
[9] Doc. 774.
[10] Doc. 948.
[11] Doc. 1255.

on the other "global" dispositive motions filed in the Tennessee cases addressing, in part, applicability of the THCLA to the Plaintiffs' claims.[12]

Orders Holding that the THCLA Governs the Plaintiffs' Claims

The parties then proceeded with discovery, with the STOPNC cases ultimately moving ahead of the SSC cases in terms of scheduling and completion of discovery. In 2015, the parties in the STOPNC cases filed competing summary judgment motions regarding whether Tennessee's Product Liability Act ("TPLA")[13] or the THCLA applied to the Plaintiffs' claims.[14] The Court sided with the Defendants and held that the THCLA governed the STOPNC Plaintiffs' claims.[15]

SSC later filed a similar motion for summary judgment and asked the Court to extend its ruling that the THCLA controlled in the STOPNC cases, to also cover the SSC cases.[16] The Court, relying on its prior order, granted SSC's motion and held that the THCLA, not the TPLA, applied to the SSC Plaintiffs' claims.[17]

Renewed Motion to Dismiss *Palmer* and *Norris*

With the question of application of the THCLA to the SSC cases firmly settled, and common discovery all but complete, SSC renewed its motion to dismiss a number of cases (including *Palmer* and *Norris*) based upon the Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-122.[18] In opposition, the Plaintiffs filed a motion to extend the time to file a certificate of good faith[19] and argued, among other things, that the Court had already

---

[12] Doc. 1360.
[13] TENN. CODE ANN. § 29-28-101.
[14] Docs. 2300, 2462.
[15] Doc. 2700.
[16] Doc. 2882.
[17] Doc. 3027.
[18] Doc. 3086.
[19] Doc. 3121.

decided the question presented by the motion to dismiss in the original round of dispositive motion briefing in 2014.[20] Several replies and surreplies followed.[21]

The Court eventually held that the THCLA applied to the Plaintiffs' claims against SSC, including the THCLA's certificate of good faith requirement.[22] Accordingly, the Court dismissed *Palmer* and *Norris* with prejudice, along with eight other cases, for failure to comply with the certificate of good faith requirement.[23]

Docketing of Motion to Dismiss and Order of Dismissal in Individual Cases

At the Court's direction, the above briefing and orders were filed in the main MDL docket (No. 1:13-md-2419), rather than in individual cases.[24] After the Court dismissed *Palmer* and *Norris*, the clerk docketed (i) SSC's motion to dismiss, (ii) the Plaintiffs' opposition, and (iii) the order of dismissal in the individual dockets for *Palmer* and *Norris*.[25] However, the following were not docketed in the individual dockets:

1) The Plaintiffs' motion to extend time to file certificates of good faith, filed in response to SSC's motion to dismiss,[26]

2) The replies and surreplies regarding SSC's motion to dismiss,[27]

3) The Court's prior orders and the related briefing regarding the applicability of the Tennessee Health Care Liability Act,[28] and

4) The Second Amended Master Complaint.[29]

---

[20] Doc. 3122 at 3-5.
[21] Docs. 3137, 3168, 3183, 3188.
[22] Doc. 3188.
[23] Doc. 3188 at 3-4.
[24] *See* 12/4/14 Status Conf. Tr. 6:16-25; 6/24/15 Status Conf. Tr. 23:1-9; 2/11/16 Status Conf. Tr. at 6:19-7:5.
[25] *See* Docs. 35-38 (*Norris*, Dkt. No. 1:13-cv-12682); Docs. 36-39 (*Palmer*, Dkt. No. 1:13-cv-12688).
[26] Doc. 3121.
[27] Docs. 3137, 3167, 3183, 3188.
[28] Docs. 770, 771, 772, 774, 775, 776, 777, 778, 779, 780, 893, 894, 898, 948, 949, 1015, 1017, 1040, 1074, 1112, 1115, 1116, 1179, 1180, 1254, 1255, 1360, 2300, 2302, 2462, 2463, 2464, 2465, 2466, 2467, 2508, 2537, 2548, 2700, 2749, 2755, 2796, 2812, 2826.
[29] Doc. 1719.

Appeal and Record on Appeal

The Plaintiffs in *Palmer* and *Norris* (represented by the same counsel) appealed the Court's dismissal of their suits.[30] Pursuant to Fed. R. App. P. 10(a), the clerk transmitted the record for both **individual** dockets to the First Circuit Court of Appeals, but did not include any papers or exhibits filed in the main MDL docket.[31]

**Law and Argument**

Fed. R. App. P. 10(e) requires the district court to resolve any disagreement between the parties about whether the record accurately discloses what occurred in the district court, and permits the district court to rectify any error or omission in the record, even after the record has been forwarded to the First Circuit.

