UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Suits Naming the Box Hill Defendants[1] | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

## MOTION TO VACATE OR MODIFY ORDER THAT SET TRIALS DATES AND SELECTED BOX HILL BELLWETHER CASES FOR CASE-SPECIFIC DISCOVERY [DKT. 3357]

Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively, the "Defendants" or "Box Hill Defendants") file this Motion to Vacate or Modify this Court's Order [Dkt. 3357] to set trial dates and select Box Hill bellwether cases for case-specific discovery. The Court unilaterally chose trial dates without consulting with counsel, and the trial dates chosen conflict with several other trials already scheduled to occur in other jurisdictions during the same time period. Moreover, in selecting four cases upon which case-specific discovery is to occur, the Court did not follow its Order outlining the very process and timing the parties were already ordered to follow. Specifically, the Court chose cases that may be subject to a strike by either party, before that was scheduled to occur, and the Court listed a case that was not part of the bellwether candidate cases. In support thereof, the Box Hill Defendants state as follows:

---

[1] Those lawsuits specifically include: *Handy v. Box Hill Surgery Center, LLC, et al.* No: 1:14-cv-14019-RWZ; *Armetta v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14022-RWZ; *Torbeck v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14023-RWZ; *Kashi v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14026-RWZ; *Bowman v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14028-RWZ; *Dreisch v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14029-RWZ; *Davis v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14033-RWZ; *Farthing v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14036-RWZ.

1. The Defendants are health care providers in Maryland named as defendants by 34 patient Plaintiffs (or their representatives) in lawsuits related to the meningitis outbreak caused by steroids potentially contaminated by the New England Compounding Center ("NECC"). All 34 of those patient Plaintiffs chose to file lawsuits in state court in Maryland, and only eight of those cases are pending in this multidistrict litigation ("MDL"). *Supra*, n. 1.

2. While the parties had (and are) engaged in significant discovery, it became clear in December 2016 that an amended scheduling order needed to be issued to accommodate issues beyond the parties' control. The Court solicited input and agreement from the parties as to proposed deadlines and an actual bellwether selection process. On February 3, 2017, the Court issued a Third Amended Order Setting Discovery Deadlines [Dkt. 3301], setting forth those new discovery deadlines and the bellwether selection process for the parties to follow during the remainder of consolidated pretrial proceedings in the MDL as it related to the Box Hill cases. That Amended Order had been the most recent and is the one that currently applies.

3. Accordingly, the following pertinent deadlines apply to this motion:

| | |
|---|---|
| Completion of Common Issue Expert Depositions | March 17, 2017 |
| Each side to select 2 potential bellwether trial death cases and 2 potential bellwether trial living cases and case specific discovery will begin for those cases | March 17, 2017 |
| Close of case-specific fact discovery | June 1, 2017 |
| Each party to strike one case from each category of proposed bellwether cases (one death and one living case) | June 9, 2017 |
| Joint filing of summary of remaining cases | June 23, 2017 |
| … | … |

4. The Box Hill parties have actively participated in discovery and completed common issue fact and expert discovery, in accordance with the Third Amended Order referenced above. [Dkt. 3301].

2

5. The parties each also proposed and exchanged bellwether candidate cases, [Dkt Nos. 3334 and 3335], by March 17, pursuant to the same Amended scheduling order. [Dkt. 3301]. When taken together, the parties chose the following six cases identified below in their respective category:

Death

Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ
Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ
Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ

Living

Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ
Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ
Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

6. The parties have already begun to schedule and conduct case-specific discovery, again, in accordance with the Third Amended scheduling order. [Dkt. 3301]. Bellwether strikes were due by June 9, 2017. *Id.*

7. On April 7, 2017, however, the MDL Court issued an Order unilaterally narrowing the bellwether candidate case pool to two in each category: *Dreisch* and *Davis* (living) and *Armetta* and *Handy* (death). [Dkt. 3357]. The Court ordered the parties to conduct case-specific discovery in those 4 cases. *Id.* In addition, the Court stated that a first trial for one of the "living" cases would commence on October 30, 2017, and a second trial would commence for one of the "death" cases immediately following the trial of the "living" case.

8. Putting aside the issue of remand of these cases back to their originating jurisdiction (Maryland), a right repeatedly acknowledged by the Court, which the Box Hill Defendants do not waive, the Box Hill Defendants respectfully request that the Court vacate or modify its April 7, 2017 Order for several reasons.

3

9. First, the parties have been complying with the Third Amended Order Setting Discovery Deadlines [Dkt. 3301], discussed above, which was issued recently on February 3, 2017. That same Order outlined the bellwether selection process proposed by the parties and which this Court ordered the parties to follow. [Dkt. 3301]. Specifically, it allows the parties themselves to strike one case from each category by June 9, 2017, following case-specific discovery. Case-specific discovery has not yet concluded and neither party has struck any of the cases, nor has the deadline passed for the parties to submit their own strikes. Nevertheless, the Court for some as yet unknown reason unilaterally narrowed the bellwether candidate case pool. Moreover, in doing so, the Court identified a bellwether case (*Armetta v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14022-RWZ) that was never designated by either of the parties. Not only was the *Armetta* case never identified as a bellwether pool case, but it was not anticipated by either party that case-specific discovery would occur as to that case or that it would be one of the cases potentially tried as part of this bellwether process. [Dkt. Nos. 3334 and 3335].

