UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

v.                                                           )   MDL No: 1:13-md-2419-RWZ

This Document Relates to:

Musselwhite v. Advanced Pain & Anesthesia
Consultants, Inc., et al.
No. 1:14-cv-13676-RWZ

Kennedy v. Advanced Pain & Anesthesia
Consultants, Inc., et al.
No. 1:13-cv-13227-RWZ

Musselwhite v. Advanced Pain & Anesthesia
Consultants, Inc., et al.
No. 1:13-cv-13228-RWZ

Kennedy v. Advanced Pain & Anesthesia
Consultants, Inc., et al.
No. 1:14-cv-13689-RWZ

_____

## JOINT MOTION TO TRANSFER VENUE AND REMAND TO THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, LAW DIVISION

NOW COME the parties in the above-captioned action and hereby jointly move to have these matters transferred to the Circuit Court of Cook County, Illinois, Law Division Court in Illinois for final adjudication and resolution for the convenience of the parties and witnesses, and the interest of justice.  As grounds for this joint motion the parties' state as follows:

1.    The above-referenced actions ("the Actions") are presently stayed small clinic actions which were filed both in this Court pursuant to MDL Order No. 6 (i.e. Short Form Complaint) and in Illinois.

1

2.      The Actions were consolidated in this Court for the purposes of common discovery in the MDL proceedings.

3.      Consistent with and pursuant to the winding down of this MDL proceeding,[1] the parties have conferred and agree that the more appropriate venue for the remaining case specific discovery and resolution of these matters is the Circuit Court of Cook County, Illinois, Law Division.

4.      Pursuant to 28 U.S.C. §1404(a)[2], transfers are proper where the jurisdiction is proper in the proposed transferred court and where the interest of convenience and fairness make such a transfer appropriate.  See Stewart Org., Inc. v. Ricoh Coop., 487 U.S. 22, 29 (1989).

5.      Here, plaintiffs are residents of Illinois.  Defendants Advanced Pain & Anesthesia Consultants, P.C. (APAC) and Dr. Chang are an Illinois based pain clinic and pain management physician respectively.  Claimants Musselwhite and Kennedy treated at, and allegedly received the injections at issue from, APAC in Illinois. Claimants likewise received their prior and subsequent care and treatment in Illinois as well.

6.      Because there is no longer federal jurisdiction as the parties are all domiciled in Illinois, they consent to jurisdiction in state court there.

7.      Accordingly, venue is clearly appropriate in the Circuit Court of Cook County, Illinois, Law Division.  At a minimum, the substantive, if not complete course of

---

[1] Corrected Order to Show Cause Concerning Remand and Transfer, In re New England Compounding Pharmacy, Inc., Prods. Liabl. Litig., 13-md-2419 (D. Mass. June 13, 2016) (Dkt. 29280)

[2] Section 1404(a) reads: "For the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

the events giving rise to the claim occurred in Illinois and the action could have otherwise been properly brought in Illinois.

8.    Not only is both personal jurisdiction and venue appropriate in the court in Illinois, but both convenience and the interests of justice and fairness likewise make the state court in Illinois the more convenient and appropriate forum for case specific discovery and resolution.  Even a cursory review and application of the governing criteria, i.e., the relative convenience of the parties; the convenience of the witnesses; location of the documents; connection between the forum and the issues; the law to be applied; and the state and public interests at stake dictate that the Circuit Court of Cook County, Illinois, Law Division is the more convenient and appropriate forum.  *See generally*, Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F. Supp. 2d 12, 17 (D. Mass. 2002).

9.    The parties and potential witnesses – namely various providers all reside in or near Illinois.  The care and MPA provision took place in Illinois.  Illinois law controls the state based claims with Illinois having a substantial interest in adjudicating the claims as to the provision of medical care and treatment in Illinois and by Illinois care providers.

10.    Plaintiffs have secured new counsel located in Illinois:  Charles Hornewer, Hornewer Law Firm, 70 W. Madison St. Suite 3970, in Chicago, Illinois.  Mr. Hornewer has been notified of this motion and agrees with its filing.

11.    To the extent that this Court's transfer of the above-captioned matters to Illinois state court in any way causes the matters to be dismissed for refiling, the Parties agree that the transfer and refiling itself of these lawsuits in Illinois state court

will not implicate the running of the Statute of Limitations.  The Defendants expressly reserve all rights relative to any Statute of Limitations defense (and/or any other affirmative defense) that arose in any way out of the filing of any pleadings prior to transfer relative to the above captioned lawsuits.

12.     As all remaining parties agree to a transfer of venue to Illinois and as such a transfer will serve the substantial interest of convenience and justice, it is respectfully requested that the Court grant this Joint Motion to Transfer Venue.


WHEREFORE, plaintiffs and defendants respectfully request that their Joint Motion to Transfer Venue to Court in Illinois be **ALLOWED**.


Respectfully Submitted                          Respectfully Submitted
The Plaintiffs                                  The Defendants
                                                Advanced Pain & Anesthesia Consultants,
By their attorneys,                             P.C. and
                                                Randolph Chang, M.D.
                                                By their attorneys,


/s/ Justin A. Browne_____             /s/ Anthony E. Abeln _____
Justin A. Browne, Esq.                          Tory A. Weigand, BBO #548553
Janet, Jenner & Suggs, LLC                      Anthony E. Abeln, BBO #669207
Commerce Center East                            Morrison Mahoney LLP
1777 Reisterstown Road, Suite 165               250 Summer Street
Baltimore, Maryland  21208                      Boston, MA  02210-1181
(410) 653-3200                                  (617) 439-7500
jbrowne@myadvocates.com                         tweigand@morrisonmahoney.com
                                                aabeln@morrisonmahoney.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on **May 11 2017.**


<u>/s/ Justin A. Browne</u>
Justin A. Browne

5