## TRUST AGREEMENT

### ABIGAIL NICHOLE DEPOY SPECIAL NEEDS TRUST

On this _____ day of _____, 2017 by Order of the United States District Court of Massachusetts, (herein referred to as "Establishor"), the Establishor does hereby establish and approve this Trust established for the benefit of Abigail Nichole DePoy (born November 2, 1996, age 20, Social Security Number (XXX-XX-6723), a disabled person as defined in 42 U.S.C. § 1382c(a)(3)(A) (hereinafter referred to as "Beneficiary" as defined in 42 U.S.C. § 1396p(d)(4)(A), and does hereby direct Sharon Wimmer Bishop, Executor of the Estate of Kathy W. Sinclair, to execute this trust document on behalf of the Beneficiary.

This Trust is for the sole benefit of Abigail Nichole DePoy. Abigail Nichole Depoy is a disabled person and she is unable to engage in any substantial gainful activity by reason of medically determinable impairment(s) as defined in 42 U.S.C. § 1382c(a)(3)(A).

### SECTION l

### IDENTIFICATION

**1.1.     NAME OF TRUST.** The name of this trust is the "ABIGAIL NICHOLE DEPOY SPECIAL NEEDS TRUST" UNDER AGREEMENT DATED _____ \_\_\_, 2017.

**1.2.     TRUST FUNDING**

**1.2.1.     Initial Trust Funding.** This Trust shall be funded initially with the assets described in Schedule "A" attached hereto payable by the Executor of the Estate of Kathy W. Sinclair, directly to the Trustee to be held herein on behalf of Abigail Nichole DePoy. Any property acquired by the Trust must be titled solely in the name of the Trust.

In accordance with Social Security Administration's Program Operations Manual (POMS) SI 01120.203B 1 c, if the Trust contains the irrevocable right to receive payments from a structured settlement annuity in effect prior to Beneficiary attaining the age of 65, then payments from the annuity shall not be considered additional funding.

**1.2.2.     Additions to Trust.** Other property, real or personal, may be transferred to Trustee by anyone with the consent of Trustee. All property held by Trustee shall constitute the "Trust Estate." Any property transferred to Trustee by a third party is a gift to the Trust and cannot be reclaimed by the third party. No additions shall be made to the Trust after Abigail Nichole DePoy attains the age of 65 years. Any property acquired by the Trust must be titled solely in the name of the Trust.

**1.2.3.     Intention.** It is intended that Abigail Nichole DePoy receive all government entitlements to which Abigail Nichole DePoy would otherwise be entitled but for the existence of this Trust and distributions hereunder. In view of the vast costs involved in

caring for a disabled person, a direct distribution would be rapidly dissipated. The purpose of the Trust is to permit the use of Trust assets to supplement, and not to supplant, any benefits or assistance of any Federal or State governmental entity for which Abigail Nichole DePoy may be eligible or which Abigail Nichole DePoy may be receiving. Trust funds shall not be expended on routine support obligations for which Abigail Nichole DePoy's parents are liable. Abigail Nichole DePoy may have "special needs" that other assistance programs may not provide.

All provisions of this Trust Agreement are intended to be construed and interpreted such that this Trust Agreement meets the requirements of 42 U.S.C.§ 1396p(d)(4)(A), as amended on August 10, 1993, by the Omnibus Budget Reconciliation Act of 1993, 42 U.S.C. § 1382b(e)(5), and subsequent regulations duly promulgated in compliance with the Federal and State enabling statutes and regulations and guidelines including the POMS, e.g., SI 01120.201, SI 01120.203B and SI 01120.203D, and 42 U.S.C. § 1382a; 20 C.F.R. §§ 416.1100, 416.1121, 416.1141 *et seq.*

## SECTION 2
## DISTRIBUTION OF INCOME AND PRINCIPAL

### 2.1. DISTRIBUTIONS DURING BENEFICIARY'S LIFETIME

**2.1.1. Discretionary Distributions.** During the lifetime of Abigail Nichole DePoy, Trustee may distribute from the principal or income, or both, of this Trust, such amounts that Trustee, in Trustee's sole, absolute, and unfettered discretion, may from time to time deem reasonable or advisable for Abigail Nichole DePoy's special needs. Any income of the Trust not so distributed shall be added annually to principal. Trustee may distribute income and principal to purchase a prepaid funeral for Abigail Nichole DePoy. Such payment must be made during the lifetime of Abigail Nichole DePoy.

**2.1.2. Preference.** Abigail Nichole DePoy is the sole beneficiary and her interests shall be given priority over the interests of any Remainder Beneficiaries.

**2.1.3. Pro Rata Share.** Any expenditure providing an ongoing benefit to others will be subject to a pro rata contribution from the other person or persons benefitting from the distribution.

**2.1.4. No Control.** Abigail Nichole DePoy shall have no control over the Trust pursuant to POMS SI 01120.200 B 10.

**2.1.5. No Trust Revocation or Termination.** Abigail Nichole DePoy shall have no right to revoke or terminate this Trust.

