UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | |
| This Document Relates to: | ) ) | MDL No. 1:13-md-2419-RWZ |
| 1:14-cv-13510-RWZ: *Bishop v. Insight Health Corp., et al.* | ) ) ) | |

**INSIGHT HEALTH CORP.'S ANSWER TO PETITION FOR FINAL APPROVAL OF DISTRIBUTION OF WRONGFUL DEATH SETTLEMENT PROCEEDS PURSUANT TO VA. CODE § 8.01-55, AND FOR APPROVAL AND CONFIRMATION OF THE ABIGAIL NICHOLE DEPOY SPECIAL NEEDS TRUST INSTRUMENT**

Respondent, Insight Health Corp. ("Respondent"), by counsel, responds to the Petition for Final Approval of Distribution of Wrongful Death Settlement Proceeds Pursuant to Va. Code § 8.01-55, and for Approval and Confirmation of the Abigail Nichole Depoy Special Needs Trust Instrument (May 30, 2017) (D.E. 3387) ("Petition"), as follows:

1. The Parties entered a "Settlement and Release Agreement" ("Agreement") on February 12, 2015, which incorporated "First Am ended Insight Claims Resolution Facility Procedures" ("Procedures").

2. By order dated July 9, 2015, in the above-styled case, this Court approved the Agreement and the Procedures, and found the resolution of this wrongful death claim and the allocation process in the Procedures governing this claim to be fair and reasonable under the circumstances of the decedent's death and in the best interests of the decedent's estate and the statutory beneficiaries. *See* Order (July 9, 2015) (D.E. 2105) (approving settlement in *Bishop v. Insight Health Corp., et al.* (1:13-MD-2419-RWZ)).

3. The Court's Order of July 9, 2015, further instructed the Parties to present a "Future Distribution Order" to the Court for consideration before any distribution could be made to the decedent's statutory beneficiaries from their respective shares of the gross amount attributed to them under the Procedures. *Id.* at 4. The Petition now before the Court is Petitioners' request for entry of the Future Distribution Order in this case as directed by the Court through its order of July 9, 2015.

4. On January 7, 2016, the Parties filed a Joint Motion to Confirm Satisfaction of Conditions to Global Settlement Agreement of Virginia Cases (Jan. 7, 2016) (D.E. 2562). The Court entered an Order on the Parties' Joint Motion to Confirm Satisfaction of Conditions to Global Settlement finding that the terms and conditions set forth in the Agreement had been satisfied. *See* D.E. 2583 (Jan. 13, 2016) (noting endorsement and entry of order granting Motion for Order (D.E. 2562)).

5. Petitioner, Sharon W. Bishop, filed her Petition on May 30, 2017. Significantly, Petitioner states that: "The only known liens associated with the settlement proceeds are the following":

    a.    Virginia Department of Medical Assistance Services (Medicaid):  $96,794.80

    b.    Carilion Clinic:  $30,000.00

6. In reliance on Petitioner's representations in the Petition, including that the $96,794.80 Virginia Department of Medical Assistance Services (Medicaid) lien and the Carilion Clinic lien of $30,000.00, are the only known liens against the settlement proceeds, Respondent does not oppose the Petition or object to Petitioner's request that the Court approve the proposed distributions. Respondent joins in Petitioner's request that the Court dismiss this action with prejudice.

7. Respondent has no objection to the establishment of a special needs trust for the Statutory Beneficiary Abigail Nichole Depoy, or payment of a portion of the settlement designated for her benefit directly into the Abigail Nichole Depoy Special Needs Trust.

8. Respondent incorporates by reference Insight Health Corp.'s Answer to Petition for Final Approval of Compromise Settlement of Virginia Wrongful Death Claim Pursuant to Va. Code § 8.01-55 (July 3, 2015) (D.E. 2049), which Insight filed in response to the Petition for Approval of Compromise Settlement of Virginia Wrongful Death Claim Pursuant to Va. Code § 8.01-55 (June 30, 2015) (D.E. 2027).

9. Respondent respectfully requests that its counsel be permitted to appear by telephone at the hearing on Petitioner's request for the entry of a final distribution order rather than incurring the cost to travel from Richmond, Virginia to court in Boston.

WHEREFORE, Respondent, Insight Health Corp., by counsel, respectfully requests that the Court enter an order approving the Petition, granting the proposed distributions therein and dismissing this case with prejudice.

Respectfully Submitted

Date: May 30, 2017                             INSIGHT HEALTH CORP.

By: /s/ Stephen D. Busch
Stephen D. Busch (*pro hac vice*)
Christopher E. Trible (*pro hac vice*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
T: (804) 775-1000
F: (804) 775-1061
sbusch@mcguirewoods.com
ctrible@mcguirewoods.com

*Counsel for Defendants Insight Health Corp.*

## CERTIFICATE OF SERVICE

I certify that, on May 30, 2017, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Stephen D. Busch
Stephen D. Busch

90357524_1