UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                          )
IN RE NEW ENGLAND COMPOUNDING                             )
PHARMACY, INC. PRODUCTS LIABILITY                         )
LITIGATION                                                )
_____          )   MDL No. 2419
                                                          )   Dkt. No. 1:13-md-02419 (RWZ)
THIS DOCUMENT RELATES TO:                                 )
                                                          )
All Actions                                               )
_____          )

BARRY CADDEN'S OPPOSITION TO THE TENNESSEE CLINIC
DEFENDANTS' *MOTION FOR CLARIFICATION* RE: DEPOSITIONS
OF THE FDA AND WITNESSES FROM THE NECC CRIMINAL CASE

Judge Boal's July 31, 2015, Memorandum and Order (Dkt. #2123) still operates to
prevent any party from taking the deposition of Barry Cadden in this Multi-District Litigation.
That Order barred Mr. Cadden's deposition until the "resolution of the criminal charges" against
him. Contrary to the position taken by the Tennessee Clinic Defendants in their Motion, although
Mr. Cadden's criminal trial has concluded the criminal charges against him are far from resolved
for several reasons.

First, Mr. Cadden has not yet been sentenced and, thus, judgment has not yet even
entered on the charges against him. Mr. Cadden's sentencing is currently scheduled for June 29,
2017, before Judge Stearns.

Second, the Court has yet to rule on Mr. Cadden's pending Motion for Judgment of
Acquittal, or For a New Trial. That Motion identifies numerous grounds on which the Court
should enter judgment of acquittal in Mr. Cadden's favor or grant him a new trial on the Counts
of which he was convicted. The result of that Motion being granted, in whole or even in part,
could well be a new criminal trial on some of the Counts.

Third, Mr. Cadden has not yet exercised any of his appeal rights. Should his pending Motion for Acquittal, or For a New Trial be denied, Mr. Cadden fully intends to exercise those rights. A successful appeal would also likely result in a new trial.

Fourth, the criminal charges arising out of this case, overall, are not close to being resolved. Mr. Cadden was the first defendant to be tried. But there are still at least two more criminal trials to be conducted involving at least eight additional defendants.

Given these, and other, unresolved issues related to the criminal charges, Judge Boal's Order should still operate to prevent the taking of Mr. Cadden's deposition. In so ruling Judge Boal acknowledged the significant overlap between the subject matter of the criminal proceedings—which, as explained above, are still very much ongoing—and the civil cases. Order, at p. 15. That overlap still exists today, as does Judge Boal's concern that "any attempt by the Clinic Defendants to depose the defendants in the criminal case will necessarily implicate their Fifth Amendment rights." *Id.* Accordingly, Judge Boal's rationale for barring Mr. Cadden's deposition still applies and the Court should clarify that the deposition still may not go forward.

BARRY J. CADDEN,

By his attorneys,

  _/s/   Callan G. Stein_____
Callan G. Stein (BBO# 670569)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
(617) 720-5090
cstein@dbslawfirm.com

Dated:  June 1, 2017

## **REQUEST FOR HEARING**

Barry J. Cadden hereby requests a hearing on the issues presented in this motion.

 _/s/    Callan G. Stein_____
Callan G. Stein

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2017, a true copy of the foregoing was filed in accordance with the Court's Electronic Filing Guidelines and will be sent to all counsel of record by operation of the Court's electronic filing system.

 _/s/    Callan G. Stein_____
Callan G. Stein