**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S STATUS REPORT**

During the April 20, 2017 status conference, the Court asked the PSC to identify what the Court must do now and down the road in order to wind down the MDL.  Pursuant to the Court's request, the Plaintiffs' Steering Committee now identifies (1) pending and potential MDL matters that the Court may need to address in the short-term and (2) actual and potential long-term responsibilities.  The PSC provides a proposed order herewith.

## I. PROCEDURAL BACKGROUND

For context, the PSC briefly summarizes the status of litigation with respect to particular plaintiff/defendant groups that may remain on the MDL Docket.

**A.     Claims against National Defendants were Resolved.**

All claims by MDL plaintiffs against NECC, its affiliates, insiders, and national defendants were resolved as part of the NECC bankruptcy plan.  That settlement was approved by the Bankruptcy Court and distribution to national claimants is well underway.  The PSC provided a list of civil actions that were completely resolved by the plan and therefore ought to be dismissed.[1]

The Tort Trustee has filed a separate status report concerning the status of payments to claimants, estimating that second round payments will issue this summer.[2]

---

[1] Dkt. No. 2450.

[2] Dkt. No. 3393.

**B.      New Jersey: Inspira settled and Premier cases were transferred.**

All claims by New Jersey MDL plaintiffs against the Inspira defendants have been settled. The settlement was approved as part of the Bankruptcy Plan and distribution of funds to Inspira claimants is underway.

The remaining New Jersey MDL cases, against the Premier defendants, were remanded to New Jersey state court.

**C.      Virginia:  Insight settled.**

All claims by Virginia MDL plaintiffs against the Insight defendants have been settled. The settlement was approved as part of the Bankruptcy Plan and distribution of funds to Insight claimants is underway. There is at least one motion to approve distribution pending.[3]

**D.      Michigan:  MPS settled outside of the MDL.**

Claims by Michigan plaintiffs against Michigan Pain Specialist were resolved as part of a class settlement in Michigan state court. That class settlement was approved by the court in Michigan and the process of distribution to Michigan Pain Specialist claimants is underway. Cases against another Michigan clinic, NMRC, were tried in Michigan state court resulting in a jury verdict for the defendant. There appear to be no additional cases against Michigan clinics or doctors in the MDL.

**E.      Rhode Island and New Hampshire cases have been remanded or resolved.**

MDL plaintiffs' claims against the Ocean State (RI) and Pain Care (NH) defendants have either been dismissed or transferred from the MDL. There appear to be no additional cases against Rhode Island or New Hampshire clinics or doctors in the MDL.

---

[3] Dkt. No. 338; 3390.

2

**F.     Tennessee:  St. Thomas settled, Specialty Surgery Center is mediating, and PCA Pain case has been remanded.**

Claims by Tennessee MDL plaintiffs against the Saint Thomas defendants were settled.  The settlement was approved by each plaintiff with a claim against Saint Thomas individually, and the distribution of funds to Saint Thomas claimants is underway.  It appears that no Court involvement is currently needed.

Cases against Specialty Surgery Center are proceeding according to the court-ordered schedule.  These claims are subject to a pending mediation scheduled for June 26, 2017.

The Court has remanded the only case against PCA Pain that remained pending in this MDL.

**G.     Maryland:  Box Hill litigation is proceeding according to schedule.**

MDL plaintiffs with claims against the Box Hill defendants remain committed to litigating cases in the MDL.  Box Hill has again moved for remand, citing cases against Box Hill pending in Maryland state court.[4]  During the last status conference, the Court stated that it would coordinate a trial schedule with the Maryland state court judge presiding over the other Box Hill cases.

**H.     With two exceptions, all directly filed cases have been remanded or resolved.**

All cases filed directly in the District of Massachusetts as part of MDL 2419 (that are not part of the Box Hill, Specialty Surgery, or Saint Thomas groupings) have been dismissed or transferred with the exception of two plaintiffs (addressed below).[5]

---

[4] Dkt No. 3379; 3380.

[5] *See* PSC Notice of Cases Directly Filed in the District of Massachusetts [Dkt. No. 3065].

