UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Simas v. Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C.<br>1:13-cv-10943-RWZ | MDL No. 2419<br>Dkt. No 1:13-md-2419 (RWZ) |

## JOINDER OF THE DEFENDANTS, ABDUL R. BARAKAT, M.D., AND OCEAN STATE PAIN MANAGEMENT, P.C., TO THE TENNESSEE CLINIC DEFENDANTS' MOTION FOR CLARIFICATION RE: DEPOSITIONS OF THE FDA AND WITNESSES FROM THE NECC CRIMINAL CASE

Now come the defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C. (hereinafter "the defendants," or "the Ocean State Defendants"), in the United States District Court, District of Massachusetts, and, by and through counsel, hereby join the Tennessee Clinic Defendants[1] in their Motion for Clarification Regarding Depositions of the FDA and Witnesses from the NECC Criminal Case. The Ocean State Defendants adopt and incorporate as if stated fully herein the Tennessee Clinic Defendants' filing at Doc. 3381, including the arguments set forth and the relief requested. The Ocean State Defendants, having recently been remanded to Middlesex Superior Court[2] for discovery and trial, are seeking to depose the same witnesses listed by the Tennessee Clinic Defendants. For the sake of efficiency, the Ocean State defendants would suggest that each witness, if compelled to testify, be deposed at individual

---

[1] Specialty Surgery Center, PLLC, Kenneth Lister, M.D., P.C., Kenneth Lister, M.D., and Donald Jones, M.D.
[2] Middlesex Superior Court (Massachusetts), Civil Action No. 12-3591.

hearings attended by counsel for the Ocean State, Tennessee Clinic, and Box Hill Defendants, in addition to any other interested parties deemed appropriate for inclusion by the Court.

The Ocean State Defendants adopt and incorporate the procedural background and legal arguments set forth by the Tennessee Clinic Defendants in their motion and additionally aver as follows:

1. Originally filed in Middlesex Superior Court in November 2012, this case was removed to the MDL on April 18, 2013.

2. For approximately the next four years, the case remained in the MDL subject to a discovery stay where "Unaffiliated Defendants" with significant numbers of cases pending against them (e.g., the Saint Thomas Entities, the Tennessee Clinic Defendants, the Box Hill Defendants, etc.) conducted "common discovery" depositions and the Ocean State Defendants were permitted to attend and observe.[3]

3. The Court remanded this case to Middlesex Superior Court on January 11, 2017.[4]

4. The Ocean State Defendants are seeking to take the depositions of the FDA, Joseph Connolly, John Notarianni, Robert Ronzio, Barry Cadden, Mario Giamei, Annette Robinson, Owen Finnegan, and Cory Fletcher. As indicated by the Tennessee Clinic Defendants, some of these witnesses could not be deposed due to protective orders staying their depositions in the MDL until the conclusion of the criminal case. Others were permitted to testify but invoked the Fifth Amendment throughout their depositions.

5. Both the Tennessee Clinic Defendants and the Ocean State Defendants have notified counsel for the aforementioned witnesses of their intent to notice depositions during the summer of 2017 and both have received the same set of responses from witnesses' counsel and

---

[3] *See* MDL Order No. 10, Deposition Protocol, Docket No. 1426.
[4] *See* Court Order of the Honorable Rya W. Zobel on Defendants' Request to Remand, Docket No. 3270.

government counsel indicating that the witnesses will not be made available for deposition, or in the alternative, will continue to invoke the Fifth Amendment. The Ocean State Defendants mailed letters to counsel using the caption from their state court case in which the court has imposed an August 2017 deadline for the taking of these depositions. A similar deadline has not been imposed in the *Simas* matter, though the defendants nevertheless request guidance from the Court at this juncture as the same witnesses are at issue and only one round of depositions should be necessary.

6. The Ocean State Defendants are cognizant of the fact that the Tennessee Clinic Defendants' remaining cases may resolve through mediation in June 2017. If that occurs, responsibility would then fall on the Box Hill and Ocean State Defendants to schedule and conduct these depositions, if permitted by the Court.

7. While the Ocean State Defendants are no longer in the MDL, they suggest that it would be prudent to depose each witness one time with all interested counsel present, including potential state court counsel, in similar fashion to how common discovery depositions have always been conducted in the MDL pursuant to the Court's Deposition Protocol.[5] The defendants would designate Lead Deposition Counsel for the purposes of scheduling and coordinating the depositions.

8. As argued by the Tennessee Clinic Defendants, the testimony of the aforementioned NECC and FDA witnesses will be critical to the Ocean State Defendants' efforts to prove that (1) the fault for these events begins and ends with NECC[6] and (2) the actions of

---

[5] *See* Docket No. 1426 at 8.
[6] Like Tennessee, Massachusetts is a modified comparative fault state. M.G.L.A. 231 §85. Rhode Island is a pure comparative fault state. R.I.G.L. §9-20-4. Thus, at an NECC-related trial in either state, the Ocean State Defendants will be responsible for proving the fault of NECC, a non-party, and the jury will be instructed to allocate a portion of fault to NECC.

NECC and the FDA constitute a superseding and intervening cause absolving the Ocean State Defendants of liability.[7]

## CONCLUSION

For the aforementioned reasons, the Ocean State Defendants request clarification of their ability to take the depositions of certain NECC and FDA witnesses in conjunction with the remaining Tennessee Clinic and Box Hill Defendants in the MDL. The Ocean State Defendants concur with the Tennessee Clinic Defendants that the justifications for staying these depositions have either been reduced or eliminated entirely now that Barry Cadden's criminal trial is over.

Respectfully submitted,
Abdul R. Barakat, M.D., and
Ocean State Pain Management, P.C.,
By their attorneys,

/s/ Thomas M. Dolan III

SEAN CAPPLIS, ESQ.
BBO #634740
THOMAS M. DOLAN III, ESQ.
BBO #683042
**CAPPLIS, CONNORS, & CARROLL, P.C.**
18 Tremont Street, Suite 330
Boston, MA 02108
Tel: (617) 227-0722
Fax: (617) 227-0772
scapplis@ccclaw.org
tdolan@ccclaw.org

Dated: June 2, 2017

---

[7] In Massachusetts, the affirmative defense of intervening cause dictates that in some instances, the causal relationship between the defendant's negligence and the plaintiff's injury may be broken by the intervention of a superseding cause, such as some unforeseeable negligence or fault of another. *See* MCLE Massachusetts Superior Court Civil Practice Jury Instructions, § 2.1.9 (Supp. 2003); *Leavitt v. Brockton Hospital, Inc.*, 454 Mass. 37, 44-46 (2009); *Griffiths v. Campbell*, 425 Mass. 31, 34-36 (1997); *Christopher v. Father's Huddle Café, Inc.*, 57 Mass. App. Ct. 217, 228 (2003); *Delaney v. Reynolds*, 63 Mass. App. Ct. 239, 242 (2005); *Lawrence v. Kamco, Inc.*, 8 Mass. App. Ct. 854, 856-858 (1979). The defendant is responsible for proving it. *See id.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, I served the above Motion upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Thomas M. Dolan
THOMAS M. DOLAN, ESQ.
Attorney for Defendants,
Ocean State Pain Management, Inc. and Dr. Barakat