UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
**IN RE NEW ENGLAND COMPOUNDING**       )
**PHARMACY, INC. PRODUCTS LIABILITY**   )
**LITIGATION**                          )
                                        )
**MDL No. 2419**                        )   Dkt. No 1:13-md-2419 (RWZ)
                                        )
**THIS DOCUMENT RELATES TO:**           )
                                        )
**All Cases**                           )
_____)

**RONZIO'S OPPOSITION TO TENNESSEE CLINIC DEFENDANTS'**
*MOTION FOR CLARIFICATION* **RE: DEPOSITIONS OF THE**
**FDA AND WITNESSES FROM THE NECC CRIMINAL CASE**

NOW COMES prospective witness Robert Ronzio, ("Ronzio"), through counsel, and respectfully opposes any motion seeking his deposition or trial testimony in any civil case and repetitious depositions in multiple civil cases. In support thereof, Ronzio incorporates the prior Orders of this Honorable Court, his prior motions and arguments of counsel and motions filed by other similarly situated NECC witnesses. Further, the Movants have corrected stated the position of Ronzio in Doc. 3381 at p. 12. However, because of Ronzio's Plea Agreement with the Government and testimony at trial, his Fifth Amendment exposure has been enhanced because there is no final judgment in his criminal case, he has not been sentenced, the time for filing any appeal from a future judgment has not expired and Judge Stearns deferred acceptance of his plea. As a result, Ronzio is currently in a worse position than he was in 2013 because he has admitted to criminal conduct. In 2013, it was more likely that some litigant could have persuaded the Court that Ronzio has no reasonable fear of incrimination. That is no longer the case.

1

Regardless of the finality of the federal case, Ronzio continues to enjoy all the privileges afford to him under multiple state constitutions which protect his privilege against self-incrimination.

Lastly, it should be noted that this is not an unfair or unusual situation for civil litigants in cases where criminal charges have also been instituted. If there were a trial tomorrow, Ronzio would assert his privilege against self-incrimination. A future trial date does not change this fact. The taking of depositions memorializing the lack of testimony serves no purpose. The trial court will be confronted with the same issue months from now as to how to present Ronzio's assertion to the jury and how to instruct them on it. A 300 page transcript of Ronzio asserting the privilege adds nothing to this process.

## L.R. 7.1(2) CERTIFICATE

Prior to the filing of the instant opposition, the undersigned counsel conferred with the attorney for the movants and the Parties were not able to resolve the instant dispute.

Respectfully submitted,

_____
Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN
450 Lexington Street, Suite 101
Newton, Massachusetts 02461
(617) 723-1980

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 2nd day of June, 2017, a copy of the foregoing motion was served electronically, upon All counsel of record.

_____
Peter Charles Horstmann, Esquire