UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND ) <br> COMPOUNDING PHARMACY, INC. ) <br> PRODUCT LIABILITY LITIGATION ) <br>  ) <br> This Document Relates To: ) <br>  ) <br>  All Actions ) <br>  ) | MDL No. 13-2419-RWZ |

**GOVERNMENT'S RESPONSE TO THE TENNESSEE CLINIC DEFENDANTS'
MOTION FOR CLARIFICATION RE: DEPOSITIONS OF THE FDA AND
WITNESSES FROM THE NECC CRIMINAL CASE**

Pursuant to this Court's order of May 19, 2017 (Doc. No. 3383), the United States hereby submits its response to the Tennessee Clinic Defendants' Motion for Clarification Re: Depositions of the FDA and Witnesses from the NECC Criminal Case (Doc. No. 3381) [hereinafter, "Motion for Clarification"]. In the Motion for Clarification, the Tennessee Clinic Defendants again are seeking to depose several of the witnesses in the federal criminal case, <u>United States v. Barry J. Cadden, et al.</u>, 14-cr-10363-RGS (hereinafter, "the criminal case"), including the FDA, Joseph Connolly, and John Notarianni, prior to the conclusion of the criminal case.[1] The government again asserts that these depositions should not proceed until resolution of all of the trials in the criminal case, and urges this Court to order that the previously issued stays remain in effect until that time.

**BACKGROUND**

As this Court well knows, there has been extensive litigation about the interplay between civil discovery in this MDL and the criminal case. The government first became involved when

---
[1] The government in this response only addresses the proposed depositions of the FDA, Joseph Connolly, and John Notarianni. The government understands and/or assumes all other proposed deponents intend to assert a Fifth Amendment privilege against self-incrimination if sought to be deposed.

the St. Thomas Clinic Defendants, who were represented by the same counsel as the Tennessee Clinic Defendants, sought in the summer of 2015 to take a Rule 30(b)(6) deposition of the FDA. The FDA moved for a protective order providing that it need not produce any witness for deposition until conclusion of the criminal case, and filed in support an affidavit from then-United States Attorney Carmen M. Ortiz about the potential harm of such a deposition to the criminal case. After full briefing of this issue and oral argument, this Court granted the FDA's motion for a protective order on July 31, 2015 (Doc. No. 2123) [hereinafter, "FDA Order"]. Specifically, the Court found that "[g]iven FDA's involvement in the investigation that followed the outbreak, any potential deposition would likely implicate, among other things, the investigatory steps taken by the FDA-OCI agents in the criminal case." FDA Order at 21. The Court thus ordered that "a protective order precluding the FDA's deposition *until resolution of the criminal case* is appropriate under the circumstances." Id. (emphasis added).

The St. Thomas Clinic Defendants continued to seek discovery from the criminal case. About one month later, in September 2015, the United States Attorney's Office moved to intervene and stay certain discovery in this MDL (Doc. No. 2209), including depositions of the government's potential trial witnesses, on the grounds that such depositions could harm the criminal case. The Court declined to issue a blanket stay of all such depositions. Upon learning that only potential government witnesses Joseph Connolly (former NECC pharmacy technician) and John Notarianni (former MSM sales representative) would not assert a Fifth Amendment privilege against self-incrimination if deposed, the government specifically sought to stay their depositions. After several rounds of briefing by all interested parties on this issue, including an *ex parte* under seal filing by the government, this Court held that the depositions of Connolly and Notarianni would

be "stayed until the conclusion of the first criminal trial at which they testify or further order of the Court." [2]  Doc. No. 2556.

