# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)  MDL No. 2419<br>)<br>)  Docket No. 1:13-md-2419 (RWZ)<br>) |
| This document relates to: | )<br>) |
| Armetta, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14022-RWZ | )<br>)<br>)<br>) |
| Bowman, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14028-RWZ | )<br>)<br>)<br>) |
| Davis, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14033-RWZ | )<br>)<br>)<br>) |
| Dreisch, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14029-RWZ | )<br>)<br>)<br>) |
| Farthing, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14036-RWZ | )<br>)<br>)<br>) |
| Kashi, et al. v. Box Hill Surgery Center, LLC, et al.<br>No. 1:14-cv-14026-RWZ | )<br>)<br>)<br>) |
| Torbeck, et al. v. Box Hill Surgery Center, LLC, et al.,<br>No. 1:14-cv-14023-RWZ | )<br>)<br>)<br>) |
| Handy, et al. v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14019-RWZ | )<br>) |

**PLAINTIFFS' OPPOSITION TO DFENDANTS' MOTION FOR
RECONSIDERATION OF SUGGESTION OF REMAND
OR TRANSFER OF BOX HILL CASES TO MARYLAND
AND TO ESTABLISH VENUE IN MARYLAND VIA §157(B) (5)
OR §1404(A)**

Plaintiffs, by their undersigned counsel, hereby oppose the Motion for Reconsideration of Suggestion of Remand or Transfer of Box Hill Cases to Maryland and to Establish Venue in Maryland Via §157(b)(5)or §1404(a) (Dkt. 3380).  As set forth below, Ritu T. Bhambhani, MD, Ritu T. Bhambhani, LLC and Box Hill Surgery Center, LLC ("Box Hill" or "Defendants") have asked for remand or transfer of these cases twice before and, each time, the Court denied that request.   Plaintiffs adopt and incorporate by reference their previous responses opposing Defendants' requests for remand. Plaintiffs describe below the history of Defendants' remand requests and also clarify misstatements in Defendants' motion before the Court.

This Court has expressly found that it has subject matter jurisdiction over the cases against the Box Hill Defendants (as well as over cases against similarly situated clinics in other states) and that venue properly lies in the United States District Court for the District of Massachusetts. (Memorandum Opinion and Order dated October 7, 2015, Dkt. 2309).[1] Quite simply, there is no reason for the Court to reconsider jurisdiction and venue issues concerning the Box Hill cases.

Nothing has changed that compels reversal of the Court's prior rulings and, accordingly, this motion should be denied.

**A. Box Hill Requests for Remand Have Been Properly Denied by This Court**

1.      Defendants' first request for remand was in response to the Court's Order to Show Cause Concerning Remand and Transfer in June of 2013. (Dkt. 2928).  In compliance with the

---

[1] See also Dkt. 2309 (Memorandum of Decision, May 15, 2014).

Order, Plaintiffs filed a memorandum requesting that the Court continue to exercise jurisdiction over their cases. As stated therein, as is still the case today, Plaintiffs' cases are progressing with Court-ordered deadlines (that were in fact agreed to by all counsel) for completion of discovery, both general and case-specific, including selecting and preparing bellwether cases for trial.[2] Defendants' request for remand was denied by Court Order dated June 24, 2016. (Dkt. 2958).

      2.      Defendants' second attempt to have the Box Hill MDL cases remanded was via Motion for Suggestion of Remand or Transfer of Box Hill Cases to Maryland and To Establish Venue in Maryland Via §157(b)(5) or §1404(a). (Dkt. 3056 and 3056-1 (Memorandum in Support)). Plaintiffs opposed the motion by a letter to the Court dated August 24, 2016 (Dkt. 3071), which is adopted and incorporated by reference as if fully set forth herein. On August 25, 2016, the Court entered an Endorsed Order denying Defendants' motion for remand. (Dkt. 3075). Defendants' motion for reconsideration should also be denied.

## B. Box Hill's Motion Misstates the Facts

      Plaintiffs wish to correct several inaccurate statements in Defendants' Motion, as follows:

      1.      First, although Defendants acknowledge that Plaintiffs' counsel either dismissed or withdrew as counsel in several cases, without specifying who among various attorneys they are referring to and in what court such cases were originally filed (Motion, n.5), they imply that there are more cases pending in the Circuit Court for Harford County, where they want the eight MDL Box Hill cases to be transferred. Actually, there are only eight cases filed by the Law Offices of Peter G. Angelos, P.C. pending against Defendants in Maryland state court and 14

---

[2] Plaintiffs adopt and incorporate by reference Plaintiffs' Memorandum in Compliance With the Court's June 2013, 2016 Order to Show Cause Concerning Remand and Transfer (Dkt. 2935), as if set forth fully herein.

