# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

OCT 0 6 2014

| | | |
|---|---|---|
| In re: | | |
| New England Compounding Pharmacy, Inc. | * | Bankruptcy Case No. 12-19882-HJB (United States Bankruptcy Court for the District of Massachusetts (Chapter 11)) |
| | * | |
| | * | SECTION 157(b)(5) MATTER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Belinda L. Dreisch and Burton J. Dreisch, | * | |
| Plaintiffs | * | Adversary Proceeding No. _____ |
| | * | |
| v. | * | |
| BOX HILL SURGERY CENTER, LLC, RITU T. BHAMBHANI, MD, RITU T. BHAMBHANI, MD, LLC, AMERIDOSE, LLC UNIFIRST CORPORATION, | * | DEFENDANT AMERIDOSE LLC'S NOTICE OF REMOVAL |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF MARYLAND, NORTHERN DIVISION:

PLEASE TAKE NOTICE that Defendant Ameridose LLC ("Ameridose") hereby removes the above entitled action from the Circuit Court for Baltimore County, Maryland, to the United States Bankruptcy Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 157, 1334(b), 1441(a), 1452(a), and District Court Local Rule 405.1. Defendant Ameridose LLC removes this action as a party to this action under § 1452(a), and is

appearing solely for the purpose of this removal and for no other purpose, and preserving all other defenses available to it, states as follows:

PROCEDURAL HISTORY

A.      The State Court Case.

     1.      On August 27, 2014, Plaintiffs Belinda L. Dreisch and Burton J. Dreisch filed an action in the Circuit Court for Baltimore County, Maryland, captioned *Belinda L. Dreisch, et al. vs. Box Hill Surgery Center, LLC, et al.,* case number 03-C-14-009277 (the "Complaint").

     2.      On September 18, 2014, Ameridose received a copy of Plaintiffs' Complaint via certified mail.

     3.      A copy of the Complaint and all other process, pleadings, and orders on file in the Circuit Court for Baltimore County are attached as Exhibit A.

     4.      Removal is timely under 28 U.S.C. § 1446(b) as fewer than 30 days have elapsed since Ameridose was served with Plaintiff's Complaint.

B.      The Multi-District Litigation.

     5.      In the late summer and early fall of 2012, the Centers for Disease Control identified an outbreak of fungal meningitis. The outbreak was allegedly traced back to lots of methylprednisolone acetate ("MPA") compounded by New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC").

     6.      In the wake of the outbreak, dozens of lawsuits were filed against NECC, its owners, several companies affiliated with NECC or its owners, and other companies and health care providers.

7.     On December 21, 2012, NECC filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts ("the Bankruptcy Proceeding"), automatically staying all actions against NECC.

8.     On February 12, 2013, the Judicial Panel on Multidistrict Litigation ("the Panel") created MDL 2419 *In re New England Compounding Pharmacy, Inc. Products Liability Litigation* ("NECC MDL") in the United States District Court for the District of Massachusetts (the "MDL Transfer Order"). *See* 924 F. Supp. 2d 1380 (J.P.M.L. Feb. 12, 2013), attached as Exhibit B. The MDL Transfer Order centralized all cases "relating to injuries arising from the alleged contamination of injectable steroid . . . at the New England Compounding Pharmacy facility in Framingham, Massachusetts" in the District of Massachusetts for coordinated and consolidated proceedings pursuant to 28 U.S.C. § 1407. *Id.*

9.     Thereafter, on March 10, 2013, Paul D. Moore, the Chapter 11 Trustee, moved for an order to transfer all related personal injury and wrongful death actions to the District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 157 and 1334.[2]

10.     On May 31, 2013, the NECC MDL Court partially granted the motion, transferring all pending and future cases, filed in *state or federal* court, against NECC or an "Affiliated Defendant" to the District of Massachusetts. *See In re New England Compounding Pharm., Inc., Prods. Liab. Litig.,* 496 B.R. 256, 275 (D. Mass. 2013) (the "Transfer Opinion," attached as Exhibit C). Specifically, the NECC MDL Court concluded that, pursuant to 28 U.S.C. § 1334(b), "the Court . . . has related-to subject-matter jurisdiction . . . over any state-

---

Under the Bankruptcy Code, NECC cannot be sued because of the automatic stay. 11 U.S.C. § 362.

[2] On December 27, 2013, the Chapter 11 Trustee filed a Renewed and Supplemental Motion to Transfer identifying additional cases that should be transferred to the NECC MDL. (NECC MDL Doc. No. 733).

court case in which any plaintiff has asserted a claim, or any defendant has asserted a claim for contribution or indemnity, against NECC or any affiliated entity or individual." *Id.* at 269.

