DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION )
_____ )   MDL No. 2419
                                          )   Dkt. No 1:13-md-2419 (RWZ)
THIS DOCUMENT RELATES TO: )
                                          )
Cases Naming Box Hill Surgery Center, LLC[1] )
                                          )

---

**BOX HILL DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO BOX HILL'S MOTION FOR RECONSIDERATION OF SUGGESTION OF REMAND**

---

Defendants Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively, the "Defendants" or "Box Hill Defendants") file this brief Reply to Plaintiffs' Opposition[2] to Box Hill Defendants' Motion for Reconsideration of its Motion to Remand the Box Hill Cases.[3] Defendants briefly clarify as follows:

1.    The Box Hill Defendants stand behind their previous arguments.

2.    Not surprisingly, Plaintiffs' Opposition does nothing to dispute Defendants' assertion that the law requires remand.

3.    Moreover, Plaintiffs' arguments rely on inaccurate facts and statements. In an effort to support their position opposing remand, the Plaintiffs attempt to distinguish the Box Hill cases from other MDL cases involving clinic-related defendants that were actually remanded. In doing so, the Plaintiffs rely on incorrect facts included in an Order proposed by the Plaintiffs'

---

[1] This pleading applies to the following cases: Handy v. Box Hill Surgery Center, LLC, et al. No: 1:14-cv-14019-RWZ; Armetta v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14022-RWZ; Torbeck v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14023-RWZ; Kashi v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14026-RWZ; Bowman v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14028-RWZ; Dreisch v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14029-RWZ; Davis v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14033-RWZ; Farthing v. Box Hill Surgery Center, LLC, et al. No. 1:14-cv-14036-RWZ

[2] Dkt. 3403.

[3] Dkt Nos. 3380, 3056, and 3056-1.

Steering Committee ("PSC") and signed by the Court on August 25, 2016. The quoted language from that Order is as follows:[4]

> While the cases against certain Tennessee and Maryland clinics were (and continue to be) actively litigated in the MDL, no other cases against Clinic-Related Defendants similarly advanced, simply because they were not progressed enough or numerous enough to actively litigate efficiently in the MDL. At this point, there is no more common discovery concerning these other Clinic-Related Defendants for the MDL Court to oversee; only case-specific fact and expert discovery remain. Therefore, for all other remaining Clinic-Related Defendants (all of whom have four or fewer cases naming them as defendants in the MDL) the Court entered a stay of discovery though September 1, 2016.[5]

4.      Ironically, the Box Hill Defendants previously expressed its concern about this very same language included in the Order since it was clearly inaccurate and obviously misrepresented the procedural history of the Premier (NJ) cases.[6] As has been noted numerous times, the Premier Defendants (from New Jersey), whose 50-plus cases were remanded to New Jersey by the very same Order, were at the exact same stage of discovery and following the exact same discovery Order and deadlines as the Box Hill parties at the time when the Premier cases were remanded.[7]

5.      The Box Hill Defendants warned that failure to correct the above misrepresentations risked later confusion and misrepresentation of the procedural history of the MDL.[8]  Box Hill's request to correct the facts was ignored and, sure enough, Plaintiffs now reference the same inaccurate information in their Opposition in a disingenuous attempt to persuade the Court.

---

[4] Dkt. 3403 at 5-7 (citing Order found at Dkt. 3076 at 8).
[5] *Id.*
[6] Dkt. 3066.
[7] Dkt. 2851 (Order setting exactly identical discovery deadlines for both Premier and Box Hill cases dated May 5, 2016).
[8] Dkt. 3066.

6.      As has previously been made clear, the ONLY legitimate reason for remanding the Premier cases that was different from the Box Hill cases was that all Premier parties agreed to remand. The Court's remand of the identically postured Premier cases made insincere any argument that keeping the Box Hill Defendants (and their 8 cases) in this MDL was somehow necessary to serve important interests of justice, to address some global effect on the MDL, that there was still some role for the Court to play, or that there were any legitimate jurisdictional benefits to trying a case in the U.S. District Court for the District of Massachusetts instead of where the cases were originally filed. Any of these arguments would have equally applied to the Premier cases, which were nevertheless remanded. If those factors still genuinely existed, then the PSC and the Court would have refused to remand the 50-plus Premier cases which were in an identical position as Box Hill at the time.

7.      The whole purpose of the MDL was to consolidate hundreds of cases for purposes of common pretrial litigation. That function has passed. The PSC's failure to endorse remand of the Box Hill cases is shocking, since the PSC argued at the April 2017 Status Conference that the MDL has run its course and will soon be wrapped up.

8.      The Court should not be forced to search for a thread connecting the Box Hill cases to trial in this Court, especially since the Court did not find reason to connect any other since-remanded cases. Ignoring the overwhelming weight of evidence favoring trial in Maryland over trial in Massachusetts creates a substantial burden when the MDL is intended to create judicial efficiency. Accordingly, the Box Hill Defendants respectfully request an Order recommending to the JPML that the Box Hill cases are proper for remand, and then refrain from further involvement. The Court has already acknowledged its obligation to remand. If the Court is unwilling to directly divest itself of involvement, then remand will offer an opportunity for

Plaintiffs to petition this Court to regain jurisdiction/venue, if they still wish to do so. The Court can then perform a case-specific, individualized §157(b)(5)/§1404 analysis and remand pursuant to §1404. Depending on the outcome, any necessary appeals can be made in due course and not on the eve of trial. Based on that analysis and the factors cited herein, the Court must reach one logical conclusion: Trial of the Box Hill cases in Maryland is either required, or is the most convenient, efficient, practical, and fair approach for the litigants.

WHEREFORE, following remand to Maryland, the Court should either (1) not act on venue so as to allow the cases to proceed to trial in Maryland, or (2) set venue pursuant to §157(b)(5) in Massachusetts and then transfer the cases to Maryland via 28 USC §1404.

Respectfully submitted,

/s/ Gregory K. Kirby
Catherine W. Steiner
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C.,
Ritu T. Bhambhani, M.D., and Ritu T.
Bhambhani, M.D., L.L.C.***

## CERTIFICATE OF SERVICE

I, Gregory K. Kirby, hereby certify that a copy of the foregoing, filed through the CM/ECF system, will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the plaintiffs in the individual cases, and will be sent to these parties by operation of the CM/ECF system this 5th day of June, 2017.


Dated: June 5, 2017                    */s/* Gregory K. Kirby
                                       Catherine W. Steiner
                                       Gregory K. Kirby
                                       Pessin Katz Law, P.A.
                                       901 Dulaney Valley Road, Suite 500
                                       Towson, Maryland  21204
                                       (410) 938-8800
                                       ***Attorneys for Box Hill Surgery Center, L.L.C.,***
                                       ***Ritu T. Bhambhani, M.D., and Ritu T.***
                                       ***Bhambhani, M.D., L.L.C.***