UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions Naming The Saint Thomas Outpatient Neurosurgical Center | |

**MOTION FOR DISBURSEMENT OF
SAINT THOMAS QUALIFIED SETTLEMENT FUND ADMINISTRATIVE EXPENSES**

As the Court is well aware, the Plaintiffs' Steering Committee and the defendants involved in cases stemming from injections at the Saint Thomas Outpatient Neurosurgical Center (the "Saint Thomas Defendants") reached a global settlement involving all cases in September of 2016 (the "Saint Thomas Settlement").

Pursuant to the terms of the Saint Thomas Settlement Claims Resolution Facility Procedures (the "Matrix") which was incorporated into the Master Settlement Agreement governing the Saint Thomas Settlement, the administrative expenses to administer the fund are to be paid from the Saint Thomas Settlement. To date, two types of administrative expenses have been incurred and the present Motion seeks an order from this Court allowing the payment of these administrative expenses.

   1. **Payment To Claims Administrator In The Amount of $60,000.**

The Claims Administrator performed the following functions: 1) created a matrix for allocation of the Saint Thomas Settlement Fund; 2) collected and review individual claimant submissions for allocation of points pursuant to the matrix; and 3) made a final award determination for each individual claimant to be used in allocating the monies from the Saint Thomas Settlement (the "Qualified Settlement Fund" or "QSF").

The PSC hired Dan Balhoff of the firm Perry Dampf Dispute Solutions in Baton Rouge to act as Claims Administrator after soliciting bids from various sources for this work. Mr. Balhoff agreed to perform these functions for a flat $60,000 fee. This was the lowest bid the PSC received.

In April of 2017 Mr. Balhoff completed his work as the Claims Administrator and sent final determination letters to each individual claimant. No claimant appealed Mr. Balhoff's determination, which speaks to the thoroughness and completeness of Mr. Balhoff's efforts.

As a result, the PSC respectfully requests that the Court enter an order allowing Mr. Balhoff's fee to be paid from the Saint Thomas Settlement Fund, consistent with the terms of the Matrix. A copy of Mr. Balhoff's invoice is attached as Exhibit A.

**2. Payment to Escrow Agent In the Amount of $39,375.51.**

In addition to the Claims Administrator, a payment administrator and escrow agent was needed to administer the QSF. The PSC hired Epiq Systems, Inc. ("Epiq") as the escrow agent given its familiarity with the claimants and the present litigation (Epiq had previously acted as Settlement Administrator with regard to the NECC Tort Trust claims process).[1]

Epiq provides the following services: 1) set up and established the escrow account with the bank holding the funds; 2) aid in the payment of individual awards to individual claimants by cutting checks and mailing checks to individual claimants; 3) aid in lien clearance and help ensure that claimants have satisfied certain lien obligations prior to payments to individual

---

[1] The PSC has previously submitted to the Court the Escrow Agent Agreement that governs Epiq's work as Fund Administrator and Escrow Agent. Dkt. No. 3318. The Court approved the creation of the Qualified Settlement Fund, which allowed the funding of the Qualified Settlement Fund by the Saint Thomas Defendants. Dkt. No. 3330.

claimants;[2] and 4) fields questions and emails from claimants and claimants' counsel on status of payment, lien resolution, and administration.[3]

To date, Epiq has made payments to 90 of the 114 individuals covered by the Saint Thomas Settlement. Unlike the Claims Administrator, Epiq's work is therefore not yet complete and the PSC reasonably anticipates additional invoices from Epiq before it completes its work as the escrow agent for the QSF.

Nevertheless, the PSC respectfully requests that the Court authorize payment of $39,348.11 for the work and expenses incurred by Epiq to date in its role as escrow agent for the QSF. A declaration from Epiq's project manager detailing Epiq's work as escrow agent is attached as Exhibit B.[4]

A proposed order granting the present motion is attached as Exhibit C.


Dated: June 28, 2017                                     Respectfully submitted,

                                                         **/s/ Benjamin A. Gastel**
                                                         J. Gerard Stranch, IV
                                                         Benjamin A. Gastel
                                                         BRANSETTER, STRANCH &
                                                         JENNINGS PLLC
                                                         223 Rosa Parks Ave., Suite 200
                                                         Nashville, TN  37203
                                                         Phone: (615) 254-8801
                                                         Fax: (615) 255-5419
                                                         gerards@branstetterlaw.com
                                                         beng@bsjfirm.com

---

[2] It should be noted that Benjamin A. Gastel from the law firm of Branstetter, Stranch, and Jennings also aids with this lien clearance. Mr. Gastel is not seeking payment of any fees for his time in this effort as part of this Motion.

[3] *See* Exhibit B, Declaration of Steve Gassert.

[4] Epiq's actual invoices contains potentially proprietary and confidential information. To avoid having to make this filing under seal, the PSC elected to have Mr. Gassert execute a declaration to exclude from the public filing any potential proprietary and confidential information.

Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.

>Roanoke, Virginia 24016
>Phone: (540) 342-2000
>pfennell@crandalllaw.com
>
>Mark Zamora
>ZAMORA FIRM
>6 Concourse Parkway, 22nd Floor
>Atlanta, GA 30328
>Phone: (404) 451-7781
>Fax: (404) 506-9223
>mark@markzamora.com
>
>*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 28, 2017                      **/s/ Benjamin A. Gastel**
                                          Benjamin A. Gastel