## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| | ) |
| _____ | ) |
| | ) |
| This Document Relates to Suits Naming: | ) |
| | ) |
| All Cases Pending Against The Saint Thomas Outpatient Neurosurgical Center | ) ) |
| | ) |

**MDL No. 2419**

**Dkt. No. 1:13-md-2419-RWZ**

## UNOPPOSED MOTION TO SEAL
## PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT MOTION FOR DISTRIBUTION OF COMMON BENEFIT FEES AND EXPENSES RELATED TO SAINT THOMAS CASES AND THEREOF

Under Local Rule 83.6.11, the Plaintiffs' Steering Committee on behalf of plaintiffs with claims against the Saint Thomas Outpatient Neurosurgical Center, LLC; Howell Allen Clinic, a Professional Corporation; John Culclasure, MD; Debra Schamberg, RN; Saint Thomas West Hospital, formerly known as St. Thomas Hospital; Saint Thomas Network; Saint Thomas Health; Ascension Health; and Ascension Health Alliance (collectively the "Nashville Healthcare Defendants"), having reached aggregate settlement agreements with the Nashville Healthcare Defendants in this matter hereby move this Court to allow the PSC to file under seal a Motion To For Distribution of Common Benefit Fees and Expenses Related to the Saint Thomas Cases and the Memorandum of Law In Support Thereof.  The PSC respectfully states as follows:

1.      By sealed order, the Court previously created the Saint Thomas Qualified Settlement Fund.  Dkt. No. Dkt. No. 3331.

2.      The Saint Thomas Qualified Settlement Fund is subject to a potential common benefit assessment under MDL Order No. 8.  Dkt. No. 1333.

3.      In moving the Court for such an assessment, the PSC will need to disclose the amount of the Saint Thomas Qualified Settlement Fund.  The Nashville Healthcare Defendants have insisted on the confidentiality of the amount of the Saint Thomas Qualified Settlement Fund and have indicated a strong interest in maintaining the confidentiality of this information.

4.      Under Local Rule 83.6.11, the Court has the discretion "due to exceptional circumstances presented in the case" to seal documents that are "not [to] be disclosed in the interests of justice."

5.      It is a well established part of American jurisprudence to keep settlement documents confidential and "the district court may seal documents in order to foster settlement." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856, 858 (2d Cir. 1998) (noting disclosure of settlement negotiation documents would be likely to "impair materially the trial court's performance of its Article III function of crafting a settlement of this case").   As one Circuit Court has held:

> There is no question that fostering settlement is an important Article III function of the federal district courts. Every case must be dropped, settled or tried, and a principle function of a trial judge is to foster an atmosphere of open discussion among the parties' attorneys and representatives so that litigation may be settled promptly and fairly so as to avoid the uncertainty, expense and delay inherent in at trial.

*Id*. at 858 (footnote omitted); *see also See Conservation Law Foundation of New England, Inc. v. Franklin,* 989 F.2d 54, 59 (1st Cir. 1993) (recognizing that the courts have a "strong and clear policy in favor of encouraging settlements") (internal quotations omitted).

6.      The importance of honoring the confidentiality of private settlements is elevated in MDLs such as the one here.  *Glens Falls*. 160 F.3d at 856-57 ("[W]here a case is complex and expensive and resolution of the case will benefit the public, the public has a strong interest in settlement.  The trial court must protect the public interest as well as the interests of the parties,

by encouraging the most fair and efficient resolution.")

7.      Consistent with this principle, courts in complex litigation and MDLs routinely allow documents related to the establishment of qualified funds to be filed and remain under seal. *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016) (sealing settlement agreement and appointment agreements (similar to the escrow agreement here) in establishing a qualified settlement fund because the court was "mindful that MDL courts have kept similar materials under seal…"); *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 256 F.R.D. 124, 126 (S.D.N.Y. 2004) (ordering that names of individuals participating in the settlement process and the awards of the appointed special master be kept confidential, and ordering any documents filed with the Court concerning the settlement process be filed under seal); *In re: Depuy Orthopaedics, Inc., ASR Hip Implant Prod. Liab. Litig.*, 1:10-md-02197, Case Management Order No. 20: Procedure for Filing Qualified Settlement Fund Motions, Docket No. 698 (N.D. Ohio June 4, 2014) (ordering that motions to establish a QSF, and any accompanying documents, be filed under seal) (attached hereto as Exhibit 1).

8.      The PSC has conferred with the Nashville Healthcare Defendants, and they do not oppose, and in fact insist upon, filing the Memorandum of Law In Support Of Motion for Distribution of Common Benefit Fees and Expenses Related to Saint Thomas Cases under seal.

9.      A copy of the redacted form of the Memorandum of Law in support of the Saint Thomas Common Benefit Motion is attached hereto as Exhibit 1, and an unsealed document will be delivered to the Court Clerk consistent with Local Rule 83.6.11.  An unsealed version of this Memorandum of Law has also been served on counsel of record in the Saint Thomas Cases and circulated to such counsel prior to filing for comment.

**WHEREFORE**, the Settlement Plaintiffs respectfully request that the Court grant this Motion to Seal and thereafter immediately take up the issues raised in the Motion for Distribution

of Common Benefit Fees and Expenses Related to Saint Thomas Cases.

Respectfully Submitted, this 30th day of June, 2017,

**Plaintiffs' Steering Committee**

By: _/s/  **J. Gerard Sranch, IV**_

J. Gerard Stranch, IV
Benjamin A. Gastel
Anthony A. Orlandi
BRANSTETTER, STRANCH &
JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone:  615/254-8801
Facsimile:  615/255-5419
gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com
*Plaintiffs' Steering Committee and TN Chair*

Thomas M. Sobol
Kristen Johnson Parker
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone:  617/482-3700
Facsimile:  617/482-3003
tom@hbsslaw.com
kristenjp@hbsslaw.com

*Plaintiffs' Lead Counsel*

Annika K. Martin
Mark P. Chalos
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson  Street, 8th Floor
New York, NY  10013
Telephone:  212/355-9500
Facsimile:  212/355-9592
akmartin@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Telephone:  248/557-1688

Facsimile:  248/557-6344
marc@liptonlaw.com

Kimberly A. Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone:  617/933-1265
kdougherty@myadvocates.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Telephone:  404/451-7781
Facsimile:  404/506-9223
mark@markzamora.com

Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, VA 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

  I, Benjamin A. Gastel, hereby certify that on the June 30, 2017, the foregoing document was served via the Court's CM/ECF system on all counsel of record in the above-styled action.




           <u>s/ J. Gerard Stranch, IV</u>
           J. Gerard Stranch, IV