UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Case No. 1:14-cv-13509-RWZ | MDL No. 1:13-md-2419-RWZ |

**PETITION FOR ENTRY OF AN ORDER OF PUBLICATION AND FINAL APPROVAL OF DISTRIBUTION OF WRONGFUL DEATH SETTLEMENT PROCEEDS PURSUANT TO VA. CODE § 8.01-55**

Petitioner Tosha Andrews, personal representative and duly qualified Administrator of the Estate of Sara D. Culp, also known as Sara D. Andrews, deceased ("Sara Andrews" or "decedent"), by counsel, respectfully petitions this Court to enter and order of publication pursuant to Va. Code § 8.01-316, and to enter an order adjudicating and ordering the final distribution of the proceeds of a settlement in this wrongful death case to the statutory beneficiaries and others pursuant to Va. Code § 8.01-55.  The settlement of this wrongful death case was previously approved by this Court in an order entered as of July 9, 2015 [Doc. 26].  A proposed order of publication is attached hereto as Exhibit A, and a proposed order adjudicating and ordering final distribution of the settlement proceeds is attached hereto as Exhibit B.

A.   Petitioner and Statutory Beneficiaries.

1. The Petitioner is Tosha Andrews, granddaughter of the decedent who died on December 15, 2013.

2. On January 2, 2014 the Petitioner duly qualified as Administrator of the Estate of Sara D. Culp a/k/a Sara D. Andrews in the Circuit Court for the City of Roanoke, Commonwealth of Virginia.

3. This case was originally filed in the Circuit Court for the City of Roanoke in the Commonwealth of Virginia on May 6, 2014 and was assigned case number CL14-923. On May 15, 2014 the case was removed to the United States District Court for the Western District of Virginia and assigned case number 7:14-cv-00253. After the entry of an order on August 12, 2014, by the Judicial Panel on Multidistrict Litigation ruling on a motion to transfer, this case was transferred to this court by further order dated August 18, 2014, entered in the United States District Court for the Western District of Virginia.

4. Virginia Code §§ 8.01-50, et seq. (entitled "Death by Wrongful Act")(collectively, the "Act") govern causes of action for death by wrongful act in the Commonwealth of Virginia, as well as the determination of damages and their distribution among beneficiaries determined according to the Act. The following statutes are part of the Act:

    a. Virginia Code § 8.01-53 provides in pertinent part as follows:

> A. The damages awarded pursuant to § 8.01-52 [addressing the types of damages that may be awarded to the estate of a decedent for death by wrongful act] shall be distributed as specified under § 8.01-54 to (i) the surviving spouse, children of the deceased and children of any deceased child of the deceased, . . .[1]

    b. Virginia Code § 8.01-54 provides in pertinent part as follows:

> A. The verdict may and the judgment of the court shall in all cases specify the amount or the proportion to be received by each of the beneficiaries, if there be any. . . .
>
> . . . .
>
> C. The amount recovered in any such action shall be paid to the personal representative who shall first pay the costs and reasonable attorney's fees and then distribute the amount specifically allocated to the payment of hospital, medical and funeral expenses. The remainder of the amount recovered shall thereafter be distributed by the

---

[1] Va. Code § 8.01-53(A)(i).

2

        personal representative, as specified in subsections A and B above, to the beneficiaries set forth in § 8.01-53: . . .[2]

    c.    Virginia Code § 8.01-55 provides in pertinent part as follows:

        . . . The court shall require the convening of the parties in interest in person or by their authorized representative, but it shall not be necessary to convene grandchildren whose living parents are made parties to the proceeding. The parties in interest shall be deemed to be convened if each such party (i) endorses the order by which the court approves the compromise or (ii) is given notice of the hearing and proposed compromise as provided in § 8.01-296 if a resident of the Commonwealth or as provided in § 8.01-320 if a nonresident, or is otherwise given reasonable notice of the hearing and proposed compromise as may be required by the court.

        If the court approves the compromise, and the parties in interest do not agree upon the distribution to be made of what has been or may be received by the personal representative under such compromise, or if any of them are incapable of making a valid agreement, the court shall direct such distribution as a jury might direct under § 8.01-52 as to damages awarded by them. In other respects, what is received by the personal representative under the compromise shall be treated as if recovered by him in an action under § 8.01-52.[3]

In short, Virginia statute requires the court to convene a hearing and determine the final distribution of funds obtained pursuant to claims for death by wrongful act, among statutory beneficiaries. In any case in which the statutory beneficiaries do not agree upon the distribution, the Court shall direct the amounts to be distributed to the various beneficiaries.

