UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Case No. 1:14-cv-13509-RWZ | )<br>)<br>)<br>)  MDL No. 1:13-md-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

**FINAL ORDER APPROVING WRONGFUL DEATH DISTRIBUTIONS AND DISMISSING THE CASE WITH PREJUDICE**

Petitioner Tosha Andrews, Administrator of the Estate of Sara D. Culp, also known as Sara D. Andrews, deceased, by counsel, pursuant to Va. Code § 8.01-55, requests the Court's entry of an order approving the distribution of Settlement Proceeds among the Statutory Beneficiaries and others as reflected in her Petition for Final Approval of Distribution of Wrongful Death Settlement Proceeds Pursuant to Va. Code § 8.01-55 (the "Petition).

Upon consideration of the Petition, the evidence heard in open court and by telephone, and for good cause shown, the Court finds and orders the following:

1. The Court has previously approved the underlying settlement of the Petitioner's claims, subject only to a final order regarding distribution of the settlement proceeds. The Petitioner's claims under applicable settlement agreements have been processed, and funds have been awarded to Petitioner for payment to the Statutory Beneficiaries, subject to applicable attorney fees, costs and expenses, and liens.

2. The Court finds the following:

   a. The Court hereby finds that the efforts of the Administrator of the Estate and her counsel to identify and locate all potential statutory beneficiaries of this wrongful death

estate have been reasonable and sufficient under the circumstances of this case. Further, the Court finds that the Petitioner has provided proper notice to the potential beneficiaries as required by law. Each statutory beneficiary has had the opportunity to state their position orally and in writing as to the amount of the settlement that should be awarded to them.

      b.    The Court hereby finds that the chart attached to the Petition as <u>Exhibit C</u> represents a complete list of known statutory beneficiaries for the purposes of determining the proper distribution of the settlement funds in this case.

      c.    The Court hereby finds the attorney fees and expenses, to be paid as ordered below, to be fair and reasonable under the circumstances of this case.

      d.    The Court hereby finds the fees and expenses of Mr. Rodney Andrews' court-appointed Guardian *ad litem*, to be paid as ordered below, to be fair and reasonable under the circumstances of this case. The Court hereby orders that such fees and expenses shall be paid solely from Rodney Andrews' portion of the settlement proceeds.

4.    The Petitioner has received final payment letters from two agencies with valid and enforceable liens against the settlement proceeds; Medicare Advantage (managed by Rawlings & Co., Inc.) and the Commonwealth of Virginia Department of Medical Assistance Services (Virginia Medicaid), which provided healthcare services to the Petitioner's decedent prior to her death. The amounts of those liens are the following:

      a.    Medicare Advantage (Rawlings):    $84,386.81

      b.    Virginia Medicaid:    $24,458.42

5.    The Tort Trustee is hereby ordered to make distribution of the settlement proceeds as follows:

a.  To Crandall & Katt and Tosha Andrews, Administrator of the Estate of Sara Andrews, deceased: $916,951.46, this amount to be further apportioned by Crandall & Katt as follows:

   (i)  $366,780.58 to Crandall & Katt in payment of its attorney fees;

   (ii)  $_____ to Crandall & Katt in payment of its expenses associated with this case;

   (iii)  $84,386.81 to Medicare Advantage, in payment of its lien;

   (iv)  $24,458.42 to the Commonwealth of Virginia Department of Medical Assistance Services in payment of its lien.

   (v)  $_____ to Tosha Andrews in payment of her portion of the proceeds as Statutory Beneficiary (subject to repayment of pre-settlement loans);

   (vi)  $_____ to Brandon Andrews in payment of his portion of the proceeds as Statutory Beneficiary;

   (vii)  $_____ to Nina Andrews in payment of her portion of the proceeds as Statutory Beneficiary;

   (viii)  $_____ to Rodney Andrews in payment of his portion of the proceeds as Statutory Beneficiary (subject to payment of reasonable expenses in the amount of $_____ and reasonable fees in the amount of $_____ for his Guardian ad litem);

3

  (ix) $_____ to Roger Culp in payment of his portion of the proceeds as statutory beneficiary;

  (x) $_____ to Joseph Andrews in payment of his portion of the proceeds as statutory beneficiary;

  (xi) $_____ to William Dale Andrews, Jr. in payment of his portion of the proceeds as statutory beneficiary;

  (xii) $_____ to Charles E. Andrews in payment of his portion of the proceeds as statutory beneficiary;

  (xiii) $_____ to Alexis Andrews in payment of her portion of the proceeds as statutory beneficiary;

  (xiv) $_____ to Laura Jennings in payment of her portion of the proceeds as statutory beneficiary;

  (xv) $_____ to Cassie Jennings in payment of her portion of the proceeds as statutory beneficiary;

  (xvi) $_____ to Corey Jennings in payment of her portion of the proceeds as statutory beneficiary; and

  (xvii) $_____ to Michael Gilmer in payment of his portion of the proceeds as statutory beneficiary.

 b. Any future payments to the Estate of Sara Andrews, deceased, after payment of additional attorney fees, expenses and liens (if any), shall be distributed among the foregoing statutory beneficiaries in the same proportion as those payments reflected above.

 c. Any individuals who may otherwise be entitled to a share of the proceeds of the settlement funds as a statutory beneficiary, but whose identity and/or location remains

unknown despite the efforts of the Administrator and Counsel to locate and provide direct notice of the hearing on the distribution of the settlement proceeds to such potential statutory beneficiaries, shall receive $0.00 in payment of their portion of the proceeds.

6. The Petitioner's lawsuits against any and all defendants in the settlements are hereby DISMISSED WITH PREJUDICE, with all parties bearing their own costs and expenses.

ENTER, this _____ day of _____, 2017.

_____
United States District Court Judge

I request entry of this order:

/s/Patrick T. Fennell
Patrick T. Fennell, VSB 40393
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone: 540/342-2000
Facsimile: 540/400-0616
pfennell@crandalllaw.com

Counsel for Tosha Andrews, Administrator
of the Estate of Sara Andrews, deceased.