# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ) <br> *Simas v. Abdul R. Barakat, M.D., and* ) <br> *Ocean State Pain Management, P.C.* ) <br> 1:13-cv-10943-RWZ ) <br> ) <br> *Schmiedeknecht v. Abdul R. Barakat, M.D., and* ) <br> *Ocean State Pain Management, P.C.* ) <br> R.I. Super. Ct. Civil Action No. PC-2013-3207 ) <br> (Intervening Defendants*)* ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**MOTION OF THE DEFENDANTS, OCEAN STATE PAIN MANAGEMENT, P.C., AND ABDUL R. BARAKAT, M.D., TO INTERVENE IN THE MDL AND REQUEST FOR CLARIFICATION OF THE COURT'S JULY 5, 2017 ORDER**

The defendants, Abdul R. Barakat, M.D. (hereinafter, "Dr. Barakat"), and Ocean State Pain Management, P.C. (hereinafter, "Ocean State"), as parties to pending Rhode Island Superior Court Civil Action No. PC-2013-3207, *Patricia Schmiedeknecht and Wayne Schmiedeknecht, Sr., Individually and as p.p.a. Grace E. Schmiedeknecht, a minor, and Allison K. Newcum v. Abdul R. Barakat M.D., Ocean State Pain Management, P.C., Rex Appenfeller, Anchor Medical Associates, P.C., and Lifespan MSO, Inc.* (hereinafter, "the *Schmiedeknecht* matter"), respectfully move to intervene, to the extent necessary, in this action for the limited purpose of requesting clarification of this Court's Order from July 5, 2017 denying the Tennessee Clinic

2

Defendants' Motion for Clarification.[1]  In support of this motion, the defendants state the following:

## BACKGROUND

1. The defendants were formerly parties to the MDL as part of *Simas v. Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C.*, 1:13-cv-10943-RWZ (hereinafter, "the *Simas* matter"), however, the case was remanded to Massachusetts Superior Court earlier this year.[2]

2. Due to the defendants' ongoing interest in deposing the FDA and certain NECC-related witnesses in their pending state court actions, the defendants filed a Joinder to the Tennessee Clinic Defendants' Motion for Clarification Regarding Depositions of the FDA and Witnesses from the NECC Criminal Case.[3]  The parties identified the FDA, Joseph Connolly, John Notarianni, Robert Ronzio, Barry Cadden, Mario Giamei, Annette Robinson, Owen Finnegan, and Cory Fletcher as potential deposition witnesses.

3. This Court subsequently issued its Order of July 5, 2017 barring the defendants from conducting the depositions of the FDA and certain NECC-related witnesses until the conclusion of the NECC-related criminal trials.[4]  The Order only referenced the FDA, Joseph Connolly, John Notarianni, Robert Ronzio, and Barry Cadden.

4. As no discovery schedule has been put in place on the *Simas* matter now pending in Massachusetts Superior Court, the defendants would not yet be irreparably harmed by waiting

---

[1] *See* MDL Docket No. 3416.
[2] *See* MDL Docket No. 3270.
[3] *See* MDL Docket Nos. 3381 and 3399.
[4] *See* MDL Docket No. 3416.

for the conclusion of the NECC criminal trials before noticing the depositions of the aforementioned witnesses.

5. The *Schmiedeknecht* matter has been pending in Rhode Island Superior Court since the date an initial Complaint was filed in September 2013. The *Schmiedeknecht* Complaint mirrors the *Simas* Complaint in that it alleges that Dr. Barakat and Ocean State were negligent in their purchasing of medication from NECC and administering injections to the plaintiff during the months preceding the nationwide meningitis outbreak in 2012 stemming from contaminated lots of preservative-free methylprednisolone acetate.

6. While the *Schmiedeknecht* matter has not been a part of the MDL proceedings, the defendants are aware of MDL-related matters through their participation in the MDL as defendants in the *Simas* matter.[5]

7. As such, the defendants have been abiding by court orders issued in both the MDL and Rhode Island Superior Court, however, the orders have recently come into conflict with respect to the defendants' ability to take the depositions of witnesses related to NECC or entities overseeing NECC.

8. On April 21, 2017, the Rhode Island Court issued a Scheduling Order setting a firm discovery deadline of August 31, 2017 for the taking of depositions of individuals related to NECC, businesses that provided services to NECC, the FDA, and the Massachusetts Board of Pharmacy. The Court ordered the defendants to expeditiously commence the noticing process or else they would forever waive their right to do so.

