UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION )<br><br>This Document Relates To:<br><br>    All Actions | )<br>)<br>)<br>) MDL No. 13-2419-RWZ<br>)<br>)<br>)<br>)<br>) |

**GOVERNMENT'S RESPONSE TO THE OCEAN STATE PAIN MANAGEMENT DEFENDANTS' MOTION TO INTERVENE IN THE MDL AND REQUEST FOR CLARIFICATION OF THE COURT'S JULY 5, 2017 ORDER**

The United States hereby submits its response to the Ocean State Defendants' Motion to Intervene in the MDL and Request for Clarification of the Court's July 5, 2017 Order (Doc. No. 3437-1) [hereinafter, "Motion to Intervene"]. The Ocean State Defendants have already sought clarification of this Court's July 5 Order; they joined the Tennessee Clinic Defendants' motion (Doc. No. 3381) [hereinafter, "Motion for Clarification"] to lift the stay imposed by this Court on depositions of several of the witnesses involved in the federal criminal case, United States v. Barry J. Cadden, et al., 14-cr-10363-RGS (hereinafter, "the criminal case"). This Court denied that motion, and the arguments set forth in the motion joining it. See Doc. No. 3416. The Ocean State Defendants now return again to this Court seeking to proceed with the stayed depositions claiming state law authority to do so. This Court should not sanction the defendants' forum shopping and attempt to circumvent the MDL. Instead, the government submits that the Ocean State Defendants should be bound by this Court's rulings on MDL motions to which they joined.

## BACKGROUND

The government incorporates the factual background laid out in its response to the Tennessee Clinic Defendants' Motion for Clarification. See Doc. No. 3402. The government

further notes that the Motion for Clarification sought to lift this Court's stay on the depositions of the Food and Drug Administration ("FDA"), Joseph Connolly (former NECC pharmacy technician), and John Notarianni (former MSM sales representative), as well as convicted criminal defendants Barry Cadden and Robert Ronzio.

Following the filing of the Motion for Clarification, the Ocean Sate Defendants filed a motion to join. See Joinder of the Defendants, Abdul Bakarat, M.D., and Ocean State Pain Management, P.C. to the Tennessee Clinic Defendants' Motion for Clarification Re: Depositions of the FDA and Witnesses from the NECC Criminal Case (Doc. No. 3399), at 1 [hereinafter, "the Joinder Motion"].  In the Joinder Motion, "[t]he Ocean State Defendants adopt and incorporate as if stated fully herein the Tennessee Clinic Defendants' filing at Doc. 3381, including the arguments set forth and the relief requested."[1]  Id. at 1.  The Joinder Motion made clear that the relief requested was for purposes of the Simas case, which once was part of the MDL but has since been remanded to the Massachusetts state court, and the Schmiedeknecht case, then pending in the Rhode Island state court.  Indeed, the Joinder Motion specifically cited state laws of both Massachusetts and Rhode Island as justification for requesting that the depositions proceed for purposes of their comparative fault defenses.  Id. at 3 n.6.  The Ocean State Defendants requested that the witnesses be deposed "with all interested counsel present, including potential state court counsel, in similar fashion to how common discovery depositions have always been conducted in the MDL pursuant to the Court's Deposition Protocol."  Id. at 3.

On July 5, 2017, this Court denied the Motion for Clarification and the Joinder Motion. See Doc. No. 3416.  Instead, this Court ruled, "the depositions of the FDA, Joe Connolly, John

---

[1] The Ocean State Defendants also sought depositions of Mario Giamei, Annette Robinson, Owen Finnegan, and Cory Fletcher.  See Joinder Motion, at 2.  As the government stated in its response, these other potential witnesses had indicated that they would assert a Fifth Amendment privilege not to testify.  See Doc. No. 3402, at 1 n.1.

Page 2

Notarianni, Rob Ronzio, and Barry Cadden shall continue to be stayed pending further order of the Court." Id.  The Court's Order clearly applied to the Ocean State Defendants' request to conduct these depositions for their state matters as well.

Nevertheless, the Ocean State Defendants filed the instant Motion to Intervene seeking to conduct the same depositions as part of the Schmiedeknecht case, the Rhode Island state case. This Court should not allow them to proceed.

## **ARGUMENT**

In their Motion to Intervene, the Ocean State Defendants ask that the Court clarify its July 5, 2017 Order with respect to three questions.  The government's response to each of the questions is stated below.

