UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ──────────────────────────────── ) ) This document relates to: ) ) Handy v. Box Hill Surgery Center, LLC, et al. ) No: 1:14-cv-14019-RWZ ) ) Armetta v. Box Hill Surgery Center, LLC, et al. ) No. 1:14-cv-14022-RWZ ) ) Torbeck v. Box Hill Surgery Center, LLC, et al. ) No. 1:14-cv-14023-RWZ ) ) Kashi v. Box Hill Surgery Center, LLC, et al. ) No. 1:14-cv-14026-RWZ ) ) Bowman v. Box Hill Surgery Center, LLC, et al. ) No. 1:14-cv-14028-RWZ ) ) Dreisch v. Box Hill Surgery Center, LLC, et al. ) No. 1:14-cv-14029-RWZ ) ) Davis v. Box Hill Surgery Center, LLC, et al. ) No. 1:14-cv-14033-RWZ ) ) Farthing v. Box Hill Surgery Center, LLC, et al. ) No. 1:14-cv-14036-RWZ ) | MDL No. 02419<br>Docket No. 1:13-md-2419-RWZ |

**BOX HILL DEFENDANTS' CONSOLIDATED
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Fed. R. Civ. P. 56, the Defendants, Box Hill Surgery Center, LLC, Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., LLC (collectively, the "Defendants" or "Box Hill Defendants"), by and through counsel, respectfully move this Court for entry of an Order granting partial summary judgment in their favor on the following claims:

1. NECC's actions were a superseding, intervening cause that relieves the Box Hill Defendants from any liability for the Plaintiffs' damages;

2. The standard of care permitted the Box Hill Defendants to purchase medications from NECC without patient-specific prescriptions, and patient-specific prescriptions would not have prevented the fungal meningitis outbreak;

3. The Box Hill Defendants complied with the recognized standard of acceptable professional practice;

4. The level of "due diligence" Box Hill completed prior to purchasing medication from NECC did not cause an outcome which would not have otherwise occurred;

5. The Plaintiffs are not entitled to recover punitive damages as a result of the Box Hill Defendants' actions;

6. The Plaintiffs' Massachusetts consumer protection claim is not a viable claim based on the law; and

7. The Plaintiffs' recoverable medical expenses are limited only to those reasonable and necessary expenses that are either paid or payable by the individual Plaintiffs or third party payors, excluding the amount of any charges subject to contractual adjustments or write-offs.

In support of this Motion, the Box Hill Defendants have filed separate memoranda of law corresponding to multiple claims for which they are entitled to partial summary judgment. For the reasons provided in each supporting Memorandum, the Box Hill Defendants contend that there is no genuine disputed issue as to any material fact and that Defendants are entitled to judgment as a matter of law on the issues and claims addressed. Defendants have included a Statement of Undisputed Material Facts in support of their motion and memoranda. Consequently, the Box Hill Defendants respectfully pray that this Court grant partial summary judgment in their favor as to each claim addressed.

[THIS SECTION INTENTIONALLY LEFT BLANK]

Respectfully submitted,

/s/ Gregory K. Kirby
Catherine W. Steiner, Esq.
Gregory K. Kirby, Esq.
**PESSIN KATZ LAW, P.A.**
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21228
Tel: (410) 938-8800
*Attorneys for the Box Hill Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September 2017, I served the above Motion upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Gregory K. Kirby
Gregory K. Kirby, Esq.