UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:                                                              )<br>                                                                          )<br>NEW ENGLAND COMPOUNDING PHARMACY, INC.)<br>PRODUCTS LIABILITY LITIGATION,              )<br>                                                                          )<br>                                                                          ) | Multi-District Litigation<br>Case No. 1:13-md-2419-RWZ |

## SEPTEMBER 2017 STATUS REPORT OF TORT TRUSTEE

Lynne F. Riley, Tort Trustee[1] under the Tort Trust dated June 4, 2015 created pursuant to the *Third Amended Joint Chapter 11 Plan of New England Compounding, Inc.* confirmed by the United States Bankruptcy Court for the District of Massachusetts on May 20, 2015, hereby submits a report on the status of claims processing, lien clearance and payments in the NECC National Settlement annexed hereto as Exhibit A.

Respectfully Submitted,

LYNNE F. RILEY, TORT TRUSTEE

/s/ Lynne F. Riley

Dated: September 20, 2017

---

[1] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to those terms in the *Third Amended Joint Chapter 11 Plan of New England Compounding, Inc.*

## CERTIFICATE OF SERVICE

I, Lynne F. Riley, hereby certify that on the date set forth above I caused true copies of the foregoing document to be served through the Court's CM/ECF system upon all registered electronic filers appearing in this case.

/s/ Lynne F. Riley
Lynne F. Riley

# Exhibit A

**STATUS OF CLAIMS PROCESSING, LIEN CLEARANCE AND PAYMENTS IN THE NECC NATIONAL SETTLEMENT**

**A. Adjudication of Claims by the National Claims Administrator.**

All appeals have been resolved and all claim determinations have been finalized. A total of 2,353 claims were filed with Epiq, the National Settlement Administrator. Of these, 2,026 claims were fully or partially approved by Epiq and/or Judge Neiman, 284 claims were fully denied by Epiq and/or Judge Neiman, 41 were invalid (typically a duplicate claim filed by a spouse), and 2 were withdrawn by the claimant of these claims.

**B. The Tort Trustee's Efforts to Resolve Claims Asserted by Public and Private Entities for Reimbursement of Health Care Costs.**

As required under federal law, the Tort Trustee submitted the required information on proposed payments to approved claimants to the Center for Medicare Services ("CMS") who promptly returned Medicare eligibility information on each claimant. Information on each approved claimant was provided to the various state Medicaid agencies through a third party, the Garretson Resolution Group ("Garretson"), to determine if those agencies have claims for medical expenses involving these claimants. As of September 1, 2017, State Medicaid eligibility results have been received for over 99% of all approved claimants. In addition to receipt of lien information from Medicare and Medicaid, the Tort Trustee has also received claims for health care cost reimbursement from various private entities.

As claimants return properly executed certifications and other forms, claims for reimbursement by public and private entities are thereby cleared and payments are issued.

C.      **Payments made to claimants to date**.

To date, the Tort Trust has mailed 1836 initial National Settlement payments and 1760 second National Settlement payments to claimants. Additionally, 225 payments have been made to claimants from one of the individual clinic settlements.[1]

To date, funds disbursed to claimants by the Tort Trustee total $136,666,877.71.[2]

D.      **Future reports to the Court from the Tort Trustee**

Unless otherwise instructed by the Court, in order to reduce future administrative expenses, the Tort Trustee will begin submitting Status Reports on a quarterly basis.

---

[1] 165 second payments in relatively small amounts have also been made from the Insight Clinic Settlement sub-fund.

[2] Additional sums have been deducted from certain claimants' payments and have been paid to, or deposited into a sub-account for the benefit of, Medicare and private insurers pursuant to agreements that the Tort Trustee has with those parties.