**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC.  PRODUCTS LIABILITY LITIGATION | MDL No. 2419 Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:  All Actions | |

**PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR DISTRIBUTION**
**OF REMAINING COMMON BENEFIT FEES AND EXPENSES**

In proceedings in late 2016, the Court authorized payment to plaintiffs' counsel of 50% of the requested fees and expenses from the common benefit account held by the Tort Trustee.  [ECF No. 3239].  At that time, the Plaintiffs' Steering Committee told the Court they would not ask the Court to authorize payment of the remaining 50% until distribution to claimants was substantially complete.  As detailed in the Tort Trustee's latest report to the Court [ECF No.3470], that milestone has been achieved.  The PSC now moves for an order directing the Tort Trustee to (1) distribute the remaining 50% of common benefit fees (in accordance with the Court's earlier order); (2) pay 50% of the previously authorized expenses (also in accordance with the Court's earlier order); (3) pay additional expenses incurred by the PSC since the first distribution in December 2016 out of the accrued interest; and (4) pay any remaining funds left in the common benefit account (estimated to be about $10,000) to the firm of Skikos, Crawford, Skikos & Joseph (the "Skikos Firm") to partially compensate them for their common benefit time and expenses, as they were not included in the original request to the Court.  A proposed order is submitted for the Court's consideration, attached hereto as Exhibit A.

**A.  Background**

The PSC submitted a motion for distribution of fees and expenses on September 27, 2016 which included a suggested allocation among plaintiffs' counsel. [ECF 3105].  The requested

allocation was subsequently revised on October 12, 2016. [ECF 3129].  In a status conference on

December 8, 2016 the Court heard from the PSC as well as other plaintiffs' counsel on the issue of

distribution of common benefit funds.  The Court indicated it would authorize payment of 50% of

the revised request for fees and expenses as long as the Tort Trustee had substantially completed

making initial payments to claimants.  The Court said it would revisit payment of the remaining

amounts at a later date.  The PSC indicated it would refrain from requesting distribution of the

remaining funds until the Tort Trustee has substantially completed making second payments to

claimants.  On December 19, 2012, the Court issued an order authorizing payment of 50% of the

approved common benefit fees and expenses in accordance with the revised allocation and also

authorized payment of a small amount of additional expenses. [ECF No. 3239].

### B.  Distribution of remaining 50% of requested fees and expenses.

In late December 2016, in accordance with the Court's order, the Tort Trustee distributed

$6,224,721.50 to plaintiffs' counsel in payment of 50% of their approved common benefit fees and

expenses.  In addition, the Tort Trustee paid $8,398.42 to satisfy three additional invoices approved

by the Court's December 19, 2016 Order.

The PSC now requests that the Court authorize the Tort Trustee to make payment of an

additional $6,224,721.50 to plaintiffs' counsel from the common benefit account in accordance with

the previously approved common benefit fees and expenses of each plaintiff firm.  See Exhibits AA

and BB of ECF No. 3129.  After payment of these funds, the common benefit account will contain

approximately $20,231.00 in accumulated interest.

### C.  Payment of additional expenses incurred by the PSC.

Since the Court's December 19, 2016 Order, the PSC has received additional invoices

totaling $9,522.86.  These expenses were incurred by the PSC to maintain discovery documents on

the U.S. Legal database as well as to maintain confidential information on the Rust/Omni database

after the initial distribution of fees and expenses in December 2016.  We ask that the Court approve payment of these additional expenses directly to Rust/Omni and to U.S. Legal, as appropriate, from the remaining interest in the common benefit account.

### D.  Payment of all remaining funds in the common benefit account.

Upon payment of the above-requested amounts, there will remain in the common benefit account approximately $10,708.71.  There may also be accumulated interest totaling approximately $1,800 that will post to the account at the end of September 2017. The PSC requests that the Court authorize the Tort Trustee to pay these remaining funds to the Skikos Firm.

The Skikos Firm recently made the PSC aware of its one-time submission of common benefit time and expenses in August of 2015.  For unknown reasons, the firm's time and expenses were not considered in the PSC's extensive review of time and expenses for all plaintiffs' firms in 2016 which resulted in the Court approved allocation.  The Skikos Firm only recently contacted lead counsel to inquire about the status of payment of common benefit fees, referencing its August 2015 submission.  The PSC has reviewed the firm's submitted time and expenses and determined that some of its time and expenses were of common benefit to plaintiffs.  The amounts available in the common benefit fund after payment of fees and expenses outlined above are insufficient to fully compensate the firm.  However, the Skikos Firm has agreed to accept payment of the remaining interest in the account, as outlined above, as full compensation.

The PSC therefore requests that the Court authorize the Tort Trustee to make payment of any remaining funds in the common benefit account to the Skikos Firm.

Dated: September 21, 2017                    Respectfully submitted,

                                            **/s/ Thomas M. Sobol**
                                            Thomas M. Sobol (BBO# 471770)
                                            Kristen A. Johnson (BBO# 667261)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP

55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH &

JENNINGS PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: September 21, 2017

**/s/ Thomas M. Sobol**
Thomas M. Sobol, BBO # 471770