UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND
COMPOUNDING PHARMACY, INC.
PRODUCT LIABILITY LITIGATION

This Document Relates To:

     All Actions

MDL No. 13-2419-RWZ-JCB

**GOVERNMENT'S FURTHER OPPOSITION TO MOTION FOR CLARIFICATION
AND REQUEST THAT STAY PROHIBITS STATE-COURT DEPOSITIONS**

The government submits this brief, as requested by the Court [Dkt. No. 3472], regarding

the application of the Anti-Injunction Act to the motion for clarification of the Court's prior

discovery orders filed by Abdul R. Barakat, M.D., and Ocean State Pain Management, P.C.

(collectively, "Ocean State").  The Court precluded discovery of certain witnesses, including

FDA witnesses and John Connolly and John Notarianni, two former employees of New England

Compounding Center ("NECC"), pending resolution of the criminal case, *United States v. Barry*

*Cadden*, et al., 14-cr-10363-RGS (the "criminal case").  *See* Dkt. Nos. 2123, 2556, 2861.  Ocean

State has moved for clarification that those orders do not apply to those witnesses' depositions in

parallel state-court actions involving Ocean State.  *See* Dkt. No. 3437-1.[1]

As discussed herein, the Court may (and should) clarify that its orders stay the state-court

depositions.  The Anti-Injunction Act does not apply to the United States when it seeks to protect

a substantial federal interest, such as a criminal prosecution.  Even if the Act did apply, an

exception within the Act itself empowers the Court to stay state-court depositions.  Without a

---

[1] Ocean State's motion is fully titled Motion of the Defendants, Ocean State Pain Management, P.C., and Abdul R. Barakat, M.D., to Intervene in the MDL and Request for Clarification of the Court's July 5, 2017 Order (hereafter "Ocean State's motion").

stay of the state-court depositions, Ocean State would undermine the government's prosecution and frustrate this Court's effort to control and streamline discovery in this multidistrict litigation ("MDL") – all despite the Court's orders precluding such discovery.  The government, therefore, respectfully asks the Court to deny Ocean State's motion and make clear that the stay applies equally to the state-court actions until further notice.

## ARGUMENT

### I.        The Court Has the Authority to Stay the State-Court Depositions.

The Court has the authority to stay the state-court depositions under the All Writs Act, which grants federal courts authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a). While the Anti-Injunction Act, 28 U.S.C. § 2283, counterbalances the All Writs Act's broad power by limiting injunctions of state-court proceedings to certain circumstances, the "Act *does not apply at all* when it is the United States that seeks to stay proceedings in a state court."  17A Wright, Miller, & Cooper, Fed. Practice & Proc. § 4222 (3d ed.) (emphasis added); *accord In re Grand Jury Subpoena*, 866 F.3d 231, 233 (5th Cir. 2017).

The Supreme Court has made clear that federal courts may stay state-court judicial proceedings to protect a substantial federal interest.  In *Leiter Minerals, Inc. v. United States*, the Supreme Court concluded that Congress did not intend the United States to be subject to the "severe restrictions of [Anti-Injunction Act,] 28 U.S.C. § 2283" because of "[t]he frustration of superior federal interests that would ensue . . . ."  352 U.S. 220, 226 (1957).  In *NLRB v. Nash-Finch Co.*, the Supreme Court extended *Leiter*'s holding to federal agencies.  404 U.S. 138, 145-47 (1971) (purpose of Act "not to hamstring the Federal Government and its agencies").  Following this precedent, lower courts have concluded, not surprisingly, that a federal criminal prosecution is a "superior federal interest" exempt from the Anti-Injunction Act.  *See, e.g., In re*

*Grand Jury Subpoena*, 866 F.3d at 234-35 (affirming federal injunction of state-court litigation that might undermine an ongoing grand jury investigation); *United States v. Dowl*, Cr. No. 08–0164, 2008 WL 4544356, at *7 (E.D. La. Oct. 7, 2008) (Act does not bar a federal court from enjoining defendant from taking discovery in state-court action); *United States v. Phillips*, 580 F. Supp. 517, 519-20 (N.D. Ill. 1984) (same).

Even assuming that the Anti-Injunction Act applied here, which it does not, an exception in the Act itself – where an injunction is "necessary in aid of jurisdiction," § 2283 – grants the Court the power to stay the state-court depositions because those depositions would frustrate the Court's ability to manage the MDL, particularly as it affects the criminal case. "[A]n injunction [of a parallel state-court action] may be issued where 'necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1201 (7th Cir. 1996) (quoting *Atlantic Coastline R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970)). Relying on this exception to the Act, a district court may properly stay state-court discovery. *See In re Columbia/HCA Healthcare Corp., Billing Practices Litig.*, 93 F. Supp. 2d 876 (M.D. Tenn. 2000) (enjoining competing motion to compel discovery filed in state court); *see also In re Ocwen Fed. Bank FSB Mortg. Srvc. Litig.*, 397 F. Supp. 2d 957, 963 (N.D. Ill. 2005) (enjoining state-court action that "could seriously hinder the court's ability to effectively carry out its responsibilities under 28 U.S.C. § 1407").

