UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *Schmiedeknecht v. Abdul R. Barakat, M.D., and* ) <br> *Ocean State Pain Management, P.C.* ) <br> R.I. Super. Ct. Civil Action No. PC-2013-3207 ) <br> (Intervening Defendants*)* ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

**REPLY MEMORANDUM OF OUT-OF-STATE DEFENDANTS, OCEAN STATE PAIN MANAGEMENT, P.C. AND ABDUL R. BARAKAT, M.D., TO GOVERNMENT'S FURTHER OPPOSITION TO MOTION FOR CLARIFICATION AND REQUEST THAT STAY PROHIBITS STATE-COURT DEPOSITIONS**

The Rhode Island defendants, Abdul R. Barakat, M.D. and Ocean State Pain Management, P.C. (collectively "the Defendants"), as parties to pending Rhode Island Superior Court Civil Action No. PC-2013-3207, *Schmiedeknecht et al. v. Barakat M.D., Ocean State Pain Management, P.C., et al.* (hereinafter, "the *Schmiedeknecht* matter"), respectfully submit the following reply memorandum in response to the Government's Further Opposition to Motion for Clarification and Request that Stay Prohibits State-Court Depositions. *See* MDL Docket No. 3480. This Court's Order of October 12, 2017 instructed the Defendants to file a limited response of no more than five pages applying the Anti-Injunction Act to this issue. *See* MDL Docket No. 3472. The Defendants aver as follows.

The out-of-state Defendants submit that pursuant to the applicable law, this Court lacks authority to intervein or disrupt the proceedings of the Rhode Island State Court in *Schmiedeknecht*. Doing so directly interferes with the Rhode Island Court's authority over a matter adjudicated within its jurisdiction and will result in significant prejudice against the parties in the state case.

The Anti-Injunction Act clearly states that "[a] court of the United States <u>may not grant an injunction to stay proceedings in a state court</u> except . . . where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added). Exceptions to the Anti-Injunction Act "must be <u>narrowly construed</u> and doubts as to propriety of federal injunction against a state court proceeding should be <u>resolved in favor of permitting state court</u> action to proceed." *Morongo Band of Mission Indians v. Stach*, 951 F.Supp. 1455, 1464 (C.D. Cal. 1997) (emphasis added), citing *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 630 (1977); see also *Bluefield Community Hosp., Inc. v. Anziulewicz*, 737 F.2d 405 (4th Cir. 1984). Only when the moving party shows that one of the specific exceptions applies to the case will the "All Writs Act" 28 U.S.C. § 1651(a) grant a federal court the power to issue an injunction on a state matter. *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 674 (11th Cir. 2012) (All Writs Act is limited by Anti–Injunction Act).

In the present case, the burden rests with the Government to establish facts necessary to bring this case within the exception of the Anti-Injunction Act. *Greyhound Corp. v. Leadman*, 112 F.Supp. 237 (D.C.E.D. Ky. 1953). It must be noted that the exception to "aid federal jurisdiction" may not be invoked merely because of the prospect that concurrent state proceeding <u>might result</u> in judgment inconsistent with federal court's decision. *State of Tex. v. U.S.*, 837 F.2d 184(5th Cir. 1988). Furthermore, mere existence of parallel action in state court <u>does not constitute grounds for a federal court injunction</u> under the "aid of jurisdiction" exception to Anti-Injunction Act. *Lou v. Belzberg*, 834 F.2d 730, (9th Cir. 1987).

In its Opposition, the Government cites to the ruling of the District Court of Louisiana in *United States v. Dowl*, Cr. No 08-0164, 2008 WL 4544356, at *7 (E.D. La. Oct. 7, 2008), the ruling of the District Court of Illinois in *United States v. Phillips,* 580 F.Supp. 517, 519-520

(N.D. Ill. 1984), and the ruling of the Fifth Circuit Court *In re Grand Jury Subpoena*, 866 F.3d 231 (5th Cir. 2017). These courts found it proper to enjoin a state case while the Federal matters were pending. However, in each of the Government's examples, the parties against whom the injunction were sought were parties to both the federal and state cases. This is not the case in the present matter.

The *Schmiedeknecht* matter was never part of the MDL. Furthermore, neither Ocean State Pain Management nor Dr. Barakat are parties to *United States v. Barry Cadden*, et al., 14-cr-10363-RGS. The *Schmiedeknecht* matter is and has always been a Rhode Island state case and has been subject to the rulings and orders of the Rhode Island Superior Court since the Complaint was filed in 2013. *Schmiedeknecht* was litigated separately from the MDL and was never held to the various orders or rulings set forth by the MDL Court at any point throughout the four years of litigation. Nevertheless, the Government now wishes to retroactively and unfairly impose the MDL Court's previously orders and restriction on *Schmiedeknecht*. Doing so will create a significant and irreconcilable prejudice against the *Schmiedeknecht* parties and create friction between the federal and state courts.

