UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 13-2419-RWZ |
| This Document Relates To: All Actions, | ) ) ) ) ) |  |

ORDER ON OCEAN STATE DEFENDANTS' MOTION TO INTERVENE IN THE MDL
AND REQUEST FOR CLARIFICATION OF THE COURT'S JULY 5, 2017 ORDER
[Docket No. 3437]

October 30, 2017

Boal, M.J.

Defendants Abdul R. Barakat, M.D. and Ocean State Pain Management, P.C. (the "Ocean State Defendants") have moved to intervene in this action for the limited purpose of seeking clarification of the Court's July 5, 2017 order staying the depositions of the Food and Drug Administration ("FDA"), Joe Connolly, John Notarianni, Rob Ronzio, and Barry Cadden pending further order of the Court. Docket No. 3437. To the extent necessary, the Court grants the Ocean State Defendants' motion to intervene.[1] For the following reasons, the Court grants in part and denies in part the motion for clarification.

I.      FACTUAL AND PROCEDURAL BACKGROUND

In early 2015, clinic defendants in this MDL issued deposition subpoenas to the FDA, NECC criminal defendants and former employees of NECC and its affiliated companies. On

---

[1] It is not clear that it is necessary to do so because the Ocean State Defendants were parties to the MDL at the time that the Court issued the orders at issue. Since that time, their cases were remanded to state court.

1

July 31, 2015, this Court (1) stayed the FDA deposition "until resolution of the criminal case," and (2) stayed the criminal defendants' depositions "pending resolution of the criminal charges against them." Docket No. 2123 at 16, 21. On January 4, 2016, on the government's motion, the Court stayed the depositions of Joseph Connolly and John Notarianni "until conclusion of the first criminal trial at which they testify or further order of the Court." Docket No. 2556.

On May 18, 2017, the Tennessee Clinic Defendants filed a motion for clarification of the Court's orders staying depositions. Docket No. 3381. The Ocean State Defendants joined in the Tennessee Clinic Defendants' motion for clarification. Docket No. 3399. On July 5, 2017, the Court denied the motion for clarification:

> After careful consideration of the parties' arguments, the Court denies the motion. Among other things, at the time that the Court issued the relevant orders, it did not anticipate that Judge Stearns would sever the criminal trials. In addition, the criminal charges against Cadden and Ronzio are not finally resolved at this time. Accordingly, the depositions of the FDA, Joe Connolly, John Notarianni, Rob Ronzio, and Barry Cadden shall continue to be stayed pending further order of the Court.[2]

Docket No. 3416.

On August 16, 2017, the Ocean State Defendants filed the instant motion seeking clarification of the Court's July 5, 2017 order. Docket No. 3437. The government opposed the motion. Docket No. 3448.

The Court heard oral argument on September 21, 2017. The Court gave the parties additional time to submit briefing regarding the application of the Anti-Injunction Act to the Ocean State Defendants' motion. See Docket No. 3472. The government filed a supplemental

---

[2] The parties did not seek clarification with respect to the criminal defendants other than Cadden and Ronzio, presumably because the criminal trials against those defendants had not yet commenced.

brief on October 5, 2017.  Docket No. 3480.  The Ocean State Defendants filed a reply on October 12, 2017.  Docket No. 3483.

II.     ANALYSIS

The Ocean State Defendants seek clarification on three issues:

(1) Are out-of-state cases that were never removed to federal court but nevertheless involve defendants who were once parties to the MDL subject to the MDL court's order staying depositions?

(2) If so, are the defendants permitted to take the depositions of any FDA or NECC related witnesses not explicitly named in the Court's July 5, 2017 order? and

(3) Are the defendants permitted to take the depositions of criminal trial witnesses not explicitly referred to in the Tennessee Clinic Defendants' motion for clarification, the Ocean State Defendants' joinder, or the Court's July 5, 2017 order?[3]

Docket No. 3437 at 9.[4]

    A.    Whether The Ocean State Defendants May Take The Depositions Of The FDA, Joe Connolly, John Notarianni, Rob Ronzio, and Barry Cadden In State Cases That Were Never Part Of The MDL

The Ocean State Defendants argue that this Court lacks the authority to intervene or disrupt state court proceedings and, therefore, that it does not have the authority to stay the

---

[3] In their motion, the Ocean State Defendants provided a list of specific names.  See Docket No. 3437 at 9, n. 9.

[4] In their reply brief, the Ocean State Defendants added a fourth area for clarification for the first time.  Docket No. 3483 at 5.  Specifically, the Ocean State Defendants ask the Court to clarify whether, if the out-of-state defendants are subject to the MDL July 2017 order, are they also subject to the MDL's other orders, including but not limited to the Deposition Protocol?  Id.  As the Ocean State Defendants raise this issue for the first time in the reply brief, with no effort at developed argumentation, the Court declines to answer this question.

depositions of the FDA, Joe Connolly, John Notarianni, Rob Ronzio, and Barry Cadden in cases that were never part of the MDL.  See Docket No. 3483 at 1-4.  The Court disagrees.

