UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> Suits Naming the Box Hill Defendants[1] ) | MDL No. 2419 <br> Dkt. No 1:13-md-2419 (RWZ) |

### BOX HILL DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO SUMMARY JUDGMENT ON PLAINTIFFS' PUNITIVE DAMAGES CLAIM

Defendants, Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (hereinafter, collectively "Defendants"), by undersigned counsel, submit this Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Plaintiffs' Punitive Damages Claim.

Punitive damages cases in Maryland are extraordinarily rare—and they are even rarer in medical malpractice cases—since the Court of Appeals held a party seeking punitive damages must prove "actual malice" by "clear and convincing evidence." *See Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 469 (1992).[2] Maryland courts define "actual malice" as "the performance of an act without legal justification or excuse, but with an **evil or rancorous motive influenced by hate**, the **purpose** being to **deliberately and willfully injure the plaintiff**." *Miller v. Schaefer*, 80 Md. App. 60, 69 (1989) (emphasis added). Plaintiffs do not dispute this definition of "actual

---

[1] Those lawsuits specifically include: *Handy v. Box Hill Surgery Center, LLC, et al.* No: 1:14-cv-14019-RWZ; *Armetta v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14022-RWZ; *Torbeck v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14023-RWZ; *Kashi v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14026-RWZ; *Bowman v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14028-RWZ; *Dreisch v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14029-RWZ; *Davis v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14033-RWZ; *Farthing v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14036-RWZ.

[2] The Maryland Court of Appeals has made clear that the trial court must consider the "substantive evidentiary burden" at both the directed verdict stage and summary judgment stages. *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 269 (2004).

malice" and have failed to proffer any evidence that they have met their burden of proof as to any of these required elements.

Rather than dispute the shortcomings of their claim, Plaintiffs attempt to circumvent this burden by couching their claim for punitive damages in allegations of fraud. *See* Dkt. No. 3485 at 22. As a preliminary matter, Plaintiffs' contention that Defendants in some way committed fraud is irreconcilable with the fact that this Court dismissed Plaintiffs' Maryland consumer fraud claims earlier in this litigation. *See* Dkt. No. 2225 at 7.[3] Nevertheless, Plaintiffs offer the bald assertion that their punitive damages claim survives Defendants' motion for summary judgment because the claim survived Defendants' motion to dismiss earlier in this litigation. Such an argument conveniently, and inexplicably, turns a blind eye to the basic tenants of civil procedure.[4]

In *Ellerin v. Fairfax Sev., F.S.B.*, the Maryland Court of Appeals had occasion to consider the availability of punitive damages where the defendant allegedly committed fraud. 337 Md. 216 (1995). Reasoning that punitive damages in the context of fraud "inherently involve[] a state of mind" that is "characterized by knowing and deliberate wrongdoing," the court held that a plaintiff satisfies the element of "**actual malice**" and supports a punitive damages award when the evidence shows that the defendant committed **fraud** with "**actual knowledge of falsity,**[5] **coupled with [an]**

---

[3] While Plaintiffs' Massachusetts consumer protection claims were not dismissed earlier, those claims are wholly irrelevant to "fraud" as defined and enforced by Maryland courts and are subject to summary judgment.

[4] *Compare Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"), *with Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (in order to survive summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact that is sufficient to warrant trial).

[5] Punitive damages *must* be based on a defendant's conscious wrongdoing. *Zenobia*, 325 Md. at 460. "The knowledge component, which we hold is necessary to support an award of punitive damages, does *not* mean 'constructive knowledge' or 'substantial knowledge' or 'should have known.' More is required to expose a defendant to a potential punitive damages award. The plaintiff must show that the defendant *actually* knew of the defect and of the danger of the product at the time the product left the defendant's possession or control." *Id*. at 462.

**intent to deceive.**[6] *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 265 (2004) (analyzing *Ellerin*, 379 Md. at 228–34) (emphasis added). Plaintiffs have shown no evidence supporting those allegations here; rather, Plaintiffs claim that ignorance is no excuse and that Defendants should have known what they were doing was wrong or fraudulent. Maryland law is clear, however, that mere misjudgment and/or failure to use due care are insufficient to demonstrate fraud for purposes of punitive damages. *See, supra*, note 6.

Plaintiffs cannot escape summary judgment on the matter of punitive damages because they have failed to demonstrate that Defendants acted with "actual malice." Indeed, Plaintiffs are unable to make any showing that Dr. Bhambhani acted "with an evil or rancorous motive" in treating her patients that was "influenced by hate" for her patients. Additionally, Plaintiffs are incapable of establishing the required **intent** element of "actual malice," which is that Dr. Bhambhani must have provided care with the purpose of "deliberately and willfully" injuring her patients. The only evidence even remotely related to Dr. Bhambhani's state of mind shows that Dr. Bhambhani cared deeply for her patients, which is a far cry from deliberately and willfully intending to injure them or even that she was influenced by hate in doing so.

Accordingly, Defendants are entitled to judgment as a matter of law because Plaintiffs have patently failed to satisfy their burden to demonstrate either of these intent requirements by "clear and convincing" evidence.

---

[6] *See Ellerin*, 337 Md. at 238–39 (the tort of fraud has remained the same in Maryland since 1871 and Maryland's highest court has repeatedly refused to expand the tort to encompass liability for negligent and grossly negligent representations); *Cahill v. Applegarth*, 98 Md. 493, 502 (1904) ("Misjudgment, however gross, or *want of caution*, however marked, *is not fraud*. Intentional fraud, as distinguished from a mere breach of duty or *the omission to use due care*, is an essential factor in an action for deceit."); *Boulden v. Stilwell*, 100 Md. 543, 552 (1905) ("[A] misrepresentation believed by the speaker to be true, though induced by his ignorance or negligence, will not sustain an action for deceit.").

Respectfully submitted,

/s/ Gregory K. Kirby
Catherine W. Steiner
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland  21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2017, I served the above Reply upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Gregory K. Kirby
Gregory K. Kirby, Esq.