UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEW ENGLAND COMPOUNDING )
PHARMACY, INC. PRODUCTS LIABILITY )
LITIGATION )
                                                                                 )    MDL No. 2419
                                                                                 )    Dkt. No 1:13-md-2419 (RWZ)
THIS DOCUMENT RELATES TO: )
                                                                                 )
Suits Naming the Box Hill Defendants[1] )

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO SUMMARY JUDGMENT ON PLAINTIFFS' MASSACHUSETTS CONSUMER PROTECTION CLAIM

Defendants, Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (hereinafter, collectively "Defendants"), by undersigned counsel, submit this Reply to Plaintiffs' Opposition to Box Hill Defendants' Motion for Summary Judgment on Plaintiffs' Massachusetts Consumer Protection Claim.

It is undisputed that Plaintiffs brought the Massachusetts consumer protection action at issue in the Circuit Court for Baltimore County, Maryland. Plaintiffs are not Massachusetts consumers, and Defendants are not Massachusetts companies or citizens. Notwithstanding these facts, Plaintiffs have asked this Court—sitting in place of a Maryland court—to utilize a Massachusetts long-arm statute to exercise jurisdiction in order to enforce Massachusetts consumer protection claims that were filed in Maryland state court. The basis of Plaintiffs' claim in Maryland is that they are entitled to the civil remedies under Mass. Gen. Law Chapter 93A § 9 because Defendants allegedly violated Mass. Gen. Law Chapter 93A § 2.

---

[1] Those lawsuits specifically include: *Handy v. Box Hill Surgery Center, LLC, et al.* No: 1:14-cv-14019-RWZ; *Armetta v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14022-RWZ; *Torbeck v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14023-RWZ; *Kashi v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14026-RWZ; *Bowman v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14028-RWZ; *Dreisch v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14029-RWZ; *Davis v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14033-RWZ; *Farthing v. Box Hill Surgery Center, LLC, et al.* No. 1:14-cv-14036-RWZ.

As a preliminary matter, the plain language of Section 9(1) presents an insurmountable barrier to Plaintiffs' Massachusetts consumer protection claims because the statute applies exclusively to actions brought in a Massachusetts court. Mass. Gen. Laws Ch. 93A § 9(1). Consistent with this forum requirement, the First Circuit has explained that Chapter 93A was "a statute designed to protect against **in-state frauds**" and that it was not intended to protect **"non-Massachusetts residents** [who] are **here** attempting to recover for the allegedly unfair trade practices of a corporation in Massachusetts." *Compagnie De Reassurance D'lle de France v. New England Reinsurance Corp.*, 57 F.3d 56, 90 (1st Cir. 1995) (emphasis added). The "here" in the above statement refers to bringing the action in Massachusetts, which was not done.

Plaintiffs' claims further collapse due to the fact that, even assuming *arguendo* that Section 9 did somehow apply to Defendants, there is no means by which this Court can properly exercise jurisdiction over Defendants in relation to those claims. The Massachusetts long-arm statute upon which Plaintiffs rely, codified at Chapter 223A § 3(a), does not apply to claims brought in Maryland courts; rather, Chapter 223A governs "**Jurisdiction of Courts of the Commonwealth** over Persons in Other States and Countries." (emphasis added). The long-arm statute simply does not apply to claims brought in Maryland courts under these circumstances. The fact that these cases were removed to this Court by action of the JPML for purposes of more efficient pretrial discovery has no impact on this analysis.

The case law cited by Plaintiffs readily supports the inapplicability of the Massachusetts long-arm statute to courts other than Massachusetts courts. *Good Hope Indus., Inc. v. Ryder Scott Co.*, 389 N.E.2d 76 (Mass. 1979), the case upon which Plaintiffs surprisingly premise their assertion that this Court has personal jurisdiction, perfectly illustrates this fact. In *Good Hope*, the plaintiffs were all Massachusetts residents and the claims against a Texas corporation were filed

in Massachusetts state court. The court even went as far as to emphasize the fact that "Massachusetts ha[d] a legitimate interest in providing a forum for the suit, considering that each of the plaintiffs is headquartered [in Massachusetts]" and that the "principal vehicle for controlling the other plaintiff corporations [was] a Massachusetts corporation." *Id*. at 83.[2]

Given their failure to bring this action in a Massachusetts court and the fact that neither Plaintiffs nor Defendants are Massachusetts citizens or corporations, Plaintiffs are left to grasp at the fact that Defendants transacted business with NECC, a now dissolved Massachusetts company. This assertion does little to remedy the inadequacies of their claims, and Plaintiffs are unable to point to any case law in which a non-resident plaintiff was able to maintain a claim—especially against a non-resident defendant—under the Massachusetts' consumer protection laws in a jurisdiction other than Massachusetts. Defendants, too, are unaware of any such case. Moreover, NECC is not a party to this action, nor does it even exist anymore, and Plaintiffs allege that the Defendants are independently negligent and liable. Not surprisingly, Maryland courts addressing Massachusetts consumer protection claims in similar cases have dismissed claims identical to these. *See* Order, Circuit Court for Baltimore County (Souder, J.), attached as **Exhibit 1**.

Plaintiffs have failed to point to any statute or governing body of case law supporting their contention that the Massachusetts consumer protection law protects non-resident plaintiffs. Moreover, Plaintiffs are unable to establish that a Maryland state court can exercise personal jurisdiction over Defendants for such a claim by means of a Massachusetts long-arm statute. Accordingly, Defendants are entitled to judgment as a matter of law.

---

[2] In fact, the court even explained that the plaintiffs' eligibility to file their consumer protection claims under Section 3(a) was based on the fact that they registered to do business in Massachusetts prior to the court's ruling on defendant's motion to dismiss. *Good Hope*, 389 N.E.2d at 83 n.18 ("We note that although the defendant's affidavit indicates none of the four plaintiff subsidiary corporations of Industries was registered to do business in Massachusetts when the complaint was filed, each of them had so registered before the judge ruled on the defendant's motion to dismiss. **These four plaintiffs were, therefore, eligible to maintain this action against the defendant in the courts of the Commonwealth.**") (emphasis added).

Respectfully submitted,

/s/ Gregory K. Kirby
Catherine W. Steiner
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland  21204
(410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2017, I served the above Reply upon the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ Gregory K. Kirby
Gregory K. Kirby, Esq.