UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions Naming SPECIALTY SURGERY CENTER | |

**MOTION FOR DISBURSEMENT OF
SPECIALTY SURGERY CENTER QUALIFIED SETTLEMENT FUND
ADMINISTRATIVE EXPENSES**

The Plaintiffs' Steering Committee ("PSC") and the defendants involved in cases stemming from injections at the Specialty Surgery Center (the "Crossville Defendants") reached a global settlement involving all cases in October of 2017 (the "Specialty Surgery Center Settlement").

Pursuant to the terms of the Specialty Surgery Center Settlement Claims Resolution Facility Procedures (the "Matrix") which was incorporated into the Master Settlement Agreement governing the Specialty Surgery Center Settlement, the administrative expenses to administer the funds are to be paid from the Specialty Surgery Center Settlement.

In the past, clinic settlements often involved at least two payments, an initial payment and a final payment after the determination of administrative expenses and common benefit assessments against the underlying fund.[1] To speed the process with regard to the Specialty Surgery Center Settlement and to lessen the administrative burden, the PSC proposes that a single payment be made from the Specialty Surgery Center Settlement Fund.

---

[1] The Court may recall that this was the manner in which the Saint Thomas Settlement was paid to eligible plaintiffs. *See* Dkt. Nos. 3412, 3414, and 3467.

1

To accomplish this, the PSC solicited bids from its vendors for flat rate amounts for the services offered in administering the Specialty Surgery Center Settlement Fund. The Claims Administrator, Dan Balhoff (who also was the Claims Administrator for the Saint Thomas Settlement Fund) provided such an estimate. The payment administrator/escrow agent, Epiq Systems, Inc., (who also served in this role for the Saint Thomas Settlement Fund) also provided such an estimate. At this time, the PSC does not anticipate any other administrative expenses in order to finalize and payout the Specialty Surgery Center Settlement Fund to eligible plaintiffs.

To this end, the PSC proposes payment to these vendors in the below identified amounts contingent upon them completing the work assigned to them as part of administering the Specialty Surgery Center Settlement Fund.

1. **Payment To Claims Administrator In The Amount of $10,000.00**

The Claims Administrator performed, or will perform, the following functions: 1) create a matrix for allocation of the Specialty Surgery Center Settlement Fund; 2) collecte and review individual claimant submissions for allocation of points pursuant to the matrix; and 3) make a final award determination for each individual claimant to be used in allocating the monies from the Specialty Surgery Center Settlement.[2]

The PSC hired Dan Balhoff of the firm Perry Dampf Dispute Solutions in Baton Rouge to act as Claims Administrator because of his work related to the Saint Thomas Settlement Fund. Mr. Balhoff agreed to perform these functions for a flat $10,000.00 fee.[3]

In November of 2017 Mr. Balhoff began his work as the Claims Administrator and in the near future will solicit claim forms from eligible plaintiffs. He will then calculate applicable points and issue final award determinations.[4]

---

[2] *See* Declaration of Benjamin A. Gastel at ¶ 3, a copy of which is attached as Exhibit A.

[3] Gastel Decl., ¶ 3.

As a result, the PSC respectfully requests that the Court enter an order allowing Mr. Balhoff's fee to be paid from the Specialty Surgery Center Settlement Fund, consistent with the terms of the Matrix, when Mr. Balhoff completes his work.

**2.  Payment to Escrow Agent In the Amount of $9,840.00**

In addition to the Claims Administrator, a payment administrator and escrow agent was needed to administer the Specialty Surgery Center Settlement Fund.  The PSC hired Epiq Systems, Inc. ("Epiq") as the escrow agent given its familiarity with the claimants and the present litigation (Epiq had previously acted as Settlement Administrator with regard to the NECC Tort Trust claims process and payment administrator/escrow agent with regard to the Saint Thomas Settlement Fund).[5]

Epiq has provided, or will provide, the following services: 1) set up and establish the escrow account with the bank holding the funds; 2) aid in the payment of individual awards to individual claimants by cutting checks and mailing checks to individual claimants; 3) aid in lien clearance and help ensure that claimants have satisfied certain lien obligations prior to payments to individual claimants;[6] and 4) field questions and emails from claimants and claimants' counsel on status of payment, lien resolution, and administration.[7]

---

[4] *Id*.

[5] The PSC recently requested the Court appoint Epiq as the Payment Administrator/Escrow Agent and submitted the Escrow Agreement governing this role under seal. Dkt. No. 3492.  This request is currently pending.

[6] It should be noted that Benjamin A. Gastel from the law firm of Branstetter, Stranch, and Jennings also aids with this lien clearance.  Mr. Gastel is not seeking payment of any fees for his time in this effort as part of this Motion.

[7] *See* Ex. A, Gastel Decl, ¶ 4.

Despite Epiq not knowing precisely how much time it will take to complete this work for the Specialty Surgery Center Settlement Fund, Epiq agreed to fulfill this work for a flat rate of $9,840.00.

The PSC respectfully requests that the Court authorize payment of $19,940.00 for the work and expenses incurred or that will be incurred in administering the Specialty Surgery Center Settlement Fund.

A proposed order granting the present motion is attached as Exhibit B.

Dated: December 8, 2017

Respectfully submitted,

**/s/ Benjamin A. Gastel**
J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH & JENNINGS PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com
beng@bsjfirm.com

Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO, LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &

BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
Telephone: (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Phone: (540) 342-2000
pfennell@crandalllaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Benjamin A. Gastel, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: December 8, 2017                             **/s/ Benjamin A. Gastel**
                                                    Benjamin A. Gastel