UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MDL No. 13-02419-RWZ


IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
Case No. 1:14-cv-13509-RWZ


## FINAL ORDER APPROVING WRONGFUL DEATH DISTRIBUTIONS AND DISMISSING THE CASE WITH PREJUDICE

December 14, 2017


ZOBEL, S.D.J.

Petitioner Tosha Andrews, Administrator of the Estate of Sara D. Culp, also known as Sara D. Andrews, deceased, by counsel, pursuant to Va. Code § 8:01-55, requests the court's entry of an order approving the distribution of settlement proceeds among the statutory beneficiaries and others as reflected in her Petition for Final Approval of Distribution of Wrongful Death Settlement Proceeds Pursuant to Va. Code § 8.01-55 (the "Petition").

Upon consideration of the Petition, the evidence heard in open court and by telephone or video link, and for good cause shown, the court finds and orders the following:

1. The court has previously approved the underlying settlement of the petitioner's claims, subject only to a final order regarding distribution of the settlement proceeds. The petitioner's claims under applicable settlement agreements have been

processed, and funds have been awarded to petitioner for payment to the statutory

beneficiaries, subject to applicable attorney fees, costs and expenses, and liens.

2. The court finds the following:

(a) The court hereby finds that the efforts of the administrator of the estate

and her counsel to identify and locate all potential statutory beneficiaries of this

wrongful death estate have been reasonable and sufficient under the circumstances of

this case. Further, the court finds that the petitioner has provided proper notice to the

potential beneficiaries as required by law. Each statutory beneficiary has had the

opportunity to state their position orally and in writing as to the amount of the settlement

that should be awarded to them.

(b) The court hereby finds that the chart attached to the Petition as Exhibit

A represents a complete list of known statutory beneficiaries for the purposes of

determining the proper distribution of the settlement funds in this case.

(c) The court hereby finds the attorney fees and expenses, to be paid as

ordered below, to be fair and reasonable under the circumstances of this case.

(d) The court hereby finds the fees and expenses of Rodney Andrews'

court-appointed Guardian *ad litem*, to be paid as ordered below, to be fair and

reasonable under the circumstances of this case. The court hereby orders that such

fees and expenses shall be paid solely from Rodney Andrews' portion of the settlement

proceeds.

(e) The court hereby finds the fees and expenses of Brandon Andrews'

court-appointed Guardian *ad litem*, to be paid as ordered below, to be fair and

reasonable under the circumstances of this case. The court hereby orders that such

fees and expenses shall be paid solely from Brandon Andrews' portion of the settlement proceeds.

3.  The petitioner has received final payment letters from two agencies with valid and enforceable liens against the settlement proceeds; Medicare Advantage (managed by Rawlings & Co., Inc.) and the Commonwealth of Virginia Department of Medical Assistance Services (Virginia Medicaid), which provided healthcare services to the petitioner's decedent prior to her death.  The amounts of those liens are the following:

(a) Medicare Advantage (Rawlings): $84,386.81

(b) Virginia Medicaid: $24,458.42

4.  The Tort Trustee is hereby ordered to make distribution of the settlement proceeds as follows:

(a) To Crandall & Katt and Tosha Andrews, Administrator of the Estate of Sara D. Culp, deceased: $1,078,146.46, this amount to be further apportioned by Crandall & Katt as follows:

(i)     $431,258.58 to Crandall & Katt in payment of its attorney fees;

(ii)    $25,522.65 to Crandall & Katt in payment of its expenses associated with this case;

(iii)   $84,386.81 to Medicare Advantage, in payment of its lien;

(iv)    $24,458.42 to the Commonwealth of Virginia Department of Medical Assistance Services in payment of its lien;

(v)     $245,280.00 to Tosha Andrews in payment of her portion of the proceeds as statutory beneficiary (subject to repayment

of pre-settlement loans);

(vi) $5,900.00 to Brandon Andrews in payment of his portion of the proceeds as statutory beneficiary (subject to payment of reasonable expenses in the amount of $0.00 and reasonable fees in the amount of $900.00 for his Guardian *ad litem*);

