**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>Dkt. No. 1:13-md-2419 (RWZ) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**THE PLAINTIFFS' STEERING COMMITTEE'S**
**DECEMBER 18, 2017 STATUS REPORT**

The Plaintiffs' Steering Committee provides this status report in lieu of its customary agenda for the December 19, 2017 status conference. This report identifies (1) pending and potential MDL matters that the Court may need to address in the short-term and (2) the Court's actual and potential long-term responsibilities.[1] Given the following, the PSC recommends that the Court suspend monthly status conferences and, instead, hold a status conference every four months – in order to hear updates about the status of the Tennessee settlements and the Tort Trust.

### I.     PROCEDURAL BACKGROUND

For context, the PSC briefly summarizes the status of litigation with respect to particular plaintiff/defendant groups.

**A.     Claims against NECC and the National Defendants were resolved.**

All claims by MDL plaintiffs against NECC, its affiliates, insiders, and national defendants were resolved as part of the NECC bankruptcy plan. That settlement was approved by the Bankruptcy Court and distribution to national claimants is well underway. The PSC provided a list of civil actions that were completely resolved by the plan and therefore ought to be dismissed.[2]

The PSC understands that the Tort Trustee will file a separate report concerning the status of

---

[1] This status report updates the PSC's June 1, 2017 status report (ECF 3397).

[2] ECF 2450.

payments to claimants.

**B.     New Jersey: Inspira settled and Premier cases were transferred.**

All claims by New Jersey MDL plaintiffs against the Inspira defendants have been settled. The settlement was approved as part of the Bankruptcy Plan and distribution of funds to Inspira claimants is complete.

The remaining New Jersey MDL cases, against the Premier defendants, were remanded to New Jersey state court.

**C.     Virginia:  Insight settled.**

All claims by Virginia MDL plaintiffs against the Insight defendants have been settled.  The settlement was approved as part of the Bankruptcy Plan and distribution of funds to Insight claimants is ongoing.

**D.     Michigan:  MPS settled outside of the MDL.**

Claims by Michigan plaintiffs against Michigan Pain Specialist were resolved as part of a class settlement in Michigan state court.  That class settlement was approved by the court in Michigan and the process of distribution to Michigan Pain Specialist claimants is underway.  Cases against another Michigan clinic, NMRC, were tried in Michigan state court resulting in a jury verdict for the defendant.  There appear to be no additional cases against Michigan clinics or doctors in the MDL.

**E.     Rhode Island and New Hampshire: cases were remanded or resolved.**

MDL plaintiffs' claims against the Ocean State (RI) and Pain Care (NH) defendants have either been dismissed or transferred from the MDL.  There appear to be no additional cases against Rhode Island or New Hampshire clinics or doctors in the MDL.

**F.     Tennessee:  All cases against the Tennessee defendants have been settled or remanded.**

*St. Thomas Settlement:* Claims by Tennessee MDL plaintiffs against the Saint Thomas

defendants were settled.  The settlement was approved by each plaintiff with a claim against Saint Thomas individually, and the distribution of funds to Saint Thomas claimants is largely completed. First and second payments to all but one plaintiff have been made and/or authorized. Under the terms of the Settlement Agreement, the Court may now dismiss claims of those individuals who have been paid. To that end, counsel for defendants in these cases will file a Consent Dismissal Order (forthcoming) to dismiss all cases, except for the one case awaiting payment. Other than formally dismissing the cases against St. Thomas, no Court involvement is currently needed.

*Specialty Surgery Center Settlement:* Cases against Specialty Surgery Center have also been settled.  The parties have executed the necessary settlement documents. To finalize the settlement and ensure plaintiffs are timely paid, the following actions from the Court are respectfully requested:

1. Enter an order establishing the qualified settlement fund to allow funding of the settlement (ECF 3492-2, filed under seal);

2. Enter an order allowing the payment of administration costs from the qualified settlement fund (ECF 3496-2); and

3. Enter an order assessing awarding fees and expenses against the qualified settlement fund consistent with the Court's Common Benefit Order (ECF 1333). A motion for common benefit assessment is forthcoming.

The Court remanded the only case against PCA Pain that remained pending in this MDL.

**G.    Maryland:  Only the *Handy* MDL case against Box Hill remains.**

Since the last status conference, the parties filed a stipulation of voluntary dismissal resolving seven of the eight pending civil actions against Box Hill in this MDL (ECF 3494).  The remaining Box Hill case is a wrongful death/survival action relating to the death of Mrs. Brenda Rozek, *Handy v. Box Hill Surgery Center, LLC*, et al. No. 1:14-cv-14019-RWZ; plaintiffs are represented by Harry Roth and Michael Coren of Cohen Placitella and Roth.

Accordingly, the Motion to Strike the Reports and to Exclude Testimony by Expert Witnesses for the Box Hill Defendants (ECF 3462) and Box Hill Defendants' motions for partial summary judgment (ECF Nos. 3454-3460) remain pending before the Court.

**H.   All directly-filed cases have been remanded, resolved, or transferred.**

All cases filed directly in the District of Massachusetts as part of MDL 2419 (that are not part of the Box Hill, Specialty Surgery, or Saint Thomas groupings) have been dismissed or transferred. The Court entered an order transferring the last two remaining directly filed cases (ECF 3406, granting ECF 3379).[3]

**I.   MDL Common Benefit fees have been paid.**

The Court issued an order permitting payment of the final MDL common benefit fees (ECF 3475, granting ECF 3471). All firms have now been paid.

