```
 1              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
 2           DOCKET NO. 1:13-MD-2419 (RWZ)
 3         IN RE: NEW ENGLAND COMPOUNDING
                 PHARMACY, INC. PRODUCTS
 4                LIABILITY LITIGATION
 5
              THIS DOCUMENT RELATES TO:
 6
         ARMETTA, ET AL. V. BOX HILL SURGERY CENTER,
 7                      LLC, ET AL.
                   NO. 1:14-CV-14022-RWZ
 8
          BOWMAN, ET AL. V. BOX HILL SURGERY CENTER,
 9                      LLC, ET AL.
                   NO. 1:14-CV-14028-RWZ
10
           DAVIS, ET AL. V. BOX HILL SURGERY CENTER,
11                      LLC, ET AL.
                   NO. 1:14-CV-14033-RWZ
12
          DREISCH, ET AL. V. BOX HILL SURGERY CENTER,
13                      LLC, ET AL.
                   NO. 1:14-CV-14029-RWZ
14
         FARTHING, ET AL. V. BOX HILL SURGERY CENTER,
15                      LLC, ET AL.
                   NO. 1:14-CV-14036-RWZ
16
           KASHI, ET AL. V. BOX HILL SURGERY CENTER,
17                      LLC, ET AL.
                   NO. 1:14-CV-14026-RWZ
18
          TORBECK, ET AL. BOX HILL SURGERY CENTER,
19                      LLC, ET AL.
                   NO. 1:14-CV-14023-RWZ
20
           HANDY, ET AL. V. BOX HILL SURGERY CENTER,
21                      LLC, ET AL.
                   NO. 1:14-CV-14019-RWZ
22
23
24   DEPONENT:   LAXMAIAH MANCHIKANTI, M.D.
     DATE:       FEBRUARY 16, 2017
25   REPORTER:   CHELSEA SEVILLA-LOZADA
```

EXHIBIT 3

Page 102

1 this objection.
2     MR. KIRBY: Okay. Thank you. I'll call him
3 back in. By the way, while he's out, what's the --
4 how much longer do you think you have, Jay, because
5 I know then Harry probably has some questions, too.
6     MR. MILLER: I've got to stop probably at
7 around quarter of 3:00.
8     MR. MILLER: Meaning the deposition has to be
9 done by then?
10    MR. MILLER: No. I'm going to -- I'll let --
11 I'll stop questioning, Glenn will take over and let
12 Harry do his questioning, but we'll be done our part
13 by quarter of 3:00.
14    MR. KIRBY: Okay. Harry, do you think -- do
15 you think with your questioning, I don't know how
16 much you have, that we could be done by 4:30? Wait,
17 wait, wait. So we're on -- we're in separate time -
18 - this can be off the record, by the way.
19    (OFF THE RECORD)
20 BY MR. MILLER:
21  Q  Doctor, I want to clarify this paragraph that
22 begins "If or when she obtained materials from NECC, she
23 saw or would have seen representations by NECC," and
24 then there's about seven lines of different
25 representations. Isn't it true that you now know that

Page 103

1 Dr. Bhambhani didn't see any representations from NECC,
2 correct?
3  A  That's correct.
4  Q  So his opinion, then, really isn't applicable
5 anymore. I mean, there was no reassurance from any
6 representation, because we know she didn't get any,
7 correct?
8     MR. KIRBY: Objection to form.
9  A  Yes. That's correct, she has not seen any of
10 this.
11 Q  Okay. Is your opinion that Dr. Bhambhani had
12 no inclination to do any investigation, however limited,
13 of NECC prior to using them at Box Hill based in part
14 because she had had this prior experience with NECC at
15 her prior employer?
16    MR. KIRBY: Objection to form. You can answer.
17 A  Well, not in part. She had the prior
18 experience of her own, and that doesn't have anything to
19 do with the prior employer. The prior employer was the
20 one who initiated -- in any case, she was practicing on
21 her own, whether she was employed by someone else or
22 that -- that suffices to make orders from the same
23 entity where you are getting them from. That is
24 satisfactory. That is standard of practice.
25 Q  Well, continuing with that propriety we were

Page 104

1 just talking about, at the very end reinforces the
2 propriety of Box Hill's due diligence prior to
3 purchasing from NECC.
4  A  Which one is that?
5     MR. KIRBY: What's the question?
6  A  What page are we talking about?
7  Q  Page 8, the same paragraph we were just
8 talking about, the very last line of that paragraph.
9  A  Oh, okay.
10 Q  Reinforces the propriety of Box Hill's due
11 diligence prior to purchasing from NECC. Due -- what
12 due diligence did Dr. Bhambhani exercise?
13    MR. KIRBY: Objection to form, foundation, and
14 the commentary before the question.
15 A  Well, if you are reading -- if I'm reading
16 that sentence that is related to your question, there
17 were no guidelines from any major medical associations,
18 that is true, there were no guidelines for her to do a
19 due diligence, or for -- by her surgery center prior to
20 purchasing medication compounded such as NECC.
21 Q  My question is what due diligence did Dr.
22 Bhambhani do? She did nothing, right?
23    MR. KIRBY: Objection. Asked and answered.
24 A  Well, her own experience is the due diligence
25 to a great extent. Then she did not do any additional

Page 105

1 due diligence and that is what we are saying. I am
2 saying, that there are no guidelines to do such thing,
3 for example, we did not do any due diligence either
4 afterwards, or before, so that is the standard practice
5 among surgery centers, and offices, and by physician
6 practices.
7  Q  So if we take away her prior employment
8 experience, I want you to assume hypothetically that Dr.
9 Bhambhani started practice on her own in 2007, has never
10 heard of NECC, and says "I've got to purchase a
11 compounded drug," opens a phone book up and picks NECC,
12 do your testimony and your opinions that's all she's
13 required to do, if they're a licensed compounding
14 pharmacy, she's met the standard of care?
15    MR. KIRBY: Objection to form, foundation, the
16 hypothetical nature, and facts not in evidence. You
17 can answer.
18 A  Well, as you said, it is completely
19 hypothetical, but if that situation arises, if she opens
20 the telephone book, she will not find NECC there. The
21 way she will find where to get these drugs is, again,
22 she has to go back to her previous employer or where she
23 was trained, or a senior or a friend, or somebody else
24 and find out about the information, and then if she is
25 not satisfied with that information, then she may check