UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * *
                                    *
*IN RE NEW ENGLAND COMPOUNDING      *
 PHARMACY, INC., PRODUCTS LIABILITY * MDL No. 13-md-02419.
 LITIGATION                         *
                                    *
* * * * * * * * * * * * * * * * * * *

BEFORE THE HONORABLE RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE
and
THE HONORABLE JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

STATUS CONFERENCE
December 19, 2017

Courtroom No. 12
1 Courthouse Way
Boston, Massachusetts 02210

JAMES P. GIBBONS, CSR, RPR, RMR
Official Court Reporter
1 Courthouse Way, Suite 7205
Boston, Massachusetts  02210
jmsgibbons@yahoo.com

```
 1    APPEARANCES:

 2          HAGENS BERMAN SOBOL SHAPIRO, LLP, (By Kristen A.
       Johnson, Esq.), 55 Cambridge Parkway, Suite 301,
 3     Cambridge, Massachusetts  02142, on behalf of
       Plaintiffs' Steering Committee
 4

 5          BRANSTETTER, STRANCH & JENNINGS, PLLC, (By James
       Gerard Stranch, IV, Esq., and Benjamin A. Gastel, Esq.)
 6     227 Second Avenue North, Fourth Floor, Nashville,
       Tennessee 37201, on behalf of Plaintiffs' Steering
 7     Committee

 8          CASNER & EDWARDS, (By Lynne F. Riley, Esq.), 303
       Congress Street, Boston, Massachusetts   02210, on
 9     behalf of the Tort Trustee

10          NUTTER, McCLENNAN & FISH, LLP (By Sarah P. Kelly,
       Esq.), Seaport West, 155 Seaport Blvd, Boston,
11     Massachusetts 02210, on behalf of the St. Thomas
       entities
12

13    VIA PHONE:

14          COHEN, PLACITELLA & ROTH, PC, (By Michael Coren,
       Esq.), Two Commerce Square, 2001 Market Street, Suite
15     2900, Philadelphia, Pennsylvania  19103, on behalf of
       Meghan Handy
16

17          PESSIN KATZ LAW, P.A., (By Catherine W. Steiner,
       Esq.), 901 Dulaney Valley Road, Suite 500, Towson,
18     Maryland 21228, on behalf of the Box Hill Defendants

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2          THE CLERK:  All rise.

 3       (Whereupon, the Courts entered.)

 4          THE CLERK:  This is In Re: New England Compounding,

 5    13MD2419.

 6          HONORABLE RYA W. ZOBEL:  Good afternoon.

 7          MS. JOHNSON:  Good afternoon, your Honors.

 8          HONORABLE RYA W. ZOBEL:  Ms. Johnson, I have, as

 9    usual, your Steering Committee status report, but before we

10    get to that, I think there are some motions that we could

11    deal with.

12       There is an unopposed motion to seal certain

13    documents -- this is Docket No. 3492 -- which is allowed.

14       There is a Motion for Disbursement of Specialty Surgery

15    Center Qualified Settlement Fund Administrative Expenses

16    that was not quite ripe for opposition.

17       Will there be opposition?

18          MR. STRANCH:  No, your Honor.

19          HONORABLE RYA W. ZOBEL:  So I will allow that as

20    well.

21          THE CLERK:  What number was that, Judge?

22          JUDGE ZOBEL:  That was No. 3496.

23          THE CLERK:  Thank you.

24          MR. STRANCH:  The order on that is on 3492-2, just

25    the proposed order.
```

1          MR. GASTEL:  And, if I may, the defendants have

2    requested that that order be filed under seal, similar to

3    what we did with the St. Thomas motion.

4          HONORABLE RYA W. ZOBEL:  The motion at 3496 for

5    disbursement, is that the one that is to be sealed?

6          MR. GASTEL:  That does not have to be sealed, your

7    Honor.

8       It's 3492-2 that needs to be filed under seal.

9          HONORABLE RYA W. ZOBEL:  I did allow that.

10         MR. GASTEL:  Yes.

11         HONORABLE RYA W. ZOBEL:  So, whatever is going to

12   be filed will be redacted?

