LAW OFFICES
**COHEN, PLACITELLA & ROTH**
A PROFESSIONAL CORPORATION
TWO COMMERCE SQUARE
2001 MARKET STREET, SUITE 2900
PHILADELPHIA, PENNSYLVANIA 19103

(215) 567-3500
FAX (215) 567-6019
www.cprlaw.com

RED BANK, NJ
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

HARRY M. ROTH
hroth@cprlaw.com
MICHAEL COREN
mcoren@cprlaw.com

January 19, 2018

**Via ECF**
Honorable Rya W. Zobel
United States District Court Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

**RE:**   New England Compounding Pharmacy, Inc. Products Liability
Litigation, Case No. 1:13-md-02419-RWZ.
**This document relates only to***: Handy v. Box Hill Surgery Center
No: 1:14-cv-14019-RWZ
Dkt. No: 3511 Box Hill Surgery Center Motion for Summary
Judgment*

Dear Judge Zobel:

We represent Plaintiff Meghan Handy, Administratrix of the Estate of Brenda Rozek, deceased in the captioned matter pending before Your Honor. We write to call the Court's attention to a recent, January 12, 2018, decision of the First Circuit, *United States v. Stepanets, et al*, Nos. 16-2402, 16-2403 and 16-2404 (Slip op. Jan. 12, 2018). We attach a copy of the Slip opinion. We believe this recent decision has bearing on the pending summary judgment of the Box Hill

Clinic Defendants where they are challenging plaintiffs' entitlement to claim punitive damages.

In *Stepanets* the First Circuit reversed Judge Stearns rulings last year in the NECC criminal matters before him in which he dismissed the Federal Food, Drug & Cosmetic Act (FFDCA) misbranding charges against three of NECC pharmacists: Alla Stepanets, Kathy Chin, Michelle Thomas. The indictment charged each defendant with having dispensed drugs in violation of the FFDCA, specifically by causing misbranded drugs to be introduced into interstate commerce with the intent to defraud or mislead in violation of 21 U.S.C. §§ 353(b)(1), 331(a), and 333(a)(2). Under the FFDCA a pharmacist "misbrands" a drug when he or she dispenses it without a valid prescription from an authorized prescriber. The indictment charged the three with dispensing NECC's prescription drugs involved in the 2012 outbreak upon bogus prescriptions both as a principal actor and as an aider and abettor.

In the matter before Your Honor, Dr. Bhambhani is charged with having written bogus prescriptions—that is using past Box Hill clinic patients' names—to obtain multiple (five vials per name) 5 ml vials preservative free MPA from NECC. The laws of both Massachusetts (which are controlling as NECC's pharmacy is here in Massachusetts) and Maryland, where Dr. Bhambhani practiced

Judge Zya Zobel
January 19, 2018
Page 3

pain medicine, as well as federal law, require patient specific prescriptions in order for a pharmacy to dispense a prescription drug. Flowing from this, Plaintiffs' Complaint against the Box Hill Clinic Defendants charges them with, *inter alia*, aiding and abetting NECC's disregard, violation and circumvention of applicable Massachusetts law and regulations, by, among other things, supplying false and bogus prescription order forms to NECC in connection with obtaining from NECC's compounded MPA and other prescription drugs. See Complaint ¶¶131, 188 (r) and (y);271-275, 288.[1]

The recent ruling has significance to the pending summary motion before the Court because it gives rise to a significant choice of law issue governed by Maryland's wrongful death act, Md. Code Ann., Cts. & Jud. Proc. § 3-903 (LexisNexis 2018). There is a conflict between the laws of Maryland and Massachusetts regarding punitive damages. The Box Hill defendants take the position by virtue of their citations that Maryland law applies (presumably based upon Maryland's general *lex loci delicti* conflicts rule) that under Maryland's law a

---

[1] Mass. Gen. Laws ch. 94C §§ 17, 19, 21 and 22. Specifically, in 2012 Massachusetts prescription law required compounded prescription medication such as MPA to be dispensed by a Massachusetts' pharmacy only pursuant to a patient-specific prescription and required the dispensed prescription to be labeled with the name of the patient for whom the medication was prescribed. Mass. Gen. Laws ch. 94C §§19, 21 (2012).

