UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | ) ) )    MDL No. 02419 <br> )    Docket No. 1:13-md-2419-RWZ ) |
| This document relates to: | ) ) ) |
| Handy v. Box Hill Surgery Center, LLC, et al. <br> No. 1:14-cv-14019-RWZ | ) ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO PLAINTIFFS' LETTER TO THE COURT SUPPLEMENTING PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PUNITIVE DAMAGES**

Defendants filed a global motion for summary judgment with several memoranda in support of specific issues for partial summary judgment, including Plaintiffs' claim for punitive damages.[1] Plaintiffs filed their opposition.[2] The Court requested that Defendants summarize and consolidate their legal arguments contained in their multiple memoranda into a single memoranda. Defendants did so.[3] The issues were fully briefed and a motions hearing was and is scheduled for January 25, 2018 in front of this Court.

Whether a plaintiff can recover punitive damages in Maryland in an action arising from alleged negligence in a medical malpractice action is clear. Punitive damages are absolutely not recoverable in a wrongful death action under Md. Code Ann., Cts. & Jud. Proc. § 3-904. Such a cause of action is a creature of statute, and the wrongful death statute does not allow recovery of punitive damages.[4] The claims raised by the statutory wrongful death beneficiary Plaintiffs pled,

---

[1] *See* Dkt. 3454; Dkt. 3455; Dkt. 3456; Dkt. 3457; Dkt. 3458; Dkt. 3459; Dkt. 3460.
[2] *See* Dkt. No. 3485
[3] *See* Dkt. No. 3511
[4] *See* Md. Code Ann., Cts. & Jud. Proc. § 3-904; *see also Cohen v. Rubin*, 460 A.2d 1046, 1056 (1983) (punitive damages are not recoverable in cases arising out of the wrongful death statute).

in Count XIII of the Complaint, wrongful death and sought "all allowable damages under Maryland's wrongful death law."[5] As Maryland law does not permit recovery of punitive damages under its wrongful death statute, the wrongful death beneficiary Plaintiffs are not entitled to recover punitive damages under that claim.

Under Maryland law, a separate cause of action may be brought the personal representative of the estate of the injured person as a survival action. In a survival action, punitive damages for a wrongful act could potentially be recovered on behalf of the estate but only if a plaintiff can show <u>actual</u> <u>malice</u>.[6] As will be explained further below, Plaintiffs here conceded that there is no evidence of actual malice, so the estate is not entitled to punitive damages either.

During case-specific fact depositions of the various Plaintiffs during the week of January 9-12, 2018, the parties had a discussion about the issues to be addressed in the upcoming summary judgment motions hearing. The above legal arguments were discussed with Plaintiffs' counsel, who acknowledged that there was no evidence of actual malice or intent in the actions of the Defendants and that Dr. Bhambhani did not act with hatred towards the decedent, Brenda Rozek, or, in fact, towards any of her patients or their family members. Subsequently, Plaintiffs even conceded those points in writing.[7] Proof of actual malice would have been the only basis upon which the personal representative of Mrs. Rozek's estate could have collected punitive damages. Because Plaintiffs' counsel conceded there is no proof of actual malice by Dr. Bhambhani, and hence by the Box Hill Defendants, there is no dispute of fact pertinent to the punitive damages claim and it cannot survive summary judgment. On this analysis, until Plaintiffs' counsel's letter

---

[5] *See* Excerpt of Complaint, Case No. 03-C-14-9238, Circuit Court for Baltimore County, Maryland, attached as **Exhibit 1**, ¶¶ 309-310. Plaintiffs filed their Complaint in Maryland state court in the Circuit Court for Baltimore County, Maryland. The entire Complaint is 81 pages long.
[6] Defendants outlined the law supporting that in detail in their Motion for Summary Judgment.
[7] *See* Dkt. No. 3514, p. 4, fn. 2 ("Plaintiff stipulates that there is no evidence of actual malice or hatred on the part of Dr. Bhambhani directed towards Brenda Rozek or her family").

of January 19, 2018, it appeared that Plaintiffs would formally concede summary judgment in favor of the Defendants on the issue of punitive damages prior to the hearing.

However, on or about January 19, 2018, Plaintiffs sent the Court a letter (hereinafter "Supplement") attempting to supplement their argument in support of their claim for punitive damages in this case.[8] Plaintiffs' supplement and the arguments contained therein are entirely frivolous and asserted in bad faith in an attempt to mislead the Court in a desperate attempt to save any possible claim for punitive damages. Plaintiffs are misleading this Court in a number of ways by first trying to link the care provided by the Defendants to the alleged, and in the case of Barry Cadden proven, illegal actions of NECC and/or NECC employees, based on a cause of action and arguments previously dismissed by this Court. Further, in order to argue that punitive damages should be allowed in this case, Plaintiffs suggest that a viable choice of law issue exists between Maryland and Massachusetts law by creatively trying to assert a brand new, but untimely, cause of action for wrongful death **under Massachusetts law** as Massachusetts applies a lower threshold for proof of punitive damages whereas Maryland law, when punitive damages are a potential damage, requires proof of actual malice.[9] While such a new claim would be untimely since it was never asserted in the Complaint, Plaintiffs asserted a claim for wrongful death under Maryland law and Maryland law does not permit the recovery of punitive damages.

In a barely veiled apparent attempt to circumvent the clarity of Maryland law, Plaintiffs note in their supplement that an appellate court reversed a ruling by Judge Stearns (in the U.S. District Court for Massachusetts) in several federal criminal case indictments in which he dismissed alleged violations of the Federal Food Drug and Cosmetics Act ("FFDCA") against

---

[8] *Id.* It is unclear why Plaintiffs filed this as a Notice in the form of a letter sent to the Court.
[9] Plaintiffs already have a claim in the Complaint for wrongful death under Maryland law. While Defendants dispute that they are liable for wrongful death even under Maryland law, that specific argument is not the purpose of this response and will not be addressed here.

