# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING ) <br> PHARMACY, INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) <br> ) <br> This document relates to: ) <br> ) <br> Handy v. Box Hill Surgery Center, LLC, et al. ) <br> No. 1:14-cv-14019-RWZ ) | MDL No. 02419 <br> Docket No. 1:13-md-2419-RWZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## BOX HILL DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT ON PLAINTIFFS' PUNITIVE DAMAGES CLAIM

Defendants, Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (hereinafter, collectively "Box Hill Defendants" or "Defendants"), by undersigned counsel, submit this Supplemental Brief in Support of Summary Judgment on Plaintiffs' Punitive Damages Claim and state the following in support thereof:

### I. INTRODUCTION

On or about January 19, 2018, Plaintiffs sent the Court a letter (hereinafter "Supplement") attempting to supplement their argument in support of their claim for punitive damages in this case. Plaintiffs' Supplement and the arguments contained therein are frivolous. Plaintiffs now know that they are not entitled to punitive damages under Maryland law. They concede the same. Plaintiffs, however, attempt to mislead the Court by suggesting that they are, nevertheless, entitled to punitive damages under Massachusetts law. Having not pled or proven either, Plaintiffs are trying to link the care provided by the Box Hill Defendants to the illegal actions of NECC and/or NECC employees, based on a cause of action and arguments previously dismissed by this Court. Moreover, Plaintiffs cite a recent case discussing the premature dismissal of allegations in a

criminal indictment regarding the Federal Food, Drug, and Cosmetic Act, which does not apply to this case, in an attempt to circumvent Maryland's bar on the recovery of punitive damages in wrongful death claims.

## II. ARGUMENT

### A. Plaintiffs are not entitled to recover punitive damages under Maryland law.

Whether a plaintiff can recover punitive damages in Maryland in an action arising from alleged negligence in a medical malpractice action is clear.

### Wrongful Death

Punitive damages are absolutely not recoverable in a wrongful death action under Md. Code Ann., Cts. & Jud. Proc. § 3-901, *et seq*. This cause of action is a creature of statute, and the damages permitted are pursuant to what the statute itself allows.[1]

The Plaintiffs in the instant case pleaded wrongful death in Count 13 of the Complaint and sought "all allowable damages under Maryland's wrongful death law."[2] While Maryland's wrongful death statute is silent as to punitive damages, the Maryland Court of Appeals made clear in *Cohen v. Rubin*, 55 Md. App. 83, 101–02 (1983) that punitive damages are not recoverable in an action under Maryland's wrongful death statute. As such, the Plaintiffs in the instant action are not entitled to recover punitive damages under that claim.

### Survival Action-Medical Negligence

Under Maryland common law, a separate cause of action may be brought by the personal representative of the estate of the injured person as a survival action. In a survival action, punitive

---

[1] Md. Code Ann., Cts. & Jud. Proc., § 3-901, *et seq*.
[2] *See* Excerpt of Complaint, Case No. 03-C-14-9238, Circuit Court for Baltimore County, Maryland, attached as **Exhibit 1**, ¶¶ 309-310. Plaintiffs filed their Complaint in Maryland state court in the Circuit Court for Baltimore County, Maryland, before a prior co-defendant removed it to federal court and it became part of this multidistrict litigation. The entire Complaint is 81 pages long.

damages for a wrongful act could potentially be recovered on behalf of the estate, but only if a plaintiff can show <u>actual</u> <u>malice</u>.[3] As explained below, Plaintiffs in this case have conceded that there is no evidence of actual malice. Accordingly, the estate is not entitled to punitive damages under Maryland common law either.

The above legal arguments were discussed with Plaintiffs' counsel at a recent deposition. Plaintiffs' counsel acknowledged that there was no evidence of actual malice or intent in the actions of the Defendants and that Dr. Bhambhani did not act with hatred towards any of her patients, including Mrs. Rozek. Subsequently, Plaintiffs even conceded those points in writing.[4] Proof of actual malice would have been the only basis upon which the personal representative of Mrs. Rozek's estate could have collected punitive damages. Because Plaintiffs' counsel conceded there is no proof of actual malice by the Box Hill Defendants, there is no dispute of fact pertinent to the punitive damages claim under Maryland law and summary judgment is appropriate.

**B.  Plaintiffs are not entitled to recover punitive damages under Massachusetts law.**

After conceding that they are not entitled to punitive damages under Maryland law, Plaintiffs now desperately seek punitive damages under Massachusetts law. Now, for the first time in more than three years since the Complaint was filed and over five years since the death of Mrs. Rozek, Plaintiffs try to argue that Massachusetts substantive law applies to their Maryland wrongful death claim and that punitive damages are therefore recoverable.  Plaintiffs are mistaken.

