UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

THIS ORDER APPLIES TO: HANDY V. BOX HILL SURGERY CENTER, LLC, *et al.*
No. 1:14-cv-14019

<u>MEMORANDUM OF DECISION</u>

February 7, 2018

ZOBEL, S.D.J.

Plaintiffs are the surviving family members and estate of Brenda Lee Rozek. Ms. Rozek died on September 16, 2012, sixteen days after defendant Dr. Ritu T. Bhambani treated her with contaminated methylprednisolone acetate ("MPA") ordered from New England Compounding Center ("NECC"). All of the underlying events occurred in Maryland, where Ms. Rozek resided, Dr. Bhambani practiced and where this action was originally filed.

Plaintiffs allege that Dr. Bhambani and her co-defendants owed Ms. Rozek a duty of care based on the physician-patient relationship, and that defendants breached that duty by, <u>inter alia</u>, bulk-ordering MPA from NECC using false patient names and

failing to investigate the safety of NECC's products.[1] Plaintiffs claim damages for negligence and also assert claims under the Massachusetts consumer protection law, Mass. Gen. Laws ch. 93A.

Defendants move for partial summary judgment on: (i) certain aspects of the negligence claims (Count I); (ii) the consumer protection claims (Count XII); and (iii) plaintiffs' requests for punitive damages.[2]

I.    **Legal Standard**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' for purposes of summary judgment if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a 'material fact' is one which 'might affect the outcome of the suit under the governing law.'" Poulis-Minott v. Smith, 388 F.3d 354, 363 (1st Cir. 2004) (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993)). Summary judgment is improper where the non-movant "present[s] definite, competent evidence to rebut the motion." Advanced Flexible Circuits, Inc. v. GE Sensing & Inspection Techs. GmbH, 781 F.3d 510, 516 (1st Cir. 2015).

---

[1] This briefly summarizes facts relevant to the present motion. A detailed account of the background of the case, including the multidistrict litigation, is set forth in previous opinions of the court. See e.g., In re New Eng. Compounding Pharm., Inc. Prods. Liability Litig., 496 B.R. 256, 260-63 (D. Mass. 2013).

[2] Defendants also move for summary judgment with respect to plaintiffs' demand for medical expenses. As the court informed the parties at oral argument, that issue will be addressed at the pretrial conference. This part of the motion is denied without prejudice.

2

## II. Analysis

The court addresses each of defendants' arguments in turn.

### A. Negligence

Defendants move for summary judgment on sub-issues related to plaintiffs' negligence claims. They argue, first, that conducting "due diligence" prior to purchasing MPA from NECC was not within the scope of the duty they owed to plaintiffs; second, that their failure to order MPA using patient-specific prescriptions did not cause Ms. Rozek's death; and third, that the conduct of NECC and/or NECC president Barry Cadden was a superseding or intervening cause of Ms. Rozek's death, thereby relieving them of liability.

Contrary to defendants' benign view of the evidence, disputed factual matters pervade these issues, each of which presents a classic question for the jury. See Valentine v. On Target, Inc., 727 A.2d 947, 949 (Md. 1999). Plaintiffs have proffered evidence, including expert opinions, regarding the scope of defendants' duty in this case, defendants' breach of that duty, and the causal relationship between that breach and Ms. Rozek's death. Docket Nos. 3485-10, 3485-11, 3485-12 (expert opinions of Drs. Saberski, Shoham, and Chason); see Crise v. Md. Gen. Hosp., Inc., 69 A.3d 536, 553 (Md. Ct. Spec. App. 2013) ("With few exceptions, the applicable standard of care, i.e., the nature and scope of the duty owed, is proven by expert testimony (as is the issue of whether the applicable standard of care was breached)."). Drawing all inferences in favor of the non-movant, a jury could credit plaintiffs' expert testimony regarding defendants' so-called "due diligence" obligations and the causal relationship between defendants' ordering practices, as well as the alleged harm. See Den Norske

Bank AS v. First Nat. Bank of Boston, 75 F.3d 49, 58 (1st Cir. 1996).  Because a jury believing that evidence could render a verdict for plaintiffs, summary judgment is not warranted.  See Crise, 69 A.3d at 554–55 (scope of duty, breach, and causation "within the province of the jury, not the court, to decide.").

### B. Massachusetts Consumer Protection Claim

Defendants' motion for summary judgment on plaintiffs' Massachusetts consumer protection claim is allowed.  Massachusetts law does not govern this case.  It involves exclusively Maryland parties.  Moreover, defendants' alleged tortious conduct and plaintiffs' harm occurred entirely in Maryland.  See Mear v. Sun Life Assur. Co. of Canada (U.S.)/Keyport Life Ins. Co., No. CIV.A.06-12143RWZ, 2008 WL 245217, at *10 (D. Mass. Jan. 24, 2008) (Arizona's consumer protection law, rather than Chapter 93A, governed claim brought by Arizona plaintiff where all relevant conduct occurred in Arizona); see also Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 6-7 (1st Cir. 2004) (affirming dismissal of Maryland plaintiff's Chapter 93A claim under similar circumstances); Value Partners S.A. v. Bain & Co., 245 F. Supp. 2d 269, 278 (D. Mass. 2003) (Chapter 93A claim barred because Brazilian law governed claims sounding in tort).

### C. Request for Punitive Damages

The parties agree that, under Maryland law, plaintiffs must prove "actual malice" as a prerequisite to a punitive damages award.  See Owens-Illinois, Inc. v. Zenobia, 601 A.2d 633, 652 (1992).[3]  Because plaintiffs stipulate that there is no evidence of

---

[3] Plaintiffs argue for the first time in a Notice of Supplemental Authority that Massachusetts law applies to the question of punitive damages. See Docket No. 3514.  They cite a Maryland wrongful death statute directing the court to apply the law of the jurisdiction where the "wrongful act" occurred. See

4

actual malice in this case, Docket No. 3514 at 4 n.2, they may not recover punitive damages.

## III. Conclusion

Defendants' Motion for Summary Judgment (Docket # 3511) is ALLOWED IN PART and DENIED IN PART. Specifically, it is ALLOWED as to Count XII and as to plaintiffs' requests for punitive damages, and it is DENIED as to Count I.

|  |  |
|---|---|
|     February 7, 2018 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

Md. Code Ann., Cts. & Jud. Proc. § 3-903. That provision does not implicate Massachusetts law in this case, however, because all of defendants' alleged wrongful acts occurred in Maryland. That defendants sent prescription orders to Massachusetts or received drugs from there does not support their claim. Those actions also occurred in Maryland, not Massachusetts.

    In their post-hearing brief, plaintiffs' pivot from their choice-of-law argument and instead contend that punitive damages are justified under Maryland law based on defendants' alleged fraudulent conduct in that state. See Docket No. 3519 at 305. This argument also fails. Maryland law is clear that fraud is subsumed under actual malice. Garcia v. Foulger Pratt Dev., Inc., 155 Md. App. 634, 685, 845 A.2d 16, 46 (2003) (actual malice includes "conduct characterized by evil motive, intent to injure, ill will, or fraud."). Having conceded that "there is no evidence of actual malice" in this case, Docket No. 3514 at 4 n.2, plaintiffs offer no new evidence to justify withdrawing that concession.