### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | )<br>)<br>) | MDL No. 02419<br>Docket No. 1:13-md-2419-RWZ |
| _____ | ) | |
| | ) | |
| This document relates to: | ) | |
| | ) | |
| Handy v. Box Hill Surgery Center, LLC, et al. | ) | |
| No. 1:14-cv-14019-RWZ | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## BOX HILL DEFENDANTS' MOTION FOR SUGGESTION OF REMAND

Defendants, Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (hereinafter, collectively "Box Hill Defendants" or "Defendants"), by undersigned counsel, submit this Motion for Suggestion of Remand based on the change in circumstances in this multi-district litigation. Defendants have not waived their right to remand pursuant to 28 U.S.C. 1407 and *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). In fact, the Box Hill Defendants respectfully request that this Court suggest that the Judicial Panel on Multi-District Litigation order remand of this case to the Maryland transferor court in which it was filed for completion of case-specific discovery, pretrial proceedings and trial.

## I. INTRODUCTION

The underlying action was filed by Plaintiffs in the Circuit Court for Baltimore County, a Maryland state trial court. It was removed to the U.S. District Court, District of Maryland, by Ameridose, a former co-defendant who is no longer a party. The case was then transferred with a Conditional Transfer Order[1] to this MDL action pursuant to 28 U.S.C. 1407.

---

[1] *See* Dkt. 1507.

"Hanging over this multidistrict litigation ('MDL') is the question of whether, and, if so, where, any bellwether trials will take place."[2] All but one of the cases relating to the Box Hill Defendants have been voluntarily dismissed without payment,[3] and the instant matter remains as the sole case in the entire MDL. Moreover, this action now only includes claims interpreting Maryland law.[4] Nevertheless, this MDL Court set a trial start date of April 9, 2018 and in doing so self-assigned this case for trial[5] which is improper.

This Court sitting in its role as an MDL Court, has acknowledged that, under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) and 28 U.S.C. § 1407(a), the MDL cases must be remanded to their original districts at or before the conclusion of pretrial proceedings. More specifically, "[t]he *Lexecon* rule restricting venue transfers comes from 28 U.S.C. § 1407's strictures that MDL courts may **only preside over 'coordinated or consolidated pretrial proceedings'** and must remand cases to their original districts 'at or before the conclusion of such pretrial proceedings.' See 523 U.S. at 28."[6] It is undisputed that the only way in which this case can go to trial in the MDL court is if *both* the Plaintiffs and the Box Hill Defendants waive the duty to remand this case to the transferor court and consent to venue in this MDL Court.[7]

The Box Hill Defendants have not, in any way, waived the duty under *Lexecon* to have this case remanded. In fact, the Box Hill Defendants have explicitly stated that they **do not** consent to a *Lexecon* waiver and **do not** consent to the jurisdiction and venue of the United States District Court for the District of Massachusetts for trial.[8] Consistent with their desire to have this case

---

[2] *See* Dkt. 2309 at 1.
[3] *See* Dkt. 3494.
[4] *See* Dkt. 3511 (Court Order allowing summary judgment in favor of Defendants on Plaintiffs' claim that Defendants violated Massachusetts consumer fraud laws).
[5] *See* Transcript of December 19, 2017 Status Conference, 19:5-19:19, excerpts attached as **Exhibit 1**.
[6] *See* Dkt. 2309 at 20–21 (emphasis added).
[7] *See* August 25, 2016 Order by Judge Zobel at 8, n.18 (Dkt. 3076).
[8] *See* Dkt. 2140 at 107-109 (Bhambhani Election Regarding Venue and Rights Under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998)), attached as **Exhibit 2**.

remanded to the Maryland transferor court is the fact that the Box Hill Defendants have sought remand of this case on multiple occasions throughout the MDL proceedings.[9] While Defendants believed that remand was appropriate earlier, the circumstances underlying this MDL have drastically changed since the filing of those motions and remand is now, more than ever, appropriate in this case.

