2/6/2018    Mass. Fed. Judge Bemoans 'Megatrials' As Resource Drain | Law360

Case 1:13-md-02419-RWZ Document 3521-9 Filed 02/08/18 Page 1 of 2


EXHIBIT 9

- Rankings
- Regional Powerhouses
- Law360's MVPs
- Glass Ceiling Report
- Global 20
- Law360 400
- Diversity Snapshot
- Practice Group Partner Rankings
- Practice Groups of the Year
- Pro Bono Firms of the Year
- Rising Stars
- Trial Aces
- Site Menu
- Join the Law360 team
- Search legal jobs
- Learn more about Law360
- Read testimonials
- Contact Law360
- Sign up for our newsletters
- Site Map
- Help



Make sure you don't miss any Law360 breaking news.

Download our plug-in for Chrome to get customizable, real-time news alerts

# Mass. Fed. Judge Bemoans 'Megatrials' As Resource Drain

Share us on: By **Stewart Bishop**

Law360, New York (January 16, 2018, 9:24 PM EST) -- A Massachusetts federal judge on Tuesday criticized the increasing phenomenon of monthslong "megatrials" that clog up courts and drain resources from taxpayers and defendants alike, and refused to reconsider time limits in an upcoming bribery trial of former employees of proxy solicitation firm Georgeson.

U.S. District Judge Richard G. Stearns reiterated his critiques of trials "measured in months rather than weeks" that he also raised in a case against former pharmacist Glenn Chin over his role in a fatal meningitis outbreak.

Megatrials drain the court's resources, both in terms of in-person hours and finances, which ultimately ends up costing taxpayers, according to the judge.

As for the "increasingly rare defendant" who has the ability to foot the bill for a long criminal trial, megatrials impose devastating costs "and even the Hobson's choice between bankruptcy and vindication," Judge Stearns said.

Tuesday's order came in response to a government request to reconsider a 20-hour limit for both the prosecution

and defense cases in the trial of former Georgeson executives and employees accused of using bribes, such as $1,400 basketball tickets, to obtain confidential shareholder voting information.

Proxy solicitation firms like Georgeson are typically used to assist publicly traded companies when shareholder voting is required, by gathering information about institutional investors' holdings and the direction of their proxy votes, according to the government.

Prosecutors say Richard Gottcent, Donna Ackerly, Charles Garske and Michael Sedlak conspired to bribe an employee of a prominent proxy advising company to gain access to its nonpublic information. According to the government, institutional investors often retain proxy advisers for research and recommendations regarding proposals in corporate elections.

Judge Stearns said he recognized that time limits in criminal cases should not be inflexible and that circumstances in the trial may require adjustments. He further noted that courts must also account for special considerations such as a defendant's right to testify in his or her own defense and to confront the government's witnesses.

But he said time limits also recognize and lessen the heavy burden that lengthy trials place on jurors.

"Megatrials effectively eliminate from the available venire those jurors who cannot afford to take extended absences from their jobs, or who cannot afford the extra costs of child or parental care that months of service may entail, leaving largely jurors who are either retired or who, in a few fortunate instances, have employers willing to fund unlimited jury service," Judge Stearns said.

This weeding out of most juror candidates risks undermining the representativeness of the jury, according to the judge.

Finally, Judge Stearns said megatrials drain the resources of prosecutors by encouraging the "overindictment" of cases, and sap government attention from other cases of equal importance.

Attorneys for the defendants either declined to comment or did not immediately respond to requests to comment on Judge Stearns' order. A spokeswoman for Massachusetts U.S. Attorney Andrew Lelling could not be immediately reached for comment late Tuesday.

Last year Georgeson itself **agreed to pay $4.5 million** as part of a deferred prosecution agreement, admitting that the firm used prestige concert and sporting event tickets as bribes to obtain confidential shareholder voting information. The company also copped to conspiring to defraud its own clients, billing them for a portion of those bribes while making bogus claims that the charges were legitimate.

The government is represented by Sarah Walters and Stephen Frank of the U.S. Department of Justice.

Ackerly is represented by Michael Kendall and Yakov Malkiel of White & Case LLP. Garske is represented by Justine Harris and Michael Gibaldi of Sher Tremonte LLP. Gottcent is represented by Thomas R. Kiley and William J. Cintolo of Cosgrove Eisenberg & Kiley PC. Sedlak is represented by David Spears and Josiah Pertz of Spears & Imes LLP.

The case is U.S. v. Ackerly et al., case number 1:16-cr-10233, in the U.S. District Court for the District of Massachusetts.

--Editing by Edrienne Su.

View comments

# 0 Comments