# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC. PRODUCT LIABILITY
LITIGATION

---

This document relates only to:

*Handy* No. 1:14-cv-14019-RWZ

MDL No. 02419

Docket No. 1:13-md-2419-RWZ

## PLAINTIFF'S OPPOSITION TO BOX HILL DEFENDANTS' MOTION FOR SUGGESTION OF REMAND

Harry M. Roth, Esq. (*Pro Hac Vice*)
Michael Coren, Esq. (*Pro Hac Vice*)
Cohen, Placitella & Roth, P.C.
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
215-567-3500 (Phone)
215-567-6019 (fax

*Attorneys for Plaintiff Handy*

**I.      INTRODUCTION**

This present motion is the Box Hill Clinic Defendants'[1] *fourth* time requesting the Court remand this case to the District Court of Maryland. With absolutely nothing materially new to say, they ask this Court once more to reconsider its previous rulings regarding its authority under 28 U.S.C. § 157(b)(5). Jurisdiction and venue in this Court are settled and the case is almost on the eve of trial. Several times over this Court expressly found it has subject matter jurisdiction over Plaintiff Meghan Handy's case against the Box Hill Defendants regarding the death of her mother, Brenda Rozek, from the administration of fungal contaminated NECC MPA steroids. Several times over this Court ruled venue properly lies here in this District Court for the United States District of Massachusetts where the contaminated steroid vials originated, and through the Box Hill Defendant's misconduct of submitting bogus, illegal prescriptions via fax, found their way to Maryland and into Brenda Rozek's body.

Despite the Court repeatedly rejecting their previous rehashed requests for remand pursuant to 28 U.S.C. § 1407 and *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 532 U.S. 26 (1998), the Box Hill Defendants again, now beyond the point of contumaciousness, ask for remand based on the *same* argument. Quite simply, Box Hill Defendants present no reason for the Court to reconsider jurisdiction and venue issues in this case. As nothing has changed this motion should be likewise denied.

---

[1] The "Box Hill Defendants" or "Box Hill" are collectively Defendants Ritu T. Bhambhani, M.D., Ritu T. Bhambhani, LLC, and Box Hill Surgery Center, LLC.

## II. ARGUMENT

### A. Jurisdiction and Venue Have Been and Still Are Proper in This Court, and like Box Hill Defendants' Three Previous Motions for Remand the Current Motion Should Be Denied.

Box Hill's first request for remand (Dkt. 2928) was in response to this Court's Order to Show Cause Concerning Remand and Transfer in June of 2013. Dkt. No. 2933. In compliance with the Order, the Plaintiffs filed a memorandum requesting that the Court continue to exercise jurisdiction over this case. As stated therein, as is still the case today, Plaintiff's case was progressing within the Court ordered deadlines for completion of discovery in preparation for trial. Dkt. No. 2935.[2] In a June 24, 2016 Order this Court denied Box Hill Defendants' request for remand. Dkt. No. 2958.

Box Hill Defendants' second attempt for remand came just two months later, on August 22, 2016. Dkt. Nos. 3056, 3056-1. Box Hill Defendants argued in part, and as here, that remand was required pursuant to 28 U.S.C. § 1407 and *Lexecon*. Dkt. No. 3056-1 at 4-5. Plaintiff Handy along with other co-plaintiffs opposed the motion by a letter to the Court dated August 24, 2016. Dkt. No. 3071.[3] In the letter, Plaintiffs noted that this Court, in response to like remand motions filed by the similar Tennessee clinic defendants, had already decided that jurisdiction and venue for this "candidate case" is proper in Massachusetts pursuant to 28 U.S.C. § 157(b)(5). *Id.*; *see*

---

[2] Plaintiff adopts and incorporates by reference the Memorandum in Compliance with the Court's June 13, 2016 Order to Show Cause Concerning Remand and Transfer as if set forth fully herein. Dkt. No. 2935.

[3] Plaintiff adopts and incorporates by reference the August 24, 2016 letter to the Court in opposition to Box Hill Defendants' motion to remand as if set forth fully herein. Dkt. No. 3071.

*also* Dkt. Nos. 2309, 3011. On August 25, 2016, this Court entered an Endorsed Order denying Box Hill Defendants' motion for remand. Dkt. No. 3075.

