UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL No. 02419<br>Docket No. 1:13-md-2419-RWZ |
| This document relates to: ) ) | |
| Handy v. Box Hill Surgery Center, LLC, et al. ) No. 1:14-cv-14019-RWZ ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### BOX HILL DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUGGESTION OF REMAND

Defendants, Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C. (hereinafter, collectively "Defendants"), by undersigned counsel, submit this Reply to Plaintiffs' Opposition to Defendants' Motion for Suggestion of Remand. This Reply is necessary to clarify the misstatements made by Plaintiffs in their Opposition to Defendants' Motion for Suggestion of Remand ("Pl.'s Opp."). In further support, Defendants state as follows:

Plaintiff uses such words and phrases in describing Defendants' motion as "blind to reality" and "contumacious."[1] Contrary to Plaintiffs' contention, however, Defendants are not acting in defiance of this Court's previous rulings nor are Defendants asking this Court, by the instant motion, to reconsider whether it has authority under 28 U.S.C. §157(b)(5) to set venue for trial in this case. Instead, consistent with prior rulings of this Court, Defendants are seeking a suggestion of remand from this Court to the Judicial Panel on Multidistrict Litigation ("JPML") to ensure the Court's compliance with the dictates of 28 U.S.C. §1407 as this Court's job with respect to coordinated and consolidated pretrial proceedings is complete. The Court has discretion as to when

---

[1] *See* Pl.'s Opp. at 1, 5, and 6.

to suggest remand consistent with JPML Rules and the *Lexecon* case, but the Court's obligation to remand is impervious to judicial discretion.[2]

It is notable that Plaintiffs fail to not only distinguish *Lexecon*, but to address its requirements of remand in this case. Instead, Plaintiffs repeatedly argue that this Court has the right to self-assign this case to itself pursuant to its authority under 28 U.S.C. §157(b)(5). Plaintiffs cite to this Court's order and memorandum of opinion at Docket No. 2309 in support of subject matter jurisdiction. Notably, however, Plaintiffs completely ignore that the Court outlined a process for the Court to comply with its dual roles, and their attendant responsibilities, under 28 U.S.C. §1407 and 28 U.S.C. §157(b)(5).

While not conceding that subject matter jurisdiction in this Court is proper pursuant to § 157(b)(5), Defendants did not re-argue whether this Court actually has subject matter jurisdiction in their motion for suggestion of remand. That would be for another time. Defendants simply asked this Court to follow the clear process that this Court stated needed to occur before being able to entertain a motion to set venue for the trial in this case in order to self-assign this case. That process, according to the Court's own words requires (1) remand pursuant to JPML Rules and *Lexecon*,[3] (2) motion by the Post-Confirmation Officer (if desired) or by the Plaintiff seeking jurisdiction in this Court pursuant to §157(b)(5), (3) an opportunity for Defendants to file an opposition, and (4) a hearing for the parties to be heard.[4] If plaintiffs filed such a motion, the Court noted that plaintiffs would need to prove that it had the authority to seek jurisdiction under §157(b)(5). Accordingly, this issue is not as final as plaintiffs want it to be. That said, whether or not jurisdiction exists is not the purpose of Defendants' motion. Moreover, Defendants are not asking the Court to

---

[2] *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998)
[3] The basis for remand under the JPML Rules and *Lexecon* was outlined in detail in this Court's Order at Docket No. 2309, as well as in Defendants' Motion for Suggestion of Remand (Dkt. 3521).
[4] *See* Dkt. 2309 at 25.

reconsider its Order at Docket No. 2309 as Plaintiffs contend.[5] On the contrary, Defendants are asking the Court to follow it and the process it outlined.

Plaintiffs argue that nothing has changed since an endorsed order denying suggestion of remand on January 14, 2016, and that Defendants have nothing new to say in their underlying Motion for Suggestion of Remand. Plaintiffs ignore that in January 2016, there were hundreds of cases in this MDL and common issue discovery was in full force where, by contrast, now there is but one case remaining in the entire MDL (since the Court remanded hundreds of other cases to other courts) and no more common issue discovery to accomplish. Defendants provided extensive detail in their Motion explaining what has changed and why remand is appropriate now. In that explanation, Defendants provided multiple references to case law supporting why the current situation is the right time for remand.[6] In response, Plaintiffs argue simply that trial is too close and remanding now would be inefficient. Plaintiffs do not explain at all why the JPML Rules and *Lexecon* should not be followed, or even provide any authority as to why the Court does not now need to follow the very process it stated it was required to follow.

