UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Case No. 1:14-cv-13508-RWZ | MDL No. 1:13-md-2419-RWZ |

**MOTION FOR ENTRY OF AN ORDER SUBSITUTING PARTY PLAINTIFF, AND ENTRY OF AN ORDER APPROVING FINAL DISTRIBUTION OF WRONGFUL DEATH SETTLEMENT PROCEEDS PURSUANT TO VA. CODE § 8.01-55**

John D. Eure, Esq., personal representative and duly qualified Administrator of the Estate of Sydney M. Creasy, deceased ("Sydney Creasy" or "decedent"), by counsel, respectfully moves the Court to do the following:

A.  Enter an order substituting as party plaintiff John D. Eure, Administrator of the Estate of Sydney M. Creasy, deceased; and

B.  Enter an order approving final distribution of wrongful death proceeds Pursuant to Va. Code § 8.01-55.  In support of the foregoing, movant states the following:

### A.  SUBSTITUTION OF PARTY PLAINTIFF

1.  On September 14, 2017 Counsel for the Estate of Sydney M. Creasy, deceased, moved the Court pursuant to Rule 25(a) of the Federal Rules of Civil Procedure to substitute John D. Eure as the plaintiff in this case ("Motion to Substitute").  [Doc. 3447].

2.  Although the Court approved the Motion to Substitute and the Clerk made a note of such approval [Doc. 3473], the Order of Substitution was never entered.

3.  An updated Order Substituting Party Plaintiff is attached hereto as <u>Exhibit A</u>.

4.  Counsel for the petitioner requests entry of the attached Order of Substitution.

B.    **FINAL APPROVAL OF DISTRIBUTION OF SETTLEMENT PROCEEDS**

The settlement of this wrongful death case was previously approved by this Court in an order entered as of July 9, 2015 [Doc. 31]. A proposed order adjudicating and ordering final distribution of the settlement proceeds pursuant to Va. Code § 8.01-55 is attached hereto as Exhibit B.

a.    <u>Petitioner and Statutory Beneficiaries</u>.

    1.    The Petitioner is John D. Eure, Esq., newly appointed Administrator of the Estate of Sydney Creasy.[1]

    2.    On September 8, 2017 the Petitioner duly qualified as Administrator of the Estate of Sydney Creasy in the Circuit Court for the City of Roanoke, Commonwealth of Virginia.

    3.    Virginia Code §§ 8.01-50, et seq. (entitled "Death by Wrongful Act") (collectively, the "Act") govern causes of action for death by wrongful act in the Commonwealth of Virginia, as well as the determination of damages and their distribution among beneficiaries determined according to the Act. The following statutes are part of the Act:

        a.    Virginia Code § 8.01-53 provides in pertinent part as follows:

> A. The damages awarded pursuant to § 8.01-52 [addressing the types of damages that may be awarded to the estate of a decedent for death by wrongful act] shall be distributed as specified under § 8.01-54 to (i) the surviving spouse, children of the deceased and children of any deceased child of the deceased, . . .[2]

        b.    Virginia Code § 8.01-54 provides in pertinent part as follows:

---

[1] The decedent's daughter, Tamela Miller, was originally appointed as Executor of her mother's estate on February 12, 2013, but has herself passed away. Mr. Eure, a Virginia attorney, has graciously agreed to serve as substitute administrator during this final portion of the case.

[2] Va. Code § 8.01-53(A)(i).

> A. The verdict may and the judgment of the court shall in all cases specify the amount or the proportion to be received by each of the beneficiaries, if there be any. . . .
>
> . . . .

    c.    The amount recovered in any such action shall be paid to the personal representative who shall first pay the costs and reasonable attorney's fees and then distribute the amount specifically allocated to the payment of hospital, medical and funeral expenses. The remainder of the amount recovered shall thereafter be distributed by the personal representative, as specified in subsections A and B above, to the beneficiaries set forth in § 8.01-53: . . .[3]

    d.    Virginia Code § 8.01-55 provides in pertinent part as follows:

