UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In RE NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2419<br>MDL No. 1:13-md-2419-RWZ |
| THIS DOCUMENT RELATES TO:<br><br>Milda Mattila | |

### PLAINTIFF MILDA MATTILA'S PRELIMINARY RESPONSE TO CMS's STATEMENT OF INTEREST

Plaintiff, DAVID J. MATTILA, as Personal Representative of the Estate of MILDA J. MATTILA, Deceased, by and through the undersigned, files this Preliminary Response to CMS's Statement of Interest, and submits as follows:

1. This Court scheduled a hearing on Plaintiff Mattila's Motion for Equitable Relief for May 12, 2022, at 2:00 pm.

2. Plaintiff received CMS's Statement of Interest / Response yesterday (May 11, 2022).

3. Plaintiff intends to file a full reply to CMS's response but will need additional time to do so.

4. Plaintiff Mattila wishes to make two points: 1) in addition to the Tort Trust Agreement referenced in Plaintiff's Motion, the Lien Resolution Agreement entered into between CMS and Class Counsel [**Ex A**] also provides this court with subject matter jurisdiction on Plaintiff's motion; and (2) because Plaintiff cannot even get to the first level of the five-level administrative appeal process, Plaintiff has no administrative remedies to exhaust.

5. Notwithstanding CMS's representations to the contrary, Plaintiff Mattila has attempted to initiate the CMS administrative process – and on multiple occasions. The problem with the administrative process is that Plaintiff cannot get a demand letter from CMS until she actually

{01280843.DOCX}

receives the settlement funds. But per the NECC settlement agreement – which includes the CMS lien agreement - Plaintiff is not permitted to receive settlement funds until there is an agreement between CMS and Plaintiff on resolution of the lien. The last response Plaintiff received from CMS was an Offer of Compromise letter (agreeing to reduce its lien to $117,000[1]). **[Ex B]**. Plaintiff has no right to appeal the amount asserted in CMS's compromise letter. Plaintiff cannot get to the first level of the appeal process without a demand letter. But Plaintiff cannot get a demand letter until she actually <u>receives</u> the settlement funds. See 42 U.S.C. § 1395y(b)(2)(B)(ii). This perpetual "holding pattern' was created by the settlement agreement reached between CMS, the Tort Trustee, and Class Counsel. **[Ex A]**.

6. Because Plaintiff has exhausted her administrative remedies (there are none), CMS's argument is moot. **WHEREFORE,** Plaintiff respectfully requests the Honorable Court to enter Declaratory relief consistent with the above.

    Respectfully submitted,

    FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

    _/s/_
    GEOFFREY N. FIEGER
    TODD J. WEGLARZ
    Attorneys for Plaintiff
    19390 West Ten Mile Road
    Southfield, MI 48075
    (248) 355-5555

Dated: May 12, 2022

---

[1] This amount, coupled with the other liens asserted on Plaintiff's case, will ensure Plaintiff receives no recovery.

{01280843.DOCX}