UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Mattila v. New England Compounding Pharmacy, Inc.*<br>Case No. 1:13-cv-10430 | MDL No. 13-2419-RWZ-JCB |

## SUPPLEMENTAL STATEMENT OF INTEREST BY THE UNITED STATES

The United States respectfully submits this supplemental statement of interest on behalf of the U.S. Department of Health and Human Services ("HHS") and its Centers for Medicare & Medicaid Services ("CMS") in response to Plaintiff Milda Mattila's Motion for Equitable and/or Declaratory Relief Regarding Outstanding Medicare Lien, ECF No. 3566 (hereinafter "Motion").[1] As described in our prior statement of interest, the Court lacks subject matter jurisdiction over the Motion. Another district court already has held that Mattila's claim arises under the Medicare Act, which deprives district courts of jurisdiction except as permitted by that statute, after exhausting the administrative process.[2] *See* Statement of Interest by the United States 6–12, ECF No. 3578 (hereinafter "SOI"). This supplement addresses the two purported bases for subject matter jurisdiction raised in Mattila's reply: (1) the Tucker Acts and (2) the retention-of-jurisdiction provision in NECC's chapter 11 plan. *See* Pl. Milda Mattila's Reply to CMS's SOI 6–8, ECF No. 3583 (hereinafter "Reply").[3]

---

[1] The United States submits this supplemental statement under 28 U.S.C. § 517. *See* SOI 1.

[2] The SOI additionally explains that the Motion is procedurally improper. *See* SOI 12–13.

[3] The Reply was filed a day late, without explanation. *See* Order, ECF No. 3582.

*First*, Mattila is collaterally estopped from relying on the Little Tucker Act, 28 U.S.C. § 1346(a)(2), or Tucker Act, *id.* § 1491(a)(1).[4] As described in the SOI, the Eastern District of Michigan already held that Mattila's request arises under the Medicare Act, and that 42 U.S.C § 405(h) thus precludes district court jurisdiction until Mattila exhausts the administrative process. *See* SOI 7–10. The § 405(h) jurisdictional bar applies to both the Little Tucker Act, *see* 42 U.S.C. § 405(h), and Tucker Act, *see Wilson v. United States*, 405 F.3d 1002, 1010 (Fed. Cir. 2005). Contrary to Mattila's contention, collateral estoppel bars Mattila from relitigating the jurisdictional issue, whether or not dismissal was "without prejudice."[5] *See Cooper v. Principi*, 71 F. App'x 73, 75 (1st Cir. 2003) (dismissal "'without prejudice' . . . is 'with prejudice' with respect to the issues that were decided in the first suit").

*Second*, the retention-of-jurisdiction provision in NECC's chapter 11 plan is similarly unavailing. A bankruptcy court cannot retain jurisdiction that does not otherwise exist under 28 U.S.C. § 1334. *See Quincy Med. Ctr. v. Gupta*, Nos. 12-40128, 12-40131, 2015 WL 58633, at *4 (D. Mass. Jan. 5, 2015) (Zobel, J.), *aff'd*, 858 F.3d 657, 663 (1st Cir. 2017). Here, § 1334 jurisdiction does not exist because the Medicare Act precludes it. *See Parkview Adventist Med. Ctr. v. United States*, 842 F.3d 757, 760 (1st Cir. 2016) ("[T]he majority of circuits have adopted the view" that § 405(h) precludes jurisdiction under § 1334.). Mattila offers no authority suggesting otherwise. *See* Reply 7–8. Further, Mattila's attempt to shoehorn the Motion into bankruptcy jurisdiction to sidestep the Eastern District of Michigan's ruling cannot be sustained.

---

[4] The Tucker Acts also do not apply because they do not authorize suits seeking equitable relief, like the Motion. *See Richardson v. Morris*, 409 U.S. 464, 465 (1973) (Tucker Act); *Berman v. United States*, 264 F.3d 16, 21 (1st Cir. 2001) (Little Tucker Act). Moreover, the Tucker Act only addresses the jurisdiction of the U.S. Court of Federal Claims. 28 U.S.C. § 1491(a)(1).

[5] *Rivera-Rosario v. LSREF2 Island Holdings, Ltd.* is inapposite, as it concerns res judicata (claim preclusion), not collateral estoppel (issue preclusion). 2021 WL 2547062 (D.P.R. June 21, 2021).

The NECC bankruptcy was closed more than a year ago. Final Decree, *In re: New England Compounding Pharmacy, Inc.*, No. 12-19882 (Bankr. D. Mass. Nov. 25, 2020), ECF No. 1747. Neither Mattila nor the United States are debtors; the Motion asserts no bankruptcy claims. *See Quincy Med. Ctr.*, 2015 WL 58633, at *4–6; *In re Resorts Int'l, Inc.*, 372 F.3d 154, 169–70 (3d Cir. 2004). And Mattila's assertion that the MSP Agreement was part of NECC's chapter 11 plan is simply incorrect. *See* SOI 3–4. In sum, the Motion asks the Court to decide the non-bankruptcy matter of how much Mattila must reimburse Medicare under the Medicare statute, which another court already held must first be decided through the administrative process.[6]

## CONCLUSION

For the reasons stated above and in the SOI, the Motion should be denied.[7]

Dated:  June 17, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

/s/ *Bethany Theriot*
RUTH A. HARVEY
KEVIN P. VANLANDINGHAM
BETHANY THERIOT, D.C. Bar 1022065
U.S. Department of Justice, Civil Division
1100 L Street NW, Room 7028
Washington, D.C. 20005
Tel: (202) 307-0244
Email: Bethany.Theriot@usdoj.gov

*Attorneys for the United States*

---

[6] Further, § 1334 does not waive sovereign immunity, *see United States v. Nordic Vill. Inc.*, 503 U.S. 30, 39 (1992), and Mattila asserts no claims to which the 11 U.S.C. § 106 waiver applies. The only applicable waiver here is that in 42 U.S.C. § 405(g), which requires administrative exhaustion. *See* SOI 6–7.

[7] The United States reserves all rights to further respond to the arguments raised in the Motion and Reply at the appropriate time and place.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 17, 2022            By:    /s/ *Bethany Theriot*
                                                           BETHANY THERIOT