UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 13-02419-RWZ

IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
MATTILA V. NEW ENGLAND COMPOUNDING PHARMACY, INC.
No. 1:13-cv-10430

ORDER

August 2, 2022

ZOBEL, S.D.J.

In November of 2012, Milda Mattila filed a product liability action against New England Compounding Pharmacy ("NECC") related to a fungal tainted steroid injection she received in August of 2012. In 2013, her case became part of this multi-district litigation, which in 2015 was resolved by a global settlement. One component thereof was the Lien Resolution Program, whereby the lienholders agreed to a fixed percentage of the settlement funds to satisfy their claims. On December 28, 2016, Ms. Mattila opted out of the program. Now, more than three years after the multi-district litigation was closed, and almost six years after she opted out of the Lien Resolution Program, David Mattila[1] nonetheless seeks the benefit of that program. Docket # 3566. Specifically, he

---

[1] Ms. Mattila died on November 10, 2017. Her son, David Mattila, is proceeding as her personal representative.

requests an order requiring the Centers for Medicare and Medicaid Services ("CMS") to resolve CMS's lien for 10.75% of Ms. Mattila's settlement proceeds.

This court lacks jurisdiction over Plaintiff's claim. Plaintiff filed a substantially identical lawsuit in the Eastern District of Michigan, which courts held that it lacked jurisdiction because the claims arose under the Medicare Act and plaintiffs were required (and failed) to exhaust the administrative process before seeking relief in court. See Mattila v. Ctrs. For Medicare & Medicaid Servs., Case No. 19-cv-10446, 2020 WL 532400, at *4–5, *7–8 (E.D. Mich. Feb. 3, 2020). Similarly, Plaintiff's claim cannot proceed here because it does not arise under the settlement agreements, but under the Medicare Act, and he has failed to exhaust the requisite process. See 42 U.S.C. §§ 405(b), (h), & (g) (as adopted by 42 U.S.C. § 1395ii). He cannot avoid that process because CMS's right to seek reimbursement from Plaintiff's settlement is based in statute, 42 U.S.C. § 1395y(b)(2)(B)(ii), and his claim regarding the amount to which CMS is entitled is therefore derived from this statute. Mattila, 2020 WL 532400, at *4–5 (citing Wetterman v. Sec'y, Dep't of Health and Human Servs., No. 2:18-cv-85, 2019 WL 3208130, at *4 (S.D. Ohio July 16, 2019)). Nor does Plaintiff dispute his failure to exhaust the administrative process.[2]

Because the claim arises under the Medicare Act and Plaintiff has failed to exhaust the statutory administrative process, this court lacks subject matter jurisdiction over Plaintiff's motion.

---

[2] In fact, at a hearing on May 12, 2022, Plaintiff's counsel acknowledged as much. He also described the administrative process with CMS as in a "holding pattern." Plaintiff alleges he cannot receive a demand letter until the settlement funds are disbursed, but the funds cannot be disbursed until an agreement on the lien is reached.

2

The Motion for Equitable and/or Declaratory Relief (Docket # 3566) is DENIED.

August 2, 2022
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE