# EXHIBIT H

United States District Court
Eastern District of Michigan

**David J. Mattila,** as Personal
Representative of the Estate of Malda E.
Mattila, Deceased,

    Plaintiff,

v.

**Centers for Medicare & Medicaid
Services, Select Specialty Hospital –
Ann Arbor,** and **Blue Cross Blue
Shield of Michigan**,

    Defendants.

Civil No.

Honorable
Mag. Judge

## Notice of Removal

Federal defendant, Center for Medicare & Medicaid Services (CMS), petitioner herein, by its attorneys, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, hereby removes this action (Case No. 18-29987-CZ), which is now pending in Livingston County Circuit Court for the State of Michigan from said state court to the United States District Court for the Eastern District of Michigan, Southern Division.

This action is subject to removal because plaintiff seeks to sue CMS, an agency of the United States. As such, plaintiff's claim is one against the United

States or its agency or officer for acts under color of federal office as to which federal defenses including, but not limited to, sovereign immunity applies.

The above-entitled action was filed against petitioner on or about August 10, 2018; formal service of process was made upon the petitioner on or about February 5, 2019. Copies of all process and pleadings in possession of petitioner are attached hereto.

                                      **Matthew Schneider**
                                      United States Attorney

                                      *s/Zak Toomey*
                                      **Zak Toomey** (MO61618)
                                      Assistant U.S. Attorney
                                      211 W. Fort St., Ste. 2001
                                      Detroit, MI 48226
                                      (313) 226-9617
                                      Zak.Toomey@usdoj.gov

Date: February 14, 2019

# Certificate of Service

I hereby certify that on February 14, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

n/a

I further certify that the foregoing has been mailed by U.S. mail to the following non-ECF participants:

Livingston County Circuit Court
204 S. Highlander Way, Ste. 4
Howell, MI 48843
*Sent via facsimile and U.S. mail*
517-548-4219

Geoffrey N. Fieger
Todd J. Weglarz
19390 West Ten Mile Rd.
Southfield, MI 48075

Blue Cross Blue Shield of Michigan
ATTN: General Counsel
600 E. Lafayette Blvd.
Detroit, MI 48226-2927

Select Specialty Hospital
5301 E. Huron River Dr.
Ypsilanti, MI 48197

*s/Zak Toomey*
**Zak Toomey**
Assistant U.S. Attorney

3



# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

DAVID J. MATTILA, as Personal Representative of the Estate of MILDA E. MATTILA, Deceased,

    Plaintiff,

v.

CENTERS FOR MEDICARE & MEDICAID SERVICES, SELECT SPECIALTY HOSPITAL – ANN ARBOR, and BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendants.

Case No. 18-29987 C2
Hon.

JUDGE HATTY
P-30990

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
t.weglarz@fiegerlaw.com

TRUE COPY
44th Circuit Court
County Clerk's Office

## COMPLAINT

This action relates to and/or arises out of the previously filed case of *Adair v Michigan Pain Specialists*, Case No. 14-28156-NO, which was assigned to the Honorable Michael P. Hatty. Upon information and belief, that action is now closed.

    */s/ Todd J. Weglarz*
    Todd J. Weglarz (P48035)

NOW COMES Plaintiff, DAVID J. MATTILA, as Personal Representative of the Estate of MILDA J. MATTILA, Deceased, by and through his attorneys, Fieger & Fieger PC, and for his Declaratory Action against the above named Defendants, states as follows:

1. Plaintiff DAVID J. MATTILA is a resident of Roscommon County, Michigan.

1

2. Plaintiff DAVID J. MATTILA is the lawful appointed Personal Representative of MILDA E. MATTILA, Deceased, per order of the Oakland County Probate Court.

3. Defendant CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS) is a federal agency within the United States Department of Health and Human Services which administers the Medicare Program, and has its headquarters in Baltimore County Maryland, and conducts business throughout the country, including in Livingston County, Michigan.

4. Defendant SELECT SPECIALTY HOSPITAL – ANN ARBOR ("SSH") is a foreign corporation which conducts its business activities out of and throughout Ann Arbor, Washtenaw County, Michigan.

5. Defendant BLUE CROSS BLUE SHIELD OF MICHIGAN ("BCBS") is a Michigan Insurance Company, with its headquarters in Detroit, Wayne County, Michigan.

6. Defendants CMS, SSH and BCBS conduct business in Livingston County, Michigan.

7. Venue and jurisdiction are properly vested in this Court by virtue of the above allegations, and further by virtue of Plaintiff's, CMS's and BCBS's participation in the MPS litigation which was previously filed before this court, in the matter of *Adair v MPS, et al*, Case No. 14-28156-NO.

