UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCT LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*Mattila v. New England Compounding Pharmacy, Inc.*<br>Case No. 1:13-cv-10430 | MDL No. 13-2419-RWZ-JCB |

## STATEMENT OF INTEREST BY THE UNITED STATES

The United States respectfully submits this statement of interest on behalf of the U.S. Department of Health and Human Services ("HHS") and its Centers for Medicare & Medicaid Services ("CMS") in response to Plaintiff Milda Mattila's Motion for Relief from Order Denying Plaintiff's Motion for Equitable and/or Declaratory Relief, ECF No. 3587 (hereinafter "Motion").[1]  The Motion asks the Court to reconsider its August 2, 2022 order holding that the Court lacks subject matter jurisdiction over Mattila's December 14, 2021 motion to limit the government's claim for Medicare reimbursement from Mattila's NECC settlement proceeds. The Motion argues that the order makes a mistake warranting reconsideration under Federal Rule of Civil Procedure ("Rule") 60(a) or (b)(1).

The United States respectfully submits that the Motion should be denied.  The Motion does not identify any mistake in the order at all, let alone one supporting reconsideration of the order under those rules.  Instead, the Motion repeats the same arguments the Court has already heard and misdescribes the order in an effort to relitigate the jurisdictional issue already decided.

---

[1] The United States submits this statement under 28 U.S.C. § 517.  *See* Statement of Interest by the United States 1 n.2, ECF No. 3578.

Disagreement with an order is not grounds for reconsideration. The Motion has failed to show that reconsideration is warranted here.

## I.  PROCEDURAL HISTORY

On December 14, 2021, Mattila filed a motion in this multi-district tort litigation asking the Court to limit the government's statutory right to Medicare reimbursement for Mattila's NECC-related healthcare costs from her settlement in this case. Pl. Milda Mattila's Mot. for Equitable and/or Declaratory Relief, ECF No. 3566 (hereinafter "Medicare Motion"). Though not a party to this litigation, the United States filed a statement in response explaining that the Court lacks subject matter jurisdiction over the Medicare Motion because it "arises under" the Medicare statute.[2] Statement of Interest by the United States 6–12, ECF No. 3578 (hereinafter "SOI"). The briefing on the jurisdictional issues addressed, among other things, whether the Court had subject matter jurisdiction over the motion by virtue of (1) the global NECC settlement agreement and chapter 11 plan that resolved this litigation (collectively, the "NECC Agreement"), *see* SOI 10–11; Pl. Milda Mattila's Reply to CMS's SOI 6–7, ECF No. 3583 ("Reply"); Supp. SOI by the United States 2–3, ECF No. 3584 (Supp. SOI"); and (2) the subsequent global Medicare Secondary Payer ("MSP") settlement agreement concerning the NECC settlement (the "MSP Agreement," also referred to as the "Lien Resolution Program"), *see* SOI 10–11; Reply 7–8; Supp. SOI 2–3; in conjunction with (3) the Tucker Acts, *see* Reply 7; Supp. SOI 2.

Last month, the Court denied the Medicare Motion for lack of subject matter jurisdiction. Order 2, ECF No. 3586 (hereinafter "Order"). The Court found that Mattila's request "does not

---

[2] The SOI additionally explained that the Medicare Motion was procedurally defective. *See* SOI 12–13.

arise under the settlement agreements [i.e., the NECC Agreement and MSP Agreement], but under the Medicare Act."[3] *Id.* Mattila therefore "cannot avoid" the administrative process required by the Medicare Act. *Id.* Because Mattila "has failed to exhaust" that process, the Court "lacks subject matter jurisdiction over Plaintiff's motion." *Id*

The present Motion asks the Court to both "rescind" this Order and grant the relief requested in the Medicare Motion pursuant to Rule 60(a) and (b)(1). Mot. 4. In support of this request, the Motion argues (1) that the Court incorrectly found that the NECC Agreement and MSP Agreement (collectively, the "Settlement Agreements") do not give the Court subject matter jurisdiction over the Medicare Motion, Mot. 2–4, and (2) that the Court's "perception" that Mattila "waited for six years after he opted out of the lien reduction program to now seek the benefit of that program" was incorrect, Mot. 4–5.

## II. THE MOTION IDENTIFIES NO MISTAKE WARRANTING RECONSIDERATION UNDER RULE 60(A) OR (B)(1)

Mattila moves for reconsideration under Rule 60(a) and (b)(1). Both rules permit reconsideration of orders based on certain types of mistakes. Neither applies here.