SSC respectfully submits that, in order to ensure a full and complete record on appeal, the record must include:

1) The Plaintiffs' motion to extend time to file certificates of good faith, filed in response to SSC's motion to dismiss,[32]
2) The replies and surreplies regarding SSC's motion to dismiss,[33]
3) The Court's prior orders and the related briefing regarding the applicability of the Tennessee Health Care Liability Act,[34] and
4) The Second Amended Master Complaint.[35]

[30] Doc. 43 (*Norris*, Dkt. No. 1:13-cv-12682); Doc. 44 (*Palmer*, Dkt. No. 1:13-cv-12688).
[31] Doc. 00117134699 (*Norris*, Appellate. No. 17-1003); Doc. 00117134708 (*Palmer*, Appellate No. 17-1005).
[32] Doc. 3121.
[33] Docs. 3137, 3167, 3183, 3188.
[34] Docs. 770, 771, 772, 774, 775, 776, 777, 778, 779, 780, 893, 894, 898, 948, 949, 1015, 1017, 1040, 1074, 1112, 1115, 1116, 1179, 1180, 1254, 1255, 1360, 2300, 2302, 2462, 2463, 2464, 2465, 2466, 2467, 2508, 2537, 2548, 2700, 2749, 2755, 2796, 2812, 2826.
[35] Doc. 1719.

Typically, the appellate record includes all papers and exhibits filed in the district court.[36] Thus, the omitted filings above would ordinarily have been included in the appellate record as a matter of course. However, because the *Palmer* and *Norris* cases were consolidated in the MDL, a significant number of filings related directly or indirectly to these two cases were docketed only in the main MDL docket, consistent with the Court's instructions, rather than in the individual *Palmer* and *Norris* dockets. As a result, they were not included with the record forwarded to the First Circuit, which consisted of only the papers filed in the individual dockets.

The instant motion simply seeks to remedy the omission resulting from the procedural idiosyncrasies of the MDL. Each category of omitted filings is addressed specifically below.

**1. Plaintiffs' Motion to Extend Time to File Certificates of Good Faith**

After SSC filed its motion to dismiss based upon the Plaintiffs' failure to file the certificate of good faith required by the THCLA, the Plaintiffs filed a motion to extend the time to file certificates of good faith,[37] and submitted a combined brief (1) in opposition to SSC's motion to dismiss and (2) in support of the motion to extend time to file the certificates.[38] From that point forward, the two motions were briefed in tandem.[39] And, in the Court's order deciding the motion to dismiss, the Court explicitly considered and denied the motion to extend.[40]

---

[36] FED. R. APP. P. 10(a)(1).
[37] Doc. 3121.
[38] Doc. 3122.
[39] Docs. 3137, 3168, 3183.
[40] *See* Doc. 3188 at 1, 5.

Unless the Plaintiffs in *Norris* and *Palmer* intend to waive any argument pertaining to the motion to extend on appeal, the motion must be included in the appellate record; it was explicitly considered and denied in the very order the Plaintiffs are appealing.

**2. Replies and Surreplies Pertaining to the Motion to Dismiss**

After the Court entered its order dismissing *Palmer* and *Norris* in the main MDL docket, the clerk docketed (i) the motion to dismiss, (ii) the Plaintiffs' opposition, and (iii) the order of dismissal in the individual dockets for *Palmer* and *Norris*.[41] However, the reply and surreply briefs were not docketed in the individual dockets, and thus were not included in the record forwarded to the First Circuit.

The replies and surreplies need to be added to the record so that the record of the briefing on the motion to dismiss is complete. Among other reasons, the First Circuit needs the complete briefing to identify the issues the parties advanced in the district court to determine whether either party has waived any argument by failing to raise it below.[42] For this reason alone, the replies and surreplies need to be added to the appellate record.

**3. Prior Orders and Related Briefing Regarding the Applicability of the THCLA**

Next, SSC respectfully requests that the Court's prior orders and related briefing regarding the applicability of the THCLA be added to the record on appeal. A major component of the issues on appeal is the applicability of the THCLA. Indeed, both parties' briefs on the motion to dismiss at issue discussed the Court's prior orders on applicability of the THCLA.[43] And, there was a dispute between the parties that arose while briefing

---

[41] *See* Docs. 35-38 (*Norris*, Dkt. No. 1:13-cv-12682); Docs. 36-39 (*Palmer*, Dkt. No. 1:13-cv-12688).
[42] *Johnston v. Holiday Inns, Inc.*, 595 F. 2d 890, 894 (1st Cir. 1979) (noting that any argument not raised in the trial court is waived on appeal).
[43] *E.g.* Doc. 3122 at 2 n.2, 19 n. 69; Doc. 3087 at 4 n. 13, 5.