10. In addition to disregarding the previous bellwether process agreed to by the parties and ordered by the Court allowing bellwether strikes, and listing a case that was not part of the bellwether candidate pool, the MDL Court unilaterally chose trial dates without checking availability of counsel. [Dkt 3357]. The Court ordered that a first trial of one of the candidate pool "Living" cases would commence on October 30, 2017. The Court further ordered that a second trial for one of the candidate pool "Death" cases would commence immediately following that first trial. In doing so, the Court Ordered trials to occur that conflict with dates during which existing trials in other jurisdictions have already been scheduled to occur.[2] Those conflicting trials and trial dates are as follows:

---

[2] *See* Exhibit 1, affidavit of attorney Catherine W. Steiner; *see also* Exhibits 2-5, orders identifying a trial date as indicated, at a time prior to the Court Order at issue here. [Dkt. 3357].

4

| Date (beginning) | Case Name | Case Number | Jurisdiction |
|---|---|---|---|
| October 18, 2017 | *Sinsky v. Stern* | 24-C-16-004545 | Circuit Court for Baltimore City |
| November 6, 2017 | *Thompson v. Lane* | 24-C-16-003683 | Circuit Court for Baltimore City |
| November 13, 2017 | *Franco v. Pain Medicine Specialists* | 03-C-15-014042 | Circuit Court for Baltimore County |
| December 4, 2017 | *Dayhoff v. Grove* | 06-C-16-071229 | Circuit Court for Carroll County |

11. Although the dates listed for each trial suggest an aspirational goal of completing the trial by the start of the next trial, these are all complex medical malpractice cases with multiple witnesses, including multiple expert witnesses. As such, it is not uncommon for trials to run longer than anticipated.

12. In fact, one of those existing trials, *Franco v. Pain Medicine Specialists*, is another case allegedly involving NECC's contaminated steroids filed in a Maryland state court against a different health care provider defendant other than Box Hill.

13. As is evidenced above, Defendants' counsel is also already scheduled to be in trial in Maryland for the two weeks immediately preceding the October 30, 2017 trial date of a "Living" case just scheduled by the MDL Court. It is somewhat unreasonable to think that that case could be completed and fully concluded, and then expect counsel for Defendants here to pack everything up for this complicated MDL trial, travel all the way to Boston, set up work space, get organized, and be ready to try this case over the weekend. Putting that aside, it is also always possible that the previous trial may actually run long, making it impossible for counsel to appear in the MDL for trial. Moreover, there are two other existing trials scheduled for the same time as the proposed first and second Box Hill bellwether trials.

14. As is evident from the other already scheduled trials listed above, it would be impossible for defense counsel to try the first bellwether case as scheduled or a second bellwether case immediately after the first.

5

15. In response to the above issues, the Box Hill Defendants respectfully request that this Court vacate its April 7, 2017 Order found at Dkt. 3357. In the alternative, if even necessary, the Court could simply modify the Order to acknowledge the bellwether candidate pool of cases actually selected by the parties. The Court's previous Order found at Dkt. 3301 already outlines the case-specific fact discovery deadline and the date upon which both parties must make their bellwether strikes to narrow down the bellwether candidate case pool. That issue of case-specific discovery was already addressed in Dkt. 3301. Moreover, the Defendants respectfully request that this Court consult with the parties as to their reasonable availability for bellwether trials due to already conflicting trials scheduled by courts in other jurisdictions. A proposed Order is attached hereto.[3]

WHEREFORE, the Box Hill Defendants respectfully request that this Court:

(1) Vacate its April 7, 2017 Order found at Dkt. 3357;

(2) Issue a new order, if even necessary, indicating the correct bellwether candidate cases selected by both parties consistent with this Court's February 3, 2017 Order and following the same deadlines therein as to bellwether case strikes; and

(3) Consult with counsel for both parties as to reasonable availability for bellwether trials.

Respectfully submitted,

/s/ Gregory K. Kirby
Catherine W. Steiner
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
***Attorneys for Defendants***

---

[3] *See* Exhibit 6.

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that a copy of the foregoing filed through the CM/ECF system, will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the individual cases, and will be sent to these parties by operation of the CM/ECF system and copies will be e-mailed or mailed via regular U.S. mail to those participants identified as unregistered this 18th day of April, 2017.

Dated: April 18, 2017                    /s/ Gregory K. Kirby
                                         Catherine W. Steiner
                                         Gregory K. Kirby
                                         Pessin Katz Law, P.A.
                                         901 Dulaney Valley Road, Suite 500
                                         Towson, Maryland 21204
                                         (410) 938-8800
                                         ***Attorneys for Box Hill Surgery Center, L.L.C.,
                                         Ritu T. Bhambhani, M.D., and Ritu T.
                                         Bhambhani, M.D., L.L.C.***