**2.1.6. No Right to Direct Distribution.** Abigail Nichole DePoy shall have no right to direct a distribution from this Trust to make any provision for her food and shelter or to direct a distribution from this Trust for any other purpose.

**2.1.7. Assignment.** Abigail Nichole DePoy shall have no right to assign, anticipate or alienate her beneficial interest in this Trust.

**2.2. DISTRIBUTIONS GUIDELINES.** As used in this instrument, "special needs" refers to the requisites for maintaining Abigail Nichole DePoy's good health, safety, and welfare when, in the discretion of Trustee, such requisites are not being provided by any governmental agency, office, or department or non-profit organizations, or are not otherwise being provided by any other public or private source. While Trustee is authorized to consider these other sources, and where appropriate and to the extent possible endeavor to maximize the collection of such benefits and to facilitate distribution of such benefits for the benefit of Abigail Nichole DePoy, Trustee may also, in the exercise of Trustee's discretion, disregard these other sources when making distributions to or for the benefit of Abigail Nichole DePoy.

**2.3. INTENT REGARDING DISTRIBUTIONS**

**2.3.1. Supplemental Fund.** To the extent reasonable or advisable, Trustee may deplete the Trust corpus prior to Abigail Nichole DePoy's death, thereby giving preference to the interests of Abigail Nichole DePoy over the interests of the Remainder Beneficiary[ies]. In considering the interests of the Remainder Beneficiary[ies], Trustee is admonished to refrain from distributing property of the Trust to or on behalf of Abigail Nichole DePoy, which will then be retitled in the name of Abigail Nichole DePoy. Trustee shall hold title to all property comprising the Trust even when that property is distributed to Abigail Nichole DePoy for her use. Trustee may liquidate property of the Trust at any time, and such property need not be held in the name of Abigail Nichole DePoy.

Prior to the death of Abigail Nichole DePoy, Trustee shall give special consideration to paying any outstanding expenses of administration related to the Trust, including reasonable attorney fees, and should further consider purchasing a reasonable burial plan to pay expenses relating to the funeral of Abigail Nichole DePoy.

It is intended that Trustee provide income in-kind from this Trust, including in-kind support and maintenance, if such distributions are necessary in the sole and absolute discretion of Trustee.

**2.3.2. Emergency or Material Change of Circumstances.** If there is an emergency or any other condition that is known to Trustee and that is reasonably believed to threaten the life, safety, or security of Abigail Nichole DePoy or any material change of circumstance (for example, upon Abigail Nichole DePoy securing full- time, competitive employment and/or a significant change in Abigail Nichole DePoy's status or in the laws or regulations affecting Beneficiary), Trustee has full and unrestricted discretion to administer this Trust so as to alleviate the condition and address the change of circumstances. In exercising the discretion granted under this Agreement, the Trustee shall always act to protect the life, safety, and security of Abigail Nichole DePoy, which is of prime importance in the administration of this Trust.

**2.4. PUBLIC ASSISTANCE PROGRAMS**

**2.4.1. Public Resources.** Trustee may, in the exercise of Trustee's best judgment and fiduciary duty, assist in any application on behalf of Abigail Nichole DePoy for all available public benefits. Trustee shall take into consideration the applicable resource and income limitations of any public assistance program for which Abigail Nichole DePoy is eligible. Trustee is hereby granted full and complete discretion to initiate the process of rendering Abigail Nichole DePoy eligible for any such program of public benefit and is hereby granted full and complete discretion to initiate either administrative or judicial proceedings, or both, for the purpose of determining eligibility. All costs relating thereto, including reasonable attorney fees, shall be a proper charge to the Trust. It is intended that no part of the corpus of the Trust created herein shall be used to supplant or replace public assistance benefits of any county, state, or federal agency that has a legal responsibility to persons with disabilities that are the same or similar to those which Abigail Nichole DePoy may be experiencing. For purposes of determining Abigail Nichole DePoy's public assistance eligibility, no part of the principal or undistributed income of the Trust shall be considered available to Abigail Nichole DePoy. Abigail Nichole DePoy shall not have the right to compel a distribution from this Trust or to revoke this Trust. Abigail Nichole DePoy does not have the power to assign, encumber, direct, distribute, or authorize distributions from this Trust.

**2.4.2. Maintain Public Assistance Eligibility.** If Trustee is required to release principal or income of the Trust to or on behalf of Abigail Nichole DePoy to pay for benefits or services which such public assistance is otherwise authorized to provide were it not for the existence of this Trust, or if Trustee is requested to petition the court or any other administrative agency for the release of Trust principal or income for this purpose, Trustee is authorized to deny such request and is authorized in Trustee's discretion to take whatever administrative or judicial steps may be necessary to continue the public assistance program eligibility of Abigail Nichole DePoy, including obtaining instructions from a court of competent jurisdiction ruling that the Trust corpus is not available for Abigail Nichole DePoy for such eligibility purposes. Any expenses of Trustee in this regard, including reasonable attorney fees, shall be a proper charge to the Trust. No Trustee shall be liable for any loss of Trust assets, except for any loss caused by Trustee's bad faith, wanton conduct, or negligence.