## II. SHORT-TERM MATTERS

**A.  The Court should require the Post Confirmation Officer and Tort Trustee to submit an accounting and reserve amounts by June 30, 2017.**

As set forth in the Tort Trustee's most recent status report, it is anticipated that the second payment of claim amounts to national claimants will occur before the end of the summer. Before this happens, the Court should address (1) payment of any unpaid fees or expenses the Tort Trustee and Post Confirmation Officer have incurred and (2) oversee transfer of remaining settlement funds held by the Post Confirmation Officer to the Tort Trust. If the Court requests appropriate accounting from the Tort Trustee and Post Confirmation Officer soon, the matter can be resolved before second round checks are sent (and avoid the need to send a third round of checks once the funds currently held by the Post Confirmation Officer are transferred to the Tort Trust).

The PSC suggests that the Court require the Post Confirmation Officer and the Tort Trustee to submit fee and expense requests and estimates by June 30, 2017, with responses, if any, due July 15, 2017, so that the Court may resolve these matters by August 1, 2017. This timing will enable the transfer of remaining settlement funds from the Post Confirmation Officer to the Tort Trust prior to the second distribution to claimants.

### 1. Post-Confirmation Officer

The Post Confirmation Officer is holding a portion of the funds of the NECC Estate as a reserve for the payment of his fees and incidental estate costs. The PSC proposes that the Court order the Post Confirmation Officer to (1) provide the Court with an accounting of any unpaid fees and expenses incurred to date as well as (2) provide a reasonable estimate and explanation of anticipated future fees and expenses, to be held in reserve, if any. Once the payment of fees and expenses and a reserve amount is approved by the Court, the excess of such estimate should then be

transferred by the Post Confirmation Officer to the Tort Trust and made available for distribution to claimants as part of the second distribution.

Given that the Tort Trustee estimates that the second round of checks is expected to be sent this summer, it appears that if acted upon quickly, rolling the money from the Post Confirmation Officer into the second round distribution will not delay distribution.

### 2. Tort Trustee

Likewise, the Tort Trustee should provide the Court with (1) an accounting of her unpaid fees and expenses to date and (2) a reasonable estimate and explanation of anticipated future fees and expenses, if any. The PSC understands that the Tort Trustee is already required to provide the Court with her annual accounting of the Tort Trust funds on or about June 30, 2017 in accordance with the terms of the Tort Trust Agreement. Again, once approved by the Court, this will allow all funds in excess of this reserve to be distributed to claimants as part of the second distribution.

### B. The Court should address payment of already approved common benefit fees.

The Court's Order of December 19, 2016 instructed the Tort Trustee to pay 50% of the awarded common benefit fees to award recipients with the remaining 50% to be paid at a later date.[6] All of the awarded common benefit fees and expenses have already been segregated by the Tort Trustee in a separate account and do not affect the distribution to claimants. However, the PSC intends to submit a proposed order by June 15, 2017 so that the Court may authorize payment of the remaining 50% of the revised common benefit request.[7] The PSC will request that the remaining 50% be paid only after substantial completion of the Tort Trustee's second distribution to claimants has occurred.

---

[6] Dkt. No. 3239.

[7] Dkt. No. 3129.

**C.     The Court should rule on Box Hill's pending motion for remand.**

Currently before the Court is Box Hill's Motion for Reconsideration of Remand or Transfer.[8] If Box Hill's motion is denied, the Court will need to coordinate the Box Hill MDL cases with the Maryland state cases to establish a trial schedule.[9]

**D.     The Specialty Surgery Cases must settle or be tried.**

Mediation of the Specialty Surgery cases is scheduled for June 26, 2017. While it appears no immediate Court action is necessary, if the cases do not resolve then the Court will need to try these cases.

**E.     The Court should grant the motion to transfer *Kennedy* and *Musselwhite*.**

All cases filed directly in the District of Massachusetts as part of MDL 2419 (that are not part of the Box Hill, Specialty Surgery, or Saint Thomas groupings) have been dismissed or transferred with the exception of two plaintiffs: The two Kennedy cases (*Kennedy v. UniFirst*, 13-cv-13227; *Kennedy v. APAC*, 14-cv-13689) and the two Musselwhite cases (*Musselwhite v. UniFirst*, 13-13228; *Musselwhite v. APAC*, 14-13676). These two dockets for each plaintiff appear substantively similar. Plaintiffs Kennedy and Musselwhite filed a Joint Motion to Transfer Venue and Remand to the Circuit Court of Cook County, Illinois, Law Division on the MDL docket on May 11, 2017.[10] The court should grant the motion to transfer.