Throughout this litigation in 2015, the government and all other parties weighing in on these issues were operating on the same assumption:  that there would only be one criminal trial.  However, subsequent to the resolution of these discovery issues by this Court, the district court severed the criminal case into four separate trials – one trial for Douglas and Carla Conigliaro (severed from all other defendants on October 21, 2015), one for Cadden (severed with Glenn Chin from the remaining defendants on February 5, 2016, and then severed from Glenn Chin on December 15, 2016), one for Glenn Chin, and one for the remaining defendants.  Douglas and Carla Conigliaro ultimately pleaded guilty in the summer of 2016.  Cadden's trial proceeded from January 5, 2017 through March 22, 2017, and the jury found him guilty of 57 felonies, including RICO and RICO conspiracy.  Cadden's attorneys have begun his post-conviction litigation by filing a motion for acquittal or new trial, and he is scheduled to be sentenced on June 26, 2017.  Glenn Chin's trial is scheduled to begin on September 19, 2017.  The trial of the remaining defendants has not yet been scheduled, but will proceed after the Chin trial.  The criminal case is far from over.

For reasons set forth below, and those for which this Court already stayed these depositions, the government requests that this Court continue to stay the depositions of the FDA, Connolly, and Notarianni until the conclusion of all of the criminal trials in this case.[3]  The government asserts that such a result is especially warranted in light of the mediation between the

---

[2]  In September 2015, the St. Thomas Clinic Defendants also sought to compel the government's discovery provided to the criminal defendants (Doc. No. 2117).  This Court denied that request as well.  See Doc. No. 2240.

[3] This response is not intended to impact in any way a potential deponent's rights upon being served with a deposition subpoena in this MDL.  The FDA specifically reserves the right to move for a protective order or to quash any deposition subpoena served upon it, regardless of how this Court rules on the Motion for Clarification.

Tennessee Clinic Defendants and the plaintiffs who have sued them, which is currently scheduled for June 26, 2017. Given the possibility that this issue could soon be rendered moot by a settlement of their litigation, this Court should not allow depositions to proceed that could potentially harm the criminal case.

## ARGUMENT

Until all of the trials in the criminal case have concluded, the Court should continue to stay the depositions of the FDA, Connolly, and Notarianni in order to protect all parties participating in the criminal case. It is "clearly within the power of the district court to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings." United States v. Mellon Bank, N.A., 545 F.2d 869, 872-873 (3d Cir. 1976) (affirming stay); see also Microfinancial, Inc. v. Premier Holidays Intl., Inc., 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic" that federal courts have the inherent power to stay civil proceedings in deference to criminal matters). Although "[a] movant must carry a heavy burden to succeed in such an endeavor," id., this Court on multiple occasions has stayed civil litigation in deference to parallel criminal proceedings on the government's motion. See, e.g., In re TelexFree Sec. Litig., No. 4:14-md-02566-TSH, MDL Case Mgt. Order No. 5 ¶ 2 (D. Mass. Mar. 10, 2015) & SEC v. TelexFree, Inc., 52 F. Supp. 3d 349, 354 (D. Mass. 2014) (staying multidistrict litigation and civil enforcement action involving alleged pyramid and Ponzi scheme pending resolution of parallel criminal proceedings); Savatsky v. O'Brien, 902 F. Supp. 2d 135, 149 (D. Mass. 2012) (staying discovery in action under 42 U.S.C. § 1983 alleging employment discrimination on the basis of political affiliation "while the ongoing criminal investigation and state civil proceedings develop.").

During the course of the 2015 litigation over these depositions, this Court carefully considered the Microfinancial factors, and determined that stays of the depositions of the FDA,

Connolly, and Notarianni were appropriate. In doing so, the Court considered, *inter alia*, the substantial overlap between the issues that the St. Thomas Clinic Defendants/Tennessee Clinic Defendants wish to pursue in these depositions for their comparative fault defense, and the issues in the criminal case. The Court in granting the stays also considered the interests of justice and rights of all parties, including the public, to a fair (and full) resolution of the criminal case. The government will not rehash this analysis.

At the time that the Court performed that analysis, however, only one criminal trial was contemplated. Thus, this Court's decisions assumed that the case would be concluded following that one criminal trial. Since this Court's decisions staying the depositions, the criminal case was severed into four separate trials. The district court's severance of the criminal case should not change this Court's previous analysis that the depositions of the FDA, Connolly, and Notarianni should not, in the interests of justice, proceed while the criminal case is pending. The Court's analysis remains applicable to the current procedural posture.