cases filed by two other law firms, for a total of 30 cases; 22 cases in state court and eight in the MDL before this Court. [3]

    2.      Secondly, Defendants tell the Court that the eight Box Hill cases were transferred to this MDL court and that "[t]he remaining cases were left in the Circuit Court for Harford County, Maryland." Motion Para 3, p. 2. This is grossly inaccurate. The Box Hill MDL cases were filed in August, 2014, in the Circuit Court for Baltimore County, Maryland (not in Harford County),[4] against Box Hill Defendants and other NECC affiliated entities.[5] In October, 2014, the cases were removed by Ameridose LLC to the United States Bankruptcy Court for the District of Maryland (not the United States District Court) pursuant to 28 U.S.C. §§ 157, 1334(b), 1441(a) and 1452(a). See Exhibit A, Notice of Removal (without exhibits). Then, these cases were transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML").[6] The remaining Angelos cases were not even filed until September 2015, and beginning in December, 2015, they were transferred out of the Maryland Health Claims Arbitration and Dispute

---

[3] The Harford County Box Hill cases dismissed upon stipulation of counsel for Box Hill and the Law Offices of Peter G. Angelos, P.C. are: Arnold, Everhart, Schoppert, and Vogt.

[4] In each of the MDL cases Box Hill Defendants filed a motion to dismiss or transfer for improper venue or, in the alternative, to transfer based on forum *non conveniens*,, memorandum in support and a request for hearing. This motion was not fully briefed or heard in light of removal of this case to the U.S. Bankruptcy Court for the District of Maryland and transfer to MDL 2419.

[5] The Angelos Firm also named Ameridose LLC and UniFirst Corporation as defendants in cases filed against Box Hill Defendants in the Davis, Dreisch, Farthing, Kashi, Millhausen, Torbeck, and Young cases. The Rozek case, filed by Cohen, Placitella & Roth, P.C. named as additional defendants Ameridose LLC, UniFirst Corporation, Barry J. Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Glenn A. Chinn, GDC Properties Management, LLC, Medical Sales Management, Inc., Medical Sales Management SW, Inc., ARL Bio Pharma, Inc., d/b/a Analytical Research Laboratories and Liberty Industries, Inc. However, claims in all MDL cases against all of these entities and individuals were dismissed by this Court, with prejudice, after Court approval of the Chapter 11 Bankruptcy Plan ("the Plan") on May 20, 2015 (effective date of June 4, 2015), which resolved all claims against NECC, "Affiliated Defendants" and "National Defendants" (as defined in the Plan and several Court Orders) (Dkt. 2193). Also, Plaintiffs' counsel take exception to Defendants' suggestion that there was some kind of impropriety in the decision by counsel for Brenda Rozek to file her case in Maryland (Motion, Para 8, p.4). As defense counsels are undoubtedly aware, local Maryland lawyers are co-counsel in this case.

[6] E.g., Dreisch, et al. vs. Ameridose LLC, et al., 1:14-cv-14029, Notice of Electronic Filing, Notice to All Counsel Dkt. 1 (10/29/14).

Resolution Office to the Circuit Court for Harford County. As this Court has recognized before, the fact that there are other cases against these Defendants pending in another court does not mean that the MDL cases that are proceeding with discovery and other pretrial proceedings in this Court (including bellwether cases that will be set in for trial in the coming months), should be transferred to "join all of the *remaining* Box Hill cases currently pending and consolidated for trial in Maryland." Motion, Para. 6, p. 4 (emphasis added). This statement by Defendants is misleading in yet another way. The cases against Box Hill in the Circuit Court for Harford County have not been "consolidated for trial", but, rather, they are consolidated only for pretrial discovery. *See* Order dated December 5, 2016, attached as Exhibit B.

3.      Third, and lastly, in their motion for reconsideration (and at the April 20, 2017 Status Conference) Defendants incorrectly tell the Court that discovery in the MDL and Harford County cases is proceeding in lock step. *See, e.g.,* Motion, Para. 4, p. 3. To the contrary, the MDL cases are much more advanced toward trial-readiness. Plaintiffs attach as Exhibit C a letter to counsel from Judge William O. Carr, dated February 6, 2017, forwarding the Amended Scheduling Order. A cursory glance at this Order makes it evident that the MDL cases are significantly more advanced. *See* Third Amended Order Setting Discovery Deadlines. (Dkt. 3301). In Harford County, common fact discovery is just getting underway, experts are as yet unnamed, and all discovery is not to be completed until December 22, 2017. The first bellwether trial in state court is not to begin until May 7, 2018. Indeed, no bellwether case has even been proposed for the May 2018 trial date.