11.    Plaintiffs' Complaint also asserts claims against the Affiliated Defendants. *See* Pls.' Compl., ¶¶ 12-29 (Ex. A). Pursuant to the Court's Transfer Opinion, Defendants Ameridose LLC, GDC Properties Management, LLC, Medical Sales Management, Inc., Medical Sales Management SW, Inc., Barry J. Cadden, Gregory A. Conigliaro, Lisa Conigliaro Cadden, Douglas A. Conigliaro, Carla A. Conigliaro, and Glen Chin are "Affiliated Defendants" for purposes of transfer to the District of Massachusetts. *See* Transfer Opinion at 261 n.1 (Ex. C).

12.    On May 15, 2014, the NECC MDL Court also granted the Chapter 11 Trustee's Renewed Motion to Transfer approximately thirty cases similar to this one to the NECC MDL for coordinated proceedings on the basis of related-to subject matter jurisdiction. *See* Memorandum of Decision, dated May 15, 2014, attached as Exhibit D.

13.    Moreover, Plaintiffs themselves acknowledge that "this case is related to NECC's Bankruptcy case because the prosecution and/or outcome of the proceeding could have an effect on the bankruptcy estate." Pls.' Compl., ¶ 10 (Ex. A).

C.    The Complaint

14.    Plaintiffs allege that Belinda L. Dreisch received contaminated steroid injections known as MPA. *See* Pls.' Compl., IN 1, 199 (Ex. A).

15.    Plaintiffs aver that NECC compounded the MPA. Pls.' Compl., ¶ 198 (Ex. A).

16.    Plaintiffs also aver that defendant UniFirst failed to meet its own written standards in performing its contractual duties, allowing the contamination of cleanrooms. Pls.' Compl., 11136 (Ex. A).

4

17.   In addition to alleging that NECC compounded the MPA, Plaintiffs also allege personal injury as a result of acts or omissions by the Affiliated Defendants. Pls.' Compl., 50-87 (Ex. A).

**D.   Law and Argument**

18.   Section 1334 of Title 28 of the United States Code provides that district courts have jurisdiction over "all civil proceedings arising under Title 11, or arising in or *related to* cases under Title 11." 28 U.S.C. § 1334(b) (emphasis added). Any "party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a); *see also Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 660 (4th Cir. 1985); *Fromhart v. Tucker,* 2011 WL 5202239, *2-3 (N.D. W.Va. Oct. 31, 2011). "Section 1452 allows a 'party' to remove an action when jurisdiction is based upon § 1334, while § 1441 allows a 'defendant or defendants' to remove a case based upon all other types of federal jurisdiction." *Fromhart,* 2011 WL 5202239 at *3.

19.   Similarly, Section 157 of Title 28 of the United States Code provides "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5).

20.   Accordingly, the NECC MDL Court has "related to" jurisdiction over all of the claims in this entire action pursuant to 28 U.S.C. § 1334(b). Additionally, venue is proper in either the United States District Court for the District of Maryland or the United States District Court for the District of Massachusetts under 28 U.S.C. § 157(b)(5). *In re New England*

*Compounding Pharm., Inc., Prods. Liab. Litig.,* 496 B.R. at 265-66 n.5; *see also* Memorandum of Decision, dated May 15, 2014 (Ex. D).

21.     Furthermore, this entire action shares questions of fact with other civil actions currently pending in, or being transferred to, MDL 2419, and must be transferred to the United States District Court for the District of Massachusetts pursuant to the Transfer Opinion and 28 U.S.C. § 1407.

22.     Upon removal of this case, Defendant Ameridose LLC will file a Notice of Tag Along with the JPML initiating the process for transfer to MDL No. 2419 pending in the United States District Court for the District of Massachusetts. This is also the district in which the Bankruptcy Proceeding is pending.

23.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiffs Belinda and Burton Dreisch and the other Defendants named in Plaintiffs' Complaint, and filed with the Clerk of Courts for the Circuit Court for Baltimore County.

24.     Ameridose does not need the consent of the other parties to remove this action. Pursuant to 28 U.S.C. § 1452, any one party has the right to remove a state court action without the consent of the other parties. *See also Creasy,* 763 F.2d at 660.