    5.    When this case was initially filed in 2014 Counsel for decedent's estate understood based on evidence then available that there were seven (7) statutory beneficiaries of the decedent's wrongful death estate. Recently, counsel received information that there could be additional, previously unidentified statutory beneficiaries. As a result of this new information,

---

[2] Va. Code §§ 8.01-54(A) and (C).
[3] Va. Code § 8.01-55.

3

counsel undertook an extensive investigation with the assistance of a private investigator to identify and locate additional statutory beneficiaries. The investigation involved the following efforts to locate additional beneficiaries:

    a. Interviews with known statutory beneficiaries;

    b. Numerous internet and database searches for leads that might result in contact with potential statutory beneficiaries;

    c. Searches of web-based social networking platforms such as Facebook;

    d. Searches of newspaper archives and obituaries; and

    e. Letters to last known addresses of potential statutory beneficiaries.

6. As a result of the investigation, pursuant to Va. Code § 8.01-53 there are 12 confirmed statutory beneficiaries of the wrongful death estate of Sara Andrews. Their names and relations to the decedent are on the chart attached hereto as <u>Exhibit C</u>. All known statutory beneficiaries are either surviving children of the decedent, or surviving grandchildren of the decedent whose parent has deceased. The decedent was not married at the time of her death.

7. The list of statutory beneficiaries contained in <u>Exhibit C</u> may be considered exhaustive and conclusive with one exception:

    a. A certain William Dale Andrews, Jr., possibly a surviving child of the decedent. Counsel's investigation included following leads on William Dale Andrews, Jr.'s possible location in various states including Missouri, Montana and Arizona. A database search of the name "William Andrews" results in over 500,000 potential contacts, but the best information available is that William Dale Andrews, Jr. may reside in Tempe, Arizona. However, calls to possible telephone numbers, letters to a possible address, and reviews of Facebook have been unsuccessful in establishing contact with, or confirming a location for,

William Dale Andrews.  Based on information available it is nearly impossible to say whether William Dale Andrews, Jr., a child of the deceased, is still alive and, if so, where he is located. [4]

8.  Mr. Rodney Andrews, a statutory beneficiary of the decedent's estate, is a person under a disability within the meaning of Va. Code §§ 8.01-9 and 297.  Accordingly, in this proceeding, John Eure, Esq., a discreet and competent attorney licensed to practice law in the Commonwealth of Virginia, was previously appointed by this Court to serve as Guardian ad litem for Rodney Andrews and continues to serve as such as of the date of the filing of this Petition.

B.  Service of Process.

9.  Each known statutory beneficiary will be served pursuant to the requirements of Virginia statute with a copy of this Petition along with a notice of the hearing (date, time and location and, with the court's permission for statutory beneficiaries to appear by telephone, a dial-in number and pass code for a conference call, and the opportunity to be heard), and a copy of the proposed final order.

10.  Petitioner intends to obtain service of process upon William Dale Andrews, Jr. pursuant to Va. Code § 8.01-316, which allows service by publication as follows, in pertinent part:

> A. Except in condemnation actions, an order of publication may be entered against a defendant in the following manner:
>
> 1. An affidavit by a party seeking service stating one or more of the following grounds:
>
> . . . .
>
> b. That diligence has been used without effect to ascertain the location of the party to be served; . . . [5]

---

[4]  A search of the Social Security Death Index fails to confirm the death of a William Dale Andrews.

Accordingly, Counsel's affidavit supporting a request for entry of an order of publication is attached hereto as Exhibit D.

        11.      Va. Code § 8.01-317 further provides in pertinent part as follows:

> Except in condemnation actions, every order of publication shall give the abbreviated style of the suit, state briefly its object, and require the defendants, or unknown parties, against whom it is entered to appear and protect their interests on or before the date stated in the order which shall be no sooner than fifty days after entry of the order of publication.  Such order of publication shall be published once each week for four successive weeks in such newspaper as the court may prescribe, or, if none be so prescribed, as the clerk may direct, and shall be posted at the front door of the courthouse wherein the court is held;
> … The clerk shall cause copies of the order to be so posted, mailed, and transmitted to the designated newspaper within twenty days after the entry of the order of publication. Upon completion of such publication, the clerk shall file a certificate in the papers of the case that the requirements of this section have been complied with.  Provided, the court may, in any case deemed proper, dispense with such publication in a newspaper.  The cost of such publication shall be paid by the petitioner or applicant.[6]

C.     Liens.

        12.      The only known liens associated with the settlement proceeds are the following:

| | | |
|---|---|---|
| a. | Medicare Advantage | $84,386.81 |
| b. | Commonwealth of Virginia Department of Medical Assistance Services (Virginia Medicaid) | $24,458.42 |