9. Per the Rhode Island Court's Scheduling Order, the defendants engaged in extensive efforts to take these out-of-state depositions. The defendants contacted witnesses'

---

[5] Additionally, the *Schmiedeknecht* plaintiffs filed claims in the NECC Bankruptcy matter, *In re: New England Compounding Pharmacy Inc.*, No. 12-19882-HJB, and claims were subsequently approved.

counsel in writing and by phone on or about May 3, 2017. In response, the defendants received numerous letters and phone calls from counsel representing the deponents. These attorneys represented that they intended to move to quash the subpoenas should they be issued and that their clients would invoke their Fifth Amendment privileges in light of the pending criminal investigation and trial.

10. Nevertheless, in keeping with the Rhode Island Scheduling Order., the defendants submitted twenty-five (25) motions for the issuance of commissions to take out-of-state depositions in Massachusetts, Oklahoma, Maryland, New Jersey, and New York on May 9, 2017 and May 19, 2017. The defendants also issued a subpoena and deposition notice to a Rhode Island witness, John Notarianni, on May 19, 2017.

11. The defendants appeared in Rhode Island Superior Court for additional hearings on this issue and submitted a memorandum of law summarizing the anticipated testimony of witnesses. The Court granted the defendants' motions for the issuance of commissions for the various out-of-state deponents. The Court acknowledged that there would be a delay in issuing the out-of-state subpoenas because of the hearing and the Court's request for a memorandum and recommended filing a motion to extend the scheduling order in light of this delay.

12. On June 21, 2017, the defendants sought permission from the appropriate Massachusetts Superior Courts to take the depositions of the various Massachusetts residents. Each application was filed in the court holding personal jurisdiction over the deponents in accordance with their last known addresses. The defendants obtained permission from Massachusetts Superior Court to take the depositions of certain Massachusetts-based witnesses, including Barry Cadden, Sara Albert, William Frisch, Samuel Penta, Kenneth Boneau, Beth Reynolds, Annette Robinson, Nicholas Booth, Derek Carvalho, Owen Finnegan, Frank

Lombardo, Unifirst d/b/a Uniclean, Edwin Cardona, Suneela Mistry, Edgardo Camacho, Joseph Connolly, and the FDA.

13. Subpoenas were served on Barry Cadden, Sara Albert, William Frisch, and Samuel Penta on or about June 30, 2017 after Suffolk Superior Court signed orders on June 28, 2017. Subpoenas were served on Kenneth Boneau, Beth Reynolds, Annette Robinson, Nicholas Booth, Derek Carvalho, Owen Finnegan, Frank Lombardo, UniFirst a/d/b/a UniClean, Edwin Cardona, Suneela Mistry, Edgard Camacho, and the FDA on or about July 18, 2017 after Middlesex Superior Court signed orders on June 30, 2017. On July 7, 2017, Bristol Superior Court granted the defendants' application to take the deposition of Joseph Connelly, however, the defendants have not served a subpoena as of this date.

14. The defendants undertook these efforts due to their interest in developing their causation and comparative fault defenses and to preserve their rights in the event that the depositions are ultimately not permitted to go forward prior to the August 31, 2017 deadline in Rhode Island Superior Court. The defendants are not seeking to subvert this Court's July 5, 2017 Order nor any previous orders issued by this Court, and the defendants have since withdrawn all of the aforementioned subpoenas.

15. On or about July 27, 2017, the U.S. Government objected to the defendants taking the depositions of any witnesses from the pending criminal trials and indicated that subpoenas issued on the *Schmiedeknecht* matter were in violation of this Court's July 5, 2017 Order. The government indicated that the defendants were subject to the Order due to their prior involvement in the MDL, regardless of the fact that the *Schmiedeknecht* matter has always remained a state court action.

6

16.     The defendants have concurrently filed a Motion to Extend the Discovery Deadline and Scheduling Order in the *Schmiedeknecht* matter so that further clarification may be provided by Rhode Island Superior Court.[6]

17.     Accordingly, the defendants are submitting this Motion to Intervene and Request for Clarification via the *Schmiedeknecht* matter.  If permitted to intervene and further clarification is provided, the defendants can present the Court's ruling to the Rhode Island Superior Court.  The defendants are requesting clarification with respect to the three issues identified in the Argument section below, namely whether an out-of-state, non-MDL case is subject to the relevant court orders issued in the MDL, whether the defendants may take the depositions of witnesses not explicitly named in this Court's July 5, 2017 Order, and whether the defendants are permitted to take the depositions of criminal trial witnesses not addressed in the Tennessee Clinic Defendants' Motion for Clarification or the July 5, 2017 Order.