> *(a) Are out-of-state cases that were never removed to federal court but nevertheless involve defendants who were once parties to the MDL subject to the MDL Court's orders staying the depositions of certain witnesses?*

The above-stated question does not accurately portray the posture of the defendants' cases. Tellingly, the question omits the critical fact that the Ocean State Defendants joined the Motion for Clarification filed in the MDL, seeking to benefit from it.  Specifically, the Ocean State Defendants filed the Joinder Motion, adopting the arguments and relief sought in the Motion for Clarification for both the Simas and Schmiedeknecht cases.  The Court denied these motions.  The Ocean State Defendants are bound by that ruling.  To allow otherwise would promote forum shopping and run contrary to the very purpose of the MDL, permitting the defendants to seek more favorable rulings from state courts after their requests are rejected by this Court in the MDL.  This should not be allowed.  Surely, if the Court had granted the motions, the defendants would now be taking the position that they are entitled to the benefit of that order and proceeding with the depositions in both state cases.

*(b) If so, are the defendants permitted to take the depositions of any FDA or NECC-related witnesses not explicitly named in the MDL Court's July 5, 2017 order?*

With respect to any FDA personnel, this Court precluded the taking of a 30(b)(6) deposition of the FDA, finding that it "would likely interfere with the criminal investigation." Mem. and Order (Doc. No. 2123), at 21. The 30(b)(6) deposition sought information from the FDA with respect to six subject areas, including: its authority to investigate, inspect, regulate, and take action against NECC; its investigation, inspections, regulation, and actions related to NECC; its interactions with the state of Massachusetts; "[t]he information known by the FDA and whether/how it was made public;" and the "FDA's investigation and inspection of, and action against NECC, following the meningitis outbreak." Doc. No. 1775-2 at 10-14. In staying the deposition, this Court stated, "[t]he deposition topics relate to some of the same conduct at issue in the criminal prosecution. Given the FDA's involvement in the investigation that followed the outbreak, any potential deposition would likely implicate, among other things, the investigatory steps taken by the FDA-OCI agents in the criminal case." Id. at 21. This Court's stay should preclude the Ocean State Defendants from seeking depositions from FDA personnel on any of the topic areas already precluded by this Court's order.

With respect to other witnesses not named in the Court's July 5, 2017 Order, nothing precludes the Ocean State Defendants from seeking those depositions. As the Court is aware, the two government witnesses identified in the Order, Joseph Connolly and John Notarianni, did not intend to invoke their Fifth Amendment privilege, so the government filed a motion to stay their depositions, and this Court granted it. See Doc. No. 2556 (staying depositions of Joseph Connolly and John Notarianni). The government expects all other proposed deponents still intend to assert a Fifth Amendment privilege against self-incrimination if sought to be deposed.

> *(c) Is the U.S. Government correct in its belief that the defendants are barred from taking the depositions of any and all witnesses who may testify in upcoming NECC-related criminal trials?*

The government has never stated that the Ocean State Defendants are precluded from deposing "any and all witnesses who may testify in upcoming NECC-related criminal trials." Instead, as was stated in the government's response to the Motion for Clarification, the government understands all other proposed deponents identified in the Joinder Motion, other than Joseph Connolly and John Notarianni, intend to assert a Fifth Amendment privilege against self-incrimination if sought to be deposed.

**CONCLUSION**

For all of these reasons, the government requests that the Court clarify that its July 5, 2017 Order precludes the Ocean State Defendants from taking the depositions of the FDA, Joseph Connolly, and John Notarianni until the conclusion of all of the criminal trials in the case of <u>United States v. Barry J. Cadden, et al.</u>, 14-cr-10363-RGS.

                                      Respectfully submitted,

                                      WILLIAM D. WEINREB
                                    ACTING UNITED STATES ATTORNEY

By:   /s/ Amanda P.M. Strachan
        AMANDA P.M. STRACHAN
        BBO # 641108
        GEORGE P. VARGHESE
        Assistant United States Attorneys
        John Joseph Moakley Courthouse
        One Courthouse Way, Suite 9200
        Boston, Massachusetts  02210
        (617) 748-3100
        amanda.strachan@usdoj.gov
        george.varghese@usdoj.gov

Dated:  September 14, 2017

Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

By:   /s/ Amanda P.M. Strachan
        AMANDA P.M. STRACHAN
        Assistant United States Attorney

Dated:  September 14, 2017