## II.     The Court Should Clarify that Its Stay Applies to the State-Court Depositions.

Not only may the Court stay the depositions in the state-court proceeding, but it should do so for two reasons. *First,* the stay has been (and continues to be) necessary to protect the United States' substantial interest in prosecuting the criminal case for the reasons the Court has found in multiple orders. FDA witness depositions "would likely interfere with the criminal

investigation" and "implicate, among other things, the investigatory steps taken . . . in the criminal case." Order [Dkt. No. 2123] at 21. The Court also stayed depositions of Connolly and Notarianni "until the conclusion of the first criminal trial at which they testify or further order of the Court." Order [Dkt. No. 2556]. After the conclusion of one trial in the criminal case (but not related appeals or other defendants' trials), the Court again enforced that stay, noting that "the criminal charges against Cadden and Ronzio are not finally resolved at this time." Order [Dkt. No. 3416]. The reasons for staying the state-court depositions are no different than those the Court already found for staying the same depositions in the MDL: the depositions, regardless of venue, threaten to disclose essential elements of the government's case-in-chief against untried defendants, make it more difficult for the government to prepare witnesses for testimony, and divert FDA resources from the prosecution.

*Second*, a stay of the state-court depositions is necessary to effectuate the MDL's purposes of streamlining discovery, preventing inconsistent rulings, and conserving judicial resources, *see* Transfer Order [Dkt. No. 2 at 1-2] – interests the government shares with the Court as it affects the criminal case. If the depositions proceed in state court, not only will the Court's prior orders be undermined as MDL defendants seek to participate in those depositions or use transcripts in the MDL, but the government would need to litigate state-court discovery issues to prevent depositions on sovereign immunity and *Touhy* grounds.[2] In all likelihood, such litigation would be removed to this Court or another federal court. In other words, without a stay

---

[2] Under the FDA's *Touhy* regulations, no FDA employee may testify without authorization, and any third party seeking testimony from a FDA employee must submit a request to the FDA detailing the testimony sought. 21 C.F.R. § 20.1. A litigant may challenge the FDA's refusal to authorize testimony by bringing an action in federal court under the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.* Further, "[t]he doctrine of sovereign immunity precludes the state court to compel FDA employees contrary to FDA instructions and to allow otherwise would be a violation of the Supremacy Clause." *Frank v. U.S. Food and Drug Admin.*, 998 F. Supp. 2d 596, 603 (E.D. Mich. 2014); *see, e.g.*, *Giza v. Sec'y of HEW*, 628 F.2d 748, 751 (1st Cir. 1980) (state court cannot compel FDA testimony).

of the state-court depositions, this issue – which the Court has addressed for years – will continue to be litigated in a new context and perhaps result in decisions that conflict with this Court's orders.  Such an outcome would unfairly divert the government's attention from the criminal case, if not prejudice the government's prosecution altogether.

Ocean State, moreover, has not shown that its need for this limited discovery outweighs the substantial federal interest in an uncompromised criminal prosecution.  The stay at issue is temporary and narrowly tailored to FDA witnesses, Connolly, and Notarianni.  The state-court actions are still in the pre-trial phases, and in the state court with the most advanced deadline, Ocean State has moved to extend the discovery deadline.  Ocean State Mot. ¶ 16.[3]  To the extent Ocean State might have to move for summary judgment without the opportunity to take the depositions, it certainly can rely on a voluminous record, including prior witness testimony in the criminal case.  And no one knows at present whether the state-court litigation will go to trial before the stay is removed.  By contrast, the risks to the government's case are present now and can only be avoided by clarifying that the stay applies to the state-court depositions.

## CONCLUSION

For these reasons, the government respectfully requests that the Court deny Ocean State's Motion [Dkt. No. 3437-1] and make clear that its stay as to depositions applies to the state-court-proceedings.

---

[3] It does not appear from Ocean State's motion that Ocean State itself has sought to avoid the conflict between this Court's order and the state courts' orders by requesting that the state courts, consistent with this Court's orders, postpone these few depositions until conclusion of the criminal case.  *See, e.g.*, Ocean State's Mot. Ex. A-1 at 18-20.

Dated:  October 5, 2017

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By:    /s/ *Brian M. LaMacchia*
       BRIAN M. LAMACCHIA (BBO No. 664369)
       AMANDA P.M. STRACHAN
       GEORGE P. VARGHESE
       Assistant U.S. Attorneys
       John Joseph Moakley Courthouse
       United States Courthouse
       One Courthouse Way, Suite 9200
       Boston, MA  02210
       (617) 748-3100
       brian.lamacchia@usdoj.gov
       amanda.strachan@usdoj.gov
       george.varghese@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  October 5, 2017

By:    /s/ *Brian M. LaMacchia*
       BRIAN M. LAMACCHIA
       Assistant U.S. Attorney