The Government's basis for the applicability of the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act is that permitting the out-of-state Defendants' deposition would frustrate the Court's ability to manage the MDL. See MDL Docket No. 3480 at 3. The Government quotes *Winkler v. Eli Lilly Co.*: "[A]n injunction [of a parallel state-court action] may be issued where 'necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" 101 F.3d 1196, 1201 (7th Cir. 1996), quoting *Atlantic Coastline R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970).

This argument does not hold water and fails to show any substantial federal interest. Firstly, the MDL Court does not and has never held jurisdiction over the NECC criminal cases pending. The Judge who overseeing those criminal cases has never issued an order staying civil depositions of government witnesses for state court cases of which the Defendants are aware.

Second, there is no basis to the Government's assertion that depositions of certain witnesses will in any way frustrate this Court's ability to manage the MDL. As made evident in the previous Scheduling Conference, the MDL is nearing its conclusion. Most cases have been remanded to their state courts. The remaining Tennessee parties have entered into settlement discussions, while only the Box Hill cases remain, and the bellwether trials are scheduled to begin in 2018. These MDL cases have already taken the depositions of many of the witnesses the out-of-state Defendants which to depose. Those parties can expect no interference or prejudice from any actions taken by the *Schmiedeknecht* parties.

Third, the Government's assertion that staying the depositions will prevent "the frustration of superior federal interests" (that being the criminal trial of the NECC and Barry Cadden) is no longer pertinent. The criminal trial concerning the NECC and Barry Cadden had already commenced. The subject matter of the intended depositions was made public during the trial. Therefore, it is illogical for the Government to assume a civil deposition will interfere with its criminal proceedings as the information which was once protected by the grand jury privilege is now public record.

Despite the Government's proposition that the out-of-state Defendants may implement the trial transcript from the Barry Cadden trial in lieu of the deposition, the Defendants assert that the testimony is inadmissible hearsay and will not be permitted as evidence in the state matter. Furthermore, the Rhode Island Plaintiff will likely not agree to allowing such evidence

4

as they were denied the opportunity to cross examine each witness. In the interest of fairness to all state parties, the *Schmiedeknecht* parties must be permitted to depose the proposed witnesses.

In sum, the Rhode Island Defendants request clarification of the following issues:

(a) Are out-of-state civil cases which originated in state court and were never part of nor subject to the MDL proceedings in federal court (but nevertheless concern certain facts which were litigated in the MDL) subject to the MDL Court's previous and future orders, including but not limited to its July 2017 order to stay the depositions of certain witnesses;
(b) Are the out-of-state Defendants permitted to take the depositions of any FDA or NECC-related witnesses, including but not limited to Kenneth Boneau, Nicholas Booth, Derek Carvalho, Joseph Connolly, Mario Giamei, Jr., Beth Reynolds, Annette Robinson, Robert Ronzio, Cory Fletcher, Owen Finnigan, John Notariani, Barry Cadden, Sara Albert, Stacy Degarmo, Eric Kastango, Frank Lombardo, Samuel Penta, William Frisch, Edgardo Camacho, Edwin Cardona, Suneela Mistry, Tiffany Hyde, Tom Means, 30(b)(6) of the Food and Drug Administration, 30(b)(6) of UniClean, and 30(b)(6) of Analytical Research Laboratories;
(c) If this Court finds the out-of-state Defendants are subject to the MDL order, are the out-of-state Defendants permitted to take the depositions of any FDA or NECC-related witnesses *not* explicitly named in the MDL Court's July 5, 2017 order; and
(d) If the out-of-state Defendants are found to be subject to the MDL July 2017 order, are they also subject to the MDL's other orders, including but not limited to the Deposition Protocol? Those deponents who previously testified during MDL common discovery represented that they are protected from being re-deposed, citing to the Protocol. However, if *Schmiedeknecht* is not subject to the MDL Deposition Protocol, may those deponents assert immunity under the Deposition Protocol?

WHEREFORE, the out-of-state Defendants, respectfully move the Court to clarification the above issues and further deny the Government's motion to extend the stay on the *Schmiedeknecht* matter.

> Respectfully submitted,
> Abdul R. Barakat, M.D., and
> Ocean State Pain Management, P.C.,
> By their attorneys,
>
> */s/ Alysson M. Gray*
> Alysson M. Gray, Esq.
> R.I. # 9285 / M.A. # 691843
> 18 Tremont Street, Suite 330
> Boston, MA 02108
> Tel: (617) 227-0722 / Fax: (617) 227-0772
> agray@ccclaw.org

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2017, I served the above Motion upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

*/s/ Alysson M. Gray*
Alysson M. Gray, Esq.
R.I. # 9285
M.A. # 691843