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  The Anti-Injunction Act, however, prevents federal courts from staying state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "Together the All Writs Act and the Anti-Injunction Act govern whether it is proper to enjoin state court litigation when the state court action is pending at the time injunctive relief is requested."  Newby v. Enron Corp., No. H-01-3624, 2002 WL 1001056, at *4 (S.D. Tex. May 1, 2002).

The Anti-Injunction Act, however, does not apply to injunctions sought by the United States.  In re Grand Jury Subpoena, 866 F.3d 231, 233 (5th Cir. 2017); United States v. Phillips, 580 F. Supp. 517, 519 (N.D. Ill. 1984) (citing Mitchum v. Foster, 407 U.S. 225, 235-236 (1972); Leiter Minerals, Inc. v. United States, 352 U.S. 220, 225-226 (1956)).  As such, the Anti-Injunction Act does not prevent this Court from staying the depositions of the FDA, Connolly and Notarianni as it was the United States who sought those stays.

In addition, injunctions of state court proceedings may be issued "when necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case."  Newby, 2002 WL 1001056, at * 4 (quoting Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 299 (1970)).  Federal courts have invoked their authority under the All Writs Act in multi-district litigation where parties to federal litigation, or their

attorneys, have attempted to use the state courts to undermine the federal court's ability to control the proceedings before it.  Id. at *5 (citing cases).

In Winkler v. Eli Lilly & Co., the Seventh Circuit held that "the Anti-Injunction Act does not bar courts with jurisdiction over complex multidistrict litigation from issuing injunctions to protect the integrity of their rulings, including pre-trial rulings like discovery orders, as long as the injunctions are narrowly crafted to prevent specific abuses which threaten the court's ability to manage the litigation effectively and responsibly."  101 F.3d 1196, 1203 (7th Cir. 1996).  Such an injunction, however, may only be directed to parties (and their counsel) whose cases were presently part of the federal multidistrict litigation, or who were properly part of the MDL at the time the court issued the discovery order.[5]  See id.

The Court finds that allowing the Ocean State Defendants in the state cases to take depositions that the Court has previously stayed would jeopardize this Court's ability to effectively manage this MDL.  This Court stayed the depositions of the NECC criminal defendants, including Ronzio and Cadden, because such depositions would implicate the defendants' Fifth Amendment rights.  The Court also stayed the depositions of the FDA, Connolly, and Notarianni because such depositions would likely interfere with the criminal case.[6]  Allowing the stayed depositions to proceed in state court would effectively nullify this

---

[5] As stated above, both the Ocean State Defendants and their counsel were part of the MDL at the time that the Court issued the relevant orders.

[6] The Ocean State Defendants state that "the MDL Court does not and has never held jurisdiction over the NECC criminal cases pending.  The Judge who [sic] overseeing those criminal cases has never issued an order staying civil depositions of government witnesses for state court cases of which the Defendants are aware."  Docket No. 3483 at 4.  However, the Court notes that the subject orders were issued in the MDL because the United States litigated those issues in the context of the MDL.  In any event, the undersigned magistrate judge was also the magistrate judge assigned to the NECC criminal matter at the time the original orders staying the depositions were issued.

Court's prior orders. Accordingly, the Court finds that the Ocean State Defendants may not take the depositions of the FDA, Connolly, Notarianni, Ronzio, and Cadden in the state cases pending further order of the Court.

  B. Whether The Ocean State Defendants Are Allowed To Take Depositions Of FDA And NECC Related Witnesses Not Specifically Named In The Order

The Ocean State Defendants are not allowed to take depositions of FDA related witnesses not specifically named in the July 5, 2017 order. The Court previously stayed the Rule 30(b)(6) deposition of the FDA. The Ocean State Defendants may not attempt an end run of the Court's order by noticing the depositions of individual FDA employees.

Nothing in the July 5, 2017 order, however, prevents the Ocean State Defendants from taking depositions of NECC related witnesses that were not specifically stayed by the Court's prior orders.

  C. Whether The Ocean State Defendants May Take The Depositions Of Criminal Trial Witnesses Not Explicitly Named In The Order

Finally, the Court clarifies that nothing in the July 5, 2017 order prevents the Ocean State Defendants from deposing criminal trial witnesses whose deposition the Court has not previously stayed.

III. ORDER

For the foregoing reasons, the Court grants in part and denies in part the Ocean State Defendants' motion for clarification and orders as follows:

1. The Ocean State Defendants may not take the depositions of the FDA, Joe Connolly, John Notarianni, Rob Ronzio, and Barry Cadden in connection with state cases that were never part of the MDL until further order from the Court;

2. The Ocean State Defendants may not take the depositions of FDA related witnesses not specifically named in the Court's orders until further order from the Court; and

3. The Ocean State Defendants may take the depositions of NECC related individuals and criminal trial witnesses whose deposition the Court has not previously stayed.

>/s/ Jennifer C. Boal
>JENNIFER C. BOAL
>United States Magistrate Judge