(vii) $5,000.00 to Nina Andrews in payment of her portion of the proceeds as statutory beneficiary;

(viii) $6,340.00 to Rodney Andrews in payment of his portion of the proceeds as statutory beneficiary (subject to reasonable expenses in the amount of $0.00 and reasonable fees in the amount of $1,340.00 for his Guardian *ad litem*);

(ix) $75,000.00 to Roger Eugene Culp in payment of his portion of the proceeds as statutory beneficiary;

(x) $75,000.00 to Joseph Andrews in payment of his portion of the proceeds as statutory beneficiary;

(xi) $75,000.00 to Charles E. Andrews in payment of his portion of the proceeds as statutory beneficiary;

(xii) $5,000.00 to Alexis Andrews in payment of her portion of the proceeds as statutory beneficiary;

(xiii) $5,000.00 to Laura Jennings in payment of her portion of the proceeds as statutory beneficiary;

(xiv) $5,000.00 to Cassie Jennings in payment of her portion of

the proceeds as statutory beneficiary;

(xv)   $5,000.00 to Corey Jennings in payment of her portion of the proceeds as statutory beneficiary; and

(xvi)  $5,000.00 to Michael Gilmer in payment of his portion of the proceeds as statutory beneficiary.

(b) Any future payments to the estate of Sara D. Culp, deceased, after payment of additional attorney fees, expenses and liens (if any), shall be distributed among the foregoing statutory beneficiaries in the same proportion as those payments reflected above.

(c) Any individuals who may otherwise be entitled to a share of the proceeds of the settlement funds as a statutory beneficiary, but whose identity and/or location remains unknown despite the efforts of the administrator and counsel to locate and provide direct notice of the hearing on the distribution of the settlement proceeds to such potential statutory beneficiaries, shall receive $0.00 in payment of their portion of the proceeds.

5. The petitioner's lawsuits against any and all defendants in the settlements are hereby DISMISSED WITH PREJUDICE, with all parties bearing their own costs and expenses.

ENTERED THIS 14th day of December, 2017.

_____

SENIOR UNITED STATES DISTRICT JUDGE

# Sara Delphia Culp Andrews
(DOB: 6.17.1932
DOD: 12.15.2013)



Children of Sara Delphia Culp Andrews



| Debbie Denise Andrews (DECEASED) | Roger Eugene Culp *11621 Bridgeport Rd. Taneytown, MD 21787* | Joseph Andrews *2327 Cantle Lane Rke., VA 24018* | William Dale Andrews, Jr. *Status and Location Unknown* | Charles E. Andrews *3733 Summerplace VA Beach, VA 23453* | James Kevin Andrews (DECEASED) |

**Brandon Andrews (43)**
**a/k/a Nafar Pierson (SO# P01083077)**
*Fulton County Jail*
*901 Rice Street*
*Atlanta, GA 30318*

**Tosha Andrews (32)**
*2327 Cantle Lane*
*Rke., VA 24018*

**Nina Andrews (39)**
*322 Liberty Road, NE*
*Roanoke, VA 24012*

**Rodney Andrews (35)**
*C/O Johnson Ayers & Matthrews*
*John D. Eure, Esq.*
*310 First Street, SW*
*Suite 700*
*Rke., VA 24011*

**Alexis Andrews ( )**
*C/O CooleySublettPearson*
*Stuart J. Pearson, Esq.*
*2965 Colonnade Dr., Ste. 200*
*Rke., VA 24018*

**Laura Jennings (22)**
*2721 Deerfield Road, SW*
*Rke., VA 24015*

**Cassie Jennings (27)**
*2721 Deerfield Road, SW*
*Rke., VA 24015*

**Corey Jennings (27)**
*2426 Westover Ave.*
*Rke., VA 24015*

**Michael Gilmer (27)**
*716 Welton Avenue*
*Rke., VA 24015*

**EXHIBIT A**