## II.   SHORT-TERM MATTERS

**A.   Administratively closing civil actions naming only settling entities.**

The Court may need to administratively close any remaining dockets which named only settling entities.[4] Although this docket cleanup may already be complete for the national settlement (it is difficult for the PSC to tell from PACER), given the incredible burden imposed on the clerk it would be understandable if this enormous task has not yet been completed. (The PSC is happy to help in any way that we can.)

The PSC suggests that counsel for the defendants in the settled or dismissed St. Thomas, Specialty Surgery Center, and Box Hill cases meet and confer with the appropriate plaintiffs' counsel and then provide the Court with a list of cases that should be administratively closed.

---

[3] *Kennedy v. UniFirst*, 13-cv-13227; *Kennedy v. APAC*, 14-cv-13689; *Musselwhite v. UniFirst*, 13-13228; *Musselwhite v. APAC*, 14-13676.

[4] *See* PSC Notice (listing all cases naming only settling defendants in which entry of final judgment may be entered), ECF 2450.

B. **Dismissing the St. Thomas cases.**

As mentioned above, the Court will need to formally dismiss the cases against St. Thomas that are subject to dismissal. This includes the 87 cases that will be identified in a Consent Dismissal Order (forthcoming).

C. **Administering the Specialty Surgery Center settlement and common benefit assessment.**

As mentioned above, the parties and/or the PSC respectfully request that the Court enter an order: 1) establishing the qualified settlement fund (ECF 3492-2, filed under seal); allowing payment of administrative expenses (ECF 3492-4); and assessing a common benefit award against the settlement fund (motion forthcoming).

D. **Presiding over the *Handy* Box Hill trial.**

As mentioned above, the Court may wish to set a pretrial schedule and trial date for the *Handy* case.

E. **Address discovery matters.**

It is possible that this Court may be asked to enforce or (if circumstances change) modify its orders addressing the efforts of non-MDL parties to take certain discovery (*see*, *e.g.*, Electronic Order Denying Motion for Clarification re FDA depositions, ECF 3416; Order On Ocean State Defendants' Motion to Intervene and Request for Clarification of the Court's July 5, 2017 Order, ECF 3488).

### III.   LONG TERM MATTERS

A. **Supervising the Saint Thomas and Specialty Surgery Center Settlements**

The Court retains ongoing supervision of the Tennessee Saint Thomas and Specialty Surgery Center settlements. It will take some time to conclude effectuating these settlements. Only one additional plaintiff remains to be paid from the Saint Thomas settlement and the PSC hopes this payment is made in the near future. Thereafter, that case, along with the other Saint Thomas cases

may be dismissed.

With regard to Specialty Surgery Center, the PSC anticipates that payments to the Specialty Surgery Center plaintiffs may be available as early as January of next year (assuming the Court enters the orders discussed above). Some payments will have to await lien clearance, and this may take a few additional months. The PSC hopes that by February or March of next year all claimants will be paid and the Specialty Surgery Center cases may then be formally dismissed.

**B.      Ongoing Jurisdiction over the Tort Trust**

The Court maintains oversight of the NECC National Settlement and the Tort Trust. The second distribution to claimants should deplete all funds currently held in the Tort Trust with the exception of funds, if any, held in reserve to pay future anticipated fees and expenses of the Tort Trustee. The Tort Trust will remain open thereafter, as there remains the possibility under the Bankruptcy Plan that the principles of NECC will receive tax refunds related to their payments into the NECC Bankruptcy Estate. Pursuant to the Bankruptcy Plan, those funds, if realized, would spill from the NECC Bankruptcy Estate into the Tort Trust and would then be distributed to national claimants in a third distribution.

No substantial Court involvement is anticipated, but the Court will need to retain jurisdiction over the Tort Trust in anticipation of receipt of such tax returns and through any third and final distribution to claimants.

## IV.      CONCLUSION

In light of the above report, including the fact that there remains only one action to be tried in this MDL, the PSC recommends that the Court forgo monthly status conferences at this time. Instead, the PSC recommends holding status conferences every four months, for the purpose of providing the Court with an updated report on the status of the Tennessee settlements and the Tort Trust.

Dated: December 18, 2017

Respectfully submitted,

**/s/ Kristen A. Johnson**
Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

*Plaintiffs' Lead Counsel*

Elizabeth J. Cabraser
Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
mchalos@lchb.com

*Federal/State Liaison*

Marc E. Lipton
LIPTON LAW
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
marc@liptonlawcenter.com

Kim Dougherty
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
Telephone:  (617) 933-1265
kdougherty@myadvocates.com

Patrick T. Fennell
CRANDALL & KATT
366 Elm Avenue, S.W.

8

Roanoke, Virginia 24016
Phone:  (540) 342-2000
pfennell@crandalllaw.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSETTER, STRANCH &
JENNINGS PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN  37203
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@branstetterlaw.com

Mark Zamora
ZAMORA FIRM
6 Concourse Parkway, 22nd Floor
Atlanta, GA 30328
Phone: (404) 451-7781
Fax: (404) 506-9223
mark@markzamora.com

*Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I, Kristen A. Johnson, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: December 18, 2017                    **/s/ Kristen A. Johnson**
                                            Kristen A. Johnson, BBO # 667261