13         MR. GASTEL:  Yes, your Honor.

14      It's similar to --

15         HONORABLE RYA W. ZOBEL:  Then you will file under

16   seal an unredacted version, will you not?

17      (No response.)

18         HONORABLE RYA W. ZOBEL:  I don't know how much is

19   to be redacted, and sometimes it's impossible -- well, I

20   mean, even the redacted document which is attached is really

21   quite meaningless.

22      I thought the motion to file under seal means that a

23   full version will be filed under seal and the redacted

24   version will be the one on the public record.

25         MR. STRANCH:  That's correct, your Honor.  We will

1   get with the defendants and figure out what they want

2   redacted exactly and we' will submit that to the Court.

3          MR. GASTEL:  We previously send to chambers the

4   unredacted version of 3492 and --

5          HONORABLE RYA W. ZOBEL:  Did it go through the

6   electronic process?

7          MR. GASTEL:  We filed it, sort of, under seal,

8   consistent with the court's local rules, where we put the

9   redacted version on the ECF system --

10          HONORABLE RYA W. ZOBEL:  I'm sure Lisa can find it.

11          MR. GASTEL:  I have a copy of it here.

12          THE CLERK:  I have it here.  AnaMaria had filed it.

13   So it's already done.

14      So are we just going to grant the Motion to Seal, which

15   is 3492, and it's already field under seal as 3493, correct?

16          MR. GASTEL:  That's -- I believe that that's right,

17   yes.

18          HONORABLE RYA W. ZOBEL:  So that takes care of

19   that.

20          THE CLERK:  Yes.

21          HONORABLE RYA W. ZOBEL:  Then we come to the status

22   report of the Trustee, of the Tort Trustee.

23      There is mention of a bunch of small claims, including

24   67 that are represented by one law firm.  My question is,

25   what do we do about that?  I mean, is there any reason, for

1  example, why we should not put a cutoff date before

2  supplying the necessary and forfeit what they're not

3  claiming?

4       MS. RILEY:  Your Honor, this is Lynne Riley, the

5  Tort Trustee.

6       If the Court could do it, we were looking -- at the

7  last status conference we said we'd go back and look and see

8  if there were any provisions that provide for claims that

9  essentially haven't complied with the requirement that lien

10  resolutions be submitted timely.  I don't see that there is

11  any provision in any of the documents or the plan that was

12  confirmed.  However, if the Court wants to impose a

13  deadline, then perhaps that will assist in moving these

14  last --

15       HONORABLE RYA W. ZOBEL:  It doesn't make any sense

16  to just let it sit there.

17       MS. RILEY:  Well, as far as I understand, they are

18  still working.  These are all opt outs.  They're trying to

19  resolve their liens independent of the national -- of the

20  collective settlement, so -- and some of them are fairly

21  substantial.  I mean, there is -- a lot of them are under

22  the 3,000, as I said.

23       However, for example, the one law firm that we are in

24  communication with trying to get them to resolve about 67

25  claimants that we --

 1          HONORABLE RYA W. ZOBEL:  That's the one I'm talking

 2     about.

 3          MS. RILEY:  -- Andrews & Thornton, yes.

 4       Well, we've been in touch with them several times.

 5     They're fairly substantial claims.  So I would -- on the

 6     larger claims, maybe I can understand that they're still

 7     trying to resolve those with the private health insurers or

 8     Medicare, but the others are not --

 9          HONORABLE RYA W. ZOBEL:  Well, what is your

10     suggestion as to what we should do?  We can't let it sit

11     there forever.

12          MS. RILEY:  Well, I think -- let's try to give it

13     three more months, and I will file another status report.

14     We made some progress since the last status conference.  I

15     think that the last time there were -- there's been 50 or 60

16     resolved since the last status conference.  And perhaps if

17     we indicate that the Court's going to set a deadline with

18     claimants that haven't been paid, after I file my next

19     status report, then, yes, then the Court can impose

20     something at that time.