Judge Zya Zobel
January 19, 2018
Page 4

showing of intent/malice is necessary to warrant punitive damages (*Miller v. Schaefer*, 80 Md. App. 60 (1989), aff., 322 Md. 297 (1991)).[2] This stands in contrast to the provisions of Massachusetts' Wrongful Death statute (M.G.L. c. 229), which requires only a showing of gross negligence for an award of punitive damages. *Basore v. Ayvazian*, 25 Mass. L. Rep. 57 (2008) (denying a motion to dismiss and permitting plaintiff's request for punitive damages in a wrongful death/medical malpractice case to proceed); *Matsuyama v. Birnbaum*, 452 Mass. 1, 37 n.61, 890 N.E.2d 819, 847 (2008) (observing that the fact finder should determine gross negligence in a loss of chance medical malpractice case with regard to appropriateness of punitive damages).

Section 3-903 of Maryland's Court and Judicial Proceedings Code, which is specific to death cases, however, provides a more flexible choice of law rule than *lex loci* when wrongful act occurs outside of Maryland. The statute reads in pertinent part:

> § 3-903. When wrongful act occurs outside of Maryland.
> "(a) Application of substantive law of another state. - If the wrongful act occurred in another state, the District of Columbia, or a territory of the United States, a Maryland court shall apply the substantive law of that jurisdiction.

---

[2] Plaintiff stipulates that there is no evidence of actual malice or hatred on the part of Dr. Bhambhani directed towards Brenda Rozek or her family.

*See also Jones v. Prince George's Cty.*, 378 Md. 98, 108, 835 A.2d 632, 638 (2003) (Where Maryland police in unmarked vehicles followed decedent from Maryland to Virginia where one officer confronted and eventually shot the decedent, the resulting wrongful death claims against the officer, as well as against another officer, the police chief, the police department, and the county were controlled by the locus of the alleged wrongful acts, rather than the locus of the death, so negligent training and supervision claims against the county, police department, police chief, and, possibly, an officer, were controlled by Maryland law, while claims based on the officer's confrontation with the decedent, as well as related vicarious liability claims against other defendants, were controlled by Virginia law); *Jones v. Jones*, 172 Md. App. 429, 915 A.2d 471 (2007), cert. denied, 925 A.2d 633, 2007 Md. LEXIS 454 (Md. 2007) (Because jury found that the wrongful act that caused a decedent's death occurred in Virginia that state's substantive law held to apply to a wrongful death action filed in Maryland.); *Farwell v. Un*, 902 F.2d 282, 287 (4th Cir. 1990) (observing that the place of wrongful conduct concerns the place where the defendant is charged with acting, ultimately applying Delaware law when the treating psychiatrist was charged with breaching the standard of care in Delaware, while the decedent was a Maryland citizen who committed suicide in Pennsylvania.)

Here the many of the fateful wrongful acts leading to Brenda Rozek's death on September 16, 2012 occurred here in Massachusetts, such as the misbranding of the MPA and its dispensing into commerce in violation of the FFDCA as alleged and addressed in *Stepanets*. To the extent Box Hill Clinic's liability is found based upon aiding and abetting NECC's tortious conduct, as is alleged in the Complaint, Massachusetts' law on punitive damages should be applied as to the Box Hill Defendants under § 3-903.

Respectfully Submitted,

/s/ Harry M. Roth
Harry M. Roth, Esq. (Pro hac vice)
Michael Coren, Esq. (Pro hac vice)
**Cohen, Placitella & Roth PC**
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
(215) 567.3500
(215) 567-6019
*Attorneys for Plaintiff Handy*

## **CERTIFICATE OF SERVICE**

I, Michael Coren, hereby certify that a copy of the foregoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the defendants in the above-referenced individual cases, and will be sent to these parties by operation of the CM/ECF system.

Dated: January 19, 2018

/s/ Michael Coren
Michael Coren