3

three NECC pharmacists.[10] The supplement then explains that the FFDCA claims in those criminal cases involved "causing misbranded drugs to be introduced into interstate commerce with the intent to defraud or mislead" and that under the FFDCA "a <u>pharmacist</u> misbrands a drug when he or she dispenses it without a valid prescription."[11] Plaintiffs do not assert that Dr. Bhambhani is a pharmacist or pharmacy, nor is she. Plaintiffs then note that the NECC pharmacists involved dispensed drugs upon receiving "bogus prescriptions" both as a principal actor and as an aider and abettor.[12] Plaintiffs then draw the parallel that because Plaintiffs assert that Dr. Bhambhani wrote "bogus prescriptions" that she aided and abetted NECC's violation of these pharmacy laws for when *NECC* was permitted to dispense drugs.[13] Essentially, Plaintiffs are arguing that Defendants acted in concert with NECC and made it possible for NECC to disregard, violate and circumvent Massachusetts pharmacy laws and that punitive damages are allowed. Again, Plaintiffs have conceded that there was no actual intent present.

Plaintiffs' reasoning is also stale and misguided for other reasons. Plaintiffs previously made the same claim and arguments more than three and a half years ago in their Complaint in Count 11 (Civil Conspiracy and Concerted Activity) that Box Hill aided and abetted the illegal or improper actions of NECC or NECC employees and helped them to violate or circumvent pharmacy or other laws.[14] Following a motion to dismiss filed by Defendants on that issue and other Counts in January 2015, however, Plaintiffs already stipulated on the record and in writing that their civil conspiracy and concerted activity claim (Count 11), involving the same arguments as above, should be dismissed.[15] That was nearly three (3) years ago. A demand for punitive

---

[10] *See* Dkt. No. 3514, p. 2.
[11] *Id.* (emphasis added).
[12] *Id.*
[13] *Id.*
[14] *See* **Ex. 1**, Excerpt of Complaint, ¶¶ 267-276.
[15] *See* Dkt. No. 1761.
4

damages was part of that Count and now no longer exists. More importantly, Plaintiffs ignore an Order from this Court more than two (2) years ago officially dismissing that very same claim and the same arguments that Plaintiffs now try to use to save their punitive damages claim.[16] Since Plaintiffs already stipulated that these very claims should be dismissed and the Court made it official by dismissing the same claims and arguments, Plaintiffs should not now be permitted to raise them again.

Possibly realizing that their initial argument above was futile, and having conceded already that Plaintiffs are not entitled to punitive damages under Maryland law, Plaintiffs also argue in their supplement that a "significant choice of law issue" exists between Maryland's wrongful death statute[17] and Massachusetts' wrongful death statute[18] as it relates to the standard for an award of punitive damages to Plaintiffs in this case.[19] Plaintiffs' argument is hollow, though, since they never made a claim in their Complaint for wrongful death under Massachusetts law and because punitive damages are simply not recoverable under Maryland's wrongful death statute regardless of Plaintiffs' interpretation.

While Plaintiffs asserted a wrongful death claim in their Complaint, the cause of action was solely under Maryland law and governed by Maryland's wrongful death statute.[20] In fact, there is no mention of Massachusetts' wrongful death statute in the Complaint. Nevertheless, five and a half years after the alleged negligent care and Mrs. Rozek's death, and three and a half years after the Complaint was filed and not amended as to Plaintiffs' wrongful death claim (made under

---

[16] See Dkt. No. 1780.
[17] *See* Md. Code Ann., Cts. & Jud. Proc. § 3-903.
[18] *See* M.G.L. c. 229.
[19] *See* Dkt. No. 3514, pp. 3-4.
[20] *See* **Ex. 1**, Excerpt of Complaint, ¶¶ 309-310.

Maryland law), Plaintiffs now attempt to assert claims for wrongful death under Massachusetts law.[21]

Put simply, the Massachusetts wrongful death statute, codified under M.G.L. c. 229, has a three (3) year statute of limitations.[22] That limitations period has run, and, even if such a claim, filed in a Maryland court, were cognizable under Massachusetts law against a Maryland physician for treatment of a Maryland patient in Maryland and resulting in death in Maryland, Plaintiffs are barred from bringing a claim under Massachusetts law for wrongful death now.  As such, there cannot be any (and there is no) choice of law issue in this case regarding the standard for an award of punitive damages. The only standard that applies is governed by Maryland law, which does not permit recovery of punitive damages in a wrongful death action and will not permit recovery of punitive damages under the survival action in this case as Plaintiffs have conceded they lack proof of actual malice which would be required to support a claim for punitive damages under the survival action.

Because there is no genuine issue as to any material fact regarding the punitive damages claims alleged, Defendants are entitled to judgment as a matter of law and respectfully request that summary judgment be granted in Defendants favor as to Plaintiffs' claims for punitive damages.

[THIS SECTION INTENTIONALLY LEFT BLANK]

---

[21] The Massachusetts wrongful death statute, also in abrogation of the common law, is wholly different from the wrongful death statute in Maryland and is brought by the personal representative of the estate for the benefit of not only the estate but also the wrongful death beneficiaries.
[22] *See* M.G.L. c. 229, Section 2.

Respectfully submitted,

/s/ Catherine W. Steiner
Catherine W. Steiner
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
Tel: (410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 24th day of January, 2018, a copy of the foregoing was electronically filed in the United States District Court for the District of Massachusetts and electronically served upon counsel of record through the Court's CM/ECF system.

/s/ Catherine W. Steiner
Catherine W. Steiner, Esq.