Again, Plaintiffs asserted a cause of action for wrongful death only under Maryland law, pursuant to CJP, § 3-901, *et seq*. *Supra*. Mrs. Rozek died in Maryland from meningitis she developed allegedly as a result of the administration of MPA by Dr. Bhambhani in Maryland at

---

[3] Defendants outlined the law supporting that in detail in their Motion for Summary Judgment.
[4] *See* Dkt. No. 3514, p. 4, fn. 2 ("Plaintiff stipulates that there is no evidence of actual malice or hatred on the part of Dr. Bhambhani directed towards Brenda Rozek or her family").

the Box Hill facility. While Plaintiffs have argued repeatedly that the wrongful act was administering contaminated steroids to Mrs. Rozek causing meningitis and death, Plaintiffs now creatively assert that the wrongful act was actually Defendants' "aiding and abetting" NECC's tortious conduct.[5] They then argue that because the alleged wrongful act occurred in Massachusetts where NECC was located that Massachusetts substantive law applies to determine the wrongful act.[6] Defendants disagree that they participated in that alleged wrongful act or even that what the Defendants did was wrongful. That said, Defendants will assume that it was a wrongful act for purposes of this brief. Even with that assumption, Plaintiffs are still unable to collect punitive damages in this case.

Maryland's wrongful death statute does provide that if the wrongful act occurred in another state, that Maryland court shall apply that state's substantive law. CJP 3-903(a). Plaintiffs now assert that the wrongful act involved in this case was the Defendants' alleged aiding and abetting of NECC's tortious conduct.[7] In support of this argument, Plaintiffs cite to *United States v. Stepanets*, 879 F.3d 367 (1st Cir. 2018).

In *Stepanets*, the First Circuit held that the dismissal of a criminal indictment against three Massachusetts pharmacists working for NECC was improper because the indictment sufficiently pleaded charges of aiding and abetting. Therefore, the dismissal of the indictment was reversed. The indictment charged the three defendants with "dispens[ing] misbranded drugs in violation of the Federal Food, Drug, and Cosmetic Act." In their Supplement, Plaintiffs emphasized the court's reasoning that the NECC pharmacists involved dispensed drugs upon receiving "bogus prescriptions" both as principal actors and aiders and abetters.[8] Though unclear, Plaintiffs appear

---

[5] *See* Dkt. 3514.
[6] *Id*.
[7] *Id*.
[8] *See id*. at 2.

4

to rely on *Stepanets* for the argument that because they also allege that Dr. Bhambhani wrote "bogus prescriptions" that it follows that Dr. Bhambhani's alleged aiding and abetting NECC"s tortious conduct is a wrongful act.[9]

Plaintiffs' reliance on *Stepanets* is wholly misguided. In *Stepanets*, the criminal defendants were Massachusetts licensed pharmacists working for NECC in Massachusetts and accused of violating federal pharmacy laws. Dr. Bhambhani is not a pharmacist, nor does she practice in Massachusetts. Arguably as well, Dr. Bhambhani was not aiding and abetting NECC's tortious conduct. Though not conceding that *Stepanets* in any way applies in this case, even if the Court determines that the same wrongful act occurred in the instant case, the failures of Plaintiffs' argument are fully addressed below.

> **1. Plaintiffs' allegations that the Box Hill Defendants aided and abetted NECC's tortious conduct was already addressed and dismissed by this Court.**

Plaintiffs should be estopped from asserting that the Box Hill Defendants aided and abetted NECC. Plaintiffs initially made the same arguments in their Complaint under Count XI on the basis of civil conspiracy and concerted activity. In support of this claim, Plaintiffs again make the same argument that they are making now. That is, that the Box Hill Defendants submitted "bogus" prescription order forms to NECC.[10]

As is clear, Plaintiffs use aiding and abetting, civil conspiracy, and concerted activity interchangeably. That said, more than two years ago this Court issued an Order dismissing these same allegations by Plaintiffs asserting a claim for civil conspiracy and concerted activity, and thus "aiding and abetting."[11] As such, Plaintiffs should not now be allowed to make the same

---

[9] The Defendants disagree with the notion that they submitted "bogus" prescriptions.
[10] *See* Excerpt of Complaint, Case No. 03-C-14-9238, Circuit Court for Baltimore County, Maryland, attached as **Exhibit 1**, ¶ 271.
[11] *See* Dkt. 1780.

5

argument again in support of their claim for punitive damages. Without the ability to make those claims, Plaintiffs attempt to advance a claim for punitive damages under Massachusetts law fails.

### 2. Even if Plaintiffs are permitted to claim that aiding and abetting is a valid claim in this case, Plaintiffs are misinterpreting the law.