## II.   RELEVANT BACKGROUND

This MDL Court has explained previously in this MDL that "[a]fter common expert discovery is complete, there will be no more coordinated discovery for the MDL court to oversee."[10] Not only is the instant case the only remaining active case in this MDL, but common issue discovery has long been completed. In fact, case-specific discovery is nearing completion.[11] As is clear, there is now "no more coordinated discovery for the MDL court to oversee."[12]

Rather than remand this case to the transferor court in Maryland, however, the MDL Court scheduled both **case-specific discovery** and **trial** in the United States District Court for the District of Massachusetts.[13] This decision appears to have been solely premised on Plaintiffs' desire to keep this case in Massachusetts:

> **Honorable Rya W. Zobel:** [Directed to Plaintiffs' counsel Michael Coren, Esq.] Let me ask you a question. This is the only case left. Do you want it tried here or in Maryland?
>
> **Mr. Coren (Plaintiffs' Counsel):** Before your Honor in Massachusetts.
>
> **Honorable Rya W. Zobel:** In that case Judge Boal will talk to you about - - you might as well do it now, since we're at that case - -  about the discovery for that trial.[14]

---

[9] *See* Dkts. 2933, 3056, and 3380.
[10] *See* Dkt. 2309 at 5.
[11] *See*. Dkt. 3503 (Order Setting Discovery Deadlines).
[12] *See* Dkt. 2309 at 5.
[13] *See*. Dkt. 3503; *see also* **Exhibit 1**, 19:5-19:19, (docketing trial to begin on April 9, 2018).
[14] *See* **Exhibit 1**, 13:2-13:8.

The Court did not inquire whether Defendants' counsel Catherine W. Steiner, Esq., had changed her mind about remand. As explained previously, *supra*, Defendants did not waive their right to remand and even stated the same in the Status Conference.[15]

At this point, all signs indicate that the Court intends to conduct trial in Massachusetts:

**Honorable Rya W. Zobel:** And what I wish to do at [the pretrial conference] is to discuss with you the process of the trial, how many jurors, talk about challenges, which may be different where you are from what we do here, talk about the issues to be tried, how we deal with depositions, and exhibits in general, and that kind of stuff. So please be prepared for that, and we'll send you a notice of what we would normally ask for.[16]

In fact, the Court explained that "Handy (Rozek) will remain [in Massachusetts], unless, of course, [the parties] decide to settle or dismiss."[17] The parties already notified the Court that the case would not be dismissed or settled.[18]

The reduction of this MDL into a proceeding that involves just one case, coupled with the Court's declaration that the only way to avoid trial in the United States District Court for the District of Massachusetts is for the cases to either settle or be dismissed, is irreconcilable with the statutory mandate and case law governing MDL proceedings such as this, and serves as the basis for the instant Motion for Suggestion of Remand.

Common-issue discovery in this MDL is complete. There are no longer any other active cases remaining in this MDL.[19] All that remains in the *Handy* matter is case-specific discovery, which is almost complete and has all been handled in Maryland by local counsel for the parties

---

[15] *Id.* at 12:14 – 19:19.
[16] *Id.* at 20:8-20:15.
[17] *Id.* at 26:1-26:3.
[18] *Id.* at 26:1-26:11.
[19] It is possible that other cases still remain in this MDL, but simply while settlements or remand are being handled administratively. None of those case, to the extent that any exist, are active.

with no involvement by the Plaintiffs Steering Committee whatsoever. Moreover, the necessity to report to a court far away from any of the parties and far from where the action was filed is inconvenient and wastes time and resources. The MDL Court has served its purpose and this case can no longer benefit from any proceedings as part of the MDL. For the foregoing reasons, and those explained below, the Box Hill Defendants respectfully move this MDL Court to suggest to the JPML that this case be remanded to the Maryland transferor court for the remainder of case-specific discovery, pretrial proceedings, and trial.

## III.   ARGUMENT

### A.   This case must be remanded pursuant to 28 U.S.C. 1407(a) and *Lexecon*.

"The basic purpose underlying the enactment of 28 U.S.C. § 1407 was to secure, in multi-district litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action.' Fed. R. Civ. P. 1."[20] Section 1407 indicates that cases must be remanded to the originating district court at the conclusion of pretrial proceedings in the MDL court:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. **Each action so transferred <u>shall</u> be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred** unless it shall have been previously terminated. . . .[21]

*Lexecon* expanded on this statutory mandate, explaining that "Title 28 U.S.C. § 1407(a) authorizes the Judicial Panel on Multidistrict Litigation to transfer civil actions with common issues of fact 'to any district for coordinated or consolidated pretrial proceedings,' but <u>imposes a</u>

---

[20] *In re Nat. Student Mktg. Litig.*, 368 F. Supp. 1311, 1316 (J.P.M.L. 1972).
[21] 28 U.S.C. § 1407(a) (emphasis added).

duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings."[22] Put simply, under *Lexecon*, "a federal district court conducting pretrial proceedings pursuant to the MDL statute has no power to assign transferred cases to itself for trial."[23] Nevertheless, it appears that the MDL Court is, in fact, assigning the *Handy* case to itself for trial, despite the mandate of §1407 and *Lexecon* clearly requiring remand.