Box Hill Defendants' third go at remand came via a motion for reconsideration concerning the Court's August 25, 2016 Endorsed Order. Box Hill again argued for remand pursuant to 28 U.S.C. § 1407 and *Lexecon*. Dkt. No. 3380. Plaintiff submitted a brief in opposition explaining why there was no reason for remand or transfer of the Box Hill cases, and why venue for trial was (and remains) proper in Massachusetts. Dkt. No. 3403.[4] Box Hill filed a reply in favor of remand continuing to claim this Court's obligations in this case ended. Dkt. No. 3405. Despite Box Hill Defendants' strained efforts, this Court again rejected the arguments for remand and denied the motion on July 20, 2017. Dkt. No. 3427.

After all this, as well as oral requests at status conferences which the Court denied out of hand, the Box Hill Defendants yet again submit a motion that is nothing more than a request for this Court to revisit and change its mind on its authority under 28 U.S.C. § 157(b)(5). In doing so for a fourth time the Box Hill Defendants offer absolutely no new legal or compelling factual arguments, other than maybe this time it might work.[5] That, of course, is neither proper grounds or reason for reconsideration in a district court, as a court should only reconsider an interlocutory order it handed down when the movant demonstrates: (1) an intervening change in the law; (2) the

---

[4] Plaintiff adopts and incorporates by reference Plaintiffs' Opposition to Defendants' Motion for Reconsideration of Suggestion of Remand or Transfer of Box Hill Cases to Maryland and to Establish Venue in Maryland Via § 157(b)(5) or § 1404(a). Dkt. No. 3403.

[5] Indeed, the Box Hill Defendants motion pretends as if this Court did not previously reject their same argument on three prior occasions. It nowhere mentions the Court's three prior denial orders and instead casts its previous motions as a non-waiver of right to seek remand. Dkt. No. 3521 at 3, n.9, 7, n.29.

3

discovery of new evidence not previously available; or (3) a clear error of law in the first order. *David v. Lehane*, 89 F. Supp. 142, 147 (D. Mass. 2000).

Applying these settled standards here, Box Hill offers no grounds for reconsideration. Box Hill Defendants contend remand is now (with trial a little more than a month and half away) appropriate under Section 1407 and *Lexecon* because common-issue discovery is complete and this is the only case remaining in MDL No. 2419 proceeding to trial. Dkt. No. 3521 at 2, 4, 8, 10, 11. This is no reason for reconsideration at all. Box Hill Defendants cite no new or apposite authority supporting this argument and fail to explain how this case, being the last remaining active action in the MDL proceeding to trial, is reason to displace this Court's authority to set trial venue and conduct a trial under Section 157(b)(5). This Court fully explained the reasons why subject matter jurisdiction and venue for this case appropriately lay in Massachusetts and in this District Court. *See* Dkt. 2309 at 15-21. Plaintiff accordingly repeated the Court's findings and reasoning in response to Box Hill's several times over, replicated attempts to obtain a different outcome. *See* Dkt. Nos. 2935, 3071, and 3403. Simply put, the solo nature of this case proceeding to trial in no way upends this Court's thrice denial of remand.

For similar reasons, and contrary to Box Hill Defendants' argument, proceeding with a trial in Massachusetts is still inexpensive and efficient. *See* Dkt. No. 3521 at 11-12. Again, much of the evidence that will be presented by the Box Hill Defendants on their anticipated comparative fault defenses—like evidence of NECC's and the Affiliated or Unaffiliated Defendants' wrongdoing—is in Massachusetts, "making any evidentiary inconveniences caused by moving the case[] out of [its] original district[] a wash." Dkt. No. 2309 at 24. More so, judicial efficiency requires this case remain before this Court, which is the forum most familiar with the issues of this case. Indeed, this Court has an unparalleled familiarity with this case's legal and factual complexities, along with a

4

necessary understanding of the NECC bankruptcy plan. The Court's familiarity with this case allowed the Court to establish a streamlined trial schedule that has ushered this case to trial faster than in any other jurisdiction. Transferring this case back to the District Court of Maryland now would be an inefficient shift of responsibility and cause undue delay totally inconsistent with judicial economy.