Instead, in support of their argument as to why it is appropriate for this Court to self-assign the case to itself, Plaintiffs argue that this Court has "unparalleled familiarity with this case's legal and factual complexities, along with a necessary understanding of the NECC bankruptcy plan."[7] Apparently, Plaintiffs believe that this is the only Court that can handle or understand these cases

---

[5] *See* Pl.'s Opp. at 3.
[6] *See* Defendants' Motion for Suggestion of Remand (Dkt. 3521) at 9-12 (citing *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, 2013 WL 4718958, at *5 ("a suggestion of remand would be appropriate where only case-specific discovery remains") (internal citations omitted); *In re Ins. Brokerage Antitrust Litig.*, 2009 WL 4796662, at *2 ("the Court agrees with *Thornell* and concludes that remand of this case is appropriate because it appears that:…(4) everything that remains to be done is case specific"); *In re Air Crash Disaster Near Chicago, Ill., on May 25, 1979*, 476 F. Supp. 445, 449 (J.P.M.L. 1979) ("[o]nce common pretrial proceedings and any other pretrial proceedings that the transferee court considers appropriate have been completed in the transferee district, each transferred action is to be remanded by the Panel for further pretrial and trial to the district from which each action was transferred")).
[7] Pl.'s Opp. at 4-5.

involving NECC or any relation to the bankruptcy. This Court, however, has remanded hundreds of other cases previously in this MDL to other jurisdictions with apparently no concern about whether those courts could handle those cases or the bankruptcy issues. It is notable that Plaintiffs have not even outlined what bankruptcy issues might need to be addressed. Plaintiffs also overlook their initial choice to file this action in the Circuit Court for Baltimore County, Maryland where, at the outset, they claimed venue was proper.[8]  Prior to the consolidation of this case with others and ultimate transfer to this MDL, Defendants filed a Motion to Dismiss or Transfer for Improper Venue Or, In the Alternative, to Transfer Based on *Forum Non Conveniens*, in the Circuit Court for Baltimore County contending proper venue lay in the Circuit Court for Harford County pursuant to Maryland Courts & Judicial Proceedings Article §6-201 and §6-202.  Irrespective of the propriety of venue in Baltimore County or Harford County as to these Defendants, either of these Maryland courts has experience handling similar cases involving these Defendants and other Maryland health care providers related to contaminated NECC steroids and are more that competent to handle the instant case as well.

Plaintiffs also misspeak when they state that it is important for convenience purposes for comparative fault defenses against NECC and others to remain in this Court. Comparative fault is not permitted under Maryland law. As such, there are no issues with comparative fault, so that is not a basis for keeping this case in a Massachusetts Court.  Similarly, Plaintiffs' stated preference to try this case in this Court is not the determinative factor where, as here, the Defendants have steadfastly refused to waive the mandates of *Lexecon*.

The position asserted by Plaintiffs selectively ignores the process set forth in this Court's Order at Docket No. 2309 which clearly provides for this Court to send this case to the JPML for

---

[8] Circuit Court for Baltimore County, Case No. 03-C-14-009238.

the case to be remanded to the United States District Court for the District of Maryland **before** this Court can entertain a motion to set venue under 28 U.S.C. §157(b)(5).

WHEREFORE, Defendants respectfully request that this Court make a suggestion of remand to the JPML and initiate the process that this Court outlined in detail in Docket No. 2309.

>Respectfully submitted,
>
>/s/ Catherine W. Steiner
>Catherine W. Steiner
>Gregory K. Kirby
>Pessin Katz Law, P.A.
>901 Dulaney Valley Road, Suite 500
>Towson, Maryland  21204
>Tel: (410) 938-8800
>***Attorneys for Box Hill Surgery Center, L.L.C., Ritu T. Bhambhani, M.D., and Ritu T. Bhambhani, M.D., L.L.C.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 16th day of February, 2018, a copy of the foregoing was electronically filed in the United States District Court for the District of Massachusetts and electronically served upon counsel of record through the Court's CM/ECF system.

>/s/ Catherine W. Steiner
>Catherine W. Steiner, Esq.