> . . . The court shall require the convening of the parties in interest in person or by their authorized representative, but it shall not be necessary to convene grandchildren whose living parents are made parties to the proceeding. The parties in interest shall be deemed to be convened if each such party (i) endorses the order by which the court approves the compromise or (ii) is given notice of the hearing and proposed compromise as provided in § 8.01-296 if a resident of the Commonwealth or as provided in § 8.01-320 if a nonresident, or is otherwise given reasonable notice of the hearing and proposed compromise as may be required by the court.
>
> If the court approves the compromise, and the parties in interest do not agree upon the distribution to be made of what has been or may be received by the personal representative under such compromise, or if any of them are incapable of making a valid agreement, the court shall direct such distribution as a jury might direct under § 8.01-52 as to damages awarded by them. In other respects, what is received by the personal representative under the compromise shall be treated as if recovered by him in an action under § 8.01-52.[4]

In short, Virginia statute requires the court to convene a hearing and determine the final distribution of funds obtained pursuant to claims for death by wrongful act, among statutory

---

[3] Va. Code §§ 8.01-54(A) and (C).
[4] Va. Code § 8.01-55.

3

beneficiaries. In any case in which the statutory beneficiaries do not agree upon the distribution, the Court shall direct the amounts to be distributed to the various beneficiaries.

    4.      Pursuant to Va. Code § 8.01-53, there are two statutory beneficiaries of the wrongful death estate of Sydney Creasy: Katherine Shughart, a surviving child of the decedent, and Robin A. Sawyer, a surviving grandchild of the decedent whose parent has deceased. Both statutory beneficiaries are over the age of 18 years. The decedent was not married at the time of her death.

    5.      Although Counsel has last-known addresses for each of the statutory beneficiaries and has, at times, been able to communicate with each beneficiary, Counsel has not been able to secure from the beneficiaries an agreement concerning the final distribution of the settlement proceeds.

b.    <u>Service of Process</u>.

    6.      Each statutory beneficiary will be served pursuant to the requirements of Virginia statute with a copy of this Petition along with a notice of the hearing (date, time and location and, with the court's permission for statutory beneficiaries to appear by telephone, a dial-in number and pass code for a conference call, and the opportunity to be heard), and a copy of the proposed final order.

c.    <u>Liens</u>.

    7.      There are no known liens associated with the settlement proceeds.

d.    <u>Distribution of proceeds</u>.

    8.      After payment of attorney fees, expenses, and liens, approximately $500.00[5] will remain in the estate for distribution among the statutory beneficiaries.

---

[5] This case was originally pursued as a wrongful death case within the statutory framework of Va. Code §§ 8.01-50, et seq. Because the Settlement Administrator determined there was a lack of proof of causation, the monetary

4

e. <u>This Court has already approved the Settlement Agreement, subject to a final distribution order</u>.

9. On July 9, 2015, this Court approved the underlying Settlement Agreement, subject only to entry of a final distribution order approving the distributions to be made from the settlement proceeds. The proposed order attached hereto as <u>Exhibit B</u> accomplishes this.

f. <u>Relief Requested</u>.

10. The Petitioner respectfully asks the Court to do the following:

   a. Schedule a 15- minute hearing on this Petition and allow Counsel time to serve notice of the hearing on the statutory beneficiaries.

   b. Allocate the net settlement proceeds after payment of attorney fees, costs and expenses among the statutory beneficiaries as the court deems appropriate; and

   c. Enter the proposed order attached hereto as <u>Exhibit B</u>.

Date:  April 5th, 2018.                    Respectfully Submitted

/s/Patrick T. Fennell
Patrick T. Fennell, VSB 40393
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone:  540/342-2000
Facsimile:  540/400-0616
pfennell@crandalllaw.com

Counsel for John D. Eure, Esq., Administrator of the Estate of Sydney Creasy, deceased.

---

awards to the estate are minimal.  However, it is still necessary to obtain final court approval of the distribution of the settlement proceeds under Va. Code §§ 8.01-50, et seq.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5th, 2018, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which then sent a notification of electronic filing (NEF) to counsel of record.

/s/Patrick T. Fennell