8. Plaintiff's Decedent was a victim of the fungus-tainted steroid solution with which she was injected in August of 2012 while a patient at the Michigan Pan Specialist Clinic located in Genoa Township, Livingston County, Michigan.

9. Plaintiff's Decedent is a claimant in both the federal and state actions arising out of the tainted steroid injections – the federal cases against the NECC, and the state action of *Adair v MPS*, Case No. 14-28156-NO filed in this court.

2

10. Plaintiff's Decedent is expected to receive a total gross settlement of $300,186.91 from the above fungal steroid cases.

11. Defendant CMS has asserted a lien on Plaintiff's anticipated settlement proceeds, in an amount for $367,828.72 in conditional payments.

12. Defendant SSH has asserted a lien on Plaintiff's anticipated settlement proceeds in an amount in excess of $500,000.00.

13. Defendant BCBS has asserted a lien on Plaintiff's anticipated settlement proceeds in an amount of $51,175.92.

14. The liens asserted against Plaintiff's anticipated settlement proceeds are grossly in excess of Plaintiff's anticipated gross recovery.

15. Plaintiff requests, for the reasons set forth above and below, that the court issue a ruling declaring that the liens shall be resolved for a fair and reasonable amount.

## COUNT I

## DECLARATORY ACTION AGAINST ALL DEFENDANTS

16. Plaintiff hereby reincorporates each and every allegation contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Regarding Defendant SSH's lien, Plaintiff respectfully requests that the Court declare that SSH has no lien on Plaintiff's settlement proceeds for reason that SSH has already been reimbursed by CMS for any alleged services and expenses incurred and paid for by SSH, which arise out of and relate to Plaintiff's Decedent's August 2012 tainted steroid injections.

18. Regarding Defendant CMS's and BCBS's liens, Plaintiff respectfully requests that the Court declare that each respective Defendant's lien shall be resolved for 10.75% of the gross settlement proceeds, the exact amount each such Defendant would have received under the

3

lien reduction formula agreed to by each Defendant and other insurers during their negotiations on the settlements involving the *Adair v MPS* matter and the federal NECC matters.

WHEREFORE, Plaintiff respectfully requests the Honorable Court to enter Declaratory relief consistent with the above.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: August 10, 2018

4

## STATE OF MICHIGAN

### 44TH CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

*************************************

David Mattila
Plaintiff,

v

Centers for Medicare et al
Defendant.

Case No. 18-29987-CZD

### CIVIL SCHEDULING/TRIAL ORDER

At a session of said Court held in the City of Howell on the
___10___ day of **August, 2018**.

### PRESENT: HONORABLE MICHAEL P. HATTY, CIRCUIT JUDGE

Pursuant to Michigan Supreme Court Administrative Order 2003-7 and Livingston County 44th Circuit Court/Family Court Administrative Order No. 2004-07J:

**IT IS HEREBY ORDERED:**

Status Conference is set for: **February** ___5___, 2019 @ ___3:00___ P.M.

Discovery terminates **June 3rd, 2019.**

Case Evaluation is set for **June 26th, 2019** @ time set by ADR clerk. You will receive a separate notice from the ADR clerk with exact time of scheduled case evaluation.

Final Pretrial is set for **August 2nd, 2019** @ 8:30 A.M., all parties must attend.

Bench/Jury Trial is set for **August 5th, 2019** @ 8:30 A.M.

You will receive no other notices of scheduled dates.

### PLEASE TAKE NOTICE THAT THE FOLLOWING REQUIREMENTS OF THE COURT HAVE BEEN REVISED AS OF OCTOBER 2013.

**Plaintiff/Third Party Plaintiff shall cause to be served a copy of this Order upon each Defendant/Third Party Defendant in the case in the same manner as, and at the same time as the service of the Summons and Complaint/Third Party Complaint. Proof of Service shall be filed with the Clerk of the Court. All persons receiving this notice shall immediately notify all other parties that they have received a copy of this Order.**

Attorneys and/or pro per parties **SHALL ATTEND ALL DATES SCHEDULED BY THIS COURT.** Furthermore, all parties and attorneys must attend the final pretrial and trial unless they are excused by the Court in advance. The attorney attending the final pretrial must be the trial attorney unless the Court has excused the trial attorney's absence in advance. Additionally, representatives of insurance carriers involved in the case shall attend the final pretrial. The insurance company representative attending the final pretrial must have authority to settle. **FAILURE TO APPEAR AT ANY COURT SCHEDULED DATE MAY RESULT IN SANCTIONS ALLOWED UNDER COURT RULES, INCLUDING DEFAULT OR DISMISSAL.**