*First*, Rule 60(a) allows correction of a "clerical mistake or . . . oversight or omission" that "failed to reflect the court's intention," *Ainooson v. Gelb*, No. 14-1077, 2015 WL 13926884, at *1 (1st Cir. Apr. 13, 2015) (quoting *Bowen Inv., Inc. v. Carneiro Donuts, Inc.*, 490 F.3d 27, 29 (1st Cir. 2007)). It "is not a vehicle . . . to change that which has been deliberately done." *Trans Nat. Commc'ns, Inc. v. Overlooked Opin., Inc.*, 229 F.3d 1133 (1st Cir. 2000) (citation omitted);

---

[3] Although the Order indicates that the Lien Resolution Program was "[o]ne component" of the "global settlement" that resolved "this multi-district litigation," as described in our prior statement, HHS was not a party to this multi-district litigation, which was brought by plaintiffs against alleged tortfeasors. *See* SOI 12.

*see also Bowen*, 490 F.3d at 29 (quotations and citation omitted) (Rule 60(a) test "is whether the change affects substantive rights of the parties . . . or is instead a clerical, or a copying or computational mistake, which is correctable under the Rule"). The Motion does not identify any clerical mistake; it disputes the Court's ruling and "perception" and asks the Court "rescind" the Order and grant Mattila's Medicare Motion in its entirety. Mot. 2–4. The Motion therefore is "beyond the scope" of Rule 60(a). *Ainooson*, 2015 WL 13926884, at *1.

*Second*, Rule 60(b)(1) permits reconsideration based on "mistake, inadvertence, surprise, or excusable neglect." As with all Rule 60(b) motions, relief under Rule 60(b)(1) is "'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'" *Fisher v. Kadant, Inc.*, 589 F.3d 505, 512 (1st Cir. 2009) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). Such motions "cannot be used merely to reargue a point already decided," *Barrett v. Lombardi*, 239 F.3d 23, 28 (1st Cir. 2001), as "simple disagreement with the court's decision is not a basis for reconsideration," *Ofori v. Ruby Tuesday, Inc.*, 205 Fed. App'x 851, 852–53 (1st Cir. 2006). "[A]t a bare minimum," a Rule 60(b) movant must show, among other things, "that exceptional circumstances exist, favoring extraordinary relief; [and] that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense."[4] *Fisher*, 589 F.3d at 512 (quoting *Karak*, 288 F.3d at 19). Moreover, because Rule 60(b)(1) focuses on "special situations justifying extraordinary relief," *Silk v. Sandoval*, 435 F.2d 1266, (1st Cir. 1971), legal errors are not "mistakes" under that rule in the First Circuit, *see*

---

[4] A Rule 60(b) movant also must show "that no unfair prejudice will accrue to the opposing parties should the motion be granted." *Fisher*, 589 F.3d at 512 (quoting *Karak*, 288 F.3d at 19). Mattila cannot do so here in light of the Motion's request that the Court grant the Medicare Motion wholesale. Granting the Medicare Motion would be extremely prejudicial to the United States due to the motion's jurisdictional and procedural defects and the government's reservation of its right to respond to the motion's merits at the appropriate time and place.

*Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC*, 832 F.3d 50, 64 (1st Cir. 2016) ("a district court's mistaken ruling on a point of law" is not a "mistake" under Rule 60(b)(1)).

As discussed below, neither of the purported "mistakes" argued in the Motion justifies reconsideration under Rule 60(b)(1).[5]

### A. The Motion's improper and incorrect attempt to relitigate jurisdiction does not support reconsideration.

The Motion's first argument – that the Court incorrectly failed to hold that the Settlement Agreements, in conjunction with the Tucker Acts, give the Court subject matter jurisdiction over the Medicare Motion – fails to support reconsideration for three independent reasons.

*First*, it offers nothing new. It is simply an improper attempt to relitigate jurisdictional issues previously argued. *See supra* at 2. Indeed, the Motion does not even attempt to distinguish itself from what has come before. It cites extensively to Mattila's Reply in support of the Medicare Motion, uses the same legal citations, and even repeats *verbatim* much of the Reply's argument about the Settlement Agreements. *See* Mot. 2–4; c*ompare* Mot. 2–3 *with* Reply 7. The Court already considered and rejected Mattila's argument, expressly finding that Mattila's request "arise[s] under" the Medicare Act, and not under the Settlement Agreements. Order 2. Rule 60(b) does not allow Mattila to resurrect this issue. *See, e.g.*, *Barrett*, 239 F.3d at 28; *Fontanillas-Lopez*, 832 F.3d at 63–64 (Rule 60(b) motion properly denied where movant simply "rehash[ed] arguments" previously raised or "advanc[ed] theories" that could have been raised in prior briefing).