SSC's motion to dismiss regarding the scope of one of the Court's prior orders.[44] Thus, it may become necessary for the First Circuit to review the Court's prior orders, as well as the briefing that led to those orders, to decide the appeals.

### 4. Second Amended Master Complaint

Finally, the Second Amended Master Complaint must be added to the appellate record. This Court dismissed *Palmer* and *Norris* based upon their failure to file certificates of good faith with their first amended complaints (Short Form Complaints), which the Court held sounded in health care liability.[45] The Short Form Complaints, however, only incorporate by reference the factual allegations and legal claims against SSC set forth in the Second Amended Master Complaint; the Short Form Complaints do not themselves contain the allegations or claims against SSC. But, the Second Amended Master Complaint was never filed in the individual *Palmer* and *Norris* dockets.

As a result, the appellate record currently before the First Circuit does not actually contain the claims or allegations that were the subject of SSC's motion to dismiss and the basis for this Court's ruling. The First Circuit needs the Second Amended Master Complaint in the record to determine whether this Court properly concluded that the THCLA and its certificate of good faith requirement apply to the Plaintiffs' Short Form Complaints.

* * * * * * *

---

[44] *Compare* Doc. 3122 at 2-5 *with* Doc. 3137 at 19 n. 80.
[45] Doc. 3188 at 3.

Counsel for SSC contacted counsel for the Plaintiffs to attempt to meet and confer to reach an agreement on supplementing the record, but counsel for the Plaintiffs objected to inclusion of everything except two of the Court's prior orders, Docs. 1360 and 3027. The Plaintiffs only real objection to the inclusion of the additional filings is that they will "clutter[] the record."[46] However, SSC has only selected a tiny fraction of the 3300+ entries from the main MDL docket for inclusion, only those directly relevant to the issues presented by the appeal. Moreover, the use of electronic case files significantly reduces any burden from even a marginally "cluttered" record. It seems far more prudent to include filings that the First Circuit would typically have at its disposal (such as the complete briefing at issue) at the risk of minor inconvenience, rather than make the First Circuit's job unnecessarily difficult by omitting materials directly relevant to the issues presented on appeal.[47]

---

[46] *See* email exchange attached as Exhibit 1.

[47] *See generally*, *In re Abijoe Realty Corp.*, 943 F. 2d 121, 123 n. 1 (1st Cir. 1991) ("The record on appeal omits important portions of the record before the bankruptcy court and the district court, due to appellants' initial failure to designate a complete record under Bankruptcy Rule 8006, and their subsequent failure to redesignate the record under Federal Rule of Appellate Procedure 6(b)(2)(ii)….").

**Conclusion**

Fed. R. App. P. 10(a) typically ensures that all filings docketed in a case are included in the appellate record. However, the unique procedural posture of this MDL, with virtually everything filed in the main MDL docket rather than individual cases, resulted in the omission of a number of relevant filings from the record on appeal in both *Norris* and *Palmer*. SSC respectfully requests that the following be added to the record on appeal to ensure a complete and accurate record:

1) The Plaintiffs' motion to extend time to file certificates of good faith, filed in response to SSC's motion to dismiss,[48]

2) The replies and surreplies regarding SSC's motion to dismiss,[49]

3) The Court's prior orders and the related briefing regarding the applicability of the Tennessee Health Care Liability Act,[50] and

4) The Second Amended Master Complaint.[51]

[48] Doc. 3121.

[49] Docs. 3137, 3167, 3183, 3188.

[50] Docs. 770, 771, 772, 774, 775, 776, 777, 778, 779, 780, 893, 894, 898, 948, 949, 1015, 1017, 1040, 1074, 1112, 1115, 1116, 1179, 1180, 1254, 1255, 1360, 2300, 2302, 2462, 2463, 2464, 2465, 2466, 2467, 2508, 2537, 2548, 2700, 2749, 2755, 2796, 2812, 2826.

[51] Doc. 1719.

Respectfully submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Chris J. Tardio
**C.J. Gideon, Jr.***
**Chris J. Tardio***
**Alan S. Bean****
**Matthew H. Cline***
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Ph: (615) 254-0400
Fax: (515) 254-0459
chris@gideoncooper.com

AND

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**

/s/ Parks T. Chastain
**PARKS T. CHASTAIN****
**KENT E. KRAUSE****
**ASHLEY E. GENO****
P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787 (PTC)
(615) 256-8985 (fax)
pchastain@bkblaw.com
kkrause@bkblaw.com
ageno@bkblaw.com

***Attorneys for SSC***

* Admitted pursuant to MDL Order No. 1.
** Admitted *pro hac vice*.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 5th day of April, 2017.

/s/ Chris J. Tardio
**Chris J. Tardio**