**2.5. REGULAR CONTACT WITH BENEFICIARY.** Trustee or agent[s] are requested to personally visit or contact Abigail Nichole DePoy at Beneficiary's residence at regular intervals (or otherwise as determined appropriate by Trustee) to inspect living conditions, to inquire of care providers, and, to the extent possible, to inquire of Abigail Nichole DePoy regarding her treatment by care providers; to let Beneficiary know that she has a friend and advocate in addition to family members; to see that Beneficiary has spending money for the items she may want (within the constraints of this Trust); to know that she is receiving any available educational and recreational programs; and to ensure that governmental assistance, private contractual benefits, and trust funds are in fact being expended by or for Beneficiary's benefit.

**2.6. ANNUAL EVALUATION.** Trustee or agent[s] are requested (but not

required) to arrange for an annual evaluation of Abigail Nichole DePoy addressing the following topics:

1. Beneficiary's physical condition.
2. Educational, residential, and vocational and training opportunities.
3. Recreational, leisure, and social needs.
4. Appropriateness of existing program services.
5. Laws and administrative practices relating to various public benefit programs, because Abigail Nichole DePoy may not have a reasonable chance of earning sufficient income to support herself.
6. Legal rights, treatment in accord with Beneficiary's needs, payment of a fair wage for work performed, and, if deemed to have capacity, the right to vote and to marry.

**2.7. TERMINATION**

**2.7.1. Termination During Beneficiary's Lifetime.** Trustee may terminate this Trust during the lifetime of Abigail Nichole DePoy if Abigail Nichole DePoy is no longer disabled or otherwise becomes ineligible for Supplemental Security Income (SSI) and Medicaid or when the Trust fund no longer contains enough assets to justify its continued administration.

Upon early termination, Trustee is to pay prior to reimbursement of medical assistance to the State[s]:

1. All taxes due from the Trust to the State[s] or Federal Government due to the termination of the Trust, and

2. Reasonable fees and administrative expenses associated with the termination of the Trust.

Other than payment of the taxes, fees, and expenses listed above, the Trustee shall pay the State[s], as primary assignee, all amounts remaining in the Trust at the time of termination up to an amount equal to the total amount of medical assistance paid on behalf of Abigail Nichole DePoy under the State Medicaid Plan[s]. After payment of aforementioned taxes, fees, expenses, and reimbursement of medical assistance, the Trustee shall pay any remaining Trust assets to Abigail Nichole DePoy.

No entity other than the Trust Beneficiary may benefit from the early termination after payment of taxes and administrative expenses outlined above and after reimbursement to the State[s].

**2.7.2. Termination at Beneficiary's Death.**

**2.7.2.1. Taxes and Expenses.** Upon Abigail Nichole DePoy's death, the Trustee may pay all federal and state estate taxes attributable to the inclusion of the assets of this Trust in Abigail Nichole DePoy's taxable estate and any administrative

expenses and costs attendant to terminating or settling this Trust, including legal fees and any costs or fees associated with the preparation of final accountings or making any distributions provided for herein. Such taxes, administrative expenses, and costs attendant to terminating or settling this Trust shall be paid first out of the Trust's income and then out of principal.

### 2.7.2.2. Reimbursement for Medical Assistance.

**2.7.2.2.1 State Reimbursement.** Upon the death of Abigail Nichole DePoy, notice shall be provided to the State of Virginia as set forth in Section 3. The State shall receive all monies and assets remaining in the Trust upon the death of Abigail Nichole DePoy, after payment of administration expenses and taxes, up to an amount equal to the total medical assistance paid on behalf of Abigail Nichole DePoy under the State plan. Repayment shall be made to Virginia Medicaid or to any successor agency.
The Trustee is directed to obtain a payoff statement from the State Medicaid Agency and to carefully review the statement for accuracy. The Trustee is encouraged to obtain professional help to review the detailed statement and verify the services, costs, and accuracy of the amounts listed as owing. The cost of such professional help shall be paid from the Trust assets as an administrative expense.

**2.7.2.2.2 Multiple State Reimbursement.** If Abigail Nichole DePoy has received medical assistance from more than one state, each state that provided medical assistance shall be repaid. If the Trust has insufficient assets to repay all medical assistance benefits received, then each state shall be paid its proportionate share of the remaining Trust assets.

**2.7.2.2.3 Medicaid Priority Over Other Assistance Programs.** If Abigail Nichole DePoy has received payment from other assistance programs, the claim of the Department of Medical Assistance and Health Services and any similar department in other states furnishing medical assistance shall be repaid prior to making repayment to any other assistance programs to the extent that such payment may be required. Assets remaining in the Trust after such reimbursement shall be distributed as set forth in section 2.7.3. below.