**F.     The clerk should administratively close any civil actions naming only settling entities.**

The Court may need to administratively close any remaining dockets which named only settling entities.[11] Although this docket cleanup may already be complete for the national

---

[8] Dkt. No. 3380.

[9] If the Box Hill Bellwether cases proceed to trial in the MDL, Magistrate Judge Boal may need to address any outstanding discovery issues presented by the parties.

[10] Dkt. No. 3379.

[11] *See* PSC Notice (listing all cases naming only settling defendants in which entry of final judgment may be entered) [Dkt. No. 2450].

settlement (it is difficult for the PSC to tell from PACER), given the incredible burden imposed on the clerk it would be understandable if this enormous task has not yet been completed. (The PSC is happy to help in any way that we can.)

Similarly, Tennessee counsel involved in the Saint Thomas settlement might – in the near future – make a recommendation for administratively closing out those dockets by stipulation, notice of dismissal, or another mechanism convenient to the Court. Should the Specialty Surgery cases resolve, the same should be done to enable the closing of those dockets.

### III.　LONG-TERM MATTERS

**A.　Box Hill Trials.**

If Box Hill's motion for reconsideration is denied, the Court will need to make a final determination of cases in the Bellwether trial pool and preside over trials. The first Bellwether trial for a living case is currently scheduled for October 30, 2017 (though this may change in light of the MDL Court's coordination with the state court Box Hill judge).[12]

**B.　Specialty Surgery Center Trials.**

SpecialtySurgery Center mediation is scheduled for June 26, 2017. If an agreement is reached at mediation, the PSC expects it may take some time to negotiate and implement a final settlement. If the cases resolve, the Court will need to administratively close individual civil dockets and retain jurisdiction over settlement matters.

If the Specialty Surgery cases do not resolve, the Court will need to select and preside over Bellwether trials following the completion of common and case-specific discovery in late December 2017.[13] In addition, two Specialty Surgery cases are pending appeal from the Court's dismissal of

---

[12] Box Hill Case Management Order [Dkt. No. 3301].

[13] If the Specialty Surgery Bellwether cases proceed to trial in the MDL, Magistrate Judge Boal may need to address any outstanding discovery issues presented by the parties. The completion of common issue expert depositions is scheduled for December 1, 2017 and the completion of case-specific expert depositions is scheduled for December 15, 2017. Specialty Surgery Case Management Order [Dkt. No. 3359].

those cases for failure to file certificates of good faith.[14] It is possible that once those appeals are resolved, further Court involvement may be necessary

## C. Potentially Supervising the Saint Thomas Settlement

The Court retains ongoing supervision of the Tennessee Saint Thomas settlement and distributions as money is still being disbursed to claimants. It will take some time to conclude effectuating the St. Thomas settlement. The PSC anticipates filing in the next 30 days a motion for common benefit fee and expenses disbursement related to this settlement and the PSC hopes this will not be a contested motion.

## D. Ongoing Jurisdiction over the Tort Trust

The Court maintains oversight of the NECC National Settlement and the Tort Trust. The second distribution to claimants should deplete all funds currently held in the Tort Trust with the exception of funds, if any, held in reserve to pay future anticipated fees and expenses of the Tort Trustee. The Tort Trust will remain open thereafter, as there remains the possibility under the Bankruptcy Plan that the principles of NECC will receive tax refunds related to their payments into the NECC Bankruptcy Estate. Pursuant to the Bankruptcy Plan, those funds, if realized, would spill from the NECC Bankruptcy Estate into the Tort Trust and would then be distributed to national claimants in a third distribution.

No substantial Court involvement is anticipated, but the Court will need to retain jurisdiction over the Tort Trust in anticipation of receipt of such tax returns and through any third and final distribution to claimants.

## IV. CONCLUSION

For the reasons given above, the Court should enter the proposed order filed herewith.

---

[14] *Norris v. Specialty Surgery* (17-1003); *Palmer v. Specialty Surgery* (17-1005). *See* November 17, 2016 Memorandum of Decision and Order dismissing the Cain Actions (pp. 3-4) [Dkt. No. 3188].

Dated: June 1, 2017

Respectfully submitted,

**/s/ Kristen A. Johnson**
Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.

Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH &
JENNINGS PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN  37203
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Kristen A. Johnson, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 1, 2017                            **/s/ Kristen A. Johnson**
                                                               Kristen A. Johnson, BBO # 667261