There is still a substantial way to go before the criminal case is concluded. Cadden's attorneys have begun his post-conviction litigation, and he is scheduled to be sentenced on June 26, 2017. At least eight criminal defendants are still facing trial.[4] The government's presentation of evidence in the two remaining trials will not mimic that of the Cadden trial. In fact, the presentation of evidence against different defendants will often be quite different. The fact that Judge Stearns severed the cases into separate trials should not cause this Court to rethink its stays of these depositions. The interests that caused this Court to stay them still very much exist.

For example, a 30(b)(6) deposition of the FDA would still raise the same concerns previously articulated by this Court and relied on in granting the protective order staying that

---

[4] The number of remaining defendants is unclear because there is a pending appeal of Judge Stearns's order dismissing defendants Michelle Thomas and Kathy Chin.

deposition. Among other things, such a deposition would implicate the investigatory steps taken by the FDA-OCI agents in this case. In fact, agents from FDA-OCI are still investigating issues related to this case that could affect other defendants. Again, severance of the criminal case should not affect the Court's analysis in staying the FDA's deposition, particularly in light of the substantial amount of discovery FDA has already provided to the Tennessee Clinic Defendants.[5]

In fact, since the Court stayed the depositions of the FDA, Connolly, and Notarianni, the civil litigants have been provided with substantial information in order to prepare their cases. The FDA produced voluminous document discovery. The trial of Cadden proceeded, in which Connolly, along with 58 other witnesses, testified, and 685 exhibits were entered into evidence.[6] In fact, Connolly testified extensively during the trial about his experiences at NECC.[7] Several witnesses from the FDA also testified during the trial. Transcripts of all of that testimony are available.[8] In addition, the government is aware that Connolly has met individually and at some length with counsel for the Tennessee Clinic Defendants, and answered all of their questions. Finally, counsel for the Tennessee Clinic Defendants watched most, if not every day, of the Cadden trial. The Tennessee Clinic Defendants have not been deprived of the information they seek to prepare their defenses.

Finally, the government is aware that the Tennessee Clinic Defendants and the plaintiffs suing them are scheduled for mediation on June 26, 2017. If the parties successfully mediate a resolution of their litigation, this issue would be rendered moot. In light of that real and near

---

[5] The Tennessee Clinic Defendants also grossly understate the burden to the prosecution team and the FDA of the deposition they are seeking when they claim that one or more of the witnesses could "serve as the FDA's 30(b)(6) representative in a deposition with minimal additional prep...." Motion for Clarification at 9. In reality, the Tennessee Clinic Defendants are seeking to depose an FDA witness on 21 topics (one of which has 14 subparts).

[6] All of the government's exhibits are publicly available on the United States Attorney's Office website.

[7] Notarianni did not testify in the Cadden trial but may do so in one or both of the upcoming criminal trials.

[8] There are also voluminous pages of Congressional testimony of FDA personnel, including the former Commissioner, that are available and were read to the jury by both Cadden and the government during the criminal trial.

possibility, this Court should not allow the depositions to proceed where there is the potential for harm to the criminal case. There is simply too much at stake.

## CONCLUSION

For all of these reasons, the government requests that the Court order that the depositions of the FDA, Joseph Connolly, and John Notarianni be stayed until the conclusion of all of the criminal trials in the case of United States v. Barry J. Cadden, et al., 14-cr-10363-RGS.

Respectfully submitted,

WILLIAM D. WEINREB
ACTING UNITED STATES ATTORNEY

By: /s/ Amanda P.M. Strachan
AMANDA P.M. STRACHAN
BBO # 641108
GEORGE P. VARGHESE
Assistant United States Attorneys
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
amanda.strachan@usdoj.gov
george.varghese@usdoj.gov

Dated: June 2, 2017

### Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

By: /s/ Amanda P.M. Strachan
AMANDA P.M. STRACHAN
Assistant United States Attorney

Dated: June 2, 2017