## C. There is No Basis for Remand or Transfer of the Box Hill Cases

1.      Contrary to Defendants' arguments, remand of other cases in this MDL 2619 does not compel remand of the Box Hill cases. The Suggestion of Remand or Transfer filed by the

Court on August 26, 2016 (Dkt. 3076) includes 66 cases against "Clinic-Related Defendants"[7] in which *all parties agreed that the work of the MDL transferee court was done* and that it was time for remand. (Dkt. 3076). Defendants take out of context what the Court actually said regarding when work is done in the MDL and at what point the Court is required to transfer cases back to the JPML. Motion, Para. 5, pp. 3-4. The Court clearly distinguished cases from Maryland (and Tennessee) from other Clinic-Related Defendants in MDL 2419, stating:

> "While cases against certain Tennessee and Maryland clinics were (and continue to be) actively litigated in the MDL, no other case against Clinic-Related Defendants similarly advanced, simply because they were not progressed enough or numerous enough to actively litigate efficiently in the MDL. At this point there is no more common discovery concerning these other Clinic-Related Defendants for this Court to oversee; only case-specific fact and expert discovery remain. Therefore, for all other remaining Clinic-Related Defendants (all of whom have four or fewer cases naming them as defendants in the MDL) the Court entered a stay of discovery through September 1, 2016."

(Dkt. 3076, at 8-9). A footnote to this passage is noteworthy. The Court described the Tennessee Specialty Surgery Center cases as "being actively litigated and moving toward bellwether trials pursuant to a Court-ordered pretrial schedule." *Id.* n. 20 (citing Dkt. 3016). The Court continued: "For that reason, the Court recently denied Specialty Surgery Center's motion to remand these cases." *Id.* (citing Dkt. 3011). Significantly, the Court added: "Similarly, cases against Box Hill (Maryland) Clinic-Related Defendants are also proceeding according to the discovery schedule set by the Court, and the Court denied Box Hill's request for remand." *Id.* (citing Dkt. 2958).

2.     Pursuant to 28 U.S. C §1407, the Court suggested to the JPML that the 66 Clinic-Related Defendant cases be remanded or transferred back to their courts of origin, as none of the parties to those cases objected and "the Court perceives its role in these cases has ended." (Dkt. 3076, at 11). The Court expressly excluded the Tennessee and Maryland cases from this

---

[7] The Court used the term "Clinic-Related Defendants" to encompass cases in MDL 2419 brought against "clinics, hospitals and health care professionals who procured contaminated NECC products and administered them to patients". (Dkt. 3076, at 4). This term includes the Box Hill Defendants. *Id.* n.6.

suggested remand or transfer request. For the Maryland Box Hill cases, the Plaintiffs objected to remand and the Court is acting within its authority and discretion in determining that these cases will benefit from further coordinated proceedings as part of the MDL. The Court clearly does not perceive that her role in the Box Hill cases has ended. Accordingly, remand or transfer is not required at this time.

**D. This Court Has Subject Matter Jurisdiction and Venue in Massachusetts for Trial of Box Hill Cases is Proper**

1.      In view of the Box Hill Defendants' anticipated defense strategy of attempting to put the blame and responsibility for Plaintiffs' deaths and severe personal injury on NECC, the Affiliated Defendants and the Unaffiliated Defendants, as defined in Dkt. 3076, at 4, and in multiple other Orders, the Court has explained fully the reasons why subject matter jurisdiction and venue for these cases appropriately lie in Massachusetts. (*See, e.g.*, Dkt. 2309).   In responding to Defendants' motion for reconsideration, Plaintiffs will not restate those reasons. Plaintiffs reiterate that there has been no change in circumstances that would compel the Court to change its previous rulings and opinions on these matters. Plaintiffs will address only a couple of Defendants' contentions raised in the motion for reconsideration.

2.      In addition to other misrepresentations discussed above, Defendants suggest that all Plaintiffs and fact witnesses are located in Maryland, making Maryland the most convenient and reasonable place to litigate. *See e.g.*, Motion, p. 13, para 26. As is evident from the Complaints filed against Defendants, some of the Box Hill Plaintiffs reside in other states, including Florida, California, and Texas. Specifically, in the Kashi case[8], which will be set in for trial as the first Box Hill bellwether death case, three of the Plaintiffs reside outside of Maryland - two in California and one in Florida. In addition, all of Plaintiffs' Decedent's post-

---

[8] Kashi, et al. vs. Box Hill Surgery Center, LLC, et al., No. 1:14-cv-14026-RWZ.

contaminated steroid injection medical care and treatment was in California. Kiumarce Kashi, Personal Representative of the Estate of Bahman Kashi and one of the decedent's surviving adult children, resides in Maryland but he voluntarily attended and gave testimony at the criminal trial of Barry Cadden, one of NECC's owners, conducted in Massachusetts.   Other witnesses, including several common fact experts designated by Defendants, do not reside in Maryland. For Plaintiffs and witnesses who do not live in Maryland, the convenience of trying the cases in Maryland versus Massachusetts is negligible.