Dated: October 3, 2014                    AMERIDOSE LLC

                                          By Counsel

                                          _____
                                          Aaron L. Moore (Bar #29476)
                                          Goodell, DeVries, Leech & Dann, LLP
                                          One South Street, 20th Floor
                                          Baltimore, MD  21202
                                          Tel: (410) 783-4000
                                          Fax: (410) 783-4040
                                          Email: amoore@gdldlaw.com

                                          *Counsel for Defendant Ameridose LLC*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice of Removal* was served via regular

U.S. mail, on this 3rd day of October, 2014, to the following:

Peter G. Angelos
Patricia J. Kasputys
Sharon L. Houston
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street
22" Floor
Baltimore, MD 21201
Tel: (410) 649-2000
*Attorneys for Plaintiffs*

Roberto M. Braceras
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Tel:    (617) 570-1000
Fax:    (617) 523-1231
*Attorneys for Defendant UniFirst Corporation*

Frederick Fern
Alan M. Winchester
Judi Abbott Curry
Harris Beach PLCC
100 Wall Street New York, NY 10005
Tel: (212) 313-5402
Fax: (212) 687-0659
*Specially Appointed Counsel to the Chapter
11 Trustee of New England Compounding
Pharmacy, Inc. d/b/a New England
Compounding Center*

Catherine W. Steiner
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, MD 21204
Tel:    (410) 938-8800 ext.1045
Fax:    (410) 832-5693
*Attorneys for Defendants Ritu Bhambani, MD,
Ritu Bhambani, MD, LLC, and Box Hill
Surgery Center*

Aaron L. Moore
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20ᵗʰ Floor
Baltimore, MD 21202
Tel: (410) 783-4000
Fax: (410) 783-4040
Email: amoore@gdldlaw.com
*Counsel for Defendant Ameridose LLC*

8

4852-7068-5215, v. 1

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS
BELINDA L. DREISCH and BURTON J. DREISCH

**DEFENDANTS**
Box Hill Surgery Center, LLC, et al.

(b)   County of Residence of First Listed Plaintiff   Harford County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)   Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Peter G. Angelos, P.C., 100 North Charles Street,
22nd Flr., Baltimore, Maryland  21201; (410) 649-2000

Attorneys (If Known)
See Attachment.

## II.  BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Personal Injury

## VII.  REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   7$75,000.

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  10/02/2014  10/3/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# ATTACHMENT

Peter G. Angelos
Patricia J. Kasputys
Sharon L. Houston
Nathan W. Hopkins
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street
22nd Floor
Baltimore, MD 21201
Tel: (410) 649-2000
**Attorneys for Plaintiffs**

Catherine W. Steiner
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 400
Towson, MD 21204
**Attorneys for Ritu T. Bhambhani, M.D.,
Ritu T. Bhambhani, M.D., LLC and
Box Hill Surgery Center, LLC**

Roberto M. Braceras
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Tel: (617) 570-1000
Fax: (617) 523-1231
**Attorneys for Defendant
UniFirst Corporation**

Frederick Fern
Alan M. Winchester
Judi Abbott Curry
Harris Beach PLCC
100 Wall Street
New York, NY 10005
Tel: (212) 313-5402
Fax: (212) 687-0659
**Specially Appointed Counsel to the
Chapter 11 Trustee of New England
Compounding Pharmacy, Inc. d/b/a
New England Compounding Center**

Aaron L. Moore
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000 Tel.; (410) 783-4040 Fax
Email: amoore@gdldlaw.com
**Counsel for Defendant Ameridose LLC**

4841-0473-2959, v. 1

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Belinda L. Dreisch and Burton J. Dreisch | **DEFENDANTS**<br>Ameridose, LLC, et al. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of Peter G. Angelos, P.C.; 100 N. Charles St.,<br>22nd Flr., Baltimore, MD  21201; (410) 649-2000 | **ATTORNEYS** (If Known)<br>Aaron L. Moore, Derek M. Stikeleather, Goodell, DeVries,<br>Leech & Dann, LLC, One South Street, 19th Floor,<br>Baltimore, MD  21202  (410) 783-4000 |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Personal injury.

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge –§727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
          actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
          (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☒ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
          if unrelated to bankruptcy case)

---

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand  $ Greater than $75,000 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>New England Compounding Pharmacy, Inc. | BANKRUPTCY CASE NO.<br>No. 12-19882-HJB | |
| DISTRICT IN WHICH CASE IS PENDING<br>U.S. Bankruptcy Court for the District of Massachusetts | DIVISION OFFICE | NAME OF JUDGE<br>Rya W. Zobel |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Meghan Handy, Ind & as Surviving Child &<br>Personal Rep of Estate of Brenda Rozek, et al. | DEFENDANT<br>Ameridose, LLC | ADVERSARY<br>PROCEEDING NO.<br>14-00732 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>U.S. Bankruptcy Court for the District of Maryland | DIVISION OFFICE<br>Northern | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>10/3/2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Aaron L. Moore, Esquire, amoore@gdldlaw.com<br>Goodell, DeVries, Leech & Dann, LLP<br>One South St, 20th Flr, Baltimore, MD 21202 | |

## INSTRUCTIONS

      The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

      A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

      The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.