D.     Set Aside for Additional Expenses.

       13.      Counsel for the Estate anticipates that additional expenses will be incurred in order to obtain service of process on all statutory beneficiaries, including the cost of publication

---

[5] Va. Code § 8.01-316(A)(1)(b).
[6] Va. Code § 8.01-317.

of the Order of Publication in the Roanoke Times, and potentially for travel expenses if counsel determines it necessary or appropriate to appear for a hearing in Boston in person ("Additional Expenses"). Counsel proposes to set aside from the settlement proceeds $5,000.00 to pay the Additional Expenses ("Set Aside for Additional Expenses").[7]

E.    Distribution of proceeds.

14.    After payment of attorney fees, expenses, and liens, and subtraction of the Set Aside for Additional Expenses, approximately $416,225.92 will remain in the estate for distribution among the statutory beneficiaries.

15.    The statutory beneficiaries are unable to reach agreement regarding the distribution among themselves of the proceeds of the settlements obtained on behalf of the Estate, and it is counsel's understanding that some of the statutory beneficiaries intend to exercise their right be heard on this issue. On this issue, counsel for the estate has been and remains neutral, but offers the following information for the Court's consideration:

a.    Statutory beneficiary Tosha Andrews ("Ms. Andrews") is a surviving grandchild of the decedent. Ms. Andrews' parent, Debbie Denise Andrews, is deceased, which makes Tosha Andrews a statutory beneficiary of her grandmother's estate. Ms. Andrews was attorney-in-fact for her grandmother, Sara Andrews, starting in 2003. Between June 29, 2012 when Sara Andrews received her first injection of contaminated steroid, and December 15, 2013 when Sara Andrews died from injuries arising from the steroid injections (which included lengthy stays at several healthcare facilities), Tosha Andrews remained, and was the person primarily, involved in her grandmother's life and medical care. Tosha Andrews took care of her grandmother's needs (other than direct medical care) throughout her grandmother's final months

---

[7] Any amount of the Set Aside for Additional Expenses not expended will be reimbursed to the Estate and paid out to the statutory beneficiaries in accordance with the Court's order.

7

before her death.  A copy of the Power-of-Attorney by which Tosha Andrews became attorney-in-fact for her grandmother is attached hereto as <u>Exhibit E</u>.

        b.      On January 2, 2014 Ms. Andrews was appointed Administrator of Sara Andrews' Estate, and has served as the personal representative of the Estate from then through the present, assuming primary responsibility for pursuing legal claims for Sara Andrews' wrongful death.  As personal representative of the Estate, Ms. Andrews has worked with counsel during the entire 4½ years to ensure that the claims were pursued diligently and that Sara Andrews' Estate received a fair settlement.  A copy of Tosha Andrews' appointment as Administrator of her grandmother's estate is attached hereto as <u>Exhibit F</u>.

F.    <u>This Court has already approved the Settlement Agreement, subject to a final distribution order</u>.

    16.    On July 9, 2015, this Court approved the underlying Settlement Agreement, subject only to entry of a final distribution order approving the distributions to be made from the settlement proceeds.  The proposed order attached hereto as <u>Exhibit B</u> accomplishes this.

G.    <u>Relief Requested</u>.

    17.    The Petitioner respectfully asks the Court to do the following:

        a.      Assign a hearing date and time no sooner than fifty days from the date of entry of the order of publication, and assign a dial-in number and pass code for those who wish to appear by telephone.

        b.      Enter the Order of Publication attached hereto as <u>Exhibit A</u>, with the Notice of Hearing attached,[8] and request that the Clerk of the Circuit Court for the City of Roanoke, Virginia make arrangements for its publication in the Roanoke Times, and that the Clerk of such Court, and the Clerk of this Court, post the Order pursuant to Va. Code § 8.01-317

---

[8] Counsel will file a Notice of Hearing once the Court assigns a hearing date and time.

with the Notice of Hearing attached and, when publication is complete issue to Counsel a certificate of compliance therewith.[9]

    c.    Allocate the net settlement proceeds after payment of attorney fees, costs and expenses, and liens, among the statutory beneficiaries as the court deems appropriate.

    d.    Enter the proposed order attached hereto as <u>Exhibit B</u>.

Date:  July 20, 2017                                   Respectfully Submitted

/s/Patrick T. Fennell
Patrick T. Fennell, VSB 40393
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

Counsel for Tosha Andrews, Administrator of the Estate Sara D. Culp, also known as Sara D. Andrews, deceased

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which then sent a notification of electronic filing (NEF) to counsel of record.

                                                                         /s/Patrick T. Fennell

---

[9] Upon receipt of such certificates, Counsel with file the same on this court's docket for this case.