## ARGUMENT

1. <u>The defendants should be permitted to intervene in the MDL pursuant to Fed. R. Civ. P. 24(a)(2) given that this Court's July 5, 2017 Order impacts the defendants' ability to conduct certain depositions in advance of a court-imposed discovery deadline.</u>

Pursuant to Fed. R. Civ. P. 24(a)(2), anyone may intervene as of right when the applicant "claims an interest relating to property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may as a practical matter impair or impede the [applicant]'s ability to protect its interest…"  Further, "[a] party that desires to intervene in a civil action under Rule 24(a)(2) must satisfy four conjunctive prerequisites: (1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction

---

[6] *See* Motion of the Defendants, Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C., to Extend the Discovery Deadline and Scheduling Order, attached hereto as Exhibit A-1.  All relevant documents are contained therein for the Court's ease of reference.

7

that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent its interest." Fed. R. Civ. P. 24(a)(2).  The court can also permit intervention by a party when an applicant "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(2).

As the *Schmiedeknecht* matter arises from the same nexus of facts as the civil and criminal cases pending in federal court, the defendants have an interest in deposing all of the aforementioned witnesses as part of their causation and comparative fault defenses, as explained at length in the Tennessee Clinic Defendants' Motion for Clarification and the Joinder previously filed in the *Simas* matter.[7]  Rhode Island is a pure comparative fault state, thus, the defendants will be responsible for proving the fault of NECC and other non-parties at trial, and the jury may be instructed to allocate a portion of fault to said parties.[8]

Critically, the defendants may lose their ability to take these depositions on the *Schmiedeknecht* matter should the Rhode Island Superior Court hold firm to its August 31, 2017 discovery deadline.  A brief clarification of this Court's July 5, 2017 Order would permit the defendants to provide more information to the Rhode Island Court and thereby aid the defendants in their request for an extension of the discovery deadline.  Such further clarification may also permit certain depositions to go forward while others remain stayed.

While the defendants' interests have been adequately represented up to this point via the *Simas* action in the MDL, the *Simas* matter has now been remanded and it is not subject to the same deadline in effect in the *Schmiedeknecht* matter.  Furthermore, clarification from the MDL

---

[7] *See* MDL Docket Nos. 3381 and 3399.
[8] *See* R.I.G.L. §9-20-4.

Court directly addressing *Schmiedeknecht* and other similarly-situated state court cases would provide the defendants and Rhode Island Superior Court with clear guidance on how to proceed with respect to the depositions of the witnesses referenced above.  Alternatively, if the Court deems it unnecessary for the defendants to intervene due to the fact that they have already been a part of the MDL via the *Simas* matter, then the defendants would still request clarification of the July 5, 2017 Order with respect to the issues addressed below.

2. <u>Should the defendants be permitted to intervene, the defendants request clarification from the Court with respect to three (3) issues relevant to the depositions of certain government- and NECC-related witnesses.</u>

    The defendants request clarification of the following three issues:

    (a) Are out-of-state cases that were never removed to federal court but nevertheless involve defendants who were once parties to the MDL (like the present situation in the *Schmiedeknecht* matter) subject to the MDL Court's orders staying the depositions of certain witnesses;

    (b) If so, are the defendants permitted to take the depositions of any FDA or NECC-related witnesses *not* explicitly named in the MDL Court's July 5, 2017 order (i.e. Mario Giamei, Annette Robinson, Owen Finnegan, and Cory Fletcher)[9]; and

    (c) Are the defendants permitted to the take the depositions of criminal trial witnesses not explicitly referenced in the Tennessee Clinic Defendants' Motion for Clarification, the Joinder filed on the *Simas* matter, or this Court's July 5, 2017 Order (i.e. Sara Albert, William Frisch, Samuel Penta, Kenneth Boneau, Beth Reynolds, Nicholas Booth, Derek Carvalho, Frank Lombardo, Edwin Cardona, Suneela Mistry, Edgardo

---

[9] The Tennessee Clinic Defendants' Motion and the Joinder submitted under the *Simas* matter identified the FDA, Joseph Connolly, John Notarianni, Robert Ronzio, Barry Cadden, Mario Giamei, Annette Robinson, Owen Finnegan, and Cory Fletcher as potential deposition witnesses.  The July 5, 2017 Order only referenced the FDA, Joseph Connolly, John Notarianni, Robert Ronzio, and Barry Cadden.  *See* MDL Docket Nos. 3381, 3399, and 3416.