21          HONORABLE RYA W. ZOBEL:  Mr. Johnson?

22          MS. RILEY:  My concern is that some of these

23     claimants are pro se, and they are the ones that are

24     receiving under 3,000 in amount of distribution, and we're

25     still working with them, trying to be satisfied that we have

```
 1     what we need to be able to validate no liens and pay them.

 2         And even if you look at the disparity of the 1884 first

 3     distributions to claimants and 1857 second distributions,

 4     some of the smaller pro se claimants I believe they received

 5     their first distribution without satisfying me that they had

 6     no liens, because I know I've got enough there to cover if a

 7     lien did show up.  But we are trying to work with them.  So

 8     I do think I still have some opportunity to get some of

 9     these paid, including these pro ses.  So I would like three

10     more months before the Court imposes any sort of a deadline.

11             HONORABLE RYA W. ZOBEL:  Would it help to let the

12     lawyer who has 67 cases to let him know, or her know, that

13     if he doesn't do what he needs to do then the Court is going

14     to impose a cutoff date?

15         MS. RILEY:  Yes.  I will absolutely let them know

16     that.  I just communicated with them about two weeks ago,

17     but I'll send another letter letting them know that.

18             HONORABLE RYA W. ZOBEL:  Ms. Johnson.

19         MS. JOHNSON:  Perhaps it would make sense for the

20     Court to enter an order to show cause by a date certain as

21     to why those can't be resolved by a particular date.  So,

22     for example, an order to show cause to the firm that

23     represents the 67 clients.  I am distinguishing that from

24     those with claims underneath 3,000.  And perhaps that firm

25     should be asked to show cause by January 31, as to why these
```

```
1    matters can't be resolved by -- you said three months?
2             MS. RILEY:  Yes, the next quarterly report.
3             MS. JOHNSON:  By March.
4             HONORABLE RYA W. ZOBEL:  I am perfectly happy to do
5    that.  Why don't you let me have a proposed order, and then
6    I'll deal with it.  I think it's necessary to do something.
7             MS. RILEY:  I agree.
8             HONORABLE RYA W. ZOBEL:  You're working very hard
9    to get them to answer, and they sit back and do nothing.
10        Okay.  I think that brings us to the Steering
11   Committee's Status Report.
12             MS. JOHNSON:  Yes.  Thank you, your Honor.
13        I believe at the last status conference we went through
14   in some detail the status of all of the cases against
15   defendants that have been completely resolved.  So I would
16   suggest that the Court start with the "Short-Term Matters,"
17   which begin on page 4.
18        So Item A, your Honor, refers to "administratively
19   closing" --
20             HONORABLE RYA W. ZOBEL:  I am happy to accept your
21   suggestion.
22             MS. JOHNSON:  Excellent.  We will communicate to
23   the defendants.  I don't know that an order has entered from
24   the Court.  I believe it's sufficient for us to communicate
25   to the defendants that you would like by -- if you'd let us
```

1   know when -- a list of all the cases that ought to be

2   closed, and we'll make sure that that gets to you.

3           HONORABLE RYA W. ZOBEL:  Do we need as much time as

4   the March date for our next conference, or should we do it

5   earlier than that?

6           MS. JOHNSON:  I think the March date makes sense,

7   your Honor.

8       If you, perhaps, required it before the March

9   conference, so that if there are any lingering issues, they

10  could be addressed in March.

11          HONORABLE RYA W. ZOBEL:  When in March?  Do we have

12  a date yet?

13          MS. JOHNSON:  I don't believe that we do, your

14  Honor.

15          HONORABLE RYA W. ZOBEL:  Why don't we set a date,

16  and then we can work with that date to do whatever we need

17  to do.

18      (Whereupon, the Court and deputy clerk conferred.)

19          MR. STRANCH:  How about March 22?

20          THE CLERK:  March 22?

21      We have nothing on that day.

22          HONORABLE RYA W. ZOBEL:  What day of the week is

23  it?

24          THE CLERK:  March 22 is a Thursday, Judge.

25          HONORABLE RYA W. ZOBEL:  We'll try it.  If we have

1   serious conflicts, we will contact you.