Assuming for purposes of argument that Plaintiffs are permitted to claim a wrongful act of "aiding and abetting," which was previously dismissed, Plaintiffs' attempts to recover punitive damages under Massachusetts law still fail. Pursuant to CJP 3-903(a), a Maryland applies the substantive law of the foreign state to determine whether a wrongful act occurred. That does not mean that a Maryland Court would abandon the law of the Maryland Wrongful Death Statute to simply apply the Massachusetts Wrongful Death Statute. Plaintiffs pled a cause of action under Maryland's Wrongful Death Act, governed by statute. Substantive law of Massachusetts would be utilized to determine whether the alleged wrong was actually a wrong. The Court would not simply adopt the Massachusetts Wrongful Death Statute, which is a creature of statute and was never pled by Plaintiffs, in order to recover damages. The Maryland Wrongful Death statute as pled by Plaintiffs and the case law clearly explain that punitive damages are not recoverable.

Under Massachusetts law, alleged negligence and civil conspiracy claims may be addressed by the common law.[12] Therefore, any finding of liability for aiding and abetting NECC's tortious conduct may expose an actor to common law liability for civil conspiracy. Such a finding in no way implicates the Massachusetts Wrongful Death Act, for which a cause of action only exists by statute and which was not pled by Plaintiffs in this action. Accordingly, the only alleged wrongful act that occurred in Massachusetts is governed by Massachusetts common law.

That said, punitive damages are disfavored in Massachusetts, and Massachusetts courts have long followed the principle that, absent statutory authorization, punitive damages may not be

---

[12] *McLaughlin v. J-PAC, LLC*, 2011 WL 1758945, * 2 (Mass. Super. Apr. 14, 2011).

awarded.[13] Therefore, Plaintiffs are only able to recover punitive damages on their claim for aiding and abetting if there is a statute authorizing such recovery. The Box Hill Defendants are not aware of, nor are Plaintiffs able to direct the Court's attention to, any statute authorizing the recovery of punitive damages for claims of civil conspiracy or aiding and abetting.

> **3. Even if this Court determines that a non-pled wrongful death action under Massachusetts law applies, Plaintiffs have failed to demonstrate that they are entitled to punitive damages under Massachusetts substantive law.**

Even assuming the Court accepts Plaintiffs' argument that the Massachusetts Wrongful Death statute should be applied here, Plaintiffs still have to prove that Mrs. Rozek's death was caused by either "willful, wanton or reckless conduct" or "gross negligence" on the part of the defendant.[14] That is what the Massachusetts wrongful death statute requires.

While the Court does not need to reach this analysis, the Supreme Judicial Court of Massachusetts has defined "willful, wanton, or reckless" conduct as "intentional conduct, by way either of commission or of omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another."[15] As explained above, even Plaintiffs have conceded that there are no facts evidencing any sort of intentional conduct of wrongdoing by Dr. Bhambhani relating to the death of Mrs. Rozek.[16]

The only potential avenue to the recovery of punitive damages under a Massachusetts wrongful death claim is for the Plaintiffs successfully demonstrate that the Box Hill Defendants were grossly negligent and that their gross negligence was the cause of Ms. Rozek's death. Gross

---

[13] *Pine v. Rust*, 404 Mass. 411, 415 (1989).
[14] *See* M.G.L. c. 229, § 2.
[15] *Manning v. Nobile*, 411 Mass. 382, 387 (1991).
[16] Further evidencing Plaintiffs' acknowledgement that there was no intentional conduct on the part of Dr. Bhambhani and the Box Hill Defendants that allegedly caused Ms. Rozek's death is the fact that Plaintiffs' Supplement only argues that the "gross negligence" standard enumerated in M.G.L. c. 229, § 2 should govern their punitive damages claim under the Massachusetts wrongful death statute.

negligence has been defined as "very great negligence … or the want of even scant care."[17] The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence.[18] Plaintiffs have not differentiated their claims above that of ordinary negligence. Again, this Court does not even need to get this far.

## III. CONCLUSION

For the reasons stated above, the Box Hill Defendants respectfully move this Court to enter an order granting summary judgment in their favor with respect to Plaintiffs' punitive damages claim.

Respectfully submitted,

/s/ Catherine W. Steiner
Catherine W. Steiner
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
Tel: (410) 938-8800
***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

---

[17] *Aleo v. SLB Toys USA, Inc.,* 466 Mass. 398, 410 (2013).
[18] *Altman v. Aronson*, 231 Mass. 588, 591–92 (1919).

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY, that on this 2nd day of February, 2018, a copy of the foregoing was electronically filed in the United States District Court for the District of Massachusetts and electronically served upon counsel of record through the Court's CM/ECF system.

                                                 /s/ Catherine W. Steiner
                                                 Catherine W. Steiner, Esq.