### B.    The Box Hill Defendants did not waive *Lexecon* nor did they consent to have this case tried in the MDL court.

Pursuant to Section 1407(a) and the Supreme Court's decision in *Lexecon*, remand is mandatory unless **both** parties waive the right to remand and consent to venue in the transferee court. *Lexecon* held that MDL courts may not "self-transfer" cases to themselves for trial, and that cases may not be tried before the transferee MDL court unless the parties waive their rights to be remanded back to the court where the action was originally filed.[24] This Court conceded the same.[25]

As this Court has explained, nothing in the language of Section 1407(a) or *Lexecon* limits the right to waive remand to plaintiffs alone. Indeed, the law requires that both parties waive their right to remand. *See, e.g., In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2011 WL 715579, at *2 (M.D. Ga. Feb. 24, 2014) (noting that "*[t]he parties* did not agree to waive their 28 U.S.C. § 1407(a) right to remand") (emphasis added); *In re Fosamax Prods. Liab. Litig.*, 2011 WL 1584584, at *1 (S.D.N.Y. Apr. 27, 2011) ("a transferee court lacks authority to conduct a trial of an MDL member case not originally filed in the transferee court without the consent of *the parties*") (emphasis added). *See also* Eldon E. Fallon et al., *Bellwether Trials in Multidistrict*

---

[22] *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998) (emphasis added).
[23] *See also* Hon. William W. Schwarzer et al., Prac. Guide Fed. Civ. Proc. Before Trial (The Rutter Group Nat'l Ed.) (Westlaw 2014) Ch. 4--M, at ¶ 4:935.
[24] *See generally Lexecon*.
[25] *See* August 25, 2016 Order by Judge Zobel at 8, n.18 (Dkt. 3076).

*Litigation*, 82 TUL. L. REV. 2322, 2538 (2008) ("For cases transferred to the transferee court by the MDL Panel pursuant to § 1407, the parties must each waive their *Lexecon* objections before that case can be set for trial.").[26]

This action was not brought directly in the U.S. District Court of Massachusetts. The Box Hill Defendants have certainly not expressed any intention to waive the MDL Court's obligation to remand this case to the Maryland transferor court under Section 1407(a) and *Lexecon,* which must be "clear and unambiguous."[27] Quite to the contrary, the Box Hill Defendants explicitly indicated that they **do not** consent to a *Lexecon* waiver and **do not** consent to the jurisdiction and venue of the United States District Court for the District of Massachusetts for trial.[28] Moreover, the Box Hill Defendants have requested that this matter be remanded throughout the course of the MDL proceedings.[29]

Any argument that the Box Hill Defendants have, in any way, waived the obligation to remand this case would be unfounded and irreconcilable with existing case law. Indeed, the Seventh Circuit has explained that even "participation in repeated pretrial proceedings in which trial dates were set by the transferee court" is "insufficient to demonstrate an intent to relinquish the right to remand the case to the transferor court."[30] Currently, Defendants have no choice but to continue to participate in this proceeding in the MDL Court until remand occurs or the issue can be appealed. Defendants only agreed to an actual trial date when forced by this Court to do so.

Accordingly, pursuant to the mandatory language of Section 1407(a) and the Supreme Court's decision in *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998),

---

[26] This Court appears to have acknowledged this point when Judge Zobel cited to this law review article when providing its reasoning in Dkt. 2309.
[27] *See In re Depuy Orthopaedics, Inc.*, 870 F.3d 245, 351 (5th Cir. 2017) (holding that a *Lexecon* waiver must be "clear and unambiguous.").
[28] *See* **Exhibit 2**.
[29] *See* Dkts. 2933, 3056, and 3380.
[30] *See Armstrong v. Lasalle Bank Nat'l Assoc.*, 552 F.3d 613, 617 (7th Cir. 2009).

this case must be remanded back to its original, transferor court. In its present status as the only

case remaining in a multi-district litigation and with a Plaintiffs' Steering Committee that no longer

provides any benefit to this case, respectfully the time is now ripe.

### C.    The MDL Court has discretion to suggest remand prior to the conclusion of pretrial proceedings in this matter.

While Section 1407(a) and *Lexecon* mandate that this case be remanded to the transferor

court in Maryland at or before the conclusion of pretrial proceedings, this MDL Court has the

discretion to suggest remand to the Panel prior to the conclusion of pretrial proceedings.