Box Hill Defendants also claim trial in Maryland is "preferable" as all the remaining parties reside in Maryland, asserting that the only connection between this case and this Court is the fact that pre-trial proceedings are still being channeled in Massachusetts. Dkt. No. 3521 at 10. Box Hill Defendants are blind to reality. From years of presiding over the NECC MDL, the Court is well-aware of this case's numerous connections to Massachusetts.[6] As noted above, per Box Hill Defendants' own expected comparative fault defenses, this case continues to be intertwined with conduct by actors in Massachusetts, and whose testimony concerning the same will be required at trial if Box Hill seeks to prove the fault of others. Notwithstanding, even if Box Hill Defendants withdrew their comparative fault defenses against NECC and the Affiliated and Unaffiliated Defendants, it is still impossible for either party to properly explain this case to a jury without presenting evidence of the events that occurred in Massachusetts. As for Plaintiff and her witnesses who do not live in Massachusetts, Plaintiff has clearly stated she prefers to try the matter before this Court, and the convenience of trying this case in Massachusetts versus Maryland is negligible.

---

[6] Among other things, Massachusetts is the state in which the NECC MPA vials were tainted with fungal pathogens and were misbranded with false patient labels accompanying them when dispensed. Massachusetts is also the state in which NECC's bankruptcy plan and victims trust are being administered for the benefit of the MPA infection victims (who are NECC's main creditors).

5

More so, this MDL Court did not inappropriately self-assign this case for trial. Dkt. No. 3521 at 2, 6. Scheduling trial for April 9, 2018, was not a self-assignment but rather a measure the venue bestowed upon this Court for efficiency purposes. As this Court previously explained, the Court would oversee the case in its capacity as the MDL Court until *Daubert* motions were fully briefed, and then, subsequently establish jurisdiction and venue in its capacity sitting in bankruptcy. Dkt. No. 2309 at 22. Here, Box Hill Defendants' case-specific expert reports are due February 16, 2018 (Plaintiff was timely served per Magistrate Boal's schedule), and the deadline for completion of case-specific expert depositions is March 9, 2018. Thus, *Daubert* motions are at least a month away from being briefed; until then this Court will properly oversee proceedings after which it will set venue in this district for trial under the Court's bankruptcy powers. Dkt. No. 2309 at 22-24.

Lastly, the Box Hill Defendants' request for certification for interlocutory appeal under 28 U.S.C. § 1292(b) should be denied. This Court already reviewed Box Hill Defendants incorporated arguments (Dkt. No. 2457-1) and rejected them in a January 14, 2016 Endorsed Order denying certification for interlocutory appeal. Dkt. No. 2584. As with the request for remand, nothing since then has changed. There is still no substantial difference of opinion regarding this Court's authority under Section 157(b)(5), and an immediate appeal on the matter will not advance the termination of this litigation. *See* Dkt. No. 2393.

In sum, Box Hill Defendants offer no new compelling arguments for remand and there has been no change in circumstances that would compel the Court to reverse its previous rulings and opinions on these matters. Ms. Handy still brings a "qualified" wrongful death claim case related to a major bankruptcy matter in this District Court. Pursuant to Section 157(b)(5), this Court has the authority a to set the venue for trial and this Court continues to be the best suited venue for

hearing and deciding it. In simplest terms, Box Hill Defendants' instant motion retreads old ground, which is not sufficient to justify Box Hill Defendants' fourth-renewed request for relief.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court deny the Box Hill Defendants' Motion for Suggestion of Remand.

Respectfully submitted,

/s/     Michael Coren
Harry M. Roth, Esq. (*Pro Hac Vice*)
Michael Coren, Esq.
**Cohen, Placitella & Roth, PC**
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
215-567-3500 (Phone)
215-567-6019 (Fax)
*Attorneys for Plaintiff Handy*

## CERTIFICATE OF SERVICE

I, Michael Coren, hereby certify that a copy of the foregoing document, filed through the CM/ECF system will be accessible to those attorneys who are registered with the Court's electronic filing system and Notice of Electronic filing (NEF), including the attorneys representing the defendants in the above-referenced individual cases, and will be sent to these parties by operation of the CM/ECF system.

/s/ *Michael Coren*
Michael Coren

Dated: February 14, 2018