*Status Conference:* Insurance representatives are not required to attend Status Conference. Attendance of attorney and pro per party may be waived if all of the listed documents are filed, by *ALL* parties, with the Clerk of the Court *ten (10) days prior to the scheduled Status Conference date*: It is the parties responsibility to confer with the court to ensure attendance requirement has been waived. Should parties opt not to submit the below listed documents *ten (10) days prior to the scheduled Status Conference,* the following documents are due no later than the Status Conference date:

- ✓ *Order for Mediation:* On attached form. Mediation under MCR 2.411 is to be ordered for all civil cases. The parties shall confer prior to the status conference as to the selection of a mediator. In absence of agreement, a mediator will be selected by the Court pursuant to MCR 2.411(B)(3). Item #3 on the form must indicate a specific number of days by which the mediation will be completed. **Mediation must be completed prior to case evaluation.** Failure to complete mediation may result in sanctions allowed under court rules.
- ✓ *Preliminary Witness & Exhibit lists and pretrial statements:* on forms similar to those contained herein. (Original and Judge's Copy)
- ✓ Stipulation that no other parties are to be added.

**Case Evaluation & Mediation**: If any party feels that case evaluation or mediation is inappropriate, a motion or stipulation requesting removal from case evaluation shall be filed by the date of the status conference. If the parties choose to stipulate to a special case evaluation panel, as contemplated by MCR 2.404(C)(3), the stipulation must be submitted to the Court by the date of the status conference. Additionally, any stipulation and corresponding order submitted under MCR 2.404(C)(3) must outline any agreed upon modification of the procedures for the conduct of case evaluation.

Page –2–

*Motions:* All motions shall be scheduled for a regular motion day, without exception. An original and Judge's copy is required for all motions. All motions shall be filed and argued no later than **two weeks** before the scheduled trial date, unless they could not have been reasonably anticipated.

Motions to **add parties** must be filed and argued no later than 180 days from service of this Order; and delay of trial will be a factor when considering if such a motion should be granted.

All **dispositive** motions ***must be filed and argued before Case Evaluation***. Each motion, brief and any response to such motion shall be submitted in Word format to: JudgeHattyMotions@livgov.com at the same time that the original and judge's copy are submitted to the Clerk of the Court. Exhibits for summary disposition motions need not be included in digital submissions.

*Witness List & Exhibit List:* Finalized witness lists and exhibit lists must be filed **60 days** prior to the termination of discovery. Following this deadline, the Court will only consider amendments to either list by a motion demonstrating good cause as to the necessity of the amendment as well as a lack of prejudice to the opposing party.

*Trial Exhibits:* Must be marked and served on the other parties at Final Pretrial. An index on a form similar to that contained herein, together with an indexed bench copy of the exhibits shall be left with the Court at the time of the final pretrial conference. If exhibits cannot conveniently be copied, they should still be included on the index. Plaintiff's exhibits are to be identified with **numbers** and defendant's exhibits with **letters**. Disputed exhibits shall be ruled upon at final pretrial. No further exhibits shall be admitted at trial except for good cause shown.

*Special voir dire* requests must be submitted, in writing, before the close of the final pre-trial conference. The Court will conduct the jury voir dire.

*Proposed Jury Instructions:* Preliminary jury instructions shall be submitted to the Court and exchanged amongst the parties no later than the final pretrial. These preliminary instructions shall be in accordance with MCR 2.513(A). Final jury instructions in accordance with MCR 2.513(N) shall be submitted to the Court and exchanged amongst the parties no later than the close of evidence. Instructions must be submitted both in hard copy and digital copy. Digital copies may be submitted via disk or email.

Instructions shall be full text, double spaced, one instruction per page with no firm names or case caption. Each instruction shall be complete for the specific case, ready for presentation to the jury. **Attorneys should confer in an attempt to agree on one set of standard instructions. Disputed instruction shall be noted as such.** Additional instructions may be submitted if factual development requires the same.

Page –3–

***In non-jury cases:*** The parties shall submit trial briefs along with a proposed final order no later than the date of the final pretrial. The trial brief shall be submitted in both hard copy (Original and Judge's Copy) and digital copy (Word format). The trial brief shall contain the following:

- ✓ An list of all the remaining claims/counts or affirmative defenses the party has pled against the opposing party.

- ✓ A proposed statement of facts to be used by the Court in deciding factual disputes, with reference to the witness from whom the testimony will come. See MCR 2.517.

- ✓ Proposed conclusions of law on each remaining claim or affirmative defense.

- ✓ Attach Proposed Judgment/Order

_____
Michael P. Hatty
Circuit Court Judge

I certify the Plaintiff/Third Party Plaintiff has been served:

____ 1. By Ordinary Mail   ✓ 2. Personally   ____ 3. By Attorney Mailbox

8/10/18
Date

Clerk/Assignment Clerk

Revised 10/13

Page —4—