*Second*, the Motion offers no reason to think that the Order was incorrect. To the

---

[5] The Motion does not purport to, and could not, identify any newly discovered evidence, fraud, discharge, or any other of the limited, exceptional circumstances supporting relief under Rule 60(b)(2)–(6).

contrary, the Motion accepts that the Medicare Act's jurisdictional provisions apply, but in its next breath argues that those provisions are "independent from and *ha[ve] nothing to do with* any other bases of subject matter jurisdiction." Mot. 2 (emphasis added). This is simply incorrect. As explained in the government's prior statements, the Medicare Act deprives district courts of subject matter jurisdiction over claims within its ambit. *See* SOI 8–11; Supp. SOI 2. And as the First Circuit has explained, "[u]nder 42 U.S.C. § 405(h) . . . neither federal question nor federal defendant jurisdiction is available for suits 'to recover on any claim arising under' the [Medicare] Act." *Puerto Rican Ass'n of Physical Med. & Rehab., Inc. v. United States*, 521 F.3d 46, 48 (1st Cir. 2008). That provision "mandates the '"channeling" of virtually all legal attacks through the agency.'" *Id.* (quoting *Shalala v. Ill. Council on Long Term Care*, Inc., 529 U.S. 1, 13 (2000)). Thus, Mattila misunderstands the Medicare Act as providing *one* possible basis for subject matter jurisdiction over Mattila's claim, when it provides *the only* possible basis for subject matter jurisdiction over Mattila's claim.

*Third*, even if the Court's holding that the Settlement Agreements do not provide a basis for subject matter jurisdiction *was* incorrect – and it was not – an incorrect ruling of law is not a "mistake" under Rule 60(b)(1).[6] *See Fontanillas-Lopez*, 832 F.3d at 64; *Fisher*, 589 F.3d at 512 ("Success under [Rule 60(b)] requires more than merely casting doubt on the correctness of the underlying judgment."). The argument therefore does not fall within the scope of Rule 60(b)(1).

---

[6] Although courts often consider motions to reconsider under Rule 59(e) in addition to Rule 60, this Motion, filed at 11:52 p.m. on August 30, was not timely filed within 28 days of the August 2 Order. *See* L.R. 5.4(d) (deadline for electronic filings is 6:00 p.m.). The Court therefore lacks jurisdiction to apply Rule 59(e). *Ainooson v. Gelb*, No. 14-1077, 2015 WL 13926884, at *1 (1st Cir. Apr. 13, 2015); *see also Fisher v. Kadant, Inc.*, 589 F.3d 505, 511 (1st Cir. 2009) ("An untimely motion under Rule 59(e) is a nullity."). And the Motion would fail, regardless, because Rule 59(e), like Rule 60, is not "a mechanism to regurgitate 'old arguments previously considered and rejected,'" *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014), and the Order is correct.

For each and all of these reasons, the Motion's jurisdictional argument does not warrant reconsideration.

### B.  The Order's statement on timing is correct.

The Motion's second argument is similarly unavailing under Rule 60(b)(1).  The Motion argues that the Order's "mention[] that Plaintiff waited for six years after he opted out of the lien reduction program to now seek the benefit of that program" was incorrect.  Mot. 4.  However, the Motion mischaracterizes the Order, which states only that "almost six years after [Ms. Matilla] opted out of the Lien Resolution Program, David Mattila nonetheless seeks the benefit of that program."  Order 1.  That statement is accurate:  the Order was issued almost six years after Mattila opted out of the MSP Agreement in December 2016.  *See* SOI 5.  The Order does not say that Mattila "waited for six years."  Because the Motion does not identify any "mistake," Rule 60(b)(1) reconsideration is not appropriate.

Moreover, Mattila does not indicate how the Court's statement concerning timing was, or could have been, material to the Court's holding that it lacked jurisdiction over the Medicare Motion.  *See Fisher*, 589 F.3d at 512 (1st Cir. 2009) (Rule 60(b) movant must show "that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense" (quoting *Karak*, 288 F.3d at 19)).  As stated in the Order, Mattila "cannot avoid" the administrative process required by the Medicare Act "because CMS's right to seek reimbursement from Plaintiff's settlement is based in statute, 42 U.S.C. § 1395y(b)(2)(B)(ii), and his claim regarding the amount to which CMS is entitled is therefore derived from this statute."  Order 2.  This analysis does not depend on when Mattila first sought the benefit of the MSP Agreement after opting out.  For this reason, as well, the Motion fails to identify a basis for reconsidering the Order under Rule 60(b)(1).

## CONCLUSION

For the reasons stated above, the Motion should be denied.

Dated:  September 13, 2022                                       Respectfully submitted,

                                                                                    BRIAN M. BOYNTON
                                                                                    Principal Deputy Assistant Attorney General

                                                                                    /s/ *Bethany Theriot*
                                                                                    RUTH A. HARVEY
                                                                                    KEVIN P. VANLANDINGHAM
                                                                                    BETHANY THERIOT, D.C. Bar 1022065
                                                                                    U.S. Department of Justice, Civil Division
                                                                                    1100 L Street NW, Room 7028
                                                                                    Washington, D.C. 20005
                                                                                    Tel: (202) 307-0244
                                                                                    Email: Bethany.Theriot@usdoj.gov

                                                                                    *Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  September 13, 2022            By:       /s/ *Bethany Theriot*
                                                                    BETHANY THERIOT