### 2.7.3. Post Payback Distributions.

**2.7.3.1. Last Illness, Funeral, and Debts.** Trustee may then pay all expenses of any last illness, funeral, and burial costs, and enforceable debts.

**2.7.3.2. Power of Appointment.** Thereafter, Trustee shall distribute the remaining Trust Estate to such persons, in such amounts, and upon such terms and conditions as Abigail Nichole DePoy (assuming that Abigail Nichole DePoy has been adjudicated to have capacity prior to the termination of this Trust) shall appoint under the terms of Beneficiary's Last Will and Testament, making specific reference to this power. However, this power of appointment shall not be exercisable in favor of Beneficiary, the Beneficiary's estate, the Beneficiary's creditors, or the creditors of the Beneficiary's estate.

**2.7.3.3. Failure to Exercise Power of Appointment.** If Abigail

Nichole DePoy has not validly exercised this power to appoint by Will, the remaining principal and accrued income, if any, shall be distributed to Abigail Nichole DePoy's sister, Marybeth Jordan DePoy, or if she fails to survive Abigail Nichole DePoy, then to such deceased person's descendants by representation, or in default of such descendants, to those persons who would be entitled to inherit from such deceased person under the Intestate Laws of the Commonwealth of Virginia.

**2.8. REMAINDER BENEFICIARY AGE REQUIREMENT.** If any Remainder Beneficiary less than 18 years of age is entitled to receive a distribution under this Trust, Trustee shall retain such distribution to be administered as follows:

**2.8.1. Income.** Trustee may, in Trustee's sole and absolute discretion, pay any part or all of the net income to or for the benefit of the Remainder Beneficiary or may add any part of such income to the principal of the Trust; and

**2.8.2. Principal.** Trustee shall pay to or apply for the benefit of the Remainder Beneficiary as much of the principal of the Remainder Beneficiary's share as Trustee may deem proper for the Remainder Beneficiary's health, maintenance, support, and education. Trustee may use principal to assist the Remainder Beneficiary in buying a home or starting a business; and

**2.8.3. Withdrawal Rights.** The Remainder Beneficiary shall have the right to withdraw principal from her trust upon attaining the age of 25 years.

**2.8.4. Predecease.** If the Remainder Beneficiary dies before the entire principal of such trust has been withdrawn, the entire principal shall be distributed by Trustee to the Remainder Beneficiary's then-living descendants by representation; or, in default of such descendants, then Abigail Nichole DePoy's living descendants by representation (the share thus accruing to any descendant of Abigail Nichole DePoy for whom, at that time, Trustee holds a separate trust hereunder shall be added to such trust and thereafter held as though originally forming a part hereof); or, in default of such descendants, to Beneficiary's heirs-at-law and next-of-kin under the Intestate Laws of Virginia (Va. Code § 64.2-200, *et seq*).

## SECTION 3
## NOTICE

**3.1. NOTIFICATION TO STATE UPON CREATION OR FUNDING OF TRUST FOR BENEFICIARY OF MEDICAL ASSISTANCE.** Trustee shall notify the Virginia Department of Social Services (DSS) of the creation or funding of the Trust, including the initial funding and any subsequent additional funding.

**3.2. NOTIFICATION TO STATE UPON DEATH OF BENEFICIARY.** Trustee shall notify DSS of Abigail Nichole DePoy's death, and Trustee shall verify a detailed claims report of the total medical assistance provided to Abigail Nichole DePoy during Beneficiary's lifetime. Trustee shall then satisfy such claim prior to making any other distribution, in accordance with federal and state law.

**3.3 POST-TERMINATION.** Trustee may exercise all power, authority, and discretion given by this Trust, after termination of any Trust created herein, until the same is

fully distributed.

## SECTION 4
## FIDUCIARY PROVISIONS

**4.1. TRUSTEE PROVISIONS**

**4.1.1. Prohibited Trustee.** Under no circumstances shall Abigail Nichole DePoy or Abigail Nichole DePoy's spouse serve as a Trustee or Successor Trustee hereunder.

**4.1.2. Resignation of Trustee.**

**4.1.2.1. Right of Trustee to Resign.** In the event that Trustee becomes unable or unwilling to continue to serve as a Trustee hereunder and wishes to resign, Trustee shall give notice of its inability to serve or its intent to resign to Trust Protector. The resigning Trustee shall provide a full final accounting on all Trust transactions since the last full annual accounting and a complete asset list to Trust Protector within thirty (30) days after the date Trustee gives notice of resignation. Trust Protector shall be responsible for designating a substitute Trustee within thirty (30) days from the date of receipt of the notice of resignation. After a Successor Trustee is appointed, the resigning Trustee shall have sixty (60) days to effect a full and final transfer of all assets of the Trust to the Successor Trustee.