      3.      Defense counsel argue that appearances of Plaintiffs' counsel by telephone at hearings and status conferences because of undue burden and expense is an indication that the Box Hill cases should be remanded or transferred to Maryland.  Motion, p.11, para 21. Plaintiffs' counsel have answered this argument before. (Dkt. 3071 n.7). We reiterate the extensive appearances and contributions toward finalizing the bankruptcy settlement by counsel for Brenda Rozek. All of Plaintiffs' counsel work together to diligently and prudently represent the interests of their respective clients, including limiting expenses and costs whenever possible.  If the Court does not approve motions to appear by telephone as it has on multiple occasions or compels counsel to appear in person, then Plaintiffs' counsel will comply with the Court's directives.  Of course, Plaintiffs' counsel will attend trial proceedings. Plaintiffs have been effectively and efficiently represented at all status conferences and hearings by undersigned counsel as well as by the Plaintiffs' Steering Committee.  Appearances by phone on the grounds of undue burden or expenses during preliminary and pretrial proceedings do not support remand or transfer.

## E. Defendants' Request for the Court to Specify When a Suggestion of Remand Will be Filed is Premature

      1.      Defendants request that if the Court denies the motion for reconsideration of remand or transfer, the Court should provide guidance as to when the Court intends to remand

the cases as the Defendant states the Court indicated it would do with respect to cases against other Clinic-Related Defendants in the Memorandum of Decision dated October 7, 2015. (Dkt. 2309). Motion, pp. 1, 14-15.

    2.      With reference to the Tennessee and New Jersey cases, which are similar to the Box Hill cases, the Court provided the following plan:

> " For the bellwether trials selected by the court and the parties, pretrial proceedings will be complete after Daubert motions are fully briefed For the first round of bellwether cases (i.e., Tennessee), that will be February 26, 2016. See Docket #2075. This Court's MDL function for those cases will then be done, so it expects to file a suggestion of remand with the MDL Panel on February 29, 2016. See J.P.M.L.R. 10.1(b) (1). The Panel will likely remand the cases to their original districts shortly thereafter, clearing the way for me to hear a motion to set venue in this district for trial under my bankruptcy powers."

(Dkt. 2309, at 22, footnote omitted).

    3.      The court stated in the same Opinion that before venue can be changed and before trial of a personal injury cause of action may finally be transferred from the court where it was initially filed for trial, notice and an opportunity for hearing must be granted. *Id.* (citation omitted). The Court opined that a motion to set venue in the Court's district for bellwether trials would be successful. (Dkt. 2309, at 23-24). The Box Hill cases are proceeding toward bellwether trials in the Dreisch (living) and Kashi (deceased) cases, although trial dates have not been set. Plaintiffs urge the Court not to set into motion transfer or remand of these cases or to announce when this may occur until further progress has been made in trial preparation, including scheduling, briefing and hearings on both *Daubert* and dispositive motions.

### Conclusion

    For the foregoing reasons, Plaintiffs request the Court to adhere to its prior decisions and deny Defendants' motion for reconsideration.

Dated:  June 2, 2017                    Respectfully submitted,


                                        /s/ **Patricia J. Kasputys**
                                        Patricia J. Kasputys
                                        Jay D. Miller
                                        Glenn E. Mintzer
                                        Sharon L. Houston
                                        Law Offices of Peter G. Angelos, P.C.
                                        100 North Charles Street
                                        22nd Floor
                                        Baltimore, MD  21201
                                        410-649-2000
                                        410-649-2101 (Fax)
                                        Pkasputys@lawpga.com
                                        Jmiller@lawpga.com
                                        Gmintzer@lawpga.com
                                        Shouston@lawpga.com


                                        /s/ **Michael Coren**
                                        Harry M. Roth
                                        Michael Coren
                                        Cohen Placitella & Roth. PC
                                        2001 Market Street
                                        Suite 2900
                                        Philadelphia, PA  19103
                                        215-567-3500
                                        215-567-6019 (Fax)
                                        mcoren@cprlaw.com
                                        hroth@cprlaw.com

                                        ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I, Patricia J. Kasputys, certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 2, 2017                        /s/ **Patricia J. Kasputys**
                                           Patricia J. Kasputys