9

> Camacho, and others), or, in other words, is the U.S. Government correct in its belief that the defendants are barred from taking the depositions of any and all witnesses who may testify in upcoming NECC-related criminal trials?

The Deposition Protocol in effect in the MDL instructs parties to coordinate with state court actions when depositions are noticed.[10]  However, the Order states that the provision is intended to reflect the MDL Court's desire for voluntary state-federal coordination among the litigants and their counsel and that the Order shall not be construed as an injunctive or equitable order effecting state court proceedings.[11]  While the *Schmiedeknecht* matter has always been a state-court proceeding, the defendants, Dr. Barakat and Ocean State, were involved in the MDL, albeit as "small-clinic defendants," for several years prior to remand of the *Simas* matter.  The defendants have abided by orders issued by both the state and federal courts and have not encountered a conflict until now.

If the defendants, as part of the *Schmiedeknecht* case, are bound by orders in the MDL regarding deposition witnesses, then the defendants would readily abide by the Court's July 5, 2017 Order and only seek to take the depositions of witnesses described in (b) and (c) above, if permitted by the Court.  On the other hand, if the defendants' involvement in the *Schmiedeknecht* matter is independent of MDL proceedings, and if such state-court cases are not bound by orders in the MDL regarding deposition witnesses, then the defendants would re-file their original deposition subpoenas and expect to litigate inevitable objections and motions to quash filed by witnesses' counsel.  Some witnesses may willingly appear for deposition without objection.

The defendants appreciate the U.S. Government's interest in prohibiting its trial witnesses from providing testimony in civil cases.  However, the civil defendants continue to be

---

[10] *See* Docket No. 1426, Section E(1).
[11] *Id.* at Section E(3).

prejudiced by their inability to take the depositions of critical witnesses, due to either protective orders in effect in the MDL or witnesses invoking the Fifth Amendment at their depositions. The testimony of the aforementioned witnesses will be critical to the defendants' efforts to prove that (1) the fault for these events begins and ends with NECC and (2) the actions of NECC and the FDA constitute a superseding and intervening cause absolving the defendants of liability.

The Rhode Island Superior Court would be unlikely to permit the introduction of testimony from the NECC criminal trials as a substitute for live deposition testimony as the trial witnesses were not subject to cross-examination by plaintiff's counsel and different issues and standards of law were at stake. Furthermore, even if these witnesses are permitted to testify at depositions in the MDL or other state court actions at some uncertain point in the future, the *Schmiedeknecht* trial may have already concluded by then, or the Court may not permit introduction of the deposition testimony due to its disclosure after the August 31, 2017 discovery deadline. As such, the defendants are requesting clarification of these issues now, so at the very least, all options will have been exhausted and the defendants' rights will be protected in the event of an appeal at a later point in time.

## **CONCLUSION**

Wherefore, the defendants, Abdul R. Barakat M.D., and Ocean State Pain Management, P.C., respectfully move the Court for leave to intervene and request clarification of this Court's July 5, 2017 Order regarding the staying of certain depositions pending the resolution of NECC criminal trials.

Respectfully submitted,
Abdul R. Barakat, M.D., and
Ocean State Pain Management, P.C.,
By their attorneys,

/s/ Allyson M. Gray
_____

Allyson M. Gray, Esq.
RI Reg. #9285
MA BBO #691843
**CAPPLIS, CONNORS, & CARROLL, P.C.**
18 Tremont Street, Suite 330
Boston, MA 02108
Tel: (617) 227-0722
Fax: (617) 227-0772
agray@ccclaw.org

Dated: August 16, 2017

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 16, 2017, I served the above Motion upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Allyson M. Gray
Allyson M. Gray, Esq.
RI Reg. #9285
MA BBO #691843
Attorney for Defendants,
Ocean State Pain Management, P.C., and
Abdul R. Barakat, M.D.