2          MR. STRANCH:  Okay.

3          HONORABLE RYA W. ZOBEL:  So with that date in mind

4   then, you will begin to let me have these orders in

5   Paragraph A.

6          MS. JOHNSON:  Yes, your Honor.

7       That brings us to Item B, the dismissal of the

8   St. Thomas cases, which Mr. Stranch will address.

9          MR. STRANCH:  Thank you, your Honor.

10      As mentioned in Item B, the St. Thomas motions, those

11  have all been paid out except for one claim.  They are

12  trying to resolve the lien issue with the government on that

13  one last remaining claim.  We are doing everything we can

14  within our power to help expedite that process.  In the

15  interim, St. Thomas has filed a motion to dismiss the

16  remaining cases, and that is pending before the Court, and

17  we have no opposition to it.

18          HONORABLE RYA W. ZOBEL:  I will allow the motion to

19  dismiss.

20      Do you know what the number is?

21          MR. STRANCH:  Yes.  It's 3502-01.

22          HONORABLE RYA W. ZOBEL:  All right.

23      Then C?

24          MR. STRANCH:  And then moving on to C, the Court

25  has already granted the qualified settlement fund that we

1     just discussed at the beginning.

2         And then the payment of administrative expenses, which

3     is 3492-4, also needs to be granted.  It's part and parcel

4     of that full motion.

5         And then there will -- it has not yet been filed, but

6     we will be filing with the Court a motion to assess the

7     common benefit fee award against those settlement funds at

8     some point in the near future once the settlement gets --

9         HONORABLE RYA W. ZOBEL:  Should I allow these

10    motions before you file the other one, the next one?

11        MR. STRANCH:  Yes, your Honor.

12        HONORABLE RYA W. ZOBEL:  Okay.

13    That brings us to D.

14        MS. JOHNSON:  Yes, your Honor.

15        As the Court is aware, seven of the eight Box Hill

16    cases were dismissed.  There was a joint stipulation of

17    dismissal filed earlier.  There remains one case against Box

18    Hill in the MDL, and that is the Handy case.

19    Counsel for --

20        HONORABLE RYA W. ZOBEL:  Is there anybody here for

21    the plaintiff in that case?

22        MS. JOHNSON:  Mr. Coren, I believe, is on the

23    telephone, your Honor.

24        HONORABLE RYA W. ZOBEL:  Okay.

25        MR. COREN:  Yes, your Honor.  Michael Coren on

```
1   behalf of Meghan Handy, your Honor.

2           HONORABLE RYA W. ZOBEL:  Let me ask you a question.

3   This is the only case left.  Do you want it tried here or in

4   Maryland?

5           MR. COREN:  Before your Honor in Massachusetts.

6           HONORABLE RYA W. ZOBEL:  In that case Judge Boal

7   will talk to you about -- you might as well do it now, since

8   we're at that case -- about the discovery for that trial.

9           HONORABLE JENNIFER C. BOAL:  As I understand it,

10  the common discovery is done but no schedule has been set

11  for case-specific discovery; is that correct?

12          MR. COREN:  Correct, your Honor.

13          HONORABLE JENNIFER C. BOAL:  And there are pending

14  summary judgment motions as well; is that right?

15          MR. COREN:  Correct, your Honor, as well as a

16  motion to strike the Box Hill quartet of experts.

17          HONORABLE JENNIFER C. BOAL:  There is a trial date

18  that I believe was set for one of the other Box Hill cases

19  for May -- it's either 4th or 14th.  Do you think the case

20  would be ready for trial by that date?

21          MR. COREN:  I'm sorry --

22          MS. STEINER:  I'm sorry, your Honor.

23      This is Catherine Steiner on behalf of Box Hill.  What

24  date did you say?

25          HONORABLE RYA W. ZOBEL:  Where were you?
```

1          MS. STEINER:  I'm here.  I've been here all along.

2          HONORABLE JENNIFER C. BOAL:  So my understanding is

3    that on Judge Zobel's calendar right now there is a date of

4    either -- I believe it's May 14 for a trial in this case,

5    not the Handy case, but for one of the cases that settled,

6    and my question was whether or not you would be ready for

7    trial on that date?