The ultimate authority for remanding an action lies with the Panel itself.[31] The Panel shall

consider remand on the motion of any party, the suggestion of the transferee district court, or on

its own initiative.[32] However, the Panel is "reluctant to order remand absent a suggestion of remand

from the transferee judge's determination that remand of a particular action at a particular time is

appropriate because the transferee judge, after all, supervises the day-to-day pretrial

proceedings."[33]

"The plain language of Section 1407 accords the Panel discretion to remand cases before

the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible

fashion."[34] This is because "[i]t is not contemplated that a Section 1407 transferee judge will

necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the

Panel, but rather that the transferee judge … will conduct the common pretrial proceedings … and

---

[31] *See* 28 U.S.C. 1407(a). *See also Lexecon,* 523 U.S. at 28 (recognizing the "duty" of the Panel to remand transferred actions before trial).

[32] R. P. J.P.M.L. 7.6(c).

[33] *In re Baseball Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (internal citations omitted). *See also In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("A transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game no longer is worth the candle (and, therefore, that he perceives his role under Section 1407 to have ended).").

[34] *Id*. at 1375 (internal citations omitted).

any additional pretrial proceedings as he deems otherwise appropriate."[35] If "pretrial proceedings have run their course," however, the Panel is "obligate[d]" to remand any pending cases to their originating courts; an obligation that is "impervious to judicial discretion."[36]

Under the JPML's Rules of Procedure, a transferee court may recommend to the JPML that it remand a member action "at any time by filing a suggestion of remand with the Panel."[37] Because the purpose of multidistrict litigation "is for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of the cases … [,] the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure maximum efficiency for all parties and the judiciary."[38]

Accordingly, the standard generally employed by transferee courts in determining whether to suggest remand "turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL."[39] In applying this standard, "[t]he transferee court should consider when remand will best serve the expeditious disposition of the litigation."[40] This discretion still does not permit a multidistrict litigation court to self-assign a case for trial.

### D.  A suggestion of remand is appropriate at this time.

The most "common" and logical time to remand MDL cases is upon completion of common-issue discovery, when the bulk of the work left is case- and state-law specific. *See In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, 2013 WL 4718958, at *5 ("a suggestion of remand would be appropriate where only case-specific discovery remains") (internal

---

[35] *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977).

[36] *Lexecon*, 528 U.S. at 34–35.

[37] R. P. J.P.M.L. 10.1(b). *See also In re Aqua Dots Prods. Liab. Litig.*, 2011 WL 3325783, at *1 (N.D. Ill. Aug. 2, 2011).

[38] *United States ex rel. Hockett v. Columbia/HCA Healthcare*, 498 F. Supp. 2d 25, 38 (D.D.C. 2007).

[39] *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 1196, 1197 (S.D. Ind. 2001); *In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011); *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012).

[40] MANUAL FOR COMPLEX LITIGATION § 20.133 (4th ed. 2004).

citations omitted); *In re Ins. Brokerage Antitrust Litig.*, 2009 WL 4796662, at *2 ("the Court agrees with *Thornell* and concludes that remand of this case is appropriate because it appears that:…(4) everything that remains to be done is case specific"); *In re Air Crash Disaster Near Chicago, Ill., on May 25, 1979*, 476 F. Supp. 445, 449 (J.P.M.L. 1979) ("[o]nce common pretrial proceedings and any other pretrial proceedings that the transferee court considers appropriate have been completed in the transferee district, each transferred action is to be remanded by the Panel for further pretrial and trial to the district from which each action was transferred"). As of December 7, 2017, the instant case is the only active case left in this entire MDL. Accordingly, this Court's very own scheduling order even acknowledges that only case-specific discovery remains in this matter.[41] There can be no doubt that the remaining work in this matter is case-specific. In fact, case-specific fact discovery is complete. At the time of filing, the parties are completing case-specific expert discovery in this matter.

The mandate of Section 1407 reflects a legislative policy that "trial in the originating district is generally preferable from the standpoint of the parties and witnesses."[42] Case-specific discovery and pretrial proceedings that have occurred since the voluntary dismissal of the seven other Box Hill cases clearly indicate that Maryland, the "originating district," is preferable from both the standpoint of the parties and the witnesses. Dr. Bhambhani, as well as every Plaintiff, was deposed in Maryland.[43] None of the parties are located in Massachusetts. The only connection between this case and the MDL Court at this point is the fact that the case has yet to be remanded to Maryland and the proceedings are still being channeled through Massachusetts.