**4.1.2.2. Power of Successor Trustee.** Any Successor Trustee shall have the rights, powers, privileges, discretions, and duties conferred upon or vested in Trustee by the provisions of this Agreement.

**4.1.2.3. Nomination of Successor Trustee.** If a vacancy occurs in the office of Trustee, then Trust Protector, at that time, may appoint a Successor Trustee or Co-Trustee that is not related or subordinate to any beneficiary[ies]. Such appointment shall be made in a written instrument that shall be delivered to beneficiary[ies]. In the default of such appointment, the law firm of OPN LAW, or any successor law firm, shall have the right, power, and authority to designate a Successor Trustee.

**4.1.3. Compensation of Trustee.** The Trustee shall be entitled to reasonable compensation for its services.

**4.2. POWERS OF TRUSTEE**

**4.2.1. General Powers.** Trustee shall fully comply with all state laws, including the Prudent Investor Rule, Virginia Code Section 64.2-781. In addition to the powers herein provided and those given by Virginia Code Section 64.2-778 [and 64.2- 105), Trustee, without any order of the court and in Trustee's sole and absolute discretion, may:

**4.2.1.1. Employment of Agents.** Employ such agents as Trustee may deem advisable in the administration of the estate or any trust pre-owned hereunder and pay them such compensation, if Trustee may deem proper, out of income or principal or out of both.

     **4.2.1.2. Care Manager.** Consider retaining the services of a Care Manager to assist in providing the required care for Abigail Nichole DePoy. The purpose of the Care Manager would be to coordinate other agencies or professionals or home health aides, personal care providers, homemakers, or any other services that the Care Manager and Trustee feel are in the best interests of Abigail Nichole DePoy. The primary purpose of this Trust is to provide funds to be spent on behalf of Abigail Nichole DePoy. It is the intention to benefit Abigail Nichole DePoy to the fullest extent possible, rather than the Remainder Beneficiary. Trustee shall pay all costs in connection with the Care Manager.

     **4.2.1.3. Mutual Funds.** Invest in mutual funds, including but not limited to money market mutual funds, to which the Corporate Trustee or any of its affiliates, whether located within or outside of Virginia, may provide management, investment, advisory, custodial, or other services for compensation, without notifying Abigail Nichole DePoy hereunder prior to such investment and without reducing fees or commissions payable hereunder to such Trustee.

     **4.2.1.4. Residence.** Acquire, hold, and maintain any residence (whether held as real property, condominium, or cooperative apartment) for investment or for the use and benefit of Abigail Nichole DePoy, as Trustee, in the exercise of sole and absolute discretion, shall determine. If Trustee, in the exercise of sole and absolute discretion, shall determine that it would be in the best interests of Abigail Nichole DePoy to maintain a residence for the use of Abigail Nichole DePoy, but that the residence owned by Trustee should not be used for such purpose, Trustee shall be authorized to sell said residence and to apply all or any part of the net proceeds of sale to the purchase of such other residence or residences or to make such other arrangements as Trustee, in the exercise of sole and absolute discretion, shall deem suitable for that purpose. Any proceeds of sale not needed for reinvestment in a residence as provided above are to be added to the principal of the Trust and thereafter held, administered, and disposed of as a part thereof. Trustee may use the proceeds to pay all carrying charges of such residence, including but not limited to any taxes, assessments, and maintenance thereon, and all expenses of the repair and operation thereof, including the employment of domestic servants and other expenses incident to the maintenance of a household for the benefit of Abigail Nichole DePoy, to expend such amounts as Trustee, in the exercise of sole and absolute discretion, shall determine, including, but not limited to, providing for the personal care and comfort of Abigail Nichole DePoy in any manner whatsoever. Trustee may also pay for modifications to the residence in which Abigail Nichole DePoy is living to the extent reasonably necessary to accommodate the needs of Beneficiary's disability. However, if said residence is not owned by the Trust, the payment of such modifications shall be a loan to the owner of the residence secured by a lien on the residence in the amount of the increase in the fair market value of the residence determined by appraisal.

     **4.2.1.5. Vehicle.** In Trustee's sole, absolute, and unfettered discretion, purchase or lease and pay for the maintenance of a motor vehicle that is designed or modified to accommodate the needs of Abigail Nichole DePoy's disability, provided the vehicle will be used primarily on Abigail Nichole DePoy's behalf.

     **4.2.1.6. Trust Additions.** Add to the principal of any Trust created hereunder any property received from any person by Deed, Will, or in any other manner,

provided such property is acceptable to Trustee. Any additions must meet the requirements of Section 1.2.2 herein, entitled "Additions to Trust," and Section 3.1 herein, entitled "Notification to State Upon Creation or Funding of Trust for Beneficiary of Medical Assistance."