8          MS. STEINER:  Let me clarify, perhaps.

9       There was a date set on Judge Zobel's calendar for,

10   like, February for the Karshi case, which was one of the

11   selected bellwether cases.  The Handy case had had discovery

12   stayed pending that process.  Karshi has now been dismissed.

13      The May date that Judge Zobel may be referencing is

14   actually a date set aside in the Circuit Court for Harford

15   County, Maryland, for the first of the bellwether cases to

16   be tried here against Box Hill because --

17         HONORABLE RYA W. ZOBEL:  I don't know what you're

18   talking about.

19         HONORABLE JENNIFER C. BOAL:  That date is on Judge

20   Zobel's calendar.

21         MS. STEINER:  I don't know whether it is or it is

22   not, but logistically it would not have been because we are

23   scheduled to be in trial in the Circuit Court for Harford

24   County in the first of the bellwether cases there beginning

25   on May 17.

1          HONORABLE JENNIFER C. BOAL:   The question still

2     remains -- I don't know if those cases are going forward,

3     and all the other cases here have settled -- is May 14 an

4     available date for the parties?

5          MR. COREN:   From the plaintiff's perspective, your

6     Honor, yes.

7          MS. STEINER:   As a point of clarification, the

8     other seven cases did not settle.   They were voluntarily

9     dismissed by the plaintiff.

10        There is --

11        HONORABLE RYA W. ZOBEL:   Are those cases pending in

12    the state court?

13        MS. STEINER:   The cases -- the other cases that are

14    pending are pending in state court, but --

15        HONORABLE RYA W. ZOBEL:   But we have nothing to do

16    with those.   I mean, we had a bunch of cases.   We picked

17    certain of those for the bellwether trials, and now they are

18    all gone except this one.   And we're proposing to keep the

19    trial date that we had previously set for that group of

20    cases for the one remaining one.

21        MS. STEINER:   But, your Honor, I think where the

22    disconnect is coming from is the date that we had set aside

23    for the bellwether case in the MDL was actually at the end

24    of February, not in may.

25        HONORABLE JENNIFER C. BOAL:   So you'll have even

```
 1    more time.  So why don't we schedule it for May.

 2              MS. STEINER:  But, your Honor, my client, Box Hill,

 3    is already scheduled to be in trial in Maryland in a steroid

 4    case pending in Maryland that we --

 5              HONORABLE JENNIFER C. BOAL:  Are those the cases

 6    that you just dismissed from federal court?

 7              MS. STEINER:  No.  They are ones that were never in

 8    federal court.

 9              HONORABLE RYA W. ZOBEL:  So when do you say that

10    the case should be tried here, the remaining case, Handy?

11              MR. COREN:  Yes, your Honor.

12              MS. STEINER:  We will, once again, be renewing out

13    motion to remand, because it seems illogical to have a

14    single case in an MDL.  But we certainly will need a period

15    of at least several months to complete case-specific

16    discovery because there's been none.

17              HONORABLE JENNIFER C. BOAL:  So that would be May.

18              MS. STEINER:  Except that I'm at a little bit of a

19    loss as to how we are going to try two case for same the

20    client in two different states simultaneously.

21              HONORABLE JENNIFER C. BOAL:  All right.

22        So if Judge Zobel's calendar permits it, I assume she

23    could do it earlier if she had room.

24              HONORABLE RYA W. ZOBEL:  When do you want to try

25    it?
```

1              MS. STEINER:  Your Honor, with all consideration, I

2    don't think earlier is a possibility.  I think later --

3              HONORABLE RYA W. ZOBEL:  Why not?

4              MS. STEINER:  Because there has been no

5    case-specific discovery done.

6              HONORABLE RYA W. ZOBEL:  Well, how much time do you

7    need to do that?

8              MS. STEINER:  Presumably at least the same amount

9    of time that we had provided to us for the case-specific

10   discovery that was in the bellwether process, and that was a

11   matter of at least --

12             HONORABLE RYA W. ZOBEL:  The bellwether cases were

13   set, and they were all going forward until they settled, and

14   they included Ms. Handy.