---

[41] *See* Dkt. 3503.
[42] Elizabeth Burch, *Remanding Multidistrict Litigation*, 75 L. LA. REV. 2, 408 (2014) (citing S. REP. NO. 405 at 5).
[43] *See* Notice of Deposition of Ritu T. Bhambhani, M.D., attached as **Exhibit 3**; Notice of Deposition of Meghan Handy, attached as **Exhibit 4**; Notice of Deposition of Neil E. Rozek, attached as **Exhibit 5**; Notice of Deposition of Kristen Lowery, attached as **Exhibit 6**; Notice of Deposition of Frank D. Ragan, Sr., attached as **Exhibit 7**; Notice of Deposition of JoAnne Ragan, attached as **Exhibit 8**.

In one previous ruling, this Court indicated that remand of the MDL cases would be appropriate once *Daubert* motions were fully briefed.[44] The decision as to when remand of the instant case is proper must be reconciled with the fact that "[t]he <u>*Lexecon*</u> rule restricting venue transfers comes from 28 U.S.C. § 1407's strictures that MDL courts may **only preside over** '**coordinated or consolidated pretrial proceedings**' and must remand cases to their original districts 'at or before the conclusion of such pretrial proceedings.' <u>See</u> 523 U.S. at 28."[45] It bears emphasis, again, that this case is the **<u>only</u>** case that remains active in this MDL. Accordingly, there are no additional cases for which pretrial proceedings can be "coordinated" or "consolidated." The pretrial proceedings can have no bearing or impact on any other MDL since none exist. Even the Plaintiffs' Steering Committee has acknowledged that the instant case is the only case for which pretrial proceedings remain in this MDL.[46] Put simply, remand is appropriate at this time because there exist no "coordinated or consolidated pretrial proceedings" over which this Court can possibly preside, nor does this case bear any impact or relation to any other MDL cases.

The purpose of the MDL court is to ensure "just, speedy and inexpensive determination" of every action. As such, an MDL court's decision as to when to suggest remand should be guided in large part by whether one option is more likely to insure maximum efficiency for all parties and the judiciary. This case is, and has been for some time now, at a point where it is no longer inexpensive or efficient for any party—or the judiciary—to be involved in this MDL. No party to this action is a Massachusetts resident and, as a result, the parties have been required to expend significant resources, both in terms of in-person hours and finances, litigating this case in Massachusetts.

---

[44] *See* Dkt. 2309 at 22.
[45] *See* Dkt. 2309 at 20–21 (emphasis added).
[46] *See* **Exhibit 1** at 12:12-12:18.

Similarly, this MDL has burdened the United States District Court for the District of Massachusetts by diverting significant resources from litigation involving residents of the Commonwealth of Massachusetts to non-resident litigants. At a time when federal judges in Massachusetts have grown extremely concerned with "megatrials" that "clog up courts and drain resources from taxpayers and defendants alike,"[47] remand of this case represents the most efficient and least resource intensive option for this Court. Moreover, given the fact that this MDL has been reduced to one active case for which the outcome of the pretrial proceedings, as well as trial, bears absolutely no impact on any other case, there is no longer any legitimate justification to consume this Court's resources with a case that is ultimately required to be remanded to the Maryland transferor court. This MDL has served its purpose and it is no longer efficient, practical, or inexpensive for this MDL Court to retain control over this case. Therefore, both the parties and the Court are best served by remanding this case back to the Maryland transferor court at this time.

It is not the MDL court's role to try every case.[48] The MDL court's role is to conduct core discovery of the issues, and then send the cases back to their originating court for further work up and trial. *Id.* This MDL Court has fully served its purpose and keeping this case in the MDL is no longer beneficial to the resolution of this matter. It is therefore this MDL Court's duty to suggest remand to the Panel.

Accordingly, the Box Hill Defendants respectfully request that this MDL Court suggest to the JPML that this case be remanded to the Maryland transferor court at this time.

---

[47] Stewart Bishop, *Mass. Fed. Judge Bemoans "Megatrials" As Resource Drain*, Law 360 (Jan. 16, 2018), https://www.law360.com/articles/1002535/mass-fed-judge-bemoans-megatrials-as-resource-drain, attached as **Exhibit 9**.
[48] *See, e.g.*, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 1998 WL 411380, at *1 (E.D. Pa. June 20, 1998).