**4.2.1.7. Amend Trust.** Amend the Trust from time to time to ensure continuing eligibility of Abigail Nichole DePoy for the public benefit programs to which Abigail Nichole DePoy may be entitled. If the laws or regulations governing eligibility change, Trustee may amend the Trust to ensure continuing eligibility or to secure eligibility. If any provision of this original Trust fails to meet the requirements of SSI, Medicaid, or any other public benefit program, Trustee may amend the Trust to comply with any such provisions. If Abigail Nichole DePoy shall move to another jurisdiction, Trustee may amend the Trust to comply with the laws of such jurisdiction in order to maintain Abigail Nichole DePoy's eligibility. Trustee may also amend the Trust to ensure compliance with grantor trust requirements imposed by the Internal Revenue Service, provided such amendment does not interfere with Abigail Nichole DePoy's eligibility for public benefits. Trustee shall notify the Virginia Medicaid Office each time the Trust is to be amended.

**4.2.1.8. Administration Expenses.** The reasonable costs and expenses of administering the Trust, including the retention of legal and professional assistance, shall be paid first out of the Trust's income and then out of principal.

### 4.3. TRUST PROTECTOR

**4.3.1. Appointment of Trust Protector.** OPN LAW, or any successor law firm, is appointed as Trust Protector.

**4.3.2. Resignation of Trust Protector.**

**4.3.2.1. Right of Trust Protector to Resign.** Trust Protector or any Successor Trust Protector shall have the right to resign, by duly acknowledged written instrument delivered to the adults who would be entitled to share in the principal of the Trust if it were then to terminate.

**4.3.2.2. Power of Successor Trust Protector.** Any Successor Trust Protector shall have the rights, powers, privileges, discretions, and duties conferred upon or vested in Trust Protector by the provisions of this Agreement.

**4.3.2.3. Nomination of Successor Trust Protector.** If a vacancy occurs in the office of Trust Protector and there is no Successor Trust Protector able to serve, the law firm of OPN LAW, or any successor law firm, shall have the right, power, and authority to designate a Successor Trust Protector.

**4.3.3. Compensation of Trust Protector.** An Individual Trust Protector shall be entitled to reasonable compensation and reimbursement for all reasonable expenses.

**4.3.4. Mediation.** The Trust Protector shall mediate disputes between the Trustee and Abigail Nichole DePoy. The Trust Protector shall establish procedures for handling such disputes and shall provide a written description of such procedures to the Trustee and Abigail Nichole DePoy. The Trust Protector's obligation to act shall commence upon receipt of a written complaint from Abigail Nichole DePoy.

**4.3.5. Powers of Trust Protector.** Trust Protector is authorized, in the exercise of Trust Protector's sole and absolute discretion, to do the following:

**4.3.5.1. Power to Remove and Replace Trustee.** Trust Protector, by a written instrument, may remove from office any Trustee of the Trust for any reason whatsoever, and may replace such Trustee with another Trustee who is not related to or subordinate to Abigail Nichole DePoy (within the meaning of Internal Revenue Code ("Code") § 672(c)) to act in place of Trustee so removed. Any Trustee so removed shall transfer all of the Trust assets to the new Trustee within thirty (30) days and shall furnish a final accounting within (ninety) 90 days of receipt of written notice of removal.

**4.3.5.2. Written Acknowledgment of Actions.** Any action taken pursuant to this Section shall be evidenced by an acknowledged, written instrument, delivered to Trustee so removed and/or appointed, as the case may be, and in the case of an appointment shall be effective upon acceptance thereof by execution of an acknowledged, written instrument by Trustee so appointed.

**4.3.5.3. No Fiduciary Responsibility.** No fiduciary responsibility is imposed on Trust Protector to monitor the actions of Trustee. Except for any matter involving Trust Protector's own individual willful misconduct or negligence proved by clear and convincing evidence, no Trust Protector shall incur any liability by reason of any error of judgment, mistake of law, or action of any kind taken or omitted to be taken hereunder if in good faith it is reasonably believed by such Trust Protector to be in accordance with the provisions and intent hereof. Trust Protector shall not be liable for failure to remove any Trustee even if such Trustee may be guilty of a gross violation of his or her fiduciary duties hereunder.

**4.3.6. Bond Waived.** Neither the original Trust Protector nor any Successor Trust Protector shall be required to give bond or furnish sureties in any jurisdiction.

**4.3.7. Restriction.** Abigail Nichole DePoy shall not serve as Trust Protector or Successor Trust Protector.

# SECTION 5

# TAX AND ADMINISTRATIVE PROVISIONS

**5.1. DEATH TAX CLAUSE.** All estate, inheritance, and other death taxes, including any interest and penalties with respect to those taxes not caused by negligent delay, payable to any federal, state, or foreign taxing authority imposed with respect to all property comprising the gross estate, whether or not such property passes under this Trust, shall be paid out of the principal of the residuary trust estate.

### 5.2    INCOME TAX

**5.2.1. Grantor Trust.** This Trust shall be construed as a 'grantor trust' under Internal Revenue Code§ 677(a) and for tax purposes Abigail Nichole DePoy shall be considered the Grantor. All income distributed, held, or accumulated by the Trust shall be taxable to Abigail Nichole DePoy."