15             MS. STEINER:  Your Honor, they didn't settle.  They

16   were voluntarily dismissed with no payment.

17             HONORABLE RYA W. ZOBEL:  Well, whatever.

18             HONORABLE JENNIFER C. BOAL:  And there was only

19   three months provided for case-specific discovery anyway.

20   And now you're saying you're not going to be ready with over

21   five months.  So that doesn't make sense.

22             MS. STEINER:  Well, presumably we could set it in

23   for sometime after May.  We can't do them at the exact same

24   point in time, and, given my trial calendar, the next

25   available trial date would be, I believe --

1          HONORABLE RYA W. ZOBEL:  Well, you know, we've

2   asked you now, when do you want to try it, the one case?

3          MS. STEINER:  That's what I'm trying to answer for

4   your Honor.

5          HONORABLE RYA W. ZOBEL:  Give me a date.

6          MS. STEINER:  I believe we -- I would ask Mr. Coren

7   to indicate, because I don't think he's ever had to before,

8   how long he anticipates the plaintiff's case would last,

9   because that will influence the amount of time and,

10  therefore, the duration.

11         MR. COREN:  My partner Harry Roth is going to be

12  lead trial counsel, addressed this to Judge Zobel, you know,

13  before.  And we thought the whole case was going to be --

14  you know, the whole trial, was going to be about two weeks,

15  which is what I recall Judge Zobel believing what the length

16  was going to be.  And so that remains the same.

17       Your Honor, an April date, a May date, for Mr. Roth

18  appears to work nicely, so whenever it's convenient for your

19  Honor.

20         HONORABLE RYA W. ZOBEL:  Well, is April good for

21  you, who represents the defendant?  I'm sorry.  I don't know

22  your name.

23         MS. STEINER:  It's Catherine Steiner, your Honor.

24         HONORABLE RYA W. ZOBEL:  April?

25         MS. STEINER:  I have a two-week window of time

1    between trials beginning April 9.

2           HONORABLE RYA W. ZOBEL:  Don't tell me what you

3    have on the docket.  Tell me when you want to try this case,

4    please.

5           MS. STEINER:  Well, as I hear Mr. Coren saying, he

6    could try the case in April.  If we have to try the case in

7    April, we can try it April 9.  If not then, it's not until

8    the middle of July or September.

9           HONORABLE RYA W. ZOBEL:  That's too long.  We can't

10   wait that long.  I can't believe that the case has to wait

11   that long.

12          MS. STEINER:  Your Honor --

13          HONORABLE RYA W. ZOBEL:  I mean, this is a

14   four-year-old case, and it's time for it to go.

15      April is not possible?

16          MS. JOHNSON:  I believe she proposed April 9.

17          HONORABLE RYA W. ZOBEL:  April 9?

18          MS. STEINER:  Yes.

19          HONORABLE RYA W. ZOBEL:  April 9 it is.

20          MR. COREN:  Very good, your Honor, and thank you.

21          HONORABLE RYA W. ZOBEL:  I think we need to have,

22   probably some time in mid March or early March, a pretrial

23   conference, which we can also do by telephone.

24      So we will give you a date for that right now.

25          THE CLERK:  Okay.

1          MR. COREN:  Excellent.  Thank you, your Honor.

2          THE CLERK:  So we can do --

3          MS. STEINER:  What date do we have for --

4          HONORABLE RYA W. ZOBEL:  Lisa?

5          THE CLERK:  I'm sorry.  Maybe we can do March 14?

6          HONORABLE RYA W. ZOBEL:  How about March 14 at 2:00

7  by telephone, pretrial conference?

8     And what I wish to do at that is to discuss with you

9  the process of the trial, how many jurors, talk about

10  challenges, which may be different where you are from what

11  we do here, talk about the issues to be tried, how we deal

12  with depositions, and exhibits in general, and that kind of

13  stuff.

14     So please be prepared for that, and we'll send you a

15  notice of what we would normally ask for.