**D.      Regardless of when remand is deemed appropriate, this Court already outlined a plan for how to address a plaintiff's desire to conduct a trial in this Court.**

Aside from when remand is appropriate, this MDL Court already outlined a process by which it would entertain whether to try one of the MDL cases here.[49] The Court explained:

> [After bellwether selection], I will then send the …bellwether cases to the MDL Panel for remand to their original districts. After the Panel does that, I will immediately entertain a motion from the NECC Post-Confirmation Officer to set venue for trials under 28 U.S.C. § 157(b)(5). Because the cases will no longer be part of the MDL, the motion [and notice] should be filed [as outlined in Dkt. 2309 at 25]. I will then consider the motion and hold a hearing as to assess whether it is ultimately appropriate to transfer the cases to this district for trial. If it is, I will issue an order to that effect and promptly schedule a pretrial conference.[50]

The Court clarified that if the NECC Post-Confirmation Officer declined to file such a motion, then any party to the bellwether cases may do so, while first addressing whether they are "authorized by the bankruptcy statutes or rules to invoke § 157(b)(5)."[51] Moreover, the Court also explained that if such a motion was filed, any party opposing the motion may "file a response within 14 days of its docketing in the district court."[52] Nevertheless, the Court has not followed that process. The trial and pretrial dates for this case have already been set by the Court without remand, without requiring the Post-Confirmation Officer or a party to file a motion, and without giving the opposing party an opportunity to file an opposition, and be heard at a hearing as to whether transfer of an MDL case to this Court for trial is appropriate. The Defendants respectfully request that this Court follow the process it has already outlined in these MDL proceedings.

---

[49] Dkt. 2309 at 25-26.
[50] *Id.* (footnotes omitted).
[51] *Id.* at 25 n.20.
[52] *Id.* at 25 n.22.

13

**E.      Alternatively, the Box Hill Defendants respectfully request the Court to provide guidance as to whether it intends to suggest remand pursuant to Section 1407 and *Lexecon*.**

In the event the Court is unwilling to suggest remand at this time, the Box Hill Defendants respectfully request guidance as to whether (a) this Court is going to suggest remand to the Panel before trial or (b) the Court intends to remain firm on its suggestion that this case will proceed to trial in the United States District Court for the District of Massachusetts, sitting as an MDL court.

In a Memorandum of Opinion dated October 7, 2015, this Court acknowledged its duty to remand the MDL cases to the transferor courts under Section 1407 and *Lexecon*. *See* Dkt. 2309 at 20 ("*Lexecon* prevents me from keeping the cases here through trial . . . ."). The Court explained:

> First, the court is the MDL transferee court for all of the MDL's cases. In that role, it is both empowered and constrained by 28 U.S.C. § 1407. It may only preside over pretrial proceedings, and must ensure that the cases are remanded by the MDL Panel when its job is complete.[53]

Though it once appeared certain that the Court would remand this case pursuant to the mandate of Section 1407 and *Lexecon*, there is no longer any support for the notion that remand is forthcoming. Case-specific discovery and pretrial proceedings have been scheduled to occur in this MDL Court. Additionally, trial has also been docketed in this MDL Court. Most concerning is the fact that pretrial proceedings and trial appear to have been scheduled in this MDL Court exclusively based on Plaintiffs' express desire to try it in Massachusetts.

If the MDL Court is unwilling to suggest remand at this time, the Box Hill Defendants respectfully seek guidance as to whether this Court intends to ultimately suggest remand and, if so, when the Court deems such a suggestion to be appropriate. In the event that the Court truly does intend to keep this case in the MDL *through* trial, the Box Hill Defendants respectfully

---

[53] *Id.*

14

request that this Court include in its Order denying this Motion a certification for immediate appeal pursuant to 28 U.S.C. § 1292(b).[54]

## IV.  CONCLUSION

For the reasons stated above, the Box Hill Defendants respectfully move this MDL Court to enter an order suggesting remand of this case to the Judicial Panel on Multi-District Litigation to then be sent to the transferor court under § 1407 for the completion of the remaining case-specific discovery, pretrial proceedings, and trial.

Respectfully submitted,

/s/ Catherine W. Steiner
Catherine W. Steiner
Gregory K. Kirby
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
Tel: (410) 938-8800
**Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 8th day of February, 2018, a copy of the foregoing was electronically filed in the United States District Court for the District of Massachusetts and electronically served upon counsel of record through the Court's CM/ECF system.

/s/ Catherine W. Steiner
Catherine W. Steiner, Esq.

---

[54] The Box Hill Defendants incorporate Dkt. 2457-1 in support of their argument that certification of such an order is appropriate.