**5.2.2. Tax Liability.** Trustee shall pay any income tax liability of Abigail Nichole DePoy that results from income received by the Trust but properly reported on the Beneficiary's income tax return. The funds used to pay any such income tax liability shall be paid directly to the appropriate tax authority and shall not be available to Abigail Nichole DePoy. Abigail Nichole DePoy shall not have any right to or interest in any such funds paid by Trustee. Any such funds are not a resource for Abigail Nichole DePoy and should not be treated as a distribution of income for purposes of Medicaid qualification.

### 5.3.    TAX REFUND

**5.3.1.    Direct Payment** The amount of any tax refund shall be paid directly to Trustee to the extent such refund is attributable to amounts previously paid by Trustee. For purposes of determining whether an amount is attributable to such prior payments, any refund, including interest thereon, shall be attributed to amounts previously paid by Trustee to the extent Trustee made any tax payment for the relevant tax year that has not been previously refunded. For purposes of determining whether an amount previously paid has been previously refunded, any interest included as part of a refund shall not be used to offset a previous payment by Trustee.

**5.3.2.    Incorrect Payment to Abigail Nichole DePoy.** If any tax refund attributable in whole or in part to a prior payment by Trustee is paid directly to Abigail Nichole DePoy or Abigail Nichole DePoy's guardian or conservator or other representative, the recipient of such refund or part thereof shall have no interest in or right to such refund or any part thereof and shall hold the amount that is attributable to a prior payment by Trustee as an agent of and for Trustee and shall immediately tum over such amount to Trustee.

**5.4.    SPENDTHRIFT PROVISION.** All principal and income shall, until actual distribution, be free of debts, contracts, alienations, and anticipations of Abigail Nichole DePoy and Remainder Beneficiary[ies], and the same shall not be liable to any levy, attachment, execution, or sequestration while in the possession of Trustee. This provision is not intended to limit the right of any state providing medical assistance to Abigail Nichole DePoy to reimbursement of incorrectly paid benefits.

**5.5.    DISABILITY OF REMAINDER BENEFICIARY.** Unless otherwise provided for herein, any income or principal payable to any Remainder Beneficiary[ies] who is mentally or physically disabled, as determined by the Social Security Administration or a court of competent jurisdiction, shall be held in a separate trust by Trustee during such disability unless the trust share is sooner terminated as otherwise provided herein. Income may be accumulated, and income and principal may be expended for the health, maintenance, support, and education of such Remainder Beneficiary[ies] as Trustee, in Trustee's sole and absolute

discretion, may determine. Trustee may apply the same directly without the intervention of a guardian or pay the same to any person having the care or control of such Remainder Beneficiary[ies] or with whom such Remainder Beneficiary[ies] resides without duty on the part of Trustee to supervise or inquire into the application of such funds. The balance of such income and principal shall be paid to such Remainder Beneficiary[ies] when the disability ceases or, upon the death of such Remainder Beneficiary[ies], then to such Remainder Beneficiary[ies]'s descendants by representation.

**5.6.   RULE AGAINST PERPETUITIES.** If any trust hereunder is situed in a jurisdiction that causes the Trust to be subject to a Rule Against Perpetuities, then notwithstanding anything herein to the contrary, no Trust hereunder shall extend beyond twenty-one (21) years after the death of the last survivor of Abigail Nichole DePoy and her descendants living at the date of Abigail Nichole DePoy's death. At the expiration of that period, Trustee shall distribute the remaining portion of any Trust property in Trustee's hands to the beneficiaries entitled to the income at that time.

**5.7.   IRREVOCABILITY.** Except as provided in Section 4.2.1.7 herein entitled "Amend Trust," no person shall have any right or power, whether alone or in conjunction with others, in whatever capacity (1) to alter, amend, revoke, or terminate this Trust or any of the terms of this Agreement, in whole or in part; (2) to designate the persons who shall possess or enjoy the Trust property and the income therefrom during her lifetime; or (3) to exercise any of the incidents of ownership in any property transferred to the Trust. In addition, the Trust may be amended by the Trustee, if necessary, to conform to the requirements of 42 U.S.C. § 1396p, the Program Operations Manual System of the Social Security Administration (POMS), and/or state law.

**5.8.   ACCOUNTING.** Trustee shall render an account of the administration of the trust to the adult Remainder Beneficiary[ies] annually, and the approval thereof by the living adult Remainder Beneficiary[ies] shall be conclusively binding upon all parties in interest under this Agreement. The aforementioned adult Remainder Beneficiary[ies] shall be conclusively presumed to have approved each such account unless he, she, or they file written exceptions thereto with Trustee within thirty (30) days after the receipt of each account. Copies of the Corporate Trustees' standard income and principal transaction statements issued quarterly by such Trustee shall be sufficient to satisfy the requirements of this Section. Nothing herein shall limit the right of Trustee to file an accounting in a court of competent jurisdiction at appropriate times. The records of the Trust shall be opened at all reasonable times to the inspection of Abigail Nichole DePoy and Remainder Beneficiary[ies] of the Trust and their appointed representatives.