16          MR. COREN:  Thank you, your Honor.

17          HONORABLE RYA W. ZOBEL:  Is that okay then?

18          MR. COREN:  From plaintiff's point of view, yes,

19  your Honor.

20          HONORABLE RYA W. ZOBEL:  And defendant?

21          MS. STEINER:  That's fine.

22     What will --

23          HONORABLE RYA W. ZOBEL:  I'm sorry.  I have

24  trouble -- excuse me.

25     I have great trouble hearing defense counsel.  We all

1    do.  Can you speak up?

2              MS. STEINER:  I apologize, your Honor.

3              HONORABLE RYA W. ZOBEL:  Much better.  Thank you.

4              MS. STEINER:  I apologize, your Honor.  I was

5    speaking directly to the telephone.

6         My question was, What deadlines will we have to be able

7    to complete the discovery that has not yet been done?

8              HONORABLE JENNIFER C. BOAL:  I will enter a

9    discovery order.  I will go back and take these dates and

10    issue a discovery order.

11             MR. COREN:  Your Honor, if I may?

12        What date -- in March again, what date in March for

13    the -- you know, I want to make sure I got the date down

14    right for the pretrial.

15             THE CLERK:  March 14 at 2:00.

16             MR. COREN:  March 14 at 2:00.  Thank you.

17             HONORABLE RYA W. ZOBEL:  There is one other issue.

18        There is pending a bunch of Box Hill summary judgment

19    motions, all of which have now gone away except this one.

20    Is this part of the -- was this case, the Handy case, part

21    of this packet of summary judgment motions?

22             MR. COREN:  Yes, your honor.

23             MS. STEINER:  Yes, your Honor.

24        As you recall, your Honor, at the last status hearing

25    that was not a deadline set for our opposition to -- for our

1    opposition to the plaintiff's motion to strike our experts.

2    So both of those issues remain pending in terms of motions.

3         HONORABLE RYA W. ZOBEL:  Let me just explain to

4    you.  One of the difficulties I have in this case is that,

5    for some reason, the defendant has filed four motions, all

6    dealing with the issue of negligence, each of which has

7    almost the maximum number of pages.  So I have a motion for

8    summary judgment on the negligence issue, with twenty pages

9    on duty, another 20 pages on causation.  And I think there's

10   a different duty that has 20 pages.  That is just

11   unacceptable.

12        The issue is negligence, and I would like counsel to

13   explain to me which of the pages they want me to read on the

14   issue of negligence in general.

15        Also related to this is a motion having to do with a

16   motion to strike an expert report.  To the extent that one

17   of the duty issues has to do with -- requires expert

18   evidence, apparently, or an expert report, even on the

19   summary judgment motion, would have like to have some

20   elucidation as to how all of that fits together.  And I

21   think it would be helpful to have a hearing on this motion,

22   this remaining motion for summary judgment, which has sort

23   of ballooned out of all -- you know, out of what ordinarily

24   would be a fairly simple negligence case.

25        In addition to that there is a Chapter 93A claim, and I

1  doubt that that is a available in the case of a Maryland

2  plaintiff.

3       So when can we have a hearing on this motion for

4  summary judgment?

5       These are my problems in trying to deal with it.

6       MR. COREN:  Your Honor, I presume that you would

7  like us in person for the motion?

8       HONORABLE RYA W. ZOBEL:  You can do that by

9  telephone, too, but I need to be able to hear you.

10      MR. COREN:  Okay.

11      Your Honor, one, the -- although they sound related,

12  the two motions, the two motions actually could stand alone.

13      HONORABLE RYA W. ZOBEL:  You mean the expert --

14      (Proceedings interrupted due to noise feedback.)

15      HONORABLE RYA W. ZOBEL:  The motion for summary

16  judgment and the motion to strike an expert report, to the

17  extent that the motion for summary judgment talks about the

18  need for an expert, is the motion to strike the expert

19  report part of summary judgment as well?

20      MR. COREN:  No, your Honor.

21      HONORABLE RYA W. ZOBEL:  Okay.

22      So we will simply have a hearing -- and the motion to

23  strike the expert goes only to the trial?