**5.9.   SITUS**
**5.9.1.   Original Situs.** Questions pertaining to the validity, construction, and administration of this Trust shall be determined in accordance with the law of the Commonwealth of Virginia.

**5.9.2.   Changing the Trust Situs.** After Abigail Nichole DePoy's death, the

situs of any trust established herein may be changed by the unanimous consent of all of the Beneficiaries then eligible to receive discretionary distributions of net income under this Trust.

If such consent is obtained, the Beneficiaries shall notify Trustee in writing of such change of trust situs, and, if necessary, designate a successor Trustee in the new situs.

**5.10. COURT.** At any time during the life of the Beneficiary, the Trustee may petition a Court of competent jurisdiction at the expense of the Trust Estate for authorization to make any specific distribution for the benefit of the Beneficiary, regardless of whether this Agreement otherwise authorizes the Trustee to exercise its discretion to make such distribution.

**5.11. DEFINITIONS**

**5.11.1. Distributions by Representation.** Unless otherwise specifically provided, all distributions are to be made to a person's descendants, by representation. The property is divided into as many equal shares as there are: (1) surviving descendants in the generation nearest to the designated ancestor that contains one or more surviving descendants and (2) deceased descendants in the same generation who left surviving descendants, if any. Each surviving descendant in the nearest generation is allocated one share. The remaining shares, if any, are combined and then divided in the same manner among the surviving descendants of the deceased descendants, as if the surviving descendants who were allocated a share and their surviving descendants had predeceased the designated ancestor.

**5.11.2. Descendants.** The descendants of a person means all of that person's lineal descendants of all generations. The relationship of parent and child at each generation shall be determined by the definition of parent and child contained under Virginia law as of the date of Abigail Nichole DePoy's death.

A descendant in gestation who is later born alive shall be considered a descendant in being throughout the period of gestation.

**5.11.3. Disability.** A beneficiary under this Trust is disabled or under a disability when he or she is (i) under the age of eighteen (18) years and not emancipated or (ii) determined to be disabled under the definition of the Social Security Administration or a court of competent jurisdiction.

**5.11.4. Education.** As used in this Trust, "education" shall include:

**5.11.4.1. College.** Any course of study or instruction at an accredited college or university granting undergraduate or graduate degrees.

**5.11.4.2. Vocational.** Any course of study or instruction at any institution for specialized, vocational, or professional training.

**5.11.4.3. General.** Any curriculum offered by any institution that is

recognized for purposes of receiving financial assistance from any state or federal agency or program.

**S.11.4.4.  Course of Study.** Any course of study or instruction that may be useful in preparing a beneficiary for any vocation consistent with such beneficiary's abilities and interests.

**5.11.4.5.  Types of Distributions.** Distributions for education may include tuition, fees, books, supplies, living expenses, travel, and spending money to the extent such education expenses are reasonable.

**5.11.5.   Trustee.** Any reference to the "Trustee" shall include the singular or the plural and the masculine, the feminine, or the neuter and is intended to refer to such person or persons serving as Trustee, including the original Trustee or any successor Trustee whether such Trustee shall be an individual or a corporation or a law firm.

IN WITNESS WHEREOF Sharon Wimmer Bishop, Executor of the Estate of Kathy W. Sinclair, and Sharon Wimmer Bishop, as Trustee, have signed this Trust Agreement on the day and year first above written.

_____
Sharon Wimmer Bishop, Executor of the Estate of Kathy W. Sinclair

SEEN AND AGREED:

_____
Abigail Nichole DePoy

ACCEPTED:

_____
Sharon Wimmer Bishop, Trustee

VIRGINIA
COUNTY OF ROANOKE

      I CERTIFY that on this_____day of_____, _____ Sharon Wimmer Bishop, Executor of the Estate of Kathy W. Sinclair, personally came before me and acknowledged under oath, to my satisfaction, that this person:

    (a)    Is named in and personally signed the attached document; and

    (b)    Signed, sealed, and delivered this document as her act and deed.

                                          _____

My Commission Expires:_____ Notary Registration No.:_____

VIRGINIA
COUNTY OF ROANOKE

      I CERTIFY that on this_____day of _____, _____ Sharon Wimmer Bishop, Trustee, personally came before me and acknowledged under oath, to my satisfaction, that this person:

    (c)    Is named in and personally signed the attached document; and

    (d)    Signed, sealed, and delivered this document as her act and deed.

                                          _____

My Commission Expires:_____ Notary Registration No.:_____

## SCHEDULE "A"

## SOURCE OF INITIAL TRUST PROPERTY AND TRUST ASSETS

| Trust Asset | Source of Trust Asset |
|---|---|
| 1. $218,876.31 | Settlement Proceeds from the Estate of Kathy W. Sinclair. |