24      MR. COREN:  Correct, your Honor.

25      It's --

1      HONORABLE RYA W. ZOBEL:  So that will --

2      MR. COREN:  It's more, I guess, in the nature of an

3  *in limine* and Daubert motion.

4      HONORABLE RYA W. ZOBEL:  We'll put that off and

5  deal with it in conjunction with the pretrial hearing.

6      So when can we have the hearing on the motion for

7  summary judgment, with the suggestion from counsel as to how

8  to cut down these voluminous briefs?

9      MR. COREN:  Your Honor, from plaintiff's point of

10 view, your Honor, just looking at the schedule, if we could

11 have it scheduled anytime after January 22, if that's

12 acceptable to your Honor, it would be appreciated.

13     And, you know, once again, I'm more than happy to come

14 up to Boston from Philadelphia to argue before your Honor,

15 for many reasons, including which my daughter lives in

16 Boston, so it gives me a great excuse to come up and see

17 her.

18     HONORABLE RYA W. ZOBEL:  When in January after

19 January 22?

20     THE CLERK:  Do you want to do January 25 at 2:00?

21     HONORABLE RYA W. ZOBEL:  Does January 25 work for

22 you at 2:00?

23     MR. COREN:  Yes, your Honor, it does.

24     HONORABLE RYA W. ZOBEL:  If you both want to come

25 up, fine.  If you decide you want to do it by phone, please

```
 1    call Ms. Urso and let her know that.

 2         So January 25 at 2:00 I will either see you or, in one

 3    way or another, speak with you in support of and in

 4    opposition to the motion for summary judgment.

 5         And if defense counsel will tell me how to cut down on

 6    the briefing, I would much appreciate that before then.

 7              MS. STEINER:  We will provide something, your

 8    Honor.

 9              HONORABLE RYA W. ZOBEL:  Thank you.

10         Is there anything else with respect to Box Hill that we

11    need to talk about?

12         (No response.)

13              HONORABLE RYA W. ZOBEL:  Now, I would like to --

14    how much more do we have?  I have a jury that's ready to

15    report a verdict.

16              MS. JOHNSON:  I think we can be done, your Honor.

17    We've set the next status conference.  Everything else is

18    long-term matters that are identified for the Court's

19    convenience and planning purposes, but I think we've

20    addressed all the active items.

21              HONORABLE RYA W. ZOBEL:  I guess that's right.

22    We've gone through our list.

23         Okay.  As usual, thank you, all.

24              MS. JOHNSON:  Thank you.

25              MR. COREN:  Thank you, your Honor.
```

1          HONORABLE RYA W. ZOBEL:  <u>Handy</u> will remain with me,

2     unless, of course, you decide to settle or dismiss, which

3     would be nice.

4          MR. COREN:  Well, settle, nice; dismiss, no.

5          MS. STEINER:  And I would said the converse, your

6     Honor, so it looks like we will see you soon.

7          HONORABLE RYA W. ZOBEL:  Say that again.

8          MS. STEINER:  I said, I would say the converse.  I

9     would be happy to accept a dismissal, and it's not going to

10    be settled, so it looks like we'll see you soon.

11         HONORABLE RYA W. ZOBEL:  Okay.

12         MR. COREN:  Thank you, your Honor.

13         HONORABLE RYA W. ZOBEL:  Thank you.

14       Farewell.

15         MS. JOHNSON:  Thank you, your Honor.

16         MR. STRANCH:  Thank you, your Honor.

17         HONORABLE RYA W. ZOBEL:  Thank you.

18         THE CLERK:  All rise.

19       (Proceedings adjourned.)

20

21

22

23

24

25

## **C E R T I F I C A T E**

    I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

<u>/s/James P. Gibbons</u>          January 8, 2018
    James P. Gibbons

        JAMES P. GIBBONS, CSR, RPR, RMR
          Official Court Reporter
       1 Courthouse Way, Suite 7205
        Boston, Massachusetts 02210
          jmsgibbons@yahoo.com